UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS | MDL 1456 <br><br> Master File No. 01-CV-12257-PBS <br><br> Judge Patti B. Saris |

# [PROPOSED] CASE MANAGEMENT ORDER NO 1

WHEREAS, on April 30, 2002 the Judicial Panel on Multidistrict Litigation (the "Judicial Panel") issued an order pursuant to 28 U.S.C. § 1407 transferring fifteen actions to the District of Massachusetts for coordinated or consolidated pre-trial proceedings;

WHEREAS, various parties have notified the Judicial Panel of the existence of numerous additional Tag-Along Actions for which they seek transfer to this Court and coordination with the coordinated or consolidated cases;

WHEREAS, the Judicial Panel's order of April 30, 2002 provided that the transferred cases be captioned In re: Pharmaceutical Industry Average Wholesale Price Litigation and be given the designation MDL 1456;

WHEREAS, by Order dated May 16, 2002, this Court consolidated these cases under the caption for the lead case, Citizens for Consumer Justice, et al, v. Abbott Laboratories, et al., C.A. No. 01-12257-PBS (the "Consolidated Actions") and scheduled an initial status conference on July 17, 2002;

WHEREAS, counsel for plaintiffs in <u>Citizens for Consumer Justice, et al. v. Abbott Laboratories et al.</u>, CA No. 01-12257-PBS represent that they have contacted all plaintiffs' counsel and conducted a meeting to discuss the efficient prosecution of this litigation. Plaintiffs' counsel represents that all counsel were invited to attend in person or to participate via telephone conferencing and that various attorneys participated both in person and by telephone, others did not. Plaintiffs' counsel represent that counsel unavailable for the meeting were contacted to discuss their participation in the prosecution of this Action; and

WHEREAS plaintiffs have informed defendants that they anticipate requesting consent or moving for leave to file a consolidated amended complaint or complaints; and

WHEREAS all of the defendants wish to be relieved of the expense and burden of responding to existing complaints until such time as the Court determines how future pleadings should proceed; and

WHEREAS counsel for the plaintiffs and counsel for the defendants have begun preliminary discussions about initial case management issues and wish to proceed in an expeditious and efficient manner and preserve judicial resources; and

WHEREAS, in order to promote judicial economy and avoid duplication, the Court finds that it would be appropriate to provide procedures for coordination of the Consolidated Actions and for an organization of Plaintiffs' counsel to coordinate the efforts of counsel in these actions. Accordingly,

IT IS HEREBY ORDERED as follows:

**I.   MASTER DOCKET, MASTER FILE AND SEPARATE ACTION DOCKETS**

1.   A Master Docket and a Master File are hereby established for this and all related cases subsequently filed in or transferred to this Court. Entries in said Master Docket shall be applicable to these Consolidated Actions as more fully set forth below. Separate dockets

shall also be maintained for each related case currently pending, subsequently filed in or transferred to this Court, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order or a future order of this Court.

    2.    When a pleading or other court paper is filed and the caption, pursuant to paragraph 8, infra, shows that it is to be applicable to "All Actions," the Clerk shall file such pleading or other court paper in the Master File and note such filing in the Master Docket. No further copies need be filed nor docket entries made.

    3.    When a pleading or other court paper is filed and the caption, pursuant to paragraph 8, infra, shows that it is applicable to fewer than all actions before this Court as part of MDL 1456, the Clerk need file such pleading or other court paper only in the Master File, but nonetheless shall note such filing in both the Master Docket and in the docket of each such action.

## II.   NEWLY FILED OR TRANSFERRED ACTIONS

    4.    When a case which relates to the subject matter of these Consolidated Actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

    a.    Make an appropriate entry in the Master Docket;

    b.    Place a copy of this Order in the separate file for such action;

    c.    Mail a copy of this Order to the attorney(s) for the Plaintiff(s) in the newly filed or transferred case and to the attorneys for any new Defendant(s) in the newly filed or transferred case; and

      d.      Mail a copy of the Order of assignment to counsel for Plaintiffs and to counsel for Defendant(s) in the Consolidated Actions.

      5.      This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might properly be consolidated or coordinated with In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456.

      6.      This Order shall apply to each case subsequently filed in this Court or transferred to this Court unless a party objecting to the coordination or consolidation of such case or to any other provision of this Order shall, within twenty-one (21) days after the date upon which a copy of this Order is mailed to counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

### III. **CAPTION OF CASES**

      7.      Every pleading filed in this proceeding, or in any separate action included herein, shall bear the following caption:

| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL 1456 |
|---|---|
| | Master File No. 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: | |

      8.      When a pleading or other court paper is intended to be applicable to all actions, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT

RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable only to one, or some, but not all of such actions, the party filing the document shall indicate the action(s) to which the document is intended to be applicable by indicating the last name of the named plaintiff(s) and the docket number(s).

