UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
IN RE: PHARMACEUTICAL         ) MDL No. 1456
INDUSTRY AVERAGE WHOLESALE    ) CIVIL ACTION NO. 01-12257-PBS
PRICE LITIGATION              )
                              )
```

### CASE MANAGEMENT ORDER NO. 2

July 23, 2002

Saris, U.S.D.J.

WHEREAS, on July 17, 2002, this Court conducted a status conference during which the parties and the Court discussed the orderly management of these cases.

IT IS HEREBY ORDERED as follows:

**A.  MASTER CONSOLIDATED COMPLAINT AND RESPONSIVE MOTIONS**

Plaintiffs are granted until September 3, 2002 to file Master Consolidated Complaint. If filed and served, the Master Consolidated Complaint shall amend the claims and allegations in all complaints (a) now pending before the Court and coordinated as part of MDL No. 1456 by order of the Judicial Panel on Multidistrict Litigation as shown on Schedule A attached hereto, and (b) in any class actions subsequently transferred to the Court.

2.  No party subject to this Order waives any



jurisdictional, service of process, or other defense nor concedes that the Master Consolidated Complaint relates back to the filing of any complaint in any action now coordinated before the Court or subsequently transferred to the Court. This Order shall not have the effect of making any entity a party to any action in which it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure. No party waives any rights under the Federal Rules governing joinder. This Order, and this Court's Order of May 16, 2002, is made without prejudice to the right of any party to seek severance of any claim or action, or otherwise to seek individual or distinct treatment of any claim or issue.

3. Defendants shall file responsive pleadings or otherwise move within forty-five (45) days of service of the Master Consolidated Complaint.

4. Plaintiffs shall file their opposition(s) to any responsive motion(s) within thirty (30) days of service of the motion(s).

5. Defendants shall reply to any opposition(s) within fifteen (15) days of service of an opposition.

6. Plaintiffs and Defendants respectively shall use reasonable efforts to consolidate common legal arguments in joint

motions and memoranda.

**B.   RULE 26(f) CONFERENCE**

7.   Within fifteen (15) days after service of the Master Consolidated Complaint, the parties shall, as contemplated by Fed. R. Civ. Pro. 26(f) and this Court's Rule 26.2, meet and confer regarding discovery.  A Rule 16(b) conference will be scheduled to consider the proposed discovery plan unless the parties agree that the conference should be postponed until after resolution of the motions to dismiss.  Initial disclosures that are undisputed shall be provided pursuant to Fed. R. Civ. P. 26(a)(1), unless otherwise ordered.

**C.   PRESERVATION OF COMMON INTEREST PRIVILEGE**

8.   The Court recognizes that the cooperation among counsel is essential for the orderly and expeditious resolution of this litigation.  The communication of information among plaintiffs' counsel and among defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the work product doctrine, and no such communication shall be used against any plaintiff by any defendant or against any defendant by any plaintiff.  Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

D.  **MAINTENANCE OF DOCUMENTS**

9.  All parties acknowledge their responsibilities to take reasonable steps to comply with the law regarding preservation of documents.

E.  **SERVICE OF DOCUMENTS**

10. Within seven (7) days of the entry of this Order, Plaintiffs and Defendants will jointly provide to this Court a Master Service List, which will become this Court's Master Service List. This Court's Master Service List shall govern in all proceedings.

11. The parties agree that whenever service is required by the Federal Rules of Civil Procedure, in lieu of the methods set forth in Rule 5(b), any party may "deliver a copy" of the document by following the procedure set forth below:

    a.  On the same day that any document is filed or required to be served, a copy shall be sent to Verilaw Technologies, Inc., located at 400 East Lancaster Ave., Suite 300, Wayne, PA  19087 by (1) electronic transfer via the Internet through the system, (2) fax transmission, (3) personal delivery, or (4) overnight mail. Regardless of the transmission method selected, all document service must be initiated on the AWP

      Service website (defined below) by a registered user. Documents sent by personal delivery or overnight mail to Verilaw shall be addressed to Verilaw c/o the "AWP Litigation Service List."

b.  Verilaw will upload all documents (all references to "documents" include exhibits, if any) into Adobe PDF electronic format onto an Internet web site maintained by Verilaw and privately funded by the parties ("the AWP Service website"). Verilaw will post the documents according to the following timetable:

   (i)  Electronic documents will be posted to the AWP Service website within one (1) hour of receipt of such document from a registered user;

   (ii)  Faxed documents will be posted to the AWP Service website within six (6) business hours of receipt from a user; and

   (iii)  Mailed hard copy documents will be posted to the AWP Service website within twenty-four (24) business hours of receipt of the overnight mail package.

All pleadings will be titled to clearly identify (1) the name of the filing party, (2) the name of the filing law firm,

5

and (3) the precise title of the pleading.

    c. Only registered users will be able to access the AWP Service website. Registered users will be limited to authorized Court personnel and counsel of record for any party in this consolidated litigation and their designees within their firms. Verilaw will provide each registered user with a username and password to access the AWP Service website. Each counsel's password shall be treated as if it were for "attorney's eyes only" pursuant to a Protective Order to be negotiated by the parties and entered by the Court ("the Protective Order"). Verilaw will also be bound by the terms of the Protective Order.

    d. Word-processing documents transferred to Verilaw via the Internet will not contain visual representations of the filing attorneys' signature. On word-processing files that they submit, users shall, in place of a signature and where the signature would normally appear, place "Original signature on file with the Court."

    e. Within one hour of posting the document, Verilaw shall send an e-mail to all parties notifying them that the

6

      document has been posted.  Verilaw provides an alternative daily digest notification option for those attorneys interested, which aggregates all the e-mails distributed in one day into a single email.  The e-mail or digest shall contain hypertext link(s) to the document location(s) on the system.

f.  Verilaw personnel will perform all administrative functions for the system, but all original data, additions, deletions or changes to the service list must be submitted to, and approved by, Liaison Counsel.  Verilaw requires certain specified data for each law firm to make the system operational and will provide a form to Liaison Counsel to provide to counsel of record in these cases (the "Law Firm Data Sheet").  All counsel of record shall provide (within 10 days of the date of this order) to Liaison Counsel a completed version of their respective Law firm Data Sheet.

g.  Until further notice, no documents that are filed under seal shall be served via the system.  Rather, service of sealed documents shall be made via traditional means.

h.  Any document filed through the procedure outlined above shall certify in the Certificate of Service that a true and correct copy was delivered to all counsel of record by electronic service pursuant to this Order.

i.  Each firm in the Litigation shall pay an initial set up fee of $350 per firm no later than fourteen (14) days after entry of this Order.

j.  Any document served pursuant to this Order shall be deemed to be served by mail under Federal Rule of Civil Procedure 6(e).  For documents that are served by mail pursuant to Federal Rule of Civil Procedure 5(b), rather than electronically as set forth above, the extensions of time set forth in Federal Rule of Civil Procedure 6(e) shall be extended from three calendar to five business days.  Nothing in this Order shall have any effect on the process by which documents are filed in the Court.

*/s/ Patti B. Saris*
PATTI B. SARIS
United States District Judge