(d)     Documents providing information or incentives designed to lessen the prices that PBMs paid for brand name drugs, and/or to conceal those prices or the AWP Scheme alleged here;

      (e)     Written communications, including checks, relating to rebates, kickbacks or other financial inducements paid to PBMs to persuade them to advocate one Defendant Drug Manufacturers' brand name drug over a drug manufactured by a competitor;

      (f)     Written and oral communications with U.S. Government agencies and private insurers that fraudulently misrepresented what the AWPs were, or that were intended to deter investigations into the true nature of the AWPs or to forestall changes to reimbursement based on something other than AWPs;

      (g)     Written and oral communications with health insurers and patients, including Plaintiffs and the members of Class 2, inducing payments for the drugs that were made in reliance on AWPs; and

      (h)     Receipts of money on tens of thousands of occasions through the U.S. mails and interstate wire facilities – the wrongful proceeds of the Defendant Drug Manufacturers' AWP Scheme.

      (i)     In addition to the above-referenced RICO predicate acts, Defendants' corporate headquarters have communicated through use of the U.S. mails and by interstate wire facilities with their various local headquarters or divisions, in furtherance of the AWP Scheme. These mails include some of the documents referenced in this Complaint.

**Conduct of the RICO Enterprises' Affairs and RICO Conspiracy**

    438.    During the Class Period, the Defendant Drug Manufacturers and the PBMs have exerted control over their particular PBM Enterprise (as identified in ¶ 431(a)-(p)) and in

violation of Section 1962(c) of RICO have conducted or participated in the conduct of the affairs of that RICO enterprise, directly or indirectly, in the following ways:

    (a) Each Defendant Drug Manufacturer has directly controlled the price for its brand name drugs, which determines the amount of the PBMs' compensation;

    (b) Each Defendant Drug Manufacturer has directly controlled the AWPs that are reported by the Publishers;

    (c) Each PBM has directly controlled the price at which pharmacies are reimbursed by the PBM;

    (d) Each Defendant Drug Manufacturer has directly controlled the creation and distribution of marketing, sales, and other materials used to inform PBMs nationwide of the profit potential of its brand name drugs;

    (e) Each Defendant Drug Manufacturer has relied upon its employees and agents to promote the AWP Scheme through the U.S. mails, through interstate wire facilities, and through direct contacts with providers and the PBMs; and

    (f) Each Defendant Drug Manufacturer and each PBM has controlled and participated in the affairs of its respective PBM Enterprise by providing or receiving rebates or other inducements to place a certain Defendant Drug Manufacturer's brand name drugs on a PBM formulary or advocate the use of a certain brand name drug.

439. Each of the PBM Enterprises identified in ¶ 431(a)-(p) of this Complaint had a hierarchical decision-making structure headed by the respective Defendant Drug Manufacturer.

440. In violation of Section 1962(c) of RICO, each of the Defendant Drug Manufacturers and the PBMs have conducted the affairs of each of the Third-Party Payor PBM Enterprises with which they dealt by reporting fraudulently inflated AWPs for brand name drugs and by submitting false and misleading invoices to Plaintiffs, thereby inducing Plaintiffs and the Class 2 members to pay inflated amounts for brand name drugs.

- 151 -

**Pattern of Racketeering Activity**

441.   Each of the Defendant Drug Manufacturers have conducted and participated in the affairs of the particular PBM Enterprises through a pattern of racketeering activity, including acts that are indictable under 18 U.S.C. § 1341, relating to mail fraud, and 18 U.S.C. § 1343, relating to wire fraud.  These Defendants' pattern of racketeering likely involved thousands, if not hundreds-of-thousands, of separate instances of use of the U.S. mails or interstate wire facilities in furtherance of their AWP Scheme.  Each of these fraudulent mailings and interstate wire transmissions constitutes a "racketeering activity" within the meaning of 18 U.S.C. § 1961(1).  Collectively, these violations constitute a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5) in which the Defendant Drug Manufacturers intended to defraud Plaintiffs, the members of Class 2 and other intended victims of the AWP Scheme.

442.   The Defendants Drug Manufacturers' fraudulent and unlawful AWP Scheme consisted, in part, of deliberately overstating the AWPs for their brand name drugs, thereby creating a "spread" based on the inflated figure in order to induce the PBMs to advocate and favor that manufacturer's brand name drugs to the members of that PBM's clients.  Further, the PBMs would bill their clients for the Defendant Drug Manufacturers' brand name drugs based on the inflated AWPs, which did not reflect the true price paid by the PBMs for the brand name drugs.

443.   The AWP Scheme was calculated and intentionally crafted so as to ensure that Plaintiffs and the members of Class 2 would be over-billed for the drugs.  In designing and implementing this scheme, at all times these Defendants were cognizant of the fact that Plaintiffs and the members of Class 2 rely upon the honesty of the Defendant Drug Manufacturers in setting the AWP as reported by the Publishers.

