UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

### MEMORANDUM IN SUPPORT OF DEFENDANT BAXTER HEALTHCARE CORPORATION'S INDIVIDUAL MOTION TO DISMISS

Defendant Baxter Healthcare Corporation ("Baxter")[1] has joined in the Consolidated Motion to Dismiss filed by Defendants. Baxter also requests, pursuant to Rules 12(b)(1) and 12(b)(6), that the Master Consolidated Class Action Complaint ("Complaint") be dismissed as to Baxter on the additional grounds that all of the named plaintiffs (except UFCW) lack Article III standing and the entire Complaint fails to comply with Rule 9(b).

### ARGUMENT

I.   ALL OF THE NAMED PLAINTIFFS, EXCEPT UFCW, LACK ARTICLE III STANDING.

The Complaint generally alleges that plaintiffs overpaid for various drugs because the defendant pharmaceutical manufacturers falsely reported the AWPs of these drugs. In particular, the Complaint lists 16 Baxter therapies that were allegedly involved in the "AWP Scheme." Cmplt. ¶ 71. However, none of the individual patient plaintiffs are alleged to have purchased a Baxter therapy. Cmplt. ¶¶ 13-21. Nor do any of the non-profit associations specifically allege that any of their members paid for a Baxter therapy. Cmplt. ¶¶ 28-49. Of the four third-party payor plaintiffs, only one, UFCW, alleges that it provided reimbursement for Baxter therapies.

---

[1] The Complaint names both Baxter International and Baxter Healthcare Corporation. The proper defendant is Baxter Healthcare Corporation.

1518968 v5; WK1K05!.DOC

Cmplt. ¶¶ 23-26. UFCW concedes, however, that it only reimbursed for two Baxter therapies, sodium chloride and dextrose solutions. Cmplt. ¶ 26.

Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *United States v. AVX Corp.*, 962 F.2d 108, 113 (1st Cir. 1992) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). To satisfy Article III standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984) (citations omitted). In the case of an association seeking to pursue claims on behalf of its members, the organization must establish, among other things, that "at least one of [its] members possesses standing to sue in his or her own right." *AVX, Inc.*, 962 F.2d at 116. It is also well-settled that the factual predicates for standing "must affirmatively appear in the record," or the complaint is subject to dismissal. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (citations omitted). Thus, a party seeking to establish jurisdiction has the burden of clearly alleging facts demonstrating that he or she is a proper party. *Id.* at 231 (citations omitted); *see also Guckenberger v. Boston Univ.*, 957 F. Supp. 306, 320 (D. Mass. 1997) ("the burden of adducing facts necessary to support standing rests squarely with the party seeking to avail itself of federal jurisdiction") (quoting *AVX, Inc.*, 962 F.2d at 114).

Only plaintiff UFCW has alleged any injury traceable to Baxter and only with respect to its sodium chloride and dextrose solutions. The remainder of the Complaint, with respect to all other plaintiffs and the 14 other listed Baxter therapies, must be dismissed for lack of jurisdiction.[2]

---

[2] In addition, the claims asserted by the ERISA plans should be dismissed for failure to comply with Fed.R.Civ.P. 17(a). As trusts, these plaintiffs have improperly failed to sue in the name of the trustees or the real parties in interest. Baxter respectfully joins in asserting, and hereby adopts, the arguments stated in Abbott's brief concerning this issue.

-2-

## II. THE ENTIRE COMPLAINT IS DEFICIENT UNDER RULE 9(B).

### A. Plaintiffs Fail To Allege Predicate Acts Of Mail Or Wire Fraud With Particularity As To Baxter.

The Complaint is wholly deficient under the heightened pleading requirements of Fed. R. Civ. P. 9(b). It relies almost exclusively upon conclusory allegations and does not specify the time, place, or contents of any specific mail or wire communication. Plaintiffs' vague allegations of mail and wire fraud against Baxter are based upon some *unidentified* "marketing and sales documents, which were prepared and disseminated to [Baxter's] employees and agents via the U.S. mail and interstate wire facilities" and some "other documents created and disseminated by Baxter" comparing AWPs to providers' costs for Baxter's therapies. Cmplt. ¶ 215. Plaintiffs' remaining description of Baxter's alleged mail and wire fraud consists only of similarly broad, generic allegations. *See, e.g.,* Cmplt. ¶¶ 353, 354, 356(i), 380, 381, 383(h), 407, 410, 410(h), 434, 437, 437(h).

