**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL NO. 1456 <br> ) CIVIL ACTION NO. 01-CV-12257-PBS <br> ) <br> ) Judge Patti B. Saris |
| THIS DOCUMENTS RELATES TO ALL ACTIONS | ) ) ) ) |

**INDIVIDUAL MEMORANDUM OF BAYER CORPORATION**
**IN SUPPORT OF ITS MOTION TO DISMISS**



Bayer Corporation ("Bayer") is one of thirty-eight pharmaceutical manufacturers named as a defendant in the Master Consolidated Amended Class Action Complaint ("Complaint"). Although four of Bayer's products are identified in the Complaint (Compl., ¶ 74), none of the thirty-five plaintiffs has alleged that it purchased one of these products – or any other product manufactured or distributed by Bayer. (*See* Compl., ¶¶ 13-50). Thus, none of the plaintiffs can allege any injury traceable to conduct of Bayer – an essential prerequisite to Article III standing. For this reason, as well as those stated in the Consolidated Memorandum In Support of Defendants' Motion to Dismiss The Master Consolidated Class Action Complaint and the individual memoranda of other defendants raising common issues, plaintiffs' claims against Bayer should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND

The Complaint alleges that Bayer and each of the other defendant pharmaceutical manufacturers falsely reported the "average wholesale price" ("AWP") of their products in order to increase their market share and profits. (Compl., ¶¶ 2-6). Plaintiffs fall into three categories: (1) individual patients (*id.*, ¶¶ 13-22), (2) third-party payors (*id.*, ¶¶ 23-27), and (3) non-profit associations whose members purchased prescription drugs (*id.,* ¶¶ 28-50). Plaintiffs contend that, as a result of defendants' alleged manipulation of the AWP, they and the classes they purport to represent paid more than they should have for defendants' drugs.

Tellingly, however, *plaintiffs uniformly fail to allege that they paid, even in part, for any drug manufactured or distributed by Bayer.* The Complaint identifies four Bayer

1

products: Kogenate®, FS/Kogenate®, Koate-DVI®, and Gamimune®.[1] (Compl., ¶ 74). Of the nine individual patient plaintiffs, only two identify the specific drugs manufactured or distributed by a defendant for which they claim to have paid. (Compl, ¶¶ 13-14). Neither identifies a drug manufactured by Bayer.[2]

Likewise, three of the four third-party payor plaintiffs identify specific drugs for which they allegedly paid. (Compl., ¶¶ 24-26). None of the identified drugs is manufactured or distributed by Bayer. (*Id.*). Finally, none of the twenty-two non-profit association plaintiffs identifies a single specific drug manufactured or distributed by Bayer for which any of their members is alleged to have paid. (Compl., ¶¶ 28-49).

## ARGUMENT

Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *United States v. AVX Corp.*, 962 F.2d 108, 113 (1st Cir. 1992) (*quoting Warth v. Seldin,* 422 U.S. 490, 498 (1975)). To meet the constitutional test for Article III standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984) (citations omitted). In the case of an association seeking to pursue claims in a representative capacity on behalf of its members, the organization must establish, among other things, that "at least one of [its] members possesses standing to sue in his or her own right." *AVX, Inc.*, 962 F.2d at 116. It is well settled that the factual predicates for standing cannot be

---

[1] Kogenate®, FS/Kogenate®, Koate-DVI® are all used to treat hemophilia. (Compl., ¶ 74). Gamimune® is used in the treatment of immunodeficiency and autoimmune disorders. (*Id.*).

[2] One claims to have been administered Vancomycin, which is a drug manufactured by multiple manufacturers, not including Bayer. (Compl., ¶¶ 13, 54, 93). The other claims to have been administered Zoladex which is manufactured by AstraZeneca. (Compl., ¶ 14, 62).

"inferred argumentatively from the averments in the pleadings ... but rather must affirmatively appear in the record." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (internal quotations and citations omitted). Therefore, the party seeking to establish jurisdiction has the burden of clearly alleging facts demonstrating that he or she is a proper party to invoke judicial resolution of the dispute. *Id.* at 231 (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Warth*, 422 U.S. at 518). *See also Guckenberger v. Boston University*, 957 F. Supp. 306, 320 (D. Mass. 1997) (Saris, J.) ("[T]he burden of adducing facts necessary to support standing rests squarely with the party seeking to avail itself of federal jurisdiction") (*quoting AVX, Inc.*, 962 F.2d at 114).

In this case, plaintiffs have failed to carry the burden of establishing their standing to pursue claims against Bayer. In the absence of any allegation that even one of the named plaintiffs purchased a drug manufactured or distributed by Bayer, these plaintiffs cannot be found to have alleged injury traceable to Bayer's conduct. *See In re Paracelsus Corp. Sec. Litig.*, 6 F. Supp. 2d 626, 631 (S.D. Tex. 1998) (dismissing class action securities law claim where named plaintiffs did not allege they had purchased the securities at issue, even though other members of the purported class had purchased them); *Thompson v. Board of Education of the Romeo Community Schools*, 709 F.2d 1200, 1205 (6th Cir. 1983) (dismissing class action discrimination claims where named plaintiffs had never been employed by the defendants, even though defendants had employed other members of the purported class).

Moreover, individual plaintiffs who themselves lack standing to assert claims against a specific defendant on their own behalf cannot avoid dismissal by purporting to maintain the action on behalf of class members who may have such claims. *See In re Taxable Municipal Bond Sec. Litig.*, 51 F.3d 518, 522 (5th Cir. 1995); *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)

3

("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class"). This is true even though those plaintiffs may have suffered an injury identical to that of the members of the class they seek to represent as a result of conduct of some other defendant. *Thompson*, 709 F.2d at 1204 (*citing LeMar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 466 (9th Cir. 1973)).

Likewise, since none of the associational plaintiffs allege that any of their members actually paid for a drug manufactured or distributed by Bayer, they too lack standing to pursue a claim against Bayer. *See AVX, Inc.*, 962 F.2d at 116-17 (dismissing appeal for lack of standing where association made only "nebulous" and "generalized" allegations regarding injury to unspecified members); *Pennsylvania Protection and Advocacy, Inc. v. Houston*, 136 F. Supp. 2d 353, 365-66 (E.D. Pa. 2001) (finding that association lacked standing to pursue claim in representative capacity because its complaint did not include "an allegation of a demonstrable, particularized injury" to a specific constituent) (*citing Warth*, 422 U.S. at 508).

In sum, all three categories of plaintiffs -- individuals, third party payors, and associations – lack standing to proceed against Bayer. In the absence of any allegation linking Bayer to an injury to any of the thirty-five named plaintiffs, the plaintiffs have not alleged an Article III case or controversy with respect to Bayer. Accordingly, the claims against Bayer must be dismissed.

## CONCLUSION

For the foregoing reasons, as well as those stated in the Consolidated
Memorandum In Support of Defendants' Motion to Dismiss The Master Consolidated Class
Action Complaint and the individual memoranda of other defendants raising common issues,
Bayer Corporation requests that the claims against it in the Master Consolidated Amended Class
Action Complaint be dismissed.

Dated:  November 4, 2002

Respectfully submitted,

Robert P. Sherman
HUTCHINS, WHEELER & DITTMAR
101 Federal Street
Boston, Massachusetts  02110
617-951-6600 (tel.)
617-951-1295 (facsimile)

David F. Graham
Richard D. Raskin
Bruce M. Zessar
David. C. Giardina
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 S. Dearborn Street
Chicago, Illinois  60603
312-853-7000 (tel.)
312-853-7036 (facsimile)

Attorneys for Defendant Bayer Corporation

5

CHI 2525838v1