UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |

**DEY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
TO DISMISS THE MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

I.   INTRODUCTION

Dey, Inc. ("Dey") hereby adopts and incorporates by reference the statements of fact and law set forth in Defendants' consolidated memorandum in support of Defendants' motion to dismiss the Master Consolidated Class Action Complaint (the "Consolidated Memorandum"). In addition to the reasons set forth in the Consolidated Memorandum, Counts I and II (Counts III and IV were not brought against Dey) of Plaintiffs' Master Consolidated Class Action Complaint (the "Complaint") should be dismissed as to Dey because Plaintiff has failed to plead its allegations of fraud with the particularity required by Federal Rule of Civil Procedure 9(b). Further, Plaintiffs have failed to make any specific allegations of fraud against Dey and, instead, merely have grouped Dey with the various other Defendants in the vast majority of their allegations. Finally, Plaintiffs' allegations of fraudulent concealment by Dey to toll the relevant statutes of limitations are insufficient under Rule 9(b).

II.   **PLAINTIFFS FAIL TO PLEAD THEIR ALLEGATIONS OF FRAUD AS TO DEY WITH THE SPECIFICITY REQUIRED BY RULE 9(b)**

Federal Rule of Civil Procedure 9(b) requires that allegations of fraud be stated with particularity. Fed. R. Civ. P. 9(b). It is settled law in the First Circuit that the pleading

NEWYORK 4249704v1

requirements of Rule 9(b) apply to a party alleging predicate acts of mail or wire fraud under the Racketeering Influenced and Corrupt Organization Act ("RICO"). *See New England Data Servs., Inc. v. Becher*, 829 F.2d 286, 289 (1st Cir. 1987); *North Bridge Assoc. v. Boldt*, 274 F.3d 38, 42-43 (1st Cir. 2001); *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 42 (1st Cir. 1991).

In particular, Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The "circumstances" required to be pled with particularity under Rule 9(b) are the time, place and content of the alleged acts of mail and wire fraud. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 889 (1st Cir. 1997). A party alleging mail and wire fraud under RICO also must identify the alleged speaker or perpetrator of the fraud that forms the basis of their RICO claims, and cannot simply attribute fraudulent conduct generically to "defendants." *See, e.g., Konstantinakos v. Federal Dep. Ins. Corp.*, 719 F. Supp. 35, (D. Mass. 1989).

In this case, Plaintiffs allege that Defendants fabricated drug pricing information by providing inflated AWP pricing information to industry publishers. (Complaint ¶¶ 136-137, 159). Plaintiffs claim that Defendants reported these inflated prices in order to induce medical providers to report these higher prices to insurers and patients so that these medical providers would earn a profit from the "spread" between the real cost and the various AWP-related reimbursement rates. (Complaint ¶¶ 138, 140). Plaintiffs also allege that some Defendants provided free samples of their products to physicians who in turn sought reimbursement at the AWP reimbursement rate, thereby increasing the "spread" to physicians. (Complaint ¶¶ 162-164). In addition, Plaintiffs allege that some Defendants provided other financial incentives to physicians, such as "volume discounts, rebates, off-invoice pricing, free goods, credit memos, consulting fees, debt forgiveness, and grants" that caused damage to the Plaintiffs. (Complaint ¶ 165). None of these allegations specifically name Dey as one of those Defendants.

Plaintiffs' vague allegations completely fall short of the requirements of Rule 9(b) because they fail to set forth the time, place or content of the supposed mail or wire fraud. First, Plaintiffs fail to identify any allegedly false statements made by Dey. Instead, Plaintiffs merely offer general allegations that all Defendants directed sales, marketing, and pricing documents to various third parties and that such conduct constitutes the necessary predicate criminal acts of mail and wire fraud. (Complaint ¶¶ 356, 383, 410, 437). In addition, Plaintiffs fail to identify when the alleged misrepresentations were made, other than a general allegation that the Class Period covers January 1, 1991 to present. (Complaint ¶ 334). Finally, Plaintiffs fail to allege who in particular at Dey submitted the allegedly false sales, marketing and pricing documents, or where and how such information was communicated by Dey. As a result, Plaintiffs' conclusory allegations are insufficient as a matter of law as to Dey. *See Feinstein*, 942 F.2d at 290 ("It is not enough for a plaintiff to file a RICO claim, chant the statutory mantra, and leave the identification of predicate acts to the time of trial.").

