UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS |
| ) ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL ACTIONS ) ) ) |  |

**MEMORANDUM OF HOFFMANN-LA ROCHE INC.
IN SUPPORT OF ITS MOTION TO DISMISS**



## INTRODUCTION

Hoffmann-La Roche Incorporated ("Roche") is one of more than thirty pharmaceutical manufacturers named as defendants in the Master Consolidated Amended Class Action Complaint ("Complaint"). This litigation has been ongoing for over a year, yet Roche was only named as a defendant in September.[1] Roche was not named – and has never been named – in any of the underlying cases consolidated in this MDL.

The Complaint appears to include Roche as an afterthought, failing to allege with any degree of specificity any tortious act, omission or fact attributable to Roche; nor does it allege that any plaintiff purchased any drug manufactured by Roche. For these reasons, as well as those stated in the Consolidated Memorandum in Support of Defendants' Joint Motion to Dismiss and the Memorandum of Bayer Corp. in Support of its Individual Motion to Dismiss, plaintiffs' claims against Roche should be dismissed pursuant to Rules 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND

The Complaint broadly alleges that the defendant pharmaceutical manufacturers falsely reported the "average wholesale price" ("AWP") of their products in order to increase their market share and profits (¶¶ 2-6). Plaintiffs contend that they, and the classes they purport to represent, therefore paid more than they should have for defendants' drugs.

With one minor exception,[2] the only references to Roche in the 164-page, 465-paragraph Complaint are in the list identifying defendants (¶¶ 100-102) and in the four cookie-

---

[1]   The Master Consolidated Amended Class Action Complaint was filed on September 6, 2002, and Roche was served on September 16, 2002.

[2]   The "Roche Group" is mentioned as the December 2000 purchaser of the drug Kytril at ¶ 277.

cutter paragraphs describing the alleged Roche RICO enterprises (¶¶ 350(m), 377(m), 404(i), and 431(i)). The identification paragraphs literally do no more than state the corporate name and address; note the company's business; list the Roche products allegedly subject to Medicare Plan B; and allege that Roche manufactures other drugs (which the Complaint fails to name) for which it publishes an AWP. The enterprise paragraphs are merely repetitious forms, employed for every defendant drug manufacturer in the Complaint, into which have been dropped the name "Hoffmann-La Roche." Not one of the enterprise paragraphs contains anything more than bald, nonspecific allegations made in exactly the same way against every other defendant.

## ARGUMENT

The Complaint's allegations against Roche are cursory, superficial and wholly inadequate to support the claims of fraud that form the basis of this action. Plaintiffs attribute allegedly tortious conduct to the "Defendant Drug Manufacturers," plural, throughout their pleading without any reference to acts or omissions specifically performed by Roche. Where, as here, there is no allegation of conspiracy or other concerted action among the defendants, it is critical that the Complaint make its allegations with specificity as to each defendant. It fails spectacularly to do so with respect to Roche. *See Gilbert v. Clark*, 13 F.R.D. 498, 499 (D. Mass. 1952)("If there were but one defendant here, it may well be that the allegations would suffice to meet the requirements of Rule 9(b) . . . Each defendant, however, is entitled to be apprised of the circumstances constituting the alleged fraud with which he is charged and by whom he is being charged.")

The Complaint fails to state an adequately specific cause of action against Roche in at least four ways:

(1) Plaintiffs do not allege that they ever purchased any drug manufactured by Roche. The Complaint identifies fifteen Roche products allegedly subject to Medicare Part-B: Cellcept, Cytovene, Demadex, Kytril, Rolcatrol, Rocephin, Roferon-A, Toradol, Valium, Versed, Xeloda, Zenapx, Rituxan, Herceptin, and Xeloda (¶ 101). Not one of the plaintiffs allege that he, she or it ever purchased, contracted to purchase, received from a provider or used – in any way – any of these drugs. As more fully argued in the Memorandum of Bayer Corp. in Support of its Individual Motion to Dismiss, this failure alone is sufficient to warrant dismissal as the plaintiffs lack standing to sue Roche.

