UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENT RELATES TO ALL ACTIONS | MDL NO. 1456 <br><br> CIVIL ACTION NO. 01-CV-12257-PBS <br><br> Judge Patti B. Saris |

**MEMORANDUM OF IMMUNEX CORPORATION
IN SUPPORT OF ITS MOTION TO DISMISS**

Immunex Corporation joins and incorporates by reference the arguments in support of dismissal addressed in the Consolidated Memorandum in Support of Defendants' Motion to Dismiss Master Consolidated Class Action Complaint (the "Consolidated Memorandum") and the memoranda filed individually by Abbott Laboratories, Bayer Corporation, and other defendants. Immunex writes separately to address the application to it of the arguments that the Court should dismiss plaintiffs' claims because plaintiffs: (1) lack standing to sue



No. 01-CV-12257-PBS - 1
[/SL023050027]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 583-8888
Fax: (206) 583-8500

Immunex, and (2) failed to satisfy Rule 9(b)'s requirement to plead fraud by Immunex with particularity.[1]

## I. PLAINTIFFS LACK STANDING TO SUE IMMUNEX.

Plaintiffs lack standing to bring the claims against Immunex. Under Article III of the Constitution, individual standing does not exist unless a plaintiff "allege[s] personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). To establish representational standing on behalf of an organization's members, an organization must establish that "at least one of [its] members possesses standing to sue in his or her own right." *United States v. AVX Corp.*, 962 F.2d 108, 116 (1st Cir. 1992). As outlined in the Bayer Memorandum and the Abbott Memorandum, plaintiffs must allege that they paid for an Immunex-marketed drug to have standing to pursue claims against Immunex. Except for plaintiffs Teamsters Health & Welfare Fund of Philadelphia and Vicinity ("THWF") and United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund ("UFCW"), no plaintiff alleges payment for an Immunex-marketed drug. Accordingly, all plaintiffs except THWF and UFCW clearly lack standing against Immunex.

For the reasons laid out in the Abbott Memorandum (as to why UFCW lacks standing to sue Abbott), THWF and UFCW also lack standing to sue Immunex. THWF alleges that it "has been billed for and paid charges for Covered Drugs, including . . . Immunex' Novantrone." Compl. ¶ 24. Similarly, UFCW alleges that "has been billed for

---

[1] Immunex assumes, solely for purposes of the motion to dismiss, that the allegations in the Complaint are true, even though the general allegations against "all" defendants are inaccurate in many respects as to Immunex and though plaintiffs are incorrect even as to their allegations as to which drugs Immunex markets and whether Medicare Part B covers Enbrel.

No. 01-CV-12257-PBS - 2
[/SL023050027]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 583-8888
Fax: (206) 583-8500

and paid charges for Covered Drugs, including . . . Immunex' leucovorin calcium." *Id.* ¶ 26. (Immunex was no longer selling leucovorin calcium at the time of the Master Complaint.) The Complaint, however, does not allege that the payments by THWF and UFCW were based on the AWPs of Immunex drugs. As set forth in the Consolidated Memorandum, Medicare co-payments are "based on the lower of the actual charge on the Medicare claim for benefits or 95 percent of the national average wholesale price of the drug." 42 C.F.R. § 405.517 (2001). Therefore, the alleged overpayments by THWF and UFCW are not "traceable" to Immunex, but to the providers that set the charges paid by THWF and UFCW. In sum, none of plaintiffs have standing against Immunex.

## II. PLAINTIFFS FAIL TO PLEAD FRAUD BY IMMUNEX WITH PARTICULARITY

As set forth in the Consolidated Memorandum, the Complaint fails to allege fraud with the particularity required by Rule 9(b). This is especially true as to Immunex – for the same reasons it is true as to Abbott, and laid out in the Abbott Memorandum. Thirty-three of the thirty-five plaintiffs fail to allege that they made a co-payment for any drug manufactured by Immunex, and even THWF and UFCW fail to plead with particularity fraud or fraudulent concealment *by Immunex*. *See* Compl. ¶¶ 24, 26.

As also set forth in the Consolidated Memorandum, the few non-AWP-based allegations about "improper " use of drug samples and physician "inducements" also violate Rule 9(b)'s requirement of particularity. Compl. ¶¶ 162-65. An examination of plaintiffs' "Examples of Specific Unlawful Conduct" reveals not a single "particular" as to Immunex with respect to any improper use of drug samples or any improper "inducements." *Id.* ¶¶ 289-93. Accordingly, the Court should dismiss plaintiffs' claims as to Immunex because of plaintiffs' failure to satisfy Rule 9(b).

No. 01-CV-12257-PBS - 3
[/SL023050027]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 583-8888
Fax: (206) 583-8500

## CONCLUSION

For the foregoing reasons, as well as those stated in the Consolidated Memorandum and the memoranda of other defendants, the Court should dismiss the Master Consolidated Amended Class Action Complaint as to Immunex.

DATED: November 4, 2002.

**GOULSTON & STORRS LLP**

By /s/ Thomas J. Sartory
Thomas J. Sartory
Kenneth A. Sansone

**PERKINS COIE LLP**

By /s/ David J. Burman
David J. Burman
Kathleen M. O'Sullivan
Zoe Philippides

Attorneys for Defendant Immunex Corporation

No. 01-CV-12257-PBS - 4
[/SL023050027.DOC]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 583-8888
Fax: (206) 583-8500