# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) | |
| IN RE: PHARMACEUTICAL INDUSTRY ) | **MDL NO. 1456** |
| AVERAGE WHOLESALE PRICE ) | |
| LITIGATION ) | **CIVIL ACTION: 01-CV-12257-PBS** |
| ) | |
| ) | |
| THIS DOCUMENT RELATES TO ) | **Judge Patti B. Saris** |
| ALL ACTIONS ) | |
| ) | |
| ) | |

## SEPARATE MEMORANDUM OF MERCK & CO., INC.
## IN SUPPORT OF ITS MOTION TO DISMISS

HUGHES HUBBARD & REED LLP
John M. Townsend
Robert P. Reznick
Robert B. Funkhouser
1775 I Street, N.W.
Washington, D.C.  20006
(202) 721-4600

Jeff H. Galloway
One Battery Park Plaza
New York, NY   10004-1482
(212) 837-6000

Rita M. Haeusler
350 South Grand Avenue
Los Angeles, CA  90071-3442
(213) 613-2800

*Attorneys for Defendant Merck & Co., Inc.*



## SEPARATE MEMORANDUM OF MERCK & CO., INC.
## IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Merck & Co., Inc. ("Merck") submits this separate memorandum in support of its motion to dismiss the Master Consolidated Class Action Complaint (the "Master Complaint"). The Consolidated Memorandum In Support Of Defendants' Motion To Dismiss (the "Consolidated Memorandum"), submitted by all defendants and in which Merck joins, explains the many reasons why the Master Complaint fails to allege a cause of action under civil RICO against any defendant. This Separate Memorandum addresses the utter failure of the Master Complaint to state any claim against Merck.

## I.   THE MASTER COMPLAINT MAKES NO ALLEGATION
## OF MISCONDUCT BY MERCK

Merck was not named as a defendant in any of the complaints filed in or transferred to this Court until it was included as a defendant in the Master Complaint filed on September 6, 2002. The reasons for this last-minute addition are certainly not apparent from reading the Master Complaint. Of the three full paragraphs (¶¶ 110-112) and four subparagraphs (¶¶ 350(p), 377(p), 404(l); 431(l)) of the Master Complaint that mention Merck at all, only the paragraphs identifying it as a party (¶¶ 110-112) contain any allegations individual to Merck.

The only reference to an identified product manufactured by Merck (Aggrastat (tirofiban hydrochloride), ¶ 111) states only that Merck makes it and that Medicare Part B covers it. The references to Merck in the subparagraphs relating to the alleged "Provider" and "Publisher" enterprises are rote repetitions, identical but for the name of the defendant, of allegations made as to every defendant; indeed, subparagraph 431(l) incomprehensibly alleges that the so-called "Merck PBM Enterprise" administers purchases of another manufacturer's brand name drugs.

There is not a single mention of Merck in the 42 pages of Section V of the Master Complaint in which Plaintiffs purport to illustrate "specific unlawful conduct." Not a single Plaintiff claims ever to have purchased any Merck product.

Plaintiffs seek to bring Merck before this Court as a defendant in a misconceived and legally deficient attack on the pharmaceutical industry, on the strength of no allegation against Merck other than its status as a pharmaceutical company. Even if there were substance to Plaintiffs' claims as to some other defendant (and the Consolidated Memorandum demonstrates that there is none), these allegations are entirely insufficient to bring Merck into this action.

## II.   THE ALLEGATIONS AGAINST MERCK FAIL TO STATE A CLAIM UNDER CIVIL RICO

As explained in the Consolidated Memorandum, a RICO claim under Section 1962(c) must allege each of the four elements required by the statute as to each defendant: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) (footnote omitted). *Accord North Bridge Assocs., Inc v. Boldt*, 274 F.3d 38, 42 (1st Cir. 2001); *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996). Although inferences may be made in a plaintiff's favor, the Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like," *Doyle*, 103 F.3d at 190 (quoting *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)), as substitutes for factual allegations. *Accord Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 37 (1st Cir. 1991) (affirming dismissal of RICO claims under Fed. R. Civ. P. 12(b)).

The Master Complaint alleges none of these elements with respect to Merck. Indeed, it fails even to allege that any individual plaintiff so much as purchased a Merck Product. For this reason, as explained in the Memorandum of Bayer Corporation in Support of Its Motion to

Dismiss (the reasoning of which Merck adopts), none of the Plaintiffs has standing under RICO, or indeed under the Constitution, to assert any claim against Merck.

Because Plaintiffs have made no allegations specific to Merck to support any of the essential elements of their RICO claim, that claim must be dismissed as to Merck.  *See Feinstein*, 942 F.2d at 41 ("*each* defendant in a RICO conspiracy must have joined knowingly in the scheme and have been involved himself * * * in the commission of at least two predicate acts" (emphasis added)); *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991) ("in cases alleging civil RICO violations, particular care is required to balance the liberality of the Civil Rules with the necessity of preventing abusive or vexatious treatment of defendants"); *Bowdoin Constr. Corp. v. Rhode Island Hosp. Trust Nat'l Bank*, 869 F. Supp. 1004, 1006 (D. Mass. 1994) (same).  This case presents an appropriate opportunity for the Court to follow the admonition of the First Circuit to "strive to flush out frivolous [civil] RICO allegations at an early stage of the litigation."  *Id.* (quoting *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990)).

