UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDSUTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Civil Action No. 01-CV-12257-PB: |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |

### MEMORANDUM OF SCHERING-PLOUGH CORPORATION IN SUPPORT OF THE MOTION TO DISMISS

Schering-Plough Corporation ("Schering-Plough") moves to dismiss plaintiffs' Master Consolidated Class Action Complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 9(b). Although four of Schering-Plough's products are identified in the Complaint (Compl. ¶ 123), none of the 35 plaintiffs has alleged that it purchased any of these products – or any other product manufactured or distributed by Schering-Plough. Thus, plaintiffs lack Article III standing. In addition, plaintiffs fail to allege fraud with particularity as required by Rule 9(b). Thus, their RICO claims and their state law claims must be dismissed. For these reasons, as well as those stated in Defendants' Consolidated Memorandum in Support of Defendants' Motion to Dismiss the Master Consolidated Class Action Complaint ("Joint Memorandum"), all of plaintiffs' claims against Schering-Plough must be dismissed.

### ARGUMENT

**I.    Plaintiffs Fail To Allege Fraud With The Particularity Required By Rule 9(b).**

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The purposes of Rule 9(b) are simple and straightforward: "(1) to place the defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim

8948933_1

as a pretext to discovering a wrong or as a 'strike suit'; and (3) to safeguard defendants from frivolous charges which might damage their reputations." New England Data Servs. v. Becher, 829 F.2d 286, 289 (1st Cir. 1987).

The "circumstances" required to be pled with particularity are the "time, place and content of an alleged false representation." Hayduk v. Lanna, 775 F.2d 441, 444 (1st Cir. 1985). Put differently, Rule 9(b) requires that a complaint disclose the "who, what, where, and how" of the alleged fraud. See United States of America ex rel. Franklin v. Parke-Davis, 147 F. Supp. 2d 39, 46 (D. Mass. 2001) (Saris, J.). Moreover in a RICO claim based on mail or wire fraud, Rule 9(b) also requires specificity in the pleading of the predicate mailings or wirings. See Feinstein v. Resolution Trust Corp., 942 F.2d 34, 42 (1st Cir. 1991) (dismissing RICO claims for failure to allege facts supporting conclusory allegation that racketeering activity consisted of mail and wire fraud).

The Complaint wholly fails to satisfy these requirements with respect to Schering-Plough. The Complaint identifies Schering-Plough as a defendant, identifies certain of its products, and alleges that it publishes AWPs, or causes AWPs to be published, for these products. See Compl. ¶¶ 120-23. The Complaint also describes alleged RICO enterprises involving the "Schering-Plough Group." See id. ¶¶ 350(s), 370(s), 404(o), 431(o) Otherwise, the 465 paragraphs and 159 pages of the Complaint say nothing specific about Schering-Plough. The section in the Complaint (pp. 44-86) entitled "Examples of Specific Unlawful Conduct" provides no examples concerning Schering-Plough.[1] Instead, the Complaint improperly seeks to

---

[1] As mentioned above and as explained in detail in the Memorandum of Law in Support of Motion to Strike Paragraphs 155-56 of the Master Complaint and Motion for a More Definite Statement filed concurrently herewith by Warrick and Schering-Plough, plaintiffs improperly have created something called the "Schering-Plough Group" and have made allegations against the "Group" rather than against either Schering or Warrick individually. It is apparent from the face of the Complaint,

include Schering-Plough within generalized allegations of "fraudulent schemes" conducted by pharmaceutical companies. Such pleading, which includes Schering-Plough in an alleged "fraudulent scheme" while lacking particulars concerning the date, time or place of any alleged fraudulent representation or omission by Schering-Plough, does not satisfy Rule 9(b). See Franklin, 147 F. supp. at 49.

Aside from Schering-Plough's status as a large pharmaceutical company, there is nothing in the Complaint to explain why Schering-Plough is named as a defendant. In this respect, the Complaint is inconsistent with the very purposes of Rule 9(b) outlined above. First, the Complaint's lack of particularity deprives Schering-Plough of meaningful notice and an opportunity to defend. Second, because there are no specific allegations made against Schering-Plough, the Complaint subjects Schering-Plough to an exercise in exploration rather than to a valid claim. Finally, the Complaint's lack of substance as to Schering-Plough subjects the company to the very type of unfounded damage to its reputation and business that Rule 9(b) is designed to prevent. Accordingly, the RICO counts of the Complaint should be dismissed as to Schering-Plough with prejudice. See Feinstein, 942 F.2d at 290 ("It is not enough for a plaintiff to file a RICO claim, chant the statutory mantra, and leave the identification of predicate acts to the time of trial."); Curtis v. Duffy, 742 F. Supp. 34, 38 (D. Mass. 1990) ("The requirement of particularity is strictly construed in this circuit. . . . It is not enough to salt the complaint with the words 'falsely' and 'fraudulently.'").

The failure to allege any specific fraudulent conduct by Schering-Plough likewise requires dismissal of plaintiffs' state law claims, all of which depend upon some showing of misrepresentation. Wajda v. R.J. Reynolds Tobacco Co., 103 F. Supp. 2d 29, 37 (D. Mass.

---

however, that the "Examples of Specific Unlawful Conduct" pled against the "Schering-Plough Group" are all related to Warrick Pharmaceuticals and, specifically, the generic drug albuterol sulfate.

2000) (applying Rule 9(b) to dismiss claims under Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A); Mead Corp. v. Stevens Cabinet, Inc., 938 F. Supp. 87, 90 (D. Mass. 1996) (dismissing counterclaim under Chapter 93A that failed to specify dates of alleged misrepresentations, where and how they occurred, and their content).

## II. Plaintiffs Lack Standing To Bring Their Claims Against Schering-Plough.

In addition to failing to plead fraud with particularity against Schering-Plough, plaintiffs' Complaint fails to allege that any of the named plaintiffs or any of their members ever paid for, took, or was prescribed any Schering-Plough product. For the reasons stated in separate memoranda filed by other defendants in support of their motions to dismiss for lack of standing, including the Memorandum of Bayer Corporation In Support of Its Individual Motion to Dismiss and the Memorandum of Law of Pharmacia Corporation and Pharmacia & Upjohn, Inc. in Support of Their Individual Motion to Dismiss, which Schering-Plough adopts by reference for purposes of this motion, plaintiffs lack standing to bring their claims against Schering-Plough. In short, the Complaint alleges that Schering-Plough manufactures certain prescription drugs. See Compl. ¶¶121-23. None of the individual plaintiffs, association plaintiffs or the third party payor plaintiffs allege that they, or any of their members or plan participants, ever paid for, took, or were prescribed a Schering-Plough product. See id. ¶¶ 13-22, 23-26, 28-49. Thus, all plaintiffs lack standing and their claims should be dismissed.

## CONCLUSION

For the foregoing reasons, as well as those stated in the Joint Memorandum in Support of Defendants' Motions to Dismiss, Schering-Plough requests that it be dismissed from the Master Consolidated Amended Class Action Complaint.

Respectfully Submitted,

*/s/ Brien T. O'Connor/*

Brien T. O'Connor (BBO# 546767)
John T. Montgomery (BBO# 352220)
Kirsten V. Mayer (BBO# 641567)
David C. Potter (BBO# 644610)
Ropes & Gray
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated: November 4, 2002

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2002, I caused a true and correct copy of the Memorandum of Schering-Plough Corporation in Support of its Motion to Dismiss to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

*/s/ Kirsten V. Mayer/*

Kirsten V. Mayer