UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re Pharmaceutical Industry Average Wholesale Price Litigation, | No. MDL Docket No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| This Document Relates to All Actions | Judge Patti B. Saris |

**SICOR INC.'S AND GENSIA SICOR PHARMACEUTICALS, INC.'S MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE MASTER CONSOLIDATED CLASS ACTION COMPLAINT**



I.  **INTRODUCTION.**

SICOR INC. and GENSIA SICOR PHARMACEUTICALS, INC. (collectively, "SICOR")[1] are generic pharmaceutical companies named as defendants in the Master Consolidated Class Action Complaint. SICOR joins in, and will not repeat here, the arguments made in the Consolidated Memorandum in Support of Defendants' Motion to Dismiss ("Consolidated Memorandum").

In addition to those arguments, SICOR offers two additional arguments in support of dismissal. First, Counts I and II of the Complaint must be dismissed because they are brought only as to Class I Plaintiffs, but the named representatives of Class I fail to allege any basis for standing to sue SICOR. Second, Plaintiffs' failure to plead RICO violations with the requisite particularity, discussed in the Consolidated Memorandum, applies specifically to the allegations concerning SICOR. Those allegations, discussed below, fail to identify any use of the mail and wire facilities or otherwise plead the necessary specifics for a violation. Indeed, Plaintiffs' general allegations in Counts III, IV and VII regarding SICOR's supposed fraud regarding "brand name drugs" fail even to identify any "brand name" drug sold by SICOR – which is not surprising since SICOR is solely a generics company.

II. **ARGUMENT.**

  A. **Counts I and II of the Complaint Must Be Dismissed Because the Class I Plaintiffs Lack Standing to Sue.**

Plaintiffs group themselves into two plaintiff classes: Class I, consisting of individual patients and non-profit associations (*see* Complaint ¶¶ 333, 337); and Class II, consisting of third-party payor benefit funds. *See* Complaint ¶¶ 334, 338. Counts I and II of the Complaint seek recovery under RICO solely on behalf of Class I Plaintiffs. *See* Complaint ¶¶ 157-65, 333, 360-66, 387-93.

---

[1] Plaintiffs also sue "Gensia, Inc.," but this is merely a previous name of SICOR INC.

In the Complaint, Plaintiffs identify five SICOR products with allegedly inflated AWP prices: leucovorin calcium, etoposide, acyclovir sodium, amikacin sulfate, and tobramycin sulfate. *See* Complaint ¶¶ 26, 319-324. However, the Complaint alleges only that one of SICOR's products (leucovorin calcium) was purchased by one Plaintiff, and that Plaintiff (United Farm and Commercial Workers Unions and Employers Midwest Health Benefits Fund ("UFCW")) is part of Class II, not Class I. *See* Complaint ¶ 26.

Accordingly, no Class I Plaintiff has alleged standing to sue SICOR. As noted more fully in Bayer Corporation's Memorandum in Support of Its Individual Motion to Dismiss, it is well-settled that "if none of the named plaintiffs purporting to represent a class establishes the requisite case or controversy with the defendant, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

Because none of the Class I named Plaintiffs — the individual patients, and the non-profit associations — alleges his or its purchase of a SICOR product, there is no injury "fairly traceable" to SICOR, and consequently, no Article III standing for the Class I claims against SICOR. *See Allen v. Wright*, 468 U.S. 737, 751, 757-58 (1984) (where injury claims of named plaintiffs were not traceable to government conduct, standing was lacking, and injunction vacated).

The allegation that one of the Class II members purchased a SICOR product does not cure this failure of standing, because Counts I and II pertain only to Class I, and each Class must establish standing separately. Courts in this Circuit have previously noted that dismissal of the named plaintiffs of one class is warranted even where the Complaint alleges standing sufficient to maintain a cause of action for a named plaintiff of a *different* class. For example, in *Cunningham v. United States Dept. of Labor*, 670 F.Supp. 1062 (D. Me. 1987), plaintiffs requested certification of two separate sub-classes. The Court noted that named plaintiffs of the second sub-class lacked standing to pursue their claims; therefore those claims were dismissed, despite the fact that the named plaintiff of the first sub-class had

standing to sue and her claims could go forward. *See id.* at 1065, 1067;[2] *see also Jackson v. Sargent*, 394 F.Supp. 162, 173 (D. Mass. 1975) (dismissing discriminatory hiring claims against certain defendants because named plaintiff lacked standing as to them).[3]

### B. Plaintiffs' Examples of SICOR's Alleged RICO Violations Fail to Satisfy the Particularity Requirements of Rule 9(b).

