FILED
IN CLERKS OFFICE

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE      ) <br> LITIGATION                   ) <br> _____ ) <br> THIS DOCUMENT RELATES         ) <br> TO ALL ACTIONS                ) <br> _____ ) | MDL DOCKET NO. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris |

*12/13/02 allowed, subject to the Court's modification. Paul B. Saris*

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

The parties jointly move the Court to enter the attached proposed Protective Order in these consolidated actions. In support of this motion, the undersigned counsel state as follows:

1. The plaintiffs in these consolidated actions allege that the defendants unlawfully manipulated the average wholesale prices of the pharmaceutical drugs that they manufacture and engaged in other related unlawful conduct.

2. This is a large and complex litigation against virtually the entire pharmaceutical industry consisting of both brand name and generic manufacturers of prescription drugs. Discovery is expected to encompass millions of pages of documents and numerous depositions. By allowing any producing party to designate as "Confidential" or "Highly Confidential" any information that it in good faith believes satisfies the requirements set forth in paragraphs 3 and 4 of the



stipulated proposed protective order, the proposed protective order will facilitate discovery and reduce the burdens on the Court.

   3. The parties seek enhanced confidentiality for only seven narrow categories of documents: (a) current and past (to the extent they reflect on current) methods, procedures, and processes relating to the pricing of pharmaceuticals; (b) current and past (to the extent they reflect on current) marketing plans and methods; (c) current and past (to the extent they reflect on current) business planning and financial information; (d) trade secrets; (e) past or current company personnel or employee information; and (f) other "CONFIDENTIAL" information (as defined in Paragraph 3 of the stipulated proposed protective order) the disclosure of which contains personal financial information or is likely to cause competitive or commercial injury to the producing party.

   4. To achieve such increased protection, the stipulated proposed protective order (i) provides for designation of the seven categories of information set forth above as "Highly Confidential" or "Attorneys Eyes Only"; and (ii) limits disclosure of the "Highly Confidential" information to the specified individuals in paragraph 4 of the stipulated proposed protective order.

   5. Entry of the stipulated proposed protective order will cause no undue burden to the parties in this action. The Court, parties' outside counsel, and in-house counsel who certify that they have no involvement in competitive decision-making will be able to use such information; expert witnesses will be allowed to review and opine about such information; and the information will be able to be used in discovery. Narrowing the number of individuals who can see and review

this information without first providing written notice will reduce the risk that this information will fall into the hands of competitors and be used for purposes outside this litigation.

6.   Much of the information that will be sought during discovery is "Highly Confidential" because it is (i) competitively sensitive commercial information regarding the pricing and marketing practices of defendant pharmaceutical manufacturers; or (ii) proprietary or trade secret information regarding patented pharmaceutical compounds and customer lists.

7.   The production, disclosure, and use of competitively sensitive commercial information and proprietary or trade secret information is essential to the litigation of this case. However, given the highly-competitive nature of the pharmaceutical industry, it is essential that such information be disclosed only with certain restrictions. GTE Prods. Corp. v. Gee, 112 F.R.D. 169, 170-72 (D. Mass. 1986) (limiting disclosure of customer lists); C.A. Muer Corp. v. Big River Fish Co., CA No. 97-5402, CA No. 97-6073, CA No. 97-7154, 1998 U.S. Dist. LEXIS 12639, at *10-11 (E.D. Pa. Aug. 10, 1998) (limiting disclosure of marketing and financial information); Pfeiffer v. K-Mart Corp., 106 F.R.D. 235 (S.D. Fl. 1985) (limiting disclosure of trade secret, proprietary or commercially sensitive information).

8.   Disclosure to a competitor is generally viewed as more harmful than disclosure to a non-competitor. See Rywkin v. New York Blood Ctr., 95 Civ. 10008 (BSJ), 1998 U.S. Dist. LEXIS 13490, at *15 (S.D.N.Y. Aug. 31, 1998). Accordingly, two-tiered protective orders are common in actions where co-defendants are competitors. See, e.g., Chamberlain v. American Tobacco Co., No.

1:96cv2005, 1997 Andrews Tobacco Indus. Litig. Rep. 16606, Aug. 8, 1997 (N.D. Ohio Jun. 24, 1997) (entering two-tiered protective order allowing parties to designate business marketing plans, business plans, and financial documents as "highly confidential"); Arch v. American Tobacco Co, No. 96-5903-CN, 1997 Andrews Tobacco Indus. Litig. Rep. 16469, Apr. 25, 1997 (E.D. Pa. Apr. 4, 1997) (entering new two-tiered protective order allowing parties to designate business, financial and marketing plans as "highly confidential"); In re Domestic Air Transp. Antitrust Litig., 141 F.R.D. 556, 568 (N.D. Ga. 1992) (entering supplemental two-tiered protective order allowing parties to designate documents relating to fares negotiated between airline and third-parties as "highly confidential").

9. The movants are prepared and available to meet with the Court to discuss any of the issues raised in this Motion or in the proposed Protective Order.

## CONCLUSION

For the reasons stated herein, the movants jointly request the Court to enter the attached proposed Protective Order.

DATED: December 13, 2002

PLAINTIFFS' CO-LEAD COUNSEL

By: *Thomas M. Sobol /JS*
Thomas M. Sobol
Edward Notargiacomo
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
Telephone: (617) 720-5000
Fax: (617) 720-5015

ON BEHALF OF ALL DEFENDANTS

By: /s/ Juliet S. Sorensen
Nicholas C. Theodorou (BBO #496730)
Juliet S. Sorensen (BBO # 647255)
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 832-1000
Fax: (617) 832-7000

By: /s/ D. Scott Wise/JS
D. Scott Wise
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Fax: (212) 450-3800