

FILED
IN CLERKS OFFICE

2002 DEC 20  P 3: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

GOULSTON & STORRS
400 Atlantic Avenue
Boston, MA 02110
(617) 482-1776

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101
(206) 583-8888

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL 1456<br><br>Master File No. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENTS RELATES TO:<br>ALL ACTIONS | |

**DEFENDANT IMMUNEX CORPORATION'S REPLY
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

GSDocs-1185931-1



## INTRODUCTION

In its opening brief, Immunex argued that the Court should dismiss plaintiffs' claims against Immunex because plaintiffs: (1) lack standing to sue Immunex and (2) failed to satisfy Rule 9(b)'s requirement to plead fraud by Immunex with particularity. As in the Complaint, plaintiffs' opposition simply lumps together various plaintiffs' allegations against various defendants. For lack of standing and lack of the requisite Rule 9(b) particularity, the Court should dismiss all claims against Immunex.

### I.     The Named Plaintiffs Lack Standing to Sue Immunex

Thirty-three of the thirty-five named plaintiffs did not establish the "injury" necessary for standing, as the Complaint does not allege that they purchased an Immunex drug. The remaining two plaintiffs' claims fail because they do not allege that their payments were based on any reference set by Immunex. "'[A] named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs . . . . Standing cannot be acquired through the back door of a class action.'" *Alves v. Harvard Pilgrim Health Care, Inc.*, 204 F. Supp. 2d 198, 205 (D. Mass. 2002) (Saris, J.) (quoting *Allee v. Medrano*, 416 U.S. 802, 828-29 (1974)). That is exactly what plaintiffs are trying to do here, and the Court should not permit it.

The Court has the authority to analyze standing on a plaintiff-by-plaintiff basis, as plaintiffs acknowledge. Plaintiffs simply argue that the Court "need not" do so, not that the Court *may not* do so. Plaintiffs' Opp. at 49. The Court should do so, if it does not dismiss the case in its entirety, to avoid millions of dollars of unnecessary discovery costs imposed on defendants for the benefit of parties who have not even alleged a cognizable injury.[1]

---

[1] Even if one plaintiff had standing, which is not true here, the "juridical link" doctrine would not confer standing on the other plaintiffs. This doctrine is inapplicable to defendants who are not officials of a single government entity, members of the same corporate family, or in a conspiracy among the defendants. *LaMar v. H&B Novelty & Loan Co.*, 489 F.2d 461, 466, 470 (9th Cir. 1973); *see also Alves*, 204 F. Supp. 2d at 205. A "common commercial practice" is insufficient. *LaMar*, 489 F.2d at 470.

## II.   Plaintiffs' Opposition Fails to Address the Lack of Particularity in the Complaint Specific to Immunex

As to Immunex, the Complaint is bereft of the particulars required under Rule 9(b). In a multi-defendant case, the plaintiff must plead with particularity the role of each defendant. *See Konstantinakos v. Federal Deposit Ins. Corp.*, 719 F. Supp. 35, 38 (D. Mass. 1989). Because of its deficiencies, the Complaint violates all three of Rule 9(b)'s purposes: "(1) to place the defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim as a pretext to discovering a wrong or as a 'strike suit'; and (3) to safeguard defendants from frivolous charges which might damage their reputations." *New England Data Servs., Inc. v. Becher*, 829 F.2d 286, 289 (1st Cir. 1987). Notwithstanding Rule 9's demand for particularity, the totality of the *particularized* allegations leveled against Immunex in the Complaint are:

- ❑ Plaintiffs Teamsters Health & Welfare Fund and United Food and Commercial Workers Union Fund were billed and paid for Immunex drugs Novantrone and Leucovorin Calcium, respectively (¶¶ 24, 26).

- ❑ Immunex has been a subsidiary of Amgen since July 2002, is a Washington corporation, develops products for treatment of cancer and other diseases, had 1999 revenues of $542 million, and manufactures and distributes prescription drugs covered by Medicare Part B, including Leucovorin Calcium, Enbrel, Novantrone, Leukine and Thioplex, for distribution by Medicare Plan B providers (¶¶ 103-105).

- ❑ Immunex was the subject of a September 28, 2000, letter from Rep. Stark, in which he quoted a 1996 Barron's article that quoted a "spokesman" for Immunex who said that Immunex's AWPs "aren't its own." In his letter, Rep. Stark quoted from a letter from a Red Book data analyst to Immunex in which the analyst acknowledges receipt of Immunex's 1996 AWP price changes (¶ 289).

- ❑ A published DHHS report refers to DOJ documentation of seven instances where the published AWPs for drugs manufactured by Immunex were substantially higher than

the actual prices listed by wholesalers. DOJ determined that the 2001 Red Book AWPs for Leucovorin Calcium and Methotrexate Sodium were higher than the "DOJ Determined Actual AWP." A 1997 DHHS report indicates that Medicare paid 21.36% more than the actual AWP for Novantrone. Immunex's "scheme to inflate its AWPs . . . has resulted in excessive overpayments by Plaintiffs and the Class" (¶¶ 290-293).

- Immunex is a member of the "Immunex Provider Enterprise" (¶ 349(n)), the "Immunex Publisher Enterprise" (¶¶ 377(n), 404(n)) and the "Immunex PBM Enterprise" (¶ 431(j)).

It is extraordinary for plaintiffs to suggest that the mere recitation of these disconnected "facts" relating to Immunex, combined with global averments of a massive fraud, come even close to meeting Rule 9(b)'s requirement that they identify "the who, what, when, where, and how of the alleged fraud." *United States ex rel. Franklin v. Parke-Davis*, 147 F. Supp. 2d 39, 46 (D. Mass. 2001) (internal quotation marks and citation omitted).

Plaintiffs' claims against Immunex should be dismissed.

/s/ Thomas J. Sartory

Thomas J. Sartory, BBO No. 442500
Kenneth A. Sansone, BBO No. 647457
**GOULSTON & STORRS**
400 Atlantic Avenue
Boston, MA 02110
(617) 482-1776

David J. Burman, WSBA No. 10611
Kathleen M. O'Sullivan, WSBA No. 27850
Zoe Philippides, WSBA No. 30532
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101
(206) 583-8888

Attorneys for Defendant
IMMUNEX CORPORATION

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party electronically in accordance with Case Management Order No. 2 on December 20, 2002.

_____
Kenneth A. Sansone