UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT BAXTER HEALTHCARE CORPORATION'S
INDIVIDUAL MOTION TO DISMISS



Defendant Baxter Healthcare Corporation ("Baxter") has joined in the Consolidated Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss. Baxter also hereby replies to plaintiffs' Opposition to Baxter's individual request that the Master Consolidated Class Action MCC ("MCC") be dismissed as to Baxter because all but three of the named plaintiffs lack Article III standing, and because the entire MCC fails to comply with Fed. R. Civ. P. 9(b).

## I. MOST OF THE NAMED PLAINTIFFS LACK ARTICLE III STANDING.

As Baxter demonstrated in its individual motion to dismiss, although the MCC lists 16 Baxter therapies that were allegedly involved in the "AWP Scheme," MCC, ¶ 71, *none* of the individual patient plaintiffs or non-profit associations are alleged to have purchased a Baxter therapy. MCC, ¶¶ 13-21, 28-49. Plaintiffs did not rectify this omission in their Opposition.

With respect to the third party payors, *only one*, UFCW, raised allegations with respect to a Baxter drug or therapy. MCC, ¶ 26. In the Opposition, Plaintiffs attach affidavits that purport to resolve this problem for Twin Cities Bakery Workers Health & Welfare Fund and Carpenters and Millwrights of Houston and Vicinity Welfare Trust Fund (but not Teamsters Health & Welfare Fund of Philadelphia and Vicinity). Assuming, arguendo, the propriety of the court's consideration of these affidavits, only these three plaintiffs could have standing, but only with respect to the specific Baxter therapies they have alleged were purchased.[1] All allegations by all other plaintiffs, and with respect to all other Baxter therapies, should be dismissed as to Baxter.

---

[1] For the reasons described in the individual motions to dismiss of defendants B. Braun and Abbott, among others, plaintiffs' claims with respect to multi-source drugs should be dismissed. Medicare's reimbursement for multi-source drugs is not based on the AWP of any individual manufacturer, but rather is based on "the lesser of the median AWP of all of the generic forms of the drug or biological or the lowest brand name product AWP." MCC, ¶ 148; *see* 42 C.F.R. § 405.517(c). All 16 of the Baxter drugs named in the MCC are multi-source products and therefore the entire MCC should be dismissed as to Baxter.

1

The cases cited by plaintiffs applying the "juridical linkage" exception to Article III standing requirements, Opp. at 49-51, are distinguishable. In particular, those cases describe a close nexus between the defendants. In *Alves v. Harvard Pilgrim Health Care, Inc.*, 204 F.Supp.2d 198 (D. Mass. 2002), the defendants were four corporately-connected sponsors of ERISA health care plans and their medical services provider. In *Payton v. County of Kane*, 308 F.3d 673 (7th Cir. 2002), the defendants were all Illinois counties that, pursuant to an Illinois law, charged a bond fee as a condition of arrestees' release on bail. There is no such contractual, corporate, or legal link between Baxter and any of the other defendants in this case. They are not "juridically linked."

## II.    THE ENTIRE MCC IS DEFICIENT UNDER RULE 9(b).

Notwithstanding plaintiffs' assertions to the contrary, the MCC completely fails to allege fraud with the degree of particularity required by Fed. R. Civ. P. 9(b). Neither the MCC nor the Opposition specify the "who, what, when, or where" of any of the allegedly false mail or wire communications made by Baxter that form the alleged predicates for plaintiffs' RICO claims. Such deficiencies are fatal. *See United States ex rel. Franklin v. Parke-Davis*, 147 F.Supp.2d 39, 46 (D. Mass. 2001) ("To pass Rule 9(b) muster, the MCC must plead with particularity the time, place and contents of the false representations as well as the identity of the person making the false representations and what he obtained with them").

In addition, the Opposition, like the MCC, does not distinguish the roles of the defendants in the alleged wrongdoing. Where multiple defendants are concerned, "each defendant's role must be particularized with respect to their alleged involvement in the fraud." *Sebago, Inc. v. Beazer East, Inc.*, 18 F.Supp.2d 70, 79 (D. Mass. 1988) (quoting *Kuney Int'l S.A. v. DiIanni*, 746 F. Supp. 234, 237 (D. Mass. 1990)). Plaintiffs do not clearly address this requirement. Instead, they continue their efforts to lump all defendants together in an "AWP

scheme." Plaintiffs have failed to specify what role Baxter played in the alleged fraud, and their failure to do so requires dismissal.

Finally, but consistent with the tactics used elsewhere in the MCC and Opposition, the plaintiffs have made *no* attempt to particularize their state law allegations. The purpose of Rule 9(b) is to apprise a defendant of the specific charges against which it must defend and to prevent fishing expeditions. Plaintiffs should not be permitted to embark on such a journey, particularly when a contrary ruling could create a case involving hundreds of millions of U.S. citizens, the entire drug industry, and nearly every drug and therapy made or sold in the U.S. For these reasons and those set forth in our prior pleadings, the RICO and state law counts against Baxter should be dismissed.

Respectfully submitted,

*Merle M. DeLancey, Jr. (PEG)*
Merle M. DeLancey, Jr.
J. Andrew Jackson
DICKSTEIN SHAPIRO MORIN &
OSHINSKY LLP
2101 L St. NW
Washington, DC 20037
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

*Peter E. Gelhaar*
Peter E. Gelhaar (BBO #188310)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street
33rd Floor
Boston, MA  02108
Telephone: (617) 720-2880
Facsimile: (617) 720-3554

Counsel for Defendant
BAXTER HEALTHCARE CORPORATION

3

## PROOF OF SERVICE

I, Peter E. Gelhaar, certify that on December 20, 2002, I caused a true and correct copy of the foregoing REPLY MEMORANDUM IN SUPPORT OF DEFENDANT BAXTER HEALTHCARE CORPORATION'S INDIVIDUAL MOTION TO DISMISS to be served on all counsel of record by electronic service in accordance with Case Management Order No. 2.

_____
Peter E. Gelhaar

4