## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENTS RELATES TO ALL ACTIONS | |

## INDIVIDUAL REPLY MEMORANDUM OF BAYER CORPORATION
## IN SUPPORT OF ITS MOTION TO DISMISS



In its initial brief, Bayer demonstrated that none of the thirty-five plaintiffs had alleged they had paid for any drug manufactured or distributed by Bayer. As a result, none of the plaintiffs could allege any injury traceable to the conduct of Bayer – an essential prerequisite to Article III standing. To this argument, plaintiffs offer three responses. *First*, they argue that if *any* plaintiff has standing, the Court need not consider the standing of the other plaintiffs. (Opp. at 49). *Second*, they argue that standing need not be shown with respect to each defendant. (Opp. at 50-51). And, *third*, they submit affidavits attempting (unsuccessfully) to demonstrate the standing of certain plaintiffs. (Opp. at 50). None of these responses establishes standing.[1]

**1. Each Plaintiff Must Establish Its Own Standing.** The first of plaintiffs' arguments is simply wrong. *Asarco, Inc. v. Kadish*, 490 U.S. 605, 615 (1989) ("the doctrine of standing is not some kind of gaming device that can be surmounted merely by aggregating the allegations of different kinds of plaintiffs .... Instead, the basic inquiry, for *each* party seeking to invoke the authority of the federal courts, is whether that party alleges personal injury that is fairly traceable to the challenged conduct and likely to be redressed by the requested relief.") (emphasis in original; citations omitted; plurality opinion). Contrary to plaintiffs' contention, district courts are required to evaluate the standing of each individual plaintiff in multi-plaintiff cases and, in doing so, routinely reject claims as to which individual plaintiffs are found to lack standing. *See, e.g., American Booksellers Found. for Free Expression v. Dean*, 202 F. Supp. 2d 300, 310-15 (D. Vt. 2002) (stating that it is incumbent upon the court to "address whether each Plaintiff has demonstrated standing to bring its claims" and rejecting one of two plaintiff's standing to pursue a particular claim).[2]

---

[1] On a side point, Bayer takes strong exception to Plaintiffs' repeated assertion that Bayer's $14 million settlement with the federal government and forty-seven states somehow establishes the merit of plaintiffs' claims. (Opp. at 6, 16 n.13). As the Court well knows, the decision to settle claims may be driven by considerations unrelated to the merits of those claims. Further, no adverse inference can be drawn where, as here (1) the settled action involved claims not involved here, and (2) the settlement expressly disclaims any admission of liability. *See Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems*, 63 F. Supp. 2d 1064, 1083 (N.D. Cal. 1999).

[2] The authority cited by plaintiffs, *Houlton Citizens Coalition v. Town of Houlton*, 175 F.3d 178 (1st Cir. 1999), is inapposite. That case addressed only standing at the appellate level. Further, it dealt with a facial challenge to the constitutionality of a local ordinance which, even if successful, could not result in the award of any individual relief.

**2. *Plaintiffs Must Establish Standing With Respect to Each Defendant.*** Plaintiffs' invocation of the "juridical linkage" doctrine in an attempt to avoid the obligation to show standing as to each defendant is equally unavailing. That doctrine permits plaintiffs injured at the hands of one defendant to sue other defendants based on the same conduct. But it applies only when there is some contractual, familial, or conspiratorial link among the defendants, or when the conduct challenged is mandated by a uniform state rule applicable to all defendants. *See, e.g., Payton v. County of Kane*, 308 F.3d 673, 679 (7th Cir. 2002) (describing doctrine); *Alves v. Harvard Pilgrim Health Care, Inc.*, 204 F. Supp. 2d 198, 205 (D. Mass. 2002) (applying doctrine to permit claims against affiliates of entity with whom plaintiff directly dealt). No such factors are present here; *Street v. PBS Lending Corp.*, 2002 WL 1797773 *13-15 (W.D. Tenn. 2002) (rejecting application of juridical linkage doctrine).[3]

**3. *Plaintiffs' Affidavits Do Not Cure The Defects of the Complaint.*** Even assuming that plaintiffs are permitted to supplement by affidavit the standing allegations of the complaint, their affidavits fail to establish any meaningful link to Bayer. This is so as to all three types of plaintiffs: (1) individuals, (2) associations, and (3) third-party payors.

*First*, as to the individual plaintiffs, none has submitted an affidavit. It therefore remains the case that none of these individuals has alleged that he or she paid, in whole or part, for any drug manufactured or distributed by Bayer. *See* Bayer Indiv. Mem., p. 3. *Second*, while several of the twenty-two association plaintiffs submitted boilerplate affidavits, none of these affidavits identifies a single specific member that purchased a single specific drug manufactured or sold by a single specific defendant. Thus, none of the associations has established its standing in this case. *See* Bayer Indiv. Mem., p. 4.

---

[3] Contrary to plaintiffs' assertion (Opp. at 51), neither the complaint nor defendants' consolidated memoranda in support of their motion to dismiss contend that defendants acted in conspiracy with one another, or that the conduct about which plaintiffs complain was compelled by statute or regulation.

2

*Third*, while three of the four third-party payors submitted an affidavit, the affidavits do not cure the deficiencies of the Complaint.  One payor, Teamsters Health & Welfare Fund of Philadelphia, submitted no affidavit.  A second payor, United Food & Commercial Workers Unions, makes no allegation in its affidavit that it purchased any Bayer product.  *See* Sobol Aff., Ex. 4.  A third payor, Carpenters and Millwrights of Houston ("Carpenters"), asserts that it paid for drugs manufactured by Bayer, but does not specify which Bayer drugs it purchased.  *See* Sobol Aff. Ex. 5.  Instead, Carpenters attaches a list of literally hundreds of drugs, without identifying any as Bayer drugs.  None of the four Medicare-covered products identified as Bayer products in the Complaint are included on that list.  *See* Sobol Aff., Ex. 5.[4]

Finally, one payor, ("Twin Cities"), specifically identifies a Bayer drug that it purchased.  But that drug, Avelox®, is nowhere mentioned in the Complaint.  Indeed, like Carpenters, Twin Cities does not allege that it purchased any of the Medicare Part B-covered products identified as Bayer products in the Complaint.  Because the Carpenters and Twin Cities allegations create no link between themselves and the Bayer Part B-covered products identified in the Complaint, these payors have no standing to bring claims relating to the so-called "spread" between the Medicare reimbursement amount and a physician's acquisition cost.  At most, these payors have claimed injury from Bayer's alleged manipulation of AWP in marketing self-administered drugs (*i.e.*, pills) to PBMs.  And these allegations, for reasons explained in defendants' consolidated memoranda, fall woefully short of the specificity required by Rule 9(b).

## Conclusion

For the foregoing reasons, as well as those stated elsewhere, Bayer requests that the claims against it in the Master Consolidated Amended Class Action Complaint be dismissed.

---

[4] The Complaint identifies four Bayer products that are administered by a physician and thus covered by Medicare Part B. (Compl., ¶ 74).

Dated: December 20, 2002						Respectfully submitted,

								*Robert P. Sherman / DCP*
								_____
								Robert P. Sherman
David F. Graham						Marisa L. Jaffe
Richard D. Raskin						HUTCHINS, WHEELER & DITTMAR
SIDLEY AUSTIN BROWN & WOOD			101 Federal Street
10 S. Dearborn Street						Boston, Massachusetts 02110
Chicago, Illinois 60603						617-951-6600 (tel.)
312-853-7000 (tel.)						617-951-1295 (facsimile)
312-853-7036 (facsimile)

								Attorneys for Defendant Bayer Corporation

4