UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF SMITHKLINE BEECHAM CORPORATION, D/B/A GLAXOSMITHKLINE

Plaintiffs never dispute that Zofran and Kytril -- both Medicare "Covered Drugs" -- are the only GSK drugs about which there is any remotely specific allegation of fraud in the Master Complaint. That alone dooms their claims against GSK as to any drugs other than Zofran and Kytril. Plaintiffs also concede that none of the individual plaintiffs, nor any member of the association plaintiffs, purchased any GSK drug. Plaintiffs assert, however, that because one plaintiff, Teamsters Health & Welfare Fund ("THWF"), purchased a few specific GSK Medicare drugs, each of the other plaintiffs is not required to demonstrate that they purchased any GSK drug.[1] That is not the law.

The "doctrine of standing is not some kind of gaming device that can be surmounted merely by aggregating the allegations of different kinds of plaintiffs .... Instead, the basic inquiry, for *each* party seeking to invoke the authority of the federal courts is whether

---

[1] One other employee benefit plan plaintiff -- the Carpenters Fund -- attaches an affidavit with a long list of drugs. Of the GSK Medicare drugs identified in the Master Complaint (¶ 99), only Zofran and Ventolin appear on the Carpenters Fund list. Although the Master Complaint contains allegations as to Zofran, neither the Complaint nor the Carpenters Fund affidavit refers to Ventolin other than identifying it as a Medicare-eligible drug. That is clearly not enough to allow claims to proceed with respect to Ventolin.

that party alleges personal injury that is fairly traceable to the challenged conduct and likely to be redressed by the requested relief." *Asarco, Inc. v. Kadish*, 409 U.S. 605, 615 (1989) (emphasis in original) (citations omitted). Contrary to plaintiffs' contention, each individual plaintiff must establish standing in multi-plaintiff cases. *See, e.g., American Booksellers Foundation for Free Express v. Dean*, 202 F. Supp. 2d 300, 310-15 (D. Vt. 2002) (court must "address whether each Plaintiff has demonstrated standing to bring its claims").[2] Thus, the Court should dismiss the claims against GSK advanced by the *individual* and *association* plaintiffs.

Other than THWF and Carpenters Fund, none of the other *benefit plan* plaintiffs can pursue any of their claims either. Only the THWF (in the Master Complaint) and the Carpenters Fund (in its affidavit) have alleged that they purchased any GSK Medicare drug. Some of the other plans allege in affidavits that they paid for GSK drugs that are <u>not</u> Medicare eligible, but there is no reference to these drugs (or to any improprieties relating to these drugs) anywhere in the Master Complaint. Moreover, even if these drugs *were* mentioned in the Master Complaint, they would relate to the Class 2 non-Medicare "PBM" allegations, which are entirely devoid of particulars and must be dismissed for the reasons expressed in the defendants' consolidated memoranda.

---

[2] *Houlton Citizens' Coalition v. Town of Houlton,* 175 F.3d 178 (1st Cir. 1999), on which plaintiffs rely, supports GSK. There, the plaintiffs were equally injured by a facial challenge to the constitutionality of a local ordinance. Here, by contrast, the only plaintiffs that can possibly show injury are THWF and Carpenters Fund.

Thus, the Court should enter an order limiting the claims against GSK to those asserted by two plaintiffs (THWF and the Carpenters Fund), as they relate to alleged overpayments under Medicare Part B (Class 1) for two GSK drugs, Kytril and Zofran.

DATED:  December 20, 2002

Respectfully submitted,

*Geoffrey Hobart* /s/

Geoffrey E. Hobart
Holland & Knight
10 St. James Avenue
Boston, MA 02116
(617) 854-1419

Ethan M. Posner
1201 Pennsylvania Avenue NW
Washington, DC 20004
(202) 662-5317

Frederick G. Herold
Dechert
1717 Arch Street
Philadelphia, PA 19103
(215) 994-2413

*Attorneys for Defendant SmithKline Beecham Corporation, d/b/a GlaxoSmithKline*