# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

## REPLY TO PLAINTIFFS' OPPOSITION TO HOFFMANN-LA ROCHE INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS



Plaintiffs concede that the Master Consolidated Complaint ("Complaint") fails to allege a single specific example of fraudulent conduct by Hoffmann-La Roche Inc. ("Roche"). Without citation, Plaintiffs' Consolidated Opposition to Defendants' Motions to Dismiss ("Opposition") nevertheless urges this Court to maintain this action against Roche based solely on allegations against other Defendants with whom Roche is not even alleged to have conspired. Opposition at 58. Plaintiffs' position is unsupported in the law. Indeed, as this Court has noted, the law precludes "conclusory allegations of fraud from serving as a basis for strike suits and fishing expeditions." *United States ex rel. Franklin v. Parke-Davis*, 147 F.Supp.2d 39, 46 (D. Mass. 2001) (Saris, J.). *See also New England Data Servs., Inc. v. Becher*, 829 F.2d 286, 289 (1st Cir. 1987). For the reasons set forth in Roche's Individual Motion to Dismiss, as well as in the Consolidated Motion to Dismiss, this case should be dismissed as to Roche.

It is "well settled law in this circuit that RICO pleadings of mail and wire fraud must satisfy the particularity requirements of Rule 9(b), and that under 9(b), a pleader must state the time, place and content of the alleged mail and wire communications perpetrating that fraud." *Ahmed v. Rosenblatt*, 118 F.3d 886, 889 (1st Cir 1997); *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 42 (1st Cir. 1991) ("It is not enough for a plaintiff to file a RICO claim, chant the statutory mantra, and leave the identification of the predicate acts to the time of trial").

These requirements are no different in a multi-defendant case; rather, they must be met as to each defendant. As Judge Keeton held in dismissing *Goebel v. Schmid Bros., Inc.*, "when multiple defendants are involved in cases arising in this circuit, Rule 9(b) requires that fraud be alleged particularly *as to each defendant*." 871 F.Supp 68, 73 (D. Mass. 1994) (emphasis added). *Accord Sebago, Inc. v. Beazer East, Inc.*, 18 F.Supp.2d 70, 79 (D. Mass. 1998) ("Where, as here, the complaint involves multiple defendants, then '*each defendants' role must be*

*particularized* with respect to their alleged involvement in the fraud'") (*quoting Kuney Int'l SA v. DiIanni*, 746 F.Supp. 234, 237) (D. Mass. 1990) (emphasis added).

This principle is not unique to the First Circuit. *See, e.g., Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d. Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants'"); *Sandvik AB v. Advent Intern. Corp.*, 83 F.Supp.2d 442 (D. Del. 1999) (plaintiff cannot sue multiple defendants for fraud merely by alleging fraud with particularity as to one defendant). In *Roberto's Fruit Market, Inc. v. Schaffer*, the court held that:

> The impermissible ambiguity [of the fraud allegations in the RICO complaint] is exemplified further by the plaintiffs' insistence upon grouping the defendants into one category, without differentiating between their various roles. . . . [B]y using pleadings that do not differentiate between defendants, plaintiffs neglect that the focus of section 1962(c) is on the individual patterns of racketeering engaged in by a defendant, rather than the collective activities of the members of the enterprise.

13 F.Supp.2d 390, 400 (E.D.N.Y. 1998) (internal citations and ellipsis omitted). This conclusion is even more pronounced where, as here, Defendants are not alleged to be members of any common enterprise or conspiracy.

Plaintiffs attempt to circumvent this clear precedent by misstating Roche's position and erecting a straw man – *i.e.,* that they do not need to cite "every facet of a complex fraud" with a "high degree of precision." Opposition at 30, 34. Roche has never argued that Plaintiffs must allege "every facet;" rather, Roche's position is that Plaintiffs must state their claims of fraud with reasonable particularity. The Complaint does not include a single specific allegation that

(1) any Plaintiff ever purchased a Roche product,[1] (2) Roche ever engaged in any instance of unlawful or tortious conduct, (3) Roche ever performed any specific predicate fraudulent act, or that (4) Roche fraudulently concealed any aspect of its drug pricing or sales activity. The Complaint does not allege that Roche "fraudulently and deceptively report[ed] inflated average wholesale prices" or that Roche reported "false and inflated AWPs." Opposition at 4, 12. The Complaint does not even cite a single AWP allegedly reported by Roche. The Complaint fails, too, to make the minimum allegation required by the RICO statute: that Roche committed two acts of predicate racketeering activity. 18 U.S.C. § 1961(5); *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 237 (1989). Roche is not alleged to have committed even one specific act of racketeering activity, let alone two.

The deficiencies of the Complaint with regard to Roche are highlighted by Plaintiffs' repeated reliance on the plural "Defendants" to give the impression that any specific allegation against one Defendant is applicable to all 38 Defendants. As noted above, Plaintiffs' position is not only unsupported by the law, *see Goebel* and *Sebago*, but is unsupported by their own allegations. Plaintiffs do not allege that Roche conspired with the other defendants. Rather, Plaintiffs allege that Roche participated in RICO enterprises made up of Roche and the providers, Roche and the publishers, and Roche and the PBMs. Thus, the specifics involving certain of the other defendants included in Section V of the Complaint – all of whom are alleged to have engaged in entirely separate RICO enterprises – cannot support a RICO claim against

---

[1] The Opposition concedes that the Complaint does not allege a single purchase by any Plaintiff of any Roche drug at any price. The Ryan affidavit (attached to the Opposition) listing one Plaintiff purchaser of three Roche drugs is insufficient to cure the defect in the Complaint, particularly where the affidavit does not allege that the purchase prices were in any way inflated by any alleged misstating or manipulation of the AWP. *See* Opposition Ex. 4 ¶ 7f.

Roche. Specific allegations of fraud made against certain members of an industry simply cannot form the basis of a RICO action against every member of that industry.

For the reasons set forth in Roche's Individual Motion to Dismiss, as well as in the Consolidated Motion to Dismiss, this case should be dismissed as to Roche.

Respectfully submitted,

Colleen Hennessey
BBO # 559235
Matthew J. Griffin
BBO# 641720
SULLIVAN, SULLIVAN & NAHIGIAN, LLP
100 Franklin Street
Boston, MA 02110
Telephone: (617) 482-5100
Facsimile: (617) 482-2030

Kevin R. Sullivan
KING & SPALDING
1730 Pennsylvania Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

Attorneys for Defendant Hoffmann-La Roche Inc.