UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |

### SEPARATE REPLY MEMORANDUM OF MERCK & CO., INC.
### IN SUPPORT OF ITS MOTION TO DISMISS

HUGHES HUBBARD & REED LLP
John M. Townsend
Robert P. Reznick
Robert B. Funkhouser
1775 I Street, N.W.
Washington, D.C. 20006
(202) 721-4600

Jeff H. Galloway
One Battery Park Plaza
New York, NY   10004-1482
(212) 837-6000

Rita M. Haeusler
350 South Grand Avenue
Los Angeles, CA   90071-3442
(213) 613-2800

*Attorneys for Defendant Merck & Co., Inc.*

DC 518024_1



## SEPARATE REPLY MEMORANDUM OF MERCK & CO., INC. IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Merck & Co., Inc. ("Merck"), joins in the Consolidated Reply Memorandum In Support Of Defendants' Motion To Dismiss and submits this separate reply memorandum in further support of its separate Motion To Dismiss.

Neither plaintiffs' sixty-page memorandum opposing the consolidated Motion To Dismiss ("Opp. Mem.") nor its voluminous attachments identifies a single specific act or omission that would support a RICO claim against Merck. So far as the Master Consolidated Complaint ("Master Complaint") reveals, Merck appears to have been sued solely because it is a pharmaceutical company -- a competitor in an industry in which plaintiffs claim that some companies have engaged in misconduct. This is litigation by association, and especially in the context of claims of fraud, where a plaintiff must make its allegations with particularity, the law does not permit it.

## ARGUMENT

### THE MASTER COMPLAINT SHOULD BE DISMISSED AGAINST MERCK BECAUSE PLAINTIFFS HAVE PLEADED NO SPECIFIC ACTS AND OMISSIONS BY MERCK GIVING RISE TO LIABILITY

Plaintiffs concede (Opp. Mem. at 30) the general requirement that all of their allegations against all defendants must be pleaded with particularity. They do not contend that the Master Complaint meets this test. Rather, they argue (*id.*) that their failure to satisfy the test is excusable because the case falls within an exception to the requirement for the pleading of "facts . . . peculiarly within the defendants' control." *United States ex rel. Franklin v. Parke-Davis*, 147 F. Supp. 2d 39, 47 (D. Mass. 2001)(Saris, J.) (internal citation omitted). But the exception does not apply.

DC 518024_1

It is simply not the case that the relevant facts are uniquely in the hands of the defendants. The vague allegations made against Merck, if true, would be known to literally tens of thousands of doctors and current and former employees of drug wholesalers, group purchasing organizations, HMOs, pharmacists, other providers, and PBMs, and for that matter anyone else who had notice of the voluminous public record about Medicare Part B reimbursement. Moreover, "[t]he requirement that supporting facts be pleaded applies even when the fraud relates to matters peculiarly within the knowledge of the opposing party." *Romani v. Shearson Lehman Hutton*, 929 F. 2d 875, 878 (1st Cir. 1991). *See also* Fed. R. Civ. P. 11(b). As plaintiffs themselves recognize (Opp. Mem. at 30), they are required to plead *facts* on which their belief as to Merck's alleged culpability is founded.[1] They have not done so.

What plaintiffs claim to have done is as follows:

[A]t the beginning of Section V of the Master Complaint, entitled "Examples of Specific Unlawful Conduct," Plaintiffs describe the specific unlawful conduct of each named Defendant in great detail. ¶¶ 183-328. Further, at the end of almost every Defendant-specific section, Plaintiffs provide specific examples of inflated AWPs for prescription drugs **identified by name.** *See, e.g.*, ¶¶ 190 (Abbott); 209 (Aventis); 217 (Baxter); 223 (Bayer); 238 (BMS); 260 (GSK); 291 (Immunex); 306 (Pharmacia); and 323 (Sicor).

Opp. Mem. at 32 (emphasis in original); *see also id.* at 6-7. But neither Merck nor any Merck product is ever mentioned in Section V of the Master Complaint, and no example of an inflated AWP is given for any Merck drug covered by Medicare Part B.[2] These omissions were flagged

---

[1] The Master Complaint states only that Merck is a drug company and that it manufactures drugs, some of which, including one called Aggrastat®, may be covered under Medicare Part B. Master Complaint ¶¶110-112.

[2] The Affidavit of Julie Ryberg, submitted as Sobol Affidavit Exhibit 3, states (at ¶8(m)) that the organization for which she administers benefits made payments for one Merck product, Vioxx, based in whole or part on AWP. But Vioxx is not a "Covered Drug" and cannot support the Class 1 allegations.

in Merck's separate memorandum, but plaintiffs make no rebuttal, or even an assertion that such information exists.[3] Merck's inclusion in the Master Complaint is simply inappropriate.

In response to the Schering-Plough and Warrick motion to strike (at p. 3) and the separate brief of Hoffman-La Roche (Opp. Mem. at 58), plaintiffs argue that a generalized allegation that "defendants" engaged in one activity or another should serve as a particularized allegation as to each. That response misses the point; such vagueness has no place where, as here, the Rule 9(b) and RICO requirements of specificity in pleading apply.[4] Plaintiffs' failure does not lie in their allegations against all "defendants," but in the absence of any allegations specific to Merck. "Rule 9(b) is not satisfied by a complaint in which defendants are clumped together in vague allegations." *In re Blech Sec. Litig.*, 928 F. Supp. 1279, 1294 (S.D.N.Y. 1996) (internal quotation omitted) (securities fraud and RICO case); *cf. Rhone v. Energy North, Inc.*, 790 F. Supp. 353, 361 (D. Mass. 1991) ("If the complaint involves multiple defendants, then each defendant's role must be particularized with respect to their alleged involvement in the fraud.") (internal quotation omitted). Rule 9(b) "does not permit a complainant to file suit first, and subsequently to search for a cause of action." *Hayduk v. Lanna*, 775 F. 2d 441, 443 (1st Cir. 1985) (internal quotation omitted).

---

[3] Merck noted in its separate memorandum (at 1) that one of the cookie-cutter descriptions of the Merck Provider Enterprise at ¶433(*l*) of the Master Complaint mistakenly alleged that Merck was involved in the sale of brand-name drugs made by a different manufacturer. Not even this deficiency has been corrected.

[4] The requirement is also fully applicable to claimed conspiracies. *See, e.g., Doyle v. Hasbro, Inc.*, 103 F.3d 186, 194 (1st Cir. 1996) (holding conclusory allegations of conspiracy insufficient to satisfy the requirements of Rule 9(b)).

## CONCLUSION

For the reasons stated above and in Merck's Separate Memorandum in support of its Motion To Dismiss, the Master Complaint should thus be dismissed as against Merck & Co., Inc.

Dated: December 20, 2002

> Respectfully submitted,
>
> HUGHES HUBBARD & REED LLP
>
> By: *(signature)*
> John M. Townsend
> Robert P. Reznick
> Robert B. Funkhouser
> 1775 I Street, N.W.
> Washington, D.C. 20006
> (202) 721-4600
>
> Jeff H. Galloway
> One Battery Park Plaza
> New York, NY 10004-1482
> (212) 837-6000
>
> Rita M. Haeusler
> 350 South Grand Avenue
> Los Angeles, CA 90071-3442
> (213) 613-2800
>
> *Attorneys for Defendant Merck & Co., Inc.*