UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 <br> CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |

**REPLY MEMORANDUM OF PFIZER, INC.
IN SUPPORT OF ITS INDIVIDUAL MOTION TO DISMISS**

In its initial brief, defendant Pfizer, Inc. ("Pfizer") demonstrated that the Master Consolidated Class Action Complaint (the "Master Complaint") should be dismissed as to Pfizer for failure to satisfy Rule 9(b). Plaintiffs' response does not even address the fact that the Master Complaint alleges virtually nothing specific about Pfizer. Instead, plaintiffs merely restate the law and argue that the Master Complaint satisfies Rule 9(b) with respect to defendants as a group. Plaintiffs simply fail to do anything to show that they have any facts that would support a claim against Pfizer, or to justify their failure to do so.[1]

Plaintiffs acknowledge that they are required to plead the "who, what, when, where and how" of the alleged fraud. *See* Opp. Brief at 30, *citing United States of America ex rel. Franklin v. Parke-Davis*, 147 F. Supp. 2d 39, 46 (D. Mass. 2001) (Saris, J.). Plaintiffs further acknowledge that in a RICO claim based on mail/wire fraud, Rule 9(b) also requires

---

[1] Pfizer also demonstrated in its initial brief that the Master Complaint should be dismissed as to Pfizer because plaintiffs lack standing to bring claims against Pfizer. That defect continues. For the reasons set forth in the Individual Reply Memorandum of Bayer Corporation In Support Of Its Motion To Dismiss, the Master Complaint should be dismissed as to Pfizer.



specificity in the pleading of the predicate mailings or wirings. *See* Opp. Brief at 35, *citing New England Data Services, Inc. v. Becher*, 829 F.2d 286, 290 (1st Cir. 1987). However, they do nothing to show how the Master Complaint satisfies these requirements with respect to Pfizer. Affidavits submitted by plaintiffs subsequent to the Master Complaint, which state that certain plaintiffs made payments with respect to certain Pfizer products based on AWP, fail to set forth any specific facts relating to any alleged false representation or other fraudulent conduct by Pfizer.

In sum, other than the fact that it is a pharmaceutical company, plaintiffs have no basis on which to include Pfizer in this case. Plaintiffs have not alleged a single fact about Pfizer that would support a claim of fraud. If Rule 9(b) has any meaning, Pfizer should be dismissed from this action now.

DATED: December 20, 2002

Respectfully submitted,

*John C. Dodds*
John C. Dodds
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-4942 (telephone)
(215) 963-5001 (facsimile)

and

Scott A. Stempel
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 739-5211 (telephone)
(202) 739-3001 (facsimile)

Attorneys for Defendant Pfizer, Inc.