UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDSUTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Civil Action No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |

### REPLY MEMORANDUM OF SCHERING-PLOUGH CORPORATION IN SUPPORT OF ITS MOTION TO DISMISS



9014766_1

Schering-Plough Corporation ("Schering-Plough") submits this memorandum in reply to Plaintiffs' Consolidated Opposition to Defendants' Motion To Dismiss (the "Opposition").[1] In its initial memo, Schering explained why Plaintiffs lack standing to bring their claims. For the reasons stated in the Individual Reply Memorandum of Bayer Corporation, which Schering adopts by reference for purposes of this memo, Plaintiffs' responses to this argument are unpersuasive. In short, contrary to Plaintiffs' suggestions (i) district courts are required to evaluate the standing of each individual plaintiff in multi-plaintiff cases and (ii) the "juridical linkage" doctrine does not relieve Plaintiffs of their obligation to show standing as to each Defendant. *See* Bayer Reply Memo. 1-2.

In addition, Plaintiffs' attempt to supplement the allegations of the Complaint by affidavit are insufficient to establish any meaningful link to Schering or to Warrick.[2] First, because none of the nine individual plaintiffs submitted an affidavit in connection with the Opposition, it remains the case that none of them has alleged that they paid for any drug manufactured or distributed by Schering or Warrick. Therefore, the individual plaintiffs' claims should be dismissed as against Schering and Warrick.

Similarly, although several submitted boilerplate affidavits in connection with the Opposition, none of the 22 non-profit association plaintiffs has identified a single specific member that purchased a single specific drug manufactured or sold by a single specific defendant. Thus, none of the associations has established their standing in this case.

---

[1] Schering joins and incorporates by reference the Reply Memorandum of Warrick Pharmaceuticals Corporation as it address Plaintiffs' failure to plead fraud with particularity.

[2] Warrick has joined this Reply Memorandum.

With respect to the third-party payor plaintiffs, one payor (the Teamsters Health & Welfare Fund of Philadelphia), which did not identify any Schering or Warrick product for which it allegedly paid in the Complaint, did not submit an affidavit. Another payor (Carpenters and Millwrights of Houston) submitted an affidavit along with a long list of drugs allegedly paid for by the plan, but does not allege that it made any AWP-based payments for drugs manufactured by Schering or Warrick. Thus, the claims of both Teamsters Health & Welfare Fund of Philadelphia and Carpenters and Millwrights of Houston should be dismissed as against both Schering and Warrick.

A third payor (United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund) has alleged, for the first time, in its affidavit that it made AWP-based payments for the drug Proventil manufactured by Schering. Notably, United Food did not make any allegations regarding Proventil or any other Schering or Warrick drug in the district court actions filed around the country or in the Complaint filed in this case. In the affidavit submitted with Plaintiffs' Opposition to the Defendants' Motion To Dismiss, United Food, for the first time makes allegations as to drugs "including but not limited to: Proventil." Thus, while United Food may have standing to pursue claims relating to Proventil against Schering– claims which are defective for the reasons set forth in Defendants' consolidated memoranda – they plainly do not have standing to pursue any other claims against Schering or any claims against Warrick at all.

Likewise, the fourth payor (Twin Cities Bakery Workers Health and Welfare Fund), has alleged by affidavit that it made AWP-based payments for "drugs manufactured by The Schering-Plough Group, including but not limited to Gyne-Lotrimin cream and albuterol." In its original lawsuit filed in Nevada, Twin Cities made

allegations against Warrick – but not Schering – that were limited to albuterol. Similarly, the Complaint in the present action limited Twin Cities' allegations to Warrick and albuterol.[3] In this affidavit, for the first time, Twin Cities has added Gyne-Lotrimin cream – apparently a Schering product and a non-Medicare covered drug. Thus, to the extent Twin Cities has standing, it is limited to claims regarding albuterol against Warrick and claims regarding Gyne-Lotrimin cream against Schering. These claims are, of course, defective for the reasons set forth in defendants' consolidated memoranda.

## CONCLUSION

For the foregoing reasons, the reasons set forth in the Schering-Plough Memorandum, as well as those stated in the Consolidated Reply Memorandum in Support of Defendants' Motion To Dismiss, Schering-Plough renews its request that it be dismissed from the Master Consolidated Amended Class Action Complaint.

Respectfully Submitted,

/s/ David C. Potter

Brien T. O'Connor (BBO # 546767)
John T. Montgomery (BBO # 352220)
Kirsten V. Mayer (BBO # 641567)
David C. Potter (BBO # 644610)
Ropes & Gray
One International Place
Boston, MA 02110-2624
(617) 951-7000

Dated: December 20, 2002

---

[3] These allegations are deficient for the reasons stated in Warrick's Memorandum in Support of the Motion To Dismiss.