UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re Pharmaceutical Industry Average Wholesale Price Litigation, | MDL Docket No. 1456<br>CIVIL ACTION: 01-CV-12257-PBS |
| This Document Relates to All Actions | Judge Patti B. Saris |

**INDIVIDUAL REPLY MEMORANDUM
OF SICOR INC. AND GENSIA SICOR PHARMACEUTICALS, INC.
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE MASTER
CONSOLIDATED CLASS ACTION COMPLAINT**

SICOR noted in its separate opening memorandum that Class I named Plaintiffs fail to allege standing as to SICOR because none alleges that it purchased any SICOR product.

Plaintiffs' first response is to urge the Court to ignore this defect "at this early pleading stage," although standing is a classic issue to be raised on the pleadings. Second, they argue that affidavits submitted with their opposition somehow cure this defect as to "Defendants" but *none* of those affidavits mentions SICOR.[1] Third, plaintiffs argue that all the defendants are "juridically linked." Pls.' Opp'n at 50-51. This argument fails as a matter of law.

A plaintiff must usually establish standing against all defendants in order to maintain a cause of action. *See O'Shea v. Littleton,* 414 U.S. 488, 494 (1974). However, under the juridical link doctrine, "if all defendants took part in a similar scheme that was sustained either by a *contract or conspiracy*, or was *mandated* by a uniform state rule, it is appropriate to join as defendants even parties with whom the *named* class representatives did not have direct contact." *Payton v. County of Kane,* 308 F.3d 673, 679 (7th Cir. 2002) (emphasis added).

Courts refuse to extend standing under the juridical link doctrine to situations where conduct was neither mandated by contract or statute nor arranged through conspiracy or other joint enterprise. For example, in *Angel Music v. ABC Sports, Inc.,* 112 F.R.D. 70, 72 (S.D.N.Y. 1986), the named plaintiff alleged that a defendant class had engaged in the industry-wide practice of failing to obtain a synchronization license for the use of music during broadcast. The named plaintiff then argued that this industry practice was a sufficient juridical link to maintain standing against those defendants with which it had no contact. *See id.* at 73, 75-76. The district court ruled otherwise, noting that the juridical link doctrine only applies where "conduct is standardized by a common link to an agreement, contract or

---

[1] Plaintiffs offer three affidavits from Third Party Payors and twenty declarations of Association Plaintiffs to show injury-in-fact. *See* Sobol Aff., Exhs. 3-26. None of the twenty declarations of the Association Plaintiffs indicate that *any* member of those associations purchased or used a SICOR product. Likewise, none of the Third Party Payors aver that they purchased or made payments for any SICOR product.

enforced system which acts to standardize the factual underpinnings of the claims." *Id.* at 77. The district court further held that this "independent legal relationship" was absent from a defendant class "which is comprised of unrelated television producers, both independent and network, who use the compositions of the plaintiff class members." *Id.*

In this case, Plaintiffs have not established the type of relationship between the defendant drug manufacturers necessary to extend standing through a juridical link. Rather than alleging a conspiracy, Plaintiffs allege a competitive effort to increase market share by inflating AWP. *See* Complaint ¶¶ 350, 277, 404 & 431 (alleging a separate enterprise for each drug manufacturer). Rather than alleging conduct mandated by statute, Plaintiffs allege that the Defendants have acted in ways not permitted by Medicare statutes. *See* Pls.' Opp'n at 16. Plaintiffs' contention is that Defendants are "juridically linked" solely by a common industry practice to have sticker prices. However, such a tenuous link is insufficient to confer standing.

The cases cited by Plaintiffs involve an independent legal relationship which mandated a common practice, and thus extended standing through the juridical link. *See Payton v. County of Kane,* 308 F.3d 673, 675, 680 (7th Cir. 2002) (Illinois statute required defendant counties to impose bail fees);[2] *Fallick v. Nationwide Mutual Ins. Co.,* 162 F.3d 410, 423 (6th Cir. 1998) (claim challenged a *single* insurer's methodology in administering several separate health plans, court noting that "[a] potential class representative must demonstrate individual standing vis-as[sic]-vis the defendant; he cannot acquire such standing merely by virtue of bringing a class action"); *Moore v. Comfed Sav. Bank,* 908 F.2d 834, 836, 839 (11th Cir. 1990) (where claim challenged a *single* bank's loan practices as usurious, defendants who acquired the loans properly joined as part of the same transaction and occurrence); *Alves v. Harvard Pilgrim Healthcare, Inc.,* 204 F.Supp.2d 198, 205

---

[2] Contrast *Mudd v. Busse,* 68 F.R.D. 522, 528 (N.D. Ind. 1975) (no juridical link regarding setting of bail where plaintiffs did not allege that the state statute mandated unconstitutional bail, but simply alleged that the judicial officers had exercised their discretion in an unconstitutional manner).

(D. Mass. 2002) (where co-payment plans were "substantially the same" between parent health plan and "wholly owned affiliates," standing extended against affiliated health plans, even though named plaintiffs lacked direct contact with those affiliates).

Plaintiffs have also failed to satisfy Rule 9(b) as to SICOR, including their failure in response to SICOR's motion to identify its "brand name" drug, which is not surprising since SICOR is a generics company.

For these reasons, and the reasons stated in common memoranda and by the other Defendants, SICOR requests this Court to dismiss this action.

Dated: December 20, 2002.

Respectfully submitted,

PILLSBURY WINTHROP LLP
KIRKE M. HASSON
REED E. HARVEY
ALBERT G. LIN

HILL & BARLOW LLC
BRUCE E. FALBY

By _____
Albert G. Lin (CA Bar # 219442
and admitted *pro hac vice*)

PILLSBURY WINTHROP LLP
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

HILL & BARLOW LLC
One International Place
Boston, MA 02110
Telephone: (617) 428-3000
Facsimile: (617) 428-3500

Attorneys for Defendants
SICOR INC. and GENSIA SICOR
PHARMACEUTICALS, INC.