## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDSUTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) | MDL No. 1456<br><br>Civil Action No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS ) ) | Judge Patti B. Saris |

### REPLY MEMORANDUM OF WARRICK PHARMACEUTICALS CORPORATION IN SUPPORT OF ITS MOTION TO DISMISS

9014627_1

Warrick Pharmaceuticals Corporation ("Warrick") submits this memorandum in reply to Plaintiffs' Consolidated Opposition to Defendants' Motion To Dismiss (the "Consolidated Opposition").[1]

## I. Class 2 Plaintiffs Fail To Allege Any Claim Against Warrick

As explained in the Memorandum of Warrick Pharmaceuticals in Support of Its Motion To Dismiss (the "Warrick Memo"), the claims of Class 2 Plaintiffs – Counts III, IV, V (as to Class 2 Plaintiffs), and VII – are made only with respect to brand name drug products. *See* Compl. ¶333. As further explained in the Warrick Memo, Plaintiffs admit in the Master Consolidated Class Action Complaint (the "Complaint") that Warrick manufactures only generic drugs. *See id.* ¶122. Plaintiffs do not – nor can they – contest these facts in the Consolidated Opposition. Thus, Warrick should be dismissed from Counts III, IV, V (as to Class 2 Plaintiffs), and VII of the Complaint.[2]

## II. Plaintiffs As A Whole Fail To Plead Fraud With Particularity

Similarly, the Consolidated Opposition fails to address how Plaintiffs have pled fraud with particularity as to Warrick. The Warrick Memo explains the complete lack of detail in the Complaint as to Warrick's alleged fraud. *See* Warrick Memo 3-4. The Consolidated Opposition, however, ignores Warrick's arguments and instead attempts to explain how the Complaint meets Rule 9(b)'s requirements as to all Defendants

---

[1] Warrick joins and incorporates by reference the Individual Memorandum of Bayer Corp. and Reply Memorandum of Schering-Plough Corp. as they address Plaintiffs' failure to allege standing.

[2] As explained in detail in the Memorandum of Law in Support of the Motion to Strike and the Motion for a More Definite Statement filed by Warrick and Schering, Plaintiffs improperly have created something called "The Schering-Plough Group" and have made allegations against the "Group" rather than against either Schering or Warrick individually. This does not change the fact that Plaintiffs have pled, correctly, that Warrick manufactures only generic drugs and that Counts III and IV apply to only brand name manufacturers. In fact, as described in detail in Schering's Memorandum in Support of the Motion to Dismiss, the Master Complaint completely fails to make any allegations against Schering individually.

generally. *See* Cons. Opp. 30-35. This failure to explain how the Complaint's allegations as to Warrick comply with Rule 9(b) is fatal to their allegations. As numerous courts have recognized, where there are multiple defendants, Rule 9(b) requires a plaintiff to connect the allegations of fraud to each individual defendant and prohibits a plaintiff from merely grouping all or some defendants together in its fraud claim.[3]

The only allegation made against Warrick in the Complaint is that there was a "spread" between AWP and the price generally charged to "private sector purchasers." Compl. ¶¶312-318. Plaintiffs do not explain how or why this is fraudulent. As explained in the Consolidated Memorandum in Support of Defendants' Motion To Dismiss, the federal government and the media understood and repeatedly described AWP as a "sticker price" that substantially exceeds the price at which drugs are sold. *See* Cons. Mem. 3-14. Plaintiffs do not allege, as they must under 9(b), that Warrick, or any Defendant, ever represented that the AWPs for their drugs were anything other than "sticker prices." *See Suna v. Bailey*, 107 F.3d 64, 68 (1st Cir. 1997) (requiring plaintiff to explain why statements were fraudulent); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) (same). Thus, the Complaint must be dismissed as to Warrick because it fails to allege the necessary detail as to Warrick's alleged fraudulent conduct.

### III. TCBW Fails To Plead Fraud With Particularity

Further, the Consolidated Opposition fails to explain how TCBW has pled fraud with particularity when TCBW has failed to account for the way Medicare calculates

---

[3] *See, e.g., Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986) (failure to connect allegations of fraud to particular defendants insufficient to satisfy Rule 9(b)); *Zic v. Italian Gov't Travel Office*, 149 F. Supp. 2d 473, 477 (N.D. Ill. 2001) ("plaintiff may not 'lump' multiple defendants together in a fraud claim"); *Center Cadillac, Inc. v. Bank Leumi Trust Co. of N.Y.*, 808 F. Supp. 213, 230 (S.D.N.Y. 1992) ("A complaint sounding in fraud may not rely on sweeping references to acts by all or some of the defendants because each named defendant is entitled to be apprised of the facts surrounding the alleged fraud.").

payment for generic drugs.[4] Under 42 C.F.R. § 405.517(c), no single manufacturer's published AWP determines Medicare payment for a generic drug. Instead, Medicare payment is based on the lesser of (i) the provider's charge, (ii) 95% of the median AWP for all generic forms of the drug, or (iii) 95% of the lowest AWP for a brand name form of the drug. Thus, a single manufacturer cannot determine the Medicare reimbursement for a generic drug. The Consolidated Opposition fails to explain how Warrick's allegedly inflated AWP resulted in injury to TCBW or how Warrick could have "marketed the spread" when the Medicare allowable amount for all forms of a generic drug is the same under the governing regulatory framework. For these reasons, TCBW's allegations against Warrick do not satisfy Rule 9(b), and the Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Warrick renews its request that it be dismissed from the Master Consolidated Amended Class Action Complaint.[5]

Respectfully Submitted,

_[signature]_

Brien T. O'Connor (BBO # 546767)
John T. Montgomery (BBO # 352220)
Kirsten V. Mayer (BBO # 641567)
David C. Potter (BBO # 644610)
Ropes & Gray
One International Place
Boston, MA 02110-2624
(617) 951-7000

Dated: December 20, 2002

---

[4] Warrick joins and incorporates by reference Part I of Reply Memorandum of Abbott Laboratories with respect to this point.

[5] In the alternative, if the Complaint is not dismissed as to Warrick, the Court should grant Warrick's and Schering's Motion for a More Definite Statement, which is currently pending.