# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

MDL No. 1456

CIVIL ACTION:  01-CV-12257-PBS

FILED / D

Judge Patti B. Saris OFFICE

THIS DOCUMENT RELATES TO:

*State of Montana v. Abbott Labs., Inc., et al.,*
D. Mont. Cause No. CV-02-09-H-DWM

## PLAINTIFF STATE OF MONTANA'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND AND WAIVER OF ORAL ARGUMENT



# TABLE OF CONTENTS

**PAGE**

I.      INTRODUCTION ...................................................................................................1

II.     argument .............................................................................................................2

     A.     Montana Is Permitted To Amend Its Complaint......................................................2

     B.     Montana's Best Price Claims Do Not Arise Under Federal Law ...........................3

           1.     There is No Rule that a Case Automatically Arises under Federal Law Whenever Federal Common Law Applies.............................4

           2.     Defendants Cannot Effectively Distinguish Montana's Case Cites ...........................................................................................................9

           3.     Defendants' Breach of Contract and Other Cases Are Inapposite.............10

     C.     The Court Should Not Exercise Supplemental Jurisdiction Over Plaintiff's Remaining Claims...................................................................................................13

           1.     § 1441(c) Does Not Apply ........................................................................13

           2.     § 1367(a)(1) Commends Remand ..............................................................14

           3.     § 1367(a)(2) Commends Remand ..............................................................15

           4.     § 1367(a)(3) Commends Remand ..............................................................15

           5.     § 1367(a)(4) Commends Remand ..............................................................15

III.    CONCLUSION AND WAIVER OF ORAL ARGUMENT ...........................................17

1534.15 0015 MTN.DOC

## TABLE OF AUTHORITIES

### CASES

*Almond v. Capital Prop., Inc.,*
212 F.3d 20 (1st Cir. 2000) ........................................................................................ *passim*

*American Fire & Cas. Co. v. Finn,*
341 U.S. 6 (1951) .......................................................................................................13

*Baker v. Coxe,*
52 F. Supp. 2d 244 (D. Mass. 1999), *aff'd*, 230 F.3d 470 (1st Cir. 2000) .......................1, 2

*Berg v. Leason,*
32 F.3d 422 (9th Cir. 1994) ........................................................................................ *passim*

*Bowdoin Constr. Corp. v. Rhode Island Hosp. Trust Nat'l Bank, N.A.,*
869 F. Supp. 1004 (D. Mass. 1994), *aff'd sub nom*, 94 F.3d. 721 (1st Cir. 1996)............1, 3

*Boyle v. United Techs. Corp.,*
487 U.S. 500 (1988) ....................................................................................................13

*Brawn v. Coleman,*
167 F. Supp. 2d 145 (D. Mass. 2001) ..................................................................7, 11, 14

*Cabana v. Forcier,*
148 F. Supp. 2d 110 (D. Mass. 2001) ....................................................................7, 8, 10

*Carnegie-Mellon Univ. v. Cohill,*
484 U.S. 343 (1988) ...............................................................................................1, 2, 3

*Caudill v. Blue Cross & Blue Shield,*
999 F.2d 74 (4th Cir. 1993) .................................................................................10, 11

*Charles D. Bonanno Linen Serv., Inc. v. McCarthy,*
708 F.2d 1 (1st Cir. 1983) ...........................................................................................14

*Ching v. Mitre Corp.,*
921 F.2d 11 (1st Cir. 1990) ...........................................................................................3

*City of Chicago v. International Coll. of Surgeons,*
522 U.S. 156 (1997) .......................................................................................................5

*Computer Sys. Of Am. v. Data Gen. Corp.,*
1986 U.S. Dist. Lexis 23619 (D. Mass. June 26, 1986) .....................................................12

*Cronin v. Town of Amesbury,*
895 F. Supp. 375 (D. Mass. 1995), *aff'd*, 81 F.3d 257 (1st Cir. 1996) ............................1, 2

*Danca v. Private Health Care Sys., Inc.,,*
185 F.3d 1 (1st Cir. 1999) ..............................................................................................7

*Dezell v. Day Island Yacht Club,*
    796 F.2d 324 (9th Cir. 1986) ...................................................................16

*Goepel v. National Postal Mail Handlers Union,*
    36 F.3d 306 (4th Cir. 1994), *cert. denied,* 514 U.S. 1063 (1995)......................................11

*Greenberg v. Bear, Stearns & Co.,*
    220 F.3d 22 (2d Cir. 2000), *cert. denied,* 531 U.S. 1075 (2001).........................................12

*Howard v. Group Hosp. Serv.,*
    739 F.2d 1508 (10th Cir. 1984) ...................................................................11

*Hunter v. United Van Lines,*
    746 F.2d 635 (9th Cir. 1984) ............................................................... *passim*

*International Ass'n of Machinists v. Central Airlines, Inc.,*
    372 U.S. 682 (1963)................................................................11, 12

*Kimsey v. Snap-On Tools Corp.,*
    752 F. Supp. 693 (W.D.N.C. 1990) .....................................................1, 2

*Koelsch v. Town of Amesbury,*
    851 F. Supp. 497 (D. Mass. 1994) .....................................................1, 3

*Marzuki v. AT&T Technologies, Inc.,*
    878 F.2d 203 (7th Cir. 1989) ..........................................................2

