UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENTS RELATES TO RICE v. ABBOTT LABORATORIES, formerly No. 3:02-cv-03925 (N.D.Cal.), THOMPSON v. ABBOTT LABORATORIES, formerly No. 3:02-cv-04450 (N.D.Cal.), and TURNER v. ABBOTT LABORATORIES, formerly No. 3:02-cv-5006 (N.D.Cal.) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT FUJISAWA USA'S MOTION TO DISMISS CERTAIN
<u>COMPLAINTS AGAINST IT FOR FAILURE OF SERVICE</u>**

Fujisawa USA, Inc. ("Fujisawa") has not been served with process in any of the following matters which have been transferred to this Court: *Rice v. Abbott Laboratories, et al.*, formerly No. 3:02-cv-03925 (N.D.Cal.), *Thompson v. Abbott Laboratories, et al.*, formerly No. 3:02-cv-04450 (N.D.Cal.), and *Turner v. Abbott Laboratories, et al.*, formerly No. 3:02-cv-5006 (N.D.Cal.). The time within which service of process was required in each matter has long since expired, and plaintiffs have filed no motion to extend this time. Plaintiffs have not even attempted to contact Fujisawa regarding these matters. Because process has not been served, because plaintiffs have not sought an extension of time to serve, and because no good cause for failure to serve process exists, the Court should dismiss the three cases identified above as to Fujisawa. In support of its motion, Fujisawa states as follows:

The Federal Rules allow a plaintiff 120 days to serve a summons and a complaint on a defendant. *See* Fed. R. Civ. P. 4(m). If a party fails to serve a defendant within 120 days, then the court, upon motion or *sua sponte*, shall notify the plaintiff and dismiss the action

without prejudice or, upon good cause shown, direct the plaintiff to effectuate service within a specific time period. *Id.* A defendant "must be served in accordance with Fed. R. Civ. P. 4 in order for the court to secure personal jurisdiction over him." *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988).

In this District, service of process is further governed by Local Rule 4.1(b), which specifically states that:

> Counsel and parties appearing pro se who seek to show good cause for the failure to make service within the 120 day period prescribed by Fed. R. Civ. P. 4(m) shall do so by filing a motion for enlargement of time under Fed. R. Civ. P. 6(b), together with a supporting affidavit. If on the tenth day following the expiration of the 120-day period good cause has not been shown as provided herein, the clerk shall forthwith automatically enter an order of dismissal for failure to effect service of process, without awaiting any further order of the court.

Courts have not hesitated to dismiss complaints where the plaintiff fails to present good cause for her failure to serve the defendant in a timely fashion. *See Benjamin v. Grosnick*, 999 F.2d 590, 592-93 (1st Cir. 1993)(affirming district court's order dismissing plaintiff's complaint because he failed to establish good cause for his failure to serve defendant with a correct copy of the complaint).

In applying this "good cause" standard, courts distinguish the plaintiffs who substantially comply with service of process rules from the plaintiffs who suffer from "terminal procrastination." *See McIssac v. Ford*, 193 F. Supp. 2d 832, 384 (1st Cir. 2002). Courts in the First Circuit will not excuse an idle litigant's failure timely to serve the summons and complaint even if such failure did not prejudice the defendant's litigation position. *See Burke v. City of Boston*, No. 98-1891, 1999 WL 1338355, at 2 (1st Cir. 1999) (attached at Exhibit "A") (dismissing plaintiff's complaint against defendants after concluding that "[t]his was not a case of defective service, but of no service at all, and the lack of prejudice to the defendants (assuming there was none) cannot negate counsel's fundamental failure.")

It is important to note that actual notice itself, without more, is insufficient to satisfy the Rule 4 service requirements. *See Precision Etchings & Findings, Inc. v. LGP Gem,*

*Ltd.*, 953 F.2d 21, 24 (1st Cir. 1992); *see also Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988) ("Actual notice and simply naming the person in the caption of the complaint is insufficient to subject a defendant to the jurisdiction of the court")).

