UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS ) ) ) | Judge Patti B. Saris |

## DEFENDANTS' STATUS REPORT
## ON TRANSFER OF RELATED ACTIONS TO MDL NO. 1456

Pursuant to Case Management Order No. 1 ("CMO No. 1"), Defendants respectfully submit this status report on 15 cases that have been designated by one or more defendants as related actions to *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456.[1] Of these 15 cases, six are additional private class actions and nine are cases filed by state governments or, in one case, a New York county.

### Additional Class Actions

Of the six class actions, the Judicial Panel on Multidistrict Litigation ("MDL Panel") has issued final orders transferring three of them to this Court.[2] Another three class actions have been conditionally transferred to this Court by the MDL Panel.[3]

---

[1] CMO No. 1 states, in pertinent part: "This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might properly be consolidated or coordinated with In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456." CMO No. 1 at ¶ 5 (June 14, 2002).

[2] The three cases are: (i) *Congress of California Seniors v. Abbott Labs., et al.*, Case No. C02-8179 AHM (C.D. Cal.); (ii) *Rice v. Abbott Labs, Inc., et al.*, Case No. C02-3925 MJJ (N.D. Cal.); and (iii) *Thompson v. Abbott Labs., Inc., et al.*, Case No. C02-4450 MJJ (N.D. Cal.).

[3] See *Turner v. Abbott Labs., et al.*, Case No. C02-5006 MHP (N.D. Cal.); *Swanston v. TAP Pharmaceutical Products, Inc., et al.*, Case No. CIV-03-0062-PHX-SMM (D. Ariz.); and *Digel v. Abbott Labs., Inc., et al.*, Case No. 03-2109 Ma BRE (W.D. Tenn.). A seventh class action had been conditionally transferred, but then it was dismissed with prejudice. See *Virag v. Allergan, Inc., et al.*, Case No. CV02-8417 RSWL (C.D. Cal.).

In all six cases, the plaintiffs seek to represent classes that overlap substantially with the classes alleged in the Master Consolidated Class Action Complaint. Like plaintiffs in this MDL, plaintiffs in these class actions seek to represent ERISA plans and/or ERISA beneficiaries who made payments for drugs reimbursed by or on behalf of ERISA plans and insurers based upon AWP, as well as Medicare beneficiaries who made co-payments for drugs based on AWP under Medicare. Accordingly, although these class actions were originally filed in state court, defendants removed them to federal court based on ERISA complete preemption and the substantial federal questions presented by the claims of the Medicare beneficiaries, which necessarily depend upon an interpretation of the federal statute and regulations governing Medicare Part B reimbursement.[4]

These six cases are in the following stages:

1. *Congress of California Seniors v. Abbott Labs., et al.*, Case No. C02-8179 AHM (C.D. Cal.), was filed originally in the Superior Court of the State of California on September 24, 2002. The case was removed on October 23, 2002 and plaintiff did not file a motion to remand. On December 3, 2002, a conditional transfer order (CTO-6) was issued which was unopposed by plaintiff, and on December 19, 2002, the case was finally transferred to this Court.

2. *Rice v. Abbott Labs, Inc., et al.*, Case No. C02-3925 MJJ (N.D. Cal.), was filed originally in the Superior Court of the State of California on July 12, 2002, and removed on August 14, 2002. Plaintiff filed a motion to remand on August 19, 2002 which was fully briefed on September 24, 2002. On September 18, 2002, a conditional transfer order (CTO-4) was

---

[4] In two of these cases, *Swanston v. TAP Pharmaceutical Products, Inc., et al.*, Case No. 03-0062-PHX-SMM (D. Ariz.) and *Digel v. Abbott Labs, Inc., et al.*, Case No. 03-2109 Ma BRE (W.D. Tenn.), the removal notices also were predicated jurisdiction on diversity jurisdiction.

issued, and on October 17, 2002, plaintiff filed a motion to vacate. Plaintiff's motion to vacate was denied by the MDL Panel on February 20, 2003, and the case was transferred to this Court. Plaintiff's motion to remand is pending before this Court.

       3.     *Thompson v. Abbott Labs., Inc., et al.*, Case No. C02-4450 MJJ (N.D. Cal.), was filed originally in the Superior Court of the State of California on August 23, 2002, and removed on September 12, 2002. Plaintiff did not file a motion to remand. On October 23, 2002, a conditional transfer order (CTO-5) was issued, and on November 21, 2002, plaintiff filed a motion to vacate. Plaintiff's motion to vacate was denied by the MDL Panel on February 20, 2003, and the case was transferred to this Court.

