## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL 1456 |
| | Master File No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| *Rice v. Abbott Laboratories, et al.,* N.D. Cal. Case No. C 02-3925 MJJ | |
| *Thompson v. Abbott Laboratories, et al,* N.D. Cal. Case No. C 02-4450 MJJ | |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS BY DEFENDANT FUJISAWA USA, INC.

### INTRODUCTION

Plaintiffs John Rice ("Rice") and Constance Thompson ("Thompson")

respectfully submit this joint opposition to the motion filed by Defendant Fujisawa USA,

Inc. to dismiss *Rice v. Abbott Laboratories, et al.,* N.D. Cal. Case No. C 02-3925 MJJ

and *Thompson v. Abbott Laboratories, et al,* N.D. Cal. Case No. C 02-4450 MJJ, which

were transferred to this action approximately 56 days ago.

1

Fujisawa claims that *Rice* and *Thompson* should be dismissed under Federal Rule of Civil Procedure ("FRCP") 4 and Massachusetts District Court Local Rule 4.1(b) for failure to timely serve process within 120 days of the removal to federal court. Fujisawa cites no authority, however, applying FRCP 4 or Local Rule 4.1(b) to "tag-along" cases in multi-district litigation, such as *Rice* and *Thompson*, which originated in California state court and which were stayed once removed to federal court.[1]  Instead, Fujisawa relies on cases involving "terminal procrastination" where the deadline for service is clear. The situation here could not be more different, since it is an open question when, what and how service should be effected.

Fujisawa ignores the essential reality that, for purposes of judicial efficiency and economy, service in *Rice* and *Thompson* must be coordinated with *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456 (the "AWP Litigation"). The Northern District of California already recognized the need for coordination by staying all proceedings in *Rice* and *Thompson*, including a motion to remand, pending a ruling by the Judicial Panel on Multi-District Litigation ("JPML") to vacate the conditional transfer of the cases to the AWP Litigation. In accordance with the stay, Rice and Thompson did not pursue their efforts to serve Fujisawa. Fujisawa takes no account of the effect of the stay on the 120-day period for service, but instead attempts to apply Local Rule 4.1 to a period of time prior to the transfer of these cases to this District. Although there is no clear authority setting a deadline for service in multi-district litigation such as this, the

---

[1]  Under Rule 1.1 of the Judicial Panel on Multi-District Litigation ("JPML") Rules of Procedure, a "tag-along action" is defined as "a civil action pending in a district court and involving common questions of fact with actions previously transferred under [28 U.S.C. §1407."

most reasonable deadline is 120 days from the date that *Rice* and *Thompson* were transferred to this District and the stay lifted, which is June 20, 2003.

Not only is the date for service unclear, the process to be served is also an issue. When the transfer became final in February 2003, Rice and Thompson became parties to the AWP Litigation, in which the Master Consolidated Complaint apparently supercedes their own Complaints. The issue thus arises whether Fujisawa should be served with the Master Consolidated Complaint and a summons issued by this Court, or with something else.

The Case Management Orders in the AWP litigation, which were never served on Rice or Thompson, do not address the issue of service of process in tag-along actions such as *Rice* and *Thompson*. In the absence of judicial guidance, counsel should reasonably have been expected to agree on the acceptable method for service of process, but Fujisawa's counsel refused to cooperate in resolving this issue without Court involvement. While Rice and Thompson recognize that service is essential to confer personal jurisdiction over Fujisawa and all Defendants, Rice and Thompson desire to effect service in an efficient and effective manner consistent the policy justifying multi-district litigation and the rights of all parties. Unable to reach agreement with Fujisawa's counsel on an acceptable service method, Rice and Thompson are serving Fujisawa with the original complaints and summons. Rice and Thompson will also take any further steps directed by the Court to serve Fujisawa and all other unserved defendants.[2]

---

[2] By serving Defendants, Rice and Thompson do not concede that federal jurisdiction exists in this, and they intend to renew the stayed motion to remand at the appropriate time.

