# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Rice v. Abbott Laboratories, et al.*, N.D. Cal. Case No. C 02-3925 MJJ<br><br>*Thompson v. Abbott Laboratories, et al,* N.D. Cal. Case No. C 02-4450 MJJ | MDL 1456<br><br>Master File No. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER ORDER DISMISSING ACTIONS

Plaintiffs John Rice and Constance Thompson respectfully request that the Court reconsider and vacate its Order, entered April 16, 2003, granting the motion of Defendant Fujisawa USA, Inc. ("Fujisawa USA") to dismiss the *Rice* and *Thompson* Complaints without prejudice for failure to serve process.[1]  The Court based its ruling on the apparent failure of Rice and Thompson to file a timely opposition to the motion.  As required by

1



Local Rule 7.1(b)(2), Rice and Thompson filed their opposition on April 18, 2003, fourteen days after service of the motion by Fujisawa by overnight delivery on April 4, 2003. Pursuant to the paragraph 11 of the Court's Case Management Order No. 2, dated July 23, 2002, Fujisawa served its motion through Verilaw Technologies, Inc. ("Verilaw"). Rice and Thompson were never served with Case Management Order No. 2, and thus were not registered with Verilaw and were not served of the motion on March 25, 2003. (Declaration of Robert D. Sanford in Support of Motion for Reconsideration of Order Dismissing Actions, ("Sanford Decl."), ¶2).

Instead, Rice and Thompson first received notice of the motion on April 5, 2003, when they received the motion to dismiss from Fujisawa USA via Federal Express. (Sanford Decl., ¶2, Ex. A.) After receipt of the motion, Rice and Thompson confirmed with Fujisawa USA that the opposition would be due on April 18, 2003. (Sanford Decl., ¶3, Ex. B.) After filing and serving their opposition to the motion to dismiss on April 18, Rice and Thompson first learned that the Court had entered its Order on April 16, 2003 dismissing the actions. (Sanford Decl., ¶4, Ex. C.)

Rice and Thompson respectfully request that the Court vacate its April 16 Order, so that the motion to dismiss may be considered on its merits. Procedural due process mandates adequate notice and an opportunity to be heard. *See, e.g. Cotnoir v. University Maine Systems*, 35 F.3d 6, 10 (1st Cir. 1994). Rice and Thompson did not have adequate notice either that they had to register with Verilaw in order to be served in this action or that Fujisawa had filed its motion to dismiss. Under the circumstances, Rice and

---

[1] Rice and Thompson have not been served with a copy of the Order, do not know its precise terms, and became aware of its entry from reviewing the Court's on-line docket where the Order cannot be downloaded.

2

Thompson respectfully submit that they should be permitted to challenge the motion to dismiss on the merits.

                                                        Respectfully submitted,

DATED:  April 18, 2003                   MOSCONE, EMBLIDGE & QUADRA, LLP

                                                        By _____
                                                            James A. Quadra
                                                            Robert D. Sanford
                                                            Rebecca Bedwell-Coll

                                                           Attorneys for Plaintiffs John Rice and
                                                           Constance Thompson