# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL 1456 |
| | Master File No. 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: | |
| *Rice v. Abbott Laboratories, et al.,* N.D. Cal. Case No. C 02-3925 MJJ | |
| *Thompson v. Abbott Laboratories, et al,* N.D. Cal. Case No. C 02-4450 MJJ | |

## DECLARATION OF ROBERT D. SANFORD IN SUPPORT OF MOTION TO RECONSIDER ORDER DISMISSING ACTIONS

I, Robert D. Sanford, hereby declare:

1.     I am an attorney licensed to practice in the State of California and of counsel with Moscone, Emblidge & Quadra LLP (MEQ"), counsel of record for Plaintiffs John Rice and Constance Thompson in the actions captioned above.  I have personal knowledge of all matters set forth below and am competent to testify thereto.

2.     On April 5, 2003, MEQ received the motion to dismiss filed by Defendant Fujisawa USA, Inc. ("Fujisawa") via Federal Express.  A copy of the cover letter from



1

Fujisawa's counsel and the motion are attached as Exhibit A and incorporated herein by reference. MEQ did not have notice of the motion to dismiss until it received Exhibit A.

3.      After receipt of the motion, I telephoned and wrote to Fujisawa's counsel in attempt to resolve the underlying issue of service of process and to confirm the deadline for filing an opposition to the motion of April 14, 2003 under Local Rule 7.1(b). A copy of my April 14, 2003 letter to Fujisawa's attorney is attached as Exhibit B and incorporated herein by reference.

4.      On April 15, 2003, I received a faxed letter from Fujisawa's counsel that contended that it had properly served its motion to dismiss through Verilaw, but that confirmed that the opposition was due on April 18, 2003. A copy of that letter is attached as Exhibit C and incorporated herein by reference.

5.      On April 18, 2003, Rice and Thompson filed and served their opposition to the motion to dismiss, a copy of which is attached as Exhibit D. I subsequently learned that the Court had granted the motion to dismiss on April 16, 2003.

6.      I also learned, after the opposition was filed, that Fujisawa is a dissolved Delaware corporation, so that service cannot be effected on Fujisawa under the existing summons issued by the Superior Court of California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: April 29, 2003                                   _____
                                                        Robert D. Sanford

Kathleen H. McGuan • 20⬤ ⬤4.9230 • kmcguan@reedsmith.com

# ReedSmith

April 4, 2003

BY FEDERAL EXPRESS

Rebecca Bedwell-Coll, Esq.
Moscone, Emblidge & Quadra LLP
180 Montgomery Street
Suite 1240
San Francisco, CA  94104

Derek G. Howard, Esq.
Murray & Howard LLP
436 14th Street
Suite 1413
Oakland, CA  94612

Re:   **In Re: Pharmaceutical Industry Average Wholesale Price Litigation,
      MDL No. 1456 (D. Mass.).**
      *Rice v. Abbott Laboratories, et al.,* **formerly No. 3:02-cv-03925
      (N.D.Cal.);** *Thompson v. Abbott Laboratories, et al.,* **formerly No. 3:02-
      cv-04450 (N.D.Cal.); and** *Turner v. Abbott Laboratories, et al.,*
      **formerly No. 3:02-cv-5006 (N.D.Cal.).**

Dear Counsel:

     We are counsel of record for Fujisawa USA, Inc. ("Fujisawa") in the above-
captioned matters.  As you are aware, the Judicial Panel on Multidistrict Litigation has
transferred these cases to the MDL No. 1456 pending in the United States District Court
for the District of Massachusetts.

     Fujisawa filed the enclosed motion to dismiss the complaints on March 25,
2003, and served the motion electronically through Verilaw, per the Court's Case
Management Order.  It has come to our attention, however, that you are not yet registered
with Verilaw.  To ensure that you receive notice of the filing, I have enclosed copies of the
motion.

Sincerely,

*Kathleen McGuan*

Kathleen H. McGuan

Enclosures

LONDON
NEW YORK
LOS ANGELES
SAN FRANCISCO
WASHINGTON, D.C.
PHILADELPHIA
PITTSBURGH
OAKLAND
PRINCETON
FALLS CHURCH
WILMINGTON
NEWARK
COVENTRY, U.K.
CENTURY CITY
RICHMOND
HARRISBURG
LEESBURG
WESTLAKE VILLA⬤

1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005-3373
202.414.9200
Fax 202.414.9299

r e e d s m i t h . c o m



COPY

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

IN RE: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

THIS DOCUMENTS RELATES
TO RICE v. ABBOTT LABORATORIES,
formerly No. 3:02-cv-03925 (N.D.Cal.),
THOMPSON v. ABBOTT
LABORATORIES, formerly No. 3:02-cv-
04450 (N.D.Cal.), and TURNER v.
ABBOTT LABORATORIES, formerly No.
3:02-cv-5006 (N.D.Cal.)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

MDL NO. 1456

CIVIL ACTION NO. 01-CV-12257-PBS

Judge Patti B. Saris

## DEFENDANT FUJISAWA USA'S MOTION TO DISMISS CERTAIN
## COMPLAINTS AGAINST IT FOR FAILURE OF SERVICE

Defendant Fujisawa USA, Inc. ("Fujisawa"), through undersigned counsel,

respectfully requests that the Court dismiss certain complaints against it pursuant to Fed. R. Civ.

P. 4 and Local Rule 4.1.  The cases involved are:  *Rice v. Abbott Laboratories, et al., Thompson*

*v. Abbott Laboratories, et al.*, and *Turner v. Abbott Laboratories, et al.*

Plaintiffs in those matters have not perfected service on Fujisawa, although the

time within which service was to be completed has long since lapsed.  Plaintiffs have filed no

motion for leave for an extension of time to serve, and can show no good cause for failing to

perfect service.   The Court should dismiss the complaints identified above based on this failure.

In support of its Motion to Dismiss, Fujisawa relies on the accompanying

Memorandum of Law.

BINGHAM MCCUTCHEN LLP

By: _____
    S. Elaine McChesney
    Terry Klein
    150 Federal Street
    Boston MA  02110
    (617) 951-8501
    (617) 951-8736 (fax)


REED SMITH LLP


By: _____
    Kathleen H. McGuan
    Andrew L. Hurst
    1301 K Street NW
    Suite 1100 – East Tower
    Washington, DC 20005
    (202) 414-9200
    (202) 414-9299 (fax)



    _____
    Michael T. Scott
    2500 One Liberty Place
    1650 Market Street
    Philadelphia, PA  19103-7301
    (215) 851-8100
    (215) 851-1420 (fax)

    Attorneys for Defendants Fujisawa
    USA, Inc.


Dated:   March 25, 2003

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) |

MDL NO. 1456

CIVIL ACTION NO. 01-CV-12257-PBS

Judge Patti B. Saris

|  |  |
|---|---|
| THIS DOCUMENTS RELATES TO RICE v. ABBOTT LABORATORIES, formerly No. 3:02-cv-03925 (N.D.Cal.), THOMPSON v. ABBOTT LABORATORIES, formerly No. 3:02-cv-04450 (N.D.Cal.), and TURNER v. ABBOTT LABORATORIES, formerly No. 3:02-cv-5006 (N.D.Cal.) | ) ) ) ) ) ) ) ) ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FUJISAWA USA'S MOTION TO DISMISS CERTAIN COMPLAINTS AGAINST IT FOR FAILURE OF SERVICE

Fujisawa USA, Inc. ("Fujisawa") has not been served with process in any of the following matters which have been transferred to this Court: *Rice v. Abbott Laboratories, et al.,* formerly No. 3:02-cv-03925 (N.D.Cal.), *Thompson v. Abbott Laboratories, et al.,* formerly No. 3:02-cv-04450 (N.D.Cal.), and *Turner v. Abbott Laboratories, et al.,* formerly No. 3:02-cv-5006 (N.D.Cal.). The time within which service of process was required in each matter has long since expired, and plaintiffs have filed no motion to extend this time. Plaintiffs have not even attempted to contact Fujisawa regarding these matters. Because process has not been served, because plaintiffs have not sought an extension of time to serve, and because no good cause for failure to serve process exists, the Court should dismiss the three cases identified above as to Fujisawa. In support of its motion, Fujisawa states as follows:

The Federal Rules allow a plaintiff 120 days to serve a summons and a complaint on a defendant. *See* Fed. R. Civ. P. 4(m). If a party fails to serve a defendant within 120 days, then the court, upon motion or *sua sponte*, shall notify the plaintiff and dismiss the action

without prejudice or, upon good cause shown, direct the plaintiff to effectuate service within a specific time period. *Id.* A defendant "must be served in accordance with Fed. R. Civ. P. 4 in order for the court to secure personal jurisdiction over him." *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988).

In this District, service of process is further governed by Local Rule 4.1(b), which specifically states that:

> Counsel and parties appearing pro se who seek to show good cause for the failure to make service within the 120 day period prescribed by Fed. R. Civ. P. 4(m) shall do so by filing a motion for enlargement of time under Fed. R. Civ. P. 6(b), together with a supporting affidavit. If on the tenth day following the expiration of the 120-day period good cause has not been shown as provided herein, the clerk shall forthwith automatically enter an order of dismissal for failure to effect service of process, without awaiting any further order of the court.

Courts have not hesitated to dismiss complaints where the plaintiff fails to present good cause for her failure to serve the defendant in a timely fashion. *See Benjamin v. Grosnick*, 999 F.2d 590, 592-93 (1st Cir. 1993)(affirming district court's order dismissing plaintiff's complaint because he failed to establish good cause for his failure to serve defendant with a correct copy of the complaint).

In applying this "good cause" standard, courts distinguish the plaintiffs who substantially comply with service of process rules from the plaintiffs who suffer from "terminal procrastination." *See McIssac v. Ford*, 193 F. Supp. 2d 832, 384 (1st Cir. 2002). Courts in the First Circuit will not excuse an idle litigant's failure timely to serve the summons and complaint even if such failure did not prejudice the defendant's litigation position. *See Burke v. City of Boston*, No. 98-1891, 1999 WL 1338355, at 2 (1st Cir. 1999) (attached at Exhibit "A") (dismissing plaintiff's complaint against defendants after concluding that "[t]his was not a case of defective service, but of no service at all, and the lack of prejudice to the defendants (assuming there was none) cannot negate counsel's fundamental failure.")

It is important to note that actual notice itself, without more, is insufficient to satisfy the Rule 4 service requirements. *See Precision Etchings & Findings, Inc. v. LGP Gem*,

*Ltd.*, 953 F.2d 21, 24 (1st Cir. 1992); *see also Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988) ("Actual notice and simply naming the person in the caption of the complaint is insufficient to subject a defendant to the jurisdiction of the court")).

