UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENTS RELATES TO RICE v. ABBOTT LABORATORIES, formerly No. 3:02-cv-03925 (N.D.Cal.), THOMPSON v. ABBOTT LABORATORIES, formerly No. 3:02-cv-04450 (N.D.Cal.), and TURNER v. ABBOTT LABORATORIES, formerly No. 3:02-cv-5006 (N.D.Cal.) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT FUJISAWA USA'S MOTION TO DISMISS CERTAIN
<u>COMPAINTS AGAINST IT FOR FAILURE OF SERVICE</u>**

Fujisawa USA, Inc. ("Fujisawa") hereby replies to the Opposition of Plaintiffs Rice and Thompson ("Opposition") to Fujisawa's Motion to Dismiss Certain Complaints Against It For Failure of Service ("Motion"), and states as follows:

The Opposition provides no legitimate explanation for Plaintiffs' failure to serve Fujisawa, despite having nearly a year to do so. Plaintiffs also provide no support for their argument that the time within which they were required to perfect service is unknown notwithstanding the clear rules governing timing of service. Boiled down to its essence, the Opposition limits itself to: (1) lamentations regarding Fujisawa's refusal to dismiss its motion and "work out" Plaintiffs' failure to serve; and (2) requests that the Court provide legal advice regarding service of process nearly twelve months after the actions were filed.

Three points defeat the arguments made by Plaintiffs in the Opposition. First, because service was not perfected in state court, Plaintiffs were required to serve process within 120 days of removal. This time limit was not altered by the stay orders or transfer of the matters, and Plaintiffs did not serve process within the requisite time. Second, Plaintiffs can demonstrate no "good cause" for failing to serve process. Indeed, the only federal appeals court opinion with

facts similar to those at bar found reversible error when a district court found that good-faith reliance on a stay (the excuse proffered by Plaintiffs) constituted good cause. Finally, Plaintiffs provide no reason why the Court should not exercise its discretion to follow the consistent policy of this District and enforce Rule 4 of the Federal Rules of Civil Procedure.

## ARGUMENT

### A. Service Should Have Been Made Within 120 Days of Removal.

The time within which process must be served is perfectly clear from the Federal Rules and applicable statutes. As set forth in Fujisawa's initial memorandum, a plaintiff must serve a summons and a complaint within 120 days of filing. In cases removed from state to federal court where process has not been perfected prior to removal, service may be completed or new process issued. 28 U.S.C. § 1448. As such, service of process in the *Rice* and *Thompson* cases should have been completed by December 12, 2002 and January 10, 2003 respectively.

Notwithstanding these unambiguous rules, Plaintiffs now argue that the time limitations governing service is uncertain, and that the Court's guidance is necessary as to the appropriate time frame. Plaintiffs allege that the statutory provisions governing service of process do not apply to them because: (1) a stay was entered in their cases; and (2) their cases were transferred to this district by the Joint Panel on Multidistrict Litigation ("JPMDL"). Plaintiffs provide no support for their arguments, and with good reason – they lack legal merit.

A stay of proceedings does not toll the time within which service must be completed under Fed. R. Civ. P. 4. In *Friedman v. Estate of Presser*, a plaintiff made the identical argument that a "stay of all proceedings" tolled the 120-day period to serve process. 929 F.2d 1151 (6th Cir. 1991). The Sixth Circuit rejected this argument out-of-hand, finding that a court lacks the jurisdiction to adjudicate the rights of a defendant that had not yet been served with process. Id. at 1156-57. In other words, a stay could have no effect on the rights of an unserved defendant because that party was not yet before the court. *Id.* See *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988) (a defendant "must be served in

accordance with Fed. R. Civ. P. 4 in order for the court to secure personal jurisdiction over him"). The same holds true here – the stay entered over the *Rice* and *Thompson* cases did not, and could not, have affected the time to serve Fujisawa, over whom that court had no jurisdiction.

It is for this reason that the case primarily relied upon by Plaintiffs does not apply. *See De Tie v. Orange County*, 152 F.3d 1109, 1111-1112 (9th Cir. 1998). In that matter, the statutory stay of proceedings automatically triggered by the filing of a petition in bankruptcy stayed the time to serve process. *Id.* The bankruptcy code, however, expressly stays "issuance or employment of process" against the defendant while in bankruptcy. *Id.* at 1112. In matters where the unserved defendant has filed a petition in bankruptcy, the bankruptcy court has jurisdiction over the defendant, and can affect its rights.

Plaintiffs' second argument fares no better. Neither the Rules of Procedure of the JPMDL nor its enabling legislation (28 U.S.C. §1407) indicate that service of process is altered by transfer pursuant to that section. In fact, all indications are to the contrary. The jurisdiction and powers of the transferee court under Section 1407 are identical to those enjoyed by the transferor court, and any relief that can be awarded by the original court can be awarded by its successor. *See In re Plumbing Fixture Cases*, 298 F.Supp. 484, 495 (J.P.M.L. 1968)("the jurisdiction and powers of the transferee court are coextensive of with that of the transferor court. . . the transferee court may make any order to render any judgment that might have been rendered by the transferor court in the absence of transfer."); *In re the Upjohn Company Antibiotic Cleocin Products Liability Litigation*, 81 F.R.D. 482, 487 (E.D.Mich. 1979) ("the transferee court acts in the stead of the transferor court and may exercise any powers which the original court could have"). Indeed, transferee courts under Section 1407 have dismissed matters for defective service of process subsequent to transfer. *See Monkelis v. Trans World Airlines, Inc.*, 303 F.Supp. 651 (E.D.Ky. 1969) (dismissing matter in multidistrict litigation where plaintiff failed to establish sufficiency of process).

