UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIVED
Clerk's Office
USDC, Mass.
Date 6/6/03
By 6:13
Deputy Clerk

)
IN RE PHARMACEUTICAL INDUSTRY ) M.D.L. NO. 1456
AVERAGE WHOLESALE PRICE ) Civil Action No. 01-12257-PBS
LITIGATION )
)

# [PROPOSED] CASE MANAGEMENT ORDER NO. 7

Saris, U.S.D.J

To promote judicial efficiency and economy, the Court hereby modifies and expands its Case Management Order No. 2, issued July 23, 2002. Accordingly, IT IS HEREBY ORDERED as follows:

## A. ORGANIZING STRUCTURE FOR THE LITIGATION

1. For purposes of this Case Management Order, the Court will refer to those cases filed by or on behalf of private parties as the Private Party Class Actions. Private Party Class Actions include cases previously controlled by the Master Consolidated Complaint as well as certain other private party cases that have been transferred to this Court by order of the Judicial Panel on Multidistrict Litigation since the filing of the Master Consolidated Complaint. A listing of the Private Party Class Actions that have been finally transferred, or conditionally transferred, to this Court by order of the Judicial Panel on Multidistrict Litigation since the filing of the Master Consolidated Complaint, is attached as Appendix A.

2. For purposes of this Case Management Order, the Court will refer to those cases filed by or on behalf of States or state subdivisions, and which have been or will be transferred to this Court pursuant to Order of the Judicial Panel on Multidistrict Litigation, as the Governmental Entity Actions. A listing of the Governmental Entity Actions currently before the Court, or conditionally transferred to this MDL, is attached as Appendix B.

3.  The Court currently has under consideration Motions for Remand in several of the Governmental Entity Actions, and additional Governmental Entity Actions have been conditionally transferred to the Court. Until further order of the Court, the Governmental Entity Actions transferred to this Court pursuant to order of the Judicial Panel on Multidistrict Litigation shall be governed by this Case Management Order.

4.  Consistent with the prior Order of this Court, discovery is currently limited to the pending, non-dismissed claims and non-dismissed defendants in the Master Consolidated Complaint. As noted above, however, in certain Governmental Entity Actions, Motions for Remand are pending and defendants have indicated that, should remand be denied, they intend to file Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b). To promote efficient use of the parties' and the Court's resources, the Court intends to institute a case schedule that will enable discovery on the pending, non-dismissed claims in the Master Consolidated Complaint to proceed simultaneously with the Court's consideration of the pending and proposed Motions relating to certain Governmental Entity Actions.

5.  One of the Court's case management objectives is to avoid duplicative discovery of any person or party. Accordingly, the Court orders counsel to cooperate and work collectively in order to avoid duplicative or unnecessary discovery, and to be solicitous of the interests of those involved in the discovery process, including both parties and non-parties.

**B. AMENDMENTS TO THE MASTER CONSOLIDATED COMPLAINT AND RESPONSIVE MOTIONS**

6.  Plaintiffs in the Private Party Class Actions are granted until June 12, 2003 to submit a Motion for Leave to File a First Amended Master Consolidated Complaint. Opposition by Defendants to such a Motion by the Private Party Class Action Plaintiffs shall be combined

with Motions challenging the First Amended Master Consolidated Complaint, and shall be filed within forty-five (45) days of service thereof.

7.  The Private Party Class Action Plaintiffs shall file their opposition(s) to any Motions filed by Defendants as described in paragraph 6 of this Case Management Order within thirty (30) days of service of the Motion(s). Any reply briefing by Defendants in further support of their Motions shall be filed within thirty (30) days of service of the Private Party Class Action Plaintiffs' opposition(s).

8.  The Private Party Class Action Plaintiffs and Defendants, respectively, shall use reasonable efforts to consolidate common legal arguments in joint motions and memoranda. Unless altered by the Court for good cause shown, the page limitations previously set forth by the Court in connection with the parties' briefing on the Motions filed by Defendants challenging the Master Consolidated Complaint shall control the parties' briefing on the First Amended Master Consolidated Complaint.

9.  If the Court grants the Private Party Class Action Plaintiffs' Motion for Leave to File a First Amended Master Consolidated Complaint, the First Amended Master Consolidated Complaint shall supersede the complaints in all other Private Party Class Actions that have been transferred to this Court by order of the Judicial Panel on Multidistrict Litigation. Defendants not named in the First Amended Master Consolidated Complaint shall be deemed dismissed from the Private Party Class Action(s) in which they are named.

## C.  GOVERNMENTAL ENTITY COMPLAINTS, AMENDMENTS THERETO AND RESPONSIVE MOTIONS

10. Counsel for the Governmental Entity Plaintiffs shall appoint one of their representatives to serve as Governmental Entity Liaison Counsel, which counsel shall have the

duties, authority and responsibilities on behalf of the Governmental Entity Plaintiffs as is detailed in section IV of the Court's Case Management Order No. 1, issued June 14, 2002.

