UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>CIVIL ACTION NO. 01-12257-PBS |

[PROPOSED] CASE MANAGEMENT ORDER NO. 7

WHEREAS, on May 13, 2003, this Court entered an order granting in part and denying in part Defendants' motions to dismiss;

WHEREAS, in its Order, the Court gave Plaintiffs thirty (30) days in which to move for leave to file an Amended Master Consolidated Complaint;

WHEREAS, Plaintiffs intend to file such motion on or before June 12, 2003;

IT IS HEREBY ORDERED as follows:

A.   **MASTER CONSOLIDATED COMPLAINT AND RESPONSIVE PLEADINGS**

1. If the Court grants Plaintiffs' motion to amend, the Amended Master Consolidated Complaint shall amend the claims and allegations in the Master Consolidated Complaint filed on September 3, 2002.

2. Defendants against whom claims technically remain from the Master Consolidated Complaint which is the subject of the Court's Order on the motions to dismiss are relieved from answering those claims until the time set forth in paragraph 3, below.

3. After the Court's ruling on the motion to amend, Defendants shall, where applicable, answer and otherwise file responsive pleadings within thirty (30) days of service of the Amended Master Consolidated Complaint.

4. Plaintiffs shall file their opposition(s) to any responsive motion(s) within thirty (30) days of service of the motion(s).

5. Defendants shall reply to any opposition(s) within fifteen (15) days of service of an opposition.

6. Plaintiffs and Defendants respectively shall use reasonable efforts to consolidate common legal arguments in joint motions and memoranda.

**B.   DISCOVERY**

7. The temporary stay of discovery between parties was lifted by this Court's Memorandum and Order dated May 13, 2003. Plaintiffs intend to serve document requests with the proposed amended complaint and to serve subpoenas on third parties. After this initial wave of document discovery is completed the parties shall have a better understanding as to the scope of future discovery and will be in a better position to address such items as the need for class certification discovery; the scope of that discovery and its timing. Further, at that point the parties will be able to more accurately access the timing of class certification motion practice and the fact discovery schedule. It is anticipated that after this initial production occurs a meet and confer would then take place and a more detailed case management order would be discussed and agreed to, or that at that point each side would present a proposal to the Court.

**C.   MOTIONS**

8. This Order is without prejudice to the right of any party to bring any motion not specifically provided for in this Order, at any time, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**D.   STATUS CONFERENCE**

9. Given the size of the case and the likelihood that the parties will need the court's assistance to manage disputes that arise as the case progresses the Court will hold status

conferences on a bi-monthly basis. To reduce the expense involved and given the large numbers of out of state counsel, these conferences will be conducted by phone. Said status conferences shall take place on the first _____ of each applicable month, at _____ o'clock. Plaintiffs and Defendants shall confer and arrange for the appropriate telephone conference numbers and provide call-in numbers to the Court clerk for use by the Court. Counsel shall agree on an agenda three days prior to the conference.

### E. **MODIFICATION**

10. Any party to this litigation may move the Court for modification of the terms of this Order for good cause shown.

                                                                             PATTI B. SARIS
                                                                             United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that I, Edward Notargiacomo, an attorney, caused true and correct copies of the foregoing Proposed Case Management Order No. 7., to be served on all counsel of record electronically, pursuant to Section D of Case Management Order No. 2.

By: _____
Edward Notargiacomo, Esq.
HAGENS BERMAN LLP
225 Franklin Street, 26th floor
Boston, MA 02110
(617) 482-3700