RECEIVED
Clerk's Office
USDC, Mass.
Date 6/6/03
By 6:13
Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | M.D.L. NO. 1456<br>CIVIL ACTION NO. 01-12257-PBS |

## MEMORANDUM OF DEFENDANTS IN SUPPORT OF THEIR PROPOSED CASE MANAGEMENT ORDER NO. 7

Pursuant to the Court's order of May 31, 2003 (Dkt. 372), defendants submit a proposed Case Management Order No. 7 ("CMO 7") and this supporting memorandum. This memorandum describes defendants' suggested approach to case management as set forth in the proposed CMO, and the principles underlying that approach.

Preliminarily, defendants wish to emphasize that their proposal is based on circumstances as of the date of this filing (June 6, 2003). Defendants note, however, that under the terms of the Court's May 13 Memorandum and Order, plaintiffs are due by June 12 to submit a proposed First Amended Master Consolidated Complaint ("FAMCC") along with a motion for leave to file. Lead counsel for plaintiffs has advised defendants that the proposed FAMCC may include new federal causes of action and new parties. Accordingly, depending on the precise nature of the new claims and parties – as well as any other as-yet undisclosed modifications that may appear in the amended complaint – defendants reserve the right to revisit and reformulate the proposals set forth in their proposed CMO 7 and this Memorandum. Upon service of the proposed FAMCC, defendants will strive to perform that review promptly and consult further with plaintiffs prior to the scheduling conference due to take place on June 18.

## Pending Actions

There are currently pending before the Court over 30 actions transferred by the Judicial Panel on Multidistrict Litigation ("JPML") for pretrial coordination or consolidation, along with one action originally filed in this District. *See* Defendants' Status Report (Dkt. 337) (April 4, 2003); Defendants' Status Report and Mem. (Dkt. 374) (June 2, 2003). Additional cases have been conditionally transferred by the JPML. *Id.* The pending and conditionally transferred cases fall into essentially two categories:

(1) "Private Party Class Actions" filed on behalf of purported classes of consumers and others; and

(2) "Governmental Entity Actions" filed by or on behalf of a state or state subdivision on its own behalf or on behalf of its citizens.

The Court's May 13 opinion addressed only Private Party Class Actions included in the Master Consolidated Class Action Complaint ("MCC"). It did not address the Governmental Entity Actions, several of which (Nevada, Montana, Minnesota) are currently the subject of pending motions to remand to state court. If the Court denies the motions to remand, defendants will file, by prior agreement among the parties, motions to dismiss these cases within 45 days of the Court's ruling. (Proposed CMO 7, ¶ 13). In addition, defendants intend to move to dismiss the *Suffolk County* case, a Governmental Entity Action that was originally filed in federal court. Plaintiff in *Suffolk County* has advised defendants of its intention to file an amended complaint. (Proposed CMO 7, ¶ 13).

Finally, since the filing of the MCC in September 2002, several additional Private Party Class Actions have been transferred by the JPML to this Court. *See* Defendants' Status

Report (Dkt. 337) (April 4, 2003). A number of companies that are not named as defendants in the MCC are named as defendants in one or more of these additional Private Party Class Actions.

### Defendants' Proposed CMO 7

Defendants' proposed CMO 7 is premised on five basic propositions as to how this set of complex cases should be managed:

**1. Written discovery should commence now, but only as to "pending non-dismissed claims" against non-dismissed defendants in the MCC.** The Court's May 13 order provides that "[d]iscovery shall begin forthwith on the pending non-dismissed claims." Mem. and Order, at 47. Accordingly, plaintiffs may proceed to serve written discovery directed at only those claims and defendants that survived the initial motion to dismiss, and defendants may reciprocally serve written discovery on the remaining plaintiffs directed at those pending claims.

While defendants have not yet seen the FAMCC or been informed of the claims or parties it will contain, defendants have every reason to expect that, like the original complaint, the FAMCC will present substantial threshold legal issues that are properly contested in a Rule 12(b) motion. Thus, defendants anticipate filing a motion to dismiss directed at the FAMCC. During the pendency of that motion, defendants submit that discovery on claims articulated for the first time in the FAMCC should not proceed – just as it did not proceed during the Rule 12(b) testing of the MCC (with the exception, of course, of defendants' initial disclosure of hundreds of thousands of pages of documents in compliance with CMO 5).

To expedite consideration of plaintiffs' motion for leave to file the FAMCC, the proposed CMO 7 provides that defendants' opposition to the motion "shall be combined with"

any motions challenging the FAMCC. (Proposed CMO 7, ¶ 6). In other words, within 45 days of service of plaintiffs' motion and FAMCC, defendants will be required to file *both* their opposition to the motion *and* any Rule 12(b) motions directed at the FAMCC. As with the initial round of briefing on motions to dismiss, the proposed CMO calls for the parties to make reasonable efforts to consolidate common legal arguments in joint motions and memoranda. *Id.*, ¶ 8.

