

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
(212) 416-8306

ELIOT SPITZER
Attorney General

THOMAS G. CONWAY
Assistant Attorney General In Charge
Consumer Frauds and Protection Bureau

June 10, 2003

Facsimile Transmission and U.S. Mail
The Honorable Patti B. Saris
United States Courthouse
1 Courthouse Way
Suite 2300
Boston, MA 02210

    Re:    *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456

Dear Judge Saris:

    I am writing on behalf of the State of New York to correct misimpressions concerning the status of the New York average wholesale price litigation that were created by the Defendants' Unopposed Motion for Leave to File Defendants' Status Report and Memorandum on the Medicare Federal Question Issue Pending in the Cases Transferred to this Court ('motion") and the annexed "status report," which GlaxoSmithKline, P.L.C. ("GSK"), Pharmacia Corporation ("Pharmacia"), Aventis Pharmaceuticals, Inc. ("Aventis") and other defendants filed in the above-referenced matter on June 2, 2003. Because the State of New York is not a party in MDL 1456, it will not comment on the merits of the motion or the substance of the "status report." The State is, however, in a unique position to know that these defendants misrepresented the status of the New York litigation and offers this clarification solely to assist the Court.

    New York initiated three actions in the New York State Supreme Court alleging that GSK, Pharmacia and Aventis falsely reported the average wholesale prices of their prescription drugs. These cases were removed to the United States District Court for the Northern District of New York, they have been consolidated for pre-trial purposes, and remand motions are pending before District Judge Mordue.[1] The Judicial Panel on Multidistrict Litigation ("JPML") has either entered or been requested to enter a Conditional Transfer Order ("CTO") to transfer each of these cases to MDL 1456. No CTO has been entered in the GSK case, and the State is opposing transfer in all three matters.

---

[1] *People of the State of New York v. Pharmacia Corp.*, No. 03-CV-295 (NAM/DRH); *People of the State of New York v. GlaxoSmithKline, P.L.C.*, No. 03-CV-299 (NAM/DRH); *People of the State of New York v. Aventis Pharmaceuticals, Inc.*, No. 03-CV-305 (NAM/DRH)

The Hon. Patti B. Saris
June 10, 2003
Page 2

The defendants' motion and purported status report first assert that the New York cases are "soon to be before th[is] Court" (motion, ¶¶ 2, 3) and "are enroute to this Court." (Status report, at 2.) The status report then recites the arguments GSK, Pharmacia and Aventis made to Judge Mordue in opposition to the State's remand motions. There is no basis for these defendants' overweening assertion that transfer is imminent. In fact, there is reason to believe Judge Mordue will rule on the State's pending remand motions before the JPML decides the State's motions to vacate the CTOs.

GSK filed a motion to stay the proceedings in the Northern District of New York on March 20, 2003, and the other two defendants filed similar motions on March 27th. Judge Mordue has not ruled on these motions yet. Moreover, on June 3, 2003, Magistrate Judge Homer adjourned *sine die* the scheduled Rule 16(b) conferences, stating:

> in light of the motion to remand presently pending before the district court in the above referenced cases, the conference scheduled for June 10, 2003 at 11:00 a.m. pursuant to Fed. R. Civ. P. 16 is hereby adjourned without date. If necessary, the conference will be rescheduled following decision on the motion.

It now seems likely that Judge Mordue will decide the State's remand motions, making the defendants' arguments in the New York cases wholly irrelevant to this Court's deliberations. And even if Judge Mordue does not decide the jurisdictional questions in the New York cases, the defendants must wait until those cases are before this Court before they attempt to sway the Court's judgment on these issues.

By this letter, the State of New York is not submitting itself to the jurisdiction of this Court. Nor is it attempting to interpose itself in the above-referenced matter. As noted above, this letter was written simply to offer clarification concerning the status of the New York average wholesale price cases, which currently remain in the Northern District of New York.

Respectfully submitted,

*[signature]*

Rose E. Firestein
Assistant Attorney General

cc: Counsel on the JPML's service list
<u>By United States mail</u>
John C. Dodds, Esq., counsel for Pharmacia Corp.
Frederick G. Herold, Esq., counsel for GSK
Michael L. Koon, Esq. counsel for Aventis
<u>By Facsimile Transmission and United States mail</u>