

# STATE OF MINNESOTA

OFFICE OF THE ATTORNEY GENERAL

**MIKE HATCH**
ATTORNEY GENERAL

June 9, 2003

SUITE 1400
445 MINNESOTA STREET
ST. PAUL, MN 55101-2131
TELEPHONE: (651) 296-7575

The Honorable Patti B. Saris
United States Courthouse
1 Courthouse Way
Suite 2300
Boston, MA 02210

Via U.S. Mail and Fax No.: 617-748-4582

Re:   *In re: Pharmaceutical Industry Average Wholesale Price Litigation*
      MDL No. 1456/Civil Action: 01-CV-12257-PBS

Dear Judge Saris:

    This Office represents Plaintiff State of Minnesota ("the State") in *State of Minnesota v. Pharmacia* Corporation, File No. 02-1779 (D. Minn.), which is currently included in the above-referenced AWP MDL proceeding. This letter is in response to Defendants' purported "Unopposed Motion for Leave to File Defendants' Status Report and Memorandum on the Medicare Federal Question Issue Pending in the Cases Transferred to this Court" dated June 2, 2003. For the reasons outlined below, the Court should summarily deny Defendants' motion for leave to file yet another memorandum regarding the remand of the State's case.

    First, the Court should deny Defendants' motion because Defendants never gave the State notice of it. This Office received Defendants' motion papers from another state Attorney General's Office. It is perplexing how Defendants can characterize this as an "unopposed motion" when they never consulted this Office regarding the State's position and failed to even serve the motion on the State. Defendants' failure to notify the State of this motion and to serve the State is reason enough for the Court to summarily deny it.

    Second, the Court should also deny the Defendants' motion because the parties have already thoroughly briefed all of the remand issues raised in Defendants' memorandum, not only in the State's case against Pharmacia Corporation, but also in the New York and Connecticut state court cases referenced in Defendants' brief. Defendants do not raise anything new in this latest memorandum.

    Finally, Defendants erroneously argue that the Court's May 13, 2003 Memorandum and Order supports their position that the State's case raises a substantial federal question. That decision only supports the State's remand motion. The Court made it very clear in its May 13 decision that state courts can construe the term "average wholesale price" without defeating the goal of uniform application of federal laws and thereby squarely rejected Defendants' argument that such claims cannot be heard by state courts. Memorandum and Order at 30-31. The Court made it equally clear that the Medicare laws do not preempt the very type of state law claims

Facsimile: (651) 296-9663 • TTY: (651) 297-7206 • Toll Free Lines: (800) 657-3787 (Voice) • (800) 366-4812 (TTY) • www.ag.state.mn.us

An Equal Opportunity Employer Who Values Diversity      Printed on 50% recycled paper (15% post consumer content)

The Honorable Patti B. Saris
June 9, 2003
Page 2

brought by the State against Pharmacia and that these claims can be pursued notwithstanding Defendants' argument that Congress approved their alleged fraudulent drug pricing practices. *Id.* at 28-29. The Court is, of course, able to determine the effect of its May 13 ruling on the State's pending remand motion. If the Court desires briefing regarding the effect of its decision on the State's remand motion, the State will submit a supplemental brief.

For all of these reasons, the State respectfully requests that the Court deny Defendants' motion. If the Court were to grant Defendants' motion, the State respectfully requests the opportunity to fully respond to Defendants' arguments.

Very truly yours,

MICHAEL J. VANSELOW
Assistant Attorney General

(651) 296-9418

cc: John C. Dodds
James L. Volling
Mark H. Lynch
Ethan M Posner
Frederick G. Herold
Geoffrey E. Hobbart
Robert B. Teitelman
Garry H. Desjardins
Michael F. Cole
Matthew Barbaro
Rose E. Firestein