UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: *State of Minnesota v. Pharmacia Corporation*, Civil Action No. 02-10069-PBS *State of Nevada v. Abbott Laboratories, Inc.*, Civil Action No. 02-12085-PBS | CIVIL ACTION: 01-CV-12257-PBS Judge Patti B. Saris |

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL

Defendants Pharmacia Corporation and SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") respectfully seek reconsideration of this Court's June 11, 2003 Order remanding Minnesota's action to state court. In its remand order, the Court found that "an essential element of Minnesota's *parens patriae* claims is proof of a discrepancy between the AWPs reported by Pharmacia and the meaning of AWP under the federal [Medicare] statute." Mem. at 11. However, because the Medicare statute does not itself create a cause of action, the Court concluded that it was bound to find federal jurisdiction lacking under *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986). Mem. at 12 ("[u]nder *Merrell Dow*, where a state-law claim includes as a necessary element the violation of a federal statute, the federal statute *must* provide a private remedy for violation of that standard, for federal-question jurisdiction to obtain.") (emphasis added).

Defendants respectfully submit that this conclusion -- that there is federal jurisdiction *only* if Congress provided a private right of action under the federal law in question -- is at odds with decisions of the Supreme Court, the First Circuit, and the majority of other circuits that have considered the issue. In *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*,

463 U.S. 1, 27-28 (1983), the Court held that there is federal jurisdiction *either* where the federal statute creates a cause of action *or* plaintiff's claims depend on resolution of a substantial federal question. The Supreme Court in *Merrell Dow* did not overrule *Franchise Tax Bd.* and hold that federal question jurisdiction can exist *only* where the federal statute involved provides a private cause of action. Moreover, the First Circuit has never interpreted *Merrell Dow* as creating such an absolute prerequisite to federal jurisdiction. To the contrary, courts in the First Circuit and other jurisdictions have held that federal jurisdiction exists where the federal law is an "essential element" of a state law claim even if the statute does not provide a private cause of action. In fact, at least one other district court in the First Circuit has held that if a substantial issue of federal law is an essential element of a state law claim, as this Court held with respect to the State of Minnesota's claim, this finding is sufficient to support federal question jurisdiction, regardless of whether there is a statutorily created cause of action. *See Popular Democratic Party v. Commonwealth of Puerto Rico*, 24 F.Supp.2d 184, 189, 195 (D. P.R. 1998). Thus, this Court should reconsider its remand order and deny the State's motion to remand.

As this Court recognized, the First Circuit has acknowledged that resolution of the question presented here requires entry into a "remarkably tangled corner of the law." Mem. at 9 (quoting *Almond v. Capital Properties, Inc.*, 212 F.3d 20, 22 (1st Cir. 2000). Because the jurisdictional issue in this case is at the very least a close one that requires wrestling with a "difficult body of precedent" (Mem. at 9) and will have a profound impact on the future course of the AWP litigation, and because this Court's decision conflicts with that of another district court in the First Circuit, the issue of whether the State's claims present a federal question is worthy of review by the First Circuit. However, orders *granting* motions to remand are not appealable, *see* 28 U.S.C. § 1447(d), but orders *denying* such motions can be certified for appeal

under 28 U.S.C. § 1292(b). Accordingly, if the Court is not persuaded to deny Minnesota's motion to remand outright, the defendants respectfully request that the Court deny the State's motion to remand and certify that order for review under 28 U.S.C. § 1292(b). This procedure is the only available path that would allow the First Circuit to provide guidance on this very important issue.

Similarly, the Court should also reconsider its decision to remand *Nevada I*, deny the motion to remand, and certify the denial of that motion for interlocutory appeal. The unanimity issue in that case also meets the standards for review under 28 U.S.C. § 1292(b).

## I. The Court Should Reconsider Its Order Granting the State's Motion to Remand and Retain Jurisdiction Over the Minnesota Case.

### A. Under *Franchise Tax Board*, Which Was Not Overruled By *Merrell Dow*, The Court Has Jurisdiction Over The Minnesota Case.

