

## STATE OF NEW YORK
## OFFICE OF THE ATTORNEY GENERAL
(212) 416-8306

ELIOT SPITZER
Attorney General

THOMAS G. CONWAY
Assistant Attorney General In Charge
Consumer Frauds and Protection Bureau

June 20, 2003

Facsimile Transmission and U.S. Mail
The Honorable Patti B. Saris
United States Courthouse
1 Courthouse Way
Suite 2300
Boston, MA 02210

Re:  *The People of the State of New York v. Pharmacia Corp.*, 03-CV-295 (NAM/DRH)
     *The People of the State of New York v. GlaxoSmithKline, P.L.C.*, 03-CV-299 (NAM/DRH)
     *The People of the State of New York v. Aventis Pharmaceuticals, Inc.*, 03-CV-305 (NAM/DRH)

Dear Judge Saris:

I am writing on behalf of the People of the State of New York, the plaintiffs in the above-referenced matters. The State has withdrawn its objection to the transfer of the Pharmacia and Aventis cases to the multidistrict litigation pending before Your Honor, *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456, and New York will not object to the transfer of the GlaxoSmithKline case when the Judicial Panel on Multidistrict Litigation enters the Conditional Transfer Order. A Notice of Related Action concerning the GlaxoSmithKline case has been filed and entered in the Panel's database.

New York initially brought its three pharmaceutical average wholesale price cases in the State Supreme Court asserting claims pursuant to five purely state law theories.[1] Like the State of Minnesota in *State of Minnesota v. Pharmacia Corp.*, Civil Action No. 03-10069 PBS, New York did not make any allegation concerning the defendants' reporting of a Medicaid "best price" or assert any claims pertaining to the Medicaid rebate program. 42 U.S.C. § 1396r-8.

---

[1] The State asserted the following state-law claims: deceptive business practices, N.Y. General Business Law § 349; fraudulent and illegal business practices, N.Y. Executive ("Exec.") Law § 63(12); commercial bribery, N.Y. Penal Law § 180.00 and N.Y. Exec. Law § 63(12); state civil Medicaid fraud, 18 N.Y.C.R.R. § 515.2(b)(5) and N.Y. Exec. Law § 63(12); and making misrepresentations to obtain state funds for another, N.Y. Social Services Law § 145-b and N.Y. Exec. Law § 63(12).

The Hon. Patti B. Saris
June 20, 2003
Page 2

Before the New York cases were transferred to the District of Massachusetts, the State filed a motion to remand all three matters, and those motions were fully submitted in the Northern District of New York. District Judge Mordue informed the parties that he would take these motions on the written submissions without oral argument. The State submits its remand motions are governed by Your Honor's decision on the same jurisdictional issues in *State of Minnesota v. Pharmacia Corporation*. We are writing to request instruction concerning how to proceed to expedite this Court's consideration of New York's motions to remand the Pharmacia and Aventis cases that are before this Court and how to proceed when the GlaxoSmithKline case is transferred to MDL 1456.

Thank you for your consideration of this matter.

Respectfully submitted,

Rose E. Firestein
Assistant Attorney General

cc: Counsel on the JPML's service list
<u>By United States mail</u>
John C. Dodds, Esq., counsel for Pharmacia Corp.
Frederick G. Herold, Esq., counsel for GSK
Michael L. Koon, Esq. counsel for Aventis
<u>By Facsimile Transmission and United States mail</u>