

# STATE OF MINNESOTA

OFFICE OF THE ATTORNEY GENERAL

**MIKE HATCH**
ATTORNEY GENERAL

June 16, 2003

SUITE 1400
445 MINNESOTA STREET
ST. PAUL, MN 55101-2131
TELEPHONE: (651) 296-7575

**VIA FACSIMILE
AND U.S. MAIL**

Tony Anastas, Clerk of Court
United States Courthouse
1 Courthouse Way
Suite 2300
Boston, MA 02210

Re:   *In re: Pharmaceutical Industry Average Wholesale Price Litigation*
      **MDL No. 1456/Civil Action: 01-CV-12257-PBS**

Dear Mr. Anastas:

Please find enclosed for filing in the above-referenced matter the following documents:

1. State of Minnesota's Memorandum in Opposition to Emergency Motion to Stay Transmission of Certified Copy of Remand Order to State Court; and
2. Affidavit of Service by Facsimile and U.S. Mail.

Sincerely,

*Ann M. Bildtsen/ejk*

ANN M. BILDTSEN
Assistant Attorney General

(651) 297-4720

Enclosures
cc:   The Honorable Patti B. Saris
AG: #722202-v1

Facsimile: (651) 296-9663 • TTY: (651) 297-7206 • Toll Free Lines: (800) 657-3787 (Voice) • (800) 366-4812 (TTY) • www.ag.state.mn.us
An Equal Opportunity Employer Who Values Diversity                    Printed on 50% recycled paper (15% post consumer content)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

State of Minnesota

v.

Pharmacia Corporation

MDL File No. 1456
Judge Patti B. Saris

## STATE OF MINNESOTA'S MEMORANDUM OF LAW IN OPPOSITION TO EMERGENCY MOTION TO STAY TRANSMISSION OF CERTIFIED COPY OF REMAND ORDER TO STATE COURT

### INTRODUCTION

Plaintiff State of Minnesota ("State") submits this memorandum in opposition to the Emergency Motion To Stay Transmission Of Certified Copy Of Remand Order To State Court filed by Defendants Pharmacia Corporation and SmithKlineBeecham Corporation d/b/a GlaxoSmithKline ("Defendants") on June 13, 2003. Their motion is an impermissible attempt to obstruct this Court's June 11, 2003 decision granting the State's Motion to remand its case to state court and, therefore, should be denied. Defendant Pharmacia, which has already fully briefed the remand issue three times, now requests a fourth bite at the apple, which must fail for two reasons. First, 28 U.S.C. sec. 1447(d) provides that a remand order "is not reviewable on appeal *or otherwise*" and prohibits reconsideration of this Court's remand decision. Second, even if the Court were to reconsider its remand decision, Defendants' request for a stay of the proceedings to allow them to file such a motion is unwarranted because they have not met their heavy burden of justifying a stay, and a stay is not authorized in these circumstances. Therefore, because they have had more than ample opportunity to present their arguments regarding the

issue of remand, which the Court fully considered and rejected, Defendants' motion should be denied.

## LEGAL ARGUMENT

### I. THE COURT SHOULD DENY DEFENDANTS' MOTION FOR A STAY BECAUSE 28 U.S.C. SEC. 1447(D) PROHIBITS THE RECONSIDERATION OF THE COURT'S ORDER REMANDING THIS CASE TO MINNESOTA STATE COURT.

Defendants' request for a stay is based on the erroneous premise that this Court is authorized to reconsider its Order remanding this case to Minnesota state court. Although there are some older cases holding that a federal district court can reconsider a remand ruling before the federal court clerk mails a certified copy of the order to the state court clerk, the modern trend and weight of authority preclude a federal court from reconsidering a remand order under 42 U.S.C. Sec. 1447(d). *See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 67 F. Supp. 2d 1242, 1244 (D. Kan. 1999) ("More recent decisions, however, hold that a district court simply cannot reconsider a remand motion under Section 1447(c)."). *See also In re Lowe*, 102 F.3d 731, 736 (4th Cir. 1996) (same); *In re Loudermilch*, 158 F.3d 1143, 1146 (11th Cir. 1998) (same).

