UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 JUN 26 P 3: 03
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>CIVIL ACTION: 01-CV-12257-PBS<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>*State of Nevada v. Abbott Labs., Inc., et al.,*<br>Civil Action No. 02-12085-PBS | |

### STATE OF NEVADA'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL

- 1 -

## I. INTRODUCTION

On June 11, 2003, the Court issued its order remanding *State of Nevada v. Abbott Laboratories, et al. (Nevada I)* to Nevada state court (the "Order"). Achieving this remand was time consuming. This case was filed in Nevada state court on January 17, 2002 and removed to federal court in February 2002 without defendant Baxter Pharmaceutical Products, Inc.'s consent and over its objection. On June 26, 2002, the Judicial Panel on Multidistrict Litigation (the "MDL Panel") issued Conditional Transfer Order No. 2 ("CTO-2") conditionally transferring Nevada's actions to this Court for coordinated or consolidated pretrial proceedings. After the parties submitted contested briefing on Nevada's motion to vacate CTO-2, the MDL Panel on October 16, 2002 denied the motion and transferred *Nevada I* to this Court for consolidation with other AWP-related cases. Prior to the issuance of this order, the parties had fully briefed Nevada's motion to remand in the Nevada District Court, and that court had entered a stay of proceedings pending the outcome of Nevada's Motion to Vacate CTO-2. After formal transfer of *Nevada I* to this Court was complete, Nevada quickly renewed its motion to remand in November 2002, and the Court held oral argument in March 2003.

Thus, it has taken a year-and-a-half to resolve the threshold jurisdictional question alone, a time period in which no discovery has taken place in the case. Now, after the Court's studied evaluation of the remand motion and issuance of its carefully crafted opinion, defendants Pharmacia Corporation and SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("defendants") demand that the Court reconsider its remand, reverse itself, and certify denial of the remand for appeal pursuant to 28 U.S.C. § 1292(b) – all because Congress provided in 28 U.S.C. § 1447(d) that remand orders are not appealable. The Court should quickly deny defendants' motion because the Court's Order was the product of sound reasoning, is well grounded in law and does not present "a controlling question of law as to which there is substantial ground for difference of opinion" such that "an immediate appeal from the order may

materially advance the ultimate termination of the litigation" as contemplated by 28 U.S.C. § 1292(b).

## II. RECONSIDERATION IS UNWARRANTED

The Court succinctly and correctly summarized its remand holding in *Nevada I* as follows:

> In accordance with the weight of authority – and with the general presumption against the exercise of federal jurisdiction – the Court holds that under the rule of unanimity, all defendants to all removable claims must consent to removal, even where § 1441(c) is a proper basis for removal.

Order at 27-28.

Notwithstanding the Court's carefully reasoned opinion, the great weight of authority against them, and the presumption against removal and in favor of remand, defendants continue to urge that 28 U.S.C. § 1441(c) – which provides for removal "whenever a separate and independent claim or cause of action . . . is joined with one or more otherwise non-removable claims or causes of action" – supports removal ***without*** the consent of all defendants. As before, defendants' position is incorrect and has been rejected by many courts. Defendants add nothing new to this debate that warrants reconsideration of the Court's Order.

It is undisputed that not all defendants in *Nevada I* timely consented to removal. Indeed, defendant Baxter Pharmaceutical Products, Inc. objected to the removal (although later, after the time period for removal had expired, Baxter changed course). As the Court explained, courts reviewing 28 U.S.C. § 1446, which provides the basic procedures for removal, "have ***long*** construed [the statute] to require the rule of unanimity [of consent]." Order at 23 (emphasis added) (citing *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992); *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001)). Although noting that courts have disagreed over the contours of the unanimity rule in instances where some defendants face only ***non***-removable claims (with some courts finding an exception to the unanimity rule and others

- 3 -

finding no such exception), Order at 24-25, the Court appropriately found that debate irrelevant here "because all of the defendants faced a removable federal claim." *Id.* at 25.[1]

The Court next proceeded to examine the legislative history of 28 U.S.C. § 1441(c), finding that nothing in that history revealed an intent to provide an exception to the rule of unanimity:

> As the House Report indicates, the current § 1441(c) was not intended to provide an exception to the rule of unanimity, but rather to allow for removal of an entire case where a plaintiff attempts to use liberal joinder rules to preclude supplemental jurisdiction. Indeed, § 1441(c) is different in kind from the rule of unanimity: § 1441(c) is a <u>basis for removal jurisdiction</u>, while the rule of unanimity is a <u>rule of removal procedure</u>. Thus, defendants' argument that § 1441(c) necessarily trumps the rule of unanimity is incorrect.

Order at 26 (emphasis in original).

