## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

State of Minnesota, by its Attorney
General, Mike Hatch,

        Plaintiff,

        v.

Pharmacia Corporation,

        Defendant.

MDL File No. 1456
CIVIL ACTION NO. 03-10069-PBS
Judge Patti B. Saris

---

### STATE OF MINNESOTA'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL

### INTRODUCTION

Plaintiff State of Minnesota, by its Attorney General, Mike Hatch ("State"), submits this Memorandum in opposition to Defendant Pharmacia Corporation's motion for reconsideration of this Court's June 11, 2003 Order remanding the above-captioned case to Minnesota state court or, in the alternative, for certification of an interlocutory appeal.[1] The Court should summarily deny Defendant's motion because the Court's remand order is not subject to any reconsideration by this Court or any appellate review by the First Circuit Court of Appeals.

Furthermore, even if this Court decides it can reconsider its remand order, it should decline to do so because Defendant does not even come close to satisfying this Court's standards

---

[1] Defendant Pharmacia Corporation's motion was joined by SmithKlineBeecham d/b/a GlaxoSmithKline, which is not a Defendant in the State's case against Pharmacia Corporation.

for reconsideration.  Rather, Defendant merely rehashes and repackages unsuccessful arguments it already exhaustively briefed and argued in opposition to the State's remand motion.

Finally, if the Court decides to reconsider its remand order, it should affirm the order because the Court's June 11 decision is correct.[2]  Because Defendant has not demonstrated, and cannot demonstrate, that the Court's remand decision is clearly erroneous, its reconsideration motion necessarily fails.

## ARGUMENT

### I.   LEGAL STANDARD FOR RECONSIDERATION MOTIONS

Although a "motion for reconsideration" is not found in the Federal Rules of Civil Procedure, it has become a tool used by litigants to relitigate, or at least delay the impact of, unfavorable decisions.  It use and abuse was described by one court as follows:

> It [the motion to reconsider] has become one of the more popular indoor courthouse sports at the district court level.  Such pleadings are becoming an intricate part of motion practice by which the losing party to a motion obtains a second bite at the apple--a chance to reargue and sometimes submit additional arguments and authority in support of his lost motion. (citation omitted).  However, litigants are expected to present their strongest case when the matter is first considered.  (citation omitted).  A motion to reconsider based on recycled arguments only serves to waste the resources of the court.

*State v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995) (holding that, given limited judicial resources, rulings should only be reconsidered where the moving party has presented "substantial reasons" for doing so).

Because they waste limited judicial resources and threaten the need for finality of decisions, motions for reconsideration are strongly disfavored and granted only in extraordinary

---

[2]  After thoughtful consideration, and extensive briefing and argument over the last eleven months, not one, but two, federal court judges have decided that this case should be remanded to Minnesota state court.

circumstances. Chief Judge William G. Young of this Court described in detail the standard for a motion for reconsideration in *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000). As Chief Judge Young noted, the United States Supreme Court has cautioned that courts should be "loathe" to reconsider orders "in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Id.* (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988); *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).

Chief Judge Young concluded that the presumption against reconsideration motions means a court may grant them "only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Davis*, 89 F. Supp. 2d at 147. *See also* 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 4478, 667 (2002) (presumption against reconsideration "rests on good sense and the desire to protect both court and parties against the burdens of repeated reargument by indefatigable diehards"). Simply rehashing arguments previously presented to the court does not merit reconsideration, nor can reconsideration serve as "a vehicle for giving an unhappy litigant an additional chance to sway the judge . . . ." *Davis*, 89 F. Supp. 2d at 148 (citing *In re Wedgestone Fin.*, 142 B.R. 7, 8 (Bankr. D. Mass. 1992)) (other citations omitted). In short, "[t]he motion for reconsideration is not an opportunity for a party to improve upon his arguments or try out new arguments; nor is it properly a forum for a party to vent his dissatisfaction with the Court's reasoning." *Davis*, 89 F. Supp. 2d at 149. (citation omitted).

