**KLINE & SPECTER**

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

THE NINETEENTH FLOOR

1525 LOCUST STREET

PHILADELPHIA, PENNSYLVANIA 19102

DONALD E. HAVILAND, JR.
Direct Fax: 215-735-0957

215-772-1000

FAX: 215-772-1359

Donald.Haviland@klinespecter.com

July 7, 2003

<u>VIA FEDERAL EXPRESS</u>

The Honorable Patti B. Saris
United States Courthouse
1 Courthouse Way
Suite 2300
Boston, MA 02210

Re:    *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456
       *Swanston v. TAP Pharmaceutical Products Inc., et al.*, D. Ariz., C.A. No. 2:03-62

Dear Judge Saris:

In the same spirit as the letter sent to Your Honor by the Assistant Attorney General of New York, dated June 20, 2003, I am writing to seek the Court's guidance as to how it would like to proceed to expedite consideration of the Plaintiff's Motion for Remand filed in the above-referenced *Swanston* case.

On July 3, 2003, my office received a call from your clerk, Robert Alba, requesting dates on which plaintiff counsel in *Swanston* were available for a hearing with TAP Pharmaceutical Products, Inc. ("TAP"). Respectfully, there is no motion or issue pending in *Swanston* between the plaintiff and TAP alone as TAP previously had its Motion to Dismiss denied by the Superior Court in Maricopa County, Arizona on November 27, 2002. Indeed, since TAP has filed its Answer to the *Swanston* Complaint, all that remains is for the parties to conclude their discovery relating to TAP's marketing and sales of Lupron® and Prevacid®, and TAP's involvement in the conspiracy with other pharmaceutical companies essentially to fix the prices paid by plaintiff and the class in *Swanston* for such companies' drugs.

Instead, this Court should be aware that there are pending in *Swanston* four motions:.

(1)    Plaintiff's Motion for Remand (filed January 21, 2003);
(2)    Defendant Takeda Chemical Industries, Ltd.'s Motion to Dismiss (filed January 10, 2003);
(3)    Defendants Michael Gendelman and Jane Doe Gendelman's Motion to Dismiss (filed March 18, 2003); and
(4)    Plaintiff's Rule 26(f) Discovery Management Plan (filed March 26, 2003).

Counsel for plaintiff in *Swanston* suggest that the Motion for Remand should be resolved before the other pending motions as such resolution will directly impact on whether any other motion need be resolved by this Court.

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

The Honorable Patti B. Saris
UNITED STATES COURT HOUSE
July 7, 2003
Page 2

---

Unlike any other case transferred to this Court by the JPMDL, the *Swanston* case has a long and complicated history in the state court which this Court should fuly review and understand before choosing a course of action for this case. In brief, the *Swanston* case was commenced in the Superior Court of the State of Arizona on March 15, 2002 - over 15 months ago. In that time, various motions were resolved by the state court judge in Maricopa County, including eight Motions To Dismiss, three Motions To Stay and one Motion for Summary Judgment. The case was not removed to the United States District Court for the District of Arizona until January 10, 2003, making removal extremely untimely as to the original defendants. Further, since the removal was not consented to by all defendants, the rule of unanimity was plainly violated warranting immediate remand consistent with this Court's unambiguous Memorandum and Order of May 13, 2003 (remanding cases back to Minnesota and Nevada state courts).[1] Since the asserted bases for removal of the *Swanston* case were ERISA and Medicare preemption, both of which Your Honor has determined do not provide grounds for federal jurisdiction, remand is warranted. Moreover, *Swanston* has never involved RICO or any other federal claim; thus, unlike the other state cases removed to this Court, there is no basis to exert supplemental jurisdiction over the *Swanston* state law claims.

The Plaintiff's Motion for Remand of the *Swanston* case was fully briefed to the District Court in Arizona as of February 21, 2003 and has been awaiting decision. The plaintiff and the class in *Swanston* respectfully request that this Court dispose of the Motion for Remand expeditiously. Because the merits of the Plaintiff's Motion for Remand are obvious from the face of the Motion, and given the length of time that the *Swanston* case wrongly has been pending in federal court, plaintiff counsel in *Swanston* respectfully request that this Court dispose of the Motion for Remand expeditiously.

Respectfully submitted,

DONALD E. HAVILAND, JR.

DEH/jn
cc: All counsel (Via US Mail)

G:\DEH\LUPRON MASTER\Lupron - AZ - (200204)\Letters\Saris, Judge Patti B. 001 (version 2).wpd

---

[1]   The application of the rule of unanimity is discussed at length in Plaintiff's Motion for Remand, and for Costs and Expenses and Memorandum in Support Thereof, which was filed on January 21, 2003, at pp. 13-15, and in Plaintiff's Reply Memorandum of Points and Authorities in Support of Plaintiff's Motion for Remand and in Further Opposition of Defendant's Motion To Stay, which was filed on February 21, 2003, at pp. 6-9.