# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: *State of Minnesota v. Pharmacia Corporation*, Civil Action No. 02-10069-PBS *State of Nevada v. Abbott Laboratories, Inc., et al.*, Civil Action No. 02-12085-PBS | CIVIL ACTION: 01-CV-12257-PBS Judge Patti B. Saris |

## EMERGENCY MOTION TO STAY TRANSMISSION OF CERTIFIED COPY OF REMAND ORDER TO STATE COURT

Defendants Pharmacia Corporation and SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") respectfully request that this Court issue an order staying transmission by the clerk of a certified copy of this Court's June 11, 2003, remand order. Defendants intend to file, no later than June 18, 2003, a motion for reconsideration of the remand order. The instant motion seeks a stay of a ministerial action which, if taken, would divest this Court of jurisdiction to consider the motion for reconsideration.

On June 11, 2003, this Court entered an order granting the States' motions to remand the above-captioned actions to their respective state courts. 28 U.S.C. § 1447(c) requires the Clerk of this Court to mail "[a] certified copy of the order of remand . . . to the clerk of the State court." Once the certified copy of the remand order is mailed to state court, this Court is completely divested of jurisdiction and lacks the ability to reconsider its order granting remand. *See Federal Deposit Insurance Corporation v. Plaza*, 598 F.2d 634, 636 (1st Cir. 1979) ("The law in this circuit is clear that once a district court has decided to remand a case and has so notified the state court, the district judge is without power to take any further action."); *see also Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 225 (3d Cir. 1995) ("the physical mailing of

the certified copy is the key jurisdictional event to divest the district court of jurisdiction, because a remand order is not self-executing"); *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984) ("The federal court is completely divested of jurisdiction once it mails a certified copy of the order to the clerk of the state court.")

Accordingly, defendants respectfully ask that the Court stay transmission by the Clerk of a certified copy of the remand order to state court so that the Court will have the opportunity to consider defendants' motion for reconsideration. *See Agee v. Huggins*, 888 F. Supp. 1573 (N.D. Ga. 1995) (court had jurisdiction to reconsider remand order because certified copy of order had not yet been sent to state court); *Hubbard v. Combustion Engineering, Inc.*, 794 F. Supp. 221, 222 (E.D. Mich. 1992) (court could entertain motion to reconsider grant of remand because certified copy of remand order had not yet been mailed to state court).

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Undersigned counsel hereby certify that on June 13, 2003, they conferred in good faith with counsel for the State of Minnesota and the State of Nevada. Counsel for the State of Minnesota informed the undersigned that they oppose the filing of this motion. Counsel for the State of Nevada informed the undersigned that they do not oppose the filing of this motion.

DATED: June 13, 2003

Respectfully submitted,

Mark D. Smith (*by ed*)

Mark D. Smith (BBO# 542676)
Faxon & Laredo, LLP
15 Broad Street, Suite 600
Boston, MA 02109
617-367-7984
617-367-6475 (Fax)

*Attorney for Pharmacia Corp.*

2

*signature*

Geoffrey E. Hobart (BBO #547499)
Holland & Knight LLP
10 St. James Avenue
Boston, MA  02116

*Attorney for GSK*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Emergency Motion to Stay Transmission of Certified Copy of Remand Order to State Court was delivered to all counsel of record by electronic service pursuant to Case Management Order No. 2 by sending on June 13, 2003, a copy to Verilaw Technologies for posting and notification to all parties.

*signature*
Geoffrey E. Hobart

3