**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| *State of Minnesota v. Pharmacia Corporation,* Civil Action No. 02-10069-PBS | ) ) ) |
| *State of Nevada v. Abbott Labs., Inc., et al.,* Civil Action No. 02-12085-PBS | ) ) ) |

**MDL NO. 1456**

**CIVIL ACTION: 01-CV-12257-PBS**

**Judge Patti B. Saris**

## REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL

Minnesota makes two arguments in Opposition to defendants' motion for reconsideration. First, Minnesota argues that the Court cannot reconsider or remedy any error because 28 U.S.C. § 1447(d) divests it of jurisdiction to review the June 11 order remanding Minnesota's claims to state court. This argument cannot be squared with relevant precedent. Even the cases on which Minnesota relies in its Opposition support the conclusion that the Court retains jurisdiction over Minnesota's claims until a certified copy of its remand order is sent to the state court.

Second, Minnesota argues that this Court should not reconsider because, in Minnesota's view, it was not clearly erroneous for the Court to conclude that it lacked jurisdiction because the Medicare statute upon which Minnesota's state law claims depend does not provide a private cause of action. That argument – and the Court's conclusion – however, are directly at odds with the Supreme Court's holding in

*Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983), that federal jurisdiction exists where <u>either</u> (1) a federal statute creates a cause of action <u>or</u> (2) where plaintiff's state law claims depend on resolution of a substantial question of federal law. *Id.* at 27-28.

Reconsideration of the *Nevada I* remand also is appropriate in order to permit appellate review of the unanimity issue presented in that case. Consequently, defendants Pharmacia Corp. and SmithKline Beecham (d/b/a Glaxo-SmithKline) ("GSK") respectfully request the Court to reconsider its June 11 Order and deny the motions to remand *State of Minnesota* and *Nevada I*.

## I.   The Court Has the Power to Reconsider Its Remand Order.

Because a certified copy of the order has not been sent to the state court, this Court retains the ability to decide this motion for reconsideration. Minnesota's argument that 28 U.S.C. § 1447(d) divests the Court of jurisdiction to adjudicate this motion for reconsideration: (1) is inconsistent with First Circuit case law and other persuasive authority; (2) is contrary to Congressional intent, as reflected in the legislative history of 28 U.S.C. § 1447(d); and (3) is based on distinguishable, unpersuasive authority. Minnesota's argument should be rejected.[1]

---

[1]   Minnesota's argument that § 1447(d) would prohibit interlocutory appeal after reconsideration is circular because it improperly assumes that a valid remand order would survive this Court's reconsideration. If this Court denies Minnesota's motion to remand on reconsideration, that order – denying remand – could be appealed under 28 U.S.C. § 1292(b). *See e.g., Grant v. Chevron Chem. Co.*, 2001 WL 839010 at * 3 (E.D. La. July 24 2001). Minnesota's reliance on *Krangel v. General Dynamics Corp.*, 968 F.2d 914 (9th Cir. 1992) (Minn. Opp. at 5) is misplaced. The remand order in that case was granted, had not been reconsidered or vacated and, therefore, was well within the statutory bar created by 28 U.S.C. § 1447(d). *Id.* at 915.

### A.    Minnesota's Argument is Contrary to First Circuit Precedent.

Minnesota relies on two First Circuit cases as purported support for its position that Section 1447(d) divests the Court of jurisdiction to reconsider its remand order. *See In re La Providencia Development Corp.*, 406 F.2d 251, 252 (1st Cir. 1969); *FDIC v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979).   In fact, however, those cases support the conclusion that the district court retains jurisdiction until the certified copy of the remand order is sent to the state court.

In *La Providencia*, the district court remanded the case to state court and the remand order was filed in the state court.  Subsequently, the district court reconsidered its remand order. *La Providencia*, 406 F.2d. at 252.  The First Circuit issued mandamus ordering the district court to effectuate the remand.  In doing so, the First Circuit noted that although reconsideration of a remand order is generally precluded, "[t]he only possible exception is when the remand order <u>has not been completed by the re-entry of the case in state court</u>."  *Id.* at 252 (emphasis added).

