# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | ) ) ) CIVIL ACTION: 01-CV-12257-PBS |
| *Robert J. Swanston v. TAP Pharmaceutical Prods., Inc., et al.*, D. Ariz., C.A. No. 2:03-62 | ) ) Judge Patti B. Saris ) ) ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## JULY 7, 2003 CORRESPONDENCE TO THE COURT

On July 7, 2003, the plaintiff in *Swanston v. TAP Pharmaceutical Products, Inc.* sent a letter to this Court seeking special treatment for its pending motion to remand that action back to state court in Arizona. In effect, the plaintiff asks this Court, improperly and without motion, to advance its case ahead of other previously transferred cases that are also part of MDL 1456. Plaintiff has ignored the local rules by sending this letter, which alone justifies rejecting it without consideration. However, because plaintiff's letter is riddled with inaccuracies regarding the procedural status of this action and improperly characterizes the basis upon which the *Swanston* action was removed to federal court, defendants[1] file this memorandum in response and respectfully request that

---

[1] For purposes of this memorandum, defendants include only those that do not contest jurisdiction or service in *Swanston*.

the Court decline plaintiff's invitation to leapfrog *Swanston* over other cases pending before this Court pursuant to MDL No. 1456..

For purposes of this response, the relevant procedural history is brief. On December 20, 2002, plaintiff filed his Second Amended Complaint in state court in Maricopa County, Arizona. The Second Amended Complaint added 28 additional corporate defendants to the handful of pharmaceutical company defendants that had been named in the initial complaint. On January 10, 2003, one of the newly added defendants, GlaxoSmithKline ("GSK"), removed the action to the United States District Court for the District of Arizona. On January 13, 2003, GSK filed a notice of related action with the Judicial Panel on Multidistrict Litigation ("JPML") designating this action as a "tag-along" to those actions currently pending before this Court as part of MDL No. 1456. Also on January 13, 2003, GSK moved to stay all proceedings pending the JPML's decision on transfer.

On January 21, 2003, plaintiff filed a motion to remand this action to state court. By Order dated January 23, 2003, the Arizona District Court extended the time for the new defendants named in the Second Amended Complaint, and for certain of the originally named defendants, to respond to or answer the Second Amended Complaint until 30 days after a ruling on the plaintiff's motion to remand. On February 10, 2003, the JPML conditionally transferred the *Swanston* action to this Court as part of MDL No. 1456. On May 16, 2003, the Arizona District Court entered an Order staying further proceedings in this action pending the JPML's final decision on transfer. On June 13, 2003, the JPML issued its final transfer order transferring the *Swanston* action to this Court.

Plaintiff's letter is rife with inaccuracies and half-truths regarding the status of this action. First, plaintiff mischaracterizes the procedural status of this action. In asserting that the *Swanston* action is "[u]nlike any other case transferred to this Court by the JPMDL," plaintiff deceptively implies that this action is somehow advanced to the point that this Court should expedite its treatment of plaintiff's pending motion to remand. But plaintiff neglects to disclose that on December 10, 2002, he chose to begin this case anew by filing a Seconded Amended Complaint that fundamentally changed the nature of the action, adding 28 additional corporate defendants. This operative complaint was filed *after* complaints in a number of other cases currently pending before this Court. Not surprisingly, then, the majority of the defendants in this case have yet to respond to plaintiff's Second Amended Complaint.[2] Far from advanced, this case has only just begun.

In his letter, plaintiff notes the March 26, 2003 filing of plaintiff's "Discovery Management Plan," a filing that was improper and premature because the parties have yet to engage in the requisite pre-discovery Rule 26(f) conference. In fact, discovery has not commenced in this case. Moreover, any attempt to set forth a plan for discovery separate and apart from the other actions now pending in MDL No. 1456 would be a waste of judicial resources.

Plaintiff also mischaracterizes the removal of this action to federal court. The *Swanston* action was removed on January 10, 2003 by GSK, one of the defendants that was newly named in plaintiff's December 20, 2002 Second Amended Complaint. GSK removed the *Swanston* action well within the required 30 days of first receiving service of

---

[2]  The previously decided dispositive motions mentioned in plaintiff's letter were directed towards an earlier complaint that has since been superseded by the far more expansive Second Amended Complaint.

3

consideration. Such a proposal should address the pending motions and other issues raised in plaintiff's July 7, 2003 letter. If the parties cannot reach agreement on a proposed schedule, only then would it be appropriate to seek this Court's intervention.

Dated: July 22, 2003

Respectfully submitted

By: /s/ Juliet S. Sorensen

Nicholas C. Theodorou, Esq. (BBO# 496730)
Juliet S. Sorensen, Esq. (BBO# 647255)
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

D. Scott Wise, Esq.
Kimberley Harris, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

*Attorneys for AstraZeneca Pharmaceuticals L.P.*

John C. Dodds, Esq.
Jason E. Baranski, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000 (telephone)
(215) 963-5001 (facsimile)

Scott A. Stempel, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N. W.
Washington, D.C. 20004
(202) 739-3000 (telephone)
(202) 739-3001 (facsimile)

*Attorneys for Defendants Pharmacia Corporation, Pharmacia & Upjohn, Inc., Monsanto Company and G. D. Searle Company*

## CERTIFICATE OF SERVICE

I certify that on July 22, 2003, I caused a true and correct copy of Defendants' Response to Plaintiff's July 7, 2003 Correspondence to the Court to be served on all counsel of record via electronic mail pursuant to Case Management Order No. 2 entered in MDL No. 1456, dated July 23, 2002.

DATE: July 22, 2003

_____
Juliet Sorensen