# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL 1456 |
| | Master File No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| *Rice v. Abbott Laboratories, et al.,* N.D. Cal. Case No. C 02-3925 MJJ | |
| *Thompson v. Abbott Laboratories, et al,* N.D. Cal. Case No. C 02-4450 MJJ | |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND ACTIONS TO CALIFORNIA SUPERIOR COURT

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................1

STATEMENT OF THE CASE.............................................................................2

I.      RICE AND THOMPSON FILED REPRESENTATIVE AND
        CLASS ACTION COMPLAINTS ALLEGING THAT
        DEFENDANTS' AWP SCHEME VIOLATES BUSINESS &
        PROFESSIONS CODE §17200 .................................................................2

        A.      The Parties ....................................................................................3

                1.      Plaintiffs..........................................................................3

                2.      Defendants .......................................................................4

        B.      The AWP Scheme...........................................................................4

        C.      Rice and Thompson Allege A State-Law Violation of
                California Business & Professions Code §17200 ...........................5

II.     AFTER DEFENDANTS REMOVED RICE AND THOMPSON,
        THE TRANSFEROR COURT DEFERRED TO THIS COURT
        FOR A RULING ON RICE'S REMAND MOTION .................................7

        A.      Defendants Removed Rice and Thompson.......................................7

        B.      Rice Filed A Motion To Remand, Which The Transferor
                Court Deferred To This Court For Determination...........................8

ARGUMENT......................................................................................................8

I.      DEFENDANTS CANNOT SATISFY THE STRICT STANDARD
        FOR REMOVAL UNDER THE WELL-PLEADED
        COMPLAINT RULE.................................................................................9

II.     UNDER THE DOCTRINE OF THE LAW OF THE CASE,
        THERE IS NO FEDERAL QUESTION JURISDICTION
        BECAUSE, AS THIS COURT RULED, RICE AND
        THOMPSON'S STATE LAW CLAIMS ARE NOT
        COMPLETELY PREEMPTED BY ERISA AND ARE NOT
        "RELATED TO" ANY ERISA PLAN......................................................11

        A.      There Is No Complete Preemption Under ERISA §502................13

## TABLE OF CONTENTS
### (continued)

      B.     There Is No Preemption Under ERISA §514 ................................14

III.    THERE IS NO FEDERAL QUESTION JURISDICTION
        BECAUSE, AS THIS COURT RULED, RICE AND
        THOMPSON'S STATE LAW CLAIMS DO NOT ARISE
        UNDER MEDICARE...............................................................................17

IV.    REMAND IS REQUIRED DUE TO THE LACK OF STANDING
        UNDER ARTICLE III...............................................................................19

CONCLUSION.................................................................................................................20

## TABLE OF AUTHORITIES

### Cases

*American Philatelic Society v. Claibourne*
(1935) 3 Cal.2d 689 ........................................................................................... 13

*American Well Works Co. v. Layne & Bowler Co.*
(1916) 241 U.S. 257, 36 S.Ct. 585........................................................................ 9

*Arizona v. California*
(1983) 460 U.S. 605, 103 S.Ct. 1382.................................................................... 8

*Balcorta v. Twentieth Century-Fox Film Corp.*
(9th Cir. 2000) 208 F.3d 1102 ............................................................................ 2

*Barquis v. Merchants Collection Ass'n.*
(1972) 7 Cal.3d. 94 ........................................................................................... 13

*BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of
   America, IAMAW District Lodge 4,*
(1997) 132 F.3d 824............................................................................... 9, 11, 12

*Carpenters Local Union No. 26 v. United States Fid. & Guar. Co.,*
(1st Cir. 2000) 215 F.3d 136.................................................................. 13, 15, 16

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,*
(1999) 20 Cal.4th 163 ............................................................................... 14, 19

*Danca v. Private Health Care Systems, Inc.,*
(1st Cir. 1999) 185 F3d 1 ...........................................................................*passim*

*Dukes v. U.S. Healthcare, Inc.,*
(3rd Cir. 1995) 57 F.3d 350 ............................................................................... 11

*Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust
   for Southern California,*
(1983) 463 U.S. 1, 103 S.Ct. 2841................................................... 9, 11, 14, 17

*FTC v. The Sperry & Hutchinson Co.*
(1972) 405 U.S. 233, 92 S.Ct. 898.................................................................... 13

*Hampers v. W.R. Grace, Inc.,*
(1st Cir. 2000) 202 F.3d 44.......................................................................... 16, 17

## TABLE OF AUTHORITIES
### (continued)

*Ingersoll-Rand Co. v. McClendon,*
(1990) 498 U.S. 133, 111 S.Ct. 478.................................................................. 16

*Jhamb v. California Physicians Service,*
1996 WL 61281, *3 (ND Cal 1996) ................................................................. 19

*Korea Supply Co. v. Lockheed Martin Corp.,*
(2003) 29 Cal.4th 1134 ...................................................................................... 5

*Lee v. American National Ins. Co.,*
(9th Cir. 2001) 260 F.3d 997 ............................................................................ 20

*Lujan v. Defenders of Wildlife,*
(1992) 504 U.S. 555, 112 S.Ct. 2130................................................................ 19

