UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL NO. 1456 <br> ) <br> ) CIVIL ACTION: 01-CV-12257-PBS <br> ) <br> ) Judge Patti B. Saris <br> ) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) <br> ) <br> ) |

### PLAINTIFFS' PROPOSED CASE MANAGEMENT ORDER NO. [7]

To promote efficiency and judicial economy, IT IS HEREBY ORDERED:

**I.  BRIEFING AND DISPOSITION OF MOTIONS TO DISMISS THE AMENDED MASTER CONSOLIDATED COMPLAINT**

1. Defendants named in the Amended Master Consolidated Complaint ("AMCC") shall file responsive pleadings or otherwise move by August 1, 2003.

2. Plaintiffs shall file their opposition(s) to any responsive motion(s) by September 15, 2003.

3. Defendants shall reply to any opposition(s) by September 30, 2003.

4. Plaintiffs shall file any sur-reply by October 15, 2003.

5. A hearing on Motions to Dismiss or other responsive pleadings shall be set for November 12, 2003 at 3:00 p.m., or such other date and time as the Court shall designate.

6. Plaintiffs and Defendants shall use reasonable efforts to consolidate common legal arguments in joint motions and memorandum. The page limits set forth in the Court's Order of November 6, 2002 shall apply to the briefing of motions to dismiss the AMCC. Defendants shall also be allowed an additional brief, not to exceed 20 pages in length, addressing only issues related to claims concerning the Together Rx card set

forth in the AMCC. Plaintiffs shall be allowed a 20 page brief in opposition as to the Together Rx issues.

## II. ALLOWED DISCOVERY PENDING DECISION ON MOTIONS TO DISMISS

### A. General

1. This Case Management Order Number [7] shall govern discovery conducted in MDL 1456 for the parties named in the AMCC pending decision by the Court on all motions for dispositive relief directed to the AMCC. The Court anticipates that the parties will pursue appropriate discovery during the pendency of these motions, subject to the limitations set forth herein.

2. Unless specified otherwise herein, discovery shall be in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. The parties shall use their best efforts to coordinate the scheduling and completion of the discovery allowed by the Court pursuant to this Order. Counsel are expected to cooperate with, and be courteous to, each other and to third parties involved in discovery. Disputes concerning discovery persisting after meaningful "meet and confer" negotiations shall be promptly submitted to the Court by motion. The moving papers shall include a brief summary of the nature of the dispute, the efforts made by those involved to resolve it, together with appropriate authorities. The moving papers motions shall not exceed ten (10) pages in length, exclusive of attachments. Any opposition to such a motion shall likewise be structured and limited in length.

### B. Discovery by Plaintiffs of Defendants

1. Consistent with the Court's prior Order on the motions to dismiss the Master Consolidated Complaint ("MCC") and directions given the parties during the June 18, 2003 status conference, the Court will allow phased discovery by plaintiffs against defendants on those claims which survived the motions to dismiss and which plaintiffs continue to pursue.

1534.16 0049 BSC.DOC 2

**Proposal A:** Unless otherwise agreed by the parties, the Court will permit discovery by plaintiffs premised on claims set forth against a defendant named in the MCC and that defendant was not dismissed as to both Class 1 and Class 2 claims and which have been repleaded against that same defendant in the AMCC. The specific drugs subject to discovery are those identified in the defendant specific allegations of the MCC (pp. 44-85) **and** the AMCC (pp. 50-183), and that defendant was identified as one from whom a specific plaintiff in Appendix B to the AMCC purchased at least one drug from that defendant.

**Proposal B:** The Court will permit discovery by plaintiffs premised on claims set forth against a defendant in the MCC and that defendant was not dismissed from both the Class 1 and Class 2 claims and which have been repleaded against that defendant in the AMCC. The specific drugs subject to discovery are those identified in the defendant specific sections of the MCC (pp. 44-85) **or** the defendant specific sections of the AMCC (pp. 50-183) and that defendant was identified as one from whom a specific plaintiff in Appendix B to the AMCC purchased at least one drug from that defendant.

2. All defendants are directed to supplement their document productions under the order of this Court dated October 28, 2002 (relating to production of documents produced to governmental bodies concerning AWP matters) by producing all documents produced by a defendant in response to recent subpoenas issued by the House Energy and Commerce Committee, or any other governmental body, by making such documents available to counsel for the plaintiffs for inspection and photocopying within 30 days.

