## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) MDL NO. 1456 ) ) CIVIL ACTION: 01-CV-12257-PBS ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) Judge Patti B. Saris ) ) |

## AFFIDAVIT OF THOMAS M. SOBOL
## IN SUPPORT OF MOTION TO COMPEL DISCOVERY

I, Thomas M. Sobol, depose and say as follows:

1. I am a member of the Bar of the Supreme Judicial Court of the Commonwealth of Massachusetts and a member of the United States District Court for District of Massachusetts. I am a partner at the law firm of Hagens Berman LLP. I am liaison counsel and co-lead counsel for the plaintiffs in the above-captioned action. I submit this Affidavit in connection with the Plaintiffs' Memorandum to Compel Discovery.

2. On May 13, 2003, this Court issued a Memorandum and Order on pending Rule 12(b)(6) motions ("Order"). In this 48 page Order, the Court, among other things: (i) dismissed the RICO counts (Counts I-IV), (ii) left standing the consumer protection and declaratory relief counts (Counts V-VII), (iii) allowed the motion to dismiss with respect to new drugs that had not been identified by "name of the drug and the allegedly fraudulent AWP," and (iv) ordered that "discovery shall begin forthwith on the pending non-dismissed claims." The Order specified the defendants against whom both Class 1 and Class 2 claims were dismissed. The dismissals were "without prejudice to a motion to amend to cure any defects."

3. On June 12, 2003, plaintiffs filed a motion to amend along with an Amended Master Consolidated Class Action Complaint (the "AMCC"). The AMCC sets forth claims against 22 manufacturer business groups, contains both general and specific allegations against those defendants (in 301 pages containing 741 paragraphs of allegations), and includes two appendices specifying for each defendant the average wholesale price inflated drugs ("AWPIDs").

4. On June 18, 2003, this Court held a status conference. At the conference, the Court allowed the motion to amend and ordered a schedule for anticipated Rule 12(b)(6) motions on the AMCC. The Court also indicated that discovery should proceed as to all non-dismissed claims and non-dismissed defendants; that discovery should not proceed on the Together Rx conspiracy claims, and, that the scope of such discovery be fairly drawn in a manner so as not to frustrate the progress of discovery.

5. On June 19 and 20, 2003, plaintiffs issued a set of document requests and deposition notices in order to conform with the requests with the directions of the Court at the June 18, 2003 status conference. The document requests seek production from 14 defendants. These requests were directed to those defendants not dismissed in both the Class 1 and Class 2 claims. The Rule 30(b)(6) deposition notices were issued against the same defendants, with the exception of the Boehringer Group and B. Braun.[1] In late June 2003, 12 of the manufacturers communicated their view, that each have been dismissed from the original MCC and accordingly were under no obligation to provide any discovery whatsoever. The other 2 sought to narrow the scope of discovery.

---

[1] In the AMCC, there are 22 defendant manufacturers or manufacturer groups, along with Together Rx, LLC. Five of the 22 manufacturers were ostensibly dismissed as to both Class 1 and Class 2 claims, and those defendants are not included in the revised document request and deposition notices. Two defendants in the AMCC were not named defendants in the original MCC, and therefore they are not included in the revised document request and deposition notices. As to one, Johnson & Johnson, clarification will be sought if no resolution can be reached.

6. On June 26, 2003, plaintiffs provided a proposed CMO. Thereafter, a series of teleconferences were conducted with numerous defendants in an effort to resolve the discovery disputes which in turn are at the heart of the disputes over the CMO.

7. On July 3, 2003, plaintiffs sent a letter to all defense counsel setting forth a proposal for a narrower scope of discovery against each of the defendants identified who received the revised document request and deposition notice. Numerous defendants had taken the position (in response to comments from this Court at the June 18, 2003 hearing) that there should be no discovery beyond the non-dismissed claims in the original MCC, and they took that to mean (among other things) that no discovery should be had against any defendant unless a specific drug and inflated AWP had been set forth in the original MCC.[2] To accommodate this position, plaintiffs proposed to narrow discovery as to those drugs that ***both*** had been specifically named in the original MCC and which also appear in the Amended MCC.

8. Since making the July 3, 2003 proposal, plaintiffs have been able to resolve a narrow scope of discovery for 3 of the defendant manufacturers. The remaining defendants all take the position that they are under no obligation to provide meaningful discovery at this procedural stage. Under defendants' interpretation of the proper scope of discovery most of the defendants would not produce any documents.

9. Attached hereto as Exhibits 1 through 8 are true copies of the following documents as referenced in Plaintiffs' Memorandum in Support of Motion to Compel Discovery:

| Exhibit No. | Document | Date |
|---|---|---|
| 1. | Memorandum and Order | May 13, 2003 |

---

[2] In the original MCC, examples of a particular defendants' drugs and inflated AWPs were set forth in the text of the complaint. Plaintiffs had treated that document as a notice pleading, listing, in a non-comprehensive way, examples of inflated drugs. After this Court's May 13, 2000 ruling, the AMCC sets forth a comprehensive listing of all drugs for each defendant along with the allegedly inflated AWP (and this listing appears both in the text of the AMCC and in Appendix A to that document).

| Exhibit No. | Document | Date |
|---|---|---|
| 2. | Plaintiffs' First Request for Production of Documents to All Defendants | June 17, 2003 |
| 3. | Plaintiffs' Amended First Request For Production of Documents to AstraZeneca, Aventis, Dey, Fujisawa, Abbott, Baxter, Boehringer, Braun, BMS, GSK, Immunex, Pharmacia, Schering-Plough and Watson | June 19, 2003 |
| 4. | Amended Notice of Rule 30(B)(6) Deposition | June 20, 2003 |
| 5. | Letter. Hagens Berman to Defense Counsel | June 26, 2003 |
| 6. | Letters. Hagens Berman to Counsel | July 3, 2003; July 3, 2003 |
| 7. | United States House of Representatives Committee on Energy and Commerce Request For Production of Documents to Abbott, Aventis, Bristol Meyers, Glaxo, Johnson & Johnson, Pfizer, Schering, and Warrick. | June 26, 2003 |

The foregoing representation is made under the pains and penalties of perjury on this 31st day of July 2003.

_____
Thomas M. Sobol