**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL No. 1456 )Master File No. 01-12257-PBS ) |

## THE STATE OF CALIFORNIA'S REPLY TO DEFENDANT ABBOTT LABORATORIES RESPONSE TO APPLICATION FOR AN ORDER REMANDING THOSE DEFENDANTS WHICH REMAIN UNDER SEAL TO STATE COURT

### INTRODUCTION

The State of California submits this memorandum in reply to the response filed by Abbott Laboratories, Inc [hereinafter referred to as "Abbott"] concerning California's Application For An Order Remanding Those Defendants Which Remain Under Seal To State Court.

### ARGUMENT

### I.

#### Abbott Lacks Standing To File Any Objection

The relief sought by The State of California's Application is for this Court to remand those forty-four [44] remaining Defendants under seal back to California State Court so the Complaint can be unsealed and the remaining Defendants served. The State of California is attempting to expedite the process and bring all the parties who will be eventually involved in the litigation to the same table and avoid this Court having to deal with future issues on a piecemeal basis.

/ / /

-1-

The State of California's Application does not affect or impact Abbott in any manner. This Court's decision to grant or deny California's Application has no bearing on Abbott. The case against Abbott remains exactly as it currently stands until this Court has the opportunity to hear in the near future the State of California's Motion for Remand.

Abbott simply lacks the basic and requisite standing to voice any objection to the Application.

## II.

**Sealed Defendants By Definition Cannot Respond Or Have An Opportunity To Be Heard**

Abbott's argument that the remaining forty-four [44] Defendants remaining under seal need to be served with the Application and, in turn, have a right to be heard is rhetorical. The Defendants who remain under seal obviously have never been served with the State of California's Complaint. As such, without unsealing and service of any complaint, those parties are not part of any case.

Until the seal is lifted and the Complaint is served, those remaining parties are not "in" the case. As such, these non-parties are not in a position to be heard or to respond at this point.

## III.

**There Is No Need For The Court To Wait For The Entire Case File To Rule on The Application**

The State of California's Application can be ruled upon by this Court on its face without the necessity of waiting for an entire file. The Application "stands on its own" and there is no need for any unnecessary delay. Even if the entire transferred file did arrive, the file would not add relevant new information necessary to render a decision pertaining to the Application.

-2-

As the Court may know, the file was transferred from Judge Pragerson's court to this Court on July 31, 2003 according to the PACER website. By the time the Court reviews this Reply, the Court may have already received the file making Abbott's argument moot.

## IV.

### The State Of California Cannot Unseal And Serve All The Defendants In Federal Court

Contrary to Abbott's argument, California cannot unseal the Complaint and serve all the remaining forty-four [44] Defendants in Federal Court. The State of California argues that Federal jurisdiction is inappropriate in this case since there are no Federal issues at hand.

Specifically, Abbott and Wyeth removed the case to Federal Court on the basis there are Medicaid rebate claims attached to California's First Amended Complaint. As will be argued in the State of California's Motion for Remand, the entire basis of Abbott's removal to Federal Court is factually and legally misplaced. The State of California is not pursuing any rebate claims tied to the Medicaid program against Abbott and Wyeth. As such, there are no Federal issues and a remand back to California State Court is necessary and proper.

Given this, the State of California cannot ask this Court to take any affirmative action such as unsealing the Complaint and allowing the remaining forty-four [44] Defendants to be served under the umbrella of this Court. By doing so, the State of California would submit to this Court's Federal jurisdiction which the State of California strongly believes is inappropriate given the complete lack of any Federal issues. As such, Abbott's suggestion the State of California unseal and serve all the Defendants in Federal Court is not a viable solution.

/ / /

/ / /

-3-

## V.

### There Are No Medicaid Rebate Claims Which Prevent Any Remand

Abbott stretches to speculate there may be some sort of unidentified Federal claim against other unidentified, unknown manufacturers potentially named in a sealed complaint which compels this Court to deny the State of California's Application.  There are only two active Defendants in this case where the Complaint has been unsealed and served: Abbott and Wyeth. There are no Medicaid rebate claims against those two Defendants. The content of any complaint the State of California finally decides to serve on the remaining Defendants is, at this point, conjecture.

Abbott's entire argument is based on pure speculation. Abbott is reaching over to "borrow" the potential and speculative claims against other unserved manufacturers to oppose an Application which has no bearing or effect on Abbott.

## VI.

### Conclusion

The State of California seeks an order from this Court allowing the remaining forty-four [44] Defendants to be remanded back to California State Court so the Complaint can be unsealed and served on all the Defendants.  California simply wants to get all the parties at the same table at the same time so all the relevant issues can be decided at one time with all the parties present. This Court's Order will promote efficiency and judicial economy.

Abbott [apart from the fact it lacks standing] does not articulate any valid reason as to why the State of California's Application should not be granted.  Likewise, there is no reason to delay this Court's decision as suggested by Abbott to the scheduled status conference of

-4-

September 18, 2003.  The Application and its purpose is clear and straightforward and an

unnecessary delay serves no legitimate purpose.

As such, the State of California requests this Court grant the State's Application.

Dated:  August 14, 2003                                Respectfully submitted,


                                        BILL LOCKYER
                                        Attorney General for the State of California


                                By:     _____
                                        JOHN P. FISHER
                                        Deputy Attorney General
                                        Dept. of Justice
                                        Bureau of Medi-Cal Fraud & Elder Abuse
                                        1455 Frazee Rd., Ste. 315
                                        San Diego, CA  92108
                                        (619) 688-6099 Telephone
                                        (619) 688-4200 Facsimile
                                        Attorneys for the Plaintiff, State of California

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **In re Pharmaceutical Industry Average Wholesale Price Litigation**
No.: **MDL No. 1456   Master File No. 01-12257-PBS**

I, Shakira N. Anderson, declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 1455 Frazee Road, Room 315, San Diego, California 92108.

On <u>August 14, 2003,</u> I served the attached **The State of California's Reply to Defendant Abbott Laboratories Response to Application For an Order Remanding Those Defendants Which Remain Under Seal to State Court** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Diego, California, addressed as follows:

**S. Craig Holden**
**OBER, HALER, GRIMES &**
**SHRIVER**
**120 East Baltimore Street**
**Baltimore, MD  21203-1643**

**Daniel D. McMillan**
**JONES DAY REAVIS & POGUE**
**555 Fifth Street, Suite 4600**
**Los Angeles, CA  90013-1025**

**James R. Daley**
**JONES DAY REAVIS & POGUE**
**77 West Wacker**
**Chicago, IL  60601-1602**

**Lawrence A. Cox**
**ARNOLD & PORTER**
**777 South Figueroa Street, 44th  Floor**
**Los Angeles, CA  90017-5844**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 14, 2003, at San Diego, California.

|  |  |
|---|---|
| Shakira N. Anderson | _Slde UArcluser_ |
| Declarant | Signature |