

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Turner v. Abbott Laboratories, Inc., et al.*<br>N.D. Cal. Case No. C 02-5006 MJJ | MDL Docket No. 1456<br>Master File No. 01-CV-12257-PBS<br>The Hon. Patti B. Saris |

## PLAINTIFF RONALD E. TURNER'S MOTION AND BRIEF TO JOIN IN PLAINTIFFS JOHN RICE AND CONSTANCE THOMPSON'S MOTIONS TO REMAND ACTIONS TO CALIFORNIA SUPERIOR COURT

**ORIGINAL**

## MOTION TO REMAND ACTIONS TO CALIFORNIA SUPERIOR COURT

Plaintiff Ronald E. Turner, on behalf of himself and other similarly situated persons, respectfully moves to remand *Turner v. Abbott Laboratories, Inc., et. al.*, Northern District of California Case No. C-02-5006-MJJ to *In re Pharmaceutical Industry Average Wholesale Price*, which is currently proceeding in MDL 1456 in the District of Massachusetts, and joins in the two motions filed by Plaintiffs John Rice and Constance Thompson, seeking remand in their related cases. Plaintiff Turner bases this motion on the Notice of Joinder of Plaintiff Ronald E. Turner to Plaintiff John Rice's Motion to Remand Actions to California Superior Court and Supporting Memorandum of Points and Authorities, and Plaintiff Constance Thompson's Motion and supporting Memorandum of Points and Authorities to Remand Actions to California Superior Court, and Plaintiff Turner's accompanying Memorandum of Points and Authorities submitted below, herewith.

In essence, remand is proper because like Plaintiffs Rice and Thompson's claims, Turner's claim under California Business & Professions Code Section 17200 does not invoke or otherwise raise any federal question jurisdiction.

Respectfully submitted,

DATED: August 20, 2003

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Telephone: (510) 444-2660
Facsimile: (510) 444-2522

By: _____
Derek G. Howard, Esq.
*Attorneys for Plaintiff, on behalf of himself, and all others similarly situated, and the general public.*

1

# MEMORANDUM OF POINTS & AUTHORITIES

## I.  SUMMARY OF ARGUMENT

Plaintiff Ronald E. Turner ("Turner") is a California resident who filed this action on September 9, 2002 in a California state court alleging a violation of California law only—California Business & Professions Code §17200 *et. seq.* In his complaint, Plaintiff Turner specifically <u>excluded</u> from the Class, and the claims asserted, those persons who obtain prescription drugs pursuant to any plan subject to the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. §1001 *et. seq.* See Complaint ¶52. Despite Turner's exclusion of ERISA related claims, on October 16, 2002, the defendants removed the action to federal court in the Northern District of California, Case No. *C 02-5006*. Subsequently, on December 4, 2002, the Turner case was related to other California actions, *Rice v. Abbott Laboratories* and *Thompson v. Abbott Laboratories.*[1] These related cases, alleging a single violation of California Business and Professions Code Section 17200 *et. seq.*, were placed on the docket of the Honorable Martin J. Jenkins and ultimately transferred to the docket of this Court, the Honorable Patti B. Saris Presiding.

At the time of removal of this action, Plaintiff John Rice ("Rice") had already filed a motion to remand the *Rice* action. Because of the similarity of the California claims in *Rice* and *Thompson*, to afford judicial economy and comply with Federal Rule of Civil Procedure 1, Plaintiff Turner did not file a duplicative motion and monitored the resolution of the motion to remand in *Rice*.

On December 3, 2002, the Judicial Panel on Multi-District ("JPML") transferred the Turner action to the District Court of Massachusetts. Plaintiff objected, as had Plaintiffs Rice and Thompson. With the finality of the transfer pending, remand took a procedural back seat. Ultimately, this Court overruled all three plaintiffs' objections to the transfers. On June 11, 2003, this Court issued remand orders in this case which Plaintiff Turner respectfully submits,

---

[1] See *Rice v. Abbott Laboratories, Inc., e.t al.*, Case No C 02-3925 MJJ; *Thompson v. Abbott Laboratories Inc., et al.* Case No. C 02-4450 MJJ. Counsel for Plaintiff *Rice* also represents Plaintiff *Thompson*.

calls for remand of the *Rice, Thompson* and *Turner* actions.[2] Plaintiffs Rice and Thompson filed a motion to remand on or about July 23, 2003. Thus, the *Rice, Thompson* and *Turner* cases all fall into the same category: all three plaintiffs have asserted claims under a California statute, and they contest the defendants' removal to a federal court. Further, Plaintiff Turner's complaint specifically excludes the apparent basis upon which Defendants appear to have removed the case. Consistent with Rule 1, Plaintiff Turner submits herewith a notice of joinder to the pending remand motions. (Prior to filing the joinder, Plaintiff Turner advised appropriate counsel that he intended to join the motions to remand as a matter of judicial economy. Turner understands Defense counsel has no objection to the joinder, and will oppose Turner's motion in a time frame consistent with this Court's Scheduling Order.)

As was the case with *Rice* and *Thompson*, removal jurisdiction is strictly limited, given (i) the due regard that the federal government must give to state courts; and (ii) the deference traditionally accorded the plaintiff's choice of forum, which includes the plaintiff's right to plead a state law cause of action in order to avoid federal jurisdiction.

This issue is applicable to the *Rice, Thompson* and *Turner* cases, which are consumer class actions that allege a violation of California Business and Professions Code §17200 as their sole claims for relief.

Accordingly, Plaintiff Turner requests the Court to remand this action to California Superior Court.

///
///
///
///
///
///
///

---

[2] See 2003 WL 21108371 (June 11, 2003, D. Mass).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff Ronald E. Turner joins in Plaintiffs Rice and Thompson's motions to remand those actions and this action to California Superior Court.

Respectfully submitted,

DATED: August 20, 2003

                                        MURRAY & HOWARD, LLP
                                        436 14th Street, Suite 1413
                                        Oakland, CA 94612
                                        Telephone:   (510) 444-2660
                                        Facsimile:   (510) 444-2522

By:  _____
                                        Derek G. Howard, Esq.
                          *Attorneys for Plaintiff, on behalf of himself,*
                          *and all others similarly situated, and the*
                                      *general public.*