## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** ) ) ) ) | |
| **THIS DOCUMENT RELATES TO:** ) ) | |
| *State of Connecticut v. GlaxoSmithKline PLC, et al.*, Civ. Action No. 1:03-cv-11348-PBS ) ) ) | |
| *State of Connecticut v. Pharmacia Corp.*, Civ. Action No. 1:03-cv-11349-PBS ) ) ) | |
| *State of Connecticut v. Dey, Inc.*, Civ. Action No. 1:03-cv-11351-PBS ) ) ) | **MDL NO. 1456** |
| *State of Connecticut v. Aventis Pharmaceuticals Inc.*, Civ. Action No. 1:03-cv-11350-PBS ) ) ) ) | **CIVIL ACTION:  01-CV-12257-PBS** **Judge Patti B. Saris** |
| *People of the State of New York v. Pharmacia Corp.*, Civ. Action No. 1:03-cv-11227-PBS ) ) ) | |
| *People of the State of New York v. Aventis Pharmaceuticals Inc.*, Civ. Action No. 1:03-cv-11228-PBS ) ) ) | |
| *People of the State of New York v. GlaxoSmithKline PLC*, Civ. Action No. 03-CV-299 ) ) ) ) | |

## DEFENDANTS' MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Defendants removed these AWP actions on the grounds that the state law claims asserted on behalf of Medicare beneficiaries present a substantial federal question because they require resolution of a substantial question of federal Medicare law.  In *State of Montana v. Abbott Labs.*, 266 F. Supp. 2d 250, 256 (D. Mass. June 11, 2003), this Court held that similar

Medicare beneficiary claims brought by the State of Minnesota did not create federal questions because the Medicare statute does not provide a private cause of action. *See also State of Minnesota v. Pharmacia Corp.*, Civil Action No. 03-10069-PBS, slip op. at 4-5 (D. Mass. Aug. 20, 2003) (denying motion for reconsideration). In light of those decisions, defendants in these New York and Connecticut cases do not seek to relitigate in this Court the federal question issue decided in those rulings. Defendants respectfully submit, however, that this issue should be certified for appellate review pursuant to 28 U.S.C. § 1292(b).

Under § 1292(b), a district judge may certify for interlocutory appeal an order not otherwise appealable that involves "a controlling question of law as to which there is substantial ground for difference of opinion," and where an immediate appeal "may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). Given the impact that this Court's decision will have on the future of this litigation and the fact that numerous other courts have decided the federal question issue differently than this Court has, the jurisdictional question involved in this case warrants interlocutory appeal under § 1292(b).

The jurisdictional issue in this case is undoubtedly a "controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). " 'All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court.'" *Philip Morris Inc. v. Harshbarger*, 957 F. Supp. 327, 329 (D. Mass. 1997) (quoting *Arizona v. Ideal Basic Indus. (In re Cement Antitrust Litig.)*, 673 F.2d 1020, 1026 (9th Cir. 1982)); *see also Bank of New York v. Hoyt*, 108 F.R.D. 184, 188 (D.R.I. 1985) ("Controlling means serious to the conduct of the litigation, either practically or legally . . .") (quoting *Katz v. Carte Blance Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)). There can be no question that resolution of the jurisdictional issue will

2

have a significant effect on the future of the AWP litigation.  The jurisdictional issue presented

in the State of New York and State of Connecticut cases is presented in many other AWP cases

currently pending before this Court.  *See* Def's Status Report and Memo. on the Medicare

Federal Question Issue, filed June 2, 2003, at 1 (citing cases that present the Medicare federal

question issue).  Additional state court lawsuits, including actions brought by state attorneys

general and private class actions, are a realistic possibility as well.  Without appellate review, it

is possible that defendants will have to litigate these cases in numerous state courts around the

country rather than in a single coordinated MDL proceeding.

　　　　There clearly is "substantial ground for difference of opinion" on the

jurisdictional issue involved in this case.  The First Circuit has noted that this is a "remarkably

tangled corner of the law," and that the question of whether federal question jurisdiction exists

where a complaint "requires resolution of a substantial question of federal law" is "unclear."

*Almond v. Capital Properties, Inc.*, 212 F.3d 20, 22-23 (1st Cir. 2000).  This Court has

recognized that other circuits have found federal jurisdiction under statutes that do not include a

private cause of action.  *State of Minnesota*, slip op. at 3.[1]  Given the wide range of opinions on

this issue, this Court should permit defendants to seek the guidance of the First Circuit.

