UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL No. 1456<br>) Master File No. 01-12257-PBS<br>) Judge Patti B. Saris<br>) |
| THIS DOCUMENT RELATES TO:<br>State of California, et al v. Abbott Laboratories et al<br>CASE #: 1:03-cv-11226-PBS | )<br>)<br>)<br>)<br>) |

### THE STATE OF CALIFORNIA'S AND RELATOR'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

Plaintiffs, State of California ("State") and Relator, Ven-A-Care, hereby reply to Defendant Abbott Laboratories, Inc.'s ("Abbott's") Opposition to Plaintiffs' Motion to Remand as follows:

I

### THE MERE FILING OF THE SEALED FIRST AMENDED COMPLAINT BY RELATOR DOES NOT CONSTITUTE A CLEAR CHOICE OR ELECTION BY PLAINTIFFS TO LITIGATE FEDERAL REBATE CLAIMS HEREIN

Defendant Abbott recognizes, as they must, the doctrine of plaintiff being the master of its own complaint (also known as the "well-pleaded" complaint rule). Despite the fact that the rule is firmly rooted in federal case law and was recently affirmed by the Supreme Court in Beneficial National Bank vs. Anderson, ____ U.S. ____, 123 S. Ct. 2058 (2003), Abbott dismisses the "well-pleaded" complaint rule as merely "boilerplate requirements for federal question jurisdiction".[1]

---

[1] The Court herein cited the "well-pleaded" complaint rule in State of Montana v. Abbott Laboratories, et al., Memorandum and Order dated June 11, 2003 (In re. Pharmaceutical Industry, Mass. Dist. Ct. Case No. 01-12257, CR 379, p. 8).

1

Abbott seeks an exception to the "well-pleaded" complaint rule, asking that the court overlook an unsealed complaint in intervention and refer to a sealed relator's complaint in order to find federal claims that would permit removal of the case. Quite simply, Abbott provides no case on point that permits a defendant to initiate removal procedures based on allegations in a sealed complaint as to which no intervention decision has been made.

It is clear from the legislative scheme governing *qui tam* actions that the state (or federal government) is intended to be the "master" of the entire litigation.[2] Critical to this legislative directive is the government's ability to determine the nature and scope of the complaint. It would do great violence to the structure and prosecution of FCA *qui tam* cases if defendants could force plaintiffs to litigate issues in sealed, inactive complaints. Were that permitted, the government effectively ceases to be the primary party if it is unable to make the basic choices regarding jurisdiction which are automatically accorded plaintiffs.

## II

### THE CASES CITED BY ABBOTT DO NOT SUPPORT THE USE OF A SEALED COMPLAINT TO EFFECT REMOVAL

Abbott asserts that the fact that the federal claims remain sealed, with no intervention decision, does not defeat removal. Opposition brief, p.8, ¶B, citing United States ex rel. Costa, et al. v. Baker &

---

[2] See, e.g., Cal.Gov't Code § 12652(c)(6)(A), which provides that, upon intervention, "the action shall be conducted by the Attorney General." The Attorney General also has the authority to settle or dismiss a case over a relator's objection and to substantially limit a relator's participation in the litigation. The federal statute has similar provisions. 31 U.S.C. § 3730 *et seq.* See generally United States ex rel. Milan v. University of Texas MD Anderson Cancer Center, 961 F.2d 46, 49 (4th Cir. 1992) (noting control given to government in *qui tam* suit).

2

Taylor, Inc., 955 F. Supp. 1188 (N.D. Ca. 1997). The case does not involve removal since the complaint was filed in federal court. In response to the government's ex parte motion for limited unsealing, the court determined that the government failed to meet its burden continue the seal and ordered that the government make its decision as to intervention. Only upon the government's decision was service to be made. Id. at 1192. Significantly, defendants were not parties to the motion, so the case provides no support whatsoever for the proposition that defendants are permitted to litigate issues arising from a sealed qui tam complaint. The qui tam statute itself expressly provides that the court must make rulings as to extensions of the seal, but it does not provide for defendants to litigate issues even if they become aware of the sealed action. Indeed, Costa demonstrates the unique procedural posture of sealed qui tam actions. Although the record showed that the defendants were aware of the sealed action, the court did not cause the ex parte motion to be served upon them.

In their haste to have this Court permit removal of claims that have not been unsealed or acted upon by the California AG, defendants blatantly mis-cite two cases for the proposition that federal courts routinely exercise jurisdiction over claims in state *qui tam* actions before the State Attorney General acts. Defendants inexplicably cite United States ex rel. Flewelling v. DBB, Inc., 180 F.3d 1277 (11th Cir. 1999), as a case in which the federal court exercised jurisdiction before the Florida AG elected to intervene. However, not only was Flewelling a case that was originally filed in federal court, and hence did not involve removal issues in any way, but the case involved a complaint as to which both the United States Department of Justice and the State of Florida had intervened: "In September of 1998, the United States and the State of Florida ("the Government") jointly intervened and assumed control of the litigation." Id. at 1279. After filing an amended complaint, the Government filed for a

temporary restraining order. Id.

