UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | : <br> : <br> : MDL 1456 <br> : |
| THIS DOCUMENT RELATES TO: | : Civil Action 01-12257-PBS <br> : |
| 1. *People of the State of New York v. Aventis, Inc.*, 1:03-cv-11228 PBS; | : Judge Patti B. Saris <br> : <br> : |
| 2. *People of the State of New York v. GlaxoSmithKline, P.L.C., et al.*, 1:03-cv-11529-PBS | : <br> : <br> : <br> : |
| 3. *People of the State of New York v. Pharmacia Corp.*, 1:03-cv-11227 PBS | : <br> : <br> : |

### STATE OF NEW YORK'S OPPOSITION TO DEFENDANTS' MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

In a virtually verbatim, albeit reorganized, reiteration of arguments this Court unequivocally rejected less than a month ago, the defendants in the New York cases have requested that the Court deny the State's pending remand motions solely so the jurisdictional issue can be certified for interlocutory appeal.[1] To take this extraordinary action, the Court would have to repudiate its thoroughly considered opinions of June 11, 2003 and August 20, 2003,[2] which remanded the Minnesota case in circumstances that even the defendants admit do not

---

[1] *Compare* Defendants' Motion for Certification of an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (in, *e.g.*, *State of Connecticut v. GlaxoSmithKline, PLC*) served Sept. 5, 2003 ["Defendants' New York Memorandum"], at 2-4, *with* Memorandum in Support of Motion for Reconsideration, or in the Alternative, for Certification of an Interlocutory Appeal (in, *e.g., State of Minnesota v. Pharmacia Corp.*), served June 18, 2003), at 10-12.

[2] *State of Minnesota v. Pharmacia Corp.*, -- F. Supp. 2d --, 2003 WL 21977227 (D. Mass. Aug. 20, 2003)["August 20th Order"] and *State of Montana v. Abbott Laboratories*, 266 F. Supp. 2d 250 (D. Mass 2003) ["June 11th Order].

differ in any material respect from those in the New York litigation. (Defendants' New York Memorandum, at 1-2.) Because defendants have not posited even one new justification for their motion, the State of New York does not dwell on the obvious vacuity of their arguments, but notes only three brief points in opposition and renews its request for expenses, including attorneys' fees, under 28 U.S.C. § 1447(c).

Defendants' motion should be denied, first because defendants have provided no authority to support a request that the Court effectively reverse itself in order to accommodate a party's desire for appellate review and to circumvent Congress' judgment, clearly articulated in 28 U.S.C. § 1447(d), that remand orders are not reviewable. The one case that defendants cite, *Grant v. Chevron Chemical Co.*, 2001 WL 839010 (E.D. La. July 24, 2001), *aff'd* 309 F.3d 864 (5th Cir. 2002), has been correctly explained as being limited to the peculiar situation in which judges sitting in the same federal judicial district were at irrevocable odds in interpreting a jurisdictional decision that controlled in their circuit. *Batton v. Georgia Gulf*, 261 F. Supp. 2d 575, 585 (M.D. La. 2003). Indeed, in *Batton*, the court expressly refused to deny remand solely to allow an interlocutory appeal on the issue. *Id*, at 580, 587.

Second, an interlocutory appeal will delay, not materially advance, the litigation. If the Court follows its June 11th and August 20th decisions and grants New York's remand motions, the litigation will "proceed apace" in state court. *Batton*, 261 F. Supp. 2d at 585. If, instead, it denies the motions and certifies the decision for interlocutory appeal, months if not years will be added to the time Medicare beneficiaries must wait for a decision on the merits, during which they will be forced to continue to pay illegally inflated amounts for life-saving drugs.

Third, defendants make no showing, beyond that which the Court already rejected as insufficient, that there is a substantial difference of judicial opinion about whether remand should

be ordered "where the right to relief depends on the application of a federal statute that does not provide a private remedy." (August 20th Order, 2003 WL 21977227 at *2; *see* Defendants' New York Memorandum at 2-3.) Defendants have utterly failed to show that courts disagree on this issue in circumstances that remotely resemble those in the instant case.[3] They have thus failed to establish this element for certification of an issue for interlocutory appeal. 28 U.S.C. § 1292(b). Consequently, there is no basis whatsoever for granting defendants' motion to deny remand and certify the question for interlocutory appeal.

By this motion, defendants have done nothing but waste the Court's time and resources, as well as the limited resources of the State of New York. Defendants continue to assert the precise and identically worded arguments the Court soundly rejected on August 20th. In fact, the State of New York suggested to defendants that they stipulate to state-court jurisdiction in light of the Court's June 11th and August 20th opinions. They declined to do so.

