# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - | ) MDL NO. 1456 |
| | ) ) |
| THIS DOCUMENT RELATES TO: | ) Civil Action No. 01-12257-PBS ) |
| *Rice v. Abbott Laboratories, et al.*, N.D. Cal., Case No. C 02-3925 MJJ | ) Judge Patti B. Saris ) |
| *Thompson v. Abbott Laboratories, et al.*, N.D. Cal. Case No. C 02-4450 MJJ | ) ) ) ) ) ) ) ) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO RESPOND TO JURISDICTIONAL DISCOVERY REQUESTS

Pursuant to Fed. R. Civ. P. 37, defendants AstraZeneca Pharmaceuticals LP, Bristol-Myers Squibb Co., SmithKline Beecham Corp. d/b/a GlaxoSmithKline, and Pharmacia Corp. ("Defendants") submit this Memorandum of Law in support of their Motion to Compel plaintiffs John Rice and Constance Thompson to respond to defendants' First Request for Jurisdictional Discovery ("Jurisdictional Discovery Requests").

Plaintiffs Rice and Thompson have moved to remand their actions to state court. Defendants' Jurisdictional Discovery Requests seek information pertaining to the narrow factual issue of plaintiffs' status as a participant or beneficiary in ERISA plans and their status as

beneficiaries under Medicare. As we asserted in the opposition to the plaintiffs' remand motion, the state law claims will be completely preempted by ERISA (and the cases removable) if the "court's inquiry must be directed to the plan." *Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790, 794 (1st Cir. 1995). Thus, the plaintiffs' ERISA or Medicare status is determinative of the Court's subject matter jurisdiction and central to plaintiffs' motion to remand that is presently before the Court. Defendants believe that these issues can be resolved in their favor on the basis of the allegations of the complaints. However, in the event the Court finds the complaints to be inconclusive on the issue of jurisdiction, defendants have propounded discovery to determine the relevant facts.

It is well-established that a party asserting jurisdiction is entitled to discovery on jurisdictional facts where the Court's jurisdiction is challenged by the opposing party. *See, e.g., Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (when a party challenges the existence of subject matter jurisdiction, "either party should be allowed discovery on the factual issues raised by that motion."). Despite the abundance of legal authority on this point, plaintiffs have taken the position that the Jurisdictional Discovery Requests are not appropriate. Accordingly, plaintiffs should be compelled to comply fully with defendants' Jurisdictional Discovery Requests if the Court determines that plaintiffs' motion to remand cannot be denied on the basis of the complaints.

## BACKGROUND

On July 18, 2003, plaintiffs Rice and Thompson filed a consolidated motion to remand the above-captioned cases to state court. Plaintiffs argued that the Court lacked subject matter jurisdiction under the substantial federal question doctrine and that their claims were not completely preempted by ERISA, as defendants had asserted in the notices of removal. On

August 13, 2003, this Court entered an order setting the briefing schedule for this motion and a hearing for this motion (and others) for October 9, 2003.[1]

On August 27, 2003, defendants served plaintiffs with the Jurisdictional Discovery Requests, consisting of two requests for admission, eight interrogatories and seven document requests. *See* Jurisdictional Discovery Requests; attached to Declaration of Mark H. Lynch ("Lynch Decl.") as Exhibit ("Ex.") A. The Jurisdictional Discovery Requests pertain to the narrow factual issue of plaintiffs' status as participants or beneficiaries under ERISA or beneficiaries under Medicare.[2]

By letter dated September 5, 2003, counsel for plaintiffs Rice and Thompson, Robert D. Sanford, Esq., objected to the Jurisdictional Discovery Requests. *See* Letter from Mr. Sanford to Mark H. Lynch dated September 5, 2003; attached to Lynch Decl. as Ex. D. Plaintiffs asserted that "[they] are unaware of any authority" for Discovery prior to a ruling on the motion to remand and that they did not believe that the Court could properly consider extrinsic evidence in deciding plaintiffs' motion to remand. *Id.*

In response to plaintiffs' letter, on September 9, 2003, one of defendants' counsel conferred by telephone with Mr. Sanford to discuss the Jurisdictional Discovery Requests. Lynch Decl. ¶ 4. Following a discussion of their respective positions, counsel agreed that they were at an impasse and that this matter should be presented to the Court for resolution through the instant motion, without the filing of formal objections by plaintiffs. *Id.*

---

[1] Consistent with the Court's Order, defendants filed a consolidated opposition to the remand motion on September 5, 2003. Plaintiffs' reply on their motion to remand is due to be filed on September 15, 2003, and defendants' surreply is due to be filed on September 22, 2003.

[2] Defendants also served similar discovery on plaintiffs who have filed motions to remand in two other cases. *See* Lynch Decl., Exs. B & C.

# ARGUMENT

## I.   Jurisdictional Discovery Is Proper Under These Circumstances.

It is well-settled that jurisdictional discovery should be permitted when a Court's subject matter jurisdiction is at issue.  Indeed, "[i]t has long been clear that discovery on jurisdictional issues is proper."  Charles A. Wright, et al. *Federal Practice and Procedure* § 2009; *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction . . . discovery is available to ascertain the facts bearing on such issues."); *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (when a party challenges the existence of subject matter jurisdiction, "either party should be allowed discovery on the factual issues raised by that motion."); *Kamen v. AT&T Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) ("[I]n resolving claims that they lack jurisdiction, courts have acted in a fashion suggestive of [Rule] 56(f): they have required that the party asserting jurisdiction be permitted discovery of facts demonstrating jurisdiction . . ."); *World Touch Gaming, Inc. v. Massena Mngmt., LLC*, 117 F. Supp. 2d 271, 274 (S.D.N.Y. 2000) ("[T]he party asserting jurisdiction should be permitted discovery of facts relevant to the jurisdictional issue.").  This principle obviously applies to cases where the Court's jurisdiction is challenged on a motion to remand.  *See, e.g., Scott v. R.J. Reynolds Tobacco Co.*, No. Civ. A. 99-3091, 2001 WL 327584, at *1 (E.D. La. April 2, 2001) (granting defendants' motion to conduct limited discovery on jurisdictional issues relating to remand motion).

