## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>CIVIL ACTION<br>NO. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO<br><br>*State of Montana v. Abbott Labs., Inc., et al.*<br>02-CV-129804-PBS<br><br>*State of Nevada v. American Home Products Corp., et al.*<br>02-CV-12086-PBS | Judge Patti B. Saris |

### MEMORANDUM IN SUPPORT OF AVENTIS PHARMACEUTICALS INC.'S MOTION TO DISMISS THE STATE OF MONTANA'S SECOND AMENDED COMPLAINT AND THE STATE OF NEVADA'S AMENDED COMPLAINT

Defendant Aventis Pharmaceuticals Inc. ("Aventis Pharmaceuticals") respectfully submits this memorandum in support if its Motion to Dismiss the State of Montana's Second Amended Complaint ("Montana Complaint") and the State of Nevada's Amended Complaint ("Nevada Complaint"). In addition to the reasons set forth in the Consolidated Memorandum, the Complaints against Aventis Pharmaceuticals must be dismissed for failure to state a claim upon which relief may be granted because they do not meet the most minimal pleading requirements of Rule 9(b) and this Court's prior Order.

105361v1

## I.    PLAINTIFFS HAVE FAILED TO PLEAD WITH PARTICULARITY ANY FRAUD COMMITTED BY AVENTIS.

On January 13, 2003, this Court advised the class action plaintiffs in this MDL that in order to survive a motion to dismiss, the plaintiff's must "particularize exactly what drugs, exactly what the fraud is, [and] which plaintiffs paid for what drugs." See Tr. of Jan. 13, 2003 Hearing on Motion to Dismiss, at 74.  In May 2003, this Court reaffirmed its statements, granted, in part, defendants' motion to dismiss and instructed plaintiffs that if they amend their complaint they must "clearly and concisely allege with respect to each defendant: (1) the specific drug or drugs that were purchased from each defendant; (2) the allegedly fraudulent AWP for each drug; and (3) the name of the specific plaintiff(s) that purchased the drug." *In re Pharm. Industry Average Wholesale Price Litig.*, 263 F. Supp. 2d 172, 194 (D. Mass. 2003).

On August 1, 2003, the States of Montana and Nevada filed their Amended Complaints with the Court.  In the Amended Complaints, Plaintiffs allege Aventis Pharmaceuticals manipulated prices on fourteen Aventis Pharmaceuticals products.  Mont. Cplt. ¶¶ 274 and Exhibit A; Nev. Cplt. ¶¶ 219 and Exhibit A.[1]  Plaintiffs' claims relating to Aventis Pharmaceuticals' products fail to satisfy this Circuit's pleading requirements.  While Plaintiffs' allege a specific price, cost and spread for Anzemet® (*see* Mont. Cplt. ¶¶ 281-283, Nev. Cplt. ¶¶ 226-228), Plaintiffs fail to allege specifics for any of the other Aventis Pharmaceuticals products listed in the charts (Mont. Cplt. ¶¶ 274; Nev. Cplt. ¶¶ 219) or Exhibits attached to the Montana and Nevada Complaints.  With respect to these products, the only averments of fraud consist of Plaintiffs' general statement that "Aventis has stated fraudulent AWPs for all or almost all of its drugs, including those set forth below."  See Mont. Cplt. ¶ 274, Nev. Cplt. ¶ 219.  Without a

---

[1]     These drugs are Allegra®, Allegra-D®, Amaryl®, Anzemet®, Arava®, Azmacort®, Calcimar®, Carafate®, Intal®, Nasacort®, Nasacort AQ®, Taxotere® and Trental®.

further specific demonstration of how these published AWPs are fraudulent, this general statement fails to meet the pleading requirements of Rule 9(b).[2]  Moreover, Plaintiffs fail to even allege "fraudulent" AWPs for four Aventis Pharmaceuticals products, DiaBeta®, Lantus®, Lasix® and Tilade®, mentioned elsewhere in the Complaints and excluded from the charts and Appendices.  Mont. Cplt. ¶ 288, Nev. Cplt. ¶ 233.

## II.   CONCLUSION

For the foregoing reasons, Aventis Pharmaceuticals respectfully submits that the claims relating to all Aventis Pharmaceuticals products, with the possible exception of Anzemet®, must be dismissed for failure to plead fraud with the requisite particularity.  Should the Court find that the charts and Exhibits in the Complaints satisfy Rule 9(b) and this Court's prior Order, Aventis Pharmaceuticals respectfully submits that the claims as to DiaBeta®, Lantus®, Lasix® and Tilade® must be dismissed as Plaintiffs have failed to make any showing with respect to these products.

Dated:  September 15, 2003

Respectfully submitted,

Paul S. Schleifman
SHOOK, HARDY & BACON L.L.P.
Hamilton Square
600 14th Street, N.W., Suite 800
Washington, D.C.  20005-2004
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

---

[2]    "Mere allegations of fraud . . . or referrals to plans and schemes are too conclusional to satisfy the particularity requirement" of Rule 9(b).  *See Doyle v. Hasbro, Inc.*, 103 F.3d 186, 194 (1st Cir. 1996) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985); *Powers, supra.*

Michael L. Koon
SHOOK, HARDY & BACON L.L.P.
One Kansas City Place
1200 Main Street
Kansas City, MO  64105
Telephone:  (816) 474-6550
Facsimile:  (861) 421-5547

Michael DeMarco (BBO #1199690)
Jeanne E. Demers (BBO #561255)
KIRKPATRICK & LOCKHART LLP
75 State Street
Boston, MA  02109
Telephone:  (617) 951-9111
Facsimile:  (617) 261-3175

ATTORNEYS FOR AVENTIS
PHARMACEUTICALS INC.

105361v1                        4

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served, this fifteenth day of September 2003, to all counsel of record by electronic service pursuant to Case Management Order No. 2, by sending a copy of this document to Verilaw Technologies for posting and notification to all parties.

Paul S. Schleifman

5

105361v1