## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In Re: **PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | : : : : | **MDL NO. 1456** |
| **THIS DOCUMENT RELATES TO** | : : | **Master File No. 01-CV-12257-PBS** |
| *State of Montana v. Abbott Labs., Inc., et al.*, D. Mont. Cause No. CV-02-09-H-DWM | : : : : : | **Judge Patti B. Saris** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM IN SUPPORT OF
## GLAXOSMITHKLINE'S MOTION TO DISMISS

Defendant SmithKline Beecham Corporation, d/b/a GlaxoSmithKline ("GSK"), respectfully submits this memorandum in support of its motion to dismiss the State of Montana's Second Amended Complaint. The claims against GSK should be dismissed not only for the reasons set forth in the Consolidated Memorandum, but also for a reason unique to GSK. The only remotely particularized allegations of fraud relate to just two GSK drugs, Kytril and Zofran. Thus, if the Court does not dismiss the claims against GSK for the reasons stated in the Consolidated Memorandum, it should nevertheless enter an order limiting the claims against GSK to those involving reimbursement of Kytril and Zofran under Medicare Part B.

### I.   THE CLAIMS AGAINST GSK RELATING TO DRUGS OTHER THAN KYTRIL AND ZOFRAN UNDER MEDICARE PART B SHOULD BE DISMISSED PURSUANT TO RULE 9(b)

Even if the claims against GSK are not dismissed for the reasons set forth in the Consolidated Memorandum, the claims against GSK still should be limited to Kytril and Zofran

to the extent they were purchased under Medicare.  Those two drugs are the only GSK drugs about which the State makes <u>anything</u> approaching particular allegations of fraud.

In its May 13, 2003, opinion, this Court ruled that in order for a particular drug to be in the case under Rule 9(b)

> [P]laintiffs shall clearly and concisely allege with respect to each defendant: (1) the specific drug or drugs that were purchased from defendant, (2) the allegedly fraudulent AWP for each drug, and (3) the name of the specific plaintiff(s) that purchased the drugs.

*In re Pharmaceutical Industry Average Wholesale Litigation*, 263 F. Supp. 2d 172, 194 (D. Mass. 2003).

The State has not satisfied this standard with respect to any drug other than Kytril or Zofran.  The State include a 40-paragraph section about the "GSK Group," but the only products mentioned with the requisite specificity are Kytril and Zofran.  *See* Cplt. ¶¶ 423-64. For Kytril and Zofran, the State alleges specific spreads between acquisition cost and the published AWP.  There are no such allegations for <u>any</u> other GSK drug.  The Second Amended Complaint does not allege any "fraudulent AWP" for any drug other than Kytril or Zofran. Instead, plaintiffs submit Appendix A, which simply lists the published AWPs for various GSK drugs from 1997 to 2002.  At a minimum, in order to allege a "fraudulent AWP" under this Court's May 13 opinion, plaintiffs must not only allege the AWP for a particular drug, but also an acquisition cost that is substantially lower than the AWP.  There are no such allegations for any GSK drug other than Kytril or Zofran.

Plaintiffs' attempt to expand geometrically the breadth of this case by to all GSK-manufactured drugs, without any particularized allegations of fraud, is not permitted by Rule 9(b).  *See, e.g., In re Newbridge Networks Secs. Litig.*, 962 F. Supp. 166, 170-80 (D.D.C. 1997) (holding that allegations regarding certain claims must be dismissed because they did not satisfy

2

Rule 9(b); the case could proceed only with respect to those allegations of fraud that were pleaded with sufficient particularity); *Hunt v. Schotz, Simon, Miller & Co.*, 1988 WL 188292, at *2-4 (D.N.J. Aug. 17, 1988) (same); *Ohman v. Kahn*, 685 F. Supp. 1302, 1307-09 (S.D.N.Y. 1988) (same).

## CONCLUSION

The Court should either dismiss the claims against GSK for the reasons stated in the Consolidated Memorandum or enter an order limiting the claims against GSK to those involving Kytril and Zofran under Medicare.

DATED: September 15, 2003

Respectfully submitted,

Geoffrey E. Hobart
Holland & Knight
10 St. James Avenue
Boston, MA 02116
(617) 854-1419

Mark H. Lynch
Ethan M. Posner
Covington & Burling
1201 Pennsylvania Ave., NW
Washington, DC 20004
(202) 662-5317

Frederick G. Herold
Dechert LLP
1717 Arch Street
Philadelphia, PA 19103
(215) 994-2413

*Attorneys for Defendant GlaxoSmithKline*

3