# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | M.D.L. No. 1456<br><br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO<br><br>*State of Montana v. Abbott Labs, Inc., et al.*, D. Mont. Cause No. CV-02-09-H-DWM | |

**INDIVIDUAL MEMORANDUM OF PHARMACIA CORPORATION AND PHARMACIA & UPJOHN, INC. IN SUPPORT OF MOTION TO DISMISS THE STATE OF MONTANA'S SECOND AMENDED COMPLAINT**

The Montana Second Amended Complaint ("Mont. Cplt.") suffers from many of the same infirmities that led the Court to dismiss the Master Consolidated Classs Action Complaint.[1] Montana fails to allege with any particularity the basis for its AWP claims relating to Celebrex. Those claims must, therefore, be dismissed for failure to comply with Fed. R. Civ. P. 9(b).[2] In addition, to the extent that Montana's claims against Pharmacia relate to multi-source drugs, those claims must be dismissed because the way in which these drugs are reimbursed does not fit the paradigm alleged in the Complaint. Moreover, while Montana lumps Pharmacia into its conclusory allegation that "each defendant did not report the actual Best Price or AMP," the state makes no specific allegations about any best price conduct by Pharmacia, let alone any specific allegations of fraudulent conduct. Mont. Cplt. ¶ 612. These claims must, therefore, also be dismissed.

## I. MONTANA ALLEGES NO FRAUDULENT ACTS RELATING TO THE AWP FOR CELEBREX.

Among other drugs, Montana seeks to recover damages from Pharmacia relating to Celebrex, an anti-inflammatory drug marketed and sold by Pharmacia. *See* Mont. Cplt. ¶¶ 512-13 & Appendix A (identifying Celebrex as one of the drugs for which "relief is sought"). Montana fails to allege, however, that Pharmacia engaged in *any* fraudulent conduct relating to Celebrex. Consequently, its claims related to Celebrex must be dismissed.

---

1/     *See* Memorandum and Order, *In re Pharmaceutical Industry AWP Litig.*, 263 F. Supp. 2d. 172 (D. Mass. 2003) ("May 13 Order").

2/     Pharmacia joins in and incorporates by reference the Consolidated Memorandum in Support of Defendants' Motion to Dismiss the State of Montana's Second Amended Complaint (filed September 15, 2003) ("Consolidated Memorandum"). Pharmacia writes separately to highlight the deficiencies of the specific allegations relating to Pharmacia. Pharmacia also joins in and incorporates by reference the arguments made in the briefs filed by the other defendants to the extent they apply to Pharmacia.

Rule 9(b) requires allegations of fraudulent conduct to be stated with particularity. "This Circuit takes very seriously the pleading requirements set forth by Rule 9(b) . . ." *Lirette v. Shiva Corp.*, 27 F. Supp. 2d 268, 284 (D. Mass. 1998) (citing *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 878 (1st Cir. 1991)).

> To survive a motion to dismiss, a complaint alleging fraud must specify (1) the statements that the plaintiff contends were fraudulent, (2) the identity of the speaker, (3) where and when the statements were made, and (4) why the statements were fraudulent.

*Id.* (citing *Suna v. Bailey Corp.*, 107 F.3d 64, 68 (1st Cir. 1997). In addition, it its May 13 Order, the Court directed plaintiffs alleging fraud claims to "clearly and concisely allege, with respect to each defendant: (1) the specific drug or drugs that were purchased from defendant, (2) the allegedly fraudulent AWP for each drug, and (3) the name of the specific plaintiff(s) that purchased the drug." May 13 Order, at 45. Montana's allegations relating to Celebrex do not satisfy any of these requirements. Montana alleges that it seeks relief for 13 Pharmacia drugs. Mont. Cplt. ⁋ 512-13. Montana then provides a chart that purports to show an AWP "spread" for 12 Pharmacia drugs in various dosages. Mont. Cplt. ⁋ 522. Conspicuous by its absence is Celebrex. Although Celebrex appears in Appendix A to the complaint, this listing simply restates the published AWP for some of Pharmacia's products. These allegations do not meet the requirements of Rule 9(b) or the May 13 Order because they fail to show how or why the given AWP was fraudulent.[3]

---

3/   Montana is represented by the same attorneys as the class, who were admonished at the hearing on defendants' motion to dismiss the MCC: "You've got to meet 9(b) requirements. You've got to *particularize* exactly what drugs, *exactly what the fraud is*, which plaintiffs paid for what drugs." *See* Transcript of Jan 13, 2003 Hearing on Motions to Dismiss, at 74 (emphasis added).

