UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| *State of Montana v. Abbott Laboratories, Inc., et al.,* 02-CV-12084-PBS | Judge Patti B. Saris |

**TAP PHARMACEUTICAL PRODUCTS INC.'S SEPARATE MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS MONTANA'S SECOND AMENDED COMPLAINT**

Montana asserts claims as to only one drug sold by TAP Pharmaceutical Products Inc. ("TAP"): Prevacid®. As to this one drug, Montana points to absolutely no conduct by TAP that could be characterized as fraudulent. Montana further fails to identify any instance, generally or specifically, in which TAP competed on the so-called "spread" for Prevacid®. Indeed, Montana does not even identify a "spread" at all for Prevacid®. These allegations are patently inadequate, and all claims relating to Prevacid® should be dismissed.

The allegations against TAP are virtually identical to those asserted by private plaintiffs in the Amended Master Consolidated Complaint ("AMCC"). Thus, for the same reasons that the AMCC should be dismissed as to TAP, so also Montana's claims against TAP should be dismissed for failure to allege fraud with specificity and failure to state a claim. *See* TAP's Separate Memorandum of Law in Support of its Motion to Dismiss the AMCC (filed August 1, 2003). TAP incorporates by reference here its arguments to dismiss the AMCC, describing only briefly below how those arguments apply to Montana's claims.

Finally, TAP was not a defendant in Montana's original complaint, and has not yet been served with the Second Amended Complaint. For that reason also, the claims against TAP should be dismissed.

## I. Montana Alleges No Fraudulent Actions by TAP Regarding Prevacid

The Court has made clear that general allegations of fraud against pharmaceutical manufacturers will not be permitted to go forward under Rules 9(b) and 8(a). Rather, the Court has demanded that plaintiffs set forth specific allegations of fraud relating to the AWPs for individual drugs. *See In re Pharmaceutical Indus. Average Wholesale Price Litig.*, 263 F. Supp. 2d 172, 194 (D. Mass. 2003) (hereinafter, "*AWP Litigation*"). Montana's allegations regarding Prevacid do not satisfy these requirements.

Montana makes only three allegations that relate specifically to Prevacid®: (1) TAP sells the drug; (2) the drug is used to treat certain gastrointestinal conditions; and (3) the Red Book published an AWP for Prevacid® in 1998, 1999 and 2001.[1] *See* Mont. Compl. ¶ 568, Exh. A. In support of its AWP claims, Montana does not allege a so-called "spread" for Prevacid®, nor does it describe any conduct by TAP regarding the sale or marketing of the drug. With respect to the Medicaid rebate claims, Montana makes no allegations at all regarding TAP; neither TAP nor Prevacid® is even mentioned. *See* Mont. Compl. ¶¶ 603-634.

All remaining allegations regarding TAP in the Second Amended Complaint relate not to Prevacid®, but to Lupron®. *See* Mont. Compl. ¶¶ 571-588. As this Court is aware, Lupron is not the subject of these proceedings; cases relating to Lupron® are, instead, consolidated in MDL proceedings before Judge Stearns. Montana, while asserting no claims relating to Lupron®, nevertheless recites in detail the alleged wrongful conduct of TAP in the sale and marketing of Lupron®. *See* Mont. Compl. ¶¶ 572-588. Montana purportedly ties this conduct to Prevacid® by making the bald contention that "TAP engages in an organization-wide and deliberate scheme to inflate AWPs." *Id.* ¶ 568. This is not sufficient.

This Court should reject Montana's attempt to assert claims regarding Prevacid® based exclusively on alleged wrongful conduct relating to Lupron®. A contrary ruling would gut the Court's prior determination that the claims in this MDL proceeding should go forward only as to those specific drugs for which plaintiffs describe allegedly fraudulent AWP manipulation. *See AWP Litigation*, 263 F. Supp. 2d at 194. Instead, plaintiffs would be free to litigate claims against manufacturers based solely on allegations having nothing to do with the drugs named in a particular complaint.

---

[1] The 2000 AWP for Prevacid® is listed as "?". Montana identifies no 2002 AWP for Prevacid®.

## II. Montana Does not Allege a Competitor for Prevacid®

Competition is a necessary element to every single claim of alleged AWP fraud now before the Court. Montana's claims are no different. On page 3 of its 693-paragraph Complaint, Montana makes this clear, contending that defendants' alleged conduct "motivates [medical] providers to sell and administer the drugs with the most inflated AWPs." Mont. Compl. ¶ 8. This is the central tenet of Montana's claims of fraud in connection with the alleged manipulation of AWP.

Montana identifies no competitor for Prevacid®. Consequently, the Complaint does not allege how TAP could have "motivate[d]" any provider to sell or administer Prevacid® as "the drug[ ] with the most inflated AWP." *Id.* In the absence of such allegations, Montana cannot maintain the claim of fraud asserted in the Second Amended Complaint. *See, e.g., Interface Group, Inc. v. Massachusetts Port Auth.*, 816 F.2d 9, 12 (1st Cir. 1987) (affirming dismissal of complaint in the absence of any economic incentive for defendant to profit from the alleged antitrust violation).

## III. TAP has not Been Served with the Second Amended Complaint

TAP was added as a new defendant to the Second Amended Complaint. Counsel has been informed, however, that TAP has not received service of the pleading. As a result, the claims against TAP should be dismissed pursuant to Rule 12(b)(5).

## IV. Conclusion

For the foregoing reasons, as well as those stated in the Consolidated Memorandum, TAP's Separate Memorandum of Law in Support of its Motion to Dismiss the AMCC, and those individual defendants' memoranda that apply to TAP, this Court should dismiss the State of Montana's Second Amended Complaint as to TAP.

Respectfully Submitted,

Dated: September 15, 2003

*[signature: Joseph Savage/cek]*

Joseph F. Savage (BBO# 443030)
TESTA HURWITZ & THIBEAULT LLP
125 High Street
Boston, Massachusetts 02110-2704
Telephone: (617) 248-7000
Facsimile: (617) 790-0297


Daniel E. Reidy
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

***Counsel for Defendant
TAP Pharmaceutical Products Inc.***