# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

## PLAINTIFFS' MOTION FOR LEAVE TO TAKE ADDITIONAL LIMITED DISCOVERY AND REQUEST FOR ORAL ARGUMENT

Pursuant to Fed.R.Civ.P. 9(b) and 26 and applicable case law, Plaintiffs move this Court for an Order granting Plaintiff leave to conduct limited discovery on those matters for which Defendants' claim the Amended Master Consolidated Complaint ("AMCC") fails to satisfy the requirements of Rule 9(b). Plaintiffs contend that this Court's May 13, 2003 Order does not require Plaintiffs to quantify and identify the amount of the spread for each of the AWPIDs identified in the AMCC. However, in the event this Court finds that the allegations set forth in the AMCC do not meet the requirements of Fed.R.Civ.P 9(b) because it does not specify the amount of the fraudulent "spread" associated with each drug, MDL Class Plaintiffs hereby move this Court for leave to take additional limited discovery of Defendants and for leave to amend the AMCC to include a calculation of such a "spread" for each drug.

MDL Class Plaintiffs request that the Court permit them to obtain discovery into the actual transaction prices associated with each drug and other conduct associated with

Defendants' marketing strategies, information which is solely in the control of Defendants and unavailable to Plaintiffs. Such discovery, and an opportunity to amend, are supported, if not mandated, by *New England Data Servs., Inc. v. Becher*, 829 F.2d 286 (1st Cir. 1987). Plaintiffs cannot calculate a "spread" for each of the drugs in the AMCC without additional discovery from Defendants, because the information consists of actual transaction and pricing data and is therefore, in the words of this Court, "peculiarly within the defendants' control." *United States ex rel. Franklin v. Parke-Davis*, 147 F.Supp. 2d 39, 47 (D. Mass. 2001) (quoting *Boston & Me. Corp. v. Hampton*, 978 F.2d 855, 866 (1st Cir. 1993)); *see also Becher*, 829 F.2d at 292.

Plaintiffs seek narrowly targeted categories of discovery. For each of the drugs listed in the AMCC (each AWP Identified Drug or "AWPID"), Plaintiffs request that the Court order each Defendant to produce the following categories of documents, where such documents were created on or after January 1, 1991:

1. All documents relating to any actual, proposed, or prospective price announcements, price changes, discount programs, rebates, incentives, penalties, or price lists issued by any defendant for each AWPID;

2. All documents relating to the use or provision of free samples, educational grants, marketing grants, volume discounts, rebates, payments for specific data gathering, financial incentives, or other incentive to induce purchases of any AWPID during the relevant time period;

3. For each AWPID, documents sufficient to identify during the relevant time period:

    (a)    AMP (average manufacturer price);

    (b)    ASP (average sales price, *i.e.*, the price after all discounts);

    (c)    EAC (estimated acquisition cost);

    (d)    Earned margin (difference between AWP and actual product cost);

    (e)    All documents that relates to discussions of spreads or reimbursement profiles, using AWP as an incentive; and

    (f)    All documents necessary to determine whether the AWP, ASP, AMP and Earned Margin include all rebates, discounts, allowances, chargebacks, on and off invoice adjustments and credits, and any other incentives provided to any third parties;

4. All documents accounting for the free samples given of any AWPID;

5. Copies of all educational grants provided to any purchasing customer of a AWPID during the relevant period;

6. All data maintained in electronic form relating to the pricing, cost data and transactional sales, of each AWPID in the United States for the relevant time period, including all rebates, discounts, allowances, chargebacks, on and off invoice adjustments and credits. Such data should be produced in electronic form. Plaintiff would also requests that Defendants produce all documents or instructions necessary to access, process, read and use such electronic data;

7. All data maintained in electronic form relating to customer invoices for each AWPID, including, but not limited to, customer names and addresses, purchase volume, prices, and discounts for the relevant time period. Such data should be produced in electronic form and include all documents and/or instructions necessary to access, process, read and use the electronic data

8. All documents evidencing any agreements and performance of agreements between defendants and any one or more pharmacy benefit manager identified in the AMCC relating to one or more AWPID.

In support of this motion, MDL Class Plaintiffs have submitted herewith Plaintiffs' Memorandum in Support of Motion to Take Additional Limited Discovery, the

Affidavit of Thomas M. Sobol in Support of Plaintiffs' Motion for Leave to Take Additional Limited Discovery, and a Proposed Order.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs believe that oral argument on this motion would assist the Court in considering Plaintiffs' motion and respectfully request oral argument on this matter.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 37.1

Over the last two and one half months, Plaintiffs' counsel has been in contact with each of the Defendants to discuss the scope of discovery and to try to narrow disagreement between the parties concerning the scope of discovery permissible at this stage of the litigation. These efforts include a telephone conference with all Defendants on June 27, 2003 wherein a discussion of documents requests encompassing those documents requested in Plaintiffs' Motion were discussed. No Defendant agreed to produce such information and no further narrowing of the areas of disagreement with respect to these items was possible during that conference, nor as a result of subsequent communications with Defendants.

