UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

## [PROPOSED] ORDER

Having considered each of the parties submissions with respect to Motions to Dismiss the AMCC, as well as Plaintiffs' Motion for Leave to Take Additional Limited Discovery and Defendants' response thereto, and having heard oral argument on Plaintiffs' Motion, Plaintiffs' Motion for Leave to Take Additional Limited Discovery is hereby, GRANTED and it is hereby ORDERED:

Within thirty (30) days of the date of this Order, each Defendant named in the AMCC is to produce to Plaintiffs, in electronic form where possible, the following information with respect to each of the drugs identified in the AMCC (the AWP Identified Drugs or "AWPIDs"), where such documents of information were created on or after January 1, 1991:

1.  All documents relating to any actual, proposed, or prospective price announcements, price changes, discount programs, rebates, incentives, penalties, or price lists issued by any Defendant for each AWPID;

2.  All documents relating to the use or provision of free samples, educational grants, marketing grants, volume discounts, rebates, payments for specific data gathering,

financial incentives, or other incentive to induce purchases of any AWPID during the relevant time period;

    3.    For each AWPID, documents sufficient to identify during the relevant time period:

    (a)    AMP (average manufacturer price);

    (b)    ASP (average sales price, *i.e.*, the price after all discounts);

    (c)    EAC (estimated acquisition cost);

    (d)    Earned margin (difference between AWP and actual product cost);

    (e)    All documents that relate to discussions of spreads or reimbursement profiles, using AWP as an incentive; and

    (f)    All documents necessary to determine whether the AWP, ASP, AMP and Earned Margin include all rebates, discounts, allowances, chargebacks, on and off invoice adjustments and credits, and any other incentives provided to any third parties;

    4.    All documents accounting for the free samples given of any AWPID;

    5.    Copies of all educational grants provided to any purchasing customer of AWPID during the relevant period;

    6.    All data maintained in electronic form relating to the pricing, cost data and transactional sales, of each AWPID in the United States for the relevant time period, including all rebates, discounts, allowances, chargebacks, on and off invoice adjustments and credits. Such data should be produced in electronic form. Defendants shall also produce all documents or instructions necessary to access, process, read and use such electronic data;

    7.    All data maintained in electronic form relating to customer invoices for each AWPID, including, but not limited to, customer names and addresses, purchase volume, prices, and discounts for the relevant time period. Such data should be produced

in electronic form and include all documents and/or instructions necessary to access, process, read and use the electronic data;

    8.    All documents evidencing any agreements and performance of agreements between Defendants and any one or more pharmacy benefit manager identified in the AMCC relating to one or more AWPID.

Dated: _____, 2003

                                                            J. Saris, USDC

## CERTIFICATE OF SERVICE

I hereby certify that I, Edward Notargiacomo, an attorney, caused true and correct copies of the Proposed Order to be served on all counsel of record electronically, pursuant to Section D of Case Management Order No. 2., this 15th day of September, 2003.

By: _____
Edward Notargiacomo, Esq.
HAGENS BERMAN LLP
225 Franklin Street, 26th floor
Boston, MA 02110
(617) 482-3700