UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL # 1456<br>Civil Action # 1:01-cv-12257-PBS<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: | |
| *State of Connecticut v. GlaxoSmithKline PLC, et al.*,<br>Civil Action # 1:03-cv-11348-PBS | |
| *State of Connecticut v. Pharmacia Corp.*,<br>Civil Action # 1:03-cv-11349-PBS | |
| *State of Connecticut v. Aventis Pharmaceuticals, Inc.*,<br>Civil Action # 1:03-cv-11350-PBS | |
| *State of Connecticut v. Dey, Inc., et al.*,<br>Civil Action # 1:03-cv-11351-PBS | September 12, 2003 |

### MEMORANDUM BY THE STATE OF CONNECTICUT IN OPPOSITION TO DEFENDANTS' MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. §1292(b)

**I.   INTRODUCTION**

The STATE OF CONNECTICUT strongly opposes the Defendants' motion for certification of an interlocutory appeal to the United States Court of Appeals for the First Circuit.

Defendants acknowledge in their motion that this Court's prior decision and remand order in *State of Montana v. Abbot Labs*, 266 F. Supp. 2d 250 (D. Mass. June 11, 2003)[1] will lead this Court to grant the STATE OF CONNECTICUT'S pending motions for remand of the present actions to state court. Defendants claim that they "do not seek to re-litigate in this Court the federal question issue decided in those rulings." Defendants' Motion for Certification of an Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b), p. 2. Defendants' also recognize that 28

---

[1] A motion to reconsider that decision was also denied by this court. *State of Minnesota v. Pharmacia Corp.*, Civil Action # 03-10069-PBS, slip op (D. Mass. Aug. 20, 2003).

U.S.C. §1447(d), which provides that "an order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise", clearly would preclude appellate review of a remand order issued by this Court.

Even though Defendants essentially concede that this Court will remand these actions back to state court, and that such a remand order would be immune from appellate review, Defendants nevertheless bring this motion urging this Court to deny the motions to remand, and to certify the jurisdictional question for interlocutory review by the First Circuit. In bringing this motion, the Defendants ask this Court to rule in a manner that is directly contrary to the reasoning in this Court's earlier decisions on this exact issue.

Defendants have failed to offer any reason, and the STATE OF CONNECTICUT does not know of any, why the jurisdictional question at issue in these actions is any different from that presented in the *State of Montana v. Abbot Labs.* Similarly, Defendants have not articulated any compelling reason, and the STATE OF CONNECTICUT does not know of any, why this Court should rule contrary to the law in order to invoke the extraordinary procedure of an interlocutory appellate review.

For the reasons that follow, this Court should deny the Defendants' motion for certification of an interlocutory appeal.

## II. DEFENDANTS HAVE NOT ESTABLISHED THAT CERTIFICATION OF AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) IS WARRANTED IN THESE ACTIONS.

Interlocutory appeals under 28 U.S.C. § 1292(b) are only available where the district court, exercising its discretion, certifies that the order sought to be appealed "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the

litigation...." 28 U.S.C. § 1292(b). The case law is clear that interlocutory review under 28 U.S.C. §1292(b) is reserved for "'exceptional' cases while generally retaining for the federal courts a firm final judgment rule. [Citations omitted]." *E.g., Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74, 117 S. Ct. 467, 475 (1996). "[A]lthough the law was designed as a means to make interlocutory appeals available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." The use of [28 U.S.C.] §1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation. [Citation omitted]." *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863 (2d Cir. 1996).

The First Circuit has established the following standard for interlocutory appeals under 28 U.S.C. §1292(b):

> [I]nterlocutory certification under 28 U.S.C. §1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority.

*Palandjian v. Pahlavi*, 782 F.2d 313, 314 (1st Cir. 1986) (Per Curiam) (vacating order allowing interlocutory appeal); See also *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984); *Sandler v. Eastern Airlines, Inc.*, 649 F.2d 19, 20 (1st Cir. 1981) (Per Curiam) (dismissing interlocutory appeal without addressing its merits); *In Re Heddendorf*, 263 F.2d 887, 888 (1st Cir. 1959) (dismissing interlocutory appeal).

Defendants have failed to articulate: (1) any difficult and pivotal question of law not already well settled by controlling authority; (2) how their proposed interlocutory appeal will materially advance the ultimate outcome of this litigation; or (3) any exceptional circumstance that would warrant appellate review within the parameters of 28 U.S.C. §1292(b). Accordingly, Defendants' motion should be denied.

