# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*State of Montana v. Abbott Labs., Inc., et al.*, D. Mont. Cause No. CV-02-09-H-DWM<br><br>*State of Nevada v. American Home Products Corp., et al.*, D. Nev. Cause No. CV-N-02-0202-ECR | |

## STATES OF MONTANA AND NEVADA'S RESPONSE TO DEFENDANTS' MOTION FOR AN ORDER COORDINATING DISCOVERY

The States of Montana and Nevada (the "States") object in part to proposed Case Management Order No. 8 ("CMO No. 8") and submit a redlined version of proposed CMO No. 8 reflecting their position with respect to the mandatory coordination of discovery between the various State court cases and the MDL class action. In support of their opposition the States' submit this memorandum and a redlined version of CMO No. 8 attached hereto, as <u>Exhibit A</u>.

### 1. **Limitation On Discovery**

The States agree that the concept of coordination is a good one. However, the States do not agree that the "limited discovery" in the MDL class action should be the scope of current discovery in the States' cases. The general rule is that a "district court ... may stay discovery when it is ***convinced*** that the plaintiffs will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (emphasis added);

*B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979). As set forth in the Plaintiffs' Report on the Status of Discovery filed on August 29, 2003, discovery in the class action is limited to less than ten (10) drugs from six (6) defendants. By suggesting that the States' discovery be so limited, Defendants in effect seek a stay in discovery in the States' cases. Defendants do not suggest they meet the standards for imposing a stay and they do not. This Court in the ruling on the Motions to Dismiss the Master Consolidated Complaint ("MCC") sustained consumer protection claims. Such claims dominate the State's complaints and no "standing" or "drug identification" issues exist in the States' cases. Hence these cases will go forward on the consumer claims on all of the drugs identified in the States' complaints.

Defendants' suggestion of a limitation on discovery fails for additional reasons. First, many of the Defendants in the States' cases are not producing any discovery because they were dismissed from the MCC. Thus, despite the fact many of these Defendants are producing documents in response to Congressional inquiries, these Defendants are not producing such documents in the MDL, taking the position that they are not parties and hence do not need to produce such documents. However, they are parties to the States' cases, and will continue to be. The limitations on Defendants' production of documents in the Proposed CMO No. 8 makes no sense in the context of the States' cases.

Further, to the extent documents are produced in the State cases, such efforts will advance the progress of the MDL as the documents that will be collected, assembled and produced in the State's cases can be later used in the MDL class actions.

### 2. Coordination With State Cases

Coordination with the MDL class cases is a good concept. However, the State cases are different. They involve best price claims, Medicaid fraud claims, and parens

patrie claims that differ in scope and content from the MDL class claims. Discovery, therefore, will not and should not be the same.

Second, the State cases will be on a different schedule. Discovery in the MDL class cases may not meaningfully get underway until after a ruling on the Motion to Dismiss the Amended Master Consolidated Complaint, which may not occur until 2004. Discovery in the State cases that have been remanded should not be subject to a schedule set by this Court, but rather should be set by the prerogative and powers of the State court judge presiding over these cases. Those State courts should be free to set a schedule that is appropriate for that case, which may make coordination difficult.

Further, the State cases are, in some instances, narrower than the MDL class action, involving fewer companies and drugs. These State cases should proceed at a faster pace than the MDL class action, and there is no reason that these State cases should have a scheduled inextricably tied to the MDL schedule.

Thus, coordination should be a "goal" and not mandatory as provided by Defendants' Proposed CMO No. 8. The States respectfully suggest that each State court should retain the right to manage its own docket.

For the Court's convenience and consideration, the States have filed herewith a redlined version of CMO No. 8 reflecting changes they would suggest to Defendants' Proposed CMO No. 8. The redlined CMO No. 8 is attached hereto as <u>Exhibit A</u>. The States' respectfully request that the Court enter the States' Redlined Proposed CMO No. 8.

DATED: September 17, 2003.

By _____
Steve W. Berman
Sean R. Matt
HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

COUNSEL FOR PLAINTIFFS
STATE OF MONTANA AND
STATE OF NEVADA


Brian Sandoval
Attorney General of the State of Nevada
L. Timothy Terry
Assistant Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4714

ADDITIONAL COUNSEL FOR
PLAINTIFF
STATE OF NEVADA

Mike McGrath
Attorney General of Montana
Kathy Seeley
Assistant Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT 56920-1402
(406) 444-2026

Joseph P. Mazurek
CROWLEY, HAUGHEY,
HANSON, TOOLE & DIETRICH PLLP
100 North Park Avenue, Suite 300
P.O. Box 797
Helena, MT 59601-6263
(406) 449-4165

ADDITIONAL COUNSEL FOR
PLAINTIFF
STATE OF MONTANA

1534.16 0032 MTN.DOC

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that I, Edward Notargiacomo, an attorney, caused true and correct copies of the foregoing States of Montana and Nevada's Response to Defendants' Motion for an Order Coordinating Discovery to be served on all counsel of record electronically, pursuant to Section D of Case Management Order No. 2 on this 17th day of September, 2003.

By: /s/ Edward Notargiacomo
Edward Notargiacomo, Esq.
HAGENS BERMAN LLP
225 Franklin Street, 26th floor
Boston, MA 02110
(617) 482-3700