UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO: | |
| *Rice v. Abbott Laboratories, et al.*, N.D. Cal., Case No. C 02-3925 MJJ | **MDL NO. 1456** |
| *Thompson v. Abbott Laboratories, et al.*, N.D. Cal. Case No. C 02-4450 MJJ | **CIVIL ACTION: 01-CV-12257-PBS** |
| | **Judge Patti B. Saris** |
| *Turner v. Abbott Laboratories, et al.*, N.D. Cal. Case No. C 02-5006 MJJ | |
| *Congress of California Seniors v. Abbott Laboratories, et al.*, N.D. Cal., Case No. C 02-8179 MJJ | |

**DEFENDANTS' CONSOLIDATED SURREPLY MEMORANDUM IN
OPPOSITION TO PLAINTIFFS' MOTIONS TO REMAND**

All of the defendants in these four actions respectfully submit this consolidated surreply memorandum in opposition to the plaintiffs' motions to remand.

In their reply, Plaintiffs concede that their actions are brought on behalf of ERISA plans, participants, and beneficiaries to recover plan and beneficiary funds spent on prescription drugs. Reply at 10. In addition, Plaintiffs do not dispute that ERISA plan documents set forth the terms under which these ERISA parties allegedly made payments for prescription drugs. Therefore, an examination of the underlying ERISA plan documents will be critical to resolving Plaintiffs' claims, both as to liability and damages. Under these circumstances, where ERISA parties seek to recover plan assets, ERISA complete preemption applies.

## ARGUMENT

### A. The Court Will Have To Examine The Relevant ERISA Plan Documents To Determine Liability And Damages

Plaintiffs concede that a state law claim "relates to" an ERISA plan if the Court cannot determine *liability* without examining the ERISA plan documents. *See, e.g., In re Pharm. Indus. AWP Litig.*, 263 F. Supp. 2d 172, 191 (D. Mass. 2003) ("A state law claim is preempted when the Court's inquiry must be directed to the plan to resolve the claim.") (internal quotations omitted). Plaintiffs, however, make two arguments for why the Court will not need to examine the terms of ERISA plans in this case. Reply at 10.

First, Plaintiffs argue that the Court need not look at ERISA plans because the California statute does not refer to an ERISA plan. But ERISA preemption routinely applies even where the state statute itself does not relate to ERISA or benefit plan issues. *See Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1010 (9th Cir. 1998) (plaintiffs' state law tort claims, breach of contract claim, and claim under the Washington Consumer Protection Act, none of which specifically referred to ERISA plans, were preempted by ERISA); *Davis v. SmithKline*

*Beecham Clinical Labs., Inc.*, 993 F. Supp. 897, 898 (E.D. Pa. 1998) (claim under Pennsylvania Unfair Trade Practices and Consumer Protection Act, which does not mention ERISA, preempted by ERISA).[1]

Second, Plaintiffs argue that the Court does not need to examine the terms of any ERISA plans because Plaintiffs are not required to prove the "existence of or specific terms of the ERISA plan to establish their claims." Reply at 10. This is not the case. In order to establish that a Plaintiff has a claim at all, that Plaintiff must show that they made a payment for a prescription drug that was based on AWP. That determination necessarily entails an examination of the terms of the ERISA plan and insurance documents that governed Plaintiffs' payment for prescription drugs. In many cases, for example, these documents will show that Plaintiffs' insurer did not reimburse for prescription drugs based upon AWP or reimbursed based upon a flat, capitated rate. Thus, for many Plaintiffs, the Court must look at the ERISA and insurance plan documents to determine whether Defendants could be liable

Plaintiffs next contend that preemption is established only if the Court must review the ERISA and insurance documents to determine liability, not damages. But *Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790 (1st Cir. 1995), *explicitly* held that state law claims are preempted if *damages* cannot be calculated without reference to the terms of an ERISA plan. Plaintiffs claim that the *Carlo* court found preemption because the ERISA documents were critical in resolving defendant's liability, but the court based its decision on the fact that *damages* could not be calculated without reference to ERISA plan documents; the court did not address

---

[1] *Carpenters Local Union No. 26 v. United States Fidelity & Guaranty Co.*, 215 F.3d 136 (1st Cir. 2000), on which Plaintiffs, is readily distinguishable. In that case, the court did not need to examine any ERISA plan or insurance documents in order to resolve the plaintiffs' claim. Here, by contrast, the Court cannot determine liability or damages without examining the ERISA plan documents.

2

whether the ERISA plan documents were necessary to determine liability. *Id.* at 794; *see also Hampers v. W.R. Grace & Co.*, 202 F.3d 44, 52 (1st Cir. 2000) ("We have held that ERISA preempts state law causes of action for damages where the damages must be calculated using the terms of an ERISA plan.") (citing *Carlo*, 49 F.3d at 794).

