IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: **PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** ) ) ) ) | 2003 SEP 22  P 5: 34<br>**MDL DOCKET NO. 1456** |
| _____ ) | **Civil Action No. 01-CV-11157** |
| **THIS DOCUMENT RELATES TO:** ) | **Lead Case No. 01-CV-12257** |
| *Swanston v. TAP Pharmaceutical Products Inc., at al.* ) ) | **Judge Patti B. Saris** |

## DEFENDANT TAP PHARMACEUTICAL PRODUCTS INC.'S
## MOTION TO COORDINATE DEPOSITIONS AND FOR A PROTECTIVE ORDER

Defendant TAP Pharmaceutical Products Inc. ("TAP") hereby moves the Court for an

Order compelling counsel for Plaintiff Robert J. Swanston, Donald E. Haviland, to coordinate all

depositions in each of his actions against TAP pending in federal and state courts with counsel

for plaintiffs any other pending Lupron®-related cases, including *In re Lupron® Marketing and*

*Sales Practices Litigation*, MDL Docket No. 1430.  TAP further requests that the Court enter a

Protective Order with regard to the deposition of H. Thomas Watkins, President of TAP

Pharmaceutical Products Inc., recently noticed by Mr. Haviland in each of his cases.

Specifically, TAP requests (1) that Mr. Haviland, permit, upon the request of either counsel for

the witness or counsel for any defendant in any pending Lupron®-related case, counsel for other

parties to Lupron®-related litigation to attend depositions of defense witnesses noticed by Mr.

Haviland; and (2) that the deposition of Mr. Watkins be continued until a future time set by the

Court where counsel for all parties in all Lupron®-related cases are prepared to attend and

complete their questioning of Mr. Watkins.  In support of its Motion, TAP states as follows:

1.      On June 13, 2003, the Judicial Panel on Multidistrict Litigation ("MDL Panel")

issued a Transfer Order transferring the case *Robert J. Swanston v. TAP Pharmaceutical*

*Products Inc., et al.* from the United States District Court for the District of Arizona to this Court

for coordination with *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL Docket No. 1456. (*See* Ex. 1). Plaintiff Swanston contends that his claims against TAP relate to the prescription drugs Lupron® and Prevacid®.[1]

2.      In addition to representing Plaintiff Swanston, Mr. Haviland also represents plaintiffs in two overlapping class actions pending against TAP in state courts, which make the same allegations with regard to the prescription drug Lupron® as alleged in the *Swanston* case: *Stetser, et al. v. TAP Pharmaceutical Products Inc., et al.*, No. 01-CV-5268 (New Hanover County, North Carolina) and *Walker v. TAP Pharmaceutical Products Inc., et al.*, No CPM-1-682-01 (Cape May County, New Jersey). TAP is also a defendant in overlapping Lupron®-related cases filed in state courts in California, Illinois, and Texas, and in MDL Docket No. 1430, *In re Lupron® Marketing and Sales Practices Litigation*, pending before Judge Richard G. Stearns in this District. These cases have been filed by other plaintiffs' counsel, including many of the same counsel representing plaintiffs in MDL 1456 currently pending before this Court.

3.      By its September 18, 2003 entry of CMO 8 in the Lead Case in MDL 1456, the Court has recognized the benefits of coordination of such related cases "in order to avoid duplication and the burden on the parties in discovery."

4.      In furtherance of these benefits of coordination, TAP has made numerous efforts to coordinate discovery in the several Lupron®-related cases. TAP's efforts include (a) cooperating with MDL 1430 counsel to obtain a Case Management Order from Judge Stearns coordinating discovery in MDL 1430 with discovery in certain Coordinated State Court Cases; (b) cooperating with counsel for plaintiffs in the Lupron®-related actions pending in Illinois and California state courts to coordinate those cases with MDL Docket No. 1430; and (c) obtaining

---

[1]      The Amended Master Consolidated Complaint, as well as many other complaints in MDL 1456, allege claims against TAP related to the prescription drug Prevacid®.

an order from the *Walker* Court, over Mr. Haviland's objection, ordering that "insofar as

practicable, as a matter of comity, discovery in [the *Walker*] case will be conducted in

cooperation and parallel with discovery in the coordinated Multi-District Litigation *In re*

*Lupron® Marketing and Sales Practices Litigation*, MDL No. 1430, in the United States District

Court for the District of Massachusetts, so that absent special circumstances, witnesses need only

be deposed once for the MDL litigation and [the *Walker*] case."[2]  (Ex. 2).  Throughout the course

of this litigation, Mr. Haviland has resisted any efforts to coordinate depositions in his pending

cases.[3]

     5.     Coordinating depositions in the *Swanston*, *Stetser*, and *Walker* cases with other

Lupron®-related cases is sensible and proper.  Given the significant resources devoted to

conducting depositions in these proceedings, and in light of the number of counsel, parties, and

third-party witnesses involved in these cases, the most prudent course is for Mr. Haviland to

coordinate his deposition efforts in each of his cases with all other pending Lupron®-related

litigation.  Without such coordination, TAP's witnesses will be subject unnecessarily to repeated

and likely duplicative depositions.

