## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COUNTY OF SUFFOLK, <br><br> Plaintiff, <br><br> v. <br><br> ABBOTT LABORATORIES, INC., AGOURON PHARMACEUTICALS, INC., AMGEN, INC., ASTRAZENECA PHARMACEUTICALS L.P., ASTRAZENECA US, AVENTIS BEHRING L.L.C., AVENTIS PHARMACEUTICALS INC., BARR LABORATORIES, INC., BAYER CORPORATION, BERLEX LABORATORIES, INC., BIOGEN, INC., BRISTOL-MYERS SQUIBB COMPANY, CHIRON CORPORATION, ELI LILLY AND COMPANY, FOREST PHARMACEUTICALS, INC., FUJISAWA HEALTHCARE, INC., GENENTECH, INC., GLAXO WELLCOME, P.L.C., GLAXOSMITHKLINE PLC, IMMUNEX CORPORATION, IVAX CORPORATION, IVAX PHARMACEUTICALS INC., JANSSEN PHARMACEUTICA PRODUCTS, JOHNSON & JOHNSON, MEDIMMUNE, INC., MERCK & CO., INC., NOVARTIS PHARMACEUTICALS CORPORATION, ORTHO BIOTECH PRODUCTS LP, ORTHO MCNEIL PHARMACEUTICALS, PFIZER INC., PHARMACIA CORPORATION, PURDUE PHARMA, L.P., RELIANT PHARMECEUTICALS, SANOFI-SYNTHELABO, INC., SCHERING-PLOUGH CORP., SMITHKLINE BEECHAM P.L.C, SMITHKLINE BEECHAM CORPORATION, TAP PHARMACEUTICAL PRODUCTS, INC., WARRICK PHARMACEUTICALS LTD, WYETH, and DOES 1-100 <br><br> Defendants. | MDL No. 1456 <br><br> CIVIL ACTION: 03-10643 PBS <br><br> Judge Patti B. Saris |

## COUNTY OF SUFFOLK'S RESPONSE TO DEFENDANTS' MOTION FOR AN ORDER COORDINATING DISCOVERY

The County of Suffolk recognizes the efficiencies inherent in coordinating discovery among the various government entity cases and the federal class action that has been designated the Lead Case in this MDL, Civil Action No. 01-12257-PBS (the "Lead Case"). Suffolk is amenable to coordinated discovery. Suffolk objects, however, to defendants' proposed Case Management Order No. 8 (CMO No. 8) to the extent it: (a) improperly would relieve defendants of their discovery obligations pursuant to Fed. R. Civ. P. 26; (b) endeavors to preclude Suffolk from serving timely discovery as is its right under the Federal Rules; (c) endeavors to limit the scope of the discovery to which Suffolk is entitled under the Federal Rules. Suffolk's case involves defendants, drugs and claims distinct from the Lead Case, and neither the Federal Rule nor defendants' submission supply any legitimate basis to delay Suffolk's ability to conduct discovery with respect to same while matters respecting the Lead Case are resolved.

For the Court's convenience, Suffolk has proposed new language for those portions of defendants' proposed CMO No.8 that implicate its case. That language is set forth in a red-lined version, attached hereto.

Suffolk takes no position with respect to that part of defendants' proposed CMO No. 8 that concerns the Coordinated State Cases.

Dated: September 18, 2003.

KIRBY McINERNEY & SQUIRE, LLP

By: _____
      Roger W. Kirby
      Joanne M. Cicala
830 Third Avenue
New York, New York 10022
(212) 371-6600

COUNSEL FOR THE COUNTY OF SUFFOLK

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL 1456<br><br>Master File No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) | Judge Patti B. Saris |

## [PROPOSED] CASE MANAGEMENT ORDER NO. 8

WHEREAS, in CMO 7, the Court has ordered limited party discovery to proceed in the federal class action that has been designated the Lead Case in this MDL, Civil Action No. 01-12257-PBS, pending a decision on defendants' motions to dismiss the Amended Master Consolidated Class Action Complaint ("AMCC"); and

WHEREAS, in order to avoid duplication and burden on the parties in discovery, it is appropriate for all parties proceeding with discovery in the Lead Case to coordinate with the parties in all other cases in MDL 1456 before pursuing such discovery; and

