UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Rice v. Abbott Laboratories, et al.*, N.D. Cal. Case No. C 02-3925 MJJ<br><br>*Thompson v. Abbott Laboratories, et al*, N.D. Cal. Case No. C 02-4450 MJJ | MDL 1456<br><br>Master File No. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**PLAINTIFFS RICE AND THOMPSONS' MEMORANDUM OF LAW IN SUPPORT OF JOINT OPPOSITION TO MOTION TO COMPEL JURISDICTIONAL DISCOVERY**

**INTRODUCTION**

Plaintiffs John Rice ("Rice") and Constance Thompson ("Thompson") respectfully submit this joint opposition to the Motion to Compel Plaintiffs to Respond Jurisdictional Discovery Requests, filed September 12, 2003.

The motion seeks to compel Rice and Thompson to submit to discovery regarding facts allegedly relevant to the issue whether this Court has jurisdiction because Rice and

Thompson's claim under California's Unfair Competition Law ("UCL"), codified at Business & Professions Code §17200 ("B&P Code §§17200"), is supposedly preempted by ERISA. The motion should be denied for four reasons.

First, the Court cannot grant the relief requested. The motion requests discovery only "if the Court determines that plaintiffs' motion to remand cannot be denied on the basis of the complaints." Defs. Mem. of Law, p. 2. If the Court grants the remand motions, it will lose jurisdiction to order Rice and Thompson to submit to discovery. If the Court denies the motions, the motion to compel will be moot. The motion is essentially a tardy request, filed after Defendants' opposition to the remand motions, in an attempt to get two bites at the apple.

Second, moving Defendants offer no authority that they are entitled to conduct discovery under the circumstances presented here. Rather than providing case law authorizing discovery into jurisdiction based on ERISA preemption, moving Defendants cite inapposite cases involving jurisdictional discovery in general.

Third, even if Defendants were entitled to propound the discovery, Defendants do not seek any facts which are likely to lead to admissible evidence necessary to oppose any remand motion. This Court already determined that all claims brought under state law consumer protection statutes, such as the UCL, are not completely preempted by ERISA. *In re Pharmacy Industry Average Wholesale Price Litig.*, 263 F.Supp. 2d 172, 191 (D. Mass. 2003) (cited as *"In re AWP Litigation"*). Any discovery responses provided by Rice and Thompson will not change this law of the case. The discovery is an unnecessary burden placed on Rice and Thompson.

Fourth, this motion is an unnecessary burden placed on the Court. In violation of Local Rule 26.2(c), Defendants filed their motion late and without even a pro forma attempt to engage in the required attempt to informally resolve the discovery dispute. If the motion truly had merit, Defendants could file it after the Court ruled on the pending remand motions. The motion is in fact frivolous.

Rice and Thompson respectfully request that the Court deny this motion.

## STATEMENT OF FACTS

On September 12, 2003, Defendants AstraZeneca Pharmaceuticals LP, Bristol-Myers Squibb Co., SmithKline Beecham Corp. dba GlaxoSmithKline ("GSK"), and Pharmacia Corp. (collectively, "Moving Defendants") propounded requests for admission ("RFAs"), interrogatories, and document requests. Declaration of Mark H. Lynch, filed September 12, 2003 ("Lynch Decl."), ¶2, Ex. A. Over three weeks before formal responses to the discovery were due, counsel for Rice and Thompson wrote to GSK's counsel on September 5, 2003 objecting to the discovery and requesting "persuasive authority" that Rice and Thompson had to respond to the discovery. *Ibid.*

Rice and Thompson objected because: (i) there was no authority for the discovery, in light of the Rice and Thompson's pending motion to remand and the lack of an order from this Court; (ii) Moving Defendants had not accepted service of process; (iii) the information sought is unnecessary, given that the lack of preemption is evident in Rice and Thompson's well-pleaded complaint; and (iv) the discovery is untimely, since any responses are due after Defendants' opposition to the pending remand motions. *Ibid.* Rather than offering any legal authority for the discovery, GSK's attorney informed Rice and Thompson's counsel, Robert D. Sanford, that the parties were at an impasse and

Moving Defendants would be filing this motion. *Id.* at ¶4. Moving Defendants waived their right to receive formal objections to the discovery. *Id.* at ¶4. Nonetheless, Rice and Thompson served formal discovery objections, a copy of which is attached as Exhibit A hereto.

