# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | Judge Patti B. Saris |

## LEAD COUNSEL'S REPLY TO DEFENDANT TAP PHARMACEUTICAL PRODUCTS INC.'S MOTION FOR PROTECTIVE ORDER

Lead counsel in the above-captioned matter hereby respond to Defendant Tap Pharmaceutical Products Inc.'s Motion for a Protective Order seeking to quash the notices of deposition issued by counsel in the tag along action *Robert J. Swanston v. TAP Pharmaceutical Products, Inc., et al.* ("*Swanston*"), which includes the deposition of TAP's lead counsel Daniel E. Reidy. Since Lead Counsel were not consulted concerning this discovery and did not authorize it, and since the discovery violates this Court's prior orders, it should be stricken at this time.

On June 14, 2002 this Court issued Case Management Order No. 1 ("CMO No. 1") which set forth procedures for the orderly coordination and efficient prosecution of the numerous cases within MDL 1456, including later filed tag-along actions. For the Court's convenience, a copy of CMO No. 1 is attached hereto as Exhibit A. CMO No. 1 provides for the efficient prosecution of MDL 1456 and appointed Co-Lead and Liaison Counsel as well as members of a Lead Counsel Committee to prosecute and organize the litigation on behalf of the purported class of plaintiffs in MDL 1456. See CMO No. 1 at

¶9.[1]  CMO No. 1 also includes specific language concerning the coordination of discovery.  Paragraph 12 of CMO No. 1 specifically states:

> "The Lead Counsel Committee shall have *sole* authority over the following matters on behalf of Class Plaintiffs….. the scope, order and conduct of all discovery proceedings." (emphasis added).

The purpose of this provision is to ensure judicial economy and avoid duplication of effort.  See *Annotated Manual for Complex Litigation* (3rd), §§ 20.221, 20.222.  No counsel has objected to the provisions of CMO No. 1 and all counsel in each of the class action cases transferred to MDL 1456 have abided by its terms – except for counsel in *Swanston*.  To allow every lawyer in each tag-along action to follow their own discovery plan would contravene the purpose of CMO No. 1 and cause a substantial amount of duplication of work for the parties and the Court.  Therefore, only Lead Counsel can control the timing and scope of discovery in this action.

As this Court is aware, Lead Counsel have been actively pursuing discovery in this case including, *inter alia*, obtaining an Order from the Court requiring Defendants to provide documents previously provided in similar litigation or previously produced to any government entity,[2] obtaining an Order requiring Defendants to supplement this production with documents provided to House Energy and Commerce Committee, [3] and seeking additional discovery on actual transaction prices in connection with Plaintiffs' Opposition to Motions to Dismiss the Amended Master Consolidated Complaint.[4]  In addition, with respect to some Defendants, Lead counsel have reached agreement on the

---

[1] The provisions of CMO No. 1 appointing Lead Counsel were modified slightly by CMO No. 3.
[2] *See* Paragraph 2 of CMO No. 5, dated October 28, 2002.
[3] *See* Section II, Paragraph 3 of CMO No. 7, dated August 7, 2003.
[4] *See* Plaintiffs' Motion for Additional Limited discovery filed September 15, 2003.

scope of discovery prior to a decision on the Motions to Dismiss and are currently proceeding with such discovery.  Thus, Lead Counsel have been diligently pursuing discovery and have endeavored to do so in the most efficient manner possible.

On June 13, 2003, the Judicial Panel on Multidistrict Litigation issued a Transfer Order transferring the *Swanston* matter to this Court for consolidation with MDL 1456.

On September 17, 2003, without any consultation, approval from or even notice to Lead Counsel, and in contravention of all previous Orders of this Court as well as agreements reached between Lead Counsel and counsel for the all of the Defendants in this action, counsel in *Swanston* served several deposition notices to employees of TAP Pharmaceuticals, including their current counsel Daniel E. Reidy.  Lead Counsel do not, at this time, see any need to take the deposition of counsel for TAP.  In the opinion of Lead Counsel the deposition notices issued by counsel for *Swanston* do not aid the class and are in fact counter productive at this time.

By virtue of their appointment as Lead Counsel by the Court, Lead Counsel, not counsel for *Swanston*, has the sole authority over the serving of discovery related to all class action cases consolidated into MDL 1456, including *Swanston*.  The deposition notices issued by counsel for *Swantson* violate CMO No. 1 as well as the other discovery orders issued and therefore should be stricken.

