UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
---------------------------------- x
                                    :
In Re: PHARMACEUTICAL INDUSTRY      : MDL NO. 1456
AVERAGE WHOLESALE PRICE             :
LITIGATION                          : Master File No. 01-CV-12257-PBS
                                    :
THIS DOCUMENT RELATES TO            : Judge Patti B. Saris
ALL ACTIONS                         :
                                    :
---------------------------------- x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF ASTRAZENECA
PHARMACEUTICALS LP'S MOTION TO DISMISS
THE AMENDED MASTER CONSOLIDATED COMPLAINT**

AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully submits this reply memorandum of law in support of its motion to dismiss the Amended Master Consolidated Class Action Complaint ("AMCC"). For the reasons set forth below and in defendants' consolidated memoranda, the claims against AstraZeneca should be dismissed or, at a minimum, limited to claims relating to a single AstraZeneca drug—Zoladex® (goserelin acetate implant)—in the Medicare Part B context.

**A.   PLAINTIFFS FAIL TO PLEAD THE MAJORITY OF THEIR CLAIMS
      AGAINST ASTRAZENECA WITH THE PARTICULARITY REQUIRED
      BY RULE 9(B)**

Plaintiffs' review of the AstraZeneca-specific allegations in the AMCC demonstrates that there are no specific factual allegations in the AMCC with respect to any AstraZeneca drug other than Zoladex -- and those allegations focus on Medicare Part B. *See* Plaintiffs' Separate Opposition to Defendant-Specific Memoranda ("Pl. Sep. Opp.") at 26-27; *see also* AMCC ¶¶ 232-49. In fact, plaintiffs effectively concede that the only allegations relating to the sixteen non-Medicare Part B AstraZeneca drugs

nominally identified in the AMCC are a list of the sixteen drugs and the published AWPs for these drugs. *See* Pl. Sep. Opp. at 26-27, citing AMCC ¶ 231 & App. A.[1] Although plaintiffs attempt to assert claims relating to these sixteen drugs in the PBM context, there are no particularized allegations relating to the pricing, sale, marketing or distribution of these drugs to anyone, much less to any PBM.[2] Moreover, plaintiffs cannot rely on their allegations with respect to Zoladex, which is sold to providers and reimbursed through Medicare Part B, to sustain their claims relating to these sixteen other drugs, which are sold in the retail pharmacy market and reimbursed through privately negotiated contracts between health plans and PBMs.[3] *See United States ex rel. Franklin v. Parke-Davis*, 147 F. Supp.2d 39 (D. Mass. 2001). Accordingly, plaintiffs have failed to satisfy Rule 9(b).

## B.   THE ASSOCIATION PLAINTIFFS LACK STANDING

Plaintiffs concede that three of the Association plaintiffs, Vermont Public Interest Research Group, Wisconsin Citizen Action and Citizen Action of New York, lack standing to pursue any claims against AstraZeneca. *See* Pl. Sep. Op. at 28-29. Moreover, the other two Association plaintiffs fail to allege injury caused by AstraZeneca sufficient

---

[1] The sixteen drugs are: Accolate®, Armidex®, Atacand®, Atacand HCT®, Casodex®, Diprivan®, Entocort®, Nexium®, Nolvadex®, Prilosec®, Pulmicort®, Rhinocort®, Seroquel®, Toprol®, Zestril®, and Zomig®.

[2] For the reasons stated in defendants' consolidated reply, the mere recitation of the *published* AWPs for these sixteen drugs is not sufficient to meet the Court's requirement that plaintiffs allege a *fraudulent* AWP for each of these drugs. Def. Con. Reply at 4 n.3.

[3] Plaintiffs mistakenly rely on the document quoted in paragraph 236(b) of the AMCC to support their PBM claims. *See* Pl. Sep. Op. at 27-28. That document, like every other AstraZeneca-specific allegation in the AMCC, relates only to Zoladex.

to establish standing to pursue claims against AstraZeneca. Accordingly, all claims brought by the Association plaintiffs against AstraZeneca must be dismissed.

## CONCLUSION

For the reasons set forth above and in defendants' consolidated memoranda, the claims against AstraZeneca should be dismissed. In the alternative, plaintiffs' claims should be limited to those relating to Zoladex in the Medicare Part B context.

Dated: Boston, Massachusetts
September 30, 2003

By: *Lucy Fowler*

Nicholas C. Theodorou, Esq. (BBO# 496730)
Lucy Fowler, Esq. (BBO# 647929)
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

D. Scott Wise
Kimberley D. Harris
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Tel: (212)450-4000

Attorneys for AstraZeneca Pharmaceuticals LP