UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>CIVIL ACTION<br>NO. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |

## REPLY MEMORANDUM IN SUPPORT OF AVENTIS PHARMACEUTICALS INC.'S AND HOECHST MARION ROUSSEL, INC.'S MOTION TO DISMISS THE AMENDED MASTER CONSOLIDATED COMPLAINT

Defendants Aventis Pharmaceuticals Inc. and Hoechst Marion Roussel, Inc. ("Aventis Pharmaceuticals") respectfully submit this Reply in support of Defendants' Motion to Dismiss the Amended Master Consolidated Complaint ("AMCC").

In its Individual Motion to Dismiss, Aventis Pharmaceuticals made three arguments (in addition to the arguments set out in the Consolidated Memorandum) why the AMCC failed to state a claim upon which relief could be granted: (1) none of the Association Plaintiffs alleged that any of their members purchased any Aventis Pharmaceuticals product, (2) the Third-Party Payor Plaintiffs' claims against Aventis Pharmaceuticals relating to Taxotere® must be dismissed as no Third-Party Payor Plaintiff alleged that it purchased that product; and (3) Plaintiffs utterly failed to meet the pleading requirements of this Court's prior Order and Rule 9(b) with respect to the claims against Aventis Pharmaceuticals relating to all products listed on Exhibit A of the AMCC with the possible exception of Anzemet®.

105754v1

In their Opposition Brief, Plaintiffs conceded that the Association Plaintiffs have no standing. Plaintiffs also admitted that they did not allege a purchaser for Taxotere® but argued they had standing under the juridical linkage doctrine. Finally, Plaintiffs argued that by naming drugs and stating published AWPs they satisfied the requirements of the Rule 9(b) and the Court's prior Order.

Plaintiffs' responses have no merit. Since Plaintiffs have failed to show a purchaser for Taxotere®, Plaintiffs have failed to plead they have been injured by the acts of Aventis Pharmaceuticals. Plaintiffs' reliance on juridical linkage to assert standing relative to Taxotere® is misplaced. Additionally, Plaintiffs have not met the foundational requirements of this Court's prior Order and Rule 9(b) with respect to the products listed on Exhibit A of the AMCC.

## I. THE CLAIMS OF THE ASSOCIATION PLAINTIFFS MUST BE DISMISSED.

Inasmuch as Plaintiffs have conceded that no Association Plaintiff purchased any Aventis Pharmaceuticals product, the Association Plaintiffs lack standing and this Court should enter an Order dismissing all claims asserted by the Association Plaintiffs against Aventis Pharmaceuticals with prejudice.

## II. THE CLAIMS INVOLVING TAXOTERE® MUST BE DISMISSED.

The law in the First Circuit is clear, "[a]t an irreducible constitutional minimum, a party attempting to invoke federal jurisdiction must establish that (1) he has suffered an injury in fact, (2) the injury was caused by the defendant, and (3) a favorable ruling would likely redress his injury." *Cotter v. City of Boston*, 323 F.3d 160, 166 (1st Cir. 2003), *citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The *Cotter* Court further held that the standing inquiry requires careful examination of a plaintiff's allegations to determine whether a "particular plaintiff is entitled to an adjudication of the particular claims asserted." *Id.* at 166.

In their Opposition, Plaintiffs admit they did not purchase Taxotere®. Pl. Opp. at 31. As a result, Plaintiffs cannot establish an injury in fact caused by Aventis Pharmaceuticals and the claims with respect to Taxotere® must be dismissed with prejudice. Notwithstanding their lack of direct standing, Plaintiffs argue that they have standing under the juridical linkage doctrine. Plaintiffs' argument is misplaced. The juridical linkage doctrine cannot be used by named plaintiffs to acquire standing they do not have in their own right. As explained in *Payton v. County of Kane*, 308 F.3d 673, 682 (7th Cir. 2002):

> [t]his is not a case where the named plaintiff is trying to piggy-back on the injuries of the unnamed class members. That, of course, would be impermissible. In light of the fact that 'a named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs; it bears repeating that a person cannot predicate standing o injury which he does not share. Standing cannot be acquired through the back door of a class action.

*Id.* citing *Allee v. Medrano*, 416 U.S. 802, 828-29, (1974). *See also, In re Pharmaceutical Industry Average Wholesale Price Litigation*, 2003 WL 21108371, *17, (D. Mass. 2003).

Simply put, Plaintiffs may not create standing through the juridical linkage doctrine. For these reasons, Plaintiffs' claims against Aventis Pharmaceuticals with respect to Taxotere® must be dismissed.

## III. PLAINTIFFS' RECITATION OF PUBLISHED AWP'S DOES NOT SATISFY RULE 9(B).

Plaintiffs' claims relating to Aventis Pharmaceuticals consist solely of the general allegations against all defendants spanning 31 pages of the AMCC that nowhere mention Aventis Pharmaceuticals or any Aventis Pharmaceuticals product (¶¶ 1-11, 132-199, 541, 595-603), and an additional nine pages of the AMCC that purport to allege specific instances of AWP inflation by Aventis Pharmaceuticals but which only detail allegations for one product manufactured by Aventis Pharmaceuticals for which Plaintiffs claim injury: Anzemet® (¶¶ 250-271). Plaintiffs claim that they conducted a "massive review of each Defendant, its products and its pricing conduct with respect to those products" and narrowed the focus of the AMCC to 321 drugs manufactured by Defendants. Pl. Opp. at 4 and 6. Despite this "massive" review and narrowing of the AMCC to 321 drugs, Plaintiffs present no rationale justifying AWP inflation claims for the twelve of the thirteen Aventis Pharmaceuticals products, and list only the published AWP as somehow indicative of fraud. These generalized statements cannot possibly meet the requirements of Rule 9 (b) and this Court's prior Order. Therefore, Plaintiffs claims' against Aventis Pharmaceuticals must be dismissed for failure to state a claim upon which relief can be granted.

105754v1

4

## IV.   CONCLUSION

For the foregoing reasons, as well as those stated in the Consolidated Reply, the Together Rx reply and those individual replies that apply to Aventis Pharmaceuticals, Plaintiffs have failed to state a claim upon which relief can be granted and this Honorable Court should dismiss the Amended Master Consolidated Complaint as to Aventis Pharmaceuticals and all of its products.

Respectfully submitted,

KIRKPATRICK & LOCKHART LLP

*/s/ Paul S. Schleifman*
Michael DeMarco (BBO #1199690)
Jeanne E. Demers (BBO #561255)
75 State Street
Boston, MA  02109
Telephone:  (617) 951-9111
Facsimile:  (617) 261-3175

Michael L. Koon
Shook, Hardy & Bacon L.L.P.
One Kansas City Place
1200 Main Street
Kansas City, MO  64105
Telephone:  (816) 474-6550
Facsimile:  (861) 421-5547

Paul S. Schleifman
Shook, Hardy & Bacon L.L.P.
Hamilton Square
600 14th Street, N.W., Suite 800
Washington, D.C.  20005-2004
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

Dated:  September 30, 2003

ATTORNEYS FOR AVENTIS PHARMACEUTICALS INC. AND HOECHST MARION ROUSSEL, INC.

105754v1