UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |

**INDIVIDUAL REPLY MEMORANDUM OF BAXTER HEALTHCARE CORPORATION AND BAXTER INTERNATIONAL INC. IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED MASTER CONSOLIDATED COMPLAINT**

In their Opposition, apparently because they cannot, Plaintiffs fail even to address the arguments raised in Baxter's Motion to Dismiss the Amended Master Consolidated Complaint ("AMCC"). Plaintiffs still have not alleged purchasers for each of the Baxter drugs identified in the AMCC. Plaintiffs continue to argue with this Court's Order dismissing their claims regarding multi-source drugs. Finally, notwithstanding two separate attempts, the AMCC continues to lack the specificity required under Rule 9(b) as to Baxter. For each of these reasons, and for the additional reasons set forth in Defendants Consolidated Reply Memorandum and pertinent individual Defendant memoranda, Plaintiffs' claims as to Baxter should be dismissed.

## I. PLAINTIFFS' CLAIMS WITH RESPECT TO ALL BUT FOUR BAXTER DRUGS SHOULD BE DISMISSED BECAUSE NO PURCHASER HAS BEEN ALLEGED.

Plaintiffs appear to concede that under this Court's May 12, 2003 Order they are required to allege a purchaser for each drug listed in the AMCC. *See, e.g.,* Consolidated Opposition at 2. But because this concession would mean that most claims with respect to Baxter drugs would have to be dismissed, Plaintiffs attempt to weave a tortured, illogical interpretation of this Court's Order as requiring only that Plaintiffs name a purchaser for one drug manufactured by a defendant in order to bring claims for, apparently, any and/or all other drugs that defendant manufactures. *See, e.g.,* Defendant Specific Opposition at 15-16. Plaintiffs have had more than two years to identify purchasers for the drugs listed in the AMCC. They have alleged purchasers for all or some of the other Defendants' drugs, but have not done so with respect to Baxter. It is Plaintiffs' burden to demonstrate standing as to each Defendant and each Defendant's drugs. *Allen v. Wright,* 468 U.S. 737, 751 (1984); *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990). Plaintiffs have not met this burden as to Baxter.

In addition, Plaintiffs misconstrue this Court's findings regarding juridical

1

linkage. Defendant Specific Opposition at 13-14. Contrary to Plaintiffs' assertions, this Court has not definitively decided the issue. Given that Plaintiffs have now had two attempts to properly plead their case, this issue is ripe for decision. Plaintiffs should not be permitted to bootstrap allegations with respect to a few drugs to encompass nearly all of a company's drugs. Therefore, all claims with respect to any Baxter drug other than those for which Plaintiffs allege a purchaser -- sodium chloride, dextrose, Ativan, and Vancocin HCl (see AMCC, Appendix B) -- should be dismissed.[1]

## II. THE CLAIMS RELATING TO MULTI-SOURCE DRUGS SHOULD BE DISMISSED.

This Court previously dismissed Plaintiffs' claims with respect to multi-source drugs because they "do not fit the paradigm described in the complaint." Order at 45, n. 11. This continues to be the case in the AMCC. Plaintiffs have offered nothing new to cause the Court to reverse its prior Order. As a result, the claims concerning the four Baxter drugs, all of which are multi-source drugs, as to which Plaintiffs have alleged a purchaser -- sodium chloride, dextrose, Ativan, and Vancocin HCl (see AMCC, Appendix B) -- also must be dismissed.

## III.   PLAINTIFFS HAVE NOT SATISFIED RULE 9(b) AS TO BAXTER.

Although Plaintiffs' allegations must be accepted as true for purposes of this Motion, Plaintiffs' general allegations - lumping all Defendants together and accusing them of similar, if not identical, behavior – is disingenuous. For example, the majority of the Baxter drugs for which Plaintiffs' seek recovery are intravenous solutions and biologicals that are not sold by retail pharmacies, by mail order, and/or on PBM formularies. Thus, as to Baxter, the Plaintiffs' PBM-related allegations are completely

---

[1] The claims of Plaintiffs Man-U Service Fund, VPIRG, WCA, StateWide, CANY, and CCJ, who are not alleged to have purchased any Baxter drugs, also should be dismissed.

inapplicable. Nonetheless, Plaintiffs' liberal pleading would have the Court believe Baxter participated in the various alleged PBM conspiracies. *See* AMCC ¶¶ 168-78. Plaintiffs have failed to account for differences in the operations of the Defendants and their assumptions are blatantly incorrect. The liberal pleading requirements of Rule 8 do not allow Plaintiffs to engage in a wholesale demonization of the entire pharmaceutical industry based solely on conjecture. *Sebago, Inc. v. Beazer East, Inc.*, 18 F. Supp.2d 70, 79 (D. Mass. 1998) (quoting *Kuney Int'l S.A. v. DiIanni*, 746 F. Supp. 234, 237 (D. Mass. 1990)) ("[w]here, as here, the complaint involves multiple defendants, [] 'each defendant's role must be particularized with respect to their alleged involvement in the fraud.'"). Plaintiffs have now been given two opportunities, with the benefit of review of over ten thousand pages of Baxter documents, to levy specific allegations against Baxter. Because Plaintiffs have failed to make specific allegations as to Baxter, their claims must be dismissed.

## CONCLUSION

For the reasons set forth above and in its prior briefs, the AMCC should be dismissed in its entirety with respect to Baxter.

Respectfully submitted,

Merle M. DeLancey, Jr.
J. Andrew Jackson
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L St. NW
Washington, DC 20037
Telephone: (202) 785-9700
Facsimile: (202) 887-0689
Counsel for Defendants
BAXTER HEALTHCARE CORPORATION and BAXTER INTERNATIONAL, INC.

Peter E. Gelhaar (BBO #188310)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street
33rd Floor
Boston, MA 02108
Telephone: (617) 720-2880
Facsimile: (617) 720-3554