UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL NO. 1456 ) ) ACTION: 01-CV-12257-PBS ) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) JUDGE PATTI B. SARIS ) |

### MEMORANDUM OF BOEHRINGER INGELHEIM CORP., BEN VENUE LABORATORIES, INC., AND BEDFORD LABORATORIES IN REPLY TO "PLAINTIFFS' SEPARATE MEMORANDUM IN OPPOSITION TO DEFENDANT-SPECIFIC MEMORANDA ON MOTIONS TO DISMISS"

Plaintiffs' Memorandum in Opposition to the specific memorandum of Boehringer Ingelheim Corporation, Ben Venue Laboratories, Inc., and Bedford Laboratories (together "Defendants") does nothing to salvage the Amended Master Consolidated Class Action Complaint ("AMCC") from its clear failure to comply with this Court's May 13, 2003 Order ("May 13 Order"), Fed. R. Civ. P. 8 & 9(b), and with Local Rule 15.1. Consequently, Defendants should be dismissed from this action.

### Plaintiffs *Still* Have Failed to Allege a Specific Drug, Allegedly Fraudulent AWP, and Plaintiff-Purchaser for Each Defendant.

This Court's May 13 Order offered Plaintiffs a simple method to appropriately plead the allegations in this case.[1] Nevertheless, Plaintiffs have failed to comply with these simple requirements. Instead of responding to Defendants' specific identification of Plaintiffs' errors,[2] Plaintiffs have simply rehashed the allegations of the AMCC. *See* Mem. Opp. at 39-40. Of the eleven drugs Plaintiffs allege to have been the subject of fraud, only two are specifically mentioned in the Memorandum in Opposition. With respect to these two drugs – leucovorin calcium and Viramune -- Defendants have done nothing in their Memorandum to address the

---

[1] This Court instructed that Plaintiffs must "clearly and concisely allege with respect to each defendant: (1) the specific drug or drugs that were purchased from defendant, (2) the allegedly fraudulent AWP for each drug, and (3) the name of the specific plaintiff(s) that purchased the drug." May 13 Order, at 44-45.

[2] *See generally* Defendant-Specific Memoranda in Support of the Motions to Dismiss #8.

pleading defects. First, Plaintiffs themselves reiterate that "Appendix B to the AMCC references those specific Employee Benefit Plan Plaintiffs that purchased any of the 11 drugs manufactured by the Boehringer Group [sic]." Mem. Opp. at 39. However, Appendix B clearly identifies only *one* drug – Viramune -- purported to have been purchased by particular Plaintiffs. *See* AMCC App. B (using an "X" to "[d]enote[] purchase of the particular drug by Plaintiff").[3] Second, despite Plaintiffs' insistence that they allege a fraudulent AWP for each drug, *see* Mem. Opp. at 6, Plaintiffs have failed to identify <u>anywhere in the AMCC or its appendices</u> a purportedly fraudulent AWP for Viramune, the only drug for which Plaintiffs have unambiguously named a specific plaintiff purchaser. Finally, as stated in Defendants' original Memorandum, Viramune is not even manufactured by the entities Plaintiffs designate as members of the "Boehringer Group."[4]

As Plaintiffs contradicted themselves in identifying particular plaintiff purchasers, failed to allege an AWP for a drug purchased by a particular plaintiff purchaser, and have otherwise failed to meet the pleading requirements of the May 13 Order, Defendants should be dismissed.

## Plaintiffs Have Failed to Comply with Local Rule 15.1 to Defendants' Prejudice and In a Manner that Will Likely Delay Litigation

Plaintiffs admit that they violated Local Rule 15.1, which requires that defendants be notified at least ten days before a plaintiff moves to amend a complaint in order to apprise defendants that they are to be added. *See* Mem. Opp. at 41. As an excuse, Plaintiffs claim that "in the course of amending and consolidating numerous pending and transferred" cases,

---

[3] While Plaintiffs do mention leucovorin calcium as having been paid for by the United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund ("UFCW") in paragraph 29 of the AMCC, Plaintiffs have represented here and elsewhere that Appendix B is intended to cover all the drugs purchased by a particular plaintiff. *See* AMCC ¶ 29; Mem. Opp. at 5, 39. As UFCW is clearly omitted in Appendix B as purchaser of leucovorin calcium, Defendants can only gather that Plaintiffs either (1) disclaim purchase of leucovorin calcium by UFCW, or (2) continue to plead in such a confusing and imprecise fashion as to flaunt the requirements of this Court's May 13 Order and the basic pleading requirements of Rules 8 & 9.

[4] *See* Defendant's Specific Memorandum in Support of the Motion to Dismiss #8 (stating that neither Boehringer Ingelheim Corporation, Ben Venue, nor Bedford Labs manufacture Viramune).

2

Plaintiffs "inadvertently" violated Local Rule 15.1, but that such inadvertence was neither prejudicial nor dilatory. *Id.*

Plaintiffs are wrong on both counts. First, by denying Defendants notice as required by Local Rule 15.1, Defendants have been denied the opportunity to adequately prepare a defense to Plaintiffs' suit. Even today, Defendants still are unsure to which constituent complaints Plaintiffs believe Defendants have been added as parties. Second, Local Rule 15.1 is designed to "*prevent* the rampant late addition of parties 'that inevitably delays the case.'" *Nett ex rel. Nett v. Belucci*, 269 F.3d 1, 3 (1st Cir. 2001) (emphasis added). Per this Court's Order,[5] Defendants have not waived any jurisdictional defect by responding to the Master Consolidated Complaint. Therefore, vigorous and lengthy procedural litigation can be expected once Plaintiffs begin alleging that Defendants have been named in every constituent complaint in this action – even ones in which Defendants have never been named and never been issued a summons. As Plaintiffs have failed to comply with Local Rule 15.1 to the prejudice of Defendants and to the inevitable delay of this suit, Defendants request to be dismissed from this action.[6]

Respectfully submitted,

_____
Paul J. Coval (Ohio 0022781)
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Tel. (614) 464-5635
Fax (614) 464-6350

*Attorney for Defendants*
*Boehringer Ingelheim Corp., Ben Venue*
*Laboratories, Inc. and Bedford Laboratories*

---

[5] This Court specifically stated that no party to this Court's July 23, 2002 Order "waives any jurisdictional, service of process, or other defense nor concedes the Master Consolidated Complaint relates back to the filing of any complaint in any action now coordinated before the Court." Case Management Order 1, at 1-2.

[6] Alternatively, Defendants request that this Court instruct Plaintiffs to specifically identify to which constituent suits Plaintiffs have added Defendants as parties.

3