# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) |

MDL No. 1456

CIVIL ACTION: 01-CV-12257-PBS

Judge Patti B. Saris

---

## B. BRAUN OF AMERICA INC.'S REPLY
## MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
## THE AMENDED MASTER CONSOLIDATED COMPLAINT

---

Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
T: (202) 879-5000
F: (202) 879-5200

*Counsel for*
*B. Braun of America Inc.*

September 30, 2003

Plaintiffs' lengthy opposition to defendants' motions to dismiss the AMCC offers nothing but conclusory allegations and arguments entirely lacking in foundation or support. Plaintiffs fail to offer any cognizable basis for asserting any claims against B. Braun of America Inc. ("BBA"), a newly-named *unserved* defendant over which this Court *lacks personal jurisdiction*.

## I.    BBA Must be Dismissed for Lack of Personal Jurisdiction and Service of Process.

As threshold matters, BBA moved to dismiss the AMCC for lack of personal jurisdiction and lack of service of process. BBA supported its motion with evidence that remains unrebutted -- a sworn declaration showing that BBA has not had any relevant contacts with this jurisdiction and that it has not been served with process in this litigation. *See* DiNardo Decl. (filed Aug. 1, 2003). In their opposition, plaintiffs have offered absolutely no evidence as to either of these dispositive defenses and, indeed, they have utterly failed to address either defense on the merits.

First Circuit law is clear. Even under the most lenient *prima facie* standard for establishing personal jurisdiction, plaintiffs "cannot rest upon mere averments, but must adduce competent evidence of specific facts." *Barrett v. Lombardi*, 239 F.3d 23, 26 (1st Cir. 2001); *see also Interface Group—Mass., LLC v. Rosen*, 256 F.Supp.2d 103, 105 (D. Mass. 2003) (plaintiff must provide "affirmative proof to support its allegations"). Because plaintiffs have offered no evidence of personal jurisdiction over BBA, the claims against BBA must be dismissed.

Similarly, plaintiffs have not cured their failure to serve BBA with a summons and complaint as required by Fed. R. Civ. P. 4. This failure is fatal to plaintiffs' claims against BBA because proper service under Rule 4 is a prerequisite to any litigation. *See, e.g., United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992) ("service of process constitutes the vehicle by which the court obtains jurisdiction").

Plaintiffs try to avoid addressing BBA's jurisdictional defenses by arguing that the AMCC, which names BBA as a defendant, somehow "relates back" under Rule 15(c)(3) to the MCC, which does not name BBA but names its subsidiary, B. Braun Medical Inc. ("BBM").

Plaintiffs' argument misses the point because Rule 15(c) relates to the date when pleadings are deemed effective, not whether jurisdiction is properly invoked. For BBA to be properly before the Court, plaintiffs must establish jurisdiction and service *over BBA* -- not over some other entity. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) ("[J]urisdiction over a parent corporation [does not] automatically establish jurisdiction over a wholly owned subsidiary. Each defendant's contacts with the forum State must be assessed individually.") (citation omitted). Plaintiffs cannot establish jurisdiction over BBA just by making conclusory allegations. As the First Circuit has ruled, "conclusory allegations do not suffice." *Cambridge Literary Props. v. W. Goebel Porzellanfabrik G.m.b.H.*, 295 F.3d 59, 66 (1st Cir. 2002); *see United Elec.*, 960 F.2d at 1091 (ruling that no jurisdiction existed over parent based on the activities of its subsidiary). Because plaintiffs have failed to prove affirmatively with evidence that jurisdiction exists over BBA, all claims against BBA must be dismissed.

## II. Claims of Plaintiffs Who Have Not Alleged the Purchase of a BBA Drug, and Claims Relating to BBA Drugs Not Purchased by Any Plaintiff or Not Based on a Fraudulent AWP Allegedly Reported by BBA, Must be Dismissed.

Plaintiffs do not deny that the associational plaintiffs and their members have never purchased a single BBA drug. They also do not deny that CMHV and Man-U have never purchased a single BBA drug. Having failed to allege such purchases, these plaintiffs cannot establish that they have suffered any injury caused by BBA, and therefore these plaintiffs lack standing to sue BBA individually. *See Cotter v. City of Boston*, 323 F.3d 160, 166 (1st Cir. 2003) (plaintiff "must establish that (1) he has suffered an injury in fact, (2) the injury was caused by the challenged action of the defendant, and (3) a favorable ruling would likely redress his injury."). Plaintiffs have cited no controlling legal authority to the contrary.

Plaintiffs admit that collectively, as to BBA, they only "have purchased two of the six drugs identified in Appendix A." Opp. at 46. Accordingly, all claims against BBA relating to the four drugs that none of them purchased -- *i.e.*, dextrose, dextrose in lactated ringers, dextrose

with sodium chloride, and heparin sodium (porcine) in d5w) -- should be dismissed. All claims relating to the other two drugs -- sodium chloride and sodium chloride (gu irrigant) -- should likewise be dismissed because (1) plaintiffs have failed to allege the specific facts as to even a single purchase of either of these drugs, and (2) plaintiffs have failed to allege that they made any payment actually based on an allegedly fraudulent AWP reported by BBA. Plaintiffs have cited no controlling legal authority that would excuse their failure to allege such facts, which are clearly matters within their own knowledge and control.

### III.     All Claims Must Be Dismissed Because They Are Based on Multiple-Source Drugs.

Plaintiffs' conclusory and illogical arguments offer no basis for bringing claims against BBA based on the purchase of multiple-source drugs. As this Court has observed, plaintiffs' claims about multiple-source drugs do not even fit their own paradigm. 5/13/03 Order at 45 n.11. Plaintiffs do not dispute that the Medicare reimbursement rates for multiple-source drugs are based on industry-wide median AWPs -- not based on BBA's alleged individual AWPs. *See* AMCC ¶¶ 145, 149. Plaintiffs also do not dispute that they have not specifically alleged, as to any BBA drug, even a single median AWP or that any such median was in fact fraudulent. Nor have plaintiffs specifically alleged that BBA's reporting of AWPs caused injury to plaintiffs with respect to any multiple-source drug, or cited any controlling legal authority that would allow them to sue BBA individually without making such allegations. Thus, the claims against BBA, all of which are based on multiple-source drugs, must be dismissed.

### CONCLUSION

For the foregoing reasons, as well as those argued in BBA's opening memorandum, the memoranda submitted jointly by defendants or by other defendants individually (directed at either the AMCC or the MCC or both), in which BBA joins and incorporates by reference, B. Braun of America Inc. should be dismissed from the case.

3

Dated: September 30, 2003

Respectfully submitted,

Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
T:  (202) 879-5000
F:  (202) 879-5200

*Counsel for B. Braun of America Inc.*

4