## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | ) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) |

MDL NO. 1456

CIVIL ACTION NO. 01-CV-12257-PBS

Judge Patti B. Saris

### SUPPLEMENTAL REPLY MEMORANDUM OF BRISTOL MYERS SQUIBB DEFENDANTS IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED MASTER CONSOLIDATED COMPLAINT

Defendants Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp. and Apothecon, Inc. ("BMS")[1] submit this supplemental reply memorandum in further support of their motion to dismiss the Amended Master Consolidated Complaint ("AMCC").

### I.  PLAINTIFFS' PRE-1997 CLAIMS SHOULD BE DISMISSED

Plaintiffs have declined to respond to BMS's argument that the statute of limitations bars their claims prior to 1997 on two grounds.  First, they claim that the argument applies to all defendants, not just BMS.  Second, they claim that the Court has already decided that this issue affects only "damages" and is not ripe for determination at this time.  See Plaintiffs' Separate Memorandum In Opposition To Defendant-Specific Memoranda on Motions to Dismiss at 49.

The fact that other defendants might also benefit from a ruling on a legal issue raised by BMS is not a ground to prevent this Court from ruling on the issue.  Rather, plaintiffs do not respond substantively because they have no ability to do so:  their allegations of fraudulent concealment are so devoid of merit as to be frivolous.  They do not and cannot allege

---

[1] Oncology Therapeutics Network Corp. and Apothecon, Inc. are wholly-owned subsidiaries of Bristol-Myers Squibb Co.

<u>any</u> particulars as to how BMS (or any defendant) allegedly acted to conceal the truth, what steps, if any, plaintiffs took to learn the truth and why plaintiffs were frustrated in their efforts. (Nor could plaintiffs, since the AMCC itself cites a 1996 Barron's article which states that AWP stands for "Ain't What's Paid" and describes the alleged "spread" in detail).

Furthermore, as BMS pointed out in its initial memorandum, plaintiffs fail to identify any AWPs prior to 1997 – in direct contravention of the Court's Memorandum and Order of May 13, 2003. Even though the Court could not have been more clear in its Memorandum and Order, plaintiffs do not even deign to address this deficiency. Limiting the claims from 1997 forward will have a significant effect on the scope of discovery, the scope of the issues and the ultimate resolution of this case.

Accordingly, plaintiffs' claim (AMCC ¶¶ 198-99) that the applicable statutes of limitation have been tolled should be dismissed.

## II.   PLAINTIFFS' PBM CLAIMS SHOULD BE DISMISSED

Plaintiffs contend that they enter into contracts with PBMs pursuant to which PBMs arrange for plaintiffs' participants to purchase brand name drugs from retailers at AWP "less a certain percentage 'discount'." (AMCC ¶ 169.) Plaintiffs contend that they are damaged because the PBMs allegedly pay retailers less than the amount plaintiffs have paid the PBMs. (<u>Id.</u> ¶ 171.) Plaintiffs do not explain what role, if any, BMS has played in this alleged scheme – much less explain it with the particularity required by Rule 9(b).

-2-

For that reason alone, plaintiffs' PBM claims should be dismissed.

Respectfully submitted,

BRISTOL-MEYERS SQUIBB COMPANY,
ONCOLOGY THERAPEUTICS NETWORK
CORP. and APOTHECON, INCORPORATED
By their attorneys,

| | |
|---|---|
| Thomas E. Dwyer, Jr. (BBO No. 139660) | Steven M. Edwards (SE 2773) |
| Daniel J. Cloherty (BBO No. 565772) | Lyndon M. Tretter (LT 4031) |
| **DWYER & COLLORA, LLP** | Admitted *pro hac vice* |
| 600 Atlantic Avenue | **HOGAN & HARTSON L.L.P.** |
| Boston, MA  02210 | 875 Third Avenue |
| (617) 371-1000 | New York, NY  10022 |
| | (212) 918-3000 |

Dated:  September 30, 2003

-3-