UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) ) THIS DOCUMENT RELATES ) TO ALL ACTIONS ) ) | MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**REPLY TO PLAINTIFFS' OPPOSITION TO HOFFMANN-LA ROCHE INC.'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiffs' Opposition to the Defendant-Specific Memoranda on Motions to Dismiss ("Opposition") graphically illustrates why the Amended Master Consolidated Complaint ("AMCC") must be dismissed with prejudice as to Hoffmann-La Roche Inc. ("Roche"). Plaintiffs disingenuously claim that -- having "conducted an *exhaustive search* (on the basis of available information), *reviewed thousands* of potential drugs and pricing behavior of Defendants, and gathered *significant information* from pharmacy industry insiders, experts, and other sources" -- the AMCC: (a) applies the "circumstances of the fraud" to *each* defendant; (b) describes the "specific unlawful conduct of *each* named Defendant in great detail;" (c) provides "specific examples of actual spreads, comparing actual prices offered to customers of *each* Defendant to the fraudulent AWPs set forth for those drugs in industry compendia;" and (d) articulates the what, when, where, and how of the fraud alleged. Opposition at 7, 9, 12 (emphasis added). As to Roche, this is simply untrue. The fact remains that Plaintiffs do not -- because they cannot -- cite to a single paragraph in the AMCC that describes the "circumstances of the fraud" as to Roche, the "specific unlawful conduct" allegedly committed by Roche, or "specific examples of actual spreads, comparing actual prices offered to customers" by Roche, much less the "what, when, where and how" of the fraud allegedly perpetrated by Roche. The AMCC does not cure the deficiencies that led this Court to dismiss the Master Consolidated Class Action Complaint ("MCC") in its entirety as to Roche. Plaintiffs' allegations against Roche in the AMCC remain premised solely on the fact that Roche is a pharmaceutical manufacturer, and are wholly inadequate to support the claims that form the basis of this action.

Not only do Plaintiffs fail to sufficiently allege fraud as to Roche, but in their

1

Opposition Plaintiffs grossly misrepresent the AMCC paragraphs related to Roche.[1] As noted above, while Plaintiffs repeatedly claim in their Opposition that they alleged specific conduct as to "each Defendant," there is no specific conduct alleged as to Roche. Opposition at 9, 12. Perhaps Plaintiffs' most egregious claim is that "the AMCC states several federal and state investigations revealed that Hoffman [sic] engages in an organization-wide and deliberate scheme to inflate AWPs." *Id.* at 56. One can search the AMCC in vain for such an allegation. While Plaintiffs made such an allegation as to most other defendants, they did not -- because they cannot -- make this allegation as to Roche.

Plaintiffs' Opposition also essentially ignores the standing arguments made by Roche, and thus cannot be heard to object to dismissal on this ground. First, as noted in Roche's individual motion to dismiss, all Plaintiffs must be found to lack standing as to Roche because they failed to allege any reasonably specific unlawful conduct undertaken by Roche, let alone conduct that can be fairly traced to Plaintiffs' alleged injuries. *See* May 13, 2003 Order ("Order") at 41. Second, since Carpenters and Millwrights of Houston and Vicinity is the only plaintiff bringing Count IX (civil conspiracy claim) and it failed to allege that it purchased *any* drug whatsoever from Roche, this count must be dismissed as to Roche. *See* AMCC ¶727, Appendix B; Order at 41. Third, all association plaintiffs must be dismissed as to Roche, as none identified *any* member who purchased a Roche product. *See* Order at 44. Fourth, all claims regarding Cellcept IV must be dismissed because Plaintiffs failed to allege that any Plaintiff

---

[1] Plaintiffs ignore their failure to allege any specifics as to Roche and attempt to divert this Court's attention by misstating Roche's position and arguing that Plaintiffs do not need to mathematically quantify the allegedly fraudulent spread. Opposition at 7-8. Plaintiffs' efforts to erect a straw man are unavailing. Roche has never argued that this Court's Order required Plaintiffs to provide the precise mathematical calculation of the purportedly fraudulent "spread," rather, Roche's position is that, consistent with the law and this Court's May 13 Order, Plaintiffs must state a basis for their conclusory assertion that they purchased Roche drugs with fraudulent spreads.

purchased it. *See* AMCC Appendix B; Order at 45 (requiring Plaintiffs to allege the "name of the specific plaintiff(s) that purchased the drug").

Plaintiffs can proffer no further excuses for their failure to allege a claim as to Roche. As Plaintiffs trumpet, state and federal governmental entities have been engaged in extensive investigations of the pharmaceutical industry for years, more than a million documents have been produced in this litigation, Plaintiffs have conducted a self-described "massive review of each Defendant, its products and its pricing conduct with respect to those products," and many of the calculations relevant to this case are readily available in the public arena. Opposition at 4, 7, 9-10. Despite this record -- which far exceeds the record usually available to plaintiffs when drafting (and re-drafting) a complaint -- Plaintiffs here have failed to allege a single specific example of wrongdoing by Roche, nor a basis for believing that Roche acted improperly. The only basis for Plaintiffs' claim against Roche continues to be that Roche is a pharmaceutical manufacturer, and thus can be liberally tarred with the conduct alleged against other manufacturers through the cavalier use of the term "Defendants." As this Court has repeatedly noted during the oral arguments and status conferences in the case, as well as in its May 13 Order, that is simply not a sufficient basis upon which to base RICO and other claims. For these reasons, as well as those set forth in Roche's Individual Motion to Dismiss and the Consolidated Motion to Dismiss and Reply,[2] this case must be dismissed as to Roche with prejudice.

---

[2] Roche fully adopts and incorporates by reference the arguments set forth in the Consolidated Reply Memorandum in Support of Defendants' Motion to Dismiss the Amended Master Consolidated Class Action Complaint.

Dated: September 30, 2003

Respectfully submitted,

*Colleen Hennessey /an*

Colleen Hennessey
PEABODY & ARNOLD, LLP
50 Rowes Wharf
Boston, MA 02110
Telephone: (617) 951-2100
Facsimile: (617) 951-2125

Kevin R. Sullivan
Grace Rodriguez
Ann M. Malekzadeh
John D. Shakow
KING & SPALDING LLP
1730 Pennsylvania Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

Attorneys for Defendant Hoffmann-La Roche Inc.