UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | M.D.L. No. 1456<br><br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*ALL CLASS ACTIONS* | |

**INDIVIDUAL REPLY MEMORANDUM OF PHARMACIA CORPORATION AND PHARMACIA & UPJOHN COMPANY IN SUPPORT OF MOTION TO DISMISS THE AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

In its Individual Memorandum, Pharmacia demonstrated that (1) none of the association plaintiffs have standing against Pharmacia and (2) plaintiffs failed to allege fraud with particularity for Celebrex, the only non-Medicare Part B Pharmacia drug for which relief is sought. Plaintiffs do not even respond to these arguments, let alone refute them.

## I. NONE OF THE ASSOCIATIONS HAVE STANDING TO PURSUE CLAIMS AGAINST PHARMACIA.

Pharmacia's Individual Memorandum pointed out that none of the association plaintiffs have standing to pursue claims against Pharmacia because neither the associations nor any of their members purchased a single Pharmacia drug. Pharmacia Memo, p 2. Instead of responding to this argument, plaintiffs merely point to a section of their brief that discusses a different topic: whether a plaintiff who purchased one drug from a defendant has standing to pursue claims for purchases of other drugs from the same defendant. *See* Separate Memo, pp. 66 (claiming that Pharmacia's association standing argument is "addressed *infra* at Section III.D."). The Court deferred ruling on whether such claims are acceptable under the juridical linkage exception. *See In re Pharmaceutical Industry AWP Litig.*, 263 F. Supp. 2d 172, 193-94 (D. Mass. 2003). In any event, the issue is irrelevant here, because the Court has already rejected the notion that juridical linkage allows an association to maintain claims against a defendant-manufacturer where, as here, <u>none</u> of its members have purchased <u>any</u> of that defendant's drugs. *Id.* at 193 ("Several pharmaceutical companies correctly argue that the individually named plaintiffs do not have standing to bring suit against *them* because no plaintiff claims to have purchased *their* drug.").[1] Because the association plaintiffs do not allege that they or their members purchased any Pharmacia drugs, their claims should be dismissed.

---

[1] Plaintiffs' rote conspiracy allegations do not salvage a juridical linkage claim with respect to Pharmacia because they fail to allege a single conspiratorial act by Pharmacia and, therefore, lack the particularity required by Rule 9(b). *See* Defendant's Consolidated Memorandum, pp. 24-26.

- 1 -

## II. PLAINTIFFS HAVE NOT PLED A SINGLE FRAUDULENT ACT RELATING TO CELEBREX.

Similarly, plaintiffs have failed to even respond to Pharmacia's argument that the AMCC contains no specific allegations about fraudulent conduct concerning Celebrex. *See* Pharmacia Memo, pp. 3-5. Instead, plaintiffs simply spend over four pages detailing allegations about other drugs. *See* Separate Memo, p. 62-66. They do not point to a single paragraph in the AMCC that even mentions Celebrex, much less set forth how the AMCC describes a fraud related to Celebrex. Plaintiffs' allegations about Pharmacia's Medicare Part B drugs are not sufficient to show fraud with respect to Celebrex.[2] Moreover, plaintiffs' allegations regarding Pharmacia's multi-source Medicare Part B drugs are further deficient because competition based on AWP inflation for those drugs is not possible. *See* Consolidated Reply, pp. 18-20. In short, plaintiffs likely included Celebrex in the AMCC not because they have any evidence of fraudulent behavior but only because it is Pharmacia's most successful product.

## CONCLUSION

For the foregoing reasons, as well as those argued in Pharmacia's Individual Memorandum, Defendants' Consolidated Memorandum and Reply Brief, and the memoranda submitted by other defendants' individually, in which Pharmacia joins and incorporates by reference, all claims against Pharmacia should be dismissed.

---

[2]   Because Celebrex is not covered by Medicare Part B, any purchases and reimbursement based on AWP would necessarily occur through entirely different channels under entirely different formulas. Moreover, the allegations with respect to Pharmacia's Medicare Part B drugs are also insufficient as a matter of law for the reasons set forth in Defendants' Consolidated Memorandum and Consolidated Reply Brief.

Respectfully submitted,

BY: _____

Mark D. Smith (BBO #542676)
Laredo & Smith LLP
15 Broad Street, Suite 600
Boston, MA 02109
(617) 367-7984 (telephone)
(617) 367-6475 (facsimile)

John C. Dodds, Esq.
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000 (telephone)
(215) 963-5001 (facsimile)

Scott A. Stempel, Esq.
Gregory F. Wells, Esq.
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 739-3000 (telephone)
(202) 739-3001 (facsimile)

Dated: September 30, 2003

*Attorneys for Defendants Pharmacia Corporation and Pharmacia & Upjohn Co.*

- 3 -