
UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re Pharmaceutical Industry Average Wholesale Price Litigation, | No. MDL Docket No. 1456<br>CIVIL ACTION: 01-CV-12257-PBS |
| This Document Relates to All Actions | Judge Patti B. Saris |

**INDIVIDUAL REPLY MEMORANDUM OF SICOR, INC. AND SICOR PHARMACEUTICALS, INC. (FORMERLY "GENSIA SICOR PHARMACEUTICALS, INC.") IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED MASTER CONSOLIDATED <u>CLASS ACTION COMPLAINT</u>**

10754725v2

SICOR noted in its individual memorandum that (1) plaintiffs have inconsistently, and therefore not clearly, identified which of SICOR's products they purchased; (2) plaintiffs have failed to identify the date of any supposed purchase, and therefore have failed to identify the supposedly fraudulent AWP; (3) plaintiffs have failed to identify where they purchased the SICOR products, so as to show standing under the state unfair competition laws of any particular state; (4) that plaintiffs have failed to allege any fact that would make it unlawful for SICOR to provide free samples as a way of discounting a quantity purchase, or that any purchase by plaintiff was affected by such free samples; (5) if claims involving multiple-source drugs under Medicare Part B are dismissed, all other claims should be dismissed against SICOR because no plaintiff alleges a SICOR purchase outside Medicare Part B, and (6) Count Nine ("Civil Conspiracy") should be dismissed as to SICOR in that the plaintiff pleading that count alleges no purchase from SICOR.

Plaintiffs' September 15, 2003, separate reply as to SICOR fails to address any of these issues adequately, which will now be taken in turn.

(1)  In the Amended Master Consolidated Complaint (AMCC), plaintiffs made inconsistent allegations about which SICOR drug was purchased. The AMCC text pleads only that plaintiff UFCW bought SICOR's leucovorin calcium; the Appendix B thereto inconsistently does not indicate any such purchase, but instead claims that the UFCW purchased tobramycin sulfate.[1] *Compare* AMCC, ¶ 29 *with* AMCC, Appendix B at 30.

Because plaintiffs have no answer on this point, they say "SICOR complains as to standing noting that only one drug was purchased by a Plaintiff of those listed in Appendix A." Pls.' Separate Opp'n at 73. The reader is left to wonder how the inconsistencies in the

---

[1] This inconsistency is not trivial. One purpose of Rule 9(b) is to put defendants on notice of the claims against them. It is vital for SICOR to know which of its drugs is at issue in the litigation.

AMCC are to be resolved to show what that "one drug" is,[2] and more importantly plaintiffs have no argument that the pleading itself is clear, which is the pertinent question.[3]

(2) As noted in SICOR's opening separate brief, plaintiffs fail to connect their allegations of one or more purchases at unspecified times, on the one hand, with their allegations that fraudulent AWPs existed at some times. As a result, their failure to allege the date on which UFCW purchased a SICOR product means they have failed to specify the allegedly fraudulent AWP.

Plaintiffs' responsive brief ignores this argument. In fact, plaintiffs' opposition to defendants' specific memoranda demonstrates why the date of purchase is critical. In an attempt to demonstrate that the AMCC meets the requirements of Rule 9(b), plaintiffs point to Appendix A and a chart which states allegedly inflated AWPs for some years, arguing that each defendant is put on notice for those years in which an AWP for their drugs is stated. Pls.' Separate Opp'n at 5. By plaintiffs' own logic, any claims for other years should be dismissed because defendants are not on notice for those years. More importantly, this device fails to satisfy the minimum requirements of this Court's order which stated that "plaintiffs shall clearly and concisely allege with respect to each defendant: (1) the specific drug or drugs that were purchased from each defendant, (2) the allegedly fraudulent AWP for each drug, and (3) the name of the specific plaintiff(s) that purchased the drug." *AWP Litig.*, 263 F. Supp. 172, 194 (D. Mass. 2003). These requirements must be read together – what drug did which plaintiff buy, from which defendant, at what allegedly fraudulent AWP? If a plaintiff alleges a purchase of a SICOR drug, not only should that drug be identified but the date and the supposedly fraudulent AWP that affected that sale.

---

[2] Plaintiffs' brief references an alleged spread number for the "one drug," which suggests they think it was tobramycin sulfate, but the pleading clarifies no such thing.

[3] *See e.g., In re Pharmaceutical Indus. Average Wholesale Price Litig.*, 263 F. Supp. 2d 172, 194 n11 (D. Mass. 2003) in which this Court noted that while plaintiffs made certain allegations related to generic drugs in their surreply, the allegations in the complaint were the operative ones for purposes of the motion to dismiss.

