## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE LITIGATION

MDL No. 1456
Civil Action: 01-CV-12257-PBS
Judge Patti B. Saris

THIS DOCUMENT RELATES TO:

ROBERT J. SWANSTON, individually and on behalf
of himself and all others similarly situated,
                              Plaintiff,
        v.

TAP PHARMACEUTICAL PRODUCTS, INC., et al.

                Defendants.

### PLAINTIFF ROBERT J. SWANSTON'S SUPPLEMENTAL
### MEMORANDUM IN SUPPORT OF MOTION FOR REMAND

Plaintiff respectfully submits this supplemental memorandum in support of his Motion for

Remand to supplement his previous briefs, filed earlier this year before the case was transferred to

this Court, to address the issues raised by his Motion under the law of this Circuit. As explained

below, removal in this case was improper, and plaintiff's Motion should be granted, for both

procedural and substantive jurisdictional reasons.

> 1.      All defendants have not timely consented to removal.

This case must be remanded to state court because all defendants did not consent to removal,

as required, within thirty days of service. Several of the corporate defendants chose to litigate this

case for months before consenting to removal. Defendant G.D. Searle, and ten (10) of the individual

© 2003 KLINE & SPECTER
A PROFESSIONAL CORPORATION

defendants, have never consented to removal. This procedural flaw is fatal to the exercise of federal subject matter jurisdiction over this matter.

The federal removal statute requires that a defendant seeking to remove a state court action to federal court must file a notice of removal within thirty days of receipt of the initial pleading. *See* 28 U.S.C. § 1446(a),(b); *Murphy v. Newell Operating Co.*, 245 F. Supp.2d 316, 318 (D. Mass. 2003). In cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition within thirty days of being served. *Montana v. Abbott Laboratories*, 266 F. Supp.2d 250, 260 (D. Mass. 2003). Failure to follow this 30-day "rule of unanimity" is a procedural defect justifying remand to state court. *Id.*

The 30-day limitation on removal is to be strictly construed. *Murphy*, 245 F.Supp.2d at 318. Judge Wolf of this Court has explained the two main purposes of this limitation:

> First, it is intended to prevent forum shopping based on a "wait-and-see" approach.... In other words, it discourages defendants from removing a case to federal court after partial proceedings in state court have revealed the shortcomings of the state forum.... Second, it is intended to avoid the delay and inefficiency of recommencing a case in federal court after it has already been the subject of substantial state court proceedings.

*Karpowicz v. Blue Cross & Blue Shield of Massachusetts*, C.A. No. 96-10050-MLW, 1996 WL 528372, at *3 (D. Mass. Aug. 19, 1996) (citations omitted).

Some commentators, however, have argued that it is "unfair" to strictly apply the 30-day rule of unanimity to defendants who are added to a case after the 30-day removal period has begun to run for other earlier-served defendants. *See Brown v. Demco*, 792 F.2d 478, 482 (5th Cir. 1986) (discussing criticism). In such cases, a subsequently-served defendant has no ability to remove the case to federal court if the 30-day period has already run with respect to an earlier-served defendant.

© 2003 KLINE & SPECTER
A PROFESSIONAL CORPORATION

*Id.* But as the Court of Appeals for the Fifth Circuit explained in *Brown*, any "unfairness" to such

defendant pales in comparison to the unfairness to the plaintiff if the 30-day removal clock is set

anew with the addition of each defendant:

> A defendant who is added to a case in which a co-defendant has
> failed to seek removal is in no worse position than it would have been
> if the co-defendant had opposed removal or were domiciled in the
> same state as the plaintiff. To permit the defendants in this case to
> obtain removal after they have tested state-court waters for four years
> would give them a second opportunity to forum-shop and further
> delay the progress of the suit. The unfairness of this to the plaintiff
> outweighs the unfairness, if any, to the last-joined defendant. The
> forum for a suit ought to be settled at some early time in the litigation.

*Brown*, 792 F.2d at 482.

For these reasons, this Court strictly applies the 30-day limitation to bar removal, even in

cases where the removing defendant timely files a removal petition within thirty days of service, but

a co-defendant does not provide its consent within thirty days of service. *See, e.g., Montana v.*

*Abbott Laboratories*, 266 F. Supp.2d at 260, 263 (holding that one co-defendant's tardy attempt to

withdraw its objection to removal did not meet requirements of removal statute); *Murphy*, 245 F.

Supp.2d at 319 (holding that co-defendant's failure to consent to removal within thirty days of

service on removing defendant rendered later assent ineffective); *Karpowicz*, 1996 WL 628372, at

*7 (same).[1]   Other district courts in this Circuit have similarly ruled. *See Gorman v. Abbott*

---

[1]      In *Garside v. Osco Drug*, 702 F. Supp. 19, 22 (D. Mass. 1988), Judge Tauro of this Court
reached a different result, and denied a motion for remand on the ground that a subsequently served
defendant could remove a state court action to federal court, even though its consenting co-defendant
was time-barred from doing so. In that case, however, the party seeking remand was the same
defendant who had removed the case to federal court. Because this "could be perceived as an effort
at forum shopping – a practice that should always be discouraged," Judge Tauro determined that a
denial of remand was "particularly compelling" in that case. *Id.* at 22. In this case, however,
plaintiff is seeking remand back to state court, where several defendants litigated for nine months
before "consenting" to removal. Thus, defendants might be perceived as forum shopping if remand
is denied, rather than granted, in this case.

© 2003 KLINE & SPECTER
A PROFESSIONAL CORPORATION

*Laboratories*, 629 F. Supp. 1196, 1201-02 (D.R.I. 1986) (holding that failure of original defendant to exercise its right of removal within thirty days of service foreclosed any possibility of removal by subsequently served defendants) (Selya, J.); *Hill v. Phillips, Barratt, Kaiser Engineering*, 586 F. Supp. 944, 946-47 (D. Me. 1984) (same) (Cyr, J.).[2]

This case was litigated for nine (9) months in Arizona state court against defendants Abbott, TAP, Johnson & Johnson, Ethicon, Indigo, Astra Zeneca, Pharmacia, Monsanto, Bayer, and Alza before those corporate defendants "consented" to removal to federal court. After the initial complaint was filed and served in March 2002, these defendants chose not to remove the case to federal court. Instead, they brought no less than seven (7) motions to dismiss, all of which were fully briefed, argued, and ultimately denied by the state court. *See* Order of the Honorable Edward O. Burke, dated November 25, 2002, attached as Exhibit "A." After the denial, eight (8) defendants filed Answers to the Complaint.

The state court rendered other decisions adverse to motions brought by defendants, including the denial of a Motion for Summary Judgment by Pharmacia, and the denial of a stay motion filed by all defendants. *See* docket entries of September 30, 2003, attached as Exhibit "B." Besides bringing motions, these defendants further participated in the state court proceedings by assisting in setting schedules for dismissal motions, class certification briefing[3] and discovery. They requested of plaintiff and negotiated a Protective Order regarding confidential documents apart from the one entered in this Court. They have produced documents and witnesses for deposition. They even

---

[2]     In deciding to follow their interpretation of the 30-day rule of unanimity set forth in *Gorman* and *Hill*, Judge Wolf of this Court noted that both Judge Selya and Judge Cyr are currently members of the Court of Appeals for the First Circuit. *Karpowicz*, 1996 WL 528372, at *4-5.

[3]     Pursuant to a stipulated scheduling order, plaintiff filed his Motion for Class Certification on December 20, 2002.

© 2003 KLINE & SPECTER
A PROFESSIONAL CORPORATION

petitioned the state court to transfer the case to the newly formed division of the Court dedicated to complex litigation cases, and then participated in several court conferences, convened by the new judge to deal with case management issues. This all came to an abrupt end in early January 2003, when the defendants offered their "consent" to the instant Notice of Removal filed by a subsequently-added defendant, GlaxoSmithKline Corporation ("GSK").[4] G.D. Searle, a corporate defendant added to this case at the same time as GSK, and ten (10) of the individual defendants, never filed their consent to removal.

Removal under these circumstances is contrary to the dictates and purposes of the removal statute, and the weight of authority construing that statute. To allow the original defendants to "consent" to removal after testing the state court waters for nine (9) months would create the appearance, at least implicitly, of the acceptance of forum shopping. Presumably, it would also give the defendants an opportunity to re-litigate substantive and procedural issues that already have been resolved in the state court, potentially causing problems for this Court seeking to manage this litigation in a uniform proceeding. The desire to avoid these evils is precisely why the 30-day requirement for unanimity among defendants should be strictly applied in this case, and should be held to bar removal.

Even if this Court were inclined to give each defendant a full thirty days from the time of service to decide whether or not to remove the case, the fact that G.D. Searle and the individual defendants have not filed assents in the nine (9) months since GSK's January 2003 Notice of

---

[4]     Although GSK was added as a defendant in January 2003, along with several other corporations, the amendment to the Complaint was accomplished by the consent of all the existing defendants on a timetable to which they agreed.

© 2003 KLINE & SPECTER
A PROFESSIONAL CORPORATION

5

Removal destroys unanimity. *See Murphy*, 245 F. Supp.2d at 319. Because the procedural requirements for removal have not been met, plaintiff's motion for remand should be granted.

