UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL No. 1456<br>) Master File No. 01-12257-PBS<br>) Judge Patti B. Saris<br>) |
| THIS DOCUMENT RELATES TO:<br>State of California, et al v. Abbott Laboratories et al<br>CASE #: 1:03-cv-11226-PBS | ) Hearing Date: 12/12/03<br>) Applicable Case Management<br>) Order No. 2<br>)<br>) |

## THE STATE OF CALIFORNIA'S AND RELATOR'S NOTICE OF ELECTION TO DISMISS REBATE CLAIMS FROM THE CASE AND AMENDED MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND PURSUANT TO THE COURT'S RULING OF SEPTEMBER 18 2003

### INTRODUCTION

The State of California ("State") and the Relator, Ven-A-Care of the Florida Keys ("Ven-A-Care"), jointly submit this Amended Memorandum of Law in Support of their Motion to Remand the above-entitled case in its entirety to the California State Court[1]. This additional briefing is submitted following a hearing requesting remand by the Plaintiffs which was held before Judge Saris on September 18, 2003. At that time, the Court denied Plaintiffs' motion for remand without prejudice and indicated that if the State were to dismiss without prejudice its allegations of fraud in connection with payment of rebates to the Center for Medicare and Medicaid Services ("CMS" rebate claims),

---

[1] Plaintiffs are seeking remand to the Calif. Superior Court, Central Civil West Division in Los Angeles, Calif. where the matter was previously heard by the Hon. Peter D. Lichtman as a Complex Case prior to removal by the Defendants.

1

then the Court would reconsider its ruling and remand the remaining state claims.[2] California, through the State Attorney General, after reviewing the rebate claims which are included in the sealed First Amended Complaint originally filed by the Relator in August, 2002, hereby requests the dismissal of those claims, without prejudice. Ven-A-Care joins with the State in requesting dismissal of the rebate claims from the sealed First Amended Complaint. Plaintiffs, therefore, request that the Court remand the case to state court due to the fact that there will be no federal claims remaining. See discussion of the separate nature of the State False Claims allegations and allegations of rebate fraud in a related matter before the court, State of Montana v. Abbott Laboratories, et al., 266 F. Supp. 2d 250, 252-260 (Mass. 2003).

I

## UPON THE DISMISSAL OF THE REBATE CLAIMS, THE COURT HAS THE DISCRETIONARY AUTHORITY TO DECLINE TO EXERCISE FEDERAL JURISDICTION OVER THIS CASE

Upon dismissal of the CMS rebate claims, the only claims left in this case involve alleged pharmaceutical pricing violations[3] of the California False Claims Act, (Cal. Gov't Code § 12650 et seq.) resulting in significant financial loss and damages to California's Medicaid program ("Medi-Cal"). There has been no assertion by Defendants that those allegations are independently subject to removal. The only assertion has been that the State FCA claims were subject to supplemental

---

[2] The Court indicated that California would have six months to decide what to do with the CMS rebate claims that had been alleged in the Relator's sealed First Amended Complaint. The allegations pertaining thereto are found in ¶¶ 17-20, 217-236, 261-264, § 1. E. of Prayer for Relief (Pg. 157-158), and Exhibit No. 15 in the Amended Complaint.

[3] Including, but not limited to, falsely inflating reported prices, price manipulation, and "marketing the spread" by the Defendant pharmaceutical companies.

2

jurisdiction[4] by the Court based on the existence of rebate claims involving federal issues. Without the rebate claims in this case, there remains no grounds for the Court to retain federal jurisdiction and the case should be remanded pursuant to 28 U.S.C. §1367(c).

> It is well settled that a federal district court has discretion under the doctrine of pendent jurisdiction to remand pendent state-law claims to state court if it would be inappropriate for the district court to retain jurisdiction over the case.

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 108 S. Ct. 614, 98 L. Ed.2d 720 (1988); Certilman, et al. v. Becker, et al., 807 F. Supp. 307, 309 (S.D.N.Y.,1992), Menorah Insurance Co., Ltd vs. INX Reinsurance Corp., et. al., 72 F. 3d 218, 224 (1st Cir.). A court would normally decline pendent jurisdiction when the balance of factors including judicial economy, convenience, fairness and comity counsel against it. *See* United Mine Workers v. Gibbs, 383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed.2d 218 (1966). The lack of any federal issues left in the case counsels against retention of pendent jurisdiction. "[T]he issue whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation." 383 U.S. at 727, 86 S. Ct. at 1139.

