UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re Pharmaceutical Industry<br>Average Wholesale Price Litigation,<br><br>This Document Relates to All Actions | No. MDL Docket No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**CORRECTED INDIVIDUAL REPLY MEMORANDUM OF SICOR, INC. AND SICOR PHARMACEUTICALS, INC. (FORMERLY "GENSIA SICOR PHARMACEUTICALS, INC.") IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED MASTER CONSOLIDATED <u>CLASS ACTION COMPLAINT</u>**

10754725v3

2003). No allegation is made that any named plaintiff purchased SICOR's drugs in the years in question. This omission is also fatal as to standing, because it is impossible to tell whether UFCW was actually injured by the AWPs provided in Appendix A.

(3) Plaintiffs allege unfair competition under the varying state laws of 11 states, but have failed to state where UFCW purchased SICOR's products. The issue here is under which, if any, of the 11 state laws plaintiff UFCW might have standing to sue, so plaintiffs' reference to cases discussing Rule (9)(b) is irrelevant.[5]

Plaintiffs' failure to state a place of purchase is fatal, for example, to their standing under the state law of New York. *See Goshen v. Mutual Life Ins. Co. of New York*, 730 N.Y.S. 2d 46, 47 (1st Dept. 2001) *aff'd*, 98 N.Y. 2d 314 (2002).

(4) Plaintiffs fail to explain why SICOR's giving free samples as a way of discounting a quantity purchase is unlawful, or that any purchase by plaintiff was affected by such free samples. Their only response is to quote, in part, from a document that references use of free goods to "mask the final price." The fact that companies try to maintain confidentiality of their price concessions to particular customers should come as no surprise, and plaintiffs fail to allege that there was any motivation – or even possibility – to hide such concessions from the U.S. Government. To do so would not affect a multiple-source drug manufacturer's market share favorably.

(5) Plaintiffs ignore, and thus may concede, that all non Medicare Part B and PBM claims against SICOR should be dismissed because no plaintiff has standing to bring such claims against SICOR (e.g. no plaintiff alleges a Pharmacy Benefit Manager transaction as to a SICOR product).[6]

---

[5] UFCW's purchase of SICOR's products in an unidentified state cannot confer standing under multiple state laws. *See In re Terazosin Hydrochloride Antitrust Litig.*, 160 F. Supp. 2d 1365, 1370-1371 (S.D. Fla. 2001).

[6] The juridical link exception in *Alves v. Harvard Pilgrim Healthcare, Inc.* 204 F. Supp. 2d 198, 205 (D. Mass. 2002) involved a lawsuit challenging the general practices of private ERISA plans. Here, plaintiffs with standing to challenge practices in the Medicare Part B context also seek to challenge practices in the markedly different private payor arena.

(6) Plaintiffs ignore, and thus may concede, that Count Nine ("Civil Conspiracy") must be dismissed as to SICOR because the only plaintiff bringing that count lacks standing to sue SICOR.

For the reasons set forth above, as well as the reasons set forth in the Consolidated Reply Brief, and the individual briefs of various defendants, all claims against SICOR should be dismissed.

Dated: September 30, 2003

Respectfully submitted,

PILLSBURY WINTHROP LLP
KIRKE M. HASSON
THOMAS A. SEGAL

PIPER RUDNICK LLP
BRUCE E. FALBY

By  *Bruce E. Falby*

PILLSBURY WINTHROP LLP
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

PIPER RUDNICK LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2600
Telephone: (617) 406-6000
Facsimile: (617) 406-6100

Attorneys for Defendants
SICOR INC. and SICOR
PHARMACEUTICALS, INC.