US COURT
FOR MASS.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

2003 NOV 14  P 5: 19

OFFICE

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) )  MDL NO. 1456 <br> C.A. No. 01-CV-12257 (PBS) |
| *THIS DOCUMENT RELATES TO:* | ) ) ) HON. PATTI B. SARIS |
| COUNTY OF SUFFOLK, | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ABBOTT LABORATORIES, INC., *et al.* | ) ) |
| Defendants. | ) ) |

---

## SEPARATE REPLY MEMORANDUM OF MERCK & CO., INC.
## IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

HUGHES HUBBARD & REED LLP
John M. Townsend
Robert P. Reznick
Robert B. Funkhouser
1775 I Street, N.W.
Washington, D.C.  20006
(202) 721-4600

Jeff H. Galloway
One Battery Park Plaza
New York, NY  10004-1482
(212) 837-6000

Rita M. Haeusler
350 South Grand Avenue
Los Angeles, CA  90071-3442
(213) 613-2800

*Attorneys for Defendant Merck & Co., Inc.*

DC 529563_1

## SEPARATE REPLY MEMORANDUM OF MERCK & CO., INC.
## IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Merck & Co., Inc. ("Merck") submits this separate reply memorandum in support of its motion to dismiss the Amended Complaint (the "Complaint") for failure of the Complaint to state a claim against Merck. Merck also joins in the Consolidated Reply Memorandum Of Law In Support Of Defendants' Motion To Dismiss The Amended Complaint (the "Consolidated Reply").

## I.    SUFFOLK COUNTY STILL ALLEGES NO MISCONDUCT BY MERCK

Suffolk County's Opposition to Merck's motion to dismiss fails to direct this Court to *any* factual allegation of wrongdoing by Merck, much less to any allegation that satisfies the standard articulated by this Court's Order of May 13, 2003 and by Fed. R. Civ. P. 9(b).[1] Instead, Suffolk County asks this Court to allow it to base a claim on two allegations: (1) that Suffolk County is aware of published AWPs for six Merck products; and (2) that Suffolk County believes, based on its "own investigations," (Complaint ¶122) that each of these AWPs should have been a different number. *See* Suffolk County's Opposition To The Defendant-Specific Memoranda In Support Of Motion To Dismiss ("Opp."), at 15-16.

Suffolk County's conclusory allegation that Merck's AWPs were "misleading, false and inflated" (Opp. at 15) does not take the place of pleading a factual basis for that allegation as required by Rule 9(b) and this Court's May 13 Order. *See Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996) (courts need not consider "bald assertions, unsupportable

---

[1]    The Consolidated Reply demonstrates that Rule 9(b) applies to all of Suffolk County's claims that sound in fraud. *See In re Healthco Int'l, Inc. Sec. Litig.*, 777 F. Supp. 109, 113 (D. Mass 1991) (Rule 9(b) "applies to all claims where fraud lies at the core of the action" (internal quotation omitted)).

conclusions, periphrastic circumlocutions, and the like"). Suffolk County continues to fail to state a claim against Merck.

## II.  NEW YORK'S USE OF AWP IN ITS MEDICAID STATUTE DEFEATS SUFFOLK COUNTY'S CLAIMS

Suffolk County asks Merck to withdraw the observation that "the federal statutory term 'AWP'" is "inapplicable to Medicaid" (Separate Memorandum at 5), on the grounds that Merck has recognized that New York has incorporated AWP into its Medicaid scheme. Opp. at 16. Suffolk misses the point. AWP is, as Merck said, inapplicable to Medicaid *at the federal level.* AWP appears in this case solely as a consequence of the use of the term in New York statutory law. That is why the New York-specific considerations described in Part II of Merck's Separate Memorandum defeat the county's claims.

Part II of Merck's Separate Memorandum argues that the Complaint is alternatively subject to dismissal because its key allegation – that Suffolk County (or, more properly, the State of New York) relied on AWP as representing an actual price – is defeated by two provisions of New York law. The first is N.Y. Soc. Serv. Law §367-a(9), which determines that the "estimated acquisition cost" of Medicaid drugs for New York Medicaid purposes equals a *discount* from AWP. New York State cannot simultaneously recognize that AWP *exceeds* actual market pricing and, as Suffolk alleges, have been misled into believing that AWP was "an accurate reflection of the price paid for [defendants'] drugs." *See* Separate Memorandum at 4-5, *quoting* Compl. ¶399(c).

The second provision is N.Y. Soc. Serv. Law §367-a(7), which gives New York the statutory power to demand actual drug pricing information. This provision establishes as a matter of law that New York had the means to obtain accurate information about prices. Given the state's power to obtain accurate information, Suffolk County cannot claim that New York

DC 529563_1

was entitled to rely upon published AWPs being an "accurate reflection" of prices actually paid. *See* Separate Memorandum at 5. *See also Congress Fin. Corp. v. John Morrell & Co.*, 790 F. Supp. 459, 471 (S.D.N.Y. 1992) ("The principle that access bars claims of justifiable reliance on misrepresentations is well established and has been recognized by numerous courts.").

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Separate Memorandum and the Consolidated Reply, the Amended Complaint should be dismissed as to Merck & Co., Inc.

Dated: November 14, 2003.

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: _John M. Townsend_
John M. Townsend
Robert P. Reznick
Robert B. Funkhouser
1775 I Street, N.W.
Washington, D.C.  20006
(202) 721-4600

Jeff H. Galloway
One Battery Park Plaza
New York, NY  10004-1482
(212) 837-6000

Rita M. Haeusler
350 South Grand Avenue
Los Angeles, CA  90071-3442
(213) 613-2800

*Attorneys for Defendant Merck & Co., Inc.*

DC 529563_1

3

# CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2003, I caused a true and correct copy of the above document to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

John R. Therien