**Patterson, Belknap, Webb & Tyler** LLP

1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000
Fax (212) 336-2222

Erik Haas

Direct Phone
(212) 336-2117

Direct Fax
(212) 336-2386

Email Address
ehaas@pbwt.com

December 4, 2003

**By Hand**

The Honorable Patti B. Saris
United States District Court
District of Massachusetts
One Courthouse Way, Courtroom 13
Boston, MA 02210

> Re: **In re Pharmaceutical Industry Average Wholesale Price Litigation**
> **MDL No. 1456, Civil Action: 01-CV-12257-PBS**

Dear Judge Saris:

      We are writing on behalf of defendants in response to Mr. Berman's letter to the Court dated December 2, 2003. Mr. Berman requests "an emergency order" staying all discovery from third parties that also may be absent class members until the Court rules on plaintiffs' motion for a protective order. Defendants respectfully oppose this request.

      At the November 21, 2003 hearing, Your Honor responded to plaintiffs' last minute objection to defendants' subpoenas by advising plaintiffs' counsel that any objections should be raised in a properly noticed protective order motion.[1] Following plaintiffs' representation that a motion would be filed posthaste, Your Honor ruled that third party *depositions* should not proceed until the Court decides such motion. No restrictions were imposed on the pending document demands. To be precise, your Honor stated: "It's Thanksgiving. We all should enjoy our families. There shouldn't be any depositions.... A week after Thanksgiving you'll file the motion. You'll have the normal 14 days. There will be no depositions in the interim." (Tr. 116-117).

      Limiting the stay to depositions was logical in view of the scheduled discovery cut-off date of March 1, 2004. It simply takes a lot of time to negotiate and obtain a document production that provides defendants with the discovery necessary to defend this case, and at the same time, is not unduly burdensome. We have been working in good faith to address the subpoenaed entities queries regarding the nature and scope of the production. Nevertheless, most of the third parties have represented that logistical realities make it unlikely that any production will be made by year-end, far after the noticed production dates. Halting all negotiations and the "gathering, review and production" efforts by third parties at this stage – as

---

[1] The relevant pages of the draft transcript of the November 21, 2003 hearing ("Tr.") are attached hereto.

Page 2 of 2

plaintiffs propose – would derail the process and deprive defendants of the opportunity to secure the requisite discovery by the scheduled cut-off date.

Moreover, plaintiffs' position regarding the "absent class member" discovery has little merit. Mr. Berman cites to the Manual for Complex Litigation for the proposition that the "universally accepted view" is that court approval is required "before such discovery is pursued." The manual does not stand for the proposition. As this Court has held, the "overwhelming majority of courts" allow pending discovery of absent class members to proceed "where the information requested is relevant to the decision of common questions, when the interrogatories or document requests are tendered in good faith and are not unduly burdensome, and when the information is not available from the representative parties." *Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635, 637 (D. Mass. 1984). As our opposition to plaintiffs' motion will address in detail, defendants' subpoenas squarely meet that standard.

First, as Your Honor correctly advised plaintiffs' counsel, the subpoenaed entities are not individuals but large corporate entities: "This is a little different, this is industry wide.... I'm always worried about harassing individual people, but these people are huge third party payors." (Tr. 117). The subpoenaed entities are well represented by counsel and readily able to provide a reasonable response to the pending demands without undue burden.[2]

Second, the discovery sought under the subpoenas is required to respond to plaintiffs' class certification motion and claims, and cannot be secured from the representative plaintiffs in this action (*i.e.*, the named funds and associations). To disprove plaintiffs' central allegation that the mere reporting of an AWP constituted a fraud on the industry, defendants subpoenaed third parties that actually reimbursed drugs (or that have knowledge of that reimbursement) to show, *inter alia*, that (i) the industry understood fully that AWP did not equal the actual price doctors or pharmacies paid for drugs, (ii) myriad methodologies were used to reimburse for drugs, some based on AWP, some not, and (iii) those entities that elected to reimburse based on AWP formulae did so for a variety reasons, including administrative simplicity. The named plaintiffs cannot provide that requisite information.

