# KLINE & SPECTER

A PROFESSIONAL CORPORATION

PHILADELPHIA OFFICE:
1525 LOCUST STREET
THE NINETEENTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19102
215-772-1000 TELEPHONE
800-587-8585 TOLL FREE TELEPHONE
215-735-0957 FACSIMILE

FILED
IN CLERKS OFFICE

2003 DEC -5  A II: 54

U.S. DISTRICT COURT
DISTRICT OF MASS.

NEW JERSEY OFFICE:
KLINE & SPECTER
1800 CHAPEL AVENUE, SUITE 302
CHERRY HILL, NEW JERSEY 08002
856-682-1180 TELEPHONE
856-662-1184 FACSIMILE
CO-MANAGING ATTORNEYS:
ROBERT ROSS AND DONALD E. HAVILAND, JR.

Direct Fax: 215-735-0957
Respond to: Philadelphia Office

Donald.Haviland@klinespecter.com

December 4, 2003

**VIA FEDERAL EXPRESS**

The Honorable Patti B. Saris
United States Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:  *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456:
This letter relates to *Swanston v. TAP Pharmaceutical Products Inc., et al.*,
D. Ariz., C.A. No. 2:03-62

Dear Judge Saris:

Pursuant to my telephone conversation today with your clerk, Robert Alba, I understand that, although the below referenced pleadings, which are enclosed with this letter, were timely filed via Verilaw and timely served upon all counsel of record on the dates indicated, neither the Clerk of the Court nor Your Honor received copies of same. I wish to apologize to the Court for the confusion with these pleadings, but, the confusion was created in part by the lead counsel in this case who informed the undersigned at the October 9th hearing on Plaintiff's Motion for Remand that Verilaw was the means by which counsel in this case filed and served pleadings. Your Honor might remember that, at the same October 9, 2003 hearing, counsel for GlaxoSmithKline ("GSK") accused the undersigned of having failed to timely respond to certain "jurisdictional discovery" GSK claimed to have served on Mr. Swanston. As of the October 9th hearing, no such discovery had been served on any counsel of record for Mr. Swanston, and the undersigned did not appreciate GSK counsel's accusations to the contrary. My law office takes great pride in its diligence in meeting Court deadlines and has had no reason to believe that any such deadline was ever missed in this case.

It was only after the close of the October 9th hearing that defense counsel and plaintiff's liaison counsel "explained" that the parties utilize the "Verilaw service" for filings and service of pleadings, discovery and other documents generated in this MDL litigation. The undersigned had never heard of Verilaw and did not understand what the service provided, but agreed to sign up for the service going forward to comply with the procedural rules of this MDL so as not to make any mistake going forward. We learned today, however, from Mr. Alba that, as a result of relying on

**KLINE & SPECTER**

A PROFESSIONAL CORPORATION

The Honorable Patti B. Saris
United States Courthouse
December 4, 2003
Page 2

---

Verilaw, our two supplemental briefs respecting Mr. Swanston's Motion for Remand have not been received by Your Honor. Once again, I apologize for this development and respectfully enclose the following documents, which were filed with and served via Verilaw on the dates indicated:

1) Second Supplemental Brief In Support of Motion for Remand by Plaintiff, Robert J. Swanston (with Exhibits "A" through "J") (filed 10/24/03); and

2) Plaintiff's Supplemental Brief in Opposition to and Motion To Strike Defendants' Supplemental Brief in Support of Opposition to Motion for Remand and Affidavit Attached Thereto (with Exhibits "A" through "E") (filed 11/26/03).

Although Your Honor is receiving these documents long after the dates they were first prepared, filed and served, I trust that you will give them due consideration prior to ruling on the Plaintiff's Motion for Remand. But with respect to the same Motion, I repeat the request we made in the enclosed briefs that you timely remand this case back to Arizona state court. Contrary to the representations of counsel for GSK at the October 9th hearing that co-defendant G.D. Searle either had consented verbally to removal and/or need not consent because the entity is "defunct," the fact remains, as you will see from the briefs, that Searle exists, was served and has never consented to removal in violation of the rule of unanimity. Despite this irrefutable fact, this case has languished in federal court for nearly a year. The time has come to return the case back to state court where it belongs.

Respectfully,

DONALD E. HAVILAND, JR.
*Lead counsel for the Plaintiff,*
*Robert J. Swanston*

DEH:ks
Enclosures

cc: All counsel of record (via Verilaw, without enclosures)

G:\DEH\LUPRON MASTER\Lupron - AZ - (200204)\Letters\Saris, Judge Patti B 12-4-03.wpd