UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>CIVIL ACTION NO. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris<br>**Anticipated Response Date: 12/19/03** |

## DEFENDANT HOFFMANN-LA ROCHE INC.'S MOTION FOR A CONTINUED STAY OF DISCOVERY PENDING RULING ON ITS INDIVIDUAL MOTION TO DISMISS THE AMCC

At the conclusion of this Court's November 21, 2003 hearing on the motions to dismiss the Amended Master Consolidated Complaint ("AMCC"), the Court ordered that the then-existing stay of discovery be lifted as to non-multisource drugs, reimbursed under Medicare Part B, for which a plaintiff purchaser has been alleged. *See* November 21, 2003 Tr. at 117. The Court's ruling potentially subjects Hoffmann-La Roche Inc. ("Roche") and two of its products, Kytril and Cellcept, to broad-ranging discovery for the first time. On December 3, plaintiffs issued extensive interrogatories and document requests on Roche (attached at Exhibit A).

Roche respectfully requests that the stay of discovery be continued as to it pending the Court's consideration and ruling on Roche's individual motion to dismiss the AMCC. Roche, unlike virtually all other defendants named in the AMCC, was dismissed entirely from the MCC and has never before been subject to discovery in this or any other related case. The merits of Roche's individual motion to dismiss, the significant burden associated with requiring Roche to

respond to discovery prematurely, and the lack of prejudice to plaintiffs counsels in favor of continuing the stay of discovery previously ordered by the Court as applied to Roche.

## ARGUMENT

### 1. Roche May Be Dismissed From The AMCC For The Same Reasons It Was Dismissed From the MCC

Roche is one of only a handful of defendants that were completely dismissed, by name, from the Master Consolidated Complaint ("MCC"). *See* May 13, 2003 Order at 47. At the January 13, 2003 hearing on defendants' motions to dismiss the MCC, plaintiffs' counsel admitted that the allegations in the MCC against Roche were not of the same quality as those against other defendants. 1/13/03 Hearing Tr. at 103, 107. The Court recognized this deficiency, required that plaintiffs have a "good faith basis of saying every single one of the defendant companies" has engaged in wrongful behavior, *id.* at 106, and stated that plaintiffs needed to "particularize . . . exactly what the fraud is" in any amended complaint. *Id.* at 74, 102-03. Plaintiffs' counsel promised that this defect would be corrected as to Roche if they were permitted to replead. *Id.* at 103, 107. As Roche set out in its memoranda in support of its motion to dismiss the AMCC, plaintiffs failed to fulfill this promise as to Roche in their amended complaint.

As was true of the MCC, the AMCC fails to allege *any* specific unlawful conduct allegedly committed by Roche, much less the "what, when, where and how" of the fraud allegedly perpetrated by Roche. *Quoting* Plaintiff's Opposition at 12. In this important respect, Roche stands apart from most of the other defendants in this action, as to which *some*

2

specific examples of purported misconduct have been alleged.[1] Unable to point to a single specific wrongful act committed by Roche, plaintiffs attempt to tar Roche with the alleged misdeeds of the entire pharmaceutical industry. *See* AMCC ¶ 417-21. However, as this Court stated at the September 18, 2003 hearing, plaintiffs "can't get away with just saying they are a drug company and therefore they must be doing it." *Accord Romani v. Shearson Lehman Hutton,* 929 F.2d 875, 877-78 (1st Cir. 1991); *Hayduk v. Lanna,* 775 F.2d 441, 444 (1st Cir. 1985).

The lack of any particularized allegations of wrongdoing by Roche fundamentally undermines the AMCC as to Roche. Roche submits that the Court's three particularity requirements (specific drug, allegedly fraudulent AWP, and specific plaintiff purchaser (May 13 Order at 45)) are *necessary* but not *sufficient* allegations to sustain plaintiffs' amended complaint under Rule 9(b) as to Roche. Equally necessary are allegations of at least some specific conduct by Roche that create a "good faith basis" for placing Roche in the community of wrongdoing. Given plaintiffs' November 21 representations of their "exhaustive search" of the AWP landscape,[2] as well as their statements at the January 13, 2003 hearing, plaintiffs' failure to include Roche-specific allegations in the AMCC indicates that they do not have a good faith

