RECEIVED
Clerk's Office
USDC, Mass.
Date 12-8-03
By _____ pv
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE ) MDL No. 1456
LITIGATION )
) CIVIL ACTION: 01-CV-12257-PBS
)
THIS DOCUMENT RELATES TO ) Judge Patti B. Saris
ALL CLASS ACTIONS )
)

## NOTICE OF FILING OF AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT MODIFIED PER THE COURT'S INSTRUCTION AT THE NOVEMBER 21, 2003 HEARING

Plaintiffs are filing today a version of the Amended Consolidated Complaint ("AMCC") which responds to the Court's instructions at the hearing. The changes to the AMCC are as follows:

1. At the hearing defense counsel argued that "on the PBM counts they don't even allege they had a contract with PBM's." Transcript ("Tr.") at p. 46. Thereafter the Court inquired as to the existence of allegations that "any one of the individual plaintiffs actually contracted based on AWP." Tr. at 51. The Court continued its inquiry as follows:

> The Court: But if it's just – can you say as you stand here that each one of the plaintiffs contracted for these alleged drugs based on AWP and were injured as a result of it?
>
> Mr. Berman: Yes.
>
> The Court: Okay.
>
> \* \* \*
>
> The Court: So do that – next week is Thanksgiving. Okay.

Tr. at 52.

- 1 -

1534.16 0078 BSC.DOC

The Court returned to this line of inquiry at the end of the hearing:

> The Court: If, in fact, you know – if, in fact, these companies did contract based on either orally or in writing – assuming it's in writing, they're big companies – based on AWP and were injured thereby, I don't know that you have to allege every transaction. In fact, you don't under the cases I've dealt with before, but just allege it because you've alleged in general they've been prejudiced in reliance on AWP. So you say you've got it, do it. Week after Thanksgiving.
>
> Other than that, no major new theories. You're done. That is it. All right?
>
> Mr. Berman: We have ten days. You never know what we're going to come up with.
>
> The Court: No ten days, this is it.

Tr. at 119.

In response to the Court's comments, plaintiffs have added allegations regarding the fact that plaintiffs' drug purchases are directly based upon AWP pricing. In the case of the union health funds these contracts expressly tie payment to the published AWP. *See* ¶¶ 26-36, 36(a), 541, 620 and 639(a).

2. At the hearing, Mr. Dodds raised for the first time an argument that under Count I plaintiffs have no standing to assert claims because none of the plaintiffs were covered by Medicare Part B drugs which, according to counsel, was the focus of Count I. The Court noted that this was a new argument (Tr. 45) and that raising it "for the first time at the hearing was a little unfair." Tr. at 46. Frankly, plaintiffs' counsel were surprised by this argument because Count I is not limited to Medicare Part B. Paragraph 620 of the AMCC indicates that Count I is asserted on behalf of both classes, and those classes include anyone who bought an AWPID based on AWP, without a limitation to Part B Covered Drugs. *See* ¶ 595. Thus, Count I in its text section and by reference to the class definition (¶ 595) was not limited to Part B drugs. The heading of Count I, to which Mr. Dodds referred, created confusion because it does state "For

- 2 -

Unlawful Conduct Associated With Part B Covered Drugs." However, this is a typographical error that carried over from the MCC. As the court inquired with respect to this issue, "you could have called them up ... and inquired." Tr. at 45. If defendants had done so, we could have cleared this issue up quickly. Count I is intended to and does cover non-PBM transactions for AWPID drugs of which several plaintiffs are class representatives by virtue of purchasers outside the PBM context. *See* ¶¶ 27-29, 32-36. In addition, during argument defense counsel referred to paragraph 541 of the AMCC, which alleged that payors "typically" pay based upon AWP, as a basis for an argument that there are standing issues and/or causation issues because it was not clear that payment was in fact tied to AWP. Paragraphs 26-31 make it clear that each union health fund made payments based on AWP. The language in ¶ 541 referring to "typically" has been deleted and the paragraph redrafted to eliminate any perceived ambiguity concerning payment based upon AWP and the resulting injury to plaintiffs and class members.

