# JONES DAY

51 LOUISIANA AVENUE, N.W.
WASHINGTON, D.C. 20001-2113
TELEPHONE: 202-879-3939 • FACSIMILE: 202-626-1700

FILED
CLERK'S OFFICE
2003 DEC -8  P 4: 46
U.S. DISTRICT COURT
DISTRICT OF MASS.

COPY

WRITER'S DIRECT NUMBER:
202-879-3734
christophercook@jonesday.com

December 8, 2003

**VIA HAND DELIVERY**

Honorable James C. Stucky
Kanawha County Courthouse
111 Court Street
Charleston, WV 25328

Re: *State of West Virginia v. Warrick Pharm. Corp. et al.*

Dear Judge Stucky:

We represent Abbott Laboratories in the above-captioned matter. We write in response to the letter from Sean P. McGinley to you dated Friday, December 5, 2003. Mr. McGinley has accused the undersigned of "suborning" communications in violation of the West Virginia Code of Judicial Conduct by sending to Judge Saris a letter dated December 4, 2003. For your convenience, I have attached a copy of my December 4 letter to Judge Saris, and Mr. McGinley's December 5 letter to you.

Mr. McGinley's accusations are baseless. As this Court is aware, Judge Saris *ordered* the parties in MDL 1456 to identify any AWP-related actions pending in state court, and to provide the name and telephone number of the state court judge presiding over each such matter. *In re Pharmaceutical Industry Average Wholesale Price Litigation*, Case Management Order No. 9, November 17, 2003 ("To facilitate this effort to achieve coordination among [MDL 1456] and the various State Court Cases, the parties will identify the State Court Cases that are pending as of the date of this Order, including the name of the judge and phone number at the Court . . . ") As counsel for a defendant in MDL 1456, we complied in good faith with Judge Saris's order by submitting a letter to her regarding the above action. We copied both this Court and counsel for the West Virginia Attorney General on our letter to Judge Saris. The undersigned did not, as Mr. McGinley suggests, "suborn" an improper *ex parte* communication. Moreover, any communication between this Court and Judge Saris regarding coordination could hardly constitute an improper *ex parte* communication or any type of ethical violation. Indeed, based on counsel's experience, it is quite common for judges presiding over MDL matters to contact judges in other jurisdictions to discuss coordination between and among related cases.

Various other assertions in Mr. McGinley's letter were inappropriate, inaccurate, and ill-informed. At the upcoming December 11, 2003 hearing and in further filings, we will undertake to correct these misstatements. Nevertheless, some of them merit an immediate response.

First, Mr. McGinley accuses the defendants of bad faith because we have negotiated the terms of a protective order that would govern discovery if this Court declines to order

JONES DAY

Honorable James C. Stucky
December 8, 2003
Page 2

coordination with MDL 1456. Defendants have not acted in bad faith. Mr. McGinley has known for months that defendants prefer coordination with MDL 1456 to entry of a separate protective order. Defendants' counsel repeatedly have urged plaintiff's counsel to agree to coordination and to the Protective Order entered by Judge Saris in MDL 1456. In the event that the Court denies coordination, however, defendants have negotiated in good faith about the manner and scope of discovery in this case.

Second, Mr. McGinley also contends that defendants have "stonewalled" the plaintiff in this case and that the plaintiff has "made every effort to move this litigation forward in an efficient manner." This is false. Abbott and the other defendants have made diligent efforts to ensure that discovery in this case will be shared appropriately and not for any improper purposes. The plaintiff, by contrast, has waited months and years to take action in this case. For instance, after defendants moved to dismiss the original complaint in December 2001, the plaintiff did not oppose the motion and instead waited *more than eight months* to file an amended complaint in August 2002. Moreover, defendants wrote to Mr. McGinley in January 2002 to memorialize the parties' agreement that discovery would be stayed until the Court ruled on defendants' motion to dismiss. The State then waited *more than a year* before it wrote back to challenge defendants' understanding of the parties' agreement.

Third, Mr. McGinley claims that the statement in our letter to Judge Saris that "'no discovery has taken place yet' in this case" is false. Mr. McGinley, however, selectively quotes this sentence from the letter to Judge Saris. In its entirety, the sentence accurately indicates that "no discovery has taken place yet as the parties are awaiting the entry of a protective order."

Abbott looks forward to resolving the discovery motions before the Court at the upcoming December 11, 2003 hearing.

