# HAGENS BERMAN LLP
*Attorneys at Law*

BOSTON   LOS ANGELES   PHOENIX   SEATTLE

hagens-berman.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

STEVE W. BERMAN
(206) 224-9320
steve@hagens-berman.com

December 2, 2003

**<u>Via Hand Delivery</u>**

The Honorable Patti B. Saris
United States District Court
District of Massachusetts
One Courthouse Way, Courtroom 13
Boston, MA  02210

    Re:   <u>In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL 1456</u>
             Discovery of Absent Class Members

Dear Judge Saris:

    As the Court may recall, at the conclusion of the November 21, 2003, hearing on the motions to dismiss the Amended Consolidated Class Action Complaint in the above-referenced action, plaintiffs brought to the Court's attention over 40 "third-party" subpoenas that defendants had recently served in 19 different federal districts. Most of these subpoenas – which are very, very broad – were directed at Health Plans, who are absent members of the putative class. Furthermore, the burden imposed by these subpoenas will in many cases be substantial both as to time and expense.

    More specifically, I advised the Court that plaintiffs would be filing a motion for a protective order and requested that the Court relieve these absent class members of the obligation of gathering documents in response to the subpoenas and providing deposition testimony pending the Court's evaluation of the forthcoming motion. The Court appeared to agree that no discovery of absent class members should proceed, including depositions, until the Court had an opportunity to decide the motion. Accordingly, the Court directed plaintiffs to file the motion on or before December 5th.

    After the hearing, we sent a letter to the subpoenaed parties advising them of the Court's instruction. A copy of one of the letters, which was uniformly drafted for all of the third-parties who received subpoenas, is attached at Exhibit A. In response, yesterday defendants sent their own letters, advising that my letter was "not accurate," that the Court's limitation applied only to depositions, and that these absent class members were

December 2, 2003
Page 2

still under an obligation to search for, gather and provide documents. A representative example of defendants' letters is attached hereto at Exhibit B.

Plaintiffs submit that the Court's instruction was crafted to protect these absent class members from having to respond to *any* discovery – including the gathering, review and production of a very substantial quantity of documents – pending the Court's timely evaluation of plaintiff's Motion for a Protective Order Regarding Subpoenas to Putative Class Members, which plaintiffs are filing today. This interpretation of the Court's comments is certainly consistent with the universally accepted view that courts must determine whether *any* discovery directed at absent class members will be permitted *before such discovery is pursued*. See, e.g., MANUAL FOR COMPLEX LITIGATION, THIRD, § 30.232 at 231 (1995) (discovery of absent class members "should be permitted only to the extent necessary and should be carefully limited to ensure that it serves a legitimate purpose and is not used to harass either the class representatives or the class members.").

In light of this rule, and in light of defendants' precipitous actions, plaintiffs respectfully request that the Court issue an emergency order staying all discovery into absent class members – including the subpoenas that defendants have served on the Health Plans – until the Court has had an opportunity to evaluate and rule on plaintiffs' Motion for a Protective Order. Although plaintiffs believe that defendants' subpoenas are unnecessary and overly broad, if the Court ultimately disagrees and permits some or all of the discovery to proceed, the short delay engendered by careful Court review of the issue will not in any way prejudice defendants. We are sorry to burden Your Honor with this request but believe that defendants' letter leaves us no alternative.

Respectfully,

*Steve W. Berman / cab.*

Steve W. Berman

cc:   All Counsel (via Verilaw)

# Exhibit A




**BOSTON LOS ANGELES PHOENIX SEATTLE**

hagens-berman.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

STEVE W. BERMAN
(206) 224-9320
steve@hagens-berman.com

November 26, 2003

Amerihealth
Administrators
1901 Market Street
Philadelphia, PA 19103

    Re:    In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL
            No. 111456
            Subpoena Served on Your Company

Dear Sir/Madam:

       We, along with other firms, are proposed class counsel in the above-referenced class action that is presently pending before the Honorable Patti B. Saris in the United States District Court for the District of Massachusetts. The proposed classes are generally comprised of (i) all persons or entities who, for purposes other than resale and during the Class Period, paid any portion of the purchase for a prescription drug manufactured by a defendant at a price calculated by reference to the published AWP during the Class Period; and (ii) all third-party payors that, during the Class Period, contracted with a PBM to provide to its participants a prescription drug manufactured by a defendant.

       Certain defendants in this action have served your company with a subpoena for the production of documents and testimony. Because we believe that your organization is a potential class member in this action, we believe that defendants should not have served that subpoena without first obtaining permission from the Court. <u>We brought this to the Court's attention, and the Court has indicated that, at this time, defendants should *not* be demanding from you the production of any of the documents identified in the subpoena.</u>

       The Court has directed us to file a motion for a protective order with regard to these subpoenas on or before December 5, 2003. Until the Court decides the outcome of this motion, your company is under no obligation to produce the information requested in the subpoenas.

1534.16 0042 LTR.DOC

      We will advise you of the Court's decision once it weighs the motion for a protective order. In the interim, please call if you have any questions or concerns.

                        Sincerely,

                        Steve W. Berman

cc:    All Counsel (via Verilaw)

1534.16 0042 LTR.DOC

# Exhibit B



## Patterson, Belknap, Webb & Tyler LLP

1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000
Fax (212) 336-2222

Erik Haas

Direct Phone
(212) 336-2117

Email Address
ehaas@pbwt.com

December 1, 2003

Amerihealth
Administrators
1901 Market Street
Philadelphia, PA 19103

      Re:    **Subpoenas served In re Pharmaceutical Industry Average Wholesale Price Litigation MDL No. 1456, Civil Action: 01-CV-12257-PBS**

Dear Sir/Madam:

      We are writing on behalf of defendants in this litigation in response to plaintiffs' counsel Steve Berman's letter to you of November 26, 2003. In that letter, Mr. Berman asserts that "the Court has indicated that, at this time, defendants should not be demanding from you the production of any documents identified in the subpoena." That is not accurate.

      At the conference last Friday, Judge Saris ruled from the bench that *depositions* should not proceed until she rules on the motion for a protective order plaintiffs represented they intended to make. She did not impose any restrictions on the pending document demands. To be precise, the Judge stated: "It's Thanksgiving. We all should enjoy our families. There shouldn't be any depositions.... A week after Thanksgiving you'll file the motion. You'll have the normal 14 days. There will be no depositions in the interim."

      The fact that depositions are stayed temporarily pending the resolution of a motion plaintiffs may make does not alter your obligation to produce documents in the time frame demanded in the subpoena, or as otherwise agreed upon. As we have informed those subpoena recipients who have contacted us, we are not pressing for depositions until we have received the documents.

      Please feel free to call me if you have any questions or concerns.

Sincerely,

Erik Haas

cc: All Counsel (via Verilaw)