# KLINE & SPECTER
### A PROFESSIONAL CORPORATION

PHILADELPHIA OFFICE:
1525 LOCUST STREET
THE NINETEENTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19102
215-772-1000 TELEPHONE
800-597-9585 TOLL FREE TELEPHONE
215-735-0957 FACSIMILE

NEW JERSEY OFFICE:
KLINE & SPECTER
1800 CHAPEL AVENUE, SUITE 302
CHERRY HILL, NEW JERSEY 08002
856-662-1180 TELEPHONE
856-662-1184 FACSIMILE
CO-MANAGING ATTORNEYS:
ROBERT ROSS AND DONALD E. HAVILAND, JR.

Direct Fax: 215-735-0957

Donald.Haviland@klinespecter.com

December 18, 2003

**VIA FACSIMILE AND FEDERAL EXPRESS OVERNIGHT DELIVERY**

The Honorable Patti B. Saris
**UNITED STATES DISTRICT COURT**
   **FOR THE DISTRICT OF MASSACHUSETTS**
U.S. Courthouse
One Courthouse Way, Suite 2300
Boston, MA 02210

Re: *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456

Dear Judge Saris:

    I am writing about a matter of critical importance that requires this Court's thoughtful consideration and attention.

    On Friday, December 12, 2003, attorney John T. Montgomery of the Ropes & Gray law firm, counsel for Schering-Plough and Warrick Pharmaceuticals Corp. in MDL 1456, wrote to you purporting to fulfill a ministerial duty allegedly compelled by Case Management Order No. 9 ("CMO 9"). Mr. Montgomery's letter invited the Court to contact various state court judges around the country in an effort to have this Court contact those judges with respect to coordinating their proceedings with MDL 1456.

    The problem with Mr. Montgomery's request is it completely overstepped the bounds of legal and ethical propriety by asking this Court, without proper notice or opportunity to be heard to the lawyers or the clients in those cases,[1] to contact two state court judges in cases that have nothing to do with this MDL proceeding: *Walker et al. v. TAP Pharmaceutical Products, Inc., et al.*, Dkt. No.

---

[1] The undersigned counsel only received notice of Mr. Montgomery's letter by virtue of being a subscriber to the Verilaw system through a different case that is pending before this Court and awaiting a decision on remand, *Swanston v. TAP Pharm. Prods., Inc., et al.*; C.A. No.: CV2002-004988. However, no other counsel for plaintiffs in either of these cases received notice of Mr. Montgomery's letter, nor did counsel for defendant Takeda Chemical Industries, Ltd., a defendant not in MDL 1456. It goes without saying that since the lawyers in these cases did not receive notice of the letter, the clients did not either.

**KLINE & SPECTER**

A PROFESSIONAL CORPORATION

Honorable Patti B. Saris
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
December 18, 2003
Page 2

---

CPM-682-01 (Super. Ct. of N.J., Law Div., Cape May County) (pending the New Jersey state court) and *Stetser, et al. v. TAP Pharmaceutical Products Inc., et al.*, No. 1-CV-5268 (New Hanover County, N.C.) (pending in North Carolina state court). As the court may recall from my verbal report at the hearing on October 9th, both of these cases involve <u>certified class actions</u>, a national class action in North Carolina and a state class action in New Jersey, involving solely the prescription drug Lupron®, a drug manufactured, distributed and sold by three companies, TAP Pharmaceutical Products, Inc. ("TAP"), Abbott Laboratories ("Abbott") and Takeda Chemical Industries, Ltd. ("Takeda").

Lupron® is not part of MDL 1456. If fact, both TAP and Takeda were voluntarily dismissed by this Court over a year ago because Lupron® is the subject of the parallel MDL proceeding in this Court, MDL 1430 (*In re Lupron® Marketing and Sales Practices Litigation*) pending before Judge Richard Stearns.

The subject cases have been pending in their respective state courts for more than two (2) years, after having been remanded in the wake defendants' failed attempts to remove them to federal court and to have them transferred to MDL 1430 (*In re Lupron*). The North Carolina and New Jersey courts also previously rejected efforts by counsel in MDL 1430 to have these cases become "Coordinated State Court Cases" pursuant to a parallel order to CMO 9 entered by Judge Stearns in *In re Lupron*. In view of the same, the undersigned are perplexed as to why Mr. Montgomery would seek, through an ex parte application to this Court, to include these two cases in his list of allegedly "related" cases, especially in view of the fact that neither of Mr. Montgomery's clients are defendants in either of these two Lupron® cases. Even more troubling is the fact that, if it was Mr. Montgomery's intent to include in his definition of "related" cases all pending Lupron® state cases throughout the country, he somehow curiously overlooked the six (6) other state court cases pending in the country involving Lupron®, three (3) in California, two (2) in Illinois and one (1) in Texas.

