UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2003 DEC 29  P 4: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 <br> CIVIL ACTION NO. 01-CV-12257-PBS <br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL ACTIONS |  |

### DEFENDANT HOFFMANN-LA ROCHE INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL

On December 23, 2003, Plaintiffs filed a Motion for Leave to File Under Seal an unredacted version of their opposition to Hoffmann-La Roche Inc.'s ("Roche") Motion for a Continued Stay of Discovery. Plaintiffs called on Roche to "show good cause" why the exhibits to plaintiffs' opposition should continue to be redacted or sealed. The documents to which plaintiffs refer, however, are not Roche documents at all, but those of another manufacturer, GlaxoSmithKline. Plaintiffs should have directed their notice to GlaxoSmithKline, rather than obfuscating their lack of evidence as to Roche.[1]

The documents allegedly requiring confidentiality protection are not Roche documents, as plaintiffs should know. Each of the six exhibits referenced in plaintiffs' motion bear the unmistakable GlaxoSmithKline identifier "GSK-MDL." Roche obviously has no authority over the confidentiality designations made by another defendant with regard to its own documents.

---

[1] Counsel for GlaxoSmithKline have informed Roche that it intends to file a separate response to plaintiffs' motion.

Moreover, plaintiffs are well aware that Roche has not produced any documents in this litigation to any plaintiff at any time. Indeed, it is for this very reason that Roche seeks to have discovery stayed as to it pending the Court's ruling on the AMCC.

In what has become a pattern of improper association bordering on attempted obfuscation, plaintiffs once again cite evidence of alleged misconduct relating to a different defendant in an attempt to suggest that Roche was engaged in that same alleged misconduct. In their opposition to Roche's Motion for a Continued Stay, plaintiffs acknowledge the need to make an inferential leap to come to such a conclusion. *See* Opposition at 5. In the present motion, however, plaintiffs baldly and incorrectly describe a different defendant's documents as Roche's documents, and a different defendant's confidentiality designations as Roche's confidentiality designations. Neither attempt is credible.

Respectfully submitted,

Dated: December 29, 2003

_/s/ John Shakow_

Kevin R. Sullivan (*admitted pro hac vice*)
Grace Rodriguez (*admitted pro hac vice*)
John D. Shakow (*admitted pro hac vice*)
KING & SPALDING LLP
1730 Pennsylvania Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

Colleen Hennessey
PEABODY & ARNOLD, LLP
50 Rowes Wharf
Boston, MA 02110
Telephone: (617) 951-2100
Facsimile: (617) 951-2125

Attorneys for Defendant Hoffmann-La Roche Inc.

## CERTIFICATE OF SERVICE

I, John D, Shakow, hereby certify that a true and correct copy of the foregoing Defendant Hoffmann-La Roche Inc.'s Response to Plaintiffs' Motion for Leave to File Under Seal was served upon all counsel of record via Verilaw on December 29, 2003.

John D. Shakow