# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692
TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number: 312-269-4283
larusso@jonesday.com

December 23, 2003

VIA FEDERAL EXPRESS

The Honorable Patti B. Saris
United States District Court
For the District of Massachusetts
U.S. Courthouse
One Courthouse Way, Suite 2300
Boston MA 02210

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456

Dear Judge Saris:

I represent Defendant TAP Pharmaceutical Products Inc. ("TAP") in the above litigation and am writing to address the issues raised in Mr. Haviland's letter of December 18, 2003 relevant to this Court's Case Management Order No. 9 ("CMO 9") which provides procedures for attempting to coordinate discovery activities among the cases included in MDL No. 1456 and state court cases alleging fraud or other violations in connection with the pricing of Medicare and Medicaid reimbursed drugs. As explained more fully within, TAP's counsel understood that they should identify *Stetser, et al. v. TAP Pharmaceutical Products Inc, et al.*, No. 1-CV-5268 (Superior Court, New Hanover County, N.C.) and *Walker v. TAP Pharmaceutical Products Inc, et al.*, No. CPM-682-01 (Superior Court, Law Division, Cape May County, N.J.) under CMO 9 because they relate to the *Swanston v. TAP Pharmaceutical Products Inc., et al.* and *International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca Pharmaceuticals, L.P., et al.* cases pending before this Court, both because of their subject matter and their Plaintiffs' lead counsel.

By way of background to this issue, as Your Honor is aware, the cases brought against TAP that have been transferred to MDL 1456 allege claims based upon alleged marketing and sales practices regarding either or both of TAP's products, Lupron® and Prevacid®. The Amended Master Consolidated Complaint and Complaints filed in *International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca Pharmaceuticals, L.P., et al., Suffolk County v. Abbott Laboratories, et al., County of Westchester v. Abbott Laboratories, et al., County of Rockland v. Abbott Laboratories et al.,* and *State of Montana v. Abbott Laboratories, et al.* allege claims relating to Prevacid®. The Complaint in *Swanston v. TAP Pharmaceutical Products Inc., et al.*, originally brought in Arizona state court by Mr. Haviland as lead counsel and removed and later transferred to this Court, purports to allege claims against TAP relating to Lupron® and Prevacid®. In addition to claims against TAP involving Prevacid®,

CHI-1395100v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MUMBAI • MUNICH • NEW DELHI • NEW YORK
PARIS • PITTSBURGH • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

The Honorable Patti B. Saris
December 23, 2003
Page 2

the Complaint in *International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca Pharmaceuticals, L.P., et al.*, also brought by Mr. Haviland as lead counsel in New Jersey state court and removed and later transferred to this Court, purports to allege claims against AstraZeneca and other manufacturers of products that compete with Lupron® for conspiring to artificially inflate Lupron®'s AWP. The *Stetser* and *Walker* cases were filed by Mr. Haviland as lead counsel in state court where they remain today. Both these cases allege fraud-based claims relating to the pricing of Lupron®. Both the *Walker* and *Stetser* cases include as defendants TAP and its two shareholders, Abbott Laboratories and Takeda Chemical Industries Ltd. The *Stetser* case includes as additional defendants Johnson & Johnson, two of its affiliates and four of the individuals also sued in the *Swanston* case. By letters dated December 12, 2003, I advised the judges to whom the *Stetser* and *Walker* cases are assigned of the identification of those cases under CMO 9. (Copies of my December 12, 2003 letters to Hon. Joseph Visalli and Hon. Paul Jones (without attachments) are attached as Exhibit A.)

It is TAP's understanding that, with the exception of the *Walker* and *Stetser* cases, all other state court Lupron® cases either have been formally identified as "Coordinated State Court Cases" under the Case Management Order entered February 13, 2002 by Judge Stearns in MDL 1430, which provides for coordination of discovery among those cases and the cases consolidated before Judge Stearns, or are currently informally coordinated for discovery purposes by agreement among Plaintiffs' counsel. (A copy of Judge Stearns's Case Management Order is attached as Exhibit B.) Due to existing coordination between the remaining Lupron® state court cases and MDL 1430, and the significant overlap in MDL 1430 and MDL 1456 lead and liaison counsel, we did not identify those cases pursuant to CMO 9. We will certainly supply information relating to those cases should this Court wish us to do so.

Although the judge to whom the *Walker* case is assigned has entered two Case Management Orders providing that, where practicable, discovery in *Walker* should be coordinated with discovery in MDL 1430, Plaintiff's counsel in *Walker* has refused to coordinate nearly all depositions taken by Plaintiff in that case. (Copies of the *Walker* Case Management Orders are attached as Exhibit C.) Since entry of the second *Walker* Case Management Order, Mr. Haviland has sought to avoid the coordination required in *Walker* by noticing depositions of TAP employees only in the *Stetser* case. Mr. Haviland has refused to agree to coordinate discovery between MDL 1430 and the *Stetser* case.

Mr. Haviland has, however, continued to invite counsel for all of the many corporate Defendants in *Swanston*, pending before this Court, to attend depositions of TAP witnesses he has taken for purposes of the *Swanston*, *Walker* and *Stetser* cases. (*See, e.g.*, correspondence attached as Exhibit D.) On TAP's part, we have insisted that Mr. Haviland not be permitted to redepose TAP witnesses whose depositions he has noticed in fewer than all four of his cases against TAP. Based in part upon these depositions of TAP witnesses, however, Mr. Haviland moved to vacate the Conditional Transfer Order from the JPML transferring *Swanston* to this Court, arguing that discovery by Plaintiffs already has proceeded substantially. (*See* Plaintiff's

CHI-1395100v1

**JONES DAY**

The Honorable Patti B. Saris
December 23, 2003
Page 3

Reply in Support of Motion to Vacate Conditional Transfer Order, attached as Exhibit E (as served by Plaintiff), at p. 9.)

Finally, Mr. Montgomery, counsel for Schering Plough and Warrick Pharmacy, who provided to Your Honor on behalf of all Defendants the list of related cases required by CMO 9, had no involvement in identifying such cases filed against Defendant TAP. Rather, counsel for TAP identified the cases they believed should be included on the list provided to the Court by Mr. Montgomery.

Should the Court desire additional information relating to the issues raised in Mr. Haviland's December 18, 2003 letter, please let me know.

Respectfully submitted,

*Lee Ann Russo*

Lee Ann Russo

cc: Honorable Richard G. Stearns (Via Federal Express)
Honorable Paul L. Jones (Via Federal Express)
Honorable Joseph C. Visalli, J.S.C. (Via Federal Express)
Daniel E. Reidy, Esq. (Via Federal Express)
Joseph R. Savage, Esq. (Via Federal Express)
Donald E. Haviland, Esq. (Via Federal Express)
J. Donald Cowan, Esq. (Via Federal Express)
Anne M. Patterson (Via Federal Express)
John T. Montgomery (Via Federal Express)

CHI-1395100v1