UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

----------------------------------------x
:
In Re: PHARMACEUTICAL INDUSTRY          :
AVERAGE WHOLESALE PRICE                 :
LITIGATION                              :   MDL NO. 1456
                                        :
THIS DOCUMENT RELATES TO                :   Master File No. 01-CV-12257-PBS
                                        :
*State of Montana v. Abbott Labs., Inc., et al.*, 02-  :   **Judge Patti B. Saris**
CV-12084-PBS                            :
                                        :
*State of Nevada v. American Home Prods. Corp.,*  :
*et al.*, 02-CV-12086-PBS               :
----------------------------------------x

### DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF SUPPLEMENTAL JURISDICTION

At the December 12, 2003, hearing on the motions to dismiss the Nevada and Montana complaints, the Court asked the parties whether they would support the exercise of supplemental jurisdiction over the AWP-based claims should the Court rule that the Medicaid Best Price claims are preempted. Since that hearing, Nevada and Montana have stated that they would support the exercise of supplemental jurisdiction over the AWP-based state law claims. The defendants in the Nevada and Montana cases do as well, as the supplemental jurisdiction factors weigh strongly in favor of keeping the cases.

#### ARGUMENT

As the Court recognized at the December 12 hearing, dismissal of the Medicaid Best Price claims would not necessarily divest this Court of jurisdiction over the non-federal AWP-based claims. Instead, in appropriate circumstances, "a federal court may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims." *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 257 (1st Cir. 1996). Applying

this analysis here, considerations of "judicial economy," "fairness," and "convenience" strongly support keeping and coordinating these cases with other similar cases in MDL 1456. *See Roche*, 81 F.3d at 256-57. In addition, the Court should exercise supplemental jurisdiction over the state law claims because they are closely tied to questions of federal law and policy. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1966).

### A. Exercising Supplemental Jurisdiction Over the AWP-Based Claims Would Serve Judicial Economy, Convenience of the Parties, and Fairness to the Litigants

The very nature of a consolidated MDL proceeding is to further the interests of "judicial economy," "convenience," and "fairness" by having one court coordinate pre-trial matters and resolve common issues. *See* 28 U.S.C. § 1407. These same interests support supplemental jurisdiction in an MDL proceeding even when the foundational federal claims have been dismissed and all that remain are state law claims. *See In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 19 F. Supp. 2d 263, 269-70 (D.N.J. 1998) (exercising supplemental jurisdiction over state law claims in action transferred to multidistrict litigation even though all federal claims were dismissed); *see also In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Practice Litig.*, 105 F. Supp. 2d 1037, 1043 (D. Minn. 2000) (exercising supplemental jurisdiction over state law claims in multidistrict litigation because they involved common issues with federal claims and remanding state law claims would lead to duplication of judicial resources and the possibility of inconsistent results).

The *Ford Motor Co.* case is particularly instructive. In that case, the court dismissed the federal claims in a consolidated action early in the proceedings, leaving only state law claims. 19 F. Supp. 2d at 269-70. The court nevertheless found that the values of economy, convenience and fairness -- the same factors that the JPML weighed in transferring the case to the district court -- "unquestionably" favored supplemental jurisdiction:

2

> It is a tautology that it is more convenient for the parties to conduct pretrial proceedings before one court, in which discovery can be coordinated, and issues common to each case can be resolved in a consolidated fashion.

*Id.*; *see also Williams-Ward*, 908 F. Supp. at 52 (interests of judicial economy, convenience, fairness and comity weighed in favor of retaining supplemental jurisdiction over state law claims, even where plaintiff voluntarily waived her federal claims). Numerous other courts have retained supplemental jurisdiction over state law claims following dismissal of federal claims, especially where the Court was already familiar with the issues in the case. *See, e.g., Pedraza v. Holiday Housewares, Inc.*, 203 F.R.D. 40, 44-45 (D. Mass. 2001) (allowing plaintiffs to amend complaint to eliminate federal claims, but retaining supplemental jurisdiction over state law claims where court was already familiar with the issues); *Allied Inv. Corp. v. KPMG Peat Marwick*, 872 F. Supp. 1076 (D. Me. 1995) (same).

