UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) |
| | ) |
| THIS DOCUMENT RELATES TO: Swanston v. TAP Pharmaceutical Products, Inc. et al. | ) ) ) ) ) |

MDL NO. 1456

Civil Action No. 01-12257-PBS

**MEMORANDUM AND ORDER**

January 9, 2004

Saris, U.S.D.J.

## I.  INTRODUCTION

Plaintiff originally filed this lawsuit in Maricopa County, Arizona on March 18, 2002 seeking to recover damages for overcharges paid by patients for prescription drugs as a result of an alleged conspiracy to market and sell the drugs at inflated prices.  Plaintiff initially named ten pharmaceutical company defendants and twenty individual defendants, and subsequently filed subsequent amended complaints, on June 28, 2002, and December 20, 2002, adding several additional corporate defendants, including GlaxoSmithKline, P.L.C. ("GSK").  On January 10, 2003, GSK filed a Notice of Removal.

Relying on the Rule of Unanimity, plaintiff moves to remand this case on the ground that the case was improperly removed to federal court because not all defendants consented to removal.

Defendants respond that removal is appropriate because G.D. Searle & Co., Inc. ("Searle"), the defendant that failed to consent, was misnamed on the summons and, therefore, not properly served.  After hearing and supplemental briefing, the motion to remand is **ALLOWED**.

## II.  DISCUSSION

### A.  Rule of Unanimity

In cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition. See Montana v. Abbott Labs., 266 F. Supp. 2d 250, 260 (D. Mass. 2003) (citing Lapides v. Board of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 620 (2002)).  This rule of unanimity requires that all defendants file their notice of removal or consent to removal within thirty days of being served, and failure to do so is a ground for remand.  Id. at 260.  While some courts have construed § 1446(b) to require that the consent to removal be in writing, see Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988), most courts have held more generally that the rule of unanimity requires that each defendant's consent "be manifested clearly and unambiguously to the Court within the statutorily prescribed thirty days." Sansone v. Morton Machine Works, Inc., 188 F. Supp. 2d 182, 184 (D.R.I. 2002) (collecting cases and finding that "overwhelming

weight of authority requir[es] that each defendant independently notify the court of its consent").

Plaintiff argues that the case must be remanded to state court regardless of Searle's lack of consent.  Under the so-called "first-served defendant rule," a later-served defendant has no ability to remove the case to federal court if the thirty-day period has run with respect to an earlier-served defendant. See Getty Oil Corp., 841 F.2d at 1262-63 ("In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served . . . . "); Brown v. Demco, Inc., 792 F.2d 478, 483 (5th Cir. 1986) (holding that the unfairness of allowing defendants to remove after litigating for years in state court outweighs any unfairness in depriving later-served defendant of opportunity to remove).

Defendants urge the Court to adopt the "last-served defendant rule," under which the last-served defendant has thirty days from the date of service on it to file a notice of removal with the unanimous consent of its co-defendants, even though the previously-served co-defendants did not file a notice of removal within thirty days of service on them.  Marano Enters. v. Z-Teca Rests., 254 F.3d 753, 757 (8th Cir. 2001); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999) ("If Congress had intended the 30-day removal period to commence upon service of the first defendant, it could have easily so

3

provided.").

The First Circuit has not adopted either rule.  This Court need not adopt one either, for even under last-served defendant rule, the case must be remanded because not all defendants have consented to GSK's removal petition within thirty days.  No court applying the last-served rule has eviscerated the requirement of unanimous consent by all defendants in the case.

**B.  G.D. Searle**

Conceding that Searle did not  notify the Court of its consent to removal, defendants argue that Searle's consent is unnecessary as Searle was not properly served with process, having been misnamed in the summons.[1]  See Abbott Labs., 266 F. Supp. 2d at 260 ("[A]ll defendants *who have been served* must join or assent in the removal petition.") (emphasis added).

