UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL No. 1456 ) ) CIVIL ACTION: 01-CV-12257 PBS ) |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) Judge Patti B. Saris ) |

**LEAD CLASS COUNSELS' RESPONSE AND OPPOSITION TO PLAINTIFF ROBERT J. SWANSTON'S MOTION TO COMPEL ACCESS TO MDL PLAINTIFFS' DOCUMENT DEPOSITORY AND/OR TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANTS, AND FOR SANCTIONS**

Lead Counsel Committee and Liaison Class Counsel in the above-captioned matter (hereafter "Lead Counsel") hereby respond to and oppose Plaintiff Robert J. Swanston's ("*Swanston's*") Motion to Compel Access to MDL Plaintiffs' Document Depository and/or Compel Production of Documents by Defendants, and For Sanctions (the "Motion") to the extent the Motion is directed at Lead Counsel or would force Lead Counsel to give unfettered access to attorneys for *Swanston* to the documents in Plaintiffs' document depository. Lead Counsel takes no position with respect to that portion of the Motion directed toward Defendants.

## I. INTRODUCTION

The Motion misrepresents Lead Counsel's actions with respect to counsel for *Swanston*, ignores Case Management Orders entered by this Court and seeks to defeat the efficiencies contemplated by the creation of an MDL in this matter and the appointment of Lead Counsel in the case. The Motion should be denied.

Pursuant to Case Management Order No. 1, Lead Counsel have been appointed to conduct discovery with respect to each of the class action claims transferred to this Court

as part of MDL 1456, which currently include the claims in *Swanston*. Lead Counsel are conducting discovery in an efficient manner, and we are mindful not to duplicate effort by both Plaintiffs and Defendants.

Lead Counsel invited counsel for *Swanston* to participate in a collaborative effort to review Defendants' documents, as it has with all class counsel in MDL 1456. Counsel for *Swanston* was the only law firm that rejected the offer, and they now misrepresent to this Court both that Lead Counsel have wrongly refused access to documents, but also that somehow Lead Counsel have made access to such documents contingent upon *Swanston's* agreement to abandon his right to seek remand of his case. *See* Motion at p. 2. No such conditions were placed on Lead Counsel's invitation to counsel for *Swanston* to participate in coordinated discovery in MDL 1456.

In addition to their responsibility to coordinate discovery amongst all class counsel in the MDL, Lead Counsel also agreed to coordinate discovery with government entity plaintiffs in MDL 1456, and to coordinate discovery with any pending state court case that is subsequently designated a "Coordinated State Court Case" pursuant to the provisions of CMO No. 9. Lead Counsel have complied, and will continue to comply, with these obligations.

However, *Swanston* is neither a government entity plaintiff in MDL 1456 or a Coordinated State Court Case. *Swanston* is currently a class action claim pending in MDL 1456 and as such discovery in *Swanston* is to be coordinated by and through Lead Counsel in the manner Lead Counsel finds most efficient. Allowing each plaintiff's counsel to conduct its own uncoordinated discovery process defeats the very efficiencies contemplated by the creation of an MDL.

Lead Counsel are befuddled by the actions of counsel in *Swanston*. In addition to the current motions, counsel in *Swanston* is attempting to set up a separate discovery plan in conflict with this Court's Orders as well as agreements already established between Lead Counsel and each Defendant. Accordingly, Lead Counsel request that counsel for *Swanston* be instructed to fully abide by this Court's Orders and the discovery process established by Lead Counsel.

## II. BACKGROUND

*Swanston* was originally filed in March 2002 in Maricopa County, Arizona as a case related only to the drug Lupron. After Lead Counsel filed the MCC in this action in September 2002, *Swanston* counsel filed the Second Amended Complaint in that case in December 20, 2002, in order to mirror the allegations made in the MCC with respect to the illegal scheme by multiple Defendants to artificially and unlawfully inflate the AWP of their products. Swanston was subsequently removed to federal court in Arizona on January 13, 2003 and by motion of Defendant GSK to the Judicial Panel on Mutlidistrict Litigation ("JPML"), was transferred as a "tag along" action to this Court on June 13, 2003. Swanston filed a motion to remand on June 21, 2003 that has been fully briefed. The Court heard oral argument on that motion on October 9, 2003.

On October 24, 2003 counsel for Swanston contacted Lead Counsel by letter asking for access to all documents produced by Defendants to date in MDL 1456. At the time Lead Counsel was organizing the details of a further review of discovery materials and trying to determine the most efficient manner of proceeding with an orderly but comprehensive document review given both the number of documents and the number of plaintiffs class counsel involved.

