```
                                                                    COURT
                                                              OF MASS.
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS   2004 JAN 21   P 6:01

|   |   |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> _____ ) <br> ) <br> ) <br> THIS DOCUMENT RELATES ) <br> TO ALL ACTIONS ) <br> ) <br> _____ ) | FILED <br> CLERK'S OFFICE <br><br> MDL NO. 1456 <br><br> CIVIL ACTION: 1:01-CV-12257-PBS <br><br> Judge Patti B. Saris |

## DEFENDANT ABBOTT LABORATORIES, INC.'S MOTION
## FOR PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and Local Rule 37.1, Defendant Abbott Laboratories, Inc. ("Abbott"), by its attorneys, hereby moves for a protective order precluding Plaintiffs from obtaining any discovery relating to the drugs Biaxin®, Depakote® and Prevacid®, drugs which are not reimbursable under Medicare Part B. Abbott's Motion for Protective Order should be granted because: (1) Plaintiffs disobeyed the Court's November 21st ruling limiting discovery to non-multiple source drugs that are reimbursable under Medicare Part B; and (2) Plaintiffs defaulted under Local Rule 37.1 by failing to respond to the request for a discovery conference made by Abbott's counsel. Furthermore, Abbott seeks its costs in bringing this Motion because of Plaintiffs' failure to respond to numerous attempts made by Abbott's counsel to confer on the subject of this Motion with Plaintiffs, which has left Abbott with no choice but to file the present Motion for Protective Order.

## FACTUAL BACKGROUND

In their Amended Master Consolidated Class Action Complaint (the "AMCC"), Plaintiffs allege, *inter alia*, that Abbott and other pharmaceutical companies manipulated the Average Wholesale Price of various drugs thereby causing certain end payors to make inflated payments for such drugs. On November 21, 2003, the Court heard oral argument on Defendants' motions to dismiss the AMCC. At the conclusion of that hearing, the Court instructed that discovery could go forward as to all non-multiple source drugs, reimbursed by Medicare Part B for which a purchaser is alleged. See Transcript from Nov. 21, 2003 Oral Argument at 117-20, attached at Tab 1; Letter from Steve Berman to Scott Wise, dated Nov. 25, 2003, attached as Tab 2 (recognizing limitations imposed by the Court).

Biaxin®, Depakote® and Prevacid®[1] are not subject to discovery pursuant to this Court's order because they are not reimbursable by Medicare Part B. Nevertheless, in December 2003, Plaintiffs served extensive discovery regarding these drugs, including:

- **December 3, 2003:** Request for Production of Documents and Interrogatories to All Defendants Subject to Discovery. See Tab 3, Ex. A at 1-2.[2] These requests seek, *inter alia*, documents from Abbott relating to Biaxin®, Depakote® and Prevacid®.

- **December 3, 2003:** Amended Notice of Rule 30(b)(6) Depositions. See Tab 4, Ex. B at 2. This Deposition Notice seeks, *inter alia*, information from Abbott relating to Biaxin®, Depakote® and Prevacid®.

- **December 19, 2003:** Second Request for Production of Documents. See Tab 5, Ex. A at 1. These requests seek, *inter alia*, documents from Abbott relating to Prevacid®.

- **December 22, 2003:** Third Party Subpoenas served on auditing firms Ernst & Young, Deloitte & Touche, KPMG and PricewaterhouseCoopers (with a return date of

---

[1] As Abbott's counsel repeatedly informed Plaintiffs' counsel, Prevacid® is manufactured and sold by TAP Pharmaceutical Products Inc. Plaintiffs acknowledge as much in their own complaint. See AMCC at ¶ 127 ("The pharmaceuticals manufactured by TAP include … Prevacid.").

[2] To cut down on the paper filed with the Court, Abbott has attached as exhibits only those pages that are relevant to this Motion.

-2-

Jan. 21, 2004). See Tab 6, Exs. A at 1. These subpoenas seek, *inter alia,* documents from third parties relating to Prevacid®.

- **December 29, 2003:** Third Party Subpoenas served on pharmacy benefit managers Advance PCS, Caremark, Inc., Medco Health Solutions, Inc. and Express Scripts, Inc., (with a return date of Jan. 21, 2004). See Tab 7.[3] These subpoenas seek, *inter alia,* documents from third parties relating to Prevacid®.

None of this discovery has been authorized by the Court.

