# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
|  | Master File No. 01-CV-12257-PBS |
|  | Judge Patti B. Saris |
| This Document Relates to ALL CLASS ACTIONS |  |

## NOTICE OF MOTION AND MOTION TO INTERVENE IN THE *IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION*, MDL No. 1456

Proposed Intervenors Roberta S. Starks and Kimberly K. Hoover, as attorney-in-fact for her mother, Jeanne F. Kennedy, hereby move the Honorable Patti B. Saris, United States District Judge, in the John Joseph Moakley Untied States Courthouse, 1 Courthouse Way, Boston, Massachusetts, for an order allowing them to intervene as representative plaintiffs in the *In re Pharmaceutical Industry Average Wholesale Price Litigation* pursuant to Federal Rules of Civil Procedure 24(a)(2) and (b)(2).

In support hereof, the Proposed Intervenors state as follows:

1. On June 12, 2003, an "Amended Master Consolidated Class Action Complaint" on behalf of a nationwide class was filed in the *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civil Action 01-CV012257-PBS (the "*In re AWP Litigation*"). A modified version of that complaint was filed December 5, 2003 entitled "Amended Master Consolidated Class Action Complaint Modified Per the Court's Instruction at the November 21, 2003 Hearing." (hereinafter "AMCC").

2. Among other allegations, the AMCC alleges that certain defendants (the "Together Card Defendants") engaged in an antitrust conspiracy in connection with the Together Rx Card

45175.1

Program, a discount card program purportedly offering prescription drug discounts on over 170 widely prescribed drugs ("Together Card Drugs") to uninsured, poor senior citizens. AMCC, Sec. VII.

3. The AMCC further alleges that the Together Card Defendants' conspiracy caused Plaintiffs and the Nationwide End-Payor Together Card Class, and an alternatively pled Indirect Purchaser States End Payor Together Card Class, to pay more for the Together Card Drugs than they would have in the absence of the conspiracy. AMCC, ¶¶ 545, 724.

4. As alleged in the AMCC, the Nationwide End-Payor Together Card Class consists of:

> All person[s] or entities in the United States and its territories who paid any portion of the purchase price for, or who reimbursed any portion of the purchase price of, a drug covered by the Together Rx Program on the basis, in whole or in part, on the published average wholesale price during the time period January 1, 2002 up to and including the present.

AMCC, ¶ 604. The Indirect Purchaser States End Payor Together Card Class consists of persons or entities in the indirect purchaser states who are otherwise identically situated to the nationwide class. *See* AMCC, ¶ 605.

5. The AMCC further alleges that the representative plaintiffs, all named plaintiffs excluding the association plaintiffs, *see* AMCC, ¶¶ 606, 607, include people and entities who "purchased the Together Card Drugs in, or outside of, the Together Card Program." AMCC, ¶ 611 (emphasis added).

6. Attached as Exhibit A is the Proposed Intervenors' AMCC which is identical in every way to the current working AMCC filed on December 5, 2003 but for the addition of Proposed Intervenors Roberta S. Starks and Kimberly K. Hoover, as attorney in fact for her mother, Jeanne F. Kennedy, as plaintiffs in the class action. *See* Ex. A, ¶¶ 36(a) and 36(b).

45175.1

7. Proposed Intervenors Starks and Hoover, as attorney-in-fact for her mother, Jeanne F. Kennedy, are enrollees in the Together Rx Card Program and purchased Together Card Drugs as members of that program. *See* Ex. A, ¶¶ 36(a) and 36(b).

8. Proposed Intervenors' claims contain identical questions of law and fact to the claims alleged by Plaintiffs in the *In re AWP Litigation* as they relate to the Together Rx Card conspiracy. *See* Fed. R. Civ. P. 24(b)(2) ("Upon timely intervention anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common.").

9. Proposed Intervenors also have a direct and substantial interest in the subject matter of the *In re AWP Litigation* as the Together Card Defendants' conspiracy caused Proposed Intervenors to pay more for Together Card Drugs than they would have in the absence of the conspiracy. *See* Fed. R. Civ. P. 24(a)(2) ("Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."); *see also Caterino v. Barry*, 922 F.2d 37, 40 (1st Cir. 1990) (discussing requirements for intervention under Rule 24(a)(2)).

10. Proposed Intervenors are so situated that disposition of the *In re AWP Litigation* may impair or impede their ability to protect their interests. The AMCC involves the interests of Together Card enrollees and includes them in the class definition. As Together Card enrollees, the ability of the Proposed Intervenors to protect their interests will be at issue.

