UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Civil Action: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' REQUEST FOR CASE MANAGEMENT CONFERENCE

Defendants who are presently involved in pre-trial discovery pursuant to Case Management Order ("CMO") 7 submit this memorandum in support of their request for a case management conference concerning the scope of discovery and the pre-trial schedule.[1] As set forth more fully below, defendants have been working very hard to comply with CMO 7, which sets forth a schedule for pre-trial discovery and briefing of class certification and summary judgment motions. Notwithstanding that effort, defendants have encountered certain problems in meeting the CMO deadlines that they wish to discuss with the Court. These problems concern the nature of the claims that are currently subject to the pre-trial schedule and the identity of the drugs that are currently subject to discovery. Among the most significant difficulties affecting defendants' ability to meet the current discovery deadlines is the reluctance of critical third parties to undertake the burden of multiple searches and productions since new drugs may

---

[1] Those defendants are AstraZeneca Pharmaceuticals LP, Bristol Myers Squibb, GlaxoSmithKline, Immunex and Johnson & Johnson, and for some of these defendants, related entities as well.

1

become subject to discovery in the future. Given these and other difficulties, defendants request a case management conference to consider revisions to the schedule set forth in CMO No. 7.

## Background

In their Master Consolidated Complaint ("MCC"), plaintiffs asserted claims with respect to two classes: (1) all persons or entities who made co-payments pursuant to Medicare Part B for prescription drugs manufactured by defendants ("Class 1") and (2) all third party payors who contracted with a PBM or other intermediary, based on a discount off of Average Wholesale Price ("AWP"), for brand name prescription drugs manufactured by defendants ("Class 2"). (MCC ¶ 333.) In its Memorandum and Order dated May 13, 2003, the Court dismissed certain defendants, without prejudice, with respect to the Class 1 claims,[2] and it dismissed other defendants, without prejudice, with respect to both the Class 1 and Class 2 claims.[3] In re Pharmaceutical Indus. Average Wholesale Price Litig., 263 F.Supp.2d 172, 195 (D. Mass. 2003). In addition, the Court dismissed, without prejudice, all claims with respect to (1) drugs which no specific plaintiff allegedly purchased, (2) drugs for which no specific fraudulent AWP was alleged and (3) multi-source drugs. Id. at 194.

The Court ordered discovery with respect to all non-dismissed claims to proceed, and CMO 7 described that discovery as follows:

> "Plaintiffs shall conduct discovery on claims set forth against a defendant named in the MCC that was not dismissed as to both Class 1 and Class 2 claims. The specific drugs subject to discovery are those identified in the defendant-specific allegations of the MCC if the MCC identified a specific plaintiff who purchased the drug. There shall be no discovery on multi-source."

---

[2] Abbott, Baxter, Boehringer, Bristol Myers Squibb, Braun, GlaxoSmithKline, Immunex, Johnson & Johnson, Pharmacia, Schering-Plough and Warrick.

[3] Amgen, Bayer, Hoffman-LaRoche, Merck, Pfizer, Sicor and Johnson & Johnson.

After discussions between the parties, it was determined that five defendants were subject to discovery with respect to certain drugs. CMO 7 also directed all non-dismissed defendants to produce documents provided in response to subpoenas issued by governmental entities.

Pursuant to CMO 7, fact discovery with respect to the drugs that were subject to discovery is to be completed by March 1, 2004. CMO 7 further provides that plaintiffs' expert reports are due on April 1, 2004, and defendants' expert reports are due May 1, 2004. Thereafter, expert depositions are supposed to be taken by July 1, 2004, motions for summary judgments filed by July 15, 2004, oppositions filed by July 30, 2004, replies filed by August 15, 2004, and any sur-replies filed two weeks later. CMO 7 provides a similar schedule for discovery and briefing of plaintiffs' motion for class certification.

