UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) )   MDL NO. 1456<br>Civil Action No. 01-12257-PBS |

## DEFENDANTS' MOTION FOR ENTRY OF
## PROPOSED CASE MANAGEMENT ORDER NO. 10

Defendants in the above-captioned action respectfully move this Court for the entry of proposed Case Management Order No. 10, attached hereto as Exhibit A.

Respectfully Submitted,

ON BEHALF OF THE DEFENDANTS

By: /s/ Lucy Fowler                 DATED: March 5, 2004

Nicholas C. Theodorou (BBO# 496730)
Lucy Fowler (BBO# 647929)
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

D. Scott Wise
Kimberley D. Harris
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

*Attorneys for Defendant AstraZeneca Pharmaceuticals LP*

Richard D. Raskin
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
(312) 853-2170

*Attorney for Defendant Bayer Corporation*

Michael L. Koon
James P. Muehlberger
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO  64108-2613

*Attorney for Aventis Pharmaceutical Inc.*

### CERTIFICATE OF SERVICE

I certify that on March 5, 2004, a true and correct copy of the foregoing Motion for Entry of Case Management Order No. 10 was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

/s/ Lucy Fowler
Lucy Fowler

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for defendants conferred with counsel for plaintiff on this motion and was unable to resolve or narrow the issues presented in this motion.

/s/ Lucy Fowler
Lucy Fowler

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) MDL NO. 1456<br>Civil Action No. 01-12257-PBS |

### CASE MANAGEMENT ORDER NO. 10

This matter comes before the Court following its ruling on the defendants' motions to dismiss the Amended Master Consolidated Complaint ("AMCC"). The Court enters the following schedule and Order to govern the next phase of the Master Consolidated Class Action.

### I. TIMING OF DISCOVERY AND MOTION PRACTICE

1.      There shall be a "Phase I" to the pretrial coordination or consolidation of this litigation. Phase I shall encompass the following pre-trial stages: (a) discovery as to "Phase I Drugs," (b) briefing and adjudication of any motion for class certification pursuant to Fed. R. Civ. P. 23, and (c) briefing and adjudication of motions for summary judgment pursuant to Fed. R. Civ. P. 56.

2.      Phase I Drugs shall be selected as follows: Plaintiffs may select one Phase I Drug marketed by each defendant (or defendant group, if so described in the AMCC) which plaintiffs allege in the AMCC they purchased. In addition, each defendant (or defendant group) may designate one or more additional drugs for inclusion as Phase I Drugs. The identification of a drug as a Phase I Drug pursuant to this paragraph shall include all NDCs for that defendant's product set forth in Appendix A to the AMCC. The identification of Phase I Drugs shall be completed within 14 days of the date of this Order.

1394733v1

3. During Phase I, product specific discovery shall proceed only as to Phase I Drugs. Product specific discovery that is directed to drugs other than Phase I Drugs is not permitted at this time. Discovery of general information concerning the parties and the industry, including contracting, distribution, pricing and reimbursement practices or policies relating to the issues framed by the AMCC, is permissible. Discovery of general information regarding Together Rx practices and policies is also permissible. To the extent that all or a relevant part of the Master Consolidated Class Action survives Phase I, drugs described in the AMCC not included as Phase I Drugs may be subject to discovery in subsequent phases of such litigation.

4. Further timing of Phase I discovery shall be as follows:
   a. The parties shall serve their initial Phase I document requests within fourteen (14) days of the identification of the Phase I Drugs pursuant to paragraph I.2.
   b. Fact discovery shall be completed by January 7, 2005.
   c. Plaintiffs' expert reports shall be served by January 15, 2005.
   d. Defendants' expert reports shall be served by March 15, 2005.
   e. The parties shall complete the depositions of experts by April 15, 2005.
   f. Motions for summary judgment shall be filed by April 30, 2005.
   g. Oppositions to the motions for summary judgment shall be filed by May 30, 2005, and replies on June 15, 2005. Any surreply shall be filed two weeks later.

5. Defendants previously subject to Case Management Orders Nos. 5 and 7 (relating to production of documents produced to governmental bodies concerning AWP matters), are directed to supplement their productions by making any such documents relating to Phase I Drugs not previously produced available to counsel for the plaintiffs for inspection and photocopying within 30 days following the identification of Phase I Drugs pursuant to

paragraph I.2. Individual defendants who wish to seek relief from this provision of this Order shall file any such motion for relief within thirty (30) days of entry hereof.

6. Consistent with this Court's February 24, 2004 Memorandum and Order at 21-23, no discovery shall be taken of dismissed Defendant Hoffmann-La Roche Inc., or its products.

## II. ADDITIONAL DISCOVERY RULES

1. Unless otherwise agreed by the parties, documents maintained in the usual course of business in an electronic form may be produced in an electronically useable format.

2. A party responding to document request shall make a good faith effort to begin a rolling production no later than forty-five (45) days following service of such request and to complete production of all documents within one hundred fifty (150) days of service of such request.

3. Privilege logs shall be provided 14 days after completion of a production, and shall cover each document withheld from production, as well as each redaction from a document produced.

## III. FILING AND SERVICE OF ANSWERS

1. By April 9, 2004, defendants shall file their answers to the AMCC.

## IV. PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1. By April 9, 2004, plaintiffs shall file their motion and memorandum in support of class certification.

2. By June 1, 2004, plaintiffs shall serve all expert affidavits supporting plaintiffs' motion for class certification, and shall produce all such affiants for deposition as soon thereafter as practicable, but in no event more than thirty (30) days following service of the affidavits.

3. By August 2, 2004, defendants shall serve their opposition to class certification together with all expert affidavits in support thereof, and shall produce all such affiants for deposition as soon thereafter as practicable, but in no event more than thirty (30) days following service of the affidavits.

1394733v1

-4-

4. By September 10, 2004, the plaintiffs shall file their reply in support of their motion. Any surreply shall be filed by September 30, 2004.

5. Plaintiffs' Motion for Class Certification is set for hearing on October __, 2004 at _____.

_____<br>United States District Judge

1394733v1