UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Civil Action: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |

### AMGEN INC.'S CLARIFICATION REGARDING PLAINTIFFS' MEMORANDUM IN SUPPORT OF ENTRY OF PROPOSED CMO NO. 8

Amgen Inc. ("Amgen") submits this memorandum to clarify certain representations made by plaintiffs in their memorandum in support of entry of proposed CMO No. 8 – in particular, plaintiffs' assertion that Amgen has "just ignored" the Court's orders regarding discovery in this case. Because plaintiffs' assertion is flatly incorrect, Amgen files this paper to correct the record.

On November 21, 2003, the Court ordered discovery to proceed with respect to brand name Part B drugs that are reimbursed based upon average wholesale price. Promptly thereafter, on December 1, 2003 – *before* plaintiffs served discovery requests on the "new" defendants subject to discovery, including Amgen – Amgen filed a Motion for a Continued Limited Stay of Discovery Pending Ruling on its Individual Motion to Dismiss the Amended Master Consolidated Complaint. Thereafter, on December 3, plaintiffs served requests for production and interrogatories. Plaintiffs

filed an opposition to Amgen's motion on December 4, 2003, and Amgen filed a motion for leave to file a reply, as well as a reply memorandum, on December 10 (the motion for leave to file a reply was granted on December 12).

The Court entered an electronic order denying Amgen's motion for a continued stay of discovery on December 11, although neither the plaintiffs nor Amgen learned of the order for several weeks. In fact, Amgen was not made aware of the order until January 14, 2004, and then only as a result of a series of inquiries directed to the Court's clerk. In the meantime, far from "just ignoring" the Court's order or plaintiffs' requests as plaintiffs suggest, Amgen submitted timely responses to plaintiffs' requests on January 3, 2004, in order to preserve its objections.

Moreover, after learning of the Court's order, On January 15, 2004, *Amgen took the initiative* and called plaintiffs' counsel at Spector, Rosemen & Kodroff, PC in Philadelphia to advise them of the status of Amgen's motion. At the same time, Amgen requested and *plaintiffs agreed* to an extension of time within which Amgen could file its supplemental written responses to plaintiffs' pending discovery requests. That deadline has since been extended by agreement of the parties (as recently as last week), although Amgen has in the meantime diligently searched for and has begun compiling documents responsive to those requests. Amgen expects to begin a rolling production of documents to plaintiffs within in the next several weeks.

Contrary to the plaintiffs' representation, Amgen did not and has not "just ignored" the Court s order regarding discovery. Rather, it promptly responded, both to the Court and counsel, following the November 21, 2003 order, and has, since that time, proceeded with discovery in accordance with specific agreements reached with

plaintiffs' counsel. The plaintiffs' assertions to the contrary are, quite simply, unsupported and incorrect.

Respectfully submitted,

*[signature]*

Frank A. Libby, Jr.
Douglas S. Brooks
Kelly, Libby & Hoopes, P.C.
175 Federal Street, 8th Floor
Boston, Massachusetts 02110
Telephone: (617) 338-9300
Facsimile: (617) 338-9911

Joseph H. Young
Steven F. Barley
Hogan & Hartson L.L.P.
111 S. Calvert St., Suite 1600
Baltimore, Maryland 21202
Telephone: (410) 659-2700
Facsimile: (410) 539-6981

Dated: March 8, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by ~~mail~~ hand on *March 8, 2004*

*[signature]*