## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) |
| | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) ) |
| | Judge Patti B. Saris |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF ENTRY OF PROPOSED CASE MANAGEMENT ORDER REGARDING PHASED DISCOVERY AND RELATED ISSUES

On March 8, 2004, the Court conducted a case management conference.  At the conference, the Court directed each side to file a suggested case management plan.  Plaintiffs' proposal, would notify Defendants of the identities of the phase one, or "fast track" Defendants and would suggest a schedule for the fast track, regular track and Together Rx aspects of the case.  Defendants' proposal would respond to the proposed schedules.

On March 12, 2004, Plaintiffs filed and served Plaintiffs' Proposed Case Management Order Regarding Phased Discovery and Related Pretrial Issues ("CMO").  This memorandum briefly explains the reasoning behind that proposal.

### A.    The Phasing of Discovery

At the conference, the Court indicated that the parties' proposals regarding case management were not consistent with what the Court envisioned for a case management plan. Plaintiffs had proposed a sampling of 88 drugs from all Defendants as part of Phase 1.

- 1 -

Defendants had proposed that Phase 1 consist of proceeding on one or two drugs selected from each Defendant.

After discussion the Court directed the parties to file a plan that included four elements: (1) a "fast track" plan that would litigate all the drugs at issue for five Defendants, with Defendants being free to add others to the "fast track" if they wished to do so; (2) the identification of the "fast track" Defendants; (3) a "regular track" that moves the case forward for the remaining Defendants, and; (4) a track dealing with Together Rx that avoids lengthy and perhaps unnecessary discovery of all 170-plus Together Card Drugs.

Plaintiffs' proposed CMO tracks the Court's request.  In section I.2, Plaintiffs set forth the fast track and regular track concepts, and Section III identifies the fast track Defendants.

Section I.3 of the proposed CMO reflects the scope of discovery for Together Rx. Consistent with the Court's March 8, 2004 instructions, Plaintiffs' discovery efforts relating to their antitrust claims will primarily focus on the creation, existence, and maintenance of the Together Rx conspiracy.  Plaintiffs, *inter alia*, will demand that the Together Rx Defendants (including Together Rx, LLC) produce all information and documents which relate to their respective establishment of and participation in the Together Card Program, as well as the role of McKesson Health Solutions Arizona Inc. (the Program's administrator).  The Together Rx Defendants will also be asked to produce information and documents concerning their respective decisions to include particular drugs in the Together Card Program.  Together Card Program enrollment/membership information will also be sought.

As indicated to the Court on March 8, 2004, Plaintiffs will not currently seek information and documents from the Together Rx Defendants relating to marketing and promotional practices *for any* individual Together Card Drug; this will avoid what Defendants apparently

- 2 -

perceived as a huge vertical discovery burden to produce marketing and promotional materials for about 170 drugs. However, Plaintiffs will seek horizontal discovery across Defendants' products (including the Together Card Drugs) of information that is easily retrievable by these companies and that goes to the heart of the liability and class issues for the Together Rx matter: (1) sales information, reflecting both volume and dollars; (2) pricing information, including AWP and WAC; (3) discount information; and (4) market share information. Plaintiffs believe such data may be produced electronically by the Together Rx Defendants, with no undue burden.

**B.     Specific Rules Are Desperately Needed to Meet Any Deadlines and to Have the Litigation Run Smoothly**

As Plaintiffs indicated during the status conference, any timetable the Court adopts will not be met unless there are specific and firm rules established for the future conduct of this litigation, rules that apply equally to all parties.

**1.     Time Set to Respond to Written Discovery**

In the past, Defendants have often delayed in filing written responses to discovery. These delays then, in turn, delay production. A firm deadline will serve to compel compliance with the case schedule. Such a deadline is imposed by Section II.1 and 2.

**2.     Prompt Production of 30(b)(6) Witnesses**

The Proposed CMO, Section II, par. 9, provides as follows:

> 9.      Each defendant shall if called upon to do so, produce 30(b)(6) witnesses within 45 days of such a request.

In the past, Plaintiffs' deposition notices were either ignored or were met with undue delay in obtaining a commitment for production of a witness. To date, despite repeated efforts to do so, not one 30(b)(6) witness has yet been produced. Such depositions are a predicate to streamlining discovery down the road. Without a firm deadline, Defendants will drag their feet.

