UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) MDL NO. 1456<br>Civil Action No. 01-12257-PBS |

## CASE MANAGEMENT ORDER NO. 10

This matter comes before the Court following its ruling on the defendants' motions to dismiss the Amended Master Consolidated Complaint ("AMCC"). The Court enters the following schedule and Order to govern the remaining pre-trial stages of the Master Consolidated Class Action.

### I. TIMING OF DISCOVERY AND MOTION PRACTICE

1. The pretrial coordination or consolidation of the Master Consolidated Class Action shall proceed on three tracks as described below in Sections III (Track 1 Defendants), IV (Track 2 Defendants) and V (Track 3 – Together Rx). These three tracks shall apply for purposes of the following pretrial stages: (a) discovery, (b) briefing and adjudication of any motion(s) for class certification pursuant to Fed. R. Civ. P. 23, and (c) briefing and adjudication of motions for summary judgment pursuant to Fed. R. Civ. P. 56.

### II. ADDITIONAL DISCOVERY RULES

1. Track 1 Defendants previously subject to Case Management Orders Nos. 5 and 7 (relating to production of documents produced to governmental bodies concerning AWP matters), are directed to supplement their productions by making any such documents that relate to the Defendant's products set forth in Appendix A to the AMCC and were not previously produced available to counsel for the plaintiffs for inspection and photocopying within 45 days of the date of this order. Track 2

Defendants shall similarly supplement their productions under CMOs 5 and 7 within 90 days of the date of this order. To the extent that agreements between the parties or rulings by the Court limit the scope of discovery or the scope of the drugs subject to discovery, defendants' obligations hereunder shall be similarly limited, as applicable. Individual defendants who wish to seek relief from this provision of this Order shall file any such motion for relief within thirty (30) days of entry hereof.

2. Drugs subject to discovery shall include all of the NDCs for a defendant's products that are set forth in Appendix A to the AMCC.

3. Unless otherwise agreed by the parties, documents maintained in the usual course of business in an electronic form may be produced in an electronic format.

4. Privilege logs shall be provided 14 days after completion of a production, and shall cover each document withheld from production, as well as each redaction from a document produced. No defendant shall be required to create a privilege log with respect to its CMO 5 production that was not produced to a government agency in the first instance.

### III. TRACK 1

1. The "Track 1 Defendants" shall consist of AstraZeneca Pharmaceuticals LP, Bristol-Myers Squibb Co., SmithKline Beecham Corporation (d/b/a GlaxoSmithKline), one defendant company in the "Schering Plough Group" to be selected by plaintiffs, and one defendant company in the "Johnson & Johnson Group" to be selected by plaintiffs. Unless otherwise agreed by the parties, discovery with respect to the additional operating companies that are identified in the AMCC as affiliated with the Track 1 Defendants shall proceed on the Track 2 schedule set forth in Section IV below.

2. The Court intends for the Track 1 pretrial stages to proceed on the Track 1 Schedule set forth in paragraph III.5 below. However, the Court recognizes that it will be impossible for the parties

to comply with the Track 1 Schedule if the parties engage in unlimited discovery on all drugs identified in the AMCC for the Track 1 Defendants.  Accordingly, the Court intends for reasonable guidelines to be placed on (1) the number of drugs subject to discovery in Track 1, and/or (2) the scope of discovery in Track 1.

3. In order to establish appropriate discovery guidelines expeditiously, Plaintiffs shall serve their initial document requests on the Track 1 Defendants within 7 days of the date of this order.  Within 15 days of service of the document requests, the parties shall meet and confer on the document requests, on an individual defendant-by-defendant basis when appropriate, to establish reasonable guidelines for Track 1 discovery as described above, if necessary to complete discovery within the Track 1 deadlines.  If the parties are unable to establish such guidelines by agreement, they shall present their respective positions to the Magistrate Judge or Special Master assigned to this matter as soon as practicable.

4. The Track 1 Defendants shall make a good faith effort to begin a rolling production within 30 days following the meet and confer described in paragraph III.3 above, and to complete production within 120 days of the meet and confer, provided that the parties are able to reach an agreement during the meet and confer on the guidelines for Track 1 discovery.

5. Provided that reasonable guidelines for discovery are established pursuant to paragraph III.2 and III.3 above, the Track 1 Schedule shall be as follows:

    a. Plaintiffs' shall file and serve their motion for class certification with respect to the claims asserted in the AMCC against the Track 1 Defendants together with all expert affidavits or reports in support thereof no later than **September 1, 2004**, and shall produce all such experts for deposition as soon thereafter as practicable, but in any event no more than thirty (30) days following service of the affidavits or reports.

    b. Defendants shall file and serve their opposition to class certification together with all expert affidavits or reports in support thereof by **October 15, 2004**, and shall produce all such

-3-

experts for deposition as soon thereafter as practicable, but in any event no more than thirty (30) days following service of the affidavits or reports.

      c.      Plaintiffs shall file and serve their reply by **November 22, 2004**.

      d.      Defendants shall file and serve any surreply by **December 10, 2004**.

      e.      The Court shall conduct a hearing on **December __, 2004** at ___.

      f.      Fact discovery shall be completed by **February 1, 2005**.

      g.      Plaintiffs' expert affidavits or reports on the merits shall be served by **February 8, 2005,** and plaintiffs shall produce all such experts for deposition as soon thereafter as practicable, but in any event no more than thirty (30) days following service of the affidavits or reports.

      h.      Defendants' expert reports on the merits shall be served by **March 15, 2005,** and defendants shall produce all such experts for deposition as soon thereafter as practicable, but in any event no more than thirty (30) days following service of the affidavits or reports.

      i.      Expert discovery shall be completed by **April 15, 2005**.

      j.      Motions for summary judgment shall be filed and served by **April 22, 2005**.

      k.      Oppositions shall be filed and served by **May 20, 2005**.

      l.      Replies shall be filed and served by **June 3, 2005**.

      m.      Any surreply shall be filed and served **by June 10, 2005**.

