# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | MDL No. 1456 |
| | Civil Action No. |
| | 01-CV-12257-PBS |
| THIS DOCUMENT RELATIONS TO ALL ACTIONS | ) ) ) ) |
| | Judge Patti B. Saris |

### DEFENDANTS WARRICK PHARMACEUTICALS CORPORATION AND SCHERING-PLOUGH CORPORATION'S MEMORANDUM IN SUPPORT OF DEFENDANTS' PROPOSED CASE MANAGEMENT ORDER NO. 10

Warrick Pharmaceuticals Corporation ("Warrick") and Schering-Plough Corporation ("Schering") submit this memorandum in support of Defendants' Proposed Case Management Order No. 10 and in opposition to Plaintiffs' Proposed Case Management Order Regarding Phased Discovery and Related Pretrial Issues ("Plaintiffs' Proposed CMO"). Schering and Warrick join in the arguments set forth in Defendants' Memorandum in Support of Defendants' Proposed CMO #10, and write separately to oppose Plaintiffs' Proposed CMO on the ground that it violates the Court's directive at the March 8, 2004 hearing to develop a discovery plan providing for a Phase I "trial balloon" consisting of five defendants. It does so in part by treating Schering and Warrick – two separate defendants that price and market drugs differently – as a single defendant "group" for purposes of identifying "fast track" companies. Schering and Warrick ask the Court to require Plaintiffs to choose a single company as the fifth defendant required to proceed on the Phase I "fast track."

## BACKGROUND

At the hearing on March 8, 2004, the Court directed Plaintiffs to develop a case management proposal that would place five defendants on a "fast track" as "trial balloon[s]."

<u>See</u> Transcript of Status Conference on March 8, 2004 ("Transcript" or "Tr.") at 14, the relevant pages of which are attached hereto as <u>Exhibit A</u>.  The Court adopted this approach in order to ensure that the number of defendants and drugs at issue in Phase I expedited proceedings would remain manageable.

Plaintiffs have – once again – pushed a directive from this Court well beyond its letter and spirit.  Rather than choosing five individual defendants, thereby substantially narrowing the number of drugs on which expedited discovery will take place, Plaintiffs have expanded significantly the scope of the "test case" envisioned by the Court by naming five "groups" of defendants for a total of fourteen separate companies.  In doing so, Plaintiffs seek to place 136 of the 321 drugs identified in the AMCC on the "fast track."  For the reasons set forth below, Plaintiffs' effort to expand the number of Phase I companies by naming Schering and Warrick as a defendant "group" should be rejected.  Plaintiffs should be required to choose a single defendant to occupy each slot on the "fast track."

<u>ARGUMENT</u>

**I.      Schering and Warrick Have Distinct Pricing and Marketing Practices, and Have Acted Separately and Been Treated Separately by Plaintiffs and by This Court**

Although Warrick is Schering's wholly-owned subsidiary, Schering and Warrick have acted separately during the course of this lawsuit, and for good reason.  As the Court observed at the March 8 status conference, "each defendant does it [pricing and marketing] a little differently."  Tr. 29.  Schering and Warrick are no exception.  Schering is a research-based company engaged in the discovery, development, manufacturing and marketing of pharmaceutical products worldwide.  It discovers and sells "branded" single-source drugs that enjoy market exclusivity during the lifetime of their patents.  Warrick, in contrast, sells and distributes only multiple-source "generic" pharmaceuticals.  As has been discussed in the briefs

submitted on the motions to dismiss in this case, the sale, distribution, and reimbursement of multiple-source "generic" drugs is entirely different from that of single-source "branded" drugs.

