```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


                                    )
IN RE PHARMACEUTICAL INDUSTRY       )     MDL NO. 1456
AVERAGE WHOLESALE PRICE             )     CIVIL ACTION NO.
LITIGATION                          )     01-12257-PBS
                                    )
```

## CASE MANAGEMENT ORDER NO. 10

March 25, 2004

Saris, U.S.D.J.

### I. PHASING OF DISCOVERY

1. Discovery shall be permissible with respect to all parties, claims and issues not dismissed under the February 24, 2004 Memorandum and Order. Discovery, motion practice and trial shall occur in two phases.

2. Phase 1 shall consist of a "fast track" in which five Defendants will litigate all phases of the case through summary judgment. The cases against those five companies shall proceed on the Phase 1 schedule set below. Phase 2 shall consist of a "regular track."

3. The case is referred to Chief Magistrate Judge Bowler for case management and all non-dispositive matters.

### II. ADDITIONAL DISCOVERY RULES

1. To the extent they have not done so, all Defendants are directed to supplement their document productions under the order of this Court dated October 28, 2002 (relating to production of

documents produced to governmental bodies concerning AWP matters) by producing all documents relating to any drugs in Appendix A to the AMCC, and all non-privileged documents relating to any drugs, produced by any Defendant in response to recent subpoenas issued by the House Energy and Commerce Committee, or any other governmental body.  Defendants shall make these documents available to counsel for the Plaintiffs for inspection and photocopying within 30 days.

    2.   The identification of a drug on the Phase 1 list includes all NDC's for that drug, including NDC's not in the AMCC.

    3.   Any documents available in an electronic format shall be so provided in that format, i.e., in an identical, usable electronic format.  If issues regarding compatibility of computer systems and software arise, the producing parties shall confer to resolve the matters.

    4.   A responding party to an initial document request shall complete production of all documents within sixty (60) days of service of such request.  Any dispute over the document request (i.e., overbreadth or burden) shall be presented to the magistrate judge within 30 days after service of the request after the parties have conferred.  Even if there is a dispute over a document request, the undisputed documents shall be produced within 60 days.

5.  Privilege logs shall be provided 14 days after a production, and shall provide reasons for each document withheld from production, as well as for each redaction from a document produced.  There shall be no redaction of documents by any party on any basis other than a bona fide claim of a recognized lawful privilege.  No stamps of "confidential" or the like shall be on the text of a document.  All documents shall be produced in their original size.

6.  Each Defendant shall produce 30(b)(6) witnesses within 45 days of such a request.

7.  A party shall provide a "three week deposition notice" under which such party provides at least 21 days notice for a proposed deposition.  A responding party may suggest an alternative date no later than seven more working days from the original notice.  The parties shall confer in good faith.  Any motion for a protective order shall be filed at least five working days before the scheduled deposition; any response shall be filed within two working days.

8.  No deposition of a witness by a deposing party shall be longer than twenty-one hours unless agreed by the parties or permitted by court order.  The non-deposing party shall have seven hours for cross-examination.  There shall be two hours for re-direct and two hours for re-cross.

### III.   PHASE 1 SCHEDULE

The following five companies from the AMCC are subject to the Phase I fast track: AstraZeneca; the BMS Group (Bristol-Myers, OTN and Apothecon); the GSK Group (GlaxoSmithKline, SmithKline Beecham and Glaxo Wellcome); the Johnson and Johnson Group (J&J, Centocor and Ortho); and the Schering-Plough Group (Schering and Warrick).

The schedule shall be as follows for Phase I:

1.   Plaintiffs' Motion for Class Certification on Phase 1 shall be filed by September 3, 2004.

2.   Plaintiffs' Disclosure of Expert Reports in Support of Motion for Class Certification filed by September 3, 2004.

3.   Discovery of Plaintiffs' Experts on Class Certification completed by October 4, 2004.

4.   Defendants' Opposition to class certification to be filed by October 25, 2004, along with any expert reports.

5.   Discovery of Defendants' experts completed by November 23, 2004.

6.   Plaintiffs' Reply on Class Certification filed by December 1, 2004.

7.   Any surreply shall be filed by December 8, 2004.

8.   Hearing on Class Certification on December 17, 2004 at 2:00 p.m.

9.   Close of Phase 1 Fact Discovery on January 30, 2005.

10. Plaintiffs serve liability expert reports on January 31, 2005.

11. Defendants serve expert reports on liability on February 28, 2005.

12. Close of Expert Discovery on March 30, 2005.

13. Summary Judgment Motions filed no later than April 15, 2005.

14. Oppositions due May 2, 2005.

15. Replies due on May 16, 2005.

16. Any surreply on May 30, 2005.

17. Hearing on Motions for Summary Judgment on June 8, 2005 at 2:00 p.m.

### IV. PHASE 2 SCHEDULE

1. After the Court's ruling on the Phase 1 certification motion, the Court shall set a Phase 2 briefing schedule on class certification.  Plaintiffs shall be prepared to file the motion for class certification within sixty (60) days of the Court's ruling.

2. Fact discovery on Phase 2 will close on October 3, 2005. Plaintiffs shall file expert reports on November 1, 2005. Defendant shall file expert reports on December 1, 2005. Expert discovery shall be completed by January 16, 2006. Any motion for summary judgment shall be filed by January 30, 2006. Any opposition shall be filed by February 12, 2006. Any reply by

February 27, 2006, and the sur-reply by March 13, 2006.

## V.   Together Rx

After some reflection, I have placed the Together Rx program on the regular track.  As I read the two proposals, creation of a third track seems unwieldy and confusing.  In particular, the issues involving product-specific discovery for 170 drugs involved in the Together Rx program seem too complex to resolve on a fast track.  Nothing in this order precludes Defendants from moving for summary judgment earlier.

## VI.   MISCELLANEOUS

To protect the integrity of the MDL process, Defendants shall notify the Plaintiffs and the Court in writing of any attempts to settle any of the claims before this Court in another jurisdiction upon commencement of such discussions.  Failure to do so may result in injunctive relief, contempt sanctions, and refusal to give any judgment preclusive effect.

## VII.   BRIEFING

No brief shall be longer than 20 pages, unless advance permission of the Court is obtained.

## VIII.   MEDIATION

Within 30 days, the fast track parties shall propose a process and schedule for mediation.

## IX.   CASE MANAGEMENT

The case management order is applicable to all related cases

brought by the state and county governmental entities.  When I resolve the pending motions, I will enter a separate case management order.

                                                        **S/PATTI B. SARIS**
                                                        United States District Judge