## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456 |
| | ) | Civil Action No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATIONS TO ALL ACTIONS | ) ) ) | Judge Patti B. Saris |

### DEFENDANTS' REQUEST FOR WRITTEN ORDER ON PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER REGARDING SUBPOENAS TO PUTATIVE CLASS MEMBERS

On December 3, 2003, Plaintiffs filed their Motion for a Protective Order Regarding Subpoenas to Putative Class Members [Docket No. 632] and supporting papers. Defendants opposed that motion on January 9, 2004 [Docket No. 687], and the Court denied the Motion in open court at the status conference on March 8, 2004.[1] See Transcript of Proceedings [Docket No. 740] at pages 48-50, copies of which are attached hereto as Exhibit A.

Numerous third-parties have been awaiting the Court's resolution of the Motion before beginning their document productions. Given the pace of discovery for the case in general and for "fast track" defendants particularly, it is imperative that those third-parties begin their document productions immediately. Defendants can best accomplish this objective by sending those third-parties an order issued by this Court. Attached as Exhibit B is a proposed form of order.

---

[1] Defendants represented in open court and confirm that they do not plan to seek discovery of elderly or infirm individuals.

1

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter the proposed order attached hereto as <u>Exhibit B</u> denying Plaintiffs' Motion for a Protective Order Regarding Subpoenas to Putative Class Members.

Respectfully Submitted,
ON BEHALF OF DEFENDANTS

March 31, 2004

By:  /s/ Lucy Fowler
Nicholas C. Theodorou, Esq. (BBO# 496730)
Lucy Fowler, Esq. (BBO# 647929)
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

D. Scott Wise, Esq.
Kimberley D. Harris, Esq.
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY  10017
(212) 450-4000

Attorneys for AstraZeneca Pharmaceuticals LP

## CERTIFICATE OF SERVICE

I certify that on March 31, 2004, a true and correct copy of the foregoing Motion for Entry of Case Management Order No. 10 was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

/s/ Lucy Fowler_____
Lucy Fowler

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for plaintiffs assents to this motion.

/s/ Lucy Fowler_____
Lucy Fowler

# EXHIBIT A

1

1          UNITED STATES DISTRICT COURT
           DISTRICT OF MASSACHUSETTS
2               MDL NO. 1456
             CA NO. 01-12257-PBS
3

4

5        _____

6                   IN RE:
            AVERAGE WHOLESALE PRICE
7          PHARMACEUTICAL LITIGATION

8        _____

9

10   BEFORE:  The Honorable Patti B. Saris

11

12              STATUS CONFERENCE

13

14

15       John Joseph Moakley United States Courthouse
                    Courtroom No. 13
16                  One Courthouse Way
                    Boston, MA 02210
17               Monday, March 8, 2004
                     3:07 P.M.
18

19                      .

20                 Cheryl Dahlstrom
                Official Court Reporter
              United States District Court
21             595 Main Street, Room 514
               Worcester, MA 01608-2076
22        Mechanical Steno - Transcript by Computer

23

24

25

1          Otherwise, whatever schedule you set, we're going to

2     be where we are now.  We just really haven't gotten very far,

3     I hate to report to the Court, because of a time lapse.  It

4     works both ways.  They're not happy with our responsiveness.

5     The rule applies to us as well.  I have a few other things

6     like this.

7          THE COURT:  I'm glad you reminded me of that.  I do

8     think -- one of the concerns I've had is on this issue of

9     ERISA preemption, not really knowing what's out there, what

10    the plans are, how much the plans will affect damages.  What

11    are the different kinds of plans?  Are they hinged on AWP?

12    Aren't they?

13         Normally, I'm not sympathetic to class discovery.  In

14    this case it may be critical to understanding not just

15    preemption issues but also what's typical.  And so I do think

16    you need to be responsive to producing plans at the very least

17    or a few -- I don't even know if there are different kinds of

18    ERISA plans even among the plaintiffs.

19         MR. BERMAN:  All our plans are plans to -- almost all

20    of them have been deposed and are producing documents already.

21         THE COURT:  All right.  If there are a few -- I don't

22    know.  I assume you're not going to take a deposition of every

23    ERISA plan in America.

24         MR. WISE:  No.  I can answer that question no.

25         THE COURT:  I'm just simply saying it may be helpful

1      to find out if these plans are typical of other plans.  That's

2      different from -- I'm not authorizing discovery of the people

3      who have cancer who are getting the drugs.  I think that's a

4      different situation, and I don't believe that defendants are

5      looking for that.  But I think the different -- while it's

6      rare, I think this wouldn't be a bad case for it.

7                  MR. BERMAN:  We agree that this is a case where there

8      has to be some discovery, a fair amount of discovery, before

9      the class motion is ripe, both sides.

10                 THE COURT:  Right.  All I'm saying is you had a

11     motion to preclude class discovery.  While I certainly will

12     grant that with respect to anybody who's sick and receiving

13     drugs directly as part of a Medicare Part B, I think the plans

14     themselves are able to protect themselves.  And they're

15     usually not confidential, right?  Aren't they usually

16     distributed to their members?  There's nothing that I can

17     imagine that would be a problem with that.

18                 MR. WISE:  It's not in our interest to be burdensome

19     to that community.  What we want to do is just develop enough

20     information so we can present a sample of what --

21                 THE COURT:  I think that's appropriate because I

22     remember looking at the case law on it.  To some extent I was

23     not sure what the plans would provide.  I think no one here

24     really probably was at that time other than the named

25     plaintiffs.  What's out there?

1           MR. WISE:  And whether anything is typical of

2    anything.  That's exactly going to be the issue.

3           THE COURT:  There was a motion to intervene.  I don't

4    see why I wouldn't allow that for the --

5           MR. WISE:  Together Rx.

6           MR. KOCIUBES:  It will change the scope again.  As

7    your Honor noted -- well, there are two things.  We've already

8    addressed -- unless your Honor wants me to, I won't, which is

9    the futility.  But the first issue is we had understood from

10   your Honor that you didn't want the scope of the case to

11   expand again.  And what at least --

12          THE COURT:  They asserted on behalf of both classes,

13   and then you brought up standing.  So no big surprise that

14   they found somebody.

15          MR. KOCIUBES:  For sure.  But at the same time what

16   you're doing now is you're expanding the scope of that.

17   There's no question about that.  What this really is is a

18   substantive amendment to the complaint again.

19          THE COURT:  Not really.  Did you change any of the

20   allegations in the complaint?

21          MR. BERMAN:  The class is exactly the same.  There's

22   just a different plaintiff for the standing issues.

23          THE COURT:  I allow the motion to intervene.  I allow

24   your motion for discovery into the different kinds of ERISA

25   plans for typicality.

**Exhibit B**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456 Civil Action No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATIONS TO ALL ACTIONS | ) ) ) | Judge Patti B. Saris |

### [PROPOSED] ORDER DENYING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER REGARDING SUBPOENAS TO PUTATIVE CLASS MEMBERS

For the reasons stated in open Court at the Status Conference on March 8, 2004,

Plaintiffs' Motion for a Protective Order Regarding Subpoenas to Putative Class Members

[Docket No. 632] hereby is DENIED.

Dated: March __, 2004

_____

The Honorable Patti B. Saris