UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re Pharmaceutical Industry<br>Average Wholesale Price Litigation | MDL Docket No. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>*County of Suffolk v. Abbott Laboratories,<br>Inc., et al.*,<br>E.D.N.Y. Case No. CV-03-229 | Judge Patti B. Saris |

## THE COUNTY OF SUFFOLK'S CORRECTED RESPONSE TO CERTAIN DEFENDANTS' MOTION FOR CLARIFICATION OF CMO 10

Plaintiff, the County of Suffolk New York ("Suffolk") hereby responds to the motion by certain defendants[1] (the "movants") for clarification of the March 25, 2004 Case Management Order No. 10.

Movants state that "discovery in the state and county action has been stayed pending decision on motions to dismiss in those cases." Motion at 2. Suffolk is aware of no such general stay order, nor do movants cite any. To the contrary, CMO 9 and the Court's rulings from the bench on September 18, 2003 make clear that Suffolk may participate in coordinated discovery for those defendants Suffolk has sued who are also sued in the AMCC. *See* Excerpts of September 18, 2003

---

[1] Movants are: Abbott Laboratories Inc.; Apothecon, Inc.; Baxter Healthcare Corp. and Baxter International, Inc.; Berlex Laboratories, Inc.; Biogen, Inc.; Bristol-Myers Squibb Co.; Centocor, Inc.; Dey, Inc.; Forest Pharmaceuticals, Inc.; Fujisawa Healthcare, Inc. and Fujisawa USA, Inc.; GlaxoSmithKline d/b/a SmithKlineBeecham; Gilead Sciences, Inc.; Janssen Pharmaceutical Products; Johnson & Johnson; Merck & Co., Inc.; Novartis Pharmaceuticals Corp.; Oncology Therapeutics Network Corp.; Ortho Biotech; Ortho McNeil Pharmaceuticals; Par Pharmaceutical, Inc.; Purdue Pharma L.P.; Reliant Pharmaceuticals; Sanofi-Synthelabo, Inc.; SICOR, Inc. and Gensia Sicor Pharmaceuticals, Inc.

transcript annexed as Exhibit A hereto and CMO 9 at I.3. Of the movants, there are nine (9) defendants common to Suffolk and the AMCC. These are: Abbott Laboratories, Inc.; Bristol-Myers Squibb Co.; Fujisawa Healthcare, Inc.; GlaxoSmithKline; Janssen Pharmaceutical Products; Johnson & Johnson; Novartis Pharmaceuticals Corp.; Ortho Biotech; and Ortho McNeil Pharmaceuticals.

Suffolk agrees that its discovery is stayed as to the remaining movants pending resolution of the motion to dismiss the Suffolk Complaint.

Dated: April 1, 2004

Respectfully submitted,

KIRBY McINERNEY & SQUIRE, LLP

By: s/ Joanne M. Cicala
Joanne M. Cicala
Aaron D. Hovan
830 Third Avenue
New York, N.Y. 10022
(212) 371-6600

COUNSEL FOR PLAINTIFF THE COUNTY OF SUFFOLK

Exhibit A

```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF MASSACHUSETTS

-------------------------------          MDL No. 1456 and
IN RE:                         :         C.A. No. 01-12257-PBS
                               :
   AVERAGE WHOLESALE PRICE     :         Courtroom No. 13
   PHARMACEUTICAL LITIGATION   :         1 Courthouse Way
                               :         Boston, MA 02210
-------------------------------          3:00 p.m. Thursday
                                         September 18, 2003

                         Hearing on Motions


Before:         THE HONORABLE PATTI B. SARIS,
                UNITED STATES DISTRICT JUDGE


APPEARANCES:

Hagens Berman, LLP, (by Thomas M. Sobol, Esq.),
   225 Franklin Street, 26th Floor, Boston, MA 02110,
   on behalf of the Plaintiff, Board of Trustees of the
   Carpenters & Millwrights of Houston; Shirley Geller,
   States of Nevada and Montana.

Robert Teitelman, Assistant Attorney General,
   55 Elm Street, Hartford, CN 06106,
   on behalf of the State of Connecticut.

Rose Firestein, Assistant Attorney General,
   Office of Consumer Fraud,
   120 Broadway, New York, NY 10271,
   on behalf of the State of New York

Stern, Shapiro, Weissberg & Garin,
   (by Jonathan Shapiro, Esq.),
   90 Canal Street, Boston, MA 02114,
   on behalf of the Relator in the California case against
   Abbott and Wyeth.


                        Marie L. Cloonan
                     Federal Court Reporter
                 1 Courthouse Way - Room 5209
                  Boston, MA 02210 - 617-439-7086
              Mechanical Steno - Transcript by Computer
```

APPEARANCES CONTINUED:

William S. Schneider, Deputy Attorney General,
  Bureau of Medi-Cal Fraud & Elder Abuse - Suite 1100
  110 West A Street, P.O. Box 85266 SanDiego, CA 92186,
  on behalf of the State of California.

Timothy Foote, Deputy Attorney General, Justice Dept.,
  1300 I Street, Sacramento, CA 94244-2550,
  on behalf of the State of California.

Breen Law Firm, (by James J. Breen, Esq.),
  3562 Old Milton Parkway, Alpharetta, GA 30005,
  on behalf of the Relator in the California case against
  Abbott and Wyeth.

