## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456 |
|  | ) | CIVIL ACTION NO. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) ) ) | Judge Patti B. Saris |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT IN FAVOR OF DEFENDANT HOFFMANN-LA ROCHE INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B)

Pursuant to Federal Rule of Civil Procedure 54(b), Defendant Hoffmann-La Roche Inc. ("Roche") hereby moves the Court for an order directing the entry of separate and final judgment in favor of Roche. In light of the Court's Order of February 24, 2004 ("February Order") dismissing all of Plaintiffs' claims against Roche in the Amended Master Consolidated Class Action Complaint ("AMCC"), and given the benefits to the Court, the remaining litigants, and Roche itself of finality in this matter, there is no just reason for delay in the entry of final judgment in favor of Roche.

### BACKGROUND

For the last seventeen months, Roche has argued that Plaintiffs have not sufficiently alleged any claim against it in either Plaintiffs' first Master Consolidated Class Action Complaint ("MCC") or in the AMCC. Twice the Court agreed and dismissed all counts against Roche. During hearings and in its rulings, the Court repeatedly indicated that it will not permit an endless string of amendments and new complaints, and wants to see the litigation move ahead. To this end, the Court in its recent February Order dismissed Roche, denied plaintiffs

motion for further discovery, and did not permit further amendment of the AMCC.  Because this case is now at an end for Roche, and since there is no just reason for delay, Roche's motion for entry of final judgment should be granted.

Roche filed its first individual motion to dismiss the MCC almost a year and a half ago, arguing that Plaintiffs' complaint failed to allege with any degree of specificity any allegedly tortious act, omission or fact attributable to Roche.  *See* Memorandum of Hoffmann-La Roche Inc. in Support of its Motion to Dismiss, field on Nov. 4, 2002, at 1.  During oral argument on Defendants' motion to dismiss the MCC, the Court clearly indicated that it would not permit Plaintiffs' "mega complaint" to be the subject of repeated amendment and revision.  January 13, 2003 Tr. at 102-03 ("We've got to move this forward if it's going to get past this [12(b)(6)] hurdle.").  Four months later, the Court held that the MCC was deficient as to Roche, as well as a handful of other Defendants.  *See* May 13, 2003 Order at 47.  Consistent with this finding, the Court dismissed all claims against Roche without prejudice, granting leave to amend the complaint within 30 days.  *See id.*

Plaintiffs again undertook the challenge of stating a viable claim against Roche.  The resultant AMCC was touted by Plaintiffs as the product of an "exhaustive search," in which they "reviewed thousands of potential drugs and pricing behavior of Defendants, reviewed competitive positions, and gathered significant information from pharmacy industry insiders, experts, and other sources."  Plaintiffs' Separate Memorandum in Opposition to Defendant-Specific Memoranda on Motions to Dismiss, filed on Sept. 15, 2003, at 7.  As Plaintiffs trumpeted, state and federal governmental entities had been engaged in extensive investigation of the pharmaceutical industry for years, more than a million documents had been produced in this litigation, and Plaintiffs had conducted a self-described "massive review of each Defendant, its

products and its pricing conduct with respect to those products." *Id*. at 4, 7, 9-10.  Plaintiffs

urged the Court to accept their revised pleading, claiming that the AMCC represented their

attempt to "rearticulate[] the claims against those defendants [entirely dismissed from the MCC,

including Roche] in an effort to try to accomplish what we perceived the court saying in the

[May 13] order." June 18, 2003 Tr. at 15.  In response, the Court made clear that the AMCC was

Plaintiffs' last opportunity to rescue the claims against Roche (and others similarly situated),

permitting just a "little tweaking" but declaring the AMCC to be "the operative document." *Id*.

Finding there were "insufficient allegations [as to Roche in the AMCC] to support a

claim of a fraudulent scheme," the Court *again* ruled in favor of Roche and dismissed all claims

in the AMCC against it.  February Order at 21-23.  The Court rejected Plaintiffs' "guilt-by-

association" attempts to tar Roche with the alleged misdeeds of other defendants.  *See id*. at 21-

22.  Because no specifics had been alleged as to the conduct of Roche, the Court also denied

additional discovery of Roche pursuant to *New England Data Serv., Inc. v. Becher*, 829 F.2d 286

(1st Cir. 1987), holding that "discovery is not warranted." February Order at 22-23.   The

February Order, in marked contrast to the first order dismissing Roche from the MCC, was *not*

made without prejudice and did not expressly permit Plaintiffs the right to amend their

complaint.

