UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re Pharmaceutical Industry ) | MDL Docket No. 1456 |
| Average Wholesale Price Litigation ) | |
| THIS DOCUMENT RELATES TO: ) | Judge Patti B. Saris |
| All Actions ) | |

## DEFENDANTS' MOTION FOR CLARIFICATION OF CMO 10

Defendant MedImmune, Inc., on behalf of itself and defendants: Abbott Laboratories Inc.; Apothecon, Inc.; Baxter Healthcare Corp. and Baxter International, Inc.; Berlex Laboratories, Inc.; Biogen, Inc.; Bristol-Myers Squibb Co.; Centocor, Inc.; Dey, Inc.; Forest Pharmaceuticals, Inc.; Fujisawa Healthcare, Inc. and Fujisawa USA, Inc.; GlaxoSmithKline d/b/a SmithKlineBeecham; Gilead Sciences, Inc.; Janssen Pharmaceutical Products; Johnson & Johnson; Merck & Co., Inc.; Novartis Pharmaceuticals Corp.; Oncology Therapeutics Network Corp.; Ortho Biotech; Ortho McNeil Pharmaceuticals; Par Pharmaceutical, Inc.; Purdue Pharma L.P.; Reliant Pharmaceuticals; Sanofi-Synthelabo, Inc.; SICOR, Inc. and Gensia Sicor Pharmaceuticals, Inc. ("Defendants"), respectfully seeks clarification of whether the March 25, 2004 Case Management Order Number 10 ("Order") contains a clerical error in Part IX of the Order. The Order details an extensive two-tiered discovery schedule for defendants named in plaintiffs' Amended Master Consolidated Complaint ("AMCC") that remain in this case after the Court's February 24, 2004 decision on the AMCC defendants' various motions to dismiss. In Part IX of the Order, the Court concludes by briefly turning to the separate actions brought by state and county governmental entities that are also encompassed in this Multi-District Litigation, in which motions to dismiss are currently pending, and states the following:

> The case management order is applicable to all related cases brought by the state and county governmental entities. When I resolve the pending motions, I will enter a separate case management order.

Order at 6-7. These sentences appear to directly contradict each other. Moreover, discovery in the state and county actions has been stayed pending decision on motions to dismiss in those cases. Defendants therefore seek clarification of whether it was the Court's intention to address discovery in these matters only <u>after</u> it decides these motions—just as it has done for the AMCC defendants—and if the word "not" was omitted from the first sentence of Part IX due to a clerical error.

Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, Defendants respectfully request that if Part IX reflects a clerical error, Part IX of the Order be corrected to read: "The case management order is <u>not</u> applicable to all related cases brought by the state and county governmental agencies." *See* <u>Morgan Guar. Trust Co. of New York v. Third Nat'l Bank of Hampden County</u>, 545 F.2d 758, 759 (1st Cir. 1977) (a court may change a clerical error in a judgment, order or other part of the record pursuant to a motion under Rule 60(a) to reflect the true intention of the court); <u>Elias v. Ford Motor Co.</u>, 734 F.2d 463, 466 (1st Cir. 1984) (same).

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: *James V. Hayes*
Steven M. Umin
Manish K. Mital
James V. Hayes (BBO # 651802)

725 12th Street, N.W.
Washington, D.C. 20005
(202) 434-5000
sumin@wc.com
mmital@wc.com
jhayes@wc.com

Dated: March 31, 2004                Attorneys for Defendant MedImmune, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2004, I caused a true and correct copy of the foregoing Motion for Clarification of CMO 10 to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti D. Saris in MDL 1456.

James V. Hayes