UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: <br><br> *State of Montana v. Abbott Labs., Inc., et al.,* D. Mont. Cause No. CV-02-09-H-DWM <br><br> *State of Nevada v. American Home Products Corp., et al.,* D. Nev. Cause No. CV-N-02-0202-ECR | |

PLAINTIFF STATES OF MONTANA AND NEVADA'S RESPONSE TO
DEFENDANTS' MOTION FOR CLARIFICATION OF CMO 10

Defendants request for clarification is not opposed by Montana and Nevada ("States") to

the extent it applies to defendants not jointly named in the Montana/Nevada complaints and the

AMCC for the reasons explained below.

Moving defendants actually comprise to different groups. There are defendants such as

Abbott, Baxter, Bristol-Myers and others who are common to the AMCC and the

Montana/Nevada complaints. These defendants urged the Court to adopt an order that would

require coordination of the State cases with the proceedings going forward with respect to the

AMCC. And the Court entered such an order. CMO No. 9 at pp. 3-5 (attached as Exhibit A). It

would be inconsistent with these defendants' request for coordination to now order that the

States' discovery schedule should be different. As authority for their new position on

coordination, defendants point to the fact that the Court has not ruled on the motions to dismiss

- 1 -

-2-

the States' cases. However the Court in the AMCC has upheld consumer protection claims against the AMCC defendants and there is no reason to suggest the States' consumer protection claims would be dismissed. Therefore, in the interests of coordination, as to the joint AMCC/State defendants, CMO 10 should apply.

However, the States do recognize that certain defendants are not defendants in the AMCC or in the State cases, and that these defendants have raised issues regarding the adequacy of the County's pleadings with respect to these defendants and the Court has itself expressed concerns in this regard. The States take no position as to the applicability of CMO 10 to these county only defendants.[1]

By /s/ Signature on file with the Court
    Steve W. Berman
    Sean R. Matt
    HAGENS BERMAN LLP
    1301 Fifth Avenue, Suite 2900
    Seattle, WA 98101
    Telephone: (206) 623-7292
    Facsimile: (206) 623-0594

    Thomas M. Sobol
    HAGENS BERMAN LLP
    225 Franklin Street, 26th Floor
    Boston, MA 02110
    Telephone: (617) 482-3700
    Facsimile: (617) 482-3003

DATED:    April 1, 2004.

COUNSEL FOR PLAINTIFFS
STATE OF MONTANA AND
STATE OF NEVADA

Brian Sandoval
Attorney General of the State of Nevada
L. Timothy Terry
Assistant Attorney General
100 N. Carson Street

---

[1] These defendants include what counsel at oral argument referred to as the "thirteen who want out."

Carson City, Nevada 89701-4714

ADDITIONAL COUNSEL FOR PLAINTIFF
STATE OF NEVADA

Mike McGrath
Attorney General of Montana
Kathy Seeley
Assistant Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT  56920-1402
(406) 444-2026

Joseph P. Mazurek
CROWLEY, HAUGHEY, HANSON,
  TOOLE & DIETRICH PLLP
100 North Park Avenue, Suite 300
P.O. Box 797
Helena, MT  59601-6263
(406) 449-4165

ADDITIONAL COUNSEL FOR PLAINTIFF
STATE OF MONTANA


## CERTIFICATE OF SERVICE

I hereby certify that I, Thomas M. Sobol, an attorney, caused a true and correct copy
of the foregoing Plaintiff States of Montana and Nevada's Response to Defendants' Motion
for Clarification of CMO 10 to be served on all counsel of record electronically on April 01,
2004 , pursuant to Section D of Case Management Order No. 2.

Thomas M. Sobol, Esq.
**HAGENS BERMAN LLP**
225 Franklin Street, 26th Floor
Boston, MA  02110
Telephone: (617) 482-3700

- 3 -

1534.15 0022 MTN.DOC