UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | )<br>)<br>) MDL NO. 1456<br>)<br>) ACTION: 01-CV-12257-PBS<br>) |
| THIS DOCUMENT RELATES TO: | ) JUDGE PATTI B. SARIS<br>) |
| THE MASTER CONSOLIDATED CLASS ACTION | )<br>) |

**MOTION TO DISMISS THE DECEMBER 5, 2003 AND JANUARY 22, 2004 AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINTS ON BEHALF OF BOEHRINGER INGELHEIM CORPORATION, BEN VENUE LABORATORIES, INC., AND BEDFORD LABORATORIES**

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Rules 12(b)(1), 12(b)(6), and 12(h) of the Federal Rules of Civil Procedure, Defendants Boehringer Ingelheim Corporation ("BIC"), Ben Venue Laboratories, Inc. ("Ben Venue") and Ben Venue's division, Bedford Laboratories ("Bedford") (together the alleged "Boehringer Defendants")[1] respectfully move to be dismissed from Plaintiffs' Amended Master Consolidated Class Action Complaint ("AMCC") as amended by leave of this Court on December 5, 2003 and as amended by leave of this Court on January 22, 2004.

A Memorandum in Support and proposed Order is attached herein for consideration by the Court.

---

[1] BIC, Ben Venue, and Bedford use this nomenclature solely for convenience of the Court and deny that Plaintiffs' designation of them as a group is accurate or appropriate.

Dated: April 7, 2004                              Respectfully submitted,

                                      /s/ Paul J. Coval
                                      Paul J. Coval
                                      Douglas L. Rogers
                                      Darrell A. H. Miller
                                      VORYS, SATER, SEYMOUR AND PEASE LLP
                                      52 East Gay Street
                                      P.O. Box 1008
                                      Columbus, Ohio 43216
                                      (614) 464-6400
                                      (614) 464-6350 FAX

                                      *Attorneys for Boehringer Ingelheim Corp., Ben Venue Laboratories, Inc./Bedford Laboratories*

# MEMORANDUM IN SUPPORT

## Introduction

Recent amendments to the AMCC by Plaintiffs compel the Boehringer Defendants to file the present motion to dismiss.[2] These amendments level a new accusation against the Boehringer Defendants, regarding purchase of Atrovent, which has yet to be challenged, and which, when tested, fails to meet the threshold requirements of standing required by the Constitution, and by this Court's prior orders.

Despite five versions of Plaintiffs' complaint over the past three years, Plaintiffs have yet to properly allege an injury fairly traceable to purchase of a single drug manufactured or distributed by any of the named Boehringer Defendants by any identified plaintiff.  The most recent AMCC, served December 5, 2003, *by its own terms*, specifically identifies only one individual plaintiff purchaser, Ms. Mary Jane Snyder, and only one alleged Boehringer Defendant drug still in this case, Atrovent.  Atrovent, however, must be dismissed as it is not manufactured or distributed by any of the Boehringer Defendants named in this suit. Consequently, Plaintiffs' complaint fails to properly allege injury arising from the purchase of at least one Boehringer Defendant's drug by at least one plaintiff purchaser, and thus fails to state a claim under Rules 12(b)(1), 12(b)(6) and 12(h) of the Federal Rules of Civil Procedure.

## Facts

Plaintiffs' complaint is in its fifth iteration:

- Plaintiffs' first complaint, *Citizens for Consumer Justice, et al. v. Abbott Laboratories, Inc. et al.*, 01-CV-12257-PBS, filed December 19, 2001, did not name any of the Boehringer Defendants.

- Plaintiffs' second complaint, the Master Consolidated Class Action Complaint ("MCC"), named BIC, Ben Venue, and Bedford as three entities constituting the so-

---

[2] These amendments were made *after* oral argument on Defendants' consolidated and individual motions to dismiss the preceding AMCC and *before* this Court's February 24, 2004 Memorandum and Order.

called "Boehringer Group."  *See* MCC ¶¶ 75-78.  The Boehringer Defendants were served with the MCC out of this Court (sitting as the Multidistrict Litigation consolidating court) on or about September 10, 2002.[3]

- Plaintiffs' third complaint, served on or about June 12, 2003 (the "June 12 AMCC"), followed this Court's leave to amend after the Boehringer Defendants[4] had filed a round of motions to dismiss the MCC, and after this Court issued its May 13, 2003 Memorandum and Order (the "May 13 Order") dismissing in part and granting in part Defendants' motions.  *See In re Pharm. Indus. AWP Litig.*, MDL No. 1456, 01-12257-PBS (D. Mass. May 13, 2003).  The Boehringer Defendants filed both a joint motion[5] and individual motions to dismiss the June 12 AMCC on August 1, 2003 and a reply memorandum on September 30, 2003.

