# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

## AVENTIS BEHRING L.L.C.'S ANSWER TO PLAINTIFFS' AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT

Defendant Aventis Behring L.L.C.[1] ("Behring"), for its Answer to Plaintiffs' Amended Master Consolidated Class Action Complaint (the "AMCC"), states:

### Preface

The AMCC improperly and repetitively refers to Behring and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Behring or other defendants or third parties. Intentionally ambiguous pleading is improper and insufficient to apprise Behring in any meaningful sense of the allegations asserted against it. Behring has nevertheless attempted to respond to Plaintiffs' allegations to the extent possible under the circumstances. To the extent allegations refer to the knowledge, conduct or actions of other defendants or entities, Behring is generally without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, Behring denies those allegations. Behring states that it is answering Plaintiffs' allegations on behalf of itself

---

[1] Plaintiffs' description of "Aventis Group (Aventis, Pharma, Hoechst & Behring)" in the AMCC is inaccurate and misleading. This Answer is that of Aventis Behring L.L.C. only.

BOS-670130 v1 5544510-0903

only, even when Plaintiffs' allegations refer to alleged conduct by Behring and other persons or entities.

The AMCC improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully. Many of the allegations of the AMCC are vague or conclusory. The AMCC also includes terms which are undefined and which are susceptible of different meanings.

The AMCC also contains purported quotations from a number of sources, many of which are unidentified. If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, Behring reserves the right to assert such privileges, hereby moves to strike such references and demands return of any such documents that Plaintiffs may have in their possession, custody or control. In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Behring denies each and every allegation contained in the AMCC, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculations which are contained in any averment or in the AMCC as a whole. Moreover, Behring specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered paragraphs in the AMCC.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

# I. **INTRODUCTION**

1.      Behring admits that Plaintiffs seek to bring this action as alleged in Paragraph 1 of the AMCC.  Behring denies that Plaintiffs are entitled to maintain this action in the manner alleged.

2.      Behring denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraph 2 of the AMCC.  To the extent the allegations in Paragraph 2 of the AMCC allege a conspiracy between Behring and various publishing entities, no response is required because these allegations, which formed the basis of Count I of the AMCC, were dismissed with prejudice by the Court's Order dated February 24, 2004.  To the extent the allegations in Paragraph 2 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

3.      To the extent the allegations in Paragraph 3 of the AMCC are directed to persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.  Behring denies the allegations in Paragraph 3 of the AMCC as they relate to Behring, except that Behring admits that it reports certain pricing information for its medicines to pharmaceutical industry pricing publications and that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP.

4.      To the extent the allegations in Paragraph 4 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring admits that Congress has mandated that Medicare

3

Part B reimbursements be based, in part, upon AWP, and further admits that Medicare Part B medicines are generally, but not always, administered in a healthcare provider's office. Behring denies the remaining allegations in Paragraph 4 of the AMCC that pertain to it.

5.      Behring denies the existence of, and its participation in, any "AWP scheme" as alleged in Paragraph 5 of the AMCC. To the extent the allegations in Paragraph 5 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring denies the remaining allegations in Paragraph 5 of the AMCC that pertain to it.

6.      To the extent the allegations in Paragraph 6 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring admits that Plaintiffs purport to bring this action as alleged in Paragraph 6 of the AMCC, but Behring denies that Plaintiffs are entitled to maintain this action in the manner alleged. Behring denies the remaining allegations in Paragraph 6 of the AMCC that pertain to it.

7.      Behring denies the existence of, and its participation in, any "high profit scheme" as alleged in Paragraph 7 of the AMCC. To the extent the allegations in Paragraph 7 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring denies the remaining allegations in Paragraph 7 of the AMCC that pertain to it.

4

8.     The allegations contained in Paragraph 8 of the AMCC are not asserted against Behring, and therefore no response is required.   To the extent a response is deemed to be required, Behring denies the allegations in Paragraph 8 of the AMCC.

