## IX. CLASS ALLEGATIONS FOR THE PURPORTED "TOGETHER RX CLASS"

604-618.  The allegations contained in Paragraphs 604 through 618 of the AMCC are not asserted against Behring, and therefore no response is required.  To the extent a response is deemed to be required, Behring denies any allegations in Paragraphs 604 through 618 of the AMCC that pertain to it.

### COUNT I (RICO)

619-646.   The Court dismissed Count I in its Order dated February 24, 2004. Accordingly, Behring does not respond to Paragraphs 619 through 646 of the AMCC.  To the extent a response is required, Behring denies all allegations contained within Count I of the AMCC that pertain to it.

### COUNT II (RICO)

647.   Answering Paragraph 647 of the AMCC, Behring realleges and incorporates its responses to the allegations in Paragraphs 1 through 646 of the AMCC.

648.   To the extent the allegations in Paragraph 648 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring admits that Plaintiffs purport to bring this action and to seek relief under Count II of the AMCC as alleged in Paragraph 648, but Behring denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Behring under Count II.  Behring denies the remaining allegations in Paragraph 648 of the AMCC.

649.   The allegations in Paragraph 649 of the AMCC state a legal conclusion to which no answer is required.  Behring denies, however, that Plaintiffs have pled a proper class.

650.    To the extent the allegations in Paragraph 650 of the AMCC and subparts state legal conclusions, Behring avers that no answer is required.  Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 650 and subparts and, therefore, denies those allegations.

651-655.  Behring denies the existence of, or its participation in, any "enterprise," "AWP Scheme," or "hidden-profit scheme" as alleged in Paragraphs 651 through 655 of the AMCC. To the extent the allegations in Paragraphs 651 through 655 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring states that the unidentified "industry report" cited in Paragraph 655 of the AMCC is the best evidence of its contents.  Behring denies that Plaintiffs have accurately characterized any alleged "industry report" finding, opinion, statement or conclusion.  Behring denies the remaining allegations in Paragraphs 651 through 655 that pertain to it.

656-678.  Behring denies the existence of, or its participation in, any "enterprise," "AWP spread scheme," "AWP Scheme," "The Aventis Group Manufacturer-PBM Enterprise" and/or "Manufacturer-PBM Enterprise" as alleged in Paragraphs 656 through 678 of the AMCC.  To the extent the allegations in Paragraphs 656 through 678 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent the allegations in Paragraph 656 through 678 of the AMCC include allegations against Behring, they are denied.

22

679.    The allegations in Paragraph 679 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Behring denies the allegations in Paragraph 679 of the AMCC.

## COUNT III (DECLARATORY RELIEF)

680.    Answering Paragraph 680 of the AMCC, Behring realleges and incorporates its responses to the allegations in Paragraphs 1 through 679 of the AMCC.

681.    The allegations in Paragraph 681 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Behring denies that Plaintiffs have standing to bring this action, and denies that an actual case and controversy exists.  To the extent the allegations in Paragraph 681 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the allegations in Paragraph 681 of the AMCC that pertain to it.

682-683.  Answering the first sentence of Paragraph 682 of the AMCC, Behring refers to and incorporates its response to Paragraph 681 of the AMCC.  To the extent the allegations in Paragraphs 682 through 683 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the remaining allegations in Paragraphs 682 through 683 of the AMCC that pertain to it.

## COUNT IV (CONSUMER PROTECTION STATUTES)

684.    Answering Paragraph 684 of the AMCC, Behring realleges and incorporates its responses to the allegations in Paragraphs 1 through 683 of the AMCC.

685.    Behring admits that Plaintiffs purport to bring this action and to seek relief under Count IV of the AMCC as alleged in Paragraph 685, but Behring denies that Plaintiffs are entitled maintain this action as alleged or to any relief against Behring under Count IV.  Behring denies the remaining allegations in Paragraph 685 of the AMCC.

686.    To the extent the allegations in Paragraph 686 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring admits that its principal place of business is located in King of Prussia, Pennsylvania.  Behring admits that certain states have enacted consumer protection laws, but Behring denies that it has violated such laws or that Plaintiffs or any putative class members are entitled to relief under such laws.  Behring denies the remaining allegations in Paragraph 686 of the AMCC and subparts that pertain to it.

687-691.  Behring denies the existence of, and its participation in, any "AWP Scheme" as alleged in Paragraph 687 of the AMCC.  To the extent the allegations in Paragraphs 687 through 691 of the AMCC and subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the remaining allegations in Paragraphs 687 through 691 of the AMCC and subparts that pertain to it.  Behring further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraphs 689 and 691 of the AMCC.

