# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | Civil Action No. 01-CV-12257-PBS |
| ) | |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS ) ) ) | |

## SCHERING-PLOUGH CORPORATION'S ANSWER TO INTERVENORS' AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT

Schering-Plough Corporation ("Schering-Plough") answers the Intervenors' Amended Master Consolidated Class Action Complaint ("Amended Master Complaint") as follows:

## I. INTRODUCTION

1.      The allegations in paragraph 1 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Schering-Plough denies the allegations in paragraph 1.

2.      To the extent the allegations contained in paragraph 2 allege a conspiracy between Schering-Plough and various publishing entities, no response is required because these allegations, which formed the basis of Count I of the Amended Master Complaint, were dismissed with prejudice by the Court's Order dated February 25, 2004.  To the extent that the allegations in paragraph 2 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2.  Schering-Plough otherwise denies the allegations in paragraph 2.

3.      To the extent that the allegations in paragraph 3 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in paragraph 3.  Schering-Plough admits that it manufactures certain medicines that are covered under Medicare Part B and that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP.  Schering-Plough admits that it reports certain pricing information for their medicines to pharmaceutical industry pricing publications.  Schering-Plough further admits that AWPs for its medicines published in trade publications are typically higher than the prices ultimately paid by providers purchasing such medicines from wholesalers and distributors.  Schering-Plough denies the remaining allegations in paragraph 3.

4.      To the extent that the allegations in paragraph 4 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4.  Schering-Plough admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP, and further admits that Medicare Part B medicines are generally, but not always, administered in a healthcare provider's office.  Schering-Plough denies the remaining allegations in paragraph 4.

5-7.      To the extent that the allegations in paragraphs 5 through 7 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 5 through 7.  Schering-Plough denies the remaining allegations in paragraphs 5 through 7.

8.      Schering-Plough avers that it does not participate in the "Together Rx Card Program."  To the extent that the allegations in paragraph 8 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8.  Schering-Plough otherwise denies the allegations in paragraph 8.

9-10.   To the extent that the allegations in paragraphs 9 through 10 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 9 through 10.  Schering-Plough otherwise denies the allegations in paragraphs 9 through 10.

11.      Schering-Plough admits that Plaintiffs have filed attachments to the Amended Master Complaint.  Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 11.

12.      The Court dismissed Count I of the Amended Master Complaint in its Order dated February 25, 2004.  Accordingly, no response to the allegations contained in paragraph 12 is required.  To the extent that an answer is required, Schering-Plough denies the allegations in paragraph 12.

13-21.  The allegations in paragraphs 13 through 21 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent that an answer is required, Schering-Plough denies the allegations in paragraphs 13 through 21.

## II. JURISDICTION AND VENUE

22.      The allegations in paragraph 22 of the Amended Master Complaint state legal conclusions as to which no answer is required.

23.      The allegations in paragraph 23 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent an answer is required, Schering-Plough admits the allegations in paragraph 23.

24.      The allegations in paragraph 24 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent that an answer is required, Schering-Plough admits the allegations in the first two sentences of paragraph 24.  To the extent

that the allegations in the last sentence of paragraph 24 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of paragraph 24. Schering-Plough otherwise denies the allegations in the last sentence of 24.

25.     The allegations in paragraph 25 of the Amended Master Complaint state legal conclusions as to which no answer is required. To the extent an answer is required, Schering-Plough admits the allegations in paragraph 25.

### III. PARTIES

26-31.   Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 26 through 31.

32.     Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first four sentences of paragraph 32. The last two  sentences of paragraph 32 state legal conclusions as to which no answer is required. To the extent that an answer is required, Schering-Plough denies the allegations in the last two sentences of paragraph 32.

33.     Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first three sentences of paragraph 33. The last two sentences of paragraph 33 state legal conclusions as to which no answer is required. To the extent that an answer is required, Schering-Plough denies the allegations in the last two sentences of paragraph 33.

