657.     To the extent the allegations contained in Paragraph 657 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 657 that pertains to Sicor.

658.     To the extent the allegations contained in Paragraph 658 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 658 that pertains to Sicor.

659.     To the extent the allegations contained in Paragraph 659 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 659 that pertains to Sicor, and specifically denies that it has participated in any "AWP spread scheme."

660.     To the extent the allegations contained in Paragraph 660 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 660 that pertains to Sicor, and specifically denies that it has participated in any "AWP scheme."

661.     To the extent the allegations contained in Paragraph 661 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is

without knowledge or information sufficient to form a belief as to the truth of the allegations.
Sicor denies each and every allegation contained in Paragraph 661 that pertains to Sicor.

662.    To the extent the allegations contained in Paragraph 662 of the AMCC refer to the
knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is
without knowledge or information sufficient to form a belief as to the truth of the allegations.
Sicor denies each and every allegation contained in Paragraph 662 that pertains to Sicor.

663.    Sicor admits it is engaged in interstate commerce.  Except as so admitted, to the
extent the allegations contained in Paragraph 663 of the AMCC refer to the knowledge, conduct
or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or
information sufficient to form a belief as to the truth of the allegations.  Sicor denies each and
every allegation contained in Paragraph 663 that pertains to Sicor, and specifically denies that it
has engaged in illegal conduct or wrongful practices.

664.    To the extent the allegations contained in Paragraph 664 of the AMCC refer to the
knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is
without knowledge or information sufficient to form a belief as to the truth of the allegations.
Sicor denies each and every allegation contained in Paragraph 664 that pertains to Sicor, and
specifically denies that it has participated in any "AWP Scheme."

665.    To the extent the allegations contained in Paragraph 665 of the AMCC refer to the
knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is
without knowledge or information sufficient to form a belief as to the truth of the allegations.

Sicor denies each and every allegation contained in Paragraph 665 that pertains to Sicor, and specifically denies that it has engaged in mail fraud or wire fraud.

666.    To the extent the allegations contained in Paragraph 666 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 666 that pertains to Sicor, and specifically denies that it has perpetrated any "AWP Scheme."

667.    To the extent the allegations contained in Paragraph 667 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 667 that pertains to Sicor, and specifically denies that it has violated 18 U.S.C. § 1962(c).

668.    To the extent the allegations contained in Paragraph 668 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 668 that pertains to Sicor.

669.    To the extent the allegations contained in Paragraph 669 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 669 that pertains to Sicor, and

specifically denies that it has violated 18 U.S.C. § 1962(c), reported fraudulently inflated AWPs, or submitted false and misleading invoices.

670.    To the extent the allegations contained in Paragraph 670 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 670 that pertains to Sicor, and specifically denies that it has engaged in a pattern of racketeering.

671.    To the extent the allegations contained in Paragraph 671 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 671 that pertains to Sicor, and specifically denies that it has engaged in any fraudulent or unlawful scheme.

672.    To the extent the allegations contained in Paragraph 672 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 672 that pertains to Sicor, and specifically denies that it has participated in any "AWP Scheme."

673.    To the extent the allegations contained in Paragraph 673 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.

Sicor denies each and every allegation contained in Paragraph 673 that pertains to Sicor, and specifically denies that it has engaged in fraudulent or unlawful conduct.

674.    To the extent the allegations contained in Paragraph 674 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 674 that pertains to Sicor, and specifically denies that it has engaged in racketeering activities.

675.    To the extent the allegations contained in Paragraph 675 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 675 that pertains to Sicor, and specifically denies that it has created or operated any "AWP Scheme," or that it has acted fraudulently.

676.    To the extent the allegations contained in Paragraph 676 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 676 that pertains to Sicor, and specifically denies that it has participated in any "AWP Scheme."

677.    To the extent the allegations contained in Paragraph 677 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.

Sicor denies each and every allegation contained in Paragraph 677 that pertains to Sicor, and specifically denies that it has violated federal law or engaged in a pattern of racketeering activity.

678.     To the extent the allegations contained in Paragraph 678 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 678 that pertains to Sicor, and specifically denies that it has acted in furtherance of any "AWP scheme."

679.     To the extent the allegations contained in Paragraph 679 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 679 that pertains to Sicor, and specifically denies that Plaintiffs or the Class Members are entitled to any damages from Sicor, or that Plaintiffs or the Class Members are entitled to recover any costs of suit or attorneys' fees from Sicor.

