## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

MDL No. 1456

CIVIL ACTION: 01-CV-12257-PBS

Judge Patti B. Saris

THIS DOCUMENT RELATES TO
ALL CLASS ACTIONS

## BAXTER INTERNATIONAL INC. AND BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFFS' AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT

Defendants Baxter International Inc. and Baxter Healthcare Corporation (collectively "Baxter"), for their Answer to Plaintiffs' Amended Master Consolidated Complaint (the "AMCC") state:

## PREFACE

The AMCC improperly and repetitively refers to Baxter and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Baxter or other defendants or third parties. Intentionally ambiguous pleading is improper and insufficient to apprise Baxter in any meaningful sense of the allegations asserted against it. Baxter has nevertheless attempted to respond to Plaintiffs' allegations to the extent possible

under the circumstances.  To the extent allegations refer to the knowledge,

conduct or actions of other defendants or entities, Baxter is generally without

knowledge or information sufficient to form a belief as to the truth of those

allegations and, on that basis, Baxter denies those allegations.  Baxter states that

it is answering Plaintiffs' allegations only on behalf of Baxter, even when

Plaintiffs' allegations refer to alleged conduct by Baxter and other persons or

entities.

The AMCC improperly mixes factual allegations with inflammatory

rhetoric so as to make it virtually impossible to respond meaningfully.  Many of

the allegations of the AMCC are vague or conclusory.  The AMCC also includes

terms which are undefined and which are susceptible to different meanings.

The AMCC also contains purported quotations from a number of sources,

many of which are unidentified.  If any of the quotations originate in documents

protected by the attorney-client privilege, the work-product doctrine or the joint-

defense privilege, Baxter reserves the right to assert such privileges, hereby

moves to strike such references and demands return of any such documents that

Plaintiffs may have in their possession, custody or control.  In answering

allegations consisting of quotations, an admission that the material quoted was

contained in a document or was uttered by the person or entity quoted shall not

2

constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Baxter denies each and every allegation contained in the AMCC, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculations which are contained in any averment or in the AMCC as a whole.  Moreover, Baxter specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered paragraphs in the AMCC.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## I.    INTRODUCTION

1.    Baxter denies that Plaintiffs are entitled to maintain this action in the manner alleged, except to admit that Plaintiffs seek to bring this action as alleged in Paragraph 1 of the AMCC.

2.    Baxter denies the allegations in Paragraph 2 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 as to the other parties.  Baxter denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraph 2 of the AMCC.  To the extent the allegations in Paragraph

2 of the AMCC allege a conspiracy between Defendants and various publishing

entities, no response is required because these allegations, which formed the

basis of Count I of the AMCC, were dismissed with prejudice by the Court's

Order dated February 25, 2004.

3.    Baxter denies the allegations in Paragraph 3 to the extent that they

are directed at Baxter, and otherwise denies knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 3 as to the other

parties, except to admit that (1) Baxter produces or manufactures certain drugs

and therapies that are covered under Medicare Part B; (2) Congress has

mandated that Medicare Part B reimbursements be based, in part, upon AWP;

and (3) Baxter reports certain pricing information for its drugs and therapies to

pharmaceutical industry pricing publications.

4.    Baxter denies the allegations in Paragraph 4 to the extent that they

are directed at Baxter, and otherwise denies knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 4 as to the other

parties, except to admit that (1) Congress has mandated that Medicare Part B

reimbursements be based, in part, upon AWP; and (2) Medicare Part B covered

drugs are generally administered in a healthcare provider's office or other

outpatient setting.

5.     Baxter denies the allegations in Paragraph 5 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 as to the other parties.  Baxter denies the existence of, and its participation in, any "AWP scheme" as alleged in Paragraph 5 of the AMCC.

6.     Baxter denies the allegations in Paragraph 6 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 as to the other parties, except to admit that Plaintiffs purport to bring this action as alleged in Paragraph 6 of the AMCC, but Baxter denies that Plaintiffs are entitled to maintain this action in the manner alleged.

