that Baxter International Inc. is incorporated under the laws of Delaware, to admit that Baxter Healthcare Corporation is incorporated under the laws of Delaware, to admit that certain states have enacted consumer protection laws, but Baxter denies that Baxter has violated such laws or that Plaintiffs or any putative class members are entitled to relief under such laws.

687. Baxter denies the allegations in Paragraph 687 to the extent that they are directed at Baxter, Baxter denies knowledge or information to form a belief as to the truth of the allegations in Paragraph 687 as to the other parties, and otherwise denies the existence of, and its participation in, any "AWP Scheme" as alleged in Paragraph 687.

688. Baxter denies the allegations in Paragraph 688 to the extent that they are directed at Baxter, and otherwise denies knowledge or information to form a belief as to the truth of the allegations in Paragraph 688 as to the other parties.

689. Baxter denies the allegations in Paragraph 689 to the extent that they are directed at Baxter, Baxter denies knowledge or information to form a belief as to the truth of the allegations in Paragraph 689 as to the other parties, and otherwise denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 689.

690. Baxter denies the allegations in Paragraph 690 to the extent that they are directed at Baxter, and otherwise denies knowledge or information to form a belief as to the truth of the allegations in Paragraph 690 as to the other parties.

691. Baxter denies the allegations in Paragraph 691 to the extent that they are directed at Baxter, Baxter denies knowledge or information to form a belief as to the truth of the allegations in Paragraph 691 as to the other parties, and otherwise denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 691.

## COUNT V

## CLAIM FOR INJUNCTIVE RELIEF UNDER SECTION 16 OF THE CLAYTON ACT ARISING FROM THE TOGETHER CARD CONSPIRACY

692. Baxter repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 691.

693. – 698.  Baxter avers that none of Baxter's drugs or therapies were part of the Together Card Program.  Accordingly, Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 693 through 698 of the AMCC.  These paragraphs also are directed at other defendants and require no response from Baxter.  To the extent the allegations in Paragraphs 693 through 698 require an answer, they are denied.

## COUNT VI

## CLAIM FOR VILATION OF SHERMAN ACT, 15 U.S.C. § 1 ON BEHALF OF NATIONWIDE END PAYOR TOGETHER CARD CLASS

699. Baxter repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 698.

700. Baxter avers that none of Baxter's drugs or therapies were part of the Together Card Program.  Accordingly, Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 700 through 704 of the AMCC.  These paragraphs also are directed at other defendants and require no response from Baxter.  To the extent the allegations in Paragraphs 700 through 704 require an answer, they are denied.

## COUNT VII

## CLAIM FOR VIOLATION OF THE ANTITRUST STATUTES OF THE INDIRECT PURCHASER STATES ON BHEALF OF INDIRECT PURCHASER STATES END PAYOR TOGETHER CARD CLASS

705. Baxter repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 704, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 705.

706. – 708.  Baxter avers that none of Baxter's drugs or therapies were part of the Together Card Program.  Accordingly, Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in

33

Paragraphs 706 through 708 of the AMCC.  These paragraphs also are directed at other defendants and require no response from Baxter.  To the extent the allegations in Paragraphs 706 through 708 require an answer, they are denied.

## COUNT VIII

### VIOLATIONS OF 18 U.S.C. § 1962(c)-(d)(AGAINST THE TOGETHER CARD DEFENDANT FOR UNLAWFUL CONDUCT ASSOCIATED WITH TOGETHER RX)

709.  Repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 708.

710. – 725.  Avers that none of Baxter's drugs or therapies were part of the Together Card Program.  Accordingly, Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 710 through 725 of the AMCC.  These paragraphs also are directed at other defendants and require no response from Baxter.  To the extent the allegations in Paragraphs 710 through 725 require an answer, they are denied.

## COUNT IX

### CIVIL CONSPIRACY (AGAINST ALL DEFENDANTS IDENTIFIED HEREIN FOR CONSPIRING WITH PBMs)

726. Baxter repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 725.

727. – 733.  Baxter avers that Baxter has had no contractual relationships with PBMs.  Accordingly, Baxter denies the allegations of conspiracy in Paragraphs 727 through 733 of the AMCC.  Otherwise, Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 727 through 733 of the AMCC.  These paragraphs also are directed at other defendants and require no response from Baxter.  To the extent the allegations in Paragraphs 727 through 733 require an answer, they are denied.

