605.    Admits as to the allegations set forth in numbered paragraph 605 of the AMCC that plaintiffs purport, in the alternative, to bring this action as the described class action but denies that there is any basis on which to permit them to do so.

606.    Admits as to the allegations set forth in numbered paragraph 606 of the AMCC that plaintiffs purport to be the Class representatives for the alleged Nationwide End Payor Together Card Class but denies that there is any basis on which to permit them to do so.

607.    Admits as to the allegations set forth in numbered paragraph 607 of the AMCC that plaintiffs purport to be the Class representatives for the alleged Purchaser States End Payor Together Card Class but denies that there is any basis on which to permit them to do so.

608.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 608 of the AMCC.

609.    Admits as to the allegations set forth in numbered paragraph 609 of the AMCC that plaintiffs allege the described Class Period.

610.    Denies the allegations of numbered paragraph 610 of the AMCC.

611.    Denies the allegations of numbered paragraph 611 of the AMCC.

612.    Denies the allegations of numbered paragraph 612 of the AMCC.

613.    Denies the allegations of numbered paragraph 613 and subparagraphs 613(a)-(j) of the AMCC.

614.    Denies the allegations of numbered paragraph 614 of the AMCC.

615.    Denies the allegations of numbered paragraph 615 of the AMCC.

616.    Denies the allegations of numbered paragraph 616 of the AMCC.

617.    Denies the allegations of numbered paragraph 617 of the AMCC.

618.    Denies the allegations of numbered paragraph 618 of the AMCC.

**COUNT I**

**VIOLATIONS OF 18 U.S.C. § 1962(C)**

**(AGAINST DEFENDANT DRUG MANUFACTURERS IDENTIFIED HEREIN FOR UNLAWFUL CONDUCT ASSOCIATED WITH AWPID DRUGS)**

619.     States that the allegations set forth in numbered paragraph 619 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

620.     States that the allegations set forth in numbered paragraph 620 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

621.     States that the allegations set forth in numbered paragraph 621 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

622.     States that the allegations set forth in numbered paragraph 622 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

623.     States that the allegations set forth in numbered paragraph 623 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

624.     States that the allegations set forth in numbered paragraph 624 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

625.     States that the allegations set forth in numbered paragraph 625 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

626.     States that the allegations set forth in numbered paragraph 626 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

627.     States that the allegations set forth in numbered paragraph 627 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

628.     States that the allegations set forth in numbered paragraph 628 and subparagraphs 628(a)-(v) of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

629.     States that the allegations set forth in numbered paragraph 629 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

630.     States that the allegations set forth in numbered paragraph 630 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

631.     States that the allegations set forth in numbered paragraph 631 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

632.     States that the allegations set forth in numbered paragraph 632 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

633.     States that the allegations set forth in numbered paragraph 633 and subparagraphs 633 (a)-(h) of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

634.     States that the allegations set forth in numbered paragraph 634 and subparagraphs 634 (a)-(f) of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

635.     States that the allegations set forth in numbered paragraph 635 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

636.     States that the allegations set forth in numbered paragraph 636 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

637.     States that the allegations set forth in numbered paragraph 637 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

638.     States that the allegations set forth in numbered paragraph 638 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

639.    States that the allegations set forth in numbered paragraph 639 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

639(a).   States that the allegations set forth in numbered paragraph 639(a) of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

640.    States that the allegations set forth in numbered paragraph 640 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

641.    States that the allegations set forth in numbered paragraph 641 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

642.    States that the allegations set forth in numbered paragraph 642 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

643.    States that the allegations set forth in numbered paragraph 643 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

644.    States that the allegations set forth in numbered paragraph 644 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

645.     States that the allegations set forth in numbered paragraph 645 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

646.     States that the allegations set forth in numbered paragraph 646 of the AMCC are moot pursuant to the Court's Memorandum and Order dated February 24, 2004 in which the Court dismissed all claims by plaintiffs in Count I of the AMCC.

