# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | ) | |
| | ) | |
| IN RE PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | Master File No. 01-CV-12257-PBS |
| _____ | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENTS RELATES | ) | |
| TO ALL ACTIONS | ) | |
| _____ | ) | |

## ANSWER OF TOGETHER RX LLC TO THE
## AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT

Together Rx LLC[1] ("Together") hereby responds to the Intervenors' Amended Master Consolidated Class Action Complaint ("AMCC") in corresponding numbered paragraphs as follows:

## I.

1.      Paragraph 1 of the AMCC states legal conclusions to which no response is required.  To the extent a response is deemed required, Together denies the allegations contained in Paragraph 1.

2-5.      Together denies all allegations contained in Paragraphs 2-5 of the AMCC directed at Together. Together further states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 2-5 of the AMCC and therefore denies them.

---

[1] The member companies of Together Rx LLC are Abbott Laboratories; AstraZeneca Pharmaceuticals LP; Aventis Pharmaceuticals Inc.; Bristol-Myers Squibb Company; SmithKline Beecham Corporation d/b/a GlaxoSmithKline; Johnson & Johnson Healthcare Systems Inc.; and Novartis Pharmaceuticals Corporation.  The AMCC alleges that TAP Pharmaceutical Products, Inc. is a member of Together, but that allegation is denied.

6.      The second sentence of Paragraph 6 of the AMCC states a legal conclusion to which no response is required. To the extent a response is deemed required, Together denies the allegations. Together denies all allegations of fact contained in Paragraph 6 of the AMCC directed at Together. Together further states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the AMCC and therefore denies them.

7.      Together denies all allegations contained in Paragraph 7 of the AMCC directed at Together.  Together states that its lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the AMCC and therefore denies them.

8.      Together admits that it started a single-card discount drug program in 2002, offering elderly poor Americans substantial discounts on approximately 155 brand name and generic drugs. Together denies all remaining allegations contained in Paragraph 8 of the AMCC.

9-10.      Together denies the allegations contained in Paragraphs 9-10 of the AMCC.

11.      Paragraph 11 makes no allegation against Together, but purports to characterize the AMCC.  Accordingly no response is required.  To the extent a response is deemed required, Together denies the allegations contained in Paragraph 11 of the AMCC.

12-18.      Paragraphs 12-18 of the AMCC state legal conclusions to which no response is required.  To the extent a response is deemed required, Together denies the allegations contained in Paragraphs 12-18 of the AMCC.

19.      The first sentence of Paragraph 19 of the AMCC states legal conclusions to which no response is required.  To the extent a response is deemed required, Together denies the allegations along with all remaining allegations contained in Paragraph 19 of the AMCC.

20-21.      Paragraphs 20-21 of the AMCC state legal conclusions to which no response is required.  To the extent a response is deemed required, Together denies the allegations contained in Paragraphs 20-21 of the AMCC.

## II.

22-24.    Paragraphs 22-24 of the AMCC state legal conclusions to which no response is required.  To the extent a response is deemed required, Together denies the allegations contained in Paragraphs 22-24 of the AMCC.

25.    Together admits the allegations contained in Paragraph 25 of the AMCC.

## III.

**Plaintiffs**

26-36.    Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 26-36, 36(a) and 36(b) of the AMCC and therefore denies the same.  Together denies all allegations contained in Paragraph 36(c) of the AMCC directed at Together.  Together lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations contained in Paragraph 36(c) of the AMCC and therefore denies them.

**Defendants**

37-38.    Together denies all allegations contained in Paragraphs 37-38 of the AMCC directed at Together.  Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 37-38 of the AMCC and therefore denies them.

### *Abbott*

39.    Together admits that Abbott Laboratories is an Illinois corporation with its principal place of business at 100 Abbott Park Road, Abbott Park, Illinois.  Together further admits that among Abbott Laboratories' diverse operations it discovers, develops, manufactures, and markets health care products and pharmaceuticals.  Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the AMCC and therefore denies them.

40.      Together admits that Abbott Laboratories, among other things, manufactures prescription medications for clinical distribution by Medicare Part B providers.  Together denies the remaining allegations in Paragraph 40 of the AMCC.

