UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
———————————————————— x
                                              :
In Re:  PHARMACEUTICAL INDUSTRY               : MDL NO. 1456
AVERAGE WHOLESALE PRICE                       :
LITIGATION                                    : Master File No. 01-CV-12257-PBS
                                              :
THIS DOCUMENT RELATES TO:                     : Judge Patti B. Saris
(All Class Actions)                           :
                                              :
———————————————————— x

## ANSWER AND DEFENSES OF DEFENDANT ASTRAZENECA PHARMACEUTICALS LP TO THE INTERVENORS' AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT

Defendant AstraZeneca Pharmaceuticals LP[1] ("AstraZeneca"), through its undersigned counsel, answers the Intervenors' Amended Master Consolidated Class Action Complaint (the "AMCC") served via Verilaw on January 22, 2004 in the above-captioned action as follows:

### I. INTRODUCTION

1.      Admits that Plaintiffs purport to bring this case as a class action as alleged in paragraph 1, but denies that there exists any basis in fact or law for the institution or maintenance of this action against AstraZeneca.

2.      Denies the allegations in paragraph 2 to the extent that they are directed at AstraZeneca, and specifically denies the existence of, and participation in, any "conspiracy" as alleged in paragraph 2, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 as to the other parties.

---

[1] Zeneca Inc., although named as a defendant, has never been served with any complaint.  The entity listed as AstraZeneca US does not exist.  Although AstraZeneca PLC is referenced in the AMCC, it is not named as a defendant.

1

3.      Admits that AstraZeneca manufactures certain drugs that are covered under Medicare Part B, and that Congress has mandated that Medicare Part B reimbursements be based, in part, on AWP.  AstraZeneca otherwise denies the allegations in paragraph 3 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 as to the other parties.

4.      Denies the allegations in paragraph 4 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 as to the other parties, except admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP, and further admits that drugs reimbursed under Medicare Part B generally, but not always, require administration in a healthcare provider's office.

5.      Denies the allegations in paragraph 5 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "AWP scheme" as alleged in paragraph 5, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 as to the other parties.

6.      Denies the allegations in paragraph 6 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 as to the other parties, except admits that Plaintiffs purport to bring this case as a class action, but denies that there exists any basis in fact or law for the institution or maintenance of this action.

7.      Denies the allegations in paragraph 7 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "high profit scheme"

2

as alleged in paragraph 7, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 as to the other parties.

8.        States that paragraph 8 consists of conclusions of law to which no response is required, and otherwise denies the allegations in paragraph 8 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "scheme" as alleged in paragraph 7, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 as to the other parties, except admits that AstraZeneca Pharmaceuticals LP is a member of Together Rx LLC, a drug program that was commenced in 2002 which allows elderly, low-income consumers who lack prescription drug insurance to enjoy savings on more than 170 widely prescribed medicines.

9-10.        Denies the allegations in paragraphs 9-10 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "conspiracy" as alleged in paragraphs 9-10, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 9-10 as to the other parties.

11.        Denies the allegations in paragraph 11 to the extent that they are directed at AstraZeneca, except admits that Appendix A purports to be a list of the drugs that Plaintiffs allege are subject to their asserted claims, and further admits that Appendix B purports to be a list of drugs allegedly purchased by the Plaintiffs.

12.        The Court dismissed Count I in its Order dated February 24, 2004, and as such, AstraZeneca does not respond to paragraph 12.  To the extent a response is required, AstraZeneca denies the allegations in paragraph 12.

13-21.     States that paragraphs 13-21 consist of conclusions of law to which no response is required, otherwise denies the allegations in paragraphs 13-21 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "scheme," "enterprise" or "conspiracy" as alleged in paragraphs 13-21, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 13-21 as to the other parties.

