**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

**WATSON PHARMACEUTICALS INC.'S ANSWER TO PLAINTIFFS'**
**AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant Watson Pharmaceuticals, Inc. ("Watson"), for its Answer to Plaintiffs' Amended Master Consolidated Class Action Complaint (the "AMCC"), states:

**Preface**

Watson attempts to respond to Plaintiff's allegations in the AMCC, despite Plaintiffs' failure to plead with requisite particularity allegations against Watson or other defendants or third parties. Specifically, the AMCC improperly and repetitively refers to Watson and certain other defendants and third parties on a collective basis. This intentional, ambiguous pleading is improper and insufficient to apprise Watson and other defendants in any meaningful sense of the allegations asserted against it. In addition to being ambiguous, the AMCC improperly includes undefined terms susceptible of different meanings and mixes vague factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully. To the extent allegations refer to the knowledge, conduct or actions of other defendants or entities, Watson is generally without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, Watson denies those allegations. Watson states that it is

1

answering Plaintiffs' allegations on behalf of itself only, even when Plaintiffs' allegations refer to alleged conduct by Watson and other persons or entities.

The AMCC also contains purported quotations from a number of sources, many of which are unidentified. Watson reserves the right to assert the attorney-client privilege, the work-product doctrine or the joint-defense privilege, if any of the quotations originate in documents protected by such privileges. Further, Watson hereby moves to strike such references and demands return of any such documents that Plaintiffs may have in their possession, custody or control. In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Watson denies each and every allegation contained in the AMCC, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculations which are contained in any averment or in the AMCC as a whole. Moreover, Watson specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered paragraphs in the AMCC.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## I. <u>INTRODUCTION</u>

1.    Watson admits that Plaintiffs seek to bring this action as alleged in Paragraph 1 of the AMCC. Watson denies that Plaintiffs are entitled to maintain this action in the manner alleged.

2.      Watson denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraph 2 of the AMCC.  To the extent the allegations in Paragraph 2 of the AMCC allege a conspiracy between Watson and various publishing entities, no response is required because these allegations, which formed the basis of Count I of the AMCC, were dismissed with prejudice by the Court's Order dated February 25, 2004.  To the extent the allegations in Paragraph 2 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

3.      To the extent the allegations in Paragraph 3 of the AMCC are directed to persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.  Watson admits that it manufactures certain medicines that are covered under Medicare Part B, and that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP. Watson admits that it reports certain pricing information for its medicines to pharmaceutical industry pricing publications.  Watson admits that AWPs for its medicines published in trade publications are typically higher than the prices ultimately paid by providers purchasing such medicines from wholesalers and distributors.   Watson denies the remaining allegations in Paragraph 3 of the AMCC that pertain to it.

4.      To the extent the allegations in Paragraph 4 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Watson admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP, and further admits that Medicare Part B

medicines are generally, but not always, administered in a healthcare provider's office.  Watson denies the remaining allegations in Paragraph 4 of the AMCC that pertain to it.

5.      Watson denies the existence of, and its participation in, any "AWP scheme" as alleged in Paragraph 5 of the AMCC.  To the extent the allegations in Paragraph 5 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Watson denies the remaining allegations in Paragraph 5 of the AMCC that pertain to it.

6.      To the extent the allegations in Paragraph 6 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Watson admits that Plaintiffs purport to bring this action as alleged in the last sentence of Paragraph 6 of the AMCC, but Watson denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Watson denies the remaining allegations in Paragraph 6 of the AMCC that pertain to it.

7.      Watson denies the existence of, and its participation in, any "high profit scheme" as alleged in Paragraph 7 of the AMCC.  To the extent the allegations in Paragraph 7 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.   Watson denies the remaining allegations in Paragraph 7 of the AMCC that pertain to it.

8.      Watson denies the existence of, and its participation in, any "scheme" or "unlawful agreement" as alleged in Paragraph 8 of the AMCC.  Watson was not a member of the

4

Together Card program and is not alleged to have been a "Together Card Defendant." To the extent the allegations in Paragraph 8 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Watson denies the allegations in Paragraph 8 of the AMCC, if any, that pertain to it.

