UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

**JOHNSON & JOHNSON, CENTOCOR, INC., JANSSEN PHARMACEUTICA PRODUCTS, L.P., MCNEIL-PPC, INC., AND ORTHO BIOTECH PRODUCTS, L.P. ANSWER TO PLAINTIFFS' AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants Johnson & Johnson ("J&J"), Centocor, Inc. ("Centocor"), Janssen Pharmaceutica Products, L.P. ("Janssen"), McNeil-PPC, Inc. ("McNeil-PPC"), Ortho Biotech Products, L.P., incorrectly sued as "Ortho Biotech" ("Ortho Biotech") (collectively the "J&J Defendants"), for their Answer to Plaintiffs' Amended Master Consolidated Class Action Complaint (the "AMCC"), state:

## I. INTRODUCTION

1. The J&J Defendants admit that Plaintiffs seek to bring this action as alleged in Paragraph 1 of the AMCC. The J&J Defendants deny that Plaintiffs are entitled to maintain this action in the manner alleged.

2. The J&J Defendants deny the allegations in Paragraph 2 of the AMCC that pertain to them. To the extent the allegations in Paragraph 2 of the AMCC allege a conspiracy between the J&J Defendants and various publishing entities, no response is required because these allegations, which formed the basis of Count I of the AMCC, were dismissed with

1

prejudice by the Court's Order dated February 25, 2004. To the extent the allegations in Paragraph 2 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

       3.     To the extent the allegations in Paragraph 3 of the AMCC are directed to persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny those allegations. The J&J Defendants admit that certain of them manufacture medicines that are covered under Medicare Part B, and that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP. The J&J Defendants admit that certain of them report certain pricing information for their medicines to pharmaceutical industry pricing publications. The J&J Defendants admit that the AWPs published in trade publications are typically higher than the prices ultimately paid by providers purchasing medicines from wholesalers and distributors. The J&J Defendants deny the remaining allegations in Paragraph 3 of the AMCC that pertain to them.

       4.     To the extent the allegations in Paragraph 4 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. The J&J Defendants admit that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP, and further admit that Medicare Part B medicines are generally, but not always, administered in a healthcare provider's office. The J&J Defendants deny the remaining allegations in Paragraph 4 of the AMCC that pertain to them.

5. The J&J Defendants deny the allegations in Paragraph 5 of the AMCC that pertain to them. To the extent the allegations in Paragraph 5 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

6. To the extent the allegations in Paragraph 6 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. The J&J Defendants admit that Plaintiffs purport to bring this action as alleged in Paragraph 6 of the AMCC, but the J&J Defendants deny that Plaintiffs are entitled to maintain this action in the manner alleged. The J&J Defendants deny the remaining allegations in Paragraph 6 of the AMCC that pertain to them.

7. The J&J Defendants deny the allegations in Paragraph 7 of the AMCC that pertain to them. To the extent the allegations in Paragraph 7 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

8. The J&J Defendants deny the allegations in Paragraph 8 of the AMCC that pertain to them, except J&J admits that Johnson & Johnson Health Care Systems Inc. participates in the Together Rx Card Program which commenced in 2002 and allows poor, elderly Americans to enjoy substantial discounts on covered medicines. To the extent the allegations in Paragraph 8 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other

984442v2

than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

9-10.   The J&J Defendants deny the allegations in Paragraphs 9 through 10 of the AMCC that pertain to them.  To the extent the allegations in Paragraphs 9 through 10 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

11.   Answering Paragraph 11 of the AMCC, the J&J Defendants admit that Plaintiffs have filed attachments to the AMCC.  To the extent the allegations in Paragraph 11 of the AMCC are deemed to include allegations against the J&J Defendants, they are denied.

12.   The Court dismissed Count I in its Order dated February 25, 2004.  Accordingly, the J&J Defendants do not respond to Paragraph 12 of the AMCC.  To the extent a response is required, the J&J Defendants deny the allegations in Paragraph 12 and Count I of the AMCC.

13-21.   The J&J Defendants admit that Plaintiffs purport to bring this action as a class action, and that Plaintiffs seek relief under Counts II through X as alleged in Paragraphs 13 through 21 of the AMCC.  The J&J Defendants deny that this action can be maintained in the manner alleged, and further deny that Plaintiffs are entitled to relief under Counts II through X of the AMCC.  The J&J Defendants deny the remaining allegations in Paragraphs 13 through 21 of the AMCC that pertain to them.

