**COUNT I (RICO)**

619-646.   The Court dismissed Count I in its Order dated February 25, 2004. Accordingly, the J&J Defendants do not respond to Paragraphs 619 through 646 of the AMCC. To the extent a response is required, the J&J Defendants deny all allegations contained within Count I of the AMCC that pertain to them.

**COUNT II (RICO)**

647.   Answering Paragraph 647 of the AMCC, the J&J Defendants reallege and incorporate their responses to the allegations in Paragraphs 1 through 646 of the AMCC.

648.   To the extent the allegations in Paragraph 648 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.  The J&J Defendants admit that Plaintiffs purport to bring this action and to seek relief under Count II of the AMCC as alleged in Paragraph 648, but the J&J Defendants deny that Plaintiffs are entitled to maintain this action as alleged or to any relief against the J&J Defendants under Count II.  The J&J Defendants deny the remaining allegations in Paragraph 648 of the AMCC.

649.   The allegations in Paragraph 649 of the AMCC state a legal conclusion to which no answer is required.  The J&J Defendants deny, however, that Plaintiffs have pled a proper class.

650.   To the extent the allegations in Paragraph 650 of the AMCC and subparts state legal conclusions, the J&J Defendants aver that no answer is required.  The J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 650 and subparts and, therefore, deny those allegations.

984442v2

651-655.   The J&J Defendants deny the allegations in Paragraphs 651 through 655 that pertain to them.  To the extent the allegations in Paragraphs 651 through 655 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.  The J&J Defendants state that the unidentified "industry report" cited in Paragraph 655 of the AMCC is the best evidence of its contents.

656-678.   To the extent the allegations in Paragraph 656 through 678 of the AMCC include allegations against the J&J Defendants, they are denied.  To the extent the allegations in Paragraphs 656 through 678 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

679.   The allegations in Paragraph 679 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, the J&J Defendants deny the allegations in Paragraph 679 of the AMCC.

**COUNT III (DECLARATORY RELIEF)**

680.   Answering Paragraph 680 of the AMCC, the J&J Defendants reallege and incorporate their responses to the allegations in Paragraphs 1 through 679 of the AMCC.

681.   The J&J Defendants deny the allegations in Paragraph 681 of the AMCC that pertain to them.  The allegations in Paragraph 681 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, the J&J Defendants deny that Plaintiffs have standing to bring this action, and denies that an actual case and controversy exists.

To the extent the allegations in Paragraph 681 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

682-683.   Answering the first sentence of Paragraph 682 of the AMCC, the J&J Defendants refer to and incorporate their response to Paragraph 681 of the AMCC.  To the extent the allegations in Paragraphs 682 through 683 of the AMCC and refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.  The J&J Defendants deny the remaining allegations in Paragraphs 682 through 684 of the AMCC that pertain to them.

### COUNT IV (CONSUMER PROTECTION STATUTES)

684.   Answering Paragraph 684 of the AMCC, the J&J Defendants reallege and incorporate their responses to the allegations in Paragraphs 1 through 683 of the AMCC.

685.   The J&J Defendants admit that Plaintiffs purport to bring this action and to seek relief under Count IV of the AMCC as alleged in Paragraph 685, but the J&J Defendants deny that Plaintiffs are entitled maintain this action as alleged or to any relief against the J&J Defendants under Count IV.   The J&J Defendants deny the remaining allegations in Paragraph 685 of the AMCC.

686.   To the extent the allegations in Paragraph 686 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.  J&J, Janssen, McNeil-PPC and

Ortho Biotech admit that their principal places of business are located in New Jersey.  Centocor admits that its principal places of business is located in Pennsylvania.  The J&J Defendants admit that certain states have enacted consumer protection laws, but the J&J Defendants deny that it has violated such laws or that Plaintiffs or any putative class members are entitled to relief under such laws.  The J&J Defendants deny the remaining allegations in Paragraph 686 of the AMCC and subparts that pertain to them.

687-691.  The J&J Defendants deny the allegations in Paragraphs 687 through 691 of the AMCC and subparts that pertain to them.  To the extent the allegations in Paragraphs 687 through 691 of the AMCC and subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

**COUNT V (CLAYTON ACT – TOGETHER RX)**

692.    Answering Paragraph 692 of the AMCC, the J&J Defendants reallege and incorporate their responses to the allegations in Paragraphs 1 through 691 of the AMCC.

