# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL NO. 1456 CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS ) ) ) | Judge Patti B. Saris |

## DEFENDANT ABBOTT LABORATORIES'
## ANSWER AND DEFENSES TO INTERVENORS'
## AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT

Defendant Abbott Laboratories ("Abbott") hereby responds to the Amended Master Consolidated Class Action Complaint (the "AMCC") in corresponding numbered paragraphs as follows:

### Preface

The AMCC improperly and repetitively refers to Abbott and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Abbott or other defendants or third parties.  Intentionally ambiguous pleading is improper and insufficient to apprise Abbott in any meaningful sense of the allegations asserted against it. Abbott nevertheless attempts to respond to Plaintiffs' allegations to the extent possible under the circumstances.  In answering the AMCC, Abbott responds only for itself, even when Plaintiffs' allegations refer to alleged conduct by Abbott and other persons or entities.  To the extent the allegations in the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

The AMCC improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully. Many of the allegations of the AMCC are vague or conclusory. The AMCC also includes terms which are undefined and which are susceptible of different meanings.

The AMCC contains purported quotations from a number of sources, many of which are unidentified. If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, Abbott reserves the right to assert such privileges, hereby moves to strike such references and demands return of any such documents that Plaintiffs may have in their possession, custody or control. In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Abbott specifically denies the existence of, or its participation in, any fraud, fraudulent scheme, conspiracy or enterprise. Abbott further denies each and every allegation contained in the AMCC, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes or speculations which are contained in any averment or in the AMCC as a whole. Moreover, Abbott specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered paragraphs in the AMCC.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

**I.**

1.      Abbott admits that Plaintiffs seek to bring this action as alleged in Paragraph 1 of the AMCC.  Abbott denies that Plaintiffs are entitled to maintain this action in the manner alleged.

2.      To the extent the allegations in Paragraph 2 of the AMCC allege a conspiracy between Abbott and various publishing entities, no response is required because these allegations, which formed the basis of Count I of the AMCC, were dismissed with prejudice by the Court's Order dated February 24, 2004.  Abbott further denies the remaining allegations in Paragraph 2 of the AMCC.

3.      Denied.

4.      Abbott admits that Congress has mandated that Medicare Part B reimbursements be based, in part, in certain circumstances, upon AWP, and further admits that Medicare Part B medicines are generally, but not always, administered in a healthcare provider's office.  Abbott denies the remaining allegations in Paragraph 4 of the AMCC.

5.      Abbott admits that AWP is used by certain entities, in certain circumstances, for reimbursement purposes.  Abbott denies the remaining allegations in Paragraph 5 of the AMCC.

6.      Abbott admits that Plaintiffs purport to bring this action as alleged in Paragraph 6 of the AMCC, but Abbott denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Abbott denies the remaining allegations in Paragraph 6 of the AMCC.

7.      Denied.

8.      Abbott admits that Plaintiffs purport to bring this action as alleged in Paragraph 8 of the AMCC, but Abbott denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Abbott admits that it participates in the Together Rx Card Program which commenced in 2002 and allows poor, elderly Americans to enjoy substantial discounts on covered medicines.

Abbott denies the remaining allegations in Paragraph 8 of the AMCC.

9-10.   Denied.

11.   Abbott admits that Plaintiffs have filed attachments to the AMCC.  To the extent the allegations in Paragraph 11 of the AMCC are deemed to include allegations against Abbott, they are denied.

12.   The Court dismissed Count I in its Order dated February 24, 2004.  Accordingly, Abbott does not respond to Paragraph 12 of the AMCC.  To the extent a response is required, Abbott denies the allegations in Paragraph 12 and Count I of the AMCC.

13-21.  Abbott admits that Plaintiffs purport to bring this action as a class action, and that Plaintiffs seek relief under Counts II through X as alleged in Paragraphs 13 through 21 of the AMCC.  Abbott denies that this action can be maintained in the manner alleged, and further denies that Plaintiffs are entitled to relief under Counts II through X of the AMCC.  Abbott denies the remaining allegations in Paragraphs 13 through 21.

**II.**

22-23.  Admitted.

24.   Abbott admits the second sentence in Paragraph 24 of the AMCC.  Abbott denies the remaining allegations in Paragraph 24 of the AMCC.

25.   Admitted.

**III.**

26-31.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 26 through 31 of the AMCC and, therefore, denies those allegations.

32-36.  Abbott admits that Plaintiffs VPIRG, WCA, StateWide, CANY and CCJ purport to bring this action as alleged in Paragraphs 32 through 36 of the AMCC, but Abbott denies that

these Plaintiffs have standing to bring the alleged action.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 32 through 36 of the AMCC and, therefore, denies those allegations.

36(a)-36(c).   Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 36(a) through 36(c) of the AMCC and, therefore, denies those allegations.

