## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE: PHARMACEUTICAL INDUSTRY   )
AVERAGE WHOLESALE PRICE      )
LITIGATION                                )

THIS DOCUMENT RELATES TO      )
ALL CLASS ACTIONS               )
                                       )

MDL NO. 1456

CIVIL ACTION: 01-CV-12257-PBS

Judge Patti B. Saris

## DEFENDANT TAP PHARMACEUTICAL PRODUCTS INC.'S
## ANSWER AND DEFENSES TO INTERVENORS'
## AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT.

Defendant TAP Pharmaceutical Products Inc. ("TAP") hereby responds to the Amended

Master Consolidated Class Action Complaint (the "AMCC") in corresponding numbered

paragraphs as follows:

### Preface

The AMCC improperly and repetitively refers to TAP and certain other defendants and

third parties on a collective basis, failing to plead with requisite particularity allegations against

TAP or other defendants or third parties. Intentionally ambiguous pleading is improper and

insufficient to apprise TAP in any meaningful sense of the allegations asserted against it. TAP

nevertheless attempts to respond to Plaintiffs' allegations to the extent possible under the

circumstances. In answering the AMCC, TAP responds only for itself. To the extent the

allegations in the AMCC refer to the knowledge, conduct or actions of persons, entities or

defendants other than TAP, TAP is without knowledge or information sufficient to form a belief

as to the truth of those allegations and, therefore, denies those allegations.

The AMCC improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully. Many of the allegations of the AMCC are vague or conclusory. The AMCC also includes terms which are undefined and which are susceptible of different meanings.

The AMCC contains purported quotations from a number of sources, many of which are unidentified. If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, TAP reserves the right to assert such privileges, hereby moves to strike such references and demands return of any such documents that Plaintiffs may have in their possession, custody or control. In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

TAP specifically denies the existence of, or its participation in, any fraud, fraudulent scheme, conspiracy or enterprise. TAP further denies each and every allegation contained in the AMCC, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes or speculations which are contained in any averment or in the AMCC as a whole. Moreover, TAP specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered paragraphs in the AMCC.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

-2-

**I.**

1.     TAP admits that Plaintiffs seek to bring this action as alleged in Paragraph 1 of the AMCC. TAP denies that Plaintiffs are entitled to maintain this action in the manner alleged.

2.     To the extent the allegations in Paragraph 2 of the AMCC allege a conspiracy between TAP and various publishing entities, no response is required because these allegations, which formed the basis of Count I of the AMCC, were dismissed with prejudice by the Court's Order dated February 24, 2004. TAP further denies the remaining allegations in Paragraph 2 of the AMCC.

3.     Denied.

4.     TAP admits that Congress has mandated that Medicare Part B reimbursements be based, in part, in certain circumstances, upon AWP, and further admits that Medicare Part B medicines are generally, but not always, administered in a healthcare provider's office. TAP denies the remaining allegations in Paragraph 4 of the AMCC.

5.     TAP admits that AWP is used by certain entities, in certain circumstances, for reimbursement purposes. TAP denies the remaining allegations in Paragraph 5 of the AMCC.

6.     TAP admits that Plaintiffs purport to bring this action as alleged in Paragraph 6 of the AMCC, but TAP denies that Plaintiffs are entitled to maintain this action in the manner alleged. TAP denies the remaining allegations in Paragraph 6 of the AMCC.

7.     Denied.

8.     TAP admits that Plaintiffs purport to bring this action as alleged in Paragraph 8 of the AMCC, but TAP denies that Plaintiffs are entitled to maintain this action in the manner alleged. TAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the AMCC and, therefore, denies those allegations.

9-10.   Denied.

-3-

11.     TAP admits that Plaintiffs have filed attachments to the AMCC. To the extent the allegations in Paragraph 11 of the AMCC are deemed to include allegations against TAP, they are denied.

12.     The Court dismissed Count I in its Order dated February 24, 2004. Accordingly, TAP does not respond to Paragraph 12 of the AMCC. To the extent a response is required, TAP denies the allegations in Paragraph 12 and Count I of the AMCC.

13-21. TAP admits that Plaintiffs purport to bring this action as a class action, and that Plaintiffs seek relief under Counts II through X as alleged in Paragraphs 13 through 21 of the AMCC. TAP denies that this action can be maintained in the manner alleged, and further denies that Plaintiffs are entitled to relief under Counts II through X of the AMCC. TAP denies the remaining allegations in Paragraphs 13 through 21.

## II.

22-23. Admitted.

24.     TAP admits the second sentence in Paragraph 24 of the AMCC. TAP denies the remaining allegations in Paragraph 24 of the AMCC.

25.     Admitted.

## III.

26-31. TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 26 through 31 of the AMCC and, therefore, denies those allegations.

32-36. TAP admits that Plaintiffs VPIRG, WCA, StateWide, CANY and CCJ purport to bring this action as alleged in Paragraphs 32 through 36 of the AMCC, but TAP denies that these Plaintiffs have standing to bring the alleged action. TAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 32 through 36

-4-

of the AMCC and, therefore, denies those allegations.

36(a)-(c).        TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 36(a) through 36(c) of the AMCC and, therefore, denies those allegations.

37-38. Denied.

