## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

THIS DOCUMENT RELATES TO
ALL CLASS ACTIONS

MDL No. 1456

CIVIL ACTION: 01-CV-12257-PBS

Judge Patti B. Saris

### GLAXOSMITHKLINE'S ANSWER TO PLAINTIFFS' AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT

Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline[1] ("GSK"), for its Answer to Plaintiffs' Amended Master Consolidated Class Action Complaint (the "AMCC") filed on January 22, 2004, states:

### Preface

The AMCC improperly and repetitively refers to GSK and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against GSK or other defendants or third parties.  Intentionally ambiguous pleading is improper and insufficient to apprise GSK in any meaningful sense of the allegations asserted against it.  GSK has nevertheless attempted to respond to Plaintiffs' allegations to the extent possible under the circumstances.  To the extent allegations refer to the knowledge, conduct or actions of other defendants or entities, GSK is generally without knowledge or information sufficient to form a

---

[1]       SmithKline Beecham Corporation, d/b/a GlaxoSmithKline, is one of the three defendants comprising the so-called "GSK Group" in the AMCC.  Named defendant GlaxoSmithKline, plc, a foreign holding company, has not yet been properly served under the Hague Convention and no appearance has been made on its behalf.  Named defendant Glaxo Wellcome, Inc. no longer exists, as it was previously merged into SmithKline Beecham Corporation to form SmithKline Beecham Corporation, d/b/a GlaxoSmithKline and, therefore, no appearance has been entered on its behalf either.

belief as to the truth of those allegations and, on that basis, GSK denies those allegations.  GSK states that it is answering Plaintiffs' allegations on behalf of itself only, even when Plaintiffs' allegations refer to alleged conduct by GSK and other persons or entities.

The AMCC improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully.  Many of the allegations of the AMCC are vague or conclusory.  The AMCC also includes terms which are undefined and which are susceptible of different meanings.

The AMCC also contains purported quotations from a number of sources, many of which are unidentified.  If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, GSK reserves the right to assert such privileges, hereby moves to strike such references and demands return of any such documents that Plaintiffs may have in their possession, custody or control.  In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

GSK denies each and every allegation contained in the AMCC, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculations which are contained in any averment or in the AMCC as a whole.  Moreover, GSK specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered paragraphs in the AMCC.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## I. <u>INTRODUCTION</u>

1.      GSK admits that Plaintiffs seek to bring this action as alleged in Paragraph 1 of the AMCC.  GSK denies that Plaintiffs are entitled to maintain this action in the manner alleged.

2.      GSK denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraph 2 of the AMCC.  To the extent the allegations in Paragraph 2 of the AMCC allege a conspiracy between GSK and various publishing entities, no response is required because these allegations, which formed the basis of Count I of the AMCC, were dismissed with prejudice by the Court's Order dated February 25, 2004.  To the extent the allegations in Paragraph 2 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

3.      To the extent the allegations in Paragraph 3 of the AMCC are directed to persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.  GSK admits that it manufactures certain medicines that are covered under Medicare Part B, and that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP.  GSK admits that it reports certain pricing information for its medicines to pharmaceutical industry pricing publications.  GSK admits that AWPs for its medicines published in trade publications are typically higher than the prices ultimately paid by providers purchasing such medicines from wholesalers and distributors.  GSK denies the remaining allegations in Paragraph 3 of the AMCC that pertain to it.

4.      To the extent the allegations in Paragraph 4 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP, and further admits that Medicare Part B medicines are generally, but not always, administered in a healthcare provider's office.  GSK denies the remaining allegations in Paragraph 4 of the AMCC that pertain to it.

5.      GSK denies the existence of, and its participation in, any "AWP scheme" as alleged in Paragraph 5 of the AMCC.  To the extent the allegations in Paragraph 5 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK denies the remaining allegations in Paragraph 5 of the AMCC that pertain to it.

6.      To the extent the allegations in Paragraph 6 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK admits that Plaintiffs purport to bring this action as alleged in Paragraph 6 of the AMCC, but GSK denies that Plaintiffs are entitled to maintain this action in the manner alleged.  GSK denies the remaining allegations in Paragraph 6 of the AMCC that pertain to it.

