572.    GSK admits that, with the exception of Urispas and Zofian, the medicines identified in Paragraph 572 of the AMCC are or have been manufactured by GSK and are or have been covered by the Together Rx Card Program.  GSK further admits that Zofran, which is not listed in Paragraph 572, is also covered by the Together Rx Card Program.  GSK denies the remaining allegations of Paragraph 572 of the AMCC.

573-575.  The allegations in Paragraphs 573 through 575 of the AMCC are directed to other defendants and require no response from GSK.  To the extent allegations in Paragraphs 573 through 575 of the AMCC are deemed to include allegations against GSK, they are denied.

576.    To the extent the allegations in Paragraph 576 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK states that the unidentified document cited in Paragraph 576 of the AMCC is the best evidence of its contents.  GSK admits that it encouraged eligible poor, elderly Americans to enroll in the Together Rx Program, but denies the remaining allegations in Paragraph 576 of the AMCC that pertain to it.

577-583.  To the extent the allegations in Paragraphs 577 through 583 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK states that the unidentified document cited in Paragraph 577 of the AMCC, the website cited in Paragraph 578 of the AMCC, the April 10, 2002 press release cited in Paragraph 579 of the AMCC, the press release cited in Paragraph 580 of the AMCC, and the February 3, 2003, document and/or statement cited in Paragraph 583 of the AMCC are the best evidence of their contents.  GSK denies that Plaintiffs have accurately

characterized any alleged finding, opinion, statement or conclusion contained in these documents and/or statements.  To the extent the remaining allegations in Paragraphs 577 through 583 of the AMCC are deemed to include allegations against GSK, they are denied.

584-594.   GSK denies the allegations in Paragraphs 584 through 594 of the AMCC. GSK specifically denies the existence of, and its participation in, any "conspiracy" as alleged in Paragraph 587 of the AMCC.  Answering further, GSK states that it did not report or cause to be reported any AWP for any of its medicines during the period relevant to the allegations in Paragraph 590 through 592 of the AMCC.

## VIII.   CLASS ALLEGATIONS FOR THE PURPORTED "AWP PAYOR CLASS"

595-596.   GSK admits that Plaintiffs purport to bring this action as alleged in Paragraphs 595 through 596 of the AMCC, but GSK denies that Plaintiffs are entitled to maintain this action in the manner alleged, or that Plaintiffs have pled a proper class or named proper class representatives.

597-603.   The allegations in Paragraphs 597 through 603 of the AMCC state legal conclusions to which no answer is required.  GSK denies, however, that Plaintiffs have pled a proper class or named proper class representatives, or that the allegations against GSK have any basis in law or fact.  Further answering, GSK denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraphs 598 and 603 of the AMCC.

## IX.  CLASS ALLEGATIONS FOR THE PURPORTED "TOGETHER RX CLASS"

604-605.   GSK admits that Plaintiffs purport to bring this action as alleged in Paragraphs 604 through 605 of the AMCC, but GSK denies that Plaintiffs are entitled to maintain this action in the manner alleged.

606-607.   The allegations in Paragraphs 606 through 607 of the AMCC state a legal conclusion to which no answer is required.   GSK denies, however, that Plaintiffs have pled a proper class or named proper class representatives.

608.   GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 608 of the AMCC and, therefore, denies those allegations.

609.   GSK admits that Plaintiffs purport to bring this action as alleged in Paragraph 609 of the AMCC, but GSK denies that Plaintiffs are entitled to maintain this action in the manner alleged.

610-614.   The allegations in Paragraphs 610 through 614 of the AMCC state a legal conclusion to which no answer is required.   GSK denies, however, that Plaintiffs have pled a proper class or named proper class representatives, or that the allegations against GSK have any basis in law or fact.   GSK denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 611 of the AMCC.   GSK further denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraph 612 through 613 of the AMCC.

615.   GSK denies that Plaintiffs and members of the Classes have suffered, and will continue to suffer harm and damages, as a result of defendants' alleged conduct.   The remaining allegations in Paragraph 615 of the AMCC state a legal conclusion to which no answer is required.   GSK denies, however, that Plaintiffs have pled a proper class.

616-618.  GSK denies the allegations in Paragraphs 616 through 618 of the AMCC.

