# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

## AVENTIS PHARMACEUTICALS INC.'S ANSWER TO PLAINTIFFS' AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT

Defendant Aventis Pharmaceuticals Inc.[1] ("Aventis"), for its Answer to Plaintiffs'
Amended Master Consolidated Class Action Complaint (the "AMCC"), states:

### Preface

The AMCC improperly and repetitively refers to Aventis and certain other defendants
and third parties on a collective basis, failing to plead with requisite particularity allegations
against Aventis or other defendants or third parties. Intentionally ambiguous pleading is
improper and insufficient to apprise Aventis in any meaningful sense of the allegations asserted
against it. Aventis has nevertheless attempted to respond to Plaintiffs' allegations to the extent
possible under the circumstances. To the extent allegations refer to the knowledge, conduct or
actions of other defendants or entities, Aventis is generally without knowledge or information
sufficient to form a belief as to the truth of those allegations and, on that basis, Aventis denies
those allegations. Aventis states that it is answering Plaintiffs' allegations on behalf of itself

---

[1]   Plaintiffs' description of "Aventis Group (Aventis, Pharma, Hoechst & Behring)" in the AMCC is
inaccurate and misleading. This Answer is that of Aventis Pharmaceuticals Inc. and Hoechst Marion
Roussel, Inc. (collectively "Aventis").

1405952v2

only, even when Plaintiffs' allegations refer to alleged conduct by Aventis and other persons or entities.

The AMCC improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully. Many of the allegations of the AMCC are vague or conclusory. The AMCC also includes terms which are undefined and which are susceptible of different meanings.

The AMCC also contains purported quotations from a number of sources, many of which are unidentified. If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, Aventis reserves the right to assert such privileges, hereby moves to strike such references and demands return of any such documents that Plaintiffs may have in their possession, custody or control. In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Aventis denies each and every allegation contained in the AMCC, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculations which are contained in any averment or in the AMCC as a whole. Moreover, Aventis specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered paragraphs in the AMCC.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

2

# I. INTRODUCTION

1.      Aventis admits that Plaintiffs seek to bring this action as alleged in Paragraph 1 of the AMCC.  Aventis denies that Plaintiffs are entitled to maintain this action in the manner alleged.

2.      Aventis denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraph 2 of the AMCC.  To the extent the allegations in Paragraph 2 of the AMCC allege a conspiracy between Aventis and various publishing entities, no response is required because these allegations, which formed the basis of Count I of the AMCC, were dismissed with prejudice by the Court's Order dated February 24, 2004.  To the extent the allegations in Paragraph 2 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

3.      To the extent the allegations in Paragraph 3 of the AMCC are directed to persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.  Aventis admits that it manufactures certain medicines that are covered under Medicare Part B, and that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP.  Aventis admits that it reports certain pricing information for its medicines to independently produced pricing publications.  Aventis admits that AWPs for its medicines published in these publications are typically higher than the prices ultimately paid by providers purchasing such medicines from wholesalers and distributors.   Aventis denies the remaining allegations in Paragraph 3 of the AMCC that pertain to it.

1405952v2

4.     To the extent the allegations in Paragraph 4 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP, and further admits that Medicare Part B medicines are generally, but not always, administered in a healthcare provider's office.  Aventis denies the remaining allegations in Paragraph 4 of the AMCC that pertain to it.

5.     Aventis denies the existence of, and its participation in, any "AWP scheme" as alleged in Paragraph 5 of the AMCC.  To the extent the allegations in Paragraph 5 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis denies the remaining allegations in Paragraph 5 of the AMCC that pertain to it.

6.     To the extent the allegations in Paragraph 6 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis admits that Plaintiffs purport to bring this action as alleged in Paragraph 6 of the AMCC, but Aventis denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Aventis denies the remaining allegations in Paragraph 6 of the AMCC that pertain to it.

7.     Aventis denies the existence of, and its participation in, any "high profit scheme" as alleged in Paragraph 7 of the AMCC.  To the extent the allegations in Paragraph 7 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than

Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Aventis denies the remaining allegations in Paragraph 7 of the AMCC that pertain to it.

