# MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER OF BOEHRINGER INGELHEIM CORPORATION, BEN VENUE LABORATORIES, INC., AND BEDFORD LABORATORIES

## Introduction

The Boehringer Defendants' Motion for Protective Order should be granted for the following reasons: (1) Plaintiffs have propounded discovery based on the allegations in their Amended Master Consolidated Class Action Complaint ("AMCC") as amended on December 5, 2003 and January 22, 2004; (2) following this Court's February 24, 2004 Order, Plaintiffs' standing to pursue this suit against the Boehringer Defendants is predicated on purchase of just one drug, Atrovent; (3) Plaintiffs have not identified Atrovent in the AMCC as a drug subject to the claims in their complaint; (4) Atrovent is not manufactured or distributed by any of the named Boehringer Defendants; (5) hence, there is no proper allegation of an injury fairly traceable to BIC, Ben Venue or Bedford sufficient to sustain them as a party to this litigation, or to require response to Plaintiffs' discovery requests.

## Facts

Plaintiffs have had five opportunities to properly allege an injury caused by BIC, Ben Venue, or Bedford. Yet, nearly three years after the first complaint was filed, and several amendments later, they still have failed to properly allege any injury fairly traceable to a Boehringer Defendant.

- Plaintiffs' first complaint, *Citizens for Consumer Justice, et al. v. Abbott Laboratories, Inc. et al.*, 01-CV-12257-PBS, filed December 19, 2001, did not name any of the Boehringer Defendants.

- Plaintiffs' second complaint, the Master Consolidated Class Action Complaint ("MCC"), named BIC, Ben Venue, and Bedford as three entities constituting the so-called "Boehringer Group." *See* MCC ¶¶ 75-78. The Boehringer Defendants were served with the MCC out of this Court (sitting as the Multidistrict Litigation consolidating court) on or about September 10, 2002.

- Plaintiffs' third complaint, served on or about June 12, 2003 (the "June 12 AMCC"), followed this Court's leave to amend after the Boehringer Defendants[2] had filed a round of motions to dismiss the MCC, and after this Court issued its May 13, 2003 Memorandum and Order (the "May 13 Order") dismissing in part and granting in part Defendants' motions. *See In re Pharm. Indus. AWP Litig.*, MDL No. 1456, 01-12257-PBS (D. Mass. May 13, 2003). The Boehringer Defendants filed both a joint motion[3] and individual motions to dismiss the June 12 AMCC on August 1, 2003 and a reply memorandum on September 30, 2003.

- Plaintiffs' fourth complaint, served December 5, 2003 (the "December 5 AMCC") amended the June 12 AMCC, and was filed pursuant to leave granted during this Court's November 21, 2003 hearing on the motions to dismiss that same June 12 AMCC.

- Plaintiffs' fifth complaint, the January 22, 2004 AMCC, was filed pursuant to this Court's grant of plaintiffs Roberta S. Stark's and Kimberly Hoover's motion to intervene. *See* Plaintiffs' Notice of Motion and Motion to Intervene (filed Jan. 22, 2004), *granted by electronic order* (Mar. 8, 2004). The allegations against the Boehringer Defendants in the January 22 AMCC are identical to those in the December 5 AMCC.

On December 3, 2003, following this Court's November 21 hearing, Plaintiffs served the Boehringer Defendants with a Request for Production of Documents and Interrogatories. Plaintiffs sought discovery from Defendants on only one brand-named drug, Viramune – that drug being the only drug allegedly associated with a Boehringer Defendant and identified in Appendix B to the June 12 AMCC. *See* Pls' Req. for Docs. & Interrogs., at 6; June 12 AMCC, at App. B.

The Boehringer Defendants filed a motion for a protective order on the grounds that Viramune was not alleged to be a drug subject to the claims in the AMCC, and stating that, in any event, Viramune was not manufactured or distributed by any of the named Boehringer Defendants. *See* Boehringer Defendants' Motion for Protective Order (Dec. 31, 2003). Plaintiffs subsequently filed a response stating that the inclusion of Viramune in its discovery

---

[2] With other pharmaceutical industry defendants not represented by the Boehringer Defendants' counsel.
[3] Again, with other pharmaceutical industry defendants not represented by the Boehringer Defendants' counsel.

2

request had been "in error" and withdrew their request.  *See* Plaintiffs' Response to Motion for Protective Order (Jan. 14, 2004).

Meanwhile, on December 5, 2003, Plaintiffs served the December 5 AMCC and indicated, <u>for the first time</u>, that Plaintiffs claimed standing to sue due to the purchase of Atrovent from a Boehringer Defendant by an individual member of an association.  *See* Dec. 5 AMCC App. B, at 10.  Plaintiffs stated that their failure to claim that Atrovent had been purchased by a plaintiff in Appendix B was "inadvertent" and represented that this and other "scrivener's error[s]" had been corrected in the December 5 AMCC.  *See* Pls' Notice of Filing of AMCC Modified Per the Court's Instruction at the November 21, 2003 Hearing, at ¶ 3.

