**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456 CIVIL ACTION NO. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CONSOLIDATED PRIVATE CLASS ACTIONS | ) ) ) ) | Judge Patti B. Saris |

**FUJISAWA HEALTHCARE INC.'S AND FUJUISAW USA INC.'S**
**ANSWER TO PLAINTIFFS' AMENDED MASTER CONSOLIDATED**
**CLASS ACTION COMPLAINT**

Defendants Fujisawa Healthcare, Inc. and Fujisawa USA, Inc. (collectively referred to as

"Fujisawa"), for its Answer to Plaintiffs' Amended Master Consolidated Class Action Complaint

("AMCC")(filed by Intervenors on January 22, 2004), state as follows:

**Preface**

The AMCC improperly and repetitively refers to Fujisawa and certain other defendants

and third parties on a collective basis, failing to plead with requisite particularity allegations

against Fujisawa or other defendants or third parties.  Intentionally ambiguous pleading is

improper and insufficient to apprise Fujisawa in any meaningful sense of the allegations asserted

against it.  Fujisawa has nevertheless attempted to respond to Plaintiffs' allegations to the extent

possible under the circumstances.  To the extent allegations refer to the knowledge, conduct or

actions of other defendants or entities, Fujisawa is generally without knowledge or information

sufficient to form a belief as to the truth of those allegations and, on that basis, Fujisawa denies

those allegations.  Fujisawa states that it is answering Plaintiffs' allegations on behalf of itself

only, even when Plaintiffs' allegations refer to alleged conduct by Fujisawa and other persons or entities.

The AMCC improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully. Many of the allegations of the AMCC are vague or conclusory. The AMCC also includes terms which are undefined and which are susceptible of different meanings.

The AMCC also contains purported quotations from a number of sources, many of which are unidentified. If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, Fujisawa reserves the right to assert such privileges, hereby moves to strike such references and demands return of any such documents that Plaintiffs may have in their possession, custody or control. In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Fujisawa denies each and every allegation contained in the AMCC, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculations which are contained in any averment or in the AMCC as a whole. Moreover, Fujisawa specifically denies any allegations contained in headings, footnotes, the Table of Contents, unnumbered paragraphs, exhibits, attachments, and appendices in or referenced by the AMCC.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

2

# I. **INTRODUCTION**

1.  Fujisawa admits that Plaintiffs seek to bring this action as alleged in Paragraph 1 of the AMCC.  Fujisawa denies that Plaintiffs are entitled to maintain this action in the manner alleged.

2.  Fujisawa denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraph 2 of the AMCC.  To the extent the allegations in Paragraph 2 of the AMCC allege a conspiracy between Fujisawa and various publishing entities, no response is required because these allegations, which formed the basis of Count I of the AMCC, were dismissed with prejudice by the Court's Order dated February 25, 2004.  To the extent the allegations in Paragraph 2 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

3.  To the extent the allegations in Paragraph 3 of the AMCC are directed to persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.  Fujisawa admits that it manufactures certain medicines that are covered under Medicare Part B, and that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP.  Fujisawa admits that it reports certain pricing information for its medicines to pharmaceutical industry pricing publications.  Fujisawa admits that AWPs for its medicines published in trade publications may be higher than the prices ultimately paid by providers purchasing such medicines from wholesalers and distributors.  Fujisawa denies the remaining allegations in Paragraph 3 of the AMCC that pertain to it.

3

4. To the extent the allegations in Paragraph 4 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP, and further admits that Medicare Part B medicines are generally, but not always, administered in a healthcare provider's office. Fujisawa denies the remaining allegations in Paragraph 4 of the AMCC that pertain to it.

5. Fujisawa denies the existence of, and its participation in, any "AWP scheme" as alleged in Paragraph 5 of the AMCC. To the extent the allegations in Paragraph 5 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa denies the remaining allegations in Paragraph 5 of the AMCC that pertain to it.

