located in Deerfield, Illinois. Fujisawa admits that certain states have enacted consumer protection laws, but Fujisawa denies that it has violated such laws or that Plaintiffs or any putative class members are entitled to relief under such laws. Fujisawa denies the remaining allegations in Paragraph 686 of the AMCC and subparts that pertain to it.

687-691. Fujisawa denies the existence of, and its participation in, any "AWP Scheme" as alleged in Paragraph 687 of the AMCC. To the extent the allegations in Paragraphs 687 through 691 of the AMCC and subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa denies the remaining allegations in Paragraphs 687 through 691 of the AMCC and subparts that pertain to it. Fujisawa further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraphs 689 and 691 of the AMCC.

## COUNT V (CLAYTON ACT – TOGETHER RX)

692-698. The allegations in Paragraphs 692 through 698 of the AMCC are directed to other defendants, as Fujisawa does not participate in Together Rx, and require no response from Fujisawa. To the extent allegations in Paragraphs 692 through 698 of the AMCC are deemed to include allegations against Fujisawa, they are denied.

## COUNT VI (SHERMAN ACT)

699-704. The allegations in Paragraphs 699 through 7044 of the AMCC are directed to other defendants, as Fujisawa does not participate in Together Rx, and require no response from Fujisawa. To the extent allegations in Paragraphs 699 through 704 of the AMCC are deemed to include allegations against Fujisawa, they are denied.

## COUNT VII (INDIRECT PURCHASER – TOGETHER RX)

705 -708.  The allegations in Paragraphs 705 through 708 of the AMCC are directed to other defendants, as Fujisawa does not participate in Together Rx, and require no response from Fujisawa.  To the extent allegations in Paragraphs 705 through 708 of the AMCC are deemed to include allegations against Fujisawa, they are denied.

## COUNT VIII (RICO – TOGETHER RX)

709 - 725.  The allegations in Paragraphs 709 through 725 of the AMCC are directed to other defendants, as Fujisawa does not participate in Together Rx, and require no response from Fujisawa.  To the extent allegations in Paragraphs 709 through 725 of the AMCC are deemed to include allegations against Fujisawa, they are denied.

## COUNT IX (CIVIL CONSPIRACY – PBMs)

726.    Answering Paragraph 726 of the AMCC, Fujisawa realleges and incorporates its responses to the allegations in Paragraphs 1 through 725 of the AMCC.

727.    Fujisawa admits that Plaintiff CMHV purports to bring this action as alleged in Paragraph 727 of the AMCC, but Fujisawa denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  Fujisawa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 727 of the AMCC and, therefore, denies those allegations.

728-731.  Fujisawa denies the existence of, and its participation in, any "scheme," "AWP Scheme," "conspiracy" or "The Fujisawa Group Manufacturer-PBM Conspiracies" as alleged in Paragraphs 728 through 731 of the AMCC.  To the extent the allegations in Paragraphs 728 through 731 of the AMCC and subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than Fujisawa, Fujisawa is without knowledge or information

21

sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Fujisawa denies the remaining allegations in Paragraphs 728 through 731 of the AMCC and subparts that pertain to it.

732-733. Fujisawa denies the allegations in Paragraphs 732 through 733 of the AMCC. Specifically, Fujisawa denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 733 of the AMCC.

## X.    CIVIL CONSPIRACY (TOGETHER RX)

734 -741.     The allegations in Paragraphs 734 through 741 of the AMCC are directed to other defendants, as Fujisawa does not participate in Together Rx, and require no response from Fujisawa. To the extent allegations in Paragraphs 734 through 741 of the AMCC are deemed to include allegations against Fujisawa, they are denied.

## UNNUMBERED "WHEREFORE" PARAGRAPH AND REQUEST FOR JURY TRIAL

Fujisawa denies Plaintiffs are entitled to a judgment or any other relief requested in their Prayer for Relief and "WHEREFORE" paragraph following Paragraph 741 of the AMCC.

## AFFIRMATIVE AND OTHER DEFENSES
### First Defense

Plaintiffs and the putative class fail to state a claim against Fujisawa upon which relief may be granted.

### Second Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Third Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the filed rate doctrine.

### Fourth Defense

Plaintiffs and the putative class have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Fujisawa as alleged in the AMCC.

