cited in Paragraph 549 of the AMCC speaks for itself and is the best evidence of its contents. BMS Group denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement or conclusion contained in this document or allegedly made by Congressman Allen. To the extent the remaining allegations in Paragraph 549 of the AMCC are deemed to include allegations against BMS Group, they are denied.

550. BMS Group denies the allegations in Paragraph 550 of the AMCC that pertain to it and, to the extent the allegations in Paragraph 550 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations. BMS Group admits that it participates in the Together Rx Card Program, which commenced in 2002 and allows eligible persons to enjoy discounts on covered medicines.

551-561. The allegations in Paragraphs 551 through 561 of the AMCC are directed to another defendant and require no response from BMS Group. To the extent the allegations in Paragraphs 551 through 561 of the AMCC are deemed to include allegations against BMS Group, they are denied.

562. BMS admits the allegation in Paragraph 562 of the AMCC, and states that the content of the press release cited in Paragraph 562 of the AMCC speaks for itself and is the best evidence of its contents.

563. BMS admits the allegations in Paragraph 563 of the AMCC, and states that the website referred to in Paragraph 563 of the AMCC speaks for itself and is the best evidence of its contents.

564. BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 564 of the AMCC and states the March 12, 2002 *Reuters*

17

article cited in Paragraph 564 speaks for itself and is the best evidence of its contents. BMS Group states that it disagrees with the article.

565. BMS Group is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 565 of the AMCC.

566. BMS Group admits that it participates in the Together Rx Card Program, which commenced in 2002 and allows eligible persons to enjoy discounts on covered medicines. BMS Group is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 566 of the AMCC.

567. BMS Group admits that the medicines identified in Paragraph 567 of the AMCC are included or have been included at one point of time in the Together Rx Card Program, except that BMS Group is without knowledge or information sufficient to form a belief as to whether Vermos and Zomig-ZMT are included in the Together Rx Card Program. BMS Group is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 567 of the AMCC.

568-570. The allegations in Paragraphs 568 through 570 of the AMCC are directed to another defendant and require no response from BMS Group. To the extent allegations in Paragraphs 568 through 570 of the AMCC are deemed to include allegations against BMS Group, they are denied.

571. BMS Group admits that the medicines identified in Paragraph 571 of the AMCC are or have been manufactured by BMS Group and are or have been included in the Together Rx Card Program.

572-575. The allegations in Paragraphs 572 through 575 of the AMCC are directed to another defendant and require no response from BMS Group. To the extent allegations in

Paragraphs 572 through 575 of the AMCC are deemed to include allegations against BMS Group, they are denied.

576.    To the extent the allegations in Paragraph 576 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations. BMS Group states that the unidentified document referred to in Paragraph 576 of the AMCC speaks for itself and is the best evidence of its contents. BMS Group admits that it encouraged eligible persons to enroll in the Together Rx Program, but denies the remaining allegations in Paragraph 576 of the AMCC that pertain to it.

577-583.    To the extent the allegations in Paragraphs 577 through 583 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations. BMS admits the allegations in Paragraphs 577 through 583 that pertain to it and states that the documents referred to in those paragraphs speak for themselves and are the best evidence of their contents.

584-594.    BMS Group denies the allegations in Paragraphs 584 through 594 of the AMCC.

595-598.    BMS Group admits that Plaintiffs purport to bring this action as alleged in Paragraphs 595 through 598 of the AMCC, but BMS Group denies that Plaintiffs are entitled to maintain this action in the manner alleged. BMS Group denies that Plaintiffs or any putative class members have suffered damages as alleged in Paragraph 598 of the AMCC.

599-603.    The allegations in Paragraphs 599 through 603 of the AMCC and its subparts state legal conclusions to which no answer is required. To the extent a response is

19

required, BMS Group denies the allegations in Paragraphs 599 through 603 of the AMCC. BMS Group denies, more specifically, that Plaintiffs have pled a proper class or named proper class representatives.  Further answering, BMS Group denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 603 of the AMCC.

