# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) | JUDGE PATTI B. SARIS |

## ANSWER OF B. BRAUN OF AMERICA INC. TO INTERVENORS' AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT

## I.    INTRODUCTION[1]

1.    B. Braun of America Inc. ("BBA") admits the allegations contained in Paragraph 1 of the Intervenors' Amended Master Consolidated Class Action Complaint ("AMCC").

---

[1]    In footnote 1 of the Intervenors' AMCC, they allege that a "typo" in the Master Consolidated Class Action Complaint and Amended Master Consolidated Class Action Complaint limited the claims brought in Count I to Medicare Part B Drugs only and that Count I should be read to relate to "all AWPIDs in Appendix A in any fashion they were sold in the distribution chain outside of the PBM context." BBA denies that the limitation in the Master Consolidated Class Action Complaint and the Amended Master Consolidated Class Action Complaint can be amended through an unsupported claim that it was unintentional. Because Count I was dismissed in its entirety pursuant to the Court's Memorandum and Order of February 24, 2004, the issue is moot. Nonetheless, BBA denies the accuracy of this footnote and the plaintiffs' attempted reconstruction of Count I.

2.     The allegations contained in Paragraph 2 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 2 of the AMCC as they relate to defendants other than BBA or to other non-parties.

3.     The allegations contained in Paragraph 3 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 3 of the AMCC as they relate to defendants other than BBA or to other non-parties.

4.     BBA admits the allegation contained in the first sentence of Paragraph 4 of the AMCC that drugs reimbursed by Medicare Part B generally, but do not always, require administration in a provider's office.  BBA further admits the allegation contained in the first sentence of Paragraph 4 of the AMCC that providers who administer Medicare Part B covered drugs may be eligible for reimbursement from Medicare.  All remaining allegations in the first sentence of Paragraph 4 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining allegations contained in the first sentence of Paragraph 4 as they relate to defendants other than BBA or to other non-parties.  All other allegations contained in Paragraph 4 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 4 of the AMCC as they relate to defendants other than BBA or to other non-parties.

5.     BBA admits the allegations contained in the first sentence of Paragraph 5 of the AMCC.  BBA is without sufficient knowledge or information so as to form a belief as to the

2

truth or falsity of the specific allegations contained in the second sentence of Paragraph 5 of the AMCC. All other allegations contained in Paragraph 5 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of all other allegations contained in Paragraph 5 of the AMCC as they relate to defendants other than BBA or to other non-parties.

6-7.   The allegations contained in Paragraphs 6-7 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 6-7 of the AMCC as they relate to defendants other than BBA or to other non-parties.

8-10.   BBA has been excluded as a defendant from any allegations set forth in Paragraphs 8-10. Therefore, Paragraphs 8-10 of the AMCC does not state any allegations against BBA. Nonetheless, all allegations contained in Paragraphs 8-10 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 8-10 of the AMCC as they relate to defendants other than BBA or to other non-parties.

11.   BBA admits that plaintiffs have attached a list of the specific drugs that are the subject of the claims in their AMCC and that said list is attached as Exhibit A to the AMCC. BBA admits that plaintiffs have attached as Exhibit B to the AMCC a list specifying which of the drugs that are the subject of the plaintiffs' claims allegedly were purchased by each plaintiff. BBA denies the accuracy of the information contained in Exhibits A and B to the AMCC as they relate to BBA. All other allegations contained in Paragraph 11 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth

3

or falsity of the specific allegations contained in Paragraph 11 of the AMCC as they relate to defendants other than BBA or to other products.

12.     BBA admits that the plaintiffs' claim in Count I has been brought under 18 U.S.C. § 1962(c).  Count I has been dismissed in its entirety by the Court's Memorandum and Order dated February 24, 2004.  Nonetheless, all other allegations contained in Paragraph 12 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 12 of the AMCC as they relate to defendants other than BBA or to other non-parties.

13.     BBA admits that the plaintiffs' claim in Count II has been brought under 18 U.S.C. § 1962(c).  All other allegations contained in Paragraph 13 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 13 of the AMCC as they relate to defendants other than BBA or to other non-parties.

14.     BBA admits that the plaintiffs' claim in Count III has been brought for declaratory judgment pursuant to 28 U.S.C. § § 2201, 2002.  All other allegations contained in Paragraph 14 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 14 of the AMCC as they relate to defendants other than BBA or to other non-parties.

15.     BBA admits that the plaintiffs' claims in Count IV have been brought pursuant to the statutes identified in Paragraph 686 of the AMCC.  All other allegations contained in Paragraph 15 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or

4

information so as to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 15 of the AMCC as they relate to defendants other than BBA or to other non-parties.

16.     BBA admits that the plaintiffs' claim in Count V has been brought under Section 16 of the Clayton Act. However, BBA has been excluded as a defendant from any allegations set forth in Paragraph 16. Therefore, Paragraph 16 of the AMCC does not state any allegations against BBA. Nonetheless, all allegations contained in Paragraph 16 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 16 of the AMCC as they relate to defendants other than BBA or to other non-parties.

17.     BBA admits that the plaintiffs' claim in Count VI has been brought pursuant to Section 1 of the Sherman Act. However, BBA has been excluded as a defendant from any allegations set forth in Paragraph 17. Therefore, Paragraph 17 of the AMCC does not state any allegations against BBA. Nonetheless, all allegations contained in Paragraph 17 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 17 of the AMCC as they relate to defendants other than BBA or to other non-parties.

18.     BBA admits that the plaintiffs' claims in Count VII have been brought pursuant to the statutes identified in Paragraph 706 of the AMCC. However, BBA has been excluded as a defendant from any allegations set forth in Paragraph 18. Therefore, Paragraph 18 of the AMCC does not state any allegations against BBA. Nonetheless, all allegations contained in Paragraph 18 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so

as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 18 of the AMCC as they relate to defendants other than BBA or to other non-parties.

19.    BBA admits that the plaintiffs' claim in Count VIII has been brought under 18 U.S.C. § 1962(C)-(D).  However, BBA has been excluded as a defendant from any allegations set forth in Paragraph 19.  Therefore, Paragraph 19 of the AMCC does not state any allegations against BBA.  Nonetheless, all allegations contained in Paragraph 19 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 19 of the AMCC as they relate to defendants other than BBA or to other non-parties.

20.    BBA admits that the plaintiffs' claim in Count IX has been brought for civil conspiracy.  All other allegations contained in Paragraph 20 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 20 of the AMCC as they relate to defendants other than BBA or to other non-parties.

