**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
|  | Master File No. 01-CV-12257-PBS |
| This Document Relates to ALL ACTIONS. | Judge Patti B. Saris |

**MOTION TO SUBSTITUTE PROPER PARTY**
**BOEHRINGER INHELHEIM PHARMACEUTICALS, INC.**
**FOR BOEHRINGER INGELHEIM CORPORATION AND RESPONSE IN**
**OPPOSITION TO BOEHRINGER DEFENDANTS' MOTION TO DISMISS**

Plaintiffs respectfully request that this Court substitute Boehringer Inhelheim Pharmaceuticals, Inc. for defendant Boehringer Ingelheim Corporation, and deny the Boehringer Defendants' Motion To Dismiss. In support thereof, plaintiffs state as follows:

**OVERVIEW**

Boehringer Ingelheim Corporation ("BIC"), Ben Venue Laboratories, Inc. ("Ben Venue") and Bedford Laboratories, Inc. ("Bedford") (collectively, the "Boehringer Defendants") have disingenuously filed a motion to dismiss with this Court, asserting that BIC did not manufacture the two drugs that one of the named plaintiffs purchased and, therefore, all three defendants should be dismiss. The Boehringer Defendants fail to advise this Court that the other Boehringer drugs listed in Appendix A to the December 5, 2003 Amended Master Consolidated Complaint ("AMCC") were

manufactured by Bedford, which is a division of Ben Venue.[1] Moreover, the

Boehringer Defendants fail to advise this Court that the two drugs for which a named

plaintiff did pay were manufactured by Boehringer Ingelheim Pharmaceuticals Inc.

("Boehringer Pharmaceuticals), which falls under the same corporate umbrella as the

Boehringer Defendants. *See* Boehringer Annual Report.  Accordingly, plaintiffs seek

leave to substitute Boehringer Pharmaceuticals for its sister company BIC and relate the

amendment back to the filing of the AMCC.

## I.  BOEHRINGER PHARMACEUTICALS SHOULD BE SUBSTITUTED FOR BIC AS THE PROPER PARTY

Despite ample opportunity to previously advise the Court during briefing on the

motions to dismiss that BIC is the wrong party, the Boehringer Defendants failed to do

so. Instead, now for the first time, the Boehringer Defendants claim that BIC does not

manufacture or distribute Atrovent.  This is not a reason to dismiss the Boehringer

Defendants *in toto* however.  Tellingly missing from the Boehringer Defendants'

motion is the fact that Atrovent is actually manufactured by BIC's sister company,

Boehringer Pharmaceuticals.

Rule 21 of the Federal Rules of Civil Procedure provides in pertinent part:

Misjoinder of parties is not ground for dismissal of an action.  Parties may
be dropped or added by order of the court on motion of any party or of its
own initiative at any stage of the action and on such terms as are just.

Fed. R. Civ. P. 21.  It is well settled in this District that "A party may resort to Rule 21 to

add a party who for some innocent reason has not been made a party to the action and

whose presence is necessary or desirable."  *Data Gen. Corp. v. Grumman Sys. Support*

---

[1]      *See* http://www.boehringer-ingelheim.com/corporate/home/download/annualreport2002.pdf
("Boehringer Annual Report").

*Corp.*, 825 F. Supp. 340, 344 (D. Mass. 1993).   The misjoinder of BIC, instead of

Boehringer Pharmaceuticals, should thus not result in the dismissal of all claims against

the Boehringer Defendants. Instead, Boehringer Pharmaceuticals should be substituted

and joined as the proper party.

Moreover, Rule 15 of the Federal Rules of Civil Procedure provides that a

plaintiff's inadvertent misnaming of a defendant may be corrected by an amendment that

relates back to the original pleading, where:

> the party to be brought in by amendment (A) has received such notice of
> the institution of the action that the party will not be prejudiced in
> maintaining a defense on the merits, and (B) knew or should have known
> that, but for a mistake concerning the identity of the proper party, the
> action would have been brought against the party.

*See* Federal Rule of Civil Procedure 15(c)(3).  Plaintiffs' naming of BIC as a defendant

rather than Boehringer Pharmaceuticals is clearly an error within the scope of Rule 15(c).

