UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>This Document Relates to ALL ACTIONS. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) MDL No. 1456<br><br>Master File No. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND'S MOTION TO INTERVENE AS A NAMED PLAINTIFF IN RESPONSE TO MOTION TO DISMISS OF DEFENDANTS BOEHRINGER INGELHEIM CORPORATION, BEN VENUE LABORATORIES, INC., AND BEDFORD LABORATORIES**

Proposed Intervenor National Automatic Sprinkler Industry Welfare Fund (the "Sprinkler Fund" or "Intervenor"), by its attorneys, pursuant to Federal Rules of Civil Procedure 24(a)(2) and (b)(2), respectfully moves for leave to intervene as a representative plaintiff in this litigation. In support hereof, the Intervenor states as follows:

On December 5, 2003, an Amended Master Consolidated Complaint ("AMCC") on behalf of a nationwide class was filed in the *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civil Action 01-CV012257-PBS (the "*In re AWP Litigation*"). Among other allegations, the AMCC alleges that Defendants engaged in unlawful pricing practices in connection with the reimbursement by third party payors for prescription pharmaceuticals. AMCC, Sec. IV. The AMCC further alleges that the Defendants' conspiracy caused Plaintiffs and the AWP Payor Class, including the PBM Third-Party Payor Class, to pay more for the drugs than they would have in the absence of the conspiracy. AMCC, ¶¶ 595, 677.

Notwithstanding the AMCC's allegations that one of the representative plaintiffs paid for drugs manufactured by Boehringer Ingelheim Corporation, Ben Venue Laboratories, Inc. and Bedford Laboratories, Inc. (the "Boehringer Defendants"), the Boehringer Defendants have filed a motion to dismiss alleging, *inter alia*, that none of the currently named plaintiffs paid for any of the drugs that should purportedly be at issue.  Accordingly, the Boehringer Defendants seek to be dismissed from the lawsuit.

However, the Boehringer Defendants should not be dismissed from the lawsuit. Accordingly, without commenting on the merits of the Boehringer Defendants' claims, the Sprinkler Fund seeks leave to intervene in this lawsuit in order to protect the claims that it and members of the Class have against the Boehringer Defendants for their manipulation of the AWP.  As set forth in the attached affidavit, the Sprinkler Fund paid for acyclovir sodium, leucovorin calcium and mitomycin, all drugs that are manufactured by Bedford Laboratories, Inc.  *See* http://www.bedfordlabs.com/products.html. Bedford Laboratories, Inc. ("Bedford") is a division of Ben Venue Laboratories, Inc., both of which fall under the umbrella of parent corporation Boehringer Ingelheim Corp. *See*http://www.boehringer-ingelheim.com/corporate/home/download/annualreport2002.pdf.

The Sprinkler Fund paid for Bedford's pharmaceuticals through its pharmacy benefit manager, Caremark, which has been the Sprinkler Fund's PBM since February 1999. (Affidavit of Michael W. Jacobson, Fund Administrator of the National Automatic Sprinkler Industry Welfare Fund, ex. A).  The Sprinkler Fund paid for Bedford's generic pharmaceuticals based on AWP.  (*Id.*).

The Sprinkler Fund has a direct and substantial interest in the subject matter of the *In re AWP Litigation* as the Boehringer Defendants' (among others) unlawful acts caused it to pay more for drugs than it would have in the absence of the conspiracy.  *See* Fed. R. Civ. P.

24(a)(2) ("Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."); *see also Caterino v. Barry*, 922 F.2d 37, 40 (1st. Cir. 1990) (discussing requirements for intervention under Rule 24(a)(2)).

Moreover, the Sprinkler Fund is so situated that disposition of the Boehringer Defendants' Motion To Dismiss may impair or impede its ability to protect its interests.  *See id.*  Moreover, the Sprinkler Fund's claims against the Boehringer Defendants contain identical questions of law and fact to the claims alleged by Plaintiffs in the AMCC.  See Fed. R. Civ. P. 24(b)(2) ("Upon timely intervention anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common.").

Finally, the Sprinkler Fund's motion to intervene is timely as:  (a) the Boehringer Defendants' just filed their Motion To Dismiss on April 7, 2004 and the Fund moved to intervene without undue delay once aware of the defendants' attempt; (b) the existing parties will not suffer any undue prejudice by intervention at this point in the litigation as discovery is ongoing and will not be significantly affected by intervention, particularly where the inclusion of the relevant drugs and defendants was already contemplated by the current AMCC allegations; (c) the Sprinkler Fund would suffer prejudice if not allowed to intervene in the event that the Boehringer Defendants' Motion To Dismiss was granted in light of the fact that the Boehringer Defendants' AWP manipulation caused the Sprinkler Fund to overpay;  and (d) no unusual circumstances militate against intervention, but on the contrary,

militate for inclusion of the Sprinkler Fund as a class representative. *See Culbreath v. Dukakis*, 630 F.2d 15, 17, 20-24 (1st Cir.1980) (discussing factors implicating timeliness of an application to intervene).

WHEREFORE, the National Automatic Sprinkler Industry Welfare Fund respectfully requests that this Court grant it leave to intervene in the *In re AWP Litigation* pursuant to Fed. R. Civ. P. 24(a)(2), as of right, or 24(b)(2), by permission of this Court.

Date:  April 27, 2004

        NATIONAL AUTOMATIC SPRINKLER
        INDUSTRY WELFARE FUND, Intervenor

        By     /s/ Thomas M. Sobol
        One of its Attorneys

        Thomas M. Sobol (BBO # 471770)
        Edward Notargiacomo (BBO #567636)
        Hagens Berman LLP
        225 Franklin Street, 26th Floor
        Boston, MA  02110
        Telephone: (617) 482-3700
        Facsimile: (617) 482-3003

        **LIAISON COUNSEL**

        Steve W. Berman
        Sean R. Matt
        Hagens Berman LLP
        1301 Fifth Avenue, Suite 2900
        Seattle, WA  98101
        Telephone: (206) 623-7292
        Facsimile: (206) 623-0594

        Kenneth A. Wexler
        Elizabeth Fegan Hartweg
        The Wexler Firm LLP
        One North LaSalle Street, Suite 2000
        Chicago, IL  60602
        Telephone: (312) 346-2222
        Facsimile: (312) 346-0022

        Lynne Kizis
        David Kane
        Wilentz, Goldman & Spitzer P.A.
        90 Woodbridge Center Drive

Suite 900 Box 10  
Woodbridge, NJ 07095-0958  
Telephone: (732) 636-8000  
Facsimile: (732) 855-6117

## CERTIFICATE OF SERVICE

     I hereby certify that I, Thomas M. Sobol, an attorney, caused a true and correct copy of the foregoing National Automatic Sprinkler Industry Welfare Fund's Motion To Intervene As A Named Plaintiff In Response To Motion To Dismiss of Defendants Boehringer Ingelheim Corporation, Ben Venue Laboratories, Inc., And Bedford Laboratories to be served on all counsel of record electronically on April 27, 2004, pursuant to Section D of Case Management Order No. 2.

/s/ Thomas M. Sobol_____  
Thomas M. Sobol, Esq.  
**HAGENS BERMAN LLP**  
225 Franklin Street, 26th Floor  
Boston, MA  02110  
Telephone: (617) 482-3700