UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re Pharmaceutical Industry Average Wholesale Price Litigation | MDL Docket No. 1456 |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.,* E.D.N.Y. Case No. CV-03-229 | |

## PLAINTIFF SUFFOLK COUNTY'S MOTION RESPECTING COORDINATED DISCOVERY

Plaintiff, the County of Suffolk, files this motion to request entry of an order reaffirming that, pending resolution of defendants' motions to dismiss Suffolk's Amended Complaint, Suffolk may participate fully in coordinated discovery efforts for those defendants Suffolk has sued who are also sued in the AMCC (the "common defendants"). The motion is required in light of recent communications with liaison counsel, discussed below.

Per CMOs 10 and 11, and this Court's rulings from the bench on September 18, 2003, Suffolk may participate in coordinated discovery without restriction for all common defendants. CMO 10 sets forth, *inter alia,* a clear protocol and timetable for party discovery. There appears no restriction regarding what Suffolk is entitled to. CMO 11 says that CMO 10 applies to "the actions brought by governmental plaintiffs to the extent the defendants are common to the AMCC." Likewise, this Court's rulings from the bench on September 18, 2003, indicate that Suffolk may participate in coordinated discovery for those defendants Suffolk has sued who are also sued in the AMCC. *See* Excerpts of September 18, 2003 transcript, annexed as Exhibit A.

Suffolk is not only eager but *required* to participate in the coordinated discovery efforts

respecting the common defendants. Indeed, given defendants' support for a coordinated discovery process, Suffolk expects it would meet protest should it endeavor to do otherwise. Suffolk thus has made inquiry of Hagens Berman, as liaison counsel, as to what has been produced, in what form, volume, location, etc. Suffolk has focused in the first instance on the Phase I or "fast track" defendants. *See* most recent examples of Suffolk correspondence, annexed as Exhibits B and C hereto. Liaison counsel's response to Suffolk's inquiries is attached as Exhibit D, and it is this response that has prompted the instant motion. The response reveals a reluctance to permit Suffolk full participation in the efforts respecting and production from the common defendants. Specifically, liaison counsel writes,

> "As we see it, you are not entitled to all documents from the fast track defendants and class counsel does not want to be turning over documents we receive that you are not entitled to. So we see our function here as liaison is to ask defendants to inform you of what documents they will produce to your clients."

Respectfully, Suffolk sees no limitation in any of the court's orders regarding its participation in discovery from the common defendants. Suffolk therefore requests entry of an order reaffirming that Suffolk is entitled to participate fully in coordinated discovery from the common defendants.

Dated: April 27, 2004

          Respectfully submitted,

          KIRBY McINERNEY & SQUIRE, LLP

          By:   <u>/s Joanne M. Cicala</u>
                  Joanne M. Cicala
                  Aaron D. Hovan
          830 Third Avenue
          New York, N.Y.  10022
          (212) 371-6600

