**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL Docket No. 1456 |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | ) ) ) ) ) | Judge Patti B. Saris |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS CREATED DURING THE RELEVANT TIME PERIOD FROM DEFENDANTS ABBOTT LABORATORIES, ASTRAZENECA, SCHERING PLOUGH, SICOR AND TOGETHER Rx DEFENDANTS**

## I.    INTRODUCTION

Since the inception of this litigation, the "Relevant Time Period" at issue has been

January 1, 1991 to the present. This is the Class Period specified in the complaints and the time

period on which the parties – *including defendants themselves* – have framed their discovery

requests. Certain defendants[1] now refuse to produce documents and information created prior to

1997 or after September 2002, despite consistently demanding that all plaintiffs' health care

funds and third parties produce documents from these periods (which plaintiffs have done). The

Together Rx defendants refuse to produce documents generated after June 12, 2003.[2]

Accordingly, plaintiffs seek an order compelling these defendants to do exactly what they

---

[1] The certain defendants are Abbott Laboratories, AstraZeneca, Schering Plough, Sicor and Together Rx. Defendant Baxter has preliminarily advised that it will not produce documents from the entirety of the Relevant Time Period; however, the meet and confer process with Baxter is not yet complete.

[2] The Together Rx defendants are Together Rx, AstraZeneca, Johnson & Johnson and GSK. Defendant Aventis is also a Together Rx defendant, but, due to scheduling conflicts, and meet and confer session has not yet been held with respect to Aventis.

- 1 -

demanded of plaintiffs and third parties — produce documents creating during the entire Relevant Time Period.[3]

## II. FACTUAL BACKGROUND

Each set of plaintiffs' discovery requests served in this case calls for the production of documents created from January 1, 1991, to the date of production (the "Relevant Time Period"), including "all documents and information which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period." *See* Plaintiffs' Request for Production of Documents to Defendants Aventis, *et al.* (Part IV defining Relevant Time Period) (Exhibit 1); Plaintiffs' Second Request for Production of Documents to Defendants Aventis, *et al.* (Part IV defining Relevant Time Period) (Exhibit 2); Plaintiffs' Omnibus Requests for Production and Interrogatories to Defendants Abbott, *et al.* (Part V defining Relevant Time Period) (Exhibit 3). This Relevant Time Period corresponds to the Class Period defined in the Amended Master Consolidated Class Action Complaint (the "AMCC") and the original Master Consolidated Class Action Complaint ("MCC"). *See* AMCC ¶ 596; MCC ¶ 334.

Most defendants have objected to the definition of Relevant Time Period.[4] In meet and confers regarding defendants' discovery responses, the defendants subject to this motion have already confirmed that they will not produce documents and information created prior to 1997 or

---

[3] Pursuant to the timelines set forth in Case Management Order No. 10, the parties are to present to the Court any disputes within 30 days of service of a discovery request. At the present time, there are no disputes other than the one present herein.

[4] *See, e.g.,* Defendant AstraZeneca Pharmaceutical LP's Objections and Responses to Plaintiffs' Omnibus Requests for Production and Interrogatories with Respect to Drugs that Were Not Previously Subject to Discovery at 2 (Exhibit 4); B. Braun of America Inc.'s Objections and Responses to Plaintiffs' Omnibus Requests for Production and Interrogatories at 10 (Exhibit 5); GlaxoSmithKline's Answers and Objections to Plaintiffs' Omnibus Requests for Production and Interrogatories at 5 (Exhibit 6); Johnson & Johnson, Janssen Pharmaceutical Products, L.P., and McNeil-PPC Inc.'s Responses to Plaintiffs' Omnibus Request for Production of Documents and Interrogatories at 4 (Exhibit 7); Response of Schering-Plough Corporation and Warrick Pharmaceuticals Corporation to Plaintiffs' Omnibus Requests for Production and Interrogatories at 4 (Exhibit 8).

after September, 2002 (the latter being the date that the MCC was filed). Berman Declaration in

Support of Motion to Compel the Production of Documents Created During the Relevant Time

Period ("Berman Decl.") at ¶ 3 (discussing meet and confers held with defendants Abbott,

AstraZeneca, Schering, Sicor and Together Rx). The Together Rx defendants refuse to produce

documents created after June 12, 2003, the date on which plaintiffs filed for leave to file the

AMCC. *Id.* at ¶ 4.[5]

### III.   ARGUMENT

The Court should overrule defendants' objections to the Relevant Time Period and grant

plaintiffs' motion for the several reasons discussed below. Not only has the Court heretofore

refused to limit the Relevant Time Period, defendants themselves have sought and received

documents created during the entirety of the Relevant Time Period. Defendants should not be

permitted to escape their obligation to produce all documents relating to the issues in this case,

particularly when defendants themselves have demanded that others produce documents created

from 1991 to the present.

**A.     The Class Period Is January 1, 1991 To The Present, And The Court Has Thus Far
        Declined To Limit It**

The Class Period defined in the AMCC is January 1, 1991 to the present, AMCC ¶ 596,

and the Court has not limited this period. Indeed, that Class Period was first pled in the MCC

filed in September, 2002.

---

[5] The discovery requests to the Together Rx defendants define Relevant Time Period as January 1, 2001 to the
date of production.

The AMCC also cites to relevant evidence dating well before 1997 as the following examples reveal.[6]  For instance, Abbott recognized as early as 1993 that its customers routinely engaged in "spread shopping" – comparing Abbott's AWPs with those of its competitors in order to determine the greatest spread (and therefore sell or administer the drug with the greatest spread).  AMCC ¶ 206.  Further, Abbott's 1996 Pricing Guidelines reveal that Abbott rewards PBMs based on the degree of influence they exert to drive utilization of Abbott products.  AMCC ¶ 207.

An AstraZeneca document created prior to 1997 demonstrates that AstraZeneca has controlled and set the AWPs for its pharmaceutical products through direct communications with industry compendia during the Class Period.  AMCC ¶ 235.  Other documents created prior to 1997 confirm that AstraZeneca marketed the spread for its Lupron drug.  AMCC ¶¶ 240, 248.

A document from 1995 confirms that defendant Baxter has also controlled and set the AWPs for its pharmaceutical products through direct communications with industry compendia during the Class Period.  AMCC ¶ 276.  Furthermore, a Baxter January 6, 1992, inter-office memorandum informs employees that Baxter has "adjusted our AWPs to meet competitive levels."  AMCC ¶ 278.  Other Baxter documents pre-dating 1997 have important bearing on Baxter's liability in this case.  *See* AMCC ¶¶ 281-82.

With regard to defendant Aventis, a document pre-dating 1997 discusses the meaning of AWP; a 1995 "SALES AND FREE GOODS STATUS" memo reveals that Aventis issued millions of "free goods units" to a single customer; and a document from 1996 reveals that Aventis increased AWPs for its Gammar product line to keep provider and intermediary

---

[6] Rather than provide an exhaustive inventory of the many pre-1997 documents relevant to this litigation, plaintiffs cite only a few below.

reimbursement levels competitive with those created by the inflated AWPs of other manufacturers. AMCC ¶¶ 252, 258, 265.

Documents dating back to 1993 demonstrate that the Schering Plough Group has controlled and set the AWPs for its pharmaceutical products through direct communications with industry compendia during the Class Period and that Schering recognized that intermediaries choose drugs based on favorable AWP spreads. AMCC ¶¶ 481-82.

*Obviously, defendants' acts and practices occurring prior to 1997 have critical relevance to the Class Period and should be produced.* And although defendants have complained about the burden of searching through files from the early '90s, as discussed in further detail below, defendants have placed that burden on plaintiffs and certain third parties.

