UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL NO. 1456 ) ) ACTION: 01-CV-12257-PBS ) ) JUDGE PATTI B. SARIS ) ) CHIEF MAGISTRATE JUDGE ) MARIANNE B. BOWLER ) |
| THIS DOCUMENT RELATES TO: THE MASTER CONSOLIDATED CLASS ACTION | |

**REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

Plaintiffs' Memorandum in Opposition to the Motion of Boehringer Ingelheim Corporation ("BIC"), Ben Venue Laboratories, Inc. ("Ben Venue") and Bedford Laboratories ("Bedford") (collectively "Defendants")[1] is simply a stealth move to attempt to engage in the merits of a Motion to Dismiss, a Motion to Intervene, and a Motion to Substitute Parties that is currently pending in front of this Court.

Moreover, to the extent that Plaintiffs do respond to the issue of whether a protective order should be granted, they do so by caricaturing Defendants' arguments and mischaracterizing their own pleadings and exhibits. Because protective orders are routinely granted while a court considers a dispositive motion, Defendants should be protected from discovery until such time as their Motion to Dismiss is ruled upon.

---

[1] BIC, Ben Venue and Bedford use this nomenclature solely for the convenience of this Court and deny that plaintiffs' designation of them as a group is accurate or appropriate.

**Defendants' Motion for a Protective Order Is Timely**

First, Defendants' Motion to Dismiss, which prompted this Motion for Protective Order, is not untimely and is prompted by a reasonable construction of Plaintiffs' own pleadings.

It is well-established that challenges to the subject matter jurisdiction of a federal court can be made at any time. *See Halleran v. Hoffman*, 966 F.2d 45, 47 (1st Cir.1992) ("A challenge to federal subject matter jurisdiction may be raised at any time, including for the first time on appeal."); *see also* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Protective Orders are routinely granted when such a motion is pending. *See Parish of Jefferson v. Southern Recovery Mgmt. Inc.*, No. CIV A 96-0230, 1996 WL 144400, at *1-2 (E.D. La. Mar. 27, 2003); *Complaint of Akropan Shipping Corp.*, No. 86 CIV 4873 (JFK), 1990 WL 16097, at *2-3 (S.D.N.Y. Feb. 14, 1990); *cf. Cowan v. Keystone Emp. Profit Sharing Fund*, 596 F.2d 888, 889 (1st Cir. 1979).

Notwithstanding, the foregoing, Defendants' reasons for filing the current Motion to Dismiss and Motion for a Protective Order were induced by a wholly reasonable construction of Plaintiffs' own complaint. On May 13, 2003 (after Plaintiffs had already filed two previous complaints)[2] this Court ordered that Plaintiff must amend its complaint to allege for <u>each</u> defendant (1) a drug purchased from the defendant, (2) an allegedly fraudulent AWP, and (3) a specific plaintiff who purchased that drug. *See In re Pharm. Indus. Wholesale Price Litig.*, No. 01-12257-PBS (May 13, 2003), at 45 (hereafter "May 13 Order"). In response, Plaintiffs filed the AMCC on June 12 ("June 12 AMCC"). The June 12 AMCC stated unequivocally that Appendix A contained a list of "each of the specific drugs that are subject of the claims herein"

---

[2] These were the December 21, 2001 complaint which began this action, and the September 10, "Master Consolidated Class Action Complaint" MCC which purported to amend the initial complaint and in which BIC, Ben Venue, and Bedford appeared for the first time.

and that Appendix B contained detailed each of the allegedly fraudulent drugs and AWPs for which relief was sought. June 12 AMCC, ¶ 11. Yet, <u>Atrovent was listed nowhere in Appendix A or Appendix B</u>.

