UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re Pharmaceutical Industry Average Wholesale Price Litigation | MDL Docket No. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.,*<br>E.D.N.Y. Case No. CV-03-0229 | Judge Patti B. Saris |

## PLAINTIFF SUFFOLK COUNTY'S REPLY ON MOTION RESPECTING COORDINATED DISCOVERY

Liaison counsel, Hagens Berman ("HB"), is systematically refusing to give Suffolk documents produced to it. This motion seeks the customary order requiring the liaison counsel to fairly and adequately represent all plaintiff parties in respect of document production, and as such to maintain a document depository to which access is fairly and equally given. A proposed order to that effect accompanies.

### A.

The facts are these: (1) defendants have produced tens of thousands of pages of documents to liaison counsel in response to CMO #5[1] and certain of the class plaintiffs'

---

[1] CMO#5 (Dkt 161) directed defendants to produce (a) a copy of the documents "previously produced by a defendant to any federal or state executive or legislative agency or entity in connection with any investigation into, in whole or in part, the use of the average wholesale price
(continued...)

document requests (Cicala Aff. at ¶ 2); (2) certain producing parties (e.g., Bristol Myers) have made production without charge, stating however that subsequent copies would be billed (*id.* at ¶ 2 and Exh. A thereto); (3) liaison counsel has not established a central depository for the documents defendants have produced, (*id.* at ¶ 4 and Exh. B thereto); (4) liaison counsel has refused to give Suffolk access to the produced documents (*id.*, at ¶ 5 and Exh. B thereto), while distributing those documents among various class firms, (*id.*).;[2] (5) per CMO #10 and 11, Suffolk and other MDL governmental entities are entitled to review defendants' CMO #5 and other productions where the respective defendants overlap; (6) Suffolk and other MDL governmental entities have and/or are serving document requests and subpoenas seeking, *inter alia*, documents substantially identical to that which defendants and non-party publishers have already made available to the class plaintiffs., (*id.* at ¶ 6); (7) certain defendants (including Bristol Myers) and non-party publishers (including Medi-Span and First DataBank) have made clear their preference to avoid duplicative productions. *Id.* at ¶ 7 and Exhs. A and C thereto.

Liaison counsel says it is under no duty to maintain a central depository. *Id.* at ¶ 8, and Exh. B thereto. It tells Suffolk to obtain documents already produced directly

---

[1](...continued)
("AWP") in the pricing or reimbursement of the drug manufactured by that defendant during the Class Period" and (b) a copy of the documents "produced by a defendant in connection with any other legal proceeding . . . in which defendant is or was alleged to have overstated AWP, misstated the AWP, manipulated the AWP or otherwise failed to account for certain costs . . . in the AWP".

[2]     Aggravating liaison's conduct, no class has yet been certified, and class certification may well face serious challenge.

from the defendants, although this will entail delays and charges for what was produced to HB for free. *Id.* This is not a matter of small change and minor inconvenience. It will cost many tens of thousands of dollars for Suffolk and every other MDL plaintiff to purchase its own set of documents from defendants. (The Bristol Myers Squibb production in response to CMO #5, for example, consisted of 150 boxes. *Id.* at ¶ 10 and Exh. A thereto. Boxes contain 2,500 - 3,000 pages. At a copying charge of even 7¢/page, that would translate to a cost in excess of *$30,000 per party. Id.* )

HB says, *ipse dixit*, and with no possible support, that Suffolk access now to documents would delay the class suitors. There is no basis for the assertion, none is offered; none would exist. Suffolk is happy to abide by the putative class's speedy schedule. Adding to the implausibility of this of liaison's assertions, liaison has freely distributed copies to its collegial counsel scattered throughout the country.

To be sure, some defendants may want to limit production made to class plaintiffs or Suffolk and other MDL entities. On those occasions, defendants might segregate who has access to what. In all events, the solution is not to permit liaison unilaterally to avoid any depository/access duties or to declare for the adversary's benefit that a defendant might want to circumscribe some discovery, and thus Suffolk and other government MDL entities may have none.

