# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re Pharmaceutical Industry Average Wholesale Price Litigation | MDL Docket No. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. CV-03-0229 | Judge Patti B. Saris |

## CORRECTED AFFIDAVIT OF JOANNE M. CICALA REGARDING COORDINATED DISCOVERY

Joanne M. Cicala, being duly sworn, deposes and says:

1. I am a partner at Kirby McInerney & Squire, LLP and submit this corrected affidavit in support of the County of Suffolk's motion respecting coordinated discovery.

2. I have been informed by counsel for Bristol Myers, Pfizer, Pharmacia and AstraZeneca that defendants have produced tens of thousands of pages of documents to Liaison Counsel, Hagens Berman ("HB"), in response to CMO #5 and certain of the class plaintiffs' document requests.

3. Annexed as Exhibit A is a true and complete copy of a May 12, 2004 letter from Joanne M. Cicala to Steve W. Berman regarding Bristol Myers' production and conversations with Bristol Myers counsel.

4. Annexed as Exhibit B is a true and complete copy of a May 14, 2004

letter from Steve W. Berman to Joanne M. Cicala stating, *inter alia*, that Liaison Counsel has not established a central depository for the documents defendants have produced.

5. The May 14, 2004 letter also states that HB has distributed all documents produced by defendants among various class firms. *See* Exhibit B.

6. Suffolk and other MDL governmental entities have and/or are serving document requests and subpoenas seeking, *inter alia*, documents substantially identical to that which defendants and non-party publishers already have made available to the class plaintiffs.

7. Annexed as Exhibit C is a true and complete copy of an April 23, 2004 letter from counsel for non-party publisher First DataBank, Inc. to Lloyd Donders, Esq. of Kirby McInerney & Squire, LLP stating that First DataBank, Inc. has produced 15,000 pages to Liaison Counsel and such production is duplicative of what Suffolk seeks. Counsel for First DataBank, Inc. and counsel for non-party publisher Medi-Span have informed Suffolk that they would like to avoid duplicative production.

8. Liaison Counsel says it is under no duty to maintain a central depository. *See* Exhibit B hereto.

9. Liaison Counsel tells Suffolk to obtain documents already produced directly from the defendants, although this will entail delays and charges for what was produced to HB for free. *Id* and Exhibit A hereto.

10. It will cost many tens of thousands of dollars for Suffolk and every other

MDL plaintiff to purchase its own set of documents from defendants. The Bristol Myers Squibb production in response to CMO #5, for example, consisted of 150 boxes. *See* Exhibit A hereto. Boxes contain 2,500 - 3,000 pages. At a copying charge of even 7$/page, that would translate to a cost in excess of $30,000 *per party*.

11. Liaison Counsel has not accurately reported what documents have been produced to date, nor their locations.

Joanne M. Cicala

Sworn before me this
25th day of May, 2004

BRENDA GIANNINA
MY COMMISSION EXPIRES
October 13, 2005

Notary Public

3

# Exhibit A

# KIRBY McINERNEY & SQUIRE, LLP

TELEPHONE:(212) 371-6600
(212) 317-2300
FACSIMILE:(212) 751-2540

*830 Third Avenue*
*New York City 10022*

IRVING MALCHMAN, OF COUNSEL

**VIA FACSIMILE**

May 12, 2004

Steve W. Berman, Esq
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re: *In re AWP Pharmaceutical Litigation, MDL 1456*
*County of Suffolk v. Abbott Labs, et al.* (549.01)

Counsel:

This concerns discovery from Bristol Myers Squibb ("BMS"). I just spoke with Lyndon Trettor of Hogan & Hartson who informs me that BMS has produced approximately 150 (not 50 as you represented to us) boxes of documents to liaison counsel, and that insofar as Lyndon knows these materials are in a depository in Seattle.

Lyndon made clear that it is his client's preference (a) to produce documents once to a central depository for all MDL plaintiffs to access as appropriate and (b) that Suffolk have unfettered access to the entirety of Bristol's production. Lyndon also made clear that if Suffolk is not provided such access, and BMS must make duplicative productions as a result, all MDL plaintiffs (including liaison counsel) will be charged as a result. As you know, thus far BMS has made its productions without cost. BMS has done so with the understanding that you, as liaison counsel, would provide access to all parties involved in the coordinated discovery efforts.

Lyndon and I would like to discuss this with you today or tomorrow at the latest. Please advise immediately when you available for a call.

Sincerely,

Joanne M. Cicala

cc: Lyndon M. Trettor, Esq.
Thomas L. Sobol, Esq.
Aaron D. Hovan, Esq.

# Exhibit B



**HAGENS BERMAN LLP**
*Attorneys at Law*

BOSTON   LOS ANGELES   PHOENIX   SEATTLE

hagens-berman.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

STEVE W. BERMAN
(206) 224-9320
steve@hagens-berman.com

May 14, 2004

*Via Facsimile*

Ms. Joanne M. Cicala
Kirby McInerney & Squire, LLP
830 Third Avenue
New York, NY 10022

    Re:   In re AWP Pharmaceutical Litigation
           MDL No. 1456

Dear Counsel:

    This is in response to your letter of May 12, 2004.

    Your letter is incorrect. We have notified you of all BMS productions that have occurred since the stay was lifted as to your client.

