UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 ) ) ) ) | Judge Patti B. Saris |

## LIAISON AND PLAINTIFF COUNSELS' SURREPLY TO SUFFOLK COUNTY'S REPLY ON MOTION RESPECTING COORDINATED DISCOVERY

In its reply in support of its Motion Respecting Coordinating Discovery, Suffolk asks for the first time that liaison counsel undertake, apparently at its expense, the enormous task of creating a depository whose sole beneficiary would be Suffolk. No court order has required that liaison counsel, Hagens Berman, at its own expense create a document depository that would cost millions of dollars. No other governmental or private state plaintiff has made such a request including California, Pennsylvania and Massachusetts, all of whom are prosecuting AWP-related actions. The defendants have not done so.

Suffolk has not been denied access to any discovery. The solution remains a simple one, Suffolk has complete access to defendants' documents and will continue to have such access as documents are produced. Suffolk County, to this day, has simply refused to review and select for copying documents that defendants have available for inspection. And, where plaintiffs have copied a complete set of a production we have offered Suffolk access to our set so long as access does not interfere with ongoing work. Suffolk has not availed itself of this opportunity. Instead,

1534.16 0060 MTN.DOC

as shown below, the purpose of Suffolk's request appears to be to allow Suffolk access to the work product, or selection set, of plaintiffs' counsel. Suffolk's motion should be denied.

## I.  STATEMENT OF FACTS

### A.  Documents at Hagens Berman/Other MDL Counsel's Office

Several months ago Suffolk County requested access to the documents at Hagens Berman ("HB").[1] It is important for the Court to understand how these documents came to HB and/or the offices of co-lead counsel. In many instances, plaintiffs' counsel went to a place designated by defendants, reviewed tens or hundreds of boxes of documents, and selected the documents to be copied. The selection set is what is maintained at HB or in the offices of other co-lead counsel. Berman Decl. ¶ 2. When Suffolk County demanded that it have access to plaintiffs' set of these documents, plaintiffs' counsel explained three facts to Suffolk: (1) the set at plaintiffs' counsel's offices was not a complete set of what was produced by defendants and reflected counsel's selection process; (2) the select sets were then distributed across the country for analysis and coding and it would be disruptive of our efforts to have Suffolk inspect the selected sets; and (3) Suffolk was free to go to each of the defendants' production and make its own selection.[2] Suffolk has never gone to any of the defendants to inspect documents and is still free to do so. Instead, as explained below, Suffolk has steadfastly sought only to examine what plaintiffs' counsel has selected.

### B.  Suffolk Is Free to Make Its Own Inspection and Copying of Defendants' Documents

Suffolk does not deny and cannot that it is free to go to any of the defendants and inspect and select documents. Schering Plough's upcoming production is a prime example of the mischief that could be created by Suffolk's motion for the establishment of a depository. Schering intends to make thousands of boxes available for inspection. When the details as to location and timing are known we will notify Suffolk. Suffolk will be free to attend assuming

---

[1] Declaration of Steve W. Berman Regarding Suffolk County's Access to Discovery ("Berman Decl.") at ¶ 3.
[2] Berman Decl. ¶ 3.

1534.16 0060 MTN.DOC

Schering agrees Suffolk is entitled to see all of the documents produced to plaintiffs. Plaintiffs' counsel does not intend to copy all of these documents or to create a depository. Instead, at considerable expense we will take the weeks or months needed to select the documents plaintiffs wish to take based on our internal criteria. These select documents will be shipped back to the counsel assigned to Schering, in this case HB Seattle for review or further comment. Suffolk's proposed order would have HB and other plaintiffs' counsel create a depository of all of these documents, even though we do not want or intend to copy all of them. Many of them will have marginal value and may not be responsive to any request for production. The copying costs for such a process and the rental space involved would cost approximately $5 million, which will not otherwise be spent.[3] These costs far exceed any marginal cost imposed on Suffolk County if it simply performs its own work at the Schering production site. Suffolk filed a case against each of these defendants and it must be ready, willing and able to assume that burden.

If this is not what Suffolk wants, then the objective of its motion is to wait for the MDL plaintiffs to spend the time and money to select relevant documents and then come to HB or the offices of co-lead counsel and free ride on the fruits of plaintiffs' counsel's labor by inspecting the select set.[4] Not only is this unfair, but it will disrupt the prosecution of this case. The documents in the possession of plaintiffs' counsel do not just sit idle. They are being analyzed, coded, reviewed, and organized by dozens of lawyers. To have to let Suffolk into the offices of plaintiffs' counsel and interrupt this process is simply unfair. Further, Suffolk has no trial date and its insertion into our review process would disrupt the fast track schedule for no worthy reason. Despite this interruption, we have also offered Suffolk the opportunity to review certain productions at our offices so long as it did not interrupt our fast-track discovery efforts. *See* Exhibit B to Suffolk Reply Memorandum at p. 2 ("we could agree to allow Suffolk to review

---

[3] *See* Berman Decl. at ¶ 5 (estimating costs of setting up a depository).

