# Exhibit A

(                    (

United States Courts
Southern District of Texas
ENTERED

OCT 3 1 2002

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re ENRON CORPORATION SECURITIES LITIGATION | § § § | Civil Action No. H-01-3624 **(Consolidated)** |
| | § | CLASS ACTION |
| This Document Relates To: | § § | |
| MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| ENRON CORP., et al., | § § | |
| Defendants. | § § | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| KENNETH L. LAY, et al., | § § | |
| Defendants. | § § | |
| PAMELA M. TITTLE, on Behalf of Herself and a Class of Persons Similarly Situated, | § § § | Civil Action No. H-01-3913 **(Consolidated)** |
| Plaintiffs, | § § | |
| vs. | § § | |
| ENRON CORP., an Oregon Corporation, et al., | § § | |
| Defendants. | § § | |

**ORDER ESTABLISHING DOCUMENT DEPOSITORY**

(                                                    (

IT IS ORDERED that effective immediately, the following guidelines shall govern the establishment and operation of the Document Depository described in this Court's Scheduling Order dated February 27, 2002 (the "Depository").

## I.    OBJECTIVES

The Depository shall be utilized to (i) establish a uniform method of identifying and producing documents for use in all Enron-Related Proceedings (hereinafter defined); (ii) minimize duplication of production efforts by requesting and producing parties; (iii) ensure the continued existence of relevant documents; and (iv) reduce the aggregate cost of producing and maintaining documents.  Nothing in this Order shall limit any party from making timely objections to discovery requests in accordance with the Federal Rules of Civil Procedure.

## II.    DEFINITIONS

### A.    Enron-Related Proceedings

The following are identified as Enron-Related Proceedings:

1.    Civil Action No. H-01-3624 (Consol. Securities Suit); *Mark Newby, Individually and On Behalf of All Others Similarly Situated, et al. v. Enron Corp., et al.*, in the United States District Court for the Southern District of Texas – Houston Division; and

2.    Civil Action No. H-01-3913 (Consol. Suits); *Pamela M. Tittle, On Behalf of Herself and a Class of Persons Similarly Situated, et al. v. Enron Corporation, et al.,* in the United States District Court for the Southern District of Texas – Houston Division.

### B.    Designated Parties

The following persons and entities are identified as "Designated Parties":

1.    All Plaintiffs and Defendants in the Enron-Related Proceedings as of the date production of Related Documents (hereinafter defined);

2.    Any person or entity subsequently added to any of the Enron-Related Proceedings upon order of the Court; and

3.    Any person or entity voluntarily designated as such by agreement of all of the Designated Parties.

00047954                                    1

### C.    Requesting Party

"Requesting Party" is a Designated Party requesting documents, either by discovery served on another Designated Party or by subpoena served on any other entity.

### D.    Producing Party

"Producing Party" is a Designated Party responding to a request for production from another Designated Party.

### E.    Third Party

"Third Party" is any person or entity other than a Designated Party.

### F.    Special Designated Party

Designated Parties added in accordance with §II.B.2 or §II.B 3., if not readily identifiable as either a plaintiff or a defendant, shall, for the purposes of dividing Depository Costs (hereafter defined) only, be considered "Special Designated Parties."

### G.    Document

The term "document" shall be construed broadly and include everything covered by Fed. R Civ. P. 34(a) as well as the definitions of "writing," "recording," "photographs," "original" and "duplicate" in Fed. R. Evid 1001. The term "document" shall also include electronically stored information, whether in electronic or printed form, on computer disk, video or on any other document or information storage and/or retrieval system.

### H.    Related Documents

"Related Documents" are all documents produced pursuant to any subpoena or discovery request in any of the Enron-Related Proceedings from a Designated Party.

### I.    Depository Administrator

The "Depository Administrator" is Lex Solutio, Corp., Headquarters: 1102 West Adams St., Phoenix, AZ 85007 Lex Solutio, Corp. is a document management firm chosen by agreement of counsel as required by the Court in its Scheduling Order dated February 27, 2002.

### J.    Pricing Schedule

The prices for services offered by the Depository Administrator for this project, as well as certain instructions for preparing Related Documents in a uniform manner, a description of the

facilities and terms of their use are contained in the Lex Solutio, Corp Pricing Schedule (the "Pricing Schedule").

### K.      Depository

The "Depository" shall be located at 3115 Allen Parkway, Houston, Texas 77019, and shall consist of the facility in which the documents described in Section III shall be stored until further order of the Court.   The Depository will be staffed by the Depository Administrator.   Only Designated Parties and their counsel and support staff shall be allowed access to the Depository.

### L.      Depository Costs

All expenses related to the establishment, maintenance and management of the Depository that are not allocated elsewhere in this Order are "Depository Costs."  Depository Costs include, but are not limited to, charges for document handling, retrieval and return to shelving, hearing and deposition transcripts as well as the cost for leasing the depository space.

