UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| | Master File No. 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENTS RELATES TO ALL ACTIONS | |

**OPPOSITION OF THE TOGETHER RX DEFENDANTS[1/] TO PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

Plaintiffs' claims against the "Together Rx defendants" are absolutely limited in scope to a narrow period of time.[2] During the limited time (since June 2002) Together Rx LLC has been in existence, the Together Rx prescription savings program has saved over 1.3 million cardholders more than $400 million on prescription drugs. Plaintiffs nonetheless claim that the member companies of Together Rx LLC ("Together Rx") (collectively, the "Together Rx Defendants") formed the Together Card Program not to provide discounts on medicines to low income seniors but rather as part of a conspiracy to effectuate a *one-time* increase in the spread between the Average Wholesale Price ("AWP") and the Wholesale Acquisition Cost ("WAC") of the drugs offered through the program. According to plaintiffs, the one-time increase occurred

---

[1/] Plaintiffs filed their Motion to Compel against Together Rx LLC and only certain of its member companies, AstraZeneca Pharmaceuticals LP, Johnson & Johnson Healthcare Systems Inc., and SmithKline Beecham Corporation d/b/a GlaxoSmithKline. Accordingly, this opposition is submitted on behalf of Together Rx LLC and these three member companies.

[2] The member companies of Together Rx LLC are Abbott Laboratories; AstraZeneca Pharmaceuticals LP; Aventis Pharmaceuticals Inc.; Bristol-Myers Squibb Company; SmithKline Beecham Corporation d/b/a GlaxoSmithKline; Johnson & Johnson Healthcare Systems Inc.; and Novartis Pharmaceuticals Corporation.

between 2001 and 2002. *See* Amended Master Consolidated Class Action Complaint ("AMCC") ¶¶590-592 ("the Together Card Defendants increased the AWP spreads for [the Together Card Drugs] to a range of 21-26% … The Together Card Defendants' increases in AWP spreads occurred in 2001 and 2002.") The allegations of plaintiffs' complaint and their opposition to Together Rx's motion to dismiss reflect their focus on the time period surrounding the formation of Together Rx (early 2002). The Together Rx Defendants concur that this time period is the appropriate focus, and simply seek to limit discovery to a range surrounding that relevant time period.

Despite plaintiffs' statements to the contrary Together Rx has not sought discovery outside of the time period for which it is producing documents to plaintiffs, and has limited its requests to the period for which it proposes production. Because this litigation will, no doubt, result in discovery of millions of pages of documents, the size of this litigation dictates that discovery be focused, directed and eliminate unnecessary production of extraneous and irrelevant information. The Together Rx Defendants seek an order requiring that plaintiffs do so.

## I. FACTUAL BACKGROUND

In early 2002 Together Rx was formed with the purpose of offering discounted drugs to low-income seniors. The member companies participating in the Together Rx card program offer such discounts and provide the subsidies attendant to the program, paying the difference between the actual drug price and the discounted drug price paid by the consumer and Together Rx cardholder. The program has been highly successful, with more than one million eligible seniors obtaining the Together Rx drug card and those same cardholders saving literally hundreds of millions of dollars on their prescription drugs, savings covered by the Together Rx

member companies. Plaintiffs, in their AMCC that was filed on June 18, 2003 a alleged that Together Rx and its member companies used the Together Rx discount program to conspire to increase the difference between WAC and AWP to a generally uniform level. *See e.g.* AMCC at ¶¶ 542, 546. Plaintiffs allege that the conspiracy is evidenced by industry publications that provide drug pricing information (the "Publications"), which, according to plaintiffs, reported that the difference between the WAC and AWP of the Together Rx drugs simultaneously increased to a uniform level shortly after the formation of Together Rx. *See* AMCC at ¶¶590-592. Plaintiffs specifically allege that the Together Rx Defendants all "simultaneously" increased the spread between AWP and WAC "in 2001 and 2002." *See* AMCC at ¶¶590-592. Indeed, plaintiffs' allegations of a Together Rx conspiracy center on two charts set forth in the AMCC, both of which focus exclusively on a one-time increase in the spread between AWP and WAC that they contend occurred in connection with the formation of the Together Card Program in 2001 and 2002. *See* AMCC at ¶¶590-591.[3]

