UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) |
| | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | ) ) ) ) |
| | Judge Patti B. Saris |

**NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND'S REPLY IN SUPPORT OF MOTION TO INTERVENE AS A NAMED PLAINTIFF AND <u>MOTION TO SUBSTITUTE PROPER PARTY</u>**

Despite Boehringer Defendants' protestations, adding a named plaintiff to the AWP litigation at this stage does not present any significant difficulties in moving forward that warrant denial of the motion to intervene. The Sprinkler Fund, contrary to Boehringer Defendants' apocalyptic notions, seeks to intervene as a named plaintiff bringing only those allegations already included in the AMCC. Accordingly, the existing parties will not suffer any undue prejudice by intervention at this point in the litigation as discovery is ongoing (having barely begun in the case of the Boehringer Defendants due to their motion to stay) and will not be greatly affected by intervention, particularly where the inclusion of the relevant drugs and defendants was already contemplated by the current AMCC allegations. The real reason for Boehringer's protest is the fact that the addition of the Sprinkler Fund removes Boehringer's standing argument. As reflected in the Amended Appendix B, Sprinkler Fund purchased *two* of Boehringer's drugs, Viramune and Methyltraxate.

- 1 -

As Boehringer Defendants acknowledged in their opposition memorandum, the court must consider four factors in determining whether intervention is timely: "(1) the length of time the would-be intervenor knew or reasonably should have known that its interest was imperiled before it moved to intervene; (2) the foreseeable prejudice to the existing parties if intervention is granted; (3) the prejudice to the would-be intervenor if intervention is denied; and (4) exceptional circumstances which may militate against or in favor of allowing late intervention." Boehringer Opp. To Intervention at 9 (citing *Navieros Inter-Americanos, S.A. v. M/V Vaislia Exp.*, 120 F.3d 304, 321-22 (1st Cir. 1997)).

All four factors promulgated by the First Circuit are present here and favor intervention: (1) the Sprinkler Fund moved to intervene without undue delay once made aware of Boehringer Defendants' latest attempt to dismiss the litigation on April 7, 2004; (2) the existing parties will not suffer any undue prejudice by intervention at this point in the litigation as discovery is ongoing and will not be significantly affected by intervention, particularly where the inclusion of the relevant drugs and defendants was already contemplated by current AMCC allegations, and where Boehringer Defendants are on a slower discovery schedule per CMO No. 10, issued March 25, 2004; (3) the Sprinkler Fund would suffer prejudice if not allowed to intervene in the event that Boehringer Defendants' Motion To Dismiss was granted in light of the fact that the Boehringer Defendant's AWP manipulation caused the Sprinkler Fund to overpay and no other plaintiff would adequately represent the interests of the Sprinkler Fund; and (4) no unusual circumstances militate against intervention but, on the contrary, militate for inclusion of the Sprinkler Fun as a class representative. *See Culbreath v. Dukakis*, 630 F.2d 15, 17, 20-24 (1st Cir. 1980) (discussing factors implicating timeliness of an application to intervene). Thus, the Sprinkler Fund's motion to intervene is timely and will not prejudice the Boehringer Defendants.

Further, any perceived plaintiff standing issues as to Boehringer Defendant drugs are cured by the proposed addition of the Sprinkler Fund as a named plaintiff. *See* National Automatic Sprinkler Industry Welfare Fund's Motion To Intervene, filed April 27, 2004. The Sprinkler Fund purchased drugs manufactured by Bedford Laboratories, a division of Ben Venue, which is part of the Boehringer Group.

To the extent that Boehringer Defendants claim that plaintiffs have named the wrong party, plaintiffs have moved to cure that defect as well. At the very least, the Boehringer Defendants have known since the filing of the December 5, 2003 AMCC, nearly seven months ago, that Atrovent was at issue and that the proper party may not have been named. Rather than notify the Court and plaintiffs of this error in a timely fashion, the Boehringer Defendants again have waited until the last minute, disingenuously arguing that plaintiffs lack standing to pursue claims against them. Instead, now and for the first time, the Boehringer Defendants claim that Boehringer Ingelheim Corporation does not manufacture or distribute Atrovent, conveniently ignoring the fact that Atrovent is manufactured by Boehringer Ingelheim Pharmaceuticals Inc., a sister company under the same corporate umbrella as the remainder of the Boehringer Defendants. And to the extent Boehringer complains that the AWPs for Atrovent were omitted from the AMCC, that omission is inadvertent. Plaintiffs identified a purchaser of Atrovent as a plaintiff clearly intending to include Atrovent: "Plaintiffs Ms. Mary Jane Snyder of Clifton Park, New York … purchased … Boehringer's drug Atrovent …." AMCC ¶ 34. Rather than raise this issue in a timely fashion, Boehringer did so belatedly. The AWPs for Atrovent at issue in this litigation are attached as Exhibit A. And to the extent the Boehringer Defendants have complained that a complaint in intervention was not attended or that there is no specific identification of the drugs purchased by the Sprinkler Fund, attached is a proposed amendment

Exhibit B which reflects the Sprinkler Fund's purposes. Given the size and complexity of the AMCC, this should satisfy Rule 24.

Plaintiffs respectfully request that the National Automatic Sprinkler Industry Welfare Fund's Motion to Intervene as a Named Party in the *In re AWP Litigation* be granted pursuant to Fed. R. Civ. P. 24(a)(2), as of right, or 24(b)(2), by permission of the Court. Plaintiffs also respectfully request that the Motion to Substitute Proper Party Boehringer Ingelheim Pharmaceuticals, Inc. be granted.

DATED:  June 7, 2004

By  /s/ Steve W. Berman
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA  02110
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Kevin P. Roddy
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Samuel Heins
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

1534.16 0069 MTN.DOC

- 5 -

Eugene A. Spector
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
**CHAIRS OF LEAD COUNSEL COMMITTEE**

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Elizabeth A. Fegan
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
**MEMBERS OF LEAD COUNSEL COMMITTEE AND EXECUTIVE COMMITTEE**

1534.16 0069 MTN.DOC

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND'S REPLY IN SUPPORT OF MOTION TO INTERVENE AS A NAMED PLAINTIFF AND MOTION TO SUBSTITUTE PROPER PARTY** to be served on all counsel of record electronically on June 7, 2004, pursuant to Section D of Case Management Order No. 2.

By      **/s/ Steve W. Berman**
Steve W. Berman, Esq.
**HAGENS BERMAN LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292

1534.16 0069 MTN.DOC