UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS CREATED DURING THE RELEVANT TIME PERIOD FROM THE TOGETHER Rx DEFENDANTS**

**I.   INTRODUCTION AND RELEVANT BACKGROUND**

Fed. R. Civ. P. 26(b)(1) and applicable federal case law support Plaintiffs' motion to compel the Together Rx Defendants' production of Together Rx documents generated after June 12, 2003. As set forth in the AMCC,[1] and in their opening memorandum, Plaintiffs *continue* to suffer injury as a direct result of the Together Rx Defendants' *ongoing* conspiracy. Further, post-June 12, 2003 documents may yield evidence of overt acts committed by the Together Rx Defendants in an attempt to cover up their conspiracy (or its fruits). Finally, such documents bear directly on the Together Rx Defendants' latest defense – that an industry pricing publisher unilaterally, and without authority, changed the AWP/WAC spreads of nearly all the 170+ Together Card Drugs.

---

[1] *See* Amended Master Consolidated Class Action Complaint Modified per the Court's Instruction at the November 21, 2003 hearing ("AMCC"), filed December 8, 2003. Plaintiffs' Together Card allegations first appeared in a version of the AMCC filed under seal on June 12, 2003.

45865.1

Accordingly, there can be no legitimate dispute that documents generated after June 12, 2003 are relevant to the present action.

## II. ARGUMENT

Plaintiffs served their First Request for Production of Documents to the Together Rx Defendants on April 2, 2004 ("First Request"). Plaintiffs informed the Together Rx Defendants that the "relevant time period" for the First Request was "from January 1, 2001, to the date of production." *Id.* at 6. The Together Rx Defendants refuse to produce documents generated after June 12, 2003 (the date Plaintiffs filed their motion to amend the AMCC to add the Together Rx claims) because, *inter alia*, Plaintiffs' claims against them "are absolutely limited in scope to a narrow period of time" and "the relevant time period does not comport with the thrust of the allegations of the AMCC." *See* Opp. of the Together Rx Defendants at 1, 5 ("Def. Opp."). Federal law, however, and not the Together Rx Defendants' self-serving interpretation of the AMCC, governs the present discovery dispute.[2]

### A. Applicable Legal Standards

Pre-trial discovery is ordinarily "accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). "This broad right of discovery is based on the general principle that litigants have a right to 'every man's evidence,' and that wide access to relevant facts serves the integrity and fairness of the judicial process by

---

[2] The Together Rx Defendants' cited legal authorities are entirely misguided. *See Cornaglia v. Ricciardi*, 63 F.R.D. 416, 420 (E.D. Pa. 1974) (addressing a defendant's obligation to produce documents *preceding* the alleged conspiracy); *Nestle Foods Corp. v. Aetna Casualty and Surety Co.*, 135 F.R.D 101, 107 (D.N.J. 1990) (limiting defendants' production of documents where the insurance coverage dispute involved only policies issued prior to 1984). Neither supports the Together Rx Defendants' argument that "[they] should not be required to produce documents that are substantially beyond the event that plaintiffs have identified as the primary issue in their AMCC, the formation of the TRx program." Def. Opp. at 6.

2

promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (citing *U.S. v. Bryan*, 339 U.S. 323, 331 (1950)). Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding *any matter, not privileged, that is relevant to the claim or defense of any party* .... Relevant information need not be admissible at the trial if the discovery appears *reasonably calculated to lead to the discovery of admissible evidence*." (emphasis added). "[T]he plain language of this Rule 26(b)(1) contemplates wide-ranging discovery to the fullest possible extent." *Klonoski v. Mahlab*, 156 F.3d 255, 267 (1st Cir. 1998).

### B. Documents Generated After June 12, 2003 Are Relevant Because Plaintiffs Continue to Suffer Injury as a Direct Result of the Together Rx Defendants' Ongoing Conspiracy.

