UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN 15  P 12: 20

U.S. DISTRICT COURT
DISTRICT OF MASS.

MDL No. 1456
Master File No. 01-12257-PBS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE LITIGATION

**RESPONSE AND OBJECTIONS OF
BLUE CROSS BLUE SHIELD OF FLORIDA TO
SUBPOENA SEEKING DEPOSITION TESTIMONY AND
REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 30, 34, and 45, Third-Party Blue Cross

Blue Shield of Florida ("Respondent") responds to Defendants' Subpoena Seeking Deposition

Testimony and Request for Production of Documents (the "Subpoena") as follows:

## I.  GENERAL RESPONSES

1.  Respondent will respond to each specific document request with documents

currently in Respondent's possession, custody or control.

2.  Respondent will produce nonprivileged documents that it or any party to this

litigation deems to embody material that is business confidential, proprietary, trade secret or

otherwise protected from open disclosure, or the disclosure of which might violate the privacy

rights of third parties, only upon the entry of an appropriate protective order.

3.  Respondent reserves the right to decide whether the documents produced for

inspection shall be produced as they are kept in the usual course of business or shall be

organized and labeled to correspond with the categories in the Subpoena, in accordance with

Federal Rules of Civil Procedure 34(b) and 45(d)(1).

4.      Subject to all objections, privileges and other exceptions stated herein, Respondent shall produce documents pursuant to the Subpoena in due course and pursuant to any agreements among counsel.

5.      To the extent that Respondent provides documents or information in response to the Subpoena, such production shall not be deemed a concession that the information is material or admissible, an agreement that any other document or information shall be similarly treated as produced, or a waiver of any of the Objections set forth below.

## II.  GENERAL OBJECTIONS

Respondent makes the following General Objections to each instruction, definition, and document request made in the Subpoena:

1.      Respondent objects to the Subpoena to the extent that it exceeds the permissible scope of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Massachusetts.

2.      Respondent objects to the Subpoena to the extent that it requests Respondent to produce documents in the possession of any party other than itself.

3.      Respondent objects to the Subpoena to the extent it seeks documents that are confidential papers or proprietary or that are protected from discovery by the attorney-client privilege, the work product doctrine or any other privilege recognizable under the United States Constitution, the Federal Rules of Evidence, the Federal Rules of Civil Procedure or the common law.

4.      Respondent objects to the Subpoena to the extent it seeks to require Respondent to produce documents or information known by or equally or more easily available to Defendants.

5.      Respondent objects to each request to the extent that it seeks to require production of documents or information relevant to any claim of any absent class member, as contrasted with any claim or defense of a named party.

6.      Respondent objects to each request to the extent it seeks to require Respondent to do more than use reasonable diligence to locate responsive documents based on an examination of those files that reasonably may be expected to yield responsive documents and an inquiry of those persons who reasonably may be expected to possess responsive documents. Respondent also objects to each request to the extent that, as drafted, it is overbroad, unduly burdensome, oppressive, and seeks to impose upon Respondent an undue expense or burden. Respondent further objects to each request to the extent that it requires Respondent's officers, directors, representatives, and/or employees to take an unreasonable amount of time away from the ordinary course of business to identify, collect, and produce the substantial amount of documents requested by Defendants over the requested time period that are located at several locations and in multiple formats.  By stating in these responses that Respondent will produce documents or is searching for documents, Respondent does not represent that any document actually exists, but rather that Respondent will make a good faith search and attempt to ascertain whether documents responsive to Defendants' specific request do, in fact, exist.

7.     Respondent objects to each request to the extent that it seeks production of backup e-mails that are not stored in a usable form and would be unduly burdensome and expensive to produce or that Defendants have other means of obtaining.

8.     Respondent objects to each request to the extent that it calls for the production of "all documents" where a reasonable quantity of documents would suffice to show the pertinent information. In producing documents in response to these requests, Respondent will produce only a reasonable quantity of documents or documents sufficient to show the information sought.

9.     Respondent objects to any specific request requiring Respondent to produce documents "concerning," "relating to," or "reflecting" a subject because those terms, as used in specific requests, are overbroad and ambiguous, and seek to impose an undue burden on Respondent. Without waiving this objection, and subject to all other applicable objections stated herein, Respondent will produce, in response to any request for documents "concerning," "relating to," "referring to," or "reflecting" a given subject, documents that expressly reflect or describe the subject.

