# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re Pharmaceutical Industry Average Wholesale Price Litigation | MDL Docket No. 1456 |
| THIS DOCUMENT RELATES TO: | |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.,* E.D.N.Y. Case No. CV-03-0229 | Judge Patti B. Saris |

## PLAINTIFF SUFFOLK COUNTY'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE SUFFOLK'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff the County of Suffolk hereby opposes defendants' motion to strike Suffolk's response to defendants' notice of supplemental authority.

Defendants protest that Suffolk did not comply with Local Rule 7.1(b)(3), but that Rule governs motion practice not the filing of notices, nor responses thereto. Notably, defendants did not comply with Local Rule 7.1 in connection with their notice. They merely filed it. The Local Rules impose no disparate burden on Suffolk in filing a response to the notice.

Case law supports Suffolk's position. *See, e.g., Eggert v. The Merrimac Paper Co., Inc.,* (CIV-A-03-10048RBC) 311 F. Supp. 2d 245, 247 (D. Mass. 2004) ("Finally, on September 30, 2003, the plaintiffs filed a Notice of Supplemental Authority in Further Support of Plaintiffs' Opposition to Fiduciary Defendants' Motions to Dismiss (# 58) and in response, the individual defendants filed a Response to Plaintiffs' Notice of Supplemental Authority in Further Support of Plaintiffs' Opposition to Fiduciary Defendants' Motions to Dismiss (# 61)). The *Eggert* docket shows that leave of court was not requested prior to the filing of the notice in that case, nor prior to

the filing of the response. (See *Eggert* docket annexed as Exhibit A hereto).

Should the Court decide that the scenario at bar does implicate Local Rule 7.1, Suffolk

seeks, by this application, leave of Court, *nunc pro tunc*, to file its response, a copy of which is

annexed for the Court's convenience as Exhibit B hereto.

Response is appropriate because defendants' original notice was not merely that;  but

contained argument as well, *to wit*,  defendants argued that the "the court in [the Albany County

case] dismissed the State's claim under N.Y. Social Services Law § 145-b *for the same reasons*

*articulated by defendants to this Court* at oral argument on December 12, 2003." (Defendants'

Notice of Supplemental Authority at 1).

Should the Court  permit defendants a reply to Suffolk's response, Suffolk requests leave to

file a sur-reply.

Dated: June 28, 2004

<div style="margin-left:40%">

Respectfully submitted,

**KIRBY McINERNEY & SQUIRE, LLP**

By:    /s/ Joanne M. Cicala_____

Joanne M. Cicala, Esq.
Aaron D. Hovan, Esq.
830 Third Avenue
New York, NY 10022
(212) 371-6600

*Counsel for Plaintiff County of Suffolk*

</div>

2

# EXHIBIT A

"Be among the first to know" of any new developments in this case
Automatically (TRACK) the docket shown below

| Update! | Track! | | Order Documents | E-Mail Docket | Add to Docket Cart |

## ———— Online Docket Sheet ————

CourtLink obtained this docket from the court on 6/28/2004.
If you need an updated version click **Update**. ($4.00 charge applies)

📄 Documents for this case may be available online.
By updating the case, we will be able to determine if documents are available.

# US District Court Civil Docket

## US District Court for the District of Massachusetts
## (Boston)

## 1:03cv10048

### Eggert, et al v. Merrimac Paper Co, I, et al

**This case was retrieved from the court on Monday, June 28, 2004**

Date Filed: 01/08/2003
Assigned To: Magistrate Judge Robert B Collings
Referred To:
Nature of suit: ERISA (791)
Cause: E.R.I.S.A.-Employee Benefits
Lead Docket: None
Other Docket: None
Jurisdiction: Federal Question

Class Code:
Closed: No
Statute: 29:1132
Jury Demand: Both
Demand Amount: $0

| Litigants | Attorneys |
|---|---|
| Mary Logan<br>CONSOLIDATED PLAINTIFF | Michael T Cetrone<br>[COR LD NTC]<br>Nutter, McClennen & Fish, LLP<br>World Trade Center West<br>155 Seaport Boulevard<br>Boston , MA  02210-2699<br>USA<br>617-439-2243<br>Fax : 617-310-9243<br>Email: McEtrone@nutter.com |
| William L Provost, Jr<br>CONSOLIDATED PLAINTIFF | Michael T Cetrone<br>[COR LD NTC]<br>Nutter, McClennen & Fish, LLP<br>World Trade Center West<br>155 Seaport Boulevard<br>Boston , MA  02210-2699<br>USA |

617-439-2243
Fax : 617-310-9243
Email: McEtrone@nutter.com

Alan R Eggert
PLAINTIFF

Jeffrey B Renton
[COR LD NTC]
Gilbert & Renton
23 Main St
Andover , MA  01810
USA
978-475-7580
Fax : 978-475-1881
Email: Jrenton@gilbertandrenton.com

Ralph Harrison
PLAINTIFF

Jeffrey B Renton
[COR LD NTC]
[Term: 06/03/2003]
Gilbert & Renton
23 Main St
Andover , MA  01810
USA
978-475-7580
Fax : 978-475-1881
Email: Jrenton@gilbertandrenton.com

Thomas P Smith
[COR LD NTC]
Caffrey & Smith, PC
300 Essex Street
Lawrence , MA  01840-2624
USA
978-686-6151
Fax : 978-683-3399
Email: Tsmith@caffreysmith.com

v.

