# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris<br><br>Chief Mag. Judge Marianne B. Bowler |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | | |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL HHS ASP DOCUMENTS

## I.   BACKGROUND

The Court already has pending Defendants' Motion for a Protective Order Arising From Plaintiffs 30(b)(6) deposition notices directed to the person(s) most knowledgeable about the Average Sales Prices recently reported to CMS.  At the same time those deposition notices were issued, plaintiffs served a document request pursuant to Fed. Rule Civ. P. 34 asking for documents relating to ASPs.  The documents requested were the following:

> Request No. 1.   All documents showing ASPs or ASP information you have provided for any AWPID pursuant to Interim Medicare Regulations.
>
> Request No. 2.   All documents, including internal memoranda and meeting notes, concerning the Interim Medicare Regulations.
>
> Request No. 3.   All documents passing between you and Federal Health Care Regulators concerning the Interim Medicare Regulations.

Defendants have each refused to produce any documents.  Typical is the response of AstraZeneca which states it is refusing to produce "on the grounds asserted in the Track 1 Defendants' Motion for a Protective Order."  *See* Exhibit A.

## II.   ARGUMENT

### A.   The Scope of Discovery Is Broad

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is "very broad." *Cabana v. Forcier*, 200 F.R.D. 9, 17 (D. Mass. 2001). Under the liberal standard set forth in Rule 26(b)(1), "[I]nformation is discoverable if there is any possibility it might be relevant to the subject matter of the motion." *Id.* at 17, citing *EEOC v. Electro-Term, Inc.*, 167 F.R.D. 344, 346 (D. Mass. 1996). *See also Schuurman v. The Town of North Reading*, 139 F.R.D. 276 (D. Mass. 1991) (Bowler J.); *Sacramona v. Bridgestone/Firestone, Inc.,* 152 F.R.D. 428 (D. Mass. 1993) (Bowler J.); *Gagne v. Reddy*, 104 F.R.D. 454, 456 (D. Mass. 1984). This liberal standard when applied to the requests at issue is easily satisfied.

### B.   The Information Is Relevant

The ASPs (and information about the processes by which defendants compile them) directly impact issues that go to the core of the class certification and liability issues in this case. The following are only several examples.

In a telling document, defendant Johnson & Johnson concedes that AWP is "reported by manufacturers and subject to manipulation."[1] In the same document, Johnson & Johnson defines ASP and notes that ASP is "the most transparent price." This transparency is due to the fact that the ASP calculation must take into account volume discounts, prompt payment discounts, cash discounts, free goods, chargebacks and rebates. As set forth in the allegations of the AMCC these items were typically improperly excluded from defendants' reported AWPs. Thus, the newly reported ASPs will provide a guideline as to the current spread and how it was calculated, will allow plaintiffs insight into how to calculate the ASPs for prior years.

An examination of each request demonstrates each is carefully tailored to elicit discoverable information.

---

[1] Exhibit B, MDL CEN 00008506.

1534.16 0073 MTN.DOC

- 3 -

Request No. 1 seeks the actual reported ASPs. As noted, this will allow plaintiffs to calculate current spreads which is relevant in order to show the magnitude of past spreads, the current damages and injunctive relief.

Request No. 2 seeks documents concerning the Interim Regulations. Defendants through their trade association opposed changing from an AWP based reimbursement system to an ASP system. Internal notes as to how the new ASP based system might expose the inflation of AWPs, or how a change in spreads resulting from this new reporting might impact market share are likely to exist and would be highly relevant.

Request No. 3 is also likely to elicit admissions concerning the allegations of prior AWP abuse as well as concealment.

Given the gravamen of this action, i.e., illegal spread between published AWPs and the actual sales prices, as well as the broad discovery standard, there is little question of the relevancy of the ASPs for each drug. This information is in effect a proxy for what the AWP would have been but for the scheme to report inflated AWPs. The fact that it is current does not diminish its relevancy as plaintiffs allege a continuing wrong and course of conduct. Further, the fact that it is current does not diminish the fact that it will provide a benchmark from which plaintiffs and their experts can ascertain whether calculations of previous ASPs are correct. In addition, testimony regarding <u>how</u> defendants calculated the ASPs – including details concerning all of the sources of financial data that were mined – will assist plaintiffs with the task of determining ASPs for prior periods.

### III.   CONCLUSION

The information sought is narrowly focused, highly relevant and not burdensome. The motion to compel should be granted.

1534.16 0073 MTN.DOC

| | |
|---|---|
| DATED:  July 1, 2004 | By      /s/ Steve W. Berman |

    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
    Hagens Berman LLP
    225 Franklin Street, 26th Floor
    Boston, MA  02110
    Telephone: (617) 482-3700
    Facsimile: (617) 482-3003
    **LIAISON COUNSEL**

    Steve W. Berman
    Sean R. Matt
    Hagens Berman LLP
    1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
    Telephone: (206) 623-7292
    Facsimile: (206) 623-0594

    Eugene A. Spector
    Jeffrey Kodroff
    Spector, Roseman & Kodroff, P.C.
    1818 Market Street, Suite 2500
    Philadelphia, PA  19103
    Telephone: (215) 496-0300
    Facsimile: (215) 496-6611
    **CHAIRS OF LEAD COUNSEL COMMITTEE**

    Samuel Heins
    Heins, Mills & Olson, P.C.
    3550 IDS Center
    80 South Eighth Street
    Minneapolis, MN  55402
    Telephone: (612) 338-4605
    Facsimile: (612) 338-4692

    Marc H. Edelson
    Hoffman & Edelson
    45 West Court Street
    Doylestown, PA  18901
    Telephone: (215) 230-8043
    Facsimile: (215) 230-8735

- 5 -

        Kenneth A. Wexler
        Elizabeth A. Fegan
        The Wexler Firm
        One North LaSalle Street, Suite 2000
        Chicago, IL  60602
        Telephone: (312) 346-2222
        Facsimile: (312) 346-0022
        **MEMBERS OF LEAD COUNSEL COMMITTEE AND EXECUTIVE COMMITTEE**

- 6 -

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL HHS ASP DOCUMENTS** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on July 1, 2004, a copy to Verilaw Technologies for Posting and notification to all parties

      By    **/s/ Steve W. Berman**
      Steve W. Berman
      **HAGENS BERMAN LLP**
      1301 Fifth Avenue, Suite 2900
      Seattle, WA  98101
      (206) 623-7292