300. Baxter denies the allegations in Paragraph 300. Baxter denies any characterization or inference resulting from the Plaintiff's citations to the documents referenced therein. Baxter denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of the documents referenced therein, and otherwise respectfully refers the Court to those documents for a complete and accurate statement of their contents.

301. Baxter denies the allegations in Paragraph 301. Baxter denies that Plaintiff can impute to Baxter "continued" misconduct in 1992 based on a document dated June 11, 1996. Baxter denies any characterization or inference resulting from the Plaintiff's citation to the January 6, 1992 memorandum referenced therein. Baxter denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of the January 6, 1992 document referenced therein, and otherwise respectfully refers the Court to that document for a complete and accurate statement of its contents.

302. Baxter denies the allegations in Paragraph 302. Baxter denies that Plaintiff can impute to Baxter "continued" misconduct in 1992 based on a document dated June 11, 1996. Baxter denies any characterization or inference resulting from the Plaintiff's citation to the January 6, 1992 memorandum referenced therein. Baxter denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of the January 6, 1992 document referenced therein, and otherwise respectfully refers the Court to that document for a complete and accurate statement of its contents.

303. Baxter denies the allegations in Paragraph 303. Baxter denies any characterization or inference resulting from the Plaintiff's citation to unidentified documents referenced therein. Baxter denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of the unidentified documents

referenced therein, and otherwise respectfully refers the Court to those unidentified documents for a complete and accurate statement of their contents.

304. Baxter denies the allegations in Paragraph 304. Baxter denies any characterization or inference resulting from the Plaintiff's citation to the 1996 memo referenced therein. Baxter denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of the 1996 memo referenced therein, and otherwise respectfully refers the Court to that document for a complete and accurate statement of its contents.

305. Baxter denies the allegations in Paragraph 305. Baxter denies any characterization or inference resulting from the Plaintiff's citation to the September 24, 1996 customer announcement referenced therein. Baxter denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of the September 24, 1996 customer announcement referenced therein, and otherwise respectfully refers the Court to that document for a complete and accurate statement of its contents.

306. Baxter denies the allegations in Paragraph 306. Baxter denies any characterization or inference resulting from the Plaintiff's citation to the documents referenced therein. Baxter denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of the documents referenced therein, and otherwise respectfully refers the Court to those documents for a complete and accurate statement of their contents.

307. Baxter denies the allegations in Paragraph 307. Baxter denies that the Table 1 referenced therein is a document created or produced by Baxter. Baxter denies that Baxter has produced a document showing any internal calculations of an alleged

"Difference" or "% Spread." Baxter denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of the price lists referenced therein, except to admit that Baxter produced a document entitled "Intravenous and Irrigation Solution Products" that shows the AWP and acquisition price for certain of Baxter's drugs. Baxter denies any characterization or inference resulting from the Plaintiff's citation to the price lists referenced therein, and otherwise respectfully refers the Court to the price lists for a complete and accurate statement of their contents.

308. Baxter denies the allegations in Paragraph 308. Baxter denies that the Table 2 referenced therein is a document created or produced by Baxter. Baxter denies that Baxter has produced a document showing any internal calculations of an alleged "Difference" or "% Spread." Baxter denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of the price lists referenced therein, except to admit that Baxter produced a document entitled "IV Nutrition Products" that shows the AWP and acquisition price for certain of Baxter's drugs. Baxter denies any characterization or inference resulting from the Plaintiff's citation to the price lists referenced therein, and otherwise respectfully refers the Court to the price lists for a complete and accurate statement of their contents.

309. Baxter denies the allegations in Paragraph 309. Baxter denies that the table referenced therein is a document created or produced by Baxter. Baxter denies that Baxter has produced a document showing any internal calculations of an alleged "W-Sale Spread" or "%." Baxter denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of the price lists referenced therein. Baxter denies any characterization or inference resulting from the Plaintiff's citation to

the price lists referenced therein, and otherwise respectfully refers the Court to the price lists for a complete and accurate statement of their contents.

13. (sic)   Baxter denies the first and last sentence in Paragraph 13(sic). Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13(sic). Baxter denies any characterization or inference resulting from the Plaintiff's citation to the September 28, 2002 letter referenced therein. Baxter denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of the September 28, 2002 letter referenced therein, and otherwise respectfully refers the Court to that letter for a complete and accurate statement of its contents.

310.   Baxter denies the allegations in Paragraph 310 of the SAC to the extent that they are directed at Baxter. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310 as to the other parties. Baxter denies the reference to a "Baxter document" insofar as the source of the quoted material is unidentified. Baxter denies that Plaintiff has accurately characterized any alleged document finding, opinion, statement or conclusion. Baxter avers that Baxter has had no contractual relationships with PBMs in their capacity as such.

