UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO<br>*State of Montana v. Abbott Labs., Inc., et al.,*<br>D Mont. Cause No. CV-02-09-H-DWM | |

### BAXTER INTERNATIONAL INC. AND BAXTER HEALTHCARE CORPORATION'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Baxter International Inc. and Baxter Healthcare Corporation (collectively "Baxter"), for their Answer to Plaintiff's Second Amended Complaint (the "SAC") state:

### PREFACE

The SAC improperly and repetitively refers to Baxter and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Baxter or other defendants or third parties. Intentionally ambiguous pleading is improper and insufficient to apprise Baxter in any meaningful sense of the allegations asserted against it. Baxter nevertheless attempts to respond to Plaintiff's allegations to the extent possible under the circumstances. To the extent allegations refer to the knowledge, conduct or actions of other defendants or entities, Baxter is generally without knowledge or information sufficient to form a belief

as to the truth of those allegations and, on that basis, Baxter denies those allegations. Baxter states that it is answering Plaintiff's allegations only on behalf of Baxter, even when Plaintiff's allegations refer to alleged conduct by Baxter and other persons or entities.

The SAC improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully. Many of the allegations of the SAC are vague or conclusory. The SAC also includes terms which are undefined and which are susceptible to different meanings.

The SAC also contains purported quotations from a number of sources, many of which are unidentified. If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, Baxter reserves the right to assert such privileges, hereby moves to strike such references, and demands the return of any such documents that Plaintiff may have in its possession, custody or control. In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Baxter denies each and every allegation contained in the SAC, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculations which are contained in any averment or in the SAC as a whole. Moreover, Baxter specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered paragraphs in the SAC.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## I.

1. Baxter denies that Plaintiff is entitled to maintain this action in the manner alleged, except to admit that Plaintiff seeks to bring this action as alleged in Paragraph 1 of the SAC.

2. Baxter admits that Baxter Healthcare Corporation is a manufacturer of pharmaceutical products. To the extent the allegations of this Paragraph refer to statutory or regulatory programs, the statutes, regulations, and other sources regarding these programs are the best sources for a complete and accurate statement of their contents. Baxter otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the SAC.

3. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the SAC.

4. Baxter denies the allegations in Paragraph 4 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 as to the other parties. Baxter denies the existence of, and its participation in, any "abuses that have unfairly gouged Patients and injured the State and its Medicaid program" as alleged in Paragraph 4 of the SAC.

5. Baxter denies the allegations in Paragraph 5 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 as to the other parties, except to admit that (1) Baxter produces or manufactures certain drugs and therapies that are

covered under Medicare Part B; (2) Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP; and (3) Baxter reports certain pricing information for its drugs and therapies to pharmaceutical industry pricing publications.

6. Baxter denies the allegations in Paragraph 6 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 as to the other parties, except to admit that (1) Baxter produces or manufactures certain drugs and therapies that are covered under Medicare Part B; (2) Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP; and (3) Baxter reports certain pricing information for its drugs and therapies to pharmaceutical industry pricing publications. Baxter denies the existence of, or its participation in, any "AWP Inflation Scheme" as alleged in Paragraph 6 of the SAC.

7. Baxter denies the allegations in Paragraph 7 to the extent that they are directed at Baxter, denies any characterization or inference resulting from the allegations in Paragraph 7 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 as to the other parties. Baxter denies the existence of, or its participation in, any "AWP Inflation Scheme" as alleged in Paragraph 7 of the SAC.

8. Baxter denies the allegations in Paragraph 8 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 as to the other parties, except to admit that (1) Baxter produces or manufactures certain drugs and therapies that are covered under Medicare Part B; (2) Congress has mandated that Medicare Part B

reimbursements be based, in part, upon AWP; and (3) Baxter reports certain pricing information for its drugs and therapies to pharmaceutical industry pricing publications.

9. – 10.    Baxter denies the allegations in Paragraphs 9 and 10 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 9 and 10 as to the other parties.

11. – 12.   Plaintiff's "Best Price" claims against Baxter have been dismissed by Court Order. See Memorandum and Order (entered June 14, 2004). Accordingly, no answer to Paragraphs 11 and 12 is required and none is made.

