## UNITED STATES DISTRICT COURT FOR

## THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: O1-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*State of Montana v. Abbott Labs., Inc., et al.,*<br>D. Mont. Cause No. CV-02-09-H-DWM | |

## DEFENDANT ABBOTT LABORATORIES' ANSWER AND DEFENSES TO STATE OF MONTANA'S SECOND AMENDED COMPLAINT

Defendant Abbott Laboratories ("Abbott") hereby responds to the State of Montana's Second Amended Complaint (the "Complaint") in corresponding numbered paragraphs as follows:

### Preface

The Complaint improperly and repetitively refers to Abbott and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Abbott or other defendants or third parties. Intentionally ambiguous pleading is improper and insufficient to apprise Abbott in any meaningful sense of the allegations asserted against it. Abbott nevertheless attempts to respond to Plaintiff's allegations to the extent possible under the circumstances. In answering the Complaint, Abbott responds only for itself, even when Plaintiff's allegations refer to alleged conduct by Abbott and other persons or entities. To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of persons,

entities or defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

The Complaint improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully.  Many of the allegations of the Complaint are vague or conclusory.  The Complaint also includes terms which are undefined and which are susceptible of different meanings.

The Complaint contains purported quotations from a number of sources, many of which are unidentified.  If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, Abbott reserves the right to assert such privileges, hereby moves to strike such references and demands return of any such documents that Plaintiffs may have in their possession, custody or control.  In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Abbott specifically denies the existence of, or its participation in, any fraud, fraudulent scheme, conspiracy or enterprise.  Abbott further denies each and every allegation contained in the Complaint, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes or speculations which are contained in any averment or in the Complaint as a whole.  Moreover, Abbott specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered paragraphs in the Complaint.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## I.

1.      Abbott admits that Plaintiff seeks to bring this action as alleged in Paragraph 1 of the Complaint.  Abbott denies that Plaintiff is entitled to maintain this action in the manner alleged.  Abbott denies the remaining allegations in Paragraph 1 of the Complaint.

2.      To the extent the allegations in Paragraph 2 of the Complaint refer to stautory or regulatory programs, the statutes, regulations and other sources regarding those programs establish their contents, and any characterizations thereof are denied.  Abbott denies the remaining allegations in Paragraph 2 of the Complaint.

3-4.      The allegations in Paragraphs 3 and 4 of the Complaint contain Plaintiff's generalizations and self-serving conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraphs 3 and 4 of the Complaint and strict proof is demanded thereof.

5.      Abbott admits that Congress mandated that Medicare Part B reimbursement be based, in part, in certain circumstances, on AWP and that certain Medicaid programs and private insurance companies reimburse drugs based, in part, in certain circumstances, on AWP. Abbott denies the remaining allegations in Paragraph 5 of the Complaint.

6-10.      Denied.

11-12.      The Court dismissed Plaintiff's "Best Price" claims in its Order dated June 10, 2004.  Accordingly, Abbott does not respond to Paragraphs 11 through 12 of the Complaint.

13-17.      Denied.

18.       Abbott admits that Plaintiff purports to bring this action as alleged in Paragraph 18 of the Complaint, but Abbott denies that Plaintiff is entitled to maintain this action in the manner alleged.

19-20.    Denied.

21.       Abbott admits that Plaintiff purports to bring this action as alleged in Paragraph 21 of the Complaint, but Abbott denies that Plaintiff is entitled to maintain this action in the manner alleged.

22.       Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, therefore, denies those allegations.

23.       Abbott admits that Plaintiff purports to bring this action as alleged in Paragraph 23 of the Complaint, but Abbott denies that Plaintiff is entitled to maintain this action in the manner alleged.

## II.

24-28.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 24 through 28 of the Complaint, and, therefore, denies those allegations.

29.       Denied.

30.       Abbott admits that it conducted business in the State of Montana.

31.       Abbott admits that it is an Illinois corporation with its principal place of business at 100 Abbott Park Road, Abbott Park, Illinois.  Abbott further admits that among its diverse operations it discovers, develops, manufactures, and markets health care products and pharmaceuticals.  Abbott further admits that it reported revenues for the year 2000 of

approximately $13.7 billion and net earnings of $2.8 billion.  Abbott denies the remaining allegations in Paragraph 31 of the Complaint.

