# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) |
| | MDL No. 1456 |
| | Civil Action No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| *State of Nevada  v. American Home Products Corp.., et al.*, D. Nev. Cause No. CV-N-02-0202-ECR | |

## SCHERING-PLOUGH CORPORATION'S ANSWER TO THE STATE OF NEVADA'S AMENDED COMPLAINT

Schering-Plough Corporation ("Schering-Plough") answers the State of Nevada's

Amended Complaint ("Amended Complaint") as follows:

1.      The allegations in paragraph 1 state legal conclusions as to which no answer is

required.  To the extent that an answer is required, Schering-Plough denies the allegations in

paragraph 1.

2.      Schering-Plough admits that it is a manufacturer of pharmaceutical products.  To

the extent the allegations of this Paragraph refer to statutory or regulatory programs, the statutes,

regulations and other sources regarding those programs speak for themselves.  To the extent that

the allegations in paragraph 2 refer to parties other than Schering-Plough, Schering-Plough is

without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations in paragraph 2.  Schering-Plough denies the remaining allegations in paragraph 2.

3.      The allegations in paragraph 3 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Schering-Plough denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Schering-Plough denies the allegations in paragraph 4.

5.      To the extent that the allegations in paragraph 5 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5.  Schering-Plough denies the remaining allegations in paragraph 5.

6.      To the extent that the allegations in paragraph 6 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6.  Schering-Plough admits that it reports certain pricing information for its medicines to pharmaceutical industry pricing publications.  Schering-Plough denies the remaining allegations in paragraph 6.

7.      To the extent that the allegations in paragraph 7 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7.  Schering-Plough denies the remaining allegations in paragraph 7.

8.      To the extent that the allegations in paragraph 8 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8.  Schering-Plough denies the remaining allegations in paragraph 8.

9.      To the extent that the allegations in paragraph 9 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9.  Schering-Plough denies the remaining allegations in paragraph 9.

10.      To the extent that the allegations in paragraph 10 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10.  Schering-Plough denies the remaining allegations in paragraph 10.

11.      Plaintiff's "Best Price" claims against Schering-Plough have been dismissed by Court Order.  Accordingly, no answer is required.

12.      Plaintiff's "Best Price" claims against Schering-Plough have been dismissed by Court Order.  Accordingly, no answer is required.

13.      To the extent that the allegations in paragraph 13 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13.  Schering-Plough denies the remaining allegations in paragraph 13.

14.      To the extent that the allegations in paragraph 14 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14.  Schering-Plough denies the remaining allegations in paragraph 14.

15.      To the extent that the allegations in paragraph 15 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in paragraph 15.  Schering-Plough denies the remaining allegations in paragraph 15.

16.      To the extent that the allegations in paragraph 16 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16.  Schering-Plough denies the remaining allegations in paragraph 16.

17.      To the extent that the allegations in paragraph 17 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17.  Schering-Plough denies the remaining allegations in paragraph 17.

18.      The allegations in paragraph 18 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Schering-Plough denies the allegations in paragraph 18.

19.      The allegations in paragraph 19 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Schering-Plough denies the allegations in paragraph 19.

20.      The allegations in paragraph 20 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Schering-Plough denies the allegations in paragraph 20.

21.      The allegations in paragraph 21 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Schering-Plough denies the allegations in paragraph 21.

22.     The allegations in paragraph 22 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Schering-Plough denies the allegations in paragraph 22.

23.     The allegations in paragraph 23 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Schering-Plough denies the allegations in paragraph 23.

24.     The allegations in paragraph 24 state legal conclusions as to which no answer is required.  To the extent the allegations in paragraph 24 refer to statutes, regulations or other documents, those sources speak for themselves.  To the extent that an answer is otherwise required, Schering-Plough denies the allegations in paragraph 24.

25.     To the extent that the allegations in paragraph 25 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25.  To the extent the allegations in paragraph 25 state legal conclusions as to which no answer is required, no answer is made.  To the extent that an answer is otherwise required, Schering-Plough denies the allegations in paragraph 25.

26.     To the extent that the allegations in paragraph 26 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26.  Schering-Plough otherwise admits that it transacted business in the State of Nevada.

