## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) | |
| IN RE PHARMACEUTICAL INDUSTRY ) | |
| AVERAGE WHOLESALE PRICE ) | |
| LITIGATION ) | |
| ) | MDL No. 1456 |
| ) | |
| ) | Civil Action No. 01-CV-12257-PBS |
| ) | |
| THIS DOCUMENT RELATES TO: ) | Judge Patti B. Saris |
| ) | |
| *State of Nevada  v. American Home Products* ) | |
| *Corp.., et al.,* ) | |
| D. Nev. Cause No. CV-N-02-0202-ECR ) | |
| ) | |

## WARRICK PHARMACEUTICALS CORPORATION'S ANSWER TO THE STATE OF NEVADA'S AMENDED COMPLAINT

Warrick Pharmaceuticals Corporation ("Warrick") answers the State of Nevada's Amended Complaint ("Amended Complaint") as follows:

1.      The allegations in paragraph 1 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in paragraph 1.

2.      Warrick admits that it is a manufacturer of pharmaceutical products.  To the extent the allegations of this Paragraph refer to statutory or regulatory programs, the statutes, regulations and other sources regarding those programs speak for themselves.  To the extent that the allegations in paragraph 2 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2.  Warrick denies the remaining allegations in paragraph 2.

3.      The allegations in paragraph 3 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in paragraph 4.

5.      To the extent that the allegations in paragraph 5 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5.  Warrick denies the remaining allegations in paragraph 5.

6.      To the extent that the allegations in paragraph 6 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6.  Warrick admits that it reports certain pricing information for its medicines to pharmaceutical industry pricing publications.  Warrick denies the remaining allegations in paragraph 6.

7.      To the extent that the allegations in paragraph 7 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7.  Warrick denies the remaining allegations in paragraph 7.

8.      To the extent that the allegations in paragraph 8 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8.  Warrick denies the remaining allegations in paragraph 8.

9.      To the extent that the allegations in paragraph 9 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9.  Warrick denies the remaining allegations in paragraph 9.

10.     To the extent that the allegations in paragraph 10 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10.  Warrick denies the remaining allegations in paragraph 10.

11.     Plaintiff's "Best Price" claims against Warrick have been dismissed by Court Order.  Accordingly, no answer is required.

12.     Plaintiff's "Best Price" claims against Warrick have been dismissed by Court Order.  Accordingly, no answer is required.

13.     To the extent that the allegations in paragraph 13 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13.  Warrick denies the remaining allegations in paragraph 13.

14.     To the extent that the allegations in paragraph 14 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14.  Warrick denies the remaining allegations in paragraph 14.

15.     To the extent that the allegations in paragraph 15 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15.  Warrick denies the remaining allegations in paragraph 15.

16.     To the extent that the allegations in paragraph 16 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in paragraph 16.  Warrick denies the remaining allegations in paragraph 16.

17.     To the extent that the allegations in paragraph 17 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17.  Warrick denies the remaining allegations in paragraph 17.

18.     The allegations in paragraph 18 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in paragraph 18.

19.     The allegations in paragraph 19 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in paragraph 19.

20.     The allegations in paragraph 20 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in paragraph 20.

21.     The allegations in paragraph 21 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in paragraph 21.

22.     The allegations in paragraph 22 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in paragraph 22.

23.     The allegations in paragraph 23 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in paragraph 23.

24.     The allegations in paragraph 24 state legal conclusions as to which no answer is required.  To the extent the allegations in paragraph 24 refer to statutes, regulations or other documents, those sources speak for themselves.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraph 24.

25.     To the extent that the allegations in paragraph 25 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25.  To the extent the allegations in paragraph 25 state legal conclusions as to which no answer is required, no answer is made.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraph 25.

26.     To the extent that the allegations in paragraph 26 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26.  Warrick otherwise admits that it transacted business in the State of Nevada.

27-64.  The allegations contained in paragraphs 27 through 64 refer to parties other than Warrick.  To the extent the allegations contained in paragraphs 27  through 64 are deemed to include allegations against Warrick, Warrick denies the allegations.

65.     Warrick admits the allegations in the first sentence of paragraph 65.  Warrick further admits that Schering-Plough Corporation's revenues in 2001 totaled $9.8 billion. Warrick avers that Schering-Plough Corporation is a holding company that does not engage in the sale of products.  Warrick otherwise admits the allegations in paragraph 65.

