# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE
LITIGATION

THIS DOCUMENT RELATES TO
*State of Montana v. American Home Products Corp., et al.*,
D. Mont. Cause No. CV- 02-09-H-DWM

MDL No. 1456 CIVIL ACTION: 01-CV-12257-PBS Judge Patti B. Saris

## PFIZER, INC.'S ANSWER TO STATE OF MONTANA'S
## SECOND AMENDED COMPLAINT

Defendant Pfizer, Inc. ("Pfizer") hereby responds and answers the State of

Montana's Second Amended Complaint (the "Complaint") as follows:

### Preface

Prior to addressing the specific allegations of the numbered Paragraphs, Pfizer

states the following general objections and responses to the Complaint as a whole. The

Complaint contains purported quotations from a number of sources, many of which are

unidentified. If any of the quotations originate in documents protected by the attorney-

client privilege, the work-product doctrine or the joint-defense privilege, Pfizer reserves

the right to assert such privileges, hereby moves to strike such references and demands return of any such documents that Plaintiff may have in its possession, custody or control. In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

The Complaint also improperly and repetitively refers to Pfizer and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Pfizer. It also improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully. Finally, the Complaint includes terms that are undefined and that are susceptible of different meanings.

Notwithstanding these pleading deficiencies, Pfizer has attempted to respond to Plaintiff's allegations.. To the extent allegations refer to the knowledge, conduct or actions of other entities, Pfizer is generally without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, Pfizer denies those allegations. Pfizer also denies each and every allegation contained in the Complaint, except as specifically hereinafter admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes or speculations that are contained in any averment or in the Complaint as a whole. Moreover, Pfizer specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered Paragraphs in the Complaint. These comments and objections are incorporated, to the extent appropriate, into each

numbered paragraph of this Answer.

# I. <u>INTRODUCTION</u>

1.      1. To the extent that the allegations set forth in Paragraph 1 contain Plaintiff's characterization of the action, no answer is required and none is made. Pfizer denies the remaining allegations in Paragraph 1 of the Complaint that pertain to it.

2.      2. Pfizer admits that it is a manufacturer of pharmaceutical products. To the extent the allegations of this Paragraph refer to statutory or regulatory programs, the statutes, regulations and other sources regarding those programs speak for themselves, and any characterizations thereof are denied. To the extent the allegations in Paragraph 2 of the Complaint are directed to persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations. Pfizer denies the remaining allegations in Paragraph 2 of the Complaint that pertain to it.

3.      3. The allegations in Paragraph 3 contain Plaintiff's generalizations and self-serving conclusions. Accordingly, no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

4.      4. The allegations in Paragraph 4 contain Plaintiff's generalizations and self-serving conclusions. Accordingly, no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

5.      5. Pfizer admits that some public drug reimbursement systems reimburse physicians and pharmacies based upon the AWP as published and reported by various compendia. hat some public drug reimbursement systems reimburse physicians and pharmacies based upon the AWP as published and reported by various compendia.  Pfizer is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding private drug reimbursement and, therefore, denies those

allegations. Pfizer denies the remaining allegations in Paragraph 5 of the Complaint that

pertain to it.

        6. Denied.

1.      7. Pfizer denies the existence of, and its participation in, any "AWP Inflation Scheme" as alleged in Paragraph 7 of the Complaint.  To the extent the allegations in Paragraph 7 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations of Paragraph 7 contain legal arguments or conclusions of law, no answer is required and none is made. Pfizer denies the remaining allegations in Paragraph 7 of the Complaint that pertain to it.

2.      8. Denied. To the extent the allegations in Paragraph 8 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

3.      9. Denied. To the extent the allegations in Paragraph 9 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

4.      10. Denied. To the extent the allegations in Paragraph 10 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

5.      11. To the extent that the allegations in these paragraphs refer to statutes, regulations or other documents, those sources speak for themselves, and any characterizations thereof are denied. To the extent that these paragraphs set forth legal conclusions, no response is required.

6.      12. Denied. To the extent the allegations in Paragraph 12 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

7.      13. Denied. To the extent the allegations in Paragraph 13 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

8.      14. Denied. To the extent the allegations in Paragraph 14 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

9.      15. Denied. To the extent the allegations in Paragraph 15 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

        16. Denied. To the extent the allegations in Paragraph 16 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than
        Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

10.     17. Denied. To the extent the allegations in Paragraph 17 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

11.     18. The allegations set forth in Paragraph 18 contain Plaintiff's characterization of the action. No answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied.

12.     19. Denied. To the extent the allegations in Paragraph 19 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of

those allegations and, therefore, denies those allegations.

13.     20. The allegations set forth in Paragraph 20 contain Plaintiff's characterization of the action. No answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied.

14.     21. The allegations set forth in Paragraph 21 contain Plaintiff's characterization of the action. No answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied.

15.     22. The allegations set forth in Paragraph 22 contain Plaintiff's characterization of the action. No answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied.

