## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO *State of Nevada v. American Home Products Corp., et al.*, D. Nev. Cause No. CV-N-02-0202-ECR | |

### AVENTIS PHARMACEUTICALS INC.'S ANSWER TO
### STATE OF NEVADA'S AMENDED COMPLAINT

Defendant Aventis Pharmaceuticals Inc.[1] ("Aventis") hereby responds and answers State of Nevada's Amended Complaint (the "Complaint") as follows:

### Preface

Prior to addressing the specific allegations of the numbered Paragraphs, Aventis states the following general objections and responses to the Complaint as a whole.  The Complaint contains purported quotations from a number of sources, many of which are unidentified.  If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, Aventis reserves the right to assert such privileges, hereby moves to strike such references and demands return of any such documents that Plaintiff may have in its possession, custody or control.  In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered

---

[1]     Plaintiff's description of "Aventis Group (Aventis, Pharma, Hoechst & Behring)" in the Complaint is inaccurate and misleading.  This Answer is that of Aventis Pharmaceuticals Inc. in its own capacity and as the successor in interests to Hoechst Marion Roussel, Inc.

1

by the person or entity quoted shall not constitute an admission that the substantive contents of the quote is or is not true or that the material is relevant or admissible in this action.

The Complaint also improperly and repetitively refers to Aventis and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Aventis.  It also improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully.  Finally, the Complaint includes terms that are undefined and that are susceptible of different meanings.

Notwithstanding these pleading deficiencies, Aventis has attempted to respond to Plaintiff's allegations.  To the extent allegations refer to the knowledge, conduct or actions of other entities, Aventis is generally without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, Aventis denies those allegations.  Aventis also denies each and every allegation contained in the Complaint, except as specifically hereinafter admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculations that are contained in any averment or in the Complaint as a whole.  Moreover, Aventis specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered Paragraphs in the Complaint.  These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## I.      INTRODUCTION

1.      To the extent that the allegations set forth in Paragraph 1 contain Plaintiff's characterization of the action, no answer is required and none is made.  Aventis denies the remaining allegations in Paragraph 1 of the Complaint that pertain to it.

2.      Aventis admits that it is a manufacturer of pharmaceutical products.  To the extent the allegations of this Paragraph refer to statutory or regulatory programs, the statutes,

regulations and other sources regarding those programs speak for themselves, and any characterizations thereof are denied. To the extent the allegations in Paragraph 2 of the Complaint are directed to persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations. Aventis denies the remaining allegations in Paragraph 2 of the Complaint that pertain to it.

3.      The allegations in Paragraph 3 contain Plaintiff's generalizations and self-serving conclusions. Accordingly, no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

4.      The allegations in Paragraph 4 contain Plaintiff's generalizations and self-serving conclusions. Accordingly, no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

5.      Aventis admits that some private and public drug reimbursement systems reimburse physicians and pharmacies based upon the AWP as published and reported by various compendia. Aventis denies the remaining allegations in Paragraph 5 of the Complaint that pertain to it.

6.      Aventis admits that at one time it reported pricing information to various compendia, which may have considered that information when publishing AWP. Aventis denies the existence of, and its participation in, any "AWP Inflation Scheme" as alleged in Paragraph 6 of the Complaint. To the extent the allegations in Paragraph 6 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations of Paragraph 6 contain

3

legal arguments or conclusions of law, no answer is required and none is made.  Aventis denies the remaining allegations in Paragraph 6 of the Complaint that pertain to it.

7.      Aventis denies the existence of, and its participation in, any "AWP Inflation Scheme" as alleged in Paragraph 7 of the Complaint.  To the extent the allegations in Paragraph 7 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent the allegations of Paragraph 7 contain legal arguments or conclusions of law, no answer is required and none is made.  Aventis denies the remaining allegations in Paragraph 7 of the Complaint that pertain to it.

8.      Aventis denies the allegations in Paragraph 8 of the Complaint that pertain to it. To the extent the allegations in Paragraph 8 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

9.      Aventis denies the allegations in Paragraph 9 of the Complaint that pertain to it. To the extent the allegations in Paragraph 9 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

10.      Aventis denies the allegations in Paragraph 10 of the Complaint that pertain to it. To the extent the allegations in Paragraph 10 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or

112938v1

information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

11.     Plaintiff's "Best Price" claims against Aventis have been dismissed by Court Order.  Accordingly, no answer is required and none is made.

12.     Plaintiff's "Best Price" claims against Aventis have been dismissed by Court Order.  Accordingly, no answer is required and none is made.

