**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO *State of Montana v. American Home Products Corp., et al.*, D. Mont. Cause No. CV- 02-09-H-DWM | |

**AVENTIS PHARMACEUTICALS INC.'S ANSWER TO**
**STATE OF MONTANA'S SECOND AMENDED COMPLAINT**

Defendant Aventis Pharmaceuticals Inc.[1] ("Aventis") hereby responds and answers the State of Montana's Second Amended Complaint (the "Complaint") as follows:

**Preface**

Prior to addressing the specific allegations of the numbered Paragraphs, Aventis states the following general objections and responses to the Complaint as a whole.  The Complaint contains purported quotations from a number of sources, many of which are unidentified.  If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, Aventis reserves the right to assert such privileges, hereby moves to strike such references and demands return of any such documents that Plaintiff may have in its possession, custody or control.  In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered

---

[1]     Plaintiff's description of "Aventis Group (Aventis, Pharma, Hoechst & Behring)" in the Complaint is inaccurate and misleading.  This Answer is that of Aventis Pharmaceuticals Inc. in its own capacity and as the successor in interests to Hoechst Marion Roussel, Inc.

1

by the person or entity quoted shall not constitute an admission that the substantive contents of the quote is or is not true or that the material is relevant or admissible in this action.

The Complaint also improperly and repetitively refers to Aventis and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Aventis.  It also improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully.  Finally, the Complaint includes terms that are undefined and that are susceptible of different meanings.

Notwithstanding these pleading deficiencies, Aventis has attempted to respond to Plaintiff's allegations.  To the extent allegations refer to the knowledge, conduct or actions of other entities, Aventis is generally without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, Aventis denies those allegations.  Aventis also denies each and every allegation contained in the Complaint, except as specifically hereinafter admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculations that are contained in any averment or in the Complaint as a whole.  Moreover, Aventis specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered Paragraphs in the Complaint.  These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## I.      INTRODUCTION

1.      To the extent that the allegations set forth in Paragraph 1 contain Plaintiff's characterization of the action, no answer is required and none is made.  Aventis denies the remaining allegations in Paragraph 1 of the Complaint that pertain to it.

2.      Aventis admits that it is a manufacturer of pharmaceutical products.  To the extent the allegations of this Paragraph refer to statutory or regulatory programs, the statutes,

113048v8

regulations and other sources regarding those programs speak for themselves, and any characterizations thereof are denied. To the extent the allegations in Paragraph 2 of the Complaint are directed to persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations. Aventis denies the remaining allegations in Paragraph 2 of the Complaint that pertain to it.

3.      The allegations in Paragraph 3 contain Plaintiff's generalizations and self-serving conclusions. Accordingly, no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

4.      The allegations in Paragraph 4 contain Plaintiff's generalizations and self-serving conclusions. Accordingly, no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

5.      Aventis admits that some private and public drug reimbursement systems reimburse physicians and pharmacies based upon the AWP as published and reported by various compendia. Aventis denies the remaining allegations in Paragraph 5 of the Complaint that pertain to it.

6.      Aventis admits that at one time it reported pricing information to various compendia, which may have considered that information when publishing AWP. Aventis denies the existence of, and its participation in, any "AWP Inflation Scheme" as alleged in Paragraph 6 of the Complaint. To the extent the allegations in Paragraph 6 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations of Paragraph 6 contain

3

legal arguments or conclusions of law, no answer is required and none is made.  Aventis denies the remaining allegations in Paragraph 6 of the Complaint that pertain to it.

7.      Aventis denies the existence of, and its participation in, any "AWP Inflation Scheme" as alleged in Paragraph 7 of the Complaint.   To the extent the allegations in Paragraph 7 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent the allegations of Paragraph 7 contain legal arguments or conclusions of law, no answer is required and none is made.  Aventis denies the remaining allegations in Paragraph 7 of the Complaint that pertain to it.

8.      Aventis denies the allegations in Paragraph 8 of the Complaint that pertain to it. To the extent the allegations in Paragraph 8 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

9.      Aventis denies the allegations in Paragraph 9 of the Complaint that pertain to it. To the extent the allegations in Paragraph 9 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

10.      Aventis denies the allegations in Paragraph 10 of the Complaint that pertain to it. To the extent the allegations in Paragraph 10 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or

4

information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

11.     Plaintiff's "Best Price" claims against Aventis have been dismissed by Court Order.  Accordingly, no answer is required and none is made.

