## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO State of Montana v. Abbott Labs. Inc., et al. Civil Action No.: 02-1284-PBS | |

## ANSWER OF BRISTOL-MYERS SQUIBB COMPANY, ONCOLOGY THERAPEUTICS NETWORK CORPORATION AND APOTHECON, INC. TO STATE OF MONTANA'S SECOND AMENDED COMPLAINT

Defendants Bristol-Myers Squibb Company ("Bristol-Myers"), Oncology Therapeutics Network Corporation ("OTN"), and Apothecon, Inc. ("Apothecon") (Bristol-Myers, OTN and Apothecon are collectively referred to herein as the "BMS Group"),[1] respond to State of Montana's Second Amended Complaint, served via Verilaw on November 5, 2003, as follows:

### Preliminary Statement

The Second Amended Complaint improperly refers to Bristol-Myers, OTN, and Apothecon, other Defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Bristol-Myers, OTN and/or Apothecon. This is insufficient to apprise BMS Group (let alone each separate entity) of the allegations asserted

---

[1] In this Answer, Bristol-Myers, OTN and Apothecon follow the convention of the Second Amended Complaint by referring to themselves collectively as the "BMS Group." By following the Second Amended Complaint in this manner, none of these Defendants concedes or admits that it is properly defined as a "Group" for any other purpose.

against it.   BMS Group has nevertheless attempted to respond to the State of Montana's allegations to the extent possible.

To the extent the Second Amended Complaint's allegations refer to the knowledge, conduct or actions of other persons or entities, BMS Group is generally without knowledge or information sufficient to form a belief as to the truth of those allegations.  BMS Group states that it is answering Plaintiff's allegations solely on behalf of itself, even when Plaintiff's allegations refer to alleged conduct by BMS Group and other persons or entities.

The Second Amended Complaint also contains purported quotations from a number of sources, many of which are unidentified.   In answering allegations consisting of quotations, a failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or a reference to the full document shall not constitute an admission that the substantive content of the quote or document is or is not true or that the material is relevant or admissible in this action.

BMS Group denies each and every allegation contained in the Second Amended Complaint, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculation contained in any averment or in the Second Amended Complaint as a whole.  Moreover, BMS Group specifically denies any allegations contained in headings, footnotes, tables, Table of Contents or unnumbered paragraphs in the Second Amended Complaint.

These objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## Specific Responses

1. BMS Group admits the State of Montana seeks to bring this action as alleged in Paragraph 1 of the Second Amended Complaint. BMS Group denies that Plaintiff is entitled to maintain this action in the manner alleged.

2. BMS Group admits that it is a manufacturer of pharmaceutical products. To the extent the allegations of Paragraph 2 refer to statutory or regulatory programs, the statutes, regulations and other sources regarding those programs speak for themselves, and any characterizations thereof are denied. To the extent the allegations in Paragraph 2 of the Second Amended Complaint are directed to persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations. BMS Group denies the remaining allegations in Paragraph 2 of the Second Amended Complaint that pertain to it.

3. The allegations in Paragraph 3 of the Second Amended Complaint contain Plaintiff's generalizations and self-serving conclusions. Accordingly, no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied.

4. BMS Group denies the allegations in Paragraph 4 of the Second Amended Complaint, except admits it has spent significant sums of money to research, develop and market new drugs.

5. BMS Group denies the allegations in Paragraph 5 of the Second Amended Complaint, except admits that it reports certain pricing information for its medicines to third-party publications, that Congress has mandated that Medicaid and Medicare Part B reimbursements be based, in part, upon AWP, and that AWP (often less a negotiated percentage discount) is sometimes used as a basis for reimbursement by private insurance companies and self-insured employers.

6-10.  BMS Group denies the allegations in Paragraphs 6 through 10 of the Second Amended Complaint.  To the extent the allegations in Paragraphs 6 through 10 of the Second Amended Complaint are directed to persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations.

