# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO *State of Nevada v. American Home Products Corp., et al.*, D. Nev. Cause No. CV-N-02-0202-ECR | |

## AVENTIS BEHRING LLC'S ANSWER TO STATE OF NEVADA'S AMENDED COMPLAINT

Defendant Aventis Behring LLC[1] ("Behring") hereby responds and answers the State of Nevada's Amended Complaint (the "Complaint") as follows:

### Preface

Prior to addressing the specific allegations of the numbered Paragraphs, Behring states the following general objections and responses to the Complaint as a whole.  The Complaint contains purported quotations from a number of sources, many of which are unidentified.  If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, Behring reserves the right to assert such privileges, hereby moves to strike such references and demands return of any such documents that Plaintiff may have in its possession, custody or control.  In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered

---

[1]       Plaintiff's description of "Aventis Group (Behring, Pharma, Hoechst & Behring)" in the Complaint is inaccurate and misleading.  This Answer is that of Aventis Behring LLC only.

by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

The Complaint also improperly and repetitively refers to Behring and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Behring.  It also improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully.  Finally, the Complaint includes terms that are undefined and that are susceptible of different meanings.

Notwithstanding these pleading deficiencies, Behring has attempted to respond to Plaintiff's allegations.  To the extent allegations refer to the knowledge, conduct or actions of other entities, Behring is generally without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, Behring denies those allegations.  Behring also denies each and every allegation contained in the Complaint, except as specifically hereinafter admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculations that are contained in any averment or in the Complaint as a whole.  Moreover, Behring specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered Paragraphs in the Complaint.  These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## I.    INTRODUCTION

1.    To the extent that the allegations set forth in Paragraph 1 contain Plaintiff's characterization of the action, no answer is required and none is made.  Behring denies the remaining allegations in Paragraph 1 of the Complaint that pertain to it.

2.    Behring admits that it is a manufacturer of pharmaceutical products.  To the extent the allegations of this Paragraph refer to statutory or regulatory programs, the statutes,

2

regulations and other sources regarding those programs speak for themselves, and any characterizations thereof are denied.   To the extent the allegations in Paragraph 2 of the Complaint are directed to persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the remaining allegations in Paragraph 2 of the Complaint that pertain to it.

3.      The allegations in Paragraph 3 contain Plaintiff's generalizations and self-serving conclusions.  Accordingly, no answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

4.      The allegations in Paragraph 4 contain Plaintiff's generalizations and self-serving conclusions.  Accordingly, no answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

5.      Behring admits that some private and public drug reimbursement systems use AWP as published and reported by various compendia in developing their reimbursement methodologies for physicians and pharmacies.  Behring denies the remaining allegations in Paragraph 5 of the Complaint that pertain to it.

6.      Behring admits that it reported certain pricing information for its medicines to pharmaceutical industry pricing publications.   Behring denies the existence of, and its participation in, any "AWP Inflation Scheme" as alleged in Paragraph 6 of the Complaint.  To the extent the allegations in Paragraph 6 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.   To the extent the allegations of Paragraph 6 contain legal arguments or

\\\DC - 65744/0004 - 1958318 v1

conclusions of law, no answer is required and none is made.  Behring denies the remaining allegations in Paragraph 6 of the Complaint that pertain to it.

7.      Behring denies the existence of, and its participation in, any "AWP Inflation Scheme" as alleged in Paragraph 7 of the Complaint.  To the extent the allegations in Paragraph 7 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent the allegations of Paragraph 7 contain legal arguments or conclusions of law, no answer is required and none is made.  Behring denies the remaining allegations in Paragraph 7 of the Complaint that pertain to it.

8.      Behring denies the allegations in Paragraph 8 of the Complaint that pertain to it. To the extent the allegations in Paragraph 8 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

9.      Behring denies the allegations in Paragraph 9 of the Complaint that pertain to it. To the extent the allegations in Paragraph 9 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

10.      Behring denies the allegations in Paragraph 10 of the Complaint that pertain to it. To the extent the allegations in Paragraph 10 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or

information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

11.     Plaintiff's "Best Price" claims against Behring have been dismissed by Court Order.  Accordingly, no answer is required and none is made.

12.     Plaintiff's "Best Price" claims against Behring have been dismissed by Court Order.  Accordingly, no answer is required and none is made.

