UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO <br> *State of Montana v. American Home Products Corp., et al.*, <br> D. Mont. Cause No. CV- 02-09-H-DWM | |

### AVENTIS BEHRING LLC'S ANSWER TO
### STATE OF MONTANA'S SECOND AMENDED COMPLAINT

Defendant Aventis Behring LLC[1] ("Behring") hereby responds and answers the State of Montana's Second Amended Complaint (the "Complaint") as follows:

### Preface

Prior to addressing the specific allegations of the numbered Paragraphs, Behring states the following general objections and responses to the Complaint as a whole. The Complaint contains purported quotations from a number of sources, many of which are unidentified. If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, Behring reserves the right to assert such privileges, hereby moves to strike such references and demands return of any such documents that Plaintiff may have in its possession, custody or control. In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered

---

[1] Plaintiff's description of "Aventis Group (Aventis, Pharma, Hoechst & Behring)" in the Complaint is inaccurate and misleading. This Answer is that of Aventis Behring LLC only.

1

by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

The Complaint also improperly and repetitively refers to Behring and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Behring. It also improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully. Finally, the Complaint includes terms that are undefined and that are susceptible of different meanings.

Notwithstanding these pleading deficiencies, Behring has attempted to respond to Plaintiff's allegations. To the extent allegations refer to the knowledge, conduct or actions of other entities, Behring is generally without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, Behring denies those allegations. Behring also denies each and every allegation contained in the Complaint, except as specifically hereinafter admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculations that are contained in any averment or in the Complaint as a whole. Moreover, Behring specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered Paragraphs in the Complaint. These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## I.   INTRODUCTION

1.   To the extent that the allegations set forth in Paragraph 1 contain Plaintiff's characterization of the action, no answer is required and none is made. Behring denies the remaining allegations in Paragraph 1 of the Complaint that pertain to it.

2.   Behring admits that it is a manufacturer of pharmaceutical products. To the extent the allegations of this Paragraph refer to statutory or regulatory programs, the statutes,

regulations and other sources regarding those programs speak for themselves, and any characterizations thereof are denied. To the extent the allegations in Paragraph 2 of the Complaint are directed to persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations. Behring denies the remaining allegations in Paragraph 2 of the Complaint that pertain to it.

       3.       The allegations in Paragraph 3 contain Plaintiff's generalizations and self-serving conclusions. Accordingly, no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

       4.       The allegations in Paragraph 4 contain Plaintiff's generalizations and self-serving conclusions. Accordingly, no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

       5.       Behring admits that some private and public drug reimbursement systems use AWP as published and reported by various compendia in developing their reimbursement methodologies for physicians and pharmacies. Behring denies the remaining allegations in Paragraph 5 of the Complaint that pertain to it.

       6.       Behring admits that it reported certain pricing information for its medicines to pharmaceutical industry pricing publications. Behring denies the existence of, and its participation in, any "AWP Inflation Scheme" as alleged in Paragraph 6 of the Complaint. To the extent the allegations in Paragraph 6 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations of Paragraph 6 contain legal arguments or

conclusions of law, no answer is required and none is made. Behring denies the remaining allegations in Paragraph 6 of the Complaint that pertain to it.

7. Behring denies the existence of, and its participation in, any "AWP Inflation Scheme" as alleged in Paragraph 7 of the Complaint. To the extent the allegations in Paragraph 7 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations of Paragraph 7 contain legal arguments or conclusions of law, no answer is required and none is made. Behring denies the remaining allegations in Paragraph 7 of the Complaint that pertain to it.

8. Behring denies the allegations in Paragraph 8 of the Complaint that pertain to it. To the extent the allegations in Paragraph 8 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

9. Behring denies the allegations in Paragraph 9 of the Complaint that pertain to it. To the extent the allegations in Paragraph 9 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

10. Behring denies the allegations in Paragraph 10 of the Complaint that pertain to it. To the extent the allegations in Paragraph 10 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or

information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

11.     Plaintiff's "Best Price" claims against Behring have been dismissed by Court Order. Accordingly, no answer is required and none is made.

12.     Plaintiff's "Best Price" claims against Behring have been dismissed by Court Order. Accordingly, no answer is required and none is made.

