281 of the Complaint are directed to another defendant and require no response from Behring. To the extent the allegations in Paragraph 281 of the Complaint are deemed to include allegations against Behring, they are denied.

282.     To the extent the allegations in Paragraph 282 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.   Behring denies that it produced or prepared the documents cited in Paragraph 282 of the Complaint and further denies that the documents reflect any conduct by or knowledge of Behring.  Therefore, it appears that the allegations in Paragraph 282 of the Complaint are directed to another defendant and require no response from Behring. To the extent the allegations in Paragraph 282 of the Complaint are deemed to include allegations against Behring, they are denied.

283.     To the extent the allegations in Paragraph 283 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.   Behring denies that it produced or prepared the documents cited in Paragraph 283 of the Complaint and further denies that the documents reflect any conduct by or knowledge of Behring.  Therefore, it appears that the allegations in Paragraph 283 of the Complaint are directed to another defendant and require no response from Behring. To the extent the allegations in Paragraph 283 of the Complaint are deemed to include allegations against Behring, they are denied.

284.     Behring admits that it produced the document cited in Paragraph 284 of the Complaint, but Behring avers that this document is the best evidence of its contents.  Behring

\\\DC - 65744/0005 - 1958317 v1

denies that the conclusions drawn by Plaintiff from this document are accurate.  Behring denies the remaining allegations in Paragraph 284 of the Complaint.

285.    Behring admits that it produced the document cited in Paragraph 285 of the Complaint, but Behring avers that this document is the best evidence of its contents.  Behring denies that the conclusions drawn by Plaintiff from this document are accurate.  Behring denies the remaining allegations in Paragraph 285 of the Complaint.

286.    To the extent the allegations in Paragraph 286 of the Complaint refer to the knowledge, conduct or actions of persons or entities other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the allegations in Paragraph 286 of the Complaint that pertain to it.

287.    To the extent the allegations in Paragraph 287 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies that it produced or prepared the document cited in Paragraph 287 of the Complaint and further denies that the document reflects any conduct by or knowledge of Behring.  Therefore, it appears that the allegations in Paragraph 287 of the Complaint are directed to another defendant and require no response from Behring.  To the extent the allegations in Paragraph 287 of the Complaint are deemed to include allegations against Behring, they are denied.

288.    To the extent the allegations in Paragraph 288 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations

22

and, therefore, denies those allegations.  To the extent the allegations in Paragraph 288 of the Complaint are deemed to include allegations against Behring, they are denied.

289.    Behring admits that it produced the documents cited in Paragraph 289 of the Complaint, but Behring avers that these documents are the best evidence of their contents and denies that the conclusions Plaintiff draws from these documents are accurate.  Behring denies the remaining allegations in Paragraph 289 of the Complaint.

290.    To the extent the allegations in Paragraph 290 of the Complaint are directed to another defendant, Behring is without sufficient knowledge and information to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 290 of the Complaint. Behring admits that the governmental agencies listed in Paragraph 290 of the Complaint have conducted investigations concerning pricing in the pharmaceutical industry and that Behring, among others, has been involved in such investigations.

291-292.  To the extent the allegations in Paragraphs 291 and 292 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring states that the report published by the DHHS (AB-00-86) cited in Paragraph 291 of the Complaint and the report published by the OIG (*see* "Medicare Reimbursement of Prescription Drugs," OEI-03-00-00310, Jan. 2001) cited in Paragraph 292 of the Complaint are the best evidence of their contents, but Behring denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained in these documents.  Behring denies the remaining allegations in Paragraphs 291 and 292 of the Complaint that pertain to it.

23

293.    To the extent the allegations in Paragraph 293 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies that the document cited in Paragraph 293 of the Complaint relates to Behring because Behring has never manufactured, sold or distributed Anzamet.  Therefore, it appears that the allegations in Paragraph 293 of the Complaint are directed to another defendant and require no response from Behring.  To the extent the allegations in Paragraph 293 of the Complaint are deemed to include allegations against Behring, they are denied.

294.    Behring states that the document cited in Paragraph 294 of the Complaint is the best evidence of its contents.  Behring denies that the conclusion drawn by Plaintiff from the alleged quotation from this document is accurate.  Behring denies the remaining allegations in Paragraph 294 of the Complaint.

295.    Behring states that the document cited in Paragraph 295 of the Complaint is the best evidence of its contents.  Behring denies that Plaintiff has accurately characterized any alleged document finding, opinion, statement or conclusion.  To the extent the allegations in Paragraph 295 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the remaining allegations in Paragraph 295 of the Complaint that pertain to it.

296-602.  The allegations in Paragraphs 296 through 602 of the Complaint are directed to another defendant and require no response from Behring.  To the extent allegations in

24

Paragraphs 296 through 602 of the Complaint are deemed to include allegations against Behring, they are denied.

