UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) |
| | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | Judge Patti B. Saris |
| | Chief Magistrate Judge Marianne B. Bowler |

**DECLARATION OF STEVE W. BERMAN IN OPPOSITION TO MOTION TO COMPEL "PROPER ANSWERS" TO BMS' CONTENTION INTERROGATORIES**

Steve W. Berman, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am a member of Hagens Berman LLP and am one of the attorneys for plaintiffs in this case.

2.      Attached as Exhibit A is a true and correct copy of a rough compilation of the subpoenas issues by defendants to class members.

3.      Attached as Exhibit B is a true and correct copy of a rough list of the subpoenas issued to 51 CMS carriers and federal agencies.

4.      Attached as Exhibit C is a true and correct copy of a rough list of defendants' subpoenas to pharmacies.

5.      Attached as Exhibit D is a true and correct copy of rough list of defendants' subpoenas to non-class members.

6.      A total of over 150 subpoenas have been issued.  With respect to most of these subpoenas, documents have not yet been produced.

7. In addition, plaintiffs have served document requests designed to discover defendants' knowledge of the definition of AWP, the marketing devices used to sell the spread and on the other topics covered by BMS' interrogatories. Depositions have not really begun and they of course will focus in part on these issues.

8. Attached as Exhibit E is a true and correct copy of a letter from defense counsel regarding the subjects to be covered at depositions.

9. Attached as Exhibit F is a true and correct copy of a Defense Subpoena to International Foundation of Employee Benefit Plans dated July 14, 2004.

10. BMS also attaches plaintiffs' interrogatories to the Affidavit of Mr. Edwards. *See* Exhibit G. Apparently, BMS does so to justify its own contention interrogatories. However, the parties are in markedly different positions. For example, when plaintiffs ask by interrogatory how BMS' definition of AWP was communicated to third parties, BMS is in exclusive possession of that information and thus is not a contention interrogatory of the type at issue in this motion.

I declare the foregoing to be true under the penalty of perjury.

Seattle, Washington
July 15, 2004

                                                **/s/   Steve W. Berman**
                                                Steve W. Berman

- 3 -

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **DECLARATION OF STEVE W. BERMAN IN OPPOSITION TO MOTION TO COMPEL "PROPER ANSWERS" TO BMS' CONTENTION INTERROGATORIES** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on July 15, 2004, a copy to Verilaw Technologies for Posting and notification to all parties

By    **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292

- 3 -