# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

MDL No. 1456

CIVIL ACTION:  01-CV-12257-PBS

Judge Patti B. Saris

THIS DOCUMENT RELATES TO
*State of Nevada v. American Home Products
Corp., et al.,*
D. Nev. Cause No. CV- N-02-0202-ECR

## JOHNSON & JOHNSON, CENTOCOR, INC., JANSSEN PHARMACEUTICA PRODUCTS, L.P., MCNEIL-PPC, INC., AND ORTHO BIOTECH PRODUCTS L.P. ANSWER TO STATE OF NEVADA'S AMENDED COMPLAINT

Defendants Johnson & Johnson ("J&J"), Centocor, Inc. ("Centocor"), Janssen

Pharmaceutica Products, L.P. ("Janssen"), McNeil-PPC, Inc. ("McNeil-PPC"), Ortho Biotech

Products, L.P., incorrectly sued as "Ortho Biotech" ("Ortho Biotech") (collectively the "J&J

Defendants"), hereby responds and answers the State of Nevada's Amended Complaint (the

"Complaint") as follows:

### Preface

Prior to addressing the specific allegations of the numbered Paragraphs, the J&J

Defendants state the following general objections and responses to the Complaint as a whole.

The Complaint contains purported quotations from a number of sources, many of which are

unidentified.  If any of the quotations originate in documents protected by the attorney-client

privilege, the work-product doctrine or the joint-defense privilege, the J&J Defendants reserve

the right to assert such privileges, hereby move to strike such references and demand return of

1



any such documents that Plaintiff may have in its possession, custody or control.  In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

The Complaint also improperly and repetitively refers to the J&J Defendants and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against the J&J Defendants.  It also improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully. Finally, the Complaint includes terms that are undefined and that are susceptible of different meanings.

Notwithstanding these pleading deficiencies, the J&J Defendants have attempted to respond to Plaintiff's allegations.  To the extent allegations refer to the knowledge, conduct or actions of other entities, the J&J Defendants are generally without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, the J&J Defendants deny those allegations.  The J&J Defendants also deny each and every allegation contained in the Complaint, except as specifically hereinafter admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculations that are contained in any averment or in the Complaint as a whole.  Moreover, the J&J Defendants specifically deny any allegations contained in headings, footnotes, the Table of Contents or unnumbered Paragraphs in the Complaint.  These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

1026145v1

## I.   **INTRODUCTION**

1.     To the extent that the allegations set forth in Paragraph 1 contain Plaintiff's characterization of the action, no answer is required and none is made. The J&J Defendants deny the remaining allegations in Paragraph 1 of the Complaint that pertain to them.

2.     Except for J&J, which is a holding company, the J&J Defendants admit that they manufacture pharmaceutical products. To the extent the allegations of this Paragraph refer to statutory or regulatory programs, the statutes, regulations and other sources regarding those programs speak for themselves, and any characterizations thereof are denied. To the extent the allegations in Paragraph 2 of the Complaint are directed to persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny those allegations. The J&J Defendants deny the remaining allegations in Paragraph 2 of the Complaint that pertain to them.

3.     The allegations in Paragraph 3 contain Plaintiff's generalizations and self-serving conclusions. Accordingly, no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

4.     The allegations in Paragraph 4 contain Plaintiff's generalizations and self-serving conclusions. Accordingly, no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

5.     The J&J Defendants admit that some private and public drug reimbursement systems reimburse physicians and pharmacies based upon the AWP as published and reported by various compendia. The J&J Defendants deny the remaining allegations in Paragraph 5 of the Complaint that pertain to them.

6.     The J&J Defendants generally admit that the AWPs for the J&J Defendants' products published by various compendia were based upon information provided by the J&J

Defendants. The J&J Defendants deny the existence of, and their participation in, any "AWP Inflation Scheme" as alleged in Paragraph 6 of the Complaint. To the extent the allegations in Paragraph 6 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. To the extent the allegations of Paragraph 6 contain legal arguments or conclusions of law, no answer is required and none is made. The J&J Defendants deny the remaining allegations in Paragraph 6 of the Complaint that pertain to them.

