reliance on AWPs as a pricing benchmark. The J&J Defendants specifically aver, to the contrary, that such issues were well known for more than a decade before Plaintiff elected to bring this suit.

411-412. The allegations in Paragraphs 411 through 412 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraphs 411 through 412 of the Complaint that refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants. Accordingly, the J&J Defendants deny those allegations. The J&J Defendants deny the remaining allegations in Paragraphs 411 through 412 of the Complaint that pertain to them.

## X.   DIRECT DAMAGE SUSTAINED BY THE STATE OF NEVADA, PATIENTS AND THIRD-PARTY PAYORS

413. The J&J Defendants deny that Plaintiff has suffered damages or injuries as alleged in Paragraph 413 of the Complaint. The J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 413 of the Complaint and, therefore, deny those allegations.

414. The J&J Defendants admit they are aware that Medicare beneficiaries are generally responsible, but not necessarily required, to pay a 20 percent co-payment. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. To the extent the allegations in Paragraph 414 set forth legal arguments or conclusions of law, no response is required and none is made. The J&J Defendants deny the remaining allegations in Paragraph 414 of the Complaint that pertain to them.

23

415.   The allegations in Paragraph 415 contain Plaintiff's generalizations and self-serving conclusions.  Accordingly, no answer is required and none is made.  To the extent an answer is deemed to be required, the allegations are denied and strict proof is demanded thereof.

416.   The J&J Defendants deny the allegations set forth in Paragraph 416 of the Complaint that pertain to them.  To the extent the allegations in Paragraph 416 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

417.   The J&J Defendants deny the allegations set forth in Paragraph 417 of the Complaint that pertain to them.  To the extent the allegations in Paragraph 417 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

418.   The J&J Defendants deny the allegations set forth in Paragraph 418 of the Complaint that pertain to them.  To the extent the allegations in Paragraph 418 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

419.   The J&J Defendants deny the allegations set forth in Paragraph 419 of the Complaint that pertain to them.

420.   Plaintiff's "Best Price" claims against the J&J Defendants have been dismissed by Court Order.  Accordingly, no response is required and none is made.

1026145v1

421.   The J&J Defendants deny the allegations set forth in Paragraph 421 of the Complaint that pertain to them.

422.   The J&J Defendants deny the allegations set forth in Paragraph 422 of the Complaint that pertain to them.

## XI.   CLAIMS FOR RELIEF

### COUNT I

#### Deceptive Trade Practices:
#### Claim for Damages Caused to Nevada Residents

423.   The J&J Defendants reallege and incorporate their responses to the allegations in Paragraphs 1 through 422.

424.   The allegations set forth in Paragraph 424 contain Plaintiff's characterization of this action. No response is required and none is made.

425.   The J&J Defendants deny the allegations set forth in Paragraph 425 of the Complaint that pertain to them. To the extent the allegations in Paragraph 425 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations thereof are denied. To the extent the allegations in Paragraph 425 set forth legal arguments or conclusions of law, no response is required and none is made.

426.   The J&J Defendants deny the allegations set forth in Paragraph 426 of the Complaint that pertain to them. To the extent the allegations in Paragraph 426 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J

25

Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

427. The J&J Defendants deny the allegations set forth in Paragraph 427 of the Complaint that pertain to them. To the extent the allegations in Paragraph 427 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

428. The J&J Defendants deny the allegations set forth in Paragraph 428 of the Complaint that pertain to them. To the extent the allegations in Paragraph 428 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

429. The J&J Defendants deny the allegations set forth in Paragraph 429 of the Complaint that pertain to them. To the extent the allegations in Paragraph 429 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

The J&J Defendants deny Plaintiff is entitled to a judgment or any other relief requested in the Prayer for Relief for Count I of the Complaint.

26

## COUNT II

### Deceptive Trade Practices Directed
### At Elderly Nevada Residents

430.    The J&J Defendants reallege and incorporate their responses to the allegations in Paragraphs 1 through 429.

431.    The allegations set forth in Paragraph 431 contain Plaintiff's characterization of this action.  No response is required and none is made.

