# EXHIBIT A

## TO THE DECLARATION OF STEVE W. BERMAN IN SUPPORT OF MOTION TO COMPEL BMS TO ANSWER INTERROGATORIES







CAMBRIDGE LOS ANGELES PHOENIX [PLLC] SEATTLE

hagens-berman.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

STEVE W. BERMAN
(206) 224-9320
steve@hagens-berman.com

June 23, 2004

***Via Facsimile***

Mr. Lyndon M. Tretter
Mr. Steven M. Edwards
Hogan & Hartson, LLP
875 Third Ave., Suite 2600
New York, NY 10022

Dear Lyndon and Steven:

After reviewing the data produced we have determined that we need answers to Interrogatory No. 1(a)-(h) of the set served on January 19, 2004 and No. 1(a)-(f) of the set answered by BMS on May 3, 2004. The answers to these questions are not as you assert equally available to us or a matter of public record. In fact the AWP is hardly public but is protected by the federal government. I enclose a copy of those interrogatories.

Please let us know by the close of business tomorrow if BMS will answer, if not we will move to compel.

Sincerely,

Steve W. Berman

SWB:taw




All documents sufficient to identify your policy or practice of document retention, destruction, disposal or preservation for the time period 1991 to the present.

**RESPONSE:**

BMS objects to Request No. 39 on the grounds that it is vague, overly broad and unduly burdensome. BMS also objects on the ground that this request is outside the scope of its agreement with Plaintiffs. Subject to the foregoing Preliminary Statement and General Objections, BMS will produce representative examples of such documents.

**SPECIFIC RESPONSES - INTERROGATORIES**

**INTERROGATORY NO. 1:**

For the period beginning January 1, 1998, and for each subsequent calendar quarter, and with respect to each of the AWPIDs, identify the following information:

a. the total volume of sales, indicating both the number of units and net revenue;

b. the "average wholesale price" (AWP), as reported in Medical Economics *Red Book*, *First Data Bank* and/or *MediSpan*, and the volume of sales (in both units and net revenue) occurring (i) at or within five percent of AWP, whether higher or lower, (ii) at more than five percent above AWP, and (iii) at more than five percent below AWP;

c. the "average manufacturer price" ("AMP"), as reported to the Secretary of Health and Human Services, pursuant to the requirements of Social Security Act ("SSA") § 1927(b)(3), and the volume of sales (in both units and net revenue) occurring (i) at AMP and up to and including 10% above AMP, and less than or equal to 10% below AMP (broken out separately), (ii) at greater than 10% above AMP but less than or equal to 20% above AMP, and at greater than 10% below AMP but less than or equal to 20% below AMP (broken or separately), (iii) at greater than 20% above AMP but less than or equal to 30% above AMP, and at greater than 20% below AMP but less than or equal to 30% below AMP (broken out separately), (iv) at greater than 30% above AMP but less than or equal to 40% above AMP, and at greater than 30% below AMP but less than or equal to 50% above AMP, and at greater than 40% below AMP but less than or equal to 50% below AMP (broken out separately);

d. the "wholesale acquisition cost" ("WAC"), as reported by Medical Economics *Red Book*, *First Data Bank* and/or *MediSpan* or any other such entity that gathers and publishes "wholesale acquisition costs," and the volume of sales (in both units and net revenue) occurring (i) at or within five percent of WAC, whether higher or




lower, (ii) at more than five percent above WAC, and (iii) at more than five percent below WAC;

e. the "best price," as reported to the Secretary of Health and Human Services, pursuant to the requirements of SSA § 1927(b)(3), and the volume of sales (in both units and net revenue) occurring (i) at or within five percent of the best price, whether higher or lower, (ii) at more than five percent above best price, and (iii) at more than five percent below best price (if applicable);

f. the total volume of sales, in both the number of units and net revenue, exempted from the calculation of the Medicaid best price as "merely nominal in amount," pursuant to the requirements of SSA § 1927(c)(1)(C)(ii)(III);

g. the average price of the "nominal" sales, referenced in subsection (f), above; and

h. the total volume of the subject drug, in units, distributed as free goods.

**ANSWER:**

BMS objects to Interrogatory No. 1 on the grounds that it is vague, overly broad, unduly burdensome, and calls for the compilation of information that is a matter of public record, is equally available to Plaintiffs, or is already in their possession, custody or control. BMS further objects on the ground that information responsive to this interrogatory can be found in documents it has previously produced and the documents it is producing pursuant to its agreement with Plaintiffs.

