# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO *State of Nevada v. American Home Products Corp., et al.,* D. Nev. Cause No. CV-N-02-0202-ECR | Judge Patti B. Saris |

## SICOR INC. and SICOR PHARMACEUTICALS, INC. ANSWER TO STATE OF NEVADA'S AMENDED COMPLAINT

Defendant Sicor, Inc. and Sicor Pharmaceuticals, Inc.("Sicor") hereby responds and answers the State of Nevada's Amended Complaint (the "Complaint") as follows:

## Preface

Prior to addressing the specific allegations of the numbered Paragraphs, Sicor states the following general objections and responses to the Complaint as a whole. The Complaint contains purported quotations from a number of sources, many of which are unidentified. If any of the quotations originate in documents protected by the attorney client privilege, the work-product doctrine or the joint-defense privilege, Sicor reserves the right to assert such privileges, hereby moves to strike such references and demands return of any such documents that Plaintiff may have in its possession, custody or control. In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity does not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

The Complaint also improperly and repetitively refers to Sicor and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity

allegations against Sicor.  It also improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully.  Finally, the Complaint includes terms that are undefined and that are susceptible of different meanings.

Notwithstanding these pleading deficiencies, Sicor has attempted to respond to Plaintiff's allegations.  To the extent allegations refer to the knowledge, conduct or actions of other entities, Sicor is generally without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, Sicor denies those allegations.  Sicor also denies each and every allegation contained in the Complaint, except as specifically hereinafter admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes or speculations that are contained in any averment or in the Complaint as a whole.  Moreover, Sicor specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered Paragraphs in the Complaint.  These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## I.      INTRODUCTION

1.      To the extent that the allegations set forth in Paragraph 1 contain Plaintiff's characterization of the action, no answer is required and none is made.  Sicor denies the remaining allegations in Paragraph 1 of the Complaint that pertain to it.

2.      Sicor admits that it is a manufacturer of pharmaceutical products.   To the extent the allegations of this Paragraph refer to statutory or regulatory programs, the statutes, regulations and other sources regarding those programs speak for themselves, and any characterizations thereof are denied.  To the extent the allegations in Paragraph 2 of the

Complaint are directed to persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations. Sicor denies the remaining allegations in Paragraph 2 of the Complaint that pertain to it.

3.     The allegations in Paragraph 3 contain Plaintiff's generalizations and conclusions. Accordingly, no answer is required and none is made. To the extent an answer is necessary, the allegations are denied and strict proof is demanded thereof.

4.     The allegations in Paragraph 4 contain Plaintiff's generalizations and conclusions. Accordingly, no answer is required and none is made. To the extent an answer is necessary, the allegations are denied and strict proof is demanded thereof.

5.     Sicor admits that some public drug reimbursement systems reimburse physicians and pharmacies based upon the AWP as published and reported by various compendia. Sicor is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding private drug reimbursement and, therefore, denies those allegations. Sicor denies the remaining allegations in Paragraph 5 of the Complaint that pertain to it.

6.     Sicor admits that it has provided pricing information to various compendia. Sicor denies the existence of, and its participation in, any "AWP Inflation Scheme" as alleged in Paragraph 6 of the Complaint. To the extent the allegations in Paragraph 6 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. To the extent the allegations of Paragraph 6

contain legal arguments or conclusions of law, no answer is required and none is made.  Sicor denies the remaining allegations in Paragraph 6 of the Complaint that pertain to it.

7.      Sicor denies the existence of, and its participation in, any "AWP Inflation Scheme" as alleged in Paragraph 7 of the Complaint.  To the extent the allegations in Paragraph 7 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent the allegations of Paragraph 7 contain legal arguments or conclusions of law, no answer is required and none is made.  Sicor denies the remaining allegations in Paragraph 7 of the Complaint that pertain to it.

8.      Denied.  To the extent the allegations in Paragraph 8 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

9.      Denied.  To the extent the allegations in Paragraph 9 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

10.     Denied.  To the extent the allegations in Paragraph 10 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

11.     To the extent that the allegations in Paragraph 11 refer to statutes, regulations or other documents, those sources speak for themselves, and any characterizations thereof are denied.  To the extent that these paragraphs set forth legal conclusions, no response is required.

12.     Denied.  To the extent the allegations in Paragraph 12 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

13.     Denied.  To the extent the allegations in Paragraph 13 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

14.     Denied.  To the extent the allegations in Paragraph 14 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

15.     Denied.  To the extent the allegations in Paragraph 15 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

16.     Denied To the extent the allegations in Paragraph 16 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is

without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

17.      Denied.  To the extent the allegations in Paragraph 17 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

18.      The allegations set forth in Paragraph 18 contain Plaintiff s characterization of the action.  No answer is required and none is made.  To the extent an answer is necessary, the allegations are denied.

