# EXHIBIT A



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | |

### DEFENDANT SICOR INC. AND SICOR PHARMACEUTICALS, INC.'S OBJECTIONS TO PLAINTIFFS' OMNIBUS REQUESTS FOR PRODUCTION AND INTERROGATORIES

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules for the District Court for the District of Massachusetts ("LR D. Mass.") Rules 33.1 and 34.1, and pursuant to Case Management Orders ("CMO") Nos. 5, 7, and 10, and the Court's November 21, 2003 Bench Ruling, Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. (collectively,"Sicor") hereby respond to Plaintiffs' Omnibus Requests for Production ("Requests") and Interrogatories.

## I.   GENERAL OBJECTIONS

1.    Sicor objects to Plaintiffs' Requests in their entirety as premature in that the Requests are not compliant with the Court's Case Management Order No. 10, dated March 25, 2004 ("CMO 10"), which ordered that discovery take place in two separate and distinct phases. Specifically, CMO 10 provided that Plaintiffs' Phase 1 or "fast-track" discovery would take place only as to Defendants AstraZeneca, the BMS Group, the GSK Group, the Johnson and Johnson Group and the Shering-Plough Group.  As Sicor is not a Phase 1 defendant, Sicor objects to



Plaintiffs' attempt to obtain discovery prior to January 30, 2005, the presently specified date for the close of Phase 1 discovery and beginning of Phase 2.

      2.     Sicor objects to Plaintiffs' definitions and instructions to the extent they purport to impose obligations on Sicor beyond those imposed by the applicable discovery rules, and Sicor will not comply with any such non-conforming definitions or instructions.

      3.     Sicor objects to the definitions of "Document," "All Documents," "Defendant," "You," "Your," "Communication," "Person," "Identify," and "State the Basis," as set forth in Definition Nos. 2, 11, 14-15, 19, 28, 34, and 38, to Instructions Nos. 1, 3-5, 6, 8-14 and their respective subsection, and to each Request to the extent they seek to impose discovery obligations that are broader than, or inconsistent with, Sicor's obligations under the Federal Rules of Civil Procedure, the Local Rules, and this Court's Orders.

      4.     Sicor objects to the definition of "MAC" or "Maximum Allowable Cost" as set forth in Definition No. 22 since the cited regulation, 42 C.F.R. § 442.332, does not exist. "MAC" and "Maximum Allowable Cost" are therefore vague and ambiguous terms.

      5.     Sicor objects to the definition of "price" as set forth in Definition No. 29 as vague and ambiguous as well as lacks factual foundation and requires a legal conclusion.

      6.     Sicor objects to the definitions of "ASP," "EAC," "Government Payor," "Independent Practice Organization," "Provider," "Publisher," "Private Payor," "Participant," "Beneficiary," and "Third Party Administrator," as set forth in Definition Nos. 6, 16, 18, 21, 26, 30, 31, 32, and 35 as vague and ambiguous.

25110413\V-3



7.      Sicor objects to the use of the acronym "AWPID" in Definition No. 8, which is defined in the Amended Master Consolidated Class Action Complaint ("AMCC") as "AWP Inflated Drugs" as vague and ambiguous as well as lacks any factual foundation and relies upon a legal conclusion.

8.      Sicor objects to the definition of "Government Investigation" as set forth in Definition No. 17 on the grounds that it is vague and ambiguous as to its reference to investigations by "Department of Health and Home Services" and "office of the United States Inspector General" since no such governmental agencies or entities exist.

9.      Sicor objects to Instruction No. 2 and each Request to the extent it calls for documents generated or assembled either prior to January 1, 1997 or after September 6, 2002, on the grounds that such documents are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Sicor objects to Instruction No. 12 and to each Request to the extent that it demands electronic materials be produced in specified formats.  Sicor will make available for inspection documents that explain and render usable any electronic data, including the record layout of the electronic data and the operation of software utilized to maintain the electronic data.

11.     Sicor objects to Instruction No. 14 and to each Request to the extent it demands that Sicor produce documents that "explain" responsive documents on the grounds that such demand is vague and ambiguous and unduly burdensome.

12.     Sicor objects to the Requests and Interrogatories to the extent they seek the production of communications and documents protected by the attorney-client privilege, work-

3



product doctrine , common-interest doctrine, joint-defense privilege, or any other applicable privileges or discovery doctrines.

13.     Sicor objects to the Requests and Interrogatories to the extent they purport to require production of confidential, proprietary or trade secret information regarding its products, business activities, and strategies.

14.     Sicor objects to any Requests or Interrogatory that seek the production of information or documents which: (a) are not in Sicor's control or possession; (b) are already in Plaintiffs' custody, control or possession; or (c) are obtainable with equal or greater facility by the Plaintiffs.

15.     Sicor objects to each and every Request and Interrogatory as irrelevant, overly broad, unduly burdensome, vague, and not reasonably calculated to lead to admission of relevant evidence to the extent that they require production of documents and or information relating to pharmaceuticals not at issue in this litigation.  Sicor will only produce documents and information relating to the pharmaceuticals identified as Sicor's that are listed in the AMCC and have not been the subject of prior discovery pursuant to the CMOS.

16.     Sicor objects to each and every Request and Interrogatory to the extent that it seeks information not contained in documents that exist and require Sicor to create, compile or develop new documents.

17.     Sicor objects to each and every Request and Interrogatory to the extent it seeks production of documents or information not in the control or custody of Sicor, that are publicly available or equally available to Plaintiffs.

4



18.     Sicor objects to the use of the term "net" in any discovery request as vague and ambiguous because Plaintiffs do not explain what the prices are meant to be "net" of.

19.     Sicor objects to each and every Request and Interrogatory as overly broad and unduly burdensome to the extent it seeks production of information relating drugs other than Amikacin Sulfate, Acyclovir Sodium, Doxorubicin, Etoposide, Leucovorin, and Tobramycin Sulfate -- the drugs at issue in this litigation which, according to the unproven allegations in the AMCC, implicate Sicor.  Accordingly, Sicor will only produce information relating to these specified drugs.

20.     Sicor objects to the production of documents and information which may be responsive to these Requests which were previously provided to plaintiffs pursuant to the court's October 28, 2002 Order and CMO 10, as unduly burdensome and duplicative.

## II.     SICOR'S SPECIFIC OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION

**Category 1:  General Corporate**

**1.     All documents sufficient to identify your policy or practice of document retention, destruction, disposal or preservation during the relevant time period.**

Sicor objects to this Request in that it is overly broad, unduly burdensome and arguably calls for the production of documents containing information subject to the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, to the extent that such documents exist and are in Sicor's custody, control or possession, Sicor will produce all non-privileged responsive documents.

**2.     All current and historical organizational charts for all of your sales, marketing and pricing departments or divisions.**

5



Sicor objects to this Request in that it is overly broad and unduly burdensome.  Subject to and without waiving these objections, to the extent that such documents exist and are in Sicor's custody, control or possession, Sicor will produce all non-privileged responsive documents.

**3.       Any and all company, organizational and policy information in its entirety, including but not limited to corporate policy and procedure manuals, and policy memoranda.**

Sicor objects to this Request in that it is vague, ambiguous, overly broad, unduly burdensome, not reasonably limited in time, scope or subject matter, not reasonably calculated to lead to the discovery of admissible evidence and arguably calls for the production of documents containing information subject to the attorney-client privilege and work product doctrine.

**4.       Documents sufficient to identify your electronic mail, document management and other automated information systems.**

Sicor objects to this Request as vague and ambiguous and addresses only the identification of persons and documents, but are silent as to how to "sufficient[ly]" "identify" automated information systems.  Subject to and without waiving these objections, to the extent that such documents exist and are in Sicor's custody, control or possession, Sicor will produce documents which it in good faith believes are sufficient to identify its automated information systems, which are or were in use during the putative class period.

**5.       Documents sufficient to identify your electronic mail retention policies.**

Sicor objects to this Request as vague and ambiguous.  In particular, Plaintiffs' Definition Nos. 19 and 20 address only the identification of persons and documents, but are silent as to how to "sufficient[ly]" "identify" company policies.  Subject to and without



waiving these objections, to the extent that such documents exist and are in Sicor's custody, control or possession, Sicor will produce documents which it in good faith believes are sufficient to identify its electronic mail retention policy which is or was in use during the putative class period.

**6.     Documents evidencing steps were taken by you (if any) from January 1, 2001 to the present to insure that discoverable information with respect to average wholesale price litigation is not destroyed or otherwise made unavailable.**

Sicor objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous and arguably calls for calls for the production of documents containing information subject to the attorney-client privilege and work product doctrine.  In particular, "average wholesale price litigation" is nowhere defined in Plaintiffs' Requests and as such is vague and ambiguous.  To the extent the Request calls for steps taken by Sicor since January 1, 2001 to "insure [sic] that discoverable information is not destroyed or otherwise made unavailable" with respect to AWP litigation in which Sicor is neither a party, nor a percipient third-party, the Request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, to the extent that such documents exist and are in Sicor's custody, control or possession, Sicor will produce all non-privileged responsive documents.

