# EXHIBIT B



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL No. 1456 ) ) CIVIL ACTION: 01-CV-12257-PBS ) |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | ) Judge Patti B. Saris ) ) |

### DEFENDANT SICOR INC. AND SICOR PHARMACEUTICALS, INC.'S OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION REGARDING HHS ASPs

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules for the District Court for the District of Massachusetts ("LR D. Mass."), Rule 34.1, and pursuant to Case Management Orders ("CMO") Nos. 5, 7, and 10, and the Court's November 21, 2003 Bench Ruling, Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. (collectively,"Sicor") hereby respond to Plaintiffs' Requests for Production ("Requests") Regarding HHS ASPs.

## I. GENERAL OBJECTIONS

1. Sicor objects to Plaintiffs' Requests in their entirety as premature in that the Requests are not compliant with the Court's Case Management Order No. 10, dated March 25, 2004 ("CMO 10"), which ordered that discovery take place in two separate and distinct phases. Specifically, CMO 10 provided that Plaintiffs' Phase 1 or "fast-track" discovery would take place only as to Defendants AstraZeneca, the BMS Group, the GSK Group, the Johnson and Johnson Group and the Shering-Plough Group. As Sicor is not a Phase 1 defendant, Sicor objects to Plaintiffs' attempt to obtain discovery prior to January 30, 2005, the presently specified date for the close of Phase 1 discovery and beginning of Phase 2.



2. Sicor objects to Plaintiffs' definitions and instructions to the extent they purport to impose obligations on Sicor beyond those imposed by the applicable discovery rules, and Sicor will not comply with any such non-conforming definitions or instructions.

3. Sicor incorporates by reference herein its objections to Plaintiffs' "Definitions," "Rules of Construction," Drugs at Issue," "Relevant Time Period," as set forth in its Sicor's Objections to Plaintiffs' Omnibus Requests for Production and Interrogatories ("Plaintiffs' Omnibus Requests).

4. Sicor objects to the use of the acronym "ASP" which is not defined in this Request. To the extent that plaintiffs are relying on the definition set forth in their Omnibus Requests, that definition is vague and ambiguous and inconsistent with the Interim Medicare Regulations.

5. Sicor objects to each and every Request to the extent it seeks the production of communications and documents protected by the attorney-client privilege, work-product doctrine or any other applicable privileges or discovery doctrines.

6. Sicor objects to each and every Requests to the extent it purports to require production of confidential, proprietary or trade secret information regarding its products, business activities, and strategies.

7. Sicor objects to each and every Request to the extent it seek the production of information or documents which: (a) are not in Sicor's control or possession; (b) are already in Plaintiffs' custody, control or possession; or (c) are obtainable with equal or greater facility by the Plaintiffs.



8.  Sicor objects to each and every Request as overly broad and unduly burdensome to the extent it seeks production of information relating to drugs other than Amikacin Sulfate, Acyclovir Sodium, Doxorubicin, Etoposide, Leucovorin, and Tobramycin Sulfate -- the drugs at issue in this litigation which, according to the unproven allegations in the AMCC, implicate Sicor. Accordingly, Sicor will only produce information relating to these specified drugs.

9.  Sicor objects to each and every Request to the extent that it seeks information not contained in documents that exist and require Sicor to create, compile or develop new documents.

10. Sicor objects to each and every Request to the extent it seeks production of documents or information not in the possession, control or custody of Sicor, that are publicly available or equally available to Plaintiffs.

## II. SICOR'S SPECIFIC OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION REGARDING HHS ASPs

**1. All documents showing ASPs or ASP information you have provided for any APWID pursuant to the Interim Medicare Regulations.**

Sicor objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Request, as written, is inadequate to apprise Sicor of the documents or category of documents to which this Request is directed in that it calls for the production of documents that "[Sicor] has provided," but does not specify to the person(s), entity or category of person(s) or entities, if any, to whom the information sought was provided.

Moreover, the allegations of the AMCC do not involve any alleged use or manipulation by any defendant of the Average Sales Price ("ASP") for the drugs at issue. Accordingly, the



scope of the Request is overbroad and the Request, itself, is not reasonably calculated to lead to the discovery of admissible evidence.

