## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> *State of Nevada v. American Home Products* ) <br> *Corporation, et al.,* 02-CV-12086-PBS ) <br> ) <br> ) <br> ) | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris |

___

### B. BRAUN OF AMERICA INC.'S MOTION TO RE-DISMISS THE STATE OF NEVADA'S AMENDED COMPLAINT FOR IMPROPER SERVICE AND LACK OF PERSONAL JURISDICTION

___

Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5), B. Braun of America Inc. respectfully moves this Court to reconfirm its dismissal of all claims brought against B. Braun of America Inc. in the State of Nevada's Amended Complaint.

Subsequent to the Court's June 10, 2004 dismissal of B. Braun of America Inc. from this litigation, the State of Nevada delivered a copy of the Amended Complaint to the registered agent for B. Braun Medical Inc., a corporate entity separate from B. Braun of America Inc. This apparent attempt to bring B. Braun of America Inc. back into this ongoing litigation, made without leave of the Court, is both improper and insufficient to effect service of process. Moreover, as explained in its initial Motion to Dismiss and in the accompanying Memorandum, there is no basis upon which this Court may exercise personal jurisdiction over B. Braun of America Inc.

Therefore, for the reasons stated in the accompanying Memorandum, B. Braun of America Inc. respectfully requests that the Court enter an Order reconfirming the dismissal of B. Braun of America Inc. from the State of Nevada's Amended Complaint.

Dated: July 19, 2004

Respectfully submitted,

  s/Daniel F. Attridge, P.C.  
Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Counsel for B. Braun of America Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) | MDL No. 1456 |
| AVERAGE WHOLESALE PRICE ) | |
| LITIGATION ) | CIVIL ACTION: 01-CV-12257-PBS |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| ) | Judge Patti B. Saris |
| *State of Nevada v. American Home Products* ) | |
| *Corporation, et al.,* 02-CV-12086-PBS ) | |
| ) | |
| ) | |
| ) | |

___

**B. BRAUN OF AMERICA INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO RE-DISMISS THE STATE OF NEVADA'S AMENDED COMPLAINT FOR IMPROPER SERVICE AND LACK OF PERSONAL JURISDICTION**

___

**INTRODUCTION**

On June 10, 2004, this Court dismissed the State of Nevada's August 1, 2003 Amended Complaint against B. Braun America Inc. ("BBA") "for improper service because copies of the amended complaints and summonses were sent only via mail to BBA's chief executive officer." *See* Memorandum and Order (June 10, 2004), at 34. Nevada did not seek reconsideration of the Court's June 10th ruling, or seek leave of Court to try to re-serve BBA and bring it back into the case as a defendant. However, on June 28, 2004, Nevada had a messenger deliver a copy of the Amended Complaint (without any summons) to the registered agent in Nevada for B. Braun Medical Inc. ("BBM"), which is a separate legal entity from BBA and which has not been authorized to receive service of process for BBA. It is not clear what effect the State intended for this "delivery" to have, since thus far Nevada has not filed any proof of service regarding this delivery. Clearly, however, this delivery was wholly insufficient to constitute service of process over BBA or to justify dragging BBA back into this ongoing litigation. Moreover, as BBA has argued in its previous motion to dismiss, the Amended Complaint still fails to offer a basis for the exercise of personal jurisdiction over BBA. Accordingly, BBA asks that the Court re-confirm its dismissal of BBA as a defendant in this case.

**FACTUAL BACKGROUND**

As the Court will recall from the briefing that led to its June 10th ruling granting BBA's motion to dismiss Nevada's Amended Complaint, the State's initial effort to serve BBA consisted of mailing a copy of its Amended Complaint with a summons to BBA's CEO in Bethlehem, Pennsylvania. As Nevada state law does not allow service of process by mail, this Court dismissed Nevada's claims against BBA for improper service on June 10, 2004. *See* Memorandum and Order (June 10, 2004), at 34. Nevada did not seek reconsideration of this

1

ruling.  Nor did Nevada seek leave of Court to attempt to serve BBA again after the service deadline of December 1, 2003, *i.e.*, 120 days after the August 1, 2003 filing of Nevada's Amended Complaint.  *See* FED. R. CIV. PROC. 4(m) ("[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time").

