UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

MDL No. 1456

CIVIL ACTION: 01-CV-12257-PBS

Judge Patti B. Saris

THIS DOCUMENT RELATES TO
ALL CLASS ACTIONS

**ANSWER OF BRISTOL-MYERS SQUIBB COMPANY, ONCOLOGY THERAPEUTICS
NETWORK CORPORATION AND APOTHECON, INC. TO PLAINTIFFS'
CORRECTED AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants Bristol-Myers Squibb Company ("Bristol-Myers"), Oncology Therapeutics

Network Corporation ("OTN"), and Apothecon, Inc. ("Apothecon") (Bristol-Myers, OTN and

Apothecon are collectively referred to herein as the "BMS Group"),[1] respond to Plaintiffs'

Corrected Amended Master Consolidated Class Action Complaint Modified Per the Court's

Instruction at the November 1, 2003 Hearing with Amgen Amendments (the "AMCC"), served

via Verilaw on July 16, 2004, as follows:

**Preliminary Statement**

The AMCC improperly refers to Bristol-Myers, OTN, and Apothecon, other defendants

and third parties on a collective basis, failing to plead with requisite particularity allegations

against Bristol-Myers, OTN and/or Apothecon. This is insufficient to apprise BMS Group (let

---

[1] In this Answer, Bristol-Myers, OTN and Apothecon follow the convention of the AMCC by referring to
themselves collectively as the "BMS Group." By following the AMCC in this manner, none of these Defendants
concedes or admits that it is properly defined as a "Group" for any other purpose.

alone each separate entity) of the allegations asserted against it.  BMS Group has nevertheless attempted to respond to Plaintiffs' allegations to the extent possible.

To the extent the AMCC's allegations refer to the knowledge, conduct or actions of other persons or entities, BMS Group is generally without knowledge or information sufficient to form a belief as to the truth of those allegations.  BMS Group states that it is answering Plaintiffs' allegations solely on behalf of itself, even when Plaintiffs' allegations refer to alleged conduct by BMS Group and other persons or entities.

The AMCC also contains purported quotations from a number of sources, many of which are unidentified.  In answering allegations consisting of quotations, a failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or a reference to the full document shall not constitute an admission that the substantive content of the quote or document is or is not true or that the material is relevant or admissible in this action.

BMS Group denies each and every allegation contained in the AMCC, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculation contained in any averment or in the AMCC as a whole.  Moreover, BMS Group specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered paragraphs in the AMCC.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## Specific Responses

1.  BMS Group admits that Plaintiffs seek to bring this action as alleged in Paragraph 1 of the AMCC.  BMS Group denies that Plaintiffs are entitled to maintain this action in the manner alleged.

2.  BMS Group denies the allegations in Paragraph 2 of the AMCC.

3.  BMS Group denies the allegations in Paragraph 3 of the AMCC, except admits that it reports certain pricing information for its medicines to pharmaceutical industry pricing publications and that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP.

4.  BMS Group denies the allegations in Paragraph 4 of the AMCC, except admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP, and further admits that Medicare Part B medicines are generally, but not always, administered in a healthcare provider's office.

5.  BMS Group denies the allegations in Paragraph 5 of the AMCC, except admits that AWP (often less a negotiated percentage discount) is sometimes used as a basis for reimbursement in transactions outside the Medicare Part B context.

6.  BMS Group denies the allegations in Paragraph 6 of the AMCC, except admits that Plaintiffs purport to bring this action as alleged in Paragraph 6 of the AMCC, but BMS Group further denies that Plaintiffs are entitled to maintain this action in the manner alleged.

7.  BMS Group denies the allegations in Paragraph 7 of the AMCC.

8.  BMS Group denies the allegations in Paragraph 8 of the AMCC, except admits that it participates in the Together Rx Card Program which commenced in 2002 and allows eligible persons to enjoy discounts on covered medicines.

9-10.   BMS Group denies the allegations in Paragraphs 9 through 10 of the AMCC.

11.   BMS Group admits that Plaintiffs have filed attachments to the AMCC as alleged in Paragraph 11 of the AMCC.   BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in the attachments.   BMS Group denies the remaining allegations in Paragraph 11 of the AMCC.

12.   The Court dismissed Count I in its Order dated February 25, 2004.   Accordingly, BMS Group does not respond to Paragraph 12 of the AMCC.   To the extent a response is required, BMS Group denies the allegations in Paragraph 12 and Count I of the AMCC.

