UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL No. 1456<br>) Civil Action No. 01-CV-12257 PBS<br>) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) Judge Patti B. Saris<br>)<br>) **REDACTED VERSION** |

### DECLARATION OF SAUL P. MORGENSTERN IN SUPPORT OF DEFENDANTS' MOTION TO ENFORCE THE SUBPOENA FOR, AND TO COMPEL, THE DEPOSITION OF PATRICIA KAY MORGAN

Saul P. Morgenstern declares as follows:

1. I am a member of the firm of Kaye Scholer LLP, attorneys for Defendant Novartis Pharmaceuticals Corporation in the referenced actions, and have been admitted to practice before this Court *pro hac vice* in such actions. I submit this declaration of my own personal knowledge in support of Defendants' Motion To Enforce The Subpoena For, And To Compel, The Deposition Of Patricia Kay Morgan.

2. Attached as Exhibit A is a true and correct copy of the Subpoena *ad testificandum* to Patricia Kay Morgan, dated March 17, 2004 (the "Subpoena"), along with a copy of the cover letter to Ms. Morgan's counsel confirming his acceptance of service of the Subpoena on her behalf.

3. Attached as Exhibit B is a true and correct copy of a July 16, 2004 letter from Robert J. Hawley to Steven M. Edwards and Saul P. Morgenstern confirming that Ms. Morgan and First DataBank, Inc. ("FDB") agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of allowing Defendants to file a motion to compel with respect to the deposition of Ms. Morgan.

4.  Attached as Exhibit C is a true and correct copy of an excerpt from the Transcript of the March 8, 2004 Status Conference before the Court (Saris, J.) in these actions.

5.  Defendants believe that Ms. Morgan is the person with the most knowledge of FDB's methods and practices for determining and publishing the prices of Defendants' prescription drug products. This belief is based in part on testimony she has given in other proceedings, in which she described her responsibilities and those methods and practices. By way of example, a copy of excerpts from a deposition Ms. Morgan gave in *The State of Texas ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc., et. al.*, No. GV002327 (Dist. Ct., Travis Cty. Texas), in which she describes FDB's methods and practices in general terms, is attached as Exhibit D. Neither Ms. Morgan nor FDB has disputed that she has such knowledge.

6.  Defendants further believe that Ms. Morgan is the person with the most knowledge of the way FDB's methods and practices were applied in the year 2002. Such knowledge is particularly relevant to the plaintiffs' allegations of a conspiracy among Defendant Together Rx LLC and its member companies (the "Together Rx Defendants") to "stabilize" the relationship between the AWPs for the Together Rx Defendants' products and their Wholesale Acquisition Cost. *See* Corrected Amended Consolidated Class Action Complaint With Amgen Amendments (Verilaw, July 16, 2004) ¶¶ 542-45. Again, neither Ms. Morgan nor FDB have claimed that she does not know how FDB determined and published the prices for Defendants' prescription drug products in 2002.

7.  Shortly after receiving the Subpoena, counsel for Ms. Morgan and FDB sent a letter to Defendants' counsel objecting to the Subpoena. A true and correct copy of the

March 26, 2004 letter from John P. Kern to Saul P. Morgenstern (the "March 26 Letter") is attached as Exhibit E.

8. After receiving the March 26 Letter, Defendants' counsel initiated a "meet and confer" conference call with counsel for Ms. Morgan and FDB to determine whether Ms. Morgan's objections to the Subpoena could be resolved without resort to motion practice. Ms. Morgan's counsel explained that FDB was still producing documents in response to subpoenas in these proceedings, and suggested that any deposition of FDB employees, including Ms. Morgan, should await completion of that production to avoid any party's future insistence on additional depositions based on later-produced documents. Ms. Morgan's and FDB's counsel represented that FDB's document production would be completed by some time in June 2004. Based on this representation, Defendants agreed to wait to take Ms. Morgan's deposition.

9. In subsequent conference calls on April 14 and 28, 2004, FDB's counsel told Defendants that FDB had received additional subpoenas from plaintiffs and that they were in the midst of discussions with plaintiffs about the scope of any document production or potential deposition referenced in the subpoenas.

10. On July 12, 2004, after FDB had completed its document production, FDB's counsel informed Defendants in a conference call that Ms. Morgan would not testify at a deposition unless ordered by the Court to do so.

11. In a subsequent conference call, Defendants' counsel agreed to proceed by motion to compel and counsel for Ms. Morgan and FDB agreed that Ms. Morgan and FDB would submit to the jurisdiction of this Court for the purpose of determining her obligations to comply with the Subpoena. *See* ¶ 3, above, and Ex. B.

12. Defendants and Ms. Morgan have, therefore, reached an impasse with respect to whether she will appear and give testimony in response to the Subpoena. As a result, Defendants ask the Court to order her to do so. Defendants have made no previous application for this relief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 29, 2004.

_____
SAUL P. MORGENSTERN

## CERTIFICATE OF SERVICE

I, Benjamin M. Stern, on July 30, 2004, caused to be served the foregoing document by hand upon Robert J. Hawley, Esq., Office of General Counsel, The Hearst Corporation, 959 Eighth Avenue, New York, New York 10019, counsel for Patricia Kay Morgan and First DataBank, Inc., and by Verilaw upon all counsel of record.

/s/ Benjamin M. Stern
Benjamin M. Stern