# EXHIBIT E



180 Townsend Street, 3rd Floor
San Francisco, CA 94107-1909
PHONE: 415.344.7000
FAX: 415.344.7050
www.perkinscoie.com

March 26, 2004

**Via Facsimile & U.S. Mail**
Saul P. Morgenstern, Esquire
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Re:  *In re Pharmaceutical Industry Average Wholesale Price Litigation,* **MDL No. 1456 (D. Mass)**
**Subpoena to First DataBank, Inc., and Kay Morgan**

Dear Mr. Morgenstern:

We are outside counsel to non-party First DataBank, Inc. ("First DataBank") in the above-referenced matter. Following this page please find First DataBank's Objections to Novartis Pharmaceuticals Corporations' ("Novartis's") Subpoena, dated March 17, 2004.

The document requests contained in Novartis's Subpoena are entirely duplicative of those requested by Plaintiffs in their October 2003 subpoena to First DataBank. First DataBank already has produced over 15,000 pages of documents in response to Plaintiffs' Subpoena and intends to produce more responsive documents in the coming weeks. As you are aware, FDB has furnished Defendants with a copy of all materials produced to Plaintiffs. To the extent it possesses any documents responsive to Novartis's Subpoena, FDB will produce such documents in the course of its production to Plaintiffs.

[28944-0024/BY040860.043]

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · HONG KONG · LOS ANGELES
MENLO PARK · OLYMPIA · PORTLAND · SAN FRANCISCO · SEATTLE · SPOKANE · WASHINGTON, D.C.
Perkins Coie LLP (Perkins Coie LLC in Illinois)

March 26, 2004
Page 2

Having so served these Objections, pursuant to Federal Rule of Procedure 45(c)(2)(B), First DataBank does not intend to produce documents in response to Novartis's Subpoena, or to make available a deponent in this matter, absent an order from the Court.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

John P. Kern

cc:   Steve Edwards
      Merle Delancey
      John Macoretta

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) | MDL No. 1456<br>Civil Action No. 01-CV-12257 PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS ) ) ) ) | Judge Patti B. Saris<br><br>FILED UNDER SEAL |

## DECLARATION OF SAUL P. MORGENSTERN IN SUPPORT OF DEFENDANTS' MOTION TO ENFORCE THE SUBPOENA FOR, AND TO COMPEL, THE DEPOSITION OF PATRICIA KAY MORGAN

Saul P. Morgenstern declares as follows:

1. I am a member of the firm of Kaye Scholer LLP, attorneys for Defendant Novartis Pharmaceuticals Corporation in the referenced actions, and have been admitted to practice before this Court *pro hac vice* in such actions. I submit this declaration of my own personal knowledge in support of Defendants' Motion To Enforce The Subpoena For, And To Compel, The Deposition Of Patricia Kay Morgan.

2. Attached as Exhibit A is a true and correct copy of the Subpoena *ad testificandum* to Patricia Kay Morgan, dated March 17, 2004 (the "Subpoena"), along with a copy of the cover letter to Ms. Morgan's counsel confirming his acceptance of service of the Subpoena on her behalf.

3. Attached as Exhibit B is a true and correct copy of a July 16, 2004 letter from Robert J. Hawley to Steven M. Edwards and Saul P. Morgenstern confirming that Ms. Morgan and First DataBank, Inc. ("FDB") agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of allowing Defendants to file a motion to compel with respect to the deposition of Ms. Morgan.

4.      Attached as Exhibit C is a true and correct copy of an excerpt from the Transcript of the March 8, 2004 Status Conference before the Court (Saris, J.) in these actions.

5.      Defendants believe that Ms. Morgan is the person with the most knowledge of FDB's methods and practices for determining and publishing the prices of Defendants' prescription drug products. This belief is based in part on testimony she has given in other proceedings, in which she described her responsibilities and those methods and practices. By way of example, a copy of excerpts from a deposition Ms. Morgan gave in *The State of Texas ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc., et . al.*, No. GV002327 (Dist. Ct., Travis Cty. Texas), in which she describes FDB's methods and practices in general terms, is attached as Exhibit D. Neither Ms. Morgan nor FDB has disputed that she has such knowledge.

6.      Defendants further believe that Ms. Morgan is the person with the most knowledge of the way FDB's methods and practices were applied in the year 2002. Such knowledge is particularly relevant to the plaintiffs' allegations of a conspiracy among Defendant Together Rx LLC and its member companies (the "Together Rx Defendants") to "stabilize" the relationship between the AWPs for the Together Rx Defendants' products and their Wholesale Acquisition Cost. *See* Corrected Amended Consolidated Class Action Complaint With Amgen Amendments (Verilaw, July 16, 2004) ¶¶ 542-45. Again, neither Ms. Morgan nor FDB have claimed that she does not know how FDB determined and published the prices for Defendants' prescription drug products in 2002.

7.      Shortly after receiving the Subpoena, counsel for Ms. Morgan and FDB sent a letter to Defendants' counsel objecting to the Subpoena. A true and correct copy of the

2

March 26, 2004 letter from John P. Kern to Saul P. Morgenstern (the "March 26 Letter") is attached as Exhibit E.

8. After receiving the March 26 Letter, Defendants' counsel initiated a "meet and confer" conference call with counsel for Ms. Morgan and FDB to determine whether Ms. Morgan's objections to the Subpoena could be resolved without resort to motion practice. Ms. Morgan's counsel explained that FDB was still producing documents in response to subpoenas in these proceedings, and suggested that any deposition of FDB employees, including Ms. Morgan, should await completion of that production to avoid any party's future insistence on additional depositions based on later-produced documents. Ms. Morgan's and FDB's counsel represented that FDB's document production would be completed by some time in June 2004. Based on this representation, Defendants agreed to wait to take Ms. Morgan's deposition.

9. In subsequent conference calls on April 14 and 28, 2004, FDB's counsel told Defendants that FDB had received additional subpoenas from plaintiffs and that they were in the midst of discussions with plaintiffs about the scope of any document production or potential deposition referenced in the subpoenas.

10. On July 12, 2004, after FDB had completed its document production, FDB's counsel informed Defendants in a conference call that Ms. Morgan would not testify at a deposition unless ordered by the Court to do so.

11. In a subsequent conference call, Defendants' counsel agreed to proceed by motion to compel and counsel for Ms. Morgan and FDB agreed that Ms. Morgan and FDB would submit to the jurisdiction of this Court for the purpose of determining her obligations to comply with the Subpoena. *See* ¶ 3, above, and Ex. B.

3

12. Defendants and Ms. Morgan have, therefore, reached an impasse with respect to whether she will appear and give testimony in response to the Subpoena. As a result, Defendants ask the Court to order her to do so. Defendants have made no previous application for this relief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 29, 2004.

_____
SAUL P. MORGENSTERN

## **CERTIFICATE OF SERVICE**

I, Benjamin M. Stern, on July 30, 2004, caused to be served the foregoing document by hand upon Robert J. Hawley, Esq., Office of General Counsel, The Hearst Corporation, 959 Eighth Avenue, New York, New York 10019, counsel for Patricia Kay Morgan and First DataBank, Inc., and by Verilaw upon all counsel of record.

_____
Benjamin M. Stern