UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>This Document Relates to<br>ALL ACTIONS. | MDL No. 1456<br><br>Master File No. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL AGAINST ASTRAZENECA**

In a blatant attempt to withhold key information and in direct contravention of Case Management Order No. 10 ("CMO 10"), Defendant AstraZeneca has: (i) failed to comply with its obligation pursuant to Fed. R. Civ. P. 30(b)(6) within 45 days as required by CMO 10; and (ii) failed to produce documents in a timely manner, dumping completely irrelevant documents on plaintiffs and withholding tens of thousands of pages until just 30 days prior to the due date for plaintiffs' motion for class certification. Moreover, in a show of bad faith, defendant's counsel hung up on plaintiffs' counsel after just a five-minute conversation during which plaintiffs' counsel attempted to meet and confer on these issues. Accordingly, defendant AstraZeneca should be compelled to:

1. produce one or more witnesses in compliance with Rule 30(b)(6) within seven (7) days;
2. produce an index of the 59,247 pages dumped on plaintiffs on August 2, 2004;
3. produce any other indices of the documents produced by AstraZeneca in this litigation to date;

4.     produce any other documents that defendant previously agreed to produce (but has nonetheless been withholding) together with an index of the documents, or certify that its production is complete, within 7 days; and

5.     pay plaintiffs' fees and costs in connection with bringing this motion.

In support thereof, plaintiffs state as follows:

### A.     AstraZeneca Has Not Yet Designated Witnesses Sufficiently Knowledgeable To Testify For The Entire Relevant Period In Response To Plaintiffs' Notice Of Deposition Pursuant To Rule 30(b)(6) Dated April 1, 2004.

On March 25, 2004, this court entered Case Management Order no. 10 ("CMO 10). Pursuant to paragraph 6 of CMO 10, defendants were to produce witnesses in response to Rule 30(b)(6) Notices of Deposition within 45 days of receipt of service of such notice. On April 2, 2004, plaintiffs served on AstraZeneca an Amended Rule 30(b)(6) Notice, a copy of which is attached as Exhibit 1. The 30(b)(6) Notice outlined 20 topics on which defendants were to designate witnesses for the period 1991 to present (the "Relevant Period").

On May 20, 2004, AstraZeneca produced John Freeberry as its first Rule 30(b)(6) witness. At the deposition however, two things became clear. First, Mr. Freeberry was only knowledgeable as to topics 1, 2, 3, 5 and 6 (except as to average sales price, actual sales price or contract price) and 14 (with respect to price but not rebates and incentives). *See* Transcript of Deposition of John Freeberry, at 74-78, attached as Exhibit 2. Second, Mr. Freeberry was knowledge as to these topics for the current company known as AstraZeneca and for the former company known as Astra Merck, but was not knowledgeable about these topics for the company known as Zeneca before it merged with Astra Merck in 1999. (Freeberry dep., at 212).

On June 29, 2004, defendant produced Jeff Alverson as its second Rule 30(b)(6) witness "for the remainder of all topics in that 30(b)(6) notice." *See* Transcript of Deposition of Jeff Alverson, at 4-5, attached as Exhibit 3. During the course of that deposition, Mr. Alverson testified that he started with AstraMerck 6 ½ years ago, or approximately in January 1998. He

further testified that he conducted no research to inform himself of events prior to 1998 or for the entity known as Zeneca pre-merger. (Alverson dep., at 5-6, 15-16). Mr. Alverson also was not able to testify regarding topic 15. (Alverson dep., at 205).

During a July 26, 2004 meet and confer regarding AstraZeneca's failure to fully comply with its obligations pursuant to Rule 30(b)(6), one of defendant's attorneys, Scott Wise, said that he was not aware of what AstraZeneca's obligations were to produce a witness who could testify for the entire Relevant Period. Plaintiffs' counsel, Kenneth A. Wexler, responded in part that Mr. Wise should have researched his obligations and produced witnesses who could testify in compliance with CMO 10. Mr. Wise said that AstraZeneca's obligations had to end at some point. Further, Mr. Wise admitted that he had not made any effort to locate any person who could testify to matters for the period 1991-1997. Plaintiffs' counsel expressed their belief that AstraZeneca had failed to fulfill its obligations under Rule 30(b)(6). Shortly thereafter, Mr. Wise hung up on plaintiffs' counsel. *See* Affidavit of Kenneth A. Wexler, attached as Exhibit 4.

