UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL THE TESTIMONY OF PATRICIA KAY MORGAN OF FIRST DATABANK**

Plaintiffs hereby respond to the Defendants' Motion To Compel the Deposition of First DataBank's Patricia Kay Morgan as follows:

Plaintiffs take no position on the Defendants' Motion to Conduct Ms. Morgan's deposition immediately, provided that any such deposition does not affect plaintiffs' right to conduct a further deposition of Ms. Morgan after receiving a full production of responsive documents from her employer, First DataBank (hereinafter "FDB"). As discussed below, FDB has not yet produced crucial discovery information, both documents and electronic data, including documents specific to Ms. Morgan. Without a complete production from FDB, plaintiffs are not yet in a position to conduct a thorough examination of Ms. Morgan.

Plaintiffs believe that the testimony of the various publishers of industry compendia, including FDB, is central to plaintiffs' allegations. Plaintiffs have served their own subpoena on several publishers, including FDB. To date, plaintiffs have received some documents from FDB, however plaintiffs have not yet received a substantial number of important documents. See supporting Declaration of John A. Macoretta ("JAM Declaration").

Among the significant categories of documents not yet produced by FDB are:

* FDB's full database of published prices, which would include the published AWPs and WACs. See JAM Declaration at ¶¶11, 12, 14 and 19;.

* documents relating to the "surveys" that FDB claims formed the basis of its published AWP. JAM Declaration at ¶20;.

* Various documents directly relating to how AWPs are caused to be published, such as customer contracts and FDB created monthly publications "Monthly Interest," "Technical Newsletter" and "Medicaid Faxes." Id.;

* documents concerning "Problem Ticket Profiles" which relate to questions about drug prices. Id.; and

* all of FDB's documents on its pricing policies, and training and user manuals, which all relate to how FDB publishes AWPs. Id.

Also missing from FDB's production are significant documents directly relating to Ms. Morgan. Ms. Morgan has testified in other actions relating to AWP. The State of Texas, Office of the Attorney General, deposed Ms. Morgan in In re Texas Civil Investigative Demand to FDB, on January 28, 2002. The Texas Attorney General also deposed Ms. Morgan in State of Texas, ex rel. Ven-A-Care vs. Dey, et. al., on November 13, 2002. Both of these actions are related to overpayment within Medicaid as the result of AWP manipulation. Plaintiffs have reviewed those transcripts, however FDB has not yet produced the exhibits that were used and discussed at these depositions. JAM Declaration at ¶¶10,21. Nor has FDB produced other documents directly relating to Ms. Morgan, such as her emails and documents discussed in such emails. JAM Declaration at ¶21.

If the Court determines that the Defendants are entitled to depose Ms. Morgan at this time, plaintiffs should be entitled to participate in that deposition and conduct cross examination, and they should have the right to conduct a further deposition of Ms. Morgan once FDB's document production is complete. To allow Ms. Morgan to be deposed only once, before FDB's document production is complete, will put plaintiffs and this Court at a substantial disadvantage, and will ensure that plaintiffs could not conduct a complete examination of Ms. Morgan.

Plaintiffs, of course, remain willing to discuss any reasonable case management procedures which would address the concerns of the defendants and FDB and allow plaintiffs to conduct a complete examination of Ms. Morgan based upon a full discovery record.

Dated: August 13, 2004

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Tom Sobol
Edward Notargiacomo
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Samuel Heins
Brian Williams
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

CHAIRS OF LEAD COUNSEL COMMITTEE

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901

Kenneth A. Wexler
Elizabeth Fegan Hartweg
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL 60602

MEMBERS OF LEAD COUNSEL COMMITTEE
AND EXECUTIVE COMMITTEE

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing Response to Defendants' Motion To Compel the Deposition of First DataBank's Patricia Kay Morgan upon all counsel of record via Verilaw and upon counsel for First DataBank via electronic mail and regular mail at the address below:

>John Kern, Esquire
>Perkins Coie
>180 Townsend Street, 3rd Floor
>San Francisco, CA 94107-1909

Date: August 13, 2004

John A. Macoretta