# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY | ) MDL No. 1456 |
| AVERAGE WHOLESALE PRICE LITIGATION | ) Civil Action No. 01-CV-12257 PBS |
| | ) |
| THIS DOCUMENT RELATES TO | ) Judge Patti B. Saris |
| ALL ACTIONS | ) |
| | ) |

## DECLARATION OF JOHN A. MACORETTA
### IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL THE TESTIMONY OF PATRICIA KAY MORGAN OF FIRST DATABANK

John A. Macoretta declares as follows:

1.      I am a senior associate of the firm of Spector, Roseman & Kodroff, P.C., co-lead counsel for the class action plaintiffs in this litigation. I have been admitted to practice before this Court *pro hac vice*. I am submitting this declaration of my own personal knowledge in response to Defendants' Motion to Enforce the Subpoena for, and to Compel the Deposition of Patricia Kay Morgan.

2.      Defendants' Counsel, Saul P. Morgenstern, in his Declaration in Support of Defendants' Motion to Enforce the Subpoena for, and to Compel the Deposition of Patricia Kay Morgan ("Morgenstern Declaration") ¶ 8, states that counsel for Ms. Morgan and First DataBank ("FDB") represented, in a "meet and confer" conference call subsequent to March 26, "that FDB's document production would be completed by some time in June 2004."

3.      However FDB still has not completed its document production. FDB's counsel continues to be in ongoing discussions with plaintiffs' counsel regarding documents yet to be produced. As set forth in plaintiffs' counsel's July 26, 2004 correspondence to John Kern, Esquire, outside counsel for FDB and Ms. Morgan (the "July 26 Letter"), there is a significant

amount of highly relevant requested documents – directly relating to AWPs and Ms. Morgan – that FDB still needs to produce to plaintiffs.  A true and correct copy of the July 26 Letter is attached hereto as Exhibit A.

      4.      Plaintiffs served FDB with a Subpoena for documents on or about October 16, 2003.  A true and correct copy of said Subpoena is attached hereto as Exhibit B.

      5.      FDB first produced some of the requested documents on or about January 15, 2004 and February 27, 2004 , as set forth in cover letters from John P. Kern to John A. Macoretta of the same dates.  A true and correct copy of each of these letters is attached hereto as Exhibits C and D, respectively.

      8.      As an initial matter, it was noted that some of the documents produced on the aforementioned dates are illegible and others were missing significant attachments.  Additionally, FDB produced deposition transcripts – including transcripts of testimony by Ms. Morgan – that did not have the exhibits attached.  Plaintiffs requested this information from FDB by way of correspondence dated March 9, 2004, from Rachel Kopp to John P. Kern.  A true and correct copy of this letter is attached hereto as Exhibit E.

      9.      FDB produced some additional requested documents on or about May 26, 2004, as set forth in a cover letter from John P. Kern.  A true and correct copy of  this letter is attached hereto as Exhibit F.  However, once again the production was far from complete.

      10.      To date, plaintiffs have reviewed 7 boxes of paper documents produced by FDB plus 17 transcripts of prior testimony of FDB employees. It was only through this review that plaintiffs discovered the identity and existence of  many of the documents FDB has not produced.

      11.      FDB also produced CD-Roms, purportedly of its database, on or about February

27, 2004. *See* Exhibit D. Plaintiffs' counsel, including the undersigned, and information technology personnel, were able to access loading instructions only, and not the actual database, from the CD-Roms.   Ultimately, FDB conceded that these CD-Roms did not contain its database of published AWPs and WACs.

12.   On or about June 25, 2004 plaintiffs' counsel, including the undersigned, participated in a conference call with John Kern and in-house counsel for FDB, Robert Hawley, regarding outstanding FDB documents. Plaintiffs reiterated that there were requested documents they had not yet received.   Mr. Kern stated FDB was still searching through depositories for additional manufacturer files, through a databank regarding customer contacts, and that FDB would produce the documents retrieved from those forums within "the next three weeks." Additionally, plaintiffs requested information on how to access the CD-Roms. Mr. Kern stated he would get back to plaintiffs by the middle of the following week in relation to the complete electronic database that plaintiffs need, which Mr. Kern claimed plaintiffs had in their possession but just were not able to access.

13.   Plaintiffs' counsel sent correspondence dated July 1, 2004 to Mr. Kern asking FDB to provide plaintiffs with the name of someone who could explain what is on the CD-Roms and how plaintiffs can access them.  Plaintiffs also once again specifically requested certain documents that were not yet produced.  Additionally, plaintiffs reiterated their request for the missing and illegible documents set forth in Ms. Kopp's letter of March 9, 2004.  A true and correct copy of the July 1, 2004, letter is attached hereto as Exhibit G.

14.   Plaintiffs' counsel, including the undersigned, had a meet and confer phone conference with John Kern on July 21, 2004, regarding the outstanding FDB documents.  Mr.

Kern acknowledged at that time, after having spoken with pertinent personnel at FDB, that the CD-Roms produced to plaintiffs did not have the database on them.  Mr. Kern stated he would get back to plaintiffs' counsel by July 26, 2004, regarding the database issue.  Mr. Kern and plaintiffs' counsel also discussed the scope of documents that still need to be produced by FDB.

15.     Plaintiffs' counsel followed up the July 21 conversation with the July 26 Letter, setting forth documents FDB had not yet produced.  *See* Exhibit A.  Additionally, as a month had passed since the June 25 conversation--at which time Mr. Kern had stated plaintiffs would be receiving additional documents within three weeks--plaintiffs reiterated their request for these documents.

16.     John Kern spoke with plaintiffs' counsel, including the undersigned, July 26, 2004, to say he was working on the databank information and that there had been a delay in getting the "right people" from whom to obtain the information.

17.     Mr. Kern informed plaintiffs' counsel, by way of e-mail dated July 27, 2004, that he would be able to get plaintiffs some of the database information "in short order," but there were hurdles to overcome regarding some of the other requested database information.  Additionally, Mr. Kern stated he would follow-up with plaintiffs  "later this week" regarding the other outstanding document issues.  A true and correct copy of the July 27, 2004, e-mail is attached hereto as Exhibit H.

18.     Plaintiffs' counsel did not hear from Mr. Kern "later this week," as had been promised; plaintiffs' counsel, including the undersigned, spoke with Mr. Kern on August 5, 2004, regarding the outstanding documents requested and discussed the means to obtain the database.  Mr. Kern also averred that FDB is still in the process of searching for many of the

documents requested but not yet produced.

19.     As of the instant date, plaintiffs' counsel is awaiting a call from Mr. Kern regarding the logistics of obtaining the database and the potential cost.

20.     As set forth in this declaration, there is an abundance of documents still outstanding that FDB needs to produce to plaintiffs, in addition to FDB's full database of published prices. The additional documents include survey documents which FDB claims it used in determining published prices, monthly publications such as "Monthly Interest," "Technical Newsletter" and "Medicaid Faxes" as well as documents directly relating to how AWPs are published. Plaintiffs are also still waiting for documents concerning "Problem Ticket Profiles" which relate to questions about drug prices. In addition, FDB has yet to fully produce all of its documents on its pricing policies, training and user manuals, which all relate to how FDB publishes AWPs.

21.     Finally, FDB has not yet produced documents directly relating to Ms. Morgan. For example, Ms. Morgan provided previous testimony in other litigations. While FDB has provide the transcripts, it has not yet produced all the documents used as exhibits. Further, FDB has failed to provide all of Ms. Morgan's emails and their attachments.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 13, 2004

John A. Macoretta, Esquire

# EXHIBIT "A"

LAW OFFICES

# SPECTOR, ROSEMAN & KODROFF

EUGENE A. SPECTOR
ROBERT M. ROSEMAN**
JEFFREY L. KODROFF
JEFFREY J. CORRIGAN**
THEODORE M. LIEVERMAN*
ANDREW D. ABRAMOWITZ***
JOHN A. MACORETTA*
WILLIAM G. CALDES*
DAVID J. COHEN*
DAVID FELDERMAN*
SIMON BAHNE PARIS***
MELISSA H. HOLZMAN*
JENNIFER L. ENCK

·    MEMBER OF PA & NJ BAR
··   MEMBER OF PA & NY BAR
···  MEMBER OF MD BAR
▵▵  MEMBER OF NY & NJ BAR
▵▵▵ MEMBER OF NJ & FL BAR

A PROFESSIONAL CORPORATION
1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PA 19103
(215) 496-0300
FAX (215) 496-6611
E-MAIL: CLASSACTION@SRK-LAW.COM

JAY S. COHEN
OF COUNSEL

Direct E-Mail:
jmacoretta@srk-law.com

July 26, 2004

<u>Via Facsmilie</u>

John Kern, Esquire
Perkins Coie
180 Townsend Street, 3rd Floor
San Francisco, CA 94107-1909

Re:     In re Pharmaceutical Industry Average Wholesale Price Litigation
        Missing and Necessary Documents from First DataBank, Inc.

