# EXHIBIT B

# LATHAM&WATKINS LLP

505 Montgomery Street, Suite 1900
San Francisco, California 94111-2562
Tel: (415) 391-0600  Fax: (415) 395-8095
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Boston | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| | Washington, D.C. |

March 15, 2004

File No. 021532-0025

VIA U.S. MAIL

Elizabeth Fegan Hartweg, Esq.
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, Illinois 60602

Re: In re: Pharmaceutical Industry Average Wholesale Price Litigation (MDL No. 1456; USDC District of Mass.)

Dear Ms. Fegan Hartweg:

McKesson Corporation ("McKesson") is in receipt of the subpoena you sent in the above-referenced action. McKesson objects to the subpoena, pursuant to Federal Rule of Civil Procedure 45, on the following grounds:

## General Objections and Reservations[1]

1. McKesson objects to the subpoena to the extent it is not narrowly tailored so as to avoid imposing undue burden or expense on McKesson as required by Federal Rule of Civil Procedure 45(c)(1).

2. McKesson objects to the subpoena because the times specified for responses are wholly inadequate given the complexity and breadth of the definitions, instructions and requests, and the nature and amount of information requested.

3. McKesson objects to the subpoena to the extent it seeks information that is outside of the discovery requirements imposed upon McKesson by the Federal Rules of Civil Procedure.

4. McKesson objects to the subpoena to the extent it seeks information that is neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Due to the nature and amount of documents requested,

---

[1] These general objections to the subpoena are incorporated into each response to the specific requests for production and specific subject matters set forth below.



the cost of responding to the requests as written greatly exceeds any value to the defendants in obtaining the requested documents from McKesson.

5. McKesson objects to each request to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable discovery privilege or exemption.

6. McKesson objects to the subpoena to the extent it seeks information that contain trade secrets, proprietary commercial information or other confidential information protected by constitutional, statutory or common law rights of privacy, or information subject to a confidentiality agreement between McKesson and any other person or entity. Such documents will be produced, if at all, only upon the entry of an appropriate protective order applicable to McKesson's documents.

7. McKesson objects to the subpoena to the extent it seeks information not within McKesson's possession, custody or control.

8. McKesson objects to the subpoena to the extent it seeks information that is already in the possession, custody or control of the parties to the litigation.

9. McKesson objects to the subpoena to the extent it seeks information that may be obtained from another source that is more convenient, less burdensome or less expensive.

10. McKesson objects to the subpoena to the extent it is overbroad because various terms are not adequately defined and, thus, seeks information without proper limit to their subject matter or scope.

11. McKesson objects to the Subpoena as overly broad, unduly burdensome, and neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents relating to the policies and practices used to promote the use of any generic prescription drug rather than just generic conjugated estrogens products, which are the only drugs at issue in this litigation.

12. McKesson objects to the Subpoena on the grounds that certain of the requests are vague and ambiguous.

13. McKesson objects to the subpoena to the extent it is unreasonably cumulative or duplicative.

14. McKesson reserves the right to (i) object on any ground to the use of the documents that are produced in any proceeding in the litigation or in any other action, (ii) object on any ground to other discovery requests that involve or relate to the subject matter of the subpoena, and (iii) revise, correct, supplement or clarify any of the specific responses set forth herein.



15. McKesson reserves the right to redact portions of documents to excise information protected from discovery by the attorney-client privilege, the work product doctrine, the party communication privilege, the joint defense privilege, the consulting expert exemption or any other applicable discovery privilege or exemption. The inadvertent production of a privileged or otherwise protected document shall not be deemed to waive the privilege or protection with respect to that document or any other document.

16. By making a specific objection to a particular request, McKesson does not imply that the general objections are not applicable to such request.

17. McKesson objects to time period covered by the Notice (January 1, 1991 to present) on the grounds that it renders the subpoena overbroad, unduly burdensome, and not limited to information reasonably calculated to lead to the discovery of admissible evidence.

