# EXHIBIT D

## McKesson Timeline

2/16  Original Subpoena (Production/Response due 2/27)

3/15  Written Objections from Peter Huston, Esq., Latham & Watkins

5/5  Amended Subpoena (Production/Response due 5/19)
 Only changed the Appendix, increasing the number of Identified Drugs
 Served just like the Original Subpoena
 No written Objections were ever received

*Peter Huston – Latham & Watkins*

6/5  Begin series of calls trying to get a response from Huston and preliminary conversations. He will confirm service of Amended Subpoena (although it was served as the Original Subpoena, which had been responded to). He may be conflicted out, but will confirm and find out who will be representing McKesson. No progress made in these conversations

6/11  Speak with Huston. Questions as to his conflict and service remain unresolved.

6/11  Letter from George to Huston. Setting forth details of status and agreement. Huston will confirm service and the person representing McKesson at a meeting with client on that day. McKesson had agreed to produce documents responsive to Requests 4 & 5 forthwith, which has not happened.

6/14  Call to Huston to learn that he had not determined who will be representing McKesson or whether service is accepted at the meeting with his client. The Amended Subpoena had "fallen through the cracks."

6/16  Letter from Huston to George. Explaining he is conflicted out, but does not know who will be representing McKesson. Provides name and number of a senior paralegal (Kimbir Tate) in McKesson's Law Department with whom to pursue the matter.

6/16-18  Repeated calls to Kimbir Tate to determine who is representing McKesson are unreturned.

6/18  Letter from George to Huston (cc General Counsel of McKesson). Explaining non-response by McKesson is further prejudicing plaintiffs. One and a half months overdue, neither documents have been produced nor service confirmed.

*Stephen Kaus –Cooper, White and Cooper*

6/18    Kaus calls and e-mails in response to my letter to Huston. He will be representing McKesson, but needs a copy of the Amended Subpoena. Service has not been accepted.

   George makes subsequent calls without immediate response

6/21    Kaus e-mail to George. He has a copy of the Amended Subpoena.

6/21 or 22    Call with Kaus discussing the scope of the Amended Subpoena which he will discuss with his client. George reiterated that production of Category 4 and 5 documents could begin immediately and suggested immediate production to Category 3 as none of the Requests have any substantive objection. He will respond in a few days

6/25    Voicemail to Kaus without response

6/25    Letter from George to Kaus. Reiterating prejudice to plaintiffs and restating status.

6/28    Letter from Kaus to George

6/28    Call with Kaus to clarify status. Only half of the original discussion between counsel has been cleared up with his client

6/30    Call to Kaus. Kaus claims to have sent long e-mail of items and issues to McKesson for response. No response received yet. Per meeting with McKesson prior Friday, will be collecting requested contacts and some documents relating to Government Investigations.

7/2    Voicemail exchange. Kaus has still received no word from McKesson.

7/7    E-mail exchange. Still no word from McKesson. The Law Department was flooded, promises response to outstanding matters by Friday.

   To date no documents or promised, further correspondence have been received by counsel for plaintiffs.

## McKesson Timeline

| | |
|---|---|
| 2/16 | Original Subpoena (Production/Response due 2/27) |
| 3/15 | Written Objections from Peter Huston, Esq., Latham & Watkins |
| 5/5 | Amended Subpoena (Production/Response due 5/19)<br>Only changed the Appendix, increasing the number of Identified Drugs<br>Served just like the Original Subpoena<br>No written Objections were ever received |

*Peter Huston – Latham & Watkins*

6/5     Begin series of calls trying to get a response from Huston and preliminary conversations. He will confirm service of Amended Subpoena (although it was served as the Original Subpoena, which had been responded to). He may be conflicted out, but will confirm and find out who will be representing McKesson. No progress made in these conversations

6/11     Speak with Huston. Questions as to his conflict and service remain unresolved.

6/11     Letter from George to Huston. Setting forth details of status and agreement. Huston will confirm service and the person representing McKesson at a meeting with client on that day. McKesson had agreed to produce documents responsive to Requests 4 & 5 forthwith, which has not happened.

6/14     Call to Huston to learn that he had not determined who will be representing McKesson or whether service is accepted at the meeting with his client. The Amended Subpoena had "fallen through the cracks."

6/16     Letter from Huston to George. Explaining he is conflicted out, but does not know who will be representing McKesson. Provides name and number of a senior paralegal (Kimbir Tate) in McKesson's Law Department with whom to pursue the matter.

6/16-18     Repeated calls to Kimbir Tate to determine who is representing McKesson are unreturned.

6/18     Letter from George to Huston (cc General Counsel of McKesson). Explaining non-response by McKesson is further prejudicing plaintiffs. One and a half months overdue, neither documents have been produced nor service confirmed.

*Stephen Kaus –Cooper, White and Cooper*

6/18        Kaus calls and e-mails in response to my letter to Huston. He will be representing McKesson, but needs a copy of the Amended Subpoena. Service has not been accepted.

            George makes subsequent calls without immediate response

6/21        Kaus e-mail to George. He has a copy of the Amended Subpoena.

6/21 or 22  Call with Kaus discussing the scope of the Amended Subpoena which he will discuss with his client. George reiterated that production of Category 4 and 5 documents could begin immediately and suggested immediate production to Category 3 as none of the Requests have any substantive objection. He will respond in a few days

6/25        Voicemail to Kaus without response

6/25        Letter from George to Kaus. Reiterating prejudice to plaintiffs and restating status.

6/28        Letter from Kaus to George

6/28        Call with Kaus to clarify status. Only half of the original discussion between counsel has been cleared up with his client

6/30        Call to Kaus. Kaus claims to have sent long e-mail of items and issues to McKesson for response. No response received yet. Per meeting with McKesson prior Friday, will be collecting requested contacts and some documents relating to Government Investigations.

7/2         Voicemail exchange. Kaus has still received no word from McKesson.

7/7         E-mail exchange. Still no word from McKesson. The Law Department was flooded, promises response to outstanding matters by Friday.

            To date no documents or promised, further correspondence have been received by counsel for plaintiffs.