# EXHIBIT E

## SHELLER, LUDWIG & BADEY, P.C.

1628 WALNUT STREET
3RD FLOOR
PHILADELPHIA, PA 19102

(215) 790-7300 • (800) 883-2299
FAX (215) 546-0942
WEB SITE WWW.SHELLER.COM

STEPHEN A. SHELLER *
GEORGE I. BADEY, III **
BRUCE M. LUDWIG
SUSAN J. HERCZEG
NANCY O. RHOADS
JOHN P. KOPESKY**
JAMIE L. SHELLER†
ANNE E. PEDERSEN
JONATHAN SHUB
ALBERT J. BROOKS**
MICHAEL H. DIGENOVA**
CHARLES B. MANGAN**
MARC B. AUERBACH
CAROLINE K. REEVES†
J. MARTIN PUTRELL††
SCOTT ALAN GEORGE

*ALSO MEMBER D.C. BAR
**ALSO MEMBER N.J. BAR
†ALSO MEMBER D.C. & N.J. BAR
††ALSO MEMBER N.C. & N.J. BAR

WRITER'S DIRECT E-MAIL:

NEW JERSEY OFFICE
ONE GREENTREE CENTRE
SUITE 201
ROUTE 73 & GREENTREE ROAD
MARLTON, NJ 08053
(856) 988-5590
FAX (856) 988-8359

OF COUNSEL
DAVID J. BERNEY

BARRY J. PALKOVITZ
MCKEESPORT, PA 15132
(412) 678-9000

L. VINCENT RAMUNNO
WILMINGTON, DE 19801
(302) 656-9400

DAVID M. ARBOGAST
BURLINGAME, CA 94010
(650) 344-7436

AFFILIATED
SCHMIDT, RONCA & KRAMER, P.C.
JAMES R. RONCA
209 STATE STREET
HARRISBURG, PA 17101
(215) 790-7303

June 11, 2004

**VIA FACSIMILE**

Peter K. Huston, Esquire
Latham & Watkins, LLP
505 Montgomery Street, Suite 1900
San Francisco, CA 94111-2562

RE: In re: Pharmaceutical Industry Average Wholesale Price Litigation
(MDL No. 1456; USDC Dist Mass)

Dear Peter:

I am writing to confirm the substance of our conversation on June 11 regarding your client's, McKesson Corporation's, response to the Amended Subpoena served on May 5, 2004 by Plaintiffs in the above referenced litigation.

Your client is adopting as its written response to the Amended Subpoena the written response you submitted by letter on March 15, 2004, to the original Subpoena. Your client is making no objection as to the adequacy of service of the Amended Subpoena.

You will be confirming with your client on this day whether you have a conflict which precludes you from any additional representation in this matter. In addition, you will confirm and promptly notify me of the person who will be handling representation in this matter. Because of the delay that has beset efforts to resolve the disputes related to the Amended Subpoena, I would like this information no later than the start of business on Monday, June 14.

Peter K. Huston, Esquire
June 11, 2004
Page Two

    Finally, your client will immediate begin review for and production of documents responsive to the Requests under Categories 4 and 5 of the Amended Subpoena.

Very truly yours,

Scott A. George

SAG/hv

# LATHAM&WATKINS LLP

505 Montgomery Street, Suite 1900
San Francisco, California 94111-2562
Tel: (415) 391-0600 Fax: (415) 395-8095
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Boston | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| | Washington, D.C. |

June 16, 2004

Scott George, Esq.
Sheller, Ludwig & Badey P.C.
1528 Walnut Street, Third Floor
Philadelphia, Pennsylvania 19102

File No. 021532-0025

Re:  In re: Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456

Dear Mr. George:

This will confirm our discussion of last week regarding the May 5, 2004 subpoena to McKesson in the above-referenced case. We are trying to track down whether McKesson was ever formally served with this subpoena. In any event, you indicated that the subpoena was identical to the previous subpoena served on McKesson with the exception of a revised list of drugs in Exhibit A. You agreed that the objection letter that McKesson's sent in response to the previous subpoena would suffice for purposes of the May 5 subpoena. As I mentioned to you, I will be unable to represent McKesson with respect to this subpoena due to a conflict. This morning I left you a telephone message letting you know that until McKesson retains outside counsel I suggest you address inquiries about the subpoena to Kimbir Tate in the McKesson Law Department. If you have any questions please do not hesitate to contact me.

