UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS<br><br>Judge Patti B. Saris<br><br>Chief Mag. Judge Marianne B. Bowler |
| THIS DOCUMENTS RELATES TO 01-CV-12257-PBS | |

### ASTRAZENECA'S MOTION FOR A PROTECTIVE ORDER LIMITING THE SCOPE OF CERTAIN THIRD PARTY SUBPOENAS

Pursuant to Rule 26(c)(4) of the Federal Rules of Civil Procedure, Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") hereby moves for a protective order limiting the scope of certain subpoenas served on the following third parties: Simon-Kucher and Partners; Ruder Finn, Inc.; Sudler & Hennessey; Cardinal Health 108, Inc.; Objective Insights; Migliara/Kaplan Associates; Parexel International Corp.; State & Federal Associates; Eidetics, Inc.; The Benfield Group; and Accenture, Ltd.

The subpoenas at issue, which are attached to the accompanying memorandum as Exhibit A, are remarkably overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, these subpoenas inappropriately seek discovery related to: 1) AstraZeneca's foreign parent company, AstraZeneca PLC, which is not a party to this action; and 2) drugs manufactured by AstraZeneca that are not identified on Appendix A to the Amended Master Consolidated Class Action Complaint ("AMCC"), and therefore not at issue in this action. In addition, these subpoenas inappropriately seek all documents and information in the possession of these third parties relating to AstraZeneca, regardless of whether the subject matter of the material is relevant to Plaintiffs' claims. Accordingly, as demonstrated in the

accompanying memorandum, a Protective Order should issue pursuant to Rule 26(c)(4) limiting the scope of these subpoenas as follows: 1) excluding documents relating exclusively to AstraZeneca PLC; 2) excluding documents relating exclusively to drugs that are not specifically identified in Appendix A to the AMCC; and 3) including only those documents that relate to the pricing or reimbursement of the AstraZeneca drugs identified on Appendix A to the AMCC .

Respectfully submitted,

By: /s/ Lucy Fowler
    Nicholas C. Theodorou (BBO #496730)
    Lucy Fowler, Esq. (BBO #647929)
    FOLEY HOAG LLP
    155 Seaport Boulevard
    Boston, MA  02110
    (617) 832-1000

    D. Scott Wise (admitted *pro hac vice*)
    Kimberley D. Harris (admitted *pro hac vice*)
    DAVIS POLK & WARDWELL
    450 Lexington Avenue
    New York, NY  10017
    (212) 450-4000

    Attorneys for AstraZeneca Pharmaceuticals LP

Dated:  August 20, 2004

### CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on August 20, 2004, a copy to Verilaw Technologies for posting and notification to all parties.

    /s/ Lucy Fowler
    Lucy Fowler

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for defendants conferred with counsel for plaintiffs on this motion, and attempted in good faith to resolve or narrow the issue.

/s/ Lucy Fowler
Lucy Fowler