UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENTS RELATES TO 01-CV-12257-PBS | Chief Mag. Judge Marianne B. Bowler |

### MEMORANDUM IN SUPPORT OF ASTRAZENECA'S MOTION FOR A PROTECTIVE ORDER LIMITING THE SCOPE OF CERTAIN THIRD PARTY SUBPOENAS

AstraZeneca Pharmaceuticals LP respectfully submits this memorandum in support of its motion, pursuant to Rule 26(c)(4) of the Federal Rules of Civil Procedure, for a protective order limiting the scope of certain subpoenas served on the following third parties: Simon-Kucher and Partners; Ruder Finn, Inc.; Sudler & Hennessey; Cardinal Health 108, Inc.; Objective Insights; Migliara/Kaplan Associates; Parexel International Corp.; State & Federal Associates; Eidetics, Inc.; The Benfield Group; and Accenture, Ltd (the "Subpoenas").[1]

### INTRODUCTION

In what can only be described as a "fishing expedition," Plaintiffs have served eleven third parties with subpoenas seeking every document in these parties' possession relating in any way to AstraZeneca for a period covering more than thirteen years. In fact, it is clear from the face of these subpoenas that plaintiffs have made little, if any, attempt to focus their requests to these third parties on matters that are even remotely relevant to the claims asserted against

---

[1] The subpoenas at issue, which are substantially similar, are attached hereto as Exhibit A.

AstraZeneca in the Amended Master Consolidated Class Action Complaint ("AMCC"). Such an abuse of discovery amounts to little more than harassment and should not be countenanced by this Court. Accordingly, AstraZeneca respectfully submits that a protective order should issue pursuant to Rule 26(c)(4) of the Federal Rules of Civil Procedure limiting the scope of discovery pursuant to these subpoenas as demonstrated below.[2]

## ARGUMENT

### A.   The Definition of "AstraZeneca" in the Subpoenas Should Exclude AstraZeneca PLC

All of the Subpoenas inappropriately seek discovery relating to AstraZeneca PLC, a foreign corporation which is not a party to this action, by including AstraZeneca PLC in the definition of "AstraZeneca." See, e.g., Objective Insights Subpoena, Definitions and Instructions, ¶ 1. Plaintiffs do not dispute that AstraZeneca PLC is a foreign company with its headquarters in the United Kingdom. See AMCC ¶¶ 44, 46. Plaintiffs have not named AstraZeneca PLC as a defendant in the AMCC, see AMCC ¶¶ 44-46, nor have plaintiffs alleged any conduct in support of their claims attributable to AstraZeneca PLC, AMCC ¶¶ 232-49. In short, other than the mere existence of a parent-subsidiary relationship, there is no basis in the complaint for concluding that any documents relating to AstraZeneca PLC are relevant in any way to the claims asserted in the AMCC against AstraZeneca Pharmaceuticals LP. Since the

---

[2] Since the Subpoenas seek documents from third parties retained by AstraZeneca relating to AstraZeneca and the proprietary work performed for AstraZeneca, see, e.g., Objective Insights Subpoena, Request Nos. 1-14, AstraZeneca has standing pursuant to Rule 26 to seek a Protective Order with respect to the overbreadth of the Subpoenas. See New Park Entm't LLC v. Electric Factory Concerts, Inc., 2000 WL 62315, No. Civ. A. 98-775, at *4-7, (E.D. Pa. 2000) (holding that defendants had standing to seek a protective order relating to subpoenas served on third parties, since the defendants had a personal right in the documents requested, including confidential research, development and commercial information); Chemical Bank v. Dana, 149 F.R.D. 11, 13 (D. Conn. 1993) (holding that defendant had standing to object to subpoena to third party seeking documents relating to business dealings; granting motion for protective order by excluding documents unrelated to subject matter of complaint); see also Wright & Miller, 9A Fed. Prac. & Proc. Civ. 2d § 2457 ("The purpose of this notice [under Rule 45] is to afford other parties an opportunity to object to the production or inspection . . . .").

mere existence of a parent-subsidiary relationship would not even be sufficient to establish personal jurisdiction over AstraZeneca PLC, see Escude Cruz v. Ortho Pharm. Corp., 619 F.2d 902, 905 (1st Cir. 1980) ("[T]he fact that the parent may own all of the stock of the subsidiary and even maintain control incident to stock ownership does not justify ignoring the corporate separateness of the two corporations."), it surely cannot provide sufficient justification for pursuing discovery on the merits relating to AstraZeneca PLC. Accordingly, the scope of the Supboenas should be limited pursuant to Rule 26(c)(4) to exclude any documents relating exclusively to AstraZeneca PLC.

