# EXHIBIT A



E.SERVED
07/26/04
05:43 PM ET
MDL NO

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| WESTERN | DISTRICT OF | WASHINGTON |

In re: Pharmaceutical Average Wholesale Price Lit.

V.

**AMENDED**
**SUBPOENA IN A CIVIL CASE**

Master File No. 01-CV-12257
Case Number:[1] MDL 1456

Pending in USDC District of
Massachusetts
Judge Patti B. Saris

TO: Objective Insights; c/o Registered Agent Brett Gaspers,
16623 74th Place West Edmonds, WA 98026-5116

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

SEE ATTACHED RIDER

| PLACE | DATE AND TIME |
|---|---|
| Hagens Berman, 1301 Fifth Ave., Suite 2900 Seattle, WA 98101 | 8/16/04 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| (Plaintiff) | 7-26-04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Anthony J. Sievert, The Wexler Firm LLP, One N. LaSalle Street, Suite 2000, Chicago, IL 60602
Tel: 312-346-2222

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

E-SERVED
07/26/04
5:43 PM ET
MDL NO

AO88  (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                         DATE                                              SIGNATURE OF SERVER

                                                                    _____
                                                                    ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.



TO:   Objective Insights, Inc., 16623 74th Place West, Edmonds, WA 98026.

## EXHIBIT A

### DEFINITIONS AND INSTRUCTIONS

1.    "AstraZeneca" shall mean Zeneca, Inc., AstraZeneca US, AstraZeneca, PLC, AstraZeneca Pharmaceuticals, LP (collectively "AstraZeneca") and its predecessors, subsidiaries, parent organizations, branches, departments, agents, divisions and/or affiliates, including but not limited to, any other organization in which it has management or controlling interest(s), together with all present and former directors, officers, employees, agents and representatives of AstraZeneca, and any person acting or purporting to act on its behalf.

2.    "You" means Objective Insights, Inc., as well as its predecessors and successors, and its employees, officers, directors, agents, attorneys, affiliates or any person acting on your behalf.

3.    The term "document" includes, without limitation, the originals of all writings of every kind, including but not limited to letters, telegrams, memoranda, reports, studies, legal pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials, pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of meetings, and telephone records, which are now or formerly were in the actual or constructive possession and control of you, your officers, directors, employees, attorneys or other agents. The term "document" further includes data processing and computer printouts, tapes, disks, and data stored in computers or data processing equipment, together with programs and program documentation necessary to retrieve, read and utilize such data, and all other mechanical or electronic means of storing or recording data, as well as tape, film or cassette sound and/or visual recordings, and reproductions or film impressions of any of the aforementioned writings. The term "document" also includes copies of all documents which are not identical duplicates of the originals, and copies of documents if the originals of documents are not in the possession, custody or control of you, your



officers, directors, employees, attorneys or other agents. Alteration of documents includes, without limitation, any modification, censorship, redaction, addition to or changing, which obscures, removes, amends, changes or obliterates any part of the original language, information, or meaning.

4.     The term "communication" shall mean any act, action, oral speech, written correspondence, contact, expression of words, thoughts, or ideas or transmission of exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, or any other process, electric, electronic or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, electronic, or other readable documents.

5.     Unless otherwise specifically stated herein, the period covered by each of these requests extends from January 1, 1991 to the date of your response to these discovery requests.

6.     "Relating to" or "related to" shall include describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with and bearing on (whether legally, factually, or otherwise).

7.     The connectives "and/or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and are not to be interpreted in such a manner as to exclude any information within the scope of the document request.

8.     All documents produced should be produced in the order in which you maintain them in the ordinary course of your business.



9.     You should produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be eligible and bound or stapled in the same manner as the original.

10.     Documents not otherwise responsive to these requests should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these document requests or if such documents are attached to documents called for by these document requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

11.     Documents attached to each other should not be separated.

12.     "AstraZeneca drugs" means Atacand, Nexium, Entocort, Accolate, Armidex, Casodex, Diprivan, Nolvadex, Prilosec, Pulmicort, Rhinocort, Seroquel, Toprol, Zestril, Zomig, and Zoladex and any other drugs manufactured or marketed by AstraZeneca .

### REQUESTS FOR PRODUCTION

1.     All contracts or other documents relating to any agreement by you to perform services for or to be retained by AstraZeneca.

2.     All documents reflecting any detail of the work you performed on behalf of or related to AstraZeneca, including but not limited to sales forecast modeling, corporate partnering analysis, portfolio analysis and optimization, reimbursement analysis, pricing strategy, marketing strategy, consulting, preparation of questionnaires, and modeling for the "Patient Assistance Program."

