

SERVED
07/26/04
05:43 PM ET
MDL No. 1456

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT      DISTRICT OF      NEW YORK

In re: Pharmaceutical Average Wholesale Price Lit.

V.

AMENDED
**SUBPOENA IN A CIVIL CASE**

Master File No. 01-CV-12257
Case Number:[1] MDL 1456
Pending in USDC District of
Massachusetts
Judge Patti B. Saris

TO:  Sudler & Hennessey, 230 Park Avenue South, 8th Fl., New York, NY 10003-1566

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED RIDER

| PLACE Goodkind Labaton Rudoff & Sucharow, LLP   100 Park Ave., New York, NY 10017 | DATE AND TIME  8/16/04 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   (Plaintiff) | DATE  7-26-04 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Anthony J. Sievert, The Wexler Firm LLP, One N. LaSalle Street, Suite 2000, Chicago, IL 60602
Tel: 312-346-2222

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

E-SERVED
07/26/04
05:43 PM ET
MDL NO.

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                        DATE                                    SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENA.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.



TO:    Sudler & Hennessey, 1633 Broadway, New York, NY 10019.

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.      "AstraZeneca" shall mean Zeneca, Inc., AstraZeneca US, AstraZeneca Pharmaceuticals, LP, AstraZeneca, PLC, AstraZeneca Pharmaceuticals, LP (collectively "AstraZeneca") and its predecessors, subsidiaries, parent organizations, branches, departments, agents, divisions and/or affiliates, including but not limited to, any other organization in which it has management or controlling interest(s), together with all present and former directors, officers, employees, agents and representatives of AstraZeneca, and any person acting or purporting to act on its behalf.

2.      "You" means Sudler & Hennessey, as well as its predecessors and successors, and its employees, officers, directors, agents, attorneys, affiliates or any person acting on your behalf.

3.      The term "document" includes, without limitation, the originals of all writings of every kind, including but not limited to letters, telegrams, memoranda, reports, studies, legal pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials, pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of meetings, and telephone records, which are now or formerly were in the actual or constructive possession and control of you, your officers, directors, employees, attorneys or other agents. The term "document" further includes data processing and computer printouts, tapes, disks, and data stored in computers or data processing equipment, together with programs and program documentation necessary to retrieve, read and utilize such data, and all other mechanical or electronic means of storing or recording data, as well as tape, film or cassette sound and/or visual recordings, and reproductions or film impressions of any of the aforementioned writings. The term "document" also includes copies of all documents which are not identical duplicates of the originals, and copies

of documents if the originals of documents are not in the possession, custody or control of you, your officers, directors, employees, attorneys or other agents. Alteration of documents includes, without limitation, any modification, censorship, redaction, addition to or changing, which obscures, removes, amends, changes or obliterates any part of the original language, information, or meaning.

4.      The term "communication" shall mean any act, action, oral speech, written correspondence, contact, expression of words, thoughts, or ideas or transmission of exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, or any other process, electric, electronic or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, electronic, or other readable documents.

5.      Unless otherwise specifically stated herein, the period covered by each of these requests extends from January 1, 1991 to the date of your response to these discovery requests.

6.      "Relating to" or "related to" shall include describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with and bearing on (whether legally, factually, or otherwise).

7.      The connectives "and/or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and are not to be interpreted in such a manner as to exclude any information within the scope of the document request.

8.      All documents produced should be produced in the order in which you maintain them in the ordinary course of your business.

2

9.      You should produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be eligible and bound or stapled in the same manner as the original.

10.     Documents not otherwise responsive to these requests should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these document requests or if such documents are attached to documents called for by these document requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

11.     Documents attached to each other should not be separated.

12.     "AstraZeneca drugs" means Atacand, Nexium, Entocort, Accolate, Armidex, Casodex, Diprivan, Nolvadex, Prilosec, Pulmicort, Rhinocort, Seroquel, Toprol, Zestril, Zomig, and Zoladex and any other drugs manufactured or marketed by AstraZeneca .

## REQUESTS FOR PRODUCTION

1.      All contracts or other documents relating to any agreement by you to perform services for or to be retained by AstraZeneca.

2.      All documents reflecting any detail of the work you performed on behalf of or related to AstraZeneca, including but not limited to advertising services performed with respect to any AstraZeneca drug.

3.      All documents that concern, refer or relate to any strategic consultancy and communications support, or continuing educational programming, that you performed on behalf of AstraZeneca.

3



4.     All billing records, diaries, calendars and invoices, relating or referring to work performed by you on behalf of or related to AstraZeneca.

