

S AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF    **MASSACHUSETTS**

In re: Pharmaceutical Average Wholesale  Price Lit.

V.

TO:  Simon, Kucher & Partners Strategy & Marketing
Consultants, LLC c/o Corporate Service Company
84 State Street, Boston, MA 02139-0000

**SUBPOENA IN A CIVIL CASE**

Case Number:¹  **Master File No. 01-CV-122**
MDL 1456
Pending in the USDC District of
Massachusetts
Judge Patti B. Saris

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

SEE ATTACHED RIDER

| PLACE    Hagens Berman, One Main St., 4th Floor, Cambridge, MA 02142 | DATE AND TIME  8/16/2004 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| (Atty. for Plaintiff) | 8-4-04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Anthony J. Sievert, The Wexler Firm LLP, One N. LaSalle Street, Suite 2000, Chicago, IL 60602
Tel: 312/346-2222

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.



TO:   Simon-Kucher and Partners Strategy & Marketing Consultants, LLC, One Canal Park, Cambridge, MA 02141.

## EXHIBIT A

### DEFINITIONS AND INSTRUCTIONS

1.      "AstraZeneca" shall mean Zeneca, Inc., AstraZeneca US, AstraZeneca, PLC, AstraZeneca Pharmaceuticals, LP (collectively "AstraZeneca") and its predecessors, subsidiaries, parent organizations, branches, departments, agents, divisions and/or affiliates, including but not limited to, any other organization in which it has management or controlling interest(s), together with all present and former directors, officers, employees, agents and representatives of AstraZeneca, and any person acting or purporting to act on its behalf.

2.      "You" means Simon-Kucher and Partners, as well as its predecessors and successors, and its employees, officers, directors, agents, attorneys, affiliates or any person acting on your behalf.

3.      The term "document" includes, without limitation, the originals of all writings of every kind, including but not limited to letters, telegrams, memoranda, reports, studies, legal pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials, pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of meetings, and telephone records, which are now or formerly were in the actual or constructive possession and control of you, your officers, directors, employees, attorneys or other agents.  The term "document" further includes data processing and computer printouts, tapes, disks, and data stored in computers or data processing equipment, together with programs and program documentation necessary to retrieve, read and utilize such data, and all other mechanical or electronic means of storing or recording data, as well as tape, film or cassette sound and/or visual recordings, and reproductions or film impressions of any of the aforementioned writings. The term "document" also includes copies of all documents which are not identical duplicates of the originals, and copies of documents if the originals of documents are not in the possession, custody or control of you, your



officers, directors, employees, attorneys or other agents. Alteration of documents includes, without limitation, any modification, censorship, redaction, addition to or changing, which obscures, removes, amends, changes or obliterates any part of the original language, information, or meaning.

4.      The term "communication" shall mean any act, action, oral speech, written correspondence, contact, expression of words, thoughts, or ideas or transmission of exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, or any other process, electric, electronic or otherwise.  All such communications in writing shall include, without limitation, printed, typed, handwritten, electronic, or other readable documents.

5.      Unless otherwise specifically stated herein, the period covered by each of these requests extends from January 1, 1991 to the date of your response to these discovery requests.

6.      "Relating to" or "related to" shall include describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with and bearing on (whether legally, factually, or otherwise).

7.      The connectives "and/or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and are not to be interpreted in such a manner as to exclude any information within the scope of the document request.

8.      All documents produced should be produced in the order in which you maintain them in the ordinary course of your business.



9.     You should produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be eligible and bound or stapled in the same manner as the original.

10.     Documents not otherwise responsive to these requests should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these document requests or if such documents are attached to documents called for by these document requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

11.     Documents attached to each other should not be separated.

12.     "AstraZeneca drugs" means Atacand, Nexium, Entocort, Accolate, Armidex, Casodex, Diprivan, Nolvadex, Prilosec, Pulmicort, Rhinocort, Seroquel, Toprol, Zestril, Zomig, and Zoladex and any other drugs manufactured or marketed by AstraZeneca .

## REQUESTS FOR PRODUCTION

1.     All contracts or other documents relating to any agreement by you to perform services for or to be retained by AstraZeneca.

2.     All documents reflecting any detail of the work you performed on behalf of or related to AstraZeneca, including but not limited to providing pricing and marketing strategy advice.

