# EXHIBIT E

# DAVIS POLK & WARDWELL

| | | |
|---|---|---|
| 1300 I STREET, N.W.<br>WASHINGTON, D.C. 20005 | 450 LEXINGTON AVENUE<br>NEW YORK, N.Y. 10017 | MESSETURM<br>60308 FRANKFURT AM MAIN |
| 1600 EL CAMINO REAL<br>MENLO PARK, CA 94025 | 212 450 4000<br>FAX 212 450 3800 | MARQUÉS DE LA ENSENADA, 2<br>28004 MADRID |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | WRITER'S DIRECT | 1-6-1 ROPPONGI<br>MINATO-KU, TOKYO 106-6033 |
| 15, AVENUE MATIGNON<br>75008 PARIS | 212 450-4859 | 3A CHATER ROAD<br>HONG KONG |

June 3, 2004

Re:   **In re Pharmaceutical Industry Average Wholesale Price Litigation**

Elizabeth A. Fegan, Esq.
The Wexler Firm LLP
One North LaSalle Street
Suite 2000
Chicago, IL 60602

Dear Beth:

In a final effort to resolve our dispute regarding the relevant time period for discovery, AstraZeneca will withdraw its objection on relevancy grounds[1] to plaintiffs' requested discovery time frame of January 1, 1991 through March 31, 2004 for the following categories of documents and information as previously discussed:

1. in response to Requests 25-27, transactional sales and rebate data;
2. in response to Requests 29 and 70, contracts and related documents for the four major PBMs (Caremark, AdvancePCS, Medco and ExpressScripts), the three major wholesalers (McKesson, AmerisourceBergen, and Cardinal), and a sample (to be agreed upon) of GPOs, HMOs, Health Plans and retailers;
3. in response to the requests indicated in AstraZeneca's Responses and Objections to the Omnibus Requests, documents from the Pricing Strategy Group (as well as the additional groups/individuals involved in the recommendation and approval process as previously discussed);
4. in response to the requests in Category 9 of the Omnibus Requests (other than Request 70 as indicated above), documents relating to the four major PBMs (Caremark, AdvancePCS, Medco and ExpressScripts).

---

[1] We do not withdraw our objection on the ground of burden to plaintiffs' discovery requests.  Of course, we also reserve the right to object to the admissibility of any document on the grounds of relevancy.

Ms. Fegan                                2                           June 3, 2004

In addition, AstraZeneca will make available for your inspection within the next two weeks additional boxes from storage dated from 1991 forward that are likely to contain material responsive to plaintiffs' document requests. We will also make an index of the boxes available to you at the time of your inspection. We anticipate that we will be able to notify you by the end of next week of the number of boxes available for inspection and the dates the boxes will be available for inspection.

We believe this proposal should moot the motion to compel presently pending against AstraZeneca. In fact, if you agree to this proposal, it is our understanding that AstraZeneca will be producing more documents from the entire requested time frame than any other Track 1 defendant. If you do not intend to file a notice of withdrawal, please notify us immediately, so that we may file an opposition to the motion to compel by the close of business today.

Sincerely,

*Kimberley Harris* ms

Kimberley Harris

By Facsimile

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212-450-4000
FAX 212-450-3800

WRITER'S DIRECT

212 450 4285

15. AVENUE MATIGNON
75008 PARIS

MESSETURM
60308 FRANKFURT AM MAIN

17-22, AKASAKA 2-CHOME
MINATO-KU, TOKYO 107-0052

3A CHATER ROAD
HONG KONG

June 1, 2004

Re:   **In re Pharmaceutical Industry Average Wholesale Price Litigation
MDL No. 1456**

Elizabeth A. Fegan, Esq.
The Wexler Firm LLP
One North La Salle Street
Suite 2000
Chicago, IL 60602

Dear Ms. Fegan:

On behalf of AstraZeneca Pharmaceuticals LP, enclosed please find two
CD-ROMs containing .tif images of documents relating to Zoladex® bearing the
bates numbers AZ0425372 to AZ0440313, in further response to Plaintiffs'
Amended First Request for Production of Documents. In addition, please note
that AstraZeneca has also produced today under separate cover a CD-ROM
bearing bates number AZ0466413, which includes rebate data relating to Zoladex
(along with transactional sales and rebate data for the other AstraZeneca drugs
identified in Appendix A in response to Plaintiffs' Omnibus Requests). These
documents and data are being produced subject to the terms of the Protective
Order entered by the Court in December 2002.

This production substantially completes AstraZeneca's response to
Plaintiffs' Amended First Request for Production of Documents. We anticipate
providing an updated privilege log shortly.

