UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL DOCUMENS | |

### APPENDIX OF UNREPORTED AUTHORITY IN SUPPORT OF
### MOTION TO ADD B. BRAUN MEDICAL, INC. AS A DEFENDANT

1. *Moses v. Joint Frost, M/V*, C.A. No. 91-11247-WF, 1993 U.S. Dist. LEXIS 5678, at *4 (D. Mass. Apr. 21, 1993)



# TAB 1

1 of 1 DOCUMENT

THOMAS W. MOSES, Plaintiff, v. JOINT FROST, M/V, Defendant.

C.A. No. 91-11247-WF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

*1993 U.S. Dist. LEXIS 5678*

April 21, 1993, Decided

**DISPOSITION:** [*1] 1. Plaintiff's motion to reconsider the Magistrate Judge's denial of the motion to amend the complaint is ALLOWED, and the case shall proceed on the basis of the Amended Complaint. The Amended Complaint shall be served by May 11, 1993, and defendants shall answer by June 1, 1993. 2. Defendant's motion to dismiss based upon statute of limitations grounds is DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff filed a motion for reconsideration of a magistrate judge's order that denied plaintiff's motion under *Fed. R. Civ. P. 15(c)* to amend his maritime tort complaint. Defendant filed a motion to dismiss the complaint on the ground that it was time-barred under *46 U.S.C.S. app. § 476*(a).

**OVERVIEW:** Plaintiff filed his maritime tort complaint exactly three years after his injury, and no defendant was served until several weeks thereafter. Subsequently, plaintiff filed a motion to amend his complaint to add defendant, under Rule 15(c). A magistrate judge denied the motion, relying upon a ruling from the Supreme Court that provided that in order to add a new party to a case, that party had to have received notice within the statute of limitations. The court granted plaintiff's motion for reconsideration. The court held that the rule relied upon by the magistrate judge was no longer applicable in that the Supreme Court amended Rule 15(c), providing that amendments substituting or adding parties "related back" to the date of the original pleading so long as the new party had notice of the action within 120 days of the filing of the complaint. Because plaintiff had served defendant well within the 120-day time frame, the court allowed the motion to amend. Defendant's motion to dismiss was denied because the complaint was timely filed when the three-year statute of limitations, *46 U.S.C.S. app. § 476*(a), was computed to include the anniversary of plaintiff's injury.

**OUTCOME:** The court granted plaintiff's motion for reconsideration of the magistrate judge's order that denied him leave to amend his complaint, ordered that the case would proceed on the amended complaint, and set the dates by which the complaint was to be served and defendant's answer filed. The court denied defendant's motion to dismiss.

LexisNexis(R) Headnotes

*Civil Procedure > Pleading & Practice > Pleadings > Amended PleadingsCivil Procedure > Pleading & Practice > Pleadings > Relation Back*
[HN1] On December 1, 1991, the Supreme Court of the United States amended *Fed. R. Civ. P. 15(c)*, providing that amendments substituting or adding parties "relate back" to the date of the original pleading so long as the new party had notice of the action within 120 days of the filing of the complaint, that is, the time provided for service of the complaint by Rule 4(j). Furthermore, the Supreme Court intended that the amendments to the Federal Rules of Civil Procedure (Rules) be applied retroactively, stating that the December 1, 1991, amendments to the Rules shall govern insofar as just and practicable, all proceedings in civil actions then pending. The notice provision in the amended Rule 15(c)(3) provides that a new party may be brought in as long as the claim asserted against the party arose out of the events set out in the original pleading, and: within the

period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake the identity of the proper party, the action would have been brought against the party.

*Civil Procedure > Pleading & Practice > Pleadings > Amended PleadingsCivil Procedure > Joinder of Claims & Parties > Capacity of Parties*

[HN2] Under the identity-of-interest doctrine, a new party may added when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced.

*Admiralty Law > Personal Injuries > Maritime Tort LawGovernments > Legislation > Statutes of Limitations > Time Limitations*

[HN3] In a diversity action for a maritime tort, the statute of limitations in federal maritime law applies. Under maritime law, a suit for recovery of damages for personal injury shall not be maintained unless commended within three years from the date the cause of action accrued. *46 U.S.C.S. app. § 476*(a).

