UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | |

**APPENDIX OF UNREPORTED AUTHORITY IN SUPPORT OF PLAINTIFFS' SUPPLEMENT TO THEIR OPPOSITION TO B. BRAUN OF AMERICA'S MOTION TO DISMISS THE AMENDED MASTER CONSOLIDATED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL B. BRAUN OF AMERICA TO MAKE SUPPLEMENTAL 30(B)(6) DESIGNATION**

1. *Moses v. Joint Frost, M/V*, C.A. No. 91-11247-WF, 1993 U.S. Dist. LEXIS 5678, at *4 (D. Mass. Apr. 21, 1993)

2. *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, 01 Civ. 3016 (AGS) (HBP), 2002 U.S. Dist. LEXIS 14682 (S.D.N.Y. Aug. 6, 2002)

3. *Green Constr. Co. v. Kansas Power & Light Co.*, Case No. 87-2070-S, 1990 U.S. Dist. LEXIS 10669, at ** 2-4 (D. Kan. July 6, 1990)



**TAB 1**

1 of 1 DOCUMENT

**THOMAS W. MOSES, Plaintiff, v. JOINT FROST, M/V, Defendant.**

C.A. No. 91-11247-WF

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

*1993 U.S. Dist. LEXIS 5678*

**April 21, 1993, Decided**

**DISPOSITION:** [*1] 1. Plaintiff's motion to reconsider the Magistrate Judge's denial of the motion to amend the complaint is ALLOWED, and the case shall proceed on the basis of the Amended Complaint. The Amended Complaint shall be served by May 11, 1993, and defendants shall answer by June 1, 1993. 2. Defendant's motion to dismiss based upon statute of limitations grounds is DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff filed a motion for reconsideration of a magistrate judge's order that denied plaintiff's motion under *Fed. R. Civ. P. 15(c)* to amend his maritime tort complaint. Defendant filed a motion to dismiss the complaint on the ground that it was time-barred under *46 U.S.C.S. app. § 476(a)*.

**OVERVIEW:** Plaintiff filed his maritime tort complaint exactly three years after his injury, and no defendant was served until several weeks thereafter. Subsequently, plaintiff filed a motion to amend his complaint to add defendant, under Rule 15(c). A magistrate judge denied the motion, relying upon a ruling from the Supreme Court that provided that in order to add a new party to a case, that party had to have received notice within the statute of limitations. The court granted plaintiff's motion for reconsideration. The court held that the rule relied upon by the magistrate judge was no longer applicable in that the Supreme Court amended Rule 15(c), providing that amendments substituting or adding parties "related back" to the date of the original pleading so long as the new party had notice of the action within 120 days of the filing of the complaint. Because plaintiff had served defendant well within the 120-day time frame, the court allowed the motion to amend. Defendant's motion to dismiss was denied because the complaint was timely filed when the three-year statute of limitations, *46 U.S.C.S. app. § 476(a)*, was computed to include the anniversary of plaintiff's injury.

**OUTCOME:** The court granted plaintiff's motion for reconsideration of the magistrate judge's order that denied him leave to amend his complaint, ordered that the case would proceed on the amended complaint, and set the dates by which the complaint was to be served and defendant's answer filed. The court denied defendant's motion to dismiss.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings Civil Procedure > Pleading & Practice > Pleadings > Relation Back*
[HN1] On December 1, 1991, the Supreme Court of the United States amended *Fed. R. Civ. P. 15(c)*, providing that amendments substituting or adding parties "relate back" to the date of the original pleading so long as the new party had notice of the action within 120 days of the filing of the complaint, that is, the time provided for service of the complaint by Rule 4(j). Furthermore, the Supreme Court intended that the amendments to the Federal Rules of Civil Procedure (Rules) be applied retroactively, stating that the December 1, 1991, amendments to the Rules shall govern insofar as just and practicable, all proceedings in civil actions then pending. The notice provision in the amended Rule 15(c)(3) provides that a new party may be brought in as long as the claim asserted against the party arose out of the events set out in the original pleading, and: within the

Case 1:01-cv-12257-PBS   Document 990   Filed 08/24/04   Page 4 of 18

1993 U.S. Dist. LEXIS 5678, *                                    Page 2

period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake the identity of the proper party, the action would have been brought against the party.

*Civil Procedure > Pleading & Practice > Pleadings > Amended PleadingsCivil Procedure > Joinder of Claims & Parties > Capacity of Parties*
[HN2] Under the identity-of-interest doctrine, a new party may added when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced.

*Admiralty Law > Personal Injuries > Maritime Tort LawGovernments > Legislation > Statutes of Limitations > Time Limitations*
[HN3] In a diversity action for a maritime tort, the statute of limitations in federal maritime law applies. Under maritime law, a suit for recovery of damages for personal injury shall not be maintained unless commended within three years from the date the cause of action accrued. *46 U.S.C.S. app. § 476(a)*.

*Admiralty Law > Personal Injuries > Maritime Tort LawGovernments > Legislation > Statutes of Limitations > Statutes of Limitations GenerallyGovernments > Legislation > Statutes of Limitations > Time Limitations*
[HN4] The three-year statute of limitations under *46 U.S.C.S. app. § 476(a)* should be computed to include the anniversary of the injury. The majority common law rule of time computation is that the day of the act which marked the commencement of the period, the day on which the cause of action accrued, is to be excluded, and the last day is to be included in the count. In addition, this policy for calculating limitations periods has been adopted in *Fed. R. Civ. P. 6(a)*. There is no evidence that federal maritime law should use formula different from the one used by both a majority of states and the Federal Rules of Civil Procedure.

