# EXHIBIT 1

HAGENS BERMAN LLP
*Attorneys at Law*

CAMBRIDGE   LOS ANGELES   PHOENIX [PLLC]   SEATTLE

**hagens-berman.com**
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

SEAN R. MATT
(206) 224-9327
sean@hagens-berman.com

July 16, 2004

**_Via Facsimile_**

Mr. D. Scott Wise
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York  10017

>  Re:  <u>In re Pharmaceutical Industry Average Wholesale Price Litigation</u>
>         Third Party Depositions

Dear Mr. Wise:

      We write to discuss what we fear may be a burgeoning problem with respect to third-party deposition scheduling and to propose a solution crafted to alleviate it.

      On Wednesday, we received a letter from Erik Haas purporting to confirm the deposition of third-party Kaiser Health Plan ("Kaiser") for July 23, 2004. Mr. Haas' letter constitutes the first notice plaintiffs received that this deposition had been confirmed, even though (i) we have since learned that the July 23rd date was set on June 10th, and (ii) Case Management Order No. 10 requires that "[a] party shall provide a 'three week deposition notice' under which such party provides at least 21 days notice for a proposed deposition."

      On July 7th, I sent a third-party deposition listing to Tom Sweeney and Jim Zucker, of Hogan & Hartson, who represent defendant BMS and have been scheduling depositions of other third-parties. The Kaiser deposition was not included in the list (because we were not aware it had been set). The list was accompanied by a request that, among other things, defendants confirm whether any other depositions had been set that were not reflected on the list. Before Messrs. Sweeney and Zucker were able to get back to us, we received Mr. Haas' letter confirming a deposition that had been agreed to on June 10 without previous notice to plaintiffs.

      Plaintiffs object to the very short notice that defendants have provided for the Kaiser deposition, although we are going to make a good faith effort to attempt to cover it. I have already discussed this with Mr. Haas.

1534.16 0170 LTR.DOC

Mr. D. Scott Wise
July 16, 2004
Page 2

We do not suggest that Messrs. Sweeney or Zucker were aware of the Kaiser deposition and failed to tell us, nor that any other defense counsel have purposely withheld scheduling information. <u>Nonetheless, this experience highlights the need for better coordination and for adherence to CMO No. 10's 21-day notice requirement.</u>

Accordingly, plaintiffs request that defendants appoint an individual who will be responsible for coordinating with me on the scheduling of all third-party depositions. We also request that defendants affirm their obligation to abide by the Court's 21-day notice requirement. From time-to-time, we may be amenable to scheduling depositions on less than 21-days notice but, if this is to be done, it must be accomplished by express agreement on a case-by-case basis.

We look forward to hearing from you promptly on this important matter.

Sincerely,

*[signature]*

Sean R. Matt

cc: All Counsel (via Verilaw)

1534.16 0170 LTR.DOC

# EXHIBIT 2



# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

MESSETURM
60308 FRANKFURT AM MAIN

17-22, AKASAKA 2-CHOME
MINATO-KU, TOKYO 107-005

3A CHATER ROAD
HONG KONG

D. SCOTT WISE
212 450 4464
wise@dpw.com

July 22, 2004

Re:   In re Pharmaceutical Industry Average Wholesale Price Litigation,
      MDL No. 1456

Sean R. Matt, Esq.
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Dear Mr. Matt:

    I am writing in response to your letter dated July 16, 2004.

    Defendants do not agree with or accept your interpretation of Paragraph II.7 of CMO No. 10. However, we do agree that it is important for plaintiffs and defendants to provide each other with prompt notice of scheduled third party depositions. I have already agreed with Mr. Macoretta that both plaintiffs and defendants will promptly post to Verilaw any correspondence with third parties relating to deposition scheduling. In addition, we propose to exchange a list of scheduled third party depositions on at least a weekly basis. Jared Winnick from Davis Polk will coordinate this exchange of information for defendants, with the first list to be distributed by the end of this week. For future reference, Jared can be reached by phone at (212) 450-4410 or via e-mail at jared.winnick@dpw.com.

    Defendants believe this new protocol should resolve the concerns expressed in your July 16 letter.

