# Exhibit

# A



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
|  | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| 01-CV-12257-PBS and 01-CV-339 |  |

:

## B. BRAUN OF AMERICA INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' OMNIBUS REQUESTS FOR PRODUCTION AND INTERROGATORIES



Defendant B. Braun of America Inc. ("BBA"), pursuant to Federal Rules of Civil Procedure 26, 33, and 34, through undersigned counsel, propounds the following objections and responses to the Plaintiffs' Omnibus Requests for Production and Interrogatories ("Document Request and Interrogatories"). BBA reserves its right to supplement these objections and responses.

As stated in its Motion to Dismiss, BBA is not a proper party to this litigation. This Court lacks jurisdiction and venue over BBA. Moreover, BBA neither manufactures nor sells any of the pharmaceuticals listed in Appendix A to the Amended Master Consolidated Class Action Complaint ("AMCC"). As a result, BBA has no reason to believe that it has responsive documents or information in its possession relating to the subject matter of this litigation. However, BBA has requested that its separately incorporated subsidiary, B. Braun Medical Inc. ("BBM"), make available and produce documents and information that would be responsive to the Document Request and Interrogatories as if they had been properly directed to and served upon BBM, without waiver of BBA's position that it is not properly before this Court.

## GENERAL OBJECTIONS

BBA asserts the following General Objections, which are incorporated into the specific Responses by reference. These General Objections govern the scope of any document search and production, or response to interrogatories, by or for BBA.

1.   BBA objects to the Document Request and Interrogatories to the extent that they require BBA to undertake steps beyond those required by Rules 26, 33, and 34 of the Federal Rules of Civil Procedure.

2.   BBA objects to the Document Request and Interrogatories to the extent that they request the production of documents or information protected by the attorney-client privilege, the

2



attorney work product doctrine, other common law or statutory privileges, or otherwise immune from discovery. BBA expressly reserves the right to assert any and all applicable common law, statutory, or other legal privileges. BBA objects to the Document Request and Interrogatories to the extent that they would require counsel for BBA or BBM to disclose or prepare a log of documents and information prepared by or for counsel in anticipation of, or for the purpose of, litigation. However, with the exception of documents or information prepared in anticipation, or for the purpose, of litigation, BBA will identify documents withheld on the basis of privilege on a privilege log to the extent required by Fed. R. Civ. P. 26(b)(5).

3.    BBA objects to the Document Request and Interrogatories to the extent that they request the production of documents or information not relevant to the subject matter of the case or not reasonably calculated to lead to the discovery of admissible evidence.

4.    BBA objects to the Document Request and Interrogatories as overly broad and unduly burdensome to the extent that they request the production of documents or information that are published, publicly available, or otherwise generally accessible to all parties.

5.    BBA objects to the Document Request and Interrogatories to the extent that they call for the production of documents or information protected by any Protective Order in another case or subject to confidentiality agreements with, or licensing restrictions imposed by, third parties.

6.    BBA objects to the Document Request on the ground that it is overly broad and unduly burdensome, if BBM were required to fully comply with it as written. However, at BBA's request, BBM is prepared to produce many of the documents requested by plaintiffs subject to limited objections specified herein if the breadth of the search effort

3



is limited to individuals and locations most likely to have relevant, responsive documents. Under this approach, BBM intends to search the hard-copy and electronic files of the persons identified in Attachment A hereto. Within the scope of this search, available responsive, non-privileged documents will be produced, subject to BBA's objections. BBA believes that any additional document discovery would be "unreasonably cumulative or duplicative" and that the "burden or expense of the [any such] proposed discovery would outweigh its likely benefit."[1] *See* Fed. R. Civ. P. 26(b)(2).

7.      BBA objects to the Document Request and Interrogatories to the extent that they request BBA to produce documents beyond BBA's or BBM's possession, custody, or control. Any such request is overly broad and unduly burdensome and inconsistent with, and imposes obligations beyond, the obligations required under the Federal Rules of Civil Procedure. BBA does not intend to search for documents that are in the possession of any third party other than BBM, as such discovery would be "unreasonably cumulative or duplicative" and the "burden or expense of the [any such] proposed discovery would outweigh its likely benefit." *See* Fed. R. Civ. P. 26(b)(2).

8.      BBA objects to the Document Request and Interrogatories to the extent that they call for information relating to sales of drugs outside the United States. Such an interpretation is overly broad and unduly burdensome and relates to information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

---

[1]    BBA further notes that its General and Specific Objections are made expressly contingent on acceptance of the scope of the search as defined herein. BBA expressly reserves the right to assert additional General and Specific Objections if it is required to broaden the scope of its search.



9.  BBA objects to the Document Request and Interrogatories to the extent that they call for the production of documents and information relating to products other than the drugs of "B. Braun McGaw" listed in Appendix A of the AMCC, which drugs are referred to herein as the "Subject Drugs." Such an interpretation is overly broad and unduly burdensome and relates to information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10. BBA objects to the Document Request and Interrogatories as overly broad and unduly burdensome to the extent that they call for the production of documents and information in voluminous individual contracts, invoices, purchase orders, price lists, chargeback memoranda, and credit memoranda over a 13-year period.  Consistent with BBA's General and Specific Objections, available responsive, non-privileged documents and information will be produced sufficient to show these types of contractual and transactional data.  If an agreement can be reached with the plaintiffs, BBA may be willing to discuss the production of sample contracts, price lists, invoices, purchase orders, chargeback memoranda and/or credit memoranda.

11. BBA objects to the Document Request to the extent that it does not specify a "reasonable time, place, and manner of making the inspection." *See* Fed.R.Civ.P. 34(b).  BBA will produce, subject to its General and Specific Objections, responsive documents on a rolling basis.

12. BBA reserves the right to assert additional objections or to supplement these Objections and Responses.



## I.  DEFINITIONS

1.  BBA objects to Definition No. 1 for "Agreement" as vague and ambiguous, overly broad and unduly burdensome.

2.  BBA objects to Definition No. 2 for "All documents" as overly broad and unduly burdensome.  BBA will construe the term "document" consistent with Fed. R. Civ. P. 34(a).  A good faith, reasonable search for and of production of responsive, non-privileged documents will be conducted consistent with BBA's General and Specific Objections.  BBA further objects to this definition to the extent it is intended to encompass documents not in the possession, custody, or control of BBA or BBM.

3.  BBA objects to Definition No. 6 to the extent that "average sales price" is vague and ambiguous.

4.  BBA objects to Definition No. 7 as "average wholesale price" is not a defined term and is vague and ambiguous.  BBA further objects to Definition No. 7 to the extent that the plaintiffs intend for the "AWP" published by a third-party publisher to be definitive as to a drug's "average wholesale price."

5.  BBA objects to the use of "AWPID" to indicate all drugs that are identified in Appendix A to the AMCC.  BBA will respond to the Document Request and Interrogatories to the extent that "AWPID" refers to drugs of "B. Braun McGaw" listed in Appendix A of the AMCC, which are referred to herein as the "Subject Drugs."

6.  BBA objects to Definition No. 14 to the extent that it attempts to include "partners, corporate parent, subsidiaries, or affiliates" within the definition of "Defendant." The plaintiffs have not established that piercing of the corporate veil is appropriate in general or with regard to B. Braun of America Inc. in particular.  To the extent that documents

6



and information are produced in this litigation from BBA's separately incorporated subsidiary, B. Braun Medical Inc., such production in no way serves to waive BBA's position that it is an improper party to this litigation or any argument against piercing the corporate veil.

7.    BBA objects to Definition No. 17 as overly broad and unduly burdensome to the extent that it seeks to define "Government Investigation" to include time periods outside the scope of the "Relevant Time Period" set forth in the Document Request.

8.    BBA objects to Definition No. 22 as vague and ambiguous to the extent that the plaintiffs seek to give "MAC" anything other than "the meaning ascribed to that term pursuant to 42 C.F.R. § 442.332."

9.    BBA objects to Definition No. 29 as vague and ambiguous, overly broad, and unduly burdensome in light of the fact that the plaintiffs' specific Requests frequently provide no greater clarity on the nature or extent of the "price" about which information is sought. BBA further objects to the definition of "price" as overly broad and unduly burdensome to the extent that the plaintiffs seek to define "price" to include "other measure, comparison, estimate, benchmark or computation of price" and to include "prices both with or without discounts, rebates or other incentives affecting the cost of the drug."

10.   BBA objects to Definition No. 36 as vague and ambiguous and to the extent that it defines "WAC" as "the list prices for sales by manufacturers to wholesalers."

11.   BBA objects to Definition No. 38 to the extent "You" or "Your" is intended by the plaintiffs to encompass the previous definition of "defendant," to which BBA has objected. The objections to the definition of "defendant" apply equally to the definitions of "You" and "Your" and are incorporated herein by reference.

7



## II.    INSTRUCTIONS

1.    BBA objects to Instruction No. 1 to the extent that it calls for the production of documents or information that are published, publicly available or otherwise generally accessible to the plaintiffs. BBA further objects to Instruction No. 1 to the extent that it calls for BBA to identify documents no longer in its or BBM's possession, custody, or control.

2.    BBA objects to Instruction No. 3 to the extent that it imposes requirements beyond those expressly imposed by Fed. R. Civ. P. 33 and 34. A good faith, reasonable search for and production of available responsive, non-privileged documents will be conducted consistent with BBA's General and Specific Objections. BBA expressly reserves the right to assert additional objections and to supplement these Objections and Responses.

3.    BBA objects to Instruction No. 5 to the extent that it is inconsistent with the obligations stated in Fed. R. Civ. P. 26(e). Pursuant to Fed. Rule Civ. P. 26(e) and consistent with its General and Specific Objections, BBA will amend or supplement its Objections and Responses if BBA learns that a Response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the plaintiffs during the discovery process or in writing.

4.    BBA objects to Instruction No. 8 to the extent that it calls for production of original documents. Consistent with BBA's General and Specific Objections, legible hard copies or electronic copies of available responsive, non-privileged documents will be produced.

5.    BBA objects to Instruction No. 9 as vague and ambiguous, overly broad, and unduly burdensome. BBA further objects to Instruction No. 9 as calling for information neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

8



evidence. Consistent with and subject to BBA's General and Specific Objections, available responsive, non-privileged documents will be produced in electronic format where available and as they are maintained in the ordinary course of business.

6. BBA objects to Instruction No. 10 to the extent that it calls for BBA to produce source information separate from that called for in Interrogatory No. 6.

7. BBA objects to Instruction No. 12 as vague and ambiguous, overly broad, and unduly burdensome. BBA further objections to Instruction No. 12 to the extent that it seeks to impose requirements beyond those stated in Case Management Order No. 10. Consistent with its agreement with plaintiffs, BBA will produce electronic tiff images of documents or information to be produced, except for certain transactional data that will be produced in a usable electronic format. BBA also will provide a load file and Optical Code Recognition text in order to maintain the searchable format of the documents. With regard to the scope of its search for e-mail of current employees, BBM will search its active email system, which does not automatically delete emails after any set time period. BBA objects to any search of back-up tapes on the grounds that it would be unduly burdensome and to the extent it would be impracticable or impossible to restore such tapes. BBM is continuing to investigate the feasibility of such restoration, and BBA is willing to discuss this matter with the plaintiffs on the understanding that appropriate cost sharing would be necessary.

8. BBA objects to Instruction No. 14 to the extent that it calls for BBA to search for and to produce non-responsive documents.

9



## III.    RELEVANT TIME PERIOD

BBA objects to the plaintiffs' "relevant time period" as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that the plaintiffs seek documents or information prior to January 1, 1997 or subsequent to September 6, 2002.

