## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) | MDL No. 1456 |
|  | ) | CIVIL ACTION: 01-CV-12257-PBS |
|  | ) ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: | ) ) |  |
| *State of Montana v. Abbott Labs, Inc., et al.*, D. Mont. Cause No. CV-02-09-H-DWM | ) ) ) |  |

## B. BRAUN OF AMERICA INC.'S MEMORANDUM IN SUPPORT OF ITS RENEWED MOTION TO DISMISS THE STATE OF MONTANA'S SECOND AMENDED COMPLAINT

B. Braun of America Inc. ("BBA") renews its Motion to Dismiss Montana's Second Amended Complaint ("MTAC") on the grounds that it is not a proper party to the litigation and this Court lacks personal jurisdiction over BBA.  The Court gave the State of Montana an opportunity to take discovery to establish jurisdiction over BBA, and a deadline of August 24, 2004 for filing a supplemental memorandum on jurisdictional issues.  But the State of Montana took no jurisdictional discovery issues and filed no supplemental memorandum.  It is therefore evident that Montana has no facts or authority establishing jurisdiction over BBA in this case.

## FACTUAL BACKGROUND

Nearly one year ago, on September 15, 2003, BBA filed its Motion to Dismiss for lack of personal jurisdiction.  BBA asserted that it is not a proper party to this litigation because it does not manufacture, distribute, or sell any of the drugs identified in the MTAC.  (BBA Mem. in Support of Mot. to Dismiss ("BBM Mem.") at 1-2; Decl. of Charles A. DiNardo, Attach. to BBA Mem. ("DiNardo Decl.") at 2.)  Further, BBA demonstrated that it neither conducted business nor engaged in *any* activities in the State of Montana at any time. (DiNardo Decl. at 2-3.) Moreover, BBA has no relationships or communications with any PBM or publisher identified in the MTAC.  (*Id.* at 3.)  Because BBA has no contacts with Montana, BBA asserted that this Court has no grounds to exercise personal jurisdiction over BBA.

In response, the State of Montana asserted that BBA's motion "raise[d] fact issues that should, at minimum, be resolved through limited discovery into corporate structure and jurisdictional contacts." (Plaintiff's Mot. in Opp. to Mot. to Dismiss at 38.)  On June 10, 2004, the Court ordered Montana to "respond to the issues of personal jurisdiction and whether the named entity [BBA] is a proper Defendant for the drugs listed by August 24, 2004." (Mem. and Order of June 10, 2004 at 35.)

Despite the Court's admonition to seek discovery on this issue, the State of Montana conducted *no* jurisdictional discovery; it issued no document requests, interrogatories, or requests for admission to BBA relating to the jurisdictional issues. Further, Montana did not send any notices of deposition to BBA or to any related third parties who might have information relevant to their jurisdictional arguments.[1]

Montana has raised no affirmative facts or identified any issue of law precluding the Court's dismissal of Montana's claims against BBA. Accordingly, BBA's motion to dismiss should now be granted.

## ARGUMENT

### I.     The Plaintiff Has Apparently Conceded BBA Has No Contacts With Montana Such That Personal Jurisdiction Could Be Established.

The State of Montana bears the burden of proving that the Court possesses personal jurisdiction over each defendant, as determined by the state law of Montana. *Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992); *American Exp. Int'l, Inc. v. Mendez-Capellan*, 889 F.2d 1175 (1st Cir. 1989) (law of transferor forum applies). Far from satisfying this burden, Montana has presented *no* affirmative facts on which to establish personal jurisdiction over BBA and disputed none of the facts set forth in BBA's Motion to Dismiss.

In light of Montana's failure to conduct any jurisdictional discovery as well as its failure to submit any authority to the Court, Montana apparently concedes and does not contest the facts

---

[1]   Plaintiffs' counsel did conduct limited jurisdictional discovery in the private party cases before this Court. Plaintiffs' counsel served on BBA a Rule 30(b)(6) Notice of Deposition on August 4, 2004 and BBA's corporate representative was presented for deposition on August 17, 2004. During this deposition, however, counsel asked no questions and made no inquiries regarding BBA's contacts with the State of Montana. Nonetheless, BBA's corporate representative reiterated the facts set forth in BBA' Motion to Dismiss, *i.e.*, that BBA conducts no business operations and has never produced any drug at any time. (*See* Codrea Dep. at 45:18 - 46:4, 61:10 -61:17 (Submitted as Pls.' Supp. to Their Opp. to BBA's Mot. to Dismiss AMCC, Exh. 1) (filed under seal).)

