UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

## B. BRAUN OF AMERICA INC.'S RENEWED MOTION TO DISMISS THE AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), B. Braun of America Inc. ("BBA") respectfully renews its Motion to Dismiss the Amended Master Consolidated Class Action Complaint ("AMCC") on the grounds that the Court lacks personal jurisdiction over BBA and it is not a proper party to this litigation.[1]

BBA initially filed its Motion to Dismiss on August 1, 2003, alleging, *inter alia*, that the claims against it in the AMCC must be dismissed for lack of personal jurisdiction and because BBA is not a proper party to this litigation because BBA does not manufacture, distribute, or sell any of the drugs identified in the AMCC. At the plaintiffs' request, the Court allowed them to engage in limited jurisdictional discovery and directed them to "respond to the issues of personal jurisdiction ... by August 24, 2004." (Mem. and Order of Feb. 24, 2004 at 23.)

---

[1] This Renewed Motion relates back to the Motion to Dismiss filed by BBA on August 1, 2003, upon which the Court reserved judgment until after August 24, 2004. Counsel for the plaintiffs and counsel for BBA conferred in good faith regarding the issue of the Court's lack of jurisdiction over BBA prior to filing the Motion to Dismiss in August 2003 and were unable to reach a resolution. The plaintiffs have not withdrawn their complaint against BBA or in any way altered their position on this issue. Because this Motion is not presenting any new issues to the Court that were not raised in the prior Motion to Dismiss, no additional Rule 7.1(a)(2) certification has been included herein.

After wasting more than five months of this time allowed by the Court, the plaintiffs made a last-ditch attempt to engage in jurisdictional discovery through a Notice of 30(b)(6) Deposition sent *twenty days* before the August 24th deadline and demanding a witness be produced *eight days later*. Although this Notice was in clear violation of the Court's Case Management Order No. 10 regarding discovery issues, BBA accommodated the plaintiffs' eleventh-hour demand in an attempt finally to reach a resolution on these issues. Subject to its written objections, BBA produced a 30(b)(6) witness for deposition on August 17, 2004. As explained in the accompanying Memorandum, BBA's 30(b)(6) designee confirmed that BBA does not manufacture, distribute, or sell any of the drugs identified in the AMCC and that BBA has no contacts with the Commonwealth of Massachusetts. The plaintiffs sought no further discovery from BBA subsequent to this deposition.[2]

On August 24, 2004, the plaintiffs filed their Supplement to their Opposition to BBA's Motion to Dismiss. The plaintiffs offered no evidence to dispute the facts presented by BBA in its Motion to Dismiss and through its 30(b)(6) designee, namely, that BBA does not manufacture, distribute, or sell any of the drugs identified in the AMCC and has no ongoing contacts with the Commonwealth of Massachusetts. As a result, as explained in the accompanying Memorandum, it is undisputed that BBA does not have sufficient contacts with Massachusetts to subject it to the personal jurisdiction of this Court.[3]

---

[2] Contemporaneous with their Supplemental Opposition, the plaintiffs have filed a motion to compel BBA to designate an additional 30(b)(6) witness. That motion is wholly without merit and cannot justify the plaintiffs' failure to engage in any jurisdictional discovery until the eve of the Court's deadline. *See* BBA's Mem. in Opp. to Plaintiffs' Mot. to Compel.

[3] Instead, the plaintiffs claim that the Court should exercise jurisdiction over BBA on the basis that a separate corporation, B. Braun Medical Inc., of which BBA owns the stock, manufactures the products at issue in the AMCC. B. Braun Medical Inc. was previously dismissed from this litigation by the Court, (Mem. and Order of May 13, 2003), and the plaintiffs have offered no legitimate basis for bringing B. Braun Medical Inc. back into this litigation at this late date, *see* BBA's Mem. in Opp. to Plaintiffs' Mot. to Add BBM. Even if BBM were party to this litigation, for the reasons explained in the accompanying Memorandum, BBA's ownership of BBM's stock is insufficient as a matter of law to subject BBA to the jurisdiction of this Court.

2

Therefore, for the reasons stated in the accompanying memorandum, B. Braun of America Inc. respectfully requests that the Court dismiss all claims brought against it in the Amended Master Consolidated Class Action Complaint.

Dated: September 10, 2004

Respectfully submitted,

_____s/ Colin R. Kass_____
Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
T: (202) 879-5000
F: (202) 879-5200

*Counsel for B. Braun of America Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing B. Braun of America Inc.'s Renewed Motion to Dismiss the Amended Master Consolidated Class Action Complaint has been served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties on this 10th day of September, 2004.

s/ Colin R. Kass
Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Tel: (202) 879-5000
Fax: (202) 879-5200

*Counsel for B. Braun of America Inc.*
