# Exhibit A



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br> CIVIL ACTION: 01-CV-12257-PBS <br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | |

### NOTICE OF RULE 30(B)(6) DEPOSITION OF B. BRAUN OF AMERICA, INC. REGARDING JURISDICTIONAL ISSUES

TO: All Counsel of Record via Verilaw

PLEASE TAKE NOTICE that Plaintiffs shall take the deposition upon oral examination of the person most knowledgeable at **B. Braun of America, Inc.** in this action regarding the matters designated on Exhibit "A," attached. This deposition will be taken pursuant to Federal Rule of Civil Procedure 30(b)(6) and will be recorded by stenographic and/or sound and visual means. The deposition will be take place as at 9:30 a.m. on August 12, 2004 at the offices of Spector, Roseman & Kodroff, P.C., 1818 Market Street, Suite 2500, Philadelphia, Pennsylvania 19103.

You are invited to attend and participate.

Dated: August 4, 2004



Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Tom Sobol
Edward Notargiacomo
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA 02110

Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Samuel Heins
Brian Williams
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

CHAIRS OF LEAD COUNSEL COMMITTEE

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901

Kenneth A. Wexler
Elizabeth A. Fegan
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602

MEMBERS OF LEAD COUNSEL COMMITTEE
AND EXECUTIVE COMMITTEE

- 2 -



## EXHIBIT "A"

### INSTRUCTIONS AND DEFINITIONS

1. All of the definitions from Plaintiffs' First Requests For Production of Documents Directed to All Defendants are incorporated herein by reference.

2. "AWPID" refers to all of the drugs identified in Exhibit A of the proposed Amended Master Consolidated Class Action Complaint.

3. Unless otherwise specifically stated, each of these Areas of Inquiry encompasses the years 1991 through the present.

### AREAS OF INQUIRY

1. The state of incorporation, principal place of business, formation of, and any persons or entities that have more than a 10% ownership in the following companies:

    (a) B. Braun of America, Inc.

    (b) B. Braun McGaw, Inc.

    (c) B. Braun Medical, Inc.

2. The relationship, if any, between and among any of the companies identified in Area of Inquiry #1.

3. All AWPIDs manufactured, distributed, marketed or sold by each of the companies identified in Area of Inquiry #1.

3. All contracts or agreements regarding the licensing, distribution, or marketing of any AWPID between any of the companies identified in Area of Inquiry #1.



4. Any and all sales, advertising, marketing, distribution, or manufacturing of AWPIDs in the State of Massachusetts by any of the companies identified in Area of Inquiry #1.

5. All documents relating to or reflecting any of the above Areas of Inquiry.

# Exhibit B



# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> 01-CV-12257-PBS AND 01-CV-339 ) <br> ) <br> ) <br> _____) | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris |

### B. BRAUN OF AMERICA INC.'S CORRECTED OBJECTIONS TO PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION REGARDING JURISDICTIONAL ISSUES

Defendant B. Braun of America Inc. ("BBA"), pursuant to Federal Rules of Civil Procedure 26 and 30, through undersigned counsel, propounds the following objections and responses to the Plaintiffs' Notice of Rule 30(b)(6) Deposition Regarding Jurisdiction Issues. BBA reserves its right to supplement these objections and responses.

As stated in its Motion to Dismiss, BBA is not a proper party to this litigation. This Court lacks jurisdiction and venue over BBA. Moreover, BBA neither manufactures nor sells any of the pharmaceuticals listed in Appendix A to the Amended Master Consolidated Class Action Complaint ("AMCC"). As a result, BBA has no reason to believe that it has responsive documents or information in its possession relating to the subject matter of this litigation. Nonetheless, pursuant to the Court's Orders allowing limited discovery by the plaintiffs for the purpose of resolving BBA's motion to dismiss for lack of personal jurisdiction, BBA has agreed to designate a witness for deposition under Rule 30(b)(6) for this limited purpose and subject to



the following objections. BBA in no way waives any of its objections to the jurisdiction of this Court or to the venue of this action through its participation in this deposition.

