**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) |
| | ) |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | ) ) ) ) |

MDL No. 1456

CIVIL ACTION:  01-CV-12257-PBS

Judge Patti B. Saris

Chief Magistrate Judge Marianne B. Bowler

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION
FOR A PROTECTIVE ORDER**

## I.    INTRODUCTION

Defendants have noticed the depositions of almost 100 third parties, most of whom are absent class members.  Plaintiffs have been working in good faith to meet the scheduling desires of Defendants with respect to these depositions, but Defendants have now placed unreasonable demands on Plaintiffs by scheduling 15 depositions for the next two weeks, including three per day on two occasions.  And some of these depositions have been scheduled on only several days' notice, despite Case Management Order No. 10's requirement that the parties provide at least 21 days notice for a proposed deposition.

As the record set forth below demonstrates, cogent and reasonable limitations on third-party depositions are badly needed – and promptly.  Accordingly, Plaintiffs request that the Court enter an order establishing the following rules with regard to third party depositions:

- No more than five third party depositions can occur in any single week.

- No more than two third party depositions can occur on any single day.

- Three weeks' notice of confirmation of a third party deposition must be given, consistent with CMO No. 10.

Plaintiffs also request that the Court stay the depositions of Oxford and John Deere from occurring on the days that Defendants just confirmed over Plaintiffs' objections. Furthermore, because of the time-sensitive nature of this issue, Plaintiffs respectfully request that the Court expedite its ruling on this motion.

## II.    FACTUAL BACKGROUND

To date, Defendants have served approximately 150 subpoenas on third parties in this litigation, including about 94 on absent class members, ***despite promising the Court during the March 8, 2004, Status Conference that Defendants would take discovery of only a limited number of Class members***. In addition to requesting the production of documents, **98** of these subpoenas have demanded that the third party produce a witness for a deposition. Declaration of Sean R. Matt in Support of Plaintiffs' Emergency Motion for a Protective Order ("Matt Decl.") at ¶ 2.[1]

In July, a situation arose highlighting the need for the parties to closely coordinate on the scheduling of third party depositions. At a time when Plaintiffs were attempting to obtain Defendants' confirmation of the third-party deposition schedule, Plaintiffs received a letter indicating that Defendants had confirmed the deposition of Kaiser Health Plans for just one week hence. Plaintiffs subsequently learned that – over a month before – Defendants had obtained Kaiser's agreement to produce the witness on the particular date, yet Defendants had waited a month before providing Plaintiffs with notice of the date. Plaintiffs agreed to cover the Kaiser

---

[1] Plaintiffs respectfully submit that the Court, in authorizing limited class discovery, did not intend for Defendants to launch a barrage of 150 subpoenas, 94 of which are directed to putative class members.

deposition as set.  However, Plaintiffs were concerned with the short notice and the delay in

receiving it, and consequently wrote to Defendants and requested that they abide by Case

Management Order No. ("CMO") No. 10's requirement that "[a] party shall provide a 'three

week deposition notice' under which such party provides at least 21 days notice for a proposed

deposition."  Matt Decl. at ¶ 3 and Exhibit 1.  We also requested that Defendants appoint a single

scheduling coordinator, explaining:

> [P]laintiffs request that defendants appoint an individual who will
> be responsible for coordinating with me on the scheduling of all
> third-party depositions.  We also request that defendants affirm
> their obligation to abide by the Court's 21-day notice requirement.
> From time-to-time, we may be amenable to scheduling depositions
> on less than 21-days notice but, if this is to be done, it must be
> accomplished by express agreement on a case-by-case basis.

Matt Decl. at ¶ 3 and Exhibit 1.

Defendants agreed to appoint a coordinator but did not agree to abide by the 21-day

deposition notice requirement.  Matt Decl. at ¶ 4 and Exhibit 2.  During the meet and confer

dialogue that ensued, Defendants interpreted the 21-day notice requirement to (i) apply only to

party discovery and not third-party discovery; and (ii) that, in any event, the three week notice

requirement could be honored by serving a deposition subpoena, negotiating with the third party

with regard to the specific date that a witness would ultimately appear, and then providing

Plaintiffs' Counsel with mere days notice of the confirmation of the deposition, as long as that

date was at least 21 days after the date of the initial subpoena.  Matt Decl. at ¶ 5.  In sum, the

parties "agreed to disagree" on this issue, and Plaintiffs decided to see how the scheduling played

out.  Matt Decl. at ¶ 5.

Thereafter, the parties agreed to work from a master Third-Party Deposition Schedule

that Defendants would update weekly and provide to Plaintiffs' Coordinator.  In practice,

Plaintiffs would then respond with any corrections that were needed based on the information

they had, so that both sides worked from the same schedule.  Matt Decl. at ¶ 6.  An example of

these e-mail exchanges is provided in Exhibit 3 to the Matt Declaration.

This process worked without major disagreement or incident until the latest exchange.

