UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE LITIGATION ) <br> ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO ALL ) <br> CLASS ACTIONS ) <br> 01-CV-12257-PBS AND 01-CV-339 ) <br> _____ ) | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris <br><br> Chief Magistrate Judge Marianne B. Bowler |

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs have moved, pursuant to Fed. R. Civ. P. 23, for an order certifying a class in this action. Having considered the submissions of the parties and the record in this case, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' motion for class certification is GRANTED as to all claims asserted in the Amended Master Consolidated Complaint ("AMCC").

2. The Court certifies the following Classes:

**Medicare Part B Co-Pay Class.**

All persons or entities who made a co-payment for a Medicare Part B covered AWPID manufactured by AstraZeneca, the BMS Group, the GSK Group, the Johnson & Johnson Group, and the Schering Plough Group.[1] Excluded from the Class are those who make flat co-pays and those whose co-pay was reimbursed by an insurer or other third party.

---

[1] These "groups" are defined in the AMCC.

**Third-Party and Co-Payor Class.**

Third Party Payors who make reimbursements for any AWPID manufactured by AstraZeneca, the BMS Group, the GSK Group, the Johnson & Johnson Group, and the Schering Plough Group under contracts with persons or entities that provide pharmaceutical benefits, based on contracts that expressly use AWP as a pricing standard. Included within the Class are individual payors who paid coinsurance (*i.e.,* co-pays proportional to the reimbursed amount) for an AWPID that was based upon use of AWP as a pricing standard.

**RICO Subclass.**

Third-Party Payors who made reimbursements for any AWPID manufactured by AstraZeneca, the BMS Group, the Johnson & Johnson Group, the GSK Group, or the Schering Plough Group under contracts with any of the following PBMs, Caremark, AdvancePCS, Express Scripts and Medco (or their predecessors), where the contracts with the PBMs expressly use AWP as a pricing standard.

3. The Court certifies a RICO Subclass under Count II of the AMCC (violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ["RICO"], Count IV of the AMCC (violation of State Consumer Protection Laws) and under Count IX (The Law of Civil Conspiracy).

4. The Court also certifies a Medicare Part B Co-Pay Class and Third-Party and Co-Payor Class under Count IV (State Consumer Protection Laws). The Court will apply the state law of each Defendant's home state. The parties will report to the Court as to what states are home states and such states will be identified in the notice sent to the Class.

5. Excluded from these classes are the defendants herein; any subsidiaries or affiliates of defendants; the officers and directors of defendants during the Class Period; members of the Individual Defendants' immediate families; any person, firm, trust, corporation, officer, director or any individual or entity in which any defendant has a controlling interest or

which is related to, or affiliated with, any of the defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party and governmental entities.

6. The Class Period is 1991 to the present.

7. The Court also certifies the Plaintiffs as Class Representatives. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following firms as co-lead counsel: Hagens Berman LLP, Spector Roseman & Kodroff P.C., Hoffman & Edelson, The Wexler Firm, Hein Mills & Olson.

8. Co-lead counsel for Plaintiffs shall prepare and submit within 30 days from the date of this Order a proposed form of notice to be sent to members of the Class. Defendants may file any comments to the notice within 15 days and Plaintiffs may reply 15 days after.

9. The Court approves the notice program prepared by Kinsella/Novak. Defendants shall prepare and submit to the Court and to counsel for the Plaintiffs within 30 days from the date of this Order a list of names and addresses of all Class members who can be identified with diligent effort.

DONE IN COURT this _____ day of _____, 2004.

HON. PATTI B. SARIS
United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on September 3, 2004, a copy to Verilaw Technologies for Posting and notification to all parties

By _____
Steve W. Berman
**HAGENS BERMAN LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
(206) 623-7292