UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

THIS DOCUMENT RELATES TO
ALL CLASS ACTIONS

### AFFIDAVIT OF DANIEL RYAN, FUND ADMINISTRATOR OF UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST HEALTH BENEFITS FUND

I, Daniel W. Ryan, on oath, depose and state as follows:

1. I am the Fund Administrator of United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund ("UFCW"). I have full knowledge of the matters stated herein, and could and would testify hereto if necessary.

2. UFCW is an "employee welfare benefit plan" and "employee benefit plan" maintained pursuant to section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. 186(c)(5), and as defined by section 1002(1) and (3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, et seq. UFCW's office from which it pays medical benefits, including benefits for prescription drugs, is located in Cook County, Illinois.

3. Pursuant to the Trust Agreement under which it was created, UFCW provides comprehensive health care benefits to approximately 25,000 participants who are employed under various collective bargaining agreements ("employees"), and

their dependants, as well as retirees. UFCW's participants and beneficiaries are generally employed at retail food stores, are located throughout the United States and made purchases of defendants' drugs in, among other states, Arizona, California, Florida, Illinois, Indiana, Kansas, Kentucky, Louisiana, Michigan, Minnesota, Missouri, Michigan, Nevada, North Carolina, New York, Oklahoma, Tennessee, Virginia and Wisconsin.

4. UFCW's health and medical benefits are provided under written benefit plans. When a participant has Medicare coverage, in addition to one of UFCW's plans, UFCW will reimburse claims as follows:

   a. When the employee works at a store with 20 or more employees, UFCW provides primary coverage and Medicare pays secondary.

   b. When the employee works at a store with 19 or less employees, Medicare provides primary coverage and UFCW provides secondary coverage.

5. The 20 percent co-payment under Medicare Part B is, and has been, an eligible expense under UFCW's plans during the Class Period.

6. For those without Medicare Part B coverage, UFCW has generally provided prescription drug coverage under its prescription benefit program as follows:

   a. Prior to December 1, 2000, UFCW administered its own prescription drug plan and paid for prescription drugs under that plan based on the published average wholesale price ("AWP") of the drug less a discount.

   b. As of December 1, 2000, UFCW contracted with National Prescription Administrators, Inc. ("NPA"), a pharmacy benefit manager, to administer

UFCW's prescription drug plan. UFCW paid NPA for all brand name prescription drug purchases made by its members at AWP less 13 percent.

c. In 2002, Express Scripts, Inc. ("ESI") purchased NPA and served as UFCW's PBM until December 31, 2003, under the same terms as governed the Fund's relationship with NPA.

d. As of January 1, 2004, UFCW has contracted with National Medical Health Card Systems, Inc. ("NMHC Rx"), a pharmacy benefit manager. Under the terms of the contract, UFCW pays NMHC Rx for all network brand name prescription drug purchases made by its members at AWP less 15.5 percent, all network generic purchases made by its members at AWP less 58.8 percent, and all mail order purchases made by its members at AWP less 21 percent for brand name and AWP less 55 percent for generic drugs.

7. During the Class Period, UFCW paid for certain pharmaceuticals, based on AWP, that were manufactured by each of the Defendants as set forth at Appendix B of the AMCC.

8. UFCW has been actively involved in the prosecution of this litigation and has enlisted the assistance of skilled and experienced class action counsel. UFCW's interests are not antagonistic to the interests of the members of the proposed Class.

9. UFCW does not have the economic ability or incentive to prosecute a case of this magnitude individually against such well-financed defendants and therefore believes that a class is a superior device.

_____
Daniel W. Ryan, Fund Administrator

Subscribed to before me this 31st day of August, 2004.

_____
Notary Public

OFFICIAL SEAL
**LOURDES YOUNUS**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10-3-2004