UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>This Document Relates to ALL ACTIONS. | MDL No. 1456<br><br>Master File No. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

### AFFIDAVIT OF KENNETH A. WEXLER PURSUANT TO RULE 23(g)

I, Kenneth A. Wexler, pursuant to 28 U.S.C. §1746, on oath, depose and state as follows:

1. I am the founding member of The Wexler Firm LLP and have more than 20 years experience prosecuting and litigating complex class action litigation. I have full knowledge of the matters stated herein and would testify hereto.

2. Attached as exhibit A is my personal curriculum vitae as well as my firm's resume. Highlights of my relevant experience include:

    a. I have been appointed or acted as lead counsel in conjunction with other law firms in numerous nationwide class actions against pharmaceutical manufacturers involving claims of antitrust and consumer fraud, including but not limited to *Ferrell v. Wyeth-Ayerst Laboratories and American Home Products*, No. C-1-01-447 (S.D. Ohio) (Premarin); *Nichols v. SmithKline Beecham*, No. 00-CV-6222 (E.D. Pa.) (Paxil); *SAJ Distributors, Inc. v. SmithKlineBeecham Corp. d/b/a GlaxoSmithKline*,

      No. 04-CV-23 (E.D. Va.) (Augmentin); *Baldwin v. AstraZeneca*, No. 01-CV-9105 (S.D.N.Y.) (Prilosec); and *Gingreau v. Abbott Laboratories*, No. 04 CH 8202 (Cook County Cir. Ct. Ill.) (Norvir).

  b. I have also been appointed as a co-chair of the consumer sub-classes in *Joblove v. Barr Laboratories and AstraZeneca, Inc.*, No. 00-6046 (E.D.N.Y.) (Nolvadex) and *In Re: Tamoxifen Antitrust Litigation*, MDL No. 1408 (E.D.N.Y.) (Tamoxifen) and proposed as a discovery co-chair in *In Re Oxycontin Antitrust Litigation*, MDL No. 1408 (ILG)(S.D.N.Y.) (Oxycontin).

  c. My firm has also participated in the prosecution of nationwide class action prescription access lawsuits against: Abbott Laboratories (Hytrin), Bayer (Cipro), Schering-Plough Corporation (K-Dur), Mylan Laboratories (generic Lorazepam and Clorazepate), Bristol-Myers Squibb Company (BuSpar), McNeil-PPC, Inc. (Imodium), Elan Corporation and Skyepharma (Naprelan), Pfizer Inc. and Warner-Lambert Co (Neurontin), GlaxoSmithKline (Relafen and Wellbutrin), Biovail (Tiazac), Hoechst and Andrx and Aventis (Cardizem).

3.    I began investigating the claims raised in this litigation, and other potential causes of action that could be raised well before this litigation commenced. As a result, my firm filed 13 class action lawsuits against individual pharmaceutical manufacturers, including the following:

  a. *United Food and Commercial Workers and Employers Midwest Health Benefits Fund et al v. Abbott Laboratories*, No. 01-C-8827 (N.D. Ill.)

Fund and thus is familiar with the law as it applies to third party payors and their members and beneficiaries in these matters.

5. My firm is committed and has demonstrated its commitment to expend whatever resources are necessary – of time, personnel and money – to prosecute this action and represent the class. To date, my firm has already acted in coordination with Hagens Berman LLP, Spector, Roseman & Kodroff, Hoffman & Edelson, and Heins Mills & Olson, to: (i) investigate, draft and revise the various Consolidated Class Action Complaints that have been filed to date in response to the MDL consolidation and the subsequent Orders of this Court; (ii) respond to the myriad of motions to dismiss filed by the defendants; (iii) coordinate and respond to discovery propounded by defendants on the named plaintiffs; (iv) propound discovery on defendants and pursue their responses; (v) conduct years worth of document review in a coordinated fashion; (vi) coordinate, pursue and attend third party discovery propounded by all parties; and (vii) attempt to conduct this complex and massive litigation in a civil, coordinated and manageable fashion.

