**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL CASES ) ) ) | Judge Patti B. Saris |

## THE TRACK 1 DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL INDIVIDUAL MEMORANDA IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Pursuant to Local Rule 7.1(b)(3), the Track 1 Defendants[1] in the above-captioned cases ("Defendants") hereby jointly move for leave to file supplemental, individual memoranda, not more than ten pages in length, in opposition to Plaintiffs' Motion for Class Certification. Plaintiffs seek to certify classes to proceed against Defendants collectively, and these company-specific memoranda would enable Defendants to address critical issues unique to each Defendant that are relevant to class-certification issues.

In further support of this motion, Defendants state:

1.   Case Management Order No. 10 ("CMO 10") established the deadline for the filing of Defendants' Opposition to Plaintiffs' Motion for Class Certification. Defendants' Opposition is due on October 25, 2004. In addition, the Court ruled on August 30, 2004 that "[t]he Memorandum in Support, and the Opposition shall be no more than 50 pages. The Reply and Surreply shall be no more than 25 pages."

---

[1] The "Track 1 Defendants" are those Defendants identified as "Phase 1 fast track" Defendants in Case Management Order No. 10, entered by Judge Saris on March 25, 2004. Specifically, the Track 1 Defendants are AstraZeneca, the BMS Group (Bristol-Myers, OTN, and Apothecon), the GSK Group (GlaxoSmithKline, SmithKline Beecham, and

2. Plaintiffs filed their Motion for Class Certification on September 3, 2004, and seek to certify classes under Rule 23 against the Track 1 Defendants collectively.

3. As the Court suggested at the March 8, 2004 Status Conference, however, each defendant and Plaintiff-designated defendant "group" utilize different pricing, discounting, and marketing practices for their various products. *See* Tr. at 29. Furthermore, such practices also vary within the so-called defendant "groups" and even among the products of each defendant.

4. Brief supplemental submissions of not more than ten (10) pages from each defendant or so-called defendant "group" would ensure that these critical differences between and among defendants and defendants' products are properly presented to the Court.

WHEREFORE, Defendants respectfully move that this Court grant them leave to file supplemental individual memoranda in opposition to Plaintiffs' Motion for Class Certification. Defendants further request oral argument on this matter.

                By their attorneys,

                /s/ John T. Montgomery
                John T. Montgomery (BBO#352220)
                jmontgomery@ropesgray.com
                Brien T. O'Connor (BBO#546767)
                boconnor@ropesgray.com
                Crystal D. Talley (BBO#633759)
                ctalley@ropesgray.com
                John R. Therien (BBO#651185)
                jtherien@ropesgray.com
                Ropes & Gray LLP
                One International Place
                Boston, Massachusetts 02110-2624
                (617) 951-7000

Dated: September 16, 2004

---

Glaxo Welcome), the Johnson & Johnson Group (J&J, Centocor, and Ortho Biotech), the Schering-Plough Group (Schering and Warrick).

-3-

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2004, I caused a true and correct copy of Defendants' Motion for Leave to File Supplemental Individual Memoranda in Opposition to Plaintiffs' Motion for Class Certification to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ John R. Therien
John R. Therien