# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 146 |
| | ) | CIVIL ACTION: 01-CV-12257 PBS |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) | Chief Magistrate Judge Marianne B. Bowler |

## DECLARATION OF SCOTT ALAN GEORGE, ESQUIRE

Scott Alan George, Esq., pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am an attorney with the firm Sheller, Ludwig & Badey, P.C. of Philadelphia, Pennsylvania and am working with Plaintiffs' lead counsel to coordinate plaintiffs' discovery served on third party wholesalers, including but not limited to McKesson Corp. ("McKesson").

2. I have read the Declaration of Stephen D. Kaus filed with McKesson's Opposition Papers, and generally disagree with his characterization of statements he claims I have made.

3. In my efforts to meet and confer with McKesson regarding its reasonable obligations under the Amended Subpoena, I have made significant efforts to facilitate production of documents and alleviate McKesson of any undue burden. For example, to streamline data collection, I proposed that McKesson's review of its pricing data be limited to a sample of thirty of its customers: the top, middle and bottom ten by account.

4. Most recently, on August 31, 2004, while the Motion to Compel was still pending and in continuing efforts to move discovery with McKesson forward, I proposed further limitations on the scope of documents covered by Requests Nos. 4 and 5 of the Amended Subpoena. As of this date, I have heard no response from McKesson regarding my proposal.

5. At least one other wholesaler, subject to an identical Subpoena, has successfully implemented a more responsive process to investigate the existence of responsive documents. These efforts include: proceeding with the collection of pricing data without the benefit of Plaintiffs provision of an NDC list; and collection and production of documents relating to AWP although this other wholesaler similarly states that it plays no instrumental role in the publication or use of that pricing category.

6. McKesson only produced 27 documents prior to the filing of the Motion to compel. Three of these 27 documents were duplicates. In addition to a single overarching chart of McKesson's corporate structure, the documents are only what appears to be the controlling agreements with five retailers and an obsolete agreement with a sixth, and require only a little over a single ream of paper to copy. Accompanying these documents were some discs with data that was accompanied by no other related, explanatory documents such as transmittal letters or letters requesting the data in the first instance.

I declare the foregoing to be true under the penalty of perjury.

Philadelphia, Pennsylvania
September 20, 2004

By_____
Scott Alan George
Sheller Ludwig & Badey, P.C.
1528 Walnut Street
3rd Floor
Philadelphia, PA  19102
Telephone:  (215) 790-7300
Facsimile:  (215) 546-0942

3