## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

### PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL B. BRAUN OF AMERICA TO MAKE SUPPLEMENTAL 30(B)(6) DESIGNATION

Under the reasoning of B. Braun of America's ("BBA's") Opposition to Plaintiffs' Motion to Compel BBA to Make Supplemental 30(b)(6) Designation ("Opposition"), BBA should be excused from failing to designate a witness under Fed. R. Civ. P. 30(b)(6), and from its improper refusal to answer questions on the purported basis of the attorney-client privilege, because BBA would have preferred that plaintiffs conduct their jurisdictional discovery in another fashion. Unfortunately for BBA, there is no authority that supports its position. For that reason alone, plaintiffs' motion to compel should be granted.

Moreover, BBA has failed to proffer any other valid reason why plaintiffs' motion to compel should not be granted. BBA improperly suggests that plaintiffs' counsel have violated Fed. R .Civ. P. 11 and states that plaintiffs used their 30(b)(6) deposition of BBA to disguise alleged mistakes made in the process of drafting the AMCC. But BBA's vitriol has no basis in fact and, in any event, provides no reason to deny plaintiffs' motion to compel. Finally, plaintiffs fully complied with F.R.C.P. 37(a)(2)(B) and Local Rule 37.1 by attempting discussions of the merits of BBA's positions on the record during the 30(b)(6) deposition of BBA's representative. BBA's gamesmanship with regard to jurisdictional discovery specifically

authorized by this Court should no longer be tolerated.  Plaintiffs' motion to compel should be granted.

I.      **Introduction**

Much of BBA's Opposition is devoted to its allegation that plaintiffs improperly named BBA in the Amended Master Consolidated Complaint ("AMCC").  BBA is well aware that its beliefs on the subject are not and were not grounds for BBA to refuse to respond to plaintiffs' jurisdictional discovery; therefore, a response should not be required.  However, because of the seriousness of BBA's groundless accusations, which include accusing plaintiffs' counsel of violating Rule 11, a brief response is required.[1]

As this Court (and BBA and its counsel) are aware, none of the B. Braun entities are public entities.  The information about them is limited.  In filing the AMCC, plaintiffs justifiably relied on the information produced to them and information within the public domain to determine the proper B. Braun entities to name.  *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 47 (1991) (Rule 11 requires that plaintiffs' counsel make a "reasonable inquiry" into facts underlying complaint).  That information included Dun & Bradstreet reports on entities called B. Braun of America, Inc., B. Braun Medical, Inc., and B. Braun McGaw, Inc.  *See* Exhibits A, B, and C, respectively.  Notably, the report on BBA provides that BBA is:

> Active as holding company which through its subsidiaries Manufactures disposable plastic medical apparatus which is sterile and pyrogen-free, wholesale medical equipment (kidney dialysis machines) and operates as an investment and financing concern.
>
> The company designs, manufactures and distributes principally disposable medical products and intravenous solutions for hospitals and other acute and continuing care setting, original equipment

---

[1]     BBA's failure to properly serve a motion and instead to make allegations that plaintiffs violated Rule 11 themselves violate Rule 11.  *See* Advisory Comment to 1993 Amendments ("Rule 11 motions should not be . . . prepared to emphasize the merits of a party's position.").

> manufacturers (OEMs) and interventional specialists.  The company also distributes products internationally, primarily through affiliated B. Braun Group Companies and licensing agreements with third-party companies, and certain of its medical technology product line.

Ex. A at 6-7.  Likewise, the report on BBM provides that BBM "[m]anufactures disposable plastic medical apparatus including pharmacy additive products, catheters and filtering devices." Ex. B at 10.  Finally, the report on B. Braun McGaw, Inc. provides that B. Braun McGaw, Inc. is a subsidiary of BBA that manufactures "intravenous solutions, other pharmaceutical preparations & related infusion supplies and equipment."  Ex. C at 1.  *See also id.* at 9 (stating same).

During the deposition of BBA's 30(b)(6) designee, Ms. Cathy Codrea, plaintiffs' counsel presented many of these documents to Ms. Codrea and asked her to explain the inconsistencies between her testimony and the contents of those documents.  Ms. Codrea could not and would not do so.  *See* Codrea Tr., Exhibit 1 to Motion to Compel, at 86-117 (inquiring regarding Dun & Bradstreet reports on three B. Braun entities and into documents produced in this litigation). Indeed, during the past year, all BBA had to do was provide information to plaintiffs so that they could ensure their due diligence led to the naming of the correct B. Braun entity.  Instead, BBA has played games and hurled accusations.  BBA's refusals to answer questions at its 30(b)(6) deposition, rather than those accusations, are what should be decided here.

## II.    Argument

### A.    BBA Failed to Designate a Proper 30(b)(6) Designee

Nothing in BBA's Opposition mitigates against its failure to designate a 30(b)(6) designee with knowledge of facts related to BBA's subsidiary, B. Braun Medical, Inc. ("BBM") and the relationship between BBA and BBM.  Specifically, BBA failed to designate a witness with knowledge of:

- Information that would establish the relationship between BBA and BBM, such as whether Messrs. Neubauer, Hugel, or DiNardo (BBA officers) attended BBM meetings.  *See* Mot. to Compel, at 6 n.3; Ex. 1 to Mot. to Compel.

