**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR**
**MOTION TO ADD B. BRAUN MEDICAL, INC. AS A DEFENDANT**

B. Braun of America, Inc.'s ("BBA's") Opposition to plaintiffs' Motion to Add B. Braun Medical, Inc. ("BBM") as a Defendant ("Motion to Add") is based on both misreadings of this Court's prior decisions and false assertions that plaintiffs' inclusion of BBA as the sole B. Braun defendant in the Amended Master Consolidated Complaint ("AMCC") was intentional.  In fact, because this Court specifically directed plaintiffs to respond to the jurisdictional issues raised in BBA's motion to dismiss by August 24, 2004, BBA's reliance on other, unrelated orders is misplaced.  Moreover, BBA's claim of "unfair prejudice" rings hollow.  As demonstrated by BBA's recent 30(b)(6) deposition testimony, as well as BBA's answering plaintiffs' Motion to Add <u>BBM</u> as a party, BBA has conflated BBA and BBM throughout this litigation.  BBM will therefore suffer no prejudice by being added now.  Because the addition of BBM is necessary, timely and would prejudice no party, plaintiffs' Motion to Add should be granted.

**I.     Argument**

    **A.     Plaintiffs' Motion to Add BBM as a Defendant is Timely.**

In misplaced reliance on this Court's June 9, 2004 Order with respect to plaintiffs' motion to substitute Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), BBA now argues on BBM's

behalf that, because this Court denied plaintiffs' Motion to Substitute BIPI for Boehringer Ingelheim Corporation as untimely, this Court should deny plaintiffs' Motion to Add BBM for the same reason.  But several fundamental and obvious distinctions exist between the Boehringer and B. Braun situations.  First, plaintiffs' Motion to Add BBM was filed in direct response to this Court's Order February 24, 2004 Order requiring plaintiffs to "respond to the issues of personal jurisdiction and whether the service of B. Braun of America relates back to the service of B. Braun Medical, Inc. ("BBM") by August 24, 2004."  No such order to respond to jurisdictional issues existed in the Boehringer situation.

Second, unlike BIPI, BBM has clearly had notice of this litigation.  BBM was previously named in the Master Consolidated Complaint ("MCC").  BBM argues that it only had notice that it had been dismissed from the MCC, but not that it would be "dragged back" into the litigation. However, although BBM was not named in the AMCC, BBM has continued to participate in this case.  Notably, BBM has produced documents through BBA, and in turn, BBA has answered pleadings, including the instant one, on BBM's behalf.  (*See* BBA's Obj. and Resp. to Plaintiffs' Omnibus Req. for Prod. And Interr., Exhibit 2 to BBA's Opposition; BBA's Resp. Mem. to Pls. Motion to Add BBM; Answer of BBA to AMCC).

Third, plaintiffs' inadvertently failed to name BBM.  Although BBA goes to great lengths to demonstrate that plaintiffs were aware of the *existence* of BBM, that obvious fact is immaterial.  Instead, the relevant question is whether the naming of BBM was a mistake.  As BBA agrees, "[a] party may resort to Rule 21 to add a party who for some innocent reason has not been made a party to the action and whose presence is necessary or desirable." *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 825 F. Supp. 340, 344 (D. Mass. 1993) (cited in BBA's Opposition at 8).

Contrary to BBA's unsupported claim that plaintiffs deliberately omitted BBM in filing the AMCC, the absence of BBM as a named defendant in the AMCC was an inadvertent error. (*See* Declaration of Kenneth A. Wexler, ex. A).   Since discovering the error, plaintiffs have used the jurisdictional discovery permitted by this Court to ensure that BBM should, indeed, be added back as a defendant.   The jurisdictional discovery was necessary because, since the filing of the AMCC, B. Braun has intentionally presented a moving target and conflated BBA and BBM for the purpose of attempting to evade liability altogether.   Faced head-on with its game-playing, BBA pieces together its representations to imply that it has been forthcoming throughout the course of the litigation.   However, on closer examination, this was far from the case.   The only affirmative statement in which BBA admitted that BBM manufactured the drugs in any of plaintiffs' complaints was contained in BBA's Answer to the AMCC, filed on April 9, 2004. (Answer of BBA to AMCC ¶ 314).   Needless to say, this admission was made well after this Court's February 24, 2004 Order pursuant to which plaintiffs filed this motion.

