UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> *State of Montana v. Abbott Labs, Inc., et al.,* ) <br> D. Mont. Cause No. CV-02-09-H-DWM ) <br> ) <br> ) <br> _____) | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris |

## B. BRAUN OF AMERICA INC.'S OPPOSITION TO PLAINTIFF STATE OF MONTANA'S MOTION TO JOIN IN CLASS PLAINTIFFS' (1) MOTION TO COMPEL B. BRAUN OF AMERICA AND (2) SUPPLEMENT TO THEIR OPPOSITION TO B. BRAUN'S MOTION TO DISMISS

Having conducted no jurisdictional discovery as ordered by the Court, plaintiff State of Montana now seeks refuge from the consequences of its own lack of diligence. To that end, Montana argues that it should now be allowed to join in a motion and a supplemental opposition filed on August 24, 2004 by plaintiffs in the separate MDL proceeding (hereinafter the "MDL plaintiffs"), nearly one month after the Court ordered deadline has passed for conducting jurisdictional discovery and filing a supplemental opposition to B. Braun of America's ("BBA") motion to dismiss Montana's Second Amended Complaint. Specifically, Montana seeks to join in both the MDL plaintiffs' motion to compel a supplemental Rule 30(b)(6) designation and the MDL plaintiffs' supplement to their opposition to B. Braun of America Inc.'s motion to dismiss the Amended Master Consolidated Class Action Complaint ("AMCC"). Montana claims that its

failure to join in the MDL plaintiffs' filings was the result of inadvertence.[1] Given the sequence of events, the claim of inadvertence rings hollow. More importantly, however, Montana's joinder in the MDL plaintiffs' filings would be futile. That is, *even if* Montana timely sought to join in the MDL plaintiffs' filings, it would not alter the fact that Montana has conducted *no* jurisdictional discovery and simply ignored the Court's order to do so. Because Montana conducted no jurisdictional discovery, it can demonstrate no grounds, or standing, to join in the MDL plaintiffs' motion to compel. Likewise, Montana can demonstrate no common issue or interest in the MDL plaintiffs' supplement to their opposition to BBA's motion to dismiss such that joinder in that motion would be appropriate.

In short, Montana seeks to associate itself with filings that are entirely unrelated to any interest or obligation of Montana -- specifically, its burden to demonstrate any basis on which the Court may assert personal jurisdiction over BBA in accordance with Montana law. This effort to disguise its lack of diligence is both without merit and futile. Accordingly, Montana's motion to join in the motion and supplement in opposition filed by the MDL plaintiffs should be denied.

## ARGUMENT

I.   **Montana Has No Connection To The Issues Raised In The MDL Plaintiffs' Filings Nor Standing To Assert That It Was Denied Discovery, Thus Its Joinder Would Be Futile.**

As a threshold matter, Montana must demonstrate that joinder in the MDL plaintiffs' filings would not be futile. *See, e.g., Fagot v. Federal Dep. Ins. Corp.*, 584 F. Supp. 1168, 1177 (1st Cir. 1984) (holding plaintiff's failure to comply with the burden of showing why the

---

[1] Plaintiff's Mot. to File Joinder in Class Plaintiffs' (1) Mot. to Compel B. Braun of America and (2) Supplement to Their Opposition to B. Braun's Motion to Dismiss ("Pl.'s Mot.") at 2.

statutory jurisdictional requirement was not followed "makes joinder a futile endeavor"). Here, Montana was ordered to conduct discovery into whether the Court could assert personal jurisdiction over BBA in accordance with the law of Montana and to file a supplement in opposition to BBA's motion to dismiss by August 24, 2004.[2] (Mem. and Order of June 10, 2004 at 35.) However, it is clear that neither Montana nor counsel for MDL plaintiffs conducted *any* inquiry into BBA's contacts with Montana. Consequently, Montana has no connection to the issues raised by MDL plaintiffs' filings and no standing to assert that it was denied discovery. Therefore, Montana's joinder in these filings – even if timely – would be futile.

