UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*State of Montana v. Abbott Labs., Inc., et al.*, D. Mont. Cause No. CV-02-09-H-DWM | |

**PLAINTIFF STATE OF MONTANA'S OPPOSITION TO B. BRAUN OF AMERICA INC.'S RENEWED MOTION TO DISMISS**

Defendant B. Braun of America ("BBA") asserts that Montana's Second Amended Complaint should be dismissed because (i) the State "apparently concedes and does not contest the facts set forth in BBA's Motion to Dismiss," and (ii) in any event, BBA should be dismissed because it lacks contacts with the State of Montana. BBA Br. at 2-3. Both arguments fail.

First, BBA bases its concession contention on the incorrect assumption that Montana has not taken any jurisdictional discovery against BBA. The assertion is incorrect because, as the Court contemplated in Case Management Orders 9 and 11, counsel for Montana has been coordinating with putative class counsel in the private class actions on this issue. Indeed, Montana has joined in both the Class Plaintiffs' (1) Motion to Compel B. Braun of America and (2) the Supplement to Their Opposition to B. Braun's Motion Dismiss. Thus, Montana has not conceded that BBA should be dismissed.

Second, it is premature to consider BBA's renewed motion to dismiss because BBA has not provided the jurisdictional discovery that the Court contemplated BBA would provide. On June 10, 2004, the Court denied BBA's Motion to Dismiss the State of Montana's claims against

- 1 -

it, ordered discovery against BBA to proceed, and ordered Montana to "respond to the issues of personal jurisdiction and whether the named entity is a proper Defendant for the drugs listed by August 24, 2004." On February 24, 2004, the Court in the private class action proceedings entered a similar order, directing the plaintiffs to "respond to the issues of personal jurisdiction and whether the service of B. Braun of America relates back to the service of B. Braun Medical, Inc.," also by August 24, 2004.

The class plaintiffs, in coordination with Montana counsel, attempted to take discovery of BBA by noticing the deposition of BBA pursuant to Fed. R. Civ. P. 30(b)(6) to inquire into "jurisdictional issues," including all AWPIDs manufactured, distributed, marketed or sold by BBA, B. Braun McGaw, Inc. and B. Braun Medical, Inc. That deposition was taken on August 17, 2004. Because BBA failed to conduct the due diligence necessary to testify as to matters known or reasonably available to BBA and because BBA, through its counsel, refused to answer certain questions because the BBA designee was also an attorney for BBM (and, in particular, questions about what AWPIDs were sold by which Braun entities), the plaintiffs were unable to discover the information requested. Therefore, the plaintiffs moved to compel BBA to make a supplemental 30(b)(6) designation for the areas of inquiry for which BBA either failed to inquire or refused to answer. Montana has joined in that motion, requested that the Court also provide the State of Montana with the same relief and provide Montana with a later opportunity to "respond to the issues of personal jurisdiction and whether the named entity is a proper Defendant for the drugs listed" after BBA has provided the necessary information.

In light of BBA's actions, it would unfair for BBA to be dismissed from this case before it has provided the discovery necessary to fully determine whether the Court has jurisdiction over BBA. Accordingly, the Court should take the following actions: (i) stay the instant motion; (ii) grant the private plaintiffs' and Montana's motions to compel BBA to provide the discovery sought; and (iii) provide Montana with an opportunity to submit a supplemental memorandum in

opposition to BBA's renewed motion to dismiss after BBA has provided the necessary discovery.

By /s/ Steve W. Berman DATED: September 24, 2004.

Steve W. Berman
Sean R. Matt
HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol
HAGENS BERMAN LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

COUNSEL FOR PLAINTIFFS STATE OF MONTANA

Mike McGrath
Attorney General of Montana
Kathy Seeley
Assistant Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT 56920-1402
(406) 444-2026

Joseph P. Mazurek
CROWLEY, HAUGHEY, HANSON,
TOOLE & DIETRICH PLLP
100 North Park Avenue, Suite 300
P.O. Box 797
Helena, MT 59601-6263
(406) 449-4165

ADDITIONAL COUNSEL FOR PLAINTIFF
STATE OF MONTANA

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **PLAINTIFF STATE OF MONTANA'S OPPOSITION TO B. BRAUN OF AMERICA INC.'S RENEWED MOTION TO DISMISS** to be served on all counsel of record electronically on September 24, 2004, pursuant to Section D of Case Management Order No. 2.

By        /s/ Steve W. Berman
Steve W. Berman, Esq.
**HAGENS BERMAN LLP**
1301 5th Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292

- 4 -

1534.15 0024 MTN.DOC