UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
B. BRAUN OF AMERICA'S RENEWED MOTION TO DISMISS
THE AMENDED MASTER CONSOLIDATED COMPLAINT AND CROSS-MOTION
FOR STAY PENDING RESOLUTION OF PLAINTIFFS' MOTION TO COMPEL
B. BRAUN OF AMERICA, INC. TO MAKE SUPPLEMENTAL 30(B)(6) DESIGNATION**

Plaintiffs, by their attorneys, respectfully submit the following Opposition to B. Braun of America's ("BBA's") Renewed Motion to Dismiss the Amended Master Consolidated Complaint ("Renewed Motion").  In addition, as set forth in plaintiffs' Motion to Compel BBA to Make a Supplemental 30(b)(6) Designation ("Motion to Compel"), because BBA has wrongfully withheld discovery that would aid in the resolution of BBA's Renewed Motion, plaintiffs alternatively move this Court to stay its decision on BBA's Renewed Motion pending this Court's resolution of plaintiffs' Motion to Compel.

**I.      BBA's Personal Jurisdiction and Service Arguments are Without Merit**

In its motion to dismiss the AMCC (filed Aug. 1, 2003), BBA contended that (a) BBA had not been properly served with the AMCC and (b) this Court did not have personal jurisdiction over BBA.  On September 10, 2004, BBA filed a "Renewed" motion to dismiss the AMCC, which raised no new issues.

Both BBA's arguments fail.  As stated in plaintiffs' original opposition to BBA's motion to dismiss the AMCC, filed September 15, 2003 and incorporated by reference herein, BBA has

been properly served because, under the identity-of-interest doctrine, BBA had notice of the MCC through its subsidiary, BBM (who was named in the MCC). Under the judicially-created identity-of-interest doctrine, "a new party may be added 'when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced.'" *Moses v. Joint Frost, M/V*, C.A. No. 91-11247-WF, 1993 U.S. Dist. LEXIS 5678, at *4 (D. Mass. Apr. 21, 1993) (Wolf, J.) (quoting *Jimenez v. Toledo*, 604 F.2d 99, 102 (1st Cir. 1979)) (holding doctrine was satisfied where original party was alleged to have been "owned, operated, and controlled" by added party).

Moreover, as stated in their Supplement to Their Opposition to BBA's Motion to Dismiss the AMCC and Memorandum of Law in Support of Their Motion to Compel BBA to Make Supplemental 30(b)(6) Designation ("Supplement"), filed August 25, 2004 and likewise incorporated by reference herein, this Court should extend personal jurisdiction over BBA as the parent corporation of BBM because personal jurisdiction over a parent corporation is found based upon the acts of its subsidiary where there is "clear evidence that the parent in fact controls the activities of its subsidiary." *Cabot Safety Intermediate Corp. v. Arkon Safety Equip., Inc.*, 12 F. Supp. 2d 180, 181 (D. Mass. 1998) (citing *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 905 (1st Cir. 1980)). Based on *Cabot Safety*, this Court should extend personal jurisdiction over BBA because, as set forth fully in plaintiffs' Supplement, there is a confused intermingling of the activities of BBA and its subsidiary B. Braun Medical, Inc. ("BBM").

## II. Given BBA's Failure to Respond to Jurisdictional Discovery, This Court Should Defer Decision of the Renewed Motion Pending Resolution of Plaintiffs' Motion to Compel

While making the arguments set forth above, plaintiffs have likewise made clear that BBA's refusal to comply with Fed. R. Civ. P. 30(b)(6) and wrongful refusal to respond to questions on the purported basis of the attorney-client privilege have precluded plaintiffs from obtaining further discovery to support their opposition to BBA's motion to dismiss. Specifically, BBA failed to designate a witness who could testify with knowledge of:

- Information that would establish the relationship between BBA and BBM, such as whether Messrs. Neubauer, Hugel, or DiNardo (BBA officers) attended BBM meetings. *See* Mot. to Compel, at 6 n.3; Ex. 1 to Mot. to Compel.

- All AWPIDs manufactured, distributed, marketed or sold by BBM (or any other B. Braun subsidiaries), and other factual information about BBM. Motion to Compel, at 8.

- Information regarding an entity called "B. Braun McGaw, Inc." *See* Mot. to Compel, at 9 n.4; Ex. 8 to Mot. to Compel.

- Whether *all* of the entity formerly known as McGaw, Inc., an entity who during the class period was involved in the setting of AWP and marketing of AWPIDs, had been merged into B. Braun Medical, Inc. *See* Mot. to Compel, at 9 n.4; Exhibits 8 and 9 to Motion to Compel.

These facts are necessary for plaintiffs to fully respond to BBA's (now renewed) Motion to Dismiss the AMCC. It would therefore be unfairly prejudicial to plaintiffs for this Court to decide BBA's Renewed Motion without allowing plaintiffs to obtain this discovery. Moreover, it would wrongfully reward BBA for its obstructionist tactics.

WHEREFORE plaintiffs respectfully request that this Court enter an order (a) denying BBA's Renewed Motion, or alternatively (b) granting plaintiffs' motion to stay decision pending resolution of their Motion to Compel BBA to Make Supplemental 30(b)(6) Designation; and (c) all other relief that this Court deems just and proper.

DATED this 24th day of September 2004.

        By:   /s/ Thomas M. Sobol
            Thomas M. Sobol (BBO # 471770)
            Edward Notargiacomo (BBO #567636)
            Hagens Berman LLP
            One Main Street, 4th Floor
            Cambridge, MA  02142
            Telephone: (617) 482-3700
            Facsimile: (617) 482-3003

            Steve W. Berman
            Sean R. Matt
            Hagens Berman LLP
            1301 Fifth Avenue, Suite 2900
            Seattle, WA  98101
            Telephone: (206) 623-7292
            Facsimile: (206) 623-0594

            Kenneth A. Wexler
            The Wexler Firm LLP
            One N. LaSalle Street, Suite 2000
            Chicago, IL  60602
            Telephone: (312) 346-2222
            Facsimile: (312) 346-0022

            Samuel Heins
            Brian Williams
            Heins Mills & Olson, P.L.C.
            3550 IDS Center
            80 South Eighth Street
            Minneapolis, MN  55402
            Telephone: (612) 338-4605
            Facsimile: (612) 338-4692

            Jeff Kodroff
            John Macoretta
            Spector, Roseman & Kodroff, P.C.
            1818 Market Street, Suite 2500
            Philadelphia, PA  19103
            Telephone: (215) 496-0300
            Facsimile: (215) 496-6611

        Marc H. Edelson
        Alan Hoffman
        Hoffman & Edelson
        45 West Court Street
        Doylestown, PA  18901
        Telephone: (215) 230-8043
        Facsimile: (215) 230-8735

***Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE

Docket No. MDL 1456

I, Thomas M. Sobol, hereby certify that I am one of plaintiffs' attorneys and that, on August 24, 2004, I caused copies of PLAINTIFFS' RESPONSE IN OPPOSITION TO B. BRAUN OF AMERICA'S RENEWED MOTION TO DISMISS THE AMENDED MASTER CONSOLIDATED COMPLAINT AND CROSS-MOTION FOR STAY PENDING RESOLUTION OF PLAINTIFFS' MOTION TO COMPEL B. BRAUN OF AMERICA, INC. TO MAKE SUPPLEMENTAL 30(B)(6) DESIGNATION to be served on all counsel of record via Verilaw:

Dated: September 24, 2004                    /s/ Thomas M. Sobol
                                             Thomas M. Sobol