UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> *State of Montana v. Abbott Labs, Inc., et al.,* ) <br> D. Mont. Cause No. CV-02-09-H-DWM ) <br> ) <br> ) <br> _____) | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris |

## B. BRAUN OF AMERICA INC.'S OPPOSITION TO PLAINTIFF STATE OF MONTANA'S CROSS-MOTION FOR A STAY PENDING RESOLUTION OF CLASS ACTION PLAINTIFFS' MOTION TO COMPEL B. BRAUN OF AMERICA INC. TO MAKE SUPPLEMENTAL 30(b)(6) DESIGNATION [1]

In an effort to mask its own failure to conduct any jurisdictional discovery, plaintiff State of Montana has again endeavored to associate itself with the limited discovery conducted by the plaintiffs in the Amended Master Consolidated Class Action Complaint (hereinafter, "MDL plaintiffs"). In its latest effort, the State of Montana seeks to associate itself with the MDL plaintiffs' motion to compel B. Braun of America Inc. ("BBA") to make a supplemental Rule 30(b)(6) designation. Montana thus asks this Court to stay consideration of BBA's Motion to Dismiss Montana's Second Amended Complaint ("MTAC") until the MDL plaintiffs' motion is

---

[1] In its Opposition to B. Braun of America Inc.'s Renewed Motion to Dismiss, plaintiff State of Montana expressly moves for the Court to stay consideration of B. Braun of America Inc.'s motion to dismiss. (*See* Pl.'s Opp. & Cross-Mot. at 3.) B. Braun of America Inc. therefore presents this opposition to the State of Montana's request for a stay.

decided by Chief Magistrate Judge Bowler.[2]  Montana's motion for a stay, however, is groundless.

As a threshold matter, the State of Montana must demonstrate that resolution of the MDL plaintiffs' motion to compel could potentially impact its ability to respond to BBA's Motion to Dismiss the MTAC. However, as addressed more fully in BBA's Opposition to the State of Montana's Motion to Join in the MDL plaintiffs' Motion to Compel, the State of Montana can demonstrate no connection to the MDL plaintiffs' motion given Montana's failure to initiate any jurisdictional discovery.[3]  Thus, *even if* the MDL plaintiffs' motion to compel additional discovery is granted, Montana's ability to respond to BBA's motion to dismiss is not impacted in any way. Plainly, the MDL plaintiffs' motion to compel seeks additional discovery into BBA's jurisdictional contacts with the *Commonwealth of Massachusetts*, not Montana. (*See* MDL Pls.' Suppl. To Their Opp. to BBA's Mot. to Dismiss the AMCC and Mem. of Law in Supp. of Mot. to Compel BBA to Make a Suppl. 30(b)(6) Designation at 8 (identifying the "drugs identified in the *AMCC*" and BBA's contacts "in the *State of Massachusetts*" as areas of inquiry subject to MDL plaintiffs' motion) (emphasis added).)

---

[2]  BBA has separately opposed the State of Montana's motion to join in both the MDL plaintiffs' motion to compel and the MDL plaintiffs' supplement in opposition to BBA's motion to dismiss the AMCC.

[3]  As addressed in BBA's Opposition to Montana's Motion to Join, Montana's claim that it was *coordinating* discovery issues with MDL plaintiffs is nothing short of specious given the undisputed facts. (*See* BBA's Opposition to Plaintiff State of Montana's Mot. to Join in Class Pls.' (1) Mot. to Compel BBA and (2) Suppl. To Their Opp. to BBA's Mot. to Dismiss, "BBA Opp. to Join," at 3 (*filed* Sept. 23, 2004).)  *First*, it is undisputed that the only discovery conducted by the MDL plaintiffs, a Rule 30(b)(6) oral deposition of BBA's corporate representative, addressed BBA's contacts with the Commonwealth of Massachusetts, not Montana. (*See* Codrea Dep. Tr., generally; *see also* MDL Pls.' Notice of 30(b)(6) Dep. at 3-4.)  *Second*, it is undisputed that the MDL plaintiffs' Notice of Deposition identified as pertinent only the "drugs identified in the *AMCC*" (*i.e.*, not Montana's Second Amended Complaint) and BBA's contacts "in the *State of Massachusetts*" (*i.e.*, not Montana). (*See* MDL Pls.' Notice of 30(b)(6) Dep. at 3-4 (emphasis added).)  *Finally*, it is undisputed that during this deposition counsel for the MDL plaintiffs made no attempt to inquire about BBA's contacts, if any, with the State of Montana and posed no questions relating to Montana or the MTAC. (*See* Codrea Dep. Tr., generally.)  Therefore, Montana can demonstrate neither direct nor implicit connection to the MDL plaintiffs' motion to compel. Consequently, Montana has no stake in its outcome.

2

Because it is Montana's burden to demonstrate personal jurisdiction over BBA is proper under Montana law, further inquiry into BBA's contacts with Massachusetts is of no help to Montana. Quite simply, resolution of the MDL plaintiffs' motion to compel has no impact on Montana. Consequently, Montana can provide no justification in support of a stay of this Court's consideration of BBA's motion to dismiss the MTAC.

Chief Magistrate Judge Bowler has scheduled a hearing on the MDL plaintiffs' motion to compel for October 13, 2004. However, as detailed in BBA's Memorandum in Support of its Renewed Motion to Dismiss the MTAC and in its Opposition to the State of Montana's Motion to Join in the MDL plaintiffs' motion, there is no reason to delay addressing the merits of BBA's motion to dismiss, filed over one year ago. The State of Montana has failed to demonstrate that BBA conducts business or engages in *any* activities in the State of Montana. Moreover, Montana has failed to demonstrate BBA has any relationships or communications with any pharmacy benefit managers or publishers identified in the MTAC. Instead, the State of Montana has attempted to further delay these proceedings by attempting to join in the MDL plaintiffs' filings related entirely to BBA's contacts with the Commonwealth of Massachusetts. (*See* BBA Opp. to Join at 4-5.) Because BBA has no contacts that would form the basis for personal jurisdiction, and because BBA has engaged in no conduct related to Montana's claims, BBA should be dismissed from the MTAC, thereby rendering Judge Bowler's hearing on the MDL plaintiffs' motion to compel moot with respect to Montana.

## CONCLUSION

For the foregoing reasons, the State of Montana's request for a stay pending resolution of Class Plaintiffs' Motion to Compel B. Braun of America Inc. to Make a Supplemental Rule 30(b)(6) Designation should be DENIED.

Dated: September 30, 2004					Respectfully submitted,

						_____s/ Daniel F. Attridge, P.C.___
						Daniel F. Attridge, P.C.
						Colin R. Kass
						KIRKLAND & ELLIS LLP
						655 Fifteenth Street, N.W., Suite 1200
						Washington, D.C. 20005
						Telephone:  (202) 879-5000
						Facsimile:  (202) 879-5200

						***Counsel for B. Braun of America Inc.***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing B. Braun of America Inc.'s Opposition to Plaintiff State of Montana's Cross-Motion for Stay Pending Resolution of Plaintiffs' Motion to Compel B. Braun America Inc to Make Supplemental 30(b)(6) Designation has been served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties on this 30th day of September 2004.

                                                    s/ Daniel F. Attridge, P.C
Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Tel: (202) 879-5000
Fax: (202) 879-5200

*Counsel for B. Braun of America Inc.*