UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> ALL ACTIONS ) <br> ) <br> ) <br> _____ ) | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris |

## B. BRAUN OF AMERICA INC.'S OPPOSITION TO PLAINTIFFS' CROSS MOTION FOR STAY PENDING RESOLUTION OF PLAINTIFFS' MOTION TO COMPEL B. BRAUN OF AMERICA INC. TO MAKE SUPPLEMENTAL 30(b)(6) DESIGNATION [1]

Despite ample opportunity to conduct discovery into the issues of personal jurisdiction, the plaintiffs have persisted in representing to this Court that they have been unable to ascertain whether BBA is a proper party to this litigation. Now, more than one year after BBA filed its motion to dismiss the Amended Master Consolidated Class Action Complaint ("AMCC"), the plaintiffs again seek to forestall resolution of BBA's motion to dismiss based on their purported inability to obtain information necessary to address the merits of BBA's motion.

Specifically, the plaintiffs ask this Court to stay resolution of BBA's (renewed) motion to dismiss the AMCC pending resolution of plaintiffs' motion to compel BBA to make a

---

[1] On September 24, 2004, plaintiffs filed a combined Response in Opposition to B. Braun of America Inc.'s Renewed Motion to Dismiss the AMCC and Cross Motion for Stay Pending Resolution of Plaintiffs' Motion to Compel, docket number 1075. B. Braun of America files this brief in opposition to plaintiffs' Cross-Motion for a Stay.

supplemental Rule 30(b)(6) designation.[2] In support, the plaintiffs claim that they have been unable to obtain necessary factual information to "fully respond" to BBA's motion to dismiss.[3] (Pls.' Cross-Mot. at 3.) Yet, the very factual information that the plaintiffs contend they have been denied has either been fully disclosed to the plaintiffs or is entirely irrelevant to the plaintiffs' burden of demonstrating personal jurisdiction over BBA. (*See* Mem. and Order of Feb. 24, 2004 at 23 (directing plaintiff to "respond to the issues of personal jurisdiction . . . by August 24, 2004").) Therefore, the plaintiffs' effort to stay resolution of BBA's motion to dismiss the AMCC based on the purported need to obtain further discovery (into matters already fully disclosed) is simply without merit.

Indeed, the plaintiffs' cross-motion presents no justification for issuance of a stay and is merely the latest in a series of filings designed to disguise the plaintiffs' lack of diligence in the conduct of discovery and to delay these proceedings. In its August 1, 2003 Motion to Dismiss, BBA demonstrated that it has never manufactured, sold, or distributed any drug identified in the AMCC, conducted any business in the Commonwealth of Massachusetts, or entered into any business relationships or contracts within the forum. The limited discovery conducted by the plaintiffs clearly reaffirms that BBA has ***no contacts*** whatsoever with the forum such that personal jurisdiction could be established. Rather than confront this fact, the plaintiffs contend that the Court should assert personal jurisdiction by piercing the corporate veil of BBA's

---

[2]  Pls.' Response in Opposition to B. Braun of America's Renewed Motion to Dismiss the AMCC and Cross-Motion For Stay Pending Resolution of Pls.' Mot. to Compel. B. Braun of America Inc. to Make Supp. 30(b)(6) Designation, hereinafter "Pls. Cross-Mot.," at 3.

[3]  As outlined fully in BBA's Memorandum in Support of its Renewed Motion to Dismiss the AMCC, the plaintiffs tarried for over five months before conducting *any* jurisdictional discovery as ordered by the Court. (BBA Mem. in Supp. of BBA's Renewed Mot. to Dismiss the AMCC and Response to Pls.' Suppl. in Opp. Thereto at 3.)

2

subsidiary (B. Braun Medical Inc.), and inexplicably argue that the application of the identity-of-interest doctrine – a judicially crafted doctrine regarding the relation back of untimely amendments – provides an independent basis to assert personal jurisdiction over BBA.[4] (*See* Pls.' Suppl. To Their Opp. to BBA's Mot. to Dismiss the AMCC & Mem. of Law in Supp. of Mot. to Compel BBA to Make Suppl. 30(b)(6) Designation, "Pls.' Suppl. in Opp. & Mem. in Supp. Mot. to Compel," at 4-6.) As BBA has demonstrated in its Memorandum in Support of Its Renewed Motion to Dismiss, the plaintiffs' arguments are wholly without merit. (*See* Mem. in Supp. of BBA's Renewed Mot. to Dismiss AMCC at 6-12.) The plaintiffs' cross-motion for a stay is similarly lacking in merit and provides no cause for delay in resolving BBA's motion to dismiss.

