# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) |
| | ) |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | ) ) ) |

MDL No. 1456

CIVIL ACTION:  01-CV-12257-PBS

Judge Patti B. Saris

Chief Magistrate Judge Marianne B. Bowler

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DEFENDANTS' CORRESPONDENCE WITH PUTATIVE CLASS MEMBERS

## I.     INTRODUCTION

Courts are duty bound to ensure that Defendants' communications with class members do not contain any misrepresentations or other statements that would serve to undermine the fair administration of justice.  This is because, among other things, "[u]nsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal. The damage from misstatements could well be irreparable." *Kleiner v. First Nat'l Bank*, 751 F.2d 1193, 1203 (11th Cir. 1985).

Here, Defendants refuse to produce their correspondence with putative class members, where such correspondence was made in connection with this litigation.  This causes great concern, because Defendants have subpoenaed over 100 class members and are actively engaged in negotiating the scope of those subpoenas, as well as issues related to the deponents that most of the subpoena targets have been requested to produce.  Court intervention is required so that

Defendants' communications can be properly monitored by Plaintiffs' counsel to ensure that Defendants are not engaging in any wrongful conduct.

## II.   FACTUAL BACKGROUND

Defendants have served over 100 subpoenas on putative class members seeking a wide array of information from detailed claims data to agreements with providers and pharmacy benefit managers.  The majority of these subpoenas also demand that the class member produce one or more witnesses for a deposition.

In order to monitor how Defendants are communicating with these putative class members, and to track the course of negotiations that Defendants have conducted and are conducting with regard to the scope of their subpoenas, Plaintiffs served discovery requesting, among other things, that Defendants produce "[a]ll correspondence with any putative class member or with any attorney representing any putative class member."  *See* Exhibit A (Plaintiffs' Third Set of Requests for Production of Documents to All Defendants, Request No. 2).  Each Defendant objected.  *See* Exhibit B (collecting Defendants' responses).  The typical objection asserted by each Defendant is as follows:

> Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC, or any other issue in this litigation and on its face purports to require Defendant to search for and produce all correspondence with any putative class member – which, in light of plaintiffs' overly expansive purported class definition, includes entities or persons with which Defendant may have had commercial relationships since 1991, without regard for whether such correspondence has any relationship to any issue in this litigation. Defendant further objects to this Request on the ground that plaintiffs effectively sought similar relief from the Court in their

Motion for a Protective Order Regarding Subpoenas to Putative
Class Members and such Motion was denied by the Court.

*See, e.g.,* Defendant Aventis Pharmaceuticals Inc.'s Responses and Objections to Plaintiffs'

Third Set of Requests for Production of Documents to All Defendants at 3 (which is included in

Exhibit B hereto).

During the meet and confer process, Plaintiffs offered to limit Request No. 2 to "[a]ll

correspondence with any putative class member or with any attorney representing any putative

class member where such correspondence is related to the issues presented in this litigation."

*See* Exhibit C.  Defendants nonetheless have maintained their objections to producing this

correspondence.  *See* Exhibit D.[1]

### III.    LEGAL ARGUMENT

How and what Defendants communicate to putative class members strikes to the very

heart of this litigation and is therefore relevant.  Plaintiffs are entitled to review these

communications to determine what documents are being made available to Defendants in

response to the subpoenas, and what documents Defendants decided not to select and copy.

Although Defendants are providing to Plaintiffs copies of the documents that Defendants

selected for production, Plaintiffs cannot discern from the production what was made available

yet not chosen by Defendants.  Plaintiffs are also entitled to determine what Defendants are

telling these class members about the case and what they intend to cover in depositions, among

other things.

---

[1] The letters found at Exhibits C and D also reflect a dispute on another discovery issue – the production of documents that Defendants received from the United States Centers for Medicare and Medicaid Services ("CMS") – but that dispute is not the subject of this motion.  The parties are still attempting to work out an agreement related to the CMS documents.

1534.16 0108 MTN.DOC

Defendants do **not** argue that such communications are irrelevant (they plainly are) or that to produce them would be burdensome (it would not be).  Instead, Defendants refuse to produce this material because they argue that Judge Saris's order permitting limited discovery of class members also permits Defendants to cloak any communications related to that discovery:

> [W]e disagree with your interpretation of the import of Judge Saris's order denying plaintiffs' motion for a protective order regarding defendants' subpoenas to certain putative class members. That motion specifically requested that the Court order defendants to provide an accounting of all communications with putative class members.  That request was denied, and plaintiffs cannot now try to obtain the same relief through a document request.

