# Exhibit B



SERVED
08/16/04
04:45 PM ET
MDL No. 1456

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | Civil Action No. 01-CV-12257 PBS<br><br>Judge Patti B. Saris |

### DEFENDANT AVENTIS PHARMACEUTICALS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, and Case Management Orders 10 and 11, Defendant Aventis Pharmaceuticals Inc. (Aventis), by its undersigned counsel, hereby responds to Plaintiffs' Third Set of Requests for Production of Documents to All Defendants (the "Requests") as follows:

### GENERAL OBJECTIONS

Defendant expressly incorporates by reference all "General Objections" set forth in its Responses and Objections to Plaintiffs' Omnibus Requests for Production and Interrogatories, which apply to the Requests in their entirety, including the Definitions, Instructions and Relevant Time Period. Further, Defendant objects to the definition of "you" and "your" as set forth in Plaintiff's Definition No. 4 to the extent it requires the production of documents protected by the attorney-client privilege, work-product doctrine or other applicable privilege or protection. Unless otherwise indicated, all capitalized defined terms shall have the same meaning ascribed in the General Objections. In addition, Defendant objects to the Requests on the grounds that Plaintiffs have not sought an order from the Court permitting more than two separate requests for production, pursuant to Local Rule 26.1. Any Specific Objections

1482217 v 1



provided below are made in addition to these General Objections. Insofar as any Request seeks information to which the afore-mentioned Objections to Plaintiffs' Definitions, Instructions and Relevant Time Period apply, Aventis' specification or failure to note particular Objections to Plaintiffs' Definitions, Instructions and Relevant Time Period in the Specific Objections below shall not constitute a waiver or limitation of those Objections to Plaintiffs' Definitions, Instructions and Relevant Time Period with respect to any individual Request.

## SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

Request No. 1:

      All documents produced to you by any third party.

Response:

      Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC, or any other issue in this litigation, and on its face purports to require Defendant to search for and produce all documents produced to it by any third party, regarding any topic, since 1991. Defendant further objects to this Request to the extent that it purports to require Defendant to produce documents that it is prohibited by protective order or contract from disclosing. Defendant further objects to this Request as duplicative on the ground that Defendant has previously agreed with plaintiffs to exchange documents produced in response to third party subpoenas served with respect to this litigation. However, Defendant objects to this Request to the extent that it purports to require production of documents produced to the Defendant in this action by the Centers for Medicare and Medicaid Services ("CMS") in response to a subpoena served by Defendant, on the ground that (i) CMS, a government entity, required Defendant to pay its cost (and that of the U.S. Department of Justice) of collecting, reviewing and producing



such documents, (ii) Defendant has previously offered to provide copies of CMS' production to plaintiffs in exchange for plaintiffs' payment of half of the cost charged by CMS and the Department of Justice, and (iii) plaintiffs have refused to share that cost. Defendant similarly objects to providing plaintiffs with any third party productions for which Defendant has been required to pay the costs of the third party unless plaintiffs agree to share that cost.

<u>Request No. 2:</u>

All correspondence with any putative class member or with any attorney representing any putative class member.

<u>Response:</u>

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC, or any other issue in this litigation and on its face purports to require Defendant to search for and produce all correspondence with any putative class member – which, in light of plaintiffs' overly expansive purported class definition, includes entities or persons with which Defendant may have had commercial relationships since 1991, without regard for whether such correspondence has any relationship to any issue in this litigation. Defendant further objects to this Request on the ground that plaintiffs effectively sought similar relief from the Court in their Motion for a Protective Order Regarding Subpoenas to Putative Class Members and such Motion was denied by the Court.



SHOOK, HARDY & BACON L.L.P.

_____ Daniel Murg _____

2555 Grand Boulevard
Kansas City, Missouri 64108-2613
(816) 474-6550
FAX: (816) 421-5547

ATTORNEYS FOR DEFENDANT AVENTIS
PHARMACEUTICALS INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2004, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

_____ Daniel Murg _____

Attorney for Defendant Aventis
Pharmaceuticals Inc.



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) AVERAGE WHOLESALE PRICE ) LITIGATION ) | MDL NO. 1456 |
| ) | CIVIL ACTION: 01-CV-12257-PBS |
| ) THIS DOCUMENT RELATES TO ) 01-CV-12257-PBS AND 01-CV-339 ) | Judge Patti B. Saris |

### DEFENDANT TAP PHARMACEUTICAL PRODUCTS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of

the United States District Court for the District of Massachusetts, and Case Management Orders

10 and 11, Defendant, TAP Pharmaceutical Products Inc. ("TAP"), by its undersigned counsel,

hereby responds to Plaintiffs' Third Set Of Requests For Production Of Documents To All

Defendants (the "Requests") as follows:

### GENERAL OBJECTIONS

TAP expressly incorporates by reference its "General Objections to Requests and

Interrogatories" and all of its objections to "Definitions," "Rules of Construction,"

"Instructions," "Drugs at Issue," and "Relevant Time Period" as set forth in Defendant TAP

Pharmaceutical Products Inc.'s Responses To Plaintiffs' Omnibus Requests For Production And

Interrogatories To Defendants Abbott, Amgen, Aventis, Baxter, Bayer, Boehringer, Braun, Dey,

Fujisawa, Novartis, Pfizer, Pharmacia, Sicor, TAP And Watson And To All Other Defendants

With Respect To Drugs That Were Not Previously Subject To Discovery served on Plaintiffs on

June 1, 2004 (hereinafter referred to as "TAP's Responses to Plaintiffs' Omnibus Requests"),

which apply to the Requests in their entirety, including the Definitions, Instructions and Relevant



Time Period.  Unless otherwise indicated, all capitalized defined terms shall have the same

meaning ascribed in TAP's Responses to Plaintiffs' Omnibus Requests.  In addition, TAP

objects to the Requests on the grounds that Plaintiffs have not sought an order from the Court

permitting more than two separate requests for production, pursuant to Local Rule 26.1.  Any

Specific Objections provided below are made in addition to these General Objections and failure

to reiterate a General Objection below does not constitute a waiver or limitation of that or any

other objection.

**SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION**

<u>Request No. 1</u>:

> All documents produced to you by any third party.

<u>Response</u>:

TAP objects to this Request on the grounds that it is overly broad, unduly

burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in

that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC,

or any other issue in this litigation, and on its face purports to require TAP to search for and

produce all documents produced to it by any third party, regarding any topic, since 1991.  TAP

objects to this Request to the extent it seeks documents produced by third parties to TAP in other

litigation in which TAP is a party, including but not limited to documents produced in *In re*

*Lupron® Marketing and Sales Practices Litigation,* MDL 1430.  TAP further objects to this

Request to the extent that it purports to require TAP to produce documents that it is prohibited by

protective order or contract from disclosing.  TAP further objects to this Request as duplicative

on the ground that Defendants have previously agreed with Plaintiffs to exchange documents

produced in response to third party subpoenas served in connection with MDL 1456. TAP,

however, objects to this Request to the extent that it purports to require production of documents

- 2 -



produced to Defendants in this action by the Centers for Medicare and Medicaid Services

("CMS") in response to a subpoena served by Defendants, on the ground that (i) CMS, a

government entity, required Defendants to pay its cost (and that of the U.S. Department of

Justice) of collecting, reviewing and producing such documents, (ii) Defendants have previously

offered to provide copies of CMS' production to Plaintiffs in exchange for Plaintiffs' payment of

half of the cost charged by CMS and the Department of Justice, and (iii) Plaintiffs have refused

to share that cost.  TAP similarly objects to providing Plaintiffs with any third party productions

for which Defendants have been required to pay the costs of the third party unless Plaintiffs

agree to share that cost.

<u>Request No. 2</u>:

      All correspondence with any putative class member or with any attorney
representing any putative class member.

<u>Response</u>:

      TAP objects to this Request on the grounds that it is overly broad, unduly

burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in

that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC,

or any other issue in this litigation and on its face purports to require TAP to search for and

produce all correspondence with any putative class member -- which, in light of Plaintiffs' overly

expansive purported class definition, includes entities or persons with which TAP may have had

commercial relationships since 1991, without regard for whether such correspondence has any

relationship to any issue in this litigation.  TAP also objects to this Request to the extent it seeks

correspondence with putative class members of other litigation in which TAP is a party,

including but not limited to correspondence with putative class members in *In re Lupron®*

*Marketing and Sales Practices Litigation,* MDL 1430.  TAP further objects to this Request on

- 3 -



the ground that Plaintiffs effectively sought similar relief from the Court in their Motion for a

Protective Order Regarding Subpoenas to Putative Class Members and such Motion was denied

by the Court.

