# Exhibit D

# DAVIS POLK & WARDWELL

| | 450 LEXINGTON AVENUE | |
|---|---|---|
| 1300 I STREET, N.W.<br>WASHINGTON, D.C. 20005 | NEW YORK, N.Y. 10017 | MESSETURM<br>60308 FRANKFURT AM MAIN |
| 1600 EL CAMINO REAL<br>MENLO PARK, CA 94025 | 212 450 4000<br>FAX 212 450 3800 | MARQUÉS DE LA ENSENADA, 2<br>28004 MADRID |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | WRITER'S DIRECT | 1-6-1 ROPPONGI<br>MINATO-KU, TOKYO 106-6033 |
| 15, AVENUE MATIGNON<br>75008 PARIS | 212 450 4859<br>kharris@dpw.com | 3A CHATER ROAD<br>HONG KONG |

September 28, 2004

Re:   **In re Pharmaceutical Industry Average Wholesale Price Litigation —
      MDL No. 1456**

Sean R. Matt, Esq.
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101

Dear Sean:

     I am writing in response to your letter dated September 14, 2004 relating to Defendants' Responses and Objections to Plaintiffs' Third Set of Requests for Production of Documents.

     With respect to plaintiffs' first request, it appears that plaintiffs have now agreed to limit the scope of this request to documents produced by third parties in response to subpoenas served in MDL No. 1456. As you know, we have already been providing plaintiffs' counsel with copies of such productions, to the extent that defendants have elected to receive the entire production by a particular third party. Accordingly, in this respect, plaintiffs' first request remains duplicative. We will, of course, notify plaintiffs if we elect to inspect a third party production instead, so that plaintiffs have the opportunity to do the same.

     Defendants will also agree to provide plaintiffs' counsel with copies of third party productions, even if defendants have had to pay the costs of the third party for the production, provided that there is no overlapping subpoena from plaintiffs. If a third party production is responsive to subpoenas issued by both plaintiffs and defendants, then plaintiffs should properly bear half the costs of that production. In the case of the CMS production, we have been informed by the government that its production is responsive to both defendants' subpoenas and the subpoena served by your firm in connection with MDL 1430. Accordingly, since your firm is representing plaintiffs in both actions, defendants continue to believe that plaintiffs should reimburse defendants for half the costs of that production before we will provide a copy.

     With respect to plaintiffs' second request, we remain concerned that even your proposed limitation is overbroad since it does not appear to be limited to



Sean R. Matt, Esq.            2            September 28, 2004

communications made in connection with this litigation. Moreover, even if the request was so limited, we maintain our objection that plaintiffs are not entitled to such communications. Specifically, we disagree with your interpretation of the import of Judge Saris's order denying plaintiffs' motion for a protective order regarding defendants' subpoenas to certain putative class members. That motion specifically requested that the Court order defendants to provide an accounting of all communications with putative class members. That request was denied, and plaintiffs cannot now try to obtain the same relief through a document request. As noted above, we have agreed to provide plaintiffs with copies of third party productions and we have also agreed to post to Verilaw third party objections and responses to the subpoenas. However, we do not believe plaintiffs are entitled to all correspondence with these third parties.

If you would like to schedule a conference call to discuss these issues further, please let us know your availability.

Sincerely,

Kimberley D. Harris

cc:    All Counsel via Verilaw

By Facsimile