UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 <br><br> CIVIL ACTION: 1:01-CV-12257-PBS <br><br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: <br><br> *State of California, et al. v. Abbott Laboratories, Inc. et al.,* CIVIL ACTION NO. 1:03-CV-11226-PBS | |

### ABBOTT LABORATORIES INC.'S RESPONSE TO THE STATE OF CALIFORNIA'S AND RELATOR'S STATUS REPORT OCTOBER 1, 2004

Defendant, Abbott Laboratories Inc. ("Abbott"), hereby responds to the October 1, 2004 status report of Plaintiffs, the State of California ("California") and Ven-A-Care of the Florida Keys, Inc. ("Ven-A-Care").[1] In their status report, Plaintiffs request the opportunity to present a tutorial to the Court on issues relevant to the California action. While Abbott is not opposed to such a tutorial at the appropriate time, Abbott believes that Plaintiffs' request is premature given the current status of the case.

Abbott removed this case to federal court in March 2003 on the basis of Medicaid rebate claims that were then, and are now, under seal. The case was subsequently transferred to this Court. At a September 18, 2003 hearing, the Court denied Plaintiffs' motion to remand and informed California that it had six months to decide whether it would intervene on the sealed portion of the complaint. (9/18/03 Tr. at 10.) Plaintiffs subsequently moved to dismiss the

---

[1] Co-defendants Wyeth Inc. and Wyeth Pharmaceuticals Inc. (collectively, "Wyeth") join Abbott in this response.

Medicaid rebate claims that formed the basis for federal jurisdiction and made a second motion to remand this case to California State court. On December 12, 2004, the Court heard oral arguments on Plaintiffs' motions. On September 29, 2004, Plaintiffs withdrew their pending motions and informed the Court that they now intend to pursue both the drug pricing claims and the drug rebate claims in this Court. Plaintiffs further informed the Court of their intent to file an amended complaint-in-intervention. (Pls. 9/29/04 Withdrawal of Motions at 2.) On October 1, 2004, Plaintiffs filed their status report requesting (i) that they be able to participate in the tutorial ordered by the Court on September 21, 2004; or, in the alternative, (ii) that the Court order a tutorial at a later date.

Plaintiffs' request to participate in the tutorial ordered by the Court on September 21, 2004 is inappropriate. That tutorial is specifically limited to issues of class certification as to the Track 1 Defendants. No such class certification issues exist in the California case. In addition, Abbott is not one of the Track 1 Defendants and Wyeth is not even named as a defendant in the Amended Master Consolidated Complaint. Accordingly, Plaintiffs' request to participate in the Court-ordered class certification tutorial should be denied.

Nor would it be appropriate to present a tutorial to the Court at this time on the issues relevant to the California case. Plaintiffs seek to present a tutorial to the Court on issues relating to the reporting and publishing of Average Wholesale Prices (AWPs), Wholesaler Acquisition Costs (WACs) and Direct Prices, and the use of such reports in the determination of Medicaid Reimbursement, because they think such a tutorial would be helpful to the Court and "aid in focusing the issues in the California case." (Pls. 10/1/04 Status Report at 4.) The "issues in the California case," however, have not yet been defined. Plaintiffs have not yet filed their amended complaint-in-intervention. Once this occurs, the claims and defendants before the Court may be

very different. Even then, the Court must rule on any motion to dismiss that Abbott or any other defendant may file, before we can finally know the issues in this litigation. Neither Plaintiffs nor Abbott can undertake to educate the Court without knowing the true contours of the case.

## CONCLUSION

Accordingly, a tutorial tailored to the California case is not now appropriate. The Court should, therefore, deny Plaintiffs' request to participate in the class action tutorial, and postpone any decision regarding a tutorial specific to the California case until after the Court has ruled on all motions to dismiss the California case.

Dated:  October 8, 2004

James R. Daly
Toni-Ann Citera
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

R. Christopher Cook
Jesse A. Witten
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendant Abbott Laboratories Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October, 2004, a true and correct copy of ABBOTT LABORATORIES INC.'S RESPONSE TO THE STATE OF CALIFORNIA'S AND RELATOR'S STATUS REPORT OCTOBER 1, 2004 was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

_____
Attorney for Defendant Abbott Laboratories Inc.