# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In Re:  PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

THIS DOCUMENT RELATES TO
01-CV-12257-PBS AND 01-CV-339

: MDL NO. 1456
:
: Master File No. 01-CV-12257-PBS
:
: Judge Patti B. Saris
:
: Chief Mag. Judge Marianne B. Bowler
:
:

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DEFENDANTS' <u>CORRESPONDENCE WITH PUTATIVE CLASS MEMBERS</u>

**INTRODUCTION**

The Court has already decided this motion.  Plaintiffs sought the very same correspondence that is the subject of this Motion to Compel through an earlier motion in December 2003, and the Court denied that motion.  Plaintiffs now seek to re-litigate the issue, apparently assuming that the Court did not fully consider the relevant sections of their earlier motion papers.  This assumption is without merit.  Plaintiffs provide no reason for revisiting the Court's earlier decision and it should be upheld.  Moreover, Plaintiffs' present motion is predicated on document requests that are themselves defective for failure to comply with this Court's Local Rules.

**ARGUMENT**

In December 2003, Plaintiffs filed a Motion for a Protective Order Regarding Subpoenas to Putative Class Members.  In that motion, Plaintiffs asked the Court, *inter alia*, to quash the subpoenas issued by Defendants to putative class members and "require defendants to make a full accounting of all communications that they have had with each putative class member in regard to these subpoenas and any other matter related to this litigation."  Mem. in Support of Pls.' Mot. for Prot. Order at 15.  Plaintiffs argued that such an order was necessary to protect against "the potential abuse that could occur if defendants were allowed to freely communicate with putative class members."  *Id*. at 13.

At a hearing on March 8, 2004, the Court denied Plaintiffs' motion, holding that class discovery in this case "may be critical to understanding not just preemption issues but also what's typical," and noting that the putative class members that are sophisticated health plans "are able to protect themselves" against the supposed dangers outlined in Plaintiffs' motion.  *See* Transcript of March 8, 2004, hearing at 48-49 (an excerpt from a rough transcript of the hearing

is attached as Ex. A).  On April 26, 2004, the Court issued a written order denying Plaintiffs'

Motion for Protective Order "for the reasons stated in open Court" at the March 8, 2004, hearing.

(Attached as Ex. B)

After the Court's ruling, Defendants pressed ahead in their efforts to secure

discovery from third-party health plans, including the production of documents and deposition

testimony.  In the course of securing that discovery, Defendants communicated with these third-

party health plans, negotiating the scope of those subpoenas and setting up depositions.

Plaintiffs have been provided with all documents produced by these third-party health plans as

well as all formal objections and responses.

In July 2004, Plaintiffs served document requests, which included a demand for

all correspondence between Defendants and these third-party health plans.  Defendants objected

to Plaintiffs' request based on the Court's previous order rejecting Plaintiffs' demand that they

be privy to all communications between Defendants and putative class members.  Defendants'

objections also pointed out that Plaintiffs' requests were in violation of Local Rule 26.1, because

Plaintiffs had not sought or obtained an order from the Court permitting this third set of

document requests.  *See* Local Rule 26.1(c) ("Unless the judicial officer orders otherwise, the

number of discovery events shall be limited for each side (or groups of parties with a common

interest) to . . . two (2) separate sets of requests for production.").

Now Plaintiffs seek to relitigate the issue of whether Defendants are required to

share with Plaintiffs all communications with putative class members.  Plaintiffs again argue in

their Motion to Compel -- in the exact same language they used in their failed Motion for

Protective Order -- that such relief is necessary to protect against "the potential abuse that could

occur if defendants were allowed to freely communicate with putative class members."  Mem. in

Support of Pls.' Mot. to Compel at 5.  But Plaintiffs' Motion for Protective Order specifically requested that the Court order Defendants to provide an accounting of all communications with putative class members and that request was denied.  Moreover, in denying Plaintiffs' Motion for Protective Order, the Court rejected the argument that Plaintiffs assert here, namely that the putative class members subject to discovery are in need of protection.  Because the Court has already denied Plaintiffs' request, Plaintiffs' Motion to Compel should be denied.[1]

In support of their Motion to Compel, Plaintiffs trot out the same line of cases -- including identical block quotations -- that they used in their failed Motion for Protective Order. Many of these cases involve the issue of class discovery generally,[2] an issue which is not present here, or involve wildly different factual situations in which defendants engaged in improper communications with class members.  In *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985), for example, defendants engaged in an illegal telephone campaign to persuade class members to withdraw from a class action suit.  Similarly, in *Hampton Hardware, Inc. v. Cotter & Co.*, 156 F.R.D. 630, 632-33 (N.D. Tex. 1994), defendants sent letters to potential class members warning them not to participate in the class action lawsuit because it would end up costing them financially.

