```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| **IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | )<br>)<br>)<br>)<br>) |
| **THIS DOCUMENT RELATES TO:** | )<br>)<br>)  **MDL NO. 1456** |
| County of Suffolk v. Abbott Laboratories, et al.<br>Civ. Action No. 1:03-cv-10643 | )  **CIVIL ACTION NO.**<br>)  **01-12257-PBS**<br>)<br>)<br>)<br>) |

<u>**MEMORANDUM AND ORDER**</u>

October 26, 2004

Saris, U.S.D.J.

### I.   INTRODUCTION

Twenty-two pharmaceutical-manufacturer Defendants have filed individual memoranda in support of their motion to dismiss Suffolk County's Amended Complaint.  The cross-cutting issues were addressed in <u>In re Pharm. Indus. Average Wholesale Price Litig.</u>, __ F. Supp. 2d __ (D. Mass. Sept. 30, 2004).  As all federal claims have been dismissed, this Order addresses the company-specific issues with respect to the remaining state law claims.  The surviving claims include the allegations that (1) Defendants fraudulently misstate their average wholesale prices ("AWP's") in violation of New York Social Services Law Section 145-b (Count V); (2) Defendants violate the New York consumer protection law, N.Y. Gen. Bus. Law § 349, with respect to both

AWP and Best Prices schemes (Count VII); and (3) Defendants were unjustly enriched by the AWP and Best Prices schemes (Count IX).[1]

## II.  DISCUSSION

A.  Standard

Defendants move to dismiss the AWP and Best Prices claims under Federal Rule of Civil Procedure 9(b).  Count V asserts a claim under New York Social Services Law Section 145-b, which applies to "false statement[s]," "deliberate concealment[s]," or "other fraudulent scheme[s] or device[s]."  Rule 9(b) applies to this claim.  See United States v. Karvelas, 360 F.3d 220, 227-28 (1st Cir. 2004) (holding that Rule 9(b) applies to False Claims Act because liability depends on presentation of a false or fraudulent claim and a mental state of at least reckless disregard of the truth).

Count VII pleads a violation of New York General Business Law Section 349.  While most courts have held that Rule 9(b) does not apply to all claims under this statute, most courts have also held that it is appropriate to require "specificity" in pleading a violation of Section 349.  See, e.g., Pelman v. McDonald's Corp., 237 F. Supp. 2d 512, 526 (S.D.N.Y. 2003); Lava Trading Inc. v. Hartford Fire Ins. Co., 326 F. Supp. 2d 434, 438 (S.D.N.Y. 2004); Petitt v. Celebrity Cruises, Inc., 153 F. Supp.

---

[1] Other remaining Counts are for implied causes of action under New York Medicaid statutes and regulations (Counts III and IV).

2d 240, 264-65 (S.D.N.Y. 2001); see generally Gaidon v. Guardian Life Ins. Co. of Am., 94 N.Y.2d 330, 343 (N.Y. 1999) (holding Section 349 claims are "critically different" from fraud claims, for Section 349 is directed to protecting the consuming public). But cf. Volunteer Firemen's Ins. Servs., Inc. v. McNeil & Co., Inc., 221 F.R.D. 388, 393-94 (W.D.N.Y. 2004) (applying Rule 9(b) to false advertising and Section 349 claims where the complaint described a fraudulent scheme, without deciding whether Rule 9(b) applies in all cases).  While an intermediate pleading standard may no longer be viable, see Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 513-14 (2002), "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why – although why, when why means the actor's state of mind, can be averred generally," Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  Also, barebones assertions will not suffice even under Rule 8(a).

Rule 9(b) does not apply to the remaining claims, unjust enrichment and implied causes of action, since these do not require a pleading of fraud or mistake.

B.   AWP Claims

The Court dismisses Suffolk's AWP claims under Section 145-b and Section 349 against defendants Novartis, Purdue, and Ivax because there are no factual allegations regarding a spread, internal documents or government investigations from which an inference of fraud can reasonably be made.

For the remaining Defendants, Suffolk has alleged both the published AWP for a drug and what Suffolk believes is an accurate estimate of the actual average wholesale price of that drug. Suffolk explains that this information is based on "Suffolk's own investigations of pricing data." (Am. Compl. at ¶ 122.)

