UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | )<br>)<br>)<br>)<br>)<br>)<br>)  MDL NO. 1456<br>)  CIVIL ACTION NO.<br>) |

### CASE MANAGEMENT ORDER

October 21, 2004

Saris, U.S.D.J.

    First DataBank, Inc., ("FDB") a non-party publisher of drug pricing information, complains bitterly that it is being overwhelmed by discovery requests in the pharmaceutical pricing litigation, and objects to Chief Magistrate Judge Bowler's ruling.  The objections are overruled.  While I am concerned about the litigation burden, this case is the multi-district litigation involving multiple parties and actions, and the publishers are essential witnesses.

    To alleviate litigant costs, I also order as follows:

    1.  Plaintiffs and defendants shall make all documents produced by FDB available to parties in other cases subject to appropriate protective orders.

    2.  The Texas deposition transcript will be admissible as part of the summary judgment record, at trial, or in other proceedings in this litigation.  The deposition of Ms. Kay Morgan

shall not unnecessarily duplicate covered ground, but the litigants may cross-examine her on her answers.

3. Ms. Morgan is still expected to testify for two days. To alleviate Ms. Morgan's burden of preparation, each party shall identify to FDB seven days in advance of the deposition the documents Ms. Morgan will be asked to review in order of priority. The two-day time limit will necessarily cap this number.

4. The parties shall make this deposition transcript available to other parties in other state or federal litigation, subject again to a protective order.

5. The parties shall follow this protocol for other non-parties and shall attempt to minimize litigation burdens by stipulating to the admissibility of testimony and documents derived from similar pricing litigation.

PATTI B. SARIS
United States District Judge