# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL CASES | Judge Patti B. Saris |
| | Chief Magistrate Judge Marianne B. Bowler |

## <u>JOINT MOTION FOR AMENDED PROTECTIVE ORDER</u>

The Plaintiffs and the Defendants in the above-captioned cases hereby move for amendment of the Protective Order issued by the Court on December 13, 2002 (the "Order") to include an explicit certification for producing entities that are not parties to the AWP Litigation so that such parties may be afforded all protections provided by the Order.

In further support of this motion, the parties state:

1.      Pursuant to Fed. R. Civ. P. 45, Defendants served a subpoena for the production of documents on Accredo Health, Inc.("Accredo") [1] on July 22, 2004.

2.      Accordingly, Accredo has agreed to produce certain documents and/or information in accordance with and subject to the protections afforded by the terms of the Order.

3.      Paragraph 22 of the Order provides that a producing entity that is not a party in the AWP Litigation "shall be entitled to the protections afforded [therein] by signing a copy of [the] Order and serving same on all counsel of record."

---

[1] Including its subsidiaries, divisions, wholly owned subordinate companies and agents, officers, employees, and directors.

4.      Notwithstanding the language of paragraph 22, the Order does not contain a signature block for non-parties, unlike Exhibits A and B of the Order, which provide for the signatures of certain individuals and entities.

5.      All parties in the above-referenced cases have treated all non-party documents that have already been produced and marked as "Confidential" or "Highly Confidential" as if such documents were "Confidential" or "Highly Confidential" pursuant to the Order, notwithstanding whether the producing non-parties also produced a signed copy of the Order.

6.      Upon information and belief, Accredo possesses documents and/or information likely to lead to the discovery of admissible evidence.

7.      Accredo represents that it will not produce any documents or information unless it is satisfied that it is given adequate protection under the protective order in place.  Accredo is not now satisfied that it could obtain the protections of the protective order simply by signing a copy of the order by adding a signature block or creating a certification because no such signature block or appropriate certification existed in the original order.

8.      An amendment to the Order affirming that producing entities that are not parties to the AWP Litigation are afforded all protections provided by the Order simply by marking produced documents as "Confidential" or "Highly Confidential" will cure the defect in the Order for Accredo and future producing entities.

WHEREFORE, Plaintiffs and Defendants respectfully move that this Court amend the Protective Order issued by the Court on December 13, 2002 to affirm that producing entities that are not parties to the AWP Litigation are afforded all protections provided by the Order simply by marking produced documents as "Confidential" or "Highly Confidential" and that such

amendment applies retrospectively to non-party productions that were previously produced and

marked "Confidential" or "Highly Confidential."

Respectfully submitted,

/s/ John T. Montgomery
On behalf of Defendants
John T. Montgomery (BBO#352220)
 jmontgomery@ropesgray.com
Brien T. O'Connor (BBO#546767)
 boconnor@ropesgray.com
Steven A. Kaufman (BBO#262230)
 skaufman@ropesgray.com
Darcy W. Shearer (BBO#656503)
 dshearer@ropesgray.com
Eric P. Christofferson (BBO#654087)
 echristofferson@ropesgray.com
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Attorneys for Schering-Plough Corporation and
Warrick Pharmaceuticals Corporation

By: /s/ Thomas M. Sobol
One of Plaintiffs' Counsel
HAGENS BERMAN LLP
Thomas M. Sobol
Edward Notargiacomo
One Main Street, 4th Floor
Cambridge, MA 02142

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Samuel D. Heins
Brian L. Williams
HEINS MILLS & OLSON, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Jeffrey L. Kodroff
John A. Macoretta
SPECTOR, ROSEMAN &
KODROFF, P.C.
18181 Market Street, Suite 2500
Philadelphia, PA 19103

**CHAIRS OF LEAD COUNSEL
COMMITTEE**

Kenneth A. Wexler
THE WEXLER FIRM LLP
One North LaSalle
Suite 2200
Chicago, Illinois 60602

Marc H. Edelson
HOFFMAN & EDELSON
45 West Court Street
Doylestown, PA 18901

Dated: November 2, 2004

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | )<br>)<br>)<br>) | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | )<br>)<br>)<br>)<br>)<br>) | Judge Patti B. Saris<br><br>Chief Magistrate Judge<br>Marianne B. Bowler |

**[PROPOSED] ORDER AMENDING THE PROTECTIVE ORDER**

IT IS HEREBY ORDERED that the Protective Order issued by the Court on December 13, 2002 (the "Protective Order") be amended by addition of the following provisions:

1.     Producing entities that are not parties to the AWP Litigation are afforded all protections provided by the Protective Order simply by marking produced documents as "Confidential" or "Highly Confidential."  Such entities are not required to sign the Protective Order.  To the extent that Paragraph 22 of the Protective Order required non-parties to sign a copy of the Protective Order in order to receive its protections, Paragraph 22 is hereby superseded.

2.     The foregoing shall apply retrospectively.  Entities that are not parties to the AWP Litigation and that have previously made productions that were marked "Confidential" or "Highly Confidential" are afforded all protections of the Protective Order notwithstanding whether such entities signed a copy of the Protective Order.

Dated: _____, 2004        _____
                                        PATTI B. SARIS
                                        UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2004, I caused a true and correct copy of Joint Motion for Amended Protective Order to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Eric P. Christofferson____

Eric P. Christofferson