UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | ) ) ) ) |

**OPPOSITION OF THE TRACK 1 DEFENDANTS TO
MOTION BY STATE OF CALIFORNIA FOR COURT
CLARIFICATION REGARDING CALIFORNIA'S AND
<u>RELATOR'S INVOLVEMENT IN THE TUTORIAL PROCESS</u>**

The Track 1 defendants oppose the motion of the State of California and relator Ven-A-Care to participate in the tutorial that the Court has scheduled for December 7, 2004.[1] The Track 1 defendants proposed a tutorial on pharmaceutical pricing and reimbursement in order to assist the Court in its consideration of the motion for class certification filed by plaintiffs in the Amended Master Consolidated Complaint (AMCC). The hearing on that motion is scheduled for December 17, 2004, and the Court has scheduled the tutorial for December 7, 2004.

The State of California and relator Ven-A-Care have sued Abbott Laboratories and Wyeth, asserting that California's Medicaid program has made overpayments for pharmaceuticals because of the alleged misreporting of pricing information. Medicaid is the program administered by states to provide medical assistance to needy individuals. The AMCC

---

[1]   The Track 1 defendants are AstraZeneca, the BMS Group, SmithKline Beecham Corp. d/b/a GlaxoSmithKline, the Johnson & Johnson Group, and the Schering-Plough Group.

and the pending motion for class certification do not include claims under Medicaid. Neither California nor any other state is a party to the AMCC or a member of the purported class. Indeed, California admits that it "is not one of the plaintiffs involved in the class action lawsuit, and has no interest in the class certification issue." Motion at 2. Moreover, Abbott is not a Track 1 defendant, and Wyeth is not named as a defendant in the AMCC. Neither Abbott nor Wyeth will be participating in the tutorial.[2]

The tutorial on December 7 will address those aspects of the pharmaceutical pricing and reimbursement system that are applicable to the claims asserted by the purported class in the AMCC. Those claims focus on reimbursement of pharmaceuticals by private third-party payors and by the federal Medicare program for certain physician administered drugs. These issues are complex enough without adding the Medicaid program that is not at issue in the claims of the purported class. Digression into the Medicaid program would only detract from the time available to address the already complex issues that are before the Court in the pending motion for class certification.

The Track 1 defendants agree that a tutorial on the Medicaid program would be beneficial at some time in the future. In addition to the claims of California and relator Ven-A-Care, this MDL includes cases brought by Nevada, Montana and the New York Counties of Suffolk, Rockland and Westchester that involve Medicaid issues.[3] All of these cases would

---

[2] Abbott and Wyeth have separately opposed California's proposal to participate in the tutorial. *See* Abbott Laboratories Inc.'s Response to the State of California's and Relator's Status Report October 1, 2004 (filed Oct. 8, 2004).

[3] In addition, the City of New York has filed a suit similar to those of the New York Counties that will shortly be transferred to this Court.

benefit from a tutorial on Medicaid, but there is no reason to add those issues to the already full slate of issues that will be before the Court on the December 7 tutorial.

Moreover, the number of parties with an interest in Medicaid is a further reason to limit the December 7 tutorial to aspects of pharmaceutical pricing and reimbursement that are before the Court in the pending motion for class certification.  If the Court permits California and the relator to participate in the tutorial, the other States and the New York Counties will surely want to participate as well, and the tutorial will become unwieldy.

## CONCLUSION

For the reasons stated above, the Court should deny the motion of the State of California and relator Ven-A-Care.

Respectfully submitted,

THE TRACK 1 DEFENDANTS


By:___/s/ Jessica V. Barnett_____
Nicholas C. Theodorou (BBO #496730)
Jessica V. Barnett (BBO #650535)
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA  02110

D. Scott Wise
Michael Flynn
Kimberley Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

*Attorneys for AstraZeneca Pharmaceuticals LP*

Steven M. Edwards
Lyndon M. Tretter
Hogan & Hartson, LLP
875 Third Avenue, Suite 2600
New York, NY 10022

*Attorneys for the Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., Apothecon, Inc.*

Mark H. Lynch
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-7566
Frederick G. Herold
Dechert LLP
975 Page Mill Road
Palo Alto, CA  94304-1013

Geoffrey E. Hobart
Holland & Knight LLP
10 St. James Ave.
Boston, MA  02116

*Attorneys for SmithKlineBeecham Corp. d/b/a GlaxoSmithKline*

William F. Cavanaugh, Jr.
Andrew D. Schau
Erik Haas
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036 6710

*Attorneys for the Johnson and Johnson Group*

John T. Montgomery
Steven Kaufman
Ropes & Gray LLP
One International Place
Boston, MA 02110

*Attorneys for Schering-Plough Corp. and Warrick Pharmaceuticals Corp.*

Dated:  November 5, 2004

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2004, I caused a true and correct copy of the Opposition of the Track 1 Defendants to Motion by State Of California for Court Clarification Regarding California's and Relator's Involvement in the Tutorial Process to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2.

                                                                                /s/ Jessica V. Barnett
                                                                                Jessica V. Barnett