# Exhibit C



CAMBRIDGE   LOS ANGELES   PHOENIX [PLLC]   SEATTLE

hagens-berman.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

SEAN R. MATT
(206) 224-9327
sean@hagens-berman.com

September 14, 2004

**_Via Facsimile_**

Mr. D. Scott Wise
Ms. Kimberly D. Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York  10017

    Re:    In re Pharmaceutical Industry AWP Litigation
             Meet and Confer Regarding Defendant Responses to Plaintiffs Third Set of RFPs

Dear Mr. Wise and Ms. Harris:

    We write to discuss Defendants' Responses and Objections to Plaintiffs' Third Set of Requests for Production of Documents to All Defendants (the "Requests").

    Plaintiffs' Requests contained two simple requests: (i) "[a]ll documents produced to you by any third party"; and (ii) "[a]ll correspondence with any putative class member or with any attorney representing any putative class member." Each Defendant provided nearly identical objections to both requests.

    With regard to the first request, Defendants assert objections based on relevancy and overbreadth. Defendants also object to the production of any information produced to Defendants by the Centers for Medicare and Medicaid Services ("CMS") or any other materials produced by a third party in response to a defense subpoena unless Plaintiffs pay half of the cost that such third parties charged Defendants for collecting, reviewing and producing responsive documents.

    Regarding the relevancy and overbreadth objections, Plaintiffs will limit Request No. 1 to "[a]ll documents produced to you by any third party pursuant to a subpoena issued by you in this litigation."

    With regard to the cost issue, Plaintiffs will of course pay the costs of copying the productions. However, we are unaware of any authority that supports Defendants'

1534.16 0206 LTR.DOC

Mr. D. Scott Wise
September 14, 2004
Page 2

request that Plaintiffs share in the CMS costs or any other charges that other third parties have required Defendants to pay. **Defendants**, and not Plaintiffs, served the subpoenas on CMS and other third parties, and we therefore do not understand how Plaintiffs can be called upon to pay for productions that Plaintiffs did not request in the first instance. The CMS and other documents became relevant because Defendants themselves sought them; Defendants cannot withhold these documents. The end result of Defendants' position is that Plaintiffs should be required to finance Defendants' discovery efforts – much of which Plaintiffs would characterize as unwarranted fishing expeditions. We cannot imagine that any authority supports such a proposition, but please forward any authorities that you have.

Turning to Request No. 2, the typical objection asserted by each Defendant is as follows:

> Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to pricing, price reporting, AWP, the relationship between AWP and WAC, or any other issue in this litigation and on its face purports to require Defendant to search for an produce all correspondence with any putative class member – which, in light of plaintiffs' overly expansive purported class definition, includes entities or persons with which Defendant may have had commercial relationships since 1991, without regard for whether such correspondence has any relationship to any issue in this litigation. Defendant further objects to this Request on the ground that plaintiffs effectively sought similar relief from the Court in their Motion for a Protective Order Regarding Subpoenas to Putative Class Members and such Motion was denied by the Court.

*See, e.g.*, Defendant Aventis Pharmaceuticals Inc.'s Responses and Objections to Plaintiffs' Third Set of Requests for Production of Documents to All Defendants at 3.

Regarding Defendants' relevance and overbreadth concern, Plaintiffs will limit Request No. 2 to "[a]ll correspondence with any putative class member or with any attorney representing any putative class member where such correspondence is related to the issues presented in this litigation."

1534.16 0206 LTR.DOC

Mr. D. Scott Wise
September 14, 2004
Page 3

      The objection based on the fact that Plaintiffs' motion for a protective order was denied is not well taken. We do not understand how the Court's denial of the motion somehow precludes Plaintiffs from obtaining the information requested. Certainly, nothing in the Court's order provides for, or even infers, such a bar.

      Plaintiffs request a meet and confer on these issues as soon as convenient.

                       Sincerely,

                       Sean R. Matt

cc:    Counsel via Verilaw

1534.16 0206 LTR.DOC