# Exhibit E

**Exhibit B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL No. 1456 ) ) Civil Action No. ) 01-CV-12257-PBS |
| THIS DOCUMENT RELATIONS TO ALL ACTIONS | ) ) Judge Patti B. Saris ) |

**[PROPOSED] ORDER DENYING PLAINTIFFS'
MOTION FOR A PROTECTIVE ORDER REGARDING
SUBPOENAS TO PUTATIVE CLASS MEMBERS**

For the reasons stated in open Court at the Status Conference on March 8, 2004, Plaintiffs' Motion for a Protective Order Regarding Subpoenas to Putative Class Members [Docket No. 632] hereby is DENIED.

Dated: ~~March~~ April 26, 2004

_/s/ Patti B. Saris_
The Honorable Patti B. Saris

47

1   You had some mini-rules you wanted to talk to me
2   about.
3          MR. BERMAN: I do. Do you mind taking some time
4   because I think they're important?
5          THE COURT: We'll start with your important mini-rule
6   and go down.
7          MR. BERMAN: Well, I guess the most important
8   mini-rule is, we think in whatever case management order you
9   enter there has to be what we call an automatic deposition
10  rule, meaning that if we send the deposition notice out,
11  you've got to produce a witness within 21 days if we can't
12  reach agreement.
13         THE COURT: For deposition or for designation?
14         MR. BERMAN: Both. It's a problem with both. The
15  plaintiffs have yet to be able to take a 30(b)(6) deposition
16  in six months. We think there needs to be a rule, if we send
17  out a 30(b)(6) notice, you have to produce a witness in 45
18  days. If we send out a deposition notice --
19         THE COURT: You said 45 days?
20         MR. BERMAN: Yes, because sometimes it takes a long
21  time to find the right person on a 30(b)(6). We understand
22  that. We send out a deposition notice on a fact witness --
23  we've now gone through the documents, we've identified some
24  people -- you've got to give us a date within 21 days unless
25  we agree otherwise.

1        Otherwise, whatever schedule you set, we're going to
2   be where we are now.  We just really haven't gotten very far,
3   I hate to report to the Court, because of a time lapse.  It
4   works both ways.  They're not happy with our responsiveness.
5   The rule applies to us as well.  I have a few other things
6   like this.
7        THE COURT:  I'm glad you reminded me of that.  I do
8   think -- one of the concerns I've had is on this issue of
9   ERISA preemption, not really knowing what's out there, what
10  the plans are, how much the plans will affect damages.  What
11  are the different kinds of plans?  Are they hinged on AWP?
12  Aren't they?
13       Normally, I'm not sympathetic to class discovery.  In
14  this case it may be critical to understanding not just
15  preemption issues but also what's typical.  And so I do think
16  you need to be responsive to producing plans at the very least
17  or a few -- I don't even know if there are different kinds of
18  ERISA plans even among the plaintiffs.
19       MR. BERMAN:  All our plans are plans to -- almost all
20  of them have been deposed and are producing documents already.
21       THE COURT:  All right.  If there are a few -- I don't
22  know.  I assume you're not going to take a deposition of every
23  ERISA plan in America.
24       MR. WISE:  No.  I can answer that question no.
25       THE COURT:  I'm just simply saying it may be helpful

1    to find out if these plans are typical of other plans. That's
2    different from -- I'm not authorizing discovery of the people
3    who have cancer who are getting the drugs. I think that's a
4    different situation, and I don't believe that defendants are
5    looking for that. But I think the different -- while it's
6    rare, I think this wouldn't be a bad case for it.
7          MR. BERMAN: We agree that this is a case where there
8    has to be some discovery, a fair amount of discovery, before
9    the class motion is ripe, both sides.
10         THE COURT: Right. All I'm saying is you had a
11   motion to preclude class discovery. While I certainly will
12   grant that with respect to anybody who's sick and receiving
13   drugs directly as part of a Medicare Part B, I think the plans
14   themselves are able to protect themselves. And they're
15   usually not confidential, right? Aren't they usually
16   distributed to their members? There's nothing that I can
17   imagine that would be a problem with that.
18         MR. WISE: It's not in our interest to be burdensome
19   to that community. What we want to do is just develop enough
20   information so we can present a sample of what --
21         THE COURT: I think that's appropriate because I
22   remember looking at the case law on it. To some extent I was
23   not sure what the plans would provide. I think no one here
24   really probably was at that time other than the named
25   plaintiffs. What's out there?

```
 1          MR. WISE:  And whether anything is typical of
 2    anything.  That's exactly going to be the issue.
 3          THE COURT:  There was a motion to intervene.  I don't
 4    see why I wouldn't allow that for the --
 5          MR. WISE:  Together Rx.
 6          MR. KOCIUBES:  It will change the scope again.  As
 7    your Honor noted -- well, there are two things.  We've already
 8    addressed -- unless your Honor wants me to, I won't, which is
 9    the futility.  But the first issue is we had understood from
10    your Honor that you didn't want the scope of the case to
11    expand again.  And what at least --
12          THE COURT:  They asserted on behalf of both classes,
13    and then you brought up standing.  So no big surprise that
14    they found somebody.
15          MR. KOCIUBES:  For sure.  But at the same time what
16    you're doing now is you're expanding the scope of that.
17    There's no question about that.  What this really is is a
18    substantive amendment to the complaint again.
19          THE COURT:  Not really.  Did you change any of the
20    allegations in the complaint?
21          MR. BERMAN:  The class is exactly the same.  There's
22    just a different plaintiff for the standing issues.
23          THE COURT:  I allow the motion to intervene.  I allow
24    your motion for discovery into the different kinds of ERISA
25    plans for typicality.
```