UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) THIS DOCUMENT RELATES TO ALL CLASS ACTIONS 01-CV-12257-PBS AND 01-CV-339 ) ) ) ) ) | MDL No. 1456 CIVIL ACTION: 01-CV-12257-PBS Judge Patti B. Saris Chief Magistrate Judge Marianne B. Bowler |

**PLAINTIFFS' EMERGENCY MOTION TO RESET VARIOUS SCHEDULING DATES PERTAINING TO CLASS CERTIFICATION**

It is with reluctance, overcome by necessity, that plaintiffs move this Court to reset various dates relating to the class certification motion hearing.

The parties have been working toward class certification for over a year. Defendants have been noticing depositions on this topic since last November.

As the schedule was set, defendants' opposition was due on October 25, with plaintiffs' reply due on December 1, 2004. In that roughly 30-day time frame, plaintiffs need to digest and analyze defendants' submissions consisting of over 40 binders of supporting material, depose each of their four experts and file a reply. Defendants also obtained permission to file an additional 50 pages of opposition to address the purportedly unique individual circumstances of each defendant, and plaintiffs must also respond to these submissions as well.[1]

---

[1] Defendants in some instances actually used these extra pages not to address facts unique to that defendant but instead used these pages to address global issues that they apparently could not cover in their main brief given the Court's page limitation. So GSK, for example, rather than addressing facts unique to GSK, spent its entire ten pages arguing choice of law issues applicable to all defendants. This is in blatant disregard of the representations made to the Court as to why additional filings for each defendant were needed.

- 1 -

Defendants also moved to strike the declaration of plaintiffs' expert Dr. Hartman, and submitted an expert declaration and data in support of that motion. The deposition of this expert and a response must be prepared.

Mindful that the defendants are represented by dozens of high powered and well-heeled law firms with squadrons of attorneys and staff on this case, plaintiffs predicted that the opposition papers would consist of a barrage of facts designed to create the image to the Court that a class would be unmanageable.[2] Therefore, in advance of the opposition, plaintiffs served interrogatories asking defendants to identify the factual and legal bases for any opposition to the Class as proposed in Plaintiffs' motion. Defendants refused to provide any meaningful answers, asserting that the requests were premature and that they did not yet know which facts they would rely on.[3]

On October 29, 2004, defendants served their various oppositions to plaintiffs' motion for class certification. In addition to a 50-page response brief and 50 pages of individual replies, defendants filed affidavits of four experts that contain thousands of pages of exhibits. These exhibits were not properly organized or served so that if an exhibit was cited in an experts' report it could readily be found. Plaintiffs' lawyers, paralegals and staff have spent hundreds of hours organizing this material in order to find the evidence cited in these affidavits. *See* Berman Decl., ¶¶ 5-7. This is time that should have been spent on substance. Once organized, we discovered that many exhibits were missing, not legible, or data was on corrupted disks or on disks that were protected and could not be opened. *Id*., ¶ 8. As described in the Affidavit of Thomas M. Sobol Affidavit ("Sobol Aff."), as of yesterday, Plaintiffs had not yet received key data relied upon by

---

[2] *See Klay v. Humana, Inc.*, 2004 U.S. App. Lexis 18494, at *74 (11th Cir. Sept. 1, 2004) (addressing superiority of class as a vehicle for resolution where defendants "are corporate behemoths with a demonstrated willingness and proclivity for ... burying their opponents in paperwork and filings.").

[3] A sample response is attached as Exhibit A to the Declaration of Steve W. Berman ("Berman Decl."), ¶¶ 3-4.

1534.16 0113 MTN.DOC

defendants' experts. Sobol Aff., ¶¶ 6-9. As of today, with expert depositions due to start next Monday, plaintiffs are missing data upon which each of defendants' expert has relied. Sobol Aff., ¶10. Plaintiffs have now been told that some of the data must be purchased from a third party *after* a license is obtained by plaintiffs. Even if we received this data now, adequate deposition preparation in these circumstances is impossible. *Id.* It needs to be analyzed by plaintiffs' experts and then assimilated by the lawyers. In addition, plaintiffs' experts, whose reply affidavits are due in a little over two weeks, are hamstrung in the efforts as well due to this missing and incomplete data. Requests for this data have been made and not yet fully responded to. Even if it was received today, there is inadequate time to analyze and respond to defendants' arguments. Berman Decl., ¶ 9.

Putting aside any issues of good faith, on October 25, 2004 when they filed their opposition, defendants had a duty to turn over their materials in a fashion that made them accessible and which contained all reliance data cited in affidavits so that plaintiffs had the time set by the Court to prepare a reply.

Given the importance of this motion to the litigation, plaintiffs' reply and discovery of experts should not be impaired by these circumstances.

Plaintiffs, therefore, move for the following relief:

> Discovery of defendants' expert previously set to be completed on November 23, 2004 is extended to December 5, 2004.
>
> Plaintiffs' reply set to be filed on December 3, 2004 shall be filed on December 16, 2004.
>
> Surreply's set to be filed by December 8, 2004 will be filed by December 23, 2004.
>
> The tutorials set to be filed by December 3, 2004 shall be filed by December 21, 2004.

1534.16 0113 MTN.DOC

> The tutorial hearing set for December 7, 2004 is reset for January (4, 5 or 6), 2005.
>
> The hearing on class certification is reset from December 17, 2004 to January (18, 19 or 20), 2005.

Plaintiffs also suggest that this slight stretch of the schedule will enable the independent tutor to have sufficient time to get up to speed prior to the tutorial and class certification hearing and will provide the Court with more time to digest these materials before argument.

Plaintiffs are entirely mindful of the Court's desire to "tee up" the class motion. It is respectfully submitted that the motion should be heard on a schedule that permits fair preparation by all parties, the "tutors" and the Court.


DATED:  November 12, 2004        By      /s/ Steve W. Berman
                                    Thomas M. Sobol (BBO#471770)
                                    Edward Notargiacomo (BBO#567636)
                                    Hagens Berman LLP
                                    One Main Street, 4th Floor
                                    Cambridge, MA  02142
                                    Telephone: (617) 482-3700
                                    Facsimile: (617) 482-3003
                                    **LIAISON COUNSEL**

                                    Steve W. Berman
                                    Sean R. Matt
                                    Hagens Berman LLP
                                    1301 Fifth Avenue, Suite 2900
                                    Seattle, WA  98101
                                    Telephone: (206) 623-7292
                                    Facsimile: (206) 623-0594

                                    Jeffrey Kodroff
                                    John Macoretta
                                    Spector, Roseman & Kodroff, P.C.
                                    1818 Market Street, Suite 2500
                                    Philadelphia, PA  19103
                                    Telephone: (215) 496-0300
                                    Facsimile: (215) 496-6611
                                    **CHAIRS OF LEAD COUNSEL COMMITTEE**

Samuel Heins
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
**MEMBERS OF LEAD COUNSEL COMMITTEE AND EXECUTIVE COMMITTEE**

- 6 -

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **PLAINTIFFS' EMERGENCY MOTION TO RESET VARIOUS SCHEDULING DATES PERTAINING TO CLASS CERTIFICATION** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on November 12, 2004, a copy to Verilaw Technologies for Posting and notification to all parties

      By     **/s/ Steve W. Berman**
      Steve W. Berman
      **HAGENS BERMAN LLP**
      1301 Fifth Avenue, Suite 2900
      Seattle, WA 98101
      (206) 623-7292