# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | )<br>)<br>) |
| | ) |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | )<br>) |
| 01-CV-12257-PBS AND 01-CV-339 | ) |

MDL No. 1456

CIVIL ACTION:  01-CV-12257-PBS

Judge Patti B. Saris

Chief Magistrate Judge Marianne B. Bowler

## DECLARATION OF STEVE W. BERMAN IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO RESET VARIOUS SCHEDULING DATES PERTAINING TO CLASS CERTIFICATION

I, Steve W. Berman, hereby declare that:

1.      I am an attorney at law, licensed to practice in the State of Washington and admitted *pro hac vice* in this case.  I am a member of Hagens Berman LLP, resident in its Seattle, Washington, office and am Co-Lead Counsel for the Plaintiffs in the above-captioned action.

2.      This declaration is submitted in support of Plaintiffs' Motion To Reset Various Dates Pertaining to Class Certification.

3.      As is common in class litigation plaintiffs can anticipate some but not all of the attacks a defendant will make in opposing class certification.  Typically, defendants who have institutional knowledge and contacts within an industry that plaintiffs do not and have ideas regarding opposition to class certification that arise from that knowledge that cannot be

- 1 -

anticipated by plaintiffs.  Often when plaintiffs respond to these arguments for the first time in reply we are accused of raising new arguments or "sandbagging."

4.      To avoid this Plaintiffs served interrogatories specifically designed to illicit the basis for Defendants' opposition to class certification.  Thus we asked the grounds for opposing each element of Rule 23(a) and (b).  An example of the questions asked and the answers provided are as follows:

**Request No. 14:**

Do you contend that this case cannot be maintained as a class action pursuant to Fed. R. Civ. P. 23?  If so, state all grounds in support of this contention and identify all witnesses who have knowledge on this issue.

**Response to Request No. 14:**

In addition to the General Objections set forth above, the J&J defendants object to this Interrogatory as premature because plaintiff have not provided a sufficient description of the class(es) that they seek to certify and the reasons therefore.  The J&J defendants further object on the ground that this Interrogatory impermissibly attempts to shift the burden of going forward and the burden of proof with respect to issues under Rule 23.  The J&J defendants will respond to plaintiffs' request on this point after plaintiffs have made a motion for class certification on the timetable set by the Court in CMO 10 under the heading "Phase I Schedule."

**Request No. 15:**

Do you contend that the common questions of law and fact identified in the AMCC do not exist?  If so, identify your grounds for so stating and identify each witness with knowledge of those grounds.

**Response to Request No. 15:**

See response to Interrogatory 14 above.

**Request No. 16:**

Do you contend that plaintiffs' claims are not typical?  If so, state the basis for such contention and identify persons with knowledge of the facts supporting your contention.

**Response to Request No. 16:**

See response to Interrogatory 14 above.

**Request No. 17:**

Do you contend that a class action is not a superior method for proceeding?  If so, (i) identify why, (ii) identify methods which you contend are superior to a class or subclass; and (iii) identify persons with knowledge of the facts supporting your contention.

**Response to Request No. 17:**

See response to Interrogatory 14 above.

**Request No. 18:**

If you contend that plaintiffs and class members have not been damaged, set forth the basis for that contention.

**Response to Request No. 18:**

See response to Interrogatory 14 above.

**Request No. 19:**

Do you contend that class members have suffered different types of damages as opposed to differences in the amount of damages?  If so, identify such differences.

**Response to Request No. 19:**

See response to Interrogatory 14 above.

5.    I also attach a portion of the Defendants' answers to my Declaration.  As the Court can see no substantive information was provided, despite the fact that Defendants have been engaging in massive class related discovery for nine months, and have issued in excess of 100 subpoenas in that regard.  Although they might not have every fact they will use they

- 3 -

certainly have information that should have been provided subject to later supplementation. And most certain each of these Defendants had knowledge of the identity of witnesses who may have knowledge relating to the basis of their opposition.

6.      Initially, plaintiffs received four disks containing defendants' memorandum, individual memoranda with exhibits, defendants' expert declarations of Steven Young, Eric Gaier and Robert Navarro, and attorney declaration, William Cavanaugh with exhibits. Each disks contained several folders with hundreds of attachments. We printed all of the material out (close to nine boxes). **It took 70 hours to just print the material from the disks.** We then began to assemble the material only to find incomplete and illegible documents. I wrote defendants regarding the incomplete and illegible docs. They in turn sent us a hard copy. **Young's declaration and attachments alone was 27 binders of footnote support, deposition testimony and exhibits**. Gaier was three binders containing 319 exhibits. Navarro was two volumes (broken down into four binders) with 51 exhibits, and Cavanaugh was one binder with 17 exhibits.

7.      Specific examples of incomplete documentation and data issues are in the following letter to Scott Wise:

> In some cases, we can only find incomplete documents. For example, Young cites to a Declaration of Thomas Gilson from Medco Health Solutions and to an Affidavit of Edward Ignaczak from Express Scripts, Inc. Both are incomplete. In other cases, we simply cannot locate the information. For example, Exhibit 15 to the Young Declaration references various "Supporting Discovery Materials" and "Other Materials Relied Upon." We cannot locate any of the information referenced except for the Humana documents that are bates numbered HUM00839-912, 01151-1214, and 0186-1921, and the Kytril, Remicade and Procrit information. Further, the search associated with Exhibit 15 alone took us 20 minutes. And these are just a few examples of the problems that have confronted us as a result of the balkanized manner in which

- 4 -

defendants chose to "organize" the material.  We have encountered
similar problems with respect to the other declarations.

8.      Even after receiving defendants' hardcopy we continued to have trouble
assembling the materials.  Binders of exhibits, deposition testimony and footnote support still did
not match up with their exhibit lists.  Defendants then realized that they had not provided us with
the indices for Volumes II and III of the Young Declaration.  They provided this on Monday,
November 8, 2004.  It has now helped us sift through the remainder of the material.  We now,
weeks later, understand how all the material fits together.

9.      However, there continue to be serious problems in reading and receiving
underlying data.  Some of the data is not readable, some is missing and some we are told we
must buy from a third party.  Even if we received all of this today we could not assimilate it in
time to do a thorough job.

10.     The Court set a tight schedule and coordinating our response, our experts and all
related issues has become intolerable under the current schedule.

11.     I have asked for defendants' consent to this motion and have not received it.

Further the declarant sayeth not.  I certify under penalty of perjury that the foregoing is
true and correct.

Executed this the 12th day of November, 2004, at Seattle, Washington.

By____/s/ Steve W. Berman_____
      One of Plaintiffs' Counsel
      Steve W. Berman
      Hagens Berman LLP
      1301 Fifth Avenue, Suite 2900
      Seattle, WA  98101
      Telephone: (206) 623-7292
      Facsimile: (206) 623-0594

**CERTIFICATE OF SERVICE**

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **DECLARATION OF STEVE W. BERMAN IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO RESET VARIOUS SCHEDULING DATES PERTAINING TO CLASS CERTIFICATION** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on November 12, 2004 via e-mail and overnight delivery to Defendants.

By   **/s/ Steve W. Berman**
    Steve W. Berman
    Hagens Berman, LLP
    1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
    Telephone:  (206) 623-7292
    Facsimile:  (206) 623-0594

1534.16 0114 MTN.DOC