# Exhibit A



William F. Cavanaugh, Jr.
Andrew D. Schau
Erik Haas
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036-6710
(212) 336-2000
*Attorneys For J&J Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 ) ) ) ) | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**RESPONSE OF DEFENDANTS JOHNSON & JOHNSON, CENTOCOR, INC., JANSSEN PHARMACEUTICA PRODUCTS, L.P., MCNEIL-PPC, INC., AND ORTHO BIOTECH PRODUCTS L.P. TO PLAINTIFFS' INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules

of the District Court for the District of Massachusetts, Defendants Johnson & Johnson, Centocor,

Inc., Janssen Pharmaceutica Products, L.P., Johnson & Johnson Health Care Systems, Inc.,

McNeil-PPC, Inc., Ortho Biotech Products L.P., Ortho McNeil Pharmaceuticals, Inc. and

OrthoNeutrogena (collectively, the "J&J defendants") by their attorneys Patterson, Belknap,

Webb & Tyler LLP, make the following responses to Plaintiffs' Interrogatories to the Fast Track

Defendants dated June 22, 2004 (the "Interrogatories").

**GENERAL OBJECTIONS**

The J&J defendants expressly incorporate all of the General Objections set forth

below into each Response to the Interrogatories. Any Specific Objections provided below are



made in addition to these General Objections and failure to reiterate a General Objection below does not constitute a waiver or limitation of that or any other objection.

A.    The J&J defendants incorporate by reference herein all "General Objections" from their collective or individual responses to previous discovery requests served by plaintiffs in this matter.

B.    The J&J defendants object to the Interrogatories as premature to the extent that they seek to elicit evidentiary conclusions regarding matters subject to on-going discovery in this matter.

C.    The J&J defendants also object to the Interrogatories as premature to the extent they seek the J&J defendants' opinions or contentions relating to ongoing discovery in this matter.

D.    The J&J defendants object to the Interrogatories to the extent the use of the word "contend" implies that the J&J defendants have the burden of proof on an issue or are in any way obligated to make contentions.

E.    The J&J defendants object to the Interrogatories on the ground that they are the third set of interrogatories served upon the J&J defendants in this action and, including their subparts, exceed the limits set forth in Local Rule 26.1(C).

F.    The J&J defendants object to the definitions of "You," "Your," "Company," and "Person" as set forth in Definition Nos. 6 and 11 as overly broad, unduly burdensome and vague, because they seek production of information not in the control or custody of the J&J defendants and require the J&J defendants to speculate concerning the identities of individuals and business entities included in these definitions.

-2-

1035055v1



G.    The J&J defendants object to each and every Interrogatory that uses the terms "spread" or "spreads" because these terms are vague, ambiguous and undefined.  Use of these terms is also argumentative without factual foundation and legal conclusions.

## RESPONSES TO INTERROGATORIES

### Request No. 1.

Set forth the definition of AWP, as that term has been used by your company when used in the course of business during the period 1991 to the present, identifying any regulation or authority that supports that definition. If the definition has changed over time, identify it by year.

### Response to Request No. 1.

The J&J defendants object to use of the phrase "used in the course of business" as impermissibly vague, overbroad and therefore burdensome.  The J&J defendants object to the use of the word "authority" as vague and ambiguous.  The J&J defendants also object to the Interrogatory in its entirety in that it presumes that the J&J defendants "defined" or formulated a "definition" of AWP.  The J&J defendants further object to the Interrogatory as overly broad and unduly burdensome to the extent it requires them to summarize or catalogue discovery already made in this case and to canvass all current and former employees over a 13 year period with respect to their possible usage of the term AWP.

Subject to and without waiver of the foregoing general and specific objections, the J&J defendants state that, to the extent referenced by the J&J defendants, the term AWP refers to amounts listed under that designation in industry pricing compendia, such as Redbook and Medispan.  In the compendia, the published AWP for a particular drug is a multiple of the published Wholesale Acquisition Cost ("WAC").  WAC is a list price to wholesalers and warehousing chains that does not include discounts, rebates, chargebacks, or other concessions,

-3-

1035055v1



if any.   A substantive definition of AWP has never been set forth in any statute or regulation,

and the basis for the definition is the listings in the pricing compendia over time.

**Request No. 2.**

With respect to each definition set forth above, identify all instances in which the company's definition was communicated to (a) the public, or (b) any governmental entity, or (c) any third-party payor.

