### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) |

MDL No. 1456

Master File No. 01-CV-12257-PBS

Judge Patti B. Saris

This Document Relates to
ALL ACTIONS.

### AFFIDAVIT OF THOMAS M. SOBOL IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO RESET VARIOUS SCHEDULING DATES PERTAINING TO CLASS CERTIFICATION

I, Thomas M. Sobol, depose and state under oath as follows:

1.      I am attorney member of the Bar of the Supreme Judicial Court of the Commonwealth of Massachusetts.  I am liaison and co-lead counsel in connection with the above-referenced matter.

2.      Defendants' opposition materials to the Plaintiffs' Motion for Class Certification were due to be served on Plaintiffs on October 25, 2004.  The materials were to include Defendants' opposition memorandum, any declarations in support thereof, and any materials relied upon by Defendants' experts.

3.      On October 25, 2004, Defendants served a few of their opposition materials by the electronic Verilaw system, but the lion's share of their submission was served by means of a set of compact disks upon which electronic images of certain documents appeared.  The CDs contained hundreds of electronic files.

4.      In order to make the Defendants' submissions readable, and to be able to comprehend the organization of them, photocopies needed to be blown back from the CDs.  That process took several business days.  (Among other problems encountered, the files need to be correlated to exhibit order, etc.).

5.      It appeared that Defendants' expert materials for to Mr. Young were incomplete. As a result, Defendants delivered hard copies of about 26 binders of materials relating to Mr. Young's declaration.  Review of those binders took business days.  Some of the documents were illegible, and as a result, requests were made to defendants to provide legible copies of the documents.

6.      In short, as to Defendants' written submissions in opposition to the class motion, in effect, Plaintiffs were not provided with a complete, legible and organized copy of the materials for about a week after the due date.

7.      More troubling, however, is the Defendants' failure to provide the electronic data heavily relied upon by two of Defendants' experts in connection with the class opposition.  In their submissions, Defendants' experts Mr. Young and Mr. Gaier testify that in reaching their opinions they relied upon more than 20 sets of electronic data from:  (i) non-party sources; (ii) a proprietary national database; and (iii) several of the Plaintiffs.  They also testify that they relied upon manipulations made to that data in order to achieve the charts that they contend show certain features of drug reimbursement.

8.      Since the time Plaintiffs were able to discover Defendants' omission in providing these electronic materials (a process which itself took many business days after getting the voluminous submission made by Defendants photocopied and organized), Plaintiffs have

attempted to have Defendants provide the electronic database reliance materials used by Defendants' experts.

9.     Finally, two days ago on November 10, 2004, Defendants' agreed with Plaintiffs that they would provide these materials by today, Friday, November 12, 2004.  Even with that provision, however, Defendants are unsure whether the proprietary database that one of their experts relied upon (the Medispan database) will be made available today or in the upcoming business days.

10.     In short, Defendants' voluminous class opposition – an opposition that purports to be supported by the declarations of four different experts and about 40 large binders of materials, along with a score of databases most of which were only produced (or are being produced) today – has placed Plaintiffs' counsel in the position of having to move forward with expert depositions and drafting a reply without the information required to do so.

11.     Accordingly, Plaintiffs' counsel has sought the modest extension of time set forth in the motion.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 12th DAY OF NOVEMBER, 2004.


By:    /s/ Thomas M. Sobol
       One of Plaintiffs' Counsel
       Thomas M. Sobol
       Edward Notargiacomo
       HAGENS BERMAN LLP
       One Main Street, 4th Floor
       Cambridge, MA 02142

       **LIAISON COUNSEL**

       Steve W. Berman
       Sean R. Matt

HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Samuel Heins
Brian Williams
HEINS MILLS & OLSON, P.C.
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

Jeff Kodroff
John Macoretta
SPECTOR, ROSEMAN &
KODROFF, P.C.
18181 Market Street, Suite 2500
Philadelphia, PA 19103

**CHAIRS OF LEAD COUNSEL
COMMITTEE**

Kenneth A. Wexler
Elizabeth A. Fegan
THE WEXLER FIRM LLP
One North LaSalle
Suite 2000
Chicago, Illinois 60602

Marc H. Edelson
HOFFMAN & EDELSON
45 West Court Street
Doylestown, PA 18901

**MEMBERS OF LEAD
COUNSEL COMMITTEE AND
EXECUTIVE COMMITTEE**

4

Michael McShane
ALEXANDER, HAWES & AUDET LLP
300 Montgomery Street, Suite 400
San Francisco, CA 94104

Robert E. Piper, Jr.
PIPER & ASSOCIATES
624 Pierre Avenue
Shreveport, LA 71103

**MEMBERS    OF    EXECUTIVE COMMITEE**

Anthony Bolognese
BOLOGNESE & ASSOCIATES
One Penn Center
1617 JFK Boulevard
Suite 650
Philadelphia, PA 19103

Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Avenue, N.E.
Suite 300
Washington, D.C. 20002

Neal Goldstein
Freedman & Lorry, P.C.
400 Market Street, Suite 900
Philadelphia, PA 19106

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL 33134

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street, Suite 21700
San Diego, CA 92101

Jonathan D. Karmel
KARMEL & GILDEN
221 N. LaSalle Street
Suite 1414
Chicago, IL 60601
Philadelphia, PA 19103

Diane M. Nast
RODA & NAST PC
801 Estelle Drive
Lancaster, PA 17601

Henry H. Rossbacher
ROSSBACHER & ASSOCIATES
811 Wilshire Boulevard
Suite 1650
Los Angeles, CA 90017-2666

Jonathan Shub
SHELLER, LUDWIG & BADEY
1528 Walnut Street
3rd Floor
Philadelphia, PA 19102

Ira Neil Richards
TRUJILLO RODRIGUEZ &
RICHARDS, LLC
The Penthouse
226 West Ritten House Square
Philadelphia, PA 19103

Lee Squitieri
SQUITIERI & FEARON
521 Fifth Avenue
26th Floor
New York, NY 10175

Scott R. Shepherd
SHEPHERD & FINKLEMAN, LLC
117 Gayley Street, Suite 200
Media, PA 19063

Mitchell A. Toups
WELLER, GREEN, TOUPS &
TERRELL L.L.P.
2615 Calder Street, Suite 400
P.O. Box 350
Beaumont, TX 77704

Damon Young
Lance Lee
YOUNG, PICKETT & LEE
4122 Texas Boulevard
P.O. Box 1897
Texarkana, AR/TX 75504

**ADDITIONAL      ATTORNEYS
FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE BY VERILAW

Docket No. MDL 1456

I, Thomas M. Sobol, hereby certify that I am one of plaintiffs' attorneys and that, on November 12, 2004, I caused copies of Affidavit of Thomas M. Sobol in Support of Plaintiffs' Emergency Motion to Reset Various Scheduling Dates Pertaining to Class Certification to be served on all counsel of record by causing same to be posted electronically via Verilaw.

Dated: November 12, 2004            /s/ Thomas M. Sobol
                                    Thomas M. Sobol