# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | ) ) ) ) |
| | Judge Patti B. Saris |
| | Chief Magistrate Judge Marianne B. Bowler |

## PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO RESET SCHEDULING DATES PERTAINING TO CLASS CERTIFICATION

Defendants were required on October 25, 2004 to serve plaintiffs with their opposition papers – this they did not do.  As plaintiffs plowed through the 40 binders and 100 pages of opposition briefs,[1] plaintiffs discovered that the opposition papers defendants filed were incomplete, missing exhibits, illegible or on corrupted disks.[2]  In addition, volumes of critical material relied upon by defendants' experts were not produced and for a while defendants refused to turn it over.  Thus, it was not until Friday, November 12, 2004, with depositions of experts to commence the following Monday, November 15, 2004, that defendants produced some of this critical reliance data.  One weekend is not sufficient time to analyze this data sufficient to use it in a meaningful fashion at the depositions.  Defendants' tardiness has vastly

---

[1] Defendants did not in their opposition address their seeking additional pages under the guise of needing to address "defendant specific arguments" while then using those pages to address global issues such as choice of law. See Plaintiffs' Emergency Motion To Reset Various Dates Pertaining To Class Certification ("Reset Motion") at note 1.

[2] Berman Decl., ¶ 6, filed with motion.

reduced the time set in the briefing schedule for plaintiffs to analyze defendants' opposition and respond to it.[3]

Plaintiffs' experts need to analyze the data and subsequently plaintiffs' lawyers need to incorporate that analysis into deposition questions, the reply brief and expert declarations.[4]  In their brief in opposition to Plaintiffs' emergency motion, defendants' ignore much of their own conduct, for example their failure to originally produce exhibits and documents cited in expert reports. They have no excuse why exhibits were illegible or missing or their disks corrupted. Instead, they claim that as to expert reliance materials, no production was required by agreement of the parties.  This is patently false as proven by Exhibit C to the Edwards Declaration which is the lynchpin of their opposition.  It states as follows:

> With respect to paragraphs 1 and 2, ***you have represented that all documents and information relied upon by your experts are identified in their declarations, and you have agreed to provide us with copies to the extent that we are having difficulty obtaining them on our own***.  With respect to paragraph 3, you have represented that your experts have not interviewed any witnesses, and you view any workpapers (*e.g.*, documents that would show the calculations underlying a chart) as drafts that do not have to be produced.  With respect to paragraph 4, you have represented that all reference works or treatises relied on by your experts have been identified in their declarations, except for standard references that are not being used to support any specific point.

Thus, contrary to defendants' argument, plaintiffs identified ***all*** data that Dr. Hartman relied on and agreed to provide any data defendants' could not obtain on their own.  The Hartman charts defendants point to, where they claim plaintiffs' reliance data was not turned

---

[3] Under the current schedule expert depositions must be complete by November 23, 2004.  Thus plaintiffs have been forced to proceed with depositions despite an inability to meaningfully analyze the data.

[4] Defendants profess surprise that plaintiffs' experts would file a reply declaration.  Plaintiffs have leave to file a reply and there is no order dealing with the filing of expert declarations on opening or reply.  Replies are routinely filed on class motions and defendants who had access to the Lupron briefing are aware Dr. Hartman filed a reply in that case and in every other case cited in his resume.

over, is thus a misdirection.  The data underlying the charts was identified – it was derived from each defendant's own database supplied to us on disks produced by defendants.  Defendants were obviously able to retrieve their own sales data.  Here, defendants did not disclose the reliance data and when they did it was initially illegible or corrupted.  Further, as pointed out in the Sobol Affidavit (¶¶ 7-9) some of the data is not available and can only be obtained from a third party after licensing issues are resolved.  Thus, Defendants claim that Dr. Hartman's production is comparable and/or justifies their conduct is wrong.  Defendants had the Hartman data from the get go.  There is nothing in the course of dealing that justifies defendants' failure to produce key reliance materials and the Edwards' letter evidences that the opposite was to occur.

The simple fact is that plaintiffs have been prejudiced by the combination of (1) defendants' failure to answer interrogatories that would have flushed out fact issues prior to briefing; (2) defendants' filing of voluminous materials, some of which were filed pursuant to a false claim that they were to be part of "individual fact specific responses"; (3) the failure of defendants to serve exhibits and data on October 25, 2004 as required by Court order; and (4) the failure to turn over critical expert reliance data in a timely fashion.

Defendants point to no prejudice they will suffer if the motion is granted.  Important briefing like the class-related papers should not be subjected to the unfairness that flows from defendants' conduct which is in violation of court scheduling orders and the parties' own agreements.

1534.16 0118 MTN.DOC

DATED:  November 16, 2004

By____/s/ Steve W. Berman_____
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Samuel Heins
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CHAIRS OF LEAD COUNSEL
COMMITTEE**

Marc H. Edelson
Allen Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

1534.16 0118 MTN.DOC

Kenneth A. Wexler
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
**MEMBERS OF LEAD COUNSEL
COMMITTEE AND EXECUTIVE
COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO RESET SCHEDULING DATES PERTAINING TO CLASS CERTIFICATION** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on November 16, 2004 via Verilaw to Defendants.


By    **/s/ Steve W. Berman**
        Steve W. Berman
        Hagens Berman, LLP
        1301 Fifth Avenue, Suite 2900
        Seattle, WA  98101
        Telephone:  (206) 623-7292
        Facsimile:  (206) 623-0594

- 6 -