UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                   :  MDL NO. 1456
In Re:  PHARMACEUTICAL INDUSTRY                                    :
AVERAGE WHOLESALE PRICE                                            :  Master File No. 01-CV-12257-PBS
LITIGATION                                                         :
                                                                   :  Judge Patti B. Saris
                                                                   :
THIS DOCUMENT RELATES TO                                           :
County of Suffolk v. Abbott Laboratories, Inc. et                  :
al., Civil Action No. 1:03-cv-10643                                :
                                                                   :
```

**GLAXOSMITHKLINE'S MOTION FOR CLARIFICATION OF THE COURT'S
OCTOBER 26, 2004, RULING IN THE COUNTY OF SUFFOLK ACTION**

In its October 26, 2004, ruling on the individual motions to dismiss the *County of Suffolk* action, the Court dismissed under Rules 8(a) and 9(b) the Best Price claims against most Defendants, holding that Plaintiff failed to allege "at least minimal facts" showing that these Defendants engaged in a scheme to misstate Best Prices. *In re Pharm. Indus. Avg. Wholesale Price Litig.*, 2004 U.S. Dist. LEXIS 21448, at *7-8 (D. Mass. Oct. 26, 2004). The Court, however, did not dismiss any of the Best Price claims against GSK and several other Defendants despite a similar absence of even "minimal facts" as to all but two of GSK's drugs.

In the *State of Montana* action, the Court dismissed all of Montana's Best Price claims against GSK for lack of specificity except for claims related to the two drugs identified in the State's complaint -- Flonase® and Paxil®. *See In re Pharm. Indus. Avg. Wholesale Price Litig.*, 321 F. Supp. 2d 187, 207-08 (D. Mass. 2004). The Best Price allegations against GSK in the County of Suffolk's complaint -- like the complaint in the *State of Montana* action -- only refer to two GSK drugs, namely Flonase® and Paxil®. *See* County of Suffolk Am. Cplt. ¶¶ 236-37. Thus, consistent with the Court's prior ruling in the *State of Montana* action, the Best Price claims against GSK in the *County of Suffolk* action should be limited to these same two drugs.

The Court's October 26, 2004, order, however, unlike the Court's order in the *State of Montana* action, does not explicitly limit the County's Best Price claims in this manner.  GSK therefore seeks clarification of that order to confirm that when the Court let stand the Best Price claims against GSK in the *County of Suffolk* action, it did so only with respect to the two drugs identified in the County's complaint.

## Certification Pursuant to Local Rule 7.1

Pursuant to Local Rule 7.1(a), the undersigned counsel certify that counsel for GSK contacted counsel for Plaintiff County of Suffolk regarding the issues addressed in this motion, but were unable to resolve the issues.

Respectfully submitted,

**BY:** /s/Seth B. Kosto
Geoffrey Hobart
Seth Kosto
Holland & Knight LLP
10 St. James Avenue
Boston, MA  02116
Tel: (617) 854-1419
Fax: (617) 523-6850

Mark H. Lynch
Ethan M. Posner
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel: (202) 662-5544

Frederick G. Herold
Dechert LLP
975 Page Mill Road
Palo Alto, CA  94304
Tel: (650) 813-4930

DATE: November 19, 2004            *Counsel for SmithKline Beecham Corp.,*
                                   *d/b/a GlaxoSmithKline*

## Certificate of Service

I hereby certify that I caused a true and correct copy of GlaxoSmithKline's Motion for Clarification of the Court's October 26, 2004, Ruling in the County of Suffolk Action to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 by posting on Verilaw.

    /s/Seth B. Kosto
Seth Kosto

# 2411424_v1