UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. NO. 1456 |
| THIS DOCUMENT RELATES TO: | Civil Action No. 01-CV-12257- PBS |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.,* E.D.N.Y. Case No. CV-03-229 | Judge Patti B. Saris |

**COUNTY OF SUFFOLK'S RESPONSE TO GLAXOSMITHKLINE'S MOTION FOR CLARIFICATION OF THE COURT'S OCTOBER 26, 2004 RULING**

Suffolk respectfully disagrees that any clarification is needed concerning the Court's October 26, 2004 Memorandum and Order (the "Order") sustaining Suffolk's rebate claims against GSK. Suffolk did not confine any of its rebate claims against GSK to the drugs Flonase and Paxil, nor did the Court so confine its ruling.

Suffolk's Amended Complaint makes this clear. In addition to Flonase and Paxil, Suffolk expressly asserts AWP and rebate claims with respect to the GSK drugs Combivir, Epivir, Lamictal, Ziagen, Serevent, Wellbutrin, Augmentin, and Avandia (*see* Amended Complaint at ¶¶229-244 and, in particular, chart at p. 62). Nowhere in the complaint does Suffolk suggest the GSK rebate claims apply only to a subset of these drugs. To the contrary, Suffolk alleges a company-wide scheme. *Id.*

The Order holds accordingly. It sustains Best Price claims where Suffolk has alleged sufficient facts regarding "the *circumstances of the fraudulent rebate scheme* with respect to each defendant." Order at 5 (emphasis added). It expressly considers whether Suffolk has tied the Best Price claims to "to any particular drugs, discounts *or other company specific practices* which would support an inference of misrepresenting Best Prices." Order at 6 (emphasis added).

And, it concludes with respect to the GSK defendants, that Suffolk has set forth "at least the minimal facts with respect to (1) the allegedly fraudulent or false price reported to the state for any specific drug; *or* (2) *any information showing a company wide scheme* to misstate Best Prices." Order at 6 (emphasis added).

That the Court may have limited GSK Best Price claims to Flonase and Paxil in the *State of Montana* action (a subject on which Suffolk expresses no view), does not mean the Court must do likewise here. Suffolk's GSK allegations are not Montana's and must be evaluated on their own terms.

Dated: November 22, 2004

> Respectfully submitted,
>
> KIRBY McINERNEY & SQUIRE, LLP
>
> By: ___/s/ Joanne M. Cicala_____
>       Joanne M. Cicala
>       Aaron D. Hovan
> 830 Third Avenue
> New York, N.Y. 10022
> (212) 371-6600
>
> COUNSEL FOR PLAINTIFF THE COUNTY OF SUFFOLK

## Certificate of Service

I certify that on November 22, 2004 a true and correct copy of the foregoing County Of Suffolk's Response To GlaxoSmithKline's Motion For Clarification Of The Court's October 26, 2004 Ruling was served on all Counsel of Record by electronic service pursuant to Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

/s/ Aaron D. Hovan
Aaron D. Hovan