UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In Re: PHARMACEUTICAL INDUSTRY : MDL NO. 1456
AVERAGE WHOLESALE PRICE :
LITIGATION : Master File No. 01-CV-12257-PBS
:
THIS DOCUMENT RELATES TO : Judge Patti B. Saris
01-CV-12257-PBS AND 01-CV-339 :
:

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
OBJECTION TO ORDER DENYING MOTION TO COMPEL
<u>DEFENDANTS' CORRESPONDENCE WITH PUTATIVE CLASS MEMBERS</u>**

## INTRODUCTION

The Court has already decided the issue of whether Defendants are required to produce to Plaintiffs their correspondence with third-party health plans. Plaintiffs sought the very same correspondence that is the subject of their underlying Motion to Compel through an earlier motion in December 2003, and the Court denied that motion. Plaintiffs now seek to re-litigate the issue, apparently assuming that the Court did not fully consider the relevant sections of their earlier motion papers. Chief Magistrate Judge Bowler rejected this argument and so should the Court. Plaintiffs provide no reason for revisiting the Court's earlier decision and it should be upheld. Moreover, although Plaintiffs choose to ignore this argument, Plaintiffs' present motion is predicated on document requests that are themselves defective for failure to comply with this Court's Local Rules.

## ARGUMENT

In December 2003, Plaintiffs filed a Motion for a Protective Order Regarding Subpoenas to Putative Class Members. In that motion, Plaintiffs asked the Court, *inter alia*, to quash the subpoenas issued by Defendants to putative class members and "require defendants to make a full accounting of all communications that they have had with each putative class member in regard to these subpoenas and any other matter related to this litigation." Mem. in Support of Pls.' Mot. for Prot. Order at 15. Plaintiffs argued that such an order was necessary to protect against "the potential abuse that could occur if defendants were allowed to freely communicate with putative class members." *Id*. at 13.

At a hearing on March 8, 2004, the Court denied Plaintiffs' motion, holding that class discovery in this case "may be critical to understanding not just preemption issues but also what's typical," and noting that the putative class members that are sophisticated health plans

"are able to protect themselves" against the supposed dangers outlined in Plaintiffs' motion. *See* Transcript of March 8, 2004, hearing at 48-49 (an excerpt from a transcript of the hearing is attached as Ex. A). On April 26, 2004, the Court issued a written order denying Plaintiffs' Motion for Protective Order "for the reasons stated in open Court" at the March 8, 2004, hearing. (Ex. B)

After the Court's ruling, Defendants pressed ahead in their efforts to secure discovery from third-party health plans, including the production of documents and deposition testimony. In the course of securing that discovery, Defendants communicated with these third-party health plans, negotiating the scope of those subpoenas and setting up depositions. Plaintiffs have been provided with all documents produced by these third-party health plans as well as all formal objections and responses.

In July 2004, Plaintiffs served document requests, which included a demand for all correspondence between Defendants and these third-party health plans. Defendants objected to Plaintiffs' request on the basis of the Court's previous order rejecting Plaintiffs' demand that they be privy to all communications between Defendants and putative class members. Defendants' objections also pointed out that Plaintiffs' requests were in violation of Local Rule 26.1, because Plaintiffs had not sought or obtained an order from the Court permitting this third set of document requests. *See* Local Rule 26.1(c) ("Unless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or groups of parties with a common interest) to . . . two (2) separate sets of requests for production.").

Now Plaintiffs seek to relitigate the issue of whether Defendants are required to share with Plaintiffs all communications with putative class members. Plaintiffs again argue in their Objection to Chief Magistrate Judge Bowler's order -- in the exact same language they used

2

in their failed Motion for Protective Order -- that such relief is necessary to protect against "the potential abuse that could occur if defendants were allowed to freely communicate with putative class members." Mem. in Support of Pls.' Objection at 5. But Plaintiffs' Motion for Protective Order specifically requested that the Court order Defendants to provide an accounting of all communications with putative class members and that request was denied. Moreover, in denying Plaintiffs' Motion for Protective Order, the Court rejected the argument that Plaintiffs assert here, namely that the putative class members subject to discovery are in need of protection. Because -- as Chief Magistrate Judge Bowler held -- the Court has already denied Plaintiffs' request, Plaintiffs' Objection should be overruled.[1]

In support of their Objection, Plaintiffs trot out the same line of cases -- including identical block quotations -- that they used in their failed Motion for Protective Order. Many of these cases involve the issue of class discovery generally,[2] an issue which is not present here, or involve wildly different factual situations in which defendants engaged in improper communications with class members. In *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985), for example, defendants engaged in an illegal telephone campaign to persuade class members to withdraw from a class action suit. Similarly, in *Hampton Hardware, Inc. v.*

---

[1] The Court's ruling that the third-party health plans can protect themselves is supported by the fact that several of them filed a motion to quash subpoenas served upon them and a written opposition to Defendants' motion to compel. *See* Non-Parties Aetna, Inc., Humana, Inc., and Connecticut General Life Insurance Company's Joint Motion to Quash Subpoenas and Memorandum of Law in Opposition to Defendants' Motion to Compel, filed Sept. 28, 2004.

