UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. NO. 1456 |
| THIS DOCUMENT RELATES TO: | Civil Action No. 01-CV-12257- PBS |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.,* E.D.N.Y. Case No. CV-03-229 | Judge Patti B. Saris |

**COUNTY OF SUFFOLK'S MOTION TO COMPEL THE PRODUCTION OF ELECTRONIC DISCOVERY FROM THE SCHERING PLOUGH DEFENDANTS**

Suffolk County files this motion for entry of an order directing the Schering Plough defendants to comply with that portion of CMO #10 that directs the parties to produce discovery in electronic format when it is available as such. CMO #10 clearly states that "any documents available in electronic format shall be so provided in that format, i.e. in an identical, usable electronic format." (CMO #10, ¶ 3).

To date, Schering's production to Suffolk has been entirely in paper format. This notwithstanding that (a) Counsel for Schering has informed Suffolk that the production exists electronically, (b) Suffolk has directed Schering's counsel to the relevant language of CMO #10, and (c) Suffolk has made plain its preference for receiving materials electronically. Schering simply refuses to comply. Suffolk has informed Schering that, in Suffolk's view, Schering's position is frivolous and would result in motion practice and a request for costs. Schering still refuses to comply.

Thus, Suffolk moves for entry of the attached proposed order directing Schering to comply with CMO#10 and to produce to Suffolk all discovery that is available electronically in

such electronic format.  Suffolk further requests that the Court award Suffolk its reasonable costs and expenses in connection with this motion, given that Schering's position appears frivolous in light of the clear directive of CMO #10.

**Certification Pursuant to Local Rule 7.1**

Pursuant to Local Rule 7.1(a), the undersigned counsel certify that counsel for Plaintiff County of Suffolk discussed the subject of this motion in person with Schering Counsel on November 19, 2004 and thereafter left voicemail and e-mail messages for Schering counsel between November 22-24, 2004 in an attempt to resolve the issues addressed. Schering did not alter its position or otherwise respond to Suffolk's communications. Accordingly, Suffolk is unable to resolve the issue.

Dated:  November 24, 2004

Respectfully submitted,

KIRBY McINERNEY & SQUIRE, LLP


By:      /s/ Joanne M. Cicala
         Joanne M. Cicala
         Aaron D. Hovan
830 Third Avenue
New York, N.Y.  10022
(212) 371-6600

COUNSEL FOR PLAINTIFF THE COUNTY OF SUFFOLK

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. NO. 1456 |
| THIS DOCUMENT RELATES TO: | Civil Action No. 01-CV-12257- PBS |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.,* E.D.N.Y. Case No. CV-03-229 | Judge Patti B. Saris |

## [PROPOSED] ORDER GRANTING COUNTY OF SUFFOLK'S MOTION TO COMPEL THE PRODUCTION OF ELECTRONIC DISCOVERY FROM THE SCHERING PLOUGH DEFENDANTS

Having considered each of the parties' submissions with respect to the County of Suffolk's Motion To Compel The Production Of Electronic Discovery, the Court hereby grants the motion.

It is hereby ordered that Schering shall produce immediately to Suffolk in electronic format all responsive discovery materials that exist in such format. The Court further orders that all future document Schering productions to Suffolk similarly shall be made electronically wherever possible.

It is further ordered that Schering shall pay Suffolk its reasonable costs and expenses in connection with this motion.

Dated:_____

Hon. Marianne B. Bowler
United States Magistrate Judge

## Certificate of Service

I certify that on November 24, 2004 a true and correct copy of the foregoing County Of Suffolk's Motion To Compel The Production Of Electronic Discovery From The Schering Plough Defendants was served on all Counsel of Record by electronic service pursuant to Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

/s/ Aaron D. Hovan
Aaron D. Hovan