UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO<br><br>STATE OF NEVADA V. AMERICAN HOME PRODUCTS, ET AL.<br>CIVIL ACTION NO. 02-CV-12086-PBS<br><br>STATE OF MONTANA V. ABBOTT LABORATORIES, ET AL.<br>CIVIL ACTION NO. 02-CV-12084-PBS | |

### WATSON PHARMACEUTICALS, INC. MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE STATE OF MONTANA'S SECOND AMENDED COMPLAINT AND THE STATE OF NEVADA'S AMENDED COMPLAINT

Watson Pharmaceuticals, Inc. ("Watson") respectfully submits this memorandum of law in support of its motion to dismiss the State of Montana's Second Amended Complaint and the State of Nevada's Amended Complaint (collectively the "Amended Complaints"). All counts in the Amended Complaints should be dismissed as to Watson on the ground that Watson has not been properly served with the complaints in this action as required under Federal Rule of Civil Procedure 4(m) and Local Rule 4.1 of this Court.

The Amended Complaints were filed with this Court on August 1, 2003. Both Amended Complaints named Watson as a defendant. However, to date, Plaintiffs have not properly served

Watson, or its counsel, with a summons or the Amended Complaints filed in this action. Watson has not waived service in this matter.

Counsel for Watson received a voice mail message from Plaintiffs' counsel shortly after the Amended Complaints were filed asking if he would accept service of process for Watson. Declaration of Douglas B. Farquhar ("Farquhar Dec."), ¶ 3. During a telephone conversation on August 12, 2003, Watson's counsel said that he would not accept service unless Plaintiffs submitted a written request for waiver under Fed. Rule 4(d). Watson's counsel further said that the issue of waiver would be discussed with Watson upon receipt of the written request. Id. No request for waiver has been received to date by Watson or its counsel. Id. Nor has service been effected on Watson. The relevant docket sheets do not reflect any entries claiming that Watson has been served. Watson also did not receive advance notice of filing required by Local Rule 15.1. Id.

Pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 4.1, this court should dismiss a complaint, without prejudice, against an individual defendant when the plaintiff fails to serve the defendant with the summons and complaint within 120 days from the date of filing of the action. Here it has been 481 days (calculated through November 24, 2004) since the date of filing of this action without service to Watson or submission of a written request for waiver of service. Because Plaintiffs have failed to properly serve Watson within the time required under the rules, this Court should dismiss the Amended Complaints on all counts as to Watson. See McIsaac v. Ford, 193 F. Supp. 2d 382, 384 (D. Mass. 2002).

WHEREFORE, Watson respectfully moves that this Court dismiss all claims in the Amended Complaints as to Watson and provide such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____
Douglas B. Farquhar *pro hac vice*
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W.
Suite 1200
Washington, D.C. 20005
(202) 737-5600 (Phone)
(202) 737-9329 (Fax)

Date: November 24, 2004