UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE LITIGATION ) <br>                                                         ) <br>                                                         ) <br>                                                         ) <br> THIS DOCUMENT RELATES TO:              ) <br>                                                         ) <br> *County of Suffolk v. Abbot Laboratories, Inc.,* ) <br> *et al.*, E.D.N.Y. No. 03-229                  ) <br>                                                         ) | MDL NO. 1456 <br><br> C.A. NO. 01-CV-12257-PBS <br> Judge Patti B. Saris |

RESPONSE OF BIOGEN, INC. TO SUFFOLK COUNTY'S SUPPLEMENTAL
FILING IN RESPONSE TO THE COURT'S OCTOBER 26, 2004 ORDER

Defendant Biogen, Inc. ("Biogen") expressly joins in and incorporates the arguments raised in the Response of the Suffolk 13 + 6 Challenging Suffolk County's Supplemental Filing ("Suffolk 13+6 Response"). In addition, Biogen respectfully raises two additional specific points.

First, Suffolk County's use of an industry multiplier to an alleged average retail price for Avonex® (the only Biogen drug at issue in this case) to generate an alleged AWP spread is wholly insufficient to support its claims against Biogen. As an initial matter, neither Biogen nor Avonex® is analyzed, discussed, or even mentioned in the article on which Suffolk County relies for its 1.27 industry multiplier, or even in the HHS report which is cited in that article. (*See* Affidavit of Aaron D. Hovnan ("Hovnan Aff."), App. J; *see also* http://aspe.hhs.gov/health/reports/drugstudy/chap03.htm). In addition, the average retail price for Avonex® to which Suffolk applied its multiplier is based only on prices charged by *two* on-line drug retailers *for the years 2003 and 2004*. (*See* Affidavit of Aaron D. Hovnan, Apps. C and D). The application of a ratio not generated from an analysis of Avonex® to an

average retail price which is not an average retail price is not sufficient to support Suffolk County's alleged AWP spread.

Second, in a dubious and transparent attempt to keep Biogen in this case despite the lack of any basis to do so, Suffolk County cites two suits filed *after* the initial complaint in the Suffolk action brought on behalf of the New York Counties of Westchester and Rockland by the same counsel that represents Suffolk County and using cookie-cutter complaints as the *only* other "evidence" that ostensibly supports the claims against Biogen here. Suffolk cannot rely on those later-filed cases to support its baldly insufficient claims against Biogen. Indeed, Suffolk County's Supplement Filing confirms that Biogen has been dragged into this action solely on a theory of guilt by association.

For the foregoing reasons, Biogen respectfully requests that the Amended Complaint be dismissed with prejudice, as to it.

        Respectfully submitted,
        BIOGEN, INC.

        By its attorneys,

        /s/ Debra Squires-Lee
        William F. Lee (BBO #291960)
        James C. Burling (BBO #065960)
        Debra Squires-Lee (BBO #633619)
        WILMER CUTLER PICKERING
        HALE AND DORR LLP
        60 State Street
        Boston, MA  02109
        (617) 526-6000

Dated:  November 30, 2004