# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| *THIS DOCUMENT RELATES TO:* | Master File No. 01-CV-12257 (PBS) |
| COUNTY OF SUFFOLK, <br> Plaintiff, <br> v. <br> ABBOTT LABORATORIES, INC., *et al.* <br> Defendants. | HON. PATTI B. SARIS |

### RESPONSE OF MEDIMMUNE, INC. TO COUNTY OF SUFFOLK'S AFFIDAVIT OF AARON D. HOVAN[1]

By Order of October 26, 2004 this Court directed plaintiff Suffolk County ("Suffolk") to disclose, as to the "Suffolk 13," including MedImmune, Inc. ("MedImmune") and six additional defendants: "all documents upon which it relied in calculating the [alleged inflated AWP] spreads, and provide, in writing, a more definite statement of its method of calculation pursuant to Federal Rule of Civil Procedure 12(e)." Order, *County of Suffolk v. Abbot Laboratories, Inc., et al.,* Civ. Action No. 1:03-cv-10643, October 26, 2004 at 4 ("Order"). The Court stated further that "[i]f there is any *good faith basis* for calculating a spread, the Court will deny the [Suffolk 13's] motion to dismiss." *Id.* (emphasis added).

The Court's Order responds to a fundamental concern in the litigation of multi-defendant cases -- that there be a basis in fact for proceeding against each defendant. That concept underlies at least two

---

[1] MedImmune has also joined, along with other defendants, in the November 30, 2004 *Response of the Suffolk 13 + 6 Challenging Suffolk County's Supplemental Filing in Response to the Court's October 26, 2004 Order* ("Suffolk 13 Response").

of the Federal Rules of Civil Procedure and common ethical rules in various jurisdictions. *See e.g.*, Rule 11 and Rule 12 (e), Fed R. Civ. P. In a context such as this one, that concept protects a defendant from being swept into a long and expensive case for no reason other than its membership in a given industry that is the subject of the lawsuit.

As applied to MedImmune, the concern is particularly well grounded because, in no fewer than four filings to date, MedImmune has been mentioned several times but not a single fact has been produced to justify including it in this case other than the bald assertion of a "spread" between an allegedly inflated published AWP and a "true AWP" for its product Synagis. Understandably, this Court's Order requires the plaintiff to provide an explanation for its method of calculating that spread and the documents it relied upon in so doing.

On November 16, 2004 Suffolk filed an affidavit of Aaron D. Hovan, with exhibits ("Hovan Affidavit"), in an attempt to explain its methodology and the relevant documents it used. Yet even after this latest opportunity to specify, plaintiff has not presented a good faith basis for going forward against MedImmune.

### I. Suffolk has not Provided Specific Information as to MedImmune

Nothing in plaintiff's response to the Court's Order provides any specific information about MedImmune that would justify keeping it in this lawsuit.

Suffolk has relied on a statement from HHS that the average wholesaler's prices are 27% lower than retail prices. It then conducted an industry sampling of the largest online retail pharmacies to determine the average retail prices for those drugs for which it incurred its greatest pharmacy costs in 2001. Following then what it believes to be the HHS' guidance, Suffolk applied a multiplier of 1.27 to each subject drug. Hovan Affidavit at ¶¶ 3-8.[2] In short, Suffolk's response effectively admits that all it has done is apply an industry <u>average</u> to determine alleged AWP inflation, regardless of the relevant facts as to a specific drug. Accordingly, Suffolk has only been "specific" as to the entire drug industry itself, and not as to any particular defendant. Under Suffolk's methodology the reason all defendants named in this case stand accused is that they are drug manufacturers and their drug represents a high portion of Suffolk's Medicaid costs, not because of any facts specific to them.

Indeed, the Canadian article upon which Suffolk relies does not mention MedImmune's product, Synagis, at all. *See* Hovan Affidavit, Ex.

---

[2] The flaws in Suffolk's calculations are addressed in the Suffolk 13 Response.

J.  Accordingly, this article provides no basis whatsoever for Suffolk's claims against MedImmune, much less a good faith basis.

## II.  Synagis is Different and the Plaintiffs Are Aware of That

Suffolk's flawed methodology would continue to entangle MedImmune in this case even though the characteristics and pricing of MedImmune's Synagis differ dramatically from the paradigm drugs named in Suffolk's complaint.  Most importantly, Synagis has no competition; it has a monopoly.  Accordingly, MedImmune has no incentive to engage in the competitive "AWP Scheme" Suffolk alleges.  *See e.g.*, Am. Compl. at ¶¶ 4-18.  Synagis is one of the largest selling drugs eligible for Medicaid reimbursement in Suffolk County because it is uniquely effective in responding to respiratory syncytial virus in premature infants and not because of an inflated AWP.  Moreover, a physician administering Synagis encounters costs of administration which Synagis' AWP is used to cover.

These facts were communicated to Suffolk's counsel by MedImmune on August 21, 2003 in a detailed document outlining how Synagis differs from other subject drugs in Suffolk's complaint. MedImmune has volunteered to make its pricing calculations, discounting structure and special administration costs available to Suffolk but, to date, plaintiffs have not acted on that offer of disclosure. Suffolk was aware of Synagis' particular and distinctive characteristics when it filed the Hovan Affidavit, but ignored them, continuing instead to

4

use generalized claims of <u>average</u> overcharge as the basis for its "allegations" against MedImmune and Synagis' allegedly "inflated" AWP.

### III.  Suffolk Includes Misleading Facts in the Hovan Affidavit

Even though the Court's Order requested only documents and information concerning AWP calculation methodology, Suffolk has submitted in its Affidavit additional allegedly relevant information.  It alleges that certain of the Suffolk 13 defendants -- conspicuously not MedImmune -- have been investigated by government agencies, settled claims, and been sued in other cases for inflated AWPs.  This uncalled for "additional information" is presented to support the existence of a good faith basis for their inflated AWP spreads.  But again MedImmune is distinct.  It has not settled any claims and has never been investigated.  Aware of this, Suffolk points out that MedImmune is currently being sued by three other New York State Counties.  Hovan Affidavit at ¶ 34.  But Suffolk neatly omits to remind the Court that these Counties are represented by the *same law firm* that represents Suffolk and have brought complaints *substantially identical* to Suffolk's.  Suffolk's reliance on these follow-up complaints as to MedImmune is therefore circular and should be rejected.

5

## IV. Conclusion

Suffolk's response to the Court's Order fails to meet the Court's named concerns. No "good faith" basis for calculating an AWP spread for MedImmune has been set forth in the Hovan Affidavit. Without such specific details, the defects of the Complaint remain un-remedied and the motion to dismiss MedImmune must be granted.

It is now reasonable to conclude that "enough is enough."

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/_____
    Steve M. Umin
    James V. Hayes (BBO # 651802)

725 12th St, N.W.
Washington, D.C. 20005
(202) 434-5000

Dated: November 30, 2004            Counsel for Defendant MedImmune, Inc.

**CERTIFICATE OF SERVICE**

        I hereby certify that on November 30, 2004, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

        /s/ Eric P. Christofferson

        Eric P. Christofferson