**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Master File No. 01-CV-12257 (PBS) |
| *THIS DOCUMENT RELATES TO:* | HON. PATTI B. SARIS |
| COUNTY OF SUFFOLK, | |
| Plaintiff, | |
| v. | |
| ABBOTT LABORATORIES, INC., *et al.* | |
| Defendants. | |

**RESPONSE OF DEFENDANT AGOURON PHARMACEUTICALS TO COUNTY OF SUFFOLK'S AFFIDAVIT OF AARON D. HOVAN**

On October 26, 2004, this Court issued an order on the defendants motions to dismiss County of Suffolk's ("Suffolk") Amended Complaint. Order, *County of Suffolk v. Abbott Laboratories, et al.*, Civ. A. No. 1:03-CV-10643, October 26, 2004 ("Order"). The Court instructed Suffolk to provide documents and written information on its calculation of a price spread with regard to the "Suffolk 13" to enable the Court to determine whether those defendants should be dismissed as well. Order at 4. Instead, Suffolk improperly and without seeking prior leave of the Court submitted an affidavit by its attorney, Aaron D. Hovan ("Affidavit") that went well beyond the scope of this Court's Order.

Agouron Pharmaceuticals, in addition to joining in the consolidated response filed on this date, files this response. Suffolk failed to allege sufficient facts to support the claims in its Amended Complaint against Agouron. It now seeks to use the Court's narrow Order to

supplement its spread calculation to include other allegations that only highlight the lack of any basis for a claim against Agouron.

In its Affidavit, Suffolk states: "Suffolk defendant Agouron has been sued in the Rockland and Westchester matters." Affidavit, ¶ 16. Besides attempting to improperly allege additional facts outside the scope of the Court's Order, this allegation adds nothing that would support a claim against Agouron. The Rockland and Westchester complaints to which Mr. Hovan refers are county complaints were instituted by Mr. Hovan's law firm. Simply stating that "we have sued them on two other occasions" does not create a factual predicate sufficient to justify Agouron's presence as a defendant in this litigation.

Because Suffolk has failed to identify a logical or reasonable calculation of a "spread" as explained in defendants' consolidated response, and because "there are no factual allegations regarding . . . internal documents or government investigations from which an inference of fraud can reasonably be made" (Order at 3), the Court should dismiss Agouron from this litigation.

DATED: November 30, 2004                    Respectfully submitted,

/s/ Mark D. Smith
LAREDO & SMITH LLP

Mark D. Smith (BBO# 542676)
15 Broad Street, Suite 600
Boston, MA  02109
617.367.7984 (t)
617.367.6475 (f)

MORGAN, LEWIS & BOCKIUS LLP

John C. Dodds
*Admitted pro hac vice*
1701 Market Street
Philadelphia, PA  19103
215.963.5000 (t)
215.963.5001 (f)

Scott A. Stempel
*Admitted pro hac vice*
1111 Pennsylvania Avenue, NW
Washington, D.C.  20004
202.739.3000 (t)
202.739.3001 (f)

*Attorneys for Defendant Agouron Pharmaceuticals*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of November, 2004, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

                                      [signature on file with court]
                                            Mark D. Smith