# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Master File No. 01-CV-12257 (PBS)<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br><br>Civil Action No. 1:03-cv-10643 | |

## RESPONSE OF PURDUE PHARMA L.P. TO COUNTY OF SUFFOLK'S SUPPLEMENTAL FILING IN RESPONSE TO THE COURT'S OCTOBER 26, 2004 ORDER

sf-1820505

On October 26, 2004, this Court dismissed *all claims* against Purdue Pharma L.P. ("Purdue") in the *County of Suffolk* case. Order, *County of Suffolk v. Abbott Laboratories, Inc., et al.*, Civ. Action No. 1:03-cv-10643, October 26, 2004 at 3, 7 ("Order"). *No leave to amend was given.* In that same order, the Court instructed plaintiff County of Suffolk ("Suffolk") to provide documents and written information with regard to the "Suffolk 13" to enable the Court to determine whether those defendants should be dismissed as well. Although Purdue was a member of the Suffolk 13, the Court's instruction to plaintiff regarding the Suffolk 13 was moot as to Purdue because Purdue was already dismissed *independently* from the Suffolk 13.

In response to the Court's Order, however, Suffolk submitted an affidavit of counsel and exhibits which purport to document a basis for keeping Purdue, among others, in the case. Plaintiff's blatant disregard of this Court's Order should not be allowed, and the submission as to Purdue should be stricken. It constitutes the *fourth* time Suffolk has attempted to state a claim against Purdue, and as with each previous attempt, this one fails as well. The paltry information plaintiff offers provides no basis to reverse the Court's dismissal of Purdue.

## I.   THIS COURT ALREADY DISMISSED PURDUE.

The Court's Order was clear: all of Suffolk's claims against Purdue were dismissed, separate and apart from the Court's discussion of the "Suffolk 13." Order at 3 (dismissing all AWP claims against Purdue "because there are no factual allegations . . . from which an inference of fraud can reasonably be made."); *see also* Order at 7 (granting motion to dismiss "all claims against . . . Purdue Pharma, L.P."). By contrast to the Court's ruling with respect to other defendants (*e.g.*, Sanofi and Pharmacia, Order at 6), no leave to amend was given with respect to Purdue. Likewise,

1

unlike the directive with respect to the Suffolk 13 (Order at 4), plaintiff was not given the opportunity to submit additional information with regard to Purdue.  Suffolk's submission should not even be considered with respect to Purdue.

II.    **SUFFOLK'S FOURTH ATTEMPT TO JUSTIFY SUIT AGAINST PURDUE AGAIN PROVIDES NO FRAUDULENT AWP FOR PURDUE'S DRUG, AND NO BASIS FOR THIS COURT TO REVERSE ITS DISMISSAL OF PURDUE.**

Even if plaintiff was entitled to submit information to justify suit against Purdue, it has failed to do so for the *fourth* time.  Both the original complaint and Suffolk's amended complaint failed even to allege a fraudulent AWP for Purdue, despite plaintiff's awareness of this Court's specific directive on this issue before the Suffolk complaint was amended.  *See* Tr. of Jan. 13, 2003 Oral Arg. at 74 ("You've got to meet 9(b) requirements.  You've got to particularize exactly what drugs, exactly what the fraud is, what plaintiffs paid for what drugs.")  Moreover, when Purdue noted in its motion to dismiss that Suffolk failed to allege any facts, let alone a fraudulent AWP for Purdue's sole drug, Suffolk offered nothing in response.  This Court then dismissed Purdue from the case.

The submission Suffolk makes now, its *fourth* bite at the Purdue apple, fails again to offer any basis for suit against Purdue.  Indeed, *none* of the submitted Exhibits which list the estimated AWP overcharges and the top Suffolk drugs (Exhs. B-F) even lists Purdue or any Purdue drug.  The only mention of Purdue in Suffolk's submission is a single paragraph in its counsel's affidavit (repeated in plaintiff's Exhibit A) asserting that Purdue has been sued by the City of New York and is "among the pharmaceutical companies now under investigation by the House Committee of Energy and Commerce." (Affidavit of Aaron D. Hovan, ¶ 37; *see also* Exh. A at A-4.)  The former fact is

2

meaningless since the same counsel that filed the now-dismissed Suffolk claims against Purdue filed the City of New York case. In neither case does counsel have any basis to sue Purdue.

The latter point is equally hollow, as Purdue, along with numerous other drug companies, responded to a June 2003 letter from the Committee on Energy and Commerce over a year ago. Plaintiff is grasping at straws with regard to Purdue, and enough is enough. Suffolk's end run on the Court's Order with regard to Purdue should be stricken.

Dated: November 29, 2004

LORI A. SCHECHTER
MEGAN M. AUCHINCLOSS
MORRISON & FOERSTER LLP

By: _____
Lori A. Schechter

425 Market Street
San Francisco, CA 94105
(415) 268-7000

Attorneys for Defendant
Purdue Pharma L.P.

3

sf-1820505

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2004 I caused a true and correct copy of the Response of Purdue Pharma L.P. to County of Suffolk's Supplemental Filing in Response to the Court's October 26, 2004 Order to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 by sending a copy to Verilaw for posting and notification.

Lori A. Schechter