UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*County of Suffolk v. Abbott Labs., et al.*,<br>(E.D.N.Y. No. CV-03-229) | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |

### SCHERING-PLOUGH'S OPPOSITION TO COUNTY OF SUFFOLK'S MOTION TO COMPEL PRODUCTION OF ELECTRONIC DISCOVERY

Schering-Plough Corporation ("Schering") respectfully submits this Memorandum in Opposition to County of Suffolk's Motion to Compel the Production of Electronic Discovery from Schering-Plough Defendants. Case Management Order No. 10 ("CMO 10"), Part II(3) does not apply to the documents sought by Suffolk because these documents were not kept in electronic format in the ordinary course of business, were not made available to the plaintiffs in the Lead Case in electronic format, and were created at great expense by Schering solely for the purpose of preparing for trial.

CMO 10 provides that "[a]ny documents available in electronic format shall be so provided in that format, i.e., in an identical, usable electronic format." Schering does not dispute that CMO 10, Part II(3) requires the electronic production of documents normally kept in electronic format, such as e-mail, but asserts that it does not apply to documents scanned into an electronic format solely for purposes of this litigation. Suffolk's motion contends that CMO 10 is sufficiently broad so as to require Schering to produce electronically documents not originally created or ordinarily stored electronically and not produced to the plaintiffs in the Lead Case in

electronic format because Schering made the decision to create an electronic database of relevant documents for its own use in this litigation. Paper documents scanned for purposes of litigation cannot, however, be considered "documents available in electronic format."

In response to the MDL plaintiffs' Omnibus Requests for Production served March 31, 2004, Schering offered to produce responsive paper documents to the plaintiffs in electronic format if the plaintiffs were willing to share in the costs of scanning those materials. The plaintiffs chose not to share in the costs of creating electronic copies of paper documents and to date have reviewed all responsive paper documents in paper format. Case Management Order No. 9 provides that "[u]pon request, defendants who have produced documents to plaintiffs in the Lead Case pursuant to CMO 5 and/or CMO 7 shall make those documents available to any government entity in any action included within MDL 1456 . . . ." Schering's production of the same paper documents to Suffolk, in the same format as produced to the plaintiffs in the Lead Case, complies with the Court's orders in this litigation and is consistent with the goal of coordinating discovery in the various related cases.

Schering determined that it would undertake the scanning of responsive documents, despite the refusal by the plaintiffs in the Lead Case to share in those costs, in order to be able to more effectively prepare for trial. Schering has now created an electronic database of documents produced in discovery, for its own use, at considerable expense. Indeed, it is estimated that Schering has expended over $289,000.00 in scanning costs alone to create this database. A requirement that Schering now produce those documents in electronic format in the related actions brought by state and county governmental entities pursuant to CMO 10 would constitute a windfall to Suffolk (and plaintiffs in the other related cases) by providing them access to Schering's trial preparation materials.

Additionally, Suffolk's broad interpretation of CMO 10 would greatly prejudice Schering because it would require Schering to produce scanned documents electronically without affording it the opportunity to re-coup the costs of creating those electronic documents. Acceptance of Suffolk's interpretation of "documents available in electronic format" equates to a determination that, once a party decides to scan documents to aid it in trial preparation, it is required to share those images with the other side and has no right or ability to seek reasonable compensation for its expenditures. This cannot be the intent or purpose of CMO 10, Part II(3).

For the foregoing reasons, the Court should deny Suffolk's Motion to Compel Production of Electronic Discovery.

Respectfully submitted,

SCHERING-PLOUGH CORPORATION

By its attorneys,

/s/ John T. Montgomery
John T. Montgomery (BBO#352220)
jmontgomery@ropesgray.com
Brien T. O'Connor (BBO#546767)
boconnor@ropesgray.com
Steven A. Kaufman (BBO#262230)
skaufman@ropesgray.com
Darcy W. Shearer (BBO#656503)
dshearer@ropesgray.com
Eric P. Christofferson (BBO#654087)
echristofferson@ropesgray.com
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated: December 8, 2004

- 4 -

## CERTIFICATE OF SERVICE

      I hereby certify that on December 8, 2004, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                  /s/ Darcy W. Shearer

                                  Darcy W. Shearer