UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.,*<br>E.D.N.Y. Case No. CV-03-229 | MDL. NO. 1456<br><br>Civil Action No. 01-CV-12257- PBS<br><br>Judge Patti Saris |

**MOTION FOR LEAVE TO FILE REPLY IN FURTHER RESPONSE TO
OCTOBER 26, 2004 ORDER**

Plaintiff, the County of Suffolk ("Suffolk"), seeks leave to file this reply in further response to the Court's October 26, 2004 order directing Suffolk to provide a more definite statement regarding its good faith basis for calculating an estimated overcharge or spread.

A reply is appropriate to address misstatements of law and fact contained in the collective and individual submissions of the Suffolk 13 + 6. Specifically, the submissions improperly seek to impose a pleading burden on Suffolk beyond what the Court or Federal Rules require. Defendants have responded as if Suffolk were presenting a damages estimate after full-blown discovery, rather than presenting its pre-litigation good faith estimate of overcharge. Moreover, and notably, defendants do not dispute the fundamental point that to the extent defendants report AWPs that exceed retail prices (or cause such AWPs to be reported), defendants are reporting false information and Suffolk has a good faith basis to assert its causes.

Tellingly, Suffolk's research reveals that retail prices for defendants' drugs are lower than reported AWPs regardless what year's data is considered. *See* Affidavit of Aaron D. Hovan, sworn to November 16, 2004, ("Hovan Aff.") at ¶ 8. In a market comprised of profit-seeking

participants, retail prices should be higher than, not lower than, wholesale prices.  That is not the case here.  This fact, in itself and even apart from Suffolk's methodology for estimating spread, provides sufficient good faith basis for Suffolk to plead that the Suffolk 13 + 6 report false and inflated wholesale price information that results in an overcharge to Medicaid.

As for the methodology itself, the 1.27 ratio is derived from a report citing HHS data, and its reasonableness was confirmed by Suffolk's counsel in conversations with industry experts[1].  The ratio is a conservative estimate of the relationship between a "true" average wholesale price and retail prices, particularly in the arena of multi-source/generic and physician administered drugs.

Suffolk's method for collecting retail price data was entirely appropriate given that retail price data is not readily available other than through website sources such as those Suffolk utilized or an actual door-to-door canvas of retail establishments[2].

Date:   December 8, 2004
New York, New York

KIRBY McINERNEY & SQUIRE, LLP

By: /s/ Joanne M. Cicala
        Joanne M. Cicala
        Aaron D. Hovan
830 Third Avenue
New York, New York 10022
(212) 371-6600

COUNSEL FOR THE COUNTY OF SUFFOLK

---

1       *See* Hovan Aff. at ¶ 3 describing Suffolk Counsel's pre-filing confirmation of reasonableness of 1.27 ratio.
2       Suffolk's attempts to purchase retail price data for litigation purposes from Verispan and First DataBank were unsuccessful.  Suffolk can document these attempts if the Court so requires.

**<u>Certificate of Service</u>**

I certify that on December 8, 2004 a true and correct copy of the foregoing Motion for Leave to File Reply was served on all Counsel of Record by electronic service pursuant to Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.


<u>/s/ Aaron D. Hovan</u>
Aaron D. Hovan