UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO ) <br> ) <br> ) <br> STATE OF NEVADA V. AMERICAN ) <br> HOME PRODUCTS, ET. AL. ) <br> C.A. NO. 02-CV-12086-PBS ) <br> ) <br> STATE OF MONTANA V. ABBOTT ) <br> LABORATORIES, ET. AL. ) <br> CIVIL ACTION NO. 02-CV-12084-PBS ) <br> ) | MDL No. 1456 <br><br> CIVIL ACTION:  01-CV-12257-PBS <br><br> Judge Patti B. Saris |

**PLAINTIFFS' STATE OF MONTANA AND STATE OF NEVADA'S
OPPOSITION TO DEFENDANT WATSON PHARMACEUTICALS, INC'S
MOTION TO DISMISS THE STATE OF MONTANA'S SECOND AMENDED
COMPLAINT AND THE STATE OF NEVADA'S AMENDED COMPLAINT**

Plaintiffs in the above-captioned matters, the State of Montana and the State of Nevada (collectively, the "Plaintiffs"), hereby oppose the Motion to Dismiss filed by Defendant Watson Pharmaceuticals, Inc ("Watson").  The sole basis for Watson's motion is a claim of insufficiently of service of process.  Watson's motion comes some 469 days after it admits having received a copy of the Plaintiffs' amended complaints, after it has participated in joint motions with other Defendants in the MDL concerning matters relevant to the Plaintiffs' amended complaints, after it has extensively participated in coordinated discovery proceedings, including two 30(b)(6) depositions of Watson and well after the September 15, 2003 deadline imposed by the Court for such a motion to be

brought. Accordingly, Watson's motion should be denied as untimely or, in the alternative, the Court should find that Watson's right to so move was waived as a result of its own conduct.

## I.  Background

Watson was named a defendant in Montana's Second Amended Complaint and Nevada's Amended Complaint, both filed on August 1, 2003 (the "Amended Complaints"). Watson had already been named a defendant both in the Master Consolidated Complaint filed in September 2002 as well as the Amended Master Consolidated Complaint filed in June 2003.[1] On or about August 13, 2003, having exchanged voicemails with Watson's counsel previously, Plaintiffs counsel discussed whether Watson's counsel, Douglas Farquhar, would accept service of the Amended Complaints on behalf of Watson. Plaintiffs' recollection of that conversation differs substantially from that of attorney Farquhar. During the telephone conversation attorney Farquhar expressed a willingness to accept service on behalf of Watson, but also requested that Plaintiffs provide him with a waiver of service form pursuant to Fed.R.Civ.P 4(d)(2). Declaration of Edward Notargiacomo at ¶ 4. ("*Notargiacomo Decl.*"). Plaintiffs' counsel prepared a waiver of service form. Plaintiffs have been unable to locate an original copy of the waiver of service form or any copy executed by Watson's counsel but does have a copy of the form as originally prepared. This was the last time Watson's counsel mentioned issues related to service of process of Plaintiffs' complaints until seeking Plaintiffs' position under Local Rule 7.1, prior to the filing of its motion to Dismiss on November 24, 2004.

---

[1] Watson raises no issue concerning the sufficiency of process concerning the MCC or the AMCC.

In the intervening 14 months, Watson has participated extensively in the consolidated MDL proceedings, including:

- Apparent participation in Defendants' Motion for a Protective Order to Maintain the Confidentiality of Portions of the AMCC and Montana and Nevada II Complaints, which was filed "on behalf of all affected Defendants," on September 9, 2003 which dealt with, *inter alia*, the confidentiality of portions of the Amended Complaints related to Watson.  See <u>Exhibit A</u>.

- Apparent participation in Defendants' Supplemental Brief in Support of Supplemental Jurisdiction filed on January 5, 2004.  See <u>Exhibit B</u>.

- Motion to Withdraw Counsel filed in relation to all actions in MDL 1456.  See <u>Exhibit C</u>.

- Production of documents to Plaintiffs' counsel after the Court had clearly indicated that all production was to be coordinated with the state cases.  See various letters from Watson producing documents in MDL 1456 attached as <u>Exhibit D</u>.

- Production of two separate 30(b)(6) deposition witnesses on behalf of Watson. See letter and partial transcripts attached as <u>Exhibit E</u>.

## II. Argument

A. <u>Watson's Motion Should be Denied as Untimely</u>

In the Court's Scheduling Order of August 13, 2003, attached as <u>Exhibit F</u> hereto, the Court set a concrete deadline for Defendants to "file responsive pleadings <u>or otherwise move against the amended complaints by September 15, 2003</u>." (emphasis

added). Watson cannot claim ignorance of the Court's Scheduling Order, or of any proceedings in the above-referenced matters, because its counsel participate in the Verilaw electronic service system employed by the parties to MDL 1456 to effectuate service of all pleadings and correspondence pursuant to CMO 2 and has used this system itself on numerous occasions. See Notice of Appearance of Counsel for Watson served on June 18, 2003 via Verilaw, attached as Exhibit G. Watson's Motion to Dismiss comes some 428 days after the Court's imposed deadline for such motions.

The First Circuit has squarely held that an objection to service of process must be made in a timely fashion or be waived.[2] In *Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 996-97 (1st Cir. 1983), the Court addressed the purpose of Rule 12 in the context of post-judgment challenge to personal jurisdiction where the defendant had actual knowledge of the action but had not filed a responsive pleading. The Court stated: "The objective of Rule 12 is to eliminate unnecessary delay at the pleadings stage by requiring the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense (citations omitted) . . . . [T]o hold that the privilege of lack of personal jurisdiction may be retained by an appearing defendant for as long as he does not file a pre-answer motion or responsive pleading would be 'subversive of orderly procedure and made for harmful delay and confusion,'" (citing *Commercial Casualty Co. v. Consolidated Stone Co. v. Consolidated Stone Co*., 278 U.S. 177, 180, 49 S. Ct. 98 (1929) (emphasis added)).

