# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS |
| ) THIS DOCUMENT RELATES TO ) ) ) | Judge Patti B. Saris |
| STATE OF NEVADA V. AMERICAN HOME PRODUCTS, ET. AL. C.A. NO. 02-CV-12086-PBS ) ) ) ) | |
| STATE OF MONTANA V. ABBOTT LABORATORIES, ET. AL. CIVIL ACTION NO. 02-CV-12084-PBS ) ) ) ) | |

**DECLARATION OF EDWARD NOTARGIACOMO IN SUPPORT OF PLAINTIFFS' STATE OF MONTANA AND STATE OF NEVADA'S OPPOSITION TO DEFENDANT WATSON PHARMACEUTICALS, INC'S MOTION TO DISMISS**

1.  I am an attorney in the firm of Hagens Berman, LLP, counsel for Plaintiffs in the above-referenced matter, and a member in good standing of the Bar of the Commonwealth of Massachusetts. I submit this Declaration in support of Plaintiffs' State of Montana and State of Nevada's Opposition to Defendant Watson Pharmaceuticals, Inc.'s Motion to Dismiss the State of Montana's Second Amended Complaint and the State of Nevada's Amended Complaint (collectively, the "Amended Complaints").

2. On August 1, 2003, the States of Montana and Nevada filed the Amended Complaints. The Amended Complaints added Watson Pharmaceuticals, Inc. ("Watson") as a defendant. Watson had been named as a defendant previously both in the Master Consolidated Complaint filed in September 2002 as well as the Amended Master Consolidated Complaint filed in June 2003.

3. Shortly after the Amended Complaints were filed and copies of the Amended Complaints were provided to all counsel in MDL 1456, I exchanged voicemail with Douglas B. Farquhar from the firm of Hyman, Phelps, & McNamara, P.C. who had previously entered an appearance as counsel for Watson in MDL 1456. We spoke in person on or about August 13, 2003.

4. During our conversation I asked attorney Farquhar whether he would accept service of the Amended Complaints on behalf of his clients in order to avoid the cost and expense of serving the Amended Complaints on Watson. Attorney Farquhar agreed to accept service for Watson, but also requested that we send him a waiver of service form.

5. I instructed my paralegal at the time to prepare and send such a form to attorney Farquhar.

6. Plaintiffs have been unable to locate an original copy of the waiver of service form or any copy executed by Watson's counsel but do have a copy of the form as originally prepared. This was the last time Watson's counsel mentioned issues related to service of process of Plaintiffs' complaints until seeking Plaintiffs' position under Local Rule 7.1, prior to the filing of its motion to Dismiss on November 24, 2004.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed in Boston, Massachusetts this 8th day of December 2004.

_____
Edward Notargiacomo
