# EXHIBIT A

## Patterson, Belknap, Webb & Tyler LLP

1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000
Fax (212) 336-2222

Adeel A. Mangi

Direct Phone
(212) 336-2563

Direct Fax
(212) 336-7947

Email Address
aamangi@pbwt.com

December 12, 2004

**By Fax**

Lance Selfridge, Esq.
Lewis, Brisbois, Bisgaard & Smith LLP
221 North Figueroa Street
Suite 1200
Los Angeles, CA  90012

   Re: **In re AWP Litigation**

Dear Lance:

  We are in receipt of your letter of December 1, 2004, which was received by mail but not by fax.  We are disappointed by this transparent attempt to manufacture a record to comport to your brief and by the tone of your letter.  Nonetheless, to ensure the record is clear, we respond as follows.

  With respect to claims data, you repeated that you agree the scrambler algorithm proposed by defendants will mask patient identifying information.  You previously communicated the same point in your letter of October 29, 2004.  We note the contradiction between your position in these letters and your positions regarding patient privacy concerns in Health Net's Opposition to Defendants Motion to Compel.

  With respect to your statement that "it is not clear that any pages are in fact missing," we refer you to our letter of October 15, 2004 which listed the missing pages by page number and which you have simply ignored to date.

  Finally, we disagree with your characterizations of defendants' approach and Health Net efforts to compromise.  The record speaks for itself when the amount of time defendants have invested in addressing Health Net's concerns is compared to Health Net's limited and heavily redacted production to date.  As to the unrelated subpoena you reference served by defendants on Pharmaceutical Care Networks ("PCN"), that is irrelevant to the issues currently under litigation.  As you know, PCN is Pharmacy Benefits Manager, which was served with a different subpoena because of its relationship with a named plaintiff, the Teamsters Health & Welfare Fund of Philadelphia and Vicinity.  Discovery in that instance was appropriately

Lance Selfridge, Esq.
December 12, 2004
Page 2

limited since that entity was not part of a broad industry sample as is Health Net here. Moreover, the documents produced by PCN pursuant to the subpoena regarding its relationship with the Teamsters were not redacted in relevant part. Accordingly, negotiations regarding that subpoena, which focused on a specific issue and resulted in the production of unredacted contracts, are irrelevant to this discussion.

      As always, defendants remain willing to work with Health Net to facilitate production. We understand from your approach to date that this will only be possible after the Court rules on the motion to compel and if it orders Health Net to produce documents on a firm schedule.

      Sincerely,

      Adeel A. Mangi

cc:    Robert Slaughter
       Gordon Calhoun, Esq.

1129737v1

# EXHIBIT B

## Patterson, Belknap, Webb & Tyler LLP

1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000
Fax (212) 336-2222

Adeel Mangi

Direct Phone
(212) 336-2563

Email Address
aamangi@pbwt.com

October 1, 2004

**By Fax**

Robert Slaughter, Esq.
Lewis, Brisbois, Bisgaard & Smith LLP
221 North Figueroa Street
Suite 1200
Los Angeles, CA 90012

Re:   **In re Average Wholesale Price Litigation**

Dear Robert:

At your request, this letter once again articulates defendants' position as regards redactions by Health Net of documents produced pursuant to subpoena. This letter also addresses Health Net's failure to respond to repeated communications regarding claims data or to supplement Mr. Selfridge's letter of July 16, 2004.

**Redaction of Documents**

Health Net has redacted the financial terms of all contracts produced. This includes all information regarding reimbursement formulae employed by Health Net. Health Net has also redacted the names of contracting parties. As we have discussed and expressed by letter on numerous occasions, this is unacceptable. The Court has already ruled on a protective order motion and ordered this discovery to proceed. Moreover, the Court already stated in Case Management Order 10 that no redactions from the parties would be allowed other than for privilege – logic that applies fully to third parties equally safeguarded by the protective orders in place.

As we have also discussed, the information that Health Net has redacted goes to the core of this litigation. Plaintiffs contend that payors such as Health Net were duped by inflated AWP's that did not reflect drug acquisition costs for pharmacies and providers. Payors use of reimbursement formulae that discount off AWP, or to not use AWP, contradicts these claims, demonstrating knowledge of acquisitions costs, the nature of reimbursement benchmarks, and intent to provide margins to pharmacies and providers. The extent of those discounts off of AWP also is indicative of their understanding of AWP. Moreover, changes in those terms over time will reflect evolutions, if any, in industry knowledge. The precise reimbursement formulae

Robert Slaughter
October 1, 2004
Page 2

employed by Health Net are also directly relevant to class certification, establishing the variability of reimbursement rates and methodologies employed by health plans for drugs.

The names of contracting parties are also directly relevant. Upon production of claims data by Health Net, these contracts will enable comparison of contracted rates against amounts paid. Only by a claim review can we determine which variable formed the basis of reimbursement under the contract. This information, drawn from across the industry, also establishes the competitive dynamic that underlies the setting of reimbursement rates; demonstrates changes over time; and allows comparative analysis of the rates secured by those same entities when contracting with other plans, further establishing market dynamics.

### Failure to Produce Claims Data

As to claims data, we wrote to you on July 28, 2004 responding to all outstanding concerns, seeking clarification on the scope of the data offered, and committing to proceed upon receiving your response. We repeated these points in another letter on September 2, 2004 again seeking timely responses and the production of that claims data. To date, you have ignored all these requests for clarification of the scope of available data and its production. Copies of our letters of July 28, 2004 and September 2, 2004 are enclosed for your reference.

### Failure to Supplement Statement of Positions

In seeking to facilitate Health Net's response to this subpoena, defendants offered Health Net the option of providing an informal response to specified issues at the core of this litigation, and stated that the knowledge categories in the subpoena might be narrowed depending upon the responses received.

After numerous delays, Health Net committed to providing a complete response on July 16, 2004. On that date, Mr. Selfridge made a response by letter, but it was incomplete and merely promised future supplementation on numerous categories of information. We then wrote to you seeking that promised supplementation by letter on July 28, 2004 and again on September 2, 2004. In the second letter, we also pointed out that in the absence of supplementation we would be unable to narrow the knowledge categories in the subpoena and would require searches for responsive documents. We also enclosed electronic search parameters to facilitate that effort. To date, we have received no supplementation and no further production of knowledge related documents.

\*   \*   \*

1109447v1

Robert Slaughter
October 1, 2004
Page 3

      Please let us know by October 6, 2004 if Health Net will produce unredacted copies of the documents sought by this subpoena. If we do not hear from you by that date, we will assume that the position Health Net has articulated to date – that it refuses to produce unredacted documents despite the protective orders in place – is final and ripe for adjudication. By that date, please also supplement Health Net's statement of positions, or produce all documents responsive to the knowledge categories of the subpoena. Finally, by October 6, 2004 please provide a final response to defendants' letter of July 28, 2004 regarding claims data and a firm schedule for production of the same.

                Sincerely yours,

                *Adeel Mangi /cd*

                Adeel A. Mangi

cc:    Gordon Calhoun, Esq.
        Lance Selfridge, Esq.

1109447v1