UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES ) <br> TO ) <br> ) <br> STATE OF NEVADA V. AMERICAN ) <br>   HOME PRODUCTS, ET AL. ) <br>   CIVIL ACTION NO. 02-CV-12086-PBS ) <br> ) <br> STATE OF MONTANA V. ABBOTT ) <br>   LABORATORIES, ET AL. ) <br>   CIVIL ACTION NO. 02-CV-12084-PBS ) <br> ) | MDL NO. 1456 <br><br> CIVIL ACTION NO. 01-CV-12257-PBS <br><br> Judge Patti B. Saris |

**SUPPLEMENTAL DECLARATION OF DOUGLAS B. FARQUHAR IN SUPPORT OF WATSON PHARMACEUTICALS INC.'S MOTION TO DISMISS**

1. I have reviewed the Declaration submitted by Edward Notargiacomo in Opposition to the Motion of Watson Pharmaceuticals, Inc. ("Watson") to Dismiss the State of Montana's Second Amended Complaint and the State of Nevada's Amended Complaint.

2. Mr. Notargiacomo's description of our telephone conversation in mid-August, 2003, is in error to the extent he claims that I unconditionally agreed to accept service of process. I certainly did <u>not</u> agree to accept service of process unless I received and signed the written request for waiver of service mandated under Federal Rule of Civil Procedure 4(d), which Mr. Notargiacomo admits that I requested. I may well have told him that I did not anticipate any problems with accepting service if the form was provided, but my practice is not to accept service without clearance from my client, and I believe I told that to Mr. Notargiacomo. In any

event, I never received the written request for waiver of service, and Mr. Notargiacomo does not assert that the form was sent.

3. Although Watson has participated in discovery and limited motions practice, Watson has limited its participation in these matters to cases other than the actions filed by the States of Nevada and Montana. Indeed, Watson was explicitly excluded from the parties on whose behalf the Motion to Dismiss was filed on September 15, 2003, and from the parties on whose behalf the Reply Memorandum was filed on November 7, 2003.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Washington, D.C., this 16th day of December, 2004.

_____
Douglas B. Farquhar

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2004, I caused copies of the foregoing Reply Memorandum of Law, Supplemental Declaration of Douglas B. Farquhar, and Motion for Leave to File to be served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

_____
Douglas B. Farquhar