- 1 -

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS ) ) ) ) ) | Judge Patti B. Saris |

**<u>PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION</u>**

- 1 -

- 2 -

1.       Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Plaintiffs hereby amend the previous motion for an order certifying the Class.  As a result of the tutorial, and after considering the submissions of the parties, plaintiffs believe the Class definitions would benefit from a re-grouping of the existing classes.  The submissions of all experts indicate that the issues in the case can perhaps be more easily analyzed by separating pharmaceuticals into two groups: physician-administered (Part B and non-Part B drugs) and self-administered drugs.

The proposed modification now groups the Part B *and* physician-administered drugs into one class.  This makes sense in terms of the required proof, given that the AWP scheme alleged as to this proposed Class is predicated on the use of inflated AWPs as an incentive to physicians to induce them to administer a particular drug in order to increase defendants' market share.  The remaining classes would comprise self-administered and special pharmacy drugs where the incentives of the scheme and related proof are directed toward incentivizing the PBMs and pharmacies to move market share.

Plaintiffs believe these changes will aid the management and administration of the classes for the case.  The proposed regroupings do not expand or constrict the size of the existing proposed classes.  In addition, the re-groupings more closely match the claims process as well, *i.e.*, identifying which transactions from the claims databases qualify for reimbursement from which class.

2.       Plaintiffs now seek certification of the following classes with respect to AWPIDs manufactured by any of the following:  AstraZeneca, the BMS Group, the GSK Group, the

Johnson & Johnson Group, and the Schering Plough Group:[1] The redefined classes are as follows:

**Physician-Administered Drugs Class (Medicare Part B Co-Pay and Private System Physician-Administered Drugs)**

All persons or entities in the United States and its territories who (i) paid all or a portion of the co-insurance under Medicare Part B for an AWPID during the Class Period, and/or (ii) reimbursed another for a physician-administered AWPID under a contract that expressly uses AWP as a pricing standard, along with all individual persons who paid coinsurance (*i.e.*, co-pays proportional to the reimbursed amount) under such contracts for such AWPIDs. Excluded from the Class are those who make flat co-pays and those whose co-pay was reimbursed by an insurer or other third party.

**Self-Administered and Specialty Pharmacy Drugs Class (Third-Party and Co-Payor Class for Self-Administered Drugs)**

All persons or entities in the United States and its territories who reimbursed another for any self-administered AWPID, or for any AWPID which was distributed through a specialty pharmacy, under a contract that expressly uses AWP as a pricing standard, along with all individual persons who paid coinsurance (*i.e.*, co-pays proportional to the reimbursed amount) under such contracts for such AWPIDs. Excluded from the Class are those who make flat co-pays and those whose co-pay was reimbursed by an insurer or other third party.

The foregoing class is further subdivided into the following subclasses:

(a)     brand name sub-class; and

(b)     generic the sub-class

**RICO Class for Self-Administered and Specialty Drugs**

All persons or entities in the United States and its territories who reimbursed another for any self-administered AWPID, or for any AWPID which was distributed through a specialty pharmacy,

---

[1] These "groups" are defined in the AMCC.

under a contract with Caremark, AdvancePCS, Express Scripts and/or Medco (or their predecessors), which contract expressly uses AWP as pricing standard, along with all individual persons who paid coinsurance (*i.e.*, co-pays proportional to the reimbursed amount) under such contracts for such AWPIDs. Excluded from the Class are those who make flat co-pays and those whose co-pay was reimbursed by an insurer or other third party.

The foregoing class is further subdivided into the following subclasses:

(a)   brand name sub-class; and

(b)   generic the sub-class

3.   The proposed Class Period is January 1991 to the present.

4.   Excluded from these classes are the defendants herein; any subsidiaries or affiliates of defendants; the officers and directors of defendants during the Class Period; members of the Individual Defendants' immediate families; any person, firm, trust, corporation, officer, director or any individual or entity in which any defendant has a controlling interest or which is related to, or affiliated with, any of the defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party and governmental entities with respect to claims seeking governmental damages.

5.   Plaintiffs seek certification of the RICO Subclass for Self-Administered and Specialty Drugs under Count II of the AMCC (Violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ["RICO"], and under Count IX (The Law of Civil Conspiracy).

6.   Plaintiffs seek certification of the Physician-Administered Drugs Class, and Self-Administered and Specialty Pharmacy Drug Class under Count IV of the AMCC (Violation of Sate Consumer Protection Laws).

| | |
|---|---|
| DATED:  December 17, 2004 | By    /s/ **Steve W. Berman** |

    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Hartweg Fegan
Hagens Berman LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Samuel D. Heins
Allan I. Gilbert
Brian L. Williams
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CHAIRS OF LEAD COUNSEL COMMITTEE**

Marc H. Edelson
Allen Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
**MEMBERS OF LEAD COUNSEL COMMITTEE AND EXECUTIVE COMMITTEE**

1534.16 0137 MTN.DOC

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **AMENDED MOTION FOR CLASS CERTIFICATION** to be electronically filed with the Court pursuant to the December 16, 2004 Order and to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 17, 2004 a copy to Verilaw Technologies for posting and notification to all parties.

      By    **/s/ Steve W. Berman**
      Steve W. Berman
      Hagens Berman, LLP
      1301 Fifth Avenue, Suite 2900
      Seattle, WA  98101
      Telephone:  (206) 623-7292
      Facsimile:  (206) 623-0594

1534.16 0137 MTN.DOC