UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE LITIGATION ) <br> ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO ) <br> ALL CLASS ACTIONS ) <br> ) <br> ) | MDL No. 1456 <br><br> CIVIL ACTION:  01-CV-12257-PBS <br><br> Judge Patti B. Saris <br><br> Chief Magistrate Judge Marianne B. Bowler |

**[PROPOSED] ORDER GRANTING PLAINTIFFS'
AMENDED MOTION FOR CLASS CERTIFICATION**

Plaintiffs have moved, pursuant to Fed. R. Civ. P. 23, for an order certifying a class in this action.  Having considered the submissions of the parties and the record in this case, IT IS HEREBY ORDERED as follows:

1.      Plaintiffs' amended motion for class certification is GRANTED as to all claims asserted in the Amended Master Consolidated Complaint ("AMCC").

2.      The Court certifies the following Classes with respect to AWPIDs manufactured by AstraZeneca, the BMS Group, the GSK Group, the Johnson & Johnson Group, and the Schering-Plough Group:

> **Physician-Administered Drugs Class (Medicare Part B Co-Pay
> and Private System Physician-Administered Drugs)**
>
> All persons or entities in the United States and its territories who
> (i) paid all or a portion of the co-insurance under Medicare Part B
> for an AWPID during the Class Period, and/or (ii) reimbursed
> another for a physician-administered AWPID under a contract that
> expressly uses AWP as a pricing standard, along with all

individual persons who paid coinsurance (*i.e.*, co-pays proportional to the reimbursed amount) under such contracts for such AWPIDs, during the Class Period. Excluded from the Class are those who make flat co-pays and those whose co-pay was reimbursed by an insurer or other third party.

**Self-Administered and Specialty Pharmacy Drugs Class (Third-Party and Co-Payor Class for Self-Administered Drugs)**

All persons or entities in the United States and its territories who reimbursed another for any self-administered AWPID, or for any AWPID which was distributed through a specialty pharmacy, under a contract that expressly uses AWP as a pricing standard, along with all individual persons who paid coinsurance (*i.e.*, co-pays proportional to the reimbursed amount) under such contracts for such AWPIDs. Excluded from the Class are those who make flat co-pays and those whose co-pay was reimbursed by an insurer or other third party.

The foregoing class is further subdivided into the following subclasses:

(a)     brand name sub-class; and

(b)     generic drug sub-class

**RICO Class for Self-Administered and Specialty Drugs**

All persons or entities in the United States and its territories who reimbursed another for any self-administered AWPID, or for any AWPID which was distributed through a specialty pharmacy, under a contract with Caremark, AdvancePCS, Express Scripts and/or Medco (or their predecessors), which contract expressly uses AWP as pricing standard, along with all individual persons who paid coinsurance (*i.e.*, co-pays proportional to the reimbursed amount) under such contracts for such AWPIDs. Excluded from the Class are those who make flat co-pays and those whose co-pay was reimbursed by an insurer or other third party.

The foregoing class is further subdivided into the following subclasses:

(a)     brand name sub-class; and

(b)     generic the sub-class

1534.16 0147 MTN.DOC

3. The Class Period is January 1991 to the present.

4. Excluded from these classes are the defendants herein; any subsidiaries or affiliates of defendants; the officers and directors of defendants during the Class Period; members of the Individual Defendants' immediate families; any person, firm, trust, corporation, officer, director or any individual or entity in which any defendant has a controlling interest or which is related to, or affiliated with, any of the defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party and governmental entities with respect to claims asserted for governmental damages.

5. Plaintiffs seek certification of the RICO Class for Self-Administered and Specialty Drugs under Count II of the AMCC (Violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ["RICO"], and under Count IX (The Law of Civil Conspiracy).

6. Plaintiffs seek certification of the Physician-Administered Drugs Class, and Self-Administered and Specialty Pharmacy Drugs Class under Count IV of the AMCC (Violation of Sate Consumer Protection Laws).  The Court will apply the state law of each Defendants' home state.  The parties will report to the Court as to what states are home states and such states will be identified in the notice sent to the Class.

7. The Court also certifies the Plaintiffs as Class Representatives.  Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following firms as co-lead counsel:  Hagens Berman LLP, Spector Roseman & Kodroff P.C., Hoffman & Edelson, The Wexler Firm, and Hein Mills & Olson.

- 4 -

8. Co-lead counsel for Plaintiffs shall prepare and submit within 30 days from the date of this Order a proposed form of notice to be sent to members of the Class. Defendants may file any comments to the notice within 15 days and Plaintiffs may reply 15 days after.

9. The Court approves the notice program prepared by Kinsella/Novak. Defendants shall prepare and submit to the Court and to counsel for the Plaintiffs within 30 days from the date of this Order a list of names and addresses of all Class members who can be identified with diligent effort.

DONE IN COURT this _____ day of _____, 2004.

_____
HON. PATTI B. SARIS
United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **[PROPOSED] ORDER GRANTING PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION** to be electronically filed with the Court pursuant to the December 16, 2004 Order and to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 17, 2004 a copy to Verilaw Technologies for posting and notification to all parties.

By       **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594