UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY | ) | |
| AVERAGE WHOLESALE PRICE LITIGATION | ) | MDL No. 1456 |
| | ) | |
| | ) | Civil Action 01-CV-12257-PBS |
| | ) | |
| _____ | ) | *Judge Patti B. Saris* |
| THIS DOCUMENT RELATES TO ALL | ) | |
| ACTIONS | ) | |

## AFFIDAVIT OF GLENN RANDLE

I am Glenn Randle, a citizen and resident of the State of Texas. I have personal knowledge of the facts stated below, would so testify in court if called upon to do so, and am competent to provide testimony.

1.       I serve as a member of the Board of Trustees of the Sheet Metal Workers National Health Fund (Heath Fund), and presently act as Chairman of the Board. I am familiar with the records and documents maintained in the ordinary course of business by the Health Fund, and I am familiar with documents governing the operation of the Health Fund. I am attaching a true and accurate copy of the Summary Plan Description which describes a Supplemental Medicare Wraparound Plus (SMW+) program provided and maintained by the Health Fund.

2.       The SMW+ program is administered as follows. Most Medicare Part B expenses are subject to an annual Medicare deductible of $100. After the deductible, Medicare pays 80% of most remaining approved charges. The SMW+ program does not reimburse the $100 deductible, but does provide coverage for the remaining 20% of Medicare-approved charges. This can include physician-administered drugs and other pharmaceuticals that are covered in the first instance by Medicare Part B.

3.      The Health Fund is a Taft-Hartley trust administered pursuant to the requirements

of that act [29 U.S.C. § 186] by an equal number of trustees appointed by labor representatives

and union representatives.  The Health Fund is also a multiemployer welfare fund subject to the

Employee Retirement Income Security Act (ERISA)[29 U.S.C. § 1001 et seq.] and provides the

SMW+ program to retirees and their covered beneficiaries, with the retirees having previously

worked for an employer associated with the sheet metal industry in the United States.  There are

over 15,000 retirees and covered beneficiaries who receive benefits under the SMW+ program.

4.      I have been advised there is a period of time referred to as the "class period"

applicable in the above-referenced civil action, and which commences in approximately 1991

and continues to the present.  I have also been advised that some of the defendants were referred

to as Track I Defendants and include the following manufacturers: Astra-Zeneca (AZ), Bristol-

Myers-Squibb (BMS), Glaxo-Smith-Kline (GSK), and Johnson & Johnson (JJ).  During the class

period, the Health Fund has paid for portions of pharmaceutical bills that were covered in the

first instance by Medicare Part B.  Numerous drugs fall into this category.  After first learning of

the above-referenced action, the Board of Trustees authorized Fund counsel to survey records of

the Health Fund to determine some of the drugs which had been paid for by the Health Fund as a

portion of pharmaceutical bills that were covered in the first instance by Medicare Part B and had

been manufactured by Track I Defendants.  The following drugs were identified as having been

paid in this category: Cytoxan (BMS), Etopophos (BMS), Kytril (GSK), Levaquin (JJ),

Nevelbine (GSK), Paraplatin (BMS), Procrit (JJ), Remicade (JJ), Rubex (BMS), Taxol (BMS),

Vepesid (BMS), and Zoladex (AZ).  I am certain other drugs have been paid for in similar

fashion, and with more time, the Health Fund can determine the names of those drugs.

5.     The Health Fund through its Board of Trustees did not learn of the above-referenced civil action until December 9, 2004 when Fund counsel inquired of the Board of Trustees to determine whether a survey of records of the Health Fund should be conducted to identify whether the drugs mentioned in the preceding paragraph had been paid for by the Health Fund.  Having determined the drugs were paid for by the Health Fund, the Board of Trustees has approved involving the Health Fund in the above-referenced civil action either by seeking to intervene as a class representative or to file a civil action on its own behalf.

I make the foregoing statements under penalty of perjury on the date written next to my name below.

Date: 12-14-04

Glenn Randle