UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

## DECLARATION OF JOHN JOHNSON, TRUSTEE AND SECRETARY-TREASURER OF PIRELLI ARMSTRONG TIRE CORPORATION RETIREE MEDICAL BENEFITS TRUST

I, John Johnson, declare under penalty of perjury the following:

1. I am one of five trustees and the Secretary-Treasurer of Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust ("PMBT"). I have full knowledge of the matters stated herein, and could and would testify hereto if necessary.

2. PMBT is a voluntary employee benefits association maintained pursuant to the federal Employee Retirement Security Act, 29 U.S.C. §1132 et seq. and to the settlement of a federal court action (Case No. 3:94-0573) brought in the United States District Court for the Middle District of Tennessee against Pirelli Armstrong Tire Corp. ("Pirelli") in the early 1990's by many Pirelli retirees, for the purpose of providing health and medical benefits to eligible participants and beneficiaries. PMBT maintains its principal place of business in Goodlettsville, Sumner County, Tennessee.

3. During the Class Period alleged in the Amended Master Consolidated

1

Complaint (AMCC) in this case, PMBT has been billed for and paid charges for numerous drugs listed in the AMCC. I understand that these drugs are referred to as "AWPIDs" During the period relevant to the AMCC, PMBT contracted with a pharmacy benefit manager ("PBM") now known as ACS/Caremark, and its predecessors. Pursuant to those contracts, PMBT typically reimbursed for pharmaceuticals based upon AWP minus a stated percentage. These contracts provided that PMBT would reimburse for brand pharmaceuticals at AWP minus a stated percentage and for generic pharmaceuticals at AWP minus a stated percentage. AWPIDs for which PMBT made reimbursement through its PBM contracts throughout the Class Period are included on the attached Exhibit A.

4. During the Class Period, PMBT also reimbursed its members for portions of pharmaceutical bills (including physician-administered drugs) that were covered in the first instance by Medicare Part B. A copy of the summary description of the plan which states that the plan pays 20 percent of all covered Medicare Part B claims is attached as Exhibit B (see p. 30). For our fund, the way this works is that we are notified that Medicare Part B has covered a given drug or procedure and has paid 80 percent of the cost. Our fund then pays the identified "coinsurance" amount, or 20 percent of the total cost Medicare has paid. Numerous drugs fall into this category. Based on a recent review of a small number of our files, PMBT has determined that, with respect to drugs manufactured by what I understand are called Track 1 Defendants (Astra-Zeneca, Bristol-Myers-Squibb, Glaxo-Smith-Kline and Johnson & Johnson), PMBT made Medicare co-payments with respect to at least the following drugs: Zovirax (Glaxo

Smith Kiline), Zoladex (Astra-Zeneca), Cytoxan (Bristol-Myers-Squibb), and Procrit (Johnson & Johnson). Because the fund is composed of retirees, about two-thirds of whom are eligible for Medicare, and because our search was only of a relatively small number of files, I am confident that further investigation will show that other drugs were paid for in the Medicare Part B context with respect to the various companies known in this case as "Track 1" and "Track 2" Defendants. Our investigation is continuing.

5. PMBT did not hear of this litigation until recently, in late 2004 after the date I understand was the date for filing Plaintiffs' motion for class certification in this case. After initial investigation of the matter, the Board of Trustees voted to involve PMBT in the litigation to the extent possible. PMBT is willing to serve as a class representative in this matter and to fulfill the obligations required of it as a class representative.

6. I understand that Plaintiffs' Motion for Class Certification is in the briefing stage. I am available for deposition should Defendants require one.

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: __12/14/04__   *[signature: John Johnson]*

JOHN JOHNSON
Secretary-Treasurer and Trustee,
Pirelli Armstrong Tire Corporation
Retiree Medical Benefits Trust