UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 <br><br> CIVIL ACTION NO. 01-CV-12257-PBS <br><br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO <br><br> STATE OF NEVADA V. AMERICAN HOME PRODUCTS, ET AL. <br> CIVIL ACTION NO. 02-CV-12086-PBS <br><br> STATE OF MONTANA V. ABBOTT LABORATORIES, ET AL. <br> CIVIL ACTION NO. 02-CV-12084-PBS | |

**REPLY MEMORANDUM OF WATSON PHARMACEUTICALS, INC.
IN SUPPORT OF ITS MOTION TO DISMISS
THE STATE OF MONTANA'S SECOND AMENDED COMPLAINT
AND THE STATE OF NEVADA'S AMENDED COMPLAINT**

Watson Pharmaceuticals, Inc. ("Watson") has not been properly served with the State of Montana's Second Amended Complaint and the State of Nevada's Amended Complaint (collectively the "Amended Complaints"). Plaintiffs do not contend otherwise. However, in the scattershot manner that Plaintiffs' counsel have adopted in this litigation, Plaintiffs argue that service on Watson with <u>other</u> complaints in other cases and Watson's participation in motions practice and discovery in other cases permitted Plaintiffs to ignore their legal duty to perfect service of Watson with the Amended Complaints. Plaintiffs are wrong.

Plaintiffs also argue that Watson has waived its ability to raise objections to service because it was required to respond earlier to Complaints with which Watson was not served. However, precedent and logic compel the conclusion that Watson did not have an obligation to respond to the Amended Complaints, since Watson was never served with any Complaints or Amended Complaints filed by Montana or Nevada, and Watson's Motion to Dismiss would have been premature if filed under the deadline that Plaintiffs argue the Court imposed.

### I.   WATSON DID NOT AGREE TO ACCEPT SERVICE EXCEPT UNDER RULE 4(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE. PLAINTIFFS ACKNOWLEDGE THAT SERVICE UNDER RULE 4(d) WAS NOT PERFECTED.

In their Opposition,[1] Plaintiffs correctly characterize the conversations between Plaintiffs' counsel and the undersigned in mid-August 2003, about whether Watson would waive service of process in the cases brought by Montana and Nevada. Plaintiffs state that Watson's lawyer (the undersigned) "expressed a willingness to accept service on behalf of Watson, but also requested that Plaintiffs provide him with a waiver of service form." However, in the Declaration filed by Plaintiffs in support of their Opposition, the matter is stated differently, and incorrectly. The Declaration[2] states, "Attorney Farquhar agreed to accept service for Watson, but also requested that we send him a waiver of service form." This characterization of the conversation is both inaccurate and illogical.

---

[1]   Plaintiffs' State of Montana and State of Nevada's Opposition to Defendant Watson Pharmaceuticals, Inc's Motion to Dismiss the State of Montana's Second Amended Complaint and the State of Nevada's Amended Complaint ("Opposition"), December 8, 2004, at 2.

[2]   Declaration of Edward Notargiacomo in Support of Plaintiffs' State of Montana and State of Nevada's Opposition to Defendant Watson Pharmaceuticals, Inc's Motion to Dismiss ¶ 4.

2

As demonstrated by the Supplemental Declaration of Douglas B. Farquhar filed contemporaneously with this Reply Memorandum,[3] the undersigned did <u>not</u> agree to accept service of process until and unless the written waiver was received. Indeed, there would have been no purpose for the waiver form (which Plaintiffs admit was requested) if service had already been accepted.

Furthermore, the applicable federal rule requires that a request for waiver of service "shall be in writing." Fed. R. Civ. P. 4(d)(2)(A). "The plaintiff who would take advantage of the waiver procedure must consult the requirements enumerated in subdivision (d)(2) of Rule 4, and should follow them to the letter." David D. Siegel, <u>Supplementary Practice Commentaries</u>, in U.S. CODE ANNOTATED 54 (2004 Supp.). Plaintiffs do not contend that a written request for waiver of service was ever sent to the undersigned, and, certainly, the undersigned did not receive it. No affidavit of service on Watson was filed with the Court for any Complaints or Amended Complaints filed by Montana or Nevada, and certainly no executed written waiver has been produced.

Plaintiffs have no response to Watson's assertion that a summons in the Nevada and Montana cases was never received,[4] and delivery of a summons (in the absence of waiver of service) is required to establish personal jurisdiction over a defendant. Service of a complaint without a summons is not effective in establishing jurisdiction over a defendant. <u>In re City of Phila. Litig.</u>, 123 F.R.D. 515, 518 (E.D. Pa. 1988). These circumstances demonstrate that Watson was not properly served.

