UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) MDL NO. 1456 ) ) CIVIL ACTION: 01-CV-12257-PBS ) |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | ) Judge Patti B. Saris ) ) |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT GLAXOSMITHKLINE, INC. TO PRODUCE DOCUMENTS IN USABLE ELECTRONIC FORMAT**

Plaintiffs hereby move to compel defendant GlaxoSmithKline, Inc. ("GSK") to produce all documents responsive to plaintiffs' document requests which exist in native electronic or searchable format in that format.

On March 25, 2004, Judge Saris issued Case Management Order No. 10 which concerned, in part, the format for documents produced in this case. Paragraph three of the order stated:

> Any documents available in an electronic format shall be so provided in that format, i.e., in an identical, electronic format. If issues regarding compatibility of computer software and systems arise, the producing parties shall confer to resolve the matters.

The Court sought through this order to preserve resources, expedite document review, and facilitate discovery dispute resolution if the parties disagreed about whether a particular document or category of documents was produced. (A copy of Case Management Order No. 10 is annexed to the Affidavit of David S. Nalven ("Nalven Aff.") submitted herewith as Exhibit A).

To date, GSK has produced millions of pages of documents (most of no value), *but it has not produced a single document* in its native or searchable electronic format as required by Case Management Order No. 10.

As a consequence, plaintiffs' review of GSK's documents has been unduly burdened and delayed.

Plaintiffs asked GSK repeatedly whether its documents could be produced in the format prescribed by Case Management Order No. 10.  In response, GSK has concealed their possession of documents in native or searchable electronic format.  Beginning at least as early as May 12, 2004, plaintiffs inquired as to whether the documents GSK was producing existed in a native searchable electronic format or whether GSK was creating a searchable database of its production in which plaintiffs could share access and cost.  Nalven Aff. ¶ 3.   These discussions culminated on October 18, 2004 with GSK's offer to provide to plaintiffs an index of the documents produced by file source.  In response to this offer, plaintiffs again inquired in writing whether the documents existed in electronic form.  Here is what plaintiffs asked:

> In our conversation, I had understood you to say that the only index of GSK documents that exists is one that lists the source of the documents and the bates nos. of the documents, and that you had no other mechanism for identifying categories such as date range, type of document, subject matter, etc.  Your letter, however, does not confirm this and asks plaintiffs to waive any right to seek any other database or "searchable media" in exchange for your production of the source index.
>
> So that I am clear, please let me know whether there exist any indexes, lists, or databases, whether in hard copy or electronic form, that would allow or facilitate the identification of categories of documents or would tell us more about the substance of the documents you produced other than the person whose files they were produced from.

In these communications, plaintiffs made every effort to clarify the facts so that neither the parties nor the Court would be burdened with unnecessary disagreements.  Thus plaintiffs wrote:

> If you do not wish to tell me what exists or does not exist, then please let me know that.  I just want to be clear on what agreement I would be making on behalf of plaintiffs.

GSK did not respond substantively, plaintiffs followed up the next day, but GSK still did not answer.  (Nalven Aff. ¶ 4 and Ex. B).

2

In an effort to avoid burdening the Court with needless motion practice, plaintiffs repeated their inquiries to GSK, but were told by GSK throughout October and November 2004 that the only index, list or database of the documents produced by GSK in existence was the file source list offered in October. (Nalven Aff. ¶ 5 & 6 and Exs. C & D).

Then, finally, on December 2, 2004, during a meet and confer session which included other outstanding discovery issues, *GSK admitted for the first time* that it possessed responsive documents in their native electronic format and possessed other databases of documents that had been scanned into a system that can be searched using optical character recognition ("OCR") software. Through using the OCR process, particular documents or categories of documents can be searched for and retrieved using keyword searches. Nalven Aff. ¶ 7 and Ex. E.

Through a series of emails and telephone conversations, GSK finally agreed to provide an identification and description of the electronic documents and databases it possessed. At this point, however, several promised deadlines have passed, and GSK has still provided nothing. Nalven Aff. ¶ 8 – 10 and Exs. E & F.

GSK has evaded its discovery obligations and its duty to comply with Case Management Order No. 10 through obfuscation and foot-dragging. The purpose of this case management order was to allow the parties to identify the specific, relevant documents or categories of documents without the unnecessary cost or burden of wading through thousands if not millions of pages of irrelevant documents through the production of documents in a format that would allow the use of electronic document search technology. It did not require GSK to create electronic documents. It simply called for GSK to produce what it possessed. This GSK has not done.

