# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  PHARMACEUTICAL INDUSTRY | ) |
| AVERAGE WHOLESALE PRICE | ) MDL NO. 1456 |
| LITIGATION | ) |
| | ) CIVIL ACTION: 01-CV-12257-PBS |
| | ) |
| THIS DOCUMENT RELATES TO: | ) Judge Patti B. Saris |
| ALL CLASS ACTIONS | ) |
| | ) |

## AFFIDAVIT OF DAVID S. NALVEN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT GLAXOSMITHKLINE, INC. TO PRODUCE DOCUMENTS IN USABLE ELECTRONIC FORMAT

David S. Nalven, being sworn, states as follows:

1.  I am member of the bar of the Supreme Judicial Court of the Commonwealth of Massachusetts and a member of the United States District Court for the District of Massachusetts.  I am a partner in the law firm of Hagens Berman LLP, liaison and co-lead counsel for the plaintiffs in this case.  I submit this affidavit in support of Plaintiffs' Motion for Leave to Compel Defendant GlaxoSmithKline ("GSK") to Produce Documents in Usable Electronic Format.  I state the following based on personal knowledge.

2.  On March 25, 2004, Judge Saris issued Case Management Order No. 10 requiring the parties to produce all documents that exist in an electronic format to be produced in the identical format in which they exist.  Paragraph three of the order states:

> Any documents available in an electronic format shall be so provided in that format, i.e., in an identical, electronic format.  If issues regarding compatibility of computer software and systems arise, the producing parties shall confer to resolve the matters.

The purpose of this order was to allow the parties to identify the specific, relevant documents or categories of documents without the unnecessary cost or burden of wading through thousands if

not millions of irrelevant documents.  The Court sought through issuing this order to preserve

resources, expedite document review, and facilitate discovery dispute resolution in the event the

parties disagreed about whether or not a particular document or category of documents was

produced.  (A copy of Case Management Order No. 10 is annexed hereto is Exhibit A).

3.   Beginning at least as early as May 12, 2004, plaintiffs inquired as to whether the

documents GSK was required to produce existed in native, searchable electronic format or

whether GSK was creating a searchable database of its production in which plaintiffs could share

access and cost.  GSK did not respond substantively to these inquiries.

4.   Plaintiffs inquired again beginning in early September what mechanisms were

available to identify specific documents or categories of documents within GSK's production.

These concerns arose in part from plaintiffs' inability to verify GSK's representations that

certain categories of documents had already been produced.  These discussions culminated on

October 18, 2004 with GSK's offer to provide to plaintiffs an index of the documents produced

by file source.  In response, plaintiffs again inquired whether the documents existed in electronic

form.  Here is what plaintiffs wrote:

> In our conversation, I had understood you to say that the only index of GSK
> documents that exists is one that lists the source of the documents and the bates nos. of
> the documents, and that you had no other mechanism for identifying categories such as
> date range, type of document, subject matter, etc.  Your letter, however, does not confirm
> this and asks plaintiffs to waive any right to seek any other database or "searchable
> media" in exchange for your production of the source index.
>
> So that I am clear, please let me know whether there exist any indexes, lists, or
> databases, whether in hard copy or electronic form, that would allow or facilitate the
> identification of categories of documents or would tell us more about the substance of the
> documents you produced other than the person whose files they were produced from.
>
> If you do not wish to tell me what exists or does not exist, then please let me
> know that.  I just want to be clear on what agreement I would be making on behalf of
> plaintiffs.

2

Plaintiffs followed up again the next day, but GSK still did not answer.  (A copy of correspondence dated October 18, 2004 and October 19, 2004 between counsel for GSK and plaintiffs is annexed hereto as Exhibit B.)

5.   In an effort to avoid motion practice on this issue, plaintiffs again made this inquiry in a letter dated October 27, 2004.  Again, no response. (A copy of plaintiffs' counsel's letter dated October 27, 2004 is annexed hereto as Exhibit C.)

6.   In a meet and confer session on November 12, 2004 among counsel for plaintiffs and GSK, plaintiffs again asked about the existence of  a mechanism by which plaintiffs could electronically search for particular documents produced by GSK.  GSK responded that the only index, list or database possessed or controlled by GSK is the source list that GSK produced.  In a letter dated November 16, 2004, plaintiffs memorialized this representation and requested written confirmation.  GSK again did not respond.  (A copy of plaintiffs' counsel's letter dated November 16, 2004 is annexed hereto as Exhibit D.)

7.   Throughout this time, plaintiffs had been wading through GSK's voluminous production without the benefit of any mechanism to search for specific documents or categories of documents.  Accordingly, in a meet and confer session among counsel on December 2, 2004, plaintiffs counsel again inquired.  In response, GSK admitted that its prior representation was incorrect and that, in fact, documents GSK had produced existed in a native electronic format or in databases searchable using optical character recognition software.[1]  After this admission, GSK

---

[1] Documents in large cases are often produced through the optical character recognition (OCR) process. Typically, the OCR process reads scanned document images into editable text files, allowing users to perform keyword searches on the contents of the documents.  Through using the OCR process, particular documents or categories of documents can be searched for and retrieved using keyword searches.

agreed to provide plaintiffs with an identification and description of the electronic documents and databases it possessed.  (A copy of plaintiffs' counsel's letter dated December 3, 2004 confirming GSK's representation is annexed hereto as Exhibit E.)

8.   Through a series of emails and telephone conversations, GSK agreed to provide an identification and description of the electronic documents and databases it possessed.  The first date fixed for providing this information was December 15, 2004.  (A copy of an email dated December 14, 2004 referencing the December 15, 2004 date is annexed hereto as Exhibit F.  GSK then suggested that it would be preferable to put the description in writing, and agreed to do so by December 21, 2004, with a meet and confer session set up for December 22, 2004 to identify the categories of documents that would be produced in native or searchable electronic format.

9.   GSK failed to provide the written description by December 21, 2004.  During the meet and confer session on December 22, 2004, GSK represented that the description would be provided later in the day.  Plaintiffs stated that GSK should simply produce all documents in their electronic format pursuant to Case Management Order No. 10.  GSK stated that it would defer any discussion concerning production of documents in searchable electronic format until after produced the written identification and description of its electronic documents and databases.

10. The written identification and description still has not been provided.

The foregoing is made under the pains and penalties of perjury on this 23rd day of December 2004.

  /s/ David S. Nalven                 _____

## <u>CERTIFICATE OF SERVICE</u>

Docket No. MDL 1456

I, David S. Nalven, hereby certify that I am one of plaintiffs' attorneys and that, on December 23, 2004, I caused copies of Affidavit of David S. Nalven in Support of Plaintiffs' Motion for Leave to Compel Defendant GlaxoSmithKline to Produce Documents in Usable Electronic Format to be served via VeriLaw on all counsel of record.


Dated: December 23, 2004                    ___/s/ David S. Nalven_____