UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. NO. 1456 |
| THIS DOCUMENT RELATES TO: | Civil Action No. 01-CV-12257- PBS |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.,* E.D.N.Y. Case No. CV-03-229 | Judge Patti B. Saris |

COUNTY OF SUFFOLK'S MOTION FOR LEAVE TO FILE REPLY REGARDING MOTION TO COMPEL PRODUCTION OF ELECTRONIC DISCOVERY FROM THE SCHERING PLOUGH DEFENDANTS

Pursuant to Local Rule 7.1(b) Suffolk County seeks leave of Court to file this brief reply in further support of its motion to compel electronic discovery from the Schering defendants.

Schering acknowledges that its responsive discovery materials are available in electronic format.  *See* Schering Opposition, filed December 8, 2004, at 1-3.  Schering acknowledges that CMO 10 provides that "any documents available in electronic format shall be provided in that format".  *Id.* at 1.  These concessions, by themselves, make plain that Suffolk's motion should be granted.

Schering's sole explanation for its refusal to comply with the CMO 10 appears to be that MDL class counsel did not want the Schering documents electronically or, at least, did not want to pay for them.  *Id.* at 2.  But MDL class counsel does not speak for Suffolk or any of the other governmental entity plaintiffs represented by Suffolk's Counsel.  MDL class counsel did not include Suffolk in any conversation with Schering respecting discovery.  MDL class counsel did not confer with Suffolk regarding the cost of an electronic production from Schering

(which reasonable cost Suffolk obviously would have agreed to share).  MDL class counsel did not inform Suffolk of any discovery it received from Schering.  MDL class counsel did not advise Suffolk of any agreements it was making with Schering regarding discovery.

Were MDL class counsel conducting themselves in this MDL as liaison counsel are expected to, *i.e.* by cooperating with coordinated discovery efforts, then Schering's opposition to Suffolk's motion may carry some weight.  But Suffolk repeatedly has made clear that MDL class counsel are not so cooperating and that MDL class counsel does not speak for Suffolk or any of the other New York governmental entity plaintiffs.  It would be grossly unfair to prejudice Suffolk by denying it the opportunity to obtain discovery electronically, particularly where the Court's order so directs, under these circumstances.

Dated:  December 23, 2004

        Respectfully submitted,

        KIRBY McINERNEY & SQUIRE, LLP


        By:     /s/ Joanne M. Cicala
              Joanne M. Cicala
              Aaron D. Hovan
        830 Third Avenue
        New York, N.Y.  10022
        (212) 371-6600

        COUNSEL FOR PLAINTIFF THE COUNTY OF SUFFOLK

**Certificate of Service**

I certify that on December 23, 2004 a true and correct copy of the foregoing County Of Suffolk's Motion For Leave To File Reply In Support Of Motion To Compel The Production Of Electronic Discovery From The Schering Plough Defendants was served on all Counsel of Record by electronic service pursuant to Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

/s/ Aaron D. Hovan
Aaron D. Hovan
