# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456 <br> CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ) | Judge Patti B. Saris |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.,* <br> E.D.N.Y. Case No. CV-03-229 ) ) ) ) | Chief Magistrate Judge Marianne B. Bowler |

### RESPONSE OF LIAISON COUNSEL TO COUNTY OF SUFFOLK'S MOTION FOR LEAVE TO FILE REPLY REGARDING MOTION TO COMPEL PRODUCTION OF ELECTRONIC DISCOVERY FROM THE SCHERING PLOUGH DEFENDANTS

Plaintiffs' liaison counsel, Hagens Berman LLP, files this response to Suffolk County's motion. This response is necessitated by Suffolk's assertion in its reply that its motion to compel the production of documents is necessitated by the conduct of liaison counsel.

In May 2004, Suffolk filed a "Motion Respecting Coordinated Discovery." In its reply in support of that motion, Suffolk asserted that it was the task of liaison counsel to set up a depository at liaison counsel's expense (in the tens of millions of dollars in this case). As Hagens Berman explained in its surreply, liaison counsel has kept Suffolk abreast of productions being made by defendants and that is the only obligation liaison counsel has.[1] As we explained in our response, Suffolk is then free to choose the mode and manner in which it chooses to

---

[1] Rather than repeat the prior briefing in this response, liaison counsel attaches as Exhibits 1 and 2 the prior brief and declaration explaining how Suffolk can have access, at its own expense, and pursue its own discovery, in the MDL process. Liaison counsel has kept Suffolk informed as to available discovery. It is perhaps telling that no other governmental entity has complained about the conduct of liaison counsel.

- 1 -

pursue documents. However, the appointment of liaison counsel did not create a duty to either fund discovery for Suffolk or agree with it on approaches to discovery.

The Class case against Schering is on a different schedule than Suffolk's case. Almost nine months ago, liaison counsel explored various methods of access to Schering's documents and selected a method that is in our view sensible and cost-effective. This decision was made after spending hundreds of hours of reviewing Schering's hard-copy documents so that we had a feel for the best approach. Suffolk has, to the best of our knowledge, not bothered to review yet any of Schering's documents, but instead blames liaison counsel because we chose to proceed in a cost-effective and sensible way. Indeed the Schering production and the availability of its documents was made known to Suffolk yet for all this time Suffolk showed no interest in these materials.

The bottom line is that Suffolk has been aware of the existence of responsive documents. That it chooses another method of production is not the fault of liaison counsel and therefore Suffolk's proposition that the motion is necessitated by our conduct is without merit.

DATED:  January 4, 2005                           By     /s/ Steve W. Berman
                                                                         Thomas M. Sobol (BBO#471770)
                                                                        Edward Notargiacomo (BBO#567636)
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Hartweg Fegan
Hagens Berman LLP
60 W. Randolph Street, Suite 200
Chicago, IL 60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Samuel D. Heins
Alan I. Gilbert
Brian L. Williams
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CHAIRS OF LEAD COUNSEL COMMITTEE**

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

- 4 -

        Kenneth A. Wexler
        Jennifer F. Connolly
        The Wexler Firm
        One North LaSalle Street, Suite 2000
        Chicago, IL  60602
        Telephone: (312) 346-2222
        Facsimile: (312) 346-0022
        **MEMBERS OF LEAD COUNSEL COMMITTEE AND EXECUTIVE COMMITTEE**

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **RESPONSE OF LIAISON COUNSEL TO COUNTY OF SUFFOLK'S MOTION FOR LEAVE TO FILE REPLY REGARDING MOTION TO COMPEL PRODUCTION OF ELECTRONIC DISCOVERY FROM THE SCHERING PLOUGH DEFENDANTS** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on January 4, 2004, a copy to Verilaw Technologies for Posting and notification to all parties

By  **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292

1534.16 0153 MTN.DOC