**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| )<br>)<br>In Re: PHARMACEUTICAL )<br>INDUSTRY AVERAGE WHOLESALE )<br>PRICE LITIGATION )<br>)<br>)<br>)<br>THIS DOCUMENT RELATES TO: )<br>THE AMENDED MASTER )<br>CONSOLIDATED CLASS ACTION )<br>)<br>_____ ) | MDL No. 1456<br><br>Master File No. 01-CV-12257-PBS<br><br>Judge Patti B. Saris<br><br>Chief Mag. Judge Marianne B. Bowler |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO ENFORCE THE DECEMBER 28, 2004 ORDER
GRANTING DEFENDANTS' UNOPPOSED MOTION TO AMEND**

PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 AVENUE OF THE AMERICAS
NEW YORK, NY 10036
(212) 336 2000

Table of Contents

Page

INTRODUCTION ........................................................................................................................2

BACKGROUND .........................................................................................................................2

ARGUMENT...............................................................................................................................3

    A       Scope of the December 28 Order is Clear ...............................................................3

    B       History of Delay and Refusal to Comply..................................................................4

    C       Failure to Fulfill Document Production Obligations .................................................5

CONCLUSION.............................................................................................................................6

CERTIFICATE OF SERVICE ......................................................................................................7

1135031v1

## INTRODUCTION

Defendants urgently request enforcement of Your Honor's December 28 order, which granted defendants' unopposed motion to amend the November 2 order (endorsed by Judge Saris on November 23). This urgent request is necessitated by the imminent depositions of Aetna, Humana and CIGNA (hereinafter, the "Plans"), scheduled for January 7, January 11, and January 14, respectively, and because defendants' multiple, good faith attempts to resolve these issues with the Plans' counsel absent judicial intervention have been unavailing.

## BACKGROUND

On August 30, 2004, defendants moved to compel the Plans to comply with outstanding deposition subpoenas. On November 2, Your Honor granted defendants' motion, and in so doing, limited the areas of deposition inquiry to those set forth in a list attached to defendants' August 23 letter to the Plans. Your Honor's order further specified that this list "reiterate[d] topics encompassed in the list of documents to be produced attached to the re-noticed deposition subpoenas."

Upon review and cross-reference of Your Honor's order with the deposition subpoenas, defendants recognized that the order did not encompass PBM-related areas of inquiry (subjects 8-10 listed in the August 23 letter), which were encompassed by document requests 18 and 19 of the deposition subpoenas. On November 8, defendants accordingly filed an unopposed motion to amend the November 2 order, to correct this apparent error.

Simultaneously, the Plans moved Judge Saris to reconsider Your Honor's November 2 order, and to quash the deposition subpoenas. The Plans did not raise any issue regarding the scope of the order at this time. On November 23, Judge Saris endorsed Your Honor's November 2 order, amending it only to impose an 8-hour time limitation on depositions per health plan. Judge Saris did not address the scope of the November 2 order.

2

On December 28, Your Honor granted defendants' unopposed motion to amend. In light of this ruling, defendants again approached the Plans in a good faith effort to confirm the scope of the pending depositions, and to negotiate the production of outstanding documents to enable a thorough and complete deposition of the Plans (see December 29 letter from Cortes to St. Phillip, attached as Exh. A (without exhs.)). The Plans responded by reiterating their refusal to provide PBM-related deposition testimony, or to make any further production of documents (see December 30 letter from St. Phillip to Cortes, attached as Exh. B (without exhs.)).

Defendants made a final good faith effort to resolve these issues in a conference call with counsel for the Plans last night, but again, to no avail. Defendants are therefore left with no other recourse than to urge Your Honor to compel the Plans to comply with the deposition and document subpoenas, and with the rulings of this Court.

