UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | : : : : : | MDL NO. 1456 Civil Action No. 01-12257-PBS Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: All Actions | : : : : | Chief Magistrate Judge Marianne B. Bowler |

## NON-PARTIES AETNA, INC., HUMANA INC., AND CONNECTICUT GENERAL LIFE INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE DECEMBER 28, 2004 ORDER

Aetna, Inc. ("Aetna"), Humana Inc. ("Humana") and Connecticut General Life Insurance Company ("CIGNA") (collectively the "Health Plans"), submit this memorandum of law in opposition to Defendants' "Motion To Enforce The Court's December 28, 2004 Order." Defendants' motion is nothing more than an attempt to get more than what was ordered by Your Honor and Judge Saris after extensive briefing and argument. Defendants' creative argument – that Your Honor and Judge Saris both made "administrative errors" in failing to include Topics 8-10 in the ruling – is, respectfully, a matter of interpretation for Judge Saris. The Health Plans believe that it was the intention of Your Honor and Judge Saris to exclude categories relating to pharmacy benefit managers in partial acceptance of the Health Plans' arguments that the extensive list of topics was unduly burdensome.

Defendants' last-minute "emergency" motion seeks to exacerbate this burden by requiring rush briefing, production of documents and preparation of testimony on new topics that will now have to take place immediately. Had Defendants taken the appropriate course and sought review

of Judge Saris' November 21, 2004 Order, there would be no claimed "emergency" and no disruption of witnesses', counsels' and Your Honor's busy schedules.

## BACKGROUND

These subpoenas, originally issued in November, 2003, have a long and tortured litigation history. Each time the Health Plans consider their massive discovery obligation concluded, they are disappointed by Defendants' insatiable desire to seek more materials and expand the categories of testimony. Unfortunately, the Health Plans have been unable to obtain peace from the Defendants.

After months of negotiations, agreements between the Health Plans and the Defendants were reached regarding the scope of document production in May and June of 2004. Thereafter, the Health Plans produced an extraordinarily large amount of information to Defendants over the course of the summer of 2004, including:

**HUMANA**

- Millions of claims, both from medical and pharmaceutical databases, covering thousands of strengths and dosages covering a 13-year time frame;

- Sample Provider Agreements from groups geographically dispersed throughout the United States;

- Sample Hospital Participation Agreements;

- Sample Specialist Physician Participation Agreements;

- Sample Physician Group Participation Agreements;

- Sample Primary Care Physician Participation Agreements;

- Sample Skilled Nursing Facility Participation Agreements;

- Sample Home Health Agency Participation Agreements; and

- Sample Pharmacy Provider Agreements.

**AETNA**

- Claims data for selected drugs, covering both medical and pharmaceutical databases;

- Organizational Documents;

- Sample Pharmacy Service Agreements, including in excess of 100 contracts with Michigan pharmacies;

- Sample Formularies;

- Sample Pharmacy Benefit Plans;

- Sample Prescription Plan Riders;

- Sample Comprehensive Medical Expense Benefits; and

- Testimony from its Pharmacy Director explaining drug reimbursements during the class period.

**CIGNA**

- Millions of claims, both from medical and pharmaceutical databases, covering in excess of one thousand strengths and dosages covering a 13-year time frame;

- Sample Rebate, Reimbursement and Chargeback Agreements;

- 1997-1998 Outpatient Drug Formulary;

- National Pharmacy and Therapeutic Committee Meeting Minutes;

- Sample Pharmacy Agreements;

- Sample National Pharmacy Policy and Procedure Manuals;

- 1999 Preferred Drug Formulary;

- 1999 Two-Tier Formulary Drug List;

- 2000 Two-Tier Formulary Drug List;

- 2000 Three-Tier Preferred Drug List;

- 2001 Cardiovascular Drug List;

- 2001 Two-Tier Formulary Drug List;

- • 2001 Three-Tier Preferred Drug List;

- • Testimony from its designee concerning its pharmaceutical business; and

- • Written responses to questions propounded by counsel for Abbott Laboratories concerning its pharmaceutical business during the class period.

Defendants were unsatisfied with the Health Plans' efforts and, on August 30, 2004, filed

a motion to compel. Defendants did not move to compel documents at this time.

The Health Plans responded, arguing that deposition testimony was unnecessary and that

responding to 25 topics was unduly burdensome. On November 2, 2004, Your Honor issued an

Order resolving the motions. This minute order stated:

> ELECTRONIC ORDER granting in part and denying in part Motion to Compel to the extent set forth in the rulung on Docket Entry # 1068. Electronic Order denying nonparties' Motion to Quash, consistent with the reasoning employed by the court at the March 8, 2004 status conference. The nonparties are ordered to appear at the noticed depositions which, absent an agreement among all participating entities, shall be taken within the next 30 days. The subject matter shall be item numbers 1-3, 5-7, 11-13, 16-17 and 20-21 as set forth in the list attached to the August 23, 2004 letter (Docket Entry # 170, Ex. F) which reiterates topics encompassed in the list of documents to be produced attached to the re-noticed deposition subpoenas (Docket Entry # 1018, Ex. E-G).

