# KIRBY McINERNEY & SQUIRE, LLP

TELEPHONE:(212) 371-6600
(212) 317-2300
FACSIMILE:(212) 751-2540

*830 Third Avenue*

*New York City 10022*

———

IRVING MALCHMAN, OF COUNSEL

**VIA E-FILING**

February 1, 2005

Clerk of the Court
United States District Court for the District of Massachusetts
Suite 2300
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, Massachusetts 02210

> Re:   *County of Suffolk v. Abbott Laboratories, Inc.,  et al*.
>       (MDL. 1456)(E.D.N.Y. Case No. CV-030229)
>       No. 01-CV-12257-PBS

Dear Sir or Madam:

Per this Court's Order entered June 17, 2004 enclosed for filing in the above-captioned matter please find the February 1, 2005 status report for Suffolk County.

Sincerely,

/s/ Aaron D. Hovan
Aaron D. Hovan

Enclosures
cc: All Parties

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. NO. 1456 |
| | Civil Action No. 01-CV-12257- PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti Saris |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.,* E.D.N.Y. Case No. CV-03-229 | |

## SUFFOLK COUNTY'S STATUS REPORT

The undersigned counsel for Suffolk County hereby submits the attached status report to

the Court in accordance with the Court's June 17th Procedural Order.


Date:   February 1, 2005
        New York, New York


                                KIRBY McINERNEY & SQUIRE, LLP



                                By: /s/ Joanne M. Cicala
                                        Joanne M. Cicala
                                        Aaron D. Hovan

                                830 Third Avenue
                                New York, New York 10022
                                (212) 371-6600

                                COUNSEL FOR THE COUNTY OF SUFFOLK

## *MDL 1456 Status Report*
### *County of Suffolk v. Abbott Laboratories, Inc., et al.* **03cv10643-PBS, E.D.N.Y.**

**Motion to Dismiss-Related**

- October 26, 2004- Court orders Suffolk County to "disclose within three weeks all documents upon which it relied in calculating the spreads, and provide, in writing, a more definite statement of its method for calculating damages pursuant to Federal Rule of Civil Procedure 12(e)."
- November 16, 2004- Suffolk County files "Suffolk Affidavit In Response to October 26, 2004 Order".
- November 19, 2004- GSK files Motion for Clarification of the Court's October 26, 2004, Ruling in the County of Suffolk Action.
- November 22, 2004- Suffolk County files response to GSK's Motion For  Clarification.
- November 30, 2004- Defendants file responses to "Suffolk Affidavit In Response to October 26, 2004 Order".
- December 8, 2004- Suffolk County requests leave to file reply in further response to October 26, 2004 order.
- January 10, 2005- Court grants Motion for Leave to File Reply in Further Response to October 26, 2004 Order.

**Second Motion To Compel The Production of Discovery From The Schering-Pough Corporation**

- January  20, 2005- Suffolk County files Second Motion To Compel The Production of Discovery From The Schering-Pough Corporation.
- January 25, 2005- Schering files Opposition to County of Suffolk's Second Motion to Compel the Production of Discovery.
- January 27, 2005- Judge Marianne B. Bowler Denies Second Motion for Discovery without prejudice .  Deadline for responses is set for February 28, 2005.

**Motion respecting coordinated discovery**

- Suffolk County's motion respecting coordinated discovery and the role of liaison counsel filed April 27, 2004.
- Response of liaison counsel to Suffolk County's motion filed May 11, 2004.
- Suffolk County's reply filed May 24, 2004.
- Plaintiff and Liaison counsels' Motion to file a sur-reply in opposition to Suffolk's reply and accompanying Sur-reply memorandum filed May 26, 2004.
- Memorandum of Bristol-Myers Squibb Company in response to the motion of County of Suffolk addressing the role of liaison counsel for all plaintiffs, filed May 28, 2004.
- Response of Liaison Counsel to Bristol-Myers Squibb Memorandum addressing the role

of liaison counsel filed May 28, 2004.

## **Certificate of Service**

I certify that on February 1, 2005 a true and correct copy of the foregoing February 1, 2005 Status Report was served on all Counsel of Record by electronic service pursuant to Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

/s/ Aaron D. Hovan
Aaron D. Hovan