UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) <br> ) MDL NO. 1456 <br> ) <br> ) CIVIL ACTION: 01-CV-12257-PBS <br> ) |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | ) Judge Patti B. Saris <br> ) <br> ) |

## PLAINTIFFS' MOTION TO COMPEL DEFENDANT GLAXOSMITHKLINE, INC. TO PRODUCE RULE 30(b)(6) WITNESSES

Pursuant to Fed. R. Civ. P. 37, plaintiffs hereby move to compel defendant GlaxoSmithKline, Inc. ("GSK") to produce witnesses pursuant to plaintiffs' Notice of Rule 30(b)(6) Deposition Regarding Sales Representative Reporting and Management dated December 9, 2004. (A copy of the notice is annexed hereto as Exhibit 1). To date, GSK has produced only one witness in response to this notice, and that witness's testimony was limited both as to the subject matter and time covered by the deposition notice. GSK has acknowledged the relevance of plaintiffs' inquiry, and has represented that it is seeking to identify additional witnesses, but to date has failed to satisfy its obligations.

### I. BACKGROUND FACTS

The documents uncovered in this case show that GSK engaged in a scheme to inflate and market the spread between the price at which it sold its drugs and the AWP at which its customers were reimbursed. GSK's purpose in engaging in this scheme was to gain a no-cost advantage over its competitors and increase its market share. The evidence demonstrates that the practice was especially pernicious with GSK's physician-administered drugs – drugs that are prescribed and administered by a physician, and paid for based on inflated AWPs. These drugs are marketed to GSK's physician customers directly by GSK sales representatives.

A.    **The Rule 30(b)(6) Notice**

On December 9, 2005, plaintiffs served a rule 30(b)(6) deposition notice seeking testimony from GSK, in 10 specifically identified areas of inquiry, concerning the training, management, and reporting practices of GSK sales representatives responsible for selling physician-administered drugs – primarily the competing anti-nausea drugs Zofran and Kytril – to oncology clinics and physicians.[1] The purpose of the deposition notice was, among other things, to discover how GSK's sales representatives were trained to market these products, how they were incentivized for their performance, how they reported their activities to management, and how their activities were directed and supervised by GSK. The purpose of the notice also was to investigate why the vast majority of regular reports by field staff to management, including reports from as recently as the late 1990s, had not been produced allegedly because they were destroyed or otherwise no longer existed. The deposition was noticed for December 30, 2004.

Following several communications between counsel concerning the subject matter of the deposition, GSK offered two witnesses to respond to the notice, one who could testify concerning the training undergone by Zofran sales representatives during part of the relevant period, and a second longtime employee who could testify with respect to most of the other subject areas for the entire period. At GSK's request, the deposition was initially continued, but was eventually scheduled to take place in Philadelphia, GSK's place of business, on January 20 and 21, 2005.

---

[1] GSK as currently constituted is the result of the merger of two pharmaceutical manufacturers, GlaxoWellcome ("GW") and SmithKlineBeecham ("SKB"). GW sold Zofran and SB sold Kytril. As a result, GSK is responsible for the improper sales and marketing practices employed for both Zofran and Kytril. Following the merger of GW and SKB, GSK divested itself of Kytril.

### B.    GSK's Failure to Comply

The deposition of GSK's first witness was conducted as scheduled. The first day's witness testified knowledgably with respect to one category of inquiry and with qualification with respect to a few others, for about a third of the relevant period. During breaks over the course of the day, GSK's counsel conveyed his reservations about the proferred second-day's witness's ability to satisfy the balance of the deposition notice categories and, at the end of the day, relayed conclusively that the witness would not be authorized to speak on behalf of GSK with respect to any of the many uncovered areas. The second day's deposition was therefore cancelled.

Plaintiffs made written demand the following day for GSK's compliance with the rule 30(b)(6) notice. (A copy of plaintiff's counsel's letter dated January 21, 2005 is annexed hereto as Exhibit 3). Nearly two weeks have passed since demand was made, and nearly two months have passed since the deposition was first noticed. To date, no additional witnesses have been offered.

## II.    ARGUMENT

GSK should be compelled to produce witnesses who can respond fully to the Rule 30(b)(6) notice. GSK should further be compelled to produce witnesses immediately so as not to benefit from further delay.

