# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL NO. 1456 ) ) CIVIL ACTION: 01-CV-12257-PBS ) |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | ) Judge Patti B. Saris ) ) |

## PLAINTIFFS' MOTION TO COMPEL DEFENDANT GLAXOSMITHKLINE, INC. TO PRODUCE DOCUMENTS IN THE MANNER REQUIRED BY RULE 34(b)

Pursuant to Fed. R. Civ. P. 37, plaintiffs hereby move to compel defendant

GlaxoSmithKline, Inc. ("GSK") to produce documents in the manner required by Rule 34(b).

Rule 34(b) requires documents to be produced as they are kept in the usual course of business or

organized and labeled to correspond with the categories in the requesting party's document

request. GSK has produced over 270,000 pages of documents without identifying either the file

source from which they were produced or the specific request to which they respond. GSK

should not be permitted to impose on plaintiffs the unfair burden of being made to review these

documents without supplying the identifying information required by the rules.

## I.    BACKGROUND FACTS

In response to Plaintiffs Omnibus Request for Production of Documents dated March 31,

2004, GSK has produced approximately 2.8 million pages. Some of GSK's production is

relevant and responsive, but much of it consists of irrelevant material, multiple copies of the

same document, or otherwise useless material.

Ordinarily, when confronted with a bury-them-with-paper production, the receiving party

can prioritize its document review based on the information provided by the producing party

concerning the contents of particular document files. In some cases, the information is the

source from which the documents were produced – a department, an office, a person.  In other cases, there is a reference to the subject matter of the documents, often tied to a particular document request.

## A.    GSK's Initial Manner of Production

GSK produced most of its documents beginning last summer on a rolling basis via computer-readable tagged image file format on CDs that could be reviewed only on a computer screen, and only on a page-by-page basis.  In many cases, neither the cover letters conveying the disks nor the disks themselves bore any information identifying the source or subject matter of the documents contained on the disks.  A letter from GSK counsel to plaintiffs' counsel, dated August 6, 2004, conveying documents, is typical of this manner of production:

> Enclosed please find the following documents produced by GlaxoSmithKline in the above-referenced action:
>
>> 1. Approximately 13,000 pages of documents produced in response to plaintiffs' prior document requests.  These documents are contained on two CDs.  The documents are bates numbered GSKMDLKYTR02-0050630 through GSKMDLKYTR02-0063549.

(Letter from Thomas H. Lee to Thomas M. Sobol dated August 6, 2004, and others, are annexed hereto as Exhibit 1).

## B.    GSK's Agreement to Provide a Source Log

After receiving several disks containing documents produced in this manner, plaintiffs contacted GSK to request that the documents be produced in the manner required by Rule 34(b).  An email from plaintiff's counsel to GSK's counsel dated September 7, 2004 summarizes the discussion:

> Following up on our conversation this afternoon, we are seeking a more specific description of the contents of the disks GSK recently produced that are identified as responsive to plaintiffs' omnibus request dated March 31, 2004.  For example, if the production was organized by request, we ask that GSK tell us which documents respond

to which requests.  If the documents were produced in the manner in which they were maintained, we ask that GSK tell us which documents came from which files.

(Email from David Nalven to Matthew O'Connor dated September 7, 2004 is annexed hereto as Exhibit 2).

As a result of further discussions, an agreement was reached between counsel, as set forth in a letter from GSK counsel, as follows:

GlaxoSmithKline will provide Plaintiffs with an index of the sources which will include the disc number and beginning and ending bates numbers for each source, for the documents produced by GlaxoSmithKline in response to Plaintiffs' Omnibus requests dated March 31, 2004.

(Letter from Matthew O'Connor to David Nalven dated October 18, 2004 is annexed hereto as Exhibit 3).

