UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | MDL No. 1456 |
| | Master File No. 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| This Document Relates to ALL ACTIONS. | |

**PLAINTIFFS' MOTION TO COMPEL AND FOR FINDING THAT DOCUMENTS AND TESTIMONY RELATED TO ASTRAZENECA'S PRICING, MARKETING, AND SALES OF ITS PRODUCTS ARE NOT PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE**

Plaintiffs, by their attorneys, respectfully move this Court for an order compelling the deposition of Stuart Fullerton, and for a finding that documents and testimony relating to pricing, marketing, and sales of its products are not protected by the attorney-client privilege.

1. In 2002, AstraZeneca ("AZ") stopped reporting the Average Wholesale Price ("AWP") for its products to publishers, and instead began reporting the Wholesale Acquisition Cost ("WAC"). In the course of discovery, plaintiffs have learned that Stuart Fullerton, in-house counsel for AZ, was involved in making this decision. However, AZ has not only refused to produce Mr. Fullerton for deposition but has also refused to produce certain documents or permit testimony from other deponents on certain aspects of their pricing, marketing, and sales practices. As set forth in the accompanying Memorandum of Law, plaintiffs' motion should be granted because AZ's unsupported claims of privilege fail for the following reasons:

1

2.  AZ has asserted a blanket "privilege" with regard to both Fullerton's deposition and other discovery relating to certain AZ sales, marketing, and pricing policies. AZ has the burden of showing that the attorney-client privilege and/or work product doctrine applies to each communication and document being withheld. *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 190 F.R.D. 287, 289 (D. Mass. 2000). However, AZ has utterly failed to meet their burden.

3.  Not only has AZ failed to show that these communications are privileged, but it is clear that the testimony and documents that they seek to withhold are not even entitled to be privileged. The attorney-client privilege does not apply when an attorney is providing business advice or is acting in a non-legal role. *Vijay Borase v. M/A COM, Inc.*, 171 F.R.D. 10, 14 (D. Mass. 1997). Here, the testimony and documents sought by the plaintiffs concern matters that solely relate to business advice, including certain sales, pricing, and marketing practices. Therefore, these communications are not protected by the attorney-client privilege.

4.  AZ has also tried to shield certain discoverable communications by claiming that the common-interest doctrine applies. However, AZ has failed to establish the applicability of this doctrine, as they have not shown that: (1) the communications were made in the course of a joint defense; (2) the statements were designed to further the effort; and (3) the underlying privilege has not been waived. *Ken's Foods, Inc. v. Ken's Steak House, Inc.*, 213 F.R.D. 89, 93 (D. Mass. 2002).

5.  AZ has also failed to comply with Plaintiffs' request for documents and testimony relating to Fullerton's external, public presentations, even though it is clear that the attorney-client privilege does not apply to information communicated to the public.

*Winchester Capital Mgmt. Co. v. Mfr.'s Hanover Trust Co.*, 144 F.R.D. 170, 174 (D. Mass. 1992).

6. Even if any of the communications at issue in this motion were privileged, the crime-fraud exception vitiates that protection because it is clear that Fullerton was involved in conduct that goes straight to the heart of the alleged fraud perpetrated by AstraZeneca. *See In re Grand Jury Subpoena*, 220 F.R.D. 130, 151 (D. Mass. 2004).

7. Finally, AZ has impliedly waived any privilege that may have existed by virtue of the defenses they have raised. *See FDIC v. R.W. Beck, Inc.*, Case No. 01-cv-11982-RGS, 2004 U.S. Dist. LEXIS 12128, at *3 (D.Mass. July 1, 2004). Specifically, AZ has asserted at least 5 affirmative defenses that put Fullerton's advice regarding several business decisions at issue, including the decision to stop reporting AWPs to the publishers in 2002.

WHEREFORE plaintiffs respectfully request that this Court enter an order granting plaintiffs' motion to compel and entering a finding that documents and testimony related to AstraZeneca's pricing, marketing, and sales of its products are not protected by the attorney-client privilege, and all other relief that this Court deems just and proper.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2), the undersigned hereby certify that counsel for plaintiffs conferred with counsel for AstraZeneca regarding the issues addressed in this motion, but were unable to resolve or narrow the issues.

Respectfully submitted,

By: _/s/ Jennifer F. Connolly_
Thomas M. Sobol
Edward Notargiacomo
**HAGENS BERMAN LLP**
One Main Street, 4th Floor
Cambridge, MA 02142

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
**HAGENS BERMAN LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Samuel Heins
Brian Williams
**HEINS MILLS & OLSON, PC**
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Jeff Kodroff
John Macoretta
**SPECTOR, ROSEMAN & KODROFF, PC**
Market Street, Suite 2500
Philadelphia, PA 19103

**CHAIRS OF LEAD
COUNSEL COMMITTEE**

Kenneth A. Wexler
Jennifer Fountain Connolly
**THE WEXLER FIRM LLP**
One North LaSalle, Suite 2000
Chicago, Illinois 60602

Marc H. Edelson
Allan Hoffman
**HOFFMAN & EDELSON**
45 West Court Street
Doylestown, PA 18901

4

## CERTIFICATE OF SERVICE BY VERILAW

Docket No. MDL 1456

I, Jennifer F. Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on February 3, 2005, I caused copies of Plaintiffs' Motion to Compel and for Finding that Documents and Testimony Related to AstraZeneca's Pricing, Marketing, and Sales of its Products are not Protected by the Attorney-Client Privilege to be served on all counsel of record by causing same to be posted electronically via Verilaw.

*Jennifer F. Connolly*
Jennifer F. Connolly