UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 146<br><br>CIVIL ACTION: 01-CV-12257 PBS |
| ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS ) ) ) | Chief Magistrate Judge Marianne B. Bowler |

**REPLY MEMORANDUM IN SUPPORT OF CLASS PLAINTIFFS' MOTION TO STRIKE THE DECLARATION OF STEVEN J. YOUNG**

In their Motion to Strike the Declaration of Defendants' expert Steven J. Young ("Motion to Strike"), Plaintiffs demonstrated that the Court should strike the Young Declaration for three primary reasons. First, even though the sole basis of Mr. Young's purported "expertise" is his undisclosed consulting with certain Defendants and class members, Mr. Young refused to testify regarding the nature of the work he has done for those entities, the sources he considered in drafting his Declaration, or the nature of his expert opinions rendered in AWP-related actions. Second, Mr. Young, who is not an economist and, except for opining on these issues in the Lupron MDL, has never served as an expert regarding class certification, lacks the expertise necessary to give an opinion regarding whether damages may be proven on a classwide basis. Third, the drafting of the Young Declaration was substantially guided by Defendants and their counsel.

In their Opposition to the Motion to Strike ("Young Opposition"), Defendants do not dispute that:

- Mr. Young refused to testify fully regarding (a) the substance of engagements between himself or his firm and specific Defendants, other pharmaceutical companies and health plans, (b) *all* of the sources that he considered in drafting his Declaration, and (c) the work he produced as a liability expert in connection with the *Stetser* and *Walker* Lupron AWP class actions.

- There is no authority in any jurisdiction for the proposition that a contractual confidentiality provision is a valid basis for refusing to disclose information that is required of an expert pursuant to Rule 26 of the Federal Rules of Civil Procedure;

- Mr. Young is not an economist and applied no substantive economic techniques while plotting his dispersion charts; and

- Prior to this case, Mr. Young only submitted one expert report for class certification (in the Lupron MDL) and that report was the subject of a motion to strike when that case was settled.

Defendants simply have not disputed the major points in Plaintiffs' Motion. The Young Declaration should be stricken.[1]

## I. Defendants Have Admitted that Mr. Young Has Refused Ro Testify Fully Regarding the Professional Experiences Upon Which His Industry Expertise is Purportedly Based

Defendants do not deny that Mr. Young refused to testify regarding the professional experiences upon which his expertise is purportedly based. Indeed, Defendants readily admit that Mr. Young's expertise is based solely on his "experience" as a consultant. Young Opp., at 6 ("[A]n expert may acquire expertise from experience, not just academics. And experience is what Mr. Young brings to this case"). Mr. Young himself admitted that the opinions he has rendered in this case are grounded in his experience and that alone:

---

[1] Defendants' contention that Plaintiffs' citations to the Young deposition transcripts are inaccurate (Young Opp. at 1, n.1, 4 n.2) is disingenuous at best. As Defendants know, the court reporter had not yet provided counsel with a certified copy of the Young transcripts at the time Plaintiffs filed their Motion to Strike. Thus, Plaintiffs had no option but to cite to the unofficial draft of the Young transcript in their opening brief. Notwithstanding the foregoing, as a courtesy to this Court, Plaintiffs hereby attach as Exhibit A a copy of their Opening Brief with revised citations to the certified Young transcripts.

> Q. <u>Now I take it, Mr. Young, that at least in part your declaration is based upon your experiences and communications with people from those health plans?</u>

MR. FLYNN: I object to the form.

> A. <u>The experiences that I gain on all of my client -- all of my client exposures, becoming familiar with the industry, how the industry operates, is basically what makes me of value to all of my clients, the cumulative knowledge or experiences that I gain,</u> so as to obtaining an overall understanding of how the industry operates, <u>I use that information along with a lot of other information to form my opinions in this case.</u>

> Q. <u>Is your answer yes?</u>

MR. FLYNN: Objection to the form.

> A. Again I think I provided an accurate explanation that I use the -- how I use that information. <u>Yes.</u>

Young Tr. I, at 46-47 (emphasis added).

