UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                )
IN RE PHARMACEUTICAL INDUSTRY   )
AVERAGE WHOLESALE PRICE         )
LITIGATION                      ) MDL NO. 1456
                                )
                                ) CIVIL ACTION NO. 01-12257-PBS
THIS DOCUMENT RELATES TO:       )
                                )
State of Montana v. Abbott      )
Labs, Inc., et al.,             )
Civil Action No. 02-12084-PBS   )
                                )
```

**MEMORANDUM AND ORDER**

February 7, 2005

Saris, U.S.D.J.

**I.   Introduction**

Defendant B. Braun of America, Inc. ("BBA") moves to dismiss the State of Montana's claims against it in this action alleging pricing fraud by pharmaceutical manufacturers.  BBA argues that as a holding company, it lacks sufficient contacts with Montana for this Court to assert personal jurisdiction.  After review of the briefs, BBA's motion to dismiss is **ALLOWED**.

**II.   Discussion**

On June 10, 2004, the Court denied BBA's motion to dismiss, ordering Montana to conduct jurisdictional discovery and respond to the issue of personal jurisdiction by August 24, 2004. Montana did not conduct any discovery specific to Montana, but rather filed a motion on September 21, 2004, to join in the

Amended Master Consolidated Complaint ("AMCC") plaintiffs' motion to compel further discovery and supplemental memorandum in opposition to BBA's motion to dismiss the AMCC.  On October 15, 2004, Magistrate Judge Bowler allowed the motion to join, but denied the underlying motion to compel.  Montana has not appealed this Order.

Montana does not provide separate briefing on the merits of BBA's motion to dismiss, but rather only joins in the AMCC plaintiffs' opposition.  Accordingly, for the reasons given in this Court's Order on BBA's motion to dismiss the AMCC, BBA's motion to dismiss is allowed.

One small matter deserves separate mention.  In the Order on the AMCC Plaintiffs' motion to dismiss, the Court noted that even if the Court were to use the Massachusetts veil-piercing test under federal choice of law principles, the Court still would not pierce the corporate veil.  Montana has not mentioned the Montana standard for piercing the veil, and so even if the choice of law issue were resolved in favor of a state veil-piercing test, the Court would consider the argument in favor of a Montana standard to be waived.

## ORDER

B. Braun of America, Inc.'s motion to dismiss is **ALLOWED**.

/s/ Patti B. Saris

_____
United States District Judge