IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: Pharmaceutical Industry Average Wholesale Price Litigation | ) ) ) MDL No. 1456 ) C.A. No. 01-12257-PBS ) |
| This Document Relates to: ALL ACTIONS | ) ) The Honorable Patti B. Saris ) |

### JOINT MOTION OF THE ATTORNEYS GENERAL OF ILLINOIS, KENTUCKY, WISCONSIN, AND IDAHO FOR LEAVE TO FILE A MEMORANDUM REGARDING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND TO APPEAR AT THE COURT'S FEBRUARY 10, 2005 HEARING

Lisa Madigan, Attorney General of the State of Illinois; Gregory D. Stumbo, Attorney General of the Commonwealth of Kentucky; and Peggy A. Lautenschlager, Attorney General of the State of Wisconsin (hereinafter jointly referred to as "the Attorneys General") respectfully submit this joint memorandum requesting leave of the Court to file a memorandum regarding plaintiffs' motion for class certification and to appear at the Court's February 10, 2004 hearing on the motion. In addition, Lawrence G. Wasden, Attorney General of the State of Idaho, which is currently conducting an AWP investigation but has not filed suit, joins in this motion.

As explained in greater detail in the proposed joint memorandum attached hereto, the Attorneys General have filed AWP-related lawsuits in their respective state courts on their own behalf and on behalf of certain of their citizens in their *parens patriae* capacity. At least one of the claims asserted by the Attorneys General is identical to a claim asserted by the MDL plaintiffs. With respect to all other claims asserted by the Attorneys General, the Attorneys General seek relief on behalf of the same citizens that plaintiffs seek to represent through their motion for class certification and, with respect to Wisconsin, on behalf of third-party payors domiciled in Wisconsin. Accordingly, the Attorneys General wish to provide the Court with their views to ensure that the proceedings in the MDL do not interfere with, or impede in any way, the ability of the Attorneys General to prosecute their cases.

An affidavit of Special Assistant Attorney General Robert S. Libman, as well as a proposed order, are attached to this motion.[1]

                                  Respectfully submitted,

                                  LISA MADIGAN
                                  Attorney General of the State of Illinois

                                  GREGORY D. STUMBO
                                  Attorney General of the Commonwealth of Kentucky

                                  PEGGY A. LAUTENSCHLAGER
                                  Attorney General of the State of Wisconsin

                                  LAWRENCE G. WASDEN
                                  Attorney General of the State of Idaho

By: _____
                                  ROBERT S. LIBMAN
                                  Special Assistant Attorney General
                                  for the States of Illinois, Kentucky, Wisconsin, and Idaho

Dated: February 7, 2005

Miner, Barnhill & Galland
14 W. Erie St.
Chicago, IL 60610
(312) 751-1170
(312) 751-0438 (facsimile)

---

[1] Mr. Libman's affidavit is also attached to a separate motion to appear *pro hac vice* on behalf of Illinois, Kentucky, Wisconsin, and Idaho for the limited purpose of presenting the position of these states with respect to class certification that is being filed contemporaneously by John Shapiro, a member in good standing of the bar of this Court who has also filed an appearance in this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: Pharmaceutical Industry Average Wholesale Price Litigation | ) ) ) MDL No. 1456 ) C.A. No. 01-12257-PBS |
| This Document Relates to: ALL ACTIONS | ) ) The Honorable Patti B. Saris ) |

## AFFIDAVIT OF ROBERT S. LIBMAN

Affiant, Robert S. Libman, Jr., after first being duly sworn, states as follows:

1. I make this Affidavit in support of the Joint Motion of the Attorneys General of Illinois, Kentucky, Wisconsin, and Idaho for Leave to File a Memorandum Regarding Plaintiffs' Motion for Class Certification and to Appear at the Court's February 10, 2004 Hearing.

2. I am an Attorney at Law, duly licensed to practice by the State of California since 1988, by the District of Columbia since 1991, and by the State of Illinois since 2004. I am also admitted to practice before the United States Supreme Court and the United States District Courts for the Northern District of California and the Northern District of Illinois.

