# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
———————————————————————————
                                      )
IN RE PHARMACEUTICAL INDUSTRY         )
AVERAGE WHOLESALE PRICE               )      MDL NO. 1456
LITIGATION                            )      Civil Action No. 01-12257-PBS
                                      )
———————————————————————————           )      Judge Patti B. Saris
                                      )
THIS DOCUMENT RELATES TO:             )
County of Suffolk v. Abbott Labs., et al.   )
(E.D.N.Y. No. CV-03-229)              )
County of Westchester v. Abbott Labs., et al. )
(S.D.N.Y. No. 03-CV-6178)            )
County of Rockland v. Abbott Labs., et al.  )
(S.D.N.Y. No. 03-CV-7055)            )
The City of New York v. Abbott Labs., et al. )
(S.D.N.Y. No. 03-CV-06054)           )
———————————————————————————           )
```

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A CASE MANAGEMENT CONFERENCE AND FOR COORDINATION OF PLEADINGS

**Preliminary Statement**

Defendants move for a case management conference in the following four virtually identical cases: *County of Suffolk v. Abbott Labs., et al.* ("*Suffolk*"), *County of Westchester v. Abbott Labs., et al.* ("*Westchester*"), *County of Rockland v. Abbott Labs., et al.,* ("*Rockland*") and *The City of New York v. Abbott Labs., et al.* ("*New York City*"), as well as in other similar cases that are even now being transferred to this Court (collectively, the "New York County/City Cases"). A conference is needed because each plaintiff in *Westchester*, *Rockland* and *New York City* has recently served an amended complaint that purports to reassert (a) causes of action that this Court dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) in the *Suffolk* case and (b) claims against certain manufacturer defendants that were dismissed in *Suffolk* under Fed. R. Civ. P. 9(b), but without any meaningful further particularization of claims against those defendants.[1]

Defendants' position at the conference will be that the parties and the Court have expressly stipulated and proceeded on the basis that *Suffolk* is the "lead" New York County/City Case and that the Court's rulings in *Suffolk* apply to the other cases. If this is correct, the amended complaints fail under law of the case and/or stare decisis. They are, in effect, out-of-time motions for the Court to reconsider its rulings in *Suffolk*.[2]

---

[1]    Plaintiff in *Suffolk* has not yet reasserted those same causes of action and claims because issue has been joined in that case and plaintiff must therefore move for this Court's permission to amend further its complaint under Fed. R. Civ. P. 15(a). Instead of doing so, plaintiffs' counsel in the other cases, where there have been no answers, have simply electronically served via Verilaw their amended complaints as of right (as to previously-named, but not newly-named defendants) since no responsive pleadings have yet been served in those cases.

[2]    Defendants have confirmed with plaintiffs' counsel that the dismissed causes of action and claims in *Suffolk* are being reasserted in the remaining New York County/City Cases not simply to preserve issues for appeal in those cases. Plaintiffs' counsel expect defendants to respond on the merits.

1

Defendants presently have no obligation to respond to the amended complaints in *Westchester*, *Rockland* or *New York City* because of stipulations extending their response time until after this Court's resolution of outstanding motions with respect to the presently operative *Suffolk* complaint.[3]  However, a newly-filed (and largely identical) complaint has recently been filed by the same counsel on behalf of another New York county, Onondaga, and if press reports are to be believed, counsel has twenty more in the "pipeline."  (See *NY County Sues Leading Drug Companies for Medicaid Overcharging*, NEW YORK LAWYER, Feb. 10, 2005, attached hereto as Exhibit A.)  Also, another law firm (Milberg Weiss) has used the *Suffolk* amended complaint as a template for a case on behalf of Nassau County, New York.  These cases will be transferred to this Court.  Accordingly, the case management and legal issues raised by this tactic of repleading in other New York County/City Cases causes of action and claims dismissed in *Suffolk* will soon have to be reached by this Court.

Finally, even as to those few causes of action that remain viable after this Court's decisions in *Suffolk*, the Court will also need to address the waste of resources inherent in the proliferation of these new suits which continue to be filed, *seriatim* over time, on an individual county-by-county basis.  Defendants therefore move for an order staying their time to respond to any and all New York County/City Cases until all such cases have been filed and one set of pleadings consistent with this Court's rulings in *Suffolk* (with appropriate appendices for any county-specific issues) may be used as a "master" for response purposes.

---

[3]     The Court has not yet ruled on whether Suffolk has satisfied the Court's Order dated October 26, 2004 calling for a more definite statement of its method of calculating alleged "spreads" in the Amended Complaint.

