# Lynch
♦
# Martin
ATTORNEYS AT LAW

830 Broad Street
Shrewsbury, NJ 07702
732-224-9400
732-224-9494 (Fax)

1368 How Lane
P.O. Box 6022
North Brunswick, NJ 08902
732-545-0745
732-545-4780 (Fax)

**REPLY TO
SHREWSBURY**

JOHN A. LYNCH
JAMES D. MARTIN [1,2,3]
JOHN J. KANE [1,2,3]
ERIC KUPER
JOHN E. KEEFE, JR. [4]
PATRICK J. BARTELS *

DANIELLE ABOUZEID
EDWARD BRANIFF [5]
TRACIE L. CLABAUGH *
GERALD H. CLARK [5]
JAMES DEN UYL [1]
LORI A. DVORAK
VICTORIA GERHAUSER
JOHN F. GILLICK
JENNIFER L. HAINE [o]
JOHN W. HARDING
BERNARD P. HVOZDOVIC, JR.
JOSHUA S. KINCANNON [o]
STEPHEN T. SULLIVAN, JR. *
CARL W. SWANSON
ELIZABETH D. TICE *
MICHAEL J. WEISSLITZ

*OF COUNSEL*
JOHN E. KEEFE, SR.
ROBERT T. QUACKENBOSS

*COUNSEL*
DOUGLAS M. CALHOUN
DANA E. McDADE*

CERTIFIED CIVIL TRIAL ATTORNEY [1]
NATIONAL BOARD OF TRIAL LAWYERS [2]
AMERICAN BOARD OF TRIAL ADVOCATES [3]

NJ & PA Bar *
NJ & NY Bar [5]
NJ & MD Bar *
NJ & FL Northern Dist. Bar [4]
NJ & PA & FL Northern Dist. Bar [o]

February 9, 2005

**VIA OVERNIGHT DELIVERY**

The Honorable Patti B. Saris
United State District Court
for the District of Massachusetts
United State Courthouse
One Courthouse Way, Suite 2300
Boston, MA 02210

   Re:   Local 68 v. TAP Pharmaceutical Products, Inc.

Dear Judge Saris:

   As Your Honor is aware, Local 68 filed its putative New Jersey-only class action in state court in June of 2003. Defendants removed our case to federal court, where it was transferred to Your Court as part of MDL No. 1456. We moved to remand back to state court because *inter alia*, our claims raise no federal question, and are otherwise not co-extensive with the claims brought by the MDL plaintiffs. In particular, Local 68 alleges claims under the New Jersey consumer protection laws, and seeks injunctive and declaratory relief. The MDL plaintiffs do not allege these claims. Our motion to remand still awaits a hearing.

   We understand that the plaintiffs motion for class certification has been briefed fully and is to be heard this Thursday, February 10. To the extent the MDL plaintiffs seek to include New Jersey residents in their proposed nationwide class, Local 68 objects. The failure of the MDL plaintiffs to assert New Jersey statutory consumer protection claims, including declaratory and injunctive thereunder, makes the MDL plaintiffs and their counsel inadequate to represent New Jersey class members. Allowing this case to go forward on the basis proposed by MDL plaintiffs would deprive Local 68, the putative class and New Jersey residents of comparatively favorable New Jersey law, and would do nothing to stop defendants from continuing their allegedly unfair and deceptive trade practices.

---

*Handwritten annotation:*

2/15/05

All requests shall be made by way of motions, which will then be docketed. The court does not rule on letter motions.

— Patti B Saris

Local 68 respectfully requests that it be allowed a few minutes at the class certification hearing to further voice these concerns. Stephen T. Sullivan, Jr., Esq. of this office will appear on behalf of Local 68, if the Court grants our request.

Respectfully submitted,

*[signature]*

JOHN E. KEEFE, JR.
For the Firm

cc: Counsel of Record (via Verilaw)