UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL NO. 1456 CIVIL ACTION NO. 01-12257-PBS |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS | ) ) ) ) | Honorable Patti B. Saris |

**TRACK ONE DEFENDANTS' MOTION FOR ENTRY
OF PROPOSED CASE MANAGEMENT ORDER NO. 13**

At the hearing on class certification on February 10, 2005, the Court directed the parties to confer and report back to the Court on adjustments to the schedule for summary judgment motions that was established in CMO No. 10. The parties agree that the schedule should be extended, but they disagree over the length and timing of a new schedule.

At the hearing on class certification, the Court indicated its anticipation that one or both sides will appeal from the Court's ruling on class certification. *See* Transcript at 85 ("I see an immediate appeal from somebody or two sides. I think this will be a struggle for the First Circuit as well, whatever I do . . .."). The Court also noted that the First Circuit prefers district courts to resolve class certification issues before addressing liability. *Id.* at 96.

Because the Court of Appeals will in all likelihood be asked to rule on class certification, it makes sense to defer briefing on summary judgment motions on liability until after the Court of Appeals rules. Indeed, the Court suggested this approach to the parties. *See id.* at 96-97 ("The class cert is to be so critical that I can see why you all don't want to spend a fortune briefing a motion for summary judgment."). When one of defendants' counsel observed

that "we would want to avoid burdening your Honor with hundreds of pages [of] merits briefs on issues that may not well be relevant after we see what the class cert opinion is . . .," the Court responded, "I think there is some merit to that."  *Id.* at 98.

Notwithstanding these comments and the obvious efficiencies and economies of waiting to see whether the various and diverse components of this case (*i.e.,* self-administered drugs, physician-administered drugs not covered by Medicare, physician-administered drugs covered by Medicare for which the co-payment is paid by an insurance company, and physician-administered drugs covered by Medicare for which the co-payment is paid by the beneficiary) will or will not proceed as a class, plaintiffs have proposed a schedule that takes no account of the rulings on class certification.  Plaintiffs' proposal is as follows:

      August 1, 2005 - close of fact discovery

      October 1, 2005 - plaintiffs file expert reports on liability

      December 1, 2005 - defendants file motions for summary judgment and expert reports on liability

      February 1, 2006 - plaintiffs file oppositions

      March 1, 2006 - defendants file replies

      March 15, 2006 - plaintiffs file surreplies

Defendants, on the other hand, propose a schedule that is keyed either to an unappealed order of this Court on class certification[1] or the Court of Appeals' final judgment on any appeal from class certification, the latter of which is defined as the triggering event.  This schedule provides the same amounts of time for each event as plaintiffs' proposed schedule,

---

[1]  Rule 23(f) requires petitions for leave to appeal from a class certification order to be filed within ten days of the order, so a party's decision to appeal will be known within this brief period.

except that each time period begins to run from the triggering event of the critical final decision on class certification.  Where plaintiffs' schedule allows approximately five months of additional fact discovery between now and August 1, 2005, defendants' schedule allows that amount of time from the triggering date, and the subsequent dates thereafter track the times allowed by plaintiffs' schedule:

    1.  150 days after triggering event -- close of fact discovery

    2.  210 days after triggering event -- plaintiffs serve expert reports

    3.  270 days after triggering event -- defendants serve expert reports on liability and motions for summary judgment

    4.  330 days after triggering event -- plaintiffs serve oppositions to defendants' motions for summary judgment

    5.  360 days after triggering event -- defendants serve replies on their motions for summary judgment

    6.  375 days after triggering event -- plaintiffs serve surrreplies on defendants' motions for summary judgment

The efficiencies and economies of defendants' proposed schedule are obvious.  For example, approximately 100 of the 132 drugs at issue manufactured by the Track I defendants are self-administered drugs not covered by Medicare.  It would be a massive waste of resources to file expert reports and summary judgment motions addressing those drugs if ultimately no self-administered class is certified.  There simply is no point in compiling the expert reports and briefing issues relating to aspects of this case that may or may not be in the case after the final decision on class certification is known.

## CONCLUSION

For the reasons stated above, the Court should enter defendants' proposed version of Case Management Order No. 13.

Respectfully submitted,

THE TRACK 1 DEFENDANTS

By:  /s/ Jessica V. Barnett

Nicholas C. Theodorou (BBO # 496730)
Jessica V. Barnett, Esq. (BBO# 650535)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110

D. Scott Wise
Michael Flynn
Kimberley Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

Attorneys for AstraZeneca Pharmaceuticals LP

Steven M. Edwards
Lyndon M. Tretter
Hogan & Hartson, LLP
875 Third Avenue, Suite 2600
New York, NY 10022

Attorneys for the Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc.

Mark H. Lynch
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004-7566

Frederick E. Herold
Dechert LLP
975 Page Mill Road

Palo Alto, CA 94304-1013

Geoffrey E. Hobart
Holland & Knight LLP
10 St. James Ave.
Boston, MA 02116

Attorneys for SmithKlineBeecham Corp.
d/b/a GlaxoSmithKline

William F. Cavanaugh, Jr.
Andrew D. Schau
Erik Haas
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036 6710

Attorneys for the Johnson and Johnson Defendants

John T. Montgomery
Brien T. O'Conor
Steven A. Kaufman
Darcy W. Shearer
Eric P. Christofferson
Ropes & Gray LLP
One International Place
Boston, MA 02110

Attorneys for Schering-Plough Corp. and
Warrick Pharmaceuticals Corp.

Dated: February 24, 2005

## CERTIFICATE OF SERVICE

    I certify that on February 24, 2005, a true and correct copy of the foregoing Track One Defendants' Motion for Entry of Proposed Case Management Order No. 13 and Proposed Case Management Order No. 13 were served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

                                                            /s/ Jessica V. Barnett
                                                            Jessica V. Barnett

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

    Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for the Track One Defendants conferred with counsel for plaintiffs on this motion.

                                                            /s/ Jessica V. Barnett
                                                            Jessica V. Barnett