## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) |   MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS<br><br>Judge Patti B. Saris<br><br>Chief Mag. Judge Marianne B. Bowler |
| THIS DOCUMENTS RELATES TO 01-CV-12257-PBS | |

**ASTRAZENECA PHARMACEUTICAL LP'S CROSS-MOTION
FOR A PROTECTIVE ORDER RELATING TO THE APRIL 2, 2004
AMENDED NOTICE OF RULE 30(B)(6) DEPOSITION**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca"), by its attorneys, hereby cross-moves for a protective order prohibiting plaintiffs from taking the deposition of Stuart Fullerton and from discovering documents pursuant to the Notice of Deposition served on AstraZeneca by plaintiffs on October 22, 2004.

1. Stuart Fullerton is Senior Litigation Counsel to AstraZeneca.

2. The conversation between Stuart Fullerton and John Freeberry on which discovery is sought by plaintiffs is subject to the attorney-client privilege, and plaintiffs have not met their burden of overcoming the protections of the privilege for the reasons set forth in the attached memorandum of law.

3. Defendants have searched for and produced all non-privileged documents in the possession of Stuart Fullerton that were sought by plaintiffs pursuant to Schedule A in their Notice of Deposition and pursuant to plaintiffs' other document requests.

4. It would be unduly burdensome to require AstraZeneca to log all privileged documents in Stuart Fullerton's possession that are responsive to plaintiffs' extremely broad discovery requests.

5. Plaintiffs make vague reference in their motion to other communications identified on AstraZeneca's privilege log which they believe are not privileged, but AstraZeneca has not included any documents on its privilege log which are not protected from discovery by an applicable privilege or doctrine, and plaintiffs have not made a showing to the contrary with respect to any document on AstraZeneca's privilege log. The parties are still in the process of conferring on certain issues relating to AstraZeneca's privilege log.

WHEREFORE AstraZeneca respectfully requests that this Court enter an order granting AstraZeneca's motion for a protective order and entering a finding that the documents and testimony relating to Stuart Fullerton's provision of legal advice are protected by the attorney-client privilege and/or the attorney work product doctrine, and all other relief that the Court deems proper.

Dated: February 24, 2005                                        Respectfully submitted,


By:_____/s/ Jessica V. Barnett_____
Nicholas C. Theodorou (BBO # 496730)
Jessica V. Barnett (BBO# 650535)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110
(617) 832-1000

D. Scott Wise (admitted *pro hac vice*)
Florence Crisp (admitted *pro hac vice*)
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY  10017
(212) 450-4000

Attorneys for AstraZeneca Pharmaceuticals LP

- 3 -

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on February 24, 2005, a copy to Verilaw Technologies for posting and notification to all parties.

                                                                                       /s/ Jessica V. Barnett
                                                                                        Jessica V. Barnett

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for defendants conferred with counsel for plaintiffs on this motion, and attempted in good faith to resolve or narrow the issue.

                                                                                      /s/ Monica Lamb
                                                                                        Monica Lamb