**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO ) <br> ALL CLASS ACTIONS ) <br> _____ ) | MDL No. 1456 <br><br> CIVIL ACTION:  01-CV-12257-PBS <br><br> Judge Patti B. Saris |

## PLAINTIFFS' MEMORANDUM REGARDING SCHEDULING

At the conclusion of the hearing on plaintiffs' motion for class certification the parties jointly raised the issue of the need to readdress various dates in Case Management Order ("CMO") No. 10.  The court directed the parties to discuss scheduling and to report back to the Court.  This memorandum constitutes plaintiffs' submission on scheduling.

The Fast Track defendants and plaintiffs conferred on a number of occasions in an effort to reach an agreed schedule but were unable to do so.  There was agreement as to the length of time needed to complete discovery.  Where the parties disagree is when expert reports are due and when summary judgment and pre-trial proceedings should take place.  Plaintiffs propose a schedule that should have the Fast Track cases ready for trial by May 2006.  Defendants propose no set schedule and would have all dates be triggered only after all proceedings relating to class certification are completed including any appeals to the First Circuit and any decisions by the First Circuit.

- 1 -

1534.16 0165 MTN.DOC

The parties agree that given the number of documents still being produced by defendants and third parties, and given the extensive focus on class certification that has somewhat sidetracked merits discovery, that additional time is needed for merits discovery beyond the January 31, 2005 fact discovery cutoff in CMO No. 10.  For example, plaintiffs are still receiving basic data sets that are needed to finalize Dr. Hartman's "but for yardsticks" and depositions are needed from each defendant regarding such information.  Plaintiffs are still receiving substantial numbers of documents from defendants on other subjects and expect to conduct ten to thirty depositions on the merits from each defendant in the next few months.  Plaintiffs proposed and defendants did not disagree that fact discovery should cutoff in August 2005.  Plaintiffs thus propose a schedule as follows:

| | |
|---|---|
| Close of Fact Discovery for Fast Track Defendants | **August 31, 2005** |
| Plaintiffs' Expert Liability Reports | **September 31, 2005** |
| Defendants' Expert Liability Reports | **November 15, 2005** |
| Summary-Judgment Motions Due | **November 15, 2005** |
| Plaintiffs' Reply Expert Liability Reports | **December 15, 2005** |
| Plaintiffs' Opposition to Summary Judgment | **January 15, 2006** |
| Defendants' Reply on Summary Judgment | **February 1, 2006** |
| Plaintiffs' Surreply on Summary Judgment | **February 15, 2006** |

1534.16 0165 MTN.DOC

- 3 -

| Trial | **May 15, 2006** |

      Plaintiffs do not believe that the case should be stayed or activity stopped while any party petitions the First Circuit for review of the Court's order on class certification.  The standards under which the First Circuit accepts review of a decision on class certification under Fed R. Civ. P. 23 (f) are narrow and such review is the exception and not the rule.  If the First Circuit grants such a request, the parties can then address scheduling modifications with the Court at that time.  However to simply await a final ruling by the First Circuit before scheduling any other litigation deadlines will result in a vastly protracted schedule.  For example under defendants' proposal, if the Court ruled on class certification in July and defendants sought appellate review, fact discovery would not close until five months after the First Circuit declined review, which would push the close of discovery out into 2006, with the summary-judgment motions not being filed until mid 2006.  This stretched out schedule is simply to long and should be rejected.

      Plaintiffs believe all dates for the non Fast Track defendants should be vacated, that document discovery with respect to such defendants should continue and further dates be the subject of a case management briefing after the Court's ruling on class certification.

DATED:  February 25, 2005.

By    /s/ **Steve W. Berman**
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
    Hagens Berman Sobol Shapiro LLP
    One Main Street, 4th Floor
    Cambridge, MA  02142
    Telephone: (617) 482-3700
    Facsimile: (617) 482-3003
    **LIAISON COUNSEL**

1534.16 0165 MTN.DOC

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL 60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Samuel D. Heins
Alan I. Gilbert
Brian L. Williams
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CHAIRS OF LEAD COUNSEL COMMITTEE**

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

- 4 -

        Kenneth A. Wexler
        Jennifer F. Connolly
        The Wexler Firm
        One North LaSalle Street, Suite 2000
        Chicago, IL  60602
        Telephone: (312) 346-2222
        Facsimile: (312) 346-0022
        **MEMBERS OF LEAD COUNSEL**
        **COMMITTEE AND EXECUTIVE**
        **COMMITTEE**

1534.16 0165 MTN.DOC

- 6 -

## CERTIFICATE OF SERVICE

     I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **PLAINTIFFS' MEMORANDUM REGARDING SCHEDULING** to be electronically filed with the Court pursuant to the December 16, 2004 Order and to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on February 25, 2005 a copy to Verilaw Technologies for posting and notification to all parties.

          By    **/s/ Steve W. Berman**
              Thomas M. Sobol
              Hagens Berman Sobol Shapiro LLP
              One Main Street
              Cambridge, MA 02142
              Telephone: (617) 482-3700
              Facsimile: (617) 482-3003

1534.16 0165 MTN.DOC