UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. NO. 1456 |
| THIS DOCUMENT RELATES TO: | Civil Action No. 01-CV-12257- PBS |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.,* E.D.N.Y. Case No. CV-03-229 | Judge Patti B. Saris |
| *County of Westchester v. Abbott Laboratories, Inc., et al.,* S.D.N.Y. Case No. CV-03-6178 | |
| *County of Rockland v. Abbott Laboratories, Inc., et al.,* S.D.N.Y. Case No. CV-03-7055 | |
| *The City of New York v. Abbott Laboratories, Inc., et al.,* S.D.N.Y. Case No. CV-03-06054 | |

**MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR A CASE MANAGEMENT CONFERENCE AND COORDINATION OF PLEADINGS**

**Preliminary Statement**

The City of New York, and the New York Counties of Suffolk, Westchester and Rockland (independent governmental entities, each of which has filed an independent case in its respective federal court that has been transferred on consent to this MDL for pre-trial proceedings) have no objection to a case management conference to coordinate pre-trial matters in respect of their cases. The scheduling of any such conference, however, should not stay or otherwise delay defendants' obligations to respond to the amended complaints filed by the City, Westchester and Rockland on January 26, 2005 (collectively, "the amended complaints").

Counsel for the City, Westchester and Rockland told defendants, prior to the filing of defendants' motion, that they favored a coordinated schedule and consolidated briefing on the amended complaints. Counsel told defendants that we were happy to discuss defendants' time to answer or otherwise respond to the amended complaints. But defendants wanted more and what they wanted was not supported by any federal or local rule, case, agreement, stipulation or order of this Court.

First, defendants object even to the filing of the amended complaints. There are no legitimate grounds for objection. The City, Westchester and Rockland filed amended complaints as was their entirely right under Fed. R. Civ. P. 15 (e). The City, Westchester and Rockland notified counsel for defendants of their intention to file amended complaints in November 2004. *See* letter from Kimberly Harris to Joanne Cicala, dated November 4, 2004 (the "Harris letter"), and annexed to defendants' motion as Exhibit H. Defendants raised no protest, nor could they have.

2

Defendants say that independent stipulations executed by the City, Rockland and Westchester bar the amendments.  But each stipulation, on its face, expressly states that it pertains only to defendants' time to answer or otherwise response to the original complaints filed in the City, Rockland and Westchester actions respectively.  The Westchester stipulation covers only the "Westchester Complaint" defined as "the Complaint filed in the [Westchester] action on August 29, 2003." Def. Ex. B at 2.  The Rockland stipulation covers only the "Rockland complaint" defined as the "Complaint filed in the [Rockland] action on September 15, 2003."  Def. Ex. C at 2.  The City stipulation covers only the "City Complaint" defined as the "Complaint [filed] on August 4, 2004.  Def. Ex. D at 1-2.  The stipulations do not speak to the Westchester, Rockland or City actions as a whole.  Their language concerns only particular complaints filed on particular dates.  Now that amended complaints have been filed, the stipulations are moot.  Indeed, the Harris letter reaffirms the point.  There Ms. Harris wrote ""none of the defendants named in the Suffolk, Westchester, Rockland, or New York City cases has any obligation to respond to the **current** complaints in light of your intention to amend the complaints in all of these cases." Def. Ex. H (Harris letter)(emphasis added).

Defendants argue that principles of law of the case and stare decisis prohibit the amendments.  But these principles do not trump the federal rules on when a party may amend, nor do defendants cite any authority to suggest that these principles bar the filing of an amended pleading as of right.  Defendants certainly can attempt arguments based on these principles in the context of a motion to dismiss, but not at this stage.

Defendants argue that the amended complaints are "in effect, out of time motions for the Court to reconsider its rulings in Suffolk".  Defendants' motion at 1. The

3

argument makes no sense.  First, defendants themselves note, as they must,  (*id.* at 2 n. 3, 5, 7, 8) that the court has not even finally ruled on defendants' motions to dismiss the Suffolk Amended Complaint, so query how any motion for reconsideration of the Court's rulings there could be "out of time". [1]  Second, the argument ignores entirely that the City of New York and the Counties of Westchester and Rockland are independent governmental entities with independent cases and independent due process rights.

Defendants' request for a stay pending the filing of possible additional New York County cases is made without any support and, again, ignores the independence and due process rights of the City/County governmental entities which have already filed and are entitled to advance their cases.  Defendants should be likewise arguing that they do not have to respond to any AWP-related matters filed by any Attorney General, until all Attorneys General have filed.  Of course defendants would not make such an argument as it would be entirely absurd.

That additional New York counties or any Medicaid payors may determine to file independent AWP cases in the future, and that coordination of such cases may be efficient for all involved is not an issue ripe for resolution at this time.  What can be said however is that, to the extent counsel for Suffolk, the City, Westchester and Rockland, are retained to independently represent any additional Medicaid payors, we will look forward to efficiently coordinating cases filed on behalf of such with the litigation ongoing in this MDL.

