UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) MDL NO. 1456 CIVIL ACTION NO. 01-12257-PBS |
| THIS DOCUMENT RELATES TO **ALL ACTIONS** | ) ) ) ) ) |

### CORRECTED PHASE II DEFENDANTS' MOTION FOR ENTRY OF PROPOSED CASE MANAGEMENT ORDER NO. 13

At the recent hearing on class certification, the Court directed the parties to confer and report back to the Court on adjustments to the schedule that was established in CMO No. 10. The phase II defendants[1] submit this Motion and propose a schedule that keeps the phase II portion of the case moving forward and also maintains the efficiencies inherent in the two track system previously adopted by the Court.

### The Phase I Defendants' Motion

The phase I defendants have submitted a motion for the entry of CMO No. 13, indicating that the phase I defendants and the plaintiffs agree that their existing schedule should be extended, but that they disagree over the length and timing of a new schedule.

---

[1] The phase II defendants are Abbott Laboratories, Amgen Inc., Aventis Pharmaceuticals Inc., Aventis Behring L.L.C., Hoechst Marion Roussel, Inc., Bayer Corporation, Baxter International, Inc., Baxter Healthcare Corp., Dey, Inc., Fujisawa Health Care, Inc., Fujisawa USA, Inc., Immunex Corporation, Novartis Pharmaceuticals Corporation, Pfizer Inc., Pharmacia Corporation, Pharmacia & Upjohn, Inc., Sicor, Inc., f/k/a Gensia, Inc., Gensia Sicor Pharmaceuticals Inc., TAP Pharmaceutical Product, Inc., Together Rx LLC, and Watson Pharmaceuticals, Inc.

- 2 -

In their motion, the phase I defendants note that the Court expressed its anticipation that either the plaintiffs or the phase I defendants or both would appeal from the Court's ruling on class certification. *See* Transcript at 85 ("I see an immediate appeal from somebody or two sides. I think this will be a struggle for the First Circuit as well, whatever I do . . . .").[2] The phase I defendants point out that because the Court of Appeals, in all likelihood, would be asked to rule on class certification, it makes sense to defer the close of phase I discovery and phase I briefing on summary judgment motions until after the Court of Appeals rules.

The phase I defendants propose a schedule that is keyed to the latter of an unappealed order of this Court on class certification or the Court of Appeals' final judgment on any appeal from class certification. The phase I defendants observe that their proposed schedule provides the same amount of time for each event as plaintiffs' proposed schedule, except that each time period begins to run from the triggering event of the critical final decision on class certification.[3]

---

[2] The Court also noted that the First Circuit prefers district courts to resolve class certification issues before addressing liability. *Id.* at 96.

[3] The phase I defendants' proposed schedule is as follows (with the "triggering event" being the date of an unappealed order by this Court on the pending motion for class certification or the final judgment of the United States Court of Appeals for the First Circuit in any appeal of this Court's order on the pending motion for class certification):
  1. 150 days after triggering event -- close of fact discovery
  2. 210 days after triggering event -- plaintiffs serve expert reports
  3. 270 days after triggering event -- defendants serve expert reports on liability and motions for summary judgment
  4. 330 days after triggering event -- plaintiffs serve oppositions to defendants' motions for summary judgment
  5. 360 days after triggering event -- defendants serve replies on their motions for summary judgment
  6. 375 days after triggering event -- plaintiffs serve surrreplies on defendants' motions for summary judgment.

The phase I defendants suggest that the plaintiffs' proposed schedule – which fails to account for the rulings on class certification – be rejected because it was not in keeping with the Court's comments at the hearing and failed to comport with the obvious efficiencies and economies of waiting to see whether the various and diverse components of this case (*i.e.*, self-administered drugs, physician-administered drugs not covered by Medicare, physician-administered drugs covered by Medicare for which the co-payment is paid by an insurance company, and physician-administered drugs covered by Medicare for which the co-payment is paid by the beneficiary) will or will not proceed as a class.

