UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO ) <br> ALL CLASS ACTIONS ) <br> ) | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris |

**PLAINTIFFS' RESPONSE TO THE PHASE II DEFENDANTS' MOTION
FOR ENTRY OF PROPOSED CASE MANAGEMENT ORDER NO. 13**

The Phase II defendants have filed a motion stating that "the court directed the parties to confer and report back to the court on adjustments to the schedule that was established in CMO No. 10." The Phase II defendants did not meet and confer with plaintiffs and made no attempts in that regard. Plaintiffs were thus unaware that these defendants intended to file a submission on this issue. Plaintiffs oppose the Phase II defendants' proposal for the reasons set forth below.

Like the Fast Track defendants the Phase II defendants propose that scheduling will await the exhaustion of all proceedings regarding class certification. As explained in Plaintiffs' Memorandum Regarding Scheduling, defendants' "trigger date proposal," stretches the schedule into 2007 or beyond. For example, assume the Court decided class certification on June 1, 2005. Assume further that defendants filed a Rule 23(f) petition, and that briefing on that issue concluded in July 2005 and the First Circuit declined the petition on October 1, 2005. The Fast Track defendants would use October 1, 2005, as the trigger date and would then have summary-

- 1 -

judgment briefing concluding in November 2006, over a year later.  This schedule is simply too attenuated and assumes that the First Circuit will accept the 23(f) petition.

The Phase II defendants build on this proposal with their own attenuated schedule, including allowance for 160 days of proceedings regarding class certification.  This proposal ignores the fact that after the Court's ruling on class certification as to the Fast Track defendants this exhaustive process will not have to be repeated with respect to class certification for the Phase II defendants.  For example, there should be no need for new expert reports as the Phase II defendants propose.  The Court has been deluged with expert reports on such issues as the use of AWP in the Part B, physician administered and self-administered arenas.  The Part B, physician administered and self-administered markets operate no differently for these Phase II defendants.  So the only legitimate issue to be addressed as to these documents is whether there is something unique as to these defendants that would cause a different result on class certification.  Plaintiffs therefore propose the following schedule for the Phase II defendants:

1. Ten days after the Court's ruling on class certification plaintiffs shall serve interrogatories designed to determine what reasons the Phase II defendants have for claiming the ruling on class certification as to these defendants should be different.

2. Defendants respond to these interrogatories and documents requests within 30 days.

3. Discovery to take place on any such issues within 30 days.

4. Motion for class certification as to the Phase II defendants filed 30 days after discovery concludes.

5. Opposition to class motion, limited to issues not addressed in the class certification order on the Fast Track defendants, filed 15 days thereafter.

- 2 -

6. Reply in support of class certification filed 15 days thereafter.

7. After the Phase II ruling on class certification the parties will propose a schedule for the remainder of the case.

## CONCLUSION

For the reasons stated above, the Court should not adopt a schedule for Phase II that ignores the purpose of the Fast Track proceedings, which was to use the Fast Track proceedings as a guide to the rest of the litigation.

DATED:  February 28, 2005.            By    /s/ Steve W. Berman
                        Thomas M. Sobol (BBO#471770)
                        Edward Notargiacomo (BBO#567636)
                        Hagens Berman Sobol Shapiro LLP
                        One Main Street, 4th Floor
                        Cambridge, MA  02142
                        Telephone: (617) 482-3700
                        Facsimile: (617) 482-3003
                        **LIAISON COUNSEL**

                        Steve W. Berman
                        Sean R. Matt
                        Hagens Berman Sobol Shapiro LLP
                        1301 Fifth Avenue, Suite 2900
                        Seattle, WA  98101
                        Telephone: (206) 623-7292
                        Facsimile: (206) 623-0594

                        Elizabeth A. Fegan
                        Hagens Berman Sobol Shapiro LLP
                        60 W. Randolph Street, Suite 200
                        Chicago, IL  60601
                        Telephone: (312) 762-9235
                        Facsimile: (312) 762-9286

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Samuel D. Heins
Alan I. Gilbert
Brian L. Williams
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CHAIRS OF LEAD COUNSEL**
**COMMITTEE**

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
**MEMBERS OF LEAD COUNSEL**
**COMMITTEE AND EXECUTIVE**
**COMMITTEE**

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE TO THE PHASE II DEFENDANTS' MOTION FOR ENTRY OF PROPOSED CASE MANAGEMENT ORDER NO. 13** to be electronically filed with the Court pursuant to the December 16, 2004 Order and to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on February 28, 2005 a copy to Verilaw Technologies for posting and notification to all parties.

By   **/s/ Steve W. Berman**
Thomas M. Sobol
Hagens Berman Sobol Shapiro LLP
One Main Street
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

1534.16 0166 MTN.DOC