UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL NO. 1456 CIVIL ACTION NO. 01-12257-PBS |
| THIS DOCUMENT RELATES TO **ALL ACTIONS** ) ) ) ) ) |  |

### TRACK II DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO THE TRACK II DEFENDANTS' MOTION FOR ENTRY OF PROPOSED CASE MANAGEMENT ORDER NO. 13

Plaintiffs' proposal on Track II scheduling pays lip service to the Court's objectives in dividing the case into two tracks, but – in fact – would defeat them. Rather than allow the parties to benefit from Track I rulings on class certification by this Court and the Circuit Court, plaintiffs propose that the parties complete substantial discovery and fully brief all class certification issues before the First Circuit would likely have an opportunity to review this Court's Track I class certification decision.

In contrast, the Track II defendants' proposal that the Track II schedule be keyed to a final resolution of the Track I class certification motion makes sense, seeking to minimize duplication of effort by both the Court and the parties. For instance, under the plaintiffs' proposal, the parties would engage in class certification discovery and briefing simultaneously with the expected appeal (by plaintiffs, Track I defendants, or both) of the class certification ruling in the Track I aspect of the case. A decision from the First Circuit, or finality to the Court's decision on the Track I class certification motion, will provide the Track II parties with

valuable guidance on important issues. The Track II parties will then be better able to focus discovery and brief the issues for the Court's consideration.

Defendants' proposal also allows for balanced and sufficient time to coordinate briefing on common issues to minimize duplication. Plaintiffs propose 130 days for class certification discovery and briefing, yet characterize defendants' 165-day proposal as "too attenuated."[1] In their effort to complete class certification discovery and briefing on an "accelerated" schedule, plaintiffs fail to allow sufficient time for adequate consideration and coordination of important issues, to the detriment of the Track II defendants and the Court. For example, although plaintiffs permit themselves 30 days after the Court's ruling to file their class certification brief, plaintiffs allow defendants a mere *fifteen days* to oppose their class certification motion. This one-sided schedule is particularly unworkable given that there are twenty-two Track II defendants. This abbreviated time period to address issues critical to the remainder of the litigation not only deprives the Track II defendants of a full and fair opportunity to address plaintiffs' motion, but also will burden the Court by reducing defendants' ability to eliminate duplicative briefing on common issues through coordination.

Plaintiffs' proposal assumes, incorrectly, that the Track II defendants are entitled to fewer rights of discovery and motion practice than are ordinarily afforded to civil litigants. For example, plaintiffs propose that they be permitted to propound interrogatories by which they would impose on Track II defendants the obligation to explain in the first instance why class

---

[1] Plaintiffs' proposal that class certification briefing for the Track II defendants commence immediately after the Court's decision in the phase I track signifies a radical shift in their position. On February 25, plaintiffs proposed that "all dates for the non Fast Track defendants should be vacated, that document discovery with respect to such defendants should continue and *further dates be the subject of a case management briefing after the Court's ruling on class certification*." (Plaintiffs' Memorandum Regarding Scheduling, at 3 (emphasis supplied).)

- 3 -

certification should not be granted as to them, effectively eliminating plaintiffs' burden to establish that a class should be certified and imposing on defendants the burden of establishing that it should not. Such an approach is flatly at odds with established Rule 23 procedure. Inherent in plaintiffs' proposal is the assumption that the class certification rulings with respect to Track I defendants will be dispositive of the rights of the Track II defendants. While the Court, and all parties, will benefit from the examination of the class certification issues relevant to the Track I defendants, and from the Court's and First Circuit's rulings on those issues, each defendant is entitled to defend itself fully against plaintiffs' claims in this case, with all of the procedural and substantive rights afforded any defendant.

Finally, Plaintiffs' proposal does nothing to move the case beyond class certification. While arguing for unreasonably short timetables on class certification, Plaintiffs propose no end to discovery, and do not plan even to suggest a date for close of discovery until after the Track II ruling on class certification. In contrast, the Track II defendants propose a schedule for that would carry the case forward on a reasonable timetable and enable the Track II parties to move forward on summary judgment motions reasonably soon after the Track I summary judgment motions are decided, ensuring that the Track II aspect of the case does not languish, maintaining the integrity of the phased scheduling and maximizing the likelihood that the parties and the Court will benefit from any decisions made on the Track I summary judgment motions.

Respectfully submitted,

THE TRACK II DEFENDANTS

By: /s/ Steven F. Barley

Frank A. Libby, Jr. (BBO No. 299110)
Douglas S. Brooks (BBO No. 636697)

- 3 -

Kelly, Libby & Hoopes, P.C.
175 Federal Street, 8th Floor
Boston, Massachusetts  02110
Telephone:  (617) 338-9300
Facsimile:  (617) 338-9911

Joseph H. Young
Steven F. Barley
Jane Ann R. Neiswender
Hogan & Hartson L.L.P.
111 S. Calvert St., Suite 1600
Baltimore, Maryland  21202
Telephone:  (410) 659-2700
Facsimile:  (410) 539-6981

Attorneys for Amgen Inc.

*And on behalf of Defendants:*

Abbott Laboratories
Aventis Pharmaceuticals Inc.
Aventis Behring L.L.C.
Hoechst Marion Roussel, Inc.
Bayer Corporation
Baxter International, Inc.
Baxter Healthcare Corp.
Dey, Inc.
Fujisawa Health Care, Inc.
Fujisawa USA, Inc.
Immunex Corporation
Novartis Pharmaceuticals Corporation
Pfizer Inc.
Pharmacia Corporation
Pharmacia & Upjohn, Inc.
Sicor, Inc., f/k/a Gensia, Inc.
Gensia Sicor Pharmaceuticals Inc.
TAP Pharmaceutical Product, Inc.
Together Rx LLC
Watson Pharmaceuticals, Inc.

Dated: March 8, 2005

- 5 -

## CERTIFICATE OF SERVICE

I certify that on March 8, 2005, a true and correct copy of the foregoing Track II Defendants' Reply to Plaintiffs' Response to the Track II Defendants' Motion For Entry Of Proposed Case Management Order No. 13 was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

/s/ Steven F. Barley
Steven F. Barley