UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | Judge Patti B. Saris |
| | Chief Magistrate Judge Marianne B. Bowler |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AND FOR FINDING THAT DOCUMENTS AND TESTIMONY RELATED TO ASTRAZENECA'S PRICING, MARKETING AND SALES OF ITS PRODUCTS ARE NOT PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE AND OPPOSITION TO ASTRAZENECA'S CROSS-MOTION FOR A PROTECTIVE ORDER**

## INTRODUCTION

In its Response in Opposition to Plaintiffs' Motion to Compel and in Support of its Cross-Motion for a Protective Order ("Response"), AstraZeneca ("AZ," "AstraZeneca," or "Defendant") hides behind a blanket assertion of the attorney-client privilege and ignores its well-established burden of demonstrating the existence of the attorney-client privilege, whether in regards to the deposition testimony of Stuart Fullerton ("Fullerton"), the testimony of other non-lawyer witnesses regarding business-related communications with AZ's lawyers, documents reflecting any in-house lawyer's communications, or documents related to the pricing, marketing, and sales of AZ's products. Rather than even feign an effort to comply with this burden, AstraZeneca asks this Court to improperly shift its burden to Plaintiffs to show that unspecified communications are not privileged.

Moreover, AZ has not advised the Court that, contrary to the position taken in its Response that *all* Mr. Fullerton's communications are protected by the attorney-client privilege, at depositions taken since Plaintiffs' Motion was originally filed, AZ's National Sales Director

for Managed Markets, Nick Harsh, testified that he has had discussions with Fullerton that had nothing to do with litigation (and yet counsel instructed him not to answer any further questions). Mr. Harsh further testified that he had discussions with at least one other in-house attorney, Bob Shaughnessy, on business processes. AZ's counsel not only instructed Mr. Harsh not to testify regarding those discussions, but further instructed Mr. Harsh not to answer whether he had discussions with *any* other in-house attorneys regarding business processes. *See* Transcript of deposition of Nicholas Harsh ("Harsh dep."), at 55-57, 127-135, Ex. A [filed under seal].

AZ's attempts to shield discoverable information related to its pricing decisions from disclosure – simply because its in house lawyers were in some way involved in the business aspects of those decisions -- must be rejected. Accordingly, Plaintiffs' Motion to Compel and for Finding that Documents and Testimony Related to AstraZeneca's Pricing, Marketing, and Sales of its Products are not Protected by the Attorney Client Privilege ("Plaintiffs' Motion") should be granted, and AZ's Cross-Motion should be denied.

## ARGUMENT

AZ's Response and Cross-Motion for Protective Order must fail. First, its Cross-Motion should be denied because AZ has not established that it would be an undue burden to produce Fullerton for his deposition, but instead merely claims that *everything* he would say is privileged. Similarly, AZ has failed to meet its burden of demonstrating that the specific documents and communications it seeks to withhold are indeed privileged.

Second, AZ has not, nor can it, show that the relevant communications made by Fullerton or any in-house attorney are privileged because the privilege does not apply to the testimony and

2

documents it is refusing to provide. Third, AZ has made no attempt to prove the applicability of the common-interest doctrine to the communications it seeks to protect.[1]

Finally, rather than using its Response to establish - or to claim that it has already established - the applicability of the privileges it claims, AZ instead criticizes Plaintiffs for allegedly failing to meet their burden of establishing the applicability of the crime-fraud exception. Response, at 5-6, 8, 9, 18-25. AZ's convenient turnabout puts Plaintiffs in an impossible situation. AZ has failed to show how the attorney-client privilege applies to all possible testimony and every document related to in-house counsel, and has instructed other deponents not to answer questions regarding Fullerton's or any other in-house attorney's business advice that concerns the fraud that is the focus of this lawsuit. *See* Freeberry dep., at 104-07; Harsh dep., at 127-135. Despite this, AZ seeks to blame Plaintiffs from being unable to ascertain something from nothing.

In fact, Plaintiffs have ascertained that AZ is shielding from disclosure business-related advice from attorneys and communications where no attorney is present. As set forth in Plaintiffs' Motion, AstraZeneca has improperly cloaked its entire 2002 decision-making and reporting process with respect to AWPs under the attorney-client privilege. AstraZeneca has even extended its assertion of the privilege to non-lawyers' discussions with their staff regarding AZ's decisions. *See* Plaintiffs' Motion, at 4-6. Such blatantly overbroad assertions of the privilege must not be countenanced.

