**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 146 CIVIL ACTION: 01-CV-12257 PBS |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) | **Request for Oral Argument** |

**CLASS PLAINTIFFS' MOTION FOR SANCTIONS BASED ON DEFENDANTS' SUBMITTAL OF SUR-REPLY DECLARATION OF STEVEN J. YOUNG**

1534.16 0174 MTN.DOC

Class plaintiffs move this Court for an order imposing sanctions for the filing of the Sur-Reply Declaration of Steven J. Young.

Mr. Young's sur-reply declaration and attachments contain 98 pages of text, almost all of it directed at a subject he only briefly touched on in his original declaration, reimbursement for physician-administered drugs. His sur-reply is in effect a dumping of a complete set of new material to re-do what he failed to accomplish the first time. Plaintiffs' motion to strike the Young sur-reply declaration filed on March 10, 2004 addresses why this tactic should not be permitted and demonstrates a host of infirmities with this declaration under Fed. R. Evid. 702.

This motion addresses a more serious problem arising from Young's filing. The basis for all of Young's opinions set forth in his sur-reply declaration is his purported review of discovery, since Young has admitted that he has no experience in the physician-reimbursement area. To render the opinions he did, Young had to (1) ignore evidence available to him that contradicted each point he made, (2) omit material evidence that contradicted opinions he offered, and (3) fail to provide the Court with post-filing material that contradicts his opinions. As demonstrated in the accompanying memorandum, these distortions and omissions are pervasive and were either deliberate or recklessly made.

As a result of this manipulation of the evidence, both the Court and Dr. Berndt have had their deliberations infected by a misleading record presented by defendants' lead expert. Accordingly, sanctions are appropriate and should include:

1. All of Young's submissions should be stricken in their entirety, as should any reference to Young in any other submission filed by a defendant or other witness. The defendants should be reordered to re-file their briefs and expert declarations in a redacted form that redacts out any citation to Young or material derived from Young's opinions.

2. Young should be barred from serving as an expert in this case.

3. Attorneys' fees and costs should be awarded for responding to Young's sur-reply.

4. Dr. Berndt's report should be sanitized of all references to Young's materials.

In further support of this motion, the class plaintiffs submit: (i) Class Plaintiffs' Memorandum in Support of Motion to Strike Declaration of Steven J. Young; and (ii) Rebuttal Declaration of Dr. Raymond S. Hartman In Response to Sur-Reply Declaration of Steven J. Young.[1]

### RULE 7.1(A)(2) CERTIFICATION

Pursuant to L.R. D. Mass. 7.1(A)(2), the undersigned counsel hereby certifies that the MDL plaintiffs' class counsel have conferred with counsel for defendants in connection with this motion and have attempted in good faith to resolve or narrow the issues involved.

### REQUEST FOR ORAL ARGUMENT

The defendants' submission of Young's sur-reply, which has served to taint the class certification proceeding, raises serious issues which plaintiffs believe are worthy of oral argument.

DATED: March 14, 2005

By  /s/ Steve W. Berman
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
    David Nalven (BBO#547220)
    Hugh McNeely
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

---

[1] Filed on March 10, 2005.

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm, LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

    I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **CLASS PLAINTIFFS' MOTION FOR SANCTIONS BASED ON DEFENDANTS' SUBMITTAL OF SUR-REPLY DECLARATION OF STEVE J. YOUNG** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on March 14, 2005, a copy to Verilaw Technologies for Posting and notification to all parties

    By **/s/ Steve W. Berman**
    Steve W. Berman
    **HAGENS BERMAN SOBOL SHAPIRO LLP**
    1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
    (206) 623-7292

1534.16 0174 MTN.DOC