# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 |  |

### TRACK 1 DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR EMERGENCY MOTION TO EXTEND THE DEADLINE FOR SUBMITTING OPPOSITIONS TO PLAINTIFFS' MOTIONS (1) TO STRIKE THE SUR-REPLY DECLARATION OF STEVEN J. YOUNG AND (2) FOR SANCTIONS

The Track 1 defendants (hereinafter "defendants")[1] respectfully request that the deadlines for responding to plaintiffs' motions (i) to strike the sur-reply declaration of Steven Young and (ii) for sanctions, be extended until Thursday, April 7, 2005.

Defense expert Steven Young's sur-reply in opposition to class certification was filed on January 21, 2005. No provision was made by the Court for "sur-sur-replies." Nevertheless, at the February 10, 2005 hearing on plaintiffs' motion for class certification, counsel for plaintiffs stated that the plaintiffs intended to submit a motion directed at aspects of Mr. Young's sur-reply. (Tr. at 22-23.)

---

[1] The Track 1 defendants are AstraZeneca Pharmaceuticals LP, the BMS Group, SmithKline Beecham Corporation d/b/a GlaxoSmithKline, the Johnson & Johnson Group and the Schering-Plough Group.

No motion came for a month. Then, on March 10, 2005, the plaintiffs moved to strike Mr. Young's sur-reply in its entirety. Plaintiffs' motion was accompanied by a 15-page memorandum; a new 22-page expert declaration from Dr. Hartman; and some 80 pages of tables, charts, contract excerpts, and other exhibits. The motion submitted wholly new material, made new and different arguments, and attacked again the reports of Mr. Young. Four days later, the plaintiffs filed a second motion, together with a 16-page memorandum, that, with great hyperbole and unfounded accusations of "dishonesty," asks the Court to sanction the defendants for submitting Mr. Young's sur-reply.

Defendants' responses to these procedurally improper motions will demonstrate that they have no merit. Indeed, the new information submitted only buttresses Mr. Young's conclusions. However, plaintiffs filed their motions on dates that meant that the defendants' oppositions would be due during or shortly after Spring school vacations for much of the country and during the Easter holidays. Defendants' response to the motion to strike is currently due on Thursday, March 24, 2005 (the Thursday before Easter), and defendants' response to plaintiffs' sanctions motion is due on Monday, March 28, 2005 (one day after Easter).

Before the motions arrived, many defense counsel and their clients had already made plans to spend Easter week and/or Spring Break with their families. Most significantly, Mr. Young, whose expert opinions are the subject of plaintiffs' two motions, was out of town on Spring Break with his family when the motions were served and did not return until March 21, 2005. Due to Mr. Young's unavailability and the holidays, defendants asked the plaintiffs on March 16, 2005 to consent to extend the deadline for responding to plaintiffs' two motions.

Plaintiffs' counsel refused. At first, plaintiffs' counsel stated that the plaintiffs would not agree to an extension under any circumstances because the "[C]ourt is reading material infected

by [Mr. Y]oung as was [Dr. B]erndt." Email from Steve Berman to D. Scott Wise (10:55 a.m. 3/16/2005). Later, plaintiffs' counsel advised that the plaintiffs would not agree to an extension unless the defendants joined plaintiffs in asking the Court to refrain from reading the portions of Dr. Berndt's report that rely on Mr. Young's sur-reply declaration until the Court has considered the plaintiffs' motions. Defendants rejected this transparent effort by plaintiffs to coerce defendants into lending credibility to plaintiffs' baseless accusations against Mr. Young and Dr. Berndt. Defendants thus were forced to file this motion for an extension of time.

### Argument

Rule 6 of the Federal Rules of Civil Procedure authorizes district courts "for cause shown" to enlarge the deadline for responding to a motion whenever the request is filed before the prescribed deadline. *See* Fed. R. Civ. P. 6(b). "Rule 6 has been liberally construed by the federal courts," Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1161, and district courts are "ceded considerable discretion in the rule's application." *Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4, 6 (1st Cir. 1990). Trial courts accordingly have "wide discretion to grant a request for additional time that is made prior to the expiration of the period originally prescribed." Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1165; *cf. United States v. One White 1987 Tempest Sport Boat*, 726 F. Supp. 7 (D. Mass. 1989) ("Rule 6(b)(2) is ordinarily given liberal interpretation in granting extensions of time before the period to act has elapsed, so long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions is not abused") (emphasis and citation omitted).

