# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) | 
| | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | Judge Patti B. Saris |

**PLAINTIFFS' OPPOSITION TO TRACK 1 DEFENDANTS' EMERGENCY MOTION TO EXTEND THE DEADLINE FOR SUBMITTING OPPOSITION TO PLAINTIFFS' MOTIONS TO (1) STRIKE THE SUR-REPLY DECLARATION OF STEVE J. YOUNG, AND (2) FOR SANCTIONS**

On January 21, 2005, defendants filed a 20-page sur-reply in opposition to class certification. Accompanying this sur-reply was a massive filing by defendants' principal expert, Steven J. Young ("Young"), consisting of a 98-page declaration, 35 additional pages of text, and 100-plus pages of charts, supplemented with 20 pages of binders.

After preparing for class certification, plaintiffs then spent hundreds of hours[1] analyzing Young's materials and reached several disturbing conclusions: (1) Young has distorted the record to support his conclusions; (2) he misstated evidence; (3) ignored evidence located a few bates numbers away from pages he cited; and (4) failed to account for newly produced material that contradicts the conclusions in his submission. Based on these distortions, he offered

---

[1] Defendants' claim their motion is warranted due to the time it took plaintiffs to file the sanctions motion. The time lag was caused by (1) the huge volume of material submitted by Young, and (2) the number of misrepresentations and omissions he made. Plaintiffs worked as hard and as fast as possible to wade through this material. Any time lag created by the volume and complexity of the fraud is not a basis for granting defendants' motion.

- 1 -

conclusions that are plainly false, one of which — that physicians are not reimbursed based upon AWP — is a centerpiece to defendants' opposition to the physician-administered class.

As a result of plaintiffs' discovery of Young's fraud on the court, plaintiffs moved for sanctions. This discovery is even more disturbing as it was clear that Dr. Berndt read and relied upon Young's distortions, and this Court is no doubt reviewing submissions based on Young's deceitful opinions. Plaintiffs believe that Young's transgressions warrant sanctions, including the striking from consideration by the Court all materials he has submitted and any citations to them in defendants' briefs and Dr. Berndt's report.

Though we have accommodated defendants' requests for additional time on every prior occasion, plaintiffs cannot do so here for the following reasons: (1) Young's materials have poisoned the truthful and just consideration of the class motion and removal of that taint cannot be delayed; (2) the issues are not complex — Young either is guilty or not — he either ignored evidence or he did not; and (3) plaintiffs offered a reasonable alternative. Namely, plaintiffs offered to agree to an extension if defendants would stipulate to simply ask the Court to withhold further consideration of the class motion to the extent opinions and factual matters relating to Young are cited, until this critical threshold issue was resolved. Defendants refused.

Defendants claim that plaintiffs will not be prejudiced by this motion. The opposite is true — every day that the tainted materials are before the Court creates prejudice.

Having created this situation, and having refused a fair interim measure, defendants' motion should be denied.

| | |
|---|---|
| DATED:  March 22, 2005 | By  /s/ Steve W. Berman<br>Thomas M. Sobol (BBO#471770)<br>Edward Notargiacomo (BBO#567636)<br>Hagens Berman Sobol Shapiro LLP<br>One Main Street, 4th Floor<br>Cambridge, MA  02142<br>Telephone: (617) 482-3700<br>Facsimile: (617) 482-3003<br>**LIAISON COUNSEL** |

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

- 4 -

        Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR PLAINTIFFS**

1534.16 0178 MTN.DOC

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **PLAINTIFFS' OPPOSITION TO TRACK 1 DEFENDANTS' EMERGENCY MOTION TO EXTEND THE DEADLINE FOR SUBMITTING OPPOSITION TO PLAINTIFFS' MOTIONS TO (1) STRIKE THE SUR-REPLY DECLARATION OF STEVE J. YOUNG, AND (2) FOR SANCTIONS** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on March 22, 2005, a copy to Verilaw Technologies for Posting and notification to all parties

By       **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292