UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | )<br>)  MDL NO. 1456<br>)<br>)  CIVIL ACTION: 01-CV-12257-PBS<br>) |
| THIS DOCUMENT RELATES TO:<br>ALL CLASS ACTIONS | )  Judge Patti B. Saris<br>)<br>) |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT GLAXOSMITHKLINE, INC. TO PRODUCE DEPOSITION WITNESSES**

Pursuant to Fed. R. Civ. P. 37, plaintiffs hereby move to compel defendant GlaxoSmithKline, Inc. ("GSK") to produce witnesses in response to Plaintiffs' Notice of Deposition dated February 9, 2005 (Ex. 1), certain former employee address information, and long-overdue documents to be used in connection with three of the depositions.  The February 9, 2005 Notice called for the deposition of 23 current and former GSK employees on full and half-days between March 1 and March 23, 2005.   Plaintiffs make this motion because, to date, *GSK has not offered a single date for a single witness.*

GSK has ignored the Court's scheduling order.  CMO no. 10 paragraph II.7 states:

> A party shall provide a "three week deposition notice" under which such party provides at least 21 days notice for a proposed deposition.  A responding party may suggest an alternative date no later than seven working days from the original notice.  The parties shall confer in good faith.  Any motion for a protective order shall be filed at least five working days before the scheduled deposition; any response shall be filed within two working days.

Following service of the February 9, 2005, counsel for plaintiffs and GSK spoke on several occasions concerning scheduling.  Plaintiff counsel stated that scheduling these deposition was their top priority and that they would offer maximum flexibility on dates.  Except

for two witnesses, GSK agreed to provide dates.  Weeks passed since the initial conversation, however, and GSK offered no dates.

With the period available for discovery passing, on March 21, 2004, plaintiffs wrote GSK requesting dates for 10 of the 23 witnesses, most of whose depositions were scheduled for half-days, during the month of April (Ex.2).  Specifically, plaintiffs asked GSK to produce five witnesses, all of whose depositions had been noticed on February 9, 2005, during the period April 4, 2005 through April 14, 2005, and five more during the week beginning April 25, 2005.  (Plaintiffs asked for these depositions to be scheduled during this week because these witnesses live on the west coast, and counsel will be on the west coast that week because GSK selected a date during that week for the deposition of one of its former employees in San Francisco.)

Plaintiffs also asked GSK to provide the last known addresses of any former employees it was unable to schedule for deposition, and to complete the production of field staff call note database – production of which was promised by last December – one week prior to the depositions of three of the witnesses.

In a letter dated March 23, 2005 (Ex. 3), complaining of insufficient notice, GSK objected.  GSK disregarded plaintiffs' service of the deposition notice under Fed. R. Civ. P. 30 six weeks earlier and follow-up offers and commitments to work out dates.  GSK also did not provide the addresses of former employees it does not represent.  GSK also ignored the request for completion of the call note database.  And, to top it off, GSK, again, *did not offer a single date for a single witness*.  Instead, GSK stated vaguely that it would call "with an update on our scheduling efforts on March 29."

This is the *fifth* motion to compel plaintiffs have made against GSK in the last four months.  Plaintiffs have withdrawn or agreed to continue each of these motions because GSK,

2

while refusing in each case to comply voluntarily, reluctantly met its obligations *after* motions were filed.  GSK should not be permitted to continue to avoid its discovery obligations through manipulation of the discovery and motion process.

WHEREFORE, for the foregoing reasons, plaintiffs respectfully request that the Court order GSK to:

A.  Schedule the depositions of Annette Shautz, Noreen Kaim, Scott Obershain, James Chamberland, and Mike Gueno during the two-week period April 4, 2005 through April 14, 2005.

B.  Schedule the depositions of Claudia Cox, Dan Dinette, Rick Panian, James Pinter, and Mark Levonyak during the week of April 25, 2005.

C.  Complete production of GSK's call note database, as promised by GSK in December, one week prior to the depositions of Annette Shautz, Noreen Kaim, and Scott Obershain;

D.  Provide the last known address of any GSK former employee whose depositions GSK has been unable to schedule as of today so that they may be served with process.

Respectfully submitted,

By **/s/ David Nalven**
Thomas M. Sobol
David S. Nalven
Edward Notargiacomo
Hagens Berman Sobol Shapiro LLP
One Main Street
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*LIAISON AND CO-LEAD COUNSEL*

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Kenneth A. Wexler & Associates
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel Heins
Brian Williams
Heins, Mills & Olson, P.C.
700 Northstar East
608 Second Avenue South
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

CO-LEAD COUNSEL

Dated: March 24, 2005

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Docket No. MDL 1456

I hereby certify that I have conferred and attempted in good faith to narrow the issues with opposing counsel set forth herein.

