UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. NO. 1456 |
| THIS DOCUMENT RELATES TO: | Civil Action No. 01-CV-12257-PBS |
| *County of Suffolk v. Abbott Laboratories, Inc., et al.,* E.D.N.Y. Case No. CV-03-229 | Judge Patti B. Saris |

**COUNTY OF SUFFOLK'S MOTION TO RENEW ITS SECOND MOTION TO COMPEL THE PRODUCTION OF DISCOVERY FROM THE SCHERING-PLOUGH CORPORATION**

Plaintiff the County of Suffolk County hereby renews its Motion to Compel the Production of Discovery from the Schering-Plough Corporation (the "Original Motion," attached hereto at Exhibit A). The Original Motion, served January 20, 2005, sought entry of an order directing Schering-Plough Corporation ("Schering") to produce to Suffolk all discovery produced by Schering in the matter styled *The State of Texas ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Warrick Pharmaceuticals, et al.*, No. GV002327, venued in the District Court of the 53rd Judicial District, Travis County, Texas (the "Texas Action"). Suffolk originally sought the production of these documents through its Third Request for Production of Documents, served on Schering back in November of 2004. The requested materials are highly relevant to the instant proceeding. The Texas Action alleged, *inter alia*, that Schering, it subsidiary Warrick and others reported false and inflated wholesale pricing information to the Texas Medicaid program. Schering settled the claims in the Texas Action for $27 million in May of 2004. *See* Exhibit A at 3.

## I. Background of the Original Motion

Suffolk served its Original Motion on January 20, 2005. *See* Exhibit A. Schering responded on January 25, 2005. *See* Exhibit B. Oral argument took place on January 27, 2005. At that time, counsel for another defendant in this proceeding, Aventis Pharmaceuticals, asked that "defendants be allowed to consider [the Original Motion] and perhaps file something on record to protect their interest and make sure everybody is on the same playing field." *See* January 27, 2005 Hearing Transcript at 36, attached hereto as Exhibit C.

Thereupon, the Court denied Suffolk's Original Motion without prejudice, in order to permit any party wishing to respond to the Original Motion 14 days to file such. Exhibit C at 43. No party has filed anything; hence this motion to renew.

## II. Suffolk's Original Motion Should Be Granted Because Schering Does Not and Can Not Offer Any Legitimate Protest To Suffolk's Request For Production Of The Schering Texas Documents

The Original Motion should be granted for three reasons. One, Schering concedes that it produced documents in the Texas Action, and produced some of those documents to the plaintiffs in the MDL. *See* Exhibit C at 32. Schering can certainly identify these documents to Suffolk. Two, Schering does not contest Suffolk is entitled to production from it. *Id.* Three, Suffolk has made repeatedly plain that Schering documents are all Suffolk seeks from the Texas Action at this juncture. *See* Exhibit A at 3; Exhibit C at 34. The point was re-emphasized by Suffolk counsel at oral argument.

> . . . [In the context of this document request and motion to compel, Suffolk seeks only] documents produced by Schering [in the Texas Action] which exist. Schering deposition transcripts [from the Texas Action], which exist. The Texas AG has those documents identified as Schering documents and those transcripts identified as Schering witnesses. [Suffolk is] not looking for anything that stamped with a Warrick Bates number at

2

this time. [We are] talking about Schering Documents and Schering Witnesses. Exhibit C at 34.

Schering claims burden but the claim is belied by the fact that Schering knows full well what it produced in the Texas case (*see* Exhibit B at 2) and, even if it did not, Suffolk has offered to sign on to the Texas Protective Order to obtain the Schering discovery directly from the Texas AG. See Exhibit A at 2.

Schering also states that "[t]here were no claims in [the Texas Action] that Schering did anything wrong with respect to any of its drugs." Exhibit C at 32. The assertion is demonstrably false. The State of Texas sought recovery for drugs manufactured by both Schering and Warrick and Schering paid $27 million to settle that case. *See* Exhibit A at 3.

Finally, as to the potential concerns expressed by Aventis' Counsel, the absence of any response by any other party to the Court's invitation to weigh in on the matter makes plain there are none.

Thus, Suffolk renews its motion for entry of the attached proposed order directing Schering to produce to Suffolk documents, testimony (including but not limited to deposition and hearing transcripts), communications, and expert reports as requested in Suffolk's Third Request for Production. Suffolk further moves for an order prohibiting Schering from opposing Suffolk's petition to become a party to the protective order in the Texas Action if such is necessary. For the court's convenience, a second copy of Suffolk's proposed order is annexed hereto as Exhibit D.

3

Dated: March 30, 2005

                Respectfully submitted,

                KIRBY McINERNEY & SQUIRE, LLP

                By: _____
                      Joanne M. Cicala
                      Aaron D. Hovan
                      Michael B. Coons
                830 Third Avenue
                New York, N.Y. 10022
                (212) 371-6600

                COUNSEL FOR PLAINTIFF THE COUNTY OF SUFFOLK

## Certificate of Service

I certify that on March 30, 2005 a true and correct copy of the foregoing County Of Suffolk's Motion To Renew its Second Motion To Compel The Production Of Discovery From The Schering-Plough Corporation was served on all Counsel of Record by electronic service pursuant to Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

_____
Michael B. Coons