UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
IN RE: PHARMACEUTICAL INDUSTRY        )
AVERAGE WHOLESALE PRICE               )   MDL NO. 1456
LITIGATION                            )
_____)      CIVIL ACTION: 01-CV-12257-PBS
                                          )
THIS DOCUMENT RELATES TO:             )   Judge Patti B. Saris
ALL CLASS ACTIONS                     )
_____)

## DEFENDANT GLAXOSMITHKLINE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF RULE 30(b)(6) WITNESSES

Defendant SmithKline Beecham Corporation, d/b/a GlaxoSmithKline ("GSK"), respectfully submits this memorandum in opposition to Plaintiffs' Motion to Compel Defendant GlaxoSmithKline, Inc. to Produce Rule 30(b)(6) Witnesses ("Motion to Compel"). Simply put, plaintiffs' Motion to Compel should be denied because it lacks the one essential element of a motion to compel: an impasse between the parties. Plaintiffs already have taken two depositions pursuant to the 30(b)(6) notice and GSK has offered deposition dates for three additional designees, only one of which plaintiffs have scheduled. GSK has also expressly offered to provide additional witnesses if, after taking these five depositions, plaintiffs feel that additional testimony is required.

This is one of five motions to compel filed by plaintiffs in the last four months, all of which were served during active discovery negotiations. Rather than withdrawing the motion without prejudice unless or until a true disagreement arises, plaintiffs are attempting to condition the withdrawal of their unnecessary motion upon GSK's compliance with a series of requirements not contemplated by the Federal Rules of Civil Procedure. The Motion to Compel is thus part of a pattern to harass GSK and gain perceived leverage. GSK respectfully requests

that the Court reject this effort by denying plaintiffs' Motion to Compel as GSK has already offered all of the relief that plaintiffs seek.

## FACTUAL BACKGROUND

On December 9, 2005, plaintiffs served upon GSK a 30(b)(6) deposition notice that plaintiffs described as seeking information "concerning the training, management and reporting practices of GSK sales representatives" who sold Zofran and Kytril.[1]  (Motion to Compel, p. 2.) Although plaintiffs' 30(b)(6) notice purported to require compliance by December 30, 2004, consistent with discussions between the parties and CMO 10's 45 day compliance requirement, GSK produced its first witness on January 20, 2005.[2]  (Affidavit of Matthew J. O'Connor ("O'Connor Aff."), submitted herewith, at ¶¶ 4-5.)  Plaintiffs were under no illusion that one or two witnesses could provide all of the testimony required under the subject notice.  GSK informed plaintiffs from the outset that multiple deponents would be necessary to discuss *sales training, management and supervision* practices for *two products* over the course of *fourteen years* covered by the deposition notice, during which at least *three corporate mergers* and *much natural employee attrition* had occurred involving GSK and its predecessor entities.  (*Id.*, ¶ 3.)

After the January 20 deposition, consistent with the need to produce multiple witnesses to cover the broad time period and subject matter of the notice, GSK continued working to identify witnesses with relevant knowledge, both among current and former employees.  (*Id.*, ¶ 6.) Throughout this period, discussions with plaintiffs counsel were ongoing and GSK informed plaintiffs of its efforts to identify witnesses for the subject 30(b)(6) notice as well as other noticed depositions.  (*Id.*, Exs. 1, 2 and 3.)  Indeed, on February 3, counsel for GSK called to

---

[1] Prior to the 2000 merger between Glaxo Welcome ("GW") and SmithKlineBeecham ("SKB") that formed GSK, GW sold Zofran, and SKB sold Kytril.  SKB divested Kytril immediately prior to the merger.

[2] GSK's first witness, Scott Friedly, a current GSK employee who served as a Zofran sales trainer in the 2001-2002 time period.

2

update plaintiffs' counsel on GSK's efforts to identify heritage SKB witnesses and sent an email to plaintiffs' counsel with a status update and requested a return call. (*Id.*, ¶ 7, Ex. 4.) Plaintiffs' counsel quickly acknowledged the update via email on February 3 and, within minutes of that response, served GSK via Verilaw with the Motion to Compel.[3] (*Id.,* ¶ 8, Ex. 4.)

Consistent with its email of the same day and its efforts to resolve this matter amicably, on February 3, GSK identified its second 30(b)(6) witness, Charles Flannery, who was deposed by plaintiffs on February 10.[4] (*Id.*, ¶ 9, Ex. 5.) Since the filing of the Motion to Compel, the parties have had regular communications and GSK has offered three additional witnesses to testify pursuant to the 30(b)(6) notice and has proposed deposition dates.[5] (*Id.*, ¶ 10, Exs. 7, 8 and 9.) To date, plaintiffs have confirmed only one deposition, declined another so as to schedule subsequent depositions, and have not responded to multiple requests to confirm the third. (*Id.*, ¶ 11.) In recognition of GSK's ongoing cooperation, plaintiffs agreed to extend the time for GSK's filing of a response to this motion on three occasions.

