UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL NO. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS ) ) ) | Judge Patti B. Saris |

### AFFIDAVIT OF MATTHEW J. O'CONNOR IN SUPPORT OF DEFENDANT GLAXOSMITHKLINE, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF 30(b)(6) WITNESSES

1. I am an attorney representing the defendant GlaxoSmithKline ("GSK") in the above-entitled action. I offer this affidavit in support of GSK's Opposition to Plaintiffs' Motion to Compel Production of 30(b)(6) Witnesses ("Motion to Compel").

2. On December 9, 2005, Plaintiffs served upon GSK a Notice of 30(b)(6) Deposition of Defendant GlaxoSmithKline, Inc. Regarding Sales Representative Reporting and Management.

3. Following GSK's receipt of plaintiffs' 30(b)(6) notice, counsel for GSK had numerous oral and written (email and letters) discussions concerning witness identification and scheduling. In a December 22, 2004 teleconference in which I participated with my co-counsel, Geof Hobart, and plaintiffs' counsel, David Nalven, we informed Mr. Nalven that GSK would be forced to designate multiple witnesses given the breadth of the subject matter and the time period covered by the 30(b)(6) notice. We informed Mr. Nalven that our identification of witnesses was ongoing, and that we hoped to produce our first witnesses in mid-January 2005. Prior to concluding that call, we set up a teleconference to discuss the matter on January 4, 2005.

4. During a January 4, 2005 teleconference with Mr. Nalven, Geof Hobart informed Mr. Nalven that we were speaking to several potential witnesses and would shortly identify the dates and times for the first depositions. Shortly thereafter, GSK informed Mr. Nalven that Scott Friedly and Ted Slack would be GSK's first designees under the 30(b)(6). The dates for these depositions were confirmed by letter from Mr. Nalven to counsel for GSK on January 12, 2005.

5. Mr. Friedly was deposed on January 20, 2005. During the deposition of Mr. Friedly, I informed plaintiffs' counsel that I had concerns as to whether Mr. Slack, who was scheduled to testify on January 21, 2005, would have sufficient knowledge to testify as to the areas specified under the 30(b)(6) notice. I informed Mr. Nalven that I was to meet with Mr. Slack on the afternoon of the January 20 and that I would contact Mr. Nalven with more information. Later that afternoon, I contacted Mr. Nalven and described to him Mr. Slack's work history with GSK and GW. After discussing the areas of Mr. Slack's potential knowledge and plaintiffs' areas of inquiry, Mr. Nalven and I decided that it did not make sense to go forward with Mr. Slack's deposition. I informed Mr. Nalven that GSK would work to identify additional witnesses to supplement plaintiffs' deposition of Mr. Friedly.

6. After the January 20, 2005 deposition, GSK worked to identify current and former employees with knowledge responsive to the 30(b)(6) specifications. As evidenced by Exhibits 1-3 attached hereto, GSK regularly communicated to plaintiffs its efforts to identify witnesses for the subject 30(b)(6) notice as well as other noticed depositions. (Exhibits 1, 2 and 3).

7. On February 3, 2005, GSK's counsel, Thomas H. Lee II, called to update plaintiffs' counsel on GSK's efforts to identify heritage SKB witnesses to provide testimony relating to Kytril. As set forth in Exhibit 4 hereto, after making the call, Mr. Lee sent Mr.

Nalven an email containing a status update on the production of SKB heritage witnesses under the 30(b)(6) and requesting a return call. (Exhibit 4).

8. Plaintiffs' counsel quickly acknowledged the update via email on February 3 and, within minutes of that response, served GSK via Verilaw with the Motion to Compel. (Exhibit 4; Motion to Compel).

9. Consistent with GSK's efforts to designate appropriate witnesses, on February 3, GSK identified a second 30(b)(6) witness, Charles Flannery, who was deposed by plaintiffs on February 10 as a heritage SKB witness. (Exhibit 5).

10. Since the February 3 filing of plaintiffs' Motion to Compel, the parties have maintained a regular dialogue and GSK has offered three additional witnesses to testify pursuant to the 30(b)(6) notice: (1) David Robinson, a former GW employee who served as the Director of Oncology Sales, which included Zofran, from approximately 1996-1998; (2) John Hopewell, a current GSK employee who served as a Zofran sales trainer from approximately 1998-1999; and (3) John Constantine, a current GSK employee who is generally knowledgeable about Kytril sales training during 1994 to 2000 period. (Exhibits 7, 8, and 9).

11. To date, plaintiffs have confirmed only one deposition (Mr. Constantine), declined another (Mr. Hopewell) so as to schedule subsequent depositions and have not responded to multiple requests to confirm the third (Mr. Robinson).

12. After designating Messrs. Robinson, Hopewell and Constantine, GSK twice requested that plaintiffs withdraw the Motion to Compel and offered to produce additional witnesses in the event plaintiffs required additional testimony. (Exhibits 9 and 11).

13. Plaintiffs refused to withdraw their Motion to Compel even after GSK attempted to satisfy certain preconditions plaintiffs placed upon withdrawal of the motion. (Exhibits 10 and 12).

Signed under the pains and penalties of perjury this 1st day of April, 2005.

/s/ Matthew J. O'Connor

## CERTIFICATE OF SERVICE

Docket No. MDL 1456

I, Geoffrey E. Hobart, hereby certify that I am one of GSK' attorneys and that, on April 1, 2005, I caused copies of Affidavit of Matthew J. O'Connor in Support of Defendant GlaxoSmithKline's Opposition to Plaintiffs' Motion to Compel Production of Rule 30(b)(6) Witnesses to be served via VeriLaw on all counsel of record.

/s/ Geoffrey E. Hobart

# 2739146_v1