# EXHIBIT 1

## O'Connor, Matthew J (BOS - X79217)

**From:** David Nalven [davidn@hagens-berman.com]
**Sent:** Monday, January 24, 2005 4:46 PM
**To:** Matthew J. O'Connor (E-mail); Mark D. Seltzer (E-mail)
**Subject:** FW: Message from 6175232700



VoiceMessage (376
KB)

        Thank you for getting back to me this afternoon.  I am here if you can check
in this afternoon.  If not, please give me a time for tomorrow morning.
> -----Original Message-----
> From:    Unity Messaging System - UNITY1
> Sent:    Monday, January 24, 2005 3:31 PM
> To: David Nalven
> Subject:  Message from 6175232700
>
> >  <<VoiceMessage>>

# EXHIBIT 2

**O'Connor, Matthew J (BOS - X79217)**

| | |
|---|---|
| **From:** | O'Connor, Matthew J (BOS - X79217) |
| **Sent:** | Wednesday, January 26, 2005 1:55 PM |
| **To:** | 'David Nalven' |
| **Cc:** | Hobart, Geoffrey (BOS - X71419); Seltzer, Mark D (BOS - X71460) |
| **Subject:** | Training witness |

David-

I have not yet received the employment history on the witness I mentioned yesterday, but I am supposed to receive it by close of business.  Once I have reviewed it, I will call you tonight or first thing in the morning.  Thanks.

Matthew J. O'Connor
Holland + Knight LLP
10 St. James Avenue
Boston, MA  02116
matthew.oconnor@hklaw.com

(617) 619-9217 (direct)
(617) 523-6850 (fax)

www.hklaw.com

NOTICE:  This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed.  If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else.  If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence.  If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

# EXHIBIT 3

**O'Connor, Matthew J (BOS - X79217)**

| | |
|---|---|
| **From:** | David Nalven [davidn@hagens-berman.com] |
| **Sent:** | Friday, January 28, 2005 1:35 PM |
| **To:** | Thomas H. Lee II (E-mail) |
| **Cc:** | Geoffrey Hobart (E-mail); Matthew J. O'Connor (E-mail) |
| **Subject:** | FW: Message from 2159942994 |



VoiceMessage (188
KB)

        Thank you for your calls Wednesday evening and yesterday.  I was out of the office yesterday and am under severe deadline pressure today.

Will you please let me know by email:

1.   Who are the witnesses GSK proposes to satisfy the 30(b)(6) notice with respect to SB-heritage activities and what dates do you propose to schedule them?

2.   Are we set on Newman, Francovitch, and DiVinney and if so on the dates scheduled or on other dates?

3.   How do you plan to proceed with respect to plaintiffs' objections to the manner in which GSK has produced documents as described in my letter dated January 26, 2005?

Thanks very much.
> -----Original Message-----
> From:     Unity Messaging System - UNITY1
> Sent:     Thursday, January 27, 2005 2:37 PM
> To: David Nalven
> Subject:  Message from 2159942994
>
> >  <<VoiceMessage>>

# EXHIBIT 4

## O'Connor, Matthew J (BOS - X79217)

**From:**    David Nalven [davidn@hagens-berman.com]

**Sent:**    Thursday, February 03, 2005 12:05 PM

**To:**    Lee, Thomas; Geoffrey Hobart (E-mail); Matthew J. O'Connor (E-mail)

**Subject:** GSK Depositions

Thanks for your update on the 30(b)(6) witnesses.  At this time, my office is in the process of filing a motion to compel production of these witnesses.  I was hopeful that we could have avoided motion practice on this issue, and if we still can, that would be great.  Please let me know where we stand.

My office is also in the process of serving a motion to compel GSK to provide rule 34(b) information the kytr01 and kytr02 dcmts.  I am always glad to try to find a solution, but based on our most recent exchange of letters, this one seems irreconcilable.

With respect to Newman, the two dates you offered are dates for which we have already scheduled two witnesses: Giavaniello (2/11) definitely, Pelzel (2/17) tentatively.  Matt has stated that 2/17 is the only date in February that Pelzel is available.  As I told Matt and Geoff, I am leaving for one week of vacation the morning of 2/18, so 2/17 is not a great date for me to be in San Francisco; so if Pelzel is available the first week in March, I would like to move that depo and then can take Newman on 2/17.  Alternatively, if Giavaniello is available another day next week, we can take Newman on 2/11 and consider what to do with the POelzel date.  I would be grateful if the three of you talked and worked this out.

