## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL | ) | MDL No. 146 |
| INDUSTRY AVERAGE | ) | |
| WHOLESALE PRICE LITIGATION | ) | CIVIL ACTION: 01-CV-12257 PBS |
|  | ) | |
|  | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| ALL CLASS ACTIONS | ) | Chief Magistrate Judge |
|  | ) | Marianne B. Bowler |

### CLASS PLAINTIFFS' OPPOSITION TO B. BRAUN MEDICAL, INC.'S
### MOTION TO DISMISS THE SECOND AMENDED
### MASTER CONSOLIDATED CLASS ACTION COMPLAINT

When separated from its self-congratulatory rhetoric, B. Braun Medical, Inc.'s

("BBM's") Motion to Dismiss the Second Amended Master Consolidated Class Action

Complaint ("SAMCC") offers no grounds upon which this Court must dismiss the SAMCC

claims against BBM in their entirety. Plaintiffs do not dispute and have never disputed that the

BBM AWPIDs are physician-administered drugs. Where BBM's Motion fails, however, is in its

incorrect analysis of the jurisdiction of this Court over Counts III and IV of the SAMCC.

Specifically, because the SAMCC was filed on February 24, 2005, and the Class Action Fairness

Act amendments to 28 U.S.C. § 1332 (the diversity jurisdiction statute) apply to all class actions

(or amendments thereto) filed on or after February 18, 2005, this Court may assert diversity

jurisdiction over BBM for Counts III and IV of the SAMCC.[1]  For this reason, BBM's Motion to

Dismiss should be denied.

---

[1]     Plaintiffs acknowledge that Count IX (for civil conspiracy) should be dismissed with regard to
BBM, but only because CMHV did not reimburse for a BBM AWPID. Under First Circuit authority, this
Court may not consider BBM's affidavits that it did not have a relationship with a PBM because those
affidavits support a *merits* argument, not a jurisdictional one. *See Hernandez-Santiago v. Ecolab, Inc.,*
397 F.3d 30, 33-34 (1st Cir. 2005) (holding district court erred in dismissing complaint based on
defendant's affidavit that its subsidiary had manufactured product that was the subject of product liability

## I.     This Court Has Diversity Jurisdiction Over Counts III and IV Alleged Against BBM Because, Pursuant to the Class Action Fairness Act, the Claims Against BBM Must Be Brought in Federal Court

This Court may properly assert diversity jurisdiction over Count III (for declaratory

judgment)[2] and Count IV (for violations of state consumer protection statutes), because, pursuant

to the Class Action Fairness Act ("CAFA") amendments to 28 U.S.C. § 1332, plaintiffs' claims

against BBM must be brought in federal court.

The CAFA amendments apply to the SAMCC claims alleged against BBM. 28 U.S.C. §

1453(a) (the CAFA amendments relating to removal), states that "[t]he amendments made by

this act shall apply to any civil action commenced on or after the date of enactment of this Act."

Neither "civil action" or "commenced" are defined in CAFA. However, the CAFA amendments

to the diversity jurisdiction statute specifically provide that:

> Citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of filing of the complaint **or amended complaint**, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, `as of the date of service by plaintiffs of an **amended pleading,** motion, or other paper, indicating the existence of Federal jurisdiction.

28 U.S.C. § 1332(d)(7) (emphasis added).  Because this Court may consider CAFA's

applicability upon the filing of an *amended* complaint, CAFA applies here.  Moreover, even

though plaintiffs previously alleged claims against BBM in the MCC that were dismissed by this

Court's May 15, 2003 order, the AMCC did not allege any claims against BBM and instead

---

action because affidavits did not challenge diversity or amount in controversy and were therefore submitted for "a classic merits defense").  BBM has not submitted affidavits related to the diversity of the parties in this action or challenging the amount in controversy; rather, it has submitted affidavits stating that it never entered into contracts with PBMs.  Those affidavits may not be considered by this Court.

[2]     BBM claims that the Declaratory Judgment Act does not provide an independent basis for federal *subject matter* jurisdiction.  *See* BBM Memo., at 2 (citing *National Bank of Fairhaven v. United States*, 660 F. Supp. 125, 129 (D. Mass. 1987)); *id.* at 14 (citing additional cases).  However, BBM makes no claim – because it cannot – that a Declaratory Judgment Act cause of action may not be brought in federal court on the basis of diversity.  *See, e.g., Pacific Ins. Co. v. Eaton Vance Mgmt.*, 369 F.3d 584 (1st Cir. 2004) (declaratory judgment action brought in federal court based on diversity jurisdiction).

alleged them against B. Braun of America, Inc. ("BBA"). Those claims against BBA were

dismissed pursuant to this Court's February 4, 2005 Order. Therefore, the SAMCC claims

against BBM should be treated as a new complaint to which the CAFA amendments apply.

