**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVREAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) |
|  | MDL No. 1456 |
|  | Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: *County of Suffolk v. Abbott Labs, Inc., et al.,* (E.D.N.Y. No. CV-03-229) | ) ) ) ) ) ) ) |
|  | Judge Patti B. Saris |
|  | Chief Magistrate Judge Marianne B. Bowler |

**SCHERING-PLOUGH'S OPPOSITION TO COUNTY OF SUFFOLK'S MOTION TO RENEW ITS SECOND MOTION TO COMPEL THE PRODUCTION OF DISCOVERY FROM THE SCHERING-PLOUGH CORPORATION**

Schering-Plough Corporation ("Schering") respectfully submits this Opposition to County of Suffolk's Motion to Renew Its Second Motion to Compel the Production of Discovery from the Schering-Plough Corporation [Docket No. 1459] ("Motion to Renew"), which motion provides no grounds for the Court's reversing its denial of the original motion. This Court denied the original motion for good reasons that retain their vitality; nothing has changed. The County of Suffolk ("Suffolk") is merely continuing its rather obvious attempt to circumvent Judge Saris's Order that stayed discovery as to Warrick Pharmaceuticals Corporation ("Warrick").

This Court denied the original motion on January 27, 2005. *See* Tr. at 43, attached as Ex. C to Motion to Renew. The denial was without prejudice simply to allow other *defendants* the opportunity to submit papers regarding a separate and tangential issue [1] raised by the original

---

[1] During oral argument, Suffolk asserted that it would seek to sign onto the protective order in *The State of Texas ex rel. Ven-A-Care of the Florida Keys, Inc. v. Warrick Pharmaceuticals, Schering-Plough Corp. et al.* (the "Texas Litigation") if its original motion were to be allowed. Counsel for Aventis, also present at the meeting, simply asked that "to the extent the Court is inclined to consider to allow the County of Suffolk to sign on the Texas Attorney

motion because the motion had been filed less than a week before the hearing.  *See id.* Specifically, the Court said that the original motion is "denied without prejudice at this time, *having heard from Mr. DeMarco's co-counsel.* I'll give *everybody else* 14 days to weigh in on this if they want to file anything." *Id.* (emphasis added).  In other words, the Court was simply providing other defendants with the opportunity to be heard on a discrete issue, not inviting Suffolk to renew its motion.  For this reason alone the Court should deny Suffolk's Motion to Renew.

The reasons underlying the Court's "without prejudice" ruling notwithstanding, Suffolk has produced nothing new in its Motion to Renew that suggests a different result is now warranted, and thus the original motion still fails on the merits for the reasons articulated in Schering-Plough's Opposition to County of Suffolk's Second Motion to Compel the Production of Discovery [Docket No. 1301] ("Schering's Original Opp'n") and at oral argument.  On October 26, 2004, Judge Saris issued a Memorandum and Order (the "Order") in which she stated that "all discovery shall be stayed with respect to . . . Warrick Pharmaceuticals . . ." because the County of Suffolk ("Suffolk") had theretofore failed to demonstrate a "good faith basis" for its claims against Warrick (and several others).  *See* Order at 4, attached to Schering's Original Opp'n as Ex. A.  The stay of discovery as to Warrick prevents discovery into the merits of Suffolk's claims against Warrick, which Judge Saris found insufficient to justify discovery unless and until Suffolk could make a showing of good faith that it has so far been unable to make.[2]

---

General protective order, defendants be allowed to consider that issue and perhaps file something on the record to protect their interest . . . ." Tr. at 35, attached as Ex. C to Motion to Renew.

[2] Suffolk has made submissions attempting to rectify its defective pleadings, which Warrick and other Defendants have opposed. Judge Saris not ruled on the sufficiency of these additional submissions, and, until she does, her order staying discovery remains in effect.

Notwithstanding Judge Saris's Order, Suffolk subsequently demanded that Schering, [3] the parent of Warrick, produce documents relating to Warrick that Schering had produced in the Texas Litigation. Schering objected because all but at most a handful of documents produced in that case relate solely to Warrick, and the handful that might not relate solely to Warrick are interspersed among the more than 400,000 pages of documents that do. *See* Decl. of John McDonald, attached to Schering's Original Opp'n as Ex. B. Finding these few needles in a gigantic haystack would be disproportionate to their value to Suffolk. There would be no way of knowing whether those few documents would be relevant to Suffolk's claims against Schering without Schering's wading through more than 150 boxes of documents and sifting through more than 400,000 pages to locate and review them. [4] Such an undertaking for documents that Suffolk has no reason to believe would be helpful to its case would be unreasonable, unduly burdensome and expensive, and disproportionate to the value of the documents to Suffolk. *See* Fed. R. Civ. P. 26(g)(2)(C).

In its Motion to Renew, Suffolk simply rehashes the same flawed arguments it made previously. For example, one of the "reasons" Suffolk provides as a basis for granting the Motion to Renew is that Schering produced to Liaison Plaintiffs in the MDL some of the documents produced in the Texas Litigation and that "Schering does not contest Suffolk is entitled to production from it." Motion to Renew at 2. This statement is patently false and misleading. Schering has contested and continues to contest that Suffolk is "entitled" to documents relating to claims into which discovery is stayed, as is true here, regardless whether the documents were produced to other parties whose claims maintain a different procedural

---

[3] Schering has made available discovery relating to Suffolk's claims against Schering, including 71 boxes of materials that were presented to, and reviewed by, Suffolk.

status.  Moreover, Suffolk's reliance on the mere fact that Schering was a party in the Texas

Litigation as a basis for their motion is entirely misplaced because Suffolk must show that the

documents in question are relevant to *its claims* against Schering in the instant litigation.

Because all but a handful of the documents produced in the Texas Litigation relate to Warrick

products, however, this is a burden Suffolk simply cannot carry.  In other words, the discovery

sought violates Judge Saris's order because the claims to which it is directed -- the claims against

Warrick -- are not subject to discovery at this time, regardless to whom the request might

nominally be made.  Finally, Suffolk's suggestion that the Texas Attorney General may have

somehow identified the "Schering" documents and that such designation suffices to alleviate the

burden is of no consequence; the Texas Attorney General is neither a party to this action nor

otherwise an arbiter of relevance with respect to Suffolk's claims against Schering and Warrick.

Wherefore, Suffolk's Motion to Renew should be DENIED.

SCHERING-PLOUGH CORPORATION
By its attorneys,

/s/ Eric P.Christofferson
John T. Montgomery (BBO#352220)
Brien T. O'Connor (BBO#546767)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated:  April 6, 2005

---

[4] At oral argument, Suffolk suggested that it could search through the production itself to find the few responsive documents, but that would provide them access to hundreds of thousands of documents relevant only to claims into which discovery is stayed and would allow Suffolk to perform an end-run around Judge Saris's Order.

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2005, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Eric P. Christofferson

Eric P. Christofferson