UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION )))))  THIS DOCUMENT RELATES TO: )) International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca PLC et al. Civil Action No. 04-11503-PBS ))))))) | MDL NO. 1456 Civil Action No. 01-12257-PBS |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Certain parties in the above-captioned action, having fulfilled their obligation to confer in accordance with Loc. R. 16.1(B), hereby submit this Joint Statement pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(D).[1]

### I. NATURE AND BASIS OF THE CLAIMS AND DEFENSES

This proposed class action alleges that defendants, both the pharmaceutical company defendants and the doctor defendants, caused plaintiff and putative class members to pay fraudulently inflated prices for certain cancer drugs, inhalants and other miscellaneous drugs, through, *inter alia*, their participation in a fraudulent scheme and conspiracy which included the inflation of the Average Wholesale Price ("AWP") for such cancer drugs, inhalants and other miscellaneous drugs. Plaintiff has brought the suit as a class action on behalf of all persons and entities who, during the period from at least 1991 through the present, paid any portion of the

---

[1] At the time of this submission, counsel for the individual defendants have yet to set forth their respective positions on the issues addressed in this submission.

cost of the drug based, in whole or in part, upon the published AWP for the drug. Plaintiff asserts claims for unjust enrichment, fraud, civil conspiracy, concert of action, and violations of the New Jersey Consumer Fraud Act. Plaintiff seeks recovery of damages, including, injunctive relief, treble damages, punitive damages and attorney's fees.

Defendants have a variety of defenses to the claims, including, but not limited to, statute of limitations, lack of fraudulent conduct, plaintiff's knowledge of AWP, plaintiff's failure to establish reliance or causation, and the absence of injury on the part of plaintiff and class members. In addition, defendants contend that, because plaintiff is a Taft-Hartley Welfare Fund that is subject to the requirements of ERISA, its claims are preempted.

## II.  MATTERS TO BE DISCUSSED AT THE RULE 16.1 CONFERENCE

The parties wish to discuss at the Rule 16.1 Conference to be held in this case on April 8, 2005, the following matters:

A.  Rectifying the docketing of the case to reflect that it was transferred to this Court by the Joint Panel of Multidistrict Litigation for coordinated and consolidated pretrial proceedings with MDL 1456, *In re Pharmaceutical Industry Average Wholesale Price Litigation*.

B.  Scheduling of argument on plaintiff's motion for remand.

## III.  PROPOSED SCHEDULE

The parties jointly submit the following proposed schedule for this case:

A.  <u>Remand Motion</u>. Plaintiff's remand motion was originally filed in the District of New Jersey in July 2003. The parties believe that oral argument would assist the Court in its consideration of plaintiff's motion. Accordingly, the parties jointly request that the Court hear argument on the motion at its earliest convenience. Should the Court determine that additional briefing is desirable after oral argument, the parties will submit such briefing.

- 3 -

B.  <u>Further scheduling</u>.  Pending a determination on plaintiff's remand motion, further scheduling is premature.

## IV.  STATEMENT CONCERNING TRIAL BY MAGISTRATE JUDGE

The parties do not consent to trial by a magistrate judge.

## V.  LOCAL RULE 16.1 CERTIFICATION

The parties are endeavoring to file their respective certifications pursuant to Loc. R. 16.1 as soon as practicable.

April 6, 2005

Respectfully submitted,

| ON BEHALF OF PLAINTIFFS: | ON BEHALF OF THE SERVED CORPORATE DEFENDANTS: |
|---|---|
| /s/ TerriAnne Benedetto | /s/ Lucy Fowler |
| Shanin Specter, Esquire | Nicholas C. Theodorou (BBO #496730) |
| Donald E. Haviland, Jr., Esquire | Lucy Fowler (BBO #647929) |
| TerriAnne Benedetto, Esquire | **Foley Hoag LLP** |
| **KLINE & SPECTER** | 155 Seaport Boulevard |
| 1800 Chapel Avenue, Suite 302 | Boston, MA  02110 |
| Cherry Hill, NJ 08002 | |
| 856-662-1180 telephone | D. Scott Wise |
| 856-662-1184 facsimile | Michael Flynn |
| | **Davis Polk & Wardwell** |
| John E. Keefe, Jr., Esquire | 450 Lexington Avenue |
| **LYNCH ♦ MARTIN** | New York, NY  10017 |
| 830 Broad Street | |
| Shrewsbury, NJ 07702 | *Attorneys for AstraZeneca* |
| 732-224-9400 telephone | *Pharmaceuticals LP* |
| 732-224-9494 facsimile | |

*Attorneys for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I certify that on April 6, 2005, a true and correct copy of the forgoing Joint Statement Pursuant to Local Rule 16.1 was served on all counsel of record by (a) electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to parties and (b) overnight mail to counsel for the individual defendants and certain counsel for plaintiff.

/s/ Lucy Fowler

Dated: April 6, 2005

## SERVICE LIST

Raymond A. Gill, Jr., Esq.
Gill &Chamas
655 Florida Grove Road
Woodbridge, New Jersey 07095
**Counsel for plaintiff**

John E. Keefe, Jr.
Lynch, Martin, Kane, Kuper, Keefe & Bartels, LLC
830 Broad Street
Shrewsbury, New Jersey 07702
**Counsel for plaintiff**

Michael Mustokoff, Esq.
Duane Morris LLP
One Liberty Place, Suite 4200
Philadelphia, Pennsylvania
19103-7396
**Counsel for defendant,**
**Saad Antoun, M.D.**

Thomas P. McGonigle, Esq.
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801-1246
**Counsel for defendant,**
**Sadd Antoun, M.D.**

Jack Fernandez, Esq.
Zuckerman, Spaeder, LLP
101 E. Kennedy Blvd.
Suite 1200
Tampa, Florida 33602
**Counsel for defendant,**
**Stanley C. Hopkins, M.D.**

Terry K. Sherman, Esq.
52 West Whittier Street
Columbus, Ohio 43206
**Counsel for defendant,**
**Robert A. Berkman, M.D.**