```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| **IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | ) ) ) ) ) |
| **THIS DOCUMENT RELATES TO:** County of Suffolk v. Abbott Laboratories, et al. Civ. Action No. 1:03-cv-10643 | ) ) ) ) ) ) ) ) **MDL NO. 1456** **CIVIL ACTION NO.** **01-12257-PBS** |

<u>**MEMORANDUM AND ORDER**</u>

April 8, 2005

Saris, U.S.D.J.

    In ruling on the Defendants' motions to dismiss, the Court required Suffolk to present more particular information about its allegation that the published Average Wholesale Price ("AWP") for each drug was fraudulent. Specifically, Suffolk was asked to provide its basis for calculating a spread between the published AWP and the actual average price at which the drug is sold by wholesalers. <u>See</u> <u>In re Pharm. Indus. Average Wholesale Price Litig.</u>, No. 01-12257, 2004 WL 2387125, at *2 (D. Mass. Oct. 26, 2004).

    Suffolk presented the affidavit of Aaron Hovan, an associate at Kirby McInerney & Squire LLP, who explained that his technique for calculating the spread was to compare the published AWP with what he calculated as an actual average wholesale price for each drug. He first obtained a sampling of retail prices from four

online drug stores.  Relying on a statement in an article comparing the Canadian and American drug systems, he assumed that retail prices for American drugs are on average 1.27 times their wholesale prices.  <u>See</u> John R. Graham & Beverly A. Robson, Prescription Drug Prices in Canada and the United States – Part 1: A Comparative Survey, n.1, <u>at</u> http://oldfraser.lexi.net/ publications/pps/42/s7_notes.html#FN_03 (last modified Aug. 23, 2000).  He confirmed the reasonableness of this ratio with several of Suffolk's industry experts.  He then used this average difference between actual wholesale and retail prices to obtain the estimated actual sale prices found in the Complaint.  Suffolk compared this "actual sale price" to AWP minus 10%, the rate contained in New York's reimbursement formula, to obtain the alleged spread.

This method is not sufficient to plead allegations of fraud with particularity.  In light of the fact that there are approximately 60,000 prescription drugs in the United States, the use of the purported average difference between wholesale and retail, 1.27, to calculate the actual wholesale prices for each drug is inadequate.

**ORDER**

The motion to dismiss the remaining AWP claims against the "Suffolk 13" and Defendants Amgen, Inc., Chiron Corporation, Fujisawa Pharmaceutical Company, Ltd., Johnson & Johnson, Warrick Pharmaceuticals, and Wyeth for failure to comply with Rule 9(b) is **ALLOWED**.

                                         **S/PATTI B. SARIS**
                                         United States District Judge