IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 146<br><br>CIVIL ACTION: 01-CV-12257 PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS ) ) ) | Chief Magistrate Judge Marianne B. Bowler |

**CLASS PLAINTIFFS' OPPOSITION TO B. BRAUN MEDICAL, INC.'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

B. Braun Medical, Inc. ("BBM") seeks leave to file a Reply in support of its Motion to Dismiss the Second Amended Master Consolidated Class Action Complaint ("SAMCC") ("Motion to Dismiss") on the grounds that plaintiffs have asserted a "newly-conceived theory" in their Opposition. This Court should deny BBM's request for leave for two primary reasons. First, plaintiffs' Opposition to BBM's Motion to Dismiss raised no novel arguments, but simply answered BBM's claim that this Court lacks diversity jurisdiction over Counts III and IV of the SAMCC in a manner that should have been apparent to BBM when it filed its Motion to Dismiss. Second, granting BBM's motion for leave would be futile, because even if this Court were to grant BBM's Motion to Dismiss, BBM's "victory" would be a Pyrrhic one: plaintiffs would simply refile Counts III and IV against BBM and that case would be designated as a related case by the Judicial Panel on Multidistrict Litigation. While BBM has asked this Court to put an end to plaintiffs' so-called "baseless" allegations, it is BBM's waste of the resources of this Court and the parties that should be stopped. BBM's motion for leave should be denied.

Plaintiffs' Opposition to BBM's Motion to Dismiss raised no new legal theory. The Class Action Fairness Act ("CAFA") simply amended the statute providing for diversity jurisdiction, 28 U.S.C. § 1332, to apply to all class actions (or amendments thereto) filed on or after February 18, 2005. 28 U.S.C. § 1453(a). BBM's failure to address the applicability of the CAFA amendments in its opening motion – either due to its own failures or its desire to avoid raising the issue with the Court – is not grounds to give BBM the "last word" on its Motion to Dismiss.

Moreover, BBM should not be given yet another opportunity to continue its pattern of manipulating its corporate form for its own litigation advantage. BBM contends that the CAFA amendments to Section 1332 do not apply because this is a "long pending case." However, six months ago BBM was arguing, in the context of deciding plaintiffs' motion for leave to add BBM, that the entities were entirely separate. If BBA obtained its dismissal based on its attorneys' (who also represent BBM) representations that it was a separate entity, it cannot now, when it benefits BBM, claim that they are not separate.[1]

Further, BBM's claim that plaintiffs have not satisfied the $5,000,000 amount in controversy (see 28 U.S.C. § 1332(d)(6)) should not be considered because BBM's legal

---

[1] BBM also claims that the SAMCC claims against BBM is not a new case by relying on *Pritchett v. Office Depot, Inc.*, No. 05-0501, 2005 U.S. App. LEXIS 5896 (10th Cir. Apr. 11, 2005). However, in that case the Court held that the date of "commencement" for the purposes of CAFA should be the date of removal to federal court. The Court did not hold that the date of commencement should be the date of the filing of an amended complaint that, for the first time, named a new defendant. BBM's only other authorities were decided well before CAFA was enacted. In developing the amendments, however, Congress did not define the term "commence," and such cases interpreting other statutory language are inapposite.

arguments fail to satisfy its burden to show to a legal certainty that plaintiffs have not met this requirement. *See Stewart v. Tupperware Corp.*, 356 F.3d 335, 338 (1st Cir. 2004).[2]

Finally, BBM's motion for leave should be denied because, even if this Court considered BBM's reply and agreed with the arguments contained therein and granted BBM's motion to dismiss, plaintiffs would thereafter file a complaint against BBM that would be designated as a related case by the MDL Panel and the parties would be back where they are today. No further resources of the parties or this Court should be wasted on such a fruitless path. Discovery on Track 2 Defendants has begun and is scheduled to end on December 3, 2005. There should be no further delays caused by BBM's gamesmanship and this case should proceed as it has with the remaining Track 2 defendants.

WHEREFORE plaintiffs respectfully request that this Court deny BBM's motion for leave, and all other relief that this Court deems just and proper.

DATED: April 25, 2005

By: /s/ Jennifer F. Connolly
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
David Nalven (BBO#547220)
Hugh McNeely
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

---

[2] BBM argues for the first time that the plaintiff health plans are not entitled to recovery under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("CPL"). This argument should be rejected because it was first raised in BBM's reply. In addition, in *Valley Forge South Towers Condominium v. RON-IKE Foam Insulators, Inc.* 393 Pa. Super. 339, 574 A.2d 641 (Pa. Super. 1989), the court permitted a condominium association to seek recovery for poor building materials under the CPL. The court concluded that the association acted in a "representative capacity on behalf of the unit owners when contracting, and when bringing suit." *Id.* at 354. Likewise, plaintiff health plans in this case act in a representative capacity when purchasing drugs on behalf of their member consumers and are similarly entitled to bring suit pursuant to the CPL.

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL 60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

5

        Samuel D. Heins
        Alan I. Gilbert
        Susan E. MacMenamin
        Heins, Mills & Olson, P.L.C.
        3550 IDS Center
        80 South Eighth Street
        Minneapolis, MN 55402
        Telephone: (612) 338-4605
        Facsimile: (612) 338-4692

        **CO-LEAD COUNSEL FOR**
        **PLAINTIFFS**

**CERTIFICATE OF SERVICE**

      I hereby certify that I, Jennifer Fountain Connolly, an attorney, caused a true and correct copy of the foregoing, **CLASS PLAINTIFFS' OPPOSITION TO B. BRAUN MEDICAL, INC.'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF ITS TO DISMISS THE SECOND AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 25, 2005, a copy to Verilaw Technologies for Posting and notification to all parties.

By: _/s/ Jennifer F. Connolly_
Jennifer Fountain Connolly
**THE WEXLER FIRM** LLP
One North LaSalle St., Suite 2000
Chicago, IL 60602
(312) 346-2222
(312) 346-0022 (facsimile)