# EXHIBIT 4

JUL. 7. 2003  10:45AM   McCARTER & ENGLISH                          NO. 8468    P. 2

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444

OF COUNSEL:
DAVIS POLK & WARDWELL
D. Scott Wise
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
Attorneys for Defendant
AstraZeneca Pharmaceuticals L.P.
DC-3417       . . . . . . . . .

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL No. 68 WELFARE FUND, Plaintiff, v. AstraZeneca PLC; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Zeneca, Inc.; TAP Pharmaceutical Products, Inc.; Abbott Laboratories; Takeda Chemical Industries, Ltd.; Bayer AG; Bayer Corporation; Miles Laboratories, Inc.; Cutter Laboratories, Inc.; GlaxoSmithKline, P.L.C.; SmithKline Beecham Corporation; Glaxo Wellcome, Inc.; Pharmacia Corporation; Pharmacia & Upjohn, Inc.; Monsanto Company; G.D. Searle Company; Sanofi-Synthelabo Inc.; Johnson & Johnson; Alza Corporation; Centocor, Inc.; Ortho Biotech, Inc.; Alpha Therapeutic Corporation; Hoffman La-Roche Inc.; Amgen, Inc.; Immunex Corporation; Aventis Pharmaceuticals, Inc.; Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.; Centeon, L.L.C.; Armour Pharmaceuticals; Baxter International Inc.; Baxter Healthcare Corporation; Immuno-U.S., Inc.; Boehringer Ingelheim Corporation; Ben Venue Laboratories, Inc.; Bedford Laboratories; Roxane Laboratories, Inc.; Bristol-Myers Squibb Company; Oncology Therapeutics Network Corporation; Apothecon, Inc.; Dey, Inc.; Fujisawa Pharmaceutical Co., Ltd.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; Novartis International AG; Novartis Pharmaceutical Corporation; Sandoz Pharmaceutical Corporation; Schering-Plough Corporation | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | Civil Action No. NOTICE OF REMOVAL |

Warrick Pharmaceuticals Corporation; Sicor, Inc.; Gensia      :
Sicor Pharmaceuticals, Inc.; Wyeth; Wyeth Pharmaceuticals;    :
Saad Antoun, M.D.; Stanley C. Hopkins, M.D.; Robert A.        :
Berkman, M.D.; Does 1-50; ABC Corporations 1-50; and         :
XYZ Partnerships; and Associations 1-50,                      :
                                                              :
              Defendants

RECEIVED
WILLIAM T. ...... SH. CLERK

2003 JUL -3  ☐ 5: 30

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW JERSEY

       The Notice of defendant AstraZeneca Pharmaceuticals L.P. respectfully shows:

       1.     On or about June 30, 2003, plaintiff International Union of Operating Engineers,

Local No. 68 Welfare Fund filed a class action captioned *International Union of Operating*

*Engineers , Local No. 68 Welfare Fund v. AstraZeneca PLC et. al*, in the Superior Court of New

Jersey, Equity Division, Monmouth County, bearing Docket No. MON-C-193-03 (the

"Complaint"). National counsel for AstraZeneca Pharmaceuticals L.P. ("AstraZeneca") received

a copy of the Complaint on July 1, 2003.

       2.     Pursuant to 28 U.S.C. § 1446(a), and submitted with this Notice of Removal is a

true and correct copy of all pleadings, process and orders received by AstraZeneca in the state

court action. See Copies of Pleadings, etc., Tabs 1 and 2.

       3.     Pursuant to 28 U.S.C. § 1446(d), AstraZeneca has filed a copy of this Notice of

Removal with the Clerk of the Superior Court of New Jersey in the County of Monmouth.

AstraZeneca is also serving plaintiff with a copy of this Notice of Removal.

                          **The AWP MDLs In Boston**

       4.     This case is virtually identical to dozens of cases that have been transferred and

consolidated from district courts throughout the country to two Multidistrict Litigation ("MDL")

proceedings, *In re Pharmaceutical Average Wholesale Price Litigation*, MDL 1456, which is

currently pending before Judge Patti Saris in the United States District Court for the District of

Massachusetts, and *In re Lupron Marketing and Sales Practices Litigation*, MDL 1430, which is

currently pending before Judge Richard Stearns in the United States District Court for the

District of Massachusetts.