## IV. ORGANIZATION OF PLAINTIFFS' COUNSEL

9.  The Court designates the following firms to act on behalf of all Plaintiffs with responsibilities hereinafter described:

   a.  As Liaison Counsel:

   Thomas M. Sobol
   Lieff, Cabraser, Heimann & Bernstein, LLP
   175 Federal Street, 7th Floor
   Boston, MA 02110
   Tel: (617) 720-5000
   Fax: (617) 720-5015

   b.  As Chairs of Lead Counsel Committee:

   Steven W. Berman
   Hagens Berman, LLP
   1301 Fifth Avenue, Suite2900
   Seattle, Washington 98101
   Telephone: (206) 623-7292
   Facsimile: (206) 623-0594

   Samuel Heins
   Heins, Mills & Olson, P.C.
   700 Northstar East
   608 Second Avenue South
   Minneapolis, MN 55402
   Telephone: (612) 338-4605
   Facsimile: (612) 338-4692

   Thomas M. Sobol
   Lieff, Cabraser, Heimann & Bernstein, LLP
   175 Federal Street, 7th Floor
   Boston, MA 02110
   Telephone: (617) 720-5000
   Facsimile: (617) 720-5015

        Eugene A. Spector
        Spector, Roseman & Kodroff, P.C.
        1818 Market Street, Suite 2500
        Philadelphia, PA 19103
        Telephone: (215) 496-0300
        Facsimile: (215) 496-6611

   c.   As Lead Counsel Committee:

        Chairs of Lead Counsel Committee listed in paragraph 11(b) above

and the following:

        Michael M. Buchman
        Milberg Weiss Bershad Hynes & Lerach, LLP
        One Pennsylvania Plaza
        New York, NY 10119
        Telephone: (212) 594-5300
        Facsimile:   (212) 868-1229

        Marc H. Edelson
        Hoffman & Edelson
        45 West Court Street
        Doylestown, PA 18901
        Telephone: (215) 230-8043
        Facsimile: (215) 230-8735

        Linda P. Nussbaum
        Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
        825 Third Avenue
        30th Floor
        New York, NY 10022
        Telephone: (212) 838-7797
        Facsimile: (212) 838-7745

        Kenneth A. Wexler
        Kenneth A. Wexler & Associates
        One North LaSalle Street, Suite 2000
        Chicago, IL 60602
        Telephone: (312) 346-2222
        Facsimile: (312) 346-0022

   10.   Liaison Counsel shall be responsible for ensuring that orders of the Court are served on all Plaintiffs' counsel in each case; communicating with the Court on behalf of all

Plaintiffs' counsel in each case as to scheduling and organizational matters; and for maintaining a master service list of all Plaintiffs and their respective counsel.

11.     The Chairs of the Lead Counsel Committee shall have the authority and responsibility for the day-to-day management of the interests of the Class Plaintiffs in the litigation, and shall call meetings and otherwise manage the work at the Lead Counsel Committee.

12.     The Lead Counsel Committee shall have sole authority over the following matters on behalf of Class Plaintiffs (a) the initiation, response, scheduling, briefing and argument of all motions; (b) the scope, order and conduct of all discovery proceedings; (c) such work assignments to other Plaintiffs' counsel as they may deem appropriate; (d) the retention of experts; (e) designation of which attorneys may appear at hearings and conferences with the Court; (f) the timing and substance of any settlement negotiations with Defendants; and (g) other matters concerning the prosecution or resolution of their respective cases. The Lead Counsel Committee shall have responsibility for major decisions on behalf of Plaintiffs' counsel regarding the overall prosecution of the Consolidated Actions and shall be responsible for the establishment of working committees for the efficient prosecution of the litigation and the appointment of chair persons and members of such committees.

13.     No motion shall be initiated or filed on behalf of any Class Plaintiff except through the Chairs of the Lead Counsel Committee.

14.     The Lead Counsel Committee shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all class Plaintiffs, unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with

the Chairs of the Lead Counsel Committee, and such agreements shall be binding on all other class Plaintiffs' counsel in their respective cases.

15. Defendants shall effect service of papers on Plaintiffs by serving a copy of the paper by overnight mail service, telecopy or hand delivery on Liaison Counsel and each Chair of the Lead Counsel Committee. Liaison Counsel shall effect service on all other Plaintiffs' counsel by first class United States mail. Plaintiffs shall effect service of papers on Defendants by serving a copy of the paper by overnight mail service, telecopy or hand delivery on counsel for Defendants. This Court's Master Service List shall govern in all proceedings.

## V. ADMISSION OF ATTORNEYS

16. Each attorney not a member of the Bar of this Court who is acting as counsel for a Plaintiff or Defendant herein and who is in good standing in any district court of the United States shall be deemed admitted *pro hac vice* to practice before this Court in connection with this action upon payment of the appropriate filing fee.

## VI. RESPONSE TO ORIGINAL COMPLAINTS AND INITIAL DISCOVERY OBLIGATIONS

17. Defendants are relieved of their obligations to respond to: (1) any of the complaints that are included within MDL 1456 as reflected on Schedule D attached to the April 30, 2002 Order of the Judicial Panel for Multidistrict Litigation in In re Pharmaceutical Industry Average Wholesale Price Litigation; and (2) complaints in any tag-along actions where transfer to this Court for coordinated pre-trial proceedings with those cases currently included within MDL 1456 is not opposed, until further order of this Court.

18. With respect to any complaint as to which the obligation to respond has been stayed in paragraph 17 above, Plaintiffs and Defendants are relieved of the obligation to provide any discovery, including F.R.Civ.P. 26(a) disclosures, until after entry of an order setting a

discovery schedule or as otherwise agreed upon by the parties.

Dated: June 14, 2002

_____
Judge Patti B. Saris

A:\CMO 1 (revised).doc