444.   By intentionally and artificially inflating the AWPs and by providing the PBMs with unlawful financial inducements to advocate their particular drugs, and by subsequently

failing to disclose such practices to the individual patients and their insurers, the Defendant Drug Manufacturers engaged in a fraudulent and unlawful course of conduct constituting a pattern of racketeering activity.

445. Defendants' racketeering activities amounted to a common course of conduct, with similar pattern and purpose, intended to deceive Plaintiffs and the members of Class 2. Each separate use of the U.S. mails and/or interstate wire facilities employed by the Defendants was related, had similar intended purposes, involved similar participants and methods of execution, and had the same results affecting the same victims, including Plaintiffs and the members of Class 2. Each of the Defendants has engaged in the pattern of racketeering activity for the purpose of conducting the ongoing business affairs of its particular PBM Enterprise.

**The Defendants' Motive**

446. The Defendant Drug Manufacturers' motive in creating and operating the AWP Scheme and conducting the affairs of the PBM Enterprises described herein was to fraudulently obtain sales of and profits from their brand name drugs.

447. The AWP Scheme was designed to, and did, encourage others, including providers, to advocate the use of the Defendant Drug Manufacturers' brand name drugs. Thus, each Defendant Drug Manufacturer used the scheme to sell more of its drugs, thereby fraudulently gaining sales and market share and profits.

**Damages Caused By Defendants' AWP Scheme**

448. The Defendant Drug Manufacturers' violations of federal law and their pattern of racketeering activity have directly and proximately caused Plaintiffs and the members of Class 2 to be injured in their business or property because Plaintiffs and the members of Class 2 have paid many millions of dollars in inflated reimbursements or other payments for brand name drugs.

449. Defendants sent billing statements through the U.S. mails or by interstate wire facilities and reported AWPs and other information by the same methods in furtherance of their

AWP Scheme. Plaintiffs and the members of Class 2 have made inflated payments for Covered Drugs based on and/or in reliance on reported and false AWPs.

450. Under the provisions of Section 1964(c) of RICO, Defendants are jointly and severally liable to Plaintiffs and members of Class 2 for three times the damages that Plaintiffs and the Class 2 members have sustained, plus the costs of bringing this suit, including reasonable attorneys' fees.

### COUNT V

### VIOLATIONS OF CONSUMER PROTECTION STATUTES

451. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

452. Defendants are incorporated, or maintain their principal places of business, in either California, Delaware, Illinois, New Jersey, Pennsylvania or Washington. In addition, individual Patient and Third-Party Payor Plaintiffs reside in either California, Florida, New York, Minnesota, Louisiana, Pennsylvania or Texas. Each of these states has enacted statutes to protect consumers against unfair, deceptive or fraudulent business practices, unfair competition and false advertising. The statutes of these states, legally and substantively common, provide consumers with a private right of action, as follows:

| | |
|---|---|
| *California*: | Cal. Civ. Code §§ 1750, Bus. & Prof. Code § 17200, *et seq.* and 17500, *et seq.* |
| *Delaware*: | 6 Del. Code §§ 2511-2537 |
| *Florida*: | Fla. Stat. Stat. §§ 501.201-501.213 |
| *Illinois*: | 815 ILCS § 505/1, *et seq.* |
| *Louisiana:* | La. Rev. Stat. Ann. § 51:1405 |
| *Minnesota:* | Minn. Stat. Ann. §§ 325D.09 - 325D.16, § 325F.67 - 69 |
| *New Jersey*: | N.J. Stat. Ann. §§ 56:8-1 - 56:8-24 |

| | |
|---|---|
| *New York*: | N.Y. Gen. Bus. L. §§ 349-350 |
| *Pennsylvania*: | 73 Pa. Stat. § 201-1 *et seq.* |
| *Texas*: | Tex. Bus. & Com. Code §§ 17.41 B 17.63 |
| *Washington:* | RCW 19.86.010, *et seq.* |

These statutes do not require a showing of either scienter or individual reliance.