Conclusory allegations that generically refer to a defendant's "extensive use of wires and mails" are insufficient to support RICO claims, and complaints containing such conclusory allegations must be dismissed. *See Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 42 (1st Cir. 1991) (dismissing RICO claims for plaintiffs' failure to allege facts to support conclusory allegation that "racketeering activity consisted of various acts in violation of [mail and wire fraud statutes]"); *accord DeMauro v. DeMauro*, 215 F.3d 1311 (Table), No. 99-1589, 2000 WL 231255, at *2-3 (1st Cir. Feb. 16, 2000). Moreover, a RICO plaintiff must set forth "the particular time, place and contents" of the alleged fraud constituting the predicate act. *See, e.g., Feinstein*, 942 F.2d at 42 (quoting *New England Data Serv., Inc. v. Becher*, 829 F.2d 286, 290-91 (1st Cir. 1987)); *accord, North Bridge Assoc. v. Boldt*, 274 F.3d 38, 42-43 (1st Cir. 2001); *Rhone v. Energy North, Inc.*, 790 F. Supp. 353, 360 (D. Mass. 1991). The RICO counts against Baxter should be

dismissed because plaintiffs have not alleged the time, place, or content of a single Baxter mail or wire communication.

Nor do plaintiffs identify the alleged speakers or perpetrators of the fraud that supposedly underlies their RICO claims. *See Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 599 (7th Cir.), *cert. denied*, 122 S.Ct. 69 (2001) (RICO plaintiff must allege identity of person who made representation and method by which it was communicated to plaintiff). Plaintiffs also fail to allege how Baxter participated in the operation or management of the alleged enterprises. *See Reves v. Ernst & Young*, 507 U.S. 170, 184 (1993) (explanation of how defendants participated in operation and management of RICO enterprise required to impose RICO liability); *accord, United States v. Hurley*, 63 F.3d 1, 9 (1st Cir. 1995).[3]

### B. The Complaint Fails To Particularize Baxter's Role In The Alleged Fraud.

"Where, as here, the complaint involves multiple defendants, [] 'each defendant's role must be particularized with respect to their alleged involvement in the fraud.'" *Sebago, Inc. v. Beazer East, Inc.*, 18 F. Supp.2d 70, 79 (D. Mass. 1998) (quoting *Kuney Int'l S.A. v. DiIanni*, 746 F. Supp. 234, 237 (D. Mass. 1990)). The Complaint rarely points to specific actions by specific defendants; instead, plaintiffs attempt to impugn Baxter and all other defendants with broad assertions of wrongdoing. *See, e.g.*, Cmplt. ¶¶ 1-8, 11, 13, 15-21, 25, 28-49, 51-52, 123, 133, 135-40, 151, 159-66, 169, 171-73, 181, 182, 312-15, 317-18, 329, 336, 340, 342, 344-45, 347-69, 371-72, 374, 376-78, 380-84, 387-96, 398-99, 401, 403-05, 407-11, 414-23, 425-26, 428-32, 434-38, 441-50, 452-57, 459, 461, and 463. Plaintiffs are required to allege, with specificity, the improper actions which are alleged to have been undertaken. Rule 9(b) "does not permit a complainant to

---

[3] Contrary to the alleged "PBM Enterprise," Baxter has never conducted business with PBMs. Cmplt. ¶¶ 429, 431(e).

1518968 v5; WK1K05!.DOC

file suit first, and subsequently to search for a cause of action." *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985); *see also New England Data Servs. v. Becher*, 829 F. 2d at 288.

### C. Plaintiffs' Fail To Plead State Law Claims With The Particularity Required By Rule 9(b).

Plaintiffs' state law claims for common law fraud, consumer fraud, and unjust enrichment – all which sound in fraud – must also meet Rule 9(b)'s particularity requirements. *Hayduk v. Lanna*, 775 F.2d at 443 ("[a]lthough state law governs. . . the procedure for pleading fraud in federal courts . . .is governed by the special pleading requirements of Federal Rule of Civil Procedure 9(b)"). Plaintiffs' state law claims fail to meet this standard. Only one paragraph of the Complaint (Paragraph 453) even attempts to describe the *type* of action that might have constituted a state law violation. Cmplt. ¶ 453. At best, plaintiffs' allegation of a general scheme to defraud does not meet "even a bare-bones Rule 9(b) test." *United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F. Supp. 2d 141, 147 (D. Mass. 2000). Accordingly, plaintiffs' state law claims must also be dismissed.

Respectfully submitted,

/s/ Merle M. DeLancey, Jr.  
Merle M. DeLancey, Jr.  
J. Andrew Jackson  
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP  
2101 L St. NW  
Washington, DC 20037  
Telephone: (202) 785-9700  
Facsimile: (202) 887-0689  

/s/ Peter E. Gelhaar  
Peter E. Gelhaar (BBO #188310)  
DONNELLY, CONROY & GELHAAR, LLP  
One Beacon Street  
33rd Floor  
Boston, MA 02108  
Telephone: (617) 720-2880  
Facsimile: (617) 720-3554  

Counsel for Defendant  
BAXTER HEALTHCARE CORPORATION

1518968 v5; WK1K05!.DOC

## PROOF OF SERVICE

I, Peter E. Gelhaar, certify that on November 4, 2002, I caused a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT BAXTER HEALTHCARE CORPORATION'S MOTION TO DISMISS THE MASTER CONSOLIDATED CLASS ACTION COMPLAINT to be served on all counsel of record by electronic service in accordance with Case Management Order No. 2.

Peter E. Gelhaar

1518968 v5; WK1K05!.DOC