Furthermore, Plaintiffs' RICO claims against Dey fail because Plaintiffs have failed to connect the allegations of mail and wire fraud to the individual Defendants, including Dey. *See, e.g., Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986) (failure to connect allegations of fraud to particular defendants insufficient to meet requirements of Rule 9(b)); *McAllister Towing & Trans. Co., Inc. v. Thorn's Diesel Serv., Inc.*, 131 F. Supp. 2d 1296, 1301 (M.D. Ala. 2001) ("simply grouping the defendants together by vaguely alleging that the 'defendants' made the alleged fraudulent statements" insufficient under Rule 9(b)); *Zic v. Italian Gov't Travel Office*, 149 F. Supp. 2d 473, 477 (N.D. Ill. 2001) ("plaintiff may not 'lump' multiple defendants together in a fraud claim"); *Center Cadillac, Inc. v. Bank Leumi Trust Co. of N.Y.*, 808 F. Supp. 213, 230 (S.D.N.Y. 1992) ("A complaint sounding in fraud may not rely on sweeping references to acts by all or some of the defendants because each named defendant is entitled to be apprised of the facts surrounding

3

the alleged fraud."); *Cinalli v. Kane*, 191 F. Supp. 2d 601, 609 (E.D. Pa. 2002) ("must 'plead fraud with particularity as to each defendant'"). In fact, Plaintiffs have simply lumped Dey with each of the 34 other Defendants in an attempt to avoid making allegations which are specific to Dey.

Plaintiffs do not even specify which of its allegations apply to Dey. Although Plaintiffs generally allege three types of fraudulent conduct – inflation of AWP, free samples, and "other" inducements and price reductions – they try to evade the requirements of Rule 9(b) by alleging simply that Defendants engaged in "some and/or all" of the alleged fraudulent conduct. (Complaint ¶¶ 157-165). In fact, Dey is not specifically accused of any violations of law except for the alleged failure to report a bottom-line price as its AWP. For example, there is no specific allegation against Dey with regard to violations of the Prescription Drug Marketing Act ("PDMA").

Plaintiffs fail to connect the allegations of mail and wire fraud specifically to Dey anywhere in the Complaint and, therefore, Counts I and II of the Complaint must be dismissed for failure to meet the requirements of Rule 9(b).

### III. PLAINTIFFS' CONCLUSORY ALLEGATIONS OF FRAUDULENT CONCEALMENT ALSO FAIL TO SATISFY RULE 9(B)

Plaintiffs' allegations of fraudulent concealment are meritless on their face and insufficient under Rule 9(b) to toll the relevant statutes of limitations. To toll the running of the statute of limitations, Plaintiffs must allege, with the specificity required under Rule 9(b), that Dey fraudulently concealed its actions from Plaintiffs during the limitations period. *See J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1255, (1st Cir. 1996); *Salois v. The Dime Savings Bank of New York*, 1996 U.S. Dist. LEXIS 21901, *21 (D. Ma. Nov. 13, 1996) (it is plaintiff's burden under Rule 9(b) to plead with particularity the facts giving rise to fraudulent concealment). Failure to meet the requirements of Rule 9(b) in pleading fraudulent concealment results in dismissal of claims beyond the applicable statute of limitations.

In this case, Plaintiffs have made only conclusory allegations with regard to fraudulent concealment against all Defendants as a group. In fact, Plaintiffs have offered no specifics regarding the time, place and manner in which <u>Dey</u> allegedly "concealed its fraudulent conduct form Plaintiffs and the Class by controlling the process by which the AWPs for covered Drugs and brand name drugs were set." (Complaint ¶ 173). Therefore, Plaintiffs' failure to allege fraudulent concealment with specificity requires dismissal of any claims beyond the applicable statute of limitations period[1]. *See Ballen*, 23 F.3d at 336-337; *Solow*, 994 F. Supp. at 182.

### IV. CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Consolidated Memorandum in Support of the Motion to Dismiss, Dey respectfully requests dismissal of Plaintiffs' Complaint.

**Respectfully submitted,**

Dated: November 4, 2002

**COUDERT BROTHERS LLP**

By: *Stephen Hudspeth*

STEPHEN M. HUDSPETH
LISA M. LEWIS
1114 Avenue of the Americas
New York, NY 10036
Tel. (212) 626-4400

*Attorneys for Defendant DEY, INC.*

---

[1] Furthermore, Dey did not, in fact, conceal the alleged conduct because, as detailed in the Consolidated Memorandum, the price differentiation between listed AWPs and actual cost for providers was known, for years **before** the filing of this Complaint, to the government, to the pharmaceutical industry and to the public at large. Therefore, the fraudulent concealment claim should be dismissed because the Plaintiffs were on discovery notice of allegedly fraudulent conduct. *See J. Geils Band Employee Benefit*, 76 F.3d at 1255 (dismissing claims as time barred because plaintiffs were on discovery notice of wrongful conduct).

NEWYORK 4249704v1