(2) Plaintiffs do not provide any examples of specific unlawful conduct involving Roche. The Complaint goes to great lengths to describe examples of "specific unlawful conduct" allegedly engaged in by other defendants (Section V, ¶¶ 183-328). Nowhere in that 145-paragraph section, however, do plaintiffs ascribe any allegedly tortious conduct to Roche. Plaintiffs' alleged litany of horribles seeks to tar Roche with the alleged misdeeds of other defendants. Plaintiffs have not, however, alleged the existence of a conspiracy among the defendants, and thus cannot attribute to all defendants the purported actions of a few of them. Roche's noticeable absence from this section of the Complaint demonstrates the insufficiency of the claims against it at this late date in the pleadings stage of this case.

(3) Plaintiffs do not attribute any specific predicate fraudulent acts to Roche. Plaintiffs' RICO claims are based on an alleged pattern of racketeering activity manifested in a series of unspecified instances of mail and wire fraud (¶ 441). The Complaint, however, lists not a single specific example of mail or wire fraud perpetrated, or even participated in, by Roche. Once again, plaintiffs' broad and ambiguous references to the "Defendant Drug Manufacturers" – in an allegation that under Fed. R. Civ. P. 9(b) requires particular statement of the

circumstances constituting fraud – fail to adequately plead a cause of action against Roche (¶¶ 441-445). *See Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985)(affirming dismissal of fraud count that did not "specif[y] the time, place and content of [the] alleged false representations"); *Driscoll v. Landmark Bank for Savings*, 758 F.Supp. 48, 51 (D. Mass. 1991)(circumstances constituting the fraud must be specifically stated).

(4)     Plaintiffs do not allege with any specificity that Roche fraudulently concealed any aspect of its drug pricing or sales activity. In order to avoid the four-year statute of limitations and expand the temporal scope of the Complaint to include drugs manufactured since 1991, plaintiffs allege that defendants fraudulently concealed their pricing and sales activities from plaintiffs and the world (¶¶ 173-182, 334). *See Lares Group v. Tobin*, 221 F.3d 41, 44 (1st Cir. 2000) (civil RICO claims are subject to a four-year statute of limitations). Fraudulent concealment, however, must be pled with particularity, and plaintiffs must state facts showing due diligence in trying to uncover the facts. *Gonzalez-Bernal v. U.S.*, 907 F.2d 246, 250 (1st Cir. 1990). Plaintiffs fail to do either in this Complaint. Roche is never specifically alleged to have concealed anything at all, much less the substantial fraudulent concealment necessary to toll the statute of limitations. Absent a much more thorough allegation of fraudulent concealment by Roche, the Class Period, and its attendant discovery obligations, should be limited to four years.

## CONCLUSION

Plaintiffs have included Roche as an afterthought, without any real or specific allegations as to it in the Complaint. Plaintiffs do not allege that any of them, at any time, purchased Roche products: as such, plaintiffs lack standing to sue Roche. The allegations in the Complaint are insufficient as a matter of law and fail to state a claim against Roche, in particular

with respect to the allegations of fraud which lack even minimal particularity. For the foregoing reasons, as well as those stated in the Joint Memorandum in Support of Defendants' Motions to Dismiss and the Memorandum of Bayer Corp. in Support of its Individual Motion to Dismiss, Hoffmann-La Roche requests that the claims against it in the Complaint be dismissed.

Respectfully submitted,

Colleen Hennessey
SULLIVAN, SULLIVAN & NAHIGIAN, LLP
100 Franklin Street
Boston, MA 02110
Telephone: (617) 482-5100
Facsimile: (617) 482-2030

Kevin R. Sullivan
KING & SPALDING
1730 Pennsylvania Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

Attorneys for Defendant Hoffmann-La Roche Inc.