## III.   THE ALLEGATIONS OF FRAUD LACK AS TO MERCK THE PARTICULARITY REQUIRED BY RULE 9(b)

An allegation of predicate acts of mail and wire fraud under RICO must comply with the requirement of Fed. R. Civ. P. 9(b) that the circumstances alleged to constitute fraud must be stated with particularity.  *Feinstein*, 942 F.2d at 42 (citing *New England Data Servs., Inc. v. Becher*, 829 F.2d 286, 292 (1st Cir. 1987)).  A plaintiff must "state the time, place and content of the alleged mail and wire communications perpetrating that fraud."  *Id.* at 42.  "It is not enough for a plaintiff to file a RICO claim, chant the statutory mantra, and leave the identification of predicate acts to the time of trial."  *Id.*; *see Ahmed v. Rosenblatt*, 118 F.3d 886, 889 (1st Cir. 1997) ("RICO pleadings of mail and wire fraud * * * must state the time, place and content of

the alleged mail and wire communications perpetrating that fraud"). In addition, Rule 9(b) requires that the complaint specify which defendant is accused of performing which act. *Konstantinakos v. FDIC*, 719 F Supp. 35, 39 (D. Mass. 1989) (complaint dismissed, *inter alia,* because RICO count failed to particularize role each defendant played in alleged fraud). *Accord Wayne Inv. v. Gulf Oil Corp.*, 739 F.2d 11, 13-14 (1st Cir. 1984).

This requirement of particularity as to each defendant is not a mere technical rule, but a reflection of judicial policy. *New England Data Servs.*, 829 F.2d at 289. The First Circuit has noted that: "'A charge of racketeering, with its implications of links to organized crime, should not be easier to make than accusations of fraud. RICO should not be construed to give a pleader license to bully and intimidate nor to fire salvos from a loose cannon.'" *Id.* at 290 (quoting *Saine v. A.I.A., Inc.*, 582 F. Supp 1299 (D. Colo. 1984)). *See Miranda*, 948 F.2d at 44 (Because the "very pendency of a RICO suit can be stigmatizing," a civil RICO complaint must "state facts sufficient to portray" specific instances of racketeering and a causal nexus to the harm alleged). To permit a RICO claim to go forward against Merck in the face of the failure of the Master Complaint to specify the grounds for such a claim against Merck would fly in the face of this judicial policy.

The Master Complaint fails to identify the time, place or content of *any* act on the part of Merck, much less to state with particularity the time, place or content of predicate acts of mail or wire fraud within the meaning of RICO. In the absence of any allegation of any specific act of wrongdoing on its part, the Master Complaint cannot state a RICO claim against Merck. That one member of the pharmaceutical industry has been named in criminal proceedings is not an

adequate basis for permitting the remainder to be tarred with RICO claims.[1]  As observed by this

Court in another context, the Master Complaint "has not met even a bare-bones Rule 9(b) test,"

*United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F. Supp. 2d 141, 147 (D. Mass. 2000), and

it should be dismissed as to Merck.

Rule 9(b) also requires that allegations of fraudulent concealment must be made with

particularity.  *See J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d

1245, 1255 (1st Cir. 1996) (plaintiffs' burden under Rule 9(b) to plead with particularity the facts

giving rise to fraudulent concealment).  The Master Complaint's conclusory allegations of

fraudulent concealment (¶¶ 181-182) are not made with any particularity and are therefore

insufficient to avoid the limitations period.  Whatever Plaintiffs' claims may be, they cannot

reach back more than four years before service of the Master Complaint on Merck.

The failure to allege any specific fraudulent conduct by Merck likewise requires

dismissal of Plaintiffs' state law claims, all of which depend upon some showing of

misrepresentation.  *See Wajda v. R.J. Reynolds Tobacco Co.*, 103 F. Supp. 2d 29, 37 (D. Mass.

2000) (applying Rule 9(b) to dismiss claims against tobacco manufacturers for statements about

dangers of cigarettes alleged to violate the Massachusetts Consumer Protection Act, Mass. Gen.

Laws ch. 93A); *Mead Corp. v. Stevens Cabinets, Inc.*, 938 F. Supp. 87, 90 (D. Mass. 1996)

(dismissing counterclaim under Chapter 93A that failed to specify dates of alleged

misrepresentations, where and how they occurred, and their content).

---

[1]  Merck has joined in the separate motion of defendant Schering-Plough to strike references in
the Master Complaint to the prosecution of TAP, for the reasons stated in that motion.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Consolidated Memorandum,

the Master Complaint should be dismissed as to Merck & Co., Inc.

Dated:  November 4, 2002

Respectfully submitted,

HUGHES HUBBARD & REED LLP


By: _John M. Townsend_

John M. Townsend
Robert P. Reznick
Robert B. Funkhouser
1775 I Street, N.W.
Washington, D.C.  20006
(202) 721-4600

Jeff H. Galloway
One Battery Park Plaza
New York, NY   10004-1482
(212) 837-6000

Rita M. Haeusler
350 South Grand Avenue
Los Angeles, CA  90071-3442
(213) 613-2800

*Attorneys for Defendant Merck & Co., Inc.*

DC 516187_1