As noted in Defendants' Consolidated Memorandum, Plaintiffs' general allegations of fraudulent conduct fail to satisfy the First Circuit's heightened pleading standard for RICO mail and wire fraud claims. *See* Consolidated Memorandum at 48-54.

As to SICOR, Plaintiffs allege only three instances of allegedly fraudulent conduct: (1) a September 25, 2000 letter from the HCFA administrator regarding SICOR's pricing for etoposide; (2) a September 28, 2000 letter from Representative Stark to Alan F. Holmer referencing a SICOR marketing document; (3) and a report from the Department of Justice describing the difference between AWP and the "prices listed by wholesalers." *See* Complaint at ¶¶ 319-323.

In the first place, none of Plaintiffs' instances of SICOR's supposed fraud alleges the use of mail or wire facilities. RICO mail and wire fraud claims must include allegations of the use of mail or wires. *See Camp v. Pacific Fin. Group*, 956 F.Supp. 1541, 1551 (C.D. Cal. 1997) (dismissing RICO fraud claims where plaintiff failed to allege use of the mail or wires to effectuate the fraud); *B.V. Optische Industrie De Oude Delft v. Hologic, Inc.*, 909 F.Supp. 162, 169 (S.D.N.Y. 1995) (RICO claims were dismissed where "the complaint fails to allege the use of the mails or wires when describing" particular acts of fraud).

Plaintiffs' general allegations about "Defendant Drug Manufacturers'" use of the mail and wire facilities (*see* Complaint ¶¶ 356, 383, 410, 437) are not sufficient. General

---

[2] In *Cunningham,* the Court subsequently denied certification of the first sub-class, since the named plaintiff had failed to show numerosity and only sought injunctive relief. *See Cunningham,* 670 F.Supp. at 1068.

[3] Plaintiffs, including Class II plaintiffs, also lack standing for the reasons discussed in the Consolidated Memorandum at 33-37.

allegations that fail to identify which Defendant engaged in a particular fraud are inadequate as a matter of law. *See* Consolidated Memorandum at 49, 52 & n. 29.

And beyond Plaintiffs' failure to allege use of mail or wires, Plaintiffs' allegations as to SICOR fail to satisfy Rule 9(b) particularity requirements in other ways. No allegation as to SICOR satisfies the rule that "the pleader must state the time, place and content of the alleged mail and wire communications perpetrating [the] fraud." *Ahmed v. Rosenblatt*, 118 F.3d 886, 889 (1st Cir. 1997); *North Bridge Assoc., Inc. v. Boldt*, 274 F.3d 38, 43 (1st Cir. 2001) (dismissing RICO mail fraud claim for failure to plead with particularity). Such failure to plead requires dismissal under Rule 9(b); *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 42-43 (1st Cir. 1991) (plaintiff cannot "chant the statutory mantra" and leave the identification of the predicate acts to the time of trial); *Hernandez v. CIBA-GEIGY Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001) (failure to plead when and where disclosures should have been made supports dismissal of common law fraud claim).

Plaintiffs' failure to plead with particularity as to SICOR is also evident in their failure even to allege what "brand name" product SICOR allegedly sells in violation of RICO, in Counts III, IV and VII. Those counts pertain solely to "brand name drugs." Complaint ¶¶ 172, 402, 404(p), 427, 431(p). But the Complaint does not even identify the "brand name drug" as to which SICOR supposedly committed this offense – which is not surprising since SICOR is solely a generics company.

### III.   CONCLUSION.

For these reasons, and the reasons stated in Defendants' Consolidated Motion, SICOR requests this Court to dismiss this action.

Dated: November 4, 2002.

        Respectfully submitted,

        PILLSBURY WINTHROP LLP
        KIRKE M. HASSON
        REED E. HARVEY

        HILL & BARLOW PC
        BRUCE E. FALBY

By  _____
        Kirke M. Hasson (CA Bar # 61446
        and admitted *pro hac vice*)

PILLSBURY WINTHROP LLP
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

HILL & BARLOW PC
One International Place
Boston, MA 02110
Telephone: (617) 428-3000
Facsimile: (617) 428-3500

Attorneys for Defendants
SICOR INC. and GENSIA SICOR
PHARMACEUTICALS, INC.