*Merrell Dow Pharm., Inc. v. Thompson,*
    478 U.S. 804 (1986)................................................................ *passim*

*Mooney v. Blue Cross of W. Pa.,*
    678 F. Supp. 565 (W.D. Pa. 1988)......................................................11

*Moore v. Chesapeake & O. R. Co.,*
    291 U.S. 205 (1934).....................................................................5

*National Farmers Union Ins. Cos. v. Crow Tribe of Indians,*
    471 U.S. 845 (1985)....................................................................12

*New England Concrete Pipe v. D/C Sys.,*
    658 F.2d 867 (1st Cir. 1981)...........................................................14

*New SD, Inc. v. Rockwell Int'l Corp.,*
    79 F.3d 953 (9th Cir. 1996) ...........................................................10

*Newton v. Capital Assurance Co.,*
    245 F.3d 1306 (11th Cir. 2001) ........................................................10

*PCS 2000 LP v. Romulus TeleComm., Inc.,*
    148 F.3d 32 (1st Cir. 1998)..........................................................6, 7, 8

- iii -

*Postal Instant Press v. Clark,*
    741 F.2d 256 (9th Cir. 1984) ...........................................................................7, 8

*Smith v. Kansas City Title & Trust Co.,*
    255 U.S. 180 (1921)..............................................................................................5

*State ex rel. Pierotti v. 777 N. White Station Rd.,*
    937 F. Supp. 1296 (W.D. Tenn. 1996)................................................................2

*State St. Bank & Trust Co. v. Signature Fin. Group,*
    927 F. Supp. 502 (D. Mass. 1996), *rev'd on other grounds*.............................1, 2

*T. B. Harms Co. v. Eliscu,*
    339 F.2d 823 (2d Cir. 1964), *cert. denied,* 381 U.S. 915 (1965)......................7, 8

*Therrien v. Hamilton,*
    881 F. Supp. 76 (D. Mass. 1995) ......................................................................12

*United States v. Swiss Am. Bank, Ltd.,*
    191 F.3d 30 (1st Cir. 1999)................................................................................13

*Williams-Ward v. Lorenzo Pitts, Inc.,*
    908 F. Supp. 48 (D. Mass. 1995) .....................................................................3, 8

## STATUTES/RULES

28 U.S.C. § 1331.............................................................................................................10

28 U.S.C. § 1367, *et seq.*........................................................................................ *passim*

28 U.S.C. § 1441, *et seq.*........................................................................................ *passim*

42 U.S.C. § 1396r-8 ..........................................................................................................8

49 U.S.C. § 5101................................................................................................................7

Fed. R. Civ. P. 15.........................................................................................................1, 2

Fed. R. Civ. P. 4(k)(2)....................................................................................................13

Mont. Code Ann. § 17-8-231............................................................................................4

Mont. Code Ann. § 30-14-205.....................................................................................3, 15

Mont. Code Ann. § 37.86.1101(1)...................................................................................15

Mont. Code Ann. § 37.86.1105(1)...................................................................................15

Mont. Code Ann. § 53-6-160 ............................................................................................3

Mont. Code Ann. § 53-6-143(4) .......................................................................................3

1534.15 0015 MTN.DOC

N.J. Stat. Ann. § 17B:30-13.1 ......................................................................................................11

Mont. Code Ann. § 30-14-101, *et seq.* ......................................................................................3, 15

## MISCELLANEOUS

Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3724 at 60-61 (1998).......................17

14C CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER,
    FEDERAL PRACTICE AND PROCEDURE § 3724 at 60-61 (1998)...........................................14

1534.15 0015 MTN.DOC

## I.   INTRODUCTION

Defendants have not satisfied their burden of demonstrating that removal is proper, and a long overdue remand is in order.

Contrary to defendants' claim, Montana was permitted to amend its complaint to remove the breach of contract claim.  Fed. R. Civ. P. 15 provided Montana with the absolute right to amend its complaint prior to receipt of a responsive pleading by defendants.  Further, plaintiff, as the master of his or her complaint, can eliminate purportedly federal claims to achieve remand.  *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Kimsey v. Snap-On Tools Corp.*, 752 F. Supp. 693, 695 (W.D.N.C. 1990).  In such circumstances, remand is within the Court's discretion, as this Court has frequently recognized when purportedly federal issues have been eliminated from the case.  *See Baker v. Coxe*, 52 F. Supp. 2d 244, 253 (D. Mass. 1999), *aff'd*, 230 F.3d 470 (1st Cir. 2000); *State St. Bank & Trust Co. v. Signature Fin. Group*, 927 F. Supp. 502, 516 (D. Mass. 1996), *rev'd on other grounds*, 149 F.3d 1368 (Fed. Cir. 1998); *Cronin v. Town of Amesbury*, 895 F. Supp. 375, 392 (D. Mass. 1995), *aff'd*, 81 F.3d 257 (1st Cir. 1996); *Bowdoin Constr. Corp. v. Rhode Island Hosp. Trust Nat'l Bank, N.A.*, 869 F. Supp. 1004, 1011-12 (D. Mass. 1994), *aff'd sub nom.*, 94 F.3d 721 (1st Cir. 1996); *Koelsch v. Town of Amesbury*, 851 F. Supp. 497, 502 (D. Mass. 1994).  Because this litigation is still nascent, and no federal issues remain, the Court should exercise its discretion to remand.