The dates upon which service of the complaints in the above-identified matters was due is as follows:

| Action | State Court Filing | Removal | Service Due[1] |
|---|---|---|---|
| Rice | 7/12/02 | 8/14/02 | 12/12/02 |
| Turner | 9/9/02 | 10/16/02 | 2/13/03 |
| Thompson | 8/23/02 | 9/12/02 | 1/10/03 |

Fujisawa has not been served with process, either following the filing of the complaint in state court, or at any time subsequent to removal in any of these matters. Nor has service ever been attempted. Fujisawa has not been contacted by counsel for the plaintiffs in those matters regarding waiver of service (or any other issue).

Nor can the plaintiffs show good cause for failing to serve. Fujisawa has remained available and amenable to service in all of the relevant jurisdictions since the inception of the matters. Indeed, plaintiffs in the other AWP matters have served Fujisawa without difficulty.

Because plaintiffs have utterly disregarded their jurisdictional obligation to serve these complaints, and have made no effort (formal or otherwise) to extend their time to serve, the Court should dismiss the complaints pursuant to Fed. R. Civ. P. 4 and Local Rule 4.1.

---

[1] In cases which are removed from state to federal court where process has not been perfected prior to removal, service of process may be completed or new process issued in the same manner as in cases originally filed in such district court. 28 U.S.C. § 1448. The date upon which service was required to be completed in each action, therefore, would be 120 days from the date of removal from the state court pursuant to Fed. R. Civ. P. 4(m).

BINGHAM MCCUTCHEN LLP

By: _____
S. Elaine McChesney
Terry Klein
150 Federal Street
Boston MA  02110
(617) 951-8501
(617) 951-8736 (fax)


REED SMITH LLP


By: _____
Kathleen H. McGuan
Andrew L. Hurst
1301 K Street NW
Suite 1100 – East Tower
Washington, DC 20005
(202) 414-9200
(202) 414-9299 (fax)




_____
Michael T. Scott
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
(215) 851-8100
(215) 851-1420 (fax)

Attorneys for Defendants Fujisawa
USA, Inc.


Dated:   March 25, 2003

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Defendant Fujisawa USA's Motion to Dismiss Certain Complaints Against It For Failure of Service was delivered to all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending, on March 25, 2003, a copy to Verilaw Technologies for posting and notification to all parties.

                                                *Andrew Hurst*/TK
                                                Andrew L. Hurst

201 F.3d 426 (Table)  
**Unpublished Disposition**

Page 1

**(Cite as: 201 F.3d 426, 1999 WL 1338355 (1st Cir.(Mass.)))**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA1 Rule 36 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, First Circuit.

Elvin A. BURKE, Plaintiff, Appellant,  
v.  
CITY OF BOSTON, et al., Defendants, Appellees.

No. 98-1891.

July 2, 1999.

Appeal from the United States District Court for the District of Massachusetts, Edward F. Harrington, U.S. District Judge.

James P. Duggan, for appellant.

Dawna McIntyre, Assistant Corporation Counsel, City of Boston Law Department, with whom Merita A. Hopkins, Corporation Counsel, was on brief, for appellees.

Before LIPEZ, Circuit Judge, ALDRICH and KRAVITCH, [FN*] Senior Circuit Judges.

> FN* Of the Eleventh Circuit, sitting by designation.

PER CURIAM.

**\*\*1** Plaintiff Elvin Burke sued the City of Boston and four Boston police officers, alleging a violation of the Massachusetts Tort Claims Act, several intentional torts, and violations of state and federal civil rights laws. After plaintiff's properly serving the City, but failing to serve the four individual defendants within the requisite time period, the district court dismissed his claims against all defendants. We affirm in part and reverse in part.

The present action arose from events allegedly taking place on October 10, 1994. Burke maintains that he was unlawfully detained, arrested, and beaten by uniformed Boston police officers while he was shopping at an Auto Palace in Roslindale, Massachusetts. He was subsequently charged with several assault and battery counts, among others, but all charges were dismissed for want of prosecution on April 3, 1995.