       4.     *Turner v. Abbott Labs., et al.*, Case No. C02-5006 MHP (N.D. Cal.), was filed originally in the Superior Court of the State of California on September 9, 2002 and removed on October 16, 2002. Plaintiff did not file a motion to remand. On December 3, 2002, a conditional transfer order (CTO-6) was issued, and on January 2, 2003, plaintiff filed a motion to vacate. Plaintiff's motion to vacate was considered without oral argument at the March 27, 2003 hearing session of the MDL Panel, and is still pending.

       5.     *Swanston v. TAP Pharmaceutical Products, Inc., et al.*, Case No. CIV-03-0062-PHX-SMM (D. Ariz.), was filed originally in the Superior Court of the State of Arizona and removed on January 10, 2003. On January 21, 2003, plaintiff filed a motion to remand which was fully briefed on February 21, 2003. In addition, defendants filed a motion to stay all proceedings pending transfer of the case to this Court. On February 10, 2003, the MDL Panel issued a conditional transfer order (CTO-7) transferring *Swanston* to this Court. On March 12, 2003, plaintiff in *Swanston* filed a motion to vacate CTO-7, which the defendants have opposed. The Panel has yet to resolve plaintiff's motion to vacate.

   6. *Digel v. Abbott Labs, Inc., et al.*, Case No. 03-2109 Ma BRE (W.D. Tenn.), was filed originally in the Circuit Court of Tennessee for the Thirtieth Judicial District of Memphis on or about December 18, 2002. The case was removed on February 20, 2003, and on March 3, 2003, plaintiff filed a motion to remand. On March 10, 2003, the District Court stayed the action pending transfer by the MDL Panel. On March 25, 2003, the MDL Panel issued a conditional transfer order (CTO-9) transferring *Digel* to this Court.

### County and State Government Actions

   In addition to the six private class actions, the County of Suffolk of the State of New York, the State of California, the State of New York, and the State of Connecticut have filed nine pharmaceutical pricing cases against one or more pharmaceutical manufacturers who are currently defendants in this MDL.[5] Of these nine cases, only the *County of Suffolk* case was filed originally in federal court. The other eight cases were filed originally in state court and then removed. These cases are in the following stages:

   1. *County of Suffolk v. Abbott Labs, Inc., et al.*, Index No. CV-03-229 (E.D.N.Y.), was filed originally in the United States District Court for the Eastern District of New York on January 14, 2003. In this case, the County asserted claims under the Medicaid rebate statute under federal law along with federal claims relating to AWP. On March 3, 2003,

---

[5] These nine county and state government actions include: (i) *County of Suffolk v. Abbott Labs, Inc., et al.*, Index No. CV-03-229 (E.D.N.Y.); (ii) *The People of the State of New v. GlaxoSmithKline, P.L.C., et al.*, Case No. 03-CV-0299 TJM DRH (N.D.N.Y.); (iii) *The People of the State of New York v. Pharmacia Corp.*, Case No. 03-CV-0295 DNH DHH (N.D.N.Y.); (iv) *The People of the State of New York v. Aventis Pharmaceuticals, Inc.*, Case No. 03-CV-0305 (N.D.N.Y.); (v) *State of Connecticut v. GlaxoSmithKline, P.L.C., et al.*, Case No. 3:03-CV-0553 (JCH) (D. Conn.); (vi) *State of Connecticut v. Pharmacia Corp.*, Case No. 3:03-CV-0554 (DJS) (D. Conn.); (vii) *State of Connecticut v. Aventis Pharmaceuticals, Inc.*, Case No. 3:03-CV-0557 (JFD) (D. Conn.); (viii) *State of Connecticut v. Dey, Inc. et al.*, Case No. 3:03-CV-0572 (DJS) (D. Conn.); and (ix) *The State of California, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Labs., Inc., et al.*, Case No. CV03-2238-DT (C.D. Cal.).

the Panel issued a conditional transfer order (CTO-8) transferring *County of Suffolk* to this Court. The County of Suffolk did not oppose transfer, and the case has been transferred to this Court.

   2. *The People of the State of New York v. GlaxoSmithKline, P.L.C., et al.*, Case No. 03-CV-0299 TJM DRH (N.D.N.Y.), was filed originally in the Supreme Court of the State of New York on February 13, 2003. On March 12, 2003, GSK removed the case on the grounds that the state law claims brought on behalf of Medicare beneficiaries presented substantial federal questions, which necessarily depend upon an interpretation of the federal statute and regulations governing Medicare Part B reimbursement.[6] On March 14, 2003, GSK filed a notice of related action with the MDL Panel seeking transfer of the case to this Court. On March 19, 2003, GSK filed a motion to stay all proceedings pending transfer by the MDL Panel. The District Court has calendared GSK's motion to stay pending transfer for May 12, 2003.