Rice and Thompson respectfully request that the Court deny Fujisawa's motion and provide guidance when, what and how Rice and Thompson should serve process on Fujisawa and all unserved Defendants.

## STATEMENT OF FACTS

**I.     The *Rice* Case**

*Rice* was filed in the Superior Court for Alameda County, California on July 12, 2002 and removed to the Northern District of California on August 14, 2002. The Complaint alleges that Defendants violated California Business & Professions Code §17200. Rice contends that his state law claim is not subject to federal jurisdiction.

On August 15, 2003, Fujisawa and other Defendants filed a Notice of Related Action with the JPML, requesting the action be transferred to the AWP Litigation. Rice filed a motion to remand on August 19, 2002, which remains unresolved. About August 21, 2002, most if not all Defendants filed a motion to stay *Rice* pending a ruling whether *Rice* should be transferred to the AWP Litigation. The JPML issued a conditional transfer order of *Rice* on September 18, 2002, which Rice moved to vacate on October 17, 2002. The Northern District of California granted SmithKline's motion to stay all proceedings on November 26, 2002. On February 20, 2003, the JPML denied Rice's motion to vacate the conditional transfer order and transferred *Rice* to the AWP Litigation.

**II.     The *Thompson* Case**

Thompson filed her Complaint, which also alleges a violation of Business & Professions Code §17200, in San Francisco Superior Court on August 23, 2002. Fujisawa and other Defendants removed to the Northern District of California about

4

September 12, 2002.  On September 30, 2002, the Northern District of California *sua sponte* issued an order staying all further proceedings in the action, pending a determination whether the action would be transferred to the AWP Litigation.  The JPML issued a conditional transfer order on October 23, 2002, which Thompson moved to vacate on November 21, 2002.  The JPML denied Thompson's motion on February 20, 2002, and *Thompson* was transferred to the AWP Litigation on the same date as *Rice*.

## III.    Efforts to Serve Stayed by Court

Fujisawa falsely claims that Rice and Thompson never attempt to contact Fujisawa's counsel regarding service.  (Motion, p. 3.)  On September 23, 2002, Thompson's attorneys (who applied to become Plaintiff's counsel in *Rice* on September 27, 2002 that was granted on January 8, 2003) wrote to defense counsel, including Fujisawa's counsel, in attempt to resolve the issue of service of process.  (Declaration of Robert D. Sanford in Opposition to Motion to Dismiss ("Sanford Decl."), ¶2, Ex. A.)  Thompson requested that Defendants' counsel advise whether they would accept service on behalf of their client, unless they agreed that the notice of removal was a general appearance that obviated the need for service.  *Id.*  While no defense counsel agreed that the notice of removal was a general appearance, some defense counsel took the position that the issue of service did not need to be addressed until the Court's stay of the action was lifted.  (*Id.* at ¶3, Exs. B-C.)  Fujisawa's counsel did not address the issue of the stay's effect, but advised that they were not authorized to accept service on behalf of their client.  (*Id.* at ¶4, Ex. D.)

## IV.   Fujisawa Rejects Efforts to Resolve the Issue of Service

When *Rice* and *Thompson* were transferred to the AWP Litigation, the complaints in those actions were apparently superceded by the Master Consolidated Complaint under Case Management Order No. 2, which was subject to a pending motion to dismiss.  Rice and Thompson's attorneys concluded that the issue of service could and should be deferred until a ruling on the motion to dismiss, or at least until 120 days after the transfer occurred.  (Sanford Decl., ¶5.)  The dispositive motion to dismiss took precedence over subsidiary issues of when and what process was required in tag-along actions, particularly since the Court's Case Management Order No. 1 relieved Defendants from any obligation to respond to any tag-along complaint.  (*Id.*)

When Fujisawa served its motion to dismiss without first contacting counsel for Rice and Thompson, their attorneys immediately attempted to resolve the issue of service without burdening the Court.  (Sanford Decl., ¶6, Ex. E.)  Fujisawa refused to withdraw its motion, and its counsel rejected all attempts at informal resolution – including accepting service on behalf of their client, extending the time for service or otherwise reaching agreement on the time and manner of service.  (*Id.* at ¶¶7-8, Exs. F, G.)[3] Accordingly, Rice and Thompson took steps to serve Fujisawa with the original summonses and complaints, and will take any further steps to serve process as may be directed by the Court.  (*Id.* at ¶9.)