The dates upon which service of the complaints in the above-identified matters was due is as follows:

| Action | State Court Filing | Removal | Service Due[1] |
|---|---|---|---|
| Rice | 7/12/02 | 8/14/02 | 12/12/02 |
| Turner | 9/9/02 | 10/16/02 | 2/13/03 |
| Thompson | 8/23/02 | 9/12/02 | 1/10/03 |

Fujisawa has not been served with process, either following the filing of the complaint in state court, or at any time subsequent to removal in any of these matters. Nor has service ever been attempted. Fujisawa has not been contacted by counsel for the plaintiffs in those matters regarding waiver of service (or any other issue).

Nor can the plaintiffs show good cause for failing to serve. Fujisawa has remained available and amenable to service in all of the relevant jurisdictions since the inception of the matters. Indeed, plaintiffs in the other AWP matters have served Fujisawa without difficulty.

Because plaintiffs have utterly disregarded their jurisdictional obligation to serve these complaints, and have made no effort (formal or otherwise) to extend their time to serve, the Court should dismiss the complaints pursuant to Fed. R. Civ. P. 4 and Local Rule 4.1.

---

[1] In cases which are removed from state to federal court where process has not been perfected prior to removal, service of process may be completed or new process issued in the same manner as in cases originally filed in such district court. 28 U.S.C. § 1448. The date upon which service was required to be completed in each action, therefore, would be 120 days from the date of removal from the state court pursuant to Fed. R. Civ. P. 4(m).

BINGHAM MCCUTCHEN LLP

By: _____
S. Elaine McChesney
Terry Klein
150 Federal Street
Boston MA  02110
(617) 951-8501
(617) 951-8736 (fax)


REED SMITH LLP


By: _____
Kathleen H. McGuan
Andrew L. Hurst
1301 K Street NW
Suite 1100 -- East Tower
Washington, DC 20005
(202) 414-9200
(202) 414-9299 (fax)




_____
Michael T. Scott
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
(215) 851-8100
(215) 851-1420 (fax)

Attorneys for Defendants Fujisawa
USA, Inc.



Dated:   March 25, 2003

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Defendant Fujisawa USA's Motion to Dismiss Certain Complaints Against It For Failure of Service was delivered to all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending, on March 25, 2003, a copy to Verilaw Technologies for posting and notification to all parties.

Andrew Hurst /TK
_____
Andrew L. Hurst

LITDOCS:491902.1

201 F.3d 426 (Table)                                         **Page 1**
**Unpublished Disposition**

(Cite as: 201 F.3d 426, 1999 WL 1338355 (1st Cir.(Mass.)))

NOTICE: THIS IS AN UNPUBLISHED
OPINION.

(The Court's decision is referenced in a "Table of
Decisions Without Reported Opinions" appearing in
the Federal Reporter. Use FI CTA1 Rule 36 for
rules regarding the citation of unpublished opinions.)

United States Court of Appeals, First Circuit.

Elvin A. BURKE, Plaintiff, Appellant,
v.
CITY OF BOSTON, et al., Defendants, Appellees.

No. 98-1891.

July 2, 1999.

Appeal from the United States District Court for the
District of Massachusetts, Edward F. Harrington,
U.S. District Judge.

James P. Duggan, for appellant.

Dawna McIntyre, Assistant Corporation Counsel,
City of Boston Law Department, with whom Merita
A. Hopkins, Corporation Counsel, was on brief, for
appellees.

Before LIPEZ, Circuit Judge, ALDRICH and
KRAVITCH, [FN*] Senior Circuit Judges.

      FN* Of the Eleventh Circuit, sitting by
      designation.

PER CURIAM.

**1 Plaintiff Elvin Burke sued the City of Boston
and four Boston police officers, alleging a violation
of the Massachusetts Tort Claims Act, several
intentional torts, and violations of state and federal
civil rights laws. After plaintiff's properly serving
the City, but failing to serve the four individual
defendants within the requisite time period, the
district court dismissed his claims against all
defendants. We affirm in part and reverse in part.

The present action arose from events allegedly
taking place on October 10, 1994. Burke maintains
that he was unlawfully detained, arrested, and beaten
by uniformed Boston police officers while he was
shopping at an Auto Palace in Roslindale,

Massachusetts. He was subsequently charged with
several assault and battery counts, among others, but
all charges were dismissed for want of prosecution
on April 3, 1995.

On July 3, 1997, Burke filed a complaint in the
state court, naming the four officers and the City of
Boston. He alleged that the City was liable for
negligent supervision under the Massachusetts Tort
Claims Act, Mass.Gen.Laws ch. 258, and that all
five defendants had committed state and federal civil
rights violations, and he accused the four officers of
assault and battery, civil conspiracy, false arrest,
and malicious prosecution. Service was made on the
City on July 25, and the City removed the case to
the district court on August 11 and filed its answer
on October 29. At that point, the four officers had
not yet been served, and they still had not been
served at the time of the first scheduling conference
on December 8. During that conference, counsel for
the City stated to the court with Burke's counsel
present that the four officers still had not been
served. On April 9, 1998, the four officers filed a
motion to dismiss for failure to serve them, and the
court allowed the motion on May 15. The court also
dismissed the claims against the City of Boston "on
the ground that the case has now been dismissed
against all the employees of the City of Boston."
Burke did not respond to the officers' initial motion,
but filed a motion to vacate the order of dismissal on
June 3. The officers and the City filed a response on
June 12, and Burke filed his supporting
memorandum on June 18. The court denied the
motion.

Burke now asks us, first, to reverse the dismissal of
his claims against the four individual officers. This
we decline to do. Federal Rule 4(m) applies here
since no service was made prior to removal, see 28
U.S.C. § 1448, and it requires dismissal if service is
not made within 120 days of the filing of the
complaint unless the plaintiff shows "good cause"
for the failure. We review a district court's
determination on this question for abuse of
discretion. See Benjamin v. Grossnick, 999 F.2d
590, 591 (1st Cir.1993). Burke made no response to
the officers' motion to dismiss, instead filing a
motion to vacate over two weeks after the district
court ordered dismissal and a supporting
memorandum another two weeks later, several days
after the officers filed their opposition. The factors
Burke discussed in those filings--the merits of his

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

"A"

201 F.3d 426 (Table)
(Cite as: 201 F.3d 426, 1999 WL 1338355, **1 (1st Cir.(Mass.)))

case, the assertion that the police officers knew that they were being sued, his participation in a court-ordered scheduling conference, and his willingness to make expeditious service--can hardly be considered reasons, much less "good cause," for counsel, as he admitted at oral argument, simply forgetting to serve the four officers.

**2 Burke claims dismissal on the basis of a technicality despite the absence of prejudice to the defendants and his willingness to make expeditious service was contrary to the spirit of the Federal Rules. He misconstrues the nature of the current situation and the applicability of our precedents. It is true that we would not require dismissal where a minor, technical error resulted in defective service of process but the defendant was not prejudiced. *See, e.g., Libertad v. Welch,* 53 F.3d 428, 440 (1st Cir.1995); *Roque v. United States,* 857 F.2d 20, 22 (1st Cir.1988). However, there must first be substantial compliance. *See Precision Etchings & Findings v. LGP Gem, Ltd.,* 953 F.2d 21, 24 (1st Cir.1992). Such was entirely lacking here. This was a case not of defective service but of no service at all, and the lack of prejudice to the defendants (assuming there was none) cannot negate counsel's fundamental failure.

The claims against the City are a different matter.

The City did not seek dismissal of the claims against it. Even after dismissal without prejudice of all the claims against the individual officers, there remained an allegation of federal constitutional violations by the City. The district court also had supplemental jurisdiction over the two state law claims against the City. *See* 28 U.S.C. § 1367. Given these circumstances and the fact that the City was properly served, it was improper for the district court to dismiss Burke's claims against it.

The City's citation to *Los Angeles v. Heller,* 475 U.S. 796, 798-99 (1986), is misplaced. Here there has not been a finding on the merits that Burke suffered no constitutional injury, and he may show one even without the officers as individual party defendants.

For the reasons stated, we affirm the district court's dismissal of Burke's claims against the four individual Boston police officers. We reverse the dismissal of Burke's claims against the City of Boston and remand for further proceedings consistent with this opinion.

201 F.3d 426 (Table), 1999 WL 1338355 (1st Cir.(Mass.)) Unpublished Disposition

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

**BINGHAM McCUTCHEN**

FILED
[illegible stamp]

7003 MAR 25  P 1: 47

Terry Klein
Direct Dial: 617.951.8579
E-Mail: terry.klein@bingham.com

U.S. DISTRICT COURT
DIS RICT OF MASS.

March 25, 2003

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
San Francisco
Silicon Valley
Singapore
Walnut Creek
Washington

<u>BY HAND</u>

Clerk of Court
United States District Court
One Courthouse Way
Boston, Massachusetts 02110

Re:    **In re Pharmaceutical Industry Average Wholesale Price Litigation
        MDL No. 1456**

Dear Sir or Madam::

Enclosed for filing in the above-referenced matter please find the following:

1.  Defendant Fujisawa USA's Motion to Dismiss Certain
    Complaints Filed Against it for Failure of Service; and
2.  Memorandum of Law in Support of Defendant Fujisawa
    USA's Motion to Dismiss Certain Complaints Filed Against it
    for Failure of Service.

Please contact me if you have any questions.

Very truly yours,

Terry Klein

cc:    S. Elaine McChesney

## SUPPLEMENTAL CERTIFICATE OF SERVICE

I certify that a true and correct copy of Defendant Fujisawa USA's Motion to Dismiss Certain Complaints Against It For Failure of Service was delivered to all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending, on March 25, 2003, a copy to Verilaw Technologies for posting and notification to all parties.

In addition, a true and correct copy of Defendant Fujisawa USA's Motion to Dismiss Certain Complaints Against It For Failure of Service was transmitted via Federal Express on April 4, 2003, to:

> Rebecca Bedwell-Coll, Esq.
> Moscone, Emblidge & Quadra LLP
> 180 Montgomery Street
> Suite 1240
> San Francisco, CA 94104
>
> Derek G. Howard, Esq.
> Murray & Howard LLP
> 436 14th Street
> Suite 1413
> Oakland, CA 94612

Kathleen H. McGuan

LAW OFFICES OF

MOSCONE, EMBLIDGE & QUADRA, LLP

180 Montgomery Street, Suite 1240
San Francisco, California 94104-4230
Tel: (415) 362-3599
Fax: (415) 362-7332

April 14, 2003

**Via Facsimile Only**

Kathleen H. McGuan
Reed Smith
1301 K Street, N.W.
Suite 1100 – East Tower
Washington D.C. 20005-3373

**RE:   In re Pharmaceutical Industry Average Wholesale Price Litigation,
MDL No. 1456,** *Rice v. Abbott Laboratories,et al.,* **N.D. Cal. Case No. C 02-
3925 MJJ,** *Thompson v. Abbott Laboratories, et al,* **N.D. Cal. Case No. C 02-
4450 MJJ**

Dear Ms. McGuan:

This firm represents Plaintiffs in the *Rice* and *Thompson* matters referred to
above. I write to confirm our phone conversation on April 7th in which you refused to
withdraw the motion to dismiss Plaintiffs' complaints filed by Defendant Fujisawa USA,
Inc. I advised you that the United States District Court for the Northern District of
California had stayed all proceedings pending a ruling on Plaintiffs' motion to vacate the
conditional transfer order transferring the cases to MDL Case No. 1456. Although you
contend that "it is not the law" that the stay affected service of process, you offer no
authority for your position which is not addressed in the motion. The law is to the
contrary. *See, e.g., DeTie v. Orange County,* 152 F.3d 1109, (9th Cir. 1998).