The standards governing timing of service are unambiguous, and Plaintiffs' claims to the contrary based on stay and transfer of these actions are without merit.

**B.     No "Good Cause" Has Been Provided For Plaintiffs' Failure to Serve.**

While Rule 4(m) allows the Court to provide plaintiffs with additional time to perfect service of process where "good cause" has been shown, Plaintiffs have not provided any grounds for a finding that good cause exists in this case.

Plaintiffs rely primarily upon the existence of the stay orders in their cases as good cause for their failure to serve in a timely manner.[1] The Sixth Circuit addressed this argument as well in the *Friedman* opinion, where the plaintiff asserted that their good-faith reliance on a stay of proceedings should constitute "good cause" under Rule 4 for failing to perfect service. 929 F.2d at 1157-58. While the district court found such reliance to constitute "good cause," the Sixth Circuit reversed, holding that the district court abused its discretion in so finding. *Id.* at 1158. The panel found that there was sufficient authority regarding jurisdiction and the need for service of process such that a party represented by counsel should not have assumed that the stay would alleviate the need to perfect service. *Id.* While dismissal without prejudice would leave the claim time-barred, the Sixth Circuit found that dismissal was nevertheless warranted. *Id.*

The Notes to Rule 4 itself make clear what types of situations are meant to constitute "good cause" under the rule. Some of the reasons given are evasion of service by a defendant, concealment of a defect in service by a defendant, or oversights in compliance with the technical requirements of serving the United States. *See* Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 Amendments, subdivision (m). All are designed to protect parties, particularly *pro se* plaintiffs, from circumstances beyond their control which affect service. *Id.*

---

[1]   Plaintiffs' reliance on the stay and transfer of these matters to alter the time to serve is particularly ironic, given their strenuous opposition to both in the transferor court and before the Joint Panel.

There is no such issue in this case. Fujisawa has not evaded service or disguised defects in service; indeed, no attempt whatsoever has been made to serve it. In short, no "good cause" as required by Rule 4 exists.

C.     **The Court Should Not Utilize Its Discretion to Provide Plaintiffs With More Time.**

Finally, Plaintiffs ask the Court to exercise its discretionary power to enlarge time for service of process. Plaintiffs claim that the Court should grant them further time to serve process because dismissal of the matter without prejudice will only result in the filing of another complaint, which will be joined with this litigation in any event at some future time. While this may or may not be the case, Plaintiffs ignore the other consequences of dismissal: enforcement of the Rules, encouragement of appropriate efforts to serve, and a more contemporary period of liability.

There are a number of factors which further weigh against an exercise of discretion to provide Plaintiffs with more time to serve. There has been no legitimate effort made to perfect service in these matters. For example, the *Rice* case was filed in July, 2002 and removed on August 14, 2002. It was not stayed, however, until November 27, 2002. Plaintiff made no effort to serve the complaint within that nearly 120-day period *prior* to entry of the stay order. The extent of Plaintiffs' efforts to serve has been to send a form letter to counsel for defendants claiming that service of process was unnecessary, with a request that counsel accept service of process should it not agree. When Fujisawa disagreed with the proposition, and local counsel informed Plaintiffs that they were not authorized to accept service, Plaintiffs made no effort whatsoever to contact Fujisawa or to perfect service.[2] This is not the type of diligent behavior that merits special consideration from the Court.

---

[2]   Subsequent to the filing of Fujisawa's Motion, Plaintiffs' counsel contacted undersigned counsel and demanded that Fujisawa withdraw its Motion and agree upon a method and time for Plaintiffs to perfect service. To the extent Plaintiffs believe Fujisawa's refusal to do so as not making an effort to "resolve the issue," such is the case. However, Plaintiffs' newfound desire to work with Fujisawa comes long after time for service of process has expired, and only after Fujisawa filed a motion seeking dismissal.

This motion is straightforward. The time to serve process was 120 days from removal, and service was not perfected in either *Rice* or *Thompson*. There is no legitimate reason for Plaintiffs not to have done so, and their failure is not the fault of Fujisawa, its counsel, this Court, the Northern District of California, or the JPMDL. The matters should be dismissed without prejudice.

Respectfully submitted,

BINGHAM MCCUTCHEN LLP

By: /s/ S. Elaine McChesney
S. Elaine McChesney
150 Federal Street
Boston MA  02110
(617) 951-8501
(617) 951-8736 (fax)

REED SMITH LLP

By: /s/ Kathleen H. McGuan
Kathleen H. McGuan
Andrew L. Hurst
1301 K Street NW
Suite 1100 – East Tower
Washington, DC 20005
(202) 414-9200
(202) 414-9299 (fax)

/s/ Michael T. Scott

Michael T. Scott
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
(215) 851-8100
(215) 851-1420 (fax)

Attorneys for Defendants Fujisawa USA, Inc.

Dated:  May 1, 2003

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Defendant Fujisawa USA's Response to Motion to Reconsider Order Dismissing Actions, and Motion For Leave to File a Reply Brief Should Reconsideration Be Granted was delivered to all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending, on May 1, 2003, a copy to Verilaw Technologies for posting and notification to all parties.

/s/ Andrew L. Hurst

Andrew L. Hurst