11.     No party subject to this Order waives any jurisdictional, service of process or other defense, nor concedes that the Governmental Entity Complaints transferred to this MDL relate back to the filing of any Complaint by any Governmental Entity in any action. This Order shall not have the effect of making any entity a party to any action in which it has not been named, served or added in accordance with the Federal Rules of Civil Procedure. No party waives any rights under the Federal Rules governing joinder. This Order, and the Court's prior Orders are made without prejudice to the right of any party to seek severance of any claim or action, or otherwise to seek individual or distinct treatment of any claim or issue.

12.     Counsel for Suffolk County, New York have indicated they intend to amend their current Complaint, to which no responsive pleading has yet been served, in response to the Court's May 13, 2003 Order. Suffolk County is granted until July 3, 2003 to amend its Complaint. Motions challenging that Governmental Entity Action by Defendants shall be filed within forty-five (45) days of service of the Amended Complaint. Suffolk County shall file its opposition to any Motions filed by Defendants challenging its Amended Complaint within thirty (30) days of service of Defendants' Motions. Any reply briefing by Defendants in further support of their Motions shall be filed within thirty (30) days of service of Suffolk County's opposition.

13.     Should the Court deny remand of a Governmental Entity Action, Defendants named therein shall respond to the complaint in that Governmental Entity Action within forty-five (45) days of service of the Court's ruling on remand of that Governmental Entity Action. Governmental Entity Plaintiffs shall file their opposition(s) to any such Motions challenging

their Complaints within thirty (30) days of service of the Motion(s). Any reply briefing by Defendants in further support of their Motions shall be filed within thirty (30) days of service of the Governmental Entity Plaintiffs' opposition(s).

14.  The Governmental Entity Plaintiffs and Defendants, respectively, shall use reasonable efforts to consolidate common legal arguments in joint motions and memoranda. Unless altered by the Court for good cause shown, the page limitations previously set forth by the Court in connection with the parties' briefing on the Motions filed by Defendants challenging the Master Consolidated Complaint shall control the briefing on the several Governmental Entity Complaints.

### D.  CASE MANAGEMENT OBLIGATIONS OF THE PARTIES

15.  The Chairs of the Lead Counsel Committee of the Private Party Class Action Plaintiffs and the Governmental Entity Liaison Counsel, or their designees, shall meet with the Steering Committee of the Defendants, or their designees, on a regular schedule to be agreed between them. The first meeting between the Chairs of the Lead Counsel Committee of the Private Party Class Action Plaintiffs and the Steering Committee of the Defendants shall occur no later than thirty (30) days following service of the Court's ruling on the Motion to Amend. Should the Court overrule any of the pending Motions by the Governmental Entity Plaintiffs for Remand, the first meeting between the Governmental Entity Liaison Counsel and the Steering Committee of the Defendants shall occur no later than thirty (30) days following the service of the Court's ruling on the remand Motions. These meetings shall cover, but need not be limited to, scheduling and case management issues of interest to the parties. The Court anticipates that the parties will also agree during these meetings on a mechanism for keeping the Court informed

of progress on the litigation, as well as any substantive disputes between the parties that may require judicial intervention in order to minimize additional filings.

16. No later than fourteen (14) days following the initial meetings described in paragraph 15 of this Case Management Order, the parties shall make joint submissions with respect to case management as they deem necessary and appropriate. In the event the parties cannot agree on such case management submissions, they shall submit a single pleading identifying those matters to which the parties can and cannot agree, together with brief submissions supporting the positions taken on matters about which there is disagreement.

### E.   DISCOVERY

17. Discovery is currently limited to written discovery on the pending non-dismissed claims and non-dismissed defendants in the Master Consolidated Class Action Complaint as follows until further order of the Court. The Court orders that the limits on discovery set forth below shall be imposed in the absence of agreements by the parties in writing to the contrary.

18. Plaintiffs, collectively, may propound one (1) set of written discovery requests to each remaining non-dismissed defendant. A "remaining defendant" is a defendant named in the Master Consolidated Complaint still subject, following the Court's May 13, 2003 Order, to pending, non-dismissed claims. Plaintiffs may include up to fifteen (15) interrogatories, and fifteen (15) requests for production of documents in this set of discovery requests.

19. Defendants, collectively, may propound one (1) set of written discovery requests to each remaining plaintiff. Defendants may include up to fifteen (15) interrogatories, and fifteen (15) requests for production of documents in this set of discovery requests. Each defendant may also propound one (1) additional set of non-duplicative plaintiff-specific discovery requests to specific plaintiffs, which may include up to fifteen (15) additional plaintiff-

specific interrogatories and fifteen (15) additional plaintiff-specific requests for production of documents, subject to an aggregate limit to be agreed upon by the parties.