2.  **Discovery and motion practice in the Private Party Class Actions and the Governmental Entity Actions should take place on a coordinated basis.** As the JPML recognized in transferring the Governmental Entity Actions to this Court, these cases "present questions of fact which are common to the actions previously transferred to the District of Massachusetts and assigned to Judge Saris." *See, e.g.*, Conditional Transfer Order No. 12 (May 20, 2003). Accordingly, Defendants' proposed CMO 7 calls for substantial coordination of discovery among the Private Party Class Actions and the Governmental Entity Actions pursuant to a schedule that will allow both types of actions to proceed simultaneously. Coordination is particularly manageable and appropriate here, since lead counsel in the Private Party Class Actions also represent some of the Governmental Entity Plaintiffs.

The Governmental Entity Plaintiffs must be required to participate and to coordinate with plaintiffs' and defendants' counsel – rather than holding back and seeking to restart the discovery process later. To proceed otherwise would expose defendants to duplicative and overlapping discovery demands in a case that is already massive in scope. *Manual for Complex Litigation, Third* § 21.455, at 89 ("Discovery plans in related cases pending before the same judge should be coordinated to avoid conflicts and duplication.").

3. **The Court should shortly set dates for briefing and submission of plaintiffs' request for class certification to guide discovery and case management over the next year.** Plaintiffs proposed case management order does not even address class certification. Instead, plaintiffs propose to defer these issues until after they serve, and receive responses to, written discovery requests. Defendants propose a more structured and focused approach. Defendants propose that promptly after a determination of Plaintiffs' motion to amend, counsel should be directed to confer regarding class certification issues, including the scheduling and management of fact and expert discovery, as well as briefing by the parties and a hearing by the Court. Under the Defendants' approach, the Court would provide structure to the next phase of discovery, rather than just leaving open the important class certification issue. In addition, this approach would permit the determination of class certification issues "as soon as practicable." Federal Rule of Civil Procedure 23(c)(1).

4. **The Court should establish limits on discovery to be taken prior to a hearing on class certification.** Lead counsel for plaintiffs has advised defendants that the FAMCC will not significantly narrow the scope of this case; dozens of defendants and up to five hundred pharmaceutical products will continue to be involved. In a case of this magnitude, limitations on discovery are essential to avoid imposing massive and unmanageable burdens on the parties and the Court. Fed. R. Civ. P. 26(b)(2) permits the court to limit the "frequency or extent of use of the discovery methods" provided for in the Federal Rules. A court may set limits "on the number and length of depositions, on the number of interrogatories, and on the volume of requests for production." *Manual for Complex Litigation, Third*, § 21.422, at 57 (1995). Such limitations "are best applied sequentially to particular phases of the litigation, rather than as aggregate limitations." *Id.* Further, in order to "increase the effectiveness and

efficiency" of written discovery, "[s]imilarly situated parties may be required to confer and develop a single or master set of [requests] to be served on an opposing party." *Id.*, § 21.464, at 92-93.

Accordingly, Defendants propose that the parties be instructed to meet and confer on the appropriate limitations at the initial conference called for by paragraph 15 of the proposed CMO 7.

5. **The proposed FAMCC should supersede all claims in the Private Party Class Actions transferred by the JPML to this Court; companies not named in the proposed FAMCC should be deemed dismissed.** As noted above, several companies that were not named as defendants in the MCC are named as defendants in certain additional Private Party Class Actions. Defendants propose that the Private Party Class Plaintiffs be required finally to agree among themselves and decide against which companies they wish to proceed.

Defendants' proposed CMO 7 provides that the Private Party Class Plaintiffs must include in their proposed FAMCC any defendants against whom they intend to proceed, and that Defendants who are not named in the proposed FAMCC, but who were previously named in a Private Party Class Action transferred to this Court during the period between the filing of the MCC and the filing of the proposed FAMCC, will be deemed dismissed. This approach, which is consistent with the approach taken prior to the filing of the MCC last year, is necessary to ensure efficient and effective case management.

## Conclusion

For the reasons stated above, defendants respectfully request that the Court enter their proposed CMO 7 pending the scheduling conference due to take place on June 18.

Respectfully submitted,

ON BEHALF OF THE REMAINING DEFENDANTS

By: /s/ Juliet S. S.            DATED: June 6, 2003

Nicholas C. Theodorou, Esq. (BBO# 496730)
Juliet S. Sorensen, Esq. (BBO# 647255)
**FOLEY HOAG, LLP**
155 Seaport Boulevard
Boston, MA 02210

D. Scott Wise, Esq. (admitted *pro hac vice*)
Kimberley Harris, Esq. (admitted *pro hac vice*)
**DAVIS POLK & WARDWELL**
450 Lexington Avenue
New York, NY 10017

Attorneys for AstraZeneca Pharmaceuticals L.P.

## CERTIFICATE OF SERVICE

I certify that on June 6, 2003, a true and correct copy of the foregoing was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

*/s/ Juliet S. Sorensen*

Juliet S. Sorensen