In *Franchise Tax Bd.*, the Supreme Court held that lower federal courts have jurisdiction to hear cases under two distinct circumstances. According to the Court, jurisdiction exists "in those cases in which a well-pleaded complaint establishes *either* that federal law creates the cause of action *or* that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28 (emphasis added). The jurisdictional requirements set forth in *Franchise Tax Bd.* are plainly disjunctive -- only one of these two requirements is necessary to confer jurisdiction.

In *Merrell Dow*, the Supreme Court reaffirmed that federal courts have jurisdiction over cases "'where the vindication of a right under state law necessarily turn[s] on some construction of federal law,'" *Merrell Dow*, 478 U.S. at 808-09 (quoting *Franchise Tax Bd.*, 463 U.S. at 9). The Court observed that "the vast majority of cases brought under the general federal-jurisdiction of the federal courts are those in which federal law creates the cause of action," but it *never* held that *all* federal question cases are ones where the federal statute

3

creates a cause of action. If it had, it would have overruled *Franchise Tax Bd.*, which applies the either-or test. This Court should not presume that *Merrell Dow* overruled *Franchise Tax Bd.* *See Platzer v. Sloan-Kettering Institute for Cancer Research*, 787 F. Supp. 360, 366 (S.D.N.Y. 1992) (noting that *Merrell Dow* "left undisturbed" the holding of *Franchise Tax Bd.*).

Furthermore, any doubt as to whether *Franchise Tax Bd.*'s disjunctive test is still the law was resolved by the subsequent decision in *City of Chicago v. International College of Surgeons*, 522 U.S. 156 (1997). In that case, decided a decade after *Merrell Dow*, the Court quoted and reaffirmed *Franchise Tax Bd.* for the proposition that a "case arises under federal law when 'federal law creates the cause of action *or* ... the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *City of Chicago*, 522 U.S. at 164 (quoting *Franchise Tax Bd.*, 463 U.S. at 27-28) (emphasis added). *See Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 759 (6th Cir. 2000) (*City of Chicago* "reaffirm[s] that a case may 'arise under' the laws of the United States if it requires resolution of a substantial question of federal law, even if state law creates the plaintiff's cause of action").

Because the *Franchise Tax Bd.* disjunctive test is still the applicable test for determining federal jurisdiction, defendants respectfully request that this Court reconsider its June 11 Order. The Court's finding that the federal Medicare statute is an essential element of Minnesota's claim is sufficient under *Franchise Tax Bd.* to confer federal jurisdiction.

### B. The Court's Reading Of *Merrell Dow* Is Inconsistent With Cases In The First And Other Circuits.

The First Circuit has not interpreted *Merrell Dow* as establishing that a statutorily created cause of action is an absolute requirement for federal jurisdiction. Likewise, courts in several other circuits have refused to read *Merrell Dow* as a flat prohibition against federal jurisdiction where a private cause of action does not exist.

### 1. The First Circuit Has Not Interpreted *Merrell Dow* As Creating An Absolute Bar To Federal Jurisdiction Where A Private Cause Of Action Does Not Exist.

Three decisions of the First Circuit demonstrate that the Court of Appeals does not view a statutorily created cause of action as an absolute requirement for federal jurisdiction. First, in the court's most recent discussion of this issue, Judge Boudin explicitly applied the "substantial federal interest" test even though no federal statute provided a cause of action. *Almond v. Capital Properties, Inc.*, 212 F.3d 20 (1st Cir. 2000). The court in *Almond* found a substantial federal interest because of the existence of a contract with the federal government, but the court still applied the operative *Franchise Tax Bd.* test: "whether the Supreme Court would regard the federal issue in this case as sufficiently important to confer 'arising under' jurisdiction on the district court under section 1331 where the claim . . . is for a state remedy." *Id.*