As the court explained in *Aetna U.S. Healthcare*, the courts which allow reconsideration until the clerk mails a copy of the remand order ignore the plain language of Section 1447. Section 1447(d) states in unmistakable terms that a remand order is not reviewable "by appeal *or otherwise*." *Id.* at 1246 (emphasis supplied). Accordingly, even if a court has the general, inherent authority to reconsider its orders, the express language of Section 1447(d) forecloses such review of a remand order regardless of whether the clerk has mailed the order to state court. *Id.*

2

As the Fourth Circuit explained in *Lowe*, Section 1447(d) mandates that a remand "order" may not be reviewed; it does *not* condition reviewability on the occurrence of any other event, such as a ministerial act of the clerk's office. 102 F.3d at 734. Thus, the plain language of Section 1447(d) indicates that a court may not reconsider its remand decision once it formalizes its decision in an order. *Id.* Section 1447(c) also supports this interpretation as it directs the district court clerk to mail a "copy" of the order, thereby implying that the order itself, which section 1447(d) makes unreviewable, exists and has force before the time of mailing. This reading ensures that subsections (c) and (d) are construed together. *Lowe*, 102 F.3d at 734.

The Fourth Circuit also reasoned that logic dictates that it should be the action of a court (entering a remand order) rather than the action of a clerk (mailing a copy of the order) that should determine the divesting of jurisdiction. *Id.* at 735 (citing *Van Ryn v. Korean Air Lines*, 640 F. Supp. 284, 285 (C.D. Cal. 1985)). As the court stated, "One party should not arbitrarily receive a second opportunity to make its arguments due to a clerical error." *Id.* at 735. Accordingly, logic supports the conclusion that Section 1447 divests a district court of jurisdiction upon entry of its remand order. *Accord Whiddon Farms, Inc. v. Delta and Pine Land Co.*, 103 F. Supp. 2d 1310, 1314 (S.D. Ala. 2000) ("[N]othing in the language of section 1447(d) states that the federal court clerk must first mail a certified copy of the remand order to the state court as required by section 1447 in order to divest the federal court of jurisdiction over the removed action.").

The Fourth Circuit explained that its ruling is directly consistent with the strong and long-standing policies behind the general rule prohibiting review of remand orders. *Lowe*, 102 F.3d at 734-35. Citing a United States Supreme Court case from more than a century ago, the court emphasized that the intent of the rule is to suppress further prolongation of the controversy and

3

the interruption of litigation on the merits "by whatever process." *Id.* (citing *In re Pennsylvania Co.*, 137 U.S. 451, 454 (1890)).  The Tenth Circuit echoed these policy considerations in *Loudermilch* noting that Section 1447(d) is intended to prevent a case from repeatedly "ricocheting in and out of state court."  158 F.3d at 1145, n.3.  Clearly, the prospect of reconsideration of a remand order, and even a reconsideration of the reconsideration, flies squarely in the face of the policy underlying 1447(d) to avoid protracted litigation over the forum for the case.

The First Circuit also highlighted the nonreviewability of remand orders in *In re La Providencia Dev. Corp.*, 406 F.2d 251 (1st Cir. 1969), stating:

> [T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing could be more inclusive than the phrase 'on appeal or otherwise.'  The district court has one shot, right or wrong.

*Id.* at 252-53.  Here, the Court took its one shot, that shot was entirely right, and, regardless, Defendants are prohibited from challenging it.[1]

Based on the clear and unmistakable language of section 1447(d), sound logical principles, and the long-standing policies underlying the prohibition on *any* review of remand orders, the Court should deny the Defendants' motion for a stay.

---

[1] The First Circuit has not addressed the precise issue raised by the Defendants' stay motion.  *La Providencia* dealt with the reconsideration of a remand order that had already been mailed to the state court.  *Id.* at 252.  Likewise, in *Federal Deposit Insurance Corp. v. Santiago Plaza*, 598 F.2d 634 (1st Cir. 1979), cited by Defendants, the clerk had already mailed the remand order.  *Id.* at 635.