The Court then correctly found that "[t]he weight of authority is against" creating an exception to the unanimity rule where multiple defendants faced removable claims. *Id.* at 26-27 (citing *Jetstar, Inc. v. Monarch Sales & Serv. Co.*, 652 F. Supp. 310, 312 (D. Nev. 1987); *P. P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 548 (7th Cir. 1968); *Knickerbocker v. Chrysler Corp.*, 728 F. Supp. 460, 462-63 (E.D. Mich. 1990)); *see also Moscovitch v. Danbury Hosp.*, 25 F. Supp. 2d 74, 78 (D. Conn. 1998); *Costantini v. Guardian Life Ins. Co. of Am.*, 859 F. Supp. 89, 90 (S.D.N.Y. 1994). Indeed, defendants could cite only *one* case to the contrary, *Port of New York Authority v. Eastern Air Lines, Inc.*, 259 F. Supp. 142 (E.D.N.Y. 1966). *Port of New York* is an aberration and contrary to every other court and commentator to consider the question, and the Court properly rejected it.

Defendants' tired arguments do not warrant reconsideration, and the Court should reject defendants' motion.

---

[1] Thus, the Court did *not* find that "[c]ourts have disagreed over the contours of the rule of unanimity" in cases where, like here, *all* defendants face removable claims, as defendants misleadingly state at page 13 of their memorandum.

## III. CERTIFICATION FOR INTERLOCUTORY APPEAL IS UNWARRANTED

28 U.S.C. § 1292(b) authorizes the Court to certify for appeal an order "not otherwise appealable" if the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." One district court recently summarized the great burden that a party must overcome obtain § 1292(b) certification as follows:

> This statute is to be strictly construed, as the power to grant an interlocutory appeal "must be strictly limited to the precise conditions stated in the law," *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (quoting *Gottesman v. General Motors Corp.*, 268 F.2d 194, 196 (2d Cir. 1959)), which is why "it continues to be true that only 'exceptional circumstances'" warrant certification, *id.* (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 57 L. Ed. 2d 351, 98 S. Ct. 2454 (1978)). *See also O'Bert v. Vargo*, 2003 U.S. App. LEXIS 10857, 2003 WL 21257933 (2d Cir. June 2, 2003); *Westwood Pharmaceuticals, Inc. v. National Fuel Gas Dist. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992) (district courts should "exercise great care in making a § 1292(b) certification").

*Cromer Fin. Ltd. v. Berger*, 2003 U.S. Dist. Lexis 10517, *9 (S.D.N.Y. June 23, 2003).

The burden is even heavier with respect to orders of remand given that a remand order "is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d). The Supreme Court has explained that the policy underpinning § 1447(d) is one "of not permitting interruption of the litigation of the merits of a removed cause by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed." *United States v. Rice*, 327 U.S. 742, 751 (1946). As one court has observed, "[t]his policy has been furthered not only by the refusal of the appellate courts to hear appeals from orders of remand, . . . but also by their refusal to entertain a petition for mandamus to review such an order, . . . or to allow appeal under the interlocutory appeals statute, 28 U.S.C. § 1292(b), from such an order." *In re Application of Rosenthal-Block China Corp.*, 278 F.2d 713, 714 (2d Cir. 1960).

There simply is no "substantial difference of opinion" here that supports § 1292(b) certification for the same reasons just discussed in Section II *supra*. Nor do "exceptional circumstances" exist supporting interlocutory appeal. As the Court found, the ***clear weight of authority*** holds that § 1441(c) does ***not*** create an exception to the rule requiring unanimity of consent to removal. Order at 27-28. "A substantial ground for difference of opinion" cannot exist where defendants can cite only a *single* case decided 36 years ago that supports their position. Consequently, the issue can hardly be characterized as "a close one" as defendants incredulously strain to do. Defs.' Mem. at 13.

In light of these arguments, the passage of 18 months since this case was filed, and defendants' desire for another delay of several months or more so that it can pursue a dubious appeal where the weight of authority is against them, defendants' motion should be denied. The Court's Order is not suitable for interlocutory appeal under 28 U.S.C. § 1292(b), and defendants should not be permitted to use § 1292(b) to circumvent Congress's command that remand rulings are not appealable. *See* 28 U.S.C. § 1447(d).

## IV. CONCLUSION

Defendants' quest for further and interminable delay – particularly given the substantial weight of authority supporting remand here – should not be countenanced. For the foregoing reasons, the Court should deny the motion for reconsideration, or in the alternative, for certification of an interlocutory appeal. It is "high time" for this case to move forward.

By *Steve Berman*/JAM   DATED: June 26, 2003.

Steve W. Berman
Robert B. Carey
Sean R. Matt
HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

1534.13 0037 MTN.DOC

Thomas M. Sobol
Edward Notargiacomo
HAGENS BERMAN LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Brian Sandoval
Attorney General of the State of Nevada
L. Timothy Terry
Chief Deputy Attorney General
100 N. Carson Street
Carson City, NV 89701-4714


COUNSEL FOR PLAINTIFF
STATE OF NEVADA

**CERTIFICATE OF SERVICE**

I hereby certify that I, Jeniene Andrews Matthews, an attorney, caused true and correct copies of the foregoing State of Nevada's Opposition to Defendants' Motion for Reconsideration, or in the alternative, for Certification of an Interlocutory Appeal to be served on all counsel of record electronically, pursuant to Section D of Case Management Order No. 2.

By: _____
Jeniene Andrews Matthews
HAGENS BERMAN LLP
225 Franklin Street, 26th floor
Boston, MA 02110
(617) 482-3700