The strong presumption against reconsideration as a general matter has even greater force when a party seeks to relitigate the granting of a motion to remand. The express language of 28

U.S.C. § 1447(d) flatly and unequivocally prohibits any review of orders granting remand. *See Ex parte Pennsylvania Co.*, 137 U.S. 451, 454 (1890) (prohibition on review of orders granting remand "by whatever process" suppresses delay and expedites review of issues on their merits).

**II.   BECAUSE THE COURT HAS ALREADY ENTERED ITS REMAND ORDER, 28 U.S.C. § 1447(d) PROHIBITS ANY RECONSIDERATION OF THE COURT'S ORDER.**

In its June 16, 2003 Memorandum ("State Stay Motion Memo.") in opposition to Defendant's emergency motion to stay transmission of a certified copy of the remand order to the Minnesota state court, the State explained the reasons why the Court cannot reconsider its June 11, 2003 remand order.   As explained in that Memorandum, the modern cases have consistently have held that *any* reconsideration of a remand order is precluded once the order is entered by the Court.   State Stay Motion Memo. at 2-4.   In the interest of brevity, the State refers the Court to its previous Memorandum and will not repeat all of those arguments and authorities here.   Suffice it to say, the need for such a rule of finality is clear in light of the very tactics Defendant is trying to employ in this case to circumvent Section 1447(d).

Notwithstanding the express and absolutely unambiguous prohibition against the review of a remand order "by appeal or otherwise" in Section 1447(d), Defendant wholly ignores this key provision and requests that this Court reconsider its remand order, vacate that order, deny the State's remand motion, and then certify the matter for an appeal to the First Circuit.   In no uncertain terms, Section 1447(d) precludes *any* review of the remand order by this Court as well as by the First Circuit, including the convoluted request for review that Defendant advances.

Defendant's elaborate attempt to circumvent Section 1447(d) via the appellate certification process in 28 U.S.C. § 1292(b) would render the nonreviewability language of Section 1447(d) meaningless and pave the way for an appeal of any remand order in direct contravention of Congress' intent.   Not one of the cases Defendant cites in support of its request

4

that the Court certify this matter for appeal involved a certified appeal *after* a remand order had

already been granted.  Consequently, none of these cases posed the direct conflict with Section

1447(d) at issue here.[3]  In this case, Defendant could have asked the Court *before* it granted the

remand motion to deny the motion and certify the matter for appeal.  It did not do so.  Having

now lost the remand motion, it cannot turn back the clock and request certification of an appeal

that it previously failed to request.[4]  Simply put, the certification process cannot be manipulated

by disgruntled and indefatigable diehards to obtain appellate review of nonreviewable remand

orders.

### III.   THIS COURT SHOULD NOT RECONSIDER ITS REMAND ORDER BECAUSE DEFENDANT HAS NOT SHOWN, AND CANNOT SHOW, A CHANGE IN THE LAW, THE DISCOVERY OF NEW EVIDENCE, OR A CLEAR ERROR OF LAW.

Defendant's latest arguments are nothing new.  Instead, they are the exact same

arguments Defendant has repeatedly and unsuccessfully advanced before this Court and the

United States District Court in Minnesota.  Its regurgitation of these identical arguments does not

---

[3] In contrast to the cases Defendant cites, the Ninth Circuit specifically refused to even consider a certified appeal of a remand order in *Krangel v. General Dynamics Corp.*, 968 F.2d 914, 915 (9th Cir. 1992).