Similarly, in *Santiago Plaza*, the district court granted a motion to remand and the clerk "duly notified" the Puerto Rico Superior Court of the remand. *Santiago Plaza*, 598 F.2d. at 635.  The district court granted a motion for reconsideration, but characterized it as a stay of proceedings pending appeals of related issues.  *Id.*  In reversing the district court's "stay," the First Circuit stated that statutory scheme "prohibit[s] even a motion for reconsideration <u>once the state court has resumed jurisdiction</u>." *Id.* (emphasis added).

*La Providencia* and *Santiago Plaza* plainly state that, notwithstanding 28 U.S.C. § 1447(d), the district court retains jurisdiction over the action until a state court takes jurisdiction, *i.e.*, until a certified copy of the remand order is sent to the state court.  As

long as the district court retains jurisdiction, it has the inherent power to reconsider its

remand order. *See e.g., Burns v. Watler*, 931 F.2d 140, 145 (1st Cir. 1991) (district court

has inherent power to reconsider its own orders).

In fact, many courts have carved out "a narrow exception to the loss of

jurisdiction upon remand rule, finding that a <u>district court retains jurisdiction to</u>

<u>reconsider a remand order where a certified copy of the order has not yet been mailed to</u>

<u>the clerk of the state court</u>. . ." *Hubbard v. Combustion Engineering Inc.*, 794 F. Supp.

221, 222 (E.D. Mich. 1992) (emphasis added); *see also Trans Penn Wax Corp. v.*

*McCandless*, 50 F.3d 217, 225 (3d Cir. 1995) (district court does not lose jurisdiction

until clerk mails certified copy of remand order); *Browning v. Navarro*, 743 F.2d 1069,

1078 (5th Cir. 1984) (same); *Bucy v. Nevada Constr. Co.*, 125 F.2d 213, 217 (9th Cir.

1942) (district court could review and set aside its own erroneous remand order before

filing of certified copy of order in state court); *Agee v. Huggins*, 888 F. Supp. 1573 (N.D.

Ga. 1995) (same); *Cook v. J.C. Penney Co.*, 558 F. Supp. 78 (N.D. Iowa 1983) ("the

federal court is not completely divested of jurisdiction to reconsider or vacate the order of

remand until the order of remand has been entered and a certified copy of the order has

been mailed to the clerk of the state court"). These cases correctly interpret the interplay

between §§ 1447(c) and (d).[2]

---

[2]     Minnesota's argument that the signing of an order granting a remand motion
immediately divests the district court of jurisdiction would create a jurisdictional
vacuum. The state court does not have jurisdiction over a remanded case until the
district court clerk sends a certified copy of the remand order. 28 U.S.C. §
1447(c) ("A certified copy of the order of remand shall be mailed by the clerk to
the clerk of the state court. The state court may thereupon proceed with such
case."); *see also Agee v. Huggins*, 888 F. Supp. 1573, 1577 (N.D. Ga. 1995)
("Section 1447(c) explains that the state court does not have jurisdiction to
proceed with the remanded action until receiving a certified copy of the remand
order."). Minnesota's argument that the district court loses jurisdiction at the

**B.      Minnesota's Argument is Contrary to the Legislative History of 28 U.S.C. § 1447(d).**

The legislative history of § 1447(d) confirms that this Court has the authority to reconsider its remand order.  Prior to 1948, the statute provided that "no appeal or writ of error from such decision of the . . . court so remanding such cause shall be allowed."  28 U.S.C. § 71 (1940); *see also United States v. Rice*, 327 U.S. 742, 748 (1946) (quoting statutory language as of 1946, and holding that appellate review by mandamus was also precluded by this language).  Thus, § 71 expressly limited appellate power, not the power to reconsider.  Indeed, cases decided under § 71 permitted reconsideration of remand orders prior to the filing of a certified copy of the order in the state court.  *See Bucy*, 125 F.2d at 217.