*Maine Assoc. of Interdependent Neighborhoods v. Commissioner, Main Dep't. of Human Services,*
(1st Cir. 1989) 876 F.2d 1051 .......................................................................... 20

*Merrell Dow Pharmaceuticals, Inc. v. Thompson,*
(1986) 478 U.S. 804, 106 S.Ct. 3229................................................ 9, 17, 18, 19

*Metropolitan Life Ins. Co. v. Taylor,*
(1987) 481 U.S. 58, 107 S.Ct. 1542............................................................. 11, 12

*Moore v. Chesapeake & Ohio R. Co.,*
(1934) 291 U.S. 205, 54 S.Ct. 402.................................................................... 19

*National Labor Relations Board v. Goodless Brothers Electric Co., Inc.,*
(1st Cir. 2002) 285 F.3d 102............................................................................... 8

*New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,*
(1995) 514 U.S. 645, 115 S.Ct. 1671.......................................... 12, 14, 15, 16

*People ex rel. Mosk v. National Research Co. of California*
(1962) 201 Cal. App.2d 765 ............................................................................. 14

*Smith v. Kansas City Title & Trust Co.,*
(1921) 255 U.S. 180, 41 S.Ct. 243.................................................................... 19

# TABLE OF AUTHORITIES
## (continued)

### Rules

28 U.S.C. §1331 ........................................................................................................ 6, 9, 10

28 U.S.C. §1441 ................................................................................................................ 6

28 U.S.C. §1441(a-b) ........................................................................................................6

28 U.S.C. §1447(c) ...................................................................................................... 2, 20

29 U.S.C. §1001 *et seq.* ................................................................................................... 1

29 U.S.C. §1001(b) ......................................................................................................... 15

29 U.S.C. §1132(a)(1)(B) ............................................................................................... 12

29 U.S.C. §1132 ............................................................................................................. 10

29 U.S.C. §1144 ............................................................................................................. 10

29 U.S.C. §1144(a) ............................................................................................................6

B&P Code §17200 ................................................................................................... *passim*

B&P Code §17201 ............................................................................................................ 5

B&P Code §17204 ................................................................................................... *passim*

California Code of Civil Procedure §382 ......................................................................... 3

ERISA §502 ............................................................................................................ *passim*

ERISA §502(a) ............................................................................................................... 12

ERISA §514 ............................................................................................................ *passim*

ERISA §514(a) ................................................................................................................11

ERISA §520 ................................................................................................................... 11

## INTRODUCTION

Plaintiffs John Rice ("Rice") and Constance Thompson ("Thompson") respectfully request that the Court remand their separate representative and class actions, which each involve a single state-law claim that Defendants' average wholesale price ("AWP") scheme for marketing certain drugs is an unlawful, unfair or fraudulent business practice in violation of California's Unfair Competition Law ("UCL") codified at Business & Professions Code ("B&P Code") §§17200 *et seq.*

Defendants wrongly removed *Rice* and *Thompson* by claiming that federal question jurisdiction exists because: (i) Rice and Thompson's B&P Code §17200 claims are purportedly preempted by the Employment Retirement Income Security Act ("ERISA"), codified at 29 U.S.C. §1001 *et seq.*; and (ii) the claims "arise under" federal Medicare law.

These arguments fail and the actions should be remanded under the law of the case established by the Court's Orders of May 13 and June 11, 2003 ("May 13 Order" and "June 11 Order," respectively).[1]

First, in partially denying Defendants' motion to dismiss the Master Consolidated Complaint ("Master Complaint"), the Court held that ERISA does not preempt claims that the AWP scheme violates state law consumer protection statutes like §17200. May 13 Order, pp. 33-38. Defendants cannot rely on preemption under either ERISA §§502 or 514 to provide a federal question.

---

[1]     The May 13 Order is published at 2003 WL 21108371 (D. Mass. 2003), and the June 11 Order is published at 2003 WL 21108371 (D. Mass 2003).

Second, in partially remanding state law consumer protection claims brought by Minnesota and Nevada, the Court held that Medicare does not present a substantial issue of federal law to confer federal question jurisdiction. June 11 Order, pp. 10-15. Rather, the AWP scheme's violation of Medicare is an element of an essentially state law consumer protection action. There is no substantial issue of federal law under Medicare that justifies federal jurisdiction.

In addition, remand is required because Defendants cannot establish Rice and Thompson's standing under Article III of the United States Constitution to allege §17200 claims on behalf of the general public for Defendants' wrongdoing which did not directly damage Rice or Thompson. This fundamental jurisdictional defect requires remand. Removal is not a mechanism to evade liability under California law brought by California citizens with standing in California courts. Under the well-pleaded complaint rule, Rice and Thompson are entitled to allege their state law claim in state court. Rice and Thompson respectfully request that the Court grant their motion to remand.[2]

## STATEMENT OF THE CASE

I. **RICE AND THOMPSON FILED REPRESENTATIVE AND CLASS ACTION COMPLAINTS ALLEGING THAT DEFENDANTS' AWP SCHEME VIOLATES BUSINESS & PROFESSIONS CODE §17200**

Rice filed his representative and class action complaint in the Superior Court for the County of Alameda [Oakland], California. Representative and Class Action Complaint for Violation of Bus. & Prof. Code §17200 *et seq.*, filed July 12, 2002, ¶¶1-3

---

[2]   The Court has discretion to award Rice and Thompson their attorney fees and costs incurred as a result of Defendants' wrongful removal. 28 U.S.C. §1447(c); *see, e.g., Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102 (9th Cir. 2000). Should the Court be inclined to award fees and costs, Rice and Thompson will submit declarations as to the amount incurred if requested by the Court.