3. Discovery by plaintiffs of defendants as set forth above shall initially be limited to document production pursuant to Fed. R. Civ. P. 34, and to testimony taken pursuant to 30(b)(6) Fed. R. Civ. P. intended to assist in identifying additional documents, in understanding corporate organization, decision-making or policies, and to streamline later discovery. The Court anticipates that additional limitations or protocols

may be necessary to appropriately phase discovery based on the unique factual scenarios presented by each of the various defendants involved in such discovery. Such additional limitations and protocols shall be promptly negotiated directly by plaintiffs and such individual defendants consistent with prior instructions given by the Court to the parties.

4. Discovery requests served by plaintiffs on defendants prior to the entry of this Case Management Order shall be deemed amended by this Order to include the substantive limitations set forth above. The parties shall promptly meet and confer on a defendant by defendant basis regarding issues raised by specific requests, as well as specific production and deposition schedules. No document production or 30(b)(6) deposition undertaken pursuant to this Case Management Order shall be construed as, or understood to be, a waiver of or limitation on any objections any defendant may have to discovery requests propounded by plaintiffs. The parties shall agree on a timetable for defendants to make written responses to discovery served on them by plaintiffs.

## C. Discovery by Defendants of Plaintiffs

1. The Court will allow phased discovery by defendants now participating in discovery against plaintiffs seeking affirmative relief in the AMCC consistent with the Court's prior Order on the motions to dismiss the MCC and directions given the parties during the June 18, 2003 status conference.

2. The parties shall promptly meet and confer regarding issues raised by specific requests for production and deposition schedules. No document production or 30(b)(6) depositions undertaken pursuant to this Case Management Order shall be construed as, or understood to be, a waiver of or limitation on any objections any plaintiff may have to discovery requests propounded by defendants. The parties shall agree on a timetable for plaintiffs to make written responses to discovery served on them by defendants.

### D. Third-Party Discovery

1. Consistent with the phased approach to discovery outlined above, the Court will allow the parties to pursue third-party discovery relevant to the claims surviving from the MCC and repleaded in the AMCC, as well as defenses thereto.

## III. GENERAL DISCOVERY RULES

### A. Deposition Schedule

1. The Court's objective is to avoid duplicative depositions of any person or party and to avoid disputes about deposition logistics. Absent a written agreement by the parties to the contrary, or for good cause shown, the parties will not be permitted to re-depose a witness or party previously deposed in MDL 1456 except to the extent that the witness or party was produced for a limited purpose or on a limited basis, including witnesses noticed for jurisdictional purposes only. No witness will be considered to have been produced for a limited purpose absent a pending order of this Court or the parties' written agreement to that effect.

2. Liaison Counsel for the parties shall attempt to establish by mutual agreement a schedule for depositions that reflects a sequencing consistent with the objective of avoiding the need to subject any person to repeated depositions. Plaintiffs' Liaison Counsel shall be responsible for providing notice of any deposition of a defense witness in these proceedings to counsel for all plaintiffs in all actions transferred to MDL 1456, and shall be responsible for keeping all plaintiffs' counsel fully apprised of the scheduling of any depositions in these proceedings.

### B. Location of Depositions

1. The parties shall cooperate in good faith to hold depositions at times and locations convenient to the witnesses. Absent a written agreement by the parties, or Order of this Court for good cause shown, plaintiffs, current and former employees of any plaintiff or defendant, or any other witness, shall be made available for deposition, at the witness's discretion, in either: (a) Chicago, Illinois; (b) Boston, Massachusetts;

(c) New York, New York; (d) within 25 miles of the City where the witness resides; or (e) within 25 miles of the City where the witness currently works. The party noticing the deposition shall make arrangements for and shall advise all parties of the facilities where the deposition will be hosted.

### C. Attendance

1. Unless otherwise ordered under Fed. R. Civ. P. 26(c), depositions may be attended by counsel of record in this MDL who receive notice of the deposition, members and employees of their firms, experts or consultants, and counsel for the deponent; provided, however, that no person otherwise authorized to attend will be permitted to do so in the absence of his or her prior agreement to be bound by the Protective Order of Confidentiality previously entered by the Court in MDL 1456.

2. Each party wishing to attend a scheduled deposition shall so advise Liaison Counsel for the parties of (a) the number of people to attend from each identified law firm at least three (3) full business days before the deposition and (b) the names of attending counsel at least one (1) full business day before the deposition.