　　　　Finally, an immediate appeal "may materially advance the ultimate termination of

the litigation."  28 U.S.C. § 1292(b).  The decisions of the Judicial Panel on Multidistrict

Litigation to transfer these cases to this MDL court rest on a determination that these cases can

---

[1]    *See, e.g., Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 807 (4th Cir. 1996) (federal question jurisdiction existed because resolution of plaintiff's claims required the court to construe Title IV of the Clean Air Act, even though that statute did not provide for a private right of action); *West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 196 (2d Cir. 1987) (federal question jurisdiction existed over plaintiff's state law claims because the claims required interpretation of the Condominium and Cooperative Conversion Protection and Abuse Relief Act, which does not provide a private cause of action).

be efficiently and expeditiously brought to conclusion through consolidated proceedings.
Conversely, litigation of identical issues in multiple state courts will prolong and complicate – by
a substantial factor – the ultimate termination of the AWP litigation.

In order to permit appellate review, this Court should deny the States' motions to
remand and certify the federal question issue for interlocutory appeal. This procedure is required
because 28 U.S.C. § 1447(d) makes orders *granting* motions to remand non-appealable. On the
other hand, orders *denying* motions to remand are regularly certified and accepted for immediate
interlocutory appeal under 28 U.S.C. § 1292(b).[2] This procedure has been approved by leading
commentators: "A court faced with a close question of removability may be inclined to deny
remand and certify an interlocutory appeal in order to provide the opportunity for appellate
review that would be lost if remand were granted . . ." 15A Charles A. Wright, Arthur R. Miller
& Edward H. Cooper, *Federal Practice and Procedure* § 3914.11. These authors further state
that "so long as the question is reasonably close, it does not subvert § 1447(d) to make this use of
§ 1292(b)." *Id.* § 3931 at 457 (1996). For example, in *Grant v. Chevron Chem. Co.*, 2001 WL
839010, at *3 (E.D. La. July 24, 2001), *aff'd*, 309 F.3d 864 (5th Cir. 2002), the district court
denied a motion to remand solely "[t]o allow the Fifth Circuit to address the split among the
district judges on this [jurisdictional] issue." In view of the circuit split on the issue of whether a
federal cause of action is a prerequisite for federal jurisdiction, the issue is undeniably a close
one. The Court therefore should deny the remand motion in order to make an interlocutory
appeal possible.

---

[2]   *See, e.g., Rosmer v. Pfizer Inc.*, 263 F.3d 110, 113 (4th Cir. 2001); *Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1000 (9th Cir. 2001); *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 284 (5th Cir. 2000); *Davis v. Carl Cannon Chevrolet-Olds, Inc.*, 182 F.3d 792, 794 (11th Cir. 1999); *In re Air Crash Disaster Near Roselawn, Indiana on Oct. 31, 1994*, 96 F.3d 932, 937 (7th Cir. 1996); *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045 (2d Cir. 1991).

4

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

Counsel for the undersigned defendants certify that they have conferred with counsel for plaintiffs in the above-captioned action, who declined to consent to this motion.

ON BEHALF OF THE DEFENDANTS LISTED BELOW

BY: _____
Geoffrey E. Hobart
BBO #547499
Holland & Knight LLP
10 St. James Avenue
Boston, MA  02116
Tel: (617) 854-1419
Fax: (617) 523-6850

Mark H. Lynch
Ethan M. Posner
Covington & Burling
1201 Pennsylvania Avenue, NW
Washington, DC  20004
Tel: (202) 662-5544
Fax: (202) 778-5544

Frederick G. Herold
Dechert LLP
975 Page Mill Road
Palo Alto, CA  94304
Tel: (650) 813-4930
Fax: (650) 813-4848

DATE: September 5, 2003

*Counsel for SmithKline Beecham Corp. d/b/a GlaxoSmithKline ("GSK")*

ON BEHALF OF:

GSK
PHARMACIA CORP.
AVENTIS PHARMACEUTICALS INC.
DEY, INC.
WARRICK PHARMACEUTICALS CORP.
SCHERING CORP.
SCHERING-PLOUGH CORP.
ROXANE LABORATORIES, INC.

5

## Certificate of Service

I hereby certify that on September 5, 2003, I caused a true and correct copy of this Motion to be served on all counsel by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456, as well as by faxing copies of this Motion to counsel for plaintiffs.

Geoffrey E. Hobart