In <u>Klaczak & Sharp ex rel. United States & State of Illinois v.Consol. Med. Transp.</u>, 2002 U.S. Dist. LEXIS 16824 (N.D. Ill. 2002), again cited by defendants for the proposition that the federal court exercised jurisdiction before the Illinois AG elected to intervene and unseal the action, there was also an intervention, filing, and service of a federal intervention complaint before the court rulings. In this federal False Claims Act case, with an additional count under the Illinois false claims statute, D.O.J. had intervened in part of the case and filed an Amended Complaint. Id. at * 4. As to the remainder of the allegations, the court was ruling on a motion to dismiss relator's Second Amended Complaint, as to which the court expressly stated that D.O.J. had affirmatively declined to participate. Id. at * 11. There was no mention of whether the State had intervened or otherwise acted in the case, but there were no issues of removal and no question about the court exercising jurisdiction over a sealed complaint. To the contrary, there was no intervention decision yet to be made because the federal government had intervened and unsealed part of the case and declined to intervene in the rest. Moreover, the state *qui tam* counts were in federal court in the first instance only because those counts were part of federal *qui tam* actions. It is totally unclear how defendants herein can justify their citation of any of these cases for the proposition for which they have asserted them.

In summary, defendants' proposition that "federal courts routinely exercise jurisdiction over sealed claims" has no bearing whatsoever on the propriety of defendants' removal petition in the unique factual setting of the case at bar. Granted, both state and federal courts routinely exercise case management jurisdiction over *qui tam* cases originally filed in their own courts, such as reviewing the progress of an underlying governmental investigation prior to granting a seal extension. However, it

4

would overstep the bounds of any supervising court, be it federal or state, to attempt to regulate the content or allegations contained in the plaintiff's *qui tam* case. Under the well-pleaded complaint doctrine and the qui tam process, that is the province of the governmental entity when it intervenes in the action.

### III

### CONJECTURE AND SPECULATION REGARDING ALLEGATIONS IN THE RELATOR'S SEALED FIRST AMENDED COMPLAINT CANNOT SERVE AS THE BASIS FOR REMOVAL

Throughout their opposition, defendants attempt to create a removable federal claim based on what the plaintiffs, either individually or collectively, might or could do in the future with respect to the sealed CMS rebate fraud allegations in the relator's First Amended Complaint. For example, on Pg. 3 of their opposition memorandum, defendants state as follows: "Notwithstanding Plaintiffs' characterization of the First Amended Complaint, that pleading has been filed by Ven-A-Care and <u>may at some point</u> be pursued by both the Attorney General and Ven-A-Care." (emphasis added). Beginning on Pg. 12, defendants speculate at length as to what the Relator, Ven-A-Care, might or could do in the future if the State declines to intervene on the federal claims. Defendants go so far as to state "whether the State ultimately chooses to pursue those claims has nothing to do with this Court's jurisdiction." Page 13.

Unfortunately for the defendants, the case law is clear: Conjecture and speculation cannot serve as the basis for removal jurisdiction. See <u>Robinson v. Quality Insurance Co.</u>, 633 F. Supp. 572, 573-74 (S.D. Ala.1986) ("It is the Court's intention to make the analysis of such cases a matter of straightforward interpretation instead of speculation."); <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1097

(11th Cir. 1994) ("The possibility that plaintiff may in the future seek or recover more damages is insufficient to support removal jurisdiction now.")

## IV

## PLAINTIFFS HEREIN HAVE NOT AMENDED THEIR COMPLAINT FOLLOWING REMOVAL TO DEFEAT FEDERAL COURT JURISDICTION

Defendants make the novel argument that by filing and unsealing its complaint-in-intervention against Abbott and Wyeth subsequent to the filing of the First Amended Complaint by the Relators, the State is seeking to defeat federal court jurisdiction by making a post-removal amendment of its complaint. Defendants even go so far as to draw an analogy between the procedural posture of the State's case at bar and that of the Montana Attorney General which was remanded by this Court. Any argument or contention that the State in this case is engaging in post-removal filing or amendments of the complaint to defeat removal jurisdiction is a patent absurdity, however, since the state's complaint was filed <u>before</u> the removal petition.

## V

## GRANTING PLAINTIFF'S REMAND MOTION FULLY PROTECTS THE RIGHTS OF THE DEFENDANTS CONSISTENT WITH THE FALSE CLAIMS ACT AND THE ORDERLY ADMINISTRATION OF JUSTICE

A ruling by this Court that only unsealed allegations can be removed would (1) recognize the special procedural structure of *qui tam* actions, (2) avoid the premature exercise of federal jurisdiction and (3) avoid the procedural quagmire that defendants have created,[3] while preserving all defendants'

---

[3] The removal effected by defendants Abbott and Wyeth has, of necessity, been without notice to the other defendants, has raised questions as to the non-joinder of those defendants, and would continue to create confusion as the case progressed. For example, if Abbott and Wyeth

rights to remove the actions to federal court if federal issues should subsequently come into play. Any concern that the State or the relator could prosecute this case in state court and then suddenly or belatedly unseal federal claims that give defendants removal rights is no different a concern than always exists if a party seeks to amend a complaint to assert additional claims. For instance, removal is permitted where the plaintiff voluntarily changes the nature of the case. <u>Self v. General Motors Corp.</u>, 588 F.2d 655, 657 (9th Cir. 1978). Therefore, defendants herein have remedies and options available to them to remove the case should plaintiffs unseal the rebate claims following remand.

## CONCLUSION

Based on the foregoing, defendants' removal petition should be denied and the case remanded to the State of California Court in its entirety. This Memorandum is being jointly submitted on behalf of the State of California, Office of the Attorney General, and the Relator.

Dated: September 9, 2003

STERN, SHAPIRO, WEISSBERG & GARIN LLP

By: JONATHAN SHAPIRO, ESQ.
90 Canal Street
Boston, MA 02114-2018
Telephone: (617) 742-5800 - ext. 115
Fax: (617) 742-5858
Attorneys for Relators

---

removed the sealed allegations, would they be obligated to answer them? Although removal can be based on an informal, unserved document, it is supposed to render an actual served complaint subject to federal jurisdiction.

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on this date 9/9/03.
eserve

7