---

[3] The cases the defendants cite in footnote one of their New York Memorandum are inapposite and do not demonstrate disagreement among the circuit courts. In *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, (4th Cir. 1996), the court held that the absence of a private right of action was not dispositive because achieving uniformity in determining who owned the allowances was critical to their status as an economic commodity and, therefore, critical to the effectuation of the federal Acid Rain Program. In the instant case, however, Congress has expressed its lack of concern with achieving a uniform definition of "average wholesale price" by placing that determination in the hands of multiple carriers. 42 U.S.C. § 1395u(o)(1). In New York alone, there are three carriers who have simultaneously determined Medicare reimbursement based on their individual interpretation of "average wholesale price." *See also Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 152 (4th Cir. 1994)("[U]nder *Merrell Dow*, [478 U.S. 804 (1986)], if a federal law does not provide a private right of action, a state law action based on its violation does not raise a 'substantial' federal question."), and other cases collected in the Court's June 11th Order, 266 F. Supp. 2d at 256-57.

Nor does the second case defendants cite provide support for their position. The Second Circuit has substantially limited the scope and application of *West 14th Street Commerical Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188 (2d Cir. 1987). *Barbara v. v. New York Stock Exchange, Inc.*, 99 F.3d 49, 54 (2d Cir. 1996)("The lack of a private right of action counsels against a finding of federal question jurisdiction.")

In its motions for remand, the State sought an award under 28 U.S.C. § 1447(c) for its actual expenses, including reasonable attorneys' fees, incurred as a result of removal. The State now renews that motion, at least with respect to its expenses incurred since the Court's August 20th Order. Defendants have acted in bad faith and vexatiously, and their continued opposition to remand is frivolous. Although section 1447(c) does not require a showing of bad faith or frivolousness, *e.g., Ford Motor Credit Co. of Puerto Rico v. Caribe Ford, Inc.*, 247 F. Supp. 2d 118 (D.P.R. 2003); *Morgan Guaranty Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 923-24 (2d Cir. 1992), defendants' obdurate refusal to relinquish rejected arguments and their failure to assert any viable grounds for their desired relief make this a particularly appropriate case for the award of expenses, including fees.

## CONCLUSION

For the reasons stated above, the State of New York requests the Court to remand the above-captioned cases to New York State Supreme Court, Albany County, to deny defendants' motion to deny remand and certify the question for interlocutory appeal, and to grant the State its actual expenses incurred in connection with removal, including reasonable attorneys' fees.

Dated:   New York, New York
         September 12, 2003

                                        Respectfully submitted,

                                        ELIOT SPITZER
                                        Attorney General of the
                                          State of New York
                                        Attorney for Plaintiffs

                                        By: _____
                                        Rose E. Firestein
MATTHEW BARBARO                         Assistant Attorney General
CAROL BEYERS                            Bureau of Consumer Frauds and Protection
PATRICK LUPINETTI                       120 Broadway, 3rd Floor
SHIRLEY STARK                           New York, New York 10271
Assistant Attorneys General             (212) 416-8306
  of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2003, I caused a true and correct copy of these opposition papers to be served on all counsel by electronic service pursuant to case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456, as well as faxing these papers to counsel for defendants listed on the signature page of Defendants' Motion for Certification of an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and to the following:

> John C. Dodds
> Morgan Lewis Bockius, LLP
> 1701 Market Street
> Philadelphia, PA 19103
>
> Michael L. Koon
> Shook, Hardy & Bacon, L.L.P.
> One Kansas City Plaza
> 1200 Main Street
> Kansas City, Missouri 64105-2118

_____
Rose E. Firestein



| | | |
|---|---|---|
| ELIOT SPITZER<br>Attorney General | STATE OF NEW YORK<br>OFFICE OF THE ATTORNEY GENERAL<br>(212) 416-8306<br>September 12, 2003 | THOMAS G. CONWAY<br>Assistant Attorney General In Charge<br>Consumer Frauds and Protection Bureau |

<u>Via UPS Overnight Delivery</u>
Clerk's Office
United States District Court
District of Massachusetts
One Courthouse Way, Suite 2300
Boston, MA 02210

Re:   *In Re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456, Civil Action No. 01-12257-PBS; *People of the State of New York v. Aventis, Inc.*, 1:03-cv-11228 PBS; *People of the State of New York v. GlaxoSmithKline, P.L.C., et al.*, 1:03-cv-11529-PBS; *People of the State of New York v. Pharmacia Corp.*, 1:03-cv-11227 PBS

Dear Sir or Madam:

Enclosed please find for filing in the above-referenced matter an original and a copy of the <u>State of New York's Opposition to Defendants' Motion for Certification of an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b).</u> Please date-stamp the copy and return it in the enclosed envelope. Thank you for your assistance.

Very truly yours,

Rose E. Firestein

cc:   Robert Alba (by overnight delivery)
All Counsel of Record (by Verilaw and/or fax, as indicated on the Certificate of Service)