Accordingly, under the circumstances here, where plaintiffs have filed a motion to remand asserting that the Court lacks subject matter jurisdiction under ERISA and the substantial federal question doctrine, defendants are entitled to limited jurisdictional discovery as to plaintiffs' status as participants or beneficiaries under ERISA plans or beneficiaries under Medicare.  This is especially true here, where plaintiffs' allegations regarding their prescription

4

drug coverage appear to be intentionally ambiguous -- plaintiffs allege without further explanation that they purchased drugs pursuant to an "insurance plan," *see* Rice Cplt. ¶ 16; Thompson Cplt. ¶ 16 -- and the information regarding plaintiffs' insurance coverage is known exclusively to plaintiffs. The Jurisdictional Discovery Requests propounded by defendants are calculated to illuminate the following matters:

- whether plaintiffs were participants or beneficiaries under any ERISA qualified plans or made payments for any drug at issue in the case pursuant to the terms of any ERISA qualified plan;

- the provisions relating to prescription drug coverage in any ERISA qualified plans under which plaintiffs were participants or beneficiaries or pursuant to which plaintiffs made payments for prescription drugs;

- whether plaintiffs ever received coverage under Medicare for prescription pharmaceuticals or made a Medicare payment for a drug at issue in the case;

- the nature of the "insurance plan" referred to in Paragraph 16 of the Rice and Thompson complaints;

- the identity of plaintiffs' employers and the nature of plaintiffs' employment during the Class Period; and

- the identity of the specific drugs referred to in Paragraph 16 of the Rice and Thompson complaints.

*See* Ex. A.

These matters are all relevant to the issues raised by plaintiffs' motion to remand. *See, e.g., Hampers v. W.R. Grace & Co.*, 202 F.3d 44, 52 (1st Cir. 2000) (internal citations omitted) ("We have consistently held that a cause of action 'relates to' an ERISA plan when a court must evaluate or interpret the terms of the ERISA regulated plan to determine liability under the state law cause of action."); *Carlo*, 49 F.3d at 794 ("[B]ecause the court's inquiry must be directed to the plan, [plaintiffs'] claims are preempted" by ERISA). The Court should,

therefore, order plaintiffs to respond fully to the Jurisdictional Discovery Requests if the Court determines that it cannot deny the motion to remand on the basis of the complaints.

## II. The Court May Properly Consider the Material Produced in Response to the Jurisdictional Discovery Requests in Deciding Plaintiffs' Motions to Remand.

Plaintiffs have also asserted that under the "well-pleaded complaint rule," the Court cannot consider extrinsic evidence in deciding whether it has subject matter jurisdiction over plaintiffs' claims. Plaintiffs' assertion is meritless. First, it is well-established that ERISA complete preemption is an exception to the well-pleaded complaint rule. *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999) (ERISA complete preemption is an "exception" to the well-pleaded complaint rule). Moreover, courts routinely examine materials outside of the "four corners of the complaint" in considering the propriety of removal. *See* 14C Charles A. Wright et al., *Federal Practice and Procedure* § 3734 (3d ed. 1998) ("the federal courts usually do not limit their inquiry to the face of the plaintiff's complaint, but rather consider the facts disclosed on the record of the case as a whole in determining the propriety of removal."); *see also Dunson-Taylor v. Metropolitan Life Ins. Co.*, 164 F. Supp. 2d 988, 990 (S.D. Ohio 2001) (a "court has 'wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts.'"). Accordingly, the Court may properly consider plaintiffs' responses to the Jurisdictional Discovery Requests in deciding plaintiffs' motion to remand.

## CONCLUSION

For the reasons stated above, if the Court determines that it cannot deny plaintiffs' motions to remand on the basis of the complaints, the Court should grant defendants' motion to compel plaintiffs to respond to the Jurisdictional Discovery Requests.

DATED:  September 12, 2003

ON BEHALF OF DEFENDANTS
ASTRAZENECA PHARMACEUTICALS LP,
BRISTOL-MYERS SQUIBB CO., SMITHKLINE
BEECHAM CORP. d/b/a GLAXOSMITHKLINE,
AND PHARMACIA CORP.:

BY _____

Mark D. Seltzer
BBO #556341
Holland & Knight LLP
10 St. James Avenue
Boston, MA  02116
Tel:  (617) 854-1460
Fax:  (617) 523-6850

Mark H. Lynch
Ethan M. Posner
Covington & Burling
1201 Pennsylvania Ave., NW
Washington, DC 20004
Tel:  (202) 662-6000
Fax: (202) 662-6291

Frederick G. Herold
Dechert LLP
775 Page Mill Road
Palo Alto, CA 94304-1013
Tel: (650) 813-4930
Fax: (650) 813-4848

*Counsel for SmithKline Beecham Corp. d/b/a
GlaxoSmithKline*

*BOS1 #1370182 v1*

7