## II. ALL CLAIMS RELATING TO MULTIPLE-SOURCE DRUGS MUST BE DISMISSED.

Montana's allegations about Pharmacia's multi-source drugs should be dismissed because they run contrary to the paradigm established by plaintiffs' complaint and are, in fact, economically irrational. The rebates for multi-source drugs are not related to the "Best Prices" that the states perfunctorily allege Pharmacia inflated. Instead, the rebate is 11% of the Average Manufacturer Price ("AMP"). Mont. Cplt. ¶ 606. The Complaint also alleges that defendants fraudulently inflated their AMPs. Mont. Cplt. ¶ 612. But this claim is economically irrational. It is a matter of simple mathematics that if the AMP increases, then 11% of the AMP (i.e., Montana's rebate) would necessarily increase. Inflating the AMP would have the opposite effect of that alleged in the Complaint, because a manufacturer that inflates its AMP obligates itself to pay a <u>larger</u> rebate to the states.

Montana's allegations mandate dismissal of all of the Medicaid rebate claims. While the Complaint discusses hundreds of drugs in general, it fails to identify which rebates are based on "Best Price" and which rebates are based on AMP. Instead, Montana only suggests that some drugs are reimbursed on the basis of allegedly inflated Best Prices. *See* Mont Cplt. ¶¶612-13; Nev. Cplt. ¶¶ 392-93. Rules 8(a) and 9(b) charge plaintiffs with identifying with particularity which drugs are subject to their fraud claims; it is not Pharmacia's or the Court's responsibility to guess. Because these claims are insufficiently particular, all rebate claims should be dismissed.

## III. MONTANA ALLEGES NO FRAUDULENT "BEST PRICE" ACTIVITY BY PHARMACIA.

Montana does not allege a single specific fraudulent act by Pharmacia in connection with its Best Price reporting. Under the reasoning of the Court's May 13 Order, any "Best Price"

- 3 -

claims must require, on a drug-by-drug basis, allegations of either (1) purchases at a lower price than the best price used to calculate the rebates to the states or (2) specific sales improperly excluded from calculation of the Average Manufacturer Price (AMP). *See also LaCorte v. Merck & Co., Inc.*, No. 99-3807, slip op. at 6 (E.D. La. Aug. 27, 2003) (attached as Exh. 10 to Consolidated Memorandum) (best price allegations sufficient to meet Rule 9(b) must include dates of best price report submissions, name of company that submitted the report, and description of why the submission was false).

While the Complaint contains general allegations that the defendants failed to account for free goods and other inducements when calculating their best prices, there are no specific, drug-by-drug allegations of the "best prices" that Pharmacia provided to CMS, or of "better prices" on which the rebates should have been based. It is revealing that the allegations related to "Defendants' Best Price Frauds" encompass only 6 of 234 pages (and only 31 of 693 paragraphs) in the Complaint, none of which so much as mention Pharmacia, let alone allege that Pharmacia was responsible for a specific fraudulent act. Montana's failure to allege Pharmacia's alleged Best Price fraud with particularity compels dismissal of all Best Price claims against Pharmacia.

## CONCLUSION

Montana does not allege the creation or maintenance of a "spread" between the AWP and actual purchase prices for Celebrex. In addition, to the extent that Montana's claims against Pharmacia relate to multi-source drugs, those claims must be dismissed because they do not fit the paradigm established by Montana for its claims. Moreover, Montana has not alleged a single Best Price reporting activity by Pharmacia, let alone identified an example of fraudulent conduct. For the foregoing reasons, Montana's AWP fraud claims relating to Celebrex and all of its Best Price claims against Pharmacia must be dismissed.

Respectfully submitted,

BY: _/s/ Mark Smith_

Mark D. Smith (BBO #542676)
Laredo & Smith LLP
15 Broad Street, Suite 600
Boston, MA 02109
(617) 367-7984 (telephone)
(617) 367-6475 (facsimile)

John C. Dodds, Esq.
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000 (telephone)
(215) 963-5001 (facsimile)

Scott A. Stempel, Esq.
Gregory F. Wells, Esq.
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 739-3000 (telephone)
(202) 739-3001 (facsimile)

Dated: September 15, 2003

*Attorneys for Defendant Pharmacia Corp. and Pharmacia & Upjohn, Inc.*