DATED:       September 15, 2003                    By _____
                                                   Thomas M. Sobol (BBO # 471770)
                                                   Edward Notargiacomo (BBO #567636)
                                                   Hagens Berman LLP
                                                   225 Franklin Street, 26th Floor
                                                   Boston, MA  02110
                                                   Telephone: (617) 482-3700
                                                   Facsimile: (617) 482-3003

                                                   **LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Samuel Heins
Brian Williams
Heins, Mills & Olson, P.C.
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

Jeff Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

**CHAIRS OF LEAD COUNSEL COMMITTEE**

Marc H. Edelson
Alan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Elizabeth Fegan Hartweg
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

**MEMBERS OF LEAD COUNSEL COMMITTEE AND EXECUTIVE COMMITTEE**

Michael McShane
Alexander, Hawes & Audet, LLP
300 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 982-1886

Facsimile: (415) 576-1776

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
Shreveport, LA 71103
Telephone: (318) 226-0826
Facsimile: (318) 424-9900

## MEMBERS OF EXECUTIVE COMMITTEE

Anthony Bolognese
Bolognese & Associates
One Penn Center
1617 JFK Boulevard, Suite 650
Philadelphia, PA 19103
Tel: (215) 814-6750
Fax: (215) 814-6764

Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Avenue, N.E.
Suite 300
Washington, D.C. 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

Neal Goldstein (Of Counsel)
Freedman & Lorry, PC
400 Market Street, Suit 900
Philadelphia, PA 19106
Tel: (215) 925-8400
Fax: (215) 925-7516

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL 33134
Tel: (305) 357-9000
Fax: (305) 357-9050

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street, Suite 1700
San Diego, CA 92101
Tel: (619) 338-1133
Fax: (619) 338-1139

Jonathan D. Karmel
Karmel & Gilden

221 N. LaSalle Street
Suite 1414
Chicago, IL 60601
Tel: (312) 641-2910
Fax: (312) 641-0781

G. Mark Albright
Albright, Stoddard, Warnick & Albright
Quail Park 1, Building D-4
801 South Rancho Drive
Las Vegas, NV 89106

Dianne M. Nast
Roda & Nast, PC
801 Estelle Drive
Lancaster, PA 17601
Tel: 717-892-3000
Fax: 717-892-1200

Henry H. Rossbacher
Rossbacher & Associates
811 Wilshire Boulevard,
Suite 1650
Los Angeles, CA 90017-2666
Tel: (213) 895-6500
Fax: (213) 895-6161

Jonathan Shub
Sheller, Ludwig & Badey, P.C.
1528 Walnut Street, 3rd fl
Philadelphia, PA 19102
Tel: (215) 790-7300
Fax: (215) 546-0942

Scott R. Shepherd
Shepherd & Finkleman, LLC
117 Gayley Street, Suite 200
Media, PA 19063
Tel: (610) 891-9880
Fax: (610) 891-9883

Lee Squitieri
Squitieri & Fearon
521 Fifth Avenue, 26th floor
New York, NY 10175
Tel: (646) 487-3049
Fax: (646) 487-3095

Lisa J. Rodriguez
Ira Neil Richards
Trujillo Rodriguez & Richards, LLC
The Penthouse

226 West Rittenhouse Square
Philadelphia, PA 19103
Tel: (215) 731-9004
Fax: (215) 731-9044

Mitchell A. Toups
Weller, Green, Toups & Terrell, L.L.P.
2615 Calder Street, Suite 400
P.O. Box 350
Beaumont, TX 77704
Tel: (409) 838-0101
Fax: 409-838-6780

Damon Young
Lance Lee
Young, Pickett & Lee
4122 Texas Boulevard
P.O. Box 1897
Texarkana, AR/TX 75504
Tel: (903) 794-1303
Fax: 903-792-5098; 903-794-5098

**ADDITIONAL ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I, Edward Notargiacomo, an attorney, caused true and correct copies of the foregoing Plaintiffs' Motion For Leave to Take Additional Limited Discovery to be served on all counsel of record electronically, pursuant to Section D of Case Management Order No. 2., this 15th day of September, 2003.

By: /s/ Edward Notargiacomo
Edward Notargiacomo, Esq.
HAGENS BERMAN LLP
225 Franklin Street, 26th floor
Boston, MA 02110
(617) 482-3700