A. **REMANDING THESE CASES TO STATE COURT IN CONNECTICUT IS ENTIRELY CONSISTENT WITH CONTROLLING LEGAL AUTHORITY, AS WELL AS WITH THIS COURT'S PAST DECISIONS.**

Defendants do not advance any new arguments to support their request for this Court to deny the motion to remand this action to state court. Rather, Defendants offer arguments which are identical to those which Defendants repeatedly and unsuccessfully have made to this Court in opposing the STATE OF CONNECTICUT's motion to remand these cases to state court. Certainly, the regurgitation of these identical arguments does not warrant using the extraordinary tool of certification of an interlocutory appeal.

In *Montana v. Abbot Laboratories*, 266 F. Supp. 250 (D. Mass 2003), this Court properly followed the United States Supreme Court's mandate that if Congress chooses not to provide a private remedy for the violation of a federal statute, federal jurisdiction cannot be premised on the statute. As recognized by this Court and stated by the Supreme Court in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 814 (1986):

> We simply conclude that the congressional determination that there should be not federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal question jurisdiction.

478 U.S. at 814.

Ignoring the clear holding of *Merrell Dow* — and the well reasoned decision of this Court in *Montana v. Abbot Laboratories* properly applying the holding of *Merrell Dow* — Defendants claim that the jurisdictional issue in these cases presents a "question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). However, *Merrell Dow* is clear that the incorporation of a federal standard into a state law cause of action is simply insufficient to confer federal jurisdiction unless the federal law also contains a private remedy.

In this case, Defendants have never argued that such a private remedy exists, and cannot do so, because no such private remedy exists. This Court's decision in *Montana v. Abbot Laboratories* confirms that the use of the term "average wholesale price" in a federal regulation does not confer federal jurisdiction on these state law causes of action.

Unlike *Almond v. Capital Properties, Inc.*, 212 F.3d 20, 22-23 (1st Cir. 2000), a case relied upon by Defendants in their motion, the STATE OF CONNECTICUT'S cases do not turn on the interpretation of a contract involving the federal government, not does it present "important constitutional issues." *Almond*, 212 F.3d at 24. Rather, much like *Merrell Dow*, it merely touches on the meaning of a term referenced in a federal statute for which no private cause of action was provided by Congress.

Contrary to the misleading arguments of Defendants, the clear weight of authority from the circuits that have considered this issue, including the First Circuit, is that *Merrell Dow* should be interpreted exactly as this Court did in *Montana v. Abbot Laboratories,* and as this Court should in the present cases. The First, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, and D.C. Circuits have all construed *Merrell Dow* to preclude federal jurisdiction where the federal statute at issue does not provide a private remedy. *PCS 2000 LP v. Romulus Telecommunications, Inc.*, 148 F.3d 32, 35 (1st Cir. 1998); *Nashoba Communications Ltd. Partnership No. 7 v. Town of Danvers*, 893 F.2d 435, 438-39 (1st Cir. 1990); *Zubi v. AT&T Corp.*, 219 F.3d 220, 223 n.5 (3d Cir. 2000); *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 152 (4th Cir. 1994); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1169 (5th Cir. 1988); *Heydon v. MediaOne of Southeast Michigan, Inc.*, 327 F.3d 466, 472 (6th Cir. 2003); *TCG Detroit v. City of Dearborn*, 206 F.3d 618, 622, n.2 (6th Cir. 2000), *reh'g and reh'g en banc denied* (May 1, 2000); *Seinfeld v. Austen*, 39 F.3d 761, 764 (7th Cir. 1994), *cert. denied*, 514 U.S.

1126 (1995); *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1212 (9th Cir. 1998); *Utley v. Varian Assocs., Inc.*, 811 F.2d 1279 (9th Cir. 1987), *cert. denied*, 484 U.S. 824 (1987); *Nicodemus v. Union Pacific Corp.*, 318 F.3d 1231, 1238 (9th Cir. 2003); *Rovers v. Platt*, 814 F.2d 683, 688-89 (D.C. Cir. 1987).

Thus, contrary to Defendants' claims, the jurisdictional issue that the present case presents is not a question of law "as to which there is substantial ground for difference of opinion." Accordingly, this case simply does not present a proper circumstance for certification of an interlocutory appeal.