### B. Plaintiffs' State Law Claims Are "Within The Scope" of ERISA's Civil Enforcement Provision

Plaintiffs do not dispute that state law claims fall within the scope of ERISA § 1132(a)(3) when they are brought by ERISA beneficiaries to recoup payments and plan assets that ERISA plans and beneficiaries wrongfully paid out pursuant to the terms of the ERISA plan's drug coverage provisions. Rather, Plaintiffs argue that ERISA § 1132(a)(3) cannot completely preempt their claims because Defendants are not themselves ERISA plans or plan fiduciaries and therefore cannot be sued under ERISA. This argument is without merit. ERISA's civil enforcement provision "admits of no limit . . . on the universe of possible defendants." *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246 (2000). Indeed, Plaintiffs' argument was rejected in *Blue Cross & Blue Shield of Alabama v. Weitz*, 913 F.2d 1544 (11th Cir. 1990), where the defendant argued that "because he is a non-fiduciary, non-party to the plan," he could not be liable under ERISA § 1132(a)(3). *Id.* at 1547 The court held instead that ERISA § 1132(a)(3) placed "no limitation on the types of defendants properly subject to an enforcement suit" and that allowing an ERISA action would "preserve the integrity of ERISA-governed funds." *Id.* at 1548; *see also Central States, Southeast & Southwest Areas Health & Welfare Fund v. Neurobehavioral Assocs., P.A.*, 53 F.3d 172 (7th Cir. 1995) (ERISA plan fiduciary could sue under ERISA § 1132(a)(3) to recover mistaken overpayment of plan monies to a third-party health care provider who was not an ERISA plan or fiduciary); *Davis v. SmithKline Beecham Clinical Labs., Inc.*, 993 F. Supp. 897, 899 (E.D. Pa.

3

1998) (ERISA beneficiary could sue under ERISA § 1132(a)(3) to recover payments made to third-party laboratories). Furthermore, Plaintiffs' attempt to distinguish *Weitz, Central States, Davis* and the TAP case because those cases involved suits by ERISA beneficiaries is unavailing as several of the Plaintiffs (namely Rice, Turner, and Thompson) are themselves ERISA beneficiaries.[2]

### C.     Plaintiffs Have Article III Standing

Plaintiffs assert that they do not have to allege Article III standing to bring claims under the California UCL, but this ignores the fact that *these* Plaintiffs *do* allege Article III standing in their complaints. Plaintiffs Rice, Thompson and Turner each bring suit on his or her own behalf (Rice Cplt. ¶ 1; Thompson Cplt. ¶ 1; Turner Cplt. ¶ 1), and allege that he or she "has been administered certain of the drugs which are part of the AWP scheme, and has made payments for these drugs pursuant to his insurance plan." Rice Cplt. ¶ 16; Thompson Cplt. ¶ 16; Turner Cplt. ¶ 12. CCS has likewise brought suit on behalf of itself and its members and has alleged that its "members purchase, and have purchased, prescription pharmaceuticals manufactured and/or distributed by [defendants] and were injured by the illegal conduct alleged herein." CCS Cplt. ¶ 13. These allegations are sufficient to satisfy Article III standing requirements. *See Allen v. Wright*, 468 U.S. 737, 751 (1984) (to allege Article III standing, "[a] plaintiff must allege injury fairly traceable to the defendant's allegedly unlawful conduct[.]").

---

[2] Certain Defendants have propounded jurisdictional discovery to confirm that Rice, Turner, and Thompson made payments for prescription drugs pursuant to the terms of an ERISA plan.

4

## CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court deny Plaintiffs' motions for remand.

**ON BEHALF OF ALL DEFENDANTS IN THE ABOVE-CAPTIONED ACTIONS**

BY: _/s/ Geoffrey E. Hobart_
Geoffrey E. Hobart
BBO #547499
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
Tel: (617) 854-1419
Fax: (617) 523-6850

Mark H. Lynch
Ethan M. Posner
Covington & Burling
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 662-5544
Fax: (202) 778-5544

Frederick G. Herold
Dechert LLP
975 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 813-4930
Fax: (650) 813-4848

DATE: September 22, 2003

*Counsel for SmithKline Beecham Corp. d/b/a GlaxoSmithKline ("GSK")*

5

## Certificate of Service

I hereby certify that on September 22, 2003, I caused a true and correct copy of this Motion to be served on all counsel by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

_____
Geoffrey E. Hobart

# HOLLAND & KNIGHT LLP

| | |
|---|---|
| Annapolis | Northern Virginia |
| Atlanta | Orlando |
| Bethesda | Portland |
| Bradenton | Providence |
| Chicago | St. Petersburg |
| Fort Lauderdale | San Antonio |
| Jacksonville | San Francisco |
| Lakeland | Seattle |
| Los Angeles | Tallahassee |
| Melbourne | Tampa |
| Miami | Washington, D.C. |
| New York | West Palm Beach |
| International Offices: | São Paulo |
| Caracas* | Tel Aviv* |
| Helsinki | Tokyo |
| Mexico City | |
| Rio de Janeiro | *Representative Office |

10 St. James Avenue
Boston, Massachusetts 02116

617-523-2700
FAX 617-523-6850
www.hklaw.com

September 22, 2003

**GEOFFREY E. HOBART**
617-854-1419
geof.hobart@hklaw.com

## VIA HAND DELIVERY

Tony Anastas
Clerk of Courts
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:  In re: Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456, Civil Action: 01-CV-12257-PBS

Dear Mr. Anastas:

Enclosed for filing please find Defendants' Consolidated Surreply Memorandum Of Law In Opposition To Plaintiffs' Motions To Remand.

Thank you for your attention to this matter.

Very truly yours,

Geoffrey E. Hobart

enc.

cc:  All Counsel of Record (via Verilaw)