     6.     Coordination of depositions in these cases is especially important in light of the

recent Notice of Deposition for H. Thomas Watkins, the President of TAP Pharmaceutical

---

[2]  Unlike this proceeding, Mr. Haviland is not before Judge Stearns in MDL 1430, where the parties' Joint Motion for Assistance in the coordination of depositions in Mr. Haviland's state court cases with those in MDL 1430 was denied.

[3]  For example, prior to the issuance of the MDL Panel's Transfer Order in *Swanston*, Mr. Haviland served notices of deposition for numerous TAP current and former employees. Mr. Haviland refused, however, to proceed with his noticed depositions if any plaintiffs' counsel in MDL 1430 attended those depositions, despite counsel for TAP's numerous requests that Mr. Haviland coordinate his depositions with counsel for plaintiffs in other Lupron®-related cases, so that defense witnesses need not appear for depositions on multiple occasions and be subject to duplicative questioning. Unfortunately, in spite of continued efforts to do so, counsel for TAP has been unable to resolve this coordination issue with Mr. Haviland.

Products Inc. that Mr. Haviland issued in the *Swanston*, *Stetser*, and *Walker* cases.[4]  It would be extremely burdensome to Mr. Watkins and TAP if Mr. Haviland did not coordinate his deposition of Mr. Watkins in each of his cases and did not permit counsel for other Lupron®-related cases, such as counsel for plaintiffs in MDL 1430, to attend the deposition. *See Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D.R.I. 1985) (noting that a high-level executive "is a singularly unique and important individual who can be easily subjected to unwarranted harassment and abuse.  He has the right to be protected, and the courts have a duty to recognize his vulnerability."); *Crown Central Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 128 (Tex. 1995) ("[V]irtually every court which has addressed" the deposition of high-level executives has found that such depositions "present problems which should reasonably be accommodated in the discovery process.").[5]

7.      In addition to generally coordinating depositions in Mr. Haviland's cases with other Lupron®-related litigation, TAP also respectfully requests that, to lessen the burden that multiple depositions and repetitive questioning would impose on Mr. Watkins and TAP, the Court enter a Protective Order providing that the currently scheduled deposition of Mr. Watkins until a future time set by the Court where counsel for all parties in all Lupron®-related cases are prepared to attend and complete their questioning of Mr. Watkins and after Plaintiff Swanston's

---

[4]  In addition to noticing the deposition of Mr. Watkins, Mr. Haviland, at the same time, also noticed the depositions of TAP's lead counsel, Daniel E. Reidy and Richard Reiger, Senior Manager for Business and Development for TAP Pharmaceutical Products Inc. in this case. (*See* Defendant TAP's Motion for Protective Order regarding Mr. Reidy's deposition, filed concurrently with the instant Motion). Mr. Haviland advised TAP's counsel that he would refuse to proceed with the noticed deposition of TAP employee, Richard Reiger, if counsel for plaintiffs in MDL 1430 were to attend that deposition.

[5]  On a related note, Mr. Haviland has not demonstrated why he cannot obtain the information he seeks from a less burdensome source, such as interrogatories, a 30(b)(6) deposition, or depositions of lower level employees, none of which he has accomplished in the *Swanston* case. *See, e.g., Salver v. Upjohn Co.*, 593 F.2d 649, 650-51 (5th Cir. 1979) (affirming trial court's decision to require plaintiff to depose other employees before attempting to depose the president of the defendant company); *Baine v. General Motors Corp.*, 141 F.R.D. 332, 334-335 (M.D. Ala. 1991) (noting that "the legal authority is fairly unequivocal" that less intrusive means of discovery must be employed before deposing upper-level executives).

4

counsel has demonstrated that he cannot obtain the discovery requested from a less burdensome source.

## REQUEST FOR ORAL ARGUMENT

Defendant TAP respectfully requests that the instant Motion to Compel Coordination of Depositions be set for oral argument on October 9, 2003, the same date that the parties to this action will be appearing before the Court on Plaintiff Swanston's Remand Motion.