WHEREAS, the Court finds that it would be helpful to provide procedures to coordinate discovery activities both among the included cases and with other cases that are, or may be, prosecuted in state court and that allege fraud or related violations of law in connection with the pricing of Medicare or Medicaid reimbursed prescription drugs;

IT IS HEREBY ORDERED as follows:

## I.   COORDINATION AMONG ACTIONS INCLUDED IN MDL 1456

1.   With respect to the limited discovery the Court has permitted to proceed in the Lead Case pending a decision on defendants' motions to dismiss, and with respect to any discovery that

may occur thereafter, it shall be the responsibility of Liaison Counsel for all Class Plaintiffs (as designated in Case Management Order No. 1 or as modified by subsequent Order of this Court) to coordinate discovery on behalf of all Class Plaintiffs, with all plaintiffs in cases brought by government entities, and with any private opt out plaintiffs should any emerge.

~~2.      Except for the limited discovery, the Court has permitted to proceed in the Lead Case and discovery relevant to any motion to remand that challenges the court's jurisdiction over a removed case, no party may serve discovery on any other party in any action that is included within MDL 1456 prior to a defendant's filing of an answer to the complaint in the action in which discovery is to be served. In any action in which there are multiple defendants, only those defendants that have answered the complaint may serve, and are subject to, party discovery.~~

2.      Upon request, defendants who have produced documents to plaintiffs in the Lead Case pursuant to CMO 5 and/or CMO 7 shall make those documents available to any government entity plaintiff in any action included within MDL 1456, except that no such plaintiff shall be entitled to have access to~~: a)~~ documents produced by a defendant that is not named as a defendant in the operative complaint filed by such plaintiff~~; b) documents relating to drugs that are not identified in the operative complaint filed by such plaintiff; and c) documents produced by a defendant that are not otherwise relevant to the claims asserted against that defendant in the operative complaint filed by such plaintiff.~~

3.      Any party that is permitted to take a deposition may do so only after providing notice to counsel for all parties that are before the Court in any action that is included within MDL 1456.

4.      To the extent that any party participates in a deposition, counsel for that party shall be bound by any order entered by this Court regarding the appropriate scope and nature of discovery in the action in which the deposition is noticed.

2

## II.    COORDINATION WITH STATE COURT PROCEEDINGS

1.      This Court has recently ordered two cases initiated by State Attorneys General in State Court to be remanded to State Court.  These cases fall within the subject matter definition of this MDL proceeding and the Court urges the parties to identify other cases pending in State Courts nationwide that similarly fall within the subject matter definition of this MDL proceeding. This Court intends to invite the State Courts presiding over those cases (the "State Court Cases") to enter into informal discovery coordination arrangements that (a) will allow plaintiffs' counsel in those cases to participate in the discovery activities in this proceeding (as though their cases were part of this proceeding), (b) will allow the parties in those cases to use the fruits of any discovery that is developed in this proceeding, and (c) will minimize the waste and inconvenience that would result if parallel discovery proceeded unabated in all cases.

2.      This Court (the "MDL Court") intends to invite each State Court that is presiding over a State Court Case, including State Court cases that are currently pending and State Court cases that are filed after the date of this Order, to declare that case to be a "Coordinated State Court Case" and enter an order containing provisions to the following effect:

(a)      Discovery in the Coordinated State Court will be coordinated with the discovery that will be occurring in the pending parallel MDL proceeding - MDL 1456, *In re Pharmaceutical Industry Average Wholesale Price Litigation.*

(b)      Under the coordination arrangement, counsel in the State Court Case shall be entitled to participate fully in any or all discovery activities in MDL 1456 in the same manner as counsel in any of the included actions in MDL

3

1456, subject to the orders and rules governing the MDL proceedings (including appearing before the MDL Court to address discovery-related matters in that proceeding).

(c)      Any discovery generated in the MDL 1456 proceeding will be fully available for use in the Coordinated State Court Case to the extent permitted by the State Court under its applicable evidentiary standards, and any discovery generated in a Coordinated State Court Case will be fully available for use in the MDL 1456 proceeding, subject to any applicable confidentiality or protective orders entered in the MDL proceeding.