## ARGUMENT

### I. The Motion to Compel seeks Relief the Court Cannot Grant

In a waste of limited judicial resources, this motion seeks relief that the Court cannot grant. As noted above, the motion requests jurisdictional only "if the Court determines that plaintiffs' motion to remand cannot be denied on the basis of the complaints." (Defs. Mem. of Law, p. 2). Should the Court make this determination, it will reach either of two conclusions: (i) remand is necessary for lack of federal jurisdiction, since ERISA does not preempt Rice and Thompson's state law claim under the UCL; or (ii) the motion should be denied because federal jurisdiction exists. If remand is ordered, the Court will immediately lose jurisdiction to consider the ERISA preemption issue any further, including any discovery responses Rice and Thompson may serve. 14C Wright & Miller, *Federal Practice and Procedure* §3739, n. 82 (3d ed. 1998). If remand is denied, an unlikely evident given the law of the case, Moving Defendants' need for jurisdictional discovery will disappear and this motion will be moot. *See, e.g., Marchand v. Director, U.S. Probation Office*, 421 F.2d 331, 332 (1st Cir. 1970). In either case, the Court cannot grant the relief sought. The motion should be denied on this basis alone.

## II. Moving Defendants Cite no Authority for Jurisdictional Discovery Regarding a Pending Remand Motion

Moving Defendants cite a string of inapposite cases that address general issues of discovery is under certain circumstances that are completely different that the specific situation presented here. Defs. Mem. of Law, p. 4. For example, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n. 13 (1978), the Supreme Court commented in dicta that jurisdictional discovery may be appropriate in some situations, while holding that defendants were required to identify class members under Federal Rule of Civil Procedure ("FRCP")23(d) – concerning class actions – and not under afederal rule authorizing discovery such as FRCP 26(b)(1). In *Sizova v. Nat'l. Inst. Of Standards & Tech.*, 282 F.3d 1320, 1326 (10 Cir. 2002), the court ordered discovery whether plaintiff had exhausted her administrative remedies on her Title VII gender discrimination suit against a federal government agency. Moving Defendants cite *Kamen v. American Telephone & Telegraph Co.*, 791 F.2d 1006, 1011 (2nd Cir. 1986), which did not even concern discovery, but rather overturned FRCP Rule 11 sanctions against plaintiff's counsel for opposing a motion to dismiss for lack of jurisdiction that was not based on competent evidence.

This case is completely different. The Court here has already ruled that Rice and Thompson's lawsuits are not an "alternative enforcement mechanism" to ERISA with respect to any ERISA plan, so complete preemption does not exist. *In re AWP Litigation, supra*, 263 F.Supp.3d at 189-191. Nothing that Moving Defendants obtain by way of their discovery will alter this law of the case. Even if Moving Defendants obtain information that Rice and Thompson are ERISA beneficiaries who received drug benefits

under an ERISA plan, they are not seeking an alternative enforcement mechanism to ERISA. *Ibid.*

### III.     The Discovery is Not Reasonably Calculated to Lead to Admissible Evidence

Related to the foregoing argument, this motion should be denied because it is "not reasonably calculated to lead to the discovery of admissible evidence and thus falls outside of FRCP 26(b)(1). *Oppenheimer Fund, Inc., supra,* 437 U.S. at 351-352. Moving Defendants claim the discovery is necessary to ascertain whether Rice and Thompson were ERISA plan participants or beneficiaries and the ERISA Plan provisions which provided the drug benefits. Defs.' Mem. of Law, p. 5. As discussed above, this Court has already held that there is no ERISA preemption of "a fraud claim pressed by an ERISA plan against a third party pharmaceutical company under state consumer protection statutes" such as the UCL. *In Re AWP Litigation, supra,* 263 F.Supp. at 191. Thus, it is completely irrelevant whether Rice and Thompson are ERISA plan participants or beneficiaries.

Moving Defendants also wrongly argue the discovery is necessary to determine whether Rice and Thompson received drug benefits under Medicare. Defs'. Mem. of Law, p. 5. The Court has already concluded that state consumer protection law claims brought by the State of Minnesota, similar to those those alleged by Rice and Thompson, do not raise a sufficient federal question under Medicare to confer federal jurisdiction, since Medicare has no private remedy for the alleged UCL violations. Memorandum and Order, filed June 11, 2003, pp. 11-15, *citing Merrill Dow Pharmacy, Inc. v. Thompson,* 478 U.S. 804, 808 (1986). Consequently, there is no federal question jurisdiction even if Rice and Thompson obtained their medication under Medicare.