DATED:  September 26, 2003

By

Thomas M. Sobol (BBO # 471770)
Edward Notargiacomo (BBO #567636)
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA  02110
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Samuel Heins
Brian Williams
Heins, Mills & Olson, P.C.
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

Jeffrey L. Kodroff
John M. Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

**CHAIRS OF LEAD COUNSEL
COMMITTEE**

Marc H. Edelson
Alan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Elizabeth Fegan Hartweg
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

**MEMBERS OF LEAD COUNSEL
COMMITTEE AND
EXECUTIVE COMMITTEE**

Michael McShane
Alexander, Hawes & Audet, LLP
300 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 982-1886

Facsimile: (415) 576-1776

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
Shreveport, LA 71103
Telephone: (318) 226-0826
Facsimile: (318) 424-9900

**MEMBERS OF EXECUTIVE
COMMITTEE**

Anthony Bolognese
Bolognese & Associates
One Penn Center
1617 JFK Boulevard, Suite 650
Philadelphia, PA  19103
Tel:  (215) 814-6750
Fax:  (215) 814-6764

Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Avenue, N.E.
Suite 300
Washington, D.C. 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

Neal Goldstein (Of Counsel)
Freedman & Lorry, PC
400 Market Street, Suit 900
Philadelphia, PA 19106
Tel: (215) 925-8400
Fax: (215) 925-7516

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL  33134
Tel:  (305) 357-9000
Fax: (305) 357-9050

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street, Suite 1700
San Diego, CA  92101
Tel:  (619) 338-1133
Fax: (619) 338-1139

Jonathan D. Karmel
Karmel & Gilden

221 N. LaSalle Street
Suite 1414
Chicago, IL  60601
Tel: (312) 641-2910
Fax: (312) 641-0781

G. Mark Albright
Albright, Stoddard, Warnick &
Albright
Quail Park 1, Building D-4
801 South Rancho Drive
Las Vegas, NV  89106

Dianne M. Nast
Roda & Nast, PC
801 Estelle Drive
Lancaster, PA 17601
Tel: 717-892-3000
Fax: 717-892-1200

Henry H. Rossbacher
Rossbacher & Associates
811 Wilshire Boulevard,
Suite 1650
Los Angeles, CA 90017-2666
Tel:  (213) 895-6500
Fax:  (213) 895-6161

Jonathan Shub
Sheller, Ludwig & Badey, P.C.
1528 Walnut Street, 3rd fl
Philadelphia, PA  19102
Tel:  (215) 790-7300
Fax:  (215) 546-0942

Scott R. Shepherd
Shepherd & Finkleman, LLC
117 Gayley Street, Suite 200
Media, PA 19063
Tel:  (610) 891-9880
Fax:  (610) 891-9883

Lee Squitieri
Squitieri & Fearon
521 Fifth Avenue, 26th floor
New York, NY  10175
Tel: (646) 487-3049
Fax: (646) 487-3095

Lisa J. Rodriguez
Ira Neil Richards
Trujillo Rodriguez& Richards, LLC
The Penthouse

226 West Rittenhouse Square
Philadelphia, PA  19103
Tel:  (215) 731-9004
Fax:  (215) 731-9044

Mitchell A. Toups
Weller, Green, Toups & Terrell,
L.L.P.
2615 Calder Street, Suite 400
P.O. Box 350
Beaumont, TX  77704
Tel: (409) 838-0101
Fax: 409-838-6780

Damon Young
Lance Lee
Young, Pickett & Lee
4122 Texas Boulevard
P.O. Box 1897
Texarkana, AR/TX  75504
Tel: (903) 794-1303
Fax: 903-792-5098; 903-794-5098

**ADDITIONAL ATTORNEYS
FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I, Edward Notargiacomo, an attorney, caused true and correct copies of the foregoing Lead Counsel's Reply To Defendant Tap Pharmaceutical Products Inc.'s Motion For Protective Order, to be served on all counsel of record electronically, pursuant to Section D of Case Management Order No. 2., this 26th day of September, 2003.