Beyond Rule 9(b), this omission is critical with regard to the issue of standing. Plaintiffs must allege an injury traceable to SICOR's conduct. If UFCW purchased SICOR's tobramycin sulfate in 1997 then UFCW would lack standing because the AMCC does not allege an inflated AWP for that drug in that year. Listing an allegedly inflated AWP at some other time does not show their standing.

(3) Plaintiffs allege unfair competition under the varying state laws of 11 states. SICOR pointed out that because UFCW has not stated where it purchased a SICOR product the AMCC does not show that UFCW has standing to sue SICOR under one or more of the various state laws. Plaintiffs respond that this would "exceed any pleading requirement imposed under the First Circuit and district court cases cited above." Pls.' Separate Opp'n at 73.

However, the cases referenced by plaintiffs deal with the requirements of Rule 9(b). *See* Pls.' Separate Opp'n at 10-13 *and* Consolidated Opp'n at 10-16. The issue here is under which, if any, of the 11 state laws plaintiff UFCW might have standing to sue. Plaintiffs must plead facts showing their standing, *Warth v. Seldin*, 422 U.S. 490, 518 (U.S. 1974), but have offered no authority in support of the counterintuitive proposition that UFCW's purchase of SICOR's products in an unidentified state confers standing to sue under the consumer protection laws of multiple states. In fact, there is persuasive authority to the contrary, as SICOR cited in its opening brief. *See In Re Terazosin Hydrochloride Antitrust Litig.*, 160 F. Supp. 2d 1365, 1370-1371 (S.D. Fla. 2001).

Plaintiffs' failure to state a place of purchase is fatal, for example, to their standing under the state law of New York. *See Goshen v. Mutual Life Ins. Co. of New York*, 730 N.Y.S. 2d 46, 47 (1 Dept. 2001) *aff'd*, 98 N.Y. 2d 314 (2002), holding that a buyer who purchased a life insurance policy in Florida could not serve as the lead plaintiff in a class action brought under New York's General Business Law § 349.

Plaintiffs' failure to plead meaningfully on these basic issues is further inexcusable in light of the fact that the missing facts are peculiarly within their knowledge and control.

(4) Plaintiffs fail to explain why SICOR's giving free samples as a way of discounting a quantity purchase is unlawful, or that any purchase by plaintiff was affected by such free samples. Their only response is to quote, in part, from a document that references use of free goods to "mask the final price." The fact that companies try to maintain confidentiality of their price concessions to particular customers should come as no surprise, and plaintiffs fail to allege that there was any motivation – or even possibility – to hide such concessions from the U.S. Government. To do so would not affect a multiple-source drug manufacturer's market share favorably.

(5) Plaintiffs ignore, and thus may concede, that if the Court again dismisses the claims as to multiple-source drugs under Medicare Part B, the entire action should be dismissed as to SICOR, because no plaintiff alleges any transaction involving a SICOR product outside the context of Medicare Part B (e.g., no plaintiff alleges a Pharmacy Benefit Manager transaction as to a SICOR product).

Even if plaintiffs' Medicare Part B claims survive, all non Medicare Part B and PBM claims against SICOR should be dismissed because no plaintiff has standing to bring such claims against SICOR. *See Griffin v. Dugger*, 832 F.3d 476, 483 (11th Cir. 1987). These claims do not fit within the "juridical link" exception as applied in ERISA cases such as *Alves v. Harvard Pilgrim Healthcare, Inc.*, 204 F. Supp. 2d 198, 205 (D. Mass. 2002). *Alves* involved a challenge to the general practices of the defendant which affected various private ERISA plans. *Id.* The juridical link exception applies in cases where a single resolution of the various disputes would be expeditious. *Id.* Here, plaintiffs seek to challenge the alleged practices of SICOR in the Medicare Part B context, and the markedly different private payor arena. As noted in other memoranda, reimbursement under Medicare is distinct from reimbursement under private plans.

(6) Plaintiffs ignore, and thus may concede, that Count Nine ("Civil Conspiracy") must be dismissed as to SICOR because the only plaintiff bringing that count lacks standing to sue SICOR.

For reasons noted in other memoranda, all claims regarding multiple-source drugs should be dismissed, and the only drugs alleged as to SICOR are such.

For the reasons set forth above, as well as the reasons set forth in the Consolidated Reply Brief, and the individual briefs of various defendants, all claims against SICOR should be dismissed.

Dated: September 30, 2003

                                          Respectfully submitted,

                                          PILLSBURY WINTHROP LLP
                                          KIRKE M. HASSON
                                          REED E. HARVEY
                                          THOMAS A. SEGAL

                                          PIPER RUDNICK LLP
                                          BRUCE E. FALBY

                                          By _____ /TAS_____

PILLSBURY WINTHROP LLP
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

PIPER RUDNICK LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2600
Telephone: (617) 406-6000
Facsimile: (617) 406-6100

Attorneys for Defendants
SICOR INC. and GENSIA SICOR
PHARMACEUTICALS, INC.