2.    There is no federal question in this case sufficient for subject-matter jurisdiction.

Although defendants argue strenuously otherwise, there is no federal question in this case warranting removal. In *Montana v. Abbott Laboratories*, *supra*, and again in *Minnesota v. Pharmacia Corp.*, No. 03-10069-PBS, 2003 WL 21977227 (D. Mass. Aug. 20, 2003), this Court correctly ruled that the mere need to look to federal law to construe the meaning of "average wholesale price" does not generate a federal question sufficient for jurisdiction, where the federal law in question does not provide a private right of action for violation of that federal law. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986). Defendants' assertions otherwise are no different in this case, and are just as unavailing. Because plaintiff alleges no federal claims, but relies solely on state common and statutory law as a basis for recovery, this Court does not have subject matter jurisdiction based on a substantial federal question.

Nor do any of the exceptions to *Merrell Dow* exist in this case. Plaintiff's allegations do not implicate any federal constitutional issues, or federal contracts. *See Minnesota v. Pharmacia Corp.*, 2003 WL 21977227 at *2. This is facially evident from plaintiff's well-pleaded complaint and the fact that, after extensive briefing and argument from both sides, Maricopa County Superior Court Judge Burke ruled that none of plaintiff's claims are pre-empted or otherwise displaced by any federal statutes or regulations. Judge Burke's ruling is the law of this case, at least as to the defendants who were present in the case at that time the rulings were entered. Thus, all of the record evidence and relevant legal authority shows that this case does not implicate any substantial federal question warranting removal to federal court.

## CONCLUSION

For the foregoing reasons, and for all the additional reasons set forth in the record, file and pleadings in this matter, including, without limitation, Plaintiff's Motion for Remand, and for Costs and Expenses and Memorandum in Support Thereof filed in the United States District Court for the District of Arizona on January 21, 2003, and Plaintiff's Reply Memorandum of Points and Authorities in Support of of Plaintiff's Motion for Remand and in Further Opposition of Defendant's Motion to Stay, filed on February 21, 2003. Plaintiff respectfully requests that this case be remanded back to Maricopa County Superior Court, in order that the parties may proceed with discovery and class certification as ordered by that Court. In addition, because this untimely removal was commenced to circumvent prior adverse rulings by the Arizona state court, and because this has caused unnecessary delay in the adjudication of the claims set forth in plaintiff's well-pleaded complaint, plaintiff respectfully requests that removing defendants be held jointly and severally liable for reimbursement of plaintiff's reasonable fees, costs and expenses incurred in seeking remand of this action.

Respectfully submitted,

Dated: September 30, 2003

Donald E. Haviland, Jr., Esquire
TerriAnne Benedetto, Esquire
**KLINE & SPECTER, P.C.**
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 telephone
(215) 735-0957 facsimile

© 2003 KLINE & SPECTER
A PROFESSIONAL CORPORATION

Harry J. Miller, Esquire
**Harry J. Miller, P.L.L.C.**
Arizona Bar No.:  014556
80 E. Columbus Avenue
Phoenix, AZ 85012
(602) 264-4965 telephone
(609) 277-0144 facsimile

Kent Williams, Esquire
**GIEBEL, GILBERT, WILLIAMS & KOHL, P.L.L.P.**
2233 North Hamlin Avenue, Suite 620
St. Paul, MN  55113
(651) 633-9000 telephone
(651) 639-1551 facsimile

Jonathan Shub, Esquire
**SHELLER, LUDWIG & BADEY**
1528 Walnut Street, 3rd Floor
Philadelphia, PA  19102
(215) 790-7300 telephone
(215) 546-0942 facsimile

Marvin K. Blount, Jr., Esquire
**THE BLOUNT LAW FIRM, P.L.L.C.**
400 West First Street
Greenville, NC 27834
(252) 752-6000 telephone
(255) 752-2174 facsimile

Lewis B. April, Esquire
**COOPER LEVENSON APRIL**
  **NIEDELMAN & WAGENHEIM, P.A.**
1125 Atlantic Avenue - Third Floor
P.O. Box 1125
Atlantic City, NJ  08404-1125
(609) 572-7338 telephone
(609) 344-0939 facsimile

**ATTORNEYS FOR PLAINTIFF AND THE CLASS**

O:\DEM\LUPRON MASTER\Lupron - AZ - (206\204)\Pleading\Supplemental Memo on Remand Motion - KW.wpd

© 2003 KLINE & SPECTER
A PROFESSIONAL CORPORATION

# EXHIBIT "A"

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2002-004988                                11/25/2002

                                    CLERK OF THE COURT
HON. EDWARD O. BURKE                      K. Ballard
                                          Deputy

                                    FILED: 11/27/2002

ROBERT J SWANSTON                   HARRY J MILLER III

v.

TAP PHARMACEUTICAL PRODUCTS INC, et    TIMOTHY BURKE
al.


                                    MARY G PRYOR
                                    RICHARD D RASKIN   PRO HAC VICE
                                    SIDLEY AUSTIN BROWN & WOOD
                                    10 S DEARBORN ST
                                    CHICAGO IL 60603
                                    BARRY R SANDERS
                                    WILLIAM J MALEDON
                                    BARRY D HALPERN
                                    RANDALL S PAPETTI


                              DECISION


        The Court, having had (1) Defendant Abbott Laboratories' Motion to Dismiss on Rule
12(B)(1) and 12(B)(6) Grounds, (2) Defendant AstraZeneca Pharmaceuticals, LP's Rule
12(b)(6)Motion to Dismiss, (3) Defendant TAP Pharmaceutical Products, Inc.'s Motion to
Dismiss on Rule 12(b)(6) Grounds, (4) Defendant Abbott Laboratories' Motion to Dismiss
Plaintiff's Amended Complaint pursuant to Rules 12(b)(6) and 9(b), (5) Defendant Bayer
Corporation's and ALZA Corporation's Motion to Stay, or in the Alternative to Dismiss the
Amended Complaint, (6) Defendants Johnson & Johnson, Ethicon Endo-Surgery & Indigo
Medical, Inc.'s Motion to Dismiss, (7) The individual TAP Defendants' (Alan Mackenzie, Janice
M. Swirski, Henry Van Mourick, Donna Tom, Kimberlee Chase and David Guido) Motion to
Dismiss for Lack of Personal Jurisdiction, (8) The individual TAP Defendants Motion for a
Temporary Stay of Plaintiff's claims, (9) Defendants Pharmacia Corporation, Pharmacia &
Upjohn, Inc. and Monsanto Company's Motion to Dismiss or in the Alternative for Summary

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2002-004988                                          11/25/2002

Judgment and (10) Defendants Pharmacia Corporation, Pharmacia & Upjohn, Inc. and Monsanto Company's Motion to Stay under advisement, enters the following decision.

Defendant Abbott Laboratories' Motion to Dismiss on Rule 12(B)(1) and 12(B)(6) Grounds and those of the other Defendants which have joined in the motion are DENIED. Preemption is "not to be lightly presumed." California Federal Savings & Loan Association v. Guerra, 479 U.S. 272, 281 (1987). While the Medicare Act does provide for express preemption of certain state laws, 42 USC Section 1395 w-26(b)(3), the entire field is not preempted and Plaintiff's state law claims may proceed. There is room for state law in this area and there is no "actual conflict" between federal and state law because Plaintiff's claims would not make it impossible to comply with both state and federal law as our Court of Appeals found in Hernandez-Gomez v. Volkswagen of America, 201 Ariz. 141, 32 P.3d 424 (App. 2001). The Court finds that this case is closer to Solorzano v. Superior Court, 10 Cal. App. 4th 1135 (1992) than it is to Congress of California Seniors v. Catholic & Healthcare West, 87 Cal. App. 4th 491 (Cal. Ct. App. 2001) because this case deals with marketing efforts directed at Medicare beneficiaries.

This case is not barred by the "Filed Rate" doctrine because the average wholesale price ("AWP") is not a rate statutorily required to be filed with any regulatory agency nor is it the product of any agency's regulatory expertise. Rather, it is a rate set by the Defendants.

Finally, the Court will not abstain from hearing Plaintiff's case because the result of the final decision in this case will not affect federal law including the Medicare Act.

Defendant AstraZeneca Pharmaceuticals, LP's Rule 12(b)(6) Motion to Dismiss and those of the other Defendants which have joined in the motion are DENIED.

The gravamen of Plaintiff's complaint is a conspiracy in which AstraZeneca participated. If it is proven that AstraZeneca was a co-conspirator with TAP and TAP is found liable, then AstraZeneca as a co-conspirator can be held liable. Sheet Metal Workers International Association v. Nichols, 89 Ariz. 187, 194, 360 P.2d 204 (1961).

Because Plaintiff is dealing with an alleged corporate conspiracy, Plaintiff has pled his fraud claims with sufficient particularity to withstand this motion to dismiss.

Plaintiff's claim for Unjust Enrichment against AstraZeneca appears to be relatively weak. On the present state of the record under City of Sierra Vista v. Cochise Enterprises, 144 Ariz. 375, 381, 697 P.2d 1125 (App. 1984) Plaintiff has not shown a connection between Plaintiff's purchase of Lupron and AstraZeneca. However, because all the allegations of Plaintiff's complaint must be taken as true and Plaintiff may develop that connection in his class certification efforts, the Court DENIES the motion as to the Unjust Enrichment claim at this time.

# SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

CV 2002-004988                                              11/25/2002

The Court finds that Plaintiff has sufficiently pled his claims for Civil Conspiracy, Concert of Action and Aiding and Abetting, and that he has properly alleged an Anti-Trust Injury.