## II

## REMAND TO STATE COURT IS THE APPROPRIATE ACTION IN THIS CASE

"It is well settled that a federal district court has discretion under the doctrine of pendent

---

[4] The single term "supplemental jurisdiction" now encompasses the two judicially created doctrines formerly referred to as "pendent" and "ancillary" jurisdiction. 28 U.S.C. § 1367, enacted as part of the Judicial Improvements Act of 1990, Pub. L. No. 101-650, 104 Stat. 5113, was intended to codify these case law doctrines. See generally David D. Siegel, "Practice Commentary: The 1990 Adoption of § 1367, Codifying 'Supplemental' Jurisdiction," 28 U.S.C.A. § 1367, commentary (West 1993).

jurisdiction to remand pendent state-law claims to state court if it would be inappropriate for the district court to retain jurisdiction over the case. Certilman v. Becker, 807 F. Supp. 307, 309 (S.D.N.Y., 1992) citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. at 351. In Cohill the U.S. Supreme Court relied upon Gibbs in stating as follows:

> Gibbs establishes that the pendent jurisdiction doctrine is designed to enable courts to handle cases involving state-law claims in the way that will best accommodate the values of economy, convenience, fairness, and comity, and Gibbs further establishes that the Judicial Branch is to shape and apply the doctrine in that light. Because in some circumstances a remand of a removed case involving pendent claims will better accommodate these values than will dismissal of the case, the animating principle behind the pendent jurisdiction doctrine supports giving a district court discretion to remand when the exercise of pendent jurisdiction is inappropriate.

Cohill, 484 U.S. at 351.

With the removal of the CMS rebate claims from the case at bar, the factors clearly favor remand. First, the dismissal of the claims without prejudice is being done early in the case, before any discovery has been conducted. Therefore, there is no prejudice to the Defendants. *Accord* Cohill, 484 U.S. 343 at 350; Certilman, 807 F. Supp. at 310; Baddie et. al. vs. Berkeley Farms, et. al., 64 F. 3d 487, 490 (9th Cir., 1995).

Additionally, there is no evidence nor indication that Plaintiffs have been "forum-shopping" or have attempted to "manipulate the forum." Rather, it was the Defendants, not Plaintiffs, who removed the Plaintiffs' case to federal court. Plaintiffs have elected to dismiss the CMS rebate claims pursuant to the Court's September 18, 2003 ruling and have the matter returned to state court. *Accord* Cohill, 484 U.S. at 357; Certilman, 807 F. Supp. at 310; Baddie, 64 F. 3d at 491.

4

In Baddie, *Id.*, plaintiffs therein filed federal and state claims in state court and were removed by the defendants. Once there, the plaintiffs promptly dismissed their federal claims and were remanded to state court. The appellate court in Baddie stated as follows:

> Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straightforward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court.

Baddie et. al. vs. Berkeley Farms, et. al., 64 F. 3d at 491.

The U.S. Supreme Court stated in Cohill:

> Even when the applicable statute of limitations has not expired, a remand may best promote the values of economy, convenience, fairness, and comity. Both litigants and States have an interest in the prompt and efficient resolution of controversies based on state law. Any time a district court dismisses, rather than remands, a removed case involving pendent claims, the parties will have to re-file their papers in state court, at some expense of time and money. Moreover, the state court will have to reprocess the case, and this procedure will involve similar costs. Dismissal of the claim therefore will increase both the expense and the time involved in enforcing state law. Under the analysis set forth in Gibbs, this consequence, even taken alone, provides good reason to grant federal courts wide discretion to remand cases involving pendent claims when the exercise of pendent jurisdiction over such cases would be inappropriate.

Cohill 484 U.S. at 353. Remand of the case at bar to State court would satisfy considerations of

comity by allowing Plaintiffs to pursue this California False Claims Act case in the California Superior Court.

## CONCLUSION

The Court has authority to remand this matter rather than dismissing the entire case once a dismissal of the rebate claims is obtained. Additionally, the Court would have no federal question jurisdiction over the case once the federal CMS rebate claims are dismissed. Based on the foregoing, the Court should dismiss the CMS rebate claims per the attached Court Order and remand this case to the California Superior Court in its entirety.

Dated: October 15, 2003            Respectfully submitted,

BILL LOCKYER
Attorney General for the State of California

By: _____
WILLIAM S. SCHNEIDER
TIMOTHY C. FOOTE
Deputies Attorney General
Bureau of Medi-Cal Fraud & Elder Abuse
1455 Frazee Rd., Ste. 315
San Diego, CA 92108
(619) 688-6114/688-6099 Telephone
(619) 688-4200 Facsimile

Attorneys for the Plaintiff, State of California

By: _____

ADAM D. MILLER
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA. 90067-4107
Phone: (310) 552-3800
Fax: (310) 552-9434

Attorneys for Relators

## CERTIFICATE OF SERVICE

I hereby certify that I, William S. Schneider, Deputy Attorney General, Bureau of Medi-Cal Fraud and Elder Abuse, for the State of California, caused a true and correct copy of the foregoing:

1. THE STATE OF CALIFORNIA'S AND RELATOR'S NOTICE OF ELECTION TO DISMISS REBATE CLAIMS FROM THE CASE AND AMENDED MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND PURSUANT TO THE COURT'S RULING OF SEPTEMBER 18 2003;

2. [*PROPOSED*] ORDER GRANTING PLAINTIFF STATE OF CALIFORNIA'S APPLICATION FOR AN ORDER DISMISSING THE C.M.S. REBATE CLAIM FRAUD ALLEGATIONS IN THE FIRST AMENDED COMPLAINT WITHOUT PREJUDICE AND REMANDING THE CASE IN ITS ENTIRETY TO STATE COURT,

to be served electronically on counsel of record on the Master Service List, pursuant to Section E of the Case Management Order No. 2, this 16th day of October 2003.

WILLIAM S. SCHNEIDER
Deputy Attorney General
Bureau of Medi-Cal Fraud and Elder Abuse
State of California