Accordingly, defendants respectfully request that Your Honor deny plaintiffs' request for an emergency stay, and allow defendants to continue their negotiations with the subpoenaed entities. In those negotiations we have disclosed and will continue to disclose to the subpoenaed entities plaintiffs' opposition to the demanded discovery.

Respectfully yours,

*Erik Haas / lf*

Erik Haas

cc:   All Counsel (by Verilaw)

---

[2] *Accord, Laborers Local 17 Health and Benefit Fund et al. v. Philip Morris, Inc. et al.*, 1998 West Law 241279 at *3 (SDNY May 12, 1998) ("[S]ince the class members here are not the typical members of a plaintiff class – individuals with small claims and presumably limited means – but rather are organized entities . . . there is less concern that some controlled discovery will be unduly burdensome or imperil the maintenance of the class.")

```
0001
 1                    UNITED STATES DISTRICT COURT
 2                      DISTRICT OF MASSACHUSETTS
 3
 4    _____
 5    CITIZENS FOR CONSUMER
      JUSTICE, et al,
 6
                       Plaintiffs,    Civil Action No. 01-12257
 7
      V.                              November 21, 2003, 2:05 p.m.
 8
      ABBOTT LABORATORIES, et al,
 9                     Defendants.
      _____
10
11
12
13                       TRANSCRIPT OF HEARING
14                 BEFORE HONORABLE PATTI B. SARIS
15                  UNITED STATES DISTRICT COURT
16                JOHN J. MOAKLEY U.S. COURTHOUSE
17                       ONE COURTHOUSE WAY
18                        BOSTON, MA  02210
19
20
21                   DEBRA M. JOYCE, RPR, CRR
                       Official Court Reporter
22                 John J. Moakley U.S. Courthouse
                    1 Courthouse Way, Room 5204
23                       Boston, MA  02210
                           617-737-4410
24
25
```

```
0116
 1              I would suggest that we deal with this issue in
 2   another -- you know at another time after they file papers and
 3   we can explain why we served these subpoenas.
 4              THE COURT:  When is the first deposition supposed
 5   to happen?
 6              MR. BERMAN:  Well, the return dates are starting
 7   next week, and the reason I raise it --
 8              THE COURT:  Wait a minute.  So next week you're
 9   taking these depositions.
10              MR. BERMAN:  11/16 is the first return date.
11              THE COURT:  The Wednesday before Thanksgiving?  I
12   mean, I don't want to be here doing this on an emergency -- why
13   don't I say this:  I'm not ruling -- when are you going to file
14   your motion for protective order?
15              MR. BERMAN:  I was going to ask you how you want us
16   to handle it.
17              THE COURT:  Motion for protective order, the way we
18   always handle it.  It's Thanksgiving.  We all should enjoy our
19   families.  They're shouldn't be any depositions.
20              MR. POSNER:  Your Honor, we'll obviously work out
21   dates.
22              THE COURT:  So file something, when, a week after
23   Thanksgiving?
24              MR. BERMAN:  That would be fine.
25              THE COURT:  Enjoy your family.  A week after
```

0117
1  Thanksgiving you'll file the motion. You'll have the normal 14
2  days. There will be no depositions in the interim.
3             Normally you don't subpoena class members. This is
4  a little different, this is industry wide. Maybe there's some
5  other ways of doing it. I'm always worried about harassing
6  individual people, but these people are huge third-party
7  payors.
8             MR. BERMAN: That's right.
9             THE COURT: Also, discovery goes forward on all
10 drugs that are alleged with respect to Medicare Part B that are
11 alleged with specificity. I'm hoping to get back to you very
12 soon on the multisource. I wanted to hear argument. I
13 actually in retrospect wished I heard you all first instead of
14 last.
15            MR. POSNER: Those are part B drugs for which a
16 purchaser is alleged as well, I assume?
17            THE COURT: Yes. I'm assuming that's going to add
18 at least 30, 40 drugs, right?
19            MR. BERMAN: I think it will be about 55 drugs.
20            THE COURT: All right. Then on multisource we're
21 going to hold off until I've ruled on it. Okay? I don't know
22 how many that means.
23            MR. BERMAN: Okay. I know you're trying to get out
24 of here. We're going to have a huge fight about this. When
25 you say discovery goes forward on non-multisource drugs that