---

[1] The lack of particularized allegations as to Roche stands in stark contrast to the specific allegations against TAP that led Judge Stearns, at least in part, to deny TAP's recent motion to dismiss in the Lupron® case. *See* November 25, 2003 Order in *In re Lupron® Marketing and Sales Practices Litigation* at 22-23. The Lupron® amended complaint alleged with "reasonabl[e] specific[ity]" the existence of fraudulent marketing materials, fraudulent sales directives, marketing materials promoting the AWP spread, inaccurate credit memos and invoices to physicians, and communications with government agencies misrepresenting the AWP. *Id* at 22. Beyond that, the amended complaint noted TAP's 2001 guilty plea and civil settlement. *Id.* at 23. No allegations that even approach that level of specificity are made in the AMCC as to Roche, and Judge Stearns' opinion cannot be read to control this Court's decision with regard to Roche and the AMCC.

[2] Although Mr. Sobol argued on November 21 that as a result of their extensive research, plaintiffs have "a very substantial, solid basis on which to assert" their claims as to each drug in the AMCC, he did not proffer any bases for the claims against Roche. November 21, 2003 Tr. at 22.

basis for their claims. Rule 9(b) requires that a plaintiff have an adequate, good faith basis for its claims before asserting a cause of action and proceeding with discovery. *See U.S. ex rel. Franklin v. Parke-Davis*, 147 F. Supp. 2d 39, 46 (D. Mass. 2001); *Romani*, 929 F.2d at 877-78; *Driscoll v. Landmark Bank for Sav.*, 758 F. Supp. 48, 53-54 (D. Mass. 1991).

### 2. If Discovery Is Permitted To Commence Against Roche At This Time, Roche Would Be Required To Respond To Potentially Worthless But Nonetheless Expensive and Burdensome Discovery For The First Time

Roche has not previously been required to respond to discovery in this (or any related) action as to any of its drugs. Indeed, Roche has not produced any documents to any plaintiff at any time in this case. In this respect, too, Roche stands apart from almost all the other defendants in this action. If the stay is not continued as to it, Roche will be forced to initiate the costly and disruptive process of locating, assembling, reviewing, copying, and producing the vast numbers of documents potentially responsive to plaintiffs' anticipated requests *before* the merits of the arguments in its motion to dismiss are ruled upon. The broad list of document demands lodged by plaintiffs, *see* Exhibit A, attests to the significant cost that will be incurred by Roche if discovery as to Roche is permitted to proceed at this time. If the Court grants Roche's motion to dismiss (as it has done once before), that effort and expense will have been wasted.

### 3. Plaintiffs Would Suffer Minimal Prejudice, If Any, From The Continuation Of The Stay

Plaintiffs will suffer no undue prejudice from the continuation of the stay. A ruling is imminent on the AMCC motions to dismiss: briefing is complete and oral argument has been heard. Moreover, a short delay in plaintiffs' ability to pursue discovery against Roche will not prejudice plaintiffs or delay the case in view of the significant discovery being undertaken against other defendants -- Roche's production will relate to only two of the more than sixty

drugs as to which discovery is now proceeding -- as well as the discovery being undertaken as to plaintiffs and third parties.

## CONCLUSION

For the foregoing reasons, Roche respectfully requests that the Court continue its stay of discovery as to Roche pending the Court's ruling on Roche's individual motion to dismiss the AMCC.

Respectfully submitted,

Dated: December 5, 2003

Kevin R. Sullivan (*admitted pro hac vice*)
Grace Rodriguez (*admitted pro hac vice*)
John D. Shakow (*admitted pro hac vice*)
KING & SPALDING LLP
1730 Pennsylvania Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

Colleen Hennessey
PEABODY & ARNOLD, LLP
50 Rowes Wharf
Boston, MA 02110
Telephone: (617) 951-2100
Facsimile: (617) 951-2125

Attorneys for Defendant Hoffmann-La Roche Inc.

## CERTIFICATE OF SERVICE

I, John D, Shakow, hereby certify that a true and correct copy of the foregoing Defendant Hoffmann-La Roche Inc.'s Motion for a Continued Stay of Discovery Pending Ruling on Its Individual Motion to Dismiss the AMCC was served upon all counsel of record via Verilaw on December 5, 2003.

John D. Shakow