3. Appendix B has been amended to reflect purchases of drugs by individual plaintiffs. These purchases were listed in the text of the AMCC, but not in Appendix B. This change adds no additional drugs to Appendix A and Appendix B has been simply amended to identify purchasers of drugs that were inadvertently omitted. For example, in the body of the AMCC, plaintiff UFCW states that it purchased Johnson & Johnson's Remicade, but in Appendix B Remicade was not checked. AMCC ¶ 29. The same is true for Sicor's leucovorin calcium. AMCC ¶ 29. Plaintiffs submit that defendants were on notice of this omission by virtue of the listing of these drugs in the text of the AMCC as having been purchased by a plaintiff. And in the course of preparing this amendment, plaintiffs' counsel discovered an additional scrivener's error in changing the MCC to the AMCC. In the MCC, plaintiffs alleged that the Teamsters Health & Welfare Fund of Philadelphia purchased Bristol Meyer's Taxol, GSK's Navelbine, Johnson & Johnson's Remicade and Immunex's Novantrone. These purchases were inadvertently omitted from the AMCC and Appendix B has been modified to

- 3 -

reflect those purchases as well. No new drugs have been added. This reflects a correction of purchaser information only

4   For the Court's convenience a redlined copy of the modified AMCC is being delivered to Chambers and served on counsel. The paragraphs with changes are 1, 5, 26-31, 36(a), 541, the heading to Count I, and ¶ 620.

| | |
|---|---|
| By <u>Steve W. Berman/Signature on File</u><br>Thomas M. Sobol<br>Edward Notargiacomo<br>Hagens Berman LLP<br>225 Franklin Street, 26th Floor<br>Boston, MA  02110<br>Telephone: (617) 482-3700<br>Facsimile: (617) 482-3003 | DATED:     December 5, 2003. |

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Kevin P. Roddy
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Samuel Heins
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

Eugene A. Spector
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

**CHAIRS OF LEAD COUNSEL COMMITTEE**

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Elizabeth Fegan Hartweg
The Wexler Law Firm
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

**MEMBERS OF LEAD COUNSEL COMMITTEE AND EXECUTIVE COMMITTEE**

Michael McShane
Alexander, Hawes & Audet, LLP
300 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 982-1886
Facsimile: (415) 576-1776

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
Shreveport, LA 71103
Telephone: (318) 226-0826
Facsimile: (318) 424-9900

**MEMBERS OF EXECUTIVE COMMITTEE**

Anthony Bolognese
Bolognese & Associates
One Penn Center
1617 JFK Boulevard, Suite 650
Philadelphia, PA 19103
Tel: (215) 814-6750
Fax: (215) 814-6764

1534.16 0078 BSC.DOC

Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Ave., N.E., Suite 300
Washington, D.C. 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

Neal Goldstein (Of Counsel)
Freedman & Lorry, PC
400 Market Street, Suite 900
Philadelphia, PA 19106
Tel: (215) 925-8400
Fax: (215) 925-7516

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL 33134
Tel: (305) 357-9000
Fax: (305) 357-9050

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street, Suite 1700
San Diego, CA 92101
Tel: (619) 338-1133
Fax: (619) 338-1139

Jonathan D. Karmel
Karmel & Gilden
221 N. LaSalle Street, Suite 1414
Chicago, IL 60601
Tel: (312) 641-2910
Fax: (312) 641-0781

Dianne M. Nast
Roda & Nast, PC
801 Estelle Drive
Lancaster, PA 17601
Tel: 717-892-3000
Fax: 717-892-1200

Henry H. Rossbacher
Rossbacher & Associates
811 Wilshire Blvd., Suite 1650
Los Angeles, CA 90017-2666
Tel: (213) 895-6500
Fax: (213) 895-6161

Jonathan Shub
Sheller, Ludwig & Badey, P.C.
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102
Tel: (215) 790-7300
Fax: (215) 546-0942

Scott R. Shepherd
Shepherd & Finkleman, LLC
117 Gayley Street, Suite 200
Media, PA 19063
Tel: (610) 891-9880
Fax: (610) 891-9883

Lisa J. Rodriguez
Ira Neil Richards
Trujillo Rodriguez& Richards, LLC
The Penthouse
226 West Rittenhouse Square
Philadelphia, PA 19103
Tel: (215) 731-9004
Fax: (215) 731-9044

Mitchell A. Toups
Weller, Green, Toups & Terrell, L.L.P.
2615 Calder Street, Suite 400
P.O. Box 350
Beaumont, TX 77704
Tel: (409) 838-0101
Fax: 409-838-6780

1534.16 0078 BSC.DOC

Damon Young
Lance Lee
Young, Pickett & Lee
4122 Texas Boulevard
P.O. Box 1897
Texarkana, AR/TX  75504
Tel: (903) 794-1303
Fax: 903-792-5098; 903-794-5098

ADDITIONAL ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that I, Edward Notargiacomo, an attorney, caused a true and correct copy of the foregoing Notice of Filing of Amended Master Consolidated Class Action Complaint Modified per the Court's Instruction at the November 21, 2003 hearing to be served on all counsel of record electronically on December 5, 2003, pursuant to Section D of Case Management Order No. 2.

Edward Notargiacomo
**HAGENS BERMAN LLP**
225 Franklin Street, 26th Floor
Boston, MA  02110
Telephone: (617) 482-3700

1534.16 0078 BSC.DOC