Sincerely,

R. Christopher Cook

cc: The Honorable Patti B. Saris
    Marlene F. Gibbons, Esq. (via facsimile)
    Sean P. McGinley, Esq. (via facsimile)
    Carte P. Goodwin, Esq. (via facsimile)
    Richard Neely, Esq. (via facsimile)
    John Tinney, Esq. (via facsimile)
    All Counsel of Record in *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civil Action No. 1:01-CV-12257-PBS (via Verilaw)

# JONES DAY

51 LOUISIANA AVENUE, N.W.

WASHINGTON, D.C. 20001-2113

TELEPHONE: (202) 879-3939 • FACSIMILE: (202) 626-1700

Direct Number: (202) 879-3734
rcook@jonesday.com

177138
080024-024270              December 4, 2003

VIA HAND DELIVERY

The Honorable Patti B. Saris
United States District Court
District of Massachusetts
One Courthouse Way, Suite 2300
Boston, Massachusetts 02210

      Re: *In Re: Pharmaceutical Industry Average Wholesale Price Litigation*,
          MDL No. 1456, Civil Action No. 1:01-CV-12257-PBS

Dear Judge Saris:

      In accordance with Case Management Order No. 9 ("CMO 9"), entered on November 17, 2003, I write to advise the Court of a related state court case and to ask the Court to contact the state court judge before he considers the question of coordination at a hearing on December 11, 2003. Please take notice of the following pending state court action that "allege[s] fraud or related violations of law in connection with the pricing of Medicare or Medicaid reimbursed prescription drugs" against Abbott Laboratories, Abbott Laboratories, Inc., and others:

      *The State of West Virginia ex rel. Darrell V. McGraw, Jr., Attorney General v. Warrick Pharmaceuticals Corporation, Schering-Plough Corporation, Dey, Inc., Abbott Laboratories, and Abbott Laboratories, Inc.*, Civil Action No. 01 C 3011, Circuit Court of Kanawha County, West Virginia, Judge James C. Stucky; (304) 357-0364.

      In this action, no discovery has taken place yet as the parties are awaiting the entry of a protective order. The State of West Virginia has filed a motion for the entry of a protective order and has advised defendants that it opposes coordinated discovery. Abbott is filing a motion to coordinate discovery and a response to the State's protective order motion. Abbott is asking the West Virginia court to enter a coordinated discovery order as outlined in CMO 9, to deny the State of West Virginia's motion for a protective order, and to adopt the protective order entered in MDL 1456.

      Although this action and all other related state court actions will be included in a comprehensive list that defendants in MDL 1456 will submit to the Court, Abbott has brought this action to the Court's immediate attention because the West Virginia court is likely to rule soon on the issue of coordination. The State of West Virginia's protective order motion, and

NYI-2099626v3

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MUMBAI • MUNICH • NEW DELHI • NEW YORK
PARIS • PITTSBURGH • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

**JONES DAY**

The Honorable Patti B. Saris
December 4, 2003
Page 2

presumably Abbott's motion to coordinate discovery, are scheduled to be heard by Judge James C. Stucky at 8:30 a.m. on December 11, 2003.

    The contact information for Judge Stucky is as follows:

Honorable James C. Stucky
Kanawha County Courthouse
111 Court Street
Charleston, West Virginia 25328
Phone: 304 357-0364

    Sincerely,

    *Chris Cook*/JPC

    R. Christopher Cook

cc:    All Counsel of Record In Re: Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456, Civil Action No. 1:01-CV-12257-PBS (via Verilaw)
    The Honorable James C. Stucky
    Marlene F. Gibbons, Esq. (via facsimile)
    Sean P. McGinley, Esq. (via facsimile)
    Carte P. Goodwin, Esq. (via facsimile)
    Richard Neely, Esq. (via facsimile)
    John Tinney, Esq. (via facsimile)

## DiTRAPANO, BARRETT & DiPIERO, PLLC

**ATTORNEYS**
RUDOLPH L. Di TRAPANO
JOSHUA I. BARRETT
J. TIMOTHY DiPIERO
LONNIE C. SIMMONS
SEAN P. McGINLEY
MOLLY McGINLEY HAN†
RICHARD S. HAN*†
L. DANTE di TRAPANO‡
LIA Di TRAPANO FAIRLESS‡
‡ Also admitted in GA
† Also admitted in DC
* Also admitted in OR and CO

FRANKLIN S. FRAGALE, JR.
Of Counsel

ATTORNEYS AT LAW
604 VIRGINIA STREET, EAST
CHARLESTON, WEST VIRGINIA 25301
TELEPHONE 304-342-0133
FACSIMILE 304-342-4605

GEORGIA OFFICE
1934 NORTH DRUID HILLS ROAD, SUITE A
ATLANTA, GA 30319
TELEPHONE 404-636-3535
FACSIMILE 404-636-1245

**PARALEGALS**
TIFFANY A. CANFIELD
JUDI K. CANTLEY
SUE COLLIAS
SUE FANNIN
BARBARA REUSCH
LIETTA J. WHITE

December 5, 2003

**VIA HAND DELIVERY**
Honorable James C. Stucky, Judge
Kanawha County Courthouse
111 Court Street
Charleston, WV 25328

      Re:    *State of West Virginia v. Warrick Pharm. Corp. et al.,*
              Circuit Court of Kanawha County Civil Action No. 01 C 3011 (Stucky, J.)