It is clear to the undersigned that the motive of defense counsel in MDL 1456 is to assist defense counsel in both *Walker* and *Stetser* in derailing the proceedings in these properly certified class action cases. These cases are proceeding rapidly toward trial, despite repeated attempts by defense counsel in both *Walker* and *Stetser* to have these cases stayed in favor of MDL proceedings through more than a dozen applications for stays brought in both the trial and appellate courts of these states. Having failed in their efforts to stay the cases, or to slow them down through "coordination" with MDL 1430, it appears that defense counsel's latest strategy is to have this Court accomplish their goals by contacting the state court judges to have them "coordinated" with this massive, slow-moving MDL case.

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

Honorable Patti B. Saris
UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF MASSACHUSETTS
December 18, 2003
Page 3

---

Respectfully, this Court should reject defendants' invitation to contact the state court judges in *Stetser* and *Walker* to have them "coordinate" their efforts with MDL 1456. In the case of *Stetser*, the Honorable Paul L. Jones has established a discovery cut-off of March 8, 2004, and in *Walker*, the Honorable Joseph C. Visalli has indicated that a discovery cut-off of April 15, 2004 may be warranted. The discovery in both of these cases involving Lupron® is winding down, while discovery on MDL 1456 involving eleven (11) drugs other than Lupron® is just beginning. There is absolutely no reason why these cases should be coordinated, other than to cause a delay in two cases proceeding toward trial.[2] For this Court to reach outside the scope of its subject matter jurisdiction over non-Lupron® AWP cases and seek to sweep up these two Lupron® cases into MDL 1456, it would extend far beyond the bounds of the authority vested in the Court by the JPMDL, and it would violate the constitutional due process rights of plaintiffs in these state cases to have their exclusively state law claims timely adjudicated. These cases will represent the first trials of any AWP fraud case in the country, and for this reason, it appears that the pharmaceutical manufacturer defendants are bent on preventing such a result. However, the patients dying from cancer in the *Walker* and *Stetser* classes deserve a final adjudication next year of what Judge Young of this Court, in his criminal sentencing of TAP, described as "a deliberate fraud on the people of the United States" by an admitted criminal felon, TAP, and its two parent companies.

Not only should this Court reject defendants' invitation in the hollow name of "coordination", it should admonish defense counsel for their unseemly litigation tactics, which, in the opinion of the undersigned, have sought to invoke the power of this Court for an improper purpose and to act blindly as a result of defendants having hidden from this Court and the litigants in the potentially affected cases their true motives for their actions.

In view of the foregoing, we would respectfully ask that the Court not contact either of the judges in these state court cases. However, should the Court be inclined to do so for any reason, we would further respectfully ask that you notify the undersigned co-lead counsel for the certified classes in these cases so that any discussion of "coordination" is undertaken in the light of day with a full and fair opportunity for plaintiffs' counsel to be heard as to the merits of such a decision. Should the Court have any questions regarding the contents of this letter, it should feel free to contact the undersigned to discuss the same, or call for an in-person conference or hearing so that these issues may be properly and openly discussed and resolved. As these cases have never been part of any MDL proceeding, there are many other affected counsel representing the plaintiffs and non-MDL defendants in these cases who would not have known about Mr. Montgomery's request but for the fact that the undersigned has a case pending in the MDL and is hereby alerting them by carbon-copy

---

[2]  Judge Jones in *Stetser* has entered a Case Management Order calling for a trial next summer.

**KLINE & SPECTER**

A PROFESSIONAL CORPORATION

Honorable Patti B. Saris
UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF MASSACHUSETTS
December 18, 2003
Page 4

---

of this letter. These counsel and their clients have a right to be heard on any decision by this Court that would affect their state court proceedings.

Lastly, we are forwarding this letter to the judges in both *Stetser* and *Walker* so that they may be properly apprised of what has transpired and so they may be prepared should they receive an unexpected call from this Court. We have worked very hard in both state courts to work out agreed-upon and/or court-approved case management orders affecting the timetable in these cases, and we don't appreciate the fact that defense counsel in these cases have attempted to manipulate the state court proceedings through the power of this Court.[3] We don't believe the state court judges will appreciate defense counsels' efforts either, and we intend to fully explore the appropriate remedy for their actions with the respective state courts when next we appear before them. In the meantime, we appreciate this Court's indulgence and consideration in this matter, and look forward to hearing from the Court as to how it wishes to proceed in light of the foregoing.

Respectfully submitted,

*[signature]*

DONALD E. HAVILAND, JR.
Co-Lead Counsel for Plaintiffs
    and the Classes in *Walker* and *Stetser*

DEH/jn
cc:    All Counsel of Record (via Verilaw)

---

[3] On Monday, December 15, 2003, at a hearing in the *Walker* case, counsel for TAP represented that she was fully aware of what Mr. Montgomery was doing on her behalf, and claimed she to be in the process of sending a letter to both state courts advising them of the same. To date, no such letter has been received.