As in *Ford Motor Co.*, the factors of economy, convenience, and fairness support supplemental jurisdiction in this case, even if the Medicaid Best Price are dismissed. First, the AWP-based claims asserted under state law in the Nevada and Montana actions involve substantially similar facts and legal issues to the AWP-based claims in the private plaintiff cases currently before the Court. Indeed, many of the allegations in the Nevada and Montana complaints are word-for-word identical to those made in the MDL AMCC. *Compare* Nevada and Montana Cplts. ¶¶ 10 ("Thus, in a perversion of the type of competitive behavior expected in a market not subject to illegal manipulation, defendants often promote their drugs not based on lower prices, but by the use of reimbursement rates based on a fictitious and inflated AWP that allows purchasers and intermediaries to make inflated profits -- and defendants to increase their market share -- at the expense of various reimbursement programs and Patients") *with* AMCC ¶ 6 (same). It would certainly undermine judicial economy to remand these cases after this Court

3

has already consolidated before it dozens of other AWP cases involving substantially similar issues and claims. Second, litigating these AWP claims in this Court reduces the risk of conflicting decisions on issues of national importance involving the meaning of "AWP". *See Irwin v. Calhoun*, 522 F. Supp. 576, 584 (D. Mass. 1981) (exercising supplemental jurisdiction over state law claims because, *inter alia*, conducting proceedings in both federal and state courts posed danger of conflicting outcomes). Third, retaining jurisdiction of these actions would reduce the overall commitment of judicial resources to the resolution of the AWP-based actions by having one court coordinating these cases. *See Kirton v. Summit Med Ctr.*, 982 F. Supp. 1381, 1389 (N.D. Cal. 1997) (exercising supplemental jurisdiction over state law claim despite dismissal of federal claims where judicial economy and convenience favored having all claims determined by one court). Fourth, the Court is already familiar with the facts and issues involved in the AWP-based claims. *See New York Trans., Inc. v. Naples Trans. Inc.*, 116 F. Supp. 2d 382, 390 (E.D.N.Y. 2000) (exercising supplemental jurisdiction over state law claims despite dismissal of sole federal claim given the court's familiarity with the issues involved). Fifth, retaining jurisdiction over these cases would serve the convenience of the parties by allowing for coordinated and consolidated pretrial discovery and motion practice. *See Ford Motor Co.*, 19 F. Supp. 2d at 270. Indeed, counsel for Nevada and Montana is also the lead counsel for the MDL plaintiffs, and all parties in the Nevada and Montana actions have expressed a desire to remain before this Court.

**B.     The AWP-Based Claims Are Closely Tied to Questions of Federal Policy And Involve Complex Questions of Federal Law**

The Court should also retain jurisdiction over these cases because the state law AWP-based claims are closely tied to questions of federal policy. *Gibbs*, 383 U.S. at 727 (it is appropriate to exercise supplemental jurisdiction over state law claims when they are closely tied

4

to questions of federal policy). Even absent the Medicaid Best Price claims, the remaining AWP-based claims raise important issues of federal law and policy. As the Court knows, the system for both Medicare and Medicaid reimbursement is governed by a complex and comprehensive federal regulatory scheme that is administered by a federal agency. *See* 42 U.S.C. § 1395u(o) (1997); 42 C.F.R. § 405.517; *see also* 42 C.F.R. § 447.331 (federal Medicaid drug reimbursement rules). The AWP-based claims in these actions require the Court to examine and interpret these complex federal reimbursement provisions and regulatory history. Indeed, as the Court pointed out in addressing the State of Minnesota's motion to remand, an "essential element" of the AWP-based claims is "proof of a discrepancy between the AWPs reported by [defendants] and the meaning of AWP under the [federal] Medicare statute." *Montana v. Abbott Laboratories, Inc.*, 266 F. Supp. 2d 250, 255 (D. Mass. 2003).

## CONCLUSION

For the foregoing reasons, the Court should exercise supplemental jurisdiction over the AWP-based claims in the event that the Medicaid Best Price claims are dismissed.

Respectfully submitted,

**ON BEHALF OF DEFENDANTS
IN THE ABOVE-CAPTIONED ACTIONS,**

BY: _____

Geoffrey Hobart
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
Tel: (617) 854-1419
Fax: (617) 523-6850

Mark H. Lynch
Ethan M. Posner
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 662-5544
Fax: (202) 778-5544

Frederick G. Herold
Dechert LLP
975 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 813-4930
Fax: (650) 813-4848
(Member of Pennsylvania Bar; admission to
California Bar pending)

DATE: January 5, 2003

*Counsel for SmithKline Beecham Corp.,
d/b/a GlaxoSmithKline*

6

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2004, I caused a true and correct copy of this Supplemental Brief in Support of Supplemental Jurisdiction to be served on all counsel by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL No. 1456.

Geoffrey E. Hobart