The record demonstrates that on January 3, 2003, Searle was served with a summons that named another defendant, Hoechst Marion Roussel, Inc., although the caption of the summons named both Searle and Hoescht Marion Roussel.  The record indicates that Senior Administrative Assistant Cheryl L. Carr accepted service of the second amended complaint on behalf of Searle on January 3, 2003, at Searle's offices in Skokie, Illinois.  The

---

[1]     This argument was raised for the first time in a post-hearing supplemental brief.  The defendants have apparently abandoned their initial arguments that Searle was defunct and/or that it had orally consented.

case caption on the complaint listing all defendants includes

Searle, and the complaint specifically refers to Searle several

times.

Plaintiffs served the second amended complaint a second time

on February 25, 2003.  A package containing a summons directed to

G.D. Searle & Company as well as a copy of the second amended

complaint was delivered to a security guard working at the

building located at 5200 Old Orchard Road, Skokie, Illinois,

60077, where Searle maintains its principal place of business.

The security guard, who was employed by an independent security

contractor, was not authorized to accept service on behalf of

Searle.  The security guard then delivered the package to the

legal department of Pharmacia in that building.  Pharmacia is the

former corporate parent company of Searle.  Searle has never

contested service, and joined in an opposition in the MDL

proceedings to plaintiffs' motion to vacate conditional transfer

(Order No. 7).

The disputed issue before the Court is whether the thirty-

day deadline for consent to removal began to run on January 3,

when the complaint and summons were served, despite the misnomer

in the summons.  The adequacy of service on February 25, 2003 is

not directly relevant because it was made after GSK filed notice

of removal.

The removal statute requires that "the notice of removal of

a civil action or proceeding shall be filed within thirty days

after the receipt by the defendant, <u>through service or otherwise</u>,

of a copy of the initial pleading setting forth the claim for

relief upon which such action or proceeding is based . . . ."  28

U.S.C. § 1446(b) (emphasis added).  The Supreme Court has

clarified the meaning of the term "through service or otherwise,"

by holding that the 30-day removal period does not begin to run

until a defendant is formally served with the complaint.  In

<u>Murphy Brothers v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344

(1999), it held, "[A] named defendant's time to remove is

triggered by simultaneous service of the summons and complaint,

or receipt of the complaint 'through service or otherwise,' after

and apart from service, but not by mere receipt of the complaint

unattended by formal process."  <u>Id.</u> at 347-48 (involving a

plaintiff who filed a complaint in state court and faxed a

courtesy copy of the filed complaint to the defendant but did not

serve the complaint until fourteen days later).  The Supreme

Court has emphasized that formal rights and obligations attach

only when a party is served with process.  "[O]ne becomes a party

officially, and is required to take action in that capacity, only

upon the service of summons or other authority-asserting measure

stating the time within which the party served must appear and

defend."  <u>Id.</u> at 350.  <u>See</u> Fed. R. Civ. P. 4(a) (the summons

shall "state the time within which the defendant must appear and

defend and notify the defendant that failure to do so will result in a judgment by default against the defendant").

## C.  Arizona State Law

After Murphy Brothers, proper service of process under state law is required to trigger a defendant's removal obligations. T.E. Constr. Specialties, Inc., v. Vista Benefits, Inc., 2003 WL 22259075, at *3 (W.D. Tex. Sept. 23, 2003) (construing state law to conclude that service of process was sufficient to invoke thirty-day removal deadline); 14C Wright, Miller & Cooper, Federal Practice & Procedure § 3732 (2003 Supplement) ("[G]iven the Supreme Court's rejection of the Fifth and Seventh Circuit's rules regarding the triggering mechanism for the removal period, state law must now be followed for formal service of process to protect defendants' interests.").  "In determining the validity of service prior to removal, a federal court must apply the law of the state under which the service was made."  Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 (7th Cir. 2001) (citation omitted).  Therefore, Arizona law applies in this case.  See 16 Ariz. Rev. Stat. Rules of Civil Procedure 4.2(h) (governing service of summons upon corporations located outside Arizona but within United States), 4.1(k).