On November 6, 2003 counsel for *Swanston* reiterated their request. Once Lead Counsel had determined the most effective and efficient method of review of discovery materials, and how all class counsel could participate cooperatively in that process, Lead Counsel responded by letter and by telephone inviting counsel for Swanston, as class counsel in MDL 1456, to participate in that review. *See* Letter from Thomas M. Sobol to Donald E. Haviland, attached to Motion as Exhibit Q. Lead Counsel indicated to counsel for *Swanston* that as a class action case pending in MDL 1456, *Swanston* was "subject to the various case management orders" in the MDL, that *Swanston* counsel was welcome to participate in the coordinated discovery organized by Lead Counsel and that although Proposed Case Management Order No. 9 contemplates "informal discovery coordination agreement with various state court cases," *Swanston* was not then, nor is it now, pending in state court. No conditions were set by Lead Counsel for *Swanston's* participation in discovery review and no suggestion was made to counsel for *Swanston* that such participation was contingent upon his agreement to abandon efforts to have the case remanded.

On November 17, 2003 counsel for *Swanston* replied and rejected any coordination of discovery with other plaintiffs in the MDL. See Motion, Exhibit R. Without seeking to further communicate with Lead Counsel concerning these issues, and certainly without complying with Local Rule 37.1 in an attempt to narrow the issues before the Court[1], counsel for Swanston filed the instant Motion seeking access to all documents produced by Defendants in the MDL and sanctions, in part, against Lead Counsel.

---

[1] The Motion fails to comply with Local Rule 37.1 in that it neither indicates whether a discovery conference was held or the reason why one was not held. In fact, no certification with respect to Local Rule 37.1 is included anywhere in the Motion.

4

### III.   ARGUMENT

A.   <u>Swanston is a Class Case Pending in MDL 1456 and is Consolidated For Pre-trial Proceedings Under the Direction of Lead Counsel</u>

Case Management Order No. 1 ("CMO 1") entered on June 14, 2002 consolidated each of the class actions then pending in MDL 1456 and by its terms applies to each class case subsequently filed or transferred into MDL 1456. CMO 1 at ¶6. Section IV of CMO 1, as later amended, established both Liaison Counsel and a Lead Counsel Committee for all class plaintiffs in the MDL. Lead Counsel Committee was granted "sole authority over . . .the scope, order and conduct of all discovery proceedings . . ." as well as the responsibility to make "such work assignments to other Plaintiffs' counsel as they deem appropriate." CMO 1 at ¶ 12. Furthermore, CMO 1 directs that Lead Counsel "shall have responsibility for major decisions on behalf of Plaintiffs' counsel regarding the overall prosecution of the Consolidated Actions and shall be responsible for the establishment of working committees for the efficient prosecution of the litigation and the appointment of chair persons and members of such committees." *Id.*

Appointment of lead and liaison counsel in large complex litigation such as MDL 1456 is recognized as an essential tool in the Court's efforts to streamline pre-trial proceedings and to eliminate waste and inefficiency in complex matters. See *Manual for Complex Litigation* (3d ed.) §20.221. The JPML has long recognized that "one of the purposes of coordinating or consolidating pretrial proceedings is to streamline the efforts of the parties and witnesses, their counsel and the judiciary in order to effectuate an overall savings of costs and a minimum of inconvenience to all concerned." *In re Nissan Motor Corp. Antitrust Litigation*, 385 F. Supp. 1253 (J.P.M.L. 1974) judgment aff'd, 577 F.2d 910 (5th Cir. 1978).

*Swanston* is, by the terms of CMO 1, currently consolidated for pre-trial purposes with the other class cases that have been transferred to MDL 1456. Until such time as the Court decides to remand *Swanston*, the claims in *Swanston* should be managed, for pre-trial purposes, by Lead Counsel, in consultation with other plaintiffs' counsel, including counsel for *Swanston*. This includes coordination of discovery efforts, and document review, in the manner designated by Lead Counsel.

Lead Counsel has not sought to exclude *Swanston* counsel from this process. To the contrary they have explicitly invited *Swanston* counsel to participate as they have invited the all other Plaintiffs' class counsel to participate. *Swanston's* counsel apparently believes that each of the dozen different plaintiff law firms in this MDL can run the case however they wish. In contrast, a coordinated discovery review of Lead Counsel believe this is the most efficient means of conducting review of discovery in the case. Currently, there are dozens of lawyers about twelve (12) Plaintiffs' firms in MDL 1456 reviewing documents in three separate locations throughout the country, and other plaintiffs' class counsel have committed to participate in the review of documents as they are produced by Defendants and other third parties. No other Plaintiffs' counsel in any of the separate class cases transferred to MDL 1456 have objected to this process, refused to participate or demanded their own independent discovery process. Allowing each plaintiff's counsel in the MDL to spend the time and money to duplicate and independently review the millions of pages of documents produced, or to be produced, in this matter is inefficient, wasteful, and defeats the very purpose of having an MDL proceeding.

B.  Case Management Order No. 9 Does Not Concern *Swanston*

On November 17, 2003 this court entered Case Management Order No. 9 ("CMO 9"). The terms of CMO 9 were agreed to by Lead Counsel and Defendants and submitted to the Court as an agreed upon order. CMO 9 reiterates Lead Counsel's responsibility to coordinate discovery for class plaintiffs in the MDL and assigns to Lead Counsel the additional responsibility of coordinating discovery "with all plaintiffs in cases brought by government entities, and with any private opt out plaintiffs should any emerge." CMO 9 at ¶1. CMO 9 also sets forth a procedure whereby related state court proceedings may, at the election of each State Court, designate those state cases "Coordinated State Court Cases" and order that the parties in the state cases coordinate discovery with the discovery proceedings in MDL 1456. *Id.* at ¶¶ 1-3.