Undersigned counsel repeatedly notified Plaintiffs' counsel that the discovery requests served on Abbott and third parties were unauthorized because Biaxin®, Depakote® and Prevacid® are not reimbursable under Medicare Part B. Specifically, Abbott's counsel has written three letters, left three voicemails, and initiated telephone conversations with Plaintiffs' counsel seeking withdrawal of these unauthorized discovery requests:

- **December 3, 2003:** Letter from Christopher Cook to Steve Berman notifying Mr. Berman that Biaxin®, Depakote® and Prevacid® are not reimbursable under Medicare Part B and, therefore, that discovery on those three drugs could not proceed at this time, attached at Tab 8.

- **December 4, 2003:** Voicemail from Toni-Ann Citera to Plaintiffs' counsel, Elizabeth Hartweg, informing her that Biaxin®, Depakote® and Prevacid® are not reimbursable under Medicare Part B and therefore not subject to discovery under the Court's November 21st ruling. See Dec. 5, 2003 Letter to Elizabeth Hartweg, attached at Tab 9.

- **December 5, 2003:** Letter from Toni-Ann Citera to Elizabeth Hartweg confirming substance of December 4th voicemail, attached at Tab 9.

- **Approximately December 5, 2003:** Phone conversation in which Christopher Cook advised Plaintiffs' counsel, Kenneth Wexler, that Plaintiffs' written discovery requests and deposition notice to Abbott sought unauthorized discovery and therefore needed to be withdrawn.

- **December 24, 2003:** Voicemail from Christopher Cook to Thomas Sobol reiterating that Prevacid® is not reimbursable under Medicare Part B and that Plaintiffs may not take

---

[3] The version of these subpoenas filed on Verilaw do not include Exhibit A, which lists the drugs that are the subject of the subpoenas. However, Abbott understands that the Exhibit A attached to these subpoenas is the same Exhibit A that was attached to the subpoenas served on the auditing firms. See Tab 6, Ex. A.

discovery on Prevacid® at this time from Abbott or third parties. See Dec. 30, 2003 letter to Steve Berman, attached at Tab 10.

- **December 30, 2003:** Letter from Christopher Cook to Steve Berman confirming substance of December 24, 2003 voicemail to Mr. Sobol and *requesting that Plaintiffs' counsel contact him to discuss the issue so Abbott could determine whether to seek a protective order to prevent the unauthorized discovery*, attached at Tab 10.

- **January 12, 2004:** Voicemail from Christopher Cook to Steve Berman reiterating that Prevacid® is not reimbursable under Medicare Part B and that Plaintiffs may not take discovery at this time.

- **January 15, 2004:** Phone conversation in which Christopher Cook advised Kenneth Wexler that messages and letters to Messrs. Berman and Sobol had gone unanswered; that discovery as to Biaxin®, Depakote® and Prevacid® is unauthorized; and that Abbott would seek a protective order if Plaintiffs did not withdraw their unauthorized discovery requests. Mr. Wexler indicated that he would raise the issue with Mr. Berman. Mr. Cook advised Mr. Wexler that he required an answer by the end of the week, January 16, 2004.

Plaintiffs have not responded to any of these oral and written requests by Abbott's counsel to withdraw the unauthorized discovery. Plaintiffs' failure to respond has left Abbott with no choice but to move for a protective order.

## ARGUMENT

### A. A Protective Order is Required Because Plaintiffs Seek Discovery in Violation of the Court's Ruling.

The District Court is empowered with discretion to limit and structure the taking of discovery. See Fed. R. Civ. Pro. 26(b); Local Rule 26.3; Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 224 F.3d 189, 193 (1st Cir. 2001) ("The District Court has the discretion to limit discovery."). On November 21, 2003, the Court ruled on the scope of discovery that could proceed in this case at this time, and limited such discovery to non-multiple-source drugs reimbursable under Medicare Part B, for which a purchaser is alleged. See Tab 1. Plaintiffs have violated the Court's limitation on discovery because they served five separate discovery requests seeking documents and testimony relating to drugs that are not reimbursable under

-4-

Medicare Part B. Specifically, Biaxin®, Depakote® and Prevacid® are self-administered oral drugs and therefore not covered by Medicare Part B. See 42 U.S.C. § 1395(a)(1) and 1395x(s)(2); see also 68 Fed. Reg. 50428, 50446-52 (Aug. 20, 2003) (listing drugs covered by Medicare Part B). Indeed, Plaintiffs' own complaint recognizes that these drugs are not reimbursable under Part B. See AMCC ¶ 40 (listing Abbott drugs covered by Medicare Part B and excluding Biaxin®, Depakote® and Prevacid®). A protective order is required because Plaintiffs have failed to withdraw their discovery requests and subpoenas relating to these drugs, despite Abbott's many communications on this subject, and because Plaintiffs' subpoenas require third parties to produce documents relating to Prevacid® by January 21, 2004. See e.g., Ameristar, 244 F.3d at 192-93 (affirming grant of protective order to quash third subpoenas that were improper); Odie v. General Motors Corp., 131 F.R.D. 365, 366 (D. Mass. 1990) (noting that Defendants were required to apply for a protective order when plaintiff served discovery in violation of the Court's rulings).