11. The Proposed Intervenors' motion to intervene is timely as: (a) both Starks and Hoover only recently learned of the allegations involving the Together Card conspiracy and moved to intervene without undue delay once aware of the conspiracy allegations; (b) the existing parties will

45175.1

not suffer any undue prejudice by intervention at this point in the litigation as discovery is ongoing and will not be significantly affected by intervention, particularly where the inclusion of Together Card enrollees was already contemplated by the current AMCC allegations, *see* AMCC, ¶611; (c) the Proposed Intervenors would suffer prejudice if not allowed to intervene as a party and thereby participate in this litigation which affects them without having appeared in that litigation; and (d) no unusual circumstances militate against intervention, but on the contrary, militate for inclusion of Together Card enrollees as class representatives. *See Culbreath v. Dukakis*, 630 F.2d 15, 17, 20-24 (1st Cir.1980) (discussing factors implicating timeliness of an application to intervene).

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order allowing Plaintiffs Starks and Hoover to intervene in the *In re AWP Litigation* pursuant to Fed. R. Civ. P. 24(a)(2), as of right, or 24(b)(2), by permission of this Court.

Date: January __12__, 2004


By <u>Steve W. Berman/Signature on File</u>
    Thomas M. Sobol
Edward Notargiacomo
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA  02110
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*LIAISON AND CO-LEAD COUNSEL*

45175.1

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Elizabeth Fegan Hartweg
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel Heins
Brian Williams
Heins, Mills & Olson, P.C.
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

CO-LEAD COUNSEL


Michael McShane
Alexander, Hawes & Audet, LLP
300 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 982-1886
Facsimile: (415) 576-1776

45175.1

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
Shreveport, LA 71103
Telephone: (318) 226-0826
Facsimile: (318) 424-9900

PLAINTIFFS LEAD COUNSEL COMMITTEE

Anthony Bolognese
Bolognese & Associates
One Penn Center
1617 JFK Boulevard, Suite 650
Philadelphia, PA 19103
Tel: (215) 814-6750
Fax: (215) 814-6764

Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Ave. N.E., Suite 300
Washington, DC 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

Neal Goldstein (Of Counsel)
Freedman & Lorry, PC
400 Market Street, Suit 900
Philadelphia, PA 19106
Tel: (215) 925-8400
Fax: (215) 925-7516

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL 33134
Tel: (305) 357-9000
Fax: (305) 357-9050

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street, Suite 1700
San Diego, CA 92101
Tel: (619) 338-1133
Fax: (619) 338-1139

45175.1

Jonathan D. Karmel
Karmel & Gilden
221 N. LaSalle Street
Suite 1414
Chicago, IL 60601
Tel: (312) 641-2910
Fax: (312) 641-0781

Dianne M. Nast
Roda & Nast, PC
801 Estelle Drive
Lancaster, PA 17601
Tel: 717-892-3000
Fax: 717-892-1200

Henry H. Rossbacher
Rossbacher & Associates
811 Wilshire Boulevard, Suite 1650
Los Angeles, CA 90017-2666
Tel: (213) 895-6500
Fax: (213) 895-6161

Jonathan Shub
Sheller, Ludwig & Badey, P.C.
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102
Tel: (215) 790-7300
Fax: (215) 546-0942

Scott R. Shepherd
Shepherd & Finkleman, LLC
117 Gayley Street, Suite 200
Media, PA 19063
Tel: (610) 891-9880
Fax: (610) 891-9883

Lisa J. Rodriguez
Ira Neil Richards
Trujillo Rodriguez& Richards, LLC
The Penthouse
226 West Rittenhouse Square
Philadelphia, PA 19103
Tel: (215) 731-9004
Fax: (215) 731-9044

45175.1

Mitchell A. Toups
Weller, Green, Toups & Terrell, L.L.P.
2615 Calder Street, Suite 400
Beaumont, TX 77704
Tel: (409) 838-0101
Fax: 409-838-6780

Damon Young
Lance Lee
Young, Pickett & Lee
4122 Texas Boulevard
Texarkana, AR/TX 75504
Tel: (903) 794-1303
Fax: 903-792-5098; 903-794-5098

Stephen C. Richman, Esq.
Markowitz & Richman
121 South Broad Street
1100 North America Building
Philadelphia, PA 19107
Telephone: (215) 875-3100

Mark Wermerskirchen
DARVAL, WERMERSKIRCHEN & FRANK, P.A.
Appletree Square
1601 East Highway 12
P.O. Box 1175
Willmar, MN 56201
Telephone:    (320) 235-1876

45175.1

**CERTIFICATE OF SERVICE**

I hereby certify that I, Edward Notargiacomo, an attorney, caused true and correct copies of the foregoing Notice of Motion and Motion to Intervene in the In Re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456 to be served on all counsel of record electronically, pursuant to Section D of Case Management Order No. 2., this 22nd day of January, 2004.

By: *Edward Notargiacomo /cas*
Edward Notargiacomo, Esq.
HAGENS BERMAN LLP
225 Franklin Street, 26th floor
Boston, MA 02110
(617) 482-3700