On June 12, 2003, plaintiffs filed their Amended Master Consolidated Complaint ("AMCC"). In that document, plaintiffs changed the class definition to (1) all persons or entities who paid for a prescription drug manufactured by defendants at a price calculated by reference to AWP (the "AWP Payor Class"); (2) all third party payors who contracted with a PBM for the drugs identified in Appendix A to the AMCC (the "PBM Third-Party Payor Sub-Class"); and (3) all persons who paid for a drug covered by the Together Rx Program on the basis of AWP (the "Together Card Class"). (AMCC ¶¶ 595, 604-05.) They also purported to list numerous drugs that plaintiffs had purchased from defendants, together with their allegedly fraudulent AWPs.

On August 1, 2003, defendants moved to dismiss the AMCC on a variety of grounds, including failure to state a claim with respect to the PBM part of the case. At oral argument on November 21, 2003, the Court reserved decision on the PBM issues and stated: "Also, discovery goes forward on all drugs that are alleged with respect to Medicare Part B that are alleged with specificity." (11/21/03 Hearing Tr. 117.) As a result of the Court's instructions,

five additional defendants and approximately 25 additional drugs became subject to discovery, but, because of their late inclusion in the process, not the time parameters set forth in CMO 7.

## Party Discovery

As set forth in more detail in the appendix annexed hereto, plaintiffs and the five defendants that were subject to discovery under CMO 7 have served document requests, written responses, and notices of deposition pursuant to Rule 30(b)(6), Fed.R.Civ.P.[4] Document discovery (requiring a review of millions of pages of documents) is ongoing, and both sides have raised issues with respect to the scope of the requests as well as the sufficiency of the responses. The parties have been attempting to resolve these issues without seeking judicial intervention. To date, defendants have produced over one million pages of documents and plaintiffs have produced approximately 30,000 pages of documents.

Although defendants have served notices of deposition pursuant to Rule 30(b)(6) for each of the eleven named plaintiffs, to date, only one such deposition has been taken, due in part to incomplete document productions by the named plaintiffs. Accordingly, a significant portion of the one deposition that has been taken was limited to document production issues. A second Rule 30(b)(6) deposition, of a plaintiff health and welfare fund, was scheduled to occur this week but was canceled with one days' notice by plaintiffs when they determined that additional responsive documents needed to be produced and that an additional designee was necessary. Plaintiffs have not taken any depositions. At least 15 Rule 30(b)(6) depositions remain to be taken, and it is anticipated that both sides will want to take at least 30 additional party depositions to complete the discovery envisioned under CMO 7. Under the circumstances,

---

[4] Plaintiffs have also served interrogatories, and defendants have responded by objecting to most of the interrogatories.

4

it will not be possible to complete the party discovery contemplated by CMO 7 by March 1, 2004.[5]

With respect to the five additional defendants that are subject to discovery as a result of the Court's direction at the November 21 hearing (but not subject to CMO 7), plaintiffs have served two document requests and interrogatories. It is anticipated that document production will begin in February, and Rule 30(b)(6) depositions will occur after that. This discovery will also likely involve millions of pages of documents and at least 25 depositions.

Pursuant to the Court's order, no discovery has occurred with respect to multi-source drugs. If the Court rules that multi-source drugs are in the case, at least ten additional defendants and hundreds of additional drugs will be subject to discovery. Again, this discovery will involve millions of pages of documents and at least 50 depositions.

## Non-Party Discovery

As set forth in detail in the appendix annexed hereto, plaintiffs have served a total of 16 third party subpoenas on certain consulting companies, pharmaceutical industry trade associations, the publications, four PBMs and defendants' auditors.[6] The publications[7] and one trade association have recently produced some documents; another trade association and the consulting companies have yet to produce any documents; and the PBMs and defendants' auditors have objected to the subpoenas. This discovery cannot be completed by March 1, 2004.

As the appendix also delineates, defendants have served a total of 62 third party subpoenas on third-party payors, benefit consultants, third-party administrators, PBM auditors,

---

[5] This does not include documents relating to the additional Part B drugs that are now subject to discovery as a result of the Court's direction at the November 21 hearing, which the parties are gathering but have not yet produced.

[6] Amended subpoenas were served on the four PBMs on January 29, 2004.