- 3 -

### 3.   Rules on Redaction and Legibility

The Proposed CMO, Sections II.3 and 4, provide as follows:

> 1.   There shall be no redaction of documents on any basis other than a bona fide claim of a recognized lawful privilege. Among other things, there shall be no redaction of documents on the basis of a claim of irrelevancy, or on the basis of a claim that a portion of the document contains information as to non-Phase 1 drugs.
>
> 2.   No party shall stamp "confidential" or watermark on the text of documents, but will do so at the bottom or on a margin so as to not render the text of a document illegible or hard to read.

Defendants have in some instances engaged in heavy redaction, including redaction of the names of drugs that were not yet subject to discovery. Now duplicate productions will have to be made to produce the same documents in unredacted form. This is wasteful and the redaction of documents should be confined to the few circumstances where it is legitimate. Other Defendants obscure documents with stamps. *See* Ex. A hereto.

### 4.   Producing in Electronic Format

The Proposed CMO, Section II.5, provides:

> 5.   Any documents available in an electronic format shall be so provided in that format, *i.e.*, in an identical, usable electronic format. If issues regarding compatibility of computer systems and software arise, the producing party shall contact the other party and resolve those matters.

Defendants are sophisticated companies that manage all of their records electronically. There is no reason for production of documents that are not in an electronic format and the production of such information will actually reduce the expense of this litigation by eliminating paper production and it will expedite review and hence the progress of this litigation.

-4-

## 5.    Prompt Production of Documents and a Privilege Log

The Proposed CMO, Section II.7 and 8, provides:

> 7.    A responding party to an initial document request shall complete production of all documents within ninety (90) days of service of such request.

> 8.    Privilege logs shall be provided 14 days after a production, and shall cover each document withheld from production, as well as each redaction from a document produced. A production occurs when a group of documents is provided to another party. A log shall be accompanied by an affidavit(s) sufficient to make a prima facie claim of privilege over each document and each redaction withheld from production.

Based on experience to date, document production has been dragging.  Five to six months for even the start of production has not been unusual.  A set deadline is imperative if a schedule is to be kept.  So far, not one privilege log has been produced.  There is no reason for not requiring logs to accompany the production.

## 6.    Prompt Production of Deposition Witnesses

The Proposed CMO, Section II, Par. 10, provides as follows:

> 10.    A party may provide a "three-week deposition notice" under which such party provides at least 21 days notice for a proposed deposition.  A responding party may suggest an alternative date no later than seven more days from the original notice.  Absent relief obtained from this Court *before* the date for such deposition, a party shall be subject to appropriate discovery sanction(s) for failing to produce the witness on the date, or rescheduled date, for such deposition.

Experience to date indicates that unless the parties have a deadline for producing a witness intolerable delays for confirming a deposition date will be routine and any schedule will be imperiled.

1534.16 0045 MTN.DOC

**C.     Scheduling of Class Certification and Dispositive Motions**

Plaintiffs need to take discovery to demonstrate in support of their class motion the common practices engaged in by each Defendant with respect to the manipulation of AWP. Some of the fast track Defendants have yet to produce any documents, others have produced for one or two drugs.  Assuming that Defendants actually meet the rules in Section II regarding deadlines for production of documents and deposition witnesses, Plaintiffs believe that they can conduct the discovery necessary to support a class motion so that the motion can be filed by October 1, 2004.

The other major date proposed is a fact discovery cutoff for Phase 1 of January 15, 2005. Plaintiffs believe this schedule is tight but attainable.  As for the "regular track," Plaintiffs believe that discovery should proceed at a slower pace with the resolution dates, class certification, close of fact discovery, to be set after the parties have had the benefit of the Court's ruling on the class certification motion.

## II.     CONCLUSION

Plaintiffs respectfully submit that the Proposed CMO will advance the proper litigation of this case in a meaningful and timely fashion.

DATED:       March 16, 2004.