### IV. TRACK 2

1.      The "Track 2 Defendants" shall consist of all defendants named in the AMCC other than Together Rx that are not identified as Track 1 Defendants in paragraph III.1 above and were not otherwise dismissed by the Court pursuant to the February 24, 2004 Memorandum and Order. Consistent with this Court's February 24, 2004 Memorandum and Order, no discovery shall be taken of dismissed Defendant Hoffmann-La Roche Inc., or its products.

2.      Consistent with paragraph III.2 above, the Court intends for reasonable guidelines to be established for discovery of the Track 2 Defendants. The parties shall meet and confer to discuss additional guidelines for Track 2 discovery, on an individual defendant-by-defendant basis if appropriate, within 30 days of the Track 1 meet and confer referenced in paragraph III.3. Absent an

agreement between the parties to the contrary, discovery of the Track 2 Defendants shall be limited to those drugs specified in the AMCC at Appendix B for which a plaintiff purchaser has been alleged. Additional discovery of Track 2 defendants will be considered following the Court's ruling on class certification with respect to the Track 1 Defendants. Disputes over discovery guidelines for Track 2 shall be resolved in the manner described in paragraph III.3.

3. Discovery of Track 2 Defendants shall be staggered behind that of Track 1 Defendants to allow the Court's rulings during the Track 1 discovery, class certification and summary judgment stages to assist in narrowing the issues involving Track 2 Defendants. The scheduling of Tract 2 discovery shall also be discussed at the meet and confer(s) referenced in paragraph IV.2. Subject to modifications made by the Court to the Track 1 discovery schedule, fact discovery relating to claims asserted in the AMCC against the Track 2 Defendants shall be completed by December 16, 2005.

4. After the Court's ruling on the Track 1 class certification motion, the parties shall propose a case management order for the briefing and adjudication of class certification and summary judgment with respect to the claims asserted in the AMCC against the Track 2 Defendants.

### V. TRACK 3 – TOGETHER RX

1. The "Track 3 Defendants" shall consist of Together Rx and its member companies (the "Together Rx Defendants") with respect to claims asserted in Counts V-VIII and Count X of the AMCC (the "Together Rx Claims"). Discovery and the briefing and adjudication of class certification and summary judgment with respect to the Together Rx Claims shall proceed on the Track 3 Schedule set forth in paragraph V.3 below.

2. Discovery relating to the Together Rx Claims shall be limited to discovery relating to: 1) plaintiffs' allegations of an antitrust conspiracy, and 2) general Together Rx practices and policies,

-5-

including each of the Together Rx Defendants' practices and policies relating to their participation in Together Rx.  Except to the extent that discovery of a Together Rx Defendant is permitted with respect to non-Together Rx claims under Section III above, there shall be no product-specific discovery relating to the Together Rx drugs, unless and until the Together Rx Defendants inform the Court that they intend to argue in opposition to the certification of any Together Rx class(es) that product-specific differences would prevent the certification of any such Together Rx class(es).

3.   Subject to the limitations set forth in paragraph V.2 above, the Track 3 Schedule shall be as follows:

a.   Fact discovery shall be completed by **December 1, 2004**.

b.   Plaintiffs' shall file and serve their motion for class certification with respect to the Together Rx Claims together with all expert affidavits or reports in support thereof no later than **December 1, 2004**, and shall produce all such affiants for deposition as soon thereafter as practicable, but in any event no later than **January 14, 2005**.

c.   Defendants shall file and serve their opposition to class certification together with all expert affidavits in support thereof by **January 28, 2005**, and shall produce all such affiants for deposition as soon thereafter as practicable, but in no event more than thirty (30) days following service of the affidavits.

d.   Plaintiffs shall file and serve their reply by **March 7, 2005**.

e.   Defendants shall file and serve any surreply by **March 21, 2005**.

f.   The Court shall conduct a hearing on **April __, 2005 at ___.**

g.   Plaintiffs' expert reports on the merits shall be served by **May 9, 2005**.

h.   Defendants' expert reports on the merits shall be served by **June 8, 2005**.

i.   Expert discovery shall be completed by **July 8, 2005**.

j.   Motions for summary judgment may be filed at any time, but in no event later than **July 15, 2005**.

    k. Oppositions to the motions for summary judgment shall be filed and served by **August 13, 2005**, but in no event later than 30 days following service of a motion for summary judgment.

    l. Replies to the motions for summary judgment shall be filed and served by **August 26, 2005**, but in no event later than 15 days following service of an opposition to a motion for summary judgment.

    m. Any surreply shall be filed and served by **September 12, 2005**, but in no event later than 15 days following service of an opposition to a motion for summary judgment.

### VI. MISCELLANEOUS

    1. Defendants shall file answers to the AMCC filed on January 22, 2004 by April 9, 2004.

    2. This Order does not authorize discovery directed toward any defendant or product not named in the AMCC.

                 _____
                 United States District Judge