For that substantive reason, Schering and Warrick have acted separately during the course of this lawsuit, and both Plaintiffs and this Court have treated the two entities as separate defendants.  In each relevant instance, Schering and Warrick have submitted separate defendant-specific memoranda in support of the various motions to dismiss.  See, e.g., Docket Nos. 297, 299, 457, 508, 551 and 616.  Plaintiffs have thus far directed discovery solely to Schering, not Warrick, and Schering has responded to those requests on its own behalf and not on Warrick's behalf.  Indeed, when Plaintiffs filed a motion to compel before deciding to propound discovery only on Schering, it was explicitly directed at Schering and Warrick separately.  See Docket No. 526.  The Court also has treated Schering and Warrick separately.  In ruling on the defendants' Motion to Dismiss the Master Consolidated Complaint, the Court separately dismissed each of Schering and Warrick from the Class One Claims.  See Docket No. 362.  Perhaps most tellingly, Plaintiffs' own proposal for a "test case" scenario, submitted prior to the March 8 status conference, included only Schering, not Warrick.  Nevertheless, Plaintiffs now name the "Schering-Plough Group" in an effort to fit two separate companies into a single slot of the five allotted for "fast track" discovery, thereby shoehorning as much of this massive case as possible into the "trial balloon" contemplated by this Court.

The two defendants Schering and Warrick should not be treated as one entity.  Their pricing, marketing, and distribution are entirely separate and entirely different, and determinations made as to one company in this litigation will have no bearing on the other.  Moreover, it is unfair and unnecessary to subject both companies to the burden of expedited discovery on the entire range of their drugs.  Courts do and should respect the independent

corporate structure between a parent corporation and its subsidiaries.  See, e.g., Schaefer v.

Cybergraphic Systems, Inc., 886 F. Supp. 921, 924 (D. Mass. 1994).

## II.   If Schering and Warrick Are Both on the "Fast Track," Plaintiffs' Proposed Schedule Is Unworkable

Schering and Warrick cannot both meet the accelerated schedule Plaintiffs seek to

impose, which calls for the close of fact discovery by January 21, 2005.  Although either

company is willing to undertake that effort as directed by the Court, both simply cannot do so.

Plaintiffs' efforts to take broad discovery with respect to each of twenty-eight different Schering

and Warrick drugs will jeopardize the entire schedule.  Of those drugs, eighteen are Schering

products and ten are Warrick products.[1]  Schering has already been required to expend

substantial resources to begin to collect and produce documents relating to the two drugs that

have been subject to discovery since November 2003 – Intron A and Temodar.  Schering has

collected and begun to review millions of pages of documents from the business unit responsible

for these oncology products, but it has not, under this Court's rulings, previously been required

to collect documents from the substantially larger business units responsible for its other

products identified in the AMCC   Moreover, because Plaintiffs have not previously served any

discovery requests on Warrick, not a single Warrick document has been collected specifically for

this litigation, and that additional substantial effort would have to start from scratch.

Plaintiffs' proposal would make a "trial zeppelin" out of Schering and Warrick.  It will

impose impossible burdens on these two companies, and it will sink the "test case" ordered by

this Court.  Schering and Warrick urge the Court to require Plaintiffs to do precisely what it

directed them to do:  chose five – and only five – defendants to proceed on the "fast track."

---

[1] If broken down by the NDCs listed in Appendix A, there are seventy-nine separately packaged and marketed Schering drugs and thirty separately packaged and marketed Warrick drugs.  If "all NDCs" were to be included, as Plaintiffs propose, there are nearly two hundred separately packaged and marketed Schering drugs and nearly one hundred separately packaged and marketed Warrick drugs.

## **CONCLUSION**

For the foregoing reasons, Schering and Warrick respectfully request that the Court order Plaintiffs to choose a single company – Schering, Warrick, or a replacement company of their choice – as the fifth defendant on the "fast track."

Respectfully Submitted,

/s/ John T. Montgomery
John T. Montgomery (BBO#352220)
  jmontgomery@ropesgray.com
Brien T. O'Connor (BBO#546767)
  boconnor@ropesgray.com
Crystal D. Talley (BBO#633759)
  ctalley@ropesgray.com
John R. Therien (BBO#651185)
  jtherien@ropesgray.com
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated:  March 22, 2004