Covington & Burling, (by Ethan M. Posner, Esq.),
  1201 Pennsylvania Avenue, N.W., P.O. Box 7566, Washington
  DC 20004, on behalf of the Defendant, GlaxoSmithKline.

Davis, Polk & Wardwell, (by D. Scott Wise, Esq.),
  450 Lexington Avenue, New York, NY 10017,
  Coordinating Counsel for the Defense Group and
  on behalf of AstraZeneca Pharmaceuticals.

Morgan, Lewis & Bockius, LLP, (by Scott A. Stemple, Esq.),
  1111 Pennsylvania Avenue, Washington, D.C. 20004-2921,
  on behalf of the Defendants Pharmacia and Pfizer.

Kirby, McInerney & Squire, LLP, (by Joanne M. Cicala, Esq.),
  830 Third Avenue, New York, NY 10022,
  on behalf of Suffolk and Westchester Counties, New York.

James R. Dailey, Esq., on behalf of Abbott Laboratories.

Craig Holden, Esq., on behalf of Wyeth.

Foley Hoag LLP, (by Nicholas C. Theodorou, Esq.),
  155 Seaport Boulevard, Boston, MA 02210
  on behalf of AstraZeneca.

APPEARANCES CONTINUED:

Donnelly, Conroy & Gelhaar, LLP,
  (by Peter E. Gelhaar, Esq.),
  One Beacon Street, Boston, MA 02108,
  on behalf of Baxter International, Inc.

1     MR. BREEN:  That should do it, Judge.

2     THE COURT:  Why don't we address it then.  And,

3  then, you maybe can get together and agree on discovery or I

4  can issue it at that point.

5     MR. BREEN:  So, we're on a game plan to get our

6  Motions to Dismiss heard at the November 18th hearing?

7     THE COURT:  Yes.

8     And, maybe you could negotiate a schedule to get

9  you there.  I'll get the ball rolling with your complaint.

10  I'll have a better knowledge of it.  Think about some of the

11  issues.

12     You can decide -- even though I gave you six months

13  -- what you want to do with these federal claims that are

14  giving me jurisdiction.  And, then, we'll go from there.

15     MR. BREEN:  Very good, Judge.  And, we can talk to

16  them about discovery in the interim.

17     MS. SICALA:  your Honor?

18     THE COURT:  Yes.

19     MS. SICALA:  May I be heard very briefly --

20     THE COURT:  Yes.

21     MS. SICALA:  -- on the issue of Paragraph 2 of the

22  Case Management Order?

23     THE COURT:  Yes.

24     MS. SICALA:  We have defendants in the New York

25  county cases who have not, to my knowledge, previously made

1     any production of documents, as it were, who may have been
2     involved in government investigations, but I'm quite sure
3     certain of them were. And, I'd like to request the Court,
4     so it's clear, that the new defendants in Suffolk and
5     Westchester and Rockland, which will be making its way to
6     you in short order, also must comply with the discovery
7     requirements of the Case Management Orders 5 and 7.
8         THE COURT: Well, the answer is yes, except I
9     haven't vetted your complaint yet. So, the issue is really
10    whether I stay discovery pending a Motion to Dismiss, unless
11    the claims are completely -- unless there is a concession
12    that they're not dismissable or that they are basically
13    mirror images of the ones I've let go forward.
14        MR. STEMPLE: Your Honor, we were going to ask you
15    to stay pending review of the Motions to Dismiss anything --
16    without categorizing by comparison other cases, the Suffolk,
17    Westchester, Rockland complaints are even less viable than
18    any other AWP cases.
19        We have Ms. Firestein sitting there, representing
20    the same people of the State of New York, that Ms. Sicara is
21    representing and a county is seeking basically --
22        THE COURT: All right. Until I get to you, we'll
23    stay your discovery.
24        MS. SICALA: That's fine, your Honor.
25        But, nevertheless, we can participate in

1   coordinating -- in sharing of discovery that has been
2   produced concerning the defendants.
3           THE COURT: If you've sued that defendant.
4           MS. SICALA: If we sued that defendant.
5           THE COURT: Yes.
6           MS. SICALA: Thank you, your Honor.
7           THE COURT: What I'm hoping you're all going to do
8   is embody all of this into an order that you can agree on.
9   And, if there's any disagreement as to language, you'll put
10  brackets or parentheses and get it to me in a week.
11          Are people -- is anybody flying home today, sort of
12  into the eye of the storm? I'm trying to get people out of
13  here. I know we have until five, but I'm just assuming --
14          MR. STEMPLE: I'm afraid it's too lae, your Honor.
15  So, take all the time you want.
16          (Laughter.)
17          MR. WISE: We may have disagreement with counsel on
18  that, your Honor.
19          MR. TEITELMAN: Your Honor, one important side
20  issue for the State of Connecticut, which I imagine will be
21  the same for the State of New York.
22          Because we are in the situation where we have
23  raised federal jurisdiction and motions for remand are
24  pending, we just want to be sure that it's clear that none
25  of these case management orders concerning discovery apply

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2004, I caused a true and correct copy of the foregoing Corrected Response to Certain Defendants' Motion for Clarification of CMO 10 to be served on all counsel of record by electronic service, pursuant to Case Management Order No. 2 entered by the Honorable Patti D. Saris in MDL 1456.

*/s/ Lloyd Donders*
Lloyd Donders