The case against the remaining defendants has moved forward quickly since the Court's

February Order.  A case management order recently was entered that governs discovery, with

multiple tracks and short timelines.  *See* Case Management Order No. 10, entered on March 25,

2004.  Dozens of document requests have been exchanged, numerous deposition notices have

been sent, and many subpoenas have been served.  Half a dozen depositions were taken in the

last month alone, and it is anticipated that hundreds more will be taken in the next nine months.

Without the entry of final judgment, Roche's position in this massive litigation and its obligation to monitor closely the ongoing, multiple layers of discovery could be in question.    The Court gave Plaintiffs the opportunity to plead their case against Roche not once, but twice.    Despite these multiple attempts and significant effort, Plaintiffs failed to create an actionable complaint against Roche.    The time is now right to enter final judgment in favor of Roche.

## **ARGUMENT**

Federal Rule of Civil Procedure 54(b) provides in pertinent part:

> **Judgment Upon Multiple Claims or Involving Multiple Parties**.  When more than one claims for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

This Rule establishes a two part test for entry of final judgment in a multi-party or multi-claim case such as this one.  First, the decision must be final.  *See Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 42 (1st Cir. 1988).  An order is final when "it disposes completely either of all claims against a given defendant or of some discrete substantive claim or set of claims against the defendants generally."  *Maldonado-Denis, et al. v. Castillo-Rodriguez, et al.*, 23 F.3d 576, 580 (1st Cir. 1994).  Second, the Court must determine that there is no just reason for delay in entering final judgment.  *See Spiegel*, 843 F.2d at 43; *DJ Mfg. Corp. v. Tex-Shield, Inc., et al.*, 189 F.R.D. 34, 37-8 (D. P.R. 1999).  The determination of whether there is no just reason for delay is case-specific and "entails an assessment of the litigation as a whole, and a weighing of all factors relevant to the desirability of relaxing the usual prohibition against piecemeal appellate review in the particular circumstances."  *Spiegel*, 843 F.2d at 43.   In this case, both requirements are met and entry of Rule 54(b) final judgment in favor of Roche is proper.

The Court's February 24, 2004 decision as to Roche is final in that it disposes completely of all claims against it.   None of the claims made against Roche in the AMCC survived the Court's recent dismissal.  *See* February Order at 36.

The February Order, by its terms and consistent with the Federal Rules of Civil Procedure, dismissed Roche with prejudice from the AMCC.  Roche's motion to dismiss, which was granted by the Court without qualification, was openly and unambiguously brought as a motion to dismiss *with prejudice*.  *See* Memorandum of Hoffmann-La Roche Inc. in Support of its Motion to Dismiss, filed on Aug. 1, 2003, at 1, 5 ("The claims against Roche should be dismissed *with prejudice* . . . .  For the above reasons, as well as those set forth in defendants' Consolidated Memorandum, plaintiffs' claims against Roche should be dismissed with prejudice.") (emphasis in original); February Order at 23 ("Hoffmann-La Roche's motion to dismiss is ALLOWED").  Furthermore, unlike the Court's May 13, 2003 Order of dismissal, the February Order does not anywhere in its text provide that it is made without prejudice.  *Compare* May 13, 2003 Order at 47 ("The dismissals are without prejudice to a motion to amend and cure any defects.") *with* February Order at 36 ("The Court dismisses Hoffman-LaRoche . . .").  Indeed, the dismissal of Roche with prejudice was proper given that Plaintiffs had twice been given "ample opportunity" to craft their allegations and allege the necessary facts against Roche. *See, e.g., Tapogna v. Egan*, 141 F.R.D. 370, 373 (D. Mass. 1992) (dismissing First Amended Complaint with prejudice because plaintiffs, who "apparently wish[ed] to embark on a fishing expedition at the defendants' expense" twice were given the opportunity to make legally sufficient allegations, but failed to do so).