- Plaintiffs' fourth complaint, served December 5, 2003 (the "December 5 AMCC") amended the June 12 AMCC, and was filed pursuant to leave granted during this Court's November 21, 2003 hearing on the motions to dismiss that same June 12 AMCC.  **It is the substance of the December 5 AMCC that forms the basis of this motion.**

- Plaintiffs' fifth complaint, the January 22, 2004 AMCC, was filed after this Court granted plaintiffs Roberta S. Stark's and Kimberly Hoover's motion to intervene.  *See* Plaintiffs' Notice of Motion and Motion to Intervene (filed Jan. 22, 2004), *granted by electronic order* (Mar. 8, 2004).  The allegations against the Boehringer Defendants in the January 22 AMCC are identical to those in the December 5 AMCC.

**Argument**

Standing is the *sine qua non* of a suit in federal court, as this Court has previously recognized.  *See, e.g.*, May 13 Order, at 41, 44; *see also Bennett v. Spear*, 520 U.S. 154, 167 (1997).  In order to have standing, a plaintiff must establish an injury "fairly traceable to the defendant's allegedly unlawful conduct."  *See, e.g., Allen v. Wright*, 468 U.S. 737, 751 (1984).[6]  Plaintiffs have failed in this regard.

---

[3] Without the notice required by Local Rule 15.1.
[4] With other pharmaceutical industry defendants not represented by the Boehringer Defendants' counsel.
[5] Again, with other pharmaceutical industry defendants not represented by the Boehringer Defendants' counsel.
[6] As this Court recognizes, this standing requirement obtains notwithstanding the Court's deferral on the "juridical linkage" issue.  *See* Feb. 24 Order, at 20 (requiring at least one claim by a plaintiff purchaser against a defendant).

After this Court's February 24 Order, Plaintiffs' December 5 AMCC, by its own terms, alleges only one plaintiff purchaser for only one Boehringer Defendant drug remaining in this case – and that drug is not manufactured or distributed by BIC, Ben Venue or Bedford and must be dismissed. Paragraph 11 of the December 5 AMCC states:

> In response to the Court's [May 13, 2003] Order on the motion to dismiss, plaintiffs have prepared a list of *each of the specific drugs that are the subject of the claims herein.* This list is attached as Exhibit A to the Complaint. The drugs identified in Exhibit A will be referred to herein as the AWP Inflated Drugs ("AWPID" or "AWPIDs"). And, in Appendix A, plaintiffs identify the AWP that is the subject of this Complaint for each drug currently at issue pursuant to this Court's Order. *Appendix B details which AWPIDs were purchased by each plaintiff.*

Dec. 5 AMCC ¶ 11 (emphasis added).

It is clear that Plaintiffs have designated Appendix B as the comprehensive list of allegedly injurious purchases for purposes of standing. Paragraph 29 states that "*All* of UFCW drugs *that are at issue in the Complaint* are identified in Appendix B." Dec. 5 AMCC ¶ 29 (emphasis added). This designation of Appendix B as the touchstone for standing is reiterated throughout the AMCC.[7] *See, e.g.*, Dec. 5 AMCC ¶ 27 ("All drugs covered by this Complaint purchased by this plaintiff are identified in Appendix B."), ¶ 28 ("The drugs purchased by TCBW at issue in this litigation are identified in Appendix B."), ¶ 31 ("All of Man-U Service Fund's drugs at issue in the Complaint are identified in Appendix B."); *see also* Pls' Opp. to Amgen Inc.'s Mot. for Recons. (filed March 17, 2004), at 2 ("Further, Appendix B to the AMCC references those specific employee benefit plan plaintiffs that purchased any of the six drugs manufactured by Amgen."). In Plaintiffs' Separate Memorandum in Opposition to Defendant-Specific Memoranda, Plaintiffs stated that that "*Appendix B* to the AMCC references those

---

[7] Plaintiffs' representations with respect to Appendix B remain unchanged in the January 22, 2004 AMCC.