9-10.   The allegations contained in Paragraphs 9 and 10 of the AMCC are not asserted against Behring, and therefore no response is required.   To the extent a response is deemed to be required, Behring denies the allegations in Paragraphs 9 and 10 of the AMCC.

11.     Answering Paragraph 11 of the AMCC, Behring admits that Plaintiffs have filed attachments to the AMCC.   To the extent the allegations in Paragraph 11 of the AMCC are deemed to include allegations against Behring, they are denied.

12.     The Court dismissed Count I in its Order dated February 25, 2004.   Accordingly, Behring does not respond to Paragraph 12 of the AMCC.   To the extent a response is required, Behring denies the allegations in Paragraph 12 and Count I of the AMCC.

13-15.   Behring denies the existence of, or its participation in, any "enterprise" or "scheme" as alleged in Paragraphs 13 through 15 of the AMCC.   Behring admits that Plaintiffs purport to bring this action as a class action, and that Plaintiffs seek relief under Counts II through IV as alleged in Paragraphs 13 through 15 of the AMCC.   Behring denies that this action can be maintained in the manner alleged, and further denies that Plaintiffs are entitled to relief under Counts II through IV of the AMCC.

16-19.   The allegations contained in Paragraphs 16 through 19 of the AMCC are not asserted against Behring, and therefore no response is required.   To the extent a response is deemed to be required, Behring denies the allegations in Paragraphs 16 through 19 of the AMCC.

20.  Behring denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraph 20 of the AMCC.  Behring admits that Plaintiffs purport to bring this action as a class action, and that Plaintiffs seek relief under Count IX as alleged in Paragraph 20 of the AMCC. Behring denies that this action can be maintained in the manner alleged, and further denies that Plaintiffs are entitled to relief under Count IX of the AMCC.

21.  The allegations contained in Paragraph 21 of the AMCC are not asserted against Behring, and therefore no response is required.  To the extent a response is deemed to be required, Behring denies the allegations in Paragraph 21 of the AMCC..

## II. <u>JURISDICTION AND VENUE</u>

22.    Behring admits that this Court has federal question subject matter jurisdiction. Behring avers that it is not a defendant in the Texas action referenced in Paragraph 22 of the AMCC, but Behring admits that, upon information and belief, diversity jurisdiction exists.

23.    Behring admits the allegations in Paragraph 23 of the AMCC.

24.    Behring admits the allegations in the first and second sentences of Paragraph 24 of the AMCC.  Behring denies the remaining allegations in Paragraph 24 of the AMCC, and specifically denies the existence of, and its participation in, any allegedly "fraudulent marketing scheme."

25.    Behring admits the allegations in Paragraph 25 of the AMCC.

## III. <u>PARTIES</u>

26-31. Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 26 through 31 of the AMCC and, therefore, denies those allegations.

6

32-36.   Behring admits that Plaintiffs VPIRG, WCA, StateWide, CANY and CCJ purports to bring this action as alleged in Paragraphs 32 through 36 of the AMCC, but Behring denies that these Plaintiffs have standing to bring the alleged action.   Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 32 through 36 of the AMCC and, therefore, denies those allegations.

36(a)-(c).      Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 36(a) through 36(c) of the AMCC and, therefore, denies those allegations.

37-38.  To the extent the allegations in Paragraphs 37 through 38 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the remaining allegations in Paragraphs 37 through 38 of the AMCC that pertain to it.   Behring denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraph 38 of the AMCC.

39-50. The allegations in Paragraphs 39 through 50 of the AMCC are directed to other defendants and require no response from Behring.  To the extent the allegations in Paragraphs 39 through 50 of the AMCC are deemed to include allegations against Behring, they are denied.

51-52. The allegations in Paragraphs 51 and 52 of the AMCC are directed to other defendants and require no response from Behring.  To the extent the allegations in Paragraphs 51 and 52 of the AMCC are deemed to include allegations against Behring, they are denied.