**COUNT V (CLAYTON ACT – TOGETHER RX)**

692-698.    The allegations contained in Paragraphs 692 through 698 of the AMCC are not asserted against Behring, and therefore no response is required.  To the extent a response

24

is deemed to be required, Behring denies any allegations in Paragraphs 692 through 698 of the AMCC that pertain to it.

### COUNT VI (SHERMAN ACT)

699-704.     The allegations contained in Paragraphs 699 through 704 of the AMCC are not asserted against Behring, and therefore no response is required.  To the extent a response is deemed to be required, Behring denies any allegations in Paragraphs 699 through 704 of the AMCC that pertain to it.

### COUNT VII (INDIRECT PURCHASER – TOGETHER RX)

705-709.     The allegations contained in Paragraphs 705 through 708 of the AMCC are not asserted against Behring, and therefore no response is required.  To the extent a response is deemed to be required, Behring denies any allegations in Paragraphs 705 through 709 of the AMCC that pertain to it.

### COUNT VIII (RICO – TOGETHER RX)

709-725.     The allegations contained in Paragraphs 709 through 725 of the AMCC are not asserted against Behring, and therefore no response is required.  To the extent a response is deemed to be required, Behring denies any allegations in Paragraphs 709 through 725 of the AMCC that pertain to it.

### COUNT IX (CIVIL CONSPIRACY – PBMs)

726.   Answering Paragraph 726 of the AMCC, Behring realleges and incorporates its responses to the allegations in Paragraphs 1 through 725 of the AMCC.

727.   Behring admits that Plaintiff CMHV purports to bring this action as alleged in Paragraph 727 of the AMCC, but Behring denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  Behring is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 727 of the AMCC and, therefore, denies those allegations.

728-731.  Behring denies the existence of, and its participation in, any "scheme," "AWP Scheme," "conspiracy" or "The Aventis Group Manufacturer-PBM Conspiracies" as alleged in Paragraphs 728 through 731 of the AMCC.  To the extent the allegations in Paragraphs 728 through 731 of the AMCC and subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring denies the remaining allegations in Paragraphs 728 through 731 of the AMCC and subparts that pertain to it.

732-733.  Behring denies the allegations in Paragraphs 732 through 733 of the AMCC. Specifically, Behring denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 733 of the AMCC.

## X.    CIVIL CONSPIRACY (TOGETHER RX)

734-741.    The allegations contained in Paragraphs 734 through 741 of the AMCC are not asserted against Behring, and therefore no response is required.  To the extent a response is deemed to be required, Behring denies the allegations in Paragraphs 734 through 741 of the AMCC.

Behring denies Plaintiffs are entitled to a judgment or any other relief requested in their Prayer for Relief and "WHEREFORE" paragraph following Paragraph 741 of the AMCC.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Plaintiffs and the putative class fail to state a claim against Behring upon which relief may be granted.

### Second Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Third Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the filed rate doctrine.

### Fourth Defense

Plaintiffs and the putative class have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Behring as alleged in the AMCC.

### Fifth Defense

To the extent Plaintiffs and/or any member of the putative class obtain recovery in any other case predicated on the same factual allegations, that Plaintiff or purported class member is barred from seeking recovery against Behring based on the AMCC pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### Sixth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New

York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation.

### Seventh Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Behring in judicial, legislative or administrative proceedings of any kind or at any level of government.

### Eighth Defense

Plaintiffs and the putative class' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

### Ninth Defense

Any and all actions taken by Behring with respect to any of the matters alleged in the AMCC were taken in good faith and in accordance with established industry practice.

### Tenth Defense

Plaintiffs and the putative class' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Eleventh Defense

Plaintiffs' and the putative class' claims are preempted by the dormant Commerce Clause of the United States Constitution.

### Twelfth Defense

Plaintiffs' and the putative class' claims against Behring are barred because Behring has complied with all applicable regulations of the federal and state governments.

### Thirteenth Defense

Plaintiffs' and the putative class' claims against Behring are barred, in whole or in part, by the applicable statutes of limitations and repose.

### Fourteenth Defense

Plaintiffs' and the putative class' claims against Behring are barred, in whole or in part, by the doctrines of laches, estoppel, and waiver.

### Fifteenth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because they violate Behring's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as all applicable state constitutions, insofar as Plaintiffs and the putative class members seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Sixteenth Defense

Behring's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

### Seventeenth Defense

Plaintiffs and the putative class fail to state with particularity facts to support the fraud allegations against Behring contained in the AMCC.