34.     Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first four sentences of paragraph 34. The last two sentences of paragraph 34 state legal conclusions as to which no answer is required. To the

extent that an answer is required, Schering-Plough denies the allegations in the last two sentences of paragraph 34.

35.     Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first three sentences of paragraph 35.  The last two sentences of paragraph 35 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Schering-Plough denies the allegations in the last two sentences of paragraph 35.

36.     Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first four sentences of paragraph 36.  The last two sentences of paragraph 36 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Schering-Plough denies the allegations in the last two sentences of paragraph 36.

36(a)-(b).  Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 36(a)-(b).

36(c).  Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 36(c).  To the extent that the allegations in the second sentence of paragraph 36(c) refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 36(c).  Schering-Plough otherwise denies the allegations in the last sentence of paragraph 36(c).

37-38.  To the extent that the allegations in paragraphs 37 through 38 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations in paragraphs 37 through 38.  Schering-Plough otherwise denies the allegations in paragraphs 37 through 38.

39-115.  The allegations contained in paragraphs 39 through 115 refer to parties other than Schering-Plough.  To the extent the allegations contained in paragraphs 39 through 115 are deemed to include allegations against Schering-Plough, Schering-Plough denies the allegations.

116.    Schering-Plough admits the allegations contained in paragraph 116.

117.    Schering-Plough admits that its revenues in 2001 totaled $9.8 billion.  Schering-Plough avers that it is a holding company that does not engage in the sale of products.  Schering-Plough otherwise admits the allegations in paragraph 117.

118.    Schering-Plough avers that Warrick Pharmaceuticals Corporation is a second-tier subsidiary of Schering-Plough.  Schering-Plough otherwise admits the allegations in paragraph 118.

119.    Schering-Plough admits the allegations contained in paragraph 119.

120-131.  The allegations contained in paragraphs 120 through 131 refer to parties other than Schering-Plough.  To the extent the allegations contained in paragraphs 120 through 131 are deemed to include allegations against Schering-Plough, Schering-Plough denies the allegations.

## IV.  GENERAL ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

132.    The allegations in paragraph 132 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent that an answer is required, Schering-Plough denies the allegations in paragraph 132.

133.    Schering-Plough admits that there are many different pharmaceutical products manufactured and sold in the United States and that pharmaceuticals are manufactured and sold in varying dosages.  Schering-Plough further admits that their products are dispensed to patients

by pharmacies and physicians.  Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 133.

134-141.  To the extent that the allegations in paragraphs 134 through 141 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 134 through 141.  Further answering the allegations in paragraphs 134 through 141, Schering-Plough admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP.  Further answering paragraphs 134 through 141, Schering-Plough admits that pharmaceutical industry pricing publications periodically report AWPs for prescription medicines sold in the United States.  Schering-Plough states that the 1999 edition of the *Red Book* and the June 1996 Dow Jones News article cited in Paragraph 136 speak for themselves.  Schering-Plough denies the remaining allegations in paragraphs 134 through 141.

142-144.  Schering-Plough admits the allegations of paragraphs 142 through 144.

145.    Schering-Plough admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which speaks for itself.

146.    Schering-Plough denies the allegations in the first sentence of Paragraph 146 insofar as it contains material in quotation marks the source of which is not identified.  Schering-Plough denies the second sentence of Paragraph 146 insofar as 42 CFR § 405.517 contains no reference to a "ceiling" on reimbursement amounts.  Schering-Plough otherwise admits the allegations in paragraph 146.

147.    Schering-Plough admits the allegations of paragraph 147.

148.    Schering-Plough admits that the Medicare Program has publicly announced that it would use the AWP published in pharmaceutical industry pricing publications as the basis for

reimbursement.  Schering-Plough states that the Program Memo AB-99-63 cited in paragraph 148 speaks for itself.

149.    Schering-Plough states that the Program Memo AB-99-63 cited in paragraph 149 speaks for itself.

150-151.  Schering-Plough admits the allegations of paragraphs 150 through 151.