## COUNT III

## DECLARATORY AND OTHER RELIEF PURSUANT TO 28 U.S.C. §§ 2201, 2002

680.     In answer to Paragraph 680, Sicor incorporates by reference Paragraphs 1 through 679 of this Answer.

681.     To the extent the allegations contained in Paragraph 681 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.

Sicor denies each and every allegation contained in Paragraph 681 that pertains to Sicor, and specifically denies that it has acted in violation of applicable law.

682.     Sicor admits that it disputes Plaintiff's claims.  Except as so admitted, to the extent the allegations contained in Paragraph 682 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies each and every allegation contained in Paragraph 682 that pertains to Sicor.

683.     To the extent the allegations contained in Paragraph 679 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies each and every allegation contained in Paragraph 679 that pertains to Sicor, and specifically denies that Plaintiffs or the Class Members are entitled to declaratory relief against Sicor, or that Plaintiffs or the Class Members are entitled to further relief against Sicor pursuant to 28 U.S.C. § 2202.

## COUNT IV

## VIOLATIONS OF CONSUMER PROTECTION STATUTES

684.     In answer to Paragraph 684, Sicor incorporates by reference Paragraphs 1 through 683 of this Answer.

685.     Sicor admits that Count IV is purportedly asserted by each class representative on behalf of the AWP End Payor Class.  Except as so admitted, Sicor denies each and every allegation contained in 685 of the AMCC.

686.    Sicor admits that it is a Delaware corporation having its principal place of business in California.  Sicor admits that certain states have enacted consumer protection laws, which are the best evidence of their content.  Except as so admitted, to the extent the allegations contained in Paragraph 686 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations; Sicor denies each and every allegation contained in Paragraph 686 that pertains to Sicor.

687.    To the extent the allegations contained in Paragraph 687 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 687 that pertains to Sicor, and specifically denies that Sicor has engaged in unfair and deceptive acts or practices, unconscionable practices, fraud, false pretense, false promise, or misrepresentation, concealment, suppression or omission of material fact in violation of state laws.

688.    To the extent the allegations contained in Paragraph 688 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 688 that pertains to Sicor, and specifically denies that Sicor has willfully engaged in deceptive practices.

689.    To the extent the allegations contained in Paragraph 689 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.

Sicor denies each and every allegation contained in Paragraph 689 that pertains to Sicor, and specifically denies that it has engaged in wrongful conduct or caused harm to Plaintiffs or the Class.

690.    To the extent the allegations contained in Paragraph 690 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 690 that pertains to Sicor, and specifically denies that it has injured the public interest.

691.    To the extent the allegations contained in Paragraph 691 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 691 that pertains to Sicor, and specifically denies that it has engaged in misleading, deceptive, unfair, false or fraudulent trade practices or caused Plaintiffs or the Class to sustain damages.

### COUNT V

### CLAIM FOR INJUNCTIVE RELIEF UNDER SECTION 16 OF THE CLAYTON ACT ARISING FROM THE TOGETHER CARD CONSPIRACY

692-698.    The allegations contained in Paragraphs 692 through 698 of the AMCC are directed to other defendants and require no response from Sicor.  To the extent that the allegations of Paragraphs 692 through 698 are deemed to include allegations against Sicor, Sicor denies each and every allegation.

## COUNT VI

### CLAIM FOR VIOLATION OF THE SHERMAN ACT, 15 U.S.C. § 1
### ON BEHALF OF NATIONWIDE END PAYOR TOGETHER CARD CLASS

699-704.   The allegations contained in Paragraphs 699 through 704 of the AMCC are directed to other defendants and require no response from Sicor.  To the extent that the allegations of Paragraphs 699 through 704 are deemed to include allegations against Sicor, Sicor denies each and every allegation.

## COUNT VII

### CLAIM FOR VIOLATION OF THE ANTITRUST STATUTES
### OF THE INDIRECT PURCHASER STATES ON BEHALF OF
### INDIRECT PURCHASER STATES END PAYOR TOGETHER CARD CLASS

705-708.   The allegations contained in Paragraphs 705 through 708 of the AMCC are directed to other defendants and require no response from Sicor.  To the extent that the allegations of Paragraphs 705 through 708 are deemed to include allegations against Sicor, Sicor denies each and every allegation.

## COUNT VIII

### VIOLATIONS OF 18 U.S.C. § 1962(C)-(D)

709-725.   The allegations contained in Paragraphs 709 through 725 of the AMCC are directed to other defendants and require no response from Sicor.  To the extent that the allegations of Paragraphs 709 through 725 are deemed to include allegations against Sicor, Sicor denies each and every allegation.