7.     Baxter denies the allegations in Paragraph 7 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 as to the other parties.

8.     Baxter denies the allegations in Paragraph 8 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 as to the other parties.  Baxter denies the existence of, and its participation in, any "scheme" or "unlawful agreement" as alleged in Paragraph 8 of the AMCC.

9.     Baxter denies the allegations in Paragraph 9 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 as to the other parties.  Baxter denies the existence of, and its participation in, any "conspiracy" as alleged in Paragraph 9 of the AMCC.

10.     Baxter denies the allegations in Paragraph 10 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 as to the other parties.  Baxter denies the existence of, and its participation in, any "conspiracy" as alleged in Paragraph 10 of the AMCC.

11.     Baxter admits only that Plaintiffs have filed attachments to the AMCC as alleged in Paragraph 11 of the AMCC, Baxter denies any characterization or inference resulting from any of those documents , and otherwise respectfully refers the Court to Exhibit A of the AMCC, for a complete and accurate statement of its contents.

12.     The Court dismissed Count I in its Order dated February 25, 2004. Accordingly, Paragraph 12 of the AMCC does not require a response.  To the extent a response is required, Baxter denies the allegations in Paragraph 12 and Count I of the AMCC.

1746506 v9; 11FM209!.DOC

13.   Baxter denies the existence of, or its participation in, any "pattern of racketeering" as alleged in Paragraph 13 of the AMCC, except to admit that Plaintiffs seek relief under Count II as alleged in Paragraph 13 of the AMCC, but Baxter denies that Plaintiffs are entitled to maintain this action in the manner alleged.

14.   Baxter denies the existence of, or its participation in, any "illegal" "AWP practices" as alleged in Paragraph 14 of the AMCC, except to admit that Plaintiffs seek relief under Count III as alleged in Paragraph 14 of the AMCC, but Baxter denies that Plaintiffs can maintained this action in the manner alleged.

15.   Baxter denies the existence of, or its participation in, any "scheme" as alleged in Paragraph 15 of the AMCC, except to admit that Plaintiffs seek relief under Count IV as alleged in Paragraph 15 of the AMCC, but Baxter denies that Plaintiffs can maintain this action in the manner alleged.

16.   Baxter denies the existence of, or its participation in, any "pattern of racketeering" as alleged in Paragraph 16 of the AMCC, except to admit that Plaintiffs seek relief under Count V as alleged in Paragraph 16 of the AMCC, but Baxter denies that Plaintiffs can maintain this action in the manner alleged.

17.   Baxter denies the existence of, or its participation in, any "restraint of trade" as alleged in Paragraph 17 of the AMCC, except to admit that Plaintiffs

7

seek relief under Count VI as alleged in Paragraph 17 of the AMCC, but Baxter

denies that Plaintiffs can maintain this action in the manner alleged.

18.   Baxter denies the existence of, or its participation in, any "pattern

of racketeering" as alleged in Paragraph 18 of the AMCC, except to admit that

Plaintiffs seek relief under Count VII as alleged in Paragraph 16 of the AMCC,

but Baxter denies that Plaintiffs can maintain this action in the manner alleged.

19.   Baxter denies the existence of, or its participation in, any "pattern

of racketeering" as alleged in Paragraph 19 of the AMCC, except to admit that

Plaintiffs seek relief under Count VIII as alleged in Paragraph 19 of the AMCC,

but Baxter denies that Plaintiffs can maintain this action in the manner alleged.

20.   Baxter denies the existence of, or its participation in, any "civil

conspiracies" as alleged in Paragraph 20 of the AMCC, except to admit that

Plaintiffs seek relief under Count IX as alleged in Paragraph 20 of the AMCC, but

Baxter denies that Plaintiffs can maintain this action in the manner alleged.

21.   Baxter denies the existence of, or its participation in, any "civil

conspiracy" as alleged in Paragraph 21 of the AMCC, except to admit that

Plaintiffs seek relief under Count X as alleged in Paragraph 21 of the AMCC, but

Baxter denies that Plaintiffs can maintain this action in the manner alleged.