## COUNT X

## CIVIL CONSPIRACY (AGAINST THE TOGETHER CARD DEFENDANTS)

734.  Baxter repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 733.

735. – 741.  Baxter avers that none of Baxter's drugs or therapies were part of the Together Card Program.  Accordingly, Baxter denies the allegations of conspiracy in Paragraphs 735 through 741 of the AMCC.  Otherwise, Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 735 through 741 of the AMCC.  These paragraphs also are directed at other defendants and require no response from Baxter.  To the extent the allegations in Paragraphs 735 through 741 require an answer, they are denied.

**UNNUMBERED "WHEREFORE" PARAGRAPH AND REQUEST FOR JURY TRIAL**

Baxter denies that Plaintiffs are entitled to judgment or any other relief requested in their Prayer for Relief and the "WHEREFORE" Paragraph following Paragraph 741 of the AMCC.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof or going forward not required by law, Baxter alleges the following defenses:

### First Defense

Plaintiffs and the putative class fail to state a claim upon which relief may be granted.

### Second Defense

Plaintiffs' and the putative class' claims against Baxter are barred, in whole or in part, by the political question and separation of powers doctrines.

### Third Defense

Plaintiffs' and the putative class' claims against Baxter are barred, in whole or in part, by the filed rate doctrine.

### Fourth Defense

Plaintiffs and the putative class have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Baxter as alleged in the AMCC.

36

## Fifth Defense

To the extent Plaintiffs and/or any member of the putative class obtain recovery in any other case predicated on the same factual allegations, that Plaintiff or purported class member is barred from seeking recovery against Baxter based on the AMCC pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

## Sixth Defense

Plaintiffs' and the putative class' claims against Baxter are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multi-district litigation.

## Seventh Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Baxter in judicial, legislative or administrative proceedings of any kind or at any level of government.

1746506 v9; 11FM209!.DOC

## Eighth Defense

Plaintiffs and the putative class' claims against Baxter are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

## Ninth Defense

Any and all actions taken by Baxter with respect to any of the matters alleged in the AMCC were taken in good faith and in accordance with established industry practice.

## Tenth Defense

Plaintiffs and the putative class' state law claims against Baxter are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, including all amendments to the same and all regulations promulgated thereunder.

## Eleventh Defense

Plaintiffs' and the putative class' claims against Baxter are preempted by the dormant Commerce Clause of the United States Constitution.

## Twelfth Defense

Plaintiffs' and the putative class' claims against Baxter are barred because Baxter has complied with all applicable regulations of the federal and state governments.

## Thirteenth Defense

Plaintiffs' and the putative class' claims against Baxter are barred, in whole or in part, by the applicable statutes of limitations and repose.

## Fourteenth Defense

Plaintiffs' and the putative class' claims against Baxter are barred, in whole or in part, by the doctrines of laches, estoppel, and waiver.

## Fifteenth Defense

Plaintiffs' and the putative class' claims against Baxter are barred, in whole or in part, because they violate Baxter's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as all applicable state constitutions, insofar as Plaintiffs and the putative class members seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## Sixteenth Defense

Baxter's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

## Seventeenth Defense

Plaintiffs and the putative class fail to state with particularity facts to support the fraud allegations against Baxter contained in the AMCC.

## Eighteenth Defense

Plaintiffs and the putative class fail to plead with particularity the fraudulent concealment allegations against Baxter in the AMCC.

## Nineteenth Defense

Plaintiffs and the putative class failed to plead with particularity their multi-source drug allegations against Baxter in the AMCC.