## COUNT II

## VIOLATIONS OF 18 U.S.C. § 1962(C)

### (AGAINST DEFENDANT DRUG MANUFACTURERS IDENTIFIED HEREIN)

647.     Repeats and incorporates by reference its responses to numbered paragraphs 1 through 646 above.

648.     States as to the allegations set forth in numbered paragraph 648 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

649.     States as to the allegations set forth in numbered paragraph 649 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

650.     States as to the allegations set forth in numbered paragraph 650 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

651.    States as to the allegations set forth in numbered paragraph 651 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

652.    States as to the allegations set forth in numbered paragraph 652 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

653.    States as to the allegations set forth in numbered paragraph 653 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

654.    States as to the allegations set forth in numbered paragraph 654 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

655.    States as to the allegations set forth in numbered paragraph 655 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

656.    States as to the allegations set forth in numbered paragraph 656 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no

response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

657.   States as to the allegations set forth in numbered paragraph 657 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

658.   States as to the allegations set forth in numbered paragraph 658 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

659.   States as to the allegations set forth in numbered paragraph 659 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

660.   States as to the allegations set forth in numbered paragraph 660 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

661.   States as to the allegations set forth in numbered paragraph 661 and subparagraphs 661(a)-(v) of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

662.     States as to the allegations set forth in numbered paragraph 662 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

663.     States as to the allegations set forth in numbered paragraph 663 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

664.     States as to the allegations set forth in numbered paragraph 664 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

665.     States as to the allegations set forth in numbered paragraph 665 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

666.     States as to the allegations set forth in numbered paragraph 666 and subparagraphs 666 (a)-(i) of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

667.     States as to the allegations set forth in numbered paragraph 667 and subparagraphs 667 (a)-(f) of the AMCC that plaintiffs do not assert any claims against Novartis

in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is

required, Novartis denies knowledge or information sufficient to form a belief as to the truth of

the allegations set forth therein.

668.    States as to the allegations set forth in numbered paragraph 668 of the AMCC that

plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no

response is required.  To the extent a response is required, Novartis denies knowledge or

information sufficient to form a belief as to the truth of the allegations set forth therein.

669.    States as to the allegations set forth in numbered paragraph 669 of the AMCC that

plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no

response is required.  To the extent a response is required, Novartis denies knowledge or

information sufficient to form a belief as to the truth of the allegations set forth therein.

670.    States as to the allegations set forth in numbered paragraph 670 of the AMCC that

plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no

response is required.  To the extent a response is required, Novartis denies knowledge or

information sufficient to form a belief as to the truth of the allegations set forth therein.

671.    States as to the allegations set forth in numbered paragraph 671 of the AMCC that

plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no

response is required.  To the extent a response is required, Novartis denies knowledge or

information sufficient to form a belief as to the truth of the allegations set forth therein.

672.    States as to the allegations set forth in numbered paragraph 672 of the AMCC that

plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no

response is required.  To the extent a response is required, Novartis denies knowledge or

information sufficient to form a belief as to the truth of the allegations set forth therein.

673.     States as to the allegations set forth in numbered paragraph 673 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

674.     States as to the allegations set forth in numbered paragraph 674 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

675.     States as to the allegations set forth in numbered paragraph 675 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

676.     States as to the allegations set forth in numbered paragraph 676 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

677.     States as to the allegations set forth in numbered paragraph 677 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

678.     States as to the allegations set forth in numbered paragraph 678 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no

response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

679.     States as to the allegations set forth in numbered paragraph 679 of the AMCC that plaintiffs do not assert any claims against Novartis in Count II of the AMCC, and, therefore, no response is required.  To the extent a response is required, Novartis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## COUNT III

### DECLARATORY AND THE OTHER RELIEF
### PURSUANT TO 28 U.S.C. §§ 2201, 2002

### (AGAINST DEFENDANT DRUG MANUFACTURERS FOR UNLAWFUL CONDUCT ASSOCIATED WITH MEDICARE PART B COVERED DRUGS)

680.     Repeats and incorporates by reference its responses to numbered paragraphs 1 through 679 above.

681.     Denies the allegations set forth in numbered paragraph 681 of the AMCC and states that none of the Novartis products named in the AMCC is a Medicare Part B covered drug and for that reason Count III does not apply to Novartis.