41.      Together admits that Abbott Laboratories is a member company of Together and that plaintiffs have sued Abbott Laboratories.  To the extent Paragraph 41 of the AMCC contains any other allegations, they are denied.

### ***Amgen***

42-43.   Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 42-43 of the AMCC and therefore denies them.

### ***AstraZeneca***

44.      Together admits that Zeneca Inc. is a Delaware corporation with its principal place of business located at 1800 Concord Pike, Wilmington, Delaware, and further admits that Zeneca Inc. is an indirect subsidiary of AstraZeneca PLC, a public limited liability company organized under the laws of England and Wales.  Together denies the remaining allegations contained in Paragraph 44 of the AMCC.

45.      Together denies the allegations in Paragraph 45 of the AMCC.

46.      Together admits that AstraZeneca Pharmaceuticals LP is a Delaware corporation, with its principal place of business located at 1800 Concord Pike, Wilmington, Delaware, and further admits that AstraZeneca Pharmaceuticals LP is an indirect subsidiary of AstraZeneca PLC, a public limited liability company organized under the laws of England and Wales. Together denies the remaining allegations contained in Paragraph 46 of the AMCC.

47.      Together denies the allegations in Paragraph 47 of the AMCC, except admits that plaintiffs purport to refer collectively to the entities listed as "AstraZeneca."

48.      Together admits that AstraZeneca Pharmaceuticals LP maintains research and development and manufacturing facilities in the United States.  Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of the AMCC and therefore denies them.

49.     Together admits that AstraZeneca Pharmaceuticals LP markets Zoladex and Diprivan, which may, under certain circumstances, be reimbursable under Medicare Part B.

50.     Together admits that AstraZeneca Pharmaceuticals LP is a member company of Together and that plaintiffs have sued AstraZeneca Pharmaceuticals LP.  To the extent Paragraph 50 of the AMCC contains any other allegations, they are denied.

### *Aventis*

51.     Together admits that Aventis Pharmaceuticals Inc. ("Aventis") is a Delaware corporation with its principal place of business located at 300-400 Somerset Corporate Boulevard, Bridgewater, New Jersey.  Together admits that Aventis is an indirect wholly-owned subsidiary of Aventis, S.A., a company domiciled in France.  Together admits that Aventis is the successor in interest to substantially all of the assets and liabilities of Hoechst Marion Roussel, Inc. ("Hoechst"), which was a Delaware corporation with its principal place of business located at 10236 Marion Park Drive, Kansas City, Missouri.  Together denies the remaining allegations in Paragraph 51 of the AMCC.

52.     Together admits that Aventis' principal business activities are the discovery, development, manufacture and sale of prescription medicines in the area of cardiology, oncology, infectious diseases, arthritis, allergies and respiratory disorders, diabetes and central nervous system disorders.  Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 of the AMCC, and therefore denies the same.

53.     Together denies that Centeon L.L.C. was a 50/50 joint venture between Hoechst and Rhone-Poulenc Rorer, S.A.  Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 of the AMCC and therefore denies them.

54.     Together denies that Behring is the plasma protein business of Aventis.  Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the AMCC and therefore denies them.

55.     Together admits that Aventis manufactures Anzemet and Taxotere, which are covered by Medicare Part B.  Together admits that Hoechst manufactured Anzemet, which is covered by Medicare Part B.  Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55 of the AMCC and therefore denies them.

56.     Together admits that that Aventis Pharmaceuticals Inc. is a member company of Together and that plaintiffs have sued Aventis Pharmaceuticals Inc.  To the extent Paragraph 56 of the AMCC contains any other allegations, they are denied.

### *Baxter*

57-60.   Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 57-60 of the AMCC and therefore denies the same.

### *Bayer*

61-63.   Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 61-63 of the AMCC and therefore denies the same.

### *The Boehringer Group*

64-67.   Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 64-67 of the AMCC and therefore denies the same.

### *Braun*

68-70.   Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 68-70 of the AMCC and therefore denies the same.

### *The BMS Group*

71.    Together admits that Bristol-Myers Squibb Company ("Bristol-Myers") is a Delaware corporation with its principal place of business located at 345 Park Avenue, New York, New York.  Together admits that Bristol-Myers has offices, facilities and businesses both inside and outside the United States and that it is involved in the manufacturing, marketing and sale of pharmaceuticals and health care products.  Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 71 of the AMCC and therefore denies the same.