## II.  JURISDICTION AND VENUE

22.     Denies that AstraZeneca has violated the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961-68, as alleged in paragraph 22, denies that there exists any basis in fact or law for the institution or maintenance of this action against AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 as to the other parties.  In addition, to the extent that paragraph 22 contains conclusions of law, AstraZeneca states that no response is required.

23.     Denies that AstraZeneca has violated any state law claims as alleged in paragraph 23, and denies that there exists any basis in fact or law for the institution or maintenance of this action against AstraZeneca.  In addition, to the extent that paragraph 23 contains conclusions of law, AstraZeneca states that no response is required.

24.     Denies the allegations in paragraph 24 to the extent that they are directed at AstraZeneca, except admits that Plaintiffs allege that venue is proper in this judicial district. Denies that there exists any basis in fact or law for the institution or maintenance of this action

4

against AstraZeneca.  In addition, to the extent that paragraph 24 contains conclusions of law, AstraZeneca states that no response is required.

25.     Admits the allegations in paragraph 25.

### III. PARTIES

**A. Plaintiffs**

26-31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 26-31.

32-36.     Admits that Plaintiffs VPIRG, WCA, StateWide, CANY and CCJ purport to bring this action as alleged in paragraphs 32-36, but AstraZeneca denies that these Plaintiffs have standing to bring the alleged action.  AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 32-36.

36a-36c.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 36a-36c.

**B. Defendants**

37-38.     Denies the allegations in paragraphs 37-38 to the extent they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 37-38 as to the other parties and entities.  AstraZeneca denies the existence of, and participation in, any "conspiracy" as alleged in paragraph 38.

### 1. Abbott

39-41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 39-41.

### 2. Amgen

42-43.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 42-43.

### 3. AstraZeneca

44.    Denies the allegations in paragraph 44, except admits that Zeneca Inc. is a Delaware corporation with its principal place of business located at 1800 Concord Pike, Wilmington, Delaware, and further admits that Zeneca Inc. is an indirect subsidiary of AstraZeneca PLC, a public limited liability company organized under the laws of England and Wales.

45.    Denies the allegations in paragraph 45.

46.    Denies the allegations in paragraph 46, except admits that AstraZeneca Pharmaceuticals LP is a Delaware corporation, with its principal place of business located at 1800 Concord Pike, Wilmington, Delaware, and further admits that AstraZeneca Pharmaceuticals LP is an indirect subsidiary of AstraZeneca PLC, a public limited liability company organized under the laws of England and Wales.

47.    Denies the allegation in paragraph 47, except admits that Plaintiffs purport to refer collectively to the entities listed as "AstraZeneca."

48.     Denies the allegations in paragraph 48, except admits that AstraZeneca maintains research and development and manufacturing facilities in the United States.

49.     Denies the allegations in paragraph 49, except admits that AstraZeneca markets Zoladex and Diprivan, which may, under certain circumstances, be reimbursable under Medicare Part B.

50.     Admits that Plaintiffs purport to bring this action against AstraZeneca as described in paragraphs 542-618 and 692-725, but denies that Plaintiffs are entitled to maintain this action in the manner alleged.

**4. The Aventis Group (Aventis, Pharma, Hoechst and Behring)**

51-56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 51-56.

**5. Baxter**

57-60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 57-60.

**6. Bayer**

61-63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 61-63.

**7. The Boehringer Group (Boehringer, Ben Venue, Bedford)**

64-67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 64-67.

7

**8. Braun**

68-70.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 68-70.

**9. The BMS Group (Oncology Therapeutics, Apothecon)**

71-78.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 71-78.

**10. Dey, Inc.**

79-83.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 79-83.

**11. The Fujisawa Group (Fujisawa Healthcare, Fujisawa USA)**

84-86.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 84-86.

**12. The GSK Group (GlaxoSmithKline, SmithKline Beecham, Glaxo Wellcome)**

87-93.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 87-93.

**13. Hoffman-LaRoche, Inc.**

94-96.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 94-96.

### 14. Immunex

97-99.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 97-99.