9-10.   Watson denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraphs 9 through 10 of the AMCC. Watson was not a member of the Together Card program and is not alleged to have been a "Together Card Defendant." To the extent the allegations in Paragraphs 9 through 10 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Watson denies the remaining allegations in Paragraphs 9 through 10 of the AMCC, if any, that pertain to it.

11.   Answering Paragraph 11 of the AMCC, Watson admits that Plaintiffs have filed attachments to the AMCC. To the extent the allegations in Paragraph 11 of the AMCC are deemed to include allegations against Watson, they are denied.

12.   The Court dismissed Count I in its Order dated February 25, 2004. Accordingly, Watson does not respond to Paragraph 12 of the AMCC. To the extent a response is required, Watson denies the allegations in Paragraph 12 and Count I of the AMCC.

13-21. Watson denies the existence of, or its participation in, any "enterprise," "scheme" or "conspiracy" as alleged in Paragraphs 13 through 21 of the AMCC. Watson admits that Plaintiffs purport to bring this action as a class action, and that Plaintiffs seek relief under Counts II through X as alleged in Paragraphs 13 through 21 of the AMCC. Watson denies that this

5

action can be maintained in the manner alleged, and further denies that Plaintiffs are entitled to relief under Counts II through X of the AMCC.

## II.  JURISDICTION AND VENUE

22.  Watson admits that this Court has federal question subject matter jurisdiction.  The remaining allegation of Paragraph 22 states legal conclusions as to which no response is required.

23.  The allegations of Paragraph 23 are legal conclusions for which no response is required.

24.  Watson admits the first two sentences of Paragraph 24 and denies the remaining allegations.  Specifically, Watson denies the factual allegations contained in the last sentence of Paragraph 24 of the AMCC.

25.  Watson admits the allegations in Paragraph 25 of the AMCC.

## III.  PARTIES

26-31.  Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 26 through 31 of the AMCC and, therefore, denies those allegations.

32-36.  Watson admits that Plaintiffs VPIRG, WCA, StateWide, CANY and CCJ purport to bring this action as alleged in Paragraphs 32 through 36 of the AMCC, but Watson denies that these Plaintiffs have standing to bring the alleged action.  Watson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 32 through 36 of the AMCC and, therefore, denies those allegations.

36(a)–(c).     Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 36(a) through 36(c) of the AMCC and, therefore, denies those allegations.

37-38.   To the extent the allegations in Paragraphs 37 through 38 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Watson denies the remaining allegations in Paragraphs 37 through 38 of the AMCC that pertain to it.  Watson denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraph 38 of the AMCC.

39-128.   The allegations in Paragraphs 39 through 128 of the AMCC are directed to another defendant and require no response from Watson.  To the extent the allegations in Paragraphs 39 through 128 of the AMCC are deemed to include allegations against Watson, they are denied.

129.     Watson admits it is a Delaware corporation with its principal place of business located at 311 Bonnie Circle, Corona, California.  Watson admits that it develops, manufactures and markets brand and generic pharmaceuticals.  Watson admits that some of the prescription pharmaceuticals it manufactures and distributes are for distribution by Medicare Plan B providers nationwide.

130.     Watson admits that it manufactures or distributes, or at one point manufactured or distributed, albuterol sulfate, dexamethasone acetate, diazepam, gentamicin sulfate, iron dextran, testosterone enanthate, vancomycin hydrochloride, and cytarabine, which may or may not be covered by Medicare Part B for certain patients.

131.   The allegations in Paragraph 131 of the AMCC are directed to another defendant and require no response from Watson.  To the extent the allegations Paragraph 131 of the AMCC are deemed to include allegations against Watson, they are denied.

## IV.  GENERAL ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

132.   To the extent the allegations in Paragraph 132 of the AMCC are directed to other defendants, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Watson denies the allegations in Paragraph 132 of the AMCC that pertain to it.