## II.  **JURISDICTION AND VENUE**

22.   The J&J Defendants admit that this Court has federal question subject matter jurisdiction.  The J&J Defendants admit that, upon information and belief, diversity jurisdiction exists.

23. The J&J Defendants admit the allegations in Paragraphs 23 of the AMCC.

24. The J&J Defendants admit the first two sentences in Paragraph 24 of the AMCC. The J&J Defendants deny the remaining allegations in Paragraph 24 of the AMCC.

25. The J&J Defendants admit the allegations in Paragraphs 25 of the AMCC.

### III.  PARTIES

26-31. The J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 26 through 31 of the AMCC and, therefore, deny those allegations.

32-36.  The J&J Defendants admit that Plaintiffs VPIRG, WCA, StateWide, CANY and CCJ purport to bring this action as alleged in Paragraphs 32 through 36 of the AMCC, but the J&J Defendants deny that these Plaintiffs have standing to bring the alleged action.  The J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 32 through 36 of the AMCC and, therefore, deny those allegations.

36(a)–(c).   The J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 36(a) through 36(c) of the AMCC and, therefore, deny those allegations.

37-38.  The J&J Defendants deny the allegations in Paragraphs 37 through 38 of the AMCC that pertain to them.  To the extent the allegations in Paragraphs 37 through 38 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

39-99. The allegations in Paragraphs 39 through 99 of the AMCC are directed to another defendant and require no response from the J&J Defendants. To the extent the allegations in Paragraphs 39 through 99 of the AMCC are deemed to include allegations against the J&J Defendants, they are denied.

100. J&J admits it is a New Jersey corporation with its principal place of business located at One Johnson & Johnson Plaza, New Brunswick, New Jersey. J&J denies the remaining allegations in Paragraph 100 of the AMCC.

101. Centocor admits it is a Pennsylvania corporation and has been a wholly owned subsidiary of J&J since its acquisition by J&J in October 1999. Centocor admits its principal place of business is located at 200 Great Valley Parkway, Malvern, Pennsylvania. Centocor admits that it manufactures, markets and distributes prescription pharmaceuticals. Centocor denies the remaining allegations in Paragraph 101 of the AMCC.

102. Janssen admits it is a New Jersey limited partnership and that its principal place of business is located at 1125 Trenton-Harbouton Road, Titusville, New Jersey 08560. Janssen admits that it is a subsidiary of J&J. Janssen admits that Plaintiffs purport to bring this action against Janssen as described in Paragraphs 542-618 and 692-725 of the AMCC. Janssen denies that Plaintiffs are entitled to maintain this action in the manner alleged or that Plaintiffs have pled a proper class.

103. McNeil-PPC admits it is a New Jersey corporation. McNeil-PPC admits it is an indirect (not direct) subsidiary of J&J. McNeil-PPC admits that Plaintiffs purport to bring this action against McNeil-PPC as described in Paragraphs 542-618 and 692-725 of the AMCC. McNeil-PPC denies that Plaintiffs are entitled to maintain this action in the manner alleged or

984442v2

that Plaintiffs have pled a proper class. McNeil-PPC denies the remaining allegations in Paragraph 103 of the AMCC.

104. Ortho Biotech admits it has been a wholly owned subsidiary of J&J since its formation by J&J in 1990. Ortho Biotech admits it manufactures and distributes prescription pharmaceuticals. Ortho Biotech denies the remaining allegations in Paragraph 104 of the AMCC.

105. Centocor admits it sells ReoPro (abciximab), an anti-blood clotting medication, Retavase (reteplase), an anti blood clotting agent, and Remicade (infliximab), an anti-inflammatory drug, which are covered by Medicare Part B. Ortho Biotech admits it sells Procrit (epoetin alfa), a drug indicated for the treatment of anemia, Leustatin (cladribine), a drug indicated for the treatment of leukemia, and Sporanox (itraconazole), a drug indicated for the treatment of fungal infections, which are covered by Medicare Part B. The J&J Defendants deny the remaining allegations in Paragraph 105 of the AMCC.

106. J&J, Ortho Biotech, McNeil-PPC and Janssen admit that Plaintiffs purport to bring this action against them as described in Paragraphs 542-618 and 692-725 of the AMCC. J&J, Ortho Biotech, McNeil-PPC and Janssen deny that Plaintiffs are entitled to maintain this action in the manner alleged or that Plaintiffs have pled a proper class.