693-694.  The J&J Defendants deny the allegations in Paragraphs 693 through 694 of the AMCC.

695.    The allegations in Paragraph 695 of the AMCC state a legal conclusion to which no answer is required.  To the extent a response is required, the J&J Defendants deny the allegations in Paragraph 695 of the AMCC.

696-698.  The J&J Defendants deny the allegations in Paragraphs 696 through 698 of the AMCC.

**COUNT VI (SHERMAN ACT)**

699.   Answering Paragraph 699 of the AMCC, the J&J Defendants reallege and incorporate their responses to the allegations in Paragraphs 1 through 698 of the AMCC.

700-703.   The J&J Defendants deny the allegations in Paragraphs 700 through 703 of the AMCC that pertain to them.   To the extent the allegations in Paragraphs 700 through 703 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

704.   The J&J Defendants deny the allegations in Paragraph 704 of the AMCC.

**COUNT VII (INDIRECT PURCHASER – TOGETHER RX)**

705.   Answering Paragraph 705 of the AMCC, the J&J Defendants reallege and incorporate their responses to the allegations in Paragraphs 1 through 704 of the AMCC.   The J&J Defendants deny the remaining allegations in Paragraph 705 of the AMCC.

706-708.   The J&J Defendants deny the allegations in Paragraphs 706 through 708 of the AMCC and subparts.

**COUNT VIII (RICO – TOGETHER RX)**

709.   Answering Paragraph 709 of the AMCC, the J&J Defendants reallege and incorporate their responses to the allegations in Paragraphs 1 through 708 of the AMCC.

710.   The J&J Defendants admit that Plaintiffs purport to bring this action and to seek relief under Count VII of the AMCC as alleged in Paragraph 710, but the J&J Defendants deny that Plaintiffs are entitled maintain this action as alleged or to any relief against the J&J Defendants under Count VII.

711.     The allegations in Paragraph 711 state legal conclusions to which no response is required.   To the extent a response is required, the J&J Defendants deny the allegations in Paragraph 711 of the AMCC.

712-717.   The J&J Defendants deny the allegations in Paragraphs 712 through 717 of the AMCC that pertain to them, except that J&J admits that Johnson & Johnson Health Care Systems Inc. is a participant in the Together Card Program.

718-719.   The J&J Defendants deny the allegations in Paragraphs 718 though 719 of the AMCC and subparts that pertain to them.   To the extent the allegations in Paragraphs 718 through 719 of the AMCC and subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

720-725.   The J&J Defendants deny the allegations in Paragraphs 720 through 725 of the AMCC that pertain to them.

**COUNT IX (CIVIL CONSPIRACY – PBMs)**

726.     Answering Paragraph 726 of the AMCC, the J&J Defendants reallege and incorporate their responses to the allegations in Paragraphs 1 through 725 of the AMCC.

727.     The J&J Defendants admit that Plaintiff CMHV purports to bring this action as alleged in Paragraph 727 of the AMCC, but the J&J Defendants deny that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.   The J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 727 of the AMCC and, therefore, deny those allegations.

26

728-731.  The J&J Defendants deny the allegations in Paragraphs 728 through 731 of the AMCC and subparts that pertain to them.  To the extent the allegations in Paragraphs 728 through 731 of the AMCC and subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

732-733.  The J&J Defendants deny the allegations in Paragraphs 732 through 733 of the AMCC that pertain to them.

## X.     CIVIL CONSPIRACY (TOGETHER RX)

734.     Answering Paragraph 734 of the AMCC, the J&J Defendants reallege and incorporates its responses to the allegations in Paragraphs 1 through 733 of the AMCC.

735.     The J&J Defendants admit that Plaintiff CMHV purports to bring this action as alleged in Paragraph 735 of the AMCC, but the J&J Defendants deny that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  The J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 735 of the AMCC and, therefore, deny those allegations.

736-741.  The J&J Defendants deny the allegations in Paragraphs 736 through 741 of the AMCC as they pertain to them.

### UNNUMBERED "WHEREFORE" PARAGRAPH AND REQUEST FOR JURY TRIAL

The J&J Defendants deny Plaintiffs are entitled to a judgment or any other relief requested in their Prayer for Relief and "WHEREFORE" paragraph following Paragraph 741 of the AMCC.

## DEFENSES

### First Defense

Plaintiffs and the putative class fail to state a claim against the J&J Defendants upon which relief may be granted.