37-38. Denied.

39.   Abbott admits that it is an Illinois corporation with its principal place of business at 100 Abbott Park Road, Abbott Park, Illinois.  Abbott further admits that among its diverse operations it discovers, develops, manufactures, and markets health care products and pharmaceuticals.  Abbott further admits that it reported revenues for the year 2000 of approximately $13.7 billion and net earnings of $2.8 billion.  Abbott denies the remaining allegations in Paragraph 39 of the AMCC.

40.   Abbott admits that, among other things, it manufactures certain prescription medications that are covered by Medicare Part B.  Abbott denies the remaining allegations in Paragraph 40 of the AMCC.

41.   Abbott admits that Plaintiffs purport to sue Abbott in its capacity as a participant in the Together Rx program.  Abbott denies the remaining allegations in Paragraph 41 of the AMCC.

42-130.   The allegations in Paragraphs 42 through 130 of the AMCC are directed to other defendants and require no response from Abbott.  To the extent the allegations in Paragraphs 42 through 130 of the AMCC are deemed to include allegations against Abbott, they are denied.

131.    Abbott admits that Together Rx LLC is a Delaware limited liability company and that its member companies are Abbott Laboratories; AstraZeneca Pharmaceuticals LP; Aventis Pharmaceuticals Inc.; Bristol-Myers Squibb Company; SmithKline Beecham Corporation d/b/a GlaxoSmithKline; Janssen Pharmaceutical Products, L.P. and McNeil-OPC, Inc. (both affiliates of Johnson & Johnson); and Novartis Pharmaceuticals Corporation.  Abbott denies the remaining allegations contained in Paragraph 131 of the AMCC.

## IV.

132.    Paragraph 132 simply characterizes the AMCC, accordingly no response is required.  To the extent a response is required, Abbott denies the allegations contained in Paragraph 132 of the AMCC.

133.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the AMCC and, therefore, denies those allegations.

134.    Abbott admits that Congress mandated that Medicare Part B reimbursement be based, in part, in certain circumstances, on AWP.  Abbott denies the remaining allegations in Paragraph 134 of the AMCC.

135.    Abbott admits that independently produced pricing publications periodically report AWPs for prescription medicines sold in the United States.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135 of the AMCC and, therefore, denies those allegations.

136.    Abbott states that the 1999 edition of the *Red Book* and the June 1966 Dow Jones News article cited in Paragraph 136 of the AMCC establish their contents.  Abbott denies the remaining allegations in Paragraph 136 of the AMCC.

137-141.       Denied.

142-144.        Paragraphs 142 through 144 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Abbott states that the regulations and statutes cited in Paragraphs 142 through 144 of the AMCC establish their contents, and denies that Plaintiffs have accurately characterized any conclusions that may be drawn from those regulations and statutes.

145.        Abbott admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth, in part, at 42 CFR 405.517.  To the extent that plaintiffs purport to summarize or characterize 42 C.F.R. 405.517, Paragraph 145 of the AMCC states a legal conclusion to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 145 of the AMCC.

146.        Paragraph 146 of the AMCC states legal conclusions to which no response is required.  To the extent a response is required, Abbott admits that federal statutes and regulations set forth the payment methodology for drugs under Medicare Part B.  Abbott is without knowledge or information sufficient to form a belief as to the accuracy of the unattributed quotations in Paragraph 146 of the AMCC.  Abbott denies the remaining allegations in Paragraph 146 of the AMCC.

147.        Abbott admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth, in part, at 42 CFR 405.517.  To the extent that plaintiffs purport to summarize or characterize 42 C.F.R. 405.517, Paragraph 147 of the AMCC states a legal conclusion to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 147 of the AMCC.

148-149.        Paragraphs 148-149 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Abbott states that Program

Memorandum AB-99-63 establishes its content, and denies that Plaintiffs have accurately characterized any conclusion that may be drawn from it.  Abbott denies the remaining allegations in Paragraphs 148-149 of the AMCC.

150.    Paragraph 150 of the AMCC states legal conclusions to which no response is required.  To the extent a response is required, Abbott admits that federal law governs the manner in which Medicare Part B reimburses medical providers for certain drugs.  Abbott is without knowledge or information sufficient to form a belief as to whether the summary of those laws set forth in Paragraph 150 of the AMCC is accurate in all instances.  Abbott denies the remaining allegations in Paragraph 150 of the AMCC.

151.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the AMCC and, therefore, denies those allegations.

152.    Abbott admits that there are no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs.  Abbott admits that it reports certain pricing information for its medicines to independently produced pricing publications.  Abbott denies the remaining allegations in Paragraph 152 of the AMCC.