39-124.        The allegations in Paragraphs 39 through 124 of the AMCC are directed to other defendants and require no response from TAP. To the extent the allegations in Paragraphs 39 through 124 of the AMCC are deemed to include allegations against TAP, they are denied.

125.   TAP states that it began as a joint venture between Abbott Laboratories and Takeda Chemical Industries, Ltd. in 1977. TAP further states that it was incorporated on April 26, 1985. TAP further states that Abbott Laboratories and Takeda American Holdings, Inc., a wholly owned subsidiary of Takeda Chemical Industries, Ltd., are each 50 percent shareholders of TAP Pharmaceutical Products Inc. TAP denies the remaining allegations in Paragraph 125 of the AMCC.

126.   TAP states that, from April 26, 1985 to 1995, TAP was named TAP Pharmaceuticals Inc. In 1995, TAP Pharmaceuticals Inc. became TAP Holdings Inc. In 2000, TAP Holdings Inc. changed its name to TAP Pharmaceutical Products Inc. TAP further states that its headquarters are located in Lake Forest, Illinois. TAP admits that it markets pharmaceutical products for the United States and Canada. TAP denies the remaining allegations in Paragraph 126 of the AMCC.

127.   Denied.

128.   TAP admits that Plaintiffs purport to bring this action as alleged in Paragraph 128 of the AMCC, but TAP denies that Plaintiffs are entitled to maintain this action in the manner

alleged.  TAP denies the remaining allegations in Paragraph 128 of the AMCC.

129-130.     The allegations in Paragraphs 129 and 130 of the AMCC are directed to another defendant and require no response from TAP.  To the extent the allegations in Paragraphs 129 and 130 are deemed to include allegations against TAP, they are denied.

131.     TAP denies that it is a member of Together Rx LLC.  TAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 131 of the AMCC and, therefore, denies those allegations.

## IV.

132.     Paragraph 132 simply characterizes the AMCC, accordingly no response is required.  To the extent a response is required, TAP denies the allegations contained in Paragraph 132 of the AMCC.

133.     TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the AMCC and, therefore, denies those allegations.

134.     TAP admits that Congress mandated that Medicare Part B reimbursement be based, in part, in certain circumstances, on AWP.  TAP denies the remaining allegations in Paragraph 134 of the AMCC.

135.     TAP admits that independently produced pricing publications periodically report AWPs for prescription medicines sold in the United States.  TAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135 of the AMCC and, therefore, denies those allegations.

136.     TAP states that the 1999 edition of the *Red Book* and the June 1966 Dow Jones News article cited in Paragraph 136 of the AMCC establish their contents.  TAP denies the remaining allegations in Paragraph 136 of the AMCC.

137-141.     Denied.

142-144.      Paragraphs 142 through 144 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, TAP states that the regulations and statutes cited in Paragraphs 142 through 144 of the AMCC establish their contents, and denies that Plaintiffs have accurately characterized any conclusions that may be drawn from those regulations and statutes.

145.      TAP admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth, in part, at 42 CFR 405.517.  To the extent that Plaintiffs purport to summarize or characterize 42 C.F.R. 405.517, Paragraph 145 of the AMCC states a legal conclusion to which no response is required.  To the extent a response is required, TAP denies the allegations in Paragraph 145 of the AMCC.

146.      Paragraph 146 of the AMCC states legal conclusions to which no response is required.  To the extent a response is required, TAP admits that federal statutes and regulations set forth the payment methodology for drugs under Medicare Part B.  TAP is without knowledge or information sufficient to form a belief as to the accuracy of the unattributed quotations in Paragraph 146 of the AMCC.  TAP denies the remaining allegations in Paragraph 146 of the AMCC.

147.      TAP admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth, in part, at 42 CFR 405.517.  To the extent that Plaintiffs purport to summarize or characterize 42 CFR 405.517, Paragraph 147 of the AMCC states a legal conclusion to which no response is required.  To the extent a response is required, TAP denies the allegations in Paragraph 147 of the AMCC.

148-149.      Paragraphs 148-149 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, TAP states that Program

Memorandum AB-99-63 establishes its content, and denies that Plaintiffs have accurately characterized any conclusion that may be drawn from it. TAP denies the remaining allegations in Paragraphs 148-149 of the AMCC.

150.    Paragraph 150 of the AMCC states legal conclusions to which no response is required. To the extent a response is required, TAP admits that federal law governs the manner in which Medicare Part B reimburses medical providers for certain drugs. TAP is without knowledge or information sufficient to form a belief as to whether the summary of those laws set forth in Paragraph 150 of the AMCC is accurate in all instances. TAP denies the remaining allegations in Paragraph 150 of the AMCC.

151.    TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the AMCC and, therefore, denies those allegations.

152.    TAP admits that there are no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs. TAP admits that it reports certain pricing information for its medicines to independently produced pricing publications. TAP denies the remaining allegations in Paragraph 152 of the AMCC.

153-154.       TAP states that the April 2003 OIG report cited in Paragraphs 153 through 154 of the AMCC establishes its content. TAP denies that Plaintiffs have accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to TAP. TAP denies the remaining allegations in Paragraphs 153 through 154 of the AMCC.