7.      GSK denies the existence of, and its participation in, any "high profit scheme" as alleged in Paragraph 7 of the AMCC.  To the extent the allegations in Paragraph 7 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those

allegations and, therefore, denies those allegations.  GSK denies the remaining allegations in Paragraph 7 of the AMCC that pertain to it.

8.      GSK denies the existence of, and its participation in, any "scheme" or "unlawful agreement" as alleged in Paragraph 8 of the AMCC.  To the extent the allegations in Paragraph 8 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK denies the allegations in Paragraph 8 of the AMCC that pertain to it, except GSK admits that it participates in the Together Rx Card Program which commenced in 2002 and allows poor, elderly Americans to enjoy substantial discounts on covered medicines.

9-10.  GSK denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraphs 9 through 10 of the AMCC.  To the extent the allegations in Paragraphs 9 through 10 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK denies the remaining allegations in Paragraphs 9 through 10 of the AMCC that pertain to it.

11.     Answering Paragraph 11 of the AMCC, GSK admits that Plaintiffs have filed attachments to the AMCC.  To the extent the allegations in Paragraph 11 of the AMCC are deemed to include allegations against GSK, they are denied.

12.     The Court dismissed Count I in its Order dated February 25, 2004.  Accordingly, GSK does not respond to Paragraph 12 of the AMCC.  To the extent a response is required, GSK denies the allegations in Paragraph 12 and Count I of the AMCC.

13-21.  GSK denies the existence of, or its participation in, any "enterprise," "scheme" or "conspiracy" as alleged in Paragraphs 13 through 21 of the AMCC.  GSK admits that Plaintiffs purport to bring this action as a class action, and that Plaintiffs seek relief under Counts II through X as alleged in Paragraphs 13 through 21 of the AMCC.  GSK denies that this action can be maintained in the manner alleged, and further denies that Plaintiffs are entitled to relief under Counts II through X of the AMCC.

## II.  <u>JURISDICTION AND VENUE</u>

22.  GSK denies that it has violated the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961-68, as alleged in Paragraph 22 of the AMCC, denies that there exists any basis in fact or law for the institution or maintenance of this action against GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the AMCC as to the other parties.  In addition, to the extent that Paragraph 22 of the AMCC contains conclusions of law, GSK states that no response is required.

23.  GSK denies that it has violated any state law claims as alleged in Paragraph 23 of the AMCC, and denies that there exists any basis in fact or law for the institution or maintenance of this action against GSK.  In addition, to the extent that Paragraph 23 of the AMCC contains conclusions of law, GSK states that no response is required.

24.  GSK denies the allegations in Paragraph 24 of the AMCC to the extent that they are directed at GSK, except admits that Plaintiffs allege that venue is proper in this judicial district. GSK denies that there exists any basis in fact or law for the institution or maintenance of this action against GSK, and specifically denies the existence of, and its participation in, any alleged "fraudulent marketing scheme."   In addition, to the extent that Paragraph 24 of the AMCC contains conclusions of law, GSK states that no response is required.

25.  GSK admits the allegations in Paragraph 25 of the AMCC.

### III. <u>PARTIES</u>

26-31.  GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 26 through 31 of the AMCC and, therefore, denies those allegations.

32-36.  GSK admits that Plaintiffs VPIRG, WCA, StateWide, CANY and CCJ purport to bring this action as alleged in Paragraphs 32 through 36 of the AMCC, but GSK denies that these Plaintiffs have standing to bring the alleged action.  GSK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 32 through 36 of the AMCC and, therefore, denies those allegations.

36(a)–(c).  GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 36(a) through 36(c) of the AMCC and, therefore, denies those allegations.

37-38.  To the extent the allegations in Paragraphs 37 through 38 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK denies the remaining allegations in Paragraphs 37 through 38 of the AMCC that pertain to it.  GSK denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraph 38 of the AMCC.

39-86.  The allegations in Paragraphs 39 through 86 of the AMCC are directed to other defendants and require no response from GSK.  To the extent the allegations in Paragraphs 39 through 86 of the AMCC are deemed to include allegations against GSK, they are denied.

87.   In response to Paragraph 87 of the AMCC, GSK admits only that GlaxoSmithKline plc is an English holding company headquartered in Middlesex, England, and that it acquired the stock of SmithKline Beecham plc and Glaxo Wellcome plc in December 2000.  Except as so admitted, GSK denies the remaining allegations of this Paragraph.  GSK specifically denies that GlaxoSmithKline plc had any involvement with the matters alleged in the AMCC.  GSK further specifically denies that GlaxoSmithKline plc's "operational headquarters are located at One Franklin Plaza, 16th and Race Streets, Philadelphia, Pennsylvania."