## COUNT I (RICO)

619-646.   The Court dismissed Count I in its Order dated February 25, 2004. Accordingly, GSK does not respond to Paragraphs 619 through 646 of the AMCC.  To the extent a response is required, GSK denies all allegations contained within Count I of the AMCC.

## COUNT II (RICO)

647.   Answering Paragraph 647 of the AMCC, GSK realleges and incorporates its responses to the allegations in Paragraphs 1 through 646 of the AMCC.

648.   To the extent the allegations in Paragraph 648 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK admits that Plaintiffs purport to bring this action and to seek relief under Count II of the AMCC as alleged in Paragraph 648, but GSK denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against GSK under Count II.  GSK denies the remaining allegations in Paragraph 648 of the AMCC.

649.   The allegations in Paragraph 649 of the AMCC state a legal conclusion to which no answer is required.  GSK denies, however, that Plaintiffs have pled a proper class.

650.   To the extent the allegations in Paragraph 650 of the AMCC and subparts state legal conclusions, GSK avers that no answer is required.  GSK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 650 and subparts and, therefore, denies those allegations.

651-655.  GSK denies the existence of, or its participation in, any "enterprise," "AWP Scheme," or "hidden-profitmaking scheme" as alleged in Paragraphs 651 through 655 of the AMCC.  To the extent the allegations in Paragraphs 651 through 655 refer to the

knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK states that the unidentified "industry report" cited in Paragraph 655 of the AMCC is the best evidence of its contents.  GSK denies that Plaintiffs have accurately characterized any alleged "industry report" finding, opinion, statement or conclusion. GSK denies the remaining allegations in Paragraphs 651 through 655 that pertain to it.

656-679.  GSK denies the existence of, or its participation in, any "enterprise," "AWP spread scheme," "AWP Scheme," "The GSK Group Manufacturer-PBM Enterprise" and/or "Manufacturer-PBM Enterprise" as alleged in Paragraphs 656 through 679 of the AMCC.  To the extent the allegations in Paragraphs 656 through 679 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent the allegations in Paragraphs 656 through 679 of the AMCC include allegations against GSK, they are denied.

## COUNT III (DECLARATORY RELIEF)

680.    Answering Paragraph 680 of the AMCC, GSK realleges and incorporates its responses to the allegations in Paragraphs 1 through 679 of the AMCC.

681.    The allegations in Paragraph 681 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, GSK denies that Plaintiffs have standing to bring this action, and denies that an actual case and controversy exists.  To the extent the allegations in Paragraph 681 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information

sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK denies the allegations in Paragraph 681 of the AMCC that pertain to it.

682.  GSK denies the allegations in Paragraph 682 of the AMCC to the extent they are directed at GSK, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 682 as to the other parties and entities.

683.  GSK states that Paragraph 683 of the AMCC consists of a conclusion of law to which no response is required, otherwise denies the allegations in Paragraph 683 to the extent that they are directed at GSK, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 683 as to the other parties and entities.

## COUNT IV (CONSUMER PROTECTION STATUTES)

684.   Answering Paragraph 684 of the AMCC, GSK realleges and incorporates its responses to the allegations in Paragraphs 1 through 683 of the AMCC.

685.  GSK admits that Plaintiffs purport to bring this action and to seek relief under Count IV of the AMCC as alleged in Paragraph 685, but GSK denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against GSK under Count IV.

686.   To the extent the allegations in Paragraph 686 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK admits that its principal place of business is located in Philadelphia, Pennsylvania.  GSK admits that certain states have enacted consumer protection laws, but GSK denies that it has violated such laws or that Plaintiffs or any putative class members are entitled to relief under such laws.

687-691.   GSK denies the existence of, and its participation in, any "AWP scheme" as alleged in Paragraph 687 of the AMCC.  To the extent the allegations in Paragraphs 687 through 691 of the AMCC and subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK denies the remaining allegations in Paragraphs 687 through 691 of the AMCC and subparts that pertain to it.  GSK further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraphs 689 and 691 of the AMCC.

## COUNT V (CLAYTON ACT – TOGETHER RX)

692.   Answering Paragraph 692 of the AMCC, GSK realleges and incorporates its responses to the allegations in Paragraphs 1 through 691 of the AMCC.

693-694.   GSK denies the allegations in Paragraphs 693 through 694 of the AMCC. Specifically, GSK denies the existence of, and its participation in, any "conspiracy" as alleged in Paragraph 694 of the AMCC.