8.      Aventis denies the existence of, and its participation in, any "scheme" or "unlawful agreement" as alleged in Paragraph 8 of the AMCC. To the extent the allegations in Paragraph 8 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Aventis denies the allegations in Paragraph 8 of the AMCC that pertain to it, except Aventis admits that it participates in the Together Rx Card Program which commenced in 2002 and allows poor, elderly Americans to enjoy substantial discounts on covered medicines.

9-10. Aventis denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraphs 9 through 10 of the AMCC. To the extent the allegations in Paragraphs 9 through 10 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Aventis denies the remaining allegations in Paragraphs 9 through 10 of the AMCC that pertain to it.

11.     Answering Paragraph 11 of the AMCC, Aventis admits that Plaintiffs have filed attachments to the AMCC. To the extent the allegations in Paragraph 11 of the AMCC are deemed to include allegations against Aventis, they are denied.

12.     The Court dismissed Count I in its Order dated February 24, 2004. Accordingly, Aventis does not respond to Paragraph 12 of the AMCC. To the extent a response is required, Aventis denies the allegations in Paragraph 12 and Count I of the AMCC.

13-21.  Aventis denies the existence of, or its participation in, any "enterprise," "scheme" or "conspiracy" as alleged in Paragraphs 13 through 21 of the AMCC.  Aventis admits that Plaintiffs purport to bring this action as a class action, and that Plaintiffs seek relief under Counts II through X as alleged in Paragraphs 13 through 21 of the AMCC.  Aventis denies that this action can be maintained in the manner alleged, and further denies that Plaintiffs are entitled to relief under Counts II through X of the AMCC.

## II.  JURISDICTION AND VENUE

22.     Aventis admits that this Court has federal question subject matter jurisdiction. Aventis avers that it is not a defendant in the Texas action referenced in Paragraph 22 of the AMCC, but Aventis admits that, upon information and belief, diversity jurisdiction exists.

23.     Aventis admits the allegations in Paragraph 23 of the AMCC.

24.     Aventis admits the first two sentences in Paragraph 24 of the AMCC.  Aventis denies the remaining allegations in Paragraph 24 of the AMCC, and specifically denies the existence of, and its participation in, any alleged "fraudulent marketing scheme."

25.     Aventis admits the allegations in Paragraph 25 of the AMCC.

## III.  PARTIES

26-31.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 26 through 31 of the AMCC and, therefore, denies those allegations.

32-36.  Aventis admits that Plaintiffs VPIRG, WCA, StateWide, CANY and CCJ purport to bring this action as alleged in Paragraphs 32 through 36 of the AMCC, but Aventis denies that these Plaintiffs have standing to bring the alleged action.  Aventis is without knowledge or

1405952v2

information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 32 through 36 of the AMCC and, therefore, denies those allegations.

36(a)–(c).    Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 36(a) through 36(c) of the AMCC and, therefore, denies those allegations.

37-38.  To the extent the allegations in Paragraphs 37 through 38 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis denies the remaining allegations in Paragraphs 37 through 38 of the AMCC that pertain to it.  Aventis denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraph 38 of the AMCC.

39-50.  The allegations in Paragraphs 39 through 50 of the AMCC are directed to another defendant and require no response from Aventis.  To the extent the allegations in Paragraphs 39 through 50 of the AMCC are deemed to include allegations against Aventis, they are denied.

51.    Aventis admits it is a Delaware corporation with its principal place of business located at 300-400 Somerset Corporate Boulevard, Bridgewater, New Jersey.  Aventis admits that it is an indirect wholly-owned subsidiary of Aventis, S.A., a company domiciled in France. Aventis admits that it is the successor in interest to substantially all of the assets and liabilities of Hoechst Marion Roussel, Inc. ("Hoechst"), which was a Delaware corporation with its principal place of business located at 10236 Marion Park Drive, Kansas City, Missouri.  Aventis denies the remaining allegations in Paragraph 51 of the AMCC.