On February 24, 2004, this Court issued its Memorandum and Order granting in part and denying in part Defendants' motions to dismiss.  Among those claims dismissed were claims pertaining to Viramune, and associational claims against a defendant, unless a member of the association alleged to have purchased a defendant's drug.  *See* Feb. 24 Order, at 20-21.  Consequently, after the February 24 Order, the only purchase identified in Appendix B to Plaintiffs' AMCC for purposes of standing is Atrovent.

On March 25, 2004, this Court issued its Case Management Order Number 10, permitting discovery to go forward on separate "tracks" on claims not dismissed by the February 24 Order.  On March 31, 2004, Plaintiffs served the Boehringer Defendants with an Omnibus Request for Production and Interrogatories, and followed that request with an Amended Notice of Rule 30(b)(6) Deposition.  Among other items, Plaintiffs seek discovery on Average Wholesale Price Inflated Drugs ("AWPIDs") defined as "all of the drugs identified in Appendix A to the AMCC." *See* Ex. A, at 2 (excerpt of Pls' Omnibus Req.); Ex. B, at 8 (excerpt of Pls' Amend. Notice).

3

The Boehringer Defendants prepared a Motion to Dismiss the December 5, 2003 and January 22, 2004 Amended Master Consolidated Class Action Complaints, on grounds that Atrovent – like Viramune before it – is not alleged to be a drug subject to the claims in the complaint, is not properly alleged to be manufactured or distributed by BIC, Ben Venue, or Bedford, and that there are no remaining claims by a plaintiff against a Boehringer Defendant.

On or about April 6, 2004 Paul Coval, counsel for the Boehringer Defendants, contacted Thomas Sobol of Hagens Berman LLP, counsel for Plaintiffs, and informed him of the Boehringer Defendants' intention to file a motion to dismiss and requested Plaintiffs grant the Boehringer Defendants relief from discovery during the pendency of the motion.  Mr. Sobol responded that Plaintiffs needed to look into the matter and requested a copy of the draft motion to dismiss which Mr. Coval supplied via facsimile.  Mr. Sobol indicated that Mr. Coval would be contacted in a few hours.

Later that day, co-counsel for Plaintiffs, Elizabeth Hartweg of the Wexler Firm LLP, telephoned Mr. Coval and indicated that Plaintiffs needed to further investigate the matter.  Ms. Hartweg informed Mr. Coval that she would telephone Mr. Coval the following morning.  When Ms. Hartweg did not contact Mr. Coval the morning of April 7, Darrell Miller, counsel for the Boehringer Defendants, first called and left a message with Ms. Hartweg's receptionist requesting her to continue the conference.  Later around 3:30pm that day, Mr. Miller sent an e-mail message to Ms. Hartweg indicating that the Boehringer Defendants intended to file their motion to dismiss and requesting Ms. Hartweg telephone Mr. Coval by 4:00pm Eastern Daylight Savings Time.

Ms. Hartweg telephoned Mr. Coval shortly thereafter and indicated that Plaintiffs were not willing to grant the relief from discovery the Boehringer Defendants had requested.  Ms.

4

Hartweg offered the possibility of a one week extension from the existing deadline for response. Mr. Coval stated that such an offer did not provide the relief from discovery that the Boehringer Defendants were seeking. Mr. Coval then indicated that a motion for a protective order would have to be filed, to which Ms. Hartweg did not object.

On April 7, 2004, the Boehringer Defendants filed their Motion to Dismiss the December 5, 2003 and January 22, 2004 Amended Master Consolidated Class Action Complaints. The Boehringer Defendants now seek a Protective Order from Plaintiffs' discovery requests, pending decision on that motion.

**Argument**

Federal Rule of Civil Procedure 26 provides

(c) **Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery not be had

. . . .

The scope of discovery is generally limited to that which is "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The Committee Notes clearly reflect that the Court has authority "to confine discovery to the claims and defenses asserted in the *pleadings*" and that Plaintiffs "have no entitlement to discovery to develop new claims . . . that are *not already identified in the pleadings*." *Id.* at Advisory Comm. Note 2000 Amend., GAP Report,

5

Subdivision (b)(1) (emphasis added). Plaintiffs have clearly propounded discovery solely on the basis of the Master Consolidated Class Action. *See* Ex. A (excerpt of Pls' Omnibus Req. at caption (stating that this document relates to case numbers 01-CV-12257-PBS and 01-CV-339)); Ex. B (excerpt of Pls' Am. Notice of Rule 30(B)(6) Deposition (same)). And Plaintiffs standing to sue BIC, Ben Venue, and Bedford under the AMCC rests solely on purchase of Atrovent – a drug Plaintiffs have not placed at issue in the AMCC, and which, in any event, is not manufactured or distributed by the Boehringer Defendants.