6. To the extent the allegations in Paragraph 6 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa admits that Plaintiffs purport to bring this action as alleged in Paragraph 6 of the AMCC, but Fujisawa denies that Plaintiffs are entitled to maintain this action in the manner alleged. Fujisawa denies the remaining allegations in Paragraph 6 of the AMCC that pertain to it.

7. Fujisawa denies the existence of, and its participation in, any "high profit scheme" as alleged in Paragraph 7 of the AMCC. To the extent the allegations in Paragraph 7 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa,

4

Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa denies the remaining allegations in Paragraph 7 of the AMCC that pertain to it.

8. Fujisawa denies the existence of, and its participation in, any "scheme" or "unlawful agreement" as alleged in Paragraph 8 of the AMCC. To the extent the allegations in Paragraph 8 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa denies the remainder of the allegations in Paragraph 8 of the AMCC that pertain to it.

9-10. Fujisawa denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraphs 9 through 10 of the AMCC. To the extent the allegations in Paragraphs 9 through 10 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa denies the remaining allegations in Paragraphs 9 through 10 of the AMCC that pertain to it.

11. Answering Paragraph 11 of the AMCC, Fujisawa admits that Plaintiffs have filed attachments to the AMCC. To the extent the allegations in Paragraph 11 or any referenced attachments to the AMCC are deemed to include allegations against Fujisawa, they are denied.

12. The Court dismissed Count I in its Order dated February 25, 2004. Accordingly, Fujisawa does not respond to Paragraph 12 of the AMCC. To the extent a response is required, Fujisawa denies the allegations in Paragraph 12 and Count I of the AMCC.

13-21. Fujisawa denies the existence of, or its participation in, any "enterprise," "scheme" or "conspiracy" as alleged in Paragraphs 13 through 21 of the AMCC. Fujisawa

5

admits that Plaintiffs purport to bring this action as a class action, and that Plaintiffs seek relief under Counts II through X as alleged in Paragraphs 13 through 21 of the AMCC. Fujisawa denies that this action can be maintained in the manner alleged, and further denies that Plaintiffs are entitled to relief under Counts II through X of the AMCC.

## II.  JURISDICTION AND VENUE

22.     Fujisawa admits that this Court has federal question subject matter jurisdiction. Fujisawa avers that it is not a defendant in the Texas action referenced in Paragraph 22 of the AMCC, but Fujisawa admits that, upon information and belief, diversity jurisdiction exists.

23.     Fujisawa admits the allegations in Paragraph 23 of the AMCC.

24.     Fujisawa denies the allegations in Paragraph 24 of the AMCC.

25.     Fujisawa admits the allegations in Paragraph 25 of the AMCC.

## III.  PARTIES

26-31. Fujisawa is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 26 through 31 of the AMCC and, therefore, denies those allegations.

32-36.   Fujisawa admits that Plaintiffs VPIRG, WCA, StateWide, CANY and CCJ purports to bring this action as alleged in Paragraphs 32 through 36 of the AMCC, but Fujisawa denies that these Plaintiffs have standing to bring the alleged action.  Fujisawa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 32 through 36 of the AMCC and, therefore, denies those allegations.

36(a)–(c). Fujisawa is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 36(a) through 36(c) of the AMCC and, therefore, denies those allegations.

37-38.  To the extent the allegations in Paragraphs 37 through 38 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Fujisawa denies the remaining allegations in Paragraphs 37 through 38 of the AMCC that pertain to it.  Fujisawa denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraph 38 of the AMCC.

39-83.  The allegations in Paragraphs 39 through 50 of the AMCC are directed to other defendants and require no response from Fujisawa.  To the extent the allegations in Paragraphs 39 through 50 of the AMCC are deemed to include allegations against Fujisawa, they are denied.

84.     Fujisawa admits that Fujisawa Healthcare is a Delaware corporation with its principal place of business located at Three Parkway North, Deerfield, Illinois.  Fujisawa admits that Fujisawa Healthcare is a wholly-owned subsidiary of Fujisawa Pharmaceutical Co., Ltd., a Japanese corporation.  Fujisawa admits that it produces and distributes pharmaceuticals relating to and used in the therapeutic areas of immuno-suppression and transplantation, cardiovascular care, skin care, oncology and antifungal and anti-infective treatment.