### Fifth Defense

To the extent Plaintiffs and/or any member of the putative class obtain recovery in any other case predicated on the same factual allegations, that Plaintiff or purported class member is barred from seeking recovery against Fujisawa based on the AMCC pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### Sixth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation.

### Seventh Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Fujisawa in judicial, legislative or administrative proceedings of any kind or at any level of government.

### Eighth Defense

Plaintiffs and the putative class' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

23

### Ninth Defense

Any and all actions taken by Fujisawa with respect to any of the matters alleged in the AMCC were taken in good faith and in accordance with established industry practice, applicable laws, rules and regulations.

### Tenth Defense

Plaintiffs and the putative class' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Eleventh Defense

Plaintiffs' and the putative class' claims are preempted by the dormant Commerce Clause of the United States Constitution.

### Twelfth Defense

Plaintiffs' and the putative class' claims against Fujisawa are barred because Fujisawa has complied with all applicable regulations of the federal and state governments.

### Thirteenth Defense

Plaintiffs' and the putative class' claims against Fujisawa are barred, in whole or in part, by the applicable statutes of limitations and repose.

### Fourteenth Defense

Plaintiffs' and the putative class' claims against Fujisawa are barred, in whole or in part, by the doctrines of laches, estoppel, and waiver.

### Fifteenth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because they violate Fujisawa' rights under the Due Process and *Ex Post Facto* clauses of the United States

Constitution, as well as all applicable state constitutions, insofar as Plaintiffs and the putative class members seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Sixteenth Defense

Fujisawa' statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

### Seventeenth Defense

Plaintiffs and the putative class fail to state with particularity facts to support the fraud allegations against Fujisawa contained in the AMCC.

### Eighteenth Defense

Plaintiffs and the putative class fail to state with particularity the fraudulent concealment allegations against Fujisawa in the AMCC.

### Nineteenth Defense

Plaintiffs and the putative class failed to plead with particularity their multi-source medicine allegations against Fujisawa in the AMCC.

### Twentieth Defense

Plaintiffs' and the putative class' claims against Fujisawa are barred, in whole or in part, because Fujisawa did not make any false statements to Plaintiffs or to any members of the putative class members.  As to any statement asserted against Fujisawa that Plaintiffs and the putative class allege to be false or misleading, Fujisawa had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### Twenty-First Defense

Plaintiffs' and the putative class' claims against Fujisawa are barred because Fujisawa did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

### Twenty-Second Defense

Plaintiffs' and the putative class' RICO claims against Fujisawa are barred, in whole or in part, due to Plaintiffs' failure to properly allege a RICO enterprise as required by 18 U.S.C. § 1962(c).

### Twenty-Third Defense

Plaintiffs' and the putative class' RICO claims against Fujisawa are barred, in whole or in part, due to their failure to plead facts showing that Fujisawa and the PBMs are ongoing organizations whose members function as continuing unit and share common purposes as required by *United States v. Turkette*, 452 U.S. 576, 583 (1981).

### Twenty-Fourth Defense

Plaintiffs' and the putative class' RICO claims against Fujisawa are barred, in whole or in part, due to their failure to allege that Fujisawa conducted the affairs of the alleged enterprises as required by 18 U.S.C. § 1962(c).

### Twenty-Fifth Defense

Plaintiffs and the putative class lack standing to bring their RICO claims against Fujisawa because they cannot show Fujisawa directly caused their alleged injuries as required by 18 U.S.C. § 1964(c) and *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 265-66, 268 (1992).

**Twenty-Sixth Defense**

Plaintiffs and the putative class fail to allege with particularity their civil conspiracy claims against Fujisawa as required by Fed. R. Civ. P. 9(b).

**Twenty-Seventh Defense**

Plaintiffs' and the putative class' civil conspiracy claims against Fujisawa are barred, in whole or in part, by their failure to allege a concerted action as required by *Aetna Cas. Sur. Co. v. P&B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994) and *Grant v. John Hancock Mut. Life Ins. Co.*, 183 F. Supp. 2d 344, 359 (D. Mass. 2002).

**Twenty-Eighth Defense**

Plaintiffs' and the putative class' civil conspiracy claims against Fujisawa are barred, in whole or in part, by their failure to allege a coercive conspiracy as required by *Fleming v. Dance*, 22 N.E.2d 609, 611 (Mass. 1939).