604-605.        BMS Group admits that Plaintiffs purport to bring this action as alleged in Paragraphs 604 through 605 of the AMCC, but BMS Group denies that Plaintiffs are entitled to maintain this action in the manner alleged.

606-607.        The allegations in Paragraphs 606 through 607 of the AMCC state a legal conclusion to which no answer is required.  To the extent an answer is required, BMS Group denies the allegations in Paragraphs 606 through 607 of the AMCC.  BMS Group denies, more specifically, that Plaintiffs have pled a proper class or named proper class representatives.

608.        BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 608 of the AMCC.

609.        BMS Group admits that Plaintiffs purport to bring this action as alleged in Paragraph 609 of the AMCC, but BMS Group denies that Plaintiffs are entitled to maintain this action in the manner alleged.

610-614.        The allegations in Paragraphs 610 through 614 of the AMCC and its subparts state legal conclusions to which no answer is required.  To the extent an answer is required, BMS Group denies the allegations in Paragraphs 610 through 614 of the AMCC.  BMS Group further denies that Plaintiffs have pled a proper class or named proper class representatives or that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 611 of the AMCC.

615.    BMS Group denies that Plaintiffs and members of the Classes have suffered, and will continue to suffer harm and damages, as a result of BMS Group's alleged conduct. The remaining allegations in Paragraph 615 of the AMCC state a legal conclusion to which no answer is required. To the extent an answer is required, BMS Group denies the allegations in Paragraph 615 of the AMCC. BMS Group denies, more specifically, that Plaintiffs have pled a proper class.

616-618.    BMS Group denies the allegations in Paragraphs 616 through 618 of the AMCC.

## COUNT I (RICO)

619-646.    The Court dismissed Count I in its Order dated February 25, 2004. Accordingly, BMS Group does not respond to Paragraphs 619 through 646 of the AMCC. To the extent a response is required, BMS Group denies all allegations contained within Count I of the AMCC.

## COUNT II (RICO)

647.    Answering Paragraph 647 of the AMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 646 of the AMCC.

648.    BMS Group admits that Plaintiffs purport to bring this action and to seek relief under Count II of the AMCC as alleged in Paragraph 648, but BMS Group denies that Plaintiffs are entitled to maintain this action as alleged or to any relief under Count II. BMS Group denies the remaining allegations in Paragraph 648 of the AMCC.

649.    The allegations in Paragraph 649 of the AMCC state a legal conclusion to which no answer is required. BMS Group denies, however, that Plaintiffs have pled a proper class.

21

650.   BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 650 of the AMCC and subparts.

651-655.   BMS Group denies the allegations in Paragraphs 651 through 655 of the AMCC that pertain to it.  To the extent the allegations in Paragraphs 651 through 655 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  BMS Group states that the unidentified "industry report" cited in Paragraph 655 of the AMCC speaks for itself and is the best evidence of its contents.  BMS Group denies that Plaintiffs have accurately characterized any alleged "industry report" finding, opinion, statement or conclusion.

656-660.   BMS Group denies the allegations in Paragraph 656 through 660 of the AMCC that pertain to it.  To the extent the allegations in Paragraphs 656 through 660 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

661.   BMS Group denies the allegations in Paragraph 661 of the AMCC that pertain to it.  To the extent the allegations in Paragraphs 661 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the allegations in Paragraph 661 of the AMCC state a legal conclusion, no response is required.

662-678.   BMS Group denies the allegations in Paragraphs 662 through 678 of the AMCC and its subparts that pertain to it.  To the extent the allegations in Paragraphs 662 through 678 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than

22

BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the allegations in Paragraph 662 through 678 of the AMCC state a legal conclusion, no response is required.

679.    The allegations in Paragraph 679 of the AMCC state legal conclusions to which no response is required. To the extent a response is required, BMS Group denies the allegations in Paragraph 679 of the AMCC.