21.    BBA admits that the plaintiffs' claim in Count X has been brought for civil conspiracy.  However, BBA has been excluded as a defendant from any allegations set forth in Paragraph 21.  Therefore, Paragraph 21 of the AMCC does not state any allegations against BBA.  Nonetheless, all allegations contained in Paragraph 21 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 21 of the AMCC as they relate to defendants other than BBA or to other non-parties.

## II.    JURISDICTION AND VENUE

22-24.   The allegations contained in Paragraphs 22-24 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 22-24 of the AMCC as they relate to defendants other than BBA.

25.   BBA admits the allegations contained in Paragraph 25 of the AMCC.

## III.   PARTIES

### A.   Plaintiffs

26.   The allegations contained in the fourth and fifth sentences of Paragraph 26 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the fourth and fifth sentences of Paragraph 26 of the AMCC as they relate to parties other than BBA or to other non-parties. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of all other allegations contained in Paragraph 26 of the AMCC.

27.   The allegations contained in the fifth, sixth, and seventh sentences of Paragraph 27 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the fifth, sixth, and seventh sentences of Paragraph 27 of the AMCC as they relate to parties other than BBA or to other non-parties. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of all other allegations contained in Paragraph 27 of the AMCC.

28.   The allegations contained in the fifth, sixth, and seventh sentences of Paragraph 28 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the fifth, sixth,

and seventh sentences of Paragraph 28 of the AMCC as they relate to parties other than BBA or to other non-parties. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of all other allegations contained in Paragraph 28 of the AMCC.

29.     The allegations contained in the third, fourth, and fifth sentences of Paragraph 29 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the third, fourth, and fifth sentences of Paragraph 29 of the AMCC as they relate to parties other than BBA or to other non-parties. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of all other allegations contained in Paragraph 29 of the AMCC.

30.     The allegations contained in the fourth and fifth sentences of Paragraph 30 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the fourth and fifth sentences of Paragraph 30 of the AMCC as they relate to parties other than BBA or to other non-parties. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of all other allegations contained in Paragraph 30 of the AMCC.

31.     The allegations contained in the fourth sentence of Paragraph 31 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the fourth sentence of Paragraph 31 of the AMCC as they relate to parties other than BBA or to other non-parties. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of all other allegations contained in Paragraph 31 of the AMCC.

32.     The allegations contained in the third and fifth sentences of Paragraph 32 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the third and fifth sentences of Paragraph 32 of the AMCC as they relate to parties other than BBA or to other non-parties.  BBA admits the allegations contained in the sixth sentence of Paragraph 32 of the AMCC.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of all other allegations contained in Paragraph 32 of the AMCC.

33.     The allegations contained in the third and fifth sentences of Paragraph 33 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the third and fifth sentences of Paragraph 33 of the AMCC as they relate to parties other than BBA or to other non-parties.  BBA admits the allegations contained in the sixth sentence of Paragraph 33 of the AMCC.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of all other allegations contained in Paragraph 33 of the AMCC.

34.     The allegations contained in the third and fifth sentences of Paragraph 34 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the third and fifth sentences of Paragraph 34 of the AMCC as they relate to parties other than BBA or to other non-parties.  BBA admits the allegations contained in the sixth sentence of Paragraph 34 of the AMCC.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of all other allegations contained in Paragraph 34 of the AMCC.

35.     The allegations contained in the third and fifth sentences of Paragraph 35 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the third and fifth sentences of Paragraph 35 of the AMCC as they relate to parties other than BBA or to other non-parties. BBA admits the allegations contained in the sixth sentence of Paragraph 35 of the AMCC. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of all other allegations contained in Paragraph 35 of the AMCC.

36.     The allegations contained in the third and fifth sentences of Paragraph 36 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the third and fifth sentences of Paragraph 36 of the AMCC as they relate to parties other than BBA or to other non-parties. BBA admits the allegations contained in the sixth sentence of Paragraph 36 of the AMCC. BBA has been excluded as a defendant from any allegations set forth relating to Together Rx. Nonetheless, the allegations contained in Paragraphs 36(a) and 36(b) are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 36(a) and 36(b) of the AMCC as they relate to defendants other than BBA. The allegations contained in Paragraph 36(c) of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 36(c) as they relate to defendants other than BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of all other allegations contained in Paragraph 36 of the AMCC.

**B.     Defendants**

37-38.     The allegations contained in Paragraphs 37-38 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 37-38 of the AMCC as they relate to defendants other than BBA or to other non-parties.

### 1.     Abbott

39- 41.     BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 39-41 of the AMCC. These allegations are directed at another defendant.

### 2.     Amgen

42- 43.     BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 42-43 of the AMCC. These allegations are directed at another defendant.

### 3.     AstraZeneca

44-50.     BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 44-50 of the AMCC. These allegations are directed at another defendant.

### 4.     The Aventis Group (Aventis, Pharma, Hoechst and Behring)

51-56.     BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 51-56 of the AMCC. These allegations are directed at another defendant.

### 5.     Baxter

57-60.   BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 57-60 of the AMCC. These allegations are directed at another defendant.

### 6.   Bayer

61-63.   BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 61-63 of the AMCC. These allegations are directed at another defendant.

### 7.   The Boehringer Group (Boehringer, Ben Venue, Bedford)

64-67.   BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 64-67 of the AMCC. These allegations are directed at another defendant.

### 8.   Braun

68.   The allegations contained in the first sentence of Paragraph 68 of the AMCC are admitted as to BBA.  BBA denies the remaining allegations contained in Paragraph 68 of the AMCC.

69.   BBA admits that McGaw, Inc. was a Delaware corporation with its principal place of business in Irvine, California, and that McGaw, Inc. was in the business of manufacturing and distributing intravenous solutions.  BBA admits that McGaw, Inc. was acquired in 1997 and merged into a corporate entity separate from BBA.  BBA admits that B. Braun Medical Inc. designs, manufactures, and markets medical devices, certain intravenous solutions, and some prescription pharmaceuticals.  BBA denies the allegation contained in the fifth sentence of Paragraph 69 of the AMCC that BBA, B. Braun Medical Inc., and McGaw, Inc.

12

may be treated or referred to as a collective entity.  BBA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in the seventh sentence of Paragraph 69 of the AMCC that prescription pharmaceuticals manufactured by B. Braun Medical Inc. are distributed by Medicare Plan B providers nationwide.   All remaining allegations contained in Paragraph 69 of the AMCC are denied as to BBA.