First, the claims against Boehringer Pharmaceuticals and BIC inarguably arise out

of the same conduct – the manipulation of the AWP for Atrovent and other drugs at issue

in the complaint.   Second, Boehringer Pharmaceuticals certainly received notice of this

action during the requisite time period.  The two companies are superficially

indistinguishable; indeed, BIC's Annual Reports make no distinction between which

sister companies and subsidiaries manufacture which drugs. *See* Boehringer Annual

Report.  Moreover, both companies maintain their offices at the same office in

Ridgefield, Connecticut.  *Id.*  Boehringer Pharmaceuticals can hardly claim it is unaware

of this massive litigation.

Finally, the Boehringer Defendants' failure to previously raise this issue with the

Court belies the fact that they knew that, but for plaintiffs' error in naming BIC,

Boehringer Pharmaceuticals would have been named as a defendant in the first place.

Accordingly, pursuant to Rules 15 and 21, Boehringer Pharmaceuticals should be

substituted as the proper defendant in place of BIC and the amendment should relate back

to the filing of the AMCC.

## II.  THE BOEHRINGER DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED

The Boehringer Defendants' motion to dismiss boils down to an attack on

standing.  Plaintiffs may establish standing by showing an injury "fairly traceable to the

defendant's allegedly unlawful conduct." *Allen v. Wright,* 468 U.S. 737, 751 (1984).  In

response to similar arguments by Boehringer and other defendants, this Court already

established that plaintiffs have demonstrated standing in this case if they can show that

one named plaintiff purchased one named drug from a defendant.  *See* February 24, 2004

Order, at 20.  Appendix B to the AMCC asserts that one of the plaintiffs paid for

Boehringer drugs Atrovent and Viramune.[2]

As set forth above, the Boehringer Defendants' motion to dismiss asserts for the

first time that the companies never produced Atrovent.  *See* Defendants' Motion to

Dismiss, at 4.  This argument is exclusively based upon the affidavit of a corporate vice

president, who stated that "BIC does not design, manufacture or distribute Atrovent or

any other pharmaceutical products, nor has it ever done so." *See* Herman Tetzner Aff. at

¶ 3).

---

[2]     This Court previously dismissed Viramune from the lawsuit. However, Viramune was apparently produced by a joint venture between Boehringer Ingelheim Pharmaceuticals, Inc. and Roxane Laboratories, Inc.  *See* http://www.fda.gov/medwatch/safety/2000/viramune.htm.

But the Boehringer Defendants' affidavit only tells half the story; countless public information sources describe BIC's role in manufacturing Atrovent. Indeed, BIC's 2002 Annual Report states "Boehringer Ingelheim is a research-driven corporation dedicated to researching, developing, manufacturing and marketing pharmaceuticals that improve health and quality of life." *See* Annual Report. Indeed, the Annual Report's glossary of products manufactured by BIC includes Atrovent. *See id.*, at 69.

Regardless of the apparent way in which BIC has held out to the public that it (and not Boehringer Pharmaceuticals) manufactures Atrovent, plaintiffs have moved with this response to substitute Boehringer Pharmaceuticals, Inc. as the proper party and the manufacturer of Atrovent. If this Court allows the substitution, one of the currently-named plaintiffs has already alleged that it paid for Atrovent based on AWP. Accordingly, any pleading deficiency will have been corrected and defendants' arguments regarding standing mooted.[3]

WHEREFORE, plaintiffs respectfully seek leave to substitute Boehringer Ingelheim Pharmaceuticals, Inc. for its sister company Boehringer Ingelheim Corp. as a defendant and relate the amendment back to the filing of the AMCC, and request that this Court deny the Boehringer Defendants' Motion To Dismiss.

---

[3]     Contemporaneously herewith, the National Automatic Sprinkler Industry Welfare Fund also fikled a Petition to Intervene, because it purchased Bedford's methotrexate. Accordingly, if this Court permits the intervention, the Boehringer Defendants' motion to dismiss should also be denied for this reason.