COUNSEL FOR PLAINTIFF THE COUNTY
OF SUFFOLK

Exhibit A



E. SERVED
04/01/04
07:17 PM ET
AWP-MDL No. 1456

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
----------------------------
                            :   MDL No. 1456 and
IN RE:                      :   C.A. No. 01-12257-PBS
                            :
  AVERAGE WHOLESALE PRICE   :   Courtroom No. 13
  PHARMACEUTICAL LITIGATION :   1 Courthouse Way
                            :   Boston, MA 02210
                            :   3:00 p.m. Thursday
----------------------------    September 18, 2003
```

Hearing on Motions

Before:      THE HONORABLE PATTI B. SARIS,
             UNITED STATES DISTRICT JUDGE

APPEARANCES:

Hagens Berman, LLP, (by Thomas M. Sobol, Esq.),
   225 Franklin Street, 26th Floor, Boston, MA 02110,
   on behalf of the Plaintiff, Board of Trustees of the
   Carpenters & Millwrights of Houston; Shirley Geller,
   States of Nevada and Montana.

Robert Teitelman, Assistant Attorney General,
   55 Elm Street, Hartford, CN 06106,
   on behalf of the State of Connecticut.

Rose Firestein, Assistant Attorney General,
   Office of Consumer Fraud,
   120 Broadway, New York, NY 10271,
   on behalf of the State of New York

Stern, Shapiro, Weissberg & Garin,
   (by Jonathan Shapiro, Esq.),
   90 Canal Street, Boston, MA 02114,
   on behalf of the Relator in the California case against
   Abbott and Wyeth.

Marie L. Cloonan<br>
Federal Court Reporter<br>
1 Courthouse Way - Room 5209<br>
Boston, MA 02210 - 617-439-7086<br>
Mechanical Steno - Transcript by Computer

APPEARANCES CONTINUED:

William S. Schneider, Deputy Attorney General,
  Bureau of Medi-Cal Fraud & Elder Abuse - Suite 1100
  110 West A Street, P.O. Box 85266 SanDiego, CA 92186,
  on behalf of the State of California.

Timothy Foote, Deputy Attorney General, Justice Dept.,
  1300 I Street, Sacramento, CA 94244-2550,
  on behalf of the State of California.

Breen Law Firm, (by James J. Breen, Esq.),
  3562 Old Milton Parkway, Alpharetta, GA 30005,
  on behalf of the Relator in the California case against
  Abbott and Wyeth.

Covington & Burling, (by Ethan M. Posner, Esq.),
  1201 Pennsylvania Avenue, N.W., P.O. Box 7566, Washington
  DC 20004, on behalf of the Defendant, GlaxoSmithKline.

Davis, Polk & Wardwell, (by D. Scott Wise, Esq.),
  450 Lexington Avenue, New York, NY 10017,
  Coordinating Counsel for the Defense Group and
  on behalf of AstraZeneca Pharmaceuticals.

Morgan, Lewis & Bockius, LLP, (by Scott A. Stemple, Esq.),
  1111 Pennsylvania Avenue, Washington, D.C. 20004-2921,
  on behalf of the Defendants Pharmacia and Pfizer.

Kirby, McInerney & Squire, LLP, (by Joanne M. Cicala, Esq.),
  830 Third Avenue, New York, NY 10022,
  on behalf of Suffolk and Westchester Counties, New York.

James R. Dailey, Esq., on behalf of Abbott Laboratories.

Craig Holden, Esq., on behalf of Wyeth.

Foley Hoag LLP, (by Nicholas C. Theodorou, Esq.),
  155 Seaport Boulevard, Boston, MA 02210
  on behalf of AstraZeneca.



APPEARANCES CONTINUED:

Donnelly, Conroy & Gelhaar, LLP,
   (by Peter E. Gelhaar, Esq.),
   One Beacon Street, Boston, MA 02108,
   on behalf of Baxter International, Inc.

1   MR. BREEN: That should do it, Judge.

2   THE COURT: Why don't we address it then. And,
3   then, you maybe can get together and agree on discovery or I
4   can issue it at that point.

5   MR. BREEN: So, we're on a game plan to get our
6   Motions to Dismiss heard at the November 18th hearing?

7   THE COURT: Yes.

8   And, maybe you could negotiate a schedule to get
9   you there. I'll get the ball rolling with your complaint.
10  I'll have a better knowledge of it. Think about some of the
11  issues.

12  You can decide -- even though I gave you six months
13  -- what you want to do with these federal claims that are
14  giving me jurisdiction. And, then, we'll go from there.

15  MR. BREEN: Very good, Judge. And, we can talk to
16  them about discovery in the interim.

17  MS. SICALA: your Honor?

18  THE COURT: Yes.

19  MS. SICALA: May I be heard very briefly --

20  THE COURT: Yes.

21  MS. SICALA: -- on the issue of Paragraph 2 of the
22  Case Management Order?

23  THE COURT: Yes.

24  MS. SICALA: We have defendants in the New York
25  county cases who have not, to my knowledge, previously made

1  any production of documents, as it were, who may have been
2  involved in government investigations, but I'm quite sure
3  certain of them were. And, I'd like to request the Court,
4  so it's clear, that the new defendants in Suffolk and
5  Westchester and Rockland, which will be making its way to
6  you in short order, also must comply with the discovery
7  requirements of the Case Management Orders 5 and 7.
8       THE COURT: Well, the answer is yes, except I
9  haven't vetted your complaint yet. So, the issue is really
10 whether I stay discovery pending a Motion to Dismiss, unless
11 the claims are completely -- unless there is a concession
12 that they're not dismissable or that they are basically
13 mirror images of the ones I've let go forward.
14      MR. STEMPLE: Your Honor, we were going to ask you
15 to stay pending review of the Motions to Dismiss anything --
16 without categorizing by comparison other cases, the Suffolk,
17 Westchester, Rockland complaints are even less viable than
18 any other AWP cases.
19      We have Ms. Firestein sitting there, representing
20 the same people of the State of New York, that Ms. Sicara is
21 representing and a county is seeking basically --
22      THE COURT: All right. Until I get to you, we'll
23 stay your discovery.
24      MS. SICALA: That's fine, your Honor.
25      But, nevertheless, we can participate in



E-SERVED 04/01/04 07:17 PM ET AMP-MDL No.1456

1   <u>coordinating -- in sharing of discovery that has been</u>
2   <u>produced concerning the defendants.</u>
3         THE COURT:  <u>If you've sued that defendant.</u>