Moreover, in moving to dismiss the MCC, defendants sought to dismiss plaintiffs' allegations of fraudulent concealment, a challenge that the Court rejected. *In re Pharmaceutical Industry Average Wholesale Price Litig.*, 263 F. Supp. 2d 172, 195 (D. Mass. 2003) (because the issue of fraudulent concealment "only affects the amount of damages, I do not address it now."). Having lost this issue once, defendants should not be permitted to challenge the Class Period in the context of discovery proceedings. Nor would it be appropriate to invoke statute of limitation issues at this time and before discovery is complete. *See, e.g., Santiago Hodge v. Parke Davis & Co.*, 909 F.2d 628, 633 (1st Cir. 1990) ("it was for the jury to determine when [plaintiffs] ... could be charged with having sufficient knowledge to trigger the statute of limitations").

Finally, the Together Rx defendants should be compelled to produce documents generated after June 12, 2003. Because plaintiffs allege that the Together Rx defendants are engaged in an ongoing conspiracy that did not end on the date of the filing of the AMCC, documents that post-date June 12, 2003 are relevant and should be produced.

- 5 -

**B.      Defendants' Own Relevant Time Period Is January 1, 1991 To The Present**

Highlighting defendants' hypocrisy on this issue, defendants *themselves* have vigorously

pursued documents created from 1991 to the present. *See, e.g.*, Defendants' First Request for

Production of Documents to Plaintiff Funds at Request Nos. 4-11, 24 (seeking the production of

a wide variety of documents "[f]or the period 1991 to the present") (Exhibit 9); Defendants' First

Request for Production of Documents to Plaintiff Associations at Request Nos. 2-9 (same)

(Exhibit 10).  In response to these requests, plaintiffs have produced documents and data

extending back to the early '90s and continue to search for relevant documents from this era.

Berman Decl. at ¶ 5.

Moreover, defendants have served subpoenas on over 40 health plan class members,

defining the Relevant Time Period as:

> Unless otherwise stated, these requests call for the
> production of all documents identified in the requests that were
> generated and/or maintained during the period January 1, 1991 to
> the date of production (the "Relevant Time Period"), or refer or
> relate to the Relevant Time Period.

*See, e.g.*, Subpoena to MedImpact Healthcare Systems, Inc. at 9 (Exhibit 11).

Indeed, in this case defendants have sought information pre-dating 1991.  For example,

defendants served subpoenas on 33 Medicare Part B carriers demanding documents dating all the

way back to January 1, 1985. *See, e.g.,* Subpoena to United Healthcare Medicare Part B,

Schedule A, Instructions at ¶ 1 ("In responding to each document request, you should conduct a

diligent search for, and produce all documents in your possession, custody or control that were

created on or after January 1, 1985.") (Exhibit 12); *see also* Subpoena to Medicare Payment

Advisory Commission, Schedule A, Instructions at ¶ 1 (providing the same instruction) (Exhibit

13); Subpoena to Comptroller General of the United States (providing the same instruction)
(Exhibit 14).

And, consistent with their prior position, defendants continue to demand that plaintiffs
produce information created from 1991 up until the present. *See, e.g.,* April 29, 2004 letter from
defense counsel Jessica Golden regarding plaintiff Vermont Public Interest Research Group's
supplemental production (Exhibit 15). Among the documents demanded in that letter are:

- All "call sheets" from 1991-present memorializing communications with
  members regarding healthcare and prescription drug issues.

- All materials and requests for proposals regarding VPIRG's choice of health plan
  for its staff since 1991, including all materials regarding staff vote and choice of
  Blue Cross/Blue Shield in 2003.

- All correspondence from 1991-present to/from the "loose coalition" of not-for-
  profit groups identified by Ms. Cary at her deposition regarding joint advocacy
  for legislative initiatives on healthcare issues.

- All communications (including e-mail)/materials from 1991-present from
  members regarding healthcare issues . . . .

Defendants have requested, received and continue to vigorously pursue information
created from 1991 to the present day (and, in some instances, before 1991). Yet, these same
defendants refuse to produce *their own* documents created prior to 1997 or after September 6,
2002. Defendants cannot have it both ways.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant plaintiffs' motion and compel
defendants to produce documents that were created from January 1, 1991, to the date of
production – the same "Relevant Time Period" that defendants have used in the discovery that
defendants have served on plaintiffs and third parties.

- 7 -

DATED: May 3, 2004

By   Steve W. Berman, signature on file
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Kevin P. Roddy
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Samuel Heins
Brian Williams
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
**CHAIRS OF LEAD COUNSEL
COMMITTEE**

Marc H. Edelson
Alan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

- 8 -

Kenneth A. Wexler
Elizabeth Fegan Hartweg
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
**MEMBERS OF LEAD COUNSEL
COMMITTEE AND EXECUTIVE
COMMITTEE**

Michael McShane
Alexander, Hawes & Audet, LLP
300 Montgomery Street, Suite 400
San Francisco, CA  94104
Telephone: (415) 982-1886
Facsimile: (415) 576-1776

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
Shreveport, LA 71103
Telephone: (318) 226-0826
Facsimile: (318) 424-9900
**MEMBERS OF EXECUTIVE
COMMITTEE**

Anthony Bolognese
Bolognese & Associates
One Penn Center
1617 JFK Boulevard
Suite 650
Philadelphia, PA  19103
Tel:  (215) 814-6750
Fax:  (215) 814-6764

Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Avenue, N.E.
Suite 300
Washington, D.C. 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

- 9 -

Neal Goldstein (Of Counsel)
Freedman & Lorry, PC
400 Market Street, Suit 900
Philadelphia, PA 19106
Tel: (215) 925-8400
Fax: (215) 925-7516

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL  33134
Tel:  (305) 357-9000
Fax: (305) 357-9050

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street
Suite 1700
San Diego, CA  92101
Tel:  (619) 338-1133
Fax: (619) 338-1139

Jonathan D. Karmel
Karmel & Gilden
221 N. LaSalle Street
Suite 1414
Chicago, IL  60601
Tel: (312) 641-2910
Fax: (312) 641-0781

Dianne M. Nast
Roda & Nast, PC
801 Estelle Drive
Lancaster, PA 17601
Tel: 717-892-3000
Fax: 717-892-1200

1534.16 0054 MTN.DOC

Henry H. Rossbacher
Rossbacher & Associates
811 Wilshire Boulevard,
Suite 1650
Los Angeles, CA 90017-2666
Tel:  (213) 895-6500
Fax:  (213) 895-6161

Jonathan Shub
Sheller, Ludwig & Badey, P.C.
1528 Walnut Street, 3rd fl
Philadelphia, PA  19102
Tel:  (215) 790-7300
Fax:  (215) 546-0942

Scott R. Shepherd
Shepherd & Finkleman, LLC
117 Gayley Street,
Suite 200
Media, PA 19063
Tel:  (610) 891-9880
Fax:  (610) 891-9883

Lisa J. Rodriguez
Ira Neil Richards
Trujillo Rodriguez& Richards, LLC
The Penthouse
226 West Rittenhouse Square
Philadelphia, PA  19103
Tel:  (215) 731-9004
Fax:  (215) 731-9044

Mitchell A. Toups
Weller, Green, Toups & Terrell, L.L.P.
2615 Calder Street, Suite 400
P.O. Box 350
Beaumont, TX  77704
Tel: (409) 838-0101
Fax: 409-838-6780

- 11 -

Damon Young
Lance Lee
Young, Pickett & Lee
4122 Texas Boulevard
P.O. Box 1897
Texarkana, AR/TX  75504
Tel: (903) 794-1303
Fax: 903-792-5098; 903-794-5098
**ADDITIONAL ATTORNEYS FOR
PLAINTIFFS**

1534.16 0054 MTN.DOC

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS CREATED DURING THE RELEVANT TIME PERIOD to be served on all counsel of record electronically on May 3, 2004, pursuant to Section D of Case Management Order No. 2.