On November 21, 2003 this Court heard oral argument on motions to dismiss the June 12 AMCC, during that hearing the Court granted Plaintiffs leave to amend. They did so, and served an amended AMCC on December 5, 2003. Calling their omission "inadvertent[],"[3] Plaintiffs added Atrovent to Appendix B in this December AMCC as a drug for which a purchaser was alleged, <u>but still did not list Atrovent in Appendix A as "subject of the claims herein" and still did not allege a fraudulent AWP for this drug</u>. *Compare* Dec. 5 AMCC, App. B, *with* Dec. 5 AMCC, App. A. The controlling language of paragraph 11 of the AMCC remained unchanged in the December 5 AMCC – all of the drugs and AWPs at issue in the case are identified in Appendix A.[4] *See* Dec. 5 AMCC, ¶ 11.

Plaintiffs did not list Atrovent in Appendix B of the AMCC as a drug for which a plaintiff claims standing to sue until the December 5, 2003, and even then did not allege Atrovent in Appendix A as a drug "subject of the claims herein." Plaintiffs served the December 5 AMCC on Defendants while this Court still had a motion to dismiss the June 12 AMCC pending before it, and which, if granted, would have obviated the need to brief the court on specific defendant matters raised in the December 5 AMCC.

Moreover, BIC, Ben Venue and Bedford had **no reason to believe** <u>that Atrovent was part of this case, since Plaintiffs have **never** listed Atrovent on Appendix A, have **never** identified a fraudulent AWP for Atrovent, and **still have not alleged a fraudulent AWP for Atrovent.**</u> On

---

[3] Plaintiffs' Notice of Filing of AMCC Modified Per the Court's Instruction at the November 21, 2003 Hearing, at ¶ 3.
[4] On January 22, 2004, Plaintiffs filed <u>yet another</u> amended AMCC (by way of intervention of individual plaintiffs), <u>but still did not list Atrovent in Appendix A as "subject of the claims herein" nor allege a fraudulent AWP for this drug</u>.

3

the first practical occasion Defendants had to file a response to a complaint/amended complaint that even mentioned Atrovent, the December 5, 2003 AMCC, Plaintiffs still did not list Atrovent in Appendix A as a drug involved in the case.

In light of this controlling language of paragraph 11, Plaintiffs' passing reference to ¶ 34 of the AMCC is beside the point. *See* Pls.' Mem. Opp., at 1. Even if Atrovent were named in ¶ 34, only Appendix A controls the drugs at issue in this case and there <u>still is no allegedly fraudulent AWP identified in the Complaint</u>. Therefore, it is disingenuous for plaintiffs to argue that Defendants waited too long to challenge Plaintiffs' standing to sue BIC as a defendant in connection with Atrovent.[5]

Consequently, the Motion for Protective Order should be granted.

### The Issue of What Defendants Have Disavowed Is Irrelevant; What Is Relevant Is Whether Plaintiffs' Complaint Sufficiently Invokes Federal Jurisdiction

Second, Plaintiffs' claim that Defendants have not "disavowed manufacturing" certain drugs is speculative and wholly beside the point. *See* Mem. Opp., at 2. They even go so far as to claim that the "Boehringer Group otherwise admits standing" with respect to Atrovent. *See* Mem. Opp., at 3. Plaintiffs have no grounds to claim that Defendants have "disavowed" or "admitted" anything as BIC, Ben Venue, and Bedford have simultaneously with this response filed a Memorandum in Opposition to Plaintiffs' Motion to Intervene and Motion to Substitute Parties currently before the Court. The very fact that they would attempt to preempt this Court's consideration of the merits of these motions by its decision on this Motion for a Protective Order underscores the need to stay discovery until those Motions can be fully resolved.

---

[5] Specifically, Plaintiffs argue, at p. 2 of their Motion to Substitute, "Despite ample opportunity to previously advise the Court during briefing on the motions to dismiss that BIC is the wrong party, the Boehringer Defendants failed to do so. Instead, now for the first time, the Boehringer Defendants claim that BIC does not manufacture or distribute Atrovent."