**B.**

The Manual for Complex Litigation at 10.22 makes clear that liaison counsel is to "*fairly and adequately represent all the parties on their side*. . .. Counsel designated by the court also assume a responsibility to the court and an obligation to *act fairly, efficiently, and economically in the interest of all the parties* and parties' counsel" (emphasis supplied).

Rule 10.221 explicitly provides that liaison counsel duties include "managing document depositories". Thus, orders in respect of liaison's duties routinely requires liaison to maintain document depositories comprised of the creation of complete files and copies of all documents served, to be made available for inspection and duplication by other counsel. *See*, among many examples, *In Re San Juan Dupont Plaza Hotel Fire Litigation*, No. MDL 721, 1989 WL 168401 at *19 (D. Puerto Rico 1988).

The solution here is simple and conventional; an order requiring liaison counsel to establish a central document depository to be maintained for plaintiffs, subject to particular designations by defendants.

Even were liaison counsel not customarily obliged to maintain depositories and make them available to other counsel upon request, a central document depository should be created here and utilized by the parties whenever practicable as the alternative means duplicative productions, duplicative depositions, excessive costs, and needless delays.

Suffolk also requests that liaison provide a complete accounting of all documents produced by defendants in response to CMO#5 and otherwise, including the

4

current location of all such productions. Liaison has not done that either. Cicala Aff. at ¶ 11 and Exh. A thereto.

## CONCLUSION

For the foregoing reasons, Suffolk requests entry of the enclosed order (a) establishing the creation of a central document depository to which plaintiffs have reasonable access; and (b) directing liaison counsel to provide an accounting of all documents produced by defendants in response to CMO#5 and otherwise, including the current location of all such productions.

Dated:      May 24, 2004

>Respectfully submitted,
>
>**KIRBY McINERNEY & SQUIRE, LLP**
>
>By:    s/ Joanne M. Cicala
>       Joanne M. Cicala, Esq.
>       Aaron D. Hovan, Esq.
>830 Third Avenue
>New York, NY 10022
>(212) 371-6600
>
>*Counsel for Plaintiff County of Suffolk*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re Pharmaceutical Industry Average Wholesale Price Litigation | MDL Docket No. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.,*<br>E.D.N.Y. Case No. CV-03-0229 | Judge Patti B. Saris |

## [PROPOSED] ORDER REGARDING COORDINATED DISCOVERY AND CENTRAL DOCUMENT DEPOSITORY

1.  In the interest of cost savings and efficiency, liaison counsel is to create and maintain a central document depository into which defendants and all non-parties may make productions of documents. This central depository is to include documents already produced and may be accessed by all parties to this MDL, subject to confidentiality orders. Defendants and non-parties are encouraged to designate productions for the central document depository wherever possible to avoid duplicative productions and excessive costs for all involved in this MDL.

2.  Within fourteen (14) days of entry of this order, liaison counsel shall file on Verilaw an accounting of all documents that have been produced by defendants in response to CMO#5 and otherwise, including the current location of all such productions.

_____

PATTI B. SARIS

United States District Court Judge

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re Pharmaceutical Industry Average Wholesale Price Litigation | MDL Docket No. 1456 |
| THIS DOCUMENT RELATES TO: *County of Suffolk v. Abbott Laboratories, Inc., et al.*, E.D.N.Y. Case No. CV-03-0229 | Judge Patti B. Saris |

## AFFIDAVIT OF JOANNE M. CICALA
## REGARDING COORDINATED DISCOVERY

Joanne M. Cicala, being duly sworn deposes and says:

1. I am a partner at Kirby McInerney & Squire, LLP and submit this affidavit in support of the County of Suffolk's motion respecting coordinated discovery.

2. Defendants have made produced tens of thousands of pages of documents to Liaison Counsel, Hagens Berman ("HB") in response to CMO #5 and certain of the class plaintiffs' document requests.

3. Certain producing parties (e.g., Bristol Myers) have made production without charge, stating however that subsequent copies would be billed. *See* Exhibit A.

4. Liaison has not established a central depository for the documents defendants have produced. See Exh. B hereto.

5. Liaison has refused to give Suffolk access to the produced documents while distributing those documents among various class firms.[1]

6. Suffolk and other MDL governmental entities have and/or are serving document requests and subpoenas seeking, *inter alia*, documents substantially identical to that which defendants and non-party publishers have already made available to the class plaintiffs.