    Lynden has never once indicated that BMS intended that the MDL plaintiffs act as a depository for Suffolk County. The understanding you refer to has not been communicated to us and such a request is impractical for a number of reasons.

    First, because we were under, and are under, no obligation to create a depository we have not done so. The BMS documents have been divided, sorted and reassembled as we have seen fit. This is true for all defendants, the documents are assigned out to various teams.

    Second, the MDL plaintiffs have a fast track deadline, you do not. We cannot slow our review process for Suffolk, which has no trial date, to come to our offices to review documents. Based on the time it took for our review of the BMS documents, you could tie these documents up for months while you review them.

    Third, there is a simple solution that we have suggested to you before. Go review the defendants' documents at the place of production. Lynden surely has a set of what he produced. What you should do is go inspect his original set and designate what you want or pay for a complete set. This is the course we suggested when you demanded to inspect

1534160120 LTR.DOC

Ms. Joanne M. Cicala
May 14, 2004
Page 2

documents at Hagens Berman's Boston office months ago. Apparently you have not done so.

As to other defendants we are often just going to inspect in the field and then select for copying. We do not intend for our selections to become your depository. You need to get out there and do your own work.

Finally, I was out of the office when your letter arrived demanding that I "advise immediately" when I was available. We will respond to your inquiries but the consistent expectation of an "immediate response" which has become a pattern with your firm needs to be cast aside. You are not the only issue we are dealing with in this litigation, we will respond in a timely fashion.

We are notifying you when required of productions, we notify you of depositions and we give you advance notice so you can participate. But we have not and will not agree to serve as your depository or to have our fast track obligations imperiled by your demands for "participation." I also point out that at this point you have no operative dates, no complaint that has been sustained so the "immediacy" in your letters is unfounded.

As for the future with BMS, there was no understanding that all MDL plaintiffs could have access to our set. I do have some suggestions. We could agree to allow Suffolk to review the BMS documents we have so long as this is done after our review is done and at a time where depositions on demands do not require access. Or, you could review Lynden's set.

Sincerely,

Steve W. Berman

SWB:dls

cc: Lynden Tretter

# Exhibit C



180 Townsend Street, 3rd Floor
San Francisco, CA 94107-1909
PHONE 415.344.7000
FAX 415.344.7050
www.perkinscoie.com

April 23, 2004

<u>Via Facsimile & UPS</u>

Lloyd Donders, Esquire
Kirby McInerney & Squire LLP
830 3rd Avenue
New York, NY 10022

Re: *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456 (D. Mass)
<u>Subpoenas to First DataBank, Inc., and Kay Morgan</u>

Dear Mr. Donders:

We are outside counsel to non-party First DataBank, Inc. and to its employee Patricia Kay Morgan (collectively, "First DataBank"), in the above-referenced matter. Following this page please find First DataBank's Objections to Plaintiff Suffolk County's recent Subpoenas to First DataBank and to Patricia Kay Morgan, dated April 12, 2004, and served on First DataBank on April 13, 2004 (the "Suffolk County Subpoenas").

The document requests contained in the Suffolk County Subpoenas are duplicative and fall within the scope of those requested by Plaintiffs in their October 2003 subpoena to First DataBank. First DataBank already has produced over 15,000 pages of documents in response to Plaintiffs' October 2003 Subpoenas, and it intends to produce more responsive documents in the coming weeks. To the extent it possesses any documents responsive to the Suffolk County Subpoenas, FDB will produce such documents in the course of its ongoing production to Plaintiffs.

[28944-0024/BY041140.035]

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · HONG KONG · LOS ANGELES
MENLO PARK · OLYMPIA · PORTLAND · SAN FRANCISCO · SEATTLE · SPOKANE · WASHINGTON, D.C.

Perkins Coie LLP (Perkins Coie LLC in Illinois)

April 23, 2004
Page 2

Having so served these Objections, pursuant to Federal Rule of Procedure 45(c)(2)(B), First DataBank does not intend to produce documents specifically in response to the Suffolk County Subpoenas, nor to make Ms. Morgan or a Keeper of Record from First DataBank available for deposition, absent an order from the Court.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

John P. Kern

cc: Steve Edwards
    Saul Morgenstern
    Merle Delancey
    John Macoretta
    Sean Matt

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of May 2004, I caused a true and correct copy of the Suffolk Reply Brief Regarding Coordinated Discovery, Affidavit of Joanne M. Cicala, sworn to May 24, 2004, and Proposed Order to be served on all counsel of record by electronic service via Verilaw's Electronic Service System pursuant to Case Management Order No. 2 entered by the honorable Patti B. Saris in MDL No. 1456.

I hereby certify that on the 25th day of May 2004, I caused a true and correct copy of the Corrected Affidavit of Joanne M. Cicala in Support of Suffolk's Motion Respecting Coordinated Discovery, sworn to May 25, 2004, to be served on all counsel of record by electronic service via Verilaw's Electronic Service System pursuant to Case Management Order No. 2 entered by the honorable Patti B. Saris in MDL No. 1456.

Lloyd M. Donders
Kirby McInerney & Squire, LLP
830 Third Avenue, 10 Floor
New York, NY 10022
(212) 371-6600