[4] There is evidence that this has been Suffolk's modus operandi. If one compares the AMCC to Suffolk's complaint whole sections of the Suffolk complaint have been lifted verbatim from the AMCC. Where Suffolk deviated from the AMCC it named new defendants without any detail basis, thus creating the "thirteen who want out."

BMS documents we have so long as this is done after our review is done…."). Suffolk has not even responded to this offer. Berman Decl. at ¶ 12.

C. **No Defendant Has Suggested to MDL Plaintiffs That a Depository Should Be Created or Offered to Fund One**

Although Suffolk suggests that Bristol Myers Squibb ("BMS") takes the position that it assumed HB would be creating a warehouse when it produced documents at no cost, BMS has never face-to-face suggested this to HB or other plaintiffs' counsel. No agreement has been reached or suggested that documents are produced without cost because HB was setting up a depository. Plaintiffs have also produced without cost tens of thousands of documents without any discussion of a depository.

Typically, when a depository is established, all parties share in the rent and control of the facility. In our experience the cost and burden of such a facility is never the responsibility of liaison counsel as Suffolk demands. The *Enron* case provides an example of how and when depositories are created. A copy of the Order Establishing Document Depository is attached to the Berman Declaration as Exhibit A. The *Enron* depository requires a complex agreement that does not impose the burden on plaintiffs' liaison or co-lead counsel, but instead is expensed on a complicated formula. *See* Exhibit A at pp. 10-11.

D. **Suffolk Has Not Been Denied Access to Any Documents**

Suffolk's claim that it has been denied access to documents is simply false. It is free to ask any defendant at any time for two things: (1) a list of all productions made by that defendant, and (2) access by that defendant. Suffolk does not deny that it has failed to take either step and instead has made its demands only on liaison counsel.

One must ask why does Suffolk persist in seeking to impose this burden on plaintiffs' counsel. There is only one logical explanation – its objective has and continues to be to have liaison and lead counsel do its work in selecting potentially useful documents.

1534.16 0060 MTN.DOC

E.   **Liaison Counsel Has Fulfilled Its Duties**

If the parties had contemplated a depository this would have been the subject of the type of detailed negotiations that always occur when depositories are established. No one raised this issue with the Court in connection with the order coordinating discovery.

Liaison counsel is meeting its obligations. Until CMO No. 11 was entered, Suffolk's case was stayed and there was no need or duty to keep Suffolk informed of discovery. Since the stay was lifted, liaison counsel has notified Suffolk of document productions and depositions and will continue to attempt to coordinate to the extent practical and possible. Such a role is exactly what the MANUAL FOR COMPLEX LITIGATION, FOURTH § 10.221 envisions for liaison counsel:

> 10.221 Organizational Structures
>
> Attorneys designated by the court to act on behalf of other counsel and parties in additional to their own clients (referred to collectively as "designated counsel") generally fall into one of the following categories:
>
> - *Liaison counsel.* Charged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions. Such counsel may act for the group in managing document depositories and in resolving scheduling conflicts. Liaison counsel will usually have offices in the same locality as the court.

Liaison counsel has performed this communication function and assisted in coordination. Suffolk has been notified of depositions and has attended some depositions when it wished to.

II.   **THE REQUESTED DEPOSITORY WOULD DRAMATICALLY INCREASE THE COSTS AND SHOULD NOT BE REQUIRED**

In the name of saving Suffolk tens of thousands of dollars, Suffolk seeks to impose a potentially horrific burden ***solely on liaison counsel***. Such a burden will increase by millions the costs in this case.[5] And it seeks to do so unilaterally on plaintiffs' counsel. The only way a

---

[5] Berman Decl. at ¶ 5.

depository could work is for each defendant to place a set of its entire production in the depository. If one assumes each defendant would want its own set of documents outside the depository, it means the defendants will duplicate what may be in excess of 20,000 boxes. And all of these documents would have to be housed in a facility. We estimate that up to 20,000 boxes may be produced in this litigation. If these were all housed in a depository, using Suffolk's estimates of the number of pages in a box and the costs of duplication, creating a depository set would cost $4.2 million (20,000 × 3,000 pages × 7¢). Then each party would have to pay for its selected set, plus the cost of housing these documents. The total cost could easily exceed $5 million or *more*. This cost far exceeds Suffolk's expense. If normal litigation rules followed, Suffolk would have to pay its share, which would far exceed the cost of the current process that would require it to select and copy relevant documents.