### M.      Depository Fund

The Depository Administrator requires the sum of $150,000.00 in advance of work performed to establish and staff the Depository  These funds shall be used to pay Depository Costs. (*See* §VIII.F. below.)

### N.      Privilege Log

Each Producing Party shall create a log listing the Related Documents for which the Producing Party claims a privilege, identifying each in the format more particularly described in §IV.C. below (the "Privilege Log").

### O.      Depository Index

The Depository Administrator shall maintain a compilation of all indices accompanying the production of Related Document and Privilege Logs for all Related Documents provided to the Depository (the "Depository Index").   This index shall include every document housed in the Depository as well as such information regarding documents withheld for privilege as is contained in the Privilege Logs.  The Depository Index shall be posted on http://www.esl3624.com and updated periodically as new documents are received.

**P.      Liaison Counsel**

Jerrilyn Hardaway of Milberg Weiss Bershad Hynes & Lerach LLP and Britt Tinglum of Keller Rohrback LLP shall serve as co- liaisons to the Depository Administrator on behalf of Plaintiffs ("Plaintiffs' Liaison Counsel") and Joanna V. Hamrick of Nickens, Keeton, Lawless, Farrell & Flack, L.L.P. and Jacalyn Scott of Wilshire, Scott & Dyer, P.C. shall serve as co-liaisons to the Depository Administrator on behalf of Defendants ("Defendants' Liaison Counsel) (Plaintiffs' Liaison and Defendants' Liaison are collectively hereinafter sometimes referred to as "Liaison Counsel").   Liaison Counsel shall be responsible for informing the Designated Parties on a convenient, but not less than monthly basis, of matters concerning the Depository, including the Depository Costs and progress of the Administrator.   Liaison Counsel shall not have the authority to contractually bind any Designated Party.

**III.      DOCUMENTS TO BE INCLUDED IN THE DEPOSITORY**

1.      Related Documents, in the form required in §IV below,

2.      All documents produced by a Third Party pursuant to any subpoena by a Designated Party;

3.      Copies of all depositions, including exhibits, taken in connection with any Enron-Related Proceedings. Upon receipt of same, the Designated Party noticing the deposition shall provide a copy of the ASCII disk as well as a paper copy of the transcript and exhibits to the Depository.  These costs shall be included in the Depository Costs.  Any additional costs incurred in connection with the transcripts shall be borne by the party requesting the transcripts; and

4.      Copies of all transcripts of hearings, including exhibits, held in this Court concerning Enron-Related Proceedings.  The Plaintiffs' Liaison Counsel shall be responsible for providing an ASCII disk of the hearing as well as one paper copy of the transcript to the Depository.  These costs shall be included in the Depository Costs.  Any additional costs incurred in connection with the transcripts shall be borne by the party requesting the transcripts.

## IV.   DEPOSITING DOCUMENTS AND PREPARING INDICES

### A.   Required Format

All documents produced to the Depository shall be produced in the applicable format described in this §1V ("Required Format").[1]

### 1.   Hard Copy/Paper Documents

All Related Documents that exist only as hard copies shall be produced to the Depository in the format set forth in this §IV.A.1. The documents shall be imaged with a resolution of no less than 300 dpi and branded with a sequential "Bates" number during the imaging process. Further details of the procedures for imaging and numbering shall be included in the Pricing Schedule. A copy of the Pricing Schedule shall be provided to all Designated Parties.

The imaged documents shall be produced either on CDRom or DVD (-RW format only, hereafter referred to as "DVD") in "Group IV .tiff" format, accompanied by either a tab or comma delimited ASCII load file, a Summation (version 5.0 or higher) ".dii" file or a Concordance (version 7.2 or higher) load file. If only the ASCII load file is produced, it must contain the image file names as well as the image folder names. In the event that the documents have been imaged prior to the entry of this Order or to the extent that a Designated Party elects to use an alternate provider, the Producing Party shall provide, in addition to the imaged documents, an index of those imaged documents produced. The index shall be in a tab or comma delimited ASCII format and shall contain the following fields, to the extent such information is available:

> Beginning Bates/Document Number
> Ending Bates/Document Number
> Document Date (if appearing on the face of the document)
> Folder, if any[2]
> Type of document, *i.e.,* "correspondence" or "contract"

---

[1]Special provisions for hard copy/paper documents are set forth in §IV.A.1. Special provisions for electronic documents are set forth in §IV.A.2.

[2]This field is entirely optional and any Producing Party may decide, in its complete discretion, to leave this field blank for any portion of, or for the entirety of, that Producing Party's production. To the extent that a Producing Party determines to leave this field blank, the Depository Administrator will be informed of that fact and will not attempt to complete this field with respect to documents produced by such Producing Party. To the extent a Producing Party wishes to provide information about a document in the "folder" field, this field should be completed to reflect the information, if any, from the label on the folder, if any, that contains that document.

Author(s) and Recipient(s), including "cc's" (if appearing on the face of the document)
Date Produced to the Depository*
Producing Party*
Location in Physical Depository (*i.e.*, Box Number)*
CD or DVD volume number*
Whether image withheld for privilege (Y/N) (for documents imaged prior to this Order)

*These fields will be added to the index by the Depository Administrator.