The Together Rx Defendants deny that any conspiracy occurred, or that plaintiffs' claims make economic sense. *See e.g.,* The Together Rx Defendants' Brief in Support of Their Motion to Dismiss, Together Rx's Opposition to Motion to Intervene, and its Answer to the AMCC. Further, as evidenced by affidavits submitted by Together Rx member companies, the member companies had no influence on the difference between WAC and AWP reported by certain of the Publications in that the differential between WAC and AWP was set unilaterally by the

---

[3] Plaintiffs also focused on the time that the Together Rx program was formed in their opposition to the Together Rx Defendants' motion to dismiss. *See* Plaintiffs' Memorandum of Law in Opposition to The Together Rx Defendants' Motion to Dismiss at pp. 7, 11, 12, 13, 14 (citing published pricing information only for <u>dates prior to the formation</u> of the Together Rx program and <u>in 2002</u> after the formation of the program).

3

publication from which plaintiffs obtained their data. As the affidavits establish, in certain instances the published spread varied from publication to publication, was published with no information provided by the pharmaceutical manufacturer, or in other circumstances directly contradicted pricing information supplied by the pharmaceutical manufacturer to the particular industry publication.[4/]

Notwithstanding that plaintiffs' conspiracy allegations against the Together Rx Defendants focus exclusively upon the 2001 to 2002 period, plaintiffs request production of documents substantially beyond this relevant period.

## II. ARGUMENT

Plaintiffs have requested that the Together Rx Defendants produce documents for a period beginning January 1, 2001 through the date of production. The Together Rx Defendants do not object to the start date designated by plaintiffs, a date just a little more than one year prior to the formation of Together Rx. The Together Rx Defendants do object, however, to plaintiffs' demand for production of documents through the present time, when the relevant issues focus on the years 2001 and 2002. In an effort to concentrate discovery on the allegations of the AMCC, and the period surrounding the formation of the Together Rx program, Together Rx and the member companies stated in their respective responses to plaintiffs' discovery requests regarding the Together Rx claims that they would limit their production to documents from January 1,

---

[4/] *See e.g.*, Affidavit of Michael Conley, attached as *Exhibit 5* to Together Rx's Opposition to Motion to Intervene, stating that information contrary to that provided by Novartis Pharmaceuticals Corporation was reported by the Publications; Affidavit of John Freeberry, attached as *Exhibit 1* to Opposition to Motion to Intervene, stating that AstraZeneca Pharmaceuticals LP WAC to AWP spread was increased by the Publications with no direction or information from AstraZeneca; Affidavit of David A. Moules, attached as *Exhibit 4* to Opposition to Motion to Intervene, stating that prices reported by one industry publication differ from prices for the same drugs reported in another industry publication.

4

2001 through June 12, 2003, the date that plaintiffs' motion to amend the complaint and add Together Rx as a defendant was granted. The time period for which the Together Rx Defendants propose production of documents includes more than a full year before the formation of the Together Rx program and more than a full year after the formation. It also includes the years 2001 and 2002, in which time period plaintiffs claim the Together Rx Defendants fully effectuated their alleged conspiracy to fix the spreads between AWP and WAC.