The Together Rx Defendants erroneously contend that Plaintiffs depict the conspiracy as an effort to "effectuate a *one-time increase* in the spread" between the AWP and WAC of the Together Card Drugs. *See* Def. Opp. at 1. Plaintiffs' description of the conspiracy, as set forth in the AMCC, could not be more different:

> The combination or conspiracy alleged in this complaint consisted of a *continuing agreement*, understanding or concert of action by the Together Card Defendants, and their co-conspirators, the substantial terms of which were to *raise, fix and maintain* the AWP spreads of the Together Card Drugs.

AMCC ¶ 700 (emphasis added). As indicated, Plaintiffs specifically allege that the conspiracy continues forward, and involves a concerted and ongoing effort to *fix and maintain* AWP spreads – including after actual spread increases.[3] Further, the AMCC

---

[3] The Together Rx Defendants assert that "the AMCC contains no specific allegations" that "the purported Together conspiracy is ongoing." Def. Opp. at 5. As indicated, however, the AMCC does specifically include such allegations. Furthermore, the Together Rx Defendants certainly cannot (and apparently do not) dispute the fact that they continue to sell Together Card Drugs to Plaintiffs through the Together Card Program. Similarly, the Together Rx Defendants offer no evidence that the AWP/WAC

confirms that "Plaintiffs and members of the Class have all suffered, and *will continue to suffer, harm and damages* as a result of Defendants' unlawful and wrongful [conspiracy]." *Id.* at ¶ 603 (emphasis added). *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971) (noting that a cause of action to recover damages accrues each time the plaintiff is injured by the defendant's act in the context of a continuing antitrust conspiracy). Accepting the AMCC's well-pled allegations as true (as opposed to the Together Rx Defendants' self-serving interpretation of them), the conspiracy continues to exist to Plaintiffs' clear and direct detriment.

### C. Documents Generated After June 12, 2003 Are Relevant Because They May Yield Evidence of Overt Acts Committed by the Together Rx Defendants in an Attempt to Cover Up the Conspiracy.

"The clear trend of the courts is that *subsequent matters* are discoverable 'if they might provide leads to admissible evidence.'" *See Carol Cable Co., Inc. v. Koffler*, 1989 WL 83426, at *2 (E.D. Pa. 1989) (quoting 8 C. Wright & A. Miller, Federal Practice and Procedure § 2008, at 45 & n.19 (1970 & Supp. 1998)) (emphasis added). The First Circuit Court of Appeals has specifically noted that "[e]vidence of *subsequent events* frequently sheds light upon, and thus *assumes relevance* in relation to, *antecedent* acts." *Iacobucci v. Boulter*, 193 F.3d 14, 20 (1st Cir. 1999) (emphasis added).

On June 12, 2003, Plaintiffs filed their motion to amend the AMCC to add the Together Rx claims. At that point, the Together Rx Defendants recognized (short of an unlikely dismissal) that Plaintiffs would soon receive all non-privileged information and documents pertaining to the creation, implementation and operation of the Together Card Program. Any action by the Together Rx Defendants' to terminate, or otherwise alter,

---

spreads for the Together Card Drugs have substantially changed since the filing of the AMCC.

4

their existing agreement to raise, fix or maintain particular AWP/WAC spreads – in the face of such impending discovery – would provide invaluable evidence of their ongoing conspiracy. *See Carol*, 1989 WL 83426, at *3 (finding that "examination of defendant's banking records and current financial status may . . . shed substantial light on the date upon which the alleged conspiracy terminated, or yield evidence as to overt acts committed in an attempt to cover up the alleged conspiracy or the fruits following therefrom.") (emphasis added).  Applying Rule 26(b)(1) as intended, the Together Rx Defendants should be compelled to produce all post-June 12, 2003 documents.