10.     Respondent objects to the Subpoena to the extent it seeks documents not currently in Respondent's possession, custody or control, or refers to persons, entities or events not known to Respondent, on the grounds that this seeks to require more of Respondent than any obligation imposed by law, would subject Respondent to unreasonable and undue annoyance, oppression, burden and expense, and would seek to impose upon Respondent an obligation to investigate or discover information or materials from third parties or sources

4

who are equally accessible to Defendants.   Respondent further objects to Defendants' Instruction 3 inasmuch as it seeks to expand the meaning of "possession, custody or control."

11.     Respondent objects to Instruction 4 because it has no obligation, pursuant to a subpoena for documents, to identify documents no longer in its possession, custody or control.

12.     Respondent objects to Instruction 5 regarding the description of privileged or otherwise protected documents that are withheld to the extent that the instruction imposes upon Respondent a duty to do more than is required by Federal Rule of Civil Procedure 26(b)(5).

13.     Respondent objects to all definitions to the extent they are vague, confusing and overbroad.  Respondent will interpret the requests reasonably and in good faith in accordance with common English usage as supplemented by the common meanings of terms in the pharmaceutical industry.

14.     Respondent objects to the definition of "Concerning" to the extent that it renders the document requests containing that term redundant, overbroad, vague, ambiguous, and unintelligible.

15.     Respondent objects to the definition of "Document" to the extent that it exceeds the requirement of Rule 34(a) of the Federal Rules of Civil Procedure and renders the request unduly burdensome.

16.     Respondent objects to the definition of "Relating" to the extent that it renders the requests containing that term redundant, overbroad, vague, ambiguous, and unintelligible.

17.     Respondent objects to all the requests to the extent that they require Respondent to incur any significant expense resulting from the inspection and copying requested.

## III.   SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses, Respondent responds to Defendants' specific requests as follows:

## REQUEST NO. 1:

All documents concerning the Named Plaintiffs, including without limitation:

(a)     all communications with the Named Plaintiffs, including counsel for the Named Plaintiffs;

(b)     all contracts with the Named Plaintiffs;

(c)     reports provided to and received from the Named Plaintiffs;

(d)     documentation concerning the amount to charge the Named Plaintiffs for drugs administered; and

(e)     all data concerning drugs dispensed to or requested by the Named Plaintiffs' members or beneficiaries.

## RESPONSE NO. 1:

To the extent that Respondent has had any dealings with any of the Named Plaintiffs, Respondent objects to the entire request as overly broad and unduly burdensome and on the ground that it seeks information not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.  Respondent objects to the terms "reports," "documentation," "data," "members" and "beneficiaries" as vague and ambiguous.  Subject to these objections and its General Objections, Respondent will meet and

6

confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

**REQUEST NO. 2:**

All documents relating to or reflecting any definition or meaning of AWP.

**RESPONSE TO REQUEST NO. 2:**

Respondent objects to the request for "all documents" on a given topic dating from 1991until the present as overbroad and unduly burdensome.  Respondent further objects that this request, which seeks all documents "relating to" a given topic, is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence.  Respondent objects to this request on the grounds it is vague and ambiguous insofar as it seeks documents on the "meaning" of AWP independent of its "definition."  Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

**REQUEST NO. 3:**

All documents that reflect, discuss, memorialize, or otherwise relate to your setting of reimbursement or payment rates for any subject drug.

**RESPONSE TO REQUEST NO. 3:**

Respondent objects to the request for "all documents" on a given topic dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request, which covers all documents that "relate to" a given topic, is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent objects to the phrase "setting of reimbursement or payment rates" as vague and ambiguous. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

**REQUEST NO. 4:**

All documents that you or someone acting on your behalf relied upon in setting reimbursement or payment rates for any subject drug.

**RESPONSE TO REQUEST NO. 4:**

Respondent objects to the request for "all documents" on a given topic dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent objects that the phrase "setting reimbursement or payment rates" is vague and ambiguous. Subject to these objections and its General Objections,

Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

**REQUEST NO. 5:**

All minutes from meetings where reimbursement or payment for subject drugs was discussed, including meetings where the setting of reimbursement or payment rates was discussed.