Merrimac Paper Co, Inc, in its Corporate
Capacity and as Sponsor of the Esop
DEFENDANT

William R Grimm
[COR LD NTC]
Hinckley, Allen and Snyder, LLP
28 State Street
Boston , MA  02109
USA
617/ 345-9000
Fax : 617/ 345-9020
Email: Wgrimm@haslaw.com

Gerard J Griffin, Jr
DEFENDANT

Bernard J Bonn, III
[COR LD NTC]
Dechert LLP
200 Clarendon Street
27TH Floor
Boston , MA  02116
USA
617-728-7100
Fax : 617-426-6567
Email: Bernard.bonn@dechert.com

Matthew A Porter
[COR LD NTC]
Dechert LLP
200 Clarendon Street
27TH Floor
Boston , MA  02116
USA
617-728-7100
Fax : 617-426-6567
Email: Matthew.porter@dechert.com

Robert P Joy
[COR LD NTC]
Morgan, Brown & Joy
Suite 1616
One Boston Place
Boston , MA  02108
USA
617-523-6666
Fax : 617-367-3125
Email: Rjoy@morganbrown.com

Robert P Morris
[COR LD NTC]
Morgan, Brown & Joy
One Boston Place
Suite 1616
Boston , MA  02108
USA
617-523-6666
Fax : 617-367-3125
Email: Rmorris@morganbrown.com

Brewster Stetson
DEFENDANT

Christine M O'Connor
[COR LD NTC]
Palmer & Dodge, LLP
111 Huntington Avenue
Boston , MA  02199-7613
USA
617-239-0163
Fax : 617-227-4420
Email: Coconnor@palmerdodge.com

Michael T Gass
[COR LD NTC]
Palmer & Dodge, LLP
111 Huntington Avenue
Boston , MA  02108-3190
USA
617-234-0343
Fax : 617-227-4420
Email: Mgass@palmerdodge.com

James Moriarty
DEFENDANT

Joan I Ackerstein
[COR LD NTC]
Jackson Lewis LLP
75 Park Plaza
4TH Floor
Boston , MA  02327

USA
617-367-0025
Fax : 617-367-2155
Email: Ackerstj@jacksonlewis.com

Richard W Paterniti
[COR LD NTC]
Jackson Lewis LLP
75 Park Plaza, 4TH Floor
Boston , MA  021116
USA
617-367-0025
Fax : 617-367-2155
Email: Paternir@jacksonlewis.com

John T Leahy
DEFENDANT

Christine M O'Connor
[COR LD NTC]
Palmer & Dodge, LLP
111 Huntington Avenue
Boston , MA  02199-7613
USA
617-239-0163
Fax : 617-227-4420
Email: Coconnor@palmerdodge.com

Michael T Gass
[COR LD NTC]
Palmer & Dodge, LLP
111 Huntington Avenue
Boston , MA  02108-3190
USA
617-234-0343
Fax : 617-227-4420
Email: Mgass@palmerdodge.com

The Merrimac Paper Company, Inc Leveraged
Employee Stock Ownership Plan and Trust
(The "esop")
DEFENDANT

William R Grimm
[COR LD NTC]
Hinckley, Allen and Snyder, LLP
28 State Street
Boston , MA  02109
USA
617/ 345-9000
Fax : 617/ 345-9020
Email: Wgrimm@haslaw.com

| Date | # | Proceeding Text |
|------|---|-----------------|
| 01/08/2003 | 1 | Complaint filed. Case assigned to Judge: Wolf. Receipt #: 44276 Amount:$ 150.00. Fee Status: pd (ktb) (Entered: 01/10/2003) |
| 01/08/2003 | = | Summons issued for Merrimac Paper Co, I, Gerard J. Griffin Jr., Brewster Stetson, James Moriarty, John T. Leahy (ktb) (Entered: 01/10/2003) |
| 01/08/2003 | 2 | Ex Parte Motion by Alan R. Eggert for prejudgment attachment of real estate against Deft Merrimac Paper Co., Inc. , filed. (ktb) (Entered: 01/10/2003) |
| 01/08/2003 | 3 | Memorandum by Alan R. Eggert in support of [2-1] motion for prejudgment attachment of real estate against Deft Merrimac Paper Co., Inc. , filed. (ktb) (Entered: 01/10/2003) |
| 01/08/2003 | = | Judge Patti B. Saris . Endorsed Order entered denying [2-1] motion for |

| | | |
|---|---|---|
| | | prejudgment attachment of real estate against Deft Merrimac Paper Co., Inc. "Denied without prejudice to filing a motion for an attachment after notice and hearing." cc/pla [EOD Date 1/10/03] (ktb) Modified on 6/19/2003 (Boyce, Kathy). Modified on 6/19/2003 (Boyce, Kathy). (Entered: 01/10/2003) |
| 01/08/2003 | 4 | Affidavit of Alan R. Eggert , re: [2-1] motion for prejudgment attachment of real estate against Deft Merrimac Paper Co., Inc. , filed. (ktb) (Entered: 01/10/2003) |
| 01/08/2003 | -- | Case assigned to Magistrate Judge Collings for any future reference. (Boyce, Kathy) (Entered: 06/10/2003) |
| 01/09/2003 | 5 | Motion by Alan R. Eggert for prejudgment attachment of real estate against Deft Merrimac Paper Co., Inc., filed, c/s. (ktb) Modified on 6/19/2003 (Boyce, Kathy). (Entered: 01/10/2003) |
| 01/09/2003 | 6 | Memorandum by Alan R. Eggert in support of [5-1] motion for prejudgment attachemnt of real estate against Deft Merrimac Paper Co., Inc., filed, c/s. (ktb) (Entered: 01/10/2003) |
| 01/09/2003 | 9 | First Amended complaint and Jury Trial by Alan R. Eggert, Ralph Harrison filed. (Answer due 1/19/03 for John T. Leahy, for James Moriarty, for Brewster Stetson, for Gerard J. Griffin Jr. , for Merrimac Paper Co, I ) . Amended complaint amends [1-1] complaint (ktb) (Entered: 01/17/2003) |
| 01/13/2003 | 7 | Notice of Potential Hearing by Alan R. Eggert by Jeffrey B. Renton, filed. (ktb) (Entered: 01/16/2003) |
| 01/17/2003 | 8 | Judge Mark L. Wolf. Order entered, Motion hearing set for 9:00 1/29/03 for [5-1] motion for prejudgment attachemnt of real estate against Deft Merrimac Paper Co., Inc. . cc/cl. [EOD Date 1/17/03] cc/cl. (ktb) (Entered: 01/17/2003) |
| 01/29/2003 | 10 | Letter dated: 2/28/03 to Mr. Oleary from Atty Willima Grimm, filed. (ktb) (Entered: 01/30/2003) |
| 01/29/2003 | -- | Judge Mark L. Wolf . Endorsed Order entered granting [5-1] motion for prejudgment attachment of real estate against Deft Merrimac Paper Co., Inc.. "As deft does not oppose this motion and, in any event, it appears meritorious, it is hereby ALLOWED." cc/cl. [EOD Date 2/4/03] (ktb) Modified on 6/19/2003 (Boyce, Kathy). (Entered: 02/04/2003) |
| 01/29/2003 | -- | Writ of Attachment issued. (ktb) (Entered: 02/04/2003) |
| 02/03/2003 | 11 | Notice of appearance of attorney for Gerard J. Griffin Jr. in 1:03-cv-10048 by Bernard J. Bonn III, Matthew A. Porter, filed. (jdj) (Entered: 02/06/2003) |
| 02/06/2003 | 12 | STIPULATION by Alan R. Eggert in 1:03-cv-10048, Ralph Harrison in 1:03-cv-10048, Merrimac Paper Co, I in 1:03-cv-10048, Gerard J. Griffin Jr. in 1:03-cv-10048, Brewster Stetson in 1:03-cv-10048, James Moriarty in 1:03-cv-10048, John T. Leahy in 1:03-cv-10048, reset answer due for 3/3/03 for John T. Leahy, for James Moriarty, for Brewster Stetson, for Gerard J. Griffin Jr., for Merrimac Paper Co, I , filed. (jdj) (Entered: 02/06/2003) |
| 02/06/2003 | 13 | Return of service executed as to Brewster Stetson in 1:03-cv-10048 with service on 1/23/03 filed. Answer due on 2/12/03 for Brewster Stetson (jdj) (Entered: 02/06/2003) |
| 02/06/2003 | 66 | MEMORANDUM in Support re 65 MOTION to Consolidate Cases filed by Brewster Stetson, Gerard J. Griffin Jr., John T. Leahy, James Moriarty, FILED, c/s. (Boyce, Kathy) (Entered: 02/11/2004) |
| 02/07/2003 | -- | Writ of execution issued against Merrimac Paper Co, I in 1:03-cv-10048 in the amount of: $ 1,829,935.00. (ktb) (Entered: 02/12/2003) |
| 02/12/2003 | 14 | Return of service executed as to Gerard J. Griffin Jr. in 1:03-cv-10048 with service on 1/17/03 filed. (eaf) (Entered: 02/12/2003) |
| 02/12/2003 | 15 | Return of service executed as to Merrimac Paper Co, I in 1:03-cv-10048 with service on 1/17/03 filed. (eaf) (Entered: 02/12/2003) |
| 02/12/2003 | 16 | Return of service executed as to John T. Leahy in 1:03-cv-10048 with service |