311.   Baxter admits that it has produced documents and/or provided information to the government agencies identified in Paragraph 311 of the SAC.

312.   Baxter denies the allegations in Paragraph 312. Baxter denies any characterization or inference resulting from the Plaintiff's citation to the September 24, 1996 customer announcement or any other documents referenced therein. Baxter denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of the September 24, 1996 customer announcement or any other documents

21

referenced therein, and otherwise respectfully refers the Court to those documents for a complete and accurate statement of their contents.

313. – 602. The allegations in Paragraphs 313 - 602 of the SAC are directed at other defendants and require no response from Baxter. To the extent the allegations in Paragraph 313 - 602 require an answer, they are denied.

603. – 634. Plaintiff's "Best Price" claims against Baxter have been dismissed by Court Order. *See* Memorandum and Order (entered June 14, 2004). Accordingly, no response to Paragraphs 603 - 634 is required and none is made.

## IX.

635. Baxter denies the allegations in Paragraph 635 of the SAC to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 635 as to the other parties.

636. Baxter denies the allegations in Paragraph 636 of the SAC to the extent that they are directed at Baxter, except to admit that Baxter sells its drugs and therapies in a competitive market and, as such, takes steps to keep certain information relating to its drugs and therapies confidential, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 636 as to the other parties. Baxter respectfully refers the Court to the CMS Health Care Industry Market Update (Jan. 10, 2003) referenced therein, for a complete and accurate statement of its contents.

637. – 640. Baxter denies the allegations in Paragraphs 637 - 640 of the SAC to the extent that they are directed at Baxter, and otherwise denies knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraphs 637 - 640 as to the other parties.

641. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 641 of the SAC.

642. – 643.  Baxter denies the allegations in Paragraphs 642 and 643 of the SAC to the extent that they are directed at Baxter.  Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 642 and 643 as to the other parties, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 642 and 643 of the SAC.

## X.

644. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 644 of the SAC.  Baxter denies the existence of, and its participation in, any "AWP Inflation Scheme" as alleged in Paragraph 644 of the SAC.

645. Baxter denies the allegations in Paragraph 645 of the SAC to the extent that they are directed at Baxter, except to admit that Baxter is aware that Medicare beneficiaries are generally responsible for paying a co-payment, but are not necessarily required to do so, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 645 as to the other parties.

646. – 649.  Baxter denies the allegations in Paragraphs 646 - 649 of the SAC to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 646 - 649 as to the other parties.

650. Baxter denies the allegations in Paragraph 650 of the SAC to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 650 as to the other parties. Baxter denies the existence of, and its participation in, any "AWP Inflation Scheme" as alleged in Paragraph 650 of the SAC.

651. Plaintiff's "Best Price" claims against Baxter have been dismissed by Court Order. *See* Memorandum and Order (entered June 14, 2004). Accordingly, no response to Paragraph 651 is required and none is made.

652. – 653. Baxter denies the allegations in Paragraphs 652 and 653 of the SAC to the extent that they are directed at Baxter, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 652 and 653 of the SAC.

## XI.   CLAIMS FOR RELIEF

### COUNT I

654. Baxter repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 653.

655. Baxter denies the allegations in Paragraph 655, except to admit that Plaintiff purports to bring this action and to seek relief in Count I of the SAC as alleged in Paragraph 655, but Baxter denies that Plaintiff is entitled to maintain this action as alleged or to any relief under Count I.

656. – 657. Baxter denies the allegations in Paragraphs 656 and 657 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 656 and 657 as to the other parties.

658. Baxter denies the allegations in Paragraph 658 to the extent that they are directed at Baxter. Baxter denies knowledge or information to form a belief as to the truth of the allegations in Paragraph 658 as to the other parties, and otherwise denies that Plaintiff or any of the citizens for whom Plaintiff is seeking relief has suffered damages or injuries as alleged in Paragraph 658.

659. Baxter denies the allegations in Paragraph 659 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 659 as to the other parties.

660. Baxter denies the allegations in Paragraph 660 to the extent that they are directed at Baxter. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 660 as to the other parties, and otherwise denies that Plaintiff or any of the citizens for whom Plaintiff is seeking relief has suffered damages or injuries as alleged in Paragraph 660.

## COUNT II

661. Baxter repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 660.

662. – 667. To the extent the allegations in Paragraphs 662 - 667 relate to Plaintiff's "Best Price" claims against Baxter, those claims have been dismissed by Court Order. *See* Memorandum and Order (entered June 14, 2004). Accordingly, no response to Paragraphs 662 - 667 is required and none is made. To the extent a response would be required, Baxter denies the allegations in Paragraphs 662 - 667 to the extent that they are directed at Baxter. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 662 - 667 as to the other parties.