13. – 21.   To the extent Paragraphs 13 – 21 of the SAC contain Plaintiff's characterizations of the action, no answer is required and none is made. Baxter denies the allegations in Paragraphs 13 - 21 of the SAC to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 13 - 21 as to the other parties. Baxter denies the existence of, or its participation in, any "AWP Inflation Scheme," "AWP Scheme," or any "Best Price Scheme" as alleged in Paragraphs 15 – 17, and 19 of the SAC.

22. – 23.   Baxter denies the allegations in Paragraphs 22 and 23 of the SAC to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 22 and 23 as to the other parties. Baxter denies the existence of, or its participation in, any "AWP Inflation Scheme" or any "Best Price Scheme" as alleged in Paragraph 23 of the SAC.

## II.

24. – 28.   Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 24 - 28 of the SAC.

29. – 30.   Baxter denies the allegations in Paragraphs 29 and 30 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 29 and 30 as to the other parties.

31. – 45.   The allegations in Paragraphs 31 - 45 of the SAC are directed to other defendants and require no response from Baxter. To the extent the allegations in Paragraphs 31 - 45 are directed at Baxter, they are denied.

46.   Baxter admits the allegations in Paragraph 46 of the SAC.

47.   Baxter admits the allegations in Paragraph 47 of the SAC.

48.   Baxter admits that it develops, manufactures, and sells drugs and therapies to treat cancer, trauma, hemophilia, immune deficiencies, infectious diseases, kidney disease and other disorders, and generally admits that net sales for 2000 were approximately $6.9 billion. Baxter denies the remaining allegations in Paragraph 48 of the SAC.

49.   Baxter admits that it Baxter manufactures some drugs that are reimbursed by the Montana Medicaid Program, none of which are named or otherwise identified in Paragraph 49 of the SAC. Baxter denies the remaining allegations in Paragraph 49 of the SAC.

50. – 111.   The allegations in Paragraphs 50 - 111 of the SAC are directed at other defendants and require no response from Baxter. To the extent the allegations in Paragraphs 50 - 111 are directed at Baxter, they are denied.

## III.

112. Baxter denies any characterization or inference resulting from the allegations in Paragraph 112 of the SAC to the extent that they are directed at Baxter. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 as to the other parties.

113 – 121. Baxter denies the allegations in Paragraphs 113 - 121 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 113 - 121 as to the other parties, and otherwise respectfully refers the Court to (1) THE KAISER FAMILY FOUNDATION, PRESCRIPTION DRUG TRENDS: A CHARTBOOK, (July 2000); (2) THE KAISER FAMILY FOUNDATION, PRESCRIPTION DRUG TRENDS: A CHARTBOOK UPDATE, (November 2001); and (3) THE KAISER FAMILY FOUNDATION, MEDICARE AND PRESCRIPTION DRUG FACT SHEET (April 2003) referenced therein, for a complete and accurate statement of their contents.

122. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 as to the other parties.

123. Baxter denies any characterization or inference resulting from the allegations in Paragraph 123 of the SAC to the extent that they are directed at Baxter. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 as to the other parties.

## IV.

124. – 141. The allegations in Paragraphs 124 – 141 of the SAC contain Plaintiff's self-serving conclusions and generalizations regarding the Prescription Drug

7

Market without specific, detailed factual allegations averred against Baxter. Accordingly, no answer is required and none is made. To the extent an answer is deemed to be required, Baxter denies the allegations in Paragraphs 124 - 141 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 124 - 141 as to the other parties, except to admit that (1) the term "wholesale acquisition cost" is defined in 42 U.S.C. § 1395w-3a (c)(6)(B); and (2) Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP. Baxter respectfully refers the Court to (1) THE KAISER FAMILY FOUNDATION, PRESCRIPTION DRUG TRENDS: A CHARTBOOK, (July 2000) referenced in Paragraph 130; (2) THE KAISER FAMILY FOUNDATION, PRESCRIPTION DRUG TRENDS: A CHARTBOOK, (July 2000) referenced in Paragraph 133; and (3) THE KAISER FAMILY FOUNDATION, PRESCRIPTION DRUG TRENDS: A CHARTBOOK, (July 2000) referenced in Paragraph 133 for a complete and accurate statement of their contents.

## V.

142. – 144.   Baxter admits the allegations in Paragraphs 142 through 144 of the SAC.