32.        Admitted.

33-111.    The allegations in Paragraphs 33 though 111 of the Complaint are directed to other defendants and require no response from Abbott.  To the extent the allegations in Paragraphs 33 through 111 of the Complaint are deemed to include allegations against Abbott, they are denied.

### III.

112.        The allegations in Paragraph 112 of the Complaint contain Plaintiff's generalizations and self-serving conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 112 of the Complaint and strict proof is demanded thereof.

113-122.    Abbott states that the publications cited in Paragraphs 113 through 122 of the Complaint establish their contents.  Abbott denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Abbott.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 113 through 122 of the Complaint, and, therefore, denies those allegations.

123.        Denied.

### IV.

124-141.    The allegations in Paragraphs 124 through 141 of the Complaint contain Plaintiff's generalizations and self-serving conclusions regarding the Prescription Drug Market without specific detailed factual allegations averred against Abbott, and thus no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraphs 124

through 141 of the Complaint and strict proof is demanded thereof.  Moreover, Abbott states that the publication cited in Paragraphs 124 through 141 of the Complaint establishes its content. Abbott denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Abbott.

**V.**

142-145.   Paragraphs 142 through 145 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott states that the statute and document cited in Paragraphs 142 through 145 of the Complaint establish their contents, and denies that Plaintiff has accurately characterized any conclusions that may be drawn from that document and statute.  Abbott denies the remaining allegations in Paragraphs 142 through 145 of the Complaint.

146.       Abbott admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth, in part, at 42 C.F.R. 405.517.  To the extent that Plaintiff purports to summarize or characterize 42 C.F.R. 405.517, Paragraph 146 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 146 of the Complaint.

147.       Paragraph 147 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Abbott admits that federal statutes and regulations set forth the payment methodology for drugs under Medicare Part B.  Abbott is without knowledge or information sufficient to form a belief as to the accuracy of the unattributed quotations in Paragraph 147 of the Complaint.  Abbott denies the remaining allegations in Paragraph 147 of the Complaint.

148.       Abbott admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth, in part, at 42 C.F.R. 405.517.  To the extent that Plaintiff purports to

summarize or characterize 42 C.F.R. 405.417, Paragraph 148 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 148 of the Complaint.

149-150.   Paragraphs 149 and 150 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott states that Program Memorandum AB-99-63 establishes its content, and denies that Plaintiff has accurately characterized any conclusion that may be drawn from it.  Abbott denies the remaining allegations in Paragraphs 149 and 150 of the Complaint.

151.      Abbott admits that there are no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs.  Abbott admits that it reports certain pricing information for its medicines to independently produced pricing publications.  Abbott denies the remaining allegations in Paragraph 151 of the Complaint.

152.      Paragraph 152 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Abbott admits that federal law governs the manner in which Medicare Part B reimburses medical providers for certain drugs.  Abbott is without knowledge or information sufficient to form a belief as to whether the summary of those laws set forth in Paragraph 152 of the Complaint is accurate in all instances.  Abbott denies the remaining allegations in Paragraph 152 of the Complaint.

153.      Admitted.

154-157.   Abbott states that the publications cited in Paragraphs 154 through 157 of the Complaint establish their contents.  Abbott is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraphs 154 through 157 of the Complaint, and, therefore, denies those allegations.

158.     Paragraph 158 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Abbott admits that federal and state law govern the manner in which certain low income individuals may be covered by both Medicare and Medicaid.  Abbott is without knowledge or information sufficient to form a belief as to whether the summary of those laws set forth in Paragraph 158 of the Complaint is accurate in all instances.  Abbott denies the remaining allegations in Paragraph 158 of the Complaint.

159.     Paragraph 159 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Abbott states that 42 C.F.R. 440.120 establishes its content.  Abbott is without knowledge or information sufficient to form a belief as to remaining allegations in Paragraph 159 of the Complaint and, therefore, denies those allegations.

160.     Abbott states that the publication cited in Paragraph 160 of the Complaint establishes its content.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 160 of the Complaint, and, therefore, denies those allegations.

161.     Abbott states that the publication cited in Paragraph 161 of the Complaint establishes its content.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 161 of the Complaint, and, therefore, denies those allegations.