27-64.  The allegations contained in paragraphs 27 through 64 refer to parties other than Schering-Plough.  To the extent the allegations contained in paragraphs 27 through 64 are deemed to include allegations against Schering-Plough, Schering-Plough denies the allegations.

65.     Schering-Plough admits the allegations in the first sentence of paragraph 65. Schering-Plough further admits that its revenues in 2001 totaled $9.8 billion.  Schering-Plough avers that it is a holding company that does not engage in the sale of products.  Schering-Plough otherwise admits the allegations in paragraph 65.

66.     Schering-Plough avers that Warrick Pharmaceuticals Corporation is a second-tier subsidiary of Schering-Plough.  Schering-Plough otherwise admits the allegations in paragraph 66.

67.     The allegations in paragraph 67 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Schering-Plough denies the allegations in paragraph 67.

68.     Schering-Plough admits the allegations contained in paragraph 68.

69-76.  The allegations contained in paragraphs 69 through 76 refer to parties other than Schering-Plough.  To the extent the allegations contained in paragraphs 69 through 76 are deemed to include allegations against Schering-Plough, Schering-Plough denies the allegations.

77.     The allegations in paragraph 77 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Schering-Plough denies the allegations in paragraph 77.

78-86.  To the extent that the allegations in paragraphs 78 through 86 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent that the allegations in paragraphs 78 through 86 refer to publications and other documents, those documents speak for themselves.  To the extent the allegations in paragraphs 78 through 86 state legal conclusions as

to which no answer is required, no answer is made.  To the extent that an answer is otherwise required, Schering-Plough denies the allegations in paragraphs 78 through 86.

87.      Schering-Plough is without information or belief as to the truth or falsity of the allegations contained in paragraph 87.  To the extent an answer is required, Schering-Plough denies the allegations in paragraph 87.

88.      The allegations in paragraph 88 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Schering-Plough denies the allegations in paragraph 88.

89-96.  The allegations in paragraphs 89 through 96 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraphs 89 through 96 refer to publications and other documents, those documents speak for themselves.

97.  The allegations in the first and third sentences of paragraph 97 state legal conclusions as to which no answer is required.  To the extent an answer is required, Schering-Plough denies the allegations in the first and third sentences of paragraph 97.  Schering-Plough denies the allegations in the second sentence of paragraph 97.

98-100.  The allegations in paragraphs 98 through 100 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraphs 98 through 100 refer to publications or other documents, those documents speak for themselves.

101-102.  Schering-Plough is without information or belief as to the truth or falsity of the allegations contained in paragraphs 101 and 102.  To the extent an answer is required, Schering-Plough denies the allegations in paragraphs 101 and 102.

103-105.  The allegations in paragraphs 103 through 105 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraphs 103 through 105 refer to publications and other documents, those documents speak for themselves.

106.  Schering-Plough is without information or belief as to the truth or falsity of the allegations contained in paragraph 106.  To the extent an answer is required, Schering-Plough denies the allegations in paragraph 106.

107-109.  Schering-Plough admits the allegations in paragraphs 107 through 109.

110.    To the extent that the allegations in paragraph 110 refers to a publication entitled "Medicare Explained," that documents speaks for itself.  Schering-Plough is otherwise without information or belief as to the truth or falsity of the allegations contained in paragraph 110.

111.    Schering-Plough admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which speaks for itself.

112.    To the extent the allegations in the first sentence of paragraph 112 are based on an unnamed source, Schering-Plough is without information or belief as the to the truth or falsity of those allegations.  Schering-Plough otherwise admits that providers of Medicare- and Medicaid-covered products have historically been reimbursed based on AWP published in certain industry compendia.

113.    Schering-Plough admits the allegations contained in paragraph 113.

114.    Schering-Plough admits the allegations contained in the first sentence of paragraph 114.  The allegations contained in the second sentence of paragraph 114 are based on a document, Program Memorandum AB-99-63, which speaks for itself.

115.    The allegations contained in paragraph 115 are based on a document, Program Memorandum AB-99-63, which speaks for itself.

116.    Schering-Plough admits that it reports certain pricing information for their medicines to pharmaceutical industry pricing publications.   To the extent that the allegations in paragraph 116 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Schering-Plough otherwise denies the allegations contained in paragraph 116.