66.     Warrick avers that Warrick Pharmaceuticals Corporation is a second-tier subsidiary of Schering-Plough Corporation.  Warrick otherwise admits the allegations in paragraph 66.

67.     The allegations in paragraph 67 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in paragraph 67.

68.     Warrick admits the allegations contained in paragraph 68.

69-76.  The allegations contained in paragraphs 69 through 76 refer to parties other than Warrick.  To the extent the allegations contained in paragraphs 69 through 76 are deemed to include allegations against Warrick, Warrick denies the allegations.

77.     The allegations in paragraph 77 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in paragraph 77.

78-86.  To the extent that the allegations in paragraphs 78 through 86 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent that the allegations in paragraphs 78 through 86 refer to publications and other documents, those documents speak for themselves.  To the extent the allegations in paragraphs 78 through 86 state legal conclusions as to which no answer is required, no answer is made.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraphs 78 through 86.

87.     Warrick is without information or belief as to the truth or falsity of the allegations contained in paragraph 87.  To the extent an answer is required, Warrick denies the allegations in paragraph 87.

88.     The allegations in paragraph 88 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in paragraph 88.

89-96.  The allegations in paragraphs 89 through 96 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraphs 89 through 96 refer to publications and other documents, those documents speak for themselves.

97.  The allegations in the first and third sentences of paragraph 97 state legal conclusions as to which no answer is required.  To the extent an answer is required, Warrick denies the allegations in the first and third sentences of paragraph 97.  Warrick denies the allegations in the second sentence of paragraph 97.

98-100.  The allegations in paragraphs 98 through 100 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraphs 98 through 100 refer to publications or other documents, those documents speak for themselves.

101-102.  Warrick is without information or belief as to the truth or falsity of the allegations contained in paragraphs 101 and 102.  To the extent an answer is required, Warrick denies the allegations in paragraphs 101 and 102.

103-105.  The allegations in paragraphs 103 through 105 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraphs 103 through 105 refer to publications and other documents, those documents speak for themselves.

106.  Warrick is without information or belief as to the truth or falsity of the allegations contained in paragraph 106.  To the extent an answer is required, Warrick denies the allegations in paragraph 106.

107-109.  Warrick admits the allegations in paragraphs 107 through 109.

110.    To the extent that the allegations in paragraph 110 refers to a publication entitled "Medicare Explained," that documents speaks for itself.  Warrick is otherwise without information or belief as to the truth or falsity of the allegations contained in paragraph 110.

111.    Warrick admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which speaks for itself.

112.    To the extent the allegations in the first sentence of paragraph 112 are based on an unnamed source, Warrick is without information or belief as the to the truth or falsity of those allegations.  Warrick otherwise admits that providers of Medicare- and Medicaid-covered products have historically been reimbursed based on AWP published in certain industry compendia.

113.    Warrick admits the allegations contained in paragraph 113.

114.    Warrick admits the allegations contained in the first sentence of paragraph 114. The allegations contained in the second sentence of paragraph 114 are based on a document, Program Memorandum AB-99-63, which speaks for itself.

115.    The allegations contained in paragraph 115 are based on a document, Program Memorandum AB-99-63, which speaks for itself.

116.    Warrick admits that it reports certain pricing information for their medicines to pharmaceutical industry pricing publications.  To the extent that the allegations in paragraph 116 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Warrick otherwise denies the allegations contained in paragraph 116.

117-118.  Warrick admits the allegations contained in paragraphs 117 and 118.

119-122.  To the extent the allegations contained in paragraphs 119 through 122 refer to publications and other sources, those documents speak for themselves.  Warrick otherwise denies the allegations in contained in paragraphs 119 through 122.

123.    To the extent paragraph 123 is based on statutes, regulations or other sources, those documents speak for themselves.  Warrick otherwise admits the allegations contained in paragraph 123.

124.    To the extent paragraph 124 is based on statutes, regulations or other sources, those documents speak for themselves.  Warrick otherwise admits the allegations contained in paragraph 124.

125.    Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 125.

126.    To the extent the allegations contained in paragraph 126 are based on statutes, regulations, publications, or other sources, those documents speak for themselves.  Warrick otherwise denies the allegations contained in paragraph 126.