23. The allegations set forth in Paragraph 23 contain Plaintiff's characterization of the action. No answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied.

## II. <u>PARTIES</u>

24. Pfizer admits that Mike McGrath is the current Attorney General of the State of Montana. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. To the extent the allegations contain legal conclusions regarding the scope of the Attorney General's statutory authority, no answer is required and none is made. Any characterizations are denied. Pfizer denies the remaining allegations in Paragraph 24 of the Complaint that pertain to it.

25–28. To the extent the allegations in Paragraphs 25–28 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. To the extent the allegations in Paragraphs 25–28 set forth legal arguments or conclusions of law, no response is required and none is made.

29. Pfizer denies the allegations set forth in Paragraph 29 of the Complaint that

pertain to it. To the extent the allegations in Paragraph 29 of the Complaint refer to the

knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer

is without knowledge or information sufficient to form a belief as to the truth of those

allegations and, therefore, denies those allegations. To the extent the allegations in

Paragraph 29 set forth legal arguments or conclusions of law, no response is required and

none is made. To the extent an answer is deemed to be required, the allegations are

denied.

30. Pfizer admits that it has conducted business in the State of Montana.

31–90. The allegations in Paragraphs 31 through 90 of the Complaint are directed

to other defendants and require no response from Pfizer.

1.      91. Pfizer admits that it is a Delaware corporation with its principal place of
business at 235 East 42nd Street, New York, New York. The remainder of Paragraph 91
is Plaintiff's characterization of Pfizer's business, and is therefore deemed denied.

2.      92. Pharmacia is without kno wledge or information sufficient to form a belief as
to the truth of the allegations in Paragraph 92 and, therefore, denies those allegations.

93–111. The allegations in Paragraphs 93 through 111 of the Complaint are

directed to other defendants and require no response from Pfizer.

### III. PRESCRIPTION DRUG SPENDING IN THE UNITED STATES HAS INCREASED DRAMATICALLY, DISPROPORTIONATELY IMPACTING THE POOR AND ELDERLY

112. The allegations in Paragraph 112 contain Plaintiff's generalizations and self-

serving conclusions. Accordingly, no answer is required and none is made. To the extent

an answer is deemed to be required, the allegations are denied and strict proof is

demanded thereof.

113–121. The allegations set forth in Paragraphs 113 through 121 are alleged

findings, opinions, statements or conclusions contained in the "Chartbook," "Chartbook

Update" and "Fact Sheet" cited in Paragraphs 113 through 121 of the Complaint. Pfizer

avers that those sources cited in Paragraphs 113 through 121 are the best evidence of

their contents. Pfizer denies that Plaintiff has accurately characterized any alleged

finding, opinion, statement or conclusion contained therein, or that such are applicable to

Pfizer. Pfizer is without knowledge or information sufficient to form a belief as to the

truth of those allegations and, therefore, denies those allegations and demands strict proof

thereof.

122. Pfizer is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in Paragraph 122 and, therefore, denies those

allegations.

123. Pfizer denies the allegations set forth in Paragraph 123 of the Complaint that

pertain to it.

## IV. THE PRESCRIPTION DRUG MARKET

124–141. The allegations set forth in Paragraphs 124 through 141 contain

Plaintiff's self-serving conclusions and generalizations regarding the Prescription Drug

Market without specific detailed factual allegations averred against Pfizer. Accordingly,

no answer is required and none is made. To the extent an answer is deemed to be

required, the allegations are denied and strict proof is demanded thereof. Moreover, the

allegations set forth in Paragraphs 124 through 141 contain alleged findings, opinions,

statements or conclusions from the "Chartbook." Pfizer avers that the Chartbook is the

best evidence of its contents. Pfizer denies that Plaintiff has accurately characterized any

alleged finding, opinion, statement or conclusion contained therein, or that such are

applicable to Pfizer. Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

## V. GOVERNMENT REIMBURSEMENT SYSTEMS FOR PRESCRIPTION DRUGS

142. Admitted.

143. Admitted.

144. Admitted.


145. Pfizer avers that "Medicare Explained" cited in Paragraph 145 of the Complaint speaks for itself and is the best evidence of its contents. Pfizer denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Pfizer. Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

146. Pfizer admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which is the best evidence of its contents.

147. Pfizer denies the allegations in the first sentence of Paragraph 147 of the Complaint insofar as the source of the quoted material is unidentified. Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Pfizer admits that providers of Medicare- and Medicaid-covered products have historically been reimbursed based on AWP published in certain compendia.

148. Admitted.

149. Pfizer admits that the Medicare Program has publicly announced that it would use the AWP published in independently produced pricing publications as the basis for reimbursement. Pfizer states that the Program Memo AB-99-63 cited in Paragraph 149 of the Complaint is the best evidence of its contents.

150. Pfizer states that the Program Memo AB-99-63 cited in Paragraph 150 of the Complaint is the best evidence of its contents.