13.     Aventis denies the allegations in Paragraph 13 of the Complaint that pertain to it. To the extent the allegations in Paragraph 13 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

14.     Aventis denies the allegations in Paragraph 14 of the Complaint that pertain to it. To the extent the allegations in Paragraph 14 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

15.     Aventis denies the allegations in Paragraph 15 of the Complaint that pertain to it. To the extent the allegations in Paragraph 15 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

16.     Aventis denies the allegations in Paragraph 16 of the Complaint that pertain to it. To the extent the allegations in Paragraph 16 of the Complaint refer to the knowledge, conduct or

112938v5

actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

17.     Aventis denies the allegations in Paragraph 17 of the Complaint that pertain to it. To the extent the allegations in Paragraph 17 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

18.     The allegations set forth in Paragraph 18 contain Plaintiff's characterization of the action.  No answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

19.     Aventis denies the allegations in Paragraph 19 of the Complaint that pertain to it. To the extent the allegations in Paragraph 19 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

20.     The allegations in Paragraph 20 contain Plaintiff's generalizations and self-serving conclusions.  Accordingly, no answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

21.     The allegations set forth in Paragraph 21 contain Plaintiff's characterization of the action.  No answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

6

22.     The allegations set forth in Paragraph 22 contain Plaintiff's characterization of the action.  No answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

23.     The allegations set forth in Paragraph 23 contain Plaintiff's characterization of the action.  No answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

## II.     PARTIES

24.     Aventis admits that Brian Sandoval is the current Attorney General of the State of Nevada.  To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  To the extent the allegations contain legal conclusions regarding the scope of the Attorney General's statutory authority, no answer is required and none is made.  Any characterizations are denied.  Aventis denies the remaining allegations in Paragraph 24 of the Complaint that pertain to it.

25.     Aventis denies the allegations set forth in Paragraph 25 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 25 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent the allegations in Paragraph 25 set forth legal arguments or conclusions of law, no response is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

26.     Aventis admits that it transacted business in the State of Nevada.

27-33.   The allegations in Paragraphs 27 through 33 of the Complaint are directed to other defendants and require no response from Aventis.

34.     Aventis admits it is a Delaware corporation with its principal place of business in Bridgewater, New Jersey.  Aventis also admits that it is an indirect wholly-owned subsidiary of Aventis, S.A., a company domiciled in France.  Aventis further admits that Hoechst Marion Roussel, Inc. ("Hoechst") was a predecessor company and that Hoechst was a Delaware corporation with its principal place of business in Kansas City, Missouri.  Aventis denies the remaining allegations in Paragraph 34 of the Complaint.

35.     Aventis admits that its principal business activities are the discovery, development, manufacture and sale of prescription medicines in the area of cardiology, oncology, infectious diseases, arthritis, allergies and respiratory disorders, diabetes and central nervous system disorders.  Aventis denies the remaining allegations in Paragraph 35 of the Complaint.

36.     The allegations in Paragraph 36 of the Complaint are directed to another defendant and require no response from Aventis.  To the extent the allegations in Paragraph 36 of the Complaint are deemed to include allegations against Aventis, they are denied.

37.     The allegations in Paragraph 37 of the Complaint are directed to another defendant and require no response from Aventis.  To the extent the allegations in Paragraph 37 of the Complaint are deemed to include allegations against Aventis, they are denied.

38.     Aventis objects to Plaintiff's collective reference to the "Aventis Group."  As noted above, Hoechst was a predecessor company and Behring is a separate entity.

39.     To the extent the allegations in Paragraph 39 of the Complaint are directed to Aventis as defined in Footnote 1 hereto, Aventis admits that it manufactures drugs that are purchased by citizens of the State of Nevada and are reimbursed under the Nevada Medicaid

Program.  The remaining allegations in Paragraph 39 of the Complaint are directed to another defendant and require no response from Aventis.

40-76.  The allegations in Paragraphs 40 through 76 of the Complaint are directed to other defendants and require no response from Aventis.

### III.   PRESCRIPTION DRUG SPENDING IN THE UNITED STATES HAS INCREASED DRAMATICALLY, DISPROPORTIONATELY IMPACTING THE POOR AND ELDERLY

77.   The allegations in Paragraph 77 contain Plaintiff's generalizations and self-serving conclusions.  Accordingly, no answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

78-86.  The allegations set forth in Paragraphs 78 through 86 are alleged findings, opinions, statements or conclusions contained in the "Chartbook," "Chartbook Update" and "Fact Sheet" cited in Paragraphs 78 through 86 of the Complaint.  Aventis avers that those sources cited in Paragraphs 78 through 86 are the best evidence of their contents.  Aventis denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Aventis.  Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations and demands strict proof thereof.