12.     Plaintiff's "Best Price" claims against Aventis have been dismissed by Court Order.  Accordingly, no answer is required and none is made.

13.     Aventis denies the allegations in Paragraph 13 of the Complaint that pertain to it. To the extent the allegations in Paragraph 13 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

14.     Aventis denies the allegations in Paragraph 14 of the Complaint that pertain to it. To the extent the allegations in Paragraph 14 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

15.     Aventis denies the allegations in Paragraph 15 of the Complaint that pertain to it. To the extent the allegations in Paragraph 15 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

16.     Aventis denies the allegations in Paragraph 16 of the Complaint that pertain to it. To the extent the allegations in Paragraph 16 of the Complaint refer to the knowledge, conduct or

5

actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

17.     Aventis denies the allegations in Paragraph 17 of the Complaint that pertain to it. To the extent the allegations in Paragraph 17 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

18.     The allegations set forth in Paragraph 18 contain Plaintiff's characterization of the action.  No answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

19.     Aventis denies the allegations in Paragraph 19 of the Complaint that pertain to it. To the extent the allegations in Paragraph 19 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

20.     The allegations in Paragraph 20 contain Plaintiff's generalizations and self-serving conclusions.  Accordingly, no answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

21.     The allegations set forth in Paragraph 21 contain Plaintiff's characterization of the action.  No answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

113048v8

22.     The allegations set forth in Paragraph 22 contain Plaintiff's characterization of the action.  No answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

23.     The allegations set forth in Paragraph 23 contain Plaintiff's characterization of the action.  No answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

## II.     PARTIES

24.     Aventis admits that Mike McGrath is the current Attorney General of the State of Montana.  To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  To the extent the allegations contain legal conclusions regarding the scope of the Attorney General's statutory authority, no answer is required and none is made.  Any characterizations are denied.  Aventis denies the remaining allegations in Paragraph 24 of the Complaint that pertain to it.

25.     Aventis generally admits the factual allegations set forth in Paragraph 25 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.  To the extent the allegations in Paragraph 25 set forth legal arguments or conclusions of law, no response is required and none is made.

26.     Aventis generally admits the factual allegations set forth in Paragraph 26 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.  To the extent the allegations in Paragraph 26 set forth legal arguments or conclusions of law, no response is required and none is made.

113048v8

27.     Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27, and therefore, denies those allegations.

28.     Aventis generally admits the factual allegations set forth in the first sentence of Paragraph 28 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.  Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 28 and, therefore, denies those allegations.  To the extent the allegations in Paragraph 28 set forth legal arguments or conclusions of law, no response is required and none is made.

29.     Aventis denies the allegations set forth in Paragraph 29 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 29 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent the allegations in Paragraph 29 set forth legal arguments or conclusions of law, no response is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

30.     Aventis admits that it transacted business in the State of Montana.

31-39. The allegations in Paragraphs 31 through 39 of the Complaint are directed to other defendants and require no response from Aventis.

40.     Aventis admits it is a Delaware corporation with its principal place of business in Bridgewater, New Jersey.  Aventis also admits that it is an indirect wholly-owned subsidiary of Aventis, S.A., a company domiciled in France.  Aventis further admits that Hoechst Marion

113048v8

Roussel, Inc. ("Hoechst") was a predecessor company and that Hoechst was a Delaware corporation with its principal place of business in Kansas City, Missouri. Aventis denies the remaining allegations in Paragraph 40 of the Complaint.

41.     Aventis admits that its principal business activities are the discovery, development, manufacture and sale of prescription medicines in the area of cardiology, oncology, infectious diseases, arthritis, allergies and respiratory disorders, diabetes and central nervous system disorders. Aventis denies the remaining allegations in Paragraph 41 of the Complaint.

42.     The allegations in Paragraph 42 of the Complaint are directed to another defendant and require no response from Aventis. To the extent the allegations in Paragraph 42 of the Complaint are deemed to include allegations against Aventis, they are denied.

43.     The allegations in Paragraph 43 of the Complaint are directed to another defendant and require no response from Aventis. To the extent the allegations in Paragraph 43 of the Complaint are deemed to include allegations against Aventis, they are denied.