11-12. The Court dismissed Plaintiff's Best Price claims against BMS Group in its Memorandum and Order dated June 10, 2004.  Accordingly, no response is required to Paragraphs 11 and 12 of the Second Amended Complaint, and none is made.

13-14. The allegations in Paragraphs 13 through 14 of the Second Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraphs 13 through 14 of the Second Amended Complaint.  To the extent the allegations in Paragraphs 13 through 14 of the Second Amended Complaint are directed to persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations.

15-18. BMS Group denies the allegations in Paragraphs 15 through 18 of the Second Amended Complaint, except it admits that Plaintiff seeks relief as alleged in Paragraph 18 of the Second Amended Complaint.  To the extent the allegations in Paragraphs 15 through 18 of the Second Amended Complaint are directed to persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations.

19-20. BMS Group denies the allegations in Paragraphs 19 through 20 of the Second Amended Complaint.

21-23. BMS Group admits the State of Montana seeks to bring this action as alleged in Paragraph 21 through 23 of the Second Amended Complaint. BMS Group denies that Plaintiff is entitled to maintain this action in the manner alleged.

24.     BMS Group admits that Mike McGrath is the current Attorney General of the State of Montana. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. To the extent the allegations contain legal conclusions regarding the scope of the Attorney General's statutory authority, no answer is required and none is made. Any characterizations are denied. BMS Group denies the remaining allegations in Paragraph 24 of the Second Amended Complaint that pertain to it.

25-26. BMS Group generally admits the factual allegations set forth in Paragraphs 25 and 26 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. To the extent the allegations in Paragraphs 25 and 26 of the Second Amended Complaint set forth legal arguments or conclusions of law, no response is required and none is made.

27.     BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Second Amended Complaint.

28.     BMS Group generally admits the factual allegations set forth in the first sentence of Paragraph 28 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 28. To the

extent the allegations in Paragraph 28 of the Second Amended Complaint set forth legal arguments or conclusions of law, no response is required and none is made.

29.     BMS Group denies the allegations in Paragraph 29 of the Second Amended Complaint that pertain to it.   To the extent the allegations in Paragraph 29 refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

30.     BMS Group admits that it conducted business in the State of Montana.

31-60. The allegations in Paragraphs 31 through 60 of the Second Amended Complaint are directed to other defendants and require no response from BMS Group.   To the extent the allegations in Paragraphs 31 through 60 of the Second Amended Complaint are deemed to include allegations against BMS Group, they are denied.

61.     Bristol-Myers admits that it is a Delaware corporation with its principal place of business located at 345 Park Avenue, New York, New York.   Bristol-Myers admits it is involved in the manufacturing, marketing and sale of pharmaceuticals and health care products.   Bristol-Myers denies the remaining allegations in Paragraph 61 of the Second Amended Complaint and refers to its SEC filings for its financial information.

62.     OTN admits that it is a Delaware corporation with its principal place of business located at 395 Oyster Point Boulevard, Suite 405, South San Francisco, California.   OTN admits it has been a wholly-owned subsidiary of Bristol-Myers since 1996.   OTN denies the remaining allegations in Paragraph 62 of the Second Amended Complaint.

63.     Bristol-Myers and OTN deny the allegations in Paragraph 63 of the Second Amended Complaint, except OTN admits that it is a health care services and distribution firm

6

that sells, among other things, Bristol-Myers' infusion oncology drugs and related products to office-based oncology practices in the United States; OTN admits that at the time of its acquisition by Bristol-Myers, it was a leading distributor of chemotherapeutic drugs and related products for the treatment of oncology; Bristol-Myers admits that it marketed and sold its drugs directly to medical providers both prior to and after its acquisition of OTN; Bristol-Myers and OTN admit they each employ and maintain marketing and sales departments; and Bristol-Myers admits that it has paid sales commissions to OTN.