13.     Behring denies the allegations in Paragraph 13 of the Complaint that pertain to it. To the extent the allegations in Paragraph 13 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

14.     Behring denies the allegations in Paragraph 14 of the Complaint that pertain to it. To the extent the allegations in Paragraph 14 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

15.     Behring denies the allegations in Paragraph 15 of the Complaint that pertain to it. To the extent the allegations in Paragraph 15 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

16.     Behring denies the allegations in Paragraph 16 of the Complaint that pertain to it. To the extent the allegations in Paragraph 16 of the Complaint refer to the knowledge, conduct or

\\\DC - 65744/0004 - 1958318 v1

actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

17.     Behring denies the allegations in Paragraph 17 of the Complaint that pertain to it. To the extent the allegations in Paragraph 17 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

18.     The allegations set forth in Paragraph 18 contain Plaintiff's characterization of the action.  No answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

19.     Behring denies the allegations in Paragraph 19 of the Complaint that pertain to it. To the extent the allegations in Paragraph 19 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

20.     Behring denies the allegations in Paragraph 20 of the Complaint that pertain to it. To the extent the allegations in Paragraph 20 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

\\\DC - 65744/0004 - 1958318 v1

21.     The allegations set forth in Paragraph 21 contain Plaintiff's characterization of the action.  No answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

22.     The allegations set forth in Paragraph 22 contain Plaintiff's characterization of the action.  No answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

23.     The allegations set forth in Paragraph 23 contain Plaintiff's characterization of the action.  No answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

## II.     PARTIES

24.     Behring admits that Brian Sandoval is the current Attorney General of the State of Nevada.  To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  To the extent the allegations contain legal conclusions regarding the scope of the Attorney General's statutory authority, no answer is required and none is made.  Any characterizations are denied. Behring denies the remaining allegations in Paragraph 24 of the Complaint that pertain to it.

25.     Behring denies the allegations set forth in Paragraph 25 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 25 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies those allegations.  To the extent the allegations in Paragraph 25 set forth legal arguments or conclusions of law, no response is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

26.      Behring admits that it conducted business in the State of Nevada.

27-33.   The allegations in Paragraphs 27 through 33 of the Complaint are directed to other defendants and require no response from Behring.

34.      The allegations in Paragraph 34 of the Complaint are directed to other defendants and require no response from Behring.  To the extent the allegations in Paragraph 34 of the Complaint are deemed to include allegations against Behring, they are denied.

35.      The allegations in Paragraph 35 of the Complaint are directed to other defendants and require no response from Behring.  To the extent the allegations in Paragraph 35 of the Complaint are deemed to include allegations against Behring, they are denied.

36.      Behring denies the allegations in Paragraph 36 of the Complaint, except that Behring admits that it is located at 1020 First Avenue, King of Prussia, Pennsylvania.

37.      Behring denies the allegations in Paragraph 37 of the Complaint.

38.      Behring objects to Plaintiff's collective reference to the "Aventis Group." Behring is a separate legal entity.

39.      To the extent the allegations in Paragraph 39 of the Complaint are directed to Behring as defined in Footnote 1 hereto, Behring admits that it manufactures drugs that are purchased by citizens of the State of Nevada and are reimbursed under the Nevada Medicaid Program.  The remaining allegations in Paragraph 39 of the Complaint are directed to other defendants and require no response from Behring.

40-76.   The allegations in Paragraphs 40 through 76 of the Complaint are directed to other defendants and require no response from Behring.

\\\DC - 65744/0004 - 1958318 v1

### III.   PRESCRIPTION DRUG SPENDING IN THE UNITED STATES HAS INCREASED DRAMATICALLY, DISPROPORTIONATELY IMPACTING THE POOR AND ELDERLY

77.   The allegations in Paragraph 77 contain Plaintiff's generalizations and self-serving conclusions.   Accordingly, no answer is required and none is made.   To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

78-86.   The allegations set forth in Paragraphs 78 through 86 are alleged findings, opinions, statements or conclusions contained in the "Chartbook," "Chartbook Update" and "Fact Sheet" cited in Paragraphs 78 through 86 of the Complaint.   Behring avers that those sources cited in Paragraphs 78 through 86 are the best evidence of their contents.   Behring denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Behring.   Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations and demands strict proof thereof.

87.   Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 and, therefore, denies those allegations.