13.     Behring denies the allegations in Paragraph 13 of the Complaint that pertain to it. To the extent the allegations in Paragraph 13 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

14.     Behring denies the allegations in Paragraph 14 of the Complaint that pertain to it. To the extent the allegations in Paragraph 14 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

15.     Behring denies the allegations in Paragraph 15 of the Complaint that pertain to it. To the extent the allegations in Paragraph 15 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

16.     Behring denies the allegations in Paragraph 16 of the Complaint that pertain to it. To the extent the allegations in Paragraph 16 of the Complaint refer to the knowledge, conduct or

actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

17. Behring denies the allegations in Paragraph 17 of the Complaint that pertain to it. To the extent the allegations in Paragraph 17 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

18. The allegations set forth in Paragraph 18 contain Plaintiff's characterization of the action. No answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

19. Behring denies the allegations in Paragraph 19 of the Complaint that pertain to it. To the extent the allegations in Paragraph 19 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

20. Behring denies the allegations in Paragraph 20 of the Complaint that pertain to it. To the extent the allegations in Paragraph 20 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

\\\DC - 65744/0005 - 1958317 v1

21. The allegations set forth in Paragraph 21 contain Plaintiff's characterization of the action. No answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

22. The allegations set forth in Paragraph 22 contain Plaintiff's characterization of the action. No answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

23. The allegations set forth in Paragraph 23 contain Plaintiff's characterization of the action. No answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

## II.   PARTIES

24. Behring admits that Mike McGrath is the current Attorney General of the State of Montana. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. To the extent the allegations contain legal conclusions regarding the scope of the Attorney General's statutory authority, no answer is required and none is made. Any characterizations are denied. Behring denies the remaining allegations in Paragraph 24 of the Complaint that pertain to it.

25. Behring generally admits the factual allegations set forth in Paragraph 25 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. To the extent the allegations in Paragraph 25 set forth legal arguments or conclusions of law, no response is required and none is made.

26. Behring generally admits the factual allegations set forth in Paragraph 26 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations

are denied. To the extent the allegations in Paragraph 26 set forth legal arguments or conclusions of law, no response is required and none is made.

27. Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27, and therefore, denies those allegations.

28. Behring generally admits the factual allegations set forth in the first sentence of Paragraph 28 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 28 and therefore, denies those allegations. To the extent the allegations in Paragraph 28 set forth legal arguments or conclusions of law, no response is required and none is made.

29. Behring denies the allegations set forth in Paragraph 29 of the Complaint that pertain to it. To the extent the allegations in Paragraph 29 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations in Paragraph 29 set forth legal arguments or conclusions of law, no response is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

30. Behring admits that it conducted business in the State of Montana.

31-39. The allegations in Paragraphs 31 through 39 of the Complaint are directed to other defendants and require no response from Behring.

\\\DC - 65744/0005 - 1958317 v1

40. The allegations in Paragraph 40 of the Complaint are directed to other defendants and require no response from Behring. To the extent the allegations in Paragraph 40 of the Complaint are deemed to include allegations against Behring, they are denied.

41. The allegations in Paragraph 41 of the Complaint are directed to other defendants and require no response from Behring. To the extent the allegations in Paragraph 41 of the Complaint are deemed to include allegations against Behring, they are denied.

42. Behring denies the allegations in Paragraph 42 of the Complaint, except that Behring admits that it is located at 1020 First Avenue, King of Prussia, Pennsylvania.

43. Behring denies the allegations in Paragraph 43 of the Complaint.

44. Behring objects to Plaintiff's collective reference to the "Aventis Group." Behring is a separate legal entity.

45. To the extent the allegations in Paragraph 45 of the Complaint are directed to Behring as defined in Footnote 1 hereto, Behring admits that it manufactures drugs that are purchased by citizens of the State of Montana and are reimbursed under the Montana Medicaid Program. The remaining allegations in Paragraph 45 of the Complaint are directed to other defendants and require no response from Behring.

46-111. The allegations in Paragraphs 46 through 111 of the Complaint are directed to other defendants and require no response from Behring.