## VIII.   DEFENDANTS' "BEST PRICE" FRAUDS

603-634.   Plaintiff's "Best Price" claims against Behring have been dismissed by Court Order.  Accordingly, no response is required and none is made.

## IX.     DEFENDANTS' CONCEALMENT OF THE TRUTH AND TOLLING OF STATUTES OF LIMITATION

635.    Behring denies the allegations set forth in Paragraph 635 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 635 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

636.    Behring denies the allegations set forth in Paragraph 636 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 636 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring states the 2003 CMS document cited in Paragraph 636 of the Complaint is the best evidence of its contents.  Behring denies that Plaintiff has accurately characterized any alleged CMS finding, opinion, statement or conclusion. Behring admits that it sells its medicines in a competitive market and, as such, takes steps to keep certain information relating to its medicines confidential.

637-640.  Behring denies the allegations in Paragraphs 637 through 640 of the Complaint that pertain to it.  To the extent the allegations in Paragraphs 637 through 640 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring,

Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

641.    In response to the allegations in Paragraph 641 of the Complaint, Behring denies that Plaintiff lacked inquiry or other notice of the issues associated with reliance on AWPs as a pricing benchmark.  Behring specifically avers, to the contrary, that such issues were well known for more than a decade before Plaintiff elected to bring this suit.

642-643.   The allegations in Paragraphs 642 through 643 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraphs 642 through 643 of the Complaint that refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring.  Accordingly, Behring denies those allegations.  Behring denies the remaining allegations in Paragraphs 642 through 643 of the Complaint that pertain to it.

## X.      DIRECT DAMAGE SUSTAINED BY THE STATE OF MONTANA, PATIENTS AND THIRD-PARTY PAYORS

644.    Behring denies that Plaintiff has suffered damages or injuries as alleged in Paragraph 644 of the Complaint.  Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 644 of the Complaint and, therefore, denies those allegations.

645.    Behring admits it is aware that Medicare beneficiaries are generally responsible to pay a 20 percent co-payment.  To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.  To the extent the allegations in Paragraph 645 set forth legal

arguments or conclusions of law, no response is required and none is made.  Behring denies the remaining allegations in Paragraph 645 of the Complaint that pertain to it.

646.    The allegations in Paragraph 646 contain Plaintiff's generalizations and self-serving conclusions.  Accordingly, no answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

647.    The allegations in Paragraph 647 of the Complaint are directed to another defendant and require no response from Behring.  To the extent allegations in Paragraph 647 of the Complaint are deemed to include allegations against Behring, they are denied.

648.    The allegations in Paragraph 648 of the Complaint are directed to another defendant and require no response from Behring.  To the extent allegations in Paragraph 648 of the Complaint are deemed to include allegations against Behring, they are denied.

649.    Behring denies the allegations set forth in Paragraph 649 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 649 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

650.    Behring denies the allegations set forth in Paragraph 650 of the Complaint that pertain to it.

651.    Plaintiff's "Best Price" claims against Behring have been dismissed by Court Order.  Accordingly, no response is required and none is made.

652.    Behring denies the allegations set forth in Paragraph 652 of the Complaint that pertain to it.

\\\DC - 65744/0005 - 1958317 v1

653.     Behring denies the allegations set forth in Paragraph 653 of the Complaint that pertain to it.

## XI.     CLAIMS FOR RELIEF

### COUNT I

**Deceptive Trade Practices:**
**Claim for Damages Caused to Montana Residents**

654.     Behring realleges and incorporates its responses to the allegations in Paragraphs 1 through 654.

655.     The allegations set forth in Paragraph 655 contain Plaintiff's characterization of this action.  No response is required and none is made.

656.     Behring denies the allegations set forth in Paragraph 656 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 656 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.   Any characterizations thereof are denied.   To the extent the allegations in Paragraph 656 set forth legal arguments or conclusions of law, no response is required and none is made.

657.     Behring denies the allegations set forth in Paragraph 657 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 657 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

\\\DC - 65744/0005 - 1958317 v1

658.    Behring denies the allegations set forth in Paragraph 658 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 658 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

659.    Behring denies the allegations set forth in Paragraph 659 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 659 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

660.    Behring denies the allegations set forth in Paragraph 660 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 660 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

Behring denies Plaintiff is entitled to a judgment or any other relief requested in the Prayer for Relief for Count I of the Complaint.

## COUNT II

### Deceptive Trade Practices:
### Claim for Civil Penalties, Injunctive Relief, and
### Restitution for the State of Montana

661.    Behring realleges and incorporates its responses to the allegations in Paragraphs 1 through 660.

662.    The allegations set forth in Paragraph 662 contain Plaintiff's characterization of this action.  No response is required and none is made.  To the extent the allegations relate to

29

Plaintiff's "Best Price" claims against Behring, those claims have been dismissed by Court Order.  Accordingly, no response is required and none is made.