7.     The J&J Defendants deny the existence of, and their participation in, any "AWP Inflation Scheme" as alleged in Paragraph 7 of the Complaint. To the extent the allegations in Paragraph 7 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. To the extent the allegations of Paragraph 7 contain legal arguments or conclusions of law, no answer is required and none is made. The J&J Defendants deny the remaining allegations in Paragraph 7 of the Complaint that pertain to them.

8.     The J&J Defendants deny the allegations in Paragraph 8 of the Complaint that pertain to them. To the extent the allegations in Paragraph 8 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

9.     The J&J Defendants deny the allegations in Paragraph 9 of the Complaint that pertain to them. To the extent the allegations in Paragraph 9 of the Complaint refer to the

4

knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

10.     The J&J Defendants deny the allegations in Paragraph 10 of the Complaint that pertain to them. To the extent the allegations in Paragraph 10 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

11.     Plaintiff's "Best Price" claims against the J&J Defendants have been dismissed by Court Order. Accordingly, no answer is required and none is made.

12.     Plaintiff's "Best Price" claims against the J&J Defendants have been dismissed by Court Order. Accordingly, no answer is required and none is made.

13.     The J&J Defendants deny the allegations in Paragraph 13 of the Complaint that pertain to them. To the extent the allegations in Paragraph 13 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

14.     The J&J Defendants deny the allegations in Paragraph 14 of the Complaint that pertain to them. To the extent the allegations in Paragraph 14 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

15.     The J&J Defendants deny the allegations in Paragraph 15 of the Complaint that pertain to them. To the extent the allegations in Paragraph 15 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

16.     The J&J Defendants deny the allegations in Paragraph 16 of the Complaint that pertain to them. To the extent the allegations in Paragraph 16 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

17.     The J&J Defendants deny the allegations in Paragraph 17 of the Complaint that pertain to them. To the extent the allegations in Paragraph 17 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

18.     The allegations set forth in Paragraph 18 contain Plaintiff's characterization of the action. No answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

19.     The J&J Defendants deny the allegations in Paragraph 19 of the Complaint that pertain to them. To the extent the allegations in Paragraph 19 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

6

1026145v1

20.     The allegations set forth in Paragraph 20 contain Plaintiff's characterization of the action. No answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

21.     The allegations set forth in Paragraph 21 contain Plaintiff's characterization of the action. No answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

22.     The allegations set forth in Paragraph 22 contain Plaintiff's characterization of the action. No answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

23.     The allegations set forth in Paragraph 23 contain Plaintiff's characterization of the action. No answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

## II.     PARTIES

24.     The J&J Defendants admit that Brian Sandoval is the current Attorney General of the State of Nevada. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. To the extent the allegations contain legal conclusions regarding the scope of the Attorney General's statutory authority, no answer is required and none is made. Any characterizations are denied. The J&J Defendants deny the remaining allegations in Paragraph 24 of the Complaint that pertain to them.

25.     The J&J Defendants deny the allegations set forth in Paragraph 25 of the Complaint that pertain to them. To the extent the allegations in Paragraph 25 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief

7

1026145v1

as to the truth of those allegations and, therefore, deny those allegations. To the extent the allegations in Paragraph 25 set forth legal arguments or conclusions of law, no response is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

26.     The J&J Defendants admit that they conducted business in the State of Nevada.

27-54. The allegations in Paragraphs 27 through 54 of the Complaint are directed to other defendants and require no response from the J&J Defendants. To the extent the allegations in Paragraphs 27 through 54 of the Complaint are deemed to include allegations against the J&J Defendants, they are denied.

55.     J&J admits it is a New Jersey corporation with its principal place of business located at One Johnson & Johnson Plaza, New Brunswick, New Jersey. J&J denies the remaining allegations in Paragraph 83 of the Complaint.

56.     Centocor admits it is a Pennsylvania corporation and has been a wholly owned subsidiary of J&J since its acquisition by J&J in October 1999. Centocor admits its principal place of business is located at 200 Great Valley Parkway, Malvern, Pennsylvania.

57.     Janssen admits it is a New Jersey limited partnership and that its principal place of business is located at 1125 Trenton-Harbouton Road, Titusville, New Jersey 08560. Janssen admits that it is a subsidiary of J&J.