432.    The J&J Defendants deny the allegations set forth in Paragraph 432 of the Complaint that pertain to them.  To the extent the allegations in Paragraph 432 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.  To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations thereof are denied.  To the extent the allegations in Paragraph 432 set forth legal arguments or conclusions of law, no response is required and none is made.

433.    The J&J Defendants deny the allegations set forth in Paragraph 433 of the Complaint that pertain to them.  To the extent the allegations in Paragraph 433 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

27

434.    The J&J Defendants deny the allegations set forth in Paragraph 434 of the Complaint that pertain to them.  To the extent the allegations in Paragraph 434 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

435.    The J&J Defendants deny the allegations set forth in Paragraph 435 of the Complaint that pertain to them.  To the extent the allegations in Paragraph 435 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

436.    The J&J Defendants deny the allegations set forth in Paragraph 436 of the Complaint that pertain to them.  To the extent the allegations in Paragraph 436 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations.

The J&J Defendants deny Plaintiff is entitled to judgment or any other relief requested in the Prayer for Relief for Count II of the Complaint.

### COUNT III

#### Deceptive Trade Practices:
#### Claim for Civil Penalties, Injunctive Relief, and
#### Restitution for the State of Nevada

437.    The J&J Defendants reallege and incorporate their responses to the allegations in Paragraphs 1 through 436.

438.    The allegations set forth in Paragraph 438 contain Plaintiff's characterization of this action.  No response is required and none is made.  To the extent the allegations relate to

28

1026145v1

Plaintiff's "Best Price" claims against the J&J Defendants, those claims have been dismissed by Court Order. Accordingly, no response is required and none is made.

439. The J&J Defendants deny the allegations set forth in Paragraph 439 of the Complaint that pertain to them. To the extent the allegations in Paragraph 439 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations thereof are denied. To the extent the allegations in Paragraph 439 set forth legal arguments or conclusions of law, no response is required and none is made. To the extent the allegations relate to Plaintiff's "Best Price" claims against the J&J Defendants, those claims have been dismissed by Court Order. Accordingly, no response is required and none is made.

440. The J&J Defendants deny the allegations set forth in Paragraph 440 of the Complaint that pertain to them. To the extent the allegations in Paragraph 440 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. To the extent the allegations relate to Plaintiff's "Best Price" claims against the J&J Defendants, those claims have been dismissed by Court Order. Accordingly, no response is required and none is made.

441. The J&J Defendants deny the allegations set forth in Paragraph 441 of the Complaint that pertain to them. To the extent the allegations in Paragraph 441 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J

29

Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. To the extent the allegations relate to Plaintiff's "Best Price" claims against the J&J Defendants, those claims have been dismissed by Court Order. Accordingly, no response is required and none is made.

442.    The J&J Defendants deny the allegations set forth in Paragraph 442 of the Complaint that pertain to them. To the extent the allegations in Paragraph 442 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. To the extent the allegations relate to Plaintiff's "Best Price" claims against the J&J Defendants, those claims have been dismissed by Court Order. Accordingly, no response is required and none is made.

443.    The J&J Defendants deny the allegations set forth in Paragraph 443 of the Complaint that pertain to them. To the extent the allegations in Paragraph 443 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny those allegations. To the extent the allegations relate to Plaintiff's "Best Price" claims against the J&J Defendants, those claims have been dismissed by Court Order. Accordingly, no response is required and none is made.

The J&J Defendants deny Plaintiff is entitled to a judgment or any other relief requested in the Prayer for Relief for Count III of the Complaint.

## COUNT IV

### Racketeering:
### Claim for Treble Damages to State of
### Nevada and Civil Forfeiture

444-466.  Plaintiff's "Racketeering" claims against the J&J Defendants have been

dismissed by Court Order.  Accordingly, no response is required and none is made.

## COUNT V

### Medicaid Fraud:
### Claim for Cost Recovery
### And Civil Penalties

467-477.  Plaintiff's "Best Price" claims against the J&J Defendants have been dismissed

by Court Order.  Accordingly, no response is required and none is made.

## COUNT VI

### Punitive Damages:
### Claim Brought on Behalf of the State of Nevada

478.    The J&J Defendants reallege and incorporate their responses to the allegations in

Paragraphs 1 through 477.