**INTERROGATORY NO. 2:**

For the period beginning January 1, 1998, to the present, has the distribution, marketing, sales or promotion of any AWPID considered, incorporated, or been based upon, in any way, the spread? If so, please describe the circumstances of such distribution, marketing, sales, or promotion, and provide all documents relating thereto, and identify all past and current employees with knowledge of the facts relating to such marketing, sales or promotion.

**ANSWER:**

BMS objects to Interrogatory No. 2 on the grounds that it is vague, overly broad, and unduly burdensome, and calls for the compilation of information that is equally



All documents sufficient to identify your policy or practice of document retention, destruction, disposal or preservation for the time period 1991 to the present.

**RESPONSE:**

BMS objects to Request No. 39 on the grounds that it is vague, overly broad and unduly burdensome. BMS also objects on the ground that this request is outside the scope of its agreement with Plaintiffs. Subject to the foregoing Preliminary Statement and General Objections, BMS will produce representative examples of such documents.

**SPECIFIC RESPONSES - INTERROGATORIES**

**INTERROGATORY NO. 1:**

For the period beginning January 1, 1998, and for each subsequent calendar quarter, and with respect to each of the AWPIDs, identify the following information:

a. the total volume of sales, indicating both the number of units and net revenue;

b. the "average wholesale price" (AWP), as reported in Medical Economics *Red Book*, *First Data Bank* and/or *MediSpan*, and the volume of sales (in both units and net revenue) occurring (i) at or within five percent of AWP, whether higher or lower, (ii) at more than five percent above AWP, and (iii) at more than five percent below AWP;

c. the "average manufacturer price" ("AMP"), as reported to the Secretary of Health and Human Services, pursuant to the requirements of Social Security Act ("SSA") § 1927(b)(3), and the volume of sales (in both units and net revenue) occurring (i) at AMP and up to and including 10% above AMP, and less than or equal to 10% below AMP (broken out separately), (ii) at greater than 10% above AMP but less than or equal to 20% above AMP, and at greater than 10% below AMP but less than or equal to 20% below AMP (broken or separately), (iii) at greater than 20% above AMP but less than or equal to 30% above AMP, and at greater than 20% below AMP but less than or equal to 30% below AMP (broken out separately), (iv) at greater than 30% above AMP but less than or equal to 40% above AMP, and at greater than 30% below AMP but less than or equal to 50% above AMP, and at greater than 40% below AMP but less than or equal to 50% below AMP (broken out separately);

d. the "wholesale acquisition cost" ("WAC"), as reported by Medical Economics *Red Book*, *First Data Bank* and/or *MediSpan* or any other such entity that gathers and publishes "wholesale acquisition costs," and the volume of sales (in both units and net revenue) occurring (i) at or within five percent of WAC, whether higher or




lower, (ii) at more than five percent above WAC, and (iii) at more than five percent below WAC;

e. the "best price," as reported to the Secretary of Health and Human Services, pursuant to the requirements of SSA § 1927(b)(3), and the volume of sales (in both units and net revenue) occurring (i) at or within five percent of the best price, whether higher or lower, (ii) at more than five percent above best price, and (iii) at more than five percent below best price (if applicable);

f. the total volume of sales, in both the number of units and net revenue, exempted from the calculation of the Medicaid best price as "merely nominal in amount," pursuant to the requirements of SSA § 1927(c)(1)(C)(ii)(III);

g. the average price of the "nominal" sales, referenced in subsection (f), above; and

h. the total volume of the subject drug, in units, distributed as free goods.

**ANSWER:**

BMS objects to Interrogatory No. 1 on the grounds that it is vague, overly broad, unduly burdensome, and calls for the compilation of information that is a matter of public record, is equally available to Plaintiffs, or is already in their possession, custody or control. BMS further objects on the ground that information responsive to this interrogatory can be found in documents it has previously produced and the documents it is producing pursuant to its agreement with Plaintiffs.

**INTERROGATORY NO. 2:**

For the period beginning January 1, 1998, to the present, has the distribution, marketing, sales or promotion of any AWPID considered, incorporated, or been based upon, in any way, the spread? If so, please describe the circumstances of such distribution, marketing, sales, or promotion, and provide all documents relating thereto, and identify all past and current employees with knowledge of the facts relating to such marketing, sales or promotion.

**ANSWER:**

BMS objects to Interrogatory No. 2 on the grounds that it is vague, overly broad, and unduly burdensome, and calls for the compilation of information that is equally