19.      Denied.  To the extent the allegations in Paragraph 19 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

20.      The allegations set forth in Paragraph 20 contain Plaintiff's characterization of the action.  No answer is required and none is made.  To the extent an answer is necessary, the allegations are denied.

21.      The allegations set forth in Paragraph 21 contain Plaintiff's characterization of the action.  No answer is required and none is made.  To the extent an answer is necessary, the allegations are denied.

22.      The allegations set forth in Paragraph 22 contain Plaintiff's characterization of the action.  No answer is required and none is made.  To the extent an answer is necessary, the allegations are denied.

23.     The allegations set forth in Paragraph 23 contain Plaintiff's characterization of the action.  No answer is required and none is made.  To the extent an answer is necessary, the allegations are denied.

## II.     PARTIES

24.     Sicor admits that Brian Sandoval is the current Attorney General of the State of Nevada.  To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  To the extent the allegations contain legal conclusions regarding the scope of the Attorney General's statutory authority, no answer is required and none is made.  Any characterizations are denied.  Sicor denies the remaining allegations in Paragraph 24 of the Complaint that pertain to it.

25.     Denied.  To the extent the allegations in Paragraph 25 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies those allegations.  To the extent the allegations in Paragraph 25 set forth legal arguments or conclusions of law, no response is required and none is made.  To the extent an answer is necessary the allegations are denied.

26.     Sicor admits that it has conducted business in the State of Nevada.  To the extent the allegations in Paragraph 26 set forth legal arguments or conclusions of law, no response is required and none is made.  To the extent an answer is necessary the allegations are denied.

27-68.  The allegations in Paragraphs 27 through 68 of the Complaint are directed to other defendants and require no response from Sicor.  Further, Sicor is without knowledge or

information sufficient to form a belief as to the truth of those allegations and therefore, denies those allegations.

69.     Sicor admits that it is a Delaware corporation with its principal place of business at 19 Hughes, Irvine, California.  The remainder of Paragraph 63 is Plaintiff's characterization of Sicor's business, and is therefore denied.

70.     Sicor admits that it is a pharmaceutical company.   The remainder of Paragraph 70 is Plaintiff's characterization of Sicor's business and is therefore denied.

71.     Deny that Gensia Sicor Pharmaceuticals currently exists as a legal entity as described in Paragraph 71.  The remainder of Paragraph 71 is Plaintiff's characterization of Sicor's business and is therefore denied.

72.     Sicor admits that Gensia Sicor entered into a sales and distribution agreement with Abbott Laboratories and Baxter Pharmaceutical Products, Inc.  The remainder of Paragraph 72 is Plaintiff's characterization of Sicor's business relationships and is therefore deemed denied.

73.     Paragraph 73 is Plaintiff's characterization of Sicor and is therefore denied.

74.     Sicor admits that it manufactures drugs reimbursed by the Nevada Medicaid Program.

75-76.  The allegations in Paragraphs 75 through 76 of the Complaint are directed to other defendants and require no response from Sicor.  Further, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies those allegations.

### III.   PRESCRIPTION DRUG SPENDING IN THE UNITED STATES HAS INCREASED DRAMATICALLY, DISPROPORTIONATELY IMPACTING THE POOR AND ELDERLY

77.     The allegations in Paragraph 77 contain Plaintiff's generalizations and conclusions.  Accordingly, no answer is required and none is made.  To the extent an answer is necessary, the allegations are denied.

78-86.  The allegations set forth in Paragraphs 78 through 86 are alleged findings, opinions, statements or conclusions contained in the "Chartbook," "Chartbook Update" and "Fact Sheet" cited in Paragraphs 78 through 86 of the those sources cited in Paragraphs 78 through 86 are the best evidence of their contents.  Sicor denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Sicor.  Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

87.     Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 and, therefore, denies those allegations.

88.     Denied.

### IV.   THE PRESCRIPTION DRUG MARKET

89-106.  The allegations set forth in Paragraphs 89 through 106 contain Plaintiff's conclusions and generalizations regarding the Prescription Drug Market without specific detailed factual allegations averred against Sicor.  Accordingly, no answer is necessary and none is made.  To the extent an answer is necessary, the allegations are denied and strict proof is demanded thereof.  Moreover, the allegations set forth in Paragraphs 89 through 106 contain alleged findings, opinions, statements or conclusions from the "Chartbook." Sicor avers that

the Chartbook is the best evidence of its contents. Sicor denies that Plaintiff has accurately

characterized any alleged finding, opinion, statement or conclusion contained therein, or that

such are applicable to Sicor. Sicor is without knowledge or information sufficient to form a

belief as to the truth of those allegations and, therefore, denies those allegations.