**7.     Documents sufficient to identify your policies and procedures concerning the back-up of data for your financial and your marketing, sales and promotion divisions, including but not limited to, the frequency of back-ups, all software and hardware used to perform back-ups, and all media onto which data is backed-up.**

Sicor objects to this Request as vague, ambiguous, overly broad and unduly burdensome. In particular, Plaintiffs' Definition Nos. 19 and 20 address only the identification of persons and documents, but are silent as to how to "sufficient[ly]" "identify" company policies and procedures.

7



Subject to and without waiving these objections, to the extent that such documents exist and are in Sicor's custody, control or possession, Sicor will produce documents which it in good faith believes are sufficient to identify its policies and procedures concerning the back-up of data for its financial and marketing, sales and promotion divisions, which are or were in use during the putative class period.

**Category 2: Trade Associations**

**8.     All documents received from or provided to any trade association (such as the Pharmaceutical Research and Manufacturers of America), and any of its organizational subcommittees, including meeting agendas and minutes, concerning (i) Medicare reimbursement for drugs and/or the use of AWP in the reimbursement process; (ii) publications identified in Health Care Financing Administration Program Memorandum AB-99-63, including the *Red Book, Blue Book,* and *Medispan* ("pharmaceutical industry publications"); or (iii) a Government Investigation or inquiry as to the use of AWP in the reimbursement process.**

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  In particular, the Request is not limited to the subject matter of this litigation.  Rather, as written, it calls for all documents received from or provided to any trade association for any purpose with respect to any subject matter.  In addition, to the extent that the Request calls for Sicor to produce documents in the custody, control or possession of third-party trade associations, the Request is both improper and unduly burdensome as the cost and labor of obtaining such information should be borne by the Plaintiffs.  Subject to and without waiving these objections, to the extent that non-privileged responsive documents relating to this litigation exist and are in Sicor's custody, control or possession, Sicor will produce such documents.

**Category 3: Governmental Investigations; Litigation**

**9.     All documents produced by you, whether voluntarily or involuntary, in any governmental investigation or inquiry concerning the use of AWP.**

8



Sicor objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the Request is not limited to the subject matter of this litigation. Rather, as written, it calls for all documents produced by Sicor in "any governmental investigation" regardless of its subject matter or relevance to this litigation. Subject to and without waiving these objections, to the extent that documents relating to this litigation and produced to the government exist and are in Sicor's custody, control or possession, Sicor will produce all responsive non-privileged documents that have not previously been produced.

**10.     All documents relating to any legal proceeding (by country, court, caption, case number, etc.), including but not limited to court hearings, legislative hearings, mediations or arbitrations, in which you were a party or witness, regarding any allegations relating to AWPs.**

Sicor objects to this Request in that it is vague, ambiguous, overly broad, unduly burdensome and arguably calls for documents containing information protected by the attorney-client privilege and work product doctrine. In particular "allegations" is nowhere defined in Plaintiffs' Definitions and as such the term is vague. Moreover, to the extent that the Request seeks documents in the custody, control or possession of third-parties, the Request is both improper and unduly burdensome as the cost and labor of obtaining such information should be borne by the Plaintiffs. Subject to and without waiving these objections, to the extent that non-privileged responsive documents relating to this litigation exist and are in Sicor's custody, control or possession, Sicor will produce all responsive non-privileged documents that have not previously been produced.

**11.     All affidavits, declarations, depositions, or other written statements, including drafts, provided by you regarding any allegations relating to the use of AWP.**

9



Sicor objects to this Request in that it is vague, ambiguous, overly broad, unduly burdensome and arguably calls for documents containing information protected by the attorney-client privilege and work product doctrine.  In particular "allegations" is nowhere defined in Plaintiffs' Definitions.  Similarly, "relating to the use of AWP" is inadequate to apprise Sicor of the documents or category of documents to which this Request is directed.  To the extent such information has not previously been produced, and subject to and without waiving these objections, to the extent that such additional documents exist and are in Sicor's custody, control or possession, Sicor will produce all non-privileged responsive documents.

**Category 4: Communications With Governmental Entities**

  **12. All documents created by or received from CMS, the United States Department of Health and Human Services, the Health and Human Services Office of the Inspector General, the General Accounting Office, Congress or any other federal institution, agency, department, or office concerning prices for prescription drugs.**

  Sicor objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and calls for the production of documents containing information protected by the attorney-client privilege and work product doctrine.  In particular, the Request as written, potentially calls for the production of millions of documents that were neither created by or at the Request of Sicor and which may or may not have any relevance to this litigation.  Moreover, to the extent that the Request seeks documents in the custody, control or possession of third-parties, the Request is both improper and unduly burdensome as the cost and labor of obtaining such information should be borne by the Plaintiffs.  Subject to and without waiving these objections, to the extent that responsive non-privileged documents relating to this litigation exist and are in Sicor's custody, control or possession, Sicor will produce all such documents.

10



13.     **All documents provided to CMS, the United States Department of Health and Human Services, and Department of Health and Human Services Office of the Inspector General, the General Accounting Office, Congress, or any other federal institution, agency, department, or office concerning the price of any AWPID.**

Sicor objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and calls for the production of documents containing information protected by the attorney-client privilege and work product doctrine.  In particular, the Request as written is not specific to documents provided by Sicor to the specified governmental entities, but encompasses myriad documents provided to such government entities by *any* person, party or entity and which may or may not have any relevance to this litigation.  Moreover, to the extent that the Request seeks documents in the custody, control or possession of third-parties, the Request is both improper and unduly burdensome as the cost and labor of obtaining such information should be borne by the Plaintiffs.  Subject to and without waiving these objections, to the extent that responsive non-privileged documents relating to this litigation exist and are in Sicor's custody, control or possession, Sicor will produce such documents.

## Category 5:  AWPs and Pricing Related

14.     **All documents concerning any definition or meaning of AWP, including documents discussing how you or others define AWP.**

Sicor objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and calls for the production of documents containing information protected by the attorney-client privilege and work product doctrine.  In particular, to the extent that the Request calls for Sicor to produce documents concerning "the meaning" of AWP, as distinct from the definition of AWP, the language of the Request is inadequate to apprise Sicor of the documents or information to which

11



this Request is directed.  Moreover, to the extent that the Request seeks documents in the custody, control or possession of third-parties, the Request is both improper and unduly burdensome as the cost and labor of obtaining such information should be borne by the Plaintiffs.  Subject to and without waiving these objections, to the extent that responsive non-privileged documents relating to this litigation exist and are in Sicor's custody, control or possession, Sicor will produce such documents.

**15.     All documents discussing how the AWP has been or is currently determined for any AWPID.**

Sicor objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and calls for the production of documents containing information protected by the attorney-client privilege and work product doctrine.  Sicor also incorporates it's General Objection to AWPID.  In particular, the Request calls for Sicor to produce documents concerning how AWP is calculated for any AWPID, regardless whether Sicor creates such AWPID.  Because the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome.  Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**16.     As to each of your AWPIDs, all documents concerning any actual, proposed, or prospective AWP announcements, changes or price lists, including the methodology and procedures used by you in considering whether to increase or decrease the AWP of each AWPID.**

Sicor objects to this Request in that it is vague, ambiguous and calls for documents containing information protected by the attorney-client privilege and work product doctrine.  In particular, to the extent that the Request calls for Sicor to produce documents concerning "proposed" AWP announcements,  as distinct from "prospective" AWP announcements, the

12



language of the Request is inadequate to apprise Sicor of the documents or information to which this Request is directed. Moreover, the Request as written is not limited to actual, proposed or prospective announcements made by Sicor, but encompasses announcements made by third-parties. For that reason, the Request is both improper and unduly burdensome as the cost and labor of obtaining such information should be borne by the Plaintiffs. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents relating to Sicor AWPID announcements for Amikacin Sulfate, Acyclovir Sodium, Doxorubicin, Etoposide, Leucovorin and Tobramycin, which are in Sicor's custody, control or possession.

**17.    As to each of your AWPIDs, all documents concerning any actual, proposed or prospective price announcement, price change or price list, including the methodology and procedures used by you in considering whether to increase or decrease the price for each AWPID.**

Sicor objects to this Request in that it is vague, ambiguous and calls for documents containing information protected by the attorney-client privilege and work product doctrine. In particular, to the extent that the Request calls for Sicor to produce documents concerning "proposed" AWPID price announcements, as distinct from "prospective" AWPID price announcements, the language of the Request is inadequate to apprise Sicor of the documents or information to which this Request is directed. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents relating to Sicor's price announcements for Amikacin Sulfate, Acyclovir Sodium, Doxorubicin, Etoposide, Leucovorin and Tobramycin, which are in Sicor's custody, control or possession.