Sicor further objects on the ground that the Request is duplicative and burdensome in that it seeks to impose upon Sicor the obligation to review and analyze information that is available to the Plaintiffs with equal or greater facility. Plaintiffs' Omnibus Requests for Production called for Sicor to produce documents received from or provided to governmental entities, including, HHS, "concerning the price of any AWPID," and specifically called for Sicor to produce documents sufficient to identify ASPs for each of its drugs at issue. *See* Omnibus Requests for Production Nos. 12, 13, 28, 56 and Plaintiffs' Omnibus Interrogatory No. 1. Sicor has produced and, by agreement with Plaintiffs' counsel, will continue to produce on a rolling basis, documents in its custody, control or possession that are responsive to these and other of Plaintiffs' Omnibus Requests. Subject to and without waiving these objections, Sicor will produce all responsive, non-privileged documents relating to the eight Sicor drugs identified in the AMCC that have not previously been produced.

2. **All documents, including internal memoranda and meeting notes, concerning the Interim Medicare Regulations.**

Sicor objects to this Request to the extent it calls for the production of documents containing information protected by the attorney-client privilege and work product doctrine. Sicor further objects on the ground that the Request is duplicative and burdensome in that it seeks to impose upon Sicor the obligation to review and analyze information that is available to the Plaintiffs with equal or greater facility. Plaintiffs' Omnibus Requests for Production called for Sicor to produce documents received from or provided to governmental entities, including, HHS, "concerning the price of any AWPID," and specifically called for Sicor to produce



documents sufficient to identify ASPs for each of its drugs at issue. *See* Omnibus Requests for Production Nos. 12, 13, 28, 56 and Plaintiffs' Omnibus Interrogatory No. 1. Sicor has produced and, by agreement with Plaintiffs' counsel, will continue to produce on a rolling basis, documents in its custody, control or possession that are responsive to these and other of Plaintiffs' Omnibus Requests. Subject to and without waiving these objections, Sicor will produce all responsive, non-privileged documents relating to the eight Sicor drugs identified in the AMCC that have not previously been produced.

      3.    **All documents passing between you and Federal Health Care Regulators concerning the Interim Medicare Regulations.**

Sicor objects to this Request on the ground that the Request is duplicative and burdensome in that it seeks to impose upon Sicor the obligation to review and analyze information that is available to the Plaintiffs with equal or greater facility. Plaintiffs' Omnibus Requests for Production called for Sicor to produce documents received from or provided to governmental entities, including, HHS, "concerning the price of any AWPID," and specifically called for Sicor to produce documents sufficient to identify ASPs for each of its drugs at issue. *See* Omnibus Requests for Production Nos. 12, 13, 28, 56 and Plaintiffs' Omnibus Interrogatory No. 1. Sicor has produced and, by agreement with Plaintiffs' counsel, will continue to produce on a rolling basis, documents in its custody, control or possession that are responsive to these and other of Plaintiffs' Omnibus Requests. Subject to and without waiving these objections, Sicor will produce all responsive, non-privileged documents relating to the eight Sicor drugs identified in the AMCC that have not previously been produced.



Dated:       June 28, 2004            SICOR INC. and SICOR
                                       PHARMACEUTICALS, INC.

                                       By its attorneys,


                                       /s/ Elizabeth I. Hack
                                       Elizabeth I. Hack
                                       Elizabeth S. Finberg
                                       SONNENSCHEIN NATH &
                                       ROSENTHAL, LLP
                                       1301 K Street, N.W.
                                       Suite 600, East Tower
                                       Washington, D.C. 20005
                                       (202) 408-6400

                                       -- *and*--

                                       Robert J. Muldoon, Jr. (BBO # 359480)
                                       James W. Matthews (BBO # 560560)
                                       Pamela A. Zorn (BBO # 640800)
                                       SHERIN AND LODGEN LLP
                                       100 Summer Street
                                       Boston, MA 02110
                                       (617) 646-2000



## CERTIFICATE OF SERVICE

    I hereby certify that I, Elizabeth S. Finberg, an attorney, caused a true and correct copy of the foregoing Defendant Sicor Inc. and Sicor Pharmaceuticals, Inc.'s Objections to Plaintiffs' Requests For Production Regarding HHS ASPs to be served on all counsel of record electronically via Verilaw Technologies on June 28, 2004, pursuant to Section D of Case Management Order No. 2.

ELIZABETH S. FINBERG