Apparently seeking a way around this Court's June 10th dismissal of BBA from this case, Nevada had a messenger drop off a copy of the Amended Complaint (without any summons) with the registered agent in Nevada for BBM.  This delivery was made on June 28th, without any prior authorization by this Court.  Importantly, BBM is a separate legal entity from BBA; neither BBM nor its registered agent is authorized to accept service of process for BBA.  *See* FED. R. CIV. PROC. 4(h) (describing procedure for making service on corporations).  Nevada has not filed any proof of service related to this June 28th delivery of its Amended Complaint.  *See* FED. R. CIV. PROC. 4(l) (requiring proof of service).  Other than this untimely, unauthorized and ineffective delivery, no effort has been made to serve BBA since the Court dismissed BBA from the case.

## ARGUMENT

Nevada's apparent attempt to bring BBA back into this litigation by delivering a copy of the Amended Complaint to a registered agent for a separate corporate entity from BBA is entirely improper and insufficient to meet the requirements of service of process.  Moreover, even if the Court were to allow this deficient attempt at service eleven months after the filing of the Amended Complaint, the claims against BBA must still be dismissed because the Court lacks personal jurisdiction over BBA.

2

**I.     BBA Must Be Dismissed For Insufficient Service of Process.**

As a threshold matter, BBA was – again – not properly served, thereby precluding the Court from asserting jurisdiction over BBA.[1]  Rather than making any reasonable attempt to comply with the express rules governing service of process, Nevada merely delivered a copy of the Amended Complaint (without an accompanying summons) upon the registered agent of B. Braun Medical Inc., which is a corporate entity entirely separate from BBA and not authorized to accept service of process for BBM.

This Court has held that "[s]ervice must be valid under the law of the transferor states." Memorandum and Order (June 10, 2004), at 34.  But under Nevada Rule of Civil Procedure 4(d), the State's delivery of a copy of the Amended Complaint, without a summons, is not proper service.  NEV. R. CIV. PROC. 4(d) ("The *summons and complaint* shall be served together.") (emphasis added); *see also C.H.A. Venture v. G. C. Wallace Consulting Eng'rs, Inc.*, 794 P.2d. 707, 709 (Nev. 1990) ("[N]otice is not a substitute for service of process.  Personal service or a legally provided substitute must still occur in order to obtain jurisdiction over a party.").

Moreover, although the Amended Complaint names BBA as a defendant, Nevada delivered the Amended Complaint to the registered agent of ***B. Braun Medical Inc.***, a non-party and separate legal entity.  No provision of Nevada law provides that service of process on one company establishes proper service on another related entity, nor that a subsidiary is an agent of its parent corporation.  *See McCulloch Corp. v. O'Donnell*, 433 P.2d 839, 840-841 (Nev. 1967)

---

[1] If the sufficiency of service is challenged, "the party on whose behalf service was made . . . has the burden to establish its validity." *Wishart v. Agents for Int'l Monetary Fund Internal Revenue Serv.*, 1995 WL 494586, at *2 (N.D.Cal. 1995) (citing *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc*., 635 F.2d 434, 435 (5th Cir. 1981)).

("The mere fact of stock ownership by one corporation in another does not authorize jurisdiction over the stockholder corporation."). Thus, Nevada has failed to properly serve BBA. Accordingly, the State's claims against BBA should be dismissed for insufficiency of process.

## II.     BBA Must Be Dismissed For Lack Of Personal Jurisdiction.

Even if Nevada's delivery of a copy of the Amended Complaint, without a summons, to a separate corporate entity, more than 300 days after filing, and without leave of the Court, somehow were sufficient to effect service of process over BBA, this case must still be dismissed because this Court lacks personal jurisdiction over BBA. As this Court has ruled, Nevada bears the burden of proving that the Court possesses personal jurisdiction over each defendant, as determined by the laws of the transferor forum. *See* Memorandum and Order (June 10, 2004), at 34; *see also Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992); *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 230 F. Supp. 2d 392, 399 (S.D.N.Y. 2002) (law of transferor forum applies).

Nevada has failed to indicate any basis under its state laws for exercising personal jurisdiction over BBA where (i) Nevada's long-arm provisions are not satisfied, and (ii) BBA lacks sufficient "minimum contacts" with Nevada. *See Freeman v. Second Judicial Dist. Ct.*, 1 P.3d 963, 965 (Nev. 2000). The Nevada long-arm statute provides that a court "may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the constitution of this state or the Constitution of the United States." NEV. REV. STAT. § 14.065 (2004).[2]

---

[2] The Nevada long-arm statute has been interpreted as conferring jurisdiction to the limits permitted by the United States Constitution. *Davis v. Eighth Judicial District of State of Nevada*, 97 Nev. 332, 629 P.2d 1209 (1981). In this regard, federal law is controlling on the issue of due process under the United States Constitution. *Amba Mktg. Sys. v. Jobar Int'l, Inc.*, 551 F.2d 784, 789 (9th Cir. 1977). Thus, a plaintiff must demonstrate that the defendant's minimum contacts with the forum state are "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

As stated in the previously-filed Declaration of Charles A. DiNardo, BBA has no contacts with Nevada such that due process would be satisfied.[3] BBA has not done business in Nevada. It has not manufactured any of the products referenced in the Amended Complaint. It has no relationships or contacts with Nevada or with any of the publishers or PBMs alleged in the Amended Complaint. Nor has it entered into any rebate agreements with Nevada or paid any rebates under Nevada's Medicaid program.