13-21.   BMS Group denies the existence of, or its participation in, any "enterprise," "scheme" or "conspiracy" or wrongdoing of any kind as alleged in Paragraphs 13 through 21 of the AMCC.   BMS Group admits that Plaintiffs purport to bring this action as a class action and that Plaintiffs seek relief under Counts II through X as alleged in Paragraphs 13 through 21 of the AMCC.   BMS Group denies that this action can be maintained in the manner alleged, and further denies that Plaintiffs are entitled to relief under Counts II through X of the AMCC.

22-24.   The allegations in Paragraphs 22 through 24 of the AMCC state legal conclusions to which no response is required.   To the extent a response is required, BMS Group denies the allegations in Paragraphs 22 through 24 of the AMCC.

25.   BMS Group admits the allegations in Paragraph 25 of the AMCC.

26-31.   BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 26 through 31 of the AMCC.

32-36.   BMS Group admits that Plaintiffs VPIRG, WCA, StateWide, CANY and CCJ purport to bring this action as alleged in Paragraphs 32 through 36 of the AMCC, but BMS Group denies that these Plaintiffs have standing to bring the alleged action.   BMS Group is

4

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 32 through 36 of the AMCC.

36(a)–(c).    BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 36(a) through 36(c) of the AMCC.

37-38.  BMS Group denies the allegations in Paragraphs 37 through 38 of the AMCC that pertain to it.  BMS Group denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraph 38 of the AMCC.  To the extent the allegations in Paragraphs 37 through 38 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

39-70. The allegations in Paragraphs 39 through 70 of the AMCC are directed to other defendants and require no response from BMS Group.  To the extent the allegations in Paragraphs 39 through 70 of the AMCC are deemed to include allegations against BMS Group, they are denied.

71.    Bristol-Myers admits that it is a Delaware corporation with its principal place of business located at 345 Park Avenue, New York, New York.  Bristol-Myers admits it has offices, facilities and businesses both inside and outside the United States and that it is involved in the manufacturing, marketing and sale of pharmaceuticals and health care products.  Bristol-Myers denies the remaining allegations in Paragraph 71 of the AMCC and refers to its SEC filings for its financial information.

72.    OTN admits that it is a Delaware corporation with its principal place of business located at 395 Oyster Point Boulevard, Suite 405, South San Francisco, California.  OTN admits

it has been a wholly-owned subsidiary of Bristol-Myers since 1996.  OTN denies the remaining allegations in Paragraph 72 of the AMCC.

73.     Bristol-Myers and OTN deny the allegations in Paragraph 73 of the AMCC, except OTN admits that it is a health care services and distribution firm that sells, among other things, Bristol-Myers' infusion oncology drugs and related products to office-based oncology practices in the United States; OTN admits that at the time of its acquisition by Bristol-Myers, it was a leading distributor of chemotherapeutic drugs and related products for the treatment of oncology; Bristol-Myers admits that it marketed and sold its drugs directly to medical providers both prior to and after its acquisition of OTN; Bristol-Myers and OTN admit they each employ and maintain marketing and sales departments; and Bristol-Myers admits that it has paid sales commissions to OTN.

74.     Apothecon denies the allegations in Paragraph 74 of the AMCC, except Apothecon admits that it is a Delaware corporation and that it is a subsidiary of Bristol-Myers.

75.     The allegations in Paragraph 75 of the AMCC state a conclusion to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 75 of the AMCC.

76.     BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the AMCC, except that Bristol-Myers admits that it manufactures or formerly manufactured Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, Taxol® and Fungizone®, which are covered by Medicare Part B; OTN admits that it distributes or formerly distributed these drugs; and Apothecon admits that it formerly manufactured and distributed Fungizone®.

77.   BMS Group admits that the Plaintiffs purport to bring this action against BMS Group as a participant of Together Rx LLC ("Together Rx"), as described in Paragraphs 542 through 618 and 692 through 725 of the AMCC.  BMS Group denies that Plaintiffs are entitled to maintain this action in the manner alleged or that Plaintiffs have pled a proper class.

78-131.   The allegations in Paragraphs 78 through 131 of the AMCC are directed to other defendants and require no response from BMS Group.  To the extent the allegations in Paragraphs 78 through 131 of the AMCC are deemed to include allegations against BMS Group, they are denied, except BMS Group admits that it is a participant of Together Rx, LLC, a Delaware limited liability company, as alleged in Paragraph 131 of the AMCC.

132.   The allegations in Paragraph 132 of the AMCC state a legal conclusion to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 132 of the AMCC.

133.   BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the AMCC, except admits that prescription drugs are dispensed to patients by different types of medical providers, including physicians and retail pharmacies.

134.   BMS Group denies the allegations in Paragraphs 134 of the AMCC, except admits that Congress and CMS have mandated that Medicare Part B reimbursements be based, in part, upon AWP, and that AWP is used outside the Medicare Part B context.