Rule 30(b)(6) requires a designated person with knowledge of specified topics to testify on behalf of a corporation (in this case, AstraZeneca) on matters within the corporation's knowledge. *McLellan Highway Corp. v. United States*, 95 F.Supp.2d 1, 10 (D. Mass. 2002) (Woodlock, J.). A party responding to a Rule 30(b)(6) Deposition Notice must identify knowledgeable individuals as corporate designees who must *make a reasonable attempt to ascertain information reasonably available to the organization. Big Top USA, Inc. v. The Wittnern Group*, 183 F.R.D. 331, 339 (D. Mass. 1998) (Saris, J.). "Producing an unprepared witness is tantamount to a failure to appear at a deposition" *Calzaturificio S.C.A.R.P.A. v. Fabiano Shoe Co*., 201 F.R.D. 33, 39 (D. Mass 2001) (Collings, J.).

A party responding to a Rule 30(b)(6) Deposition Notice must prepare its deponents by having them review whatever information is reasonably available to them, whether from individuals or documents maintained by the corporation. "Without having a witness or witnesses who can testify so as to bind the corporation, the deposing party is left at an unfair disadvantage, having no understand what the corporation's position is as to many areas of inquiry." *Calzaturificio S.C.A.R.P.A.*, 201 F.R.D. at 37.  *See also In Re: Puertrico Elec. Power Auth.*, 687 F.2d 501, 503-504 (1st Cir. 1982) (part of the normal risk of litigation is that a designated official having authority may make binding admissions on the corporation.)

AstraZeneca has failed to meet its obligations under Fed. R. Civ. P. 30(b)(6) and completely flouted the 45-day compliance requirement in CMO 10. Specifically, AstraZeneca's 30(b)(6) witnesses have failed to make themselves knowledgeable as follows:

| TOPIC | WAS JOHN FREEBERRY KNOWLEDGEABLE AS TO THOSE MATTERS KNOWN OR REASONABLY AVAILABLE TO THE ORGANIZATION? | WAS JEFF ALVERSON KNOWLEDGEABLE AS TO THOSE MATTERS KNOWN OR REASONABLY AVAILABLE TO THE ORGANIZATION? |
|---|---|---|
| 1 | No as to average sales price, actual sales price or contract price generally. No as to Zeneca. | No generally prior to 1998. No as to Zeneca. |
| 2 | No as to average sales price, actual sales price or contract price generally. No as to Zeneca. | No generally prior to 1998. No as to Zeneca. |
| 3 | No as to average sales price, actual sales price or contract price generally. No as to Zeneca. | No generally prior to 1998. No as to Zeneca. |
| 4 | No | No generally prior to 1998. No as to Zeneca. |
| 5 | No as to average sales price, actual sales price or contract price generally. No as to Zeneca. | No generally prior to 1998. No as to Zeneca. |
| 6 | No as to average sales price, actual sales price or contract price generally. No as to Zeneca. | No generally prior to 1998. No as to Zeneca. |

| 7 | No | No generally prior to 1998. No as to Zeneca. |
|---|---|---|
| 8 | No | No generally prior to 1998. No as to Zeneca. |
| 9 | No | No generally prior to 1998. No as to Zeneca. |
| 10 | No | No generally prior to 1998. No as to Zeneca. |
| 11 | No | No generally prior to 1998. No as to Zeneca. |
| 12 | No | No generally prior to 1998. No as to Zeneca. |
| 13 | No | No generally prior to 1998. No as to Zeneca. |
| 14 | No as to rebates and incentives. No as to Zeneca | No generally prior to 1998. No as to Zeneca. |
| 15 | No | No generally. |
| 16 | No | No generally prior to 1998. No as to Zeneca. |
| 17 | No | No generally prior to 1998. No as to Zeneca. |
| 18 | No | No generally prior to 1998. No as to Zeneca. |
| 19 | No | No generally prior to 1998. No as to Zeneca. |
| 20 | No | No generally prior to 1998. No as to Zeneca. |

Accordingly, AstraZeneca should be ordered to produce one or more witnesses in compliance with Rule 30(b)(6) within seven (7) days and ordered to pay plaintiffs' fees and costs in connection with bringing this motion.

    **B.    Defendant Purposefully Withheld More Than 50,000 Documents For Six Months – Dumping Them on Plaintiffs Just 30 Days Before Plaintiffs' Motion For Class Certification Is Due.**

CMO No. 10 requires that a party responding to "an initial document request [] complete production of all documents within sixty (60) days of service of such request." CMO 10, ¶ 4. On March 31, 2004, plaintiffs served the Omnibus Requests for Production on all defendants, including AstraZeneca, a copy of which is attached as Exhibit 5. Between March 31, 2004 and June 1, 2004, plaintiffs' counsel and AstraZeneca's counsel conducted meet and confers at least four times by telephone and exchanged no less than eight letters regarding the scope of the

5

Omnibus Requests.  *See* Group Exhibit 6.   Yet, as of June 1, 2004, AstraZeneca had not yet produced a single document in response to the Omnibus Requests as required by CMO No. 10.