Dear John:

As discussed in our phone conversation of June 21, 2004, regarding outstanding First DataBank documents, I am writing with an updated list of specific documents to be produced.

We have not received any of the Blue Books, which we are aware First DataBank stopped publishing in or about 1996. We need any and all Blue Books from 1991 through the last publication date.

We have received just a few documents noting survey results. The few documents we have are handwritten grids. We would like to receive all the other survey documents First DataBank has, from 1991 through the present.

We have received only one or two issues of First DataBank's Monthly Interest publication, a publication First DataBank produces for its customers. We need to receive any and all of these Monthly Interest publications for the time period at issue, including but not limited to an issue containing an article by Diane McClaran (possibly in or around the fall of 2000) regarding price calculation.

We have not received any other customer service publications geared towards customers and need to obtain any and all First DataBank has published for the time period, including but not limited to the following four fax newsletters to customers: "Technical Newsletter," "Medicaid Faxes," "Editorial Facts" and "Clinical Facts."

We also have not received any hard copies of PriceProbe or PricePoint; I realize that you

are attempting to produce the same in electronic form. We would like to receive any and all
PriceProbe and PricePoint publications that do not overlap with what you will be providing in
electronic form. Furthermore, please produce any and all PriceProbe and PricePoint essays and
editorials for the time period at issue.

First DataBank has produced just a handful of Problem Ticket Profiles, Problem Ticket
Reports and/or PACTs printouts. Kindly produce any and all Problem Ticket Profiles, Problem
Ticket Reports and/or PACTs printouts for any and all drugs at issue, from 1991 to the present.

Kindly produce computer printouts or related documents indicating which companies
and/or NDCs are designated as "S," "one times S" and/or "one S" companies, and any changes
made over the years for individual manufacturers and/or NDCs regarding these designations,
from 1991 to the present.

First DataBank also produced just one editorial department policy manual and one
customer service department policy manual. Please provide any and all editorial/knowledge
based services, customer service and global government service manuals, for the time period at
issue. Additionally, please produce any other departmental or company-wide manuals that refer
to pricing, for the time period at issue.

Additionally, we have not received any of the missing documents set forth in the March
9, 2004, letter to you from Rachel Kopp, Esquire. Per your July 21 request, I am attaching
another copy of Ms. Kopp's letter for your review. I trust we will receive these documents this
week, as almost five months have passed since this initial request for these documents.

I also am enclosing a copy of my July 1, 2004, letter, per your request. As set forth
therein, First DataBank produced some letters to us that reference other letters that we do not
have. Specifically, a May 30, 2002, letter from Hearst's general counsel's office, Bates-labeled
FDB-AWP04994-4995, references letters dated May 16, 2002 and May 24, 2002; a July 9, 2002,
letter from Hearst's general counsel's office, Bates-labeled FDB-AWP04992-4993, references a
June 7, 2002 letter. We do not have the May 16, July 9 or June 7 letters. Kindly produce them
as soon as possible.

We also discussed in our June 25 conference call, as well as the July 1 letter, that we
would like any documents related to the conference calls and other meetings, etc., set forth in
Kay Morgan's 2002 e-mail, Bates-labeled FDB-AWP12654-12655. This would include
interoffice memoranda, correspondence and/or minutes of the meetings or calls.

Additionally, we have requested any and all interoffice and other memoranda, notes,
correspondence, etc., regarding any changes, potential changes or contemplated changes in
pricing policy. Likewise, please provide us with any and all notes of conversations, meetings,
correspondence, e-mails, etc., First DataBank has had with the other compendia, including but
not limited to Red Book, Medi-Span and Facts and Comparisons, regarding any changes,
potential changes or contemplated changes in pricing policy.

As we mentioned in our July 1 correspondence, First DataBank has produced some NDDF and MDDB user manuals and/or training manuals from different dates, but we do not seem to have full sets for the various years. You stated that there are manuals from 1998, 1999, 2002 and 2003, but none from 2000 and 2001. You did not mention any earlier years. You requested that we review the produced documents to see what years or portions thereof are missing. We have not had the chance to do the same since last Wednesday's phone call, but we will review the documents and get back to you shortly. Additionally, we would appreciate it if you could obtain the information regarding in what years First DataBank published training manuals and in what years First DataBank published user manuals.

You stated in our June 25 conference call that First DataBank was searching through various depositories for manufacturer files, a databank regarding customer contacts, and the like regarding documents not produced to date, in relation to all the drugs at issue. At that time, you stated that we would receive those documents within "the next three weeks." More than four weeks have passed since that conversation, yet we have not received any of these documents. Please let us know when we can expect to receive the documents.

Finally, you stated we would hear from you today regarding the CD-Roms and numerous other requests. We look forward to speaking with you today regarding the same. Additionally, kindly advise us at that time when we can expect any outstanding documents.

Thank you.

Sincerely,

*John A. Macoretta/tjs*

John A. Macoretta

cc: Tali Joan Segal, Esquire

JAM/mac
Encl.

LAW OFFICES

# SPECTOR, ROSEMAN & KODROFF

EUGENE A. SPECTOR
ROBERT M. ROSEMAN**
JEFFREY L. KODROFF
JEFFREY J. CORRIGAN**
THEODORE M. LIEVERMAN*
ANDREW D. ABRAMOWITZ***
JOHN A. MACORETTA*
WILLIAM G. CALDES*
DAVID J. COHEN*
DAVID FELDERMAN*
SIMON BAHNE PARIS***
MELISSA H. HOLZMAN*
JENNIFER L. ENCK

•     MEMBER OF PA & NJ BAR
••    MEMBER OF PA & NY BAR
•••   MEMBER OF MO BAR
**    MEMBER OF NY & NJ BAR
***   MEMBER OF NJ & FL BAR

A PROFESSIONAL CORPORATION
1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PA 19103
(215) 496-0300
FAX (215) 496-6611
E-MAIL: CLASSACTION@SRK-LAW.COM

JAY S. COHEN
OF COUNSEL

Direct E-Mail:
jmacoretta@srk-law.com

July 1, 2004

<u>Via Facsmilie</u>

John Kern, Esquire
Perkins Coie
180 Townsend Street, 3rd Floor
San Francisco, CA 94107-1909

Re:    In re Pharmaceutical Industry Average Wholesale Price Litigation
       Missing and Necessary Documents from First DataBank, Inc.

Dear John:

I am writing in follow-up to the June 25, 2004, conference call regarding outstanding First DataBank documents. At that time you stated you would be in touch with us mid-week in relation to the complete electronic database that we need. Tali Segal, Esquire, left you a message regarding the same earlier today.

You have stated that First DataBank has provided the database to us; as we informed you, if it is in our possession, we are not able to read it. Accordingly, please provide us promptly with the name of the person with whom we need to speak regarding what we have and how we can access it.

Additionally, we have not received any of the missing documents set forth in the March 9, 2004, letter to you from Rachel Kopp, Esquire. I am attaching a copy of Ms. Kopp's letter for your review. We would like the itemized documents as soon as possible.

First DataBank produced some letters to us that reference other letters that we do not have. Specifically, a May 30, 2002, letter from Hearst's general counsel's office, Bates-labeled FDB-AWP04994-4995, references letters dated May 16, 2002 and May 24, 2002; a July 9, 2002, letter from Hearst's general counsel's office, Bates-labeled FDB-AWP04992-4993, references a June 7, 2002 letter. We do not have the May 16, July 9 or June 7 letters. Kindly produce them as soon as possible.

First DataBank produced some NDDF and MDDB user manuals and/or training manuals from different dates, but we do not seem to have full sets for the various years. Please provide

the full sets.

We also discussed in last week's conference call that we would like any documents related to the conference calls and other meetings, etc., set forth in Kay Morgan's 2002 e-mail, Bates-labeled FDB-AWP12654-12655. This would include interoffice memoranda, correspondence and/or minutes of the meetings or calls.

Additionally, please provide us with any and all interoffice and other memoranda, notes, correspondence, etc., regarding any changes, potential changes or contemplated changes in pricing policy. Likewise, please provide us with any and all notes of conversations, meetings, correspondence, e-mails, etc., FDB had with the other compendia, including but not limited to Red Book, Medi-Span and Facts and Comparisons, regarding any changes, potential changes or contemplated changes in pricing policy.

We would appreciate hearing from you promptly regarding the electronic database. Additionally, please advise us as to when we can expect the documents set forth above.

Thank you.

Sincerely,

John A. Macoretta

cc: Tali Joan Segal, Esquire

JAM/mac
Encl.