18. McKesson objects to the "Instructions" on the grounds that it seeks to impose on McKesson obligations beyond those set forth in the Federal Rules of Civil Procedure.

19. McKesson objects to the Definitions of the Subpoena to the extent that they purport to impose on McKesson obligations beyond those imposed by the Federal Rules of Civil Procedure or the local rules of the United States District Court for Northern District of California.

20. McKesson objects to the definition of "You" or "Your" as used in the Subpoena to the extent it purports to require McKesson to respond on behalf of its "subsidiaries, divisions, affiliates, officers, directors, employees, agents, including but not limited to attorneys and accountants" since such entities are not relevant to the disputes and issues in this lawsuit, and the definition therefore is overbroad and unduly burdensome.

21. McKesson objects to the definition of "Document(s)" as used in the Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses at issue in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

22. McKesson objects to the definition of "Communication" as used in the Subpoena insofar as it (1) seeks information not in the possession, custody or control of McKesson, or (2) seeks information that is subject to the attorney-client or attorney work product privilege, or (3) purports to require McKesson to produce information regarding computer programs or program documentation containing proprietary or otherwise protected information, or (4) is otherwise in contravention of the definition contemplated in either Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001.

23. McKesson objects to the definition of "Concerning" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims of defenses in this cause of action nor reasonably

Elizabeth Fegan Hartweg, Esq.
March 15, 2004
Page 4

## LATHAM&WATKINS LLP



calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

24. McKesson objects to the definition of "Person" as used in this Subpoena on the grounds that this definition is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses in this cause of action nor reasonably calculated to lead to the discovery of admissible evidence, in contravention of Federal Rule of Civil Procedure 26(b)(1).

## Requests for Production and Objections

Subject to and without waiving the foregoing general objections, McKesson also makes the following additional objections to the specific document requests in the subpoena:

### Request No. 1:

All documents evidencing the prices paid to You for Identified Drugs.

### Response:

In addition to its general objections, McKesson objects to this request because it is overbroad, unduly burdensome, oppressive, and seeks information that is irrelevant to this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence.

### Request No. 2:

All documents evidencing the net transaction cost to Your customers for Your sales of Identified Drugs.

### Response:

In addition to its general objections, McKesson objects to this request because it is overbroad, unduly burdensome, oppressive, and seeks information that is irrelevant to this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence. McKesson further objects to this request on the grounds that it is vague and ambiguous.

### Request No. 3:

All documents sufficient to show the rebates, discounts, chargebacks and other adjustments provided to You by a Defendant, or administered by Your on behalf of a Defendant, for each of the Identified Drugs.

Elizabeth Fegan Hartweg, Esq.
March 15, 2004
Page 5

## LATHAM&WATKINS LLP



Response:

In addition to its general objections, McKesson objects to this request because it is overbroad, unduly burdensome, oppressive, and seeks information that is irrelevant to this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 4:

All documents relating to a Defendant's suggested price for any Identified Drug, including but not limited to prices that a Defendant has suggested for sales that You make to a member of a group purchasing organization.

Response:

In addition to its general objections, McKesson objects to this request because it is overbroad, unduly burdensome, oppressive, and seeks information that is irrelevant to this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 5:

All documents concerning AWP, including but not limited to (i) documents related to Your use of AWP as a pricing term or pricing benchmark in any of Your contracts; (ii) documents discussing how You or others define AWP; (iii) documents discussing how AWP has been, or is currently, calculated; (iv) all communications between you and a Defendant concerning AWP; (vi) all communications between you and a Publisher concerning AWP; (vii) all communications between you and a Pharmacy Benefit Manager concerning AWP.

Response:

In addition to its general objections, McKesson objects to this request because it is overbroad, unduly burdensome, oppressive, and seeks information that is irrelevant to this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence. By way of further answer, McKesson objects to this request to the extent that the information requested either may not exist nor may be available to McKesson in the form requested. McKesson also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

Request No. 6:

All documents relating to Your role, or a Defendant's role, in the publication, appearance, or advertisement of the AWP of each Identified Drug in Publications during the Relevant Time Period.