Very truly yours,

Peter K. Huston
of LATHAM & WATKINS LLP

cc: Kimbir Tate

SF\470403.1

## SHELLER, LUDWIG & BADEY, P.C.

1628 WALNUT STREET
3RD FLOOR
PHILADELPHIA, PA. 19102

(215) 790-7300 • (800) 883-2299
FAX (215) 546-0942
WEB SITE WWW.SHELLER.COM

STEPHEN A. SHELLER *
GEORGE I. BADEY, III **
BRUCE M. LUDWIG
SUSAN J. HERCZEG
NANCY G. RHOADS
JOHN P. KOPESKY**
JAMIE L. SHELLER†
ANNE E. PEDERSEN
JONATHAN SHUB
ALBERT J. BROOKS**
MICHAEL H. DiGENOVA**
CHARLES B. MANGAN**
MARC B. AUERBACH
CAROLINE E. REEVES‡
J. MARTIN FUTRELL††
SCOTT ALAN GEORGE**
LEANNE P. BROWN‡
BRIDGET CLARKE**
WILLIAM S. GORDON**
AKIM F. CZMUS, M.D.

*ALSO MEMBER D.C. BAR
**ALSO MEMBER N.J. BAR
‡ALSO MEMBER D.C. & N.J. BAR
†† ALSO MEMBER N.C., N.J. & N.Y. BAR
† ALSO MEMBER FL. BAR
°°ALSO MEMBER N.J. & FL. BAR

WRITER'S DIRECT E-MAIL:

NEW JERSEY OFFICE
ONE GREENTREE CENTRE
SUITE 201
ROUTE 73 & GREENTREE ROAD
MARLTON, NJ. 08053
(856) 988-5880
FAX (856) 596-8359

OF COUNSEL
DAVID J. BERNEY

BARRY J. PALKOVITZ
McKEESPORT, PA 15132
(412) 678-1000

L. VINCENT RAMUNNO
WILMINGTON, DE. 19801
(302) 656-9400

DAVID M. ARBOGAST
BURLINGAME, CA 94010
(650) 344-7438

AFFILIATED
SCHMIDT, RONCA & KRAMER, P.C.
JAMES R. RONCA
209 STATE STREET
HARRISBURG, PA 17101
(215) 790-7300

June 18, 2004

**VIA FACSIMILE & REGULAR MAIL**

Peter K. Huston, Esquire
Latham & Watkins, LLP
505 Montgomery Street, Suite 1900
San Francisco, CA 94111-2562

RE: In re: Pharmaceutical Industry Average Wholesale Price Litigation
(MDL No. 1456; USDC Dist Mass)

Dear Mr. Huston,

I am in receipt of your letter dated June 16, 2004. Despite my clear statements, including those in my June 11, 2004 letter, that the delay of your client's response to the Amended Subpoena is prejudicing plaintiffs in the above litigation, neither you nor McKesson have been effectively responsive. Indeed, despite your assurances last week that you and your client would be identifying the person who would be representing McKesson in this matter, no such person has yet been identified. Rather, you provided, it appears without meaningful introduction, a single contact in McKesson's Law Department. Like my calls to yourself, my calls to this person, Kimbir Tate, have received no response.

McKesson's response to the Amended Subpoena is now one month over-due, and my efforts to meet and confer over the past weeks have been fruitless. Indeed, despite the weeks McKesson and you had to investigate the matter, no one

Peter K. Huston, Esquire
June 18, 2004
Page Two

appears clear whether the Amended Subpoena was properly served. If McKesson does not immediately have a person contact me with the authority to meet and confer, and has not begun collecting documents responsive to the Requests, I will have no choice but to seek the severest sanctions.

Very truly yours,

Scott A. George

SAG/hv

cc: Ivan D. Meyerson, Esquire (via fax)
    Kimbir Tate (via fax)
    Ken Wexler, Esquire (via fax)

## Scott George

**From:** Stephen Kaus [SKaus@cwclaw.com]
**Sent:** Friday, June 18, 2004 8:22 PM
**To:** sgeorge@sheller.com
**Subject:** McKesson

Dear Mr. George

In response to your letter of today's date to Peter K. Hudson, our firm will be representing McKesson Corporation with regard to the amended subpoena you discuss. It is my understanding that the subpoena has not been served. If you have information to the contrary, please supply it to me.