### B. The Definition of "AstraZeneca drugs" in the Subpoenas Should Exclude Any Drug Not Identified on Appendix A to the AMCC

All of the Subpoenas inappropriately seek discovery relating to AstraZeneca drugs that are not identified in Appendix A to the AMCC, and therefore not at issue in this case, by including the phrase "any other drugs manufactured or marketed by AstraZeneca" in the definition of "AstraZeneca drugs." See, e.g., Objective Insights Subpoena, Definitions and Instructions, ¶ 12 (also listing drugs identified in Appendix A to the AMCC).[3] The Subpoenas then request documents relating to "any AstraZeneca drug," effectively sweeping within the scope of the Subpoenas documents relating to all of AstraZeneca's products. See, e.g., Objective Insights Subpoena, Requests 12-14. This unwarranted expansion of discovery is contrary to Judge Saris's prior rulings in this case and plaintiffs' own prior practices.

Like the Subpoenas, plaintiffs' initial consolidated complaint, titled the Master Consolidated Class Action Complaint ("MCC"), attempted to sweep within its scope "all brand

---

[3] The following AstraZeneca drugs -- and only these drugs -- are listed on Appendix A and in AMCC ¶ 231: Accolate, Arimidex, Atacand, Atacand HCT, Casodex, Diprivan, Entocort, Nexium, Novladex, Prilosec, Pulmicort, Rhinocort, Seroquel, Toprol, Zestril, Zoladex and Zomig.

name drugs" without specifically identifying the particular drugs at issue. See MCC ¶¶ 166, 333. Judge Saris granted in part defendants' motion to dismiss the MCC on this issue, ruling that plaintiffs must specifically identify the drugs on which their claims were based. In re Pharm. Indus. Average Wholesale Price Litig., 263 F. Supp. 2d 172, 194 (D. Mass 2003) ("Pharm I"). Although Judge Saris allowed plaintiffs the opportunity to amend, she specifically restricted discovery in the interim to those few drugs that had been specifically identified in the MCC. See Case Management Order ("CMO") No. 7, ¶ II(1).

In response to the Court's opinion, plaintiffs filed the AMCC, which included a list of the specific drugs at issue in Appendix A. The AMCC also alleged:

> "In response to the Court's Order on the motion to dismiss, plaintiffs have prepared a list of each of the specific drugs that are the subject of the claims herein. This list is attached as Exhibit A to the Complaint. The drugs identified in Exhibit A will be referred to herein as the AWP Inflated Drugs ("AWPID or "AWPIDs"). And, in Appendix A, plaintiffs identify the AWP that is the subject of this Complaint for each drug currently at issue pursuant to this Court's order."

AMCC ¶ 11. With respect to AstraZeneca, the complaint alleged that "the drugs at issue for this defendant are identified in Appendix A." AMCC ¶ 23. Similarly, in their "OMNIBUS REQUEST FOR PRODUCTION AND INTERROGATORIES TO DEFENDANTS . . . WITH RESPECT TO DRUGS THAT WERE NOT PREVIOUSLY SUBJECT TO DISCOVERY," plaintiffs identified the "Drugs at Issue" as "all drugs identified in the AMCC." Omnibus Request, ¶ IV(3) (excerpts attached hereto as Exhibit B).

Clearly, Judge Saris's prior ruling in this case, and plaintiffs' own conduct, have been premised on the principle that plaintiffs' claims, as well as discovery on those claims, may proceed only with respect to those drugs specifically identified in the complaint. In fact, it is entirely inconsistent with Judge Saris's previous ruling in Pharm I for plaintiffs to now pursue discovery relating to all of AstraZeneca's products, as the Subpoenas attempt to do, when Judge

- 4 -

Saris has expressly limited plaintiffs' claims to those drugs specifically identified in the AMCC. See Pharm I, 263 F. Supp. 2d at 193-94; see also In re Pharm. Indus. Average Wholesale Price Litig., 307 F. Supp. 2d 196, 208-210 (D. Mass. 2004) (holding that the AMCC satisfied Fed. R. Civ. P. 9(b) because plaintiffs alleged the particular drugs at issue and the AWPs for those drugs).

In sum, there is no basis to conclude that documents or information relating exclusively to any other AstraZeneca products are relevant to plaintiffs' claims or likely to lead to the discovery of relevant evidence. Accordingly, the Subpoenas should be limited pursuant to Rule 26(c)(4) to exclude any documents relating exclusively to AstraZeneca products that are not named in Appendix A to the AMCC.

### C. The Scope of the Subpoenas Should be Limited to Documents Relating to Pricing and Reimbursement

The Subpoenas inappropriately seek every document in the third parties' possession relating to AstraZeneca, regardless of subject matter. In fact, plaintiffs have apparently made no attempt to focus their requests of these third parties to matters relevant to the subject matter of the claims in the AMCC, or even likely to lead to the discovery of relevant evidence.