3.     All billing records, diaries, calendars and invoices relating to or referring to the work performed by you on behalf of or related to AstraZeneca.

3



4.     All documents prepared by you or within your control or possession concerning, mentioning or relating to AstraZeneca.

5.     All notes prepared, drafted or otherwise used by you relating to AstraZeneca and the services you provided to AstraZeneca.

6.     All communications between you and AstraZeneca relating to the services you provided to AstraZeneca.

7.     All drafts and final versions (both clean and completed) of any questionnaires prepared for, on behalf of or with AstraZeneca.

8.     All analyses, charts, tables and other documents reflecting the results of the questionnaires and surveys prepared for or on behalf of AstraZeneca.

9.     All documents reflecting any recommendations made as a result of any analysis of the completed questionnaires and surveys prepared for or on behalf of AstraZeneca.

10.     All documents reflecting or relating to the purpose for the questionnaires and survey prepared for or on behalf of AstraZeneca.

11.     Documents sufficient to show to whom the questionnaires and surveys prepared for or on behalf of AstraZeneca were sent.

12.     All documents that concern, refer or relate to prices for any AstraZeneca drug, including but not limited to documents that concern, refer or relate to average wholesale prices, return to practice, return on investment, spread or profit.

13.     All pricing and marketing strategy reports, including drafts, that you prepared on behalf of AstraZeneca and/or with respect to any AstraZeneca drug.

14.     All memoranda, reports, correspondence or other documents that concern, refer or relate to any pricing recommendations made to AstraZeneca for any AstraZeneca drug.

4



15.    All documents concerning, relating to or referring to your policy for the generation, location, retention and destruction of your documents or files, both in hard copy and electronic format.

16.    All current and historical organizational charts for you and all of your departments.

17.    All documents sufficient to identify the databases maintained by you and the information they contain.

5

SAO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the
## UNITED STATES DISTRICT COURT

___Northern___    DISTRICT OF ___Florida___

In re: Pharmaceutical Average Wholesale Price Lit.

V.

AMENDED
SUBPOENA IN A CIVIL CASE

Master File No. 01-CV-122
Case Number:[1] MDL 1456
Pending in USDC Dist. of Massachuse
Judge Patti B. Saris

TO: Cardinal Health 108, Inc., 7000 Cardinal Place, Dublin, OH, c/o Corporation Service Co., 120 Hays St., Tallahassee, FL 32301

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED RIDER

PLACE Attention: Kendra
Accurate Stenotype Reporters
2894-A Remington Green Lane, Tallahassee, FL 32308     DATE AND TIME 8/16/04 9:00 a.m.

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) (Plaintiff) | DATE 7-26-04 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Anthony J. Sievert, The Wexler Firm LLP, One N. LaSalle Street, Suite 20000, Chicago, IL 60602. Tel: 312/346-2222

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

E-SERVED
07/26/04
05:43 PM ET
MDL NO. 1456

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

                                        SIGNATURE OF SERVER

                                        _____

                                        ADDRESS OF SERVER

                                        _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



TO:   National Specialty Services c/o Cardinal Health 108, Inc., 7000 Cardinal Place, Dublin, OH
      43017.

## EXHIBIT A

### DEFINITIONS AND INSTRUCTIONS

1.      "AstraZeneca" shall mean Zeneca, Inc., AstraZeneca US, AstraZeneca
Pharmaceuticals, LP, AstraZeneca, PLC, AstraZeneca Pharmaceuticals, LP (collectively
"AstraZeneca") and its predecessors, subsidiaries, parent organizations, branches, departments,
agents, divisions and/or affiliates, including but not limited to, any other organization in which it has
management or controlling interest(s), together with all present and former directors, officers,
employees, agents and representatives of AstraZeneca, and any person acting or purporting to act on
its behalf.

2.      "You" means Cardinal Health 108, Inc. and National Specialty Services as well as
their predecessors, successors, employees, officers, directors, agents, attorneys, affiliates or any
person acting on your behalf.

3.      The term "document" includes, without limitation, the originals of all writings of
every kind, including but not limited to letters, telegrams, memoranda, reports, studies, legal
pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials,
pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of
meetings, and telephone records, which are now or formerly were in the actual or constructive
possession and control of you, your officers, directors, employees, attorneys or other agents. The
term "document" further includes data processing and computer printouts, tapes, disks, and data
stored in computers or data processing equipment, together with programs and program
documentation necessary to retrieve, read and utilize such data, and all other mechanical or electronic
means of storing or recording data, as well as tape, film or cassette sound and/or visual recordings,
and reproductions or film impressions of any of the aforementioned writings. The term "document"



also includes copies of all documents which are not identical duplicates of the originals, and copies of documents if the originals of documents are not in the possession, custody or control of you, your officers, directors, employees, attorneys or other agents. Alteration of documents includes, without limitation, any modification, censorship, redaction, addition to or changing, which obscures, removes, amends, changes or obliterates any part of the original language, information, or meaning.