5.     All documents prepared by you or within your control or possession concerning, mentioning or relating to AstraZeneca.

6.     All notes prepared, drafted or otherwise used by you relating to AstraZeneca and the services you provided to AstraZeneca.

7.     All current and historical organizational charts for you and all of your departments.

8.     All documents that concern, refer or relate to promotional services, marketing, advertising or public relations work that you performed on behalf of AstraZeneca.

9.     All advertising materials, including drafts, prepared by you that concern, refer or relate to any AstraZeneca drug.

10.    All documents used in the preparation of any advertising materials that concern, refer or relate to any AstraZeneca drug.

11.    All studies, analyses, reports or other documents comparing or contrasting in any way (including but not limited to pricing) Zoladex to any other pharmaceutical product, including Lupron.

12.    All studies, analyses, reports or other documents comparing or contrasting in any way (including but not limited to pricing) any AstraZeneca drug to any competing pharmaceutical product.

13.    All documents that concern, refer or relate to prices for any AstraZeneca drug.



14.    All documents concerning, relating to or referring to your policy for the generation, location, retention and destruction of your documents or files, including hard copy and in electronic form.

15.    All documents sufficient to identify the databases maintained by you and the information they contain.

5



AO 88   (Rev. 1/94)   Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF MISSOURI

In re: Pharmaceutical Average Wholesale
Price Lit.

v.

**SUBPOENA IN A CIVIL CASE**

Master File No. 01-cv-12257
CASE NUMBER: MDL 1456

Pending in the USDC Dist. of
Massachusett
Judge Patti B. Saris

TO:  The Benfield Group, 20 Allen Ave., Suite 345, St. Louis, MO 63119

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED RIDER

| PLACE | DATE AND TIME |
|---|---|
| Favre Law Office, LLC, 121 East Main Street., Belleville, IL 62220 | 8/16/04 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| (Plaintiff) | 7-26-04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Anthony J. Sivert, The Wexler Firm LLC, One N. LaSalle St., Suite 2000, Chicago, IL 60601
312/346-2222

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance. state district under case number

AO 88 (Rev. 1/94)   Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAMED | | TITLE |
|---|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

## Rule 45, Federal Rules of Civil Procedure, Parts C & D-

### (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

( 1 ) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena . The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to. lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things. or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition. hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may. within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may. upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion. the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides. is employed or regularly transacts business in

person. except that. subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or

(iv) subjects a person to undue burden.

( B ) If a subpoena

(i) requires disclosure of a trade secret or other confidential research. development. or commercial information. or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert' s study made not at the request of any party. or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or effected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated. the court may order appearance or production only upon specified conditions.

### (d) DUTIES IN RESPONDING TO SUBPOENA.

( 1 ) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials. the claim shall be made expressly and shall be supported by a description of the nature of the documents. communications. or things not produced that is sufficient to enable the demanding party to contest the claim.



TO:    The Benfield Group, 20 Allen Avenue, Suite 345, St. Louis, Missouri 63119

## EXHIBIT A

### DEFINITIONS AND INSTRUCTIONS

1.    "AstraZeneca" shall mean Zeneca, Inc., AstraZeneca US, AstraZeneca Pharmaceuticals, LP, AstraZeneca, PLC, AstraZeneca Pharmaceuticals, LP (collectively "AstraZeneca") and its predecessors, subsidiaries, parent organizations, branches, departments, agents, divisions and/or affiliates, including but not limited to, any other organization in which it has management or controlling interest(s), together with all present and former directors, officers, employees, agents and representatives of AstraZeneca, and any person acting or purporting to act on its behalf.

2.    "You" means the Benfield Group, as well as its predecessors, and its employees, officers, directors, agents, attorneys, affiliates or any person acting on your behalf.

3.    The term "document" includes, without limitation, the originals of all writings of every kind, including but not limited to letters, telegrams, memoranda, reports, studies, legal pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials, pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of meetings, and telephone records, which are now or formerly were in the actual or constructive possession and control of you, your officers, directors, employees, attorneys or other agents. The term "document" further includes data processing and computer printouts, tapes, disks, and data stored in computers or data processing equipment, together with programs and program documentation necessary to retrieve, read and utilize such data, and all other mechanical or electronic means of storing or recording data, as well as tape, film or cassette sound and/or visual recordings, and reproductions or film impressions of any of the aforementioned writings. The term "document" also includes copies of all documents which are not identical duplicates of the originals, and copies



of documents if the originals of documents are not in the possession, custody or control of you, your officers, directors, employees, attorneys or other agents. Alteration of documents includes, without limitation, any modification, censorship, redaction, addition to or changing, which obscures, removes, amends, changes or obliterates any part of the original language, information, or meaning.