3.     All billing records, diaries, calendars and invoices relating to or referring to the work performed by you on behalf of or related to AstraZeneca.

4.     All documents prepared by you or within your control or possession concerning, mentioning or relating to AstraZeneca.

3



5.   All notes prepared, drafted or otherwise used by you relating to AstraZeneca and the services you provided to AstraZeneca.

6.   All communications between you and AstraZeneca relating to the services you provided to AstraZeneca.

7.   All drafts and final version (both clean and completed) of any analyses, reports and strategies prepared for AstraZeneca.

8.   All documents reflecting any recommendations made by you to AstraZeneca.

9.   All pricing surveys that you performed on behalf of AstraZeneca for any AstraZeneca drug.

10.   All memoranda, reports, correspondence or other documents not otherwise produced that concern, refer or relate to any pricing recommendations made to AstraZeneca for any AstraZeneca drug.

11.   All documents concerning, relating or referring to your policy for the generation, location, retention and destruction of your documents or files, both in hard copy and in electronic form.

12.   All current and historical organizational charts for you and all of your departments.

13.   All documents sufficient to identify the databases maintained by you and the information they contain.



SAO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Northern Di _____ DISTRICT OF _____ New York

In re: Pharmaceutical Average Wholesale Price Lit

V.

**SUBPOENA IN A CIVIL CASE**

TO:  State & Federal Associates c/o Parexel International Corp;
c/o Registered Agent The Prentice Hall Corporation
Systems, Inc., 80 State St., Albany, NY 12207

Case Number:[1]  MDL 1456  Master File No. 01-CV-11257
Pending in USDC District of
Massachusetts
Judge Patti B. Saris

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED RIDER

| PLACE Servinator Legal Support, Inc; 100 State Street, Albany, NY 12207 | DATE AND TIME 8/16/2004  9:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *(signature)* (Attorney for Plaintiff) | 8-5-04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anthony J. Sievert, The Wexler Firm LLP, One N. LaSalle Stret, Suite 2000, Chicago, IL 60602

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.



TO:    State & Federal Associates c/o Parexel International Corp., 195 West Street Corp., Waltham,
       MA 02457

## EXHIBIT A

### DEFINITIONS AND INSTRUCTIONS

1.      "AstraZeneca" shall mean Zeneca, Inc., AstraZeneca US, AstraZeneca
Pharmaceuticals, LP, AstraZeneca, PLC, AstraZeneca Pharmaceuticals, LP (collectively
"AstraZeneca") and its predecessors, subsidiaries, parent organizations, branches, departments,
agents, divisions and/or affiliates, including but not limited to, any other organization in which it has
management or controlling interest(s), together with all present and former directors, officers,
employees, agents and representatives of AstraZeneca, and any person acting or purporting to act on
its behalf.

2.      "You" means Parexel International Corp. and State & Federal Associates, as well as
their predecessors, successors, employees, officers, directors, agents, attorneys, affiliates or any
person acting on your behalf.

3.      The term "document" includes, without limitation, the originals of all writings of
every kind, including but not limited to letters, telegrams, memoranda, reports, studies, legal
pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials,
pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of
meetings, and telephone records, which are now or formerly were in the actual or constructive
possession and control of you, your officers, directors, employees, attorneys or other agents. The
term "document" further includes data processing and computer printouts, tapes, disks, and data
stored in computers or data processing equipment, together with programs and program
documentation necessary to retrieve, read and utilize such data, and all other mechanical or electronic
means of storing or recording data, as well as tape, film or cassette sound and/or visual recordings,
and reproductions or film impressions of any of the aforementioned writings. The term "document"



also includes copies of all documents which are not identical duplicates of the originals, and copies of documents if the originals of documents are not in the possession, custody or control of you, your officers, directors, employees, attorneys or other agents. Alteration of documents includes, without limitation, any modification, censorship, redaction, addition to or changing, which obscures, removes, amends, changes or obliterates any part of the original language, information, or meaning.

    4.    The term "communication" shall mean any act, action, oral speech, written correspondence, contact, expression of words, thoughts, or ideas or transmission of exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, or any other process, electric, electronic or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, electronic, or other readable documents.