Sincerely,

Monica Lamb

Monica Lamb

Enclosures

# DAVIS POLK & WARDWELL

| | | |
|---|---|---|
| 1300 I STREET, N.W.<br>WASHINGTON, D.C. 20005 | 450 LEXINGTON AVENUE<br>NEW YORK, N.Y. 10017 | 15, AVENUE MATIGNON<br>75008 PARIS |
| | 212-450-4000<br>FAX 212-450-3800 | |
| 1600 EL CAMINO REAL<br>MENLO PARK, CA 94025 | | MESSETURM<br>60308 FRANKFURT AM MAIN |
| | WRITER'S DIRECT | |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | 212 450 4285 | 17-22, AKASAKA 2-CHOME<br>MINATO-KU, TOKYO 107-0052 |
| | | 3A CHATER ROAD<br>HONG KONG |

June 1, 2004

Re:   **In re Pharmaceutical Industry Average Wholesale Price Litigation
MDL No. 1456**

Elizabeth A. Fegan, Esq.
The Wexler Firm, LLP
One North La Salle Street
Suite 2000
Chicago, IL 60602

Dear Ms. Fegan:

On behalf of our client, AstraZeneca Pharmaceuticals LP, enclosed please find seven CD-ROMs in partial response to Plaintiffs' Omnibus Requests for Production and Interrogatories ("Omnibus Requests"): 1) four CD-ROMs containing .tif images of documents bearing the bates numbers AZ0442160 to AZ0466412; 2) two CD-ROMs bearing bates numbers AZ0466413 and AZ0466414 containing transactional sales and rebate data for the AstraZeneca drugs identified in Appendix A to the AMCC; and, 3) one CD-ROM bearing bates number AZ0466415 containing several electronic spreadsheets and documents. These documents and data are being produced in accordance with the terms of the Protective Order entered by the Court in December 2002.

This production represents AstraZeneca's first production in response to the Omnibus Requests. As required by CMO 10, we anticipate providing a privilege log within 14 days.

Sincerely,

*Monica Lamb*

Monica Lamb

Enclosure



THE│WEXLER│FIRM<sup>LLP</sup>

June 1, 2004

VIA FACSIMILE and VERILAW

Mr. Scott Wise
Ms. Kimberley Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

      RE:   In re: Pharmaceutical Industry Average Wholesale Price Litigation, MDL
              No. 1456

Dear Scott and Kim:

I am writing regarding AstraZeneca's ("AZ") failure to comply with paragraph 4 of CMO
No. 10, in responding to Plaintiffs' Omnibus Requests for Production and Interrogatories
("Responses"). As you know, paragraph 4 requires that "[a] responding party to an initial
document request shall complete production of all documents within sixty (60) days of
service of such request." While we understand that we have been engaged in meet and
confers, the fact that AZ has yet to produce any documents[1] in compliance with CMO
No. 10 fails to at least comply with the spirit, if not the letter, of the Court's Order.

In fact, Kim and I have formally met and conferred on at least four occasions by
telephone and have exchanged no less than eight letters regarding the scope of the
Omnibus Requests. During none of those has AZ maintained a blanket objection to the
production of documents. However, despite the fact that paragraph 4 of CMO 10 requires
that "undisputed documents shall be produced within 60 days," AZ has yet to produce a
single responsive document to CMO No. 10. Surely AZ cannot maintain that there are
not any "undisputed documents."

Further, AZ has maintained that, once it starts producing documents (for which AZ has
not given us a firm date), it will engage in a rolling production every three weeks. As I
have told Kim numerous times, this is not practicable or acceptable given the fact that,

---

[1] It is unclear whether AZ intends to produce electronic transactional data today. As of the time this letter
was sent, plaintiffs have not received any transactional data responsive to the Omnibus Requests. Even if
AZ had produced transactional data today however, AZ would nonetheless be in violation of CMO No. 10
and plaintiffs' position set forth in this letter would remain unchanged.

| Contact Information: | Elizabeth A. Fegan<br>312 261 6191 Direct Dial<br>eafegan@wexlerfirm.com | One North LaSalle Street<br>Suite 2000<br>Chicago, Illinois 60602 | 312 346 2222<br>312 346 0022 fax<br>www.wexlerfirm.com |
|---|---|---|---|



T H E | W E X L E R | F I R M LLP

Mr. Scott Wise
Ms. Kimberley Harris
June 1, 2004
Page 2 of 2

per CMO No. 10, plaintiffs' motion for class certification is due in just 90 days on September 3, 2004. Obviously, the Court's class deadline assumed that defendants would comply with paragraph 4 of CMO No. 10.  AZ's failure to do so appears to be an attempt to seriously hinder and prejudice plaintiffs' position.

Sincerely,

Elizabeth A. Fegan

EFH:lyr

cc.    All Counsel of Record (via Verilaw)



SERVED
06/09/04
06:07 PM ET
MDL No. 1456

CAMBRIDGE   LOS ANGELES   PHOENIX [PLLC]   SEATTLE

hagens-berman.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

STEVE W. BERMAN
(206) 224-9320
steve@hagens-berman.com

June 10, 2004

### *Via Facsimile*

Mr. John T. Montgomery
Ropes & Gray LLP
One International Place
Boston, MA 02110-2624

Mr. Steven M. Edwards
Mr. Lyndon M. Tretter
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022

Mr. D. Scott Wise
Davis Polk & Wardwell
450 Lexington Ave
New York, NY 10017

Mr. Erik Haas
Patterson, Belknap, Webb & Tyler
1133 Avenue of the Americas
New York, NY 10036-6710

Mr. Frederick G. Herold
Dechert Price & Rhoads
1717 Arch Street
4000 Bell Atlantic Tower
Philadelphia, PA 19103

Re:   In re Average Wholesale Pharmaceuticals Pricing Litigation
MDL No. 1456

Dear Counsel:

Co-lead counsel and the team leaders as to each of the fast-track defendants have conferred and believe the urgency of the lack of discovery from Schering-Plough, BMS and AstraZeneca warrants this letter.