*Admiralty Law > Personal Injuries > Maritime Tort LawGovernments > Legislation > Statutes of Limitations > Statutes of Limitations GenerallyGovernments > Legislation > Statutes of Limitations > Time Limitations*

[HN4] The three-year statute of limitations under *46 U.S.C.S. app. § 476*(a) should be computed to include the anniversary of the injury. The majority common law rule of time computation is that the day of the act which marked the commencement of the period, the day on which the cause of action accrued, is to be excluded, and the last day is to be included in the count. In addition, this policy for calculating limitations periods has been adopted in *Fed. R. Civ. P. 6(a)*. There is no evidence that federal maritime law should use formula different from the one used by both a majority of states and the Federal Rules of Civil Procedure.

JUDGES: Wolf

OPINIONBY: MARK L. WOLF

OPINION:

ORDER

WOLF, D.J.

April 21, 1993

Currently pending before the court are (1) plaintiff's Motion for Reconsideration of Magistrate Judge Cohen's October 30, 1991 Order denying plaintiff's Motion to Amend the Complaint and (2) defendant's Motion to Dismiss. For the following reasons, plaintiff's Motion for Reconsideration is ALLOWED and defendant's Motion to Dismiss for failure to file within the statute of limitations is DENIED.

1. Plaintiff's Motion for Reconsideration.

This is a case in which the bulk of the proceedings to date concern naming of the proper defendant. On October 1, 1991, plaintiff Moses submitted a motion to amend his complaint under *F.R.Civ.P. 15(c)*, seeking to substitute SEATRADE GRONINGEN, B.V., and C.V. SCHEEPVAARTONDERNEMING for defendant JOINT FROST, M/V. On October [*2] 30, 1991, the Magistrate Judge denied plaintiff's motion based on Rule 15(c) and the Supreme Court's decision in *Schiavone v. Fortune, 477 U.S. 21 (1986)*, which provided that in order to add a new party to a case, that party must have received notice within the statute of limitations. *Id. at 29.* In the case at issue, plaintiff did not file his complaint until the final day of the limitations period, see discussion infra at p.2, and did not serve any party until several weeks thereafter. As it was clear that no party had notice of the complaint within the statute of limitations, the Magistrate Judge denied plaintiff's motion to amend.

The relevant law has changed, however, since the Magistrate Judge issued his order. Thus, reconsideration is appropriate. [HN1] On December 1, 1991, the Supreme Court amended *F.R.Civ.P. 15(c)*, providing that amendments substituting or adding parties "relate back" to the date of the original pleading so long as the new party had notice of the action within 120 days of the filing of the complaint, i.e. the time provided for service of the complaint by *F.R.Civ.P. 4(j)*. Furthermore, the [*3] Supreme Court intended that the amendments to the Rules be applied retroactively, stating that the December 1, 1991, amendments to the Rules "shall govern . . . insofar as just and practicable, all proceedings in civil actions then pending." See Order of April 30, 1991, reprinted in Federal Rules of Civil Procedure.

The notice provision in the amended Rule 15(c)(3) provides that a new party may be brought in as long as the claim asserted against the party arose out of the events set out in the original pleading, and:

> within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by

amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake the identity of the proper party, the action would have been brought against the party.

In the present case, the claims asserted against the new defendants are those presented in the original complaint. Furthermore, the record indicates that plaintiff served the complaint on Elliot Stevedoring, the port agent for the Joint Frost, on July [*4] 23 or August 2, 1991, n1 well within the 120-day period for service allowed under *F.R.Civ.P. 4(j)*. As the defendant concedes, Elliot Stevedoring forwarded the complaint to Seatrade Groningen. Therefore Seatrade Groningen had notice of the action, and could determine from the complaint that, as the managing agent for the Joint Frost, it might be named as a defendant in an action alleging injuries that occurred aboard the Joint Frost.

> n1 The Magistrate Judge found a dispute as to the actual date of service. For purposes of the motion before the court, this dispute is not relevant and need not be resolved.

Although there is not uncontested evidence that C.V. Scheepvaartonderneming also received notice from Seatrade Groningen, under the identity-of-interest doctrine, C.V. Scheepvaartonderneming can be held to have received notice. See 6A C. Wright, A. Miller, and M. Kane, Federal Practice and Procedure § 1499 (1992). [HN2] Under this doctrine, a new party may added "when the original and added parties are so [*5] closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced." *Hernandez Jimenez v. Calero Toledo, 604 F.2d 99, 102 (1st Cir. 1979)*. While Seatrade Groningen and C.V. Scheepvaartonderneming are separate legal entities, they are closely related as managing agent and owner of the Joint Frost, respectively. Given that the original complaint, which was forwarded to Seatrade Groningen, named the vessel as defendant in the caption but also stated that the defendant was the entity which "owned, operated, and controlled the M/V JOINT FROST," it is fair to presume that Seatrade Groningen provided notice to C.V. Scheepvaartonderneming of the action. n2 As both of the new defendants received notice of the complaint and could easily determine that the action was intended to be brought against them, after reconsideration, plaintiff's motion to amend the complaint is allowed. n3

> n2 In addition, the defendant informed the court that it would provide an affidavit from C.V. Scheepvaartonderneming, presumably to support the contention that C.V. Scheepvaartonderneming did not receive notice. No such affidavit has been provided. [*6]

> n3 Defendant has suggested in its submission that Seatrade Groningen is not liable in this case, as it acted only as the managing agent for the Joint Frost. This issue is not properly now before the court, and is, therefore, not now being decided.