**JUDGES:** Wolf

**OPINIONBY:** MARK L. WOLF

**OPINION:**

ORDER

WOLF, D.J.

April 21, 1993

Currently pending before the court are (1) plaintiff's Motion for Reconsideration of Magistrate Judge Cohen's October 30, 1991 Order denying plaintiff's Motion to Amend the Complaint and (2) defendant's Motion to Dismiss. For the following reasons, plaintiff's Motion for Reconsideration is ALLOWED and defendant's Motion to Dismiss for failure to file within the statute of limitations is DENIED.

1. Plaintiff's Motion for Reconsideration.

This is a case in which the bulk of the proceedings to date concern naming of the proper defendant. On October 1, 1991, plaintiff Moses submitted a motion to amend his complaint under *F.R.Civ.P. 15(c)*, seeking to substitute SEATRADE GRONINGEN, B.V., and C.V. SCHEEPVAARTONDERNEMING for defendant JOINT FROST, M/V. On October [*2] 30, 1991, the Magistrate Judge denied plaintiff's motion based on Rule 15(c) and the Supreme Court's decision in *Schiavone v. Fortune, 477 U.S. 21 (1986)*, which provided that in order to add a new party to a case, that party must have received notice within the statute of limitations. *Id. at 29*. In the case at issue, plaintiff did not file his complaint until the final day of the limitations period, see discussion infra at p.2, and did not serve any party until several weeks thereafter. As it was clear that no party had notice of the complaint within the statute of limitations, the Magistrate Judge denied plaintiff's motion to amend.

The relevant law has changed, however, since the Magistrate Judge issued his order. Thus, reconsideration is appropriate. [HN1] On December 1, 1991, the Supreme Court amended *F.R.Civ.P. 15(c)*, providing that amendments substituting or adding parties "relate back" to the date of the original pleading so long as the new party had notice of the action within 120 days of the filing of the complaint, i.e. the time provided for service of the complaint by *F.R.Civ.P. 4(j)*. Furthermore, the [*3] Supreme Court intended that the amendments to the Rules be applied retroactively, stating that the December 1, 1991, amendments to the Rules "shall govern . . . insofar as just and practicable, all proceedings in civil actions then pending." See Order of April 30, 1991, reprinted in Federal Rules of Civil Procedure.

The notice provision in the amended Rule 15(c)(3) provides that a new party may be brought in as long as the claim asserted against the party arose out of the events set out in the original pleading, and:

> within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by

amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake the identity of the proper party, the action would have been brought against the party.

In the present case, the claims asserted against the new defendants are those presented in the original complaint. Furthermore, the record indicates that plaintiff served the complaint on Elliot Stevedoring, the port agent for the Joint Frost, on July [*4] 23 or August 2, 1991, n1 well within the 120-day period for service allowed under *F.R.Civ.P. 4(j)*. As the defendant concedes, Elliot Stevedoring forwarded the complaint to Seatrade Groningen. Therefore Seatrade Groningen had notice of the action, and could determine from the complaint that, as the managing agent for the Joint Frost, it might be named as a defendant in an action alleging injuries that occurred aboard the Joint Frost.

> n1 The Magistrate Judge found a dispute as to the actual date of service. For purposes of the motion before the court, this dispute is not relevant and need not be resolved.

Although there is not uncontested evidence that C.V. Scheepvaartonderneming also received notice from Seatrade Groningen, under the identity-of-interest doctrine, C.V. Scheepvaartonderneming can be held to have received notice. See 6A C. Wright, A. Miller, and M. Kane, Federal Practice and Procedure § 1499 (1992). [HN2] Under this doctrine, a new party may added "when the original and added parties are so [*5] closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced." *Hernandez Jimenez v. Calero Toledo, 604 F.2d 99, 102 (1st Cir. 1979)*. While Seatrade Groningen and C.V. Scheepvaartonderneming are separate legal entities, they are closely related as managing agent and owner of the Joint Frost, respectively. Given that the original complaint, which was forwarded to Seatrade Groningen, named the vessel as defendant in the caption but also stated that the defendant was the entity which "owned, operated, and controlled the M/V JOINT FROST," it is fair to presume that Seatrade Groningen provided notice to C.V. Scheepvaartonderneming of the action. n2 As both of the new defendants received notice of the complaint and could easily determine that the action was intended to be brought against them, after reconsideration, plaintiff's motion to amend the complaint is allowed. n3

> n2 In addition, the defendant informed the court that it would provide an affidavit from C.V. Scheepvaartonderneming, presumably to support the contention that C.V. Scheepvaartonderneming did not receive notice. No such affidavit has been provided. [*6]

> n3 Defendant has suggested in its submission that Seatrade Groningen is not liable in this case, as it acted only as the managing agent for the Joint Frost. This issue is not properly now before the court, and is, therefore, not now being decided.

2. Defendant's Motion to Dismiss.

Plaintiff was injured aboard the Joint Frost on May 3, 1988, and filed his complaint on May 3, 1991. [HN3] In a diversity action for a maritime tort, the statute of limitations in federal maritime law applies. See *Butler v. American Trawler Co., 887 F.2d 20, 22 (1st Cir. 1989)*. Under maritime law, "a suit for recovery of damages for personal injury . . . shall not be maintained unless commenced within three years from the date the cause of action accrued." *46 U.S.C. App. § 476(a)*. Defendant asserts that the statute of limitations expired on May 2, 1991, one day before plaintiff filed his case.