Sincerely,

D. Scott Wise

cc:   All Counsel via Verilaw

# EXHIBIT 3

**Sean Matt**

| | |
|---|---|
| **From:** | Sean Matt |
| **Sent:** | Wednesday, September 08, 2004 4:35 PM |
| **To:** | 'Jared R. Winnick' |
| **Cc:** | John Macoretta (E-mail) |
| **Subject:** | RE: Third party deposition chart |

Jared:

The schedule for next week -- with eight depositions -- is simply not reasonable. Since we raised our concerns about the volume of depositions with you on Friday, defendants have confirmed two more -- Oxford and Deere. We demand that these newly confirmed depositions be moved to the week of October 4. You also confirmed two more depositions -- Eckerd and Horizon -- for the week of September 20, bringing the total depositions for that week to seven -- and you apparently are trying to schedule two more for that week -- BCBS of Wyoming and Independence Blue Cross. Again, this is totally unreasonable. Consequently, we take no comfort in your assurance that defendants will "do [their] best to accommodate" plaintiffs' reasonable scheduling requests.

We will consider our meet and confer obligations on this issue satisfied and will be seeking relief from the Court. Defendants can then explain to the Court how it is they believe that taking more than five depositions in the course of a single week of absent class members (and more than two on any given day) is reasonable given that many months have passed with few depositions. By any barometer of reasonableness, you guys are simply trying to jam too many depositions into too short a time frame -- depositions that are not even necessary.

Sean.

-----Original Message-----
From: Jared R. Winnick [mailto:winnick@dpw.com]
Sent: Wednesday, September 08, 2004 3:35 PM
To: Sean Matt
Subject: RE: Third party deposition chart


Sean,

Attached please find an updated third party deposition dates chart. As you will see, some of your concerns have already been alleviated due to scheduling changes. However, in order to comply with the relevant deadlines and accommodate the schedules of numerous third party witnesses, there is one day next week and one day the week after on which more than two depositions are scheduled. Furthermore, more than 5 depositions are scheduled for each of these weeks.

That said, we will do our best to accommodate your request by not

1

scheduling additional depositions during these weeks, although we reserve our right to do so if necessary.

Best,
Jared


At 02:20 PM 9/7/2004 -0700, you wrote:
>Ok; please let me know once you have heard back from the folks on your end. In the interim, can you please update the chart in light of all of these changes?
>
>-----Original Message-----
>From: Jared R. Winnick [mailto:winnick@dpw.com]
>Sent: Tuesday, September 07, 2004 2:17 PM
>To: Sean Matt
>Subject: RE: Third party deposition chart
>
>
>Sean,
>
>I just wanted to let you know that I received your message and email. I will discuss with the defense team and get back to you.
>
>In the meantime, two changes (which I believe are positive from your standpoint) during the relevant time period were recently brought to my attention:
>1. GPP was moved to Sept. 14th (from Sept. 10th, a day you seemed particularly concerned about based on your voicemail), and
>2. Ken Dowell was cancelled for Sept. 13th (no new date has yet been provided).
>
>Best,
>Jared
>
>
>
>At 09:23 AM 9/7/2004 -0700, you wrote:
>>Jared:
>>
>>As I detailed in my voice mail on Friday, there are a number of changes that need to be made to the chart. To the best of my knowledge, they are:
>>
>>1. The September 7 deposition of PharmaCare has been canceled and re-scheduled for September 28.
>>
>>2. The September 9 deposition of Eckerd Health has been canceled; I have not seen a re-scheduled date.
>>
>>3. Lee Jost & Associates has been set for September 9.
>>

2

>>4. David Joiner, a Caremark designee, is set for September 23.
>>
>>Further, we ask that no additional depositions be set during the next three weeks. As it stands, defendants have one deposition scheduled for Thursday, Sept. 9, and three on the next day alone (UPMC, GPP and BCBS of Kansas City). Defendants have scheduled and confirmed six depositions for the week of September 13 (Ken Dowell, Intermountain, BCBS of Illinois, MedImpact, NY Life and Multiplan), and there are five depositions scheduled and confirmed for the week of September 20 (Harvard Pilgrim, Beacon/Vista, HIP of NY, Caremark and Three Rivers). Plaintiffs have a several-member team put together to cover third-party depositions but are understandably limited in the number of depositions that we can cover in any given week. Accordingly, it is unreasonable for defendants to conduct more than five depositions a week, and we ask that defendants limit the number of confirmed depositions to that weekly maximum. We also ask that no more than two depositions be confirmed on any given day.
>>
>>Please get back to me on this request.
>>
>>Thanks.
>>
>>Sean.
>>
>>-----Original Message-----
>>From: Jared R. Winnick [mailto:winnick@dpw.com]
>>Sent: Thursday, September 02, 2004 5:35 PM
>>To: Sean Matt; JMacoretta@srk-law.com
>>Cc: winnick@dpw.com
>>Subject: Third party deposition chart
>>
>>
>>Per our agreement, attached please find a chart detailing completed and scheduled third party depositions. Please promptly let me know if you have any additions to this chart, or if you have any questions.
>>
>>Best,
>>Jared