### SPECIFIC OBJECTIONS

## IV.    REQUESTS FOR PRODUCTION

### *Category 1:  General Corporate*

**REQUEST FOR PRODUCTION NO. 1:**

All documents sufficient to identify your policy or practice of document retention, destruction, disposal or preservation during the relevant time period.

### RESPONSE:

BBA objects to this Request to the extent it calls for information protected by the attorney-client privilege, the work product doctrine, or any other applicable protection against disclosure.  Subject to this objection and to BBA's General Objections, available responsive, non-privileged documents will be produced sufficient to provide the requested information.

**REQUEST FOR PRODUCTION NO. 2:**

All current and historical organizational charts for all of your sales, marketing and pricing departments or divisions.

### RESPONSE:

Subject to BBA's General Objections, available responsive, non-privileged documents will be produced sufficient to provide the requested information.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all company, organizational and policy information in its entirety, including but not limited to corporate policy and procedure manuals, and policy memoranda.

10



**RESPONSE:**

BBA objects to this Request as overly broad and unduly burdensome. BBA further objects to this Request as vague and ambiguous. BBA also objects to this Request to the extent that it calls for information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. For example, read literally, the Request seeks health and safety manuals, human resource information, and other documents unrelated to the sale, marketing, or pricing of the Subject Drugs. Subject to these objections and to BBA's General Objections, BBM's Code of Business Conduct and other available responsive, non-privileged documents relating to BBM's sales and marketing or pricing policies for the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify your electronic mail, document management and other automated information systems.

**RESPONSE:**

Subject to BBA's General Objections, available responsive, non-privileged documents will be produced sufficient to provide the requested information.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify your electronic mail retention policies.

**RESPONSE:**

Subject to BBA's General Objections, available responsive, non-privileged documents will be produced sufficient to provide the requested information.

**REQUEST FOR PRODUCTION NO. 6:**

Documents evidencing steps were taken by you (if any) from January 1, 2001 to the present to insure that discoverable information with respect to average wholesale price litigation is not destroyed or otherwise made unavailable.

11



**RESPONSE:**

BBA objects to this Request to the extent that it implies that BBA was a defendant as of

January 1, 2001, when in fact BBA was not named a defendant until June 12, 2003.  Subject to

this objection and BBA's General Objections, available responsive, non-privileged documents

will be produced.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify your policies and procedures concerning the back-up of
data for your financial and your marketing, sales and promotion divisions, including but not
limited to, the frequency of back-ups, all software and hardware used to perform backups, and all
media onto which data is backed-up.

**RESPONSE:**

BBA objects to this Request as vague and ambiguous.  Subject to this objection and to

BBA's General Objections, available responsive, non-privileged documents will be produced

sufficient to provide the requested information.

***Category 2:  Trade Associations***

**REQUEST FOR PRODUCTION NO. 8:**

All documents received from or provided to any trade association (such as the
Pharmaceutical Research and Manufacturers of America), and any of its organizational
subcommittees, including meeting agendas and minutes, concerning (i) Medicare reimbursement
for drugs and/or the use of AWP in the reimbursement process; (ii) publications identified in
Health Care Financing Administration Program Memorandum AB-99-63, including the *Red
Book, Blue Book,* and *Medispan* ("pharmaceutical industry publications"); or (iii) a Government
Investigation or inquiry as to the use of AWP in the reimbursement process.

**RESPONSE:**

BBA objects to this Request as vague and ambiguous as to the meaning of the term "trade

association."  BBA also objects to this Request as overly broad and unduly burdensome to the

extent that it calls for information relating to drugs or any products other than the Subject Drugs.

BBA objects to this Request to the extent that it calls for information not in the possession,



custody, or control of BBA or BBM and/or information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

### *Category 3:  Governmental Investigations; Litigation*

**REQUEST FOR PRODUCTION NO. 9:**

    All documents produced by you, whether voluntarily or involuntary, in any governmental investigation or inquiry concerning the use of AWP.

    **RESPONSE:**

    BBA objects to this Request to the extent that it is duplicative of previous Court-ordered discovery completed by BBA or BBM and, therefore, calls for documents that are already in the plaintiffs' possession. BBA also objects to this Request to the extent that it calls for information protected by the attorney-client privilege, the work product doctrine, or any other applicable protection against disclosure. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents will be produced to the extent such documents have not been produced previously in the course of this litigation.

**REQUEST FOR PRODUCTION NO. 10:**

    All documents relating to any legal proceeding (by country, court, caption, case number, etc.), including but not limited to court hearings, legislative hearings, mediations or arbitrations, in which you were a party or witness, regarding any allegations relating to AWPs.

    **RESPONSE:**

    BBA objects to this Request to the extent that it is duplicative of previous Court-ordered discovery completed by BBA or BBM and, therefore, calls for documents that are already in the plaintiffs' possession. BBA further objects to this Request to the extent that it calls for documents that are publicly available or otherwise generally accessible to all parties. BBA also



objects to this Request to the extent that it calls for information not related to the Subject Drugs and, therefore, neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BBA objects to this Request to the extent that it calls for information protected by the attorney-client privilege, the work product doctrine, or any other applicable protection against disclosure. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 11:**

All affidavits, declarations, depositions, or other written statements, including drafts, provided by you regarding any allegations relating to the use of AWP.

**RESPONSE:**

BBA objects to this Request to the extent that it calls for documents that are publicly available or otherwise generally accessible to all parties. BBA further objects to this Request to the extent that it calls for information not related to the Subject Drugs and, therefore, is overly broad and calls for information neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BBA also objects to this Request to the extent that it calls for information protected by the attorney-client privilege, the work product doctrine, or any other applicable protection against disclosure. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

***Category 4: Communications With Governmental Entities***

**REQUEST FOR PRODUCTION NO. 12:**

All documents created by or received from CMS, the United States Department of Health and Human Services, the Health and Human Services Office of the Inspector General, the General Accounting Office, Congress or any other federal institution, agency, department, or office concerning prices for prescription drugs.

14



**RESPONSE:**

BBA objects to this Request to the extent that it calls for documents not in the possession, custody, or control of BBA or BBM. BBA also objects to this Request as overly broad and unduly burdensome to the extent that it calls for information relating to drugs other than the Subject Drugs and to any unspecified "other federal institution, agency, department, or office." For the same reason, BBA objects to this Request to the extent that it calls for information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BBA further objects to this Request to the extent that it calls for documents that are published, publicly available or otherwise generally accessible to all parties, and in particular to documents "created by," but not received from, the named governmental entities. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 13:**

All documents provided to CMS, the United States Department of Health and Human Services, and Department of Health and Human Services Office of the Inspector General, the General Accounting Office, Congress, or any other federal institution, agency, department, or office concerning the price of any AWPID.

**RESPONSE:**

BBA objects to this Request to the extent that it calls for documents not in the possession, custody, or control of BBA or BBM. BBA also objects to this Request as overly broad and unduly burdensome to the extent that it calls for information relating to drugs other than the Subject Drugs and to any unspecified "other federal institution, agency, department, or office." For the same reason, BBA objects to this Request to the extent that it calls for information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BBA further objects to this Request to the extent that it calls for documents that are

15



published, publicly available or otherwise generally accessible to all parties. BBA also objects to

this Request to the extent that it calls for information protected by the attorney-client privilege,

the work product doctrine, or any other applicable protection against disclosure. Subject to these

objections and to BBA's General Objections, available responsive, non-privileged documents

relating to the Subject Drugs will be produced.

### *Category 5: AWPs and Pricing Related*

### REQUEST FOR PRODUCTION NO. 14:

All documents concerning any definition or meaning of AWP, including documents
discussing how you or others define AWP.

#### RESPONSE:

BBA objects to this Request to the extent that it calls for documents that are in the public

domain and accessible to all parties and/or to the extent that it calls for documents that are not in

the possession, custody, or control of BBA or BBM. BBA also objects to this Request to the

extent that it calls for information protected by the attorney-client privilege, the work product

doctrine, or any other applicable protection against disclosure. Subject to these objections and to

BBA's General Objections, available responsive, non-privileged documents will be produced.

### REQUEST FOR PRODUCTION NO. 15:

All documents discussing how the AWP has been or is currently determined for any
AWPID.

#### RESPONSE:

BBA objects to this Request as overly broad and unduly burdensome to the extent that it

calls for documents relating to how an AWP for a Subject Drug has been or is determined by

someone other than BBA or BBM. BBA further objects to this Request to the extent that it calls

for information that is not in the possession, custody, or control of BBA or BBM. BBA also

16



objects to this Request to the extent that it calls for information protected by the attorney-client privilege, the work product doctrine, or any other applicable protection against disclosure. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 16:**

As to each of your AWPIDs, all documents concerning any actual, proposed, or prospective AWP announcements, changes or price lists, including the methodology and procedures used by you in considering whether to increase or decrease the AWP of each AWPID.

<u>**RESPONSE:**</u>

BBA objects to this Request as vague and ambiguous to the extent that it calls for "price lists" without clarifying whether it intends to include lists of prices other than AWPs within the scope of the Request. To the extent such an interpretation is intended, BBA further objects to this Request as overly broad and unduly burdensome, calling for the production of voluminous individual contracts and other price lists. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced. If an agreement can be reached with the plaintiffs, BBA may be willing to discuss the production of sample contracts and other price lists.

**REQUEST FOR PRODUCTION NO. 17:**

As to each of your AWPIDs, all documents concerning any actual, proposed or prospective price announcement, price change or price list, including the methodology and procedures used by you in considering whether to increase or decrease the price for each AWPID.

<u>**RESPONSE:**</u>

BBA objects to this Request as overly broad and unduly burdensome, calling for the production of voluminous individual contracts and other price lists. Subject to these objections

17



and to BBA's General Objections, available responsive, non-privileged documents relating to the

Subject Drugs will be produced.  If an agreement can be reached with the plaintiffs, BBA may be

willing to discuss the production of sample contracts and other price lists.

**REQUEST FOR PRODUCTION NO. 18:**

As to Class A drugs only, all sales-level detailing reports where AWPs, reimbursement based on AWPs, or the prices for AWPIDs was discussed.  (Class A Drugs)

**RESPONSE:**

BBA objects to this Request as overly broad and unduly burdensome to the extent that it

calls for information relating to drugs other than the Subject Drugs.  For the same reason, BBA

objects to this Request to the extent that it calls for information that is neither relevant to this

litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to

these objections and to BBA's General Objections, available responsive, non-privileged

documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 19:**

As to Class A drugs only, all sales-level detailing reports where price, discounts, rebates, price concessions, forgiveness of debt, free samples, educational grants or other remuneration were discussed with a purchaser or potential purchaser of any of your AWPIDs.

**RESPONSE:**

BBA objects to this Request as overly broad and unduly burdensome to the extent that it

calls for information relating to drugs other than the Subject Drugs.  For the same reason, BBA

objects to this Request to the extent that it calls for information that is neither relevant to this

litigation nor reasonably calculated to lead to the discovery of admissible evidence.  BBA further

objects to this Request as vague and ambiguous to the extent that "discounts," "rebates," "price

concessions," "free samples," "educational grants," and "other remuneration" are not defined.

BBA also objects to this Request as vague and ambiguous, overly broad, and unduly burdensome

18



to the extent that it calls for information relating to "potential purchasers" of the Subject Drugs. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 20:**

All documents, including organizational charts, that describe or list the individuals responsible for determining the price for each AWPID.

**RESPONSE:**

BBA objects to this Request to the extent that it calls for documents not in the possession, custody, or control of BBA or BBM. BBA also objects to this Request as overly broad and unduly burdensome to the extent that it calls for documents relating to how a "price" for a Subject Drug has been or is determined by someone other than BBA or BBM. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced sufficient to show the requested information.