set forth in BBA's Motion to Dismiss. (*See* DiNardo Decl.)  Indeed, Montana has not disputed that BBA neither conducts business nor engages in *any* activities in the State. (*Id*. at 2-3.)  It is similarly undisputed that BBA does not manufacture, distribute, or sell any of the drugs identified in the MTAC. (*Id*. at 2.)  Finally, it is undisputed that BBA has no relationships or communications with any PBM or publisher identified in the MTAC. (*Id*. at 3.)  Hence, as set forth more fully in BBA's initial Memorandum in Support of its Motion to Dismiss, this Court lacks personal jurisdiction over BBA because BBA lacks sufficient "minimum contacts" with Montana. *See Spectrum Pool Prod., Inc. v. MW Golden, Inc.*, 968 P.2d 728, 730 (Mont. 1998).[2]

## II.   Discovery Conducted By Plaintiffs' Counsel In Related Cases Underscores BBA's Lack of Contacts With Montana

The State of Montana ignored this Court's admonition to conduct jurisdictional discovery before August 24, 2004.  However, counsel for the plaintiffs in the private party cases did conduct limited discovery in relation to the Amended Master Consolidated Class Action Complaint ("AMCC") through a Rule 30(b)(6) deposition of BBA's corporate representative on August 17, 2004.  The testimony obtained by plaintiffs' counsel in this deposition confirms that there is no basis on which to assert personal jurisdiction over BBA.

---

[2]   Moreover, based on the undisputed facts submitted by BBA, this Court lacks subject matter jurisdiction over the State of Montana's claims because BBA does not manufacture the drugs the purchase of which forms the basis for those claims. *See, e.g., McInnis-Misenor v. Maine Medical Center*, 319 F.3d 63, 67 (1st Cir. 2003) ("A litigant bears the burden of showing 'that he personally has suffered some actual or threatened injury *as a result of the putatively illegal conduct of the defendant*, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision.'") (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982)) (emphasis added).  The Court previously granted a motion to dismiss brought by the Boehringer Defendants on the same basis. (*See* Mem. in Support of Mot. to Dismiss on Behalf of Boehringer Ingelheim Corporation, Ben Venue Laboratories, Inc., and Bedford Laboratories at 1 (arguing that "Plaintiffs have yet to allege an injury fairly traceable to [the] purchase of a single drug manufactured or distributed by any of the named Boehringer Defendants by any identified plaintiff" where the only Boehringer drug remaining in the AMCC "is not manufactured or distributed by any of the Boehringer Defendants named in this suit" but by a separate Boehringer entity that had not been named); Order of June 9, 2004 (granting motion to dismiss on the grounds that "it is undisputed that these companies did not manufacture Atrovent." ).)

During that deposition, BBA's corporate representative, Assistant Secretary, Cathy Codrea, testified that BBA is a holding company incorporated under the laws of, and with its principal place of business in, Pennsylvania. (*See* Codrea Dep. at 16:3-5; 22:18 - 23:1.) More importantly, Ms. Codrea testified that BBA has never manufactured, sold, or distributed any drug. (*Id*. at 45:18 - 46:4.) Indeed, Ms. Codrea testified that BBA conducts no business operations:

> Q - Does B. Braun of America have any sales representatives that are employed in Massachusetts?

> A - No. Let me restate, B. Braun of America is a company that holds stock. It does not operate a business. It does not have any employees. It holds stock.

(*Id*. at 61:10 - 61:17; *see also id*. at 61:18 - 62:11.)

Therefore, although plaintiffs' counsel made no particular inquiry regarding BBA's contacts with the State of Montana, Ms. Codrea's testimony underscores that BBA has no business operations not incident to its status as a holding company. (*See id*. at 61:10 - 61:17.) Accordingly, this testimony highlights that BBA has no contacts with the State of Montana such that personal jurisdiction could be established.

## CONCLUSION

For the foregoing reasons, as well as those argued in its initial Memorandum in Support of its Motion to Dismiss the State of Montana's Second Amended Complaint, B. Braun of America Inc. urges that all claims of the State of Montana against BBA be dismissed.

4

Dated: September 10, 2004                    Respectfully submitted,


                                            ____ s/ Colin R. Kass _____
                                            Daniel F. Attridge, P.C.
                                            Colin R. Kass
                                            KIRKLAND & ELLIS LLP
                                            655 Fifteenth Street, N.W., Suite 1200
                                            Washington, D.C. 20005
                                            Telephone:  (202) 879-5000
                                            Facsimile:  (202) 879-5200

                                            ***Counsel for B. Braun of America Inc.***

                                            5

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing B. Braun of America Inc.'s Memorandum in Support of Its Renewed Motion to Dismiss the State of Montana's Second Amended Complaint has been served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties on this 10th day of September, 2004.

___ s/ Colin R. Kass ___
Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Tel: (202) 879-5000
Fax: (202) 879-5200

***Counsel for B. Braun of America Inc.***