## GENERAL OBJECTIONS

BBA asserts the following General Objections, which are incorporated into the Specific Objections by reference. These General Objections govern each Area of Inquiry identified in Exhibit A to Plaintiffs' Rule 30(b)(6) Notice of Deposition Regarding Jurisdiction Issues (the "Notice of Deposition").

1. BBA objects to the Notice of Deposition to the extent it seeks to impose obligations beyond those allowed under the Federal Rules of Civil Procedure.

2. BBA objects to the Notice of Deposition on the grounds that it does not specify the method by which the deposition shall be recorded. *See* FED. R. CIV. P. 30(b)(2).

3. BBA objects that the Plaintiffs have failed to provide "reasonable notice in writing to every other party to the action." FED. R. CIV. P. 30(b)(1). BBA further objects that the Plaintiffs have failed to provide adequate notice under Case Management Order ("CMO") No. 10 requiring 21 days' written notice of depositions. *See* CMO No. 10, dated March 25, 2004 , at ¶ 7 ("A party shall provide a 'three week deposition notice' under which such party provides *at least 21 days notice* for a proposed deposition.") (emphasis added). Despite this failure to abide by the Court's Order, BBA has agreed to make a witness available for deposition on August 17, 2004.

4. BBA objects to the Notice of Deposition to the extent that it specifies that the deposition shall take place at 9:30 a.m. on August 12, 2004, at the offices of Spector, Roseman & Kodroff, P.C., 1818 Market Street, Suite 2500, Philadelphia, Pennsylvania 19103. The parties have reached an agreement that the deposition will take place at 11:00 a.m. on August 17, 2004, at the Radisson Hotel, 437 Main Street, Bethlehem, Pennsylvania, 18018.



5.   BBA objects to the Notice of Deposition to the extent it fails to "describe with reasonable particularity the matters on which examination is requested." FED. R. CIV. P. 30(b)(6).

6.   BBA objects to the Notice of Deposition to the extent it seeks designation of "the most knowledgeable person" regarding the Areas of Inquiry identified in Exhibit A on the grounds that such request seeks to impose obligations beyond those allowed under the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 30(b)(6).

7.   BBA objects to the Notice of Deposition to the extent it seeks information beyond "matters known or reasonably available to" BBA, such as matters concerning other entities but not BBA. *See* FED. R. CIV. P. 30(b)(6).

8.   BBA incorporates by reference its objections to the definitions set forth in Plaintiffs' First Request For Production of Documents Directed to All Defendants. *See* B. Braun of America Inc.'s Objections and Responses to Plaintiffs' First Request for Production.

9.   BBA objects to Plaintiffs' definition of the term "AWPID" to mean "Average Wholesale Price Inflated Drugs" to refer to the drugs identified in the Amended Master Consolidated Complaint as unfairly prejudicial and argumentative.

10.   BBA objects to the time period specified, 1991 through the present, as unduly burdensome and unreasonable.

11.   BBA objects to the Notice of Deposition to the extent that it seeks examination regarding matters or documents protected by the attorney-client privilege, the attorney work product doctrine, other common law or statutory privileges, or otherwise immune from discovery. BBA expressly reserves the right to assert any and all applicable common law, statutory, or other legal privileges.

3



12. BBA objects to the Notice of Deposition to the extent that it seeks examination regarding documents and information relating to products other than the drugs of "B. Braun McGaw" listed in Appendix A of the AMCC. Such an inquiry is overly broad and unduly burdensome and relates to information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

13. BBA objects to the Notice of Deposition to the extent that it seeks examination regarding documents or information protected by any Protective Order in another case or subject to confidentiality agreements with, or licensing restrictions imposed by, third parties.

## SPECIFIC OBJECTIONS

### AREA OF INQUIRY NO. 1:

The state of incorporation, principal place of business, formation of, and any persons or entities that have more than a 10% ownership in the following companies:

    (a)    B. Braun of America, Inc.

    (b)    B. Braun McGaw, Inc.

    (c)    B. Braun Medical, Inc.