On September 2, 2004, the Schedule that Defendants forwarded confirmed six depositions for

the week of September 13 and five for the week of September 20.  In response, Plaintiffs

requested that Defendants confirm no further depositions for those weeks and proposed

reasonable limits on the number of depositions that can be confirmed in any given week and on

any given day.  As Plaintiffs explained:

> Plaintiffs have a several-member team put together to cover third-
> party depositions but are understandably limited in the number of
> depositions that we can cover in any given week.  Accordingly, it
> is unreasonable for defendants to conduct more than five
> depositions a week, and we ask that defendants limit the number of
> confirmed depositions to that weekly maximum.  We also ask that
> no more than two depositions be confirmed any given day.

Matt Decl. at ¶ 7 and Exhibit 3.

On September 8, 2004, Defendants forwarded an updated Third-Party Deposition

Schedule.  Contrary to Plaintiffs' request, the schedule reflected the confirmation of *eight*

depositions for the week of September 13, *seven* for the week of September 20, and listed 15

more as awaiting confirmation.  Matt Decl. at ¶ 8.  Defendants ignored Plaintiffs' request not to

schedule more than two depositions on a single day by confirming three depositions for

September 14 and three for September 20.  Furthermore, Defendants scheduled the John Deere

deposition in this time period, again overriding Plaintiffs' request, and Defendants confirmed a

deposition of Oxford Health Plans – a deposition that was not even forecast to occur during these

- 4 -

two weeks.  Plaintiffs have requested that Defendants move the Oxford and Deere depositions to the week of October 4.  As of this filing, Defendants have not responded.  Matt Decl. at ¶ 8.

In sum, Defendants have now confirmed a whopping *20* depositions to occur in the three weeks following September 13, and are trying to confirm at least three more (BCBS Wyoming, Independence Blue Cross, and Health Care Cost Containment Corporation).  Moreover, Defendants have declined to agree to limit third party depositions to the reasonable weekly and daily maximums proposed by Plaintiffs.  Matt Decl. at ¶ 9.

As argued below, this factual chronology demonstrates that reasonable restraints must be placed on the notice and scheduling of Defendants' third party depositions.  Plaintiffs relied on Defendants' good faith cooperation in confirming depositions, but Defendants have chosen a path of unreasonableness.

## III.   ARGUMENT

As this Court has recognized, Fed. R. Civ. P. 26 provides the Court with broad discretion to limit and sequence discovery for the convenience of parties and witnesses and to further the interests of justice.  *See, e.g., In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 106 (D. Mass. 2002).  The Court has already exercised that discretion by, among other things, phasing discovery, limiting the length of depositions to 21 hours, and by requiring that the parties provide 21 days' notice for a proposed deposition.  *See* CMO No. 10.  Plaintiffs respectfully submit that the Court should once again exercise its discretion under Rule 26 and reinforce the 21-day deposition notice requirement and enact the reasonable limits that Plaintiffs' advocate here.

Plaintiffs have gone to great lengths to work with Defendants in good faith on the scheduling of these third party depositions.  We originally proposed tight coordination, agreed in

- 5 -

some instances to attend depositions that Defendants confirmed on less than three-weeks notice, agreed to two depositions in one day (coined "multi-track" depositions, which commonly occur in complex litigation), and have been as flexible as possible in working with Defendants on these issues. Matt Decl. at ¶ 10. Unfortunately, Defendants have not proceeded in the same manner.

Reasonable rules must be instituted to control Defendants' scheduling. Plaintiffs do not have the manpower to prepare for and attend eight third party depositions per week. Matt Decl. at ¶ 11. Nor should Plaintiffs be put in the position of having to react to the confirmation of a deposition with only a few days' notice, as has happened at least twice in the last several weeks (*e.g.*, Kaiser Health Plans and Oxford). Finally, it is unreasonable to expect six, seven or even eight depositions or more to be conducted in any given week – even in complex litigation of this nature.

Defendants' third party depositions are not the only events transpiring in this case. During the next several weeks alone, Court ordered mediations are scheduled; depositions of Defendants have been confirmed; there are other discovery motions and a hearing to handle; and additional class certification briefing is on the horizon. Simultaneously, Plaintiffs continue to process Defendants' tardy document productions and plan additional discovery. Defendants' over-scheduling of third party depositions on short notice is unreasonably adding to this burden.

Accordingly, Plaintiffs request that the Court enter an order establishing the following rules with regard to third party depositions:

- No more than five third party depositions can occur in any single week.

- No more than two third party depositions can occur on any single day.

- Three weeks' notice of confirmation of a third party deposition must be given, consistent with CMO No. 10.

Plaintiffs also request that the Court stay the depositions of Oxford and John Deere from occurring on the days that Defendants just confirmed (September 14 and September 17, respectively).

This case is already complex enough without Defendants' disregard for reasonable deposition limits. Plaintiffs submit that these guidelines are reasonable and should not interfere with Defendants' ability to take the depositions that they wish to take.