I declare under penalty of perjury that the foregoing is true and correct.

Date: August 25, 2004

*Kenneth A. Wexler*
Kenneth A. Wexler

# Exhibit A

T H E | W E X L E R | F I R M <sup>LLP</sup>

Founded in January 2000, The Wexler Firm, based in Chicago, specializes in complex civil litigation. The firm's practice and breadth of experience embodies diverse consumer and commercial litigation matters, including civil rights litigation, securities and commodities class action litigation, antitrust and consumer class action litigation, defamation, and professional malpractice. The focus of the firm's practice is on representing plaintiff individuals and organizations in complex class action matters. In addition to the firm's work in class action representation, The Wexler Firm also represents individuals, businesses and governmental entities in accountant and lawyer malpractice and complex business disputes.

The firm currently serves as counsel in various leadership positions in several federal and multistate cases involving a number of U.S. drug manufacturers accused of restraining trade and engaging in monopolistic activity for the purpose of preventing certain generic drugs from getting to market or preventing brand name competitors' access to consumers. Similarly, the firm is lead counsel in a federal case against approximately twenty pharmaceutical companies accused of implementing a fraudulent scheme to artificially elevate the prices charged for certain drugs covered under Medicare Part B at the expense of consumers and third party payors.

In addition to the cases described above, The Wexler Firm is currently prosecuting various derivative actions and securities class actions in state and federal courts around the country. Consumer fraud class actions in which the firm is actively engaged in various leadership capacities include several class actions against long distance telephone companies to seek redress for their deceptive nationwide practice of profiting from the collection of excess surcharges imposed on their direct dial long distance customers, which surcharges they purport to remit to the federal universal service fund program. The Wexler Firm also serves as co-counsel in cases in state and federal court alleging violations of the Truth-in-Lending Act by a major insurance company who failed to disclose finance charges and in a class action brought by consumers alleging violations of the Truth-in-Lending Act by a bank that issued credit cards without disclosing the actual annual percentage rate charged to outstanding balances.

Additional lawsuits in which the firm is engaged and the success of the firm and the firm's founder, Kenneth A. Wexler, are chronicled on the firm's website located at www.wexlerfirm.com.

## INDIVIDUAL BIOGRAPHIES

*Kenneth A. Wexler*
**Founder**

Kenneth A. Wexler, the founder of the firm, is a 1980 graduate of the Georgetown University Law Center. He received a Bachelor of Arts degree in 1977, *summa cum laude*, from Washington University in St. Louis, Missouri. Upon graduation from law school, he practiced at the Chicago firm of Much Shelist Freed Denenberg Ament & Eiger, P.C., where he became a partner. In January, 1992, Mr. Wexler left Much Shelist to form the firm of Miller Faucher Cafferty and Wexler LLP, where he practiced through December 1999.

Mr. Wexler is a member of the Chicago Bar Association, Illinois State Bar Association, American Bar Association, Chicago Council of Lawyers, Association of Trial Lawyers of America and Illinois Trial Lawyers Association. He is admitted to the bar in Illinois and is licensed to practice before the Illinois Supreme Court, United States District Court for the Northern District of Illinois, United States Court of Appeals for the Seventh Circuit, the United States Court of Appeals for the Third Circuit, and the United States District Court for the Northern District of New Mexico. Mr. Wexler has been admitted to practice *pro hac vice* in state and federal courts in Connecticut, Pennsylvania, New York, Florida, Ohio, New Mexico, Colorado, Minnesota, Wisconsin and California.

In addition to bar activities, Mr. Wexler is a fellow of The Roscoe Pound Institute, a member of the American Constitution Society for Law and Policy and a delegate of People to People International.