- All AWPIDs manufactured, distributed, marketed or sold by BBM (or any other B. Braun subsidiaries), and other factual information about BBM.  Motion to Compel, at 8.

- Information regarding an entity called "B. Braun McGaw, Inc."  *See* Mot. to Compel, at 9 n.4; Ex. 8 to Mot. to Compel.

- Whether *all* of the entity formerly known as McGaw, Inc., an entity who during the class period was involved in the setting of AWP and marketing of AWPIDs, had been merged into B. Braun Medical, Inc.  *See* Mot. to Compel, at 9 n.4; Exhibits 8 and 9 to Motion to Compel.

These facts are necessary for plaintiffs to fully respond to BBA's (now renewed) Motion to Dismiss the Amended Master Consolidated Complaint ("AMCC"), wherein BBA alleges that this Court lacks personal jurisdiction over BBA because BBA has no contacts with Massachusetts.  *See Cabot Safety Intermediate Corp. v. Akron Safety Equip., Inc.*, 12 F. Supp. 2d 180, 181 (D. Mass. 1998) (holding personal jurisdiction over a parent corporation is found based upon the acts of its subsidiary where there is "clear evidence that the parent in fact controls the activities of its subsidiary")  (citing *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 905 (1st Cir. 1980)).  BBA refused to provide them.  Under this Court's decision in *Calzaturificio S.C.A.R.P.A. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 38 (D. Mass 2001), which held in a different factual context that the duty of inquiry under Fed. R. Civ. P. 30(b)(6) standard was same as the standard under Fed. R. Civ. P. 34, BBA was obligated to inquire from BBM about these topics.[2]

---

[2]     BBA claims that plaintiffs have only cited two unreported decisions in support of their assertion that BBA had a duty to investigate the Areas of Inquiry with its subsidiary, BBM.  However, BBA conveniently ignores plaintiffs' argument that this Court's decision in *Calzaturificio* supports the reasoning of those two decisions.  In addition, BBA has not cited a single case holding that it did *not* have the obligation to investigate the Areas of Inquiry with BBM.

"Producing an unprepared witness is tantamount to a failure to appear at a deposition."

*Calzaturificio,* 201 F.R.D. at 39.[3]

> **B.      BBA Has Failed to Provide Any Grounds To Support Its Blanket Assertion of the Attorney-Client Privilege**

Likewise, BBA has failed to provide any grounds to support its assertion of the attorney-client privilege to protect the disclosure of *facts* communicated to an attorney.  In essence, BBA's argument is as follows:  because Ms. Codrea was BBA's (and not BBM's) 30(b)(6) designee, she did not have to testify about any information imparted to her as an attorney for BBM *on the grounds of the attorney-client privilege*.  *See* Opp. at 17-18.  BBA concedes that Ms. Codrea improperly refused to answer questions on the basis of the attorney-client privilege and instead states that because Ms. Codrea was being asked questions relating to BBM (and not BBA) that she could refuse to answer on any grounds she wished.  Such a contortion of the attorney-client privilege should not be countenanced.

> **C.      Plaintiffs Complied with Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 37.1**

In a last ditch effort to place the blame for its deposition conduct on plaintiffs, BBA states that plaintiffs' motion to compel should be denied because plaintiffs' counsel failed to confer with BBA under Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 37.1.  Plaintiffs fully complied with those rules.  The plain language of Rule 37(a)(2)(B) states that "[w]hen taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order."  *See also Cabana v. Forcier*, 200 F.R.D. 9, 17 (D. Mass. 2001) ("If a deponent refuses to answer deposition questions, the party seeking those

---

[3]      BBA's citation of *United States v. Massachusetts Indus. Fin. Agency*, 162 F.R.D. 410, 412 (D. Mass. 1995) is inapposite.  *See* Opp. at 13 n.1.  Unlike here, in that decision, the Court held that the party to be sanctioned did not act in bad faith in failing to prepare for a 30(b)(6) deposition because no one at the corporation had knowledge of some of the 30(b)(6) topics.  *Id.* at 412.

response may file a motion . . . for an order compelling answers.").  When BBA's 30(b)(6) designee refused to respond to questions on the basis that they were improper under Fed. R. Civ. P. 30(b)(6) and on the grounds that they violated the attorney-client privilege, the proper approach was for plaintiffs to file their motion to compel.  Indeed, the procedural impropriety here is BBA's, which failed to seek a protective order once it knew of the topics into which plaintiffs intended to inquire and to which it objected.  *See* Fed. R. Civ. P. 30(d); *American Hangar, Inc. v. Basic Line, Inc.*, 105 F.R.D. 173 (D. Mass. 1985) ("During the deposition, counsel for the defendant could have moved for a protective order, or moved for an order pursuant to Rule 30(d), F.R.C.P. . . . . If he had exercised either of these options, he would have been acting as provided in the Rules.  But instructing the witnesses not to answer is not a proper choice or remedy under the Rules.").