Plaintiffs were unable to confirm that BBM manufactured all the drugs identified in Exhibit A to the AMCC beforehand because, even after BBA admitted that BBM produced some of the drugs mentioned in the AMCC, it reverted back to its previous gamesmanship.   As discussed more fully in plaintiffs' Motion to Compel B. Braun of America to Make Supplemental 30(b)(6) Designation ("Motion to Compel") and the reply brief in support thereof, filed contemporaneously herewith, BBA refused to answer and could not testify whether BBM manufactured *all* of the drugs listed in Exhibit A to the AMCC.   In addition, BBA asserted that it had no knowledge of an entity called B. Braun McGaw, Inc., for which publicly available documents exist.[1]

---

[1] Although Dun and Bradstreet provides a report for an entitled called B. Braun McGaw, Inc., *see* Exhibit 8 to plaintiffs' Supplement (Exhibit 3 to Codrea dep.), BBA's 30(b)(6) witness was not familiar with such an entity and

Finally, there are no other orders in this action that make plaintiffs' Motion to Add BBM untimely.  BBA misconstrues an entire series of this Court's orders, which on their face do not apply to the situation at hand.  For example, in support of its accusations that plaintiffs' motion makes a "mockery of the Federal and Local Rules, as well as this Court's prior Orders," BBA cites only orders dealing with amendments to add *new claims*, not new parties.  *See* BBA Resp. Mem. at 11 (citing Tr. Of Nov. 21, 2003 Hearing at 46:8-9 ("I'm not allowing any amendments that add dramatically new claims"); 52:6-15 ("I'm not going to allow any new claims")).  There is no prior order of this Court forbidding additions or substitutions of additional *parties*, because in this District, necessary parties may be added by court order where their absence is the result of an innocent mistake.  *See Data Gen. Corp.*, 825 F. Supp. at 344.  Indeed, previously unnamed subsidiaries have been added by stipulation as defendants in this case as late as August 31, 2004, when newly acquired evidence had been discovered.  (*See* Stipulation to Amend the AMCC to Add Specified Subsidiaries of Johnson & Johnson Defendants, Exhibit B).  Because plaintiffs' Motion to Add is timely, BBM should be added as a defendant.[2]

## B.    Adding BBM as a Defendant Would Not Result in any Undue Prejudice or Delay.

BBA further argues (on BBM's behalf) that BBM's addition as a defendant would be unfairly prejudicial.  However, BBA can provide no legitimate basis for BBM's claims of prejudice.  BBM has been aware of this litigation, and indeed has continued to participate in it, since 2001.

---

had no knowledge of its existence.  *See* Codrea Tr., at 18:22-21:6, Exhibit 1 to plaintiffs' Supplement.  She likewise could not testify whether *all* of the entity formerly known as McGaw, Inc. had been merged into B. Braun Medical, Inc.  *Id.* at 79:10-82:18.

[2]  Should the Court grant plaintiffs' Motion to Add, plaintiffs will serve the AMCC on BBM in compliance with Local Rule 15.1(b).

First, BBM has been on notice of this litigation since at least as early as the filing of the MCC on September 6, 2002. Moreover, for reasons more fully set forth in plaintiffs' Supplement to Their Opposition to B. Braun of America, Inc.'s Motion to Dismiss ("Supplement"), through the relationship between BBA and BBM, knowledge of the developments in this litigation can be imputed to BBM. *See Moses v. Joint Frost, M/V*, C.A. No. 91-11247-WF, 1993 U.S. Dist. LEXIS 5678, at *4 (D. Mass. Apr. 21, 1993) (Wolf, J.) (quoting *Jimenez v. Toledo*, 604 F.2d 99, 102 (1st Cir. 1979)) (holding doctrine was satisfied where original party was alleged to have been "owned, operated, and controlled" by added party). BBM responds that, following its dismissal from the MCC, it could have assumed that it would never again be named as a defendant in this case. However, given that BBM knew it manufactured at least some of the drugs at issue, it should have known that it was one of the proper B. Braun parties to this litigation.