As an initial matter, in support of its motion to join in the MDL plaintiffs' motion to compel a supplemental Rule 30(b)(6) designation, Montana argues "BBA will not provide the answer to [] [the] critical inquiry" of whether BBA is a proper Defendant. (Pl.'s Joinder in MDL Class Pls.' (1) Mot. to Compel BBA and (2) Supp. to Their Opp. to BBA Mot. to Dismiss ("Pl.'s Joinder") at 2.) Yet, Montana does not contest and concedes that it conducted *no* independent jurisdictional discovery. Thus, Montana's intentionally ambiguous claim that "counsel had been *coordinating* with putative [MDL] class counsel on BBA discovery issues" is simply a red-herring. (Pl.'s Joinder at 2 (emphasis added).) Quite simply, Montana cannot be heard to complain that BBA refused to answer a question that was never posed to it.[3]

---

[2] The State of Montana bears the burden of proving that the Court possesses personal jurisdiction over each defendant, as determined by the state law of Montana. *Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992); *American Exp. Int'l, Inc. v. Mendez-Capellan*, 889 F.2d 1175 (1st Cir. 1989) (law of transferor forum applies).

[3] Montana also asserts *"the [MDL] plaintiffs were unable to discover the information requested."* (Pl.'s Mot. at 2.) (emphasis added.) This assertion, however, is irreconcilable with MDL plaintiffs counsel's declaration in support of the MDL plaintiffs' Reply in Support of their Motion to Add B. Braun Medical As A Defendant. There, counsel for MDL plaintiffs states *"discovery has made clear that [BBA's subsidiary] BBM manufactured and marketed the drugs at issue in the MDL ..."* (MDL Pls.' Brief In Supp. of Their Mot. to Add B. Braun Medical As A Defendant, Exhibit A (Affidavit of Kenneth A. Wexler) at ¶ 5.) The reality is far different from the confusing and contradictory picture that plaintiffs paint. In fact, there is no question that: (1) BBA -- the
(Continued...)

3

Montana fares no better by relying on the limited jurisdictional discovery conducted by the MDL plaintiffs because Montana cannot claim that the MDL plaintiffs sought jurisdictional discovery on its behalf. The only discovery conducted by the MDL plaintiffs, a Rule 30(b)(6) oral deposition of BBA's corporate representative, addressed BBA's contacts with the Commonwealth of Massachusetts. Indeed, the areas of inquiry identified in the MDL plaintiffs Notice of Deposition to BBA were expressly limited to issues regarding "drugs identified in the *AMCC*" (*i.e.*, not Montana's Second Amended Complaint) and BBA's contacts "in the *State of Massachusetts*" (*i.e.*, not Montana). (*See* Notice of 30(b)(6) Dep. at 5 (emphasis added) (Attached hereto as Exhibit A).) More importantly, during this deposition, counsel for the MDL plaintiffs made no attempt to inquire about BBA's contacts, if any, with the State of Montana.[4] (*See* Codrea Dep., generally.) In fact, not a single question regarding Montana's Second Amended Complaint, or any other issue related to Montana, was posed. (*Id.*) Given this failure to conduct discovery – either independently *or* through counsel for the MDL plaintiffs – Montana plainly does not have standing to join in the MDL plaintiffs' motion to compel.

The illogic of attempting to join a motion to compel without first conducting any discovery is followed by an equally puzzling argument in support of joinder in the MDL plaintiffs' supplement to their opposition to BBA's motion to dismiss the AMCC. In that motion, the MDL plaintiffs addressed *only* BBA's contacts with the Commonwealth of Massachusetts for purposes of jurisdiction in the MDL proceedings. (*See, generally,* MDL Pls.'

---

only defendant before the Court -- has never manufactured or marketed *any* drugs (*see* BBA Mem. in Support of Mot. to Dismiss ("BBA Mem.") at 1-2; Decl. of Charles A. DiNardo, Attach. to BBA Mem., at 7); and, (2) the identity of the drugs manufactured by *BBM* was acknowledged by BBA long ago in BBA's Answer (*see* BBA's Answer to Amended Master Consolidated Class Action Complaint, *filed* April 9, 2004, at ¶ 314). Clearly, no discovery was needed on either of these points.