Accordingly, plaintiffs' cross-motion to stay the Court's consideration of BBA's motion to dismiss the AMCC is merely proffered to delay and thus should be denied.[5]

## ARGUMENT

### I. The Plaintiffs Have Presented No Justification For Issuance Of A Stay.

Whether to issue a stay is left to the sound discretion of the district court. *See Taunton Gardens Co. v. Hills*, 557 F.2d 877, 878 (1st Cir. 1977). However, only the "clearest of justifications" will generally warrant the issuance of a stay. *Liberty Mut. Ins. Co. v. Foremost-*

---

[4] Tellingly, plaintiffs' motion to compel calls on BBA to designate a witness to testify further regarding B. Braun Medical, not BBA. (*See* Pls.' Suppl. in Opp. & Mem. in Supp. Mot. to Compel at 8-9.) Thus, it is clear that the plaintiffs do not intend to address the necessary predicate to personal jurisdiction over BBA, *i.e.*, BBA's contacts with the forum state.

[5] Chief Magistrate Judge Bowler has scheduled a hearing on plaintiffs' motion to compel for October 13, 2004. For the reasons demonstrated herein as well as in its Opposition to plaintiffs' motion to compel, there is no basis to further delay consideration of BBA's motion to dismiss. Accordingly, BBA urges the Court to rule on its Motion to Dismiss the AMCC thereby rendering consideration of plaintiffs' motion to compel moot.

*McKesson, Inc.*, 751 F.2d 475, 477 (1st Cir. 1985). At a minimum, the plaintiffs must demonstrate that their position before the Court could be adversely impacted absent a stay.

Here, the plaintiffs contend a stay is warranted based on the plaintiffs' purported inability to obtain factual discovery regarding: (1) the relationship between BBA and B. Braun Medical Inc. ("BBM"); (2) the drugs identified in the AMCC, manufactured or distributed by BBM; (3) an entity called "B. Braun McGaw, Inc."; and, (4) whether "all of the entity formerly known as McGaw, Inc. ... had been merged into" BBM. (Pls.' Cross-Mot. at 3.) Therefore, the plaintiffs must demonstrate that they could be adversely impacted by the absence of this discovery before the Court's ruling on BBA's motion to dismiss. But, because BBA has responded fully to the plaintiffs' limited discovery into each of the foregoing areas of inquiry, the plaintiffs cannot demonstrate that their position could be adversely impacted absent a stay.

*First*, the relationship between BBA and BBM was fully disclosed to the plaintiffs during their Rule 30(b)(6) oral deposition of BBA's corporate representative, Cathy Codrea. During that deposition, Ms. Codrea testified BBA and BBM share some common officers and at least one common director. (*See* Codrea Dep. Tr. at 21:10-18; 23:9-21; 21:20 - 22:8; 23:22-24:10.) Further, Ms. Codrea testified that officers of BBA do not – as officers of BBA – have any involvement in the operations or activities of BBM. (*Id.* at 30:2-21.) Also, BBA, as a shareholder of BBM, may "from time-to-time ... invest capital" in BBM and receive annual audited financial statements from BBM. (*Id.* at 86:1-6; 27:11-20.) In addition, Ms. Codrea testified that there are no agreements between BBA and BBM regarding the licensing, distribution, advertising, or sale of any drug identified in the AMCC. (*Id.* at 58:14 - 59:7.) In short, Ms. Codrea testified that BBA and BBM are related as parent and (wholly-owned) subsidiary corporations. (*Id.* at 27:9-10; *see also* 16:2-4; 22:18–23:1.) The plaintiffs' cross-

motion identifies no aspect of the relationship between BBA and BBM for which the plaintiffs were denied discovery.

Notably, the plaintiffs' contention that BBA denied the plaintiffs discovery into the relationship between BBA and BBM is irreconcilable with the plaintiffs' earlier arguments in their Supplement in Opposition to BBA's Motion to Dismiss. There, the plaintiffs allege that there is *clear evidence* of BBA's exercise of control over BBM such that piercing the corporate veil of BBM (to establish personal jurisdiction over BBA) is appropriate. (Pls.' Suppl. in Opp. & Mem. in Supp. Mot. to Compel at 5-6.) Indeed, the plaintiffs identify several facts purportedly indicating the "confused intermingling" of BBA and BBM. (*Id.*) Thus, the plaintiffs contend there is *clear evidence* of the relationship between BBA and BBM for purposes of establishing personal jurisdiction over BBA, yet at the same time argue BBA has failed to disclose factual information regarding the relationship between these two corporations for purposes of supporting a stay. This effort to have it both ways exposes a lack of candor on the part of the plaintiffs and belies any assertion of non-disclosure on the part of BBA.[6]

*Second*, contrary to the plaintiffs' latest assertion, BBA long ago identified the drugs manufactured and distributed by BBM. In its Answer to the AMCC filed in April 2004, BBA stated unequivocally "that *B. Braun Medical Inc.* manufacturer[ed] dextrose, dextrose in lactated ringers, dextrose with sodium chloride, heparin sodium (porcine) in d5w, sodium chloride, and sodium chloride (gu irrigant)." (BBA's Answer, *filed* April 9, 2004, at ¶ 314 (emphasis added).)