*See* Exhibit D at 2.[2]

However, the Court never specifically denied Plaintiffs' request for an accounting of such communications.  Instead, the Court denied Plaintiffs' motion "[f]or the reasons stated in open Court at the Status Conference on March 8, 2004."  *See* Exhibit E.  As the transcript of that hearing demonstrates, defense communications with putative class members was never discussed at the hearing, and the Court did not rule that Defendants were protected from producing these communications.  Rather, the Court only permitted some **limited** class member discovery to proceed, but only after explaining, "Normally, I'm not sympathetic to class discovery."  *See* Exhibit B (page 48 of transcript).[3]  Accordingly, Defendants' claim that this ruling prohibits

---

[2] Defendants also asserted that Plaintiffs' proposed limitation to Request No. 2 was overbroad "since it does not appear to be limited to communications made in connection with this litigation."  That is what Plaintiffs intended when proposing the limitation, and this should therefore no longer be an issue.  If the correspondence is (i) between a Defendant and a putative class member or an attorney representing a putative class member, and (ii) that correspondence was made in connection with this litigation, it should be produced under Plaintiffs' proposed narrowing.

[3] The Court's pause and caution in this regard is supported by the overwhelming weight of authority discouraging discovery of absent class members.  *See, e.g., Robertson v. National*

Plaintiffs from discovering Defendants' communications with putative class members is completely unsupported.

Cloaking Defendants' communications with putative class members or their counsel would be ***unprecedented***, as well as illogical given the potential for abuse.  Courts recognize the potential abuse that could occur if defendants are permitted to freely communicate with putative class members; consequently, defendants are not given *carte blanche* to say whatever they like: "[c]lass actions serve an important function in our system of civil justice.  They present, however, opportunities for abuse as well as problems for courts and counsel in the management of cases.  Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties."  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99-100 (1981).  The court also noted that "[u]napproved communications to class members that misrepresent the status or effect of the pending action also have an obvious potential for confusion and/or adversely affecting the administration of justice."  *Id.* at 101 (quoting *Waldo v. Lakeshore Estates, Inc.*, 433 F. Supp. 782, 790-91 (E.D. La. 1977)).

Other courts agree and provide examples of the types of communications with potential class members that are inappropriate:

---

*Basketball Ass'n*, 67 F.R.D. 691, 699 (S.D.N.Y. 1975) ("The use of discovery devices against nonrepresentative class members raises the troublesome conflict between 'the competing interests of the absent class members in remaining passive and the defendant in having the ability to ascertain necessary information for its defense.'"); *Kamm v. California City Development Co.*, 509 F.2d 205, 209 (9th Cir. 1975) (discovery of putative class members is generally not permitted without leave of court); MANUAL FOR COMPLEX LITIGATION, THIRD, § 30.232 at 231 (1995) (discovery of absent class members "should be permitted only to the extent necessary and should be carefully limited to ensure that it serves a legitimate purpose and is not used to harass either the class representatives or the class members.").

> Communications found violative of the principles of Rule 23
> include misleading communications to the class members
> concerning the litigation.  Communications that misrepresent the
> status or effect of the pending action also have been found to have
> a potential for confusion and/or to adversely affect the
> administration of justice. . . .  Courts have also condemned
> attempts in a communication to affect a class member's decision to
> participate in the litigation, or to undermine a class plaintiff's
> cooperation with confidence in class counsel.

*Hampton Hardware v. Cotter & Co.*, 156 F.R.D. 630, 632 (N.D. Tex. 1994) (citing *Gulf Oil*, 452

U.S. at 101, n.12; *In re School Asbestos Litig.*, 842 F.2d 671, 682 n.23 (3rd Cir. 1988)).  As the

Eleventh Circuit has noted, "[u]nsupervised, unilateral communications with the plaintiff class

sabotage the goal of informed consent by urging exclusion on the basis of a one-sided

presentation of the fact[s], without opportunity for rebuttal.  The damage from misstatements

could well be irreparable."  *Kleiner v. First Nat'l Bank*, 751 F.2d 1193, 1203 (11th Cir. 1985).[4]

The concern regarding truthful communications is so great that courts "may consider a curative

notice from the court, at the expense of those at fault, giving the correct information" if "the

court finds that defendants have improperly communicated with [the class.]"  *Great Rivers Coop.*

*v. Farmland Indus., Inc.*, 59 F.3d 764, 766 (8th Cir. 1995).