- 4 -



Dated: August 16, 2004

Respectfully Submitted,

Daniel E. Reidy
Tina M. Tabacchi
JONES DAY
77 West Wacker Drive
Chicago, Illinois  60601-1692
(312) 782-3939
(312) 782-8585 (facsimile)

Joseph F. Savage, Jr.
TESTA, HURWITZ & THIBEAULT
High Street Tower
125 High Street
Boston, MA  02110
(617) 248-7000
(617) 248-7100 (facsimile)

**ATTORNEYS FOR TAP PHARMACEUTICAL PRODUCTS INC.**

- 5 -



## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2004, a true and correct copy of DEFENDANT TAP PHARMACEUTICAL PRODUCTS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

*Jeffrey M. Helm*

CHI-1432583v1



08/16/04
04:34 PM ET
MDL NO. 1456

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) | |
| AVERAGE WHOLESALE PRICE ) | MDL NO. 1456 |
| LITIGATION ) | |
| ) | CIVIL ACTION: 01-CV-12257-PBS |
| ) | |
| THIS DOCUMENT RELATES TO ) | Judge Patti B. Saris |
| 01-CV-12257-PBS AND 01-CV-339 ) | |

### DEFENDANT ABBOTT LABORATORIES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of

the United States District Court for the District of Massachusetts, and Case Management Orders

10 and 11, Defendant, Abbott Laboratories ("Abbott"), by its undersigned counsel, hereby

responds to Plaintiffs' Third Set Of Requests For Production Of Documents To All Defendants

(the "Requests") as follows:

### GENERAL OBJECTIONS

Abbott expressly incorporates by reference its "General Objections to Requests

and Interrogatories" and all of its objections to "Definitions," "Rules of Construction,"

"Instructions," "Drugs at Issue," and "Relevant Time Period" as set forth in Defendant Abbott

Laboratories' Responses To Plaintiffs' Omnibus Requests For Production And Interrogatories To

Defendants Abbott, Amgen, Aventis, Baxter, Bayer, Boehringer, Braun, Dey, Fujisawa,

Novartis, Pfizer, Pharmacia, Sicor, TAP And Watson And To All Other Defendants With

Respect To Drugs That Were Not Previously Subject To Discovery served on Plaintiffs on June

1, 2004 (hereinafter referred to as "Abbott's Responses to Plaintiffs' Omnibus Requests"), which

apply to the Requests in their entirety, including the Definitions, Instructions and Relevant Time



Period. Unless otherwise indicated, all capitalized defined terms shall have the same meaning

ascribed in Abbott's Responses to Plaintiffs' Omnibus Requests. In addition, Abbott objects to

the Requests on the grounds that Plaintiffs have not sought an order from the Court permitting

more than two separate requests for production, pursuant to Local Rule 26.1. Any Specific

Objections provided below are made in addition to these General Objections and failure to

reiterate a General Objection below does not constitute a waiver or limitation of that or any other

objection.

## SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

<u>Request No. 1</u>:

　　　　　All documents produced to you by any third party.

<u>Response</u>:

　　　　　Abbott objects to this Request on the grounds that it is overly broad, unduly

burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in

that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC,

or any other issue in this litigation, and on its face purports to require Abbott to search for and

produce all documents produced to it by any third party, regarding any topic, since 1991. Abbott

also objects to this Request to the extent it seeks documents produced by third parties to Abbott

in other litigation in which Abbott is a party, including but not limited to litigation relating to

pricing, price reporting, AWP, and the relationship between AWP and WAC. Abbott further

objects to this Request to the extent that it purports to require Abbott to produce documents that

it is prohibited by protective order or contract from disclosing. Abbott further objects to this

Request as duplicative on the ground that Defendants have previously agreed with Plaintiffs to

exchange documents produced in response to third party subpoenas served with respect to this

litigation. However, Abbott objects to this Request to the extent that it purports to require

- 2 -



production of documents produced to Defendants in this action by the Centers for Medicare and

Medicaid Services ("CMS") in response to a subpoena served by Defendants, on the ground that

(i) CMS, a government entity, required Defendants to pay its cost (and that of the U.S.

Department of Justice) of collecting, reviewing and producing such documents, (ii) Defendants

have previously offered to provide copies of CMS' production to Plaintiffs in exchange for

Plaintiffs' payment of half of the cost charged by CMS and the Department of Justice, and (iii)

Plaintiffs have refused to share that cost. Abbott similarly objects to providing Plaintiffs with

any third party productions for which Defendants have been required to pay the costs of the third

party unless Plaintiffs agree to share that cost.

Request No. 2:

      All correspondence with any putative class member or with any attorney
representing any putative class member.

Response:

      Abbott objects to this Request on the grounds that it is overly broad, unduly

burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in

that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC,

or any other issue in this litigation and on its face purports to require Abbott to search for and

produce all correspondence with any putative class member – which, in light of Plaintiffs' overly

expansive purported class definition, includes entities or persons with which Abbott may have

had commercial relationships since 1991, without regard for whether such correspondence has

any relationship to any issue in this litigation. Abbott also objects to this Request to the extent it

seeks correspondence with putative class members of other litigation in which Abbott is a party.

Abbott further objects to this Request on the ground that Plaintiffs effectively sought similar

- 3 -



relief from the Court in their Motion for a Protective Order Regarding Subpoenas to Putative

Class Members and such Motion was denied by the Court.

Dated: August /6, 2004                        Respectfully Submitted,


                                              James R. Daly
                                              Toni-Ann Citera
                                              JONES DAY
                                              77 West Wacker Drive
                                              Chicago, Illinois 60601
                                              Telephone: (312) 782-3939
                                              Facsimile: (312) 782-8585

                                              R. Christopher Cook
                                              Jesse A. Witten
                                              JONES DAY
                                              51 Louisiana Avenue, N.W.
                                              Washington, DC 20001-2113
                                              Telephone: (202) 879-3939
                                              Facsimile: (202) 626-1700
                                              *Counsel for Defendant*
                                              *Abbott Laboratories*

- 4 -

CHI-1432559v1



## CERTIFICATE OF SERVICE

    I hereby certify that on this 16th day of August, 2004, a true and correct copy of
DEFENDANT ABBOTT LABORATORIES' RESPONSES AND OBJECTIONS TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL
DEFENDANTS was served upon all counsel of record by electronic service pursuant to CMO
No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

                                         _____

                         Attorney for Defendant Abbott Laboratories



## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN  RE  PHARMACEUTICAL  INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION  ) ) ) | MDL No. 1456 |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS  ) ) ) | Civil Action No. 01-CV-12257 PBS Judge Patti B. Saris |

### DEFENDANT ZLB BEHRING LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, and Case Management Orders 10 and 11, Defendant ZLB Behring LLC (f/k/a Aventis Behring LLC) ("Behring"), by its undersigned counsel, hereby responds to Plaintiffs' Third Set of Requests for Production of Documents to All Defendants (the "Requests") as follows:

### GENERAL OBJECTIONS

Behring expressly incorporates by reference all "General Objections" set forth in its Responses and Objections to Plaintiffs' Omnibus Requests for Production and Interrogatories, which apply to the Requests in their entirety, including the Definitions, Instructions and Relevant Time Period.  Unless otherwise indicated, all capitalized defined terms shall have the same meaning ascribed in the such General Objections.  In addition, Behring objects to the Requests on the grounds that Plaintiffs have not sought an order from the Court permitting more than two separate requests for production, pursuant to Local Rule 26.1. Any Specific Objections provided below are made in addition to these General Objections and failure to reiterate a General Objection below does not constitute a waiver or limitation of that or any other objection.



## SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

<u>Request No. 1</u>:

>All documents produced to you by any third party.

<u>Response</u>:

>Behring objects to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC, or any other issue in this litigation, and on its face purports to require Behring to search for and produce all documents produced to it by any third party, regarding any topic, since 1991. Behring further objects to this Request to the extent that it purports to require Behring to produce documents that it is prohibited by protective order or contract from disclosing. Behring further objects to this Request as duplicative on the ground that Defendants have previously agreed with Plaintiffs to exchange documents produced in response to third party subpoenas served with respect to this litigation. However, Behring objects to this Request to the extent that it purports to require production of documents produced to the Defendants in this action by the Centers for Medicare and Medicaid Services ("CMS") in response to a subpoena served by Defendants, on the ground that (i) CMS, a government entity, required Defendants to pay its cost (and that of the U.S. Department of Justice) of collecting, reviewing and producing such documents, (ii) Defendants have previously offered to provide copies of CMS' production to Plaintiffs in exchange for Plaintiffs' payment of half of the cost charged by CMS and the Department of Justice, and (iii) Plaintiffs have refused to share that cost. Behring similarly objects to providing plaintiffs with any third party productions for which Defendants have been required to pay the costs of the third party unless Plaintiffs agree to share that cost.

\\\DC - 65744/0004 - 1978962 v1



Request No. 2:

All correspondence with any putative class member or with any attorney representing any putative class member.

Response:

Behring objects to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC, or any other issue in this litigation and on its face purports to require Behring to search for and produce all correspondence with any putative class member – which, in light of plaintiffs' overly expansive purported class definition, includes entities or persons with which Behring may have had commercial relationships since 1991, without regard for whether such correspondence has any relationship to any issue in this litigation. Behring further objects to this Request on the ground that plaintiffs effectively sought similar relief from the Court in their Motion for a Protective Order Regarding Subpoenas to Putative Class Members and such Motion was denied by the Court.