---

[1] The Court's ruling that the third-party health plans can protect themselves is supported by the fact that several of them recently filed a motion to quash subpoenas served upon them and a written opposition to Defendants' motion to compel.  *See* Non-Parties Aetna, Inc., Humana, Inc., and Connecticut General Life Insurance Company's Joint Motion to Quash Subpoenas and Memorandum of Law in Opposition to Defendants' Motion to Compel, filed Sept. 28, 2004.

[2] For example the courts in *Robertson v. National Basketball Ass'n*, 67 F.R.D. 691 (S.D.N.Y. 1975) and *Kamm v. California City Development Co.*, 509 F.2d 205 (9th Cir. 1975), cited in both the Memorandum in Support of Motion to Compel and the Memorandum in Support of Motion for Protective Order, did not allow class discovery at all, and thus say nothing about whether defendants should be required to produce all communications with the putative class when class discovery has been permitted.

Plaintiffs admit that they do not allege that Defendants are engaged in any such wrongdoing in this case, *see* Mem. in Support of Mot. to Compel at 7, and of course nothing of the sort is occurring.  Indeed, the only "red flag" identified by Plaintiffs is that Defendants supposedly "told" John Deere Health Plans not to produce its contracts with Defendants.  This is meaningless.  John Deere refused to produce rebate contracts on the grounds that Defendants, as parties to those contracts, already had them.  Accordingly, in response to requests to narrow the scope of documents sought from John Deere and other health plans, Defendants agreed that they would not insist on the production of rebate contracts with Defendants.  This narrowing of the scope of documents sought pursuant to subpoena is far from a "red flag" -- it is standard course in any litigation.  To the extent that Plaintiffs seek documents from third-party health plans other than those produced, they are free to subpoena those from the health plans themselves.  To date, Plaintiffs have elected not to do so, choosing to rely upon documents produced by third parties in response to Defendants' subpoenas.

Moreover, Plaintiffs do not explain -- nor can they explain -- how correspondence between Defendants and third-party health plans is relevant to their underlying causes of action or to their motion to certify a class.  Plainly it is not.  Procedural communications concerning the negotiation of subpoenas and the scheduling of depositions have nothing whatsoever to do with Plaintiffs' claims that Defendants engaged in a scheme to inflate the AWPs of their drugs or that a class action is appropriate here.  Indeed, when Plaintiffs tried to get the correspondence they seek through this motion directly from third-party health plan Wellmark Blue Cross and Blue Shield of Iowa, counsel for that plan refused to produce it on those very grounds.  Counsel stated that he could not "figure out what relevance any procedural correspondence or conversations" he

had with Defendants' counsel would have to Plaintiffs' case.  *See* October 12, 2004, Letter from Hayward L. Draper to David S. Nalvin (attached as Ex. C).

In sum, the Court has already denied Plaintiffs' request to require Defendants to produce their communications with putative class members and Plaintiffs have identified no reason to disturb that ruling.  In any event, Plaintiffs document requests are defective as they are in violation of Local Rule 26.1(c).

## CONCLUSION

For all the above stated reasons, Defendants respectfully request that Plaintiffs' Motion to Compel be denied.

Respectfully submitted,

**ON BEHALF OF DEFENDANTS
IN THE ABOVE-CAPTIONED ACTION,**

**BY:** /s/ Seth B. Kosto_____
Geoffrey Hobart
Seth B. Kosto, BBO#641044
Holland & Knight LLP
10 St. James Avenue
Boston, MA  02116
Tel: (617) 854-1419
Fax: (617) 523-6850

Mark H. Lynch
Ethan M. Posner
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel: (202) 662-5544

Frederick G. Herold
Dechert LLP
975 Page Mill Road
Palo Alto, CA  94304
Tel: (650) 813-4930

DATE: October 18, 2004

*Counsel for SmithKline Beecham Corp.,
d/b/a GlaxoSmithKline*

**<u>Certificate of Service</u>**

I hereby certify that on October 18, 2004, I caused a true and correct copy of Defendants' Memorandum in Opposition to Plaintiffs' Motion to Compel Production of Defendants' Correspondence with Putative Class Members to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2.

<u>/s/</u>
Jason R. Litow