The so-called "Suffolk 13" companies complain vigorously that they should not be dragged into this multi-district litigation morass. They insist that the allegations concerning the spread are not particular enough because Suffolk has not disclosed the basis for its calculation and there are no other allegations (e.g., government investigations or the company's own internal documents) to support a claim of fraudulent pricing. See Karvelas, 360 F.3d at 231 n.11. I will defer ruling on the motions to dismiss of the Suffolk 13 and those other Defendants for whom Suffolk has not alleged specific facts beyond a spread. In complying with the automatic disclosure requirements, Suffolk shall disclose within three weeks all documents upon which it relied in calculating the spreads, and provide, in writing, a more definite statement of its method of calculation pursuant to Federal Rule of Civil Procedure 12(e). If there is a good faith basis for calculating a spread, the Court will deny the motion to dismiss. Any challenge to the method of calculation shall be made within fourteen days of this disclosure. In the interim, all discovery shall be stayed with respect to the Suffolk 13 and Defendants Amgen, Inc., Chiron Corporation, Fujisawa

Pharmaceutical Company, Ltd., Johnson & Johnson, Warrick Pharmaceuticals, and Wyeth.

    C.    <u>Best Price Claims</u>

Suffolk has asserted state-law claims concerning allegedly fraudulent Best Prices that Defendant manufacturers reported to the states. Defendants argue that these claims should be dismissed for failure to comply with Rules 8(a) and 9(b). With respect to most companies, Suffolk has not tied the Best Prices claims to any particular drugs, discounts or other company-specific practices which would support an inference of misrepresenting Best Prices. Therefore, the allegations fall woefully short under Rules 8(a) and 9(b).

Suffolk argues that it does not have access to Best Prices information because the data is uniquely within Defendants' control. See <u>United States ex rel. Franklin v. Parke-Davis</u>, 142 F. Supp. 2d 39 (D. Mass. 2001). While that may be true, Plaintiff still must allege sufficient facts regarding the circumstances of the fraudulent rebate scheme with respect to <u>each</u> Defendant. (<u>See</u> ¶¶ 81-93.) The fact that a manufacturer may have reported a fraudulent AWP, without more, will not suffice to plead a Best Prices fraud.

Suffolk has failed to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). With the exception of Bayer Corporation, the

GSK Defendants, Abbott Laboratories, Inc., Pfizer Inc., TAP Pharmaceutical Products, Inc., and Schering-Plough.  Plaintiff has failed to set forth at least minimal facts with respect to (1) the allegedly fraudulent or false price reported to the state for any specific drug; or (2) any information showing a company-wide scheme to misstate Best Prices.  <u>Educadores</u>, 367 F.3d at 66-67.  There are insufficient facts alleged to state a claim showing entitlement to relief under any state causes of action.

    D.  <u>Miscellaneous</u>

The claims against Aventis Pharmaceuticals Inc. are dismissed for failure to plead a drug sold by Aventis Pharmaceuticals Inc., as opposed to Aventis Behring L.L.C.

The parties agree that Suffolk's AWP claims against Bayer for Cipro are not barred by the settlement agreements.  Suffolk's Best Prices claims for Cipro from the time period from Third Quarter 1995 to Third Quarter 2000 are barred.

Suffolk's claims against Sanofi and Pharmacia are dismissed without prejudice to refiling to clarify the corporate structure and which Defendant is responsible for which drugs.

All claims against unnamed defendants, and all claims relating to unnamed drugs, are dismissed, as these fail to provide notice to the defendants.

## **ORDER**

The Court **ALLOWS** (1) the motion to dismiss all claims against defendants Aventis Pharmaceutical Inc., Purdue Pharma, L.P., Novartis Pharmaceuticals Corporation, Ivax Corporation and Ivax Pharmaceuticals Inc., Sanofi-Synthelabo, Inc., and Pharmacia Corporation; and (2) the motion to dismiss the Best Prices claims against defendants Agouron Pharmaceuticals, Inc., Amgen, Inc., AstraZeneca Pharmaceuticals L.P., AstraZeneca US, Aventis Behring L.L.C., Barr Laboratories, Inc., Berlex Laboratories, Inc., Biogen, Inc., Bristol-Myers Squibb Company, Chiron Corporation, Eli Lilly and Company, Fujisawa Pharmaceutical Company, Ltd., Genentech, Inc., Immunex Corporation, Janssen Pharmaceutical, Johnson & Johnson, MedImmune, Inc., Merck & Co., Inc., Ortho Biotech, Ortho McNeil Pharmaceuticals, Reliant Pharmaceuticals, Warrick Pharmaceuticals, and Wyeth.

The Court **DENIES** the remainder of the motion.

S/PATTI B. SARIS
United States District Judge