**Response to Request No. 2.**

The J&J defendants object to Interrogatory No. 2 as vague and ambiguous to the extent it relies on the terms "the public," "any governmental entity," and "any third-party payor."

Subject to and without waiver of the foregoing general and specific objections, they respond by incorporating their responses and objections to Interrogatory No. 1, and by stating that the WACs and AWPs for its products were publicly available in various industry pricing compendia.

**Request No. 3.**

Identify all persons at the company who are the source of the above definition(s) or who have knowledge as to the meaning of AWP as used by the company.

**Response to Request No. 3.**

The J&J defendants object to Interrogatory No. 3 to the extent it presumes that persons at the J&J defendants are the source of the definition of AWP.  Although many individuals at J&J defendants are aware that AWP are the amounts listed in industry pricing compendia, the definition of AWP is derived from the fact of the publication.

Subject to and without waiver of the foregoing general and specific objections, the J&J defendants refer plaintiffs to the 30(b)(6) testimony of their witnesses.

1035055v1



**Request No. 4.**

State whether any person at the company has considered whether the existence of a "spread" between AWP and either ASP or WAC violates the law, or may be misleading to any member of the public, or may result in excessive reimbursement

**Response to Request No. 4.**

The J&J defendants object to the terms "spread," "AWP," "ASP," and "WAC",

which are undefined in the Interrogatories. The J&J defendants also object to the use of the

terms "considered", "any" and "excessive" as vague and overly broad. The J&J defendants

further object to the Contention Interrogatory to the extent it calls for the production of

information protected by the attorney-client privilege, the work product doctrine, or any other

applicable privilege or protection.

**Request No. 5.**

Identify all persons with knowledge of such consideration.

**Response to Request No. 5.**

See response to Interrogatory No. 4 above. The J&J defendants further object to

this Interrogatory as unduly burdensome to the extent that it seeks "all persons".

**Request No. 6.**

Has anyone at the company cautioned or warned sales employees concerning marketing the spread. If so, state who and why such cautions or warnings have been issued.

**Response to Request No. 6.**

The J&J defendants object to the phrases "anyone" and "marketing the spread" as

vague and overbroad. The J&J defendants also object to the use of the words "cautioned" and

"warned" in this Contention Interrogatory because they are vague and ambiguous. The J&J

defendants further object to this Interrogatory to the extent it calls for information covered by the

attorney-client privilege, the work-product doctrine, or any other applicable privilege. Subject to

-5-



and without waiver of the foregoing general and specific objections, the J&J defendants have

produced or will produce documents and testimony concerning their relevant, responsive and

non-privileged or protected directions to their sales forces.

**Request No. 7.**

Has anyone at the company ever cautioned or warned employees not to market
the difference between sales price and reimbursement when calling upon physicians or those
reimbursed for the use of drugs. If so, identify who was involved in such discussions, and state
when and why such cautions or warnings have been issued.

**Response to Request No. 7.**

See response to Interrogatory No. 6 above.

**Request No. 8.**

Do you contend that those making co-pays for drugs covered by Part B were
aware of the spread or difference between AWP and ASP?  If so, identify how they would have
been aware both as to the existence of the spread and its magnitude.

**Response to Request No. 8.**

The J&J defendants object to the term ASP and the phrase "those making co-pays

for drugs covered by Part B" as vague and overbroad.  The J&J defendants also object to the

terms "spread", "AWP", and "ASP", which are undefined in the Interrogatories.  The J&J

defendants further object to the Interrogatory to the extent it calls for information that is neither

relevant to plaintiffs' claims or within J&J defendants' possession, custody or control.

Subject to and without waiver of the foregoing general and specific objections,

the J&J defendants contend that, in setting reimbursement rates and the co-pay amounts for

drugs under Medicare, the federal government has known for decades that the published AWP

does not equal the average of actual acquisition costs.  The individuals that elect to participate in

and make co-payments under the Medicare program accede to the knowing decisions of the

federal government in setting the parameters of the program.

1035055v1



**Request No. 9.**

Do you contend that the AWPs for each of your drugs subject to the AMCC are a fair and accurate reporting of the price at which wholesalers sell drugs to their customers, including physicians, pharmacies and others negotiating prices directly with the company, after all chargebacks, rebates, free goods, discounts, and credit memos have been included in the price?