[2] For example the courts in *Robertson v. National Basketball Ass'n*, 67 F.R.D. 691 (S.D.N.Y. 1975) and *Kamm v. California City Development Co.*, 509 F.2d 205 (9th Cir. 1975), cited in both the Memorandum in Support of Objection and the Memorandum in Support of Motion for Protective Order, did not allow class discovery at all, and thus say nothing about whether defendants should be required to produce all communications with the putative class when class discovery has been permitted.

3

*Cotter & Co.*, 156 F.R.D. 630, 632-33 (N.D. Tex. 1994), defendants sent letters to potential class members warning them not to participate in the class action lawsuit because it would end up costing them financially.

Plaintiffs admit in their underlying Motion to Compel that they do not allege that Defendants are engaged in any such wrongdoing in this case, *see* Mem. in Support of Mot. to Compel at 7, and of course nothing of the sort is occurring. Indeed, the only specific conduct identified by Plaintiffs is that Defendants supposedly "advised" John Deere Health Plans not to produce its contracts with Defendants. This is insignificant. In response to Defendants' subpoena, John Deere refused to produce rebate contracts on the ground that Defendants, as parties to those contracts, already had them. Accordingly, in response to requests to narrow the scope of documents sought from John Deere and other health plans, Defendants agreed that they would not insist on the production of rebate contracts with Defendants. This narrowing of the scope of documents sought pursuant to subpoena is far from suspicious -- it is standard course in any litigation -- and does not justify requiring Defendants to produce all of their correspondence with putative class members. To the extent that Plaintiffs seek documents from third-party health plans other than those produced, they are free to subpoena those from the health plans themselves. To date, Plaintiffs have elected not to do so, choosing to rely upon documents produced by third parties in response to Defendants' subpoenas.

Moreover, Plaintiffs assert in conclusory fashion that it is "axiomatic" that Defendants' negotiations with third-party health plans are relevant but do not explain -- nor can they explain -- how correspondence between Defendants and third-party health plans is relevant to their underlying causes of action or to their motion to certify a class. Plainly it is not. Procedural communications concerning the negotiation of subpoenas and the scheduling of

4

depositions have nothing whatsoever to do with Plaintiffs' claims that Defendants engaged in a scheme to inflate the AWPs of their drugs or that a class action is appropriate here. Indeed, when Plaintiffs tried to get the correspondence they seek through this motion directly from third-party health plan Wellmark Blue Cross and Blue Shield of Iowa, counsel for that plan refused to produce it on those very grounds. Counsel stated that he could not "figure out what relevance any procedural correspondence or conversations" he had with Defendants' counsel would have to Plaintiffs' case. *See* October 12, 2004, Letter from Hayward L. Draper to David S. Nalvin (attached as Ex. C).

In sum, the Court has already denied Plaintiffs' request to require Defendants to produce their communications with putative class members, and Chief Magistrate Judge Bowler correctly held that Plaintiffs have identified no reason to disturb that ruling. In any event, Plaintiffs document requests are defective as they are in violation of Local Rule 26.1(c).

## CONCLUSION

For all the above stated reasons, Defendants respectfully request that the Court reject Plaintiffs' Objection to Chief Magistrate Judge Bowler's order and affirm the Chief Magistrate Judge's ruling.

Respectfully submitted,

**ON BEHALF OF DEFENDANTS IN THE ABOVE-CAPTIONED ACTION,**

**BY:** /s/ Seth B. Kosto
Geoffrey Hobart
Seth B. Kosto
Holland & Knight LLP
10 St. James Avenue
Boston, MA  02116
Tel: (617) 854-1419
Fax: (617) 523-6850

5

                                        Mark H. Lynch
                                        Ethan M. Posner
                                        Covington & Burling
                                        1201 Pennsylvania Avenue, N.W.
                                        Washington, DC  20004
                                        Tel: (202) 662-5544

                                        Frederick G. Herold
                                        Dechert LLP
                                        975 Page Mill Road
                                        Palo Alto, CA  94304
                                        Tel: (650) 813-4930

DATE: November 24, 2004              *Counsel for SmithKline Beecham Corp.,*
                                        *d/b/a GlaxoSmithKline*

**Certificate of Service**

       I hereby certify that on November 24, 2004, I caused a true and correct copy of Defendants' Memorandum in Opposition to Plaintiffs' Objection to Order Denying Motion to Compel Production of Defendants' Correspondence with Putative Class Members to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2.

                                                          /s/ Seth B. Kosto
                                                          Seth B. Kosto