---

[2] While Watson's Motion is styled as one seeking dismissal pursuant to Fed.R.Civ.P 4(m), the language of Rule 4(m) stating that a court "shall dismiss" an action if service if not effected within 120 days, does not affect the applicability of the waiver-of defense provisions of Rule 12. 4B *Wright & Miller, Federal Practice and Procedure*, §1137 at 376.

Watson, with full knowledge of the Amended Complaints, with full knowledge of everything that is transpiring in MDL 1456, cannot simply wait an unreasonable amount of time to assert its motion. Watson had every opportunity, having had actual knowledge and a copy of the Amended Complaints, to complain about insufficiency of service of process[3] but chose to wait 14 months in order to file its Motion in direct contravention of this Court's August 13, 2003 Scheduling Order.  Such delay is "subversive of orderly procedure" in this case and should not be tolerated.  For this reason Watson's Motion should be denied as untimely.

B.  <u>Watson's Right to Move to Dismiss Has Been Waived by Its Own Conduct</u>

As outlined above, Watson has participated extensively in these proceedings, including participation in motions as well as extensive participation in discovery in this case which was ordered coordinated by this Court in CMO 10, as well as two 30(b)(6) depositions.  In none of these dealings with Plaintiffs' counsel or in papers filed with this Court, or in the 30(b)(6) depositions of Watson's personnel, did Watson assert its belief that it was not subject to the allegations in the Amended Complaints as a result of insufficient service.

The First Circuit has clearly recognized that "A party may waive a defense of insufficiency of process by failing to assert it seasonably in a motion or their first responsive pleading." *Trustee of Central Laborers' Welfare Fund v. Lowery*, 924 F.2d

---

[3] Contrast the conduct of Watson with that of Defendants Fujisawa Healthcare, Inc. and Fujisawa USA, Inc. who, on September 15, 2003, the date set for responsive pleadings by the Court, filed an Objection to Plaintiffs' Joint Motion to Compel Discovery and Notice of Failure to Serve, alerting the parties and the Court of its position that it was not subject to the Amended Complaints due to service issues.  Those issues were immediately cured and Fujisawa later joined in Defendants' Motions to Dismiss the Amended Complaints.

731 (1st Cir., 1991) (citing *Giotis v. Apallo of the Ozarks, Inc.* 800 F.2d. 660, 663 (7th Cir. 1986)).  Furthermore, such a defense ". . . like the other privileged defenses referred to in Rule 12(h)(1), may be waived by 'formal submission in a cause, or by submission through conduct."  *Id*. (citing *Marcial Ucin* supra. at 996-997); *see also Broadcast Music, Inc. v. M.T.S. Enterprises, In.l*, 811 F.2d 278, 281 (5th Cir. 1987) (conduct of counsel may rise to level of voluntary appearance resulting in waiver of defense of insufficiency of service).

In the instance where the party claiming insufficiency of process has actual knowledge of the complaint, "there is no due process problem in requiring that the party object to the ineffective service within the period prescribed by Rule 12(h)(1) . . ." 5C *Wright & Miller, Federal Practice and Procedure*, §1291 at 521.  Where, as here, "the defendant is merely arguing that there is no jurisdiction because service of process or the contents of papers was defective or improper and thus did not effectuate jurisdiction over his person, then the objection is not of a constitutional dimension and Rule 12(h)(1) waiver principles clearly should apply."  *Id*. at 522.

Here, as in the *Marcial Ucin* case, the Court should find that the conduct of Watson in participating in these proceedings for 14 months without bringing its motion constitutes a waiver of the privileged defense through conduct.  Of the defendants in that case the Court observed:  "After filing an appearance and attending the taking of various depositions, and then four years later presenting the lack of in *personam* jurisdiction, [defendant] is trying to obtain the very delay which Rule 12 was designed to prevent."  Watson, through its apparently calculated decision not to file a 12(b)(5) motion at the time set for such motions by the Court, by proceeding to participate in various motions

concerning the claims in the Amended Complaints, by participating in coordinated discovery and by producing witnesses at coordinated depositions, has waived the privileged 12(b)(5) defense by its own conduct and should not be allowed to obtain a result designed to be prevented by the Federal Rules. Watson's Motion should therefore be denied.

Respectfully submitted,

By   /s/ Steve W. Berman                DATED:   December 8, 2004.
    Steve W. Berman
    Sean R. Matt
HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol
Edward Notargiacomo
HAGENS BERMAN LLP
One Main Street, 4th Floor
Cambridge, MA  02141
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

COUNSEL FOR PLAINTIFFS
STATE OF MONTANA AND
STATE OF NEVADA


Brian Sandoval
Attorney General of the State of Nevada
L. Timothy Terry
Assistant Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4714

ADDITIONAL COUNSEL FOR PLAINTIFF
STATE OF NEVADA

Mike McGrath
Attorney General of Montana
Kathy Seeley
Assistant Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT  56920-1402
(406) 444-2026

Joseph P. Mazurek
CROWLEY, HAUGHEY, HANSON,
 TOOLE & DIETRICH PLLP
100 North Park Avenue, Suite 300
P.O. Box 797
Helena, MT  59601-6263
(406) 449-4165

ADDITIONAL COUNSEL FOR PLAINTIFF
STATE OF MONTANA