---

[3] Supplemental Declaration of Douglas B. Farquhar in Support of Watson Pharmaceuticals Inc.'s Motion to Dismiss, filed with this Reply Memorandum ¶ 2.

[4] Declaration of Douglas B. Farquhar in Support of Watson Pharmaceuticals Inc.'s Motion to Dismiss, November 24, 2004 ¶ 2

The case law uniformly establishes that sending a copy of a complaint by commercial carrier, without more, does not result in service. Providing actual notice of the complaint does not excuse failure to properly serve. DeFazio v. Delta Air Lines, Inc., 849 F. Supp. 98, 103 (D. Mass. 1994), aff'd, 34 F.3d 1065 (1st Cir. 1994); Broughton v. Chrysler Corp., 144 F.R.D. 23, 26 (W.D.N.Y. 1992), aff'd, 992 F.2d 319 (2d Cir. 1993) ("[N]otice of a suit received by means other those that authorized by statute or rule cannot service to bring a defendant within the jurisdiction of a court.").

## II. SERVICE OF COMPLAINTS IN OTHER CASES DOES NOT RESULT IN WAIVER OF SERVICE OF COMPLAINTS FILED BY MONTANA AND NEVADA.

Attempting to blur the distinctions between different actions asserting different claims for relief by different Plaintiffs against different defendants, Plaintiffs argue that, because Watson has not challenged service in these other actions, Watson is as good as served in this action. However, simply because Watson has not challenged the sufficiency of service of the class action complaint (that is, the Master or Amended Master Consolidated Complaint), does not mean that plaintiffs are excused from their obligation to properly serve the complaints in new cases, like the Montana and Nevada cases, even if those cases are consolidated with cases in which Watson has been properly served.

There can be no question that it is the duty of the Plaintiffs to properly serve the Complaint, and that Watson had no duty to remind Plaintiffs' counsel of their responsibilities. Plaintiffs, not defendants, bear the duty of diligence to effect service. Resolution Trust Corp. v. Starkey, 41 F.3d 1018, 1022 (5th Cir. 1995).

4

### III. WATSON'S PARTICIPATION IN DISCOVERY AND MOTIONS PRACTICE ON OTHER MATTERS DOES NOT RESULT IN WAIVER OF SERVICE OF COMPLAINTS FILED BY MONTANA AND NEVADA.

Plaintiffs argue (Opposition at 5-7) that Watson's participation in motions practice and discovery waives any right to challenge the sufficiency of service. This argument may have been justified if Watson had responded to the Amended Complaints without raising the defense. However, Watson was explicitly excluded from the ranks of Defendants who filed a Motion to Dismiss the Amended Complaints on substantive grounds. All documents relating to that Motion to Dismiss state that the documents were filed on behalf of the "LISTED DEFENDANTS IN THE ABOVE-CAPTIONED ACTIONS," which did not include Watson or any of its affiliates or subsidiaries.[5]

Watson acknowledges that it has participated in discovery and in motions practice relating to other cases, in which it was properly served, or in which it waived service. Therefore, it did respond to discovery requests,[6] join in a protective order,[7] and enter and withdraw counsel.[8] However, it is noteworthy that Watson's general appearance was entered on June 18, 2003, <u>before</u> the Nevada and Montana Complaints were filed, and that general appearance can hardly constitute a submission to jurisdiction on complaints that were later filed by different

---

[5] Defendants' Motion to Dismiss the State of Montana's Second Amended Complaint and the State of Nevada's Amended Complaint, Sept. 15, 2003, at 2-4; Consolidated Memorandum in Support of Defendants' Motion to Dismiss the State of Montana's Second Amended Complaint and the State of Nevada's Amended Complaint, Sept. 15, 2003, at 21-23; Consolidated Reply Memorandum in Support of Defendants' Motion to Dismiss the State of Montana's Second Amended Complaint and the State of Nevada's Amended Complaint, Nov. 7, 2003, at 18-19.

[6] Opposition, Exhibits D and E.

[7] Opposition, Exhibit A.

[8] Opposition, Exhibits C and G.

parties on different claims. Furthermore, that the caption in some of the pleadings referenced by plaintiffs did not explicitly exclude the Nevada and Montana cases is irrelevant, since discovery was provided by Watson only in connection with the class action that had been filed, and in response to the Court orders requiring defendants in the class action, and in other cases, to produce certain documents.