**CONCLUSION**

For the foregoing reasons, plaintiffs hereby request that the Court order GSK to produce all documents responsive to plaintiffs' document requests which exist in native electronic or searchable format in that format.

Respectfully submitted,

By /s/ David Nalven
Thomas M. Sobol
David S. Nalven
Edward Notargiacomo
Hagens Berman LLP
One Main Street
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*LIAISON AND CO-LEAD COUNSEL*

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Elizabeth Fegan Hartweg
Kenneth A. Wexler & Associates
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel Heins
Brian Williams
Heins, Mills & Olson, P.C.
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

CO-LEAD COUNSEL

Michael McShane
Alexander, Hawes & Audet, LLP
300 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 982-1886
Facsimile: (415) 576-1776

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
Shreveport, LA 71103
Telephone: (318) 226-0826
Facsimile: (318) 424-9900

PLAINTIFFS LEAD COUNSEL COMMITTEE

Anthony Bolognese
Bolognese & Associates
One Penn Center
1617 JFK Boulevard, Suite 650
Philadelphia, PA 19103
Tel: (215) 814-6750
Fax: (215) 814-6764

Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Ave. N.E., Suite 300
Washington, DC 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

Neal Goldstein (Of Counsel)
Freedman & Lorry, PC
400 Market Street, Suit 900
Philadelphia, PA 19106
Tel: (215) 925-8400
Fax: (215) 925-7516

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL  33134
Tel:  (305) 357-9000
Fax: (305) 357-9050

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street, Suite 1700
San Diego, CA  92101
Tel:  (619) 338-1133
Fax: (619) 338-1139

Jonathan D. Karmel
Karmel & Gilden
221 N. LaSalle Street
Suite 1414
Chicago, IL  60601
Tel: (312) 641-2910
Fax: (312) 641-0781

Dianne M. Nast
Roda & Nast, PC
801 Estelle Drive
Lancaster, PA 17601
Tel: 717-892-3000
Fax: 717-892-1200

Henry H. Rossbacher
Rossbacher & Associates
811 Wilshire Boulevard, Suite 1650
Los Angeles, CA 90017-2666
Tel:  (213) 895-6500
Fax:  (213) 895-6161

Jonathan Shub
Sheller, Ludwig & Badey, P.C.
1528 Walnut Street, 3rd Floor
Philadelphia, PA  19102
Tel:  (215) 790-7300
Fax:  (215) 546-0942

Scott R. Shepherd
Shepherd & Finkleman, LLC
117 Gayley Street, Suite 200
Media, PA 19063
Tel:  (610) 891-9880
Fax:  (610) 891-9883

Lisa J. Rodriguez
Ira Neil Richards
Trujillo Rodriguez& Richards, LLC
The Penthouse
226 West Rittenhouse Square
Philadelphia, PA  19103
Tel:  (215) 731-9004
Fax:  (215) 731-9044

Mitchell A. Toups
Weller, Green, Toups & Terrell, L.L.P.
2615 Calder Street, Suite 400
Beaumont, TX  77704
Tel: (409) 838-0101
Fax: 409-838-6780

Damon Young
Lance Lee
Young, Pickett & Lee
4122 Texas Boulevard
Texarkana, AR/TX  75504
Tel: (903) 794-1303
Fax: 903-792-5098; 903-794-5098

7

                                      Stephen C. Richman, Esq.
                                      Markowitz & Richman
                                      121 South Broad Street
                                      Telephone:  (215) 875-3100
                                      1100 North America Building
                                      Philadelphia, PA  19107

Dated: December 23, 2004

## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

Docket No. MDL 1456

     I hereby certify that I have conferred and attempted in good faith to narrow the issues with opposing counsel on numerous occasions as is set forth herein.


                                                                       /s/ David S. Nalven

Dated: December 23, 2004

**CERTIFICATE OF SERVICE**

Docket No. MDL 1456

    I, David S. Nalven, hereby certify that I am one of plaintiffs' attorneys and that, on December 23, 2004, I caused copies of Plaintiffs' Motion for Leave to Compel Defendant GlaxoSmithKline to Produce Documents in Usable Electronic Format to be served via VeriLaw on all counsel of record.

                                                      /s/ David S. Nalven

Dated: December 23, 2004