## ARGUMENT

### A       Scope of the December 28 Order is Clear

Defendants understand Your Honor's December 28 order to be a straightforward correction of an inadvertent omission of PBM-related areas of inquiry from the November 2 order. Your Honor's order thus requires the Plans to proffer sufficiently knowledgeable witnesses to testify regarding particular PBM-related inquiries, as outlined in defendants' August 23, 2004 letter to counsel for the Plans, and as previously set forth in defendants' unopposed motion to amend.[1] As Your Honor's December 28 order acknowledges, testimony in response to these PBM-related inquiries is essential to defendants' ability to adequately respond to plaintiffs' key allegations in this litigation. The Plans have been on notice of the claims at issue in this litigation since Defendants first served these subpoenas in November 2003, and

---

[1] The areas of inquiry are as follows: (1) each Plan's relationship(s), if any, with any PBM; (2) all rationales, information, and factors each Plan considered in deciding whether to do business with a PBM and in deciding which PBM, if any, to use; and (3) the identity of each person who participated in or had knowledge of the decision whether or not to do business with a PBM.

3

defendants have consistently impressed upon the Plans the crucial need for this testimony and related documentation.

Incredibly, the Plans contend that defendants' position is "frivolous" (see Exh. B), asserting that Judge Saris' November 23 order supercedes Your Honor's December 28 order, and precludes Your Honor from making a simple administrative clarification to the November 2 order regarding the scope of the pending depositions. The Plans make this argument notwithstanding that (1) they did not previously challenge the scope of the November 2 order in their motion for reconsideration to Judge Saris; and (2) contrary to the Plans' contentions, Judge Saris' November 23 order does not even address – let alone expressly rule on – the scope of the upcoming depositions.

### B        History of Delay and Refusal to Comply

The Plans' latest maneuver is merely another delay tactic in the Plans' continuous effort to avoid complying with the subpoenas. For nearly one year after defendants subpoenaed them, the Plans took the position that they were uninterested, absent, class members, and used this position to resist depositions, or the production of documents specifically responsive to defendants' subpoenas. They even stood on the sidelines in March 2004 as plaintiffs moved – unsuccessfully – to quash the third party subpoenas served on them. It was this continued resistance and delay that finally necessitated defendants' motion to compel the depositions last August. The Plans reasserted at this time that they were merely uninterested, absent class members, unduly burdened by the subpoenas.

Upon Your Honor's November 2, 2004 ruling, however, and upon losing their motion for reconsideration of that ruling, the Plans suddenly changed their tune. They acknowledged what defendants have been saying from the outset -- that collectively, they represent up to 25% of covered lives in the putative classes. Reversing course completely, the Plans then demanded a unique, quasi-plaintiff status in the litigation, wherein they would enjoy

4

1135031v1

the full benefit of offensive discovery afforded to a plaintiff, yet not be subjected to full

discovery by defendants (see November 24, 2004 Letter from St. Phillip to Haas, attached as

Exhibit C). Having no legal authority to "otherwise come into the action" on this basis,

however, the Plans backed off of this approach.

Now, in a final effort to avoid the upcoming depositions, the Plans argue that

Your Honor's December 28 order is precluded and superceded by Judge Saris' November 23

order. Defendants respectfully request that Your Honor enforce the December 28 order, and

compel the Plans to testify regarding PBM-related issues.

## C    Failure to Fulfill Document Production Obligations

Despite defendants' repeated, good faith negotiation efforts, the Plans have

continuously refused to make a complete production of documents in this litigation. In fact, even

as recently as last evening's conference call, counsel for the Plans again reasserted the Plans'

refusal to produce any further documents because they have produced a significant volume of

materials to date. The Plans knowingly and deliberately have neglected to address their failure to

comply with defendants' document requests, and instead stand on their erroneous assertion that

volume of production trumps the substance thereof, or compliance with the actual subpoenas

served.[2]

Exactly as per the Plans' strategy, defendants are currently forced to proceed with

the upcoming, time-limited, depositions without the following, essential categories of

documents, as previously set forth in defendants December 2, December 3 and December 29

letters to counsel for the Plans: (1) Any and all contracts with PBMs from 1991 to the present,

and related materials concerning the rationales, information and factors considered in deciding

whether to do business with a PBM; and (2) complete, signed and unredacted sample provider

---

[2] In fact, the bulk of Aetna's production to date has not even been documents a production of documents
responsive to the subpoena served in this litigation at all. Rather, Aetna produced documents it had
produced previously in other litigations.