Thereafter, Defendants sought the Health Plans' consent to a joint motion to amend the

Order to include additional topics 8-10 on grounds that the Order inadvertently omitted these

topics from the Order. The Health Plans disagreed with this interpretation of Your Honor's

Order, but consented to the joint motion on the condition that their Rule 72(a) objections to the

inclusion of these categories were preserved.

On November 17, 2004, the Health Plans filed objections to the Order, reiterating their

burden arguments and informing Judge Saris therein of the existence of the pending joint motion

and preservation of their objections. After consideration of these objections, the Court entered a

minute order on the docket on November 23, 2004, granting-in-part and denying-in-part the

Health Plans' objections.  The Minute Order stated:

> Endsorsed [sic] ORDER entered denying Objection to 11/2/04
> Minute Order granting in part and denying in part Motion to Quash
> Subpoenas. "I adopt the conditions imposed by Judge Bowler and
> add one: that no deposition shall be longer than 8 hours per health
> plan."

Defendants did not seek review of this Order.

Thereafter, on December 28, 2004, Your Honor entered the Joint Motion.

## ARGUMENT

I.     **Defendants Assumption That Judge Saris' Order Does Not Reflect The
       Court's Adoption In Part of The Health Plans' Burden Argument Is
       Unfounded**

The Health Plans contend that Judge Saris' November 21, 2004 Order governs the present

dispute.  After due consideration of the Rule 72(a) objections, the Court adopted the conditions

set forth in Your Honor's November 2, 2004 Order, including the topics for testimony outlined

therein.  The Health Plans specifically preserved their objections to the additional topics (8-10)

and notified the District Court of this fact in their objections.  The Court adopted the conditions

imposed by Your Honor notwithstanding the pendency of the joint motion.  Defendants'

argument that the Health Plans must now produce witnesses for Topics 8-10 notwithstanding the

District Court's November 23, 2004 Order assumes that the District Court ignored the position of

the Heath Plans and their notification concerning the preservation of their objections to Topics 8-

10.  The Health Plans do not believe this position is tenable and respectfully request that Your

Honor vacate the December 28, 2004 Order as contrary to the November 21, 2004 Order of the

Court.

II.     **Defendants' Motion For the Production Of Additional Documents Is So Late It Has Unduly Burdened The Health Plans**

In response to Defendants' continued requests for additional documents, the Health Plans

made their position crystal clear in an October 14, 2004 letter:

> I am distressed that Defendants continue to violate Fed. R. Civ. P.
> 45(c)(1) with additional requests for information from our clients.
> We have produced a substantial amount of data, contracts and
> other information in response to your subpoenas.  We have
> expended considerable time and expense in providing you
> responsive information.  We consider our responsive duties
> complete and your requests for additional information vexatious.
> Our clients have completed their voluntary compliance with your
> subpoenas and are unwilling to expend additional time and expense
> on this matter.

*October 14, 2004 letter annexed hereto.*

Notwithstanding this unambiguous statement, Defendants failed to move for relief until

their "emergency" motion filed three days prior to the first deposition of the Health Plans.

Defendants have had ample time to present their arguments in a motion which provided the

Health Plans the opportunity to respond with the fullness of time.  Defendants sought instead to

move on an expedited basis, requiring the Health Plans to respond within less than 24 hours.

III.    **The Documents Requested Are Irrelevant and Their Production Is Unduly Burdensome**

Defendants want the Health Plans to scour their files and produce immediately:

(1)     "any and all contracts with PBMs from 1991 to present, and related materials
        concerning the rationales, information and factors considered in deciding whether
        to do business with a PBM"; and

(2)     "complete, signed and unredacted sample provider contracts from 1997-2002,
        containing attached fee and procedure schedules."

As to the first category, Defendants simply can not show that this information is relevant to the claim or defense of any party. How are the contracts these non-party Health Plans[1] have with a PBM reasonably calculated to lead to the discovery of admissible evidence? Defendants have made no showing in this regard. Further, the Health Plans have produced sample provider contracts sufficient to show how their provider contracting works. Certain of these contracts were produced in unredacted form and others were redacted to protect against disclosure of confidential pricing information. Defendants have made no showing why this information is necessary to their questioning. The Health Plans' deponent(s) will explain how the contracts work.