### A.    GSK Should Be Compelled to Produce Witnesses

Upon receipt of a Rule 30(b)(6) notice, the designating party must (1) designate deponents who are knowledgeable on the subject matter of the identified area of inquiry; (2) designate more than one deponent if necessary to respond to the areas pf inquiry specified by the party; (3) prepare the deponent to testify on matters not known by the deponent, but known by

the designating party; and (4) substitute an appropriate deponent when it becomes apparent that the initial deponent is insufficient. *Alexander v. FBI*, 186 F.R.D. 137, 141 (D.D.C. 1998). The persons designated must testify as to matters reasonably available to the designating party and, in fact, the designating party has an affirmative duty to designate and prepare witnesses capable of providing the organization's information. *See Mitsui & Co. v. Puerto Rico Water Resources Auth.*, 93 F.R.D. 62, 67, (D.P.R. 1981) (granting motion to compel designation of witnesses under rule 30(b)(6)).

GSK has failed to meet its obligation under rule 30(b)(6). It has offered only one witness, who testified as to only a limited subject areas and time period. GSK did not prepare this witness to testify beyond the scope of his personal knowledge and, indeed, sought to disqualify the witness from speaking on behalf of GSK even with respect to facts within his personal knowledge. The notice of deposition has not been satisfied.

GSK cannot now protest that the areas of inquiry specified in the notice of deposition are so remote or arcane that it truly cannot identify potential representatives under rule 30(b)(6). The subject matter of this notice could not be more central to GSK's business: the policies practices, systems, and standards by which it trains and supervises its sales staff; the methods and systems used by its sales staff to report their activities; the awards and incentives paid to sales staff for performance; and the identities of the top 10 GSK representatives with respect to physician administered drugs. At any rate, GSK has not moved for a protective order or objected to the scope of the subject matter or time covered by the deposition notice.

### B. GSK Should Be Required to Comply Immediately

When plaintiffs noticed the rule 30(b)(6) deposition two months ago, it was then more than four months before the commencement of summary judgment practice under Judge Saris's

4

scheduling order. Now two months have passed and time has grown shorter. Pursuant to Case Management Order No. 10 entered in this case on March 25, 2004, the outer limit for compliance with a 30(b)(6) deposition notice is 45 days. GSK should not be permitted to further delay the completion of this foundation deposition. GSK should be compelled to designate responsive witnesses immediately and in any event within seven days of the entry of any order by this Court.

### III. CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that this motion be granted.

Respectfully submitted,

By /s/ David Nalven
Thomas M. Sobol
David S. Nalven
Edward Notargiacomo
Hagens Berman LLP
One Main Street
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*LIAISON AND CO-LEAD COUNSEL*

        Eugene A. Spector
        Jeffrey Kodroff
        Spector, Roseman & Kodroff, P.C.
        1818 Market Street, Suite 2500
        Philadelphia, PA 19103
        Telephone: (215) 496-0300
        Facsimile: (215) 496-6611

        Marc H. Edelson
        Hoffman & Edelson
        45 West Court Street
        Doylestown, PA 18901
        Telephone: (215) 230-8043
        Facsimile: (215) 230-8735

        Kenneth A. Wexler
        Kenneth A. Wexler & Associates
        One North LaSalle Street, Suite 2000
        Chicago, IL 60602
        Telephone: (312) 346-2222
        Facsimile: (312) 346-0022

        Samuel Heins
        Brian Williams
        Heins, Mills & Olson, P.C.
        700 Northstar East
        608 Second Avenue South
        Minneapolis, MN 55402
        Telephone: (612) 338-4605
        Facsimile: (612) 338-4692

        CO-LEAD COUNSEL

Dated: February 3, 2005

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1
Docket No. MDL 1456

I hereby certify that I have conferred and attempted in good faith to narrow the issues with opposing counsel on numerous occasions as is set forth herein.

/s/ David S. Nalven

Dated: February 3, 2005


## CERTIFICATE OF SERVICE
Docket No. MDL 1456

I, David S. Nalven, hereby certify that I am one of plaintiffs' attorneys and that, on February 3, 2005, I caused copies of Plaintiffs' Motion to Compel Defendant GlaxoSmithKline to Produce Rule 30(b)(6) Witnesses to be served via VeriLaw on all counsel of record.