### C.   GSK's Breach of the Agreement

Despite this agreement, with respect to a significant set of documents, GSK failed to produce an index.   Specifically, GSK's source log failed to include over 425,000 pages of documents produced within the bates no. categories KYTR01 and KYTR02.  Plaintiffs' counsel contacted the GSK lawyer responsible for this production through November and December 2004.  Over the course of several telephone conferences and email communications during this period of delay, GSK counsel stated that GSK would provide the index promptly, but that it would not be complete because GSK had lost track of the source information of some of the documents it had produced.  GSK's counsel stated that "we do not necessarily have source information for all of the documents" and "we cannot identify a source for every document." (Emails from Thomas Lee to David Nalven dated December 10, 2004 and  January 3, 2004, annexed hereto as Exhibit 4).

3

Finally, on January 14, 2005, the log was provided.  Of the 425,000 pages whose source had not been identified, the log failed to identify a source for over 270,000 pages.  Plaintiffs' had stated their willingness to accept, as a matter of accommodation, a log that did not "have source information for *all* documents" or did not "identify a source for *every* document;" GSK never disclosed that the log it was planning to produce failed to identify the source of *two-thirds* of the unsourced documents.

Plaintiffs wrote GSK on January 26, 2005, demanding compliance w Rule 34(b) by either a complete log or identification "with respect to each document produced whose source cannot be identified the specific document request to which it has been produced."  In its response dated January 31, 2005, GSK declined, stating,

> Your suggestion that GSK should go back and determine the specific document request(s) to which each of the *hundreds of thousands of documents* were deemed responsive is unreasonable, and such an exercise would be unduly burdensome and inappropriate.

(Letters exchanged between David Nalven and Thomas Lee are annexed hereto as Exhibit 5 (emphasis supplied)).

## II.   <u>ARGUMENT</u>

This dispute is about which party bears the burden of  performing a preliminary organization of documents produced in litigation.  GSK contends that it would be unduly burdensome for it to organize the "hundreds of thousands of documents" that it has "deemed responsive" without any source or other organizing information.  Plaintiffs take the position that GSK should not be allowed to produce a haystack of documents that it *deems* responsive and leave plaintiffs to find the needle.  Review of unidentified documents is particularly burdensome when the documents are produced in electronic form.  Unlike paper, which can be flipped

through and scanned, electronic documents must be reviewed on a computer screen, page-by-page.

It is, however, neither GSK's view nor plaintiffs' view that controls.  It is the text of the rule 30(b).  That rule gives the producing party two options: produce by source or produce by request.

GSK has delayed compliance with its obligations to produce documents in accordance with its agreement and rule 34(b) for too long.  It should not be permitted to seek to bury plaintiffs in paper and avoid the requirements of the rule.  GSK should be ordered to produce all documents in a manner consistent with rule 34(b) within seven days.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that this motion be granted.

Respectfully submitted,

By **/s/ David Nalven**
Thomas M. Sobol
David S. Nalven
Edward Notargiacomo
Hagens Berman LLP
One Main Street
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*LIAISON AND CO-LEAD COUNSEL*

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Kenneth A. Wexler & Associates
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel Heins
Brian Williams
Heins, Mills & Olson, P.C.
700 Northstar East
608 Second Avenue South
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

CO-LEAD COUNSEL

Dated: February 3, 2005

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Docket No. MDL 1456

I hereby certify that I have conferred and attempted in good faith to narrow the issues with opposing counsel on numerous occasions as is set forth herein.

_/s/ David S. Nalven_____

Dated: February 3, 2005

## CERTIFICATE OF SERVICE

Docket No. MDL 1456

I, David S. Nalven, hereby certify that I am one of plaintiffs' attorneys and that, on February 3, 2005, I caused copies of Plaintiffs' Motion to Compel Defendant GlaxoSmithKline to Produce Documents in the Manner Required by Rule 34(b) to be served via VeriLaw on all counsel of record.