Despite the fact that the Young Declaration is based on Mr. Young's "experience," Defendants incorrectly claim that Mr. Young's refusal to testify regarding that experience was harmless for two reasons. First, Defendants argue that, notwithstanding the self-imposed limits to his testimony, Mr. Young adequately disclosed the nature of the consulting work that he performed for clients by listing the names of some "representative" clients and by providing a brief, general description of selected examples of his consulting work. *See* Young Opp. at 10; Ex. 2 to Young Decl. at 4. Defendants therefore claim that Mr. Young was not required to "match up" his client list with his description of projects he has performed. Second, Defendants claim that even if the substance of Mr. Young's testimony regarding his prior work experiences was incomplete, his Declaration should not be stricken because his "specific opinions" are not based on any undisclosed information or materials and, thus, could not have prejudiced Plaintiffs. *Id.* at 1, 10-12. Both arguments fail.

Defendants' claim that an expert can satisfy Fed. R. Civ. P. 26 by selecting isolated experiences to disclose limited information makes a mockery of the Rule itself. In order to both inquire into Mr. Young's possible biases as well as to understand that basis for Mr. Young's purported "experience," upon which Defendants explicitly and unabashedly rely, Plaintiffs are entitled to have Mr. Young testify regarding the specific work that Young performed for each Defendant and class member in this case.[2] Because, however, Defendants instead chose to allow Mr. Young to refuse to disclose this information, the Young Declaration should be stricken.[3]

Moreover, the fact that Mr. Young's "specific opinions" may or may not be based on the information Mr. Young has refused to provide is irrelevant. Initially, it is impossible for Plaintiffs to know whether Mr. Young's specific opinions are based on his withheld experience since Mr. Young refused to testify regarding that experience. Furthermore, Defendants have not cited *a single case* that states that, where, as here, the Court has entered a strict Protective Order to which all parties to the litigation are bound, Defendants can on the one hand hold Mr. Young out as an expert based on his "significant experience," while on the other hand argue that confidentiality requirements prohibit inquiries into the specifics of those experiences.[4] Because

---

[2] The same argument applies to Mr. Young's refusal to discuss the substance of the expert opinions that he proffered on liability in the *Stetser* and *Walker* Lupron class actions. Defendants' argument that these expert reports are immaterial because Young did not rely on them in drafting his Declaration is absurd. Young Opp.. at 10 n.6. Like here, the *Stetser* and *Walker* Lupron class actions involve the manipulation of AWPs of brand name drugs. The fact that Mr. Young was a liability expert, and not a class expert in those cases, does not render those opinions irrelevant. To preclude Plaintiffs from learning whether Mr. Young's prior statements and opinions on AWP liability are consistent with his present work would be inherently unfair and run counter to the most basic goals of the discovery process.

[3] Defendants' argument is particularly ironic because they claim that *Plaintiffs* have the burden of proving Mr. Young has a "disqualifying conflict of interest" (Young Opp., at 14), but have refused to provide the information that would allow Plaintiffs to satisfy that purported burden.

[4] Defendants' reliance on *Flebotte v. Dow Jones & Co.*, 2000 U.S. Dist. LEXIS 19875, *22 (D. Mass. Dec. 6, 2000) is misplaced. In *Flebotte*, the Court found that Rule 26 did not require the production of every calculation or test conducted by the expert during the formation of the report. That

4

Mr. Young's refused to testify as to even the most basic, non-privileged discoverable facts, his conclusions should be excluded.

## II. Defendants Have Admitted That Mr. Young Is Not Qualified To Opine On The Issue Of Whether Damages Can Be Calculated On A Classwide Basis.