3. I am a member in good standing in every jurisdiction in which I have been admitted to practice. There are no disciplinary proceedings pending against me as a member of the bar of any jurisdiction.

4. I have been appointed a Special Assistant Attorney General for the States of Illinois, Kentucky, and Wisconsin in connection with their AWP-related litigation identified in the proposed Joint Memorandum Regarding Plaintiffs' Motion for Class Certification. In addition, I have been appointed a Special Assistant Attorney General for the State of Idaho for the limited purpose of representing the state in connection with class certification in this case.

5. I am familiar with the Local Rules of the U.S. District Court for the District of Massachusetts.

6. I am a member of the law firm of Miner, Barnhill & Galland. My office address, telephone number, and e-mail address are as follows:

Robert S. Libman
Miner, Barnhill & Galland, P.C.
14 W. Erie St.
Chicago, IL 60610
(312) 751-1170
(312) 751-0438 (telefax)
rlibman@lawmbg.com

FURTHER AFFIANT SAYETH NAUGHT.

_____
Robert S. Libman

STATE OF ILLINOIS    )
                     )
COUNTY OF COOK       )

Before me, a Notary Public in and for the State of Illinois this date appeared Robert S. Libman and acknowledged the foregoing as his voluntary act and deed. Witness my hand and Notarial Seal this seventh day of February, 2005.

_____
Notary Public

"OFFICIAL SEAL"
PATRICIA TURNER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-23-07

11/23/07
My Commission Expires

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: Pharmaceutical Industry Average Wholesale Price Litigation | ) ) ) MDL No. 1456 ) C.A. No. 01-12257-PBS ) |
| This Document Relates to: ALL ACTIONS | ) ) The Honorable Patti B. Saris ) |

## ORDER

Upon consideration of the Joint Motion of the Attorneys General of Illinois, Kentucky, Wisconsin, and Idaho for leave to file a memorandum regarding plaintiffs' motion for class certification and to appear at the Court's February 10, 2004 hearing, it is hereby

ORDERED that the motion is GRANTED. It is further

ORDERED that the Joint Memorandum of the Attorneys General of Illinois, Kentucky, Wisconsin, and Idaho Regarding Plaintiffs' Motion for Class Certification, is deemed filed as of the date of this Order. It is further

ORDERED that counsel for the States of Illinois, Kentucky, Wisconsin, and Idaho shall be permitted to appear at the Court's February 10, 2004 hearing on plaintiffs' motion for class certification. It is further

ORDERED that Special Assistant Attorney General Robert S. Libman is admitted to appear *pro hac vice* for the limited purpose of presenting the position of Illinois, Kentucky, Wisconsin, and Idaho with respect to plaintiffs' motion for class certification at the February 10, 2004 hearing.

So ordered this ____ day of February, 2005.

_____
Honorable Patti B. Saris
United States District Judge
District of Massachusetts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: Pharmaceutical Industry Average Wholesale Price Litigation<br><br>This Document Relates to: ALL ACTIONS | ) <br> ) <br> ) MDL No. 1456 <br> ) C.A. No. 01-12257-PBS <br> ) <br> ) The Honorable Patti B. Saris <br> ) |

JOINT MEMORANDUM OF THE ATTORNEYS GENERAL
OF ILLINOIS, KENTUCKY, WISCONSIN, AND IDAHO
REGARDING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I. Introduction.

Lisa Madigan, Attorney General of the State of Illinois; Gregory D. Stumbo, Attorney General of the Commonwealth of Kentucky; and Peggy A. Lautenschlager, Attorney General of the State of Wisconsin (hereinafter jointly referred to as "the Attorneys General"), respectfully submit this joint memorandum in order to preserve and protect the ability of the Attorneys General to prosecute their currently pending "average wholesale price" ("AWP") lawsuits in state court. In addition, Lawrence G. Wasden, Attorney General for the State of Idaho, which is currently conducting an AWP investigation but has not filed suit, joins in this memorandum.