2

Defendants have attempted to resolve the issues raised in this motion by conferring with Plaintiffs' counsel, but have been unable to do so. Plaintiffs' counsel has declined to consent to a conference and has taken the position that, notwithstanding the stipulations in effect, defendants' time to respond to the amended complaints is running. Defendants were therefore constrained to make this motion.

### Statement of Facts[4]

The Complaints and Stipulations

Suffolk filed its original complaint on January 14, 2003, and subsequently filed an amended complaint on July 31, 2003. Westchester filed its original complaint on August 29, 2003. Both counties are represented by the same law firm, Kirby McInerney & Squire, LLP (the "Kirby Firm") -- which also represents Rockland and New York City and which, as noted above, continues to file additional complaints on behalf of other New York counties.

Because Suffolk's first amended complaint and Westchester's original complaint were substantially identical, the parties entered into a stipulation (the "*Westchester* Stipulation," attached hereto as Ex. B) to promote "judicial economy" by making defendants' response to the *Westchester* complaint dependent on the outcome of this Court's rulings on defendants' motion to dismiss the amended complaint in *Suffolk*.

---

[4]       References to individual case names in the New York County/City cases are in italics, e.g. *Suffolk*.
References to the plaintiff in those Cases are by name of the county or city without italics, e.g. Suffolk.

The *Westchester* Stipulation states in relevant part as follows:

(1)    because "the Westchester Complaint contains similar allegations and claims against certain of the same defendants as the Amended Complaint filed by the County of Suffolk in MDL 1456 ('Suffolk Amended Complaint')"; and

(2)    because "judicial economy would be best served if the motions to dismiss the Suffolk Amended Complaint are decided by Judge Saris before defendants in this action respond to the Westchester Complaint;"

(3)    therefore "as to all defendants who have been served with process or have waived service of process, the time to answer or otherwise respond to the Westchester Complaint shall be extended until the later of (a) 30 days after the posting on Verilaw of Judge Saris's decision on the Suffolk defendants' motions to dismiss the Suffolk Amended Complaint, or (b) the time otherwise permitted pursuant to the Federal Rules of Civil Procedure."

Id. at 2-3.

On September 10, 2003 and August 4, 2004, Rockland and New York City, respectively, filed substantially similar complaints to Suffolk's first amended complaint and to Westchester's complaint. Both Rockland and New York City entered into stipulations substantially similar to the *Westchester* Stipulation. (*See* Exhibits C & D attached hereto). All three stipulations are referred to herein as the "County/City Stipulations."

The Court's Rulings in *Suffolk*

In a Memorandum and Order dated September 30, 2004 (the "9/30/04 Order"), the Court granted in part defendants' motion to dismiss the amended complaint in *Suffolk*. The Court dismissed Count I (a RICO claim) "without prejudice" for failure to plead a cognizable RICO "enterprise." (9/30/04 Order at 7, attached as Ex. E.) The other causes of action were dismissed with prejudice, a characterization made all the more obvious by the reasons for the

4

dismissals.[5]  The Court dismissed Count II (violation of Federal Medicaid Statute, 42 U.S.C. §

1396r-8), on the ground that there was no implied cause of action under the federal Medicaid

rebate statute.  Id. at 11-12.  The Court then dismissed Count VI (breach of contract), ruling that

Suffolk was not an intended third party beneficiary of the rebate agreements between the

manufacturers and the Secretary of Health and Human Services.  Id. at 14-16.  The Court also

dismissed Count VIII (fraud), finding Suffolk could not bring a common law fraud claim

because it is a third party to the alleged misrepresentations.  Id. at 19-20.  Finally, the Court

dismissed Count V (violation of New York Social Services Law § 145-b) with respect to the

Medicaid "best prices" allegations because the allegations did not comport with the language of

the statute, but found that Suffolk had asserted a colorable claim with regard to the alleged AWP

fraud.  Id. at 17.  With respect to the consumer fraud claim under N.Y. Gen. Bus. Law § 349, the

Court stated that it would "revisit the issue" of whether Suffolk has indirect standing after the

New York Court of Appeals answered the question of whether a third party has indirect standing

under Section 349.[6]  Id. at 24.  Finally, the Court stated it would "address the individual,

company-specific motions to dismiss in separate orders."  Id. at 24-25.

      In an October 26, 2004 Order ("10/26/04 Order," attached hereto as Ex. F), the

Court reaffirmed that "all federal claims have been dismissed" in *Suffolk* under Fed. R. Civ. P.