---

[1] Given defendants' contradictory position that the Courts' ruling on the Suffolk motions to dismiss are at once not final and yet nevertheless binding, Suffolk—out of an abundance of caution-- presently will file its motion for reconsideration of certain portions of the Court's rulings on defendants' motions to dismiss its Amended Complaint.  Suffolk will reserve all rights to supplement this reconsideration motion once the court's final ruling on the motions to dismiss the Suffolk Amended Complaint issue.

4

## **Argument**

### I.     The Federal Rules Permit the Amended Pleadings

Fed. R. Civ. P. 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served". It is undisputed that no responsive pleadings have been served in the City, Westchester or Rockland cases. Thus, the federal rules permit the amendments as of right.

### II.    The Stipulations Governing The Original City, Westchester and Rockland Complaints Are Moot

The stipulations signed by the City, Westchester and Rockland, on their face, expressly pertained only to the original complaints filed in those actions. *See* Def. Exhs. B, C and D. The stipulations are silent entirely on the issue of amended pleadings. Nor do the stipulations purport to govern the City, Westchester or Rockland matters as a whole. Their express purpose was to promote judicial efficiency given the similarities between the subject original complaints and the Suffolk Amended Complaint. Now that amended complaints have been filed by the City, Rockland and Westchester, the stipulations are moot.

Turning a blind eye to the clear language of the stipulations, defendants mischaracterize them entirely when they write "[t]he parties formally stipulated that *Westchester*, *Rockland* and *New Yo*rk *City* 'contain[] similar allegations against certain of the same defendants as the Amended Complaint filed by the County of Suffolk in MDL 1456". Def. Motion at 9. That is simply not what the stipulations say. They provide instead and in relevant part (using Rockland as an example):

> "WHEREAS, the County of Rockland filed the Complaint in the instant action on September 10, 2003 (the "***Rockland Complaint***"); . . .

5

> "WHEREAS the ***Rockland Complaint*** contains similar allegations and claims against certain of the same defendants as the Amended Complaint filed by the County of Suffolk in MDL 1456 )"Suffolk Amended Complaint"; and
>
> "WHEREAS, judicial economy would be best served if the motions to dismiss the Suffolk Amended Complaint are decided by Judge Saris before defendants in this action respond to the ***Rockland Complaint***"…

Def. Ex. C at 1-2 (emphasis added).

Thus, there is no simply basis whatever for the proposition that the stipulations have any relevance to the amended complaints.

### III. Law of the Case and Stare Decisis Principles Do Not Bar the Amended Pleadings

Defendants argue, in essence, that principles of the law of the case and stare decisis trump both the Federal Rules of Civil Procedure and the City, Westchester and Rockland's due process rights. But defendants cannot cite a single case to suggest that these principles bar an independent party from filing an amended pleading as of right.[2] Moreover, here we do not even have the "finality, stability or certainty" that defendants' own authority properly says is required to trigger the preclusive effect of these principles. *Stewart v. Dutra Construction Co.*, 230 F.3d 461, 467 (1st Cir. 2000). *See also Police for Automatic Retirement Ass'n. v. DiFava*, 164 F.Supp 141, 155 (D. Mass. 2001) (stare decisis applies where issue of law is heard and *decided*; if issue is argued and "reserved",

---

[2] *Christianson v. Colt*, 486 U.S. 800, 816-18 (1988) (did not concern an amended pleading; court held law of the case does not preclude an appellate Court from ignoring a ruling of a coordinate court); *United States v. Rivera-Martinez*, 931 F.2d 148, 151 (1st Cir. 1991) (holding that law of the case precluded a trial court from re-opening issues **finally** decided by an appellate court in the absence of any change in law or fact); *Watson & Son Pet Supplies v. IAMS Co.*, 107 F.Supp.2d 883 (S.D. Ohio 1999) (did not concern an amended pleading filed by an independent party; held that law of the case applies to coordinate courts when dealing with the same party); *Stewart v. Dutra Construction Co.*, 230 F.3d 461, 467 (1st Cir. 2000)(Court of Appeals bound under principle of stare decisis to **final** determination in earlier proceeding where no justification for deviation).

6

the decision does not constitute a precedent to be followed).  The motions to dismiss the Suffolk Amended Complaint (by defendants' own admission) are "unresolved".

The time and place may come for defendants to advance their law of the case and stare decisis arguments, but that properly would be in the context of a motion to dismiss the amended pleadings, and again, the City, Westchester and Rockland are amenable to coordinated briefing on such a motion.

## Conclusion

For all the foregoing reasons, defendants should be directed to answer or otherwise respond to the amended complaints filed by the City, Westchester and Rockland within 30 days of the Court's ruling on this motion, and the balance of defendants' motion should be denied.

Dated: February 25, 2005.

        Respectfully submitted,

        KIRBY McINERNEY & SQUIRE, LLP

        Attorneys for the City of New York
        830 Third Avenue
        New York, New York 10022
        (212) 371-6600

        By:    ___/s/ Joanne M. Cicala_____
                  Joanne M. Cicala (JC 5032)
                  Aaron D. Hovan (AH 3290)

## Certificate of Service

    I certify that on February 25th, 2005 a true and correct copy of the foregoing Memorandum In Response To Defendants' Motion for a Case Management Conference And Coordination of Pleadings was served on all Counsel of Record by electronic service pursuant to Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

                                        /s/ Aaron D. Hovan
                                        Aaron D. Hovan