### The Phase II Defendants' Proposed Schedule

The phase II defendants request that the Court adopt the schedule proposed by the phase I defendants, and further request that the schedule applicable to them be modified. The phase II defendants' proposal seeks to simultaneously accomplish two important goals. First, it modifies the schedule to provide that phase I briefing and decisions on class certification and summary judgment are resolved before the plaintiffs and phase II defendants are required to undertake expensive and costly class certification and summary judgment briefing. This proposal, therefore, maintains the two track system, which avoids duplication of effort, narrows the issues prior to extensive briefing by the plaintiffs and phase II defendants, and lessens the cost and burden to the parties and the Court. Secondly, the phase II defendants' proposal prevents the phase II portion of the case from languishing by providing that phase II discovery will continue and will be completed on a date shortly following that proposed by the phase I defendants for the close of phase I discovery.

Specifically, the phase II defendants request that the Court adopt the following schedule for their class certification briefing and the close of their fact discovery:

\\\BA - 58360/0066 - 187286 v2

1. 60 days after triggering event[4] – plaintiffs file motion for class certification and expert reports in support thereof.

2. 90 days after triggering event – discovery of plaintiffs' experts on class certification completed.

3. 110 days after triggering event – defendants file opposition to class certification and expert reports in support thereof.

4. 140 days after triggering event – discovery of defendants' experts on class certification completed.

5. 150 days after triggering event – plaintiffs' reply on class certification filed.

6. 165 days after triggering event – any surreply shall be filed.

7. 165 days after triggering event – close of phase II fact discovery.

The phase II defendants propose that following the Court's decision on the phase I defendants' motions for summary judgment, the Court hold a case management conference to establish the schedule for the remainder of the phase II aspect of the case, including establishing a briefing schedule for phase II defendants' summary judgment motions.

Simultaneous with the filing of this Motion, the phase II defendants submit a proposed Case Management Order No. 13 that adopts the Proposed Case Management Order No. 13 submitted by the phase I defendants and adds the phase II defendants' proposed schedule.

---

[4] The "triggering event" for this schedule is the same as the triggering event proposed by the phase I defendants; namely, the later of the date of an unappealed order by this Court on the pending motion for class certification or the final judgment of the United States Court of Appeals for the First Circuit in any appeal of this Court's order on the pending motion for class certification.

\\BA - 58360/0066 - 187286 v2

CONCLUSION

For the reasons stated above, the Court should enter phase II defendants' proposed version of Case Management Order No. 13.

Respectfully submitted,

THE PHASE II DEFENDANTS

By: /s/ Steven F. Barley

Frank A. Libby, Jr. (BBO No. 299110)
Douglas S. Brooks (BBO No. 636697)
Kelly, Libby & Hoopes, P.C.
175 Federal Street, 8th Floor
Boston, Massachusetts 02110
Telephone: (617) 338-9300
Facsimile: (617) 338-9911

Joseph H. Young
Steven F. Barley
Jane Ann R. Neiswender
Hogan & Hartson L.L.P.
111 S. Calvert St., Suite 1600
Baltimore, Maryland 21202
Telephone: (410) 659-2700
Facsimile: (410) 539-6981

Attorneys for Amgen Inc.

*And on behalf of Defendants:*

Abbott Laboratories
Aventis Pharmaceuticals Inc.
Aventis Behring L.L.C.
Hoechst Marion Roussel, Inc.
Bayer Corporation
Baxter International, Inc.
Baxter Healthcare Corp.
Dey, Inc.
Fujisawa Health Care, Inc.
Fujisawa USA, Inc.
Immunex Corporation
Novartis Pharmaceuticals Corporation
Pfizer Inc.
Pharmacia Corporation

\\\BA - 58360/0066 - 187286 v2

- 6 -

        Pharmacia & Upjohn, Inc.
        Sicor, Inc., f/k/a Gensia, Inc.
        Gensia Sicor Pharmaceuticals Inc.
        TAP Pharmaceutical Product, Inc.
        Together Rx LLC
        Watson Pharmaceuticals, Inc.

Dated: February 28, 2005

## CERTIFICATE OF SERVICE

I certify that on February 28, 2005, a true and correct copy of the foregoing Corrected Phase II Defendants' Motion For Entry Of Proposed Case Management Order No. 13 was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

                                                  /s/ Steven F. Barley
                                                  Steven F. Barley