---

[1] While this doctrine could shield certain communications from discovery, simply asserting that this doctrine applies – which AZ has done in its Response - is patently insufficient to meet AZ's burden of proving that otherwise discoverable communications should be withheld from discovery.

I. **AZ HAS NOT ESTABLISHED THAT IT WOULD BE AN UNDUE BURDEN TO PRODUCE FULLERTON FOR HIS DEPOSITION; THEREFORE, ASTRAZENECA'S CROSS-MOTION FOR A PROTECTIVE ORDER SHOULD BE DENIED**

AZ has cross-moved for a Protective Order, which, without any legal support, simply asks this Court to prohibit "Plaintiffs from taking the deposition of Mr. Fullerton." Response, at 16. In the first instance, AZ's motion is too late. Fullerton's deposition was noticed, but AZ did not move for a protective order preventing the deposition, as it was required to do. *See* Fed. R. Civ. P. 26(c). Nor did AZ move for a protective order to prevent Plaintiffs from inquiring into certain matters or limit the scope of Fullerton's deposition. Fed. R. Civ. P. 26(c)(4). Instead, Fullerton just refused to appear. Further, even if AZ's motion were timely, this Court should not even consider AZ's Cross-Motion because AZ has not made *any* showing of good cause that it needs protection from "annoyance, embarrassment oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c).

AZ's Cross-Motion should further be denied because it has failed to cite substantive law in support of its Cross-Motion. AZ cannot cite any such law because "[t]he Federal Rules of Civil Procedure do not prohibit the deposition of a party's attorney." *Kraiman v. Georgia-Pacific Corp*, No. 90-4299, 1991 U.S. Dist. LEXIS 1614, at **3-4 (E.D. Pa. Feb. 7, 1991) (denying defendant's motion for a protective order and permitting Plaintiffs to depose defendant's in-house counsel on specific topics). Indeed, protective orders preventing the deposition a party's attorney are rarely granted. *Id.*

Remarkably, AZ claims that the attorney-client privilege applies to *everything* to which Fullerton will hypothetically testify in response to Plaintiffs' questions. However, AZ's refusal to produce Fullerton or his documents not only makes AZ's representation about Plaintiffs' questions mere speculation, but it also denies this Court a basis upon which to enter a protective

4

order in the first instance. The proper course of conduct is to permit the deposition of Fullerton to go forward. If appropriate, AZ can object to his responding to specific questions on the basis of the attorney-client privilege. At that point, Defendant can "articulate the basic rationale for asserting the privilege" in regards to specific issues, which the parties can then bring to this Court for resolution if necessary. *See Moloney v. U.S.*, 204 F.R.D. 16, 21 (D. Mass. 2001) (quoting with approval 6 *Moore's Federal Practice*, § 26.90[1] (Matthew Bender 3d ed.)). At this juncture, AZ's gamesmanship is preventing the issues from becoming ripe.

## II. ASTRAZENECA HAS NOT DEMONSTRATED THAT IT WOULD BE AN UNDUE BURDEN TO PROVIDE A PRIVILEGE LOG FOR DOCUMENTS IT SEEKS TO WITHHOLD FROM DISCOVERY

AZ makes the half-hearted claim that "a privilege log would be unduly burdensome given the exceptionally broad nature of Plaintiffs' document requests." Response, at 3 n. 2. However, AZ grossly overstates its burden pursuant to the document requests, as Plaintiffs only seek discovery of documents that are responsive to the discrete topics found in Schedule A to Fullerton's Notice of Deposition. AZ is obligated to produce these documents, or comply with its obligations under Rule 26(b)(5) for any documents that AZ considers to be privileged by providing Plaintiffs with a log of these documents that will enable Plaintiffs to assess the applicability of the privilege.

Even if AZ found Plaintiffs' limited requests to be unduly burdensome, AZ has once again failed demonstrate any undue burden. Merely claiming the production of a privilege log is an "undue burden" does not make it so. Under this Circuit's authority interpreting Rule 26(c), AZ must set forth *specific* and *identifiable* expenses and burdens that would result from responding to Plaintiffs' discovery requests. *See, e.g., In re Puerto Rico Elec. Power Auth.*, 687 F.2d 501, 507 (1st Cir. 1982). AZ has not even attempted to meet this burden.