There is ample cause for granting defendants' request for a short extension to file their oppositions to plaintiffs' two motions.

First, defendants require the additional time to assemble a thorough response to plaintiffs' lengthy submissions. The plaintiffs have filed 30-plus pages of legal memoranda, a lengthy new expert declaration, and many charts, tables and other documents. Those papers include serious factual allegations, including allegations of sanctionable conduct and deliberate misrepresentations by Mr. Young. Those allegations are unfounded, but they will demand a thorough point-by-point response. The fact that Mr. Young, defendants' expert witness whose testimony the plaintiffs have sought to strike, has been out of town until yesterday has made it impossible for defendants to provide an appropriate response in the time normally provided. The requested extension will permit the defendants to review the relevant documents, consult with Mr. Young, and provide the Court with a full record for deciding the motions.

Second, extending the deadline will not prejudice the plaintiffs. Mr. Young's sur-reply has been on file since January 21. By February 10, the plaintiffs had already informed the Court that they planned to file a motion directed at Mr. Young's sur-reply. The plaintiffs nevertheless waited until March 10 to file their motions – after Dr. Berndt's report was filed and *seven weeks* after receiving Mr. Young's sur-reply. Having chosen to wait for seven weeks to file their motions, the plaintiffs cannot reasonably claim that they will be prejudiced if the defendants are granted a fraction of that time to respond.[2]

---

[2] Defendants believe it is presumptuous and inappropriate for plaintiffs, under the guise of a prejudice argument, to seek to tell the Court what portions of Dr. Berndt's report the Court can and cannot read at this time. Plaintiffs efforts are yet another step in their campaign to undermine the opinions of Dr. Berndt, the Court's independent expert. Apparently not satisfied with their allotted 20-page Memorandum criticizing the findings of Dr. Berndt -- whom the plaintiffs themselves nominated and recommended to be the Court's independent expert -- they are now crying prejudice and seeking to have the Court refrain from considering parts of his report by shifting their attack to Mr. Young. Defendants will address these issues in detail in their opposition papers.

## CONCLUSION

The Track 1 defendants respectfully request that the deadlines for responding to plaintiffs' motions (i) to strike Steven Young's sur-reply and (ii) for sanctions, be extended until Thursday, April 7, 2005.

Respectfully submitted,

THE TRACK 1 DEFENDANTS

By:_/s/_Seth B. Kosto_____
Geoffrey E. Hobart
Seth Kosto
Holland & Knight LLP
10 St. James Ave.
Boston, MA  02116

Mark H. Lynch
Ronald G. Dove, Jr.
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004-7566

Frederick G. Herold
Dechert LLP
975 Page Mill Road
Palo Alto, CA  94304-1013

*Attorneys for SmithKlineBeecham Corp.*
*d/b/a GlaxoSmithKline*

Nicholas C. Theodorou
Lucy Fowler
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA  02110

D. Scott Wise
Michael Flynn
Kimberley Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

*Attorneys for AstraZeneca Pharmaceuticals LP*

        Steven M. Edwards
        Lyndon M. Tretter
        Hogan & Hartson, LLP
        875 Third Avenue, Suite 2600
        New York, NY 10022

        *Attorneys for the Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., Apothecon, Inc.*

        William F. Cavanaugh, Jr.
        Andrew D. Schau
        Erik Haas
        Patterson, Belknap, Webb & Tyler LLP
        1133 Avenue of the Americas
        New York, NY 10036 6710

        *Attorneys for the Johnson and Johnson Group*

        John T. Montgomery
        Steven Kaufman
        Ropes & Gray LLP
        One International Place
        Boston, MA 02110

        *Attorneys for Schering-Plough Corp. and Warrick Pharmaceuticals Corp.*

Dated:   March 22, 2005

## Certificate of Service

I hereby certify that on March 22, 2005, I caused a true and correct copy of Track 1 Defendants' Memorandum In Support Of Their Emergency Motion To Extend The Deadline For Submitting Oppositions To Plaintiffs' Motions (1) To Strike The Sur-Reply Declaration Of Steven J. Young and (2) For Sanctions, to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 by posting on Verilaw.

                                        /s/ Seth B. Kosto_____
                                        Seth Kosto