                                              /s/ David S. Nalven

Dated: March 24, 2005

## CERTIFICATE OF SERVICE

Docket No. MDL 1456

I, David S. Nalven, hereby certify that I am one of plaintiffs' attorneys and that, on March 24, 2005, I caused copies of Plaintiffs' Motion to Compel Defendant GlaxoSmithKline to Produce Deposition Witnesses to be served via VeriLaw on all counsel of record.

                                              /s/ David S. Nalven

Dated: March 24, 2005

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL NO. 1456 ) |
| | ) CIVIL ACTION: 01-CV-12257-PBS ) |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | ) Judge Patti B. Saris ) ) |

## NOTICE OF DEPOSITION OF GSK EMPLOYEES

TO ALL COUNSEL OF RECORD VIA VERILAW:

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, plaintiffs will take the deposition upon oral examination of the following persons. The depositions will take place at the offices of Hagens Berman LLP, One Main Street, Cambridge, Massachusetts, 02142 on the dates listed below, and will continue from day to day thereafter until completed.

The depositions will be taken before a notary public or another officer authorized by law to administer oaths. You are invited to attend and participate.

| | | |
|---|---|---|
| Annette Shautz | March 1, 2005 | 9:00 a.m. |
| Noreen Kaim | March 1, 2005 | 1:00 p.m. |
| Scott Obershain | March 2, 2005 | 9:00 a.m. |
| James Chamberland | March 2, 2005 | 1:00 p.m. |
| Claudia Cox | March 3, 2005 | 9:00 a.m. |
| Dan Dinette | March 3, 2005 | 1:00 p.m. |
| Rick Panian | March 4, 2005 | 9:00 a.m. |
| James Pinter | March 4, 2005 | 1:00 p.m. |

| | | |
|---|---|---|
| Mike Gueno | March 7, 2005 | 9:00 a.m. |
| David Robinson | March 7, 2005 | 1:00 p.m. |
| Mark Levonyak | March 8, 2005 | 9:00 a.m. |
| Jeff Holland | March 8, 2005 | 1:00 p.m. |
| Rocco Verniglio | March 9, 2005 | 9:00 a.m. |
| John DiNapoli | March 10, 2005 | 9:00 a.m. |
| Rich Connell | March 11, 2005 | 9:00 a.m. |
| Kevin Lokay | March 14, 2005 | 9:00 a.m. |
| Mark Sayler | March 15, 2005 | 9:00 a.m. |
| Christopher Carney | March 16, 2005 | 9:00 a.m. |
| Adrianna Carter | March 17, 2005 | 9:00 a.m. |
| Ursula Bartels | March 18, 2005 | 9:00 a.m. |
| Ashok Chainani | March 21, 2005 | 9:00 a.m. |
| Charles Flannery | March 22, 2005 | 9:00 a.m. |
| Stephen Stefano | March 23, 2005 | 9:00 a.m. |

Respectfully submitted,

By  **/s/ David S. Nalven**
Thomas M. Sobol
David S. Nalven
Edward Notargiacomo
Hagens Berman LLP
One Main Street
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

2

Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*LIAISON AND CO-LEAD COUNSEL*

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Kenneth A. Wexler & Associates
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel Heins
Brian Williams
Heins, Mills & Olson, P.C.
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

CO-LEAD COUNSEL

Dated: February 9, 2004

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice Of Rule 30(B)(6) Deposition was served on February 9, 2004, upon all counsel of record electronically by Verilaw.

                                                By:   **/s/ David S. Nalven**
                                                    David S. Nalven
                                                    Hagens Berman LLP
                                                    One Main Street, 4th Floor
                                                    Cambridge, MA 02142

# EXHIBIT 2

**HAGENS BERMAN
SOBOL SHAPIRO LLP**

hagens-berman.com
ONE MAIN STREET • CAMBRIDGE, MA 02142
(617) 482-3700 • FAX (617) 482-3003

DAVID S. NALVEN
(617) 475-1953
davidn@hbsslaw.com

March 21, 2005

BY FAX

Geoffrey E. Hobart, Esq.
Mark D. Seltzer, Esq.
Matthew J. O'Connor, Esq.
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

Thomas H. Lee II, Esq.
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793

Re: In Re Pharmaceutical Industry AWP Litigation
MDL No. 1456

Dear Counsel:

On February 9, 2005, plaintiffs noticed the depositions of numerous current and former GSK employees, and invited GSK to produce the witnesses on the dates noticed or on other dates within the overall range of dates identified. While the Court's extension of the discovery deadline relieved the parties of the requirement to conclude discovery this month, it did not relieve defendants of the obligation to comply with the deposition notice response periods set forth in CMO no. 10. Plaintiffs have been flexible in accommodating the scheduling requests of the GSK's witnesses and counsel, but at this point nearly six weeks have passed and GSK has not proposed a single date for a single witness on the February 9, 2005 notice.

With this background in mind, plaintiffs hereby demand that GSK produce the following individuals for deposition during the period April 4, 2005 through April 14, 2005.