In light of the fact that GSK has now offered five separate deponents to testify pursuant to the 30(b)6) notice, while pledging to offer other witnesses if plaintiffs feel additional testimony is required, on March 31, 2005, GSK requested that plaintiffs withdraw the Motion to Compel without prejudice to re-filing if the parties reach an impasse. (*Id.*, ¶ 12, Exs. 9 and 11 .)

---

[3] On the same day, plaintiffs filed two additional motions to compel: Plaintiffs' Motion to Compel Defendant GlaxoSmithKline, Inc. to Produce Documents in the Manner Required by Rule 34(b); and Plaintiffs' Motion to Compel Defendant GlaxoSmithKline, Inc. to Produce Transactional Data. On March 1, plaintiffs withdrew the motion with respect to the transactional data after conferring with GSK's counsel and reaching an accommodation. Today, the parties agreed for the fourth time to extend the period for GSK's response to plaintiffs' motion concerning Rule 34(b) as the parties continue their discussions on the matter. Plaintiffs filed their first motion to compel on December 23, 2004 and later withdrew it after the parties reached agreement as to the subject matter of the motion. Plaintiffs most recent motion to compel, dealing with the provision of deposition dates related to a February 9, 2005 deposition date, is still pending.

[4] Mr. Flannery testified about the supervision of Kytril sales representatives at SKB.

[5] The three additional witnesses are: (1) David Robinson, a former GW employee who served as the Director of Oncology Sales, which included Zofran, from approximately 1996-1998; (2) John Hopewell, a current GSK employee who served as a Zofran sales trainer from approximately 1998-1999; and (3) John Constantine, a current GSK employee who is generally knowledgeable about Kytril sales training during the period 1994-2000.

3

Notwithstanding the fact that the parties have been engaged in an active dialogue and that the Court recently extended the discovery deadline to August 31, 2005, plaintiffs refused to withdraw the motion unless GSK agreed to make several disclosures not required by the Federal Rules of Civil Procedure concerning one of the designees.[6]  (*Id.*, ¶ 13, Exs. 10 and 12.)  Although plaintiffs' requests were overbroad and could have impinged upon GSK's attorney-client and work product privileges, GSK attempted to accommodate plaintiffs' requests by providing the general areas to which the deponents would testify, the deponents' relevant job titles and the dates in which they held those positions.  (*Id.*, Ex. 11.)  Plaintiffs refused to withdraw the Motion to Compel and, reluctantly, GSK has been forced to respond and bring this matter before the Court.

## ARGUMENT

### A. Plaintiffs' Motion to Compel Should be Denied Because it Was Filed Prematurely And the Parties Have Not Subsequently Reached An Impasse.

Plaintiffs' Motion to Compel should be denied because it was filed prematurely under the Federal and Local Rules of Civil Procedure and, even post-filing, the parties never reached an impasse necessitating the intervention of the Court.  Prior to filing a motion to compel, Fed. R. Civ. P. 37(2)(A) requires certification that:  "the movant has in good faith conferred . . . with the party not making the disclosure *in an effort to secure the disclosure without court action*."  (emphasis added).  A motion to compel is appropriate only "if disputed issues are not resolved" through the meet and confer process.  LR, D. Mass. 37.1(B).

The interactions between the parties refute any claim by plaintiffs that, as of the date of filing of this motion, the parties had concluded their efforts to confer in good faith and that GSK

---

[6] By letter dated March 30, and reaffirmed by letter of March 31, plaintiffs requested that GSK provide the exact specification numbers under the 30(b)(6) notice as to which Mr. Robinson would testify, the years his testimony would cover, the steps GSK took to assure Mr. Robinson is a "bona fide designee" and the steps Mr. Robinson is taking to prepare for his deposition.

4

would not produce 30(b)(6) witnesses without Court intervention.  Prior to filing this motion, GSK had already produced its first witness, Scott Friedly, and plaintiffs knew that other deponents would be necessary to cover the breadth of the 30(b)(6) notice.  As recently as the day plaintiffs filed this motion, GSK contacted plaintiffs, provided a written status update and requested a teleconference.  Rather than complying with their duty to confer in good faith <u>prior</u> to filing the motion by calling GSK's counsel and attempting to understand the status of witness identification, plaintiffs filed this motion.

      Plaintiffs' claim of an impasse between the parties is further weakened by the efforts of GSK to cooperate with plaintiffs over the last few weeks.  On the very day this motion was filed, GSK identified another witness to testify on its behalf and that deposition has now been concluded.  GSK has also offered three additional witnesses to testify on its behalf and identified dates on which they were available.  To date, plaintiffs have only confirmed the date for one of these witnesses.  Moreover, GSK has not stated that these are the only witnesses it will produce.  To the contrary, by letter of March 31, GSK indicated its willingness to work with plaintiffs to provide additional witnesses should plaintiffs deem that necessary after taking the three outstanding depositions.  In that same letter, GSK noted its concern that this issue was simply not ripe for review by the Court given the currently outstanding depositions.