With DeVinney and Francovitch, the dates of 2/23 and 2/24 will not work.  As I stated in my letter accompanying the deposition notice, I need to complete these depositions before 2/17, and will do so on any date between now and then other than already taken up with a GSK deposition.  I understand that GSK does not have full control over DeVinney because he is retired, so if we need to push this to the first week of March, let's do that.  With Francovitch, please consider again whether 2/14 through 2/16 are available.  If not, pick a date not occupied with other GSK witnesses during the first week of March.

I will be identifying additional witnesses and dates today or tomorrow, but let's try to lock in what has already been noticed.

Thanks.

        -----Original Message-----
        **From:** Lee, Thomas [mailto:thomas.lee@dechert.com]
        **Sent:** Thursday, February 03, 2005 11:11 AM
        **To:** David Nalven
        **Subject:** GSK - Kytril Depositions

        David:

        I left you a voicemail message, but here is a summary of where we are on arranging depositions of the Kytril witnesses you have identified:

                1.    Sales Training (30(b)(6)):  We are still trying to find someone involved in Kytril sales training who is still with the company. I have a few more names to track down and will let you know once I have identified someone.

                2.    Sales Management (30(b)(6)):  I have a meeting this week at which I hope to be able to identify a sales management witness for Kytril. Again, I will let you know once I have identified someone.

                3.    David Newman:  David is available on 2/17. He may also be available on 2/11, but only until

4:00 p.m. that day.

    4.    Bill DeVinney:  Bill is retired and living in Florida. He can make himself available in Florida on 2/23 or possibly the week after.

    5.    Rich Francovitch is currently available on either 2/23 or 2/24.

Give me a call when you get a chance so that we can discuss these options. Thanks.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

# EXHIBIT 5

## O'Connor, Matthew J (BOS - X79217)

**From:**   David Nalven [davidn@hagens-berman.com]

**Sent:**   Thursday, February 03, 2005 8:11 PM

**To:**   Lee, Thomas; Geoffrey Hobart (E-mail); Matthew J. O'Connor (E-mail)

**Subject:** RE: GSK Depositions

Thanks for the update.

Can we schedule Giavaniello for 2/14 or 2/15? That would enable us to accomplish Flannery as 30(b)(6) on 2/10 and Newman on 2/11.

Also, I would like to go forward w Pelzel on 2/17, but it will take some arranging because of vacation plans -- I will need a couple of days to see whether I can work it out.

> -----Original Message-----
> **From:** Lee, Thomas [mailto:thomas.lee@dechert.com]
> **Sent:** Thursday, February 03, 2005 7:10 PM
> **To:** David Nalven; Geoffrey Hobart (E-mail); Matthew J. O'Connor (E-mail)
> **Subject:** RE: GSK Depositions
>
> David:
>
> In our telephone conversation of January 25, you specifically requested of me that GSK make available 30 (b)(6) witnesses as to (1) the sales training provided to reps promoting Kytril and (2) the supervision and management of the Kytril sales force. Since then I have been trying to identify appropriate witnesses for those two areas. I **have now spoken to Charlie Flannery,** and he is available to be deposed as a 30(b)(6) witness on the supervision and management of the Kytril sales force the afternoon of February 10 and/or the morning of February 11 here in Philadelphia. Let me know if those dates are agreeable to you. As I stated earlier, I am having difficulty finding someone who was involved in sales training on Kytril, which occurred many years ago, but have several leads that I am actively pursuing. In light of our ongoing efforts to cooperate in identifying deponents and scheduling these multiple depositions, I find your motion to compel to be premature, unnecessary and counter-productive.
>
> With respect to the three deponents you have specifically noticed regarding Kytril - Newman, DeVinney and Francovitch -, they are all, as outlined below, available in February although not all before the arbitrary date of February 17. As you suggested, I will check with DeVinney and Francovitch about their availability the first week in March.
>
> As always, if you would like to discuss these issues, please give me a call.
>
> Tom
>
>> -----Original Message-----
>> **From:** David Nalven [mailto:davidn@hagens-berman.com]
>> **Sent:** Thursday, February 03, 2005 12:05 PM
>> **To:** Lee, Thomas; Geoffrey Hobart (E-mail); Matthew J. O'Connor (E-mail)
>> **Subject:** GSK Depositions
>>
>> Thanks for your update on the 30(b)(6) witnesses. At this time, my office is in the process of filing a motion to compel production of these witnesses. I was hopeful that we could have avoided motion practice on this issue, and if we still can, that would be great. Please let me know where we stand.
>>
>> My office is also in the process of serving a motion to compel GSK to provide rule 34(b) information the kytr01 and kytr02 dcmts. I am always glad to try to find a solution, but based on our most recent

exchange of letters, this one seems irreconcilable.