As amended by CAFA, 28 U.S.C. § 1332(d)(2) provides that:

> The district courts **shall** have original jurisdiction of any civil action in which the
> matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of
> interest and costs, and is a class action in which—
>
> (A) any member of a class of plaintiffs is a citizen of a State different from
> any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject
> of a foreign state and any defendant is a citizen of a State; **or**
>
> (C) any member of a class of plaintiffs is a citizen of a State and any
> defendant is a foreign state or a citizen or subject of a foreign state.

(Emphasis added.) Because the CAFA amendments define "class members" as "the persons

*(named or unnamed)* who fall within the definition of the proposed or certified class in a class

action," 28 U.S.C. § 1332(d)(1)(D) (emphasis added), it is clear that plaintiffs' claims against

BBM must be brought in federal court because there are class members who are citizens of states

other than the Commonwealth of Pennsylvania, the state in which BBM resides (*see* SAMCC ¶

68).

Although the CAFA amendments to Section 1332 set forth circumstances under which

this Court *may* decline to assert federal jurisdiction over the claims against BBM, none of those

circumstances apply here. Namely, 28 U.S.C. § 1332(d)(3) provides that this Court *may* decline

to exercise jurisdiction upon consideration of a number of factors, *if and only if* "greater than

one-third but less than two-thirds of the members of all proposed plaintiff classes in the

aggregate and the primary defendants are citizens of the State in which the action was originally

filed." But it is not tenable to assert that more than one-third of the members of the classes here

3

reside in the State of Massachusetts. Moreover, BBM does not reside in Massachusetts either.

Therefore, this Court may not even consider whether to, in its discretion, decline to exercise

federal jurisdiction here.

Likewise, the CAFA amendments provide that this Court must decline to exercise

jurisdiction over a class action in which "greater than two-thirds of the members of all proposed

plaintiff classes in the aggregate are citizens of the State in which the action was originally filed"

28 U.S.C. § 1332(4)(A)(i)(I), and

(II)    at least 1 defendant is a defendant—

(aa)    from whom significant relief is sought by members of the plaintiff class;

(bb)    whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc)    who is a citizen of the State in which the action was originally filed; and

(III)   principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

       (ii)    during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

       (B)    two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

However, this section does not apply. By virtue of this proceeding, there was a class action filed

"asserting the same or similar factual allegations against any of the defendants on behalf of the

same or other persons." In addition, it is clear that two-thirds or more of the members of the

proposed classes are not citizens of Massachusetts. Therefore, this Court may not decline

federal jurisdiction under the section above either.

Finally, BBM has not challenged that the amount in controversy here exceeds $5,000,000. Under the CAFA amendments to Section 1332, "[i]n any class action, the claims of the individual *class members* shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6) (emphasis added). Therefore, because plaintiffs satisfy the amount in controversy requirements of CAFA as well as the diversity requirements, this Court has original jurisdiction over the claims against BBM.[3]

WHEREFORE plaintiffs respectfully request that this Court DENY B. Braun Medical, Inc.'s motion to dismiss the SAMCC, and all other relief that this Court deems just and proper.[4]

DATED: April 4, 2005

By _____
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
David Nalven (BBO#547220)
Hugh McNeely
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

---

[3]  Plaintiffs acknowledge that they did not make these allegations in the SAMCC. But given that this is a nationwide class action brought on behalf of thousands of consumers and third party payors, plaintiffs believe that BBM cannot establish to a legal certainty that the amount in controversy would not equal or exceed $5 million. *See Saint Paul Mercury Indemnity Co. v. Red Cabb Co.*, 303 U.S. 283, 288 (1938) ("It must appear to a legal certainty that the claim is really for less that the jurisdictional amount to justify dismissal."); *Stewart v. Tupperware Corp.*, 356 F.3d 335, 338 (1st Cir. 2004) (same). However, if this Court requires that plaintiffs amend their allegations in the SAMCC, plaintiffs respectfully request leave to do so.

[4]  If this Court disagrees that the CAFA amendments to 28 U.S.C. § 1332 apply here, plaintiffs respectfully request leave to file a separate complaint against BBM stating current Counts III and IV against BBM.   As a new Complaint, there is no question that it would be subject to the CAFA amendments and therefore belongs in federal court. That action could thereafter be added to this action as a tag-along case pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL 60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.L.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

7

## CERTIFICATE OF SERVICE

I hereby certify that I, Jennifer Fountain Connolly, an attorney, caused a true and correct copy of the foregoing, **CLASS PLAINTIFFS' OPPOSITION TO B. BRAUN MEDICAL, INC.'S MOTION TO DISMISS THE SECOND AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 4, 2005, a copy to Verilaw Technologies for Posting and notification to all parties.

By

Jennifer Fountain Connolly
**THE WEXLER FIRM** <sup>LLP</sup>
One North LaSalle St., Suite 2000
Chicago, IL 60602
(312) 346-2222
(312) 346-0022 (facsimile)

8