5.    Like this case, many of these near-identical cases were originally filed in state

courts and then removed on the same or similar grounds as this case. With respect to defendant

AstraZeneca, state court actions with virtually identical factual allegations have been removed to

other district courts nationwide. Virtually all of those cases, the district courts stayed the cases

pending transfer by the Judicial Panel on Multidistrict Litigation to the MDL proceedings in

Boston.[1]

## The Allegations of the Class Action Complaint

6.    The Complaint alleges claims against virtually the entire pharmaceutical industry

based on the use of "Average Wholesale Price" ("AWP"). It points out although federal

administered government assistance programs (i.e., the federal Medicare program) do not

generally cover prescription drug costs, they "typically do cover the cost of drugs administered

by or under the supervision of a medical physician," see Complaint ("Cplt.") ¶ 2, including

cancer, inhalant, and miscellaneous other drugs, see id. ¶¶ 2-13. "AWP is used by government

and private assistance programs [as the basis, in whole or in part,] for reimbursement" of the cost

of such drugs. Id. ¶ 108; see also id. ¶ 109; 42 C.F.R. § 402.517 (providing that health care

providers are reimbursed for Medicare Part B drugs based on the lower of the actual charge on

the claim for benefits or 95 percent of the Average Wholesale Price). According to the Class

Action Complaint, pharmaceutical manufacturers report AWPs for their drugs to private, third-

---

[1] Specifically, the courts issued stays in the following seven AWP actions: (i) *Geller v. Abbott Labs., Inc. et al.*, Case No. CV 02-00553 DDP (C.D. Cal. Mar. 22, 2002) (Pregerson J.) ("The Court finds that all factors, including the jurisdictional issues presented and the potentially expansive nature of this litigation, favor granting the stay"); (ii) *Montana v. Abbott Labs., Inc. et al.*, Case No. CV 02-09-H-DWM (D. Mont. June 21, 2002) (Molloy J.) ("In this case, the benefit of judicial economy and consistency among pretrial rulings outweighs any prejudice plaintiff may suffer as a result of a stay."); (iii) *Nevada v. American Home Prods., Inc.*, No. CV-N-02-202-ECR (D. Nev. Jul. 26, 2002) (Reed J.); (iv) *Thompson v. Abbott Labs. Inc. et al.*, Case No. CGC-02-411813 (N.D. Cal. Sept. 30, 2002) (Wilken J.); (v) *Rice v. Abbott Labs., Inc. et al.*, Case No. C 02-3925 (N.D. Cal. Nov. 26, 2002) (Jenkins J.); (vi) *Virag v. Allergan, Inc. et al.*, Case No. 02-8417 RSWL (C.D. Cal. Jan. 7, 2003) (Lew J.); (vii) *Turner v. Abbott Labs; et. al.*, Case No. 02-CV-050006 (Jenkins, J.) (order granting stipulation by parties regarding stay of all proceedings).

party pharmaceutical industry publications, such as the *Red Book*, Cplt. ¶ 110, and government and private assistance programs "have announced publicly that they would use the AWP published in pharmaceutical industry publications as a basis for reimbursement, in whole or in part." Cplt. ¶ 109.

7.    Plaintiff further alleges that defendants "engaged in a fraudulent scheme and conspiracy to deliberately inflate the AWPs for cancer, inhalant and miscellaneous other drugs and other prescription drugs," Cplt. ¶ 108, thereby causing plaintiff and other members of the putative class to "pa[y] more for these drugs than [they] otherwise should have." Cplt. ¶ 113; *see also* Cplt. ¶ 14, 16.

8.    Plaintiff has brought this suit as a class action on behalf of "[a]ll persons and entities in New Jersey and throughout the county who, during the period beginning at least 1991 through the present, paid any portion of the cost of cancer, inhalant and miscellaneous other drugs manufactured, marketed, distributed and sold by Defendants, which cost was based, in whole or in part, upon the published AWPs for such drugs." Cplt. ¶ 99. Thus, Plaintiff's putative class includes Medicare beneficiaries, as well as entities who have paid the co-payments for Medicare Part B drugs on behalf of such beneficiaries. Plaintiff's putative class also includes thousands, if not millions, of ERISA participants, beneficiaries, and plans.