453. Defendants' conduct, as alleged in this Complaint, constitutes unfair and deceptive acts or practices, unconscionable practices, fraud, false pretense, false promise, misrepresentation, concealment, suppression or omission of material fact in violation of these statutes. Defendants' continuing violations include:

    (a) Failing to disclose material facts in the conduct of trade or commerce in that they have not disclosed that the AWP does not reflect the true average wholesale price of the drugs they sell, and that the published AWPs are instead deliberately inflated in order to (1) increase the prices paid by Plaintiffs and the members of the Classes; (2) increase the profitability of the Defendant Drug Manufacturer's drugs to the providers who prescribe or dispense them, and to the other intermediaries that promote them; and thereby (3) increase Defendants' market shares and profits;

    (b) Making false or misleading statements of fact concerning the price of goods in that they have not reported the true AWP paid for their medications in order to accomplish the goals described above;

    (c) Knowingly making false representations in a transaction by representing that the AWP is an accurate reflection of the average wholesale price paid for their drugs when AWP is, in reality, a fictitious and inflated amount;

    (d) Publishing fictitious and inflated AWPs in the *Red Book* and other publications; and

    (e) Encouraging Medicare Part B providers to use drugs based upon the "spread" as opposed to medicines being prescribed based on medical reasons.

454. Defendants willfully engaged in such practices knowing them to be deceptive and with the intent that Plaintiffs and the Class would rely thereon.

455. The wrongful conduct alleged in this Complaint occurs, and continues to occur, in the ordinary course of Defendants' business or occupation and has caused great harm to Plaintiffs and the Class, who were foreseeable and direct victims.

456. Defendants have injured the public interest, and Defendants' actions continue to pose a threat to the public.

457. As a direct and legal result of Defendants' misleading, deceptive, unfair, false and fraudulent trade practices, Plaintiffs and the Class have sustained damages.

## COUNT VI

### DECLARATORY AND OTHER RELIEF PURSUANT TO 28 U.S.C. §§ 2201, 2002
### (AGAINST DEFENDANT DRUG MANUFACTURERS FOR UNLAWFUL CONDUCT ASSOCIATED WITH MEDICARE PART B COVERED DRUGS)

458. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

459. An actual case and controversy exists between the Plaintiffs and each of the Defendant Drug Manufacturers with respect to the Defendant Drug Manufacturers' conduct of inflating the published reimbursement rates for drugs covered under Medicare Part B. The Plaintiffs contend that setting stated reimbursement prices above the actual average wholesale price for Covered Drugs is unlawful, and that each Defendant Drug Manufacturer does so in violation of applicable law, knowing that Medicare beneficiaries and their insurers will incur similarly inflated substantial co-payments for drugs under Medicare Part B.

460. Each Defendant Drug Manufacturer contends to the contrary. Each of the Defendant Drug Manufacturers, either by itself or through groups or its trade association, contend that they may exploit the Medicare reimbursement system without limit, and regardless of its effect on Medicare beneficiaries and their insurers.

461.     The Plaintiffs, on behalf of themselves, their constituent members and all others similarly situated, are entitled to a judgment declaring that the practice of the Defendant Drug Manufacturers of inflating stated reimbursement rates for drugs covered under Medicare Part B is unlawful, and are entitled to further relief pursuant to 28 U.S.C. § 2202.

## COUNT VII

### DECLARATORY AND OTHER RELIEF PURSUANT TO 28 U.S.C. §§ 2201, 2002

### (AGAINST DEFENDANT DRUG MANUFACTURERS (EXCLUDING THE BOEHRINGER GROUP, BRAUN, DEY, FUJISAWA AND WATSON DEFENDANTS) FOR UNLAWFUL CONDUCT ASSOCIATED WITH BRAND NAME PRESCRIPTION DRUGS ADMINISTERED OUTSIDE OF THE MEDICARE PART B CONTEXT)

462.     Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

463.     An actual case and controversy exists between the Plaintiffs and each of the Defendant Drug Manufacturers with respect to the Defendant Drug Manufacturer's conduct of deliberately overstating the AWPs for their brand name drugs, thereby creating a "spread" based on the inflated figure to induce intermediaries to advocate and favor that manufacturer's brand name drugs. Plaintiffs contend that this conduct is unlawful, and that each Defendant engages in this conduct in violation of applicable law, knowing that Plaintiffs and the members of the Class will incur inflated payments for brand name drugs.

464.     Each Defendant contends to the contrary. Each Defendant, either by itself or through groups or its trade association, contends that it may exploit the drug pricing system without limit, and regardless of its effect on Plaintiffs and the Class.

465.     The Plaintiffs, on behalf of themselves, their constituent members and all others similarly situated, are entitled to a judgment declaring that these practices are unlawful, and are entitled to further relief pursuant to 28 U.S.C. § 2202.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

A. The Court determine that this action may be maintained as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure with respect to Plaintiffs' claims for declaratory, equitable and injunctive relief, and Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and declaring Plaintiffs as representatives of the Class and their counsel as counsel for the Class;

B. The conduct alleged herein be declared, adjudged and decreed to be unlawful in violation of RICO and the unfair and deceptive trade practices acts set forth above;

C. Plaintiffs and the Class be granted an award of damages in such amount to be determined at trial, with trebling under Counts III and IV;

D. Plaintiffs and the Class be granted an award of punitive damages in such amount to be determined at trial;

E. Defendants be enjoined from continuing the illegal activities alleged herein;

F. Plaintiffs and the Class recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law; and

G. Plaintiffs and the Class be granted such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

## IX.    DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

By /s/ *[signature]*                                   DATED:     September 6, 2002.