Montana's remaining claims do not arise under federal law because a substantial, disputed question of federal law is not a necessary element of one of the well-pleaded state claims as is required to find "arising under" jurisdiction.  *See, e.g., Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *Almond v. Capital Prop., Inc.*, 212 F.3d 20, 22 (1st Cir. 2000).  Importantly, the mere presence of a federal issue as an element in a state cause of action does not automatically confer federal jurisdiction, and threshold determinations of duty – such as whether a federal standard is violated – do not convert state claims in ones arising under federal law.  *Merrell Dow*, 478 U.S. at 813; *Almond*, 212 F.3d at 24; *Berg v. Leason*, 32 F.3d 422, 425

- 1 -

(9th Cir. 1994); *Hunter v. United Van Lines*, 746 F.2d 635, 646 (9th Cir. 1984). Judged against these standards, Montana's claims do not arise under federal law. Although defendants' duty to report "best prices" originates under federal law, this threshold determination of duty does not turn Montana's state claims into federal ones because, like the plaintiffs' claims in *Hunter* and *Berg*, the other elements of each of Montana's causes of action are determined by reference to **state** law. For this reason, a "substantial proposition" of federal law does ***not*** form a "direct and essential element of plaintiff's cause of action," *see Hunter*, 746 F.2d at 644, and Montana's claims do not arise under federal law.

Should the Court find jurisdiction over Montana's "best price" claims – and it should not – the Court should nonetheless exercise its discretion under 28 U.S.C. §§ 1441(c) and 1367 to remand the AWP claims that invoke important state interests to be enforced under state law.

## II.   ARGUMENT

### A.   Montana Is Permitted To Amend Its Complaint

Defendants infer that the Court does not have discretion to remand this case, Defs. Mem. at 7, but it clearly does. Defendants fail to recognize that Fed. R. Civ. P. 15 provided Montana with the absolute right to amend its complaint prior to receipt of a responsive pleading by defendants. Further, defendants fail to address plaintiff's cases demonstrating that a plaintiff, as the master of his or her complaint, can eliminate purportedly federal claims to achieve remand. *See Carnegie-Mellon U. v. Cohill*, 484 U.S. 343, 357 (1988); *Kimsey v. Snap-On Tools Corp.*, 752 F. Supp. 693, 695 (W.D.N.C. 1990); *State ex rel. Pierotti v. 777 N. White Station Rd.*, 937 F. Supp. 1296, 1308 (W.D. Tenn. 1996); *see also Marzuki v. AT&T Technologies, Inc.*, 878 F.2d 203, 206 n.3 (7th Cir. 1989). Indeed, defendants cannot avoid decisions from this very Court remanding state law claims after the federal claims have been dismissed. *See Baker v. Coxe*, 52 F. Supp. 2d 244, 253 (D. Mass. 1999), *aff'd*, 230 F.3d 470 (1st Cir. 2000); *State St. Bank & Trust Co. v. Signature Fin. Group*, 927 F. Supp. 502, 516 (D. Mass. 1996), *rev'd on other grounds*, 149 F.3d 1368 (Fed. Cir. 1998); *Cronin v. Town of Amesbury*, 895 F. Supp. 375, 392 (D. Mass.

- 2 -

1995); *Bowdoin Constr. Corp. v. Rhode Island Hosp. Trust Nat'l Bank, N.A.*, 869 F. Supp. 1004, 1011-12 (D. Mass. 1994), *aff'd sub nom.*, 94 F.3d 721 (1st Cir. 1996); *Koelsch v. Town of Amesbury*, 851 F. Supp. 497, 502 (D. Mass. 1994).

Not one of the cases cited by defendants at page seven of their brief holds that the Court lacks the discretion to remand. In fact, the First Circuit in *Ching v. Mitre Corp.*, 921 F.2d 11 (1st Cir. 1990), one of the cases cited by defendants, recognized that courts possess the discretion to remand even when a plaintiff attempts to alter the complaint to remove a purportedly federal claim. *Id.* at 13 ("It was discretionary with the district court whether to remand the state claims."). This Court in *Williams-Ward v. Lorenzo Pitts, Inc.*, 908 F. Supp. 48 (D. Mass. 1995), also recognized that whether to remand after a plaintiff has changed course was a matter of the Court's discretion. *Id.* at 52 ("[A]ssuming all federal claims have been eliminated, it is within this court's discretion whether or not to remand the remaining state claims.") (citing *Ching*, 921 F.2d at 13). To be sure, the Court denied the plaintiff's attempt at remand. But the procedural history of *Williams-Ward* was very different than the minimal history at issue here. Namely, the *Williams-Ward* plaintiff waited two years to file a motion to vacate the notice of removal, during which "considerable time and resources ha[d] been devoted to its management." *Id.* at 52. "Accordingly," the Court found, "it is in the interest of 'judicial economy, convenience, fairness and comity' for this court to retain jurisdiction over the remaining claims." *Id.* (quoting *Carnegie-Mellon*, 484 U.S. at 350). No such considerations should apply here, where no substantive events have occurred.