On July 3, 1997, Burke filed a complaint in the state court, naming the four officers and the City of Boston. He alleged that the City was liable for negligent supervision under the Massachusetts Tort Claims Act, Mass.Gen.Laws ch. 258, and that all five defendants had committed state and federal civil rights violations, and he accused the four officers of assault and battery, civil conspiracy, false arrest, and malicious prosecution. Service was made on the City on July 25, and the City removed the case to the district court on August 11 and filed its answer on October 29. At that point, the four officers had not yet been served, and they still had not been served at the time of the first scheduling conference on December 8. During that conference, counsel for the City stated to the court with Burke's counsel present that the four officers still had not been served. On April 9, 1998, the four officers filed a motion to dismiss for failure to serve them, and the court allowed the motion on May 15. The court also dismissed the claims against the City of Boston "on the ground that the case has now been dismissed against all the employees of the City of Boston." Burke did not respond to the officers' initial motion, but filed a motion to vacate the order of dismissal on June 3. The officers and the City filed a response on June 12, and Burke filed his supporting memorandum on June 18. The court denied the motion.

Burke now asks us, first, to reverse the dismissal of his claims against the four individual officers. This we decline to do. Federal Rule 4(m) applies here since no service was made prior to removal, see 28 U.S.C. § 1448, and it requires dismissal if service is not made within 120 days of the filing of the complaint unless the plaintiff shows "good cause" for the failure. We review a district court's determination on this question for abuse of discretion. See *Benjamin v. Grossnick,* 999 F.2d 590, 591 (1st Cir.1993). Burke made no response to the officers' motion to dismiss, instead filing a motion to vacate over two weeks after the district court ordered dismissal and a supporting memorandum another two weeks later, several days after the officers filed their opposition. The factors Burke discussed in those filings--the merits of his

case, the assertion that the police officers knew that they were being sued, his participation in a court-ordered scheduling conference, and his willingness to make expeditious service--can hardly be considered reasons, much less "good cause," for counsel, as he admitted at oral argument, simply forgetting to serve the four officers.

**\*\*2** Burke claims dismissal on the basis of a technicality despite the absence of prejudice to the defendants and his willingness to make expeditious service was contrary to the spirit of the Federal Rules. He misconstrues the nature of the current situation and the applicability of our precedents. It is true that we would not require dismissal where a minor, technical error resulted in defective service of process but the defendant was not prejudiced. *See, e.g., Libertad v. Welch,* 53 F.3d 428, 440 (1st Cir.1995); *Roque v. United States,* 857 F.2d 20, 22 (1st Cir.1988). However, there must first be substantial compliance. *See Precision Etchings & Findings v. LGP Gem, Ltd.,* 953 F.2d 21, 24 (1st Cir.1992). Such was entirely lacking here. This was a case not of defective service but of no service at all, and the lack of prejudice to the defendants (assuming there was none) cannot negate counsel's fundamental failure.

The claims against the City are a different matter. The City did not seek dismissal of the claims against it. Even after dismissal without prejudice of all the claims against the individual officers, there remained an allegation of federal constitutional violations by the City. The district court also had supplemental jurisdiction over the two state law claims against the City. *See* 28 U.S.C. § 1367. Given these circumstances and the fact that the City was properly served, it was improper for the district court to dismiss Burke's claims against it.

The City's citation to *Los Angeles v. Heller,* 475 U.S. 796, 798-99 (1986), is misplaced. Here there has not been a finding on the merits that Burke suffered no constitutional injury, and he may show one even without the officers as individual party defendants.

For the reasons stated, we affirm the district court's dismissal of Burke's claims against the four individual Boston police officers. We reverse the dismissal of Burke's claims against the City of Boston and remand for further proceedings consistent with this opinion.

201 F.3d 426 (Table), 1999 WL 1338355 (1st Cir.(Mass.)) Unpublished Disposition

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works