   3. *The People of the State of New York v. Pharmacia Corp.*, Case No. 3:03-CV-0295 DNH DHH (N.D.N.Y.), was filed originally in the Supreme Court of the State of New York on or about February 13, 2003. On March 11, 2003, defendant Pharmacia Corp. ("Pharmacia") removed the case on similar grounds to the GSK removal notice in its New York action. Pharmacia filed a notice of related action with the MDL Panel on March 13, 2003. On March 28, 2003, Pharmacia filed a motion to stay all proceedings pending transfer by the MDL Panel.

   4. *The People of the State of New York v. Aventis Pharmaceuticals, Inc.*, Case No. 03-CV-0305 (N.D.N.Y.), was filed originally in the Supreme Court of the State of New York on February 26, 2003. On March 13, 2003, defendant Aventis Pharmaceuticals, Inc.

---

[6] This is the same ground for removal that formed the principal basis for removal in *State of Minnesota v. Pharmacia, Corp.*, Case No. 0:02-1779.

("Aventis") removed the case on similar grounds to the GSK removal notice in its New York action. Aventis filed a notice of related action with the MDL Panel on March 14, 2003. On March 28, 2003, Aventis filed a motion to stay all proceedings pending transfer by the MDL Panel. The District Court has calendared Aventis's motion to stay pending transfer for June 5, 2003.

5. *State of Connecticut v. GlaxoSmithKline, P.L.C., et al.*, Case No. 3:03-CV-0553 (JCH) (D. Conn.), was filed originally in the Superior Court of the State of Connecticut. On March 28, 2003, defendant GSK removed the case to the United States District Court for the District of Connecticut on the grounds that the state law claims brought on behalf of Medicare beneficiaries presented substantial federal questions, which necessarily depend upon an interpretation of the federal statute and regulations governing Medicare Part B reimbursement. On April 4, 2003, GSK filed a notice of related action with the MDL Panel seeking transfer of this case to this Court.

6. *State of Connecticut v. Pharmacia Corp.*, Case No. 3:03-CV-0554 (DJS) (D. Conn.), was filed originally in the Superior Court of the State of Connecticut. On March 28, 2003, defendant Pharmacia removed the case to the United States District Court for the District of Connecticut on similar grounds to the GSK removal notice in its Connecticut action. On April 1, 2003, Pharmacia filed a notice of related action with the MDL Panel seeking transfer of this case to this Court.

7. *State of Connecticut v. Aventis Pharmaceuticals, Inc.*, Case No. 3:03-CV-0557 (JFD) (D. Conn.), was filed originally in the Superior Court of the State of Connecticut. On March 28, 2003, defendant Aventis removed the case to United States District Court for the District of Connecticut on similar grounds to the GSK removal notice in its Connecticut action.

On April 1, 2003, Aventis filed a notice of related action with the MDL Panel seeking transfer of this case to this Court.

8. *State of Connecticut v. Dey, Inc. et al.*, Case No. 3:03-CV-0572 (DJS) (D. Conn.), was filed originally in the Superior Court of the State of Connecticut. On March 31, 2003, defendant Roxane Laboratories, Inc. removed the case to the United States District Court for the District of Connecticut on similar grounds to the GSK removal notice. On April 4, 2003, defendants filed a notice of related action with the MDL Panel seeking transfer of this case to this Court.

9. *The State of California, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.*, Case No. CV03-2283-DT (C.D. Cal.), was filed originally in the Superior Court of the State of California on July 28, 1998. On January 3, 2003, the State of California intervened in the action and unsealed a portion of the action as against Abbott Laboratories, Inc. and Wyeth Inc./Wyeth Pharmaceuticals, Inc. On March 31, 2003, the case was removed to the United States District Court for the Central District of California. The Notice of Removal stated in pertinent part: "After recently obtaining and reviewing the partially unsealed court file, Abbott first ascertained that this action was removable and has filed this Notice of Removal in accordance with 28 U.S.C. § 1446(b)." On April 1, 2003, Abbott filed a notice of related action with the MDL Panel seeking transfer of this case to this Court.

Dated: April 4, 2003.                    Respectfully submitted,

                                         ON BEHALF OF ALL DEFENDANTS

                                         By: *signature*
                                         Nicholas C. Theodorou (BBO #496730)
                                         Juliet S. Sorensen (BBO # 647255)
                                         Foley Hoag LLP
                                         155 Seaport Boulevard
                                         Boston, MA 02210
                                         Telephone: (617) 832-1000
                                         Fax: (617) 832-7000

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2003, a true and correct copy of the foregoing Defendants' Status Report on Transfer of Related Actions to MDL No. 1456 was served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

                                         *signature*
                                         Nicholas C. Theodorou