---

[3]  Counsel and the Court "share the responsibility for managing complex litigation in which they are involved.  Judges must look to lawyers to conduct the litigation in a professional manner and to assist them, not only by advising them on the facts and the law of the case, but also by submitting fair, practical, and effective proposals for the management of the litigation and by making management succeed."  (Manual for Complex Litigation, 3rd ed., §10.1, p. 3.)  Fujisawa's refusal to discuss a solution to the service issue is inconsistent with its duty to assist in the management of this complex litigation.

## ARGUMENT

I.  **FUJISAWA MISSTATES THE STANDARD FOR DISMISSAL UNDER FRCP 4, WHICH PERMITS A COURT TO EXTEND THE TIME FOR SERVICE EVEN IN THE ABSENCE OF "GOOD CAUSE"**

Fujisawa misstates FRCP 4 by claiming that the rule provides that: "[i]f a party fails to serve a defendant within 120 days, then the court, upon motion or *sua sponte*, shall notify the plaintiff and dismiss the action without prejudice or, upon good cause shown, direct the plaintiff to effectuate service within a specific time period." (Motion, pp. 1-2)  In fact, since the 1993 amendment to FRCP 4(m) which replaced prior FRCP 4(j), a court *may* deny a motion to dismiss even without "good cause" for failure to serve, but *must* deny the motion if good cause exists.  (*See, e.g. Henderson v. United States*, 517 U.S. 654, 662-664, n. 10 (1996); *De Tie v. Orange County*, 152 F.3d 1109, 1111-1112 (9th Cir. 1998).)

Having misstated FRCP 4, Fujisawa proceeds to cite inapposite.  For example, *Benjamin v. Grosnick*, 999 F.2d 590, 591, n.4 (1st Cir. 1993) cited prior FRCP 4(j), the predecessor to FRCP4(m), which required a plaintiff to show "good cause" to avoid mandatory dismissal of a complaint that was not served within 120 days of filing. (Motion, p. 2)[4]  The law is now to the contrary.

---

[4]  Having failed to recognize that *Benjamin* involved a prior version of FRCP 4, Fujisawa compounds its misrepresentation to the Court by not acknowledging that "good cause" did exist in the case to excuse any delay in service, but not the absence of any explanation of the failure to serve to operative complaint. Here, of course, it is not clear which complaint should be served – the original complaints in *Rice* or *Thompson*, or the Master Consolidated Complaint.  This uncertainty is another reason why the Court's guidance is necessary, rather than a dismissal without prejudice that only leaves the issue unresolved when a new action is instituted against Fujisawa.

In addition, Rice and Thompson arguably have to serve a new summons issued by this Court. (28 U.S.C. §1448; *Dean Marketing, Inc. v. v. A.O.C. International (U.S.A.), Inc.*, 610 F. Supp. 149, 151-522 (D. MI 1985).)  If a new summons will be required, the issuance presumably must be coordinated with any other tag-along action in which some Defendants are unserved.

Fujisawa also cites *McIsaac v. Ford*, 193 F.Supp.2d 38, 383-384 (D. Mass 2002) which, although it dealt with the current version of FRCP 4(m), did not involve multidistrict litigation where the deadline for service was unclear.  Fujisawa also applies Local Rule 4.1(b), which appears to contradict FRCP 4(m) by revoking the Court's discretion to not dismiss an action even in the absence of good cause.  Regardless of the validity of Local Rule 4.1.(b), it is undisputed that it does not apply to *Rice* and *Thompson* prior to February 20, 2003, when the conditional transfers became final.