This letter also confirms your refusal to accept service on behalf of Fujisawa, and
that Fujisawa's motion to dismiss was served on by Federal Express on April 4, 2003.
Under Local Rule 7.1(b), Plaintiffs' opposition to the motion is due on April 18, 2003.

Very truly yours,

MOSCONE, EMBLIDGE & QUADRA LLP

By _____
Robert D. Sanford

cc:   Edward Nortargiacomo, Esq.

```
HP LaserJet 3100                          AD HOC BROADCAST REPORT for
Printer/Fax/Copier/Scanner                Moscone, Emblidge & Quadra, LLP
                                          415 984 0414
                                          Apr-14-03   2:25PM
```

| Job | Phone Number | Start Time | Pages | Mode | Status |
|-----|-------------|-----------|-------|------|--------|
| 101 | 12024149299.............. | 4/14  2:23PM...... | 2/ 2 | BC .......... | Completed........................................ |
| 101 | 16174823003.............. | 4/14  2:24PM...... | 2/ 2 | BC .......... | Completed........................................ |

LAW OFFICES OF
MOSCONE, EMBLIDGE & QUADRA, LLP
180 Montgomery Street, Suite 1240
San Francisco, California 94104-4238
Tel: (415) 362-3599
Fax: (415) 362-7352

**FACSIMILE COVER SHEET**

**Monday, April 14, 2003, 2:20 PM**

TO:     Kathleen H. McGuan          FAX:    (202) 414-9299

CC:     Edward Nortargiacomo        FAX:    (617) 482-3003

FROM: Robert Sanford

RE:     *Rice v. Abbott Labs, et al.; Thompson v. Abbott Labs, et al.*

MESSAGE:   See attached correspondence.

   We are transmitting a total of 2 pages, including this cover sheet.  If you did not
receive all of the pages or there is another problem, please call Norma Butler at (415)
362-3599, ext. 23.

**CONFIDENTIALITY NOTE**

   THIS AND ANY ACCOMPANYING PAGES CONTAIN INFORMATION FROM THE LAW
OFFICES OF MOSCONE, EMBLIDGE & QUADRA, LLP WHICH IS CONFIDENTIAL AND
PRIVILEGED.  THE INFORMATION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE.  IF YOU ARE NOT THE INTENDED RECIPIENT, THEN BE AWARE
THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THE ACCOMPANYING
DOCUMENT (OR THE INFORMATION CONTAINED IN IT) IS PROHIBITED.  IF YOU HAVE
RECEIVED THIS FACSIMILE TRANSMISSION IN ERROR, PLEASE NOTIFY OUR OFFICES
IMMEDIATELY SO THAT WE CAN ARRANGE FOR RETRIEVAL AT NO COST TO YOU.

Kathleen H. McGuan • 202.___.9230 • kmcguan@reedsmith.com

# ReedSmith

April 15, 2003

VIA FACSIMILE NO. (415) 362-7332
AND FIRST-CLASS MAIL

Robert D. Sanford, Esq.
Moscone, Emblidge & Quadra, LLP
180 Montgomery Street
Suite 1240
San Francisco, CA 94104-4230

Re:   **In re: Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456**

Dear Robert:

Thank you for your letter of April 14, 2003, regarding the *Rice* and *Thompson* cases, now transferred to the above-referenced multi-district litigation. I assume you will make whatever arguments you believe to be appropriate in an opposition to our motion filed with the Court and I will respond to them by filing a reply brief.

You correctly note that I will not accept service on behalf of Fujisawa USA, Inc. at this late date.

Fujisawa's Motion to Dismiss was served on March 25, 2003, in the manner ordered by the Court in its Case Management Order No. 2. We provided you with a copy of it on April 4, 2003, as a professional courtesy, when we learned that you had not subscribed to the Verilaw service as required by the Court's Order. Nevertheless, we have offered to extend the time for your clients to respond to the Motion to Dismiss until April 18, 2003.

Please contact me should you wish to discuss the matter further.

Sincerely,

REED SMITH LLP

Kathleen H. McGuan

KHM:clr

LONDON
NEW YORK
LOS ANGELES
SAN FRANCISCO
WASHINGTON, D.C.
PHILADELPHIA
PITTSBURGH
OAKLAND
PRINCETON
FALLS CHURCH
WILMINGTON
NEWARK
COVENTRY, U.K.
CENTURY CITY
RICHMOND
HARRISBURG
LEESBURG
WESTLAKE VILLAGE

1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005-3373
202.414.9200
Fax 202.414.9299

r e e d s m i t h . c o m

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL 1456 |
| | Master File No. 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: | |
| *Rice v. Abbott Laboratories, et al.,* N.D. Cal. Case No. C 02-3925 MJJ | |
| *Thompson v. Abbott Laboratories, et al,* N.D. Cal. Case No. C 02-4450 MJJ | |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS BY DEFENDANT FUJISAWA USA, INC.

### INTRODUCTION

Plaintiffs John Rice ("Rice") and Constance Thompson ("Thompson")

respectfully submit this joint opposition to the motion filed by Defendant Fujisawa USA,

Inc. to dismiss *Rice v. Abbott Laboratories, et al.,* N.D. Cal. Case No. C 02-3925 MJJ

and *Thompson v. Abbott Laboratories, et al,* N.D. Cal. Case No. C 02-4450 MJJ, which

were transferred to this action approximately 56 days ago.

1

Fujisawa claims that *Rice* and *Thompson* should be dismissed under Federal Rule of Civil Procedure ("FRCP") 4 and Massachusetts District Court Local Rule 4.1(b) for failure to timely serve process within 120 days of the removal to federal court. Fujisawa cites no authority, however, applying FRCP 4 or Local Rule 4.1(b) to "tag-along" cases in multi-district litigation, such as *Rice* and *Thompson*, which originated in California state court and which were stayed once removed to federal court.[1]  Instead, Fujisawa relies on cases involving "terminal procrastination" where the deadline for service is clear. The situation here could not be more different, since it is an open question when, what and how service should be effected.

Fujisawa ignores the essential reality that, for purposes of judicial efficiency and economy, service in *Rice* and *Thompson* must be coordinated with *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456 (the "AWP Litigation"). The Northern District of California already recognized the need for coordination by staying all proceedings in *Rice* and *Thompson*, including a motion to remand, pending a ruling by the Judicial Panel on Multi-District Litigation ("JPML") to vacate the conditional transfer of the cases to the AWP Litigation. In accordance with the stay, Rice and Thompson did not pursue their efforts to serve Fujisawa. Fujisawa takes no account of the effect of the stay on the 120-day period for service, but instead attempts to apply Local Rule 4.1 to a period of time prior to the transfer of these cases to this District. Although there is no clear authority setting a deadline for service in multi-district litigation such as this, the

---

[1]  Under Rule 1.1 of the Judicial Panel on Multi-District Litigation ("JPML") Rules of Procedure, a "tag-along action" is defined as "a civil action pending in a district court and involving common questions of fact with actions previously transferred under [28 U.S.C. §1407."

most reasonable deadline is 120 days from the date that *Rice* and *Thompson* were transferred to this District and the stay lifted, which is June 20, 2003.

Not only is the date for service unclear, the process to be served is also an issue. When the transfer became final in February 2003, Rice and Thompson became parties to the AWP Litigation, in which the Master Consolidated Complaint apparently supercedes their own Complaints. The issue thus arises whether Fujisawa should be served with the Master Consolidated Complaint and a summons issued by this Court, or with something else.

The Case Management Orders in the AWP litigation, which were never served on Rice or Thompson, do not address the issue of service of process in tag-along actions such as *Rice* and *Thompson*. In the absence of judicial guidance, counsel should reasonably have been expected to agree on the acceptable method for service of process, but Fujisawa's counsel refused to cooperate in resolving this issue without Court involvement. While Rice and Thompson recognize that service is essential to confer personal jurisdiction over Fujisawa and all Defendants, Rice and Thompson desire to effect service in an efficient and effective manner consistent the policy justifying multi-district litigation and the rights of all parties. Unable to reach agreement with Fujisawa's counsel on an acceptable service method, Rice and Thompson are serving Fujisawa with the original complaints and summons. Rice and Thompson will also take any further steps directed by the Court to serve Fujisawa and all other unserved defendants.[2]

---

[2] By serving Defendants, Rice and Thompson do not concede that federal jurisdiction exists in this, and they intend to renew the stayed motion to remand at the appropriate time.

Rice and Thompson respectfully request that the Court deny Fujisawa's motion and provide guidance when, what and how Rice and Thompson should serve process on Fujisawa and all unserved Defendants.

## STATEMENT OF FACTS

I.   **The *Rice* Case**

*Rice* was filed in the Superior Court for Alameda County, California on July 12, 2002 and removed to the Northern District of California on August 14, 2002. The Complaint alleges that Defendants violated California Business & Professions Code §17200. Rice contends that his state law claim is not subject to federal jurisdiction.

On August 15, 2003, Fujisawa and other Defendants filed a Notice of Related Action with the JPML, requesting the action be transferred to the AWP Litigation. Rice filed a motion to remand on August 19, 2002, which remains unresolved. About August 21, 2002, most if not all Defendants filed a motion to stay *Rice* pending a ruling whether *Rice* should be transferred to the AWP Litigation. The JPML issued a conditional transfer order of *Rice* on September 18, 2002, which Rice moved to vacate on October 17, 2002. The Northern District of California granted SmithKline's motion to stay all proceedings on November 26, 2002. On February 20, 2003, the JPML denied Rice's motion to vacate the conditional transfer order and transferred *Rice* to the AWP Litigation.

II.  **The *Thompson* Case**

Thompson filed her Complaint, which also alleges a violation of Business & Professions Code §17200, in San Francisco Superior Court on August 23, 2002. Fujisawa and other Defendants removed to the Northern District of California about

4

September 12, 2002. On September 30, 2002, the Northern District of California *sua sponte* issued an order staying all further proceedings in the action, pending a determination whether the action would be transferred to the AWP Litigation. The JPML issued a conditional transfer order on October 23, 2002, which Thompson moved to vacate on November 21, 2002. The JPML denied Thompson's motion on February 20, 2002, and *Thompson* was transferred to the AWP Litigation on the same date as *Rice*.