### F. PARTICIPATION BY THE STATE AND STATE SUBDIVISION PLAINTIFFS IN COORDINATED MDL DISCOVERY

20. Notwithstanding the current pending status of the Motions to Remand by certain of the Governmental Entity Plaintiffs, the Court finds that efficient management of this MDL requires that the Governmental Entity Plaintiffs coordinate with the Private Party Plaintiffs with respect to discovery. Participation by the Governmental Entity Plaintiffs in coordinated MDL discovery will not operate as a waiver of any claim or argument made by such plaintiffs in support of their Motions for Remand, nor will it be considered any evidence of same.

21. A refusal or failure by Governmental Entity Plaintiffs to participate in coordinated MDL discovery may be considered a waiver of the opportunity to propound discovery requests to the parties involved.

### G. CLASS CERTIFICATION

22. At the first meeting of lead counsel with respect to the Private Party Class Actions, as provided in paragraph 15 *supra*, counsel shall confer with respect to the class certification issues presented by the case, the goal of which shall be to facilitate a determination by the Court on class certification issues "as soon as practicable." Federal Rule of Civil Procedure 23 (c) (1). The parties shall consider, as appropriate, such issues as the scheduling and management of fact and expert discovery addressed to class certification issues, as well as the scheduling of briefing by the parties and a hearing by the Court.

## H. OTHER PROVISIONS REMAIN IN FORCE

23. Those provisions of Case Management Order No. 2 appearing in paragraphs 8, through 11 remain in full force and effect.

Dated: June __, 2003

> PATTI B. SARIS
> United States District Court Judge

## PRIVATE PARTY CLASS ACTIONS FINALLY OR CONDITIONALLY TRANSFERRED TO THE AWP MDL SINCE THE FILING OF THE MASTER CONSOLIDATED COMPLAINT[1]

Rice v. Abbott Laboratories, Inc., et al., Case No. C 02-3925 MJJ (N.D. Cal.)

Thompson v. Abbott Laboratories, Inc., et al., Case No. C 02-4450 MJJ (N.D. Cal.)

Turner v. Abbott Laboratories, et al., Case No. C 02-5006 MJJ (N.D. Cal.)

Congress of California Seniors v. Abbott Laboratories, et al., Case No. 02-8179 AHM (RCx) (C.D. Cal.)

Swanston v. TAP Pharmaceutical Products, Inc., et al., Case No. CIV 03-0062 PHX-SMM (D. Ariz.)*

Digel v. Abbott Laboratories, Inc., et al., Case No. 03-2109 Ma BRE (W.D. Tenn.)

---

[1] Cases which have been conditionally transferred to the AWP MDL are indicated with an asterisk.

## GOVERNMENTAL ENTITY ACTIONS FINALLY OR CONDITIONALLY TRANSFERRED TO THE AWP MDL SINCE THE FILING OF THE MASTER CONSOLIDATED COMPLAINT [2]

State of Montana v. Abbott Laboratories, Inc. et al., Case No. CV-02-09-H-DWM (D. Mont.)

State of Nevada v. Abbott Laboratories, Inc., et al., No. CV-N-02-0800-ECR (RAM) (D. Nev.)

State of Nevada v. American Home Prods. Corp., et al., No. CV-N-02-0202-ECR (D. Nev.)

State of Minnesota v. Pharmacia Corp., C.A. No. 02-1779(MJD) (D. Minn.)

County of Suffolk v. Abbott Laboratories, Inc. et al., Case No. CV-03-229 (DRH) (E.D.N.Y.)

The People of the State of New York v. Pharmacia Corp., Case No. 03-CV-0295 DNH DHH (N.D.N.Y.)*

The People of the State of New York v. Aventis Pharmaceuticals, Inc., Case No. 03-CV-0305 (N.D.N.Y.)*

State of Connecticut v. GlaxoSmithKline, P.L.C., et al., Case No. 3:03-CV-0553 (JCH) (D. Conn.)*

State of Connecticut v. Pharmacia Corp., Case No. 3:03-CV-0554 (DJS) (D. Conn.)*

State of Connecticut v. Aventis Pharmaceuticals, Inc., Case No. 3:03-CV-0557 (JFD) (D. Conn.)*

State of Connecticut v. Dey, Inc. et al., Case No. 3:03-CV-0572 (DJS) (D. Conn.)*

State of California, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al., Case No. 03-2238 DDP (PLAx) (C.D. Cal.)*

---

[2] Cases which have been conditionally transferred to the AWP MDL are indicated with an asterisk.

2

## CERTIFICATE OF SERVICE

I certify that on June 6, 2003, a true and correct copy of the foregoing was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

*Juliet S. Sorensen*

Juliet S. Sorensen