*Almond* further construed *Merrell Dow* as rejecting federal jurisdiction "where a state tort claim merely incorporated a federal fault standard." *Id.* at 24. This Court has already held that Minnesota's case goes well beyond that description. In *Merrell Dow*, plaintiffs sought to augment a routine product liability case under state tort law with an additional claim that the defendant had violated certain requirements of the federal Food, Drug and Cosmetics Act. But state law provided the plaintiffs with claims regardless of the federal statute. Here, Minnesota's claims on behalf of Medicare beneficiaries derive entirely from the Medicare statute. If the statute did not exist, Minnesota would have no claim. Because Minnesota law is not the source of a claimed right to receive drugs in exchange for "proper" co-payments under the reimbursement regime created by Medicare, Minnesota's claim does not fall within the ambit of *Merrell Dow* under Judge Boudin's explanation of that case.

Second, in *PCS 2000 LP v. Romulus Telecomms., Inc.*, 148 F.3d 32 (1st Cir. 1998), a case that predates *Almond*, the court recognized "that cases sometimes arise under federal law where an interpretation of federal law is outcome determinative." *Id.* at 35. In support of that statement, the court cited *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 179 (1921) -- the original case establishing that there can be substantial question federal jurisdiction in the absence of a statutorily created cause of action. *See Almond*, 212 F.3d at 23, 24 (citing and relying on *Smith*). Although, the court in *PCS* found that the asserted federal question was "too tenuous a connection to support a claim of federal jurisdiction," 148 F.3d at 35, it did so before it turned to *Merrell Dow* and the relevance of the existence of a statutorily-created cause of action. The court then merely observed that: "[u]nless a federal statute bestows a private right of action, courts ought to ***presume*** that Congress did not intend the statute to confer federal jurisdiction." *PCS 2000 LP v. Romulus Telecomms., Inc.*, 148 F.3d 32, 75 (1st Cir. 1998) (emphasis added). The court did ***not*** conclude that the absence of a private cause of action automatically sounds the death knell for federal jurisdiction, as is clear from its full consideration of whether a substantial federal question existed before it even considered the relevance of the lack of a statutorily created private right of action.

Third, in *Nashoba Communications Ltd. P'ship No. 7 v. Town of Danvers*, 893 F.2d 435 (1st Cir. 1990), the court again first examined the question of whether plaintiff's claim presented a substantial federal question and found that it did not. *Id.* at 438 (federal question was "incidental" to state law claim). The court then turned to the issue of a statutorily created cause of action and observed that its absence "confirms our belief that an allegation [about a federal statute] would not be a sufficiently substantial element . . . to sustain federal jurisdiction." This approach to the issue of federal jurisdiction confirms that the First Circuit recognizes the

6

*Franchise Tax Bd.* disjunctive test. If the First Circuit had conclusively determined that the absence of a federally created private right of action was a perfect proxy for insubstantiality, it would not have found it necessary to independently conduct an examination of the nature of the federal issues at stake in both *Nashoba* and *PCS*.

A case decided by the District of Puerto Rico after *PCS* summarizes the law in this Circuit. In *Popular Democratic Party v. Commonwealth of Puerto Rico*, 24 F.Supp.2d 184 (D. P.R. 1998), the Court addressed the issue of whether after *Merrell Dow* and the First Circuit's decision in *PCS*, a court could have federal jurisdiction if there was no private cause of action. The court concluded that: "[i]f there is a substantial federal question involved, ***federal jurisdiction exists even if there is no private cause of action***; otherwise, it would be impossible to harmonize *Merrell Dow* with *Franchise Tax Board* and *Smith*." *Popular Democratic Party v. Commonwealth of Puerto Rico*, 24 F.Supp.2d 184, 189 (D. P.R. 1998) (emphasis added). In fact, the court went on to hold that the state law claims at issue presented a substantial federal question sufficient for federal jurisdiction even though plaintiff had no private cause of action. *Id.* at 195 (state law claim "necessarily raises a fundamental, essential, decisive, and outcome-determinative question of federal law that warrants the exercise of federal jurisdiction over the case at bar.").