4

II. **THE COURT SHOULD DENY DEFENDANTS' STAY MOTION BECAUSE STAYING A REMAND DECISION IS PROHIBITED, DEFENDANTS HAVE ARTICULATED NO LEGAL BASIS OR REASONS JUSTIFYING IT, AND FURTHER DELAY WOULD SEVERELY PREJUDICE THE VICTIMS OF THEIR FRAUD.**

A. **Defendants Have Not Identified A Legal Basis For A Stay; There Is No Such Basis Because A Remand Decision Cannot Be Reviewed.**

For the same reason federal law prohibits the reconsideration of remand decisions, the avoidance of delay, it also prohibits the Defendants' request for a stay. As discussed, Section 1447(d) makes clear that remand orders cannot be reviewed by appeal "or otherwise." Both this language and its underlying policy prohibit the issuance of a stay here.

In *Matter of Application of Rosenthal-Block China Corp.*, 278 F.2d 713, 714 (2d Cir. 1960), the court declined to stay a remand decision because it found that such a delay would wholly defeat the important purposes of Section 1447(d). The Court stated:

> The section [1447(d)] expresses a long respected policy of Congress . . . [which] established the policy of not permitting interruption of the litigation of the merits of a removed cause by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed. . . . Grant of a stay of an order of remand, whether itself within the prohibition of sec. 1447(d) or not, is squarely in conflict with the policy of this section.

Similarly, in *Irving Subway Grating Co. v. Silverman*, 117 F. Supp. 671, 681 (E.D.N.Y 1953), the court rejected the defendants' request for a stay pending their appeal of its remand decision. The court reasoned that "[i]nasmuch as the defendants have no right of appeal from the order of remand, as stated in Title 28 U.S.C. sec. 1447, this Court should not entertain such an application for a stay." *Id. See also Lightbourn Equip. Co. v. Perkins Engines, Inc.*, 39 F. Supp.2d 785, 786 (N.D. Tex. 1999) (rejecting propriety of stay motion in remand context).

In this case, Defendants failed to identify any legal basis for their request for a stay, much less address Section 1447's direct prohibition on the delay of remand decisions. As made clear by the cases cited above, the Defendants should not be allowed to skirt Section 1447's language

5

and policy by staying this Court's well-reasoned decision. As discussed above, the statute does not contemplate *any* further proceedings on this issue, however creatively they may be characterized.

## B. Defendants Have Not Met Their Heavy Burden Of Justifying Their Stay Request.

Even if Defendants' stay motion were permitted, it would fail because they have failed to provide even the most cursory of reasons justifying such extraordinary relief.

A party requesting a stay bears the "heavy burden" of justifying that request. *Amersham Int'l v. Corning Glass Works*, 108 F.R.D. 71, 72 (D. Mass. 1985). *See also Landis v. North American Corp.*, 299 U.S. 248 (1936) (the proponent of a stay bears the burden of establishing its need); *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (same). Moreover, "[t]o be entitled to a stay, a party must demonstrate a clear case of hardship if there is a danger that the stay will damage the other party." *Amersham*, 108 F.R.D. at 72 (denying motion to stay); *Lightbourn*, 39 F. Supp.2d at 786 (requiring that party requesting stay make a showing justifying that request). *See also De Novellis v. Shalala*, 947 F. Supp. 557, 559-60 (D. Mass. 1996) (holding that movant for stay must make "strong showing" that she is likely to succeed on the merits, that she will be irreparably injured absent a stay, that the other parties will not be substantially injured, and that the public interest favors a stay).

In *Lightbourn*, the court rejected Defendants' request for stay of a remand order pending their appeal of that decision.[2] Holding that Defendants had wholly failed to show any basis for a stay, the Court denied their request, stating:

> [T]he Court is of the opinion that regardless of whether or not [the] Court's remand order is appealable, Defendants' request to stay remand is denied.

---

[2] The Defendants claimed they were entitled to appeal the Court's decision because they argued that the court had remanded the case on grounds other than those encompassed by Section 1447.

6

> *Defendants have not made any showing of why a stay is necessary in this case. Defendants have not alleged any harm or prejudice that will result in absence of a stay.* (citations omitted). In fact, contrary to Defendants' belief, the Court finds that staying the case will prejudice Plaintiff and not Defendant.

39 F. Supp.2d at 786 (emphasis supplied).

In this case, the sole reason for Defendants' stay request is to allow them time to submit their motion for reconsideration. Defendants' convenience does not amount to the "severe case of hardship" or meet the heavy burden required by *Amersham* and *Landis*.