[4] Moreover, this is also not even the type of exceptional issue that would warrant certification under section 1292(b).  *See McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984) (interlocutory certification should be used "sparingly" and only in "exceptional circumstances"). Furthermore, certification is not appropriate here in that it would do nothing to advance the ultimate termination of the litigation.  *See In re Clark-Franklin-Kingston Press, Inc.*, Civ. A. Nos. 90-11231 WF, 90-11232 WF, 1993 WL 160580, *3 (D. Mass. April 21, 1993) (appellate review would not obviate need for a trial or lead to settlement or summary judgment); *Vimar Seguros Y Reaseguros, S.A. v. M/V Sky Reefer*, No. Civ. A. 91-13345 WF, 1993 WL 137483, *6 (D. Mass. April 19, 1993) (same).  It is also inappropriate in that the Court's remand motion involved nothing more than the application of well-established law.  *Yankee Candle Co., Inc. v. Bridgewater Candle Co., LLC*, 107 F. Supp. 2d 82, 89 (D. Mass. 2000), *aff'd*, 259 F.3d 25 (1st Cir. 2001).  Finally, certification may be denied where, as here, it would cause further lengthy delay. *Vimar Seguros Y Reaseguros*, 1993 WL 137483 at *6.

warrant the Court's use of the extraordinary tool of reconsideration.[5]  *Davis*, 89 F. Supp. 2d at 148.

Defendant does not even attempt to argue that there has been an intervening change in the law casting doubt upon the Court's recent decision.  Rather, it simply reargues the import of the United States Supreme Court's decision in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986).  *Merrell Dow*, which has been well-established law for over fifteen years, hardly constitutes a recent legal sea change warranting reconsideration of this Court's remand decision.[6]

Nor has Defendant demonstrated that the Court's decision constitutes a "clear error of law in the first order," as required by *Davis*.  89 F. Supp. 2d at 147.  The Court carefully and correctly followed the Supreme Court's mandate that if Congress chooses not to provide a private remedy for the violation of a federal statute, federal jurisdiction cannot be premised on that statute.  June 11, 2003 Order at 12.  As recognized by this Court and stated by the *Merrell Dow* Court:

> We simply conclude that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction.

---

[5] As discussed in this part of the State's Memorandum, because Defendant does not even mention or attempt to meet the standard necessary for this Court to reconsider its decision, the Court should summarily decline to consider Defendant's motion.  *See Davis*, 89 F. Supp. 2d at 148 (rehashing old arguments "is not enough to merit reconsideration").  *See also e.g., McNeilus Financial, Inc. v. Dininni*, Civ. No. 02-4245 DWFSRN, 2002 WL 31757506, * 1 (D. Minn. Dec. 2, 2002) (under local rule, court first determines whether "compelling circumstances" warrant a motion for reconsideration before reaching merits of motion).  Moreover, for the reasons discussed in the next part of this Memorandum, the Court should reject Defendant's request that it reverse its prior ruling even if it decides to reconsider its remand order.

[6] Defendant also does not argue that there has been a discovery of new evidence warranting reconsideration, as the motion at issue presents purely legal issues.

478 U.S. at 814.

Ignoring the clear holding of *Merrell Dow*, Defendant continues to insist that federal jurisdiction is appropriate arguing that the State's action on behalf of Medicare beneficiaries relies on the use of the term "average wholesale price" in a federal regulation. But *Merrell Dow* is clear that the incorporation of a federal standard into a state law cause of action is simply insufficient to confer federal jurisdiction unless the federal law also contains a private remedy. In this case, Defendant has never argued that such a private remedy exists, and cannot do so, because one does not. However persistently Defendant argues otherwise, the Court's decision is entirely consistent with *Merrell Dow* and Defendant presents no clear error of law warranting reconsideration.

Defendant, itself, characterizes *Merrell Dow*'s impact as a "close" issue and an "undeniably close question." Defendant's Memo. at 2, 10. Its characterization necessarily means that a supportable decision could be made either way and not be clearly erroneous. Although Defendant obviously disagrees with the Court's decision, it cannot possibly establish "clear error of law in the first order" out of an issue that it describes as a "close question." Accordingly, the Court should decline to reconsider its remand order.