In 1948, Congress repealed the language addressing review of removal orders that previously appeared in 28 U.S.C. § 71.  *See* Pub. L. No. 80-773, 62 Stat. 939 (1948) *reprinted in* 1948 U.S. Cong. Code Service A3, A95-96 (creating new 28 U.S.C. § 1447 without any reference to review of remand orders).  Congress, however, quickly restored the *status quo ante* by enacting the present version of § 1447(d).  *See* Act of May 24, 1949, Ch. 139, § 84, 63 Stat. 102.  The legislative history of the 1949 enactment explains that this change was made "to remove any doubt that the former law as to the finality of a order of remand to a State Court is continued."  H. R Rep. No. 81-352 (1949), *reprinted in* 1949 U.S. Cong. Code Service, 1248, 1268.  The "former law" was § 71, which prohibited appeals and writs of error – not motions for reconsideration.

---

moment the judge signs an order granting a remand motion would result in a jurisdictional vacuum, since from the time the judge signs the remand order until the clerk sends the certified copy, neither court would have jurisdiction.  In essence, the case would not exist in any court.

The current § 1447(d) was intended to mimic the effect of that statute. The legislative history of the statute strongly suggests that when Congress used the word "reviewable" in 1949, it meant "appeal or writ of error," (and added the words "or otherwise" to endorse the decision in *Rice*, dealing with mandamus); it did not intend to preclude reconsideration by the district court.

### C.     Minnesota's Authorities are Distinguishable and Unpersuasive.

Each of the cases on which Minnesota relies for the proposition that this court lacks jurisdiction to reconsider its decision is distinguishable and unpersuasive.[3]  In three of these cases, the certified remand order already had been sent by the clerk to the state court. *See In re Loudermilch*, 158 F.3d 1143, 1144 (11th Cir. 1998); *Whiddon Farms, Inc. v. Delta and Pine Land Co.*, 103 F. Supp. 2d 1310, 1314-15 (S.D. Ala. 2000); *Aetna U.S. Healthcare, Inc. v. Hoechst AG*, 67 F. Supp. 2d 1242, 1243 (D. Kan. 1999).[4]  Any discussion of pre-certification reconsideration in those cases is dicta, and unpersuasive for the reasons discussed above.  In the fourth case, the clerk mistakenly sent an uncertified copy of the remand order to the state court, and the only reason why the district court arguably retained jurisdiction was a clerical error. *See In re Lowe*, 102 F.3d 731, 732-35 (4th Cir. 1996) ("one party should not arbitrarily receive a second opportunity to make its arguments due to a <u>clerical error</u>.") (emphasis added).

---

[3]     These cases are cited in Minnesota's Opposition to the Emergency Motion for A Stay and are incorporated by reference into the opposition to the motion for reconsideration.

[4]     Minnesota's citation to *Whiddon Farms* is particularly surprising, as that case considers this issue decided by the First Circuit in defendants' favor. *See Whiddon Farms*, 103 F. Supp. 2d at 1313 ("Consequently, in the First, Third, Fifth, and Ninth Circuits, a federal district court does not lose jurisdiction over a remanded action until the clerk of court physically mails a certified copy of the remand order to the state court.") (citing *La Providencia, supra*).

Moreover, Minnesota's suggestion that these "modern" cases – none of which discuss the legislative history to § 1447(d) – state the correct rule of law is at odds with that legislative history. As discussed above, § 1447(d) was intended to codify the law as it existed prior to 1948, and the pre-1948 law allowed reconsideration if the certified copy had not been sent to the State court. *See Bucy*, 125 F.2d at 217.