("Rice Complaint"). The allegations in Thompson's complaint, filed in San Francisco County Superior Court, are substantially similar to the *Rice* Complaint. Representative and Class Action Complaint for Violation of Bus. & Prof. Code §17200 *et seq.*, filed August 23, 2002, ¶¶1-3 ("Thompson Complaint") (collectively, "Complaints").

### A.    The Parties

#### 1.    Plaintiffs

Rice and Thompson are cancer survivors who made insurance co-payments for anti-cancer drugs based on Defendants' inflated AWP pricing scheme. Complaints, ¶16. Rice and Thompson sued in three distinct capacities: as individual plaintiffs, as private attorney generals who represent the general public in California under B&P Code §17204, and as class representatives under California Code of Civil Procedure §382. Complaints, ¶¶1-2. The class is defined as:

> All persons or entities in the State of California who paid directly, made co-payments for, or became obligated to pay the costs of pursuant to an insurance plan, Medicare Plan B pharmaceuticals manufactured and sold by defendants, their subsidiaries, agents, and/or co-conspirators during the period January 1, 1995 and continuing through the present (the "Class Period"). Excluded from this class are government entities, the defendants, the defendants' parent companies, subsidiaries, and affiliates.

Complaints, ¶62.

Rice and Thompson seek to represent California residents who are members of both classes set forth in the Master Complaint: Class One comprised of Medicare Part B co-payors; and Class Two comprised of third-party payors. May 13 Order, p. 2, n. 3, 4. In addition, Rice and Thompson also seek to represent California residents not presently included in the Master Complaint: persons who either paid directly for drugs overpriced under the AWP scheme or persons who made co-payments for such drugs under non-

Medicare insurance plans.  Rice and Thompson allege no facts revealing that they paid

for anti-cancer drugs under any ERISA plan.

### 2.      Defendants

Defendants manufacture and market drugs that are part of the AWP scheme

alleged in the Rice and Thompson Complaints and described below.[3]  The drugs at issue

include: (i) anti-emetics, which fight nausea that commonly occurs during cancer

treatment; (ii) biologicals, which are drugs made from animal or human products (rather

than synthetic ingredients); (iii) blood factors, which are artificial blood replacement

products which aid in clotting; (iv) inhalation drugs used in the treatment of pulmonary

diseases; and (v) oncology drugs used to treat various cancers.  Complaints, ¶5.

### B.      The AWP Scheme

The Court aptly described the allegations of other Plaintiffs regarding the AWP

scheme, which are also alleged in the Rice and Thompson Complaints:

> [Plaintiffs] all allege that defendant pharmaceutical companies overstate
> the AWPs of many drugs in the data they provide to trade publications.
> This overstatement in AWP reporting creates a "spread" between the
> actual cost of a drug to a health-care provider, and the reimbursement paid
> to the provider by the federal government.  It also inflates the co-payments
> made by consumers; indeed, in some instances the co-payment alone
> exceeds the cost of the drug to the provider.  Defendants actively market
> this spread to providers, who are encouraged to buy drugs from defendants
> at highly discounted prices and urged to keep the reimbursement and co-
> payment spreads for themselves.  The pharmaceutical companies benefit
> through higher sales and larger market share.

June 11 order, pp. 4-5; *see also* May 13 Order, pp. 4-9.

Rice and Thompson's allege the same facts:

---

[3]      Of the Defendants named in the Complaint, all of whom do business in
California, Rice and Thompson voluntarily dismissed Purdue Pharma, Inc. without
prejudice.

> Defendants have been engaged in a pattern and course of conduct by
> which they intentionally report fictitious and inflated costs [under the
> AWP standard] which are based on little more than the Defendants' desire
> to sell more of their products and to exclude competitors – and deprive
> consumers of lower-priced drugs. This scheme perverts the whole market,
> so that all patients receiving and paying some portion of the charges for
> these drugs are damaged.

Complaints, ¶12; *see generally* Complaints, ¶¶68-83 [describing the AWP scheme and

alleging specific instances of "marketing the spread" by Defendants Glaxo, Pharmacia,

Bayer, Baxter, Bristol and Smithkline].

### C.   Rice and Thompson Allege a State-Law Violation of California Business & Professions Code §17200

Rice and Thompson allege a representative and class action claim for relief,

which is also part of Count Five of the Master Complaint:  Defendants' AWP scheme

violates B&P Code §17200, which prohibits "unfair competition" defined as an

"unlawful, unfair or fraudulent business act or practice."  Complaints, ¶90; Master

Complaint, ¶452.

Rice and Thompson have standing to invoke B&P Code §17200 under B&P Code

§17204 which authorizes a private attorney general action by a "person" "for the interests

of itself, its members or the general public."  *Korea Supply Co. v. Lockheed Martin*

*Corp.,* 29 Cal.4[th] 1134, 1143 (2003) ["standing to sue under the UCL is expansive"]; *see*

*also* B&P Code §17201 [defining "person" to include "natural persons, corporations,

firms, partnerships, joint stock companies, associations and other organizations of

persons"].