### D. Conduct of Depositions

1. Counsel for all parties are encouraged to limit the number of questioners per side in any deposition and to designate questioners to represent their interests. Counsel for the parties shall coordinate to avoid duplication of questions. Notwithstanding the foregoing, each party shall be allowed to examine any deponent. Questioners shall divide their time by agreement, asking the Court to resolve any disputes in that regard sufficiently in advance of the deposition and only where absolutely necessary. Failure to resolve such issues in advance of the deposition will not be grounds for exceeding the allotted time limit or otherwise continuing the deposition.

2. No counsel shall object to any question posed during a deposition on the basis that questioning counsel is not admitted to practice in the relevant jurisdiction,

provided the questioning counsel, or the firm of which he or she is a part, has made an appearance of record in MDL 1456, or in any case which has been transferred to MDL 1456.

3. If agreed in writing, a supplemental deposition shall be treated as the resumption of the deposition originally noticed. Examination in any supplemental deposition shall not be repetitive of any prior interrogation.

### E. Stenographic Recording

1. A certified court reporter shall stenographically record all deposition proceedings and testimony. The court reporter shall administer the oath or affirmation to the deponent. The parties shall agree in writing in advance of the deposition on the qualifications of the court reporter to administer oaths. A written transcript by the court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to the witness) and 30(f) (filing, exhibits). Deponents shall retain their rights to read, change, and sign the deposition transcripts in accordance with Fed. R. Civ. P. 30(e).

### F. Videotaping

1. A party may record a deposition by videotape pursuant to Fed. R. Civ. P. 30(b)(2) and (3). The party's intention to record the deposition by videotape must be indicated in the written notice of the deposition. The following rules shall apply to the taking of any such deposition:

#### 1. Simultaneous Stenographic Recording

All videotaped depositions shall be simultaneously stenographically recorded.

#### 2. Cost of the Deposition

The party requesting videotaping of the deposition shall bear the expense of the videotaping. Copies of the videotapes can be purchased by any party at its own expense, subject to the terms of the Protective Order.

### 3. Videotape Operator

The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

### 4. Identification

Each witness, attorney, and other person attending the deposition shall be identified on camera at the commencement of the deposition. Thereafter, only the deponent (and demonstrative materials used during the deposition) will be videotaped.

### 5. Interruptions

No attorney shall interrupt a deposition to direct instructions to the video operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon stipulation by counsel and during "off the record" discussions. The video operator shall record on camera the time of suspension and any subsequent reconvening of the deposition.

### 6. Standards

The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at trial. Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record the voices of counsel and the deponent. Counsel for the deponent and other attending counsel may consult with the video operator to ensure that these standards have been met.

### 7.     Service

After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and serve a true copy of the videotape, the transcript, and certificate to the party noticing the deposition. All restrictions imposed by applicable protective orders (*e.g.*, limiting access to certain discovery materials, such as deposition transcripts, to counsel) shall also apply to videotapes of depositions. No part of a videotaped deposition shall be released or made available to the public unless authorized by the Court.

### 8.     Use in Litigation

No depositions taken pursuant to the provisions of this Case Management Order shall be deemed unusable against parties who may be added after the effective date of this Order solely on the basis of their becoming parties in MDL 1456 at such later date.

## G.     Deposition Disputes

1.     To be submitted to the Court.

## IV.     PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1.     Any fact discovery the parties feel they need on this issue should be completed by December 1, 2003.

2.     The identity of any expert to be used in support of or in opposition to the class motion shall be disclosed by December 1, 2003.

3.     Disclosures of additional experts shall be made by January 1, 2004.

3.     Expert opinions shall be disclosed by plaintiffs by January 1, 2004. Defendants' disclosures are due February 15, 2004.

4.     Class Certification Motion is due to be filed on March 1, 2004. Any opposition is due May 1, 2004. Plaintiffs' reply is due June 1, 2004.

DATED: _____          _____

                                                       PATTI B. SARIS

                                                       United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that I, Thomas M. Sobol, an attorney, caused true and correct copies of the foregoing Plaintiffs' Proposed Case Management Order No. [7], Plaintiffs' Memorandum in Support of Motion to Compel Discovery and in Support of Plaintiffs' Proposed CMO No. 7; and Affidavit of Thomas M. Sobol in Support of Motion to Compel Discovery, to be served on all counsel of record electronically, pursuant to Section D of Case Management Order No. 2., this 31st day of July, 2003.

By: /s/ Thomas M. Sobol (LEG)

Thomas M. Sobol, Esq.
HAGENS BERMAN LLP
225 Franklin Street, 26th floor
Boston, MA 02110
(617) 482-3700