### B. AN INTERLOCUTORY APPEAL WILL NOT ADVANCE THE ULTIMATE OUTCOME OF THIS LITIGATION.

An interlocutory appeal of the fundamental federal jurisdictional question here will prolong and further delay the prosecution of these cases rather than advancing the ultimate outcome. Defendants' erroneous assertion of federal jurisdiction already has substantially delayed these cases. An interlocutory appeal will only serve to cause further delay. After all, the consequence of the remand is the parties having a full opportunity to litigation these matters in the state court in which they were commenced. Because these cases will be fully litigated in state court if remanded, or in federal court if not, the determination of whether there is federal jurisdiction really has little bearing on advancing the ultimate outcome of the cases — they will be fully litigated regardless of which court they are in.

C.    **PERMITTING AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292(b) WOULD UNDERMINE THE PROVISIONS OF 28 U.S.C. §1447(d) THAT BAR REVIEW OF ORDERS REMANDING CASES TO STATE COURT BY APPEAL OR OTHERWISE.**

The relevant statutory text makes clear that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise..."[2] 28 U.S.C. §1447(d). *See Ex Parte Pennsylvania Co.*, 137 U.S. 451, 454 (1890) (prohibiting review "by whatever process" of orders granting remand to state court eliminates delay and expedites litigation of issues on their merits). Defendants concede that, were this Court to grant the STATE OF CONNECTICUT'S motion for remand to state court, such a remand order would not be subject to appellate review.

Defendants purport to find support for their motion, however, in Wright, Miller & Cooper's FEDERAL PRACTICE AND PROCEDURE, noting that "[a] court faced with a *close question of removability* may be inclined to deny remand and certify an interlocutory appeal in order to provide the opportunity for appellate review that would be lost if remand were granted." (emphasis added.) 15A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE, § 3914.11. As the Defendants' concede in their motion, "In *State of Montana v. Abbott Labs*, 266 F. Supp. 2d 250, 256 (D. Mass. June 11, 2003), this Court held that similar Medicare beneficiary claims brought by the State of Minnesota did not create federal questions because the Medicare statute does not provide a private cause of action." Defendants' Motion for Certification of an Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b), p. 1-2. As has been established above, the clear weight of judicial authority has applied the holding of *Merrell Dow* in the same manner as did this Court in *Montana v. Abbot.* Thus, the observation

---

[2] The text of 28 U.S.C. § 1447(d) goes on to provide only one exception, clearly not applicable in this case, for civil rights cases removed under 28 U.S.C. § 1443.

7

by commentators Wright, Miller & Cooper has no relevance in the present case because there is no "close question of removability."

Finally, the Court should deny Defendants' motion for certification of an interlocutory appeal because it is not nearly as important to rectify an erroneous remand decision as it is to rectify the erroneous denial of a remand motion. The erroneous assertion of federal jurisdiction resulting from the latter scenario can result in a tremendous waste of the parties' and the Court's resources if a motion is later brought after the conclusion of the case to vacate the judgment for lack of subject matter jurisdiction or if an appellate court determines that there was no federal jurisdiction in the first instance. An erroneous remand, on the other hand, simply means that a case, which perhaps could have been litigated in federal court, instead gets litigated in state court. This point is underscored by Wright, Miller and Cooper:

> An erroneous remand, moreover, means only that the removing party is denied the right to trial in federal court; as important as it is to make correct decisions about matters of federal jurisdiction and even removal procedure, trial in state court is not a horrible fate.

15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE, § 3914.11, 703 (1992).

While the erroneous denial of its remand motion would compel the STATE OF CONNECTICUT to litigate this case in a court lacking subject matter jurisdiction, the trial of this case in state court in Connecticut as the result of a remand is hardly a "horrible fate" for any party.

## III.   CONCLUSION

For all of the foregoing reasons this Court should conclude that that Defendants have failed to establish the extraordinary circumstances necessary for certification of an interlocutory appeal under 28 U.S.C. §1292(b). Accordingly, the STATE OF CONNECTICUT respectfully

requests that the motion for certification of an interlocutory appeal under 28 U.S.C. §1292(b) be denied.

**STATE OF CONNECTICUT**

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Robert B. Teitelman
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: (860)808-5355/ Fax: (860)808-5391
e-mail: robert.teitelman@po.state.ct.us

BY: _____
Karla A. Turekian
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: (860)808-5355/ Fax: (860)808-5391
e-mail: karla.turekian@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing MEMORANDUM BY THE STATE OF CONNECTICUT IN OPPOSITION TO DEFENDANTS' MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. §1292(b) was served on all counsel of record on September 12, 2003 by electronic service pursuant to ¶11 of Case Management Order #2 by sending a copy to Verilaw Technologies for posting a notification to all parties.

_____
Robert B. Teitelman
Assistant Attorney General