## CONCLUSION

For the foregoing reasons, TAP respectfully requests that this Court grant its Motion to Coordinate Depositions and for a Protective Order as to the Deposition of H. Thomas Watkins, and order (1) that Donald E. Haviland, counsel for Plaintiff Robert J. Swanston, coordinate all depositions in each of his actions related to Lupron® pending in federal and state courts as outlined in the attached Proposed Order (including that, absent an agreement of the parties to the contrary, no counsel shall be permitted to re-depose a witness on Lupron®-related issues if counsel declines to attend a deposition noticed by Mr. Haviland which counsel has been previously invited to attend); and (2) that the deposition of Mr. Watkins be continued until a future time set by the Court where counsel for all parties in all Lupron®-related cases are

prepared to attend and complete their questioning of Mr. Watkins and after less intrusive means

of discovery have been exhausted.

Dated: September 22, 2003                          Respectfully submitted,

*Joseph F. Savage / MMF*

Joseph F. Savage, Jr. (BBO# 443030)
TESTA, HURWITZ & THIBEAULT LLP
High Street Tower,
125 High Street
Boston, MA 02110
(617) 248-7000
(617) 248-7100 (facsimile)

Daniel E. Reidy
Lee Ann Russo
Mark P. Rotatori
JONES DAY
77 West Wacker Drive
Chicago, IL 60601-1692
(312) 782-3939
(312) 782-8585 (facsimile)

**Attorneys for TAP Pharmaceutical Products Inc.**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) | **MDL DOCKET NO. 1456** |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | **Civil Action No. 01-CV-11157** |
| *Swanston v. TAP Pharmaceutical Products Inc., at al.* | ) ) ) | **Lead Case No. 01-CV-12257** |
| | ) | **Judge Patti B. Saris** |
| | ) | |

### [PROPOSED] ORDER

This matter coming before the Court pursuant to Defendant TAP Pharmaceutical

Products Inc.'s Motion to Coordinate Depositions and for a Protective Order;

IT IS HEREBY ORDERED:

That Donald E. Haviland, counsel for Plaintiff Robert J. Swanston, coordinate all

depositions in each of his actions related to Lupron® pending in federal and state courts, and

permit, upon the request of either counsel for the witness or counsel for any defendant in any

pending Lupron®-related case, counsel for other parties to Lupron®-related litigation to attend

depositions of defense witnesses noticed by Mr. Haviland.  Absent an agreement of the parties to

the contrary, no counsel shall be permitted to re-depose a witness on Lupron®-related issues if

counsel declines to attend a deposition noticed by Mr. Haviland which counsel has been

previously invited to attend.

Furthermore, the deposition of H. Thomas Watkins, currently noticed by Mr. Haviland in

the *Swanston, Stetser,* and *Walker* cases, is hereby continued until Plaintiff Swanston's counsel

has demonstrated that he cannot obtain the discovery requested from Mr. Watkins from less

burdensome sources.  Upon such showing, the Court will designate a single day for Mr. Watkins'

deposition where counsel for all parties in all Lupron®-related cases are prepared to attend and complete their questioning of Mr. Watkins.

Dated: _____, 2003

_____
The Honorable Patti B. Saris
United States District Judge

## CERTIFICATION OF ATTORNEY CONFERENCE
## PURSUANT TO LOCAL RULES 7.1(A)(2) AND 37.1

Pursuant to Fed. R. Civ. P. 26(c) and L.R. 7.1(A)(2) and 37.1, counsel for Defendant TAP Pharmaceutical Products Inc., hereby certifies that she has conferred, on behalf of moving Defendant, with counsel for Plaintiff on numerous occasions by letter and by telephone, and has made reasonable and good faith efforts to resolve or narrow the issues presented by Defendant TAP Pharmaceutical Products Inc.'s Motion to Coordinate Depositions and for a Protective Order.

Dated:  September 22, 2003

Lee Ann Russo / MMF

Lee Ann Russo

## CERTIFICATE OF SERVICE

I, Monica M. Franceschini, hereby certify that on September 22, 2003, a true and correct copy of Defendant TAP Pharmaceutical Products Inc.'s Motion to Coordinate Depositions and for a Protective Order was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties, and was also served the following parties in MDL 1430 as indicated below:

*Via Verilaw*
Thomas M. Sobol
HAGENS BERMAN LLP
225 Franklin St., 26th Fl.
Boston, MA 02110

*Via Overnight Delivery*
Jeffrey L. Kodroff
SPECTOR, ROSEMAN & KODROFF
1818 Market St., Ste. 2500
Philadelphia, PA 19103

*Via Overnight Delivery*
Michael Hefter
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, NY 10019

*Via Overnight Delivery*
Richard W. Cohen
LOWEY, DANNENBERG, BEMPORAD & SELINGER, P.C.
One North Lexington Avenue
White Plains, NY 10601