(d)      The Court's objective is to avoid duplicative depositions of any person or party.  Plaintiffs' Liaison Counsel will be responsible for keeping all plaintiffs' counsel for the Coordinated State Court Cases fully apprised of the scheduling of any depositions in this proceeding and the Court will ask each State Court to order plaintiffs' counsel in a Coordinated State Court Case to reciprocate.  If for any reason a defendant knows or has reason to believe that plaintiffs' counsel in the Coordinated State Court Cases are unaware of a deposition going forward in any case that is not a Coordinated State Court Case, it shall inform plaintiffs' counsel for the Coordinated State Court Case, it shall inform plaintiffs' counsel for the Coordinated State Court of that deposition with enough notice to allow them or other counsel to attend.

3.      To facilitate this effort to achieve coordination among this proceeding and the various

4

State Court Cases, the parties will identify the State Court Cases that are pending as of the date of this Order and will notify this Court promptly of any new State Court Cases that are filed in the future.

_____
United States District Judge

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

COUNTY OF SUFFOLK,

     Plaintiff,

              v.

ABBOTT LABORATORIES, INC., AGOURON
PHARMACEUTICALS, INC., AMGEN, INC.,
ASTRAZENECA PHARMACEUTICALS L.P.,
ASTRAZENECA US, AVENTIS BEHRING L.L.C.,
AVENTIS PHARMACEUTICALS INC., BARR
LABORATORIES, INC., BAYER CORPORATION,
BERLEX LABORATORIES, INC., BIOGEN, INC.,
BRISTOL-MYERS SQUIBB COMPANY, CHIRON
CORPORATION, ELI LILLY AND COMPANY,
FOREST PHARMACEUTICALS, INC., FUJISAWA
HEALTHCARE, INC., GENENTECH, INC.,
GLAXO WELLCOME, P.L.C.,
GLAXOSMITHKLINE PLC, IMMUNEX
CORPORATION, IVAX CORPORATION, IVAX
PHARMACEUTICALS INC., JANSSEN
PHARMACEUTICA PRODUCTS, JOHNSON &
JOHNSON, MEDIMMUNE, INC., MERCK & CO.,
INC., NOVARTIS PHARMACEUTICALS
CORPORATION, ORTHO BIOTECH PRODUCTS
LP, ORTHO MCNEIL PHARMACEUTICALS,
PFIZER INC., PHARMACIA CORPORATION,
PURDUE PHARMA, L.P., RELIANT
PHARMECEUTICALS, SANOFI-SYNTHELABO,
INC., SCHERING-PLOUGH CORP., SMITHKLINE
BEECHAM P.L.C, SMITHKLINE BEECHAM
CORPORATION, TAP PHARMACEUTICAL
PRODUCTS, INC., WARRICK
PHARMACEUTICALS LTD, WYETH, and DOES 1-
100

     Defendants.

MDL. NO. 1456

JUDGE PATTI SARIS

JURY TRIAL DEMANDED

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th day of September 2003, I caused a true and correct copy of the County of Suffolk's Response to Defendants' Motion for an Order Coordinating Discovery to be served to counsel of record for defendants on the attached service list by electronic service via Verilaw's Electronic Service System pursuant to Case Management Order No. 2 entered by the honorable Patti B. Saris in MDL No. 1456.


Lloyd M. Donders
Kirby McInerney & Squire
830 Third Avenue, 10 Floor
New York, NY 10022
(212) 371-6600

| **Firms/Address** | **Represented Parties** |
|---|---|
| Jones Day<br>51 Louisiana Avenue, N.W<br>Washington, DC 20001 | Abbott Laboratories, Inc. |
| Testa, Hurwitz and Thibeault, LLP<br>125 High Street<br>Boston, MA 02110 | Abbott Laboratories, Inc. |
| Kelly, Libby & Hoopes, P.C.<br>175 Federal St.<br>Boston, MA 02110 | Amgen Inc. |
| Hogan & Hartson L.L.P.<br>555 Thirteenth St., NW<br>Washington, DC 20004 | Amgen Inc. |
| Davis Polk and Wardwell<br>450 Lexington Avenue<br>New York, NY 10017 | AstraZeneca Pharmaceuticals, L.P. |
| Foley Hoag LLP<br>155 Seaport Blvd.<br>Boston, MA 02210 | AstraZeneca Pharmaceuticals, L.P. |
| Hogan & Hartson L.L.P.<br>555 Thirteenth St., NW<br>Washington, DC 20004 | Aventis,Behring |
| Kirkpatrick and Lockhart, L.L.P.<br>75 State Street<br>Boston, MA 02109 | Aventis Pharmaceuticals, Inc. |
| Shook, Hardy & Bacon LLP<br>1200 Main Street<br>Kansas City, MO 64105 | Aventis Pharmaceuticals, Inc. |
| Nixon Peabody LLP<br>101 Federal Street<br>Boston, MA 02110 | Bayer Corp. |
| Sidley Austin Brown & Wood<br>10 S. Dearborn St.<br>Chicago, IL 60603 | Bayer Corp. |
| Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C.<br>One Riverfront Plaza<br>Newark, NJ 07102 | Berlex Laboratories, Inc. |
| Dwyer & Collora, LLP<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA 02210 | Bristol-Myers Squibb Co. |