### IV.  Moving Defendants Failed to Comply with Local Rule 26.2(c)

Local Rule 26.2(c) could not be clearer: Before filing any discovery motion, the moving party must certify that "the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion." *See also* Local Rule 7.1(a)(2). Moving Defendants do not sufficiently certify that they made a reasonable and good faith effort to resolve any of the issues raised by their motion. Rather than providing the authority for the discovery, as requested by counsel for Rice and Thompson, Moving Defendants simply went ahead and filed the motion. Lynch Decl., ¶¶3-4, Ex. C.

As shown above, this motion is particularly frivolous because it requests relief that the Court cannot give, regarding discovery that will not lead to any admissible evidence. Furthermore, this motion is tardy, since the remand motions have been fully briefed and are awaiting oral argument on October 9, 2003. The motion should be denied.

### CONCLUSION

For the foregoing reasons, Plaintiffs John Rice and Constance Thompson respectfully request that the Court deny the motion to compel discovery.

Respectfully submitted,

MOSCONE, EMBLIDGE & QUADRA LLP

DATED: September 26, 2003     By _____
James A. Quadra
Robert D. Sanford
Rebecca Bedwell-Coll

Attorneys for Plaintiffs John Rice and Constance Thompson

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL 1456<br><br>Master File No. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*Rice v. Abbott Laboratories, et al.*, N.D. Cal. Case No. C 02-3925 MJJ<br><br>*Thompson v. Abbott Laboratories, et al,* N.D. Cal. Case No. C 02-4450 MJJ | |

**PLAINTIFF RICE AND THOMPSON'S OBJECTION TO DISCOVERY**

Plaintiffs John Rice ("Rice") and Constance Thompson ("Thompson") hereby object to Defendants' First Request for Jurisdictional Discovery to Plaintiffs John Rice, Constance Thompson and Ronald Turner, dated and e-served on August 27, 2003.

Rice and Thompson object to the Requests for Admissions, Interrogatories and Request for Documents on the following grounds:

1. The discovery seeks information unlikely to lead to the discovery of admissible evidence, since the ERISA preemption and Medicare bases for federal jurisdiction were already rejected by the Court.

2. The discovery was propounded without leave of the Court by defendants who have not accepted service of process.

3. The discovery is untimely and tardy, given that Defendants' opposition to Rice and Thompson's pending motions to remand was due prior to the deadline to respond to the discovery.

MOSCONE, EMBLIDGE & QUADRA LLP

DATED: September 26, 2003  By /s/
           James A. Quadra
           Robert D. Sanford
           Rebecca Bedwell-Coll

Attorneys for Plaintiffs John Rice and Constance Thompson

## CERTIFICATE OF SERVICE

I hereby certify that I, Robert D. Sanford, an attorney, caused true and correct copies of the foregoing Plaintiffs Rice and Thompsons' Memorandum of Law in Support of Joint Opposition to Motion to Compel Jurisdictional Discovery, to be served on all counsel of record electronically, pursuant to Section D of Case Management Order No. 2, this 26th day of September, 2003.

By: _____
Robert D. Sanford, Esq.
MOSCONE, EMBLIDGE & QUADRA, LLP
180 Montgomery Street, Suite 1240
San Francisco, CA 94104
(415) 362-3599

# HAGENS BERMAN LLP
*Attorneys at Law*

BOSTON   LOS ANGELES   PHOENIX   SEATTLE
hagens-berman.com
225 FRANKLIN STREET, 26TH FLOOR • BOSTON, MA 02110
(617) 482-3700 • FAX (617) 482-3003

EDWARD NOTARGIACOMO
(617) 482-3700
ed@hagens-berman.com

September 26, 2003

**_Via Hand Delivery_**

Clerk's Office
United District Court
District of Massachusetts
One Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:   In Re: Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456 – *Rice v. Abbott Laboratories, et al., and Thompson v. Abbott Laboratories, et al.*

Dear Sir/Madam:

Enclosed for filing in the above-captioned matter please find the following document:

1. Plaintiffs Rice and Thompsons' Memorandum of Law in Support of Joint Opposition to Motion to Compel Jurisdictional Discovery.

Please acknowledge this filing by date-stamping the enclosed copy of this letter and returning it to the waiting messenger. Thank you.

Very truly yours,

Edward Notargiacomo

EN:hcm
Enclosure
cc:   AWP Counsel (Via VeriLaw)