By:

Edward Notargiacomo, Esq.
HAGENS BERMAN LLP
225 Franklin Street, 26th floor
Boston, MA 02110
(617) 482-3700

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL 1456 |
| | Master File No. 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## [PROPOSED] CASE MANAGEMENT ORDER NO 1

WHEREAS, on April 30, 2002 the Judicial Panel on Multidistrict Litigation (the "Judicial Panel") issued an order pursuant to 28 U.S.C. § 1407 transferring fifteen actions to the District of Massachusetts for coordinated or consolidated pre-trial proceedings;

WHEREAS, various parties have notified the Judicial Panel of the existence of numerous additional Tag-Along Actions for which they seek transfer to this Court and coordination with the coordinated or consolidated cases;

WHEREAS, the Judicial Panel's order of April 30, 2002 provided that the transferred cases be captioned In re: Pharmaceutical Industry Average Wholesale Price Litigation and be given the designation MDL 1456;

WHEREAS, by Order dated May 16, 2002, this Court consolidated these cases under the caption for the lead case, Citizens for Consumer Justice, et al, v. Abbott Laboratories, et al., C.A. No. 01-12257-PBS (the "Consolidated Actions") and scheduled an initial status conference on July 17, 2002;

WHEREAS, counsel for plaintiffs in <u>Citizens for Consumer Justice, et al. v.</u>
<u>Abbott Laboratories et al.</u>, CA No. 01-12257-PBS represent that they have contacted all
plaintiffs' counsel and conducted a meeting to discuss the efficient prosecution of this litigation.
Plaintiffs' counsel represents that all counsel were invited to attend in person or to participate via
telephone conferencing and that various attorneys participated both in person and by telephone,
others did not. Plaintiffs' counsel represent that counsel unavailable for the meeting were
contacted to discuss their participation in the prosecution of this Action; and

WHEREAS plaintiffs have informed defendants that they anticipate requesting
consent or moving for leave to file a consolidated amended complaint or complaints; and

WHEREAS all of the defendants wish to be relieved of the expense and burden of
responding to existing complaints until such time as the Court determines how future pleadings
should proceed; and

WHEREAS counsel for the plaintiffs and counsel for the defendants have begun
preliminary discussions about initial case management issues and wish to proceed in an
expeditious and efficient manner and preserve judicial resources; and

WHEREAS, in order to promote judicial economy and avoid duplication, the
Court finds that it would be appropriate to provide procedures for coordination of the
Consolidated Actions and for an organization of Plaintiffs' counsel to coordinate the efforts of
counsel in these actions. Accordingly,

IT IS HEREBY ORDERED as follows:

## I.    MASTER DOCKET, MASTER FILE AND SEPARATE ACTION DOCKETS

1.    A Master Docket and a Master File are hereby established for this and all
related cases subsequently filed in or transferred to this Court. Entries in said Master Docket
shall be applicable to these Consolidated Actions as more fully set forth below. Separate dockets

-2-

shall also be maintained for each related case currently pending, subsequently filed in or transferred to this Court, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order or a future order of this Court.

2.      When a pleading or other court paper is filed and the caption, pursuant to paragraph 8, infra, shows that it is to be applicable to "All Actions," the Clerk shall file such pleading or other court paper in the Master File and note such filing in the Master Docket. No further copies need be filed nor docket entries made.

3.      When a pleading or other court paper is filed and the caption, pursuant to paragraph 8, infra, shows that it is applicable to fewer than all actions before this Court as part of MDL 1456, the Clerk need file such pleading or other court paper only in the Master File, but nonetheless shall note such filing in both the Master Docket and in the docket of each such action.

## II.    NEWLY FILED OR TRANSFERRED ACTIONS

4.      When a case which relates to the subject matter of these Consolidated Actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

    a.      Make an appropriate entry in the Master Docket;

    b.      Place a copy of this Order in the separate file for such action;

    c.      Mail a copy of this Order to the attorney(s) for the Plaintiff(s) in the newly filed or transferred case and to the attorneys for any new Defendant(s) in the newly filed or transferred case; and

> d.   Mail a copy of the Order of assignment to counsel for Plaintiffs

and to counsel for Defendant(s) in the Consolidated Actions.

> 5.   This Court requests the assistance of counsel in calling to the attention of

the Clerk of this Court the filing or transfer of any case which might properly be consolidated or

coordinated with In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No.