TAP Pharmaceutical Products, Inc.'s Motion to Dismiss on Rule 12(b)(6) grounds and those of the other Defendants who have joined in the motion are DENIED for the reasons set forth above.

Defendant Abbott Laboratories' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(6) and 9(b) is DENIED because all the allegations of Plaintiff's complaint must be taken as true. Because there is a question of fact as to whether Defendant Abbott Laboratories was involved in the facts which led up to the plea agreement and/or the side letter agreement, the Court cannot grant Abbott's motion at this time.

Defendants Bayer Corporation's and ALZA Corporation's Motion to Stay, or in the Alternative to Dismiss the Amended Complaint and those of the other Defendants who have joined are DENIED. Plaintiff's complaint, which alleges Arizona State law claims, is not barred by the Political Question Doctrine set forth in Baker v. Carr, 369 U.S. 186, 217, 82 S.Ct. 691 (1962). A potential finding that Defendants violated Arizona's Consumer Fraud laws or conspired to and did defraud Arizona residents will not affect the Medicare regulatory scheme. MCI Communications Corp. v. AT & T Co., 708 F.2d 1081 (7th Cir. 1982).

Neither Renck v. Superior Court of Maricopa County, 66 Ariz. 320, 187 P.2d 656 (1947) nor Department of Revenue v. Arthur, 153 Ariz. 1, 734 P.2d 98 (App. 1987) are on point because they involve direct constitutional challenges to the Legislature's law making ability.

Defendants Johnson & Johnson, Ethicon Endo-Surgery & Indigo Medical, Inc.'s Motion to Dismiss is DENIED.

On the face of Defendants' motion the Plaintiff's claim against these Defendants appears to be very weak. However, because the Court must accept the allegations of Plaintiff's complaint as true and paragraphs 49, 50, 51, 52, 60 and 61 allege that Jett, Coleman, Hidalgo and Gendelman were employees of Indigo and/or Johnson & Johnson and were acting in the course and scope of their employment, the Court cannot grant Johnson & Johnson's motion.

The individual TAP Defendants' (Alan Mackenzie, Janice M. Swirski, Henry Van Mourick, Donna Tom, Kimberlee Chase and David Guido) Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED without prejudice.

Plaintiff has the burden of establishing personal jurisdiction over the individual Defendants. Maloof v. Raper Sales, Inc., 113 Ariz. 485, 487, 557 P.2d 522 (1976). Plaintiff has not met his burden. Plaintiff's supposition that the individual Defendants may have attended one meeting at the Scottsdale Princess Resort is just that, a supposition.

Docket Code 019                    Form V000A                              Page 3

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2002-004988                                                11/25/2002

State v. Chan, 188 Ariz. 272, 935 P.2d 850 (App. 1996) upon which Plaintiff relies is based on a criminal statute which expressly conferred criminal jurisdiction over a co-conspirator for a criminal conspiracy. That is not the case in this civil action.

The individual TAP Defendants Motion for a Temporary Stay of Plaintiff's claims against them is DENIED as moot.

Defendants Pharmacia Corporation, Pharmacia & Upjohn, Inc. and Monsanto Company's Motion to Dismiss or in the Alternative for Summary Judgment is DENIED for the reasons set forth in connection with the Court's ruling on Defendants AstraZeneca Pharmaceuticals, Bayer Corporation, and ALZA Corporation's Motions to Dismiss.

The Defendants Pharmacia Corporation, Pharmacia & Upjohn, Inc. and Monsanto Company's Motion for Summary Judgment is DENIED under Rule 56(f) of Civil Procedure.

Defendants Pharmacia Corporation, Pharmacia & Upjohn, Inc. and Monsanto Company's Motion to Stay is DENIED. This action involves claims for relief under Arizona law which may proceed independently of the multi-district litigation. No clear case of hardship or inequity outweighs the potential harm to Plaintiff. Landis v. North American Co., 299 U.S. 248, 254-55 (1936). Nor does the Defendant meet any of the six concerns set forth in Tonnemacher v. Touche Ross & Co., 186 Ariz. 125, 130, 920 P.2d 5 (App. 1996). Further, the parties are not identical in the MDL action nor are the claims the same. While the Court appreciates Pharmacia's suggestion that this Court is equipped to handle this action, it disagrees that the MDL Court will provide guidance as to the determination of the issues pending before this Court that will be dispositive. This Court has had considerable experience working with the MDL Court in the Firestone Tire litigation and anticipates no problem working with the MDL Court in this action.

***END***

# EXHIBIT "B"



case history 👆    court calendar 👆    Superior Court 👆    dept. home page 👆

Search [_____] [go]

| Case Information | | | |
|---|---|---|---|
| Case Number | CV2002-004988 | Judge | Albrecht |
| Case Type | Civil | | |
| File Date | 3/15/2002 | Location | Downtown |

| Party Information | | | |
|---|---|---|---|
| Party Name | Rel | Sex | Attorney |
| (1)Robert J  Swanston | Plaintiff | Male | HARRY MILLER |
| (2)TAP PHARMACEUTICAL PRODUCTS INC | Defendant | None | TIMOTHY BURKE |
| (3)ABBOTT LABORATORIES | Defendant | None | TIMOTHY BURKE |
| (4)TAKEDA CHEMICAL INDUSTRIES LTD | Defendant | None | Pro Per |
| (5)ASTRA ZENECA PLC | Defendant | None | Pro Per |
| (6)ASTRA ZENECA PHARMACEUTICALS LP | Defendant | None | TIMOTHY BURKE |
| (7)PHARMACIA CORPORATION | Defendant | None | TIMOTHY BURKE |
| (8)PHARMACIA & UPJOHN INC | Defendant | None | TIMOTHY BURKE |
| (9)MONSANTO COMPANY | Defendant | None | TIMOTHY BURKE |
| (10)JOHNSON & JOHNSON | Defendant | None | MARY PRYOR |
| (11)ETHICON ENDO-SURGERY INC | Defendant | None | MARY PRYOR |
| (12)INDIGO LASER CORPORATION | Defendant | None | MARY PRYOR |
| (13)David  Jett | Defendant | Male | Pro Per |
| (14)Christopher  Coleman | Defendant | Male | Pro Per |
| (15)Scott  Hidalgo | Defendant | Male | Pro Per |
| (16)Amanda  Hidalgo | Defendant | Female | Pro Per |
| (17)Eddy James  Hack | Defendant | Male | Pro Per |
| (18)Kimberlee  Chase | Defendant | Female | TIMOTHY BURKE |
| (19)Janice M Swirski | Defendant | Female | TIMOTHY BURKE |
| (20)Donna  Tom | Defendant | Female | TIMOTHY BURKE |
| (21)David  Guido | Defendant | Male | TIMOTHY BURKE |
| (22)Henry  Van Mourick | Defendant | Male | TIMOTHY BURKE |
| (23)Alan  Mackenzie | Defendant | Male | TIMOTHY BURKE |
| (24)Stephen  McCourt | Defendant | Male | Pro Per |
| (25)Suzanne  Van Mourik | Defendant | Female | Pro Per |
| (26)Robert E  Chase | Defendant | Male | Pro Per |
| (27)D Scott  Wise Pro Hac Vice | Endorsement Case | Male | Pro Per |
| (28)Kimberley Denise  Harris Pro Hac Vice | Endorsement Case | Female | Pro Per |
| (29)Arthur F  Golden Pro Hac Vice | Endorsement Case | Male | Pro Per |
| (30)Eric David  Gill Pro Hac Vice | Endorsement Case | Male | Pro Per |
| (31)ZENECA INC | Defendant | None | Pro Per |
| (32)BAYER CORPORATION | Defendant | None | TIMOTHY BURKE |
| (33)ALZA CORPORATION | Defendant | None | MARY PRYOR |
| (34)Michael  Gendelman | Defendant | Male | Pro Per |
| (35)Barry R  Sanders | Endorsement Case | Male | BARRY SANDERS |
| (36)David J  Stetler Pro Hac Vice | Endorsement Case | Male | Pro Per |
| (37)Robert L  Kirby Pro Hac Vice | Endorsement Case | Male | Pro Per |
| (38)Robert P  Sherman Pro Hac Vice | Endorsement Case | Male | Pro Per |
| (39)William P  Ziegelmueller Pro Hac | Endorsement Case | Male | Pro Per |