Dear Judge Stucky:

      I am writing in response to the letter sent yesterday, December 4, 2003, by R. Christopher Cook, counsel for Defendants Abbott Laboratories and Abbott Laboratories, Inc. ("Abbott") to the Honorable Patti B. Saris, United States District Court for the District of Massachusetts, and copied to this Court. Mr. Cook's letter misstates the facts and mischaracterizes the procedural posture of this case.

      The State of West Virginia filed this lawsuit in October 2001, over two years ago. The State has made every effort to move the litigation forward in an efficient manner, but at each step has been stonewalled by Defendants' dilatory tactics. Defendants ignore no opportunity to cause further delay, obstruct the orderly progress of this litigation, and burden the State with unnecessary expense. For months, the parties have engaged in negotiation over the terms of a protective order *specifically tailored to this case*. Agreement has been reached on nearly all issues. The State submitted the protective order to the Court for resolution of the last two unresolved issues. Now, despite the extensive discussions that already have taken place and agreement on all but two discreet issues (facts curiously omitted from his letter), Mr. Cook yesterday revealed for the first time that the defendants now intend to disregard all of the agreements reached with the State and intend instead to ask the Court simply "adopt the protective order entered in MDL 1456." If that is so, it appears the meet and confer process was just a ruse and utter waste of time, as defendants apparently had no intention of abiding by the agreements they made during the course of the protective order negotiations.

Disturbingly, Mr. Cook falsely claims in his letter to Judge Saris that "no discovery has taken place yet" in this case. Unequivocally, Mr. Cook's to claim is untrue. The State served document requests and interrogatories on Defendants in January 2002. Defendants have served responses to this discovery (inadequate as they are). Mr. Cook's claim is especially disconcerting considering the fact that, over the past several weeks, the parties have been conferring with respect to the scope and timing of Defendants' imminent document production. Indeed, only yesterday, counsel for Defendant Warrick Pharmaceuticals Corporation ("Warrick") stated that Warrick was prepared to produce 1,000 documents within a week following the Court's entry of a protective order. Similarly, Mr. Cook himself has agreed to promptly produce responsive documents on behalf of Abbott. Mr. Cook's misrepresentation to Judge Saris concerning the status of discovery is inexplicable.

Moreover, it is now too late for Defendants to move, as Mr. Cook's letter announces, for entry of "a coordinated discovery order" on December 11. Rule 6(d)(1) of the *West Virginia Rules of Civil Procedure* requires service of any motion "at least 9 days before the time set by the hearing, if served by mail" and "at least 7 days before the time set for the hearing, if served by hand delivery[.]" Because both allowable time periods exclude week-end days from calculation pursuant to Rule 6(a), the latest date for timely service of the motion was Monday December 1, 2003. Thus, the time for timely serving and filing such a motion passed even before Mr. Cook sent his letter to Judge Saris yesterday, and the State will oppose vigorously any belated filing for which there can be no good cause basis. And although there are numerous reasons why formal coordination can not and should not occur in this case, the State simply has no idea what the legal basis for such a motion possibly could be because defendants haven't filed such a motion.

The State consistently has stated its willingness to cooperate where reasonable with efforts – short of formal coordination – to reduce needless duplication in discovery. Defendants have rejected this reasonable compromise suggestion, demanding instead the State agree to a procedure of long delay and great expense. Unlike the MDL, this case involves only the State of West Virginia as a party plaintiff, concerns damages caused only in this State, and a very limited number of drugs. The issues and parties in the MDL are dramatically broader and different in scope. For example, this case involves only issues related to Medicaid, not Medicare, while the MDL is focused primarily on Medicare issues. The inevitable result of any coordination with the MDL would be delay caused by the numerous additional parties, many more drug manufacturers, and scores of different drugs in the MDL. This delay tactic is evident from Defendants' attempt to shift the burden of locating responsive documents to the State's discovery requests *onto the State* by requesting the State look through the thousands of documents (many that would be nonresponsive to the State's requests) produced in the MDL to find those relevant to West Virginia's case. It is our understanding also that the MDL has stayed certain issues and discovery, another factor that would delay the State's case.

Perhaps the most disturbing aspect of Mr. Cook's letter is his suggestion to Judge Saris that she engage in an *ex parte* discussion with you concerning the State of West Virginia's claims. Suborning such an *ex parte* communication with the Court is inappropriate because it would be contravene Canon 3(7) of the *West Virginia Code of Judicial Conduct*. The State is not a party to the MDL proceeding, has had no input in that litigation, and does not believe that Defendants

should be able to use another court to bid its cause in West Virginia. Indeed, defendants formally tried to remove this case to that MDL already, and that tactic was rejected by the federal district court. Apparently, defendants now seek the same result by encouraging an *ex parte* contact.

The State respectfully submits that Your Honor should view Mr. Cook's letter for what it is: another groundless attempt by Defendants to prevent the State, and the Court, from reaching the merits of this case.

Sincerely,

Sean P. McGinley

cc:  R. Christopher Cook, Esq. (by fax)
     Stephen P. Goodwin, Esq. (by fax)
     Richard F. Neely, Esq. (by fax)
     John H. Tinney, Esq. (by fax)