The defendants do not challenge formal service of process under Arizona law except with respect to the misnaming of Searle on the summons.  The Court may allow amendment of process at any

time "unless it clearly appears that material prejudice would

result to the substantial rights of the party against whom the

process issued."  16 Ariz. Rev. Stat. Rule of Civil Procedure

4(h).  While there is a paucity of Arizona law regarding misnomer

in a summons, and the parties have not briefed the point, it has

long been the rule in Arizona that technical defects in a summons

will not vitiate the proceedings so long as a litigant is not

misled.  See Mosher v. Wayland, 62 Ariz. 498, 503, 158 P.2d 654,

656 (1945) (involving an error in designated court in which an

action is brought).  See also Ill. Comp. Stat. 5/2-401(b)

(1994);[2] Borg v. Chicago Zoological Soc'y, 256 Ill. App. 3d 931,

934, 628 N.E.2d 306, 308 (1993) ("The pivotal determination is

whether plaintiff actually serves the real party in interest with

a copy of the complaint and summons, within the time limits

allowed by law, so that actual notice of the complaint has been

lodged against it and notice of the need to respond has been

given to the party in interest, albeit incorrectly named.").

   As a general rule of federal law, the misnomer of a

---

[2]

§ 2-401.  Designation of parties – Misnomer.

(a) The party commencing an action shall be called the
plaintiff.  The adverse party shall be called the
defendant.

(b) Misnomer of a party is not a ground for dismissal
but the name of any party may be corrected at any time,
before or after judgment, on motion, upon any terms and
proof that the court requires.

corporation in a summons is immaterial if it appears that the

corporation could not have been, or was not misled.  Morrel v.

Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 223-24 (4th Cir.

1999) ("[S]ervice of process is not legally defective simply

because the complaint misnames the defendant in some

insignificant way.").  Technical defects in the form of the

summons and the complaint do not invalidate an otherwise proper

and successful delivery of process under Fed. R. Civ. P. 4.  Mid-

Continent Wood Prods., Inc. v. Harris, 936 F.2d 297, 301 (7th

Cir. 1991) (citing United Food & Commercial Workers Union v.

Alpha Beta Co., 736 F.2d 1371 (9th Cir. 1984)).  In other

contexts, federal courts have determined that a technical defect

in the service of process does not invalidate the service where

the plaintiff has substantially complied with the appropriate

state-law rule.  Norsyn, Inc. v. Desai, 2003 WL 22901019, at *4

(8th Cir. Oct. 23, 2003) (holding that there was no duty to

answer a complaint after removal, but pointing out that South

Dakota law will excuse a technical defect in the service of

process where a plaintiff has otherwise substantially complied

with the appropriate rule); Freeman v. Freeman, 2002 WL 539061,

at *1 n.1 (D. Kan. Mar. 18, 2002) (denying a motion to remand on

the ground that any defects in service were technical).  Medical

Graphics Corp. v. Compumedics Sleep Pty, Ltd., 2001 WL 1454026,

at *2 (D. Minn. Nov. 15, 2001) (under Minnesota law, holding that

misnomer in summons was a technical defect which did not justify

dismissal because misnamed party could not demonstrate actual

prejudice).

Given this near-uniform flexible approach to misnomers in

the caselaw, I conclude that formal service of process was

effected under Arizona law on January 3, 2003.  This formal

service of the summons and complaint provided Searle with actual

notice that it was a named defendant in the lawsuit, and that it

had to appear and defend, triggering the thirty-day period for

consent to removal.  Any defect in the summons was technical.

There was no evidence of any prejudice or confusion by the

misnomer.  Indeed, it was not even asserted as a ground for

removal until the other options proved fruitless.  Because Searle

did not consent to removal, defendants do not demonstrate

compliance with the rule of unanimity, and remand is required.

### III.  ORDER

The Court **ALLOWS** the motion to remand (Docket No. 64 in

Swanston v. Tap Pharmaceutical Products, Inc., No. 2:03-CV-00062

(D. Ariz.)).


                                        S/PATTI B. SARIS
                                   UNITED STATES DISTRICT JUDGE