Nowhere does the Court order by virtue of CMO 9, as Swanston contends in his Motion, that *Swanston* "is entitled to the discovery available to other plaintiffs in the MDL proceedings." Motion at p. 9. *Swanston* is neither a case brought by a government entity nor a Coordinated State Court Case. The fact that Defendants may have identified counsel for Swanston's other state cases related to the drug Lupron as a case related to MDL 1456 does not entitle *Swanston* to sidestep the coordinated discovery efforts being overseen by Lead Counsel in MDL 1456.

## IV.  CONCLUSION

Lead Counsel has acted fairly and appropriately when dealing with counsel for *Swanston*. Lead Counsel take their obligations to other plaintiffs counsel seriously as they do their responsibility to streamline the discovery process in this complex matter and avoid unnecessary and duplicative effort on behalf of all parties, not the least of which amongst plaintiffs' counsel.

The Motion is unfounded as it related to Lead Counsel and the call for sanctions is wholly inappropriate. The Motion should be denied in its entirety. In addition, counsel in *Swanston* should be instructed to fully abide by this Court's Orders and the discovery process established by Lead Counsel.

DATED: January 13, 2004

By /s/ *signature*
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Kevin P. Roddy
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Samuel Heins
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

Eugene A. Spector
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
**CHAIRS OF LEAD COUNSEL COMMITTEE**

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Elizabeth Fegan Hartweg
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
**MEMBERS OF LEAD COUNSEL COMMITTEE AND EXECUTIVE COMMITTEE**

Michael McShane
Alexander, Hawes & Audet, LLP
300 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 982-1886
Facsimile: (415) 576-1776

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
Shreveport, LA 71103
Telephone: (318) 226-0826
Facsimile: (318) 424-9900
**MEMBERS OF EXECUTIVE COMMITTEE**

Anthony Bolognese
Bolognese & Associates
One Penn Center
1617 JFK Boulevard, Suite 650
Philadelphia, PA 19103
Tel: (215) 814-6750
Fax: (215) 814-6764

Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Avenue, N.E.
Suite 300
Washington, D.C. 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

Neal Goldstein (Of Counsel)
Freedman & Lorry, PC
400 Market Street, Suite 900
Philadelphia, PA 19106
Tel: (215) 925-8400
Fax: (215) 925-7516

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL 33134
Tel: (305) 357-9000
Fax: (305) 357-9050

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street, Suite 1700
San Diego, CA 92101
Tel: (619) 338-1133
Fax: (619) 338-1139

Jonathan D. Karmel
Karmel & Gilden
221 N. LaSalle Street, Suite 1414
Chicago, IL 60601
Tel: (312) 641-2910
Fax: (312) 641-0781

Dianne M. Nast
Roda & Nast, PC
801 Estelle Drive
Lancaster, PA 17601
Tel: 717-892-3000
Fax: 717-892-1200

Henry H. Rossbacher
Rossbacher & Associates
811 Wilshire Boulevard,
Suite 1650
Los Angeles, CA 90017-2666
Tel: (213) 895-6500
Fax: (213) 895-6161

Jonathan Shub
Sheller, Ludwig & Badey, P.C.
1528 Walnut Street, 3rd fl
Philadelphia, PA 19102
Tel: (215) 790-7300
Fax: (215) 546-0942

Scott R. Shepherd
Shepherd & Finkleman, LLC
117 Gayley Street, Suite 200
Media, PA 19063
Tel: (610) 891-9880
Fax: (610) 891-9883

Lisa J. Rodriguez
Ira Neil Richards
Trujillo Rodriguez& Richards, LLC
The Penthouse
226 West Rittenhouse Square
Philadelphia, PA 19103
Tel: (215) 731-9004
Fax: (215) 731-9044

Mitchell A. Toups
Weller, Green, Toups & Terrell, L.L.P.
2615 Calder Street, Suite 400
P.O. Box 350
Beaumont, TX 77704
Tel: (409) 838-0101
Fax: 409-838-6780

Damon Young
Lance Lee
Young, Pickett & Lee
4122 Texas Boulevard
P.O. Box 1897
Texarkana, AR/TX  75504
Tel: (903) 794-1303
Fax: 903-792-5098; 903-794-5098
**ADDITIONAL ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I, Thomas M. Sobol, an attorney, caused a true and correct copy of the foregoing Lead Class Counsels' Response And Opposition To Plaintiff Robert J. Swanston's Motion To Compel Access To MDL Plaintiffs' Document Depository And/Or To Compel Production Of Documents By Defendants, And For Sanctions to be served on all counsel of record electronically on January 13, 2004, pursuant to Section D of Case Management Order No. 2.

Thomas M. Sobol, Esq.
**HAGENS BERMAN LLP**
225 Franklin Street, 26th Floor
Boston, MA  02110
Telephone: (617) 482-3700