### B. Abbott's Motion for Protective Order Should be Granted and Costs Awarded Because Plaintiffs Failed to Respond to Abbott's Requests for a Discovery Conference.

In the Federal Court system, litigants are encouraged to attempt to resolve discovery disputes on their own without court intervention. See Fed. R. Civ. Pro. 26(c); Local Rule 37.1. Specifically, Local Rule 37.1(A) requires the moving party to contact opposing counsel to confer on the discovery dispute. An opposing counsel's failure to respond to the moving party's request for a conference within seven days "shall be grounds for sanctions, which may include automatic allowance of the motion." See Local Rule 37.1.

Here, Abbott repeatedly contacted Plaintiffs to inform them that their discovery requests and deposition notice relating to Biaxin®, Depakote® and Prevacid® and their subpoenas relating

to Prevacid® were improper and needed to be withdrawn. See infra at 3-4. Plaintiffs did not respond to any of these communications. Furthermore, on December 30, 2003, Abbott's counsel wrote to Plaintiffs' counsel, Steve Berman, requesting that Mr. Berman contact him because Plaintiffs sought unauthorized discovery from Abbott and from third parties and Abbott needed to determine whether to seek a protective order. See Tab 10. To date, Plaintiffs have never responded to the request for a conference contained in the December 30th letter (much less responded within seven days of that letter as required by Local Rule 37.1), nor have they ever contacted Abbott to confer on discovery relating to Biaxin®, Depakote® and Prevacid®.[4] Such a failure to respond to the request for a discovery conference is grounds for automatic allowance of Abbott's motion. See Local Rule 37.1(A).

In addition to granting Abbott's Motion, this Court should award Abbott its costs in filing this Motion because Plaintiffs failed to respond to any of Abbott's attempts to hold a discovery conference on the discovery dispute relating to Biaxin®, Depakote® and Prevacid®. Id. (allowing sanctions where opposing counsel fails to respond to a request for a discovery conference). Indeed, costs relating to the filing of this Motion should be awarded since the actions of plaintiffs' counsel "had the effect of requiring the defendant to take action, i.e., filing of a motion for protective order, which would not have been necessary if the plaintiff's attorney had obeyed the [Court's] Orders." Odie v. General Motors Corp., 131 F.R.D. at 366 (ordering plaintiff's counsel to pay costs incurred by defendant in preparing and filing motion for protective order and motion for sanctions).

---

[4] The only conferences held after the December 30th letter were initiated by Abbott's counsel and consisted of an unanswered voicemail to attorney Berman on January 12th, and one telephone conversation with Mr. Wexler on January 15, 2004. See infra at 3-4.

## CONCLUSION

For the foregoing reasons, Abbott respectfully requests that the Court grant Abbott's Motion for Protective Order and enter an order:

1. Precluding Plaintiffs from obtaining discovery relating to Biaxin®, Depakote® and Prevacid® under further order of this Court;

2. Awarding Abbott its costs associated with preparing and filing this motion; and

3. Granting any such further and other relief as the Court deems just and proper.

Dated: January 21, 2004

*[signature]*
R. Christopher Cook
Jesse A. Witten
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

James R. Daly
Toni-Ann Citera
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601-1692
Telephone: (312) 782-3939
Facsimile: (212) 782-8585

*Counsel for Defendant Abbott Laboratories, Inc.*


## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1(A)(2) AND 37.1

I hereby certify that counsel for Abbott Laboratories, Inc., has attempted on numerous occasions, as outlined above, to confer with counsel for Plaintiffs, in an effort to resolve the discovery matters in controversy, but the parties have been unable to resolve this matter without involvement of the Court.

*[signature]*
R. Christopher Cook