[7] The publications that have produced documents regarding the drugs subject to discovery under CMO 7 have indicated to defense counsel that they do not intend to search for documents relating to the additional drugs subject to discovery as a result of the Court's direction at the November 21 hearing until the Court rules what other drugs, if any, remain in the case.

5

the government, and Medicare carriers (private insurance companies that act under contract with the federal government and are represented for these purposes by the Department of Justice). Plaintiffs have moved for a protective order barring discovery of third-party payors, and that motion was fully briefed as of January 23, 2004. Most benefit consultants, third-party administrators and PBM auditors have objected to their subpoenas, but discussions regarding document production are ongoing. In addition, after months of negotiations among counsel, the federal government has indicated that it will produce some documents from relevant agencies' files and the files of the Medicare carriers in response to the subpoenas, but it has stated that such production cannot begin until after March 1, 2004.* In addition, PBMs have indicated that they will object to any discovery based on the Court's comments at the hearing of November 21, 2003, and no non-party depositions have been taken to date.

The amount of non-party discovery contemplated is extensive, but it is essential to a thorough examination of the issues. The AMCC encompasses claims relating to the government's Medicare Part B program; claims relating to those same drugs in the private payor context; and claims relating to drugs distributed through retail pharmacies where private payors contract with PBMs. This could require an examination of literally millions of transactions. Under the circumstances, non-party discovery cannot be completed by March 1, 2004.

## Issues for the Court to Decide

### Claims at Issue

At the November 21 hearing, the Court limited discovery to "drugs that are alleged with respect to Medicare Part B that are alleged with specificity." (11/21/03 Hearing Tr. 117.) If discovery is limited to Medicare Part B drugs in the Part B context, then issues relating to the reimbursement of Medicare Part B drugs by private payors outside of the Part B context,

---

* A January 30, 2004 letter from the federal government is attached as Appendix B.

as well as issues relating to drugs sold through PBMs, would not be subject to discovery. Since that would have a significant impact on the scope of discovery from parties and non-parties, as well as the scope of expert reports and class certification and summary judgment motions, the current scope of discovery needs to be confirmed.

Drugs at Issue

It is logistically difficult for the parties to engage in multiple searches and productions of documents as the identity of drugs at issue in the case changes. When non-parties are confronted with that issue, the difficulties become insurmountable because non-parties do not want to undertake the burden and expense of conducting multiple searches and productions of documents. Defendants do not believe they can complete discovery until the identity of the drugs at issue has been established.

Timing

It is clear that, despite their best efforts, defendants will not be able to meet the current deadlines imposed by the Court. Furthermore, their ability to meet any deadline depends on the scope of the case. Even then, given the complexity of the case and the difficulty defendants have encountered obtaining compliance from non-parties, it is clear that significant additional time will be needed to complete discovery.

## Suggested Approach

Plaintiffs have informed defendants that they would agree to a modest extension of the deadlines set forth in CMO 7, but defendants believe that a mere extension of the deadlines would not resolve the issues outlined above. Defendants believe that the most sensible approach would be to continue the current discovery efforts but defer the deadlines until the Court has decided the pending motions to dismiss. At that point, when the scope of the case has been

determined, the parties can then propose a comprehensive case management order for completing discovery and briefing the motions for class certification and summary judgment. The parties have had preliminary discussions about the terms of such a comprehensive pre-trial plan, but defendants believe it cannot realistically be put in place until after the Court renders its decisions on the pending motions.

Respectfully Submitted,
ON BEHALF OF IDENTIFIED DEFENDANTS

By: /s/ Lucy Fowler
Nicholas C. Theodorou, Esq. (BBO# 496730)
Lucy Fowler, Esq. (BBO# 647929)
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