By

Thomas M. Sobol
Edward Notargiacomo
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA  02110
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003

- 6 -

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Kevin P. Roddy
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Samuel Heins
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

Eugene A. Spector
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

**CHAIRS OF LEAD COUNSEL
COMMITTEE**

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Elizabeth Fegan Hartweg
The Wexler Law Firm
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone:  (312) 346-2222
Facsimile:  (312) 346-0022

**MEMBERS OF LEAD COUNSEL
COMMITTEE AND EXECUTIVE
COMMITTEE**

Michael McShane
Alexander, Hawes & Audet, LLP
300 Montgomery Street, Suite 400
San Francisco, CA  94104
Telephone:  (415) 982-1886
Facsimile:  (415) 576-1776

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
Shreveport, LA 71103
Telephone:  (318) 226-0826
Facsimile:  (318) 424-9900

**MEMBERS OF EXECUTIVE COMMITTEE**

Anthony Bolognese
Bolognese & Associates
One Penn Center
1617 JFK Boulevard, Suite 650
Philadelphia, PA  19103
Telephone:  (215) 814-6750
Facsimile:  (215) 814-6764

Michael J. Flannery
Carey & Danis, LLC
676 N. Michigan Ave., Suite 3110
Chicago, IL  60611
Telephone:  (312) 649-0100
Facsimile:  (312) 664-7731

- 8 -

Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Ave., N.E., Suite 300
Washington, D.C. 20002
Telephone:  (202) 789-3960
Facsimile:  (202) 789-1813

Neal Goldstein (Of Counsel)
Freedman & Lorry, PC
400 Market Street, Suite 900
Philadelphia, PA 19106
Telephone:  (215) 925-8400
Facsimile:  (215) 925-7516

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL  33134
Telephone:  (305) 357-9000
Facsimile:  (305) 357-9050

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street, Suite 1700
San Diego, CA  92101
Telephone:  (619) 338-1133
Facsimile:  (619) 338-1139

Jonathan D. Karmel
Karmel & Gilden
221 N. LaSalle Street, Suite 1414
Chicago, IL  60601
Telephone:  (312) 641-2910
Facsimile:  (312) 641-0781

G. Mark Albright
Albright, Stoddard, Warnick & Albright
Quail Park 1, Building D-4
801 South Rancho Drive
Las Vegas, NV  89106
Telephone:  (702) 384-7111
Facsimile:  (702) 384-0605

- 9 -

Dianne M. Nast
Roda & Nast, PC
801 Estelle Drive
Lancaster, PA 17601
Telephone: (717) 892-3000
Facsimile: (717) 892-1200

Henry H. Rossbacher
Rossbacher & Associates
811 Wilshire Blvd., Suite 1650
Los Angeles, CA 90017-2666
Telephone: (213) 895-6500
Facsimile: (213) 895-6161

Jonathan Shub
Sheller, Ludwig & Badey, P.C.
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102
Telephone: (215) 790-7300
Facsimile: (215) 546-0942

Scott R. Shepherd
Shepherd & Finkleman, LLC
117 Gayley Street, Suite 200
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883

Lisa J. Rodriguez
Ira Neil Richards
Trujillo Rodriguez& Richards, LLC
The Penthouse
226 West Rittenhouse Square
Philadelphia, PA 19103
Telephone: (215) 731-9004
Facsimile: (215) 731-9044

Mitchell A. Toups
Weller, Green, Toups & Terrell, L.L.P.
2615 Calder Street, Suite 400
P.O. Box 350
Beaumont, TX 77704
Telephone: (409) 838-0101
Facsimile: 409-838-6780

1534.16 0045 MTN.DOC

Damon Young
Lance Lee
Young, Pickett & Lee
4122 Texas Boulevard
P.O. Box 1897
Texarkana, AR/TX  75504
Telephone:  (903) 794-1303
Facsimile:  (903) 792-5098; (903) 794-5098

**ADDITIONAL ATTORNEYS FOR
PLAINTIFFS**


### CERTIFICATE OF SERVICE

I hereby certify that I, Thomas M. Sobol, an attorney, caused a true and correct copy of the foregoing Plaintiffs' Memorandum in Support of Entry of Proposed Case Management Order Regarding Phased Discovery and Related Issues to be served on all counsel of record electronically on March 16, 2004, pursuant to Section D of Case Management Order No. 2.

Thomas M. Sobol, Esq.
**HAGENS BERMAN LLP**
225 Franklin Street, 26th Floor
Boston, MA  02110
Telephone: (617) 482-3700

1534.16 0045 MTN.DOC