The Federal Rules of Civil Procedure further support Roche's position that its dismissal was with prejudice.  The final sentence of Fed. R. Civ. P. 41(b) provides that "[u]nless the court

in its order for [involuntary] dismissal otherwise specifies . . . any dismissal not provided for in this rule . . . operates as an adjudication upon the merits."[1]  Wright and Miller further illuminate the import of the Rule:

> If the court does not specify that the dismissal is without prejudice, and it comes within the terms of the final sentence of Rule 41(b), the dismissal will be with prejudice.  This result is reached both when the court expressly provides that a dismissal is with prejudice and when it is silent on the matter.

9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2373 (2d ed. 1995).

Although it is not necessary that the Court's February Order be with prejudice to support the entry of final judgment, *see Mirpuri v. ACT Mfg., Inc.,* 212 F.3d 624, 628 (1st Cir. 2000) (dismissal not stripped of finality even if complaint is dismissed without prejudice), the fact that the dismissal of Roche was with prejudice serves to underscore the finality of the Court's February Order.  Regardless of whether the February Order technically was with or without prejudice, the February Order denied additional discovery of Roche and did not allow further amendment of the AMCC, ending the litigation as to Roche and leaving nothing more for the Court to do but execute the judgment.  *See DJ Mfg. Corp.,* 189 F.R.D. at 37.

There is no just reason for delay in the entry of separate and final judgment in favor of Roche.  *See Comite Pro Rescate de la Salud, et al. v. Puerto Rico Aqueduct and Sewer Auth., et al.,* 888 F.2d 180, 183-84 (1st Cir. 1989) (entry of final judgment pursuant to Rule 54(b) proper when dismissal of one claim terminated the case against 6 of 23 defendants).  Roche is no longer a party in the portion of the AMCC that remains before the Court and, since Roche was never

---

[1]  Plaintiffs' reliance on Fed. R. Civ. P. 41(a) in its March 18 letter rejecting Roche's request for consent to this motion, attached, is inapposite.  Rule 41(a) addresses the effect of *voluntary* dismissal.  Plaintiffs vigorously opposed both of Roche's motions to dismiss.  The pertinent rule, therefore, is 41(b) -- "Involuntary Dismissal:  Effect Thereof."

subject to any conspiracy allegations in the AMCC, the facts (or lack thereof) pertaining to Roche are not "inextricably intertwined" with the facts of the claims still pending before the Court. *See DJ Mfg. Corp.*, 189 F.R.D. at 37-8; *see also* February Order at 21-22 (that there may be sufficient allegations in the AMCC as to other Defendants is not relevant to the claims against Roche). Because of the lack of conspiracy allegations involving Roche, if there were an appeal of this Court's February Order, additional evidence acquired in the course of discovery against the remaining defendants (or a disposition or trial of the claims against the remaining defendants) would not affect the basis for the Court's February Order as to Roche -- the fundamental insufficiency of the complaint as to Roche. *See DJ Mfg. Corp.*, 189 F.R.D. at 38.

In a case similar to this one, the court in the Southern District of New York entered partial judgment pursuant to Rule 54(b) after ruling that a complaint alleging fraud was legally insufficient under Rule 9(b) as to several, although not all, of the defendants in the case before it. *See Roebuck v. Guttman*, 678 F. Supp. 68, 69-70 (S.D.N.Y. 1988). In so ruling, the district court found that the issue of the legal sufficiency of the complaint under Rule 9(b) is "unrelated to the question of whether the legally sufficient claims against the remaining defendants will be proved at trial." *Id.* at 79. Here, just as in *Roebuck*, the sufficiency of the complaint as to Roche is a "discrete and straightforward legal issue," the final disposition of which "will bring about a more expeditious and just result for both the parties and the Court." *Id.*