*specific* Employee Benefit Plan Plaintiffs that purchased **<u>any</u>** *of the 11 drugs manufactured by the **Boehringer Group**.*" *See* Def. Mem. Opp. (filed Sept. 15, 2003) at 39 (emphasis added).

Appendix B to the AMCC, as directly referenced by paragraphs 11 and 29, identifies only two drugs placed in issue by a plaintiff purchaser, Viramune and Atrovent. *See* Dec. 5 AMCC App. B, at 10 (denoting with an "X" purchase of a particular drug by a plaintiff). Viramune, by this Court's February 24, 2004 Order, has been dismissed from the case. *See In re Pharm. Indus. AWP Litig.*, No. 01-12257-PBS (D. Mass. Feb. 24, 2004), at 21. That leaves only purchase of Atrovent as a source of injury. *See* Dec. 5 AMCC App. B, at 10. However, none of the purported members of the "Boehringer Group" – BIC, Ben Venue, or Bedford – manufactures or distributes Atrovent. *See* Ex. A (Affidavit of Hermann Tetzner); Ex. B (Affidavit of Thomas Murphy). Moreover, Atrovent appears <u>nowhere</u> in Appendix A to the AMCC as a drug "subject of the claims herein." *See* Dec. 5 AMCC ¶ 11 & App. A. Consequently, Atrovent must be dismissed, which leaves no remaining allegation, by the terms of Plaintiffs' own complaint, that any relief is sought for any other drug manufactured or distributed by any Boehringer Defendant.[8]

---

[8] The only other drug ascribed to a Boehringer Defendant and associated with a plaintiff purchaser is a passing reference to Bedford's leucovorin calcium in AMCC paragraph 29. However, no plaintiff has indicated in Appendix B that he seeks relief for purchase of Bedford's leucovorin calcium. Plaintiffs have represented throughout this litigation that Appendix B is the comprehensive and controlling list of drugs placed in issue through purchase by a plaintiff, and Appendix B indicates that relief is sought for injuries arising solely from purchase of Viramune and Atrovent. Plaintiffs decided to promulgate an Appendix B and to make it the controlling list of purchasers for purposes of establishing jurisdiction. Consequently, passing mention of a drug in the text of the complaint cannot suffice to confer standing on plaintiffs, especially where a more specific reference is made to the list of drugs over which plaintiffs have chosen to litigate. *See Freeman v. Fairman*, 916 F.Supp. 786, 792 (N.D. Ill. 1996) ("[W]here a complaint contains specific factual allegations, they control over general conclusory allegations."); *see also Thomas v. Farley*, 31 F.3d 557, 558 (7th Cir. 1994). Further, given this Court's stern admonition that the December 5 AMCC would be "it" with respect to further amendments, *see* Pls' Notice of Filing of AMCC Modified Per the Court's Instruction at the November 21, 2003 Hearing, at ¶ 3 (citing Transcript), any further amendment to the AMCC should be precluded.

## Conclusion

Because Atrovent must be dismissed, and because there is no properly alleged injury fairly traceable to any act of a Boehringer Defendant, BIC, Ben Venue, and Bedford should be dismissed from the Master Consolidated Class Action.[9]

Dated: April 7, 2004

Respectfully submitted,

/s/ Paul J. Coval_____
Paul J. Coval
Douglas L. Rogers
Darrell A. H. Miller
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216
(614) 464-6400
(614) 464-6350 FAX

*Attorneys for Boehringer Ingelheim Corp., Ben Venue Laboratories, Inc./ Bedford Laboratories*

I hereby certify that the provisions of Local Rule 7.1 have been complied with.

/s/ Paul J. Coval
Paul J. Coval

---

[9] The Boehringer Defendants express no opinion in this motion on the claims remaining in the other cases in the MDL, such as the government actions, which are still subject to a pending motion to dismiss. Defendants' present motion pertains solely to those allegations in the Master Consolidated Class Action.

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing document was served on all enrolled counsel via Verilaw on April 7, 2004 pursuant to this Court's Case Management Order 2.

      /s/ Paul J. Coval  
      Paul J. Coval