53.      Behring denies the allegations in Paragraph 53 of the AMCC, except that Behring admits that it is located at 1020 First Avenue, King of Prussia, Pennsylvania.

54.      Behring denies the allegations in Paragraph 54 of the AMCC.

55.     Behring admits that it manufactures or has manufactured Gammar, Helixate, Bioclate, Humate-P, Mononine, and Monoclate-P, which are covered by Medicare Part B.  The remaining allegations in Paragraph 55 of the AMCC are directed to other defendants and require no response from Behring.  To the extent the remaining allegations in Paragraph 55 of the AMCC are deemed to include allegations against Behring, they are denied.

56.     The allegations in Paragraph 56 are directed to "Aventis," an entity that was not defined by Plaintiffs in the AMCC.  The allegations in Paragraph 56 of the AMCC are not directed to Behring and require no response from Behring.  To the extent the allegations in Paragraph 56 of the AMCC are deemed to include allegations against Behring, they are denied.

57-131.  The allegations in Paragraphs 57 through 131 of the AMCC are directed to other defendants and require no response from Behring.  To the extent the allegations in Paragraphs 57 through 131 of the AMCC are deemed to include allegations against Behring, they are denied.

## IV.  GENERAL ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

132.    To the extent the allegations in Paragraph 132 of the AMCC are directed to other defendants, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the allegations in Paragraph 132 of the AMCC that pertain to it.

133.    Upon information and belief, Behring admits the allegations in Paragraph 133 of the AMCC.

134-141.  To the extent the allegations in Paragraphs 134 through 141 of the AMCC refer to the knowledge, conduct, opinions or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Further answering Paragraph 134 of

the AMCC, Behring admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP. Further answering Paragraphs 135 and 136 of the AMCC, Behring admits that pharmaceutical industry pricing publications periodically report AWPs for prescription medicines sold in the United States. Behring states that the 1999 edition of the *Red Book* and the June 1996 Dow Jones News article cited in Paragraph 136 of the AMCC are the best evidence of their contents. Behring denies the remaining allegations in Paragraphs 134 through 141 of the AMCC that pertain to it, and specifically denies the existence of, and its participation in, any "AWP Scheme" as alleged in Paragraph 140 of the AMCC.

142-144. Behring admits the allegations in Paragraphs 142 through 144 of the AMCC.

145. Answering Paragraph 145 of the AMCC, Behring admits only that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which is the best evidence of its contents.

146. Behring denies the allegations in the first sentence of Paragraph 146 of the AMCC insofar as the source of the quoted material is unidentified. Behring denies the second sentence of Paragraph 146 of the AMCC insofar as 42 CFR § 405.517 contains no reference to a "ceiling" on reimbursement amounts.

147. Behring admits the allegations in Paragraph 147 of the AMCC.

148. Answering Paragraph 148 of the AMCC, Behring admits that the Medicare Program has publicly announced that it would use the AWP published in pharmaceutical industry pricing publications as the basis for reimbursement. Behring states that the Program Memo AB-99-63 cited in Paragraph 148 of the AMCC is the best evidence of its contents.

149. Behring states that the Program Memo AB-99-63 cited in Paragraph 149 of the AMCC is the best evidence of its contents.

9

150-151.  Behring admits the allegations in Paragraphs 150 through 151 of the AMCC.

152.    To the extent the allegations in Paragraph 152 of the AMCC refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring admits that there are no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs.  Behring admits that it reports certain pricing information for its medicines to pharmaceutical industry pricing publications.  Behring denies the remaining allegations in Paragraph 152 of the AMCC that pertain to it.

153-154.  Behring states that the April 2003 OIG publication cited in Paragraphs 153 through 154 of the AMCC is the best evidence of its contents.  Behring denies that Plaintiffs have accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to Behring.

155.    To the extent the allegations in Paragraph 155 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the remaining allegations in Paragraph 155 of the AMCC that pertain to it.

156-157.      Behring denies the existence of, and its participation in, any "scheme" cited in Paragraph 156 of the AMCC.  Behring states that the September 28, 2000, letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 156 through 157 of the AMCC is the best evidence of its contents.  Behring

denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to Behring.