### Eighteenth Defense

Plaintiffs and the putative class fail to state with particularity the fraudulent concealment allegations against Behring in the AMCC.

29

### Nineteenth Defense

Plaintiffs and the putative class fail to plead with particularity their multi-source medicine allegations against Behring in the AMCC.

### Twentieth Defense

Plaintiffs' and the putative class' claims against Behring are barred, in whole or in part, because Behring did not make any false statements to Plaintiffs or to any members of the putative class members.  As to any statement asserted against Behring that Plaintiffs and the putative class allege to be false or misleading, Behring had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### Twenty-First Defense

Plaintiffs' and the putative class' claims against Behring are barred because Behring did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

### Twenty-Second Defense

Plaintiffs' and the putative class' RICO claims against Behring are barred, in whole or in part, due to Plaintiffs' failure to properly allege a RICO enterprise as required by 18 U.S.C. § 1962(c).

### Twenty-Third Defense

Plaintiffs' and the putative class' RICO claims against Behring are barred, in whole or in part, due to their failure to plead facts showing that Behring and the PBMs are ongoing organizations whose members function as continuing unit and share common purposes as required by *United States v. Turkette*, 452 U.S. 576, 583 (1981).

30

**Twenty-Fourth Defense**

Plaintiffs' and the putative class' RICO claims against Behring are barred, in whole or in part, due to their failure to allege that Behring conducted the affairs of the alleged enterprises as required by 18 U.S.C. § 1962(c).

**Twenty-Fifth Defense**

Plaintiffs and the putative class lack standing to bring their RICO claims against Behring because they cannot show Behring directly caused their alleged injuries as required by 18 U.S.C. § 1964(c) and *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 265-66, 268 (1992).

**Twenty-Sixth Defense**

Plaintiffs and the putative class fail to allege with particularity their civil conspiracy claims against Behring as required by Fed. R. Civ. P. 9(b).

**Twenty-Seventh Defense**

Plaintiffs' and the putative class' civil conspiracy claims against Behring are barred, in whole or in part, by their failure to allege a concerted action as required by *Aetna Cas. Sur. Co. v. P&B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994) and *Grant v. John Hancock Mut. Life Ins. Co.*, 183 F. Supp. 2d 344, 359 (D. Mass. 2002).

**Twenty-Eighth Defense**

Plaintiffs' and the putative class' civil conspiracy claims against Behring are barred, in whole or in part, by their failure to allege a coercive conspiracy as required by *Fleming v. Dance*, 22 N.E.2d 609, 611 (Mass. 1939).

**Twenty-Ninth Defense**

Plaintiffs' and the putative class' civil conspiracy claims against Behring are barred, in whole or in part, because they are duplicative and improper under Massachusetts law. *See Grant*, 183 F. Supp. 2d at 364.

31

## Thirtieth Defense

Behring denies that Plaintiffs and the putative class have valid consumer protection claims against Behring under California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington or any other State whose law is or becomes relevant in the course of this multidistrict litigation.  However, if such claims are found to exist, Behring pleads all available defenses under the Acts.

## Thirty-First Defense

Any allegedly fraudulent statements or conduct of Behring did not directly or proximately cause the alleged injuries of Plaintiffs and/or any members of the putative class as required under state consumer protection laws, including without limitation those of Florida, Illinois, Louisiana, New Jersey, New York, Pennsylvania, Texas and Washington.

## Thirty-Second Defense

Behring's conduct was neither "deceptive," "misleading," "unlawful" nor "illegal" as required under certain state consumer protection laws, including without limitation those of Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Texas and/or Washington.

## Thirty-Third Defense

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against Behring, they are not entitled to such relief because they have an adequate remedy at law.

## Thirty-Fourth Defense

Plaintiffs and the putative class lack standing to bring their asserted consumer protection claims against Behring under certain state consumer protection laws, including without limitation those of Delaware, Florida, Louisiana, New Jersey, Pennsylvania and Washington.

## Thirty-Fifth Defense

Plaintiffs and the putative class did not rely on the allegedly fraudulent statements or conduct of Behring as required under certain state consumer protection laws, including without limitation those of New York and Pennsylvania.

## Thirty-Sixth Defense

Any allegedly fraudulent statement or conduct of Behring was not consumer-oriented as required under certain consumer protection law, including without limitation that of New York.

## Thirty-Seventh Defense

Plaintiffs' and the putative class' claims against Behring for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

## Thirty-Eighth Defense

Plaintiffs' and the putative class' claims for injunctive relief against Behring are barred by the doctrines of *in pari delicto* and/or unclean hands.