151.    Schering-Plough admits the allegations of paragraph 151.

152.    To the extent that the allegations in paragraph 152 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 152.  Schering-Plough admits that there are no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs.  Schering-Plough admits that it reports certain pricing information for their medicines to pharmaceutical industry pricing publications, including its list price for brand-name drugs.  Schering-Plough otherwise denies the remaining allegations in paragraph 152.

153-154.  Schering-Plough avers that the 2003 OIG report cited in paragraphs 153 through 154 speaks for itself.  Schering-Plough otherwise denies the allegations in paragraphs 153 through 154.

155.    Schering-Plough admits that the DOJ and the OIG have been investigating Schering-Plough, among others, for practices relating to the calculation of AWP.  Schering-Plough further admits that the United States House of Representatives Committee on Commerce has made requests for documents and information relating to AWP, to which Schering-Plough has responded.  To the extent that the allegations in paragraph 155 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in paragraph 155.  Schering-Plough otherwise denies the remaining allegations in paragraph 155.

156-157.  To the extent that the allegations in paragraphs 156 through 157 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 156 through 157. Schering-Plough states that the letter cited in paragraphs 156 through 157 speaks for itself. Schering-Plough otherwise denies the remaining allegations in paragraphs 156 through 157.

158.    Schering-Plough admits that the DOJ and the OIG have been investigating Schering-Plough, among others, for practices relating to the calculation of AWP.  Schering-Plough further admits that the United States House of Representatives Committee on Commerce has made requests for documents and information relating to AWP, to which Schering-Plough has responded.  To the extent that the allegations in paragraph 158 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 158.  Schering-Plough otherwise denies the remaining allegations in paragraph 158.

159.    To the extent that the allegations in paragraph 159 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 159.  Schering-Plough otherwise denies the remaining allegations in paragraph 159.

160.    To the extent that the allegations in paragraph 160 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 160.  Schering-Plough otherwise

admits the remaining allegations in paragraph 160 and further avers that it also provided its list price for brand-name drugs.

161-184.  To the extent that the allegations in paragraphs 161 through 184 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 161 through 184. Schering-Plough otherwise denies the remaining allegations in paragraphs 161 through 184.

185.    Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 185, including the identity of the unnamed "industry consultant" referenced therein.

186-192.    To the extent that the allegations in paragraphs 186 through 191 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 186 through 192.  Schering-Plough states that the documents cited in paragraphs 187, 189, 190, and 192 speak for themselves.  Schering-Plough otherwise denies the remaining allegations in paragraphs 186 through 192.

193-196.  To the extent that the allegations in paragraphs 193 through 196 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 193 through 196. Schering-Plough otherwise denies the remaining allegations in paragraphs 193 through 196.

197.    Schering-Plough avers that plaintiffs were aware of the issues associated with reliance on AWPs as a pricing benchmark for more than a decade before plaintiffs elected to bring this suit.  Schering-Plough otherwise denies the allegations contained in paragraph 197.

198-199.  The allegations in paragraphs 198 through 199 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraphs 198 through 199 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 198 through 199.  To the extent that an answer is otherwise required, Schering-Plough denies the allegations in paragraphs 198 through 199.

## V.  EXAMPLES OF SPECIFIC UNLAWFUL CONDUCT

200.    To the extent that the allegations in paragraph 200 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 200.  Schering-Plough otherwise denies the allegations in paragraph 200.

201-475.  The allegations contained in paragraphs 201 through 475 refer to parties other than Schering-Plough.  To the extent the allegations contained in paragraphs 201 through 475 are deemed to include allegations against Schering-Plough, Schering-Plough denies the allegations.

476.    Schering-Plough denies the allegations contained in paragraph 476.

477.    Schering-Plough admits that it has been investigated by the Department of Justice, the Texas Attorney General, the West Virginia Attorney General, California Attorney General, the California Attorney General, the California Bureau of Medi-Cal Fraud and Elder Abuse, the Department of Health and Human Services Office of Inspector General, and the United States Attorney for the District of Massachusetts for practices relating to the calculation of AWP.  Schering-Plough otherwise denies the remaining allegations in paragraph 477.