## COUNT IX

## CIVIL CONSPIRACY

726.    In answer to Paragraph 726, Sicor incorporates by reference Paragraphs 1 through 726 of this Answer.

727.    Sicor admits that Count IX is purportedly asserted by each class representative on behalf of the AWP End Payor Class, and that this Court has diversity jurisdiction.  Except as so admitted, Sicor denies each and every allegation contained in 727 of the AMCC.

728.    To the extent the allegations contained in Paragraph 728 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 728 that pertains to Sicor, and specifically denies that it has engaged in a conspiracy.

729.    To the extent the allegations contained in Paragraph 729 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 729 that pertains to Sicor, and specifically denies that it has participated in a conspiracy to deceive payors in violation of state consumer protection acts, engaged in fraudulent conduct, acted in violation of Medicare anti-fraud kickback statutes, or committed wire or mail fraud.

730.    To the extent the allegations contained in Paragraph 730 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is

41

without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 730 that pertains to Sicor, and specifically denies that it has committed any unlawful acts.

731.    To the extent the allegations contained in Paragraph 731 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 731 that pertains to Sicor, and specifically denies that it participated in a conspiracy to deceive end payors in violation of state consumer protection acts, engaged in fraudulent conduct, acted in violation of Medicare anti-fraud kickback statutes, or committed wire or mail fraud.

732.    To the extent the allegations contained in Paragraph 732 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 732 that pertains to Sicor, and specifically denies that Plaintiffs or the Class Members justifiably relied on any conduct of Sicor.

733.    To the extent the allegations contained in Paragraph 733 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation contained in Paragraph 733 that pertains to Sicor, and specifically denies that Plaintiffs or the Class Members suffered losses or damages as a result of any conduct of Sicor.

## COUNT IX

## CIVIL CONSPIRACY

734-741.   The allegations contained in Paragraphs 734 through 741 of the AMCC are

directed to other defendants and require no response from Sicor.  To the extent that the

allegations of Paragraphs 734 through 741 are deemed to include allegations against Sicor, Sicor

denies each and every allegation.

## X.  PRAYER FOR RELIEF

A.  SICOR denies each and every allegation contained in Paragraph A of the AMCC Prayer

for Relief, and specifically denies that Plaintiffs are entitled to maintain this action as a class

action, that Plaintiffs are proper representatives of the putative class, or that Plaintiffs' counsel

should be allowed to represent the putative class.

B.  To the extent the allegations contained in Paragraph B of the AMCC Prayer for Relief

refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor,

Sicor is without knowledge or information sufficient to form a belief as to the truth of the

allegations.  Sicor denies each and every allegation contained in Paragraph B that pertains to

Sicor, and specifically denies that Sicor engaged in unlawful conduct.

C.  To the extent the allegations contained in Paragraph C of the AMCC Prayer for Relief

refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor,

Sicor is without knowledge or information sufficient to form a belief as to the truth of the

allegations.  Sicor denies each and every allegation contained in Paragraph C that pertains to

Sicor, and specifically denies that Plaintiffs or the Class are entitled to an award of damages in any amount whatsoever.

D.  To the extent the allegations contained in Paragraph D of the AMCC Prayer for Relief refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies each and every allegation contained in Paragraph D that pertains to Sicor, and specifically denies that Plaintiffs or the Class are entitled to an award of punitive damages.

E.  To the extent the allegations contained in Paragraph E of the AMCC Prayer for Relief refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies each and every allegation contained in Paragraph E that pertains to Sicor, and specifically denies that Plaintiffs or the Class are entitled to an injunction against Sicor.

F.  To the extent the allegations contained in Paragraph F of the AMCC Prayer for Relief refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies each and every allegation contained in Paragraph F that pertains to Sicor, and specifically denies that Plaintiffs or the Class are entitled to their costs of suit, attorneys' fees or expenses.

G.  To the extent the allegations contained in Paragraph G of the AMCC Prayer for Relief refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies each and every allegation contained in Paragraph G that pertains to Sicor, and specifically denies that Plaintiffs or the Class are entitled to any relief whatsoever.

## SICOR'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The AMCC fails to state facts sufficient to state a claim upon which relief can be granted.

### SECOND DEFENSE

No plaintiff or class member has suffered injury to a legally cognizable interest as a result of Sicor's conduct.