1746506 v9; 11FM209!.DOC

## II.   JURISDICTION AND VENUE

22.   Baxter admits that this Court has federal question subject matter jurisdiction under 15 U.S.C. § 1.  Upon information and belief, Baxter admits that diversity jurisdiction exists in the Texas action.  Baxter denies the remaining allegations in Paragraph 22 of the AMCC.

23.   Baxter admits the allegations in Paragraph 23 of the AMCC.

24.   Baxter admits that defendant Baxter Healthcare Corporation transacts business in this judicial district.  Baxter denies the remaining allegations in Paragraph 24 of the AMCC and Baxter specifically denies the existence of, and its participation in, any alleged "fraudulent marketing scheme."

25.   Baxter admits the allegations in Paragraph 25 of the AMCC.

## III.   PARTIES

26. - 31.   Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 26 through 31 of the AMCC.

32. – 36(c).   Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 32 through 36(c) of the AMCC.

37. - 38.   Baxter denies the allegations in Paragraphs 37 through 38 to the extent that they are directed at Baxter, and otherwise denies knowledge or

9

information sufficient to form a belief as to the truth of the allegations in Paragraphs 37 through 38 as to the other parties.

39. - 56.   The allegations in Paragraphs 39 through 56 of the AMCC are directed to another defendant and require no response from Baxter.  To the extent the allegations in Paragraphs 39 through 56 are directed at Baxter, they are denied.

57.   Baxter admits that Baxter International Inc. is a Delaware corporation with its principal place of business located at One Baxter Parkway, Deerfield, Illinois, and generally admits that net sales for 2000 were approximately $6.89 billion.  Baxter denies the remaining allegations in Paragraph 57 of the AMCC.

58.   Baxter admits the allegations in Paragraph 58 of the AMCC.

59.   Baxter admits that it develops, manufactures, and sells drugs and therapies to treat cancer, trauma, hemophilia, immune deficiencies, infectious diseases, kidney disease and other disorders, and generally admits that net sales for 2000 were approximately $6.9 billion.  Baxter denies the remaining allegations in Paragraph 59 of the AMCC.

60.   Baxter admits the allegations in Paragraph 60 of the AMCC, except to deny that Uromitexan® (mesna), tablets sold by Baxter, are covered under

Medicare Part B.  Baxter also denies that it markets, sells or distributes Holoxan®
(ifosfanide) and Endoxan® (cyclophosphamide).

61. - 131.  The allegations in Paragraphs 61 through 161 of the AMCC are
directed at another defendant and require no response from Baxter.  To the
extent the allegations in Paragraphs 61 through 131 are directed at Baxter, they
are denied.

## IV.   GENERAL ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

132. This paragraph makes a statement for which no answer is required.
To the extent an answer would be required, Baxter admits only that Plaintiffs
purport to describe their allegations as alleged in Paragraph 132 of the AMCC,
but Baxter denies that the allegations contained therein apply to Baxter or, upon
information and belief, all Defendants.

133. Upon information and belief, Baxter admits the allegations in
Paragraph 133 of the AMCC.

134. Baxter denies knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 134 to the extent that they are
directed at Baxter, and otherwise denies knowledge or information sufficient to
form a belief as to the truth of the allegations in Paragraph 134 as to the other
parties, except to admit that Congress has mandated that Medicare Part B
reimbursements be based, in part, upon AWP.

135. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 as to the other parties, except to admit that pharmaceutical industry pricing publications periodically report, among other pricing benchmarks, AWPs for drugs sold in the United States.

136. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 as to the other parties, except to admit that pharmaceutical industry pricing publications periodically report, among other pricing benchmarks, AWPs for drugs sold in the United States, and otherwise respectfully refers the Court to the 1999 edition of the *Red Book* and the June 1996 Dow Jones News article referenced therein, for a complete and accurate statement of their contents.

137. – 138.  Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 137 through 138 to the extent that they are directed at Baxter, and otherwise denies knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraphs 137 through 138 as to the other parties.

139. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139.