## Twentieth Defense

Plaintiffs' and the putative class' claims against Baxter are barred, in whole or in part, because Baxter did not make any false statements to Plaintiffs or to any members of the putative class.  As to any statement asserted against Baxter that Plaintiffs and the putative class allege to be false or misleading, Baxter had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## Twenty-First Defense

Plaintiffs' and the putative class' claims against Baxter are barred because Baxter did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

### Twenty-Second Defense

Plaintiffs' and the putative class' RICO claims against Baxter are barred, in whole or in part, due to Plaintiffs' failure to properly allege a RICO enterprise as required by 18 U.S.C. § 1962(c).

### Twenty-Third Defense

Plaintiffs' and the putative class' RICO claims against Baxter are barred, in whole or in part, due to their failure to plead facts showing that Baxter and the PBMs are ongoing organizations whose members function as continuing unit and share common purposes as required by *United States v. Turkette*, 452 U.S. 576, 583 (1981).

### Twenty-Fourth Defense

All of Plaintiffs' and the putative class' RICO claims against Baxter with respect to PBMs are barred, in whole or in part, because Baxter did not conduct business with PBMs.

### Twenty-Fifth Defense

Plaintiffs' and the putative class' RICO claims against Baxter are barred, in whole or in part, due to their failure to allege that Baxter conducted the affairs of the alleged enterprises as required by 18 U.S.C. § 1962(c).

### Twenty-Sixth Defense

Plaintiffs and the putative class lack standing to bring their RICO claims against Baxter because they cannot show Baxter directly caused their alleged

41

injuries as required by 18 U.S.C. § 1964(c) and *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 265-66, 268 (1992).

### Twenty-Seventh Defense

Plaintiffs and the putative class fail to allege with particularity their civil conspiracy claims against Baxter as required by Fed. R. Civ. P. 9(b).

### Twenty-Eighth Defense

Plaintiffs' and the putative class' civil conspiracy claims against Baxter are barred, in whole or in part, by their failure to allege a concerted action as required by *Aetna Cas. Sur. Co. v. P&B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994) and *Grant v. John Hancock Mut. Life Ins. Co.*, 183 F. Supp. 2d 344, 359 (D. Mass. 2002).

### Twenty-Ninth Defense

Plaintiffs' and the putative class' civil conspiracy claims against Baxter with respect to PMBs are barred because Baxter did not conduct business with PBMs.

### Thirtieth Defense

Plaintiffs' and the putative class' claims of conspiracy against Baxter with respect to the Together Card Program because Baxter did not participate in Together Card Program.

### Thirty-First Defense

Plaintiffs' and the putative class' civil conspiracy claims against Baxter are barred, in whole or in part, by their failure to allege a coercive conspiracy as required by *Fleming v. Dance*, 22 N.E.2d 609, 611 (Mass. 1939).

### Thirty-Second Defense

Plaintiffs' and the putative class' civil conspiracy claims against Baxter are barred, in whole or in part, because they are duplicative and improper under Massachusetts law. *See Grant*, 183 F. Supp. 2d at 364.

### Thirty-Third Defense

Baxter denies that Plaintiffs and the putative class have valid consumer protection claims against Baxter under California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington or any other State whose law is or becomes relevant in the course of this multi-district litigation.  However, if such claims are found to exist, Baxter pleads all available defenses under the alleged consumer protection statutes.

### Thirty-Fourth Defense

Any allegedly fraudulent statements or conduct of Baxter did not directly or proximately cause the alleged injuries of Plaintiffs and/or any members of the putative class as required under state consumer protection laws, including

1746506 v9; 11FM209!.DOC

without limitation those of Florida, Illinois, Louisiana, New Jersey, New York, Pennsylvania, Texas and Washington.

### Thirty-Fifth Defense

Baxter's conduct was neither "deceptive," "misleading," "unlawful" nor "illegal" as required under certain state consumer protection laws, including without limitation those of Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Texas and/or Washington.

### Thirty-Sixth Defense

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against Baxter, they are not entitled to such relief because they have an adequate remedy at law.

### Thirty-Seventh Defense

Plaintiffs and the putative class lack standing to bring their asserted consumer protection claims under certain state consumer protection laws, including without limitation those of Delaware, Florida, Louisiana, New Jersey, Pennsylvania and Washington.