682.     Denies the allegations set forth in numbered paragraph 682 of the AMCC and states that none of the Novartis products named in the AMCC is a Medicare Part B covered drug and for that reason Count III does not apply to Novartis.

683.     Denies the allegations set forth in numbered paragraph 683 of the AMCC and states that none of the Novartis products named in the AMCC is a Medicare Part B covered drug and for that reason Count III does not apply to Novartis.

## COUNT IV

## VIOLATIONS OF CONSUMER PROTECTION STATUTES

684.    Repeats and incorporates by reference its responses to numbered paragraphs 1 through 683 above.

685.    Admits as to numbered paragraph 685 of the AMCC that plaintiffs purport to assert Count IV on behalf of the AWP End Payor Class but denies that there is any basis on which to permit them to do so.

686.    Denies the allegations set forth in numbered paragraph 686 of the AMCC as to Novartis and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except admits that Novartis is incorporated in Delaware and maintains its principal place of business in New Jersey, and further respectfully refers the Court to the text of the identified statutes for a full and complete understanding of their provisions.

687.    Denies the allegations set forth in numbered paragraph 687 and subparagraphs 687(a)-(f) of the AMCC.

688.    Denies the allegations set forth in numbered paragraph 688 of the AMCC.

689.    Denies the allegations set forth in numbered paragraph 689 of the AMCC.

690.    Denies the allegations set forth in numbered paragraph 690 of the AMCC.

691.    Denies the allegations set forth in numbered paragraph 691 of the AMCC.

## COUNT V

## CLAIM FOR INJUNCTIVE RELIEF UNDER SECTION 16 OF THE CLAYTON ACT ARISING FROM THE TOGETHER CARD CONSPIRACY

692.    Repeats and incorporates by reference its responses to numbered paragraphs 1 through 691 above.

693.    Denies the allegations set forth in numbered paragraph 693 of the AMCC.

- 73 -

694.    Denies the allegations set forth in numbered paragraph 694 of the AMCC

695.    Denies the allegations set forth in numbered paragraph 695 of the AMCC, except

admits that the Together Card program is within the flow of interstate trade and commerce.

696.    Denies the allegations set forth in numbered paragraph 696 of the AMCC.

697.    Denies the allegations set forth in numbered paragraph 697 of the AMCC.

698.    Denies the allegations set forth in numbered paragraph 698 of the AMCC.

## COUNT VI

### CLAIM FOR VIOLATION OF SHERMAN ACT, 15 U.S.C. § 1
### ON BEHALF OF NATIONWIDE END PAYOR TOGETHER CARD CLASS

699.    Repeats and incorporates by reference its responses to numbered paragraphs 1

through 698 above.

700.    Denies the allegations set forth in numbered paragraph 700 of the AMCC.

701.    Denies the allegations set forth in numbered paragraph 701 of the AMCC.

702.    Denies the allegations set forth in numbered paragraph 702 of the AMCC.

703.    Denies the allegations set forth in numbered paragraph 703 of the AMCC.

704.    Denies the allegations set forth in numbered paragraph 704 of the AMCC.

## COUNT VII

### CLAIM FOR VIOLATION OF THE ANTITRUST STATUTES OF THE INDIRECT
### PURCHASER STATES ON BEHALF OF INDIRECT PURCHASER STATES END
### PAYOR TOGETHER CARD CLASS

705.    Repeats and incorporates by reference its responses to numbered paragraphs 1

through 704 above as to the first sentence of numbered paragraph 705 of the AMCC and denies

the remaining allegations.

706.    Denies the allegations set forth in numbered paragraph 706 and

subparagraphs 706(a)-(v).