72.    Together admits that Oncology Therapeutics Network Corporation ("OTN") is a Delaware corporation with its principal place of business located at 395 Oyster Point Boulevard, Suite 405, South San Francisco, California.  Together admits OTN has been a wholly-owned subsidiary of Bristol-Myers since 1996.  Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 72 of the AMCC and therefore denies the same.

73.    Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the AMCC and therefore denies the same.

74.    Together admits that Apothecon is a Delaware corporation and that it is a subsidiary of Bristol-Myers.  Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 74 of the AMCC and therefore denies the same.

75.    Paragraph 75 states a conclusion to which no response is required.  To the extent a response is required, Together denies the allegations in Paragraph 75 of the AMCC.

76.    Together admits that Bristol-Myers manufactures or formerly manufactured Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, Taxol® and Fungizone®, which are covered by Medicare Part B; Together admits that OTN distributes or formerly distributed these drugs; and Together admits that Apothecon formerly manufactured and distributed Fungizone®.

77.     Together admits that that Bristol-Myers is a member company of Together and that plaintiffs have sued Bristol-Myers. To the extent Paragraph 77 of the AMCC contains any other allegations, they are denied.

78.     Together denies the allegations contained in Paragraph 78 of the AMCC.

### *Dey, Inc.*

79-83.   Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 79-83 of the AMCC and therefore denies the same.

### *The Fujisawa Group*

84-86.   Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 84-86 of the AMCC and therefore denies the same.

### *The GSK Group*

87.     Together admits that GlaxoSmithKline plc is an English holding company headquartered in Middlesex, England, and that it acquired the stock of SmithKline Beecham plc and Glaxo Wellcome plc in December 2000.   Together denies the remaining allegations contained in Paragraph 87 of the AMCC.

88.     Together admits the allegations contained in Paragraph 88 of the AMCC.

89.     Together denies the allegations contained in Paragraph 89 of the AMCC. Together states that Glaxo Wellcome, Inc. was merged into SmithKline Beecham Corporation in March 2001 and no longer exists as a corporation.

90.     Together admits that plaintiffs refer to GlaxoSmithKline plc, SmithKline Beecham Corporation, and Glaxo Wellcome, Inc. as "GSK Group" in the AMCC.   Together denies the remaining allegations contained in Paragraph 90 of the AMCC.

91.     Together admits that SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") is a pharmaceutical company.  Together denies the remaining allegations of Paragraph 91 of the AMCC.

92.     Together admits that GSK manufactured and sold Hycamtin, Ventolin, Zofran, and Navelbine.  Together further admits that GSK manufactured and sold Kytril until December 22, 2000 when Kytril was sold to Hoffman-LaRoche, Inc.  Together further admits that Kytril and Zofran, although not therapeutically equivalent products as that term is used by the FDA, were and are competing antiemetics.  Together further admits that certain formulations of Hycamtin, Zofran, Navelbine, Ventolin, and Kytril were covered by Medicare Part B under certain circumstances.  Together denies the remaining allegations contained in Paragraph 92 of the AMCC.

93.     Together admits that GSK is a member company of Together and that plaintiffs have sued SmithKline Beecham Corporation.  To the extent Paragraph 93 of the AMCC contains any other allegations, they are denied.

### *Hoffman-LaRoche, Inc.*

94-96.     Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 94-96 of the AMCC and therefore denies the same.

### *Immunex*

97-99.     Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 97-99 of the AMCC and therefore denies the same.

### *The Johnson & Johnson Group*

100.     Together admits that Johnson & Johnson ("J&J") is a New Jersey corporation with its principal place of business located at One Johnson & Johnson Plaza, New Brunswick, New Jersey. .  Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 100 of the AMCC and therefore denies the same.

101.     Together admits that Centocor, Inc. ("Centocor") is a Pennsylvania corporation and has been a wholly owned subsidiary of J&J since its acquisition by J&J in October 1999.  Together admits that Centocor's principal place of business is located at 200 Great Valley

Parkway, Malvern, Pennsylvania.  Together admits that Centocor manufactures, markets and distributes prescription pharmaceuticals.  Together denies the remaining allegations in Paragraph 101 of the AMCC.