### 15. The Johnson & Johnson Group (J&J, Centocor, Janssen, McNeil, Ortho)

100-106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 100-106.

### 16. Novartis

107-108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 107-108.

### 17. Pfizer, Inc.

109-111.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 109-111.

### 18. The Pharmacia Group (Pharmacia and Pharmacia & Upjohn)

112-115.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 112-115.

### 19. The Schering-Plough Group (Schering Plough & Warrick)

116-119.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 116-119.

### 20.  The Sicor Group (Sicor and Gensia)

120-124.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 120-124.

### 21.  TAP

125-128.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 125-128.

### 22.  Watson

129-130.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 129-130.

### 23.  Together Rx

131.        Denies the allegations in paragraph 131 to the extent they are directed at AstraZeneca, except admits that Together Rx LLC is a Delaware limited liability company and that its member companies are Abbott Laboratories, AstraZeneca Pharmaceuticals LP, Aventis Pharmaceuticals Inc., Bristol-Meyers Squibb Company, SmithKline Beecham Corporation d/b/a GlaxoSmithKline, Johnson & Johnson Healthcare Systems, Inc., and Novartis Pharmaceuticals Corporation.

## IV.  GENERAL ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

132.     Denies the allegations in paragraph 132 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other parties.

133.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133, except admits that prescription drugs are dispensed to patients by different types of medical providers, including physicians and retail pharmacies.

134.     Denies the allegations in paragraph 134, except admits that Congress has mandated that Medicare Part B reimbursements be based, in part, on AWP, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 as to the other parties.

135.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135, except admits that several independently produced compendia periodically publish AWPs for various prescription drugs.

136-141.   Denies the allegations in paragraphs 136-141 to the extent they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "AWP Scheme" as alleged in paragraph 140, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 136-141 as to the other parties and entities.

142-144.   Admits the allegations in paragraphs 142-144, except denies knowledge or information sufficient to form a belief as to the last sentence of paragraph 144.

145.     AstraZeneca admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth in 42 C.F.R. § 405.517, which is referenced in paragraph 145, and refers to 42 C.F.R. § 405.517, for its content, which speaks for itself.

146.     AstraZeneca denies the allegations in the first sentence of paragraph 146 insofar as it contains material in quotation marks, the source of which is not identified. AstraZeneca further denies the second sentence of paragraph 146 insofar as 42 C.F.R. § 405.517 contains no reference to a "ceiling" on reimbursement amounts.

147.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding the date of the amendment, and otherwise admits the allegations in paragraph 147.

148-149.   Admits that the Medicare Program has publicly announced that it would use the AWP published in independently produced compendia as the basis for reimbursement. AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 148-149, and refers to Program Memorandum AB-99-63, referenced in these paragraphs, for its content, which speaks for itself.

150-151.   Admits the allegations in paragraphs 150-151, except denies that a 20% co-payment is always paid by a Medicare Part B beneficiary, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last two sentences of paragraph 150.

152.     Denies the allegations in paragraph 152 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the

12

truth of the allegations in paragraph 152 as to the other parties, except admits that there are no regulations describing how AWPs are calculated.

153-154.   Denies the allegations in paragraphs 153-154 to the extent they are directed at AstraZeneca, refers to the April 2003 Office of the Inspector General ("OIG") Report, referenced in paragraphs 153-154, for its content, which speaks for itself, but denies any characterization of this document.

155.   Denies the allegations in paragraph 155, except admits that the federal government has been investigating drug marketing and pricing practices.

156-157.   Denies the allegations in paragraphs 156-157 to the extent they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "scheme," as alleged in paragraph 156, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 156-157 as to the other parties and entities, refers to the September 28, 2000 letter authored by Congressman Pete Stark, referenced in paragraphs 156-157, for its content, but denies any characterization of this document.

158.   Denies the allegations in paragraph 158, except admits that the federal government has been investigating drug marketing and pricing practices.