133.   Upon information and belief, Watson admits the allegations in Paragraph 133 of the AMCC.

134-141.  To the extent the allegations in Paragraphs 134 through 141 of the AMCC refer to the knowledge, conduct, opinions or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Further answering Paragraph 134 of the AMCC, Watson admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP.  Further answering Paragraphs 135 and 136 of the AMCC, Watson admits that pharmaceutical industry pricing publications periodically report AWPs for prescription medicines sold in the United States.  Watson states that the 1999 edition of the *Red Book* and the June 1996 Dow Jones News article cited in Paragraph 136 of the AMCC are the best evidence of their contents.  Watson denies the remaining allegations in Paragraphs 134 through 141 of the AMCC that pertain to it, and specifically denies the existence of, and its participation in, any "AWP Scheme" as alleged in Paragraph 140 of the AMCC.

142-144.  Watson admits the allegations in Paragraphs 142 through 144 of the AMCC.

145.    In response to the allegations in Paragraph 145 of the AMCC, Watson avers as follows:  From 1965 to 1991, the Social Security Act allowed Medicare carriers to reimburse providers "a reasonable charge" for medicines covered by Medicare Part B.  On November 25, 1991, HCFA promulgated regulations establishing that Medicare Part B health-care providers would be reimbursed for medicines on the basis of the lower of either (a) the "estimated acquisition cost" ("EAC") or (b) the "national wholesale price" (i.e., AWP).  The EAC was defined as HCFA's "best estimate of the price generally and currently paid by providers for a drug marketed or sold by a particular manufacturer or labeler in the package size of drug most frequently purchased by providers."  Effective January 1, 1998, Congress eliminated the health care provider's EAC entirely as a basis for reimbursement for Medicare Part B medicines with the enactment of the Balanced Budget Act of 1997.  That Act provided that health care providers would be reimbursed for Part B medicines based on the lower of the actual charge on the Medicare claim for benefits or 95 percent of the AWP of the drug.  Watson denies the remaining allegations in Paragraph 145 that pertain to it.

146-147.  Watson admits the allegations in Paragraphs 146 through 147 of the AMCC.

148.    Answering Paragraph 148 of the AMCC, Watson admits that the Medicare Program has publicly announced that it would use the AWP published in pharmaceutical industry pricing publications as the basis for reimbursement.  Watson states that the Program Memo AB-99-63 cited in Paragraph 148 of the AMCC is the best evidence of its contents.

149.    Watson states that the Program Memo AB-99-63 cited in Paragraph 149 of the AMCC is the best evidence of its contents.

150-151.  Watson admits the allegations in Paragraphs 150 through 151 of the AMCC.

152.   To the extent the allegations in Paragraph 152 of the AMCC refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Watson admits that there are no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs.  Watson admits that it reports certain pricing information for its medicines to pharmaceutical industry pricing publications.  Watson denies the remaining allegations in Paragraph 152 of the AMCC that pertain to it.

153-154.  Watson states that the April 2003 OIG report cited in Paragraphs 153 through 154 of the AMCC is the best evidence of its contents.  Watson denies that Plaintiffs have accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to Watson.

155.   To the extent the allegations in Paragraph 155 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Watson denies the remaining allegations in Paragraph 155 of the AMCC that pertain to it.

156-157.     Watson denies the existence of, and its participation in, any "scheme" cited in Paragraph 156 of the AMCC.  Watson states that the September 28, 2000, letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 156 through 157 of the AMCC is the best evidence of its contents.  Watson denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to Watson.

10

158-159.  To the extent the allegations in Paragraphs 158 through 159 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Watson denies the remaining allegations in Paragraphs 158 through 159 of the AMCC that pertain to it.  Watson further denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 159 of the AMCC.

160.  To the extent the allegations in Paragraph 160 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Watson admits that it reported AWPs for its medicines to pharmaceutical industry pricing publications before August 2000, but Watson denies that it has done so since.  Watson admits the remaining allegations in Paragraph 160 of the AMCC that pertain to it.