107-131. The allegations in Paragraphs 107 through 131 of the AMCC are directed to another defendant and require no response from the J&J Defendants. To the extent the allegations in Paragraphs 107 through 131 of the AMCC are deemed to include allegations against the J&J Defendants, they are denied, except J&J admits that Johnson & Johnson Health Care Systems Inc. is a participant of Together Rx, LLC, a Delaware limited liability company.

984442v2

## IV. GENERAL ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

132. To the extent the allegations in Paragraph 132 of the AMCC are directed to other defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. The J&J Defendants deny the allegations in Paragraph 132 of the AMCC that pertain to them.

133. Upon information and belief, the J&J Defendants admit the allegations in Paragraph 133 of the AMCC.

134-141. To the extent the allegations in Paragraphs 134 through 141 of the AMCC refer to the knowledge, conduct, opinions or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. Further answering Paragraph 134 of the AMCC, the J&J Defendants admit that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP. Further answering Paragraphs 135 and 136 of the AMCC, the J&J Defendants admit that independently produced pricing publications periodically report AWPs for prescription medicines sold in the United States. The J&J Defendants state that the 1999 edition of the *Red Book* and the June 1996 Dow Jones News article cited in Paragraph 136 of the AMCC are the best evidence of their contents. The J&J Defendants deny the remaining allegations in Paragraphs 134 through 141 of the AMCC that pertain to them.

142-144. The J&J Defendants admit the allegations in Paragraphs 142 through 144 of the AMCC.

145. The J&J Defendants admit that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which is the best evidence of its contents.

146. The J&J Defendants deny the allegations in the first sentence of Paragraph 146 insofar as it contains material in quotation marks the source of which is not identified. The J&J Defendants deny the second sentence of Paragraph 146 insofar as 42 C.F.R. § 405.517 contains no reference to a "ceiling" on reimbursement amounts.

147. The J&J Defendants admit the allegations in Paragraph 147 of the AMCC.

148. Answering Paragraph 148 of the AMCC, the J&J Defendants admit that the Medicare Program has publicly announced that it would use the AWP published in independently produced pricing publications as the basis for reimbursement. The J&J Defendants state that the Program Memo AB-99-63 cited in Paragraph 148 of the AMCC is the best evidence of its contents.

149. The J&J Defendants state that the Program Memo AB-99-63 cited in Paragraph 149 of the AMCC is the best evidence of its contents.

150-151. The J&J Defendants admit the allegations in Paragraphs 150 through 151 of the AMCC.

152. To the extent the allegations in Paragraph 152 of the AMCC refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. The J&J Defendants admit that there are no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs. The J&J Defendants admit that certain of them report certain pricing information for their medicines to independently produced pricing publications. The J&J Defendants deny the remaining allegations in Paragraph 152 of the AMCC that pertain to them.

153-154. The J&J Defendants state that the April 2003 OIG report cited in Paragraphs 153 through 154 of the AMCC is the best evidence of its contents. The J&J Defendants deny that Plaintiffs have accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to the J&J Defendants.

155. To the extent the allegations in Paragraph 155 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. The J&J Defendants deny the remaining allegations in Paragraph 155 of the AMCC that pertain to them.

156-157. The J&J Defendants state that the September 28, 2000, letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 156 through 157 of the AMCC is the best evidence of its contents. The J&J Defendants deny that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to the J&J Defendants. The J&J Defendants deny the remaining allegations in Paragraphs 156 through 157 of the AMCC that pertain to them.

158-159. To the extent the allegations in Paragraphs 158 through 159 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. The J&J Defendants deny the remaining allegations in Paragraphs 158 through 159 of the AMCC that pertain to them.

160. To the extent the allegations in Paragraph 160 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants,

the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. The J&J Defendants admit that certain of them submit suggested AWPs for their medicines to independently produced pricing publications.

161-184. To the extent the allegations in Paragraphs 161 through 184 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. The J&J Defendants deny the remaining allegations in Paragraphs 161 through 184 of the AMCC that pertain to them.