### Second Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Third Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the filed rate doctrine.

### Fourth Defense

Plaintiffs and the putative class have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of the J&J Defendants as alleged in the AMCC.

### Fifth Defense

To the extent Plaintiffs and/or any member of the putative class obtain recovery in any other case predicated on the same factual allegations, that Plaintiff or purported class member is barred from seeking recovery against the J&J Defendants based on the AMCC pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### Sixth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New

28

York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation.

### Seventh Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by the J&J Defendants in judicial, legislative or administrative proceedings of any kind or at any level of government.

### Eighth Defense

Plaintiffs and the putative class' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

### Ninth Defense

Any and all actions taken by the J&J Defendants with respect to any of the matters alleged in the AMCC were taken in good faith and in accordance with established industry practice.

### Tenth Defense

Plaintiffs and the putative class' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Eleventh Defense

Plaintiffs' and the putative class' claims are preempted by the dormant Commerce Clause of the United States Constitution.

984442v2

### Twelfth Defense

Plaintiffs' and the putative class' claims against the J&J Defendants are barred because the J&J Defendants have complied with all applicable regulations of the federal and state governments.

### Thirteenth Defense

Plaintiffs' and the putative class' claims against the J&J Defendants are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Fourteenth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because they violate the J&J Defendants' rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as all applicable state constitutions, insofar as Plaintiffs and the putative class members seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Fifteenth Defense

The J&J Defendants' statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

### Sixteenth Defense

Plaintiffs and the putative class fail to state with particularity facts to support the fraud allegations, and fail to plead with particularity the fraudulent concealment and multi-source medicine allegations against the J&J Defendants contained in the AMCC.

### Seventeenth Defense

Plaintiffs and the putative class fail to allege with particularity their civil conspiracy claims against the J&J Defendants as required by Fed. R. Civ. P. 9(b).

984442v2

## Eighteenth Defense

Plaintiffs' and the putative class' claims against the J&J Defendants are barred, in whole or in part, because the J&J Defendants did not make any false statements to Plaintiffs or to any members of the putative class members.  As to any statement asserted against the J&J Defendants that Plaintiffs and the putative class allege to be false or misleading, the J&J Defendants had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## Nineteenth Defense

Plaintiffs' and the putative class' claims against the J&J Defendants are barred because the J&J Defendants did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

## Twentieth Defense

Plaintiffs' and the putative class' RICO claims against the J&J Defendants are barred, in whole or in part, due to Plaintiffs' failure to properly allege a RICO enterprise as required by 18 U.S.C. § 1962(c).

## Twenty-First Defense

Plaintiffs' and the putative class' RICO claims against the J&J Defendants are barred, in whole or in part, due to their failure to plead facts showing that the J&J Defendants and the PBMs are ongoing organizations whose members function as a continuing unit and share common purposes as required by *United States v. Turkette*, 452 U.S. 576, 583 (1981).

## Twenty-Second Defense

Plaintiffs' and the putative class' RICO claims against the J&J Defendants are barred, in whole or in part, due to their failure to allege that the J&J Defendants conducted the affairs of the alleged enterprises as required by 18 U.S.C. § 1962(c).

984442v2

**Twenty-Third Defense**

Plaintiffs and the putative class lack standing to bring their RICO claims against the J&J Defendants because they cannot show the J&J Defendants directly caused their alleged injuries as required by 18 U.S.C. § 1964(c) and *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 265-66, 268 (1992).

**Twenty-Fourth Defense**

Plaintiffs' and the putative class' civil conspiracy claims against the J&J Defendants are barred, in whole or in part, by their failure to allege a concerted action as required by *Aetna Cas. Sur. Co. v. P&B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994) and *Grant v. John Hancock Mut. Life Ins. Co.*, 183 F. Supp. 2d 344, 359 (D. Mass. 2002), and/or by their failure to allege a coercive conspiracy as required by *Fleming v. Dance*, 22 N.E.2d 609, 611 (Mass. 1939).

**Twenty-Fifth Defense**

Plaintiffs' and the putative class' civil conspiracy claims against the J&J Defendants are barred, in whole or in part, because they are duplicative and improper under Massachusetts law. *See Grant*, 183 F. Supp. 2d at 364.

**Twenty-Sixth Defense**

The J&J Defendants deny that Plaintiffs and the putative class have valid consumer protection claims against the J&J Defendants under California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington or any other State whose law is or becomes relevant in the course of this multidistrict litigation. However, if such claims are found to exist, the J&J Defendants pleads all available defenses under the Acts.