153-154.       Abbott states that the April 2003 OIG report cited in Paragraphs 153 through 154 of the AMCC establishes its content.  Abbott denies that Plaintiffs have accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to Abbott.  Abbott denies the remaining allegations in Paragraphs 153 through 154 of the AMCC.

155.    Abbott admits certain federal and state agencies have investigated marketing and pricing practices with respect to certain Medicare and Medicaid reimbursable products.  Abbott denies the remaining allegations in Paragraph 155 of the AMCC.

156-157.    Abbott states that the September 28, 2000, letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 156 through 157 of the AMCC establishes its content.  Abbott denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to Abbott.  Abbott denies the remaining allegations in Paragraphs 156 through 157 of the AMCC.

158.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the AMCC and, therefore, denies those allegations.

159-183.    Denied.

184.    The first two sentences of Paragraph 184 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Abbott admits that federal statutes and regulations set forth the payment methodology for drugs under Medicare Part B. Abbott denies the remaining allegations in Paragraph 184 of the AMCC.

185.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the AMCC and, therefore, denies those allegations.

186-191.    Abbott states that the *Red Book* and the unidentified DOJ report cited in Paragraph 187 of the AMCC and the pleadings cited in Paragraphs 189 through 190 of the AMCC and subparts establish their contents, but deny that Plaintiffs have accurately characterized any conclusions that may be drawn from them.  To the extent the allegations in Paragraphs 186 through 191 of the AMCC are deemed to include allegations against Abbott, they are denied.

192.    Abbott states that the 2003 CMS document cited in Paragraph 192 of the AMCC establishes its content.  Abbott denies that Plaintiffs have accurately characterized any alleged

CMS finding, opinion, statement or conclusion.  Abbott admits that it sells its pharmaceuticals in

a competitive market and, as such, takes steps to keep certain information relating to its

pharmaceuticals confidential.  Abbott denies the remaining allegations in Paragraph 192 of the

AMCC.

       193-197.      Denied.

       198-199.      The allegations in Paragraphs 198 through 199 of the AMCC state legal

conclusions to which no response is required.  To the extent a response is required, Abbott denies

the allegations in Paragraphs 198 through 199 of the AMCC.

**V.**

       200.      Denied.

       201.      Abbott admits that plaintiffs purport to seek relief for the drugs set forth in

Appendix A and identified in the above chart.  Abbott denies that Plaintiffs are entitled to the

relief sought in Paragraph 201 of the AMCC.  Abbott denies the remaining allegations in

Paragraph 201 of the AMCC.

       202.      Abbott admits that certain federal and state agencies have investigated marketing

and pricing practices with respect to certain Medicare and Medicaid reimbursable products.

Abbott denies the remaining allegations in Paragraph 202 of the AMCC.

       203.      Abbott admits that Representative Pete Stark sent a letter to Abbott's Chief

Executive Officer in October 2000, containing certain allegations and characterizations by Mr.

Stark, including the language quoted in paragraph 203.  Abbott denies that Plaintiffs have

accurately characterized the findings, opinions, statements or conclusions of Congressman Stark,

or that such are applicable to Abbott.  Abbott further denies the remaining allegations in

Paragraph 203 of the AMCC.

       204.      Denied.

205.    Abbott admits that the quoted language in sub-paragraph 205(a) is contained in an internal memorandum prepared by an Abbott employee.  Abbott avers that part of the quoted language in sub-paragraph 205(b) is contained in a request for proposal prepared by GeriMed.  Abbott denies the remaining allegations in Paragraph 205, including its subparts, of the AMCC.

206-207.    Denied.

208.    Abbott states that the DHHS Report cited in Paragraph 208 of the AMCC establishes its content.  Abbott denies the remaining allegations in Paragraph 208 of the AMCC.

209.    Abbott admits that the quoted language in the second sentence of Paragraph 209 of the AMCC is contained in a February 9, 1996 faxed letter referenced in Paragraph 209 of the AMCC, but avers that the quote is incomplete.  Abbott denies the remaining allegations in Paragraph 209 of the AMCC.

210.    Abbott admits that the quoted language in Paragraph 210 of the AMCC is contained in a September 25, 2000 letter from Congressmen Bliley.  Abbott denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of Congressman Bliley, or that such are applicable to Abbott.  Abbott denies the remaining allegations in Paragraph 210 of the AMCC.

211.    Denied.

212.    Abbott states that the document cited in Paragraph 212 of the AMCC establishes its content.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 212 and, therefore, denies those allegations.

213.    Abbott admits that it produced price lists in response to certain government subpoenas.  Abbott denies the remaining allegations in Paragraph 213 of the AMCC.

214-216.    Denied.

217-540.     The allegations in Paragraphs 217 through 540 of the AMCC are directed to another defendant and require no response from Abbott.  To the extent allegations in Paragraphs 217 through 540 of the AMCC are deemed to include allegations against Abbott, they are denied.