155.    TAP admits that certain federal and state agencies have investigated marketing and pricing practices with respect to certain Medicare and Medicaid reimbursable products. TAP denies the remaining allegations in Paragraph 155 of the AMCC.

156-157.     TAP states that the September 28, 2000, letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 156 through 157 of the AMCC establishes its content. TAP denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to TAP. TAP denies the remaining allegations in Paragraphs 156 through 157 of the AMCC.

158.     TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the AMCC and, therefore, denies those allegations.

159-183.     Denied.

184.     The first two sentences of Paragraph 184 of the AMCC state legal conclusions to which no response is required. To the extent a response is required, TAP admits that federal statutes and regulations set forth the payment methodology for drugs under Medicare Part B. TAP denies the remaining allegations in Paragraph 184 of the AMCC.

185.     TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the AMCC and, therefore, denies those allegations.

186-191.     TAP states that the *Red Book* and the unidentified DOJ report cited in Paragraph 187 of the AMCC and the pleadings cited in Paragraphs 189 through 190 of the AMCC and subparts establish their contents, and deny that Plaintiffs have accurately characterized any conclusions that may be drawn from them. To the extent the allegations in Paragraphs 186 through 191 of the AMCC are deemed to include allegations against TAP, they are denied.

192.     TAP states that the 2003 CMS document cited in Paragraph 192 of the AMCC establishes its content. TAP denies that Plaintiffs have accurately characterized any alleged

CMS finding, opinion, statement or conclusion. TAP admits that it sells its pharmaceuticals in a competitive market and, as such, takes steps to keep certain information relating to its pharmaceuticals confidential. TAP denies the remaining allegations in Paragraph 192 of the AMCC.

193-197.    Denied.

198-199.    The allegations in Paragraphs 198 through 199 of the AMCC state legal conclusions to which no response is required. To the extent a response is required, TAP denies the allegations in Paragraphs 198 through 199 of the AMCC.

<strong>V.</strong>

200.    Denied.

201-505.    The allegations in Paragraphs 201 through 505 of the AMCC are directed to another defendant and require no response from TAP. To the extent allegations in Paragraphs 201 through 505 of the AMCC are deemed to include allegations against TAP, they are denied.

506.    Denied.

507.    TAP admits that the United States Attorney's Office for the District of Massachusetts participated in an investigation of TAP with regard to the sale and marketing of Lupron®. TAP denies the remaining allegations in Paragraph 507 of the AMCC.

508.    TAP admits that, on or about October 3, 2001, TAP Pharmaceutical Products Inc. agreed to plead guilty to a one-count Information for conspiracy under 18 U.S.C. §371 to violate the Prescription Drug Marketing Act by providing Lupron® samples to certain physicians with the understanding that they would seek reimbursement for them and to pay a $290 million criminal fine. TAP further admits that representatives of the United States Department of Justice have stated that the $290 million paid by TAP is the largest criminal fine in a U.S. health care fraud prosecution. TAP further admits that TAP entered into a civil settlement agreement with

-10-

the United States government regarding Lupron® in which TAP agreed to pay approximately $559.5 million to the United States, without any finding or admission of wrongdoing. TAP further admits that TAP entered into a civil settlement agreement with the fifty states and the District of Columbia regarding Lupron® in which TAP agreed to pay approximately $25.5 million, without any finding or admission of wrongdoing. TAP further admits that TAP entered into a Corporate Integrity Agreement with the government, and refers to the Agreement for an accurate statement of its content. TAP further admits that on or about October 3, 2001, the United States Attorneys' Office in Boston made an announcement about TAP's Plea Agreement and Civil Settlement. TAP further admits that certain current or former TAP employees and urologist Dr. John Romano have been indicted. TAP refers to the referenced Plea Agreement, Civil Settlement, Corporate Integrity Agreement, Side Letters and Indictment for accurate statements of their contents. TAP denies the remaining allegations in Paragraph 508 of the AMCC.

509.    TAP states that the December 6, 2001 Hearing Transcript cited in Paragraph 509 of the AMCC establishes its content. TAP denies the remaining allegations in Paragraph 509 of the AMCC.

510.    Denied.

511.    TAP responds that, in this paragraph, Plaintiff purports to summarize the allegations contained in certain Criminal Informations and an Indictment. TAP states that the Indictment that Plaintiff purports to summarize has been superseded. TAP refers to the superseding Indictment and Criminal Informations for accurate statements of their contents. TAP denies the remaining allegations in Paragraph 511 of the AMCC.

512.    TAP admits that certain of TAP's employees would at times conduct meetings

-11-

regarding Lupron® with certain physicians referred to as "Business Reviews." TAP denies the remaining allegations in Paragraph 512 of the AMCC.

513.    TAP admits that certain of TAP's employees created certain documents and other materials which compared the math calculation of prices of Lupron® and Zoladex® and showed such materials to certain physicians. TAP denies the remaining allegations in Paragraph 513 of the AMCC.

514.    Denied.

515.    The allegations in Paragraph 515 of the AMCC are directed to another defendant and require no response from TAP. To the extent allegations in Paragraph 515 of the AMCC are deemed to include allegations against TAP, they are denied.