88.   GSK admits the allegations of Paragraph 88 of the AMCC.

89.   GSK denies the allegations of Paragraph 89 of the AMCC.  By way of further answer, GSK states that Glaxo Wellcome, Inc. was merged into SmithKline Beecham Corporation in March 2001 and no longer exists as a corporation.

90.   In response to the allegations of Paragraph 90 of the AMCC, GSK admits only that Plaintiffs refer to GlaxoSmithKline plc, SmithKline Beecham Corporation, and Glaxo Wellcome, Inc. as "GSK Group" in the AMCC.  Except as so admitted, GSK denies the remaining allegations of this Paragraph and incorporates its answers above concerning Glaxo Wellcome, Inc. and GlaxoSmithKline plc.  GSK further states that Plaintiffs have failed to effect valid service of process on either GlaxoSmithKline plc or Glaxo Wellcome, Inc.

91.   In response to the allegations of Paragraph 91 of the AMCC, GSK admits only that it is a pharmaceutical company.  Except as so admitted, GSK denies the remaining allegations of this Paragraph.  By way of further answer, the allegations in this Paragraph are directed to other defendants not properly served with valid service of process, and therefore require no response from GSK.

92.     In response to the allegations of Paragraph 92 of the AMCC, GSK admits that it manufactured and sold Hycamtin, Ventolin, Zofran, and Navelbine.  GSK further admits that it manufactured and sold Kytril until December 22, 2000 when Kytril was sold to Hoffman-LaRoche, Inc.   GSK further admits that Kytril and Zofran, although not therapeutically equivalent products as that term is used by the FDA, were and are competing antiemetics.  GSK further admits that certain formulations of Hycamtin, Zofran, Navelbine, Ventolin, and Kytril were covered by Medicare Part B under certain circumstances.  Except as so admitted, GSK denies the remaining allegations of this Paragraph.

93.     In response to the allegations of Paragraph 93 of the AMCC, GSK admits only that it is named as an alleged conspirator in the Together Rx claims herein.  Except as so admitted, GSK denies the remaining allegations of this Paragraph.  It is specifically denied that GSK engaged in any conspiracy.

94-131.  The allegations in Paragraphs 94 through 131 of the AMCC are directed to other defendants and require no response from GSK.  To the extent the allegations in Paragraphs 94 through 131 of the AMCC are deemed to include allegations against GSK, they are denied, except GSK admits that it is a participant of Together Rx, LLC, a Delaware limited liability company, as alleged in Paragraph 131 of the AMCC.

### IV. GENERAL ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

132.     To the extent the allegations in Paragraph 132 of the AMCC are directed to other defendants, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK denies the allegations in Paragraph 132 of the AMCC that pertain to it.

133.    Upon information and belief, GSK admits the allegations in Paragraph 133 of the AMCC.

134-141.  To the extent the allegations in Paragraphs 134 through 141 of the AMCC refer to the knowledge, conduct, opinions or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Further answering Paragraph 134 of the AMCC, GSK admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP.  Further answering Paragraphs 135 and 136 of the AMCC, GSK admits that pharmaceutical industry pricing publications periodically report AWPs for prescription medicines sold in the United States.  GSK states that the 1999 edition of the *Red Book* and the June 1996 Dow Jones News article cited in Paragraph 136 of the AMCC are the best evidence of their contents.  GSK denies the remaining allegations in Paragraphs 134 through 141 of the AMCC that pertain to it, and specifically denies the existence of, and its participation in, any "AWP Scheme" as alleged in Paragraph 140 of the AMCC.

142-144.  GSK admits the allegations in Paragraphs 142 through 144 of the AMCC.

145.    In response to the allegations in Paragraph 145 of the AMCC, GSK admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which is the best evidence of its contents.

146.    GSK denies the allegations in the first sentence of Paragraph 146 of the AMCC insofar as the source of the quoted material is unidentified.  GSK denies the second sentence of Paragraph 146 of the AMCC insofar as 42 C.F.R. § 405.517 contains no reference to a "ceiling" on reimbursement amounts.