695.   The allegations in Paragraph 695 of the AMCC state a legal conclusion to which no answer is required.  To the extent a response is required, GSK denies the allegations in Paragraph 695 of the AMCC, and specifically denies that it sold Together Card Drugs.

696-698.   GSK denies the allegations in Paragraphs 696 through 698 of the AMCC. Specifically, GSK denies the existence of, and its participation in, any "conspiracy" as alleged in Paragraph 696 of the AMCC.  GSK further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 698 of the AMCC.

## COUNT VI (SHERMAN ACT)

699.    Answering Paragraph 699 of the AMCC, GSK realleges and incorporates its responses to the allegations in Paragraphs 1 through 698 of the AMCC.

700-703.   GSK denies the allegations in Paragraphs 700 through 703 of the AMCC, including the existence of, and its participation in, any "conspiracy" as alleged in those Paragraphs.  GSK further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 703 of the AMCC.

704.    GSK denies the allegations in Paragraph 704 of the AMCC.

## COUNT VII (INDIRECT PURCHASER – TOGETHER RX)

705.    Answering Paragraph 705 of the AMCC, GSK realleges and incorporates its responses to the allegations in Paragraphs 1 through 704 of the AMCC.  GSK denies the remaining allegations in Paragraph 705 of the AMCC.

706-708.   GSK denies the allegations in Paragraphs 706 through 708 of the AMCC and subparts.

## COUNT VIII (RICO – TOGETHER RX)

709.    Answering Paragraph 709 of the AMCC, GSK realleges and incorporates its responses to the allegations in Paragraphs 1 through 708 of the AMCC.

710.    GSK admits that Plaintiffs purport to bring this action and to seek relief under Count VII of the AMCC as alleged in Paragraph 710, but GSK denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against GSK under Count VII.

711.    The allegations in Paragraph 711 state legal conclusions to which no response is required.  To the extent a response is required, GSK denies the allegations in Paragraph 711 of the AMCC.

712-717.  GSK denies the allegations in Paragraphs 712 through 717 of the AMCC that pertain to it, except it admits that it is a participant in the Together Card Program.  Specifically, GSK denies the existence of, and its participation in, any "alliance," "enterprise," "Together Rx Enterprise," "scheme" or "Together Rx Scheme" as alleged in Paragraphs 712 through 717 of the AMCC.

718-719.  GSK denies the allegations in Paragraphs 718 through 719 of the AMCC, including the existence of, and its participation in, any "scheme," "Together Rx Card Scheme," "enterprise" or "Together Rx Enterprise" as alleged in those Paragraphs.

720-725.  GSK denies the allegations in Paragraphs 720 through 725 of the AMCC. Specifically, GSK denies the existence of, and its participation in, any "scheme" or "Together Rx Card Scheme" as alleged in Paragraphs 720 through 725 of the AMCC.  GSK further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 724 of the AMCC.

## COUNT IX (CIVIL CONSPIRACY – PBMs)

726.  Answering Paragraph 726 of the AMCC, GSK realleges and incorporates its responses to the allegations in Paragraphs 1 through 725 of the AMCC.

727.  GSK admits that Plaintiff CMHV purports to bring this action as alleged in Paragraph 727 of the AMCC, but GSK denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  GSK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 727 of the AMCC and, therefore, denies those allegations.

728-731.  GSK denies the existence of, and its participation in, any "scheme," "AWP Scheme," "conspiracy" or "The GSK Group Manufacturer-PBM Conspiracies" as alleged in

Paragraphs 728 through 731 of the AMCC.  To the extent the allegations in Paragraphs 728 through 731 of the AMCC and subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than GSK, GSK is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  GSK denies the remaining allegations in Paragraphs 728 through 731 of the AMCC and subparts that pertain to it.

732-733.  GSK denies the allegations in Paragraphs 732 through 733 of the AMCC. Specifically, GSK denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 733 of the AMCC.

## COUNT X (CIVIL CONSPIRACY – TOGETHER RX)

734.  Answering Paragraph 734 of the AMCC, GSK realleges and incorporates its responses to the allegations in Paragraphs 1 through 733 of the AMCC.

735.  GSK admits that Plaintiff CMHV purports to bring this action as alleged in Paragraph 735 of the AMCC, but GSK denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  GSK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 735 of the AMCC and, therefore, denies those allegations.