52.    Aventis admits that its principal business activities are the discovery, development, manufacture and sale of prescription medicines in the area of cardiology,

1405952v2

oncology, infectious diseases, arthritis, allergies and respiratory disorders, diabetes and central nervous system disorders. Aventis denies the remaining allegations in Paragraph 52 of the AMCC.

53.     Aventis denies that Centeon L.L.C. was a 50/50 joint venture between Hoechst and Rhone-Poulenc Rorer, S.A. The remaining allegations in Paragraph 53 of the AMCC are directed to another defendant and require no response from Aventis. To the extent the remaining allegations in Paragraph 53 of the AMCC are deemed to include allegations against Aventis, they are denied.

54.     Aventis denies that Behring is the plasma protein business of Aventis. The remaining allegations in Paragraph 54 of the AMCC are directed to another defendant and require no response from Aventis. To the extent the remaining allegations in Paragraph 54 of the AMCC are deemed to include allegations against Aventis, they are denied.

55.     Aventis admits that it manufactures Anzemet and Taxotere, which are covered by Medicare Part B. Aventis admits that Hoechst manufactured Anzemet, which is covered by Medicare Part B. The remaining allegations in Paragraph 55 of the AMCC are directed to another defendant and require no response from Aventis. To the extent the remaining allegations in Paragraph 55 of the AMCC are deemed to include allegations against Aventis, they are denied.

56.     The allegations in Paragraph 56 are directed to "Aventis," an entity that was not defined by Plaintiffs in the AMCC. To the extent the allegations in Paragraph 56 of the AMCC are directed to Aventis as defined in Footnote 1 hereto, Aventis admits that Plaintiffs purport to bring this action against Aventis as described in Paragraphs 542-618 and 692-725 of the AMCC.

Aventis denies that Plaintiffs are entitled to maintain this action in the manner alleged or that Plaintiffs have pled a proper class.

57-131. The allegations in Paragraphs 57 through 131 of the AMCC are directed to another defendant and require no response from Aventis. To the extent the allegations in Paragraphs 57 through 131 of the AMCC are deemed to include allegations against Aventis, they are denied, except Aventis admits that it is a participant of Together Rx, LLC, a Delaware limited liability company, as alleged in Paragraph 131 of the AMCC.

## IV. GENERAL ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

132. To the extent the allegations in Paragraph 132 of the AMCC are directed to other defendants, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Aventis denies the allegations in Paragraph 132 of the AMCC that pertain to it.

133. Upon information and belief, Aventis admits the allegations in Paragraph 133 of the AMCC.

134-141. To the extent the allegations in Paragraphs 134 through 141 of the AMCC refer to the knowledge, conduct, opinions or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Further answering Paragraph 134 of the AMCC, Aventis admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP. Further answering Paragraphs 135 and 136 of the AMCC, Aventis admits that independently produced pricing publications periodically report AWPs for prescription medicines sold in the United States. Aventis states that the 1999 edition of the *Red Book* and the June 1996 Dow Jones News article cited in Paragraph 136 of the AMCC are the

9

best evidence of their contents.   Aventis denies the remaining allegations in Paragraphs 134 through 141 of the AMCC that pertain to it, and specifically denies the existence of, and its participation in, any "AWP Scheme" as alleged in Paragraph 140 of the AMCC.

142-144.   Aventis admits the allegations in Paragraphs 142 through 144 of the AMCC.

145.   Answering Paragraph 145 of the AMCC, Aventis admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which is the best evidence of its contents.

146.   Aventis denies the allegations in the first sentence of Paragraph 146 of the AMCC insofar as the source of the quoted material is unidentified.   Aventis denies the second sentence of Paragraph 146 of the AMCC insofar as 42 CFR § 405.517 contains no reference to a "ceiling" on reimbursement amounts.

147.   Aventis admits the allegations in Paragraphs 147 of the AMCC.

148.   Answering Paragraph 148 of the AMCC, Aventis admits that the Medicare Program has publicly announced that it would use the AWP published in independently produced pricing publications as the basis for reimbursement.   Aventis states that the Program Memo AB-99-63 cited in Paragraph 148 of the AMCC is the best evidence of its contents.