After this Court's February 24 Order dismissed Viramune from the case, Plaintiffs' claim of injury was reduced solely to purchase of Atrovent. *See* AMCC App. B, at 10.[4] However, *Plaintiffs have not identified Atrovent as a drug subject to any claim in the AMCC*. Paragraph 11 of the AMCC states "plaintiffs have prepared a list of each of the *specific drugs* that are the *subject of the claims* herein. *This list is attached as Exhibit A to the Complaint*.[5] The drugs identified in *Exhibit A* will be referred to herein as the AWP Inflated Drugs ("AWPID" or "AWPIDs")." Plaintiffs reiterate in their Omnibus Request that "AWPID" means "any of the drugs identified in Appendix A." *See* Ex. A, at 2; Ex. B, at 8.

Appendix A of the AMCC, however, nowhere lists Atrovent as an AWPID subject to the claims therein. Plaintiffs' own catalogue of the drugs at issue shows that Atrovent is not the subject of this litigation. Further, because Atrovent is the only drug remaining for which Plaintiffs claim injury, its express absence in Appendix A as a drug subject to the allegations in the complaint destroys subject matter jurisdiction. *See Freeman v. Fairman*, 916 F.Supp. 786,

---

[4] Plaintiffs represent throughout the AMCC that Appendix B is the comprehensive and controlling list of purchases for purposes of standing. *See* AMCC ¶ 27 ("All drugs covered by this Complaint purchased by this plaintiff are identified in Appendix B."), ¶ 28 ("The drugs purchased by TCBW at issue in this litigation are identified in Appendix B."), ¶ 31 ("All of Man-U Service Fund's drugs at issue in the Complaint are identified in Appendix B.")
[5] Plaintiffs use "Exhibit A" and "Appendix A" interchangeably to refer to Appendix A.

792 (N.D. Ill. 1996) ("[W]here a complaint contains specific factual allegations, they control over general conclusory allegations.")  Consequently, Defendants should be protected from Plaintiffs' attempt to compel discovery in a case in which – by Plaintiffs' own complaint – no drug purchase is in dispute.  *See supra* Fed. R. Civ. P. 26(b)(1) & Comm. Notes.

Even if the Court could set aside the fact that Plaintiffs themselves have not identified Atrovent as a drug subject to the claims in the AMCC, Atrovent is not actually manufactured or distributed by any member of the "Boehringer Group," as agents of BIC, Ben Venue, and Bedford have attested.  Boehringer Def. Mot. to Dismiss (filed Apr. 7, 2004), at Ex. A (Affidavit of Hermann Tetzner) & B (Affidavit of Thomas Murphy).  Because Atrovent is not a drug manufactured or distributed by any of the Boehringer Defendants identified in Plaintiffs' own complaint, and as there are no remaining Boehringer Defendant drugs a plaintiff purchaser has alleged caused him injury, the Boehringer Defendants should not be obliged to respond to discovery requests propounded by Plaintiffs until such time as this Court has an opportunity to rule on the Boehringer Defendants' motion to dismiss.

A trial court possesses broad discretion to limit discovery "to minimize exposure to all litigants and the provide judicial efficiency," especially when the court sits as an MDL consolidating court.  *In re Showa Denko K.K. L-Tryptophan Prod. Liab. Litig.*, 953 F.2d 162, 165 (4th Cir. 1992).  Relief from discovery is routinely granted when a motion to dismiss based on lack of subject matter jurisdiction is pending.  *See Parish of Jefferson v. Southern Recovery Mgmt. Inc.*, No. CIV A 96-0230, 1996 WL 144400, at *1-2 (E.D. La. Mar. 27, 2003); *Complaint of Akropan Shipping Corp.*, No. 86 CIV 4873 (JFK), 1990 WL 16097, at *2-3 (S.D.N.Y. Feb. 14, 1990); *cf. Cowan v. Keystone Emp. Profit Sharing Fund*, 596 F.2d 888, 889 (1st Cir. 1979).  Allowing extensive discovery of the Boehringer Defendants when the threshold issue of

Plaintiffs' standing to sue has yet to be resolved would frustrate the very purpose of their motion. *See Transunion Corp. v. Pepsico, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (denying discovery where there was a pending motion to dismiss on grounds of forum non conveniens).

As Atrovent is not properly alleged as a drug for which Plaintiffs claim injury, and as there are no other drugs placed in dispute by the terms of Plaintiffs' AMCC, BIC, Ben Venue, and Bedford should be protected from discovery until such time as the Court rules on the Boehringer Defendants' motion to dismiss.

Dated:  April 12, 2004                     Respectfully submitted,

/s/ Paul J. Coval [signature on file with the Court]
Paul J. Coval
Douglas L. Rogers
Darrell A. H. Miller
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216
(614) 464-6400
(614) 464-6350 FAX

*Attorneys for Boehringer Ingelheim Corp., Ben Venue Laboratories, Inc./Bedford Laboratories*

I hereby certify that the provisions of Federal Rule 26(c) and Local Rule 37.1 have been complied with.

/s/ Paul J. Coval [signature on file with the Court]
Paul J. Coval

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all enrolled counsel via Verilaw on April 12, 2004 pursuant to this Court's Case Management Order 2.

/s/ Paul J. Coval [signature on file with the Court]
Paul J. Coval