85.     Fujisawa admits that Fujisawa USA was a Delaware corporation with its principal place of business located at Three Parkway North, Deerfield, Illinois.  Fujisawa admits that Fujisawa USA was an indirect subsidiary of Fujisawa Pharmaceutical Co., Ltd., a Japanese corporation.  Fujisawa denies the remaining allegations in Paragraph 85 of the AMCC.

86.     Fujisawa admits that Fujisawa USA previously manufactured Acyclovir Sodium, Dexamethasone Sodium Phosphate, Doxorubicin Hydrochloride, Gentamicin Sulfate, Pentamidine Isethionate, and Vancomycin Hydrochlroide. Fujisawa denies the remaining allegations in Paragraph 86 of the AMCC.

87-131. The allegations in Paragraphs 87 through 131 of the AMCC are directed to other defendants and require no response from Fujisawa. To the extent the allegations in Paragraphs 87 through 131 of the AMCC are deemed to include allegations against Fujisawa, they are denied.

## IV. GENERAL ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

132. To the extent the allegations in Paragraph 132 of the AMCC are directed to other defendants, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa denies the allegations in Paragraph 132 of the AMCC that pertain to it.

133. Upon information and belief, Fujisawa admits the allegations in Paragraph 133 of the AMCC.

134-141. To the extent the allegations in Paragraphs 134 through 141 of the AMCC refer to the knowledge, conduct, opinions or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Further answering Paragraph 134 of the AMCC, Fujisawa admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP. Further answering Paragraphs 135 and 136 of the AMCC, Fujisawa admits that pharmaceutical industry pricing publications periodically report AWPs for prescription medicines sold in the United States. Fujisawa states that the 1999 edition of the *Red Book* and the June 1996 Dow Jones News article cited in Paragraph 136 of the AMCC are the best evidence of their contents. Fujisawa denies the remaining allegations in Paragraphs 134 through 141 of the AMCC that pertain to it, and specifically denies the existence of, and its participation in, any "AWP Scheme" as alleged in Paragraph 140 of the AMCC.

8

142-144.  Fujisawa admits the allegations in Paragraphs 142 through 144 of the AMCC.

145.   Fujisawa admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 CFR 405.517, which is the best evidence of its contents.

146.   Fujisawa denies the allegations in the first sentence of Paragraph 146 insofar as it contains material in quotation marks the source of which is not identified. Fujisawa denies the second sentence of Paragraph 146 insofar as 42 CFR 405.507 contains no reference to a "ceiling" on reimbursement amounts.

147.   Fujisawa admits the allegations in Paragraph 147 of the AMCC.

148.   Answering Paragraph 148 of the AMCC, Fujisawa admits that the Medicare Program has publicly announced that it would use the AWP published in pharmaceutical industry pricing publications as the basis for reimbursement.  Fujisawa states that the Program Memo AB-99-63 cited in Paragraph 148 of the AMCC is the best evidence of its contents.

149.   Fujisawa states that the Program Memo AB-99-63 cited in Paragraph 149 of the AMCC is the best evidence of its contents.

150-151.  Fujisawa admits the allegations in Paragraphs 150 through 151 of the AMCC.

152.   To the extent the allegations in Paragraph 152 of the AMCC refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Fujisawa admits that there are no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs.  Fujisawa admits that it reports certain pricing information for its medicines to pharmaceutical industry pricing publications.  Fujisawa denies the remaining allegations in Paragraph 152 of the AMCC that pertain to it.

153-154. Fujisawa states that the April 2003 OIG report cited in Paragraphs 153 through 154 of the AMCC is the best evidence of its contents. Fujisawa denies that Plaintiffs have accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to Fujisawa.

155. To the extent the allegations in Paragraph 155 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa denies the remaining allegations in Paragraph 155 of the AMCC that pertain to it.