**Twenty-Ninth Defense**

Plaintiffs' and the putative class' civil conspiracy claims against Fujisawa are barred, in whole or in part, because they are duplicative and improper under Massachusetts law. *See Grant*, 183 F. Supp. 2d at 364.

**Thirtieth Defense**

Fujisawa denies that Plaintiffs and the putative class have valid consumer protection claims against Fujisawa under California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington or any other State whose law is or becomes relevant in the course of this multidistrict litigation. However, if such claims are found to exist, Fujisawa pleads all available defenses under the Acts.

### Thirty-First Defense

Any allegedly fraudulent statements or conduct of Fujisawa did not directly or proximately cause the alleged injuries of Plaintiffs and/or any members of the putative class as required under state consumer protection laws, including without limitation those of Florida, Illinois, Louisiana, New Jersey, New York, Pennsylvania, Texas and Washington.

### Thirty-Second Defense

Fujisawa' conduct was neither "deceptive," "misleading," "unlawful" nor "illegal" as required under certain state consumer protection laws, including without limitation those of Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Texas and/or Washington.

### Thirty-Third Defense

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against Fujisawa, they are not entitled to such relief because they have an adequate remedy at law.

### Thirty-Fourth Defense

Plaintiffs and the putative class lack standing to bring their asserted consumer protection claims against Fujisawa under certain state consumer protection laws, including without limitation those of Delaware, Florida, Louisiana, New Jersey, Pennsylvania and Washington.

### Thirty-Fifth Defense

Plaintiffs and the putative class did not rely on the allegedly fraudulent statements or conduct of Fujisawa as required under certain state consumer protection laws, including without limitation those of New York and Pennsylvania.

28

### Thirty-Sixth Defense

Any allegedly fraudulent statement or conduct of Fujisawa was not consumer-oriented as required under certain consumer protection law, including without limitation that of New York.

### Thirty-Seventh Defense

Plaintiffs' and the putative class' claims against Fujisawa for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Thirty-Eighth Defense

Plaintiffs' and the putative class' claims for injunctive relief against Fujisawa are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-Ninth Defense

This action cannot be maintained as a class action because the certification and maintenance of this action as a class would violate the separation of powers provisions of the United States Constitution and would be an unconstitutional usurpation of authority reserved to the legislative branch.

### Fortieth Defense

This action cannot be maintained as a class action because the claims of Plaintiffs and the putative class cannot be properly joined with one another because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences.

### Forty-First Defense

This action cannot be maintained as a class action because the named Plaintiffs and the putative class cannot satisfy the procedural requirements of Fed. R. Civ. P. 23.

29

### Forty-Second Defense

This action cannot be maintained as a class action because the questions of fact at issue are not common to the alleged class, but rather, are highly specific and will vary dramatically from person to person and entity to entity.

### Forty-Third Defense

This action cannot be maintainable as a class action because class certification would violate Fujisawa' rights provided by the Fifth, Seventh and Fourteenth Amendments to the United States Constitution as well as by the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation, including but not limited to Fujisawa' right to procedural and substantive safeguards, which include traditional defenses to liability.

### Forty-Fourth Defense

Plaintiffs' and the putative class' antitrust claims against Fujisawa under the various state consumer protection and consumer fraud statutes are barred in whole or in part to the extent those statutes do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers.

### Forty-Fifth Defense

Third party payor plaintiffs' and third party payor putative class members' claims against Fujisawa are barred, in whole or part, with respect to any alleged overcharge or supracompetitive price on the ground that third party payors passed on any effect of the alleged supracompetitive prices to their customers or employees in the form of higher premiums.

30

### Forty-Sixth Defense

Plaintiffs' and the putative class' claims against Fujisawa are barred, in whole or in part, with respect to any alleged overcharge or supracompetitive price because such supracompetitive price, if any, was absorbed, in whole or part, by a person and/or entity which purchased the medicine directly, and/or by an intermediate indirect purchaser, and was not pass through to the Plaintiffs and putative class members.

### Forty-Seventh Defense

Plaintiffs' and the putative class' claims against Fujisawa are barred, in whole or in part, due to their failure to join indispensable parties.

### Forty-Eighth Defense

Plaintiffs' and the putative class' claims against Fujisawa are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the AMCC.

### Forty-Ninth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because any injuries sustained by Plaintiffs or the putative class were the result of intervening or superceding conduct of third parties.