COUNT III (DECLARATORY RELIEF)

680.    Answering Paragraph 680 of the AMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 679 of the AMCC.

681.    The allegations in Paragraph 681 of the AMCC state legal conclusions to which no response is required. To the extent a response is required, BMS Group denies that Plaintiffs have standing to bring this action, and denies that an actual case and controversy exists. BMS Group denies the remaining allegations in Paragraph 681 of the AMCC.

682-683.    The allegations in Paragraph 681 through 682 of the AMCC state legal conclusions to which no response is required. To the extent a response is required, BMS Group denies the allegations in Paragraphs 682 through 683 of the AMCC.

COUNT IV (CONSUMER PROTECTION STATUTES)

684.    Answering Paragraph 684 of the AMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 683 of the AMCC.

685.    BMS Group admits that Plaintiffs purport to bring this action and to seek relief under Count IV of the AMCC as alleged in Paragraph 685, but BMS Group denies that Plaintiffs are entitled to maintain this action as alleged or to any relief under Count IV. BMS Group denies the remaining allegations in Paragraph 685 of the AMCC.

23

686.    BMS Group denies the allegations in Paragraph 686 of the AMCC, except Bristol-Myers admits that it is incorporated in Delaware; OTN admits that it is a Delaware corporation with its principal place of business in California; and Apothecon admits that it is incorporated in Delaware.   BMS Group admits that certain states have enacted consumer protection laws, but BMS Group denies that it has violated such laws or that Plaintiffs or that any putative class members are entitled to relief under such laws.   To the extent the allegations in Paragraph 686 of the AMCC state legal conclusions, no response is required.

687-691.    BMS Group denies the allegations in Paragraphs 687 through 691 of the AMCC and subparts, and further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraphs 689 and 691 of the AMCC.   To the extent the allegations in Paragraph 687 through 691 of the AMCC state legal conclusions, no response is required.

## COUNT V (CLAYTON ACT – TOGETHER RX)

692.    Answering Paragraph 692 of the AMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 691 of the AMCC.

693-694.    BMS Group denies the allegations in Paragraphs 693 through 694 of the AMCC.

695.    BMS Group denies the allegations in Paragraph 695 of the AMCC, except admits that the Together Card was available to citizens of numerous states, but states that, upon request, this card was provided free of charge to eligible poor, elderly Americans.

696-698.    BMS Group denies the allegations in Paragraphs 696 through 698 of the AMCC.   BMS Group further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 698 of the AMCC.

24

## COUNT VI (SHERMAN ACT)

699.    Answering Paragraph 699 of the AMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 698 of the AMCC.

700-703.    BMS Group denies the allegations in Paragraphs 700 through 703 of the AMCC that pertain to it.  BMS Group further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 703 of the AMCC.  To the extent the allegations in Paragraphs 700 through 703 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

704.    BMS Group denies the allegations in Paragraph 704 of the AMCC.

## COUNT VII (INDIRECT PURCHASER – TOGETHER RX)

705.    Answering Paragraph 705 of the AMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 704 of the AMCC.  BMS Group denies the remaining allegations in Paragraph 705 of the AMCC.

706-708.    BMS Group denies the allegations in Paragraphs 706 through 708 of the AMCC and subparts.

## COUNT VIII (RICO – TOGETHER RX)

709.    Answering Paragraph 709 of the AMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 708 of the AMCC.

710.    BMS Group admits that Plaintiffs purport to bring this action and to seek relief under Count VIII of the AMCC as alleged in Paragraph 710, but BMS Group denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against BMS Group under Count VIII.

711.    The allegations in Paragraph 711 state legal conclusions to which no response is required. To the extent a response is required, BMS Group denies the allegations in Paragraph 711 of the AMCC.

712-717.    BMS Group denies the allegations in Paragraphs 713 through 717 of the AMCC that pertain to it, except it admits that it is a participant in the Together Card Program.

718-719.    BMS Group denies the allegations in Paragraphs 718 though 719 of the AMCC and subparts that pertain to it. To the extent the allegations in Paragraphs 718 through 719 of the AMCC and subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

720-725.    BMS Group denies the allegations in Paragraphs 720 through 725 of the AMCC. BMS Group further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 724 of the AMCC.