70.     BBA admits that B. Braun Medical Inc. manufactures intravenous solutions of dextrose, dextrose sodium chloride, and sodium chloride and that these solutions may be covered drugs under Medicare Part B in certain circumstances.  All remaining allegations contained in Paragraph 70 of the AMCC are denied as to BBA.

### 9.     The BMS Group (Oncology Therapeutics; Apothecon)

71-78. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 71-77 of the AMCC. These allegations are directed at another defendant.

### 10.     Dev, Inc.

79-83. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 79-83 of the AMCC. These allegations are directed at another defendant.

### 11.     The Fujisawa Group (Fujisawa Healthcare, Fujisawa USA)

84-86.        BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 84-86 of the AMCC. These allegations are directed at another defendant.

### 12.    The GSK Group (GlaxoSmithKline, SmithKline Beecham, Glaxo Wellcome)

87-93.        BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 87-93 of the AMCC. These allegations are directed at another defendant.

### 13.    Hoffman-laRoche, Inc.

94-96.        BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 94-96 of the AMCC. These allegations are directed at another defendant.

### 14.    Immunex

97-99.        BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 97-99 of the AMCC. These allegations are directed at another defendant.

### 15.    The Johnson & Johnson Group (J&J, Centocor, Janssen, McNeil, Ortho)

100-106.        BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 100-106 of the AMCC. These allegations are directed at another defendant.

### 16.    Novartis

107-108.        BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 107-108 of the AMCC. These allegations are directed at another defendant.

### 17.    Pfizer, Inc.

109-111.    BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 109-111 of the AMCC. These allegations are directed at another defendant.

### 18.    The Pharmacia Group (Pharmacia and Pharmacia & Upjohn)

112-115.    BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 112-115 of the AMCC. These allegations are directed at another defendant.

### 19.    The Schering-Plough Group (Schering Plough & Warrick)

116-119.    BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 116-119 of the AMCC. These allegations are directed at another defendant.

### 20.    The Sicor Group (Sicor and Gensia)

120-124.    BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 120-124 of the AMCC. These allegations are directed at another defendant.

### 21.    TAP

125-128.    BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 125-128 of the AMCC. These allegations are directed at another defendant.

### 22.    **Watson**

129-130.    BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 129-130 of the AMCC.  These allegations are directed at another defendant.

### 23.    **Together Rx**

131.    BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 131 of the AMCC.  These allegations are directed at another defendant.

## IV.    GENERAL ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

132.    The allegations contained in Paragraph 132 are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 132 as they relate to defendants other than BBA.

### A.    The AWP System

133.    BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the first sentence of Paragraph 133 of the AMCC.  The remaining allegations contained in Paragraph 133 of the AMCC are admitted as to BBA.

134.    BBA admits that some providers may submit claims for reimbursement in certain circumstances, seeking payment for prescription drugs from Medicare, insurers, and patients, among others.  All remaining allegations contained in Paragraph 134 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the

truth or falsity of the remaining allegations contained in Paragraph 134 of the AMCC as they relate to defendants other than BBA or to other non-parties.

135.    The allegations contained in Paragraph 135 of the AMCC are admitted.

136.    The allegations contained in the first and fourth sentences of Paragraph 136 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the first and fourth sentences of Paragraph 136 of the AMCC as they relate to defendants other than BBA or to other non-parties.  BBA admits that the Foreward to the 1999 edition of the *Red Book* states, in part, that "[a]ll pricing information in both *Red Book* and the *Updates* is supplied and verified by the products' manufacturers.  We believe it to be as timely and accurate as possible.  Nevertheless, please note that *Red Book* conducts no independent review, and therefore cannot guarantee the accuracy of these prices."   All remaining allegations contained in the second sentence of Paragraph 136 of the AMCC are denied.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the third sentence of Paragraph 136 of the AMCC as they relate to defendants other than BBA or to other non-parties.  BBA admits that a June 2001 article in BARRON'S magazine includes the following statement: "Phil Southerd, associate product manager of the *Red Book*, says it publishes prices that are faxed right from the manufacturers."   BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the excerpted statement.  All remaining allegations contained in the third sentence of Paragraph 136 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining allegations contained in the third sentence of Paragraph 136 of the AMCC as they relate to defendants other than BBA or to other non-parties.

17

137-141.    The allegations contained in Paragraphs 137-141 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 137-141 of the AMCC as they relate to defendants other than BBA or to other non-parties.

**B.**    **The Defendant Drug Manufacturers Commit AWP Fraud to Increase Market Share For Their Drugs Covered by Medicare Part B**

   **1.**    **The Medicare Insurance Program**

142-143.    The allegations contained in Paragraphs 142-143 of the AMCC are admitted as to BBA.

144.    BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 144 of the AMCC.

145.    BBA admits that, pursuant to 56 FR 59502, 59621, effective January 1, 1992, 42 C.F.R. § 405.517(b) stated, in part, that "[p]ayment for a drug described in paragraph (a) of this section is based on the lower of the estimated acquisition cost or the national average wholesale price of the drug." BBA further admits that, pursuant to 56 FR 59502, 59621, effective January 1, 1992, 42 C.F.R. § 405.517(c) stated that, "[f]or multiple-source drugs, payment is based on the lower of the estimated acquisition cost described in paragraph (b) of this section or the wholesale price that, for this purpose, is defined as the median price for all sources of the generic form of the drug." BBA admits that 56 FR 59502, 59621 was published in the Federal Register on November 25, 1991. The remaining allegations contained in Paragraph 145 of the AMCC are denied.

146.   BBA admits that, pursuant to 56 FR 59502, 59621, effective January 1, 1992, 42 C.F.R. § 405.517(b) stated, in part, that "[t]he estimated acquisition cost is determined based on surveys of the actual invoice prices paid for the drug.  In calculating the estimated acquisition cost of a drug, the carrier may consider factors such as inventory, waste, and spoilage."  The remaining allegations contained in the first sentence of Paragraph 146 of the AMCC are denied. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the second sentence of Paragraph 146 of the AMCC.

147.   BBA admits that, pursuant to 63 FR 58814, 58905, 42 C.F.R. § 405.517 was amended, effective January 1, 1999.  BBA admits that, as amended, 42 C.F.R. § 405.517(b) states, in part, that "[p]ayment for a drug or biological . . . is based on the lower of the actual charge on the Medicare claim for benefits or 95 percent of the national average wholesale price of the drug or biological."  BBA further admits that, as amended, 42 C.F.R. § 405.517(c) states that "[f]or multiple-source drugs and biologicals, for purposes of this regulation, the average wholesale price is defined as the lesser of the median average wholesale price for all sources of the generic forms of the drug or biological or the lowest average wholesale price of the brand name forms of the drug or biological."  All remaining allegations contained in Paragraph 147 of the AMCC are denied.