Date:  April 27, 2004

By _____/s/ Thomas M. Sobol____
Thomas M. Sobol (BBO # 471770)
Edward Notargiacomo (BBO # 567636)
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA  02110
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Samuel Heins
Brian Williams
Heins Mills & Olson, P.L.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

Jeff Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

**CHAIRS OF LEAD COUNSEL COMMITTEE**

Marc H. Edelson
Alan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Elizabeth Fegan Hartweg
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

**MEMBERS OF LEAD COUNSEL
COMMITTEE AND
EXECUTIVE COMMITTEE**

Michael McShane
Alexander, Hawes & Audet, LLP
300 Montgomery Street, Suite 400
San Francisco, CA  94104
Telephone: (415) 982-1886
Facsimile: (415) 576-1776

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
Shreveport, LA 71103
Telephone: (318) 226-0826
Facsimile: (318) 424-9900

**MEMBERS OF EXECUTIVE
COMMITTEE**

Anthony Bolognese
Bolognese & Associates
One Penn Center
1617 JFK Boulevard, Suite 650
Philadelphia, PA  19103
Tel:  (215) 814-6750
Fax:  (215) 814-6764

Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Avenue, N.E.
Suite 300
Washington, D.C. 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

Neal Goldstein (Of Counsel)
Freedman & Lorry, PC
400 Market Street, Suit 900
Philadelphia, PA 19106
Tel: (215) 925-8400
Fax: (215) 925-7516

Michael E. Criden

Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL  33134
Tel:  (305) 357-9000
Fax: (305) 357-9050

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street, Suite 1700
San Diego, CA  92101
Tel:  (619) 338-1133
Fax: (619) 338-1139

Jonathan D. Karmel
Karmel & Gilden
221 N. LaSalle Street
Suite 1414
Chicago, IL  60601
Tel: (312) 641-2910
Fax: (312) 641-0781

Dianne M. Nast
Roda & Nast, PC
801 Estelle Drive
Lancaster, PA 17601
Tel: 717-892-3000
Fax: 717-892-1200

Henry H. Rossbacher
Rossbacher & Associates
811 Wilshire Boulevard,
Suite 1650
Los Angeles, CA 90017-2666
Tel:  (213) 895-6500
Fax:  (213) 895-6161

Jonathan Shub
Sheller, Ludwig & Badey, P.C.
1528 Walnut Street, 3rd fl
Philadelphia, PA  19102
Tel:  (215) 790-7300
Fax:  (215) 546-0942

Scott R. Shepherd
Shepherd & Finkleman, LLC
117 Gayley Street, Suite 200
Media, PA 19063
Tel:  (610) 891-9880
Fax:  (610) 891-9883

Lisa J. Rodriguez

Ira Neil Richards
Trujillo Rodriguez& Richards, LLC
The Penthouse
226 West Rittenhouse Square
Philadelphia, PA  19103
Tel:  (215) 731-9004
Fax:  (215) 731-9044

Mitchell A. Toups
Weller, Green, Toups & Terrell, L.L.P.
2615 Calder Street, Suite 400
P.O. Box 350
Beaumont, TX  77704
Tel: (409) 838-0101
Fax: 409-838-6780

Damon Young
Lance Lee
Young, Pickett & Lee
4122 Texas Boulevard
P.O. Box 1897
Texarkana, AR/TX  75504
Tel: (903) 794-1303
Fax: 903-792-5098; 903-794-5098

**ADDITIONAL ATTORNEYS
FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE

I hereby certify that I, Thomas M. Sobol, an attorney, caused a true and correct copy of the foregoing Motion To Substitute Proper Party Boehringer Inhelheim Pharmaceuticals, Inc. For Boehringer Ingelheim Corporation and Response In Opposition To Boehringer Defendants' Motion To Dismiss to be served on all counsel of record electronically on April 27, 2004, pursuant to Section D of Case Management Order No. 2.


/s/ Thomas M. Sobol_____
Thomas M. Sobol, Esq.
**HAGENS BERMAN LLP**
225 Franklin Street, 26th Floor
Boston, MA  02110
Telephone: (617) 482-3700