4         MS. SICALA:  <u>If we sued that defendant.</u>
5         THE COURT:  <u>Yes.</u>
6         MS. SICALA:  <u>Thank you, your Honor.</u>
7         THE COURT:  What I'm hoping you're all going to do
8   is embody all of this into an order that you can agree on.
9   And, if there's any disagreement as to language, you'll put
10  brackets or parentheses and get it to me in a week.
11        Are people -- is anybody flying home today, sort of
12  into the eye of the storm? I'm trying to get people out of
13  here. I know we have until five, but I'm just assuming --
14        MR. STEMPLE:  I'm afraid it's too lae, your Honor.
15  So, take all the time you want.
16        (Laughter.)
17        MR. WISE:  We may have disagreement with counsel on
18  that, your Honor.
19        MR. TEITELMAN:  Your Honor, one important side
20  issue for the State of Connecticut, which I imagine will be
21  the same for the State of New York.
22        Because we are in the situation where we have
23  raised federal jurisdiction and motions for remand are
24  pending, we just want to be sure that it's clear that none
25  of these case management orders concerning discovery apply

# Exhibit B

# KIRBY McINERNEY & SQUIRE, LLP

TELEPHONE:(212) 371-6600
(212) 317-2300
FACSIMILE:(212) 751-2540

*830 Third Avenue*

*New York City 10022*

IRVING MALCHMAN, OF COUNSEL

**VIA FACSIMILE**

April 12, 2004

Edward Notargiacomo, Esq.
Hagens Berman, LLP
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

Re:  *County of Suffolk v. Abbott Labs, et al.* (Our file 549.01)

Dear Ed:

CMO 11 reconfirms that Suffolk is entitled to participate in coordinated discovery for those defendants Suffolk has sued who are also sued in the AMCC. *See* CMO 11, ("CMO 10 is applicable to the actions brought by governmental plaintiffs to the extent the defendants are common to the AMCC.").

For purposes of this letter, our focus is on the "fast-track" AMCC defendants[1]. All of the "fast-track" AMCC defendants overlap with the Suffolk defendants except for OTN and Apothecon (of the BMS Group) and Centocor (of the J&J Group).

We are not interested in your work product, but do need your cooperation, as liaison counsel, in participating in the coordinated discovery effort. Therefore we ask that you please let us know by close of business Wednesday, April 14, 2004 exactly what discovery you have received from each of the overlapping "fast track" defendants, where it is located, how we may review what we need,

---

[1] AstraZeneca; the BMS Group (Bristol-Myers, OTN and Apothecon); the GSK Group (GlaxoSmithKline, SmithKline Beecham and Glaxo Wellcome); the Johnson and Johnson Group (J&J, Centocor and Ortho); and the Schering-Plough Group (Schering and Warrick). *See* CMO #10

what form the discovery is in, etc.   We understand this may feel a burdensome request, but we see no alternative that allows to coordinate our discovery activities in compliance with the Courts orders. If you have any alternative suggestions, we are certainly amenable to discussing them.  However, please understand that time is of the essence, as we have yet to be notified of any discovery received by liaison counsel, with the exception of those items captured on Verilaw.

We look forward to working cooperatively with you on the coordinated discovery efforts. Thanks, Ed.

Sincerely,

Aaron Hovan

cc:    Joanne M. Cicala, Esq.

# Exhibit C

# KIRBY McINERNEY & SQUIRE, LLP

TELEPHONE:(212) 371-6600
(212) 317-2300
FACSIMILE:(212) 751-2540

*830 Third Avenue*

*New York City 10022*

IRVING MALCHMAN, OF COUNSEL

**VIA FACSIMILE**

April 15, 2004

Edward Notargiacomo, Esq.
Hagens Berman, LLP
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

Re:  *County of Suffolk v. Abbott Labs, et al.*  (Our file 549.01)

Dear Ed:

Hearing nothing from you within our requested timeframe, we are obliged to press for a response to our April 12, 2004 letter (copy enclosed) on the important matter of fast track defendant document production and related discovery. To reiterate what we have written previously, we simply must be informed as to what discovery you have received from each of the overlapping "fast track" defendants, where it is located, and what form the discovery is in. We are looking to you to provide this information as you are "liaison counsel" and your cooperation with all coordinated entities is reasonably expected by the court and ourselves.

Please respond by the end of this week.

Sincerely,

Aaron Hovan

encl.
cc:  Joanne M. Cicala, Esq.

Exhibit D




**BOSTON LOS ANGELES PHOENIX SEATTLE**

hagens-berman.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

STEVE W. BERMAN
(206) 224-9320
steve@hagens-berman.com

April 19, 2004

***Via Facsimile***

Mr. Aaron Hovan
Kirby McInerney & Squire, LLP
830 Third Avenue
New York, NY 10022

      Re:    <u>In re Pharmaceutical Industry Average Wholesale Price Litigation</u>
               MDL No. 1456

Dear Mr. Hovan:

      This responds to your letters of April 12 and 15.

      When defendants make documents available we will ask them to so inform you. As we understand it, you are not entitled to all documents from the fast track defendants and class counsel does not want to be turning over documents we receive that you are not entitled to. So we see our function here as liaison is to ask defendants to inform you of what documents they will produce to your clients.

                             Sincerely,

                             Steve W. Berman

SWB:hw

cc:    AWP Plaintiffs Counsel (via verilaw)

1534.16 0099 LTR.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2004, I caused a true and correct copy of the foregoing Motion for Clarification Respecting Coordinated Discovery to be served on all counsel of record by electronic service, pursuant to Case Management Order No. 2 entered by the Honorable Patti D. Saris in MDL 1456.

*/s/ Lloyd Donders*
Lloyd Donders