Steve W. Berman
**HAGENS BERMAN LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
(206) 623-7292

- 13 -

1534.16 0054 MTN.DOC

# EXHIBIT 1

6|19|03

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

MDL No. 1456

CIVIL ACTION: 01-CV-12257-PBS

Judge Patti B. Saris

THIS DOCUMENT RELATES TO
01-CV-12257-PBS AND 01-CV-339

## PLAINTIFFS' AMENDED FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ASTRAZENECA, AVENTIS, DEY, FUJISAWA, ABBOTT, BAXTER, BOEHRINGER, BRAUN, BMS, GSK, IMMUNEX, PHARMACIA, SCHERING-PLOUGH AND WATSON

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the District Court for the District of Massachusetts, Plaintiffs hereby request that you produce the documents requested herein within thirty (30) days.

## I.    DEFINITIONS

1.    "Document(s)" is used in the broadest possible sense and means without limitation, any written, printed, typed, photostated, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings. Without limiting the generality of the foregoing,

PLAINTIFFS' AMENDED FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS TO
ASTRAZENECA, ET AL.

- 1 -

10.     Documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

11.     Documents attached to each other should not be separated.

12.     Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this discovery request, or if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

## IV.     RELEVANT TIME PERIOD

The relevant period of these document requests, unless otherwise indicated, shall be from January 1, 1991, to the date of production and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

## V.     REQUESTS FOR PRODUCTION

1.     All documents produced by you, whether voluntarily or involuntary, in any governmental investigation or inquiry related to the use of AWP in Medicare or Medicaid reimbursement.

2.     All documents received from or provided to any trade association (such as the Pharmaceutical Research and Manufacturers of America), and any of its organizational subcommittees, including meeting agendas and minutes, related to (i) any Covered Drug; (ii) Medicare; (iii) the AWP for Covered Drugs, which, in accordance with Health Care Financing

PLAINTIFFS' AMENDED FIRST REQUEST          - 8 -
FOR PRODUCTION OF DOCUMENTS TO
ASTRAZENECA, ET AL.

1534.16 0003 DSC.DOC

# EXHIBIT 2

12|19

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | |

### PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO AVENTIS, ABBOTT, AMGEN, BMS, JOHNSON & JOHNSON, GSK, HOFFMAN, IMMUNEX AND SCHERING-PLOUGH

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the District Court for the District of Massachusetts, Plaintiffs hereby request that you produce the documents requested herein within thirty (30) days.

## I.   DEFINITIONS

1.      "Document(s)" is used in the broadest possible sense and means without limitation, any written, printed, typed, photostated, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof.  This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings.  Without limiting the generality of the foregoing,

10.    Documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

11.    Documents attached to each other should not be separated.

12.    Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this discovery request, or if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

## IV.    RELEVANT TIME PERIOD

The relevant period of these document requests, unless otherwise indicated, shall be from January 1, 1991, to the date of production and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

## V.    REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

For the period 1991 to the present, all documents relating to or reflecting any definition or meaning of AWP.

RESPONSE:


REQUEST FOR PRODUCTION NO. 2:

For the period 1991 to the present, all documents that reflect, discuss, memorialize, or otherwise relate to the setting of reimbursement or payment rates for any subject drug.

# EXHIBIT 3



**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

IN RE PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE )　　MDL No. 1456
LITIGATION )
　　　　　　　　　　　　　　　　　　　　 )　　CIVIL ACTION: 01-CV-12257-PBS
　　　　　　　　　　　　　　　　　　　　 )
THIS DOCUMENT RELATES TO )　　Judge Patti B. Saris
01-CV-12257-PBS AND 01-CV-339 )
　　　　　　　　　　　　　　　　　　　　 )

**PLAINTIFFS' OMNIBUS REQUESTS FOR PRODUCTION AND INTERROGATORIES
TO DEFENDANTS ABBOTT, AMGEN, AVENTIS, BAXTER, BAYER, BOEHRINGER,
BRAUN, DEY, FUJISAWA, NOVARTIS, PFIZER, PHARMACIA, SICOR, TAP AND
WATSON AND TO ALL OTHER DEFENDANTS WITH RESPECT TO DRUGS
THAT WERE NOT PREVIOUSLY SUBJECT TO DISCOVERY**

　　　　Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and LR D. Mass.
26.5 and 34.1, and pursuant to case management orders of this Court including the March 25,
2004 Order, the plaintiffs hereby request that each defendant produce the documents requested
herein in compliance with the March 25, 2004 Order.

　　　　Prior to the Court's March 25, 2004 Order, several defendants commenced production for
specific drugs pursuant to prior document requests.  This Omnibus Request does not seek
production of documents to the extent that such documents were both previously requested and
actually produced by a defendant.

**I.　　DEFINITIONS**

　　　　1.　　"Agreement" means a contract, arrangement or understanding, formal or informal,
oral or written, between two or more persons.

　　　　2.　　"All documents" means every document and every non-identical copy known to
you and every such document or writing which you can locate or discover by reasonably diligent
efforts, including, but not limited to, documents now in the possession, custody or control of a
defendant, its merged or acquired predecessors, its former and present directors, officers,
counsel, agents, employees and/or persons acting on its behalf.

　　　　3.　　"AMCC" means the Amended Master Consolidated Complaint.

　　　　4.　　"AMP" or "Average Manufacturer Price" shall have the meaning set forth in 42
U.S.C. § 1396r-8(k)(1).

　　　　5.　　"Any" means one or more.

　　　　6.　　"ASP" means average sales price.

-1-



## V.    RELEVANT TIME PERIOD

The relevant period of these document requests, unless otherwise indicated, shall be from January 1, 1991, to the date of production and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

## VI.    REQUESTS FOR PRODUCTION

### Category 1:  General Corporate

1.    All documents sufficient to identify your policy or practice of document retention, destruction, disposal or preservation during the relevant time period.

2.    All current and historical organizational charts for all of your sales, marketing and pricing departments or divisions.

3.    Any and all company, organizational and policy information in its entirety, including but not limited to corporate policy and procedure manuals, and policy memoranda.

4.    Documents sufficient to identify your electronic mail, document management and other automated information systems.

5.    Documents sufficient to identify your electronic mail retention policies.

6.    Documents evidencing steps were taken by you (if any) from January 1, 2001 to the present to insure that discoverable information with respect to average wholesale price litigation is not destroyed or otherwise made unavailable.

7.    Documents sufficient to identify your policies and procedures concerning the back-up of data for your financial and your marketing, sales and promotion divisions, including but not limited to, the frequency of back-ups, all software and hardware used to perform back-ups, and all media onto which data is backed-up.

### Category 2:  Trade Associations

8.    All documents received from or provided to any trade association (such as the Pharmaceutical Research and Manufacturers of America), and any of its organizational subcommittees, including meeting agendas and minutes, concerning (i) Medicare reimbursement for drugs and/or the use of AWP in the reimbursement process; (ii) publications identified in Health Care Financing Administration Program Memorandum AB-99-63, including the *Red Book*, *Blue Book*, and *Medispan* ("pharmaceutical industry publications"); or (iii) a Government Investigation or inquiry as to the use of AWP in the reimbursement process.

# EXHIBIT 4



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            )
In re: PHARMACEUTICAL INDUSTRY              )
AVERAGE WHOLESALE PRICE                      )
LITIGATION                                   ) MDL NO. 1456
                                            )
                                            )
- - - - - - - - - - - - - - - - - - - - - - - - - - - x Civil Action No. 01-12257-PBS
                                            )
THIS DOCUMENT RELATES TO                     ) Judge Patti B. Saris
                                            )
                                            )
01-CV-12257-PBS and 01-CV-339                )
                                            )
                                            )
                                            )
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S
OBJECTIONS AND RESPONSES TO PLAINTIFFS' OMNIBUS
REQUESTS FOR PRODUCTION AND INTERROGATORIES WITH
RESPECT TO DRUGS THAT WERE NOT
PREVIOUSLY SUBJECT TO DISCOVERY**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure,

Defendant AstraZeneca Pharmaceuticals LP, itself and by its undersigned

counsel, hereby objects and responds to Plaintiffs' Omnibus Request for

Production and Interrogatories with Respect to Drugs that Were Not Previously

Subject to Discovery ("Requests and Interrogatories").[1]

---

[1] Although named as a defendant, Zeneca, Inc. has never been served with the Amended
Master Consolidated Class Action Complaint.  The entity referred to as AstraZeneca US does not
exist.