Moreover, <u>Plaintiffs</u> bear the burden of demonstrating that federal jurisdiction is appropriate. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992) (party invoking federal jurisdiction bears burden of establishing elements of standing).  Whether Defendants have or have not manufactured a drug is of no consequence if, as has happened here, Plaintiffs do not allege in their AMCC that any such drug is part of this case.  That jurisdictional question has yet to be decided by this Court.  Therefore, the Motion for Protective Order should be granted.

### Plaintiffs Have Not Purported to Serve Discovery Pursuant to the Montana or Nevada Cases and So Those Cases Do Not Bear On This Discovery Dispute

Third, Plaintiffs claim that because Defendants are also named in the Montana and Nevada state cases that they are subject to Plaintiffs' discovery requests.  Mem. Opp., 2.  However, that claim is a red herring.  Plaintiffs have not purported to serve their Omnibus Discovery Request pursuant to the Montana and Nevada cases.  Indeed, the caption on the discovery requests states only that "THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339."  *See* Mot. for Protective Order, Ex A, at 1; Ex B, at 2.  This caption does not include the Montana and Nevada cases and Plaintiffs have propounded no discovery in those cases.  Consequently, Plaintiffs' argument should be rejected.

### Plaintiffs' Challenge to the Merits of Defendants' Motion to Dismiss On the Basis of the Tetzner Affidavit Is Not Relevant to Whether A Protective Order Should Be Granted

Finally, Plaintiffs offer selective attachments from what they allege to be the website of BIC and argue that these contradict the affidavit filed with Defendants' April 7, 2004 Motion to Dismiss.  At the risk of being redundant, the merits of these attachments are irrelevant, since the

5

central issue in the Motion to Dismiss is whether Plaintiffs, by the terms of their own complaint, have properly alleged a plaintiff purchaser, manufacturer drug, and allegedly fraudulent AWP sufficient to establish standing to BIC, Ben Venue, or Bedford.  This is an issue still before the Court on the various motions in this case.

However, even a cursory view of these attachments show that they do not establish that BIC makes Atrovent.  Exhibit A says only the human pharmaceutical range of the "Boehringer Ingelheim **group of companies**" – no differentiation is made in this text as to which Defendant, if any, makes any drug at all.  *See* Mem. Opp. at Ex. A.  Similarly, Exhibit B says only that "Boehringer Ingelheim is a research-driven **group of companies,**" again making no designation that any of the named Defendants make anything at all.  Exhibit C does state that "Boehringer Ingelheim" launched Atrovent, but – given that names use as a short-hand for an entire group of companies in the other exhibits – the statement is far from the damning evidence Plaintiffs claim it to be.  Finally, it should be noted that at the bottom of each Exhibit, the copyright is in "Boehringer Ingelheim Gmbh, Germany," an entity that is not even a party to this case, and casting further doubt on the probative value of these Exhibits.  *See* Ex. A-C.

None of the Plaintiffs' arguments change the fact that a Motion to Dismiss, a Motion to Intervene, and a Motion to Substitute Parties are currently before this Court, and that resolution of them could dismiss BIC, Ben Venue, and Bedford from this case.  Stay of discovery is routinely granted where a motion to dismiss is pending before the Court, and a ruling on the Motion for Protective Order should not enable Plaintiffs to short-circuit consideration of that Motion.  Defendants' motion should be granted.

6

Dated:  May 11, 2004	Respectfully submitted,

<p style="margin-left: 50%">/s/ Paul J. Coval [signature on file with Court]<br>
Paul J. Coval<br>
Douglas L. Rogers<br>
Darrell A. H. Miller<br>
VORYS, SATER, SEYMOUR AND PEASE LLP<br>
52 East Gay Street<br>
P.O. Box 1008<br>
Columbus, Ohio 43216-1008<br>
(614) 464-6400<br>
(614) 464-6350 FAX</p>

*Attorneys for Boehringer Ingelheim Corp., Ben Venue Laboratories, Inc./Bedford Laboratories*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all enrolled counsel via Verilaw on May 11, 2004 pursuant to this Court's Case Management Order 2.

/s/ Paul J. Coval [signature on file with Court]
Paul J. Coval