7. Certain defendants (including Bristol Myers) and non-party publishers (including First Data Bank) have made clear their preference to avoid duplicative productions Exh. A thereto.

8. Liaison counsel says it is under no duty to maintain a central depository. *See* Exh. B hereto.

9. Liaison Counsel tells Suffolk to obtain documents already produced directly from the defendants, although this will entail delays and charges for what was produced to HB for free. *Id.*

10. It will cost many tens of thousands of dollars for Suffolk and every other MDL plaintiff to purchase its own set of documents from defendants. (The Bristol Myers Squibb production in response to CMO #5, for example, consisted of 150 boxes. *See* Exh. A hereto. Boxes contain 2,500 - 3,000 pages. At a copying charge of even 7¢/page, that would translate to a cost in excess of $30,000 *per party*.

---

[1] Aggravating liaison's conduct, no class has yet been certified, and class certification may well face serious challenge.

11. Additionally, Liaison Counsel has not accurately reported what documents have been produced to date, nor their location. *See, e.g.,* Exh. A.

*Joanne M. Cicala*

Sworn to before me this
24th day of May, 2004

*Notary Public*

BRENDA GIANNINA
MY COMMISSION EXPIRES
October 13, 2005

3

# Exhibit A

# KIRBY McINERNEY & SQUIRE, LLP

TELEPHONE:(212) 371-6600
(212) 317-2300
FACSIMILE:(212) 751-2540

*830 Third Avenue*
*New York City 10022*

IRVING MALCHMAN, OF COUNSEL

**VIA FACSIMILE**

May 12, 2004

Steve W. Berman, Esq
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re: *In re AWP Pharmaceutical Litigation, MDL 1456*
*County of Suffolk v. Abbott Labs, et al.* (549.01)

Counsel:

This concerns discovery from Bristol Myers Squibb ("BMS"). I just spoke with Lyndon Trettor of Hogan & Hartson who informs me that BMS has produced approximately 150 (not 50 as you represented to us) boxes of documents to liaison counsel, and that insofar as Lyndon knows these materials are in a depository in Seattle.

Lyndon made clear that it is his client's preference (a) to produce documents once to a central depository for all MDL plaintiffs to access as appropriate and (b) that Suffolk have unfettered access to the entirety of Bristol's production. Lyndon also made clear that if Suffolk is not provided such access, and BMS must make duplicative productions as a result, all MDL plaintiffs (including liaison counsel) will be charged as a result. As you know, thus far BMS has made its productions without cost. BMS has done so with the understanding that you, as liaison counsel, would provide access to all parties involved in the coordinated discovery efforts.

Lyndon and I would like to discuss this with you today or tomorrow at the latest. Please advise immediately when you available for a call.

Sincerely,

Joanne M. Cicala

cc: Lyndon M. Trettor, Esq.
Thomas L. Sobol, Esq.
Aaron D. Hovan, Esq.

# Exhibit B



BOSTON  LOS ANGELES  PHOENIX  SEATTLE

hagens-berman.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

STEVE W. BERMAN
(206) 224-9320
steve@hagens-berman.com

May 14, 2004

*Via Facsimile*

Ms. Joanne M. Cicala
Kirby McInerney & Squire, LLP
830 Third Avenue
New York, NY 10022

    Re:   In re AWP Pharmaceutical Litigation
              MDL No. 1456

Dear Counsel:

    This is in response to your letter of May 12, 2004.

    Your letter is incorrect. We have notified you of all BMS productions that have occurred since the stay was lifted as to your client.

    Lynden has never once indicated that BMS intended that the MDL plaintiffs act as a depository for Suffolk County. The understanding you refer to has not been communicated to us and such a request is impractical for a number of reasons.

    First, because we were under, and are under, no obligation to create a depository we have not done so. The BMS documents have been divided, sorted and reassembled as we have seen fit. This is true for all defendants, the documents are assigned out to various teams.

    Second, the MDL plaintiffs have a fast track deadline, you do not. We cannot slow our review process for Suffolk, which has no trial date, to come to our offices to review documents. Based on the time it took for our review of the BMS documents, you could tie these documents up for months while you review them.