Currently, plaintiffs' counsel intends to continue to selectively cut documents to be copied in the field. The expenses of doing so – travel, attorney time and the like – is being borne directly by plaintiffs. That process is far more efficient than establishing the depository Suffolk requests. The only drawback to Suffolk of that process is they will have to do their own work and pay some copying costs.

### III. CONCLUSION

The creation of a depository, financed solely by plaintiffs' liaison counsel, finds no support in MDL history or the procedures in the MANUAL FOR COMPLEX LITIGATION or in any order in this case. The Court should not impose this burden simply because Suffolk requests it. And to require giving Suffolk unfettered access to plaintiffs' working set would be disruptive and unfair. The answer is a simple one – Suffolk is free to inspect and copy documents from defendants' production set, or to review plaintiffs' set at a non-disruptive time.

| | |
|---|---|
| DATED: May 26, 2004. | By   Steve W. Berman, signature on file |

        Thomas M. Sobol (BBO#471770)
        Edward Notargiacomo (BBO#567636)
        Hagens Berman LLP
        225 Franklin Street, 26th Floor
        Boston, MA 02110
        Telephone: (617) 482-3700
        Facsimile: (617) 482-3003
        **LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Kevin P. Roddy
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Samuel Heins
Brian Williams
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
**CHAIRS OF LEAD COUNSEL COMMITTEE**

Marc H. Edelson
Alan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Elizabeth Fegan Hartweg
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
**MEMBERS OF LEAD COUNSEL COMMITTEE AND EXECUTIVE COMMITTEE**

Michael McShane
Alexander, Hawes & Audet, LLP
300 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 982-1886
Facsimile: (415) 576-1776

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
Shreveport, LA 71103
Telephone: (318) 226-0826
Facsimile: (318) 424-9900
**MEMBERS OF EXECUTIVE COMMITTEE**

Anthony Bolognese
Bolognese & Associates
One Penn Center
1617 JFK Boulevard
Suite 650
Philadelphia, PA 19103
Tel: (215) 814-6750
Fax: (215) 814-6764

Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Avenue, N.E.
Suite 300
Washington, D.C. 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

Neal Goldstein (Of Counsel)
Freedman & Lorry, PC
400 Market Street, Suit 900
Philadelphia, PA 19106
Tel: (215) 925-8400
Fax: (215) 925-7516

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL  33134
Tel:  (305) 357-9000
Fax: (305) 357-9050

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street
Suite 1700
San Diego, CA  92101
Tel:  (619) 338-1133
Fax: (619) 338-1139

Jonathan D. Karmel
Karmel & Gilden
221 N. LaSalle Street
Suite 1414
Chicago, IL  60601
Tel: (312) 641-2910
Fax: (312) 641-0781

Dianne M. Nast
Roda & Nast, PC
801 Estelle Drive
Lancaster, PA 17601
Tel: 717-892-3000
Fax: 717-892-1200

Henry H. Rossbacher
Rossbacher & Associates
811 Wilshire Boulevard,
Suite 1650
Los Angeles, CA 90017-2666
Tel: (213) 895-6500
Fax: (213) 895-6161

Jonathan Shub
Sheller, Ludwig & Badey, P.C.
1528 Walnut Street, 3rd fl
Philadelphia, PA 19102
Tel: (215) 790-7300
Fax: (215) 546-0942

Scott R. Shepherd
Shepherd & Finkleman, LLC
117 Gayley Street,
Suite 200
Media, PA 19063
Tel: (610) 891-9880
Fax: (610) 891-9883

Lisa J. Rodriguez
Ira Neil Richards
Trujillo Rodriguez & Richards, LLC
The Penthouse
226 West Rittenhouse Square
Philadelphia, PA 19103
Tel: (215) 731-9004
Fax: (215) 731-9044

Mitchell A. Toups
Weller, Green, Toups & Terrell, L.L.P.
2615 Calder Street, Suite 400
P.O. Box 350
Beaumont, TX 77704
Tel: (409) 838-0101
Fax: 409-838-6780

1534.16 0060 MTN.DOC

Damon Young
Lance Lee
Young, Pickett & Lee
4122 Texas Boulevard
P.O. Box 1897
Texarkana, AR/TX  75504
Tel: (903) 794-1303
Fax: 903-792-5098; 903-794-5098
**ADDITIONAL ATTORNEYS FOR PLAINTIFFS**

- 11 -

1534.16 0060 MTN.DOC

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **LIAISON AND PLAINTIFF COUNSELS' SURREPLY TO SUFFOLK COUNTY'S REPLY ON MOTION RESPECTING COORDINATED DISCOVERY** to be served on all counsel of record electronically on May 26, 2004, pursuant to Section D of Case Management Order No. 2.

*/s/ Steve W. Berman*
Steve W. Berman
**HAGENS BERMAN LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
(206) 623-7292