As an alternative to providing the index at the time of production, the Producing Party may request the Depository Administrator to prepare an index of the imaged documents with the same fields set forth herein. Although the Designated Parties and the Depository Administrator will make every effort to index the Related Documents accurately, they do not certify as to the reliability, accuracy or completeness of the indexing as to any particular document. The indices shall not be evidence and may not be used for any purpose other than document management in this litigation. At its option, a Producing Party may produce hard copies of the Related Documents to the Depository to be converted and indexed by the Depository Administrator in accordance with the format and index requirements set forth herein. The cost shall be as established in the Pricing Schedule.

Parties may purchase copies of the CDRoms or DVDs from the Depository Administrator for the cost established for Designated Parties in the Pricing Schedule or may copy the CDRoms or DVDs using their own equipment and media.

### 2. Electronic Documents

All Related Documents created in electronic format in the regular course of business shall be produced on CDRoms or DVD-RW (hereafter referred to as "DVD") in "Group IV .tiff" format, accompanied by either a tab or comma delimited ASCII load file, or a Summation (version 5.0 or higher) ".dii" file or Concordance (version 7.2 or higher) load file, of the Related Documents (each with a branded Bates number) along with an index containing the same information as required for hard copy production. If only the ASCII load file is produced, it must contain the image file names as well as the image folder names. At the option of the Producing Party, all such Related Documents created in electronic format may be produced in their original format, along with any software necessary to open such electronic documents, or in commonly available software with equivalent

information.[3]  If produced in its original format, the Depository Administrator shall convert the electronic information to .tiff images, brand them with a Bates number, and prepare an index containing the same information as required for hard copy production.  Electronic information shall be stored on a server or group of servers managed by the Depository Administrator.  Should a Requesting Party, after reviewing the document in other than the original format, believe that production of the original format is necessary, the parties shall meet and confer with regard to the production and allocation of costs of production, and the parties shall attempt to resolve such matters by agreement.  Only in the event that the parties cannot come to an amicable agreement shall they seek relief from the Court.

### B.    Storage and Copies

The Depository Administrator shall store and index all CDs and DVDs identifying the Producing Party, the date of production, the beginning and ending number of each CD and DVD and the locator number of the CD or DVD.  If a Producing Party requests the Depository Administrator to image the Related Documents, and those Related Documents are not Bates numbered upon arrival, the hard copy documents from which the images are created shall promptly be returned to the Producing Party.  Hard copies that arrive at the Depository already Bates numbered shall be maintained in the Depository as outlined in the Pricing Schedule.  The Depository Administrator shall not produce printed or "blowback" copies of documents produced in electronic format unless requested to do so by a Designated Party, and if such a request is made, the party requesting the blowbacks shall be solely responsible for the costs of such production.  Designated Parties who want "blowback" or print copies of any Related Documents shall pay the Depository Administrator the blowback costs set forth in the Pricing Schedule.

### C.    Privilege Logs

#### 1.    General Privilege Log Requirements

The Producing Party shall remove documents withheld in their entirety for privilege from the general population of Related Documents prior to imaging.  Each Producing Party shall create a

---

[3]Depository Administrator will have software available to convert spreadsheets and databases into .tiff images, if necessary

Privilege Log listing the Related Documents for which the Producing Party claims a privilege in a comma or tab delimited ASCII file containing the following fields:

> Beginning Bates or other Unique Identifying Document Number
> Document Date
> Type of document, *i.e.,* "correspondence" or "contract"
> General subject matter
> Author(s) and Recipient(s), including "cc's"
> Whether image withheld for privilege (Y/N)
> Partially Redacted (Y/N)
> Privilege(s) claimed

The Privilege Log should be produced in the same format as the Depository Index as the Privilege Log will be incorporated into the Depository Index.

No Producing Party shall be required to include on its Privilege Log information that discloses privileged material. Any Related Documents withheld for privilege later found not to be privileged by this Court shall be produced as set forth in §IV.A. within a reasonable time of the order denying the designation of privilege, as agreed by the parties, in accordance with the Federal Rules, or as ordered by the Court.

### 2. Documents Imaged Prior to this Order Containing Privileged Documents in Sequential "Bates" Number Order

Producing Parties who have imaged Related Documents, including documents for which they claim a privilege, in sequential Bates number order prior to the entry of this Order shall separate and remove the images of documents withheld in their entirety for privilege from other responsive documents prior to delivery to the Depository. The required index (described in §IV.A.1. above) shall indicate in the appropriate field that the removed document has been identified as privileged or partially redacted. Any Related Documents or information within them (redacted information) withheld for privilege later found not to be privileged by this Court shall be produced as set forth in §IV.A. within a reasonable time of the order denying the designation of privilege, as agreed by the parties, in accordance with the Federal Rules, or as ordered by the Court.