Plaintiffs' insistence that more than an additional year and one-half be included in the relevant time period does not comport with the thrust of the allegations of the AMCC, which as discussed above targets the years 2001 and 2002 with regard to the Together Rx claims. Nor can plaintiffs provide a good argument for this lengthy discovery period. Indeed, in all seven pages of plaintiffs' motion to compel they offer only one sentence as to why the Together Rx Defendants should be compelled to produce documents for more than two years after the formation of the program, asserting that because the supposed conspiracy is "ongoing" documents to date should be produced.[5]  *See* Plaintiffs' Memorandum in Support of Motion to Compel the Production of Documents at p. 5. Although plaintiffs allege in a conclusory fashion that the purported Together conspiracy is ongoing, the AMCC contains no specific supporting factual allegations. *See* AMCC at ¶¶696, 700. The AMCC is specific, however, in alleging that the Together Defendants conspired to implement a one-time increase resulting in a uniform

---

[5] Plaintiffs state that another basis for requiring the Together Rx Defendants to produce documents through the present is that requests served by Together Rx seek documents for that same elongated period. *See* Declaration of Steve W. Berman in Support of Plaintiffs' Motion to Compel the Production of Documents at ¶5 ("defendants themselves have sought the production of documents created in these time periods"). This statement, however, is not accurate. Together Rx has served discovery on plaintiffs, and has limited its request to the time period of January 1, 2001 through June 12, 2003, the same period for which Together Rx proposes it produce documents to plaintiffs.

5

AWP/WAC spread. *See e.g.* AMCC at ¶¶588-592, 702. Plaintiffs' demands for discovery on conclusory allegations should be precluded. "[T]he discovery process is not available where, at the complaint stage, a plaintiff has nothing more than unlikely speculations." *DM Research, Inc. v. College of American Pathologists,* 170 F.3d 53, 56 (1st Cir. 1999). *See also, Chongris v. Board of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987), *cert. denied*, 483 U.S. 1021 (1987) (court should not rely upon "bald assertions, unsupportable conclusions")(citations omitted).

Further, plaintiffs' argument that the conspiracy is on-going is disingenuous at best. It ignores that plaintiffs themselves allege that the purpose of the conspiracy — to increase the spread between AWP and WAC on drugs offered through the Together Rx program — was conceived and fully accomplished by 2002. To require production significantly beyond then unnecessarily burdens the Together Rx Defendants with extraneous discovery obligations, particularly at this early stage of the litigation.

It is appropriate, and in circumstances such as this necessary, for Courts to limit the scope of discovery, and to narrow discovery to the particular time period at issue. *See e.g.* Fed. R. Civ. P. 26(c) (court may order "that the scope of the disclosure or discovery be limited to certain matters"). Together Rx should not be required to produce documents that are substantially beyond the event that plaintiffs have identified as the primary issue in their AMCC, the formation of the Together Rx program. *Cf., Cornaglia v. Ricciardi*, 63 F.R.D. 416, 420 (E.D. Penn. 1974) (because the "allegations of the complaint relate almost solely to the time period of late 1970 to the beginning of 1972" the court held that the defendants were not required to produce documents prior to 1970); *Nestle Foods Corp. v. Aetna casualty and Surety Co.*, 135 F.R.D. 101, 107 (D. N.J. 1990) (to limit production burden, defendants required to produce only ten earliest and ten latest underwriting files). Plaintiffs through the AMCC have set the stage for

the relevant time periods in their case against Together Rx. Together Rx simply seeks to limit discovery to that which plaintiffs allege in more than a conclusory and unsupported fashion in the AMCC. Such limitation is appropriate and necessary to maintain controls on an unwieldy litigation. Accordingly, the Together Rx Defendants request that this Court deny plaintiffs' Motion to Compel and enter an order that plaintiffs are precluded from seeking discovery from the Together Rx Defendants related to the Together Rx claims after June 12, 2003.

Respectfully Submitted,

Joseph L. Kociubes, BBO # 276360
Charles L. Solomont, BBO # 557190
Mary B. Murrane, BBO # 644448
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

May 27, 2004

## CERTIFICATE OF SERVICE

I certify that on May 27, 2004, a true and correct copy of the foregoing document was served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

Charles L. Solomont