> **D.    Documents Generated After June 12, 2003 Are Relevant Because They Directly Relate to Defendants' Latest Defense.**

As the Court is aware, the Together Rx Defendants now contend that the unilateral conduct of an "industry pricing publisher" (First DataBank) *wholly* explains the AWP/WAC spread changes for the Together Card Drugs.  The argument's lack of merit aside, remarkable is the timing of the Together Rx Defendants' alibi – which appeared for the first time *nearly one year after* Plaintiffs filed their Together Rx claims.

As indicated, Plaintiffs' Together Card allegations first appeared in a version of the AMCC filed under seal on June 12, 2003.  Noticeably absent from the Together Rx Defendants' Motion to Dismiss, filed August 1, 2003, was *any reference* to the purported conduct of First Databank.  *See* Together Rx Defendants' Motion to Dismiss Counts V, VI, VIII, and X of the Amended Complaint.  In fact, the Together Rx Defendants' convenient alibi first appeared on February 19, 2004, in conjunction with a Motion to Intervene brought by Proposed Intervenors Roberta S. Starks and Kimberly K. Hoover. Why did the Together Rx Defendants' simple explanation for the AWP/WAC spread increases suddenly become available in early 2004?  What changed between the Together

5

Rx Defendants, or between them and First DataBank, which allowed the Together Rx Defendants to initially raise this defense nine months after Plaintiffs asserted their antitrust claims? The timing of the Together Rx Defendants' alibi is as relevant to Plaintiffs' claims as its substance. Accordingly, pursuant to Fed. R. Civ. P. 26(b)(1), Plaintiffs are entitled to post-June 12, 2003 information and documents.[4]

## CONCLUSION

For the aforementioned reasons, Plaintiffs' Motion to Compel the Production of Documents Created During the Relevant Time Period from the Together Rx Defendants should be granted in its entirety.

DATED:  June 9, 2004.


By  /s/Thomas M. Sobol
   Thomas M. Sobol
   Edward Notargiacomo
   Hagens Berman LLP
   One Main Street
   Cambridge, MA  02142
   Telephone: (617) 482-3700
   Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*LIAISON AND CO-LEAD COUNSEL*

---

[4] The Together Rx Defendants offer no details on the purported burden associated with their production of post-June 12, 2003 documents. As the majority of documents ultimately produced will likely relate to the Together Card Program's inception and creation (documents the Together Rx Defendants have already agreed to produce), Plaintiffs believe the Together Rx Defendants' "extra" burden would be insignificant in relation to the likely benefit of the proposed discovery. *See* Fed. R. Civ. P. 26(b)(2)(iii).

| | |
|---|---|
| Samuel D. Heins<br>Brian L. Williams<br>Heins Mills & Olson, P.L.C.<br>3550 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>Telephone: (612) 338-4605<br>Facsimile: (612) 338-4692 | Eugene A. Spector<br>Jeffrey Kodroff<br>Spector, Roseman & Kodroff, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA 19103<br>Telephone: (215) 496-0300<br>Facsimile: (215) 496-6611 |
| Kenneth A. Wexler<br>Elizabeth Fegan<br>Jennifer Fountain Connolly<br>The Wexler Firm<br>One North LaSalle Street, Suite 2000<br>Chicago, IL 60602<br>Telephone: (312) 346-2222<br>Facsimile: (312) 346-0022 | Marc H. Edelson<br>Hoffman & Edelson<br>45 West Court Street<br>Doylestown, PA 18901<br>Telephone: (215) 230-8043<br>Facsimile: (215) 230-8735 |

*CO-LEAD COUNSEL*

| | |
|---|---|
| Michael McShane<br>Alexander, Hawes & Audet, LLP<br>300 Montgomery Street, Suite 400<br>San Francisco, CA 94104<br>Telephone: (415) 982-1886<br>Facsimile: (415) 576-1776 | Robert E. Piper, Jr.<br>Piper & Associates<br>624 Pierre Avenue<br>Shreveport, LA 71103<br>Telephone: (318) 226-0826<br>Facsimile: (318) 424-9900 |