**RESPONSE TO REQUEST NO. 5:**

Respondent objects to the request for "all minutes" from certain meetings dating from 1991 until the present as overbroad and unduly burdensome.  Respondent further objects that the request is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Respondent objects that the phrase "setting of reimbursement or payment rates" is vague and ambiguous.  Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

**REQUEST NO. 6:**

All documents relating to or reflecting the costs to providers of any subject drug.

**RESPONSE TO REQUEST NO. 6:**

Respondent objects to the request for "all documents" on a given topic dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request, which covers all documents "relating to" a given topic, is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent objects that the phrase "costs to providers" is vague and ambiguous. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

**REQUEST NO. 7:**

All documents relating to or reflecting the amounts you reimburse providers for any subject drug.

**RESPONSE TO REQUEST NO. 7:**

Respondent objects to the request for "all documents" on a given topic dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request, which covers all documents "relating to" a given topic, is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent objects that the phrase "the amounts you reimburse providers" is vague and ambiguous. Subject to these objections and its General Objections, Respondent will meet and confer with

Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

**REQUEST NO. 8:**

All documents relating to or reflecting any differences between the costs to providers of any subject drug and the amounts you reimburse providers for any subject drug.

**RESPONSE TO REQUEST NO. 8:**

Respondent objects to the request for "all documents" on a given topic dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request, which covers all documents "relating to" a given topic, is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent objects that the phrase "any differences between the costs to providers ... and the amounts you reimburse providers" is vague and ambiguous. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

**REQUEST NO. 9:**

All documents relating to or reflecting your awareness that the costs to providers of subject drugs are different from the amounts you reimburse providers for subject drugs.

**RESPONSE TO REQUEST NO. 9:**

Respondent objects to the request for "all documents" on a given topic dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request, which covers all documents "relating to" a given topic, is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent objects that the phrases "your awareness" and "the costs to providers ... are different from the amounts you reimburse providers" are vague and ambiguous. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

**REQUEST NO. 1O:**

All transaction records maintained in a database or other electronic format concerning amounts reimbursed or paid by you for Subject Drugs.

**RESPONSE TO REQUEST NO. 10:**

Respondent objects to the request for "all transaction records" maintained in a database or other electronic format dating from 1991 to the present as overbroad and unduly burdensome. Respondent further objects that the request is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants

regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

## REQUEST NO. 11:

All documents relating to your claims processing policies and procedures for any subject drug.

## RESPONSE TO REQUEST NO. 11:

Respondent objects to the request for "all documents" on a given topic dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request, which covers all documents "relating to" a given topic is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

## REQUEST NO. 12:

All documents reflecting any payments made by you that were based in whole or in part on the AWP of any subject drug.

## RESPONSE TO REQUEST NO. 12:

Respondent objects to the request for "all documents" on a given topic dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request is overbroad, unduly burdensome, oppressive, seeks information not relevant to the

13

subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent objects that the request is vague and ambiguous inasmuch as it seeks information on "'payments" made "in whole or in part on the AWP." Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

**REQUEST NO. 13:**

All communications between you and providers or pharmacies relating to reimbursement, payment or prices of any subject drug.

**RESPONSE TO REQUEST NO. 13:**

Respondent objects to the request for "all communications" on a given topic dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request, which covers all documents "relating to" a given topic, is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent objects that the phrase "relating to reimbursement, payment or prices" is vague, ambiguous, and undefined. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

**REQUEST NO. 14:**

All documents relating to any requests by you for any information concerning the reimbursement, pricing or payment for any subject drug.

**RESPONSE TO REQUEST NO. 14:**

Respondent objects to the request for "all documents" on a given topic dating from

1991 until the present as overbroad and unduly burdensome.  Respondent further objects that

the request, which covers all documents "relating to" a given topic, is overbroad, unduly

burdensome, oppressive, seeks information not relevant to the subject matter of this action and

is not reasonably calculated to lead to the discovery of admissible evidence.  Respondent

objects that the phrase "any information concerning the reimbursement, pricing or payment"

is vague and ambiguous.  Subject to these objections and its General Objections, Respondent

will meet and confer with Defendants regarding what responsive, nonprivileged documents it

will produce that are in its possession, custody or control and that can be located after a

reasonable search and diligent inquiry.

**REQUEST NO. 15:**

All documents concerning your decision to rely on, reliance on, or use of drug pricing information published by any publisher for any subject drug.