| | | |
|---|---|---|
| | | on 1/17/03 filed. (eaf) (Entered: 02/12/2003) |
| 02/12/2003 | 17 | Return of service executed as to James Moriarty in 1:03-cv-10048 with service on 1/24/03 filed. (eaf) (Entered: 02/12/2003) |
| 02/13/2003 | -- | Judge Mark L. Wolf . Endorsement re: [12-1] stipulation reset answer due for 3/3/03 for John T. Leahy, for James Moriarty, for Brewster Stetson, for Gerard J. Griffin Jr., for Merrimac Paper Co, I."ALLOWED." cc: all counsel of record. (eaf) (Entered: 02/20/2003) |
| 02/14/2003 | 18 | Assented to Motion by Brewster Stetson in 1:03-cv-10048, John T. Leahy in 1:03-cv-10048 to extend time to 3/12/03 to answer , filed, c/s. (ktb) (Entered: 02/15/2003) |
| 02/14/2003 | 19 | Notice of appearance of attorney for Brewster Stetson in 1:03-cv-10048, John T. Leahy in 1:03-cv-10048 by Michael T. Gass, Christine M. O'Connor, filed. (ktb) (Entered: 02/15/2003) |
| 02/19/2003 | -- | Case assigned to to Mag. Judge Robert B. Collings for any future references (sad) (Entered: 02/19/2003) |
| 02/19/2003 | -- | Judge Mark L. Wolf . Endorsed Order entered granting [18-1] motion to extend time to 3/12/03 to answer . [EOD Date 2/20/03] cc: all counsel of record. (eaf) (Entered: 02/20/2003) |
| 02/20/2003 | 20 | Judge Mark L. Wolf . Memorandum and Order entered. [EOD Date 2/20/03] "...Therefore, the parties are being ordered to inform the Court by 3/14/03 whether they consent to a transfer of this case to Magistrate Judge Collings for all purposed..." cc: all counsel of record. (eaf) (Entered: 02/20/2003) |
| 02/25/2003 | 21 | Notice of appearance of attorney for Gerard J. Griffin Jr. in 1:03-cv-10048 by Robert P. Joy, Robert P. Morris, filed. (ktb) (Entered: 02/27/2003) |
| 02/25/2003 | 22 | Assented to Motion by Gerard J. Griffin Jr. in 1:03-cv-10048 to extend time to 3/12/03 to respond to complaint , filed, c/s. (ktb) (Entered: 02/27/2003) |
| 03/03/2003 | 23 | Assented - To Motion by Merrimac Paper Co, I in 1:03-cv-10048 to extend time to plead or otherwise respond to complaint , filed, c/s. (ktb) (Entered: 03/06/2003) |
| 03/03/2003 | 24 | Assented to Motion by Brewster Stetson in 1:03-cv-10048 to extend time to 4/17/03 to respond to amended complaint , filed, c/s. (ktb) (Entered: 03/06/2003) |
| 03/04/2003 | -- | Judge Mark L. Wolf . Endorsed Order entered granting [22-1] motion to extend time to 3/12/03 to respond to complaint . [EOD Date 3/5/03] cc/cl. (ktb) (Entered: 03/05/2003) |
| 03/07/2003 | -- | Judge Mark L. Wolf . Endorsed Order entered granting [23-1] motion to extend time to plead or otherwise respond to complaint. cc/cl. [EOD Date 3/10/03] (ktb) (Entered: 03/10/2003) |
| 03/07/2003 | -- | Judge Mark L. Wolf . Endorsed Order entered granting [24-1] motion to extend time to 4/17/03 to respond to amended complaint. cc/cl. [EOD Date 3/10/03] (ktb) (Entered: 03/10/2003) |
| 03/07/2003 | 26 | Assented To Motion by Brewster Stetson in 1:03-cv-10048, John T. Leahy in 1:03-cv-10048 to extend time to 4/17/03 to answer or plead , filed, c/s. (ktb) (Entered: 03/11/2003) |
| 03/10/2003 | 25 | Assented to Motion by Gerard J. Griffin Jr. in 1:03-cv-10048 to continue due date for responding to complaint , filed, c/s. (ktb) (Entered: 03/10/2003) |
| 03/11/2003 | -- | Judge Mark L. Wolf . Endorsed Order entered granting [26-1] motion to extend time to 4/17/03 to answer or plead. cc/cl. [EOD Date 3/17/03] (ktb) (Entered: 03/17/2003) |
| 03/11/2003 | -- | Judge Mark L. Wolf . Endorsed Order entered granting [25-1] motion to continue due date for responding to complaint. cc/cl. [EOD Date 3/17/03] (ktb) (Entered: 03/17/2003) |
| 03/14/2003 | 28 | Consent to trial by Magistrate by Brewster Stetson in 1:03-cv-10048, John T. |