## COUNT III

668. Baxter repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 667.

669. - 679.   To the extent the allegations in Paragraphs 669 - 679 relate to Plaintiff's "Best Price" claims against Baxter, those claims have been dismissed by Court Order.  *See* Memorandum and Order (entered June 14, 2004).  Accordingly, no response to Paragraphs 669 - 679 is required and none is made.

## COUNT IV

680. Baxter repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 679.

681. - 691.   To the extent the allegations in Paragraphs 681 - 691 relate to Plaintiff's "Best Price" claims against Baxter, those claims have been dismissed by Court Order.  *See* Memorandum and Order (entered June 14, 2004).  Accordingly, no response to Paragraphs 681 - 691 is required and none is made.

## COUNT V

692. Baxter repeats and incorporates as if fully set forth herein each and every response to the allegations in Paragraphs 1 through 691.

693. Baxter denies the allegations in Paragraph 693 to the extent that they are directed at Baxter.  Baxter denies knowledge or information to form a belief as to the truth of the allegations in Paragraph 693 as to the other parties, and otherwise denies that Plaintiff or any of the citizens for whom Plaintiff is seeking relief has suffered damages or injuries as alleged in Paragraph 693.

## XII. DEMAND FOR JURY TRIAL

Baxter denies Plaintiff is entitled to a judgment or any other relief requested in the Prayer for Relief.

### AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof or going forward not required by law, Baxter alleges the following defenses:

### First Defense

Plaintiff fails to state a claim against Baxter upon which relief may be granted.

### Second Defense

Some or all of Plaintiff's claims against Baxter are barred, in whole or in part, by the political question and separation of powers doctrines.

### Third Defense

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Baxter as alleged in the SAC.

### Fourth Defense

To the extent Plaintiff or any of its citizens for whom it is seeking relief obtains recovery in any other case predicated on the same factual allegations, it is barred from seeking recovery against Baxter based on the SAC pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### Fifth Defense

Plaintiff's claims against Baxter are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Montana.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff or any of its citizens for whom it is seeking relief has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

### Seventh Defense

Any and all actions taken by Baxter with respect to any of the matters alleged in the SAC were taken in good faith and in accordance with established industry practice.

### Eighth Defense

Plaintiff's state law claims against Baxter are preempted, in whole or in part, by federal law, including without limitation the Federal Employee Retirement Income and Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, including all amendments to the same and all regulations promulgated thereunder.

### Ninth Defense

Plaintiff's claims against Baxter are preempted by the dormant Commerce Clause of the United States Constitution.

### Tenth Defense

Plaintiff's claims against Baxter are barred because Baxter has complied with all applicable regulations of the federal and state governments.

### Eleventh Defense

Plaintiff's claims against Baxter are barred, in whole or in part, by the doctrines of laches, estoppel, and waiver.

28

DSMDB.1791956.1

### Twelfth Defense

Plaintiff's claims against Baxter are barred, in whole or in part, because they violate Baxter's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Montana, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Thirteenth Defense

Baxter's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss.

### Fourteenth Defense

Plaintiff fails to state with particularity facts to support the fraud allegations against Baxter contained in the SAC.

### Fifteenth Defense

Plaintiff fails to plead with particularity the fraudulent concealment and multi-source drug allegations against Baxter in the SAC.

### Sixteenth Defense

Plaintiff has no standing or capacity to bring some or all of the claims raised in the suit including but not limited to, Plaintiff's asserted status in *parens patriae* to recover Medicaid or Medicare expenditures or to seek injunctive relief.

### Seventeenth Defense

Plaintiff fails to allege with particularity its civil conspiracy claims against Baxter as required by FED. R. CIV. P. 9(b).

DSMDB.1791956.1

### Eighteenth Defense

Plaintiff's claims against Baxter are barred because Baxter did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

### Nineteenth Defense

Plaintiff's claims against Baxter are barred, in whole or in part, because Baxter did not make any false statements to Plaintiff or to any of the citizens for whom Plaintiff is seeking relief. As to any statement asserted against Baxter that Plaintiff alleges to be false or misleading, Baxter had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### Twentieth Defense

Plaintiff's claims against Baxter are barred because Baxter did not directly or indirectly engage in any conduct in violation of state or federal law.

### Twenty-First Defense

Baxter denies that Plaintiff has valid consumer protection claims against Baxter under Montana state law. However, if such claims are found to exist, Baxter pleads all available defenses under the applicable laws.