145.   Baxter denies the allegations in Paragraph 145, except to admit that Medicare Part B covered drugs are generally administered in a healthcare provider's office or other outpatient setting. Baxter respectfully refers the Court to CCH, 2003 MEDICARE EXPLAINED, ¶ 350 referenced therein, for a complete and accurate statement of its contents.

146. Baxter admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which is the best evidence of its contents.

147. Baxter denies the allegations in the first sentence of Paragraph 147 of the SAC insofar as the source of the quoted material is unidentified. Baxter denies the second sentence of Paragraph 147 of the SAC insofar as no authority or citation is provided for the statement that "it has been the AWP published in the *Red Book* or other compendia that has been used as a ceiling for Medicare reimbursement."

148. Baxter admits the allegations in Paragraph 148 of the SAC.

149. Baxter admits that the Medicare Program has publicly announced that it would use the AWP published in pharmaceutical industry pricing publications as the basis for reimbursement, and otherwise respectfully refers the Court to the Program Memo AB-99-63 referenced therein, for a complete and accurate statement of its contents.

150. Baxter respectfully refers the Court to the Program Memo AB-99-63 referenced therein, for a complete and accurate statement of its contents.

151. Baxter denies the allegations in Paragraph 151 of the SAC, except to admit that there are no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs, and to admit that Baxter reports certain pricing information for its drugs to pharmaceutical industry pricing publications.

152. – 153. Baxter admits the allegations in Paragraphs 152 and 153 of the SAC.

154. – 157. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 154 - 157 to the extent that they are

directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 154 - 157 as to the other parties. Baxter respectfully refers the Court to (1) BRIAN K. BRUEN, MEDICAID AND PRESCRIPTION DRUGS: AN OVERVIEW (October 2000) and (2) THE KAISER COMMISSION ON MEDICAID AND THE UNINSURED, MEDICAID FACTS: MEDICAID AND PRESCRIPTION DRUGS (October 2000) referenced therein, for a complete and accurate statement of their contents.

158. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 as to the other parties.

159. Baxter denies the allegations in Paragraph 159, except to admit that (1) the Montana Medicaid Program is administered by the Montana Department of Health and Human Services; (2) the Montana Medicaid Program covers some prescription drugs; and (3) 42 C.F.R. § 440.120 defines the term "prescribed drugs." Baxter respectfully refers the Court to 42 C.F.R. § 440.120 for a complete and accurate statement of its contents.

160. – 161. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 160 and 161 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 160 and 161 as to the other parties. Baxter respectfully refers the Court to R. SCHWALBERG, H. BELLAMY, M. GIFFIN, C. MILLER & S.S. WILLIAMS, OUTPATIENT PRESCRIPTION DRUG BENEFITS UNDER MEDICAID: DETAILED CASE STUDIES (October 2001) referenced therein, for a complete and accurate statement of its contents.

162. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 as to the other parties, except to admit that the reimbursement methodology for outpatient prescription drugs covered by the Montana Medicaid Program is set forth at Mont. Admin. R. 37.86.1101 *et seq.* Baxter respectfully refers the Court to MONTANA DEPARTMENT OF PUBLIC HEALTH & HUMAN SERVICES, PRESCRIPTION DRUG PROGRAM (May 2002) referenced therein, for a complete and accurate statement of its contents.

163. Baxter admits that Medicaid beneficiaries are generally responsible, for paying co-payments, though they are not necessarily required to do so. Baxter otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 as to the other parties.

### VI.

164. Baxter admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP.

165. Upon information and belief, Baxter admits the allegations in Paragraph 165 of the SAC.

166. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 as to the other parties, except to admit that

Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP.

167. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 as to the other parties, except to admit that pharmaceutical industry pricing publications periodically report, among other pricing benchmarks, AWPs for drugs sold in the United States.

168. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 as to the other parties, except to admit that pharmaceutical industry pricing publications periodically report, among other pricing benchmarks, AWPs for drugs sold in the United States, and otherwise respectfully refers the Court to the 1999 edition of the *Red Book* and the June 1996 Dow Jones News article referenced therein, as well as the Dey lawsuit referenced therein, for a complete and accurate statement of their contents.

169. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 as to the other parties.

170. - 171. Baxter denies that Plaintiff has accurately characterized in Paragraphs 170 and 171 of the SAC any alleged finding, opinion, statement or conclusion by the Department of Health and Human Services Office of the Inspector

General ("OIG"), or that such are applicable to Baxter, and otherwise respectfully refers the Court to the April 2003 report by the OIG referenced therein, for a complete and accurate statement of its contents.

172. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 as to the other parties.

## VII.

173. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 as to the other parties.

174. Baxter denies the allegations in Paragraph 174 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 as to the other parties. Baxter denies the existence of, and its participation in, any "AWP Inflation Scheme" as alleged in Paragraph 174 of the SAC.

175. Baxter denies the allegations in Paragraph 175 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 as to the other parties. Baxter denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 175 of the SAC.

176. Baxter admits that it has provided certain pricing information for its drugs to the *Red Book*, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 as to the other parties.

177. – 183. Baxter denies the allegations in Paragraphs 177 - 183 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 177 - 183 as to the other parties. Baxter denies the existence of, and its participation in, any "AWP Inflation Scheme" as alleged in Paragraph 177 of the SAC or "scheme" as alleged in Paragraphs 178 and 180.

184. – 185. Baxter denies the allegations in Paragraphs 184 and 185 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 184 and 185 as to the other parties.

186. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 of the SAC.

187. – 191. Baxter denies the allegations in Paragraphs 187 - 191 of the SAC to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 187 - 191 as to the other parties.

192. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192, and otherwise respectfully refers the Court to a statement by an unidentified "industry consultant" referenced therein, for a complete and accurate statement of its contents.

193. – 194. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 193 and 194 of the SAC.

195. Baxter denies the allegations in Paragraph 195 of the SAC to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 as to the other parties.

196. Baxter denies the allegations in Paragraph 196 to the extent that they are directed at Baxter, Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 as to the other parties, and otherwise respectfully refers the Court to the *Red Book* and the unidentified DOJ documents referenced therein, for a complete and accurate statement of their contents.-

197. – 200. Baxter denies the allegations in Paragraphs 197 - 200 of the SAC to the extent that they are directed at Baxter, Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 197 - 200 as to the other parties, and otherwise respectfully refers the Court to the Dey lawsuit referenced therein, for a complete and accurate statement of its contents.

201. Baxter denies the allegations in Paragraph 201 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 as to the other parties.

202. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 of the SAC.

203. – 207. Baxter denies the allegations in Paragraphs 203 – 207 of the SAC to the extent that they are directed at Baxter, and otherwise denies knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraphs 203 - 207 as to the other parties.

208. Baxter denies the allegations in Paragraph 208 of the SAC to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 as to the other parties.

209. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209, and otherwise respectfully refers the Court to the March 30, 2003 article from the Wall Street Journal referenced therein, for a complete and accurate statement of its contents.

210. Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 of the SAC as to the other parties. Baxter denies the remaining allegations in Paragraph 210.

211. – 212. Baxter denies any characterization or inference resulting from the allegations in Paragraphs 211 and 212 of the SAC to the extent that they are directed at Baxter. Baxter also denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 211 and 212 as to the other parties, and otherwise respectfully refers the Court to the September 28, 2000 letter referenced therein, for a complete and accurate statement of its contents. Baxter denies the existence of, and its participation in, any "scheme" cited in Paragraphs 211 and 212 of the SAC.

213. Baxter denies any characterization or inference resulting from the allegations in Paragraph 213 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 as to the other parties.

214. Baxter denies the allegations in Paragraph 214 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 as to the other parties.

215. Baxter denies the allegations in Paragraph 215 to the extent that they are directed at Baxter, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 as to the other parties.

216. – 295. The allegations in Paragraphs 216 - 295 of the SAC are directed at other defendants and require no response from Baxter. To the extent the allegations in Paragraph 216 - 295 require an answer, they are denied.

296. – 297. Baxter denies, and otherwise respectfully refers the Court to Appendix A of the SAC.

298. Baxter denies the allegations in Paragraph 298. Baxter denies any characterization or inference resulting from the Plaintiff's citation to the September 7, 1995 memorandum referenced therein. Baxter denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of the September 7, 1995 memorandum referenced therein, and otherwise respectfully refers the Court to the September 7, 1995 memorandum referenced therein, for a complete and accurate statement of its contents.

299. Baxter denies the allegations in Paragraph 299 to the extent that they are directed at Baxter, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 299 as to the other parties., and otherwise denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 299 of the SAC.