162.     Paragraph 162 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Abbott states that the regulations and document cited in Paragraph 162 of the Complaint establish their contents, and denies that Plaintiffs have

accurately characterized any conclusions that may be drawn from those regulations and document. Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 162 of the Complaint, and therefore denies those allegations.

163.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the Complaint and, therefore, denies those allegations.

**VI.**

164.     Denied.

165.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 165 of the Complaint and, therefore, denies those allegations. Abbott admits the second sentence of Paragraph 165 of the Complaint. Abbott denies the third sentence of Paragraph 165 of the Complaint.

166.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 166 of the Complaint and, therefore, denies those allegations. Abbott denies the remaining allegations in Paragraph 166 of the Complaint.

167.     Abbott admits that certain pharmaceutical compendia publish certain pricing information. Abbott denies the remaining allegations in Paragraph 167 of the Complaint.

168.     Abbott states the documents cited in Paragraph 168 of the Complaint establish their contents. Abbott denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions stated in those documents, or that such are applicable to Abbott. Abbott denies the remaining allegations in Paragraph 168 of the Complaint.

169.     Denied.

170-171.   Abbott states that the April 2003 OIG report cited in Paragraphs 170 and 171 of the Complaint establishes its content.  Abbott denies that Plaintiff has accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to Abbott. Abbott denies the remaining allegations in Paragraphs 170 and 171 of the Complaint.

172.       Denied.

## VII.

173-175.   Denied.

176.       Abbott admits that at certain times it reported pricing information to various pharmaceutical compendia.  Abbott denies the remaining allegations in Paragraph 176 of the Complaint.

177-178.   Denied.

179.       Abbott admits that at certain times it reported pricing information to various pharmaceutical compendia.  Abbott denies the remaining allegations in Paragraph 179 of the Complaint.

180-186.   Denied.

187-188.   Paragraphs 187 and 188 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott states that the regulations cited in Paragraphs 187 and 188 of the Complaint establish their contents, and denies that Plaintiff has accurately characterized any conclusion that may be drawn from those regulations.

189.       Denied.

190.       Abbott denies the first two sentences of Paragraph 190 of the Complaint. Abbott admits that the third sentence of Paragraph 190 of the Complaint is generally consistent with certain laws and regulations establishing FULs for certain drugs.  Abbott is without knowledge or information sufficient to form a belief as to whether the third sentence of

Paragraph 190 of the Complaint accurately describes how Medicaid actually sets FULs or otherwise establishes payment amounts for any drugs and, therefore, denies the allegations in that sentence.  To the extent the allegations in Paragraph 190 of the Complaint suggest that Abbott "reports" or "raises" AWPs, they are also denied.

191.    Denied.

192.    Abbott is without knowledge or information sufficient to form a belief as to the accuracy of the unattributed quotation in Paragraph 192 of the Complaint.  Abbott denies the remaining allegations in Paragraph 192 of the Complaint.

193-194.   Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 193 and 194 of the Complaint and, therefore, denies those allegations.

195-196.   Denied.

197-200.   Abbott states that the Dey Complaint cited in Paragraphs 197 through 200 of the Complaint establishes its content.  Abbott denies that Plaintiff has accurately characterized any opinion, statement or conclusion in the Dey Complaint or that such are applicable to Abbott. Abbott denies the remaining allegations in Paragraphs 197 through 200 of the Complaint.

201-209.   Denied.

210.    Abbott admits that certain federal and state agencies have investigated marketing and pricing practices with respect to certain Medicare and Medicaid reimbursable products.  Abbott denies the remaining allegations in Paragraph 210 of the Complaint.

211-212.   Abbott states that the September 28, 2002, letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 211 and 212 of the Complaint establishes its content.  Abbott denies that Plaintiff has accurately

characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to Abbott.  Abbott denies the remaining allegations in Paragraphs 211 and 212 of the Complaint.

213.     Abbott admits that it has not been advised that the government investigations have been closed as of the date of the answer.  Abbott denies the remaining allegations in Paragraph 213 of the Complaint.

214.     Denied.

215-217.    Abbott admits that Plaintiff purports to seek relief for the drugs set forth in Appendix A and identified in Paragraphs 215 through 217 of the Complaint.  Abbott denies that Plaintiff is entitled to the relief sought in Paragraphs 215 through 217 of the Complaint.  Abbott denies the remaining allegations in Paragraph 215 through 217 of the Complaint.