117-118.   Schering-Plough admits the allegations contained in paragraphs 117 and 118.

119-122.   To the extent the allegations contained in paragraphs 119 through 122 refer to publications and other sources, those documents speak for themselves.   Schering-Plough otherwise denies the allegations in contained in paragraphs 119 through 122.

123.    To the extent paragraph 123 is based on statutes, regulations or other sources, those documents speak for themselves.   Schering-Plough otherwise admits the allegations contained in paragraph 123.

124.    To the extent paragraph 124 is based on statutes, regulations or other sources, those documents speak for themselves.   Schering-Plough otherwise admits the allegations contained in paragraph 124.

125.    Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 125.

126.    To the extent the allegations contained in paragraph 126 are based on statutes, regulations, publications, or other sources, those documents speak for themselves.   Schering-Plough otherwise denies the allegations contained in paragraph 126.

127.    The allegations in paragraph 127 state legal conclusions as to which no answer is required.   To the extent that an answer is required, Schering-Plough denies the allegations in paragraph 127.

128.     Upon information and belief, Schering-Plough admits the allegations contained in the first two sentences of paragraph 128.  Schering-Plough otherwise denies the allegations contained in paragraph 128.

129.     To the extent that the allegations in paragraph 129 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Schering-Plough otherwise denies the allegations contained in paragraph 129.

130.     Schering-Plough admits the allegations contained in paragraph 130.

131.     To the extent that the allegations in paragraph 131 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent that the allegations in paragraph 131  refer to publications and other documents, those documents speak for themselves. Schering-Plough otherwise denies the allegations contained in paragraph 131.

132.     Schering-Plough denies the allegations contained in paragraph 132.

133-134.  The April 2003 OIG report cited in Paragraphs 133 through 134 speaks for itself.  Schering-Plough otherwise denies the allegations contained in paragraphs 133 through 134.

135-138.  Schering-Plough denies the allegations contained in paragraphs 135-138.

139.     Schering-Plough admits that it reports certain pricing information for their medicines to pharmaceutical industry pricing publications.  To the extent that the allegations in paragraph 139 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

140-147.   To the extent that the allegations in paragraphs 140 through 147 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Schering-Plough otherwise denies the allegations contained in paragraphs 140 through 147.

148.   Schering-Plough denies the allegations contained in paragraph 148.

149.   To the extent that the allegations in paragraph 149 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Schering-Plough otherwise denies the allegations contained in paragraph 149.

150.   To the extent that the allegations in paragraph 150 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent that the allegations in paragraph 150 refer to a federal regulation, that document speaks for itself.  Schering-Plough otherwise denies the allegations contained in paragraph 150.

151.   Schering-Plough states that the allegations contained in paragraph 151 are based on statutes and regulations, which speak for themselves.

152.   To the extent that the allegations in paragraph 152 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Schering-Plough otherwise denies the allegations contained in paragraph 152.

153.   To the extent that the allegations in paragraph 153 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a

belief as to the truth or falsity of those allegations.  Schering-Plough otherwise denies the allegations contained in paragraph 153.

154.    To the extent that the allegations in paragraph 154 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Schering-Plough otherwise denies the allegations contained in paragraph 154.

155.    Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 155, including the identity of the unnamed "industry consultant" referenced therein.

156.    Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 156.

157.    Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 157.

158.    To the extent that the allegations in paragraph 158 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Schering-Plough otherwise denies the allegations contained in paragraph 158.

159-163.  To the extent that the allegations in paragraphs 159 through 163 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  The documents cited in paragraphs 159 through 163 speak for themselves.  Schering-Plough otherwise denies the allegations contained in paragraphs 159 through 163.

164-171.  To the extent that the allegations in paragraphs 164 through 171 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Schering-Plough otherwise denies the allegations contained in paragraphs 164 through 171.

172.     To the extent that the allegations in paragraph 172 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  The document cited in paragraph 172 speaks for itself.  Schering-Plough otherwise denies the allegations contained in paragraph 172.