127.    The allegations in paragraph 127 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in paragraph 127.

128.    Upon information and belief, Warrick admits the allegations contained in the first two sentences of paragraph 128.  Warrick otherwise denies the allegations contained in paragraph 128.

129.    To the extent that the allegations in paragraph 129 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth

or falsity of those allegations.  Warrick otherwise denies the allegations contained in paragraph 129.

130.    Warrick admits the allegations contained in paragraph 130.

131.    To the extent that the allegations in paragraph 131 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent that the allegations in paragraph 131  refer to publications and other documents, those documents speak for themselves.  Warrick otherwise denies the allegations contained in paragraph 131.

132.    Warrick denies the allegations contained in paragraph 132.

133-134.  The April 2003 OIG report cited in Paragraphs 133 through 134 speaks for itself.  Warrick otherwise denies the allegations contained in paragraphs 133 through 134.

135-138.  Warrick denies the allegations contained in paragraphs 135-138.

139.    Warrick admits that it reports certain pricing information for their medicines to pharmaceutical industry pricing publications.  To the extent that the allegations in paragraph 139 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

140-147.  To the extent that the allegations in paragraphs 140 through 147 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Warrick otherwise denies the allegations contained in paragraphs 140 through 147.

148.    Warrick denies the allegations contained in paragraph 148.

149.    To the extent that the allegations in paragraph 149 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth

or falsity of those allegations.  Warrick otherwise denies the allegations contained in paragraph 149.

150.    To the extent that the allegations in paragraph 150 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent that the allegations in paragraph 150 refer to a federal regulation, that document speaks for itself.  Warrick otherwise denies the allegations contained in paragraph 150.

151.    Warrick states that the allegations contained in paragraph 151 are based on statutes and regulations, which speak for themselves.

152.    To the extent that the allegations in paragraph 152 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Warrick otherwise denies the allegations contained in paragraph 152.

153.    To the extent that the allegations in paragraph 153 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Warrick otherwise denies the allegations contained in paragraph 153.

154.    To the extent that the allegations in paragraph 154 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Warrick otherwise denies the allegations contained in paragraph 154.

155.    Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 155, including the identity of the unnamed "industry consultant" referenced therein.

156.    Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 156.

157.    Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 157.

158.    To the extent that the allegations in paragraph 158 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Warrick otherwise denies the allegations contained in paragraph 158.

159-163.  To the extent that the allegations in paragraphs 159 through 163 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  The documents cited in paragraphs 159 through 163 speak for themselves.  Warrick otherwise denies the allegations contained in paragraphs 159 through 163.

164-171.  To the extent that the allegations in paragraphs 164 through 171 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Warrick otherwise denies the allegations contained in paragraphs 164 through 171.

172.    To the extent that the allegations in paragraph 172 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth

or falsity of those allegations.  The document cited in paragraph 172 speaks for itself.  Warrick

otherwise denies the allegations contained in paragraph 172.

173.    Warrick admits that the DOJ and the OIG have been investigating Warrick,

among others, for practices relating to the calculation of AWP.  Warrick further admits that the

United States House of Representatives Committee on Commerce has made requests for

documents and information relating to AWP, to which Warrick has responded.  To the extent

that the allegations in paragraph 173 refer to parties other than Warrick, Warrick is without

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

paragraph 173.  Warrick otherwise denies the remaining allegations in paragraph 173.

174-175.  To the extent that the allegations in paragraphs 174 through 175 refer to parties

other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in paragraphs 174 through 175.  Warrick states that the letter

cited in paragraphs 174 through 175 speaks for itself.

176.    Warrick admits that the DOJ and the OIG have been investigating Warrick,

among others, for practices relating to the calculation of AWP.  Warrick further admits that the

United States House of Representatives Committee on Commerce has made requests for

documents and information relating to AWP, to which Warrick has responded.  To the extent

that the allegations in paragraph 176 refer to parties other than Warrick, Warrick is without

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

paragraph 176.  Warrick otherwise denies the remaining allegations in paragraph 176.

177-178.  To the extent that the allegations in paragraphs 177 through 178 refer to parties

other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in paragraphs 177 through 178.  Warrick otherwise denies the remaining allegations in paragraphs 177 through 178.