151. Pfizer admits that it has provided pricing information to various compendia. To the extent the allegations in Paragraph 151 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

152. The allegations in Paragraph 152 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. To the extent the allegations in Paragraph 152 set forth legal arguments or conclusions of law, no response is required and none is made.

153. Pfizer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and, therefore, denies those allegations.

154–157. Pfizer avers that the sources cited in Paragraphs 154 through 157 of the Complaint are the best evidence of their contents. Pfizer denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Pfizer. Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those

allegations.

158. To the extent that the allegations set forth in Paragraph 158 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 158 set forth legal arguments or conclusions of law, no response is required and none is made.

159. To the extent that the allegations set forth in Paragraph 159 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. To the extent the allegations in Paragraph 159 set forth legal arguments or conclusions of law, no response is required and none is made.

160. To the extent the allegations in Paragraph 160 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. Pfizer avers that the "Detailed Case Studies" cited in Paragraph 160 of the Complaint is the best evidence of its contents.  Pfizer denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Pfizer. Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

161. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 161 and, therefore, denies those allegations. Pfizer avers that the "Detailed Case Studies" cited in Paragraph 161 of the Complaint is the best evidence of its contents. Pfizer denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or

that such are applicable to Pfizer.

162. Pfizer avers that Mont. Admin. R. 37.86.1101 *et seq.* is the best evidence of its contents. To the extent the allegations rely on the "Prescription Drug Program" cited in the last sentence of Paragraph 162, Pfizer avers that it is the best evidence of its contents. Pfizer denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Pfizer.

163. To the extent the allegations in Paragraph 163 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. To the extent the allegations in Paragraph 163 set forth legal arguments or conclusions of law, no response is required and none is made. Pharmacia denies the remaining allegations in Paragraph 163 of the Complaint that pertain to it.

## VI. AWP PLAYS A CENTRAL ROLE IN ALL PRESCRIPTION DRUG REIMBURSEMENT SYSTEMS, AND THE TRUTHFUL REPORTING OF AWPS IS ESSENTIAL TO THE INTEGRITY OF THE MARKETPLACE

164. Pfizer admits that AWPs play a role in various prescription drug reimbursement systems that operate in the United States. Pfizer denies all other allegations set forth in Paragraph 164.

165. Upon information and belief, Pfizer admits the allegations in the first two sentences of Paragraph 165 of the Complaint. Pfizer denies all other allegations set forth in Paragraph 165.

166. Pfizer admits that various participants in prescription drug reimbursement systems utilize AWPs to reimburse physicians and pharmacies. To the extent the allegations in Paragraph 166 refer to the knowledge, conduct or actions of or benefits

received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Pfizer denies all other allegations in Paragraph 166.

167. Pfizer admits that independently produced compendia periodically report AWPs for prescription medicines sold in the United States. To the extent the allegations in Paragraph 167 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Pfizer denies the remaining allegations of Paragraph 167.

168. Pfizer admits that independently produced pricing publications periodically report AWPs for prescription medicines sold in the United States. Pfizer states that the 1999 edition of the *Red Book* and the June 1996 Dow Jones News article cited in Paragraph 168 of the Complaint are the best evidence of their contents. The remaining allegations are directed at other defendants and require no response from Pfizer. To the extent an answer is deemed to be required, Pfizer denies the remaining allegations in Paragraph 168.

169. Denied.

170–171. Pfizer states that the April 2003 OIG report cited in Paragraphs 170 through 171 of the Complaint is the best evidence of its content.  Pfizer denies that Plaintiff has accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to Pfizer.

172. Denied.

## VII. THE AWP INFLATION SCHEME

173. Denied.

174. Denied.

175. Denied.


176. Pfizer admits that it has provided pricing information to various compendia. To the extent the allegations in Paragraph 176 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Otherwise, the allegations set forth in the first sentence of Paragraph 176 are denied.

177. Denied.

178. Denied.

179. Pfizer admits that it has provided pricing information to various

compendia. To the extent the allegations in Paragraph 179 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Otherwise, the allegations set forth in the first sentence of Paragraph 179 are denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Pfizer admits that various participants in prescription drug reimbursement

systems utilize AWPs to reimburse physicians and pharmacies.  To the extent the

allegations in Paragraph 186 refer to the knowledge, conduct or actions of or benefits

received by persons, entities or defendants other than Pfizer, Pfizer is without

knowledge or information sufficient to form a belief as to the truth of those allegations

and, therefore, denies those allegations. Pfizer denies all other allegations in Paragraph

186.

187. Pfizer admits that various participants in prescription drug reimbursement

systems utilize AWPs to reimburse physicians and pharmacies.  To the extent the

allegations refer to statutes, regulations or other documents, those sources speak for

themselves and are the best evidence of their contents. Any characterizations are denied.

To the extent the allegations in Paragraph 187 set forth legal arguments or conclusions of

law, no response is required and none is made. Pfizer denies the remaining allegations in

Paragraph 187 of the Complaint that pertain to it.