87.   Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 and, therefore, denies those allegations.

88.   Aventis denies the allegations set forth in Paragraph 88 of the Complaint that pertain to it.

### IV.   THE PRESCRIPTION DRUG MARKET

89-106.  The allegations set forth in Paragraphs 89 through 106 contain Plaintiff's self-serving conclusions and generalizations regarding the Prescription Drug Market without specific

9

detailed factual allegations averred against Aventis.  Accordingly, no answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.  Moreover, the allegations set forth in Paragraphs 89 through 106 contain alleged findings, opinions, statements or conclusions from the "Chartbook."  Aventis avers that the Chartbook is the best evidence of its content.  Aventis denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Aventis.  Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations and demands strict proof thereof.

## V.   GOVERNMENT REIMBURSEMENT SYSTEMS FOR PRESCRIPTION DRUGS

107.   Aventis admits the allegations set forth in Paragraph 107.

108.   Aventis admits the allegations set forth in Paragraph 108.

109.   Aventis admits the allegations set forth in Paragraph 109.

110.   Aventis avers that "Medicare Explained" cited in Paragraph 110 of the Complaint speaks for itself and is the best evidence of its content.  Aventis denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Aventis.  Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

111.   Aventis admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which is the best evidence of its content.

112.   Aventis denies the allegations in the first sentence of Paragraph 112 of the Complaint insofar as the source of the quoted material is unidentified.  Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and,

10

112938v5

therefore, denies those allegations. Aventis admits it is aware that providers of Medicare-covered products historically have been reimbursed based on AWP published in certain compendia.

113.   Aventis admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which is the best evidence of its content.

114.   Aventis admits that the Medicare Program has publicly announced that it would use the AWP published in independently produced pricing publications as the basis for reimbursement. Aventis states that the Program Memorandum AB-99-63 cited in Paragraph 114 of the Complaint is the best evidence of its content.

115.   Aventis states that the Program Memorandum AB-99-63 cited in Paragraph 115 of the Complaint is the best evidence of its content.

116.   Aventis admits that at one time it reported pricing information to various compendia, which may have considered that information when publishing AWP. To the extent the allegations in Paragraph 116 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

117.   Aventis admits the allegations in Paragraph 117 of the Complaint.

118.   Aventis admits the allegations in Paragraph 118 of the Complaint.

119-122.   Aventis avers that the sources cited in Paragraphs 119 through 122 of the Complaint are the best evidence of their contents. Aventis denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that

such are applicable to Aventis.  Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

123.    Aventis generally admits the factual allegations set forth in Paragraph 123 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 123 set forth legal arguments or conclusions of law, no response is required and none is made.

124.    Aventis generally admits the factual allegations set forth in Paragraph 124 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.  To the extent the allegations in Paragraph 124 set forth legal arguments or conclusions of law, no response is required and none is made.

125.    Aventis generally admits the factual allegations set forth in Paragraph 125 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.  To the extent the allegations in Paragraph 125 set forth legal arguments or conclusions of law, no response is required and none is made.

126.    Aventis admits that the reimbursement methodology for outpatient prescription drugs covered by the Nevada Medicaid Program is set forth at Nevada Medicaid Services Manual § 1204.2, which is the best evidence of its content.  Aventis denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Aventis.

**VI.    AWP PLAYS A CENTRAL ROLE IN ALL PRESCRIPTION
DRUG REIMBURSEMENT SYSTEMS, AND THE
TRUTHFUL REPORTING OF AWPS IS ESSENTIAL
TO THE INTEGRITY OF THE MARKETPLACE**

127.    Aventis admits that certain reimbursing entities have chosen AWP to play a role in various prescription drug reimbursement systems that operate in the United States.  Aventis denies all other allegations set forth in Paragraph 127.

128.    Upon information and belief, Aventis admits the allegations in the first two sentences of Paragraph 128 of the Complaint.  Aventis denies all other allegations set forth in Paragraph 128.

129.    Aventis admits that certain reimbursing entities have chosen AWP to play a role in various prescription drug reimbursement systems that operate in the United States. To the extent the allegations in Paragraph 129 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis denies all other allegations in Paragraph 129.