44.     Aventis objects to Plaintiff's collective reference to the "Aventis Group." As noted above, Hoechst was a predecessor company and Behring is a separate entity.

45.     To the extent the allegations in Paragraph 45 of the Complaint are directed to Aventis as defined in Footnote 1 hereto, Aventis admits that it manufactures drugs that are purchased by citizens of the State of Montana and are reimbursed under the Montana Medicaid Program. The remaining allegations in Paragraph 45 of the Complaint are directed to another defendant and require no response from Aventis.

46-111.  The allegations in Paragraphs 46 through 111 of the Complaint are directed to other defendants and require no response from Aventis.

9

### III.    PRESCRIPTION DRUG SPENDING IN THE UNITED STATES HAS INCREASED DRAMATICALLY, DISPROPORTIONATELY IMPACTING THE POOR AND ELDERLY

112.    The allegations in Paragraph 112 contain Plaintiff's generalizations and self-serving conclusions.  Accordingly, no answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

113-121.  The allegations set forth in Paragraphs 113 through 121 are alleged findings, opinions, statements or conclusions contained in the "Chartbook," "Chartbook Update" and "Fact Sheet" cited in Paragraphs 113 through 121 of the Complaint.  Aventis avers that those sources cited in Paragraphs 113 through 121 are the best evidence of their contents.  Aventis denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Aventis.  Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations and demands strict proof thereof.

122.    Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122 and, therefore, denies those allegations.

123.    Aventis denies the allegations set forth in Paragraph 123 of the Complaint that pertain to it.

### IV.    THE PRESCRIPTION DRUG MARKET

124-141.  The allegations set forth in Paragraphs 124 through 141 contain Plaintiff's self-serving conclusions and generalizations regarding the Prescription Drug Market without specific detailed factual allegations averred against Aventis.  Accordingly, no answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.  Moreover, the allegations set forth in Paragraphs 124 through 141 contain alleged findings, opinions, statements or conclusions from the "Chartbook."

10

Aventis avers that the Chartbook is the best evidence of its content.  Aventis denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Aventis.  Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations and demands strict proof thereof.

## V.   GOVERNMENT REIMBURSEMENT SYSTEMS FOR PRESCRIPTION DRUGS

142.    Aventis admits the allegations set forth in Paragraph 142.

143.    Aventis admits the allegations set forth in Paragraph 143.

144.    Aventis admits the allegations set forth in Paragraph 144.

145.    Aventis avers that "Medicare Explained" cited in Paragraph 145 of the Complaint speaks for itself and is the best evidence of its content.  Aventis denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Aventis.  Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

146.    Aventis admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which is the best evidence of its content.

147.    Aventis denies the allegations in the first sentence of Paragraph 147 of the Complaint insofar as the source of the quoted material is unidentified.  Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis admits it is aware that providers of Medicare-covered products have historically been reimbursed based on AWP published in certain compendia.

11

148.    Aventis admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which is the best evidence of its content.

149.    Aventis admits that the Medicare Program has publicly announced that it would use the AWP published in independently produced pricing publications as the basis for reimbursement.  Aventis states that the Program Memorandum AB-99-63 cited in Paragraph 149 of the Complaint is the best evidence of its content.

150.    Aventis states that the Program Memorandum AB-99-63 cited in Paragraph 150 of the Complaint is the best evidence of its content.

151.    Aventis admits that at one time it reported pricing information to various compendia, which may have considered that information when publishing AWP. To the extent the allegations in Paragraph 151 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

152.    Aventis admits the allegations in Paragraph 152 of the Complaint.

153.    Aventis admits the allegations in Paragraph 153 of the Complaint.

154-157.   Aventis avers that the sources cited in Paragraphs 154 through 157 of the Complaint are the best evidence of their contents.  Aventis denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Aventis.  Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

158.    Aventis generally admits the factual allegations set forth in Paragraph 158 and avers that to the extent the allegations refer to statutes, regulations or other documents, those

sources speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 158 set forth legal arguments or conclusions of law, no response is required and none is made.

159.    Aventis generally admits the factual allegations set forth in Paragraph 159 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.   To the extent the allegations in Paragraph 159 set forth legal arguments or conclusions of law, no response is required and none is made.