64.    Apothecon denies the allegations in Paragraph 64 of the Second Amended Complaint, except Apothecon admits that it is a Delaware corporation and that it is a subsidiary of Bristol-Myers.

65.    The allegations in Paragraph 65 of the Second Amended Complaint state a conclusion to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 65 of the Second Amended Complaint.

66.    BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Second Amended Complaint.

67-111.    The allegations in Paragraphs 67 through 111 of the Second Amended Complaint are directed to other defendants and require no response from BMS Group.  To the extent the allegations in Paragraphs 67 through 111 of the Second Amended Complaint are deemed to include allegations against BMS Group, they are denied.

112.    The allegations in Paragraph 112 of the Second Amended Complaint contain Plaintiff's generalizations and self-serving conclusions.  Accordingly, no answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied.

113-121.  The allegations set forth in Paragraphs 113 through 121 are alleged findings, opinions, statements or conclusions contained in the "Chartbook," "Chartbook Update" and "Fact Sheet," which speak for themselves and are the best evidence of their contents.  BMS Group denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to BMS Group.  BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

122.    BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122 of the Second Amended Complaint.

123.    The allegations in Paragraph 123 of the Second Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 123 of the Second Amended Complaint.

124-141.  The allegations set forth in Paragraphs 124 through 141 contain Plaintiff's self-serving conclusions and generalizations regarding the prescription drug market without specific detailed factual allegations averred against BMS Group.  Accordingly, no answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied.  Moreover, the allegations set forth in Paragraphs 124 through 141 contain alleged findings, opinions, statements or conclusions from the "Chartbook."  BMS Group avers that the Chartbook speaks for itself and is the best evidence of its contents.  BMS Group denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to BMS Group.  BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

142-144.    BMS Group admits the allegations in Paragraphs 142 through 144 of the
Second Amended Complaint.

145.    BMS Group avers that "Medicare Explained" cited in Paragraph 145 of the
Second Amended Complaint speaks for itself and is the best evidence of its contents.  BMS
Group denies that Plaintiff has accurately characterized any alleged finding, opinion, statement
or conclusion contained therein, or that such are applicable to BMS Group.  BMS Group is
without knowledge or information sufficient to form a belief as to the truth of those allegations
and, therefore, denies those allegations.

146.    BMS Group denies the allegations in Paragraph 146 of the Second Amended
Complaint, except admits that the reimbursement methodology for drugs covered by Medicare
Part B is set forth in 42 C.F.R. 405.517, which is the best evidence of its contents.

147-148.    BMS Group denies the allegations in Paragraphs 147 through 148 of the
Second Amended Complaint, except states that it is without knowledge or information sufficient
to form a belief as to Medicare's "historical" use of AWPs in the "Red Book or other compendia
. . . as a ceiling for . . . reimbursement;" states that 42 C.F.R. § 405.517 speaks for itself and is
the best evidence of its contents; and admits that the estimated acquisition cost for a drug could
be determined by the Medicare Program based on surveys.

149.    BMS Group denies the allegations in Paragraph 149 of the Second Amended
Complaint, except admits that the Medicare Program has on occasion publicly announced that it
would use some form of the AWP published in pharmaceutical industry pricing publications as a
basis for reimbursement and states that Program Memo AB-99-63 cited in Paragraph 149 of the
Second Amended Complaint speaks for itself and is the best evidence of its contents.

150.    BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and states that Program Memo AB-99-63 cited in Paragraph 150 of the Second Amended Complaint speaks for itself and is the best evidence of its contents.

151.    BMS Group denies the allegations in Paragraph 151 of the Second Amended Complaint, except admits that it reports certain pricing information to independent pharmaceutical industry publishing companies and does not report AWPs to the federal government or to anyone else and admits upon information and belief that the federal government and private health plans make use of AWPs developed by those independent publishing companies.