88.   Behring denies the allegations set forth in Paragraph 88 of the Complaint that pertain to it.

### IV.   THE PRESCRIPTION DRUG MARKET

89-106.   The allegations set forth in Paragraphs 89 through 106 contain Plaintiff's self-serving conclusions and generalizations regarding the Prescription Drug Market without specific detailed factual allegations averred against Behring.   Accordingly, no answer is required and none is made.   To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.   Moreover, the allegations set forth in Paragraphs 89 through 106 contain alleged findings, opinions, statements or conclusions from the "Chartbook."

Behring avers that the Chartbook is the best evidence of its contents.  Behring denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Behring.  Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations and demands strict proof thereof.

## V.    GOVERNMENT REIMBURSEMENT SYSTEMS FOR PRESCRIPTION DRUGS

107.    Behring admits the allegations set forth in Paragraph 107.

108.    Behring admits the allegations set forth in Paragraph 108.

109.    Behring admits the allegations set forth in Paragraph 109.

110.    Behring avers that "Medicare Explained" cited in Paragraph 110 of the Complaint speaks for itself and is the best evidence of its contents.  Behring denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Behring.  Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

111.    Behring admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which is the best evidence of its contents.

112.    Behring denies the allegations in the first sentence of Paragraph 112 of the Complaint insofar as the source of the quoted material is unidentified.  Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring admits it is aware that providers of Medicare- and Medicaid-covered products historically have been reimbursed based on AWP published in certain compendia.

113.    Behring admits the allegations in Paragraph 113 of the Complaint.

114.    Behring admits that the Medicare Program has publicly announced that it would use the AWP published in independently produced pricing publications as the basis for reimbursement.  Behring states that the Program Memo AB-99-63 cited in Paragraph 114 of the Complaint is the best evidence of its contents.

115.    Behring states that the Program Memo AB-99-63 cited in Paragraph 115 of the Complaint is the best evidence of its contents.

116.    Behring admits that it reported certain pricing information for its medicines to pharmaceutical industry pricing publications.  To the extent the allegations in Paragraph 116 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

117.    Behring admits the allegations in Paragraph 117 of the Complaint.

118.    Behring admits the allegations in Paragraph 118 of the Complaint.

119-122.   Behring avers that the sources cited in Paragraphs 119 through 122 of the Complaint are the best evidence of their contents.  Behring denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Behring.  Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

123.    Behring generally admits the factual allegations set forth in Paragraph 123 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 123 set forth legal arguments or conclusions of law, no response is required and none is made.

124.    Behring generally admits the factual allegations set forth in Paragraph 124 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.   To the extent the allegations in Paragraph 124 set forth legal arguments or conclusions of law, no response is required and none is made.

125.    Behring generally admits the factual allegations set forth in Paragraph 125 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.   To the extent the allegations in Paragraph 125 set forth legal arguments or conclusions of law, no response is required and none is made.

126.    Behring admits that the reimbursement methodology for outpatient prescription drugs covered by the Nevada Medicaid Program is set forth at Nevada Medicaid Services Manual §1204.2, which is the best evidence of its contents.  Behring denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Behring.

VI.     **AWP PLAYS A CENTRAL ROLE IN ALL PRESCRIPTION DRUG REIMBURSEMENT SYSTEMS, AND THE TRUTHFUL REPORTING OF AWPS IS ESSENTIAL TO THE INTEGRITY OF THE MARKETPLACE**

127.    Behring admits that AWPs play a role in various prescription drug reimbursement systems that operate in the United States.  Behring denies all other allegations set forth in Paragraph 127.

128.    Upon information and belief, Behring admits the allegations in the first two sentences of Paragraph 128 of the Complaint. Behring denies all other allegations set forth in Paragraph 128.

12

129.    Behring admits that various participants in prescription drug reimbursement systems rely on AWPs to reimburse physicians and pharmacies.  To the extent the allegations in Paragraph 129 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring denies all other allegations in Paragraph 129.

130.    Behring admits that independently produced compendia periodically report AWPs for prescription medicines sold in the United States.  To the extent the allegations in Paragraph 130 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring denies the remaining allegations of Paragraph 130.