### III. PRESCRIPTION DRUG SPENDING IN THE UNITED STATES HAS INCREASED DRAMATICALLY, DISPROPORTIONATELY IMPACTING THE POOR AND ELDERLY

112. The allegations in Paragraph 112 contain Plaintiff's generalizations and self-serving conclusions. Accordingly, no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

9

113-121. The allegations set forth in Paragraphs 113 through 121 are alleged findings, opinions, statements or conclusions contained in the "Chartbook," "Chartbook Update" and "Fact Sheet" cited in Paragraphs 113 through 121 of the Complaint. Behring avers that those sources cited in Paragraphs 113 through 121 are the best evidence of their contents. Behring denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Behring. Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations and demands strict proof thereof.

122. Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122 and, therefore, denies those allegations.

123. Behring denies the allegations set forth in Paragraph 123 of the Complaint that pertain to it.

## IV.   THE PRESCRIPTION DRUG MARKET

124-141. The allegations set forth in Paragraphs 124 through 141 contain Plaintiff's self-serving conclusions and generalizations regarding the Prescription Drug Market without specific detailed factual allegations averred against Behring. Accordingly, no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof. Moreover, the allegations set forth in Paragraphs 124 through 141 contain alleged findings, opinions, statements or conclusions from the "Chartbook." Behring avers that the Chartbook is the best evidence of its contents. Behring denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Behring. Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations and demands strict proof thereof.

\\\DC - 65744/0005 - 1958317 v1

## V.   GOVERNMENT REIMBURSEMENT SYSTEMS FOR PRESCRIPTION DRUGS

142.   Behring admits the allegations set forth in Paragraph 142.

143.   Behring admits the allegations set forth in Paragraph 143.

144.   Behring admits the allegations set forth in Paragraph 144.

145.   Behring avers that "Medicare Explained" cited in Paragraph 145 of the Complaint speaks for itself and is the best evidence of its contents.  Behring denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Behring.  Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

146.   Behring admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which is the best evidence of its contents.

147.   Behring denies the allegations in the first sentence of Paragraph 147 of the Complaint insofar as the source of the quoted material is unidentified.  Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring admits it is aware that providers of Medicare- and Medicaid-covered products have historically been reimbursed based on AWP published in certain compendia.

148.   Behring admits the allegations in Paragraphs 148 of the Complaint.

149.   Behring admits that the Medicare Program has publicly announced that it would use the AWP published in independently produced pricing publications as the basis for reimbursement.  Behring states that the Program Memo AB-99-63 cited in Paragraph 149 of the Complaint is the best evidence of its contents.

150.     Behring states that the Program Memo AB-99-63 cited in Paragraph 150 of the Complaint is the best evidence of its contents.

151.     Behring admits that it reported certain pricing information for its medicines to pharmaceutical industry pricing publications.  To the extent the allegations in Paragraph 151 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

152.     Behring admits the allegations in Paragraph 152 of the Complaint.

153.     Behring admits the allegations in Paragraph 153 of the Complaint.

154-157.  Behring avers that the sources cited in Paragraphs 154 through 157 of the Complaint are the best evidence of their contents.  Behring denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Behring.  Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

158.     Behring generally admits the factual allegations set forth in Paragraph 158 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 158 set forth legal arguments or conclusions of law, no response is required and none is made.

159.     Behring generally admits the factual allegations set forth in Paragraph 159 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations

are denied.  To the extent the allegations in Paragraph 159 set forth legal arguments or conclusions of law, no response is required and none is made.

160.   Behring generally admits the factual allegations set forth in Paragraph 160 and avers that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.  Behring avers that the "Detailed Case Studies" cited in Paragraph 160 of the Complaint is the best evidence of its contents.  Behring denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Behring.  Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

161.   Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 161 and, therefore, denies those allegations.  Behring avers that the "Detailed Case Studies" cited in Paragraph 160 of the Complaint is the best evidence of its contents.  Behring denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Behring.

162.   Behring admits that the reimbursement methodology for outpatient prescription drugs covered by the Montana Medicaid Program is set forth at Mont. Admin. R. 37.86.1101 *et seq.*, which is the best evidence of its contents.  To the extent the allegations rely on the "Prescription Drug Program" cited in the last sentence of Paragraph 162, Behring avers that it is the best evidence of its contents.  Behring denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Behring.