663.    Behring denies the allegations set forth in Paragraph 663 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 663 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.   Any characterizations thereof are denied.    To the extent the allegations in Paragraph 663 set forth legal arguments or conclusions of law, no response is required and none is made.  To the extent the allegations relate to Plaintiff's "Best Price" claims against Behring, those claims have been dismissed by Court Order.  Accordingly, no response is required and none is made.

664.    Behring denies the allegations set forth in Paragraph 664 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 664 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations to the extent the allegations relate to Plaintiff's "Best Price" claims against Behring, those claims have been dismissed by Court Order.  Accordingly, no response is required and none is made.

665.    Behring denies the allegations set forth in Paragraph 665 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 665 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is

30

without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent the allegations relate to Plaintiff's "Best Price" claims against Behring, those claims have been dismissed by Court Order.  Accordingly, no response is required and none is made.

666.    Behring denies the allegations set forth in Paragraph 666 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 666 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent the allegations relate to Plaintiff's "Best Price" claims against Behring, those claims have been dismissed by Court Order.  Accordingly, no response is required and none is made.

667.    Behring denies the allegations set forth in Paragraph 667 of the Complaint that pertain to it.  To the extent the allegations in Paragraph 667 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent the allegations relate to Plaintiff's "Best Price" claims against Behring, those claims have been dismissed by Court Order.  Accordingly, no response is required and none is made.

Behring denies Plaintiff is entitled to a judgment or any other relief requested in the Prayer for Relief for Count II of the Complaint.

31

## COUNT III

### Medicaid Fraud:
### Claim for Cost Recovery
### And Civil Penalties

668-679.  Plaintiff's "Best Price" claims against Behring have been dismissed by Court

Order.  Accordingly, no response is required and none is made.

## COUNT IV

### False Claims:
### Claim for Forfeiture, Civil Penalties,
### Double Damages and Legal Costs

680-691.  Plaintiff's "Best Price" claims against Behring have been dismissed by Court

Order.  Accordingly, no response is required and none is made.

## COUNT V

### Punitive Damages:
### Claim Brought on Behalf of the State of Montana

692.     Behring realleges and incorporates its responses to the allegations in Paragraphs 1

through 691.

693.     Behring denies the allegations set forth in Paragraph 693 of the Complaint that

pertain to it.  To the extent the allegations in Paragraph 693 of the Complaint refer to the

knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is

without knowledge or information sufficient to form a belief as to the truth of those allegations

and, therefore, denies those allegations.

Behring denies Plaintiff is entitled to a judgment or any other relief requested in the

Prayer for Relief for Count V of the Complaint.

\\\DC - 65744/0005 - 1958317 v1

## XI.   DEMAND FOR JURY TRIAL

Behring denies Plaintiff is entitled to a judgment or any other relief requested in the Prayer for Relief.

### DEFENSES

### First Defense

Plaintiff fails to state a claim against Behring upon which relief may be granted.

### Second Defense

Some or all of Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Third Defense

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Behring as alleged in the Complaint.

### Fourth Defense

To the extent Plaintiff or any of its citizens for whom it is seeking relief obtains recovery in any other case predicated on the same factual allegations, it is barred from seeking recovery against Behring based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Montana.

\\\DC - 65744/0005 - 1958317 v1

## Sixth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff or any of its citizens for whom it is seeking relief has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

## Seventh Defense

Any and all actions taken by Behring with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## Eighth Defense

Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation, the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## Ninth Defense

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

## Tenth Defense

Plaintiff's claims against Behring are barred because Behring has complied with all applicable regulations of the federal and state governments.

## Eleventh Defense

Plaintiff's claims against Behring are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## Twelfth Defense

Plaintiff's claims are barred, in whole or in part, because they violate Behring's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the

34

Constitution of the State of Montana, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Thirteenth Defense

Behring's statements or actions were not the proximate cause or cause in fact of any injury or alleged loss.

### Fourteenth Defense

Plaintiff fails to state with particularity facts to support the fraud allegations, and fails to plead with particularity the fraudulent concealment and multi-source medicine allegations against Behring contained in the Complaint.

### Fifteenth Defense

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit, including but not limited, to Plaintiff's asserted status in *parens patriae* to recover Medicaid or Medicare expenditures or to seek injunctive relief.

### Sixteenth Defense

Plaintiff fails to allege with particularity its civil conspiracy claims against Behring as required by FED. R. CIV. P. 9(b).