58.     McNeil-PPC admits it is a New Jersey corporation. McNeil-PPC admits it is an indirect (not direct) subsidiary of J&J. McNeil-PPC denies the remaining allegations in Paragraph 86 of the Complaint.

59.     Ortho Biotech admits it has been a wholly owned subsidiary of J&J since its

formation by J&J in 1990.  Ortho Biotech denies the remaining allegations in Paragraph 87 of

the Complaint.

60.     Except for J&J, which is a holding company, the J&J Defendants admit that they

manufacture drugs that are purchased by citizens of the State of Nevada and are reimbursed

under the Nevada Medicaid Program.

61-76.  The allegations in Paragraphs 61 through 76 of the Complaint are directed to

other defendants and require no response from the J&J Defendants.

### III.     PRESCRIPTION DRUG SPENDING IN THE UNITED STATES HAS INCREASED DRAMATICALLY, DISPROPORTIONATELY IMPACTING THE POOR AND ELDERLY

77.     The allegations in Paragraph 77 contain Plaintiff's generalizations and self-

serving conclusions.  Accordingly, no answer is required and none is made.  To the extent an

answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

78-86.  The allegations set forth in Paragraphs 78 through 86 are alleged findings,

opinions, statements or conclusions contained in the "Chartbook," "Chartbook Update" and

"Fact Sheet" cited in Paragraphs 78 through 86 of the Complaint.  The J&J Defendants aver that

those sources cited in Paragraphs 78 through 86 are the best evidence of their contents.  The J&J

Defendants deny that Plaintiff has accurately characterized any alleged finding, opinion,

statement or conclusion contained therein, or that such are applicable to the J&J Defendants.

The J&J Defendants are without knowledge or information sufficient to form a belief as to the

truth of those allegations and, therefore, deny those allegations and demand strict proof thereof.

87.     The J&J Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in Paragraph 87 and, therefore, deny those

allegations.

9

88.     The J&J Defendants deny the allegations set forth in Paragraph 88 of the Complaint that pertain to them.

### IV.     THE PRESCRIPTION DRUG MARKET

89-106.  The allegations set forth in Paragraphs 89 through 106 contain Plaintiff's self-serving conclusions and generalizations regarding the Prescription Drug Market without specific detailed factual allegations averred against the J&J Defendants. Accordingly, no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof. Moreover, the allegations set forth in Paragraphs 89 through 106 contain alleged findings, opinions, statements or conclusions from the "Chartbook." The J&J Defendants aver that the Chartbook is the best evidence of its contents. The J&J Defendants deny that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to the J&J Defendants. The J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations and demand strict proof thereof.

### V.     GOVERNMENT REIMBURSEMENT SYSTEMS FOR PRESCRIPTION DRUGS

107.    The J&J Defendants admit the allegations set forth in Paragraph 107.

108.    The J&J Defendants admit the allegations set forth in Paragraph 108.

109.    The J&J Defendants admit the allegations set forth in Paragraph 109.

110.    The J&J Defendants aver that "Medicare Explained" cited in Paragraph 110 of the Complaint speaks for itself and is the best evidence of its contents. The J&J Defendants deny that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to the J&J Defendants. The J&J Defendants are

10

without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

111.   The J&J Defendants admit that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which is the best evidence of its contents.

112.   The J&J Defendants deny the allegations in the first sentence of Paragraph 112 of the Complaint insofar as the source of the quoted material is unidentified. The J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. The J&J Defendants admit they are aware that providers of Medicare- and Medicaid-covered products historically have been reimbursed based on formulae that make reference to AWP as published in certain compendia.

113.   The J&J Defendants admit the allegations in Paragraphs 113 of the Complaint.

114.   The J&J Defendants admit that the Medicare Program has publicly announced that it would use the AWP published in independently produced pricing publications as the basis for reimbursement. The J&J Defendants state that the Program Memo AB-99-63 cited in Paragraph 114 of the Complaint is the best evidence of its contents.

115.   The J&J Defendants state that the Program Memo AB-99-63 cited in Paragraph 115 of the Complaint is the best evidence of its contents.