479.    The J&J Defendants deny the allegations set forth in Paragraph 479 of the

Complaint that pertain to them.  To the extent the allegations in Paragraph 479 of the Complaint

refer to the knowledge, conduct or actions of persons, entities or defendants other than the J&J

Defendants, the J&J Defendants are without knowledge or information sufficient to form a belief

as to the truth of those allegations and, therefore, deny those allegations.

The J&J Defendants deny Plaintiff is entitled to a judgment or any other relief requested

in the Prayer for Relief for Count VI of the Complaint.

1026145v1

## XI.   DEMAND FOR JURY TRIAL

The J&J Defendants deny Plaintiff is entitled to a judgment or any other relief requested in the Prayer for Relief.

### DEFENSES

### First Defense

Plaintiff fails to state a claim against the J&J Defendants upon which relief may be granted.

### Second Defense

Some or all of Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Third Defense

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of the J&J Defendants as alleged in the Complaint.

### Fourth Defense

To the extent Plaintiff or any of its citizens for whom it is seeking relief obtains recovery in any other case predicated on the same factual allegations, it is barred from seeking recovery against the J&J Defendants based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Nevada.

IN CLERK'S OFFICE
FILED

2004 JUL 12 P 6: 06

32

DISTRICT COURT
DISTRICT OF MASS.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff or any of its citizens for whom it is seeking relief has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

### Seventh Defense

Any and all actions taken by the J&J Defendants with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### Eighth Defense

Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation, the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Ninth Defense

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

### Tenth Defense

Plaintiff's claims against the J&J Defendants are barred because the J&J Defendants have complied with all applicable regulations of the federal and state governments.

### Eleventh Defense

Plaintiff's claims against the J&J Defendants are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

33

1026145v1

### Twelfth Defense

Plaintiff's claims are barred, in whole or in part, because they violate the J&J Defendants' rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Nevada, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Thirteenth Defense

The J&J Defendants' statements or actions were not the proximate cause or cause in fact of any injury or alleged loss.

### Fourteenth Defense

Plaintiff fails to state with particularity facts to support the fraud allegations, and fails to plead with particularity the fraudulent concealment and multi-source medicine allegations against the J&J Defendants contained in the Complaint.

### Fifteenth Defense

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit, including but not limited, to Plaintiff's asserted status in *parens patriae* to recover Medicaid or Medicare expenditures or to seek injunctive relief.

### Sixteenth Defense

Plaintiff fails to allege with particularity its civil conspiracy claims against the J&J Defendants as required by FED. R. CIV. P. 9(b).

### Seventeenth Defense

Plaintiff's claims against the J&J Defendants are barred because the J&J Defendants did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

34

1026145v1

## Eighteenth Defense

Plaintiff's claims against the J&J Defendants are barred, in whole or in part, because the J&J Defendants did not make any false statements to Plaintiff or any of the citizens for whom Plaintiff is seeking relief. As to any statement asserted against the J&J Defendants that Plaintiff alleges to be false or misleading, the J&J Defendants had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## Nineteenth Defense

Plaintiff's claims against the J&J Defendants are barred because the J&J Defendants did not directly or indirectly engage in any conduct in violation of state or federal law.

## Twentieth Defense

The J&J Defendants deny that Plaintiff has valid consumer protection claims against the J&J Defendants under Nevada state law. However, if such claims are found to exist, the J&J Defendants plead all available defenses under the applicable laws.

## Twenty-First Defense

Any allegedly fraudulent statements or conduct of the J&J Defendants did not directly or proximately cause the alleged injuries as required under state consumer protection laws of Nevada.

## Twenty-Second Defense

Plaintiff's fraud-based claims and claims for fraudulent concealment are barred because Plaintiff knew or should have known for more than a decade before the filing of the complaint that published AWPs do not represent the actual averages of the prices at which providers or pharmacies are able to purchase drugs.

35

### Twenty-Third Defense

The J&J Defendants' conduct was not "deceptive" as required under Nevada consumer protection laws.