## V.   GOVERNMENT REIMBURSEMENT SYSTEMS FOR PRESCRIPTION DRUGS

107.   Admitted.

108.   Admitted.

109.   Admitted.

110.   Sicor avers that "Medicare Explained" cited in Paragraph 110 of the Complaint

speaks for itself and is the best evidence of its contents. Sicor denies that Plaintiff has accurately

characterized any alleged finding, opinion, statement or conclusion contained therein, or that

such are applicable to Sicor. Sicor is without knowledge or information sufficient to form a

belief as to the truth of those allegations and, therefore, denies those allegations.

111.   Sicor admits that the reimbursement methodology for drugs covered by Medicare

Part B is set forth at 42 C.F.R.  § 405.517, which is the best evidence of its contents.

112.   Sicor denies the allegations in the first sentence of Paragraph 112 of the

Complaint insofar as the source of the quoted material is unidentified. Sicor is without

knowledge or information sufficient to form a belief as to the truth of those allegations and,

therefore, denies those allegations. Sicor admits that some providers of Medicare- and

Medicaid-covered products historically have been reimbursed at certain times based in part on

AWP published in certain compendia.

113.   Admitted.

114.   Sicor admits that the Medicare Program has publicly announced that it would use the AWP published in independently produced pricing publications as the basis in part for reimbursement.  Sicor states that the Program Memo AB-99-63 cited in Paragraph 114 of the Complaint is the best evidence of its contents.

115.   Sicor states that the Program Memo AB-99-63 cited in Paragraph 115 of the Complaint is the best evidence of its contents.

116.   Sicor admits that at has provided pricing information to various compendia.  To the extent the allegations in Paragraph 116 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

117.   The allegations in Paragraph 117 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.  To the extent the allegations in Paragraph 117 set forth legal arguments or conclusions of law, no response is required and none is made.

118.   Sicor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and, therefore, denies those allegations.

119-122.   Sicor avers that the sources cited in Paragraphs 119 through 122 of the Complaint are the best evidence of their contents.  Sicor denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that

such are applicable to Sicor.  Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

123.    To the extent the allegations in Paragraph 123 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 123 set forth legal arguments or conclusions of law, no response is required and none is made.

124.    To the extent the allegations in Paragraph 124 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied.  To the extent the allegations in Paragraph 124 set forth legal arguments or conclusions of law, no response is required and none is made.

125.    To the extent the allegations in Paragraph 125 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied.  To the extent the allegations in Paragraph 125 set forth legal arguments or conclusions of law, no response is required and none is made.

126.    Sicor avers that Nevada Medicaid Services Manual § 1204.2 is the best evidence of its contents.  Sicor denies that Plaintiff has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Sicor.

## VI.    AWP PLAYS A CENTRAL ROLE IN ALL PRESCRIPTION DRUG REIMBURSEMENT SYSTEMS, AND THE TRUTHFUL REPORTING OF AWPs IS ESSENTIAL TO THE INTEGRITY OF THE MARKET PLACE

127.    Sicor admits that AWPs play some role in various prescription drug reimbursement systems that operate in the United States.  Sicor denies all other allegations set forth in Paragraph 127.

128.    Upon information and belief, Sicor admits the allegations in the first two sentences of Paragraph 128 of the Complaint.  Sicor denies all other allegations set forth in Paragraph 128.

129.    Sicor admits that various participants in prescription drug reimbursement systems utilize AWPs to reimburse physicians and pharmacies.  To the extent the allegations in Paragraph 129 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Sicor denies all other allegations in Paragraph 129.

130.    Sicor admits that independently produced compendia periodically report some AWPs for some prescription medicines sold in the United States.  To the extent the allegations in Paragraph 130 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Sicor denies the remaining allegations of Paragraph 130.

131.    Sicor admits that independently produced pricing publications periodically report some AWPs for some prescription medicines sold in the United States.  Sicor states that the 1999 edition of the Red Book and the June 1996 Dow Jones News article cited in Paragraph 131 of the Complaint are the best evidence of their contents.  The remaining allegations are directed at other defendants and require no response from Sicor.  To the extent an answer is necessary, Sicor denies the remaining allegations in Paragraph 131 and demands strict proof thereof.

132.    Denied.

133-134.  Sicor states that the April 2003 OIG report cited in Paragraphs 133 through 134 of the Complaint is the best evidence of its content.  Sicor denies that Plaintiff has accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to Sicor.