**18.    As to Class A drugs only, all sales-level detailing reports where AWPs, reimbursement based on AWPs, or the prices for AWPIDs was discussed. (Class A Drugs).**

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the Request as written

13



calls for Sicor to produce documents concerning sales-level detailing reports discussing AWP for *any* drug, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC.   Because the Request seeks documents in the custody, control or possession of third-parties, the Request is both improper and unduly burdensome as the cost and labor of obtaining such information should be borne by the Plaintiffs.  Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**19.     As to Class A drugs only, all sales-level detailing reports where price, discounts, rebates, price concessions, forgiveness of debt, free samples, educational grants or other remuneration were discussed with a purchaser or potential purchaser of any of your AWPIDs.**

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  In particular, the Request  as written calls for Sicor to produce documents concerning sales-level detailing reports discussing AWP for *any* drug, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC.   Because the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome as the cost and labor of obtaining such information should be borne by the Plaintiffs.  Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**20.     All documents, including organizational charts, that describe or list the individuals responsible for determining the price for each AWPID.**

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  In particular, the Request as written calls for Sicor to produce documents concerning individuals responsible for determining the price

14



of *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC.   Because the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome as the cost and labor of obtaining such information should be borne by the Plaintiffs.  In addition, the Request is unreasonably cumulative and duplicative, as any such documents are within the scope of Request No. 2.  Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**21.    All documents, including organizational charts, that describe or list the individuals responsible for determining the price for each AWPID.**

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  In particular, the Request as written calls for Sicor to produce documents concerning individuals responsible for determining the price of *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC.   Because the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome as the cost and labor of obtaining such information should be borne by the Plaintiffs.  In addition, the Request is unreasonably cumulative and duplicative, as any such documents are within the scope of Request No. 2.  Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**22.    For each of your AWPIDs, all documents concerning the "product market," as defined in the 1992 Department of Justice and Federal Trade Commission Horizontal Merger Guidelines, in which each AWPID competes including, but not limited to, all documents that: (a) discuss, address, concern, regard, or reflect products that have a**

15



**significant cross-elasticity of demand, or that are reasonably substitutable for, interchangeable with, or close therapeutic equivalents and/or (b) discuss, address, concern, regard, or reflect whether, and to what extent, the marketing, pricing, and/or sale of a drug other than your AWPID has caused, or could or might cause, physicians, consumers, and other individuals or entities to terminate or reduce their purchase or use of your AWPID.**

Sicor objects to this Request on the ground that it is overly broad, vague, ambiguous, unduly burdensome and arguably calls for documents containing information protected by attorney-client privilege and the work product doctrine. Moreover, to the extent that the Request seeks documents in the custody, control or possession of third-parties, the Request is both improper and unduly burdensome as the cost and labor of obtaining such information should be borne by the Plaintiffs. In addition, Sicor objects to this Request to the extent that it calls for documents that are published, publicly available or otherwise generally accessible to all parties. Subject to and without waiving these objections, Sicor will produce all non-privileged responsive documents that are in Sicor's custody, control or possession.

**23.    For each of your AWPIDs, all documents concerning the "geographic market" or markets in which the AWPID competes including, but not limited to, all documents that (a) discuss, concern, regard, or reflect the geographic area within which the AWPID is marketed, and (b) discuss, concern, regard or reflect the area within which you and your competitors view themselves as competing with respect to the AWPID.**

Sicor objects to this Request on the ground that it is overly broad, vague, ambiguous, unduly burdensome and arguably calls for documents containing information protected by attorney-client privilege and the work product doctrine. Moreover, to the extent that the Request seeks documents in the custody, control or possession of third-parties, the Request is both improper and unduly burdensome as the cost and labor of obtaining such information should be borne by the Plaintiffs. In addition, Sicor objects to this Request to the extent that it calls for documents that are published, publicly available or otherwise generally accessible to all parties. Subject to and



without waiving these objections, Sicor will produce all non-privileged responsive documents

that are in Sicor's custody, control or possession.

**24.    For each of your AWPIDs, all documents concerning your strategic and marketing plans including, but not limited to all pricing, reimbursement, brand switching, and consumer segmentation studies and/or surveys.**

Sicor objects to this Request as vague and ambiguous to the extent it refers to the term

"brand switching" which is not a defined term. Sicor also objects to this Request to the extent that

it is overly broad, unduly burdensome, and calls for information protected by the attorney-client

privilege, work product doctrine, or any other applicable protection against disclosure.  Subject to

and without waiving these objections, Sicor will produce all non-privileged responsive

documents that are in Sicor's custody, control or possession.

**25.    For each of your AWPIDs, all documents (in digital, computerized form where available) that identify each customer who purchased the AWPID. For each of these purchasers, all documents that reflect:**

> **(a)    Each sale or other transaction involving the AWPID including the date thereof;**

> **(b)    The number or units of the AWPID sold by dosage strength and package size for each sale or other transaction;**

> **(c)    The invoice amount in dollars for each sale or other transaction concerning the AWPID;**

> **(d)    Discounts, rebates, chargebacks, and other price adjustments relating to each sale, transaction, or set of transactions involving or relating to the AWPID;**

> **(e)    The net amount in dollars for each sale or transaction concerning the AWPID;**

> **(f)    Any other price or unit adjustments — whether monthly, quarterly or on any other basis — involving or relating to sales or transaction involving the AWPID;**

> **(g)    The full name and address of each entity purchasing the AWPID (and, in addition, the full name and address of the parent company where the database or documents identify a subsidiary, corporate affiliate, division, satellite office, or warehouse).**

Sicor objects to this Request as overly broad and unduly burdensome to the extent that it

calls for the production of voluminous individual contracts and data over a 13 year period.  Sicor

17



further objects to this Request to the extent it calls for Sicor to gather information and/or cerate

documents that are not created and maintained in the ordinary course of business.  Finally, Sicor

objects to this request to the extent that it calls for information not in the possession, custody, or

control of Sicor.  Subject to and without waiving these objections, to the extent that such

documents exist and are in Sicor's custody, control or possession, Sicor will produce all non-

privileged responsive documents.

     **26.**    **For each of your AWPIDs, all documents that reflect the prices charged to, or terms of conditions of sale for, purchasers of the AWPID including, but not limited, to:**

       **(a)**    **The wholesale acquisition price or other published price of the AWPID or any generic equivalent;**

       **(b)**    **Payment terms;**

       **(c)**    **discounts, rebates, chargebacks or other adjustments offered to any class of purchaser;**

       **(d)**    **Prices and terms of sales for wholesale purchasers;**

       **(e)**    **Prices and/or discounts and/or rebates or other adjustments for chain pharmacy purchasers;**

       **(f)**    **Prices and/or discounts and/or rebates or other adjustments for hospital purchasers;**

       **(g)**    **Prices and/or discounts and/or rebates or other adjustments for managed care purchasers;**

       **(h)**    **Prices and/or discounts and/or rebates or other adjustments for pharmacy benefit managers;**

       **(i)**    **Prices and/or discounts and/or rebates or other adjustments for internet pharmacies;**

       **(j)**    **Prices and/or discounts and/or rebates or other adjustments for mail order**

       **(k)**    **Prices and/or discounts and/or rebates or other adjustments for any other purchaser class or subgroup.**

     Sicor objects to this Request as overly broad and unduly burdensome to the extent that it

calls for the production of voluminous individual contracts and data over a 13 year period.  Sicor

further objects to this Request to the extent it calls for Sicor to gather information and/or cerate

18



documents that are not created and maintained in the ordinary course of business.  Finally, Sicor objects to this request to the extent that it calls for information not in the possession, custody, or control of Sicor.  Subject to and without waiving these objections, to the extent that such documents exist and are in Sicor's custody, control or possession, Sicor will produce all non-privileged responsive documents.

      **27.    For each of your AWPIDs, documents sufficient to show, in digital or computerized form, in chronological order:**

      **(a)    The date of each sales transaction;**

      **(b)    Every discount, rebate, and/or any other adjustment that any customer of D has received;**

      **(c)    The date each discount, rebate, and/or any other adjustment was given;**

      **(d)    The time period covered by each discount, rebate, and/or any other adjustment;**

      **(e)    Sales in units by National Drug Code sold, shipped, and/or returned by dosage form, strength, and package size;**

      **(f)    Sales in dollars by National Drug Code sold, shipped, and/or returned by dosage form, strength, and package size;**

      **(g)    Net sales in dollars for each sale;**

      **(h)    The name, address, account number, and all other identifying numbers or codes for the person or entity billed, invoices, and/or credited for the transaction; and**

      **(i)    The name, address, account number, and all other identifying numbers or codes for the person or entity to whom the product was shipped or from whom product returns were received.**

      Sicor objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of voluminous individual contracts and data over a 13 year period.  Sicor further objects to this Request to the extent it calls for Sicor to gather information and/or cerate documents that are not created and maintained in the ordinary course of business.  Finally, Sicor objects to this request to the extent that it calls for information not in the possession, custody, or control of Sicor.  Subject to and without waiving these objections, to the extent that such



documents exist and are in Sicor's custody, control or possession, Sicor will produce all non-privileged responsive documents.