Similarly, Nevada has failed to allege any facts to conclude that BBM is an "agent" of BBA such that BBA could be subject to the jurisdiction of Nevada through the activities of B. Braun Medical Inc. *See Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 419 (9th Cir. 1977) (holding a plaintiff must demonstrate actual agency of the subsidiary corporation on behalf of the parent to subject the parent corporation to the jurisdiction of the forum for acts of the subsidiary); *see also Consolidated Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1293 (11th Cir. 2000) (holding a non-resident corporation is not subject to the jurisdiction of a forum state merely because a related corporation is doing business there). Thus, Nevada continues to fail to establish any grounds supporting this Court's assertion of personal jurisdiction over BBA.

---

[3] The Declaration of Charles A. DiNardo was attached to BBA's memorandum in support of its first motion to dismiss the State of Nevada's claims filed on September 15, 2003. Another copy is attached hereto for the Court's convenience.

5

## CONCLUSION

For the foregoing reasons, B. Braun of America Inc. urges that it, once again, be dismissed from the case brought by the State of Nevada.

Dated: July 19, 2004                     Respectfully submitted,


                                             ___s/Daniel F. Attridge, P.C._____
                                             Daniel F. Attridge, P.C.
                                             Colin R. Kass
                                             KIRKLAND & ELLIS LLP
                                             655 Fifteenth Street, N.W.
                                             Washington, D.C. 20005
                                             Telephone:  (202) 879-5000
                                             Facsimile:  (202) 879-5200

                                             ***Counsel for B. Braun of America Inc.***

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY   ) <br> AVERAGE WHOLESALE PRICE              ) <br> LITIGATION                                          ) <br>                                                              ) <br> THIS DOCUMENT RELATES TO:         ) <br>                                                              ) <br> *State of Nevada v. American Home Products* ) <br> *Corporation, et al.*, 02-CV-12086-PBS   ) <br>                                                              ) <br>                                                              ) <br>                                                              ) | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris |

---

## [PROPOSED] ORDER ON B. BRAUN OF AMERICA INC.'S MOTION TO RE-DISMISS THE STATE OF NEVADA'S AMENDED COMPLAINT FOR IMPROPER SERVICE AND LACK OF PERSONAL JURISDICTION

---

WHEREAS B. Braun of America Inc. filed a Motion to Dismiss the State of Nevada's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5) for insufficient service of process and lack of personal jurisdiction. Having considered the arguments presented by the parties, for the reasons expressed in the Memorandum filed by B. Braun of America Inc. in support of its Motion to Dismiss, it is hereby ORDERED that B. Braun of America Inc. is DISMISSED WITH PREJUDICE as a defendant in the action brought by the State of Nevada.

It is so ORDERED.

Entered this ___ day of July, 2004.

_____
Patti B. Saris
United States District Judge

Dated: July 19, 2004    Respectfully submitted,


    <u>s/ Daniel F. Attridge, P.C.</u>
Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

*Counsel for B. Braun of America Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing B. Braun of America Inc.'s Motion to Re-Dismiss the State of Nevada's Amended Complaint for Improper Service and Lack of Personal Jurisdiction, B. Braun of America Inc.'s Memorandum in Support of its Motion to Re-Dismiss the State of Nevada's Amended Complaint for Improper Service and Lack of Personal Jurisdiction, and Proposed Order on B. Braun of America Inc.'s Motion to Re-Dismiss the State of Nevada's Amended Complaint for Improper Service and Lack of Personal Jurisdiction have been served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties on this 19th day of July, 2004.

                                                     __s/ Daniel F. Attridge, P.C.____
                                                    Daniel F. Attridge, P.C.
                                                    Colin R. Kass
                                                    KIRKLAND & ELLIS LLP
                                                    655 Fifteenth Street, N.W., Suite 1200
                                                    Washington, D.C. 20005
                                                    Tel:  (202) 879-5000
                                                    Fax: (202) 879-5200