135-136.   BMS Group denies the allegations in Paragraphs 135 through 136 of the AMCC, except admits that pharmaceutical industry pricing publications periodically report AWPs for prescription medicines sold in the United States.  BMS Group states that the 1999

7

edition of the *Red Book* and the June 1996 Dow Jones News article cited in Paragraph 136 of the AMCC speak for themselves and are the best evidence of their contents.

137-141.     BMS Group denies the allegations in Paragraph 137 through 141 of the AMCC.

142-144.     BMS Group admits the allegations in Paragraphs 142 through 144 of the AMCC.

145.   BMS Group denies the allegations in Paragraph 145 of the AMCC, except admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth in 42 C.F.R. § 405.517, which speaks for itself and is the best evidence of its contents.

146-147.     BMS Group denies the allegations in Paragraphs 146 through 147 of the AMCC, except states that it is without knowledge or information sufficient to form a belief as to Medicare's "historical" use of AWPs in the "Red Book or other compendia . . . as a ceiling for . . . reimbursement;" states that 42 C.F.R. § 405.517 speaks for itself and is the best evidence of its contents; and admits that the estimated acquisition cost for a drug could be determined by the Medicare Program based on surveys.

148.   BMS Group denies the allegations in Paragraph 148 of the AMCC, except admits that the Medicare Program has on occasion publicly announced that it would use some form of the AWP published in pharmaceutical industry pricing publications as a basis for reimbursement and states that Program Memo AB-99-63 cited in Paragraph 148 of the AMCC speaks for itself and is the best evidence of its contents.

149.   BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and states that Program Memo AB-99-63 cited in Paragraph 149 of the AMCC speaks for itself and is the best evidence of its contents.

8

150-151.    BMS Group admits the allegations in Paragraphs 150 through 151 of the AMCC, except denies it has knowledge or information sufficient to form a belief as to the extent to which Medicare Part B beneficiaries or the insurers actually make the co-payments.

152.    BMS Group denies the allegations in Paragraph 152 of the AMCC, except admits that it sends certain pricing information to independent publishing companies and does not report AWPs directly to the federal government; admits upon information and belief that there are no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs; and admits that it reports certain pricing information for its medicines to pharmaceutical industry pricing publications.

153-154.    BMS Group denies that Plaintiffs have accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such is applicable to BMS Group, and states that the April 2003 OIG report cited in Paragraphs 153 through 154 of the AMCC speaks for itself and is the best evidence of its contents.

155.    BMS Group denies the allegations in Paragraph 155 of the AMCC, except admits that the governmental agencies listed in Paragraph 155 of the AMCC have conducted investigations concerning pricing in the pharmaceutical industry.  To the extent the allegations in Paragraph 155 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

156-157.    BMS Group denies the existence of, and its participation in, any "scheme" cited in Paragraph 156 of the AMCC.  BMS Group states that the September 28, 2000 letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 156 through 157 of the AMCC speaks for itself and is the best evidence of its

contents.  BMS Group denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to BMS Group.

158.    Upon information and belief, BMS Group admits the allegations of Paragraph 158 of the AMCC.

159.    BMS Group denies the allegations in Paragraph 159 of the AMCC, and specifically denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 159 of the AMCC.

160.    BMS denies the allegations of Paragraph 160 of the AMCC as to BMS Group and states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to other defendants.

161-184.    BMS Group denies the allegations in Paragraphs 161 through 184 of the AMCC, except admits that, from time to time, it has provided free samples of certain of its drugs to medical providers in a lawful manner.  To the extent the allegations in Paragraphs 161 through 184 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  BMS Group states that the March 30, 2003 Wall Street Journal article cited in Paragraph 178 of the AMCC speaks for itself and is the best evidence of its contents.

185.    BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the AMCC.

186-191.    BMS Group denies the allegations of Paragraphs 186 through 191 as they pertain to it and, to the extent the allegations in Paragraphs 186 through 191 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group

is without knowledge or information sufficient to form a belief as to the truth of those allegations. BMS Group states that the *Red Book* and the unidentified DOJ report cited in Paragraph 187 of the AMCC and the pleadings cited in Paragraphs 189 through 190 of the AMCC and subparts speak for themselves and are the best evidence of their contents.

192. BMS Group denies the allegations in Paragraph 192 of the AMCC, except admits that certain price discounts it gives to customers are confidential competitive information and states the 2003 CMS document cited in Paragraph 192 of the AMCC speaks for itself and is the best evidence of its contents.

193-196. BMS Group denies the allegations in Paragraphs 193 through 196 of the AMCC.

197. BMS Group denies the allegations in Paragraph 197 of the AMCC and specifically denies that Plaintiffs lacked inquiry or other notice of the issues. BMS Group states, to the contrary, that such issues were well known long before Plaintiffs elected to bring this lawsuit.