Accordingly, plaintiffs' counsel sent defense counsel a letter dated June 1, 2004, noting that AstraZeneca's attempts to delay production appeared to be an attempt to hinder plaintiffs' ability to meet the September 3, 2004 deadline for filing plaintiffs' motion for class certification. *See* letter dated June 1, 2004 from Elizabeth A. Fegan to Scott Wise and Kimberley Harris, attached as Exhibit 7.

Between June 1, 2004 and July 23, 2004, AZ produced virtually no documents responsive to plaintiffs' requests for production or relevant to the parties' claims and defenses.  In fact, other than transactional data, AZ produced just four computer disks of documents (one on June 14 of inadvertently omitted images from previous production; two on June 24; and one on July 15) and made 78 boxes of documents available for inspection at a warehouse in Delaware.  Affidavit of Elizabeth A. Fegan, ¶10, attached as Exhibit 8.

Of those 78 boxes, 27 boxes – or 35 percent of the production – were completely worthless. Those 27 boxes contained direct to consumer advertising materials or physician promotional materials for pharmacy-dispensed drugs.  Fegan Aff., ¶11.  In the numerous oral meet and confers and discovery dispute letters, defense counsel proposed and agreed that AZ would not produce documents in these categories because it would be a waste of both parties' time.  Fegan Aff., ¶11; *see, e.g.*, letter dated April 23, 2004 from Kimberly Harris to Kenneth A. Wexler, at 2 ("Specifically, we will not search the documents of…the brand marketing teams. These groups, which focus on marketing AstraZeneca's products to the patient and physician populations, are irrelevant to the claims asserted in the AMCC with respect to pharmacy dispensed drugs."), Group Exhibit 6.  Indeed, it was.

6

Moreover, of the remaining 51 boxes, 11 boxes – or 22 percent of the purportedly responsive information – were comprised in large part of scientific journals and studies regarding strokes and asthma, non-pricing market research for pharmacy-dispensed drugs, and additional direct to consumer advertising materials or physician promotional materials for pharmacy-dispensed drugs. Again, these types of documents were never part of the scope of documents that plaintiffs and AZ agreed would be produced. Fegan Aff., ¶12.

Accordingly, on July 23, 2004, plaintiffs' counsel sent defense counsel a letter, stating in part:

> Based on the lack of production to date, AZ apparently intends to dump documents on plaintiffs at the last minute. This would be a direct violation of CMO No. 10 and AZ's agreements with plaintiffs. Moreover, as I have told Kim numerous times, this is not practicable or acceptable given the fact that, per CMO No. 10, plaintiffs' motion for class certification is due on September 3, 2004.

*See* letter from Elizabeth A. Fegan to Scott Wise and Kimberley Harris mistakenly dated June 1, 2004 but E-Served July 23, 2004, attached as Exhibit 9. AstraZeneca's counsel did not respond to this letter. Moreover, during the July 27, 2004 meet and confer, defendant's counsel hung up on plaintiffs' counsel before this issue was reached. Wexler Aff., ¶8.

Rather than discuss this issue with plaintiffs' counsel, defendant did exactly what plaintiffs anticipated and requested – time and again – that AstraZeneca not do. On July 30, 2004, AstraZeneca dumped eight disks, consisting of 59,247 pages, on plaintiffs without explanation. *See* letter from Monica Lamb, dated July 30, 2004 attached as Exhibit 10. This show of bad faith should not be countenanced.

First, AstraZeneca should be immediately compelled to produce an index of the documents. *See e.g., Portis v. City of Chicago*, 2004 U.S. Dist. LEXIS 12640 (N.D. Ill., 2004) (ordering the production of an index of 20,000 arrest records); *Washington Bancorporation v.*

7

*Said*, 145 F.R.D. 274, 276 (D.C. 1992) (ordering the production of index of 2,400 documents). AstraZeneca's counsel has previously advised that, for any documents that were coming from storage, AstraZeneca personnel (and not its attorneys) had created and maintained an index. *See* letters dated May 24, 2004 and May 26, 2004, attached as Group Exhibit 6.  Moreover, even if AstraZeneca's counsel created the index, the index should nonetheless be produced because of the hardship that AstraZeneca has created by producing these documents at this late date.

To review and digest 59,247 pages in sufficient time to include any relevant documents in the September 3, 2004 filing of plaintiffs' motion for class certification would be virtually impossible without an index. This hardship is created solely by AstraZeneca's delay. Accordingly, plaintiffs request that defendant be ordered to produce an index of the newly-produced documents within 7 days.