LAW OFFICES

# SPECTOR, ROSEMAN & KODROFF

EUGENE A. SPECTOR
ROBERT M. ROSEMAN**
JEFFREY L. KODROFF
JEFFREY J. CORRIGAN**
THEODORE M. LIEVERMAN*
ANDREW D. ABRAMOWITZ***
JOHN A. MACORETTA*
WILLIAM G. CALDES*
DAVID J. COHEN*
DAVID FELDERMAN*
SIMON BAHNE PARIS***
MELISSA H. HOLZMAN*
JENNIFER L. ENCK

* MEMBER OF PA & NJ BAR
** MEMBER OF PA & NY BAR
*** MEMBER OF MD BAR
** MEMBER OF NY & NJ BAR
*** MEMBER OF NJ & FL BAR

A PROFESSIONAL CORPORATION
1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PA 19103
(215) 496-0300
FAX (215) 496-6611
E-MAIL: CLASSACTION@SRK-LAW.COM

JAY S. COHEN
OF COUNSEL

Direct E-Mail:
rkopp@srk-law.com

March 9, 2004

<u>**Via Facsimile**</u>
John Kern, Esq.
Perkins Coie
180 Townsend Street, 3rd Floor
San Francisco, CA 94107-1909

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation*
        **Missing Documents from First DataBank, Inc.**

Dear Mr. Kern:

A review of the documents you recently produced, Bates-labeled **FDB-AWP 01823** through **FDB-AWP 15491**, indicated the following missing pages: **FDB-AWP 13218** through **FDB-AWP 13295**. Please provide copies of these documents.

Additionally, we have identified various documents and exhibits from the deposition transcripts provided by First DataBank that were not included in your earlier production. We have also identified several editions of the PriceAlert which have not been produced. Attached is a list of the missing documents. Please also provide copies of these documents at your earliest convenience. Thank you.

Sincerely,

Rachel Kopp

/rek

*The following documents are missing:*

<u>PriceAlerts:</u>

| | |
|---|---|
| November 15, 2002 | September 15, 1999 |
| December 15, 2001 | August 15, 1999 |
| February 15, 2001 | July 15, 1999 |
| December 15, 2000 | June 15, 1999 |
| November 15, 2000 | May 15, 1999 |
| October 15, 2000 | Any Alert prior to April 15, 1999 |
| September 15, 2000 | |
| May 15, 2000 | |
| April 15, 2000 | |
| January 15, 2000 | |
| December 15, 1999 | |
| October 15, 1999 | |

<u>**EXHIBITS not attached to depositions:**</u>

<u>Suzanne George; December 21, 1998 (FDB-AWP 07669-07805):</u>

| *Exhibit No.* | *DESCRIPTION* |
|---|---|
| 4 | (Retained by attorney.) |
| 5 | (Retained by attorney.) |

<u>Joseph L. Hirschmann; November 12, 2002 (FDB-AWP 07028-07337):</u>

| *Exhibit No.* | *DESCRIPTION* |
|---|---|
| 350 | State of Texas' Requests for Production of Documents and Tangible Things to a Nonparty, First DataBank, Inc., With Corresponding Written Deposition Questions |
| 351 | First DataBank's Web site |
| 352 | First DataBank *Monthly Interest*, September 1991 |
| 353 | In Re:  Investigation of First DataBank, Transcript of Proceedings, December 21, 1998 |
| 354 | February 23, 1995 Letter from Mr. Weintraub to Ms. Rader |
| 355 | May 30, 1995 Memo from Ms. Burnham to Sales and Marketing, Re: Albuterol WAC Pricing |
| 356 | July 25, 2002 Letter from Mr. Hawley to Mr. Pugliese, Re:  July 11, 2002 Letter to State Medicaid Directors |
| 357 | July 9, 2002 Letter from Mr. Hawley to Mr. Tooch, Re:  Alpha Therapeutic Corp. |

| | |
|---|---|
| 358 | McKesson Newswire |
| 359 | First DataBank Think First Ad |
| 360 | In Re: Texas Civil Investigative Demand to First DataBank, Inc., Attorneys' Eyes Only, Confidential Examination Under Oath of Joseph L. Hirschmann, February 5, 2002 |
| 361 | September 28, 2000 Letter from Ms. Wong to various individuals, Re: Our meeting of September 13, 2000 |
| 362 | Medi-Span Problem Ticket Profile |
| 363 | First DataBank, Medicaid Data File Product Manual |
| 364 | MDF User Manual, Texas MAC Unite Price and Date |
| 365 | Instructions for the 1995-96 Bluebook Report Update |
| 366 | Chain of e-mails between Rebecca Aldaz and Martha McNeill |
| 367 | First DataBank Technical Bulletin, NDDF AWP Definition Correction in the Documentation |
| 368 | Albuterol Sulfate, 0.083%, Cartons of 25 Pricing |
| 369 | December 31, 1997 Letter from Ms. Gmeiner to Ms. Gutgesell |
| 370 | Dey Laboratories Wholesale Price List |

Patricia Kay Morgan; November 13, 2002 (FDB-AWP 08108-08487):

| Exhibit No. | DESCRIPTION |
|---|---|
| 371 | State of Texas' Notice of Intention to Take Oral Depositions |
| 372 | NDDF User Manual excerpts |
| 373 | May 9, 2001 Telefax from Karen Strelau to Terri Factora |
| 374 | October 2001 New Product Announcement from Dey |
| 375 | September 2002 Notice of Price Change from Dey |
| 376 | PriceAlert Article by Kay Morgan, "To Complain is Human, to Praise is Divine" |
| 377 | PriceAlert Article by Kay Morgan, "Average Wholesale Price" |
| 378 | List of terms |
| 379 | Pricing Database Confirmation Form |
| 380 | Resolution Text |
| 381 | Medi-Span Problem Ticket Profile |
| 382 | December 31, 1997 Fax from Ms. Gmeiner to Ms. Westbrook with attachment |

| | |
|---|---|
| 383 | June 21, 1991 Letter from Ms. Burnham to Mr. Edelstein |
| 384 | 2/24/92 Fax from Ms. Burnham to Ms. Ogden |
| 385 | Screen Print |
| 386 | In Re: Texas Civil Investigative Demand to First DataBank, Inc. Attorneys' Eyes Only Confidential Examination Under Oath of Patricia Kay Morgan |
| 387 | October 19, 1995 Letter from Warrick to Ms. Rader |

**First DataBank documents referred to in depositions:**

- *FDB 000264* – Letter from Mary Ann Tomasso, Armor Pharmaceutical to Larry Taylor, First DataBank (deposition of Larry Taylor, FDB-AWP 07640)

- *FDB 000278* – Memo from Mary Ann Tomasso to First DataBank (deposition of Larry Taylor, FDB-AWP 07635)

- *FDB 000902* – 1994-1995 BlueBook Product Descriptions and Definitions (deposition of Pat Muller, FDB-AWP 07983)

- *FDB 001137*- Letter from Immunex to Beth Rader (deposition of Pat Muller, FDB-AWP 08030)

- Fax from Armor Pharmaceutical Company to Larry Taylor; June 28, 1993 (deposition of Larry Taylor, FDB-AWP 07618)

- Fax from Armor (deposition of Larry Taylor, FDB-AWP 07631)

- *DWW, No.1*; Email from Garth Holmes (deposition of Kathy Chadwick, FDB-AWP 08069)

# EXHIBIT  "B"



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL No. 1456 ) ) ) CIVIL ACTION: 01-CV-12257 PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) Judge Patti B. Saris ) |

NOTICE OF DEPOSITIONS

TO:    All counsel on attached Certificate of Service:

        PLEASE TAKE NOTICE that Plaintiffs will take the deposition by oral examination of the following persons before a notary public or other person authorized to administer oaths, at the date, time, and place indicated, and continuing from day to day thereafter until competed.  The deposition will be recorded by stenographic means alone or both stenographic and videographic means, for all purposes in this action, including trial.