LATHAM&WATKINS<sup>LLP</sup>



Response:

    In addition to its general objections, McKesson objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. McKesson further objects on the grounds that the request is vague and ambiguous.

Request No. 7:

    All documents concerning any pricing survey conducted by any Publication. This request includes but is not limited to any pricing data that You received or provided to a Publication.

Response:

    In addition to its general objections, McKesson objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. McKesson also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

Request No. 8:

    All contracts with Publications and all communications with Publications regarding Identified Drugs.

Response:

    In addition to its general objections, McKesson specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

Request No. 9:

    All contracts between You and the five largest retail pharmacies. "Five largest retail pharmacies" refers to the five pharmacies that represent Your largest retail pharmacy sales volume over the past three calendar years.

Response:

    In addition to its general objections, McKesson objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence. McKesson further objects on the grounds that the request is vague and ambiguous.

Elizabeth Fegan Hartweg, Esq.
March 15, 2004
Page 7

## LATHAM&WATKINS LLP



McKesson also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

Request No. 10:

All contracts between You and Pharmacy Benefit Managers Caremark, Medco, Express Scripts, and AdvancePCS.

Response:

In addition to its general objections, McKesson specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence. McKesson also objects to this request on the ground that it seeks information that is trade secret, proprietary and/or confidential.

Request No. 11

All documents produced by You, whether voluntarily or involuntary [sic], in any Government Investigation or inquiry related to the use of AWP, Rebates or any other consideration provided to you by a Defendant.

Response:

In addition to its general objections, McKesson specifically objects to this request on the grounds that it is overbroad, unduly burdensome and calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

Request No. 12

All documents relating to any legal proceeding (by country, court, caption, case number, etc.), including but not limited to court hearings, legislative hearings, mediations or arbitrations, in which you were a party, regarding the use of AWP, Rebates or any other consideration provided to you by a Defendant.

Response:

In addition to its general objections, McKesson specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence. McKesson also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

LATHAM&WATKINS<sup>LLP</sup>



### Request No. 13

All affidavits, declarations, depositions, or other written statements, including drafts, provided by you regarding the use of AWP, Rebates or any other consideration provided to you by a Defendant.

### Response:

In addition to its general objections, McKesson specifically objects to this request on the ground that it is vague, ambiguous and unintelligible. McKesson also objects to this request to the extent that it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or other applicable privileges.

### Request No. 14

All current and historical organizational charts for all of Your departments.

### Response:

In addition to its general objections, McKesson objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to the subject matter of the present dispute nor reasonably likely to lead to the discovery of admissible evidence.

### Request No. 15

All documents sufficient to identify Your policy or practice of document retention, destruction, disposal or preservation for each year during the Relevant Time Period.

### Response:

In addition to its general objections, McKesson specifically objects to this request on the ground that it calls for the production of documents that are neither relevant to any claim or defense at issue in this case, nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

## Payment Of McKesson's Expenses In Responding To The Subpoena

In addition to the objections listed above, McKesson is entitled to protection from significant expense resulting from the document inspection requested by the subpoena. Given the breadth of the subpoena, and the fact that McKesson may have responsive documents in many different locations throughout the United States, McKesson believes that it can only be protected from such expense if the defendant agrees in advance to reimburse McKesson for its reasonable costs to comply with the subpoena. Those costs would include computer time, employee time in searching for, reviewing and assembling the responsive documents and other costs incurred in reviewing, copying, redacting, and shipping documents. Once the scope of the

Elizabeth Fegan Hartweg, Esq.
March 15, 2004
Page 9

## LATHAM&WATKINS LLP



subpoena is resolved, we will need to reach agreement on the payment of those costs prior to McKesson responding to the subpoena.

Very truly yours,

Peter K. Huston
of LATHAM & WATKINS LLP

SF\455673.1