Also, I would appreciate your supplying me with a copy of the subpoena.

I will call you on Monday about this matter.

Stephen Kaus

---

Stephen Kaus
Cooper, White & Cooper LLP
201 California Street, 17th Floor
San Francisco, California 94111
E-mail: skaus@cwclaw.com
Telephone: 415-433-1900; 415-765-0378 (inside)
Mobile: 415-608-5970
Facsimile: 415-433-5530
================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail and delete the message. Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document. Thank you very much.

7/8/2004

## Scott George

**From:** Stephen Kaus [SKaus@cwclaw.com]
**Sent:** Monday, June 21, 2004 6:25 PM
**To:** sgeorge@sheller.com
**Subject:** McKesson subpoena

Mr. George

As I indicated on your voicemail, our office will be representing McKesson Corporation with regard to the subpoena you previously sent to Peter Huston. I would appreciate it if you could send me a copy of that subpoena and after I have a chance to review it, I would be happy to talk to you about McKesson's response.

I hope that we can reach a mutually satisfactory resolution.

Stephen Kaus

---

Stephen Kaus
Cooper, White & Cooper LLP
201 California Street, 17th Floor
San Francisco, California 94111
E-mail: skaus@cwclaw.com
Telephone: 415-433-1900; 415-765-0378 (inside)
Mobile: 415-608-5970
Facsimile: 415-433-5530

==================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail and delete the message. Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document. Thank you very much.

7/8/2004

## Scott George

**From:** Stephen Kaus [SKaus@cwclaw.com]
**Sent:** Monday, June 21, 2004 8:08 PM
**To:** sgeorge@sheller.com
**Subject:** McKesson subpoena

Mr. George

I take it back. I have the subpoena. Let's talk tomorrow.

Stephen Kaus

---

Stephen Kaus
Cooper, White & Cooper LLP
201 California Street, 17th Floor
San Francisco, California 94111
E-mail: skaus@cwclaw.com
Telephone: 415-433-1900; 415-765-0378 (inside)
Mobile: 415-606-5970
Facsimile: 415-433-5530
==============================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail and delete the message. Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document. Thank you very much.

7/8/2004

# SHELLER, LUDWIG & BADEY, P.C.

1528 WALNUT STREET
3RD FLOOR
PHILADELPHIA, PA. 19102

(215) 790-7300 • (800) 883-2298
FAX (215) 546-0942
WEB SITE WWW.SHELLER.COM

STEPHEN A. SHELLER *
GEORGE J. BADEY, III **
BRUCE M. LUDWIG
SUSAN J. HERCZEG '
NANCY G. RHOADS
JOHN P. KOPESKY**
JAMIE L. SHELLER*
ANNE B. FEDERBEN
JONATHAN SHUB
ALBERT J. BROOKS**
MICHAEL H. DIGENOVA**
CHARLES B. MANGAN**
MARC B. AUERBACH
CAROLINE K. REEVES†
J. MARTIN FUTTRELL††
SCOTT ALAN GEORGE**
LEANNE P. BROWN *
BRIDGET CLARKE**
WILLIAM S. GORDON*
AKIM P. CZMUS, M.D.

*ALSO MEMBER D.C. BAR
**ALSO MEMBER NJ BAR
†ALSO MEMBER D.C. & NJ. BAR
†† ALSO MEMBER N.C., NJ. & N.Y. BAR
*ALSO MEMBER FL BAR
**ALSO MEMBER NJ. & FL. BAR

WRITER'S DIRECT E-MAIL

NEW JERSEY OFFICE
ONE GREENTREE CENTRE
SUITE 201
ROUTE 73 & GREENTREE ROAD
MARLTON, NJ. 08053
(856) 988-5590
FAX (856) 596-8350

OF COUNSEL
DAVID J. BERNEY

BARRY J. PALKOVITZ
McKEESPORT, PA 15132
(412) 678-9000

L. VINCENT RAMUNNO
WILMINGTON, DE. 19801
(302) 656-9400

DAVID M. ARBOGAST
BURLINGAME, CA 94010
(650) 344-7438

AFFILIATED
SCHMIDT, RONCA & KRAMER, P.C.
JAMES R. RONCA
209 STATE STREET
HARRISBURG, PA 17101
(215) 790-7303

June 25, 2004

**VIA FACSIMILE & REGULAR MAIL**

Stephen Kaus, Esquire
Cooper, White & Cooper, LLP
201 California Street, 17th Floor
San Francisco, CA 94111

RE: In re: Pharmaceutical Industry Average Wholesale Price Litigation
(MDL No. 1456; USDC Dist Mass)

Dear Stephen:

Failing to receive any response to my message today, I am writing to confirm the matters that have been resolved thus far in relation to the Amended Subpoena originally served on May 5, 2004 on your client, McKesson Corporation, in the above litigation.