According to their own allegations, plaintiffs' claims against AstraZeneca and the other defendants named in the AMCC relate to "a drug price – the Average Wholesale Price (or "AWP") – that for many drugs is deliberately set far above the prices that these drugs are available in the marketplace." AMCC ¶ 3. Plaintiffs further allege that defendants "promote their drugs not based on lower prices, but by the use of reimbursement rates based on a fictitious and inflated AWP that allows purchasers and intermediaries (including providers and PBMs) to make inflated profits – and the Defendant Drug Manufacturers to increase their market share – at the expense of Plaintiffs and the Class." AMCC ¶ 6. In addition, plaintiffs assert that defendants

"actively conceal, and cause others to conceal, information about the true pricing structure for the prescription drugs . . . ." AMCC ¶ 7. Accordingly, plaintiffs seek to bring their claims on behalf of a class of "all persons or entities, who . . . paid any portion of the purchase for a prescription drug . . . at a price calculated by reference to the published AWP . . . ." AMCC ¶ 595.

Clearly, plaintiffs' claims against AstraZeneca relate to the pricing and reimbursement of the AstraZeneca products listed in Appendix A to the AMCC. Yet the Subpoenas effectively request <u>all</u> documents relating to AstraZeneca, regardless of subject matter. For example, all of the Subpoenas request:

- "All contracts or other documents relating to any agreement by you to perform services for or to be retained by AstraZeneca."

- "All documents reflecting any detail of the work you performed on behalf of or related to AstraZeneca . . . ."

- "All billing records, diaries, calendars and invoices relating to or referring to the work performed by you on behalf of or related to AstraZeneca."

- "All documents prepared by you or within your control or possession concerning, mentioning or relating to AstraZeneca."

- "All notes prepared, drafted or otherwise used by you relating to AstraZeneca and the services you provided to AstraZeneca."

- All communications between you and AstraZeneca relating to the services you provided to AstraZeneca."

<u>See, e.g.,</u> Objective Insights Subpoena, Requests 1-6. Other requests are similarly unrelated to any particular subject matter.

These remarkably broad requests are nothing more than an inappropriate "fishing expedition," particularly when most, if not all, of the Subpoenas also include a specific request for "All documents that concern, refer or relate to prices for any AstraZeneca drugs . . . .," <u>see</u>,

- 6 -

e.g., Objective Insights Subpoena, Request 12. As the First Circuit eloquently stated in Mack v. Great Atlantic & Pacific Tea Co., 871 F.2d 179, 187 (1st Cir. 1989), "[parties] ought not to be permitted to use broadswords where scalpels will suffice, nor to undertake wholly exploratory operations in the vague hope that something helpful will turn up." See also Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41-42 (1st Cir. 2003) (affirming district court order quashing defendant's overbroad subpoena which "cast too wide a net" by seeking "a decade's worth of materials" and asking for "'all documents received, reviewed or generated by [third party] . . . relating to . . . any . . . type of business affiliation with [plaintiff].'") Accordingly, the Subpoenas should be limited pursuant to Rule 26(c)(4) to include only those documents that relate to the pricing or reimbursement of the AstraZeneca drugs identified on Appendix A to the AMCC.[4]

## CONCLUSION

For the foregoing reasons, AstraZeneca's Motion for a Protective Order Limiting the Scope of Certain Third Party Subpoenas should be granted.

Respectfully submitted,

By: /s/ Lucy Fowler
    Nicholas C. Theodorou (BBO #496730)
    Lucy Fowler, Esq. (BBO #647929)
    FOLEY HOAG LLP
    155 Seaport Boulevard
    Boston, MA  02110
    (617) 832-1000

---

[4] Of course, AstraZeneca's Motion for a Protective Order is made without prejudice to, and is not intended to replace, any additional objections, such as overbreadth, burden or relevance, that the third parties may have with respect to the Subpoenas generally or with respect to particular documents requested by the Subpoenas. On the contrary, the limitations requested by AstraZeneca are the minimum necessary to bring the subpoenas in compliance with the Federal Rules of Civil Procedure and the prior rulings of the Court.

- 8 -

        D. Scott Wise (admitted *pro hac vice*)
        Kimberley D. Harris (admitted *pro hac vice*)
        DAVIS POLK & WARDWELL
        450 Lexington Avenue
        New York, NY  10017
        (212) 450-4000

        Attorneys for AstraZeneca Pharmaceuticals LP

Dated:  August 20, 2004

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on August 20, 2004, a copy to Verilaw Technologies for posting and notification to all parties.

        /s/ Lucy Fowler
        Lucy Fowler