4.     The term "communication" shall mean any act, action, oral speech, written correspondence, contact, expression of words, thoughts, or ideas or transmission of exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, or any other process, electric, electronic or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, electronic, or other readable documents.

5.     Unless otherwise specifically stated herein, the period covered by each of these requests extends from January 1, 1991 to the date of your response to these discovery requests.

6.     "Relating to" or "related to" shall include describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with and bearing on (whether legally, factually, or otherwise).

7.     The connectives "and/or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and are not to be interpreted in such a manner as to exclude any information within the scope of the document request.

8.     All documents produced should be produced in the order in which you maintain them in the ordinary course of your business.

2



9.      You should produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be eligible and bound or stapled in the same manner as the original.

10.      Documents not otherwise responsive to these requests should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these document requests or if such documents are attached to documents called for by these document requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

11.      Documents attached to each other should not be separated.

12.      "AstraZeneca drugs" means Atacand, Nexium, Entocort, Accolate, Arimidex, Casodex, Diprivan, Nolvadex, Prilosec, Pulmicort, Rhinocort, Seroquel, Toprol, Zestril, Zomig, and Zoladex and any other drugs manufactured or marketed by AstraZeneca.

## REQUESTS FOR PRODUCTION

1.      All contracts or other documents relating to any agreement by you to perform services for or to be retained by AstraZeneca.

2.      All documents reflecting any detail of the work you performed on behalf of or related to AstraZeneca, including but not limited to distribution consulting, the "Zoladex Managed Acquisition Program," order fulfillment, invoicing, collection and involvement with or creation of purchasing groups.

3.      All billing records, diaries, calendars and invoices, relating or referring to work performed by, on behalf or related to AstraZeneca.



4.      All documents prepared by you or within your control or possession concerning, mentioning or relating to AstraZeneca.

5.      All notes prepared, drafted or otherwise used by you relating to AstraZeneca and the services you provided to AstraZeneca.

6.      All documents not otherwise produced that concern, refer or relate to any sales consulting, partnership or other sales and distribution related services that you performed on behalf of AstraZeneca.

7.      All documents that concern, refer or relate to your Patient Care Program ("PCP").

8.      All documents that concern, refer or relate to any consulting services related to pharmaceutical distribution that you performed on behalf of AstraZeneca.

9.      All documents that concern, refer or relate to prices for any AstraZeneca drug, including but not limited to documents that concern, refer or relate to average wholesale prices ("AWP"), return to practice ("RTP"), return on investment, spread or profit.

10.     All documents concerning, relating or referring to your policy for the generation, location, retention and destruction of your documents or files, both in hard copy and in electronic form.

11.     All current and historical organizational charts for all of your departments.

12.     All documents sufficient to identify the databases maintained by you and the information they contain.



SAO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF     **MASSACHUSSETTS**

In re: Pharmaceutical Average Wholesale Price Lit. | **AMENDED**
**SUBPOENA IN A CIVIL CASE**

V.

Master File No. 01-CV-12257
Case Number:¹ MDL 1456

Pending in USDC District of
Massachusetts
Judge Patti B. Saris

TO: Eidetics, Inc.; 70 Coolidge Hill Rd., Watertown, MA 02172

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED RIDER

| PLACE   Hagens Berman, One Main St., 4th Floor, Cambridge, MA 02142 | DATE AND TIME 8/16/04 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) (Plaintiff) | DATE 7-26-04 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Anthony J. Sievert, The Wexler Firm LLP, One N. LaSalle Street, Suite 2000, Chicago, IL 60602
Tel: 312-346-2222

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial,

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.



TO:    Eidetics, Inc., 70 Coolidge Hill Rd., Watertown, MA 02172

## EXHIBIT A

### DEFINITIONS AND INSTRUCTIONS

1.    "AstraZeneca" shall mean Zeneca, Inc., AstraZeneca US, AstraZeneca, PLC, AstraZeneca Pharmaceuticals, LP (collectively "AstraZeneca") and its predecessors, subsidiaries, parent organizations, branches, departments, agents, divisions and/or affiliates, including but not limited to, any other organization in which it has management or controlling interest(s), together with all present and former directors, officers, employees, agents and representatives of AstraZeneca, and any person acting or purporting to act on its behalf.