4.      The term "communication" shall mean any act, action, oral speech, written correspondence, contact, expression of words, thoughts, or ideas or transmission of exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, or any other process, electric, electronic or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, electronic, or other readable documents.

5.      Unless otherwise specifically stated herein, the period covered by each of these requests extends from January 1, 1991 to the date of your response to these discovery requests.

6.      "Relating to" or "related to" shall include describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with and bearing on (whether legally, factually, or otherwise).

7.      The connectives "and/or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and are not to be interpreted in such a manner as to exclude any information within the scope of the document request.

8.      All documents produced should be produced in the order in which you maintain them in the ordinary course of your business.

9.      You should produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be eligible and bound or stapled in the same manner as the original.

10.      Documents not otherwise responsive to these requests should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these document requests or if such documents are attached to documents called for by these document requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

11.      Documents attached to each other should not be separated.

12.      "AstraZeneca drugs" means Atacand, Nexium, Entocort, Accolate, Armidex, Casodex, Diprivan, Nolvadex, Prilosec, Pulmicort, Rhinocort, Seroquel, Toprol, Zestril, Zomig, and Zoladex and any other drugs manufactured or marketed by AstraZeneca.

## REQUESTS FOR PRODUCTION

1.      All contracts or other documents relating to any agreement by you to perform services for or to be retained by AstraZeneca.

2.      All documents reflecting any detail of the work you performed on behalf of or related to AstraZeneca, including but not limited to portfolio contracting analyses, market research, market testing, focus groups, data preparation, patient advocacy and education programs, continuing medical education programs, promotional services, advertising and public relations.

3.      All records, diaries, calendars and invoices, relating to the work performed by you related to AstraZeneca.

3



4.      All documents prepared by you or within your control or possession concerning, mentioning or relating to AstraZeneca.

5.      All notes prepared, drafted or otherwise used by you relating to AstraZeneca and the services you provided to AstraZeneca.

6.  All documents that concern, refer or relate to any pharmaceutical pricing strategy advice that you provided to AstraZeneca.

7.  All studies, analyses, reports or other documents comparing or contrasting any AstraZeneca drug to any competing pharmaceutical product.

8.  All documents that concern, refer or relate to prices for any AstraZeneca drug, including but not limited to documents that concern, refer or relate to average wholesale prices ("AWP"), return to practice ("RTP"), return on investment, spread or profit.

9.  All documents concerning, relating to or referring to your policy for the generation, location, retention and destruction of your documents or files, both in hard copy and electronic format.

10. All current and historical organizational charts for all of your departments.

11. All documents sufficient to identify the databases maintained by you and the information they contain.



AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

_____ Southern _____  **DISTRICT OF** _____ New York _____

In Re: Average Wholesale Price Litigation

## SUBPOENA IN A CIVIL CASE

**V.**

Master File No. 01-CV-12257
CASE NUMBER: ¹ MDL 1456
Pending in the USDC Dist. of
Massachusett
Judge Patti B. Saris

TO:    Accenture, Ltd., New York City, 1345 Avenue of the Americas, New York, New York 10105

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED RIDER

| PLACE<br>Goodkind Labaton Rudoff & Sucharow, LLP<br>100 Park Avenue, New York, NY 10017 | DATE AND TIME<br>8/16/04 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)       CP (aintiff) | DATE<br>7-26-04 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anthony J. Sieveri, The Wexler Firm, One N. LaSalle St., Suite 2000, Chicago, IL 60602
312/346-2222

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

E-SERVED
07/26/04
05:43 PM ET
MDL NO

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,
(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



TO:   Accenture, Ltd., New York City, 1345 Avenue of the Americas, New York, New York
10105

## EXHIBIT A

### DEFINITIONS AND INSTRUCTIONS

1.      "AstraZeneca" shall mean Zeneca, Inc., AstraZeneca US, AstraZeneca
Pharmaceuticals, LP, AstraZeneca, PLC, AstraZeneca Pharmaceuticals, LP (collectively
"AstraZeneca") and its predecessors, subsidiaries, parent organizations, branches, departments,
agents, divisions and/or affiliates, including but not limited to, any other organization in which it has
management or controlling interest(s), together with all present and former directors, officers,
employees, agents and representatives of AstraZeneca, and any person acting or purporting to act on
its behalf.