    5.    Unless otherwise specifically stated herein, the period covered by each of these requests extends from January 1, 1991 to the date of your response to these discovery requests.

    6.    "Relating to" or "related to" shall include describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with and bearing on (whether legally, factually, or otherwise).

    7.    The connectives "and/or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and are not to be interpreted in such a manner as to exclude any information within the scope of the document request.

    8.    All documents produced should be produced in the order in which you maintain them in the ordinary course of your business.

2



9.      You should produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be eligible and bound or stapled in the same manner as the original.

10.      Documents not otherwise responsive to these requests should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these document requests or if such documents are attached to documents called for by these document requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

11.      Documents attached to each other should not be separated.

12.      "AstraZeneca drugs" means Atacand, Nexium, Entocort, Accolate, Armidex, Casodex, Diprivan, Nolvadex, Prilosec, Pulmicort, Rhinocort, Seroquel, Toprol, Zestril, Zomig, and Zoladex and any other drugs manufactured or marketed by AstraZeneca.

### REQUESTS FOR PRODUCTION

1.      All contracts or other documents relating to any agreement by you to perform services for or to be retained by AstraZeneca.

2.      All documents reflecting any detail of the work you performed on behalf of or related to AstraZeneca.

3.      All documents that concern, refer or relate to any strategic medical marketing services that you performed on behalf of AstraZeneca, including but not limited to communication planning, medical publishing, meetings and exhibitions, strategic planning, and continuing medical education.

3



4.   All billing records, diaries, calendars and invoices, relating or referring to the work performed by you on behalf of or related to AstraZeneca.

5.   All documents prepared by you or within your control or possession concerning, mentioning or relating to AstraZeneca.

6.   All notes prepared, drafted or otherwise used by you relating to AstraZeneca and the services you provided to AstraZeneca.

7.   All documents that concern, refer or relate to promotional services, marketing, advertising or public relations work that you performed on behalf of AstraZeneca.

8.   All documents that concern, refer or relate to any lobbying, legislative or regulatory advocacy that you performed on behalf of AstraZeneca.

9.   All documents that concern, refer or relate to prices for any AstraZeneca drug, including but not limited to documents that concern, refer or relate to average wholesale prices, return to practice, return on investment, spread or profit.

10.   All documents that concern, refer or relate to the Zoladex Reimbursement Hotline.

11.   All documents that concern, refer or relate to the Zoladex Access Program.

12.   All advertising or promotional documents related to any AstraZeneca drugs, including drafts.

13.   To the extent not produced in response to Request No. 7 above, all documents that concern, refer or relate to any attempts to lobby state Medicaid programs on behalf of AstraZeneca to modify or maintain their existing pharmaceutical reimbursement policies.

4



14.     All documents concerning, relating or referring to your policy for the generation, location, retention and destruction of your documents or files, both in hard copy and electronic format.

15.     All current and historical organizational charts for you and all of your departments.

16.     All documents sufficient to identify the databases maintained by you and the information they contain.



⊷AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | New York |
|----------|-------------|----------|

In re: Pharmaceutical Average Wholesale Price Lit.

V.

**SUBPOENA IN A CIVIL CASE**

Master File No. 01-CV-12257
Case Number:[1] MDL 1456

Pending in USDC District of
Massachusetts
Judge Patti B. Saris

TO: Parexel International Corp.; 195 West Street, Waltham, MA 02457; c/o Registered Agent The Prentice-Hall Corporation Systems, Inc., 80 State St., Albany, New York, 12207

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|--------------------|-----------|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---------------------|---------------|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED RIDER

| PLACE  Servinator Legal Support, Inc.<br>100 State Street, Albany, NY 12207 | DATE AND TIME<br>8/16/04: 9:00 a.m. |
|---------------------------------------------------------------------------|-------------------------------------|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|----------|---------------|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| (Attorney for Plaintiff) | 8-5-04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Anthony J. Sievert, The Wexler Firm LLP, One N. LaSalle Street, Suite 2000, Chicago, IL 60602
Tel: 312-346-2222

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.