We are thus writing again regarding our concerns over the timing of the fast-track defendants' compliance with paragraph 4 of CMO No. 10, in responding to Plaintiffs' Omnibus Requests for Production and Interrogatories ("Responses"). As you know, and as we have reminded some of you in letters that have gone unanswered, paragraph 4 requires that "[a] responding party to an initial document request shall complete production of all documents within sixty (60) days of service of such

1534.16 0141 LTR.DOC



June 10, 2004
Page 2

request." While we understand that we have been engaged in meet and confers, the pace and quality of the production may not be in compliance with CMO No. 10 and may fail to at least comply with the spirit, if not the letter, of the Court's Order.

We have had several seemingly meaningful dialogues regarding production with each of you. Despite the fact that paragraph 4 of CMO 10 requires that "undisputed documents shall be produced within 60 days" a great many such documents have not been produced, and certainly based upon our review to date it looks as if documents from key sources have not been produced as to AstraZeneca, BMS, Schering-Plough and perhaps other fast-track defendants as well.

Unfortunately, our good faith in relaxing the 60-day period has in many cases been taken advantage of. For at least three defendants, we have received to date a dump of largely worthless or low-priority documents. To paraphrase a letter we found in the BMS production from the California Attorney General on the same issue, about 5% of the production was meaningful, the rest either repetitive or of little or no value. Meanwhile, we have not received electronic data for many drugs, we have not received any documents whatsoever for many drugs, we have not received marketing plans, sales team meeting plans or documents where selling strategies are discussed, documents from the key persons involved in pricing, or any field sales material.

At the same time, while our deadline fast approaches, some of you have no problem in devoting resources to your needs. It appears for example that BMS has at least three, if not more, lawyers daily churning out subpoenas, and demands from plaintiffs or third parties, while BMS is unable to produce documents to plaintiffs on a timely basis. The same is true for AstraZeneca.

The foregoing is unacceptable and, in our view, a serious breach of Judge Saris' order. Unless we receive from each of you, by the close of business Monday, a specific and detailed plan outlining how and when production will be completed, and the specifics of what material will be produced and when, we intend to seek emergency relief from the court, including a possible contempt order. You should also include dates for any outstanding 30(b)(6) witnesses.



June 10, 2004
Page 3

    This delay results in our being forced to take depositions in aid of class certification in July and August. We will not be in a position to be tolerant of the vacation excuse so please plan accordingly.

          Sincerely,

          Steve W. Berman

SWB:dls
cc:   All Counsel of Record (via Verilaw)

1574.16 0141 LTR.DOC

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT
212 450 4464
wise@dpw.com

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID ESPAÑA

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

June 14, 2004

Re:   **In re Pharmaceutical Industry Average Wholesale Price Litigation,
MDL No. 1456**

Steve W. Berman
Hagens-Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle WA  98101

Dear Steve:

I am writing in response to your letter dated June 10, 2004.

We assume that your concerns regarding the volume and content of recent productions were not directed at AstraZeneca, since we understand that as of the date of your letter, plaintiffs had not yet reviewed AstraZeneca's first production in response to the Omnibus Requests. That production, consisting of seven CDs, was delivered to The Wexler Firm on June 2, 2004. However, two hours after your letter was posted on Verilaw on June 10, we received an e-mail from Anthony Sievert at The Wexler Firm indicating that that firm had not yet reviewed the CDs.

After you have had a chance to review AstraZeneca's production, you will see that many of the assertions in your letter are incorrect as to AstraZeneca. For example, while you assert that you have not received electronic data for many drugs, AstraZeneca in fact has produced more than 16 million records of transactional sales data, including chargebacks and rebates, for all sixteen drugs subject to the Omnibus Requests from January 1, 1991 (or the earliest available date) through March 31, 2004. Similarly, although you complain generally that plaintiffs have not received documents from key sources, including key persons involved in pricing, the bulk of AstraZeneca's first production included responsive documents relating to all of the drugs subject to the Omnibus Requests from AstraZeneca's Pricing Strategy Group. In addition, AstraZeneca's first production also included current contracts and other responsive documents relating to the four major PBMs.

In all, AstraZeneca produced approximately 40,000 pages of documents relating directly to plaintiffs' allegations, plus the massive amount of data



Steve W. Berman                    2                    June 14, 2004

described above.[1]  As you know, this production was made even though we were
still engaging in significant discussions with plaintiffs' counsel to resolve serious
disputes between the parties regarding the scope of the Omnibus Requests.  In
fact, a final agreement regarding the scope of AstraZeneca's production was not
reached until June 4, 2004.  For these reasons, AstraZeneca certainly has
complied with both the spirit and the letter of CMO No. 10.