2. Defendant's Motion to Dismiss.

Plaintiff was injured aboard the Joint Frost on May 3, 1988, and filed his complaint on May 3, 1991. [HN3] In a diversity action for a maritime tort, the statute of limitations in federal maritime law applies. See *Butler v. American Trawler Co., 887 F.2d 20, 22 (1st Cir. 1989)*. Under maritime law, "a suit for recovery of damages for personal injury . . . shall not be maintained unless commended within three years from the date the cause of action accrued." *46 U.S.C. App. § 476*(a). Defendant asserts that the statute of limitations expired on May 2, 1991, one day before plaintiff filed his case.

While it is clear that the cause of action accrues on the date of the injury, see, e.g., *Albertson v. T.J. Stevenson & Co., 749 F.2d 223, 229 (5th Cir. 1984)*, [*7] there is a paucity of federal law construing the precise closing date of this statute of limitations. However, the weight of authority indicates that [HN4] the three-year statute of limitations should be computed to include the anniversary of the injury. See, e.g., *McKinney v. Waterman S.S. Corp., 739 F. Supp. 678, 682 (D. Mass. 1990)* (suggesting, in dicta, that the maritime torts statute of limitations would run from the date of injury -- December 12, 1984 -- to December 12, 1987). The majority common law rule of time computation is that:

> the day of the act which marked the commencement of the period, the day on which the cause of action accrued, is to be excluded, and the last day is to be included in the count.

6 C.J.S. Time § 13(11) (1954). In addition, this policy for calculating limitations periods has been adopted in *Rule 6(a) of the Federal Rules of Civil Procedure.* There is no evidence that federal maritime law should use formula different from the one used by both a majority of states and the Federal Rules of Civil Procedure. Using this formula, plaintiff's complaint was timely filed. Thus, defendant's motion to dismiss is [*8] denied.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to reconsider the Magistrate Judge's denial of the motion to amend the complaint is ALLOWED, and the case shall proceed on the basis of the Amended Complaint. The Amended Complaint shall be served by May 11, 1993, and defendants shall answer by June 1, 1993.

2. Defendant's motion to dismiss based upon statute of limitations grounds is DENIED.

3. The parties shall respond to the attached Order relating to the Scheduling Conference by July 30th, 1993.

4. A Scheduling Conference will be held on AUG. 13th, 1993, at 9:30.

Mark L. Wolf

UNITED SATES DISTRICT JUDGE

ATTACHMENT

NOTICE OF SCHEDULING CONFERENCE

An initial scheduling conference will be held in Courtroom No.    (CHECK LIST) on the    floor at 9:30 a.m. on AUG. 13, 1993, in accordance with *Fed. R. Civ. P. 16(b)* and Local Rule 16.1. The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of Local Rule 16.1 n1 to be of the utmost importance. Counsel may be given a continuance only if actually engaged on trial. Failure to comply fully with this notice [*9] and with sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 13. Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

---

n1 These sections of Local Rule 16.1 provide:

(B) Obligation of counsel to confer. Unless otherwise ordered by the judge, counsel for the parties shall confer no later than ten (10) days prior to the date for the scheduling conference for the purpose of:

(1) preparing an agenda of matters to be discussed at the scheduling conference,

(2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

(3) considering whether they will consent to trial by magistrate judge.

(C) Settlement proposals. Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days prior to the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement prior to the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

(D) Joint statement. Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days prior to the scheduling conference, a joint statement containing a proposed pretrial schedule, which shall include:

(1) a joint discovery plan scheduling the time and length for all discovery events, that shall

>  (a) conform to the obligation to limit discovery set forth in *Fed. R. Civ. P. 26(b)*, and

>  (b) consider the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

(2) a proposed schedule for the filing of motions; and

(3) certifications signed by counsel and by the party (in the case of a corporation by an an authorized representative) affirming that each party and that party's counsel have conferred:

>  (a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference. The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.

[*10]

April 21, 1993
Date

United States District Judge

By: Zita Lovett

Deputy Clerk