While it is clear that the cause of action accrues on the date of the injury, see, e.g., *Albertson v. T.J. Stevenson & Co., 749 F.2d 223, 229 (5th Cir. 1984)*, [*7] there is a paucity of federal law construing the precise closing date of this statute of limitations. However, the weight of authority indicates that [HN4] the three-year statute of limitations should be computed to include the anniversary of the injury. See, e.g., *McKinney v. Waterman S.S. Corp., 739 F. Supp. 678, 682 (D. Mass. 1990)* (suggesting, in dicta, that the maritime torts statute of limitations would run from the date of injury -- December 12, 1984 -- to December 12, 1987). The majority common law rule of time computation is that:

> the day of the act which marked the commencement of the period, the day on which the cause of action accrued, is to be excluded, and the last day is to be included in the count.

6 C.J.S. Time § 13(11) (1954). In addition, this policy for calculating limitations periods has been adopted in *Rule 6(a) of the Federal Rules of Civil Procedure.* There is no evidence that federal maritime law should use formula different from the one used by both a majority of states and the Federal Rules of Civil Procedure. Using this formula, plaintiff's complaint was timely filed. Thus, defendant's motion to dismiss is [*8] denied.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to reconsider the Magistrate Judge's denial of the motion to amend the complaint is ALLOWED, and the case shall proceed on the basis of the Amended Complaint. The Amended Complaint shall be served by May 11, 1993, and defendants shall answer by June 1, 1993.

2. Defendant's motion to dismiss based upon statute of limitations grounds is DENIED.

3. The parties shall respond to the attached Order relating to the Scheduling Conference by July 30th, 1993.

4. A Scheduling Conference will be held on AUG. 13th, 1993, at 9:30.

Mark L. Wolf

UNITED SATES DISTRICT JUDGE

ATTACHMENT

NOTICE OF SCHEDULING CONFERENCE

An initial scheduling conference will be held in Courtroom No.     (CHECK LIST) on the     floor at 9:30 a.m. on AUG. 13, 1993, in accordance with *Fed. R. Civ. P. 16(b)* and Local Rule 16.1. The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of Local Rule 16.1 n1 to be of the utmost importance. Counsel may be given a continuance only if actually engaged on trial. Failure to comply fully with this notice [*9] and with sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 13. Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

n1 These sections of Local Rule 16.1 provide:

(B) Obligation of counsel to confer. Unless otherwise ordered by the judge, counsel for the parties shall confer no later than ten (10) days prior to the date for the scheduling conference for the purpose of:

(1) preparing an agenda of matters to be discussed at the scheduling conference,

(2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

(3) considering whether they will consent to trial by magistrate judge.

(C) Settlement proposals. Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days prior to the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement prior to the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

(D) Joint statement. Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days prior to the scheduling conference, a joint statement containing a proposed pretrial schedule, which shall include:

(1) a joint discovery plan scheduling the time and length for all discovery events, that shall

> (a) conform to the obligation to limit discovery set forth in *Fed. R. Civ. P. 26(b)*, and

> (b) consider the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

(2) a proposed schedule for the filing of motions; and

(3) certifications signed by counsel and by the party (in the case of a corporation by an an authorized representative) affirming that each party and that party's counsel have conferred:

> (a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference. The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.

[*10]

April 21, 1993
Date

United States District Judge

By: Zita Lovett

Deputy Clerk

**TAB 2**

4 of 5 DOCUMENTS

**TWENTIETH CENTURY FOX FILM CORPORATION, Plaintiff, -against-
MARVEL ENTERPRISES, INC., et al., Defendants.**

01 Civ. 3016 (AGS)(HBP)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK

*2002 U.S. Dist. LEXIS 14682*

August 6, 2002, Decided
August 8, 2002, Filed

**DISPOSITION:** Defendant Tribune ordered to provide properly prepared witness in discovery.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff licensee alleged that defendant entertainment company tried to pass off its television program as being related to the licensee's motion picture. The licensee sought an order either permitting it to take an additional deposition beyond the limit of 30 depositions per side that had been imposed or directing defendant's parent company to produce a *Fed. R. Civ. P. 30(b)(6)* witness properly prepared to testify concerning certain documents.

**OVERVIEW:** In response to a subpoena duces tecum, the parent company produced a document on a subsidiary's letterhead. At the deposition, the parent company's representative denied knowledge of the document and stated that it was the subsidiary's document. The licensee then served a further subpoena and deposition notice on the subsidiary. The witness for the subsidiary disclaimed knowledge of the document in dispute and claimed that it appeared to be a script from yet another subsidiary. The court noted that neither subsidiary was a legally cognizable entity; both were owned by several corporations which were ultimately owned by the parent company. The court then held that the scope of the parent company's obligation in responding to a Rule 30(b)(6) notice was identical to its scope in responding to interrogatories served pursuant to *Fed. R. Civ. P. 33* or a document request served pursuant to *Fed. R. Civ. P. 34*; namely, it had to produce a witness prepared to testify with the knowledge of the subsidiaries and affiliates if the subsidiaries and affiliates were within its control.

**OUTCOME:** Parent company was directed to produce a witness properly prepared with the knowledge of its subsidiary concerning all documents produced by the parent company.

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery Methods > Oral Depositions*
[HN1] The scope of the entity's obligation in responding to a *Fed. R. Civ. P. 30(b)(6)* notice is identical to its scope in responding to interrogatories served pursuant to *Fed. R. Civ. P. 33* or a document request served pursuant to *Fed. R. Civ. P. 34*; namely, it must produce a witness prepared to testify with the knowledge of the subsidiaries and affiliates if the subsidiaries and affiliates are within its control.

*Civil Procedure > Discovery Methods > Oral Depositions*
[HN2] A deposition pursuant to *Fed. R. Civ. P. 30(b)(6)* is substantially different from a witness's deposition as an individual. A Rule 30(b)(6) witness testifies as a representative of the entity; his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity.