3

September 8, 2004

# In re: Pharmaceutical Industry AWP Litigation, MDL No. 1456
## Third-Party Depositions

| Date/Time | Confirmed?[1] | Deponent | Location | Issuing Party |
|---|---|---|---|---|
| June 4 | Completed | Carday Associates, Inc. | Philadelphia, Pennsylvania | Defendants: Davis Polk |
| June 15 | Completed | Findley Davies | Toledo, Ohio | Defendants: Hogan & Hartson |
| July 1 | Completed | Quality Rx | Philadelphia, Pennsylvania | Defendants: Covington & Burling |
| July 12 | Completed | Segal Company | Hogan & Hartson NYC | Defendants: Hogan & Hartson (Jim Zucker) |
| July 23 | Completed | ScripSolutions | Hogan & Hartson NYC | Defendants: Hogan & Hartson (Tom Sweeney) |
| July 23 | Completed | Kaiser | Oakland, California | Defendants: Patterson, Belknap |
| August 4 | Completed | Coventry Healthcare | Nashville, TN | Defendants: Patterson, Belknap (Adeel Mangi) |
| August 25 | Completed | Pharmaceutical Care Network | Hyatt Regency Sacramento, CA | Defendants: Davis Polk |
| August 26 | Completed | Caremark/ AdvancePCS | Winston Strawn Chicago, Illinois | Defendants: Hogan & Hartson (Tom Sweeney) |
| August 27 | Completed | Caremark/ AdvancePCS | Winston Strawn Chicago, Illinois | Defendants: Hogan & Hartson (Tom Sweeney) |
| September 9 | Yes | Lee Jost & Associates | Spherion Milwaukee, WI | Defendants: Perkins Coie (Charles Sipos) |
| September 9-10 | Yes | UPMC Health Plan | UPMC Pittsburgh, PA | Defendants: Patterson, Belknap, Webb & Tyler LLP |
| September 10 | Yes | BCBS of Kansas City | Shughard, Thomson & Kilroy Kansas City, MO | Defendants: Morgan Lewis |

---

[1] Confirmed means that the party being deposed has formally agreed to appear on the date noted.

September 8, 2004

| Date/Time | Confirmed?[1] | Deponent | Location | Issuing Party |
|---|---|---|---|---|
| September 13 | Yes | Intermountain Healthcare | Intermountain Healthcare Salt Lake City, UT | Defendants: Morgan Lewis |
| September 14 | Yes | BCBS of Illinois | BCBS of Illinois Chicago, Illinois | Defendants: Morgan Lewis |
| September 14 | Yes | General Prescriptions Programs, Inc. | Davis Polk New York | Defendants: Davis Polk |
| September 14 | Yes | Oxford | Jones Day New York, NY | Defendants: Patterson, Belknap, Webb & Tyler LLP |
| September 15 | Yes | MedImpact Healthcare Systems | TBD | Defendants: Hogan & Hartson (Tom Sweeney) |
| September 16 | Yes | NY Life | TBD | Defendants: Patterson, Belknap, Webb & Tyler LLP |
| September 17 | Yes | Multiplan, Inc. | Multiplan NY, New York | Defendants: Morgan Lewis (Gregory Wells) |
| September 17 | Yes | John Deere | John Deere East Moline, Illinois | Defendants: Patterson, Belknap, Webb & Tyler LLP |
| September 20 | Yes | Harvard Pilgrim HealthCare | TBD | Defendants: Patterson, Belknap, Webb & Tyler LLP |
| September 20 | Yes | Beacon/Vista | Vista Sunrise, FL | Defendants: Morgan Lewis |
| September 20 | Yes | Eckerd Health Services | TBD | Defendants: Hogan & Hartson (Tom Sweeney) |
| Week of Sept. 20 or Sept. 27 | No | BCBS Wyoming | TBD | Defendants: Patterson, Belknap, Webb & Tyler LLP |
| September 21 | Yes | HIP of NY | Strook & Strook New York, NY | Defendants: Morgan Lewis |
| September 22 | Yes | Horizon | Horizon New York, NY | Defendants: Patterson, Belknap, Webb & Tyler LLP |
| September 23 | Yes | Caremark/ AdvancePCS | Winston Strawn Chicago, Illinois | Defendants: Hogan & Hartson (Tom Sweeney) |