**REQUEST FOR PRODUCTION NO. 21:**

All documents, including organizational charts, that describe or list the individuals responsible for determining the price for each AWPID.

**RESPONSE:**

BBA objects to this Request as duplicative of Request No. 20, and BBA incorporates herein the objections stated in response to Request No. 20. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced sufficient to show the requested information.

**REQUEST FOR PRODUCTION NO. 22:**

For each of your AWPIDs, all documents concerning the "product market," as defined in the 1992 Department of Justice and Federal Trade Commission Horizontal Merger Guidelines, in which each AWPID competes including, but not limited to, all documents that: (a) discuss, address, concern, regard, or reflect products that have a significant cross-elasticity of demand, or

19



that are reasonably substitutable for, interchangeable with, or close therapeutic equivalents and/or (b) discuss, address, concern, regard, or reflect whether, and to what extent, the marketing, pricing, and/or sale of a drug other than your AWPID has caused, or could or might cause, physicians, consumers, and other individuals or entities to terminate or reduce their purchase or use of your AWPID.

### RESPONSE:

BBA objects to this Request as vague and ambiguous, calling for information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BBA further objects to this Request as overly broad and unduly burdensome to the extent that it calls for documents that do not discuss competition with the Subject Drugs. BBA objects to this Request to the extent that it calls for documents that are published, publicly available or otherwise generally accessible to all parties. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

### REQUEST FOR PRODUCTION NO. 23:

For each of your AWPIDs, all documents concerning the "geographic market" or markets in which the AWPID competes including, but not limited to, all documents that (a) discuss, concern, regard, or reflect the geographic area within which the AWPID is marketed, and (b) discuss, concern, regard or reflect the area within which you and your competitors view themselves as competing with respect to the AWPID.

### RESPONSE:

BBA objects to this Request as vague and ambiguous, calling for information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BBA further objects to this Request as overly broad and unduly burdensome to the extent that it calls for documents that do not discuss competition within a geographic area relating to a Subject Drug. BBA objects to this Request to the extent that it calls for documents that are published, publicly available or otherwise generally accessible to all parties. Subject to

20



these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

## REQUEST FOR PRODUCTION NO. 24:

For each of your AWPIDs, all documents concerning your strategic and marketing plans including, but not limited to all pricing, reimbursement, brand switching, and consumer segmentation studies and/or surveys.

### RESPONSE:

BBA objects to this Request to the extent that it calls for information protected by the attorney-client privilege, the work product doctrine, or any other applicable protection against disclosure. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

## REQUEST FOR PRODUCTION NO. 25:

For each of your AWPIDs, all documents (in digital, computerized form where available) that identify each customer who purchased the AWPID. For each of these purchasers, all documents that reflect:

      (a)    Each sale or other transaction involving the AWPID including the date thereof;

      (b)    The number or units of the AWPID sold by dosage strength and package size for each sale or other transaction;

      (c)    The invoice amount in dollars for each sale or other transaction concerning the AWPID;

      (d)    Discounts, rebates, chargebacks, and other price adjustments relating to each sale, transaction, or set of transactions involving or relating to the AWPID;

      (e)    The net amount in dollars for each sale or transaction concerning the AWPID;

      (f)    Any other price or unit adjustments — whether monthly, quarterly or on any other basis — involving or relating to sales or transaction involving the AWPID;



(g)     The full name and address of each entity purchasing the AWPID (and, in addition, the full name and address of the parent company where the database or documents identify a subsidiary, corporate affiliate, division, satellite office, or warehouse).

## RESPONSE:

BBA objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of voluminous individual contracts and transactional data over a 13-year period. BBA further objects to this Request to the extent that it calls for BBA to gather information and/or create documents that are not created and maintained in the ordinary course of business. BBA also objects to this Request to the extent that it calls for information not in the possession, custody, or control of BBA or BBM. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced sufficient to show the requested information.

## REQUEST FOR PRODUCTION NO. 26:

For each of your AWPIDs, all documents that reflect the prices charged to, or terms of conditions of sale for, purchasers of the AWPID including, but not limited, to:

(a)     The wholesale acquisition price or other published price of the AWPID or any generic equivalent;

(b)     Payment terms;

(c)     Discounts, rebates, chargebacks or other adjustments offered to any class of purchaser;

(d)     Prices and terms of sales for wholesale purchasers;

(e)     Prices and/or discounts and/or rebates or other adjustments for chain pharmacy purchasers;

(f)     Prices and/or discounts and/or rebates or other adjustments for hospital purchasers;

(g)     Prices and/or discounts and/or rebates or other adjustments for managed care purchasers;

22



    (h)    Prices and/or discounts and/or rebates or other adjustments for pharmacy
benefit managers;

    (i)    Prices and/or discounts and/or rebates or other adjustments for internet
pharmacies;

    (j)    Prices and/or discounts and/or rebates or other adjustments for mail order
purchasers; and

    (k)    Prices and/or discounts and/or rebates or other adjustments for any other
purchaser class or subgroup.

**RESPONSE:**

BBA objects to this Request as overly broad and unduly burdensome to the extent that it
calls for the production of voluminous individual contracts, price lists, and transactional data
over a 13-year period. BBA further objects to this Request to the extent that it calls for BBA to
gather information and/or create documents that are not created and maintained in the ordinary
course of business. BBA also objects to this Request to the extent that it calls for information
not in the possession, custody, or control of BBA or BBM. Subject to these objections and to
BBA's General Objections, available responsive, non-privileged documents relating to the
Subject Drugs will be produced sufficient to show the requested information.

**REQUEST FOR PRODUCTION NO. 27:**

For each of your AWPIDs, documents sufficient to show, in digital or computerized
form, in chronological order:

    (a)    The date of each sales transaction;

    (b)    Every discount, rebate, and/or any other adjustment that any customer of
D(sic) has received;

    (c)    The date each discount, rebate, and/or any other adjustment was given;

    (d)    The time period covered by each discount, rebate, and/or any other
adjustment;

23



(e)     Sales in units by National Drug Code sold, shipped, and/or returned by dosage form, strength, and package size;

(f)     Sales in dollars by National Drug Code sold, shipped, and/or returned by dosage form, strength, and package size;

(g)     Net sales in dollars for each sale;

(h)     The name, address, account number, and all other identifying numbers or codes for the person or entity billed, invoices (sic), and/or credited for the transaction; and

(i)     The name, address, account number, and all other identifying numbers or codes for the person or entity to whom the product was shipped or from whom product returns were received.

**RESPONSE:**

BBA objects to this Request as overly broad and unduly burdensome to the extent that it calls for the production of voluminous individual contracts and transactional data over a 13-year period. BBA also objects to this Request as overly broad and unduly burdensome to the extent that it calls for documents to be produced in chronological order. BBA further objects to this Request to the extent that it calls for BBA to gather information and/or create documents that are not created and maintained in the ordinary course of business. BBA also objects to this Request to the extent that it calls for information not in the possession, custody, or control of BBA or BBM. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced sufficient to show the requested information.

**REQUEST FOR PRODUCTION NO. 28:**

For each of your AWPIDs, documents sufficient to identify:

(a)     The published AWP;

(b)     AMP;

(c)     ASP;

24



(d)    EAC;

(e)    WAC;

(f)    MAC;

(g)    Earned margin (difference between AWP and actual product cost);

(h)    Documents that indicate whether the AWP, ASP, AMP and Earned
       Margin include all rebates, chargebacks, discounts, allowances, credits,
       administrative fees, price/volume discounts and any other incentives
       provided to third parties.

(i)    Documents summarizing all rebates, chargebacks, discounts, allowances,
       credits, administrative fees, price volume discounts or other incentives.

**RESPONSE:**

BBA objects to this Request as vague and ambiguous to the extent it refers to an "earned

margin," which is not a defined term and carries no inherent meaning, and BBA further objects

to the apparent meaning that the plaintiffs attempt to attribute to this phrase in this Request.

BBA further objects to this Request as vague and ambiguous insofar as the relevant terms are not

defined herein.   BBA objects to this Request as overly broad and unduly burdensome to the

extent that it calls for the production of voluminous individual contracts and transactional data

over a 13-year period.  BBA further objects to this Request to the extent that it calls for BBA to

gather information and/or create documents that are not created and maintained in the ordinary

course of business.  BBA also objects to this Request to the extent that it calls for information

not in the possession, custody, or control of BBA or BBM.  Subject to these objections and to

BBA's  General Objections, available responsive, non-privileged documents relating to Subject

Drugs will be produced sufficient to show the requested information.

25



**REQUEST FOR PRODUCTION NO. 29:**

For each of your AWPIDs, all agreements for sale of the AWPID, whether or not those contracts are with customers who purchased the AWPID directly, including drafts, correspondence, and supporting detail and data (in computerized form where available).

**RESPONSE:**

BBA objects to this Request as overly broad and unduly burdensome, calling for the production of voluminous individual contracts and transactional data over a 13-year period. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to sales of the Subject Drugs will be produced. If an agreement can be reached with the plaintiffs, BBA may be willing to discuss the production of sample contracts.

**REQUEST FOR PRODUCTION NO. 30:**

All documents concerning communications between you and IMS Health (or any similar entity providing pharmaceutical database information) concerning or relating to any of your AWPIDS.

**RESPONSE:**

BBA objects to this Request as vague and ambiguous to the extent that it calls for information relating to any "entity providing pharmaceutical database information" without defining those terms. Subject to this objection and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced relating to any communications with IMS Health.

**REQUEST FOR PRODUCTION NO. 31:**

For each of your AWPIDs, documents sufficient to estimate the number of patients taking the AWPID over each one year period.



**RESPONSE:**

BBA objects to this Request as overly broad and unduly burdensome to the extent that it calls for BBA to gather information and/or create documents that are not created and maintained in the ordinary course of business. BBA further objects to this Request to the extent that it calls for information not in the possession, custody, or control of BBA or BBM. Subject to these objections and BBM's General Objections, available responsive, non-privileged documents will be produced sufficient to show BBM's annual unit sales of the Subject Drugs.

**REQUEST FOR PRODUCTION NO. 32:**

For each of your AWPIDs, all documents concerning your actual, potential, or expected revenues and/or profits from the sale of that AWPID.

**RESPONSE:**

BBA objects to this Request as vague and ambiguous. Subject to this objection and to BBA's General Objections, available responsive, non-privileged documents will be produced sufficient to show the requested information.

**REQUEST FOR PRODUCTION NO. 33:**

All documents concerning or relating to the actual or potential impact of the pricing or reimbursement of any drug on the quantity of any of your AWPIDs that have been or might be sold.

**RESPONSE:**

BBA objects to this Request as vague and ambiguous. Braun also objects to this Request to the extent that it calls for information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

27



**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to show your per-unit average total cost for each of your AWPIDs, and the components that make up that figure, including but not limited to raw materials, manufacturing, marketing, sales and packaging costs.

**RESPONSE:**

BBA objects to this Request as vague and ambiguous insofar as "per-unit average total cost" and "components" are not defined terms. BBA further objects to this Request to the extent that it calls for BBA to gather information and/or to create documents that are not created and maintained in the ordinary course of business. BBA further objects to this Request to the extent that it calls for information that is not in the possession, custody, or control of BBA or BBM. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced sufficient to show the requested information.

**REQUEST FOR PRODUCTION NO. 35:**

All documents concerning or relating to the difference between an AWP and any other price for any AWPID.

**RESPONSE:**

BBA objects to this Request as vague and ambiguous. BBA further objects to this Request to the extent that it calls for information not in the possession, custody, or control of BBA or BBM. Subject to these objections and to its General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

*Category 6: Inducements*

**REQUEST FOR PRODUCTION NO. 36:**

All documents describing any discount programs (including but not limited to volume discounts), rebates, incentives, or penalties for each AWPID.