### SPECIFIC OBJECTIONS:

BBA repeats and incorporates its General Objections and further objects to Area of Inquiry No. 1 on the grounds that it is overly broad and unduly burdensome. BBA further objects to this Area of Inquiry on the grounds that it seeks information beyond "matters known or reasonably available to [BBA]." FED. R. CIV. P. 30(b)(6). BBA also objects that this Area of Inquiry fails to "describe with reasonable particularity the matters on which examination is requested." *Id.*



## AREA OF INQUIRY NO. 2:

The relationship, if any, between and among any of the companies identified in Area of Inquiry #1.

### SPECIFIC OBJECTIONS:

BBA repeats and incorporates its General Objections and further objects to Area of Inquiry No. 2 on the grounds that it is overly broad and unduly burdensome. BBA further objects to this Area of Inquiry on the grounds that it seeks information beyond "matters known or reasonably available to [BBA]." FED. R. CIV. P. 30(b)(6). BBA also objects that this Area of Inquiry fails to "describe with reasonable particularity the matters on which examination is requested." *Id.*

## AREA OF INQUIRY NO. 3:[1]

All AWPIDs manufactured, distributed, marketed or sold by each of the companies identified in Area of Inquiry #1.

### SPECIFIC OBJECTIONS:

BBA repeats and incorporates its General Objections and further objects to Area of Inquiry No. 3 on the grounds that it is overly broad and unduly burdensome. BBA further objects to this Area of Inquiry on the grounds that it seeks information beyond "matters known or reasonably available to [BBA]." FED. R. CIV. P. 30(b)(6). BBA also objects that this Area of Inquiry fails to "describe with reasonable particularity the matters on which examination is requested." *Id.*

## AREA OF INQUIRY NO. 4:

All contracts or agreements regarding the licensing, distribution, or marketing of any AWPID between any of the companies identified in Area of Inquiry #1.

---

[1] The Areas of Inquiry identified in Exhibit A to Plaintiffs' Notice of Deposition are incorrectly numbered. BBA has numbered each Area of Inquiry consecutively, numbered one through six.

5



**SPECIFIC OBJECTIONS:**

BBA repeats and incorporates its General Objections and further objects to Area of Inquiry No. 4 on the grounds that it is overly broad and unduly burdensome. BBA further objects to this Area of Inquiry on the grounds that it seeks information beyond "matters known or reasonably available to [BBA]." FED. R. CIV. P. 30(b)(6). BBA also objects that this Area of Inquiry fails to "describe with reasonable particularity the matters on which examination is requested." *Id.*

**AREA OF INQUIRY NO. 5:**

Any and all sales, advertising, marketing, distribution, or manufacturing of AWPIDs in the State of Massachusetts by any of the companies identified in Area of Inquiry #1.

**SPECIFIC OBJECTIONS:**

BBA repeats and incorporates its General Objections and further objects to Area of Inquiry No. 5 on the grounds that it is overly broad and unduly burdensome. BBA further objects to this Area of Inquiry on the grounds that it seeks information beyond "matters known or reasonably available to [BBA]." FED. R. CIV. P. 30(b)(6). BBA also objects that this Area of Inquiry fails to "describe with reasonable particularity the matters on which examination is requested." *Id.*

**AREA OF INQUIRY NO. 6:**

All documents relating to or reflecting any of the above Areas of Inquiry.

**SPECIFIC OBJECTIONS:**

BBA repeats and incorporates its General Objections and further objects to Area of Inquiry No. 6 on the grounds that it is overly broad and unduly burdensome. BBA further objects to this Area of Inquiry on the grounds that it seeks information beyond "matters known or reasonably available to [BBA]." FED. R. CIV. P. 30(b)(6). BBA also objects that this Area of



Inquiry fails to "describe with reasonable particularity the matters on which examination is requested." *Id.*



Dated: August 11, 2004                    Respectfully submitted,

_/s/ Daniel F. Attridge_
Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Counsel for B. Braun of America Inc.*

8



## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing B. Braun of America Inc.'s Corrected Objections to Plaintiffs' Notice of Rule 30(b)(6) Deposition Regarding Jurisdictional Issues has been served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties on this 11th day of August, 2004.

Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
(202) 879-5000
Fax: (202) 879-5200

*Counsel for B. Braun of America Inc.*

9