Defendants will likely respond with two arguments: (i) pursuant to CMO No. 10, Defendants' contemplated memorandum in opposition to class certification is due October 25, 2004, and the depositions must be taken prior to the completion of that brief; and (ii) Plaintiffs have a sufficient number of counsel to cover multi-track depositions. Regarding the former, it is important to highlight the fact that Defendants are just now confirming depositions that – for the most part – are the subject of subpoenas that have been outstanding for ***months***. Thus, to the extent that these depositions are even needed,[2] Defendants themselves have created a crisis by attempting to jam them into such a truncated time period. In fairness, Plaintiffs should not be penalized by Defendants' recalcitrance.[3]

And in response to the second argument, Plaintiffs have designated a third party deposition team consisting of five attorneys. Matt Decl. at ¶ 11. Even so, these attorneys are not

---

[2] These depositions are doing nothing more than bringing forth merely cumulative evidence, including the ubiquity of AWP's use as a standard industry pricing benchmark. As such, the depositions are not even necessary, because all of the relevant information is available from documents that these third parties have produced pursuant to Defendants' document subpoenas.

[3] Plaintiffs anticipate that Defendants will attempt to shift the blame to the third parties by arguing that third parties have not been promptly producing documents. Even if this were true (and Plaintiffs are not suggesting that it is), Defendants should have appropriately planned for this contingency given that they have been aware of the deadlines contained in CMO No. 10 since March 25, 2004.

available every day to cover third party depositions given the need to work on other projects in the litigation.  Plaintiffs believe that they have made a good faith effort to accommodate Defendants' request for multi-track depositions but simply cannot handle Defendants' proposed volume of weekly depositions without ignoring other, important case obligations.  Matt Decl. at ¶ 11.  Given that Defendants have thus far "demonstrated [a] willingness and proclivity for … burying their opponents in paperwork and filings,"[4] perhaps this is what Defendants intend.

Plaintiffs also anticipate that Defendants will renew their arguments that the 21-day deposition notice provision should not apply to third party depositions, or that confirmation can be made on less than 21 days' notice provided that the original notice complied with the rule.  These arguments are untenable.  In promulgating the 21-day notice rule, the Court did not distinguish between depositions of parties and depositions of third parties,[5] perhaps with the foresight that the litigation would entail numerous depositions of party *and* third party witnesses, many of which would be multi-tracked, thereby underscoring the need for cogent planning with sufficient notice of final date confirmations.  Indeed, the recent experience recounted above demonstrates the difficulties that arise when depositions are added to an already crowded schedule and confirmed on less than three weeks' notice.  Any interpretation that confirmation of a deposition on a few days notice – even if the notice itself was issued three weeks or more in advance – would eviscerate the very purpose of the rule.

---

[4] *Klay v. Humana, Inc.*, 2004 U.S. App. Lexis 18494, at *74 (11th Cir. Sept. 1, 2004) (commenting that Rule 23(b)(3)'s superiority requirement is commonly satisfied in cases where class members could not afford the burden of litigating against a well-financed defendant).

[5] To reiterate, page three of CMO No. 10 very clearly provides:  "A party shall provide a 'three week deposition notice' under which such party provides at least 21 days notice for a proposed deposition."

## IV.     CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion.


DATED:  September 10, 2004              By____/s/ Steve W. Berman_____
                                        Thomas M. Sobol (BBO#471770)
                                        Edward Notargiacomo (BBO#567636)
                                        Hagens Berman LLP
                                        One Main Street, 4th Floor
                                        Cambridge, MA  02142
                                        Telephone: (617) 482-3700
                                        Facsimile: (617) 482-3003
                                        **LIAISON COUNSEL**

                                        Steve W. Berman
                                        Sean R. Matt
                                        Hagens Berman LLP
                                        1301 Fifth Avenue, Suite 2900
                                        Seattle, WA  98101
                                        Telephone: (206) 623-7292
                                        Facsimile: (206) 623-0594

                                        Eugene A. Spector
                                        Jeffrey Kodroff
                                        Spector, Roseman & Kodroff, P.C.
                                        1818 Market Street, Suite 2500
                                        Philadelphia, PA  19103
                                        Telephone: (215) 496-0300
                                        Facsimile: (215) 496-6611

                                        Samuel Heins
                                        Heins, Mills & Olson, P.C.
                                        3550 IDS Center
                                        80 South Eighth Street
                                        Minneapolis, MN  55402
                                        Telephone: (612) 338-4605
                                        Facsimile: (612) 338-4692
                                        **CHAIRS OF LEAD COUNSEL**
                                        **COMMITTEE**

1534.16 0098 MTN.DOC

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Elizabeth A. Fegan
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
**MEMBERS OF LEAD COUNSEL
COMMITTEE AND EXECUTIVE
COMMITTEE**

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR A PROTECTIVE ORDER** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on September 10, 2004 via e-mail and overnight delivery to Defendants.

By    **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292

- 11 -