Representative cases with which Mr. Wexler has been involved include[1]:

*In re Synthroid Marketing Litig.*, MDL No. 1182 (N.D. Ill). This multidistrict action arose out of the manufacturer's alleged unlawful activities with respect to the marketing of Synthroid, a levothyroxine product used to treat thyroid disorders. On August 4, 2000, the court granted final approval of a settlement in the amount of $87.4 million plus interest. Reported decision: 188 F.R.D. 295 (N.D. Ill. 1999).

*In re Lithotripsy Antitrust Litig.*, No. 98 C 8394 (N.D. Ill.). This antitrust class action arose out of alleged stabilization of urologist fees in the Chicago metropolitan area. In granting class certification, Judge George Lindberg stated that counsel for plaintiff and the Class are "experienced in antitrust class action litigation and defendants do not dispute that they are competent, qualified, experienced and able to vigorously conduct the litigation." *Sebo v. Rubenstien*, 188 F.R.D. 310, 317 (N.D. Ill. 1999). On June 12, 2000, the court approved a $1.4 million settlement. *In re Lithotripsy Antitrust Litig.*, 2000 WL 765086 (N.D. Ill. June 12, 2000)

*Feldman v. Motorola, Inc.*, No. 90 C 5887 (N.D. Ill.). A securities fraud class action against Motorola, Inc. and its high ranking officers and directors. In June 1995, the court approved a $15 million settlement. *See, e.g.*, [1993 Transfer Binder], Fed. Sec. L. Rep. (CCH) ¶97,806 (N.D. Ill. Oct. 14, 1993).

*In re Salton/Maxim Sec. Litig.*, No. 91 C 7693 (N.D. Ill.). Class action arising out of public offering of Salton/Maxim Housewares, Inc. stock. On September 23, 1994, Judge James S. Holderman approved a $2.4 million settlement.

---

[1] The cases addressed below have been partially or completely resolved. The Wexler Firm is currently involved in a number of pending class actions and complex commercial disputes involving individual parties. In the class action arena, The Wexler Firm has a number of leadership positions, and the cases involve antitrust, breach of contract, consumer fraud, breach of fiduciary duties, securities fraud, auditor's liability, derivative actions, unfair and deceptive trade practices and mass torts.

*In re International Trading Group, Ltd. Customer Account Litig.*, No. 89-5545 RSWL (GHKx) (C.D. Cal.). A class action for violation of the anti-fraud provisions of the Commodity Exchange Act. The case settled with individual defendants and proceeded to a judgment against the corporate entity. In that phase, the court awarded the Class a constructive trust and equitable lien over the corporation's assets and entered a $492 million judgment in favor of the Class. Approximately $7 million has been recovered on the judgment.

*Hoxworth v. Blinder Robinson & Co.*, No. 88-0285 (E.D. Pa.) Securities fraud and RICO class action resulting from alleged manipulative practices and boiler room operations in the sale of "penny stocks." *See* 903 F.2d 186 (3rd Cir. 1990). Judgment in excess of $70 million was obtained in February 1992. The judgment was affirmed by the Third Circuit Court of Appeals, 980 F.2d 912 (3rd Cir. 1992). *See also Hoxworth v. Blinder*, 74 F.3d 205 (10th Cir. 1996).

*In re Public Service Company of New Mexico Class and Derivative Litig.*, Master File No. 91-0536-M (S.D. Cal.). Consolidated class and derivative action involving allegations of waste and mismanagement at the Public Service Company of New Mexico. In May 1992, the court approved a settlement of $33 million. *See* [1992 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶96,988 (S.D. Cal. 1992).

*In re First Commodity Corporation of Boston Customer Account Litig.*, MDL-713 (D. Mass.). A class action for violation of the anti-fraud provisions of the Commodity Exchange Act. The action settled for $5.3 million. *See* 119 F.R.D. 301 (D. Mass. 1987).

*O'Brien v. National Property Analysts, Inc.*, No. 88 CIV 4153 (PKL) (S.D.N.Y.). Securities fraud action arising out of the marketing of real estate limited partnership interests. This case was partially settled for $5 million and the invalidation of wraparound mortgages worth as much as $250 million.