BBA claims that plaintiffs' L.R. 37.1 certification was inadequate but, even though the certification is short, this Court and other federal courts have recognized that a determination of whether an adequate conference was held should not be made by merely examining the certificate, but also by reviewing the motion at issue and its exhibits.  *See In re Tyco Int'l, Ltd. Multidistrict Litig.*, Case No. 03-1339-B, 2004 U.S. Dist. LEXIS 9667 (D.N.H. May 25, 2004), at *4 (distinguishing *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.* and *Yoon v. Celebrity Cruises, Inc.*, Southern District of New York cases cited by BBA, and holding that, though certificate under L.R. 37.1 did not detail attempts to confer, those attempts were evident from reviewing motion to compel in its entirety); *Fondren v. Republic Am. Life Ins. Co.*, 190 F.R.D. 597, 601-02 (N.D. Okl. 1999) (describing defendant's description of plaintiffs' one sentence certification of attempt to meet and confer as "unnecessary and unhelpful" where defendant stated the plaintiffs' certification was a "blatant misrepresentation" when the parties in fact

attempted to meet and confer on the record during deposition).  Here, plaintiffs' motion to compel and the exhibits establish that plaintiffs did more than necessary in attempting to confer with BBA on the two issues identified in their motion to compel.

It is and was clear from Ms. Codrea's testimony (and her attorney's statements) during the 30(b)(6) deposition that (a) BBA would not back down from its position that it did not have to investigate the Areas of Inquiry by speaking to anyone at BBM and (b) BBA would not reconsider its assertion of the attorney-client privilege.  Indeed, plaintiffs' counsel spent over thirty-one pages of the 117-page deposition transcript merely establishing a record that BBA would continue to assert the attorney-client privilege.  *See generally* Codrea Tr., Ex. 1 to Motion to Compel, at 86-117.  Under no interpretation of Federal Rule 37 or Local Rule 37.1 did plaintiffs' obligation to meet and confer include confirming that BBA would, indeed, continue to take the positions it took on the record during the Codrea deposition.  *See A&V Fishing, Inc. v. The Home Ins. Co.*, 145 F.R.D. 285, 287 (D. Mass. 1993) ("The mechanisms of the local rules are designed to resolve or narrow areas of dispute; they are not to be employed as a stalling tactic by counsel from whom discovery is sought.") (holding in-person conference conferring on discovery dispute was not required under local rules).

BBA's citation of the exchange between BBA's counsel and plaintiffs' counsel on pages 9-10 of its Opposition are not to the contrary.  They reflect BBA's counsel's repeated attempts to disrupt the questioning of Ms. Codrea, not a legitimate attempt to confer about disputed issues. The full record, carefully excerpted by BBA, reflects this.  *See, e.g.,* Codrea Tr., Ex. 1 to Motion to Compel, at 56:8-16 (threatening to call judge); *id.* at 97:8-99:7 (threatening to walk out of deposition).

## III.   <u>Conclusion</u>

BBA has provided no grounds on which to deny plaintiffs' motion to compel.  Plaintiffs

therefore respectfully request that this Court enter an order granting plaintiffs' motion to compel

and all other relief that this Court deems just and proper.


DATED this 20th day of September 2004.        By:___/s/ Thomas M. Sobol_____
                                              Thomas M. Sobol (BBO # 471770)
                                              Edward Notargiacomo (BBO #567636)
                                              Hagens Berman LLP
                                              One Main Street, 4th Floor
                                              Cambridge, MA  02142
                                              Telephone: (617) 482-3700
                                              Facsimile: (617) 482-3003

                                              Steve W. Berman
                                              Sean R. Matt
                                              Hagens Berman LLP
                                              1301 Fifth Avenue, Suite 2900
                                              Seattle, WA  98101
                                              Telephone: (206) 623-7292
                                              Facsimile: (206) 623-0594

                                              Kenneth A. Wexler
                                              Elizabeth Anne Fegan
                                              The Wexler Firm [LLP]
                                              One N. LaSalle Street, Suite 2000
                                              Chicago, IL  60602
                                              Telephone: (312) 346-2222
                                              Facsimile: (312) 346-0022

                                              Samuel Heins
                                              Brian Williams
                                              Heins Mills & Olson, P.L.C.
                                              3550 IDS Center
                                              80 South Eighth Street
                                              Minneapolis, MN  55402
                                              Telephone: (612) 338-4605
                                              Facsimile: (612) 338-4692

Jeff Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Alan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

***Counsel for Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

Docket No. MDL 1456

I, Thomas M. Sobol, hereby certify that I am one of plaintiffs' attorneys and that, on September 20, 2004, I caused copies of PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL B. BRAUN OF AMERICA TO MAKE SUPPLEMENTAL 30(B)(6) DESIGNATION to be served via VeriLaw on all counsel of record.


Dated: September 20, 2004                      /s/ Thomas M. Sobol          
                                             Thomas M. Sobol