Second, despite not being named as a defendant in the AMCC, BBM has continued to participate in the litigation. BBA and BBM have worked in tandem throughout the pleading and discovery phases of this case. Indeed, BBA filed its Opposition to this motion on behalf of BBM. Moreover, BBA has produced documents on behalf of BBM, which alleviates concerns that its addition as a party might cause any delay. (BBA's Obj. and Resp. to Plaintiffs' Omnibus Req. for Prod. And Interr., Exhibit 2 to BBA's Opposition). Finally, as a Track Two defendant pursuant to this Court's Case Management Order ("CMO") No. 10, discovery with respect to the Braun entities remains in the early stages. (CMO 10, at 4-5). Accordingly, there is no reason that adding BBM would result in significant delay or prejudice to any of the parties.

Finally, no other party would be prejudiced by the addition of BBM as another Braun defendant. Plaintiffs seek to raise no new claims or theories against BBM but simply to name

5

the appropriate responsible parties.   This Court has permitted stipulated amendments to the AMCC as late as August 31, 2004 to add new parties and address issues similar to those raised here. (*See* Exhibit B).

**C.      As BBM Now Admittedly Produced Drugs At Issue in the AMCC, Plaintiffs' Motion to Add is Necessary.**

It has become clear, through BBA's answer to the AMCC and the jurisdictional discovery conducted by plaintiffs, that BBM is a proper and necessary party to this litigation.  Specifically, BBA has admitted that BBM produced the drugs identified in Exhibit A to the AMCC.  (Answer of BBA to AMCC ¶ 314).   Moreover, BBA's Rule 30(b)(6) deponent confirmed that BBM manufactured at least some of the relevant drugs.  (Codrea Tr., at 7:8-20, Exhibit 1 to plaintiffs' Supplement).   If the same claims that have been made against BBA are raised against BBM, which admitted that it had produced the relevant drugs, no credible argument can be made that such an amendment is futile.

WHEREFORE plaintiffs respectfully request that this Court grant their Motion to Add, and all other relief that this Court deems just and proper.

Dated: September 20, 2004                    By:   /s/ Thomas M. Sobol
                                                    One of Plaintiffs' Counsel

                                                    Thomas M. Sobol
                                                    Edward Notargiacomo
                                                    HAGENS BERMAN LLP
                                                    One Main Street
                                                    4th Floor
                                                    Cambridge, MA 02142

                                                    **LIAISON COUNSEL**

                                                    Steve W. Berman
                                                    Sean R. Matt
                                                    HAGENS BERMAN LLP
                                                    1301 Fifth Avenue, Suite 2900
                                                    Seattle, WA 98101

Samuel Heins
Brian Williams
HEINS MILLS & OLSON, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Jeff Kodroff
John Macoretta
SPECTOR, ROSEMAN &
KODROFF, P.C.
18181 Market Street, Suite 2500
Philadelphia, PA 19103

**CHAIRS OF LEAD COUNSEL
COMMITTEE**

Kenneth A. Wexler
Elizabeth A. Fegan
THE WEXLER FIRM [LLP]
One North LaSalle
Suite 2000
Chicago, Illinois 60602

Marc H. Edelson
HOFFMAN & EDELSON
45 West Court Street
Doylestown, PA 18901

**MEMBERS OF LEAD
COUNSEL COMMITTEE AND
EXECUTIVE COMMITTEE**

Michael McShane
ALEXANDER, HAWES & AUDET
LLP
300 Montgomery Street, Suite 400
San Francisco, CA 94104