[4]  Notably, Montana and the MDL plaintiffs share common counsel of record.

Supp. to Their Opp. to BBA's Mot. to Dismiss AMCC.)  Indeed, the MDL plaintiffs assert that the Court should pierce the corporate veil of BBA's subsidiary, B. Braun Medical Inc. ("BBM"), in order to extend personal jurisdiction over BBA.  This argument is premised entirely on BBM's contacts with *Massachusetts* and Massachusetts common law.[5]  (*Id.* at 4-6.)

Because it is Montana's burden to demonstrate personal jurisdiction over BBA, as determined by the law of Montana, it can demonstrate no connection with the Massachusetts-only issues raised in the MDL plaintiffs' supplement to their opposition to BBA's motion to dismiss.  *See Rivera-Lopez v. Municipality of Dorado*, 979 F.2d at 887 (holding law of transferor forum applies); *American Exp. Int'l, Inc.*, 889 F.2d at 1175 (same).

In sum, Montana attempts to disguise its lack of diligence by associating itself with the timely filings of the MDL plaintiffs.  However, Montana's failure to conduct any jurisdictional discovery – either independently *or* through counsel for the MDL plaintiffs – makes joinder in the MDL plaintiffs' filings futile.

**II.     Montana's Claim of Inadvertence Is, At Best, Implausible.**

"Routine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect."  *Negron v. Celebrity Cruises, Inc.*, 316 F.3d 60, 61 (1st Cir. 2003).  Even if the Court were to accept counsel's assertion that it had intended to file a joinder in the MDL plaintiffs' August 24, 2004 filings and inexplicably failed to file the document or to serve it on

---

[5] In addition, the MDL plaintiffs' argument is based entirely on BBA's relationship to BBM. BBM is not a party to this litigation. As a result, in order to even make this argument, the MDL plaintiffs had to file a concurrent motion to add BBM to the Amended Master Consolidated Class Action Complaint. Montana, however, has not sought to join in that motion or to add BBM as a party to Montana's Second Amended Complaint. Consequently, Montana cannot rely on BBM's alleged activities to form the basis for asserting jurisdiction over BBA.

any party, Montana can still not explain why it waited nearly two weeks after BBA filed its Renewed Motion to Dismiss before making this argument to the Court.

If Montana had truly intended to coordinate with the MDL plaintiffs' limited and last-minute jurisdictional discovery efforts and had prepared a notice joining in the MDL plaintiffs' filings (despite the fact that those filings relate in no way to the question of whether BBA has sufficient contacts with the State of Montana to justify the exercise of personal jurisdiction), then certainly BBA's Renewed Motion to Dismiss should have stirred an immediate response.[6] Instead, Montana's extended silence in the face of BBA's motion speaks volumes. Certainly, Montana cannot avoid the consequences of its repeated disregard of the Court and its Order of June 10, 2004 simply by raising – yet again – the claim of inadvertence.

Accordingly, Montana's motion to join in MDL plaintiffs' motion to compel and MDL plaintiffs' supplement to their opposition to BBA's motion to dismiss should be denied.

## CONCLUSION

For the foregoing reasons, the State of Montana's Motion to File its Joinder in Class Plaintiffs' (1) Motion to Compel B. Braun of America and (2) Supplement to Their Opposition to B. Braun's Motion to Dismiss should be DENIED.

Dated: September 23, 2004            Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Daniel F. Attridge, P.C.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Daniel F. Attridge, P.C.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Colin R. Kass
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　KIRKLAND & ELLIS LLP

---

[6] Montana's only defense of its failure to alert the Court or any party of its inadvertent error sooner, is that it was "confused" by BBA's Renewed Motion to Dismiss. (Pl.'s Mot. at 2.)

> 655 Fifteenth Street, N.W., Suite 1200
> Washington, D.C. 20005
> Telephone: (202) 879-5000
> Facsimile: (202) 879-5200
>
> ***Counsel for B. Braun of America Inc.***