---

[6] In their cross-motion for a stay, the plaintiffs also contend that BBA failed to disclose information regarding "whether Messrs. Neubauer, Hugel, or DiNardo (BBA officers) attended BBM meetings." (Pls.' Cross-Mot. at 3.) Yet, as the plaintiffs acknowledge in their Supplement in Opposition to BBA's Motion to Dismiss, Ms. Codrea did testify that these gentlemen attend meetings at BBM in their capacity as officers as BBM. (Pls.' Suppl. To BBA's Mot. to Dismiss at 6 n. 3; *see also* Codrea Dep. Tr. at 36:1-41:13.) Thus, the plaintiffs' only quibble is that Ms. Codrea could not testify to the number of such meetings – a matter well outside the scope of the plaintiffs' Notice of Deposition.

Thus, there is no dispute that information regarding the drugs manufactured and distributed by BBM was disclosed to the plaintiffs more than five months ago.

Indeed, the plaintiffs' assertion that they have been denied this discovery is in conflict with the plaintiffs' own assertions in another motion before the Court. In their motion to add BBM as a defendant, the plaintiffs state that *"discovery has made clear that BBM manufactured and marketed the drugs at issue in the MDL."* (Pls.' Reply Br. In Supp. of Their Motion to Add B. Braun Medical As A Defendant, Exhibit A (Affidavit of Kenneth A. Wexler) at ¶ 5 (emphasis added).) Thus, there is no merit to the plaintiffs' contention that further inquiry into the drugs manufactured by BBM is necessary to "fully respond" to the issues presented by BBA's motion to dismiss. (Pls.' Cross-Mot. at 3.)

*Finally*, the plaintiffs contend that they were denied discovery regarding "an entity called B. Braun McGaw, Inc." and whether McGaw, Inc. was merged entirely into BBM. (Pls.' Cross-Mot. at 3.) However, Ms. Codrea fully addressed both inquiries. Ms. Codrea testified that "B. Braun McGaw, Inc. is not a legal entity" and has no relation to BBA. (Codrea Dep. Tr. at 25:22-26:7.) Likewise, Ms. Codrea testified that the entity formerly known as McGaw, Inc. was merged into BBM. (*Id.* at 80:4-5.) When asked whether "any part of what was formerly McGaw [ ] became anything other than what is now B. Braun Medical" Ms. Codrea responded "I don't believe so."[7] (*Id.* at 80:6-8, 80:17-21.)

Far from denying the plaintiffs discovery regarding B. Braun McGaw, Inc. and McGaw, Inc., BBA responded fully to the plaintiffs' limited inquiries. More importantly, however, these inquiries are entirely irrelevant to the plaintiffs' burden of demonstrating that personal jurisdiction exists over BBA. Indeed, whether all (or less than all) of McGaw, Inc. was merged

---

[7] Notably, McGaw, Inc. was not identified as a subject of inquiry in the plaintiffs' Notice of Deposition.

6

into BBM has *no* bearing on whether BBA has engaged in such minimum contacts with the Commonwealth of Massachusetts such that the assertion of personal jurisdiction over BBA is proper. Similarly, further inquiry regarding a non-existent entity having no relation to BBA is irrelevant to establishing whether personal jurisdiction over BBA is proper. Quite simply, additional inquiry into these matters – matters fully addressed by BBA – could have no impact on the plaintiffs' ability to fully respond to BBA's motion to dismiss the AMCC.

The plaintiffs have sought to dispel responsibility for their own lack of diligence in the conduct of discovery by accusing BBA of "obstructionist tactics." (Pls.' Cross-Mot. at 3.) Yet, the information purportedly denied the plaintiffs was fully disclosed by BBA. Thus, the plaintiffs cannot demonstrate that resolution of their motion to compel – seeking further inquiry into matters previously and fully disclosed – would have *any* impact on their ability to address the issues raised in BBA's motion to dismiss the AMCC. Therefore, the plaintiffs have demonstrated no justification, much less the clearest of justifications, to stay resolution of BBA's motion to dismiss.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Cross-Motion for Stay Pending Resolution of Plaintiffs' Motion to Compel B. Braun of America to Make Supplemental 30(b)(6) Designation should be DENIED.

Dated: September 30, 2004                    Respectfully submitted,

                                             _____s/ Daniel F. Attridge, P.C._____
                                             Daniel F. Attridge, P.C.
                                             Colin R. Kass
                                             KIRKLAND & ELLIS LLP
                                             655 Fifteenth Street, N.W., Suite 1200
                                             Washington, D.C. 20005

Telephone: (202) 879-5000
Facsimile: (202) 879-5200

***Counsel for B. Braun of America Inc.***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing B. Braun of America Inc.'s Opposition to Plaintiffs' Cross-Motion For Stay Pending Resolution of Plaintiffs' Motion to Compel B. Braun America Inc. To Make Supplemental 30(b)(6) Designation has been served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties on this 30th day of September 2004.

                                                                                                              s/ Daniel F. Attridge, P.C.
Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Tel: (202) 879-5000
Fax: (202) 879-5200

***Counsel for B. Braun of America Inc.***