---

[4] *See also In re Winchell's Donut Houses*, *L.P. Sec. Litig.*, 1988 Del. Ch. Lexis 159, at *3 (Del. Ch. Dec. 12, 1988) ("Surely, a defendant may not, in its communications with class members prior to certification, deceive or mislead class members."); *Pollar v. Judson Steel Corp.*, 1984 U.S. Dist. Lexis 19765, at *1 (N.D. Cal. 1984) (where defendant placed an advertisement which was found to be in violation of the "intent and terms" of the federal class actions because the advertisements did not disclose the pendency of the class action, attempted to solicit information from potential class members, and threatened confusion regarding and prejudice of the potential class members' rights in the litigation); 3 NEWBERG ON CLASS ACTIONS § 15.14 (1992) ("When communications can be shown to be abusive, the defendants may be ordered to retract their statements and are subject to other sanctions.  Solicitation of exclusions also poses ethical problems.").

Without Plaintiffs' Counsel's and/or the Court's review of Defendants' communications with putative class members, there can be no adequate supervision and therefore no assurance that Defendants are not misrepresenting the status of the pending litigation, encouraging class members not to participate, undermining cooperation with, or confidence in, proposed Class Counsel, or engaging in any other wrongful conduct.  Plaintiffs do not allege that Defendants are engaged in any such wrongdoing, although we are aware from a conversation with counsel for putative class member John Deere Health Plans that Defendants told Deere ***not*** to produce any contracts that it had with Defendants (which are, of course, plainly relevant to the litigation). ***This conversation, coupled with Defendants' position on this issue, raises a significant "red flag," as the production of Defendants' correspondence with the putative class should not be controversial in light of the above authorities***.

The information sought is plainly relevant, and producing it will not in any way impede Defendants' discovery efforts or cause any undue burden.  "The judge has ultimate control over communications among the parties, third parties, or their agents and class members on the subject matter of the litigation to ensure the integrity of the proceedings and the protection of the class."  MANUAL FOR COMPLEX LITIGATION, FOURTH § 21.33, at 300 (2004) (citing *Ralph Oldsmobile, Inc. v. Gen. Motors Corp.*, 2001 WL 1035132, at *7 (S.D.N.Y. Sept. 7, 2001) (ordering curative notice for improper precertification communications)).  The Court should institute safeguards to monitor communications by defense counsel with absent class members, and that is simply done by, in the first instance, requiring Defendants to produce to Plaintiffs these highly relevant communications.[5]

---

[5] Importantly, Plaintiffs' proposal does not restrict Defendants' speech and therefore does not implicate any of the concerns discussed in *Gulf Oil* with regard to restricting speech.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion.

DATED:  October 1, 2004          By       /s/ Steve W. Berman
                                      Thomas M. Sobol (BBO#471770)
                                      Edward Notargiacomo (BBO#567636)
                                      Hagens Berman LLP
                                      One Main Street, 4th Floor
                                      Cambridge, MA  02142
                                      Telephone: (617) 482-3700
                                      Facsimile: (617) 482-3003
                                      **LIAISON COUNSEL**

                                      Steve W. Berman
                                      Sean R. Matt
                                      Hagens Berman LLP
                                      1301 Fifth Avenue, Suite 2900
                                      Seattle, WA  98101
                                      Telephone: (206) 623-7292
                                      Facsimile: (206) 623-0594

                                      Jeffrey Kodroff
                                      John Macoretta
                                      Spector, Roseman & Kodroff, P.C.
                                      1818 Market Street, Suite 2500
                                      Philadelphia, PA  19103
                                      Telephone: (215) 496-0300
                                      Facsimile: (215) 496-6611
                                      **CHAIRS OF LEAD COUNSEL
                                      COMMITTEE**

                                      Samuel Heins
                                      Heins, Mills & Olson, P.C.
                                      3550 IDS Center
                                      80 South Eighth Street
                                      Minneapolis, MN  55402
                                      Telephone: (612) 338-4605
                                      Facsimile: (612) 338-4692

- 8 -

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
**MEMBERS OF LEAD COUNSEL
COMMITTEE AND EXECUTIVE
COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DEFENDANTS' CORRESPONDENCE WITH PUTATIVE CLASS MEMBERS** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on October 1, 2004, a copy to Verilaw Technologies for Posting and notification to all parties

By_____ **/s/ Steve W. Berman**_____
Steve W. Berman
**HAGENS BERMAN LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292

- 10 -