\\\DC - 65744/0004 - 1978962 v1



ZLB BEHRING LLC
By its Attorneys,


 /s/ Aimée E. Bierman
Michael DeMarco (BBO #119960)
Aimée E. Bierman (BBO #640385)
 abierman@kl.com
KIRKPATRICK & LOCKHART LLP
75 State Street
Boston, MA 02109
(617) 261-3100

William D. Nussbaum
Jonathan T. Rees
Martha L. Russo
HOGAN & HARTSON L.L.P.
555 13th Street, NW
Washington D.C. 20004
(202) 637-5600
FAX: (202) 637-5910

Dated:   August 16, 2004

\\DC - 65744/0004 - 1978962 v1



## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2004, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

/s/ Aimée E. Bierman
Aimée E. Bierman

\\\DC - 65744/0004 - 1978962 v1



### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | )<br>)  **MDL No. 1456**<br>)<br>)  **CIVIL ACTION: 01-CV-12257-PBS**<br>) |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | )  **Judge Patti B. Saris**<br>)<br>) |

### DEFENDANT SICOR INC. AND SICOR PHARMACEUTICALS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules for the District Court for the District of Massachusetts ("LR D. Mass."), Rule 34.1, and pursuant to Case Management Orders ("CMO") Nos. 5, 7, and 10, and the Court's November 21, 2003 Bench Ruling, Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. (collectively,"Sicor") hereby respond to Plaintiffs' Third Set of Requests for Production to all Defendants ("Requests").

### I.    GENERAL OBJECTIONS

1.    Sicor objects to Plaintiffs' Requests in their entirety as premature in that the Requests are not compliant with the Court's Case Management Order No. 10, dated March 25, 2004 ("CMO 10"), which ordered that discovery take place in two separate and distinct phases. Specifically, CMO 10 provided that Plaintiffs' Phase 1 or "fast-track" discovery would take place only as to Defendants AstraZeneca, the BMS Group, the GSK Group, the Johnson and Johnson Group and the Shering-Plough Group. As Sicor is not a Phase 1 defendant, Sicor objects to



Plaintiffs' attempt to obtain discovery prior to January 30, 2005, the presently specified date for the close of Phase 1 discovery and beginning of Phase 2.

     2.     Sicor objects to Plaintiffs' Requests in their entirety as unduly burdensome in that Plaintiffs' Third Set of Request for Production exceeds the limit for document production requests established under LR D. Mass 26.1(c), which expressly states that "each side, or group of parties with a common interest [are limited to] two (2) separate sets of requests for production."

     3.     Sicor objects to Plaintiffs' definitions and instructions to the extent they purport to impose obligations on Sicor beyond those imposed by the applicable discovery rules, and Sicor will not comply with any such non-conforming definitions or instructions.

     4.     Sicor incorporates by reference herein its objections to Plaintiffs' "Definitions," "Rules of Construction," Drugs at Issue," "Relevant Time Period," as set forth in its Sicor's Objections to Plaintiff's Omnibus Requests for Production and Interrogatories.

     5.     Sicor objects to the use of the acronym "AWPID" in Definition No. 8, which is defined in the Amended Master Consolidated Class Action Complaint ("AMCC") as "AWP Inflated Drugs" as vague and ambiguous as well as lacking any factual foundation and relying upon a legal conclusion.

     6.     Sicor objects to each and every Request to the extent it calls for documents generated or assembled either prior to January 1, 1997 or after September 6, 2002, on the grounds that such documents are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.



7.      Sicor objects to each and every Request to the extent it seeks the production of communications and documents protected by the attorney-client privilege, work-product doctrine or any other applicable privileges or discovery doctrines.

8.      Sicor objects to each and every Requests to the extent it purports to require production of confidential, proprietary or trade secret information regarding its products, business activities, and strategies.

9.      Sicor objects to each and every Request to the extent it  seek the production of information or documents which: (a) are not in Sicor's control or possession; (b) are already in Plaintiffs' custody, control or possession; or (c) are obtainable with equal or greater facility by the Plaintiffs.

10.     Sicor objects to each and every Request and Interrogatory as overly broad and unduly burdensome to the extent it seeks production of information relating to drugs other than Amikacin Sulfate, Acyclovir Sodium, Amphotericin B, Doxorubicin, Etoposide, Leucovorin, Pentamidine Isethionate and Tobramycin Sulfate -- the drugs at issue in this litigation which, according to the unproven allegations in the AMCC, implicate Sicor.  Accordingly, Sicor will only produce information relating to these specified drugs.

11.     Sicor objects to each and every Request to the extent that it seeks information not contained in documents that exist and require Sicor to create, compile or develop new documents.

12.     Sicor objects to each and every Request and Interrogatory to the extent it seeks production of documents or information not in the control or custody of Sicor, that are publicly available or equally available to Plaintiffs.

3



13.    Sicor objects to the production of documents and information which may be responsive to these Requests which were previously provided to plaintiffs pursuant to the court's October 28, 2002 Order and CMO 10, as unduly burdensome and duplicative.

## II.    SICOR'S RESPONSES AND SPECIFIC OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

### 1.    All documents produced to you by any third party.

Sicor objects to this Request as vague, ambiguous, overly broad and unduly burdensome and calling for the production of documents subject to the attorney-client privilege and/or the work product doctrine.

As set forth in Plaintiffs' Requests, Plaintiffs seek documents from January 1, 1991 through the present which were "produced" to Sicor by any third party and which "relate in whole or in part to such period, or to events and circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period." *See* Plaintiffs' Requests, IV.   Plaintiffs have made no attempt to reasonably limit the scope of their requests to the subject matter of this litigation, nor have they define the term "produced." Consequently, the Request, as written, calls for Sicor to produce virtually every document "produced" or received by Sicor from any third party, regardless of the subject matter and its relevance to this proceeding.   Accordingly, Sicor cannot produce any responsive documents.

Finally, as set forth in Sicor's General Objection No. 2, above, the Requests are unduly burdensome on their face because LR D. Mass. 26.1 (c) limits document requests to two sets per side.

4



SERVED
08/16/04
04:07 PM ET
MDL NO.

2.    **All correspondence with any putative class member or with any attorney representing any putative class member.**

Sicor objects to this Request as vague, ambiguous, overly broad and unduly burdensome and calling for the production of documents subject to the attorney-client privilege and/or the work product doctrine.

As set forth in Plaintiffs' Requests, Plaintiffs seek all correspondence from January 1, 1991 through the present which "relate[s] in whole or in part to such period, or to events and circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period." *See* Plaintiffs' Requests, IV.   Plaintiffs have not reasonably limited the scope of their requests to the subject matter of this litigation.  In addition, Plaintiffs have made no attempt to define the term "putative class member" and no class has yet been certified in these consolidated actions.  Accordingly, Sicor has no way of knowing who may reasonably be considered a "putative class member."  Consequently, the Request calls for Sicor to produce virtually all correspondence from unknown and presently unknowable persons, regardless of the subject matter of any such correspondence and its relevance to this proceeding.  Therefore, Sicor cannot produce any responsive documents.

In addition the Request, as written, is unduly burdensome in that it calls for Sicor to produce correspondence with "any attorney representing any putative class member," which would include correspondence between Sicor and Sicor representatives and the Plaintiffs' attorneys.  Since, Plaintiffs' are able to obtain such correspondence with equal or greater facility than can Sicor, *to wit*, through their own attorneys, the Request is unduly burdensome.



Finally, as set forth in Sicor's General Objection No. 2, above, the Requests are unduly burdensome on their face because LR , D. Mass. 26.1 (c) limits document requests to two sets per side.

Subject to and without waiving these objections, with the exception of correspondence between Sicor's attorneys and the Plaintiffs' attorneys, Sicor has no documents responsive to this Request.

Dated: August 16 , 2004

SICOR INC. and SICOR
PHARMACEUTICALS, INC.

By its attorneys,

Elizabeth I. Hack
Elizabeth S. Finberg
SONNENSCHEIN NATH &
ROSENTHAL , LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005
(202) 408-6400

-- and--

Robert J. Muldoon, Jr. (BBO # 359480)
James W. Matthews (BBO # 560560)
Pamela A. Zorn (BBO # 640800)
SHERIN AND LODGEN LLP
100 Summer Street
Boston, MA 02110
(617) 646-2000



## CERTIFICATE OF SERVICE

I hereby certify that I, Elizabeth S. Finberg, an attorney, caused a true and correct copy of the foregoing Defendant Sicor Inc. and Sicor Pharmaceuticals, Inc.'s Objections to Plaintiffs' Third Set of Requests For Production to All Defendants to be served on all counsel of record electronically via Verilaw Technologies on August 16, 2004, pursuant to Section D of Case Management Order No. 2.

ELIZABETH S. FINBERG



## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) | MDL No. 1456 |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 ) ) ) | Civil Action No. 01-CV-12257 PBS <br> Judge Patti B. Saris |

### RESPONSE OF DEFENDANTS BRISTOL-MEYERS SQUIBB COMPANY, ONCOLOGY THERAPEUTICS NETWORK CORPORATION AND APOTHECON, INC. TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, and Case Management Orders 10 and 11, Defendants Bristol-Myers Squibb Company, Oncology Therapeutics Network Corporation and Apothecon, Inc. (collectively "BMS"), by its undersigned counsel, hereby responds to Plaintiffs' Third Set of Requests for Production of Documents to All Defendants (the "Third Set of Requests") as follows:

### PRELIMINARY STATEMENT

1.      These responses are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such document requests were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

2.      BMS' responses shall not be deemed to constitute admissions:



    a.    that any particular document or thing exists, is relevant, non-privileged, or admissible in evidence; or

    b.    that any statement or characterization in Plaintiffs' Third Set of Requests is accurate or complete.

3.    BMS' responses are made based upon the typical or usual interpretation of words contained in Plaintiffs' Third Set of Requests, unless a specific definition or instruction has been provided.

4.    BMS' responses to Plaintiffs' Third Set of Requests contain information subject to the stipulated Protective Order in this matter and must be treated accordingly.