**Response to Request No. 9.**

The J&J defendants object to the use of the term "AWP" as undefined in these

Interrogatories. The J&J defendants further object to the Interrogatory in its entirety on the

grounds that the question lacks foundation in that it presumes that the J&J defendants have

defined AWP as representative of the prices at which wholesalers sell drugs to pharmacies and

providers.

Subject to and without waiver of the foregoing general and specific objections,

the J&J defendants state that they do not contend that published AWPs are intended to report the

price at which wholesalers sell drugs to their customers, including physicians, pharmacies and

others negotiating prices directly with the companies, after all chargebacks, rebates, free goods,

discounts, and credit memos have been included in the price.

**Request No. 10.**

For each drug that is subject of the AMCC, identify for each year the reported AWP and the actual AWP after deducting for all rebates, chargebacks, discounts, free goods and other reductions in the actual price paid by wholesalers, physicians or hospitals.

**Response to Request No. 10.**

The J&J defendants object on the ground that "reported AWP" and "actual AWP"

are undefined. The J&J defendants further object to this Interrogatory on the ground that it

erroneously assumes that (a) there is a difference between "reported AWP" and "actual AWP,"

and (b) AWPs are intended to reflect "rebates, chargebacks, discounts free goods and other

reductions in the actual price paid by wholesalers, physicians or hospitals."

-7-



Subject to and without waiver of the foregoing general and specific objections, the J&J defendants refer plaintiffs to the AWPs in the pricing compendia that are publicly available and to the sale, chargeback and rebate data that they have produced in discovery in this matter.

**Request No. 11.**

If you assert an affirmative defense based upon "established industry practice," set forth all factual support that defendants' conduct as alleged in the AMCC was justified or in accordance with established industry practice.

**Response to Request No. 11.**

The J&J defendants object on the ground that the request for "all factual support" calls for evidentiary materials not the proper subject of a contention interrogatory at this time. The J&J defendants also object to this Interrogatory to the extent it assumes that "industry practice" is an affirmative defense upon which the J&J defendants have a burden of proof, when instead it is plaintiffs' burden in a fraud-based claim to establish that the J&J defendants made a statement or omission that they knew to be materially misleading to those in the relevant industries who reasonably and foreseeably could be expected to act upon it. The J&J defendants further object to this Interrogatory as vague and ambiguous because they contest most, if not all, of the allegations in the AMCC concerning their conduct.

Subject to and without waiver of the foregoing general and specific objections, the J&J defendants incorporate herein their response and objections to Interrogatory No. 1. The J&J defendants further state that it is established industry practice to reimburse for drugs based on or with reference to AWP with knowledge that AWP does not equal the average of actual acquisition costs.

-8-

1035055v1



**Request No. 12.**

       If you contend that plaintiffs' claims for injunctive relief are mooted by passage of the 2003 Medicare reform legislation state all facts in support of such contention.

**Response to Request No. 12.**

       The J&J defendants object on the ground that the term "2003 Medicare reform legislation" is vague and overly broad. The J&J defendants further object on the ground that the request for "all facts in support" calls for evidentiary materials not the proper subject of a contention interrogatory at this time.

       Subject to and without waiver of the foregoing general and specific objections, the J&J defendants contend that plaintiffs' claims for injunctive relief lack merit and have not been sufficiently particularized to allow for a comprehensive response at this time. To the extent the AMCC claims that injunctive relief concerning AWP reporting is required to prevent future losses to members of the alleged class who make Medicare Part B payments, such claims have been rendered moot by legislation that eliminates AWP as a measure of reimbursement under Medicare Part B.

**Request No. 13.**

       Do you contend that there existed public information disclosing that the AWP exceeded actual prices at which pharmaceuticals were purchased by physicians, pharmacies and hospitals. If so, for each AWPID; and for the years 1991 to the present:

       (a) Set forth the reported AWP from First Data and Red Book;

       (b) Set forth the ASP or the price that reflects chargebacks, rebates, discounts and credits for each such drug;

       (c) Identify where the spread between AWP and ASP was disclosed to the public or to any third party payor;

       (d) Identify the AMP for each such AWPID for each such year



**Response to Request No. 13.**

The J&J defendants object on the ground that the sub-parts of the Interrogatory do not follow from the body (*i.e.*, they are a *non-sequitur*) and, therefore, the question is unanswerable as framed. The J&J defendants also object on the ground that the terms "AWP," "ASP," and "AMP" are undefined in these Interrogatories. The J&J defendants further object to the term "AWPID" as argumentative and without factual foundation.