Plaintiffs cannot find justification for their failure to serve in the fact that one of the served Defendants signed and filed a Supplemental Brief in Support of Supplemental Jurisdiction,[9] and stated that the brief was filed "ON BEHALF OF DEFENDANTS" in the Nevada and Montana cases. First, the brief does not state that it was filed on behalf of <u>all</u> the defendants in these cases (it appears that Watson is the only defendant in the Nevada and Montana cases that objects to the sufficiency of service). Second, the brief does not state it was filed on behalf of Watson.

The cases cited by Plaintiffs to argue that Watson has waived objections to service by its conduct present far different circumstances, and far more participation in matters before the Court, than Watson has evidenced in the Nevada and Montana cases. Plaintiffs argue that Watson withdrew appearances of counsel as to all matters consolidated for pretrial proceedings in the Multi-District Litigation. However, there was no mention of the Nevada and Montana cases in these withdrawals. By contrast, the defendants in <u>Trustees of Central Laborers' Welfare Fund v. Lowery</u>, 924 F.2d 731, 732 (7th Cir. 1991) participated in post-judgment discovery proceedings almost for almost six years and "led both the court and the plaintiffs to believe that a valid judgment had been obtained against them." <u>Id.</u> at 733. In <u>Marcia Ucin, S.A. v. SS Galicia</u>, 723 F.2d 994, 997 (1st Cir. 1983), defense counsel entered a general appearance in that matter

---

[9] Opposition, Exhibit B.

and then participated in 13 depositions before raising his motion to dismiss four years after entering his appearance. Watson's counsel has participated in no depositions, or in any other discovery matters relating to the Nevada and Montana matters. And, in Broadcast Music, Inc., v. M.T.S. Enterprises, Inc., 811 F.2d 278, 280 (5th Cir. 1987), the lawyer for the defendants claiming inadequate service attended pretrial conferences, negotiated settlements, and accepted service of deposition subpoenas for the same defendants. Here, there has been no attempt to mislead the Court or the Plaintiffs as to entry of Watson into the Nevada and Montana cases. Rather, Watson has explicitly excluded itself from the responsive pleadings filed by other defendants.

### IV. THE GROUNDS FOR WATSON'S MOTION TO DISMISS DID NOT EXIST AS OF THE COURT'S DEADLINE FOR FILING RESPONSIVE MOTIONS (SEPTEMBER 13, 2003). FURTHERMORE, BECAUSE WATSON HAD NOT BEEN SERVED, THERE WAS NO REQUIREMENT THAT WATSON RESPOND TO THE AMENDED COMPLAINTS.

Plaintiffs argue (Opposition at 3-5) that Watson was required to file its Motion to Dismiss on or before September 15, 2003, in accordance with the Court's Scheduling Order in the Nevada and Montana cases. However, Plaintiffs concede that the Amended Complaints were filed on August 1, 2003. Watson's Motion to Dismiss is filed pursuant to Fed. R. Civ. P. 4(m), which requires service to be effected "within 120 days after the filing of the complaint." Plaintiffs do not and cannot explain how Watson could have filed 53 days after the filing of the Amended Complaints a Motion to Dismiss for failure to serve within 120 days

Moreover, a defendant is not expected to file a response to a complaint until and unless the defendant is brought within the jurisdiction of the court by virtue of proper service. A district court cannot exercise jurisdiction over a defendant not properly served. J.O. Alvarez, Inc. v.

Rainbow Textiles, Inc., 168 F.R.D. 201, 203 (S.D. Tex. 1996); Mateo v. M/S Kiso, 805 F. Supp. 792, 794 (N.D. Cal. 1992).

Finally, Plaintiffs' objections to the amount of time that passed before the Motion to Dismiss was filed are hollow. Even in cases where a resulting delay barred claims under the statute of limitations, courts have held that, "[a] defendant is under no obligation to register objections to service early enough to preserve a plaintiff's claims." City of Phila. Litig., 123 F.R.D. at 520. As that court noted, "it would be anomalous to impose a deadline for objecting to service on parties who are, by hypothesis, not properly subject to the court's authority." Id.

## CONCLUSION

Because Watson has not been properly served, and because Watson has not waived service either by conduct of counsel or by participation in case-related activities, the Amended Complaints – in the actions filed by Montana and Nevada – should be dismissed.

Respectfully submitted,

_____
Douglas B. Farquhar *pro hac vice*
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W.
Suite 1200
Washington, D.C.  20005
(202) 737-5600 (Phone)
(202) 737-9329 (Fax)

Date:  December 16, 2004