5

contracts from 1997-2002, containing attached fee and procedure schedules.[3]   For defendants to conduct complete 30(b)(6) depositions of each entity, defendants need these documents.

## CONCLUSION

Defendants face a January 21, 2005 deadline on class certification briefing.  It is critical that these deposition and document production issues are immediately resolved.

Defendants therefore respectfully request that the Court:

1.      Confirm that the December 28, 2004 Order specifically requires the Plans to submit to PBM-related inquiries at the upcoming depositions;

2.      Direct the Plans to fulfill their obligations to produce relevant and responsive documents pursuant to the subpoenas served on them in this litigation;

3.      Direct the Plans to complete document production by January 11, 2005; and

4.      If this motion cannot be resolved by Friday, January 7, order that the 30(b)(6) depositions of Aetna's witnesses be postponed until the week of January 10, and that all 30(b)(6) depositions of the three Plans be completed by January 18, 2005.

Dated:  January 4, 2005

Respectfully submitted,

By: _____

Erik Haas (admitted *pro hac vice*)
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036-6710
(212) 336-2000

*Attorneys for Defendants Johnson &*
*Johnson, Centocor Inc. Ortho Biotech*
*Products L.P., Janssen Pharmaceutica L.P.*
*and McNeil-PPC on behalf of all defendants*
*to the Amended Master Consolidated Class*
*Action Complaint*

---

[3] In yet another effort to lessen the burden on the Plans, defendants agreed to narrow the request for provider contracts to those between each Plan and the five highest volume providers in Boston and New York in the fields of: oncology, rheumatology, pediatrics, urology, primary care, and obstetrics/gynecology.  The Plans nevertheless refused to make a supplemental production of documents.

1135031v1

## CERTIFICATE OF SERVICE

I certify that on January 4, 2005, a true and correct copy of the foregoing Memorandum of Law in Support of Defendants' Motion to Enforce the December 28, 2004 Order Granting Defendants' Unopposed Motion to Amend was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties. I further certify that on January 4, 2005, a copy was served on counsel for third parties Aetna U.S. Health Care, Humana, Inc., and Cigna Corporation by fax and Federal Express.

Erik Haas

# EXHIBIT A



# Patterson, Belknap, Webb & Tyler LLP

1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000
Fax (212) 336-2222

Christopher C. Angell
Douglas E. Barzelay
Susan F. Bloom
Henry P. Bubel
Laura E. Butzel
William F. Cavanaugh, Jr.
Lisa E. Cleary
Edward F. Cox
John Delli Venneri
Gregory L. Diskant
David W. Dykhouse
Philip R. Forlenza
Hugh J. Freund
Paul G. Gardephe
Eugene M. Gelernter
Alan Gettner
David M. Glaser
Antonia M. Grumbach
Erik Haas
Andrew L. Herz
Dana W. Hiscock
Scott Horton
Scott B. Howard
Karen C. Hunter
Kenneth J. King
Rochelle Korman
Robin Krause
Jeffrey E. LaGueux
Kim J. Landsman

Robert W. Lehrburger
Jeffrey I.D. Lewis
Robert P. LoBue
Ellen M. Martin
Maureen W. McCarthy
Thomas C. Morrison
Bernard F. O'Hare
Gloria C. Phares
Thomas W. Pippert
Herman H. Raspé
Robert M. Safron
Karla G. Sanchez
Kenneth L. Sankin
John Sare
Peter J. Schaeffer
Andrew D. Schau
John E. Schmeltzer, III
John P. Schmitt
Arthur D. Sederbaum
Karl E. Seib, Jr.
Saul B. Shapiro
Michael J. Timmons
Peter W. Tomlinson
Richard R. Upton
Frederick B. Warder III
William W. Weisner
John D. Winter
Stephen P, Younger
Steven A. Zalesin

Of Counsel

Harold R. Tyler
————
Anthony P. Coles
David F. Dobbins
George S. Frazza
Robert M. Pennoyer
Stephen W. Schwarz
Robert B. Shea
Ira T. Wender, P.C.