## IV.     The Depositions Should Proceed As Scheduled

Defendants accuse the Health Plans of raising last-minute objections in an effort to derail the taking of testimony. This accusation is false; the Health Plans want to be discharged of their duties under the subpoenas.

It is no small feat to schedule the depositions of appropriate witnesses for three large health benefit providers to address the variety of topics ordered by this Court. Regardless of the outcome of this motion, the Health Plans implore the Court to maintain the current schedule. As it stands one of the Humana witnesses is scheduled to fly from Green Bay, Wisconsin on Monday to be available for preparation and testimony. Postponing the depositions will only serve to disassemble the schedules of a variety of witnesses and lawyers.

---

[1]Defendants contend that the November 24, 2004 letter wherein the Health Plans seek access to discovery materials demonstrates that they are not really disinterested third parties. Defendants are correct. The Health Plans have been forced by Defendants' relentless pursuit of their defenses to the Health Plans' phantom lawsuit(s) to protect their interest in this litigation as absent class members. The Health Plans reiterate their request for access to the discovery produced in this matter to ensure that their interests are adequately protected.

The appropriate course is to allow the depositions to go forward.  If the Health Plans and the Defendants have disputes concerning the testimony, they can raise them after the deposition have taken place.  This would have been the proper course for this motion.

## CONCLUSION

For the foregoing reasons, the Health Plans respectfully request that the Court deny Defendants' motion, vacate the December 28, 2004 Order and permit the Health Plans access to the documents produced in this litigation[2] in order to protect their interests as absent class members.

Dated: January 5, 2005
       White Plains, New York

                              LOWEY DANNENBERG BEMPORAD
                              & SELINGER, P.C.

By: _____
                              Peter D. St. Phillip, Jr.
                              Todd S. Garber
                              The Gateway, 11th Floor
                              One North Lexington Avenue
                              White Plains, NY  10601-1714
                              Tel.:  (914) 997-0500
                              Fax.: (914) 997-0035

                              ***Counsel for Aetna, Inc., Humana Inc. &***
                              ***Connecticut General Life Insurance***
                              ***Company***

---

[2]The Health Plans will execute the prevailing confidentiality order and do not request access to any documents of their competitors.

# LOWEY DANNENBERG BEMPORAD & SELINGER, P.C.

THE GATEWAY · ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601-1714
TELEPHONE:(914)997-0500 · TELECOPIER: (914)997-0035
E-MAIL: PSTPHILLIP@LDBS.COM · INTERNET: WWW.LDBS.COM

STEPHEN LOWEY
RICHARD BEMPORAD
NEIL L. SELINGER
DAVID C. HARRISON
RICHARD W. COHEN
THOMAS M. SKELTON

RICHARD B. DANNENBERG
COUNSEL

October 14, 2004

STACEY E. BLAUSTEIN
JEANNE D'ESPOSITO
MICHELLE RAGO
VINCENT BRIGANTI*·
PETER D. ST. PHILLIP, JR.*
GEOFFREY M. HORN
TODD S. GARBER*·
SCOTT V. PAPP*·
DEBORAH ROGOZINSKI
* ALSO ADMITTED IN NJ AND PA
*·ALSO ADMITTED IN CT

## VIA E-MAIL AND FACSIMILE TRANSMISSION

Erik Haas, Esq.
Patterson, Belknap, Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10138

Re:   **In re Pharmaceutical Industry Wholesale Price Litigation, MDL 1456**

Dear Erik:

Attached are our time and expense charges incident to our attendance at the hearing in Boston yesterday. If we receive payment on or before Friday, October 22, 2004, we will consider it unnecessary to accept the Court's invitation to move for costs for Defendants' failure to attend.

I am distressed that Defendants continue to violate Fed. R. Civ. P. 45(c)(1) with additional requests for information from our clients. We have produced a substantial volume of data, contracts and other information in response to your subpoenas. We have expended considerable time and expense in providing you responsive information. We consider our responsive duties complete and your requests for additional information vexatious. Our clients have completed their voluntary compliance with your subpoenas and are unwilling to expend additional time and expense on this matter.

Very truly yours,

Peter D. St. Phillip, Jr.

PSP:an
encl.
cc:   Joseph Matye
      J. Clayton Everett, Jr.

1824 / LTR / C0069611.WPD v1

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January 2005, I served the foregoing:

1.      Non-Parties Aetna, Inc., Humana Inc., and Connecticut General Life Insurance

Company's Memorandum in Opposition to Defendants' Motion to Enforce December 28,

2004 Order

upon the following counsel of record via overnight mail:

Erik Haas
Patterson, Belknap, Webb & Tyler, LLP
1133 Avenue of the Americas
New York, New York 10036
Tel: (212) 336-2000
Fax: (212) 336-2222
EHASS@PBWT.com

Todd S. Garber