/s/ David S. Nalven

Dated: February 3, 2005

# EXHIBIT 1



# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL NO. 1456 ) ) CIVIL ACTION: 01-CV-12257-PBS ) |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | ) Judge Patti B. Saris ) ) |

## NOTICE OF 30(B)(6) DEPOSITION OF DEFENDANT GLAXOSMITHKLINE, INC. REGARDING SALES REPRESENTATIVE REPORTING AND MANAGEMENT

TO ALL COUNSEL OF RECORD VIA VERILAW:

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), plaintiffs will take the deposition upon oral examination of the representative of defendant GlaxoSmithKline, Inc. who is most knowledgeable regarding the matters designated on Exhibit A attached hereto. The deposition will take place at the offices of Hagens Berman LLP, One Main Street, Cambridge, Massachusetts, 02142 on December 30, 2004, and continue from day to day thereafter until completed.

The deposition shall be taken before a notary public or another officer authorized by law to administer. You are invited to attend and participate.



Respectfully submitted,


By /s/ David S. Nalven
Thomas M. Sobol
David S. Nalven
Edward Notargiacomo
Hagens Berman LLP
One Main Street
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*LIAISON AND CO-LEAD COUNSEL*

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735



Kenneth A. Wexler
Elizabeth Fegan Hartweg
Kenneth A. Wexler & Associates
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel Heins
Brian Williams
Heins, Mills & Olson, P.C.
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

CO-LEAD COUNSEL

Michael McShane
Alexander, Hawes & Audet, LLP
300 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 982-1886
Facsimile: (415) 576-1776

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
Shreveport, LA 71103
Telephone: (318) 226-0826
Facsimile: (318) 424-9900

PLAINTIFFS LEAD COUNSEL COMMITTEE

Anthony Bolognese
Bolognese & Associates
One Penn Center
1617 JFK Boulevard, Suite 650
Philadelphia, PA 19103
Tel: (215) 814-6750
Fax: (215) 814-6764



Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Ave. N.E., Suite 300
Washington, DC 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

Neal Goldstein (Of Counsel)
Freedman & Lorry, PC
400 Market Street, Suit 900
Philadelphia, PA 19106
Tel: (215) 925-8400
Fax: (215) 925-7516

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL  33134
Tel:  (305) 357-9000
Fax: (305) 357-9050

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street, Suite 1700
San Diego, CA  92101
Tel:  (619) 338-1133
Fax: (619) 338-1139

Jonathan D. Karmel
Karmel & Gilden
221 N. LaSalle Street
Suite 1414
Chicago, IL  60601
Tel: (312) 641-2910
Fax: (312) 641-0781

Dianne M. Nast
Roda & Nast, PC
801 Estelle Drive
Lancaster, PA 17601
Tel: 717-892-3000
Fax: 717-892-1200



Henry H. Rossbacher
Rossbacher & Associates
811 Wilshire Boulevard, Suite 1650
Los Angeles, CA 90017-2666
Tel: (213) 895-6500
Fax: (213) 895-6161

Jonathan Shub
Sheller, Ludwig & Badey, P.C.
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102
Tel: (215) 790-7300
Fax: (215) 546-0942

Scott R. Shepherd
Shepherd & Finkleman, LLC
117 Gayley Street, Suite 200
Media, PA 19063
Tel: (610) 891-9880
Fax: (610) 891-9883

Lisa J. Rodriguez
Ira Neil Richards
Trujillo Rodriguez& Richards, LLC
The Penthouse
226 West Rittenhouse Square
Philadelphia, PA 19103
Tel: (215) 731-9004
Fax: (215) 731-9044

Mitchell A. Toups
Weller, Green, Toups & Terrell, L.L.P.
2615 Calder Street, Suite 400
Beaumont, TX 77704
Tel: (409) 838-0101
Fax: 409-838-6780

Damon Young
Lance Lee
Young, Pickett & Lee
4122 Texas Boulevard
Texarkana, AR/TX 75504
Tel: (903) 794-1303
Fax: 903-792-5098; 903-794-5098



Stephen C. Richman, Esq.
Markowitz & Richman
121 South Broad Street
Telephone: (215) 875-3100
1100 North America Building
Philadelphia, PA 19107


Dated: December 9, 2004



## EXHIBIT A

**I.    DEFINITIONS AND INSTRUCTIONS**

All of the definitions from Plaintiffs First Request for Production of Document Directed to All Defendants are incorporated herein by reference.

"GSK" means the GSK Group as described and defined in the Amended Master Consolidated Complaint dated June 12, 2003.

All areas of inquiry cover the period 1991 to the present.