_/s/ David S. Nalven_____

Dated: February 3, 2005

# EXHIBIT 1

 **Dechert** LLP



Thomas H. Lee II
Direct Tel: (215) 994-2994
Direct Fax: (215) 655-2994
thomas.lee@dechert.com

August 06, 2004

**VIA FEDERAL EXPRESS**

BOSTON

BRUSSELS

CHARLOTTE

FRANKFURT

HARRISBURG

HARTFORD

LONDON

LUXEMBOURG

MUNICH

NEW YORK

NEWPORT BEACH

PALO ALTO

PARIS

PHILADELPHIA

PRINCETON

SAN FRANCISCO

WASHINGTON

Thomas M. Sobol, Esquire
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Re:  Production of Documents by GlaxoSmithKline In Re Pharmaceutical Industry Average
     Wholesale Price Litigation, MDL No. 1456

Dear Tom:

Enclosed please find the following documents produced by GlaxoSmithKline in the above-referenced action:

> 1.    Approximately 13,000 pages of documents produced in response to
>        plaintiffs' prior document requests. These documents are contained on two
>        CDs. The documents are bates numbered GSKMDLKYTR02-0050630
>        through GSKMDLKYTR02-0063549.

The documents are being produced in response to plaintiffs' prior document requests and
are subject to GlaxoSmithKline's objections to these requests. All documents are being
produced pursuant to the Protective Order entered by Judge Saris in this action.

Please do not hesitate to contact me with any questions.

Sincerely,

Thomas H. Lee

Enclosures

**Law Offices of Dechert LLP**

4000 Bell Atlantic Tower • 1717 Arch Street • Philadelphia, PA 19103-2793 • Tel: 215.994.4000 • Fax: 215.994.2222 • www.dechert.com

# HOLLAND & KNIGHT LLP

FILE COPY

Annapolis
Atlanta
Bethesda
Boston
Bradenton
Chicago
Fort Lauderdale
Jacksonville
Lakeland
Los Angeles
Miami
New York
Northern
Virginia
Orlando
Portland
Providence
Rancho Santa Fe
St. Petersburg

San Antonio
San Francisco
Seattle
Tallahassee
Tampa
Washington,
D.C.
West Palm Beach

International
Offices:
Caracas**
Helsinki
Mexico City
Rio de Janeiro
São Paulo
Tel Aviv**
Tokyo

**Representative
Office

August 13, 2004

MARK D. SELTZER
617-854-1460

Internet Address:
mseltzer@hklaw.com

<u>By Overnight Mail</u>

Thomas M. Sobol, Esq.
Hagens Berman, L.L.P.
One Main Street, Fourth Floor
Cambridge, MA 02142

Re:   Production of Documents by GlaxoSmithKline ("GSK") as to
In Re Pharmaceutical Industry Average Wholesale Price
Litigation, MDL No. 1456

Dear Tom:

Enclosed please find approximately 11,000 pages of documents produced in the above-referenced matter. The documents are contained on three disks (OMNI05-057 and OMNI05-059) and run from bates number GSK-MDL-OMNI05-0595173 through GSK-MDL-OMNI05-0606634. These documents are produced in response to plaintiffs' Omnibus request dated March 31, 2004, in accordance with GSK's response to such request and without waiving any objections set forth in the response.

All documents are produced pursuant to the Protective Order entered by Judge Saris in this action.

Please do not hesitate to call me with any questions.

Sincerely yours,

Mark D. Seltzer

 **Dechert** LLP

Thomas H. Lee II
Direct Tel: (215) 994-2994
Direct Fax: (215) 655-2994
thomas.lee@dechert.com

**FILE COPY**

August 20, 2004

**VIA FEDERAL EXPRESS**

BOSTON

BRUSSELS

CHARLOTTE

FRANKFURT

HARRISBURG

HARTFORD

LONDON

LUXEMBOURG

MUNICH

NEW YORK

NEWPORT BEACH

PALO ALTO

PARIS

PHILADELPHIA

PRINCETON

SAN FRANCISCO

WASHINGTON

Thomas M. Sobol, Esquire
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Re:  Production of Documents by GlaxoSmithKline In Re Pharmaceutical Industry Average
     Wholesale Price Litigation, MDL No. 1456

Dear Tom:

Enclosed please find the following documents produced by GlaxoSmithKline in the above-
referenced action:

   1.   Approximately 34,500 pages of documents produced in response to
        plaintiffs' prior document requests.  These documents are contained on
        three CDs.  The documents are bates numbered GSKMDLKYTR02-
        0063550 through GSKMDLKYTR02-0098208.