In their Opposition, Defendants acknowledge that Mr. Young is not an economist or econometrician, and was not proffered for the purpose of opining that damages cannot be proven on a classwide basis. Young Opp., at 2 ("Defendants have proffered Mr. Young as an industry expert, not as an economist or econometrician.") Despite this admission, Defendants attempt to save Mr. Young's disqualification by arguing that his lack of qualifications as an economist are irrelevant because he is only being offered as an "industry expert." *Id.* at 2, 6. However, the Young Declaration specifically opines that injury or damages cannot be proven on a classwide basis (*see, e.g.,* Young Decl. ¶ 7), a conclusion that necessarily requires economic tools for calculating the overall damage to the Class on an aggregate basis. Moreover, although not an economist, Mr. Young purports to provide dispersion charts allegedly showing that there are wide variations in non-Medicare insurance claims for physician-administered drugs – variations that could have been resolved with the use of economic analysis that Defendants have admitted Mr. Young is not qualified to perform. This Court cannot rely on charts that are used to conclude that damages cannot be proven on a classwide basis when the expert that proffered them is not qualified to do so.[5]

---

case did not hold that an expert could withhold information regarding the basis for an expert's opinions. Thus, *Flebotte* is not analogous.

[5] This is especially true because Defendants have simultaneously argued that Dr. Gaier's Declaration should not be stricken because Mr. Young is their damages expert and not Dr. Gaier. *See* Gaier Opp., at 2 (Dr. Gaier is only being proffered as "an economic expert on the extent to which there are individual issues relating to causation," and not as a damages expert). Defendants largely ignore that they *have not proffered* an expert qualified to opine on whether damages can be proven on a classwide basis. *See also* Navarro Opp., at 3 ("Defendants are not offering Dr. Navarro as an economist.").

5

### III. The Young Declaration Should Be Stricken Because Defendants Have Substantially Influenced Mr. Young's Declaration

Finally, the Young Declaration should be stricken because Defendants and their counsel have substantially influenced the conclusions within it. Defendants argue that there is no evidence that they or their attorneys influenced the drafting of the Young Declaration. *See* Young Opp. at 1, 5 and 13. This argument is blind to Mr. Young's decision to ignore critical discovery documents (*e.g.*, Defendants' marketing documents and relevant ASP information),[6] the unusually high number of phone conversations with defense counsel regarding his Declaration (approximately fifty) (*see* Young Tr. I at 97), and the existence of four drafts of the Declaration with attorney involvement, including "various meetings" with defense attorneys to discuss the drafts (Young Tr. II at 415), which, at a minimum, strongly suggest that the defense lawyers substantially guided the drafting of the report. Accordingly, it should be stricken.

WHEREFORE Plaintiffs respectfully request that this Court strike the Young Declaration, and all other relief that this Court deems just and proper.

Respectfully submitted,

/s/ Kenneth W. F. Connolly

Thomas M. Sobol
Edward Notargiacomo
HAGENS BERMAN LLP
One Main Street, 4th Floor
Cambridge, MA 02142

**LIAISON COUNSEL**

---

[6] Defendants argue that Mr. Young had no reason to review available ASP or "net price" data because "the substance of [Young's] opinion related to the level of reimbursement and its relationship to AWP, and had nothing to do with ASP." Young Opp., at 15. However, a substantial spread between AWP and ASP and marketing materials that highlight the spread to physicians would give cause for reconsideration for even the most impartial expert. Mr. Young's failure to undertake even this most obvious investigation indicates that he was interested in reviewing documents that supported the conclusions he set out to reach.

Steve W. Berman
Sean R. Matt
**HAGENS BERMAN LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Samuel Heins
**HEINS MILLS & OLSON, PC**
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Jeff Kodroff
**SPECTOR, ROSEMAN & KODROFF, PC**
Market Street, Suite 2500
Philadelphia, PA 19103

**CHAIRS OF LEAD COUNSEL COMMITTEE**

Marc H. Edelson
Allan Hoffman
**HOFFMAN & EDELSON**
45 West Court Street
Doylestown, PA 18901

Kenneth A. Wexler
Jennifer Fountain Connolly
**THE WEXLER FIRM LLP**
One North LaSalle, Suite 2000
Chicago, Illinois 60602

## CERTIFICATE OF SERVICE BY VERILAW

Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on February 4, 2005, I caused copies of Reply Memorandum in Support of Class Plaintiffs' Motion to Strike Portions of the Declaration of Robert P. Navarro to be served on all counsel of record by causing same to be posted electronically via Verilaw.

Dated: February 4, 2005

_____
Jennifer Fountain Connolly

# Exhibit A

# <u>FILED UNDER SEAL</u>