As explained in greater detail below, the Attorneys General have filed AWP-related lawsuits in their respective state courts on their own behalf and on behalf of certain of their citizens in their *parens patriae* capacity. One of the claims asserted by the Illinois Attorney General is identical to a claim asserted by the MDL plaintiffs. With respect to all other claims asserted by the Attorneys General, the Attorneys General seek relief on behalf of the same citizens that plaintiffs seek to represent through their motion for class certification and, with respect to Wisconsin, on behalf of third-party payors domiciled in Wisconsin. The Attorneys General object to plaintiffs' motion for class certification to the extent that such certification would interfere with, or impede in any way, the ability of the Attorneys General to prosecute their cases. Accordingly, the Attorneys General request that the Court enter an appropriate order

to preserve the primacy of the Attorneys General's claims. Specifically, the Attorneys General request that this Court: (a) stay the single claim in MDL No. 1456 that overlaps with the claim asserted by the Illinois Attorney General; and (b) amend Section VI of this Court's March 25, 2004 Case Management Order No. 10 by replacing the existing language with language prohibiting plaintiffs' counsel in MDL No. 1456 from engaging in any settlement negotiations regarding their claims that would extinguish or release any claim brought by the Attorneys General. In addition, any order entered by the Court should account for the probability that the problems identified in this memorandum are likely to recur as other Attorneys General who are conducting AWP-related investigations (including but not limited to Idaho) file suit, or Attorneys General with existing lawsuits expand their complaints.

II. Pending litigation filed by the Attorneys General and overlap with the MDL.[1]

The Attorneys General have each filed one or more AWP lawsuits in their respective state courts against many of the same defendants presently before the MDL, including all five Track 1 defendants.[2] Like the instant litigation, the lawsuits of the Attorneys General allege that defendants have published phony and inflated AWPs. The Attorneys General allege that this conduct violated their respective state laws and resulted in higher prices for prescription drugs being paid by the states themselves (as payers under the Medicaid program), by the states' citizens who pay for part of the cost of drugs under Part B of the Medicare program, and, with respect to Wisconsin, by private third-party payors domiciled in the state.

---

[1] The Attorneys General join in and incorporate by reference the description of the background of Attorney General investigations and prosecutions of the drug industry as set forth in the brief submitted by the Office of the Attorney General for the Commonwealth of Pennsylvania.

[2] *The People of the State of Illinois v. Abbott Laboratories, et al.*, No. 05 CH 2474 (Cook County Circuit Court); *Commonwealth of Kentucky v. Abbott Laboratories, Inc.*, No. 03-CI-1134 (Franklin County Circuit Court); *Commonwealth of Kentucky v. Warrick Pharmaceuticals Corp., et al.*, No. 03-CI-1135 (Franklin County Circuit Court); *Commonwealth of Kentucky v. Alpharma, Inc.*, No. 04-CI-1487 (Franklin County Circuit Court); *State of Wisconsin v. Amgen, Inc., et al.*, No. 04-CV-1709 (Dane County Circuit Court). We refer to these actions as the "state lawsuits." Copies of these complaints (or amended complaints) are attached as Exhs. 1-5.

2

Of the claims brought by the Attorneys General,[3] it appears that only one overlaps with a claim asserted by the MDL plaintiffs -- a claim under the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS §505/1, *et seq. See* Illinois complaint, ¶¶81-88; MDL Amended Master Consolidated Class Action Complaint ("AMCC"), ¶¶684-91. We refer to this as the "overlapping claim."[4] With respect to all other claims brought by the Attorneys General, the state lawsuits overlap with the MDL action with respect to the persons on whose behalf relief is sought. Specifically, each Attorney General, as well as MDL class counsel, seek relief for citizens of the States of Illinois, Kentucky, and Wisconsin who are beneficiaries under Medicare, Part B. Further, the Wisconsin Attorney General and MDL class counsel both seek relief for private third-party payors domiciled in Wisconsin. We will refer to these as the "overlapping citizens."