12(b)(6) and then proceeded to address the remaining state law claims as to individual

---

[5]  "It is well settled in this circuit that dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is a final decision on the merits." *United States ex rel. Karvelas v. Merlrose-Wakefield Hosp.*, 360 F.3d 220, 241 (1st Cir. 2004).  In the absence of a clear statement to the contrary, such dismissal is presumed to be with prejudice.  *Id.*

[6]  At an appropriate time, defendants will ask the Court to revisit the issue now that the Court of Appeals has answered in the negative the question of whether a third party has indirect standing under N.Y. Gen. Bus. Law § 349.  *See Blue Cross & Blue Shield of N.J., Inc. v. Phillip Morris, USA*, 3 N.Y.3d 200, 785 N.Y.S.2d 399 (N.Y. 2004).

5

defendants.[7]  Id. at 1.  The Court dismissed all state law claims that related to the allegedly

fraudulent best prices because "the allegations fall woefully short under Rules 8(a) and 9(b)."  Id.

at 5.  The Court held "[t]here are insufficient facts alleged to state a claim showing entitlement to

relief under any state causes of action."  Id. at 6.[8]  Finally, as to certain defendants, the Court

dismissed not only the best price claims, but also the AWP claims on the ground that the

Amended Complaint failed to contain particular facts as each of them.[9]

However, as to the "Suffolk 13" companies and six other defendants for whom

Suffolk had not alleged specific facts beyond a spread, the Court deferred ruling on their motions

to dismiss the remaining claims against them until after Suffolk disclosed "all documents upon

which it relied in calculating the spreads, and provide[d], in writing, a more definite statement of

---

[7]     The Court noted at the outset that "the surviving claims include the allegations that Defendants fraudulently
misstate their average wholesale prices ("AWPs") in violation of New York Social Services Law Section 145-b
(Count V); (2) Defendants violate the New York consumer protection law, N.Y. Gen. Bus. Law § 349, with respect
to both the alleged AWP and Best Prices schemes (Count VII); and (3) Defendants were unjustly enriched by the
AWP and Best Prices schemes (Count IX)."  Id. at 1-2.  In addition, the implied causes of action under the New
York Medicaid statutes and regulations (Count III and IV) also remained.  Id. at 2 n.1.

[8]     The Court first dismissed the Best Prices claims against defendants Augoron Pharmaceuticals, Inc., Amgen
Inc., AstraZeneca Pharmaceuticals L.P., AstraZeneca US, Aventis Behring L.L.C., Barr Laboratories, Inc., Berlex
Laboratories, Inc., Biogen, Inc., Bristol-Myers Squibb Company, Chiron Corporation, Eli Lilly and Company,
Fujisawa Pharmaceutical Company, Ltd., Genetech, Inc., Immunex Corporation, Janssen Pharmaceutical, Johnson &
Johnson, MedImmune, Inc., Merck & Co., Inc., Ortho Biotech, Ortho McNeil Pharmaceuticals, Reliant
Pharmaceuticals, Warrick Pharmaceuticals, and Wyeth.  In a subsequent Order dated December 2, 2004, the Court
extended the ruling to the remaining Best Prices defendants: Bayer Corporation, the GSK Defendants, Abbot
Laboratories, Inc., Pfizer, Inc., TAP Pharmaceutical Products, Inc., and Schering-Plough.  (Attached hereto as Ex.
G.)

[9]     The Court dismissed these claims against defendants Novartis, Purdue, and Ivax "because there are no
factual allegations regarding a spread, internal documents or government investigations from which an inference of
fraud can reasonably be made."  Id. at 3.  The Court further dismissed all claims against Aventis Pharmaceuticals
Inc. because Suffolk failed to plead a drug sold by it.  Id. at 6.  In addition, the Court held that Suffolk's best price
claims against Bayer relating to Cipro purchases from Third Quarter 1995 through Third Quarter 2000 were barred
by settlement agreements.  Id.  Finally, the Court dismissed all "claims against Sanofi and Pharmacia without
prejudice to refiling to clarify the corporate structure and which Defendant is responsible for which drugs."  Id.

its method of calculation pursuant to Federal Rule of Civil Procedure 12(e)." Id. at 4. The parties have completed briefing this issue and it is pending before the Court.