## III. ASTRAZENECA'S ARGUMENTS RELATING TO THE APPLICABILITY OF THE ATTORNEY-CLIENT PRIVILEGE ARE UNPERSUASIVE

In addition to failing to meet *its* burden of establishing the applicability of the attorney-client privilege, AZ's arguments that the privilege applies in a wholesale fashion to any conversations or documents relating to AZ's 2002 pricing decisions fail. None of the reasons AZ has posited in support of obstructing Plaintiffs' right to depose Fullerton, to obtain testimony regarding business related conversations with AZ's other in-house attorneys, or to obtain documents regarding pricing, marketing and sales of AZ's products have any merit.

### A. AstraZeneca Has Not Established That The Common Interest Exception Applies

AstraZeneca claims that the common-interest exception (also referred to as the joint-defense doctrine) applies to every communication Fullerton had with other co-Defendants. This mere assertion, however, is insufficient. AZ must show for every document that: (1) the communications were made in the course of a joint defense; (2) the statements were designed to further the effort; and (3) the underlying privilege has not been waived. *Ken's Foods, Inc. v. Ken's Steak House, Inc.*, 213 F.R.D. 89, 93 (D. Mass. 2002) (citing *United States v. Bay State Ambulance & Hosp. Rental Serv. Inc.*, 874 F.2d 20, 28 (1st Cir. 1989)). A mere blanket assertion of the common-interest exception, such as that found in paragraph 11 of Fullerton's Declaration, is not enough. Nor has AZ established that it agreed to engage in a joint effort and keep the shared information confidential, which is also its burden. *Id.* In short, AZ has failed to demonstrate that even one document, much less all of them, are subject to the common-interest doctrine.

## B.  AstraZeneca Has Waived Any Privilege That May Have Existed By Virtue of Its Affirmative Defenses

Even if this Court finds that the communications in question are privileged, any protection that may have existed has been waived because AZ placed these "privileged" communications at issue with its affirmative defenses. AZ's arguments to the contrary have no merit.

AZ argues, in a footnote, that the balancing test used by courts to decide whether a waiver has occurred weighs in its favor. Response, at 14 n.7. According to this balancing test, courts consider whether the benefit to be gained from disclosure outweighs the resulting injury to the attorney-client relationship. *Standard Chartered Bank v. Ayala Int'l Holdings, Inc.*, 111 F.R.D. 76, 84-85 (S.D.N.Y. 1986). Courts also consider the relevance of the materials sought, the availability of other sources for the information, and whether the presumptively valid interest in maintaining confidentiality outweighs any need for disclosure. *Beck, Inc.*, 2004 U.S. Dist. LEXIS 12128, at *3-4.

AstraZeneca ignores several factors used in this balancing test. Instead, it simply concludes that it has a presumptively valid interest in preserving confidentiality of privileged communications, and that it should not be forced to choose between raising certain affirmative defenses and waiving its privilege. Response, at 14-15 n.7. AZ's arguments are inconsequential, as *every* party has a presumptively valid interest in maintaining confidentiality, and the concept of waiver hinges on the principle that a party *should* be forced to choose between preserving confidentiality and raising certain defenses. In cases such as this, where AZ has chosen to forego confidentiality by raising certain affirmative defenses, waiver is appropriate.

This conclusion is bolstered upon consideration of *all* factors of the balancing test, each of which weighs strongly in favor of Plaintiffs: AZ has shielded non-privileged business

7

information relating to pricing, sales, and marketing from discovery; AZ has refused to permit Fullerton's deposition to go forward; AZ has refused to allow its witnesses to testify regarding communications they had with AZ's in-house counsel on pricing issues; AZ's own affirmative defenses hinge upon Fullerton's advice; this information is critical to Plaintiffs' case, as Fullerton (and likely other AZ attorneys) was directly involved in the decision to stop reporting AWPs to publishers in 2002; and Plaintiffs have no other way to gain access to this critical business advice. Therefore, the by raising affirmative defenses that put Fullerton's "privileged communications" at issue, AZ has waived any privilege that may have applied.

### C.  Plaintiffs Have Demonstrated That the Crime-Fraud Exception Vitiates Any Privilege That May Exist Regarding the Communications Sought by Plaintiffs

AZ's Response criticizes Plaintiffs for purportedly failing to meet their burden to establish the applicability of the crime-fraud exception. There are several flaws with AstraZeneca's argument. First, AstraZeneca has not upheld its burden of establishing the applicability of the attorney-client privilege, and has therefore disabled Plaintiffs from making the showing they would if the communications and information were properly described.