- Annette Shautz
- Noreen Kaim
- Scott Obershain
- James Chamberland
- Mike Gueno

Geoffrey E. Hobart, Esq.
Mark D. Seltzer, Esq.
Matthew J. O'Connor, Esq.
Thomas H. Lee II, Esq.
March 21, 2005
Page 2

Plaintiffs demand as well that by one week before the dates of the Shautz, Kaim, Obershain depositions, defendants complete production of GSK's call note data base.

Plaintiffs further demand that GSK produce the following individuals for deposition during the week beginning April 25, 2005 (these are west coast witnesses -- this is the week GSK has selected for the deposition of Carl Pelzel in San Francisco).

- Claudia Cox
- Dan Dinette
- Rick Panian
- James Pinter
- Mark Levonyak

If plaintiffs do not receive dates for the depositions of current GSK employees by Wednesday, March 24, 2005, plaintiffs will move. If GSK is unable to schedule dates for the depositions of former employees by Wednesday, March 24, 2005, please provide last known work and home addresses and plaintiffs will contact the former employees directly.

Following up on GSK's March 16, 2005 letter, plaintiffs cannot take the rule 30(b)(6) deposition through John Hopewell on April 6, 2005. Plaintiffs request that GSK produce Mr. Hopewell on a day adjacent to the day GSK selects for the deposition of Mark Levonyak (both Seattle).

This also confirms that the deposition of Mike Yassick will take place on April 15, 2005 in RTP and the deposition of Carl Pelzel will take place on April 28, 2005.

I believe plaintiffs have proven themselves to be more than willing to work with GSK on the administration of discovery and will continue to do so. I have spoken to one or more of you about plaintiffs intention to move steadily ahead with depositions and about plaintiffs' desire for deposition dates. I remain available to confer at any time. However, plaintiffs cannot allow the dates of these depositions to slip any farther.

Thanks very much.

Very truly yours,

David S. Nalven

# EXHIBIT 3

# Holland+Knight

Tel 617 523 2700
Fax 617 523 6850

Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
www.hklaw.com

March 23, 2005

Matthew J. O'Connor
617-619-9217
matthew.oconnor@hklaw.com

**VIA FACSIMILE ONLY (617-482-3003)**

David Nalven, Esq.
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA 02142

> Re:  In Re Pharmaceutical Industry Average Wholesale Price
>      Litigation, MDL No. 1456

Dear David:

I am writing in response to your letter of March 21, 2005.

In your February 17th letter, you stated: "[p]laintiffs prefer to complete the 30(b)(6) depositions and the depositions of Messrs. Yasick, Pelzel, DeVinney, Francovitch, and Newman before proceeding to the depositions noticed on February 9, 2005 . . . ." In our March 14th telephone conversation, you requested dates for Messrs. Yasick, Pelzel and Robinson (noticed February 9th and GSK's 30(b)(6) designee), while also mentioning that we should begin discussing scheduling the depositions noticed on February 9th. In our March 14th call, with the exception of Mr. Robinson, you did not request dates for any other deponent noticed on February 9th. We have offered dates for all of the deponents who you specifically referenced in our March 14th call[1] and you declined the April 6th date for the 30(b)(6) deposition of John Hopewell.

As we have done consistently throughout this litigation, we will work as quickly as possible to schedule the current and former employee depositions referenced in your letter of March 21st. However, your "demand" to schedule ten depositions on two or three days notice (depending on the date you intended in your letter) after you twice prioritized, and were given dates for, other depositions, is unrealistic and unreasonable. Filing any motion to compel while GSK's scheduling efforts are ongoing, and in the wake of the Court's four month extension of discovery, would be premature and in violation of plaintiffs' duty to confer in good faith under LR. 7.1(A)(2) and 37.1(A).

---

[1] Yassick: April 15th; Pelzel: April 28th; Robinson: May 10th.

Annapolis • Atlanta • Bethesda • Boston • Bradenton • Chicago • Fort Lauderdale • Jacksonville • Lakeland • Los Angeles
Miami • New York • Northern Virginia • Orlando • Portland • Providence • Rancho Santa Fe • St. Petersburg • San Antonio
San Francisco • Seattle • Tallahassee • Tampa • Washington, D.C. • West Palm Beach
Beijing • Caracas* • Helsinki* • Mexico City • Rio de Janeiro • São Paulo • Tel Aviv* • Tokyo • *Representative Office

David Nalven, Esq.
March 23, 2005
Page 2

I will contact you with an update on our scheduling efforts on March 29th. Please do not hesitate to contact me if you have any questions in the meantime.

Sincerely,

Matthew J. O'Connor

cc: Geoffrey Hobart, Esq.
Mark Seltzer, Esq.
Thomas H. Lee, II, Esq.
Mark Lynch, Esq.

# 2712756_v1