      With two depositions completed, three more to be completed, and GSK's pledge to produce additional witnesses if necessary, there simply are no substantive issues in need of resolution by this Court.  One party may not simply declare an impasse because the process of identifying witnesses to events that occurred up to 14 years ago is taking longer than either party might have hoped.  *See Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 101 (D. Mass. 1996) (fact that one party "considered the entire matter to be at an impasse" did not absolve the party from the

meet and confer requirements of the Federal and Local Rules). It is the parties' duty to resolve issues such as this without burdening the Court. *Id.* at 101 (Purpose of LR, D. Mass. 37.1 "is to enable the parties to attempt to narrow, if not resolve, their dispute. ***It is not up to the Court to expend its energies when the parties have not sufficiently expended their own***." (emphasis added)). By working with plaintiffs, GSK has attempted to do just that by offering plaintiffs the very relief they claim to seek through this motion. In the absence of an actual dispute, plaintiffs' Motion to Compel should be denied without prejudice to re-filing at a later date.

**B.   Plaintiffs' Motion to Compel Should Be Denied Because GSK Has Complied With Fed. R. Civ. P. 30(b)(6).**

GSK's designation of five witnesses to testify on its behalf satisfies its obligations under Fed. R. Civ. P. 30(b)(6) to "designate one or more officers, directors, managing agents, or other persons . . . . [to] testify to matters known or reasonably available to the organization." Given the fourteen year period at issue, the breadth of the subject matter and the multi-company heritage of GSK, it is simply not realistic that one or two people could have sufficient knowledge or could be adequately educated to fully respond to plaintiffs' Rule 30(b)(6) notice. GSK has made a good faith effort to identify individuals to cover the subject matter and time period set forth in the notice. Plaintiffs should proceed with those depositions and the parties can then assess whether additional testimony is necessary, rather than demanding additional witnesses that may not be necessary for plaintiffs' purposes.

GSK provided plaintiffs with the general subject matter as to which the deponents will testify, the positions the deponents held and the approximate years which they will cover. To move the process forward with respect to one proposed witness, plaintiffs have taken the step of identifying the specific documents as to which they would like to obtain testimony and this process could be helpful in more efficiently moving this process forward with respect to all

witnesses. Contrary to plaintiffs' recent demands, however, GSK is under no obligation to offer additional precision as to the areas in which the witnesses will testify or to set forth the steps GSK took to identify witnesses or how the deponent will prepare for the deposition. *See* Fed. R. Civ P. 30(b)(6) (party "<u>may</u> set forth . . . the matters on which the person will testify." (emphasis added)). Although plaintiffs may wish to inquire as to some of this information at the deposition if it is non-privileged, it was not appropriate for plaintiffs to predicate withdrawal of their motion on the provision of that information as they did in their letter of March 30.[7] Given GSK's compliance with Rule 30(b)(6) and the ongoing dialogue between the parties as to this matter, plaintiffs Motion to Compel should be denied.

## CONCLUSION

For all of the foregoing reasons, plaintiffs' Motion to Compel should be denied.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), GSK hereby requests oral argument on Plaintiffs' Motion to Compel.

>
> Respectfully submitted,
>
> By **/s/ Geoffrey E. Hobart**
> Geoffrey E. Hobart (BBO# 547499)
> Mark D. Seltzer
> Matthew J. O'Connor
> Seth B. Kosto
> Holland & Knight LLP
> 10 St. James Avenue
> Boston, MA 02116
> Telephone: (617) 523-2700

---

[7] The parties' joint decision not to proceed with the January 21, 2005 deposition of GSK employee Ted Slack on January 21, 2005 does not change this analysis. Although GSK originally designated Mr. Slack pursuant to the subject 30(b)(6) notice, after further investigation, it became clear that given his work history, Mr. Slack would not be able to testify to the subject matter of interest to the plaintiffs. Rather than allowing this deposition to proceed without informing plaintiffs of Mr. Slack's background, GSK informed the plaintiffs of Mr. Slack's work history and responsibilities and plaintiffs decided not to proceed with the deposition given his lack of relevant knowledge. At that time, GSK's counsel stated that the company would continue its efforts to provide additional witnesses, which it has done.

Facsimile: (617) 523-6850

Frederick G. Herold
Dechert LLP
975 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 813-4930
Facsimile: (650) 813-4848

Thomas H. Lee II
Dechert LLP
4000 Verizon Tower
1717 Arch Street
Philadelphia, PA 19103-2793
Telephone:  (215) 994-2994
Facsimile: (215) 994-2222

Mark H. Lynch
Ethan M. Posner
Covington & Burling
1201 Pennsylvania Avenue
Washington, DC 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Dated:  April 1, 2005

*COUNSEL FOR*
 *SMITHKLINE BEECHAM CORP.,*
 *D/B/A GLAXOSMITHKLINE*

8

## CERTIFICATE OF SERVICE

Docket No. MDL 1456

I, Geoffrey E. Hobart, hereby certify that I am one of GSK' attorneys and that, on April 1, 2005, I caused copies of Defendant GlaxoSmithKline's Opposition to Plaintiffs' Motion to Compel Production of Rule 30(b)(6) Witnesses to be served via VeriLaw on all counsel of record.

                                **/s/ Geoffrey E. Hobart**

Dated:  April 1, 2005

# 2738684_v3