With respect to Newman, the two dates you offered are dates for which we have already scheduled two witnesses: Giavaniello (2/11) definitely, Pelzel (2/17) tentatively.  Matt has stated that 2/17 is the only date in February that Pelzel is available.  As I told Matt and Geoff, I am leaving for one week of vacation the morning of 2/18, so 2/17 is not a great date for me to be in San Francisco; so if Pelzel is available the first week in March, I would like to move that depo and then can take Newman on 2/17.  Alternatively, if Giavaniello is available another day next week, we can take Newman on 2/11 and consider what to do with the POelzel date.  I would be grateful if the three of you talked and worked this out.

With DeVinney and Francovitch, the dates of 2/23 and 2/24 will not work.  As I stated in my letter accompanying the deposition notice, I need to complete these depositions before 2/17, and will do so on any date between now and then other than already taken up with a GSK deposition.  I understand that GSK does not have full control over DeVinney because he is retired, so if we need to push this to the first week of March, let's do that.  With Francovitch, please consider again whether 2/14 through 2/16 are available.  If not, pick a date not occupied with other GSK witnesses during the first week of March.

I will be identifying additional witnesses and dates today or tomorrow, but let's try to lock in what has already been noticed.

Thanks.

> -----Original Message-----
> **From:** Lee, Thomas [mailto:thomas.lee@dechert.com]
> **Sent:** Thursday, February 03, 2005 11:11 AM
> **To:** David Nalven
> **Subject:** GSK - Kytril Depositions
>
> David:
>
> I left you a voicemail message, but here is a summary of where we are on arranging depositions of the Kytril witnesses you have identified:
>
> 1.    Sales Training (30(b)(6)):  We are still trying to find someone involved in Kytril sales training who is still with the company. I have a few more names to track down and will let you know once I have identified someone.
>
> 2.    Sales Management (30(b)(6)):  I have a meeting this week at which I hope to be able to identify a sales management witness for Kytril. Again, I will let you know once I have identified someone.
>
> 3.    David Newman:  David is available on 2/17. He may also be available on 2/11, but only until 4:00 p.m. that day.
>
> 4.    Bill DeVinney:  Bill is retired and living in Florida. He can make himself available in Florida on 2/23 or possibly the week after.
>
> 5.    Rich Francovitch is currently available on either 2/23 or 2/24.
>
> Give me a call when you get a chance so that we can discuss these options. Thanks.
>
>
> This e-mail is from Dechert LLP, a law firm, and may contain information that is

confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

# EXHIBIT 6

## O'Connor, Matthew J (BOS - X79217)

**From:**   David Nalven [davidn@hagens-berman.com]
**Sent:**   Monday, February 07, 2005 3:20 PM
**To:**   Lee, Thomas; Geoffrey Hobart (E-mail); Matthew J. O'Connor (E-mail)
**Subject:** RE: GSK Depositions

I am prepared to begin with Falnnery as early as possible on Thursday.  As you know, I am traveling to No. Carolina Thursday night for Dean Giavaniello's deposition on Friday.

Please let me know when we can start so I can line up the court reporter and notify all counsel.

Thanks very much.

-----Original Message-----
**From:** Lee, Thomas [mailto:thomas.lee@dechert.com]
**Sent:** Monday, February 07, 2005 8:47 AM
**To:** David Nalven; Lee, Thomas; Geoffrey Hobart (E-mail); Matthew J. O'Connor (E-mail)
**Subject:** RE: GSK Depositions

I will check. Keep in mind that DeVinney will have to be taken in Florida so it may be ambitious or unrealistic to try to do all three that week.

-----Original Message-----
**From:** David Nalven [mailto:davidn@hagens-berman.com]
**Sent:** Monday, February 07, 2005 8:37 AM
**To:** Lee, Thomas; Geoffrey Hobart (E-mail); Matthew J. O'Connor (E-mail)
**Subject:** RE: GSK Depositions

can we also schedule Francovitch and DeVinney that week?

-----Original Message-----
**From:** Lee, Thomas [mailto:thomas.lee@dechert.com]
**Sent:** Monday, February 07, 2005 8:34 AM
**To:** David Nalven
**Subject:** RE: GSK Depositions

I will find out about Newman's availability that week.

-----Original Message-----
**From:** David Nalven [mailto:davidn@hagens-berman.com]
**Sent:** Monday, February 07, 2005 8:30 AM
**To:** Lee, Thomas; Geoffrey Hobart (E-mail); Matthew J. O'Connor (E-mail)
**Subject:** RE: GSK Depositions

Let's go forward with Flannery on 2/10 and Giavaniello on 2/11.