9.    Plaintiff asserts claims for unjust enrichment, fraud, civil conspiracy, concert of action, and violations of the New Jersey Consumer Fraud Act. *See* Cplt. ¶¶ 284-321. Plaintiff seeks recovery of damages, restitution, injunctive relief, treble damages, and punitive damages. *See* Cplt. ¶ 17; Prayer for Relief.

### Removal Based on Federal Question Jurisdiction

10.    This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331, because it arises under the laws of the United States. Specifically, federal question jurisdiction

exists in this action because plaintiff's state law claims are completely preempted by ERISA and because plaintiff's state law claims require the resolution of substantial federal questions.

### ERISA Preemption

11.     A state law claim that is completely preempted by ERISA may be removed to federal court because such a claim "arises under the laws of the United States" and is within the "original jurisdiction" of the district courts. Because plaintiff's claims "relate to" an ERISA-qualified employee benefit plan, *see* 29 U.S.C. § 1144(a), and because they fall within ERISA's civil enforcement provision, *see* 29 U.S.C. § 1132(a)(3), ERISA completely preempts plaintiff's state law claims.

12.     The named plaintiff in this case is itself an ERISA-qualified employee pension plan. Plaintiff's claims necessarily "relate to" ERISA-qualified employee benefit plans because they bear upon numerous ERISA-regulated relationships, including those among and between the ERISA plan and the ERISA plan participants, beneficiaries, and fiduciaries. Plaintiff also acknowledges that the purported class includes "Private Assistance Patients" "who subscribe to and rely on private health insurance carriers and programs for the partial payment of their medical care and treatment." Cplt. ¶ 1. Many of these "private assistance programs" are insurance plans that are operated under the terms of ERISA-qualified employee benefit plans. The purported class also includes "entities" "who overpaid as a result of Defendants' fraudulent scheme." *See id.* These "entities" include other ERISA plans as well as self-insured employers who maintain ERISA plans with prescription drug benefit programs for their employees. Furthermore, many of these self-insured employers may serve as ERISA fiduciaries for their plans or be ERISA plans themselves.

13.     Plaintiff's claims also "relate to" ERISA plans because the claim will require analysis of thousands of ERISA plans. ERISA plans often define the terms and conditions under which the plan or its fiduciary (or a third party administrator) will cover and pay out benefits for prescription drugs for plan beneficiaries and participants. Plaintiff's claims on behalf of ERISA-

covered patients and employers will involve the interpretation and analysis of the terms in thousands of ERISA plans.

14.     The ERISA civil enforcement provision provides that a "civil action" may be brought by a "participant, beneficiary or fiduciary" to enjoin or redress "any act or practice which violates any provision of [ERISA] or the terms of the [ERISA-qualified employee benefits] plan." 29 U.S.C. § 1132(a)(3). Plaintiff's class action necessarily seeks to redress, on behalf of ERISA participants, beneficiaries, and fiduciaries, an alleged "act or practice" that may violate "the terms" of an ERISA-qualified employee benefit plan. 29 U.S.C. § 1132(a)(3). Accordingly, plaintiff's state law claims are encompassed by ERISA's civil enforcement provisions, subject to defenses that may be asserted in a motion to dismiss under Rule 12, or otherwise.

15.     This Court has supplemental jurisdiction over any state law claims that may not be completely preempted by ERISA. See 28 U.S.C. § 1367(a) ("[T]he district courts shall also have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .").

### Substantial Federal Question

16.     This Court has original jurisdiction over this federal action under 28 U.S.C. § 1331, because it arises under the laws of the United States. Specifically, federal jurisdiction exists in this action because the state law claims brought by plaintiff on behalf of "government assistance patients," who include Medicare beneficiaries in the State of New Jersey, raise substantial federal questions in that they require the resolution of issues relating to the federal Medicare program. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9, 28 (1983) (holding that federal question jurisdiction exists whenever "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law").