Thomas M. Sobol
Edward Notargiacomo
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA  02110
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Kevin P. Roddy
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Samuel Heins
Heins, Mills & Olson, P.C.
700 Northstar East
608 Second Avenue South
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

Eugene A. Spector
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

**CHAIRS OF LEAD COUNSEL COMMITTEE**

Michael M. Buchman
Milberg Weiss Bershad Hynes & Lerach, LLP
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Linda P. Nussbaum
Cohen, Milstein, Hausfeld & Toll. P.L.L.C.
825 Third Avenue, 30th Floor
New York, NY  10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

Kenneth A. Wexler
Elizabeth Fegan Hartweg
Kenneth A. Wexler & Associates
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

**MEMBERS OF LEAD COUNSEL COMMITTEE AND EXECUTIVE COMMITTEE**

Michael McShane
Alexander, Hawes & Audet, LLP
300 Montgomery Street, Suite 400
San Francisco, CA  94104
Telephone: (415) 982-1886
Facsimile: (415) 576-1776

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
Shreveport, LA 71103
Telephone: (318) 226-0826
Facsimile: (318) 424-9900

- 160 -

**MEMBERS OF EXECUTIVE COMMITTEE**

Anthony Bolognese
Bolognese & Associates
One Penn Center
1617 JFK Boulevard
Suite 650
Philadelphia, PA  19103
Tel:  (215) 814-6750
Fax:  (215) 814-6764

Michael J. Flannery
Carey & Danis, LLC
676 North Michigan Ave.
Suite 3110
Chicago, IL  60611
Tel:  (312) 649-0100
Fax:  (312) 664-7731

Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Avenue, N.E.
Suite 300
Washington, D.C. 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

Neal Goldstein (Of Counsel)
Freedman & Lorry, PC
400 Market Street, Suit 900
Philadelphia, PA 19106
Tel: (215) 925-8400
Fax: (215) 925-7516

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL  33134
Tel:  (305) 357-9000
Fax: (305) 357-9050

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street
Suite 1700
San Diego, CA 92101
Tel: (619) 338-1133
Fax: (619) 338-1139

Jonathan D. Karmel
Karmel & Gilden
221 N. LaSalle Street
Suite 1414
Chicago, IL 60601
Tel: (312) 641-2910
Fax: (312) 641-0781

T. David Copley
Lynn Lincoln Sarko
Mark A. Griffin
Keller Rohrback L.L.P.
1201 3rd Avenue
Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384

G. Mark Albright
Albright, Stoddard, Warnick & Albright
Quail Park 1, Building D-4
801 South Rancho Drive
Las Vegas, NV 89106

Dianne M. Nast
Roda & Nast, PC
801 Estelle Drive
Lancaster, PA 17601
Tel: 717-892-3000
Fax: 717-892-1200

Henry H. Rossbacher
Rossbacher & Associates
811 Wilshire Boulevard,
Suite 1650
Los Angeles, CA 90017-2666
Tel: (213) 895-6500
Fax: (213) 895-6161

Jonathan Shub
Sheller, Ludwig & Badey, P.C.
1528 Walnut Street, 3rd fl
Philadelphia, PA 19102
Tel: (215) 790-7300
Fax: (215) 546-0942

Scott R. Shepherd
Shepherd & Finkleman, LLC
117 Gayley Street,
Suite 200
Media, PA 19063
Tel: (610) 891-9880
Fax: (610) 891-9883

Lee Squitieri
Squitieri & Fearon
521 Fifth Avenue, 26th floor
New York, NY 10175
Tel: (646) 487-3049
Fax: (646) 487-3095

Lisa J. Rodriguez
Ira Neil Richards
Trujillo Rodriguez& Richards, LLC
The Penthouse
226 West Rittenhouse Square
Philadelphia, PA 19103
Tel: (215) 731-9004
Fax: (215) 731-9044

1534.16 0018 BSC.DOC

Mitchell A. Toups
Weller, Green, Toups & Terrell, L.L.P.
2615 Calder Street, Suite 400
P.O. Box 350
Beaumont, TX 77704
Tel: (409) 838-0101
Fax: 409-838-6780

Damon Young
Lance Lee
Young, Pickett & Lee
4122 Texas Boulevard
P.O. Box 1897
Texarkana, AR/TX 75504
Tel: (903) 794-1303
Fax: 903-792-5098; 903-794-5098

**ADDITIONAL ATTORNEYS FOR PLAINTIFFS**