**B.      Montana's Best Price Claims Do Not Arise Under Federal Law**

Contrary to defendants' claim, Montana's "best price" claims all arise under Montana and not federal law, as Montana alleges that defendants violated the Unfair Trade Practices and Consumer Protection Act (Mont. Code Ann. § 30-14-101, *et seq.*), committed unlawful restraints of trade in violation Mont. Code Ann. § 30-14-205, engaged in Medicaid fraud prohibited by Mont. Code Ann. §§ 53-6-160 and 53-6-143(4), and violated Montana's false claims statute,

Circuit noted that the Supreme Court had rarely applied the concept in practice and "left the very

scope of the concept unclear[:] Perhaps the best one can say is that this basis endures in

principle but *should be applied with caution* and various qualifications." *Id.* (footnote omitted)

(emphasis added). The court further explained the difficulty of applying the concept in the

context of the case before it:

> What remains is the almost unanswerable question of whether the
> Supreme Court would regard the federal issue in this case as
> sufficiently important to confer "arising under" jurisdiction on the
> district court under section 1331 where the claim (we are assuming
> arguendo) is for a state remedy. Two of the Supreme Court
> decisions (*Smith* and *City of Chicago*[2]) have said yes where
> important constitutional issues were presented; two have said no
> where a state tort claim merely incorporated a federal fault
> standard (*Merrell Dow* and *Moore*[3]). Our case arguably falls in
> the middle: the federal interest is less than in *Smith* (*City of
> Chicago* is hard to classify) but surely more than in *Merrell* and
> *Moore.*

*Id.* What ultimately tipped the scales in favor of federal jurisdiction was that, under the contract

at issue, specific rate increases were required to be presented to a federal agency – the Federal

Railroad Administration – for review and approval. *Id.* & n.3. This, the plaintiffs alleged, the

defendant failed to do in breach of the agreement.

Thus, *Almond* eviscerates the "automatic" rule that defendants advocate. Applying

*Almond* here, the First Circuit is likely to find that this case is more akin to *Merrell Dow*, where

federal jurisdiction was lacking, than *Smith* and *City of Chicago*. *See Almond*, 212 F.3d at 24. In

*Merrell Dow*, the plaintiff alleged that the drug Benedictin was "misbranded" in violation of the

Federal Food, Drug and Cosmetic Act ("FDCA") and that this violation constituted a rebuttable

presumption of negligence under state law. 478 U.S. at 805-06. As defendants do here,

defendant Merrell Dow asserted that this claim arose under federal law. *Id.* at 806. The

Supreme Court observed that the mere presence of a federal issue as an element in a state cause

---

[2] These are shorthand cites to *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921), and *City of Chicago v. International Coll. of Surgeons*, 522 U.S. 156 (1997).

[3] *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986); *Moore v. Chesapeake & O. R. Co.*, 291 U.S. 205 (1934).

question jurisdiction depend on the district court's case-by-case appraisal of the novelty of the federal question asserted as an element of the state tort." *Id.* at 817.

*Berg v. Leason*, 32 F.3d 422 (9th Cir. 1994), and *Hunter v. United Van Lines*, 746 F.2d 635 (9th Cir. 1984), cited by Montana in its opening brief, also provide that the Court must analyze whether a "substantial proposition" of federal law forms a "direct and essential element of the plaintiff's cause of action" before finding that a claim arises under federal law. *Hunter*, 746 F.2d at 644. As the Ninth Circuit held in *Berg* and *Hunter*, threshold determinations of duty do not convert state claims into federal claims when the elements of the causes of action are determined by reference to state law. *See* Montana's Opening Mem. at 7-9; *see also Postal Instant Press v. Clark*, 741 F.2d 256 (9th Cir. 1984) (denying "arising under" jurisdiction in trademark case even though the trademark rights were in the first instance were created by federal law); *T. B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964) (federal "arising under" jurisdiction denied even though copyright was created by federal law), *cert. denied*, 381 U.S. 915 (1965). Judge Gorton agrees, having recently held that incorporation of the Hazardous Materials Transportation Uniform Safety Act of 1990 (49 U.S.C. § 5101) into a state negligence action to establish the standard of care is insufficient to confer federal question jurisdiction. *Cabana v. Forcier*, 148 F. Supp. 2d 110, 114 (D. Mass. 2001); *see also id.* at 113 ("Pleading [a] violation of a federal statute as an element of a state law cause of action is insufficient to confer federal question jurisdiction, however, when that statute does not provide for a private cause of action.").

Lastly, the heavy burden that defendants face in defending removal vitiates an automatic rule, as the Court must strictly construe the removal statute against finding jurisdiction and resolve all doubts in favor of remand. *Danca v. Private Health Care Sys., Inc.,*, 185 F.3d 1, 4 (1st Cir. 1999); *Brawn v. Coleman*, 167 F. Supp. 2d 145, 148 (D. Mass. 2001).

The lessons of *Merrell Dow, Almond, Berg, Hunter, PCS 2000 LP, Cabana, Danca* and *Brawn* are clear: (i) removal jurisdiction is strictly construed and all doubts are resolved against federal jurisdiction and in favor of remand (*Danca, Brawn*); (ii) general "arising under"

- 7 -

jurisdiction should be applied with caution (*Almond*); (iii) to find jurisdiction, a substantial, disputed question of federal law must be a necessary element of one of the well-pleaded state claims (*Merrell Dow, Almond, Berg, Hunter*); (iv) yet the mere presence of a federal issue as an element in a state cause of action does not automatically confer federal jurisdiction, and threshold determinations of duty – such as whether a federal standard is violated – do not convert state claims in ones arising under federal law (*Merrell Dow, Almond, Berg, Hunter*); (v) the absence of right of action in the federal statute invoked as an element of the state law violation leads to a presumption that Congress did not intend the statute to confer federal jurisdiction (*Merrell Dow, PCS 2000 LP, Cabana*); and (vi) concerns about the uniform application of federal law or resolution of novel issues under federal law do not necessarily suffice (*Merrell Dow*).