> The pendency of a . . . conditional transfer order . . . before the [JPML] concerning transfer . . . of an action pursuant to 28 U.S.C. §1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any was limit the pretrial jurisdiction of that court.

(JPML Rule 1.5.)

Under Fujisawa's unworkable scheme, any action filed in or removed to federal court would be subject to the Local Rules of another District simply because the action was subsequently transferred to that District.  This process is not supported by any authority or by common sense.  Instead, the Local Rules of this Court apply only if and when a conditional transfer order becomes final.

In sum, Fujisawa offers no persuasive authority that the Court can or must dismiss the *Rice* and *Thompson* actions without prejudice.

## II.  GOOD CAUSE EXISTS TO PERMIT ADDITIONAL TIME TO PERMIT PROPER SERVICE OF PROCESS

As discussed above, the Court must deny this motion and permit additional time for service of process if "good cause" exists.  (FRCP 4(m).)  A court-ordered stay of proceedings is sufficient good cause, particularly where it reasonably leads plaintiff to believe that service is stayed.  (*DeTie, supra,* 152 F.3d at 1112.)  In this case, the

8

Northern District's stay of "all proceedings in" *Rice* and *Thompson* also stayed service of

process, a reality that even some Defendants acknowledged. (Sanford Decl., ¶3, Exs. B,

C.) The evidence is undisputed that Rice and Thompson attempted service on Fujisawa,

but that their efforts were interrupted by the proceedings to remove and transfer their

actions to the AWP Litigation. Under the circumstances, Rice and Thompson should be

afforded a fair opportunity to serve Defendants within a reasonable time, now that the

forum is determined (assuming that the actions are not remanded to California state

court). Service should thus be completed within 120 days of the final transfer of *Rice* and

*Thompson* to the AWP Litigation.

## III.    EVEN WITHOUT GOOD CAUSE, THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY THIS MOTION AND ORDER SERVICE IN THE MOST EFFICIENT MANNER

Even assuming Rice and Thompson have no good cause for the failure to serve

Fujisawa, the Court should still exercise its discretion under FRCP 4(m) to set forth clear

requirements for service of tag-along actions, rather than simply dismissing *Rice* and

*Thompson* without prejudice. A significant purpose of the AWP Litigation is to

coordinate and efficiently resolve the many individual actions that comprise the AWP

Litigation. Forcing Rice and Thompson to refile their action against Fujisawa will only

unnecessarily create another action that will inevitably be joined in the AWP Litigation.

The proper resolution is instead to provide clear instructions regarding outstanding

service issues in any tag-along case.

In addition, Fujisawa seeks an order from this Court to dismiss this action, even

though no court has resolved the issue raised by Rice's motion to remand whether the

federal jurisdiction exists. Rice and Thompson respectfully submit that the Court should

refrain from dismissing their actions when it is not even clear that the Court has

jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiff John Rice and Constance Thompson

respectfully request that the Court deny the motion to dismiss, and instead provide

direction as to service of process in tag-along cases.

Respectfully submitted,

DATED:  April 18, 2003                MOSCONE, EMBLIDGE & QUADRA, LLP

By _____
    James A. Quadra
    Robert D. Sanford
    Rebecca Bedwell-Coll

Attorneys for Plaintiffs John Rice and
Constance Thompson

## CERTIFICATE OF SERVICE

I hereby certify that I, Edward Notargiacomo, an attorney, caused true and correct copies of the foregoing Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss by Defendant Fujisawa USA, Inc., and Declaration of Robert D. Sanford in Opposition to Motion to Dismiss by Defendant Fujisawa USA, Inc., to be served on all counsel of record electronically, pursuant to Section D of Case Management Order No. 2.

By:_____

Edward Notargiacomo, Esq.
HAGENS BERMAN LLP
225 Franklin Street, 26th floor
Boston, MA 02110
(617) 482-3700