## III.    Efforts to Serve Stayed by Court

Fujisawa falsely claims that Rice and Thompson never attempt to contact Fujisawa's counsel regarding service. (Motion, p. 3.) On September 23, 2002, Thompson's attorneys (who applied to become Plaintiff's counsel in *Rice* on September 27, 2002 that was granted on January 8, 2003) wrote to defense counsel, including Fujisawa's counsel, in attempt to resolve the issue of service of process. (Declaration of Robert D. Sanford in Opposition to Motion to Dismiss ("Sanford Decl."), ¶2, Ex. A.) Thompson requested that Defendants' counsel advise whether they would accept service on behalf of their client, unless they agreed that the notice of removal was a general appearance that obviated the need for service. *Id.* While no defense counsel agreed that the notice of removal was a general appearance, some defense counsel took the position that the issue of service did not need to be addressed until the Court's stay of the action was lifted. (*Id.* at ¶3, Exs. B-C.) Fujisawa's counsel did not address the issue of the stay's effect, but advised that they were not authorized to accept service on behalf of their client. (*Id.* at ¶4, Ex. D.)

## IV.    Fujisawa Rejects Efforts to Resolve the Issue of Service

When *Rice* and *Thompson* were transferred to the AWP Litigation, the complaints

in those actions were apparently superceded by the Master Consolidated Complaint under

Case Management Order No. 2, which was subject to a pending motion to dismiss.  Rice

and Thompson's attorneys concluded that the issue of service could and should be

deferred until a ruling on the motion to dismiss, or at least until 120 days after the transfer

occurred.  (Sanford Decl., ¶5.)  The dispositive motion to dismiss took precedence over

subsidiary issues of when and what process was required in tag-along actions,

particularly since the Court's Case Management Order No. 1 relieved Defendants from

any obligation to respond to any tag-along complaint.  (*Id.*)

When Fujisawa served its motion to dismiss without first contacting counsel for

Rice and Thompson, their attorneys immediately attempted to resolve the issue of service

without burdening the Court.  (Sanford Decl., ¶6, Ex. E.)  Fujisawa refused to withdraw

its motion, and its counsel rejected all attempts at informal resolution – including

accepting service on behalf of their client, extending the time for service or otherwise

reaching agreement on the time and manner of service.  (*Id.* at ¶¶7-8, Exs. F, G.)[3]

Accordingly, Rice and Thompson took steps to serve Fujisawa with the original

summonses and complaints, and will take any further steps to serve process as may be

directed by the Court.  (*Id.* at ¶9.)

---

[3] Counsel and the Court "share the responsibility for managing complex litigation in which they are involved.  Judges must look to lawyers to conduct the litigation in a professional manner and to assist them, not only by advising them on the facts and the law of the case, but also by submitting fair, practical, and effective proposals for the management of the litigation and by making management succeed." (Manual for Complex Litigation, 3rd ed., §10.1, p. 3.)  Fujisawa's refusal to discuss a solution to the service issue is inconsistent with its duty to assist in the management of this complex litigation.

## ARGUMENT

I. **FUJISAWA MISSTATES THE STANDARD FOR DISMISSAL UNDER FRCP 4, WHICH PERMITS A COURT TO EXTEND THE TIME FOR SERVICE EVEN IN THE ABSENCE OF "GOOD CAUSE"**

Fujisawa misstates FRCP 4 by claiming that the rule provides that: "[i]f a party fails to serve a defendant within 120 days, then the court, upon motion or *sua sponte*, shall notify the plaintiff and dismiss the action without prejudice or, upon good cause shown, direct the plaintiff to effectuate service within a specific time period." (Motion, pp. 1-2)  In fact, since the 1993 amendment to FRCP 4(m) which replaced prior FRCP 4(j), a court *may* deny a motion to dismiss even without "good cause" for failure to serve, but *must* deny the motion if good cause exists.  (*See, e.g. Henderson v. United States*, 517 U.S. 654, 662-664, n. 10 (1996); *De Tie v. Orange County*, 152 F.3d 1109, 1111-1112 (9th Cir. 1998).)

Having misstated FRCP 4, Fujisawa proceeds to cite inapposite.  For example, *Benjamin v. Grosnick*, 999 F.2d 590, 591, n.4 (1st Cir. 1993) cited prior FRCP 4(j), the predecessor to FRCP4(m), which required a plaintiff to show "good cause" to avoid mandatory dismissal of a complaint that was not served within 120 days of filing. (Motion, p. 2)[4]  The law is now to the contrary.

---

[4]  Having failed to recognize that *Benjamin* involved a prior version of FRCP 4, Fujisawa compounds its misrepresentation to the Court by not acknowledging that "good cause" did exist in the case to excuse any delay in service, but not the absence of any explanation of the failure to serve to operative complaint. Here, of course, it is not clear which complaint should be served – the original complaints in *Rice* or *Thompson*, or the Master Consolidated Complaint.  This uncertainty is another reason why the Court's guidance is necessary, rather than a dismissal without prejudice that only leaves the issue unresolved when a new action is instituted against Fujisawa.

In addition, Rice and Thompson arguably have to serve a new summons issued by this Court. (28 U.S.C. §1448; *Dean Marketing, Inc. v. v. A.O.C. International (U.S.A.), Inc.*, 610 F. Supp. 149, 151-522 (D. MI 1985).)  If a new summons will be required, the issuance presumably must be coordinated with any other tag-along action in which some Defendants are unserved.

Fujisawa also cites *McIsaac v. Ford*, 193 F.Supp.2d 38, 383-384 (D. Mass 2002) which, although it dealt with the current version of FRCP 4(m), did not involve multi-district litigation where the deadline for service was unclear. Fujisawa also applies Local Rule 4.1(b), which appears to contradict FRCP 4(m) by revoking the Court's discretion to not dismiss an action even in the absence of good cause. Regardless of the validity of Local Rule 4.1.(b), it is undisputed that it does not apply to *Rice* and *Thompson* prior to February 20, 2003, when the conditional transfers became final.

> The pendency of a . . . conditional transfer order . . . before the [JPML] concerning transfer . . . of an action pursuant to 28 U.S.C. §1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any was limit the pretrial jurisdiction of that court.

(JPML Rule 1.5.)

Under Fujisawa's unworkable scheme, any action filed in or removed to federal court would be subject to the Local Rules of another District simply because the action was subsequently transferred to that District. This process is not supported by any authority or by common sense. Instead, the Local Rules of this Court apply only if and when a conditional transfer order becomes final.

In sum, Fujisawa offers no persuasive authority that the Court can or must dismiss the *Rice* and *Thompson* actions without prejudice.

## II.   GOOD CAUSE EXISTS TO PERMIT ADDITIONAL TIME TO PERMIT PROPER SERVICE OF PROCESS

As discussed above, the Court must deny this motion and permit additional time for service of process if "good cause" exists. (FRCP 4(m).) A court-ordered stay of proceedings is sufficient good cause, particularly where it reasonably leads plaintiff to believe that service is stayed. (*DeTie, supra,* 152 F.3d at 1112.) In this case, the

8

Northern District's stay of "all proceedings in" *Rice* and *Thompson* also stayed service of process, a reality that even some Defendants acknowledged. (Sanford Decl., ¶3, Exs. B, C.) The evidence is undisputed that Rice and Thompson attempted service on Fujisawa, but that their efforts were interrupted by the proceedings to remove and transfer their actions to the AWP Litigation. Under the circumstances, Rice and Thompson should be afforded a fair opportunity to serve Defendants within a reasonable time, now that the forum is determined (assuming that the actions are not remanded to California state court). Service should thus be completed within 120 days of the final transfer of *Rice* and *Thompson* to the AWP Litigation.

## III.   EVEN WITHOUT GOOD CAUSE, THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY THIS MOTION AND ORDER SERVICE IN THE MOST EFFICIENT MANNER

Even assuming Rice and Thompson have no good cause for the failure to serve Fujisawa, the Court should still exercise its discretion under FRCP 4(m) to set forth clear requirements for service of tag-along actions, rather than simply dismissing *Rice* and *Thompson* without prejudice.   A significant purpose of the AWP Litigation is to coordinate and efficiently resolve the many individual actions that comprise the AWP Litigation.  Forcing Rice and Thompson to refile their action against Fujisawa will only unnecessarily create another action that will inevitably be joined in the AWP Litigation. The proper resolution is instead to provide clear instructions regarding outstanding service issues in any tag-along case.

In addition, Fujisawa seeks an order from this Court to dismiss this action, even though no court has resolved the issue raised by Rice's motion to remand whether the federal jurisdiction exists.  Rice and Thompson respectfully submit that the Court should

refrain from dismissing their actions when it is not even clear that the Court has jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiff John Rice and Constance Thompson respectfully request that the Court deny the motion to dismiss, and instead provide direction as to service of process in tag-along cases.

Respectfully submitted,

DATED:  April 18, 2003

MOSCONE, EMBLIDGE & QUADRA, LLP

By_____
James A. Quadra
Robert D. Sanford
Rebecca Bedwell-Coll

Attorneys for Plaintiffs John Rice and Constance Thompson

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Rice v. Abbott Laboratories, et al.,* N.D. Cal. Case No. C 02-3925 MJJ<br><br>*Thompson v. Abbott Laboratories, et al,* N.D. Cal. Case No. C 02-4450 MJJ | MDL 1456<br><br>Master File No. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

## DECLARATION OF ROBERT D. SANFORD IN OPPOSITION TO MOTION TO DISMISS BY DEFENDANT FUJISAWA USA, INC.

I, Robert D. Sanford, hereby declare:

1.      I am an attorney licensed to practice in the State of California and of counsel with Moscone, Emblidge & Quadra LLP, counsel of record for Plaintiffs John Rice and Constance Thompson in the actions captioned above.  I have personal knowledge of all matters set forth below and am competent to testify thereto.

2.      On September 23, 2002, I wrote to Defense counsel in *Thompson*, including the attorneys representing Defendant Fujisawa USA, Inc., in attempt to resolve the issue of service of process.  A copy of my September 23, 2002 letter is attached as Exhibit A and incorporated herein by reference.  I requested that Defendants' counsel

1

advise whether they would accept service on behalf of their client, unless they agreed that the notice of removal was a general appearance that obviated the need for service.

3.     While no defense counsel agreed that the notice of removal was a general appearance, some defense counsel replied to my September 23, 2002 letter with correspondence that stated that service was stayed by the *Thompson* court's order of October 30, 2002 staying all proceedings.  For example, in a letter dated October 4, 2002, counsel for Defendant Bayer Corporation stated that "further action in regard to [my September 23] letter appears unnecessary," given the stay order.  As another example, counsel for Defendant Aventis Pharmaceuticals stated in a letter dated October 10, 2002 that the issue of service was "currently moot in light of the Court's September 30, 2002 Order staying all further proceedings in this case."  Copies of the letters from counsel for Bayer Corporation and Aventis Pharmaceutical are attached as Exhibits B and C, respectively, and incorporated herein by reference.