In light of the state of the law in the First Circuit, this Court's determination that federal law is an "essential element" of Minnesota's claims on behalf of Medicare beneficiaries (Mem. at 11) is sufficient to support "arising under" federal jurisdiction, notwithstanding the lack of a statutorily-created cause of action.

### 2. Courts In Several Other Circuits Also Have Held That The Absence Of A Private Cause Of Action Does Not Serve As An Absolute Bar To Federal Jurisdiction.

In its Memorandum and Order, the court recognized that courts in other circuits have not read *Merrell Dow* to require a private cause of action for federal question jurisdiction to exist. *See* Mem. at 13 (quoting *Barbara v. New York Stock Exch., Inc.*, 99 F.3d 49, 54 (2nd Cir. 1996)); *see also id.* at 14 (quoting *City of Huntsville v. City of Madison*, 24 F.3d 169, 174 (11th Cir. 1194)). In addition to the Second and Eleventh Circuit cases cited by the Court, the Fourth, Sixth and Eighth circuits have reached this same conclusion. *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 759 (6th Cir. 2000) (*Merrell Dow* "clearly left open the possibility of federal jurisdiction even in the absence of an express or implied federal cause of action, if a substantial federal question of great federal interest is raised by a complaint framed in terms of state law, and if resolution of that federal claim is necessary to the resolution of the state-law claim"); *McNeill v. Franke*, 171 F.3d 561, 563-64 (8th Cir. 1999) ("Without a federal cause of action, [plaintiff's] case cannot arise under federal law ***unless*** her right to relief under state law requires resolution of a substantial question of federal law") (emphasis added); *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 806 (4th Cir. 1996) ("federal question jurisdiction is not limited to those cases where federal laws creates the cause of action").[1]

Other cases decided after *Merrell Dow* have also held that federal question jurisdiction exists where the federal question is an "essential element" of the state law claim, despite the absence of a statutorily-created cause of action. *See, e.g., West 14th Street Commercial Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 196 (2d Cir. 1987) ("[A]ssuming

---

[1] Although this Court cited *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 152 (4th Cir. 1994), in support of its finding that a cause of action is required by *Merrell Dow*, the Fourth Circuit in *Ormet* subsequently held just the opposite.

that plaintiffs have no private right of action under [the federal statute], we conclude that the federal element in the plaintiff's state cause of action would still be sufficiently substantial to confer arising under jurisdiction."); *Milano Hat Co. v. Haden & Co.*, 2003 WL 282450, at *2 (N.D. Tex. Feb. 5, 2003) (federal question jurisdiction existed because federal issue was "essential element" of plaintiff's state law claim); *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 2002 WL 31929179 (D. Kan. December 19, 2002) (federal jurisdiction existed because plaintiff's reliance on Federal Communications Act was an "essential element" of the state law claim); *Still v. DeBuono*, 927 F. Supp. 125, 128-29 (S.D.N.Y. 1996) (interpretation of Individuals with Disabilities Education Act was an "essential element" of plaintiff's claims).

In *Platzer v. Sloan-Kettering Institute for Cancer Research*, 787 F. Supp. 360 (S.D.N.Y. 1992), for example, the court explicitly rejected the argument that federal question jurisdiction was lacking because the statute at issue created no private right of action:

> That *Merrell Dow*'s reach should not be so extended is suggested in the language of the opinion itself. The Court left undisturbed the holding of *Franchise Tax Board*, that federal question jurisdiction is "appropriate when 'it appears that some substantial, disputed question of federal law is a necessary element of the well-pleaded state claims.'" *Merrell Dow*, 478 U.S. at 813 (quoting *Franchise Tax Bd.*, 463 U.S. at 13). Leaving intact "arising under jurisdiction" to determine substantial questions of federal law, the Court held that the "*mere presence* of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813 (emphasis in *Platzer*) . . .
>
> Thus, even where no private right of action exists for the underlying federal issue, if the nature of the federal issue is sufficiently substantial, subject matter jurisdiction may still exist . . . .

787 F. Supp. at 366.

9

## II. Alternatively, The Court Should Deny The Motion to Remand And Certify The Issue for Appeal Pursuant to 28 U.S.C. § 1292(b).