Additionally, judicial economy dictates the denial of Defendants' motion. Pharmacia briefed this issue before Minnesota Magistrate Judge Lebedoff, briefed it again when it moved to reconsider his decision recommending remand, and then yet again when it and GlaxoSmithKline recently submitted an unsolicited memorandum with additional argument regarding remand. This Court issued a well-reasoned 29-page decision fully considering, and rejecting, the Defendants' arguments. Enough is enough. Defendants should not be allowed to further bog down these proceedings with even more briefing on this thoroughly considered issue. *See Skinder-Strauss Assocs. v. Massachusetts Continuing Legal Educ.*, 870 F. Supp. 8, 11 (D. Mass. 1994) (considering the waste of judicial and party resources as a factor in whether a stay is necessary).

Furthermore, the Defendants' submission in support of their motion sets forth no reason why it would be prejudiced if the stay is not granted, other than they might not be able to file their brief quickly enough to avoid the certification of this case to state court in accordance with the Court's order. This does not constitute prejudice, particularly in light of the severe prejudice further delay would cause the elderly cancer victims represented by the State. The Defendants have already successfully avoided consideration of the merits of this action for almost a year. As Magistrate Judge Lebedoff stated in his Report and Recommendation recommending remand

7

issued almost a year ago on August 14, 2002, "The interests of cancer patients who are arguably being overcharged for medication can ... best be served by keeping the case moving." Report and Recommendation, p. 3. The victims of the Defendants' alleged fraud should not be required to wait any longer. Every day that passes while the Defendants play their procedural games is a day that cancer victims are required to pay more for prescription drugs than allowed by law or are even required to forego treatment altogether due to illegally inflated prices. Therefore, consideration of this case should proceed on the merits in state court, as this Court has already thoroughly considered and decided.

## CONCLUSION

For the foregoing reasons, the State requests that the Defendants' motion for a stay be denied.

Dated: June ___, 2003

MIKE HATCH
ATTORNEY GENERAL
STATE OF MINNESOTA

Michael J. Vanselow
Atty. Reg. No. 152754

Ann M. Bildtsen
Atty. Reg. No. 271494
Assistant Attorneys General

445 Minnesota Street
Suite 1400
St. Paul, Minnesota 55101
(651) 296-9418

8

01-12257 PBS

# AFFIDAVIT OF SERVICE BY FACSIMILE AND U.S. MAIL

Re: *In re Pharmaceutical Industry Average Wholesale Price Litigation*
MDL Docket No. 1456
*State of Minnesota v. Pharmacia Corp.*, D. Minnesota, File No. 02-1779

STATE OF MINNESOTA )
) ss.
COUNTY OF RAMSEY )

LINDA J. KROLICK, being first duly sworn, deposes and says:

That at the City of St. Paul, County of Ramsey and State of Minnesota, on June 16, 2003, she caused to be served the STATE OF MINNESOTA'S MEMORANDUM IN OPPOSITION TO EMERGENCY MOTION TO STAY TRANSMISSION OF CERTIFIED COPY OF REMAND ORDER TO STATE COURT. All documents were served via facsimile transmission on the following parties and also by depositing true and correct copies in the United States mail at said City of St. Paul, properly enveloped, with postage prepaid:

James L. Volling, Esq.
Faegre & Benson
2200 Norwest Center
90 South Seventh Street
Minneapolis, MN 55402
Fax No.: 612-766-1600

John C. Dodds, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Fax No.: 215-963-5299

Steve W. Berman, Esq.
Hagens, Berman, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Fax No.: 206-623-0594

Mark D. Smith, Esq.
Faxon & Laredo, LLP
15 Broad Street, Suite 600
Boston, MA 02109
Fax No.: 617-367-6475

Jason R. Litow, Esq.
Covington & Burling
1201 Pennsylvania Avenue NW
Washington, D.C. 20004-2401
Fax No.: 202-662-6291

LINDA J. KROLICK

Subscribed and sworn to before me on
June 16, 2003.

NOTARY PUBLIC
AG: #722187-v1

SANDRA D. HOWARD
Notary Public
Minnesota
My Commission Expires Jan. 31, 2005