## IV. EVEN IF THE COURT RECONSIDERS ITS REMAND ORDER, IT SHOULD DENY DEFENDANT'S MOTION BECAUSE THAT ORDER WAS CORRECTLY DECIDED AND BECAUSE ANY DOUBTS AS TO THE PROPRIETY OF REMOVAL MUST BE RESOLVED IN FAVOR OF REMAND.

Even if the Court decides to reconsider its remand order on the merits, the Court should deny Defendant's motion, because the Court correctly construed *Merrell Dow*. In addition to the presumption against reconsideration and the statutory prohibition against appeal or reconsideration of orders granting remand, the overall presumption favoring remand also applies

7

here. As the Court noted in its remand decision, Defendant bears "the burden of demonstrating the existence of federal jurisdiction." June 11, 2003 Order at 7 (citing *BIW Deceived v. Local S6*, 132 F.3d 824, 831 (1st Cir. 1997)). Furthermore, "the removal statute should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action." *Id.* (citing *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999)).

Based on the brigade of presumptions favoring the State, the Court correctly remanded this case. The crux of Defendant's argument is that the Court incorrectly construed *Merrell Dow* in holding that the lack of a remedy in federal Medicare law regarding AWP negates federal jurisdiction in this case. Defendant asserts that, even after *Merrell Dow*, a claim can arise under federal law if it can show a substantial question of federal law, regardless of whether the federal law provides a private right of action. Defendant bolsters its argument by contending, quite incorrectly, that its position is supported by "the majority of other circuits that have considered the issue." Defendant's Memo. at 1.

Contrary to Defendant's misleading argument, the clear majority of circuits that have considered this issue, including the First Circuit, have interpreted *Merrell Dow* exactly as this Court correctly did in its June 11, 2003 Order. The First, Third, Fifth, Sixth, Seventh, Ninth, Tenth, and D.C. Circuits have all construed *Merrell Dow* to preclude federal jurisdiction where the federal statute at issue does not provide a private remedy. *PCS 2000 LP v. Romulus Telecommunications, Inc.*, 148 F.3d 32, 35 (1st Cir. 1998); *Nashoba Communications Ltd. Partnership. No. 7 v. Town of Danvers*, 893 F.2d 435, 438-39 (1st Cir. 1990); *Zubi v. AT&T Corp.*, 219 F.3d 220, 223 n.5 (3d Cir. 2000); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1169 (5th Cir. 1988); *Heydon v. MediaOne of Southeast Michigan, Inc.*, 327 F.3d 466, 472 (6th Cir. 2003); *TCG Detroit v. City of Dearborn*, 206 F.3d 618, 622, n.2 (6th Cir. 2000), *reh'g and reh'g en*

*banc denied* (May 1, 2000);[7] *Seinfeld v. Austen*, 39 F.3d 761, 764 (7th Cir. 1994), *cert. denied*, 514 U.S. 1126 (1995); *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1212 (9th Cir. 1998); *Utley v. Varian Assocs., Inc.*, 811 F.2d 1279, 1283 (9th Cir. 1987), *cert. denied*, 484 U.S. 824 (1987); *Nicodemus v. Union Pacific Corp.*, 318 F.3d 1231, 1238 (10th Cir. 2003); *Rogers v. Platt*, 814 F.2d 683, 688-89 (D.C. Cir. 1987).  These eight circuit courts constitute a clear majority of the twelve circuits that have considered the issue.

That a small handful of circuit courts and a Puerto Rico District Court interpret *Merrell Dow* differently is insufficient reason for the Court to reverse its remand decision.  This is particularly so because Defendant already fully briefed this very argument and brought the very same authorities to the Court's attention in its previous submissions.  *E.g.*, Defendant Pharmacia Corporation's Opposition to Plaintiff's Motion to Remand at 10, 15-16.  The Court already thoroughly considered and rejected them.  A motion for reconsideration is simply not an opportunity to rehash old arguments.  *Davis*, 89 F. Supp. 2d at 148.