## II.  The Court's Order Was Predicated on a "Clear Error" of Law.

The Court committed a "clear error of law" when it ruled that the State's AWP case presents an essential federal question but nonetheless must be remanded because the federal Medicare statute does not provide for a private cause of action.[5] In *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983) the Supreme Court set forth a <u>disjunctive</u> test for federal question jurisdiction: federal jurisdiction exists <u>either</u> (1) where a federal statute creates a cause of action <u>or</u> (2) where plaintiff's state law claims depend on resolution of a substantial question of federal law. *Id.* at 27-28.[6]

This Court improperly rejected the Supreme Court's disjunctive standard and concluded that, under *Merrell Dow Pharmaceuticals v. Thompson,* 478 U.S. 804 (1986), there is no federal jurisdiction ***unless*** the federal statute creates a cause of action. That

---

[5]    Minnesota incorrectly characterizes defendants' brief by arguing that defendants' statement that the jurisdictional issue is a close question demonstrates that no "clear error" was committed in this case and that reconsideration, therefore, would be an abuse of discretion. In fact, defendants argued that the absence of a private right of action clearly is not itself determinative of federal jurisdiction. Defendants further stated that, alternatively, the Court should recognize that *at the very least* this is a close question worthy of review by the First Circuit. Def. Mem. at 2. Defendants did not concede that the Court did not commit a clear error of law.

[6]    This standard was nothing new, as the Supreme Court has long held that federal question jurisdiction exists when the plaintiff's "right to relief depends upon the construction or application of the Constitution or law of the United States . . .." *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921).

conclusion was clearly erroneous. Any suggestion that *Merrell Dow* might have altered the *Franchise Tax Board* test was put to rest when the Supreme Court subsequently quoted and reaffirmed the *Franchise Tax Board* test in *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164 (1997). *See also Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988) (applying the two-part test of *Franchise Tax Bd.* to patent cases under 28 U.S.C. § 1338); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-94 (1987) (citing *Franchise Tax Bd.* with approval).

For the Court's ruling to be correct, one would have to assume that *Merrell Dow* overruled *sub silencio* the holdings of *Franchise Tax Board* and *Smith*, and that the Supreme Court's statements in *City of Chicago* and *Christianson* were misstatements of the law. That assumption is clearly unwarranted.

The First Circuit's opinion in *Almond v. Capital Properties, Inc.*, 212 F.3d 20 (1st Cir. 2000), supports the conclusion that *Franchise Tax Board* mandates a different result. In *Almond* the First Circuit found a substantial federal question where plaintiff's state law claim turned on the interpretation of a contract with the federal government, even though there was no federally created cause of action. *Id.* at 23-24. Minnesota argues that *Almond* is factually distinguishable because there is no federal contract involved in this case. Minnesota misses the mark. Regardless of the particular facts of *Almond*, Minnesota cannot escape the fact that the First Circuit found that a federal issue was "sufficiently important to confer 'arising under' jurisdiction" even though there was no statutory cause of action.

Minnesota also suggests the Court's decision is supported by *PCS 2000 LP v. Romulus Telecomms., Inc.*, 148 F.3d 32 (1st Cir. 1998), a case that predates *Almond*,

arguing that the First Circuit has construed *Merrell Dow* to preclude federal jurisdiction where the federal statute at issue does not provide a private right of action. To the contrary, all the court said in *PCS 2000 LP* was that "[u]nless a federal statute bestows a private right of action, courts ought to ***presume*** that Congress did not intend the statute to confer federal jurisdiction." *Id.* at 75 (emphasis added). At most *PCS 2000 LP* created a rebuttable presumption that a federal question is insufficiently substantial absent a statutorily created cause of action, but it certainly did not create an absolute bar on federal jurisdiction where there is no private cause of action.

Minnesota dismisses without discussion the district court's opinion in *Popular Democratic Party v. Commonwealth of Puerto Rico*, 24 F. Supp. 2d 184 (D.P.R. 1998). This case is significant, however, because it represents a decision from within the First Circuit, postdating *PCS 2000 LP*, in which a court found that the lack of a private right of action did not preclude federal question jurisdiction. *Id.* at 189, 195.