Under §17200, Rice and Thompson seek restitution of all overpayments by

themselves, members of the public and other class members for drugs under the AWP

scheme, disgorgement of illegal profits obtained by Defendants due to the AWP scheme, and injunctive relief to prohibit Defendants "from engaging in unlawful, unfair and/or fraudulent conduct to manipulate the AWP pricing structure." Complaints, ¶¶90-91.

## II.   AFTER DEFENDANTS REMOVED *RICE* AND *THOMPSON*, THE TRANSFEROR COURT DEFERRED TO THIS COURT FOR A RULING ON RICE'S REMAND MOTION

### A.   Defendants Removed *Rice* and *Thompson*

Defendants removed *Rice* and *Thompson* under 28 U.S.C. §1441, claiming federal question jurisdiction under 28 U.S.C. §1331 which provides federal "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[4] Defendants alleged federal question jurisdiction because Rice and Thompson's sole state law cause of action supposedly "relates to" employee benefits plans under the Employment Retirement Income and Security Act ("ERISA"), 29 U.S.C. §1144(a), and is thus preempted by federal law. Removal Notices, ¶¶16-22. Although neither Complaint mentions ERISA, Defendants claim that Rice and Thompson's allegations that the AWP scheme violates B&P Code 17200: (i) "bears upon numerous ERISA-regulated relationships;" (ii) "will require analysis of numerous ERISA plan and related plan documents"; and (iii) "is encompassed by ERISA's civil enforcement provisions." Removal Notices, ¶¶16-20. Defendants alleged claimed supplemental federal jurisdiction over any plaintiff who is not an ERISA plan or participant. Removal Notices, ¶21. Finally, Defendants alleged that Rice and Thompson's §17200 claim "arises under"

---

[4]      Notice of Removal of Action under 28 U.S.C. §1441 (a)-(b) and Joinder by Defendants [Federal Question], filed in the *Rice* action on August 14, 2002 ("Rice Removal Notice"); Notice of Removal of Action under 28 U.S.C. §1441 (a)-(b) and Joinder by Defendants [Federal Question], filed in the *Thompson* action on September 12, 2002 ("Thompson Removal Notice") (collectively, "Removal Notices).

federal law, without mentioning Medicare or any other federal law.  Removal Notices,

¶22.

**B.**      **Rice Filed a Motion to Remand, Which the Transferor Court
           Deferred to this Court for Determination**

Rice filed a motion to remand, as his well-pleaded Complaint raised no federal

question in part because his §17200 did not "relate to" ERISA.  Plaintiff's Notice of

Motion and Motion to Remand, filed August 19, 2002, pp. 5-11.  Defendants opposed the

remand motion by claiming ERISA preemption and, for the first time, arguing that the

AWP claim Medicare raised a substantial federal question under Medicare, which had not

been mentioned in the Removal Notices.  Defendants' Memorandum of Points &

Authorities in Opposition to Motion to Remand, dated September 17, 2002.  Since *Rice*

had been conditionally transferred to the MDL action, the transferor court, the Northern

District of California ("NDCA"), deferred ruling on the remand motion.  Instead, the

NDCA stayed proceedings before it so that this Court could consider the jurisdictional

issues.  Order Granting Defendant SmithKline Beecham Corporation's Motion to Stay,

dated November 26, 2002.  Thompson refrained filing a motion to remand in light of the

NDCA's handling of *Rice*.

**ARGUMENT**

*Rice* and *Thompson* should be remanded under the doctrine of the law of the case,

which precludes either ERISA or Medicare from serving as a basis for federal question

jurisdiction.

> The doctrine of the law of the case 'posits that when a court decides upon
> a rule of law, that decision should continue to govern the same issues in
> subsequent stages in the same case. . . . This rule of practice promotes
> finality and judicial efficiency by 'protecting against the agitation of
> settled issues.'

7

*National Labor Relations Board v. Goodless Brothers Electric Co., Inc.*, 285 F.3d 102, 107 (1st Cir. 2002), *citing Arizona v. California*, 460 U.S. 605, 618 (1983).

Under the doctrine of law of the case, the Court's holdings in the May 13 and June 11 Orders set forth two holdings that require remand of *Rice* and *Thompson* due to lack of federal question jurisdiction: (i) ERISA does not preempt Plaintiffs' claims under the state law consumer protection statutes that include B&P Code §17200, as alleged in Count V of the Master Complaint; (ii) such claims do not "arise under" Medicare by raising a substantial federal question about Medicare.

A third ground for remand exists since Rice and Thompson's standing under B&P Code §17204 is broader than the standing afforded by Article III of the United States Constitution. Rice and Thompson may sue on behalf of the general public under §17204, without suffering a direct injury at the hands of all named Defendants as required for Article III standing. Remand is thus warranted for this reason as well.

These three grounds for rejecting federal question jurisdiction, elaborated in detail in Section II-IV below, are the only ones consistent with the strict standard for removal as discussed in Section I below.