*Via Overnight Delivery*
Joseph Saveri
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California 94111-3339

*Via Overnight Delivery*
Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL
1100 New York Avenue, N.W., Ste. 500
Washington, DC 20005

*Via Overnight Delivery*
J. Hoke Peacock, III
SUSMAN GODFREY
1000 Louisiana
Suite 5100
Houston, TX 77002-5096

CHI-1378445v2

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

DIRECT REPLY TO:

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge Julia Smith Gibbons
United States Court of Appeals
Sixth Circuit

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone:  [202] 502-2800
Fax:          [202] 502-2888

http://www.jpml.uscourts.gov

June 13, 2003

TO INVOLVED COUNSEL

Re:  MDL-1456 -- In re Pharmaceutical Industry Average Wholesale Price Litigation

*Robert J. Swanston v. TAP Pharmaceutical Products, Inc., et al.,* D. Arizona, C.A. No. 2:03-62

Dear Counsel:

For your information, I am enclosing a copy of an order filed today by the Judicial Panel on Multidistrict Litigation involving this matter.

Very truly,

Michael J. Beck
Clerk of the Panel

By *Leesa Bishop*

Deputy Clerk

Enclosure

JPML Form 34B

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 3 2003

FILED
CLERK'S OFFICE

## DOCKET NO. 1456

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

*Robert J. Swanston v. TAP Pharmaceutical Products, Inc., et al.,* D. Arizona, C.A. No. 2:03-62

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN,* J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiff in this action (*Swanston*) to vacate the Panel's order conditionally transferring *Swanston* to the District of Massachusetts for inclusion in the Section 1407 proceedings occurring there in this docket. All responding defendants oppose the motion to vacate and favor inclusion of this action in Section 1407 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that *Swanston* involves common questions of fact with the actions in this litigation previously transferred to the District of Massachusetts, and that transfer of this action to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The Panel further finds that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the District of Massachusetts was a proper Section 1407 forum for actions concerning whether (either singly or as part of a conspiracy) the pharmaceutical defendants engaged in fraudulent marketing, sales and/or billing schemes by unlawfully inflating the average wholesale price of certain prescription drugs in order to increase the sales of these drugs to health care professionals and thereby boost the pharmaceutical companies' profits. *See In re Pharmaceutical Industry Average*

---

* Judges Selya and Jensen did not participate in the decision of this matter. In light of the fact that other Panel members could be members of the putative class(es) in this litigation, each of those members has filed with the Clerk of the Panel a formal renunciation of any claim that he might have as a putative class member, thereby removing any basis for a disqualification on that ground. Alternatively, should it be determined for any reason that a disqualification survives the renunciation of any claim, the Panel invokes the Rule of Necessity to decide the matters now before it on the authority of, and for reasons explained in, *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation,* 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

- 2 -

*Wholesale Price Litigation*, 201 F.Supp.2d 1378 (J.P.M.L. 2002).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, *Robert J. Swanston v. TAP Pharmaceutical Products, Inc., et al.*, D. Arizona, C.A. No. 2:03-62, is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Patti B. Saris for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman





JUL 22 2002 FILED
Office of the Superior Court Clerk
by Deputy Clerk of the Superior Court

CHARLES E. McCAFFERY
Cape May County

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800

Attorneys for Defendant
TAP Pharmaceutical Products Inc.

| | |
|---|---|
| BERNARD WALKER, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>Vs.<br><br>TAP PHARMACEUTICAL PRODUCTS, INC., ABBOTT LABORATORIES AND TAKEDA CHEMICAL INDUSTRIES, LTD.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, CAPE MAY COUNTY DOCKET NO. CPM-682-01<br><br>CIVIL ACTION<br><br>CASE MANAGEMENT ORDER NO. 2 |

This matter having been brought before the Court at a telephone conference with Hon. Philip A. Gruccio., Special Master, on a telephone conference on May 30, 2002,

IT IS ON THIS 22nd day of July, 2002 ORDERED that insofar as practicable, as a matter of comity, discovery in this case will be conducted in cooperation and parallel with discovery in the coordinated Multi-District Litigation *In re Lupron® Marketing and Sales Practices Litigation*, MDL No. 1430, in the United States District Court for the District of Massachusetts, so that absent special circumstances, witnesses need be deposed only once for the MDL litigation and this case.

IT IS FURTHER ORDERED that a copy of this Order shall be served upon all counsel by counsel for defendant TAP Pharmaceutical Products, Inc. within seven days of the date of this Order.

_____
Hon. Joseph C. Visalli, J.S.C.