| | |
|---|---|
| Hogan & Hartson L.L.P.<br>555 Thirteenth St., NW<br>Washington, DC 20004 | Bristol-Myers Squibb Co |
| Arent Fox Kintner Plotkin & Kahn PLLC<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036 | Chiron Corporation |
| Chiron Corporation<br>4560 Horton Street<br>MS/R-422<br>Emeryville, CA 94608-291 | Chiron Corporation |
| Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.<br>701 Pennsylvania Avenue, N.W.<br>Suite 900<br>Washington, DC 20004 | Eli Lilly and Company |
| Dornbush Mensch Mandelstam & Schaeffer, LLP<br>747 Third Avenue<br>New York, NY 10017 | Forest Pharmaceuticals, Inc. |
| Bingham McCutcheon, LLP<br>150 Federal St.<br>Boston, MA 02110 | Fujisawa Healthcare, Inc. |
| Reed Smith, LLP<br>1301 K St., N.W.<br>Suite 1100 East Tower<br>Washington, DC 20005 | Fujisawa Healthcare, Inc. |
| Covington and Burling<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004 | GlaxoSmithKline |
| Dechert Price & Rhoads<br>1717 Arch Street<br>Bell Atlantic Tower<br>Philadelphia, PA 19103-279 | GlaxoSmithKline |
| BALLARD SPAHR ANDREWS & INGERSOLL, LLP<br>1735 Market Street<br>51st Floor<br>Philadelphia, PA 19103 | Immunex Corp. |
| GOULSTON & STORRS<br>400 Atlantic Avenue<br>Boston, MA 02110 | Immunex Corp. |
| PERKINS COIE<br>1201 Third Avenue<br>Suite 4800<br>Seattle, WA 98101 | Immunex Corp. |

| | |
|---|---|
| Patterson, Belknap, Webb & Tyler LLP<br>1133 Avenue of the Americas<br>New York, NY 10036 | Johnson & Johnson |
| Williams & Connolly LLP<br>725 12th Street, NW<br>Washington, DC 20005 | MedImmune, Inc. |
| Hughes Hubbard & Reed<br>1775 I Street N.W.<br>Washington, DC 20006 | Merck & Co., Inc. |
| Laredo & Smith, LLP<br>15 Broad Street<br>Suite 600<br>Boston, MA 02109 | Pharmacia Corporation |
| Morgan Lewis and Bockius<br>1701 Market Street<br>Philadelphia, PA 19103 | Pharmacia Corporation |
| MORGAN, LEWIS & BOCKIUS LLP<br>300 South Grand Avenue<br>Suite 2200<br>Los Angeles, CA 90071 | Pharmacia Corporation |
| MORRISON & FOERSTER<br>5200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO 80202 | Purdue Pharma L.P. |
| ROPES and GRAY<br>One International Place<br>Boston, MA 02110 | Schering-Plough Corporation |
| ROPES and GRAY<br>One International Place<br>Boston, MA 02110 | Warrick Pharmaceuticals |
| Hale & Dorr<br>60 State Street<br>Boston, MA 02109 | American Home Products (Wyeth) |
| Ober, Kaler, Grimes & Shriver<br>120 E. Baltimore St.<br>Baltimore, MD 21202 | American Home Products (Wyeth) |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

COUNTY OF SUFFOLK,

     Plaintiff,

              v.