1456.

> 6.   This Order shall apply to each case subsequently filed in this Court or

transferred to this Court unless a party objecting to the coordination or consolidation of such case

or to any other provision of this Order shall, within twenty-one (21) days after the date upon

which a copy of this Order is mailed to counsel for such party, file an application for relief from

this Order or any provision herein and this Court deems it appropriate to grant such application.

## III.   CAPTION OF CASES

> 7.   Every pleading filed in this proceeding, or in any separate action included

herein, shall bear the following caption:

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL 1456 |
| | Master File No. 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: | |

> 8.   When a pleading or other court paper is intended to be applicable to all

actions, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT

RELATES TO:" in the caption set out above. When a pleading or other court paper is intended

to be applicable only to one, or some, but not all of such actions, the party filing the document

shall indicate the action(s) to which the document is intended to be applicable by indicating the

last name of the named plaintiff(s) and the docket number(s).

## IV. ORGANIZATION OF PLAINTIFFS' COUNSEL

9.     The Court designates the following firms to act on behalf of all Plaintiffs

with responsibilities hereinafter described:

a.     As Liaison Counsel:

Thomas M. Sobol
Lieff, Cabraser, Heimann & Bernstein, LLP
175 Federal Street, 7th Floor
Boston, MA 02110
Tel: (617) 720-5000
Fax: (617) 720-5015

b.     As Chairs of Lead Counsel Committee:

Steven W. Berman
Hagens Berman, LLP
1301 Fifth Avenue, Suite2900
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Samuel Heins
Heins, Mills & Olson, P.C.
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

Thomas M. Sobol
Lieff, Cabraser, Heimann & Bernstein, LLP
175 Federal Street, 7th Floor
Boston, MA 02110
Telephone: (617) 720-5000
Facsimile: (617) 720-5015

> > Eugene A. Spector
> > Spector, Roseman & Kodroff, P.C.
> > 1818 Market Street, Suite 2500
> > Philadelphia, PA 19103
> > Telephone: (215) 496-0300
> > Facsimile: (215) 496-6611

c.    As Lead Counsel Committee:

Chairs of Lead Counsel Committee listed in paragraph 11(b) above

and the following:

> > Michael M. Buchman
> > Milberg Weiss Bershad Hynes & Lerach, LLP
> > One Pennsylvania Plaza
> > New York, NY 10119
> > Telephone: (212) 594-5300
> > Facsimile:    (212) 868-1229

> > Marc H. Edelson
> > Hoffman & Edelson
> > 45 West Court Street
> > Doylestown, PA 18901
> > Telephone: (215) 230-8043
> > Facsimile: (215) 230-8735

> > Linda P. Nussbaum
> > Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
> > 825 Third Avenue
> > 30th Floor
> > New York, NY 10022
> > Telephone: (212) 838-7797
> > Facsimile: (212) 838-7745

> > Kenneth A. Wexler
> > Kenneth A. Wexler & Associates
> > One North LaSalle Street, Suite 2000
> > Chicago, IL 60602
> > Telephone: (312) 346-2222
> > Facsimile: (312) 346-0022

10.    Liaison Counsel shall be responsible for ensuring that orders of the Court

are served on all Plaintiffs' counsel in each case; communicating with the Court on behalf of all

Plaintiffs' counsel in each case as to scheduling and organizational matters; and for maintaining a master service list of all Plaintiffs and their respective counsel.

11.     The Chairs of the Lead Counsel Committee shall have the authority and responsibility for the day-to-day management of the interests of the Class Plaintiffs in the litigation, and shall call meetings and otherwise manage the work at the Lead Counsel Committee.

12.     The Lead Counsel Committee shall have sole authority over the following matters on behalf of Class Plaintiffs (a) the initiation, response, scheduling, briefing and argument of all motions; (b) the scope, order and conduct of all discovery proceedings; (c) such work assignments to other Plaintiffs' counsel as they may deem appropriate; (d) the retention of experts; (e) designation of which attorneys may appear at hearings and conferences with the Court; (f) the timing and substance of any settlement negotiations with Defendants; and (g) other matters concerning the prosecution or resolution of their respective cases.  The Lead Counsel Committee shall have responsibility for major decisions on behalf of Plaintiffs' counsel regarding the overall prosecution of the Consolidated Actions and shall be responsible for the establishment of working committees for the efficient prosecution of the litigation and the appointment of chair persons and members of such committees.