| | | | |
|---|---|---|---|
| (40)Jeremy D  Margolis Pro Hac Vice | Endorsement Case | Male | Pro Per |
| (41)Richard D  Raskin Pro Hac Vice | Endorsement Case | Male | Pro Per |
| (42)Bruce M  Zessar Pro Hac Vice | Endorsement Case | Male | Pro Per |
| (43)David  Giardina Pro Hac Vice | Endorsement Case | Male | Pro Per |
| (44)Kimberley A  Dunne Pro Hac Vice | Endorsement Case | Female | Pro Per |
| (45)Frank J  Menetrez Pro Hac Vice | Defendant | Male | Pro Per |
| (46)Joshua T  Buchman Pro Hac Vice | Endorsement Case | Male | Pro Per |
| (47)Andrew D  Schau Pro Hac Vice | Endorsement Case | Male | Pro Per |
| (48)Marisa L  Jaffe Pro Hac Vice | Endorsement Case | Female | Pro Per |
| (49)John J  Tangney Pro Hac Vice | Endorsement Case | Male | Pro Per |
| (50)Tracy A  Miner Pro Hac Vice | Endorsement Case | Female | Pro Per |
| (52)Kendra L  Morrill | Endorsement Case | Female | Pro Per |
| (53)Beth A  Oconnor | Endorsement Case | Female | Pro Per |
| (54)Scott A  Stempel Pro Hac Vice | Endorsement Case | Male | Pro Per |
| (55)Kieran M  Corcoran Pro Hac Vice | Endorsement Case | Unknown | Pro Per |
| (56)Estella  Schoen Pro Hac Vice | Endorsement Case | Female | Pro Per |
| (57)Adeel A  Mangi Pro Hac Vice | Endorsement Case | Female | Pro Per |
| (68)Scott M  Lempert Pro Hac Vice | Endorsement Case | Male | Pro Per |
| (69)Donald  Haviland Pro Hac Vice | Endorsement Case | Male | Pro Per |
| (70)Terrianne  Benedetto Pro Hac Vice | Endorsement Case | Female | Pro Per |
| (71)Shanin  Specter Pro Hac Vice | Endorsement Case | Female | Pro Per |
| (72)Thomas  Kline Pro Hac Vice | Endorsement Case | Male | Pro Per |
| (73)Centocor Inc | Defendant | | Pro Per |
| (74)Ortho Biotech | Defendant | | Pro Per |
| (75)Wyeth | Defendant | | Pro Per |
| (76)Bayer Corporation | Defendant | | Pro Per |
| (77)Wyeth Pharma Ceuticals | Defendant | | Pro Per |
| (78)Amgen Inc | Defendant | | Pro Per |
| (79)Immunex Corporation | Defendant | | Pro Per |
| (80)Aventis Pharmaceuticals Inc | Defendant | | Pro Per |
| (81)Aventis Behring L L C | Defendant | | Pro Per |
| (82)Hoechst Marion Roussel Inc | Defendant | | Pro Per |
| (83)Baxter International Inc | Defendant | | Pro Per |
| (84)Baxter Healthcare Corporation | Defendant | | Pro Per |
| (85)Boehringer Ingelheim Corporation | Defendant | | Pro Per |
| (86)Ben Venue Laboratories Inc | Defendant | | Pro Per |
| (87)Bedford Laboratories | Defendant | | Pro Per |
| (88)Roxane Laboratories Inc | Defendant | | Pro Per |
| (89)Briston Myers Squibb Company | Defendant | | Pro Per |
| (90)Oncology Therapeutics Network Corporation | Defendant | | Pro Per |
| (91)Apothecon Inc | Defendant | | Pro Per |
| (92)Fujisa Wa Healthcare Inc | Defendant | | Pro Per |
| (93)Fujisawa Usa Inc | Defendant | | Pro Per |
| (94)Glaxosmithkline P L C | Defendant | | ROBERT  SHELY |
| (95)Smithkline Beecham Corporation | Defendant | | ROBERT  SHELY |
| (96)Glaxo Wellcome Inc | Defendant | | Pro Per |
| (97)Schering Plough Corporation | Defendant | | Pro Per |
| (98)Warrick Pharmaceuticals Corporation | Defendant | | Pro Per |
| (99)Sicor Inc | Defendant | | Pro Per |
| (100)Gensia Sicor Pharma-Ceuticals Inc | Defendant | | Pro Per |
| (101)Dey Inc | Defendant | | Pro Per |
| (102)David  Jett | Defendant | Male | Pro Per |
| (103)Michael  Gendelman | Defendant | Male | Pro Per |

**Case Documents**

| Filing Date | Description | Docket | Filing Party |
|---|---|---|---|

|  |  | Date |
|---|---|---|
| 1/16/2003 | RTM - Returned Mail | 5/22/2003 |
| 1/13/2003 | 094 - ME: ORAL ARGUMENT SET | 1/13/2003 |
| 1/10/2003 | ANS - Answer | 1/16/2003 |
|  | NOTE: PAID, NOTICE OF APPEARANCE |  |
| 1/10/2003 | NUS - Notice of Removal to US District Court | 5/29/2003 |
| 1/10/2003 | NOT - Notice | 5/14/2003 |
|  | NOTE: OF REMOVAL |  |
| 1/8/2003 | RTM - Returned Mail | 5/24/2003 |
| 1/7/2003 | RES - Response | 6/25/2003 |
|  | NOTE: TO DEFENDANTS REQUEST FOR IMMEDIATE PRETRIAL CONFERENCE AND STATUS REPORT TO THE COURT |  |
| 1/3/2003 | MOT - Motion | 5/19/2003 |
|  | NOTE: FOR PROTECTIVE ORDER |  |
| 1/3/2003 | NOT - Notice | 5/6/2003 |
|  | NOTE: DEFENDANTS' SUBMISSION OF REVISED FORM OF PROTECTIVE ORDER |  |
| 12/30/2002 | MOT - Motion | 2/4/2003 |
|  | NOTE: INDIVIDUAL TAP DEFS/ TO ENFORCE PRIOR COURT ORDERS & FOR FEES & COSTS & REQUEST FOR EXPEDITED CONSIDERATION |  |
| 12/30/2002 | REQ - Request | 2/19/2003 |
|  | NOTE: FOR IMMEDIATE PRETRIAL CONFERENCE TO ADDRESS PROPOSED SECOND AMENDED COMPLAINT SCHEDULING PROTECTIVE ORDER AND RELATED MATTERS |  |
| 12/27/2002 | RTM - Returned Mail | 8/11/2003 |
| 12/27/2002 | RTM - Returned Mail | 5/22/2003 |
| 12/20/2002 | MOT - Motion | 8/9/2003 |
|  | NOTE: FOR DETERMINATION THAT ACTION MAY PROCEED AS CLASS ACTION |  |
| 12/20/2002 | MOT - Motion | 3/25/2003 |
|  | NOTE: TO EXCEED PAGE LIMITATION |  |
| 12/20/2002 | AMC - Amended Complaint/Petition | 1/9/2003 |
|  | NOTE: SECOND |  |
| 12/10/2002 | 029 - ME: Status Conference | 12/10/2002 |
| 12/6/2002 | 028 - ME: Status Conference Set | 12/6/2002 |
| 12/2/2002 | NOT - Notice | 2/5/2003 |
|  | NOTE: DEFENDANTS' CASE MANAGEMENT AND SCHEDULING PROPOSAL |  |
| 11/27/2002 | 019 - ME: Ruling | 11/27/2002 |
| 11/26/2002 | 020 - ME: Matter Under Advisement | 11/26/2002 |
| 11/25/2002 | NOT - Notice | 4/15/2003 |
|  | NOTE: LODGING EXHIBITS |  |
| 11/25/2002 | NTF - Notice Regarding Exhibits | 4/15/2003 |
| 11/21/2002 | NOT - Notice | 4/30/2003 |
|  | NOTE: OF DEFENDANT'S AGENDA FOR HEARING ON NOVEMBER 22,2002 |  |
| 11/21/2002 | RES - Response | 5/7/2003 |
|  | NOTE: TO NOTICE OF DEFENDANTS' AGENDA FOR HEARING ON NOVEMBER 22 2002 |  |
| 11/21/2002 | REL - Reply | 5/7/2003 |
|  | NOTE: IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTINUANCE OF DEFENDANTS PHARMCIA CORPORATION, PHARMACIA & UPJOHN INC AND MONSANTO COMPANY'S MOTION FOR SUMMARY JUDGMENT IN THE ALTERNATIVE TO ARIZONA RULE OF CIVIL PROCEDURE 56(F) |  |
| 11/15/2002 | NOT - Notice | 4/24/2003 |
|  | NOTE: OF MOOTNESS OF MOTION TO DISMISS JANE DOE VAN MOURIK |  |
| 11/12/2002 | REL - Reply | 5/24/2003 |
|  | NOTE: MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS |  |
| 11/12/2002 | REL - Reply | 5/30/2003 |
|  | NOTE: MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |  |
| 11/12/2002 | REL - Reply | 5/30/2003 |
|  | NOTE: TO MEMORANDUM IN OPPOSITION TO INDIVIDUAL TAP DEFENDANTS' MOTION FOR A TEMPORARY STAY OF CLAIMS AGAINST THEM |  |
| 11/12/2002 | MEM - Memorandum | 5/31/2003 |

NOTE: REPLY/ IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

11/12/2002  MEM - Memorandum                                      5/31/2003
NOTE: REPLY/ IN SUPPORT OF THEIR MOTION TO STAY OR IN THE ALTERNATIVE DISMISS THE AMENDED COMPLAINT ON POLITICAL QUESTION GROUNDS

11/12/2002  ANS - Answer                                          11/21/2002
NOTE: REPLY IN SUPPORT OF MOTION TO DISMISS/ PAID

11/12/2002  REL - Reply                                           2/4/2003
NOTE: ABBOTT LABORATORIES/IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS COMPLAINT

11/12/2002  REL - Reply                                           2/4/2003
NOTE: ABBOTT LABORATORIES/IN SUPPORT OF ITS MOTION TO DISMISS ON RULE GROUNDS

11/12/2002  REL - Reply                                           3/5/2003
NOTE: IN SUPPORT OF MOTION TO STAY

11/12/2002  REL - Reply                                           3/5/2003
NOTE: IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

11/12/2002  RES - Response                                        3/5/2003
NOTE: TO MOTION FOR CONTINUANCE OF MOTION FOR SUMMARY JUDGMENT