D. Scott Wise, Esq.
Kimberley D. Harris, Esq.
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

Attorneys for AstraZeneca Pharmaceuticals LP

# APPENDIX A

## Document Discovery

| Serving Party | Description of Action Taken | Date Filed |
|---|---|---|
| Plaintiffs | Plaintiffs' First Request for Production of Documents to All Defendants | 6/17/03 |
| Plaintiffs | Plaintiffs' Amended First Request for Production of Documents to AstraZeneca, Aventis, Dey, Fujisawa, Abbott, Baxter, Boehringer, Braun, BMS, GSK, Immunex, Pharmacia, Schering-Plough and Watson | 6/18/03 |
| Defendants | Defendants' First Request for Production of Documents to Plaintiff Associations | 9/2/03 |
| Defendants | Defendants' First Request for Production of Documents to Plaintiff Funds | 9/2/03 |
| Plaintiffs | Plaintiff Funds' Objections and Responses to Defendants' First Request for Production of Documents | 10/2/03 |
| Plaintiffs | Plaintiff Associations' Objections and Responses to Defendants' First Request for Production of Documents | 10/2/03 |
| Plaintiffs | Plaintiffs' Request for the Production of Documents to Aventis, Abbott, Amgen, Boehringer, BMS, Johnson & Johnson, GSK, Hoffman, Immunex and Schering-Plough | 12/3/03 |
| Plaintiffs | Interrogatories to All Defendants Subject to Discovery | 12/3/03 |
| Plaintiffs | Plaintiffs' Second Request for Production of Documents to Aventis, Abbott, Amgen, BMS, Johnson & Johnson, GSK, Hoffman, Immunex and Schering-Plough | 12/19/03 |

1

**Depositions**

| Serving Party | Description of Action Taken | Date Filed |
|---|---|---|
| Plaintiffs | Plaintiffs' Notice of Rule 30(b)(6) Deposition of Abbott | 6/17/03 |
| Plaintiffs | Plaintiffs' Notice of Rule 30(b)(6) Deposition of AstraZeneca | 6/17/03 |
| Plaintiffs | Plaintiffs' Notice of Rule 30(b)(6) Deposition of Baxter | 6/17/03 |
| Plaintiffs | Plaintiffs' Notice of Rule 30(b)(6) Deposition of BMS | 6/17/03 |
| Plaintiffs | Plaintiffs' Notice of Rule 30(b)(6) Deposition of Immunex | 6/17/03 |
| Plaintiffs | Plaintiffs' Notice of Rule 30(b)(6) Deposition of Schering Plough | 6/17/03 |
| Plaintiffs | Amended Notice of Rule 30(b)(6) Deposition of Abbott | 6/20/03 |
| Plaintiffs | Amended Notice of Rule 30(b)(6) Deposition of AstraZeneca | 6/20/03 |
| Plaintiffs | Amended Notice of Rule 30(b)(6) Deposition of Baxter | 6/20/03 |
| Plaintiffs | Amended Notice of Rule 30(b)(6) Deposition of BMS | 6/20/03 |
| Plaintiffs | Amended Notice of Rule 30(b)(6) Deposition of Immunex | 6/20/03 |
| Plaintiffs | Amended Notice of Rule 30(b)(6) Deposition of Schering Plough | 6/20/03 |
| Defendants | Notice of Rule 30(b)(6) Deposition of Board of Trustees of Carpenters and Millwrights of Houston and Vicinity Welfare Trust Fund | 9/2/03 |
| Defendants | Notice of Rule 30(b)(6) Deposition of Teamsters Health and Welfare Fund of Philadelphia and Vicinity | 9/2/03 |
| Defendants | Notice of Rule 30(b)(6) Deposition of Twin Cities Bakery Workers Health and Welfare Fund | 9/2/03 |
| Defendants | Notice of Rule 30(b)(6) Deposition of United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund | 9/2/03 |
| Defendants | Notice of Rule 30(b)(6) Deposition of Philadelphia Federation of Teachers Health and Welfare Fund | 9/2/03 |

| Serving Party | Description of Action Taken | Date Filed |
|---|---|---|
| Defendants | Notice of Rule 30(b)(6) Deposition of Man-U Service Contract Trust Fund | 9/2/03 |
| Defendants | Notice of Rule 30(b)(6) Deposition of Vermont Public Interest Research Group | 9/2/03 |
| Defendants | Notice of Rule 30(b)(6) Deposition of Wisconsin Citizen Action | 9/2/03 |
| Defendants | Notice of Rule 30(b)(6) Deposition of new York State Wide Senior Action Council | 9/2/03 |
| Defendants | Notice of Rule 30(b)(6) Deposition of Citizen Action of New York | 9/2/03 |
| Defendants | Notice of Rule 30(b)(6) Deposition of Citizens for Consumer Justice | 9/2/03 |
| Defendants | Amended Notice of Rule 30(b)(6) Deposition for Wisconsin Citizen Action | 12/11/03 |