A determination that Roche is securely out of the litigation advances the interests of judicial economy and equity. In a case of this breadth and complexity, the clear and final dismissal of any defendant cannot help but narrow the remaining issues and simplify the mechanics of the litigation for the parties and the Court. Roche has committed significant resources and time to its defense of these charges for the last seventeen months, and has been

dismissed comprehensively twice over that period.  Entry of final judgment will permit Roche to suspend the costly and distracting effort of closely monitoring this complex case that it should be able to rightfully put behind it.  *See Continental Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 517-18 (7th Cir. 1999) ("The purpose of Rule 54(b) in allowing the entry of judgment for or against a party in a multiparty case . . . is to enable a party (and its adversaries) to determine at the earliest possible opportunity whether it is securely out of the litigation and therefore can stop worrying about and preparing for further proceedings in it.").  The formality of entering final judgment, consistent with two previous rulings of dismissal made by this Court, will release Roche from any burden of uncertainty and simplify the case for the remaining litigants and the Court itself.

## CONCLUSION

For the reasons set forth above, Roche respectfully requests that, in accordance with Federal Rule of Civil Procedure 54(b), the Court make express findings that the February Order is final as to Roche and that there is no just reason for delay, and direct the entry of separate and final judgment in favor of Roche.  A proposed Order is attached.

Dated: April 2, 2004                              Respectfully submitted,

Kevin R. Sullivan (*admitted pro hac vice*)
Grace Rodriguez (*admitted pro hac vice*)
Ann M. Malekzadeh (*admitted pro hac vice*)
John D. Shakow (*admitted pro hac vice*)
KING & SPALDING LLP
1730 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone:  (202) 737-0500
Facsimile:  (202) 626-3737

Colleen M. Hennessey, BBO #559235
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
Telephone:  (617) 951-2100
Facsimile:  (617) 951-2125

Attorneys for Defendant Hoffmann-La Roche Inc.



**HAGENS BERMAN LLP**
*Attorneys at Law*

BOSTON   LOS ANGELES   PHOENIX   SEATTLE
hagens-berman.com
1301 FIFTH AVENUE, SUITE 2900 · SEATTLE, WA 98101
(206) 623-7292 · FAX (206) 623-0594

STEVE W. BERMAN
(206) 623-7292
steve@hagens-berman.com

March 18, 2004

*Via Facsimile*

John D. Shakow
King & Spalding
1730 Pennsylvania Avenue, N.W
Washington, DC 20006

      Re:    In Re: Pharmaceutical Industry Average Wholesale Price Litigation
              MDL No. 1456

Dear Mr. Shakow:

      We write in response to your e-mail of March 17, 2004 regarding Hoffman-LaRoche's dismissal and entry of final judgment. Upon further review, we don't think a Motion for Entry of Final Judgment is necessary with regards to Hoffman La-Roche's dismissal from the *Pharmaceutical Industry Average Wholesale Price* MDL.

      In its February 24, 2004 order, the Court simply states that it "dismisses Hoffman La-Roche". F.R.C.P. 41(a)(2) holds that "unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Since the court is silent on the matter, the presumption is that it is a dismissal without prejudice.

      F.R.C.P. 54(b) holds that a "court may direct entry of a final judgment as to one or more but fewer than all of the claims or parties." In the First Circuit, a court granting a motion brought under Rule 54(b) must make: 1) an express determination that there is no just reason for delay; 2) an express direction that judgment be entered; and 3) a brief but particularized statement of its reasons for acting in order to demonstrate that the rule was properly invoked. *Estates of Yaron Ungar v. Palestinian Auth.*, 2004 U.S. Dist. LEXIS 940, 18 (D.R.I. Jan. 27, 2004) *see also Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38 (1st Cir. 1988); *Quinn v. City of Boston*, 325 F.3d 18 (1st Cir. 2003). Since a final judgment would give plaintiffs the right to an immediate appeal, the district court typically must make an individualized assessment of the desirability and effect of such an appeal. *Quinn*, 325 F.3d at 11 *citing Spiegel* at 843 F.2d at 42-3. Since the Court meant to simply dismiss the case, it is unlikely they would make the findings required to grant a motion brought under Rule 54(b).

1534.16 0055 LTR.DOC

Page 2


   In sum, a final judgment is not necessary since we believe the court meant to simply dismiss Hoffman La-Roche.


                              Sincerely,


                              Steve W. Berman