158-159.  To the extent the allegations in Paragraphs 158 through 159 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the remaining allegations in Paragraphs 158 through 159 of the AMCC that pertain to it.  Behring further denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 159 of the AMCC.

160.   To the extent the allegations in Paragraph 160 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring admits that it reported suggested AWPs for its medicines to pharmaceutical industry pricing publications during a portion of the relevant time period.  Behring denies the remaining allegations in Paragraph 160 of the AMCC that pertain to it.

161-184.  To the extent the allegations in Paragraphs 161 through 184 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the remaining allegations in Paragraphs 164 through 184 of the AMCC that pertain to it.  Behring denies the existence of, and its participation in, any "scheme" as alleged in Paragraphs 161 and 163 of the AMCC.

185.   Behring admits that Plaintiffs purport to quote from an unidentified "industry consultant" as alleged in Paragraph 185 of the AMCC, but Behring is without knowledge or

11

information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the AMCC and, therefore, denies those allegations.

186-191.   To the extent the allegations in Paragraphs 186 through 191 of the AMCC and its subparts  refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.   Behring states that the *Red Book* and the unidentified DOJ report cited in Paragraph 187 of the AMCC and the pleadings cited in Paragraphs 189 through 190 of the AMCC and subparts are the best evidence of their contents.   To the extent the allegations in Paragraphs 186 through 191 of the AMCC are deemed to include allegations against Behring, they are denied.

192.     To the extent the allegations in Paragraph 192 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.   Behring states the 2003 CMS document cited in Paragraph 192 of the AMCC is the best evidence of its contents.   Behring denies that Plaintiffs have accurately characterized any alleged CMS finding, opinion, statement or conclusion. Behring admits that it sells its medicines in a competitive market and, as such, takes steps to keep certain information relating to its medicines confidential.   Behring denies the remaining allegations in Paragraph 192 of the AMCC that pertain to it.

193-196.   To the extent the allegations in Paragraphs 193 through 196 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those

allegations and, therefore, denies those allegations.  Behring denies the allegations in Paragraphs 193 through 196 of the AMCC that pertain to it.

197.    In response to the allegations in Paragraph 197 of the AMCC, Behring denies that Plaintiffs lacked inquiry or other notice of the issues associated with reliance on AWPs as a pricing benchmark.  Behring specifically avers, to the contrary, that such issues were well known for more than a decade before Plaintiffs elected to bring this suit.

198-199.   The allegations in Paragraphs 198 through 199 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraphs 198 through 199 of the AMCC that refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, and, therefore, Behring denies those allegations.  Behring denies the remaining allegations in Paragraphs 198 through 199 of the AMCC that pertain to it.

## V.    EXAMPLES OF SPECIFIC UNLAWFUL CONDUCT

200.    To the extent the allegations in Paragraph 200 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the remaining allegations in Paragraph 200 of the AMCC that pertain to it.

201-249.   The allegations in Paragraphs 201 through 249 of the AMCC are directed to other defendants and require no response from Behring.  To the extent allegations in Paragraphs 201 through 249 of the AMCC are deemed to include allegations against Behring, they are denied.

250.    Behring denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 250 of the AMCC.  To the extent the allegations in Paragraph 250 of the AMCC are directed to another defendant, Behring is without sufficient knowledge and information to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the existence of, and its participation in, any "Aventis Group" as alleged in Paragraph 250 of the AMCC and reiterates, as noted in Footnote 1 hereto, that this Answer is filed on behalf of Aventis Behring L.L.C. only.  Behring admits that Plaintiffs purport to bring this action as alleged in Paragraph 250 of the AMCC, but Behring denies that Plaintiffs are entitled to a judgment or any relief.  Behring denies the remaining allegations in Paragraph 250 of the AMCC that pertain to it.