## Thirty-Ninth Defense

This action cannot be maintained as a class action because the certification and maintenance of this action as a class would violate the separation of powers provisions of the United States Constitution and would be an unconstitutional usurpation of authority reserved to the legislative branch.

## Fortieth Defense

This action cannot be maintained as a class action because (1) the certification and maintenance of this action as a class would violate the separation of powers provisions of the United States Constitution and would be an unconstitutional usurpation of authority reserved to the legislative branch; (2) the claims of Plaintiffs and the putative class cannot be properly joined with one another because they did not arise out of the same transaction, occurrence, or series of

transactions or occurrences; (3) the named Plaintiffs and the putative class cannot satisfy the procedural requirements of Fed. R. Civ. P. 23; (4) the questions of fact at issue are not common to the alleged class, but rather, are highly specific and will vary dramatically from person to person and entity to entity; and/or (5) class certification would violate Behring's rights provided by the Fifth, Seventh and Fourteenth Amendments to the United States Constitution as well as by the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation, including but not limited to Behring's right to procedural and substantive safeguards, which include traditional defenses to liability.

## Forty-First Defense

Plaintiffs' and the putative class' claims against Behring are barred, in whole or in part, due to their failure to join indispensable parties.

## Forty-Second Defense

Plaintiffs' and the putative class' claims against Behring are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the AMCC.

## Forty-Third Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because any injuries sustained by Plaintiffs or the putative class were the result of intervening or superceding conduct of third parties.

## Forty-Fourth Defense

Plaintiffs' and the putative class' claims against Behring for damages are barred, in whole or in part, (1) because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any

exists, attributable to Behring; (2) because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the AMCC; (3) by the doctrine of consent and/or ratification to the extent that plaintiffs and/or putative class members have received and paid for medicines manufactured, marketed and sold by Behring after the filing of Plaintiffs' original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

### Forty-Fifth Defense

Behring is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs and/or the putative class, with respect to the same alleged injuries.

### Forty-Sixth Defense

Any damages recovered by the Plaintiffs and the putative class from Behring must be limited by the applicable statutory ceilings on recoverable damages.

### Forty-Seventh Defense

Plaintiffs and the putative class fail to allege facts or a cause of action against Behring sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

### Forty-Eighth Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against Behring:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the AMCC are legally insufficient to support a claim for punitive damages against Behring; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Behring prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Behring's due process rights guaranteed

by the Fifth and Fourteenth Amendments to the United States Constitutions and the constitutions of any applicable states' laws; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Behring's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable states' laws; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, of subsequent judgments against Behring for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Behring's medicines would constitute impermissible multiple punishments for the same wrong, in violation of Behring's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law and statutory law of any applicable states' laws; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Behring's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' law; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Behring the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Behring's rights guaranteed by the Fourth, Fifth, and Sixth

36

Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' laws.

## Forty-Ninth Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for punitive damages against Behring cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Behring, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding Plaintiff's and the putative class' burden of proof with respect to each and every element of a claim for punitive damages, and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Behring's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law and public policies of any applicable states' laws.

37

### Fiftieth Defense

To the extent punitive damages are sought, Plaintiff's and the putative class' claim for punitive damages against Behring cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate Behring's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Behring's right not to be subjected to an excessive award; and (3) be improper under the constitutions, common law and public policies of any applicable states' laws.

### Fifty-First Defense

Behring adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

### Fifty-Second Defense

Behring hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense. Behring also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state other than California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and/or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

WHEREFORE, Behring prays that this Court:

1.      Dismiss the Amended Master Consolidated Class Action Complaint with prejudice and enter judgment in favor of Behring and against plaintiffs;

2.      Award Behring its costs and expenses; and

3.      Grant such other and further relief for Behring as this Court deems just and proper.

                                        AVENTIS BEHRING, LLC
                                        By its Attorneys,


                                        Michael DeMarco (BBO #119960)
                                        KIRKPATRICK & LOCKHART LLP
                                        75 State Street
                                        Boston, MA 02109
                                        (617) 261-3100

                                        William D. Nussbaum
                                        Jonathan T. Rees
                                        Martha L. Russo
                                        HOGAN & HARTSON L.L.P.
                                        555 13th Street, NW
                                        Washington D.C. 20004
                                        (202) 637-5600
                                        FAX:  (202) 637-5910

Dated:   April 9, 2004

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of April, 2004, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

Aimée E. Bierman