478.     Schering-Plough admits the allegations in first sentence of paragraph 478. Schering-Plough states that the documents cited in paragraph 478 speak for themselves. Schering-Plough denies the remaining allegations of paragraph 478.

479.     Schering-Plough states that the document cited in paragraph 479 speaks for itself. Schering-Plough otherwise denies the allegations in paragraph 479.

480.     Schering-Plough admits that the West Virginia Attorney General filed suit against Schering-Plough.  Schering-Plough avers that the complaint, a writing, speaks for itself.

481.     Schering-Plough admits that it communicates with industry compendia concerning AWP for its products.  Schering-Plough avers that the document referenced in the second sentence of paragraph 481 speaks for itself.  Schering-Plough denies the remaining allegations in paragraph 481.

482.     The document referenced in the second sentence of paragraph 482 speaks for itself.  Schering-Plough denies the remaining allegations in paragraph 482.

483.     The document referenced in the second sentence of paragraph 483 speaks for itself.  Schering-Plough denies the remaining allegations in paragraph 483.

484.     The documents referenced in paragraph 484 speak for themselves.  Schering-Plough denies the remaining allegations in paragraph 484.

485.     Schering-Plough admits that the published AWPs for most of its drugs were higher than the actual prices provided to wholesalers.  To the extent that the allegations in paragraph 485 refer to specific documents, those documents speak for themselves.

486.     The documents referenced in paragraph 486 speak for themselves.  Schering-Plough denies the remaining allegations in paragraph 486.

487-489.  The documents referenced in paragraphs 487 through 489 speak for themselves.  Schering-Plough denies the remaining allegations in paragraphs 487 through 489.

490-491.  Schering-Plough denies the allegations of paragraphs 490 through 491.

492-524.  The allegations contained in paragraphs 492 through 524 refer to parties other than Schering-Plough.  To the extent the allegations contained in paragraphs 492 through 524 are deemed to include allegations against Schering-Plough, Schering-Plough denies the allegations.

525.      Schering-Plough denies the allegations in paragraph 525.

526-540.  The allegations contained in paragraphs 526 through 540 refer to parties other than Schering-Plough.  To the extent the allegations contained in paragraphs 526 through 540 are deemed to include allegations against Schering-Plough, Schering-Plough denies the allegations.

## VI.  PLAINTIFFS' CLAIMS FOR DAMAGES

541.    To the extent that the allegations in paragraph 541 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 541.  Schering-Plough otherwise denies the allegations in paragraph 541.

## VII.  PLAINTIFFS' CLAIMS CONCERNING TOGETHER RX

542-594.  The allegations contained in paragraphs 542 through 594 refer to parties other than Schering-Plough.  To the extent the allegations contained in paragraphs 542 through 594 are deemed to include allegations against Schering-Plough, Schering-Plough denies the allegations.

## VIII.  CLASS ALLEGATIONS FOR THE PURPORTED "AWP PAYOR CLASS"

595-598.      Schering-Plough admits that Plaintiffs purport to bring this action as alleged in paragraphs 595 through 598, but Schering-Plough denies that Plaintiffs are entitled to

maintain this action in the manner alleged.  Schering-Plough denies that Plaintiffs or any putative

class members have suffered damages as alleged in Paragraph 598.

599-603.        The allegations in paragraphs 599 through 603 state legal conclusions as

to which no answer is required.  Schering-Plough denies, however, that Plaintiffs have pled a

proper class or named proper class representatives.  Schering-Plough further denies that

Plaintiffs or any putative class members have suffered damages or injuries as alleged in

paragraph 603.

## IX.  CLASS ALLEGATIONS FOR THE PURPORTED "TOGETHER RX CLASS"

604-618.  The allegations contained in paragraphs 604 through 618 refer to parties other

than Schering-Plough.  To the extent the allegations contained in paragraphs 604 through 618 are

deemed to include allegations against Schering-Plough, Schering-Plough denies the allegations.