### THIRD DEFENSE

Plaintiffs' claims against Sicor are barred since the claims set forth in the AMCC did not accrue within the applicable statute of limitations periods prescribed by state, federal, and common law before the commencement of this action.

### FOURTH DEFENSE

Plaintiffs' claims against Sicor are barred in whole or in part by the doctrine of ratification.

45

## FIFTH DEFENSE

Plaintiffs' claims against Sicor are barred in whole or in part by the doctrine of estoppel.

## SIXTH DEFENSE

Plaintiffs' claims against Sicor are barred in whole or in part by the doctrine of waiver.

## SEVENTH DEFENSE

Plaintiffs' claims against Sicor are barred in whole or in part by the doctrine of unclean hands with regard to the matters alleged in the complaint.

## EIGHTH DEFENSE

Plaintiffs' claims against Sicor are barred in whole or in part by the doctrine of laches.

## NINTH DEFENSE

Sicor acted at all times in accordance with standard industry practice and in the good faith belief that its actions were lawful.  Sicor also acted in reasonable reliance on statements by government officials that the industry practices complained of herein were lawful.

## TENTH DEFENSE

Plaintiffs' claims against Sicor are barred in whole or in part by their failure to mitigate damages.

## ELEVENTH DEFENSE

Sicor's actions violated no law, and were permitted by applicable federal law.

## TWELFTH DEFENSE

Plaintiffs' state law claims are preempted by federal law.

## THIRTEENTH DEFENSE

Plaintiffs have not met the various state law standing requirements to sue Sicor.

## FOURTEENTH DEFENSE

Plaintiffs' claims for injunctive relief are moot as a result of the passage of the 2003 Medicare Reform Act.

## FIFTEENTH DEFENSE

Plaintiffs' RICO claims are barred because Plaintiffs have failed to plead the elements of a valid RICO claim.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred by the political question and separation of powers doctrines.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred by the filed rate doctrine.

## EIGHTEENTH DEFENSE

Plaintiffs' allegations as to multi-source drugs are not plead with the specificity required by Rule 9(b).

## NINETEENTH DEFENSE

Plaintiffs and the putative class fail to state with particularity facts to support the fraud allegations against Sicor contained in the AMCC.

## TWENTIETH DEFENSE

Plaintiffs and the putative class fail to state with particularity the fraudulent concealment allegations against Sicor in the AMCC.

## TWENTY-FIRST DEFENSE

Plaintiffs and the putative class fail to allege with particularity their civil conspiracy claims against Sicor as required by Fed. R. Civ. P. 9(b).

## TWENTY-SECOND DEFENSE

Plaintiffs' and the putative class's civil conspiracy claims against Sicor are barred, in whole or in part, by their failure to allege a concerted action as required by *Aetna Cas. Sur. Co. v. P&B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994) and *Grant v. John Hancock Mut. Life Ins. Co.*, 183 F. Supp. 2d 344, 359 (D. Mass. 2002).

**TWENTY-THIRD DEFENSE**

Plaintiffs and the putative class's civil conspiracy claims against Sicor are barred, in whole or in part, by their failure to allege a coercive conspiracy as required by *Fleming v. Dance*, 22 N.E.2d 609, 611 (Mass. 1939).

**TWENTY-FOURTH DEFENSE**

Plaintiffs and the putative class's civil conspiracy claims against Sicor are barred, in whole or in part, because they are duplicative and improper under Massachusetts law. *See Grant*, 183 F. Supp. 2d at 364.

**TWENTY-FIFTH DEFENSE**

Sicor asserts all applicable defenses under the various state consumer protections laws, and the laws and constitutions of those states.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims under California's consumer protection laws are barred in whole or in part because the utility of Sicor's conduct with regard to the pricing and sale of its drugs outweighed any harm that may have been caused by that conduct.

**TWENTY-SEVENTH DEFENSE**

Sicor's claims under California's consumer protection laws are barred in whole or in part because Sicor's statements regarding its drugs were not likely to deceive the intended audience.

## TWENTY-EIGHTH DEFENSE

Any allegedly fraudulent statements or conduct of Sicor did not directly or proximately cause the alleged injuries of Plaintiffs and/or any members of the putative class as required under state consumer protection laws, including without limitation those of Florida, Illinois, Louisiana, New Jersey, New York, Pennsylvania, Texas and Washington.