140. Baxter denies the allegations in Paragraph 140 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 as to the other parties.  Baxter denies the existence of, and its participation in, any "AWP Scheme" as alleged in Paragraph 140 of the AMCC.

141. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141.

142. – 144.  Baxter admits the allegations in Paragraphs 142 through 144 of the AMCC.

145.  Baxter admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which is the best evidence of its contents.

146. Baxter denies the allegations in the first sentence of Paragraph 146 of the AMCC insofar as the source of the quoted material is unidentified.  Baxter denies the second sentence of Paragraph 146 of the AMCC insofar as 42 C.F.R. § 405.517 contains no reference to a "ceiling" on reimbursement amounts.

147.  Baxter admits the allegations in Paragraph 147 of the AMCC.

148. Baxter admits that the Medicare Program has publicly announced that it would use the AWP published in pharmaceutical industry pricing publications as the basis for reimbursement, and otherwise respectfully refers the Court to the Program Memo AB-99-63 referenced therein, for a complete and accurate statement of its contents.

149. Baxter respectfully refers the Court to the Program Memo AB-99-63 referenced therein, for a complete and accurate statement of its contents.

150. – 151.  Baxter admits the allegations in Paragraphs 150 through 151 of the AMCC.

152. Baxter denies the allegations in Paragraph 152 of the AMCC, except to admit that there are no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs, and to admit that Baxter reports certain pricing information for its drugs to pharmaceutical industry pricing publications.

153. – 154.  Baxter denies that Plaintiffs have accurately characterized in Paragraphs 153 and 154 of the AMCC any alleged finding, opinion, statement or conclusion by the Department of Health and Human Services Office of the Inspector General ("OIG"), or that such are applicable to Baxter, and otherwise

1746506 v9; 11FM209!.DOC

respectfully refers the Court to the April 2003 report by the OIG referenced therein, for a complete and accurate statement of its contents.

155. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 of the AMCC as to the other parties. Baxter denies the remaining allegations in Paragraph 155.

156. – 157. Baxter denies any characterization or inference resulting from the allegations in Paragraphs 156 and 157 of the AMCC to the extent that they are directed at Baxter, Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 156 and 157 as to the other parties, and otherwise respectfully refers the Court to the September 28, 2000 letter referenced therein, for a complete and accurate statement of its contents. Baxter denies the existence of, and its participation in, any "scheme" cited in Paragraph 156 and 157 of the AMCC.

158. Baxter denies any characterization or inference resulting from the allegations in Paragraph 158 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 as to the other parties.

159. Baxter denies the allegations in Paragraph 159 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 as to

the other parties.  Baxter denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 159 of the AMCC.

160. Baxter admits that it has provided certain pricing information for its drugs to the Red Book, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 as to the other parties.

161. – 166. Baxter denies the allegations in Paragraphs 161 through 166 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 through 166 as to the other parties.  Baxter denies the existence of, and its participation in, any "scheme" as alleged in Paragraphs 161 and 163 of the AMCC.

167. Baxter denies the allegations in Paragraph 167 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 as to the other parties.

168. Baxter denies the allegations in Paragraph 168 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 as to the other parties.

169. – 170.  Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 169 and 170 of the AMCC.

171. – 172.  Baxter denies the allegations in Paragraphs 171 through 172 of the AMCC to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 171 through 172 as to the other parties.

173. – 177.  Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 173 through 177 of the AMCC.

178.  Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178, and otherwise respectfully refers the Court to the March 30, 2003 article from the Wall Street Journal referenced therein, for a complete and accurate statement of its contents.

179.  Baxter denies the allegations in Paragraph 179 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 as to the other parties.

180. – 182.  Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 180 through 182 of the AMCC.

17

183. – 184.  Baxter denies the allegations in Paragraphs 183 through 184 of the AMCC to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 through 184  as to the other parties.

185.  Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 185, and otherwise respectfully refers the Court to a statement by an unidentified "industry consultant" referenced therein, for a complete and accurate statement of its contents.

186.  Baxter denies the allegations in Paragraph 186 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 as to the other parties.