### Thirty-Eighth Defense

Plaintiffs and the putative class did not rely on the allegedly fraudulent statements or conduct of Baxter as required under certain state consumer protection laws, including without limitation those of New York and Pennsylvania.

44

### Thirty-Ninth Defense

Any allegedly fraudulent statement or conduct of Baxter was not consumer-oriented as required under certain consumer protection law, including without limitation that of New York.

### Fortieth Defense

Plaintiffs' and the putative class' claims against Baxter for injunctive and declaratory relief were mooted by the passage of the Medicare Prescription Drug, Improvement, and Modernization Act of 2003.

### Forty-First Defense

Plaintiffs' and the putative class' claims for injunctive relief are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Forty-Second Defense

This action cannot be maintained as a class action because (1) the certification and maintenance of this action as a class would violate the separation of powers provisions of the United States Constitution and would be an unconstitutional usurpation of authority reserved to the legislative branch; (2) the claims of Plaintiffs and the putative class cannot be properly joined with one another because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences; (3) the named Plaintiffs and the putative class cannot satisfy the procedural requirements of Fed. R. Civ. P. 23; (4) the questions of fact at issue are not common to the alleged class, but rather, are

45

highly specific and will vary dramatically from person to person and entity to entity; and/or (5) class certification would violate Baxter's rights provided by the Fifth, Seventh and Fourteenth Amendments to the United States Constitution as well as by the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation, including but not limited to Baxter's right to procedural and substantive safeguards, which include traditional defenses to liability.

### Forty-Third Defense

Plaintiffs' and the putative class' antitrust claims against Baxter: (1) are barred because they have not suffered any antitrust injury; (2) are barred in whole or in part for lack of standing; and/or (3) should be dismissed because the alleged conspiracy does not make economic sense and is economically implausible.

### Forty-Fourth Defense

All of plaintiffs' and the putative class' antitrust claims against Baxter are barred because Baxter did not participate in the Together Card Program.

### Forty-Fifth Defense

Any alleged restraints complained of in the AMCC are ancillary to legitimate, pro-competitive activity.

46

### Forty-Sixth Defense

Baxter's conduct was not intended to have, did not have and was not likely to have had any adverse effects on competition in any relevant market.

### Forty-Seventh Defense

Plaintiffs' and the putative class' claims under Section 1 of the Sherman Act, 15 U.S.C. § 1, are barred to the extent recovery is based on indirect purchases of drugs and therapies.

### Forty-Eighth Defense

Plaintiffs' and the putative class' antitrust claims against Baxter under the various state antitrust statutes are barred in whole or in part to the extent those statutes (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly interstate in nature.

### Forty-Ninth Defense

Plaintiffs' and the putative class' antitrust claims against Baxter under the various state unfair trade and competition statutes are barred in whole or in part to the extent those statutes (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly intrastate in nature.

### Fiftieth Defense

Plaintiffs' and the putative class' antitrust claims against Baxter under the various state consumer protection and consumer fraud statutes are barred in whole or in part to the extent those statutes (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly intrastate in nature.

### Fifty-First Defense

Plaintiffs' and the putative class' antitrust claims against Baxter under the various state unfair trade, unfair competition, consumer protection and consumer fraud statutes are barred to the extent (1) those claims represent an impermissible circumvention of the states' antitrust statutes; and (2) those statutes apply only to deceptive or misleading conduct and/or govern only consumer transactions.

### Fifty-Second Defense

Third party payor plaintiffs' and third party payor putative class members' claims against Baxter are barred, in whole or part, with respect to any alleged overcharge or supracompetitive price on the ground that third party payors passed on any effect of the alleged supracompetitive prices to their customers or employees in the form of higher premiums.

48

### Fifty-Third Defense

Plaintiffs' and the putative class' claims against Baxter are barred, in whole or in part, with respect to any alleged overcharge or supracompetitive price because such supracompetitive price, if any, was absorbed, in whole or part, by a person and/or entity which purchased the drug directly, and/or by an intermediate indirect purchaser, and was not pass through to the Plaintiffs and putative class members.

### Fifty-Fourth Defense

Plaintiffs' and the putative class' claims against Baxter are barred, in whole or in part, due to their failure to join indispensable parties.