707.    Denies the allegations set forth in numbered paragraph 707 of the AMCC.

708.    Denies the allegations set forth in numbered paragraph 708 of the AMCC.

## COUNT VIII

## VIOLATIONS OF 18 U.S.C. § 1962(C)-(D)

### (AGAINST THE TOGETHER CARD DEFENDANTS
### FOR UNLAWFUL CONDUCT ASSOCIATED WITH TOGETHER RX)

709.    Repeats and incorporates by reference its responses to numbered paragraphs 1 through 708 above.

710.    Admits as to numbered paragraph 710 of the AMCC that plaintiffs purport to bring Count VII of the AMCC against the Together Card Defendants on behalf of the Nationwide End Payor Together Card Class but denies that there is any basis on which to permit them to do so.

711.    Denies the allegations set forth in numbered paragraph 711 of the AMCC.

712.    Denies the allegations set forth in numbered paragraph 712 of the AMCC.

713.    Denies the allegations set forth in numbered paragraph 713 of the AMCC, except admits that the Together Card program is within the flow of interstate trade and commerce.

714.    Denies the allegations set forth in numbered paragraph 714 of the AMCC.

715.    Denies the allegations set forth in numbered paragraph 715 of the AMCC.

716.    Denies the allegations set forth in numbered paragraph 716 of the AMCC.

717.    Denies the allegations set forth in numbered paragraph 717 and subparagraphs 717(a)-(c) of the AMCC.

718.    Denies the allegations set forth in numbered paragraph 718 and subparagraphs 718(a)-(d) of the AMCC.

719.    Denies the allegations set forth in numbered paragraph 719 of the AMCC.

720.     Denies the allegations set forth in numbered paragraph 720 of the AMCC.

721.     Denies the allegations set forth in numbered paragraph 721of the AMCC.

722.     Denies the allegations set forth in numbered paragraph 722 of the AMCC.

723.     Denies the allegations set forth in numbered paragraph 723 of the AMCC.

724.     Denies the allegations set forth in numbered paragraph 724 of the AMCC.

725.     Denies the allegations set forth in numbered paragraph 725 of the AMCC.

## COUNT IX

## CIVIL CONSPIRACY

## (AGAINST ALL DEFENDANTS IDENTIFIED HEREIN FOR CONSPIRING WITH PBMS)

726.     Repeats and incorporates by reference its responses to numbered paragraphs 1 through 725 above.

727.     States as to the allegations set forth in numbered paragraph 727 of the AMCC that plaintiffs do not assert any claims against Novartis in Count IX of the AMCC.

728.     States as to the allegations set forth in numbered paragraph 728 and subparagraphs 728(a)-(v) of the AMCC that plaintiffs do not assert any claims against Novartis in Count IX of the AMCC.

729.     States as to the allegations set forth in numbered paragraph 729 of the AMCC that plaintiffs do not assert any claims against Novartis in Count IX of the AMCC.

730.     States as to the allegations set forth in numbered paragraph 730 and subparagraphs 730(a)-(h) of the AMCC that plaintiffs do not assert any claims against Novartis in Count IX of the AMCC.

731.     States as to the allegations set forth in numbered paragraph 731 of the AMCC that plaintiffs do not assert any claims against Novartis in Count IX of the AMCC.

732.     States as to the allegations set forth in numbered paragraph 732 of the AMCC that plaintiffs do not assert any claims against Novartis in Count IX of the AMCC.

733.     States as to the allegations set forth in numbered paragraph 733 of the AMCC that plaintiffs do not assert any claims against Novartis in Count IX of the AMCC.

## COUNT X

## CIVIL CONSPIRACY

## (AGAINST THE TOGETHER CARD DEFENDANTS)

734.     Repeats and incorporates by reference its responses to numbered paragraphs 1 through 733 above.

735.     Admits as to numbered paragraph 735 of the AMCC that plaintiffs purport to assert Count X on behalf of the Nationwide End Payor Together Card Class and by class representative CMHV but denies that there is any basis on which to permit them to do so.

736.     Denies the allegations set forth in numbered paragraph 736 of the AMCC.

737.     Denies the allegations set forth in numbered paragraph 737.

738.     Denies the allegations set forth in numbered paragraph 738 of the AMCC.

739.     Denies the allegations set forth in numbered paragraph 739 of the AMCC.

740.     Denies the allegations set forth in numbered paragraph 740 of the AMCC.

741.     Denies the allegations set forth in numbered paragraph 741 of the AMCC.

Novartis further denies that plaintiffs are entitled to a judgment or any other relief requested in their section entitled "PRAYER FOR RELIEF" and unnumbered "WHEREFORE" paragraph following Paragraph 741 of the AMCC.