102.   Together admits that Janssen Pharmaceutica Products, L.P. ("Janssen") is a New Jersey limited partnership and that its principal place of business is located at 1125 Trenton-Harbouton Road, Titusville, New Jersey 08560. Together admits that Janssen is a subsidiary of J&J.  Together admits that plaintiffs purport to bring this action against Janssen as described in Paragraphs 542-618 and 692-725 of the AMCC.  Together denies the remaining allegations contained in Paragraph 102 of the AMCC.

103.   Together admits that McNeil-PPC, Inc. (McNeil-PPC") is a New Jersey corporation.  Together admits that McNeil-PPC is an indirect (not direct) subsidiary of J&J. Together admits that Plaintiffs purport to bring this action against McNeil-PPC as described in Paragraphs 542-618 and 692-725 of the AMCC.  Together denies the remaining allegations in Paragraph 103 of the AMCC.

104.   Together admits that Ortho Biotech has been a wholly owned subsidiary of J&J since its formation by J&J in 1990.  Together admits that Ortho Biotech manufactures and distributes prescription pharmaceuticals.  Together denies the remaining allegations in Paragraph 104 of the AMCC.

105.   Together admits that Centocor sells ReoPro (abciximab), an anti-blood clotting medication, Retavase (reteplase), an anti blood clotting agent, and Remicade (infliximab), an anti-inflammatory drug, which are covered by Medicare Part B.  Together admits that Ortho Biotech sells Procrit (epoetin alfa), a drug indicated for the treatment of anemia, Leustatin (cladribine), a drug indicated for the treatment of leukemia, and Sporanox (itraconazole), a drug indicated for the treatment of fungal infections, which are covered by Medicare Part B.  Together denies the remaining allegations in Paragraph 105 of the AMCC.

106.    Together states that Johnson & Johnson Healthcare Systems Inc. is a member company of Together Rx.  Together admits that J&J, Jansssen, and McNeil-PPC are sued as

members of Together.  Together denies the remaining allegations contained in Paragraph 106 of the AMCC.

### *Novartis*

107.     Together admits Novartis has its principal place of business at One Health Plaza, East Hanover, New Jersey and that it is a U.S. affiliate of Novartis AG, which is incorporated in Switzerland and which reported a net income of $4.2 billion on sales of $19.1 billion in 2001.  Together denies the remaining allegations contained in Paragraph 107 of the AMCC.

108.     Together admits that, over the course of the Together Rx program, the drugs manufactured or distributed by Novartis and covered by the Together Card program have included Clozaril, CombiPatch, Comtan, Diovan, Diovan HCT, Elidel, Estraderm, Exelon, Famvir, Femara, Focalin, Lamisil, Lescol/Lescol XL, Lotensin, Lotensin HCT, Miacalcin Injection & Nasal Spray, Parlodel, Ritalin Hydrochloride, Ritalin LA, Starlix, Tegretol, Tegretol-XR, Trileptal, Vivelle/Vivelle Dot and Zelnorm.  Together denies the remaining allegations contained in Paragraph 108 of the AMCC.

### *Pfizer, Inc.*

109-111. Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 109-111 of the AMCC and therefore denies the same.

### *The Pharmacia Group*

112-115. Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 112-115 of the AMCC and therefore denies the same.

### *The Schering-Plough Group*

116-119. Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 116-119 of the AMCC and therefore denies the same.

### *The Sicor Group*

120-124. Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 120-124 of the AMCC and therefore denies the same.

### *TAP*

125-127. Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 125-127 of the AMCC and therefore denies the same.

128.     Together denies that TAP Pharmaceutical Products, Inc. is a member company of Together.  Together states that the remaining allegations contained in Paragraph 128 of the AMCC state legal conclusions to which no response is required.  To the extent a response is deemed required Together denies all remaining allegations contained in Paragraph 128 of the AMCC.

### *Watson*

129-130. Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 129-130 of the AMCC and therefore denies the same.