159.   Denies the allegations in paragraph 159 to the extent they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "scheme," as alleged in paragraph 159, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 as to the other parties.

13

160-163.   Denies the allegations in paragraphs 160-163 to the extent they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "scheme" as alleged in paragraphs 161 and 163, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 160-163 as to the other parties, except admits that prior to January 2002, AstraZeneca reported suggested AWPs for certain pharmaceuticals to independently produced pricing compendia.

164.   Denies the allegations in paragraph 164 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 as to the other parties.

165.   Denies the allegations in paragraph 165 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165.

166-168.   Denies the allegations in paragraphs 166-168 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 166-168 as to the other parties.

169-170.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 169-170.

171-177.   Denies the allegations in paragraphs 171-177 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 171-177 as to the other parties and entities.

178.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178, and refers to *The Wall Street Journal* article dated March 30, 2003, referenced in paragraph 178, for its content, which speaks for itself.

179.     Denies the allegations in paragraph 179 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179 as to the other parties.

180-182.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 180-182.

183-188.   Denies the allegations in paragraphs 183-188 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 183-188 as to the other parties and entities.

189.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 (and its subparts), and refers to the Dey Complaint, referenced in paragraph 189 (and its subparts), for its content, which speaks for itself.

190-191.   Denies the allegations in paragraphs 190-191 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 190-191.

192.     Denies the allegations in paragraph 192 to the extent they are directed at AstraZeneca, except admits that AstraZeneca sells its medicines in a competitive market and consequently, that it takes steps to keep certain information relating to its pharmaceuticals confidential, refers to the CMS Health Care Industry Market Update dated January 10, 2003,

referenced in paragraph 192, for its content, which speaks for itself, but denies any characterization of this document, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 as to the other parties.

193-196.   Denies the allegations in paragraphs 193-196 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 193-196 as to the other parties.

197.       Denies that there exists any basis in fact or law for the institution or maintenance of this action against AstraZeneca.  AstraZeneca further denies that the Plaintiffs did not receive inquiry or other notice of the issues associated with reliance on AWP as a pricing benchmark; on the contrary, such issues were well known for more than a decade before Plaintiffs brought this suit.  In addition, to the extent that paragraph 197 contains conclusions of law, AstraZeneca states that no response is required.

198-199.   To the extent that paragraphs 198-199 contain conclusions of law, AstraZeneca states that no response is required, and otherwise denies the allegations in paragraphs 198-199 to the extent that they are directed at AstraZeneca.

## V. EXAMPLES OF SPECIFIC CONDUCT

200.       Denies the allegations in paragraph 200 to the extent they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200 as to the other parties.

**A. Abbott**

201-216.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 201-216 and refers to the documents cited within these paragraphs, for their content, which speak for themselves.

**B. Amgen**

217-230.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 217-230 and refers to the documents cited within these paragraphs, for their content, which speak for themselves.

**C. AstraZeneca**

231.      Denies the allegations in paragraph 231, specifically denies the existence of, and participation in, any "scheme," and denies that that there exists any basis in fact or law for the institution or maintenance of this action against AstraZeneca, except admits that Plaintiffs allege that the following drugs are at issue in this action:  Accolate, Arimidex [misspelled Armidex in the AMCC], Atacand, Atacand HCT, Casodex, Diprivan, Entocort, Nexium, Nolvadex, Prilosec, Pulmicort, Rhinocort, Seroquel, Toprol, Zestril, Zoladex, and Zomig.

232.      Denies the allegations in paragraph 232, and refers to the indictment referenced in paragraph 232 for its content, but denies any characterization of this document.

233.      Admits the allegations in paragraph 233.

234.      Denies the allegations in paragraph 234, refers to the Guide to Coverage and Reimbursement referenced in paragraph 234 for its content, which speaks for itself, but denies any characterization of this document.