161-184.  To the extent the allegations in Paragraphs 161 through 184 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Watson denies the remaining allegations in Paragraphs 161 through 184 of the AMCC that pertain to it.  Watson denies the existence of, and its participation in, any "scheme" as alleged in Paragraphs 161 and 163 of the AMCC.

185.  Watson admits that Plaintiffs purport to quote from an unidentified "industry consultant" as alleged in Paragraph 185 of the AMCC, but Watson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the AMCC and, therefore, denies those allegations.

11

186-191.  To the extent the allegations in Paragraphs 186 through 191 of the AMCC and its subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Watson states that the *Red Book* and the unidentified DOJ report cited in Paragraph 187 of the AMCC and the pleadings cited in Paragraphs 189 through 190 of the AMCC and subparts are the best evidence of their contents.  To the extent the allegations in Paragraphs 186 through 191 of the AMCC are deemed to include allegations against Watson, they are denied.

192.  To the extent the allegations in Paragraph 192 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Watson states the 2003 CMS document cited in Paragraph 192 of the AMCC is the best evidence of its contents.  Watson denies that Plaintiffs have accurately characterized any alleged CMS finding, opinion, statement or conclusion.  Watson admits that it sells its medicines in a competitive market and, as such, takes steps to keep certain information relating to its medicines confidential.  Watson denies the remaining allegations in Paragraph 192 of the AMCC that pertain to it.

193-196.  To the extent the allegations in Paragraphs 193 through 196 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Watson denies the allegations in Paragraphs 193 through 196 of the AMCC that pertain to it.

197.    In response to the allegations in Paragraph 197 of the AMCC, Watson denies that Plaintiffs lacked inquiry or other notice of the issues associated with reliance on AWPs as a pricing benchmark. Watson specifically avers, to the contrary, that such issues were well known for more than a decade before Plaintiffs elected to bring this suit.

198-199.    The allegations in Paragraphs 198 through 199 of the AMCC state legal conclusions to which no response is required. To the extent a response is required, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraphs 198 through 199 of the AMCC that refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, and, therefore, Watson denies those allegations. Watson denies the remaining allegations in Paragraphs 198 through 199 of the AMCC that pertain to it.

## V.    EXAMPLES OF SPECIFIC UNLAWFUL CONDUCT

200.    To the extent the allegations in Paragraph 200 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Watson denies the remaining allegations in Paragraph 200 of the AMCC that pertain to it.

201-525.    The allegations in Paragraphs 201 through 525 of the AMCC are directed to another defendant and require no response from Watson. To the extent allegations in Paragraphs 201 through 525 of the AMCC are deemed to include allegations against Watson, they are denied.

526.    Watson denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 526 of the AMCC. Watson admits that Plaintiffs purport to bring this action as alleged in Paragraph 526 of the AMCC, but Watson denies that Plaintiffs are entitled to a

judgment or any relief.  Watson denies the remaining allegations in Paragraph 526 of the AMCC that pertain to it.

527.   Watson denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 527 of the AMCC.  Watson admits that the governmental agencies listed in Paragraph 527 of the AMCC have conducted investigations concerning pricing in the pharmaceutical industry and that Watson, among others, has participated in such investigations.

528.   Watson admits that document (MDLW12564) is correctly quoted in the AMCC. However, Watson denies the characterization of the document in Paragraph 528 and that the conclusions made by Plaintiff about the document are accurate.   Watson denies that the statements in the document are Watson's statements.

529.   Watson admits that prior to August 2000 it suggested AWP through direct communications with industry compendia during the Class Period.  Watson admits that Schein produced the memo cited in Paragraph 529 of the AMCC (MDLW00887), but Watson states that this document is the best evidence of its contents and denies that the conclusions Plaintiffs draw from the document are accurate.  Watson denies that the statements alleged in Paragraph 529 are Watson's statements.

530.   Watson admits that Schein Pharmaceutical Inc. ("Schein") became a subsidiary of Watson.  Watson admits that Schein produced the form cited in Paragraph 530 of the AMCC (MDLW00887), but Watson states that this document is the best evidence of its contents and denies that the conclusions Plaintiffs draw from the document are accurate.  Watson denies that the statements in the document are Watson's statements.