185. The J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the AMCC and, therefore, deny those allegations.

186-191. To the extent the allegations in Paragraphs 186 through 191 of the AMCC and its subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. The J&J Defendants state that the *Red Book* and the unidentified DOJ report cited in Paragraph 187 of the AMCC and the pleadings cited in Paragraphs 189 through 190 of the AMCC and subparts are the best evidence of their contents. To the extent the allegations in Paragraphs 186 through 191 of the AMCC are deemed to include allegations against the J&J Defendants, they are denied.

192. To the extent the allegations in Paragraph 192 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the

truth of those allegations and, therefore, deny those allegations. The J&J Defendants state the 2003 CMS document cited in Paragraph 192 of the AMCC is the best evidence of its contents. The J&J Defendants deny that Plaintiffs have accurately characterized any alleged CMS finding, opinion, statement or conclusion. The J&J Defendants admit that certain of them sell medicines, that said medicines are sold in a competitive market and that, as such, steps are taken to keep certain information relating to said medicines confidential. The J&J Defendants deny the remaining allegations in Paragraph 192 of the AMCC that pertain to them.

193-196. The J&J Defendants deny the allegations in Paragraphs 193 through 196 of the AMCC that pertain to them. To the extent the allegations in Paragraphs 193 through 196 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

197. The J&J Defendants deny the allegations of Paragraph 197 of the AMCC.

198-199. The allegations in Paragraphs 198 through 199 of the AMCC state legal conclusions to which no response is required. To the extent a response is required, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraphs 198 through 199 of the AMCC that refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, and, therefore, the J&J Defendants deny those allegations. The J&J Defendants deny the remaining allegations in Paragraphs 198 through 199 of the AMCC that pertain to them.

## V.     EXAMPLES OF SPECIFIC UNLAWFUL CONDUCT

200. The J&J Defendants deny the allegations in Paragraph 200 of the AMCC that pertain to them. To the extent the allegations in Paragraph 200 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants,

the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

201-435.  The allegations in Paragraphs 201 through 435 of the AMCC are directed to another defendant and require no response from the J&J Defendants.  To the extent allegations in Paragraphs 201 through 435 of the AMCC are deemed to include allegations against the J&J Defendants, they are denied.

436.  The J&J Defendants admit that Plaintiffs purport to bring this action as alleged in Paragraph 436 of the AMCC, but the J&J Defendants deny that Plaintiffs are entitled to a judgment or any relief.  The J&J Defendants deny the remaining allegations in Paragraph 436 of the AMCC that pertain to them.  To the extent the allegations in Paragraph 436 of the AMCC are directed to another defendant, the J&J Defendants are without sufficient knowledge and information to form a belief as to the truth of those allegations and, therefore, deny those allegations.

437.   The J&J Defendants admit that the governmental agencies listed in Paragraph 437 of the AMCC have conducted investigations concerning pricing in the pharmaceutical industry and that certain of the J&J Defendants have participated in such investigations.  The J&J Defendants deny the remaining allegations in Paragraph 437 of the AMCC that pertain to them.

438.   The J&J Defendants state that the rebate agreement cited in Paragraph 438 of the AMCC is the best evidence of its contents.  The J&J Defendants deny the remaining allegations in Paragraph 438 of the AMCC that pertain to them.

439.   The J&J Defendants deny the allegations in Paragraph 439 of the AMCC except Ortho Biotech admits that it sells Procrit® (epoetin alfa) and that it promotes Procrit® for non-dialysis uses.

984442v2

440. To the extent the allegations in Paragraph 440 of the AMCC refer to or rely on third party publications, the J&J Defendants are without sufficient knowledge to form a belief as to the truth of those allegations and, therefore, deny those allegations. To the extent the allegations in Paragraph 440 of the AMCC are directed to another defendant, the J&J Defendants are without sufficient knowledge and information to form a belief as to the truth of those allegations and, therefore, deny those allegations. The J&J Defendants deny the remaining allegations in Paragraph 439 of the AMCC that pertain to them.

441. The J&J Defendants deny the allegations in Paragraph 441 of the AMCC, except that Centocor admits that the published AWP for a 100mg vial of Remicade was $611.33 in November 1999, and was $665.65 in 2001.

442. The J&J Defendants state that the document entitled "Office-Based Infusion Guide" is the best evidence of its contents. The J&J Defendants deny the conclusions drawn by Plaintiffs from this document are accurate, and deny the remaining allegations in Paragraph 442 of the AMCC that pertain to them.