**Twenty-Seventh Defense**

Any allegedly fraudulent statements or conduct of the J&J Defendants did not directly or proximately cause the alleged injuries of Plaintiffs and/or any members of the putative class as

984442v2

required under state consumer protection laws, including without limitation those of Florida, Illinois, Louisiana, New Jersey, New York, Pennsylvania, Texas and Washington.

### Twenty-Eighth Defense

The J&J Defendants' conduct was neither "deceptive," "misleading," "unlawful" nor "illegal" as required under certain state consumer protection laws, including without limitation those of Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Texas and/or Washington.

### Twenty-Ninth Defense

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against the J&J Defendants, they are not entitled to such relief because they have an adequate remedy at law.

### Thirtieth Defense

Plaintiffs and the putative class lack standing to bring their asserted consumer protection claims against the J&J Defendants under certain state consumer protection laws, including without limitation those of Delaware, Florida, Louisiana, New Jersey, Pennsylvania and Washington.

### Thirty-First Defense

Plaintiffs and the putative class did not rely on the allegedly fraudulent statements or conduct of the J&J Defendants as required under certain state consumer protection laws, including without limitation those of New York and Pennsylvania.

### Thirty-Second Defense

Any allegedly fraudulent statement or conduct of the J&J Defendants was not consumer-oriented as required under certain consumer protection law, including without limitation that of New York.

984442v2

## **Thirty-Third Defense**

Plaintiffs' and the putative class' claims against the J&J Defendants for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

## **Thirty-Fourth Defense**

Plaintiffs' and the putative class' claims for injunctive relief against the J&J Defendants are barred by the doctrines of *in pari delicto* and/or unclean hands.

## **Thirty-Fifth Defense**

This action cannot be maintained as a class action because (1) the certification and maintenance of this action as a class would violate the separation of powers provisions of the United States Constitution and would be an unconstitutional usurpation of authority reserved to the legislative branch; (2) the claims of Plaintiffs and the putative class cannot be properly joined with one another because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences; (3) the named Plaintiffs and the putative class cannot satisfy the procedural requirements of Fed. R. Civ. P. 23; (4) the questions of fact at issue are not common to the alleged class, but rather, are highly specific and will vary dramatically from person to person and entity to entity; and/or (5) class certification would violate the J&J Defendants' rights provided by the Fifth, Seventh and Fourteenth Amendments to the United States Constitution as well as by the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation, including but not limited to the J&J Defendants' right to procedural and substantive safeguards, which include traditional defenses to liability.

## Thirty-Sixth Defense

Plaintiffs' and the putative class' antitrust claims against the J&J Defendants (1) are barred because they have not suffered any antitrust injury; (2) are barred in whole or in part for lack of standing; and/or (3) should be dismissed because the alleged conspiracy does not make economic sense and is economically implausible.

## Thirty-Seventh Defense

Any alleged restraints complained of in the AMCC are ancillary to legitimate, procompetitive activity.

## Thirty-Eighth Defense

The J&J Defendants' conduct was not intended to have, did not have and was not likely to have had any adverse effects on competition in any relevant market.

## Thirty-Ninth Defense

Plaintiffs' and the putative class' claims against the J&J Defendants under Section 1 of the Sherman Act, 15 U.S.C. § 1, are barred to the extent recovery is based on indirect purchases of medicines.

## Fortieth Defense

Plaintiffs' and the putative class' antitrust claims against the J&J Defendants under the various state antitrust statutes are barred in whole or in part to the extent those statutes (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly interstate in nature.

## Forty-First Defense

Plaintiffs' and the putative class' antitrust claims against the J&J Defendants under the various state unfair trade and competition statutes are barred in whole or in part to the extent those statutes (1) do not allow (or did not allow at the time the conduct was alleged herein)

recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly intrastate in nature.

### Forty-Second Defense

Plaintiffs' and the putative class' antitrust claims against the J&J Defendants under the various state consumer protection and consumer fraud statutes are barred in whole or in part to the extent those statutes (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly intrastate in nature.

### Forty-Third Defense

Plaintiffs' and the putative class' antitrust claims against the J&J Defendants under the various state unfair trade, unfair competition, consumer protection and consumer fraud statutes are barred to the extent (1) those claims represent an impermissible circumvention of the states' antitrust statutes; and (2) those statutes apply only to deceptive or misleading conduct and/or govern only consumer transactions.