## VI.

541.     Abbott denies that Plaintiffs have suffered damages or injuries as alleged in Paragraph 541 of the AMCC.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 541 of the AMCC and, therefore, denies those allegations.

## VII.

542-526.     Denied.

547.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 547 of the AMCC and, therefore, denies those allegations.

548.     Abbott admits that, at present, the Medicare Program generally does not cover the cost of self-administered prescription medicines and that Congress has debated the issue of prescription medicine coverage under the Medicare Program.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 548 of the AMCC and, therefore, denies those allegations.

549.     Abbott admits that in recent legislative sessions Congress, in keeping with its role as the legislative branch of the Federal Government, has focused on the pricing of prescription medicines in the United States and on reforming the Medicare and Medicaid prescription medicine programs.  To the extent the allegations in Paragraph 549 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of those allegations and,

therefore, denies those allegations.  Abbott states that the April 4, 2001 Prescription Drug Fairness for Seniors Act cited in Paragraph 549 of the AMCC establishes its content.  Abbott denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement or conclusion contained in this document or allegedly made by Congressman Allen.  To the extent the remaining allegations in Paragraph 549 of the AMCC are deemed to include allegations against Abbott, they are denied.

550.    Abbott admits that it participates in the Together Rx Card Program, which commenced in 2002 and allows poor, elderly Americans to enjoy substantial discounts on covered medicines.  Abbott denies the remaining allegations in Paragraph 550 of the AMCC.

551-561.    The allegations in Paragraphs 551 through 561 of the AMCC are directed to another defendant and require no response from Abbott.  To the extent allegations in Paragraphs 551 through 561 of the AMCC are deemed to include allegations against Abbott, they are denied.

562.    Abbott states that the April 10, 2002 press release regarding the launch of the Together program establishes its content.  Abbott denies the remaining allegations in Paragraph 562 of the AMCC.

563.    The allegations in Paragraphs 563 of the AMCC are directed to another defendant and require no response from Abbott.  To the extent allegations in Paragraphs 563 of the AMCC are deemed to include allegations against Abbott, they are denied.

564.    Abbott states that the March 12, 2002, *Reuters* article cited in Paragraph 564 of the AMCC establishes its content, but denies that Plaintiffs have accurately characterized any conclusions that may be drawn from the article.  To the extent the remaining allegations in Paragraph 564 are deemed to include allegations against Abbott, they are denied.

565.    The allegations in Paragraph 565 of the AMCC are directed to another defendant and require no response from Abbott.  To the extent allegations in Paragraph 565 of the AMCC are deemed to include allegations against Abbott, they are denied.

566.    Abbott admits that it participates in the Together Rx Card Program, which commenced in 2002 and allows poor, elderly Americans to enjoy substantial discounts on covered medicines.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 566 of the AMCC and, therefore, denies those allegations.

567.    Abbott admits that Together's card holders save on medicines.  Abbott further admits that some of its drugs are covered by the Together Rx program.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 567 of the AMCC and, therefore, denies those allegations.

568.    With the exception of Prevacid® and Prevpac®, Abbott admits that it manufactures the drugs listed in Paragraph 568 of the AMCC and that such drugs are covered by the Together Rx Card Program.  Abbott denies that it manufactures Prevacid® or Prevpac®, but admits that Prevacid® and Prevpac® is covered by the Together Rx Card Program.  Abbott denies the remaining allegations in Paragraph 568 of the AMCC.

569-575.    The allegations in Paragraphs 569 through 575 of the AMCC are directed to another defendant and require no response from Abbott.  To the extent allegations in Paragraphs 569 through 575 of the AMCC are deemed to include allegations against Abbott, they are denied.

576.    Abbott admits that it encouraged eligible poor, elderly Americans to enroll in the Together Rx Program.  Abbott is without knowledge or information sufficient to form a belief as

to the accuracy of the unattributed quotations in Paragraph 576 of the AMCC.  Abbott denies the

remaining allegations in Paragraph 576 of the AMCC.

577-583.        Abbott states that the April 10, 2002 press release cited in Paragraph 579

of the AMCC, the press release cited in Paragraph 580 of the AMCC, and the February 3, 2003,

document and/or statement cited in Paragraph 583 of the AMCC establish their contents.  Abbott

refers to the documents cited in Paragraphs 577 through 583 for accurate statements of their

contents.  Abbott denies the Plaintiffs have accurately characterized any alleged finding, opinion,

statement or conclusion contained in these documents and/or statements.  To the extent the

remaining allegations in Paragraphs 577 through 583 of the AMCC are deemed to include

allegations against Abbott, they are denied.

584-594.        Denied.

## VIII.

595-598.        Abbott admits that Plaintiffs purport to bring this action as alleged in

Paragraphs 595 through 598 of the AMCC, but Abbott denies that Plaintiffs are entitled to

maintain this action in the manner alleged.  Abbott denies the remaining allegations in

Paragraphs 595 through 598 of the AMCC.