516.    TAP admits that, on or about October 3, 2001, TAP Pharmaceutical Products Inc. agreed to plead guilty to a one-count Information for conspiracy under 18 U.S.C. §371 to violate the Prescription Drug Marketing Act by providing Lupron® samples to certain physicians with the understanding that they would seek reimbursement for them. TAP further admits that TAP issued a press release on October 3, 2001 discussing the guilty plea agreement entered into with the United States Department of Justice regarding Lupron®. TAP refers to the October 3, 2001 press release for an accurate statement of its content. TAP denies the remaining allegations in Paragraph 516 of the AMCC.

517.    Denied.

518.    TAP states that the Indictment to which the Plaintiffs purport to refer in this paragraph has been superseded. TAP refers to the Superseding Indictment for an accurate statement of its content. TAP admits that a TAP employee offered Tufts educational grants. TAP denies the remaining allegations in Paragraph 518 of the AMCC.

519.   Denied.

520.   Denied.

521.   Denied.

522.   To the extent that the allegations in Paragraph 522 constitute legal conclusions, no response is required. TAP refers to the Indictment, which has been superseded, for an accurate statement of its content. TAP denies the remaining allegations in Paragraph 522 of the AMCC.

523.   TAP admits that Paragraph 523 of the AMCC contains an excerpt from a document produced in MDL 1430. TAP denies the remaining allegations in Paragraph 523 of the AMCC.

524.   TAP admits that a presentation created by one of TAP's employees included the language quoted in Paragraph 524. TAP denies the remaining allegations in Paragraph 524 of the AMCC.

525-540.   The allegations in Paragraphs 525 through 540 of the AMCC are directed to another defendant and require no response from TAP. To the extent allegations in Paragraphs 525 through 540 of the AMCC are deemed to include allegations against TAP, they are denied.

## VI.

541.   TAP denies that Plaintiffs have suffered damages or injuries as alleged in Paragraph 541 of the AMCC. TAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 541 of the AMCC and, therefore, denies those allegations.

## VII.

542-546.   Denied.

547.   TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 547 of the AMCC and, therefore, denies those allegations.

-13-

548.    TAP admits that, at present, the Medicare Program generally does not cover the cost of self-administered prescription medicines and that Congress has debated the issue of prescription medicine coverage under the Medicare Program.  TAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 548 of the AMCC and, therefore, denies those allegations.

549.    TAP admits that in recent legislative sessions Congress, in keeping with its role as the legislative branch of the Federal Government, has focused on the pricing of prescription medicines in the United States and on reforming the Medicare and Medicaid prescription medicine programs.  To the extent the allegations in Paragraph 549 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  TAP states that the April 4, 2001 Prescription Drug Fairness for Seniors Act cited in Paragraph 549 of the AMCC establishes its content.  TAP denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement or conclusion contained in this document or allegedly made by Congressman Allen.  To the extent the remaining allegations in Paragraph 549 of the AMCC are deemed to include allegations against TAP, they are denied.

550.    TAP denies that it participates in the Together Rx Card Program.  TAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 550 of the AMCC and, therefore, denies those allegations.

551-561.    The allegations in Paragraphs 551 through 561 of the AMCC are directed to another defendant and require no response from TAP.  To the extent allegations in Paragraphs 551 through 561 of the AMCC are deemed to include allegations against TAP, they are denied.

562.    TAP states that the April 10, 2002 press release regarding the launch of the

-14-

Together program establishes its content. TAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 562 of the AMCC and, therefore, denies those allegations.

563.    The allegations in Paragraphs 563 of the AMCC are directed to another defendant and require no response from TAP. To the extent allegations in Paragraphs 563 of the AMCC are deemed to include allegations against TAP, they are denied.

564.    TAP states that the March 12, 2002, *Reuters* article cited in Paragraph 564 of the AMCC establishes its content. TAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 564 of the AMCC and, therefore, denies those allegations.

565.    TAP denies that it is a member company of Together Rx. TAP further denies the remaining allegations in Paragraph 565 of the AMCC.

566.    TAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 566 of the AMCC and, therefore, denies those allegations.

567.    TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 567 of the AMCC and, therefore, denies those allegations.

568-574.    The allegations in Paragraphs 568 through 574 of the AMCC are directed to another defendant and require no response from TAP. To the extent allegations in Paragraphs 568 through 574 of the AMCC are deemed to include allegations against TAP, they are denied.

575.    Denied.

576.    TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 576 of the AMCC and, therefore, denies those allegations.

-15-

577-583.    TAP states that the April 10, 2002 press release cited in Paragraph 579 of the AMCC, the press release cited in Paragraph 580 of the AMCC, and the February 3, 2003, document and/or statement cited in Paragraph 583 of the AMCC establish their contents.  TAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 577-583 of the AMCC and, therefore, denies those allegations.

584-594.    Denied.

### VIII.

595-598.    TAP admits that Plaintiffs purport to bring this action as alleged in Paragraphs 595 through 598 of the AMCC, but TAP denies that Plaintiffs are entitled to maintain this action in the manner alleged.  TAP denies the remaining allegations in Paragraphs 595 through 598 of the AMCC.

599-603.    The allegations in Paragraphs 599 through 603 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, TAP denies the allegations in Paragraphs 599 through 603 of the AMCC.