147.    GSK admits the allegations in Paragraph 147 of the AMCC.

148.    Answering Paragraph 148 of the AMCC, GSK admits that the Medicare Program has publicly announced that it would use the AWP published in independently produced pricing publications as the basis for reimbursement.  GSK states that the Program Memo AB-99-63 cited in Paragraph 148 of the AMCC is the best evidence of its contents.

149.    GSK states that the Program Memo AB-99-63 cited in Paragraph 149 of the AMCC is the best evidence of its contents.

150-151.  GSK admits the allegations in Paragraphs 150 through 151 of the AMCC.

152.    To the extent the allegations in Paragraph 152 of the AMCC refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.   GSK admits that there are no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs.   GSK admits that it reports certain pricing information for its medicines to pharmaceutical industry pricing publications.  GSK denies the remaining allegations in Paragraph 152 of the AMCC that pertain to it.

153-154.  GSK states that the April 2003 OIG report cited in Paragraphs 153 through 154 of the AMCC is the best evidence of its contents.  GSK denies that Plaintiffs have accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to GSK.

155.    GSK denies the allegations in Paragraph 155 of the AMCC, except admits that the federal government has been investigating drug marketing and pricing practices.

156-157.  GSK denies the existence of, and its participation in, any "scheme" cited in Paragraph 156 of the AMCC.  GSK states that the September 28, 2000, letter from Congressman

Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 156 through 157 of the AMCC is the best evidence of its contents.  GSK denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to GSK.

158.  GSK denies the allegations in Paragraph 158 of the AMCC, except admits that the federal government has been investigating drug marketing and pricing practices.

159.  To the extent the allegations in Paragraph 159 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK denies the remaining allegations in Paragraph 159 of the AMCC that pertain to it, specifically the existence of, and its participation in, any "scheme" as alleged in Paragraph 159 of the AMCC.

160.  To the extent the allegations in Paragraph 160 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK admits that it reported AWPs for its medicines to pharmaceutical industry pricing publications before August 2001, but GSK denies that it has done so since. GSK admits the remaining allegations in Paragraph 160 of the AMCC that pertain to it.

161-184.  To the extent the allegations in Paragraphs 164 through 184 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK admits the allegations in Paragraph 170 of the AMCC, except denies knowledge or information sufficient to form a belief as to the truth of the

allegations in the last sentence of that paragraph.  GSK avers that *The Wall Street Journal* article dated March 30, 2003, referenced in Paragraph 178 of the AMCC, is the best evidence of its content, which speaks for itself.  GSK denies the remaining allegations in Paragraphs 164 through 184 of the AMCC that pertain to it, including the existence of, and its participation in, any "scheme" as alleged in Paragraphs 161 and 163 of the AMCC.

185.   GSK admits that Plaintiffs purport to quote from an unidentified "industry consultant" as alleged in Paragraph 185 of the AMCC, but GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the AMCC and, therefore, denies those allegations.

186-191.  To the extent the allegations in Paragraphs 186 through 191 of the AMCC and its subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK states that the *Red Book* and the unidentified DOJ report cited in Paragraph 187 of the AMCC and the pleadings cited in Paragraphs 189 through 190 of the AMCC and subparts are the best evidence of their contents. To the extent the allegations in Paragraphs 186 through 191 of the AMCC are deemed to include allegations against GSK, they are denied.

192.   To the extent the allegations in Paragraph 192 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK states the 2003 CMS document cited in Paragraph 192 of the AMCC is the best evidence of its contents.  GSK denies that Plaintiffs have accurately characterized any alleged CMS finding, opinion, statement or conclusion.  GSK admits that it

sells its medicines in a competitive market and, as such, takes steps to keep certain information relating to its medicines confidential.  GSK denies the remaining allegations in Paragraph 192 of the AMCC that pertain to it.

193-196.  To the extent the allegations in Paragraphs 193 through 196 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK denies the allegations in Paragraphs 193 through 196 of the AMCC that pertain to it.

197.    In response to the allegations in Paragraph 197 of the AMCC, GSK denies that Plaintiffs lacked inquiry or other notice of the issues associated with reliance on AWPs as a pricing benchmark.  GSK specifically avers, to the contrary, that such issues were well known for more than a decade before Plaintiffs elected to bring this suit.