736-741.  GSK denies the allegations in Paragraphs 736 through 741 of the AMCC. Specifically, GSK denies the existence of, and its participation in, any "conspiracy" as alleged in Paragraphs 736 through 741 of the AMCC.  GSK further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 741 of the AMCC.

## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

GSK denies Plaintiffs are entitled to a judgment or any other relief requested in their Prayer for Relief and "WHEREFORE" paragraph following Paragraph 741 of the AMCC.

## DEFENSES

Without assuming the burden of proof of such defenses that it would not otherwise have, GSK affirmatively asserts the following defenses:

### First Defense

Plaintiffs and the putative class fail to state a claim against GSK upon which relief may be granted.

### Second Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Third Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the filed rate doctrine.

### Fourth Defense

Plaintiffs and the putative class have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of GSK as alleged in the AMCC.

### Fifth Defense

To the extent Plaintiffs and/or any member of the putative class obtain recovery in any other case predicated on the same factual allegations, that Plaintiff or purported class member is barred from seeking recovery against GSK based on the AMCC pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### Sixth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation.

### Seventh Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by GSK in judicial, legislative or administrative proceedings of any kind or at any level of government.

### Eighth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

### Ninth Defense

Any and all actions taken by GSK with respect to any of the matters alleged in the AMCC were taken in good faith and in accordance with established industry practice.

### Tenth Defense

Plaintiffs' and the putative class' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Eleventh Defense

Plaintiffs' and the putative class' claims are preempted by the dormant Commerce Clause of the United States Constitution.

### Twelfth Defense

Plaintiffs' and the putative class' claims against GSK are barred because GSK has complied with all applicable regulations of the federal and state governments.

### Thirteenth Defense

Plaintiffs' and the putative class' claims against GSK are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Fourteenth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because they violate GSK's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as all applicable state constitutions, insofar as Plaintiffs and the putative class members seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Fifteenth Defense

GSK's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

**Sixteenth Defense**

Plaintiffs and the putative class fail to state with particularity facts to support the fraud allegations, and fail to plead with particularity the fraudulent concealment and multi-source medicine allegations against GSK contained in the AMCC.

**Seventeenth Defense**

Plaintiffs and the putative class fail to allege with particularity their civil conspiracy claims against GSK as required by Fed. R. Civ. P. 9(b).

**Eighteenth Defense**

Plaintiffs' and the putative class' claims against GSK are barred, in whole or in part, because GSK did not make any false statements to Plaintiffs or to any members of the putative class members.  As to any statement asserted against GSK that Plaintiffs and the putative class allege to be false or misleading, GSK had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

**Nineteenth Defense**

Plaintiffs' and the putative class' claims against GSK are barred because GSK did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

**Twentieth Defense**

Plaintiffs' and the putative class' RICO claims against GSK are barred, in whole or in part, due to Plaintiffs' failure to properly allege a RICO enterprise as required by 18 U.S.C. § 1962(c).

### Twenty-First Defense

Plaintiffs' and the putative class' RICO claims against GSK are barred, in whole or in part, due to their failure to plead facts showing that GSK and the PBMs are ongoing organizations whose members function as a continuing unit and share common purposes as required by *United States v. Turkette*, 452 U.S. 576, 583 (1981).

### Twenty-Second Defense

Plaintiffs' and the putative class' RICO claims against GSK are barred, in whole or in part, due to their failure to allege that GSK conducted the affairs of the alleged enterprises as required by 18 U.S.C. § 1962(c).

### Twenty-Third Defense

Plaintiffs and the putative class lack standing to bring their RICO claims against GSK because they cannot show GSK directly caused their alleged injuries as required by 18 U.S.C. § 1964(c) and *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 265-66, 268 (1992).

### Twenty-Fourth Defense

Plaintiffs' and the putative class' civil conspiracy claims against GSK are barred, in whole or in part, by their failure to allege a concerted action as required by *Aetna Cas. Sur. Co. v. P&B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994) and *Grant v. John Hancock Mut. Life Ins. Co.*, 183 F. Supp. 2d 344, 359 (D. Mass. 2002), and/or by their failure to allege a coercive conspiracy as required by *Fleming v. Dance*, 22 N.E.2d 609, 611 (Mass. 1939).

### Twenty-Fifth Defense

Plaintiffs' and the putative class' civil conspiracy claims against GSK are barred, in whole or in part, because they are duplicative and improper under Massachusetts law.  *See Grant*, 183 F. Supp. 2d at 364.