149.   Aventis states that the Program Memo AB-99-63 cited in Paragraph 149 of the AMCC is the best evidence of its contents.

150-151.   Aventis admits the allegations in Paragraphs 150 through 151 of the AMCC.

152.   To the extent the allegations in Paragraph 152 of the AMCC refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.   Aventis admits that there are

1405952v2

no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs.  Aventis admits that it reports certain pricing information for its medicines to independently produced pricing publications.  Aventis denies the remaining allegations in Paragraph 152 of the AMCC that pertain to it.

153-154.  Aventis states that the April 2003 OIG report cited in Paragraphs 153 through 154 of the AMCC is the best evidence of its contents.  Aventis denies that Plaintiffs have accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to Aventis.

155.  To the extent the allegations in Paragraph 155 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis denies the remaining allegations in Paragraph 155 of the AMCC that pertain to it.

156-157.  Aventis denies the existence of, and its participation in, any "scheme" cited in Paragraph 156 of the AMCC.  Aventis states that the September 28, 2000, letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 156 through 157 of the AMCC is the best evidence of its contents.  Aventis denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to Aventis.

158-159.  To the extent the allegations in Paragraphs 158 through 159 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis denies the remaining allegations in

11

1405952v2

Paragraphs 158 through 159 of the AMCC that pertain to it. Aventis further denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 159 of the AMCC.

160.    To the extent the allegations in Paragraph 160 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Aventis admits that it reported suggested AWPs for its medicines to independently produced pricing publications before August 2001, but Aventis denies that it has done so since. Aventis denies the remaining allegations in Paragraph 160 of the AMCC that pertain to it.

161-184.  To the extent the allegations in Paragraphs 161 through 184 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Aventis denies the remaining allegations in Paragraphs 164 through 184 of the AMCC that pertain to it. Aventis denies the existence of, and its participation in, any "scheme" as alleged in Paragraphs 161 and 163 of the AMCC.

185.    Aventis admits that Plaintiffs purport to quote from an unidentified "industry consultant" as alleged in Paragraph 185 of the AMCC, but Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the AMCC and, therefore, denies those allegations.

186-191.  To the extent the allegations in Paragraphs 186 through 191 of the AMCC and its subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Aventis states that the *Red*

1405952v2

*Book* and the unidentified DOJ report cited in Paragraph 187 of the AMCC and the pleadings cited in Paragraphs 189 through 190 of the AMCC and subparts are the best evidence of their contents. To the extent the allegations in Paragraphs 186 through 191 of the AMCC are deemed to include allegations against Aventis, they are denied.

192.    To the extent the allegations in Paragraph 192 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Aventis states the 2003 CMS document cited in Paragraph 192 of the AMCC is the best evidence of its contents. Aventis denies that Plaintiffs have accurately characterized any alleged CMS finding, opinion, statement or conclusion. Aventis admits that it sells its medicines in a competitive market and, as such, takes steps to keep certain information relating to its medicines confidential. Aventis denies the remaining allegations in Paragraph 192 of the AMCC that pertain to it.

193-196.  To the extent the allegations in Paragraphs 193 through 196 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Aventis denies the allegations in Paragraphs 193 through 196 of the AMCC that pertain to it.

197.    In response to the allegations in Paragraph 197 of the AMCC, Aventis denies that Plaintiffs lacked inquiry or other notice of the issues associated with reliance on AWPs as a pricing benchmark. Aventis specifically avers, to the contrary, that such issues were well known for more than a decade before Plaintiffs elected to bring this suit.

1405952v2

198-199.   The allegations in Paragraphs 198 through 199 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraphs 198 through 199 of the AMCC that refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis and, therefore, Aventis denies those allegations.  Aventis denies the remaining allegations in Paragraphs 198 through 199 of the AMCC that pertain to it.