156-157. Fujisawa denies the existence of, and its participation in, any "scheme" cited in Paragraph 156 of the AMCC. Fujisawa states that the September 28, 2000, letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 156 through 157 of the AMCC is the best evidence of its contents. Fujisawa denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to Fujisawa.

158-159. To the extent the allegations in Paragraphs 158 through 159 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa denies the remaining allegations in Paragraphs 158 through 159 of the AMCC that pertain to it. Fujisawa further denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 159 of the AMCC.

160. To the extent the allegations in Paragraph 160 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is

knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is

without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa admits that it reported AWPs for its medicines to pharmaceutical industry pricing publications before August 2001, but Fujisawa denies that it has done so since. Fujisawa admits the remaining allegations in Paragraph 160 of the AMCC that pertain to it.

161-184. To the extent the allegations in Paragraphs 161 through 184 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa denies the remaining allegations in Paragraphs 161 through 184 of the AMCC that pertain to it. Fujisawa denies the existence of, and its participation in, any "scheme" as alleged in Paragraphs 161 and 163 of the AMCC.

185.   Fujisawa admits that Plaintiffs purport to quote from an unidentified "industry consultant" as alleged in Paragraph 185 of the AMCC, but Fujisawa is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the AMCC and, therefore, denies those allegations.

186-191. To the extent the allegations in Paragraphs 186 through 191 of the AMCC and its subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa states that the *Red Book* and the unidentified DOJ report cited in Paragraph 187 of the AMCC and the pleadings cited in Paragraphs 189 through 190 of the AMCC and subparts are the best evidence of their contents. To the extent the allegations in Paragraphs 186 through 191 of the AMCC are deemed to include allegations against Fujisawa, they are denied.

192.    To the extent the allegations in Paragraph 192 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Fujisawa states the 2003 CMS document cited in Paragraph 192 of the AMCC is the best evidence of its contents.  Fujisawa denies that Plaintiffs have accurately characterized any alleged CMS finding, opinion, statement or conclusion. Fujisawa admits that it sells its medicines in a competitive market and, as such, takes steps to keep certain information relating to its medicines confidential.  Fujisawa denies the remaining allegations in Paragraph 192 of the AMCC that pertain to it.

193-196.  To the extent the allegations in Paragraphs 193 through 196 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.    Fujisawa denies the allegations in Paragraphs 193 through 196 of the AMCC that pertain to it.

197.    In response to the allegations in Paragraph 197 of the AMCC, Fujisawa denies that Plaintiffs lacked inquiry or other notice of the issues associated with reliance on AWPs as a pricing benchmark.  Fujisawa specifically avers, to the contrary, that such issues were well known for more than a decade before Plaintiffs elected to bring this suit.

198-199.  The allegations in Paragraphs 198 through 199 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraphs 198 through 199 of the AMCC that refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, and, therefore, Fujisawa denies those

12

allegations.  Fujisawa denies the remaining allegations in Paragraphs 198 through 199 of the AMCC that pertain to it.

## V.    EXAMPLES OF SPECIFIC UNLAWFUL CONDUCT

200.    To the extent the allegations in Paragraph 200 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Fujisawa denies the remaining allegations in Paragraph 200 of the AMCC that pertain to it.

201-363.  The allegations in Paragraphs 201 through 363 of the AMCC are directed to other defendants and require no response from Fujisawa.  To the extent allegations in Paragraphs 201 through 363 of the AMCC are deemed to include allegations against Fujisawa, they are denied.

364.    Fujisawa denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 364 of the AMCC.  To the extent the allegations in Paragraph 364 of the AMCC are directed to another defendant, Fujisawa is without sufficient knowledge and information to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Fujisawa denies the existence of, and its participation in, any "Fujisawa Group" as alleged in Paragraph 364 of the AMCC.  Fujisawa admits that Plaintiffs purport to bring this action as alleged in Paragraph 364 of the AMCC, but Fujisawa denies that Plaintiffs are entitled to a judgment or any relief.  Fujisawa denies the remaining allegations in Paragraph 364 of the AMCC that pertain to it.