### Fiftieth Defense

Plaintiffs' and the putative class' claims against Fujisawa for damages are barred, in whole or in part, because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

### Fifty-First Defense

Plaintiffs' and the putative class' claims against Fujisawa for damages are barred, in whole or in part, because they failed to mitigate their damages, and their failure to mitigate

31

damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Fujisawa.

### Fifty-Second Defense

Plaintiffs' and the putative class' claims against Fujisawa for damages are barred, in whole or in part, because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the AMCC.

### Fifty-Third Defense

Fujisawa is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs and/or the putative class, with respect to the same alleged injuries.

### Fifty-Fourth Defense

Plaintiffs' and the putative class' claims against Fujisawa for damages are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that plaintiffs and/or putative class members have received and paid for medicines manufactured, marketed and sold by Fujisawa after the filing of Plaintiffs' original Complaint.

### Fifty-Fifth Defense

Plaintiffs' and the putative class' claims against Fujisawa for damages with regard to multiple-source medicines are inconsistent with the laws of mathematics and conflict with Plaintiffs' and the putative class' liability theory.

### Fifty-Sixth Defense

Any damages recovered by the Plaintiffs and the putative class from Fujisawa must be limited by the applicable statutory ceilings on recoverable damages.

### Fifty-Seventh Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against Fujisawa are not recoverable because the allegations of the AMCC are legally insufficient to support a claim for punitive damages against Fujisawa.

### Fifty-Eighth Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for punitive damages against Fujisawa cannot be sustained because an award of punitive damages by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Fujisawa, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding Plaintiff's and the putative class' burden of proof with respect to each and every element of a claim for punitive damages, and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Fujisawa' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law and public policies of any applicable states' laws.

33

### Fifty-Ninth Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for punitive damages against Fujisawa cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Fujisawa prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Fujisawa' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitutions and the constitutions of any applicable states' laws.

### Sixtieth Defense

To the extent punitive damages are sought, Plaintiff's and the putative class' claim for punitive damages against Fujisawa cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate Fujisawa' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Fujisawa' right not to be subjected to an excessive award; and (3) be improper under the constitutions, common law and public policies of any applicable states' laws.

### Sixty-First Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for punitive damages against Fujisawa cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Fujisawa' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable states' laws.

## Sixty-Second Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for punitive damages against Fujisawa cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, of subsequent judgments against Fujisawa for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Fujisawa' medicines would constitute impermissible multiple punishments for the same wrong, in violation of Fujisawa' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law and statutory law of any applicable states' laws.

## Sixty-Third Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for punitive damages against Fujisawa cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Fujisawa' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' law.

35

## Sixty-Fourth Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' claims for punitive damages against Fujisawa cannot be sustained because any award of punitive damages, which are penal in nature, without according Fujisawa the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Fujisawa' rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' laws.

## Sixty-Fifth Defense

Fujisawa adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

## Sixty-Sixth Defense

Fujisawa hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense. Fujisawa also reserves the right to assert such other and related defenses as may become viable in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state other than California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and/or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

Respectfully Submitted,


BINGHAM MCCUTCHEN LLP



By:  _S. Elaine McChesney_
     S. Elaine McChesney
     150 Federal Street
     Boston MA  02110
     (617) 951-8501
     (617) 951-8736 (fax)



REED SMITH LLP



By:  _Kathleen H. McGuan_ /scan
     Kathleen H. McGuan
     Andrew L. Hurst
     1301 K Street NW
     Suite 1100 – East Tower
     Washington, DC 20005
     (202) 414-9200
     (202) 414-9299 (fax)




     _Michael T. Scott_ /scan
     Michael T. Scott
     2500 One Liberty Place
     1650 Market Street
     Philadelphia, PA  19103-7301
     (215) 851-8100
     (215) 851-1420 (fax)

     Attorneys for Defendants Fujisawa
     USA, Inc. and Fujisawa Healthcare,
     Inc.


Dated:  April 9, 2004



37

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Fujisawa Healthcare, Inc. and Fujisawa USA, Inc.'s Answer To Plaintiffs' Amended Master Consolidated Class Action Complaint was delivered to all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending, on April 9, 2003, a copy to Verilaw Technologies for posting and notification to all parties.

/s/ Andrew L. Hurst

Andrew L. Hurst