## COUNT IX (CIVIL CONSPIRACY – PBMs)

726.    Answering Paragraph 726 of the AMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 725 of the AMCC.

727.    BMS Group admits that Plaintiff CMHV purports to bring this action as alleged in Paragraph 727 of the AMCC, but BMS Group denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative. BMS Group is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 727 of the AMCC. To the extent the allegations in Paragraph 727 of the AMCC state a legal conclusion, no response is required.

26

728.    BMS Group denies the allegations in Paragraph 728 and 728(g) of the AMCC. To the extent the allegations in Paragraph 728 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the allegations in Paragraph 728 of the AMCC state legal conclusions, no response is required.

729-731.    BMS Group denies the allegations in Paragraphs 729 through 731 of the AMCC that pertain to it.  To the extent the allegations in Paragraphs 729 through 731 of the AMCC and subparts refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the allegations in Paragraph 727 through 731 of the AMCC state legal conclusions, no response is required.

732-733.    To the extent the allegations in Paragraph 732 through 733 of the AMCC state legal conclusions, no response is required.  BMS Group denies the remaining allegations in Paragraphs 732 through 733 of the AMCC.  Furthermore, BMS Group denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 733 of the AMCC.

### COUNT X (CIVIL CONSPIRACY - TOGETHER RX)

734.    Answering Paragraph 734 of the AMCC, BMS Group refers to and incorporates its responses to the allegations in Paragraphs 1 through 733 of the AMCC.

735.    BMS Group admits that Plaintiff CMHV purports to bring this action as alleged in Paragraph 735 of the AMCC, but BMS Group denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  BMS Group is

27

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 735 of the AMCC.

736-741.        BMS Group denies the allegations in Paragraphs 736 through 741 of the AMCC.

## DEFENSES

Without assuming any burden of proof or burden of going forward not required by law, BMS Group alleges the following defenses:

### First Defense

Plaintiffs and the putative class fail to state a claim against BMS Group upon which relief may be granted.

### Second Defense

Plaintiffs and the putative class lack standing to bring their claims.

### Third Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Fourth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the filed rate doctrine.

### Fifth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the state action doctrine.

### Sixth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged

statements or conduct by BMS Group in judicial, legislative or administrative proceedings of any kind or at any level of government.

### Seventh Defense

Plaintiffs and the putative class' claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Eighth Defense

Plaintiffs' and the putative class' claims against BMS Group are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Ninth Defense

Any and all actions taken by BMS Group with respect to any of the matters alleged in the AMCC were taken in good faith and in accordance with established industry practice.

### Tenth Defense

BMS Group's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

### Eleventh Defense

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against BMS Group, they are not entitled to such relief because they have an adequate remedy at law.

### Twelfth Defense

Plaintiffs' and the putative class' claims against BMS Group for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Thirteenth Defense

Plaintiffs' and the putative class' claims against BMS Group are barred, in whole or in part, due to their failure to join indispensable parties.

### Fourteenth Defense

Plaintiffs' and the putative class' claims against BMS Group are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the AMCC.

### Fifteenth Defense

BMS Group adopts by reference any additional applicable defense pled by any other Defendant not otherwise pled herein.

WHEREFORE, BMS Group prays that this Court:

1.     Dismiss the Amended Master Consolidated Class Action Complaint with prejudice and enter judgment in favor of BMS Group and against Plaintiffs;

2.     Award BMS Group its costs and expenses; and

3.     Grant such other and further relief for BMS Group as this Court deems just and proper.


Dated: April 9, 2004


Steven M. Edwards, Esq. (admitted *pro hac vice*)
Lyndon M. Tretter, Esq. (admitted *pro hac vice*)
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

Thomas Dwyer, Esq.
DWYER & COLLORA, LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2211

*Attorneys for Defendants Bristol-Myers Squibb Company, Oncology Therapeutics Network Corporation, and Apothecon, Incorporated*

31

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2004, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

Steven M. Edwards

32