148.   The allegations contained in the first sentence of Paragraph 148 of the AMCC are denied.  BBA admits that Program Memorandum AB-99-63, dated September 1, 1999, reissued Program Memorandum AB-98-76, dated December 1, 1998.  BBA admits that Program Memorandum AB-98-76 states, in part, that "[d]rugs and biologicals not paid on a cost or prospective payment basis are paid based on the lower of the billed charge or 95 percent of the

19

AWP as reflected in sources such as the *Red Book, Blue Book*, or *Medispan*." All remaining allegations contained in Paragraph 148 of the AMCC are denied.

149.   BBA admits that Program Memorandum AB-99-63, dated September 1, 1999, reissued Program Memorandum AB-98-76, dated December 1, 1998. BBA admits that Program Memorandum AB-98-76 states, in part, that "[f]or a single-source drug or biological, the AWP equals the AWP of the single product." BBA admits that Program Memorandum AB-98-76 also states, in part, that "[f]or a multi-source drug or biological, the AWP is equal to the lesser of the median AWP of all of the generic forms of the drug or biological or the lowest brand name product AWP." All remaining allegations contained in Paragraph 149 of the AMCC are denied.

150.   BBA admits that Medicare may, in some instances, pay medical providers for administering a covered drug. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of Medicare's specific relationships with beneficiaries and providers. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining specific allegations contained in Paragraph 150 of the AMCC.

151.   The allegations contained in Paragraph 151 of the AMCC are admitted.

152.   The allegations contained in the first sentence of Paragraph 152 of the AMCC are denied. BBA admits that there are no federal regulations defining "average wholesale price" or establishing the manner in which AWPs must be calculated. BBA admits that it does not report AWPs for any products to the federal government. The remaining allegations contained in Paragraph 152 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining specific allegations

contained in Paragraph 152 of the AMCC as they relate to defendants other than BBA or to other non-parties.

153.   BBA admits that the Office of the Inspector General issued a "Compliance Program Guidance for Pharmaceutical Manufacturers" in April 2003 and that this Guidance includes the portions excerpted in Paragraph 153 of the AMCC.   The remaining allegations contained in Paragraph 153 of the AMCC are denied.

154.   BBA admits that the Office of the Inspector General issued a "Compliance Program Guidance for Pharmaceutical Manufacturers" in April 2003 and that this Guidance includes the portion excerpted in Paragraph 153 of the AMCC, with emphasis added by the plaintiffs.   BBA denies that any claims have been brought against it under the anti-kickback statute.   BBA further denies that the exerpt included in Paragraph 153 of the AMCC is an allegation of fact referencing or relating to BBA.   Nonetheless, the allegations contained in Paragraph 153 of the AMCC are denied as to BBA.   BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 153 of the AMCC as they relate to defendants other than BBA.

### 2.   Congressional and Other Federal Investigations and Actions

155.   BBA admits that the United States Department of Justice, the United States General Accounting Office, and the Office of the Inspector General at the United States Department of HHS have conducted inquiries relating to the government's payment to providers for the administration of certain pharmaceuticals.   BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining specific allegations contained in Paragraph 155 of the AMCC.

156.    BBA admits that Congressman Fortney Pete Stark of California, who was a member of the Subcommittee on Health under the Committee on Ways and Means in the United States House of Representatives, wrote a letter, dated September 28, 2000, to Alan F. Holmer, who was serving as the President of the Pharmaceutical Research and Manufacturers of America. BBA admits that this letter includes the sentence excerpted in Paragraph 156 of the AMCC. BBA denies that this letter references or relates to BBA in any way. The remaining allegations contained in Paragraph 156 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining specific allegations contained in Paragraph 156 of the AMCC as they relate to defendants other than BBA.

157.    BBA admits that Congressman Fortney Pete Stark of California, who was a ranking member of the Subcommittee on Health under the Committee on Ways and Means in the United States House of Representatives, wrote a letter, dated September 28, 2000, to Alan F. Holmer, who was serving as the President of the Pharmaceutical Research and Manufacturers of America. BBA admits that this letter includes the portion excerpted in Paragraph 157 of the AMCC. BBA denies that this letter references or relates to BBA in any way. The remaining allegations contained in Paragraph 157 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining specific allegations contained in Paragraph 157 of the AMCC as they relate to defendants other than BBA.

158.    BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 158 of the AMCC.

### 3.   Certain of the Defendants Drug Manufacturers' Fraudulent Conduct Within the Medicare Part B Program

159.   The allegations contained in Paragraph 159 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 159 of the AMCC as they relate to defendants other than BBA.

#### a.   Artificially Inflating AWPs

160.   BBA admits that, at times, McGaw, Inc. or B. Braun Medical Inc. may have provided certain information to pharmaceutical compendia. The remaining allegations contained in Paragraph 160 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 160 of the AMCC as they relate to defendants other than BBA or to other non-parties.

161-163.   The allegations contained in Paragraphs 161-163 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 161-163 of the AMCC as they relate to defendants other than BBA or to other non-parties.

#### b.   Improper Use of Free Samples

164-166.   The allegations contained in Paragraphs 164-166 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 164-166 of the AMCC as they relate to defendants other than BBA or to other non-parties.

#### c.   Other Hidden and Improper Inducements and Price Reductions

23

167.     The allegations contained in Paragraph 167 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 167 of the AMCC as they relate to defendants other than BBA or to other non-parties.

## C.     The Defendant Drug Manufacturers' Use of AWP Fraud to Increase and Maintain the Price of Drugs Outside of the Medicare Part B Context

168.     The allegations contained in Paragraph 168 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 168 of the AMCC as they relate to defendants other than BBA or to other non-parties.

169-170.      BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 169-170 of the AMCC.

171-173.      The allegations contained in Paragraphs 171-173 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 171-173 of the AMCC as they relate to defendants other than BBA or to other non-parties.

174-175.      BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 174-175 of the AMCC.

176-177.      The allegations contained in Paragraphs 176-177 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the

truth or falsity of the specific allegations contained in Paragraphs 176-177 of the AMCC as they relate to defendants other than BBA or to other non-parties.