## GENERAL OBJECTIONS

AstraZeneca makes the following General Objections, which apply to Plaintiffs' Omnibus Requests for Production and Interrogatories in its entirety, including its sections titled Definitions, Rules of Construction, Instructions, Drugs at Issue, and Relevant Time Period:

      1.     AstraZeneca objects to requests for the production of documents created prior to January 1, 1997 and to requests for information from that period on the grounds that such documents and information are not relevant to the subject matter of the pending action and are not reasonably calculated to lead to the discovery of admissible evidence. AstraZeneca further objects to any requests for the production of documents created after the date of filing of the Master Consolidated Class Action Complaint, on September 6, 2002 and to any requests for information from that period on the same ground. AstraZeneca intends to conduct reasonably diligent searches in response to the Requests and will produce responsive, non-privileged documents and answer interrogatories for the period January 1, 1997 through September 6, 2002.

      2.     AstraZeneca objects to the Requests and Interrogatories on the grounds that they seek documents or information that are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence, are overly broad, unduly burdensome, ambiguous, and vague.

# EXHIBIT 5



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

)
IN RE PHARMACEUTICAL INDUSTRY    )    MDL No. 1456
AVERAGE WHOLESALE PRICE       )
LITIGATION                     )    CIVIL ACTION: 01-CV-12257-PBS
                                 )
                                 )    Judge Patti B. Saris
THIS DOCUMENT RELATES TO:    )
                                 )
01-CV-12257-PBS and 01-CV-339    )
                                 )

## B. BRAUN OF AMERICA INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' OMNIBUS REQUESTS FOR PRODUCTION AND INTERROGATORIES



### III.    RELEVANT TIME PERIOD

BBA objects to the plaintiffs' "relevant time period" as overly broad, unduly

burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence to the extent that the plaintiffs seek documents or information prior to January 1, 1997

or subsequent to September 6, 2002.

### SPECIFIC OBJECTIONS

### IV.    REQUESTS FOR PRODUCTION

#### *Category 1: General Corporate*

**REQUEST FOR PRODUCTION NO. 1:**

All documents sufficient to identify your policy or practice of document retention, destruction, disposal or preservation during the relevant time period.

**RESPONSE:**

BBA objects to this Request to the extent it calls for information protected by the

attorney-client privilege, the work product doctrine, or any other applicable protection against

disclosure.  Subject to this objection and to BBA's General Objections, available responsive,

non-privileged documents will be produced sufficient to provide the requested information.

**REQUEST FOR PRODUCTION NO. 2:**

All current and historical organizational charts for all of your sales, marketing and pricing departments or divisions.

**RESPONSE:**

Subject to BBA's General Objections, available responsive, non-privileged documents

will be produced sufficient to provide the requested information.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all company, organizational and policy information in its entirety, including but not limited to corporate policy and procedure manuals, and policy memoranda.

10

# EXHIBIT 6



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

MDL No. 1456

CIVIL ACTION: 01-CV-12257-PBS

Judge Patti B. Saris

THIS DOCUMENT RELATES TO
01-CV-12257-PBS AND 01-CV-339

## GLAXOSMITHKLINE'S ANSWERS AND OBJECTIONS TO
## PLAINTIFFS' OMNIBUS REQUESTS FOR PRODUCTION AND INTERROGATORIES

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, the

Local Rules of the District Court for the District of Massachusetts, Case Management Orders

("CMO") Nos. 5, 7 and 10, and the Court's November 21, 2003 Bench ruling, Defendant

SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK"), by its undersigned counsel,

hereby responds to Plaintiffs' Omnibus Requests for Production ("Requests") and

Interrogatories, served on March 31, 2004, as follows:

## I.    PRELIMINARY STATEMENT

Preliminarily, GSK states as follows:

1.    By responding to these Requests and Interrogatories, GSK does not waive

or intend to waive: (a) any objections as to the competency, relevancy, materiality, privilege, or

admissibility as evidence, for any purpose, of any documents or information produced in

response to the Requests and/or Interrogatories; (b) the right to object on any ground to the use

of the documents or information produced in response to the Requests and/or Interrogatories at



8.      GSK objects to Instruction No. 2 to the extent it calls for documents generated or assembled either prior to October 26, 1997 or after September 6, 2002, the date on which the Master Consolidated Class Action Complaint was filed, on the ground that such documents are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

9.      GSK objects to Instruction No. 3 as inconsistent with the Federal Rules of Civil Procedure, this Court's local rules, the Federal Rules of Evidence, and federal case law to the extent it seeks to waive any objection not made in GSK's Answers and Objections to Plaintiffs' Requests and Interrogatories.

10.     GSK objects to Instruction No. 6 to the extent it demands that when redacting a document for privilege, GSK must stamp the word "redacted" on each page of the document.

11.     GSK objects to Instruction No. 8 to the extent that it requires production of original documents. This instruction is inconsistent with the Federal Rules of Civil Procedure and an agreement already reached with Plaintiffs' counsel.

12.     GSK objects to Instruction No. 9 to the extent it demands that all documents be produced in the original file folder, envelopes, or other containers in which the documents are kept by GSK. This instruction is inconsistent with the Federal Rules of Civil Procedure and an agreement already reached with Plaintiffs' counsel.

13.     GSK objects to Instruction No. 12 to the extent that it is contrary to or inconsistent with the Federal Rules of Civil Procedure. GSK further objects to Instruction No. 12 to the extent it requires or seeks to require GSK: to produce documents or data in a particular form or format; to convert documents or data into a particular or different file format; to produce

# EXHIBIT 7



WILLIAM F. CAVANAUGH, JR.
ANDREW D. SCHAU
ERIK HAAS
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036-6710
(212) 336-2000
ATTORNEYS FOR DEFENDANTS JOHNSON & JOHNSON, JANSSEN PHARMACEUTICA PRODUCTS, L.P.,
AND MCNEIL-PPC INC.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
|  | CIVIL ACTION:  01-CV-12257-PBS |
|  | JUDGE PATTI B. SARIS |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 |  |

## JOHNSON & JOHNSON, JANSSEN PHARMACEUTICA PRODUCTS, L.P., AND MCNEIL-PPC INC.'S RESPONSES TO PLAINTIFFS' OMNIBUS REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES

Defendants Johnson & Johnson, Janssen Pharmaceutica Products, L.P., and

McNeil-PPC, Inc., (Collectively, the "J&J Companies"), by their attorneys Patterson, Belknap,

Webb & Tyler LLP, make the following responses to "Plaintiffs' Omnibus Request for Production

of Documents and Interrogatories to Defendants Abbott, Amgen, Aventis, Baxter, Bayer,

Boehringer, Braun, Dey, Fujisawa, Novartis, Pfizer, Pharmacia, Sicor, Tap and Watson and to all

Other Defendants with Respect to Drugs That Were not Previously Subject to Discovery," dated

March 31, 2004 (the "requests").



9.      The J&J Companies object to the definition of "Government Investigation" as set forth in Definition No. 17 as overly broad because it is unlimited in time frame. This definition is also vague as to the reference to investigations by the "Department of Health and Home Services" and "Office of the United States Inspector General" because no such governmental departments exist. Notwithstanding these objections, for the purpose of these requests, the J&J Companies defines "government investigation" to include only those areas of inquiry by the Commerce, Energy, and/or Ways and Means Committees of the United States House of Representatives, or subcommittees thereof, the United States Department of Justice, the United States General Accounting Office, the Federal Trade Commission, and the United States Department of Health and Human Services, if any, relating to the drugs at issue and the use of AWP in Medicare (and/or Medicaid) reimbursement from January 1, 1997 to September 6, 2002.