    Third, there is a simple solution that we have suggested to you before. Go review the defendants' documents at the place of production. Lynden surely has a set of what he produced. What you should do is go inspect his original set and designate what you want or pay for a complete set. This is the course we suggested when you demanded to inspect

1534\16 0120 LTR.DOC

Ms. Joanne M. Cicala
May 14, 2004
Page 2

documents at Hagens Berman's Boston office months ago. Apparently you have not done so.

As to other defendants we are often just going to inspect in the field and the select for copying. We do not intend for our selections to become your depository. You need to get out there and do your own work.

Finally, I was out of the office when your letter arrived demanding that I "advise immediately" when I was available. We will respond to your inquiries but the consistent expectation of an "immediate response" which has become a pattern with your firm needs to be cast aside. You are not the only issue we are dealing with in this litigation, we will respond in a timely fashion.

We are notifying you when required of productions, we notify you of depositions and we give you advance notice so you can participate. But we have not and will not agree to serve as your depository or to have our fast track obligations imperiled by your demands for "participation." I also point out that at this point you have no operative dates, no complaint that has been sustained so the "immediacy" in your letters is unfounded.

As for the future with BMS, there was no understanding that all MDL plaintiffs could have access to our set. I do have some suggestions. We could agree to allow Suffolk to review the BMS documents we have so long as this is done after our review is done and at a time where depositions on demands do not require access. Or, you could review Lynden's set.

Sincerely,

Steve W. Berman

SWB:dls

cc: Lynden Tretter

# Exhibit C



180 Townsend Street, 3rd Floor
San Francisco, CA 94107-1909
PHONE 415.344.7000
FAX 415.344.7050
www.perkinscoie.com

April 23, 2004

**Via Facsimile & UPS**

Lloyd Donders, Esquire
Kirby McInerney & Squire LLP
830 3rd Avenue
New York, NY 10022

Re: *In re Pharmaceutical Industry Average Wholesale Price Litigation,* MDL No. 1456 (D. Mass)
   Subpoenas to First DataBank, Inc., and Kay Morgan

Dear Mr. Donders:

We are outside counsel to non-party First DataBank, Inc. and to its employee Patricia Kay Morgan (collectively, "First DataBank"), in the above-referenced matter. Following this page please find First DataBank's Objections to Plaintiff Suffolk County's recent Subpoenas to First DataBank and to Patricia Kay Morgan, dated April 12, 2004, and served on First DataBank on April 13, 2004 (the "Suffolk County Subpoenas").

The document requests contained in the Suffolk County Subpoenas are duplicative and fall within the scope of those requested by Plaintiffs in their October 2003 subpoena to First DataBank. First DataBank already has produced over 15,000 pages of documents in response to Plaintiffs' October 2003 Subpoenas, and it intends to produce more responsive documents in the coming weeks. To the extent it possesses any documents responsive to the Suffolk County Subpoenas, FDB will produce such documents in the course of its ongoing production to Plaintiffs.

[28941-0024/BY041140.035]

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · HONG KONG · LOS ANGELES
MENLO PARK · OLYMPIA · PORTLAND · SAN FRANCISCO · SEATTLE · SPOKANE · WASHINGTON, D.C.
Perkins Coie LLP (Perkins Coie LLC in Illinois)

April 23, 2004
Page 2

Having so served these Objections, pursuant to Federal Rule of Procedure 45(c)(2)(B), First DataBank does not intend to produce documents specifically in response to the Suffolk County Subpoenas, nor to make Ms. Morgan or a Keeper of Record from First DataBank available for deposition, absent an order from the Court.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

John P. Kern

cc: Steve Edwards
    Saul Morgenstern
    Merle Delancey
    John Macoretta
    Sean Matt

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of May 2004, I caused a true and correct copy of the Suffolk Reply Brief Regarding Coordinated Discovery, Affidavit of Joanne M. Cicala and Proposed Order to be served to counsel of record for defendants by electronic service via Verilaw's Electronic Service System pursuant to Case Management Order No. 2 entered by the honorable Patti B. Saris in MDL No. 1456.

Lloyd M. Donders
Kirby McInerney & Squire
830 Third Avenue, 10 Floor
New York, NY 10022
(212) 371-6600