## V. DEADLINE FOR DEPOSITING DOCUMENTS AND PREPARING INDICES

1. Each Producing Party shall deposit its Related Documents responsive to discovery requests, along with the required indices (including any electronic documents and any proprietary

software necessary to access the electronic documents, subject to §IV.A.2.) in the Required Format in accordance with the obligations imposed by agreement of the parties, or by the Federal Rules, or by the Court (except for requests for production or subpoenas for which no response is required until certain rulings by this Court). Each Producing Party that is providing the coding and indexing for its Related Documents will be allowed a reasonable time period within which to produce the index after the production of the Related Documents, if the index is not completed at the time the production is otherwise due.

2.       The Designated Parties shall make all reasonable efforts to preserve their original Related Documents (including electronic documents) in the same order and format in which they existed at the time of imaging during the pendency of the Enron-Related Proceedings, and for 180 days after final order(s) closing all such proceedings, including any appeals. Such original Related Documents shall be made available for review by any representative of a Designated Party upon reasonable notice

3.       Related Documents of any person designated as an expert witness shall be deposited in the Required Format into the Depository within 15 days after such person is designated as an expert witness. The Depository Administrator shall segregate all expert witnesses documents designated by each Designated Party from the general production of that Designated Party.

**VI.     DOCUMENTS TO REMAIN IN DEPOSITORY**

1.       No one, including any Designated Party, shall remove Related Documents from the Depository, with the exception of inadvertently produced documents that are protected from production by evidentiary rule or statute.

2.       The Depository Administrator shall be responsible for ensuring that an imaged and numbered copy of each Related Document is in the Depository at all times. Documents originally produced in hard copy with Bates numbers shall be organized and shelved by the Depository Administrator.

## VII.   DOCUMENT DISCOVERY AND EXAMINATIONS

### A.   Discovery By and Between the Designated Parties

A Producing Party shall, at the same time the production is made, notify the Requesting Party of such production, and shall post notice of the production on http://www.esl3624.com.  The duty of a Designated Party to produce documents is satisfied once such documents are produced to the Depository Administrator pursuant to this Order and by identifying the responsive document by Bates number(s) or Bates number range.  Each Producing Party that is relying upon the Depository Administrator to Bates number their Related Documents will be allowed a reasonable time period within which to identify the responsive document(s) by Bates number(s) or Bates number range, if the Bates numbering has not been completed at the time the production is otherwise due, provided that the Producing Party has allowed the Depository Administrator reasonable time to complete the Bates numbering.

### B.   Third Party Discovery

This Order does not affect any Designated Party's right to seek discovery from any entities or individuals other than another Designated Party.  Documents produced by Third parties shall be placed in the Depository by the Requesting Party, in accordance with §IV above.  In addition, any Designated Party who receives a subpoena or other discovery request from a Third Party may choose to permit that person or entity to have access to its Related Documents only, subject to any conditions for access to the Depository set forth in the Pricing Schedule, by notifying the Depository Administrator in writing.   Such writing shall clearly identify with specificity the individual(s) allowed access to the Related Documents and the Bates number(s) of such Related Documents. Costs charged to a non-Designated Party for use of the Depository and for copying documents and media shall be as outlined in the Pricing Schedule.

## VIII.  EXPENSES

### A.   Document Moving, Numbering, Screening and Photocopying Expenses

To the extent feasible, all imaging and numbering shall be performed at or near the place where the original Related Documents are kept in the usual course of business or at an imaging firm.

Except as specifically set forth herein to the contrary, each Designated Party shall either (i) pay the Depository Administrator to travel to the location of the documents or (ii) pay for the cost of moving its own Related Documents to an imaging firm, including to Lex Solutio, and screening those documents for privilege and photocopying or microfilming those documents for its own purposes.

### B.    Documents Produced by Designated Parties

Unless otherwise provided for herein, in connection with preparation of their Related Documents for production to the Depository, Designated Parties are encouraged to utilize the services of the Depository Administrator, which should offer the lowest overall prices. To the extent a Designated Party elects to utilize the services of another vendor and the costs incurred by that Designated Party are more than would have been incurred had the Designated Party utilized the services of the Depository Administrator, then the costs of that Designated Party which are eligible for reimbursement and/or sharing as later described herein shall be calculated based upon the Pricing Schedule. Any expense in excess of what would have been charged by the Depository Administrator shall be borne by the Designated Party electing to utilize an alternate vendor.

### 1.    Imaged Documents Produced in the Required Format

Producing Parties that deliver their Related Documents to the Depository in the Required Format shall be reimbursed by the Requesting Party for 50% of costs actually incurred (or based upon the Pricing Schedule, *i.e.,* the cost that would have been incurred had the work been done by the Depository Administrator, whichever is less) for (i) converting the Related Documents into the Required Format, including scanning, indexing and Bates numbering the Related Documents, and (ii) producing the information on CDRom or DVD, as set forth in §IV of this Order.