*PLAINTIFFS' LEAD COUNSEL COMMITTEE*

| | |
|---|---|
| Anthony Bolognese<br>Bolognese & Associates<br>One Penn Center<br>1617 JFK Boulevard, Suite 650<br>Philadelphia, PA 19103<br>Tel: (215) 814-6750<br>Fax: (215) 814-6764 | Dianne M. Nast<br>Roda & Nast, PC<br>801 Estelle Drive<br>Lancaster, PA 17601<br>Tel: 717-892-3000<br>Fax: 717-892-1200 |
| Michael J. Flannery<br>Carey & Danis, LLC<br>676 North Michigan Ave., Suite 3110<br>Chicago, IL 60611<br>Tel: (312) 649-0100<br>Fax: (312) 664-7731 | Henry H. Rossbacher<br>Rossbacher & Associates<br>811 Wilshire Boulevard, Suite 1650<br>Los Angeles, CA 90017-2666<br>Tel: (213) 895-6500<br>Fax: (213) 895-6161 |
| Jonathan W. Cuneo<br>The Cuneo Law Group<br>317 Massachusetts Ave. N.E., Suite 300<br>Washington, DC 20002<br>Tel: (202) 789-3960<br>Fax: (202) 789-1813 | Jonathan Shub<br>Sheller, Ludwig & Badey, P.C.<br>1528 Walnut Street, 3rd Floor<br>Philadelphia, PA 19102<br>Tel: (215) 790-7300<br>Fax: (215) 546-0942 |
| Neal Goldstein (Of Counsel)<br>Freedman & Lorry, PC<br>400 Market Street, Suit 900<br>Philadelphia, PA 19106<br>Tel: (215) 925-8400 | Scott R. Shepherd<br>Shepherd & Finkleman, LLC<br>117 Gayley Street, Suite 200<br>Media, PA 19063<br>Tel: (610) 891-9880 |

Fax: (215) 925-7516

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL  33134
Tel:  (305) 357-9000
Fax: (305) 357-9050

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street, Suite 1700
San Diego, CA  92101
Tel:  (619) 338-1133
Fax: (619) 338-1139

Jonathan D. Karmel
Karmel & Gilden
221 N. LaSalle Street
Suite 1414
Chicago, IL  60601
Tel: (312) 641-2910
Fax: (312) 641-0781

Damon Young
Lance Lee
Young, Pickett & Lee
4122 Texas Boulevard
Texarkana, AR/TX  75504
Tel: (903) 794-1303
Fax: 903-792-5098; 903-794-5098

Fax:  (610) 891-9883

Lee Squitieri
Squitieri & Fearon
521 Fifth Avenue, 26th floor
New York, NY  10175
Tel: (646) 487-3049
Fax: (646) 487-3095

Lisa J. Rodriguez
Ira Neil Richards
Trujillo Rodriguez& Richards, LLC
The Penthouse
226 West Rittenhouse Square
Philadelphia, PA  19103
Tel:  (215) 731-9004
Fax:  (215) 731-9044

Mitchell A. Toups
Weller, Green, Toups & Terrell, L.L.P.
2615 Calder Street, Suite 400
Beaumont, TX  77704
Tel: (409) 838-0101
Fax: 409-838-6780

Stephen C. Richman, Esq.
Markowitz & Richman
121 South Broad Street
1100 North America Building
Philadelphia, PA  19107
Telephone:  (215) 875-3100

## CERTIFICATE OF SERVICE

       I hereby certify that I, Thomas M. Sobol, an attorney, caused a true and correct copy of the foregoing Plaintiffs' Reply Memorandum In Support of Motion To Compel The Production of Documents Created During The Relevant Time Period From The Together Rx Defendants to be served on all counsel of record electronically on June 9, 2004, pursuant to Section D of Case Management Order No. 2.

       /s/ Thomas M. Sobol
Thomas M. Sobol, Esq.
**HAGENS BERMAN LLP**
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700