**RESPONSE TO REQUEST NO. 15:**

Respondent objects to the request for "all documents" on a given topic dating from

1991 until the present as overbroad and unduly burdensome.  Respondent further objects that

the request, which covers all documents "concerning" a given topic, is overbroad, unduly

burdensome, oppressive, seeks information not relevant to the subject matter of this action and

is not reasonably calculated to lead to the discovery of admissible evidence. Respondent objects that the phrase "rely on, reliance on, or use of drug pricing information" is vague and ambiguous. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

## REQUEST NO. 16:

All documents created by or received from any publisher, including but not limited to drug pricing information, and communications, memoranda, contracts or agreements between you and any publisher regarding any subject drug.

## RESPONSE TO REQUEST NO. 16:

Respondent objects to the request for "all documents ... from any publisher" on a given topic dating from 1991 until the present as overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent objects that the phrase "drug pricing information" is vague, ambiguous, and undefined. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

## REQUEST NO. 17:

All documents relating to or referring to AWPs, including documents that relate or refer to the relationship between any price and AWP for any subject drug.

**RESPONSE TO REQUEST NO. 17:**

Respondent objects to the request for "all documents" on a given topic dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request, which covers all documents "relating to" a given topic, is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent objects that the phrase "relationship between any price and AWP" is vague, ambiguous, and undefined. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

**REQUEST NO. 18:**

All documents relating to or referring to any difference between AWP and an actual payment by you or anyone else for an y subject drug.

**RESPONSE TO REQUEST NO. 18:**

Respondent objects to the request for "all documents" on a given topic dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request, which covers all documents "relating to" a given topic, is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent objects that the phrase "actual payments by you or anyone else" renders the request vague,

ambiguous, overbroad, and oppressive. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

## REQUEST NO. 19:

To the extent not otherwise produced, all documents concerning AWP, AMP, WAC, MAC, EAC, Best Price or any other drug pricing, payment or reimbursement information for any subject drug.

## RESPONSE TO REQUEST NO. 19:

Respondent objects to the request for "all documents" on a given topic dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request, which covers all documents "concerning" a given topic, is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent objects that the phrase "any other drug pricing, payment or reimbursement information" is vague and ambiguous. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

## REQUEST NO. 20:

All documents relating to or referring to your contractual relationships with PBMs, third-party administrators, benefit consultants, auditors, wholesalers, manufacturers,

independent practice associations, pharmacies, or providers, insofar as they cover subject drugs, including, without limitation, master agreements, addenda, schedules, attachments, requests for proposal, responses to requests for proposal and correspondence.

## RESPONSE TO REQUEST NO. 20:

Respondent objects to the request for "all documents" on a given topic dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request, which covers all documents "relating to" a given topic, is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent objects that the phrase "insofar as they cover subject drugs" renders this request vague, ambiguous, and unintelligible. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located aft er a reasonable search and diligent inquiry.

## REQUEST NO. 21:

Documents sufficient to identify all persons involved in negotiation of contractual relationships with PBMs, third-party administrators, benefit consultants, auditors, wholesalers, manufacturers, independent practice associations, pharmacies or providers insofar as they cover any subject drug.

## RESPONSE TO REQUEST NO. 21:

Respondent objects to the request to identify "all persons involved in" the specified activities between 1991 and the present as overbroad and unduly burdensome. Respondent further objects that the request, which requests documents identifying "all persons involved"

in certain negotiations, is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Respondent objects that the phrase "insofar as they cover any subject drug" renders the request vague, ambiguous, and unintelligible. Respondent objects that the terms "third-party administrators," "benefit consultants," "auditors," "wholesalers," "independent practice associations," and "providers" are overbroad, vague and ambiguous as defined, and that the term "pharmacies" is vague, ambiguous, and undefined.  Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

## REQUEST NO. 22:

All documents relating to any profit analysis you have performed or received relating to your reimbursement or payment for any subject drug.

## RESPONSE TO REQUEST NO. 22:

Respondent objects to the request for "all documents" on a given topic dating from 1991 until the present as overbroad and unduly burdensome.  Respondent further objects that the request, which covers all documents "relating to" a given topic, is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Respondent objects that the phrases "profit analysis" and "your reimbursement or payment" are vague, ambiguous, and undefined. Subject to these objections and its General Objections, Respondent

20

will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

## REQUEST NO. 23:

All documents concerning any internal or external, formal or informal, investigations, studies, research, assessments, analyses, reviews or audits regarding drug pricing or reimbursement or payment amounts or rates for any subject drug.