| | | |
|---|---|---|
| | | Leahy in 1:03-cv-10048, filed, c/s. (ktb) (Entered: 03/24/2003) |
| 03/17/2003 | 27 | Amended complaint and demand for jury trial by Alan R. Eggert in 1:03-cv-10048, Ralph Harrison in 1:03-cv-10048 filed. (Answer due 3/27/03 for John T. Leahy, for James Moriarty, for Brewster Stetson, for Gerard J. Griffin Jr., for Merrimac Paper Co, I ) . Amended complaint amends [9-1] amended complaint (ktb) (Entered: 03/24/2003) |
| 03/18/2003 | 30 | Letter by Richard Paternitt for Deft Kames Moriarty dated: 3/17/03 confirming consent to MJ for all purposes, filed. (ktb) (Entered: 03/24/2003) |
| 03/21/2003 | 29 | Suggestion of Bankruptcy Filing and Automatic Stay, FILED, c/s. (ktb) (Entered: 03/24/2003) |
| 03/27/2003 | 31 | Judge Mark L. Wolf. Order of Reassignment to MJ Collings, entered cc/cl.. [EOD Date 4/1/03] (ktb) (Entered: 04/01/2003) |
| 03/27/2003 | -- | Case reassigned from Judge Wolf to Mag. Judge Robert B. Collings . (ktb) (Entered: 04/01/2003) |
| 04/03/2003 | 32 | Mag. Judge Robert B. Collings. Order entered. "...Attorney Grimm shall inform the Court, in writing, on or before the close of business on Monday, April 14, 2003, what effect, if any, the filing for bankruptcy protection has on the instant case vis a vis the two parties, listed, supra, as they are denominated in the Second Amended Complaint (#27). Further, by the same date, Attorney Grimm shall inform the Court if he represents those two parties." [EOD Date 4/9/03] cc/cl (kf) (Entered: 04/09/2003) |
| 04/17/2003 | 33 | Letter by William R. Grimm in 1:03-cv-10048 dated: 4/9/03 to: MJ Collings re Order of April 3, 2003, filed. (ktb) (Entered: 04/17/2003) |
| 04/17/2003 | 34 | Letter by Jeffrey B. Renton in 1:03-cv-10048 dated: 4/16/03 to: MJ Collings in response to letter from William Grimm dated 4/9/03, filed. (ktb) (Entered: 04/17/2003) |
| 04/17/2003 | 35 | Motion by Brewster Stetson in 1:03-cv-10048, John T. Leahy in 1:03-cv-10048 to dismiss pltfs' second amended complaint , filed, c/s. (ktb) (Entered: 04/21/2003) |
| 04/17/2003 | 36 | Letter by Robert P. Morris in 1:03-cv-10048 dated: 4/17/03 to: Ms. Piccinnino, filed. (ktb) (Entered: 04/21/2003) |
| 04/17/2003 | 37 | Memorandum by Gerard J. Griffin Jr. in 1:03-cv-10048, Brewster Stetson in 1:03-cv-10048, James Moriarty in 1:03-cv-10048, John T. Leahy in 1:03-cv-10048 in support of [35-1] motion to dismiss pltfs' second amended complaint , filed, c/s. (ktb) (Entered: 04/21/2003) |
| 04/17/2003 | 38 | Motion by Gerard J. Griffin Jr. in 1:03-cv-10048 to dismiss pltfs'second amended complaint , filed, c/s. (ktb) (Entered: 04/21/2003) |
| 04/17/2003 | 39 | Motion by James Moriarty in 1:03-cv-10048 to dismiss pltfs' second amended complaint , filed, c/s. (ktb) (Entered: 04/21/2003) |
| 04/17/2003 | 40 | Notice of appearance of attorney for James Moriarty in 1:03-cv-10048 by Joan I. Ackerstein, Richard W. Paterniti, filed, c/s. (ktb) (Entered: 04/21/2003) |
| 04/21/2003 | -- | Mag. Judge Robert B. Collings. Endorsed Order entered. Re #34, "Pltfs' counsel shall notify the Court in writing when service is perfected." [EOD Date 4/21/03] (ktb) (Entered: 04/21/2003) |
| 04/23/2003 | 43 | Return of service executed as to John T. Leahy in 1:03-cv-10048 with service on 4/15/03 filed. Answer due on 5/5/03 for John T. Leahy (ktb) (Entered: 05/02/2003) |
| 04/24/2003 | 41 | Letter by Jeffrey B. Renton to MJ Collings in 1:03-cv-10048 dated: 4/23/03 re Judge Collings April 21, 2003 request that Pltfs' counsel notify the Court in writing when service is perfected on the ESOP, filed. (ktb) (Entered: 04/25/2003) |
| 04/24/2003 | 42 | Assented To Motion by Alan R. Eggert in 1:03-cv-10048, Ralph Harrison in 1:03-cv-10048 to extend time to 5/30/03 to file brief in opposition to Motions |