### Twenty-Second Defense

Any allegedly fraudulent statements or conduct of Baxter did not directly or proximately cause the alleged injuries as required under state consumer protection laws of Montana.

### Twenty-Third Defense

Baxter's conduct was not "deceptive" as required under Montana consumer protection laws.

### Twenty-Fourth Defense

To the extent that Plaintiff seeks equitable relief against Baxter, Plaintiff is not entitled to such relief because there is an adequate remedy at law.

### Twenty-Fifth Defense

Plaintiff did not rely on the allegedly fraudulent statements or conduct of Baxter as required under the Montana consumer protection laws.

### Twenty-Sixth Defense

Any allegedly fraudulent statement or conduct of Baxter was not consumer-oriented as required under the Montana consumer protection laws.

### Twenty-Seventh Defense

Plaintiff's claims against Baxter for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement, and Modernization Act of 2003.

### Twenty-Eighth Defense

Some or all of Plaintiff's clams for injunctive relief against Baxter are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Twenty-Ninth Defense

Some or all of Plaintiff's claims against Baxter arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

### Thirtieth Defense

Plaintiff's claims against Baxter are barred, in whole or on part, due to its failure to join indispensable parties.

### Thirty-First Defense

Plaintiff's claims against Baxter are barred, in whole or on part, because it suffered no damages as a result of the matters alleged in the SAC.

### Thirty-Second Defense

Plaintiff's claims against Baxter are barred, in whole or on part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superceding conduct of third parties.

### Thirty-Third Defense

Plaintiff's claims against Baxter for damages are barred, in whole or in part, because: (1) Plaintiff failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Baxter; (2) Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the SAC; (3) by the doctrine of consent and/or ratification to the extent that Plaintiff has received and paid for drugs produced, marketed and sold by Baxter after the filing of Plaintiff's original Complaint; and (4) Plaintiff's claims are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Thirty-Fourth Defense

Baxter is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries.

### Thirty-Fifth Defense

The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiff from Baxter.

### Thirty-Sixth Defense

Plaintiff fails to allege facts or a cause of action against Baxter sufficient to support a claim for attorneys' fees, double damages, and/or legal fees.

### Thirty-Seventh Defense

Plaintiff's punitive damages claims against Baxter: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the SAC are legally insufficient to support a claim against Baxter for punitive damages; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Baxter prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Baxter's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Montana; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Baxter's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable states' laws; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Baxter for punitive damages arising from the distribution, supply, marketing, sale, or use of Baxter's drugs and therapies would constitute impermissible multiple punishments for the same wrong, in violation of Baxter's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law and statutory law of Montana; (6) cannot be sustained because any award of punitive damages without the apportionment of the

award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Baxter's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and public policies of Montana; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Baxter the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Baxter's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the constitutions, common law and public policies of Montana.

### Thirty-Eighth Defense

Plaintiff's claim for punitive damages against Baxter cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Baxter, (4) is permitted to award punitive damages under a standard for determining liability for punitive

damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding Plaintiff's and the putative class' burden of proof with respect to each and every element of a claim for punitive damages, and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Baxter's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law and public policies of Montana.

### Thirty-Ninth Defense

Plaintiff's claim for punitive damages against Baxter cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate Baxter's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Baxter's right not to be subjected to an excessive award; and (3) be improper under the constitutions, common law and public policies of Montana.

### Fortieth Defense

Baxter adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

### Forty-First Defense

Baxter hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result

of the discovery proceedings in this action and hereby reserves their right to amend its answer to assert such defense.

## PRAYER FOR RELIEF

WHEREFORE, Baxter prays for entry of judgment in its favor and against Plaintiff as follows:

1. That the SAC be dismissed in its entirety with prejudice as to Baxter.
2. That Plaintiff take nothing by way of the SAC as to Baxter.
3. That Baxter recover its costs and any disbursements and fees to which it might be entitled in this action; and
4. For such other and further relief as the Court deems just and proper.

Dated: July 12, 2004

Respectfully submitted,

| /S/ | /S/ |
|---|---|
| Merle M. DeLancey, Jr. | Peter E. Gelhaar (BBO #188310) |
| J. Andrew Jackson | DONNELLY, CONROY & GELHAAR, LLP |
| DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP | One Beacon Street |
| 2101 L St. NW | 33rd Floor |
| Washington, DC 20037 | Boston, MA  02108 |
| Telephone:  (202) 785-9700 | Telephone:  (617) 720-2880 |
| Facsimile:  (202) 887-0689 | Facsimile:  (617) 720-3554 |
| Counsel for Defendants BAXTER HEALTHCARE CORPORATION and BAXTER INTERNATIONAL, INC. | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2004, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

*Eden M. Heard*
Eden M. Heard