218-219.    Denied.

220.     Abbott admits that the quoted language in Paragraph 220 of the Complaint is contained in an internal memorandum prepared by an Abbott employee.  Abbott denies the remaining allegations in Paragraph 220 of the Complaint.

221.     Abbott avers that part of the quoted language in Paragraph 221 of the Complaint is contained in a request for proposal prepared by GeriMed.  Abbott denies the remaining allegations in Paragraph 221 of the Complaint.

222.     Denied.

223.     Abbott admits that it produced price lists in response to certain government subpoenas.  Abbott denies the remaining allegations in Paragraph 223 of the Complaint.

224-225.    Abbott states that the documents cited in Paragraphs 224 and 225 of the Complaint establish their contents.  Abbott denies the remaining allegations in Paragraphs 224 and 225 of the Complaint.

226.    Denied.

227.    Abbott admits that certain federal and state agencies have investigated marketing and pricing practices with respect to certain Medicare and Medicaid reimbursable products.  Abbott denies the remaining allegations in Paragraph 227 of the Complaint.

228.    Abbott admits that Representative Pete Stark sent a letter to Abbott's Chief Executive Officer in October 2000, containing certain allegations and characterizations by Congressman Stark, including the language quoted in Paragraph 228 of the Complaint.  Abbott denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of Congressman Stark or that such are applicable to Abbott.  Abbott further denies the remaining allegations in Paragraph 228 of the Complaint.

229.    Abbott admits that the quoted language in Paragraph 229 of the Complaint is contained in a September 25, 2000 letter from Congressmen Bliley.  Abbott denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of Congressman Bliley, or that such are applicable to Abbott.  Abbott denies the remaining allegations in Paragraph 229 of the Complaint.

230.    Denied.

231.    Abbott admits that the quoted language in the second sentence of Paragraph 231 of the Complaint is contained in a February 9, 1996 faxed letter, but avers that the quote is incomplete.  Abbott denies the remaining allegations in Paragraph 231 of the Complaint.

232.        Abbott states that the DHHS Report cited in Paragraph 232 of the Complaint establishes its content.  Abbott denies the remaining allegations in Paragraph 232 of the Complaint.

233.        Abbott states that the document cited in Paragraph 233 of the Complaint establishes its content.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 of the Complaint and, therefore, denies those allegations.

234-602.    The allegations in Paragraphs 234 through 602 of the Complaint are directed to another defendant and require no response from Abbott.  To the extent allegations in Paragraphs 234 through 602 of the Complaint are deemed to include allegations against Abbott, they are denied.

## VIII.

603-634.    The Court dismissed Plaintiff's "Best Price" claims in its Order dated June 10, 2004.  Accordingly, Abbott does not respond to Paragraphs 603 through 634 of the Complaint.

## IX.

635.        Denied.

636.        Abbott states that the 2003 CMS document cited in Paragraph 636 of the AMCC establishes its content.  Abbott denies that Plaintiff has accurately characterized any alleged CMS finding, opinion, statement or conclusion.  Abbott admits that it sells its pharmaceuticals in a competitive market and, as such, takes steps to keep certain information relating to its pharmaceuticals confidential.  Abbott denies the remaining allegations in Paragraph 636 of the Complaint.

637-641.    Denied.

642-643.    The allegations in Paragraphs 642 and 643 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraphs 642 and 643 of the Complaint.

**X.**

644.       Abbott denies that patients have suffered damages or injuries as alleged in Paragraph 644 of the Complaint.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 644 of the Complaint.

645.       Denied.

646-648.    The allegations in Paragraphs 646 though 648 of the Complaint are directed to other defendants and require no response from Abbott.  To the extent the allegations in Paragraphs 646 through 648 of the Complaint are deemed to include allegations against Abbott, they are denied.

649.       Abbott is without information knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 649 of the Complaint. Abbott denies the remaining allegations in Paragraph 649 of the Complaint.

650.       Denied.

651.       The Court dismissed Plaintiff's "Best Price" claims in its Order dated June 10, 2004.  Accordingly, Abbott does not respond to Paragraph 651 of the Complaint.

652-653.    Denied.

**XI.**

**COUNT I**

654.       Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 653 of the Complaint.