173.     Schering-Plough admits that the DOJ and the OIG have been investigating Schering-Plough, among others, for practices relating to the calculation of AWP.  Schering-Plough further admits that the United States House of Representatives Committee on Commerce has made requests for documents and information relating to AWP, to which Schering-Plough has responded.  To the extent that the allegations in paragraph 173 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 173.  Schering-Plough otherwise denies the remaining allegations in paragraph 173.

174-175.  To the extent that the allegations in paragraphs 174 through 175 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 174 through 175.  Schering-Plough states that the letter cited in paragraphs 174 through 175 speaks for itself.

176.     Schering-Plough admits that the DOJ and the OIG have been investigating Schering-Plough, among others, for practices relating to the calculation of AWP.  Schering-Plough further admits that the United States House of Representatives Committee on Commerce

has made requests for documents and information relating to AWP, to which Schering-Plough has responded.  To the extent that the allegations in paragraph 176 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 176.  Schering-Plough otherwise denies the remaining allegations in paragraph 176.

177-178.  To the extent that the allegations in paragraphs 177 through 178 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 177 through 178.  Schering-Plough otherwise denies the remaining allegations in paragraphs 177 through 178.

179-332.  The allegations contained in paragraphs 179 through 332 refer to parties other than Schering-Plough.  To the extent the allegations contained in paragraphs 179 through 332 are deemed to include allegations against Schering-Plough, Schering-Plough denies the allegations.

333.  Schering-Plough denies the allegations contained in paragraph 333.

334.  Schering-Plough denies the allegations contained in paragraph 334.

335.  Schering-Plough admits that it communicates with industry compendia concerning AWP for its products.  Schering-Plough avers that the document referenced in the second sentence of paragraph 335 speaks for itself.  Schering-Plough denies the remaining allegations in paragraph 335.

336.  Schering-Plough denies the allegations contained in paragraph 336.

337.  The document referenced in the second sentence of paragraph 337 speaks for itself.  Schering-Plough denies the remaining allegations in paragraph 337.

338.  The document referenced in the second sentence of paragraph 338 speaks for itself.  Schering-Plough denies the remaining allegations in paragraph 338.

339.     The documents referenced in paragraph 339 speak for themselves.  Schering-Plough denies the remaining allegations in paragraph 339.

340.     Schering-Plough admits that the published AWPs for most of its drugs were higher than the actual prices provided to wholesalers.  To the extent that the allegations in paragraph 340 refer to specific documents, those documents speak for themselves.

341.     The documents referenced in paragraph 341 speak for themselves.  Schering-Plough denies the remaining allegations in paragraph 341.

342.     The documents referenced in paragraph 342 speak for themselves.  Schering-Plough denies the remaining allegations in paragraph 342.

343.     Schering-Plough denies the allegations contained in paragraph 343.

344.     Schering-Plough admits that it has been investigated by the Department of Justice, the Texas Attorney General, the West Virginia Attorney General, California Attorney General, the California Attorney General, the California Bureau of Medi-Cal Fraud and Elder Abuse, the Department of Health and Human Services Office of Inspector General, and the United States Attorney for the District of Massachusetts for practices relating to the calculation of AWP.  Schering-Plough otherwise denies the remaining allegations in paragraph 344.

345.     Schering-Plough admits the allegations in first sentence of paragraph 345.  Schering-Plough states that the documents cited in paragraph 345 speak for themselves.  Schering-Plough denies the remaining allegations of paragraph 345.

346.     Schering-Plough states that the document cited in paragraph 346 speaks for itself.  Schering-Plough otherwise denies the allegations in paragraph 346.

347.     Schering-Plough admits that the West Virginia Attorney General filed suit against Schering-Plough.  Schering-Plough avers that the complaint, a writing, speaks for itself.

348-350.  The documents referenced in paragraphs 348 through 350 speak for themselves.  Schering-Plough denies the remaining allegations in paragraphs 348 through 350.

351-382.  The allegations contained in paragraphs 351 through 382 refer to parties other than Schering-Plough.  To the extent the allegations contained in paragraphs 351 through 382 are deemed to include allegations against Schering-Plough, Schering-Plough denies the allegations.

383-403.  Plaintiff's "Best Price" claims against Schering-Plough have been dismissed by Court Order.  Accordingly, no response is required.

404.     To the extent that the allegations in paragraph 404 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Schering-Plough otherwise denies the allegations contained in paragraph 404.