179-332.  The allegations contained in paragraphs 179 through 332 refer to parties other than Warrick.  To the extent the allegations contained in paragraphs 179 through 332 are deemed to include allegations against Warrick, Warrick denies the allegations.

333.    Warrick denies the allegations contained in paragraph 333.

334.    Warrick denies the allegations contained in paragraph 334.

335.    Warrick admits that it communicates with industry compendia concerning AWP for its products.  Warrick avers that the document referenced in the second sentence of paragraph 335 speaks for itself.  Warrick denies the remaining allegations in paragraph 335.

336.    Warrick denies the allegations contained in paragraph 336.

337.    The document referenced in the second sentence of paragraph 337 speaks for itself.  Warrick denies the remaining allegations in paragraph 337.

338.    The document referenced in the second sentence of paragraph 338 speaks for itself.  Warrick denies the remaining allegations in paragraph 338.

339.    The documents referenced in paragraph 339 speak for themselves.  Warrick denies the remaining allegations in paragraph 339.

340.    Warrick admits that the published AWPs for most of its drugs were higher than the actual prices provided to wholesalers.  To the extent that the allegations in paragraph 340 refer to specific documents, those documents speak for themselves.

341.    The documents referenced in paragraph 341 speak for themselves.  Warrick denies the remaining allegations in paragraph 341.

342.	The documents referenced in paragraph 342 speak for themselves.  Warrick denies the remaining allegations in paragraph 342.

343.	Warrick denies the allegations contained in paragraph 343.

344.	Warrick admits that it has been investigated by the Department of Justice, the Texas Attorney General, the West Virginia Attorney General, California Attorney General, the California Attorney General, the California Bureau of Medi-Cal Fraud and Elder Abuse, the Department of Health and Human Services Office of Inspector General, and the United States Attorney for the District of Massachusetts for practices relating to the calculation of AWP. Warrick otherwise denies the remaining allegations in paragraph 344.

345.	Warrick admits the allegations in first sentence of paragraph 345.  Warrick states that the documents cited in paragraph 345 speak for themselves.  Warrick denies the remaining allegations of paragraph 345.

346.	Warrick states that the document cited in paragraph 346 speaks for itself.  Warrick otherwise denies the allegations in paragraph 346.

347.	Warrick admits that the West Virginia Attorney General filed suit against Warrick.  Warrick avers that the complaint, a writing, speaks for itself.

348-350.	The documents referenced in paragraphs 348 through 350 speak for themselves.  Warrick denies the remaining allegations in paragraphs 348 through 350.

351-382.	The allegations contained in paragraphs 351 through 382 refer to parties other than Warrick.  To the extent the allegations contained in paragraphs 351 through 382 are deemed to include allegations against Warrick, Warrick denies the allegations.

383-403.	Plaintiff's "Best Price" claims against Warrick have been dismissed by Court Order.  Accordingly, no response is required.

404.    To the extent that the allegations in paragraph 404 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Warrick otherwise denies the allegations contained in paragraph 404.

405.    To the extent that the allegations in paragraph 405 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  The document cited in paragraph 405 speaks for itself.  Warrick otherwise denies the allegations contained in paragraph 405.

406-409.  To the extent that the allegations in paragraphs 406 through 409 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Warrick otherwise denies the allegations contained in paragraphs 406 through 409.

410.    Warrick denies the allegations contained in paragraph 410.

411-412.  To the extent that the allegations contained in paragraphs 411 through 412 state legal conclusions, no answer is required.  To the extent that the allegations in paragraphs 411 through 412 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Warrick otherwise denies the allegations contained in paragraphs 411 through 412.

413.    Warrick denies the allegations contained in paragraph 413.

414.    To the extent the allegations in paragraph 414 state legal conclusions, no response is required.  Warrick is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 414.

415-417.  To the extent the allegations in paragraph 415 through 417 state legal conclusions, no response is required.  Warrick otherwise denies the allegations contained in paragraphs 415 through 417.

418-419.  To the extent that the allegations in paragraphs 418 through 419 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Warrick otherwise denies the allegations contained in paragraphs 418 through 419.

420.    Plaintiff's "Best Price" claims against Warrick have been dismissed by Court Order.  Accordingly, no response is required.