188. To the extent the allegations refer to statutes, regulations or other documents,

those sources speak for themselves and are the best evidence of their contents. Any

characterizations are denied. To the extent the allegations in Paragraph 188 set forth legal

arguments or conclusions of law, no response is required and none is made. Pfizer denies

the remaining allegations in Paragraph 188 of the Complaint that pertain to it.

189. Denied. To the extent the allegations in Paragraph 189 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

190. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. To the extent the allegations in Paragraph 190 set forth legal arguments or conclusions of law, no response is required and none is made. Pfizer denies the remaining allegations in Paragraph 190 of the Complaint that pertain to it.

191. Denied. To the extent the allegations in Paragraph 191 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

192. Denied. Paragraph 192 consists only of a quotation from an unknown and unidentified source and the allegations are therefore denied. To the extent the allegations refer to documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied.

193. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. To the extent the allegations in Paragraph 193 set forth legal arguments or conclusions of law, no response is required and none is made. Pfizer denies the remaining allegations in Paragraph 193 of the Complaint that pertain to it.

194. Denied. To the extent the allegations in Paragraph 194 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

195. Denied. To the extent the allegations in Paragraph 195 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

196. Denied. To the extent the allegations in Paragraph 196 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

197. Denied. The allegations in Paragraph 197 are directed to other defendants and no response is required. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied.

198. Denied. The allegations in Paragraph 198 are directed to other defendants and no response is required.

199. Denied. The allegations in Paragraph 199 are directed to other defendants and no response is required. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied.

200. Denied. The allegations in Paragraph 200 are directed to other defendants

and no response is required. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied.

201. Denied. To the extent the allegations in Paragraph 201 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

202. Denied. To the extent the allegations in Paragraph 202 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

203–208. Denied. To the extent the allegations in Paragraphs 203 through 208 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

209. Denied. To the extent the allegations in Paragraph 209 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Pfizer states that the "Wall Street Journal" article cited in Paragraph 209 of the Complaint is the best evidence of its content. Pfizer denies that Plaintiff characterized the content of the Wall Street Journal article accurately and specifically denies the content of the allegations referencing the article.

201. Denied. To the extent the allegations in Paragraph 210 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

211–212. Pfizer denies the existence of, and its participation in, any "scheme" as alleged in Paragraphs 211 through 212 of the Complaint.  Pfizer states that the September 28, 2000, letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 211 through 212 of the Complaint is the best evidence of its contents. Pfizer denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to Pfizer.

213. To the extent the allegations in Paragraph 213 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

214. Denied. To the extent the allegations in Paragraph 214 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

215. Denied. To the extent the allegations in Paragraph 215 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

216–503. The allegations in Paragraphs 216 through 503 of the Complaint are directed to other defendants and require no response from Pfizer. To the extent allegations in Paragraphs 216 through 503 of the Complaint are deemed to include allegations against Pfizer, they are denied.

504. Denied.

505. The allegations set forth in Paragraph 505 contain Plaintiff's characterization of the action. No response is required and none is made.

506. Denied.

507. Denied.

508. Denied.

509. Denied.

510. Denied. It is admitted that Pfizer has entered into a settlement agreement with the U.S. Department of Justice. Pfizer states that the terms of the settlement are the best evidence of its contents. Pfizer denies that Plaintiff has accurately characterized such settlement.

511. Denied.

512–602. The allegations in Paragraphs 512 through 602 of the Complaint are directed to other defendants and require no response from Pfizer. To the extent allegations in Paragraphs 512 through 602 of the Complaint are deemed to include allegations against Pfizer they are denied.

## VIII. DEFENDANTS' "BEST PRICE" FRAUDS

603. To the extent the allegations in Paragraph 603 refer to statutes, regulatio ns

or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. To the extent the allegations in Paragraph 603 set forth legal arguments or conclusions of law, no response is required and none is made.

604. To the extent the allegations in Paragraph 604 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. To the extent the allegations in Paragraph 604 set forth legal arguments or conclusions of law, no response is required and none is made.

605. The allegations in Paragraph 605 are intelligible and are denied.

606. To the extent the allegations in Paragraph 606 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. To the extent the allegations in Paragraph 606 set forth legal arguments or conclusions of law, no response is required and none is made.

607. To the extent the allegations in Paragraph 607 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. To the extent the allegations in Paragraph 607 set forth legal arguments or conclusions of law, no response is required and none is made.

608. To the extent the allegations in Paragraph 608 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. To the extent the allegations in Paragraph 608 set forth legal arguments or conclusions of law, no response is required and none is made.

609. To the extent the allegations in Paragraph 609 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. To the extent the allegations in Paragraph 609

set forth legal arguments or conclusions of law, no response is required and none is made.