130.    Aventis admits that independently produced compendia periodically report AWPs for prescription medicines sold in the United States. To the extent the allegations in Paragraph 130 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Aventis denies the remaining allegations of Paragraph 130.

131.    Aventis admits that independently produced pricing publications periodically report AWPs for prescription medicines sold in the United States.  Aventis states that the 1999 edition of RED BOOK and the June 1996 Dow Jones News article cited in Paragraph 131 of the

13

Complaint are the best evidence of their contents. The remaining allegations are directed at other defendants and require no response from Aventis. To the extent an answer is deemed to be required, Aventis denies the remaining allegations in Paragraph 131 and demands strict proof thereof.

132.     Aventis denies the allegations set forth in Paragraph 132.

133-134.     Aventis states that the April 2003 OIG report cited in Paragraphs 133 through 134 of the Complaint is the best evidence of its content. Aventis denies that Plaintiff has accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to Aventis.

135.     Aventis denies the allegations set forth in Paragraph 135.

### VII.     THE AWP INFLATION SCHEME

136.     Aventis denies the allegations set forth in Paragraph 136.

137.     Aventis denies the allegations set forth in Paragraph 137.

138.     Aventis denies the allegations set forth in Paragraph 138.

139.     Aventis admits that at one time it reported pricing information to various compendia, which may have considered that information when publishing AWP. To the extent the allegations in Paragraph 139 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Otherwise, the allegations set forth in the first sentence of Paragraph 139 are denied.

140.     Aventis denies the allegations set forth in Paragraph 140.

141.     Aventis denies the allegations set forth in Paragraph 141.

142.     Aventis admits that at one time it reported pricing information to various compendia, which may have considered that information when publishing AWP.  To the extent the allegations in Paragraph 142 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Otherwise, the allegations set forth in the first sentence of Paragraph 142 are denied.

143.     Aventis denies the allegations set forth in Paragraph 143.

144.     Aventis denies the allegations set forth in Paragraph 144.

145.     Aventis denies the allegations set forth in Paragraph 145.

146.     Aventis denies the allegations set forth in Paragraph 146.

147.     Aventis denies the allegations set forth in Paragraph 147.

148-163.  The allegations set forth in Paragraphs 148 through 163 are directed at other defendants and no response from Aventis is required.  To the extent an answer is deemed to be required, Aventis denies the allegations set forth in paragraphs 148 through 163.

164.     Aventis denies the allegations in Paragraph 164 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 164 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

165.     The allegations set forth in Paragraph 165 are not directed at Aventis and no response from Aventis is required.  To the extent an answer is deemed to be required, Aventis denies the allegations set forth in paragraph 165.

112938v5

166-171.   Aventis denies the allegations set forth in Paragraphs 166 through 171 that pertain to it.  To the extent the allegations in Paragraphs 166 through 171 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

172.   Aventis denies the allegations set forth in Paragraph 172 that pertain to it.  To the extent the allegations in Paragraph 172 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis states that THE "WALL STREET JOURNAL" article cited in Paragraph 172 of the Complaint is the best evidence of its content.  Aventis denies that Plaintiff characterized the contents of THE WALL STREET JOURNAL article accurately and specifically denies the contents of the allegations referencing the article.

173.   Aventis denies the allegations set forth in Paragraph 173 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 173 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

174-175.   Aventis denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 174 of the Complaint.  Aventis states that the September 28, 2000, letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 174 through 175 of the Complaint is the best evidence of its

16

content.   Aventis denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to Aventis.

176.    To the extent the allegations in Paragraph 176 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

177.    Aventis denies the allegations set forth in Paragraph 177 of the Complaint pertaining to it.  To the extent the allegations in Paragraph 177 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

178.    Aventis denies the allegations set forth in Paragraph 178 of the Complaint pertaining to it. To the extent the allegations in Paragraph 178 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

179-218.  The allegations in Paragraphs 179 through 218 of the Complaint are directed to another defendant and require no response from Aventis.   To the extent allegations in Paragraphs 179 through 218 of the Complaint are deemed to include allegations against Aventis, they are denied.

219.    Aventis denies the allegations set forth in Paragraph 219 of the Complaint.

220.    The allegations set forth in Paragraph 220 contain Plaintiff's characterization of the action.  No response is required and none is made.