160.    Aventis generally admits the factual allegations set forth in Paragraph 160 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.   Aventis avers that the "Detailed Case Studies" cited in Paragraph 160 of the Complaint are the best evidence of its content.  Aventis denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Aventis.  Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

161.    Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 161 and, therefore, denies those allegations. Aventis avers that the "Detailed Case Studies" cited in Paragraph 161 of the Complaint are the best evidence of its content.  Aventis denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Aventis.

162.    Aventis admits that the reimbursement methodology for outpatient prescription drugs covered by the Montana Medicaid Program is set forth at Mont. Admin. R. 37.86.1101 *et seq.*, which is the best evidence of its content.   To the extent the allegations rely on the "Prescription Drug Program" cited in the last sentence of Paragraph 162, Aventis avers that it is the best evidence of its content.  Aventis denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Aventis.

163.    Aventis admits it is aware that Medicaid beneficiaries are generally responsible to pay a co-payment.  To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.   Any characterizations are denied.  To the extent the allegations in Paragraph 163 set forth legal arguments or conclusions of law, no response is required and none is made.  Aventis denies the remaining allegations in Paragraph 163 of the Complaint that pertain to it.

**VI.    AWP PLAYS A CENTRAL ROLE IN ALL PRESCRIPTION
DRUG REIMBURSEMENT SYSTEMS, AND THE
TRUTHFUL REPORTING OF AWPS IS ESSENTIAL
TO THE INTEGRITY OF THE MARKETPLACE**

164.    Aventis admits that certain reimbursing entities have chosen AWP to play a role in various prescription drug reimbursement systems that operate in the United States.  Aventis denies all other allegations set forth in Paragraph 164.

165.    Upon information and belief, Aventis admits the allegations in the first two sentences of Paragraph 165 of the Complaint.  Aventis denies all other allegations set forth in Paragraph 165.

166.    Aventis admits that certain reimbursing entities have chosen AWP to play a role in various prescription drug reimbursement systems that operate in the United States. To the

113048v8

extent the allegations in Paragraph 166 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Aventis denies all other allegations in Paragraph 166.

167.    Aventis admits that independently produced compendia periodically report AWPs for prescription medicines sold in the United States.  To the extent the allegations in Paragraph 167 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Aventis denies the remaining allegations of Paragraph 167.

168.    Aventis admits that independently produced pricing publications periodically report AWPs for prescription medicines sold in the United States.  Aventis states that the 1999 edition of RED BOOK and the June 1996 Dow Jones News article cited in Paragraph 168 of the Complaint are the best evidence of their contents.  The remaining allegations are directed at other defendants and require no response from Aventis.  To the extent an answer is deemed to be required, Aventis denies the remaining allegations in Paragraph 168 and demands strict proof thereof.

169.    Aventis denies the allegations set forth in Paragraph 169.

170-171.    Aventis states that the April 2003 OIG report cited in Paragraphs 170 through 171 of the Complaint is the best evidence of its content.  Aventis denies that Plaintiff has accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to Aventis.

172.    Aventis denies the allegations set forth in Paragraph 172.

## VII.    THE AWP INFLATION SCHEME

173.    Aventis denies the allegations set forth in Paragraph 173.

174.    Aventis denies the allegations set forth in Paragraph 174.

175.    Aventis denies the allegations set forth in Paragraph 175.

176.    Aventis admits that at one time it reported pricing information to various compendia, which may have considered that information when publishing AWP.  To the extent the allegations in Paragraph 176 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Otherwise, the allegations set forth in the first sentence of Paragraph 176 are denied.

177.    Aventis denies the allegations set forth in Paragraph 177.

178.    Aventis denies the allegations set forth in Paragraph 178.

179.    Aventis admits that at one time it reported pricing information to various compendia, which may have considered that information when publishing AWP.  To the extent the allegations in Paragraph 179 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Otherwise, the allegations set forth in the first sentence of Paragraph 179 are denied.

180.    Aventis denies the allegations set forth in Paragraph 180.

181.    Aventis denies the allegations set forth in Paragraph 181.

182.    Aventis denies the allegations set forth in Paragraph 182.

183.    Aventis denies the allegations set forth in Paragraph 183.

184.    Aventis denies the allegations set forth in Paragraph 184.

185-200.  The allegations set forth in Paragraphs 185 through 200 are directed at other defendants and no response from Aventis is required.  To the extent an answer is deemed to be required, Aventis denies the allegations set forth in paragraphs 185 through 200.