152-153.    BMS Group admits the allegations in Paragraphs 152 through 153 of the Second Amended Complaint except denies knowledge or information sufficient to form a belief as to the extent to which Medicare Part B beneficiaries or the insurers actually make the co-payments.

154-163.    BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 154 through 163 of the Second Amended Complaint, except admits that the reimbursement methodology for drugs covered by the Montana Medicaid Program is set forth in Mont. Admin. R. 37.86.1101 and 37.86.1105, and 42 C.F.R. §§ 447.331-32, which are the best evidence of their contents.

164.    BMS Group admits that AWPs play a role in various prescription drug reimbursement systems that operate in the United States.   BMS Group denies all other allegations in Paragraph 164 of the Second Amended Complaint.

165.    BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 of the Second Amended Complaint, except admits that prescription drugs are dispensed to patients by different types of medical providers, including hospitals, physicians and retail pharmacies.

166.    BMS Group denies the allegations in Paragraph 166 of the Second Amended Complaint, except admits that various participants in prescription drug reimbursement systems rely on AWPs to reimburse physicians and pharmacies.  To the extent the allegations in Paragraph 166 refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

167-168.    BMS Group denies the allegations in Paragraphs 167 through 168 of the Second Amended Complaint, except admits that pharmaceutical industry pricing publications periodically report AWPs for prescription medicines sold in the United States.  BMS Group states that the pleadings, the 1999 edition of the *Red Book* and the June 1996 Dow Jones News article cited in Paragraph 168 of the Second Amended Complaint speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraphs 167 and 168 refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

169.    BMS Group denies the allegations in Paragraph 169 of the Second Amended Complaint.

170-171.    BMS Group denies that Plaintiff has accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such is applicable to BMS Group, and

states that the April 2003 OIG report cited in Paragraphs 170 through 171 of the Second Amended Complaint speaks for itself and is the best evidence of its contents.

172-175.    BMS Group denies the allegations in Paragraphs 172 through 175 of the Second Amended Complaint, and specifically denies the existence of, and its participation in, any "AWP Inflation Scheme" as alleged in Paragraphs 174 and 175 of the Second Amended Complaint.

176.   BMS denies the allegations in Paragraph 176 of the Second Amended Complaint as to BMS Group and states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to other defendants.

177-191.    BMS Group denies the allegations in Paragraphs 177 through 191 of the Second Amended Complaint, except admits that, from time to time, it has provided free samples of certain of its drugs to medical providers in a lawful manner, that the reimbursement methodology for drugs covered by Medicare Part B is set forth in 42 C.F.R. § 405.517, which is the best evidence of its contents, and that the reimbursement methodology for drugs covered by the Montana Medicaid Program is set forth in Mont. Admin. R. 37.86.1101 and 42 C.F.R. § 447.332, which are the best evidence of their contents.   To the extent the allegations in Paragraphs 177 through 191 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

192.   BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 of the Second Amended Complaint.

193-209.    BMS Group denies the allegations of Paragraphs 193 through 209 as they pertain to it and, to the extent the allegations in Paragraphs 193 through 209 of the Second

Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  BMS Group states that the *Red Book* and the unidentified DOJ report cited in Paragraph 196 and the pleadings cited in Paragraphs 197 through 200 of the Second Amended Complaint speak for themselves and are the best evidence of their contents.

210.    BMS Group denies the allegations in Paragraph 210 of the Second Amended Complaint, except admits that the governmental agencies listed in Paragraph 210 of the Second Amended Complaint have conducted investigations concerning pricing in the pharmaceutical industry.  To the extent the allegations in Paragraph 210 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

211-212.    BMS Group denies the existence of, and its participation in, any "scheme" cited in Paragraph 211 of the Second Amended Complaint.  BMS Group states that the September 28, 2000 letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 211 through 212 of the Second Amended Complaint speaks for itself and is the best evidence of its contents.  BMS Group denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to BMS Group.