131.    Behring admits that independently produced pricing publications periodically report AWPs for prescription medicines sold in the United States.  Behring states that the 1999 edition of the *Red Book* and the June 1996 Dow Jones News article cited in Paragraph 131 of the Complaint are the best evidence of their contents.  The remaining allegations are directed at other defendants and require no response from Behring.  To the extent an answer is deemed to be required, Behring denies the remaining allegations in Paragraph 131 and demands strict proof thereof.

132.    Behring denies the allegations set forth in Paragraph 132 .

133-134.    Behring states that the April 2003 OIG report cited in Paragraphs 133 through 134 of the Complaint is the best evidence of its contents.  Behring denies that Plaintiff

13

has accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to Behring.

135.     Behring denies the allegations set forth in Paragraph 135.

## VII.    THE AWP INFLATION SCHEME

136.     Behring denies the allegations set forth in Paragraph 136.

137.     Behring denies the allegations set forth in Paragraph 137.

138.     Behring denies the allegations set forth in Paragraph 138.

139.     Behring admits that it reported certain pricing information for its medicines to pharmaceutical industry pricing publications.  To the extent the allegations in Paragraph 139 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Otherwise, the allegations set forth in the first sentence of Paragraph 139 are denied.

140.     Behring denies the allegations set forth in Paragraph 140.

141.     Behring denies the allegations set forth in Paragraph 141.

142.     Behring admits that it reported certain pricing information for its medicines to pharmaceutical industry pricing publications.  Behring denies that it controlled the AWPs published in each of the publications.  To the extent the allegations in Paragraph 142 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Otherwise, the allegations set forth in the first sentence of Paragraph 142 are denied.

143.     Behring denies the allegations set forth in Paragraph 143.

144.     Behring denies the allegations set forth in Paragraph 144.

\\\DC - 65744/0004 - 1958318 v1

145.    Behring denies the allegations set forth in Paragraph 145.

146.    Behring denies the allegations set forth in Paragraph 146.

147.    Behring denies the allegations set forth in Paragraph 147.

148.    The allegations set forth in Paragraph 148 of the Complaint contain Plaintiff's characterization of the action.  No response is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

149.    The allegations set forth in Paragraph 149 of the Complaint are directed at other defendants and no response from Behring is required.  To the extent an answer is deemed to be required, Behring denies the allegations set forth in Paragraph 149.

150.    To the extent the allegations set forth in Paragraph 150 of the Complaint refer to statutes or regulations, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.  To the extent the allegations in Paragraph 150 set forth legal arguments or conclusions of law, no response is required and none is made.  Behring denies the remaining allegations in Paragraph 150 of the Complaint that pertain to it.

151-163. The allegations set forth in Paragraphs 151 through 163 are directed at other defendants and no response from Behring is required.  To the extent an answer is deemed to be required, Behring denies the allegations set forth in paragraphs 151 through 163.

164.    Behring denies the allegations in Paragraph 164 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 164 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

165.     Behring denies the allegations set forth in Paragraph 165 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 165 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

166-171.   Behring denies the allegations set forth in Paragraphs 166 through 171 that pertain to it. To the extent the allegations in Paragraphs 166 through 171 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

172.     Behring denies the allegations set forth in Paragraph 172 that pertain to it.  To the extent the allegations in Paragraph 172 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring states that THE "WALL STREET JOURNAL" article cited in Paragraph 172 of the Complaint is the best evidence of its contents.  Behring denies that Plaintiff characterized the contents of THE WALL STREET JOURNAL article accurately and specifically denies the contents of the allegations referencing the article.

173.     Behring admits that there are ongoing federal investigations concerning the pharmaceutical industry.  Behring is without knowledge or information sufficient to form a belief as to the nature of each of those investigations, and, therefore, denies the remaining allegations.

174-175.   Behring denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 174 of the Complaint.  Behring states that the September 28, 2000, letter

from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 174 through 175 of the Complaint is the best evidence of its contents.  Behring denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to Behring.

176.    Behring is without knowledge or information sufficient to form a belief as to whether each of the Department of Justice and Congressional investigations is ongoing and, therefore, denies these allegations.

177.    Behring denies the allegations set forth in Paragraph 177 of the Complaint pertaining to it.  To the extent the allegations in Paragraph 177 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

178.    Behring denies the allegations set forth in Paragraph 178 of the Complaint pertaining to it. To the extent the allegations in Paragraph 178 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

179-218.  The allegations in Paragraphs 179 through 218 of the Complaint are directed to another defendant and require no response from Behring.  To the extent allegations in Paragraphs 179 through 218 of the Complaint are deemed to include allegations against Behring, they are denied.