163. Behring admits it is aware that Medicaid beneficiaries are generally responsible to pay a co-payment. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. To the extent the allegations in Paragraph 163 set forth legal arguments or conclusions of law, no response is required and none is made. Behring denies the remaining allegations in Paragraph 163 of the Complaint that pertain to it.

### VI.   AWP PLAYS A CENTRAL ROLE IN ALL PRESCRIPTION DRUG REIMBURSEMENT SYSTEMS, AND THE TRUTHFUL REPORTING OF AWPS IS ESSENTIAL TO THE INTEGRITY OF THE MARKETPLACE

164. Behring admits that AWPs play a role in various prescription drug reimbursement systems that operate in the United States. Behring denies all other allegations set forth in Paragraph 164.

165. Upon information and belief, Behring admits the allegations in the first two sentences of Paragraph 165 of the Complaint. Behring denies all other allegations set forth in Paragraph 165.

166. Behring admits that various participants in prescription drug reimbursement systems rely on AWPs to reimburse physicians and pharmacies. To the extent the allegations in Paragraph 166 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring denies all other allegations in Paragraph 166.

167. Behring admits that independently produced compendia periodically report AWPs for prescription medicines sold in the United States. To the extent the allegations in Paragraph 167 refer to the knowledge, conduct or actions of or benefits received by persons,

entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring denies the remaining allegations of Paragraph 167.

168. Behring admits that independently produced pricing publications periodically report AWPs for prescription medicines sold in the United States. Behring states that the 1999 edition of the *Red Book* and the June 1996 Dow Jones News article cited in Paragraph 168 of the Complaint are the best evidence of their contents. The remaining allegations are directed at other defendants and require no response from Behring. To the extent an answer is deemed to be required, Behring denies the remaining allegations in Paragraph 168 and demands strict proof thereof.

169. Behring denies the allegations set forth in Paragraph 169.

170-171. Behring states that the April 2003 OIG report cited in Paragraphs 170 through 171 of the Complaint is the best evidence of its contents. Behring denies that Plaintiff has accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to Behring.

172. Behring denies the allegations set forth in Paragraph 172.

### VII.   THE AWP INFLATION SCHEME

173. Behring denies the allegations set forth in Paragraph 173.

174. Behring denies the allegations set forth in Paragraph 174.

175. Behring denies the allegations set forth in Paragraph 175.

176. Behring admits that it reported certain pricing information for its medicines to pharmaceutical industry pricing publications. To the extent the allegations in Paragraph 176 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a

belief as to the truth of those allegations and, therefore, denies those allegations. Otherwise, the allegations set forth in the first sentence of Paragraph 176 are denied.

177.   Behring denies the allegations set forth in Paragraph 177.

178.   Behring denies the allegations set forth in Paragraph 178.

179.   Behring admits that it reported certain pricing information for its medicines to pharmaceutical industry pricing publications. Behring denies that it controlled the AWPs published in each of the publications. To the extent the allegations in Paragraph 179 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Otherwise, the allegations set forth in the first sentence of Paragraph 179 are denied.

180.   Behring denies the allegations set forth in Paragraph 180.

181.   Behring denies the allegations set forth in Paragraph 181.

182.   Behring denies the allegations set forth in Paragraph 182.

183.   Behring denies the allegations set forth in Paragraph 183.

184.   Behring denies the allegations set forth in Paragraph 184.

185.   The allegations set forth in Paragraph 185 of the Complaint contain Plaintiff's characterization of the action. No response is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

186.   The allegations set forth in Paragraph 186 of the Complaint are directed at other defendants and no response from Behring is required. To the extent an answer is deemed to be required, Behring denies the allegations set forth in Paragraph 186.

187.     To the extent the allegations set forth in Paragraph 187 of the Complaint refer to statutes or regulations, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.  To the extent the allegations in Paragraph 187 set forth legal arguments or conclusions of law, no response is required and none is made.  Behring denies the remaining allegations in Paragraph 187 of the Complaint that pertain to it.

188-200.     The allegations set forth in Paragraphs 185 through 200 are directed at other defendants and no response from Behring is required.  To the extent an answer is deemed to be required, Behring denies the allegations set forth in paragraphs 185 through 200.