### Seventeenth Defense

Plaintiff's claims against Behring are barred because Behring did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

### Eighteenth Defense

Plaintiff's claims against Behring are barred, in whole or in part, because Behring did not make any false statements to Plaintiff or any of the citizens for whom Plaintiff is seeking relief. As to any statement asserted against Behring that Plaintiff alleges to be false or misleading,

Behring had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## Nineteenth Defense

Plaintiff's claims against Behring are barred because Behring did not directly or indirectly engage in any conduct in violation of state or federal law.

## Twentieth Defense

Behring denies that Plaintiff has valid consumer protection claims against Behring under Montana state law.  However, if such claims are found to exist, Behring pleads all available defenses under the applicable laws.

## Twenty-First Defense

Any allegedly fraudulent statements or conduct of Behring did not directly or proximately cause the alleged injuries as required under state consumer protection laws of Montana.

## Twenty-Second Defense

Behring's conduct was not "deceptive" as required under Montana consumer protection laws.

## Twenty-Third Defense

To the extent that Plaintiff seeks equitable relief against Behring, Plaintiff is not entitled to such relief because there is an adequate remedy at law.

## Twenty-Fourth Defense

Plaintiff did not rely on the allegedly fraudulent statements or conduct of Behring as required under the Montana consumer protection laws.

\\\DC - 65744/0005 - 1958317 v1

## Twenty-Fifth Defense

Any allegedly fraudulent statement or conduct of Behring was not consumer-oriented as required under the Montana consumer protection laws.

## Twenty-Sixth Defense

Plaintiff's claims against Behring for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

## Twenty-Seventh Defense

Some or all of Plaintiff's claims for injunctive relief against Behring are barred by the doctrines of *in pari delicto* and/or unclean hands.

## Twenty-Eighth Defense

Some or all of Plaintiff's claims against Behring arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

## Twenty-Ninth Defense

Plaintiff's claims against Behring are barred, in whole or in part, due to its failure to join indispensable parties.

## Thirtieth Defense

Plaintiff's claims against Behring are barred, in whole or in part, because it suffered no damages as a result of the matters alleged in the Complaint.

## Thirty-First Defense

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

\\\DC - 65744/0005 - 1958317 v1

### Thirty-Second Defense

Plaintiff's claims against Behring for damages are barred, in whole or in part, because: (1) Plaintiff failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Behring; (2) Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that Plaintiff has received and paid for medicines manufactured, marketed and sold by Behring after the filing of Plaintiff's original Complaint; and (4) Plaintiff's claims are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Thirty-Third Defense

Behring is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries.

### Thirty-Fourth Defense

The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiff from Behring.

### Thirty-Fifth Defense

Plaintiff fails to allege facts or a cause of action against Behring sufficient to support a claim for attorneys' fees, double damages and/or legal fees.

### Thirty-Sixth Defense

Plaintiff's punitive damages claims against Behring:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Behring; (3) cannot be sustained because laws

regarding the standards for determining liability for and the amount of punitive damages fail to give Behring prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Behring's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Montana; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Behring's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and applicable state laws of Montana; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Behring for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Behring's medicines, would constitute impermissible multiple punishments for the same wrong in violation of Behring's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law and statutory law of Montana; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Behring's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and public policies of Montana; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Behring the same protections that are accorded to all criminal

39

defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Behring's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law and public policies of Montana.

**<u>Thirty-Seventh Defense</u>**

Plaintiff's claim for punitive damages against Behring cannot be sustained because an award of punitive damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of Behring; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Behring's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law and public policies of Montana.

40

### Thirty-Eighth Defense

Plaintiff's claim for punitive damages against Behring cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:   (1) violate Behring's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Behring's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law and public policies of Montana.

### Thirty-Ninth Defense

Behring adopts by reference any additional applicable defense pled by any other defendant in this case, not otherwise pled herein.

### Fortieth Defense

Behring hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

41

WHEREFORE, Aventis Behring LLC respectfully demands judgment dismissing the Complaint in its entirety and awarding it the costs and disbursements of this action, as well as such other and further relief as this Court deems just and proper.

AVENTIS BEHRING, LLC
By its Attorneys,


 /s/ Aimée E. Bierman
Michael DeMarco (BBO #119960)
Aimée E. Bierman (BBO #640385)
 abierman@kl.com
KIRKPATRICK & LOCKHART LLP
75 State Street
Boston, MA 02109
(617) 261-3100

William D. Nussbaum
Jonathan T. Rees
Martha L. Russo
HOGAN & HARTSON L.L.P.
555 13th Street, NW
Washington D.C. 20004
(202) 637-5600
Dated:   July 12, 2004            FAX:  (202) 637-5910

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of July, 2004, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.


/s/ Aimée E. Bierman
Aimée E. Bierman


DATED:  July 12, 2004

43