116.   The J&J Defendants admit that they have reported information to various compendia, which considered that information when publishing AWP. To the extent the allegations in Paragraph 116 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

11

117.    The J&J Defendants admit the allegations in Paragraph 117 of the Complaint.

118.    The J&J Defendants admit the allegations in Paragraph 118 of the Complaint.

119-122.  The J&J Defendants aver that the sources cited in Paragraphs 119 through 122 of the Complaint are the best evidence of their contents.  The J&J Defendants deny that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to the J&J Defendants.  The J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

123.    The J&J Defendants generally admit the factual allegations set forth in Paragraph 123 and aver that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 123 set forth legal arguments or conclusions of law, no response is required and none is made.

124.    The J&J Defendants generally admit the factual allegations set forth in Paragraph 124 and aver that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.  To the extent the allegations in Paragraph 124 set forth legal arguments or conclusions of law, no response is required and none is made.

125.    The J&J Defendants generally admit the factual allegations set forth in Paragraph 125 and aver that to the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.  To the extent the allegations in Paragraph 125 set forth legal arguments or conclusions of law, no response is required and none is made.

12

126.    The J&J Defendants admit that the reimbursement methodology for outpatient prescription drugs covered by the Nevada Medicaid Program is set forth at Nevada Medicaid Services Manual § 1204.2, which is the best evidence of its contents.  The J&J Defendants deny that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to the J&J Defendants.

## VI.    AWP PLAYS A CENTRAL ROLE IN ALL PRESCRIPTION DRUG REIMBURSEMENT SYSTEMS, AND THE TRUTHFUL REPORTING OF AWPS IS ESSENTIAL TO THE INTEGRITY OF THE MARKETPLACE

127.    The J&J Defendants admit that AWPs play a role in various prescription drug reimbursement systems that operate in the United States.  The J&J Defendants deny all other allegations set forth in Paragraph 127.

128.    Upon information and belief, the J&J Defendants admit the allegations in the first two sentences of Paragraph 128 of the Complaint.  The J&J Defendants deny all other allegations set forth in Paragraph 128.

129.    The J&J Defendants admit that various participants in prescription drug reimbursement systems sometimes use formulae that make reference to AWPs n the reimbursement of physicians and pharmacies.  To the extent the allegations in Paragraph 129 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.  The J&J Defendants deny all other allegations in Paragraph 129.

130.    The J&J Defendants admit that independently produced compendia periodically report AWPs for prescription medicines sold in the United States.  To the extent the allegations in Paragraph 130 refer to the knowledge, conduct or actions of or benefits received by persons,

entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. The J&J Defendants deny the remaining allegations of Paragraph 130.

131.    The J&J Defendants admit that independently produced pricing publications periodically report AWPs for prescription medicines sold in the United States. The J&J Defendants state that the 1999 edition of the *Red Book* and the June 1996 Dow Jones News article cited in Paragraph 131 of the Complaint are the best evidence of their contents. The remaining allegations are directed at other defendants and require no response from the J&J Defendants. To the extent an answer is deemed to be required, The J&J Defendants deny the remaining allegations in Paragraph 131 and demand strict proof thereof.

132.    The J&J Defendants deny the allegations set forth in Paragraph 132.

133-134.  The J&J Defendants state that the April 2003 OIG report cited in Paragraphs 133 through 134 of the Complaint is the best evidence of its content. The J&J Defendants deny that Plaintiff has accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to the J&J Defendants.

135.    The J&J Defendants deny the allegations set forth in Paragraph 135.

## VII.    THE AWP INFLATION SCHEME

136.    The J&J Defendants deny the allegations set forth in Paragraph 136.

137.    The J&J Defendants deny the allegations set forth in Paragraph 137.

138.    The J&J Defendants deny the allegations set forth in Paragraph 138.

139.    The J&J Defendants admit that they have reported information to various compendia, which considered that information when publishing AWPs and that the J&J Defendants were aware that the compendia considered the information that the J&J Defendants supplied. To the extent the allegations in Paragraph 139 refer to the knowledge, conduct or

1026145v1                                           14

actions of or benefits received by persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.  Otherwise, the allegations set forth in the first sentence of Paragraph 139 are denied.