### Twenty-Fourth Defense

To the extent that Plaintiff seeks equitable relief against the J&J Defendants, Plaintiff is not entitled to such relief because there is an adequate remedy at law.

### Twenty-Fifth Defense

Plaintiff did not rely on the allegedly fraudulent statements or conduct of the J&J Defendants as required under the Nevada consumer protection laws.

### Twenty-Sixth Defense

Any allegedly fraudulent statement or conduct of the J&J Defendants was not consumer-oriented as required under the Nevada consumer protection laws.

### Twenty-Seventh Defense

Plaintiff's claims against the J&J Defendants for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Twenty-Eighth Defense

Some or all of Plaintiff's claims for injunctive relief against the J&J Defendants are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Twenty-Ninth Defense

Some or all of Plaintiff's claims against the J&J Defendants arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

36

### Thirtieth Defense

Plaintiff's claims against the J&J Defendants are barred, in whole or in part, due to its failure to join indispensable parties.

### Thirty-First Defense

Plaintiff's claims against the J&J Defendants are barred, in whole or in part, because it suffered no damages as a result of the matters alleged in the Complaint.

### Thirty-Second Defense

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

### Thirty-Third Defense

Plaintiff's claims against the J&J Defendants for damages are barred, in whole or in part, because: (1) Plaintiff failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to the J&J Defendants; (2) Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that Plaintiff has received and paid for medicines manufactured, marketed and sold by the J&J Defendants after the filing of Plaintiff's original Complaint; and (4) Plaintiff's claims are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Thirty-Fourth Defense

The J&J Defendants are entitled to a set-off, should any damages be awarded against them, for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries.

1026145v1

## Thirty-Fifth Defense

The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiff from the J&J Defendants.

## Thirty-Sixth Defense

Plaintiff fails to allege facts or a cause of action against the J&J Defendants sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

## Thirty-Seventh Defense

Plaintiff's punitive damages claims against the J&J Defendants:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against the J&J Defendants; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give the J&J Defendants prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of the J&J Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Nevada; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate the J&J Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and applicable state laws of Nevada; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against the J&J Defendants for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of the J&J Defendants' medicines, would constitute impermissible multiple punishments for the same wrong in violation of the J&J Defendants' due



38

process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law and statutory law of Nevada; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate the J&J Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and public policies of Nevada; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according the J&J Defendants the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate the J&J Defendants' rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law and public policies of Nevada.

### Thirty-Eighth Defense

Plaintiff's claim for punitive damages against the J&J Defendants cannot be sustained because an award of punitive damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics,

including without limitation, the residence, wealth, and corporate status of the J&J Defendants; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate the J&J Defendants' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law and public policies of Nevada.

### Thirty-Ninth Defense

Plaintiff's claim for punitive damages against the J&J Defendants cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate the J&J Defendants' Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate the J&J Defendants' right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law and public policies of Nevada.

### Fortieth Defense

The J&J Defendants adopt by reference any additional applicable defense pled by any other defendant in the companion cases consolidated for discovery by this court, not otherwise pled herein.

CLERK'S OFFICE
FILED

2004 JUL 12 P 6: 06

U.S. DISTRICT COURT
DISTRICT OF MASS.

1026145v1

### Forty-First Defense

The J&J Defendants hereby give notice that they intend to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves their right to amend their answer to assert such defense.

U.S. CLERK'S OFFICE
FILED

2004 JUL 12 P 6: 06

DIST. OF MASS.
DIST COURT

41

WHEREFORE, the J&J Defendants respectfully demand judgment dismissing the

Complaint in its entirety and awarding them the costs and disbursements of this action, as well as

such other and further relief as this Court deems just and proper.

DATED: New York, New York
        July 12, 2004

Respectfully Submitted,

/s/ Andrew D. Schau

William F. Cavanaugh, Jr.
Andrew D. Schau
Erik Haas
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
(212) 336-2546

*Attorneys for Defendants*
*Johnson & Johnson, Centocor, Inc., Janssen*
*Pharmaceutica Products, L.P., McNeil-PPC, Inc., and*
*Ortho Biotech Products, L.P.*

42

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2004, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

/s/ Andrew D. Schau

Andrew D. Schau

43