135.  Denied.

## VII.   THE AWP INFLATION SCHEME

136.  Denied.

137.  Denied.

138.  Denied.

139.  Sicor admits that it has provided pricing information to various compendia.  To the extent the allegations in Paragraph 139 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.   Otherwise, the allegations set forth in the first sentence of Paragraph 139 are denied.

140.  Denied.

141.  Denied.

142.  Sicor admits that it has provided pricing information to various compendia.  To the extent the allegations in Paragraph 142 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge

or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Otherwise, the allegation set forth in the firs sentence of Paragraph 142 are denied.

    143.    Denied.

    144.    Denied.

    145.    Denied.

    146.    Denied.

    147.    Denied.

    148.    Sicor admits that some participants in prescription drug reimbursement systems utilize AWPs in some form to reimburse physicians and pharmacies. To the extent the allegations in Paragraph 148 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Sicor denies all other allegations in Paragraph 148.

    149.    Sicor admits that various participants in prescription drug reimbursement systems utilize AWPs in some form to reimburse physicians and pharmacies. To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied. To the extent the allegations in Paragraph 149 set forth legal arguments or conclusions of law, no response is required and none is made. Sicor denies the remaining allegations in Paragraph 149 of the Complaint that pertain to it.

150.    To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Plaintiff's characterizations are denied.  To the extent the allegations in Paragraph 150 set forth legal arguments or conclusions of law, no response is required and none is made.   Sicor denies the remaining allegations in Paragraph 150 of the Complaint that pertain to it.

151.    To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.  To the extent the allegations in Paragraph 151 set forth legal arguments or conclusions of law, no response is required and none is made.  Sicor denies the remaining allegations in Paragraph 151 of the Complaint that pertain to it.

152.    Denied.  To the extent the allegations in Paragraph 152 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

153.    Denied.  To the extent the allegations in Paragraph 153 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

154.    Denied.  To the extent the allegations in Paragraph 154 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

155.    Denied.  Paragraph 155 consists only of a quotation from an unknown and unidentified source and the allegations are therefore denied.  To the extent the allegations refer to documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.

156.    Sicor is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 156.

157.    Sicor is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 157.

158.    Denied.  To the extent the allegations in Paragraph 158 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

159.    Denied.  The allegations in Paragraph 159 are directed to other defendants and no response is required.  Further, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies those allegations.  To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations are denied.

160.    Denied.  The allegations in Paragraph 160 are directed to other defendants and no response is required.  Further, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies those allegations.

161.    Denied.  The allegations in Paragraph 161 are directed to other defendants and no response is required.  Further, Sicor is without knowledge or information sufficient to form a

belief as to the truth of those allegations and therefore, denies those allegations.  To the extent
the allegations refer to statutes, regulations or other documents, those sources speak for
themselves and are the best evidence of their contents.  Any characterizations are denied.

162.    Denied.  The allegations in Paragraph 162 are directed to other defendants and no
response is required.  Further, Sicor is without knowledge or information sufficient to form a
belief as to the truth of those allegations and therefore, denies those allegations. To the extent the
allegations refer to statutes, regulations or other documents, those sources speak for themselves
and are the best evidence of their contents.  Any characterizations are denied.

163.    Denied.  The allegations in Paragraph 162 are directed to other defendants and no
response is required.  Further, Sicor is without knowledge or information sufficient to form a
belief as to the truth of those allegations and therefore, denies those allegations. To the extent the
allegations refer to statutes, regulations or other documents, those sources speak for themselves
and are the best evidence of their contents.  Any characterizations are denied.

164.    Denied.  To the extent the allegations in Paragraph 164 refer to the knowledge,
conduct or actions of or benefits received by persons, entities or defendants other than Sicor,
Sicor is without knowledge or information sufficient to form a belief as to the truth of those
allegations and, therefore, denies those allegations.

165.    Denied.  To the extent the allegations in Paragraph 165 refer to the knowledge,
conduct or actions of or benefits received by persons, entities or defendants other than Sicor,
Sicor is without knowledge or information sufficient to form a belief as to the truth of those
allegations and, therefore, denies those allegations.

166-171.  Denied.  To the extent the allegations in Paragraphs 166 through 171 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

172.    Denied.  To the extent the allegations in Paragraph 172 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Sicor states that the "Wall Street Journal" article cited in Paragraph 172 of the Complaint is the best evidence of its content.  Sicor denies that Plaintiff characterized the content of the Wall Street Journal article accurately and specifically denies the content of the allegations referencing the article.

173.    Sicor admits that the DOJ and HHS-OIG have been investigating them, among others, for practices relating to the calculation of AWP.  To the extent the allegations in Paragraph 173 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Sicor denies the remaining allegations in Paragraph 173.