28.   **For each of your AWPIDs, documents sufficient to identify:**

  (a)   **The published AWP;**

  (b)   **AMP;**

  (c)   **ASP;**

  (d)   **EAC;**

  (e)   **WAC;**

  (f)   **MAC;**

  (g)   **Earned margin (difference between AWP and actual product cost);**

  (h)   **Documents that indicate whether the AWP, ASP, AMP and Earned Margin include all rebates, chargebacks, discounts, allowances, credits, administrative fees, price/volume discounts and any other incentives provided to third parties.**

  (i)   **Documents summarizing all rebates, chargebacks, discounts, allowances, credits, administrative fees, price volume discounts or other incentives.**

Sicor objects to this Request as vague and ambiguous to the extent it refers to an "earned margin" which is not a defined term.  Sicor further objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of voluminous individual contracts and data over a 13 year period.  Sicor further objects to this Request to the extent it calls for Sicor to gather information and/or cerate documents that are not created and maintained in the ordinary course of business.  Finally, Sicor objects to this request to the extent that it calls for information not in the possession, custody, or control of Sicor.  Subject to and without waiving these objections, to the extent that such documents exist and are in Sicor's custody, control or possession, Sicor will produce all non-privileged responsive documents.

29.   **For each of your AWPIDs, all agreements for sale of the AWPID, whether or not those contracts are with customers who purchased the AWPID directly, including drafts, correspondence, and supporting detail and data (in computerized form where available).**

20



Sicor objects to this Request as overly broad and unduly burdensome. Subject to and without waiving these objections, to the extent that such documents exist and are in Sicor's custody, control or possession, Sicor will produce all non-privileged responsive documents.

**30.     All documents concerning communications between you and IMS Health (or any similar entity providing pharmaceutical database information) concerning or relating to any of your AWPIDs.**

Sicor objects to this Request as vague and ambiguous to the extent that it calls for information relating to any "entity providing pharmaceutical database information" without defining those terms. Subject to and without waiving these objections, to the extent that such documents exist and are in Sicor's custody, control or possession, Sicor will produce all non-privileged responsive documents.

**31.     For each of your AWPIDs, documents sufficient to estimate the number of patients taking the AWPID over each one year period.**

Sicor objects to this Request as overly broad and unduly burdensome to the extent that it calls for Sicor to gather information and/or create documents that are not created and/or maintained in the ordinary course of business. Sicor  objects to this Request since it calls for information not in the possession, custody, or control of Sicor. Finally, Sicor objects to this Request in that it impermissibly purports to place the burden on Sicor to determine the parameters of the putative plaintiff class. Subject to and without waiving these objections, to the extent that such documents exist and are in Sicor's custody, control or possession, Sicor will produce all non-privileged responsive documents.

**32.     For each of your AWPIDs, all documents concerning your actual, potential, or expected revenues and/or profits from the sale of that AWPID.**

Sicor objects to this Request  on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and arguably calls for documents containing information protected by attorney-client privilege and the work product doctrine. The request, as written is not limited to



Sicor's sales, revenues and profits of its relevant AWPIDs, but also encompasses that of third-parties. Because the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome. In addition, to the extent the Request seeks documents containing information relating to "potential" sales, the request is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence, since Sicor is aware of no economic, governmental or institutional mechanisms which define and/or limit the scope of its "potential" sales of the subject drugs. Subject to and without waiving these objections, to the extent that non-privileged responsive documents exist and are in Sicor's custody, control or possession, Sicor will produce such documents.

**33.    All documents concerning or relating to the actual or potential impact of the pricing or reimbursement of any drug on the quantity of any of your AWPIDs that have been or might be sold.**

Sicor incorporates herein by reference its objections and response to Request No. 32. In addition, to the extent the Request seeks documents containing information relating to the "potential impact" of "any drug on the quantity of [Sicor's] AWPIDs . . . that might have been sold," the request is the request is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

**34.    Documents sufficient to show your per-unit average total cost for each of your AWPIDs, and the components that make up that figure, including but not limited to raw materials, manufacturing, marketing, sales and packaging costs.**

Sicor objects to this Request on the grounds that it is vague and ambiguous in that "per-unit average total cost" and "components" are not defined terms. Sicor further objects to this Request as overly broad, unduly burdensome and arguably calls for documents containing information protected by attorney-client privilege and the work product doctrine. Finally, Sicor objects to the Request because it seeks documents in the custody, control or possession of third-

22



parties, and as such is improper and unduly burdensome. Subject to and without waiving these

objections, to the extent that non-privileged responsive documents exist and are in Sicor's

custody, control or possession, Sicor will produce such documents.

**35.    All documents concerning or relating to the difference between an AWP and any other price for any AWPID.**

Sicor objects to this Request on the grounds that it is vague, ambiguous, overly broad,

unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and

calls for the production of documents containing information protected by the attorney-client

privilege and work product doctrine. In particular, the Request as written calls for Sicor to produce

documents concerning the difference between the AWP and "any other price" for *any* AWPID,

regardless of whether Sicor manufactures such drug and regardless of whether any given drug is

implicated by the unproven allegations in the AMCC. Sicor objects to the Request because it

seeks documents in the custody, control or possession of third-parties, and therefore is  improper

and unduly burdensome. Subject to and without waiving these objections, Sicor will produce

responsive non-privileged documents that are in Sicor's custody, control or possession.

**Category 6:  Inducements**

**36.    All documents describing any discount programs (including but not limited to volume discounts), rebates, incentives, or penalties for each AWPID.**

Sicor objects to this Request on the grounds that it is vague, ambiguous, overly broad,

unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and

calls for the production of documents containing information protected by the attorney-client

privilege and work product doctrine. In particular, the Request as written calls for Sicor to produce

documents concerning discount programs for *any* AWPID, regardless of whether Sicor

manufactures such drug and regardless of whether any given drug is implicated by the unproven

23



allegations in the AMCC.   Sicor objects to the Request since it seeks documents in the custody,

control or possession of third-parties, and as such is improper and unduly burdensome.  Subject to

and without waiving these objections, Sicor will produce responsive non-privileged documents that

are in Sicor's custody, control or possession.

**37.    All documents relating to the use or provision of free samples, educational grants, marketing grants, and payments for specific data gathering or other incentives relating to any AWPID.**

Sicor objects to this Request as vague and ambiguous insofar as "free samples,"

"educational grants," "marketing grants," "specific data gathering," and "other incentives" are not

defined.  Sicor further objects to the Request since it calls for Sicor to produce documents

concerning free samples for *any* AWPID, regardless of whether Sicor manufactures such drug and

regardless of whether any given drug is implicated by the unproven allegations in the AMCC.

Because the Request seeks documents in the custody, control or possession of third-parties, the

Request is improper and unduly burdensome.  Subject to and without waiving these objections,

Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or

possession.

**38.    All documents evidencing any "credit memos" or credit extended to hospitals, GPOs or other purchasers of AWPIDs, including but not limited to credit memos or credit issued via a wholesaler to a purchaser, and/or credit for the purpose of "returned goods."**

Sicor objects to this Request on the grounds that it is vague, ambiguous, overly broad,

unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and

calls for the production of documents containing information protected by the attorney-client

privilege and work product doctrine.  Sicor objects to the Request to the extent it calls for Sicor to

produce documents concerning credit and/or "credit memos" for *any* AWPID, regardless of

whether Sicor manufactures such drug and regardless of whether any given drug is implicated by

24



the unproven allegations in the AMCC.  The Request seeks documents in the custody, control or

possession of third-parties, and therefore is improper and unduly burdensome.   Subject to and

without waiving these objections, Sicor will produce responsive non-privileged documents that are

in Sicor's custody, control or possession.

**39.     All documents setting forth the circumstances in which credit against the purchase of AWPIDs was or could be given to any hospital, GPO, HMO, physician, wholesaler or other purchaser of AWPIDs.**

Sicor objects to this Request on the grounds that it is duplicative of Request No. 38.

Therefore, Sicor incorporates by reference herein its objections and response to Request No. 38.

**40.     All documents setting forth the circumstances in which credit against the purchase of AWPIDs was or could be given to any hospital, GPO, HMO, physician, wholesaler or other purchaser of AWPIDs.**

Sicor objects to this Request on the grounds that it is duplicative of Request No. 38.

Therefore, Sicor incorporates by reference herein its objections and response to Request No. 38.