198-199. The allegations in Paragraphs 198 through 199 of the AMCC state legal conclusions to which no response is required. To the extent a response is required, BMS Group denies the allegations in Paragraphs 198 through 199 of the AMCC.

200. BMS Group denies the allegations in Paragraph 200 of the AMCC that pertain to it and, to the extent the allegations in Paragraph 200 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

201-326. The allegations in Paragraphs 201 through 326 of the AMCC are directed to other defendants and require no response from BMS Group. To the extent allegations in

Paragraphs 201 through 326 of the AMCC are deemed to include allegations against BMS Group, they are denied.

327.   BMS Group denies the allegations in Paragraph 327 of the AMCC and states that specific drugs as to which Plaintiffs seek relief are selected by Plaintiffs and do not require a response from BMS Group; to the extent that such a response is required, BMS Group denies that Plaintiffs are entitled to a judgment or any relief.

328.   BMS Group denies the allegations in Paragraph 328 of the AMCC, except admits that the governmental agencies listed in Paragraph 328 of the AMCC have conducted investigations concerning pricing in the pharmaceutical industry.

329.   The allegations in Paragraph 329 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 329 of the AMCC and states that the February 27, 2001 letter from Representative Stark to BMS Group cited in Paragraph 329 of the AMCC speaks for itself and is the best evidence of its contents.

330.   BMS Group denies the allegations in Paragraph 330 of the AMCC and states that the February 27, 2001 letter from Representative Stark to BMS Group cited in Paragraph 330 of the AMCC speaks for itself and is the best evidence of its contents.

331.   BMS Group denies the allegations in Paragraph 331 of the AMCC, except admits that it communicated with industry compendia concerning certain prices of its products during the Class Period.  BMS Group further states that the document written by Denise Kaszuba cited in Paragraph 331 speaks for itself and is the best evidence of its contents.  BMS Group denies the conclusion that Plaintiffs draw from this document.

332.    BMS Group denies the allegations in Paragraph 332 of the AMCC, except states that the BMS Group document (BMSAWP/0011246) cited in Paragraph 332 speaks for itself and is the best evidence of its contents.  BMS Group denies the conclusion that Plaintiffs draw from this document.

333.    BMS Group denies the allegations in Paragraph 333 of the AMCC that pertain to it and, to the extent the allegations in Paragraph 333 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations. BMS Group states that the BMS Group document (BMS3CA/000128) cited in Paragraph 333 of the AMCC speaks for itself and is the best evidence of its contents.  BMS Group denies the conclusion that Plaintiffs draw from this document.

334.    BMS Group denies the allegations in Paragraph 334 of the AMCC, except admits that it was sometimes aware of and noted the AWPs of its competitors' drugs.  BMS Group notes that the document number cited in Paragraph 334 of the AMCC does not contain the quoted language.

335.    BMS Group denies the allegations in Paragraph 335 of the AMCC that pertain to it and states that the BMS Group document cited in Paragraph 335 of the AMCC speaks for itself and is the best evidence of its contents.  BMS Group denies the conclusion that Plaintiffs draw from the alleged quotation from this document.

336.    BMS Group denies the allegations in Paragraph 336 of the AMCC and, to the extent the allegations in Paragraph 336 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  BMS Group states that

13

the 2001 *Red Book* and the unidentified DHHS report cited in Paragraph 336 of the AMCC speak for themselves and are the best evidence of their contents.  BMS Group denies the conclusions that Plaintiffs draw from these documents.

337.    BMS Group denies the allegations in Paragraph 337 of the AMCC.

338.    BMS Group denies the allegations in Paragraph 338 of the AMCC and states that the quotation from the February 27, 2001 letter from Representative Stark to BMS Group cited in Paragraph 338 of the AMCC speaks for itself and is the best evidence of its contents.  BMS Group denies the conclusion that Plaintiffs draw from the alleged quotation from this document.

339.    BMS Group denies the allegations of Paragraph 339 and states that the documents referred to in Paragraph 339 of the AMCC speak for themselves and are the best evidence of their contents.  BMS Group is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 339 of the AMCC.

340.    BMS Group denies the allegations in Paragraph 340 of the AMCC and states that the documents referred to in Paragraph 340 of the AMCC speak for themselves and are the best evidence of their contents.

341.    BMS Group denies the allegations in Paragraph 341 of the AMCC.

342.    BMS Group denies the allegations in Paragraph 342 of the AMCC and states that the DHHS report cited in Paragraph 342 of the AMCC speaks for itself and is the best evidence of its contents.