Second, it is not clear whether AstraZeneca has fully produced all documents in response to the Omnibus Requests. To the extent that AstraZeneca is withholding any documents it previously agreed should be produced, AstraZeneca should be compelled to produce the documents within 7 days together with an index of the documents, or certify that its production is complete.

WHEREFORE, plaintiffs respectfully request that this Court order defendant AstraZeneca to:  (i) produce one or more witnesses in compliance with Rule 30(b)(6) within seven (7) days; (ii) produce an index of the 59,247 pages dumped on plaintiffs on August 2, 2004; (iii) produce any other indices of the documents produced by AstraZeneca in this litigation to date; (iv) produce any other documents that defendant previously agreed to produce (but has nonetheless been withholding) together with an index of the documents, or certify that its

production is complete, within 7 days; (v) pay plaintiffs' fees and costs in connection with bringing this motion; and (vi) grant such other and further relief as this Court deems appropriate.

Dated: August 4, 2004

By: __/s/ Thomas M. Sobol_____
One of Plaintiffs' Counsel
Thomas M. Sobol
Edward Notargiacomo
HAGENS BERMAN LLP
One Main Street, 4th Floor
Cambridge, MA 02142

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Samuel Heins
Brian Williams
HEINS MILLS & OLSON, P.C.
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

Jeff Kodroff
John Macoretta
SPECTOR, ROSEMAN &
KODROFF, P.C.
18181 Market Street, Suite 2500
Philadelphia, PA 19103

**CHAIRS OF LEAD COUNSEL COMMITTEE**

Kenneth A. Wexler
Elizabeth A. Fegan
THE WEXLER FIRM LLP
One North LaSalle
Suite 2000
Chicago, Illinois 60602

Marc H. Edelson
HOFFMAN & EDELSON
45 West Court Street
Doylestown, PA 18901

**MEMBERS OF LEAD COUNSEL COMMITTEE AND EXECUTIVE COMMITTEE**

Michael McShane
ALEXANDER, HAWES & AUDET LLP
300 Montgomery Street, Suite 400
San Francisco, CA 94104

Robert E. Piper, Jr.
PIPER & ASSOCIATES
624 Pierre Avenue
Shreveport, LA 71103

**MEMBERS OF EXECUTIVE COMMITEE**

Anthony Bolognese
BOLOGNESE & ASSOCIATES
One Penn Center
1617 JFK Boulevard
Suite 650
Philadelphia, PA 19103

Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Avenue, N.E.
Suite 300
Washington, D.C. 20002

Neal Goldstein
Freedman & Lorry, P.C.
400 Market Street, Suite 900
Philadelphia, PA 19106

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL 33134

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street, Suite 21700
San Diego, CA 92101

Jonathan D. Karmel
KARMEL & GILDEN
221 N. LaSalle Street
Suite 1414
Chicago, IL 60601
Philadelphia, PA 19103

Diane M. Nast
RODA & NAST PC
801 Estelle Drive
Lancaster, PA 17601

Henry H. Rossbacher
ROSSBACHER & ASSOCIATES
811 Wilshire Boulevard
Suite 1650
Los Angeles, CA 90017-2666

Jonathan Shub
SHELLER, LUDWIG & BADEY
1528 Walnut Street
3rd Floor
Philadelphia, PA 19102

Ira Neil Richards
TRUJILLO RODRIGUEZ &
RICHARDS, LLC
The Penthouse
226 West Ritten House Square
Philadelphia, PA 19103

Lee Squitieri
SQUITIERI & FEARON
521 Fifth Avenue
26th Floor
New York, NY 10175

Soctt R. Shepherd
SHEPHERD & FINKLEMAN, LLC
117 Gayley Street, Suite 200
Media, PA 19063

Mitchell A. Toups
WELLER, GREEN, TOUPS &
TERRELL L.L.P.
2615 Calder Street, Suite 400
P.O. Box 350
Beaumont, TX 77704

Damon Young
Lance Lee
YOUNG, PICKETT & LEE
4122 Texas Boulevard
P.O. Box 1897
Texarkana, AR/TX 75504

**ADDITIONAL ATTORNEYS
FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE BY VERILAW

Docket No. MDL 1456

I, Edward Notargiacomo, hereby certify that I am one of plaintiffs' attorneys and that, on August 4, 2004, I caused copies of MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AGAINST ASTRAZENECA to be served on all counsel of record by causing same to be posted electronically via Verilaw.

Dated: August 4, 2004                  /s/ Edward Notargiacomo
                                       Edward Notargiacomo