        You are invited to attend and participate.

| | | |
|---|---|---|
| Keeper of the Records First Databank, Inc. | November 4, 2003 9:00 a.m. | First Databank, Inc. 111 Bayhill Drive San Bruno, CA  94066 |
| Keeper of the Records Thomson Medical Economics | November 5, 2003 9:00 a.m. | Thomson Medical Economics Five Paragon Drive Montvale, NJ  07645 |
| Keeper of the Records Medi-Span | November 6, 2003 9:00 a.m. | Medi-Span 8425 Woodfield Crossing Blvd., Suite 490 Indianapolis, IN  46240 |
| Keeper of the Records Facts and Comparisons, Inc. | November 7, 2003 9:00 a.m. | Facts and Comparisons, Inc. 111 West Port Plaza Suite 300 Saint Louis, MO 63146 |



By _____   DATED:      October 16, 2003

Thomas M. Sobol
Edward Notargiacomo
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA  02110
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Kevin P. Roddy
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Samuel Heins
Heins, Mills & Olson, P.C.
700 Northstar East
608 Second Avenue South
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

Eugene A. Spector
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

**CHAIRS OF LEAD COUNSEL COMMITTEE**

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735



Kenneth A. Wexler
Elizabeth Fegan Hartweg
Kenneth A. Wexler & Associates
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

**MEMBERS OF LEAD COUNSEL COMMITTEE AND EXECUTIVE COMMITTEE**

Michael McShane
Alexander, Hawes & Audet, LLP
300 Montgomery Street, Suite 400
San Francisco, CA  94104
Telephone: (415) 982-1886
Facsimile: (415) 576-1776

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
Shreveport, LA 71103
Telephone: (318) 226-0826
Facsimile: (318) 424-9900

**MEMBERS OF EXECUTIVE COMMITTEE**

Anthony Bolognese
Bolognese & Associates
One Penn Center
1617 JFK Boulevard
Suite 650
Philadelphia, PA  19103
Tel:  (215) 814-6750
Fax:  (215) 814-6764

Michael J. Flannery
Carey & Danis, LLC
676 North Michigan Ave.
Suite 3110
Chicago, IL  60611
Tel:  (312) 649-0100
Fax:  (312) 664-7731



Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Avenue, N.E.
Suite 300
Washington, D.C. 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

Neal Goldstein (Of Counsel)
Freedman & Lorry, PC
400 Market Street, Suit 900
Philadelphia, PA 19106
Tel: (215) 925-8400
Fax: (215) 925-7516

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL  33134
Tel:  (305) 357-9000
Fax: (305) 357-9050

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street
Suite 1700
San Diego, CA  92101
Tel:  (619) 338-1133
Fax: (619) 338-1139

Jonathan D. Karmel
Karmel & Gilden
221 N. LaSalle Street
Suite 1414
Chicago, IL  60601
Tel: (312) 641-2910
Fax: (312) 641-0781

G. Mark Albright
Albright, Stoddard, Warnick & Albright
Quail Park 1, Building D-4
801 South Rancho Drive
Las Vegas, NV  89106



Dianne M. Nast
Roda & Nast, PC
801 Estelle Drive
Lancaster, PA 17601
Tel: 717-892-3000
Fax: 717-892-1200

Henry H. Rossbacher
Rossbacher & Associates
811 Wilshire Boulevard,
Suite 1650
Los Angeles, CA 90017-2666
Tel: (213) 895-6500
Fax: (213) 895-6161

Jonathan Shub
Sheller, Ludwig & Badey, P.C.
1528 Walnut Street, 3rd fl
Philadelphia, PA 19102
Tel: (215) 790-7300
Fax: (215) 546-0942

Scott R. Shepherd
Shepherd & Finkleman, LLC
117 Gayley Street,
Suite 200
Media, PA 19063
Tel: (610) 891-9880
Fax: (610) 891-9883

Lee Squitieri
Squitieri & Fearon
521 Fifth Avenue, 26th floor
New York, NY 10175
Tel: (646) 487-3049
Fax: (646) 487-3095

Lisa J. Rodriguez
Ira Neil Richards
Trujillo Rodriguez& Richards, LLC
The Penthouse
226 West Rittenhouse Square
Philadelphia, PA 19103
Tel: (215) 731-9004
Fax: (215) 731-9044



Mitchell A. Toups
Weller, Green, Toups & Terrell, L.L.P.
2615 Calder Street, Suite 400
P.O. Box 350
Beaumont, TX  77704
Tel: (409) 838-0101
Fax: 409-838-6780

Damon Young
Lance Lee
Young, Pickett & Lee
4122 Texas Boulevard
P.O. Box 1897
Texarkana, AR/TX  75504
Tel: (903) 794-1303
Fax: 903-792-5098; 903-794-5098

**ADDITIONAL ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I, Thomas M. Sobol, an attorney, caused a true and correct copy of the foregoing Notice of Depositions to be served on all counsel of record electronically on October 16, 2003, pursuant to Section D of Case Management Order No. 2.

Thomas M. Sobol, Esq.
**HAGENS BERMAN LLP**
225 Franklin Street, 26th Floor
Boston, MA  02110
Telephone: (617) 482-3700



A 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

_____ DISTRICT OF _____ CALIFORNIA _____

**SUBPOENA IN A CIVIL CASE**

In re: Pharmaceutical
Industry
Average Wholesale Price
Litigation

CASE NUMBER: MDL No. 1456
Master File No. 01-CV-12257-PBS
Pending in USDC District of Massachusetts
Judge Patti B. Saris

TO:   Keeper of the Records
       FIRST DATABANK, INC.
       111 Bayhill Drive
       San Bruno CA   94066

| I. | YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. |
|---|---|

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

| II. | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. |
|---|---|

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

| III.   X | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):  SEE Attached Schedule A |
|---|---|

| PLACE<br>FIRST DATABANK, INC. offices at the above address. | DATE AND TIME<br>November 4, 2003, 9:00 a.m. |
|---|---|

| IV. | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. |
|---|---|

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Plaintiff | DATE<br>October 16, 2003 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas M. Sobol, Hagens Berman LLP, 225 Franklin Street, Boston MA  02110  617-482-3700

(See Rule 45. Federal Rules of Civil Procedure Parts C & D on Reverse)

43076.1

E-SERVED
10/16/03
05:24 PM ET
RHP-MDL No. 1456

A 88 (Rev. 11/91) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| _____ SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE                                              SIGNATURE OF SERVER

                                                                               ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend a trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected materials and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance and production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim



## SCHEDULE A

## Documents Commanded From FIRST DATABANK, INC.

**Compiler of *American Druggist First Databank Annual Directory of Pharmaceuticals* and *Essential Directory of Pharmaceuticals* ("*Blue Book*")**

## I.    DEFINITIONS

1.      "Document(s)" is used in the broadest possible sense and means without limitation, any written, printed, typed, photostated, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof.  This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings.  Without limiting the generality of the foregoing, "document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or of other communications of any type, including inter-office and intra-office communications, electronic mail/messages and/or "e-mail," electronically stored telephone messages and/or "voice-mail," questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by you or anyone else.

2.      "All documents" means every document and every non-identical copy known to you and every such document or writing which you can locate or discover by reasonably diligent



A 88 (Rev. 11/91) Subpoena in a Civil Case

efforts, including, but not limited to, documents now in the possession, custody or control of Fist Databank, Inc., its merged or acquired predecessors, its former and present directors, officers, counsel, agents, employees and/or persons acting on its behalf.

3.      The term "Discovering Defendant" refers to the following companies who are (1) defendants in *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civil Action No. 01-CV-12257-PBS, pending in the United States District Court for the District of Massachusetts, as well as any of their predecessors or successors, any parent, subsidiary, affiliate, segment, or division thereof, any present or former officer, director, employee, partner, agent, representative, or other person (as defined below) acting or purporting to act on their behalf; and (2) identified in Plaintiffs' Report on the Status of Discovery as manufacturers of drugs that are the subject of limited discovery: Zeneca, Inc.; AstraZeneca US; AstraZeneca Pharmaceuticals L.P.; Aventis Pharmaceuticals, Inc.; Aventis Behring L.L.C.; Bristol-Myers Squibb Co.; GlaxoSmithKline, P.L.C.; SmithKline Beecham Corporation; GlaxoWellcome, Inc.; Immunex Corporation; and Johnson & Johnson..

4.      "You" or "Your" means First Databank, Inc. and any of its subsidiaries, divisions, affiliates, officers, directors, employees or agents, including, but not limited to, attorneys and accountants.

5.      "Person" shall refer to natural persons, firms, joint owners, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies, departments or bureaus (governmental or private), and any other form of business, governmental or juridical person or legal entity.

6.      "Concerning" means relating to, referring to, in connection with, pertaining to, describing, discussing, analyzing, reflecting, summarizing, evidencing, embodying or constituting.

7.      "Meeting" means any discussion between two or more persons either in person or telephonically.



8.      "Communication" and "communications" are used in a comprehensive sense, and shall mean and include every conceivable manner or means of disclosure, transfer or exchange of oral or written information (in the form of facts, ideas, inquiries or otherwise) between one or more persons or entities including, but not limited to, writings, documents, inter- and intra-office memoranda, correspondence, meetings, conferences, conversations, and/or agreements, whether face-to-face, by telephone, by mail, by telecopier, by telex, by computer or otherwise.

9.      "AWP" means the Average Wholesale Price.

10.     "WAC" means Wholesale Acquisition Cost.

11.     "Other Price" means any other price reported by you during the relevant period.

12.     "PBM" refers to a Pharmacy Benefit Manager.

13.     "Medicare," "Medicare Program" or "Medicare Part B" means the government reimbursement system for prescription pharmaceuticals under Title XVIII of the Social Security Act, 42 U.S.C. § 1395, *et. seq.*

14.     "Government Investigation" refers to any ongoing or closed investigation or inquiry conducted by Congress, a committee or sub-committee of Congress (including but not limited to the Consumer, Energy and/or Ways and Means Committees), the United States Department of Justice, the United States General Accounting Office, Federal Trade Commission, the Office of the United States Inspector General, the United States Department of Health and Human Services, or any other federal, state or local governmental entity.