As you may recall, I was engaged over the past month simply trying to begin a meaningful dialogue about your client's failure to comply with the Amended Subpoena. At our preliminary conversation earlier this week, we discussed a number of possible compromises relating to the scope of information sought under the Category 1 Requests, including limiting the clients covered by the search and focusing on information available electronically.

In light of the time that has passed since service of the Amended Subpoena, however, I urged your client to immediately begin collecting documents responsive to Categories 4 and 5, as these Requests were not controversial in scope, and the documents responsive to these requests

Stephen Kaus, Esquire
June 25, 2004
Page Two

should be readily organized and available. Similarly, with the assumption that the universe of responsive documents was relatively limited, I urged your client to consider immediate production of documents responsive to Category 3 Requests.

I reiterate my earlier statement that your client's production of documents in response to the Amended Subpoena is long delinquent. My inability to close this week with any further agreement or progress further prejudices my clients. To ensure that this matter moves forward, a Motion to Compel may follow shortly.

Very truly yours,

Scott A. George

SAG/hv

cc: Ken Wexler, Esquire

# COOPER, WHITE & COOPER LLP

ATTORNEYS AT LAW
101 CALIFORNIA STREET SEVENTEENTH FLOOR
SAN FRANCISCO CALIFORNIA 94111
(415) 433-1900

A LIMITED LIABILITY
PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
FACSIMILE (415) 433-5530
WWW.CWCLAW.COM

CONTRA COSTA OFFICE
1333 N CALIFORNIA BLVD
WALNUT CREEK
CALIFORNIA 94596
(925) 935-0700

June 28, 2004

By Facsimile (215-549-0942) and United States Mail

Scott A. George, Esq.
Sheller, Ludwig & Badey
1528 Walnut Street
Third Floor
Philadelphia, Pennsylvania 19102

Re: <u>In re: Pharmaceutical Industry AWP Litigation (MDL No. 1456; USDC District of Massachusetts</u>

Dear Mr. George:

I am responding to your telephone message left at 5:15 a.m. Friday, our time, and your follow up letter, decrying my lack of a response, that I received shortly after 2 p.m.. For your information, in the interim, aside from eating breakfast, I was at a hearing of the San Francisco Board of Supervisors representing the Bar Association of San Francisco and was unable to call you back. I received the voicemail that you left at 6:15 a.m. this morning, Pacific Daylight Time, and I appreciate its more conciliatory tone, but I wanted to send this letter to clarify the situation.

As I told you when we spoke on Tuesday June 22nd, McKesson will endeavor to cooperate with your document subpoena. As you acknowledged, the subpoena is extremely broad. Taken literally, it probably would encompass the majority of McKesson pharmaceutical transactions for the past thirteen years. You and I agreed to try and determine which items could be responded to quickly and which would need to be narrowed. You shared your ideas for narrowing the subpoena with me and I indicated that I would discuss the issues with my clients and get back to you. I also told you that my understanding was that McKesson was responding to a number of other inquiries on various matters, some from state or federal government law enforcement agencies and some from litigation pursuant to court order or subpoena, and that it could take an extended period before the records could be accessed.

Scott A. George,
June 28, 2004
Page 2

      As I indicated on your voicemail, if you can limit your request to the two years preceding the gathering of the data, you can have a response within a week or two. If that is not satisfactory, it may be difficult to provide you with information in advance of your September class motion deadline. Beyond two years, the historical information you seek would have to be farmed from the tapes at a single McKesson location ("Data Center") where all orders are received and then transmitted to regional distribution centers ("Distribution Centers"). There are approximately fifteen million line items a day. This information is not sorted in any way, so the limitations you suggested are not really helpful or practical. A computer program has to be written to search for whatever is sought, and then the program has to be run, which can take days or weeks, depending on the extent of the search. Even then, the information will not be complete, because it is set out by NDC numbers that change over time. McKesson has no historic information on previous NDC numbers, so you will have to provide them. I understand that some NDC numbers have been reused. Once the initial request is logged, McKesson uses numbers that refer to the location of the drug in the Distribution Center, not the NDC number. These numbers change even more rapidly, so the Data Center tapes are the only real source of the information you seek.