2.    "You" means Eidetics, Inc., as well as its predecessors and successors, and its employees, officers, directors, agents, attorneys, affiliates or any person acting on your behalf.

3.    The term "document" includes, without limitation, the originals of all writings of every kind, including but not limited to letters, telegrams, memoranda, reports, studies, legal pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials, pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of meetings, and telephone records, which are now or formerly were in the actual or constructive possession and control of you, your officers, directors, employees, attorneys or other agents. The term "document" further includes data processing and computer printouts, tapes, disks, and data stored in computers or data processing equipment, together with programs and program documentation necessary to retrieve, read and utilize such data, and all other mechanical or electronic means of storing or recording data, as well as tape, film or cassette sound and/or visual recordings, and reproductions or film impressions of any of the aforementioned writings. The term "document" also includes copies of all documents which are not identical duplicates of the originals, and copies of documents if the originals of documents are not in the possession, custody or control of you, your

officers, directors, employees, attorneys or other agents. Alteration of documents includes, without limitation, any modification, censorship, redaction, addition to or changing, which obscures, removes, amends, changes or obliterates any part of the original language, information, or meaning.

4.      The term "communication" shall mean any act, action, oral speech, written correspondence, contact, expression of words, thoughts, or ideas or transmission of exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, or any other process, electric, electronic or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, electronic, or other readable documents.

5.      Unless otherwise specifically stated herein, the period covered by each of these requests extends from January 1, 1991 to the date of your response to these discovery requests.

6.      "Relating to" or "related to" shall include describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with and bearing on (whether legally, factually, or otherwise).

7.      The connectives "and/or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and are not to be interpreted in such a manner as to exclude any information within the scope of the document request.

8.      All documents produced should be produced in the order in which you maintain them in the ordinary course of your business.



9.    You should produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be eligible and bound or stapled in the same manner as the original.

10.    Documents not otherwise responsive to these requests should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these document requests or if such documents are attached to documents called for by these document requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

11.    Documents attached to each other should not be separated.

12.    "AstraZeneca drugs" means Atacand, Nexium, Entocort, Accolate, Armidex, Casodex, Diprivan, Nolvadex, Prilosec, Pulmicort, Rhinocort, Seroquel, Toprol, Zestril, Zomig, and Zoladex and any other drugs manufactured or marketed by AstraZeneca .

### REQUESTS FOR PRODUCTION

1.    All contracts or other documents relating to any agreement by you to perform services for or to be retained by AstraZeneca.

2.    All documents reflecting any detail of the work you performed on behalf of or related to AstraZeneca, including but not limited to providing qualitative and quantitative analysis and modeling, new product launch planning, as well as pricing and market strategy advice.

3.    All billing records, diaries, calendars and invoices relating to or referring to the work performed by you on behalf of or related to AstraZeneca.

3



4.      All documents prepared by you or within your control or possession concerning, mentioning or relating to AstraZeneca.

5.      All notes prepared, drafted or otherwise used by you relating to AstraZeneca and the services you provided to AstraZeneca.

6.      All communications between you and AstraZeneca relating to the services you provided to AstraZeneca.

7.      All drafts and final version (both clean and completed) of any analyses, reports and strategies prepared for AstraZeneca.

8.      All documents reflecting any recommendations made by you to AstraZeneca.

9.      All pricing surveys that you prepared on behalf of AstraZeneca for any AstraZeneca drug.

10.     All memoranda, reports, correspondence or other documents not otherwise produced that concern, refer or relate to any pricing recommendations made to AstraZeneca for any AstraZeneca drug.

11.     All documents concerning, relating or referring to your policy for the generation, location, retention and destruction of your documents or files, both hard copy and in electronic form.

12.     All current and historical organizational charts for you and all of your departments.

13.     All documents sufficient to identify the databases maintained by you and the information they contain.



AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF ___New Jersey___

In re: Pharmacy Industry
Average Wholesale Price Litigation

V.

AMENDED
**SUBPOENA IN A CIVIL CASE**

MDL No. 1456
CASE NUMBER Master File No.01-CV-12257
Pending in USDC District Court
Massachusetts
Judge Patti B. Saris

TO:   Migliara/Kaplan Associates, 101 College Road, Princeton,NJ
      08540

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED RIDER

| PLACE | DATE AND TIME |
|---|---|
| Squitieri & Fearon, 13 James St., Morristown, NJ 07960 | 8/16/04   9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| (Plaintiff) | 7-26-04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anthony J. Sievert, The Wexler Firm LLP, One N. LaSalle St., Ste.2000,
Chicago,IL 60602; Tel: 312/346-2222

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1   If action is pending in district other than district of issuance, state district under case number.