2.      "You" means Accenture, Ltd., as well as its predecessors, and its employees, officers,
directors, agents, attorneys, affiliates or any person acting on your behalf.

3.      The term "document" includes, without limitation, the originals of all writings of
every kind, including but not limited to letters, telegrams, memoranda, reports, studies, legal
pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials,
pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of
meetings, and telephone records, which are now or formerly were in the actual or constructive
possession and control of you, your officers, directors, employees, attorneys or other agents. The
term "document" further includes data processing and computer printouts, tapes, disks, and data
stored in computers or data processing equipment, together with programs and program
documentation necessary to retrieve, read and utilize such data, and all other mechanical or electronic
means of storing or recording data, as well as tape, film or cassette sound and/or visual recordings,
and reproductions or film impressions of any of the aforementioned writings. The term "document"
also includes copies of all documents which are not identical duplicates of the originals, and copies



of documents if the originals of documents are not in the possession, custody or control of you, your officers, directors, employees, attorneys or other agents. Alteration of documents includes, without limitation, any modification, censorship, redaction, addition to or changing, which obscures, removes, amends, changes or obliterates any part of the original language, information, or meaning.

4.     The term "communication" shall mean any act, action, oral speech, written correspondence, contact, expression of words, thoughts, or ideas or transmission of exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, or any other process, electric, electronic or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, electronic, or other readable documents.

5.     Unless otherwise specifically stated herein, the period covered by each of these requests extends from January 1, 1991 to the date of your response to these discovery requests.

6.     "Relating to" or "related to" shall include describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with and bearing on (whether legally, factually, or otherwise).

7.     The connectives "and/or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and are not to be interpreted in such a manner as to exclude any information within the scope of the document request.

8.     All documents produced should be produced in the order in which you maintain them in the ordinary course of your business.

2



9.      You should produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be eligible and bound or stapled in the same manner as the original.

10.      Documents not otherwise responsive to these requests should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these document requests or if such documents are attached to documents called for by these document requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

11.      Documents attached to each other should not be separated.

12.      "AstraZeneca drugs" means Atacand, Nexium, Entocort, Accolate, Arimidex, Casodex, Diprivan, Nolvadex, Prilosec, Pulmicort, Rhinocort, Seroquel, Toprol, Zestril, Zomig, and Zoladex and any other drugs manufactured or marketed by AstraZeneca.

## REQUESTS FOR PRODUCTION

1.      All contracts or other documents relating to any agreement by you to perform services for or to be retained by AstraZeneca.

2.      All documents reflecting any detail of the work you performed on behalf of or related to AstraZeneca, including but not limited to portfolio contracting analyses, market research, market testing, focus groups, systems integration and business integration, enterprise resource planning, customer relationship management and electronic services, data preparation, patient advocacy and education programs, continuing medical education programs, promotional services, advertising and public relations.

3

3.      All records, diaries, calendars and invoices, relating to the work performed by you related to AstraZeneca.

4.      All documents prepared by you or within your control or possession concerning, mentioning or relating to AstraZeneca.

5.      All notes prepared, drafted or otherwise used by you relating to AstraZeneca and the services you provided to AstraZeneca.

6.      All documents that concern, refer or relate to any pharmaceutical pricing strategy advice that you provided to AstraZeneca.

7.      All studies, analyses, reports or other documents comparing or contrasting any AstraZeneca drug to any competing pharmaceutical product.

8.      All documents that concern, refer or relate to prices for any AstraZeneca drug, including but not limited to documents that concern, refer or relate to average wholesale prices ("AWP"), return to practice ("RTP"), return on investment, spread or profit.

9.      All documents concerning, relating to or referring to your policy for the generation, location, retention and destruction of your documents or files, both in hard copy and electronic format.

10.     All current and historical organizational charts for all of your departments.

11.     All documents sufficient to identify the databases maintained by you and the information they contain.



AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

_____ SOUTHERN DISTRICT _____  DISTRICT OF _____ NEW YORK _____

In re: Pharmaceutical Industry Average Wholesale Price
Litigation

**V.**

**AMENDED**
## SUBPOENA IN A CIVIL CASE

Master File No. 01-CV-12257
CASE NUMBER: [1]   MDL NO. 1456

Pending in the USDC District of
Massachusetts
Judge Patti B. Saris

TO:  RUDER FINN, INC. c/o PETER FINN, 301 EAST 57th STREET, NEW YORK, NY 10022

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED RIDER

| PLACE<br>Goodkind Labaton Rudoff & Sucharow,LLP<br>100 Park Ave., New York, NY 10017 | DATE AND TIME<br>8/16/04 9:00 a.m |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)     (Plaintiff) | DATE<br>7-26-04 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anthony J. Sievert, The Wexler Firm LLP, One N. LaSalle Street, Suite 2000, Chicago, IL 60602
Tel: 312/346-2222

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



TO:     Ruder Finn, Inc., 301 East 57th St., New York, NY 10022.