TO:   Parexel International Corp., 195 West Street Corp., Waltham, MA 02457

## EXHIBIT A

### DEFINITIONS AND INSTRUCTIONS

1.      "AstraZeneca" shall mean Zeneca, Inc., AstraZeneca US, AstraZeneca Pharmaceuticals, LP, AstraZeneca, PLC, AstraZeneca Pharmaceuticals, LP (collectively "AstraZeneca") and its predecessors, subsidiaries, parent organizations, branches, departments, agents, divisions and/or affiliates, including but not limited to, any other organization in which it has management or controlling interest(s), together with all present and former directors, officers, employees, agents and representatives of AstraZeneca, and any person acting or purporting to act on its behalf.

2.      "You" means Parexel International Corp. and State & Federal Associates, as well as their predecessors, successors, employees, officers, directors, agents, attorneys, affiliates or any person acting on your behalf.

3.      The term "document" includes, without limitation, the originals of all writings of every kind, including but not limited to letters, telegrams, memoranda, reports, studies, legal pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials, pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of meetings, and telephone records, which are now or formerly were in the actual or constructive possession and control of you, your officers, directors, employees, attorneys or other agents.  The term "document" further includes data processing and computer printouts, tapes, disks, and data stored in computers or data processing equipment, together with programs and program documentation necessary to retrieve, read and utilize such data, and all other mechanical or electronic means of storing or recording data, as well as tape, film or cassette sound and/or visual recordings, and



reproductions or film impressions of any of the aforementioned writings. The term "document" also includes copies of all documents which are not identical duplicates of the originals, and copies of documents if the originals of documents are not in the possession, custody or control of you, your officers, directors, employees, attorneys or other agents. Alteration of documents includes, without limitation, any modification, censorship, redaction, addition to or changing, which obscures, removes, amends, changes or obliterates any part of the original language, information, or meaning.

4.      The term "communication" shall mean any act, action, oral speech, written correspondence, contact, expression of words, thoughts, or ideas or transmission of exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, or any other process, electric, electronic or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, electronic, or other readable documents.

5.      Unless otherwise specifically stated herein, the period covered by each of these requests extends from January 1, 1991 to the date of your response to these discovery requests.

6.      "Relating to" or "related to" shall include describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with and bearing on (whether legally, factually, or otherwise).

7.      The connectives "and/or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and are not to be



interpreted in such a manner as to exclude any information within the scope of the document request.

8.    All documents produced should be produced in the order in which you maintain them in the ordinary course of your business.

9.    You should produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be eligible and bound or stapled in the same manner as the original.

10.    Documents not otherwise responsive to these requests should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by these document requests or if such documents are attached to documents called for by these document requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

11.    Documents attached to each other should not be separated.

12.    "AstraZeneca drugs" means Atacand, Nexium, Entocort, Accolate, Armidex, Casodex, Diprivan, Nolvadex, Prilosec, Pulmicort, Rhinocort, Seroquel, Toprol, Zestril, Zomig, and Zoladex and any other drugs manufactured or marketed by AstraZeneca.

### REQUESTS FOR PRODUCTION

1.    All contracts or other documents relating to any agreement by you to perform services for or to be retained by AstraZeneca.

2.    All documents reflecting any detail of the work you performed on behalf of or related to AstraZeneca.



3.    All documents that concern, refer or relate to any strategic medical marketing services that you performed on behalf of AstraZeneca, including but not limited to communication planning, medical publishing, meetings and exhibitions, strategic planning, and continuing medical education.

4.    All billing records, diaries, calendars and invoices, relating or referring to the work performed by you on behalf of or related to AstraZeneca.

5.    All documents prepared by you or within your control or possession concerning, mentioning or relating to AstraZeneca.

6.    All notes prepared, drafted or otherwise used by you relating to AstraZeneca and the services you provided to AstraZeneca.

7.    All documents that concern, refer or relate to promotional services, marketing, advertising or public relations work that you performed on behalf of AstraZeneca.

8.    All documents that concern, refer or relate to any lobbying, legislative or regulatory advocacy that you performed on behalf of AstraZeneca.

9.    All documents that concern, refer or relate to prices for any AstraZeneca drug, including but not limited to documents that concern, refer or relate to average wholesale prices ("AWP"), return to practice ("RTP"), return on investment, spread or profit.