        In response to your request for an update on future productions, our next
production is currently planned for the week of June 21, which we expect to
include: remaining responsive documents from the Pricing Strategy Group,
historical contracts and other responsive documents relating to the four PBMs,
contracts and other responsive documents relating to the three major wholesalers,
and strategic plans for the drugs at issue.  We also anticipate providing plaintiffs
with access to boxes from storage for review and inspection no later than the
week of June 28.  The remainder of the production, including responsive
documents relating to the agreed-upon sample from each customer category, other
responsive documents from the Managed Markets group, and non-drug-specific
corporate documents, will occur on a rolling basis thereafter, and we anticipate
the production will be substantially complete by July 31, 2004.[2]

        As we have offered in the past, we are happy to discuss a different
prioritization of the production, if plaintiffs have specific requests.  However, the
breadth of plaintiffs' requests, the extremely long time frame for which plaintiffs
have demanded documents, and the resulting volume of documents to be
reviewed, make it impossible to complete the production any sooner in a
reasonable manner.[3]

        Discovery on a fast-track schedule must be a two-way street, however.
Defendants' single — and only -- set of document requests to the named plaintiffs
was served in September 2003, nine months ago.  Despite the considerable time
that has passed, and the comparatively small volume of responsive documents
apparently in plaintiffs' possession, most of these productions are not yet
complete and at least two plaintiffs have not yet produced any claims data.
Repeated requests by defendants for information on the timing of productions are
often ignored or met with vague responses and no commitments as to when
productions will be completed.

---

[1] Of course, AstraZeneca has also produced approximately 500,000 pages plus data
relating to Zoladex in response to Plaintiffs' Amended First Request for Production of Documents.

[2] We have previously provided to The Wexler Firm a date for the deposition of the
remaining AstraZeneca 30(b)(6) witness, which has not yet occurred due to two previous
cancellations by plaintiffs' counsel.

[3] The resources required to draft and issue subpoenas simply cannot be compared to the
resources required to collect, review and produce documents responsive to your 82 requests over a
thirteen year time period.



Steve W. Berman                                 3                              June 14, 2004

     Accordingly, on behalf of all Track 1 defendants, we ask that each named plaintiff provide defendants with a plan outlining when production of outstanding material, including data, will be completed by close of business on Wednesday. This discovery of the purported class representatives is vital if defendants are to have the opportunity to address adequately plaintiffs' motion for class certification.

                               Sincerely,

                               D. Scott Wise

cc:    All Counsel via Verilaw

<u>By Facsimile</u>

# EXHIBIT F

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4285

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

June 24, 2004

Re:   **In re Pharmaceutical Industry Average Wholesale Price Litigation
MDL No. 1456**

Elizabeth A. Fegan, Esq.
The Wexler Firm
One North La Salle
Suite 2000
Chicago, IL 60602

Dear Ms. Fegan:

On behalf of our client, AstraZeneca Pharmaceuticals LP, enclosed please find two CD-ROMs containing .tif images of documents bearing the bates numbers AZ0469199 to AZ0487803, in partial response to Plaintiffs' Omnibus Requests for Production and Interrogatories.   Also included is a DII format load file.  These documents are being produced in accordance with the terms of the Protective Order entered by the Court in December 2002.

This production represents AstraZeneca's second production in a series of rolling productions in response to the Omnibus Requests.  As required by CMO 10, we anticipate providing a privilege log within 14 days.

Sincerely,

*Monica Lamb*

Monica Lamb

Enclosure

# DAVIS POLK & WARDWELL

| | | |
|---|---|---|
| 1300 I STREET, N.W.<br>WASHINGTON, D.C. 20005 | 450 LEXINGTON AVENUE<br>NEW YORK, N.Y. 10017 | MESSETURM<br>60308 FRANKFURT AM MAIN |
| 1600 EL CAMINO REAL<br>MENLO PARK, CA 94025 | 212 450 4000<br>FAX 212 450 3800 | MARQUÉS DE LA ENSENADA, 2<br>28004 MADRID |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | WRITER'S DIRECT | 1-6-1 ROPPONGI<br>MINATO-KU, TOKYO 106-6033 |
| 15, AVENUE MATIGNON<br>75008 PARIS | 212 450 4285 | 3A CHATER ROAD<br>HONG KONG |

July 15, 2004

Re:    **In re Pharmaceutical Industry Average Wholesale Price Litigation MDL No. 1456**

Elizabeth A. Fegan, Esq.
The Wexler Firm
One North La Salle
Suite 2000
Chicago, IL 60602

Dear Ms. Fegan:

On behalf of our client, AstraZeneca Pharmaceuticals LP, enclosed please find a CD-ROM containing .tif images of documents bearing the bates numbers AZ0487810 to AZ049296, in partial response to Plaintiffs' Omnibus Requests for Production and Interrogatories. Also included is a DII format load file. Additionally, enclosed please find a CD-ROM bearing the bates number AZ0492927, containing an Excel spreadsheet of AMP data. These documents are being produced in accordance with the terms of the Protective Order entered by the Court in December 2002.