*Civil Procedure > Discovery Methods > Oral Depositions*

[HN3] The testimony elicited at the *Fed. R. Civ. P. 30(b)(6)* deposition represents the knowledge of the corporation, not of the individual deponents. The designated witness is speaking for the corporation, and this testimony must be distinguished from that of a mere corporate employee whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena. If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved.

*Civil Procedure > Discovery Methods > Oral Depositions*
[HN4] The *Fed. R. Civ. P. 30(b)(6)* designee does not give his personal opinions. Rather, he presents the corporation's position on the topic. Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. The corporation must provide its interpretation of documents and events. The designee, in essence, represents the corporation just as an individual represents him or herself at a deposition.

*Civil Procedure > Discovery Methods > Oral Depositions*
[HN5] *Fed. R. Civ. P. 30(b)(6)* explicitly requires a corporation to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition.

*Civil Procedure > Discovery Methods > Interrogatories*
[HN6] A corporation responding to interrogatories must provide not only the information contained in its own files and possessed by its own employees, it must also provide all information under its control.

*Civil Procedure > Discovery Methods > Interrogatories*
[HN7] When the parent corporation is served with an interrogatory, it is no defense to claim that the information is within the possession of a wholly owned subsidiary, because such a corporation is owned and controlled by such interrogee.

*Civil Procedure > Discovery Methods > Requests for Production & Inspection*
[HN8] A party is required to produce documents in its possession, custody or control. *Fed. R. Civ. P 34(a).*

*Civil Procedure > Discovery Methods > Requests for Production & Inspection*
[HN9] A corporation must produce documents possessed by a subsidiary that the parent corporation owns or wholly controls.

COUNSEL: [*1] For Twentieth Century Fox Film Corporation, PLAINTIFF: Dale M Cendali, O'Melveny & Myers, LLP, New York, NY USA.

For Marvel Entertainment Group, Inc, DEFENDANT: Jonathan D Reichman, John R Hutchins, Dana R Kaplan, Jonathon David Reichman, Kenyon & Kenyon, New York, NY USA.

For Tribune Entertainment, Inc, DEFENDANT: Gerald Singleton, Frankfurt, Garbus, Klein & Selz, New York, NY USA.

For Tribune Entertainment, Inc, DEFENDANT: Maura J Wogan, Frankfurt, Garbus, Kurnit, Klein & Selz, PC, New York, NY USA.

For Fireworks Communications, Inc, Fireworks Television (Us) Inc, DEFENDANTS: Steven H Rosenfeld, Ohrenstein & Brown, LLP, New York, NY USA.

For Marvel Entertainment Group, Inc, COUNTER-CLAIMANT: Jonathon David Reichman, Kenyon & Kenyon, New York, NY USA.

For Twentieth Century Fox Film Corporation, COUNTER-DEFENDANT: Dale M Cendali, O'Melveny & Myers, LLP, New York, NY USA.

JUDGES: HENRY PITMAN, United States Magistrate Judge.

OPINIONBY: HENRY PITMAN

OPINION:

MEMORANDUM OPINION AND ORDER

PITMAN, United States Magistrate Judge:

I. Introduction

Plaintiff seeks an Order either permitting it to take an additional deposition beyond the limit of thirty depositions [*2] per side that has been imposed in this case or directing Tribune Broadcasting Company ("Tribune Broadcasting") to produce a 30(b)(6) witness properly prepared to testify concerning certain documents.

## II. Facts

The facts in this case are fully set forth in Judge Schwartz's decision addressing plaintiff's motion for a preliminary injunction and defendants' motion to dismiss, *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, 155 F. Supp. 2d 1 (S.D.N.Y. 2001), aff'd, *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, 277 F.3d 253 (2d Cir. 2002). Familiarity with both of these decisions is assumed. For present purposes it is sufficient to note that plaintiff is the licensee of copyrighted characters created by defendant Marvel Enterprises, Inc., and known as the X-MEN. In July, 2000, pursuant to its license, plaintiff released a full length, live action motion picture based on these characters, entitled "X-MEN." Plaintiff alleges, among other things, that defendant Tribune Entertainment's television program, MUTANT-X, infringes on plaintiff's rights in the X-MEN and that defendants have attempted to pass off their MUTANT-X television [*3] program as being related to plaintiff's motion picture.

The present dispute has its genesis in a subpoena served on Tribune Broadcasting, the parent of defendant Tribune Entertainment Company. In response to a subpoena duces tecum, Tribune Broadcasting produced a document on "WGN" letterhead. WGN-TV and WGN Superstation are a local Chicago television station and a cable television station, respectively, that are both owned and operated by Tribune Broadcasting; the letterhead on the document in issue merely states "WGN Entertaining America," with no further description. The document appears to be a script for a sales presentation and suggests that there is a close association between plaintiff's X-MEN motion picture and defendants' MUTANT-X television program.

Tribune Broadcasting's 30(b)(6) witness denied knowledge of the document and stated that it was a WGN document n1; he did not specify whether he was referring to WGN-TV or WGN Superstation. As a result of that testimony, plaintiff served a further subpoena and deposition notice. The subpoena was addressed to "WGN-TV, 2501 W. Bradley Place, Chicago, IL 60618" (Torres 7-16-02 Ltr., Ex. B). The accompanying notice of deposition [*4] was addressed to "WGN-TV/Superstation (Chicago),", and the schedule attached to the subpoena defined "WGN" as

> WGN-TV/Superstation and any of its predecessor and successor entities, affiliates, subsidiaries, agents, servants, representatives, and/or attorneys, and all other persons acting or purporting to act on WGN's behalf

(Torres 7-16-02 Ltr., Ex. B). The schedule attached to the subpoena annexed a copy of the document described above and designated it as a subject of examination.