2

September 8, 2004

| Date/Time | Confirmed?[1] | Deponent | Location | Issuing Party |
|---|---|---|---|---|
| September 23, 24, 27, or 29 | No | Independence Blue Cross | TBD | Defendants: Patterson, Belknap, Webb & Tyler LLP |
| September 24 | Yes | Three Rivers Health Plans, Inc. | Kirkpatrick & Lockhart Pittsburgh, PA | Defendants: Morgan Lewis |
| September 28 | Yes | BCBS Montana | TBD | Defendants: Johnson & Johnson Patterson, Belknap, Webb & Tyler LLP |
| September 28 | Yes | PharmaCare Management Services | Rhode Island | Defendants: Hogan & Hartson |
| September 28 | Yes | Independent Health | Independent Health Buffalo, NY | Defendants: Morgan Lewis |
| September 28 | No | Health Care Cost Containment Corporation | Bowie, MD | Defendants: Davis Polk (Jared Winnick) |
| September 29 | Yes | Horizon | Horizon New York, NY | Defendants: Patterson, Belknap, Webb & Tyler LLP |
| September 29 | Yes | Wellmark | Nyemaster, Goode Des Moines, Iowa | Defendants: Patterson, Belknap, Webb & Tyler LLP |
| October 6 | Yes | Empire BCBS | Morgan Lewis New York | Defendants: Morgan Lewis |
| October 8 | Yes | Empire BCBS | Morgan Lewis New York | Defendants: Morgan Lewis |
| October 13 | Yes | Empire BCBS | Morgan Lewis New York | Defendants: Morgan Lewis |
| TBD | No | Community Catalyst | Boston, MA | Defendants: Jones Day (Toni-Ann Citera) |
| TBD | No | Families USA | Washington, D.C. | Defendants: Jones Day (Toni-Ann Citera) |
| TBD | No | Ken Dowell (formerly with Stanton Group) | Spherion Minneapolis, MN | Defendants: Perkins Coie (Charles Sipos) |
| TBD | No | Prescription Access Litigation Project | Boston, MA | Defendants: Toni-Ann Citera Jones Day |

3

September 8, 2004

| Date/Time | Confirmed?[1] | Deponent | Location | Issuing Party |
|---|---|---|---|---|
| TBD | No | Prescription Solutions, Inc. | Costa Mesa, CA | Defendants: Hogan & Hartson (Tom Sweeney) |
| TBD | No | The Regence Group | The Regence Group Portland, OR | |
| TBD | No | US Action | Washington, D.C. | Defendants: Toni-Ann Citera Jones Day |
| TBD | No | Wellpoint | TBD | Defendants: Patterson, Belknap, Webb & Tyler LLP |
| TBD | No | Identify witnesses/dates: Caremark | TBD | Plaintiffs: Hagens Berman (Sean Matt) |
| TBD | No | Identify witnesses/dates: AdvancePCS | TBD | Plaintiffs: Hagens Berman (Sean Matt) |
| TBD | No | Identify witnesses/dates: Express Scripts | TBD | Plaintiffs: Hagens Berman (Sean Matt) |
| TBD | No | Identify witnesses/dates: Medco | TBD | Plaintiffs: Hagens Berman (Sean Matt) |
| TBD | No | AmerisourceBergen | Philadelphia, PA | Plaintiffs: Wexler Firm |
| TBD | No | McKesson Corp. | San Francisco, PA | Plaintiffs: Wexler Firm |
| TBD | No | Cardinal Health | Columbus, OH | Plaintiffs: Wexler Firm |