**RESPONSE:**

BBA objects to this Request to the extent that it calls for information not in the possession, custody, or control of BBA or BBM.  BBA further objects to this Request as overly broad and unduly burdensome, calling for the production of voluminous individual contracts and transactional data over a 13-year period.  Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced sufficient to show the requested information.  If an agreement can be reached with the plaintiffs, BBA may be willing to discuss the production of sample contracts.

**REQUEST FOR PRODUCTION NO. 37:**

All documents relating to the use or provision of free samples, educational grants, marketing grants, and payments for specific data gathering or other incentives relating to any AWPID.

**RESPONSE:**

BBA objects to this Request as vague and ambiguous insofar as "free samples," "educational grants," "marketing grants," "specific data gathering," and "other incentives" are not defined.  BBA further objects to this Request to the extent that it calls for information protected by the attorney-client privilege, the work product doctrine, or any other applicable protection against disclosure.  Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced sufficient to show the requested information.

**REQUEST FOR PRODUCTION NO. 38:**

All documents evidencing any "credit memos" or credit extended to hospitals, GPOs or other purchasers of AWPIDs, including but not limited to credit memos or credit issued via a wholesaler to a purchaser, and/or credit for the purpose of "returned goods."

29



**RESPONSE:**

BBA objects to this Request as overly broad and unduly burdensome, calling for the

production of voluminous individual credit memos or other credit documents over a 13-year

period. BBA further objects to this Request to the extent that it calls for information not in the

possession, custody, or control of BBA or BBM. BBA also objects to this Request to the extent

that it calls for information protected by the attorney-client privilege, the work product doctrine,

or any other applicable protection against disclosure. Subject to these objections and to BBA's

General Objections, available responsive, non-privileged documents relating to the Subject

Drugs will be produced sufficient to show the requested information.

**REQUEST FOR PRODUCTION NO. 39:**

All documents setting forth the circumstances in which credit against the purchase of
AWPIDs was or could be given to any hospital, GPO, HMO, physician, wholesaler or other
purchaser of AWPIDs.

**RESPONSE:**

BBA objects to this Request to the extent it is duplicative of Request No. 38. BBA also

objects to this Request as overly broad and unduly burdensome, calling for the production of

voluminous individual credit memos or other credit documents over a 13-year period. BBA

further objects to this Request to the extent that it calls for information not in the possession,

custody, or control of BBA or BBM. BBA also objects to this Request to the extent that it calls

for information protected by the attorney-client privilege, the work product doctrine, or any other

applicable protection against disclosure. Subject to these objections and to BBA's General

Objections, available responsive, non-privileged documents relating to the Subject Drugs will be

produced sufficient to show the requested information.

30



**REQUEST FOR PRODUCTION NO. 40:**

All documents setting forth the circumstances in which credit against the purchase of AWPIDs was or could be given to any hospital, GPO, HMO, physician, wholesaler or other purchaser of AWPIDs.

**RESPONSE:**

BBA objects to this Request as duplicative of Request No. 39, and BBA incorporates herein the objections stated in response to Request No. 39.  Subject to these objections and to its General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced sufficient to show the requested information.

**REQUEST FOR PRODUCTION NO. 41:**

All documents relating to or reflecting any payments you gave to providers relating to any AWPID. (Class A Only)

**RESPONSE:**

BBA objects to this Request as overly broad and unduly burdensome, calling for the production of voluminous individual "payments" over a 13-year period.  BBA objects to this Request to the extent that it calls for information not in the possession, custody, or control of BBA or BBM.  Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced sufficient to show the requested information.

**REQUEST FOR PRODUCTION NO. 42:**

All documents evidencing any chargebacks with respect to the sale of an AWPID.

**RESPONSE:**

BBA objects to this Request as overly broad and unduly burdensome, calling for the production of voluminous documents over a 13-year period. BBA further objects to this Request to the extent that it calls for information not in the possession, custody, or control of BBA or

31



BBM.  BBA also objects to this Request to the extent that it calls for information protected by

the attorney-client privilege, the work product doctrine, or any other applicable protection

against disclosure.    Subject to these objections and to BBA's General Objections, available

responsive, non-privileged documents relating to the Subject Drugs will be produced sufficient

to show the requested information.

### *Category 7:  Marketing Plans and Sales Representatives*

### REQUEST FOR PRODUCTION NO. 43:

Documents sufficient to determine complete contact information for all personnel with responsibility for marketing and promotional activity for AWPIDs.    Include Marketing Department Product or Brand Managers, and members of Marketing Advisory Boards, and include home address and telephone number. (Class A Drugs)

#### RESPONSE:

BBA objects to this Request as unduly burdensome to the extent that it calls for BBA to

gather information and/or to create documents not created and maintained in the ordinary course

of business.  BBA also objects to the Request to the extent that it would require the disclosure of

home addresses and telephone numbers of its or BBM's personnel.  Subject to these objections

and to BBA's General Objections, available responsive, non-privileged documents relating to the

Subject Drugs will be produced sufficient to show the identities of the referenced personnel.

Such personnel should not be contacted by plaintiffs' counsel or other plaintiff representatives;

they should be contacted only through BBA's counsel of record.

### REQUEST FOR PRODUCTION NO. 44:

A list of all national level sales awards available for each AWPID.  (Class A Drugs)

#### RESPONSE:

BBA objects to this Request as vague and ambiguous.  BBA further objects to this

Request as unduly burdensome to the extent that it calls for BBA to gather information and/or to



create documents that are not created and maintained in the ordinary course of business. Subject

to these objections and to BBA's General Objections, available responsive, non-privileged

documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 45:**

Quarterly, semi-annual and annual business plans for each winner of the top national
sales award winners and direct supervisors. (Class A Drugs)

**RESPONSE:**

BBA objects to this Request as vague and ambiguous. Subject to this objection and to

BBA's General Objections, available responsive, non-privileged documents relating to the

Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 46:**

Any summaries or reports made by a sales representative that evidence a discussion
between that sales representative and a provider regarding AWPs for AWPIDs, reimbursements
based on AWPs for AWPIDs, and any difference between what the provider is reimbursed for
AWPIDs and what the provider pays for the AWPID. (Class A Drugs)

**RESPONSE:**

BBA objects to this Request to the extent that it calls for information protected by the

attorney-client privilege, the work product doctrine, or any other applicable protection against

disclosure. BBA further objects to this Request to the extent that it calls for information not in

the possession, custody, or control of BBA or BBM. Subject to these objections and to BBA's

General Objections, available responsive, non-privileged documents relating to the Subject

Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 47:**

For each AWPID, sales representatives' field notes for the top 50 sales representatives for
each year. (Class A Drugs)

33



**RESPONSE:**

BBA objects to this Request as vague and ambiguous insofar as it does not specify the

methodology for determining the "top 50 sales representatives" and as unduly burdensome to the

extent it calls for BBA to gather information and/or create documents that are not created and

maintained in the ordinary course of business.  To the extent this Request calls for documents

based on sales of drugs other than the Subject Drugs, BBA objects to the Request as overly

broad, unduly burdensome, and neither relevant to this litigation nor reasonably calculated to

lead to the discovery of admissible evidence.  Subject to these objections and to BBA's  General

Objections, available responsive, non-privileged documents relating to the Subject Drugs will be

produced.

**REQUEST FOR PRODUCTION NO. 48:**

Documents sufficient to describe any computer programs that you employ or have
employed to manage your sales force, including but not limited to programs that collect data on
the number of provider contacts and summarize the nature of the discussions between your sales
representatives and providers.  Examples of such programs include programs marketed by Siebel
Systems and Impact Rx, as well as any programs developed by you. (Class A Drugs)

**RESPONSE:**

Subject to BBA's General Objections, available responsive, non-privileged documents

relating to the Subject Drugs will be produced sufficient to provide the requested information.

**REQUEST FOR PRODUCTION NO. 49:**

All documents relating to discussions between sales managers and sales representatives
after field visits where AWPs, reimbursements rates, or the spread was discussed.  (Class A
Drugs)

**RESPONSE:**

BBA objects to this Request as vague and ambiguous insofar as "reimbursement rates"

and "the spread" are not defined terms, carry no inherent meaning, and are neither described nor

34



defined within Request No. 49. BBA further objects to this Request as overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls for information relating to drugs or products other than the Subject Drugs. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 50:**

All documents evidencing any meetings where raising the AWP, or use of AWP as a marketing tool, on any AWPID was discussed. (Class A Drugs)

**RESPONSE:**

BBA objects to this Request to the extent that it calls for documents not in the possession, custody, or control of BBA or BBM. BBA also objects to this Request as vague and ambiguous insofar as "marketing tool" is not defined and carries no inherent meaning. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 51:**

All communications between you and any party in the reimbursement cycle or pharmacies relating to reimbursement and AWP. (Class A Drugs)

**RESPONSE:**

BBA objects to this Request as vague and ambiguous insofar as "reimbursement" and "reimbursement cycle" are not defined terms and carry no inherent meaning. BBA further objects to this Request as vague and ambiguous insofar as it is not possible to determine what parties or entities are included within the reference to "any party in the reimbursement cycle," such that BBA cannot determine the documents that would be responsive to this Request other than those relating to the pharmacies identified therein. BBA further objects to this Request as

35



overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls for information relating to drugs or products other than the Subject Drugs. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 52:**

All documents relating to any requests by you for any information concerning the reimbursement, pricing or payment for any subject drug. (Class A Drugs)

**RESPONSE:**

BBA objects to this Request as vague and ambiguous insofar as "reimbursement" and "pricing" are not defined terms and are not defined or described within this Request. BBA further objects to this Request as vague and ambiguous, overly broad, and unduly burdensome insofar as it does not define, describe, identify, or limit the person or entity to whom the relevant requests for information were to be sent. BBA also objects to this Request to the extent that it calls for information not in the possession, custody, or control of BBA or BBM. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 53:**

All documents relating to all actual, proposed, or prospective marketing methods, practices, policies, or strategies for each AWPID to the extent such documents refer to AWP, the spread, or to discounts of any type.

**RESPONSE:**

BBA objects to this Request as vague and ambiguous insofar as "the spread" and "discounts" are not defined terms and are not described or defined in this Request. BBA further objects to this Request to the extent that it is duplicative of Request No. 24. Braun objects to this

36



Request to the extent that it calls for the production of all documents relating to "discounts of any type," as that would encompass the production of voluminous individual contracts and transactional data over a 13-year period. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced. If an agreement can be reached with the plaintiffs, BBA also may be willing to discuss the production of sample contracts.

**REQUEST FOR PRODUCTION NO. 54:**

All documents relating to any communication with doctors, other health care professionals, or any person or entity providing health care services to seek Medicare reimbursement or consumer co-payment for free samples of each AWPID you provided to them. (Class A Drugs)

**RESPONSE:**

BBA objects to this Request to the extent that it is duplicative of Request No. 51. Subject to this objection and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 55:**

All marketing and sales materials which compare the AWP, price, market share, rebates, pricing discounts, incentives, or penalties for each AWPID with the AWP of any other pharmaceutical. (Class A Drugs)

**RESPONSE:**

BBA objects to this Request to the extent that it is duplicative of Request Nos. 22, 24, or 53. BBA further objects to this Request as vague and ambiguous insofar as "rebates," "pricing discounts," "incentives," and "penalties" are not defined within the scope of this Request. BBA also objects to this Request as overly broad and unduly burdensome. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

37



### *Category 8: Publishers*

**REQUEST FOR PRODUCTION NO. 56:**

All documents concerning communications between you and any publisher concerning measures of price for pharmaceuticals, including ASP, AWP, WAC or other measures of price.