*In Re Cellular Phone Cases*, Coordinated Proceeding No. 4000 (Superior Court, San Francisco County, Cal.). A class action under California's Cartwright Act which alleged price fixing of cellular telephone service in the San Francisco area market. On February 20, 1998, the court granted final approval to a proposed settlement that provides $35 million in in-kind benefits to the Class and a release of debt in the amount of $35 million.

*Garabedian v. LASMSA Limited Partnership*, No. 721144 (Superior Court, Orange County, Cal.). A class action under California's Cartwright Act which alleged price fixing of cellular telephone service in the Los Angeles area market. By order of January 27, 1998, the court granted final approval to two proposed settlements that provide $165 million in in-kind benefits.

*Lobatz v. AirTouch Cellular*, 94-1311 BTM (AJB) (S.D. Cal.). A class action alleging price fixing of cellular telephone service in San Diego County, California. On June 11, 1997, the court approved a partial settlement in the amount of $4 million. Judge Barry Moskowitz commented that "I do believe that both law firms in representing the plaintiffs were very skillful and knowledgeable in this field and the work that they did was of top quality." (6/11/97 Tr. at 8.) On October 28, 1998, the court approved another settlement that entailed $4 million worth of cash and in-kind benefits. In an order entered May 13, 1999, Judge Moskowitz stated that "[t]hrough the course of this complex

and four-year long litigation, Class Counsel demonstrated in their legal briefs and arguments before this court their considerable skill and experience in litigating antitrust class actions . . . ." (5/13/99 Order at 4.)

*Benfield v. Steindler*, No. C-1-92-729 (S.D. Ohio). Shareholder derivative suit on behalf of General Electric Corporation shareholders arising out of the sale of military aircraft engines to the government of Israel in violation of U.S. law. On December 10, 1993, the court approved a settlement in the amount of $19.5 million. In a January 13, 1994 Report to the Court Concerning Attorney Fees, the Special Master stated that the "representation given plaintiff was first rate."

*In re Structural Dynamics Research Corporation Derivative Litig.*, No. C-1-94-650 (S.D. Ohio). Shareholder derivative action arising out of Structural Dynamic's inaccurate reporting of its financial performance. In approving a $5 million settlement on July 19, 1996, Judge Herman J. Weber stated that "in my mind the highest professional service a lawyer can give to his or her client is to terminate the litigation as early as possible and at the most economical cost to your clients. The court finds that the lawyers in this case have done just that . . . ."

*In re Chubb Corporation Drought Insurance Lit.*, MDL-782 (S.D. Ohio). A breach of contract action arising out of the termination of an agricultural drought insurance program in the midst of the drought of 1988. The action settled for more than $70 million.

*Pacific/West Communications Group, Inc. v. California Department of Transportation*, No. BC 163492 (Sup. Ct. Cal.). A defamation and breach of contract action relating to the conduct of audits of plaintiff's public relations contracts with the State of California. In November 1999, the Honorable William Bettinelli (ret.) entered an arbitration award in favor of plaintiff in the amount of $2.3 million.

*Elizabeth Anne Fegan*
**Partner**

Elizabeth Anne Fegan is a 1995 graduate of the Loyola University Chicago School of Law, where she served as an editor of the Law Journal. She received a Bachelor of Arts degree in 1992 from Michigan State University. In addition, Ms. Fegan studied one semester at Temple University Law School-Tokyo, Japan. Upon graduation from law school, she practiced at the Chicago firm of Shefsky & Froelich, Ltd. through April 2001, where her practice focused on complex class action and commercial litigation involving antitrust, securities fraud, common law and consumer fraud, employment discrimination and civil rights, as well as business and shareholder disputes.