Robert E. Piper, Jr.
PIPER & ASSOCIATES
624 Pierre Avenue
Shreveport, LA 71103

**MEMBERS OF EXECUTIVE
COMMITEE**

Anthony Bolognese
BOLOGNESE & ASSOCIATES
One Penn Center
1617 JFK Boulevard
Suite 650
Philadelphia, PA 19103

Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Avenue, N.E.
Suite 300
Washington, D.C. 20002

Neal Goldstein
Freedman & Lorry, P.C.
400 Market Street, Suite 900
Philadelphia, PA 19106

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL 33134

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street, Suite 21700
San Diego, CA 92101

Jonathan D. Karmel
KARMEL & GILDEN
221 N. LaSalle Street
Suite 1414
Chicago, IL 60601
Philadelphia, PA 19103

Diane M. Nast
RODA & NAST PC
801 Estelle Drive
Lancaster, PA 17601

Henry H. Rossbacher
ROSSBACHER & ASSOCIATES
811 Wilshire Boulevard
Suite 1650
Los Angeles, CA 90017-2666
Jonathan Shub
SHELLER, LUDWIG & BADEY
1528 Walnut Street
3rd Floor
Philadelphia, PA 19102

Ira Neil Richards
TRUJILLO RODRIGUEZ &
RICHARDS, LLC
The Penthouse
226 West Rittenhouse Square
Philadelphia, PA 19103

9

Lee Squitieri
SQUITIERI & FEARON
521 Fifth Avenue
26th Floor
New York, NY 10175

Scott R. Shepherd
SHEPHERD & FINKLEMAN, LLC
117 Gayley Street, Suite 200
Media, PA 19063

Mitchell A. Toups
WELLER, GREEN, TOUPS &
TERRELL L.L.P.
2615 Calder Street, Suite 400
P.O. Box 350
Beaumont, TX 77704

Damon Young
Lance Lee
YOUNG, PICKETT & LEE
4122 Texas Boulevard
P.O. Box 1897
Texarkana, AR/TX 75504

**ADDITIONAL ATTORNEYS
FOR PLAINTIFFS**

10

## <u>CERTIFICATE OF SERVICE BY VERILAW</u>

Docket No. MDL 1456

I, Thomas M. Sobol, hereby certify that I am one of plaintiffs' attorneys and that, on September 20, 2004, I caused copies of Plaintiffs' Reply Brief in Support of Their Motion to Add B. Braun Medical, Inc. as a Defendant to be served on all counsel of record by causing same to be posted electronically via Verilaw.


Dated: September 20, 2004                           /s/ Thomas M. Sobol
                                                      Thomas M. Sobol

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**


| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY | ) | MDL No. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION: |
| —————————————————— | ) | |

Judge Patti B. Saris

Chief Mag. Judge Marianne B. Bowler


**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE
REPLY BRIEFS IN SUPPORT OF (1) PLAINTIFFS' MOTION TO COMPEL B. BRAUN
OF AMERICA TO MAKE SUPPLEMENTAL 30(B)(6) DESIGNATION AND
(2) PLAINTIFFS' MOTION TO ADD B. BRAUN MEDICAL, INC. AS A DEFENDANT**

Having considered Plaintiffs' Motion for Leave to File Reply Briefs in Support of (1)

Plaintiffs' Motion to Compel B. Braun of America to Make Supplemental 30(b)(6) Designation

and (2) Plaintiffs' Motion to Add B. Braun Medical, Inc. as a Defendant, it is hereby

ORDERED:

1.      Plaintiffs' Motion is GRANTED.

2.      Plaintiffs may file their reply briefs in support of their Motion to Compel B.

Braun of America to Make Supplemental 30(b)(6) Designation and Motion to Add B. Braun

Medical, Inc. as a Defendant.


DATED:  _____            _____

                                                        Hon. Marianne B. Bowler
                                                        United States Magistrate Judge

12