5.    BMS reserves its right to provide further responses as additional facts are ascertained.

### GENERAL OBJECTIONS

BMS expressly incorporates by reference all "General Objections" set forth in its Response to Plaintiffs' Omnibus Requests for Production and Interrogatories, which apply to Plaintiffs' Third Set of Requests in their entirety, including the Definitions, Instructions and Relevant Time Period. Unless otherwise indicated, all capitalized defined terms shall have the same meaning ascribed in such General Objections. In addition, BMS objects to the Third Set of Requests on the ground that Plaintiffs have not sought an order from the Court permitting more than two separate requests for production, pursuant to Local Rule 26.1. Any Specific Objections provided below are made in addition to these General Objections and failure to reiterate a General Objection below does not constitute a waiver or limitation of that or any other objection.

### SPECIFIC OBJECTIONS

Request No. 1:

All documents produced to you by any third party.

2



Response:

BMS objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to the issues in this litigation, and on its face purports to require BMS to search for and produce all documents produced to it by any third party, regarding any topic, since 1991. BMS also objects to this Request on work product privilege grounds to the extent that it seeks discovery of counsel's efforts to investigate and defend this case. BMS further objects to this Request to the extent that it purports to require BMS to produce documents that it is prohibited by protective order or contract from disclosing. BMS further objects to this Request as duplicative on the ground that Defendants previously agreed with Plaintiffs to exchange documents produced in response to third party subpoenas served with respect to this litigation. BMS also objects to this Request to the extent that it purports to require production of documents produced to Defendants in these action by the Centers for Medicare and Medicaid Services ("CMS") in response to a subpoena served by Defendants, on the ground that (i) CMS, a government entity, required Defendants to pay its cost (and that of the U.S. Department of Justice) of collecting, reviewing and producing such documents, (ii) Defendants have previously offered to provide copies of CMS' production to plaintiffs in exchange for Plaintiffs' payment of half of the cost charged by CMS and the Department of Justice, and (iii) Plaintiffs have refused to share that cost. BMS similarly objects to providing Plaintiffs with any third party productions for which it has been required to pay the costs of the third party unless Plaintiffs agree to share that cost.

Request No. 2:

All correspondence with any putative class member or with any attorney representing any putative class member.

3



Response:

BMS objects to Request No. 2 on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to the issues in this litigation and on its face purports to require BMS to search for and produce all correspondence with any putative class member since 1991– which, in light of Plaintiffs' overly expansive purported class definition, includes entities or persons with which BMS may have commercial relationships, without regard for whether such correspondence has any relationship to any issue in this litigation. BMS further objects to this Request on the ground that Plaintiffs effectively sought similar relief from the Court in their Motion for a Protective Order Regarding Subpoenas to Putative Class Members and such motion was denied by the Court. BMS also objects to this request on work product privilege grounds to the extent that it seeks discovery of counsel's efforts to investigate and defend this case.

Dated: New York, New York
     August 16, 2004

Steven M. Edwards, Esq. (admitted *pro hac vice*)
Lyndon M. Tretter, Esq. (admitted *pro hac vice*)
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

Thomas Dwyer, Esq.
Joseph E. Haviland, Esq.
DWYER & COLLORA, LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2211
(617) 371-1000

*Attorneys for Defendants Bristol-Myers Squibb Company, Oncology Therapeutics Network Corporation, and Apothecon, Inc.*

4



## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2004, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

_Hoa T. T. Hoang_
Hoa T. T. Hoang



E-SERVED
08/16/04
03:03 PM ET
MDL NO. 1456

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

MDL No. 1456

CIVIL ACTION: 01-CV-12257-PBS

Judge Patti B. Saris

THIS DOCUMENT RELATES TO
01-CV-12257-PBS AND 01-CV-339

## DEFENDANT GLAXOSMITHKLINE'S RESPONSE TO
## PLAINTIFFS' THIRD SET OF  REQUESTS FOR
## PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the Local

Rules of the United States District Court for the District of Massachusetts, and Case

Management Orders 10 and 11, Defendant SmithKline Beecham Corporation dba

GlaxoSmithKline ("GSK"), by its undersigned counsel, hereby responds to Plaintiffs' Third Set

of Requests for Production of Documents to All Defendants (the "Requests") as follows:

### GENERAL OBJECTIONS

GSK expressly incorporates by reference all "General Objections" set forth in its

Responses and Objections to Plaintiffs' Omnibus Requests for Production and Interrogatories,

which apply to the Requests in their entirety, including the Definitions, Instructions and Relevant

Time Period.  Unless otherwise indicated, all capitalized defined terms shall have the same

meaning ascribed in such General Objections.  In addition, GSK objects to the Requests on the

grounds that Plaintiffs have not sought an order from the Court permitting more than two



separate requests for production, pursuant to Local Rule 26.1.  Any Specific Objections provided

below are made in addition to these General Objections and failure to reiterate a General

Objection below does not constitute a waiver or limitation of that or any other objection.

**SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION**

<u>Request No. 1</u>:

   All documents produced to you by any third party.

<u>Response</u>:

   GSK objects to this Request on the grounds that it is overly broad, unduly

burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in

that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC,

or any other issue in this litigation, and on its face purports to require GSK to search for and

produce all documents produced to it by any third party, regarding any topic, since 1991.  GSK

further objects to this Request to the extent that it purports to require GSK to produce documents

that it is prohibited by protective order or contract from disclosing.  GSK also objects to this

Request as duplicative on the ground that Defendants have previously agreed with Plaintiffs to

exchange documents produced in response to third party subpoenas served with respect to this

litigation.  However, GSK objects to this Request to the extent that it purports to require

production of documents produced to the Defendants in this action by the Centers for Medicare

and Medicaid Services ("CMS") in response to a subpoena served by Defendants, on the ground

that (i) CMS, a government entity, required Defendants to pay its cost (and that of the U.S.

Department of Justice) of collecting, reviewing and producing such documents, (ii) Defendants

have previously offered to provide copies of CMS' production to Plaintiffs in exchange for

Plaintiffs' payment of half of the cost charged by CMS and the Department of Justice, and (iii)

Plaintiffs have refused to share that cost.  GSK similarly objects to providing Plaintiffs with any

- 2 -



third party productions for which Defendants have been required to pay the costs of the third

party unless Plaintiffs agree to share that cost.

Request No. 2:

        All correspondence with any putative class member or with any attorney
representing any putative class member.

Response:

        GSK objects to this Request on the grounds that it is overly broad, unduly

burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in

that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC,

or any other issue in this litigation and on its face purports to require GSK to search for and

produce all correspondence with any putative class member – which, in light of Plaintiffs' overly

expansive purported class definition, includes entities or persons with which GSK may have had

commercial relationships since 1991, without regard for whether such correspondence has any

relationship to any issue in this litigation.  GSK further objects to this Request on the ground that

Plaintiffs effectively sought similar relief from the Court in their Motion for a Protective Order

Regarding Subpoenas to Putative Class Members and such Motion was denied by the Court.

Dated: August 16, 2004

                                  _/s/_____

                                  Thomas H. Lee, II
                                  Brennan J. Torregrossa
                                  DECHERT LLP
                                  4000 Bell Atlantic Tower
                                  1717 Arch Street
                                  Philadelphia, PA 19103
                                  Telephone:  (215) 994-2994



Frederick G. Herold
DECHERT LLP
975 Page Mill Road
Palo Alto, CA 94304-1013
Telephone:  (650) 813-4800

Mark H. Lynch
Ethan M. Posner
Ronald G. Dove, Jr.
COVINGTON & BURLING
1201 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: (202) 662-5317

Mark D. Seltzer
Geoffrey E. Hobart
HOLLAND & KNIGHT, LLP
10 St. James Avenue
Boston, MA 02116-3813
Telephone: (617) 854-1419



## CERTIFICATE OF SERVICE

I, Jason R. Litow, certify that, on this 16th day of August, 2004, I served a copy

of the foregoing Defendant GlaxoSmithKline's Response to Plaintiffs' Third Set of Requests for

Production of Documents to All Defendants on all counsel of record by electronic service

pursuant to Case Management Order No. 2, by causing a copy to be sent to Verilaw

Technologies for posting and notification.

/s/_____
Jason R. Litow



# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) | MDL No. 1456 |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 ) | Civil Action No. 01-CV-12257 PBS |
| | Judge Patti B. Saris |

## AMGEN INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, and Case Management Orders 10 and 11, Defendant Amgen Inc. ("Amgen"), by its undersigned counsel, hereby responds to Plaintiffs' Third Set of Requests for Production of Documents to All Defendants (the "Requests") as follows:

### GENERAL OBJECTIONS

Amgen expressly incorporates by reference all "General Objections" set forth in its Responses and Objections to Plaintiffs' Omnibus Requests for Production and Interrogatories, which apply to the Requests in their entirety, including the Definitions, Instructions and Relevant Time Period. Unless otherwise indicated, all capitalized defined terms shall have the same meaning ascribed in the General Objections referenced above. In addition, Amgen objects to the Requests on the grounds that Plaintiffs have not sought an order from the Court permitting more than two separate requests for production, pursuant to Local Rule 26.1. Any Specific Objections provided below are made in addition to these General Objections and failure to reiterate a General Objection below does not constitute a waiver or limitation of that or any other objection.



## SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

Request No. 1:

All documents produced to you by any third party.