Subject to and without waiver of the foregoing general and specific objections, the J&J defendants contend that from before 1991 to the present, there has been a great deal of information publicly available which discloses that the AWPs appearing in the industry pricing compendia often exceed the prices at which medical providers themselves acquire drugs. By way of example only and not as a limitation, the J&J defendants refer plaintiffs to the pricing compendia and the exhibits to defendants' motion to dismiss the Master Consolidated Complaint.

**Request No. 14.**

Do you contend that this case cannot be maintained as a class action pursuant to Fed. R. Civ. P. 23? If so, state all grounds in support of this contention and identify all witnesses who have knowledge on this issue

**Response to Request No. 14.**

In addition to the General Objections set forth above, the J&J defendants object to this Interrogatory as premature because plaintiffs have not provided a sufficient description of the class(es) that they seek to certify and the reasons therefor. The J&J defendants further object on the ground that this Interrogatory impermissibly attempts to shift the burden of going forward and the burden of proof with respect to issues under Rule 23. The J&J defendants will respond to plaintiffs' request on this point after plaintiffs have made a motion for class certification on the timetable set by the Court in CMO 10 under the heading "Phase I Schedule."

1035055v1



**Request No. 15.**

Do you contend that the common questions of law and fact identified in the AMCC do not exist? If so, identify your grounds for so stating and identify each witness with knowledge of those grounds.

**Response to Request No. 15.**

See response to Interrogatory 14 above.

**Request No. 16.**

Do you contend that plaintiffs' claims are not typical? If so, state the basis for such contention and identify persons with knowledge of the facts supporting your contention.

**Response to Request No. 16.**

See response to Interrogatory 14 above.

**Request No. 17.**

Do you contend that a class action is not a superior method for proceeding? If so, (i) identify why, (ii) identify methods which you contend are superior to a class or subclass; and (iii) identify persons with knowledge of the facts supporting your contention

**Response to Request No. 17.**

See response to Interrogatory 14 above.

**Request No. 18.**

If you contend that plaintiffs and class members have not been damaged, set forth the basis for that contention.

**Response to Request No. 18.**

See response to Interrogatory 14 above.

**Request No. 19.**

Do you contend that class members have suffered different types of damages as opposed to differences in the amount of damages? If so, identify such differences.

**Response to Request No. 19.**

See response to Interrogatory 14 above.

1035055v1



**Request No. 20.**

Do you contend that individuals who pay cash at retail pharmacies should not be members of the class? If so, (a) state with specificity why, and (b) identify persons which knowledge of the facts upon which your answer is based.

**Response to Request No. 20.**

The J&J defendants object to the extent the Interrogatory assumes that the answer is based on the knowledge of particular "persons" and to the extent that the Interrogatory calls for evidentiary materials as opposed to a contention. Subject to and without waiver of the foregoing, the answer is yes. Individuals who pay cash for prescription drugs at retail pharmacies are either not within the definition of the proposed class in the AMCC (because they do not pay for drugs in whole or in part based on AWPs in the Publications) and/or that it is too difficult, if not impossible, to determine on a class-wide basis which individuals, if any, do pay for drugs on this basis.

**Request No. 21.**

Do you contend that hospitals should not be part of the class? If so, (a) state with specificity why, and (b) identify persons with knowledge of the facts upon which your answer is based.

**Response to Request No. 21.**

The J&J defendants object to the extent the Interrogatory assumes that the answer is based on the knowledge of particular "persons" and to the extent that the Interrogatory calls for evidentiary materials as opposed to a contention. Subject to and without waiver of the foregoing, the answer is yes. Hospitals are either not within the definition of the proposed class in the AMCC (because they do not pay for drugs in whole or in part based on AWPs in the Publications) and/or it is too difficult, if not impossible, to determine on a class-wide basis which hospitals, if any, do pay for drugs on this basis.

1035055v1



Dated: New York, New York
       July 26, 2004


By: _____
                Andrew D. Schau

PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000

*Attorneys for the J&J Defendants*

1035055v1



## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2004, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

/s/ Andrew D. Schau

Andrew D. Schau

-14-