————

Direct Phone
(212) 336-2017

Direct Fax
(212) 336-7901

Email Address
jgcortes@pbwt.com

December 29, 2004

**By fax**

Peter D. St. Phillip, Jr., Esq.
Lowey Dannenberg Bemporad & Selinger, P.C.
1 North Lexington Avenue, 11th Floor
White Plains, NY 10601-1714

Re: **In re Pharmaceutical Industry Average Wholesale Price Litigation**

Dear Peter:

As you know, Magistrate Bowler has granted defendants' motion to amend Judge Saris' November 2, 2004 Electronic Order, thus requiring third parties Aetna U.S. Healthcare ("Aetna"), CIGNA Corporation ("CIGNA") and Humana, Inc. ("Humana") (collectively, the "entities"), to testify regarding pharmacy benefits managers ("PBMs") areas of inquiry, as set forth in subjects 8, 9 and 10 in the list attached to Erik Haas' August 23, 2004 letter to you. See Magistrate Bowler's Order, attached hereto as exhibit A, and the August 23, 2004 letter, attached hereto as Exhibit B.

Therefore, in addition to all other areas of inquiry set forth in Judge Saris' November 2, 2004 Order, the entities are now also required to testify regarding the following areas of inquiry:

- Relationship(s), if any, with any PBM. (subject 8)
- All rationales, information, and factors your clients' considered in deciding whether to do business with a PBM and in deciding which PBM, if any, to use. (subject 9)

Peter D. St. Phillip, Jr., Esq.
December 29, 2004
Page 2

- The identity of each person who participated in or had knowledge of the decision whether or not to do business with a PBM. (subject 10)

   Magistrate Bowler's Order further magnifies the immediate need for the entities to produce PBM-related documents, which as of yet, they have failed to do. As set forth in my December 2 and 3, 2004 letters to you (attached hereto as Exhibits C and D), the entities must immediately produce documents including, but not limited to:

- All contracts between the entities and any PBMs from 1991 to the present;

- To the extent the entities have internal PBMs, documents reflecting:

  - The services you provide to your clients and the terms including prices relating to these services.

  - The mail order and/or specialty pharmacy services you provide to your clients.

  - Competition among PBMs and the factors important to successfully compete in the PBM business.

  - The formulary options you provide to your clients.

  - The terms on which you share with your clients the rebates you are paid by drug manufacturers.

  - The alternatives available to your clients relating to the sharing of rebates and the information you provide to clients regarding rebates.

  - The alternatives you make available to your clients to pay for prescription drugs.

  - The clients to whom you provide PBM services.

  - The Formulary and Rebate Administration services, if any, you offer to other PBMs and the prices you charge for those services.

   As also specified in the December 2 and 3, 2004 letters, and as per our December 20 discussion, you are aware that also outstanding from the entities' productions to date are complete, signed and unredacted sample provider contracts from 1997-2002, containing attached fee and procedure schedules. In our continuing effort to reduce the burden of production on your clients, we agreed to narrow this request to contracts between each entity and the five highest volume providers in Boston and New York in the following specialty fields: oncology, rheumatology, pediatrics, urology, primary care, and obstetrics/gynecology. We have yet to receive a response from you with regard to these requests.

Peter D. St. Phillip, Jr., Esq.
December 29, 2004
Page 3

       Finally, we also have yet to receive from you the names, titles and backgrounds of the witnesses who will be testifying on behalf of Aetna or Humana.  Given that the depositions of all three entities are imminent, it is imperative that we receive this information immediately.