**II.    MATTERS FOR EXAMINATION**

1. GSK's policies, practices, systems, and standards concerning training and education of GSK sales representatives who represent GSK with respect to physician-administered drugs.

2. GSK's policies, practices, systems, and standards concerning the management of GSK sales representatives who represent GSK with respect to physician-administered drugs.

3. GSK's policies, practices, systems, and standards concerning reporting physician calls, presentations, and other business-related activities.

4. Field notes and sales reports transmitted by GSK sales representatives who represent GSK with respect to physician-administered drugs to GSK district managers and regional managers, and the reporting of district managers and regional managers to other GSK personnel.

5. The computer programs used to manage GSK personnel who represent GSK with respect to physician-administered drugs including but not limited to programs that collect data on the number of contacts with purchasers or potential purchasers of any physician administered drug and summarize the nature of the discussions between GSK sales representatives and such purchasers or potential purchasers. Examples of such programs include programs marketed by Siebel Systems and ImpactRx, as well as any programs developed by GSK.



6. Promotional materials used or prepared by GSK sales representatives who represent GSK with respect to physician-administered drugs.

7. Business plans developed by GSK sales representatives who represent GSK with respect to physician-administered drugs.

8. Authority to provide samples, grants, and payments or credits of any kind delegated to sales representatives who represent GSK with respect to physician-administered drugs.

9. Awards given to GSK sales representatives who represent GSK with respect to physician-administered drugs, including the name, and current address and telephone number of each recipient of any such award.

10. For each year, the name, current address, and telephone number of the top 10 GSK representatives with respect to physician-administered drugs.



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice Of Rule 30(B)(6) Deposition was served on December 9, 2004, upon all counsel of record electronically by Verilaw.

                                    By:  /s/ David S. Nalven
                                           David S. Nalven
                                           Hagens Berman LLP
                                           One Main Street, 4th Floor
                                                Cambridge, MA 02142

# EXHIBIT 2

HAGENS BERMAN LLP

BOSTON   LOS ANGELES   PHOENIX   SEATTLE

**hagens-berman.com**
ONE MAIN STREET • CAMBRIDGE, MA 02142
(617) 482-3700 • FAX (617) 482-3003

DAVID S. NALVEN
(617) 475-1953
davidn@hagens-berman.com

January 21, 2005

BY FAX

Geoffrey E. Hobart, Esq.
Matthew J. O'Connor, Esq.
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

Thomas H. Lee II, Esq.
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793

     Re:   In Re Pharmaceutical Industry AWP Litigation
             MDL No. 1456

Gentlemen:

     Yesterday I took what was to be the first of two depositions of witnesses produced by GSK in response to plaintiffs' 30(b)(6) deposition notice dated December 9, 2004. The witness had no knowledge with respect to some of the subjects of inquiry and some knowledge with respect to others, but even in the areas where he had some knowledge, his knowledge was limited to the period beginning December 1999 or November 2001, depending on the subject. He had no knowledge with respect to any subject for the period January 1991 to December 1999, including no knowledge with respect to SKB-heritage practices.

     I had understood that the witness scheduled for today was a longtime GSK employee and would fill the remaining periods and subject matters, but I was told yesterday by Matt O'Connor, first tentatively and then definitively at 4:00 pm, that today's witness was without information or authority to respond to the notice with respect to any of the uncovered subjects or time periods.

     These depositions were noticed more than six weeks ago. The dates and locations of the depositions were discussed among counsel over several telephone conversations and set on January 6 and 7. Despite the time allowed for planning and discussion, GSK has failed to meet its discovery obligations.

Geoffrey E. Hobart, Esq.
Matthew J. O'Connor, Esq.
Thomas H. Lee II, Esq.
January 21, 2005
Page 2

     I understand that as a result of having several law firms and lawyers involved in the representation of GSK there may have been a lapse in communication among counsel. My objective is not to cast aspersions or point fingers, but merely to meet plaintiffs' legitimate discovery needs. Given the recent delays and current deadlines, time is of the essence.

     Please provide assurance that GSK will respond fully and promptly to plaintiffs' 30(b)(6) notice by identifying the names of the GSK employees who will testify in response to plaintiffs' subpoena, the dates within the next two weeks that they will be made available, and the subjects about which they will testify. If plaintiffs do not provide these assurances by the close of business Monday January 24, 2005, we will seek relief from the Court. If you would like to discuss this matter, please do not hesitate to call me.

                               Very truly yours,

                               David S. Nalven