The documents are being produced in response to plaintiffs' prior document requests and
are subject to GlaxoSmithKline's objections to these requests. All documents are being
produced pursuant to the Protective Order entered by Judge Saris in this action.

Please do not hesitate to contact me with any questions.

Sincerely,

Tom L.

Thomas H. Lee

Enclosures

Law Offices of Dechert LLP

4000 Bell Atlantic Tower • 1717 Arch Street • Philadelphia, PA 19103-2793 • Tel: 215.994.4000 • Fax: 215.994.2222 • www.dechert.com

# EXHIBIT 2

**David Nalven**

| | |
|---|---|
| **From:** | David Nalven |
| **Sent:** | Tuesday, September 07, 2004 6:02 PM |
| **To:** | 'matthew.oconnor@hklaw.com' |
| **Cc:** | Edward Notargiacomo; Paul Carroll |
| **Subject:** | GSK Dcmt Production |

**Contacts:**          Matthew J. O'Connor

Following up on our conversation this afternoon, we are seeking a more specific description of the contents of the disks GSK recently produced that are identified as responsive to plaintiffs' omnibus request dated March 31, 2004.  For example, if the production was organized by request, we ask that GSK tell us which documents respond to which requests. If the documents were produced in the manner in which they are maintained, we ask that GSK tell us which documents came from which files.

You have agreed to determine whether the documents can be sourced back to the files from which they were produced.  I understand your position that in agreeing to make this determination, you are not agreeing either to provide source information or that GSK has a duty to provide source information.

Please also consider: if the documents cannot be sourced back to the files from which they were produced, to what extent do the documents GSK produced exist in electronic form and searchable or sortable by field or through some other criteria.  I am thinking particularly about field reports, which I understand during some periods were transmitted to a central source at Glaxo and maintained in a discrete file.  Archived emails are another such category.  These or other kinds of documents may be easily identified and segregated if there is no other way to readily separate specific categories of documents within GSK's production.

Please let me know what you are able to determine.

David S. Nalven
Hagens Berman LLP
One Main Street
Cambridge, MA 02142
(617) 482-3700 ph
(617) 482-3003 fax
davidn@hagens-berman.com

# EXHIBIT 3

# Holland · Knight

Tel  617 523 2700
Fax  617 523 6850

Holland & Knight LLP
10 St. James Avenue. 11th Floor
Boston. MA 02116
www.hklaw.com

October 18, 2004

Matthew J. O'Connor
617-619-9217
matthew.oconnor@hklaw.com

**VIA FACSIMILE**

David Nalven, Esq.
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Re:   In Re Pharmaceutical Industry Average Wholesale Price
Litigation, MDL No. 1456

Dear David:

I am writing to summarize the proposal we discussed in our phone call today.

GlaxoSmithKline will provide Plaintiffs with an index of the sources, which will include the disc number and beginning and ending bates numbers for each source, for the documents produced by GlaxoSmithKline in response to Plaintiffs' Omnibus requests dated March 31, 2004. GlaxoSmithKline shall not produce, and Plaintiffs shall not seek, documents in any format, including, but not limited to, electronic or searchable media, other than the format GlaxoSmithKline has used to-date (i.e. TIFF images on disk). If you agree with the proposal, we plan to have a substantially complete index to you no later than October 27, 2004. A sample page of the index is attached.

If possible, please let me know today if Plaintiffs will accept this proposal as I will be traveling for the remainder of the week. Thank you for your assistance in this matter.

Sincerely,

Matthew J. O'Connor

Annapolis • Atlanta • Bethesda • Boston • Bradenton • Chicago • Fort Lauderdale • Jacksonville • Lakeland • Los Angeles
Miami • New York • Northern Virginia • Orlando • Portland • Providence • Rancho Santa Fe • St. Petersburg • San Antonio
San Francisco • Seattle • Tallahassee • Tampa • Washington, D.C. • West Palm Beach
Beijing • Caracas* • Helsinki* • Mexico City • Rio de Janeiro • São Paulo • Tel Aviv* • Tokyo • *Representative Office