### III. The State Attorneys General have primary authority to represent and protect their citizens and have determined that their actions are superior to the MDL action.

The Attorneys General join in and incorporate by reference the arguments and authority cited by the Pennsylvania Attorney General asserting that the State Attorneys General have primary authority to represent the citizens of their respective states.

Without repeating those arguments here, the primacy of the Attorneys General is clearly established by the fact that the Attorneys General are statutorily authorized to represent their citizens while MDL class counsel are not. *See, e.g.*, Illinois Consumer Fraud and Deceptive

---

[3] Illinois asserts claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§505/2 and 505/2-CC, the Illinois Public Assistance Fraud Act, 305 ILCS §5/8A-7(b), and the Illinois Whistleblower Reward and Protection Act, 740 ILCS §175/1, *et seq*.

Kentucky asserts claims under the Kentucky Consumer Protection Act, KRS 367.170, the Kentucky Medicaid Fraud statute, KRS 205.8463, the Kentucky False Advertising statute, KRS 517.030, common law fraud, and negligent misrepresentation.

Wisconsin asserts claims under its statute prohibiting fraudulent representations, Wis. Stat. §§100.18(1) and 10(b); the Wisconsin Trust and Monopolies Act, Wis. Stat. §133.05, the Wisconsin Medical Assistance Fraud statute, Wis. Stat. §49.49(4m)(a)(2), and under a theory of unjust enrichment.

[4] Our view that there is only one overlapping claim is based on the 11 state statutes specifically identified in ¶686 of the AMCC. However, to the extent that class counsel seek to assert claims under the consumer protection statutes of all 50 states, including those of Kentucky and Wisconsin, we include the claims under the consumer protection statutes of Kentucky and Wisconsin in our definition of "overlapping claims."

3

Business Practices Act, 815 ILCS §505/7(a) ("[w]henever the Attorney General or a State's Attorney has reason to believe that any person is using, has used, or is about to use any method, act or practice declared by this Act to be unlawful, and that proceedings would be in the public interest, he or she may bring an action in the name of the People of the State against such person to restrain by preliminary or permanent injunction the use of such method, act or practice"); Illinois Public Assistance Fraud Act, 305 ILCS §5/8A-7(c) ("[c]ivil recoveries provided for in this Section may be recoverable in court proceedings initiated by the Attorney General..."); Illinois Whistleblower Reward and Protection Act, 740 ILCS §175/4 ("[t]he Attorney General may bring a civil action under this Section against any person that has violated or is violating Section 3"); KRS 367.190(1) ("[w]henever the Attorney General has reason to believe that any person is using, has used, or is about to use any method, act or practice declared by KRS 367.170 to be unlawful, and that proceedings would be in the public interest, he may immediately move in the name of the Commonwealth in a Circuit Court for a restraining order or temporary or permanent injunction to prohibit the use of such method, act or practice."); Wis. Stat. 100.18(11)(d) ("the department of justice [a part of the Office of the Attorney General]...may commence an action in circuit court in the name of the state to restrain by temporary or permanent injunction any violation of this section"); Wis. Stat. 133.05(4) ("the department of justice...may bring an action for a civil forfeiture"). This represents a determination of the State legislatures that the Attorneys General are the most appropriate parties to assert the interests of the States' residents when they choose to do so.[5] Moreover, the state lawsuits are different than typical civil lawsuits in that they constitute enforcement actions by the States. Indeed, civil penalties are available to the States that are not available to private litigants. *See, e.g.*, 815 ILCS §§505/7(b) and (c); 740 ILCS §175/3(a); KRS 367.990(2); KRS 205.8467(1); Wis. Stat. §100.264(2); Wis. State §133.05(4); Wis. Stat. §49.49(4m)(b).