Events Leading to These Motions

After the 10/26/04 Order was issued, Ms. Joanne Cicala of the Kirby Firm informed defendants of her clients' intention to amend their respective complaints. She agreed that none of the defendants named in those cases had any obligation to respond to the current complaints. (See November 4, 2004 Letter from Kimberly Harris, counsel for AstraZeneca, to Joanne Cicala, attached hereto as Ex. H.) Ms. Cicala also indicated that she would provide defendants with a proposed case management order to govern the New York County/City Cases and would include a suggested schedule for filing of the amended complaints, as well as responsive times for answering or otherwise moving against the amended complaints. Id.

Plaintiffs' counsel did not, however, follow through with such a proposed case management order. Instead, on January 26, 2005, Westchester, Rockland and New York City each served and filed an amended complaint that contains many of the very same causes of action that this Court dismissed with prejudice in the 9/30/04 Order. For example, the amended complaints all reassert the causes of action, previously dismissed in *Suffolk*, for violation of the Federal Medicaid Statute, 42 U.S.C. § 1396r-8, violation of New York Social Services Law § 145-b premised on best prices allegations, breach of the Medicaid rebate contract, and common law fraud. The amended complaints also purport to reassert claims against defendants dismissed in the 10/26/04 Order without materially changing the allegations against them, and to add certain other defendants for the first time.

At the same time it *sua sponte* sought to revive, through complaints amended as of right in *Westchester*, *Rockland* and *New York City*, the very causes of action and claims dismissed in *Suffolk*, the Kirby Firm asked counsel for defendants to consent to plaintiffs' filing of a second amended complaint in *Suffolk* that also reasserted the dismissed causes of action and claims. Defendants, of course, declined and suggested to plaintiffs' counsel that a case management conference be held with the Court in all New York County/City Cases to resolve whether plaintiffs' conduct was inconsistent with (i) the Court's rulings in *Suffolk*, (ii) the letter and spirit of the County/City Stipulations linking the complaints in *Westchester*, *Rockland* and *New York City* with the outcome of the motions to dismiss in *Suffolk* and (iii) the "law of the case" doctrine and stare decisis.

Plaintiffs' counsel declined and took the position that defendants are obligated to respond to the *Westchester*, *Rockland* and *New York City* amended complaints at this time notwithstanding the fact that this Court still has pending before it unresolved motions with respect to *Suffolk*. Accordingly, defendants brought this motion.

## Argument

I.   A Case Management Conference Is Necessary to Resolve the Extent to which this Court's Prior Rulings in *Suffolk* Apply to the Other New York County/City Cases

The "law of the case" doctrine posits that when a court decides a question of law in a case "that decision should continue to govern the same issues in subsequent stages." *Christianson v. Colt Indus.*, 486 U.S. 800, 816 (1988). Law of the case is "grounded in important considerations related to stability in the decision-making process, predictability of results, proper working relationships between trial and appellate courts, and judicial economy." *United States v. Rivera-Martinez*, 931 F. 2d 148, 151 (1st Cir. 1991). "Perpetual litigation of any

8

issue--jurisdictional or nonjurisdictional--delays, and therefore threatens to deny, justice."

*Christianson*, 486 U.S. at 816 n.5.

Law of the case doctrine applies not only within a single case but also to coordinated cases involving the same or similarly situated parties. *Watson & Son Pet Supplies v. IAMS Co.*, 107 F. Supp. 2d 883, 888 (S.D. Ohio 1999). Also, another judicial doctrine -- that of stare decisis -- "renders the ruling of *law* in a case binding in future cases before the same court or other courts owing obedience to the decision." *Stewart v. Dutra Construction Co.*, 230 F.3d 461, 467 (1st Cir. 2000) (emphasis in original). The judiciary's "precedent-based system of justice places a premium on finality, stability, and certainty of law, particularly in the field of statutory construction," *id.*, which is the "field" this Court covered in *Suffolk.*[10] Thus, stare decisis applies to the other New York County/City Cases.

Finally, the New York County/City Cases are coordinated not merely as a result of their being placed in a single multi-district litigation. The parties formally stipulated that *Westchester*, *Rockland* and *New York City* "contain[ ] similar allegations and claims against certain of the same defendants as the Amended Complaint filed by the County of Suffolk in MDL 1456" and that "judicial economy" dictates that the decisions on the pleadings in *Suffolk* guide defendants' responsive pleadings in those actions. Formal concessions in a stipulation are judicial admissions that are binding upon the parties making them. *Keller v. United States*, 58

---

[10]     "[T]he essential principles of stare decisis are: (1) an issue of law must have been heard and decided; (2) if an issue is not argued, or though argued is ignored by the court, or is reserved, the decision does not constitute a precedent to be followed; (3) a decision is stare decisis despite the contention that the court was not properly instructed by counsel on the legislative history, or that the argument was otherwise insufficient; (4) a decision may properly be overruled if seriously out of keeping with contemporary views or passed by in the development of the law or proved to be unworkable; and (5) there is a heavy presumption that settled issues of law will not be reexamined. Another factor to be considered in determining whether to give an opinion stare decisis effect is whether the party was aware of the prior litigation but failed to intervene or file an amicus brief on appeal." *State Police for Automatic Retirement Ass'n v. DiFava*, 164 F. Supp. 2d 141, 155 (D. Mass. 2001) (citations omitted).