Second, AZ's Response faults Plaintiffs for failing to point to one of the "many documents on AstraZeneca's privilege log pertaining to legal advice from Mr. Fullerton…that [Plaintiffs] believe fall[s] into the crime-fraud exception." Response, at 9-10. AZ makes this argument after admitting that "entries relating to Mr. Fullerton on AstraZeneca's existing privilege log reflect privileged communications found in the possession of other individuals," and does not include any "privileged document in Mr. Fullerton's possession." Response, at 3 n.2. Indeed, it would be impossible for Plaintiffs to pinpoint certain entries in AZ's privilege logs that implicate Fullerton's role in the alleged fraud because these entries are extremely

8

vague.[2] The majority of the documents referring to Fullerton are described as relating to the generic topics of: "pricing," "sales," "knowledgeable persons," "drug pricing," "marketing," among others. Thus, though AZ has provided wholly inadequate descriptions of the Fullerton-related documents it has added to its privilege logs, it criticizes Plaintiffs for failing to cite to specific communications identified on those logs. AZ cannot have it both ways.

Third, despite AZ's unpersuasive arguments, Plaintiffs' evidence in support of the applicability of the crime-fraud exception is sufficient to show that Fullerton was involved in conduct that is directly related to the alleged fraud perpetrated by AZ. Plaintiffs therefore ask this Court to conduct an *in camera* review of the documents in question.

## IV. AZ HAS PROVIDED NO BASIS TO REFUSE PLAINTIFFS THE RELIEF THEY HAVE REQUESTED

Because AstraZeneca has failed to provide a basis for their refusal to comply with Plaintiffs' discovery requests, Plaintiffs are entitled to: (1) a deposition of Fullerton; (2) to have AZ's deponents respond to questions regarding their business-related conversations with AZ's other in-house attorneys; and (3) a privilege log reflecting every document that is being withheld along with a description that is sufficient for Plaintiffs to assess the applicability of the relevant privilege, or, in the alternative, an *in camera* review of those documents.

WHEREFORE Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Compel and for Finding that Documents and Testimony Related to AstraZeneca's Pricing, Marketing, and Sales of its Products are not Protected by the Attorney Client Privilege and deny AstraZeneca's Cross-Motion for a Protective Order, and all other relief that this Court deems just and proper.

---

[2] Plaintiffs note that the parties are currently conferring regarding the blatant inadequacies of AZ's privilege log. However, those inadequacies are not before this Court at this time.

9

Dated: March 10, 2005

Respectfully submitted,

By: /s/ Jennifer F. Connolly

Thomas M. Sobol
Edward Notargiacomo
**HAGENS BERMAN SOBOL SHAPIRO LLP**
One Main Street, 4th Floor
Cambridge, MA 02142

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Elizabeth A. Fegan
**HAGENS BERMAN SOBOL SHAPIRO LLP**
60 W. Randolph
Suite 200
Chicago, Illinois 60601

Samuel Heins
Brian Williams
**HEINS MILLS & OLSON, PC**
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Jeff Kodroff
John Macoretta
**SPECTOR, ROSEMAN & KODROFF, PC**
Market Street, Suite 2500
Philadelphia, PA 19103

**CHAIRS OF LEAD
COUNSEL COMMITTEE**

Kenneth A. Wexler
Jennifer Fountain Connolly
**THE WEXLER FIRM LLP**
One North LaSalle, Suite 2000
Chicago, Illinois 60602

Marc H. Edelson
Allan Hoffman
**HOFFMAN & EDELSON**
45 West Court Street
Doylestown, PA 18901

## CERTIFICATE OF SERVICE BY VERILAW

Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on March 10, 2005, I caused copies of Reply In Support Of Plaintiffs' Motion To Compel And For Finding That Documents And Testimony Related To AstraZeneca's Pricing, Marketing And Sales Of Its Products Are Not Protected By The Attorney-Client Privilege And Opposition To AstraZeneca's Cross-Motion For A Protective Order to be served on all counsel of record by causing same to be posted electronically via Verilaw.

Dated: March 10, 2005

Jennifer Fountain Connolly

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

**Exhibit A to Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel and for Finding that Documents and Testimony Related to AstraZeneca's Pricing, Marketing and Sales of its Products Are Not Protected by the Attorney-Client Privilege and Opposition to AstraZeneca's Cross-Motion for a Protective Order**

### FILED UNDER SEAL

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle, Suite 2000
Chicago, Illinois 60602