Can we schedule Newman for the week beginning February 28?

-----Original Message-----
**From:** Lee, Thomas [mailto:thomas.lee@dechert.com]
**Sent:** Monday, February 07, 2005 8:28 AM
**To:** David Nalven; Lee, Thomas; Geoffrey Hobart (E-mail); Matthew J.

O'Connor (E-mail)
**Subject:** RE: GSK Depositions

David:

Because of personal and professional plans of myself and the witnesses that
will have to be changed in order to accomodate your proposed schedule, I need
to know today whether or not you want to go forward with Flannery on the
afternoon of 2/10 and Newman on 2/11. Please let me know ASAP.

Tom

-----Original Message-----
**From:** David Nalven [mailto:davidn@hagens-berman.com]
**Sent:** Thursday, February 03, 2005 8:11 PM
**To:** Lee, Thomas; Geoffrey Hobart (E-mail); Matthew J. O'Connor (E-mail)
**Subject:** RE: GSK Depositions

Thanks for the update.

Can we schedule Giavaniello for 2/14 or 2/15?  That would enable us to
accomplish Flannery as 30(b)(6) on 2/10 and Newman on 2/11.

Also, I would like to go forward w Pelzel on 2/17, but it will take some
arranging because of vacation plans -- I will need a couple of days to see
whether I can work it out.

-----Original Message-----
**From:** Lee, Thomas [mailto:thomas.lee@dechert.com]
**Sent:** Thursday, February 03, 2005 7:10 PM
**To:** David Nalven; Geoffrey Hobart (E-mail); Matthew J. O'Connor
(E-mail)
**Subject:** RE: GSK Depositions

David:

In our telephone conversation of January 25, you specifically
requested of me that GSK make available 30(b)(6) witnesses as
to (1) the sales training provided to reps promoting Kytril and (2)
the supervision and management of the Kytril sales force. Since
then I have been trying to identify appropriate witnesses for those
two areas. I have now spoken to Charlie Flannery, and he is
available to be deposed as a 30(b)(6) witness on the supervision
and management of the Kytril sales force the afternoon of
February 10 and/or the morning of February 11 here in
Philadelphia. Let me know if those dates are agreeable to you. As
I stated earlier, I am having difficulty finding someone who was
involved in sales training on Kytril, which occurred many years
ago, but have several leads that I am actively pursuing. In light of
our ongoing efforts to cooperate in identifying deponents and
scheduling these multiple depositions, I find your motion to
compel to be premature, unnecessary and counter-productive.

With respect to the three deponents you have specifically noticed
regarding Kytril - Newman, DeVinney and Francovitch -, they
are all, as outlined below, available in February although not all

before the arbitrary date of February 17. As you suggested, I will check with DeVinney and Francovitch about their availability the first week in March.

As always, if you would like to discuss these issues, please give me a call.

                                    Tom

-----Original Message-----
**From:** David Nalven [mailto:davidn@hagens-berman.com]
**Sent:** Thursday, February 03, 2005 12:05 PM
**To:** Lee, Thomas; Geoffrey Hobart (E-mail); Matthew J. O'Connor (E-mail)
**Subject:** GSK Depositions

Thanks for your update on the 30(b)(6) witnesses.  At this time, my office is in the process of filing a motion to compel production of these witnesses.  I was hopeful that we could have avoided motion practice on this issue, and if we still can, that would be great.  Please let me know where we stand.

My office is also in the process of serving a motion to compel GSK to provide rule 34(b) information the kytr01 and kytr02 dcmts.  I am always glad to try to find a solution, but based on our most recent exchange of letters, this one seems irreconcilable.

With respect to Newman, the two dates you offered are dates for which we have already scheduled two witnesses: Giavaniello (2/11) definitely, Pelzel (2/17) tentatively.  Matt has stated that 2/17 is the only date in February that Pelzel is available.  As I told Matt and Geoff, I am leaving for one week of vacation the morning of 2/18, so 2/17 is not a great date for me to be in San Francisco; so if Pelzel is available the first week in March, I would like to move that depo and then can take Newman on 2/17.  Alternatively, if Giavaniello is available another day next week, we can take Newman on 2/11 and consider what to do with the POelzel date.  I would be grateful if the three of you talked and worked this out.