17.     The state law fraud and consumer protection claims asserted by plaintiff on behalf of "government assistance patients," who include Medicare beneficiaries, necessarily depend on

6

an interpretation of the federal statute and regulations governing Medicare Part B

reimbursement, which explicitly derive reimbursement (and a beneficiary's 20% co-payment) to

a drug's AWP. Plaintiff cannot recover on its state law fraud claims brought on behalf of

Medicare beneficiaries who made a co-payment for any Medicare Part B covered drug unless it

proves its fundamental assertion that the reported AstraZeneca AWP was artificially inflated as

the term AWP has been interpreted under the federal Medicare reimbursement statute and

regulations.

18.     This court has supplemental jurisdiction over all of plaintiffs' AWP claims on

behalf of non-Medicare beneficiaries or entities pursuant to 28 U.S.C. § 1367.

### Consent to Removal

19.     Consent to removal is required only for served defendants. AstraZeneca has

conducted a reasonably diligent inquiry, and based on this investigation, is informed and believes

that, as of the date of this Notice, none of the other named defendants has been serve with the

Class Action Complaint. Counsel for AstraZeneca is further informed and believes, based on

this investigation, that all defendants will consent to this removal and will join herein following

the service of process.

7

WHEREFORE, defendant AstraZeneca respectfully requests that this case proceed in this

Court as an action properly removed thereto.

Dated:  July 3, 2003

> McCARTER & ENGLISH, LLP
> Attorneys for Defendant AstraZeneca
> Pharmaceuticals L.P.
>
> By:
> DAVID J. COONER
> A Member of the Firm
>
> OF COUNSEL
> DAVIS POLK & WARDWELL
> D. Scott Wise

NWK2: 1065250.01

McCARTER & ENGLISH, LLP
Four Gateway Center,
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444

OF COUNSEL:
DAVIS POLK & WARDWELL
D. Scott Wise
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

Attorneys for Defendant
AstraZeneca Pharmaceuticals L.P.

DC-3417

RECEIVED
WILLIAM T. WALSH CLERK

2003 JUL -3  P 3 31

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND,<br><br>   Plaintiff,<br><br>   v.<br><br>AstraZeneca PLC; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Zeneca, Inc.; TAP Pharmaceutical Products, Inc.; Abbott Laboratories; Takeda Chemical Industries, Ltd.; Bayer AG; Bayer Corporation; Miles Laboratories, Inc.; Cutter Laboratories, Inc.; GlaxoSmithKline, P.L.C.; SmithKline Beecham Corporation; Glaxo Wellcome, Inc.; Pharmacia Corporation; Pharmacia & Upjohn, Inc.; Monsanto Company; G.D. Searle Company; Sanofi-Synthelabo Inc.; Johnson & Johnson; Alza Corporation; Centocor, Inc.; Ortho Biotech, Inc.; Alpha Therapeutic Corporation; Hoffman La-Roche Inc.; Amgen, Inc.; Immunex Corporation; Aventis Pharmaceuticals, Inc.; Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.; Centeon, L.L.C.; Armour Pharmaceuticals; Baxter International Inc.; Baxter Healthcare Corporation; *Immuno-* | Civil Action No.<br><br><br>**COPIES OF ALL PROCESS, PLEADINGS AND ORDERS IN STATE COURT** |

JUL. 7. 2003  10:47AM   McCARTER & ENGLISH                    NO. 8468   P. 11

U.S., Inc.; Boehringer Ingelheim Corporation; Ben Venue        :
Laboratories, Inc.; Bedford Laboratories; Roxane              :
Laboratories, Inc.; Bristol-Myers Squibb Company;            :
Oncology therapeutics Network Corporation; Apothecon,        :
Inc.; Dey, Inc.; Fujisawa Pharmaceutical Co., Ltd.; Fujisawa :
Healthcare, Inc.; Fujisawa USA, Inc.; Novartis International :
AG; Novartis Pharmaceutical Corporation; Sandoz             :
Pharmaceutical Corporation; Schering-Plough Corporation      :
Warrick Pharmaceuticals Corporation; Sicor, Inc.; Gensia    :
Sicor Pharmaceuticals, Inc.; Wyeth; Wyeth Pharmaceuticals;   :
Saad Antoun, M.D.; Stanley C. Hopkins, M.D.; Robert A.       :
Berkman, M.D.; Does 1-50; ABC Corporations 1-50; and        :
XYZ Partnerships; and Associations 1-50,                     :
                                                             :
        Defendants