Thus, there is simply no "automatic" rule. Judged against the proper standards, Montana's claims do not arise under federal law. Although defendants' duty to report "best prices" originates under federal law, this threshold determination of duty does not turn Montana's state claims into federal ones because, like the plaintiffs' claims in *Hunter, Berg, Clark, Eliscu* and *Cabana*, the other elements of each of Montana's causes of action are determined by reference to **state** law. For this reason, a "substantial proposition" of federal law does **not** form a "direct and essential element of the plaintiff's cause of action," *see Hunter*, 746 F.2d at 644, and Montana's claims do not arise under federal law. [5] As the Magistrate concluded in *State of Minnesota v. Pharmacia*, "[t]he fact that Plaintiff will need to prove that Defendant submitted misleading reports, does not mean that there is a federal question presented in this case." Report at 10. [6]

---

[5] Furthermore, the rebate statute upon which defendants so heavily rely – 42 U.S.C. § 1396r-8 – does not contain a right of action in favor of the states (the penalties provided therein are assessed by the Secretary of HHS). This is further evidence that, pursuant to *Merrell Dow* and *PCS 2000 LP*, Congress did not intend the statute to confer federal jurisdiction.

[6] Montana recognizes that this Court found federal jurisdiction over a claim involving a federal contract in *Williams-Ward v. Lorenzo Pitts, Inc.*, 908 F. Supp. 48 (D. Mass. 1995). Nonetheless, the Court should still engage in the analysis set forth herein and ultimately conclude that Montana's claims do not arise under federal law.

- 8 -

Defendants simply do not meet their heavy burden of demonstrating that Montana's claims raise a substantial, disputed question of federal law. Defendants merely argue that Montana's "best price" claims depend on a threshold showing that they failed to submit "best prices" to DHHS. Defs. Mem. at 10. This is true, but this argument is no different than the failed "federal threshold" or "federal standard" cases cited above where jurisdiction simply does not lie.

To be sure, some suits involving the Medicaid program would involve "substantial, disputed question[s] of federal law," *Merrell Dow*, 478 U.S. at 813, and therefore "arise under" federal law for jurisdictional purposes. Such cases would include attacks on the validity of the Medicaid program, and disputes between the state and federal governments over allocation of Medicaid monies. But Montana's case is far down the jurisdictional continuum from these hypotheticals. Enforcing *state* law, as Montana seeks to do here, does not create the "substantial" question of federal law required to satisfy the jurisdictional threshold.

## 2. Defendants Cannot Effectively Distinguish Montana's Case Cites

Defendants misfire in their attempt to minimize the impact of *Berg* and *Hunter*. Defs. Mem. at 13, n.7. As defendants ignore, in *Hunter* the viability of the plaintiffs' bad faith claim *depended on a contract claim that was governed by federal law*. *Hunter*, 746 F.2d at 645. The role that federal law played in these two decisions – a *threshold* role – is nearly identical to the role that federal law plays here. In *Hunter*, the threshold issue was whether a colorable breach of contract claim existed under a contract created by federal law. 746 F.2d at 646. In *Berg*, the threshold issue was whether, under federal law, the prior action had any merit under federal law. 32 F.3d at 424. Nonetheless, both courts held that when federal law plays a threshold role, the state-law claim is not automatically transformed into one arising under federal law; something more is needed. As the *Hunter* court noted with particular importance to the instant case:

> The gist of plaintiffs' bad faith claim is that defendants engaged in conduct regarding the handling of the underlying claim that is made unlawful by California; *the federal element merely*

- 9 -

> *determines as a preliminary matter, whether the duty imposed by*
> *the state is applicable in the case of a particular transaction.* The
> fact that federal law plays a preliminary, threshold role in the case
> of state claims such as this one does not, by itself, transform such
> state claims into federal ones.

*Id.* at 646 (emphasis added).

Defendants do not even attempt to distinguish two other cases cited by Montana where

federal jurisdiction was found lacking even though federal law played a threshold role in the

subject matter of the claims. *See* Montana Opening Mem. at 8 (citing *Clark*, 741 F.2d 256, and

*Eliscu*, 339 F.2d 823).

Each of these decisions is consistent with Supreme Court authority holding that the need

for construction or interpretation of an issue of federal law as part of a state law claim does not

provide a basis for removal based on an alleged substantial federal issue when Congress has not

provided a federal cause of action. *See Merrell Dow*, 478 U.S. at 817; *PCS 2000 LP*, 148 F.3d at

35; *Cabana*, 148 F. Supp. 2d at 113-14.  To date, defendants have failed to reference a remedy

under the federal Medicaid statute law for misrepresenting "best prices." *Berg* and *Hunter* are

also consistent with *Almond*'s requirement that the complaint present a ***substantial*** question of

federal law before "arising under" jurisdiction obtains.  212 F.3d at 24.