4.     Counsel for Defenant Fujisawa USA, Inc. ("Fujisawa") also responded to my September 23, 2002 letter with a letter dated October 1, 2002, a copy of which is attached as Exhibit D and incorporated herein by reference.  Fujisawa's attorney did not address the issue of the stay's effect, but advised that they were not authorized to accept service on behalf of their client.

5.     The stays in *Rice* and *Thompson* were lifted on February 20, 2003, when Judicial Panel on Multidistrict Litigation ("JPML") denied Rice and Thompson's motions to vacate the order conditionally transferring the actions to *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456 (the "AWP Litigation").  I understand that complaints in *Rice* and *Thompson* are superceded by the Master Consolidated

2

Complaint under Case Management Order No. 2, which is subject to a pending motion to dismiss. I also understand that no Defendant is obligated to respond to the *Rice* or *Thompson* complaints. In light of these circumstances, I believe that hat the issue of service could and should be deferred until a ruling on the motion to dismiss, or at least until 120 days after the transfer occurred. I believe that the dispositive motion to dismiss the Master Consolidated Complaint took precedence over subsidiary issues of when and what process was required in tag-along actions. However, any guidance from the Court to effect service in a manner coordinated with the AWP Litigation would be greatly appreciated.

6.      When Fujisawa served its motion to dismiss without first contacting counsel for Rice and Thompson, I immediately attempted to resolve the issue of service without burdening the Court. After an exchange of voicemail messages, I spoke by telephone with Kathleen H. McGuan, Fujisawa's attorney, on April 7, 2003. Although I advised Ms. McGuan of the stays in *Rice* and *Thompson*, she refused to withdraw the motion to dismiss. She also refused to accept service on behalf of Fujisawa. I confirmed the April 7th phone conversation in a letter to Ms. McGuan dated April 14, 2000, a copy of which is attached as Exhibit E and incorporated herein by reference.

7.      In response to my April 14 letter, I received a letter from Ms. McGuan, dated April 15, 2003, that is attached as Exhibit F and incorporated herein by reference. Ms. McGuan's letter reiterated Fujisawa's position that it would not withdraw the motion to permit resolution of the issue of service.

8.      On April 16, 2003, I wrote again to Ms. McGuan in a final effort to obtain agreement on the time and manner of service in a manner coordinated with the other tag-

along actions in the AWP Litigation.  A copy of my letter is attached as Exhibit G and incorporated herein by reference.  I have not received a response from Ms. McGuan.

9.　On April 17, 2003, I caused the original Complaints and Summonses in *Rice* and *Thompson* to be transmitted to a process server in Los Angeles for service on Fujisawa's authorized agent for service of process, CT Corporation Systems, in California.  I anticipate that the proof of service will be filed shortly.  With guidance from the Court, Rice and Thompson will take any other steps necessary to effect proper service on Fujisawa and all other unserved Defendants in a manner coordinated with other tag-along actions in the AWP Litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  April 17, 2003

Robert D. Sanford

4

# EXHIBIT A

LAW OFFICES OF

## MOSCONE, EMBLIDGE & QUADRA, LLP

180 Montgomery Street, Suite 1240
San Francisco, California 94104-4238
Tel: (415) 362-3599
Fax: (415) 362-7332

September 23, 2002

Kirke M. Hasson, Esq.
Pillsbury Winthrop LLP
50 Fremont Street
P.O. Box 7880
San Francisco, California 94010

      Re:    Thompson v. Abbott Laboratories, Inc., et al.
             United States District Court, Northern District of California
             Case No. C-02-04450 CW

Dear Mr. Hasson:

      We received the Notice of Removal filed by your client, Gensia Sicor
Pharmaceuticals, Inc., and joined by the co-defendants listed in the enclosed attachment,
who are receiving a copy of this letter. Setting aside the issue whether this action may be
properly removed to federal court, we believe that the removal is a general appearance
and thus obviates the need for service of process. We would appreciate receiving written
confirmation by Wednesday, October 2, 2002 from each Defendant that it concurs with
this position. If any Defendant contends that it has not appeared in this action, please
advise us in writing by October 2 whether counsel will accept service on behalf of the
Defendant.

      Your attention to this matter is appreciated.

                Very truly yours,

                MOSCONE, EMBLIDGE & QUADRA, LLP

                By _____
                    Robert D. Sanford

cc: Attached List

*Constance Thompson v. Abbott Laboratories, Inc., et al.*

## SERVICE LIST

**Attorneys for Abbott Laboratories:**

R. Christopher Cook, Esq.
**Jones, Day, Reavis & Pogue**
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Jeffrey I. Weinberger, Esq.
Kelley M. Klaus, Esq.
**Munger Tolles and Olson, LLP**
355 S. Grand Avenue, 35th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

**Attorneys for Alpha Therapeutic Corporation:**

Dennis M. Duggan, Jr., Esq.
David M. Ryan, Esq.
Melissa Bayer Tearney, Esq.
**Nixon Peabody LLP**
101 Federal Street
Boston, MA 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300

Nancy L. Newman
**Knapp, Petersen and Clarke**
500 N. Brand Blvd., Suite 2000
Glendale, CA 91203
Telephone: (818) 547-5109
Facsimile: (818) 547-5329

**Attorneys for Amgen Inc.:**

Joseph H. Young, Esq.
Steven Barley, Esq.
**Hogan & Hartson LLP**
111 S. Calvert Street, Suite 1600
Baltimore, MD 21202
Telephone: (410) 659-2700
Facsimile: (410) 539-6981

Richard L. Stone, Esq.
**Hogan & Hartson LLP**
2049 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone: (310) 551-6655
Facsimile: (310) 551-0364

**Attorneys for Apothecon and Bristol-Myers Squibb Co.:**

Steven M. Edwards, Esq.
Lyndon M. Tretter, Esq.
**Hogan & Hartson LLP**
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

Kenneth D. Klein, Esq.
**Hogan & Hartson LLP**
500 S. Grand Avenue, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 337-6700
Facsimile: (213) 337-3701

**Attorneys for Armour Pharmaceutical and Aventis Behring LLC:**

Edward C. Duckers, Esq.
**Hogan & Hartson LLP**
555 13th Street, N.W.
Washington, DC 20004-1109
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

Michele C. Coyle, Esq.
**Hogan & Hartson LLP**
500 S. Grand Avenue, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 337-6700
Facsimile: (213) 337-3701

**Attorneys for AstraZeneca Pharmaceuticals LP:**

D. Scott Wise, Esq.
Kimberley D. Harris, Esq.
**Davis Polk & Wardell**
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800

Charles B. Cohler, Esq.
Christopher S. Yates, Esq.
**Lasky, Haas & Cohler, PC**
Two Transamerica Center
505 Sansome Street, 12th Floor
San Francisco, CA 94111-3183
Telephone: (415) 788-2700
Facsimile: (415) 981-4025

**Attorneys for Aventis Pharmaceuticals Inc.:**

Paul S. Schleifman, Esq.
**Shook, Hardy & Bacon LLP**
600 14th Street, N.W., Suite 800
Washington, DC 20005-2004
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

Michael L. Koon, Esq.
**Shook, Hardy & Bacon LLP**
One Kansas City Place
1200 Main Street
Kansas City, MO 64105-2118
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

Joan M. Haratani, Esq.
**Shook, Hardy & Bacon LLP**
333 Bush Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 544-1900
Facsimile: (415) 391-0281

**Attorneys for Baxter Healthcare Corporation:**

Merle M. DeLancey, Jr., Esq.
Tina Ducharme Reynolds, Esq.
John P. Pierce, Esq.
**Dickstein Shapiro Morin & Oshinsky**
2101 L Street, N.W.
Washington, DC 22037
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

**Attorneys for Bayer Corp.:**

Richard D. Raskin, Esq.
Bruce Zessar, Esq.
**Sidley Austin Brown & Wood**
Bank One Plaza
10 S. Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-2170
Facsimile: (312) 853-7036

Michael Kelley, Esq.
Kimberly A. Dunne, Esq.
**Sidley Austin Brown & Wood**
555 West 5th Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6659
Facsimile: (213) 896-6600

**Attorneys for Ben Venue Laboratories and Roxanne Laboratories, Inc.:**

Paul Coval, Esq.
Nina Webb-Lawton, Esq.
**Vorys, Sater, Seymour & Pease LLP**
P.O. Box 1008
52 East Gay Street
Columbus, OH 43216-1008
Telephone: (614) 464-5635
Facsimile: (614) 719-4674

**Attorneys for Chiron Corporation:**

Ronald L. Castle, Esq.
**Arent Fox Kintner Plotkin & Kahn PLLC**
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 857-6188
Facsimile: (202) 857-6395

Mark D. Petersen, Esq.
**Farella, Braun & Martell LLP**
235 Montgomery St., 30th Floor
San Francisco, CA 94104
Telephone: (415) 954-4406
Facsimile: (415) 954-4480

**Attorneys for Dey, Inc.:**

Stephen M. Hudspeth, Esq.
Lisa M. Lewis, Esq.
**Coudert Brothers LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 626-4400
Facsimile: (212) 626-4120

Erik A. Hanshew, Esq.
Stephen M. Hudspeth
Lisa M. Lewis
**Coudert Brothers LLP**
530 Lytton Avenue, Suite 300
Palo Alto, CA 94301
Telephone: (650) 470-2900
Facsimile: (650) 470-2901

**Attorneys for Faulding Pharmaceutical Co.:**

Denise H. Field, Esq.
**Buchalter Nemer Fields & Younger**
333 Market Street, 29th Floor
San Francisco, CA 94105
Telephone: (415) 227-3547
Facsimile: (415) 227-3529

**Attorneys for Fujisawa USA, Inc.:**

Kathleen H. McGuan, Esq.
**Reed Smith LLP**
1301 K Street, N.W.
Suite 1100, East Tower
Washington, DC 20005
Telephone: (202) 414-9230
Facsimile: (202) 414-9199

Michael T. Scott, Esq.
**Reed Smith LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420

Charlene S. Shimada, Esq.
**Bingham McCutchen LLP**
Three Embarcadero Center
San Francisco, CA 94111
Telephone: (415) 393-2000
Facsimile: ( 415) 393-2286

**Attorneys for Geneva Pharmaceuticals, Inc.:**

Wayne A. Cross, Esq.
Robert A. Milne, Esq.
Eamon O'Kelly
**Dewey Ballantine LLP**
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-6333

Jeffrey R. Witham, Esq.
**Dewey Ballantine LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1530
Telephone: (213) 621-6529
Facsimile: (213) 621-6100

**Attorneys for Gensia Sicor Pharmaceuticals, Inc.:**

Kirke M. Hasson, Esq.
Reed E. Harvey, Esq.
Albert G. Lin, Esq.
**Pillsbury Winthrop LLP**
50 Fremont Street
P.O. Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