For the reasons stated in Point I, defendants respectfully submit that the Court should deny Minnesota's motion for remand outright. However, if the Court is not persuaded to take that action, it at least ought to deny the motion and certify it for interlocutory appeal so that the Court of Appeals can address this undeniably close question. This procedure is required because 28 U.S.C. § 1447(d) makes orders ***granting*** motions to remand non-appealable. On the other hand, orders ***denying*** motions to remand are regularly certified and accepted for immediate interlocutory appeal under 28 U.S.C. § 1292(b).[2] This procedure has been approved by leading commentators: "A court faced with a close question of removability may be inclined to deny remand and certify an interlocutory appeal in order to provide the opportunity for appellate review that would be lost if remand were granted . . ." 15A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3914.11. These authors further state that "[s]o long as the question is reasonably close, it does not subvert § 1447(d) to make this use of § 1292(b)." *Id.* § 3931 at 457 (1996). For example, in *Grant v. Chevron Chem. Co.*, 2001 WL 839010, at *3 (E.D. La. July 24, 2001), *aff'd*, 309 F.3d 864 (5th Cir. 2002), the district court denied a motion to remand solely "[t]o allow the Fifth Circuit to address the split among the district judges on this [jurisdictional] issue." The Court therefore should deny the remand motion in order to make an interlocutory appeal possible.

---

[2] *See, e.g., Rosmer v. Pfizer Inc.*, 263 F.3d 110, 113 (4th Cir. 2001); *Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1000 (9th Cir. 2001); *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 284 (5th Cir. 2000); *Davis v. Carl Cannon Chevrolet-Olds, Inc.*, 182 F.3d 792, 794 (11th Cir. 1999); *In re Air Crash Disaster Near Roselawn, Indiana on Oct. 31, 1994*, 96 F.3d 932, 937 (7th Cir. 1996); *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045 (2d Cir. 1991).

Under § 1292(b), a district judge may certify for interlocutory appeal an order not otherwise appealable that involves "a controlling question of law as to which there is substantial ground for difference of opinion," and where an immediate appeal "may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). Given the impact that this Court's decision will have on the future course of this litigation and the fact that numerous other courts interpreted *Merrell Dow* differently than this Court has, the jurisdictional question involved in this case warrants interlocutory appeal under § 1292(b).

The jurisdictional issue in this case is undoubtedly a "controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). "'All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court.'" *Philip Morris Inc., v. Harshbarger*, 957 F. Supp. 327, 329 (D. Mass. 1997) (quoting *Arizona v. Ideal Basic Indus. (In re Cement Antitrust Litig.)*, 673 F.2d 1020, 1026 (9th Cir. 1982)); *see also Bank of New York v. Hoyt*, 108 F.R.D. 184, 188 (D.R.I. 1985) ("[C]ontrolling means serious to the conduct of the litigation, either practically or legally . . .") (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)). There can be no question that resolution of the jurisdictional issue will have a significant effect on the future of the AWP litigation. As set forth in Defendants' Status Report and Memorandum on the Medicare Federal Question Issue, filed on June 2, 2003, the jurisdictional issue presented in the Minnesota case is present in *six* other AWP cases currently pending before this Court and *seven* other cases that are in the process of being transferred to this Court. *See* Def.'s Status Report and Memo. on the Medicare Federal Question Issue Pending in the Cases Transferred to This Court, at 1. Additional state court lawsuits are a realistic possibility as well. If the Court's remand order stands as is, it is possible that defendants

will have to litigate these cases in numerous state courts around the country rather than in a single coordinated MDL proceeding.