Defendant's reliance on the Supreme Court's decision in *Franchise Tax Bd. of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1 (1983), is also misplaced.  *Merrell Dow*, which was decided three years after *Franchise Tax Bd.*, refined and limited the Court's earlier decision in *Franchise Tax Bd. E.g.*, *Nashoba*, 893 F.2d at 438 (the significance of *Franchise Tax Bd.* was "tempered" by *Merrell Dow*); *Seinfeld*, 39 F.3d at 763 (after *Merrell Dow*, *Franchise Tax Bd.* is "not the final word on the matter"); *Heydon*, 327 F.3d at 471-72 (holding that *Merrell Dow* "limited the application of *Franchise Tax Board*").

---

[7] Citing *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 759 (6th Cir. 2000), Defendant asserts that the Sixth Circuit supports its view of *Merrell Dow*.  However, the weight of the Sixth Circuit's decisions, including specifically the more recent opinions cited above, clearly support the Court's view that if a federal right of action does not exist under the federal statute at issue, the federal interest is too attenuated to support federal jurisdiction.

Defendant also erroneously urges that *Almond v. Capital Properties, Inc.*, 212 F.3d 20 (1st Cir. 2000), reflects the First Circuit's rejection of the Court's reading of *Merrell Dow*. This is also incorrect. The clear weight of First Circuit authority adopts the same view of *Merrell Dow* that this Court followed in its June 11, 2003 Order. *See PCS 2000*, 148 F.3d at 35 (federal statute is "too tenuous a connection to support a claim of federal jurisdiction" where it does not confer a private right of action); *Nashoba,* 893 F.2d at 439 (the absence of a federal private right of action for a violation of the federal statute at issue "makes the federal issue insubstantial").[8]

This case is, in fact, very similar to *Merrell Dow*, as this Court recognized. Unlike *Almond* and *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156 (1997), another case relied upon by Defendant, the State's case does not turn on the interpretation of a contract involving the federal government, nor does it present "important constitutional issues." *Almond*, 212 F.3d at 24. Rather, much like *Merrell Dow*, it merely touches on the meaning of a term referenced in a federal statute for which no private cause of action was provided by Congress.

In the final analysis, Defendant contends that this issue is a "close" question. Defendant's Memo. at 2, 10. As such, Defendant necessarily loses. Any doubts about whether a case should be removed must be resolved in favor of remand. *Danca*, 185 F.3d at 4. At best, Defendant has attempted to cast some doubt upon the Court's interpretation of *Merrell Dow*, an interpretation which is consistent with the views of the majority of federal circuits that have

---

[8] Furthermore, in *Almond*, the court found federal jurisdiction where the parties' dispute was based on a contract to which the federal government was a party and as part of which the federal government decided whether rate increases under the contract were appropriate. 212 F.2d at 24 n.3. The *Almond* court emphasized that the contract involving the federal government in the cases before it was readily distinguishable from cases like *Merrell Dow* where state claims merely incorporated federal standards. *Id.* Therefore, even if *Merrell Dow* and *Almond* are read as Defendant argues, state claims which merely incorporate federal standards, as distinguished from those involving constitutional claims or federal contracts, are plainly not enough to trigger federal jurisdiction.

considered the issue and the plain language of the *Merrell Dow*.  Therefore, even if there is doubt about the Court's reading of *Merrell Dow*, it must be resolved against Defendant and in favor of remand, which is exactly what the Court correctly did.[9]

Defendant also reiterates its familiar argument that a remand of this case will compel it to litigate AWP cases in multiple state courts.  The Court has already flatly rejected Defendant's argument that it should deny the State's remand motion because it may mean that multiple state courts will address certain issues in this case.  June 11, 2003 Order at 14-15 (citing *Merrell Dow*, 478 U.S. at 815-16).[10]

The Court should also deny Defendant's reconsideration motion because it is not nearly as important to rectify an erroneous remand decision as it is to rectify the erroneous denial of a remand motion.  The erroneous assertion of federal jurisdiction resulting from the latter scenario can result in a tremendous waste of the parties' and the Court's resources if a motion is later brought after the conclusion of the case to vacate the judgment for lack of subject matter jurisdiction.  An erroneous remand, on the other hand, simply means that a case, which could have been litigated in federal court, instead gets litigated in state court.  Commentators Wright, Miller and Cooper underscored this point stating:

---

[9] The Court should also deny Defendant's motion because there were various other reasons why this case should be remanded set forth in the State's previous briefs that this Court did not need to rely upon, including, for example, Defendant's flatly inconsistent positions regarding the removability of the State's claims.