Minnesota misstates the law in other circuits. The Second, Eighth, and Eleventh Circuits have held that a private cause of action need not exist for federal jurisdiction to be present. *See McNeill v. Franke*, 171 F.3d 561, 563-64 (8th Cir. 1999); *Barbara v. New York Stock Exch., Inc.*, 99 F.3d 49, 54 (2d Cir. 1996); *City of Huntsville v. City of Madison*, 24 F.3d 169, 174 (11th Cir. 1994). The most recent decision of the Fourth Circuit is in agreement, although an earlier decision by that court is to the contrary. *Compare Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 806 (4th Cir. 1996) (federal cause of action not required), *with Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 152 (4th Cir. 1994) (federal cause of action is required). The Sixth Circuit has also issued conflicting opinions on the issue. *Compare Long v. Bando Mfg. of Am., Inc.*, 201

F.3d 754, 759 (6th Cir. 2000) (private cause of action not required), *with Heydon v.*

*MediaOne of Southeast Michigan, Inc.*, 327 F.3d 466, 472 (6th Cir. 2003) (private cause

of action is required).[7]

     In sum, because a certified copy of the Court's June 11, 2003 remand order has

not been sent to the Minnesota state court, this Court retains jurisdiction over this case to

hear defendant's reconsideration motion.  Because the Court's initial decision remanding

this case to State court was based on a clearly erroneous finding – that there is no federal

question jurisdiction unless the federal statute provides a private cause of action – the

Court should grant defendants' motion for reconsideration and deny Plaintiff's motion to

remand.

**III.**    **The Court Should Deny the Motion to Remand Nevada I And Certify The**
        **Unanimity Issue for Appeal**

     Nevada never disputes the three points we made in our opening brief regarding

*Nevada I*.  First, Nevada never disputes that cases support both the defendants' and the

plaintiffs' positions – indeed the Court recognized this fact in its remand order.  Second,

Nevada never disputes that when there is a close call on a motion to remand, the better

course of action is for the Court to deny the motion to remand and certify the issue for

appeal.  *See* 15A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal*

*Practice and Procedure* § 3914.11 ("A court faced with a close question of removability

may be inclined to deny remand and certify an interlocutory appeal in order to provide

---

7     Only six circuits have unequivocally held that a private cause of action is
     required.  *See Nicodemus v. Union Pacific Corp.*, 318 F.3d 1231, 1238 (10th Cir.
     2003); *Zubi v. AT&T Corp.*, 219 F.3d 220, 223 n.5 (3d Cir. 2000); *Sparta*
     *Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1212 (9th
     Cir. 1998); *Seinfeld v. Austen*, 39 F.3d 761, 764 (7th Cir. 1994); *Willy v. Coastal*
     *Corp.*, 855 F.2d 1160, 1169 (5th Cir. 1988); *Rogers v. Platt*, 814 F.2d 683, 688-89
     (D.C. Cir. 1987).

the opportunity for appellate review that would be lost if remand were granted . . .").

Finally, Nevada never disputes that the other elements of certification under Section

1292(b) are satisfied here – namely, that this is a "controlling question of law," and that

an immediate appeal may "materially advance the ultimate termination of the litigation."

Accordingly, the Court should reconsider and deny the motion to remand *Nevada I* so

that the Court can certify this issue of first impression for appeal pursuant to § 1292(b).

Respectfully submitted,

BY: _____

Mark D. Smith (BBO #542676)
Faxon & Laredo LLP
15 Broad Street, Suite 600
Boston, MA 02109
(617) 367-7984 (telephone)
(617) 367-6475 (facsimile)

John C. Dodds, Esq.
Jennifer B. Jordan, Esq.
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000 (telephone)
(215) 963-5001 (facsimile)

Scott A. Stempel, Esq.
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 739-3000 (telephone)
(202) 739-3001 (facsimile)

Dated:  June 30, 2003

*Attorneys for Defendant Pharmacia
Corporation*

BY: _____

Geoffrey E. Hobart
Holland & Knight
10 St. James Avenue
Boston, MA 02116
(617) 523-2700 (telephone)
(617) 523-6850 (facsimile)

Mark H. Lynch, Esq.
Ethan M. Posner, Esq.
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 662-6000 (telephone)
(202) 662-6291(facsimile)

Frederick G. Herold, Esq.
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA  19103
(215) 994-4000 (telephone)
(215) 994-2222 (facsimile)

Dated:  June 30, 2003                    *Attorneys for Defendant GSK*