## I.   DEFENDANTS CANNOT SATISFY THE STRICT STANDARD FOR REMOVAL UNDER THE WELL-PLEADED COMPLAINT RULE

Defendants' attempt to claim federal question jurisdiction must overcome for two fundamental principles embodied in the "well-pleaded complaint" rule: (i) the standard for removal is strict, and any doubts must be resolved in favor of remand; and (ii) plaintiff has the right to proceed in state court by alleging only state law causes of action.

8

As the removing parties, Defendants bear the burden of establishing federal jurisdiction under removal statutes that are "strictly construed" against removal. *See, e.g., Danca v. Private Health Care Systems, Inc.*, 185 F3d 1, 4 (1st Cir. 1999).

> The gates of federal question jurisdiction are customarily patrolled by a steely-eyed sentry – the 'well-pleaded complaint rule' – which, in general, prohibits the exercise of federal question jurisdiction if no federal claim appears within the four corners of the complaint.

*BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4*, 132 F.3d 824, 831.

The well-pleaded complaint rule exists because "[u]nder our dual-sovereign system, the plaintiff is 'the master to decide what law he will rely upon.'" *Danca, supra*, 185 F.3d at 4. Since the plaintiff controls whether to bring a claim under state or federal law, a defendant cannot usurp that right and create federal question jurisdiction by, for example, alleging a defense under federal law. *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 1983 463 U.S. 1, 9-10 ("a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law" as required by 28 U.S.C. §1331 [emphasis added]). In general, a case "arises under the law that creates that cause of action." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986), *quoting American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (Holmes, J.). The well-pleaded complaint rule, thus, "as a practical matter severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court." *Id.* at 9-10.

While the majority of state law claims are not removable because they do not arise under federal law, there are two limited and related exceptions where a state law

claim "arises under" federal law and thus provides federal question jurisdiction: (i) federal law completely preempts the state law claim; and (ii) the state law claim presents a substantial issue of federal law.

As shown below, neither of these exceptions to the well-pleaded complaint rule apply here. In their well-pleaded complaints, Rice and Thompson elected to proceed under California law – B&P Code §17200 – not federal law, and their cases thus "arise under" §17200 statute and not federal law as required by 28 U.S.C. §1331. Rice and Thompson's decision to proceed under state law -- which provides broader standing than federal law -- should be respected, particularly in light of the strict limits on removal.

## II.   UNDER THE DOCTRINE OF THE LAW OF THE CASE, THERE IS NO FEDERAL QUESTION JURISDICTION BECAUSE, AS THIS COURT RULED, RICE AND THOMPSON'S STATE LAW CLAIMS ARE NOT COMPLETELY PREEMPTED BY ERISA AND ARE NOT "RELATED TO" ANY ERISA PLAN

Defendants rely on ERISA to claim that *Rice* and *Thompson* were properly removed for two reasons: (i) Rice and Thompson's §17200 claims fall within ERISA's civil enforcement provision, §502, codified at 29 U.S.C. §1132, and thus "completely preempted;" and (ii) Rice and Thompson's claims "relate to" ERISA plans and are thus subject to the ERISA preemption provision, §514, which is codified at 29 U.S.C. §1144 ("ERISA §514 preemption"). Removal Notices, ¶¶17-20.

In determining whether removal jurisdiction exists, complete preemption under ERISA §502 differs significantly from the affirmative defense of ERISA §514 preemption:

> Standing alone, the likelihood or even certainty of defendants' raising a colorable ERISA §514 preemption defense is no basis for federal jurisdiction.

*Danca, supra,* 185 F.3d at 4-5, *citing Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 64 (1987) ("ERISA preemption, without more, does not convert a state law claim into an action arising under federal law.").

> Whereas preemption by federal law is a defense that ordinarily does not give rise to federal question jurisdiction. 'Congress may so completely preempt a particular are that any civil complaint raising this select group of claims is necessarily federal in character.' . . . The upshot is that any such suit must be regarded as 'purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of [the federal law].'

*BIW Deceived, supra,* 132 F.3d at 831, *quoting Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64 (1987) and *Franchise Tax Board, supra,* 463 U.S. at 23 [citations omitted].[5]

In sum, Defendants cannot remove *Rice* and *Thompson* simply because their claims purportedly "relate to" ERISA and are thus preempted under ERISA §514. Rather, under the well-pleaded complaint rule, removal is allowed only if the face of the Complaints reveals complete preemption under ERISA §502. On their face, Rice and Thompson's Complaints do not show that their claims "relate to" ERISA. Defendants cannot rely on the affirmative defense of ERISA §514 preemption to remove *Rice* and *Thompson.*

This case presents an unusual procedural posture, however, because this Court already ruled that neither ERISA §§520 or 514 preempts §17200 claims when the Court

---

[5]     "The difference between preemption [under ERISA §514] and complete preemption is important. When the doctrine of complete preemption does not apply, but the plaintiff's state law claim is arguably preempted under §514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved." *Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 355 (3rd Cir. 1995).

denied Defendants' motion to dismiss Count V of the Master Complaint. May 13 Order,

pp. 33-28. Since claims under state law consumer protection statutes, such as B&P Code

§17200, are not "related to" any ERISA-qualified plan, it necessarily follows that there

cannot be any complete preemption. *Ibid.*

### A.      There is No Complete Preemption Under ERISA §502

ERISA does not completely preempt Rice and Thompson's §17200 claims

because the claims are not an "alternative enforcement mechanism" to ERISA §502(a).