ABBOTT LABORATORIES, INC., AGOURON
PHARMACEUTICALS, INC., AMGEN, INC.,
ASTRAZENECA PHARMACEUTICALS L.P.,
ASTRAZENECA US, AVENTIS BEHRING L.L.C.,
AVENTIS PHARMACEUTICALS INC., BARR
LABORATORIES, INC., BAYER CORPORATION,
BERLEX LABORATORIES, INC., BIOGEN, INC.,
BRISTOL-MYERS SQUIBB COMPANY, CHIRON
CORPORATION, ELI LILLY AND COMPANY,
FOREST PHARMACEUTICALS, INC., FUJISAWA
HEALTHCARE, INC., GENENTECH, INC.,
GLAXO WELLCOME, P.L.C.,
GLAXOSMITHKLINE PLC, IMMUNEX
CORPORATION, IVAX CORPORATION, IVAX
PHARMACEUTICALS INC., JANSSEN
PHARMACEUTICA PRODUCTS, JOHNSON &
JOHNSON, MEDIMMUNE, INC., MERCK & CO.,
INC., NOVARTIS PHARMACEUTICALS
CORPORATION, ORTHO BIOTECH PRODUCTS
LP, ORTHO MCNEIL PHARMACEUTICALS,
PFIZER INC., PHARMACIA CORPORATION,
PURDUE PHARMA, L.P., RELIANT
PHARMECEUTICALS, SANOFI-SYNTHELABO,
INC., SCHERING-PLOUGH CORP., SMITHKLINE
BEECHAM P.L.C, SMITHKLINE BEECHAM
CORPORATION, TAP PHARMACEUTICAL
PRODUCTS, INC., WARRICK
PHARMACEUTICALS LTD, WYETH, and DOES 1-
100

     Defendants.

MDL. NO. 1456

JUDGE PATTI SARIS

JURY TRIAL DEMANDED

### AFFIDAVIT OF SERVICE

LLOYD M. DONDERS, hereby certifies under penalty of perjury as follows:

I am over eighteen years of age, reside in Westchester County, State of New York, am not a party to this action, and that on September 18, 2003, I caused true and correct copies of the County of Suffolk's Response to Defendants' Motion for an Order Coordinating Discovery to be served by U.S. Mail upon the following as indicated below:

**Agouron Pharmaceuticals, Inc.**
10350 North Torrey Pines Road,
Suite 100 La Jolla, CA, 92037

**Attorney for Astrazeneca US:**
Arthur F. Golden, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

**Attorney for Astrazeneca US:**
D. Scott Wise, Esq.
Kimberley D. Harris, Esq
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

**Attorney for Astrazeneca US:**
Nicholas C. Theordorou, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA  02210-2600

**Attorney for Astrazeneca US:**
Scott Garland, Esq.
United States Department of Justice
Suite 600
1301 New York Avenue
Washington, DC  20530

**Barr Laboratories, Inc.**
400 Chestnut Ridge Road
Woodcliff Lake, NJ 07677

**Attorney for Biogen, Inc.**
Hale & Dorr LLP
60 State Street
Boston, MA 02109

**Genentech, Inc.**
1 DNA Way
South San Francisco, CA 94080-4990

**Glaxo Wellcome, P.L.C.**
5 Moore Drive, P.O. Box 13398,
Research Triangle Park, NC 27709-3398

**Ivax Corporation**
4400 Biscayne Blvd.
Miami, Florida 33137

**Ivax Pharmaceuticals Inc.**
4400 Biscayne Blvd.
Miami, Florida 33137

**Janssen Pharmaceutica Products**
1125 Trenton-Harbourton Road Titusville,
New Jersey 08560

**Attorney for Novartis Pharmaceuticals:**
David J. Cerveny, Esq.
Karen F. Green, Esq.
Hale & Dorr, LLP
60 State Street
Boston, MA  02109

**Attorney for Ortho Biotech Products,
L.P.:**
Andrew D. Schau, Esq.
William F. Cavanaugh, Jr., Esq.
Patterson, Belknap, Webb & Tyler
1133 Avenue of the Americas
New York, NY  10036-6710

**Ortho McNeil Pharmaceuticals**
1000 US Hwy 202
Raritan, NJ 08869

**Reliant Pharmaceuticals**
721 Route 202/206
South Bridgewater, NJ 08807

**Sanofi-Synthelabo, Inc.**
90 Park Avenue
New York, NY 10016


_Lloyd M. Donders_
Lloyd M. Donders
Kirby McInerney & Squire LLP
830 Third Avenue, 10th Floor
New York, NY  10022


Sworn to before me this
18th day of September, 2003

Notary Public

ILEANA RAMIREZ
Notary Public, State of New York
No. 01RA4740575
Appointed in Bronx County
My Commission expires 8/31/2005