13.     No motion shall be initiated or filed on behalf of any Class Plaintiff except through the Chairs of the Lead Counsel Committee.

14.     The Lead Counsel Committee shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all class Plaintiffs, unless that authority is expressly delegated to other counsel.  Defendants' counsel may rely on all agreements made with

the Chairs of the Lead Counsel Committee, and such agreements shall be binding on all other class Plaintiffs' counsel in their respective cases.

15.     Defendants shall effect service of papers on Plaintiffs by serving a copy of the paper by overnight mail service, telecopy or hand delivery on Liaison Counsel and each Chair of the Lead Counsel Committee. Liaison Counsel shall effect service on all other Plaintiffs' counsel by first class United States mail. Plaintiffs shall effect service of papers on Defendants by serving a copy of the paper by overnight mail service, telecopy or hand delivery on counsel for Defendants. This Court's Master Service List shall govern in all proceedings.

## V.   **ADMISSION OF ATTORNEYS**

16.     Each attorney not a member of the Bar of this Court who is acting as counsel for a Plaintiff or Defendant herein and who is in good standing in any district court of the United States shall be deemed admitted *pro hac vice* to practice before this Court in connection with this action upon payment of the appropriate filing fee.

## VI.   **RESPONSE TO ORIGINAL COMPLAINTS AND INITIAL DISCOVERY OBLIGATIONS**

17.     Defendants are relieved of their obligations to respond to: (1) any of the complaints that are included within MDL 1456 as reflected on Schedule D attached to the April 30, 2002 Order of the Judicial Panel for Multidistrict Litigation in In re Pharmaceutical Industry Average Wholesale Price Litigation; and (2) complaints in any tag-along actions where transfer to this Court for coordinated pre-trial proceedings with those cases currently included within MDL 1456 is not opposed, until further order of this Court.

18. With respect to any complaint as to which the obligation to respond has been stayed in paragraph 17 above, Plaintiffs and Defendants are relieved of the obligation to provide any discovery, including F.R.Civ.P. 26(a) disclosures, until after entry of an order setting a

-8-

discovery schedule or as otherwise agreed upon by the parties.

Dated: June __ , 2002

A:\CMO 1 (revised).doc

Judge Patti B. Saris

Case: 1:01-cv-12257

Thomas M. Sobol, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
175 Federal Street
7th Floor
Boston, MA   02110-2221

------------------------------

------------------------------

Case: 1:01-cv-12257

Edward Notargiacomo, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
175 Federal Street
7th Floor
Boston, MA   02110-2221


------------------------------


------------------------------

Case: 1:01-cv-12257

Joseph R. Saveri, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
175 Federal Street
7th Floor
Boston, MA   02110-2221

------------------------------

------------------------------

Case: 1:01-cv-12257

Nicole Y. Brumsted, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
175 Federal Street, 7th Floor
Boston, MA   02110

------------------------------

------------------------------

HAGENS BERMAN LLP
*Attorneys at Law*

BOSTON  LOS ANGELES  PHOENIX  SEATTLE
**hagens-berman.com**
225 FRANKLIN STREET, 26ᵗʰ FLOOR • BOSTON, MA 02110
(617) 482-3700 • FAX (617) 482-3003

EDWARD NOTARGIACOMO
(617) 482-3700
Ed@hagens-berman.com

September 26, 2003

***Via Hand Delivery***
Clerk's Office
United States District Court
District of Massachusetts
One Courthouse Way, Suite 2300
Boston, Massachusetts 02210

>       Re:   In Re: Pharmaceutical Industry Average Wholesale Price Litigation, MDL
>             No. 1456

Dear Sir/Madam:

        Enclosed for filing in the above-captioned matter please find the following
document:

>       1.    Lead Counsel's Reply to Defendant TAP Pharmaceutical Products Inc.'s
>             Motion for Protective Order.

        Please acknowledge this filing by date-stamping the enclosed copy of this letter
and returning it to the waiting messenger.  Thank you.

                            Very truly yours,

                            Edward Notargiacomo

Enclosure
cc:     All counsel of record (Via VeriLaw)