11/12/2002  NOT - Notice                                          3/5/2003
NOTE: OF JOINDER

11/12/2002  REL - Reply                                           3/5/2003
NOTE: MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ON RULE 12(b)(6) GROUNDS

11/4/2002   ODI - ORDER OF DISMISSAL                              4/8/2003
NOTE: JANE DOE VANMOURIK

10/30/2002  WSS - Waiver of Service of Summons                    11/7/2002
NOTE: ROBERT J SWANSTON SERVED 10/16/02

10/29/2002  STD - Stipulation To/For Dismissal                    4/2/2003
NOTE: JANE DOE VAN MOURIK

10/22/2002  MEM - Memorandum                                      5/7/2003
NOTE: OF OPPOSITION TO DEFENDANT BAYER CORPORATION AND ALZA CORPORATION'S MOTION TO STAY OR IN THE ALTERNATIVE TO DISMISS THE AMENDED COMPLAINT

10/22/2002  MEM - Memorandum                                      5/7/2003
NOTE: IN OPPOSITION TO DEFENDANT ABBOTT LABORATORIES' MOTION TO DISMISS ON RULE 12(B)(I) AND 12(B)(6) GROUNDS

10/22/2002  SOF - Statement of Facts                              5/7/2003
NOTE: MASTER/AND MEMORANDUM IN OPPOSITION TO TAP PHARMACEUTICAL PRODUCTS INCS MOTION TO DISMISS

10/22/2002  MEM - Memorandum                                      5/7/2003
NOTE: IN OPPOSITION TO DEFENDANTS JOHNSON & JOHNSON, ETHICON ENDO-SURGERY, & INDIGO MEDICAL INC'S MOTION TO DISMSS

10/22/2002  MEM - Memorandum                                      5/7/2003
NOTE: IN OPPOSITION TO DEFENDANT PHARMACIA CORPORATION'S, PHARMACIA & UPJOHN INC'S AND MONSANTO COMPANY'S MOTION TO STAY

10/22/2002  MEM - Memorandum                                      5/7/2003
NOTE: IN OPPOSITION TO INDIVIDUAL TAP DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

10/22/2002  MEM - Memorandum                                      5/7/2003
NOTE: IN OPPOSITION TO ABBOTT LABORATORIES' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

10/22/2002  NOT - Notice                                          5/9/2003
NOTE: MASTER EXHIBITS OF PLAINTIFF ROBEERT J SWANSTON IN SUPPORT OF MEMORANDA IN OPPOSITION TO MOTIONS TO DISMISS THE COMPLAINT AND MOTIONS TO STAY OF DISMISS FILED BY ALL DEFENDANTS VOLUME I OF II

10/22/2002  MCO - Motion to Continue                              3/4/2003
NOTE: DEFENDANTS' MOTION IN THE LATERNATIVE FOR SUMMARY JUDGMENT PURSUANT TO ARIZONA RULE OF CIVIL PROCEDURE 56(f)

10/22/2002  AFF - Affidavit                                       3/4/2003
NOTE: OF DONALD HAVILAND, JR. IN SUPPORT OF MOTION RULE 56(f) CONTINUANCE

10/22/2002  NOF - NOTICE OF FILING                                3/4/2003

NOTE: RESPONSE BRIEFS

10/22/2002  NOT - Notice                                                  2/5/2003
NOTE: OF SERVICE

10/22/2002  MEM - Memorandum                                             2/5/2003
NOTE: IN OPPOSITION TO DEFENDANT ASTRAZENECA PHARMACEUTICALS L.P.'S MOTION TO DISMISS

10/22/2002  MEM - Memorandum                                             2/5/2003
NOTE: IN OPPOSITION TO INDIVIDUAL TAP DEFENDANTS' MOTION FOR A TEMPORARY STAY OF
PLAINTIFF'S CLAIMS AGAINST THEM

10/22/2002  MEM - Memorandum                                             2/5/2003
NOTE: IN OPPOSITION TO DEFENDANTS PHARMACIA CORPORATION, PHARMACIA & UPJOHN, INC. AND
MONSANT TO COMPANY'S MOTION TO DISMISS OR, INTHE ALTERNATIVE, MOTION FOR SUMMARY
JUDGMENT

10/3/2002  NOH - NOTICE OF HEARING                                       2/20/2003

9/24/2002  ORD - Order                                                   11/4/2002
NOTE: TO APPEAR PRO HAC VICE SCOTT M LEMPERT

9/23/2002  ORD - Order                                                   11/5/2002
NOTE: TO APPEAR PRO HAC VICE DONALD HAVILAND JR

9/23/2002  ORD - Order                                                   11/5/2002
NOTE: TO APPEAR PRO HAC VICE TERRIANNE BENEDETTO

9/23/2002  ORD - Order                                                   11/5/2002
NOTE: TO APPEAR PRO HAC VICE SHANIN SPECTER

9/23/2002  ORD - Order                                                   11/5/2002
NOTE: TO APPEAR PRO HAC VICE THOMAS KLINE

9/18/2002  MTD - Motion to Dismiss                                       11/20/2002
NOTE: TO JANE DOE VAN MOURIK

9/12/2002  ODI - ORDER OF DISMISSAL                                      11/18/2002
NOTE: CERTAIN SPOUSE DEFENDANTS

9/12/2002  ORD - Order                                                   9/17/2002
NOTE: SCOTT D STEMPEL TO APPEAR PRO HAC VICE

9/12/2002  ORD - Order                                                   9/17/2002
NOTE: GRANTING APPLICATION OF ATTORNEYS KIERAN N CORCORAN ESTELLA SCHOEN & ADEEL A
MANGI TO APPEAR PRO HAC VICE

9/10/2002  ORD - Order                                                   9/13/2002
NOTE: TO APPEAR PRO HAC VICE

9/10/2002  ORD - Order                                                   9/13/2002
NOTE: TO APPEAR POR HAC VICE

9/10/2002  ORD - Order                                                   9/18/2002
NOTE: TO APPEAR PRO HAC VICE;MARK P ROTATORI

9/10/2002  ORD - Order                                                   9/18/2002
NOTE: TO APPEAR PRO HAC VICE;DANIEL E REIDY

9/10/2002  ORD - Order                                                   9/18/2002
NOTE: TO APPEAR PRO HAC VICE;LEE ANN RUSSO

9/10/2002  ORD - Order                                                   9/18/2002
NOTE: TO APPEAR PRO HAC VICE;MORGAN R HIRST

9/6/2002  ANS - Answer                                                   9/23/2002
NOTE: PAID, MOTION TO STAY OR IN THE ALTERNATIVE, TO DISMISS THE AMENDED COMPLAINT;
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BASED ON THE POLITICAL QUESTION DOCTRINE

9/6/2002  MOT - Motion                                                   11/8/2002
NOTE: TO STAY

9/6/2002  MTD - Motion to Dismiss                                        11/6/2002
NOTE: AND JOINDER IN VARIOUS CO-DEFENDANTS MOTIONS

9/6/2002  MOT - Motion                                                   3/4/2003
NOTE: TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

9/6/2002  MTD - Motion to Dismiss                                        11/9/2002
NOTE: AND SUPPORTING MEMORANDUM

9/6/2002  MTD - Motion to Dismiss                                        11/9/2002