**Third Party Discovery**

| Serving Party | Description of Action Taken | Date Filed |
|---|---|---|
| Plaintiffs | Subpoena in a Civil Case served on the Pharmaceutical Research and Manufacturers of America | 7/1/03 |
| Plaintiffs | Subpoena in a Civil Case served on National Pharmaceutical Council | 7/1/03 |
| Plaintiffs | Notice of Deposition and Subpoena of Facts and Comparisons, Inc. | 10/16/03 |
| Plaintiffs | Notice of Deposition and Subpoena of First DataBank, Inc. | 10/16/03 |
| Plaintiffs | Notice of Deposition and Subpoena of Thomson Medical Economics and Medi-Span | 10/16/03 |
| Defendants | Third Party Subpoena served on Ernst & Young | 11/6/03 |
| Defendants | Third Party Subpoena Served on William M. Mercer | 11/07/03 |
| Defendants | Third Party Subpoena Served on Towers Perrin | 11/07/03 |
| Defendants | Third Party Subpoena Served on Watson Wyatt Worldwide | 11/07/03 |
| Defendants | Third Party Subpoena Served on Milliman and Robertson | 11/07/03 |
| Defendants | Third Party Subpoena Served on Findley Davies Inc. | 11/07/03 |
| Defendants | Third Party Subpoena Served on Hewitt and Associates | 11/07/03 |
| Defendants | Third Party Subpoena Served on Pharmacy Outcomes Specialists | 11/07/03 |
| Defendants | Third Party Subpoena Served on Amerihealth Administrators | 11/07/03 |
| Defendants | Third Party Subpoena Served on Acordia National Inc. | 11/07/03 |
| Defendants | Third Party Subpoena Served on Highmark Services Co. | 11/07/03 |
| Defendants | Third Party Subpoena Served on First Health Benefits | 11/07/03 |
| Defendants | Third Party Subpoena Served on Aetna U.S. Health Care | 11/14/03 |
| Defendants | Third Party Subpoena Served on John Deere Health Care, Inc. | 11/14/03 |
| Defendants | Third Party Subpoena Served on Kaiser Permanente | 11/14/03 |
| Defendants | Third Party Subpoena Served on MedPlus | 11/14/03 |

| Serving Party | Description of Action Taken | Date Filed |
|---|---|---|
| Defendants | Third Party Subpoena Served on Northern Trust Retirement Consulting LLC | 11/14/03 |
| Defendants | Third Party Subpoena Served on Oxford Health Plans | 11/14/03 |
| Defendants | Third Party Subpoena Served on PacifiCare Health Systems | 11/14/03 |
| Defendants | Third Party Subpoena Served on Select Med | 11/14/03 |
| Defendants | Third Party Subpoena Served on The Regence Group | 11/14/03 |
| Defendants | Third Party Subpoena Served on Unicare Life & Health Insurance Co. | 11/14/03 |
| Plaintiffs | Notice of Deposition of Covance Health Economics and Outcome Services Inc. | 11/17/03 |
| Plaintiffs | Notice of Deposition of Covance, Inc. | 11/17/03 |
| Plaintiffs | Notice of Deposition of Boston Consulting Group and Whistler Associates, Inc. | 11/17/03 |
| Defendants | Third Party Subpoena served on AARP Health Care Options | 11/17/03 |
| Defendants | Third Party Subpoena served on Advantra | 11/17/03 |
| Defendants | Third Party Subpoena served on AmeriChoice Health Services | 11/17/03 |
| Defendants | Third Party Subpoena served on CIGNA Healthcare | 11/17/03 |
| Defendants | Third Party Subpoena served on CPIC Life | 11/17/03 |
| Defendants | Third Party Subpoena served on Gateway | 11/17/03 |
| Defendants | Third Party Subpoena served on HIP of New York | 11/17/03 |
| Defendants | Third Party Subpoena served on Horizon Healthcare | 11/17/03 |
| Defendants | Third Party Subpoena served on New York Life Insurance Co. | 11/17/03 |
| Defendants | Third Party Subpoena served on Zurich North America | 11/17/03 |
| Defendants | Third Party Subpoena served on Care America Health Plans | 11/19/03 |
| Defendants | Third Party Subpoena served on Coventry Healthcare, Inc. | 11/19/03 |
| Defendants | Third Party Subpoena served on Empire Blue Cross and Blue Shield | 11/19/03 |
| Defendants | Third Party Subpoena served on Harvard Pilgrim Healthcare | 11/19/03 |
| Defendants | Third Party Subpoena served on Health America/Health Assurance | 11/19/03 |
| Defendants | Third Party Subpoena served on Health Net, | 11/19/03 |