251.    To the extent the allegations in Paragraph 251 of the AMCC are directed to another defendant, Behring is without sufficient knowledge and information to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 251 of the AMCC.  Behring admits that the governmental agencies listed in Paragraph 251 of the AMCC have conducted investigations concerning pricing in the pharmaceutical industry and that Behring, among others, has been involved in such investigations.

252-253.    Behring admits that it produced the November 1992 newsletter cited in Paragraph 252 of the AMCC and the *Red Book* excerpt cited in Paragraph 253 of the AMCC, but Behring states that these documents are the best evidence of their contents and denies that the conclusions Plaintiffs draw from these documents are accurate.  Behring denies the remaining allegations in Paragraphs 252 and 253 of the AMCC that pertain to it.

254.    Behring admits that it reported certain pricing information for its medicines to pharmaceutical industry pricing publications during the purported Class Period.  Behring further admits that it reported a suggested AWP for its medicines during a portion of that time.  Behring denies that it controlled and set the AWPs for its medicines.  Behring further denies that it produced or prepared the documents cited in Paragraph 254(a) of the AMCC and further denies that these documents reflect any conduct by or knowledge of Behring.  Therefore, it appears the allegations in Paragraph 254(a) are directed to another defendant and require no response from Behring.  To the extent allegations in Paragraph 254(a) of the AMCC are deemed to include allegations against Behring, they are denied.  Behring admits that it produced the document cited in Paragraph 254(b) of the AMCC, but Behring states that this document is the best evidence of its contents and denies that the conclusions Plaintiffs draw from this document are accurate.

255.    To the extent the allegations in Paragraph 255 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the allegations in Paragraph 255 of the AMCC that pertain to it.

256.    Behring admits that it produced the document cited in Paragraph 256 of the AMCC, but Behring states that this document is the best evidence of its contents and denies that the conclusions Plaintiffs draw from this document are accurate.  Behring denies the remaining allegations in Paragraph 256 of the AMCC.

257.    To the extent the allegations in Paragraph 257 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations

15

and, therefore, denies those allegations. Behring denies that it produced or prepared the documents cited in Paragraph 257 of the AMCC and further denies that the documents reflect any conduct by or knowledge of Behring. Therefore, it appears that the allegations in Paragraph 257 of the AMCC are directed to another defendant and require no response from Behring. To the extent the allegations in Paragraph 257 of the AMCC are deemed to include allegations against Behring, they are denied.

258.    Behring admits that it produced the documents cited in Paragraph 258 of the AMCC, but Behring avers that these documents are the best evidence of their contents and denies that the conclusions Plaintiffs draw from these documents are accurate. Behring denies the remaining allegations in Paragraph 258 of the AMCC.

259.    To the extent the allegations in Paragraph 259 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring denies that it produced or prepared the documents cited in Paragraph 259 of the AMCC and further denies that the documents reflect any conduct by or knowledge of Behring. Therefore, it appears that the allegations in Paragraph 259 of the AMCC are directed to another defendant and require no response from Behring. To the extent the allegations in Paragraph 259 of the AMCC are deemed to include allegations against Behring, they are denied.

260-261. To the extent the allegations in Paragraphs 260 and 261 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring states that the report published by the DHHS

16

(AB-00-86) cited in Paragraph 260 of AMCC and the report published by the OIG (*see* "Medicare Reimbursement of Prescription Drugs," OEI-03-00-00310, Jan. 2001) cited in Paragraph 261 of the AMCC are the best evidence of their contents, but Behring denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement or conclusion contained in these documents. Behring denies the remaining allegations in Paragraphs 260 and 261 of the AMCC that pertain to it.

262. To the extent the allegations in Paragraph 262 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring denies that it produced or prepared the documents cited in Paragraph 262 of the AMCC and further denies that the documents reflect any conduct by or knowledge of Behring. Therefore, it appears that the allegations in Paragraph 262 of the AMCC are directed to another defendant and require no response from Behring. To the extent the allegations in Paragraph 262 of the AMCC are deemed to include allegations against Behring, they are denied.