## COUNT I (RICO)

619-646.   On February 25, 2004, the Court dismissed Count I of the Amended Master

Complaint.  Accordingly, no response to the allegations contained in paragraphs 619 through 646

is required.  To the extent an answer is required, Schering-Plough denies the allegations

contained in paragraphs 619 through 646.

## COUNT II (RICO)

647.     Schering-Plough reasserts and incorporates by reference all preceding paragraphs

as though fully set forth herein.

648.     Schering-Plough is without knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations in paragraph 648.

649.     The allegations in paragraph 649 of the Amended Master Complaint state legal

conclusions as to which no answer is required.

650.     The allegations in paragraph 650 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent that an answer is required, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 650.

651-654.  To the extent that the allegations in paragraphs 651 through 654 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 651 through 654. Schering-Plough otherwise denies the allegations in paragraphs 651 through 654.

655.     Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 655.

656-661.  To the extent that the allegations in paragraphs 656 through 661 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 656 through 661. Schering-Plough otherwise denies the allegations in paragraphs 656 through 661.

662.     The allegations in paragraph 662 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 662 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 662.  To the extent that an answer is otherwise required, Schering-Plough denies the allegations in paragraph 662.

663-664.  To the extent that the allegations in paragraphs 663 through 664 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations in paragraphs 663 through 664. Schering-Plough otherwise denies the allegations in paragraphs 663 through 664.

664.    To the extent that the allegations in paragraph 664 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 664.  Schering-Plough otherwise denies the allegations in paragraph 664.

665.    The allegations in paragraph 665 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 665 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 665.  To the extent that an answer is otherwise required, Schering-Plough denies the allegations in paragraph 665.

666.    To the extent that the allegations in paragraph 666 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 666.  Schering-Plough otherwise denies the allegations in paragraph 666.

667.    The allegations in paragraph 667 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 667 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 667.  To the extent that an answer is otherwise required, Schering-Plough denies the allegations in paragraph 667.

668.     To the extent that the allegations in paragraph 668 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 668.  Schering-Plough otherwise denies the allegations in paragraph 668.

669.     The allegations in paragraph 669 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 669 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 669.  To the extent that an answer is otherwise required, Schering-Plough denies the allegations in paragraph 669.

670.     The allegations in paragraph 670 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 670 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 670.  To the extent that an answer is otherwise required, Schering-Plough denies the allegations in paragraph 670.

671-672.  To the extent that the allegations in paragraphs 671 through 672 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 671 through 672. Schering-Plough otherwise denies the allegations in paragraphs 671 through 672.

673-674.  The allegations in paragraphs 673 through 674 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraphs 673 through 674 refer to parties other than Schering-Plough, Schering-

Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 673 through 674.  To the extent that an answer is otherwise required, Schering-Plough denies the allegations in paragraphs 673 through 674.

675-676.  To the extent that the allegations in paragraphs 675 through 676 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 675 through 676. Schering-Plough otherwise denies the allegations in paragraphs 675 through 676.

677.    The allegations in paragraph 677 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 677 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 677.  To the extent that an answer is otherwise required, Schering-Plough denies the allegations in paragraph 677.

678.    To the extent that the allegations in paragraph 678 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 678.  Schering-Plough otherwise denies the allegations in paragraph 678.

679.    The allegations in paragraph 679 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 679 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 679.  To the extent that an answer is otherwise required, Schering-Plough denies the allegations in paragraph 679.

## COUNT III (DECLARATORY RELIEF)

680.     Schering-Plough reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

681.     The allegations in paragraph 681 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 681 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 681.  To the extent that an answer is otherwise required, Schering-Plough denies the allegations in paragraph 681.

682.     To the extent that the allegations in paragraph 682 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 682.  Schering-Plough otherwise denies the allegations in paragraph 682.

683.     The allegations in paragraph 683 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent an answer is required, Schering-Plough denies the allegations in paragraph 683.

## COUNT IV (CONSUMER PROTECTION STATUTES)

684.     Schering-Plough reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

685.     Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 685.  To the extent an answer is required, Schering-Plough denies the allegations in paragraph 685.