## TWENTY-NINTH DEFENSE

Sicor's conduct was neither "deceptive," "misleading," "unlawful," "unfair," "fraudulent," "false," "unconscionable," "willful," nor "illegal" as required under certain state consumer protection laws, including without limitation those of Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Texas, Pennsylvania, California and/or Washington.

## THIRTIETH DEFENSE

Plaintiffs and the putative class did not rely on the allegedly fraudulent statements or unconscionable conduct of Sicor as required under certain state consumer protection laws, including without limitation those of Pennsylvania, New Jersey, Delaware, Illinois and Minnesota.

## THIRTY-FIRST DEFENSE

Any allegedly fraudulent statement or conduct of Sicor was not consumer-oriented as required under certain consumer protection laws, including without limitation that of New York.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred because they have failed to comply with the notice requirements of Cal. Civ. Code § 1782 and Tex.Bus.& Com.Code Ann. § 17.505(a).

## THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred because they can not maintain an action in good faith under the Washington Consumer Protection Act.

## THIRTY-FOURTH DEFENSE

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation.

## THIRTY-FIFTH DEFENSE

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Sicor in judicial, legislative or administrative proceedings of any kind or at any level of government.

## THIRTY-SIXTH DEFENSE

Plaintiffs and the putative class' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' and the putative class' claims against Sicor for damages are barred, in whole or in part, because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the AMCC.

## THIRTY-EIGHT DEFENSE

Sicor is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs and/or the putative class, with respect to the same alleged injuries.

## THIRTY-NINTH DEFENSE

Any damages recovered by the Plaintiffs and the putative class from Sicor must be limited by the applicable statutory ceilings on recoverable damages.

## FORTIETH DEFENSE

Plaintiffs and the putative class fail to alleged facts or a cause of action against Sicor sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

## FORTY-FIRST DEFENSE

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against Sicor have no basis in law or fact.

## FORTY-SECOND DEFENSE

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against Sicor are not recoverable because the allegations of the AMCC are legally insufficient to support a claim for punitive damages against Sicor.

## FORTY-THIRD DEFENSE

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for punitive damages against Sicor cannot be sustained because an award of punitive damages by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the bases of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Sicor, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding Plaintiff's and the putative class' burden of proof with respect to each and every element of a claim for punitive damages, and (6) is not

53

subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Sicor' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law and public policies of any applicable states' laws.

### FORTY-FOURTH DEFENSE

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for punitive damages against Sicor cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Sicor prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Sicor' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitutions and the constitutions of any applicable states' laws.

### FORTY-FIFTH DEFENSE

To the extent punitive damages are sought, Plaintiff's and the putative class' claim for punitive damages against Sicor cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate Sicor' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Sicor' right not to be subjected to an excessive award; and (3) be improper under the constitutions, common law and public policies of any applicable states' laws.

## FORTY-SIXTH DEFENSE

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for punitive damages against Sicor cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Sicor' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable states' laws.

## FORTY-SEVENTH DEFENSE

To the extent punitive damages against Sicor cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, of subsequent judgments against Sicor for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Sicor' medicines would constitute impermissible multiple punishments for the same wrong, in violation of Sicor' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law and statutory law of any applicable states' laws.

## FORTY-EIGHTH DEFENSE

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for punitive damages against Sicor cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Sicor' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' laws.

## FORTY-NINTH DEFENSE

To the extent punitive damages are sought, Plaintiffs' and the putative class' claims for punitive damages against Sicor cannot be sustained because any award of punitive damages, which are penal in nature, without according Sicor the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Sicor' right guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' laws.

## FIFTIETH DEFENSE

Sicor adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

## FIFTY-FIRST DEFENSE

Sicor hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.  Sicor also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part hereof, is governed by the substantive law of a state other than California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and/or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Sicor Inc. and Sicor Pharmaceuticals Inc. request

A.  That Plaintiffs' AMCC be dismissed with prejudice, and

B.  For such further relief as the Court may deem just and proper.

SICOR INC. and SICOR
PHARMACEUTICALS, INC.,

By their attorneys,

/s/ James W. Matthews
Robert J. Muldoon, Jr.  (BBO# 359480)
James W. Matthews (BBO# 560560)
Pamela A. Zorn (BBO# 640800)
SHERIN AND LODGEN LLP
100 Summer Street
Boston, MA 02110
(617) 646-2000

Of Counsel:    SONNENSCHEIN, NATH &
ROSENTHAL
1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005
(202) 408-6400

Dated:  April 9, 2004.

58