187.  Baxter denies the allegations in Paragraph 187 to the extent that they are directed at Baxter, Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 as to the other parties, and otherwise respectfully refers the Court to the Red Book and the unidentified DOJ documents referenced therein, for a complete and accurate statement of their contents.

188.  Baxter denies the allegations in Paragraph 188 to the extent that they are directed at Baxter, and otherwise denies knowledge or information

18

sufficient to form a belief as to the truth of the allegations in Paragraph 188 as to the other parties.

189. – 190.  Baxter denies the allegations in Paragraphs 189 through 190 of the AMCC to the extent that they are directed at Baxter, Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 189 through 190 as to the other parties, and otherwise respectfully refers the Court to the Dey lawsuit referenced therein, for a complete and accurate statement of its contents.

191.  Baxter denies the allegations in Paragraph 191 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 as to the other parties.

192.  Baxter admits only that it sells drugs and therapies in a competitive market and, as such, takes steps to keep certain information relating to its drugs and therapies confidential.  Baxter denies all other the allegations in Paragraph 192 to the extent that they are directed at Baxter, Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 as to the other parties, respectfully refers the Court to the Dey lawsuit referenced therein, for a complete and accurate statement of its contents,

19

and otherwise denies that Plaintiffs have accurately characterized any alleged CMS finding, opinion, statement or conclusion.

193. – 196.  Baxter denies the allegations in Paragraphs 193 through 196 of the AMCC to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 through 196 as to the other parties.

197.  Baxter denies that Plaintiffs lacked inquiry or other notice of the issues associated with reliance on the AWPs as the pricing benchmark, and specifically avers, to the contrary, that such issues were well known for more than a decade before Plaintiffs elected to bring this suit.

198. – 199.  These Paragraphs state conclusions of law for which no answer is required.  To the extent an answer would be required, they are denied.

## V.    EXAMPLES OF SPECIFIC UNLAWFUL CONDUCT

200.  Baxter denies the allegations in Paragraph 200 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 as to the other parties.

201. – 271.  The allegations in Paragraphs 201 through 271 of the AMCC are directed at another defendant and require no response from Baxter.  To the

20

extent the allegations in Paragraph 201 through 271 require an answer, they are denied.

272. Baxter denies, and otherwise respectfully refers the Court to Appendix A of the AMCC.

273. Baxter admits that it has produced documents and/or provided information to the government agencies identified in Paragraph 273 of the AMCC.

274. Baxter denies the allegations in Paragraph 274, Baxter denies any characterization or inference resulting from the Plaintiffs' citation to the documents referenced therein, Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of the documents referenced therein, and otherwise respectfully refers the Court to those documents for a complete and accurate statement of their contents.

275. Baxter denies the allegations in Paragraph 275, Baxter denies any characterization or inference resulting from the Plaintiffs' citations to the documents referenced therein, Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of the documents referenced therein, and otherwise respectfully refers the Court to those documents for a complete and accurate statement of their contents.

21

Baxter denies the allegations in Paragraph 276, Baxter denies any

characterization or inference resulting from the Plaintiffs' citation to the

September 7, 1995 memorandum referenced therein.  Baxter denies that Plaintiffs

have accurately characterized the findings, opinions, statements or conclusions

of the September 7, 1997 memorandum referenced therein, and otherwise

respectfully refers the Court to the September 7, 1995 memorandum referenced

therein, for a complete and accurate statement of its contents.

276. Baxter denies the allegations in Paragraph 277, Baxter denies any

characterization or inference resulting from the Plaintiffs' citation to the June 11,

1996 document referenced therein, Baxter denies that Plaintiffs have accurately

characterized the findings, opinions, statements or conclusions of the document

referenced therein, and otherwise respectfully refers the Court to that document

for a complete and accurate statement of its contents.

277. Baxter denies the allegations in Paragraph 278, Baxter denies that

Plaintiffs can impute to Baxter "continued" misconduct in 1992 based on a

document dated June 11, 1996, Baxter denies any characterization or inference

resulting from the Plaintiffs' citation to the January 6, 1992 memorandum

referenced therein, Baxter denies that Plaintiffs have accurately characterized the

findings, opinions, statements or conclusions of the January 6, 1992 document

referenced therein, and otherwise respectfully refers the Court to that document for a complete and accurate statement of its contents.