### Fifty-Fifth Defense

Plaintiffs' and the putative class' claims against Baxter are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the AMCC.

### Fifty-Sixth Defense

Plaintiffs' and the putative class' claims against Baxter are barred, in whole or in part, because any injuries sustained by Plaintiffs or the putative class were the result of intervening or superceding conduct of third parties.

## Fifty-Seventh Defense

Plaintiffs' and the putative class' claims against Baxter for damages are barred, in whole or in part, (1) because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Baxter; (2) because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the AMCC; (3) by the doctrine of consent and/or ratification to the extent that plaintiffs and/or putative class members have received and paid for drugs produced, marketed and sold by Baxter after the filing of Plaintiffs' original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

## Fifty-Eighth Defense

Baxter is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs and/or the putative class, with respect to the same alleged injuries.

## Fifty-Ninth Defense

Any damages recovered by the Plaintiffs and the putative class must be limited by the applicable statutory ceilings on recoverable damages.

1746506 v9; 11FM209!.DOC

## Sixtieth Defense

Plaintiffs and the putative class fail to allege facts or a cause of action sufficient to support a claim against Baxter for attorneys' fees, treble damages and/or legal fees.

## Sixty-First Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against Baxter (1) have no basis in law or fact; (2) are not recoverable because the allegations of the AMCC are legally insufficient to support a claim against Baxter for punitive damages; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Baxter prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Baxter's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the constitutions of any applicable states' laws; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Baxter's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable states' laws; (5) cannot be

51

sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Baxter for punitive damages arising from the distribution, supply, marketing, sale, or use of Baxter's drugs and therapies would constitute impermissible multiple punishments for the same wrong, in violation of Baxter's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law and statutory law of any applicable states' laws; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Baxter's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' law; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Baxter the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate

52

Baxter's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' laws.

### Sixty-Second Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for punitive damages cannot be sustained because an award of punitive damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Baxter, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding Plaintiff's and the putative class' burden of proof with respect to each and every element of a claim

53

for punitive damages, and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Baxter's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law and public policies of any applicable states' laws.

### Sixty-Third Defense

To the extent punitive damages are sought, Plaintiff's and the putative class' claim for punitive damages against Baxter cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate Baxter's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Baxter's right not to be subjected to an excessive award; and (3) be improper under the constitutions, common law and public policies of any applicable states' laws.

### Sixty-Fourth Defense

Baxter adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

1746506 v9; 11FM209!.DOC

### Sixty-Fifth Defense

Baxter hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves their right to amend its answer to assert such defense. Baxter also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state other than California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and/or any other State whose law is or becomes relevant in the course of this multi-district litigation.

### PRAYER FOR RELIEF

Baxter prays for entry of judgment in its favor and against Plaintiff as follows:

1. That the Amended Master Consolidated Class Action Complaint be dismissed in its entirety with prejudice as to Baxter.

2. That Plaintiff take nothing by way of the Amended Master Consolidated Class Action Complaint as to Baxter.

3. That Baxter recover its costs and any disbursements and fees to which it might be entitled in this action; and

    4.  For such other and further relief as the Court deems just and

proper.

Dated: April 9, 2004


Respectfully submitted,


_____/S/_____  
Merle M. DeLancey, Jr.  
J. Andrew Jackson  
DICKSTEIN SHAPIRO MORIN &  
OSHINSKY LLP  
2101 L St. NW  
Washington, DC 20037  
Telephone:  (202) 785-9700  
Facsimile:  (202) 887-0689  
Counsel for Defendants  
BAXTER HEALTHCARE  
CORPORATION and BAXTER  
INTERNATIONAL, INC.

_____/S/_____  
Peter E. Gelhaar (BBO #188310)  
DONNELLY, CONROY & GELHAAR, LLP  
One Beacon Street  
33rd Floor  
Boston, MA  02108  
Telephone:  (617) 720-2880  
Facsimile:  (617) 720-3554

56

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2004, a true and correct copy of the foregoing  document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

_____/S/_____
Eden M. Heard

57