## NOVARTIS PHARMACEUTICALS
## <u>CORPORATION'S AFFIRMATIVE DEFENSES</u>

The pleading of these affirmative defenses does not relieve plaintiffs of their burdens to prove each and every element of their claims and the damages, if any, to which they are entitled. As and for its affirmative defenses, Novartis alleges as follows:

### <u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiffs and the putative class fail to state a claim against Novartis upon which relief may be granted.

### <u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiffs' and the putative class's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### <u>THIRD AFFIRMATIVE DEFENSE</u>

Plaintiffs' and the putative class's claims are barred, in whole or in part, by the filed rate doctrine.

### <u>FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiffs and the putative class have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Novartis as alleged in the AMCC.

### <u>FIFTH AFFIRMATIVE DEFENSE</u>

To the extent Plaintiffs and/or any member of the putative class obtain recovery in any other case predicated on the same factual allegations, that plaintiff or purported class member is barred from seeking recovery against Novartis based on the AMCC pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Novartis in judicial, legislative or administrative proceedings of any kind or at any level of government.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, to the extent that plaintiffs and the putative class members have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

## NINTH AFFIRMATIVE DEFENSE

Any and all actions taken by Novartis with respect to any of the matters alleged in the AMCC were taken in good faith and in accordance with established industry practice.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are preempted by the dormant Commerce Clause of the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims against Novartis are barred because Novartis has complied with all applicable regulations of the federal and state governments.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims against Novartis are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, because they violate Novartis' rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as all applicable state constitutions, insofar as plaintiffs and the putative class members seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## FIFTEENTH AFFIRMATIVE DEFENSE

Novartis' statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by plaintiffs or the putative class.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class fail to state with particularity facts to support the fraud allegations, and fail to plead with particularity the fraudulent concealment and multi-source medicine allegations against Novartis contained in the AMCC.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class fail to allege with particularity their civil conspiracy claims against Novartis as required by Fed. R. Civ. P. 9(b).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims against Novartis are barred, in whole or in part, because Novartis did not make any false statements to plaintiffs or to any members of the putative class members.  As to any statement asserted against Novartis that plaintiffs and the putative class allege to be false or misleading, Novartis had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims against Novartis are barred because Novartis did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's RICO claims against Novartis are barred, in whole or in part, due to plaintiffs' failure to properly allege a RICO enterprise as required by 18 U.S.C. § 1962(c).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's RICO claims against Novartis are barred, in whole or in part, due to their failure to allege that Novartis conducted the affairs of the alleged enterprises as required by 18 U.S.C. § 1962(c).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs and the putative class lack standing to bring their RICO claims against Novartis because they cannot show Novartis directly caused their alleged injuries as required by 18 U.S.C. § 1964(c) and *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 265-66, 268 (1992).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's civil conspiracy claims against Novartis are barred, in whole or in part, by their failure to allege a concerted action as required by *Aetna Cas. Sur. Co. v. P&B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994) and *Grant v. John Hancock Mut. Life Ins. Co.*, 183 F. Supp. 2d 344, 359 (D. Mass. 2002), and/or by their failure to allege a coercive conspiracy as required by *Fleming v. Dance*, 22 N.E.2d 609, 611 (Mass. 1939).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's civil conspiracy claims against Novartis are barred, in whole or in part, because they are duplicative and improper under Massachusetts law.  *See Grant*, 183 F. Supp. 2d at 364.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Novartis denies that plaintiffs and the putative class have valid consumer protection claims against Novartis under the laws of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington or any other State whose law is or becomes relevant in the course of this multidistrict litigation.  However, if such claims are found to exist, Novartis pleads all available defenses under the Acts.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any allegedly fraudulent statements or conduct of Novartis did not directly or proximately cause the alleged injuries of plaintiffs and/or any members of the putative class as