### *Together Rx*

131.     Together admits that it is a Delaware limited liability company and that its member companies are Abbott Laboratories; AstraZeneca Pharmaceuticals LP; Aventis Pharmaceuticals Inc.; Bristol-Myers Squibb Company; SmithKline Beecham Corporation d/b/a GlaxoSmithKline; Johnson & Johnson Healthcare Systems Inc.; and Novartis Pharmaceuticals Corporation. Together denies the remaining allegations contained in Paragraph 131 of the AMCC.

### **IV.**

132.     Paragraph 132 simply characterizes the AMCC, accordingly no response is required.  To the extent a response is deemed required, Together denies the allegations contained in Paragraph 132 of the AMCC which are meant to apply to it.

133-134. Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 133-134 of the AMCC and therefore denies the same.

135.     Together admits that several compendia purport to publish AWPs.  Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 135 of the AMCC and therefore denies the same.

136-141. Together denies all allegations contained in Paragraphs 136-141 of the AMCC directed at Together.  Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 136-141 of the AMCC and therefore denies them.

142-145. Paragraphs 142-145 of the AMCC state legal conclusions to which no response is required.  To the extent a response is deemed required, Together states that the relevant statutes and regulations are the best evidence of their contents.  Together denies the remaining allegations contained in Paragraphs 142-145 of the AMCC.

146.     Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the AMCC and therefore denies the same.

147.     Paragraph 147 of the AMCC states legal conclusions to which no response is required.  To the extent a response is deemed required, Together states that the relevant regulation is the best evidence of its contents.  Together denies the remaining allegations contained in Paragraph 147 of the AMCC.

148-149. Paragraphs 148-149 of the AMCC states legal conclusions to which no response is required.  To the extent a response is required, Together states that Program Memorandum AB-99-63 is the best evidence of its contents.  Together denies the remaining allegations contained in Paragraphs 148-149 of the AMCC.

150.     Paragraph 150 of the AMCC states legal conclusions to which no response is required.  To the extent a response is deemed required, Together states that the relevant statutes and regulations are the best evidence of their contents. Together denies the remaining allegations contained in Paragraph 150 of the AMCC.

151.     Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the AMCC and therefore denies the same.

152.     Together denies that "the pharmaceutical industry" generates AWPs.  Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 152 of the AMCC and therefore denies the same.

153-154. Together states that the April 2003 report by the Office of the Inspector General is the best evidence of its contents.  Together denies all allegations contained in Paragraphs 153-154 of the AMCC directed at Together.  Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 153-154 of the AMCC and therefore denies them.

155.     Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 of the AMCC and therefore denies the same.

156-157. Together states that the September 28, 2000 letter sent from the House of Representatives Committee on Ways and Means, Subcommittee on Health, to the president of Pharmaceutical Research and Manufacturers of America is the best evidence of its contents.  Together denies all allegations contained in Paragraphs 156-157 of the AMCC directed at Together. Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 156-157 of the AMCC and therefore denies them.

158-190. The allegations in Paragraphs 158-190 do not apply to Together, and therefore no response is required.  To the extent a response is deemed required, Together denies the allegations contained in Paragraphs 158-190 and therefore denies them.

191.     Together denies all allegations contained in Paragraph 191 of the AMCC directed at Together. Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 191 of the AMCC and therefore denies them.

192.     Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the AMCC and therefore denies them.

193-196. Together denies all allegations contained in Paragraphs 193-196 of the AMCC directed at Together. Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 193-196 of the AMCC and therefore denies them.

197. Together denies the allegations contained in Paragraph 197 of the AMCC.

198-199. Paragraphs 198-199 of the AMCC state legal conclusions to which no response is required. To the extent a response is deemed required, Together denies the allegations contained in Paragraphs 198-199 of the AMCC.

## V.

200. Together denies all allegations contained in Paragraph 200 of the AMCC directed at Together. Together further states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 200 of the AMCC and therefore denies them.

201-540. The allegations in Paragraphs 201-540 do not apply to Together, and therefore no response is required. To the extent a response is deemed required, Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 201-540 and therefore denies them.

## VI.

541. Together denies all allegations contained in Paragraph 541 of the AMCC directed at Together. Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 541 of the AMCC and therefore denies them.