17

235.     Denies the allegations in paragraph 235, refers to the memorandum referenced in paragraph 235 for its content, which speaks for itself, but denies any characterization of this document.

236.     Denies the allegations in paragraph 236 (and its subparts), refers to the documents referenced in paragraph 236 (and its subparts) for their contents, which speak for themselves, but denies any characterization of these documents.

237.     Denies the allegations in paragraph 237.

238.     Denies the allegations in paragraph 238, refers to the document referenced in paragraph 238 for its content, which speaks for itself, but denies any characterization of this document.

239.     Denies the allegations in paragraph 239, refers to the document referenced in paragraph 239 for its content, which speaks for itself, but denies any characterization of this document.

240.     Denies the allegations in paragraph 240, refers to the document referenced in paragraph 240 for its content, which speaks for itself, but denies any characterization of this document.

241.     Denies the allegations in paragraph 241, refers to the memorandum referenced in paragraph 241 for its content, which speaks for itself, but denies any characterization of this document.

242.     Denies the allegations in paragraph 242.

243-244.     Denies the allegations in paragraphs 243-244, specifically denies the existence of, and participation in, any "scheme," as alleged in paragraph 244, refers to the document

referenced in paragraphs 243-244 for its content, which speaks for itself, but denies any characterization of this document.

245.     Denies the allegation in paragraph 245, specifically denies the existence of, and participation in, any "scheme," as alleged in paragraph 245, refers to the document referenced in paragraph 245 for its content, which speaks for itself, but denies any characterization of this document.

246.     Refers to the September 2001 GAO Report, referenced in paragraph 246, for its content, which speaks for itself, but denies any characterization of this document.

247.     Denies the allegations in paragraph 247.

248.     Denies the allegations in paragraph 248, refers to the document dated July 17, 1995 referenced in paragraph 248 for its content, which speaks for itself, but denies any characterization of this document.

249.     Denies the allegations in paragraph 249, and further denies the existence of, and participation in, any "scheme," as alleged in paragraph 249.

**D.  The Aventis Group (Aventis, Pharma, Hoechst and Behring)**

250-271.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 250-271 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**E.  Baxter**

272-285.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 272-285 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

19

**F. Bayer**

286-301.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 286-301 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**G. The Boehringer Group**

302-313.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 302-313 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**H. B. Braun**

314-326.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 314-326 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**I. The BMS Group (Bristol-Myers, OTN and Apothecon)**

327-348.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 327-348 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**J. Dey**

349-363.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 349-363 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

20

**K.  The Fujisawa Group (Fujisawa Pharmaceutical, Fujisawa Healthcare, Fujisawa USA)**

364-375.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 364-375 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**L.  The GSK Group (GlaxoSmithKline, SmithKline Beecham, Glaxo Wellcome)**

376-416.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 376-416 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**M.  Hoffmann-LaRoche**

417-421.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 417-421.

**N.  Immunex**

422-435.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 422-435 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**O.  The Johnson & Johnson Group (J&J, Centocor and Ortho)**

436-445.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 436-445 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**P. Novartis**

446-448.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 446-448.

**Q. Pfizer**

449-457.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 449-457.

**R. The Pharmacia Group (Pharmacia and P&U)**

458-475.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 458-475 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**S. The Schering-Plough Group (Schering-Plough and Warrick)**

476-491.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 476-491 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**T. The Sicor Group (Sicor, Gensia and Gensia Sicor)**

492-505.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 492-505 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

### U. TAP

506-524.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 506-524 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

### V. Warrick

525.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 525.

### W. Watson

526-540.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 526-540 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

## VI.  PLAINTIFFS' CLAIM FOR DAMAGES

541.      Denies that Plaintiffs have suffered damages or injuries as alleged in paragraph 541, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 541.

## VII.  PLAINTIFFS' CLAIMS REGARDING TOGETHER RX

542.      Denies the allegations in paragraph 542 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 542 as to the other parties.