531.   Watson admits that documents (MDLW05457-05460) are correctly quoted in the AMCC.  However, Watson denies the characterization of the documents in Paragraph 531 and

denies that the conclusions Plaintiffs draw from the documents are accurate. Watson denies that it produced or prepared this document and further denies that this document reflects any conduct by Watson or its subsidiary, Schein. Therefore, it appears the allegations in Paragraph 531 are directed to another corporation and require no response from Watson.

532. Watson denies all of the allegations in Paragraph 532. Watson states that the Schein document (MDLW25216) cited in Paragraph 532 of the AMCC is the best evidence of its contents and denies that the conclusions Plaintiffs draw from the document are accurate. Watson denies that it produced or prepared this document and further denies that this document reflects any conduct by Watson or its subsidiary, Schein. Therefore, it appears the allegations in Paragraph 532 are directed to another corporation and require no response from Watson.

533. Watson states that the Schein document (MDLW25216) cited in Paragraph 533 of the AMCC is the best evidence of its contents. Watson denies that it produced or prepared this document and further denies that this document reflects any conduct by Watson or its subsidiary, Schein. Therefore, it appears the allegations in Paragraph 533 are directed to another corporation and require no response from Watson.

534. To the extent the allegations in Paragraph 534 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Watson states that the report published by the DHHS (AB-00-86) cited in Paragraph 534 of AMCC is the best evidence of its contents, but Watson denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement or conclusion contained in these documents. Watson admits that it sells its medicines at prices

below AWP. Watson denies the remaining allegations in Paragraph 534 of the AMCC that pertain to it.

535.   Watson denies all of the allegations in Paragraph 535.

536.   Watson states that the Schein document (MDLW01237) cited in Paragraph 536 of the AMCC is the best evidence of its contents. Watson denies that it produced or prepared this document and further denies that this document reflects any conduct by Watson. Therefore, it appears the allegations in Paragraph 536 are directed to another corporation and require no response from Watson.

537.   Watson denies the allegations in Paragraph 537 of the AMCC. Specifically, Watson denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 537 of the AMCC.

538.   Watson denies all of the allegations in Paragraph 538. Specifically, the document referenced (MDLW15896) was not generated by Schein and did not represent an offer by Schein.

539.   Watson denies the allegations in Paragraph 539 of the AMCC. Specifically, Watson denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 539 of the AMCC.

540.   Watson denies all allegations in Paragraph 540. Watson states that the documents (MDLW25204) and (MDLW25216) cited in Paragraph 540 of the AMCC are the best evidence of their contents. Watson denies that Plaintiffs have accurately characterized any alleged document finding, opinion, statement or conclusion from these documents. Watson denies that it produced or prepared these documents and further denies that these documents reflect any

conduct by Watson.  Therefore it appears that the allegations in Paragraph 540 are directed to another corporation and require no response from Watson.

## VI.   PLAINTIFFS' CLAIM FOR DAMAGES

541.   Watson denies that Plaintiffs have suffered damages or injuries as alleged in Paragraph 541 of the AMCC.  Watson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 541 of the AMCC and, therefore, denies those allegations.

## VII.   PLAINTIFFS' CLAIMS CONCERNING TOGETHER RX

542-594.   The allegations in Paragraphs 542 through 594 of the AMCC are directed to another defendant and require no response from Watson.  To the extent allegations in Paragraphs 542 through 594 of the AMCC are deemed to include allegations against Watson, they are denied.

## VIII.   CLASS ALLEGATIONS FOR THE PURPORTED "AWP PAYOR CLASS"

595-598.   Watson admits that Plaintiffs purport to bring this action as alleged in Paragraphs 595 through 598 of the AMCC, but Watson denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Watson denies that Plaintiffs or any putative class members have suffered damages as alleged in Paragraph 598 of the AMCC.  Watson denies any factual allegation of Paragraphs 595 through 598 of the AMCC.