443. The J&J Defendants deny the allegations in Paragraph 443 of the AMCC that pertain to them.

444. The J&J Defendants state that the document J&J000121-123 and the *Red Book* cited in Paragraph 444 of the AMCC are the best evidence of their contents. The J&J Defendants deny the conclusions drawn by Plaintiffs from these documents are accurate, and deny the remaining allegations in Paragraph 444 of the AMCC that pertain to them.

445. The J&J Defendants admit that certain of them sell medicines, that said medicines are sold in a competitive market and that, as such, steps are taken to keep certain information

14

984442v2

relating to said medicines confidential. The J&J Defendants deny the remaining allegations in Paragraph 445 of the AMCC that pertain to them.

446-540. The allegations in Paragraphs 446 through 540 of the AMCC are directed to another defendant and require no response from the J&J Defendants. To the extent allegations in Paragraphs 446 through 540 of the AMCC are deemed to include allegations against the J&J Defendants, they are denied.

## VI. PLAINTIFFS' CLAIM FOR DAMAGES

541. The J&J Defendants deny that Plaintiffs have suffered damages or injuries as alleged in Paragraph 541 of the AMCC. The J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 541 of the AMCC and, therefore, deny those allegations.

## VII. PLAINTIFFS' CLAIMS CONCERNING TOGETHER RX

542-546. The J&J Defendants deny the allegations in Paragraphs 542 through 566 of the AMCC.

547. The J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 547 of the AMCC and, therefore, deny those allegations.

548. The J&J Defendants admit that, at present, the Medicare Program generally does not cover the cost of self-administered prescription medicines and that Congress has debated the issue of prescription medicine coverage under the Medicare Program. The J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 548 of the AMCC and, therefore, deny those allegations.

549.    The J&J Defendants admit that in recent legislative sessions Congress, in keeping with its role as the legislative branch of the Federal Government, has focused on the pricing of prescription medicines in the United States and on reforming the Medicare and Medicaid prescription medicine programs. To the extent the allegations in Paragraph 549 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. The J&J Defendants state that the April 4, 2001 Prescription Drug Fairness for Seniors Act cited in Paragraph 549 of the AMCC is the best evidence of its contents. The J&J Defendants deny that Plaintiffs have accurately characterized any alleged finding, opinion, statement or conclusion contained in this document or allegedly made by Congressman Allen. To the extent the remaining allegations in Paragraph 549 of the AMCC are deemed to include allegations against the J&J Defendants, they are denied.

550.    To the extent the allegations in Paragraph 550 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. J&J admits that Johnson & Johnson Health Care Systems Inc. participates in the Together Rx Card Program, which commenced in 2002 and allows poor, elderly Americans to enjoy substantial discounts on covered medicines. The J&J Defendants deny the remaining allegations in Paragraph 550 of the AMCC that pertain to them.

551-561.   The allegations in Paragraphs 551 through 561 of the AMCC are directed to another defendant and require no response from the J&J Defendants. To the extent allegations in

Paragraphs 551 through 561 of the AMCC are deemed to include allegations against the J&J Defendants, they are denied.

562. The J&J Defendants state that the press release cited in Paragraph 562 of the AMCC is the best evidence of its contents. The J&J Defendants deny the remaining allegations in Paragraph 562 of the AMCC that pertain to them.

563-565. To the extent the allegations in Paragraphs 563 through 565 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. The J&J Defendants state that the March 12, 2002, *Reuters* article cited in Paragraph 564 of the AMCC is the best evidence of its contents. To the extent the remaining allegations in Paragraphs 563 through 565 of the AMCC are deemed to include allegations against the J&J Defendants, they are denied.

566. J&J admits that Johnson & Johnson Health Care Systems Inc. participates in the Together Rx Card Program, which commenced in 2002 and allows poor, elderly Americans to enjoy substantial discounts on covered medicines. The J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 566 of the AMCC and, therefore, deny those allegations.

567. The J&J Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 567 of the AMCC as to the other parties, except admits that discounts on several of the J&J Defendants' drugs are covered or have been covered at one point of time by the Together Rx Card Program, including Aciphex, Axert, Bicitra, Concerta, Ditropan, Duragesic, Elmiron, Erycette, Flexeril, Floxin, Grifulvin, Levaquin, Monistat-Derm, Mycelex, Neutraphos, Pancrease, Parafon Forte DSC, Polycitra, Regranex,

Reminyl, Renova, Retin-A, Risperdal, Spectazole, Sporanox, Terazol, Tolectin, Topamax, Tylenol with Codeine, Tylox, Ultracet, Ultram, Urispas and Vascor.  The J&J Defendants otherwise deny the allegations in Paragraph 567 of the AMCC to the extent they are directed at them.