### Forty-Fourth Defense

Third party payor plaintiffs' and third party payor putative class members' claims against the J&J Defendants are barred, in whole or part, with respect to any alleged overcharge or supracompetitive price on the ground that third party payors passed on any effect of the alleged supracompetitive prices to their customers or employees in the form of higher premiums, co-pays or other charges.

### Forty-Fifth Defense

Plaintiffs' and the putative class' claims against the J&J Defendants are barred, in whole or in part, with respect to any alleged overcharge or supracompetitive price because such supracompetitive price, if any, was absorbed, in whole or part, by a person and/or entity which

purchased the medicine directly, and/or by an intermediate indirect purchaser, and was not passed through to the Plaintiffs and putative class members.

### Forty-Sixth Defense

Plaintiffs' and the putative class' claims against the J&J Defendants are barred, in whole or in part, due to their failure to join indispensable parties.

### Forty-Seventh Defense

Plaintiffs' and the putative class' claims against the J&J Defendants are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the AMCC.

### Forty-Eighth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because any injuries sustained by Plaintiffs or the putative class were the result of intervening or superceding conduct of third parties.

### Forty-Ninth Defense

Plaintiffs' and the putative class' claims against the J&J Defendants for damages are barred, in whole or in part, (1) because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to the J&J Defendants; (2) because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the AMCC; (3) by the doctrine of consent and/or ratification to the extent that plaintiffs and/or putative class members have received and paid for medicines manufactured, marketed and sold by the J&J Defendants after the filing of Plaintiffs' original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

984442v2

### Fiftieth Defense

The J&J Defendants are entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs and/or the putative class, with respect to the same alleged injuries.

### Fifty-First Defense

Any damages recovered by the Plaintiffs and the putative class from the J&J Defendants must be limited by the applicable statutory ceilings on recoverable damages.

### Fifty-Second Defense

Plaintiffs and the putative class fail to allege facts or a cause of action against the J&J Defendants sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

### Fifty-Third Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against the J&J Defendants: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the AMCC are legally insufficient to support a claim for punitive damages against the J&J Defendants; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give the J&J Defendants prior notice of the conduct for which punitive damages may be imposed, and the severity of the penalty that may be imposed, and are void for vagueness in violation of the J&J Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitutions and the constitutions of any applicable states' laws; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate the J&J Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable states' laws; (5) cannot

38

be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against the J&J Defendants for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of the J&J Defendants' medicines would constitute impermissible multiple punishments for the same wrong, in violation of the J&J Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law and statutory law of any applicable states' laws; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate the J&J Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' law; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according the J&J Defendants the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate the J&J Defendants' rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' laws.

### **Fifty-Fourth Defense**

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for punitive damages against the J&J Defendants cannot be sustained because an award of punitive

damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of the J&J Defendants, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding Plaintiff's and the putative class' burden of proof with respect to each and every element of a claim for punitive damages, and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate the J&J Defendants' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law and public policies of any applicable states' laws.

## **Fifty-Fifth Defense**

To the extent punitive damages are sought, Plaintiff's and the putative class' claim for punitive damages against the J&J Defendants cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate the J&J Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate the J&J Defendants' right not to be subjected to an

40

excessive award; and (3) be improper under the constitutions, common law and public policies of any applicable states' laws.

### Fifty-Sixth Defense

The J&J Defendants adopt by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

### Fifty-Seventh Defense

The J&J Defendants hereby give notice that they intend to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.  The J&J Defendants also reserve the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state other than California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and/or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

WHEREFORE, the J&J Defendants demand that:    (1) The Amended Master Consolidated Complaint be in all respects dismissed as to them; (2) That they be awarded their costs of defending this action, including their reasonable attorneys' fees; and (3) That they be awarded such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        April 9, 2004

Respectfully Submitted,

/s/ Andrew D. Schau
_____
William F. Cavanaugh, Jr.
Andrew D. Schau
Erik Haas
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036-6710
(212) 336-2546
*Attorneys for Defendants*
    *Johnson & Johnson, Centocor, Inc., Janssen*
    *Pharmaceutica Products, L.P., McNeil-*
    *PPC, Inc., and Ortho Biotech Products, L.P.*

42

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of April, 2004, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

/s/  Andrew D. Schau
_____
Andrew D. Schau

43

984442v2