599-603.        The allegations in Paragraphs 599 through 603 of the AMCC state legal

conclusions to which no response is required.  To the extent a response is required, Abbott denies

the allegations in Paragraphs 599 through 603 of the AMCC.

## IX.

604-605.        Abbott admits that Plaintiffs purport to bring this action as alleged in

Paragraphs 604 through 605 of the AMCC, but Abbott denies that Plaintiffs are entitled to

maintain this action in the manner alleged.

606-607.        The allegations in Paragraphs 606 through 607 of the AMCC state a legal

conclusion to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraphs 606 through 607.

608.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 608 of the AMCC and, therefore, denies those allegations.

609.    Abbott admits that Plaintiffs purport to bring this action as alleged in Paragraph 609 of the AMCC, but Abbott denies that Plaintiffs are entitled to maintain this action in the manner alleged.

610-614.    The allegations in Paragraphs 610 through 614 of the AMCC state a legal conclusion to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraphs 610 through 614 of the AMCC.

615.    Abbott denies that Plaintiffs and members of the Classes have suffered, and will continue to suffer harm and damages, as a result of defendants' alleged conduct.  The remaining allegations in Paragraph 615 of the AMCC state a legal conclusion to which no response is required.  To the extent a response is required, Abbott denies the remaining allegations in Paragraph 615 of the AMCC.

616-618.    Denied.

## COUNT I

619-646.    The Court dismissed Count I in its Order dated February 24, 2004. Accordingly, Abbott does not respond to Paragraphs 619 through 646 of the AMCC.  To the extent a response is required, Abbott denies all allegations in Count I of the AMCC.

## COUNT II

647.    Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 646 of the AMCC.

-16-

648.     Abbott admits that Plaintiffs purport to bring this action and to seek relief under Count II of the AMCC as alleged in Paragraph 648, but Abbott denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Abbott under Count II.  Abbott further denies the remaining allegations in Paragraph 648 of the AMCC.

649.     The allegations in Paragraph 649 of the AMCC state a legal conclusion to which no response is required.  To the extent a response is required, Abbott denies the allegations in paragraph 649.

650.     To the extent the allegations in Paragraph 650 of the AMCC and subparts state legal conclusions, no response is required.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 650 and subparts and, therefore, denies those allegations.

651-655.     To the extent allegations in Paragraphs 651 through 655 of the AMCC state legal conclusions, no response is required.  Abbott states that the document cited in Paragraph 655 of the AMCC establishes its content.  Abbott further denies that Plaintiffs have accurately characterized any alleged "industry report" finding, opinion, statement or conclusion.  Abbott denies the remaining allegations in Paragraphs 651 through 655.

656-678.     To the extent allegations in Paragraphs 656 through 678 of the AMCC state legal conclusions, no response is required.  Abbott denies the remaining allegations in Paragraphs 656 through 678 of the AMCC.

679.     The allegations in Paragraph 679 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 679 of the AMCC.

## COUNT III

680.    Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 679 of the AMCC.

681.    The allegations in Paragraph 681 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 681 of the AMCC.

682-683.    Answering the first sentence of Paragraph 682 of the AMCC, Abbott refers to and incorporates its response to Paragraph 681 of the AMCC.  Abbott denies the remaining allegations in Paragraphs 682 through 683 of the AMCC.

## COUNT IV

684.    Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 683 of the AMCC.

685.    Abbott admits that Plaintiffs purport to bring this action and to seek relief under Count IV of the AMCC as alleged in Paragraph 685, but Abbott denies that Plaintiffs are entitled maintain this action as alleged or to any relief against Abbott under Count IV.  Abbott further denies the remaining allegations in Paragraph 685 of the AMCC.

686.    To the extent the allegations in Paragraph 686 and subparts state legal conclusions, no response is required.  Abbott admits that its principal place of business is in Illinois.  Abbott further admits that certain states have enacted consumer protection laws, but Abbott denies that it has violated such laws or that Plaintiffs or any putative class members are entitled to relief under such laws.  Abbott further denies the remaining allegations in Paragraph 686 of the AMCC and subparts.

687-691.    To the extent allegations in Paragraphs 687 through 691 state legal

conclusions, no response is required.  Abbott denies the remaining allegations in Paragraphs 687 through 691 of the AMCC and subparts.

## COUNT V

692.    Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 691 of the AMCC.

693-694.    The allegations in Paragraphs 693 through 694 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraphs 693 through 694 of the AMCC.

695.    Denied.

696-698.    To the extent the allegations in Paragraphs 696 through 698 of the AMCC contain legal conclusions, no response is required.  Abbott denies the remaining allegations in Paragraphs 696 through 698 of the AMCC.