### IX.

604-605.    TAP admits that Plaintiffs purport to bring this action as alleged in Paragraphs 604 through 605 of the AMCC, but TAP denies that Plaintiffs are entitled to maintain this action in the manner alleged.

606-607.    The allegations in Paragraphs 606 through 607 of the AMCC state a legal conclusion to which no response is required.  To the extent a response is required, TAP denies the allegations in Paragraphs 606 through 607.

608.    TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 608 of the AMCC and, therefore, denies those allegations.

609.    TAP admits that Plaintiffs purport to bring this action as alleged in Paragraph 609

of the AMCC, but TAP denies that Plaintiffs are entitled to maintain this action in the manner alleged.

610-614.     The allegations in Paragraphs 610 through 614 of the AMCC state a legal conclusion to which no response is required.  To the extent a response is required, TAP denies the allegations in Paragraphs 610 through 614 of the AMCC.

615.     TAP denies that Plaintiffs and members of the Classes have suffered, and will continue to suffer harm and damages, as a result of defendants' alleged conduct.  The remaining allegations in Paragraph 615 of the AMCC state a legal conclusion to which no response is required.  To the extent a response is required, TAP denies the remaining allegations in paragraph 615.

616-618.     Denied.

### COUNT I

619-646.     The Court dismissed Count I in its Order dated February 24, 2004. Accordingly, TAP does not respond to Paragraphs 619 through 646 of the AMCC.  To the extent a response is required, TAP denies all allegations in Count I of the AMCC.

### COUNT II

647.     TAP realleges and incorporates by reference its responses to Paragraphs 1 through 646 of the AMCC.

648.     TAP admits that Plaintiffs purport to bring this action and to seek relief under Count II of the AMCC as alleged in Paragraph 648, but TAP denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against TAP under Count II.  TAP further denies the remaining allegations in Paragraph 648 of the AMCC.

649.     The allegations in Paragraph 649 of the AMCC state a legal conclusion to which

-17-

no response is required.  To the extent a response is required, TAP denies the allegations in paragraph 649.

650.    To the extent the allegations in Paragraph 650 of the AMCC and subparts state legal conclusions, no response is required.  TAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 650 and subparts and, therefore, denies those allegations.

651-655.    To the extent allegations in Paragraphs 651 through 655 of the AMCC state legal conclusions, no response is required.  TAP states that the document cited in Paragraph 655 of the AMCC establishes its content.  TAP denies that Plaintiffs have accurately characterized any alleged "industry report" finding, opinion, statement or conclusion.  TAP further denies the remaining allegations in Paragraphs 651 through 655.

656-678.    To the extent allegations in Paragraphs 656 through 678 of the AMCC state legal conclusions, no response is required.  TAP denies the remaining allegations in Paragraphs 656 through 678 of the AMCC.

679.    The allegations in Paragraph 679 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, TAP denies the allegations in Paragraph 679 of the AMCC.

## COUNT III

680.    TAP realleges and incorporates by reference its responses to Paragraphs 1 through 679 of the AMCC.

681.    The allegations in Paragraph 681 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, TAP denies the allegations in Paragraph 681 of the AMCC.

682-683.     Answering the first sentence of Paragraph 682 of the AMCC, TAP refers
to and incorporates its response to Paragraph 681 of the AMCC. TAP denies the remaining
allegations in Paragraphs 682 through 683 of the AMCC.

## COUNT IV

684.     TAP realleges and incorporates by reference its responses to Paragraphs 1 through
683 of the AMCC.

685.     TAP admits that Plaintiffs purport to bring this action and to seek relief under
Count IV of the AMCC as alleged in Paragraph 685, but TAP denies that Plaintiffs are entitled
maintain this action as alleged or to any relief against TAP under Count IV. TAP further denies
the remaining allegations in Paragraph 685 of the AMCC.

686.     To the extent the allegations in Paragraph 686 and subparts state legal
conclusions, no response is required. TAP admits that its principal place of business is in
Illinois. TAP further admits that certain states have enacted consumer protection laws, but TAP
denies that it has violated such laws or that Plaintiffs or any putative class members are entitled
to relief under such laws. TAP further denies the remaining allegations in Paragraph 686 of the
AMCC and subparts.

687-691.     To the extent allegations in Paragraphs 687 through 691 state legal
conclusions, no response is required. TAP denies the remaining allegations in Paragraphs 687
through 691 of the AMCC and subparts.

## COUNT V

692.     TAP realleges and incorporates by reference its responses to Paragraphs 1 through
691 of the AMCC.

693-694.     The allegations in Paragraphs 693 through 694 of the AMCC state legal

-19-

conclusions to which no response is required.  To the extent a response is required, TAP denies the allegations in Paragraphs 693 through 694 of the AMCC.

695.    Denied.

696-698.        To the extent the allegations in Paragraphs 696 through 698 of the AMCC contain legal conclusions, no response is required.  TAP denies the remaining allegations in Paragraphs 696 through 698 of the AMCC.

## COUNT VI

699.    TAP realleges and incorporates by reference its response to Paragraphs 1 through 298 of the AMCC.

700-704.        To the extent allegations in Paragraphs 700 through 704 of the AMCC state legal conclusions, no response is required.  TAP denies the remaining allegations in Paragraphs 700 through 704 of the AMCC.