198-199.   The allegations in Paragraphs 198 through 199 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraphs 198 through 199 of the AMCC that refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, and, therefore, GSK denies those allegations. GSK denies the remaining allegations in Paragraphs 198 through 199 of the AMCC that pertain to it.

## V.      EXAMPLES OF SPECIFIC UNLAWFUL CONDUCT

200.    To the extent the allegations in Paragraph 200 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and,

therefore, denies those allegations.  GSK denies the remaining allegations in Paragraph 200 of the AMCC that pertain to it.

201-375.   The allegations in Paragraphs 201 through 375 of the AMCC are directed to other defendants and require no response from GSK.  To the extent allegations in Paragraphs 201 through 375 of the AMCC are deemed to include allegations against GSK, they are denied.

376.   In response to the allegations of Paragraph 376 of the AMCC, GSK admits only that Plaintiffs seek recovery as described, but denies that Plaintiffs are entitled to such recovery, and denies that GSK is in any way liable to Plaintiffs.  Except as so admitted, GSK denies the remaining allegations of this Paragraph.

377.   In response to the allegations of Paragraph 377 of the AMCC, GSK admits only that, in response to subpoenas and/or requests for information, it has provided documents and/or information with respect to certain products to the United States Department of Justice, the Office of Inspector General of the Department of Health and Human Services, the Attorney General for Texas, the Attorney General for California, and the Attorney General for Nevada. Except as so admitted, GSK denies the remaining allegations of this Paragraph.

378.   GSK denies the allegations of Paragraph 378 of the AMCC.

379.   In response to the allegations of Paragraph 379 of the AMCC, GSK admits only that Medicare and some private insurers reimburse for prescription drugs based on some percentage of the AWP reported by third-party publishing services, such as First DataBank Inc. and Facts and Comparisons.  Except as so admitted, GSK denies the remaining allegations of this Paragraph.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.  Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

380.    GSK denies the allegations of Paragraph 380 of the AMCC.  It is specifically denied that the document referred to in this Paragraph was prepared by Glaxo Wellcome, Inc. To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.  Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

381.    GSK denies the allegations in Paragraph 381 of the AMCC.  To the extent the allegations of this Paragraph are directed to other defendants, no response is required from GSK and GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations.

382.    In response to the allegations of Paragraph 382 of the AMCC, GSK admits only that Medicare and some private insurers reimburse for prescription drugs based on some percentage of the AWP reported by third-party publishing services, such as First DataBank Inc. and Facts and Comparisons.  Except as so admitted, GSK denies the remaining allegations of this Paragraph.  It is specifically denied that the document referred to in this Paragraph was prepared by Glaxo Wellcome, Inc.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.  Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

383.    GSK denies the allegations of Paragraph 383 of the AMCC.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.  Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

384.    GSK denies the allegations of Paragraph 384 of the AMCC.

385.    In response to the allegations of Paragraph 385 of the AMCC, GSK admits that Zofran and Kytril are both antiemetics prescribed by physicians for chemotherapy-induced nausea and vomiting.  GSK further admits that Zofran and Kytril, although not therapeutically equivalent products as that term is used by the FDA, were and are competing antiemetics.  GSK states that Kytril was sold to Hoffman-LaRoche, Inc. in December 22, 2000.  Except as so admitted, GSK denies the remaining allegations of this Paragraph.

386.    GSK denies the allegations of Paragraph 386 of the AMCC.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.  Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

387.    To the extent the allegations of Paragraph 387 of the AMCC refer to a document, that document speaks for itself.  Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

388.    GSK denies the allegations of Paragraph 388 of the AMCC.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.  Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

389.    GSK denies the allegations of Paragraph 389 of the AMCC.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.  Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

390.    GSK denies the allegations of Paragraph 390 of the AMCC.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.   Any

allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

391.    GSK denies the allegations of Paragraph 391 of the AMCC.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.   Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

392.    GSK denies the allegations of Paragraph 392 of the AMCC.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.   Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

393.    GSK denies the allegations of Paragraph 393 of the AMCC.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.   Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