**Twenty-Sixth Defense**

GSK denies that Plaintiffs and the putative class have valid consumer protection claims against GSK under California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington or any other State whose law is or becomes relevant in the course of this multidistrict litigation.  However, if such claims are found to exist, GSK pleads all available defenses under the Acts.

**Twenty-Seventh Defense**

Any allegedly fraudulent statements or conduct of GSK did not directly or proximately cause the alleged injuries of Plaintiffs and/or any members of the putative class as required under state consumer protection laws, including without limitation those of Florida, Illinois, Louisiana, New Jersey, New York, Pennsylvania, Texas and Washington.

**Twenty-Eighth Defense**

GSK's conduct was neither "deceptive," "misleading," "unlawful" nor "illegal" as required under certain state consumer protection laws, including without limitation those of Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Texas and/or Washington.

**Twenty-Ninth Defense**

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against GSK, they are not entitled to such relief because they have an adequate remedy at law.

**Thirtieth Defense**

Plaintiffs and the putative class lack standing to bring their asserted consumer protection claims against GSK under certain state consumer protection laws, including without limitation those of Delaware, Florida, Louisiana, New Jersey, Pennsylvania and Washington.

### Thirty-First Defense

Plaintiffs and the putative class did not rely on the allegedly fraudulent statements or conduct of GSK as required under certain state consumer protection laws, including without limitation those of New York and Pennsylvania.

### Thirty-Second Defense

Any allegedly fraudulent statement or conduct of GSK was not consumer-oriented as required under certain consumer protection law, including without limitation that of New York.

### Thirty-Third Defense

Plaintiffs' and the putative class' claims against GSK for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Thirty-Fourth Defense

Plaintiffs' and the putative class' claims for injunctive relief against GSK are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-Fifth Defense

This action cannot be maintained as a class action because (1) the certification and maintenance of this action as a class would violate the separation of powers provisions of the United States Constitution and would be an unconstitutional usurpation of authority reserved to the legislative branch; (2) the claims of Plaintiffs and the putative class cannot be properly joined with one another because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences; (3) the named Plaintiffs and the putative class cannot satisfy the procedural requirements of Fed. R. Civ. P. 23; (4) the questions of fact at issue are not common to the alleged class, but rather, are highly specific and will vary dramatically from person to person and entity to entity; and/or (5) class certification would violate GSK's rights provided by the Fifth, Seventh and Fourteenth Amendments to the United States Constitution as well as by

the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation, including but not limited to GSK's right to procedural and substantive safeguards, which include traditional defenses to liability.

### Thirty-Sixth Defense

Plaintiffs' and the putative class' antitrust claims against GSK:  (1) are barred because they have not suffered any antitrust injury; (2) are barred in whole or in part for lack of standing; and/or (3) should be dismissed because the alleged conspiracy does not make economic sense and is economically implausible.

### Thirty-Seventh Defense

Any alleged restraints complained of in the AMCC are ancillary to legitimate, procompetitive activity.

### Thirty-Eighth Defense

GSK's conduct was not intended to have, did not have and was not likely to have had any adverse effects on competition in any relevant market.

### Thirty-Ninth Defense

Plaintiffs' and the putative class' claims against GSK under Section 1 of the Sherman Act, 15 U.S.C. § 1, are barred to the extent recovery is based on indirect purchases of medicines.

### Fortieth Defense

Plaintiffs' and the putative class' antitrust claims against GSK under the various state antitrust statutes are barred in whole or in part to the extent those statutes (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly interstate in nature.

## Forty-First Defense

Plaintiffs' and the putative class' antitrust claims against GSK under the various state unfair trade and competition statutes are barred in whole or in part to the extent those statutes (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly intrastate in nature.

## Forty-Second Defense

Plaintiffs' and the putative class' antitrust claims against GSK under the various state consumer protection and consumer fraud statutes are barred in whole or in part to the extent those statutes (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly intrastate in nature.

## Forty-Third Defense

Plaintiffs' and the putative class' antitrust claims against GSK under the various state unfair trade, unfair competition, consumer protection and consumer fraud statutes are barred to the extent (1) those claims represent an impermissible circumvention of the states' antitrust statutes; and (2) those statutes apply only to deceptive or misleading conduct and/or govern only consumer transactions.