## V.   EXAMPLES OF SPECIFIC UNLAWFUL CONDUCT

200.   To the extent the allegations in Paragraph 200 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis denies the remaining allegations in Paragraph 200 of the AMCC that pertain to it.

201-249.   The allegations in Paragraphs 201 through 249 of the AMCC are directed to another defendant and require no response from Aventis.  To the extent allegations in Paragraphs 201 through 249 of the AMCC are deemed to include allegations against Aventis, they are denied.

250.   Aventis denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 250 of the AMCC.  To the extent the allegations in Paragraph 250 of the AMCC are directed to another defendant, Aventis is without sufficient knowledge and information to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis denies the existence of, and its participation in, any "Aventis Group" as alleged in Paragraph 250 of the AMCC and reiterates, as noted in Footnote 1 hereto, that this Answer is only filed on behalf of Aventis Pharmaceuticals Inc. and Hoechst Marion Roussel, Inc. (collectively referred to

throughout this Answer as "Aventis").  Aventis admits that Plaintiffs purport to bring this action as alleged in Paragraph 250 of the AMCC, but Aventis denies that Plaintiffs are entitled to a judgment or any other relief.  Aventis denies the remaining allegations in Paragraph 250 of the AMCC that pertain to it.

251.    Aventis denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 251 of the AMCC.  Aventis admits that the governmental agencies listed in Paragraph 251 of the AMCC have conducted investigations concerning pricing in the pharmaceutical industry and that Aventis, among others, has participated in such investigations.

252-253.  Aventis states that the November 1992 newsletter cited in Paragraph 252 of the AMCC and the *Red Book* excerpt cited in Paragraph 253 of the AMCC are the best evidence of their contents.  Aventis denies that it produced or prepared the documents cited in Paragraphs 252 and 253 of the AMCC.  Therefore, it appears the allegations in Paragraphs 252 and 253 of the AMCC are directed to another defendant and require no response from Aventis.  To the extent allegations in Paragraphs 252 and 253 of the AMCC are deemed to include allegations against Aventis, they are denied.

254.    Aventis admits that it reported certain pricing information for its medicines to independently produced pricing publications during the purported Class Period.  Aventis admits that it reported a suggested AWP for its medicines during a portion of that time.  Aventis further admits that it produced the documents cited in Paragraph 254(a) of the AMCC (AV-AAA-001054, AV-AAA-001047, AV0AAA-00105 and AV-AAA-001066), but Aventis states that these documents are the best evidence of their contents and denies that the conclusions Plaintiffs draw from these documents are accurate.  Aventis denies that it produced or prepared the document cited in Paragraph 254(b) of the AMCC (ABAWP 005314) and further denies that this

15

document reflects any conduct by or knowledge of Aventis. Therefore, it appears the allegations in Paragraph 254(b) are directed to another defendant and require no response from Aventis. To the extent allegations in Paragraph 254(b) of the AMCC are deemed to include allegations against Aventis, they are denied.

255.    Aventis denies the allegations in Paragraph 255 of the AMCC.

256.    Aventis states that the Centeon document (ABAWP 000855) cited in Paragraph 256 of the AMCC is the best evidence of its contents. Aventis denies that it produced or prepared this document and further denies that this document reflects any conduct by or knowledge of Aventis. Therefore, it appears the allegations in Paragraph 256 are directed to another defendant and require no response from Aventis. To the extent allegations in Paragraph 256 of the AMCC are deemed to include allegations against Aventis, they are denied.

257.    Aventis states that the Aventis document (AV-AAA-02242-56) cited in Paragraph 257 of the AMCC is the best evidence of its contents. Aventis denies that the conclusion drawn by Plaintiffs from the alleged quotation from this document is accurate. Aventis denies the remaining allegations in Paragraph 257 of the AMCC that pertain to it.

258.    Aventis states that the various documents cited in Paragraph 258 of the AMCC (ABAWP 000089, ABAWP 000811 and ABAWP 000220-25) are the best evidence of their contents. Aventis denies that it produced or prepared these documents and further denies that these documents reflect any conduct by or knowledge of Aventis. Therefore, it appears the allegations in Paragraph 258 of the AMCC are directed to another defendant and require no response from Aventis. To the extent allegations in Paragraph 258 of the AMCC are deemed to include allegations against Aventis, Aventis denies those allegations.