365.    Fujisawa denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 365 of the AMCC.  Fujisawa admits that there have been reports that the governmental agencies listed in Paragraph 365 of the AMCC have conducted investigations

13

concerning pricing in the pharmaceutical industry. Fujisawa further admits that it, among others, has participated three such investigations.

366. Fujisawa states that the referenced document speaks for itself in terms of its contents. Fujisawa denies the remaining allegations in Paragraph 366 of the AMCC.

367. Fujisawa states that the referenced document speaks for itself in terms of its contents. Fujisawa denies the remaining allegations in Paragraph 367 of the AMCC.

368. Fujisawa states that the referenced document speaks for itself in terms of its contents. Fujisawa denies the remaining allegations in Paragraph 368 of the AMCC.

369. Fujisawa states that the referenced document speaks for itself in terms of its contents. Fujisawa denies the remaining allegations in Paragraph 369 of the AMCC.

370. Fujisawa states that the referenced document speaks for itself in terms of its contents. Fujisawa denies the remaining allegations in Paragraph 370 of the AMCC.

371. To the extent the allegations of Paragraph 371 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without sufficient knowledge and information to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa states that the report published by the DHHS (AB-00-86) cited in Paragraph 260 of AMCC and the report published by the OIG (*see* "Medicare Reimbursement of Prescription Drugs," OEI-03-00-00310, Jan. 2001) cited in Paragraph 371 of the AMCC are the best evidence of their contents, but Fujisawa denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement or conclusion contained in these documents. Fujisawa denies the remaining allegations in Paragraph 371 of the AMCC.

372.    Fujisawa states that the referenced documents speak for itself in terms of its contents.  To the extent the allegations of Paragraph 372 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without sufficient knowledge and information to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa admits that it may sell its medicines at prices below AWP. Fujisawa denies the remaining allegations in Paragraph 372 of the AMCC.

373.    Fujisawa states that the referenced document speaks for itself in terms of its contents. Fujisawa denies the remaining allegations in Paragraph 373 of the AMCC.

374.    Fujisawa states that the referenced document speaks for itself in terms of its contents. Fujisawa denies the remaining allegations in Paragraph 374 of the AMCC.

375.    Fujisawa denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 375 of the AMCC. Fujisawa denies the remaining allegations in Paragraph 375 of the AMCC.

376-540.    The allegations in Paragraphs 376 through 540 of the AMCC are directed to other defendants and require no response from Fujisawa.  To the extent allegations in Paragraphs 376 through 540 of the AMCC are deemed to include allegations against Fujisawa, they are denied.

## VI.    PLAINTIFFS' CLAIM FOR DAMAGES

541.    Fujisawa denies that Plaintiffs have suffered damages or injuries as alleged in Paragraph 541 of the AMCC.  Fujisawa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 541 of the AMCC and, therefore, denies those allegations.

## VII.   PLAINTIFFS' CLAIMS CONCERNING TOGETHER RX

542-594. The allegations in Paragraphs 542 through 594 of the AMCC are directed to other defendants, as Fujisawa does not participate in Together Rx, and require no response from Fujisawa. To the extent allegations in Paragraphs 542 through 594 of the AMCC are deemed to include allegations against Fujisawa, they are denied.

## VIII.   CLASS ALLEGATIONS FOR THE PURPORTED "AWP PAYOR CLASS"

595-598.  Fujisawa admits that Plaintiffs purport to bring this action as alleged in Paragraphs 595 through 598 of the AMCC, but Fujisawa denies that Plaintiffs are entitled to maintain this action in the manner alleged. Fujisawa denies that Plaintiffs or any putative class members have suffered damages as alleged in Paragraph 598 of the AMCC.

599-603.  The allegations in Paragraphs 599 through 603 of the AMCC state legal conclusions to which no answer is required. Fujisawa denies, however, that Plaintiffs have pled a proper class or named proper class representatives. Further answering, Fujisawa denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 603 of the AMCC.