178.   The allegations contained in the first sentence of Paragraph 178 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the first sentence of Paragraph 178 of the AMCC as they relate to defendants other than BBA or to other non-parties.  BBA admits that the WALL STREET JOURNAL published an article on March 31, 2003 that discussed, in part, the alleged AWP of fluoxetine, a generic form of Prozac, as well as the prices at which Express Scripts, Inc. allegedly buys and sells the product.  BBA denies that the plaintiffs have accurately represented the content of that article.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the article cited in Paragraph 178 of the AMCC.  BBA denies that the article references or relates to BBA in any way.  The remaining allegations contained in Paragraph 178 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining specific allegations contained in Paragraph 178 of the AMCC as they relate to defendants other than BBA or to other non-parties.

### D.   The Defendant Drug Manufacturers' Use of AWP Fraud to Increase and Maintain Volume and Market Share for Generic and Multi-Source Drugs

179.   The allegations contained in Paragraph 179 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 179 of the AMCC as they relate to defendants other than BBA.

180. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 180 of the AMCC.

181. BBA admits that CMS publishes a MAC price list for some, but not all, multi-source products. The allegations contained in the second sentence of Paragraph 181 of the AMCC are denied. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 181 of the AMCC.

182. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 182 of the AMCC.

183. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the first sentence of Paragraph 183 of the AMCC. The remaining allegations contained in Paragraph 183 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 183 of the AMCC as they relate to defendants other than BBA or to other non-parties.

184. BBA admits that Program Memorandum AB-99-63, dated September 1, 1999, reissued Program Memorandum AB-98-76, dated December 1, 1998. BBA admits that Program Memorandum AB-98-76 states, in part, that "[d]rugs and biologicals not paid on a cost or prospective payment basis are paid based on the lower of the billed charge or 95 percent of the AWP as reflected in sources such as the *Red Book, Blue Book,* or *Medispan.*" BBA admits that Program Memorandum AB-98-76 states, in part, that "[f]or a multi-source drug or biological, the AWP is equal to the lesser of the median AWP of all of the generic forms of the drug or biological or the lowest brand name product AWP." All remaining allegations contained in the

26

first and second sentences of Paragraph 184 of the AMCC are denied. The allegations contained in the third sentence of Paragraph 184 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in the third sentence of Paragraph 184 of the AMCC as they relate to defendants other than BBA.

185. The plaintiffs have failed to identify the source of the alleged quote from an "industry consultant" contained in Paragraph 185 of the AMCC. As a result, BBA cannot form a belief as to the accuracy of the alleged quotation. Nonetheless, the allegations contained in Paragraph 185 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 185 of the AMCC as they relate to defendants other than BBA.

186. The allegations contained in the first sentence of Paragraph 186 of the AMCC are denied. The allegation contained in the third sentence of Paragraph 186 of the AMCC that any one generic manufacturer can affect the median AWP for a given product is denied. The remaining allegations contained in Paragraph 186 are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 186 of the AMCC as they relate to defendants other than BBA.

187. The sources for the chart attached to Paragraph 187 are not sufficiently indicated to allow BBA to form a belief as to the truth or falsity of the information contained therein as it relates to BBA. Nonetheless, the allegations contained in both Paragraph 187 of the AMCC and the attached chart are denied as to BBA. BBA is without sufficient knowledge or information so

27

as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 187 of the AMCC or the attached chart as they relate to defendants other than BBA.

188. The allegations contained in Paragraph 188 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 188 of the AMCC as they relate to defendants other than BBA.

189. BBA is not a party to the litigation identified in Paragraph 189 of the AMCC and lacks sufficient information to verify the accuracy of the plaintiffs' "summary" of the allegations allegedly contained in the complaint in that litigation. Nonetheless, the allegations contained in Paragraph 189 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 189 of the AMCC as they relate to defendants other than BBA or to other non-parties.

190. Paragraph 190 of the AMCC contains no allegations of fact. Nonetheless, the allegations contained in Paragraph 190 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 190 of the AMCC as they relate to defendants other than BBA.

E.      **Defendants' Concealment of the Truth**

191. The allegations contained in Paragraph 191 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 191 of the AMCC as they relate to defendants other than BBA.

192. BBA admits that the CMS Health Care Industry Market Update dated January 10, 2003, states, in part, "[w]hile PBMs have undoubtedly played an important role in containing drug costs, actual cost-savings data is difficult to collect because price discounts are closely guarded as competitive information." BBA denies the allegation that this excerpt relates to the conduct of drug manufacturers rather than PBMs. BBA admits that B. Braun Medical Inc. considers or considered certain pricing information for their products to be competitively sensitive. The remaining allegations contained in Paragraph 192 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining specific allegations contained in Paragraph 192 of the AMCC as they relate to defendants other than BBA.

193. The allegations contained in Paragraph 193 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 193 of the AMCC as they relate to defendants other than BBA.

194-197. The allegations contained in Paragraphs 194-197 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 194-197 of the AMCC as they relate to defendants other than BBA.

## F.   Tolling of Applicable Statutes of Limitation

198-199. The allegations contained in Paragraphs 198-199 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the

truth or falsity of the specific allegations contained in Paragraphs 198-199 of the AMCC as they relate to defendants other than BBA.

## V.   EXAMPLES OF SPECIFIC UNLAWFUL CONDUCT

200.   The allegations contained in Paragraph 200 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 200 of the AMCC as they relate to defendants other than BBA.

### A.   Abbott

201-216.   BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 201-216 of the AMCC. These allegations are directed at another defendant.

### B.   Amgen

217-230.   BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 217-230 of the AMCC. These allegations are directed at another defendant.

### C.   AstraZeneca

231-249.   BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 231-249 of the AMCC. These allegations are directed at another defendant.

### D.     The Aventis Group (Aventis, Pharma, Hoechst and Behring)

250-271.        BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 250-271 of the AMCC. These allegations are directed at another defendant.

### E.     Baxter

272-285.        BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 272-285 of the AMCC. These allegations are directed at another defendant.

### F.     Bayer

286-301.        BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 286-301 of the AMCC. These allegations are directed at another defendant.

### G.     The Boehringer Group

302-313.        BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 302-313 of the AMCC. These allegations are directed at another defendant.

### H.     B. Braun

314.    BBA admits that B. Braun Medical Inc. manufactures dextrose, dextrose in lactated ringers, dextrose with sodium chloride, heparin sodium (porcine) in d5w, sodium chloride, and sodium chloride (gu irrigant). BBA admits that the plaintiffs have identified dextrose, dextrose in lactated ringers, dextrose with sodium chloride, heparin sodium (porcine) in d5w, sodium chloride, and sodium chloride (gu irrigant) as the products allegedly manufactured

31

by BBA that are the subject of the plaintiffs' claims against BBA.  BBA denies the remaining allegations contained in Paragraph 314 of the AMCC.