10.     The J&J Companies object to the "relevant time period" to the extent it calls for documents generated or assembled before January 1, 1997 and after September 6, 2002 on the ground that such documents are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

11.     The J&J Companies object to all requests that call for the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

12.     The J&J Companies object to Instruction No. 9 to the extent it demands that the J&J Companies produce all documents in the original file folders, envelopes, or other containers in which the documents are kept. The J&J Companies will use reasonable efforts to produce copies of all labels or other identifying marks on such original file folders, envelopes or other containers.

4

# EXHIBIT 8



# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

)
IN RE PHARMACEUTICAL INDUSTRY   )
AVERAGE WHOLESALE PRICE   )
LIGITATION   )
   )   MDL No. 1456
———————————————   )   Civil Action No. 01-12257-PBS
   )   Judge Patti B. Saris
THIS DOCUMENT RELATES TO   )
01-CV-12257-PBS AND 01-CV-339   )
   )
   )
———————————————   )

## RESPONSE OF SCHERING-PLOUGH CORPORATION AND WARRICK PHARMACEUTICALS CORPORATION TO PLAINTIFFS' OMNIBUS REQUESTS FOR PRODUCTION AND INTERROGATORIES

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, and the Local

Rules of the United States District Court for the District of Massachusetts, Defendants, Schering-

Plough Corporation and Warrick Pharmaceuticals Corporation (collectively "Schering") by their

undersigned counsel, hereby respond to Plaintiffs' Omnibus Requests for Production and

Interrogatories (the "Omnibus Requests"; the "Requests") as follows:

### PRELIMINARY STATEMENT

1.    By responding to the Requests, Schering does not waive or intend to waive:

(a) any objections as to the competency, relevancy, materiality, privilege or admissibility as

evidence, for any purpose, of any documents or information produced in response to the

Requests; (b) the right to object on any ground to the use of the documents or information

produced in response to the Requests at any hearing or trial; (c) the right to object on any ground

at any time to a demand for further responses to the Requests; or (d) the right at any time to

revise, correct, add to, supplement, or clarify any of the responses contained herein.

9425492_3



for purposes of these Requests, Schering defines "government investigation" as including only those areas of inquiry by the Commerce, Energy and/or Ways and Means Committees of the United States House of Representatives, or subcommittees thereof, the United States Department of Justice, the United States General Accounting Office, the Federal Trade Commission, and the United States Department of Health and Human Services relating to Schering's and Warrick's drugs listed in Appendix B to the AMCC (the "Subject Drugs") and use of AWP in Medicare reimbursement.

8.      Schering objects to these Requests to the extent that they call for documents concerning non-prescription drugs on the ground that such documents are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

9.      Schering objects to these Requests to the extent they seek information regarding drugs that are not listed in the AMCC on the ground that such documents are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

10.      Schering objects to Instruction No. 2 and to each Request to the extent it calls for documents generated or assembled either prior to January 1, 1997, or after September 6, 2002, on the ground that such documents are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

11.      Schering objects to Instruction No. 6 and to each Request to the extent it demands that, when redacting a document for privilege, Schering must stamp the word "redacted" on each page of the document. Schering will identify redacted portions of documents in a privilege log.

# EXHIBIT 9



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          )
In re: PHARMACEUTICAL INDUSTRY            )
AVERAGE WHOLESALE PRICE                   ) MDL NO. 1456
LITIGATION                                )
                                          )
                                          ) Civil Action No. 01-12257-PBS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          ) Judge Patti B. Saris
THIS DOCUMENT RELATES TO ALL              )
ACTIONS                                   )
                                          )
                                          )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FUNDS

By their counsel, the Defendants listed on Exhibit A hereby request, pursuant to

Rules 26 and 34 of the Federal Rules of Civil Procedure, that all plaintiff Funds produce within

thirty (30) days of service the documents listed below.

### DEFINITIONS

1.   "Fund" or "Funds" means any and/or all of the plaintiff health and welfare

funds identified in the Amended Master Consolidated Complaint, including, without limitation,

Teamsters Health & Welfare Fund of Philadelphia and Vicinity, Board of Trustees of Carpenters

and Millwrights of Houston and Vicinity Welfare Trust Fund, Twin Cities Bakery Workers

Health and Welfare Fund, United Food and Commercial Workers Unions and Employers

Midwest Health Benefits Fund, Philadelphia Federation of Teachers Health and Welfare Fund,

and Man-U Service Contract Trust Fund, and any of their past or present trustees, officials,

officers, fiduciaries, third-party administrators, representatives, agents, assigns, attorneys,



3.  All documents relating or referring to the difference, if any, between any payments made by you to PBMs and any payments made by PBMs to others for Subject Drugs, including, without limitation, payments made by PBMs to retailers, payments received by PBMs from retailers, rebates received by you from any PBM and rebates received by PBMs from manufacturers.

4.  For the period 1991 to the present, all documents relating or referring to AWPs for drugs and all documents reflecting any difference between an AWP and an actual payment by anyone for a drug.

5.  For the period 1991 to the present, all documents relating or referring to any definition or meaning of AWP.

6.  For the period 1991 to the present, to the extent not otherwise produced, all documents concerning AWP, AMP, WAC, MAC, EAC, Best Price or any other drug pricing or reimbursement information for the Subject Drugs.

7.  For the period 1991 to the present, all documents concerning any requests by you for any information concerning the pricing or reimbursement for Subject Drugs.

8.  For the period 1991 to the present, all documents concerning your decision to rely on, reliance on, or use of drug pricing information published by any Publisher.

9.  For the period 1991 to the present, all documents created by or received from any Publisher, including but not limited to drug pricing information, and communications, memoranda, contracts or agreements between you and any Publisher.

10. For the period 1991 to the present, all documents provided to, created by or received from CMS, United States Department of Health and Human Services, The Health and Human Services Office of the Inspector General, the General Accounting Office, Congress or



any other federal institution, agency, department, or office regarding the pricing of prescription drugs.

11. For the period 1991 to the present, all documents concerning any internal or external, formal or informal, assessments, studies, analyses, reviews or audits regarding drug pricing or reimbursement amounts or rates for the Subject Drugs.

12. All communications between you and PBMs relating or referring to the Subject Drugs, including, without limitation, invoices, evidence of payments, performance reports, presentations made by PBMs, formulary descriptions, claims against PBMs, responses to claims by PBMs, formulary rebates, formulary rebate audit reports, remittances, drug cost models and annual client reviews.

13. All communications between you and any Third Party Administrator, Benefit Consultant, Auditor, Retailer, Mail Order Pharmacy, Independent Practice Association and/or Provider relating or referring to Subject Drugs.

14. All documents relating or referring to your relationships with Participants and Beneficiaries insofar as they cover Subject Drugs, including, without limitation, summary plan documents, detailed plan documents, adoption agreements and/or all amendments thereto, summaries of material modifications, riders, addenda and co-payment schedules.

15. All communications between you and Participants or Beneficiaries relating or referring to Subject Drugs, including, without limitation, invoices from Providers, payments to Providers, claims materials, marketing materials, coverage materials, benefit evaluations, benefit decisions, reimbursements, discounts or medigap coverage.



16. All documents relating or referring to any Participant or Beneficiary that bought Subject Drugs, including, without limitation, any co-payments made by any Participant or Beneficiary, and any damages arising from such purchases.

17. Documents sufficient to identify all of your Participants and Beneficiaries.

18. All Documents which reflect, discuss, memorialize, or otherwise relate to the setting of reimbursement rates for any Subject Drug.

19. All Documents which you or someone acting on your behalf relied upon in setting reimbursement rates for any Subject Drug.

20. All documents relating or referring to any relationships with insurers insofar as they cover Subject Drugs, including, without limitation, base medical contracts, contracts for facilities or contracts with Providers.