### 2.    Hard Copies and Electronic Documents Produced for Conversion to the Required Format

Producing Parties that utilize the services of the Depository Administrator to convert their Related Documents to the Required Format shall be reimbursed 50% by the Requesting Party for the costs incurred in (i) converting the Related Documents into the Required Format, including scanning, indexing and Bates numbering the Related Documents, and (ii) producing the information on CDRom or DVD, as set forth in §IV of this Order.

### 3.     Imaged Documents Produced in Format other than Required Format

Producing Parties that deliver Related Documents to the Depository in a form that only partially conforms to the Required Format shall be reimbursed by the Requesting Party 50% of the costs actually incurred (or based upon the Pricing Schedule, *i.e.*, the cost that would have been incurred had the work been done by the Depository Administrator, whichever is less) in (i) converting the Related Documents into the Required Format, including scanning, indexing and Bates numbering the Related Documents as necessary, and (ii) producing the information on CDRom or DVD, as set forth in §IV of this Order.   To the extent further services of the Depository Administrator are required in order to convert the Related Documents into the Required Format, the Producing Party shall be reimbursed 50% by the Requesting Party for the costs incurred in (i) completing conversion of the Related Documents into the Required Format, including scanning, indexing and Bates numbering the Related Documents, and (ii) producing the information on CDRom or DVD, as set forth in §IV of this Order.

### C.     Limitations on Reimbursement

Costs incurred by a Producing Party in gathering or retrieving Related Documents are not reimbursable costs.   Costs incurred by a Producing Party in recovering or recreating deleted documents are not reimbursable costs to the extent that the documents were recovered or recreated at the request of a non-Designated Party prior to the entry of this Order or in connection with a non-Enron Related Proceeding.   However, to the extent that a Requesting Party requests discovery of documents that the Producing Party believes, in good faith, will cause the Producing Party to incur expenses beyond the ordinary costs of discovery, then the parties shall attempt an agreement, either to modify the request, or to agree upon the division of expenses prior to incurring costs.   Only in the event that no such agreement is possible shall the parties request assistance from the Court.

### D.     Documents Produced by Third Parties

The costs of documents produced by Third Parties, including (i) converting the Related Documents into the Required Format, and (ii) producing the information on CDRom or DVD, as set forth in §IV of this Order, shall be paid by the Requesting Party.

### E.   Depository Costs

1.     The Plaintiff Designated Parties shall pay 50% of the Depository Costs.   The Defendant Designated Parties shall pay 50% of the Depository Costs.  Special Designated Parties shall pay usage fees as outlined in the Pricing Schedule for non-Designated Parties, which sums shall be deposited into the Depository Fund to reduce the amounts paid by Plaintiff Designated Parties and Defendant Designated Parties in equal amounts.

2.     Defendant Designated Parties may choose to participate in iConect, a document storage and online retrieval service that certain Defendants have elected to purchase from the Depository Administrator.   Those Defendant Designated Parties that affirmatively choose to participate in iConect shall collectively pay 100% of any iConect-related charges for services that such Defendant Designated Parties have elected to purchase from the Depository Administrator, without any contribution from Plaintiffs or any Defendant Designated Parties not affirmatively electing to participate in iConect.

3.     The Depository Costs shall be billed to the parties through Liaison Counsel on the first day of each month.  Liaison Counsel shall circulate copies of the invoice and provide the Depository Administrator with information concerning any disputed amounts. Unless the Depository Administrator is notified of a disputed amount, Depository Costs shall be paid by the tenth of each month from the Depository Fund.  Disputed amounts shall be settled by agreement of the parties.

### F.   Initial Advances

The Depository Administrator requires the sum of $150,000.00 in advance of work performed to establish and staff the Depository.  If they have not already done so as of the entry of this Order, Defendant Designated Parties shall within 10 days advance 50% of this sum and the Plaintiff Designated Parties shall within 10 days advance the other 50%.  In accordance with the Pricing Schedule, $75,000 00 of the Depository Fund shall be held by the Depository Administrator until September 1, 2003 as a facilities deposit and shall thereafter be applied to Depository Costs. Payments made from the Depository Fund shall be for Depository Costs only and shall be allocated 50% to the Plaintiff Designated Parties and 50% to the Defendant Designated Parties.  The

Depository Administrator shall advise Liaison Counsel when there is a need for additional funds and additional deposits shall be forwarded to the Depository Administrator as agreed by the parties.

## IX.    MISCELLANEOUS

### A.    Copies in Lieu of Originals

Subject to any challenges to the authenticity of a document, each Designated Party may use copies of Related Documents obtained from the Depository in place of original Related Documents.

### B.    Web Sites

With the exception of http://www.esl3624.com, the Web site created by the Designated Parties to store pleadings in the Enron-Related Proceedings which is shared by all Designated Parties, no Designated Party shall be allowed to utilize or discover any information related to or available through access to any non-publically available Web site created by another Designated Party in connection with the Enron-Related Proceedings absent the written agreement of the Designated Party responsible for creating the Web site. In addition, no Designated Party shall be allowed to utilize or discover any information related to or contained in any database produced in any format, either on-line or maintained within a computer system of another Designated Party in connection with the Enron-Related Proceedings absent the written agreement of the Designated Party responsible for creating or maintaining the database. With the exception of http://www.esl3624.com, no Designated Party shall be obligated to participate in, or pay for, any Web site or database created or used by any other Designated Party.