## RESPONSE TO REQUEST NO. 23:

Respondent objects to the request for "all documents" on a given topic dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request, which covers all documents "relating to" a given topic, is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent objects that the request is vague and ambiguous as to scope. Respondent objects that the phrases "informal[] investigations, studies, research, assessments, analyses, reviews or audits" and "regarding drug pricing or reimbursement or payment amounts or rates" render the request vague and ambiguous. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

**REQUEST NO. 24:**

All filings with any state or federal government entity made by you or on your behalf that refer or relate to AWP.

**RESPONSE TO REQUEST NO. 24:**

Respondent objects to the request for "all filings" dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request, which covers all documents that "relate to" a given topic, is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent objects that the term "filings" is vague, ambiguous, and undefined. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

**REQUEST NO. 25:**

All documents created by or received from CMS, United States Department of Health and Human Services, The Health and Human Services Offices of the Inspector General, the General Accounting Office, Congress or any other federal institution, agency, department, or office regarding the pricing of prescription drugs.

**RESPONSE TO REQUEST NO. 25:**

Respondent are objects to the request for "all documents" on a given topic dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request, which covers all documents "created by or received from" a vast array of government entities "regarding" a given topic, is overbroad, unduly burdensome, oppressive,

22

seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

**REQUEST NO. 26:**

All documents provided to CMS, United States Department of Health and Human Services, The Health and Human Services Offices of the Inspector General, the General Accounting Office, Congress or any other federal institution, agency, department, or office regarding the pricing of any subject drug.

**RESPONSE TO REQUEST NO. 26:**

Respondent objects to the request for "all documents" on a given topic dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request, which covers all documents "provided to" a vast array of government entities "regarding" a given topic, without any indication by whom said documents were provided, is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent further objects to any production of any such documents to the extent it would be prohibited by federal or state law. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

**REQUEST NO. 27:**

All documents produced by you in any litigation, government investigation or inquiry related to the use of AWP in Medicare, Medicaid or private reimbursement.

**RESPONSE TO REQUEST NO. 27:**

Respondent objects to the request for "all documents" on a given topic dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request, which covers all documents produced in "any litigation, government investigation or inquiry," is overbroad, unduly burdensome, oppressive, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent objects that the phrases "government investigation or inquiry" and "use of AWP in ... reimbursement" are vague and ambiguous. Respondent further objects to any production of such documents to the extent it would be prohibited by federal or state law. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

**REQUEST NO. 28:**

All current and historical organizational charts for all of your departments.

**RESPONSE TO REQUEST NO. 28:**

Respondent objects to the request for "all ... charts" dating from 1991 until the present as overbroad and unduly burdensome. Respondent further objects that the request is overbroad,

unduly burdensome, oppressive, vague, ambiguous, seeks information not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent objects that the term "organizational charts" is vague, ambiguous, overbroad and undefined. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding what responsive, nonprivileged documents it will produce that are in its possession, custody or control and that can be located after, a reasonable search and diligent inquiry.

BLUE CROSS BLUE SHIELD OF FLORIDA

By its attorneys,

Thomas V. Urmy, Jr. (BBO #506620)
Theodore M. Hess-Mahan (BBO #557109)
Todd S. Heyman (BBO #643804)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, Massachusetts 02109
(617) 439-3939

Dated: June 14, 2004

25

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE LITIGATION

MDL No. 1456
Master File No. 01-12257-PBS

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2003, I caused a true copy of Response and Objections

of Blue Cross Blue Shield of Florida to Subpoena Seeking Deposition Testimony and Request

For Production Of Documents to be served, via overnight courier delivery, upon the following

counsel:

Elaine Wynn, Esq.
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036

Clay Everett, Esq.
Morgan Lewis & Bochius
1111 Pennsylvania Avenue
Washington, D. C. 20004

Steve W.  Berman, Esq.
Hagens Berman
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

Sean R.  Matt, Esq.
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101

Thomas V.  Urmy, Jr.  (BBO #506620)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, Massachusetts 02109
(617) 439-3939