|            |    |                                                                                                                                                                                                                                                      |
|------------|----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | to Dismiss Filed by Fiduciary Defts , filed, c/s. (ktb) (Entered: 05/01/2003)                                                                                                                                                                         |
| 05/06/2003 | -- | Mag. Judge Robert B. Collings . Endorsed Order entered granting [42-1] motion to extend time to 5/30/03 to file brief in opposition to Motions to Dismiss Filed by Fiduciary Defts. "Allowed." [EOD Date 5/12/03] (ktb) (Entered: 05/12/2003)          |
| 05/30/2003 | 45 | CONSOLIDATED MEMORANDUM in Opposition re [35] Motion to Dismiss, [38] Motion to Dismiss, [39] Motion to Dismiss filed by Alan R. Eggert, Ralph Harrison, filed, C/S. (Boyce, Kathy) (Entered: 06/05/2003)                                              |
| 06/02/2003 | 44 | Letter from Thomas P. Smith regarding his appearance as counsel for Mr. Harrison. (Affsa, Gina) (Entered: 06/03/2003)                                                                                                                                 |
| 06/03/2003 | 46 | Original Affidavit of Alan R. Eggert in Support of 45 Consolidated Memorandum in Opposition to Motions to Dismiss, FILED, c/s. (Boyce, Kathy) Modified on 6/5/2003 (Boyce, Kathy). (Entered: 06/05/2003)                                               |
| 06/17/2003 | 47 | Letter/request to Gina Affsa, courtroom clerk (non-motion) from Richard W. Paterniti.re, as previously discussed, defts' intention to file a Motion for Leave to File a Reply Memorandum to Pltf's Opposition to the Motion to Dismiss, FILED.(Boyce, Kathy) (Entered: 06/19/2003) |
| 06/23/2003 | 48 | Letter from Thomas P. Smith to Gina Affsa, dated June 20, 2003 regarding a pending motion to dismiss filed by the individual defendants in 03-10048. (Patch, Christine) (Entered: 07/01/2003)                                                          |
| 06/30/2003 | 49 | Assented to MOTION for Leave to File a Reply Memorandum to Plaintiffs' Opposition to Defendants' Motion to Dismiss by Brewster Stetson, Gerard J. Griffin Jr., John T. Leahy, James Moriarty.(Patch, Christine) (Entered: 07/03/2003)                  |
| 06/30/2003 | 50 | Reply Memorandum to 45 Consolidated Memorandum in Opposition re [35] Motion to Dismiss, [38] Motion to Dismiss, [39] Motion to Dismiss, filed by James Moriarty, Gerard Griffin, Jr., Brewster Stetson, and John T. Leahy. c/s (Patch, Christine) (Entered: 07/08/2003) |
| 07/01/2003 | -- | Judge Robert B. Collings : ORDER entered. Any sur-reply must be filed by cob on July 16, 2003. (See Docket #48).(Dolan, Kathleen) (Entered: 07/08/2003)                                                                                               |
| 07/03/2003 | -- | Judge Robert B. Collings : Electronic ORDER entered granting 49 Assented-to Motion for Leave to File Reply Memorandum to Plaintiffs' Opposition to Defendants' Motion to Dismiss. (Dolan, Kathleen) (Entered: 07/08/2003)                              |
| 07/16/2003 | 51 | Sur-Reply in Opposition to [35] Motion to Dismiss, [38] Motion to Dismiss, [39] Motion to Dismiss filed by Fiduciary Defendants, filed by Alan R. Eggert, Ralph Harrison. c/s (Patch, Christine) (Entered: 07/24/2003)                                 |
| 07/25/2003 | 52 | MOTION to Withdraw Reference of LR. D. Mass 201, with respect to this adversary proceeding, by Alan R. Eggert, Ralph Harrison, FILED, c/s.(Boyce, Kathy) (Entered: 08/13/2003)                                                                         |
| 07/25/2003 | 53 | MEMORANDUM OF LAW in Support re 52 MOTION to Withdraw Reference filed by Alan R. Eggert, Ralph Harrison, filed, c/s. (Boyce, Kathy) (Entered: 08/13/2003)                                                                                              |
| 08/04/2003 | 54 | MOTION for Extension of Time to 8/8/03 to File Response/Reply as to 52 MOTION to Withdraw Reference by Merrimac Paper Co., Inc., FILED, c/s. (Boyce, Kathy) (Entered: 08/13/2003)                                                                       |
| 08/08/2003 | 55 | RESPONSE/OBJECTION to Motion re 52 MOTION to Withdraw Reference filed by Merrimac Paper Co., Inc., FILED, c/s. (Boyce, Kathy) (Entered: 08/13/2003)                                                                                                    |
| 08/21/2003 | 56 | MOTION to Withdraw Reference by Alan R. Eggert, Ralph Harrison, c/s. (Hassett, Kathy) (Entered: 08/21/2003)                                                                                                                                            |
| 08/21/2003 | 57 | MEMORANDUM in Support re 56 MOTION to Withdraw Reference filed by Alan R. Eggert, Ralph Harrison, c/s. (Hassett, Kathy) (Entered: 08/21/2003)                                                                                                          |