655.     Abbott admits that Plaintiff purports to bring this action and to seek relief under Count I of the Complaint as alleged in Paragraph 655, but Abbott denies that Plaintiff is entitled to maintain this action as alleged or to any relief against Abbott under Count I.  Abbott further denies the remaining allegations in Paragraph 655 of the Complaint.

656-660.   The allegations in Paragraphs 656 through 660 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraphs 656 through 660 of the Complaint.

## COUNT II

661.     Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 660 of the Complaint.

662.     To the extent the allegations in Paragraph 662 of the Complaint refer to Plaintiff's "Best Price" claims dismissed in the Court's Order dated June 10, 2004, Abbott does not respond to Paragraph 662.  Abbott admits that Plaintiff purports to bring this action and to seek relief under Count II of the Complaint as alleged in Paragraph 662, but Abbott denies that Plaintiff is entitled to maintain this action as alleged or to any relief against Abbott under Count II.  Abbott denies the remaining allegations in Paragraph 662 of the Complaint.

663-667.   To the extent the allegations in Paragraph 663 through 667 of the Complaint refer to Plaintiff's "Best Price" claims dismissed in the Court's Order dated June 10, 2004, Abbott does not respond to Paragraphs 663 through 667.  Additionally, the allegations in Paragraphs 663 through 667 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraphs 663 through 667 of the Complaint.

## COUNT III

668-679.   The Court dismissed Count III in its Order dated June 10, 2004.  Accordingly, Abbott does not respond to Paragraphs 668 through 679 of the Complaint.

## COUNT IV

680-691.   The Court dismissed Count IV in its Order dated June 10, 2004.  Accordingly, Abbott does not respond to Paragraphs 680 through 691 of the Complaint.

## COUNT V

692.     Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 691 of the Complaint.

693.     The allegations in Paragraph 693 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 693 of the Complaint.

## UNNUMBERED "WHEREFORE" PARAGRAPHS AND REQUEST FOR JURY TRIAL

Abbott denies Plaintiff is entitled to a judgment or any other relief requested in their unnumbered "WHEREFORE" Paragraphs following each count in the Complaint or the unnumbered Paragraph following Paragraph 693 of the Complaint.

Listed below, Abbott has provided a list of defenses without assuming any burden of proof:

## FIRST DEFENSE

Plaintiff fails to state a claim against Abbott upon which relief may be granted.

## SECOND DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

## THIRD DEFENSE

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Abbott as alleged in the Complaint.

## FOURTH DEFENSE

To the extent Plaintiff or any of its citizens for whom it is seeking relief obtains recovery in any other case predicated on the same factual allegations, it is barred from seeking recovery against Abbott based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Montana.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff or any of its citizens for whom it is seeking relief has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

## SEVENTH DEFENSE

Any and all actions taken by Abbott with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## EIGHTH DEFENSE

Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation, the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## NINTH DEFENSE

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

## TENTH DEFENSE

Plaintiff's claims against Abbott are barred because Abbott has complied with all applicable regulations of the federal and state governments.

## ELEVENTH DEFENSE

Plaintiff's claims against Abbott are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because they violate Abbott's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Montana, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

## THIRTEENTH DEFENSE

Abbott's statements or actions were not the proximate cause or cause in fact of any injury or alleged loss.

## FOURTEENTH DEFENSE

Plaintiff fails to state with particularity facts to support the fraud allegations, and fails to plead with particularity the fraudulent concealment and multiple-source medicine allegations against Abbott contained in the Complaint.

## FIFTEENTH DEFENSE

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit, including but not limited to, Plaintiff's asserted status in *parens patriae* to recover Medicaid or Medicare expenditures or to seek injunctive relief.

## SIXTEENTH DEFENSE

Plaintiff fails to allege with particularity its civil conspiracy claims against Abbott as required by FED. R. CIV. P. 9(b).

## SEVENTEENTH DEFENSE

Plaintiff's claims against Abbott are barred because Abbott did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

## EIGHTEENTH DEFENSE

Plaintiff's claims against Abbott are barred, in whole or in part, because Abbott did not make any false statements to Plaintiff or any of the citizens for whom Plaintiff is seeking relief. As to any statement asserted against Abbott that Plaintiff alleges to be false or misleading, Abbott had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## NINETEENTH DEFENSE

Plaintiff's claims against Abbott are barred because Abbott did not directly or indirectly engage in any conduct in violation of state or federal law.