405.     To the extent that the allegations in paragraph 405 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  The document cited in paragraph 405 speaks for itself.  Schering-Plough otherwise denies the allegations contained in paragraph 405.

406-409.  To the extent that the allegations in paragraphs 406 through 409 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Schering-Plough otherwise denies the allegations contained in paragraphs 406 through 409.

410.     Schering-Plough denies the allegations contained in paragraph 410.

411-412.  To the extent that the allegations contained in paragraphs 411 through 412 state legal conclusions, no answer is required.  To the extent that the allegations in paragraphs 411 through 412 refer to parties other than Schering-Plough, Schering-Plough is without knowledge

or information sufficient to form a belief as to the truth or falsity of those allegations. Schering-Plough otherwise denies the allegations contained in paragraphs 411 through 412.

413.    Schering-Plough denies the allegations contained in paragraph 413.

414.    To the extent the allegations in paragraph 414 state legal conclusions, no response is required. Schering-Plough is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 414.

415-417.  To the extent the allegations in paragraph 415 through 417 state legal conclusions, no response is required. Schering-Plough otherwise denies the allegations contained in paragraphs 415 through 417.

418-419.  To the extent that the allegations in paragraphs 418 through 419 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Schering-Plough otherwise denies the allegations contained in paragraphs 418 through 419.

420.    Plaintiff's "Best Price" claims against Schering-Plough have been dismissed by Court Order. Accordingly, no response is required.

421-422.  To the extent that the allegations in paragraphs 421 through 422 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Schering-Plough otherwise denies the allegations contained in paragraphs 421 through 422.

423.    Schering-Plough reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

424.    Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 424.

425.    The allegations in contained paragraph 425 state legal conclusions as to which no answer is required.

426-429.  To the extent that the allegations in paragraphs 426 through 429 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 426 through 429. Schering-Plough otherwise denies the allegations in paragraphs 426 through 429.

Schering-Plough denies the allegations contained in the unnumbered paragraph following paragraph 429 and opposes all relief requested therein.

430.    Schering-Plough reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

431.    Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 431.

432.    The allegations in contained paragraph 432 state legal conclusions as to which no answer is required.

433-436.  To the extent that the allegations in paragraphs 433 through 436 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 433 through 436. Schering-Plough otherwise denies the allegations in paragraphs 433 through 436.

Schering-Plough denies the allegations contained in the unnumbered paragraph following paragraph 436 and opposes all relief requested therein.

437.    Schering-Plough reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

438.     Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 438.

439.     The allegations in contained paragraph 439 state legal conclusions as to which no answer is required.

440-443.  To the extent that the allegations in paragraphs 440 through 443 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 440 through 443. Schering-Plough otherwise denies the allegations in paragraphs 440 through 443

444-466.  Plaintiff's "Racketeering" claims against Schering-Plough have been dismissed by Court Order.  Accordingly, no response is required.

467-477.  Plaintiff's "Best Price" claims against Schering-Plough have been dismissed by Court Order.  Accordingly, no response is required.

478.     Schering-Plough reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

479.     To the extent that the allegations in paragraph 479 refer to parties other than Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 479.  Schering-Plough otherwise denies the allegations in paragraph 479.

Schering-Plough denies the allegations contained in the unnumbered paragraph following paragraph 479 and opposes all relief requested therein.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof of such defenses that it would not otherwise have,

Schering-Plough asserts the following defenses:

### First Defense

Plaintiff fails to state a claim against Schering-Plough upon which relief may be granted.

### Second Defense

Some or all of Plaintiff's claims are barred, in whole or in part, by the political question

and separation of powers doctrines.

### Third Defense

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or

cognizable interest by reason of the conduct of Schering-Plough as alleged in the Complaint.

### Fourth Defense

To the extent Plaintiff or any of its citizens for whom it is seeking relief obtains recovery

in any other case predicated on the same factual allegations, it is barred from seeking recovery

against Schering-Plough based on the Complaint pursuant to the doctrines of res judicata and

collateral estoppel and the prohibition on double recovery for the same injury.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the

United States Constitution and the analogous provisions of the Constitution of the State of

Nevada.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff or any of its

citizens for whom it is seeking relief has released, settled, entered into an accord and satisfaction

or otherwise compromised its claims.