421-422.  To the extent that the allegations in paragraphs 421 through 422 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Warrick otherwise denies the allegations contained in paragraphs 421 through 422.

423.    Warrick reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

424.    Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 424.

425.    The allegations in contained paragraph 425 state legal conclusions as to which no answer is required.

426-429.  To the extent that the allegations in paragraphs 426 through 429 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 426 through 429.  Warrick otherwise denies the allegations in paragraphs 426 through 429.

Warrick denies the allegations contained in the unnumbered paragraph following paragraph 429 and opposes all relief requested therein.

430.    Warrick reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

431.    Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 431.

432.    The allegations in contained paragraph 432 state legal conclusions as to which no answer is required.

433-436.  To the extent that the allegations in paragraphs 433 through 436 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 433 through 436.  Warrick otherwise denies the allegations in paragraphs 433 through 436.

Warrick denies the allegations contained in the unnumbered paragraph following paragraph 436 and opposes all relief requested therein.

437.    Warrick reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

438.    Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 438.

439.    The allegations in contained paragraph 439 state legal conclusions as to which no answer is required.

440-443.  To the extent that the allegations in paragraphs 440 through 443 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in paragraphs 440 through 443.  Warrick otherwise denies the allegations in paragraphs 440 through 443

444-466.  Plaintiff's "Racketeering" claims against Warrick have been dismissed by Court Order.  Accordingly, no response is required.

467-477.  Plaintiff's "Best Price" claims against Warrick have been dismissed by Court Order.  Accordingly, no response is required.

478.    Warrick reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

479.    To the extent that the allegations in paragraph 479 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 479.  Warrick otherwise denies the allegations in paragraph 479.

Warrick denies the allegations contained in the unnumbered paragraph following paragraph 479 and opposes all relief requested therein.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof of such defenses that it would not otherwise have, Warrick asserts the following defenses:

### First Defense

Plaintiff fails to state a claim against Warrick upon which relief may be granted.

### Second Defense

Some or all of Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

## Third Defense

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Warrick as alleged in the Complaint.

## Fourth Defense

To the extent Plaintiff or any of its citizens for whom it is seeking relief obtains recovery in any other case predicated on the same factual allegations, it is barred from seeking recovery against Warrick based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

## Fifth Defense

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Nevada.

## Sixth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff or any of its citizens for whom it is seeking relief has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

## Seventh Defense

Any and all actions taken by Warrick with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## Eighth Defense

Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation, the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## Ninth Defense

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

## Tenth Defense

Plaintiff's claims against Warrick are barred because Warrick has complied with all applicable regulations of the federal and state governments.

## Eleventh Defense

Plaintiff's claims against Warrick are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## Twelfth Defense

Plaintiff's claims are barred, in whole or in part, because they violate Warrick's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Nevada, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

## Thirteenth Defense

Warrick's statements or actions were not the proximate cause or cause in fact of any injury or alleged loss.

## Fourteenth Defense

Plaintiff fails to state with particularity facts to support the fraud allegations, and fails to plead with particularity the fraudulent concealment and multi-source medicine allegations against Warrick contained in the Complaint.

## Fifteenth Defense

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit, including but not limited, to Plaintiff's asserted status in *parens patriae* to recover Medicaid or Medicare expenditures or to seek injunctive relief.

## Sixteenth Defense

Plaintiff fails to allege with particularity its civil conspiracy claims against Warrick as required by FED. R. CIV. P. 9(b).

## Seventeenth Defense

Plaintiff's claims against Warrick are barred because Warrick did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

## Eighteenth Defense

Plaintiff's claims against Warrick are barred, in whole or in part, because Warrick did not make any false statements to Plaintiff or any of the citizens for whom Plaintiff is seeking relief. As to any statement asserted against Warrick that Plaintiff alleges to be false or misleading, Warrick had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## Nineteenth Defense

Plaintiff's claims against Warrick are barred because Warrick did not directly or indirectly engage in any conduct in violation of state or federal law.

## Twentieth Defense

Warrick denies that Plaintiff has valid consumer protection claims against Warrick under Nevada state law.  However, if such claims are found to exist, Warrick pleads all available defenses under the applicable laws.