610. Pfizer states that the "Compliance Program Guideline for Pharmaceutical Manufacturers" and "OIG Compliance Manual" cited in Paragraph 610 of the Complaint are the best evidence of their content. Pfizer denies that Plaintiff characterized the content of the "Compliance Program Guideline for Pharmaceutical Manufacturers" and "OIG Compliance Manual" accurately and specifically denies the content of the allegations referencing the sources.

611. Pfizer states that the "OIG Compliance Manual" cited in Paragraph 611 of the Complaint is the best evidence of its content. Pfizer denies that Plaintiff characterized the content of the "OIG Compliance Manual" accurately and specifically denies the content of the allegations referencing the source.

612. Denied. To the extent the allegations in Paragraph 612 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

613. Denied. To the extent the allegations in Paragraph 613 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

614. Denied. To the extent the allegations in Paragraph 614 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Pfizer further

states that the "OIG Medicaid Drug Rebates — Sales to Repackagers Excluded From Best Price Determinations" cited in Paragraph 614 of the Complaint is the best evidence of its content. Pfizer denies that Plaintiff characterized the content of the "OIG Medicaid Drug Rebates — Sales to Repackagers Excluded From Best Price Determinations" accurately and specifically denies the content of the allegations referencing the source.

615. Denied. To the extent the allegations in Paragraph 615 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

616. The allegations in Paragraph 616 are unintelligible and are denied.

617–630. The allegations in Paragraphs 617 through 630 of the Complaint are directed to other defendants and require no response from Pfizer. To the extent allegations in Paragraphs 617 through 630 of the Complaint are deemed to include allegations against Pfizer they are denied.

631. Denied.

632. Denied.

633. Pfizer states that the "OIG Semi-Annual Report to the Congress (October 2002-March 2003)" cited in Paragraph 633 of the Complaint is the best evidence of its content. Pfizer denies that Plaintiff characterized the content of the "OIG Semi-Annual Report to the Congress (October 2002-March 2003)" accurately and specifically denies the content of the allegations referencing the publication.

634. Denied.  To the extent the allegations in Paragraph 634 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants

other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

## IX. DEFENDANTS' CONCEALMENT OF THE TRUTH AND TOLLING OF STATUTES OF LIMITATION

635. Denied. To the extent the allegations in Paragraph 635 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

636. Denied. To the extent the allegations in Paragraph 636 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Pfizer states the 2003 CMS document cited in Paragraph 636 of the Complaint is the best evidence of its contents. Pfizer denies that Plaintiff has accurately characterized any alleged CMS finding, opinion, statement or conclusion. Pfizer admits that it sells its medicines in a competitive market and, as such, takes steps to keep certain information relating to its medicines confidential.

637–640. Denied. To the extent the allegations in Paragraphs 637 through 640 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

641. Pfizer denies that Plaintiff lacked inquiry or other notice of the issues associated with reliance on AWPs as a pricing benchmark. Pfizer specifically avers, to

the contrary, that such issues were well known for more than a decade before Plaintiff elected to bring this suit.

642–643. The allegations in Paragraphs 642 through 643 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraphs 642 through 643 of the Complaint that refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer. Accordingly, Pfizer denies those allegations. Pfizer denies the remaining allegations in Paragraphs 642 through 643 of the Complaint that pertain to it.

## X. DIRECT DAMAGE SUSTAINED BY THE STATE OF MONTANA, PATIENTS AND THIRD-PARTY PAYORS

644. Pfizer denies that Plaintiff has suffered damages or injuries as alleged in Paragraph 644 of the Complaint. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 644 of the Complaint and, therefore, denies those allegations.

645. Pfizer admits that Medicare beneficiaries are generally responsible, but not necessarily required, to pay a 20 percent co-payment.  To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. To the extent the allegations in Paragraph 645 set forth legal arguments or conclusions of law, no response is required and none is made. Pfizer denies the remaining allegations in Paragraph 645 of the Complaint that pertain to it.

646. The allegations in Paragraph 646 contain Plaintiff's generalizations and self-

serving conclusions. Accordingly, no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

647. The allegations in Paragraph 647 are directed to other defendants and require no response from Pfizer. To the extent allegations in Paragraph 647 are deemed to include allegations against Pfizer they are denied.

648. The allegations in Paragraph 648 are directed to other defendants and require no response from Pfizer. To the extent allegations in Paragraph 648 are deemed to include allegations against Pfizer they are denied.

649. Denied. To the extent the allegations in Paragraph 649 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

650. Denied. To the extent the allegations in Paragraph 650 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

651. Denied. To the extent the allegations in Paragraph 651 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

652. Denied. To the extent the allegations in Paragraph 652 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief

as to the truth of those allegations and, therefore, denies those allegations.

653. Denied. To the extent the allegations in Paragraph 653 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

## XI. CLAIMS FOR RELIEF <u>COUNT I</u>

### Deceptive Trade Practices:
### Claim for Damages Caused to Montana Residents

654. Pfizer realleges and incorporates its responses to the allegations in Paragraphs 1 through 653.

655. The allegations set forth in Paragraph 655 contain Plaintiff's characterization of this action. No response is required and none is made.