221.    Aventis admits that at one time it reported pricing information to various compendia, which may have considered that information when publishing AWP.  Aventis admits that it reported a suggested AWP for its medicines during a portion of that time.  Aventis further admits that it produced the documents (AV-AAA-001054, AV-AAA-001047, AV-AAA-00105 and AV-AAA-001066) cited in Paragraph 221 of the Complaint, but Aventis states that these documents are the best evidence of their contents and denies that the conclusions Plaintiff draws from these documents are accurate.  Aventis denies that it produced or prepared the document (ABAWP 005314) cited in the last sentence of Paragraph 221 of the Complaint and further denies that this document reflects any conduct by or knowledge of Aventis.  Therefore, it appears the allegations in the last sentence of Paragraph 221 are directed to another defendant and require no response from Aventis.  To the extent allegations in the last sentence of Paragraph 221 of the Complaint are deemed to include allegations against Aventis, they are denied.

222.    Aventis denies the allegations set forth in Paragraph 222 of the Complaint.

223.    Aventis denies that it produced or prepared the document (ABAWP 008990-91) cited in the last sentence of Paragraph 223 of the Complaint and further denies that this document reflects any conduct by or knowledge of Aventis.  Therefore, it appears the allegations in Paragraph 223 are directed to another defendant and require no response from Aventis.  To the extent allegations in Paragraph 223 of the Complaint are deemed to include allegations against Aventis, they are denied.

224.    Aventis denies that it produced or prepared the document (ABAWP 012067) cited in the last sentence of Paragraph 224 of the Complaint and further denies that this document reflects any conduct by or knowledge of Aventis.  Therefore, it appears the allegations in Paragraph 224 are directed to another defendant and require no response from Aventis.  To the

18

extent allegations in Paragraph 224 of the Complaint are deemed to include allegations against Aventis, they are denied.

225.     Aventis denies that it produced or prepared the document (ABAWP 000855) cited in the last sentence of Paragraph 225 of the Complaint and further denies that this document reflects any conduct by or knowledge of Aventis.   Therefore, it appears the allegations in Paragraph 225 are directed to another defendant and require no response from Aventis.   To the extent allegations in Paragraph 225 of the Complaint are deemed to include allegations against Aventis, they are denied.

226.     Aventis states that the Aventis document (AV-AAA-02242-56) cited in Paragraph 226 of the Complaint is the best evidence of its content.   Aventis denies that the conclusion drawn by Plaintiff from the alleged quotation from this document is accurate. Aventis denies the remaining allegations in Paragraph 226 of the Complaint that pertain to it.

227.     Aventis states that the Aventis documents (AV-AAA-001190-93, AV-AAA-002291) cited in Paragraph 227 of the Complaint are the best evidence of their contents.   Aventis denies that the conclusions drawn by Plaintiff from the alleged quotation from these documents are accurate.   Aventis denies the remaining allegations in Paragraph 227 of the Complaint that pertain to it.

228.     Aventis states that the Aventis documents (AV-AAA-001523, AV-AAA-001619-23) cited in Paragraph 228 of the Complaint are the best evidence of their contents.   Aventis denies that the conclusions drawn by Plaintiff from the alleged quotation from these documents are accurate.   Aventis denies the remaining allegations in Paragraph 228 of the Complaint that pertain to it.

229.    Aventis denies that it produced or prepared the document (ABAWP 004767) cited in the last sentence of Paragraph 229 of the Complaint and further denies that this document reflects any conduct by or knowledge of Aventis.   Therefore, it appears the allegations in Paragraph 229 are directed to another defendant and require no response from Aventis.   To the extent allegations in Paragraph 229 of the Complaint are deemed to include allegations against Aventis, they are denied.

230.    Aventis denies that it produced or prepared the document (ABAWP 005315) cited in the last sentence of Paragraph 230 of the Complaint and further denies that this document reflects any conduct by or knowledge of Aventis.   Therefore, it appears the allegations in Paragraph 230 are directed to another defendant and require no response from Aventis.   To the extent allegations in Paragraph 230 of the Complaint are deemed to include allegations against Aventis, they are denied.

231.    To the extent the allegations in Paragraph 231 of the Complaint refer to the knowledge, conduct or actions of persons or entities other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.   Aventis admits that it produced price lists referred to in Paragraph 231 of the Complaint that show the AWP and wholesale acquisition cost for Anzemet to customers in a specific class of trade.   Aventis admits that it sells its medicines at prices below AWP.   Aventis denies the remaining allegations in Paragraph 231 of the Complaint that pertain to it.

232.    Aventis denies that the document (AV-AAA-000705) excerpt cited in Paragraph 232 of the Complaint is a price list issued by Arcola Laboratories or that it concerns Calcimar®.   Aventis states further that the entire document is the best evidence of its content.

20