201.    Aventis denies the allegations in Paragraph 201 of the Complaint that pertain to it. To the extent the allegations in Paragraph 201 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

202.    The allegations set forth in Paragraph 202 are not directed at Aventis and no response from Aventis is required.  To the extent an answer is deemed to be required, Aventis denies the allegations set forth in paragraph 202.

203-208.  Aventis denies the allegations set forth in Paragraphs 203 through 208 that pertain to it.  To the extent the allegations in Paragraphs 203 through 208 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

209.    Aventis denies the allegations set forth in Paragraph 209 that pertain to it.  To the extent the allegations in Paragraph 209 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Aventis states that THE "WALL STREET JOURNAL" article cited in Paragraph 209 of the Complaint is the best evidence of its content.  Aventis denies that Plaintiff

characterized the contents of THE WALL STREET JOURNAL article accurately and specifically denies the contents of the allegations referencing the article.

210.    Aventis denies the allegations set forth in Paragraph 210 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 210 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

211-212.    Aventis denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 211 of the Complaint.  Aventis states that the September 28, 2000, letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 211 through 212 of the Complaint is the best evidence of its content.  Aventis denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to Aventis.

213.    To the extent the allegations in Paragraph 213 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

214.    Aventis denies the allegations set forth in Paragraph 214 of the Complaint pertaining to it.  To the extent the allegations in Paragraph 214 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

18

215.    Aventis denies the allegations set forth in Paragraph 215 of the Complaint pertaining to it.  To the extent the allegations in Paragraph 215 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Aventis, Aventis is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

216-273.  The allegations in Paragraphs 216 through 273 of the Complaint are directed to another defendant and require no response from Aventis.   To the extent allegations in Paragraphs 216 through 273 of the Complaint are deemed to include allegations against Aventis, they are denied.

274.    Aventis denies the allegations set forth in Paragraph 274 of the Complaint.

275.    The allegations set forth in Paragraph 275 contain Plaintiff's characterization of the action.  No response is required and none is made.

276.    Aventis admits that at one time it reported pricing information to various compendia, which may have considered that information when publishing AWP.  Aventis admits that it reported a suggested AWP for its medicines during a portion of that time.  Aventis further admits that it produced the documents (AV-AAA-001054, AV-AAA-001047, AV-AAA-00105 and AV-AAA-001066) cited in Paragraph 276 of the Complaint, but Aventis states that these documents are the best evidence of their contents and denies that the conclusions Plaintiff draws from these documents are accurate.  Aventis denies that it produced or prepared the document (ABAWP 005314) cited in the last sentence of Paragraph 276 of the Complaint and further denies that this document reflects any conduct by or knowledge of Aventis.  Therefore, it appears the allegations in the last sentence of Paragraph 276 are directed to another defendant and require

no response from Aventis.  To the extent allegations in the last sentence of Paragraph 276 of the Complaint are deemed to include allegations against Aventis, they are denied.

277.    Aventis denies the allegations set forth in Paragraph 277 of the Complaint.

278.    Aventis denies that it produced or prepared the document (ABAWP 008990-91) cited in the last sentence of Paragraph 278 of the Complaint and further denies that this document reflects any conduct by or knowledge of Aventis.  Therefore, it appears the allegations in Paragraph 278 are directed to another defendant and require no response from Aventis.  To the extent allegations in Paragraph 278 of the Complaint are deemed to include allegations against Aventis, they are denied.

279.    Aventis denies that it produced or prepared the document (ABAWP 012067) cited in the last sentence of Paragraph 279 of the Complaint and further denies that this document reflects any conduct by or knowledge of Aventis.  Therefore, it appears the allegations in Paragraph 279 are directed to another defendant and require no response from Aventis.  To the extent allegations in Paragraph 279 of the Complaint are deemed to include allegations against Aventis, they are denied.

280.    Aventis denies that it produced or prepared the document (ABAWP 000855) cited in the last sentence of Paragraph 280 of the Complaint and further denies that this document reflects any conduct by or knowledge of Aventis.  Therefore, it appears the allegations in Paragraph 280 are directed to another defendant and require no response from Aventis.  To the extent allegations in Paragraph 280 of the Complaint are deemed to include allegations against Aventis, they are denied.

281.    Aventis states that the Aventis document (AV-AAA-02242-56) cited in Paragraph 281 of the Complaint is the best evidence of its content.  Aventis denies that the

113048v8