213.    Upon information and belief, BMS Group admits the allegations of Paragraph 213 of the Second Amended Complaint.

214-215.    BMS Group denies the allegations of Paragraphs 214 and 215 as they pertain to it and, to the extent the allegations in Paragraphs 214 and 215 of the Second Amended

Complaint refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

216-363.   The allegations in Paragraphs 216 through 363 of the Second Amended Complaint are directed to other defendants and require no response from BMS Group.  To the extent allegations in Paragraphs 216 through 363 of the Second Amended Complaint are deemed to include allegations against BMS Group, they are denied.

364-365.   BMS Group denies the allegations in Paragraphs 364 and 365 of the Second Amended Complaint and states that specific drugs as to which Plaintiff seeks relief are selected by Plaintiff and do not require a response from BMS Group; to the extent that such a response is required, BMS Group denies that Plaintiff is entitled to a judgment or any relief.

366.   BMS Group denies the allegations in Paragraph 366 of the Second Amended Complaint, except admits that it communicated with industry compendia concerning certain prices of its products.  BMS Group further states that the document written by Denise Kaszuba and the BMS Group document (BMSAWP/0011246) cited in Paragraph 366 speak for themselves and are the best evidence of their contents.  BMS Group denies the conclusions that Plaintiff draws from these documents.

367.   BMS Group denies the allegations in Paragraph 367 of the Second Amended Complaint.

368.   BMS Group denies the allegations in Paragraph 368 of the Second Amended Complaint that pertain to it and, to the extent the allegations in Paragraph 368 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a

14

belief as to the truth of those allegations. BMS Group states that the BMS Group document (BMS3CA/000128) cited in Paragraph 368 of the Second Amended Complaint speaks for itself and is the best evidence of its contents. BMS Group denies the conclusion that Plaintiff draws from this document.

369.    BMS Group denies the allegations in Paragraph 369 of the Second Amended Complaint, except admits that it was sometimes aware of and has noted the AWPs of its competitors' drugs. BMS Group notes that the document number cited in Paragraph 369 of the Second Amended Complaint does not contain the quoted language.

370.    BMS Group denies the allegations in Paragraph 370 of the Second Amended Complaint that pertain to it and states that the BMS Group document cited in Paragraph 370 of the Second Amended Complaint speaks for itself and is the best evidence of its contents. BMS Group denies the conclusion that Plaintiff draws from the alleged quotation from this document.

371.    BMS Group denies the allegations in Paragraph 371 and states that the documents referred to in Paragraph 371 of the Second Amended Complaint speak for themselves and are the best evidence of their contents.

372.    BMS Group denies the allegations in Paragraph 372 of the Second Amended Complaint and states that the BMS Group document cited in Paragraph 372 of the Second Amended Complaint speaks for itself and is the best evidence of its contents.

373.    BMS Group denies the allegations in Paragraph 373 of the Second Amended Complaint and, to the extent the allegations in Paragraph 373 refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations. BMS Group states that the documents referred to in Paragraph 373 of the Second Amended Complaint

speak for themselves and are the best evidence of their contents.  BMS Group denies the conclusions that Plaintiff draws from these documents.

374.   BMS Group denies the allegations in Paragraph 374 of the Second Amended Complaint, except admits that the pharmaceutical industry pricing publications publish AWPs relating to its drugs.  BMS Group states that the document referred to in Paragraph 374 of the Second Amended Complaint speaks for itself and is the best evidence of its contents.  BMS Group denies the conclusion that Plaintiff draws from this document.

375-377.   BMS Group denies the allegations in Paragraph 375 through 377 and states that the 1999 *Red Book* referred to in Paragraph 375 and the documents referred to in Paragraph 377 of the Second Amended Complaint speaks for themselves and are the best evidence of their contents.  BMS Group denies the conclusions that Plaintiff draws from these documents.

378.   BMS Group denies the allegations in Paragraph 378, except admits that the governmental agencies listed in Paragraph 378 of the Second Amended Complaint have conducted investigations concerning pricing in the pharmaceutical industry.