219.    Behring denies the allegations set forth in Paragraph 219 of the Complaint.

\\\DC - 65744/0004 - 1958318 v1

220.    The allegations set forth in Paragraph 220 of the Complaint contain Plaintiff's characterization of the action.  No response is required and none is made.

221.    Behring admits that it reported certain pricing information for its medicines to pharmaceutical industry pricing publications.  Behring further admits that it reported a suggested AWP for its medicines during a portion of the relevant time period.  Behring denies that it controlled and set the AWPs for its medicines.  Behring further denies that it produced or prepared the documents cited in Paragraph 221 of the Complaint identified as AV-AAA-001054, AV-AAA-001047, AV-AAA-00105 and AV-AAA-001066, and further denies that these documents reflect any conduct by or knowledge of Behring.  Therefore, it appears the allegations in Paragraph 221 concerning these documents are directed to another defendant and require no response from Behring.  To the extent allegations concerning these documents are deemed to include allegations against Behring, they are denied.  Behring admits that it produced the document cited in the last sentence of Paragraph 221 of the Complaint (ABAWP 005314), but Behring states that this document is the best evidence of its contents and denies that the conclusions Plaintiff draws from this document are accurate.

222.    Behring denies the allegations set forth in Paragraph 222 of the Complaint.

223.    Behring admits that it produced the November 1992 newsletter cited in Paragraph 223 of the Complaint, but Behring states that this document is the best evidence of its contents and denies that the conclusions Plaintiff draws from this document are accurate.  Behring denies the remaining allegations in Paragraph 223 of the Complaint that pertain to it.

224.    Behring admits that it produced the *Red Book* excerpt cited in Paragraph 224 of the Complaint, but Behring states that this document is the best evidence of its contents and

denies that the conclusions Plaintiff draws from this document are accurate.  Behring denies the remaining allegations in Paragraph 224 of the Complaint that pertain to it.

225.    Behring admits that it produced the document cited in Paragraph 225 of the Complaint, but Behring states that this document is the best evidence of its contents and denies that the conclusions Plaintiff draws from this document are accurate.  Behring denies the remaining allegations in Paragraph 225 of the Complaint that pertain to it.

226.    To the extent the allegations in Paragraph 226 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies that it produced or prepared the documents cited in Paragraph 226 of the Complaint and further denies that the documents reflect any conduct by or knowledge of Behring.  Therefore, it appears that the allegations in Paragraph 226 of the Complaint are directed to another defendant and require no response from Behring. To the extent the allegations in Paragraph 226 of the Complaint are deemed to include allegations against Behring, they are denied.

227.    To the extent the allegations in Paragraph 227 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies that it produced or prepared the documents cited in Paragraph 227 of the Complaint and further denies that the documents reflect any conduct by or knowledge of Behring.  Therefore, it appears that the allegations in Paragraph 227 of the Complaint are directed to another defendant and require no response from Behring.

\\\DC - 65744/0004 - 1958318 v1

To the extent the allegations in Paragraph 227 of the Complaint are deemed to include allegations against Behring, they are denied.

228.    To the extent the allegations in Paragraph 228 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies that it produced or prepared the documents cited in Paragraph 228 of the Complaint and further denies that the documents reflect any conduct by or knowledge of Behring.  Therefore, it appears that the allegations in Paragraph 228 of the Complaint are directed to another defendant and require no response from Behring. To the extent the allegations in Paragraph 228 of the Complaint are deemed to include allegations against Behring, they are denied.

229.    Behring admits that it produced the document cited in Paragraph 229 of the Complaint, but Behring avers that this document is the best evidence of its contents.  Behring denies that the conclusions drawn by Plaintiff from this document are accurate.  Behring denies the remaining allegations in Paragraph 229 of the Complaint.

230.    Behring admits that it produced the document cited in Paragraph 230 of the Complaint, but Behring avers that this document is the best evidence of its contents.  Behring denies that the conclusions drawn by Plaintiff from this document are accurate.  Behring denies the remaining allegations in Paragraph 230 of the Complaint.

231.    To the extent the allegations in Paragraph 231 of the Complaint refer to the knowledge, conduct or actions of persons or entities other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and,

20