201.     Behring denies the allegations in Paragraph 201 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 201 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

202.     Behring denies the allegations set forth in Paragraph 202 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 202 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

203-208.   Behring denies the allegations set forth in Paragraphs 203 through 208 that pertain to it. To the extent the allegations in Paragraphs 203 through 208 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

\\\DC - 65744/0005 - 1958317 v1

209. Behring denies the allegations set forth in Paragraph 209 that pertain to it. To the extent the allegations in Paragraph 209 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring states that THE "WALL STREET JOURNAL" article cited in Paragraph 209 of the Complaint is the best evidence of its contents. Behring denies that Plaintiff characterized the contents of THE WALL STREET JOURNAL article accurately and specifically denies the content of the allegations referencing the article.

210. Behring admits that there are ongoing federal investigations concerning the pharmaceutical industry. Behring is without knowledge or information sufficient to form a belief as to the nature of each of those investigations, and, therefore, denies the remaining allegations.

211-212. Behring denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 211 of the Complaint. Behring states that the September 28, 2000, letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 211 through 212 of the Complaint is the best evidence of its contents. Behring denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to Behring.

213. Behring is without knowledge or information sufficient to form a belief as to whether each of the Department of Justice and Congressional investigations is ongoing and, therefore, denies these allegations.

214. Behring denies the allegations set forth in Paragraph 214 of the Complaint pertaining to it. To the extent the allegations in Paragraph 214 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring

is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

215. Behring denies the allegations set forth in Paragraph 215 of the Complaint pertaining to it. To the extent the allegations in Paragraph 215 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

216-273. The allegations in Paragraphs 216 through 273 of the Complaint are directed to another defendant and require no response from Behring. To the extent allegations in Paragraphs 216 through 273 of the Complaint are deemed to include allegations against Behring, they are denied.

274. Behring denies the allegations set forth in Paragraph 274 of the Complaint.

275. The allegations set forth in Paragraph 275 of the Complaint contain Plaintiff's characterization of the action. No response is required and none is made.

276. Behring admits that it reported certain pricing information for its medicines to pharmaceutical industry pricing publications. Behring further admits that it reported a suggested AWP for its medicines during a portion of the relevant time period. Behring denies that it controlled and set the AWPs for its medicines. Behring further denies that it produced or prepared the documents cited in Paragraph 276 of the Complaint identified as AV-AAA-001054, AV-AAA-001047, AV-AAA-00105 and AV-AAA-001066, and further denies that these documents reflect any conduct by or knowledge of Behring. Therefore, it appears the allegations in Paragraph 276 concerning these documents are directed to another defendant and require no response from Behring. To the extent allegations concerning these documents are deemed to

19

include allegations against Behring, they are denied. Behring admits that it produced the document cited in the last sentence of Paragraph 276 of the Complaint (ABAWP 005314), but Behring states that this document is the best evidence of its contents and denies that the conclusions Plaintiff draws from this document are accurate.

277. Behring denies the allegations set forth in Paragraph 277 of the Complaint.

278. Behring admits that it produced the November 1992 newsletter cited in Paragraph 278 of the Complaint, but Behring states that this document is the best evidence of its contents and denies that the conclusions Plaintiff draws from this document are accurate. Behring denies the remaining allegations in Paragraph 278 of the Complaint that pertain to it.

279. Behring admits that it produced the *Red Book* excerpt cited in Paragraph 279 of the Complaint, but Behring states that this document is the best evidence of its contents and denies that the conclusions Plaintiff draws from this document are accurate. Behring denies the remaining allegations in Paragraph 279 of the Complaint that pertain to it.

280. Behring admits that it produced the document cited in Paragraph 280 of the Complaint, but Behring states that this document is the best evidence of its contents and denies that the conclusions Plaintiff draws from this document are accurate. Behring denies the remaining allegations in Paragraph 280 of the Complaint that pertain to it.

281. To the extent the allegations in Paragraph 281 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring denies that it produced or prepared the documents cited in Paragraph 281 of the Complaint and further denies that the documents reflect any conduct by or knowledge of Behring. Therefore, it appears that the allegations in Paragraph

\\\DC - 65744/0005 - 1958317 v1