140.    The J&J Defendants deny the allegations set forth in Paragraph 140.

141.    The J&J Defendants deny the allegations set forth in Paragraph 141.

142.    The J&J Defendants admit that they have reported information to various compendia, which considered that information when publishing AWPs and that the J&J Defendants were aware that the compendia considered the information that the J&J Defendants supplied.  To the extent the allegations in Paragraph 142 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.  Otherwise, the allegations set forth in the first sentence of Paragraph 142 are denied.

143.    The J&J Defendants deny the allegations set forth in Paragraph 143.

144.    The J&J Defendants deny the allegations set forth in Paragraph 144.

145.    The J&J Defendants deny the allegations set forth in Paragraph 145.

146.    The J&J Defendants deny the allegations set forth in Paragraph 146.

147.    The J&J Defendants deny the allegations set forth in Paragraph 147.

148-150.  To the extent the allegations in Paragraphs 148 through 150 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.  The J&J Defendants

deny the remaining allegations in Paragraphs 148 through 150 of the Complaint that pertain to them.

151.    The J&J Defendants state that the reimbursement methodology for multiple source drugs under the Medicaid Program as set forth at 42 C.F.R. § 447.332(b) is the best evidence of their contents. The J&J Defendants deny that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to the J&J Defendants.

152-154. To the extent the allegations in Paragraphs 152 through 154 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. The J&J Defendants deny the remaining allegations in Paragraphs 152 through 154 of the Complaint that pertain to them.

155.    The J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 of the Complaint and, therefore, deny those allegations.

156-163. To the extent the allegations in Paragraphs 156 through 163 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. The J&J Defendants deny the remaining allegations in Paragraphs 156 through 163 of the Complaint that pertain to them.

164.    The J&J Defendants deny the allegations in Paragraph 164 of the Complaint that pertain to them. To the extent the allegations in Paragraph 164 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

165.    The J&J Defendants deny the allegations set forth in Paragraph 165 of the Complaint that pertain to them. To the extent the allegations in Paragraph 165 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

166-171.    The J&J Defendants deny the allegations set forth in Paragraphs 166 through 171 that pertain to them. To the extent the allegations in Paragraphs 166 through 171 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

172.    The J&J Defendants deny the allegations set forth in Paragraph 172 that pertain to them. To the extent the allegations in Paragraph 172 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. The J&J Defendants state that THE "WALL STREET JOURNAL" article cited in Paragraph 172 of the Complaint is the best evidence of its content. The J&J Defendants deny that Plaintiff characterized the content of

THE WALL STREET JOURNAL article accurately and specifically deny the content of the allegations referencing the article.

173.    The J&J Defendants deny the allegations set forth in Paragraph 173 of the Complaint that pertain to them.  To the extent the allegations in Paragraph 173 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

174-175.  The J&J Defendants deny the existence of, and its participation in, any "scheme" as alleged in Paragraph 174 of the Complaint.  The J&J Defendants state that the September 28, 2000, letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 174 through 175 of the Complaint is the best evidence of its contents.  The J&J Defendants deny that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to the J&J Defendants.

176.    To the extent the allegations in Paragraph 176 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

177.    The J&J Defendants deny the allegations set forth in Paragraph 177 of the Complaint pertaining to them.  To the extent the allegations in Paragraph 177 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

18

1026145v1

178.    The J&J Defendants deny the allegations set forth in Paragraph 178 of the Complaint pertaining to them. To the extent the allegations in Paragraph 178 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

179-301.   The allegations in Paragraphs 179 through 301 of the Complaint are directed to another defendant and require no response from the J&J Defendants.  To the extent allegations in Paragraphs 179 through 301 of the Complaint are deemed to include allegations against the J&J Defendants, they are denied.

302.    The J&J Defendants deny the allegations set forth in Paragraph 302 of the Complaint.

303.    The allegations set forth in Paragraph 303 contain Plaintiff's characterization of the action.  No response is required and none is made.

304.    The J&J Defendants admit that they reported certain information for their medicines to independently produced pricing publications and that the J&J Defendants were aware that the compendia considered the information that the J&J Defendants supplied.

305.    The J&J Defendants deny the allegations set forth in Paragraph 305 of the Complaint.

306.    The J&J Defendants state that the rebate agreement (J&J000599) cited in Paragraph 306 of the Complaint is the best evidence of its contents.  The J&J Defendants deny that the conclusion drawn by Plaintiff from the alleged quotation from this document is accurate. The J&J Defendants deny the remaining allegations in Paragraph 306 of the Complaint that pertain to them.