174-175.  Sicor denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 174 of the Complaint.  Sicor states that the September 28, 2000, letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 174 through 175 of the Complaint is the best evidence of its contents.  Sicor denies that Plaintiff has accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to Sicor.

19

176.    To the extent the allegations in Paragraph 176 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

177.    Denied.  To the extent the allegations in Paragraph 177 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

178.    Denied.  To the extent the allegations in Paragraph 178 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations

179-350.  The allegations in Paragraphs 179 through 350 of the Complaint are directed to another defendant and require no response from Sicor.  Further, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies those allegations. To the extent allegations in Paragraphs 179 through 351 of the Complaint are deemed to include allegations against Sicor, they are denied.

351.    Denied.

352.    The allegations set forth in Paragraph 352 contain Plaintiff's characterization of the action.  No response is required and none is made.

353.    The documents referenced in the paragraph speak for themselves.  To the extent the allegations in Paragraph 353 set forth legal arguments or conclusions of law, no response is required and none is made.  Sicor denies the remaining allegations.

354.    The documents referenced in the paragraph speak for themselves.  To the extent the allegations in Paragraph 354 set forth legal arguments or conclusions of law, no response is required and none is made.  Sicor denies the remaining allegations.

355.    Denied.

356.    The documents referenced in the paragraph speak for themselves.  Sicor denies the remaining allegations.

357.    The document referenced speaks for itself.  Sicor denies the remaining allegations.

358.    The document referenced speaks for itself.  Sicor denies the remaining allegations.

359.    The document referenced speaks for itself.  Sicor denies the remaining allegations.

360.    The document referenced speaks for itself.  Sicor denies the remaining allegations.

361.    The document referenced speaks for itself.  Sicor denies the remaining allegations.

362.    Denied.

363.    The document referenced speaks for itself.  Sicor denies the remaining allegations.

364.    Denied.

365.    Denied.

366.    The document referenced speaks for itself.  Sicor denies the remaining allegations.

367.    Sicor admits that the DOJ, HHS-OIG have been investigating them, among others, for practices relating to the calculation of AWP.  Sicor denies the remaining allegations of Paragraph 367.

368.    The document referenced speaks for itself.  Sicor denies the remaining allegations.

369-382.    The allegations in Paragraphs 369 through 382 of the Complaint are directed to another defendant and require no response from Sicor.  Further, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies those allegations. To the extent allegations in Paragraphs 369 through 382 of the Complaint are deemed to include allegations against Sicor, they are denied.

## VII.    DEFENDANTS' "BEST PRICE" FRAUDS

383.    To the extent the allegations in Paragraph 383 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied.  To the extent the allegations in Paragraph 383 set forth legal arguments or conclusions of law, no response is required and none is made.

384.    To the extent the allegations in Paragraph 384 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied.  To the extent the allegations in Paragraph 384 set forth legal arguments or conclusions of law, no response is required and none is made.

385.    The allegations in Paragraph 385 are intelligible and are denied.

386.    To the extent the allegations in Paragraph 386 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied.   To the extent the allegations in Paragraph 386 set forth legal arguments or conclusions of law, no response is required and none is made.

387.    To the extent the allegations in Paragraph 387 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied.   To the extent the allegations in Paragraph 387 set forth legal arguments or conclusions of law, no response is required and none is made.

388.    To the extent the allegations in Paragraph 388 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied.  To the extent the allegations in Paragraph 388 set forth legal arguments or conclusions of law, no response is required and none is made.

389.    To the extent the allegations in Paragraph 389 refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents. Any characterizations are denied.  To the extent the allegations in Paragraph 389 set forth legal arguments or conclusions of law, no response is required and none is made.

390.     Sicor states that the "Compliance Program Guideline for Pharmaceutical Manufacturers" and "OIG Compliance Manual" cited in Paragraph 390 of the Complaint are the best evidence of their contents.  Sicor denies that Plaintiff characterized the content of the "Compliance Program Guideline for Pharmaceutical Manufacturers" and "OIG Compliance Manual" accurately and specifically denies the content of the allegations referencing the sources.

391.     Sicor states that the "OIG Compliance Manual" cited in Paragraph 391 of the Complaint is the best evidence of its content.  Sicor denies that Plaintiff characterized the content of the "OIG Compliance Manual" accurately and specifically denies the content of the allegations referencing the source.

392.     Denied.  To the extent the allegations in Paragraph 392 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

393.     Denied.  To the extent the allegations in Paragraph 393 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

394.     Denied.  To the extent the allegations in Paragraph 394 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Sicor further states that the "OIG Medicaid Drug Rebates - Sales to Repackagers Excluded From Best Price Determinations" cited in

24

Paragraph 394 of the Complaint is the best evidence of its content.  Sicor denies that Plaintiff characterized the content of the "OIG Medicaid Drug Rebates - Sales to Repackagers Excluded From Best Price Determinations" accurately and specifically denies the content of the allegations referencing the source.