**41.     All documents relating to or reflecting any payments you gave to providers relating to any AWPID. (Class A Only)**

Sicor objects to this Request on the grounds that it is vague, ambiguous, overly broad,

unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and

calls for the production of documents containing information protected by the attorney-client

privilege and work product doctrine.  In particular, the Request  as written calls for Sicor to

produce documents concerning "payments [Sicor] gave" for *any* AWPID, regardless of whether

Sicor manufactures such drug and regardless of whether any given drug is implicated by the

unproven allegations in the AMCC.  Sicor objects to the Request because it seeks documents in the

custody, control or possession of third-parties, and is improper and unduly burdensome.  In

addition, to the extent the Request seeks information relating to "payments [Sicor] gave to

providers," the language of the Request is inadequate to apprise Sicor of the nature of payments to

25110413\V-3



which this Request is directed.  Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**42.    All documents evidencing any chargebacks with respect to the sale of an AWPID.**

Sicor objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and calls for the production of documents containing information protected by the attorney-client privilege and work product doctrine.  In particular, the Request as written calls for Sicor to produce documents concerning "chargebacks" for *any* AWPID, regardless of whether Sicor manufactures such drug and or authorized any such "chargeback" and regardless of whether any given drug is implicated by the unproven allegations in the AMCC.  Sicor objects to the Request since it  seeks documents in the custody, control or possession of third-parties, and is both improper and unduly burdensome.  Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**Category 7:  Marketing Plans and Sales Representatives**

**43.    Documents sufficient to determine complete contact information for all personnel with responsibility for marketing and promotional activity for AWPIDs.  Include Marketing Department Product or Brand Managers, and members of Marketing Advisory Boards, and include home address and telephone number. (Class A Drugs).**

Sicor objects to this Request as unduly burdensome to the extent that it calls for Sicor to gather information and create documents not maintained in the ordinary course of business.  Sicor object to the Request to the extent it requires the disclosure of personal information of Sicor personnel.  Subject to these objections, responsive, non-privileged documents will be produced sufficient to show the identities of the above-referenced personnel.  Such personnel should not be

26



contacted by plaintiffs' counsel or other plaintiff representatives but rather only through Sicor counsel of record.

**44.      A list of all national level sales awards available for each AWPID. (Class A Drugs)**

Sicor objects to this Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these objections, available responsive, non-privileged documents will be produced.

**45.      Quarterly, semi-annual and annual business plans for each winner of the top national sales award winners and direct supervisors. (Class A Drugs)**

Sicor objects to this Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these objections, available responsive, non-privileged documents will be produced.

**46.      Any summaries or reports made by a sales representative that evidence a discussion between that sales representative and a provider regarding AWPs for AWPIDs, reimbursements based on AWPs for AWPIDs, and any difference between what the provider is reimbursed for AWPIDs and what the provider pays for the AWPID. (Class A Drugs)**

Sicor objects to this Request to the extent that it calls for information protected by the attorney-client privilege, the work product doctrine, or any other applicable protection against disclosure.  Sicor further objects to this Request to the extent that it calls for information not in the possession, custody, or control of Sicor.  Subject to these objections, responsive, non-privileged documents will be produced.

**47.      For each AWPID, sales representatives' field notes for the top 50 sales representatives for each year. (Class A Drugs)**

Sicor objects to this Request as vague and ambiguous insofar as it does not specify the methodology for determining the "top 50 sales representatives" and as unduly burdensome to the extent it calls for Sicor to gather information or create documents that are not created and



maintained in the ordinary course of business.  To the extent the Request calls for documents based on sales of drugs other than the ones at issue for Sicor, Sicor objects to the Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these objections, responsive, non-privileged documents will be produced.

**48.    Documents sufficient to describe any computer programs that you employ or have employed to manage your sales force, including but not limited to programs that collect data on the number of provider contacts and summarize the nature of the discussions between your sales representatives and providers. Examples of such programs include programs marketed by Siebel Systems and ImpactRx, as well as any programs developed by you. (Class A Drugs).**

Sicor incorporates herein by reference its objections and responses to Request No. 4.  In addition, Sicor objects to this request are unreasonably duplicative and cumulative as the information sought by this Request is within the scope of Request No. 4.

**49.    All documents relating to discussions between sales managers and sales representatives after field visits where AWPs, reimbursements rates, or the spread was discussed. (Class A Drugs)**

Sicor objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and calls for the production of documents containing information protected by the attorney-client privilege and work product doctrine.  The Request as written calls for Sicor to produce documents concerning discussions between sales manager and sales representatives for *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC.  Subject to and without waiving these objections, to the extent that responsive non-privileged documents exist and are in Sicor's custody, control or possession, Sicor will produce such documents.

**50.    All documents evidencing any meetings where raising the AWP, or use of AWP as a marketing tool, on any AWPID was discussed. (Class A Drugs)**

28



Sicor objects to this Request to the extent that it calls for documents not in the possession, custody, or control of Sicor. Sicor also objects to this Request as vague and ambiguous as to the term "marketing tool" which is not defined. Subject to and without waiving these objections, to the extent that responsive non-privileged documents exist and are in Sicor's custody, control or possession, Sicor will produce such documents.

**51.     All communications between you and any party in the reimbursement cycle or pharmacies relating to reimbursement and AWP. (Class A Drugs)**

Sicor objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Request as written calls for Sicor to produce documents concerning communications between Sicor and "any party in the reimbursement cycle" for *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC. Because the Request seeks documents in the custody, control or possession of third-parties, the Request is both improper and unduly burdensome. Moreover, because the "reimbursement cycle" is nowhere defined in Plaintiffs' Definitions, the language of the request is inadequate to apprise Sicor of the nature and scope of documents to which the Request is directed. Sicor further objects to this Request on the ground that it calls for documents containing information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**52.     All documents relating to any Requests by you for any information concerning the reimbursement, pricing or payment for any subject drug. (Class A Drugs)**

Sicor objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and calls for the production

29



of documents containing information protected by the attorney-client privilege and work product doctrine. The Request as written calls for Sicor to produce documents concerning reimbursement, pricing or payment for *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC. Because the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome. Sicor further objects to this Request on the ground that it calls for documents containing information protected by the work product doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**53.    All documents relating to all actual, proposed, or prospective marketing methods, practices, policies, or strategies for each AWPID to the extent such documents refer to AWP, the spread, or to discounts of any type.**

Sicor objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Request as written calls for Sicor to produce documents concerning actual, proposed, or prospective marketing methods, practices, policies, or strategies for *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC. Because the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome. Moreover, to the extent that the Request calls for documents containing information relating to "proposed," as distinct from "prospective" methods, practices etc., the language of the Request is inadequate to apprise Sicor of the nature of the documents and information to which the Request is directed. Sicor further objects to this Request on the ground that it calls for documents containing information protected by the attorney-client privilege and work product doctrine. Subject to and

30



without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**54.** **All documents relating to any communication with doctors, other health care professionals, or any person or entity providing health care services to seek Medicare reimbursement or consumer co-payment for free samples of each AWPID you provided to them. (Class A Drugs)**

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  The Request as written calls for Sicor to produce documents concerning remuneration for free samples of *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC.   Because the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome.   Sicor further objects to this Request on the ground that it calls for documents containing information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**55.** **All marketing and sales materials which compare the AWP, price, market share, rebates, pricing discounts, incentives, or penalties for each AWPID with the AWP of any other pharmaceutical. (Class A Drugs)**

Sicor objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  The Request as written calls for Sicor to produce documents concerning marketing and sales materials comparing the AWP for *any* AWPID, regardless of whether Sicor manufactures such drug, whether any given drug is implicated by the unproven allegations in the AMCC and whether Sicor created or was responsible for the creation of any such documents.  Because the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome.

31



Sicor further objects to this Request on the ground that it calls for documents containing information protected by the work product doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

### Category 8:  Publishers

**56.     All documents concerning communications between you and any publisher concerning measures of price for pharmaceuticals, including ASP, AWP, WAC or other measures of price.**

Sicor objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  The Request as written calls for Sicor to produce documents concerning communications between Sicor and any publisher regarding the pricing of *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC.  In fact, "publisher" as defined by Plaintiffs, includes, *but is not limited to*, certain entities described or referred to in Definition No. 32.   Because the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome.  Sicor further objects to this Request on the ground that it calls for documents containing information protected by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**57.     For each of your AWPIDs, separately produce all documents concerning communications between you and a publisher regarding the price(s) for that AWPID.**

Sicor objects to this Request as vague, ambiguous, overly broad and unduly burdensome. "Publisher" as defined by Plaintiffs, includes, *but is not limited to*, certain entities described or referred to in Definition No. 32.  Moreover, to the extent that the Request calls for Sicor to produce

32



documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome.   Sicor further objects to this Request on the ground that it calls for documents containing information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents  that are in Sicor's custody, control or possession.