343.    BMS Group denies the allegations in Paragraph 343 of the AMCC and states that the 2001 *Red Book* and the unidentified DOJ documents cited in Paragraph 343 of the AMCC speak for themselves and are the best evidence of their contents.  BMS Group denies the conclusion that Plaintiffs draw from these documents.

14

344.   Bristol-Myers denies the allegations in Paragraph 344 of the AMCC, except admits that it manufactured drugs called Paraplatin®, Rubex® and Taxol®.  BMS Group states that the 1997 OIG report and the revenue figures cited in Paragraph 344 of the AMCC speak for themselves and are the best evidence of their contents.

345.   The allegations in Paragraph 345 of the AMCC and its subparts state a legal conclusion to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 345 of the AMCC.

346.   BMS Group denies the allegations in Paragraph 346 of the AMCC, except states that the BMS Group document cited in Paragraph 346 of the AMCC speaks for itself and is the best evidence of its contents.

347.   BMS Group denies the allegations in Paragraph 347 of the AMCC and, to the extent the allegations in Paragraph 347 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  BMS Group states that the documents referred to in Paragraph 347 of the AMCC speak for themselves and are the best evidence of their contents.  BMS Group denies the conclusions that Plaintiffs draw from these documents.

348.   BMS Group denies the allegations in Paragraph 348 of the AMCC, except admits that the pharmaceutical industry pricing publications publish AWPs of its drugs.  BMS Group states that the document referred to in Paragraph 348 of the AMCC speaks for itself and is the best evidence of its contents.  BMS Group denies the conclusion that Plaintiffs draw from this document.

349-540.     The allegations in Paragraphs 349 through 540 of the AMCC are directed to other defendants and require no response from BMS Group. To the extent allegations in Paragraphs 349 through 540 of the AMCC are deemed to include allegations against BMS Group, they are denied.

541.   BMS Group denies the allegations in Paragraph 541 of the AMCC.

542-546.     BMS Group denies the allegations in Paragraphs 542 through 546 of the AMCC, except admits that it is among the first participants in Together Rx and admits that the Together Rx Card Program is designed as a prescription drug savings program.

547.   BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 547 of the AMCC.

548.   BMS Group admits that, at the time of the AMCC, the Medicare Program generally did not cover the cost of self-administered prescription medicines and that Congress has debated the issue of prescription medicine coverage under the Medicare Program. BMS Group is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 548 of the AMCC.

549.   BMS Group admits that Congress has examined the pricing of prescription medicines in the United States and has considered amending the Medicare and Medicaid prescription medicine programs. To the extent the allegations in Paragraph 549 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations. BMS Group states that the April 4, 2001 Prescription Drug Fairness for Seniors Act cited in Paragraph 549 of the AMCC speaks for itself and is the best evidence of its contents. BMS Group denies that Plaintiffs have accurately characterized any alleged finding, opinion,

16

statement or conclusion contained in this document or allegedly made by Congressman Allen. To the extent the remaining allegations in Paragraph 549 of the AMCC are deemed to include allegations against BMS Group, they are denied.

550.   BMS Group denies the allegations in Paragraph 550 of the AMCC that pertain to it and, to the extent the allegations in Paragraph 550 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations. BMS Group admits that it participates in the Together Rx Card Program, which commenced in 2002 and allows eligible persons to enjoy discounts on covered medicines.

551-561.   The allegations in Paragraphs 551 through 561 of the AMCC are directed to another defendant and require no response from BMS Group.  To the extent the allegations in Paragraphs 551 through 561 of the AMCC are deemed to include allegations against BMS Group, they are denied.

562.   BMS admits the allegation in Paragraph 562 of the AMCC, and states that the content of the press release cited in Paragraph 562 of the AMCC speaks for itself and is the best evidence of its contents.

563.   BMS admits the allegations in Paragraph 563 of the AMCC, and states that the website referred to in Paragraph 563 of the AMCC speaks for itself and is the best evidence of its contents.

564.   BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 564 of the AMCC and states that the March 12, 2002 *Reuters* article cited in Paragraph 564 speaks for itself and is the best evidence of its contents. BMS Group states that it disagrees with the article.

565.    BMS Group is without knowledge or information as to form a belief as to the truth of the allegations in Paragraph 565 of the AMCC.

566.    BMS Group admits that it participates in the Together Rx Card Program, which commenced in 2002 and allows eligible persons to enjoy discounts on covered medicines.  BMS Group is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 566 of the AMCC.

567.    BMS Group admits that the medicines identified in Paragraph 567 of the AMCC are included or have been included at one point of time in the Together Rx Card Program, except that BMS Group is without knowledge or information sufficient to form a belief as to whether Vermos and Zomig-ZMT are included in the Together Rx Card Program.  BMS Group is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 567 of the AMCC.