10.     "Spread" refers to the difference between the AWP and any other price paid for the drug.

14.     "Identified Drug" means any of the drugs identified in Exhibit A.

## II.     <u>RULES OF CONSTRUCTION</u>

1.      All/Each - The terms "all" and "each" shall be construed as meaning either all and each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.



    2.      And/Or - The connectives "and" and "or" shall be construed either disjunctively and conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

    3.      The use of the singular form of any word shall include the plural and vice versa.

    4.      The masculine gender includes the feminine.

## III.   INSTRUCTIONS

    1.      In producing documents and other materials, you must furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

    2.      In producing documents, you must produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original (to the extent this is known).

    3.      Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records. Electronic versions of documents shall be produced where available. These requests include Plaintiffs' request to physically inspect any file drawer, filing cabinet or any other storage device where documents responsive to these requests are maintained at the time of the inspection of such documents.

    4.      Documents attached to each other should not be separated.

    5.      If any responsive document was, but is no longer in the possession or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of, and in each instance explain the circumstances surrounding, and state the date or approximate



date of, such disposition.

6.          In the event that you object to any document request on the grounds of privilege or work product, a statement shall be provided as to each document which includes:

a.          the name of the author of the document;

b.          the name of the recipient of the document;

c.          the names of the persons to whom copies were sent;

d.          the job title of every individual named in (a), (b), and (c) above;

e.          the date the document was created, sent, and received;

f.          the location of the document;

g.          the custodian of the document;

h.     a brief description of the nature and subject matter of the document; and

i.          a statement of the privilege asserted and each and every fact or basis upon which a privilege is claimed or on which the document is otherwise withheld.

7.          Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted, provided that the identification requested in paragraphs (h) and (i) above are furnished.

## IV.    <u>RELEVANT TIME PERIOD</u>

Unless otherwise stated, these requests call for the production of all documents identified in the requests that were generated and/or maintained during the period January 1, 1991 to the date of production (the "Relevant Time Period"), or refer or relate to the Relevant Time Period.



A 88 (Rev. 11/91) Subpoena in a Civil Case

## V.  **DOCUMENTS TO BE PRODUCED**

**REQUEST NO. 1:**

Excerpts of the *American Druggist First Databank Annual Directory of Pharmaceuticals* and *Essential Directory of Pharmaceuticals* ("*Blue Book*"), in electronic form where available, indicating the AWP, or any other measure of price including but not limited to actual wholesale price, WAC, average sales price, direct price, estimated acquisition cost or other price of Identified Drugs (see Exhibit A attached hereto) for each edition of the *American Druggist First Databank Annual Directory of Pharmaceuticals* and *Essential Directory of Pharmaceuticals* ("*Blue Book*") from 1991 through the present.

**REQUEST NO. 2:**

Documents relating to how to understand or interpret the electronic data produced in response to Request No. 1 for all the years in which electronic data exists.

**REQUEST NO. 3:**

Any communications from you to a Discovering Defendant , or from a Discovering Defendant to you, which relate to, reference, discuss or report AWP, or any other measure of price including but not limited to actual wholesale price, wholesale acquisition cost, average sales price, direct price, estimated acquisition cost, or any other measure, comparison, estimate, or computation of price.

**REQUEST NO. 4:**

Any communications from you to a Discovering Defendant, or from a Discovering Defendant to you, which relate to, reference or discuss Spread.

**REQUEST NO. 5:**

All documents concerning how you or any Discovering Defendant defines AWP.



**REQUEST NO. 6:**

All documents concerning market audit methodologies used by you to determine the AWP, or changes in AWP, for pharmaceutical products listed in the *American Druggist First Databank Annual Directory of Pharmaceuticals* and *Essential Directory of Pharmaceuticals* ("*Blue Book*").

**REQUEST NO. 7:**

All documents concerning your efforts to determine actual wholesale prices, or changes in actual wholesale prices, for pharmaceutical products listed in the *American Druggist First Databank Annual Directory of Pharmaceuticals* and *Essential Directory of Pharmaceuticals* ("*Blue Book*").

**REQUEST NO. 8:**

All documents concerning methods used by you to verify, calculate, estimate and/or publish AWP, actual wholesale prices, WAC, average sales price, direct price, estimated acquisition cost, other price, or any other measure, comparison, estimate or computation of price, for products listed in the *American Druggist First Databank Annual Directory of Pharmaceuticals* and *Essential Directory of Pharmaceuticals* ("*Blue Book*").

**REQUEST NO. 9:**

All documents concerning the manner and frequency with which *American Druggist First Databank Annual Directory of Pharmaceuticals* and *Essential Directory of Pharmaceuticals* ("*Blue Book*") update pricing information.

**REQUEST NO. 10:**

All documents describing or referencing actual drug prices at the wholesale level.



**REQUEST NO. 11:**

All documents showing or referencing communication with any Discovering Defendant's trade relations or marketing departments.

**REQUEST NO. 12:**

All documents showing or referencing communication between you and any pharmaceutical trade association including but not limited to Pharmaceutical Research and Manufacturers of America (PhRMA) and the National Pharmaceutical Council.

**REQUEST NO. 13:**

All documents showing or referencing communication between you and any Pharmacy Benefit Manager (PBM).

**REQUEST NO. 14:**

All documents showing or referencing communication between you and any pharmaceutical wholesaler.

**REQUEST NO. 15:**

All documents relating to your practices, policies, and procedures governing the publication of pricing information for pharmaceutical products that are covered by Medicare or Medicare Part B Programs.

**REQUEST NO. 16:**

All documents sent to or received from any Discovering Defendant concerning the following:

       (a)     Medicare;

       (b)     the AWP for drugs covered by Medicare Part B, which, in accordance with Health Care Financing Administration Program Memorandum AB-99-63, issued by the



U.S. Dept. of Health and Human Services, is the figure upon which the Medicare reimbursement rate and co-payment for such drugs may be based;

        (c)     Government Investigations during the Relevant Time Period.

**REQUEST NO. 17:**

All documents concerning the repackaging or relabeling of any drug by a Discovering Defendant including but not limited to:

        (a)     documents indicating that any drug with a specific NDC has been repackaged and is being sold with a different NDC, but is the same drug; and

        (b)     for any repackaged drug, documents evidencing the AWP of the original drug and of the repackaged drug.

**REQUEST NO. 18:**

All documents you have produced to any grand jury or federal or state investigative agency or office, including but not limited to the United States Congress, concerning the use of AWP in Medicare or Medicaid reimbursement.

**REQUEST NO. 19:**

All documents concerning any litigation or government investigation relating to AWP in which you are a party or in which you have been subpoenaed, including but not limited to pleadings, subpoenas, and transcripts, produced in connection with the litigation or investigation.

**REQUEST NO. 20:**

All documents referencing AWP which were sent to, received from, or relate in any way to the Health Care Financing Administration ("HCFA") or Centers for Medicare and Medicaid Services ("CMS").



**REQUEST NO. 21:**

All documents relating to any government report concerning AWP or Medicare Part B reimbursement, including but not limited to the Department of Health and Human Services, the Department of Health and Human Services Office of Inspector General, or Government Accounting Office ("GAO") reports.

**REQUEST NO. 22:**

Sample copies of all marketing or promotional materials created or distributed by you to pharmaceutical companies that reference or discuss the reasons or advantages of providing pricing information to, or advertising in, the *American Druggist First Databank Annual Directory of Pharmaceuticals* and *Essential Directory of Pharmaceuticals* (*"Blue Book"*).

**REQUEST NO. 23:**

All documents describing the business relationship between you and each Discovering Defendant, including documents that show any remuneration provided to you by each Discovering Defendant.

**REQUEST NO. 24:**

All documents relating to, describing, or defining your document retention policies.

**REQUEST NO. 25:**

All documents relating to, describing or showing the corporate structure of your company, including organizational charts and descriptions of the responsibilities and functions of each department.



## REQUEST NO. 26:

All documents identifying all persons in your organization who communicated with each of the Discovering Defendants.



EXHIBIT A TO SUBPOENA TO FIRST DATABANK, INC.

LIST OF IDENTIFIED DRUGS

1.      Zoladex (Astrazeneca)

2.      Novantrone (Immunex)

3.      Remicade (J&J)

4.      Anzemet (Aventis)

5.      Kytril (GSK)

6.      Zofran (GSK)

7.      Avapro (BMS)

8.      Blenoxane (BMS)

9.      Cytoxan (BMS)

10.     Vepesid (BMS)

11.     amikacin suflfate (Apothecon)

12.     amphotericin B (Apothecon)

# EXHIBIT  "C"



**Perkins Coie**

John Kern
PHONE: 415.344.7126
FAX: 415.344.7226
EMAIL: jkern@perkinscoie.com

180 Townsend Street, 3rd Floor
San Francisco, CA 94107-1909
PHONE: 415.344.7000
FAX: 415.344.7050
www.perkinscoie.com

January 15, 2004

*Via UPS Next Day Air*

Merle M. DeLancey, Esquire
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, NW
Washington, D.C. 20037

Re:    *In re Pharmaceutical Industry Average Wholesale Price Litigation*
       Plaintiffs' Subpoena to First DataBank, Inc.