      The data retrieval also is not particularly reliable. Although I believe the same program has been used over the years, the program and coding language have been updated periodically and older data may not be accessible. Prior to 1998, the last time that a major change occurred, there are significant validity problems. Additionally, all of the information is on a single set of tapes that is presently in use and needed for other requests that precede yours. The cost of historic data retrieval is considerable and McKesson expects to be compensated pursuant to the Federal Rules. To get a report on a single drug takes 60-80 hours including writing a search request, debugging and conducting the search. Several years ago, McKesson determined that its search cost was $50 per Distribution Center per month searched. It is higher now. What you are requesting would cost hundreds of thousand of dollars.

      You are correct that the items in the latter categories of your subpoena, like contracts, are more easily obtained and McKesson is endeavoring to locate them for production. I will call you during next week to discuss what has been located.

      Finally, I must take issue with the scolding tone of your letter and your assertion that McKesson is "long delinquent." As a courtesy, I accepted service of the Amended Subpoena on behalf of McKesson <u>as of our conversation last Tuesday, four days ago</u>. I spent several hours yesterday meeting with members of the McKesson legal

Scott A. George,
June 28, 2004
Page 3

department regarding the subpoena, your limiting suggestions and the logistics of a response. I am happy to cooperate, but I cannot stand by while you write letters obviously intended as exhibits to a motion and that mischaracterize what has occurred.

Thank you for your consideration in this matter.

Sincerely yours,

Stephen Kaus

41195112

## Scott George

| | |
|---|---|
| From: | Scott George [sgeorge@sheller.com] |
| Sent: | Wednesday, July 07, 2004 8:05 AM |
| To: | skaus@cwlaw.com |
| Subject: | AWP - McKesson Subpoena |

Steve,

    I received your message late last week regarding your open-ended queries to McKesson.

    Please advise as to the status of your client's decision regarding production of documents responsive to the Amended Subpoena in the AWP Litigation. As I understand it, I have made a number of clarifications as to the scope of production which your client is considering. Also, your client is investigating the practicability of responding to Category 1 Requests (Pricing and Pricing Related) based on existing electronic databases.

    As I have advised repeatedly, this matter has become exceedingly protracted.

Very Truly,

Scott

*******************************************
Scott Alan George, Esq.
Sheller, Ludwig & Badey, P.C.
Philadelphia, PA
215.790.7315
sgeorge@sheller.com
www.sheller.com

This e-mail is sent by a law firm
and contains information that may
be privileged and confidential. If
you are not the intended recipient,
please delete this e-mail and any
attachments to it. Thank you.

1

## Scott George

**From:** Stephen Kaus [SKaus@cwclaw.com]
**Sent:** Wednesday, July 07, 2004 3:00 PM
**To:** Scott George
**Cc:** Kimbir. Tate (E-mail); Richard Ardoin (E-mail)
**Subject:** RE: McKesson subpoena

Scott

I have learned that the McKesson Law Department suffered a flood last Friday and is still drying out and operating out of alternate facilities. That is why I had not been able to follow up on our conversation of last week.

I now am working with personnel at McKesson on a written response to the questions you and I discussed last week and hope to have something to you by Friday at the latest.

Steve Kaus

-----Original Message-----
**From:** Scott George [mailto:sgeorge@sheller.com]
**Sent:** Wednesday, July 07, 2004 5:09 AM
**To:** Stephen Kaus
**Subject:** RE: McKesson subpoena

Stephen,

I received your message late last week regarding your open-ended queries to McKesson.

Please advise as to the status of your client's decision regarding production of documents responsive to the Amended Subpoena in the AWP Litigation. As I understand it, I have made a number of clarifications as to the scope of production which your client is considering. Also, your client is investigating the practicability of responding to Category 1 Requests (Pricing and Pricing Related) based on existing electronic databases.

As I have advised repeatedly, this matter has become exceedingly protracted.

Very Truly,

Scott

*******************************************
Scott Alan George, Esq.
Sheller, Ludwig & Badey, P.C.
Philadelphia, PA
215.790.7315
sgeorge@sheller.com
www.sheller.com

This e-mail is sent by a law firm
and contains information that may

7/8/2004