E-SERVED
07/26/04
05:43 PM ET
MDL NO. 1456

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



TO:   Migliara/Kaplan Associates, 101 College Road, Princeton, NJ 08540

## EXHIBIT A

### DEFINITIONS AND INSTRUCTIONS

1.      "AstraZeneca" shall mean Zeneca, Inc., AstraZeneca US, AstraZeneca Pharmaceuticals, LP, AstraZeneca, PLC, AstraZeneca Pharmaceuticals, LP (collectively "AstraZeneca") and its predecessors, subsidiaries, parent organizations, branches, departments, agents, divisions and/or affiliates, including but not limited to, any other organization in which it has management or controlling interest(s), together with all present and former directors, officers, employees, agents and representatives of AstraZeneca, and any person acting or purporting to act on its behalf.

2.      "You" means Migliara/Kaplan Associates, as well as its predecessors, and its employees, officers, directors, agents, attorneys, affiliates or any person acting on your behalf.

3.      The term "document" includes, without limitation, the originals of all writings of every kind, including but not limited to letters, telegrams, memoranda, reports, studies, legal pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials, pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of meetings, and telephone records, which are now or formerly were in the actual or constructive possession and control of you, your officers, directors, employees, attorneys or other agents.  The term "document" further includes data processing and computer printouts, tapes, disks, and data stored in computers or data processing equipment, together with programs and program documentation necessary to retrieve, read and utilize such data, and all other mechanical or electronic means of storing or recording data, as well as tape, film or cassette sound and/or visual recordings, and reproductions or film impressions of any of the aforementioned writings. The term "document" also includes copies of all documents which are not identical duplicates of the originals, and copies



of documents if the originals of documents are not in the possession, custody or control of you, your officers, directors, employees, attorneys or other agents. Alteration of documents includes, without limitation, any modification, censorship, redaction, addition to or changing, which obscures, removes, amends, changes or obliterates any part of the original language, information, or meaning.

4.      The term "communication" shall mean any act, action, oral speech, written correspondence, contact, expression of words, thoughts, or ideas or transmission of exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, or any other process, electric, electronic or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, electronic, or other readable documents.

5.      Unless otherwise specifically stated herein, the period covered by each of these requests extends from January 1, 1991 to the date of your response to these discovery requests.

6.      "Relating to" or "related to" shall include describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with and bearing on (whether legally, factually, or otherwise).

7.      The connectives "and/or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and are not to be interpreted in such a manner as to exclude any information within the scope of the document request.

8.      All documents produced should be produced in the order in which you maintain them in the ordinary course of your business.

2



9.    You should produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be eligible and bound or stapled in the same manner as the original.

10.    Documents not otherwise responsive to these requests should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these document requests or if such documents are attached to documents called for by these document requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

11.    Documents attached to each other should not be separated.

12.    "AstraZeneca drugs" means Atacand, Nexium, Entocort, Accolate, Armidex, Casodex, Diprivan, Nolvadex, Prilosec, Pulmicort, Rhinocort, Seroquel, Toprol, Zestril, Zomig, and Zoladex and any other drugs manufactured or marketed by AstraZeneca.

### REQUESTS FOR PRODUCTION

1.    All contracts or other documents relating to any agreement by you to perform services for or to be retained by AstraZeneca.

2.    All documents reflecting any detail of the work you performed on behalf of or related to AstraZeneca, including but not limited to market research, surveys, analyses of AWP, promotional services, marketing, advertising and public relations.

3.    All records, diaries, calendars and invoices, relating to the work performed by you related to AstraZeneca.

4.    All documents prepared by you or within your control or possession concerning, mentioning or relating to AstraZeneca.

3



5.       All notes prepared, drafted or otherwise used by you relating to AstraZeneca and the services you provided to AstraZeneca.

6.       All documents that concern, refer or relate to any pharmaceutical pricing strategy advice that you provided to AstraZeneca.

7.       All studies, analyses, reports or other documents comparing or contrasting any AstraZeneca drug to any competing pharmaceutical product.

8.       All documents that concern, refer or relate to prices for any AstraZeneca drug, including but not limited to documents that concern, refer or relate to average wholesale prices, return to practice, return on investment, spread or profit.

9.       All documents concerning, relating to or referring to your policy for the generation, location, retention and destruction of your documents or files, both in hard copy and electronic format.

10.      All current and historical organizational charts for all of your departments.

11.      All documents sufficient to identify the databases maintained by you and the information they contain.

4