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

1.      "AstraZeneca" shall mean Zeneca, Inc., AstraZeneca US, AstraZeneca Pharmaceuticals, LP, AstraZeneca, PLC, AstraZeneca Pharmaceuticals, LP (collectively "AstraZeneca") and its predecessors, subsidiaries, parent organizations, branches, departments, agents, divisions and/or affiliates, including but not limited to, any other organization in which it has management or controlling interest(s), together with all present and former directors, officers, employees, agents and representatives of AstraZeneca, and any person acting or purporting to act on its behalf.

2.      "You" means Ruder Finn, Inc. as well as its predecessors and successors and its employees, officers, directors, agents, attorneys, affiliates or any person acting on your behalf.

3.      The term "document" includes, without limitation, the originals of all writings of every kind, including but not limited to letters, telegrams, memoranda, reports, studies, legal pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials, pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of meetings, and telephone records, which are now or formerly were in the actual or constructive possession and control of you, your officers, directors, employees, attorneys or other agents. The term "document" further includes data processing and computer printouts, tapes, disks, and data stored in computers or data processing equipment, together with programs and program documentation necessary to retrieve, read and utilize such data, and all other mechanical or electronic means of storing or recording data, as well as tape, film or cassette sound and/or visual recordings, and reproductions or film impressions of any of the aforementioned writings. The term "document" also includes copies of all documents which are not identical duplicates of the originals, and copies

of documents if the originals of documents are not in the possession, custody or control of you, your officers, directors, employees, attorneys or other agents. Alteration of documents includes, without limitation, any modification, censorship, redaction, addition to or changing, which obscures, removes, amends, changes or obliterates any part of the original language, information, or meaning.

4.    The term "communication" shall mean any act, action, oral speech, written correspondence, contact, expression of words, thoughts, or ideas or transmission of exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, or any other process, electric, electronic or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, electronic, or other readable documents.

5.    Unless otherwise specifically stated herein, the period covered by each of these requests extends from January 1, 1991 to the date of your response to these discovery requests.

6.    "Relating to" or "related to" shall include describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with and bearing on (whether legally, factually, or otherwise).

7.    The connectives "and/or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and are not to be interpreted in such a manner as to exclude any information within the scope of the document request.

8.    All documents produced should be produced in the order in which you maintain them in the ordinary course of your business.



9.     You should produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be eligible and bound or stapled in the same manner as the original.

10.    Documents not otherwise responsive to these requests should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these document requests or if such documents are attached to documents called for by these document requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

11.    Documents attached to each other should not be separated.

12.    "AstraZeneca drugs" means Atacand, Nexium, Entocort, Accolate, Armidex, Casodex, Diprivan, Nolvadex, Prilosec, Pulmicort, Rhinocort, Seroquel, Toprol, Zestril, Zomig, and Zoladex and any other drugs manufactured or marketed by AstraZeneca

## REQUESTS FOR PRODUCTION

1.     All contracts or other documents relating to any agreement by you to perform services for or to be retained by AstraZeneca.

2.     All documents reflecting any detail of the work you performed on behalf of or related to AstraZeneca, including but not limited to advertising, the preparation of brochures and the preparation of other marketing materials.

3.     All documents related to any services of market development, brand marketing, opinion leader marketing/database management, stakeholder communications, corporate reputation relations, change management and regulatory relations counseling on behalf of AstraZeneca.

3



4.    All records, diaries, calendars and invoices, relating or referring to the work performed by you on behalf of or related to AstraZeneca.

5.    All documents prepared by you or within your control or possession concerning, mentioning or relating to AstraZeneca.

6.    All notes prepared, drafted or otherwise used by you relating to AstraZeneca and the services you provided to AstraZeneca.

7.    All documents not otherwise produced that concern, refer or relate to marketing, advertising or public relations work that you performed on behalf of AstraZeneca.

8.    All documents received by you from AstraZeneca regarding pharmaceutical pricing, marketing or distribution.

9.    All documents concerning, relating to or referring to your policy for the generation, location, retention and destruction of your documents or files.

10.   All current and historical organizational charts for you and all of your departments.

11.   All documents sufficient to identify the databases maintained by you and the information they contain.

4