10.    All documents that concern, refer or relate to the Zoladex Reimbursement Hotline.

11.    All documents that concern, refer or relate to the Zoladex Access Program.



12. All advertising or promotional documents related to any AstraZeneca drugs, including drafts.

13. To the extent not produced in response to Request No. 8 above, all documents that concern, refer or relate to any attempts to lobby state Medicaid programs on behalf of AstraZeneca to modify or maintain their existing pharmaceutical reimbursement policies.

14. All documents concerning, relating or referring to your policy for the generation, location, retention and destruction of your documents or files, both in hard copy and electronic format.

15. All current and historical organizational charts for you and all of your departments.

16. All documents sufficient to identify the databases maintained by you and the information they contain.

# EXHIBIT B



E-SERVED
03/31/04
06:55 PM ET
MDL No. 1456

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | ) |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | ) ) ) ) |

MDL No. 1456

CIVIL ACTION: 01-CV-12257-PBS

Judge Patti B. Saris

**PLAINTIFFS' OMNIBUS REQUESTS FOR PRODUCTION AND INTERROGATORIES TO DEFENDANTS ABBOTT, AMGEN, AVENTIS, BAXTER, BAYER, BOEHRINGER, BRAUN, DEY, FUJISAWA, NOVARTIS, PFIZER, PHARMACIA, SICOR, TAP AND WATSON AND TO ALL OTHER DEFENDANTS WITH RESPECT TO DRUGS THAT WERE NOT PREVIOUSLY SUBJECT TO DISCOVERY**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and LR D. Mass. 26.5 and 34.1, and pursuant to case management orders of this Court including the March 25, 2004 Order, the plaintiffs hereby request that each defendant produce the documents requested herein in compliance with the March 25, 2004 Order.

Prior to the Court's March 25, 2004 Order, several defendants commenced production for specific drugs pursuant to prior document requests. This Omnibus Request does not seek production of documents to the extent that such documents were both previously requested and actually produced by a defendant.

**I.     DEFINITIONS**

1.     "Agreement" means a contract, arrangement or understanding, formal or informal, oral or written, between two or more persons.

2.     "All documents" means every document and every non-identical copy known to you and every such document or writing which you can locate or discover by reasonably diligent efforts, including, but not limited to, documents now in the possession, custody or control of a defendant, its merged or acquired predecessors, its former and present directors, officers, counsel, agents, employees and/or persons acting on its behalf.

3.     "AMCC" means the Amended Master Consolidated Complaint.

4.     "AMP" or "Average Manufacturer Price" shall have the meaning set forth in 42 U.S.C. § 1396r-8(k)(1).

5.     "Any" means one or more.

6.     "ASP" means average sales price.



12.   <u>Electronic Availability</u>.   Any documents available in an electronic format shall be so provided in that format, i.e., in an identical, usable electronic format.  If issues regarding compatibility of computer systems and software arise, the producing parties shall confer to resolve the matters.  In producing documents consisting of electronically stored data in machine readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software.  Data files typically should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: a record layout, a short narrative description of the contents of the file, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, starting and ending position in the record, length of the field, and characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).  The magnetic media should be in the most efficient, transferable form.  Data typically can be accepted in either ASCII or EBCDIC format.  Do not convert the data between ASCII and EBCDIC formats. The record length, blocksize and tape density must be provided. The tapes should be written with generic copy utilities rather than backup programs from a specific operating system. Where multiple magnetic media are necessary, recreation of the entire data must be enabled.  For example, where PC files are too large for one diskette, DOS BACKUP disk sets will be acceptable so long as they are accompanied by backup listings. Backup listings may be hard copy or ASCII files on non-backup diskettes. A backup listing must provide the path name necessary to individually restore each file in the backup. Compression utilities are acceptable so long as the utility is provided and such provision does not violate licensing or copyright laws.

13.   <u>Don't Alter Contents</u>.  No watermarks, stamps of "confidential" or the like shall be on the text or other contents of a document and (if the parties agree to production of photocopies in lieu of originals as requested by this pleading) no reduction of the size of an original document shall be made.

14.   <u>Reference Documents</u>.  Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this discovery request, or if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

## IV.   DRUGS AT ISSUE

1.   "Class A drugs" means all physician or other provider-administered AWPIDs and all other AWPIDs that are, or at any time during the relevant period were, coverable under Medicare Part B.

2.   "Class B drugs" are all other AWPIDs.

3.   "All Classes" or "All Drugs" means all drugs identified in the AMCC.