This production represents AstraZeneca's third production in a series of rolling productions in response to the Omnibus Requests. As required by CMO 10, we anticipate providing a privilege log within 14 days.

Sincerely,

*Monica Lamb*

Monica Lamb

Enclosure

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1800 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4285

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

June 29, 2004

Re:   **In re Pharmaceutical Industry Average Wholesale Price Litigation
MDL No. 1456**

Elizabeth A. Fegan, Esq.
The Wexler Firm LLP
One North La Salle Street
Suite 2000
Chicago, IL 60602

Dear Beth:

As we indicated in the June 14, 2004 letter from Scott Wise to Steve
Berman, AstraZeneca is prepared to make approximately 60 to 80 boxes from
storage available for plaintiffs' inspection on Friday of this week in Wilmington,
DE. We will have a monitor present at all times. Plaintiffs will be permitted to
flag the documents they want copied and we will make arrangements to provide
plaintiffs with copies of responsive, non-privileged documents. Because the
documents in the boxes will not be bates stamped, we must ask that those
reviewing the documents be particularly careful not to remove any documents
from the boxes and that the documents be kept in order.

By making these boxes available for inspection, AstraZeneca is making no
representation that all the documents contained therein are responsive to
plaintiffs' requests and the inspection will be made expressly subject to
AstraZeneca's responses and objections to plaintiffs' document requests.[1]
Additionally, AstraZeneca intends to review and designate appropriate documents
as "confidential" or "highly confidential" before producing copies to plaintiffs.
To be clear, AstraZeneca will make these boxes available for inspection based on
the understanding that AstraZeneca does not intend to waive and is not waiving
any legally recognized privilege, immunity, or exemption from discovery by

---

[1] Defendant AstraZeneca Pharmaceuticals LP's Objections and Responses to Plaintiffs'
Omnibus Requests for Production and Interrogatories With Respect to Drugs That Were Not
Previously Subject to Discovery; Defendant AstraZeneca Pharmaceuticals LP's Objections and
Responses to Plaintiffs' First Request For Production Of Documents To the Together Rx
Defendants; Defendant AstraZeneca Pharmaceuticals LP's Objections and Responses to Plaintiffs'
amended First Request For Production of Documents.

Elizabeth A. Fegan, Esq.                     2                     June 29, 2004

doing so.  AstraZeneca reserves its right to assert any relevant privilege, immunity, or exemption against the production of documents selected by plaintiffs, including that they are not responsive to plaintiffs' document requests.

Please contact me at the above telephone number or at mlamb@dpw.com to confirm your agreement to inspect these materials from storage as set forth above and to arrange logistics for this Friday, or to discuss a subsequent day on which plaintiffs would prefer to conduct the inspection.

Sincerely,

*Monica Lamb*

Monica Lamb

By Facsimile

T H E | W E X L E R | F I R M <sup>LLP</sup>

July 1, 2004

**Via Facsimile & Verilaw**

Ms. Monica Lamb
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

        RE:   In re: Pharmaceutical Industry Average Wholesale Price Litigation, MDL
              No. 1456

Dear Monica:

This is to confirm that we will review the 60-80 boxes of documents to be made available
by AstraZeneca in Wilmington, Delaware beginning Tuesday, July 13, 2004 and
continuing from day to day until completed. Also, per Kim Harris' June 3, 2004 letter,
kindly provide the index for the boxes by Friday, July 9, 2004.

Sincerely,

Elizabeth A. Fegan

EFH:lyr

cc:    All counsel of record via Verilaw

Contact Information:    **Elizabeth A. Fegan**
**312 261 6191 Direct Dial**
**eafegan@wexlerfirm.com**

One North LaSalle Street
Suite 2000
Chicago, Illinois 60602

312 346 2222
312 346 0022 fax
www.wexlerfirm.com

Jul  1 2004  11:44    P.02
Fax:13123466022    WEXLER FIRM
Received 07/01/2004 12:41PM for KHARRIS. Image ID 2004/07/01  12:42PM. Fax ID KHA40EF606A55658 • Pg 2/2

# DAVIS POLK & WARDWELL

| Fax Transmittal | Sender | Sender E-mail Address |
|---|---|---|
| **450 Lexington Avenue**<br>**New York, New York 10017**<br>**(212) 450-4000** | **Kimberley D. Harris** | **kim.harris@dpw.com** |
| | Date<br>**July 12, 2004** | Number of Pages (this page included)<br>**7** |
| | Sender Voice Number<br>**212 450 4859** | If problems receiving this fax, call<br>**212 450 5288** |
| | Sender Fax Number<br>**212 450 3859** | Reference<br>**22448/076** |

| To<br>**Elizabeth Fegan**<br>**Anthony Sievert** | Fax Number<br>**312-346-0022** | Company<br>**The Wexler Firm** | Recipient Phone Number<br>**312-261-6191** |
|---|---|---|---|

**Message:**

Dear Beth and Tony,

Attached is an index of the AstraZeneca materials available for inspection at Iron Mountain beginning tomorrow, subject to the terms set forth in Monica Lamb's letter to Beth dated June 29, 2004. (A copy of that letter is also attached for easy reference.) Please note that there will also be a few un-numbered boxes not reflected on this index available for review.