> n1 The topics listed in the Rule 30(b)(6) notice served on Tribune Broadcasting included "The advertising, marketing, sale and/or promotion of [defendants' television series]" (Letter of Diana M. Torres, Esq., dated July 16, 2002 ("Torres 7-16-02 Ltr."), at 1, n.1).

In response to this subpoena, a witness from WGN-TV was produced. Like the witness produced on behalf of Tribune Broadcasting, he also disclaimed knowledge of the document in dispute and claimed that it appeared to be a script from WGN Superstation. [*5]

According to statements made in the course of oral argument concerning the current dispute held on July 30, 2002, neither WGN-TV nor WGN Superstation is a legally cognizable entity; both are owned by several corporations which are ultimately owned by Tribune Broadcasting.

I had previously limited each side in this case to a total of thirty depositions. Since the deposition resulting from plaintiff's subpoena to WGN-TV was plaintiff's thirtieth deposition, it cannot now seek a deposition of WGN Superstation without relief from the Court.

In connection with the current dispute, both sides have each submitted three letter briefs. In addition, as noted above, I heard oral argument by telephone on July 30, 2002..

## III. Analysis

The current dispute raises the issue of whether an entity receiving a notice of deposition pursuant to Rule 30(b)(6) is obligated to produce a witness prepared with the knowledge of both the entity that received the subpoena and its subsidiaries or affiliates. I conclude that [HN1] the scope of the entity's obligation in responding to a 30(b)(6) notice is identical to its scope in responding to interrogatories served pursuant to Rule 33 or a document request [*6] served pursuant to Rule 34, namely, it must produce a witness prepared to testify with the knowledge of the subsidiaries and affiliates if the subsidiaries and affiliates are within its control.

It is well settled that a witness appearing pursuant to a Rule 30(b)(6) notice has a unique status and testifies as the entity, not as an individual. [HN2] "A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the

Case 1:01-cv-12257-PBS    Document 990    Filed 08/24/04    Page 12 of 18

Page 4
2002 U.S. Dist. LEXIS 14682, *

relevant information known or reasonably available to the entity." *Sabre v. First Dominion Capital, LLC, 2001 U.S. Dist. LEXIS 20637, 01 Civ. 2145 (BSJ)(HBP), 2001 WL 1590544* at *1 (S.D.N.Y. Dec. 12, 2001), citing 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice & Procedure § 2103 (2d ed. 1994). As comprehensively explained by Magistrate Judge Eliason of the Middle District of North Carolina:

> [HN3] The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents. The designated witness is "speaking for the corporation, [*7] " and this testimony must be distinguished from that of a "mere corporate employee" whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena. 8A Wright, Miller & Marcus § 2103, at 36-37. . . . If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. *Dravo Corp. v. Liberty Mut. Ins. Co., 164 F.R.D. 70, 75 (D. Neb. 1995)* (citing *Marker, 125 F.R.D. at 126*). Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. *Buycks-Roberson v. Citibank Federal Sav. Bank, 162 F.R.D. 338, 343 (N.D. Ill. 1995); S.E.C. v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y. 1992)*.
>
> [HN4] The Rule 30(b)(6) designee does not give his personal opinions. Rather, he presents the corporation's "position" on the topic. *U.S. v. Massachusetts Indus. Finance Agency, 162 F.R.D. 410, 412 (D. Mass. 1995);* [*8] *Lapenna v. Upjohn Co., 110 F.R.D. 15, 21 (E.D. Pa. 1986);* Toys "R" *Us, Inc. v. N.B.D. Trust Company, 1993 U.S. Dist. LEXIS 13621*, No. 88 C10349, 1993 WL 543027, at *2 (N.D. Ill. Sept. 29, 1993). Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. *Lapenna, 110 F.R.D. at 20*. The corporation must provide its interpretation of documents and events. *Ierardi v. Lorillard, Inc., 1991 U.S. Dist. LEXIS 11320*, Civ. A. No. 90-7049, *1991 WL 158911* (E.D. Pa. Aug. 13, 1991). The designee, in essence, represents the corporation just as an individual represents him or herself at a deposition. Were it otherwise, a corporation would be able to deceitfully select at trial the most convenient answer presented by a number of finger-pointing witnesses at the depositions. See *Lapenna, 110 F.R.D. at 25*. Truth would suffer.
>
> . . . The attorney for the corporation is not at liberty to manufacture the corporation's contentions. Rather, the corporation may designate a person to speak on its behalf and it is this position which the attorney must advocate.
>
> . . . [HN5] Rule 30(b)(6) explicitly requires [a [*9] corporation] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process. The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.

*United States v. Taylor, 166 F.R.D. 356, 361-62 (M.D.N.C. 1996)*, accord *Paul Revere Life Ins. Co. v. Jafari, 206 F.R.D. 126, 127-28 (D. Md. 2002)*.

Neither the parties' research nor my own has found any authority directly addressing the specific question of whether a corporation receiving a Rule 30(b)(6) notice is obligated to prepare its witness with [*10] both the entity's own knowledge and the knowledge of its subsidiaries and affiliates. However, decisions dealing with the scope of a producing party's duty to respond to interrogatories or document requests provide guidance.