**RESPONSE:**

BBA objects to this Request as overly broad and unduly burdensome to the extent that it calls for information relating to drugs or products other than the Subject Drugs. Subject to this objection and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 57:**

For each of your AWPIDs, separately produce all documents concerning communications between you and a publisher regarding the price(s) for that AWPID.

**RESPONSE:**

BBA objects to this Request to the extent that it calls for documents not in the possession, custody, or control of BBA or BBM. Subject to this objection and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 58:**

All documents concerning your role in the publication, appearance and/or advertisement of the AWP, WAC or other price measure for your AWPIDs in any publication of a publisher.

**RESPONSE:**

BBA objects to this Request to the extent that it calls for documents not in the possession, custody, or control of BBA or BBM. Subject to this objection and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.



**REQUEST FOR PRODUCTION NO. 59:**

All documents concerning the role of the publisher in the publication, appearance and/or advertisement of the AWP, WAC or other price measure for each of your AWPIDs in a publication of a publisher.

**RESPONSE:**

BBA objects to this Request to the extent that it calls for documents not in the possession,

custody, or control of BBA or BBM. Subject to this objection and to BBA's General Objections,

available responsive, non-privileged documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 60:**

All documents relating to the role of some person other than yourself and the publisher in the publication, appearance and/or advertisement of the AWP, WAC and/or other price measure for each of your AWPIDs in any publication of a publisher.

**RESPONSE:**

BBA objects to this Request to the extent that it calls for documents not in the possession,

custody, or control of BBA or BBM. Subject to this objection and to BBA's General Objections,

available responsive, non-privileged documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 61:**

All documents relating to your role in the publication, appearance, or advertisement of the AWP, WAC or other pricing information in any pharmaceutical-related industry publications, including publications of the publishers.

**RESPONSE:**

BBA objects to this Request to the extent that it calls for information relating to drugs or

products other than the Subject Drugs. BBA further objects to this Request to the extent that it

calls for documents not in the possession, custody, or control of BBA or BBM. Subject to these

objections and to BBA's General Objections, available responsive, non-privileged documents

relating to the Subject Drugs will be produced.

39



**REQUEST FOR PRODUCTION NO. 62:**

All documents concerning the use by any participant in the drug distribution/sales channels (e.g., wholesalers, retailers, pharmacies, pharmacy benefit managers, insurers, etc.).

**RESPONSE:**

BBA objects to this Request as vague and ambiguous insofar as it does not identify the object of the "use" that is the subject of this Request. BBA further objects to this Request to the extent that it calls for documents not in the possession, custody, or control of BBA or BBM. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the "use of publications" will be produced.

**REQUEST FOR PRODUCTION NO. 63:**

All documents concerning agreements between you and any publisher.

**RESPONSE:**

BBA objects to this Request as overly broad and neither relevant nor likely to lead to the discovery of admissible evidence to the extent that it calls for information relating to drugs or products other than the Subject Drugs. BBA further objects to this Request to the extent that it calls for documents not in the possession, custody, or control of BBA or BBM. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 64:**

All documents concerning any payments made by you to a publisher, where such payments related in any way to drug pricing.

**RESPONSE:**

BBA objects to this Request as vague and ambiguous. BBA further objects to this Request as overly broad and neither relevant nor likely to lead to the discovery of admissible evidence to the extent that it calls for information relating to drugs or products other than the

40



Subject Drugs. BBA further objects to this Request to the extent that it calls for documents not in the possession, custody, or control of BBA or BBM. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 65:**

All documents relating to any investments or loans that you have made in or to a publisher.

**RESPONSE:**

BBA objects to this Request as overly broad and neither relevant nor likely to lead to the discovery of admissible evidence to the extent that it calls for information relating to drugs or products other than the Subject Drugs. BBA further objects to this Request to the extent that it calls for documents not in the possession, custody, or control of BBA or BBM. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 66:**

All notes or minutes of any meetings between you and a publisher where drug pricing was discussed.

**RESPONSE:**

BBA objects to this Request as overly broad and neither relevant nor likely to lead to the discovery of admissible evidence to the extent that it calls for information relating to drugs or products other than the Subject Drugs. BBA further objects to this Request to the extent that it calls for documents not in the possession, custody, or control of BBA or BBM. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

41



**REQUEST FOR PRODUCTION NO. 67:**

All documents concerning communications between you and a publisher about litigation involving AWP or drug pricing.

**RESPONSE:**

BBA objects to this Request as overly broad and neither relevant nor likely to lead to the discovery of admissible evidence to the extent that it calls for information relating to drugs or products other than the Subject Drugs. BBA further objects to this Request to the extent that it calls for documents not in the possession, custody, or control of BBA or BBM. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 68:**

All documents regarding any pricing surveys that publishers have done for AWPIDs. (All Drugs)

**RESPONSE:**

BBA objects to this Request as vague and ambiguous insofar as "pricing surveys" is not defined within this Request. BBA further objects to this Request to the extent that it calls for documents not in the possession, custody, or control of BBA or BBM. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

**REQUEST FOR PRODUCTION NO. 69:**

All documents regarding communications between you and a publisher about drug reimbursement systems, including Medicare, Medicaid and private insurance. (All Drugs)

42



**RESPONSE:**

BBA objects to this Request to the extent that it calls for documents not in the possession, custody, or control of BBA or BBM. Subject to this objection and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

### *Category 9: PBMs; Wholesalers*

### REQUEST FOR PRODUCTION NO. 70:

All documents concerning your contractual relationships with wholesalers, independent practice associations, pharmacies or providers insofar as they cover AWPIDs, including, without limitation, master agreements, addenda, schedules, attachments, requests for proposal, responses to requests for proposal and correspondence.

**RESPONSE:**

BBA objects to this Request as overly broad and unduly burdensome, calling for the production of voluminous individual contracts over a 13-year period. BBA further objects to this Request to the extent that it calls for documents not in the possession, custody, or control of BBA or BBM. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced. If an agreement can be reached with the plaintiffs, BBA may be willing to discuss the production of sample contracts.

### REQUEST FOR PRODUCTION NO. 71:

Documents sufficient to identify all persons involved in negotiation of contractual relationships with wholesalers, manufacturers, independent practice associations, pharmacies, PBMs or providers insofar as they cover any AWPID.

**RESPONSE:**

BBA objects to this Request as overly broad and unduly burdensome, calling for the production of voluminous individual contracts over a 13-year period and to the extent it calls for BBA to gather information and/or create documents that are not created and maintained in the



ordinary course of business.  BBA also objects to this Request to the extent that it calls for

information protected by the attorney-client privilege, the work product doctrine, or any other

applicable protection against disclosure.  BBA further objects to this Request to the extent that it

calls for documents not in the possession, custody, or control of BBA or BBM.  Subject to these

objections and to BBA's General Objections, available responsive, non-privileged documents

relating to the Subject Drugs will be produced.  If an agreement can be reached with the

plaintiffs, BBA may be willing to discuss the production of sample contracts.

**REQUEST FOR PRODUCTION NO. 72:**

     All documents relating or referring to your contractual relationships with PBMs insofar as they cover AWPIDs, including, without limitation, master agreements, addenda, schedules, attachments, requests for proposal, responses to requests for proposal and correspondence.

     <u>**RESPONSE:**</u>

     BBA has no reason to believe it has any such documents in that neither it nor BBM has

had any contractual relationships with PBMs relating to the Subject Drugs.

**REQUEST FOR PRODUCTION NO. 73:**

     Documents sufficient to identify all persons involved in negotiation of contractual relationships with PBMs insofar as they cover any AWPID.

     <u>**RESPONSE:**</u>

     BBA has no reason to believe it has any such documents in that neither it nor BBM has

had any contractual relationships with PBMs relating to the Subject Drugs.

**REQUEST FOR PRODUCTION NO. 74:**

     All documents relating to marketing materials that you have provided PBMs for any AWPID.

     <u>**RESPONSE:**</u>

     BBA has no reason to believe it has any such documents in that neither it nor BBM has

had any contractual relationships with PBMs relating to the Subject Drugs.



**REQUEST FOR PRODUCTION NO. 75:**

All documents relating to any communications between you and PBM regarding AWP, or to any fees or monies paid to or retained by a PBM.

**RESPONSE:**

BBA has no reason to believe it has any such documents in that neither it nor BBM has

had any contractual relationships with PBMs relating to the Subject Drugs.

**REQUEST FOR PRODUCTION NO. 76:**

All documents relating to any communications between you and any PBM regarding the revenue, profit, spread or other consideration that a PBM would earn based on any difference between your price for any AWPID and the compensation that the PBM receives for the AWPID.

**RESPONSE:**

BBA has no reason to believe it has any such documents in that neither it nor BBM has

had any contractual relationships with PBMs relating to the Subject Drugs.

**REQUEST FOR PRODUCTION NO. 77:**

All documents relating to the pricing of any of your AWPIDs sold to or through any PBM.

**RESPONSE:**

BBA has no reason to believe it has any such documents in that neither it nor BBM has

had any contractual relationships with PBMs relating to the Subject Drugs.

**REQUEST FOR PRODUCTION NO. 78:**

All documents relating to any rebates that you have provided PBMs for any AWPID.

**RESPONSE:**

BBA has no reason to believe it has any such documents in that neither it nor BBM has

had any contractual relationships with PBMs relating to the Subject Drugs.

45



**REQUEST FOR PRODUCTION NO. 79:**

Excluding Rebates, all documents referring or relating to your provision of any other consideration to a PBM for AWPIDs, including but not limited to:

        a.     Administrative fees for assembling data to verify market share results;

        b.     Fees for selling other data;

        c.     Fees for encouraging physicians to change prescribing patterns;

        d.     Prompt payment discounts;

        e.     Free drugs;

        f.     Drug samples;

        g.     Credit memos or credit extended to any PBM, including but not limited to credit memos or credit issued for the purported reason of "returned goods;"

        h.     Other discounts, fees or grants.

    <u>**RESPONSE:**</u>

BBA has no reason to believe it has any such documents in that neither it nor BBM has

had any contractual relationships with PBMs relating to the Subject Drugs.

**REQUEST FOR PRODUCTION NO. 80:**

All documents relating to the placement of any of your AWPIDs on a PBM formulary.

    <u>**RESPONSE:**</u>

BBA has no reason to believe it has any such documents in that neither it nor BBM has

had any contractual relationships with PBMs relating to the Subject Drugs.

<u>***Category 10:  Communications With Other Manufacturers***</u>

**REQUEST FOR PRODUCTION NO. 81:**

All documents relating to any communications, including meetings, between you and any other pharmaceutical company regarding:

        (a)     any actual, proposed or prospective price, price announcements, price changes, or price lists for any AWPID;

46



(b)    any actual, proposed, or prospective pricing methods, practices, policies or strategies for any AWPID;

(c)    any actual, proposed, or prospective marketing methods, practices, policies, or strategies for any AWPID;

(d)    any actual, proposed, or prospective pricing discounts, rebates, bids, or incentives for any AWPID;

(e)    territories or markets for sales or potential sales for any AWPID;

(f)    Medicare Part B and its policy of reimbursement for any AWPID;

(g)    The AWP of any AWPID;

(h)    pharmaceutical industry publications; and

(i)    market conditions or market shares.

**RESPONSE:**

BBA objects to this Request as vague and ambiguous insofar as "pricing discounts," "rebates," "bids," "incentives," "market conditions," and "market shares" are not defined terms. BBA also objects to this Request to the extent that it calls for documents not in the possession, custody, or control of BBA or BBM. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents will be produced relating to the Subject Drugs, Medicare Part B, reimbursement, AWP, or the pharmaceutical publishers.