Ms. Fegan is a member of the American Bar Association and Chicago Bar Association. She is admitted to the bar in Illinois and is licensed to practice before the Illinois Supreme Court, United States District Court for the Northern District of Illinois, United States District Court for the Central District of Illinois, and United States Court of Appeals for the Seventh Circuit.

*Edward A. Wallace*
**Partner**

Edward A. Wallace is a 1995 graduate of the DePaul University College of Law. He received a Bachelor of Arts degree in 1991 from Eastern Illinois University. Upon graduation from law school, he practiced at a national law firm where his practice focused on commercial litigation and legal malpractice.

Mr. Wallace is a member of the American Bar Association, where he is the Consumer Protection Law Subcommittee's Newsletter Co-Chair, the Chicago Bar Association, where he is a member of the Class Action Committee, and the Illinois State Bar Association. Mr. Wallace is admitted to the bar in Illinois and is licensed to practice before the Illinois Supreme Court, United States District Court for the Northern District of Illinois, and United States District Court for the Southern District of Illinois.

*Jennifer Fountain Connolly*
**Associate**

Jennifer Fountain Connolly is a 1998 graduate of the University of Denver College of Law. She received a Bachelor of Arts degree with high honors in 1993 from the University of Chicago. Ms. Connolly is admitted to the bars in Illinois and Colorado, the United States Court of Appeals for the Seventh and Tenth Circuits, and the United States District Courts for Northern District of Illinois and the District of Colorado. Prior to joining the firm in 2002, Jennifer handled similar litigation matters for a law firm in Denver, Colorado for two years and worked as an Assistant Attorney General in the Business Regulation Unit of the Colorado Attorney General's office for two years.

*Timothy Allen Scott*
**Associate**

Timothy A. Scott is a 1997 graduate of the Chicago-Kent College of Law. He received a Bachelor of Arts degree in 1992 from Knox College. In addition, Mr. Scott studied one semester at the William & Mary School of Law in Madrid, Spain, and one year at the University of Barcelona in Barcelona, Spain. Prior to joining the firm Mr. Scott practiced at the Chicago office of Skadden, Arps, Slate, Meagher & Flom, where his practice focused on complex litigation. He is admitted to the bar in Illinois and is licensed to practice before the Illinois Supreme Court and the United States District Court for the Northern District of Illinois.

*Anthony J. Sievert*
**Associate**

Anthony J. Sievert graduated with distinction in 2000 from the University of Wisconsin Law School, where he was an articles editor at the Wisconsin Law Review. He also graduated with distinction with a Bachelor of Arts degree from the University of Wisconsin-Madison in 1997. Prior to joining the firm, Mr. Sievert worked as a staff law clerk for the United States Court of Appeals for the Seventh Circuit and as an associate at Sidley, Austin, Brown & Wood, where his practice included complex commercial litigation. He is admitted to the bar in Illinois, Wisconsin and the United States District Court for the Northern District of Illinois.

*Michael L. Duffy*
**Associate**

  Michael L. Duffy is a 2000 graduate of The Ohio State University College of Law, where he was a Managing Editor of The Ohio State Law Journal and a member of the Products Liability Moot Court Team. He received a Bachelor of Arts degree, magna cum laude, Phi Beta Kappa, with honors in 1997 from Miami University. Prior to joining the firm, Mr. Duffy worked as an associate in two large defense firms, in which he focused on complex commercial litigation matters. He is admitted to the bar in Illinois, the United States District Court for the Northern District of Illinois, the United States District Court for the Southern District of Illinois and the United States Court of Appeals for the Seventh Circuit.

*Adam L. Marchuk*
**Associate**

  Adam L. Marchuk is a 2003 graduate of the Tulane University School of Law, where he was a Managing Editor of The Tulane Maritime Law Journal. He received a Bachelor of Arts degree in 1998 from Miami University. Prior to joining the firm, Mr. Marchuk worked as an associate in the Charleston, SC office of Motley Rice LLC, where he focused on mass tort litigation and product liability matters. He is admitted to the bar in Illinois.