Response:

Amgen objects to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC, or any other issue in this litigation, and on its face purports to require Amgen to search for and produce all documents produced to it by any third party, regarding any topic, since 1991. Amgen further object to this Request to the extent that it purports to require Amgen to produce documents that it is prohibited from disclosing by protective order or contract. Amgen further objects to this Request as duplicative on the ground that Defendants have previously agreed with plaintiffs to exchange documents produced in response to third party subpoenas served with respect to this litigation. However, Amgen objects to this Request to the extent that it purports to require production of documents produced to the Defendants in this action by the Centers for Medicare and Medicaid Services ("CMS") in response to a subpoena served by Defendants, on the ground that (i) CMS, a government entity, required Defendants to pay its cost (and that of the U.S. Department of Justice) of collecting, reviewing and producing such documents, (ii) Defendants have previously offered to provide copies of CMS' production to plaintiffs in exchange for plaintiffs' payment of half of the cost charged by CMS and the Department of Justice, and (iii) plaintiffs have refused to share that cost. Amgen similarly objects to providing plaintiffs with any third party productions for which Defendants have been required to pay the costs of the third party unless plaintiffs agree to share that cost.

2



<u>Request No. 2:</u>

All correspondence with any putative class member or with any attorney representing any putative class member.

<u>Response:</u>

Amgen objects to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC, or any other issue in this litigation and on its face purports to require Amgen to search for and produce all correspondence with any putative class member – which, in light of plaintiffs' overly expansive purported class definition, includes entities or persons with which Amgen may have commercial relationships since 1991, without regard for whether such correspondence has any relationship to any issue in this litigation. Amgen further objects to this Request on the ground that plaintiffs effectively sought similar relief from the Court in their Motion for a Protective Order Regarding Subpoenas to Putative Class Members and such Motion was denied by the Court.

Frank A. Libby, Jr./jy

Frank A. Libby, Jr.
Douglas S. Brooks
Kelly, Libby & Hoopes, P.C.
175 Federal Street, 8th Floor
Boston, Massachusetts 02110
Telephone: (617) 338-9300
Facsimile: (617) 338-9911


Joseph H. Young
Steven F. Barley
Hogan & Hartson L.L.P.
111 S. Calvert St., Suite 1600
Baltimore, Maryland 21202
Telephone: (410) 659-2700
Facsimile: (410) 539-6981

Dated: August 16, 2004

3



## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2004, a true and correct copy of

Defendant Amgen Inc.'s Responses and Objections to Plaintiffs' Third Set of Requests for

Production of Documents to All Defendants were served upon all counsel of record via

electronic service pursuant to CMO No. 2 by causing a copy to be sent to Verilaw Technologies

for posting and notification.

_____
Joseph H. Young



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | Chief Mag. Judge Marianne B. Bowler |

## BAXTER INTERNATIONAL INC. AND BAXTER HEALTHCARE CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local

Rules of the United States District Court for the District of Massachusetts, and the Case

Management Orders of this Court, Defendants Baxter International Inc. and Baxter

Healthcare Corporation (collectively, "Baxter"), by their undersigned counsel, hereby

respond to Plaintiffs' Third Set of Requests for Production of Documents to All

Defendants ("Document Requests"), served on July 14, 2004, as follows:

## I.    PRELIMINARY STATEMENT

Preliminarily, Baxter states as follows:

1. By responding to these Document Requests, Baxter does not waive or

intend to waive:  (a) any objections as to the competency, relevancy, materiality,

privilege, or admissibility as evidence, for any purpose, of any documents or

information produced in response to the Document Requests; (b) the right on any

ground to the use of the documents or information produced in response to the



Document Requests at any hearing, trial, or other point during the litigation; or (c) the right to object on any ground at any time to a demand for further response to the Document Requests.

2. No objection made herein, or lack thereof, is an admission by Baxter as to the existence or non-existence of any documents or information.

3. Baxter reserves the right to amend or supplement these objections consistent with the applicable rules.

## II.      GENERAL OBJECTIONS

1. Baxter incorporates by reference herein all of its objections, both general and specific, from Baxter International Inc. and Baxter Healthcare Corporation's Objections and Responses to Plaintiffs' Omnibus Requests for Production and Interrogatories, dated June 1, 2004, which apply to Plaintiffs' Document Requests in their entirety. These incorporated objections include but are not limited to all objections to Plaintiffs' "Definitions," "Rules of Construction," "Instructions," "Drugs at Issue," and "Relevant Time Period."

2. In addition, Baxter objects to the Document Requests on the ground that Plaintiffs have not sought an order from the Court permitting more than two separate requests for the production of documents, as required by Local Rule 26.1(c).

3. Any Specific Objections provided below are made in addition to these General Objections and failure to reiterate a General Objection below does not constitute a waiver or limitation of that or any other objection.

2



III.     **SPECIFIC RESPONSES AND OBJECTIONS TO THE DOCUMENT
REQUESTS**

Subject to the General Objections, and without waiving and expressly

preserving all such objections, which are hereby incorporated into the response to each

Document Request, Baxter responds to Plaintiffs' individually numbered Document

Requests as follows:

Document Request No. 1:

All documents produced to you by any third party.

Response:

Baxter objects to Document Request No. 1 on the grounds that it is overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence in that it is not limited to pricing, price reporting, AWP, the

relationship between AWP and WAC, or any other issue in this litigation, and on its

face purports to require Baxter to search for and produce all documents produced to it

by any third party, regarding any topic, since 1991. Baxter further objects to this

Document Request to the extent it purports to require Baxter to produce documents that

a protective order or contract prohibits Baxter from disclosing.

Baxter also notes that Defendants have agreed with Plaintiffs to exchange

documents produced in response to third party subpoenas served with respect to this

litigation. Thus, Baxter objects to this Document Request as duplicative.

Furthermore, Baxter objects to this Document Request to the extent that it

purports to require Baxter to produce documents that the Centers for Medicare and

Medicaid Services ("CMS") produced to Defendants in this action in response to a

subpoena served by Defendants. Prior to producing these documents, CMS, a

government entity, demanded that Defendants pay its cost (and that of the U.S.

3



Department of Justice) of collecting, reviewing and producing such documents.

Defendants have offered previously to provide copies of CMS' production to Plaintiffs

in exchange for Plaintiffs' payment of half of the cost charged by CMS and the

Department of Justice.  Plaintiffs, however, refused to share that cost.

Baxter similarly objects to providing Plaintiffs with any third party productions

for which Defendants have been required to pay the costs of the third party unless

Plaintiffs agree to share those costs.

<u>Document Request No. 2</u>:

> All correspondence with any putative class member or with any attorney
representing any putative class member.

> <u>Response</u>:

Baxter objects to Document Request No. 2 on the grounds that it is overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence in that it is not limited to pricing, price reporting, AWP, the

relationship between AWP and WAC, or any other issue in this litigation, and on its

face purports to require Baxter to search for and produce all correspondence with any

putative class member without regard for whether such correspondence has any

relationship to any issue in this litigation.  In light of Plaintiffs' overly expansive

purported class definition, the scope of this Document Request includes all entities or

persons with which Baxter may have had commercial relationships since 1991.

Baxter further objects to this Document Request on the ground that Plaintiffs

effectively sought similar relief from the Court in their Motion for a Protective Order

Regarding Subpoenas to Putative Class Members and the Court denied such Motion.

4



Dated:  August 16, 2004

/S/ Merle M. DeLancey, Jr.
Merle M. DeLancey, Jr.
J. Andrew Jackson
DICKSTEIN SHAPIRO MORIN &
OSHINSKY LLP
2101 L St. NW
Washington, DC 20037
Telephone:  (202) 785-9700
Facsimile:  (202) 887-0689

Counsel for Defendants
BAXTER HEALTHCARE
CORPORATION and BAXTER
INTERNATIONAL, INC.

/S/ Peter E. Gelhaar
Peter E. Gelhaar (BBO #188310)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street
33rd Floor
Boston, MA  02108
Telephone:  (617) 720-2880
Facsimile:  (617) 720-3554

5



## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2004, a true and correct copy of Baxter International Inc. And Baxter Healthcare Corporation's Objections To Plaintiffs' Third Set of Requests For Production of Documents To All Defendants was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

DATED:  August 16, 2004

Eden M. Heard



# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE LITIGATION )   MDL No. 1456
                                    )
THIS DOCUMENT RELATES TO            )   Civil Action No. 01-CV-12257 PBS
01-CV-12257-PBS                     )
                                    )   Judge Patti B. Saris

## NOVARTIS PHARMACEUTICALS CORPORATION'S
## RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF
## REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the Local

Rules of the United States District Court for the District of Massachusetts, and Case

Management Orders 10 and 11, Defendant Novartis Pharmaceuticals Corporation ("Novartis"),

by its undersigned counsel, hereby responds to Plaintiffs' Third Set of Requests for Production

of Documents to All Defendants (the "Requests") as follows:

## GENERAL OBJECTIONS

Novartis expressly incorporates by reference all "General Objections" set forth in

its Responses and Objections to Plaintiffs' Omnibus Requests for Production and Interrogatories,

which apply to the Requests in their entirety, including the Definitions, Instructions and Relevant

Time Period.  Unless otherwise indicated, all capitalized defined terms shall have the same

meaning ascribed in the General Objections.  In addition, Novartis objects to the Requests on the

grounds that plaintiffs have not sought an order from the Court permitting more than two

separate requests for production, pursuant to Local Rule 26.1.  Any Specific Objections provided

below are made in addition to these General Objections and failure to reiterate a General

Objection below does not constitute a waiver or limitation of that or any other objection.



## SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

Request No. 1:

All documents produced to you by any third party.

Response:

Novartis objects to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC, or any other issue in this litigation, and on its face purports to require Novartis to search for and produce all documents produced to it by any third party, regarding any topic, since 1991. Novartis further objects to this Request to the extent that it purports to require Novartis to produce documents that it is prohibited by protective order or contract from disclosing. Novartis further objects to this Request as duplicative on the ground that Defendants have previously agreed with plaintiffs to exchange documents produced in response to third party subpoenas served with respect to this litigation. However, Novartis objects to this Request to the extent that it purports to require production of documents produced to the Defendants in this action by the Centers for Medicare and Medicaid Services ("CMS") in response to a subpoena served by Defendants, on the ground that (i) CMS, a government entity, required Defendants to pay its cost (and that of the U.S. Department of Justice) of collecting, reviewing and producing such documents, (ii) Defendants have previously offered to provide copies of CMS' production to plaintiffs in exchange for plaintiffs' payment of half of the cost charged by CMS and the Department of Justice, and (iii) plaintiffs have refused to share that cost. Novartis similarly objects to providing plaintiffs with any third party productions for which Defendants have been required to pay the costs of the third party unless plaintiffs agree to share that cost.



Request No. 2:

All correspondence with any putative class member or with any attorney representing any putative class member.

Response:

Novartis objects to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC, or any other issue in this litigation and on its face purports to require Novartis to search for and produce all correspondence with any putative class member – which, in light of plaintiffs' overly expansive purported class definition, includes entities or persons with which Novartis may have had commercial relationships since 1991, without regard for whether such correspondence has any relationship to any issue in this litigation. Novartis further objects to this Request on the ground that plaintiffs effectively sought similar relief from the Court in their Motion for a Protective Order Regarding Subpoenas to Putative Class Members and such Motion was denied by the Court.



Dated:  Boston, Massachusetts
        August 16, 2004

Jane W. Parver (admitted *pro hac vice*)
Saul P. Morgenstern (admitted *pro hac vice*)
Rachel H. Yarkon (admitted *pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

Karen F. Green (BBO #209050)
Benjamin M. Stern (BBO #646778)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

*Attorneys for Defendant*
   *Novartis Pharmaceuticals Corporation*

4



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456 |
|  | ) | CIVIL ACTION: 01-CV-12257-PBS |
|  | ) |  |
| THIS DOCUMENT RELATES TO: | ) ) | Judge Patti B. Saris |
|  | ) |  |
| 01-CV-12257-PBS and 01-CV-339 | ) ) | |

## B. BRAUN OF AMERICA INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS



Defendant B. Braun of America Inc. ("BBA"), pursuant to Federal Rules of Civil Procedure 26, 33, and 34, through undersigned counsel, propounds the following objections and responses to the Plaintiffs' Third Set of Requests for Production of Documents to All Defendants ("Third Document Request"). BBA reserves its right to supplement these objections and responses.

As stated in its Motion to Dismiss, BBA is not a proper party to this litigation. This Court lacks jurisdiction and venue over BBA. Moreover, BBA neither manufactures nor sells any of the pharmaceuticals listed in Appendix A to the Amended Master Consolidated Class Action Complaint ("AMCC"). As a result, BBA has no reason to believe that it has responsive documents or information in its possession relating to the subject matter of this litigation. However, BBA has requested that its separately incorporated subsidiary, B. Braun Medical Inc. ("BBM"), consider the Third Document Request as if it had been properly directed to and served upon BBM, without waiver of BBA's position that it is not properly before this Court.

## GENERAL OBJECTIONS

BBA asserts the following General Objections, which are incorporated into the specific Responses by reference. These General Objections govern the scope of any document search and production by or for BBA.

1.    BBA objects to the Third Document Request to the extent that it requires BBA to undertake steps beyond those required by Rules 26, 33, and 34 of the Federal Rules of Civil Procedure.

2.    BBA objects to the Third Document Request to the extent that it requires BBA to undertake steps beyond those required by Case Management Order No. 10 or any other Orders of the Court in this litigation.



3.    BBA objects to the Third Document Request on the grounds that the plaintiffs have not received leave from the Court, as required by Local Rule 26.1, prior to serving a third request for the production of documents.

4.    BBA objects to the Third Document Request to the extent that it requests the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, other common law or statutory privileges, or otherwise immune from discovery.  BBA expressly reserves the right to assert any and all applicable common law, statutory, or other legal privileges.  BBA objects to the Third Document Request to the extent that it would require counsel for BBA or BBM to disclose or prepare a log of documents and information prepared by or for counsel in anticipation of, or for the purpose of, litigation.  However, with the exception of documents or information prepared in anticipation, or for the purpose, of litigation, BBA will identify documents withheld on the basis of privilege on a privilege log to the extent required by Fed. R. Civ. P. 26(b)(5).

5.    BBA objects to the Third Document Request to the extent that it requests the production of documents or information not relevant to the subject matter of the case or not reasonably calculated to lead to the discovery of admissible evidence.

6.    BBA objects to the Third Document Request as overly broad and unduly burdensome to the extent that it requests the production of documents or information that are published, publicly available, or otherwise generally accessible to all parties.

7.    BBA objects to the Third Document Request to the extent that it calls for the production of documents or information protected by any Protective Order in another case or subject to confidentiality agreements with, or licensing restrictions imposed by, third parties.

3



8.  BBA objects to the Third Document Request on the ground that it is overly broad and unduly burdensome, if full compliance with it as written were to be required. BBA believes that any such document discovery would be "unreasonably cumulative or duplicative" and that the "burden or expense of the [any such] proposed discovery would outweigh its likely benefit." *See* Fed. R. Civ. P. 26(b)(2).

9.  BBA objects to the Third Document Request to the extent that it requests BBA to produce documents beyond BBA's or BBM's possession, custody, or control. Any such request is overly broad and unduly burdensome and inconsistent with, and imposes obligations beyond, the obligations required under the Federal Rules of Civil Procedure. BBA does not intend to search for documents that are in the possession of any third party other than BBM, as such discovery would be "unreasonably cumulative or duplicative" and the "burden or expense of the [any such] proposed discovery would outweigh its likely benefit." *See* Fed. R. Civ. P. 26(b)(2).

10. BBA objects to the Third Document Request to the extent that it calls for the production of documents and information relating to products other than the drugs of "B. Braun McGaw" listed in Appendix A of the AMCC, which drugs are referred to herein as the "Subject Drugs." Such an interpretation is overly broad and unduly burdensome and relates to information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

11. BBA objects to the Third Document Request to the extent that it does not specify a "reasonable time, place, and manner of making the inspection." *See* Fed.R.Civ.P. 34(b).

12. BBA reserves the right to assert additional objections or to supplement these Objections and Responses.

4



## I.  DEFINITIONS

1.  BBA incorporates by reference herein all objections and responses to the "Definitions,"
"Rules of Construction," "Instructions," "Drugs at Issue," and "Relevant Time Period"
from its Objections and Responses to Plaintiffs' Omnibus Requests for Production and
Interrogatories To Defendants Abbott, Amgen, Aventis, Baxter, Bayer, Boehringer,
Braun, Dey, Fujisawa, Novartis, Pfizer, Pharmacia, Sicor, TAP, and Watson And To All
Other Defendants With Respect To Drugs That Were Not Previously Subject To
Discovery.

2.  BBA objects to Definitions Nos. 7, 8, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23,
24, 26, 27, 28, 30, 31, 32, and 33 as irrelevant and inapplicable to the Third Document
Request.

## SPECIFIC OBJECTIONS

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents produced to you by any third party.

**RESPONSE:**

BBA objects to this Request as vague and ambiguous and overly broad and unduly
burdensome to the extent that "third party" is not a defined term and could reasonably include
within its scope any and all entities other than BBA and the plaintiffs.  BBA objects to this
Request as vague and ambiguous to the extent that "produced" is not a defined term within this
Third Request.  BBA objects to this Request as overly broad and unduly burdensome to the
extent that it is not limited to documents relevant to this litigation nor reasonably calculated to

5



lead to the discovery of admissible evidence, but rather reasonably includes within its scope all documents of any type produced to BBA by any third party for any purpose during the Relevant Time Period. BBA further objects to this Request as unduly burdensome and duplicative on the grounds that the Defendants previously reached an agreement with the plaintiffs regarding the sharing of documents produced in response to subpoenas served on third parties with respect to this litigation. BBA also objects to this Request to the extent that it calls for the production of documents produced to the Defendants in this litigation by the Centers for Medicare and Medicaid Services ("CMS") in response to a subpoena served by Defendants, on the grounds that CMS required the Defendants to pay the costs of collecting, reviewing, and producing these documents, but the plaintiffs refuse to share that cost. Defendants' previous offer to provide copies of these documents in exchange for payment of one-half of the cost charged by CMS having been rejected by the plaintiffs, it would be unduly burdensome to require BBA to produce these documents to the plaintiffs for no cost. Similarly, BBA objects to this Request to the extent that it calls for the production of documents produced by other third parties that have required the Defendants to pay the costs associated with the production, and the plaintiffs continue to refuse to share the costs of those productions. However, without waiving any of its objections, BBA states that no third party has produced documents to it in this litigation.