                   Sincerely yours,

                   Jessica Golden Cortes

cc:    John Macoretta, Esq. (by fax)

1133875v1

# EXHIBIT B

# LOWEY DANNENBERG BEMPORAD & SELINGER, P.C.

THE GATEWAY · ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601-1714
TELEPHONE: (914)997-0500 · TELECOPIER: (914)997-0035
E-MAIL: PSTPHILLIP@LDBS.COM · INTERNET: WWW.LDBS.COM

December 30, 2004

STEPHEN LOWEY
RICHARD BEMPORAD
NEIL L. SELINGER
DAVID C. HARRISON
RICHARD W. COHEN
THOMAS M. SKELTON

RICHARD B. DANNENBERG
COUNSEL

STACEY E. BLAUSTEIN
JEANNE D'ESPOSITO
MICHELLE RAGO
VINCENT BRIGANTI**
PETER D. ST. PHILLIP, JR.*
GEOFFREY M. HORN
TODD S. GARBER**
SCOTT V. PAPP**
DEBORAH ROGOZINSKI
*ALSO ADMITTED IN NJ AND PA
**ALSO ADMITTED IN CT

## VIA E-Mail Transmission

Jessica Golden Cortes, Esq.
Patterson, Belknap, Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036-6710

### RE:    In re Pharmaceutical Industry Antitrust Litigation

Dear Jessica:

We have your letter of December 29, 2004.

Here are the facts:

Following Magistrate Judge Bowler's November 2, 2004 Order, Adeel A. Mangi, Esq. of your office called me to seek my consent to a stipulated motion to include topics 8-10 (which relate to PBM information) in the list of permissible deposition topics, arguing that Magistrate Judge Bowler inadvertently omitted these topics. Mr. Mangi e-mailed a draft of the proposed motion to me on Friday, November 5, 2004. On Sunday, November 7, 2004, I e-mailed Mr. Mangi and told him I would take his request to my clients the next day. Mr. Mangi returned an e-mail to me explaining that time constraints required him to file his motion the next day. (A copy of this e-mail correspondence is attached).

After consultation with my clients, on Monday, November 8, 2004, I notified Estella Schoen of your office that our clients opposed the motion (see attached e-mail). Erik Haas, Esq. then called me to discuss our clients' position on this motion. In that conversation, I agreed to consent to the entry of the Order on the condition that I would preserve our rights to object to these categories in our Rule 72(a) objections. I then memorialized this position in an e-mail to Estella Schoen (see e-mail attached).

Our clients objected to the inclusion of these categories in our Rule 72(a) objections we filed on November 17, 2004. After considering our objections, Judge Saris entered a minute order on the docket on

1824 / LTR / 00070795.WPD v1

LOWEY DANNENBERG BEMPORAD & SELINGER, P.C.
December 30, 2004
Page 2

November 21, 2004, grating-in-part and denying-in-part our objections, stating that "[the Court] adopt[s] the conditions imposed by Judge Bowler and add[s] one: that no deposition shall be longer than 8 hours per health plan."

Notwithstanding this ruling, Defendants contend that we must produce testimony for topics excluded by Judge Saris' Order, given that Magistrate Judge Bowler signed the stipulation on December 28, 2004. Your position is frivolous. Our position remains that expressed in my December 1, 2004 e-mail to Mr. Haas (see copy attached). We will be seeking appropriate review of Magistrate Judge Bowler's December 28, 2004 Order and reserve our right to seek costs from Defendants as a sanction for requiring us to expend yet more resources unnecessarily.

With respect to your request for additional documents, I have your December 2, 2004 letter, your December 3, 2004 letter and your December 23, 2004 letter. Our client's position concerning additional document production remains the same as that expressed in my October 14, 2004 letter to Mr. Haas, a copy of which I attach for your reference.