| DISK | BEGIN BATES NUMBER | END BATES NUMBER | SOURCE |
|---|---|---|---|
| OMNI05-055 | GSK-MDL-PBM01-0000001 | GSK-MDL-PBM01-0028164 | |
| | GSK-MDL-PBM01-0028165 | GSK-MDL-PBM01-0029037 | |
| | GSK-MDL-PBM01-0029038 | GSK-MDL-PBM01-0038816 | |
| | GSK-MDL-PBM01-0038817 | GSK-MDL-PBM01-0043554 | |
| | GSK-MDL-PBM01-0043555 | GSK-MDL-PBM01-0046031 | |
| | GSK-MDL-PBM01-0046032 | GSK-MDL-PBM01-0047879 | |
| | GSK-MDL-PBM01-0047880 | GSK-MDL-PBM01-0062890 | |
| | GSK-MDL-PBM01-0062891 | GSK-MDL-PBM01-0064094 | |
| | GSK-MDL-PBM01-0064095 | GSK-MDL-PBM01-0064327 | |
| | GSK-MDL-PBM01-0064328 | GSK-MDL-PBM01-0064636 | |
| | GSK-MDL-PBM01-0064637 | GSK-MDL-PBM01-0065285 | |
| OMNI05-056 | GSK-MDL-PBM01-0065286 | GSK-MDL-PBM01-0066518 | |
| | GSK-MDL-PBM01-0066519 | GSK-MDL-PBM01-0074499 | |
| | GSK-MDL-PBM01-0074500 | GSK-MDL-PBM01-0074567 | |
| | GSK-MDL-PBM01-0074568 | GSK-MDL-PBM01-0075885 | |
| | GSK-MDL-PBM01-0075886 | GSK-MDL-PBM01-0083198 | |
| | GSK-MDL-PBM01-0083199 | GSK-MDL-PBM01-0086864 | |
| | GSK-MDL-PBM01-0086865 | GSK-MDL-PBM01-0087741 | |
| | GSK-MDL-PBM01-0087742 | GSK-MDL-PBM01-0091075 | |
| | GSK-MDL-PBM01-0091076 | GSK-MDL-PBM01-0173269 | |

# EXHIBIT 4

## David Nalven

**From:** Lee, Thomas [thomas.lee@dechert.com]
**Sent:** Friday, December 10, 2004 12:22 PM
**To:** David Nalven
**Subject:** RE: Call re SB dcmt index

David:

We are in the process of preparing for you an index of the source of the
Kytril documents produced to the extent we have that information. As I
explained the other day, we do not necessarily have source information
for
all of the documents (e.g., the documents originally produced to the
government), but we will get you what we can. I hope to have the index
by
the end of next week.

                              Tom

-----Original Message-----
From: David Nalven [mailto:davidn@hagens-berman.com]
Sent: December 10 2004 12:14 PM
To: thomas.lee@dechert.com
Subject: Call re SB dcmt index

I am afraid my layover in chi is shorter than I had expected. Will call
later in the day. If you have any further info re index of sb dcmts or
other
searchable mechanism, pls email. Thanks very much.

This e-mail is from Dechert LLP, a law firm, and may contain information
that is confidential or privileged. If you are not the intended
recipient, do not read, copy or distribute the e-mail or any
attachments. Instead, please notify the sender and delete the e-mail and
any attachments. Thank you.

## David Nalven

**From:** Lee, Thomas [thomas.lee@dechert.com]
**Sent:** Monday, January 03, 2005 9:12 AM
**To:** David Nalven
**Subject:** FW: Source Log for Kytril Documents

David:

I am told we are "95% done" and should have it to you before the end of the week. Keep in mind that for reasons I have previously explained, we cannot identify a source for every Kytril document.

        Tom

-----Original Message-----
**From:** Lee, Thomas
**Sent:** January 03 2005 8:34 AM
**To:** 'davidn@hagens-berman.com'
**Subject:** Source Log for Kytril Documents

David:

We are still working on this. I know we ran into a few technical problems right before the holidays. I will check on its status and get back to you.