The Attorneys General have chosen to pursue their claims in state court for a number of reasons. For instance, the Attorneys General believe that the claims they have asserted are

---

[5] *See also* IL Const. art. V, §15 ("[t]he [Illinois] Attorney General shall be the legal officer of the State, and shall have the duties and powers that may be prescribed by law").

4

substantively superior to those asserted in the MDL. Civil RICO and federal antitrust claims are unquestionably complex, not to mention difficult to prove. By contrast, the consumer protection and other claims brought by the Attorneys General are simple, straightforward, and in most instances have an easier standard of proof. For example, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/2, only requires that the challenged conduct be "unfair" and does not require proof of intent to deceive. In addition, Illinois and Wisconsin specifically prohibit a person or entity from representing a price as a wholesale price when it is more than the price that retailers regularly pay for the product. 815 ILCS §505/2-CC; Wis. Stat. §100.18(10)(b).

Moreover, the Attorneys General have determined that the state court actions are procedurally superior to the MDL. There is no need for court approval or certification of the *parens patriae* actions and consumer fraud claims brought by the Attorneys General. Plaintiffs in the MDL action, however, must convince the court to certify a class under exacting requirements of Fed.R.Civ.P. 23. And even assuming that plaintiffs in the MDL get over this hurdle, defendants have a right to, and most likely will, appeal such certification, *see* Fed.R.Civ.P. 23(f), resulting undoubtedly in delay.

IV. The Court should enter an appropriate order to protect the primary and superior authority of the attorneys general to represent their citizens.

A. The Court should stay any overlapping claims.

The Attorneys General request that the Court stay in the MDL the overlapping claim brought pursuant to the Illinois Consumer Fraud and Deceptive Practices Act and any other overlapping claims.[6] The choice of the State legislatures to assign responsibility for enforcing these laws to their Attorneys General should not be subordinate to the interest of MDL class counsel in representing all consumers throughout the nation.

---

[6] *See, supra*, n. 4.

5

> B. The Court should amend Section VI of Case Management Order No. 10 and enter an order to preclude class counsel from engaging in any settlement negotiations regarding their claims on behalf of overlapping citizens that would extinguish <u>or release any claim brought by the Attorneys General</u>.

As these cases stand today, with the exception of the one or more overlapping claims, the Attorneys General have asserted claims different than those asserted by the MDL plaintiffs. Yet both cases seek relief for a group of overlapping citizens (Medicare, Part B beneficiaries in Illinois, Kentucky, and Wisconsin, and third-party payors in Wisconsin). The Attorneys General do not object to MDL class counsel pursuing claims on behalf of overlapping citizens that the Attorneys General have not yet asserted, *i.e.*, civil RICO and federal antitrust claims. Nor do the Attorneys General object to MDL class counsel attempting to resolve the claims asserted in the MDL on behalf of overlapping citizens. If the Court is of the view that parallel litigation in the MDL and state courts for the overlapping citizens is inappropriate, then at a minimum the MDL claims for the overlapping citizens should be stayed because of the primacy of the claims of the Attorneys General. However, if the Court permits parallel litigation to proceed, MDL class counsel should not be permitted to negotiate their claims on behalf of overlapping citizens in any manner that would extinguish or release any claim brought by the Attorneys General. Stated simply, the MDL claims for overlapping citizens should proceed separately from the claims asserted by the Attorneys General provided that the Attorneys General retain sole and exclusive authority to settle the claims they assert.

In order to protect the primary authority of the Attorneys General to settle the claims they have asserted, we request that the Court amend Section VI of its March 25, 2004 Case Management Order No. 10. That provision states:

> To protect the integrity of the MDL process, Defendants shall notify the Plaintiffs and the Court in writing of any attempts to settle any of the claims before this Court in another jurisdiction upon commencement of such discussions. Failure to do so may result in injunctive relief, contempt sanctions, and refusal to give any judgment preclusive effect.