9

F.3d 1194, 1199 n.8 (7th Cir. 1995); *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

      Because law of the case and stare decisis dictate that this Court apply its rulings in *Suffolk* to the pleadings in the other New York County/City Cases, defendants respectfully suggest that a case management conference be held to discuss whether and to what extent defendants should be required to respond to the amended complaints after the Court issues its final rulings in *Suffolk* .[11]

## II.   Defendants Are Entitled to an Order Staying Their Obligation to Respond to All New York County/City Cases Pending the Filing of One "Master" Pleading

      The County/City Stipulations each provide that "the time [for defendants] to answer or otherwise respond [to the complaints]. . . shall be extended until . . . after the posting on Verilaw of Judge Saris's decision on the Suffolk defendants' motions to dismiss the Suffolk Amended Complaint ...." Because of the unresolved motions to dismiss in *Suffolk*, Defendants have no present obligation to respond to the amended complaints in *Westchester*, *Rockland* and *New York City*. However, Defendants are aware that this Court may issue its decision on these motions in *Suffolk* at any time, thus satisfying the Stipulations. In addition, other cases, already filed by Onondaga County and Nassau County are in the process of being transferred to this Court and are not governed by such Stipulations – and press reports indicate that even more cases are in the pipeline. Defendants, therefore, face the prospect of having to respond to

---

[11]     If Suffolk *had* moved to amend its Amended Complaint, the Court would likely deny the motions as futile because the proposed amendments do not cure the defects addressed by the court is its previous orders. *See Ali v. Univ. of Mass. Med. Ctr.*, 140 F. Supp. 2d 107, 109 (D. Mass. 2001) ("[A] motion to amend will be denied where an amendment would be legally futile or would serve no legitimate purpose.") Similarly, assertion by Westchester, Rockland and New York City of the very claims dismissed in *Suffolk* serves no legitimate purpose and is legally futile.

"moving targets" depending on the extent to which plaintiffs' counsel craft the next complaint to deal with the latest ruling by the Court on earlier complaints.

To avoid this result, Defendants respectfully move this Court for an order that their time to respond to any and all New York County/City Cases filed or later filed is stayed until the plaintiffs in those cases present one master pleading (with appropriate appendices for any county-specific issues) that is consistent with the Court's rulings in *Suffolk*.

## Conclusion

For the foregoing reasons, defendants respectfully request that the Court grant their motion for a case management conference in the above-captioned cases as soon as possible. Defendants further request an order staying their time to respond to any and all New York County/City Cases filed or later filed until the plaintiffs in those Cases present one master pleading that is consistent with the Court's rulings in *Suffolk.*

Dated:  February 11, 2005

> Respectfully submitted,
>
> ON BEHALF OF ALL DEFENDANTS SERVED
> IN ACCORDANCE WITH F.R.C.P. 4 OR WHO
> HAVE WAIVED SERVICE
>
> /s/ Lyndon M. Tretter
> Steven M. Edwards (SE 2773)
> Lyndon M. Tretter (LT 4031)
> Admitted *pro hac vice*
> **HOGAN & HARTSON L.L.P.**
> 875 Third Avenue
> New York, NY 10022
> (212) 918-3000
>
> Thomas E. Dwyer, Jr. (BBO No. 139660)
> Joseph E. Haviland (BBO No. 643814)
> **DWYER & COLLORA, LLP**
> 600 Atlantic Avenue
> Boston, MA 02210
> (212) 371-1000
>
> Attorneys for Bristol-Myers Squibb Company,
> Westwood-Squibb, and Oncology Therapeutics
> Network Corporation

12

## CERTIFICATE OF SERVICE

I certify that on February 11, 2005, a true and correct copy of the foregoing Defendants' Memorandum in Support of Their Motion for a Case Management Conference and for Coordination of Pleadings was served on all counsel of record by electronic service pursuant to Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

/s/ Lyndon M. Tretter
Lyndon M. Tretter