With DeVinney and Francovitch, the dates of 2/23 and 2/24 will not work.  As I stated in my letter accompanying the deposition notice, I need to complete these depositions before 2/17, and will do so on any date between now and then other than already taken up with a GSK deposition.  I understand that GSK does not have full control over DeVinney because he is retired, so if we need to push this to the first week of March, let's do that.  With Francovitch, please consider again whether 2/14 through 2/16 are available.  If not, pick a date not occupied with other GSK witnesses during the first week of March.

I will be identifying additional witnesses and dates today or tomorrow, but let's try to lock in what has already been noticed.

Thanks.

-----Original Message-----
**From:** Lee, Thomas
[mailto:thomas.lee@dechert.com]
**Sent:** Thursday, February 03, 2005 11:11 AM
**To:** David Nalven
**Subject:** GSK - Kytril Depositions

David:

I left you a voicemail message, but here is a
summary of where we are on arranging depositions
of the Kytril witnesses you have identified:

    1.    Sales Training (30(b)(6)):  We are still
trying to find someone involved in Kytril sales
training who is still with the company. I have a few
more names to track down and will let you know
once I have identified someone.

    2.    Sales Management (30(b)(6)):  I have a
meeting this week at which I hope to be able to
identify a sales management witness for Kytril.
Again, I will let you know once I have identified
someone.

    3.    David Newman:  David is available on
2/17. He may also be available on 2/11, but only
until 4:00 p.m. that day.

    4.    Bill DeVinney:  Bill is retired and living in
Florida. He can make himself available in Florida on
2/23 or possibly the week after.

    5.    Rich Francovitch is currently available on
either 2/23 or 2/24.

Give me a call when you get a chance so that we
can discuss these options. Thanks.

This e-mail is from Dechert LLP, a law firm,
and may contain information that is confidential
or privileged. If you are not the intended
recipient, do not read, copy or distribute the e-
mail or any attachments. Instead, please notify
the sender and delete the e-mail and any
attachments. Thank you.

This e-mail is from Dechert LLP, a law firm, and may
contain information that is confidential or privileged. If you

are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

# EXHIBIT 7

# Holland+Knight

Tel  617 523 2700
Fax 617 523 6850

Holland & Knight LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
www.hklaw.com

February 25, 2005

Matthew J. O'Connor
617-619-9217
matthew.oconnor@hklaw.com

**VIA FACSIMILE ONLY (617-482-3003)**

David Nalven, Esq.
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA 02142

> Re:   In Re Pharmaceutical Industry Average Wholesale Price
> Litigation, MDL No. 1456

Dear David:

I am writing in response to your letter of February 17, 2005 concerning various
discovery issues.

## I. Motion to Compel: Source Information

With respect to your questions about the source information on Kytril
documents that was recently provided, in reviewing again the documents for
which we did not previously have source information, we realized that a
significant number of them were e-mails addressed to "FTC Request," a
dedicated mailbox set up in connection with the FTC's review of the SmithKline
Beecham and Glaxo Wellcome merger in 2000. Upon further review, it seemed
reasonable to assume that the person who forwarded each e-mail to "FTC
Request" was the custodian or source of the e-mail. We then went back and
identified the sources for those e-mails on that basis. We are also in the process
of trying to determine if we can, through additional review and investigation,
provide some source information for an additional 25,000 to 30,000 pages of
Kytril documents previously produced without source information. We should
know more about that in the next two weeks. With respect to the remaining
documents for which we have no source information (about 60,000 pages), I do
not believe that we will be able to provide any additional source information
other than what may be apparent from the face of the documents themselves.

Annapolis • Atlanta • Bethesda • Boston • Bradenton • Chicago • Fort Lauderdale • Jacksonville • Lakeland • Los Angeles
Miami • New York • Northern Virginia • Orlando • Portland • Providence • Rancho Santa Fe • St. Petersburg • San Antonio
San Francisco • Seattle • Tallahassee • Tampa • Washington, D.C. • West Palm Beach
Beijing • Caracas* • Helsinki* • Mexico City • Rio de Janeiro • São Paulo • Tel Aviv* • Tokyo • *Representative Office

David Nalven, Esq.
February 25, 2005
Page 2

## II. Motion to Compel: 30(b)(6) Witnesses

With respect to the 30(b)(6) deposition notice dated December 9, 2004, it is our understanding that you are still looking for witnesses on (1) Zofran sales training, (2) the supervision of Zofran sales representatives and (3) Kytril sales training.  In that regard, we propose the following witnesses:

- John Hopewell: Zofran sales representative training (1998) – Available April 6th in Seattle, WA.
- David Robinson: Supervision of Zofran sales representatives – Currently noticed for March 7th.  Mr. Robinson is a former GW Regional Director in the Oncology therapeutic area.  Although we have yet to establish contact with Mr. Robinson, as a Regional Director, Mr. Robinson likely would have had some role in the supervision of the Zofran sales force.  Although we cannot confirm the exact extent of Mr. Robinson's role until we have interviewed him, Mr. Robinson may well be an appropriate witness to discuss Zofran sales representative supervision for some period during the time frame in which you indicated an interest (1994-1999).  Once we have a definitive date for Mr. Robinson, we will contact you.
- John Constantine: Kytril sales representative training (1995-2000) – We are still trying to confirm a date for Mr. Constantine's deposition in Philadelphia and will let you know as soon as we hear back from him about his availability.