Attached hereto and made a part thereof are the following: (1) a copy of the

Summons and Complaint received by defendant AstraZeneca Pharmaceuticals L.P. (Exhibit A),

and (2) all pleadings in connection with plaintiffs order to show cause for preliminary injunction

against AstraZeneca Pharmaceuticals L.P. and Dr. Saad Antoun (Exhibit B), which were filed in

the Superior Court of the State of New Jersey, Monmouth County, on June 30, 2003. This

defendant is aware of no other process, pleadings or orders filed in this matter.

                                    McCARTER & ENGLISH, LLP
                                    Attorneys for Defendant
                                    AstraZeneca Pharmaceuticals L.P.

July 3, 2003                        By: _____
                                        DAVID J. COONER
                                        A Member of the Firm

TO:   Clerk
      Superior Court of New Jersey
      71 Monument Park
      P.O. Box 1262
      Court House, East Wing
      Freehold, NJ 07728-01262

                                    2

Shanin Specter, Esq.
Kline & Specter
1800 Chapel Avenue, Suite 302
Cherry Hill, NJ 08002

John E. Keefe, Esq.
Lynch Martin
830 Broad Street
Shrewsbury, NJ 07702

Raymond A. Gill, Jr., Esq.
Gill & Chamas
655 Florida Grove Road
P.O. Box 760
Woodbridge, NJ 07095

RECEIVED
WILLIAM T. WALSH, CLERK

2003 JUL -3  P 5: 33

UNITED STATES COURT
DISTRICT

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendant
AstraZeneca Pharmaceuticals, L.P.

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINGEERS, LOCAL NO. 68 WELFARE FUND, | Civil Action No. |
| Plaintiffs, | **AFFIDAVIT OF SERVICE** |
| v. | |
| AstraZeneca PLC; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Zeneca, Inc.; TAP Pharmaceutical Products, Inc.; Abbot Laboratories; Takeda Chemical Industries, Ltd; Bayer AG; Bayer Corporation; Miles Laboratories, Inc.; Cutter Laboratories, Inc.; GlaxoSmithKline, P.L.C.; SmithKline Beecham Corporation; Glaxo Wellcome, Inc; Pharmacia Corporation; Pharmacia & Upjohn, Inc.; Monsanto Company, G.D., Searle Company; Sanofi-Synthelabo Inc.; Johnson & Johnson; Alza Corporation; Centocor, Inc.; Ortho Biotech, Inc; Alpha Therapeutic Corporation; Hoffman La-Roche Inc.; Amgen, Inc.; Immunex Corporation; Aventis Pharmaceuticals, Inc.; Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.; Centeon, L.L.C. Armour Pharmaceuticals; Baxter International Inc.; Baxter Healthcare Corporation; Immuno-U.S., Inc.; Boehringer Ingelheim Corporation; Ben Venue Laboratories, Inc.; Bedford Laboratories; Roxane Laboratories, Inc.; Bristol-Myers Squibb Company; Oncology Therapeutics Network Corporation; Apothecon, Inc.; Dey, Inc.; Fujisawa Pharmaceutical Co., Ltd; Fujisawa Healthcare, Inc.; Fujisawa USA, | |

Inc.; Novartis International AG; Novartis
Phamraceutical Corporation; Sandoz
Pharmaceutical Corporation; Schering-Plough
Corporation; Warrick Pharmaceuticals
Corporation; Sicor, Inc.; Gensia Sicor
Pharmaceuticals, Inc; Wyeth Pharmaceuticals;
Saad Antoun, M.D.; Stanley C. Hopkins,
M.D.; Robert A. Berkman, M.D.; Does 1-50;
ABC Corporations 1-50; and XYZ
Partnerships; and Associations 1-50,

Defendant.