### 3.      Defendants' Breach of Contract and Other Cases Are Inapposite

In claiming that Montana's "best price" claims arise under federal law, defendants rely

heavily on ***breach of contract*** cases holding that, when federal common law applies to the

contract, federal question jurisdiction under 28 U.S.C. § 1331 exists. *See, e.g., New SD, Inc. v.*

*Rockwell Int'l Corp.*, 79 F.3d 953, 955 (9th Cir. 1996) (claim for breach of a defense subcontract

that is governed by federal, not state, common law); *Newton v. Capital Assurance Co.,* 245 F.3d

1306, 1309 (11th Cir. 2001) (claim alleging breach of a Standard Flood Insurance Policy

interpreted under federal common law rather than state contract law); *Caudill v. Blue Cross &*

*Blue Shield*, 999 F.2d 74, 78 (4th Cir. 1993) (claim by a federal employee alleging breach of a

health insurance contract made under the Federal Employees Health Benefits Act and interpreted

- 10 -

under federal common law rather than state contract law). But these cases are distinguished by the simple fact that no breach of a federal contract is pled as a cause of action in the *AHP* action. Therefore, these cases do not apply; under the well-pleaded complaint rule, a plaintiff "can avoid federal question jurisdiction by relying solely on state-law causes of action." *Brawn*, 167 F. Supp. 2d at 148.

Furthermore, defendants neglect to disclose that courts do not uniformly agree that a claim by a federal employee alleging breach of a health insurance contract made under the Federal Employees Health Benefits Act ("FEHBA") arises under federal law.[7]  For example, the Third Circuit expressly rejected the Fourth Circuit's holding in *Caudill* on the basis that removal cannot be based on preemption in the absence of complete preemption, that is, where Congress has preempted the field and simultaneously provided enforcement provisions within the scope of which the plaintiff's state claim falls. *Goepel v. National Postal Mail Handlers Union*, 36 F.3d 306, 311-13 (3d Cir. 1994), *cert. denied*, 514 U.S. 1063 (1995) (plaintiff brought state law claims for violation of the New Jersey Law Against Discrimination, breach of contract, unconscionability, and unfair claims settlement practices in violation of N.J. Stat. Ann. § 17B:30-13.1).  Of course, defendants here have not claimed that the rebate statute creates a cause of action in favor of the states for violations thereof, nor could they.  Other courts, like *Goepel*, have also held that removal of state law claims to recover benefits under a FEHBA plan is improper. *See Howard v. Group Hosp. Serv.*, 739 F.2d 1508, 1510-12 (10th Cir. 1984); *Mooney v. Blue Cross of W. Pa.*, 678 F. Supp. 565, 566-67 (W.D. Pa. 1988).

*International Ass'n of Machinists v. Central Airlines, Inc.*, 372 U.S. 682 (1963), also cited by defendants, does not apply because, unlike here, no state law causes of action were at issue.  Instead, plaintiffs were suing to enforce an award rendered by a National Mediation Board mediator under collective bargaining agreements governed by the Railway Labor Act (the

---

[7] Health care plans established by FEHBA constitute contracts between the federal Office of Personnel Management and private carriers ("OPM"). *See Goepel v. National Postal Mail Handlers Union*, 36 F.3d 306, 308 (4th Cir. 1994), *cert. denied*, 514 U.S. 1063 (1995).

- 11 -

"RLA"). *Id.* at 682-84. All aspects of the parties' behavior were governed by the RLA, including the composition of the adjustment board (which had deadlocked prior to appointment of the mediator), the procedures to be employed as to notice and hearing or for breaking deadlocks, and the finality to be accorded board awards. *Id.* at 694. In contrast, the success of Montana's claims here depends upon whether Montana can prove each element of its state-law claims.[8]

Nor does *National Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845 (1985), apply here. In *Crow*, the issue was whether the Crow Tribal Court had jurisdiction over a civil action brought against a non-Indian. The Supreme Court held that because the case invoked principles of sovereignty, it arose under federal law: "[T]he power of the Federal Government over the Indian tribes is plenary," *id.* at 851, the court explained, and "federal law has sometimes diminished the inherent power of Indian tribes in significant ways." *Id.* at 853 n.14. Furthermore, the petitioners affirmatively contended that federal law provided the relief that they sought: "Because petitioners contend that federal law has divested the Tribe of this aspect of sovereignty, it is federal law on which they rely as a basis for the asserted right of freedom from Tribal Court interference." *Id.* at 852-53. But here, not only are sovereignty issues irrelevant, Montana contends, unlike the petitioners in *Crow*, that ***state*** law, not federal law, provides the relief that Montana seeks. Similarly, *Therrien v. Hamilton*, 881 F. Supp. 76, 81 (D. Mass. 1995), is inapposite because the plaintiff's claims invoked protected conduct under the First Amendment to the United States Constitution, *id.* at 81, whereas here no constitutional issues are involved.[9]

---

[8] For the same reason, *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 27 (2d Cir. 2000), *cert. denied,* 531 U.S. 1075 (2001), does not apply, where the petitioner affirmatively alleged that the arbitration award was rendered in manifest disregard of federal law.