**Attorneys for SmithKline Beecham Corporation, dba GlaxoSmithKline:**

Matthew L. Larrabee, Esq.
Carol Lynn Thompson, Esq.
**Heller Ehrman White & McAuliffe LLP**
333 Bush Street
San Francisco, CA 94104
Telephone: (415) 772-6000
Facsimile:  (415) 772-6268

Robert B. Hubbell, Esq.
**Heller Ehrman White & McAuliffe LLP**
601 S. Figueroa Street, 40th Floor
Los Angeles, CA 90017
Telephone: (213) 689-0200
Facsimile: (213) 614-1868

**Attorneys for Immunex Corp.:**

David Burman, Esq.
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101
Telephone: (206) 583-8888
Facsimile: (206) 583-8500

Steven Bauer, Esq.
Peter Huston, Esq.
**Latham & Watkins**
505 Montgomery St., Suite 1900
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

**Attorneys for Ivax Pharmaceuticals:**

Bruce A. Wessel, Esq.
**Irell & Manella LLP**
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

**Attorneys for Mylan Laboratories:**

Brian S. Roman, Esq.
**DKW Law Group, PC**
58th Floor, USX Tower
600 Grant Street
Pittsburgh, PA 15219-2703
Telephone: ( 412) 355-3983
Facsimile: (412) 355-2609

Allan B. Cooper, Esq.
**Ervin, Cohen & Jessup LLP**
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212
Telephone: (310) 273-6333
Facsimile: (310) 859-2325

**Attorneys for Novartis Pharmaceuticals Cororation:**

Aton Arbisser, Esq.
**Kaye Scholer LLP**
1999 Avenue of the Stars
Suite 1600
Los Angeles, CA 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

**Attorneys for Pharmacia:**

Scott A. Stempel, Esq.
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

John C. Dodds, Esq.
**Morgan, Lewis & Bockius LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 936-5000
Facsimile: (215) 936-5001

Theodore G. Spanos, Esq.
**Morgan, Lewis & Bockius LLP**
300 S. Grand Avenue, 22nd Floor
Los Angeles, CA 90071
Telephone: (213) 612-2500
Facsimile: (213) 612-2554

**Attorneys for The Purdue Frederick Company and Purdue Pharma L.P.:**

Lori A. Schechter, Esq.
**Morrison & Foerster LLP**
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: ( 415) 268-7522

**Attorneys for Schering Plough Corporation and Warrick Pharmaceuticals:**

Brien O'Connor, Esq.
Kirsten Mayer, Esq.
David Potter, Esq.
**Ropes & Gray**
One International Place
Boston, MA 02110
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

Steven M. Kohn, Esq.
**Crosby, Heafy, Roach & May**
1999 Harrison Street
Oakland, CA 94612
Telephone: (510) 763-2000
Facsimile: (510) 273-8832

**Attorneys for Watson Pharma:**

Douglas B. Farquhar, Esq.
**Hyman, Phelps & McNamara PC**
700 13th Street, N.W., Suite 1200
Washington, DC 20005
Telephone: (202) 737-9624
Facsimile: (202) 737-9329

Kim W. West, Esq.
**Arter & Hadden LLP**
555 California Street, Suite 3130
San Francisco, CA 94104
Telephone: (415) 617-2100
Facsimile: ( 415) 912-3636

**Attorneys for Wyeth:**

S. Craig Holden, Esq.
Connie E. Eiseman, Esq.
**Ober, Kaler, Grimes & Shriver
PC**
120 E. Baltimore Street
Baltimore, MD 21202
Telephone: (410) 685-1120
Facsimile: (410) 547-0699

Stuart M. Gordon, Esq.
Fletcher Alford, Esq.
**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

# EXHIBIT B

# SIDLEY AUSTIN BROWN & WOOD LLP

| | | |
|---|---|---|
| CHICAGO | 555 WEST FIFTH STREET | BEIJING |
| DALLAS | LOS ANGELES, CALIFORNIA 90013 | GENEVA |
| NEW YORK | TELEPHONE 213 896 6000 | HONG KONG |
| SAN FRANCISCO | FACSIMILE 213 896 6600 | LONDON |
| WASHINGTON, D.C. | www.sidley.com | SHANGHAI |
| | FOUNDED 1866 | SINGAPORE |
| | | TOKYO |

WRITER'S DIRECT NUMBER
(213) 896-6659

WRITER'S E-MAIL ADDRESS
kdunne@sidley.com

October 4, 2002

**VIA FACSIMILE**

Robert D. Sanford, Esq.
Law Office of Moscone, Emblidge & Quadra, LLP
180 Montgomery Street, Suite 1240
San Francisco, CA 94104

Re:   Thompson v. Abbott Laboratories Inc., et al.
United States District Court, Northern District of California
Case No. C-02-04450 CW

Dear Mr. Sanford:

On behalf of Bayer Corporation ("Bayer"), we wanted to respond your letter dated September 23, 2002, to Kirke M. Hasson, Esq. Please be advised that we do not concur with your position that a non-served defendant's consent to removal constitutes a general appearance obviating the need for service of process.

However, in light of the order from Judge Wilken staying all further proceedings in this case pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") regarding transfer of this case to the District of Massachusetts for consolidated pretrial proceedings, further action in regard to your letter appears to be unnecessary at this time. At such time as the stay is lifted or the district court or the JPML enters another appropriate order relative to the matter which requires addressing this issue, be advised that we will consider accepting service on behalf of Bayer provided Plaintiff agrees that Bayer is not required to answer or otherwise respond to the Complaint until sixty (60) days after the Court's ruling on a motion to remand in this action, or if Plaintiff decides not to file a remand motion, until sixty (60) days after we receive written notification of that decision.

Please advise in writing if this is acceptable to you.

Very truly yours,

Kimberly A. Dunne

cc: All Counsel on Attached Service List

LA1 458453v2

1

**_Constance Thompson v. Abbott Laboratories, Inc.,  et al._**

2

| | | |
|---|---|---|
| **Attorneys for Plaintiff:** | **Attorneys for Amgen Inc.:** | **Attorneys for AstraZeneca Pharmaceuticals LP:** |

3

Christopher Moscone, Esq.
G. Scott Emblidge, Esq.
James A. Quadra, Esq.
**Moscone, Emblidge &**
**Quadra LLP**
180 Montgomery Street, Suite 1240
San Francisco, CA  94104-4238
Telephone: (415) 362-3599
Facsimile:  (415) 362-7332

Joseph H. Young, Esq.
Steven Barley, Esq.
**Hogan & Hartson LLP**
111 S. Calvert Street, Suite 1600
Baltimore, MD  21202
Telephone:  (410) 659-2700
Facsimile:  (410) 539-6981

Richard L. Stone, Esq.
**Hogan & Hartson LLP**
2049 Century Park East, Suite 700
Los Angeles, CA  90067
Telephone:  (310) 551-6655
Facsimile:  (310) 551-0364

D. Scott Wise, Esq.
Kimberley D. Harris, Esq.
**Davis Polk & Wardwell**
450 Lexington Avenue
New York, NY  10017
Telephone:  (212) 450-4000
Facsimile:  (212) 450-3800

Charles B. Cohler, Esq.
Christopher S. Yates, Esq.
**Lasky, Haas & Cohler, PC**
Two Transamerica Center
505 Sansome Street, 12th Floor
San Francisco, CA  94111-3183
Telephone:  (415) 788-2700
Facsimile:  (415) 981-4025

**Attorneys for Abbott Laboratories:**

R. Christopher Cook, Esq.
**Jones, Day, Reavis & Pogue**
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

Jeffrey I. Weinberger, Esq.
Kelley M. Klaus, Esq.
**Munger Tolles and Olson, LLP**
355 S. Grand Avenue, 35th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

**Attorneys for Apothecon and Bristol-Myers Squibb Co.:**

Steven M. Edwards, Esq.
Lyndon M. Tretter, Esq.
**Hogan & Hartson LLP**
875 Third Avenue
New York, NY  10022
Telephone:  (212) 918-3000
Facsimile:  (212) 918-3100

Kenneth D. Klein, Esq.
**Hogan & Hartson LLP**
500 S. Grand Avenue, Suite 1900
Los Angeles, CA  90071
Telephone:  (213) 337-6700
Facsimile:  (213) 337-3701

**Attorneys for Aventis Pharmaceuticals Inc. :**

Paul S. Schleifman, Esq.
**Shook, Hardy Bacon LLP**
600 14th Street, N.W., Suite 800
Washington, DC  20005-2004
Telephone:  (202) 783-8400
Facsimile:  (202) 783-4211

Michael L. Koon, Esq.
**Shook, Hardy & Bacon LLP**
One Kansas City Place
1200 Main Street
Kansas City, MO  64105-2118
Telephone:  (816) 474-6550
Facsimile:  (816) 421-5547

Joan M. Haratani, Esq.
**Shook, Hardy & Bacon LLP**
333 Bush Street, Suite 600
San Francisco, CA  94104
Telephone:  (415) 544-1900
Facsimile:  (415) 391-0281

**Attorneys for Alpha Therapeutic Corporation:**

Dennis M. Duggan, Jr., Esq.
David M. Ryan, Esq.
Melissa Bayer Tearney, Esq.
**Nixon Peabody LLP**
101 Federal Street
Boston, MA  02110
Telephone:  (617) 345-1000
Facsimile:  (617) 345-1300

Nancy L. Newman
**Knapp, Petersen and Clarke**
500 N. Brand Blvd., Suite 2000
Glendale, CA  91203
Telephone:  (818) 547-5109
Facsimile:  (818) 547-5329

**Attorneys for Armour Pharmaceutical and Aventis Behring LLC:**

Edward C. Duckers, Esq.
**Hogan & Hartson LLP**
555 13th Street, N.W.
Washington, DC  20004-1109
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910

Michele C. Coyle, Esq.
**Hogan & Hartson LLP**
500 S. Grand Avenue, Suite 1900
Los Angeles, CA  90071
Telephone:  (213) 337-6700
Facsimile:  (213) 337-3701

28

1

**Attorneys for Baxter Healthcare Corporation:**

2

Merle M. DeLancey, Jr., Esq.

3
Tina Ducharme Reynolds, Esq.
John P. Pierce, Esq.

4
**Dickstein Shapiro Morin & Oshinsky**

5
2101 L Street, N.W.
Washington, DC 22037

6
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

7

**Attorneys Bayer Corp.:**

8

Richard D. Raskin, Esq.