There clearly is "substantial ground for difference of opinion" on the jurisdictional issue involved in this case. The First Circuit has recently noted that this is a "remarkably tangled corner of the law," and that the question of whether federal question jurisdiction exists where a complaint "requires resolution of a substantial question of federal law" is "unclear." *Almond v. Capital Properties, Inc.*, 212 F.3d 20, 22-23 (1st Cir. 2000). At least one other district court within the First Circuit has held that *Merrell Dow* does **not** require a private cause of action. *See Popular Democratic Party*, 24 F. Supp. 2d at 189-90 ("If there is a substantial federal question involved, federal question jurisdiction exists even if there is no private federal cause of action."). Five Circuit Courts of Appeals have reached the same conclusion. *See* pp. 7-8, *supra*. Given the wide range of opinions on this issue, this Court should seek the guidance of the First Circuit.

Finally, an immediate appeal "may materially advance the ultimate termination of the litigation." The decisions of the Judicial Panel on Multidistrict Litigation to transfer the State cases to this MDL court -- over the vigorous opposition of the States -- rest on a determination that these cases can be efficiently and expeditiously brought to conclusion through consolidated proceedings. Conversely, litigation of identical issues in multiple state courts will prolong and complicate -- by a substantial factor -- the ultimate termination of the AWP litigation.

## III. The Court Should Deny The Motion to Remand The Nevada I Case And Certify The Unanimity Issue for Appeal Under Section 1292(b).

The unanimity issue in the *Nevada I* case is also a question that should, we respectfully submit, be reconsidered and certified for consideration by the Court of Appeals. Like the jurisdictional issue in the Minnesota case, the question of defendant Baxter's consent is

a "controlling question of law as to which there is a substantial ground for difference of opinion" and an appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As the Court recognized in its opinion, "Courts have disagreed over the contours of the rule of unanimity" and the case law with respect to the 28 U.S.C. § 1441(c) issue is "stygian." Mem. at 25. As the Court recognized, there are some cases, all decided outside of the First Circuit, that support the Court's ruling and at least one case that support the defendants' argument that unanimity was not required. See Mem. at 26-27. Although the "weight of authority" (Mem. at 27) may have supported the Court's ruling, the issue is a close one. Furthermore, the contours of unanimous consent under § 1441(c) is an issue of first impression within the First Circuit and a subject of considerable uncertainty in other Circuits. Given the legal uncertainty and "substantial ground for difference of opinion," and the impact that the Court's ruling will have on the administration of the Nevada cases (*i.e.*, identical cases being litigated simultaneously in state and federal courts), defendants respectfully request that the Court deny the remand motion in *Nevada I* and certify this question under § 1292(b).

## CONCLUSION

For the reasons stated above, the Court should grant defendants' motion to reconsider and deny the motions to remand *Minnesota* and *Nevada I*. In the alternative, the Court should grant defendants' motion to reconsider, deny the motions to remand and certify its Order denying remand for appeal pursuant to 28 U.S.C. § 1292(b).

Respectfully submitted,

BY: _____

        Mark D. Smith (BBO #542676)
        Faxon & Laredo LLP
        15 Broad Street, Suite 600
        Boston, MA 02109
        (617) 367-7984 (telephone)
        (617) 367-6475 (facsimile)

        John C. Dodds, Esq.
        Jennifer B. Jordan, Esq.
        Morgan Lewis & Bockius LLP
        1701 Market Street
        Philadelphia, PA 19103
        (215) 963-5000 (telephone)
        (215) 963-5001 (facsimile)

        Scott A. Stempel, Esq.
        Morgan Lewis & Bockius LLP
        1111 Pennsylvania Avenue, N.W.
        Washington, D.C. 20004
        (202) 739-3000 (telephone)
        (202) 739-3001 (facsimile)

Dated: June 18, 2003        *Attorneys for Defendant Pharmacia Corporation*

BY: _____

Geoffrey E. Hobart, Esq.
Holland & Knight
10 St. James Avenue
Boston, MA 02116
(617) 523-2700 (telephone)
(617) 523-6850 (facsimile)

Mark H. Lynch, Esq.
Ethan M. Posner, Esq.
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 662-6000 (telephone)
(202) 662-6291(facsimile)

Frederick G. Herold, Esq.
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000 (telephone)
(215) 994-2222 (facsimile)

Dated: June 18, 2003

*Attorneys for Defendant GSK*