[10] The Court in *Merrell Dow* noted that the drug company's argument in that case regarding uniformity of decision-making really involved questions of preemption that were not appropriately considered in the context of federal question jurisdiction.  478 U.S. at 816.  Here, Defendant raised its uniformity concerns in its opposition to the State's remand motion, as well as in its motion to dismiss the AWP claims of the private class plaintiffs.  Defendant lost this issue in its motion to dismiss and should not be allowed to relitigate it here.

> An erroneous remand, moreover, means only that the removing party is denied the right to trial in federal court; as important as it is to make correct decisions about matters of federal jurisdiction and even removal procedure, trial in state court is not a horrible fate.

15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3914.11, 703 (1992).  While the erroneous denial of the State's remand motion would compel the State to have to litigate this case in a court lacking subject matter jurisdiction, the trial of this case in Minnesota state court as the result of an erroneous remand is hardly a horrible fate.

## CONCLUSION

For the foregoing reasons, the State respectfully requests that the Court deny Defendant's motion for reconsideration in its entirety.

Dated: June 24, 2003

MIKE HATCH
ATTORNEY GENERAL
STATE OF MINNESOTA

MICHAEL J. VANSELOW
Atty. Reg. No. 152754

ANN M. BILDTSEN
Atty. Reg. No. 271494
Assistant Attorneys General

445 Minnesota Street
Suite 1400
St. Paul, Minnesota 55101
(651) 296-9418

**ATTORNEYS FOR PLAINTIFF
STATE OF MINNESOTA**

AG: #872234-v1

12

## AFFIDAVIT OF SERVICE BY FACSIMILE AND U.S. MAIL

**Re:** ***In re Pharmaceutical Industry Average Wholesale Price Litigation***
**MDL Docket No. 1456**
***State of Minnesota v. Pharmacia Corp.,*** **D. Minnesota, File No. 02-1779**

STATE OF MINNESOTA    )
                      ) ss.
COUNTY OF RAMSEY      )

_Teresa L. Beck_____, being first duly sworn, deposes and says:

That at the City of St. Paul, County of Ramsey and State of Minnesota, on June 24, 2003, she caused to be served the STATE OF MINNESOTA'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL. All documents were served via facsimile transmission on the following parties and also by depositing true and correct copies in the United States mail at said City of St. Paul, properly enveloped, with postage prepaid:

James L. Volling, Esq.
Faegre & Benson
2200 Norwest Center
90 South Seventh Street
Minneapolis, MN 55402
Fax No.: 612-766-1600

Steve W. Berman, Esq.
Hagens, Berman, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Fax No.: 206-623-0594

Jason R. Litow, Esq.
Covington & Burling
1201 Pennsylvania Avenue NW
Washington, D.C. 20004-2401
Fax No.: 202-662-6291

John C. Dodds, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Fax No.: 215-963-5299

Mark D. Smith, Esq.
Faxon & Laredo, LLP
15 Broad Street, Suite 600
Boston, MA 02109
Fax No.: 617-367-6475

_Teresa L. Beck_____

Subscribed and sworn to before me on
June 24, 2003.

_Deborah A. Lindberg_____
NOTARY PUBLIC
AG: #870850-v1



DEBORAH A. LINDBERG
NOTARY PUBLIC · MINNESOTA
MY COMMISSION EXPIRES
JANUARY 31, 2005