> To establish complete preemption, defendants must show that the state
> cause of action falls with the scope of ERISA §502(a). *See Taylor*, 481
> U.S. at 66, 107 S.Ct. 1542. For this to occur, the state law must be
> properly characterized as an "alternative enforcement mechanism" of
> ERISA §502(a) or of the terms of an ERISA plan. *See New York State
> Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514
> U.S. 645, 658, 115 S.Ct. 1671 (1995).

*Danca, supra*, 185 F.3d at 5; *see also BIW Deceived, supra*, 132 F.3d at 831 [when

federal law completely preempts state law, a plaintiff cannot artfully plead the federal

claim under state law to evade federal question jurisdiction].

ERISA §502(a) establishes, in relevant part, an exclusive enforcement regimen

over claims by an ERISA plan beneficiary "to recover benefits due to him under the

terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights

to future benefits under the terms of the plan." 29 U.S.C. §1132(a)(1)(B). This Court has

already held that Rice and Thompson's B&P Code §17200 claims are not "an alternative

enforcement mechanism" to ERISA §502:

> ERISA preemption proscribes the type of alternative enforcement
> mechanism that purposes to provide a remedy for the violation of **a right
> expressly guaranteed and exclusively enforced by the ERISA statute**.
> Those state laws which touch upon enforcement but have no real bearing
> on the intricate web of relationships among the principal players in the

12

> ERISA scenario (e.g., the plan, the administrators, the fiduciaries, the
> beneficiaries and the employer) are not subject to preemption on this basis.

May 13 Order, p. 35, *quoting Carpenters Local Union No. 26 v. United States Fid. &*

*Guar. Co.*, 215 F.3d 136, 141 (1st Cir. 2000) (emphasis added).

> Plaintiffs here do not seek an alternative state-law mechanism for the
> enforcement of their rights with respect to the terms of their ERISA plans.
> Nor does this dispute require the Court to determine whether plan
> fiduciaries behaved fraudulently with respect to the plans.  The consumer
> protection statutes at issue here are laws of generally application and do
> single out ERISA plans by reference or for special treatment.

May 13 Order, p. 37.

The Court's analysis is correct.  Nothing in Rice or Thompson's well-pleaded

Complaints reveal any claim to recover ERISA benefits or to enforce or clarify an ERISA

plan.  Rather, Rice and Thompson claim that Defendants' AWP practices are unlawful,

unfair or fraudulent under §17200, which has a sweeping scope and broad effect:

> [B&P Code §17200] establishes three varieties of unfair competition--acts
> or practices which are unlawful, or unfair, or fraudulent.  "In other words,
> a practice is prohibited as "unfair" or "deceptive" even if not "unlawful"
> and vice versa . . . . [¶]  "[T]he Legislature . . . intended by this sweeping
> language to permit tribunals to enjoin on-going wrongful business conduct
> in whatever context such activity might occur."  Indeed, . . . the section
> was intentionally framed in its broad, sweeping language, precisely to
> enable judicial tribunals to deal with the innumerable new schemes which
> the fertility of man's invention would contrive."  (*American Philatelic
> Society v. Claibourne* (1935) 3 Cal.2d 689, 698)  As the *Claibourne*
> observed:  "When a scheme is evolved which on its face violates the
> fundamental rules of honesty and fair dealing, a court of equity is not
> impotent to frustrate its consummation because the scheme is an original
> one. . . ."  (3. Cal.2d at 698-699; accord *FTC v. The Sperry & Hutchinson
> Co.* (1972) 405 U.S. 233, 240.)  With respect to "unlawful" or "unfair"
> business practices, [current §17200] specifically grants our courts that
> power.  In permitting the restraining of all "unfair" business practices,
> [current §17200] undeniably establishes only a wide standard to guide
> courts of equity; as noted above, given the creative nature of the scheming
> mind, the Legislature evidently concluded that a less inclusive standard
> would not be adequate."  (*Barquis v. Merchants Collection Ass'n.* (1972) 7
> Cal.3d. 94, 111-112.)  "[I]t would be impossible to draft in advance

13

> detailed plans and specifications of all acts and conduct to be prohibited
> [citations], since unfair or fraudulent business practices may run the gamut
> of human ingenuity and chicanery." (*People ex rel.Mosk v. National
> Research Co. of California* (1962) 201 Cal. App.2d 765, 772).

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163,

180-181 (1999) [certain quotations and footnotes omitted].

This case is about Defendants' unlawful, unfair and fraudulent AWP drug-pricing

scam, not about any ERISA plan.  In short, Rice and Thompson's allegations that the

AWP scheme violates B&P Code §17200 do not seek an alternative enforcement of a

right guaranteed by ERISA, so there is no complete preemption.