NOTE: TAP PHARMCEUTICAL PRODUCTS INC'S-ON RULE 12(b)(6) GROUNDS AND SUPPORTING MEMORANDUM OF LAW

| Date | Entry | Date | Party |
|---|---|---|---|
| 9/6/2002 | NOT - Notice | 11/9/2002 | |
| | NOTE: OF JOINDER | | |
| 9/6/2002 | MTD - Motion to Dismiss | 11/9/2002 | |
| | NOTE: JOINDER OF DEFENDANT ASTRA ZENECA PHARMACEUTICALS LP IN VARIOUS | | |
| 9/6/2002 | MTD - Motion to Dismiss | 11/9/2002 | |
| | NOTE: INDIVIDUAL TAP DEFENDANTS-FOR LACK OF PERSONAL JURISDICTION | | |
| 9/6/2002 | MTD - Motion to Dismiss | 11/9/2002 | |
| | NOTE: JOINDER OF INDIVIDUAL TPA DEFENDANTS-PURSUANT TO ARIZ R CIV P 12(b) AND 9(b) | | |
| 9/6/2002 | MOT - Motion | 11/9/2002 | |
| | NOTE: INDIVIDUAL TAP DEFENDANTS-FOR TEMPORARY STAY OF PLAINTIFFS CLAIMS AGAINST THEM | | |
| 9/6/2002 | SFD - STIPULATION FOR DISMISSAL | 11/9/2002 | |
| | NOTE: CERTAIN SPOUSE DEFENDANTS | | |
| 9/6/2002 | MTD - Motion to Dismiss | 11/9/2002 | |
| | NOTE: OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT | | |
| 9/6/2002 | SOF - Statement of Facts | 11/9/2002 | |
| | NOTE: SEPARATE-IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT | | |
| 9/6/2002 | NOT - Notice | 11/9/2002 | |
| | NOTE: APPENDIX OF EXHIBITS TO DEFENDANTS BAYER CORPORATION AND ALZA CORPORATIONS MOTION TO STAY OR IN THE ALTERNATIVE TO DISMISS THE AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BASED ON THE POLITICAL QUESTION DOCTRINE | | |
| 9/5/2002 | ORD - Order | 9/18/2002 | Defendant(22) |
| | NOTE: TO APPEAR PRO HAC VICE;ROBERT L ULLMANN | | |
| 9/5/2002 | ORD - Order | 9/18/2002 | Defendant(22) |
| | NOTE: TO APPEAR PRO HAC VICE;ELIZABETH M HARVEY | | |
| 9/5/2002 | ORD - Order | 9/18/2002 | Defendant(18) |
| | NOTE: TO APPEAR PRO HAC VICE;THOMAS M DURKIN | | |
| 9/5/2002 | ORD - Order | 9/18/2002 | Defendant(18) |
| | NOTE: TO APPEAR PRO HAC VICE;SHEILA FINNEGAN | | |
| 9/4/2002 | 019 - ME: Ruling | 9/4/2002 | |
| 9/3/2002 | ORD - Order | 9/18/2002 | Defendant(7) |
| | NOTE: PERMITTING JOHN C DODDS TO APPEAR PRO HAC VICE | | |
| 9/3/2002 | ORD - Order | 9/18/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE;BRYAN L CLOBES | | |
| 8/29/2002 | APL - Application | 11/4/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE OF BRYAN L CLOBES | | |
| 8/29/2002 | APL - Application | 11/4/2002 | |
| | NOTE: FOR ADMISSION PRO HAC VICE OF TERRIANNE BENEDETTO | | |
| 8/29/2002 | APL - Application | 11/4/2002 | |
| | NOTE: FOR ADMISSION PRO HAC VICE OF SCOTT M LEMPERT | | |
| 8/29/2002 | APL - Application | 11/4/2002 | |
| | NOTE: FOR ADMISSION PRO HAC VICE OF DONALD E HAVILAND JR | | |
| 8/29/2002 | APL - Application | 11/4/2002 | |
| | NOTE: FOR ADMISSION PRO HAC VICE OF SHANIN SPECTER | | |
| 8/29/2002 | APL - Application | 11/4/2002 | |
| | NOTE: FOR ADMISSION PRO HAC VICE OF THOMAS R KLINE | | |
| 8/29/2002 | NOT - Notice | 11/20/2002 | |
| | NOTE: EXPEDITED REQUEST FOR PERMISSION TO FILE OVERSIZED BRIEFS | | |
| 8/28/2002 | APL - Application | 11/4/2002 | |
| | NOTE: OF MORGAN R HIRST TO APPEAR PRO HAC VICE AND ORDER | | |
| 8/28/2002 | APL - Application | 11/4/2002 | |
| | NOTE: OF LEE ANN RUSSO TO APPEAR PRO HAC VICE AND ORDER | | |
| 8/28/2002 | APL - Application | 11/4/2002 | |
| | NOTE: OF BETH A O'CONNOR TO APPEAR PRO HAC VICE AND ORDER | | |
| 8/28/2002 | APL - Application | 11/4/2002 | |

| | | | |
|---|---|---|---|
| | NOTE: OF MARK P PROTATORI TO APPEAR PRO HAC VICE AND ORDER | | |
| 8/28/2002 | APL - Application | 11/4/2002 | |
| | NOTE: OF DANIEL E REIDY TO APPEAR PRO HAC VICE AND ORDER | | |
| 8/28/2002 | APL - Application | 11/4/2002 | |
| | NOTE: OF KENDRA L MORRILL TO APPEAR PRO HAC VICE AND ORDER | | |
| 8/27/2002 | ORD - Order | 8/30/2002 | Endorsement Case(50) |
| | NOTE: TO APPEAR PRO HAC VICE: TRACY A MINER | | |
| 8/27/2002 | ORD - Order | 8/30/2002 | Endorsement Case(49) |
| | NOTE: TO APPEAR PRO HAC VICE: JOHN J TANGNEY JR | | |
| 8/26/2002 | APL - Application | 11/9/2002 | |
| | NOTE: ATTORNEYS KIERAN M CORCORAN, ESTELLA SCHOEN & ADEEL A MANGI TO APPEAR PRO HAC VICE | | |
| 8/23/2002 | APL - Application | 11/6/2002 | |
| | NOTE: FOR ADMISSION PRO HAC VIC FOR ATTORNEY SCOTT A STEMPEL | | |
| 8/20/2002 | 311 - ME: 150 DAY MINUTE ENTRY | 8/20/2002 | |
| 8/20/2002 | ORD - Order | 9/17/2002 | Defendant(20) |
| | NOTE: TO APPEAR PRO HAC VICE: MARISA L JAFFEE | | |
| 8/19/2002 | NOT - Notice | 11/5/2002 | |
| | NOTE: OF SERVICE OF ATTORNEY GENERAL | | |
| 8/15/2002 | APL - Application | 11/18/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE OF TRACY A MINER | | |
| 8/15/2002 | APL - Application | 11/8/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE OF SHEILA FINNEGAN | | |
| 8/15/2002 | APL - Application | 11/8/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE OF THOMAS M DURKIN | | |
| 8/15/2002 | APL - Application | 11/8/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE OF ROBERT L ULLMANN | | |
| 8/15/2002 | APL - Application | 11/8/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE OF ELIZABETH M HARVEY | | |
| 8/15/2002 | APL - Application | 11/8/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE OF JOHN J TANGLEY JR | | |
| 8/12/2002 | ORD - Order | 8/20/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE JOSHUA T BUCHMAN | | |
| 8/12/2002 | ORD - Order | 8/20/2002 | Plaintiff(1) |
| | NOTE: GRANTING APPLICATION TO APPEAR PRO HAC VICE | | |
| 8/6/2002 | APL - Application | 10/28/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE | | |
| 8/6/2002 | 019 - ME: Ruling | 8/6/2002 | |
| 8/6/2002 | ORD - Order | 8/20/2002 | Defendant(2) |
| | NOTE: TO APPEAR PRO HAC VICE DAVID J STETLER | | |
| 8/6/2002 | ORD - Order | 8/20/2002 | Defendant(2) |
| | NOTE: TO APPEAR PRO HAC VICE ROBERT L KIRBY JR | | |
| 8/6/2002 | ORD - Order | 8/20/2002 | Defendant(2) |
| | NOTE: TO APPEAR PRO HAC VICE ROBERT P SHERMAN | | |
| 8/6/2002 | ORD - Order | 8/20/2002 | Defendant(2) |
| | NOTE: TO APPEAR PRO HAC VICE WILLIAM P ZIEGELMUELLER | | |
| 8/6/2002 | ORD - Order | 8/20/2002 | Defendant(2) |
| | NOTE: TO APPEAR PRO HAC VICE MARK A FLESSNER | | |
| 8/6/2002 | ORD - Order | 8/20/2002 | Defendant(2) |
| | NOTE: TO APPEAR PRO HAC VICE JEREMY D MARGOLIS | | |
| 8/6/2002 | ORD - Order | 8/20/2002 | Defendant(3) |
| | NOTE: TO APPEAR PRO HAC VICE RICHARD D RASKIN | | |
| 8/6/2002 | ORD - Order | 8/20/2002 | Defendant(3) |
| | NOTE: TO APPEAR PRO HAC VICE BRUCE M ZESSAR | | |
| 8/6/2002 | ORD - Order | 8/20/2002 | Defendant(3) |