5

| Serving Party | Description of Action Taken | Date Filed |
|---|---|---|
| Defendants | Third Party Subpoena served on Payors Organization | 11/19/03 |
| Defendants | Third Party Subpoena served on Humana, Inc. | 11/19/03 |
| Defendants | Third Party Subpoena served on Phoenix Mutual Life Insurance Company | 11/19/03 |
| Defendants | Third Party Subpoena served on Wellmark Blue Cross and Blue Shield of Iowa | 11/19/03 |
| Defendants | Third Party Subpoena served on Highmark Life and Casualty Group | 11/19/03 |
| Defendants | Third Party Subpoena served on Independent Health | 11/19/03 |
| Defendants | Third Party Subpoena served on Integrated Medical Systems, Inc. | 11/19/03 |
| Defendants | Third Party Subpoena served on Intracorp | 11/19/03 |
| Defendants | Third Party Subpoena served on Multiplan, Inc. | 11/19/03 |
| Defendants | Third Party Subpoena served on Preferred One | 11/19/03 |
| Defendants | Third Party Subpoena served on The Agon Company | 11/19/03 |
| Defendants | Third Party Subpoena served on United HealthCare | 11/19/03 |
| Defendants | Third Party Subpoena served on UPMC Health Plan | 11/19/03 |
| Defendants | Third Party Subpoena served on WellPoint Pharmaceutical Management | 11/19/03 |
| Defendants | Third Party Subpoena served on PricewaterhouseCoopers | 11/19/03 |
| Defendants | Third Party Subpoena served on The Segal Company | 12/1/03 |
| Defendants | Third Party Subpoena served on KPMG LLP | 12/12/03 |
| Defendants | Third Party Subpoena served on Deloitte & Touche LLP | 12/12/03 |
| Defendants | Third Party Subpoena re-served on G.E. Financial Company | 12/17/03 |
| Defendants | Third Party Subpoena re-served on Kaiser Foundation Health Plan, Inc. | 12/17/03 |
| Defendants | Third Party Subpoena re-served on Kaiser Foundation Hospitals | 12/17/03 |
| Defendants | Third Party Subpoena served on Office of General Counsel for the Department of Health and Human Services and Various Medical Carriers | 12/22/03 |
| Plaintiffs | Subpoena in a Civil Case served on PricewaterhouseCoopers, LLP | 12/22/03 |