263. To the extent the allegations in Paragraph 263 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring denies that it produced or prepared the documents cited in Paragraph 263 of the AMCC and further denies that the documents reflect any conduct by or knowledge of Behring. Therefore, it appears that the allegations in Paragraph 263 of the AMCC are directed to another defendant and require no response from Behring. To

the extent the allegations in Paragraph 263 of the AMCC are deemed to include allegations against Behring, they are denied.

264.   To the extent the allegations in Paragraph 264 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies that the document cited in Paragraph 264 of the AMCC relates to Behring because Behring has never manufactured, sold or distributed Anzamet.  Therefore, it appears that the allegations in Paragraph 264 of the AMCC are directed to another defendant and require no response from Behring.  To the extent the allegations in Paragraph 264 of the AMCC are deemed to include allegations against Behring, they are denied.

265-266.  Behring admits that it produced the documents cited in Paragraphs 265 and 266 of the AMCC, but Behring avers that these documents are the best evidence of their contents. Behring denies that the conclusions drawn by Plaintiffs from these documents are accurate. Behring denies the remaining allegations in Paragraphs 265 and 266 of the AMCC.

267.   Behring states that the document cited in Paragraph 267 of the AMCC is the best evidence of its contents.  Behring denies that the conclusion drawn by Plaintiffs from the alleged quotation from this document is accurate.  Behring denies the remaining allegations in Paragraph 267 of the AMCC.

268.   To the extent the allegations in Paragraph 268 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and,

therefore, denies those allegations.   Behring denies the allegations in Paragraph 268 of the AMCC that pertain to it.

269.   To the extent the allegations in Paragraph 269 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.   Behring denies that it produced or prepared the document cited in Paragraph 269 of the AMCC and further denies that the document reflects any conduct by or knowledge of Behring.  Therefore, it appears that the allegations in Paragraph 269 of the AMCC are directed to another defendant and require no response from Behring.  To the extent the allegations in Paragraph 269 of the AMCC are deemed to include allegations against Behring, they are denied.

270.   Behring denies the allegations in Paragraph 270 of the AMCC.   Specifically, Behring denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 270 of the AMCC.

271.   Behring states that the document cited in Paragraph 271 of the AMCC is the best evidence of its contents.  Behring denies that Plaintiffs have accurately characterized any alleged document finding, opinion, statement or conclusion.  To the extent the allegations in Paragraph 271 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.   Behring denies the remaining allegations in Paragraph 271 of the AMCC that pertain to it.

272-540.  The allegations in Paragraphs 272 through 540 of the AMCC are directed to other defendants and require no response from Behring.   To the extent the allegations in

Paragraphs 272 through 540 of the AMCC are deemed to include allegations against Behring, they are denied.

## VI.   PLAINTIFFS' CLAIM FOR DAMAGES

541.    Behring denies that Plaintiffs have suffered damages or injuries as alleged in Paragraph 541 of the AMCC.  Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 541 of the AMCC and, therefore, denies those allegations.

## VII.   PLAINTIFFS' CLAIMS CONCERNING TOGETHER RX

542-594.  The allegations contained in Paragraphs 542 through 594 of the AMCC are not asserted against Behring, and therefore no response is required.  To the extent a response is deemed to be required, Behring denies any allegations in Paragraphs 542 through 594 of the AMCC that pertain to it.

## VIII.   CLASS ALLEGATIONS FOR THE PURPORTED "AWP PAYOR CLASS"

595-598.   Behring admits that Plaintiffs purport to bring this action as alleged in Paragraphs 595 through 598 of the AMCC, but Behring denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Behring denies that Plaintiffs or any putative class members have suffered damages as alleged in Paragraph 598 of the AMCC.

599-603.   The allegations in Paragraphs 599 through 603 of the AMCC state legal conclusions to which no answer is required.  Behring denies, however, that Plaintiffs have pled a proper class or named proper class representatives.  Further answering, Behring denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 603 of the AMCC.