686-687.  The allegations in paragraphs 686 through 687 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraphs 686 through 687 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 686 through 687.  To the extent that an answer is otherwise required, Schering-Plough denies the allegations in paragraphs 686 through 687.

688-691.  To the extent that the allegations in paragraphs 688 through 691 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 688 through 691.  Schering-Plough otherwise denies the allegations in paragraphs 688 through 691.

## COUNT V - COUNT VIII (TOGETHER RX COUNTS)

692-725.  The allegations contained in paragraphs 692 through 725 refer to parties other than Schering-Plough.  To the extent the allegations contained in paragraphs 692 through 725 are deemed to include allegations against Schering-Plough, Schering-Plough denies the allegations.

## COUNT IX (CIVIL CONSPIRACY - PBMs)

726.     Schering-Plough reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

727.     Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 727.

728.     To the extent that the allegations in paragraph 728 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 728.  Schering-Plough otherwise denies the allegations in paragraph 728.

729.    The allegations in paragraph 729 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 729 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 729.  To the extent that an answer is otherwise required, Schering-Plough denies the allegations in paragraph 729.

730-733.  The allegations in paragraphs 730 through 733 of the Amended Master Complaint state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraphs 730 through 733 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 730 through 733.  To the extent that an answer is otherwise required, Schering-Plough denies the allegations in paragraphs 730 through 733.

## COUNT X (CIVIL CONSPIRACY - TOGETHER RX)

734-741.  The allegations contained in paragraphs 734 through 741 refer to parties other than Schering-Plough.  To the extent the allegations contained in paragraphs 734 through 741 are deemed to include allegations against Schering-Plough, Schering-Plough denies the allegations.

## UNNUMBERED PARAGRAPH AND REQUEST FOR JURY TRIAL

Schering-Plough denies the allegations contained in the unnumbered paragraph following paragraph 741 and opposes all relief requested therein.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof of such defenses that it would not otherwise have, Schering-Plough asserts the following defenses:

### First Defense

Plaintiffs and the putative class fail to state a claim against Schering-Plough upon which relief may be granted.

### Second Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Third Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the filed rate doctrine.

### Fourth Defense

Plaintiffs and the putative class have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Schering-Plough as alleged in the AMCC.

### Fifth Defense

To the extent Plaintiffs and/or any member of the putative class obtain recovery in any other case predicated on the same factual allegations, that Plaintiff or purported class member is barred from seeking recovery against Schering-Plough based on the AMCC pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

### Sixth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New

York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation.

### Seventh Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Schering-Plough in judicial, legislative or administrative proceedings of any kind or at any level of government.

### Eighth Defense

Plaintiffs and the putative class' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have released, settled, entered into an accord and satisfaction, or otherwise compromised their claims.

### Ninth Defense

Any and all actions taken by Schering-Plough with respect to any of the matters alleged in the AMCC were taken in good faith and in accordance with established industry practice.

### Tenth Defense

Plaintiffs and the putative class' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Eleventh Defense

Plaintiffs' and the putative class' claims are preempted by the dormant Commerce Clause of the United States Constitution.

### Twelfth Defense

Plaintiffs' and the putative class' claims against Schering-Plough are barred because Schering-Plough has complied with all applicable regulations of the federal and state governments.

### Thirteenth Defense

Plaintiffs' and the putative class' claims against Schering-Plough are barred, in whole or in part, by the applicable statutes of limitations and repose and by the doctrines of laches, estoppel, and waiver.

### Fourteenth Defense

Schering-Plough's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

### Fifteenth Defense

Plaintiffs and the putative class fail to state with particularity facts to support the fraud allegations, and fail to plead with particularity the fraudulent concealment and multi-source medicine allegations against Schering-Plough contained in the AMCC.

### Sixteenth Defense

Plaintiffs and the putative class fail to allege with particularity their civil conspiracy claims against Schering-Plough as required by Fed. R. Civ. P. 9(b).