278. Baxter denies the allegations in Paragraph 279, Baxter denies any characterization or inference resulting from the Plaintiffs' citation to unidentified documents referenced therein, Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of the unidentified documents referenced therein, and otherwise respectfully refers the Court to those unidentified documents for a complete and accurate statement of their contents.

279. Baxter denies the allegations in Paragraph 280, Baxter denies that the chart referenced therein is a document created or produced by Baxter, Baxter denies that Baxter has produced a document showing any internal calculations of an alleged "Difference" or "Percentage Spread," Baxter denies any characterization or inference resulting from the Plaintiffs' citation to the DHHS Report referenced therein, Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of the DHHS Report referenced therein, and otherwise respectfully refers the Court to that document for a complete and accurate statement of its contents.

280. Baxter denies the allegations in Paragraph 281, Baxter denies any characterization or inference resulting from the Plaintiffs' citation to the 1996

1746506 v9; 11FM209!.DOC

memo referenced therein, Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of the 1996 memo referenced therein, and otherwise respectfully refers the Court to that document for a complete and accurate statement of its contents.

281. Baxter denies the allegations in Paragraph 282, Baxter denies any characterization or inference resulting from the Plaintiffs' citation to the September 24, 1996 customer announcement referenced therein, Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of the September 24, 1996 customer announcement referenced therein, and otherwise respectfully refers the Court to that document for a complete and accurate statement of its contents.

282. Baxter denies the allegations in Paragraph 283, Baxter denies that the Table 1 referenced therein is a document created or produced by Baxter, Baxter denies that Baxter has produced a document showing any internal calculations of an alleged "Difference" or "% Spread," Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of the price lists referenced therein, except to admit that Baxter produced a document entitled "Intravenous and Irrigation Solution Products" that shows the AWP and acquisition price for certain of Baxter's drugs, Baxter denies any characterization or inference resulting from the Plaintiffs' citation to

the price lists referenced therein, and otherwise respectfully refers the Court to the price lists for a complete and accurate statement of their contents.

283. Baxter denies the allegations in Paragraph 284, Baxter denies that the Table 2 referenced therein is a document created or produced by Baxter, Baxter denies that Baxter has produced a document showing any internal calculations of an alleged "Difference" or "% Spread," Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of the price lists referenced therein, except to admit that Baxter produced a document entitled "IV Nutrition Products" that shows the AWP and acquisition price for certain of Baxter's drugs, Baxter denies any characterization or inference resulting from the Plaintiffs' citation to the price lists referenced therein, and otherwise respectfully refers the Court to the price lists for a complete and accurate statement of their contents.

13. (sic)  Baxter denies the first and last sentence in Paragraph 13(sic), Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13(sic), Baxter denies any characterization or inference resulting from the Plaintiffs' citation to the September 28, 2002 letter referenced therein, Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of the September 28, 2002 letter referenced

therein, and otherwise respectfully refers the Court to that letter for a complete and accurate statement of its contents.

284. Baxter denies the allegations in Paragraph 285.

286. – 540. The allegations in Paragraphs 286 through 540 of the AMCC are directed at another defendant and require no response from Baxter. To the extent the allegations in Paragraphs 286 through 540 require an answer, they are denied.

## VI.  DIRECT DAMAGES SUSTAINED BY PLAINTIFFS AND THE MEMBERS OF THE AWP CLASS

541. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 541.

## VII.  CERTAIN DEFENDANTS USE AWP TO ENGAGE IN A SCHEME TO FIX PRICES – THE TOGETHER CARD SCHEME

542. – 594. Baxter avers that none of Baxter's drugs or therapies were part of the Together Card Program. Accordingly, Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 542 through 594 of the AMCC. These paragraphs also are directed at other defendants and require no response from Baxter. To the extent the allegations in Paragraphs 542 through 594 require an answer, they are denied.