required under state consumer protection laws, including without limitation those of Florida, Illinois, Louisiana, New Jersey, New York, Pennsylvania, Texas and Washington.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Novartis' conduct was neither "deceptive," "misleading," "unlawful" nor "illegal" as required under certain state consumer protection laws, including without limitation those of Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Texas and/or Washington.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs and the putative class members attempt to seek equitable relief against Novartis, they are not entitled to such relief because they have an adequate remedy at law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class lack standing to bring their asserted consumer protection claims against Novartis under certain state consumer protection laws, including without limitation those of Delaware, Florida, Louisiana, New Jersey, Pennsylvania and Washington.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class did not rely on the allegedly fraudulent statements or conduct of Novartis as required under certain state consumer protection laws, including without limitation those of New York and Pennsylvania.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Any allegedly fraudulent statement or conduct of Novartis was not consumer-oriented as required under certain consumer protection law, including without limitation that of New York.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims against Novartis for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims for injunctive relief against Novartis are barred by the doctrines of *in pari delicto* and/or unclean hands.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

This action cannot be maintained as a class action because:  (1) the certification and maintenance of this action as a class would violate the separation of powers provisions of the United States Constitution and would be an unconstitutional usurpation of authority reserved to the legislative branch; (2) the claims of plaintiffs and the putative class cannot be properly joined with one another because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences; (3) the named plaintiffs and the putative class cannot satisfy the procedural requirements of Fed. R. Civ. P. 23; (4) the questions of fact at issue are not common to the alleged class, but rather, are highly specific and will vary dramatically from person to person and entity to entity; and/or (5) class certification would violate Novartis' rights provided by the Fifth, Seventh and Fourteenth Amendments to the United States Constitution as well as by the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation, including but not limited to Novartis' right to procedural and substantive safeguards, which include traditional defenses to liability.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's antitrust claims against Novartis:  (1) are barred because they have not suffered any antitrust injury; (2) are barred in whole or in part for lack of standing; and/or (3) should be dismissed because the alleged conspiracy does not make economic sense and is economically implausible.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

The acts complained of in the AMCC are ancillary to legitimate, procompetitive activity.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Novartis' conduct was not intended to have, did not have and was not likely to have had any adverse effects on competition in any relevant market.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims against Novartis under Section 1 of the Sherman Act, 15 U.S.C. § 1, are barred to the extent recovery is based on indirect purchases of pharmaceutical products.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's antitrust claims against Novartis under the various state antitrust statutes are barred in whole or in part to the extent those statutes:  (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly interstate in nature.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's antitrust claims against Novartis under the various state unfair trade and competition statutes are barred in whole or in part to the extent those statutes: (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of

damages by indirect purchasers; and (2) do not govern conduct that is predominantly interstate in nature.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's antitrust claims against Novartis under the various state consumer protection and consumer fraud statutes are barred in whole or in part to the extent those statutes:  (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly interstate in nature.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's antitrust claims against Novartis under the various state unfair trade, unfair competition, consumer protection and consumer fraud statutes are barred to the extent:  (1) those claims represent an impermissible circumvention of the states' antitrust statutes; and (2) those statutes apply only to deceptive or misleading conduct and/or govern only consumer transactions.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Third party payor plaintiffs' and third party payor putative class members' claims against Novartis are barred, in whole or part, with respect to any alleged overcharge or supracompetitive price on the ground that third party payors passed on any effect of the alleged supracompetitive prices to their customers or employees in the form of higher premiums, co-pays or other charges.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims against Novartis are barred, in whole or in part, with respect to any alleged overcharge or supracompetitive price because such supracompetitive price, if any, was absorbed, in whole or part, by a person and/or entity which purchased the

medicine directly, and/or by an intermediate indirect purchaser, and was not passed through to the plaintiffs and putative class members.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims against Novartis are barred, in whole or in part, due to their failure to join indispensable parties.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims against Novartis are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the AMCC.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, because any injuries sustained by plaintiffs or the putative class were the result of intervening or superceding conduct of third parties.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims against Novartis for damages are barred, in whole or in part:  (1) because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Novartis; (2) because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the AMCC; (3) by the doctrine of consent and/or ratification to the extent that plaintiffs and/or putative class members have received and paid for products manufactured, marketed and sold by Novartis after the filing of plaintiffs' original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Novartis is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by plaintiffs and/or the putative class, with respect to the same alleged injuries.