## VII.

542. Together denies the allegations contained in Paragraph 542 of the AMCC.

543. Together admits that its member companies are Abbott Laboratories; AstraZeneca Pharmaceuticals LP; Aventis Pharmaceuticals Inc.; Bristol-Myers Squibb

Company; SmithKline Beecham Corporation d/b/a GlaxoSmithKline; Johnson & Johnson Healthcare Systems Inc.; and Novartis Pharmaceuticals Corporation. Together denies the remaining allegations contained in Paragraph 543 of the AMCC.

544.     Together admits that the Together Rx program provides access to savings on more than 150 widely prescribed medicines to elderly, low-income consumers who lack prescription drug insurance. Together denies the remaining allegations contained in Paragraph 544 of the AMCC.

545.     Together denies the allegations contained in Paragraph 545 of the AMCC.

546.     Together admits that it is a Delaware limited liability company. Together denies the remaining allegations contained in Paragraph 546 of the AMCC.

547.     Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 547 of the AMCC and therefore denies them.

548.     Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 548 of the AMCC and therefore denies them. Together admits the remaining allegations contained in Paragraph 548 of the AMCC.

549.     Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 549 of the AMCC and therefore denies them.

550.     Together admits that discount card programs were created, but denies all remaining allegations contained in Paragraph 550 of the AMCC.

551-555.  The allegations in Paragraphs 551-555 do not apply to Together, and therefore no response is required. To the extent a response is deemed required, Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 551-555 and therefore denies them.

556.     Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 556 of the AMCC and therefore denies the same.

557-560.  The allegations in Paragraphs 557-560 do not apply to Together, and therefore no response is required. To the extent a response is deemed required, Together lacks knowledge

or information sufficient to form a belief as to the truth of all remaining allegations contained in Paragraphs 557-560 and therefore denies them.

561.    Together states that the Novartis company website is the best evidence of its content. Together denies the remaining allegations contained in Paragraph 561 of the AMCC.

562.    Together states the April 10, 2002 press release regarding the launch of the Together program is the best evidence of its content. Together denies the remaining allegations contained in Paragraph 562 of the AMCC.

563.    Together states that the Bristol-Myers company website is the best evidence of its content.    Together denies the remaining allegations contained in Paragraph 563 of the AMCC.

564.    Together admits that it has communicated with pharmaceutical manufactures concerning the possibility of joining the Together Rx Program.  Together states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 564 of the AMCC and therefore denies them.

565.    Together admits that TAP is not a founding member of Together and denies that TAP is a member company of Together. Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 565 of the AMCC and therefore denies them.

566.    Together admits that the Together Rx program was in effect as of June 2002. Together admits that it provides savings to eligible low-income seniors on over 150 medicines, including drugs used to treat diabetes, hypertension, high cholesterol, cancer, allergy, asthma, arthritis and depression, which are among the most common conditions affecting older Americans. Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 566 of the AMCC and therefore denies them.

567.    Together admits that its card holders save on medicines, which have included at one time or another all or substantially all of the medicines listed in Paragraph 567 of the AMCC.  Together denies the remaining allegations contained in Paragraph 567 of the AMCC.

568.    With the exception of Prevacid® and Prevpac®, Together admits that Abbott Laboratories manufactures the drugs listed in Paragraph 568 of the AMCC and that such drugs are covered by the Together Rx Card Program.   Together denies that Abbott Laboratories manufactures Prevacid® or Prevpac®, but admits that Prevacid® and Prevpac® is covered by the Together Rx Card Program.  Together denies the remaining allegations contained in Paragraph 568 of the AMCC.

569.    Together admits that discounts on several of Astra Zeneca Pharmaceuticals LP's drugs are available through the Together Rx program including Accolate, Arimidex, Atacand, Atacand HCT, Casodex, Elma Anesthetic Disc, Elma Cream, Nexium, Nolvadex, Plendil, Pulmicort Turbuhaler, Rhinocort Aqua, Toprol and Zomig.   Together denies the remaining allegations contained in Paragraph 569 of the AMCC.

570.    Together admits that the medicines identified in Paragraph 570 of the AMCC are or have been manufactured by Aventis and are or have been included in the Together Rx Card Program.  Together denies the remaining allegations contained in Paragraph 570 of the AMCC.