23

543.     States that paragraph 543 consists of a conclusion of law to which no response is required, otherwise denies the allegations in paragraph 543 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "conspiracy," as alleged in paragraph 543, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 543 as to the other parties, except admits that the member companies of Together Rx LLC are Abbott Laboratories, AstraZeneca Pharmaceuticals LP, Aventis Pharmaceuticals Inc., Bristol-Meyers Squibb Company, SmithKline Beecham Corporation d/b/a GlaxoSmithKline, Johnson & Johnson Healthcare Systems, Inc., and Novartis Pharmaceuticals Corporation.

544.     Denies the allegations in paragraph 544 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "conspiracy," as alleged in paragraph 544, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 544 as to the other parties, except admits that discounts to elderly, low-income consumers who lack prescription drug insurance are available under the Together Rx Program on more than 170 covered products.

545.     States that paragraph 545 consists of a conclusion of law to which no response is required, otherwise denies the allegations in paragraph 545 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "conspiracy," as alleged in paragraph 545, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 545 as to the other parties.

546.     Denies the allegations in paragraph 546 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "conspiracy," as

24

alleged in paragraph 546, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 546 as to the other parties, except admits that Together Rx LLC is a Delaware limited liability company.

547.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 547.

548.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 548.

549.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 549, and refers to the legislation dated April 4, 2001, referenced in paragraph 549, for its content, which speaks for itself, except admits that in recent legislative sessions, Congress, in keeping with its role as the legislative branch of the Federal Government, has focused on reforming the Medicare and Medicaid prescription medicine programs.

550.    Denies the allegations in paragraph 550 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 550 as to the other parties, except admits that Abbott Laboratories, AstraZeneca Pharmaceuticals LP, Aventis Pharmaceuticals Inc., Bristol-Meyers Squibb Company, SmithKline Beecham Corporation d/b/a GlaxoSmithKline, Johnson & Johnson Healthcare Systems, Inc., and Novartis Pharmaceuticals Corporation are the member companies of Together Rx LLC.

551-561.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 551-561, and refers to the documents cited within these paragraphs for their contents, which speak for themselves.

25

562.     Refers to the press release dated April 10, 2002 referenced in paragraph 562, for its content, which speaks for itself, and otherwise denies the allegations in paragraph 562.

563.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 563, and refers to the statements on BMS's website, referenced in paragraph 563, for their contents, which speak for themselves.

564.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 564, refers to the *Reuters* article dated March 12, 2002, referenced in paragraph 564, for its content, which speaks for itself, but denies any characterization of this article.

565.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 565.

566.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 566, except admits that discounts to elderly, low-income consumers who lack prescription drug insurance are available under the Together Rx Program on more than 170 covered products.

567.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 567 as to the other parties, except admits that discounts on several of AstraZeneca Pharmaceuticals LP's drugs are covered by the Together Rx Program including Accolate, Arimidex, Atacand, Atacand HCT, Casodex, Elma Anesthetic Disc, Elma Cream, Nexium, Nolvadex, Plendil, Pulmicort Turbuhaler, Rhinocort Aqua, Toprol and Zomig, and otherwise denies the allegations in paragraph 567 to the extent they are directed at AstraZeneca.

568.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 568.

569.     Denies the allegations in paragraph 569, except admits that discounts on several of AstraZeneca Pharmaceuticals LP's drugs are covered by the Together Rx Program including Accolate, Arimidex, Atacand, Atacand HCT, Casodex, Elma Anesthetic Disc, Elma Cream, Nexium, Nolvadex, Plendil, Pulmicort Turbuhaler, Rhinocort Aqua, Toprol and Zomig.

570-575.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 570-575.

576-577.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 576-577, refers to the quoted press release, referenced in paragraphs 576-577, for its content, which speaks for itself, but denies any characterization of this document.