599-603.   The allegations in Paragraphs 599 through 603 of the AMCC state legal conclusions to which no answer is required.  Watson denies, however, that Plaintiffs have pled a proper class or named proper class representatives.  Further answering, Watson denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in

Paragraph 603 of the AMCC. Watson denies any factual allegation of Paragraphs 599 through 603 of the AMCC.

### IX. CLASS ALLEGATIONS FOR THE PURPORTED "TOGETHER RX CLASS"

604-618. The allegations in Paragraphs 604 through 618 of the AMCC are directed to another defendant and require no response from Watson. To the extent allegations in Paragraphs 604 through 618 of the AMCC are deemed to include allegations against Watson, they are denied.

### COUNT I (RICO)

619.-646. The Court dismissed Count I in its Order dated February 25, 2004. Accordingly, Watson does not respond to Paragraphs 619 through 646 of the AMCC. To the extent a response is required, Watson denies all allegations contained within Count I of the AMCC.

### COUNT II (RICO)

647. Answering Paragraph 647 of the AMCC, Watson realleges and incorporates its responses to the allegations in Paragraphs 1 through 646 of the AMCC.

648. To the extent the allegations in Paragraph 648 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Watson admits that Plaintiffs purport to bring this action and to seek relief under Count II of the AMCC as alleged in Paragraph 648, but Watson denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Watson under Count II. Watson denies the remaining allegations in Paragraph 648 of the AMCC.

649.    The allegations in Paragraph 649 of the AMCC state a legal conclusion to which no answer is required. Watson denies, however, that Plaintiffs have pled a proper class.

650.    To the extent the allegations in Paragraph 650 of the AMCC and subparts state legal conclusions, Watson avers that no answer is required. Watson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 650 and subparts and, therefore, denies those allegations.

651-655. Watson denies the existence of, or its participation in, any "enterprise," "AWP Scheme," or "hidden-profit scheme" as alleged in Paragraphs 651 through 655 of the AMCC. To the extent the allegations in Paragraphs 651 through 655 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Watson states that the unidentified "industry report" cited in Paragraph 655 of the AMCC is the best evidence of its contents. Watson denies that Plaintiffs have accurately characterized any alleged "industry report" finding, opinion, statement or conclusion. Watson denies the remaining allegations in Paragraphs 651 through 655 that pertain to it.

656-678. Watson denies the existence of, or its participation in, any "enterprise," "AWP spread scheme," "AWP Scheme," "The Watson Manufacturer-PBM Enterprise" and/or "Manufacturer-PBM Enterprise" as alleged in Paragraphs 656 through 678 of the AMCC. To the extent the allegations in Paragraphs 656 through 678 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and,

19

therefore, denies those allegations. To the extent the allegations in Paragraph 656 through 678 of the AMCC include allegations against Watson, they are denied.

679. The allegations in Paragraph 679 of the AMCC state legal conclusions to which no response is required. To the extent a response is required, Watson denies the allegations in Paragraph 679 of the AMCC.

### COUNT III (DECLARATORY RELIEF)

680. Answering Paragraph 680 of the AMCC, Watson realleges and incorporates its responses to the allegations in Paragraphs 1 through 679 of the AMCC.

681. The allegations in Paragraph 681 of the AMCC state legal conclusions to which no response is required. To the extent a response is required, Watson denies that Plaintiffs have standing to bring this action, and denies that an actual case and controversy exists. To the extent the allegations in Paragraph 681 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Watson denies the allegations in Paragraph 681 of the AMCC that pertain to it.

682-683. Answering the first sentence of Paragraph 682 of the AMCC, Watson refers to and incorporates its response to Paragraph 681 of the AMCC. To the extent the allegations in Paragraphs 682 through 683 of the AMCC and refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Watson denies the remaining allegations in Paragraphs 682 through 684 of the AMCC that pertain to it.

## COUNT IV (CONSUMER PROTECTION STATUTES)

684.   Answering Paragraph 684 of the AMCC, Watson realleges and incorporates its responses to the allegations in Paragraphs 1 through 683 of the AMCC.