568-572.  The allegations in Paragraphs 568 through 572 of the AMCC are directed to another defendant and require no response from the J&J Defendants.  To the extent allegations in Paragraphs 568 through 572 of the AMCC are deemed to include allegations against the J&J Defendants, they are denied.

573.  The J&J Defendants admit that the medicines identified in Paragraph 573 of the AMCC are or have been manufactured by certain of the J&J Defendants and are or have been covered by the Together Rx Card Program.  The J&J Defendants deny the remaining allegations of Paragraph 573 of the AMCC.

574-575.  The allegations in Paragraphs 571 through 575 of the AMCC are directed to another defendant and require no response from the J&J Defendants.  To the extent allegations in Paragraphs 571 through 575 of the AMCC are deemed to include allegations against the J&J Defendants, they are denied.

576.  To the extent the allegations in Paragraph 576 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.  The J&J Defendants state that the unidentified document cited in Paragraph 576 of the AMCC is the best evidence of its contents.  The J&J Defendants deny the remaining allegations in Paragraph 576 of the AMCC that pertain to them.

577-583.  To the extent the allegations in Paragraphs 577 through 583 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.  The J&J Defendants state that the unidentified document cited in Paragraph 577 of the AMCC, the April 10, 2002 press release cited in Paragraph 579 of the AMCC, the press release cited in Paragraph 580 of the AMCC, and the February 3, 2003, document and/or statement cited in Paragraph 583 of the AMCC are the best evidence of their contents.  The J&J Defendants deny the Plaintiffs have accurately characterized any alleged finding, opinion, statement or conclusion contained in these documents and/or statements.  To the extent the remaining allegations in Paragraphs 577 through 583 of the AMCC are deemed to include allegations against the J&J Defendants, they are denied.

584-594.  The J&J Defendants deny the allegations in Paragraphs 584 through 594 of the AMCC.

## VIII.   CLASS ALLEGATIONS FOR THE PURPORTED "AWP PAYOR CLASS"

595-598.  The J&J Defendants admit that Plaintiffs purport to bring this action as alleged in Paragraphs 595 through 598 of the AMCC, but the J&J Defendants deny that Plaintiffs are entitled to maintain this action in the manner alleged.  The J&J Defendants deny the remaining allegations in Paragraphs 595 through 598 of the AMCC.

599-603.  The allegations in Paragraphs 599 through 603 of the AMCC state legal conclusions to which no answer is required.  The J&J Defendants deny the allegations in Paragraphs 599 through 603 of the AMCC.

984442v2

## IX. CLASS ALLEGATIONS FOR THE PURPORTED "TOGETHER RX CLASS"

604-605. The J&J Defendants admit that Plaintiffs purport to bring this action as alleged in Paragraphs 604 through 605 of the AMCC, but the J&J Defendants deny that Plaintiffs are entitled to maintain this action in the manner alleged.

606-607. The allegations in Paragraphs 606 through 607 of the AMCC state a legal conclusion to which no answer is required. The J&J Defendants deny, however, that Plaintiffs have pled a proper class or named proper class representatives.

608. The J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 608 of the AMCC and, therefore, deny those allegations.

609. The J&J Defendants admit that Plaintiffs purport to bring this action as alleged in Paragraph 609 of the AMCC, but the J&J Defendants deny that Plaintiffs are entitled to maintain this action in the manner alleged.

610-614. The allegations in Paragraphs 610 through 614 of the AMCC state a legal conclusion to which no answer is required. To the extent a response is required, the J&J Defendants deny the allegations in Paragraphs 610 through 614 of the AMCC.

615. The J&J Defendants deny that Plaintiffs and members of the Classes have suffered, and will continue to suffer harm and damages, as a result of defendants' alleged conduct. The remaining allegations in Paragraph 615 of the AMCC state a legal conclusion to which no answer is required. The J&J Defendants deny, however, that Plaintiffs have pled a proper class.

616-618. The J&J Defendants deny the allegations in Paragraphs 616 through 618 of the AMCC.