## COUNT VI

699.    Abbott realleges and incorporates by reference its response to Paragraphs 1 through 298 of the AMCC.

700-704.    To the extent allegations in Paragraphs 700 through 704 of the AMCC state legal conclusions, no response is required.  Abbott denies the remaining allegations in Paragraphs 700 through 704 of the AMCC.

## COUNT VII

705.    Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 704 of the AMCC.  Abbott denies the allegations contained in Paragraph 705 of the AMCC.

706-708.       The allegations in Paragraphs 706 through 708 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraphs 706 through 708 of the AMCC.

COUNT VIII

709.      Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 708 of the AMCC.

710-711.       Paragraphs 710 through 711 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraphs 710 through 711.

712-725.       To the extent allegations in Paragraphs 712 through 725 of the AMCC state legal conclusions, no response is required.  Abbott denies the remaining allegations in Paragraphs 712 through 725 of the AMCC.

COUNT IX

726.      Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 725 of the AMCC.

727.      Abbott admits that Plaintiff CMHV purports to bring this action as alleged in Paragraph 727 of the AMCC, but Abbott denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  The second sentence of Paragraph 727 states legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the remaining allegations in Paragraph 727.

728-731.       To the extent the allegations in Paragraphs 728 through 731 of the AMCC and subparts state legal conclusions, no response is required.  Abbott denies the remaining allegations in Paragraphs 728 through 731 of the AMCC and subparts.

732-733.      The allegations in Paragraphs 732 through 733 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraphs 732 through 733 of the AMCC.

**COUNT X**

734.      Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 733 of the AMCC.

735.      Abbott admits that Plaintiff CMHV purports to bring this action as alleged in Paragraph 735 of the AMCC, but denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  The second sentence of Paragraph 735 states legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the remaining allegations in Paragraph 735.

736-741.      Paragraphs 736 through 741 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraphs 736 through 741 of the AMCC.

**UNNUMBERED "WHEREFORE" PARAGRAPH AND REQUEST FOR JURY TRIAL**

Abbott denies Plaintiffs are entitled to a judgment or any other relief requested in their Prayer for Relief and "WHEREFORE" paragraph following Paragraph 741 of the AMCC.

Listed below, Abbott has provided a list of defenses without assuming any burden of proof:

### First Defense

Plaintiffs and the putative class fail to state a claim against Abbott upon which relief may be granted.

### Second Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Third Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the filed rate doctrine.

### Fourth Defense

Plaintiffs and the putative class have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Abbott as alleged in the AMCC.

### Fifth Defense

To the extent Plaintiffs and/or any member of the putative class obtain recovery in any other case predicated on the same factual allegations, that Plaintiff or purported class member is barred from seeking recovery against Abbott based on the AMCC pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### Sixth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New

York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation.

## Seventh Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Abbott in judicial, legislative or administrative proceedings of any kind or at any level of government.

## Eighth Defense

Plaintiffs and the putative class' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

## Ninth Defense

Any and all actions taken by Abbott with respect to any of the matters alleged in the AMCC were taken in good faith and in accordance with established industry practice.

## Tenth Defense

Plaintiffs and the putative class' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## Eleventh Defense

Plaintiffs' and the putative class' claims are preempted by the dormant Commerce Clause of the United States Constitution.

## Twelfth Defense

Plaintiffs' and the putative class' claims against Abbott are barred because Abbott has complied with all applicable regulations of the federal and state governments.

### Thirteenth Defense

Plaintiffs' and the putative class' claims against Abbott are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Fourteenth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because they violate Abbott' rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as all applicable state constitutions, insofar as Plaintiffs and the putative class members seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Fifteenth Defense

Abbott' statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

### Sixteenth Defense

Plaintiffs and the putative class fail to state with particularity facts to support the fraud allegations, and fail to plead with particularity the fraudulent concealment and multi-source medicine allegations against Abbott contained in the AMCC.

### Seventeenth Defense

Plaintiffs and the putative class fail to allege with particularity their civil conspiracy claims against Abbott as required by Fed. R. Civ. P. 9(b).

### Eighteenth Defense

Plaintiffs' and the putative class' claims against Abbott are barred, in whole or in part, because Abbott did not make any false statements to Plaintiffs or to any members of the putative class members.  As to any statement asserted against Abbott that Plaintiffs and the putative class allege to be false or misleading, Abbott had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## Nineteenth Defense

Plaintiffs' and the putative class' claims against Abbott are barred because Abbott did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

## Twentieth Defense

Plaintiffs' and the putative class' RICO claims against Abbott are barred, in whole or in part, due to Plaintiffs' failure to properly allege a RICO enterprise as required by 18 U.S.C. § 1962(c).