## COUNT VII

705.    TAP realleges and incorporates by reference its responses to Paragraphs 1 through 704 of the AMCC.  TAP denies the allegations contained in Paragraph 705 of the AMCC.

706-708.        The allegations in Paragraphs 706 through 708 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, TAP denies the allegations in Paragraphs 706 through 708 of the AMCC.

## COUNT VIII

709.    TAP realleges and incorporates by reference its responses to Paragraphs 1 through 708 of the AMCC.

710-711.        Paragraphs 710 through 711 of the AMCC state legal conclusions to

which no response is required.  To the extent a response is required, TAP denies the allegations in Paragraphs 710 through 711.

712-725.        To the extent allegations in Paragraphs 712 through 725 of the AMCC state legal conclusions, no response is required.  TAP denies the remaining allegations in Paragraphs 712 through 725 of the AMCC.

## COUNT IX

726.    TAP realleges and incorporates by reference its responses to Paragraphs 1 through 725 of the AMCC.

727.    TAP admits that Plaintiff CMHV purports to bring this action as alleged in Paragraph 727 of the AMCC, but TAP denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  The second sentence of Paragraph 727 states legal conclusions to which no response is required.  To the extent a response is required, TAP denies the remaining allegations in Paragraph 727.

728-731.        To the extent the allegations in Paragraphs 728 through 731 of the AMCC and subparts state legal conclusions, no response is required.  TAP denies the remaining allegations in Paragraphs 728 through 731 of the AMCC and subparts.

732-733.        The allegations in Paragraphs 732 through 733 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, TAP denies the allegations in Paragraphs 732 through 733 of the AMCC.

## COUNT X

734.    TAP realleges and incorporates by reference its responses to Paragraphs 1 through 733 of the AMCC.

735.    TAP admits that Plaintiff CMHV purports to bring this action as alleged in

Paragraph 735 of the AMCC, but denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative. The second sentence of Paragraph 735 states legal conclusions to which no response is required. To the extent a response is required, TAP denies the remaining allegations in Paragraph 735.

736-741.     Paragraphs 736 through 741 of the AMCC state legal conclusions to which no response is required. To the extent a response is required, TAP denies the allegations in Paragraphs 736 through 741 of the AMCC.

## UNNUMBERED "WHEREFORE" PARAGRAPH AND REQUEST FOR JURY TRIAL

TAP denies Plaintiffs are entitled to a judgment or any other relief requested in their Prayer for Relief and "WHEREFORE" paragraph following Paragraph 741 of the AMCC.

Listed below, TAP has provided a list of defenses without assuming any burden of proof:

### First Defense

Plaintiffs and the putative class fail to state a claim against TAP upon which relief may be granted.

### Second Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Third Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the filed rate doctrine.

### Fourth Defense

Plaintiffs and the putative class have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of TAP as alleged in the AMCC.

### Fifth Defense

To the extent Plaintiffs and/or any member of the putative class obtain recovery in any other case predicated on the same factual allegations, that Plaintiff or purported class member is barred from seeking recovery against TAP based on the AMCC pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### Sixth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation.

### Seventh Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by TAP in judicial, legislative or administrative proceedings of any kind or at any level of government.

### Eighth Defense

Plaintiffs and the putative class' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

### Ninth Defense

Any and all actions taken by TAP with respect to any of the matters alleged in the AMCC were taken in good faith and in accordance with established industry practice.

### Tenth Defense

Plaintiffs and the putative class' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Eleventh Defense

Plaintiffs' and the putative class' claims are preempted by the dormant Commerce Clause of the United States Constitution.

### Twelfth Defense

Plaintiffs' and the putative class' claims against TAP are barred because TAP has complied with all applicable regulations of the federal and state governments.

### Thirteenth Defense

Plaintiffs' and the putative class' claims against TAP are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Fourteenth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because they violate TAP' rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as all applicable state constitutions, insofar as Plaintiffs and the putative class members seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Fifteenth Defense

-24-

TAP' statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

### Sixteenth Defense

Plaintiffs and the putative class fail to state with particularity facts to support the fraud allegations, and fail to plead with particularity the fraudulent concealment and multi-source medicine allegations against TAP contained in the AMCC.

### Seventeenth Defense

Plaintiffs and the putative class fail to allege with particularity their civil conspiracy claims against TAP as required by Fed. R. Civ. P. 9(b).

### Eighteenth Defense

Plaintiffs' and the putative class' claims against TAP are barred, in whole or in part, because TAP did not make any false statements to Plaintiffs or to any members of the putative class members.  As to any statement asserted against TAP that Plaintiffs and the putative class allege to be false or misleading, TAP had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### Nineteenth Defense

Plaintiffs' and the putative class' claims against TAP are barred because TAP did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

## Twentieth Defense

Plaintiffs' and the putative class' RICO claims against TAP are barred, in whole or in part, due to Plaintiffs' failure to properly allege a RICO enterprise as required by 18 U.S.C. § 1962(c).

## Twenty-First Defense

Plaintiffs' and the putative class' RICO claims against TAP are barred, in whole or in part, due to their failure to plead facts showing that TAP and the PBMs are ongoing organizations whose members function as a continuing unit and share common purposes as required by *United States v. Turkette*, 452 U.S. 576, 583 (1981).