394.    In response to the allegations of Paragraph 394 of the AMCC, GSK admits only that, in March 1996,  Glaxo Wellcome, Inc. increased its Net Wholesale Price (NWP) and Average Wholesale Price (AWP) for Zofran by 4.9% for NDCs 00173-0442-00 and 00173-0461-00 and by 8.6% for NDC 00173-0442-02, and SmithKline Beecham Corporation increased its Wholesale Purchase Price (WPP) and Suggested List Price (SLP) for Kytril by 4.8%.  Except as so admitted, GSK denies the remaining allegations of this Paragraph.   To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.   Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

395.   GSK denies the allegations of Paragraph 395 of the AMCC.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.   Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

396.   GSK denies the allegations of Paragraph 396 of the AMCC.  It is specifically denied that the document referred to in this paragraph was prepared by Glaxo Wellcome, Inc.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.  Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

397.   GSK denies the allegations of Paragraph 389 of the AMCC.  It is specifically denied that the documents referred to in this Paragraph were prepared by Glaxo Wellcome, Inc.  To the extent the allegations in this Paragraph refer to documents, those documents speak for themselves.  Any allegations inconsistent with the plain meaning and clear terms of the complete documents are denied.

398.   GSK denies the allegations of Paragraph 398 of the AMCC.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.   Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

399.   GSK denies the allegations of Paragraph 399 of the AMCC.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.   Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

400.     GSK denies the allegations of Paragraph 400 of the AMCC.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.   Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

401.     GSK denies the allegations of Paragraph 401 of the AMCC.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.   Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

402.     In response to the allegations of Paragraph 402 of the AMCC, GSK admits only that Kytril was sold to Hoffman-LaRoche, Inc. in December 22, 2000.  Except as so admitted, GSK denies the remaining allegations of this Paragraph.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.  Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

403.     GSK denies the allegations of Paragraph 403 of the AMCC.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.   Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

404.     GSK denies the allegations of Paragraph 404 of the AMCC.  To the extent the allegations in this Paragraph refer to documents, those documents speak for themselves.  Any allegations inconsistent with the plain meaning and clear terms of the complete documents are denied.

405.     GSK denies the allegations of Paragraph 405 of the AMCC.

406.    To the extent the allegations of Paragraph 406 of the AMCC refer to a document, that document speaks for itself.  Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

407.    GSK denies the allegations of Paragraph 407 of the AMCC.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.  Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

408.    GSK denies the allegations of Paragraph 408 of the AMCC.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.  Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

409.    GSK denies the allegations of Paragraph 409 of the AMCC.

410.    GSK denies the allegations of Paragraph 410 of the AMCC.

411.    GSK denies the allegations of Paragraph 411 of the AMCC.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.  Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

412.    GSK denies the allegations of Paragraph 412 of the AMCC.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.  Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

413.    In response to the allegations of Paragraph 413 of the AMCC, GSK admits that Kytril was effective when dosed based on the weight of the patient and, as a result, in some

cases, physicians may have used less than 1 mg of the single dose vial.  GSK further admits that, beginning in July 1997, it manufactured and sold a 4 mg multi-dose vial of Kytril.  Except as so admitted, GSK denies the remaining allegations of this Paragraph.  To the extent the allegations in this Paragraph refer to a document, that document speaks for itself.  Any allegations inconsistent with the plain meaning and clear terms of the complete document are denied.

414.   GSK denies the allegations of Paragraph 414 of the AMCC.

415.   GSK denies the allegations of Paragraph 415 of the AMCC.  To the extent the allegations in this Paragraph refer to a report by the Department of Health and Human Services, that report speaks for itself.  Any allegations inconsistent with the plain meaning and clear terms of the report are denied.  It is specifically denied that the table in this Paragraph and/or the report by the Department of Health and Human Services accurately calculated the AWP, the "actual AWP," the "difference," and/or the "percentage spread."

416.   GSK denies the allegations of Paragraph 416 of the AMCC.

417-540.  The allegations in Paragraphs 417 through 540 of the AMCC are directed to other defendants and require no response from GSK.  To the extent allegations in Paragraphs 417 through 540 of the AMCC are deemed to include allegations against GSK, they are denied.

## VI.   PLAINTIFFS' CLAIM FOR DAMAGES

541.   GSK denies that Plaintiffs have suffered damages or injuries as alleged in Paragraph 541 of the AMCC.  GSK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 541 of the AMCC and, therefore, denies those allegations.

## VII.   PLAINTIFFS' CLAIMS CONCERNING TOGETHER RX

542-546.  GSK denies the allegations in Paragraphs 542 through 546 of the AMCC.