## Forty-Fourth Defense

Third party payor plaintiffs' and third party payor putative class members' claims against GSK are barred, in whole or in part, with respect to any alleged overcharge or supracompetitive price on the ground that third party payors passed on any effect of the alleged supracompetitive prices to their customers or employees in the form of higher premiums, co-pays or other charges.

## Forty-Fifth Defense

Plaintiffs' and the putative class' claims against GSK are barred, in whole or in part, with respect to any alleged overcharge or supracompetitive price because such supracompetitive price, if any, was absorbed, in whole or part, by a person and/or entity which purchased the medicine directly, and/or by an intermediate indirect purchaser, and was not passed through to the Plaintiffs and putative class members.

## Forty-Sixth Defense

Plaintiffs' and the putative class' claims against GSK are barred, in whole or in part, due to their failure to join indispensable parties.

## Forty-Seventh Defense

Plaintiffs' and the putative class' claims against GSK are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the AMCC.

## Forty-Eighth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because any injuries sustained by Plaintiffs or the putative class were the result of intervening or superceding conduct of third parties.

## Forty-Ninth Defense

Plaintiffs' and the putative class' claims against GSK for damages are barred, in whole or in part, (1) because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to GSK; (2) because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the AMCC; (3) by the doctrine of consent and/or ratification to the extent that plaintiffs and/or putative class members have received and paid for medicines manufactured, marketed and sold by GSK after the filing of Plaintiffs' original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

## Fiftieth Defense

GSK is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs and/or the putative class, with respect to the same alleged injuries.

## Fifty-First Defense

Any damages recovered by the Plaintiffs and the putative class from GSK must be limited by the applicable statutory ceilings on recoverable damages.

## Fifty-Second Defense

Plaintiffs and the putative class fail to allege facts or a cause of action against GSK sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

## Fifty-Third Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against GSK:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the AMCC are legally insufficient to support a claim for punitive damages

against GSK; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give GSK prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of GSK's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the constitutions of any applicable states' laws; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate GSK's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable states' laws; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against GSK for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of GSK's medicines would constitute impermissible multiple punishments for the same wrong, in violation of GSK's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law and statutory law of any applicable states' laws; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate GSK's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' law; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according GSK the same protections that

are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate GSK's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' laws.

### Fifty-Fourth Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for punitive damages against GSK cannot be sustained because an award of punitive damages by a jury that:   (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of GSK, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding Plaintiffs' and the putative class' burden of proof with respect to each and every element of a claim for punitive damages, and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate GSK's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth

Amendments to the United States Constitution, and would be improper under the constitutions, common law and public policies of any applicable states' laws.

### Fifty-Fifth Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for punitive damages against GSK cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate GSK's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate GSK's right not to be subjected to an excessive award; and (3) be improper under the constitutions, common law and public policies of any applicable states' laws.

### Fifty-Sixth Defense

GSK adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

### Fifty-Seventh Defense

GSK hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.  GSK also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state other than California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and/or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

WHEREFORE, GSK prays that this Court:

1.      Dismiss the Amended Master Consolidated Class Action Complaint with prejudice and enter judgment in favor of GSK and against Plaintiffs;

2.      Award GSK its costs and expenses; and

3.      Grant such other and further relief for GSK as this Court deems just and proper.


Respectfully submitted,


**BY:** /s/ _____
Geoffrey E. Hobart (BBO# 547499)
Holland & Knight LLP
10 St. James Avenue
Boston, MA  02116
Tel: (617) 854-1419
Fax: (617) 523-6850
E-mail: ghobart@hklaw.com

Mark H. Lynch
Ethan M. Posner
Covington & Burling
1201 Pennsylvania Avenue, NW
Washington, DC  20004
Tel: (202) 662-5544
Fax: (202) 778-5544
E-mail: mlynch@cov.com

Frederick G. Herold
Dechert LLP
975 Page Mill Road
Palo Alto, CA  94304
Tel: (650) 813-4930
Fax: (650) 813-4848
E-mail: Frederick.herold@dechert.com

DATE: April 9, 2004                    *Counsel for SmithKline Beecham Corp.*
                                       *d/b/a GlaxoSmithKline ("GSK")*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of April, 2004, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

_____
Attorney for Defendant SmithKlineBeecham
Corporation d/b/a GlaxoSmithKline