1405952v2

259.    To the extent the allegations in Paragraph 259 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis denies that Plaintiffs have drawn an accurate conclusion about Aventis' business relationships with PBMs based on the cite in Paragraph 259 of the AMCC to three pages of a seventeen-page contract with one PBM.  Aventis states that the whole document cited in Paragraph 259 of the AMCC (AV-AAA-000196-212) is the best evidence of its contents.  Aventis denies the remaining allegations in Paragraph 259 of the AMCC that pertain to it.

260-261.  To the extent the allegations in Paragraphs 260 and 261 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis states that the report published by the DHHS (AB-00-86) cited in Paragraph 260 of AMCC and the report published by the OIG (*see* "Medicare Reimbursement of Prescription Drugs," OEI-03-00-00310, Jan. 2001) cited in Paragraph 261 of the AMCC are the best evidence of their contents, but Aventis denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement or conclusion contained in these documents.  Aventis admits that it sells its medicines at prices below AWP. Aventis denies the remaining allegations in Paragraphs 260 and 261 of the AMCC that pertain to it.

262.    In response to the allegations in Paragraph 262 of the AMCC, Aventis admits that it educated its sales staff about issues such as price and Medicare reimbursement limitations concerning Anzemet with documents such as those cited in Paragraph 262 of the AMCC (AV-

AAA-001190-93 and AV-AAA-002291-92) so that they were knowledgeable about such issues and could respond accurately to customers' questions. Aventis states that these documents are the best evidence of their contents. Aventis denies the remaining allegations in Paragraph 262 of the AMCC that pertain to it.

263.    Aventis denies that the document excerpt cited in Paragraph 263 of the AMCC (AV-AAA-001523) is accurately characterized as an Aventis "internal document." Answering further, Aventis states that this document was not prepared by or with the assistance of Aventis. Answering further, Aventis states that this document and the additional documents cited in Paragraph 263 of the AMCC (AV-AAA-001619-23) are the best evidence of their contents. Aventis denies that Plaintiffs have accurately characterized any alleged document finding, opinion, statement or conclusion. To the extent the allegations in Paragraph 263 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent allegations in Paragraph 263 of the AMCC are deemed to include allegations against Aventis, they are denied.

264.    Aventis denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 264 of the AMCC. Aventis states that the September 28, 2000 letter to Alan F. Holmer, President of the Pharmaceutical Research and Manufacturers of America, from Congressman Stark cited in Paragraph 264 of the AMCC is the best evidence of its contents. Aventis denies the remaining allegations in Paragraph 264 that pertain to it.

265-266.  Aventis denies that it produced or prepared the documents cited in Paragraphs 265 (ABAWP 004767) and 266 (ABAWP 005315) of the AMCC and further denies that these documents reflects any conduct by or knowledge of Aventis. Aventis states that this document is

1405952v2

the best evidence of its contents.  Aventis denies that Plaintiffs have accurately characterized any alleged document finding, opinion, statement or conclusion.  Therefore, it appears the allegations in Paragraphs 265 and 266 are directed to another defendant and require no response from Aventis.  To the extent allegations in Paragraphs 265 and 266 of the AMCC are deemed to include allegations against Aventis, they are denied.

267.    The allegations in Paragraph 267 of the AMCC are directed to another defendant and require no response from Aventis.  To the extent allegations in Paragraph 267 of the AMCC are deemed to include allegations against Aventis, they are denied.

268.    To the extent the allegations in Paragraph 268 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis admits that it produced documents cited in Paragraph 268 of the AMCC that show the AWP and acquisition price for Anzemet to customers in a specific class of trade.  Aventis admits that it sells its medicines at prices below AWP. Aventis denies the remaining allegations in Paragraph 268 of the AMCC that pertain to it.