## IX. CLASS ALLEGATIONS FOR THE PURPORTED "TOGETHER RX CLASS"

604-618. The allegations in Paragraphs 604 through 618 of the AMCC are directed to other defendants, as Fujisawa does not participate in Together Rx, and require no response from Fujisawa. To the extent allegations in Paragraphs 542 through 594 of the AMCC are deemed to include allegations against Fujisawa, they are denied.

### COUNT I (RICO)

619-646.  The Court dismissed Count I in its Order dated February 25, 2004. Accordingly, Fujisawa does not respond to Paragraphs 619 through 646 of the AMCC.  To the

extent a response is required, Fujisawa denies all allegations contained within Count I of the AMCC.

**COUNT II (RICO)**

647.  Answering Paragraph 647 of the AMCC, Fujisawa realleges and incorporates its responses to the allegations in Paragraphs 1 through 646 of the AMCC.

648.  To the extent the allegations in Paragraph 648 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Fujisawa admits that Plaintiffs purport to bring this action and to seek relief under Count II of the AMCC as alleged in Paragraph 648, but Fujisawa denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Fujisawa under Count II.  Fujisawa denies the remaining allegations in Paragraph 648 of the AMCC.

649.  The allegations in Paragraph 649 of the AMCC state a legal conclusion to which no answer is required.  Fujisawa denies, however, that Plaintiffs have pled a proper class.

650.  To the extent the allegations in Paragraph 650 of the AMCC and subparts state legal conclusions, Fujisawa avers that no answer is required.  Fujisawa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 650 and subparts and, therefore, denies those allegations.

651-655.  Fujisawa denies the existence of, or its participation in, any "enterprise," "AWP Scheme," or "hidden-profit scheme" as alleged in Paragraphs 651 through 655 of the AMCC.  To the extent the allegations in Paragraphs 651 through 655 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is

without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Fujisawa states that the unidentified "industry report" cited in Paragraph 655 of the AMCC is the best evidence of its contents.  Fujisawa denies that Plaintiffs have accurately characterized any alleged "industry report" finding, opinion, statement or conclusion.  Fujisawa denies the remaining allegations in Paragraphs 651 through 655 that pertain to it.

656-678.   Fujisawa denies the existence of, or its participation in, any "enterprise," "AWP spread scheme," "AWP Scheme," "The Fujisawa Group Manufacturer-PBM Enterprise" and/or "Manufacturer-PBM Enterprise" as alleged in Paragraphs 656 through 678 of the AMCC. To the extent the allegations in Paragraphs 656 through 678 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent the allegations in Paragraph 656 through 678 of the AMCC include allegations against Fujisawa, they are denied.

679.   The allegations in Paragraph 679 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Fujisawa denies the allegations in Paragraph 679 of the AMCC.

### COUNT III (DECLARATORY RELIEF)

680.   Answering Paragraph 680 of the AMCC, Fujisawa realleges and incorporates its responses to the allegations in Paragraphs 1 through 679 of the AMCC.

681.   The allegations in Paragraph 681 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Fujisawa denies that Plaintiffs have standing to bring this action, and denies that an actual case and controversy exists.  To the extent

18

the allegations in Paragraph 681 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa denies the allegations in Paragraph 681 of the AMCC that pertain to it.

682-683. Answering the first sentence of Paragraph 682 of the AMCC, Fujisawa refers to and incorporates its response to Paragraph 681 of the AMCC. To the extent the allegations in Paragraphs 682 through 683 of the AMCC and refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa denies the remaining allegations in Paragraphs 682 through 684 of the AMCC that pertain to it.

### COUNT IV (CONSUMER PROTECTION STATUTES)

684. Answering Paragraph 684 of the AMCC, Fujisawa realleges and incorporates its responses to the allegations in Paragraphs 1 through 683 of the AMCC.

685. Fujisawa admits that Plaintiffs purport to bring this action and to seek relief under Count IV of the AMCC as alleged in Paragraph 685, but Fujisawa denies that Plaintiffs are entitled maintain this action as alleged or to any relief against Fujisawa under Count IV. Fujisawa denies the remaining allegations in Paragraph 685 of the AMCC.

686. To the extent the allegations in Paragraph 686 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa admits that its principal place of business is

19