### 1.    B. Braun Has Been the Target of Government Investigations

315.    The allegations contained in Paragraph 315 of the AMCC are denied as to BBA. BBA admits that certain governmental agencies have made an inquiry relating to the government's payment for certain drugs, including certain drugs manufactured by B. Braun Medical Inc. or McGaw, Inc.

### 2.    B. Braun's Understanding of AWP

316.    The allegations contained in Paragraph 316 of the AMCC are denied.  Further, the document cited in Paragraph 316 was produced, not by BBA, but by B. Braun Medical Inc., which has been dismissed as a defendant in this litigation.  The document cited in Paragraph 316 of the AMCC and produced by B. Braun Medical Inc., identified by Bates number BBMDL 001907, speaks for itself.  BBA denies the accuracy both of the alleged excerpt from this document in Paragraph 316 and of the plaintiffs' interpretation and characterization of the document.

### 3.    B. Braun Controls the Published AWP for Its Products

317.    The allegations contained in Paragraph 317 of the AMCC are denied.  The documents cited in Paragraph 317 of the AMCC were produced, not by BBA, but by B. Braun Medical Inc., which has been dismissed as a defendant in this litigation.  The documents cited in Paragraph 317 of the AMCC and produced by B. Braun Medical Inc., identified by Bates numbers BBMDL 000013 and BBMDL 013372, speak for themselves.  BBA denies the

32

accuracy both of the alleged excerpts from these documents and of the plaintiffs' interpretation and characterization of these documents in Paragraph 317.

### 4. B. Braun's AWP Manipulation Benefited Providers at the Expense of the Class

318. The allegations contained in Paragraph 318 of the AMCC are denied. The document cited in Paragraph 318 of the AMCC was produced, not by BBA, but by B. Braun Medical Inc., which has been dismissed as a defendant in this litigation. The document cited in Paragraph 318 of the AMCC and produced by B. Braun Medical Inc., identified by Bates number BBMDL 008056, speaks for itself. BBA denies the accuracy both of the alleged excerpt from this document and of the plaintiffs' interpretation and characterization of this excerpt and document in Paragraph 318.

319. The allegations contained in Paragraph 319 of the AMCC are denied. The document cited in Paragraph 319 of the AMCC was produced, not by BBA, but by B. Braun Medical Inc., which has been dismissed as a defendant in this litigation. The document cited in Paragraph 319 of the AMCC and produced by B. Braun Medical Inc., identified by Bates number BBMDL 000011, speaks for itself. BBA denies the accuracy both of the alleged excerpt from this document and of the plaintiffs' interpretation and characterization of this excerpt and document in Paragraph 319.

320. The allegations contained in Paragraph 320 of the AMCC are denied. The documents cited in Paragraph 320 of the AMCC were produced, not by BBA, but by B. Braun

Medical Inc., which has been dismissed as a defendant in this litigation. The documents cited in Paragraph 320 of the AMCC and produced by B. Braun Medical Inc., identified by Bates numbers BBMDL 009658, BBMDL 009763, and BBMDL 001891, speak for themselves. BBA denies the accuracy of the plaintiffs' interpretation and characterization of these documents in Paragraph 320.

321.   BBA admits that B. Braun Medical Inc. from time to time may have provided samples of certain of its drug products and may have provided certain educational grants in compliance with applicable law. The remaining allegations contained in Paragraph 321 of the AMCC are denied.

322.   The allegations contained in Paragraph 322 of the AMCC are denied. The document cited in Paragraph 322 of the AMCC was produced, not by BBA, but by B. Braun Medical Inc., which has been dismissed as a defendant in this litigation. The document cited in Paragraph 322 of the AMCC and produced by B. Braun Medical Inc., identified by Bates number BBMDL 002088, speaks for itself. BBA denies the accuracy of the plaintiffs' interpretation and characterization of this excerpt and document in Paragraph 322.

### 5.   Specific B. Braun AWPs Documented by the DOJ

323.   BBA admits that the Department of Health and Human Services issued Program Memorandum AB-00-86 on September 8, 2000 that related to pharmacetical pricing. BBA further admits that Program Memorandum AB-00-86 was superceded by Program Memorandum AB-00-115, issued by the Department of Health and Human Services on November 17, 2000. The allegation contained in Paragraph 323 of the AMCC that the attachment to Program Memorandum AB-00-86 included references to dextrose, dextrose sodium chloride, and sodium

chloride manufactured by McGaw, Inc., which has not been named as a defendant in this litigation, is admitted. The remaining allegations contained in Paragraph 323 of the AMCC and the attached chart are denied.

### 6.    Inflated AWPs From B. Braun Price Lists

324.    The allegation contained in the first sentence of Paragraph 324 of the AMCC that B. Braun Medical Inc., which has been dismissed as a defendant in this litigation, produced documents in response to subpoenas from the United States Department of Justice, the State of Texas, and the State of California is admitted. The allegation that BBA has produced any documents in response to government subpoenas is denied. The remaining allegations contained in Paragraph 324 of the AMCC and the referenced Table 1 are denied.

325.    The allegations contained in Paragraph 325 of the AMCC are denied. The document cited in Paragraph 325 of the AMCC was produced, not by BBA, but by B. Braun Medical Inc., which has been dismissed as a defendant in this litigation. The document cited in Paragraph 325 of the AMCC and produced by B. Braun Medical Inc., identified by Bates number BBMDL 011831, speaks for itself. None of the cited products are identified as the subject of the plaintiffs' claims against BBA; thus, BBA denies the relevance of this document to this litigation. BBA further denies the accuracy of the plaintiffs' interpretation and characterization of this excerpt and document in Paragraph 325.

326.    The allegations contained in Paragraph 326 of the AMCC are denied.

### I.    The BMS Group (Bristol-Myers, OTN and Apothecon)

327-348.    BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 327-348 of the AMCC. These allegations are directed at another defendant.

**J.    Dey**

349-363.    BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 349-363 of the AMCC. These allegations are directed at another defendant.

**K.    The Fujisawa Group (Fujisawa Pharmaceutical, Fujisawa Healthcarae, Fujisawa USA)**

364-375.    BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 364-375 of the AMCC.

**L.    The GSK Group (GlaxoSmithKline, SmithKline Beecham, Glaxo Wellcome)**

376-416.    BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 376-416 of the AMCC. These allegations are directed at another defendant.

**M.    Hoffman-LaRoche**

417-421.    BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 417-421 of the AMCC. These allegations are directed at another defendant.

**N.    Immunex**

422-435.     BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 422-435 of the AMCC. These allegations are directed at another defendant.