21. All documents relating or referring to any subrogation rights that you may have relating to damages incurred by any of your Participants or Beneficiaries as such damages relate or refer to Subject Drugs.

22. All union contracts and communications between you and unions or employers insofar as they relate or refer to Subject Drugs.

23. All benefit committee and Pharmaceutical and Therapeutic Committee meeting minutes relating or referring to Subject Drugs.

24. For the period 1991 to the present, all drug cost models, pricing models, drug utilization reviews, experience and actuarial analyses, assessments, studies, analyses, reviews and reports relating or referring to Subject Drugs.

# EXHIBIT 10



UNITED STATES DISTRICT COURT.
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      )
In re: PHARMACEUTICAL INDUSTRY          )
AVERAGE WHOLESALE PRICE                 ) MDL NO. 1456
LITIGATION                              )
                                                      )
                                                      )
                                        Civil Action No. 01-12257-PBS
- - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      )
                                        ) Judge Patti B. Saris
THIS DOCUMENT RELATES TO ALL            )
ACTIONS                                 )
                                                      )
                                                      )
- - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF
## DOCUMENTS TO PLAINTIFF ASSOCIATIONS

By their counsel, the Defendants listed on Exhibit A hereby request, pursuant to

Rules 26 and 34 of the Federal Rules of Civil Procedure, that all plaintiff Associations produce

within thirty (30) days of service the documents listed below.

### DEFINITIONS

1.   "Association" or "Associations" means any and/or all of the plaintiff

organizations identified in the Amended Master Consolidated Complaint, including, without

limitation, Vermont Public Interest Research Group, Wisconsin Citizen Action, New York

StateWide Senior Action Council, Citizen Action of New York and Citizens for Consumer

Justice and any of their past or present trustees, officials, officers, fiduciaries, representatives,

agents, assigns, attorneys, employees, divisions, departments, affiliates, and all other persons or

entities acting or purporting to act on its behalf or under its control.

2.   "You" or "your" shall refer to any of the Associations.



(b) its title;

(c) its author;

(d) its addressee;

(e) the specific privilege under which it is withheld;

(f) its general subject matter; and

(g) a description of it that you contend is adequate to support your contention that it is privileged.

6. These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the end of trial.

7. To the extent that you consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which you object and each ground for each objection.

## DOCUMENTS TO BE PRODUCED

1. All documents relating or referring to any Member that bought Subject Drugs, including, without limitation, any co-payments made by any Member, and any damages arising from such purchases.

2. For the period 1991 to the present, all documents relating or referring to AWPs for drugs and all documents reflecting any difference between an AWP and an actual payment by anyone for a drug.

3. For the period 1991 to the present, all documents relating or referring to any definition or meaning of AWP.



4. For the period 1991 to the present, to the extent not otherwise produced, all documents concerning AWP, AMP, WAC, MAC, EAC, Best Price or any other drug pricing or reimbursement information for the Subject Drugs.

5. For the period 1991 to the present, all drug cost models, pricing models, drug utilization reviews, experience and actuarial analyses, assessments, studies, analyses, reviews and reports relating or referring to Subject Drugs.

6. For the period 1991 to the present, all documents concerning Publishers, including but not limited to drug pricing information.

7. For the period 1991 to the present, all documents relating or referring to any requests by you for any information concerning the pricing of or reimbursement for Subject Drugs.

8. For the period 1991 to the present, all documents provided to, created by or received from CMS, United States Department of Health and Human Services, The Health and Human Services Office of the Inspector General, the General Accounting Office, Congress or any other federal institution, agency, department, or office regarding the pricing of prescription drugs.

9. For the period 1991 to the present, all documents concerning any internal or external, formal or informal, assessments, studies, analyses, reviews or audits regarding drug pricing or reimbursement amounts or rates for the Subject Drugs.

10. All documents relating or referring to any relationships between any Member(s) and any Member(s)'s insurer insofar as they relate to Subject Drugs.

# EXHIBIT 11



AO 88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Southern District of California

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | : **SUBPOENA IN A CIVIL CASE**<br>: **MDL NO. 1456**<br>:<br>: Civil Action No. 01-12257-PBS<br>:<br>THIS DOCUMENT RELATES TO THE MASTER CONSOLIDATED CLASS ACTION |

In re: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE LITIGATION     : **SUBPOENA IN A CIVIL CASE**

    : **MDL NO. 1456**

    :

    : Civil Action No. 01-12257-PBS

    :

THIS DOCUMENT RELATES TO THE MASTER     : Judge Patti B. Saris
CONSOLIDATED CLASS ACTION     : (case pending in D. Mass.)

    :

    :

TO:    MedImpact Healthcare Systems, Inc.
        10680 Treena Street, 5th Floor
        San Diego, CA 92131

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>MedImpact Healthcare Systems, Inc.<br>10680 Treena Street, 5th Floor<br>San Diego, CA 92131 | DATE AND TIME<br>May 18, 2004 at 10 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
    See Schedule A, attached hereto.

| PLACE<br>MedImpact Healthcare Systems, Inc.<br>10680 Treena Street, 5th Floor<br>San Diego, CA 92131 | DATE AND TIME<br>May 17, 2004 at 10 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Defendants Johnson & Johnson, Centocor Inc. Ortho Biotech Products L.P., Janssen Pharmaceutica L.P. and McNeil-PPC on behalf of all defendants to the Amended Master Consolidated Class Action Complaint | DATE<br><br>April 23, 2004 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: Erik Haas, Patterson, Belknap, Webb & Tyler LLP, 1133 Avenue of the Americas, New York, NY 10036. (212) 336 2000.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)



7.      Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted, provided that the identification requested in paragraphs (h) and (i) above are furnished.

## IV.     RELEVANT TIME PERIOD

Unless otherwise stated, these requests call for the production of all documents identified in the requests that were generated and/or maintained during the period January 1, 1991 to the date of production (the "Relevant Time Period"), or refer or relate to the Relevant Time Period.

## V.     DOCUMENTS TO BE PRODUCED

1.      All documents concerning the Named Plaintiffs, including without limitation:

        a.      all communications with the Named Plaintiffs;

        b.      all contracts with the Named Plaintiffs;

        c.      responses to requests for proposals from the Named Plaintiffs;

        d.      reports provided to and received from the Named Plaintiffs;

        e.      documentation concerning the amount to charge the Named Plaintiffs for drugs administered; and

        f.      all data concerning drugs dispensed to or requested by the Named Plaintiffs' members or beneficiaries.

2.      All advertising materials, responses to requests for proposals or other documents describing the services you (or other PBMs) offer to Clients and the value of those services, including documents concerning the savings you (or other PBMs) have secured for Clients.

3.      Documents describing your policy and protocol for determining the drugs listed on or removed from your formulary, including the criteria for determining whether a substitutable drug is afforded preferential status or whether to place conditions on reimbursement of a particular drug.

4.      Documents sufficient to show (by drug and year) the rebates received from manufacturers, including contracts with manufacturers, and the amounts of those rebates that you paid to your Clients (by Client).

9

990748v1

# EXHIBIT 12

# United States District Court

### DISTRICT OF _____ MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | **SUBPOENA IN A CIVIL CASE**<br><br>**MDL No.: 1456**<br><br>**CASE NUMBER: Civil Action No. 01-CV-12257 PBS**<br>**(Pending in the United States District Court for the District of Massachusetts)** |

**TO: Custodian of Records**
**United Healthcare**
**Medicare Part B**
**P.O. Box 26463**
**Richmond, VA  23261**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attached Schedule A

| PLACE<br>HOLLAND & KNIGHT, LLP,  10 ST. JAMES AVE., BOSTON, MASSACHUSETTS  02116<br>(617) 854-1419 | DATE AND TIME<br>JANUARY 15, 2004 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*On behalf of all Defendants* | DATE<br><br>December 18, 2003 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

GEOFFREY E. HOBART, HOLLAND & KNIGHT, LLP,  10 ST. JAMES AVE., BOSTON, MASSACHUSETTS  02116
(617) 854-1419

(SEE RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D ON REVERSE)

12.     The term "between," when used in regard to the transmittal of information, shall mean any communication by, to, from, among, and for any individual(s) or entity(ies) specified in a particular request.