### C.    Confidentiality

All Documents will be governed by the order regarding confidentiality to be entered in this case.[4]  This Order is intended to conform to General Order No 2002-9 dated July 22, 2002

---

[4]In no event shall this Order be construed so as to require the breach of any confidentiality agreement reached between the Plaintiffs and Enron Corp. pursuant to this Court's Order dated April 9, 2002 (subsequently expanded to include certain other defendants by agreement). Documents produced to the *Tittle* Plaintiffs subject to a confidentiality agreement will remain in the offices of Campbell, Harrison & Dagley, L.L P. and will be made available to interested Designated Parties upon reasonable notice and subject to the terms of the previously negotiated confidentiality agreement. All documents produced subsequent to the entry of this Order shall be governed by the order regarding confidentiality to be entered in this case and shall be produced directly to the Depository subject only to such provisions for confidential treatment set forth in the order regarding confidentiality to be entered in this case.

protecting personal privacy and other legitimate interests. Nothing herein shall be construed to relieve the parties from compliance with General Order No. 2002-9. Instructions for marking confidential documents *prior* to their inclusion in the Depository are contained in the Pricing Schedule. All parties are required to follow these instructions. Any cost incurred as a result of failure to follow the instructions shall be borne by the Producing Party.

IT IS SO ORDERED.

DATED: *October 30, 2002*

_____
THE HONORABLE MELINDA HARMON
UNITED STATES DISTRICT JUDGE

Submitted by:

DATED: September 26, 2002

MILBERG WEISS BERSHAD
 HYNES & LERACH LLP
WILLIAM S. LERACH
DARREN J. ROBBINS
HELEN J. HODGES
BYRON S. GEORGIOU
G. PAUL HOWES
JAMES I. JACONETTE
MICHELLE M. CICCARELLI
JAMES R. HAIL
JOHN A. LOWTHER
ALEXANDRA S. BERNAY
MATTHEW P. SIBEN
ROBERT R. HENSSLER, JR.

_____ *by permission
HELEN J. HODGES

401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/231-1058

MILBERG WEISS BERSHAD
 HYNES & LERACH LLP
STEVEN G. SCHULMAN
SAMUEL H. RUDMAN
One Pennsylvania Plaza
New York, NY 10119-1065
Telephone: 212/594-5300

**Lead Counsel for *Newby* Plaintiffs**

SCHWARTZ, JUNELL, CAMPBELL
& OATHOUT, LLP
ROGER B. GREENBERG
State Bar No. 08390000
Federal I.D. No 3932

_[signature: Roger B. Greenberg]_

ROGER B. GREENBERG

Two Houston Center
909 Fannin, Suite 2000
Houston, TX 77010
Telephone: 713/752-0017

HOEFFNER & BILEK
THOMAS E. BILEK
Federal Bar No. 9338
State Bar No. 02313525
Lyric Office Centre
440 Louisiana Street, Suite 720
Houston, TX 77002
Telephone: 713/227-7720

**Attorneys for *Newby* Plaintiffs**

DATED. September 26, 2002

HAGENS BERMAN LLP
STEVE W. BERMAN
CLYDE PLATT

_[signature: Clyde Platt]_ * by permission /rd

CLYDE PLATT

1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: 206/623-7292
206/623-0594 (fax)

KELLER ROHRBACK LLP
LYNN LINCOLN SARKO
BRITT TINGLUM
DEREK W. LOESER

_[signature: Britt Tinglum]_ * by permission /rd

BRITT TINGLUM

1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: 206/623-1900
206/623-3384 (fax)

**Attorneys for _Tittle_ Plaintiffs**

DATED: September 26, 2002

Attorneys for Defendant Arthur Andersen, L.L.P:

DAVIS POLK & WARDWELL, LLP
SHARON KATZ

_Sharon Katz_ * By permission /s/
SHARON KATZ

450 Lexington Avenue
New York, New York 10017
(212) 450-4000
(212) 450-3633 (fax)

DATED: September 26, 2002

Attorneys for Defendant Jeffrey Skilling:

O'MELVENY & MYERS, LLP
ROBERT M. STERN

_Robert M. Stern_ * by permission /s/
ROBERT M. STERN

555 13th Street, N.W., Suite 500W
Washington, DC 20004-1109
(202) 383-5300
(202) 383-5414 (fax)

DATED: September 26, 2002

Attorneys for Defendants Philip J. Bazelides, Mary
K. Joyce, James S. Prentice:

STEPTOE & JOHNSON, LLP
ANTHONY C. EPSTEIN

_Anthony C. Epstein_ /s/ * by permission
ANTHONY C. EPSTEIN

1330 Connecticut Ave., N.W.
Washington, DC 20036
(202) 429-3000
(202) 429-3902 (fax)

DATED: September 26, 2002

Attorneys for Defendant Rebecca Mark-Jusbasche:

00047954                                    17

GRAVES, DOUGHERTY, HEARON
  & MOODY, P.C.
JOHN J. MCKETTA III

_John J. McKetta III_ *by permission /s/

JOHN J. MCKETTA III

515 Congress Avenue, Suite 2300
P.O. Box 98 78767
Austin, TX 78701
(512) 480-5600
(512) 478-1976 (fax)

DATED: September 26, 2002

Attorneys for Defendant Kenneth Lay:

CARRINGTON, COLEMAN, SLOMAN &
  BLUMENTHAL, LLP
JAMES E. COLEMAN, JR.
DIANE SUMOSKI

_James E. Coleman, Jr._ *by permission /s/

JAMES E. COLEMAN, JR.

200 Crescent Court, Suite 1500
Dallas, TX 75201
(214) 855-3000
(214) 855-1333 (fax)

DATED: September 26, 2002

Attorneys for Defendant James V. Derrick, Jr.:

BRACEWELL & PATTERSON, L.L.P.
ABIGAIL K. SULLIVAN

_Abigail K. Sullivan_ *by permission /s/

ABIGAIL K. SULLIVAN

South Tower Pennzoil Place
711 Louisiana, Suite 2900
Houston, TX 77002-2781
(713) 223-2900
(713) 221-1212 (fax)

00047954

18

DATED:  September 26, 2002

Attorneys for Defendants Robert A. Belfer, Norman P. Blake, Jr., Ronnie C. Chan, John H. Duncan, Joe H. Foy, Charles A. LeMaistre, Wendy L. Gramm, Robert K. Jaedicke, Charls E. Walker, John Wakeham, John Mendelsohn, Paulo V. Ferraz Pereira, Frank Savage, Herbert S. Winokur, Jr., Jerome J. Meyer:

GIBBS & BRUNS, L.L.P.
ROBIN C. GIBBS
KATHY D. PATRICK

_Kathy D. Patrick_ *by permission /pd
KATHY D. PATRICK

1100 Louisiana, Suite 5300
Houston, TX 77002
(713) 650-8805
(713) 750-0903 (fax)

DATED:  September 26, 2002

Attorneys for Defendant John A. Urquhart and William D. Gathmann:

GOLDEN & OWENS, L.L.P.
H. BRUCE GOLDEN
RANDALL C. OWENS

_H. Bruce Golden_ *by permission /pd
H. BRUCE GOLDEN

1221 McKinney, Suite 3600
Houston, TX 77010
(713) 223-2600
(713) 223-5002 (fax)

DATED:  September 26, 2002

Attorneys for Defendant Andrew Fastow:

SMYSER KAPLAN & VESELKA, L.L.P.
CRAIG SMYSER

_Craig Smyser_ *by permission /pd
CRAIG SMYSER

700 Louisiana, Suite 2300
Houston, TX 77002
(713) 221-2300
(713) 221-2320 (fax)

19

DATED:  September 26, 2002

Attorneys for Defendant Lou L. Pai:

ZUCKERMAN SPAEDER LLP
ROGER E. ZUCKERMAN
STEVEN M. SALKY
DEBORAH J. JEFFREY

_Steven M. Salky_ *by permission

STEVEN M. SALKY

1201 Connecticut Avenue, N.W.
Washington, D.C.  20036-2638
(202) 778-1800
(202) 822-8106 (fax)

DATED:  September 26, 2002

Attorney for Joseph Sutton.

CLEMENTS, O'NEILL, PIERCE, WILSON
 & FULKERSON
JACK O'NEILL

_Jack O'Neill_ M*by permission

JACK O'NEILL

1000 Louisiana, Suite 1800
Houston, Texas 77002
(713) 654-7600
(713) 654-7690 (fax)

DATED:  September 26, 2002

Attorneys for Defendants Richard B. Buy, Richard
A. Causey, Mark A. Frevert, Stanley C. Horton,
Kevin Hannon, Joseph Hirko, Steven Kean, Mark E.
Koenig, Michael S. McConnell, Jeffrey McMahon,
Cindy K. Olson, Kenneth D. Rice, Paula Rieker,
and Lawrence Greg Whalley

NICKENS, KEETON, LAWLESS, FARRELL
 & FLACK, LLP
JACKS C. NICKENS
PAUL D. FLACK

_Jack C. Nickens_ /s/ *by permission

JACKS C. NICKENS

00047954

20

(                                    (

1000 Louisiana, Suite 5360
Houston, Texas 77002
(713) 571-9191
(713) 571-9652 (fax)

DATED:  September 26, 2002              Attorneys for Defendant Enron:

SUSMAN GODFREY L.L.P.
KENNETH S. MARKS
STEPHEN D. SUSMAN
KAREN A. OSHMAN

_____ /s/ *by permission
KENNETH S. MARKS

1000 Louisiana, Suite 5100
Houston, TX 77002-5096
(713) 651-9366
(713) 654-6666 (fax)

DATED:  September 26, 2002              Attorneys for Defendants The Northern Trust
Company, Northern Trust Retirement Consulting
LLC:

FULBRIGHT & JAWORSKI, LLP
LINDA L. ADDISON

_____ *by permission /s/
LINDA L. ADDISON

1301 McKinney, Suite 5100
Houston, TX 77010
(713) 651-5628
(713) 651-5246 (fax)

DATED:  September 26, 2002              Attorneys for Kirkland & Ellis

MUNGER, TOLLES & OLSON
KEVIN ALLRED

_____ *by permission /s/
KEVIN ALLRED

355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
213/683-9100
213/683-5152 (fax)

DATED:  September 26, 2002

Attorneys for Defendant Bank of America:

CADWALADER, WICKERSHAM & TAFT
GREGORY A. MARKEL
RONIT SETTON

_Ronit Setton / by permission_
RONIT SETTON

100 Maiden Lane
New York, New York 10038
212/504-6130
212/504-6666 (fax)

KING & PENNINGTON LLP
CHARLES G. KING, Texas Bar No. 11470000
711 Louisiana Street, Suite 3100
Houston, Texas 77002
713/225-8404
713/225-8488 (fax)

DATED:  September 26, 2002

Attorneys for Merrill Lynch & Co.

HICKS THOMAS & LILIENSTERN, LLP
STEPHEN M. LOFTIN
TAYLOR M. HICKS

_Stephen M. Loftin / by permission_
STEPHEN M. LOFTIN

700 Louisiana, Suite 1700
Houston, Texas 77002
713/547-9100
713/547-9150 (fax)

DATED: September 26, 2002

Attorneys for Defendant Deutsche Bank AG:

WHITE & CASE LLP
LAWRENCE BYRNE
OWEN C. PELL
LANCE CROFFOOT-SUEDE

_Laurence Byrne / by permission_
LAWRENCE BYRNE

22

1155 Avenue of the Americas
New York, NY 10036-2787
212/819-8200
212/354-8113 (fax)

DATED:  September 26, 2002

Attorneys for Credit Suisse First Boston
Corporation

HAYNES AND BOONE, LLP
LAWRENCE D. FINDER
ODEAN L. VOLKER

_Lawrence L. Finder_ *

LAWRENCE D. FINDER * By Permission

1000 Louisiana Street, Suite 4300
Houston, TX 77002-5012
713/547-2000
713/236-5520 (fax)

DATED:  September 26, 2002

Attorneys for Defendants Vinson & Elkins, L.L.P,
Ronald T. Astin, Joseph Dilg, Michael P. Finch,
Max Hendrick, III

WILLIAMS & CONNOLLY, LLP
GIL GREENMAN

_Gil Greenman_ *

GIL GREENMAN * By Permission

725 Twelfth Street, N.W.
Washington, D.C. 20005
202/434-5000
202/434-5029 (fax)

DATED:  September 26, 2002

Attorneys for Defendant Citigroup, Inc. and
Salomon Smith Barney, Inc.:

WILSHIRE SCOTT & DYER P.C.
JACALYN D. SCOTT

_Jacalyn D. Scott_ *

JACALYN D. SCOTT  By Permission

3000 One Houston Center
1221 McKinney
Houston, TX 77010
713/651-1221
713/651-0020 (fax)

00047954

23

DATED: September 26, 2002

Attorneys for Defendant Lehman Brothers Holding, Inc.:

JONES, DAY, REAVIS & POGUE
HUGH R. WHITING

*Hugh R. Whiting* *

HUGH R. WHITING   * By Permission

600 Travis Street, Suite 6500
Houston, TX 77002-3008
832/239-3939
832/239-3600 (fax)

DATED: September 26, 2002

Attorneys for Defendant Barclays Bank PLC:

SULLIVAN & CROMWELL
DAVID H. BRAFF

*David H. Braff* *

DAVID H. BRAFF * By Permission

125 Broad Street
New York, NY 10004-2498
212/558-4000
212/558-3588 (fax)

DATED: September 26, 2002

Attorneys for Defendant Canadian Imperial Bank of Commerce.

MAYER, BROWN, ROWE & MAW
ANDREW CAMPBELL

*Andrew Campbell* *

ANDREW CAMPBELL * By Permission

190 South LaSalle St.
Chicago, IL 60603
312/782-0600
312/701-7711 (fax)

DATED:  September 26, 2002                Attorneys for Defendant J.P. Morgan Chase & Co.:

                                          MITHOFF & JACKS
                                          RICHARD MITHOFF

                                          *RICHARD MITHOFF* *By Permission*

                                          One Allen Center, Penthouse, 500 Dallas
                                          Houston, TX  77002
                                          713/654-1122
                                          713/739-8085 (fax)