| | | |
|---|---|---|
| 09/02/2003 | = | Judge Robert B. Collings : ELECTRONIC ORDER entered ALLOWING 54nunc pro tunc Motion for Extension of Time to File Response/Reply re 54 MOTION for Extension of Time to 8/8/03 to File Response/Reply as to 52 MOTION to Withdraw Reference Responses due by 8/8/2003 (Dolan, Kathleen) (Entered: 09/02/2003) |
| 09/30/2003 | 58 | NOTICE of Supplemental Authority in Further Support of 51 Opposition to [35] Motion to Dismiss, [38] Motion to Dismiss, and [38] Motion to Dismiss, by Alan R. Eggert, Ralph Harrison. (Attachments: # 1 Exhibit A) c/s(Patch, Christine) (Entered: 10/03/2003) |
| 10/20/2003 | 61 | Response by Brewster Stetson, Gerard J. Griffin Jr., John T. Leahy, James Moriarty to 58 Notice (Other). (Folan, Karen) (Entered: 10/27/2003) |
| 10/21/2003 | 59 | MOTION for assessment of damages and entry of default judgment against defendant the Merrimac Paper Company Inc. Leveraged Employee Stock Ownership Plan and Trust by Alan R. Eggert.(Folan, Karen) (Entered: 10/27/2003) |
| 10/21/2003 | 60 | Request for notice of default against the Merrimac Paper Company Inc. Leveraged Employee Stock Ownership Plan and Trust. (Folan, Karen) (Entered: 10/27/2003) |
| 11/10/2003 | 62 | Response by Brewster Stetson, Gerard J. Griffin Jr., John T. Leahy, James Moriarty to 59 MOTION for assessment of damages and entry of default judgment against defendant the Merrimac Paper Company Inc. Leveraged Employee Stock Ownership Plan and Trust, FILED, c/s. (Boyce, Kathy) (Entered: 11/17/2003) |
| 11/20/2003 | 63 | Response by Alan R. Eggert, Ralph Harrison to 62 Response of individual defendants to plaintiffs' request for entry of default judgment and assessment of damages against the ESOP. (Folan, Karen) (Entered: 12/05/2003) |
| 12/23/2003 | 64 | Judge Robert B. Collings : ORDER entered. Docket entries #52 and #56 should be docketed in 03-40239. The Clerk is ORDERED to remove these entries and docket them in Civil Action 03-40239.(Dolan, Kathleen) (Entered: 12/23/2003) |
| 02/06/2004 | 65 | MOTION to Consolidate Related Actions by Brewster Stetson, Gerard J. Griffin Jr., John T. Leahy, James Moriarty, FILED, c/s.(Boyce, Kathy) (Entered: 02/11/2004) |
| 02/20/2004 | 67 | RESPONSE to Motion re 65 MOTION to Consolidate Cases filed by Alan R. Eggert, Ralph Harrison. (Folan, Karen) (Entered: 02/24/2004) |
| 02/20/2004 | 68 | Opposition filed by Mary Logan and William Provost, Jr. re 65 MOTION to Consolidate Cases . (Folan, Karen) (Entered: 02/24/2004) |
| 02/24/2004 | 69 | Judge Richard G. Stearns : ORDER entered denying 65 Motion to Consolidate Cases "Denied, without prejudice." (Flaherty, Elaine) (Entered: 02/24/2004) |
| 03/31/2004 | 70 | Judge Robert B. Collings : MEMORANDUM AND ORDER regarding [35] Motion to Dismiss Second Amended Complaint by Defendants Brewster Stetson and John T. Leahy; [38] Motion to Dismiss Second Amended Complaint by Gerard J. Griffin, Jr.; and [39] Motion to Dismiss Second Amended Complaint by Defendant James Moriarty. Motions to Dismiss ALLOWED as to Counts I and III and otherwise DENIED without prejudice to filing a motion for summary judgment after discovery. (Dolan, Kathleen) (Entered: 04/01/2004) |
| 04/01/2004 | 71 | NOTICE of Scheduling Conference set for 5/5/2004 10:30 AM in Courtroom 14 before Robert B. Collings. (Dolan, Kathleen) (Entered: 04/01/2004) |
| 04/12/2004 | 72 | ANSWER to Second Amended Complaint and Demand for Jury Trial by James Moriarty, FILED, c/s.(Boyce, Kathy) (Entered: 04/14/2004) |
| 04/12/2004 | 73 | ANSWER to Second Amended Complaint and Jury Demand by Gerard J. Griffin Jr., FILED, c/s.(Boyce, Kathy) (Entered: 04/16/2004) |

| 04/12/2004 | 74 | ANSWER to Amended Complaint by Brewster Stetson, FILED, c/s.(Boyce, Kathy) (Entered: 04/16/2004) |
| 04/12/2004 | 75 | ANSWER to Second Amended Complaint, by John T. Leahy, FILED, c/s. (Boyce, Kathy) (Entered: 04/16/2004) |
| 04/28/2004 | 76 | JOINT STATEMENT of counsel Pursuant to Local Rule 16.1(D). (Renton, Jeffrey) (Entered: 04/28/2004) |
| 04/28/2004 | 77 | CERTIFICATION pursuant to Local Rule 16.1, by James Moriarty, FILED, c/s.(Boyce, Kathy) (Entered: 05/04/2004) |
| 04/28/2004 | 80 | CERTIFICATION pursuant to Local Rule 16.1, by Brewer Stetson, FILED. (Boyce, Kathy) (Entered: 05/06/2004) |
| 04/28/2004 | 81 | CERTIFICATION pursuant to Local Rule 16.1 by John T. Leahy, FILED. (Boyce, Kathy) (Entered: 05/06/2004) |
| 04/28/2004 | 82 | CERTIFICATION pursuant to Local Rule 16.1 by Gerard J. Griffin Jr.,FILED, c/s.(Boyce, Kathy) (Entered: 05/12/2004) |
| 05/05/2004 | -- | ELECTRONIC Clerk's Notes for proceedings held before Judge Robert B. Collings: Initial 16(b) Scheduling Conference held on 5/5/2004. Automatic Disclosures to be completed by cob 6/12/2004; initial sets of requests and interrogatories to be served by cob 6/15. No depositions to be taken until it is determined whether 03cv12351 and 03cv12504 are reassigned to Judge Collings pursuant to consent. All non-expert discovery to be filed and/or served by cob 11/15/2004 and completed by cob 12/20/2004. Further Conference: 10/19/2004 at 10:30 A.M. At that time, the Court will hear counsel as to the status of discovery, whether or not the case should be set for mediation, and whether any experts will be called, and if so, what schedule should be set for expert disclosures. A further status conference will be set in early 2005 to set a schedule for dispositive motions. Court to decide motion to issue notice of default against the ESOP. (DIGITAL RECORDING.) (Entered: 05/05/2004) |
| 05/05/2004 | 78 | CERTIFICATION pursuant to Local Rule 16.1 (D)(3) by Alan R. Eggert, Ralph Harrison.(Renton, Jeffrey) (Entered: 05/05/2004) |
| 05/05/2004 | 79 | Judge Robert B. Collings : SCHEDULING ORDER - RULE 16(b) FED.R.CIV.P. Further Rule 16(b) Conference set for October 19, 2004.(Dolan, Kathleen) (Entered: 05/06/2004) |
| 05/24/2004 | 83 | Judge Robert B. Collings : ORDER DIRECTING ENTRY OF DEFAULT AGAINST THE MERRIMAC PAPER COMPANY, INC. LEVERAGED EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST entered re 60 Request for notice of default(Affsa, Gina) (Entered: 05/26/2004) |
| 05/26/2004 | 84 | NOTICE: Clerk's ENTRY OF DEFAULT as to The Merrimac Paper Company, Inc. Leveraged Employee Stock Ownership Plan and Trust (the "Esop") (Affsa, Gina) (Entered: 05/26/2004) |
| 05/26/2004 | -- | ELECTRONIC Clerk's Notes for proceedings held before Judge Robert B. Collings: Status Conference held on 5/26/2004 in 2003cv12351 (Logan) and 2003cv 12504 (Provost) cases. Attorney Renton is present for plaintiffs Eggert & Harrison; defendants' and their counsel are the same in all three cases. All counsel agree that the written discovery to be propounded by June 15, 2004 by plaintiffs Eggert and Harrison is to contain the caption of all three cases, and the answers/responses may be used in all three cases. Depositions are to be noticed in all three cases, but may not commence until the Court decides the motions to dismiss in the Logan and Provost cases. The issue of consolidation will be taken up if and when decisions have to be made about trial(s). Discussion as to whether Count Two in Eggert case is limited. Further Conference to be set after decision on motions to dismiss in Logan and Provost cases. (DIGITAL RECORDING.) (Entered: 05/26/2004) |
| 05/26/2004 | 85 | Judge Robert B. Collings : STANDING ORDER on motions for default judgment re 84 Notice: Clerk's Entry of Default filed by The Merrimac Paper Company, Inc. Leveraged Employee Stock Ownership Plan and Trust (the |