## TWENTIETH DEFENSE

Abbott denies that Plaintiff has valid consumer protection claims against Abbott under Montana state law.  However, if such claims are found to exist, Abbott pleads all available defenses under the applicable laws.

## TWENTY-FIRST DEFENSE

Any allegedly fraudulent statements or conduct of Abbott did not directly or proximately cause the alleged injuries as required under state consumer protection laws of Montana.

## TWENTY-SECOND DEFENSE

Abbott's conduct was not "deceptive" as required under Montana consumer protection laws.

## TWENTY-THIRD DEFENSE

To the extent that Plaintiff seeks equitable relief against Abbott, Plaintiff is not entitled to such relief because there is an adequate remedy at law.

## TWENTY-FOURTH DEFENSE

Plaintiff did not rely on the allegedly fraudulent statements or conduct of Abbott as required under the Montana consumer protection laws.

## TWENTY-FIFTH DEFENSE

Any allegedly fraudulent statement or conduct of Abbott was not consumer-oriented as required under the Montana consumer protection laws.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims against Abbott for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

## TWENTY-SEVENTH DEFENSE

Some or all of Plaintiff's claims for injunctive relief against Abbott are barred by the doctrines of *in pari delicto* and/or unclean hands.

## TWENTY-EIGHTH DEFENSE

Some or all of Plaintiff's claims against Abbott arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

## TWENTY-NINTH DEFENSE

Plaintiff's claims against Abbott are barred, in whole or in part, due to it failure to join indispensable parties.

## THIRTIETH DEFENSE

Plaintiff's claims against Abbott are barred, in whole or in part, because it suffered no damages as a result of the matters alleged in the Complaint.

## THIRTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

## THIRTY-SECOND DEFENSE

Plaintiff's claims against Abbott for damages are barred, in whole or in part, because: (1) Plaintiff failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Abbott; (2) Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that Plaintiff has received and paid for medicines manufactured, marketed and sold by

Abbott after the filing of Plaintiff's original Complaint; and (4) Plaintiff's claims are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### THIRTY-THIRD DEFENSE

Abbott is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries.

### THIRTY-FOURTH DEFENSE

The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiff from Abbott.

### THIRTY-FIFTH DEFENSE

Plaintiff fails to allege facts or a cause of action against Abbott sufficient to support a claim for attorneys' fees, double damages and/or legal fees.

### THIRTY-SIXTH DEFENSE

Plaintiff's punitive damages claims against Abbott:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Abbott; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Abbott prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Abbott's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Montana; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Abbott's due process and equal protection rights guaranteed by the Fifth and

Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and applicable state laws of Montana; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Abbott for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Abbott's medicines, would constitute impermissible multiple punishments for the same wrong in violation of Abbott's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law and statutory law of Montana; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Abbott's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and public policies of Montana; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Abbott the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Abbott's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law and public policies of Montana.

## THIRTY-SEVENTH DEFENSE

Plaintiff's claim for punitive damages against Abbott cannot be sustained because an award of punitive damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of Abbott; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Abbott's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law and public policies of Montana.

## THIRTY-EIGHTH DEFENSE

Plaintiff's claim for punitive damages against Abbott cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate Abbott's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Abbott's right not to be subjected to

an excessive award; and (3) be improper under the Constitution, common law and public policies of Montana.

## THIRTY-NINTH DEFENSE

Abbott adopts by reference any additional applicable defense pled by any other defendant in this case, not otherwise pled herein.

## FORTIETH DEFENSE

Abbott hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, Abbott prays that this Court:

1.      Dismiss the State of Montana's Second Amended Complaint with prejudice and enter judgment in favor of Abbott and against plaintiffs;

2.      Award Abbott its costs and expenses; and

3.      Grant such other and further relief for Abbott as this Court deems just and proper.

Respectfully Submitted,

Dated:  July 12, 2004

_____

James R. Daly
Toni-Ann Citera
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585


R. Christopher Cook
Jesse A. Witten
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

**_Counsel for Defendant_**
**_Abbott Laboratories_**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of July, 2004, a true and correct copy of DEFENDANT ABBOTT LABORATORIES' ANSWER AND DEFENSES TO STATE OF MONTANA'S SECOND AMENDED COMPLAINT was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

_____

Attorney for Defendant Abbott Laboratories