## Seventh Defense

Any and all actions taken by Schering-Plough with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## Eighth Defense

Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation, the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## Ninth Defense

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

## Tenth Defense

Plaintiff's claims against Schering-Plough are barred because Schering-Plough has complied with all applicable regulations of the federal and state governments.

## Eleventh Defense

Plaintiff's claims against Schering-Plough are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## Twelfth Defense

Plaintiff's claims are barred, in whole or in part, because they violate Schering-Plough's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Nevada, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Thirteenth Defense

Schering-Plough's statements or actions were not the proximate cause or cause in fact of any injury or alleged loss.

### Fourteenth Defense

Plaintiff fails to state with particularity facts to support the fraud allegations, and fails to plead with particularity the fraudulent concealment and multi-source medicine allegations against Schering-Plough contained in the Complaint.

### Fifteenth Defense

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit, including but not limited, to Plaintiff's asserted status in *parens patriae* to recover Medicaid or Medicare expenditures or to seek injunctive relief.

### Sixteenth Defense

Plaintiff fails to allege with particularity its civil conspiracy claims against Schering-Plough as required by FED. R. CIV. P. 9(b).

### Seventeenth Defense

Plaintiff's claims against Schering-Plough are barred because Schering-Plough did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

### Eighteenth Defense

Plaintiff's claims against Schering-Plough are barred, in whole or in part, because Schering-Plough did not make any false statements to Plaintiff or any of the citizens for whom Plaintiff is seeking relief.  As to any statement asserted against Schering-Plough that Plaintiff alleges to be false or misleading, Schering-Plough had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

**Nineteenth Defense**

Plaintiff's claims against Schering-Plough are barred because Schering-Plough did not directly or indirectly engage in any conduct in violation of state or federal law.

**Twentieth Defense**

Schering-Plough denies that Plaintiff has valid consumer protection claims against Schering-Plough under Nevada state law.  However, if such claims are found to exist, Schering-Plough pleads all available defenses under the applicable laws.

**Twenty-First Defense**

Any allegedly fraudulent statements or conduct of Schering-Plough did not directly or proximately cause the alleged injuries as required under state consumer protection laws of Nevada.

**Twenty-Second Defense**

Schering-Plough's conduct was not "deceptive" as required under Nevada consumer protection laws.

**Twenty-Third Defense**

To the extent that Plaintiff seeks equitable relief against Schering-Plough, Plaintiff is not entitled to such relief because there is an adequate remedy at law.

**Thirtieth Defense**

Plaintiff did not rely on the allegedly fraudulent statements or conduct of Schering-Plough as required under the Nevada consumer protection laws.

**Thirty-First Defense**

Any allegedly fraudulent statement or conduct of Schering-Plough was not consumer-oriented as required under the Nevada consumer protection laws.

### Thirty-Second Defense

Plaintiff's claims against Schering-Plough for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Thirty-Third Defense

Some or all of Plaintiff's claims for injunctive relief against Schering-Plough are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-Fourth Defense

Some or all of Plaintiff's claims against Schering-Plough arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

### Thirty-Fifth Defense

Plaintiff's claims against Schering-Plough are barred, in whole or in part, due to its failure to join indispensable parties.

### Thirty-Sixth Defense

Plaintiff's claims against Schering-Plough are barred, in whole or in part, because it suffered no damages as a result of the matters alleged in the Complaint.

### Thirty-Seventh Defense

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

### Thirty-Eighth Defense

Plaintiff's claims against Schering-Plough for damages are barred, in whole or in part, because:  (1) Plaintiff failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists,

attributable to Schering-Plough; (2) Plaintiff would be unjustly enriched if allowed to recover

any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or

ratification to the extent that Plaintiff has received and paid for medicines manufactured,

marketed and sold by Schering-Plough after the filing of Plaintiff's original Complaint; and

(4) Plaintiff's claims are speculative and remote and because of the impossibility of ascertaining

and allocating those alleged damages.

### Thirty-Ninth Defense

Schering-Plough is entitled to a set-off – should any damages be awarded against it – for

the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the

same alleged injuries.