## Twenty-First Defense

Any allegedly fraudulent statements or conduct of Warrick did not directly or proximately cause the alleged injuries as required under state consumer protection laws of Nevada.

## Twenty-Second Defense

Warrick's conduct was not "deceptive" as required under Nevada consumer protection laws.

## Twenty-Third Defense

To the extent that Plaintiff seeks equitable relief against Warrick, Plaintiff is not entitled to such relief because there is an adequate remedy at law.

## Thirtieth Defense

Plaintiff did not rely on the allegedly fraudulent statements or conduct of Warrick as required under the Nevada consumer protection laws.

## Thirty-First Defense

Any allegedly fraudulent statement or conduct of Warrick was not consumer-oriented as required under the Nevada consumer protection laws.

## Thirty-Second Defense

Plaintiff's claims against Warrick for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

## Thirty-Third Defense

Some or all of Plaintiff's claims for injunctive relief against Warrick are barred by the doctrines of *in pari delicto* and/or unclean hands.

## Thirty-Fourth Defense

Some or all of Plaintiff's claims against Warrick arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

## Thirty-Fifth Defense

Plaintiff's claims against Warrick are barred, in whole or in part, due to its failure to join indispensable parties.

## Thirty-Sixth Defense

Plaintiff's claims against Warrick are barred, in whole or in part, because it suffered no damages as a result of the matters alleged in the Complaint.

## Thirty-Seventh Defense

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

## Thirty-Eighth Defense

Plaintiff's claims against Warrick for damages are barred, in whole or in part, because: (1) Plaintiff failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Warrick; (2) Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that Plaintiff has received and paid for medicines manufactured, marketed and sold by Warrick after the filing of Plaintiff's original Complaint; and (4) Plaintiff's claims are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

## Thirty-Ninth Defense

Warrick is entitled to a set-off – should any damages be awarded against it – for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries.

## Fortieth Defense

The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiff from Warrick.

## Forty-First Defense

Plaintiff fails to allege facts or a cause of action against Warrick sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

## Forty-Second Defense

Plaintiff's punitive damages claims against Warrick:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Warrick; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Warrick prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Warrick's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Nevada; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Warrick's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and applicable state laws of Nevada; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or

subsequent judgments against Warrick for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Warrick's medicines, would constitute impermissible multiple punishments for the same wrong in violation of Warrick's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law and statutory law of Nevada; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Warrick's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and public policies of Nevada; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Warrick the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Warrick's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law and public policies of Nevada.

## **Forty-Third Defense**

Plaintiff's claim for punitive damages against Warrick cannot be sustained because an award of punitive damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages

imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of Warrick; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Warrick's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law and public policies of Nevada.

### Forty-Fourth Defense

Plaintiff's claim for punitive damages against Warrick cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate Warrick's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Warrick's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law and public policies of Nevada.

### Forty-Fifth Defense

Plaintiff's fraud-based claims and plaintiff's claims of fraudulent concealment are barred because Plaintiff knew or should have known for more than a decade before the filing of the

complaint that published AWPs do not represent actual averages of the prices at which providers or pharmacies are able to purchase drugs.

### **Forty-Sixth Defense**

Warrick adopts by reference any additional applicable defense pled by any other defendant in the companion cases consolidated for discovery by this Court, not otherwise pled herein.

### **Forty-Seventh Defense**

Warrick hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, Warrick prays that this Court:

1.      Dismiss the State of Nevada's Amended Complaint with prejudice and enter

judgment in favor of Warrick and against plaintiff;

2.      Award Warrick its costs and expenses; and

3.      Grant such other and further relief for Warrick as this Court deems just and

proper.

<div style="margin-left: 40%;">

Warrick Pharmaceuticals Corporation
By their attorneys,


/s/ John T. Montgomery
John T. Montgomery (BBO#352220)
 jmontgomery@ropesgray.com
Brien T. O'Connor (BBO#546767)
 boconnor@ropesgray.com
Crystal D. Talley (BBO#546767)
 ctalley@ropesgray.com
John R. Therien (BBO#651185)
 jtherien@ropesgray.com
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

</div>

Dated: July 12, 2004

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 12, 2004, I caused a true and correct copy of Warrick Pharmaceuticals Corporation's Answer to the State of Nevada's Amended Complaint to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ John R. Therien_____

John R. Therien