656. Denied. To the extent the allegations in Paragraph 656 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations thereof are denied. To the extent the allegations in Paragraph 656 set forth legal arguments or conclusions of law, no response is required and none is made.

657. Denied. To the extent the allegations in Paragraph 657 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer,

Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

658. Denied. To the extent the allegations in Paragraph 658 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

659. Denied. To the extent the allegations in Paragraph 659 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

660. Denied. To the extent the allegations in Paragraph 660 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

Pfizer denies Plaintiff is entitled to a judgment or any other relief requested in the Prayer for Relief for Count I of the Complaint.

## COUNT II

### Deceptive Trade Practices:
### Claim for Civil Penalties, Injunctive Relief, and
### Restitution for the State of Montana

661. Pfizer realleges and incorporates its responses to the allegations in Paragraphs 1 through 660.

662. The allegations set forth in Paragraph 662 contain Plaintiff's

characterization of this action. No response is required and none is made.

663. Denied. To the extent the allegations in Paragraph 663 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations thereof are denied. To the extent the allegations in Paragraph 663 set forth legal arguments or conclusions of law, no response is required and none is made.

664. Denied. To the extent the allegations in Paragraph 664 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

665. Denied. To the extent the allegations in Paragraph 665 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

666. Denied. To the extent the allegations in Paragraph 666 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

667. Denied. To the extent the allegations in Paragraph 667 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer,

Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

Pfizer denies Plaintiff is entitled to a judgment or any other relief requested in the Prayer for Relief for Count II of the Complaint.

## COUNT III

**Medicaid Fraud:
Claim for Cost Recovery
And Civil Penalties**

668. Pfizer realleges and incorporates its responses to the allegations in Paragraphs 1 through 667.

669. Denied. The allegations in Paragraph 669 are legal conclusions to which no response is required and none is made.

670. Pfizer admits that it manufactures the drug Lipitor.  To the extent the allegations in Paragraph 670 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. All other allegations are denied.

671. Denied. To the extent the allegations in Paragraph 671 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations thereof are denied. To the

extent the allegations in Paragraph 671 set forth legal arguments or conclusions of law, no response is required and none is made.

672. Denied. To the extent the allegations in Paragraph 672 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations thereof are denied. To the extent the allegations in Paragraph 672 set forth legal arguments or conclusions of law, no response is required and none is made.

673. Pfizer admits that it provided its "best price" for Lipitor to the Medicaid program in compliance with all applicable laws and regulations. To the extent the allegations in Paragraph 673 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations in Paragraph 673 set forth legal arguments or conclusions of law, no response is required and none is made.  The remainder of Paragraph 673 is denied.

674. Denied. To the extent the allegations in Paragraph 674 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

675. Denied. To the extent the allegations in Paragraph 675 of the Complaint refer

to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations in Paragraph 675 set forth legal arguments or conclusions of law, no response is required and none is made.

676. Denied. To the extent the allegations in Paragraph 676 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations in Paragraph 676 set forth legal arguments or conclusions of law, no response is required and none is made.

677. Denied. To the extent the allegations in Paragraph 677 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations in Paragraph 677 set forth legal arguments or conclusions of law, no response is required and none is made.

678. Denied. To the extent the allegations in Paragraph 678 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations in Paragraph 678 set forth legal arguments or conclusions of law, no response is required and none is made.

679. Denied. To the extent the allegations in Paragraph 679 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations in Paragraph 679 set forth legal arguments or conclusions of law, no response is required and none is made.

Pfizer denies Plaintiff is entitled to a judgment or any other relief requested in the Prayer for Relief for Count III of the Complaint.

## COUNT IV

### False Claims:
### Claim for Forfeiture, Civil Penalties,
### Double Damages and Legal Costs

680. Pfizer realleges and incorporates its responses to the allegations in Paragraphs 1 through 679.

681. Denied. The allegations in Paragraph 681 are legal conclusions to which no response is required and none is made.

682. Pfizer admits that it manufactures the drug Lipitor.  To the extent the allegations in Paragraph 682 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. All other allegations are denied.

683. Denied. To the extent the allegations in Paragraph 683 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer,

Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations thereof are denied. To the extent the allegations in Paragraph 683 set forth legal arguments or conclusions of law, no response is required and none is made.

684. Denied. To the extent the allegations in Paragraph 684 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations thereof are denied. To the extent the allegations in Paragraph 684 set forth legal arguments or conclusions of law, no response is required and none is made.

685. Pfizer admits that it provided its "best price" for Lipitor to the Medicaid program in compliance with all applicable laws and regulations. To the extent the allegations in Paragraph 685 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations in Paragraph 685 set forth legal arguments or conclusions of law, no response is required and none is made.  The remainder of Paragraph 685 is denied.