379.   The allegations in Paragraph 379 state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 379 and states that the February 27, 2001 letter from Representative Stark to BMS Group cited in Paragraph 379 of the Second Amended Complaint speaks for itself and is the best evidence of its contents.  BMS Group denies the conclusion that Plaintiff draws from this document.

380.   BMS Group denies the allegations in Paragraph 380 of the Second Amended Complaint and states that the February 27, 2001 letter from Representative Stark to BMS Group

cited in Paragraph 380 of the Second Amended Complaint speaks for itself and is the best evidence of its contents.

381.   BMS Group denies the allegations in Paragraph 381 of the Second Amended Complaint and states that the quotation from the February 27, 2001 letter from Representative Stark to BMS Group cited in Paragraph 381 of the Second Amended Complaint speaks for itself and is the best evidence of its contents.  BMS Group denies the conclusion that Plaintiff draws from the alleged quotation from this document.

382.   BMS Group denies the allegations in Paragraph 382 of the Second Amended Complaint and, to the extent the allegations in Paragraph 382 refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  BMS Group states that the 2001 *Red Book* and the unidentified DHHS report cited in Paragraph 382 of the Second Amended Complaint speak for themselves and are the best evidence of their contents. BMS Group denies the conclusions that Plaintiff draws from these documents.

383.   BMS Group denies the allegations in Paragraph 383 and states that the unidentified DHHS report cited in Paragraph 383 of the Second Amended Complaint speaks for itself and is the best evidence of its contents.

384.   Bristol-Myers denies the allegations in Paragraph 384 of the Second Amended Complaint, except admits that it manufactured drugs called Paraplatin®, Rubex® and Taxol®. BMS Group states that the 1997 OIG report and the revenue figures cited in Paragraph 384 of the Second Amended Complaint speak for themselves and are the best evidence of their contents.

385.   BMS Group denies the allegations in Paragraph 385 of the Second Amended Complaint.

17

386-602.     The allegations in Paragraphs 386 through 602 of the Second Amended Complaint are directed to other defendants and require no response from BMS Group.  To the extent allegations in Paragraphs 386 through 602 of the Second Amended Complaint are deemed to include allegations against BMS Group, they are denied.

603-634.     The Court dismissed the State of Montana's Best Price claims against BMS Group in its Memorandum and Order dated June 10, 2004.  Accordingly, BMS Group is not required to respond to Paragraphs 603 through 634 of the Second Amended Complaint.  To the extent a response is required, BMS Group denies the allegations in Paragraphs 603 through 634 of the Second Amended Complaint.  To the extent the allegations in Paragraphs 617 through 633 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

635.     BMS Group denies the allegations of Paragraph 635 as they pertain to it and, to the extent the allegations in Paragraph 635 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

636.     BMS Group denies the allegations in Paragraph 636, except admits that certain price discounts it gives to customers are confidential competitive information and states the 2003 CMS document cited in Paragraph 636 of the Second Amended Complaint speaks for itself and is the best evidence of its contents.

637-640.     BMS Group denies the allegations in Paragraphs 637 through 640 of the Second Amended Complaint.  To the extent the allegations in Paragraph 640 relate to the State of Montana's Best Price claims, BMS Group is not required to respond to the allegations because

the Court dismissed the Best Price claims against BMS Group in its Memorandum and Order dated June 10, 2004.

641.    BMS Group denies the allegations in Paragraph 641 of the Second Amended Complaint and specifically denies that the State of Montana lacked inquiry or other notice of the issues.  BMS Group states, to the contrary, that such issues were well known long before Plaintiff elected to bring this lawsuit.

642-643.    The allegations in Paragraphs 642 and 643 state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraphs 642 and 643 of the Second Amended Complaint.