307.    The J&J Defendants deny the allegations set forth in Paragraph 307 of the Complaint.

308.    The J&J Defendants deny the allegations set forth in Paragraph 308 of the Complaint, except that Centocor admits that the published AWP for a 100mg vial of Remicade was $611.33 in November 1999, and was $665.65 in 2001.

309.    The J&J Defendants state that the document entitled "Office-Based Infusion Guide" is the best evidence of its contents.  The J&J Defendants deny the conclusions drawn by Plaintiffs from this document are accurate, and deny the remaining allegations in Paragraph 309 that pertain to them.

310.    The J&J Defendants state that the document J&J000121-123 and the *Red Book* cited in Paragraph 310 of the Complaint are the best evidence of their contents.  The J&J Defendants deny the conclusions drawn by Plaintiffs from these documents are accurate, and deny the remaining allegations in Paragraph 310 that pertain to them.

311.    The J&J Defendants deny the allegations set forth in Paragraph 311 of the Complaint.

312.    The J&J Defendants deny the allegations set forth in Paragraph 312 of the Complaint.

313.    The J&J Defendants admit that the governmental agencies listed in Paragraph 313 of the Complaint have conducted investigations concerning pricing in the pharmaceutical industry and that certain of the J&J Defendants have participated in such investigations.  The J&J Defendants deny the remaining allegations in Paragraph 313 that pertain to them.

1026145v1

314.    The J&J Defendants deny the allegations in Paragraph 314 of the Complaint except Ortho Biotech admits that it sells Procrit (epoetin alfa) and that it promotes Procrit for non-dialysis uses.

315.    To the extent the allegations in Paragraph 315 of the Complaint refer to or rely on third party publications, the J&J Defendants are without sufficient knowledge to form a belief as to the truth of those allegations and, therefore, deny those allegations. To the extent the allegations in Paragraph 315 of the Complaint are directed to another defendant, the J&J Defendants are without sufficient knowledge and information to form a belief as to the truth of those allegations and, therefore, deny those allegations. The J&J Defendants deny the remaining allegations in Paragraph 315 of the Complaint that pertain to them.

316.    The J&J Defendants admit that certain of them sell medicines, that said medicines are sold in a competitive market and that, as such, steps are taken to keep certain information relating to said medicines confidential. The J&J Defendants deny the remaining allegations in Paragraph 316 of the Complaint that pertain to them.

317-382.  The allegations in Paragraphs 317 through 382 of the Complaint are directed to another defendant and require no response from the J&J Defendants. To the extent allegations in Paragraphs 317 through 382 of the Complaint are deemed to include allegations against the J&J Defendants, they are denied.

## VIII.   DEFENDANTS' "BEST PRICE" FRAUDS

383-403.  Plaintiff's "Best Price" claims against the J&J Defendants have been dismissed by Court Order. Accordingly, no response is required and none is made.

1026145v1

## IX.   DEFENDANTS' CONCEALMENT OF THE TRUTH AND TOLLING OF STATUTES OF LIMITATION

404.    The J&J Defendants deny the allegations set forth in Paragraph 404 of the Complaint that pertain to them.  To the extent the allegations in Paragraph 404 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

405.    The J&J Defendants deny the allegations set forth in Paragraph 405 of the Complaint that pertain to them.  To the extent the allegations in Paragraph 405 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.  The J&J Defendants state the 2003 CMS document cited in Paragraph 405 of the Complaint is the best evidence of its contents.  The J&J Defendants deny that Plaintiff has accurately characterized any alleged CMS finding, opinion, statement or conclusion.  The J&J Defendants admit that they sell medicines in a competitive market and, as such, takes steps to keep certain information relating to its medicines confidential.

406-409.  The J&J Defendants deny the allegations in Paragraphs 406 through 409 of the Complaint that pertain to them.  To the extent the allegations in Paragraphs 406 through 409 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

410.    In response to the allegations in Paragraph 410 of the Complaint, the J&J Defendants deny that Plaintiff lacked inquiry or other notice of the issues associated with

22

1026145v1