395.    Denied.  To the extent the allegations in Paragraph 395 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

396.    Denied.  To the extent the allegations in Paragraph 396 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

397.    The allegations in Paragraph 397 are unintelligible and are and are denied.

398-403.  The allegations in Paragraphs 398 through 403 of the Complaint are directed to other defendants and require no response from Sicor.  Further, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies those allegations. To the extent allegations in Paragraphs 398 through 403 of the Complaint are deemed to include allegations against Sicor they are denied.

## IX.   DEFENDANTS' CONCEALMENT OF THE TRUTH AND TOLLING OF STATUTES OF LIMITATION

404.    Denied.  To the extent the allegations in Paragraph 404 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is

without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

405.    Denied.  To the extent the allegations in Paragraph 405 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Sicor states the 2003 CMS document cited in Paragraph 405 of the Complaint is the best evidence of its contents.  Sicor denies that Plaintiff has accurately characterized any alleged CMS finding, opinion, statement or conclusion.  Sicor admits that it sells its medicines in a competitive market and, as such, takes steps to keep certain information relating to its medicines confidential.

406-409.  Denied.  To the extent the allegations in Paragraphs 406 through 409 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

410.    Sicor denies that Plaintiff lacked inquiry or other notice of the issues associated with reliance on AWPs as a pricing benchmark.  Sicor specifically avers, to the contrary, that such issues were well known for many years before Plaintiff elected to bring this suit.

411-412.  The allegations in Paragraphs 411 through 412 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraphs 411 through 412 of the Complaint that refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor.  Accordingly, Sicor denies those allegations.

Sicor denies the remaining allegations in Paragraphs 411 through 412 of the Complaint that pertain to it.

## X.   DIRECT DAMAGE SUSTAINED BY THE STATE OF NEVADA, PATIENTS AND THIRD-PARTY PAYORS

413.   Denied.

414.   Sicor admits that Medicare beneficiaries are generally responsible, but not always required, to pay a 20 percent co-payment for their medicines.  To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 414 set forth legal arguments or conclusions of law, no response is required and none is made.  Sicor denies the remaining allegations in Paragraph 414 of the Complaint that pertain to it.

415.   The allegations in Paragraph 415 contain Plaintiff's generalizations and self-serving conclusions.  Accordingly, no answer is required and none is made.  To the extent an answer is necessary, the allegations are denied.

416.   The allegations in Paragraph 416 are directed to other defendants and require no response from Sicor.  Further, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies those allegations. To the extent allegations in Paragraph 416 are deemed to include allegations against Sicor they are denied.

417.   The allegations in Paragraph 417 are directed to other defendants and require no response from Sicor.  Further, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore, denies those allegations. To the extent allegations in Paragraph 417 are deemed to include allegations against Sicor they are denied.

418.     Denied.  To the extent the allegations in Paragraph 418 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

419.     Denied.  To the extent the allegations in Paragraph 419 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

420.     Plaintiff's "Best Price" claims against Sicor have been dismissed by Court Order. Accordingly, no response is required.

421.     Denied.  To the extent the allegations in Paragraph 421 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

422.     Denied.  To the extent the allegations in Paragraph 422 refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

## IV.   CLAIMS FOR RELIEF

### COUNT I

**Deceptive Trade Practices:**
**Claim for Damages Causes to Nevada Residents**

423.   Sicor realleges and incorporates its responses to the allegations in Paragraphs 1 through 422.

424.   The allegations set forth in Paragraph 424 contain Plaintiff s characterization of this action.  No response is required and none is made.

425.   Denied.  To the extent the allegations in Paragraph 425 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations thereof are denied.  To the extent the allegations in Paragraph 425 set forth legal arguments or conclusions of law, no response is required and none is made.

426.   Denied.  To the extent the allegations in Paragraph 426 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

427.   Denied.  To the extent the allegations in Paragraph 427 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

428.     Denied.  To the extent the allegations in Paragraph 428 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

429.     Denied.  To the extent the allegations in Paragraph 429 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

Sicor denies Plaintiff is entitled to a judgment or any other relief requested in the Prayer for Relief for Count I of the Complaint.

## COUNT II

### Deceptive Trade Practices Directed
### At Elderly Nevada Residents

430.     Sicor realleges and incorporates its responses to the allegations in Paragraphs 1 through 429.

431.     The allegations set forth in Paragraph 431 contain Plaintiff's characterization of this action.  No response is required and none is made.