**58.     All documents concerning your role in the publication, appearance and/or advertisement of the AWP, WAC or other price measure for your AWPIDs in any publication of a publisher.**

Sicor objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Because the Request as written seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome.  Further, the language of the Request is inadequate to apprise Sicor of the nature and scope of documents to which the Request is directed.  Sicor is not in a position to know what "role", if any, it played in the publication or "appearance" and/or advertisement of the AWP, WAC or other price measures for every publication of every conceivable publisher of such information.  In fact, "publisher" as defined by Plaintiffs, includes, *but is not limited to*, certain entities described or referred to in Definition No. 32.  Sicor further objects to this Request on the ground that it calls for documents containing information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents exist that are in Sicor's custody, control or possession.

**59.     All documents concerning the role of the publisher in the publication, appearance and/or advertisement of the AWP, WAC or other price measure for each of your AWPIDs in a publication of a publisher.**

25110413\V-3



Sicor objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Because the Request as written seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome. The language of the Request is inadequate to apprise Sicor of the nature and scope of documents to which the Request is directed. In fact, "publisher" as defined by Plaintiffs, includes, *but is not limited to*, certain entities described or referred to in Definition No. 32. Sicor is not in a position to know what "role", if any, third-party publishers played in the publication or "appearance" and/or advertisement of the AWP, WAC or other price measures for every publication of every conceivable publisher of such information. Sicor further objects to this Request on the ground that it calls for documents containing information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**60.    All documents relating to the role of some person other than yourself and the publisher in the publication, appearance and/or advertisement of the AWP, WAC and/or other price measure for each of your AWPIDs in any publication of a publisher.**

Sicor objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Because the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome. The language of the Request is inadequate to apprise Sicor of the nature and scope of documents to which the Request is directed. In fact, "publisher" as defined by Plaintiffs, includes, *but is not limited to*, certain entities described or referred to in Definition No. 32. Sicor is not in a position to know what "role", if any, "some  person other than [Sicor]" played in the publication or "appearance" and/or advertisement of the AWP, WAC or other price measures for

34



every publication of every conceivable publisher of such information.  Sicor further objects to this Request on the ground that it calls for documents containing information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**61.    All documents relating to your role in the publication, appearance, or advertisement of the AWP, WAC or other pricing information in any pharmaceutical-related industry publications, including publications of the publishers.**

Sicor incorporates herein by reference its objections and response to Request No. 58.  Sicor further objects to this Request as unreasonably cumulative and duplicative in that it seeks documents containing information within the scope of Request No. 58.

**62.    All documents concerning the use by any participant in the drug distribution/sales channels (e.g. wholesalers, retailers, pharmacies, pharmacy benefit managers, insurers, etc.).**

Sicor objects to this request as vague, ambiguous, overly broad and unduly burdensome. The Request fails to specify which "use" the Request is directed to and, to the extent it seeks information concerning all or specific AWPIDs, the Request further fails to so specify.  Moreover, to the extent the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome.  In addition, Sicor objects to this Request in that it impermissibly purports to place the burden on Sicor to determine the parameters of the putative plaintiff class.

**63.    All documents concerning agreements between you and any publisher.**

Sicor objects to this Request on the ground that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Request is not limited in scope with respect to the subject matter of this litigation, but instead



calls for broad disclosure of Sicor's agreements with "publishers" [an inadequately defined term, see objections and responses to Requests Nos. 56-61, *supra*]. Sicor further objects to this Request on the ground that it calls for documents containing information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Sicor will produce  responsive non-privileged documents that are in Sicor's custody, control or possession.

**64.   All documents concerning any payments made by you to a publisher, where such payments related in any way to drug pricing.**

Sicor objects to this Request on the ground that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Request is not limited in scope with respect to the subject matter of this litigation, but instead calls for broad disclosure of Sicor's payments to "publishers" [an inadequately defined term, see objections and responses to Requests Nos. 56-61, *supra*].  Sicor further objects to this Request on the ground that it calls for documents containing information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**65.   All documents relating to any investments or loans that you have made in or to a publisher.**

Sicor objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   The Request is not limited in scope with respect to the subject matter of this litigation, but instead calls for broad disclosure of loans or investments to "publishers" [an inadequately defined term, see objections and responses to Requests Nos. 56-61, *supra*]. Sicor further objects to this Request on the ground that it

36



calls for documents containing information protected by attorney-client privilege and the work product doctrine.

**66.   All notes or minutes of any meetings between you and a publisher where drug pricing was discussed.**

Sicor objects to this Request on the ground that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Request is not limited in scope with respect to the subject matter of this litigation, but instead calls for broad disclosure of information concerning meetings with "publishers" [an inadequately defined term, see objections and responses to Requests Nos. 56-61, *supra*]. Sicor further objects to this Request on the ground that it calls for documents containing information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**67.   All documents concerning communications between you and a publisher about litigation involving AWP or drug pricing.**

Sicor objects to this Request on the ground that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Request is not limited in scope with respect to the subject matter of this litigation, but instead calls for broad disclosure of information concerning meetings with "publishers" [an inadequately defined term, see objections and responses to Requests Nos. 56-61, *supra*]. Sicor further objects to this Request on the ground that it calls for documents containing information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

25110413\V-3



68.     All documents regarding any pricing surveys that publishers have done for AWPIDs. (All Drugs)

Sicor objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Because the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome.   Furthermore, the language of the Request is inadequate to apprise Sicor of the nature and scope of documents to which the Request is directed.  In fact, "publisher" as defined by Plaintiffs, includes, *but is not limited to*, certain entities described or referred to in Definition No. 32.  The Request as written calls for Sicor to produce documents concerning pricing surveys conducted by any publisher regarding the pricing of *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC.  Sicor further objects to this Request on the ground that it calls for documents containing information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

69.     All documents regarding communications between you and a publisher about drug reimbursement systems, including Medicare, Medicaid and private insurance. (All Drugs)

Sicor objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Because the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome.  The language of the Request is inadequate to apprise Sicor of the nature and scope of documents to which the Request is directed.  In fact, "publisher" as defined by Plaintiffs, includes, *but is not limited to*, certain entities described or referred to in Definition No. 32.  The Request as written calls for Sicor to produce documents reflecting communications between Sicor

38



and any publisher concerning "reimbursement systems" with respect to the pricing of *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC. Sicor further objects to this Request on the ground that it calls for documents containing information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**Category 9: PBMs; Wholesalers**

    **70.    All documents concerning your contractual relationships with wholesalers, independent practice associations, pharmacies or providers insofar as they cover AWPIDs, including, without limitation, master agreements, addenda, schedules, attachments, Requests for proposal, responses to Requests for proposal and correspondence.**

    Sicor objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Request as written calls for Sicor to produce documents concerning its contractual relationships with wholesalers, independent practice associations, pharmacies or providers for *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC. Moreover, to the extent that the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome. Sicor further objects to this Request on the ground that it calls for documents containing information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

    **71.    Documents sufficient to identify all persons involved in negotiation of contractual relationships with wholesalers, manufacturers, independent practice associations, pharmacies, PBMs or providers insofar as they cover any AWPID.**

39



Sicor objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Request as written calls for Sicor to produce documents concerning persons "involved in" the negotiations of its contractual relationships with wholesalers, independent practice associations, pharmacies or providers for *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC. Moreover, to the extent that the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome. Sicor further objects to this Request on the ground that it calls for documents containing information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**72.     All documents relating or referring to your contractual relationships with PBMs insofar as they cover AWPIDs, including, without limitation, master agreements, addenda, schedules, attachments, Requests for proposal, responses to Requests for proposal and correspondence.**

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Request as written calls for Sicor to produce documents relating or referring to its contractual relationships with PBMs covering *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC. Moreover, to the extent that the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome. Sicor further objects to this Request on the ground that it calls for documents containing information protected by the attorney-client privilege and work product

25110413\V-3



doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**73.     Documents sufficient to identify all persons involved in negotiation of contractual relationships with PBMs insofar as they cover any AWPID.**

Sicor objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  The Request as written calls for Sicor to produce documents concerning persons "involved" in the negotiation of its contractual relationships with PBMs for *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC.   Moreover, to the extent that the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome.  Sicor further objects to this Request on the ground that it calls for documents containing information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**74.     All documents relating to marketing materials that you have provided PBMs for any AWPID.**

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  The Request as written calls for Sicor to produce documents concerning marketing materials provided to PBMs for *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC.   Moreover, to the extent that the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome.   Sicor further objects to this Request on the ground that it calls for documents



containing information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**75.    All documents relating to any communications between you and PBM regarding AWP, or to any fees or monies paid to or retained by a PBM.**

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  The Request as written calls for Sicor to produce documents relating to any communication with PBMs concerning *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC.   Moreover, to the extent that the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome.   In addition, with respect to fees or monies "retained by a PBM," Sicor does not know, and reasonably cannot be expected to have information and documents concerning the financial practices of third-parties.  Sicor further objects to this Request on the ground that it calls for documents containing information protected by attorney-client privilege and the work product doctrine.  Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**76.    All documents relating to any communications between you and any PBM regarding the revenue, profit, spread or other consideration that a PBM would earn based on any difference between your price for any AWPID and the compensation that the PBM receives for the AWPID.**

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  The Request as written calls for Sicor to produce documents concerning communications with PBMs about revenue, profit etc. for *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given

42



drug is implicated by the unproven allegations in the AMCC.   Moreover, to the extent that the

Request seeks documents in the custody, control or possession of third-parties, the Request is

improper and unduly burdensome.  Sicor further objects to this Request on the ground that it calls

for documents containing information protected by the attorney-client privilege and work product

doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-

privileged documents that are in Sicor's custody, control or possession.