568-570.    The allegations in Paragraphs 568 through 570 of the AMCC are directed to other defendants and require no response from BMS Group.  To the extent the allegations in Paragraphs 568 through 570 of the AMCC are deemed to include allegations against BMS Group, they are denied.

571.    BMS Group admits that the medicines identified in Paragraph 571 of the AMCC are or have been manufactured by BMS Group and are or have been included in the Together Rx Card Program.

572-575.    The allegations in Paragraphs 572 through 575 of the AMCC are directed to other defendants and require no response from BMS Group.  To the extent allegations in Paragraphs 572 through 575 of the AMCC are deemed to include allegations against BMS Group, they are denied.

576.    To the extent the allegations in Paragraph 576 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  BMS Group states that the unidentified document referred to in Paragraph 576 of the AMCC speaks for itself and is the best evidence of its contents.  BMS Group admits that it encouraged eligible persons to enroll in the Together Rx Program, but denies the remaining allegations in Paragraph 576 of the AMCC that pertain to it.

577-583.    To the extent the allegations in Paragraphs 577 through 583 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  BMS admits the allegations in Paragraphs 577 through 583 that pertain to it and states that the documents referred to in those paragraphs speak for themselves and are the best evidence of their contents.

584-594.    BMS Group denies the allegations in Paragraphs 584 through 594 of the AMCC.

595-598.    BMS Group admits that Plaintiffs purport to bring this action as alleged in Paragraphs 595 through 598 of the AMCC, but BMS Group denies that Plaintiffs are entitled to maintain this action in the manner alleged.  BMS Group denies that Plaintiffs or any putative class members have suffered damages as alleged in Paragraph 598 of the AMCC.

599-603.    The allegations in Paragraphs 599 through 603 of the AMCC and its subparts state legal conclusions to which no answer is required.  To the extent a response is required, BMS Group denies the allegations in Paragraphs 599 through 603 of the AMCC.  BMS Group denies, more specifically, that Plaintiffs have pled a proper class or named proper class

19

representatives.  Further answering, BMS Group denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 603 of the AMCC.

604-605.    BMS Group admits that Plaintiffs purport to bring this action as alleged in Paragraphs 604 through 605 of the AMCC, but BMS Group denies that Plaintiffs are entitled to maintain this action in the manner alleged.

606-607.    The allegations in Paragraphs 606 through 607 of the AMCC state a legal conclusion to which no answer is required.  To the extent an answer is required, BMS Group denies the allegations in Paragraphs 606 through 607 of the AMCC.  BMS Group denies, more specifically, that Plaintiffs have pled a proper class or named proper class representatives.

608.    BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 608 of the AMCC.

609.    BMS Group admits that Plaintiffs purport to bring this action as alleged in Paragraph 609 of the AMCC, but BMS Group denies that Plaintiffs are entitled to maintain this action in the manner alleged.

610-614.    The allegations in Paragraphs 610 through 614 of the AMCC and its subparts state legal conclusions to which no answer is required.  To the extent an answer is required, BMS Group denies the allegations in Paragraphs 610 through 614 of the AMCC.  BMS Group further denies that Plaintiffs have pled a proper class or named proper class representatives or that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 611 of the AMCC.

615.    BMS Group denies that Plaintiffs and members of the Classes have suffered, and will continue to suffer harm and damages, as a result of BMS Group's alleged conduct.  The remaining allegations in Paragraph 615 of the AMCC state a legal conclusion to which no

answer is required.  To the extent an answer is required, BMS Group denies the allegations in Paragraph 615 of the AMCC.  BMS Group denies, more specifically, that Plaintiffs have pled a proper class.

616-618.    BMS Group denies the allegations in Paragraphs 616 through 618 of the AMCC.

## COUNT I (RICO)

619-646.    The Court dismissed Count I in its Order dated February 25, 2004. Accordingly, BMS Group does not respond to Paragraphs 619 through 646 of the AMCC.  To the extent a response is required, BMS Group denies all allegations contained within Count I of the AMCC.

## COUNT II (RICO)

647.    Answering Paragraph 647 of the AMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 646 of the AMCC.

648.    BMS Group admits that Plaintiffs purport to bring this action and to seek relief under Count II of the AMCC as alleged in Paragraph 648, but BMS Group denies that Plaintiffs are entitled to maintain this action as alleged or to any relief under Count II.  BMS Group denies the remaining allegations in Paragraph 648 of the AMCC.

649.    The allegations in Paragraph 649 of the AMCC state a legal conclusion to which no answer is required.  BMS Group denies, however, that Plaintiffs have pled a proper class.