Dear Mr. DeLancey:

Following this page, please find the following:

1.    Non-party First DataBank's ("FDB's") Responses and Objections to Plaintiffs'
      Subpoena and Request for Production of Documents;

2.    A copy of documents bates-labeled **FDB-AWP 0001** through **FDB-AWP
      01822**, produced by FDB to Plaintiff's as the first installment in a rolling
      production; and

3.    An invoice for the costs incurred by FDB in copying and shipping these
      documents to you. Please reimburse FDB for these costs at your earliest
      convenience by sending a check payable to "First DataBank, Inc." to me.

[/BY040150.116]

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · HONG KONG · LOS ANGELES
MENLO PARK · OLYMPIA · PORTLAND · SAN FRANCISCO · SEATTLE · SPOKANE · WASHINGTON, D.C.

Perkins Coie LLP (Perkins Coie LLC in Illinois)

January 15, 2004
Page 2

Please note that the enclosed documents have been marked as "Highly Confidential" under the terms of the Protective Order operative in this case. Should you have any questions, please do not hesitate to contact me.

Very truly yours,

John Kern

JK:sa
Enclosures

cc:  John Macoretta, Esquire
     All Defendants w/o Enclosures (see attached Service List)

[/BY040150.116]

01/15/04

# EXHIBIT "D"



180 Townsend Street, 3rd Floor
San Francisco, CA 94107-1909
PHONE: 415.344.7000
FAX: 415.344.7050
www.perkinscoie.com

February 27, 2004

## Via Facsimile and UPS Next Day Air

Merle M. DeLancey, Esquire
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, NW
Washington, D.C.  20037

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation*
      Plaintiffs' Subpoena to First DataBank, Inc.

Dear Mr. DeLancey:

As you are aware, we represent non-party First DataBank, Inc. ("FDB") in the above-referenced matter.  Enclosed, please find a copy of documents bates-labelled **FDB-AWP 01823** through **FDB-AWP 15491**, produced by FDB in response to Plaintiffs' subpoena, as the second installment in a rolling production.  This production also includes a set of CD-ROMs and a floppy disk, bates-labelled **FDB-AWP 15492** through **FDB-AWP 15497**.

In the next few days, I will forward to you an invoice reflecting Defendants' share of the costs incurred by FDB in copying and shipping these documents.  Please reimburse FDB for these costs at your earliest convenience by sending a check payable to "First DataBank, Inc." to me.

Please note that the enclosed documents have been marked as "Highly Confidential" under the terms of the Protective Order operative in this case.  Further, please note that FDB produces the enclosed documents subject to the Responses and Objections set forth in its January 15, 2004 letter to Plaintiffs.

[/BY040580.070]

February 27, 2004
Page 2


Should you have any questions, please do not hesitate to contact me.

Very truly yours,

John Kern


JK:ssa

cc:  Lyndon Tretter, Esquire (via facsimile w/o encls.)
     John Macoretta, Esquire (via facsimile w/o encls.)

# EXHIBIT "E"

LAW OFFICES

# SPECTOR, ROSEMAN & KODROFF

EUGENE A. SPECTOR
ROBERT M. ROSEMAN**
JEFFREY L. KODROFF
JAMES A. CAPUTO*
JEFFREY J. CORRIGAN**
THEODORE M. LIEVERMAN*
JOHN A. MACORETTA*
WILLIAM G. CALDES*
DAVID J. COHEN*
MICHAEL R. VACHON*
ANDREW D. ABRAMOWITZ***
DAVID FELDERMAN*
SIMON BAHNE PARIS***
JENNIFER DANIEL-OUCKERING*
MELISSA H. HOLZMAN*

A PROFESSIONAL CORPORATION
1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PA 19103
(215) 496-0300
FAX (215) 496-6611
E-MAIL: CLASSACTION@SRK-LAW.COM

401 B STREET
SUITE 1600
SAN DIEGO, CALIFORNIA 92101-4297
(619) 338-4514
FAX (619) 239-0547

JAY S. COHEN
OF COUNSEL

* MEMBER OF PA & NJ BAR
** MEMBER OF PA & NY BAR
*** MEMBER OF MD BAR
* MEMBER OF CA BAR
** MEMBER OF NY & NJ BAR
*** MEMBER OF NJ & FL BAR

Direct E-Mail:
rkopp@srk-law.com

March 9, 2004

**Via Facsimile**
John Kern, Esq.
Perkins Coie
180 Townsend Street, 3rd Floor
San Francisco, CA 94107-1909

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation*
      **Missing Documents from First DataBank, Inc.**

Dear Mr. Kern:

A review of the documents you recently produced, Bates-labeled **FDB-AWP 01823** through **FDB-AWP 15491**, indicated the following missing pages: **FDB-AWP 13218** through **FDB-AWP 13295**. Please provide copies of these documents.

Additionally, we have identified various documents and exhibits from the deposition transcripts provided by First DataBank that were not included in your earlier production. We have also identified several editions of the PriceAlert which have not been produced. Attached is a list of the missing documents. Please also provide copies of these documents at your earliest convenience. Thank you.

Sincerely,

Rachel Kopp

/rek

*The following documents are missing:*

### PriceAlerts:

| | |
|---|---|
| November 15, 2002 | September 15, 1999 |
| December 15, 2001 | August 15, 1999 |
| February 15, 2001 | July 15, 1999 |
| December 15, 2000 | June 15, 1999 |
| November 15, 2000 | May 15, 1999 |
| October 15, 2000 | Any Alert prior to April 15, 1999 |
| September 15, 2000 | |
| May 15, 2000 | |
| April 15, 2000 | |
| January 15, 2000 | |
| December 15, 1999 | |
| October 15, 1999 | |

## EXHIBITS not attached to depositions:

Suzanne George; December 21, 1998 (FDB-AWP 07669-07805):

| Exhibit No. | DESCRIPTION |
|---|---|
| 4 | (Retained by attorney.) |
| 5 | (Retained by attorney.) |

Joseph L. Hirschmann; November 12, 2002 (FDB-AWP 07028-07337):

| Exhibit No. | DESCRIPTION |
|---|---|
| 350 | State of Texas' Requests for Production of Documents and Tangible Things to a Nonparty, First DataBank, Inc., With Corresponding Written Deposition Questions |
| 351 | First DataBank's Web site |
| 352 | First DataBank *Monthly Interest*, September 1991 |
| 353 | In Re:  Investigation of First DataBank, Transcript of Proceedings, December 21, 1998 |
| 354 | February 23, 1995 Letter from Mr. Weintraub to Ms. Rader |
| 355 | May 30, 1995 Memo from Ms. Burnham to Sales and Marketing, Re: Albuterol WAC Pricing |
| 356 | July 25, 2002 Letter from Mr. Hawley to Mr. Pugliese, Re:  July 11, 2002 Letter to State Medicaid Directors |
| 357 | July 9, 2002 Letter from Mr. Hawley to Mr. Tooch, Re:  Alpha Therapeutic Corp. |

| | |
|---|---|
| 358 | McKesson Newswire |
| 359 | First DataBank Think First Ad |
| 360 | In Re:  Texas Civil Investigative Demand to First DataBank, Inc., Attorneys' Eyes Only, Confidential Examination Under Oath of Joseph L. Hirschmann, February 5, 2002 |
| 361 | September 28, 2000 Letter from Ms. Wong to various individuals, Re:  Our meeting of September 13, 2000 |
| 362 | Medi-Span Problem Ticket Profile |
| 363 | First DataBank, Medicaid Data File Product Manual |
| 364 | MDF User Manual, Texas MAC Unite Price and Date |
| 365 | Instructions for the 1995-96 Bluebook Report Update |
| 366 | Chain of e-mails between Rebecca Aldaz and Martha McNeill |
| 367 | First DataBank Technical Bulletin, NDDF AWP Definition Correction in the Documentation |
| 368 | Albuterol Sulfate, 0.083%, Cartons of 25 Pricing |
| 369 | December 31, 1997 Letter from Ms. Gmeiner to Ms. Gutgesell |
| 370 | Dey Laboratories Wholesale Price List |