Kim

**Confidentiality Note:** This facsimile is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this facsimile or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the facsimile by mail.

AstraZeneca Materials for Plaintiffs' Inspection beginning July 13, 2004

| Box Number | Description | Notes |
|---|---|---|
| 14914 | Sales Force Performance | Managed Care |
| 14916 | Sales Force Performance | Managed Care |
| 14938 | Product or Brand Management Files | ATACAND |
| 208162 | Market Research & Forecasting | Oncology |
| 226687 | Market Research & Forecasting | Urology |
| 226902 | Sales Programs | Prilosec |
| 235318 | Product or Brand Management Files | Completed Promotional Projects |
| 235418 | Product or Brand Management Files | Meeting Files |
| 243218 | Market Research & Forecasting | Nexium |
| 243219 | Market Research & Forecasting | Nexium |
| 243992 | Contracts & Agreements | Nolvadex and Arimidex |
| 244354 | Market Research & Forecasting | Prilosec |
| 244668 | Product or Brand Management Files | Prilosec |
| 254081 | Advertisements & Promotional Materials | Respiratory |
| 254087 | Advertisements & Promotional Materials | Respiratory |
| 254143 | Advertisements & Promotional Materials | Respiratory |
| 254235 | Advertisements & Promotional Materials | Respiratory |
| 254490 | Advertisements & Promotional Materials | Respiratory |
| 254495 | Advertisements & Promotional Materials | Respiratory |
| 254558 | Advertisements & Promotional Materials | Respiratory |
| 254620 | Advertisements & Promotional Materials | Respiratory |
| 255355 | Advertisements & Promotional Materials | Respiratory |

1

AstraZeneca Materials for Plaintiffs' Inspection beginning July 13, 2004

| Box Number | Description | Notes |
|---|---|---|
| 255514 | Advertisements & Promotional Materials | Respiratory |
| 07135Z | Product or Brand Management Files | Project Files |
| 09953Z | Market Research & Forecasting | Legacy Data |
| 09975Z | Product or Brand Management Files | Legacy Data |
| 101323Z | Licensing Opportunities | Subject |
| 107548Z | Product or Brand Management Files | Meetings & Miscellaneous |
| 12431Z | Product or Brand Management Files | Products - General Files |
| 12433Z | Product or Brand Management Files | Products - General Files |
| 15075Z | Licensing Opportunities | Products |
| 31395Z | Product or Brand Management Files | Requisitions |
| 43047Z | Product or Brand Management Files | Legacy Data |
| 47506Z | Product or Brand Management Files | Correspondence |
| 47528Z | Product or Brand Management Files | Correspondence |
| 49765Z | Product or Brand Management Files | Product Files |
| 49771Z | Product or Brand Management Files | Product Files |
| 56865Z | Product or Brand Management Files | Requisitions |
| 57982Z | Product or Brand Management Files | Correspondence |
| 58784Z | Licensing Opportunities | Correspondence |
| 58814Z | Licensing Opportunities | Correspondence |
| 58816Z | Licensing Opportunities | Correspondence |
| 58872Z | Licensing Opportunities | Correspondence |

2

AstraZeneca Materials for Plaintiffs' Inspection beginning July 13, 2004

| Box Number | Description | Notes |
|---|---|---|
| 58874Z | Licensing Opportunities | Correspondence |
| 59036Z | Product or Brand Management Files | Correspondence |
| 59293Z | Budgets | Legacy Data |
| 59475Z | Licensing Opportunities | Products |
| 59481Z | Licensing Opportunities | Products |
| 59849Z | Product or Brand Management Files | Products |
| 60065Z | Market Research & Forecasting | Legacy Data |
| 60419Z | Market Research & Forecasting | Legacy Data |
| 61073Z | Budgets | Legacy Data |
| 61945Z | Budgets | Legacy Data |
| 62860Z | Advertisements & Promotional Materials | Direct Mail Programs |
| 62994Z | Product or Brand Management Files | Correspondence |
| 63010Z | Product or Brand Management Files | Correspondence |
| 79965Z | Product or Brand Management Files | Nolvadex |
| 89942Z | Product or Brand Management Files | Requisitions |
| 96760Z | Product or Brand Management Files | Legacy Data |
| 96933Z | Product or Brand Management Files | Legacy Data |
| 96934Z | Managed Care Contracts | Legacy Data |
| 96938Z | Budgets | Legacy Data |
| 96939Z | Market Research & Forecasting | Legacy Data |
| 96946Z | Product or Brand Management Files | Legacy Data |
| 96947Z | Product or Brand Management Files | Legacy Data |
| 98831Z | Product or Brand Management Files | Accolate |

AstraZeneca Materials for Plaintiffs' Inspection beginning July 13, 2004

| Box Number | Description | Notes |
|------------|-------------|-------|
| 98832Z | Product or Brand Management Files | Accolate |

4

THE⎪WEXLER⎪FIRM LLP

July 1, 2004

**Via Facsimile**

Ms. Kimberley Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

> RE:    In re: Pharmaceutical Industry Average Wholesale Price Litigation, MDL
> No. 1456

Dear Kim:

I am writing to follow up regarding items related to defendant's document production
that arose during Mr. Alverson's deposition this week.