[HN6] A corporation responding to interrogatories must provide not only the information contained in its own files and possessed by its own employees, *American Rockwool, Inc. v. Owens-Corning Fiberglas Corp., 109 F.R.D. 263, 266 (E.D.N.C. 1985)*, it must also provide all information under its control. "A party served with interrogatories is obliged to respond by 'furnishing such information as is available to the party.' [Defendant] therefore is obliged to respond to the interrogatories not only by providing the information it has, but also the information within its control or otherwise obtainable by it." *In re Auction Houses Antitrust Litig., 196 F.R.D. 444, 445 (S.D.N.Y. 2000)*, quoting and citing *Fed. R. Civ. P. 33(a)* (emphasis in original); *Cullins v. Heckler, 108 F.R.D. 172, 176-77 (S.D.N.Y. 1985);* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure: Civil § § [*11] 2174, 2177 (2d ed. 1994). See also *Shamis v. Ambassador Factors Corp., 34 F. Supp. 2d 879, 894 (S.D.N.Y. 1999)*. Accordingly, [HN7] "when the parent is served with an interrogatory, it is no defense to claim that the information is within the possession of a wholly owned subsidiary, because such a corporation is owned and controlled by such interrogee." *Westinghouse Credit Corp. v. Mountain States Mining & Milling Co., 37 F.R.D. 348, 349 (D. Col. 1965)*. See also *Sol S. Turnoff Drug Distrib. Inc. v. N.V. Nederlandsche Combinatie Voor Chemische Industrie, 55 F.R.D. 347, 349 (E.D. Pa. 1972); Erone Corp. v. Skouras Theaters Corp., 22 F.R.D. 494, 498 (S.D.N.Y. 1958); Greenbie v. Noble, 18 F.R.D. 414, 415 (S.D.N.Y. 1955); Banana Serv. Co. v. United Fruit Co., 15 F.R.D. 106, 108 (D. Mass. 1953)*.

The same principle applies to requests for documents pursuant to Rule 34 and [HN8] requires a party to produce documents in its "possession, custody or control . . . ." *Fed.R.Civ.P 34(a)*. As observed by the Honorable Robert W. Sweet, United States District Judge, in *Dietrich v. Bauer, 2000 U.S. Dist. LEXIS 11729, 95 Civ. 7051 (RWS), 2000 WL 1171132* [*12] at *3 (S.D.N.Y. Aug. 16, 2000):

> Numerous courts have concluded that a parent corporation has a sufficient degree of ownership and control over a wholly-owned subsidiary that it must be deemed to have control over documents located with that subsidiary. See *United States v. International Union of Petroleum and Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989)* [HN9] ("A corporation must produce documents possessed by a subsidiary that the parent corporation owns or wholly controls."); *Alden v. Time Warner, Inc., 1995 U.S. Dist. LEXIS 17038, No. 94 Civ. 6109, 1995 WL 679238 at *2 (S.D.N.Y. Nov. 14, 1995)* (corporate parent required to produce documents held by its subsidiary); Camden Iron [& Metal v. Marubeni Am. Corp.], *138 F.R.D. 438, 441* [(D.N.J. 1991)] (parent corporation has control over documents in physical control of wholly-owned or controlled subsidiary); *In re Uranium Trust Litigation, 480 F. Supp. 1138, 1152 (N.D. Ill. 1979)* (corporate parent must produce documents of wholly-owned subsidiary but not documents of 43.8%-owned subsidiary which conducted its corporate affairs separately); *Hubbard v. Rubbermaid, Inc., 78 F.R.D. 631, 637 (D. Md. 1978)* [*13] (parent corporation must produce documents held by wholly-owned subsidiaries and fact that subsidiaries were separate corporate entities was irrelevant). This principle applies where the subsidiary is not owned directly but, rather, is owned by an intermediate corporation that is itself a wholly-owned corporation of the parent corporation. See *Lethbridge v. British Aerospace PLC, 1990 U.S. Dist. LEXIS 16086, No. 89 Civ. 1407, 1990 WL 194915, at *1 (S.D.N.Y. Nov. 28, 1990)*.

See also *George Hantscho Co. v. Miehle-Goss-Dexter, Inc., 33 F.R.D. 332, 334-35 (S.D.N.Y. 1963)*.

I conclude that the same principle that is applied to interrogatories and document requests should also be applied to determine the scope of a party's obligation in responding to a Rule 30(b)(6) notice of deposition. There is no logical reason why the sources researched by a party in responding to a discovery request should be dependent on the particular discovery vehicle used; in all cases, the responding party should be obligated to produce the information under its control. Application of this principle to Rule 30(b)(6) discovery is not only consistent with the judicial interpretations of the other discovery [*14] provisions of the Federal Rules of Civil Procedure, it is also consistent with the purpose of discovery -- "[to] make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co., 356 U.S. 677, 682, 2 L. Ed. 2d 1077, 78 S. Ct. 983 (1958);* accord *EEOC v. Metropolitan Museum of Art, 80 F.R.D. 317, 318 (S.D.N.Y. 1978)*.

Application of this principle to the present case leads to the conclusion that Tribune Broadcasting must provide a witness prepared with the knowledge of WGN Superstation to testify concerning the documents in issue. Tribune Broadcasting's public statements establish that it controls WGN Superstation. Specifically, Tribune Broadcasting's web page states "Tribune Broadcasting owns and operates 23 major-market television stations, including national superstation WGN-TV, and reaches more than 80 percent of U.S. television households." Tribune Company Overview, available at http://www.tribune.com/about/index.htm (last visited Aug. 4, 2002) (emphasis added). Since Tribune Broadcasting "owns and operates" WGN Superstation, [*15] it has sufficient control to be charged with WGN Superstation's knowledge for discovery purposes. n2

> n2 Although Tribune Broadcasting has, in response to the current motion, attempted to distance itself both from the statements on its web site and from WGN Superstation, its arguments in this regard are entitled to no weight.