***Category 11: Miscellaneous***

**REQUEST FOR PRODUCTION NO. 82:**

Any documents relating to the repackaging or relabeling of any AWPID including but not limited to: (a) documents indicating that any AWPID with a specific NDC has been repackaged and is being sold with a different NDC, but is the same drug; and (b) for any repackaged AWPID, documents evidencing the AWP of the original AWPID and of the repackaged AWPID, and documents evidencing the bases, methods and/or reasons for any change in the AWP.

47



**RESPONSE:**

BBA objects to this Request to the extent that it calls for information protected by the attorney-client privilege, the work product doctrine, or any other applicable protection against disclosure. BBA also objects to this Request to the extent that it calls for documents not in the possession, custody, or control of BBA or BBM. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced.

## V.     INTERROGATORIES

**INTERROGATORY NO. 1:**

For the period beginning January 1, 1997, and for each subsequent calendar quarter, and with respect to each of the AWPIDs, identify the following information:

      (a)    the total volume of sales, indicating both the number of units and net revenue;

      (b)    the "average wholesale price" (AWP), as reported in Medical Economics *Red Book, First Data Bank* and/or *MediSpan*, and the volume of sales (in both units and net revenue) occurring (i) at or within five percent of AWP, whether higher or lower, (ii) at more than five percent above AWP, and (iii) at more than five percent below AWP;

      (c)    the "average manufacturer price" ("AMP"), as reported to the Secretary of Health and Human Services, pursuant to the requirements of Social Security Act ("SSA") § 1927(b)(3), and the volume of sales (in both units and net revenue) occurring (i) at AMP and up to and including 10% above AMP, and less than or equal to 10% below AMP (broken out separately), (ii) at greater than 10% above AMP but less than or equal to 20% above AMP, and at greater than 10% below AMP but les than or equal to 20% below AMP (broken out separately), (iii) at greater than 20% above AMP but less than or equal to 30% above AMP, and at greater than 20% below AMP but less than or equal to 30% below AMP (broken out separately), (iv) at greater than 30% above AMP but less than or equal to 40% above AMP, and at greater than 30% below AMP but less than or equal to 40% below AMP (broken out separately), and (v) at greater than 40% above AMP but less than or equal to 50% above AMP, and at greater than 40% below AMP but less than or equal to 50% below AMP (broken out separately);

48



(d)     The "wholesale acquisition cost" ("WAC"), as reported by Medical Economics *Red Book*, *First Data Bank* and/or *MediSpan* or any other such entity that gathers and publishes "wholesale acquisition costs," and the volume of sales (in both units and net revenue) occurring (i) at or within five percent of WAC, whether higher or lower, (ii) at more than five percent above WAC, and (iii) at more than five percent below WAC;

(e)     the "average sales price" (ASP), *i.e.*, the price after reflecting discounts, rebates, chargebacks, to all classes except FSS;

(f)     the total volume of the subject drug, in units, distributed as free goods.

**RESPONSE:**

BBA objects to this Interrogatory as overly broad and unduly burdensome to the extent that it calls for BBA to gather information and/or create documents that are not created and maintained in the ordinary course of business. BBA further objects to this Interrogatory to the extent that it calls for BBA to produce documents or to gather information prior to the 60-day time period established to respond to the Document Request. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced as part of BBA's production in response to the Document Request. BBA also will supplement this Response at the time of its production of documents in response to the Document Request.

**INTERROGATORY NO. 2:**

For the period beginning January 1, 1997, to the present, has the distribution, marketing, sales or promotion of any AWPID considered, incorporated, or been based upon, in any way, the difference between the cost to the provider and the amount that the provider receives for reimbursement or sale? If so, please describe the circumstances of such distribution, marketing, sales, or promotion, and provide all documents relating thereto, and identify all past and current employees with knowledge of the facts relating to such marketing, sales or promotion.

**RESPONSE:**

BBA objects to this Interrogatory to the extent that it calls for BBA to produce documents or to gather information prior to the 60-day time period established to respond to the

49



Document Request. BBA objects to this Interrogatory to the extent that it calls for information not in the possession, custody, or control of BBA or BBM. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced as part of BBA's production in response to the Document Request. BBA also will supplement this Response at the time of its production of documents in response to the Document Request.

**INTERROGATORY NO. 3:**

For the period of January 1, 1997, to the present, please state for each calendar quarter the largest single purchaser, in terms of units, of each of the AWPIDS and the following:

        (a)    the total number of units of the AWPIDs received by that purchaser; and

        (b)    the total net revenue received for the AWPIDs by your company from that purchaser.

Please also produce the contract or agreement governing your relationship with that purchaser for each relevant quarter.

    **RESPONSE:**

BBA objects to this Interrogatory as overly broad and unduly burdensome to the extent that it calls for BBA to gather information and/or create documents that are not created and maintained in the ordinary course of business. BBA further objects to this Interrogatory to the extent that it calls for BBA to produce documents or to gather information prior to the 60-day time period established to respond to the Document Request. BBA also objects to this Interrogatory to the extent that it calls for the production of voluminous contracts over an eight-year period. If an agreement can be reached with the plaintiffs, BBA may be willing to discuss the production of sample contracts. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced as part of BBA's production in response to the Document Request. BBA also will



supplement this Response at the time of its production of documents in response to the

Document Request.

**INTERROGATORY NO. 4:**

For the period of January 1, 1997, to the present, and for each subject drug, please provide a list of all purchasers who received the subject drug at a price exempted from the calculation of the Medicaid "best price," pursuant to the requirements of SSA _1927(c)(1)(C)(ii)(III), and, for each such purchaser, indicate the volume of the AWPID received by calendar quarter, in units, and the range of prices at which such purchaser received the subject drug for that quarter.

**RESPONSE:**

BBA objects to this Interrogatory to the extent that it calls for BBA to produce

documents or to gather information prior to the 60-day time period established to respond to the

Document Request. BBA further objects to this Interrogatory to the extent that it calls for

information relating to Medicaid, as such information is neither relevant to this litigation nor

reasonably calculated to lead to the discovery of admissible evidence. Subject to these

objections and to BBA's General Objections, available responsive, non-privileged documents

relating to the Subject Drugs will be produced as part of BBA's production in response to the

Document Request. BBA also will supplement this Response at the time of its production of

documents in response to the Document Request.

**INTERROGATORY NO. 5:**

With respect to each AWPID, please describe how you calculate the prices and/or data reported to Medical Economics *Red Book, First Data Bank* or *MediSpan* or any other such entity that gathers and publishes either "average wholesale prices," "list prices," or "wholesale acquisition costs." And for each drug identify the persons responsible for doing so. (All Drugs)

**RESPONSE:**

BBA objects to this Interrogatory to the extent that it calls for BBA to produce

documents or to gather information prior to the 60-day time period established to respond to the

51



Document Request. BBA further objects to this Interrogatory to the extent that it calls for BBA to gather information that is not created or maintained in the ordinary course of business. Subject to these objections and to BBA's General Objections, available responsive, non-privileged documents relating to the Subject Drugs will be produced as part of BBA's production in response to the Document Request. BBA also will supplement this Response at the time of its production of documents in response to the Document Request.

**INTERROGATORY NO. 6:**

Identify the source of each of the documents produced in response to plaintiffs' requests for the production of documents throughout this litigation by identifying the person(s) who possessed those documents, the job position of any such individuals, and the division and department where such documents were located. If you are unable to determine the individual(s) who possessed the documents, identify the department and division where they were/are located when produced.

**RESPONSE:**

BBA objects to this Interrogatory to the extent that it calls for BBA to produce documents or to gather information prior to the 60-day time period established to respond to the Document Request. Subject to this objections and to BBA's General Objections, responsive, non-privileged documents sufficient to provide the requested information will be produced as part of BBA's production in response to the Document Request. BBA also will supplement this Response at the time of its production of documents in response to the Document Request.



Dated: April 28, 2004

Respectfully submitted,

Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
T:  (202) 879-5000
F:  (202) 879-5200

*Counsel for B. Braun of America Inc.*

53



# ATTACHMENT A

| EMPLOYEE NAME | POSITION |
|---|---|
| Albert,Robert | Vice President, Duplex Business Unit |
| Bachemin,Colleen M | Sales Resource Administrator |
| Ball,Kathryn L | Region Manager |
| Bastiani,Flavio | Sr Continuing Care Manager |
| Beltran,Monica | Sr Continuing Care Manager |
| Black,Thomas R | Vice President, OEM |
| Bradshaw,Gillian L. | Product Director |
| Brady,Kimberly Phyllis | Region Manager |
| Bridgeman,Len W. | Region Manager |
| Burch,Maggie V | Marketing Associate |
| Carman,John C. | Sr Continuing Care Manager |
| Carpenter,Carla | Dir Marketing |
| Clark,Sarah Anne | Region Manager |
| Codrea,Cathy L | Assistant General Counsel |
| Cokkinias,Timothy Lee | Director Corporate Accounts |
| Connelly,Michael | Dir Marketing |
| Cronan,Jason Clarke | Region Manager |
| Daly,Shauna M | Product Director |
| Dewalt,Richard L. | Territory Manager-OEM |
| Dinardo,Charles A. | Sr Vice President Chief Corp Officer |
| Dolezel,Sofia | Product Manager |
| Dusenbury,Anne W. | Director Customer Service/Bids |
| Earle,Ronald B. | SR VP Brn,OEM Int'l,BVC &BTC Dv |
| Foster,George T. | Region Manager |
| Foster,Sharon S. | Manager, Contracts/Finance |
| Graaf,Erik J. | Region Manager |
| Grispo Jr.,Joseph J | Vice President, National Accounts |
| Guin,Charles E. | Sr Continuing Care Manager |
| Heugel,Bruce A. | Sr Vice President, Chief Financial Officer |
| Hoffer,Carol A. | Sr Continuing Care Manager |
| Hoffman,Susan L. | Manager Customer Service |
| Hudson,Richard T. | Regional Acct Executive II |
| Huffstickler,Don L | Region Manager |
| Hulberg-O'Tousa,Marlene | Sr Continuing Care Manager |
| Jones,Gregory S | Director Marketing |
| Keiper Jr.,James Turney | Region Manager |
| Koo,Chris P | Mktg Research Analyst |
| Kramer,Larry A | Vice President, Hospital Sales |
| LaFratta,John M | Continuing Care Manager |
| Leonhardt,Mary Louise | Region Manager |
| Lindner,Gary A. | Manager Corp Accts Dist – N Accute |
| Little,Debra A. | Manager Customer Service |
| Losada,Manuel B | Sr Vice President, Sales |