**REQUEST FOR PRODUCTION NO. 2:**

All correspondence with any putative class member or with any attorney representing any putative class member.

**RESPONSE:**

BBA objects to this Request as vague and ambiguous and overly broad and unduly burdensome to the extent that "putative class member" has not been defined within this Third Request. BBA objects to this Request as overly broad and unduly burdensome and neither

6



relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls for all correspondence of any kind with any putative class member and is not limited to correspondence that has any relevance to any issue in this litigation. BBA further objects to this Request to the extent that it calls for information produced by BBA in response to plaintiffs' previous requests for production. BBA also objects to this Request as overly broad and unduly burdensome and neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence to the extent that the plaintiffs were denied such relief by the Court in response to their Motion for a Protective Order Regarding Subpoenas to Putative Class Members. However, without waiver of its objections, BBA states that it has not had any correspondence with any putative class member or with any attorney representing any putative class member in this litigation.

7



Dated: August 16, 2004                    Respectfully submitted,



Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
T:  (202) 879-5000
F:  (202) 879-5200

*Counsel for B. Braun of America Inc.*



## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing B. Braun of America Inc.'s Objections and Responses to Plaintiffs' Third Requests for Production of Documents to All Defendants has been served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties on this 16th day of August, 2004.


Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
(202) 879-5000
Fax: (202) 879-5200

*Counsel for B. Braun of America Inc.*



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) | MDL No. 1456 |
| | ) | CIVIL ACTION: 01-CV-12257-PBS |
| | ) | |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | ) ) ) | Judge Patti B. Saris |

### IMMUNEX'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, and Case Management Orders No. 10 and 11, Defendant Immunex Corporation ("Immunex") responds to Plaintiffs' Third Set of Requests for Production of Documents to All Defendants (the "Requests") as follows:

### I.    IMMUNEX CORPORATION'S GENERAL OBJECTIONS

Immunex expressly incorporates by reference all "General Objections" set forth in its Responses and Objections to Plaintiffs' Omnibus Requests for Production and Interrogatories served on Plaintiffs on May 13, 2004, which apply to the Requests in their entirety, including the Definitions, Instructions and Relevant Time Period. Unless otherwise indicated, all capitalized defined terms shall have the same meaning ascribed in the such General Objections. In addition, Immunex objects to the Requests on the grounds that Plaintiffs have not sought an order from the Court permitting more than two separate requests for production, pursuant to Local Rule 26.1. Any Specific Objections provided below are made



in addition to these General Objections and failure to reiterate a General Objection below does not constitute a waiver or limitation of that or any other objection.

## II.    IMMUNEX'S OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents produced to you by any third party.

**RESPONSE:**

Immunex objects to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC, or any other issue in this litigation, and on its face purports to require Immunex to search for and produce all documents produced to it by any third party, regarding any topic, since 1991. Immunex further objects to this Request to the extent that it purports to require Immunex to produce documents that it is prohibited by protective order or contract from disclosing. Immunex further objects to this Request as duplicative on the ground that Defendants have previously agreed with Plaintiffs to exchange documents produced in response to third party subpoenas served with respect to this litigation. However, Immunex objects to this Request to the extent that it purports to require production of documents produced to the Defendants in this action by the Centers for Medicare and Medicaid Services ("CMS") in response to a subpoena served by Defendants, on the ground that (i) CMS, a government entity, required Defendants to pay its cost (and that of the U.S. Department of Justice) of collecting, reviewing and producing such documents, (ii) Defendants have previously offered to provide copies of CMS' production to Plaintiffs in exchange for Plaintiffs' payment of half of the cost charged by CMS and the Department of Justice, and (iii) Plaintiffs have refused to share that cost. Immunex similarly objects to providing



plaintiffs with any third party productions for which Defendants have been required to pay the costs of the third party unless Plaintiffs agree to share that cost.

**REQUEST FOR PRODUCTION NO. 2:**

All correspondence with any putative class member or with any attorney representing any putative class member.

**RESPONSE:**

Immunex objects to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC, or any other issue in this litigation and on its face purports to require Immunex to search for and produce all correspondence with any putative class member – which, in light of plaintiffs' overly expansive purported class definition, includes entities or persons with which Immunex may have had commercial relationships since 1991, without regard for whether such correspondence has any relationship to any issue in this litigation. Immunex further objects to this Request on the ground that plaintiffs effectively sought similar relief from the Court in their Motion for a Protective Order Regarding Subpoenas to Putative Class Members and such Motion was denied by the Court.



DATED: August 16, 2004

By_____
David J. Burman, WSBA #10611
Kathleen M. O'Sullivan, WSBA #27850
Zoe Philippides, WSBA #30532
Charles C. Sipos, WSBA #32825
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax:    (206) 359-9000

Thomas J. Sartory, BBO #442500
Goulston & Storrs
400 Atlantic Avenue
Boston, MA 02110
Phone: (617) 482-1776
Fax:    (617) 574-4112

Attorneys for Defendant
Immunex Corporation



## CERTIFICATE OF SERVICE

I hereby certify that on this $\underline{10^{th}}$ day of August, 2004, I served a true and correct

copy of the foregoing Immunex's Objections and Responses to Plaintiffs' Third Set of

Requests For Documents to All Defendants by messenger service to:

               Steve W. Berman
               Sean R. Matt
               Hagens Berman LLP
               1301 Fifth Avenue, Suite 2900
               Seattle, WA 98101

               **PLAINTIFFS' COUNSEL**
               **CHAIR OF LEAD COUNSEL COMMITTEE**

DATED:  August $\underline{10^{th}}$, 2004        By _____

                                   David J. Burman, WSBA #10611
                                   Kathleen M. O'Sullivan, WSBA #27850
                                   Zoe Philippides, WSBA #30532
                                   Charles C. Sipos, WSBA #32825
                                   Perkins Coie LLP
                                   1201 Third Avenue, Suite 4800
                                   Seattle, WA  98101-3099
                                   Phone:  (206) 359-8000
                                   Fax:     (206) 359-9000



## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS | Civil Action No. 01-CV-12257 PBS  Judge Patti B. Saris |

### RESPONSES AND OBJECTIONS OF CENTOCOR, INC., JANSSEN PHARMACEUTICA PRODUCTS, L.P., MCNEIL-PPC, ORTHO BIOTECH PRODUCTS, L.P., AND JOHNSON & JOHNSON TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, and Case Management Orders 10 and 11, Centocor, Inc., Janssen Pharmaceutica Products, L.P., McNeil-PPC, Ortho Biotech Products, L.P., and Johnson & Johnson (collectively the "Johnson & Johnson Companies"), by its undersigned counsel, hereby respond to Plaintiffs' Third Set of Requests for Production of Documents to All Defendants (the "Requests") as follows:

### GENERAL OBJECTIONS

The Johnson & Johnson Companies expressly incorporate by reference all "General Objections" set forth in its Responses and Objections to Plaintiffs' Omnibus Requests for Production and Interrogatories, which apply to the Requests in their entirety, including the Definitions, Instructions and Relevant Time Period. Unless otherwise indicated, all capitalized defined terms shall have the same meaning ascribed in the such General Objections. In addition, The Johnson & Johnson Companies object to the Requests on the grounds that Plaintiffs have not sought an order from the Court permitting more than two separate requests for production, pursuant to Local Rule 26.1. Any Specific Objections provided below are made in addition to

1078152v1



these General Objections and failure to reiterate a General Objection below does not constitute a waiver or limitation of that or any other objection.

## SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

Request No. 1:

All documents produced to you by any third party.

Response:

The Johnson & Johnson Companies object to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC, or any other issue in this litigation, and on its face purports to require The Johnson & Johnson Companies to search for and produce all documents produced to it by any third party, regarding any topic, since 1991. The Johnson & Johnson Companies further object to this Request to the extent that it purports to require The Johnson & Johnson Companies to produce documents that they are prohibited by protective order or contract from disclosing. The Johnson & Johnson Companies further object to this Request as duplicative on the ground that Defendants have previously agreed with Plaintiffs to exchange documents produced in response to third party subpoenas served with respect to this litigation. However, The Johnson & Johnson Companies object to this Request to the extent that it purports to require production of documents produced to the Defendants in this action by the Centers for Medicare and Medicaid Services ("CMS") in response to a subpoena served by Defendants, on the ground that (i) CMS, a government entity, required Defendants to pay its cost (and that of the U.S. Department of Justice) of collecting, reviewing and producing such documents, (ii) Defendants have previously offered to provide copies of CMS' production to Plaintiffs in exchange for Plaintiffs' payment of half of the cost charged by CMS and the Department of Justice, and (iii) Plaintiffs have refused

2

to share that cost. The Johnson & Johnson Companies similarly object to providing plaintiffs with any third party productions for which Defendants have been required to pay the costs of the third party unless Plaintiffs agree to share that cost.

Request No. 2:

All correspondence with any putative class member or with any attorney representing any putative class member.

Response:

The Johnson & Johnson Companies object to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC, or any other issue in this litigation and on its face purports to require The Johnson & Johnson Companies to search for and produce all correspondence with any putative class member – which, in light of plaintiffs' overly expansive purported class definition, includes entities or persons with which The Johnson & Johnson Companies may have had commercial relationships since 1991, without regard for whether such correspondence has any relationship to any issue in this litigation. The Johnson & Johnson Companies further object to this Request on the ground that plaintiffs effectively sought similar relief from the Court in their Motion for a Protective Order Regarding Subpoenas to Putative Class Members and such Motion was denied by the Court.