You request that Aetna and CIGNA identify by name and title the Rule 30(b)(6) designees they intend to produce at their depositions in January. We know of no law requiring such advance designation and decline your request. If you have authority for your position, we are happy to review it and reconsider our position.

Regardless of the outcome of any of the disputes we may have, we will produce our witnesses, pursuant to Judge Saris' November 21, 2004 Order and our December 13, 2004 agreement postponing the deposition dates according to the following schedule:

| Client | Date and Time | Location |
|--------|---------------|----------|
| Aetna | January 7, 2004 - 9:30 a.m. | Elliott, Greenleaf & Siedzikowski, P.C. 925 Harvest Drive Blue Bell, PA 19422 |
| Humana | January 11, 2004 - 9:30 a.m. | Humana, Inc. 500 West Main Street Louisville, KY 40202 |
| CIGNA | January 14, 2004 - 9:30 a.m. | South Building, 900 Cottage Grove Road Bloomfield, Connecticut 06002 |

1824 / LTR / 00070795.WPD v1

LOWEY DANNENBERG BEMPORAD & SELINGER, P.C.
December 30, 2004
Page 3

Very truly yours,

*Peter D. St. Phillip, Jr.*

Peter D. St. Phillip, Jr.

cc:    John Macoretta, Esq. (via e-mail)

# EXHIBIT C

# LOWEY DANNENBERG BEMPORAD & SELINGER, P.C.

### THE GATEWAY • ONE NORTH LEXINGTON AVENUE

### WHITE PLAINS, NEW YORK 10601-1714

### TELEPHONE: (914) 997-0500 • TELECOPIER: (914) 997-0035

### E-MAIL: LDBS@WEBTNET.COM • INTERNET: WWW.LDBS.COM

STEPHEN LOWEY
RICHARD BEMPORAD
NEIL L. SELINGER
DAVID C. HARRISON
RICHARD W. COHEN
THOMAS M. SKELTON

RICHARD B. DANNENBERG
COUNSEL

November 24, 2004

STACEY E. BLAUSTEIN
JEANNE D'ESPOSITO
MICHELLE RAGO
VINCENT BRIGANTI**
PETER D. ST. PHILLIP, JR.*
GEOFFREY M. HORN
TODD S. GARBER*·
SCOTT V. PAPP**
DEBORAH ROGOZINSKI

*ALSO ADMITTED IN NEW JERSEY AND PA.
**ALSO ADMITTED IN CT

**<u>VIA FACSIMILE</u>**

Erik Haas, Esq.
Patterson, Belknap, Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10138

      **Re:**    **<u>In re Pharmaceutical Industry Wholesale Price Litigation, MDL 1456</u>**

Dear Eric:

      I received an electronic notice yesterday of Judge Saris' Order overruling in part our clients' Rule 72(a) objections. I have contacted our clients for purposes of scheduling the deposition testimony and will provide you with available dates as soon as possible.

      Now that our clients have been ordered to provide testimony and participate in both merits and class certification discovery, and in light of our clients' possession of a substantial portion of the claims asserted by the putative class, it is only fair and appropriate that our clients be permitted (through Lowey Dannenberg) limited participation in pretrial, pre-class certification proceedings. As a result, we are requesting your consent to a stipulation and order which would, upon execution of the operative protective order, permit our clients to "otherwise come into the action" under Rule 23(d)(2) to ensure that their interests are adequately represented. Our participation would be limited to access to discovery materials produced to class counsel, and attendance at depositions at which we could not ask questions, but could suggest questions to putative class counsel. We understand from class counsel that they would consent to this proposal.

      Please let me know Defendants' position by the end of the day on Monday, November 29, 2004. Hopefully it will be unnecessary to file a motion for such limited relief.

                    Very truly yours,

                    Peter D. St. Phillip, Jr.

PSP:tc
cc:    Tom Sobol, Esq.
       Richard W. Cohen, Esq.

1800 / LTR / 00070260.WPD v1