        Tom

Thomas H. Lee, II
Partner
Dechert LLP
+1.215.994.2994 (Direct)
+1.215.655.2994 (Fax)
thomas.lee@dechert.com
www.dechert.com

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

# EXHIBIT 5

HAGENS BERMAN LLP

BOSTON   LOS ANGELES   PHOENIX   SEATTLE

**hagens-berman.com**
ONE MAIN STREET • CAMBRIDGE, MA 02142
(617) 482-3700 • FAX (617) 482-3003

DAVID S. NALVEN
(617) 475-1953
davidn@hagens-berman.com

January 26, 2005

**BY FAX**

Thomas H. Lee II, Esq.
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793

     Re:    In Re Pharmaceutical Industry AWP Litigation
              MDL No. 1456

Dear Tom:

     I am writing concerning GSK's document source log generally, and the source of the GSK documents we received yesterday that were produced as part of the OMNI06 and KYTR01 production sets.

     On January 14, 2005, GSK produced a log indicating the source of various SB-heritage documents previously produced. You told me before providing the log that GSK was unable to identify the source of some of the documents already produced because the production in this litigation was merely a replication of the production in other matters and the original source of the document had not been recorded. As it turns out, the number of entries in the log for documents in the KYTR production sets that indicate an "unknown" source represent two-thirds of the documents in those sets. The log also does not include source information for the documents contained on the KYTR01-025 and KYTR01-026 discs.

     Plaintiffs were willing to accommodate GSK's inability to identify the source of some of the documents, notwithstanding GSK's responsibility to produce documents organized either as kept or in response to specific requests. We cannot accept, however, a log that is so incomplete.

     Plaintiffs request that GSK provide a reasonably complete source log. I understand your position that at this point that may simply not be possible. If that is the case, under the rules, there is another mechanism: GSK may identify with respect to each document produced whose source cannot be identified the specific document request to which it has been produced.

     Please let me know by Friday, January 28, 2005 how GSK will proceed. If GSK is unable to commit to identifying or producing within one week the documents within its SB-heritage production, we will seek relief from the Court. If you have another suggestion for a

Thomas H. Lee II, Esq.
January 26, 2005
Page 2

mechanism for GSK to meet its discovery obligations, or wish to discuss this matter for any reason, please do not hesitate to call.

For your convenience, below is a list showing the CD and bates number ranges for the Kytril document folders indicating an "unknown" source.

| Disc | Beginning Bates Number | Ending Bates Number |
|---|---|---|
| GSKKYTR01-010 | GSKMDLKYTR01-0087040 | GSKMDLKYTR01-0087451 |
| GSKKYTR01-011 | GSKMDLKYTR01-0097447 | GSKMDLKYTR01-0098090 |
| GSKKYTR01-013 | GSKMDLKYTR01-0113355 | GSKMDLKYTR01-0113650 |
| GSKKYTR01-014 | GSKMDLKYTR01-0114682 | GSKMDLKYTR01-0116389 |
| GSKKYTR01-015 | GSKMDLKYTR01-0124911 | GSKMDLKYTR01-0124911 |
| GSKKYTR01-015 | GSKMDLKYTR01-0126351 | GSKMDLKYTR01-0126482 |
| GSKKYTR01-015 | GSKMDLKYTR01-0126578 | GSKMDLKYTR01-0126688 |
| GSKKYTR01-015 | GSKMDLKYTR01-0127375 | GSKMDLKYTR01-0127559 |
| GSKKYTR01-016 | GSKMDLKYTR01-0132757 | GSKMDLKYTR01-0133144 |
| GSKKYTR01-019 | GSKMDLKYTR01-0142348 | GSKMDLKYTR01-0146131 |
| GSKKYTR01-019 | GSKMDLKYTR01-0146266 | GSKMDLKYTR01-0147507 |
| GSKKYTR01-019 | GSKMDLKYTR01-0148391 | GSKMDLKYTR01-0150010 |
| GSKKYTR01-020 | GSKMDLKYTR01-0150011 | GSKMDLKYTR01-0152223 |
| GSKKYTR01-021 | GSKMDLKYTR01-0152224 | GSKMDLKYTR01-0152229 |
| GSKKYTR01-021 | GSKMDLKYTR01-0152763 | GSKMDLKYTR01-0152816 |
| GSKKYTR01-021 | GSKMDLKYTR01-0153452 | GSKMDLKYTR01-0153529 |
| GSKKYTR01-022 | GSKMDLKYTR01-0154743 | GSKMDLKYTR01-0155433 |
| GSKKYTR01-022 | GSKMDLKYTR01-0155469 | GSKMDLKYTR01-0155637 |
| GSKKYTR01-022 | GSKMDLKYTR01-0156091 | GSKMDLKYTR01-0157678 |
| GSKKYTR02-001 to GSKKYTR02-003 | GSKMDLKYTR02-0000001 | GSKMDLKYTR02-0027654 |
| GSKKYTR02-004 to GSKKYTR02-005 | GSKMDLKYTR02-0027655 | GSKMDLKYTR02-0050629 |
| GSKKYTR02-006 to GSKKYTR02-007 | GSKMDLKYTR02-0050630 | GSKMDLKYTR02-0063549 |
| GSKKYTR02-008 to GSKKYTR02-009 | GSKMDLKYTR02-0063550 | GSKMDLKYTR02-0091555 |
| GSKKYTR02-010 | GSKMDLKYTR02-0091556 | GSKMDLKYTR02-0098208 |
| GSKKYTR02-011 to GSKKYTR02-023 | GSKMDLKYTR02-0098209 | GSKMDLKYTR02-0270611 |
| HARD COPY PRODUCTION | GSKMDLOMNI02-0176875 | GSKMDLOMNI02-0176876 |