This provision should be amended for several reasons. First, it was entered without notice to the Attorneys General or an opportunity to object. Second, there does not appear to be

6

any legitimate purpose for the provision, particularly because there is no potential for harm in its absence, at least with respect to negotiations between the defendants and the Attorneys General. Third, it effectively enjoins the Attorneys General, non-parties to the MDL, from speaking with counsel for the defendants named in their state actions with regard to any overlapping claims and the claims on behalf of the overlapping citizens, raising serious comity, First Amendment, and sovereign immunity concerns.[7] Finally, the provision has in fact interfered with the primary authority of the Attorneys General to represent their citizens. One defendant named by the Attorneys General, Dey, Inc., has expressed a desire to engage in settlement negotiations with the States (and has already settled claims brought by Arkansas, Texas, and West Virginia) but has cited Case Management Order No. 10 as the basis for its inability to discuss the claims on behalf of Medicare Part B beneficiaries. There should be no impediment to these discussions. The Attorneys General must be free to negotiate all of their claims with the parties they have named as defendants. Accordingly, the Attorneys General request that the Court replace the existing language of Section VI of Case Management Order with language prohibiting MDL class counsel from negotiating their claims on behalf of overlapping citizens in any manner that would extinguish or release any claim brought by the Attorneys General on behalf of the people of his or her State.

V. Conclusion.

Incident to its class certification decision, the Attorneys General request that the Court:

(a)  stay the claim in MDL No. 1456 pursuant to the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS §505/1, *et seq.*, and any claims that class counsel seek to assert under the consumer protection laws of Kentucky and Wisconsin;

(b)  amend Section VI of this Court's March 25, 2004 Case Management Order No. 10 by replacing the existing language with language prohibiting class counsel in MDL No. 1456 from engaging in any settlement negotiations regarding their claims brought on behalf of overlapping citizens (Medicare, Part B beneficiaries in Illinois, Kentucky, and Wisconsin, and

---

[7] *See Massachusetts State Grange v. Benton*, 272 U.S. 525, 527 (1926) ("no injunction ought to issue against officers of a state clothed with authority to enforce the law in question, unless in a case reasonably free from doubt and when necessary to prevent great and irreparable injury").

7

Wisconsin, and third-party payors in Wisconsin) that would extinguish or release any claim brought by the Attorneys General; and

(c)  grant leave to other Attorneys General who are conducting AWP investigations (including but not limited to Idaho) to seek similar relief after they file suit.

Respectfully submitted,

LISA MADIGAN
Attorney General of the State of Illinois

GREGORY D. STUMBO
Attorney General of the Commonwealth of Kentucky

PEGGY A. LAUTENSCHLAGER
Attorney General of the State of Wisconsin

LAWRENCE G. WASDEN
Attorney General of the State of Idaho

By:  _____
ROBERT S. LIBMAN
Special Assistant Attorney General
for the States of Illinois, Kentucky,
Wisconsin, and Idaho

Dated: February 7, 2005

Miner, Barnhill & Galland
14 W. Erie St.
Chicago, IL 60610
(312) 751-1170
(312) 751-0438 (facsimile)

PROOF OF SERVICE

    Lisa Mecca Davis certifies that she caused a copy of the foregoing Motion to be served upon counsel named below, by e-mail, this seventh day of February, 2005.