## III.  Motion to Compel: Transactional Data

It is our understanding that you have worked out an agreement with Fred Herold on the transactional data issues.  Please let us know if our understanding is incorrect.

In light of our efforts to address all of the issues raised in plaintiffs' February 3rd motions to compel and the upcoming March 1st deadline for responding to those motions, we respectfully request that those motions be withdrawn or that a motion to enlarge the time for responding be filed.

## IV.  Discovery Concerning Sampling Matters

As we discussed after our receipt of plaintiffs' 30(b)(6) notice concerning sampling, we do not believe discovery concerning sampling of GSK products is relevant to plaintiffs' causes of action or reasonably calculated to lead to the discovery of admissible evidence.  Neither the deposition of Dean Giovaniello nor the exhibit you reference changes our view of the relevance of sampling.  However, in an effort to establish for you that sampling is not an appropriate area of inquiry in this matter, we will agree to provide some data on the volume

David Nalven, Esq.
February 25, 2005
Page 3

of Zofran IV and Kytril IV sampling.  We are working on obtaining that data.
Thus, in light of our ongoing efforts to obtain the data and the extension of the
discovery deadline, we respectfully request that you refrain from filing any
motion on this issue until you have had an opportunity to review the sampling
data.

## V.  Additional Deposition Scheduling

David Newman is available for deposition in Philadelphia on March 11, 2005.
Bill DeVinney is available for deposition in Philadelphia on March 16.  With
respect to the remaining witnesses referenced in your letter, we are still waiting
to hear back from them as to their availability and we will be in contact with you
as soon as we do.

Thank you for your cooperation in this matter and please do not hesitate to
contact me if you have any questions.

Sincerely,

Matthew J. O'Connor

cc:     Geoffrey Hobart, Esq.
        Mark Seltzer, Esq.
        Thomas H. Lee, II, Esq.
        Mark Lynch, Esq.

# EXHIBIT 8

# Holland+Knight

Tel   617 523 2700
Fax  617 523 6850

Holland & Knight LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
www.hklaw.com

March 16, 2005

Matthew J. O'Connor
617-619-9217
matthew.oconnor@hklaw.com

**VIA FACSIMILE ONLY (617-482-3003)**

David Nalven, Esq.
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA 02142

> Re:   In Re Pharmaceutical Industry Average Wholesale Price
>         Litigation, MDL No. 1456

Dear David:

Per our discussion on Monday, Carl Pelzel is available for deposition on April 28, 2005 at Holland & Knight's San Francisco office (50 California Street). Mike Yassick is available on April 15th at Womble Carlyle in RTP, NC (2300 Meridian Parkway). As we stated in our February 25th letter, John Hopewell is available for deposition on April 6th in Seattle, WA.

Please confirm these dates at your earliest convenience so that we can finalize the dates with the witnesses.

Thank you for your assistance in this matter.

Sincerely,

Matthew J. O'Connor

cc:    Geoffrey Hobart, Esq.
       Mark Seltzer, Esq.
       Thomas H. Lee, II, Esq.
       Mark Lynch, Esq.

# 2695053_v1

# EXHIBIT 9

# Holland+Knight

Tel  617 523 2700
Fax  617 523 6850

Holland & Knight LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
www.hklaw.com

March 22, 2005

Matthew J. O'Connor
617-619-9217
matthew.oconnor@hklaw.com

**VIA FACSIMILE ONLY (617-482-3003)**

David Nalven, Esq.
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA 02142

> Re:   In Re Pharmaceutical Industry Average Wholesale Price
>        Litigation, MDL No. 1456

Dear David:

I am writing to inform you that David Robinson is available for deposition on May 10, 2005 at Holland & Knight's Washington, DC office.  Mr. Robinson will serve as GSK's 30(b)(6) designee on plaintiff's sales training and supervision notice.  I will contact you to discuss the withdrawal of plaintiff's motion to compel concerning this issue.

Thank you for your assistance in this matter.