STATE OF NEW JERSEY )
                    )   S.S:
COUNTY OF ESSEX     )

DIANA ATKINSON, of full age, being duly sworn according to law, upon her

oath deposes and says:

1. I am a legal secretary employed by the law firm of McCarter & English, LLP,

counsel for defendant AstraZeneca Pharmaceuticals, L.P. in this action.

2. On this day, I caused to have filed, by hand delivery, with the Clerk, United

States District Court, District of New Jersey, Martin Luther King, Jr. Federal Building & U.S.

Courthouse, 50 Walnut Street, Newark, New Jersey, the original and three (3) copies of a Notice

of Removal, Copies of All Process, Pleadings and Orders in State Court, and a Civil Cover

Sheet, and a copy of a Notice of Filing of Removal, on behalf of defendant defendant

AstraZeneca Pharmaceuticals, L.P.

3. On this day, I caused to have filed, by overnight mail, copies of all of the

aforementioned Notice of Filing of Removal, to which was attached a copy of the Notice of

Removal, at the Clerk's Office, New Jersey Superior Court, Monmouth County Courthouse, One

East Main Street, Freehold, New Jersey 07728.

2

4.   On this day, I caused to have served, by overnight mail, copies of all of the

aforementioned documents to counsel as follows:

| | |
|---|---|
| D. Scott Wise, Esq.<br>Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, NY 10017<br>Phone: (212) 450-4000<br>Fax (212) 450-5158 | John E. Keefe, Jr.<br>Lynch, Martin, Kane, Kuper,<br>Keefe &<br> Bartels, LLC<br>830 Broad Street<br>Shrewsbury, New Jersey 07702<br>Phone: (732) 224-9400<br>Fax: (732) 224-9494 |
| Raymond A. Gill, Jr., Esq.<br>Gill &Chamas<br>655 Florida Grove Road<br>Woodbridge, New Jersey 07095<br>Phone: (732) 324-7600<br>Fax: (732) 324-7606 | Donald E. Haviland, Jr., Esq.<br>Kline & Specter<br>1525 Locust Street, 19th Floor<br>Philadelphia, Pennsylvania 19102<br>Phone: (215) 772-1000<br>Fax: (215) 772-1359 |

Honorable Clarkson S. Fisher,
Jr., P.J. Ch.
Superior Court Of New Jersey
Monmouth County
Hall of Records
One East Main Street
Freehold, NJ 07728
Phone:(732) 431-7135
Fax: (732) 845-2029

5.    One this day, I further caused to be served, by regular mail, copies of the

aforementioned documents to counsel on the attached list.

DIANA ATKINSON

Sworn and subscribed to before me
this 3rd day of July, 2003.

Notary Public
DAVID J CURECK
ATTORNEY AT LAW
STATE OF NEW JERSEY

NWK2. 1065072.01

3

Michael T. Scott, Esq.
Reed Smith LLP
2500 Liberty Place
1650 Market Street
Philadelphia, Pennsylvania
19103-7301
National counsel for defendant,
Fujisawa USA, Inc., Fujisawa
Healthcare, Inc., Fujisawa
Pharmaceutical Co., Ltd.

John M. Spinnato, Vice President
& General Counsel
SANOFI-SYNTHELABO, INC.
90 Park Avenue
New York, New York 10016
National counsel for defendant,
SANOFI-SYNTHELABO, Inc.

Kirke M. Hasson, Esq.
Albert G. Lin, Esq.
Pillsbury Winthrop, LLP
50 Fremont Street
San Francisco, California 94105
National counsel for defendants,
Gensia Sicor Pharmaceuticals,
Inc., Sicor Inc.

David J. Cerveny, Esq.
Hale & Dorr, LLP
60 State Street
Boston, Massachusetts 02109
National counsel for defendants,
Novartis International AG,
Novartis Pharmaceutical Corp.,
Sandoz Pharmaceutical Corp.

Colleen M. Hennessey, Esq.
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, Massachusetts 02210
National Counsel for defendant,
Hoffman La-Roche, Inc.

Nancy L. Newman, Esq.
Knapp, Peterson And Clarke
500 North Brand Boulevard
Glendale, California 91203
National counsel for defendant,
Alpha Therapeutic Corp.