[9] Defendants cite *Computer Sys. Of Am. v. Data Gen. Corp.*, 1986 U.S. Dist. Lexis 23619 (D. Mass. June 26, 1986), but the Court should disregard the case because the one-paragraph memorandum order is too perfunctory to determine the full scope of the issues that were before the court.

- 12 -

Another case cited by defendants, *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988), does not even involve jurisdictional issues and therefore cannot be cited for the faulty proposition that contracts governed by federal common law confer federal "arising under" jurisdiction. In *Boyle*, the father of a deceased Marine brought a diversity action in federal court under state tort law against a helicopter manufacturer. *Id.* at 502. Thus, *Boyle* did not involve the removal of a state law claim from state to federal court on the basis of federal question jurisdiction. Moreover, the *Boyle* court held that federal law displaced state tort liability for design defects in military equipment, *id.* at 512, and defendants here are not so bold as to argue that federal law displaces any of the state-law claims that Montana brings. Similarly, *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30 (1st Cir. 1999), is not a federal subject matter jurisdiction case but one of deciding personal jurisdiction under Fed. R. Civ. P. 4(k)(2). Therefore, it cannot apply. Defendants' cases are simply inapposite.

## C.     The Court Should Not Exercise Supplemental Jurisdiction Over Plaintiff's Remaining Claims

Invoking the supplemental jurisdiction statute, 28 U.S.C. § 1367, as well as 28 U.S.C. § 1441(c), defendants encourage the Court to retain jurisdiction over Montana's remaining claims, *see* Defs. Mem. at 14-20, yet § 1367 favors remand here. As Montana set forth in its motion, the Court may decline to exercise jurisdiction if any one of the four circumstances listed in 28 U.S.C. § 1367(c) are present, *see* Montana Mtn. at 11-20, and they are each present here.

### 1.     § 1441(c) Does Not Apply

Defendants make a half-hearted effort to assert that the so-called "best price" claims are "separate and independent" from the non-removable AWP-based claims for purposes of 28 U.S.C. § 1441(c). Defs. Mem. at 15 n.10. This is untrue. The amended complaint demonstrates that the claims are not separate and independent for the limited purposes of § 1441(c), as the various Counts link defendants' AWP fraud with their "best price" fraud. *See, e.g.,* Count I, ¶ 120; Count II, ¶ 127; *American Fire & Cas. Co. v. Finn,* 341 U.S. 6 (1951) (when a plaintiff seeks relief from a single wrong arising from an interlocked series of transactions, there is no

- 13 -

"separate or independent" claim or cause of action on which to base removal); *Charles D. Bonanno Linen Serv., Inc. v. McCarthy*, 708 F.2d 1, 10 (1st Cir. 1983) (claims are not "separate and independent" when they "substantially derive from the same facts"); *New England Concrete Pipe v. D/C Sys.*, 658 F.2d 867, 872 (1st Cir. 1981) (same).  But more importantly, perhaps, the issue is irrelevant.  When, as shown above, the Court does not have "arising under" subject matter jurisdiction *over any claim*, removal under both § 1441(b) and § 1441(c) is categorically improper.  Thus, the Court does not need to examine the "separate and independent" issue or evaluate whether it should remand under § 1441(c) all claims "in which State law predominates." But, in any event as demonstrated below in Section C.3., state law *does* predominate in this case because the Medicaid AWP reimbursement scheme is predicated upon reimbursement rates established by the *state* Medicaid program, and Montana is seeking to enforce its state-law based law enforcement measures.[10]

### 2.    § 1367(a)(1) Commends Remand

Although defendants claim otherwise, Montana's remaining claims raise novel issues of state law and, thus, should be remanded under § 1367(a)(1).  Defendants do not deny that Montana's state-law claims are novel or complex and that the very integrity of Montana's Medicaid program is invoked in this case.  *See* Montana Mtn. at 12-13.  Instead, defendants conclusorily note that the Court will be called upon to review complex federal statutes. Although the federal statutes are *not* complex, defendants miss the point:  According to a plain reading of § 1367(a)(1), the inquiry thereunder is whether issues of *state* law will be novel or

---

[10] Importantly, defendants "argue too much" while simultaneously asserting jurisdiction under § 1441(c) and supplemental jurisdiction under 28 U.S.C. § 1367.  As commentators advise, "[a] proper supplemental claim is removable when joined with any claim that is removable under Section 1441(b) without regard to the existence of a separate and independent claim under Section 1441(c).  *Indeed, a supplemental claim under Section 1367 presumably could not qualify as a separate and independent claim or cause of action under Section 1441(c)*."  14C CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3724 at 60-61 (1998) (emphasis added).  In other words, defendants cannot have it both ways – basing jurisdiction on § 1441(b) *and* § 1441(c) – when they admit that § 1367 should be considered.

- 14 -

complex and not whether any federal law components (which are not even mentioned in the subsection) are novel or complex. Nor does § 1367(a)(1) call for a weighing of the importance of state law vs. federal law in the claims.