9
Bruce Zessar, Esq.
**Sidley Austin Brown & Wood**

10
Bank One Plaza
10 S. Dearborn Street

11
Chicago, IL 60603
Telephone: (312) 853-2170

12
Facsimile: (312) 853-7036

13
Michael Kelley, Esq.
Kimberly A. Dunne, Esq.

14
**Sidley Austin Brown & Wood**
555 West 5th Street, Suite 4000

15
Los Angeles, CA 90013-1010
Telephone: (213) 896-6659

16
Facsimile: (213) 896-6600

17
**Attorneys for Ben Venue Laboratories and Roxanne**

18
**Laboratories, Inc.:**

19
Paul Coval, Esq.
Nina Webb-Lawton, Esq.

20
**Vorys, Sater, Seymour & Pease LLP**

21
P.O. Box 1008
52 East Gay Street

22
Columbus, OH 43216-1008
Telephone: (614) 464-5635

23
Facsimile: (614) 719-4674

24

25

26

27

28

**Attorneys for Chiron Corporation:**

Ronald L. Castle, Esq.
**Arent Fox Kintner Plotkin & Kahn PLLC**
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 857-6188
Facsimile: (202) 857-6395

Mark D. Petersen, Esq.
**Farella, Braun & Martell LLP**
235 Montgomery St., 30th Floor
San Francisco, CA 94104
Telephone: (415) 954-4406
Facsimile: (415) 954-4480

**Attorneys for Dey, Inc.:**

Stephen M. Hudspeth, Esq.
Lisa M. Lewis, Esq.
**Coudert Brothers LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 626-4400
Facsimile: (212) 626-4120

Erik A. Hanshew, Esq.
Stephen M. Hudspeth
Lisa M. Lewis
**Coudert Brothers LLP**
530 Lytton Avenue, Suite 300
Palo Alto, CA 94301
Telephone: (650) 470-2900
Facsimile: (650) 470-2901

**Attorneys for Faulding Pharmaceutical Co.:**

Denise H. Field, Esq.
**Buchalter Nemer Fields & Younger**
333 Market Street, 29th Floor
San Francisco, CA 94105
Telephone: (415) 227-3547
Facsimile: (415) 227-3529

**Attorneys for Fujisawa USA, Inc.:**

Kathleen H. McGuan, Esq.
**Reed Smith LLP**
1301 K Street, N.W.
Suite 1100, East Tower
Washington, DC 20005
Telephone: (202) 414-9230
Facsimile: (202) 414-9199

Michael T. Scott, Esq.
**Reed Smith LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420

Charlene S. Shimada, Esq.
**Bingham McCutchen LLP**
Three Embarcadero Center
San Francisco, CA 94111
Telephone: (415) 393-2000
Facsimile: (415) 393-2286

**Attorneys for Geneva Pharmaceuticals, Inc.:**

Wayne A. Cross, Esq.
Robert A. Milne, Esq.
Eamon O'Kelly
**Dewey Ballantine LLP**
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-6333

Jeffrey R. Witham, Esq.
**Dewey Ballantine LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1530
Telephone: (213) 621-6529
Facsimile: (213) 621-6100

2

10645597v1

1

**Attorneys for Gensia Sicor**
**Pharmaceuticals, Inc.:**

2

Kirke M. Hasson, Esq.
3    Reed E. Harvey, Esq.
Albert G. Lin, Esq.
4    **Pillsbury Winthrop LLP**
50 Fremont Street
5    P.O. Box 7880
San Francisco, CA 94120-7880
6    Telephone: (415) 983-1000
Facsimile: (415) 983-1200

7

**Attorneys for SmithKline**
8    **Beecham Corporation, dba**
**GlaxoSmithKline:**

9

Matthew L. Larrabee, Esq.
10   Carol Lynn Thompson, Esq.
**Heller Ehrman White**
11   **& McAuliffe LLP**
333 Bush Street
12   San Francisco, CA 94104
Telephone: (415) 772-6000
13   Facsimile: (415) 772-6268

14   Robert B. Hubbell, Esq.
**Heller Ehrman White**
15   **& McAuliffe LLP**
601 S. Figueroa Street, 40th Floor
16   Los Angeles, CA 90017
Telephone: (213) 689-0200
17   Facsimile: (213) 614-1868

18   **Attorneys for Immunex Corp.:**

19   David Burman, Esq.
**Perkins Coie LLP**
20   1201 Third Avenue, Suite 4800
Seattle, WA 98101
21   Telephone: (206) 583-8888
Facsimile: (206) 583-8500

22

Steven Bauer, Esq.
23   Peter Huston, Esq.
**Latham & Watkins**
24   505 Montgomery St., Suite 1900
San Francisco, CA 94111
25   Telephone: (415) 391-0600
Facsimile: (415) 395-8095

26

27

28

**Attorneys for Ivax**
**Pharmaceuticals:**

Bruce A. Wessel, Esq.
**Irell & Manella LLP**
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

**Attorneys for Mylan Laboratories:**

Brian S. Roman, Esq.
**DKW Law Group, PC**
58th Floor, USX Tower
600 Grant Street
Pittsburgh, PA 15219-2703
Telephone: (412) 355-3983
Facsimile: (412) 355-2609

Allan B. Cooper, Esq.
**Ervin, Cohen & Jessup LLP**
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212
Telephone: (310) 273-6333
Facsimile: (310) 859-2325

**Attorneys for Novartis**
**Pharmaceuticals Corporation:**

Aton Arbisser, Esq.
**Kaye Scholer LLP**
1999 Avenue of the Stars
Suite 1600
Los Angeles, CA 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

**Attorneys for Pharmacia:**

Scott A. Stempel, Esq.
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

John C. Dodds, Esq.
**Morgan, Lewis & Bockius LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 936-5000
Facsimile: (215) 936-5001

Theodore G. Spanos, Esq.
**Morgan, Lewis & Bockius LLP**
300 S. Grand Avenue, 22nd Floor
Los Angeles, CA 90071
Telephone: (213) 612-2500
Facsimile: (213) 612-2554

**Attorneys for The Purdue**
**Frederick Company and Purdue**
**Pharma L.P.:**

Lori A. Schechter, Esq.
**Morrison & Foerster LLP**
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

**Attorneys for Schering Plough**
**Corporation and Warrick**
**Pharmaceuticals:**

Brien O'Connor, Esq.
Kirsten Mayer, Esq.
David Potter, Esq.
**Ropes & Gray**
One International Place
Boston, MA 02110
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

Steven M. Kohn, Esq.
**Crosby, Heafy, Roach & May**
1999 Harrison Street
Oakland, CA 94612
Telephone: (510) 763-2000
Facsimile: (510) 273-8832

3

1 | **Attorneys for Watson Pharma:**

2 | Douglas B. Farquhar, Esq.
**Hyman, Phelps & McNamara PC**
3 | 700 13th Street, N.W., Suite 1200
Washington, DC 20005
4 | Telephone: (202) 737-9624
Facsimile: (202) 737-9329

5 |

Kim W. West, Esq.
6 | **Arter & Hadden LLP**
555 California Street, Suite 3130
7 | San Francisco, CA 94104
Telephone: (415) 617-2100
8 | Facsimile: (415) 912-3636

9 | **Attorneys for Wyeth:**

10 | S. Craig Holden, Esq.
Connie E. Eiseman, Esq.
11 | **Ober, Kaler, Grimes & Shriver PC**
120 E. Baltimore Street
12 | Baltimore, MD 21202
Telephone: (410) 685-1120
13 | Facsimile: (410) 547-0699

14 | Stuart M. Gordon, Esq.
Fletcher Alford, Esq.
15 | **Gordon & Rees LLP**
275 Battery Street, Suite 2000
16 | San Francisco, CA 94111
Telephone: (415) 986-5900
17 | Facsimile: (415) 986-8054

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

4

10645597v1

# EXHIBIT C

LAW OFFICES

# SHOOK, HARDY & BACON L.L.P.

BUENOS AIRES
GENEVA
HOUSTON
KANSAS CITY
LONDON

HAMILTON SQUARE
600 14TH STREET, NW, SUITE 800
WASHINGTON, D.C. 20005-2004
TELEPHONE (202) 783-8400 ∎ FACSIMILE (202) 783-4211

MIAMI
OVERLAND PARK
SAN FRANCISCO
TAMPA
ZURICH

Paul S. Schleifman
(202) 639-5611
pschleifman@shb.com

October 10, 2002

Robert D. Sanford, Esq.
Moscone, Emblidge & Quadra, LLP
180 Montgomery Street
Suite 1240
San Francisco, CA  94104-4238

RE:   ***Thompson v. Abbott Laboratories, et al.***
      **United District Court Case No. C-02-04450 CW**

Dear Mr. Sanford:

    We represent Aventis Pharmaceuticals Inc. ("Aventis") and in that capacity have received your September 23, 2002 letter.  You claim that Aventis has made a general appearance by participating in the removal and has, therefore, waived service of process of the Complaint.  We respectfully disagree.  The issue, however, is currently moot in light of the Court's September 30, 2002 Order staying all further proceedings in this case.

    We will be happy to discuss this matter with you in more detail once the stay is lifted.

                                Very truly yours,

                                Paul S. Schleifman

PSS:jdt

90021.1

# EXHIBIT D

**BINGHAM McCUTCHEN**

October 1, 2002

Direct: (415) 393-2369
charlene.shimada@bingham.com

Our File No. 24682-0002

### VIA FACSIMILE AND U.S. MAIL

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

415.393.2000
415.393.2286 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
San Francisco
Silicon Valley
Singapore
Walnut Creek
Washington

Robert D. Sanford, Esq.
Moscone, Emblidge & Quadra, LLP
180 Montgomery Street, Suite 1240
San Francisco, CA 94104-4238

**Thompson v. Abbott Laboratories, Inc., et al.**
**Case No. C-02-04450 CW**

Dear Mr. Sanford:

This will respond to your letter to Kirke M. Hasson, Esq., dated September 23, 2002. We do not agree with your position that removal of the above-referenced action to federal court constitutes a general appearance obviating the need for service of process on our client Fujisawa USA, Inc. ("Fujisawa"). Rather, the case law makes clear that a non-served defendant's consent to removal does not waive any jurisdictional defenses or objections to service of process. *General Inv. Co. v. Lake Shore & Michigan S. Ry. Co.*, 260 U.S. 261, 268-269 (1922) ("[I]t is well settled that a petition for removal, even if not containing [a reservation of the right to object to the sufficiency of service], does not amount to a general appearance, but only a special appearance, and that after the removal the party securing it has the same right to invoke the decision of the United States court on the validity of the prior service that he has to ask its judgment on the merits.").[1]

---

[1]     *See also Dielsi v. Falk*, 916 F.Supp. 985, 994 (C.D. Cal. 1996) (noting that a defendant does not waive jurisdictional challenges by removing case to federal court.); *DiCesare Engler Prods., Inc. v. Mainman Ltd.*, 421 F.Supp. 116, 121 (W.D. Pa. 1976) (noting that defendants' removal of action to federal court did not constitute waiver of defects in service of process).

Robert D. Sanford, Esq.
October 1, 2002
Page 2

Furthermore, we are not authorized to accept service on behalf of Fujisawa.