### B.    There is No Preemption Under ERISA §514

As discussed above, the well-pleaded complaint rule precludes Defendants from

even raising ERISA §514 preemption to remove *Rice* and *Thompson*, since §514

preemption is an affirmative defense that cannot be considered in determining removal

jurisdiction. *Franchise Tax Board, supra,* 463 U.S. at 11-12; *Danca, supra,* 185 F.3d at

4-5.  Even if Defendants could assert ERISA §514 preemption to obtain removal

jurisdiction, this Court already rejected the Defendants' assertion that Rice and

Thompson's claims supposedly "relate to" ERISA plans because:  (i) some members of

the putative classes are fiduciaries or beneficiaries under ERISA plans; and (ii) the claims

will require interpretation and analysis of ERISA plans  Removal Notices, ¶¶18-19.

Any consideration of ERISA §514 preemption must being with the "starting

presumption [that] Congress does not intend to supplant state law, particularly state law

of "general applicability," such as §17200, which have a "remote or peripheral

connection with covered plans." *New York State Conf. of Blue Cross & Blue Shield

Plans v. Travelers Ins. Co.*, 514 U.S. 645, 661 (1995), *discussed in* May 13 Order, pp. 34-

35. As the *Travelers* court made clear, the phrase "relates to" cannot be interpreted so as

to "lead to an overly expansive view of preemption." *Id.* at 655.

> If "relate to" were taken to extend to the furthest stretch of its
> indeterminacy, then for all practical purposes pre-emption would never
> run its course.... But that, of course, would be to read Congress's words of
> limitation as mere sham, and to read the presumption against preemption
> out of the law whenever Congress speaks to the matter with generality.

*Id.* at 655.

Rather, any analysis whether a claim "relates to" an ERISA plan – *i.e.,* has a

"connection with" or "reference to" an ERISA plan – turns on "the objectives of the

ERISA statute as a guide to the scope of the state law that Congress understood would

survive." *Carpenters Local, supra,* 215 F.3d at 140, *quoting Travelers, supra,* 514 U.S.

at 656. ERISA's "straightforward" objective is to:

> protect . . . the interests of [ERISA plan participants and beneficiaries] by
> establishing standards of conduct, responsibility, and obligation for
> fiduciaries of [ERISA plans], and by providing for appropriate remedies.
> Achieving this end requires the avoidance of a 'multiplicity of regulation'
> and, concomitantly, the creation of a climate that 'permit[s] the nationally
> uniform administration of [ERISA plans].

*Carpenters, supra,* 215 F.3d at 140, *quoting* 29 U.S.C. §1001(b).

Rice and Thompson's claims do not "relate to" ERISA plans because they do not

seek to redress any wrongdoing by an ERISA plan fiduciary in violation of a nationwide

standard of conduct regarding ERISA, but rather allege that Defendants – drug

manufacturers – manipulated the price of anti-cancer drugs in violation of B&P Code

§17200. This conclusion is not changed by either of the Defendants' two bases for

removal, which this Court has already rejected.

First, this Court ruled that the claims do not "relate to" ERISA plans or

beneficiaries simply because the proposed class may include ERISA plans or

beneficiaries. *See, e.g., Carpenters Local Union No. 26 v. United States Fid. & Guar. Co.,* 215 F.3d 136, 139 (1st Cir. 2000), *discussed in* May 13 Order, pp. 34-35. The Court cited numerous cases in which ERISA plans or beneficiaries routinely bring state law claims that are not preempted by ERISA, "where the cause of action is based on statutory or common law of general applicability." May 13 Order, pp. 35-37. Rice and Thompson brought claims under §17200, a statute of generally applicability, that raise the state law issue whether the AWP scam is unfair, fraudulent or unlawful under §17200, rather than an ERISA-related issue about drug benefits under the terms of any ERISA plan. This connection between a state law of general applicability and ERISA is, at best, "tenuous, remote or peripheral." May 13 Order, p. 34, *citing New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins.. Co.,* 514 U.S. 645, 661 (1995).

Second, as this Court held, resolution of the issue whether the AWP scheme violates B&P Code §17200 is "not directed to the plan." May 13 Order, p. 38, *citing Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 139 (1990). The Court does not have to "evaluate or interpret terms of the ERISA-regulated plan to determine liability under a state law cause of action." May 13 Order, p. 38, *citing Hampers v. W.R. Grace, Inc.,* 202 F.3d 44, 52 (1st Cir. 2000).[6] Instead, to the extent the class includes any ERISA plan or beneficiary, the Court need only read the ERISA plan to ascertain whether a class member has standing to recover under §17200. The Court's focus is not "directed" at any ERISA plan, because further inquiry into the terms of an ERISA plan is not unnecessary to conclude that the AWP scheme is unfair, unlawful or fraudulent under §17200.

---

[6] This Court previously commented that "there may be some damage theories that are preempted (for example, whether the plans cover co-payments)." May 13 Order, p. 38.

*Hampers, supra,* 202 F.3d at 51 (ERISA preempts " a state's attempt to provide state remedies for what is in essence a plan administrator's refusal to pay allegedly promised benefits."). Again, Rice and Thompson allege no wrongdoing by ERISA plan administrators, but unfair competition by drug manufacturers who used the AWP scheme to manipulate drug prices that may or may not have been covered by ERISA plans.

Defendants' preemption argument fails given Rice and Thompson's right to "well-plead" only a state law claim and the presumption in favor of remand.