| | | | |
|---|---|---|---|
| | NOTE: TO APPEAR PRO HAC VICE DAVID GIARDINA | | |
| 8/6/2002 | ORD - Order | 8/20/2002 | Defendant(3) |
| | NOTE: TO APPEAR PRO HAC VICE KIMBERLY A DUNNE | | |
| 8/6/2002 | ORD - Order | 8/20/2002 | Defendant(3) |
| | NOTE: TO APPEAR PRO HAC VICE FRANK J MENETREZ | | |
| 8/5/2002 | 021 - ME: Nunc Pro Tunc Order | 8/5/2002 | |
| 8/2/2002 | ORD - Order | 8/21/2002 | Defendant(2) |
| | NOTE: TO APPEAR PRO HAC VICE - MARISA L JAFFE | | |
| 8/2/2002 | APL - Application | 10/28/2002 | |
| | NOTE: OF ATTORNEYS WILLIAM F CAVANAUGH JR & ANDREW D SCHAU TO APPEAR PRO HAC VICE | | |
| 8/1/2002 | APL - Application | 10/22/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE OR ELIZABETH M HARVEY | | |
| 8/1/2002 | APL - Application | 10/22/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE ROBERT L ULLMANN | | |
| 8/1/2002 | 027 - ME: Pretrial Conference | 8/1/2002 | |
| 7/29/2002 | ORD - Order | 10/25/2002 | |
| | NOTE: FOR EXTENSION OF TIME TO RESPONSD TO FIRST AMENDED COMPLAINT | | |
| 7/29/2002 | APL - Application | 10/21/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE OF KIMBERLY A DUNNE | | |
| 7/29/2002 | APL - Application | 10/21/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE OF DAVID C GIARDINA | | |
| 7/29/2002 | APL - Application | 10/21/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE OF BRUCE M ZESSAR | | |
| 7/29/2002 | APL - Application | 10/21/2002 | |
| | NOTE: TO APPEAR PRO HAC VINCE OF RICHARD D RASKIN | | |
| 7/29/2002 | APL - Application | 10/21/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE OF FRANK J MENETHREZ | | |
| 7/26/2002 | STP - Stipulation | 10/17/2002 | |
| | NOTE: FOR EXTENSION OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT | | |
| 7/26/2002 | APL - Application | 10/18/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE OF ROBERT L KIRBY JR | | |
| 7/26/2002 | APL - Application | 10/18/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE OF ROBERT P SHERMAN | | |
| 7/26/2002 | APL - Application | 10/18/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE OF DAVID J STETLER | | |
| 7/26/2002 | APL - Application | 10/18/2002 | |
| | NOTE: TO APPEAR PRO HAC VICE OF MARK A FLESSNER | | |
| 7/26/2002 | ANS - Answer | 7/30/2002 | Defendant(2) |
| | NOTE: APPLICATION TO APPEAR PRO HAC VICE OF MARISA L JAFFE | | |
| 7/26/2002 | ANS - Answer | 7/30/2002 | Defendant(2) |
| | NOTE: APPLICATION TO APPEAR PRO HAC VICE OF WILLIAM P ZIEGELMUELLER | | |
| 7/26/2002 | ANS - Answer | 7/30/2002 | Defendant(2) |
| | NOTE: APPLICATION TO APPEAR PRO HAC VICE OF JEREMY D MARGOLIS | | |
| 7/24/2002 | ANS - Answer | 7/26/2002 | Defendant(2) |
| | NOTE: P32 PD;REQUEST FOR PRELIMINARY RULE 16(B) COMPREHENSIVE PRETRIAL CONFERENCE | | |
| 7/24/2002 | NOH - NOTICE OF HEARING | 10/16/2002 | |
| 6/28/2002 | AMC - Amended Complaint/Petition | 7/3/2002 | Plaintiff(1) |
| | NOTE: FIRST/ | | |
| 5/29/2002 | ORD - Order | 6/4/2002 | Defendant(5) |
| | NOTE: PERMITTING APPEARANCE PRO HAC VICE FOR D SCOTT WISE | | |
| 5/29/2002 | ORD - Order | 6/4/2002 | Defendant(5) |
| | NOTE: PERMITTING APPEARANCE PRO HAC VICE FOR KIMBERLEY DENISE HARRIS | | |
| 5/29/2002 | ORD - Order | 6/4/2002 | Defendant(5) |
| | NOTE: PERMITTING APPEARANCE PRO HAC VICE FOR ARTHUR F GOLDEN | | |
| 5/29/2002 | ORD - Order | 6/4/2002 | Defendant(5) |

| | | | |
|---|---|---|---|
| | NOTE: PERMITTING APPEARANCE PRO HAC VICE FOR ERIC DAVID GILL | | |
| 5/29/2002 | APL - Application | 7/8/2002 | Defendant(2) |
| | NOTE: BY KIMBERLEY DENISE HARRIS FOR ADMISSION PRO HAC VICE | | |
| 5/29/2002 | APL - Application | 7/8/2002 | Defendant(2) |
| | NOTE: FOR ADMISSION TO PRACTICE PRO HAC VICE | | |
| 5/29/2002 | APL - Application | 7/8/2002 | Defendant(3) |
| | NOTE: FOR ADMISSION TO PRACTICE PRO HAC VICE | | |
| 5/29/2002 | APL - Application | 7/8/2002 | Defendant(2) |
| | NOTE: FOR ADMISSION TO PRACTICE PRO HAC VICE | | |
| 5/8/2002 | 066 - ME: Case Reassigned | 5/8/2002 | |
| 5/8/2002 | WSS - Waiver of Service of Summons | 5/20/2002 | Plaintiff(1) |
| | NOTE: P2 SERVED 5-3-2002 | | |
| 5/6/2002 | 088 - ME: Case Transferred | 5/6/2002 | |
| 5/1/2002 | AFS - Affidavit of Service | 5/6/2002 | Plaintiff(1) |
| | NOTE: P18 SERVED 4-18-02 | | |
| 5/1/2002 | AFS - Affidavit of Service | 5/6/2002 | Plaintiff(1) |
| | NOTE: P26 SERVED 4-22-02 | | |
| 4/29/2002 | WSS - Waiver of Service of Summons | 5/2/2002 | |
| | NOTE: P21 SERVED 04-20-02 | | |
| 4/29/2002 | WSS - Waiver of Service of Summons | 5/2/2002 | |
| | NOTE: P3 SERVED 04-25-02 | | |
| 4/24/2002 | WSS - Waiver of Service of Summons | 4/25/2002 | Plaintiff(1) |
| | NOTE: JANE DOE MACKENZIE SERVED 4-19-2002 | | |
| 4/24/2002 | WSS - Waiver of Service of Summons | 4/25/2002 | Plaintiff(1) |
| | NOTE: P20 SERVED 4-17-2002 | | |
| 4/24/2002 | WSS - Waiver of Service of Summons | 4/25/2002 | Plaintiff(1) |
| | NOTE: P23 SERVED 4-19-2002 | | |
| 4/23/2002 | WSS - Waiver of Service of Summons | 4/25/2002 | Plaintiff(1) |
| | NOTE: P19,24 SERVED 4-18-2002 | | |
| 4/23/2002 | WSS - Waiver of Service of Summons | 4/25/2002 | Plaintiff(1) |
| | NOTE: P22,25 SERVED 4-19-2002 | | |
| 4/19/2002 | WSS - Waiver of Service of Summons | 4/24/2002 | Plaintiff(1) |
| | NOTE: P6 SERVED 4-17-2002 | | |
| 4/18/2002 | WSS - Waiver of Service of Summons | 4/22/2002 | Plaintiff(1) |
| | NOTE: P15 SERVED 4-9-2002 | | |
| 4/15/2002 | WSS - Waiver of Service of Summons | 4/23/2002 | Plaintiff(1) |
| | NOTE: BY ATTORNEY JOHN C DODDS | | |
| 4/3/2002 | WSS - Waiver of Service of Summons | 4/5/2002 | |
| | NOTE: P13 AND JANE DOE JETT SERVED 3-26-2002 | | |
| 4/2/2002 | WSS - Waiver of Service of Summons | 4/4/2002 | Plaintiff(1) |
| | NOTE: P14 SERVED 3-28-2002 | | |
| 4/2/2002 | WSS - Waiver of Service of Summons | 4/4/2002 | Plaintiff(1) |
| | NOTE: P17 SERVED 3-27-2002 | | |
| 3/15/2002 | COM - Complaint/Petition | 3/19/2002 | Plaintiff(1) |

**Case Calendar**

| Date | Time | Event |
|---|---|---|
| 7/30/2002 | 9:15 | Oral Argument |
| 8/26/2002 | 8:00 | Appl for Appr Pro Hac Vice |
| 8/27/2002 | 8:00 | Appl for Appr Pro Hac Vice |
| 8/27/2002 | 8:00 | Appl for Appr Pro Hac Vice |
| 8/30/2002 | 8:00 | Appl for Appr Pro Hac Vice |
| 8/30/2002 | 8:00 | Appl for Appr Pro Hac Vice |
| 8/30/2002 | 8:00 | Appl for Appr Pro Hac Vice |
| 8/30/2002 | 8:00 | Appl for Appr Pro Hac Vice |
| 8/30/2002 | 8:00 | Appl for Appr Pro Hac Vice |

Case 1:01-cv-12257-PBS   Document 569   Filed 10/01/03   Page 24 of 27

| | | |
|---|---|---|
| 8/30/2002 | 8:00 | Appl for Appr Pro Hac Vice |
| 8/30/2002 | 8:00 | Appl for Appr Pro Hac Vice |
| 8/30/2002 | 8:00 | Appl for Appr Pro Hac Vice |
| 8/30/2002 | 8:00 | Appl for Appr Pro Hac Vice |
| 11/22/2002 | 13:30 | Oral Argument |
| 11/22/2002 | 13:30 | Motion to Dismiss |
| 12/3/2002 | 16:30 | Pre-Trial Conference |
| 12/9/2002 | 9:00 | Status Conference |
| 1/31/2003 | 13:30 | Pre-Trial Conference |

**Judgments**

There are no judgments on file

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action: 01-CV-12257-PBS<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>ROBERT J. SWANSTON, individually and on behalf of himself and all others similarly situated,<br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TAP PHARMACEUTICAL PRODUCTS, INC., et al.<br><br>　　　　　　　Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, September 30, 2003, a true and correct copy of the foregoing

Plaintiff, Robert J. Swanston's Supplemental Memorandum in Support of Motion for Remand, was

served on the following counsel, via United States first class mail.