| Serving Party | Description of Action Taken | Date Filed |
|---|---|---|
| Plaintiffs | Subpoena in a Civil Case served on Ernst & Young, LLP | 12/22/03 |
| Plaintiffs | Subpoena in a Civil Case served on Deloitte & Touche, LLP | 12/22/03 |
| Plaintiffs | Subpoena in a Civil Case served on KPMG, LLP | 12/22/03 |
| Plaintiffs | Subpoena in a Civil Case served on Advance PCS | 12/29/03 |
| Plaintiffs | Subpoena in a Civil Case served on Caremark, Inc. | 12/29/03 |
| Plaintiffs | Subpoena in a Civil Case served on Medco Health Solutions | 12/29/03 |
| Plaintiffs | Subpoena in a Civil Case served on Express Scripts, Inc. | 12/29/03 |
| Defendants | Subpoena served on General Accounting Office | 1/16/04 |
| Defendants | Subpoena served on Department of Veterans Affairs | 1/16/04 |
| Plaintiffs | Amended Subpoena in a Civil Case to Caremark, Inc. | 1/29/03 |
| Plaintiffs | Amended Subpoena in a Civil Case to Express Scripts, Inc. | 1/29/03 |
| Plaintiffs | Amended Subpoena in a Civil Case to Medco Health Solutions, Inc. | 1/29/03 |
| Plaintiffs | Amended Subpoena in A Civil Case to AdvancePCS | 1/29/03 |

**APPENDIX B**



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
Centers for Medicare &
Medicaid Services Division

330 Independence Ave., S.W.
Room 5309 Wilbur J. Cohen Building
Washington, D.C. 20201

January 30, 2004

*By facsimile and US Mail*
Kathleen H. McGuan
Reed Smith
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005-3373
(202) 414-9299 (fax)

      Re:    In Re: AWP Litigation, MDL Docket No. 1456/Civil Action No. 01-CV-12257 (D. Mass.).

Dear Ms. McGuan:

    I am writing in connection with the above-captioned matter. As you know, your law firm has prepared and served several subpoenas in this action seeking records from the Department of Health and Human Services (DHHS) and numerous Medicare contractors across the country.[1] Previously, in March 2003 and October 2003, attorneys representing TAP Pharmaceutical Products, Inc. served similar subpoenas upon DHHS and the Medicare carriers. These subpoenas were issued in the action *In Re: Lupron Marketing and Sales Practices Litigation*, MDL No. 1430, 01-CV-10861 (D. Mass.). We believe the scope of these subpoenas, both in terms of the subject matter of records requested as well as the time frame for which they are sought, requires a review of an extensive amount of documentation maintained by DHHS and the Medicare contract carriers. The United States, of course, is not a party to any of this litigation.

    I can confirm that, since the issuance of the first TAP MDL federal district court subpoenas in March 2003, representatives from the Government, including the Department of Justice and the Office of General Counsel for DHHS, have been engaged in numerous discussions with defense counsel in the MDL matters, including yourself, concerning these subpoena requests. From our viewpoint, these discussions have been a necessary first step in order to review these requests, attempt to understand the defendants' claimed need for the scope of records you have requested, and, where possible, narrow the scope so as to avoid to the greatest extent possible any undue burden upon the agency, which is not a party to this litigation.

    As I have explained in these discussions, the Government has taken certain actions

---

[1] We tendered our objections to these subpoenas in a letter dated December 23, 2003.

Page 2 - Kathleen H. McGuan

towards the production of responsive, non-privileged records. For example, the Government has sent guidance to the Medicare carriers which have received subpoenas, directing them to locate the requested records and to provide estimates regarding the length of time for, and financial costs of, responding to these subpoenas. While we wish to continue our discussions regarding the ultimate scope of these subpoenas, we anticipate that will begin production of responsive, non-privileged records by March 1, 2004.

Thank you for your assistance in this regard. If you have any questions concerning this letter, please do not hesitate to contact me at (202) 619-2792.

Very truly yours,

Mark D. Polston

cc:

Andy Mao
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
PO Box 261
Ben Franklin Station
Washington, D.C. 20044

Clifford Pierce
Assistant Regional Counsel
Office of General Counsel
United States Department of Health and Human Services
2250 J.F. Kennedy Federal Building
Government Center
Boston, MA 02203

## CERTIFICATE OF SERVICE

I certify that on January 30, 2004, a true and correct copy of the foregoing Memorandum in Support of Defendants' Request for Case Management Conference was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

*/s/ Lucy Fowler*

Lucy Fowler