### Seventeenth Defense

Plaintiffs' and the putative class' claims against Schering-Plough are barred, in whole or in part, because Schering-Plough did not make any false statements to Plaintiffs or to any members of the putative class members.  As to any statement asserted against Schering-Plough that Plaintiffs and the putative class allege to be false or misleading, Schering-Plough had no

reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### Eighteenth Defense

Plaintiffs' and the putative class' RICO claims against Schering-Plough are barred, in whole or in part, due to Plaintiffs' failure to properly allege a RICO enterprise as required by 18 U.S.C. § 1962(c).

### Nineteenth Defense

Plaintiffs' and the putative class' RICO claims against Schering-Plough are barred, in whole or in part, due to their failure to plead facts showing that Schering-Plough and the PBMs are ongoing organizations whose members function as a continuing unit and share common purposes as required by *United States v. Turkette*, 452 U.S. 576, 583 (1981).

### Twentieth Defense

Plaintiffs' and the putative class' RICO claims against Schering-Plough are barred, in whole or in part, due to their failure to allege that Schering-Plough conducted the affairs of the alleged enterprises as required by 18 U.S.C. § 1962(c).

### Twenty-First Defense

Plaintiffs and the putative class lack standing to bring their RICO claims against Schering-Plough because they cannot show Schering-Plough directly caused their alleged injuries as required by 18 U.S.C. § 1964(c) and *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 265-66, 268 (1992).

### Twenty-Second Defense

Plaintiffs' and the putative class' civil conspiracy claims against Schering-Plough are barred, in whole or in part, by their failure to allege a concerted action as required by *Aetna Cas. Sur. Co. v. P&B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994) and *Grant v. John Hancock Mut.*

*Life Ins. Co.*, 183 F. Supp. 2d 344, 359 (D. Mass. 2002), and/or by their failure to allege a coercive conspiracy as required by *Fleming v. Dance*, 22 N.E.2d 609, 611 (Mass. 1939).

### Twenty-Third Defense

Plaintiffs' and the putative class' civil conspiracy claims against Schering-Plough are barred, in whole or in part, because they are duplicative and improper under Massachusetts law. *See Grant*, 183 F. Supp. 2d at 364.

### Twenty-Fourth Defense

Schering-Plough denies that Plaintiffs and the putative class have valid consumer protection claims against Schering-Plough under California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington or any other State whose law is or becomes relevant in the course of this multidistrict litigation.  However, if such claims are found to exist, Schering-Plough pleads all available defenses under the Acts.

### Twenty-Fifth Defense

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against Schering-Plough, they are not entitled to such relief because they have an adequate remedy at law.

### Twenty-Sixth Defense

Plaintiffs and the putative class lack standing to bring their asserted consumer protection claims against Schering-Plough under certain state consumer protection laws, including without limitation those of Delaware, Florida, Louisiana, New Jersey, Pennsylvania and Washington.

### Twenty-Seventh Defense

Plaintiffs and the putative class did not rely on the allegedly fraudulent statements or conduct of Schering-Plough as required under certain state consumer protection laws, including without limitation those of New York and Pennsylvania.

**Twenty-Eighth Defense**

Any allegedly fraudulent statement or conduct of Schering-Plough was not consumer-oriented as required under certain consumer protection law, including without limitation that of New York.

**Twenty-Ninth Defense**

Plaintiffs' and the putative class' claims against Schering-Plough for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

**Thirtieth Defense**

Plaintiffs' and the putative class' claims for injunctive relief against Schering-Plough are barred by the doctrines of *in pari delicto* and/or unclean hands.

**Thirty-First Defense**

This action cannot be maintained as a class action because (1) the certification and maintenance of this action as a class would violate the separation of powers provisions of the United States Constitution and would be an unconstitutional usurpation of authority reserved to the legislative branch; (2) the claims of Plaintiffs and the putative class cannot be properly joined with one another because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences; (3) the named Plaintiffs and the putative class cannot satisfy the procedural requirements of Fed. R. Civ. P. 23; (4) the questions of fact at issue are not common to the alleged class, but rather, are highly specific and will vary dramatically from person to person and entity to entity; and/or (5) class certification would violate Schering-Plough's rights provided by the Fifth, Seventh and Fourteenth Amendments to the United States Constitution as well as by the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation, including but not

limited to Schering-Plough's right to procedural and substantive safeguards, which include traditional defenses to liability.