1746506 v9; 11FM209!.DOC

## VIII.   CLASS ACTION ALLEGATIONS FOR THE AWP PAYOR SCHEME

595. – 598.  Baxter admits that Plaintiffs purport to bring this action as alleged in Paragraphs 595 through 598 of the AMCC, but Baxter denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Baxter denies that Plaintiffs or any putative class members have suffered damages as alleged in Paragraph 598 of the AMCC.

599. – 603.  The allegations in Paragraph 599 through 603 of the AMCC state conclusions of law for which no answer is required.  To the extent that an answer would be required, it is denied.  Baxter denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 603 of the AMCC.

## IX.   CLASS ACTION ALLEGATIONS FOR THE TOGETHER CARD SCHEME

604. – 605.  Baxter admits that Plaintiffs purport to bring this action as alleged in Paragraphs 604 through 605 of the AMCC, but otherwise Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 604 through 605 of the AMCC.

606. – 607.  Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 606 through 607 of the AMCC.  These Paragraphs also state conclusions of law for which no answer is required.  To the extent an answer would be required, they are denied.

27

608. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 608.

609. Baxter admits that Plaintiffs purport to bring this action as alleged in Paragraph 609 of the AMCC, but otherwise Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 609.

610. – 618.  Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 610 through 618 of the AMCC.  These Paragraphs also state conclusions of law for which no answer is required.  To the extent an answer would be required, they are denied.

## COUNT I

### VIOLATIONS OF 18 U.S.C. § 1962(C)

### (AGAINST DEFENDANT DRUG MANUFACTURERS IDENTIFIED HEREIN FOR UNLAWFUL CONDUCT ASSOCIATED WITH MEDICARE PART B COVERED DRUGS)

619. Baxter repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 619.

620. – 646.  The Court dismissed Count I in its Order dated February 25, 2004; accordingly, no response is required to Paragraphs 620 through 646 of the AMCC.  To the extent a response would be required, it is denied.

## COUNT II

## VIOLATIONS OF 18 U.S.C. § 1962(C)

## (AGAINST DEFENDANT DRUG MANUFACTURERS IDENTIFIED HEREIN)

647. Baxter repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 646.

648. – 679.  Avers that Baxter has had no contractual relationships with PBMs.  Accordingly, Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 648 through 679 of the AMCC.  These paragraphs also are directed at other defendants and require no response from Baxter.  To the extent the allegations in Paragraphs 648 through 679 require an answer, they are denied.

## COUNT III

## DECLARATORY AND OTHER RELIEF PURSUANT TO 28 U.S.C. §§ 2201, 2002

## (AGAINST DEFENDANT DRUG MANUFACTURERS FOR UNLAWFUL CONDUCT ASOCIATED WITH MEDICARE PART B COVERED DRUGS)

680. Baxter repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 679.

681. Baxter denies that Plaintiffs have standing to bring this action, Baxter denies that an actual case and controversy exists, and otherwise denies the allegations in Paragraph 681.  This Paragraph also states a conclusion of law for

29

which no answer is required.  To the extent an answer would be required, it is denied.

682.  Baxter denies the allegations in Paragraph 682 to the extent that they are directed at Baxter, and otherwise denies knowledge or information to form a belief as to the truth of the allegations in Paragraph 682 as to the other parties.

683.  Baxter denies that Plaintiffs are entitled to maintain this action or seek relief in the manner alleged.  This Paragraph also states a conclusion of law for which no answer is required.  To the extent an answer would be required, it is denied.

## COUNT IV

### VIOLATIONS OF CONSUMER PROTECTION STATUTES

684.  Baxter repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 683.

685.  Baxter denies the allegations in Paragraph 685, except to admit that Plaintiffs purport to bring this action and to seek relief in Count IV of the AMCC as alleged in Paragraph 685, but Baxter denies that Plaintiffs are entitled to maintain this action as alleged or to any relief under Count IV.

686.  Baxter denies knowledge or information to form a belief as to the truth of the allegations in Paragraph 686 as to the other parties, except to admit

30