## FIFTIETH AFFIRMATIVE DEFENSE

Any damages recovered by the plaintiffs and the putative class from Novartis must be limited by the applicable statutory ceilings on recoverable damages.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs and the putative class fail to allege facts or a cause of action against Novartis sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, plaintiffs' and the putative class's punitive damages claims against Novartis:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the AMCC are legally insufficient to support a claim for punitive damages against Novartis; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give Novartis prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Novartis' Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the constitutions of any applicable states; (4)  cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Novartis' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common laws and applicable states' laws; (5)  cannot be sustained because an award of punitive damages in this

case, combined with any prior, contemporaneous, or subsequent judgments against Novartis for

punitive damages arising from the design, development, manufacture, fabrication, distribution,

supply, marketing, sale, or use of Novartis' products would constitute impermissible multiple

punishments for the same wrong, in violation of Novartis' Due Process and Equal Protection

rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and

would constitute double jeopardy in violation of the constitutions, common laws, and statutory

laws of any applicable states; (6) cannot be sustained because any award of punitive damages

without the apportionment of the award separately and severally between or among the alleged

joint tortfeasors, as determined by the alleged percentage of the wrong committed by each

alleged tortfeasor, would violate Novartis' Due Process and Equal Protection rights guaranteed

by the Fifth and Fourteenth Amendments to the United States Constitution and would be

improper under the constitutions, common laws, and public policies of any applicable states; and

(7) cannot be sustained because any award of punitive damages, which are penal in nature,

without according Novartis the same protections that are accorded to all criminal defendants,

including the protection against unreasonable searches and seizures, the privilege against self-

incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective

assistance of counsel, would violate Novartis' rights guaranteed by the Fourth, Fifth, and Sixth

Amendment as incorporated into the Fourteenth Amendment to the United States Constitution

and would be improper under the constitutions, common laws, and public policies of any

applicable states.

## **FIFTY-THIRD AFFIRMATIVE DEFENSE**

To the extent punitive damages are sought, plaintiffs' and the putative class's claim for

punitive damages against Novartis cannot be sustained because an award of punitive damages by a

jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for

determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Novartis, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding plaintiffs' and the putative class's burden of proof with respect to each and every element of a claim for punitive damages, and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Novartis' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law and public policies of any applicable states' laws.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, plaintiffs' and the putative class's claim for punitive damages against Novartis cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate Novartis' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Novartis' right not to be subjected to an excessive award; and (3) be improper under the constitutions, common laws, and public policies of any applicable states.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Novartis adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

Novartis hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.  Novartis also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state other than California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and/or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims against Novartis for damages with regard to multiple-source products are inconsistent with the laws of mathematics and conflict with plaintiffs' and the putative class's liability theory.

WHEREFORE, defendant Novartis Pharmaceuticals Corporation demands that: (1) The

AMCC be in all respects dismissed as to it; (2) That it be awarded its costs of defending this

action, including its reasonable attorneys' fees; and (3) That it be awarded such other and further

relief as the Court may deem just and proper.

Dated: Boston, Massachusetts
       April 9, 2004

        Respectfully Submitted,

        /s/ Karen S. Green_____
        Karen S. Green (BBO # 209050)
        HALE AND DORR LLP
        60 State Street
        Boston, Massachusetts 02109
        (617) 526-6000
        karen.green@haledorr.com

        Jane W. Parver (admitted *pro hac vice*)
        Saul P. Morgenstern (admitted *pro hac vice*)
        Rachel H. Yarkon (admitted *pro hac vice*)
        KAYE SCHOLER LLP
        425 Park Avenue
        New York, New York 10022
        (212) 836-8000

        *Attorneys for Defendant*
          *Novartis Pharmaceuticals Corporation*