571.    Together admits that the medicines identified in Paragraph 571 of the AMCC are or have been manufactured by Bristol-Myers, or its subsidiaries, and are or have been included in the Together Rx Card Program.

572.    Together admits that, with the exception of Urispas and Zofian, the medicines identified in Paragraph 572 of the AMCC are or have been manufactured by GSK and are or have been covered by the Together Rx Card Program.  Together further admits that Zofran, which is not listed in Paragraph 572, is also covered by the Together Rx Card Program. Together denies the remaining allegations contained in Paragraph 572 of the AMCC.

573.    Together admits that the drugs listed in Paragraph 573 of the AMCC are distributed through the Together program.  Together denies the remaining allegations contained in Paragraph 573 of the AMCC.

574.    Together admits that, over the course of the Together Rx program, the drugs manufactured or distributed by Novartis and covered by the Together Card program have

included Clozaril, CombiPatch, Comtan, Diovan, Diovan HCT, Elidel, Estraderm, Exelon, Famvir, Femara, Focalin, Lamisil, Lescol/Lescol XL, Lotensin, Lotensin HCT, Miacalcin Injection & Nasal Spray, Parlodel, Ritalin Hydrochloride, Ritalin LA, Starlix, Tegretol, Tegretol-XR, Trileptal, Vivelle/Vivelle-Dot, and Zelnorm.   Together denies the remaining allegations contained in Paragraph 574 of the AMCC.

575.     Together denies the allegations contained in Paragraph 575 of the AMCC.

576-577. Together states that the quoted press releases  are the best evidence of their content. Together denies the remaining allegations contained in Paragraphs 576-577 of the AMCC.

578.     Together states that the Together website is the best evidence of its content. Together denies the remaining allegations contained in Paragraph 578.

579.     Together states that the press release and Together website are the best evidence of their content.  Together denies the allegations contained in Paragraph 579 of the AMCC.

580.     Together states that the quoted press releases  are the best evidence of their content. Together denies the remaining allegations contained in Paragraph 580 of the AMCC.

581-582. Together states that the Together website is the best evidence of its content. Together denies the remaining allegations contained in Paragraphs 581-582 of the AMCC.

583.     Together admits the allegations contained in Paragraph 583 of the AMCC.

584.     Together admits that its  card holders save money, but denies the remaining allegations contained in Paragraph 584 of the AMCC.

585.     Together denies the allegations contained in Paragraph 585 of the AMCC.

586-594. Together denies the allegations contained in Paragraphs 586-594 of the AMCC.

## VIII.

595-602. The allegations in Paragraphs 595-602 do not apply to Together, and therefore no response is required.  To the extent a response is deemed required, Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 595-602 and therefore denies them.

603.     Together denies all allegations contained in Paragraph 603 of the AMCC directed at Together. Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 603 of the AMCC and therefore denies them.

### IX.

604-614. Paragraphs 604-614 purports to characterize the AMCC, accordingly no response is required.  To the extent a response is deemed required Together denies that any class is approved and denies the remaining allegations contained in Paragraphs 604-614 of the AMCC.

615.     Together denies the allegations contained in the first sentence of Paragraph 615 of the AMCC. Together lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 615 of the AMCC and therefore denies them.

616-618. Together denies the allegations contained in Paragraphs 616-618 of the AMCC.

### COUNT I.

619-646. The allegations in Paragraphs 619-646 do not apply to Together, and therefore no response is required.  To the extent a response is deemed required, Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 619-646 and therefore denies them.

### COUNT II.

647-679. The allegations in Paragraphs 647-679 do not apply to Together, and therefore no response is required.  To the extent a response is deemed required, Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 647-679 and therefore denies them.

### COUNT III.

680-683. The allegations in Paragraphs 680-683 do not apply to Together, and therefore no response is required.  To the extent a response is deemed required, Together lacks knowledge

or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 680-683 and therefore denies them.

## COUNT IV.

684-691. The allegations in Paragraphs 684-691 do not apply to Together, and therefore no response is required.  To the extent a response is deemed required, Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 684-691 and therefore denies them.