578.     Admits the allegations in paragraph 578.

579.     Admits that in an April 10, 2002 press release Together Rx LLC stated that savings will range from "approximately 20 to 40 percent and, in some cases, more, off the price usually [paid] for prescription medicines at the pharmacy," and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 579.

580-582.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 580-582, and refers to the website referenced for its content, which speaks for itself.

583.     Admits the allegations in paragraph 583.

27

584-590.   Denies the allegations in paragraphs 584-590 to the extent they are directed at AstraZeneca, further denies the existence of, and participation in, any "conspiracy" as alleged in paragraph 587, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 584-590 as to the other parties.

591.   Denies the allegations in paragraph 591 to the extent they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 591 as to the other parties and entities.

592-594.   Denies the allegations in paragraphs 592-594 to the extent they are directed at AstraZeneca, further denies the existence of, and participation in, any "conspiracy," as alleged in paragraph 594, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 592-594 as to the other parties.

## VIII.  CLASS ALLEGATIONS FOR THE PURPORTED "AWP PAYOR SCHEME"

595.   Admits that Plaintiffs purport to bring this action on behalf of two putative classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, but denies that Plaintiffs may properly bring this lawsuit as a class action as alleged in paragraph 595.

596.   Admits that Plaintiffs purport to bring this action on behalf of a putative class with a class period from January 1, 1991 to the present, but denies that Plaintiffs may properly bring this lawsuit as a class action as alleged in paragraph 596.

597-598.   States that paragraphs 597-598 consist of a conclusion of law as to which no response is required, and otherwise denies that class certification is appropriate in this case.

AstraZeneca further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in paragraph 598.

599.     Admits that Plaintiffs purport to bring this action on behalf of a putative class with class representatives consisting of all of the Plaintiffs, but denies that Plaintiffs may properly bring this lawsuit as a class action as alleged in paragraph 599.

600-601.   States that paragraphs 600-601 (and its subparts) consist of conclusions of law as to which no response is required, further denies that class certification is appropriate in this case, and otherwise denies the allegations in these paragraphs.

602.     States that paragraph 602 consists of a conclusion of law as to which no response is required, and denies that Plaintiffs and their counsel do not have any interest adverse to those of the purported class.

603.     States that paragraph 603 consists of a conclusion of law as to which no response is required, otherwise denies that class certification is appropriate in this case, denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in paragraph 603, and further denies the allegations in paragraph 603 to the extent they are directed at AstraZeneca.

## IX.  CLASS ACTION ALLEGATIONS REGARDING TOGETHER RX

604-605.     Admits that Plaintiffs purport to bring this action on behalf of two putative classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, but denies that Plaintiffs may properly bring this lawsuit as a class action as alleged in paragraphs 604-605.

606.     Admits that Plaintiffs purport to bring this action on behalf of a putative class with class representatives for the Nationwide End Payor Together Card Class consisting of all of the Plaintiffs, excluding the association Plaintiffs, but denies that Plaintiffs may properly bring this lawsuit as a class action as alleged in paragraph 606.

607.     Admits that Plaintiffs purport to bring this action on behalf of a putative class with class representatives for the Indirect Purchaser States End Payor Together Card Class consisting of all of the Plaintiffs, excluding the association Plaintiffs, but denies that Plaintiffs may properly bring this lawsuit as a class action as alleged in paragraph 607.

608.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 608.

609.     Admits that Plaintiffs purport to bring this action on behalf of a putative class with a class period from January 1, 2002 to the present, but denies that Plaintiffs may properly bring this lawsuit as a class action as alleged in paragraph 609.

610-613.   States that paragraphs 610-613 (and subparts) consist of conclusions of law as to which no response is required, and otherwise denies that class certification is appropriate in this case, denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in paragraph 611, denies the existence of, or participation in, any "conspiracy" as alleged in paragraphs 612-613, and further denies the allegations in paragraphs 610-613 to the extent they are directed at AstraZeneca.