685.   Watson admits that Plaintiffs purport to bring this action and to seek relief under Count IV of the AMCC as alleged in Paragraph 685, but Watson denies that Plaintiffs are entitled maintain this action as alleged or to any relief against Watson under Count IV.  Watson denies the remaining allegations in Paragraph 685 of the AMCC.

686.   To the extent the allegations in Paragraph 686 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Watson admits that its principal place of business is located in Corona, California.  Watson admits that certain states have enacted consumer protection laws, but Watson denies that it has violated such laws or that Plaintiffs or any putative class members are entitled to relief under such laws.  Watson denies the remaining allegations in Paragraph 686 of the AMCC and subparts that pertain to it.

687-691.   Watson denies the existence of, and its participation in, any "AWP Scheme" as alleged in Paragraph 687 of the AMCC.  To the extent the allegations in Paragraphs 687 through 691 of the AMCC and subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Watson denies the remaining allegations in Paragraphs 687 through 691 of the AMCC and subparts that pertain to it.  Watson further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraphs 689 and 691 of the AMCC.

## COUNT V (CLAYTON ACT – TOGETHER RX)

692-698.   The allegations in Paragraphs 692 through 698 of the AMCC are directed to another defendant and require no response from Watson.  To the extent allegations in Paragraphs 692 through 698 of the AMCC are deemed to include allegations against Watson, they are denied.

## COUNT VI (SHERMAN ACT)

699-704.   The allegations in Paragraphs 699 through 704 of the AMCC are directed to another defendant and require no response from Watson.  To the extent allegations in Paragraphs 699 through 704 of the AMCC are deemed to include allegations against Watson, they are denied.

## COUNT VII (INDIRECT PURCHASER – TOGETHER RX)

705-708.   The allegations in Paragraphs 705 through 708 of the AMCC are directed to another defendant and require no response from Watson.  To the extent allegations in Paragraphs 705 through 708 of the AMCC are deemed to include allegations against Watson, they are denied.

## COUNT VIII (RICO – TOGETHER RX)

709-725.   The allegations in Paragraphs 709 through 725 of the AMCC are directed to another defendant and require no response from Watson.  To the extent allegations in Paragraphs 709 through 725 of the AMCC are deemed to include allegations against Watson, they are denied.

## COUNT IX (CIVIL CONSPIRACY – PBMs)

726.   Answering Paragraph 726 of the AMCC, Watson realleges and incorporates its responses to the allegations in Paragraphs 1 through 725 of the AMCC.

727.    Watson admits that Plaintiff CMHV purports to bring this action as alleged in Paragraph 727 of the AMCC, but Watson denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  Watson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 727 of the AMCC and, therefore, denies those allegations.

728-731.    Watson denies the existence of, and its participation in, any "scheme," "AWP Scheme," "conspiracy" or "The Watson Manufacturer-PBM Conspiracies" as alleged in Paragraphs 728 through 731 of the AMCC.  To the extent the allegations in Paragraphs 728 through 731 of the AMCC and subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than Watson, Watson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Watson denies the remaining allegations in Paragraphs 728 through 731 of the AMCC and subparts that pertain to it.

732-733.    Watson denies the allegations in Paragraphs 732 through 733 of the AMCC. Specifically, Watson denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 733 of the AMCC.

## X.    CIVIL CONSPIRACY (TOGETHER RX)

734-741.    The allegations in Paragraphs 734 through 741 of the AMCC are directed to another defendant and require no response from Watson.  To the extent allegations in Paragraphs 734 through 741 of the AMCC are deemed to include allegations against Watson, they are denied.

## UNNUMBERED "WHEREFORE" PARAGRAPH AND REQUEST FOR JURY TRIAL

Watson denies Plaintiffs are entitled to a judgment or any other relief requested in their Prayer for Relief and "WHEREFORE" paragraph following Paragraph 741 of the AMCC.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Plaintiffs and the putative class fail to state a claim against Watson upon which relief may be granted.

### Second Defense

Any and all actions taken by Watson with respect to any of the matters alleged in the AMCC were taken in good faith and in accordance with established industry practice.