## Twenty-First Defense

Plaintiffs' and the putative class' RICO claims against Abbott are barred, in whole or in part, due to their failure to plead facts showing that Abbott and the PBMs are ongoing organizations whose members function as a continuing unit and share common purposes as required by *United States v. Turkette*, 452 U.S. 576, 583 (1981).

## Twenty-Second Defense

Plaintiffs' and the putative class' RICO claims against Abbott are barred, in whole or in part, due to their failure to allege that Abbott conducted the affairs of the alleged enterprises as required by 18 U.S.C. § 1962(c).

## Twenty-Third Defense

Plaintiffs and the putative class lack standing to bring their RICO claims against Abbott because they cannot show Abbott directly caused their alleged injuries as required by 18 U.S.C. § 1964(c) and *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 265-66, 268 (1992).

### Twenty-Fourth Defense

Plaintiffs' and the putative class' civil conspiracy claims against Abbott are barred, in whole or in part, by their failure to allege a concerted action as required by *Aetna Cas. Sur. Co. v. P&B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994) and *Grant v. John Hancock Mut. Life Ins. Co.*, 183 F. Supp. 2d 344, 359 (D. Mass. 2002), and/or by their failure to allege a coercive conspiracy as required by *Fleming v. Dance*, 22 N.E.2d 609, 611 (Mass. 1939).

### Twenty-Fifth Defense

Plaintiffs' and the putative class' civil conspiracy claims against Abbott are barred, in whole or in part, because they are duplicative and improper under Massachusetts law.  *See Grant*, 183 F. Supp. 2d at 364.

### Twenty-Sixth Defense

Abbott denies that Plaintiffs and the putative class have valid consumer protection claims against Abbott under California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington or any other State whose law is or becomes relevant in the course of this multidistrict litigation.  However, if such claims are found to exist, Abbott pleads all available defenses under the Acts.

### Twenty-Seventh Defense

Any allegedly fraudulent statements or conduct of Abbott did not directly or proximately cause the alleged injuries of Plaintiffs and/or any members of the putative class as required under state consumer protection laws, including without limitation those of Florida, Illinois, Louisiana, New Jersey, New York, Pennsylvania, Texas and Washington.

### Twenty-Eighth Defense

Abbott' conduct was neither "deceptive," "misleading," "unlawful" nor "illegal" as required under certain state consumer protection laws, including without limitation those of Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Texas and/or Washington.

### Twenty-Ninth Defense

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against Abbott, they are not entitled to such relief because they have an adequate remedy at law.

### Thirtieth Defense

Plaintiffs and the putative class lack standing to bring their asserted consumer protection claims against Abbott under certain state consumer protection laws, including without limitation those of Delaware, Florida, Louisiana, New Jersey, Pennsylvania and Washington.

### Thirty-First Defense

Plaintiffs and the putative class did not rely on the allegedly fraudulent statements or conduct of Abbott as required under certain state consumer protection laws, including without limitation those of New York and Pennsylvania.

### Thirty-Second Defense

Any allegedly fraudulent statement or conduct of Abbott was not consumer-oriented as required under certain consumer protection law, including without limitation that of New York.

### Thirty-Third Defense

Plaintiffs' and the putative class' claims against Abbott for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Thirty-Fourth Defense

Plaintiffs' and the putative class' claims for injunctive relief against Abbott are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-Fifth Defense

This action cannot be maintained as a class action because (1) the certification and maintenance of this action as a class would violate the separation of powers provisions of the United States Constitution and would be an unconstitutional usurpation of authority reserved to the legislative branch; (2) the claims of Plaintiffs and the putative class cannot be properly joined with one another because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences; (3) the named Plaintiffs and the putative class cannot satisfy the procedural requirements of Fed. R. Civ. P. 23; (4) the questions of fact at issue are not common to the alleged class, but rather, are highly specific and will vary dramatically from person to person and entity to entity; and/or (5) class certification would violate Abbott' rights provided by the Fifth, Seventh and Fourteenth Amendments to the United States Constitution as well as by the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation, including but not limited to

Abbott' right to procedural and substantive safeguards, which include traditional defenses to liability.

## Thirty-Sixth Defense

Plaintiffs' and the putative class' antitrust claims against Abbott:  (1) are barred because they have not suffered any antitrust injury; (2) are barred in whole or in part for lack of standing; and/or (3) should be dismissed because the alleged conspiracy does not make economic sense and is economically implausible.

## Thirty-Seventh Defense

Any alleged restraints complained of in the AMCC are ancillary to legitimate, procompetitive activity.

## Thirty-Eighth Defense

Abbott' conduct was not intended to have, did not have and was not likely to have had any adverse effects on competition in any relevant market.

## Thirty-Ninth Defense

Plaintiffs' and the putative class' claims against Abbott under Section 1 of the Sherman Act, 15 U.S.C. § 1, are barred to the extent recovery is based on indirect purchases of.