## Twenty-Second Defense

Plaintiffs' and the putative class' RICO claims against TAP are barred, in whole or in part, due to their failure to allege that TAP conducted the affairs of the alleged enterprises as required by 18 U.S.C. § 1962(c).

## Twenty-Third Defense

Plaintiffs and the putative class lack standing to bring their RICO claims against TAP because they cannot show TAP directly caused their alleged injuries as required by 18 U.S.C. § 1964(c) and *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 265-66, 268 (1992).

## Twenty-Fourth Defense

Plaintiffs' and the putative class' civil conspiracy claims against TAP are barred, in whole or in part, by their failure to allege a concerted action as required by *Aetna Cas. Sur. Co. v. P&B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994) and *Grant v. John Hancock Mut. Life Ins. Co.*, 183 F. Supp. 2d 344, 359 (D. Mass. 2002), and/or by their failure to allege a coercive conspiracy as required by *Fleming v. Dance*, 22 N.E.2d 609, 611 (Mass. 1939).

**Twenty-Fifth Defense**

Plaintiffs' and the putative class' civil conspiracy claims against TAP are barred, in whole or in part, because they are duplicative and improper under Massachusetts law. *See Grant*, 183 F. Supp. 2d at 364.

**Twenty-Sixth Defense**

TAP denies that Plaintiffs and the putative class have valid consumer protection claims against TAP under California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington or any other State whose law is or becomes relevant in the course of this multidistrict litigation.  However, if such claims are found to exist, TAP pleads all available defenses under the Acts.

**Twenty-Seventh Defense**

Any allegedly fraudulent statements or conduct of TAP did not directly or proximately cause the alleged injuries of Plaintiffs and/or any members of the putative class as required under state consumer protection laws, including without limitation those of Florida, Illinois, Louisiana, New Jersey, New York, Pennsylvania, Texas and Washington.

**Twenty-Eighth Defense**

TAP' conduct was neither "deceptive," "misleading," "unlawful" nor "illegal" as required under certain state consumer protection laws, including without limitation those of Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Texas and/or Washington.

### Twenty-Ninth Defense

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against TAP, they are not entitled to such relief because they have an adequate remedy at law.

### Thirtieth Defense

Plaintiffs and the putative class lack standing to bring their asserted consumer protection claims against TAP under certain state consumer protection laws, including without limitation those of Delaware, Florida, Louisiana, New Jersey, Pennsylvania and Washington.

### Thirty-First Defense

Plaintiffs and the putative class did not rely on the allegedly fraudulent statements or conduct of TAP as required under certain state consumer protection laws, including without limitation those of New York and Pennsylvania.

### Thirty-Second Defense

Any allegedly fraudulent statement or conduct of TAP was not consumer-oriented as required under certain consumer protection law, including without limitation that of New York.

### Thirty-Third Defense

Plaintiffs' and the putative class' claims against TAP for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Thirty-Fourth Defense

Plaintiffs' and the putative class' claims for injunctive relief against TAP are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-Fifth Defense

This action cannot be maintained as a class action because (1) the certification and maintenance of this action as a class would violate the separation of powers provisions of the

United States Constitution and would be an unconstitutional usurpation of authority reserved to the legislative branch; (2) the claims of Plaintiffs and the putative class cannot be properly joined with one another because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences; (3) the named Plaintiffs and the putative class cannot satisfy the procedural requirements of Fed. R. Civ. P. 23; (4) the questions of fact at issue are not common to the alleged class, but rather, are highly specific and will vary dramatically from person to person and entity to entity; and/or (5) class certification would violate TAP' rights provided by the Fifth, Seventh and Fourteenth Amendments to the United States Constitution as well as by the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation, including but not limited to TAP' right to procedural and substantive safeguards, which include traditional defenses to liability.

### Thirty-Sixth Defense

Plaintiffs' and the putative class' antitrust claims against TAP: (1) are barred because they have not suffered any antitrust injury; (2) are barred in whole or in part for lack of standing; and/or (3) should be dismissed because the alleged conspiracy does not make economic sense and is economically implausible.

### Thirty-Seventh Defense

Any alleged restraints complained of in the AMCC are ancillary to legitimate, procompetitive activity.

### Thirty-Eighth Defense

TAP' conduct was not intended to have, did not have and was not likely to have had any adverse effects on competition in any relevant market.

-29-

## Thirty-Ninth Defense

Plaintiffs' and the putative class' claims against TAP under Section 1 of the Sherman Act, 15 U.S.C. § 1, are barred to the extent recovery is based on indirect purchases.

## Fortieth Defense

Plaintiffs' and the putative class' antitrust claims against TAP under the various state antitrust statutes are barred in whole or in part to the extent those statutes (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly interstate in nature.

## Forty-First Defense

Plaintiffs' and the putative class' antitrust claims against TAP under the various state unfair trade and competition statutes are barred in whole or in part to the extent those statutes (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly intrastate in nature.

## Forty-Second Defense

Plaintiffs' and the putative class' antitrust claims against TAP under the various state consumer protection and consumer fraud statutes are barred in whole or in part to the extent those statutes (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly intrastate in nature.