547.    GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 547 of the AMCC and, therefore, denies those allegations.

548.    GSK admits that, at present, the Medicare Program generally does not cover the cost of self-administered prescription medicines and that Congress has debated the issue of prescription medicine coverage under the Medicare Program.  GSK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 548 of the AMCC and, therefore, denies those allegations.

549.    GSK admits that in recent legislative sessions Congress, in keeping with its role as the legislative branch of the Federal Government, has focused on the pricing of prescription medicines in the United States and on reforming the Medicare and Medicaid prescription medicine programs.  To the extent the allegations in Paragraph 549 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK states that the April 4, 2001 Prescription Drug Fairness for Seniors Act cited in Paragraph 549 of the AMCC is the best evidence of its contents.  GSK denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement or conclusion contained in this document or allegedly made by Congressman Allen.  To the extent the remaining allegations in Paragraph 549 of the AMCC are deemed to include allegations against GSK, they are denied.

550.    To the extent the allegations in Paragraph 550 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK admits that it participates in the Together Rx Card

Program, which commenced in 2002 and allows poor, elderly Americans to enjoy substantial discounts on covered medicines.  GSK denies the remaining allegations in Paragraph 550 of the AMCC that pertain to it.

551-553.  GSK admits that in October 2001, it launched its Orange Card, and states that the GSK press release cited in and used as the source for Paragraphs 551 through 553 of the AMCC is the best evidence of its contents.  Any allegations inconsistent with the plain meaning of the press release are denied.

554-555.  GSK admits that it issued a press release on October 3, 2001 (not 2002, as alleged in Paragraph 554 of the AMCC) and states that that press release is the best evidence of its contents.  Any allegations inconsistent with the plain meaning of the press release are denied.

556.    GSK admits the allegations in the first two sentences of Paragraph 556 of the AMCC.  As to the third sentence of that Paragraph, GSK admits that Orange Card and Together Card participants receive nearly identical discounts on all GSK outpatient prescriptions.

557-561.  The allegations in Paragraphs 557 through 561 of the AMCC are directed to another defendant and require no response from GSK.  To the extent allegations in Paragraphs 557 through 561 of the AMCC are deemed to include allegations against GSK, they are denied.

562.    GSK states that the press release cited in Paragraph 562 of the AMCC is the best evidence of its contents.  GSK denies the remaining allegations in Paragraph 562 of the AMCC that pertain to it.

563-565.  To the extent the allegations in Paragraphs 563 through 565 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK states that the March 12, 2002, *Reuters* article

cited in Paragraph 564 of the AMCC is the best evidence of its contents.  To the extent the remaining allegations in Paragraphs 563 through 565 of the AMCC are deemed to include allegations against GSK, they are denied.

566.    GSK admits that it participates in the Together Rx Card Program, which commenced in 2002 and allows poor, elderly Americans to enjoy substantial discounts on covered medicines.  GSK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 566 of the AMCC and, therefore, denies those allegations.

567.    GSK denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 567 of the AMCC as to the other parties.  GSK admits that discounts are or were available through the Together Rx Program on a number of GSK drugs, including Agenerase, Albenza, Alkeran Tablets, Amerge, Amoxil, Augmentin, Avandamet, Avandia, Avodart, Bactroban Cream, Beconase, Ceftin Tablets and Powder for Oral Suspension, Combivir, Compazine, Coreg, Daraprim Tablets, Dyazide, Epivir, Epivir-HBV, Eskalith CR, Flonase, Flovent, Imitrex, Lamictal, Lanoxicaps, Lanoxin, Leukeran Tablets, Malarone, Mepron, Myleran, Parnate, Paxil, Purinethol, Relafen, Relenza, Requip, Retrovir, Serevent, Stelazine, Tagamet, Tabloid brand Thioguanine, Thorazine, Trizivir, Valtrex, Ventolin, Wellbutrin, Zantac, Ziagen, Zofran, Zovirax and Zyban.  GSK denies the remaining allegations of Paragraph 567 of the AMCC.

568-571.  The allegations in Paragraphs 568 through 571 of the AMCC are directed to other defendants and require no response from GSK.  To the extent allegations in Paragraphs 568 through 571 of the AMCC are deemed to include allegations against GSK, they are denied.