269.    Aventis denies that the document excerpt cited in Paragraph 269 of the AMCC (AV-AAA-000705) is a price list issued by Arcola Laboratories or that it concerns Calcimar. Aventis states further that the entire document is the best evidence of its contents.  Aventis denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement or conclusion contained in that document.  Aventis denies the remaining allegations in Paragraph 269 that pertain to it.

270.    Aventis denies the allegations in Paragraph 270 of the AMCC.  Specifically, Aventis denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 270 of the AMCC.

271.    Aventis states that the document (ABAWP 008420) cited in Paragraph 271 of the AMCC is the best evidence of its contents.  Aventis denies that Plaintiffs have accurately characterized any alleged document finding, opinion, statement or conclusion.  Moreover, Aventis denies that this document was produced or prepared by Aventis and further denies that this document reflects any conduct by or knowledge of Aventis.  To the extent the allegations in Paragraph 271 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis denies the remaining allegations in Paragraph 271 of the AMCC that pertain to it.

272-540.   The allegations in Paragraphs 272 through 540 of the AMCC are directed to another defendant and require no response from Aventis.  To the extent allegations in Paragraphs 272 through 540 of the AMCC are deemed to include allegations against Aventis, they are denied.

## VI.    PLAINTIFFS' CLAIM FOR DAMAGES

541.    Aventis denies that Plaintiffs have suffered damages or injuries as alleged in Paragraph 541 of the AMCC.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 541 of the AMCC and, therefore, denies those allegations.

## VII.    PLAINTIFFS' CLAIMS CONCERNING TOGETHER RX

542-546.   Aventis denies the allegations in Paragraphs 542 through 546 of the AMCC.

1405952v2

547.    Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 547 of the AMCC and, therefore, denies those allegations.

548.    Aventis admits that, at present, the Medicare Program generally does not cover the cost of self-administered prescription medicines and that Congress has debated the issue of prescription medicine coverage under the Medicare Program.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 548 of the AMCC and, therefore, denies those allegations.

549.    Aventis admits that in recent legislative sessions Congress, in keeping with its role as the legislative branch of the Federal Government, has focused on the pricing of prescription medicines in the United States and on reforming the Medicare and Medicaid prescription medicine programs.  To the extent the allegations in Paragraph 549 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis states that the April 4, 2001 Prescription Drug Fairness for Seniors Act cited in Paragraph 549 of the AMCC is the best evidence of its contents. Aventis denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement or conclusion contained in this document or allegedly made by Congressman Allen. To the extent the remaining allegations in Paragraph 549 of the AMCC are deemed to include allegations against Aventis, they are denied.

550.    To the extent the allegations in Paragraph 550 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis admits that it participates in the Together Rx

1405952v2

Card Program, which commenced in 2002 and allows poor, elderly Americans to enjoy substantial discounts on covered medicines.   Aventis denies the remaining allegations in Paragraph 550 of the AMCC that pertain to it.

551-561.   The allegations in Paragraphs 551 through 561 of the AMCC are directed to another defendant and require no response from Aventis.   To the extent allegations in Paragraphs 551 through 561 of the AMCC are deemed to include allegations against Aventis, they are denied.

562.   Aventis states that the press release cited in Paragraph 562 of the AMCC is the best evidence of its contents.   Aventis denies the remaining allegation in Paragraph 562 of the AMCC that pertain to it.

563-565.   To the extent the allegations in Paragraphs 563 through 565 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.   Aventis states that the March 12, 2002, *Reuters* article cited in Paragraph 564 of the AMCC is the best evidence of its contents.   To the extent the remaining allegations in Paragraphs 563 through 565 of the AMCC are deemed to include allegations against Aventis, they are denied.

566.   Aventis admits that it participates in the Together Rx Card Program, which commenced in 2002 and allows poor, elderly Americans to enjoy substantial discounts on covered medicines. Aventis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 566 of the AMCC and, therefore, denies those allegations.