### O.     The Johnson & Johnson Group (J&J, Centocor and Ortho)

436-445.     BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 436-445 of the AMCC. These allegations are directed at another defendant.

### P.     Novartis

446-448.     BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 446-448 of the AMCC. These allegations are directed at another defendant.

### Q.     Pfizer

449-457.     BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 449-457 of the AMCC. These allegations are directed at another defendant.

### R.     The Pharmacia Group (Pharmacia and P&U)

458-475.     BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 458-475 of the AMCC. These allegations are directed at another defendant.

### S.     The Schering-Plough Group (Schering-Plough and Warrick)

476-491.        BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 476-491 of the AMCC. These allegations are directed at another defendant.

### T.    The Sicor Group (Sicor, Gensia and Gensia Sicor)

492-505.        BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 492-505 of the AMCC. These allegations are directed at another defendant.

### U.    TAP

506-524.        BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 506-524 of the AMCC. These allegations are directed at another defendant.

### V.    Warrick

525.    BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 525 of the AMCC. These allegations are directed at another defendant.

### W.    Watson

526-540.        BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 526-540 of the AMCC. These allegations are directed at another defendant.

## VI.    DIRECT DAMAGE SUSTAINED BY PLAINTIFFS AND THE MEMBERS OF THE AWP CLASS

541.   The allegations contained in Paragraph 541 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 541 of the AMCC as they relate to defendants other than BBA or to other non-parties.

## VII.   CERTAIN DEFENDANTS USE AWP TO ENGAGE IN A SCHEME TO FIX PRICES -- THE TOGETHER CARD SCHEME

542-594.   BBA has been excluded from any claims relating to the Together Card. Therefore, Paragraphs 542-594 of the AMCC do not state any allegations against BBA. Nonetheless, all allegations contained in Paragraphs 542-594 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 542-594 of the AMCC as they relate to defendants other than BBA.

## VIII.   CLASS ACTION ALLEGATIONS FOR THE AWP PAYOR SCHEME

595.   BBA admits that the plaintiffs are seeking to bring their claims as class actions and that the purported classes are described in Paragraph 595 of the AMCC. All other allegations contained in Paragraph 595 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 595 of the AMCC as they relate to defendants other than BBA.

596.   BBA admits that the plaintiffs seek to define the class period as January 1, 1991 to the present. BBA denies that this is an appropriate class period.

597-598.    The allegations contained in Paragraphs 597-598 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 597-598 of the AMCC as they relate to defendants other than BBA.

599.    BBA admits that the plaintiffs are seeking to have plaintiffs named as class representatives for all putative classes.  BBA denies that this is appropriate.

600-603.    The allegations contained in Paragraphs 600-603 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 600-603 of the AMCC as they relate to defendants other than BBA.

## IX.    CLASS ACTION ALLEGATIONS FOR THE TOGETHER CARD SCHEME

604-618.    BBA has been excluded from any claims relating to the Together Card. Therefore, Paragraphs 604-618 of the AMCC do not state any allegations against BBA. Nonetheless, all allegations contained in Paragraphs 604-618 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 604-618 of the AMCC as they relate to defendants other than BBA.

**COUNT I**

**VIOLATIONS OF 18 U.S.C. § 1962(c)**

**(AGAINST DEFENDANT DRUG MANUFACTURERS IDENTIFIED
HEREIN FOR UNLAWFUL CONDUCT ASSOCIATED WITH
AWPID DRUGS)**

619.    BBA realleges and incorporates herein by reference each of the responses contained in the preceding paragraphs of this Answer.

620-646.    Count I has been dismissed by the Court in the Memorandum and Order dated February 24, 2004.  Thus, no response is required to Paragraphs 620-646 of the AMCC.

## COUNT II

### VIOLATIONS OF 18 U.S.C. § 1852(C)

### (AGAINST DEFENDANT DRUG MANUFACTURERS IDENTIFIED HEREIN)

647.    BBA realleges and incorporates herein by reference each of the responses contained in the preceding paragraphs of this Answer.

648-679.    The allegations contained in Paragraphs 648-679 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 648-679 of the AMCC as they relate to defendants other than BBA.

## COUNT III

### DECLARATORY AND OTHER RELIEF PURSUANT TO 28 U.S.C. §§ 2201, 2002

### (AGAINST DEFENDANT DRUG MANUFACTURERS FOR UNLAWFUL CONDUCT ASSOCIATED WITH MEDICARE PART B COVERED DRUGS

680.    BBA realleges and incorporates herein by reference each of the responses contained in the preceding paragraphs of this Answer.

681.    The allegations contained in Paragraph 681 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or

falsity of the specific allegations contained in Paragraph 681 of the AMCC as they relate to defendants other than BBA or to other non-parties.

682.    BBA admits that it denies the plaintiffs' allegations.  All other allegations contained in Paragraph 682 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 682 of the AMCC as they relate to defendants other than BBA or to other non-parties.

683.    The allegations contained in Paragraph 683 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraph 683 of the AMCC as they relate to defendants other than BBA or to other non-parties.

## COUNT IV

## VIOLATIONS OF CONSUMER PROTECTION STATUTES

684.    BBA realleges and incorporates herein by reference each of the responses contained in the preceding paragraphs of this Answer.

685.    BBA admits that Count IV is brought only by the plaintiffs identified as potential class representatives of the purported "AWP End Payor Class."  BBA denies that such a class has been or should be certified.  The remaining allegations contained in Paragraph 685 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining specific allegations contained in Paragraph 685 of the AMCC as they relate to defendants other than BBA or to other non-parties.

686.   BBA admits that it is incorporated and maintains its principal place of business in Pennsylvania.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining allegations contained in the first and second sentences of Paragraph 686 of the AMCC.  BBA admits the existence of the statutes identified in Paragraph 686 of the AMCC.  Each of these statutes speaks for itself, and BBA denies the plaintiffs' description and interpretation of the referenced statutes.  BBA further denies that the referenced statutes provide a basis for claims against BBA.  All remaining allegations contained in Paragraph 686 of the AMCC are denied.

687-691.   The allegations contained in Paragraphs 687-691 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraphs 687-691 of the AMCC as they relate to defendants other than BBA or to other non-parties.

## COUNT V

## CLAIM FOR INJUNCTIVE RELIEF UNDER SECTION 16 OF THE CLAYTON ACT ARISING FROM THE TOGETHER CARD CONSPIRACY

692-698.   BBA has been excluded from any claims relating to the Together Card. Therefore, Paragraphs 692-698 of the AMCC do not state any allegations against BBA. Nonetheless, BBA realleges and incorporates by reference each of the responses contained in the preceding paragraphs of this Answer.  The allegations contained in Paragraphs 692-698 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 692-698 of the AMCC as they relate to defendants other than BBA or to other non-parties.