13.     The words "relate to" or "relating to" shall mean refer to, regard, concern, describe, explain, state, evidence, record, constitute, pertain to, reflect, comprise, contain, embody, mention, show, support, contradict, and discuss, whether directly or indirectly, as required by the context to bring within the scope of the requests in this Schedule any documents that might be deemed outside their scope by another construction.

14.     The terms "and" and "or" shall mean "and/or."

15.     Any word written in the singular shall include the plural and vice versa.

16.     In case of doubt as to the scope of a clause including "and," "or," "any," "all," "each," and "every," the intended meaning is inclusive rather than exclusive.

17.     The terms "you" and "your" shall mean and refer to the Carrier, its employees, agents, attorneys and affiliates.

## Instructions

1.     In responding to each document request, you should conduct a diligent search for, and produce all documents in your possession, custody or control that were created on or after January 1, 1985.

2.     If any document was, but is no longer, in your possession, custody, or control, or was known to you, but is no longer in existence, state, as to each document, its date, author(s), recipient(s) and what disposition was made of it or what became of it.

3.     When an objection is made to any request or any subpart thereof, state with specificity the part or subpart of the document request considered to be objectionable and all grounds for the objection.

4.     If you find the meaning of any term in this Schedule to be unclear, then you should assume a reasonable meaning, state what that assumed meaning is, and answer the request on the basis of that assumed meaning.



# EXHIBIT 13

AO 88 (Rev. 11/91) Subpoena in a Civil Suit

# United States District Court

DISTRICT OF _____ MASSACHUSETTS

IN RE: PHARMACEUTICAL INDUSTRY AVERAGE
WHOLESALE PRICE LITIGATION

**SUBPOENA IN A CIVIL CASE**

**MDL No.: 1456**

**CASE NUMBER: Civil Action No. 01-CV-12257 PBS
(Pending in the United States District
Court for the District of Massachusetts)**

TO: **Custodian of Records
Medicare Payment Advisory Commission
601 New Jersey Avenue, N.W.
Suite 9000
Washington, DC  20001**

☐YOU ARE COMMANDED to appear in the United States District Court at the place, date and time
specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking
of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or
objects at the place, date, and time specified below (list documents or objects):
See Attached Schedule A

| PLACE<br>HOLLAND & KNIGHT, LLP,  10 ST. JAMES AVE., BOSTON, MASSACHUSETTS 02116<br>(617) 854-1419 | DATE AND TIME<br>MARCH 19, 2004 |
|---|---|

☐YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified
below

| PREMISES | DATE AND TIME |
|---|---|

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR<br>PLAINTIFF OR DEFENDANT)<br><br>*Geoffrey Hobart /ss*  **On behalf of all Defendants** | DATE<br><br>**February 5, 2004** |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
*Geoffrey Hobart / AH*
GEOFFREY E. HOBART, HOLLAND & KNIGHT, LLP,  10 ST. JAMES AVE., BOSTON, MASSACHUSETTS 02116
(617) 854-1419

(SEE RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS, C & D ON REVERSE)

20.     The terms "and" and "or" shall mean "and/or."

21.     Any word written in the singular shall include the plural and vice versa.

22.     In case of doubt as to the scope of a clause including "and," "or," "any," "all," "each," and "every," the intended meaning is inclusive rather than exclusive.

23.     The terms "you" and "your" shall mean and refer to MedPac, its employees, agents, attorneys and affiliates.

## Instructions

1.     In responding to each document request, you should conduct a diligent search for, and produce all documents in your possession, custody or control that were created on or after January 1, 1985.

2.     If any document was, but is no longer, in your possession, custody, or control, or was known to you, but is no longer in existence, state, as to each document, its date, author(s), recipient(s) and what disposition was made of it or what became of it.

3.     When an objection is made to any request or any subpart thereof, state with specificity the part or subpart of the document request considered to be objectionable and all grounds for the objection.

4.     If you find the meaning of any term in this Schedule to be unclear, then you should assume a reasonable meaning, state what that assumed meaning is, and answer the request on the basis of that assumed meaning.



# EXHIBIT 14



AO 88 (Rev. 11/91) Subpoena in a Civil Suit

# United States District Court

DISTRICT OF _____ MASSACHUSETTS

IN RE: PHARMACEUTICAL INDUSTRY AVERAGE
WHOLESALE PRICE LITIGATION

**SUBPOENA IN A CIVIL CASE**

MDL No.: 1456

CASE NUMBER: Civil Action No. 01-CV-12257 PBS
(Pending in the United States District Court for the District of Massachusetts)

TO:  Comptroller General of the United States
Records Management and Services Officer
Office of Information Systems and Services
General Accounting Office
441 G Street, NW
Washington, DC 20548

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| HOLLAND & KNIGHT, LLP, 10 ST. JAMES AVE., BOSTON, MASSACHUSETTS 02116 (617) 854-1419 | FEBRUARY 20, 2004 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Geoff Hobart / ALH* On behalf of all Defendants | DATE January 16, 2004 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
*Geoff Hobart / ALH*
GEOFFREY E. HOBART, HOLLAND & KNIGHT, LLP, 10 ST. JAMES AVE., BOSTON, MASSACHUSETTS 02116
(617) 854-1419

(SEE RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS, C & D ON REVERSE)



15.   The terms "and" and "or" shall mean "and/or."

16.   Any word written in the singular shall include the plural and vice versa.

17.   In case of doubt as to the scope of a clause including "and," "or," "any," "all," "each," and "every," the intended meaning is inclusive rather than exclusive.

18.   The terms "you" and "your" shall mean and refer to GAO, its employees, agents, attorneys and affiliates.


### Instructions

1.   In responding to each document request, you should conduct a diligent search for, and produce all documents in your possession, custody or control that were created on or after January 1, 1985.

2.   If any document was, but is no longer, in your possession, custody, or control, or was known to you, but is no longer in existence, state, as to each document, its date, author(s), recipient(s) and what disposition was made of it or what became of it.

3.   When an objection is made to any request or any subpart thereof, state with specificity the part or subpart of the document request considered to be objectionable and all grounds for the objection.

4.   If you find the meaning of any term in this Schedule to be unclear, then you should assume a reasonable meaning, state what that assumed meaning is, and answer the request on the basis of that assumed meaning.

5.   Each request for documents seeks production of the document in its entirety, without abbreviation or redaction, including all attachments or other matters affixed thereto.

6.   With respect to each document that is withheld from production for any reason, or any portion of any document that has been redacted for any reason in connection with the production of a document, provide a statement setting forth:

(a) its date;

(b) its title;

# EXHIBIT 15



SERVED
04/29/04
05:50 PM ET
MDL NO.

# Patterson, Belknap, Webb & Tyler LLP

1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000
Fax (212) 336-2222

Jessica A. Golden

Direct Phone
(212) 336-2017

Direct Fax
(212) 336-7901

Email Address
jagolden@pbwt.com

April 29, 2004

**By Fax**

Edward Notargiacomo, Esq.
Hagens Berman LLP
225 Franklin Street
26th Floor
Boston, MA  02110

Re:   **In re Pharmaceutical Industry Average Wholesale Price Litigation,
MDL No. 1456, Civil Action: 01-CV-12257-PBS**

Dear Ed:

   I write in response to your letter of April 26, 2004 regarding the forthcoming supplemental production of VPIRG documents.  While we are encouraged that you have agreed to produce existing, additional and/or updated materials responsive to requests 1-4, 9-11, 13-15, 17-18 and 21 of our April 13 letter, your proposed timing for this supplemental production is unacceptable.  You have had more than ample time to collect, review and produce responsive documents, especially given Ms. Cary's testimony that she produced *to counsel* at least some of these materials *prior to VPIRG's initial production of documents* last December.  See, e.g., Deposition of Zina Cary ("Cary Dep.") at 31, 162.  Please produce all outstanding documents immediately.