"Esop")(Affsa, Gina) (Entered: 05/26/2004)

| 06/02/2004 | 86 | NOTICE by Alan R. Eggert Default Judgment for Plaintiff Alan Eggert Against Defendant The Merrimac Paper Company, Inc. Leveraged Employee Stock Ownership Plan and Trust (Renton, Jeffrey) (Entered: 06/02/2004) |
| --- | --- | --- |
| 06/04/2004 | 87 | NOTICE by Alan R. Eggert, Ralph Harrison Plaintiffs' Motion for Leave to File an Amended Complaint to Explicitly Cite 29 U.S.C. sec. 1132(a)(2) in the Caption to Count II (Renton, Jeffrey) Additional attachment(s) added on 6/10/2004 (Affsa, Gina). (Entered: 06/04/2004) |
| 06/10/2004 | 89 | MOTION for Extension of Time by which written discovery must be initiated by 45 days by Brewster Stetson, Alan R. Eggert, Gerard J. Griffin Jr., Ralph Harrison, John T. Leahy, James Moriarty.(Folan, Karen) (Entered: 06/17/2004) |
| 06/15/2004 | 88 | Judge Robert B. Collings : ORDER entered REFERRING MOTION FOR DEFAULT JUDGMENT AGAINST NON-CONSENTING DEFENDANT (#59) TO JUDGE WOLF.(Dolan, Kathleen) (Entered: 06/15/2004) |
| 06/15/2004 | – | Remark re: Order #88: document numbers 62 & 63 also sent to Judge Wolf's session on this date. (Affsa, Gina) (Entered: 06/15/2004) |
| 06/17/2004 | – | Judge Robert B. Collings : ELECTRONIC ORDER entered granting 89 Motion for Extension of Time. The date for initiating written discovery is ENLARGED to the close of business on 8/2/04. (Dolan, Kathleen) (Entered: 06/17/2004) |

Copyright © 2004 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

View Current Charges     Pricing     Case Results     Docket Cart     my CourtLink     Log Out

# EXHIBIT B



# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re Pharmaceutical Industry Average Wholesale Price Litigation | MDL Docket No. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.,*<br>E.D.N.Y. Case No. CV-03-0229 | Judge Patti B. Saris |

## PLAINTIFF SUFFOLK COUNTY'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

The purported supplemental authority filed June 14, 2004 is a June 1, 2004 decision in the New York Attorney General's action styled *New York v. Pharmacia Corp., GlaxoSmithKline, PLC and Aventis Pharmaceuticals, Inc.*, Index Nos. 905-04, 905-03 and 1150-03 (the "decision". The case pends in the New York State Supreme Court (New York's lowest court), Albany County. The decision reinforces the viability of Suffolk's claims under New York's consumer protection statute, General Business Law ("GBL") §349 and for common law fraud. It also establishes the viability of Suffolk's claim under New York Social Service Law §145-b, holding unremarkably that the allegations there fail to satisfy §145-b's requirement that the wrong implicate public funds (p.10). Here, of course, no one even has asserted an allegation failure of that kind.

### A. The Decision Confirms That Suffolk's GBL §349 Claim Should Be Sustained

The decision sustains the NYAG's claim that defendants' reporting of false and inflated AWPs violates GBL §349. Suffolk asserts the same cause. The state court rejected the defendants' arguments (a) that "plaintiff was not deceived by the AWP as evidence[d] by government reports, regulatory and



legislative history and public accounts, and plaintiff had the statutory right to request price information directly from defendant manufacturers"; and (b) that plaintiff' allegations "are not sufficiently specific and fail to establish a prima facie claim." Decision at 5. These are the precise arguments defendants here advance in seeking to dismiss the Suffolk GBL §349 cause. *See* consolidated memorandum of law in support of defendants' motion to dismiss the amended complaint, at 20-22 and 34-35; consolidated reply memorandum of law in support of defendants' motion to dismiss the amended complaint at 7, n.8, and 19.

> To these arguments, the state court held:
>
> if plaintiff can establish its allegation that defendant artificially inflated prices reported to price reporting agencies known to be relied upon by governmental agencies for reimbursement purposes and the spread achieved thereto created increased profits to defendants through increased sales, **such conduct would rise to the level of deception or misleading and, if established, this conduct would cause injury to plaintiff through increased reimbursements.**

Decision at 6 (emphasis added). The court did not require the NYAG to replead with greater specificity his §349 claims.

The decision's rulings on these points support entirely the arguments Suffolk advances in opposition to defendants' motions to dismiss its GBL §349 cause. *See , e.g.,* Suffolk's memorandum of law in opposition to defendants' consolidated motion to dismiss at 31-32 (defendants' failure to disclose that the reported AWP does not accurately reflect the true AWP caused Suffolk to overpay for its Medicaid pharmacy costs because of Suffolk's "statutorily required"reliance on defendants' reported AWPs); at 32-33 ("It is well-established that any allegation of fraud made in connection with a GBL §349 claim is surplusage and not subject to review under Rule 9(b)." *Petitt v. Celebrity Cruises, Inc.,* 153 F.

2



Supp. 2d 240, 265 (S.D.N.Y. 2001) *(quoting Hedaya Bros., Inc. v. Fed. Ins. Co.*, 799 F. Supp. 13,

15 (E.D.N.Y. 1992)).