### Fortieth Defense

The applicable statutory ceilings on recoverable damages must limit any damages

recovered by Plaintiff from Schering-Plough.

### Forty-First Defense

Plaintiff fails to allege facts or a cause of action against Schering-Plough sufficient to

support a claim for attorneys' fees, treble damages and/or legal fees.

### Forty-Second Defense

Plaintiff's punitive damages claims against Schering-Plough:  (1) have no basis in law or

fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to

support a claim for punitive damages against Schering-Plough; (3) cannot be sustained because

laws regarding the standards for determining liability for and the amount of punitive damages

fail to give Schering-Plough prior notice of the conduct for which punitive damages may be

imposed and the severity of the penalty that may be imposed and are void for vagueness in

violation of Schering-Plough's due process rights guaranteed by the Fifth and Fourteenth

Amendments to the United States Constitution and the Constitution of the State of Nevada;
(4) cannot be sustained because any award of punitive damages exceeding the limits authorized
by the laws or other comparable laws would violate Schering-Plough's due process and equal
protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States
Constitution and would be improper under the Constitution, common law and applicable state
laws of Nevada; (5) cannot be sustained because an award of punitive damages in this case,
combined with any prior, contemporaneous, or subsequent judgments against Schering-Plough
for punitive damages arising from the design, development, manufacture, fabrication,
distribution, supply, marketing, sale, or use of Schering-Plough's medicines, would constitute
impermissible multiple punishments for the same wrong in violation of Schering-Plough's due
process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the
United States Constitution and would constitute double jeopardy in violation of the Constitution,
common law and statutory law of Nevada; (6) cannot be sustained because any award of punitive
damages without the apportionment of the award separately and severally between or among the
alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by
each alleged tortfeasor, would violate Schering-Plough's due process and equal protection rights
guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would
be improper under the Constitution, common law and public policies of Nevada; and (7) cannot
be sustained because any award of punitive damages, which are penal in nature, without
according Schering-Plough the same protections that are accorded to all criminal defendants,
including the protection against unreasonable searches and seizures, the privilege against self-
incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective
assistance of counsel, would violate Schering-Plough's rights guaranteed by the Fourth, Fifth,

and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law and public policies of Nevada.

### Forty-Third Defense

Plaintiff's claim for punitive damages against Schering-Plough cannot be sustained because an award of punitive damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of Schering-Plough; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Schering-Plough's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law and public policies of Nevada.

### Forty-Fourth Defense

Plaintiff's claim for punitive damages against Schering-Plough cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a

maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate Schering-Plough's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Schering-Plough's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law and public policies of Nevada.

### Forty-Fifth Defense

Plaintiff's fraud-based claims and plaintiff's claims of fraudulent concealment are barred because Plaintiff knew or should have known for more than a decade before the filing of the complaint that published AWPs do not represent actual averages of the prices at which providers or pharmacies are able to purchase drugs.

### Forty-Sixth Defense

Schering-Plough adopts by reference any additional applicable defense pled by any other defendant in the companion cases consolidated for discovery by this Court, not otherwise pled herein.

### Forty-Seventh Defense

Schering-Plough hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, Schering-Plough prays that this Court:

1.      Dismiss the State of Nevada's Amended Complaint with prejudice and enter

judgment in favor of Schering-Plough and against plaintiff;

2.      Award Schering-Plough its costs and expenses; and

3.      Grant such other and further relief for Schering-Plough as this Court deems just

and proper.

> Schering-Plough Corporation
> By their attorneys,
>
> /s/ John T. Montgomery
> John T. Montgomery (BBO#352220)
>  jmontgomery@ropesgray.com
> Brien T. O'Connor (BBO#546767)
>  boconnor@ropesgray.com
> Crystal D. Talley (BBO#546767)
>  ctalley@ropesgray.com
> John R. Therien (BBO#651185)
>  jtherien@ropesgray.com
> Ropes & Gray LLP
> One International Place
> Boston, Massachusetts 02110-2624
> (617) 951-7000

Dated:  July 12, 2004

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 12, 2004, I caused a true and correct copy of Schering-Plough Corporation's Answer to the State of Nevada's Amended Complaint to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ John R. Therien_____

John R. Therien