686. Denied. To the extent the allegations in Paragraph 686 of the Complaint refer

to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer,

Pfizer is without knowledge or information sufficient to form a belief as to the truth of

those allegations and, therefore, denies those allegations.

687. Denied. To the extent the allegations in Paragraph 687 of the Complaint refer

to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer,

Pfizer is without knowledge or information sufficient to form a belief as to the truth of

those allegations and, therefore, denies those allegations. To the extent the allegations in

Paragraph 687 set forth legal arguments or conclusions of law, no response is required

and none is made.

688. Denied. To the extent the allegations in Paragraph 688 of the Complaint refer

to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer,

Pfizer is without knowledge or information sufficient to form a belief as to the truth of

those allegations and, therefore, denies those allegations. To the extent the allegations in

Paragraph 688 set forth legal arguments or conclusions of law, no response is required

and none is made.

689. Denied. To the extent the allegations in Paragraph 689 of the Complaint refer

to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer,

Pfizer is without knowledge or information sufficient to form a belief as to the truth of

those allegations and, therefore, denies those allegations. To the extent the allegations in

Paragraph 689 set forth legal arguments or conclusions of law, no response is required

and none is made.

690. Denied. To the extent the allegations in Paragraph 690 of the Complaint refer

to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer,

Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations in Paragraph 690 set forth legal arguments or conclusions of law, no response is required and none is made.

691. Denied. To the extent the allegations in Paragraph 691 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations in Paragraph 691 set forth legal arguments or conclusions of law, no response is required and none is made.

Pfizer denies Plaintiff is entitled to a judgment or any other relief requested in the Prayer for Relief for Count IV of the Complaint.

## COUNT V

### Punitive Damages:
### Claim Brought on Behalf of the State of Montana

692. Pfizer realleges and incorporates its responses to the allegations in Paragraphs 1 through 691.

693. Denied. To the extent the allegations in Paragraph 693 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Pfizer, Pfizer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

Pfizer denies Plaintiff is entitled to a judgment or any other relief requested in the

Prayer for Relief for Count V of the Complaint.

## XI. **DEMAND FOR JURY TRIAL**

Pfizer denies Plaintiff is entitled to a judgment or any other relief requested in the Prayer for Relief.

### **DEFENSES**

### **First Defense**

Plaintiff fails to state a claim against Pfizer upon which relief may be granted.

### **Second Defense**

Some or all of Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### **Third Defense**

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Pfizer as alleged in the Complaint.

### **Fourth Defense**

To the extent Plaintiff or any of its citizens for whom it is seeking relief obtains recovery in any other case predicated on the same factual allegations, it is barred from seeking recovery against Pfizer based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

### **Fifth Defense**

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Montana.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff or any of its citizens for whom it is seeking relief has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

### Seventh Defense

Any and all actions taken by Pfizer with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### Eighth Defense

Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation, the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Ninth Defense

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

### Tenth Defense

Plaintiff's claims against Pfizer are barred because Pfizer has complied with all applicable regulations of the federal and state governments.

### Eleventh Defense

Plaintiff's claims against Pfizer are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

### Twelfth Defense

Plaintiff's claims are barred, in whole or in part, because they violate Pfizer's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Montana, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Thirteenth Defense

Pfizer's statements or actions were not the proximate cause or cause in fact of any injury or alleged loss.

### Fourteenth Defense

Plaintiff fails to state with particularity facts to support the fraud allegations, and fails to plead with particularity the fraudulent concealment and multi-source medicine allegations against Pfizer contained in the Complaint.

### Fifteenth Defense

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit, including but not limited, to Plaintiff's asserted status in *parens patriae* to

recover Medicaid or Medicare expenditures or to seek injunctive relief.

## Sixteenth Defense

Plaintiff fails to allege with particularity its civil conspiracy claims against Pfizer as required by Fed. R. Civ. P. 9(b).

## Seventeenth Defense

Plaintiff's claims against Pfizer are barred because Pfizer did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

## Eighteenth Defense

Plaintiff's claims against Pfizer are barred, in whole or in part, because Pfizer did not make any false statements to Plaintiff or any of the citizens for whom Plaintiff is seeking relief. As to any statement asserted against Pfizer that Plaintiff alleges to be false or misleading, Pfizer had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## Nineteenth Defense

Plaintiff's claims against Pfizer are barred because Pfizer did not directly or indirectly engage in any conduct in violation of state or federal law.

## Twentieth Defense

Pfizer denies that Plaintiff has valid consumer protection claims against Pfizer under Montana state law. However, if such claims are found to exist, Pfizer pleads all

available defenses under the applicable laws.

### Twenty-First Defense

Any allegedly fraudulent statements or conduct of Pfizer did not directly or proximately cause the alleged injuries as required under state consumer protection laws of                                                                 Montana.

### Twenty-Second Defense

Pfizer's conduct was not "deceptive" as required under Montana consumer protection                                                                 laws.

### Twenty-Third Defense

To the extent that Plaintiff seeks equitable relief against Pfizer, Plaintiff is not entitled to such relief because there is an adequate remedy at law.