644-653.    BMS Group denies the allegations in Paragraphs 644 through 653 of the Second Amended Complaint.  To the extent the allegations in Paragraph 651 relate to the State of Montana's Best Price claims, BMS Group is not required to respond to the allegations because the Court dismissed the Best Price claims against BMS Group in its Memorandum and Order dated June 10, 2004.

## COUNT I
### (Deceptive Trade Practices)

654.    Answering Paragraph 654 of the Second Amended Complaint, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 653 of the Second Amended Complaint.

655.    BMS Group admits that Plaintiff seeks relief under Count I of the Second Amended Complaint as alleged in Paragraph 655, but BMS Group denies that Plaintiff is entitled to maintain this action as alleged or to any relief under Count I.  BMS Group denies the remaining allegations in Paragraph 655 of the Second Amended Complaint.

656-660.    BMS Group denies the allegations in Paragraphs 656 through 660 of the Second Amended Complaint.

## COUNT II
### (Deceptive Trade Practices)

661.    Answering Paragraph 661 of the Second Amended Complaint, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 660 of the Second Amended Complaint.

662.    The Court dismissed the State of Montana's Best Price claims against BMS Group in its Memorandum and Order dated June 10, 2004.  Accordingly, BMS Group is not required to respond to the allegations in Paragraph 662 of the Second Amended Complaint relating to the Best Price claim.  With respect to the AWP claim, BMS Group admits that the State of Montana seeks relief under Count II of the Second Amended Complaint as alleged in Paragraph 662, but BMS Group denies that Plaintiff is entitled to maintain this action as alleged or to any relief under Count II.

663-667.    BMS Group denies the allegations in Paragraphs 663 through 667 of the Second Amended Complaint.

## COUNT III
### (Medicaid Fraud)

668.    Answering Paragraph 668 of the Second Amended Complaint, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 667 of the Second Amended Complaint.

669.    The Court dismissed the State of Montana's Best Price claims against BMS Group in its Memorandum and Order dated June 10, 2004.  Accordingly, BMS Group is not required to respond to allegations in Paragraph 669 of the Second Amended Complaint relating

to the Best Price claim. With respect to the AWP claim, BMS Group admits that the State of Montana seeks relief under Count III of the Second Amended Complaint as alleged in Paragraph 669, but BMS Group denies that Plaintiff is entitled to maintain this action as alleged or to any relief under Count III.

670-675.    The Court dismissed the State of Montana's Best Price claims against BMS Group in its Memorandum and Order dated June 10, 2004. Accordingly, BMS Group is not required to respond to the allegations in Paragraphs 670 through 675 of the Second Amended Complaint.

676.    BMS Group denies the allegations in Paragraph 676 as they pertain to it and, to the extent the allegations in Paragraph 676 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

677-679.    The allegations in Paragraphs 677 through 679 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent the allegations in Paragraph 679 relate to the State of Montana's Best Price claim, BMS Group is not required to respond to the allegations because the Court dismissed the Best Price claims against BMS Group in its Memorandum and Order dated June 10, 2004. To the extent a response is required, BMS Group denies the allegations in Paragraphs 677 through 679 of the Second Amended Complaint.

## COUNT IV
### (False Claims)

680.    Answering Paragraph 680 of the Second Amended Complaint, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 679 of the Second Amended Complaint.

681-687.    The Court dismissed the State of Montana's Best Price claims against BMS Group in its Memorandum and Order dated June 10, 2004.  Accordingly, BMS Group is not required to respond to allegations in Paragraphs 681 through 687 of the Second Amended Complaint.

688.    BMS Group denies the allegations of Paragraph 688 as they pertain to it and, to the extent the allegations in Paragraph 688 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

689-691.    The allegations in Paragraph 689 through 691 state legal conclusions to which no response is required.  To the extent the allegations in Paragraph 691 relate to the State of Montana's Best Price claims, BMS Group is not required to respond to the allegations because the Court dismissed the Best Price claims against BMS Group in its Memorandum and Order dated June 10, 2004.  To the extent a response is required, BMS Group denies the allegations in Paragraphs 689 through 691 of the Second Amended Complaint.