432.     Denied.  To the extent the allegations in Paragraph 432 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent the allegations refer to statutes, regulations

or other To the extent the allegations in Paragraph 432 set forth legal arguments or conclusions of law, no response is required and none is made.

433.    Denied.  To the extent the allegations in Paragraph 433 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

434.    Denied.  To the extent the allegations in Paragraph 434 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

435.    Denied.  To the extent the allegations in Paragraph 435 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

436.    Denied.  To the extent the allegations in Paragraph 436 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

Sicor denies Plaintiff is entitled to a judgment or any other relief requested in the Prayer for Relief for Count 11 of the Complaint.

## COUNT III

### Deceptive Trade Practices:
### Claim for Civil Penalties, Injunctive Relief,
### and Restitution for the State of Nevada

437.   Sicor realleges and incorporates its responses to the allegations in Paragraphs 1 through 436.

438.   The allegations set forth in Paragraph 438 contain Plaintiff's characterization of this action.  No response is required and none is made.

439.   Denied.  To the extent the allegations in Paragraph 439 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent the allegations refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Any characterizations thereof are denied.  To the extent the allegations in Paragraph 439 set forth legal arguments or conclusions of law, no response is required and none is made.

440.   Denied.  To the extent the allegations in Paragraph 440 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

441.   Denied.  To the extent the allegations in Paragraph 441 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

442.    Denied.  To the extent the allegations in Paragraph 442 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

443.    Denied.  To the extent the allegations in Paragraph 443 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

Sicor denies Plaintiff is entitled to a judgment or any other relief requested in the Prayer for Relief for Count III of the Complaint.

## COUNT IV

### Racketeering:
### Claim for Treble Damages to State of
### Nevada and Civil Forfeiture

444-466.  Plaintiff's "Racketeering" claims against Sicor have been dismissed by Court Order.   Accordingly, no response is required and none is made.

## COUNT V

### Medicaid Fraud:
### Claim for Cost Recovery And Civil Penalties

467-477. Plaintiff's "Best Price" claim against Sicor have been dismissed by Court Order. Accordingly, no response is required and none is made.

## COUNT VI

**Punitive Damages:**
**Claim Brought on Behalf of the State of Nevada**

478.    Sicor realleges and incorporates its responses to the allegations in Paragraphs 1 through 477.

479.    Denied.  To the extent the allegations in Paragraph 479 of the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

Sicor denies Plaintiff is entitled to a judgment or any other relief requested in the Prayer for Relief for Count VI of the Complaint.

## XII [sic].

## DEMAND FOR JURY TRIAL

Sicor denies Plaintiff is entitled to a jury trial.

## DEFENSES

### First Defense

Plaintiff fails to state a claim against Sicor upon which relief may be granted.

### Second Defense

Some or all of Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

34

### Third Defense

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Sicor as alleged in the Complaint.

### Fourth Defense

To the extent Plaintiff or any of its citizens for whom it is seeking relief obtains recovery in any other case predicated on the same factual allegations, it is barred from seeking recovery against Sicor based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Nevada.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff or any of its citizens for whom it is seeking relief has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

### Seventh Defense

Any and all actions taken by Sicor with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### Eighth Defense

Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation, the Federal Employment Retirement Income and Security Act of 1974, and the Federal Medicare Act, including all amendments to the same and all regulations promulgated thereunder.

### Ninth Defense

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

### Tenth Defense

Plaintiff's claims against Sicor are barred because Sicor has complied with all applicable regulations of the federal and state governments.

### Eleventh Defense

Plaintiff's claims against Sicor are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

### Twelfth Defense

Plaintiff's claims are barred, in whole or in part, because they violate Sicor's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Nevada, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Thirteenth Defense

Sicor's statements or actions were not the proximate cause or cause in fact of any injury or alleged loss.

### Fourteenth Defense

Plaintiff fails to state with particularity facts to support the fraud allegations, and fails to plead with particularity the fraudulent concealment and multi-source medicine allegations against Sicor contained in the Complaint.

### Fifteenth Defense

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit, including but not limited, to Plaintiff s asserted status in *parens patriae* to recover Medicaid or Medicare expenditures or to seek injunctive relief.

### Sixteenth Defense

Plaintiff fails to allege with particularity its civil conspiracy claims against Sicor as required by Fed. R. Civ. P. 9(b).

### Seventeenth Defense

Plaintiff s claims against Sicor are barred because Sicor did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

### Eighteenth Defense

Plaintiff s claims against Sicor are barred, in whole or in part, because Sicor did not make any false statements to Plaintiff or any of the citizens for whom Plaintiff is seeking relief.  As to any statement asserted against Sicor that Plaintiff alleges to be false or misleading, Sicor had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### Nineteenth Defense

Plaintiffs claims against Sicor are barred because Sicor did not directly or indirectly engage in any conduct in violation of state or federal law.