**77.     All documents relating to the pricing of any of your AWPIDs sold to or
through any PBM.**

Sicor objects to this request as overly broad and unduly burdensome.  The Request as

written calls for Sicor to produce documents relating to the pricing of its AWPIDs implicated by

the unproven allegations of the AMCC which were sold to "or through" any PBM.  Sicor does not

know, and reasonably cannot be expected to have information and documents concerning the

pricing practices of third-parties.  Sicor further objects to this Request on the ground that it calls for

documents containing information protected by the attorney-client privilege and work product

doctrine.  Subject to and without waiving these objections, to the extent that responsive non-

privileged documents exist and are in Sicor's custody, control or possession, Sicor will produce

such documents.

**78.     All documents relating to any rebates that you have provided PBMs for any
AWPID.**

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  The Request as written calls for Sicor to

produce documents concerning rebates provided to PBMs for *any* AWPID, regardless of whether

Sicor manufactures such drug and regardless of whether any given drug is implicated by the

unproven allegations in the AMCC.   Moreover, to the extent that the Request seeks documents in

25110413\V-3



the custody, control or possession of third-parties, the Request is improper and unduly

burdensome. Sicor further objects to this Request on the ground that it calls for documents

containing information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Sicor will produce responsive non-privileged

documents that are in Sicor's custody, control or possession.

**79.    Excluding Rebates, all documents referring or relating to your provision of
any other consideration to a PBM for AWPIDs, including but not limited to:**

      **a.**    **Administrative fees for assembling data to verify market share results;**

      **b.**    **Fees for selling other data;**

      **c.**    **Fees for encouraging physicians to change prescribing patterns;**

      **d.**    **Prompt payment discounts;**

      **e.**    **Free drugs;**

      **f.**    **Drug samples;**

      **g.**    **Credit memos or credit extended to any PBM, including but not limited
to credit memos or credit issued for the purported reason of "returned goods;"**

      **h.**    **Other discounts, fees or grants.**

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence. The Request as written calls for Sicor to

produce documents concerning consideration other than rebates to PBMs for *any* AWPID,

regardless of whether Sicor manufactures such drug and regardless of whether any given drug is

implicated by the unproven allegations in the AMCC.  Moreover, to the extent that the Request

seeks documents in the custody, control or possession of third-parties, the Request is improper and

unduly burdensome. Sicor further objects to this Request on the ground that it calls for documents

containing information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, Sicor will produce  responsive non-privileged

documents that are in Sicor's custody, control or possession.



**80.    All documents relating to the placement of any of your AWPIDs on a PBM formulary.**

Sicor objects to this request as vague, ambiguous, overly broad and unduly burdensome.

The Request as written calls for Sicor to produce documents relating to "relating to the placement" of its AWPIDs implicated by the unproven allegations of the AMCC, regardless of whether Sicor was the author or intended recipient of any such documents.  Accordingly, to the extent the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome.   Sicor further objects to this Request on the ground that it calls for documents containing information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**Category 10:  Communications With Other Manufacturers**

**81.    All documents relating to any communications, including meetings, between you and any other pharmaceutical company regarding:**

**(a)    any actual, proposed or prospective price, price announcements, price changes, or price lists for any AWPID;**

**(b)    any actual, proposed, or prospective pricing methods, practices, policies or strategies for any AWPID;**

**(c)    any actual, proposed, or prospective marketing methods, practices, policies, or strategies for any AWPID;**

**(d)    any actual, proposed, or prospective pricing discounts, rebates, bids, or incentives for any AWPID;**

**(e)    territories or markets for sales or potential sales for any AWPID;**

**(f)    Medicare Part B and its policy of reimbursement for any AWPID;**

**(g)    the AWP of any AWPID;**

**(h)    pharmaceutical industry publications; and**

**(i)    market conditions or market shares.**

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  The Request as written calls for Sicor to

45



produce documents concerning communications with other pharmaceutical manufacturers for *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC.   Moreover, to the extent that the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome.  Sicor further objects to this Request on the ground that it calls for documents containing information protected by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

**Category 11:  Miscellaneous**

82.     **Any documents relating to the repackaging or relabeling of any AWPID including but not limited to: (a) documents indicating that any AWPID with a specific NDC has been repackaged and is being sold with a different NDC, but is the same drug; and (b) for any repackaged AWPID, documents evidencing the AWP of the original AWPID and of the repackaged AWPID, and documents evidencing the bases, methods id/or reasons for any change in the AWP.**

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  The Request as written calls for Sicor to produce documents concerning the repackaging or relabeling of *any* AWPID, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC.  Moreover, to the extent that the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome.  Sicor further objects to this Request on the ground that it calls for documents containing information protected by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, Sicor will produce responsive non-privileged documents that are in Sicor's custody, control or possession.

46



### III.   SICOR'S SPECIFIC OBJECTIONS TO PLAINTIFFS' INTERROGATORIES

**INTERROGATORY NO. 1**

1.      For the period beginning January 1, 1997, and for each subsequent calendar quarter, and with respect to each of the AWPIDs, identify the following information:

        a.      the total volume of sales, indicating both the number of units and net revenue;

        b.      the "average wholesale price" (AWP), as reported in Medical Economics *Red Book, First Data Bank* and/or *MediSpan,* and the volume of sale (in both units and net revenue) occurring (i) at or within five percent of AWP, whether higher or lower, (ii) at more than five percent above AWP, and (iii) at more than five percent below AWP;

        c.      the " average manufacturer price" ("AMP"), as reported to the Secretary of Health and Human Services, pursuant to the requirements of Social Security Act ("SSA") § 1927(b)(3), and the volume of sales (in both units and net revenue) occurring (i) at AMP and up to and including 10% above AMP, and less than or equal to 10% below AMP (broken out separately), (ii) at greater than 10% above AMP but less than or equal to 20% above AMP, and at greater than 10% below AMP but less than or equal to 20% below AMP (broken out separately), (iii) at greater than 20% above AMP but less than or equal to 40% above AMP, and at greater than 30% below AMP but less than or equal to 40% below AMP (broken out separately), and (v) at greater than but less than or equal to 30% above AMP, and at greater than 20% below AMP but less than or equal to 30% below MP (broken out separately), (iv) at greater than 30% above 40% above AMP but less than or equal to 50% above AMP, and at greater than 40% below AMP but less than or equal to 50% below AMP (broken out separately);

        d.      the "wholesale acquisition cost" ("WAC"), as reported by Medical Economics *Red Book, First Data Bank* and/or *MediSpan* or any other such entity that gathers and publishes "wholesale acquisition costs," and the volume of sales (in other units and net revenue) occurring (i) at or within five percent of WAC, whether higher or lower, (ii) at more than five percent above WAC, and (iii) at more than five percent below WAC;

        e.      the "average sales price" (ASP), *i.e.,* the price after reflecting discounts, rebates, chargebacks, to all classes except FSS;



f.      the total volume of the subject drug, in units, distributed as free goods.

### ANSWER TO INTERROGATORY NO. 1:

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Sicor further objects to this Interrogatory to the extent that it calls for Sicor to produce documents or to gather information prior to the 60-day time period established to respond to the Document Request. The Request as written calls for Sicor to provide information for all AWPIDs, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC. In addition, pursuant to FRCP 33(d), Sicor invokes its option to produce business records from which the information sought by this Interrogatory may be derived with equal facility by the Plaintiffs. Moreover, to the extent that the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome. Sicor further objects to this Request on the ground that it calls for documents containing information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, to the extent that responsive non-privileged documents exist and are in Sicor's custody, control or possession, Sicor will produce documents relating to Amikacin Sulfate, Acyclovir Sodium, Doxorubicin, Etoposide, Leucovorin and Tobramycin Sulfate -- the drugs at issue in this litigation which, according to the unproven allegations in the AMCC, implicate Sicor.

### INTERROGATORY NO. 2:

2.      **For the period beginning January 1, 1997, to the present, has the distribution, marketing, sales or promotion of any AWPID considered, incorporated, or been based upon, in any way, the difference between the cost to the provider and the amount that the provider**



receives for reimbursement or sale?  If so, please describe the circumstances of such
distribution, marketing, sales, or promotion, and provide all documents relating thereto, and
identify all past and current employees with knowledge of the facts relating to such
marketing, sales or promotion.