650.    BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 650 of the AMCC and subparts.

651-655.    BMS Group denies the allegations in Paragraphs 651 through 655 of the AMCC that pertain to it.  To the extent the allegations in Paragraphs 651 through 655 of the

AMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations. BMS Group states that the unidentified "industry report" cited in Paragraph 655 of the AMCC speaks for itself and is the best evidence of its contents. BMS Group denies that Plaintiffs have accurately characterized any alleged "industry report" finding, opinion, statement or conclusion.

656-660.    BMS Group denies the allegations in Paragraph 656 through 660 of the AMCC that pertain to it. To the extent the allegations in Paragraphs 656 through 660 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

661.    BMS Group denies the allegations in Paragraph 661 of the AMCC that pertain to it. To the extent the allegations in Paragraphs 661 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the allegations in Paragraph 661 of the AMCC state a legal conclusion, no response is required.

662-678.    BMS Group denies the allegations in Paragraphs 662 through 678 of the AMCC and its subparts that pertain to it. To the extent the allegations in Paragraphs 662 through 678 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the allegations in Paragraph 662 through 678 of the AMCC state a legal conclusion, no response is required.

679.    The allegations in Paragraph 679 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 679 of the AMCC.

### COUNT III (DECLARATORY RELIEF)

680.    Answering Paragraph 680 of the AMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 679 of the AMCC.

681.    The allegations in Paragraph 681 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies that Plaintiffs have standing to bring this action, and denies that an actual case and controversy exists.  BMS Group denies the remaining allegations in Paragraph 681 of the AMCC.

682-683.        The allegations in Paragraph 681 through 682 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraphs 682 through 683 of the AMCC.

### COUNT IV (CONSUMER PROTECTION STATUTES)

684.    Answering Paragraph 684 of the AMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 683 of the AMCC.

685.    BMS Group admits that Plaintiffs purport to bring this action and to seek relief under Count IV of the AMCC as alleged in Paragraph 685, but BMS Group denies that Plaintiffs are entitled to maintain this action as alleged or to any relief under Count IV.  BMS Group denies the remaining allegations in Paragraph 685 of the AMCC.

686.    BMS Group denies the allegations in Paragraph 686 of the AMCC, except Bristol-Myers admits that it is incorporated in Delaware; OTN admits that it is a Delaware corporation with its principal place of business in California; and Apothecon admits that it is

23

incorporated in Delaware. BMS Group admits that certain states have enacted consumer protection laws, but BMS Group denies that it has violated such laws or that Plaintiffs or that any putative class members are entitled to relief under such laws. To the extent the allegations in Paragraph 686 of the AMCC state legal conclusions, no response is required.

687-691.    BMS Group denies the allegations in Paragraphs 687 through 691 of the AMCC and subparts, and further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraphs 689 and 691 of the AMCC. To the extent the allegations in Paragraph 687 through 691 of the AMCC state legal conclusions, no response is required.

## COUNT V (CLAYTON ACT – TOGETHER RX)

692.    Answering Paragraph 692 of the AMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 691 of the AMCC.

693-694.    BMS Group denies the allegations in Paragraphs 693 through 694 of the AMCC.

695.    BMS Group denies the allegations in Paragraph 695 of the AMCC, except admits that the Together Card was available to citizens of numerous states, but states that, upon request, this card was provided free of charge to eligible poor, elderly Americans.

696-698.    BMS Group denies the allegations in Paragraphs 696 through 698 of the AMCC. BMS Group further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 698 of the AMCC.

## COUNT VI (SHERMAN ACT)

699.   Answering Paragraph 699 of the AMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 698 of the AMCC.

700-703.   BMS Group denies the allegations in Paragraphs 700 through 703 of the AMCC that pertain to it.   BMS Group further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 703 of the AMCC.   To the extent the allegations in Paragraphs 700 through 703 of the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

704.   BMS Group denies the allegations in Paragraph 704 of the AMCC.

## COUNT VII (INDIRECT PURCHASER – TOGETHER RX)

705.   Answering Paragraph 705 of the AMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 704 of the AMCC.   BMS Group denies the remaining allegations in Paragraph 705 of the AMCC.

706-708.   BMS Group denies the allegations in Paragraphs 706 through 708 of the AMCC and subparts.

## COUNT VIII (RICO – TOGETHER RX)

709.   Answering Paragraph 709 of the AMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 708 of the AMCC.

710.   BMS Group admits that Plaintiffs purport to bring this action and to seek relief under Count VIII of the AMCC as alleged in Paragraph 710, but BMS Group denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against BMS Group under Count VIII.

711.    The allegations in Paragraph 711 state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 711 of the AMCC.

712-717.    BMS Group denies the allegations in Paragraphs 712 through 717 of the AMCC that pertain to it, except it admits that it is a participant in the Together Card Program.