## Patricia Kay Morgan; November 13, 2002 (FDB-AWP 08108-08487):

| Exhibit No. | DESCRIPTION |
|---|---|
| 371 | State of Texas' Notice of Intention to Take Oral Depositions |
| 372 | NDDF User Manual excerpts |
| 373 | May 9, 2001 Telefax from Karen Strelau to Terri Factora |
| 374 | October 2001 New Product Announcement from Dey |
| 375 | September 2002 Notice of Price Change from Dey |
| 376 | PriceAlert Article by Kay Morgan, "To Complain is Human, to Praise is Divine" |
| 377 | PriceAlert Article by Kay Morgan, "Average Wholesale Price" |
| 378 | List of terms |
| 379 | Pricing Database Confirmation Form |
| 380 | Resolution Text |
| 381 | Medi-Span Problem Ticket Profile |
| 382 | December 31, 1997 Fax from Ms. Gmeiner to Ms. Westbrook with attachment |

| 383 | June 21, 1991 Letter from Ms. Burnham to Mr. Edelstein |
| 384 | 2/24/92 Fax from Ms. Burnham to Ms. Ogden |
| 385 | Screen Print |
| 386 | In Re:  Texas Civil Investigative Demand to First DataBank, Inc. Attorneys' Eyes Only Confidential Examination Under Oath of Patricia Kay Morgan |
| 387 | October 19, 1995 Letter from Warrick to Ms. Rader |

**First DataBank documents referred to in depositions:**

- *FDB 000264* – Letter from Mary Ann Tomasso, Armor Pharmaceutical to Larry Taylor, First DataBank (deposition of Larry Taylor, FDB-AWP 07640)

- *FDB 000278* – Memo from Mary Ann Tomasso to First DataBank (deposition of Larry Taylor, FDB-AWP 07635)

- *FDB 000902* – 1994-1995 BlueBook Product Descriptions and Definitions (deposition of Pat Muller, FDB-AWP 07983)

- *FDB 001137*- Letter from Immunex to Beth Rader (deposition of Pat Muller, FDB-AWP 08030)

- Fax from Armor Pharmaceutical Company to Larry Taylor; June 28, 1993 (deposition of Larry Taylor, FDB-AWP 07618)

- Fax from Armor (deposition of Larry Taylor, FDB-AWP 07631)

- *DWW, No.1*; Email from Garth Holmes (deposition of Kathy Chadwick, FDB-AWP 08069)

# EXHIBIT "F"



180 Townsend Street, 3rd Floor
San Francisco, CA 94107-1909
PHONE: 415.344.7000
FAX: 415.344.7050
www.perkinscoie.com

May 26, 2004

**<u>Via Facsimile and UPS Next Day Air</u>**

John A. Marcoretta, Esq.
Spector Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103

**Re:** *In re Pharmaceutical Industry Average Wholesale Price Litigation*
**Plaintiffs' October 2003 Subpoena to First DataBank, Inc.**

Dear Mr. Marcoretta:

As you are aware, we represent Non-party First DataBank, Inc. ("FDB") in the above-referenced matter.  Enclosed, please find a copy of documents bates-labelled **FDB-AWP 15499** through **FDB-AWP 24579**, produced by FDB in response to Plaintiffs' subpoena, as the third installment in a rolling production.

In the next few days, I will forward to you an invoice reflecting Plaintiffs' share of the costs incurred by FDB in copying and shipping these documents.  Please reimburse FDB for these costs at your earliest convenience by sending a check payable to "First DataBank, Inc." to me.

Please note that the enclosed documents have been marked as "Highly Confidential" under the terms of the Protective Order operative in this case.  Further, please note that FDB produces the enclosed documents subject to the Responses and Objections set forth in its January 15, 2004 letter to you.

[28944-0024/BY041460.082]

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · HONG KONG · LOS ANGELES
MENLO PARK · OLYMPIA · PORTLAND · SAN FRANCISCO · SEATTLE · SPOKANE · WASHINGTON, D.C.

Perkins Coie LLP (Perkins Coie LLC in Illinois)

May 26, 2004
Page 2

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

John Kern

cc:     Sean R. Matt, Esquire (via facsimile, w/o encls.)
        Merle DeLancey, Esquire (via facsimile, w/o encls.)
        Steve Edwards, Esquire (via facsimile, w/o encls.)
        Saul Morgenstern, Esquire (via facsimile, w/o encls.)
        Joanne Cicala, Esquire (via facsimile, w/o encls.)

# EXHIBIT "G"

LAW OFFICES

# SPECTOR, ROSEMAN & KODROFF

EUGENE A. SPECTOR
ROBERT M. ROSEMAN··
JEFFREY L. KODROFF
JEFFREY J. CORRIGAN···
THEODORE M. LIEVERMAN··
ANDREW D. ABRAMOWITZ···
JOHN A. MACORETTA·
WILLIAM G. CALDES·
DAVID J. COHEN·
DAVID FELDERMAN·
SIMON BAHNE PARIS···
MELISSA H. HOLZMAN·
JENNIFER L. ENCK

A PROFESSIONAL CORPORATION
1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PA 19103
(215) 496-0300
FAX (215) 496-6611
E-MAIL: CLASSACTION @ SRK·LAW.COM

JAY S. COHEN
OF COUNSEL

Direct E-Mail:
jmacoretta@srk-law.com

· MEMBER OF PA & NJ BAR
·· MEMBER OF PA & NY BAR
··· MEMBER OF MD BAR
·· MEMBER OF NY & NJ BAR
··· MEMBER OF NJ & FL BAR

July 1, 2004

Via Facsmilie

John Kern, Esquire
Perkins Coie
180 Townsend Street, 3rd Floor
San Francisco, CA 94107-1909

Re:   In re Pharmaceutical Industry Average Wholesale Price Litigation
      Missing and Necessary Documents from First DataBank, Inc.

Dear John:

I am writing in follow-up to the June 25, 2004, conference call regarding outstanding First DataBank documents. At that time you stated you would be in touch with us mid-week in relation to the complete electronic database that we need. Tali Segal, Esquire, left you a message regarding the same earlier today.

You have stated that First DataBank has provided the database to us; as we informed you, if it is in our possession, we are not able to read it. Accordingly, please provide us promptly with the name of the person with whom we need to speak regarding what we have and how we can access it.

Additionally, we have not received any of the missing documents set forth in the March 9, 2004, letter to you from Rachel Kopp, Esquire. I am attaching a copy of Ms. Kopp's letter for your review. We would like the itemized documents as soon as possible.

First DataBank produced some letters to us that reference other letters that we do not have. Specifically, a May 30, 2002, letter from Hearst's general counsel's office, Bates-labeled FDB-AWP04994-4995, references letters dated May 16, 2002 and May 24, 2002; a July 9, 2002, letter from Hearst's general counsel's office, Bates-labeled FDB-AWP04992-4993, references a June 7, 2002 letter. We do not have the May 16, July 9 or June 7 letters. Kindly produce them as soon as possible.

First DataBank produced some NDDF and MDDB user manuals and/or training manuals from different dates, but we do not seem to have full sets for the various years. Please provide

the full sets.

We also discussed in last week's conference call that we would like any documents related to the conference calls and other meetings, etc., set forth in Kay Morgan's 2002 e-mail, Bates-labeled FDB-AWP12654-12655. This would include interoffice memoranda, correspondence and/or minutes of the meetings or calls.

Additionally, please provide us with any and all interoffice and other memoranda, notes, correspondence, etc., regarding any changes, potential changes or contemplated changes in pricing policy. Likewise, please provide us with any and all notes of conversations, meetings, correspondence, e-mails, etc., FDB had with the other compendia, including but not limited to Red Book, Medi-Span and Facts and Comparisons, regarding any changes, potential changes or contemplated changes in pricing policy.

We would appreciate hearing from you promptly regarding the electronic database. Additionally, please advise us as to when we can expect the documents set forth above.

Thank you.

Sincerely,

John A. Macoretta

John A. Macoretta

cc: Tali Joan Segal, Esquire

JAM/mac
Encl.

LAW OFFICES

# SPECTOR, ROSEMAN & KODROFF

EUGENE A. SPECTOR
ROBERT M. ROSEMAN**
JEFFREY L. KODROFF
JEFFREY J. CORRIGAN**
THEODORE M. LIEVERMAN*
ANDREW D. ABRAMOWITZ***
JOHN A. MACORETTA*
WILLIAM G. CALDES*
DAVID J. COHEN*
DAVID FELDERMAN*
SIMON BAHNE PARIS***
MELISSA H. HOLZMAN*
JENNIFER L. ENCK

• MEMBER OF PA & NJ BAR
•• MEMBER OF PA & NY BAR
••• MEMBER OF MD BAR
** MEMBER OF NY & NJ BAR
*** MEMBER OF NJ & FL BAR

A PROFESSIONAL CORPORATION
1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PA 19103
(215) 496-0300
FAX (215) 496-6611
E-MAIL: CLASSACTION@SRK-LAW.COM

JAY S. COHEN
OF COUNSEL

Direct E-Mail:
rkopp@srk-law.com

March 9, 2004

<u>Via Facsimile</u>
John Kern, Esq.
Perkins Coie
180 Townsend Street, 3rd Floor
San Francisco, CA 94107-1909

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation*
      **Missing Documents from First DataBank, Inc.**

Dear Mr. Kern:

A review of the documents you recently produced, Bates-labeled **FDB-AWP 01823** through **FDB-AWP 15491**, indicated the following missing pages: **FDB-AWP 13218** through **FDB-AWP 13295**. Please provide copies of these documents.