First, there are a number of groups, departments and/or individuals from whom
documents, including but not limited to e-mail, should be produced. Please confirm that
they have been or will be, or advise of your objection thereto by Thursday, July 8, 2004.
These include (and I apologize in advance for any spelling errors of proper names):

- Jim Brady and the finance group for which he is responsible
- Contract Operations Department, including but not limited to:
  - Joe Skupen
  - Esther Selvaggi
  - Stephanie Palmer-Willis
- Contract Strategy group, including but not limited to:
  - Jeff Alverson
  - Seven (7) contract directors
  - Account Directors in field
- Contract Approval and Review Process Committee (CARP), including but not
  limited to the centralized files and all individualized files maintained by its
  members during its 3-year existence. Members that Mr. Alverson mentioned
  include:
  - Marianne McCord
  - Nick Harsh
  - Roger Hyde
  - Nancy Wilkinson

| Contact Information: | Elizabeth A. Fegan<br>312 261 6191 Direct Dial<br>eafegan@wexlerfirm.com | One North LaSalle Street<br>Suite 2000<br>Chicago, Illinois 60602 | 312 346 2222<br>312 346 0022 fax<br>www.wexlerfirm.com |

# THE ‖ WEXLER ‖ FIRM‖ᴸᴸᴾ

- o  Don Sawyer
- o  Jim Brady
- o  Gene Hull
- o  Bob Shaugnessy
- o  Jim Blessington
- o  Mike Diggin
- o  Ad Hoc members Chip Davis and Sean Dougherty
- Tony Zook, John Goddard and Glenn Engelman, who review contracts when the contracts are outside of CARP's authority.
- Marianne McCord
- Allen Millbauer
- The OPMT and AZLT
- The Brand Strategy teams. For example, Mr. Alverson testified that a Contract Director will develop an analysis of the current market environment in conjunction with the brand strategy manager, and that a cross-functional team is then brought in to brainstorm PBM/HMO contracting strategy. Mr. Alverson also testified that there is a group called NMAT, which is the managed markets-focused group within a brand team.
- Jim Liebman, who is the segment director for trade, and his group, as he is responsible for relations with wholesalers.
- Ken Murtha and his group, as he is responsible for trade agreements with wholesalers, retail and providers.

Second, there are a number of computer databases for which all information related to the AWPIDs should be produced in its host format: C-DAP, C-M, CSW, MCAS and those notes made in Compass by the account directors in the field referenced by Mr. Alverson. It has been our experience, in this and other cases, that an informal telephone discussion (with lawyers present) between both parties' computer gurus is the most efficient way to understand the databases that exist, the method for production, and the manner in which to read the databases. Please advise whether you are willing to conduct this process by Thursday, July 8, 2004, and, if so, when you are available. If not, please advise of a date for the deposition of the person most technically knowledgeable about and proficient with these databases.

THE │ WEXLER │ FIRM^LLP

Ms. Kimberley Harris
July 1, 2004
Page 3 of 3

Third, please confirm by Thursday, July 8, 2004 that the following documents, based on Mr. Alverson's testimony, have been or will be produced:

- For each AWPID and/or customer type, a copy of the standard contract.
- The RBUs circulated monthly.
- The ABUs circulated annually.
- The work done by AZ in conjunction with the ESI contract to convert prices to AWP from WAC for purposes of ESI's Preferred Savings Grid.
- CRCS Reports.

We look forward to hearing from you.

Sincerely,

Elizabeth A. Fegan

EAF:lyr

cc.     Scott Wise (via facsimile)
        Kenneth A. Wexler
        Plaintiff's Co-Lead Counsel (via e-mail attachment)

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT
212 450 4859

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID ESPAÑA

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

July 15, 2004

Re:   **In re: Pharmaceutical Industry Average Wholesale Price Litigation**
      **MDL 1456**

Elizabeth A. Fegan, Esq.
The Wexler Firm
One North LaSalle Street
Suite 2000
Chicago, IL 60602

Dear Beth:

I am writing in response to your letters dated July 1, 2004.

First, regarding AstraZeneca's search for electronic documents, we have not limited our e-mail search to the Pricing Strategy group. In fact, we have collected e-mail and electronic documents for every AstraZeneca employee from whom we have collected paper documents. We are agreeable to using search terms, but we believe that certain terms must be eliminated from the list you proposed in your May 24, 2004 letter. For example, the search terms on your proposed list that relate exclusively to "Class A" drugs, as defined in the Omnibus Requests, should be eliminated, since AstraZeneca has no "Class A" drugs subject to the Omnibus Requests.[1] We also believe that certain terms having a common usage should be eliminated, since their inclusion makes the review process overly burdensome.[2]

Second, regarding your suggested list of individuals and groups from whom documents should be collected, we already have collected or plan to collect responsive documents from the majority of individuals listed in your second July 1st letter, with the following exceptions or clarifications:

---

[1] Specifically, we propose eliminating the following terms: Part B, return to practice, RTP, educational grant, free, grant, grants, medicare, sample, samples, unrestricted.