There cannot be one "truth" for the world at large, and a different "truth" for the Court.

IV. Conclusion

Accordingly, for all the foregoing reasons, I conclude that Tribune Broadcasting violated its obligations under Rule 30(b)(6) by failing to provide a witness properly prepared to testify concerning the subject matters designated in plaintiff's notice of deposition. Accordingly, no later than August 19, 2002, Tribune Broadcasting is directed to produce a witness properly prepared with the knowledge of WGN Superstation concerning all documents produced by Tribune Broadcasting.

Dated: New York, New York

August 6, 2002

SO ORDERED

HENRY PITMAN

United States Magistrate Judge [*16]

**TAB 3**

GREEN CONSTRUCTION COMPANY, Plaintiff, v. THE KANSAS POWER AND LIGHT COMPANY, Defendant-Counterclaimant, v. SEABOARD SURETY COMPANY, and GREEN HOLDINGS, INC., Counterclaim-Defendants

Case No. 87-2070-S

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

*1990 U.S. Dist. LEXIS 10669*

July 6, 1990, Decided
July 9, 1990, Filed

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff construction company filed an action against defendant power company, which filed an answer and counterclaim. The power company later filed an amended counterclaim, in which it alleged that the construction company was the alter ego of defendant holding company. The holding company and a surety company filed motions for a protective order prohibiting two discovery depositions sought by the power company.

**OVERVIEW:** The holding company objected to requests which sought information concerning the holding company's control of a relationship with its subsidiaries. The court denied the motion for protective order regarding those requests. Although the issue was whether the construction company, and not the other subsidiaries of the holding company, was an alter ego of the holding company, the court permitted the requested depositions under *Fed. R. Civ. P. 30(b)(6)* to go forward on the matters regarding the holding company's conduct with its other subsidiaries. The power company had shown that the requested information may have been relevant to the alter ego issue. The court found that the holding company had shown that the financial information sought in other challenged requests was not necessary for discovery, with the exception of information covering the holding company's decision to file consolidated tax returns and information concerning the control of and relationship between the holding company and its subsidiaries. The court granted the motion for a protective order on the requests for financial information regarding joint arrangements, ventures, or agreements.

**OUTCOME:** The court denied the holding company's motion for a protective order on requests which sought information concerning the holding company's control of a relationship with its subsidiaries. It granted a protective order on financial information, with the exception of the decision to file consolidated tax returns and information concerning control of the subsidiaries. The same decisions applied to the surety company.

LexisNexis(R) Headnotes

*Civil Procedure > Disclosure & Discovery > Protective Orders*
*Evidence > Procedural Considerations > Inferences & Presumptions*
[HN1] A motion for protective order is a disfavored motion and the burden is on the moving party to show its necessity. Good cause must be shown before a protective order will issue. *Fed. R. Civ. P. 26(c)*. To establish good cause, the moving party must show some plainly adequate reason for the order.

**COUNSEL:** [*1]

Dale R. Martin, Barokas & Martin, Seattle, Washington.

Patrick E. Hartigan, Hartigan & Yanda, P.C., Kansas City, Missouri.

F.B. W. McCollum, Spencer, Fane, Britt & Browne, Kansas City, Missouri.

J. Nick Badgerow, Overland Park, Kansas.

Camille Q. Bradford, Topeka, Kansas.

Bernard L. Balkin, Keith Witten, Sandler, Balkin, Hellman & Weinstein, Kansas City, Missouri.

**JUDGES:**

Dale E. Saffels, United States District Judge.

**OPINIONBY:**

SAFFELS

**OPINION:**

*MEMORANDUM AND ORDER*

This matter is before the court on the motions of counterclaim-defendants Green Holdings, Inc. ("Green Holdings") and Seaboard Surety Company ("Seaboard") for protective order.

On February 10, 1987, Green Construction Company ("Green Construction") filed the present case against The Kansas Power and Light Company ("KP&L"). On April 6, 1987, KP&L filed its answer and counterclaim. On September 19, 1989, KP&L filed a second amended counterclaim in which it alleged that Green Construction is the alter ego of Green Holdings, and therefore, Green Holdings is liable for the acts of Green Construction. On March 12, 1990, KP&L filed a notice to take Green Holdings deposition pursuant to *Rule 30(b)(6) of the Federal Rules of Civil Procedure.* On May [*2] 10, 1990, KP&L filed a notice to take Seaboard's deposition pursuant to Rule 30(b)(6). In these depositions KP&L seeks information regarding Green Holdings, control of and involvement with its other subsidiaries and affiliates, financial information of Green Holdings and other miscellaneous matters. Green Holdings and Seaboard seek protective orders prohibiting these two discovery depositions.

[HN1] A motion for protective order is a disfavored motion and the burden is on the moving party to show its necessity. Good cause must be shown before a protective order will issue. *Fed. R. Civ. P. 26(c), United States v. Purdome, 30 F.R.D. 338, 341 (D.C. Mo. 1962).* To establish good cause, the moving party must show some plainly adequate reason for the order. *Kiblen v. Retail Credit Co., 76 F.R.D. 402, 404 (E. D. Wash. 1977).*

*A. Discovery Regarding Green Holdings' Subsidiaries and Affiliates.*

First, Green Holdings object to Request Nos. 11, 15, 16, 21, 22, 23, 24, 40 and 45, which seek information concerning Green Holdings' control of a relationship with its subsidiaries. The counterclaim asserted by KP&L includes a claim that Green Construction is the alter ego of Green Holdings, [*3] and thus, Green Holdings is liable for the acts of Green Construction. This court has enumerated the factors considered in determining whether the distinct corporate entities should be disregarded if a subsidiary is the alter ego of a parent corporation. See *Hoffman v. United Telecommunications, Inc., 575 F. Supp. 1463, 1478 (D. Kan. 1983).*