| EMPLOYEE NAME | POSITION |
|---|---|
| Mahachek,James J. | SAP - Executive Level |
| Marada,Darlene M. | Region Manager |
| Martensen,William Todd | Vice President Zone |
| Maser,Brian L. | Vice President Zone |
| McCabe,Robert | Region Manager |
| McCloud,George W | Vice President Zone |
| McFadden,Deborah J | Supervisor Customer Service |
| McSwigan,Thomas J | Region Manager |
| Mendenhall,Chris Fred | Continuing Care Manager |
| Miller Jr.,William J. | Director Corporate Accounts |
| Mittl,David M. | National Sales Manager |
| Monfasani,Peter C. | Region Manager |
| Naylor,Charles F. | Director Corporate Accounts |
| Neubauer,Caroll | Chief Executive Officer |
| Nymberg,Donald V. | Director, Corporate Accounts |
| Oswald,Cheryl B. | Supervisor Customer Service |
| Owh,Phillip M | Product Director |
| Pabon-Velez,Ramon A. | Vice President Planning and Controlling |
| Petrowsky,Gina L | Continuing Care Manager |
| Polaha,Paul M. | SAP - Executive Level |
| Quilty,Scott David | Vice President, Continuing Care Sales |
| Ramage,Gina C | Region Manager |
| Real,Karen | Pharma Finance Controller |
| Reiser,Donna M. | Manager Sales Service |
| Reiss,Anita M. | SAP - Team Lead |
| Richards,Timothy T | Sr Vice President, Marketing |
| Risley,Karen Stegall | Region Manager |
| Sandberg,Sharilyn J. | Director Marketing |
| Saylor,Michael J. | Territory Manager-OEM |
| Shirk,Brent Michael | Region Manager |
| Sims,William L. | Sr Continuing Care Manager |
| Snodgrass,James W | Director Corporate Accounts |
| Sotonoff,Caryn Ami | Continuing Care Manager |
| Spaugh,Jay D. | Region Manager |
| Stanley,Robert B. | Continuing Care Manager |
| Steen, Eric | President CAPS |
| Straton,Jeffrey Parker | Director, Corporate Accounts |
| Sturdivant,Gregory R. | Director Corporate Accounts |
| Templet,Joseph S. | Region Manager |
| Testrake,Kristi Lynn | Continuing Care Manager |
| Toebe,Kathleen Mechsner | Regional Acct Executive I |
| Underwood Jr.,James Michael | Region Manager |
| Van de Voorde,Kathleen L | Sr Reimbursement Specialist |
| Veron,Carmel A. | Region Manager |
| Vitoux,Rachel R. | Manager, Clinical & Technical |



| EMPLOYEE NAME | POSITION |
|---|---|
| Wallace,Michael R. | Vice President/General Manager, Irvine Operations |
| Warner,William C. | Director Corporate Accounts |
| Warnock,James U. | Region Manager |
| Watson,James Stanley | Regional Acct Executive I |
| Wheland,John | Director Corporate Accounts |
| Wirth,Lynn A. | Regional Sales Manager – OEM |
| Woodbury,Jason Paul | Product Manager |
| Zimardo,Robert A | Director OPM Sales |
| Zimmermann,Anthony | Director Corporate Accounts |

3



## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing B. Braun of America Inc.'s Objections and Responses to Plaintiffs' Omnibus Requests for Production and Interrogatories has been served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties on this 28th day of April, 2004.

Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W. Suite 1200
Washington, D.C. 20005
(202) 879-5000
Fax: (202) 879-5200

*Counsel for B. Braun of America Inc.*

# Exhibit

# B



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

THIS DOCUMENT RELATES TO:

01-CV-12257-PBS and 01-CV-339

)
)
)
)
)
)
)
)
)
)

MDL No. 1456

CIVIL ACTION: 01-CV-12257-PBS

Judge Patti B. Saris

## B. BRAUN OF AMERICA INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANTS REGARDING HHS ASPs



Defendant B. Braun of America Inc. ("BBA"), pursuant to Federal Rules of Civil Procedure 26, 33, and 34, through undersigned counsel, propounds the following objections and responses to the Plaintiffs' Request for Production to Defendants Regarding HHS ASPs ("Second Document Request"). BBA reserves its right to supplement these objections and responses.

As stated in its Motion to Dismiss, BBA is not a proper party to this litigation. This Court lacks jurisdiction and venue over BBA. Moreover, BBA neither manufactures nor sells any of the pharmaceuticals listed in Appendix A to the Amended Master Consolidated Class Action Complaint ("AMCC"). As a result, BBA has no reason to believe that it has responsive documents or information in its possession relating to the subject matter of this litigation. However, BBA has requested that its separately incorporated subsidiary, B. Braun Medical Inc. ("BBM"), consider the Second Document Request as if it had been properly directed to and served upon BBM, without waiver of BBA's position that it is not properly before this Court.

## GENERAL OBJECTIONS

BBA asserts the following General Objections, which are incorporated into the specific Responses by reference. These General Objections govern the scope of any document search and production by or for BBA.

1.  BBA objects to the Second Document Request on the grounds asserted in The Track 1 Defendants' Motion for Protective Order filed June 15, 2004.

2.  BBA objects to the Second Document Request to the extent that it requires BBA to undertake steps beyond those required by Rules 26, 33, and 34 of the Federal Rules of Civil Procedure.



3.      BBA objects to the Second Document Request to the extent that it requests the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, other common law or statutory privileges, or otherwise immune from discovery.   BBA expressly reserves the right to assert any and all applicable common law, statutory, or other legal privileges.  BBA objects to the Second Document Request to the extent that it would require counsel for BBA or BBM to disclose or prepare a log of documents and information prepared by or for counsel in anticipation of, or for the purpose of, litigation.   However, with the exception of documents or information prepared in anticipation, or for the purpose, of litigation, BBA will identify documents withheld on the basis of privilege on a privilege log to the extent required by Fed. R. Civ. P. 26(b)(5).

4.      BBA objects to the Second Document Request to the extent that it requests the production of documents or information not relevant to the subject matter of the case or not reasonably calculated to lead to the discovery of admissible evidence.

5.      BBA objects to the Second Document Request as overly broad and unduly burdensome to the extent that it requests the production of documents or information that are published, publicly available, or otherwise generally accessible to all parties.

6.      BBA objects to the Second Document Request to the extent that it calls for the production of documents or information protected by any Protective Order in another case or subject to confidentiality agreements with, or licensing restrictions imposed by, third parties.

7.      BBA objects to the Second Document Request on the ground that it is overly broad and unduly burdensome, if BBM were required to fully comply with it as written.  BBA

3



believes that any such document discovery would be "unreasonably cumulative or duplicative" and that the "burden or expense of the [any such] proposed discovery would outweigh its likely benefit." *See* Fed. R. Civ. P. 26(b)(2).

8.    BBA objects to the Second Document Request to the extent that it requests BBA to produce documents beyond BBA's or BBM's possession, custody, or control. Any such request is overly broad and unduly burdensome and inconsistent with, and imposes obligations beyond, the obligations required under the Federal Rules of Civil Procedure. BBA does not intend to search for documents that are in the possession of any third party other than BBM, as such discovery would be "unreasonably cumulative or duplicative" and the "burden or expense of the [any such] proposed discovery would outweigh its likely benefit." *See* Fed. R. Civ. P. 26(b)(2).

9.    BBA objects to the Second Document Request to the extent that it calls for information relating to sales of drugs outside the United States. Such an interpretation is overly broad and unduly burdensome and relates to information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10.   BBA objects to the Second Document Request to the extent that it calls for the production of documents and information relating to products other than the drugs of "B. Braun McGaw" listed in Appendix A of the AMCC, which drugs are referred to herein as the "Subject Drugs." Such an interpretation is overly broad and unduly burdensome and relates to information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

11.   BBA objects to the Second Document Request as overly broad and unduly burdensome to the extent that it calls for the production of documents and information in voluminous

4



individual contracts, invoices, purchase orders, price lists, chargeback memoranda, and credit memoranda.

12. BBA objects to the Second Document Request to the extent that it does not specify a "reasonable time, place, and manner of making the inspection." *See* Fed.R.Civ.P. 34(b).

13. BBA reserves the right to assert additional objections or to supplement these Objections and Responses.

## I.   DEFINITIONS

1. BBA incorporates by reference herein all objections and responses to the "Definitions," "Rules of Construction," "Instructions," "Drugs at Issue," and "Relevant Time Period" from its Objections and Responses to Plaintiffs' Omnibus Requests for Production and Interrogatories To Defendants Abbott, Amgen, Aventis, Baxter, Bayer, Boehringer, Braun, Dey, Fujisawa, Novartis, Pfizer, Pharmacia, Sicor, TAP, and Watson And To All Other Defendants With Respect To Drugs That Were Not Previously Subject To Discovery.

2. BBA objects to Definition No. 2 for as vague and ambiguous, overly broad and unduly burdensome.   BBA further objects to Definition No. 2 to the extent that it would encompass federal departments, agencies, institutions, or offices that do not have any role with regard to the Subject Drugs.

3. BBA objects to the definitions of "Federal Health Care Regulators" and "Interim Medicare Regulations" as set forth in Definition Nos. 2 and 3 as vague and ambiguous. BBA further objects to the definition of "Interim Medicare Regulations" on the ground that it calls for documents that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5



## SPECIFIC OBJECTIONS

## II.    REQUESTS FOR PRODUCTION

### *Category 1:  General Corporate*

### REQUEST FOR PRODUCTION NO. 1:

All documents showing ASPs or ASP information you have provided for any AWPID pursuant to the Interim Medicare Regulations.

### RESPONSE:

BBA objects to this Request to the extent that it calls for information protected by the attorney-client privilege, the work product doctrine, or any other applicable protection against disclosure.  BBA objects to this Request as overly broad and unduly burdensome.  BBA objects to this Request as vague and ambiguous, overly broad and unduly burdensome to the extent that it does not identify to whom the requested information was "provided."  BBA also objects to this Request as vague and ambiguous to the extent that it does not define the terms "ASP" or "ASP information." BBA objects to this Request as duplicative to the extent that it calls for information produced by BBA in response to plaintiffs' previous requests for production.  BBA further objects to this Request on the ground that it calls for documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST FOR PRODUCTION NO. 2:

All documents, including internal memoranda and meeting notes, concerning the Interim Medicare Regulations.

### RESPONSE:

BBA objects to this Request to the extent that it calls for information protected by the attorney-client privilege, the work product doctrine, or any other applicable protection against

6



disclosure. BBA objects to this Request as overly broad and unduly burdensome. BBA further objects to this Request to the extent that it calls for information produced by BBA in response to plaintiffs' previous requests for production. BBA objects to this Request on the grounds that it calls for documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BBA also objects to this Request to the extent that it calls for information not related to the Subject Drugs and, therefore, neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 3:**

All documents passing between you and Federal Health Care Regulators concerning the Interim Medicare Regulations.

**RESPONSE:**

BBA objects to this Request as overly broad and unduly burdensome. BBA further objects to this Request as vague and ambiguous. BBA objects to this Request on the grounds that it calls for documents and information that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BBA also objects to this Request to the extent that it calls for documents that are publicly available or otherwise generally accessible to all parties. BBA objects to this Request to the extent that it calls for information not related to the Subject Drugs and, therefore, neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7



Dated: June 28, 2004

Respectfully submitted,

_____
Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
T:  (202) 879-5000
F:  (202) 879-5200

*Counsel for B. Braun of America Inc.*

8



## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing B. Braun of America Inc.'s Objections and Responses to Plaintiffs' Request for Production to Defendants Regarding HHS ASPs has been served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties on this 28th day of June, 2004.

Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W. Suite 1200
Washington, D.C. 20005
(202) 879-5000
Fax: (202) 879-5200

*Counsel for B. Braun of America Inc.*

# Exhibit
# C



### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456 |
| | ) | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | ) ) | Judge Patti B. Saris |
| 01-CV-12257-PBS and 01-CV-339 | ) ) ) | |

### B. BRAUN OF AMERICA INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS



Defendant B. Braun of America Inc. ("BBA"), pursuant to Federal Rules of Civil Procedure 26, 33, and 34, through undersigned counsel, propounds the following objections and responses to the Plaintiffs' Third Set of Requests for Production of Documents to All Defendants ("Third Document Request").   BBA reserves its right to supplement these objections and responses.

As stated in its Motion to Dismiss, BBA is not a proper party to this litigation.  This Court lacks jurisdiction and venue over BBA.  Moreover, BBA neither manufactures nor sells any of the pharmaceuticals listed in Appendix A to the Amended Master Consolidated Class Action Complaint ("AMCC").  As a result, BBA has no reason to believe that it has responsive documents or information in its possession relating to the subject matter of this litigation. However, BBA has requested that its separately incorporated subsidiary, B. Braun Medical Inc. ("BBM"), consider the Third Document Request as if it had been properly directed to and served upon BBM, without waiver of BBA's position that it is not properly before this Court.