Dated: August 16, 2004

By: s/ Andrew Schau
William F. Cavanaugh, Jr.
Andrew D. Schau
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2465
Attorneys for The Johnson & Johnson Companies

3

1078152v1



08/16/04
01:11 PM ET

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) | MDL No. 1456 |
| ) | |
| THIS DOCUMENT RELATES TO ) | Civil Action No. 01-CV-12257 PBS |
| 01-CV-12257-PBS ) | |
| ) | Judge Patti B. Saris |

### RESPONSES AND OBJECTIONS OF ASTRAZENECA PHARMACEUTICALS LP TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts, AstraZeneca Pharmaceuticals LP ("AstraZeneca"), by its undersigned counsel, hereby responds to Plaintiffs' Third Set of Requests for Production of Documents to All Defendants (the "Requests") as follows:

### GENERAL OBJECTIONS

AstraZeneca expressly incorporates by reference all "General Objections" set forth in its Responses and Objections to Plaintiffs' Omnibus Requests for Production and Interrogatories, which apply to the Requests in their entirety, including the Definitions, Instructions and Relevant Time Period. Unless otherwise indicated, all capitalized defined terms shall have the same meaning ascribed in the such General Objections. In addition, AstraZeneca objects to the Requests on the grounds that Plaintiffs have not sought an order from the Court permitting more than two separate requests for production, pursuant to Local Rule 26.1. Any Specific Objections provided below are made in addition to these General Objections and failure to reiterate a General Objection below does not constitute a waiver or limitation of that or any other objection.



## SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

Request No. 1:

> All documents produced to you by any third party.

Response:

AstraZeneca objects to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC, or any other issue in this litigation, and on its face purports to require AstraZeneca to search for and produce all documents produced to it by any third party, regarding any topic, since 1991. AstraZeneca further objects to this Request to the extent that it purports to require AstraZeneca to produce documents that it is prohibited by protective order or contract from disclosing. AstraZeneca further objects to this Request as duplicative on the ground that Defendants have previously agreed with Plaintiffs to exchange documents produced in response to third party subpoenas served with respect to this litigation. However, AstraZeneca objects to this Request to the extent that it purports to require production of documents produced to the Defendants in this action by the Centers for Medicare and Medicaid Services ("CMS") in response to a subpoena served by Defendants, on the ground that (i) CMS, a government entity, required Defendants to pay its cost (and that of the U.S. Department of Justice) of collecting, reviewing and producing such documents, (ii) Defendants have previously offered to provide copies of CMS' production to Plaintiffs in exchange for Plaintiffs' payment of half of the cost charged by CMS and the Department of Justice, and (iii) Plaintiffs have refused to share that cost. AstraZeneca similarly objects to providing plaintiffs with any third party productions for which Defendants have been required to pay the costs of the third party unless Plaintiffs agree to share that cost.

2



<u>Request No. 2</u>:

        All correspondence with any putative class member or with any attorney representing any putative class member.

<u>Response</u>:

        AstraZeneca objects to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC, or any other issue in this litigation and on its face purports to require AstraZeneca to search for and produce all correspondence with any putative class member – which, in light of plaintiffs' overly expansive purported class definition, includes entities or persons with which AstraZeneca may have had commercial relationships since 1991, without regard for whether such correspondence has any relationship to any issue in this litigation. AstraZeneca further objects to this Request on the ground that Plaintiffs effectively sought similar relief from the Court in their Motion for a Protective Order Regarding Subpoenas to Putative Class Members and such Motion was denied by the Court.

Dated: August 16, 2004

By:  /s/ Kimberley D. Harris
      —————————————————

D. Scott Wise, Esq.
Kimberley D. Harris, Esq.
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

Nicholas C. Theodorou, Esq. (BBO# 496730)
Lucy Fowler, Esq. (BBO# 647929)
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Attorneys for AstraZeneca Pharmaceuticals LP



# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE LITIGATION )   MDL No. 1456
                                    )
_____   )   Civil Action No. 01-CV-12257 PBS
THIS DOCUMENT RELATES TO            )
01-CV-12257-PBS                     )   Judge Patti B. Saris
_____   )

### PHARMACIA CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, and Case Management Orders 10 and 11, Pharmacia Corporation ("Pharmacia"), by its undersigned counsel, hereby responds to Plaintiffs' Third Set of Requests for Production of Documents to All Defendants (the "Requests") as follows:

### GENERAL OBJECTIONS

Pharmacia expressly incorporates by reference all "General Objections" set forth in its Responses and Objections to Plaintiffs' Omnibus Requests for Production and Interrogatories, which apply to the Requests in their entirety, including the Definitions, Instructions and Relevant Time Period. Unless otherwise indicated, all capitalized defined terms shall have the same meaning ascribed in the such General Objections. In addition, Pharmacia objects to the Requests on the grounds that Plaintiffs have not sought an order from the Court permitting more than two separate requests for production, pursuant to Local Rule 26.1. Any Specific Objections provided below are made in addition to these General Objections and failure to reiterate a General Objection below does not constitute a waiver or limitation of that or any other objection.



## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of Defendant Pharmacia Corporation's Responses and Objections to Plaintiffs' Third Set of Requests for Production of Documents to All Defendants to be served on all counsel of record by electronic service, pursuant to Case Management Order No. 2.

DATED:  August 16, 2004

_____
Jennifer B. Jordan



## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) MDL No. 1456 |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS | ) ) ) ) ) Civil Action No. 01-CV-12257 PBS<br><br>Judge Patti B. Saris |

### PFIZER, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, and Case Management Orders 10 and 11, Pfizer, Inc. ("Pfizer"), by its undersigned counsel, hereby responds to Plaintiffs' Third Set of Requests for Production of Documents to All Defendants (the "Requests") as follows:

### GENERAL OBJECTIONS

Pfizer expressly incorporates by reference all "General Objections" set forth in its Responses and Objections to Plaintiffs' Omnibus Requests for Production and Interrogatories, which apply to the Requests in their entirety, including the Definitions, Instructions and Relevant Time Period. Unless otherwise indicated, all capitalized defined terms shall have the same meaning ascribed in the such General Objections. In addition, Pfizer objects to the Requests on the grounds that Plaintiffs have not sought an order from the Court permitting more than two separate requests for production, pursuant to Local Rule 26.1. Any Specific Objections provided below are made in addition to these General Objections and failure to reiterate a General Objection below does not constitute a waiver or limitation of that or any other objection.



## SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

Request No. 1:

All documents produced to you by any third party.

Response:

Pfizer objects to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC, or any other issue in this litigation, and on its face purports to require Pfizer to search for and produce all documents produced to it by any third party, regarding any topic, since 1991. Pfizer further objects to this Request to the extent that it purports to require Pfizer to produce documents that it is prohibited by protective order or contract from disclosing. Pfizer further objects to this Request as duplicative on the ground that defendants have previously agreed with plaintiffs to exchange documents produced in response to third-party subpoenas served with respect to this litigation. Moreover, Pfizer objects to this Request to the extent that it purports to require production of documents produced to the defendants in this action by the Centers for Medicare and Medicaid Services ("CMS") in response to a subpoena served by defendants, on the ground that (i) CMS, a government entity, required defendants to pay its cost (and that of the U.S. Department of Justice) of collecting, reviewing and producing such documents, (ii) defendants have previously offered to provide copies of CMS' production to plaintiffs in exchange for plaintiffs' payment of half of the cost charged by CMS and the Department of Justice, and (iii) plaintiffs have refused to share that cost. Pfizer similarly objects to providing plaintiffs with any third-party productions for which defendants have been required to pay the costs of the third party unless plaintiffs agree to share that cost.

2



Request No. 2:

All correspondence with any putative class member or with any attorney representing any putative class member.

Response:

Pfizer objects to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC, or any other issue in this litigation and on its face purports to require Pfizer to search for and produce all correspondence with any putative class member — which, in light of plaintiffs' overly expansive purported class definition, includes entities or persons with which Pfizer may have had commercial relationships since 1991, without regard for whether such correspondence has any relationship to any issue in this litigation.  Pfizer further objects to this Request on the ground that plaintiffs effectively sought similar relief from the Court in their Motion for a Protective Order Regarding Subpoenas to Putative Class Members and such Motion was denied by the Court.

DATED:  August 16, 2004

**MORGAN, LEWIS & BOCKIUS LLP**

John C. Dodds
1701 Market Street
Philadelphia, PA 19103
T: 215.963.5000
F: 215.963.5001

Scott A. Stempel
111 Pennsylvania Avenue, NW
Washington, D.C. 20004
T: 202.739.3000
F: 202.739.3001



**LAREDO & SMITH LLP**

Mark D. Smith (BBO #542676)
15 Broad Street, Suite 600
Boston, MA 02109
T: 617.367.7984
F: 617.367.6475

Attorneys of Defendant Pfizer, Inc.

4



## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of Defendant Pfizer, Inc.'s Responses and Objections to Plaintiffs' Third Set of Requests for Production of Documents to All Defendants to be served on all counsel of record by electronic service, pursuant to Case Management Order No. 2.

DATED:  August 16, 2004

Jennifer F. Jordan