Thomas H. Lee II, Esq.
January 26, 2005
Page 3

In addition, the GSK documents we received yesterday that were produced by your office as part of the OMNI06 and KYTR01 production sets were produced without any source identification. Please provide the source identification for these documents promptly.

Very truly yours,

David S. Nalven

cc:   Geoffrey E. Hobart, Esq.
      Matthew J. O'Connor, Esq.



**Dechert** LLP

Thomas H. Lee II
Direct Tel: (215) 994-2994
Direct Fax: (215) 655-2994
thomas.lee@dechert.com

January 31, 2005

**VIA FACSIMILE AND FIRST CLASS MAIL**

BOSTON

BRUSSELS

CHARLOTTE

FRANKFURT

HARRISBURG

HARTFORD

LONDON

LUXEMBOURG

MUNICH

NEW YORK

NEWPORT BEACH

PALO ALTO

PARIS

PHILADELPHIA

PRINCETON

SAN FRANCISCO

WASHINGTON

David S. Nalven, Esquire
Hagens Berman LLP
One Main Street
Cambridge, MA  02142

Re:  In Re Pharmaceutical Industry AWP Litigation
     MDL No. 1456

Dear David:

I am writing in response to your letter dated January 26, 2005, regarding the source log of documents produced in the MDL that I provided to you on January 14, 2005.

The short answer to your letter is that we have provided you the source information we currently have for the documents listed in the log with the additions noted below.  As you and I have previously discussed on several occasions, there are a number of documents produced in this litigation where, for a variety of reasons, we cannot identify the source of the documents.  Most of these documents were gathered years ago for purposes unrelated to the current litigation and well before it began, and unfortunately source information was not maintained.  Moreover, many of the documents contain sufficient information to identify the author and recipients of the documents.  If there are specific documents about which you have questions, I would be happy to work with you to resolve those questions.

Your suggestion that GSK should go back and determine the specific document request(s) to which each of hundreds of thousands of pages of documents were deemed responsive is unreasonable, and such an exercise would be unduly burdensome and inappropriate.

With respect to documents contained on any disks produced recently and which were not included in the source log, I will provide you the source information to the extent we have it as soon as possible.  In addition, we have identified the source of the following documents listed on the log:

GSKMDLKYTR01-0097447 to 98090 - Roger Sprockett

GSKMDLKYTR01-0124911 to 0124911 - Doris Kabulsky/Jeff Orban

David S. Nalven, Esquire
January 31, 2005
Page 2


As always, I am open to discussing these issues with you at any time.

Very truly yours,

Thomas H. Lee II


THL/pak