| | |
|---|---|
| Daniel F. Attridge | dattridge@kirkland.com |
| Anita B. Bapooji | bapooji@tht.com |
| Steven F. Barley | SFBarley@hhlaw.com |
| Jessica V. Barnett | jbarnett@foleyhoag.com |
| Mark A. Berman | mberman@gibbonslaw.com |
| Steve W. Berman | steve@hagens-berman.com |
| Aimee E. Bierman | abierman@klng.com |
| Douglas S. Brooks | dbrooks@klhboston.com |
| James C. Burling | james.burling@wilmerhale.com |
| David J. Burman | dburman@perkinscoie.com, lmrogen@perkinscoie.com |
| Eric P. Christofferson | echristofferson@ropesgray.com |
| Joanne M. Cicala | jcicala@kmslaw.com, |
| Toni-Ann Citera | tcitera@jonesday.com |
| Daniel J. Cloherty | dcloherty@dwyercollora.com |
| Jonathan D. Cohen | cohenjo@gtlaw.com, champagnew@gtlaw.com |
| Jeremy P. Cole | jpcole@jonesday.com |
| Robert C. Cook | christophercook@jonesday.com, jmhelm@jonesday.com |
| Michael R. Costa | costam@gtlaw.com |
| Paul J. Coval | pjcoval@vssp.com |
| William A. Davis | wadavis@mintz.com |
| Michael DeMarco | mdemarco@klng.com |
| Merle M. Delancey, Jr | DelanceyM@dsmo.com |
| John C. Dodds | jdodds@morganlewis.com |
| Rebecca L. Dubin | rebecca_dubin@aporter.com |
| Thomas E. Dwyer, Jr. | tdwyer@dwyercollora.com |
| Steven M. Edwards | SMEdwards@HHlaw.com |
| Douglas Farquhar | dbf@hpm.com |
| Dennis T. Fenwick | Dennis.Fenwick@doj.ca.gov |
| Lucy Fowler | lfowler@foleyhoag.com |
| Brian V. Frankel | Brian.Frankel@doj.ca.gov |
| Siobhan A. Franklin | Siobhan.Franklin@doj.ca.gov |
| Peter E. Gelhaar | peg@dcglaw.com |
| Evan Georgopoulos | georgopoulose@gtlaw.com, kaikaia@gtlaw.com |
| Suzanne B. Giorgi | Suzanne.Giorgi@doj.ca.gov |
| David M. Glynn | dglynn@klng.com |
| Mark D. Godler | mgodler@kayescholer.com |
| Karen F. Green | karen.green@wilmerhale.com |
| Gary R. Greenberg | greenbergg@gtlaw.com, |
| Erik Haas | ehaas@pbwt.com, cbelanger@pbwt.com |
| Elizabeth I. Hack | ehack@sonnenschein.com |
| Joseph Ernest Haviland | jhaviland@dwyercollora.com |
| James Vincent Hayes | jhayes@wc.com |
| Samuel D. Heins | heins@heinsmills.com |
| George B. Henderson | george.henderson2@usdoj.gov, janice.zaniboni@usdoj.gov |

| | |
|---|---|
| Colleen M. Hennessey | chennessey@peabodyarnold.com |
| Nicola R. Heskett | nheskett@shb.com |
| Andrew L. Hurst | ahurst@reedsmith.com |
| Marisa L. Jaffe | mjaffe@nixonpeabody.com |
| Colin R. Kass | ckass@kirkland.com, Kewing@kirkland.com; kmarch@kirkland.com; pbryan@kirkland.com |
| Steven A. Kaufman | skaufman@ropesgray.com |
| Michelle W. Kesselman | mkesselman@kayescholer.com |
| John A. Kiernan | jkiernan@bktc.net |
| Terry Klein | tklein@lawtk.com |
| Joseph L. Kociubes | joe.kociubes@bingham.com |
| Michael L. Koon | mkoon@shb.com, whartman@shb.com |
| Seth B. Kosto | seth.kosto@hklaw.com, mlynch@cov.com; matthew.oconnor@hklaw.com; frederick.herold@dechert.com |
| William F. Lee | william.lee@wilmerhale.com |
| Ralph T. Lepore, III | rlepore@hklaw.com |
| Bruce A. Levy | blevy@gibbonslaw.com |
| Frank A. Libby, Jr. | falibby@klhboston.com |
| Robert S. Litt | robert_litt@aporter.com |
| Susan E. MacMenamin | smacmenamin@heinsmills.com, jwestmoreland@heinsmills.com |
| James W. Matthews | jwmatthews@sherin.com, jrossi@sherin.com |
| Kirsten V. Mayer | kmayer@ropesgray.com |
| S. Elaine McChesney | elaine.mcchesney@bingham.com |
| Robert J. McCully | rmccully@shb.com |
| Jennifer H. McGee | jmcgee@shb.com |
| Kathleen H. McGuan | kmcguan@reedsmith.com |
| Jill Brenner Meixel | jbm@dcglaw.com |
| Adam D. Miller | amiller@elllaw.com |
| Darrell A.H. Miller | dahmiller@vssp.com |
| John T. Montgomery | jmontgomery@ropesgray.com |
| Saul P. Morgenstern | smorgenstern@kayescholer.com |
| James P. Muehlberger | jmuehlberger@shb.com |
| Robert J. Muldoon, Jr. | rjmuldoon@sherin.com |
| Mary B. Murrane | mary.murrane@bingham.com |
| Brien T. O'Connor | boconnor@ropesgray.com |
| Kathleen M. O'Sullivan | kosullivan@perkinscoie.com |
| A. John Pappalardo | pappalardoj@gtlaw.com |
| Jane W. Parver | jparver@kayescholer.com |
| Zoe Philippides | ZPhilippides@perkinscoie.com, CSchleh@perkinscoie.com |
| Brian T. Rafferty | rafferty@dsswlaw.com |
| Richard D. Raskin | rraskin@sidley.com |
| Jonathan T. Rees | JTRees@hhlaw.com |
| Tina D. Reynolds | ReynoldsT@dsmo.com |
| Ira N. Richards | IRichards@trrlaw.com |
| Richard J. Riley | RRiley@murphyriley.com |
| Philip D. Robben | probben@kelleydrye.com |
| Douglas L. Rogers | dlrogers@vssp.com |
| Gary M. Ronan | gronan@goulstonstorrs.com |
| Daniel E. Rosenfeld | drosenfeld@kl.com |