Sincerely,

*Matthew J. O'Connor*

Matthew J. O'Connor  *(mwk)*

cc:   Geoffrey Hobart, Esq.
       Mark Seltzer, Esq.
       Thomas H. Lee, II, Esq.
       Mark Lynch, Esq.

Annapolis • Atlanta • Bethesda • Boston • Bradenton • Chicago • Fort Lauderdale • Jacksonville • Lakeland • Los Angeles
Miami • New York • Northern Virginia • Orlando • Portland • Providence • Rancho Santa Fe • St. Petersburg • San Antonio
San Francisco • Seattle • Tallahassee • Tampa • Washington, D.C. • West Palm Beach
Beijing • Caracas* • Helsinki* • Mexico City • Rio de Janeiro • São Paulo • Tel Aviv* • Tokyo • *Representative Office

# EXHIBIT 10



HAGENS BERMAN
SOBOL SHAPIRO LLP

**hbsslaw.com.com**
ONE MAIN STREET • CAMBRIDGE, MA 02142
(617) 482-3700 • FAX (617) 482-3003

DAVID S. NALVEN
(617) 475-1953
davidn@hbsslaw.com

March 30, 2005

BY FAX

Geoffrey E. Hobart, Esq.
Mark D. Seltzer, Esq.
Matthew J. O'Connor, Esq.
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

Thomas H. Lee II, Esq.
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793

Mark H. Lynch, Esq.
Covington & Burling
1201 Pennsylvania Avenue, NW
Washington, DC 20004

> Re:   In Re Pharmaceutical Industry AWP Litigation
>       MDL No. 1456

Dear Counsel:

1. I have your letter dated March 22, 2005 in which GSK designates David Robinson as GSK's designee on "sales training and supervision" in response to Plaintiffs' Rule 30(b)(6) Notice dated December 9, 2005. To date, GSK has produced only one witness on the GW heritage side in response to the Rule 30(b)(6) Notice, Scott Friedly, whose rule 30(b)(6) testimony was limited to training for the period beginning January 2002. Please designate, with reference to the identified Matters for Examination listed in the December 9, 2004 Notice, the matters upon which Mr. Robinson will testify, and for what years. Please also describe what steps GSK has taken to determine that Mr. Robinson is a bona fide designee to testify as to these matters, and what steps Mr. Robinson is taking to "testify as to matters known or reasonably available" to GSK, as is required by rule 30(b)(6). I hope you will understand that given GSK's withdrawal of Ted Slack as the GW heritage rule 30(b)(6) witness on sales training the day before the deposition was scheduled to proceed, its delay in identifying 30(b)(6) witnesses, and

Geoffrey E. Hobart, Esq.
Mark D. Seltzer, Esq.
Matthew J. O'Connor, Esq.
Thomas H. Lee II, Esq.
March 30, 2005
Page 2

its request that plaintiffs withdraw their Motion to Compel Production of Rule 30(b)(6) witnesses based on GSK's designation of Mr. Robinson, plaintiffs are required to make these inquiries.

2. Plaintiffs have requested by telephone and in writing on multiple occasions (e.g., letters dated December 30, 2004 and February 9, 2005) that GSK certify that it has completed production of its documents. Since GSK's production of 50+ boxes of documents during the week of February 21, 2005, plaintiffs have received no more than a few additional documents. If GSK is now in a position to provide a certification of completeness, please do so; if not, please let plaintiffs know what GSK production tasks remain and when GSK expects to finish. I would request a definitive answer to this question by April 1, 2005. This ought not to be something we need to take to the Court, but plaintiffs will if required.

3. Please advise plaintiffs as to the date GSK will complete its production of the call note data base by adding the clinic contact information and otherwise producing the notes in a form that will be usable in depositions and at trial. The record of plaintiffs' accommodation on this production is really very clear. Again, I would request a definitive answer to this question by April 1, 2005 in order to avoid bringing this to the Court. Further, plaintiffs previously had requested that GSK stipulate as to the authenticity of the content of the notes produced in the Access database. If GSK is unwilling to do this, plaintiffs will require the deposition of the GSK employee responsible for compiling the Access database produced to plaintiffs.

4. With respect to the source of documents produced from the SKB heritage side, I had requested, in connection with GSK's request that plaintiffs withdraw their motion to compel production of source logs, that GSK provide an affidavit from a GSK employee that the unsourced documents are duplicates of documents produced by GSK that were tied to a source. Please let me know whether such an affidavit is forthcoming.