Paul Scheifman, Esq.
Shook, Hardy & Bacon, LLP
One Kansas City Place
1200 Main Street
Kansas City, Missouri 64105 – 2118
National counsel for defendant,
Hoechst Marion Roussel, Inc.

Robert R. Stauffer, Esq.
Jenner & Block
One IBM Plaza, 45th Floor
330 N. Wabash Avenue
Chicago, Illinois 60611
National counsel for defendant,
Takeda Chemical Industries, Ltd.

Brian T. O'Connor, Esq.
John T. Montgomery, Esq.
Kirsten V. Mayer, Esq.
David C. Potter, Esq.
Ropes & Gray
One International Place
Boston, Massachusetts 02110
National counsel for defendants,
Schering-Plough Corporation,
Warrick Pharmaceuticals
Corporation

David J. Burman, Esq.
Kathleen M. O'Sullivan, Esq.
Zoe Philippides, Esq.
Perkins Coie, LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
National counsel for defendant,
Immunex Corporation

Michael Mustokoff, Esq.
Duane Morris LLP
One Liberty Place, Suite 4200
Philadelphia, Pennsylvania
19103-7396
**National counsel for defendant,
Saad Antoun, M.D.**

Thomas P. McGonigle, Esq.
Duane Morris LLP
1100 North Market Street
Suite 1200
Wilmington, Delaware 19801-1246
**National counsel for defendant,
Sadd Antoun, M.D.**

Jack Fernandez, Esq.
Zuckerman, Spaeder, LLP
101 E. Kennedy Blvd.
Suite 1200
Tampa, Florida 33602
**National counsel for defendant,
Stanley C. Hopkins, M.D.**

John C. Dodds, Esq.
Morgan, Lewis & Bochius, LLP
1701 Market Street
Philadelphia, Pennsylvania
19103-2921
**National counsel for defendant,
G.D. Searle, Monsato Company,
Pharmacia Corporation,
Pharmacia & Upjohn, Inc.**

Terry K. Sherman, Esq.
52 West Whittier Street
Columbus, Ohio 43206
**National counsel for defendant,
Robert A. Berkman, M.D.**

Scott A. Stempel, Esq.
Morgan, Lewis & Bochius, LLP
1111 Pennsylvania Avenue
Washington, DC 20004-2921
**National counsel for defendants,
G.D. Searle, Monsanto Company,
Pharmacia Corporation,
Pharmacia & Upjohn, Inc.**

S. Craig Holden, Esq.
Connie E. Eiseman, Esq.
Ober, Kaler Grimes & Shriver
120 E. Baltimore Street
Baltimore, Maryland 21202
**National counsel for defendants,
Wyeth, Wyeth Pharmaceuticals**

Daniel E. Reidy, Esq.
Jones Day Reavis & Pogue
77 West Wacker
Chicago, Illinois 60601-1692
**National counsel for defendant,
TAP Pharmaceutical Products
Inc.**

Stephen M. Hudspeth, Esq.
Darrell Prescott, Esq.
Lisa Lewis, Esq.
Leila Pittaway, Esq.
Coudert Brothers LLP
The Grace Building
1114 Avenue of the Americas
New York, New York 10036-7703
**National counsel for defendant,
Dey, Inc.**

2

Paul J. Coval, Esq.
Douglas L. Rogers, Esq.
Vorys, Sater, Vorys, Sater,
Seymour and Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1003
**National counsel for defendants,
Bedford Laboratories, Ben Venue
Laboratories, Inc., Boehringer
Ingelheim Corporation, Roxane
Laboratories**

Dennis M. Duggan, Jr. Esq.
Nixon Peabody, LLP
101 Federal Street
Boston, Massachusetts 02210
**National counsel for defendant,
Alpha Therapeutic Corp.**

Richard D. Raskin, Esq.
David C. Giardina, Esq.
Sidley Austin Brown & Wood, LLP
Bank One Plaza
10 S. Dearborn Street, 48th Floor
Chicago, Illinois 60603
**National counsel for defendants,
Bayer AG, Bayer Corporation**

Merle M. DeLancey, Jr., Esq.
Robert J. Higgins, Esq.
J. Andrew Jackson, Esq.
Dickstein, Shapiro Morin &
Oshinsky, LLP
2101 L. St. NW
Washington, DC 20037
**National counsel for defendants,
Baxter Healthcare Corporation,
Baxter International Inc.**