### 3.    § 1367(a)(2) Commends Remand

If true, defendants' assertion that federal law predominates would be more meaningful under the inquiry invoked under § 1367(a)(2), which provides for the remand of state-law claims that substantially predominate over the federal claims. But defendants fail here, too, because state law predominates in this case. As defendants conveniently ignore, the Medicaid AWP reimbursement scheme is predicated upon reimbursement rates established by the *state* Medicaid program. For instance, the Montana Medicaid program pays for outpatient drugs on the basis of "estimated acquisition cost," Mont. Code Ann. § 37.86.1105(1), which is defined as "the average wholesale price (AWP) less 10%" in instances where there is no available direct price charged by manufacturers to retailers. Mont. Code Ann. § 37.86.1101(1). Thus, the Court will be called upon to interpret these state Medicaid provisions in evaluating *all* of Montana's damages claims. Further, the central elements of Montana's claims depend on analysis of state law. For instance, the Court will be called upon to apply the elements of the deceptive trade practices statute (Mont. Code Ann. §§ 30-14-101 – 1414) and state antitrust law (Mont. Code Ann. § 30-14-205). Thus, the remaining state law claims predominate over the so-called "best price" claims.

### 4.    § 1367(a)(3) Commends Remand

Section 1367(a)(3) authorizes remand when the purported federal claim has been eliminated before trial. *See* Montana Mtn. at 13-16; *see also* Section II.A., *supra*. GSK does not provide any persuasive argument why this subsection should not apply.

### 5.    § 1367(a)(4) Commends Remand

And, contrary to defendants' assertion, compelling reasons do exist for declining jurisdiction over the remaining claims pursuant to § 1367(a)(4). In its motion, Montana detailed how principles of convenience, fairness and comity favor remand of the remaining claims, as the

- 15 -

case involves important Montana public policies implicating consumer protection and is part of a broader state regulatory scheme. *See* Montana Mtn. at 16-19.[11]  Under these circumstances, comity principles dictate against requiring the Attorney General to pursue his state-law based enforcement claims in federal court. Thus, *Dezell v. Day Island Yacht Club*, 796 F.2d 324 (9th Cir. 1986) – holding that considerations of comity and the desirability of having a reliable and final determination of the state claim by state courts having more familiarity with the controlling state-law principles and the authority to render a final judgment – strongly supports remand here, yet defendants fail to even discuss *Dezell* in their opposition brief.  Thus, defendants fail to address the critical issues of comity raised by Montana – which counsel strongly in favor of remand here.

Further, defendants cannot deny that Montana's case differs in important respects from the private class actions consolidated before this Court.  Notwithstanding Montana's allegations of AWP fraud, Montana's case focuses on its state Medicaid Program.  Therefore, the dominant issues here will significantly differ from those at issue in the class actions.  These issues include general Medicaid issues and "best price" issues that are simply irrelevant to the private class actions; causes of action unique to an Attorney General enforcement case, such as Medicaid Fraud and false claims; and a damage model and the discovery associated therewith unrelated to any damages calculation to be presented by any class plaintiff in the private class actions.  Finally, this case will involve requests for law enforcement penalties and civil forfeiture relief that are not part of the private class actions.

---

[11] As Montana postulated in its motion, this case involves significant Montana public policies implicating consumer protection, protection of elderly citizens and the integrity of Montana's Medicaid program.  Further, the case forms part of a comprehensive Montana regulatory scheme for Medicaid services.  Under these circumstances, comity principles dictate against requiring the Attorney General to pursue his state-law based enforcement claims in federal court.  Thus, the Ninth Circuit case of *Dezell v. Day Island Yacht Club*, 796 F.2d 324 (9th Cir. 1986) – holding that considerations of comity and the desirability of having a reliable and final determination of the state claim by state courts having more familiarity with the controlling state-law principles and the authority to render a final judgment – strongly supports remand here, yet defendants fail to even discuss *Dezell* in their opposition brief.

- 16 -

### III.    CONCLUSION

For the foregoing reasons, the Court should exercise its sound discretion to remand these actions that invoke important state interests under Montana law.  This case focuses on the Montana *state* Medicaid program and should proceed in state court, just like the Attorney General actions in Texas and West Virginia.

DATED:  January 6, 2003                    RESPECTFULLY SUBMITTED,

By
      Steve W. Berman
      Robert B. Carey
      Sean R. Matt
      HAGENS BERMAN LLP
      1301 Fifth Avenue, Suite 2900
      Seattle, WA  98101
      Telephone: (206) 623-7292
      Facsimile: (206) 623-0594

      Thomas M. Sobol  (BBO # 471770)
      Edward Notargiacomo (BBO # 567636)
      HAGENS BERMAN LLP
      225 Franklin Street, 26th Floor
      Boston, MA  02110
      Telephone: (617) 482-3700
      Facsimile: (617) 482-3003

      Frankie Sue Del Papa
      Attorney General of the State of Nevada
      L. Timothy Terry
      Chief Deputy Attorney General
      David Wasick
      Special Assistant Attorney General
      100 N. Carson Street
      Carson City, NV 89701-4714

      **COUNSEL FOR PLAINTIFF**
      **STATE OF MONTANA**

1534.15 0015 MTN.DOC

## CERTIFICATE OF SERVICE

I hereby certify that I, Edward Notargiacomo, an attorney, caused a true and correct copy of the foregoing Plaintiffs State of Montana's Reply Memorandum in Support of Motion to Remand to be served on all counsel of record electronically, pursuant to Section D of Case Management Order No. 2.

By:

Edward Notargiacomo, Esq.
HAGENS BERMAN LLP
225 Franklin Street, 26th floor
Boston, MA 02110
(617) 482-3700

- 18 -