Very truly yours,

*Charlene S. Shimada*

Charlene S. Shimada

Bingham McCutchen LLP
bingham.com

# EXHIBIT E

LAW OFFICES OF

MOSCONE, EMBLIDGE & QUADRA, LLP

180 Montgomery Street, Suite 1240
San Francisco, California 94104-4230
Tel: (415) 362-3599
Fax: (415) 362-7332

April 14, 2003

**Via Facsimile Only**

Kathleen H. McGuan
Reed Smith
1301 K Street, N.W.
Suite 1100 – East Tower
Washington D.C. 20005-3373

> **RE:** **In re Pharmaceutical Industry Average Wholesale Price Litigation,
> MDL No. 1456,** *Rice v. Abbott Laboratories, et al.,* **N.D. Cal. Case No. C 02-
> 3925 MJJ,** *Thompson v. Abbott Laboratories, et al,* **N.D. Cal. Case No. C 02-
> 4450 MJJ**

Dear Ms. McGuan:

This firm represents Plaintiffs in the *Rice* and *Thompson* matters referred to above. I write to confirm our phone conversation on April 7th in which you refused to withdraw the motion to dismiss Plaintiffs' complaints filed by Defendant Fujisawa USA, Inc. I advised you that the United States District Court for the Northern District of California had stayed all proceedings pending a ruling on Plaintiffs' motion to vacate the conditional transfer order transferring the cases to MDL Case No. 1456. Although you contend that "it is not the law" that the stay affected service of process, you offer no authority for your position which is not addressed in the motion. The law is to the contrary. *See, e.g., DeTie v. Orange County,* 152 F.3d 1109, (9th Cir. 1998).

This letter also confirms your refusal to accept service on behalf of Fujisawa, and that Fujisawa's motion to dismiss was served on by Federal Express on April 4, 2003. Under Local Rule 7.1(b), Plaintiffs' opposition to the motion is due on April 18, 2003.

Very truly yours,

MOSCONE, EMBLIDGE & QUADRA LLP

By _____
Robert D. Sanford

cc:   Edward Nortargiacomo, Esq.

| HP LaserJet 3100 | AD HOC BROADCAST REPORT for |
| Printer/Fax/Copier/Scanner | Moscone, Emblidge & Quadra, LLP |
| | 415 984 0414 |
| | Apr-14-03    2:25PM |

| Job | Phone Number | Start Time | Pages | Mode | Status |
|-----|--------------|------------|-------|------|--------|
| 101 | 12024149299............... | 4/14  2:23PM...... | 2/ 2 | BC ......... | Completed......................................... |
| 101 | 16174823003............... | 4/14  2:24PM...... | 2/ 2 | BC ......... | Completed......................................... |

LAW OFFICES OF
MOSCONE, EMBLIDGE & QUADRA, LLP
180 Montgomery Street, Suite 1240
San Francisco, California 94104-4238
Tel: (415) 362-3599
Fax: (415) 362-7202

**FACSIMILE COVER SHEET**

**Monday, April 14, 2003, 2:20 PM**

**TO:**    Kathleen H. McGuan          **FAX:**    (202) 414-9299

**CC:**    Edward Nortsrgiscomo        **FAX:**    (617) 482-3003

**FROM: Robert Sanford**

**RE:**    *Rice  v. Abbott Labs, et al.*; *Thompson v. Abbott Labs, et al.*

**MESSAGE:**    See attached correspondence.

We are transmitting a total of 2 pages, including this cover sheet.  If you did not receive all of the pages or there is another problem, please call Norma Butler at (415) 362-3599, ext. 23.

**CONFIDENTIALITY NOTE**

THIS AND ANY ACCOMPANYING PAGES CONTAIN INFORMATION FROM THIS LAW OFFICES OF MOSCONE, EMBLIDGE & QUADRA, LLP WHICH IS CONFIDENTIAL AND PRIVILEGED.  THE INFORMATION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE.  IF YOU ARE NOT THE INTENDED RECIPIENT, THEN BE AWARE THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THE ACCOMPANYING DOCUMENT (OR THE INFORMATION CONTAINED IN IT) IS PROHIBITED.  IF YOU HAVE RECEIVED THIS FACSIMILE TRANSMISSION IN ERROR, PLEASE NOTIFY OUR OFFICES IMMEDIATELY SO THAT WE CAN ARRANGE FOR RETRIEVAL AT NO COST TO YOU.

# EXHIBIT F

Kathleen H. McGuan • 202.414.9230 • kmcguan@reedsmith.com

# ReedSmith

April 15, 2003

VIA FACSIMILE NO. (415) 362-7332
AND FIRST-CLASS MAIL

Robert D. Sanford, Esq.
Moscone, Emblidge & Quadra, LLP
180 Montgomery Street
Suite 1240
San Francisco, CA  94104-4230

Re:    In re: Pharmaceutical Industry Average Wholesale Price Litigation,
MDL No. 1456

Dear Robert:

Thank you for your letter of April 14, 2003, regarding the *Rice* and *Thompson* cases, now transferred to the above-referenced multi-district litigation.  I assume you will make whatever arguments you believe to be appropriate in an opposition to our motion filed with the Court and I will respond to them by filing a reply brief.

You correctly note that I will not accept service on behalf of Fujisawa USA, Inc. at this late date.

Fujisawa's Motion to Dismiss was served on March 25, 2003, in the manner ordered by the Court in its Case Management Order No. 2.  We provided you with a copy of it on April 4, 2003, as a professional courtesy, when we learned that you had not subscribed to the Verilaw service as required by the Court's Order.  Nevertheless, we have offered to extend the time for your clients to respond to the Motion to Dismiss until April 18, 2003.

Please contact me should you wish to discuss the matter further.

Sincerely,

REED SMITH LLP

*Kathleen H. McGuan*

Kathleen H. McGuan

KHM:clr

LONDON
NEW YORK
LOS ANGELES
SAN FRANCISCO
WASHINGTON, D.C.
PHILADELPHIA
PITTSBURGH
OAKLAND
PRINCETON
FALLS CHURCH
WILMINGTON
NEWARK
COVENTRY, U.K.
CENTURY CITY
RICHMOND
HARRISBURG
LEESBURG
WESTLAKE VILLAGE

1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005-3373
202.414.9200
Fax 202.414.9299

r e e d s m i t h . c o m

FAX TRANSMITTAL

# ReedSmith LLP

**To:** Robert D. Sanford, Esq.

**Firm/Company:** Moscone, Emblidge & Quadra, LLP

**Fax Machine No:** (415) 362-7332

**From:** Kathleen H. McGuan, Esq.

(202) 414-9230

**Date:** April 15, 2003

| Fax Machine |
| (202) 414-9299 |

Total Number of Pages, Including Cover Page: __2__

**Copies To:**

| Name | Firm/Company | Fax No. | Time Sent |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Notes:** In re: Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456

**If you do not receive all of the pages, please call Carol Russell at (202) 414-9307**

Client Number  946291          Matter Number  60002          Attorney Number  1162

PLEASE NOTE

| | |
|---|---|
| LOI | LONDON |
| NE | NEW YORK |
| LO | LOS ANGELES |
| SA | SAN FRANCISCO |
| WA | WASHINGTON, D.C. |
| PHI | PHILADELPHIA |
| PIT | PITTSBURGH |
| OA | OAKLAND |
| PRI | PRINCETON |
| FAL | FALLS CHURCH |
| WIL | WILMINGTON |
| NE | NEWARK |
| CO | COVENTRY, U.K. |
| CE | CENTURY CITY |
| RIC | RICHMOND |
| HAI | HARRISBURG |
| LEI | LEESBURG |
| WE | WESTLAKE VILLAGE |

# EXHIBIT G

LAW OFFICES OF

## MOSCONE, EMBLIDGE & QUADRA, LLP
180 Montgomery Street, Suite 1240
San Francisco, California 94104-4230
Tel: (415) 362-3599
Fax: (415) 362-7332

April 16, 2003

**Via Facsimile Only**

Kathleen H. McGuan
Reed Smith
1301 K Street, N.W.
Suite 1100 – East Tower
Washington D.C. 20005-3373

> **RE:   In re Pharmaceutical Industry Average Wholesale Price Litigation,
> MDL No. 1456,** *Rice v. Abbott Laboratories,et al.,*  **N.D. Cal. Case No. C 02-
> 3925 MJJ,** *Thompson v. Abbott Laboratories, et al,* **N.D. Cal. Case No. C 02-
> 4450 MJJ**

Dear Ms. McGuan:

I received your letter of April 15, 2003.  From our phone conversation, I understood that Fujisawa USA, Inc. will not withdraw its motion to dismiss in order to permit service of process to occur within an agreed timeframe and in a manner that is coordinated with the multitude of other actions in MDL No. 1456.  If this is not the case, please contact me to discuss the matter.

Very truly yours,

MOSCONE, EMBLIDGE & QUADRA LLP

By _____
Robert D. Sanford

cc:     Edward Nortargiacomo, Esq.

HP LaserJet 3100
Printer/Fax/Copier/Scanner

AD HOC BROADCAST REPORT for
Moscone, Emblidge & Quadra, LLP
415 984 0414
Apr-16-03    2:30PM

| Job | Phone Number | Start Time | Pages | Mode | Status |
|-----|--------------|------------|-------|------|--------|
| 116 | 12024149299............... | 4/16  2:28PM...... | 2/ 2 | BC  ........ | Completed....................................... |
| 116 | 16174823003............... | 4/16  2:29PM...... | 2/ 2 | BC  ........ | Completed....................................... |

LAW OFFICES OF
MOSCONE, EMBLIDGE & QUADRA, LLP
180 Montgomery Street, Suite 1240
San Francisco, California 94104-4236
Tel: (415) 362-3599
Fax: (415) 362-3582

**FACSIMILE COVER SHEET**

**Wednesday, April 16, 2003, 2:26 PM**

TO:    Kathleen H. McGuan          FAX:    (202) 414-9299

CC:    Edward Nortargiacomo        FAX:    (617) 482-3003

FROM: Robert Sanford

RE:    *Rice v. Abbott Labs, et al.; Thompson v. Abbott Labs, et al.*

MESSAGE:    See attached correspondence.

We are transmitting a total of 2 pages, including this cover sheet. If you did not receive all of the pages or there is another problem, please call Norma Butler at (415) 362-3599, ext. 23.

**CONFIDENTIALITY NOTE**

THIS AND ANY ACCOMPANYING PAGES CONTAIN INFORMATION FROM THE LAW OFFICES OF MOSCONE, EMBLIDGE & QUADRA, LLP WHICH IS CONFIDENTIAL AND PRIVILEGED. THE INFORMATION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, THEN BE AWARE THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THE ACCOMPANYING DOCUMENT OR THE INFORMATION CONTAINED IN IT) IS PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE TRANSMISSION IN ERROR, PLEASE NOTIFY OUR OFFICES IMMEDIATELY SO THAT WE CAN ARRANGE FOR RETRIEVAL AT NO COST TO YOU.