## III.   THERE IS NO FEDERAL QUESTION JURISDICTION BECAUSE, AS THIS COURT RULED, RICE AND THOMPSON'S STATE LAW CLAIMS DO NOT ARISE UNDER MEDICARE

The second exception to the strict construction against removal jurisdiction exists when "a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Board, supra,* 463 U.S. at 13.

> *Franchise Tax Board,* however, did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. . . . Far from creating some kind of automatic test, *Franchise Tax Board* thus candidly recognized the need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction. Given the significance of the assumed congressional determination to preclude federal private remedies, the presence of the federal issue as an element of the state [claim] is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system.

*Merrell Dow, supra,* 478 U.S. at 813-14.

---

As *Hampers* makes clear, preemption turns on whether the Court must interpret an ERISA plan to determine *liability,* not damages.

Like ERISA preemption, this alleged basis for federal question jurisdiction is barred by the law of the case established when this Court remanded the claims brought by Minnesota and Nevada under their state consumer fraud statutes.

> Under *Merrell Dow*, where a state-law claim includes as a necessary element the violation of a federal statute, the federal statute must provide a private remedy for violation of that [statute,] for federal-question jurisdiction to obtain.

June 11 Order, pp. 11-13, *citing Merrell Dow, supra,* 478 U.S. at 814 ["[T]he congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction."].

In remanding Minnesota and Nevada's claims under its consumer protection statutes – which are akin to B&P Code §17200 – this Court held that the AWP pricing scheme does not raise a "substantial issue" of federal law under Medicare to confer federal question jurisdiction. June 11, 2003 Order, pp. 7-15. As noted above, the Court correctly relied on *Merrell Dow* and numerous other cases to find no substantial issue under Medicare, given the absence of a federal remedy under Medicare law for AWP misreporting. *Id.* at pp. 11-14, *citing Merrell Dow, supra,* 478 U.S. at 814.[7]

Remand is also proper under the analysis in *Merrell Dow* of the importance the nature of the federal right involved in answering the question of substantiality. 478 U.S. 814, n. 12. While the issue of the constitutionality of a federal statute may be sufficiently substantial to confer federal question jurisdiction, "the violation of [a] federal standard as

---

[7]    Although Defendants did not remove based on alleged Medicare preemption, the Court rejected preemption based on Medicare. May 13 Order, pp. 25-33.

an element of state tort recovery [does] not fundamentally change the state tort nature of

the action" and create a federal question. *Id. comparing Smith v. Kansas City Title &*

*Trust Co.,* 255 U.S. 180 (1921) and *Moore v. Chesapeake & Ohio R. Co.,* 291 U.S. 205

(1934). Like *Merrell Dow,* this case concerns the violation of a standard –the AWP

pricing mechanism – created by federal law as an element of an essentially state

consumer protection action.

There are two additional factors unique to *Rice* and *Thompson* that mandate

remand. First, Rice and Thompson allege no facts to show that their individual claims

rest on a violation of Medicare. "[T]he claims of the named plaintiff, not those of absent

class members determine federal question jurisdiction." *Jhamb v. California Physicians*

*Service,* 1996 WL 61281, *3 (ND Cal 1996). Rice and Thompson were victimized by the

spread of the AWP scam from Medicare into the private sector, so their §17200 claim

arises out of Defendants' practices in the private sector and does not turn on a violation of

Medicare. Second, B&P Code §17200 prohibits practices that are unfair or fraudulent, in

addition to unlawful, so Defendants' liability does not rest solely on a claim that the

AWP scam is unlawful under Medicare. *See, e.g., Cel-Tech Communications, supra,* 20

Cal.4[th] 163, 180. There is no substantial federal question.

## IV.     REMAND IS REQUIRED DUE TO THE LACK OF STANDING UNDER ARTICLE III

As the party invoking federal jurisdiction, Defendants have the burden to establish

Rice and Thompson's standing under the "rigorous" requirements of Article III of the

United States Constitution because they suffered an "injury in fact" that is "fairly

traceable to the challenged actions of the defendant." *Lujan v. Defenders of Wildlife,* 504

U.S. 555, 560-561 (1992). Rice and Thompson have standing under B&P Code §17204

to bring a representative action as a private attorney general against any Defendant who participated in the AWP scheme, regardless of whether they used that Defendant's drug, but they do not have federal standing under Article III against those Defendants. *See, e.g., Lee v. American National Ins. Co.*, 260 F.3d 997, 1001-1002 (9th Cir. 2001). Where a plaintiff lacks standing to sue in federal court, the court must remand the action for lack of subject matter jurisdiction. *Maine Assoc. of Interdependent Neighborhoods v. Commissioner, Main Dep't. of Human Services*, 876 F.2d 1051, 1053-1054 (1st Cir. 1989), *citing* 28 U.S.C. §1447(c).

*Rice* and *Thompson* should be remanded for lack of Article III standing over the representative claims brought under B&P Code §17204.

## CONCLUSION

For the foregoing reasons, John Rice and Constance Thompson respectfully request that the Court grant their motion to remand.

Respectfully submitted,

MOSCONE, EMBLIDGE & QUADRA LLP

DATED:  July 18, 2003                By_____

James A. Quadra
Robert D. Sanford
Rebecca Bedwell-Coll

Attorneys for John Rice and
Constance Thompson

20