**PANEL SERVICE LIST (Excerpted from CTO-7); Docket No. 1456
In re Pharmaceutical Industry Average Wholesale Price Litigation**
*Swanston v. TAP Pharmaceutical Products, Inc., et al.*; C.A. No.: 2:03-62

Lewis B. April, Esquire
**COOPER LEVENSON APRIL
　NIEDELMAN & WAGENHEIM, P.A.**
1125 Atlantic Ave. - Third Floor
P.O. Box 1125
Atlantic City, NJ 08404-1125

Martin A. Aronson, Esq.
**MORRILL & ARONSON PLC**
One East Camelback Rd., Ste. 340
Phoenix, AZ 85012-1648

Donald Wayne Bivens, Esq.
**MEYER, HENDRICKS & BIVENS, PA**
P.O. Box 2199
Phoenix, AZ 85001

Alan H. Blankenheimer, Esquire
**BROWN & BAIN, P.C.**
P.O. Box 400
Phoenix, AZ 85001-0400

Marvin K. Blount, Jr., Esquire
**THE BLOUNT LAW FIRM, P.L.L.C.**
400 W. First Street
Greenville, NC 27834

Joshua T. Buchman, Esquire
**MCDERMOTT, WILL & EMERY**
227 W. Monroe Street
Chicago, IL 60606-5096

Timothy J. Burke, Esquire
**FENNEMORE CRAIG, P.C.**
3003 North Central Ave., Ste. 2600
Phoenix, AZ 85012-2913

David J. Burman, Esquire
**PERKINS COIE LLP**
1201 Third Ave., Ste. 4800
Seattle, WA 98101-3099

Patrick Gerard Byrne, Esq.
**SNELL & WILMER LLP**
One AZ Center
400 E. Van Buren
Phoenix, AZ 85004-2202

William F. Cavanaugh, Jr., Esquire
**PATTERSON BELKNAP**
**WEBB TYLER**
1133 Ave. of the Americas
New York, NY 10036-6710

Bryan L. Clobes, Esq.
**MILLER FAUCHER & CAFFERTY**
One Logan Sq., Ste. 1700
18th & Cherry Sts.
Philadelphia, PA 19103

Curtis C. Coleman, III, Esquire
**CURTIS C. COLEMAN, III, P.A.**
916 S. Evans St., P.O. Box 588
Greenville, NC 27835-0588

Paul J. Coval, Esq.
**VORYS SATER VORYS SATER**
**SEYMOUR PEASE**
52 East Gay St. - P.O. Box 1008
Columbus, OH 43216-1003

Merle M. DeLancey, Jr., Esquire
**DICKSTEIN SHAPIRO**
**MORIN & OMINSKY**
2101 L. St. NW
Washington, D.C. 20037

John C. Dodds, Esquire
**MORGAN, LEWIS & BOCKIUS, LLP**
1701 Market Street
2000 One Logan Sq.
Philadelphia, PA 19103-2921

Edward C. Duckers, Esquire
**HOGAN & HARTSON LLP**
555 13th Street, N.W., Ste. 13-W
Washington, DC 20004

Kimberly A. Dunne, Esquire
**SIDLEY AUSTIN BROWN & WOOD**
555 W. Fifth street, 40th Fl.
Los Angeles, CA 90013

Andrew S. Gordon, Esquire
**COOPERSMITH·GORDON**
**SCHERMER OWENS & NELSON**
2800 N. Central Ave., Ste. 1000
Phoenix, AZ 85004

Barry D. Halpern, Esquire
**SNELL & WILMER L.L.P.**
One AZ Center
400 East Van Buren
Phoenix, AZ 85004-2202

S. Craig Holden, Esq.
**OBER, KALER GRIMES & SHRIVER**
120 E. Baltimore Street
Baltimore, MD 21202

Lydia Alyce Jones, Esq.
**JENNINGS, STROUSS & SALMON**
The Collier Center, Ste. 1100
201 E. Washington Street
Phoenix, AZ 85004-2385

Michael K. Kennedy, Esquire
**GALLAGHER & KENNEDY, P.A.**
2575 E. Camelback Rd.
Phoenix, AZ 85016-9225

Albert G. Lin, Esq.
**PILLSBURY WINTHROP, LLP**
50 Fremont Street
San Francisco, CA 94105

William J. Maledon, Esquire
**OSBORN MALEDON, P.A.**
2929 North Central Ave., Ste. 2100
Phoenix, AZ 85012

Donald P. Martin, Esquire
**QUARLES & BRADY STREICH LANG**
One Renaissance Square,
Two North Central Ave.
Phoenix, AZ 85004-2391

Kathleen M. McGuan, Esq.
**REED SMITH LLP**
1301 K Street NW
Ste. 1100 - East Tower
Washington, DC 20005

Harry J. Miller, Esquire
**HARRY J. MILLER, P.L.L.C.**
80 E. Columbus Avenue
Phoenix, AZ 85012

Brien T. O'Connor, Esquire
**ROPES & GRAY**
One International Place
Boston, MA 02110

Pamela M. Overton, Esquire
**GREENBERG TRAURIG, LLP**
2375 East Camelback Rd., Ste. 700
Phoenix, AZ 85016

Randy Papetti, Esquire
**LEWIS AND ROCA LLP**
40 North Central Ave.
Phoenix, AZ 85004-4429

Darrell Prescott, Esq.
**COUDERT BROTHERS LLP**
The Grace Bldg.,
1114 Avenue of the Americas
New York, NY 10036-7703

Mary G. Pryor, Esquire
**THE CAVANAGH LAW FIRM**
1850 North Central Ave., Ste. 2400
Phoenix, AZ 85004-4527

Richard D. Raskin, Esquire
**SIDLEY AUSTIN BROWN & WOOD**
Bank One Plaza
10 S. Dearborn Street, 48th Fl.
Chicago, IL 60603

John E. Riley, Esquire
**VAIRA & RILEY, P.C.**
1600 Market Street, Ste. 2650
Philadelphia, PA 19103-7226

Lee Ann Russo, Esquire
**JONES DAY REAVIS & POGUE**
77 W. Wacker, Ste. 3500
Chicago, IL 60601-1692

Paul Schleifman, Esquire
**SHOOK, HARDY & BACON, LLP**
One Kansas City Place
1200 Main Street, 26th Fl.
Kansas City, MO 64105-2118

Michael T. Scott, Esq.
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301

Robert W. Shely, Esquire
**BRYAN CAVE LLP**
Two North Central Ave., Ste. 2200
Phoenix, AZ 85004-4406

Jonathan Shub, Esquire
**SHELLER LUDWIG & BADEY**
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102

Scott A. Stempel, Esquire
**MORGAN, LEWIS & BOCKIUS, LLP**
1111 Pennsylvania Ave.
Washington, DC 20004-2921

Thomas P. Sullivan, Esquire
**JENNER & BLOCK**
One IBM Plaza, Ste. 4400
Chicago, IL 60611

Kent Williams, Esquire
**GIEBEL GILBERT WILLIAMS KOHL**
2233 North Hamlin Ave., Ste. 620
St. Paul, MN 55113

D. Scott Wise, Esquire
**DAVIS POLK & WARDWELL**
450 Lexington Ave.
New York, NY 10017

Joseph H. Young, Esq.
**HOGAN & HARTSON, LLP**
111 S. Calvert St., Ste. 1600
Baltimore, MD 21202

Jeffrey S. Leonard, Esquire
**LEONARD, COLLINS & GILLESPIE**
40 North Central Ave., Ste. 2100
Phoenix, AZ 85004

Thomas M. Sobol, Esquire
**HAGENS BERMAN, LLP**
225 Franklin Street, 26th Floor
Boston, MA 02110

James A. Quadra, Esquire
**MOSCONE EMBLIDGE & QUADRA**
180 Montgomery Street, Ste. 1240
San Francisco, CA 94104-4238

Nicholas C. Theodorou, Esquire
**FOLEY HOAG LLP**
155 Seaport Boulevard
Boston, MA 02210-2600

Jeffrey L. Kodroff, Esquire
John A. Macoretta, Esquire
**SPECTOR ROSEMAN & KODROFF**
1818 Market Street, Ste. 2500
Philadelphia, PA 19103

Joseph R. Saveri, Esquire
**LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
Embarcadero Center W., 30th Fl.
275 Battery Street
San Francisco, CA 94111-3339

Richard W. Cohen, Esquire
**LOWEY DANNENBERG BEMPORAD & SELINGER, PC**
Gateway, One N. Lexington Ave.
White Plains, NY 10601

Frederick G. Herold, Esquire
**DECHERT, PRICE & RHOADS**
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793

John E. DeWulf, Esq.
**ROSHKA HEYMAN & DEWULF, PLC**
One Arizona Center
400 East Van Buren - Ste. 800
Phoenix, AZ 85004

Robert M. Casale, Esquire
250 W. Main Street
Branford, CT 06405

Trawick H. Stubbs, Jr., Esquire
**STUBBS & PERDUE, P.A.**
P.O. Box 1654
New Bern, NC 28563

Charles M. Greene, Esquire
111 North Orange Ave.
Orlando, FL 32801

Steven Edwards, Esquire
**HOGAN & HARTSON, LLP**
875 Third Avenue
New York, NY 10022

Michael C. Hefter, Esquire
**DEWEY BALLANTINE, LLP.**
1301 Avenue of the Americas
New York, NY 10019-6092

Robert M. Foote, Esquire
**FOOTE MEYERS MIELKE & FLOWERS**
416 South Second Street
Geneva, IL 60134

Michael A. Lee, Esquire
**SUSMAN GODFREY, LLP**
1000 Louisana Street
Ste. 5100
Houston, TX 77002-5096

Gregory Cox, Esquire
**PROVOST & UMPHREY LAW FIRM**
490 Park Street
P.O. Box 4905
Beaumont, TX 77704

Kimberly R. West, Esquire
**WALLACE JORDAN RATLIFF & BRANDT**
1st Commercial Bank Bldg., Ste. 400
800 Shades Creek Parkway
Birmingham, AL 35209

Robert E.B. Allen, Esquire
**ALLEN, PRICE & PADDEN, P.C.**
3131 W. Camelback Rd., Ste. 110
Phoenix, AZ 85016-4597

**TERRIANNE BENEDETTO, ESQUIRE**

3