### <u>Thirty-Second Defense</u>

Plaintiffs' and the putative class' antitrust claims against Schering-Plough under the various state consumer protection and consumer fraud statutes are barred in whole or in part to the extent those statutes (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly intrastate in nature.

### <u>Thirty-Third Defense</u>

Plaintiffs' and the putative class' claims against Schering-Plough are barred, in whole or in part, due to their failure to join indispensable parties.

### Thirty-Fourth Defense

Plaintiffs' and the putative class' claims against Schering-Plough are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the AMCC.

### Thirty-Fifth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because any injuries sustained by Plaintiffs or the putative class were the result of intervening or superceding conduct of third parties.

### Thirty-Sixth Defense

Plaintiffs' and the putative class' claims against Schering-Plough for damages are barred, in whole or in part, (1) because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Schering-Plough; (2) because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the AMCC; (3) by the doctrine of consent and/or ratification to the extent that plaintiffs and/or putative class members have received and paid for medicines manufactured, marketed and sold by Schering-Plough after the filing of Plaintiffs' original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Thirty-Seventh Defense

Schering-Plough is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs and/or the putative class, with respect to the same alleged injuries.

### Thirty-Eighth Defense

Any damages recovered by the Plaintiffs and the putative class from Schering-Plough must be limited by the applicable statutory ceilings on recoverable damages.

## <u>Thirty-Ninth Defense</u>

Plaintiffs and the putative class fail to allege facts or a cause of action against Schering-Plough sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

## <u>Fortieth Defense</u>

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against Schering-Plough:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the AMCC are legally insufficient to support a claim for punitive damages against Schering-Plough; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Schering-Plough prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Schering-Plough's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitutions and the constitutions of any applicable states' laws; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Schering-Plough's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable states' laws; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Schering-Plough for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Schering-Plough's medicines would constitute impermissible multiple punishments for the same wrong, in violation of Schering-Plough's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law

and statutory law of any applicable states' laws; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Schering-Plough's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' law; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Schering-Plough the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Schering-Plough's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the constitutions, common law, and public policies of any applicable states' laws.

### Forty-First Defense

To the extent punitive damages are sought, Plaintiff's and the putative class' claim for punitive damages against Schering-Plough cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate Schering-Plough's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Schering-Plough's right not to be subjected to an excessive award; and (3) be improper under the constitutions, common law and public policies of any applicable states' laws.

### Forty-Second Defense

Schering-Plough adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

### Forty-Third Defense

Schering-Plough hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense. Schering-Plough also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state other than California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and/or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

WHEREFORE, Schering-Plough prays that this Court:

1.      Dismiss the Amended Master Consolidated Class Action Complaint with

prejudice and enter judgment in favor of Schering-Plough and against plaintiffs;

2.      Award Schering-Plough its costs and expenses; and

3.      Grant such other and further relief for Schering-Plough as this Court deems just

and proper.

                          Schering-Plough Corporation
                          By their attorneys,


                          /s/ John T. Montgomery
                          John T. Montgomery (BBO#352220)
                           jmontgomery@ropesgray.com
                          Brien T. O'Connor (BBO#546767)
                           boconnor@ropesgray.com
                          Crystal D. Talley (BBO#546767)
                           ctalley@ropesgray.com
                          John R. Therien (BBO#651185)
                           jtherien@ropesgray.com
                          Ropes & Gray LLP
                          One International Place
                          Boston, Massachusetts 02110-2624
                          (617) 951-7000

Dated:  April 9, 2004

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on April 9, 2004, I caused a true and correct copy of the Schering-Plough Corporation's Answer to the Intervenors' Amended Master Consolidated Class Action Complaint to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ John R. Therien_____

John R. Therien