## COUNT V.

692.     Together repeats and incorporates by reference its responses to Paragraphs 1-691 above.

693-694. Together denies the allegations contained in Paragraphs 693-694 of the AMCC.

695.     Paragraph 695 of the AMCC states legal conclusions to which no response is required.  To the extent a response is deemed required, Together denies the allegations contained in Paragraph 695

696-698. Together denies the allegations contained in Paragraphs 696-698 of the AMCC.

## COUNT VI.

699.     Together repeats and incorporates by reference its responses to Paragraphs 1-698 above.

700-704. Together denies the allegations contained in Paragraphs 700-704 of the AMCC.

## COUNT VII.

705.     Together repeats and incorporates by reference its responses to Paragraphs 1-704 above.  Together denies the allegations contained in Paragraph 705 of the AMCC.

706-708. Together denies the allegations contained in Paragraphs 706-708 of the AMCC.

## COUNT VIII.

709.     Together repeats and incorporates by reference its responses to Paragraphs 1-708 above.

710-711. Paragraphs 710-711 of the AMCC state legal conclusions to which no response is required.  To the extent a response is deemed required, Together denies the allegations contained in Paragraphs 710-711.

712.     Together admits that its member companies are Abbott Laboratories; AstraZeneca Pharmaceuticals LP; Aventis Pharmaceuticals Inc.; Bristol-Myers Squibb Company; SmithKline Beecham Corporation d/b/a GlaxoSmithKline; Johnson & Johnson Healthcare Systems Inc.; and Novartis Pharmaceuticals Corporation. Together denies the remaining allegations contained in Paragraph 712 of the AMCC.

713-725. Together denies the allegations contained in Paragraphs 713-725 of the AMCC.

## COUNT IX.

726-733. The allegations in Paragraphs 726-733 do not apply to Together, and therefore no response is required.  To the extent a response is deemed required, Together lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 726-733 and therefore denies them.

## COUNT X.

734.     Together repeats and incorporates by reference its responses to Paragraphs 1-733 above.

735.     Paragraph 735 of the AMCC states legal conclusions to which no response is required.  To the extent a response is deemed required, Together denies the allegations contained in Paragraph 735.

736-741. Together denies the allegations contained in Paragraphs 736-741 of the AMCC.

## DEFENSES

### First Separate Defense

Plaintiffs are barred from any recovery because they suffered no harm resulting from the conduct alleged.

### Second Separate Defense

Plaintiffs are barred from any recovery because they suffered no antitrust injuries.

### Third Separate Defense

Plaintiffs are barred from any recovery because they are too remote for the alleged antitrust violation.

### Fourth Separate Defense

Plaintiff are barred from any recovery because they are not direct purchasers and their claims are barred by *Illinois Brick v. Illinois*, 431 U.S. 720, 729 (1977).

### Fifth Separate Defense

Plaintiffs are barred from any recovery because any alleged injuries were not proximately caused by conduct of Together.

### Sixth Separate Defense

Plaintiffs are barred from any recovery because any alleged injuries were caused by the conduct of third parties, for which Together may not be held responsible.

### Seventh Separate Defense

Plaintiffs are barred from any recovery because Together member companies did not agree with each other; all member companies acted independently and thus there was no agreement.

### Eighth Separate Defense

Plaintiffs are barred from any recovery because Together did not knowingly and intentionally enter into or participate in a contract, combination or conspiracy to retrain trade.

WHEREFORE, Together Rx LLC prays that this Court:

1. Dismiss the Amended Master Consolidated Class Action Complaint with prejudice and enter judgment in favor of Together Rx LLC and against plaintiffs;

2. Award Together Rx LLC its costs and expenses; and

3. Grant such other and further relief for Together Rx LLC as this Court deems just and proper.

Respectfully Submitted,

   /s/ Mary B. Murrane
Joseph L. Kociubes, BBO # 276360
Charles L. Solomont, BBO # 557190
Mary B. Murrane, BBO # 644448
Bingham McCutchen LLP
150 Federal Street
Boston, MA  02110
(617) 951-8000

April 9, 2004

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 9, 2004, a true and correct copy of the foregoing document was served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

  /s/ Mary B. Murrane

Mary B. Murrane