### Third Defense

. Plaintiffs' and the putative class' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Fourth Defense

. Plaintiffs' and the putative class' claims against Watson are barred, in whole or in part, by the applicable statutes of limitations and repose.

### Fifth Defense

Plaintiffs' and the putative class' claims against Watson are barred, in whole or in part, by the doctrines of laches, estoppel, and waiver.

### Sixth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because they violate Watson's rights under the Due Process and *Ex Post Facto* clauses of the United States

24

Constitution, as well as all applicable state constitutions, insofar as Plaintiffs and the putative class members seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## Seventh Defense

Watson's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

## Eighth Defense

Plaintiffs' and the putative class' claims against Watson are barred, in whole or in part, because Watson did not make any false statements to Plaintiffs or to any members of the putative class members.  as to any statement asserted against Watson that plaintiffs and the putative class allege to be false or misleading, Watson had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## Ninth Defense

Plaintiffs' and the putative class' civil conspiracy claims against Watson are barred, in whole or in part, because they are duplicative and improper under Massachusetts law. *See Grant*, 183 F. Supp. 2d at 364.

## Tenth Defense

Watson denies that Plaintiffs and the putative class have valid consumer protection claims against Watson under California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington or any other State whose law is or becomes relevant in the course of this multidistrict litigation.  However, if such claims are found to exist, Watson pleads all available defenses under the Acts.

25

### Eleventh Defense

Any allegedly fraudulent statements or conduct of Watson did not directly or proximately cause the alleged injuries of Plaintiffs and/or any members of the putative class as required under state consumer protection laws, including without limitation those of Florida, Illinois, Louisiana, New Jersey, New York, Pennsylvania, Texas and Washington.

### Twelfth Defense

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against Watson, they are not entitled to such relief because they have an adequate remedy at law.

### Thirteenth Defense

Plaintiffs and the putative class lack standing to bring their asserted consumer protection claims against Watson under certain state consumer protection laws, including without limitation those of Delaware, Florida, Louisiana, New Jersey, Pennsylvania and Washington.

### Fourteenth Defense

Plaintiffs and the putative class did not rely on the allegedly fraudulent statements or conduct of Watson as required under certain state consumer protection laws, including without limitation those of New York and Pennsylvania.

### Fifteenth Defense

Any allegedly fraudulent statement or conduct of Watson was not consumer-oriented as required under certain consumer protection law, including without limitation that of New York.

### Sixteenth Defense

Plaintiffs' and the putative class' claims against Watson for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Seventeenth Defense

This action cannot be maintained as a class action because the named Plaintiffs and the putative class cannot satisfy the procedural requirements of Fed. R. Civ. P. 23.

### Eighteenth Defense

This action cannot be maintained as a class action because the questions of fact at issue are not common to the alleged class, but rather, are highly specific and will vary dramatically from person to person and entity to entity.

### Nineteenth Defense

Plaintiffs' and the putative class' claims against Watson are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the AMCC.

### Twentieth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because any injuries sustained by Plaintiffs or the putative class were the result of intervening or superceding conduct of third parties.

### Twenty-First Defense

Plaintiffs' and the putative class' claims against Watson for damages are barred, in whole or in part, because they are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Twenty-Second Defense

Plaintiffs' and the putative class' claims against Watson for damages are barred, in whole or in part, because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Watson.

27

### Twenty-Third Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against Watson are not recoverable because the allegations of the AMCC are legally insufficient to support a claim for punitive damages against Watson.

### Twenty-Fourth Defense

Watson adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

### Twenty-Fifth Defense

Watson hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense. Watson also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state other than California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and/or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

HYMAN, PHELPS & MCNAMARA, P.C.

By _____

Douglas B. Farquhar (admitted pro hac vice)
Alan M. Kirschenbaum
Molly C. Andresen
700 Thirteenth Street N.W., Suite 1200
Washington, D.C. 20005
(202) 737-5600
(202) 737-9329
ATTORNEYS FOR DEFENDANT WATSON
PHARMACEUTICALS INC.

28

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2004, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

_____

Attorney for Defendant Watson Pharmaceuticals Inc.