## Fortieth Defense

Plaintiffs' and the putative class' antitrust claims against Abbott under the various state antitrust statutes are barred in whole or in part to the extent those statutes (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly interstate in nature.

## Forty-First Defense

Plaintiffs' and the putative class' antitrust claims against Abbott under the various state unfair trade and competition statutes are barred in whole or in part to the extent those statutes

(1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly intrastate in nature.

### Forty-Second Defense

Plaintiffs' and the putative class' antitrust claims against Abbott under the various state consumer protection and consumer fraud statutes are barred in whole or in part to the extent those statutes (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly intrastate in nature.

### Forty-Third Defense

Plaintiffs' and the putative class' antitrust claims against Abbott under the various state unfair trade, unfair competition, consumer protection and consumer fraud statutes are barred to the extent (1) those claims represent an impermissible circumvention of the states' antitrust statutes; and (2) those statutes apply only to deceptive or misleading conduct and/or govern only consumer transactions.

### Forty-Fourth Defense

Third party payor plaintiffs' and third party payor putative class members' claims against Abbott are barred, in whole or part, with respect to any alleged overcharge or supracompetitive price on the ground that third party payors passed on any effect of the alleged supracompetitive prices to their customers or employees in the form of higher premiums, co-pays or other charges.

### Forty-Fifth Defense

Plaintiffs' and the putative class' claims against Abbott are barred, in whole or in part, with respect to any alleged overcharge or supracompetitive price because such supracompetitive price, if any, was absorbed, in whole or part, by a person and/or entity which purchased the

medicine directly, and/or by an intermediate indirect purchaser, and was not passed through to the Plaintiffs and putative class members.

### Forty-Sixth Defense

Plaintiffs' and the putative class' claims against Abbott are barred, in whole or in part, due to their failure to join indispensable parties.

### Forty-Seventh Defense

Plaintiffs' and the putative class' claims against Abbott are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the AMCC.

### Forty-Eighth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because any injuries sustained by Plaintiffs or the putative class were the result of intervening or superceding conduct of third parties.

### Forty-Ninth Defense

Plaintiffs' and the putative class' claims against Abbott for damages are barred, in whole or in part, (1) because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Abbott; (2) because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the AMCC; (3) by the doctrine of consent and/or ratification to the extent that plaintiffs and/or putative class members have received and paid for medicines manufactured, marketed and sold by Abbott after the filing of Plaintiffs' original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Fiftieth Defense

Abbott is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs and/or the putative class, with respect to the same alleged injuries.

### Fifty-First Defense

Any damages recovered by the Plaintiffs and the putative class from Abbott must be limited by the applicable statutory ceilings on recoverable damages.

### Fifty-Second Defense

Plaintiffs and the putative class fail to allege facts or a cause of action against Abbott sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

### Fifty-Third Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against Abbott:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the AMCC are legally insufficient to support a claim for punitive damages against Abbott; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Abbott prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Abbott' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitutions and the constitutions of any applicable states' laws; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Abbott' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable states' laws; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Abbott for

punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Abbott' medicines would constitute impermissible multiple punishments for the same wrong, in violation of Abbott' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law and statutory law of any applicable states' laws; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Abbott' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' law; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Abbott the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Abbott' rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' laws.

## Fifty-Fourth Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for punitive damages against Abbott cannot be sustained because an award of punitive damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable

principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Abbott, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding Plaintiff's and the putative class' burden of proof with respect to each and every element of a claim for punitive damages, or (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Abbott' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law and public policies of any applicable states' laws.

### Fifty-Fifth Defense

To the extent punitive damages are sought, Plaintiff's and the putative class' claim for punitive damages against Abbott cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate Abbott' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Abbott' right not to be subjected to an excessive award; and (3) be improper under the constitutions, common law and public policies of any applicable states' laws.

### Fifty-Sixth Defense

Abbott adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

### Fifty-Seventh Defense

Abbott hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.  Abbott also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state other than California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and/or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

WHEREFORE, Abbott prays that this Court:

1.      Dismiss the Amended Master Consolidated Class Action Complaint with

prejudice and enter judgment in favor of Abbott and against plaintiffs;

2.      Award Abbott its costs and expenses; and

3.      Grant such other and further relief for Abbott as this Court deems just and proper.

Respectfully Submitted,

Dated:  April 9, 2004

James R. Daly
Toni-Ann Citera
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

R. Christopher Cook
Jesse A. Witten
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

***Counsel for Defendant***
***Abbott Laboratories***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of April, 2004, a true and correct copy of DEFENDANT ABBOTT LABORATORIES' ANSWER AND DEFENSES TO INTERVENORS' AMENDED MASTER CONSOLIDATED COMPLAINT was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

_____
Attorney for Defendant Abbott Laboratories