## Forty-Third Defense

Plaintiffs' and the putative class' antitrust claims against TAP under the various state unfair trade, unfair competition, consumer protection and consumer fraud statutes are barred to the extent (1) those claims represent an impermissible circumvention of the states' antitrust

statutes; and (2) those statutes apply only to deceptive or misleading conduct and/or govern only consumer transactions.

### Forty-Fourth Defense

Third party payor plaintiffs' and third party payor putative class members' claims against TAP are barred, in whole or part, with respect to any alleged overcharge or supracompetitive price on the ground that third party payors passed on any effect of the alleged supracompetitive prices to their customers or employees in the form of higher premiums, co-pays or other charges.

### Forty-Fifth Defense

Plaintiffs' and the putative class' claims against TAP are barred, in whole or in part, with respect to any alleged overcharge or supracompetitive price because such supracompetitive price, if any, was absorbed, in whole or part, by a person and/or entity which purchased the medicine directly, and/or by an intermediate indirect purchaser, and was not passed through to the Plaintiffs and putative class members.

### Forty-Sixth Defense

Plaintiffs' and the putative class' claims against TAP are barred, in whole or in part, due to their failure to join indispensable parties.

### Forty-Seventh Defense

Plaintiffs' and the putative class' claims against TAP are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the AMCC.

### Forty-Eighth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because any injuries sustained by Plaintiffs or the putative class were the result of intervening or superceding conduct of third parties.

### Forty-Ninth Defense

Plaintiffs' and the putative class' claims against TAP for damages are barred, in whole or in part, (1) because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to TAP; (2) because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the AMCC; (3) by the doctrine of consent and/or ratification to the extent that plaintiffs and/or putative class members have received and paid for medicines manufactured, marketed and sold by TAP after the filing of Plaintiffs' original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Fiftieth Defense

TAP is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs and/or the putative class, with respect to the same alleged injuries.

### Fifty-First Defense

Any damages recovered by the Plaintiffs and the putative class from TAP must be limited by the applicable statutory ceilings on recoverable damages.

### Fifty-Second Defense

Plaintiffs and the putative class fail to allege facts or a cause of action against TAP sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

### Fifty-Third Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against TAP: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the AMCC are legally insufficient to support a claim for punitive damages against TAP; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give TAP prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of TAP' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitutions and the constitutions of any applicable states' laws; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate TAP' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable states' laws; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against TAP for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of TAP' medicines would constitute impermissible multiple punishments for the same wrong, in violation of TAP' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law and statutory law of any applicable states' laws; (6) cannot be sustained because any award of punitive damages without

-33-

the apportionment of the award separately and severally between or among the alleged joint

tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged

tortfeasor, would violate TAP' due process and equal protection rights guaranteed by the Fifth

and Fourteenth Amendments to the United States Constitution and would be improper under the

constitutions, common law and public policies of any applicable states' law; and (7) cannot be

sustained because any award of punitive damages, which are penal in nature, without according

TAP the same protections that are accorded to all criminal defendants, including the protection

against unreasonable searches and seizures, the privilege against self-incrimination, and the

rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would

violate TAP' rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into

the Fourteenth Amendment to the United States Constitution and would be improper under the

constitutions, common law and public policies of any applicable states' laws.

### Fifty-Fourth Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for

punitive damages against TAP cannot be sustained because an award of punitive damages by a

jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for

determining the appropriate imposition of, and the appropriate size of, a punitive damages award,

(2) is not adequately instructed on the limits of punitive damages imposed by the applicable

principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive

damages, or determining the amount of an award of punitive damages, in whole or in part on the

basis of invidiously discriminatory characteristics, including without limitation the residence,

wealth, and corporate status of TAP, (4) is permitted to award punitive damages under a standard

for determining liability for punitive damages that is vague and arbitrary and does not define

with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is

-34-

not properly instructed regarding Plaintiff's and the putative class' burden of proof with respect to each and every element of a claim for punitive damages, or (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate TAP' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law and public policies of any applicable states' laws.

## Fifty-Fifth Defense

To the extent punitive damages are sought, Plaintiff's and the putative class' claim for punitive damages against TAP cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate TAP' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate TAP' right not to be subjected to an excessive award; and (3) be improper under the constitutions, common law and public policies of any applicable states' laws.

## Fifty-Sixth Defense

TAP adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

## Fifty-Seventh Defense

TAP hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.  TAP also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a

state other than California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and/or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

WHEREFORE, TAP prays that this Court:

1.     Dismiss the Amended Master Consolidated Class Action Complaint with prejudice and enter judgment in favor of TAP and against plaintiffs;

2.     Award TAP its costs and expenses; and

3.     Grant such other and further relief for TAP as this Court deems just and proper.


Respectfully Submitted,


Dated:  April 9, 2004

Joseph F. Savage (BBO# 443030)
TESTA HURWITZ & THIBEAULT LLP
125 High Street
Boston, Massachusetts 02110-2704
Telephone:  (617) 248-7000
Facsimile: (617) 790-0297


Daniel E. Reidy
Lee Ann Russo
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

***Counsel for Defendant***
***TAP Pharmaceutical Products, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2004, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

Attorney for Defendant TAP Pharmaceutical Products, Inc.