1405952v2

567.   Aventis admits that the medicines identified in Paragraph 567 of the AMCC are covered or have been covered at one point of time by the Together Rx Card Program, except that Aventis is without knowledge or information sufficient to form a belief as to whether Vermos and Zomig-ZMT are covered by the Together Rx Card Program and, therefore, denies those allegations.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 567 of the AMCC and, therefore, denies those allegations.

568-569.   The allegations in Paragraphs 568 through 569 of the AMCC are directed to another defendant and require no response from Aventis.  To the extent allegations in Paragraphs 568 through 569 of the AMCC are deemed to include allegations against Aventis, they are denied.

570.   Aventis admits that the medicines identified in Paragraph 570 of the AMCC are or have been manufactured by Aventis and are or have been covered by the Together Rx Card Program.  Aventis denies the remaining allegation of Paragraph 570 of the AMCC.

571-575.   The allegations in Paragraphs 571 through 575 of the AMCC are directed to another defendant and require no response from Aventis.  To the extent allegations in Paragraphs 571 through 575 of the AMCC are deemed to include allegations against Aventis, they are denied.

576.   To the extent the allegations in Paragraph 576 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis states that the unidentified document cited in Paragraph 576 of the AMCC is the best evidence of its contents.  Aventis admits that it

1405952v2

encouraged eligible poor, elderly Americans to enroll in the Together Rx Program, but denies the remaining allegations in Paragraph 576 of the AMCC that pertain to it.

577-583.  To the extent the allegations in Paragraphs 577 through 583 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis states that the unidentified document cited in Paragraph 577 of the AMCC, the April 10, 2002 press release cited in Paragraph 579 of the AMCC, the press release cited in Paragraph 580 of the AMCC, and the February 3, 2003, document and/or statement cited in Paragraph 583 of the AMCC are the best evidence of their contents.  Aventis denies the Plaintiffs have accurately characterized any alleged finding, opinion, statement or conclusion contained in these documents and/or statements.  To the extent the remaining allegations in Paragraphs 577 through 583 of the AMCC are deemed to include allegations against Aventis, they are denied.

584-594.  Aventis denies the allegations in Paragraphs 584 through 594 of the AMCC. Aventis specifically denies the existence of, and its participation in, any "conspiracy" as alleged in Paragraph 587 of the AMCC.  Answering further, Aventis states that it did not report or cause to be reported any AWP for any of its medicines during the period relevant to the allegations in Paragraph 590 through 592 of the AMCC.

## VIII.   CLASS ALLEGATIONS FOR THE PURPORTED "AWP PAYOR CLASS"

595-598.   Aventis admits that Plaintiffs purport to bring this action as alleged in Paragraphs 595 through 598 of the AMCC, but Aventis denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Aventis denies that Plaintiffs or any putative class members have suffered damages as alleged in Paragraph 598 of the AMCC.

24

1405952v2

599-603.   The allegations in Paragraphs 599 through 603 of the AMCC state legal conclusions to which no answer is required.  Aventis denies, however, that Plaintiffs have pled a proper class or named proper class representatives.   Further answering, Aventis denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 603 of the AMCC.

### IX. CLASS ALLEGATIONS FOR THE PURPORTED "TOGETHER RX CLASS"

604-605.   Aventis admits that Plaintiffs purport to bring this action as alleged in Paragraphs 604 through 605 of the AMCC, but Aventis denies that Plaintiffs are entitled to maintain this action in the manner alleged.

606-607.   The allegations in Paragraphs 606 through 607 of the AMCC state a legal conclusion to which no answer is required.  Aventis denies, however, that Plaintiffs have pled a proper class or named proper class representatives.

608.   Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 608 of the AMCC and, therefore, denies those allegations.

609.   Aventis admits that Plaintiffs purport to bring this action as alleged in Paragraph 609 of the AMCC, but Aventis denies that Plaintiffs are entitled to maintain this action in the manner alleged.

610-614.   The allegations in Paragraphs 610 through 614 of the AMCC state a legal conclusion to which no answer is required.  Aventis denies, however, that Plaintiffs have pled a proper class or named proper class representatives.  Aventis denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 611 of the AMCC. Aventis further denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraph 612 through 613 of the AMCC.

25