## COUNT VI

## CLAIM FOR VIOLATION OF SHERMAN ACT, 15 U.S.C. § 1 ON BEHALF OF NATIONWIDE END PAYOR TOGETHER CARD CLASS

699-704.      BBA has been excluded from any claims relating to the Together Card. Therefore, Paragraphs 699-704 of the AMCC do not state any allegations against BBA. Nonetheless, BBA realleges and incorporates herein by reference each of the responses contained in the preceding paragraphs of this Answer.  The allegations contained in Paragraphs 699-704 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 699 hrough 704 of the AMCC as they relate to defendants other than BBA or to other non-parties.

### COUNT VII

## CLAIM FOR VIOLATION OF THE ANTITRUST STATUTES OF THE INDIRECT PURCHASER STATES ON BEHALF OF INDIRECT PURCHASER STATES END PAYOR TOGETHER CARD CLASS

705-708.      BBA has been excluded from any claims relating to the Together Card. Therefore, Paragraphs 705-708 of the AMCC does not state any allegations against BBA. Nonetheless, BBA realleges and incorporates herein by reference each of the responses contained in the preceding paragraphs of this Answer.  The allegations contained in Paragraphs 705-708 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 705-708 of the AMCC as they relate to defendants other than BBA or to other non-parties.

### COUNT VIII

## VIOLATIONS OF 18 U.S.C. § 1962(C)-(D)
### (AGAINST THE TOGETHER CARD DEFENDANTS FOR UNLAWFUL
### CONDUCT ASSOCIATED WITH TOGETHER RX)

709-725.    BBA has been excluded from any claims relating to the Together Card.

Therefore, Paragraphs 709-725 of the AMCC do not state any allegations against BBA.

Nonetheless, BBA realleges and incorporates herein by reference each of the responses

contained in the preceding paragraphs of this Answer.  The allegations contained in Paragraphs

709-725 of the AMCC are denied as to BBA.  BBA is without sufficient knowledge or

information so as to form a belief as to the truth or falsity of the specific allegations contained in

Paragraphs 709-725 of the AMCC as they relate to defendants other than BBA or to other non-

parties.

## COUNT IX

### CIVIL CONSPIRACY
### (AGAINST ALL DEFENDANTS IDENTIFIED
### HEREIN FOR CONSPIRING WITH PBMS)

726.    BBA realleges and incorporates herein by reference each of the responses

contained in the preceding paragraphs of this Answer.

727.    BBA admits that Count IX has been brought solely by plaintiff Board of Trustees

of Carpenters and Millwrights of Houston and Vicinity Welfare Trust Fund ("CMHV").  BBA

admits that plaintiff CMHV purports to bring Count IX on behalf of the proposed "AWP Payor

class."  BBA denies that any such class has been or should be certified.  The remaining

allegations contained in Paragaraph 727 of the AMCC are denied as to BBA.  BBA is without

sufficient knowledge or information so as to form a belief as to the truth or falsity of the

remaining specific allegations contained in Paragraph 727 of the AMCC as they relate to defendants other than BBA or to other non-parties.

728-733.     The allegations contained in Paragraphs 728-733 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 728-733 of the AMCC as they relate to defendants other than BBA or to other non-parties.

## COUNT X

### CIVIL CONSPIRACY
### (AGAINST THE TOGETHER CARD DEFENDANTS)

734-741.     BBA has been excluded from any claims relating to the Together Card. Therefore, Paragraphs 734-741 of the AMCC do not state any allegations against BBA. Nonetheless, BBA realleges and incorporates herein by reference each of the responses contained in the preceding paragraphs of this Answer. The allegations contained in Paragraphs 734-741 of the AMCC are denied as to BBA. BBA is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the specific allegations contained in Paragraphs 734-741 of the AMCC as they relate to defendants other than BBA or to other non-parties.

## X.     PRAYER FOR RELIEF

BBA denies that the plaintiffs are entitled to any relief in this case.

## XI.     DEMAND FOR JURY TRIAL

BBA does not object to the plaintiffs' demand for a jury trial on all issues so triable. BBA also demands a jury trial on all issues so triable.

## DEFENSES OF B. BRAUN OF AMERICA INC.

(1)    The plaintiffs have failed to state claims against BBA as to which relief can properly be granted.

(2)    BBA has not been properly served with process.

(3)    The Court lacks personal jurisdiction over BBA.

(4)    Venue is improper as to BBA in this Court.

(5)    The plaintiffs and proposed class members lack standing to assert claims against BBA.

(6)    Claims are barred, in whole or in part, by the applicable statutes of limitations.

(7)    Claims are barred, in whole or in part, by the filed rate doctrine.

(8)    BBA is not a proper party to this litigation.

(9)    Any actions taken with regard to average wholesale prices were taken in good-faith reliance on the advice of legal counsel.

(10)   Claims are barred by the political question and/or separation of powers doctrines.

(11)   To the extent there is recovery on these facts in a separate case, the plaintiff or purported class member is barred from seeking recovery pursuant to the doctrines of res judicata and/or collateral estoppel, and/or the prohibition on double recovery.

(12)   Claims are barred by the Noerr-Pennington doctrine to the extent they are premised on alleged statements or conduct by any defendant in judicial, legislative and/or administrative proceedings.

(13)   Claims are barred to the extent that the plaintiff or purported class member has released, settled, entered into an accord and satisfaction and/or otherwise compromised their claims.

(14)   Claims are barred by the doctrines of laches, estoppel and/or waiver.

(15)   Claims for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

(16)   Claims are barred due to failure to join indispensable parties.

(17)   Claims for damages are barred for failure to mitigate damages.

(18)    Claims are barred by the doctrine of consent and/or ratification to the extent that plaintiffs have received and paid for medicines manufactured, marketed and sold by any defendant after the filing of the original Complaint.

(19)    Claims are barred and/or should be dismissed to the extent that defenses asserted by any other defendant may apply to BBA.

Dated: April 9, 2004

Respectfully submitted,

Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Tel:  (202) 879-5000
Fax: (202) 879-5200

Attorneys for B. Braun of America Inc.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Answer of B. Braun of America Inc. to Intervenors' Amended Master Consolidated Class Action Complaint has been served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties on this 9th day of April, 2004.

Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Tel:  (202) 879-5000
Fax: (202) 879-5200