   In addition, below I address individually plaintiffs' responses to defendants' document requests.

   1. **The "action kit" used in Ms. Cary's work as a field operative for Families USA, containing a definition of AWP.**  Plaintiffs erroneously suggest that they will produce the action kit only "if [it] exist[s]."  This vague response is diametrically opposed to the statement of VPIRG's 30(b)(6) witness Zina Cary, who testified that not only does this kit exist, but that *she provided a copy of it to counsel* prior to VPIRG's initial production of documents. See Cary Dep. at 31.  Plaintiffs have failed to produce this document thus far, and should do immediately.

   2. **All emails and communications between VPIRG and its members,**



Edward Notargiacomo, Esq.
April 29, 2004
Page 2

including all emails and communications regarding healthcare issues, prescription drug issues, and this litigation specifically. Plaintiffs' statement that Ms. Cary has been "very forthcoming" with documents does nothing to relieve them of their fundamental obligation to produce all documents responsive not only to this request, but to all of defendants' requests. Ms. Cary testified that VPIRG has emails with members regarding the above-mentioned issues. See Cary Dep. at 161. Plaintiffs have failed, to date, to produce *any* such email correspondence. Plaintiffs must do so immediately.

3.      All "call sheets" from 1991-present memorializing communications with members regarding healthcare and prescription drug issues. Plaintiffs' summarization of Ms. Cary's testimony is inaccurate. Ms. Cary specifically testified that: (1) in the regular course of business, VPIRG's phone communications with its members are recorded electronically, Cary Dep. at 62; and (2) that there are "definitely written documents on" VPIRG's phone canvasses. Id. at 63. All such documents must be produced immediately.

4.      All email, and other communications and materials to/from PAL (non-privileged), including all materials, if any, distributed at the PAL dinners of January 2003 and January 2004. Though plaintiffs assert that such materials have already been produced in their entirety, Ms. Cary testified that she included certain PAL materials in her initial collection of documents for production last December. Such materials have not, however, been produced to defendants to date. See Cary Dep. at 135. Such materials, and all additional, relevant materials identified since VPIRG's last production, must be produced immediately as per agreement by the parties. See Cary Dep. at 217-18.

5.      All materials and requests for proposals regarding VPIRG's choice of health plan for its staff since 1991, including all materials regarding staff vote and choice of Blue Cross/Blue Shield in 2003. See Cary Dep. at 67-69. A fundamental issue relevant to VPIRG's standing as a named plaintiff in this lawsuit is the extent of VPIRG's knowledge of the workings of the pharmaceutical industry, and specifically, the definition and implementation of AWP in the industry. Defendants are entitled to all documents indicating the level of VPIRG's knowledge on these issues, including, specifically, documents regarding their negotiations with prospective health plans for their own employees, even, as plaintiffs assert, in the "limited market" of Montpelier, Vermont.

6.      Quarterly Newsletters
7.      Annual Reports
8.      E-Alerts
Defendants accept, for the time being, plaintiffs' assertions that VPIRG has produced all documents responsive to defendants' requests 6-8.

9.      All correspondence from 1991-present  to/from the "loose coalition" of not-for-profit groups identified by Ms. Cary at her deposition regarding joint advocacy for legislative initiatives on healthcare issues. See Cary Dep. at 79. Plaintiffs have agreed to identify and produce all documents responsive to this request, and must do so immediately.



Edward Notargiacomo, Esq.
April 29, 2004
Page 3

      10.    **All documents and materials not previously produced regarding VPIRG's understanding and definition of AWP.** Plaintiffs have agreed to update their production responsive to this request, and must do so immediately.

      11.    **All documents VPIRG contains that helped to shape VPIRG's general understanding of who sets AWP,** including the OIG report purportedly stating that AWP is set solely by pharmaceutical companies. See Cary Dep. at 142. Defendants renew their request that VPIRG immediately produce <u>all</u> such documents, inclusive of, but not limited to, the OIG report.

      12.    **All communications (including e-mail)/materials from 1991-present from members regarding healthcare issues, including responses, electronic, written, telephonic, or by fax, to "e-alerts" regarding all healthcare and prescription drug issues, including communications with the approximate 75 members cited by Ms. Cary in her deposition.** See Cary Dep. at 160-162. As plaintiffs claim that such request is duplicative of defendants' second request, defendants conclude that plaintiffs' response to this request is also duplicative of their response to the second request, i.e., that you will update and produce your production of all responsive documents.

      13.    **All documents/materials and memorializations of contact(s) with all active members regarding their alleged purchases of subject drugs, including Elizabeth Ryan Cole's and Dawn Taylor's respective purchases of any subject drugs, including Retin-A and Plavix.** Plaintiffs have agreed to update their production responsive to this request, and must do so immediately.

      14.    **All documentation regarding any discounts on prescription drugs received by Elizabeth Ryan Cole or Dawn Taylor.** Plaintiffs have agreed to produce all additional documents responsive to this request, and must do so immediately.

      15.    **All documentation regarding health plan coverage of Elizabeth Ryan Cole or Dawn Taylor.** Plaintiffs have agreed to produce all additional documents responsive to this request, and must do so immediately.

      16.    **All materials from VPIRG's membership database responsive to defendants' previous and current requests.** Contrary to plaintiffs' assertions, defendants do not request general information from the membership database. Rather, Ms. Cary testified that the database contains, <u>inter alia</u>, specific information regarding issues of interest and importance to VPIRG and its members. It is this specific information that defendants seek, to the extent it is relevant and responsive to defendants' requests. See Cary Dep. at 224.

      17.    **All documents provided to state and/or federal agencies regarding prescription drug pricing, including all outlines, comparisons, memoranda, and drafts.** See Cary Dep. at 215-16. Plaintiffs have agreed to update their production responsive to this request, and must do so immediately.

      18.    **All responsive documents from both the shared and individual hard**



Edward Notargiacomo, Esq.
April 29, 2004
Page 4

document, electronic document, and email files of: **(1) Drew Hudson; (2) Matt Holland; (3) Paul Burns; (4) Kurt McCormick; (5) Anthony Pollina; (6) Peter Sterling; (7) Leesa Stewart; and (8) Molly Gleason.** Plaintiffs have agreed to identify and produce all documents responsive to this request, and must do so immediately.

19.     **All communications between VPIRG and Dee Mahan, Amanda McCloskey and Peggy _____ (last name unknown) of "Families USA," see Cary Dep. at 26, 37-38, regarding healthcare and prescription drug issues generally, and specifically regarding the definition of AWP.** Plaintiffs assert that they will confirm that they have produced all responsive documents. To the extent plaintiffs confirm otherwise, all additionally responsive documents must be produced immediately.

20.     **All communications between VPIRG and Anthony Pollina and/or Peter Sterling regarding healthcare and prescription drug issues generally and specifically regarding the definition of AWP.** Plaintiffs assert that they will confirm that they have produced all responsive documents. To the extent plaintiffs confirm otherwise, all additionally responsive documents must be produced immediately.

21.     **All responsive documents received by VPIRG since your last production of documents,** see Cary Dep. at 207, **including specifically, all documents (non-privileged) contained in VPIRG's "PAL" folder.** See Cary Dep. at 212, 217-218. Plaintiffs have agreed to update their entire production responsive to this request, and must do so immediately.

We expect plaintiffs' supplemental production of responsive documents to begin immediately. Please advise if you do not plan to comply with our requests, in which event we will take appropriate action.

Very truly yours,

Jessica A. Golden

cc:     All Counsel of Record (by Verilaw)