### B. The Decision Confirms That Suffolk's Fraud Claims Should Be Sustained

The decision sustains the NYAG's fraud claim under Executive Law §63(12).  While Suffolk has

not (and could not) plead a claim under §63(12), Suffolk has plead a common law claim for fraud, and

defendants have raised like protest to it. *See* County of Suffolk Amended Complaint at ¶¶ 127-128;

consolidated memorandum of law in support of defendants' motion to dismiss Suffolk Amended Complaint

at 18-20 and 35-37; consolidated reply memorandum of law at 6-7 and 12-17.  In both the NYAG action

and Suffolk actions, defendants have maintained that any AWP fraud claim must fail because "the inflation

of AWPs was not deceptive or misleading because government administrators were aware of defendants'

practices", and because of "plaintiff's lack of specificity" in pleading the cause.  Decision at 6-7.

In rejecting defendants' arguments and sustaining the fraud claim, the state court wrote "plaintiff

has adequately alleged a *prima facie* case for this cause of action inasmuch as plaintiff's allegations, if

proven, establish a repeated misrepresentation by defendants in conducting its business and, thus, state a

claim for relief."  Decision at 7.  A like outcome is required here.

### C. The Decision's Dismissal of the NYAG's §145-b Claim is Irrelevant in Important Respects; Its Authorities Helpful to Suffolk

The New York court dismissed the NYAG's §145-b  claim on the basis that the New York

complaint contained "no allegation that defendants received any public funds as a result of their actions, as

required by the plain language of the statute." Decision at 10, *citing People v. Brooklyn Psychoservices*

*Rehabilitation Institute*, 185 A.D.2d 230, 234, 585 N.Y.S.2d 776 (2d Dep't 1992) (hereinafter

3



"*BPRI*"). No defendant here has contended that Suffolk's complaint fails to allege or permit the inference that defendants received public funds. So much for the pertinence of this part of the New York decision.

Moreover, the decision relied upon by the Albany count court, *BPRI*, actually supports Suffolk (and the NYAG's) position. In *BPRI*, the defendant doctor was held liable for a §145-b violation even though he received no public funds at all, let alone public funds directly. *See id.* at 234-35 (stating that fraudulently obtained Medicaid funds were paid through multiple corporations before inuring to the individual defendant, Dr. Easton). Dr. Easton did not directly receive those unlawful public funds, an Easton-controlled entity (BPRI) did. *Id.* Nevertheless, the court found Dr. Easton liable for violating §145-b. Why? Not because BPRI received the public funds, but because Easton devised the fraudulent scheme (as defendants did here) and BPRI paid rent to two realty corporations controlled by the Easton family. *Id.* at 234-35. "Through Easton's *de facto* control of the two realty corporations, which were ostensibly owned by his children, the family was personally enriched when the fund collected from the Medicaid fraud were paid in the form of grossly inflated rents." *Id.* at 235.[1]

That is precisely the case at case at bar. Defendants are personally enriched when the participants in the drug distribution chain pay for defendants' drugs using the public funds such participants receive as a result of the AWP fraud defendants have devised. County of Suffolk Amended Complaint at ¶¶ 15, 18, 68, 98, 100-107.

The Albany county §145-b ruling is also flawed because the plain language of §145-b does not require that defendants themselves obtain or attempt to obtain public funds, but rather that defendants by

---

[1]     Until this June 1 ruling by Justice Benza, neither *BPRI* nor any case prior or since has contradicted the plain read of the statute that §145-b is violated when the wrongful misconduct occurs on behalf of oneself *or others*.

4



means of false statements or concealment of material facts obtain or attempt to obtain public funds on behalf

of themselves *or others*. The statute expressly states:

> It shall be unlawful for any person, firm or corporation knowingly by means of a false
> statement or representation, or by deliberate concealment of any material fact, or other
> fraudulent scheme or device, *on behalf of himself or others*, to attempt to obtain or to
> obtain payment from public funds or supplies furnished or purported furnished pursuant to
> this chapter.

New York Soc. Serv. L. 145-b(1)(a).

No New York case, including *BPRI*, has ever ruled that a defendant is not liable for violation of

§145-b where it attempts to obtain payment of public funds *on behalf of others*. Nor could such a case

hold. It is axiomatic that statutes must not be interpreted so as to void their plain meaning.[2] Had the

legislature wished merely to impose liability only on those who defraud on their own direct behalf, it would

have written the statute to say that.[3] The legislature did not.

Even were §145-b written to require direct benefit to defendants, which it is not, Suffolk's §145-b

claim would stand. Suffolk specifically alleges that defendants were directly enriched when the providers

---

[2]   "It is a long-held tenet of statutory interpretation that one section of a law should not be interpreted so as to render another section meaningless." *Princess Cruises, Inc. v. U.S.*, 201 F.3d 1352, 1362 (Fed. Cir. 2000). "Every part of a statute must be given meaning and effect..." *Heard v. Cuomo*, 94 N.Y.S.2d 675, 689 (N.Y. 1993). *See also United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 103 L. Ed. 2d 290, 109 S. Ct. 1026 (1989) (stating that its interpretation of the relevant statute "begins where all such inquiries must begin: with the language of the statute itself"); *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S. Ct. 2051 (1980) [*8] (outlining the "familiar canon of statutory interpretation" that the starting point is the plain language of the statute). In cases where the language of the statute is unambiguous, as here, "this first canon is also the last: 'judicial inquiry is complete.'" 503 U.S. at 254 (quoting *Rubin v. United States*, 449 U.S. 424, 429, 66 L. Ed. 2d 633, 101 S. Ct. 698 (1981) (Burger, C.J.)).

[3]   *See, e.g., Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253, 112 S. Ct. 1146 (1992) (Thomas, J.)("Courts must presume that a legislature says in a statute what it means and means in a statute what it says there").



paid for defendants' drugs using the public funds the providers received as a result of the AWP fraud defendants' devised. *See* County of Suffolk amended complaint at ¶¶ 380-384.

## CONCLUSION

The New York decision reinforces the validity of Suffolk's §349 and fraud claims, while bearing little pertinence to the §145-b claim.

Dated: June 18, 2004

Respectfully submitted,

**KIRBY McINERNEY & SQUIRE, LLP**

By:     Signature on File with Court
                Joanne M. Cicala, Esq.
                Aaron D. Hovan, Esq.
        830 Third Avenue
        New York, NY 10022
        (212) 371-6600

*Counsel for Plaintiff County of Suffolk*

6