### Twenty-Fourth Defense

Plaintiff did not rely on the allegedly fraudulent statements or conduct of Pfizer as required under the Montana consumer protection laws.

### Twenty-Fifth Defense

Any allegedly fraudulent statement or conduct of Pfizer was not consumer-oriented as required under the Montana consumer protection laws.

### Twenty-Sixth Defense

Plaintiff's claims against Pfizer for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

**Twenty-Seventh Defense**

Some or all of Plaintiff's claims for injunctive relief against Pfizer are barred by the doctrines of *in pari delicto* and/or unclean hands.

**Twenty-Eighth Defense**

Some or all of Plaintiff's claims against Pfizer arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

**Twenty-Ninth Defense**

Plaintiff's claims against Pfizer are barred, in whole or in part, due to it failure to join indispensable parties.

**Thirtieth Defense**

Plaintiff's claims against Pfizer are barred, in whole or in part, because it suffered no damages as a result of the matters alleged in the Complaint.

**Thirty-First Defense**

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

**Thirty-Second Defense**

Plaintiff's claims against Pfizer for damages are barred, in whole or in part,

because: (1) Plaintiff failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Pfizer; (2) Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that Plaintiff has received and paid for medicines manufactured, marketed and sold by Pfizer after the filing of Plaintiff's original Complaint; and (4) Plaintiff's claims are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Thirty-Third Defense

Pfizer is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries.

### Thirty-Fourth Defense

The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiff from Pfizer.

### Thirty-Fifth Defense

Plaintiff fails to allege facts or a cause of action against Pfizer sufficient to support a claim for attorneys' fees, double damages and/or legal fees.

### Thirty-Sixth Defense

Plaintiff's punitive damages claims against Pfizer: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally

insufficient to support a claim for punitive damages against Pfizer; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Pfizer prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Pfizer's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Montana; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Pfizer's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and applicable state laws of Montana; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Pfizer for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Pfizer's medicines, would constitute impermissible multiple punishments for the same wrong in violation of Pfizer's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law and statutory law of Montana; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Pfizer's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United

States Constitution and would be improper under the Constitution, common law and

public policies of Montana; and (7) cannot be sustained because any award of punitive

damages, which are penal in nature, without according Pfizer the same protections that

are accorded to all criminal defendants, including the protection against unreasonable

searches and seizures, the privilege against self-incrimination, and the rights to confront

adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate

Pfizer's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated

into the Fourteenth Amendment to the United States Constitution and would be improper

under the Constitution, common law and public policies of Montana.

## Thirty-Seventh Defense

Plaintiff's claim for punitive damages against Pfizer cannot be sustained because

an award of punitive damages by a jury that: (1) is not provided constitutionally adequate

standards of sufficient clarity for determining the appropriate imposition of, and the

appropriate size of, a punitive damages award; (2) is not adequately instructed on the

limits of punitive damages imposed by the applicable principles of deterrence and

punishment; (3) is not expressly prohibited from awarding punitive damages, or

determining the amount of an award of punitive damages, in whole or in part, on the basis

of invidiously discriminatory characteristics, including without limitation, the residence,

wealth, and corporate status of Pfizer; (4) is permitted to award punitive damages under a

standard for determining liability for punitive damages that is vague and arbitrary and

does not define with sufficient clarity the conduct or mental state that makes punitive

damages permissible; (5) is not properly instructed regarding Plaintiff's burden of proof

with respect to each and every element of a claim for punitive damages; and (6) is not

subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Pfizer's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law and public policies of Montana.

**Thirty-Eighth Defense**

Plaintiff's claim for punitive damages against Pfizer cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate Pfizer's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Pfizer's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law and public policies of Montana.

**Thirty-Ninth Defense**

Pfizer adopts by reference any additional applicable defense pled by any other defendant in this case, not otherwise pled herein.

**Fortieth Defense**

Pfizer hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, Pfizer, Inc. respectfully demands judgment dismissing the

Complaint in its entirety and awarding it the costs and disbursements of this action, as

well as such other and further relief as this Court deems just and proper.


DATED: July 12, 2004 /s/ Mark D. Smith (BBO# 542676)

Laredo & Smith, LLP 15
Broad Street, Suite 600
Boston, MA 02109
617.367.7984 (t)
617.367.6475 (f)

John C. Dodds
*Admitted pro hac vice*
Morgan, Lewis & Bockius LLP 1701
Market Street Philadelphia, PA 19103
215.963.5000 (t) 215.963.5001 (f) Scott
A. Stempel

*Admitted pro hac vice*
Morgan, Lewis & Bockius LLP 1111 Pennsylvania Avenue, NW Washington, D.C.
20004 202.739.3000 (t) 202.739.3001 (f)

*Attorneys for Defendant Pfizer, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2004,a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.


/s/ Mark D. Smith

*Attorneys for Defendant Pfizer, Inc.*