## COUNT V
### (Punitive Damages)

692.    Answering Paragraph 692 of the Second Amended Complaint, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 691 of the Second Amended Complaint.

693.    The allegations in Paragraph 693 state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 693 of the Second Amended Complaint that pertain to it.  To the extent the allegations in Paragraph 693 refer to the knowledge, conduct or actions of persons, entities or defendants other

than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

## DEFENSES

Without assuming any burden of proof or burden of going forward not required by law, BMS Group alleges the following defenses:

### First Defense

Plaintiff fails to state a claim against BMS Group upon which relief may be granted.

### Second Defense

Plaintiff lacks standing to bring its claims including, but not limited to, Plaintiff's asserted standing in *parens patria* to recover Medicare or Medicaid expenditure or to seek injunctive relief.

### Third Defense

Plaintiff's claims are barred, in whole or in part, by the political question, preemption and separation of powers doctrines.

### Fourth Defense

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by BMS Group in judicial, legislative or administrative proceedings of any kind or at any level of government.

### Sixth Defense

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal

23

Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Seventh Defense

Plaintiff's claims against BMS Group are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Eighth Defense

Any and all actions taken by BMS Group with respect to any of the matters alleged in the Second Amended Complaint were taken in good faith and in accordance with established industry practice.

### Ninth Defense

BMS Group's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiff.

### Tenth Defense

To the extent that Plaintiff attempts to seek equitable relief against BMS Group, it is not entitled to such relief because it has an adequate remedy at law.

### Eleventh Defense

Plaintiff's claims against BMS Group for injunctive relief relating to Medicare Part B were mooted by the passage of the 2003 Medicare reform legislation.

### Twelfth Defense

Plaintiff's claims against BMS Group under the Montana False Claims Act and Medicaid Fraud Act are without merit because BMS Group presented no false claims to and made no false statements to any agency or official of the State of Montana.

### Thirteenth Defense

Plaintiff's claims against BMS Group are barred, in whole or in part, due to their failure to join indispensable parties.

### Fourteenth Defense

Plaintiff's claims against BMS Group are barred, in whole or in part, because Plaintiff has suffered no damages as a result of the matters alleged in the Second Amended Complaint.

### Fifteenth Defense

Plaintiff's claims against BMS Group are barred because BMS Group has complied with all applicable regulations of federal and state governments.

### Sixteenth Defense

Plaintiff fails to state with particularity facts to support the fraud allegations, and fails to plead with particularity the fraudulent concealment and multi-source medicine allegations against BMS Group contained in the Second Amended Complaint.

### Seventeenth Defense

Plaintiff's claims against BMS Group are barred because BMS Group did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

### Eighteenth Defense

BMS Group's conduct was not "deceptive" as required under Montana consumer protection laws.

## Nineteenth Defense

BMS Group is entitled to set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries.

## Twentieth Defense

BMS Group adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

WHEREFORE, BMS Group prays that this Court:

1.      Dismiss the Second Amended Complaint with prejudice and enter judgment in favor of BMS Group and against Plaintiff;

2.      Award BMS Group its costs and expenses; and

3.      Grant such other and further relief for BMS Group as this Court deems just and proper.

Dated: July 12, 2004

/s/ Joseph E. Haviland
Thomas Dwyer, Esq.
Joseph E. Haviland, Esq.
DWYER & COLLORA, LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210-2211
(617) 371-1000

Steven M. Edwards, Esq. (admitted *pro hac vice*)
Lyndon M. Tretter, Esq. (admitted *pro hac vice)*
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York  10022
(212) 918-3000

*Attorneys for Defendants Bristol-Myers Squibb
Company, Oncology Therapeutics Network
Corporation, and Apothecon, Inc.*

26

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2004, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

Hoa T. T. Hoang