### Twentieth Defense

Sicor denies that Plaintiff has valid consumer protection claims against Sicor under Nevada state law.   However, if such claims are found to exist, Sicor pleads all available defenses under the applicable laws.

### Twenty-First Defense

Any allegedly fraudulent statements or conduct of Sicor did not directly or proximately cause the alleged injuries as required under state consumer protection laws of Nevada.

### Twenty-Second Defense

Sicor's conduct was not "deceptive" as required under Nevada consumer protection laws.

### Twenty-Third Defense

To the extent that Plaintiff seeks equitable relief against Sicor, Plaintiff is not entitled to such relief because there is an adequate remedy at law.

### Twenty-Fourth Defense

Plaintiff did not rely on the allegedly fraudulent statements or conduct of Sicor as required under the Nevada consumer protection laws.

### Twenty-Fifth Defense

Any allegedly fraudulent statement or conduct of Sicor was not consumer-oriented as required under the Nevada consumer protection laws.

### Twenty-Six Defense

Plaintiff's claims against Sicor for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Twenty-Seventh Defense

Some or all of Plaintiff's claims for injunctive relief against Sicor are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Twenty-Eighth Defense

Some or all of Plaintiff's claims against Sicor arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

### Twenty-Ninth Defense

Plaintiff's claims against Sicor are barred, in whole or in part, due to its failure to join indispensable parties.

### Thirtieth Defense

Plaintiff's claims against Sicor are barred, in whole or in part, because it suffered no damages as a result of the matters alleged in the Complaint.

### Thirty-First Defense

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

### Thirty-Second Defense

Plaintiff's claims against Sicor for damages are barred, in whole or in part, because: (1) Plaintiff failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Sicor; (2) Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that Plaintiff has received and paid for medicines manufactured, marketed and sold by v after the filing of Plaintiff's original Complaint; and (4) Plaintiff's claims are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Thirty-Third Defense

Sicor is entitled to a set-off - should any damages be awarded against it - for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries.

### Thirty-Fourth Defense

The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiff from Sicor.

### Thirty-Fifth Defense

Plaintiff fails to allege facts or a cause of action against Sicor sufficient to support a claim for attorneys' fees, treble damages and/or legal fees

### Thirty-Sixth Defense

Plaintiff's punitive damages claims against Sicor: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Sicor; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Sicor prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Sicor's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Nevada; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Sicor's due process and equal protection rights guaranteed by the Fifth and Fourteenth

41

Amendments to the United State Constitution and would be improper under the Constitution, common law and applicable state laws of Nevada; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Sicor for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Sicor's medicines, would constitute impermissible multiple punishments for the same wrong in violation of Sicor's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law and statutory law of Nevada; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Sicor's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and public policies of Nevada; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Sicor the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Sicor's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law and public policies of Nevada.

### Thirty-Seventh Defense

Plaintiff's claim for punitive damages against Sicor cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of Sicor; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Sicor's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law and public policies of Nevada.

### Thirty-Eighth Defense

Plaintiff's claim for punitive damages against Sicor cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would (1) violate Sicor's Due Process rights guaranteed by the Fifth and Fourteenth

Amendments to the United States Constitution; (2) violate Sicor's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law and public policies of Nevada.

## Thirty-Ninth Defense

Sicor adopts by reference any additional applicable defense pled by any other defendant in the companion cases consolidated for discovery by this Court, not otherwise pled herein.

## Fortieth Defense

Sicor hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, Sicor respectfully demands judgment dismissing the Complaint in its entirety and awarding it the costs and disbursements of this action, as well as such other and further relief as this Court deems just and proper.

Dated:  July 19, 2004                    Respectfully submitted:


Elizabeth I. Hack
Elizabeth S. Finberg
SONNENSCHEIN NATH & ROSENTHAL, LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005
(202) 408-6400

                    -- and--

Robert J. Muldoon, Jr. (BBO # 359480)
James W. Matthews (BBO # 560560)
Pamela A. Zorn (BBO # 640800)
SHERIN AND LODGEN LLP
100 Summer Street
Boston, MA 02110
(617) 646-2000
*Counsel for Defendants Sicor, Inc. and Sicor
Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I , Elizabeth I. Hack, an attorney, hereby certify that on July 19, 2004, I caused a true and correct copy of the foregoing Defendant Sicor Inc. and Sicor Pharmaceuticals, Inc.'s Answer to State of Nevada's Amended Complaint to be served on all counsel of record electronically via Verilaw Technologies, pursuant to Section D of Case Management Order No. 2.

ELIZABETH I. HACK