### ANSWER TO INTERROGATORY NO. 2:

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  Sicor further objects to this

Interrogatory to the extent that it calls for Sicor to produce documents or to gather information

prior to the 60-day time period established to respond to the Document Request.  The Request as

written calls for Sicor to provide information for all AWPIDs, regardless of whether Sicor

manufactures such drug and regardless of whether any given drug is implicated by the unproven

allegations in the AMCC.   In addition, pursuant to FRCP 33(d), Sicor invokes its option to

produce business records from which the information sought by this Interrogatory may be derived

with equal facility by the Plaintiffs.  Moreover, to the extent that the Request seeks documents in

the custody, control or possession of third-parties, the Request is improper and unduly

burdensome.  Sicor further objects to this Request on the ground that it calls for documents

containing information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, to the extent that responsive non-privileged

documents exist and are in Sicor's custody, control or possession, Sicor will produce documents

relating to Amikacin Sulfate, Acyclovir Sodium, Doxorubicin, Etoposide, Leucovorin and

Tobramycin Sulfate -- the drugs at issue in this litigation which, according to the unproven

allegations in the AMCC, implicate Sicor.

25110413\V-3



## INTERROGATORY NO. 3:

3.      For the period of January 1, 1997, to the present, please state for each calendar quarter the largest single purchaser, in terms of units, of each of the AWPIDs and the following:

                a.       the total number of units of the AWPIDs received by that purchaser; and

                b.       the total net revenue received for the AWPIDs by your company from that purchaser.

Please also produce the contract or agreement governing your relationship with that purchaser for each relevant quarter.

## ANSWER TO INTERROGATORY NO. 3:

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Sicor further objects to this Interrogatory to the extent that it calls for Sicor to produce documents or to gather information prior to the 60-day time period established to respond to the Document Request. The Request as written calls for Sicor to provide information for all AWPIDs, regardless of whether Sicor manufactures such drug and regardless of whether any given drug is implicated by the unproven allegations in the AMCC.   In addition, pursuant to FRCP 33(d), Sicor invokes its option to produce business records from which the information sought by this Interrogatory may be derived with equal facility by the Plaintiffs.  Moreover, to the extent that the Request seeks documents in the custody, control or possession of third-parties, the Request is improper and unduly burdensome.  Sicor further objects to this Request on the ground that it calls for documents containing information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, to the extent that responsive non-privileged documents exist and are in Sicor's custody, control or possession, Sicor will produce documents relating to Amikacin Sulfate, Acyclovir Sodium, Doxorubicin, Etoposide, Leucovorin and

50



Tobramycin Sulfate -- the drugs at issue in this litigation which, according to the unproven

allegations in the AMCC, implicate Sicor.

## INTERROGATORY NO. 4:

4.      **For the period of January 1, 1997, to the present, and for each subject drug, please provide a list of all purchasers who received the subject drug at a price exempted from the calculation of the Medicaid "best price," pursuant to the requirements of SSA _1927(c)(1)(C)(ii)(I[1), and, for each such purchaser, indicate the volume of the AWPID received by calendar quarter, in units, and the range of prices at which such purchaser received the subject drug for that quarter.**

## ANSWER TO INTERROGATORY NO. 4:

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  Sicor further objects to this

Interrogatory to the extent that it calls for Sicor to produce documents or to gather information

prior to the 60-day time period established to respond to the Document Request.  The Request as

written calls for Sicor to provide information for all AWPIDs, regardless of whether Sicor

manufactures such drug and regardless of whether any given drug is implicated by the unproven

allegations in the AMCC.   In addition, pursuant to FRCP 33(d), Sicor invokes its option to

produce business records from which the information sought by this Interrogatory may be derived

with equal facility by the Plaintiffs.  Moreover, to the extent that the Request seeks documents in

the custody, control or possession of third-parties, the Request is improper and unduly

burdensome.  Sicor further objects to this Request on the ground that it calls for documents

containing information protected by the attorney-client privilege and work product doctrine.

Finally, Sicor objects to this Interrogatory to the extent that it calls for information relating to

Medicaid as such information is neither relevant to this litigation nor reasonably calculated to lead

to the discovery of admissible evidence.  Subject to and without waiving these objections, to the



extent that responsive non-privileged documents exist and are in Sicor's custody, control or

possession, Sicor will produce documents relating to Amikacin Sulfate, Acyclovir Sodium,

Doxorubicin, Etoposide, Leucovorin and Tobramycin Sulfate -- the drugs at issue in this litigation

which, according to the unproven allegations in the AMCC, implicate Sicor.

### INTERROGATORY NO. 5:

**5.      With respect to each AWPID, please describe how you calculate the prices
and/or data reported to Medical Economics *Red Book, First Data Bank* or *MediSpan* or any
other such entity that gathers and publishes either "average wholesale prices," "list prices,"
or "wholesale acquisition costs."  And for each drug identify the persons responsible for
doing so. (All Drugs)**

### ANSWER TO INTERROGATORY NO. 5:

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  Sicor further objects to this

Interrogatory to the extent that it calls for Sicor to produce documents or to gather information

prior to the 60-day time period established to respond to the Document Request.  The Request as

written calls for Sicor to provide information for all AWPIDs, regardless of whether Sicor

manufactures such drug and regardless of whether any given drug is implicated by the unproven

allegations in the AMCC.   In addition, pursuant to FRCP 33(d), Sicor invokes its option to

produce business records from which the information sought by this Interrogatory may be derived

with equal facility by the Plaintiffs.  Moreover, to the extent that the Request seeks documents in

the custody, control or possession of third-parties, the Request is improper and unduly

burdensome.  Sicor further objects to this Request on the ground that it calls for documents

containing information protected by the attorney-client privilege and work product doctrine.

Finally, Sicor objects to this Interrogatory to the extent that it calls for Sicor to gather information

that is not created or maintained in the ordinary course of business.  Subject to and without waiving

52



these objections, to the extent that responsive non-privileged documents exist and are in Sicor's

custody, control or possession, Sicor will produce documents relating to Amikacin Sulfate,

Acyclovir Sodium, Doxorubicin, Etoposide, Leucovorin and Tobramycin Sulfate -- the drugs at

issue in this litigation which, according to the unproven allegations in the AMCC, implicate Sicor.

### INTERROGATORY NO. 6:

**6.     Identify the source of each of the documents produced in response to plaintiffs'
Requests for the production of documents throughout this litigation by identifying the
person(s) who possessed those documents, the job position of any such individuals, and the
division and department where such documents were located.  If you are unable to determine
the individual(s) who possessed the documents, identify the department and division where
they were/are located when produced.**

### ANSWER TO INTERROGATORY NO. 6:

Sicor objects to this Request as overly broad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  Sicor further objects to this

Interrogatory to the extent that it calls for Sicor to produce documents or to gather information

prior to the 60-day time period established to respond to the Document Request. The Request as

written calls for Sicor to provide information for all AWPIDs, regardless of whether Sicor

manufactures such drug and regardless of whether any given drug is implicated by the unproven

allegations in the AMCC.   In addition, pursuant to FRCP 33(d), Sicor invokes its option to

produce business records from which the information sought by this Interrogatory may be derived

with equal facility by the Plaintiffs.  Moreover, to the extent that the Request seeks documents in

the custody, control or possession of third-parties, the Request is improper and unduly

burdensome.  Sicor further objects to this Request on the ground that it calls for documents

containing information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving these objections, to the extent that responsive non-privileged

documents exist and are in Sicor's custody, control or possession, Sicor will produce documents

53



relating to Amikacin Sulfate, Acyclovir Sodium, Doxorubicin, Etoposide, Leucovorin and

Tobramycin Sulfate -- the drugs at issue in this litigation which, according to the unproven

allegations in the AMCC, implicate Sicor.

Dated May 3, 2004                          SICOR INC. and SICOR
                                           PHARMACEUTICALS, INC.


                                           By its attorneys,


                                           Elizabeth I. Hack
                                           Elizabeth S. Finberg
                                           SONNENSCHEIN NATH &
                                           ROSENTHAL , LLP
                                           1301 K Street, N.W.
                                           Suite 600, East Tower
                                           Washington, D.C. 20005
                                           (202) 408-6400


                                               -- and--


                                           Robert J. Muldoon, Jr. (BBO # 359480)
                                           James W. Matthews (BBO # 560560)
                                           Pamela A. Zorn (BBO # 640800)
                                           SHERIN AND LODGEN LLP
                                           100 Summer Street
                                           Boston, MA 02110
                                           (617) 646-2000



## CERTIFICATE OF SERVICE

I hereby certify that I, Elizabeth S. Finberg, an attorney, caused a true and correct copy of the foregoing Defendant Sicor Inc. and Sicor Pharmaceuticals, Inc.'s Objections to Plaintiffs' Omnibus Requests For Production And Interrogatories to be served on all counsel of record electronically via Verilaw Technologies on May 2, 2004, pursuant to Section D of Case Management Order No. 2.

ELIZABETH S. FINBERG