718-719.    BMS Group denies the allegations in Paragraphs 718 though 719 of the AMCC and subparts that pertain to it.  To the extent the allegations in Paragraphs 718 through 719 of the AMCC and subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

720-725.    BMS Group denies the allegations in Paragraphs 720 through 725 of the AMCC.  BMS Group further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 724 of the AMCC.

## COUNT IX (CIVIL CONSPIRACY – PBMs)

726.    Answering Paragraph 726 of the AMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 725 of the AMCC.

727.    BMS Group admits that Plaintiff CMHV purports to bring this action as alleged in Paragraph 727 of the AMCC, but BMS Group denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  BMS Group is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 727 of the AMCC.  To the extent the allegations in Paragraph 727 of the AMCC state a legal conclusion, no response is required.

728.    BMS Group denies the allegations in Paragraph 728 and 728(g) of the AMCC. To the extent the allegations in Paragraph 728 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the allegations in Paragraph 728 of the AMCC state legal conclusions, no response is required.

729-731.    BMS Group denies the allegations in Paragraphs 729 through 731 of the AMCC that pertain to it.  To the extent the allegations in Paragraphs 729 through 731 of the AMCC and subparts refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the allegations in Paragraph 729 through 731 of the AMCC state legal conclusions, no response is required.

732-733.    To the extent the allegations in Paragraph 732 through 733 of the AMCC state legal conclusions, no response is required.  BMS Group denies the remaining allegations in Paragraphs 732 through 733 of the AMCC.  Furthermore, BMS Group denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 733 of the AMCC.

## COUNT X (CIVIL CONSPIRACY - TOGETHER RX)

734.    Answering Paragraph 734 of the AMCC, BMS Group refers to and incorporates its responses to the allegations in Paragraphs 1 through 733 of the AMCC.

735.    BMS Group admits that Plaintiff CMHV purports to bring this action as alleged in Paragraph 735 of the AMCC, but BMS Group denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  BMS Group is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 735 of the AMCC.

736-741.    BMS Group denies the allegations in Paragraphs 736 through 741 of the AMCC.

## DEFENSES

Without assuming any burden of proof or burden of going forward not required by law, BMS Group alleges the following defenses:

### First Defense

Plaintiffs and the putative class fail to state a claim against BMS Group upon which relief may be granted.

### Second Defense

Plaintiffs and the putative class lack standing to bring their claims.

### Third Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Fourth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the filed rate doctrine.

### Fifth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the state action doctrine.

### Sixth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by BMS Group in judicial, legislative or administrative proceedings of any kind or at any level of government.

### Seventh Defense

Plaintiffs and the putative class' claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Eighth Defense

Plaintiffs' and the putative class' claims against BMS Group are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Ninth Defense

Any and all actions taken by BMS Group with respect to any of the matters alleged in the AMCC were taken in good faith and in accordance with established industry practice.

### Tenth Defense

BMS Group's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

## Eleventh Defense

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against BMS Group, they are not entitled to such relief because they have an adequate remedy at law.

## Twelfth Defense

Plaintiffs' and the putative class' claims against BMS Group for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

## Thirteenth Defense

Plaintiffs' and the putative class' claims against BMS Group are barred, in whole or in part, due to their failure to join indispensable parties.

## Fourteenth Defense

Plaintiffs' and the putative class' claims against BMS Group are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the AMCC.

## Fifteenth Defense

BMS Group adopts by reference any additional applicable defense pled by any other Defendant not otherwise pled herein.

WHEREFORE, BMS Group prays that this Court:

1.      Dismiss the Corrected Amended Master Consolidated Class Action Complaint Modified Per the Court's Instruction at the November 1, 2003 Hearing with Amgen Amendments with prejudice and enter judgment in favor of BMS Group and against Plaintiffs;

2.      Award BMS Group its costs and expenses; and

3.      Grant such other and further relief for BMS Group as this Court deems just and proper.


Dated: July 26, 2004



                                        _/s/ Joseph E. Haviland_____
                                        Thomas Dwyer, Esq.
                                        Joseph E. Haviland, Esq.
                                        DWYER & COLLORA, LLP
                                        Federal Reserve Plaza
                                        600 Atlantic Avenue
                                        Boston, MA  02210-2211
                                        (617) 371-1000

                                        Steven M. Edwards, Esq. (admitted *pro hac vice*)
                                        Lyndon M. Tretter, Esq. (admitted *pro hac vice*)
                                        HOGAN & HARTSON L.L.P.
                                        875 Third Avenue
                                        New York, New York  10022
                                        (212) 918-3000

                                        *Attorneys for Defendants Bristol-Myers Squibb*
                                        *Company, Oncology Therapeutics Network*
                                        *Corporation, and Apothecon, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2004, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

Hoa T. T. Hoang