Additionally, we have identified various documents and exhibits from the deposition transcripts provided by First DataBank that were not included in your earlier production. We have also identified several editions of the PriceAlert which have not been produced. Attached is a list of the missing documents. Please also provide copies of these documents at your earliest convenience. Thank you.

Sincerely,

Rachel Kopp

/rek

*The following documents are missing:*

<u>PriceAlerts:</u>

| | |
|---|---|
| November 15, 2002 | September 15, 1999 |
| December 15, 2001 | August 15, 1999 |
| February 15, 2001 | July 15, 1999 |
| December 15, 2000 | June 15, 1999 |
| November 15, 2000 | May 15, 1999 |
| October 15, 2000 | Any Alert prior to April 15, 1999 |
| September 15, 2000 | |
| May 15, 2000 | |
| April 15, 2000 | |
| January 15, 2000 | |
| December 15, 1999 | |
| October 15, 1999 | |

<u>EXHIBITS not attached to depositions:</u>

<u>Suzanne George; December 21, 1998 (FDB-AWP 07669-07805):</u>

| Exhibit No. | DESCRIPTION |
|---|---|
| 4 | (Retained by attorney.) |
| 5 | (Retained by attorney.) |

<u>Joseph L. Hirschmann; November 12, 2002 (FDB-AWP 07028-07337):</u>

| Exhibit No. | DESCRIPTION |
|---|---|
| 350 | State of Texas' Requests for Production of Documents and Tangible Things to a Nonparty, First DataBank, Inc., With Corresponding Written Deposition Questions |
| 351 | First DataBank's Web site |
| 352 | First DataBank *Monthly Interest*, September 1991 |
| 353 | In Re: Investigation of First DataBank, Transcript of Proceedings, December 21, 1998 |
| 354 | February 23, 1995 Letter from Mr. Weintraub to Ms. Rader |
| 355 | May 30, 1995 Memo from Ms. Burnham to Sales and Marketing, Re: Albuterol WAC Pricing |
| 356 | July 25, 2002 Letter from Mr. Hawley to Mr. Pugliese, Re: July 11, 2002 Letter to State Medicaid Directors |
| 357 | July 9, 2002 Letter from Mr. Hawley to Mr. Tooch, Re: Alpha Therapeutic Corp. |

| | |
|---|---|
| 358 | McKesson Newswire |
| 359 | First DataBank Think First Ad |
| 360 | In Re: Texas Civil Investigative Demand to First DataBank, Inc., Attorneys' Eyes Only, Confidential Examination Under Oath of Joseph L. Hirschmann, February 5, 2002 |
| 361 | September 28, 2000 Letter from Ms. Wong to various individuals, Re: Our meeting of September 13, 2000 |
| 362 | Medi-Span Problem Ticket Profile |
| 363 | First DataBank, Medicaid Data File Product Manual |
| 364 | MDF User Manual, Texas MAC Unite Price and Date |
| 365 | Instructions for the 1995-96 Bluebook Report Update |
| 366 | Chain of e-mails between Rebecca Aldaz and Martha McNeill |
| 367 | First DataBank Technical Bulletin, NDDF AWP Definition Correction in the Documentation |
| 368 | Albuterol Sulfate, 0.083%, Cartons of 25 Pricing |
| 369 | December 31, 1997 Letter from Ms. Gmeiner to Ms. Gutgesell |
| 370 | Dey Laboratories Wholesale Price List |

Patricia Kay Morgan; November 13, 2002 (FDB-AWP 08108-08487):

| *Exhibit No.* | *DESCRIPTION* |
|---|---|
| 371 | State of Texas' Notice of Intention to Take Oral Depositions |
| 372 | NDDF User Manual excerpts |
| 373 | May 9, 2001 Telefax from Karen Strelau to Terri Factora |
| 374 | October 2001 New Product Announcement from Dey |
| 375 | September 2002 Notice of Price Change from Dey |
| 376 | PriceAlert Article by Kay Morgan, "To Complain is Human, to Praise is Divine" |
| 377 | PriceAlert Article by Kay Morgan, "Average Wholesale Price" |
| 378 | List of terms |
| 379 | Pricing Database Confirmation Form |
| 380 | Resolution Text |
| 381 | Medi-Span Problem Ticket Profile |
| 382 | December 31, 1997 Fax from Ms. Gmeiner to Ms. Westbrook with attachment |

| 383 | June 21, 1991 Letter from Ms. Burnham to Mr. Edelstein |
| 384 | 2/24/92 Fax from Ms. Burnham to Ms. Ogden |
| 385 | Screen Print |
| 386 | In Re:  Texas Civil Investigative Demand to First DataBank, Inc. Attorneys' Eyes Only Confidential Examination Under Oath of Patricia Kay Morgan |
| 387 | October 19, 1995 Letter from Warrick to Ms. Rader |

**First DataBank documents referred to in depositions:**

- *FDB 000264* – Letter from Mary Ann Tomasso, Armor Pharmaceutical to Larry Taylor, First DataBank (deposition of Larry Taylor, FDB-AWP 07640)

- *FDB 000278* – Memo from Mary Ann Tomasso to First DataBank (deposition of Larry Taylor, FDB-AWP 07635)

- *FDB 000902* – 1994-1995 BlueBook Product Descriptions and Definitions (deposition of Pat Muller, FDB-AWP 07983)

- *FDB 001137*- Letter from Immunex to Beth Rader (deposition of Pat Muller, FDB-AWP 08030)

- Fax from Armor Pharmaceutical Company to Larry Taylor; June 28, 1993 (deposition of Larry Taylor, FDB-AWP 07618)

- Fax from Armor (deposition of Larry Taylor, FDB-AWP 07631)

- *DWW, No.1*; Email from Garth Holmes (deposition of Kathy Chadwick, FDB-AWP 08069)

3

# EXHIBIT  "H"

## Tali Segal

| | |
|---|---|
| **From:** | Kern, John-SF [JKern@perkinscoie.com] |
| **To:** | Tali Segal |
| **Cc:** | John Macoretta |
| **Subject:** | First DataBank: AWP/MDL litigation |
| **Attachments:** | |

**Sent:** Tue 7/27/2004 8:40 PM

Tali and John:

It appears that it is possible for First DataBank to provide annual pricing data (Dec. 31st "snapshots") from the NDDF Plus ("the database"), going back as far as 1996.  Retrieving this data so that it can burned onto a CD-ROM (or seven) will take some effort and some expense (FDB will actually have to write a program to accomplish this), but we should be able to get it to you in short order.

There remain two significant hurdles:

1.  The data on the CD-ROMs that we intend to produce is so voluminous, that it probably cannot be accessed on a standard PC.  You might need special software to access it, or you might need to hire technical consultants to assist you in downloading the data to a readable form.  We are checking with our I.T. personnel assist you in determining what you will need to access the data.  We will give you as much information as we reasonably can to determine how to access the data.  Ultimately, however, you may need the assistance of technical personnel on your end.

2.  FDB will incur certain expenses collecting and storing this data for you, and the data we are providing has substantial commercial value.  FDB expects to be reasonably compensated.  We do not anticipate that the costs associated with the programming, collection and storage of the data will be substantial (perhaps around $1000).  The commercial value of the data you are seeking, by contrast, is quite high.  We are discussing internally how to value the 7 years worth of pricing data (at a discount to you -- the normal price to our customers would be over $140,000 for this data), and at some point soon, we should have a conference call to discuss.  In the meantime, I wanted to alert you to this issue, so that you could discuss with your co-counsel and opposing counsel how you might handle this issue.  (e.g., coordinate with defendants to share costs?).  I would request that you refrain from discussing any hard numbers with others, until I can discuss further with my client a reasonable discounted price).

I am aware that there remain other outstanding document issues (set forth in your meet and confer letters), and I will follow-up with you on these later this week.  I look forward to continuing to work cooperatively with you to

produce any documents to which you are entitled.

Feel free to call anytime.

Regards,

John


John Palmer Kern, Esq.
Perkins Coie LLP
180 Townsend Street
San Francisco, CA 94107

(415) 344-7126 (tel)
(415) 344-7050 (fax)
Kernj@PerkinsCoie.com


-----Original Message-----
From: Tali Segal [mailto:tsegal@classactioncounsel.com]
Sent: Friday, July 16, 2004 9:56 AM
To: Kern, John-SF
Cc: John Macoretta
Subject: Today's 12:30 PST Conference Call


John--

I will be at John Macoretta's office for the call this afternoon.  If I was
the only reason for the conference call 800 number, we don't need it
anymore.

I look forward to your call at 12:30 PST.

Thank you.

--Tali Segal

Tali Joan Segal
Shepherd, Finkelman, Miller & Shah, LLC
35 E. State Street
Media, PA 19063
610/891-9880
610/891-9883 Facsimile

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.