[2] Specifically we propose eliminating the following terms: advantage, complimentary, reduce, reduction, suggested, free and volume.

Elizabeth A. Fegan, Esq.                    2                    July 15, 2004

1) Joe Skupen and Esther Selvaggi: Their responsibilities relate solely to AstraZeneca's government pricing and reporting obligations. Accordingly, documents in their possession are not relevant to plaintiffs' claims. Please note, however, that we have agreed to produce AMP data instead of producing a witness in response to plaintiffs' notice of deposition dated June 23, 2004. We expect to produce such data within the next few days.

2) We will be collecting responsive documents, including Compass Call Notes, from the Managed Markets Segment Sales Account Directors in the field who are assigned to the relevant entities we have previously agreed upon (ie; the four major PBMs, the three major wholesalers, the relevant customer samples).

3) Alan Milbauer: We do not believe a search of his files is required. Please tell us what responsive material you believe might be contained in his files (and the applicable document request) and we will consider your request.

Third, with respect to the computer databases listed in your letter, we are investigating the content and format of these databases. We believe that most of the data from these databases has already been produced to plaintiffs in connection with our comprehensive production of transactional sales and rebate data on June 2, 2004. We will get back to you on this issue promptly.

Finally, with respect to the specific documents requested on Page 3 of your July 1st letter:

- We will agree to produce a copy of the standard contract offer for each drug at issue and/or each customer type in lieu of producing contracts and related documents for the "bottom segment" of each customer category that we previously discussed. We believe it is highly likely that the customers in the bottom segment would receive the standard contract offer. Moreover, given a substantial amount of variation in the customers who fall into the bottom segment over the thirteen year period you have requested, it is too burdensome to produce contracts and related responsive documents for the bottom segment over the entire time frame. Producing the standard contract offer for each drug at issue and/or customer type represents a workable compromise that will allow us to complete the production within a reasonable timeframe.

- We will get back to you regarding RBUs, ABUs and CRCS reports once we have determined whether these documents are responsive and whether the volume of existing documents would render production unduly burdensome.

Elizabeth A. Fegan, Esq.                    3                    July 15, 2004

- We have already agreed to produce (and have produced in large
  measure) responsive documents relating to Express Scripts and the
  Express Scripts contracts.

    We would like to discuss electronic search terms as soon as possible so as
not to delay production. Please let me know if you are available for a call on
Friday, July 16 to discuss this issue.

                                        Sincerely,

                                        Kimberley Harris

By Facsimile

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4285

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

July 30, 2004

Re:  **In re Pharmaceutical Industry Average Wholesale Price Litigation
MDL No. 1456**

Elizabeth A. Fegan, Esq.
The Wexler Firm
One North La Salle
Suite 2000
Chicago, IL 60602

Dear Ms. Fegan:

On behalf of our client, AstraZeneca Pharmaceuticals LP, enclosed please find eight CD-ROMs containing .tif images of documents bearing the bates numbers AZ0492928 to AZ0547537, in partial response to Plaintiffs' Omnibus Requests for Production and Interrogatories. Also included is a CD bearing DII format load files. These documents are being produced in accordance with the terms of the Protective Order entered by the Court in December 2002.

This production represents AstraZeneca's fourth production in a series of rolling productions in response to the Omnibus Requests. As required by CMO 10, we anticipate providing a privilege log within 14 days.

Sincerely,

Monica Lamb

Monica Lamb

Enclosure

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4285

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

August 5, 2004

Re:   **In re Pharmaceutical Industry Average Wholesale Price Litigation
      MDL No. 1456**

Elizabeth A. Fegan, Esq.
The Wexler Firm
One North La Salle
Suite 2000
Chicago, IL 60602

Dear Beth:

On behalf of our client, AstraZeneca Pharmaceuticals LP, enclosed please find one CD-ROM containing .tif images of documents bearing the bates numbers AZ0547538 through AZ0549666, in partial response to Plaintiffs' Omnibus Requests for Production and Interrogatories.  That CD-ROM also contains a DII format load file.  Additionally, please find enclosed a CD-ROM bearing bates number AZ0549667, which contains several Excel-format spreadsheets that were attachments to responsive e-mails contained in this part of the bates-numbered production.  That CD-ROM contains a .csv-format load file to link the spreadsheets to their respective parent documents.  These documents are being produced in accordance with the terms of the Protective Order entered by the Court in December 2002.

This production represents AstraZeneca's fifth production in a series of rolling productions in response to the Omnibus Requests.  As required by CMO 10, we anticipate providing a privilege log within 14 days.

Sincerely,

Monica Lamb

Monica Lamb

Enclosure