Although the issue before the court is whether Green Construction, and not the other subsidiaries of Green Holdings, is an alter ego of Green Holdings, the court will permit the requested 30(b)(6) depositions to go forward on the matters regarding Green Holdings' conduct with its other subsidiaries. Relevancy for discovery purposes is much broader than for evidentiary purposes. KP&L has shown that the requested information may be relevant to the alter ego issue. See *Hoffman v. United Telecommunications, 1985 WESTLAW 162, 36 Empl. Prac. Dec. para. 35,158* (Magistrate Sullivant allowed discovery of information on non-party subsidiaries in action against a parent corp.). Although the court is in no way making an evidentiary ruling at this time, it feels that the requested information may show a pattern of conduct which may be admissible under [*4] Rule 404(b) of the Federal Rules of Evidence. See *Bradbury v. Phillips Petro. Co., 815 F.2d 1356, 1364-65 (10th Cir. 1987) (FRE 404(b)* pattern of conduct evidence allowed in civil suit). Thus, the court will deny the motion for protective order regarding the requests on matter of Green Holdings' other subsidiaries. n1

> n1 The deadline on discovery in the pretrial order does not prevent this 30(b)(6) deposition, for the deadline was established before KP&L was granted leave to join Green Holdings as a party. It would be unfair to hold KP&L to that deadline regarding discovery on its claim against Green Holdings.

*B. Financial Information.*

Next, Green Holdings seeks a protective order precluding KP&L from making inquiry about Green Holdings' financial information (Request Nos. 1, 2, 3, 4,

Case 1:01-cv-12257-PBS Document 990 Filed 08/24/04 Page 18 of 18

7, 13, 22, 23, 25, and 36). Green Holdings argues that no claim for punitive damages is asserted and that any financial information regarding the alter ego issue is discoverable in Request Nos. 6, 9, 20, 29, 32 and 35.

Green [*5] Holdings correctly asserts most of the financial information relating to the alter ego issue can be obtained in other non-challenged requests. As to the challenged requests, the court finds that Green Holdings has shown that the financial information sought in the challenged requests is not necessary for discovery, with the exception of Request Nos. 4, 22 and 23. Request No. 4 seeks information covering Green Holdings' decision to file consolidated tax returns. Request Nos. 22 and 23 seek information concerning the control of and relationship between Green Holdings and its subsidiaries, which was discussed above. These matters may be relevant to the alter ego issue, and thus, KP&L will be permitted to seek discovery on these matters. Otherwise, the motion for protective order on the requests for financial information will be granted.

### C. Miscellaneous Requests.

Finally, Green Holdings challenges the following requests relating to other general matters: Request Nos. 18, 19, 26, 49 and 56.

Request No. 18 seeks information regarding joint arrangements, ventures or agreements entered into between Green Holdings or its subsidiaries with Leighton Holdings, Ltd. or its subsidiaries. [*6] The court agrees with Green Holdings that this information is irrelevant to the issues in this case. Therefore, the motion for protective order on Request No. 18 will be granted.

Request No. 19 seeks information regarding Green Holdings' employees or agents who have consulted with, or have been employed by, any subsidiary regarding contract bids, finances, exchange of personnel, management, operational supervision, accounting, advertising, insurance, physical facilities, legal services, and so forth. The court finds this request to be clearly overbroad and would unduly burden Green Holdings if it were required to comply with this request. Therefore, the motion for protective order on Request No. 19 will be granted.

Request No. 26 seeks information regarding labor negotiations of Green Holdings and its subsidiaries. The court agrees with Green Holdings that this information is irrelevant to the alter ego issue. Moreover, KP&L can obtain information regarding Green Holdings' involvement in the labor negotiations of Green Construction in Request No. 12. Therefore, the motion for protective order on Request No. 26 will be granted.

Request No. 49 seeks information regarding negotiations [*7] of the compensation of hired legal counsel and accountants for Green Holdings and its subsidiaries. This information as it relates to Green Holdings' alleged dominion and control over Green Construction is obtainable in Request Nos. 17, 43 and 48. Such information regarding Green Holdings' other subsidiaries may be relevant to the alter ego issue in this case. Therefore, the motion for protective order will be denied with regard to Request No 49.

Finally, Request No. 56 seeks information regarding all business relations carried on between Green Holdings and its subsidiaries which involve an entity named Hochtief or its subsidiaries. The court finds that this request is overbroad and irrelevant. Therefore, the motion for protective order will be granted on Request No. 56.

### D. Counterclaim-Defendant Seaboard's Motion for Protective Order.

On May 10, 1990, KP&L served counsel for Seaboard a Rule 30(b)(6) deposition notice regarding information concerning substantially the same matters sought in its April 24, 1990, deposition notice on Green Holdings. Seaboard filed this motion to prevent its responding to the discovery request until the court could rule on Green Holdings' motion [*8] for protective order. The above discussion regarding Green Holdings' motion for protective order resolves the issues raised in Seaboard's motion. Therefore, Seaboard's motion is controlled by the court's findings regarding Green Holdings' motion.

IT IS THEREFORE BY THE COURT ORDERED that Green Holdings' motion for protective order is granted in part and denied in part as more fully set forth in the above memorandum.

IT IS FURTHER ORDERED that Seaboard's motion for protective order is granted in part and denied in part as more fully set forth in the above memorandum.

Dated this 6 day of July, 1990, at Topeka, Kansas.