### GENERAL OBJECTIONS

BBA asserts the following General Objections, which are incorporated into the specific Responses by reference.  These General Objections govern the scope of any document search and production by or for BBA.

1.   BBA objects to the Third Document Request to the extent that it requires BBA to undertake steps beyond those required by Rules 26, 33, and 34 of the Federal Rules of Civil Procedure.

2.   BBA objects to the Third Document Request to the extent that it requires BBA to undertake steps beyond those required by Case Management Order No. 10 or any other Orders of the Court in this litigation.

2



3. BBA objects to the Third Document Request on the grounds that the plaintiffs have not received leave from the Court, as required by Local Rule 26.1, prior to serving a third request for the production of documents.

4. BBA objects to the Third Document Request to the extent that it requests the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, other common law or statutory privileges, or otherwise immune from discovery. BBA expressly reserves the right to assert any and all applicable common law, statutory, or other legal privileges. BBA objects to the Third Document Request to the extent that it would require counsel for BBA or BBM to disclose or prepare a log of documents and information prepared by or for counsel in anticipation of, or for the purpose of, litigation. However, with the exception of documents or information prepared in anticipation, or for the purpose, of litigation, BBA will identify documents withheld on the basis of privilege on a privilege log to the extent required by Fed. R. Civ. P. 26(b)(5).

5. BBA objects to the Third Document Request to the extent that it requests the production of documents or information not relevant to the subject matter of the case or not reasonably calculated to lead to the discovery of admissible evidence.

6. BBA objects to the Third Document Request as overly broad and unduly burdensome to the extent that it requests the production of documents or information that are published, publicly available, or otherwise generally accessible to all parties.

7. BBA objects to the Third Document Request to the extent that it calls for the production of documents or information protected by any Protective Order in another case or subject to confidentiality agreements with, or licensing restrictions imposed by, third parties.

3



8.   BBA objects to the Third Document Request on the ground that it is overly broad and unduly burdensome, if full compliance with it as written were to be required.  BBA believes that any such document discovery would be "unreasonably cumulative or duplicative" and that the "burden or expense of the [any such] proposed discovery would outweigh its likely benefit." *See* Fed. R. Civ. P. 26(b)(2).

9.   BBA objects to the Third Document Request to the extent that it requests BBA to produce documents beyond BBA's or BBM's possession, custody, or control.  Any such request is overly broad and unduly burdensome and inconsistent with, and imposes obligations beyond, the obligations required under the Federal Rules of Civil Procedure. BBA does not intend to search for documents that are in the possession of any third party other than BBM, as such discovery would be "unreasonably cumulative or duplicative" and the "burden or expense of the [any such] proposed discovery would outweigh its likely benefit." *See* Fed. R. Civ. P. 26(b)(2).

10.  BBA objects to the Third Document Request to the extent that it calls for the production of documents and information relating to products other than the drugs of "B. Braun McGaw" listed in Appendix A of the AMCC, which drugs are referred to herein as the "Subject Drugs."  Such an interpretation is overly broad and unduly burdensome and relates to information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

11.  BBA objects to the Third Document Request to the extent that it does not specify a "reasonable time, place, and manner of making the inspection." *See* Fed.R.Civ.P. 34(b).

12.  BBA reserves the right to assert additional objections or to supplement these Objections and Responses.

4



## I.  DEFINITIONS

1. BBA incorporates by reference herein all objections and responses to the "Definitions," "Rules of Construction," "Instructions," "Drugs at Issue," and "Relevant Time Period" from its Objections and Responses to Plaintiffs' Omnibus Requests for Production and Interrogatories To Defendants Abbott, Amgen, Aventis, Baxter, Bayer, Boehringer, Braun, Dey, Fujisawa, Novartis, Pfizer, Pharmacia, Sicor, TAP, and Watson And To All Other Defendants With Respect To Drugs That Were Not Previously Subject To Discovery.

2. BBA objects to Definitions Nos. 7, 8, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 30, 31, 32, and 33 as irrelevant and inapplicable to the Third Document Request.

## SPECIFIC OBJECTIONS

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents produced to you by any third party.

**RESPONSE:**

BBA objects to this Request as vague and ambiguous and overly broad and unduly burdensome to the extent that "third party" is not a defined term and could reasonably include within its scope any and all entities other than BBA and the plaintiffs.  BBA objects to this Request as vague and ambiguous to the extent that "produced" is not a defined term within this Third Request.  BBA objects to this Request as overly broad and unduly burdensome to the extent that it is not limited to documents relevant to this litigation nor reasonably calculated to



lead to the discovery of admissible evidence, but rather reasonably includes within its scope all documents of any type produced to BBA by any third party for any purpose during the Relevant Time Period. BBA further objects to this Request as unduly burdensome and duplicative on the grounds that the Defendants previously reached an agreement with the plaintiffs regarding the sharing of documents produced in response to subpoenas served on third parties with respect to this litigation. BBA also objects to this Request to the extent that it calls for the production of documents produced to the Defendants in this litigation by the Centers for Medicare and Medicaid Services ("CMS") in response to a subpoena served by Defendants, on the grounds that CMS required the Defendants to pay the costs of collecting, reviewing, and producing these documents, but the plaintiffs refuse to share that cost. Defendants' previous offer to provide copies of these documents in exchange for payment of one-half of the cost charged by CMS having been rejected by the plaintiffs, it would be unduly burdensome to require BBA to produce these documents to the plaintiffs for no cost. Similarly, BBA objects to this Request to the extent that it calls for the production of documents produced by other third parties that have required the Defendants to pay the costs associated with the production, and the plaintiffs continue to refuse to share the costs of those productions. However, without waiving any of its objections, BBA states that no third party has produced documents to it in this litigation.

**REQUEST FOR PRODUCTION NO. 2:**

All correspondence with any putative class member or with any attorney representing any putative class member.

**RESPONSE:**

BBA objects to this Request as vague and ambiguous and overly broad and unduly burdensome to the extent that "putative class member" has not been defined within this Third Request. BBA objects to this Request as overly broad and unduly burdensome and neither

6



relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls for all correspondence of any kind with any putative class member and is not limited to correspondence that has any relevance to any issue in this litigation. BBA further objects to this Request to the extent that it calls for information produced by BBA in response to plaintiffs' previous requests for production. BBA also objects to this Request as overly broad and unduly burdensome and neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence to the extent that the plaintiffs were denied such relief by the Court in response to their Motion for a Protective Order Regarding Subpoenas to Putative Class Members. However, without waiver of its objections, BBA states that it has not had any correspondence with any putative class member or with any attorney representing any putative class member in this litigation.

7



Dated: August 16, 2004                     Respectfully submitted,

Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
T:  (202) 879-5000
F:  (202) 879-5200

*Counsel for B. Braun of America Inc.*

8



## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing B. Braun of America Inc.'s Objections and Responses to Plaintiffs' Third Requests for Production of Documents to All Defendants has been served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties on this 16th day of August, 2004.

Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
(202) 879-5000
Fax: (202) 879-5200

**_Counsel for B. Braun of America Inc._**

# Exhibit
# D

```
0001
 1                    UNITED STATES DISTRICT COURT
 2                     DISTRICT OF MASSACHUSETTS
 3
 4      _____
 5      CITIZENS FOR CONSUMER
        JUSTICE, et al,
 6
                        Plaintiffs,     Civil Action No. 01-12257
 7
        V.                              November 21, 2003, 2:05 p.m.
 8
        ABBOTT LABORATORIES, et al,
 9                      Defendants.

        _____
10
11
12
13                    TRANSCRIPT OF HEARING
14              BEFORE HONORABLE PATTI B. SARIS
15               UNITED STATES DISTRICT COURT
16              JOHN J. MOAKLEY U.S. COURTHOUSE
17                    ONE COURTHOUSE WAY
18                     BOSTON, MA  02210
19
20
21                 DEBRA M. JOYCE, RPR, CRR
                     Official Court Reporter
22              John J. Moakley U.S. Courthouse
                  1 Courthouse Way, Room 5204
23                    Boston, MA  02210
                        617-737-4410
24
25
```

0046

```
 1    little unfair.  I mean, you'd be upset if they pulled it on you
 2    so --
 3                MR. DODDS:  Well, your Honor, what I assume, your
 4    Honor --
 5                THE COURT:  I'm not sure I'll take it.  I don't
 6    know whether it's been waived or if there's some technical
 7    pleading failure that they haven't alleged something that I
 8    wouldn't let them fix it, but I'm not allowing any amendments
 9    that add dramatically new claims.  But if this is they didn't
10    cross the T here and it's true, I would just let them do it.
11                MR. DODDS:  And all I'm saying, your Honor -- I
12    understand.  All I'm saying, your Honor, one of the issues we
13    had last time was standing.  Your Honor directed them to
14    establish that, and they haven't done it.
15                THE COURT:  So you're saying they've never -- while
16    they've alleged that they've purchased the drugs, that they
17    haven't actually alleged they've purchased from a specific PBM,
18    is that it?
19                MR. DODDS:  On the PBM counts they don't even
20    allege they had a contract with the PBMs.  None of these
21    plaintiffs directly alleges that.  They say health plans
22    typically contract with PBMs, and when they do that, those
23    contracts frequently are based upon AWP.
24                There's not an allegation in the complaint, your
25    Honor, that says that any one of these health plans fits that
```

0052

```
 1    in fact, there's any one of these -- that these plaintiffs
 2    didn't contract --
 3               MR. BERMAN:  They all did --
 4               THE COURT:  -- based on AWP, that's fatal.
 5               MR. BERMAN:  They all did.
 6               THE COURT:  So you can say that under Rule 11 --
 7    no, you're going to have to allege it.  I think that's a fair
 8    point.  I'm not going hang this case on that.  I'm not going to
 9    allow any new claims.  Last time I allowed an amendment, I
10    ended up with the Together RX card.
11               MR. BERMAN:  The more time there is to think, the
12    more we'll come up with.
13               THE COURT:  What?  It's not going to happen anymore
14    because I need to get this case in some sort of manageable
15    form.
16               But if it's just -- can you say as you stand here
17    that each one of the plaintiffs contracted for these alleged
18    drugs based on AWP and were injured as a result of it?
19               MR. BERMAN:  Yes.
20               THE COURT:  Okay.
21               MR. BERMAN:  And that's what --
22               THE COURT:  So do that -- next week is
23    Thanksgiving.  Okay.  So tell me where you say --
24               MR. BERMAN:  And this also goes to the questions

25    you were asking Mr. Sobol.
```

0119

1    man.

2              If, in fact, you know -- if, in fact, these

3    companies did contract based on either orally or in writing --

4    assuming it's in writing, they're big companies -- based on AWP

5    and were injured thereby, I don't know that you have to allege

6    every transaction.  In fact, you don't under the cases I've

7    dealt with before, but just allege it because you've alleged in

8    general they've been prejudiced in reliance on AWP.  So you say

9    you've got it, do it.  Week after Thanksgiving.

10             Other than that, no major new theories.  You're

11   done.  This is it.  All right?

12             MR. BERMAN:  We have ten days.  You never know what

13   we're going to come up with.

14             THE COURT:  No ten days, this is it.

15             MR. BERMAN:  I'm only joking.

16             THE COURT:  Or I'll take one of those pills.

17             We stand in recess.

18             (Court adjourned at 4:57 p.m.)

19                      i i i i i i i

20

21

22

23

24

25