| | |
|---|---|
| Kenneth A. Sansone | ksansone@goulstonstorrs.com |
| Thomas J. Sartory | tsartory@goulstonstorrs.com |
| Joseph R. Saveri | jsaveri@lchb.com |
| Louis J. Scerra, Jr. | scerral@gtlaw.com |
| Andrew D. Schau | adschau@pbwt.com, cbelanger@pbwt.com |
| Lori A. Schechter | lschechter@mofo.com |
| Paul S. Schleifman | pschleifman@shb.com |
| William S. Schneider | will.schneider@doj.ca.gov |
| John D. Shakow | jshakow@kslaw.com |
| Jonathan Shapiro | jshapiro@sswg.com |
| Darcy W. Shearer | dshearer@ropesgray.com |
| Robert P. Sherman | rsherman@nixonpeabody.com |
| Charles C. Sipos | csipos@perkinscoie.com |
| Eliseo Z. Sisneros | Eliseo.Sisneros@doj.ca.gov |
| Mark D. Smith | smith@laredosmith.com |
| Thomas M. Sobol | heatherc@hagens-berman.com |
| Charles L. Solomont | carl.solomont@bingham.com |
| Scott A. Stempel | sstempel@morganlewis.com |
| Benjamin M. Stern | benjamin.stern@wilmerhale.com |
| Tina M. Tabacchi | tmtabacchi@jonesday.com |
| Thomas A. Temmerman | Tom.Temmerman@doj.ca.gov |
| Nicholas C. Theodorou | ntheodor@foleyhoag.com |
| John M. Townsend | adkins@hugheshubbard.com |
| John W. Treece | jtreece@sidley.com |
| Lyndon M. Tretter | Lmtretter@hhlaw.com |
| Peter J. Venaglia | venaglia@dsswlaw.com |
| Kenneth A. Wexler | kawexler@wexlerfirm.com |
| Brian L. Williams | bwilliams@heinsmills.com |
| Jesse A. Witten | jawitten@jonesday.com |
| David R. Woodward | dwoodward@heinsmills.com |
| Rachel H. Yarkon | MAODMA@KAYESCHOLER.COM |
| Joseph H. Young | JHYoung@hhlaw.com |
| Pamela A. Zorn | pazorn@sherin.com |

*/s/ Lisa Mecca Davis*
Lisa Mecca Davis