5. Your March 23, 2005 letter concerning production of witnesses responsive to Plaintiffs' Notice of Deposition dated February 17, 2005 represented that we would receive a telephone call on March 29, 2005 "with an update on [y]our scheduling efforts." While that date has passed, I remain glad to receive that call from any or all of you at any time.

Very truly yours,

*DW NW*

David S. Nalven

# EXHIBIT 11

# Holland+Knight

Tel  617 523 2700
Fax 617 523 6850

Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
www.hklaw.com

March 31, 2005

Matthew J. O'Connor
617-619-9217
matthew.oconnor@hklaw.com

**VIA FACSIMILE (617-482-3003)**

David Nalven, Esq.
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Re:   In Re Pharmaceutical Industry Average Wholesale Price
Litigation, MDL No. 1456

Dear David:

I am writing in response to your letters yesterday as they relate to the motion to compel 30(b)(6) testimony.

At the deposition of Scott Friedly and in subsequent discussions, you requested that GSK produce GW heritage witnesses who could speak with respect to Zofran sales force training and supervision during the period of 1994 to 1999. David Robinson was a regional sales director in GW's oncology therapeutic area, which included Zofran, from approximately 1996 to 1998. John Hopewell served as a Zofran sales trainer from approximately 1998 to 1999. Based upon your inquiry of Mr. Friedly and the areas of interest that you have articulated, we are hopeful that these witnesses will provide the information that you seek. If you determine that you need additional testimony after the depositions of Messrs. Hopewell and Robinson, we will work with you to provide those witnesses. Until the current depositions are completed and there is an impasse on the production of additional witnesses, however, we do not believe the issue is ripe for the court. Therefore, we request that you withdraw the motion without precluding the possibility of re-filing at a later date. We also request that you confirm the May 10 date for Mr. Robinson's deposition.

We will be in a position to produce the Zofran call note database with the additional fields that you seek within the next few days. I will be forwarding to you today a revised version of the IMS agreement that you recently signed. The revisions are minor and include the change that you suggested as well as some non-substantive revisions. Once you execute the new agreement, we will provide the database with the subject fields. As I believe we discussed following your email of February 8 we will stipulate to the authenticity of the call notes provided in the Access database.

Annapolis • Atlanta • Bethesda • Boston • Bradenton • Chicago • Fort Lauderdale • Jacksonville • Lakeland • Los Angeles
Miami • New York • Northern Virginia • Orlando • Portland • Providence • Rancho Santa Fe • St. Petersburg • San Antonio
San Francisco • Seattle • Tallahassee • Tampa • Washington, D.C. • West Palm Beach
Beijing • Caracas* • Helsinki* • Mexico City • Rio de Janeiro • São Paulo • Tel Aviv* • Tokyo • *Representative Office

David Nalven, Esq.
March 31, 2005
Page 2

Thank you for your assistance in these matters.

Sincerely,

*Matthew J. O'Connor*

Matthew J. O'Connor  *(mavh)*

cc:     Geoffrey Hobart, Esq.
        Mark Seltzer, Esq.
        Thomas H. Lee, II, Esq.
        Mark Lynch, Esq.

# 2734609_v1

# EXHIBIT 12

**HB**

HAGENS BERMAN
SOBOL SHAPIRO LLP

hbsslaw.com.com
ONE MAIN STREET • CAMBRIDGE, MA 02142
(617) 482-3700 • FAX (617) 482-3003

DAVID S. NALVEN
(617) 475-1953
davidn@hbsslaw.com

March 31, 2005

BY FAX

Matthew J. O'Connor, Esq.
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

    Re:    In Re Pharmaceutical Industry AWP Litigation
             MDL No. 1456

Dear Matt:

    I have your letter dated March 31, 2005 and voicemail message concerning resolution of plaintiffs' motion to compel production of rule 30(b)(6) witnesses.

    1.  I disagree with your characterization of the scope of plaintiffs' request for discovery under the rule 30(b)(6) notice dated December 9, 2004. The notice sets forth the scope of the request and I do not believe there has been any objection or change to it.

    2.  Respectfully, my letter dated March 30, 2005, in paragraph one, sets forth a request for the representations plaintiffs require to continue or withdraw the pending motion to compel. GSK's response fails even to acknowledge that request. Plaintiffs remain committed to avoiding unnecessary motion practice, and I think the record of our dealings with GSK and its counsel show that, but it would be irresponsible for us to withdraw plaintiffs' motion based on the content of GSK's March 31, 2005 response.

                    Very truly yours,

                    David S. Nalven

cc:    Geoffrey E. Hobart, Esq.
       Mark D. Seltzer, Esq.
       Thomas H. Lee II, Esq.
       Mark H. Lynch, Esq.