Kathleen M. McGuan, Esq.
Andrew L. Hurst, Esq.
Reed Smith, LLP
1301 K Street NW
Suite 1100- East Tower
Washington, DC 20005
**National counsel for defendant,
Fujisawa USA, Inc., Fujisawa
Healthcare, Inc., Fujisawa
Pharmaceutical Co., Ltd.**

Steven M. Edwards, Esq.
Lyndon M. Tretter, Esq.
Hogan & Hartson L.L.P.
875 Third Avenue
New York, New York 10022
**National counsel for defendants,
Amgen, Inc., Apothecon, Inc.,
Bristol-Myers Squibb Company,
Aventis Behring L.L.C., Aventis
Pharmaceuticals, Inc., Oncology
Therapeutics Network
Corporation**

Joseph H. Young, Esq.
Steven F. Barley, Esq.
Hogan & Hartson, LLP
111 S. Calvert St., Suite 1600
Baltimore, Maryland 21202
**National counsel for defendants,
Amgen, Inc., Apothecon, Inc.,
Bristol-Myers Squibb Company,
Aventis Behring L.L.C., Aventis
Pharmaceuticals, Inc., Oncology
Therapeutics Network
Corporation**

Andrew D. Schau, Esq.
Patterson, Belknap, Webb &
Tyler, LLP
1133 Avenue of the Americas
New York, New York 10036-6710
**National counsel for defendants,
Johnson & Johnson, Centocor,
Inc., Ortho Biotech**

3

Joshua T. Buchman, Esq.
McDermott, Will & Emery
227 West Monroe Street
Chicago, Illinois 60606-5096
**National counsel for defendant,
Abbott Laboratories**

4

07/08/03   18:30 FAX 212 450 5550        DPW 13-10                                    ☑019

_JUL. 7. 2003  10:49AM   McCARTER & ENGLISH                      NO. 8468   P. 20

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
International Union of Operating Engineers, Local No. 68 Welfare Fund

**DEFENDANTS**
AstraZeneca Pharmaceuticals, L.P., et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

(EXCEPT IN U.S. PLAINTIFF CASES)

(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
See Attached

ATTORNEYS (IF KNOWN)
David J. Cooner, Esq.
McCarter & English, LLP
100 Mulberry Street
Newark, NJ 07102  (973) 622-4444

D. Scott Wise, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017  (212) 450-4000

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff
☑ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | **Personal property** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

ERISA, 29 U.S.C. § 1144(a) and 1132(a) Plaintiff's claims relate to an ERISA-qualified employee benefit plan

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION ☑ UNDER F.R.C.P. 23
DEMAND $ none specified
CHECK YES only if demanded in complaint
JURY DEMAND ☑ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
In Re Pharmaceutical Industry Average Wholesale Price Litigation
JUDGE Hon. Patti Saris, U.S.D.J.
DOCKET NUMBER MDL 1456 (D. Mass) Civ. A. No. 01-12257-PBS

DATE 7/3/03
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca Pharmaceuticals, L.P.

Attachment to Civil Cover Sheet

I.(c) Plaintiff's Attorneys

      Shanin Specter, Esq.
      Kline & Specter
      1800 Chapel Avenue, Suite 302
      Cherry Hill, NJ 08002
      (856) 424-9162

      John E. Keefe, Esq.
      Lynch Martin
      830 Broad Street
      Shrewsbury, NJ 07702
      (732) 224-9400

      Raymond A. Gill, Jr., Esq.
      Gill & Chamas
      655 Florida Grove Road
      P.O. Box 760
      Woodbridge, NJ 07095
      (732) 324-7600

07/08/03   18:31 FAX 212 450 5550 _____ DPW 13-10                    ☑021

_ JUL. 7. 2003  10:49AM   McCARTER & ENGLISH        NO. 8468   P. 22

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other pages as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.   Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under the authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.     Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suits. If the cause fits more than one nature of suit, select the most definitive.

VI. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

## Date and Attorney Signature. Date and sign the civil cover sheet.