# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, Local No. 68 Welfare Fund, <br><br> Plaintiff, <br><br> v. <br><br> AstraZeneca PLC; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Zeneca, Inc.; TAP Pharmaceutical Products, Inc.; Abbott Laboratories; Takeda Chemical Industries, Ltd.; Bayer AG; Bayer Corporation; Miles Laboratories, Inc.; Cutter Laboratories, Inc.; GlaxoSmithKline, P.L.C.; SmithKline Beecham Corporation; Glaxo Wellcome, Inc.; Pharmacia Corporation; Pharmacia & Upjohn, Inc.; Monsanto Company; G.D. Searle Company; Sanofi-Synthelabo Inc.; Johnson & Johnson; Alza Corporation; Centocor, Inc.; Ortho Biotech, Inc.; Alpha Therapeutic Corporation; Hoffman La-Roche Inc.; Amgen, Inc.; Immunex Corporation; Aventis Pharmaceuticals, Inc.; Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.; Centeon, L.L.C.; Armour Pharmaceuticals; Baxter International Inc.; Baxter Healthcare Corporation; *Immuno*-U.S., Inc.; Boehringer Ingelheim Corporation; Ben Venue Laboratories, Inc.; Bedford Laboratories; Roxane Laboratories, Inc.; Bristol-Myers Squibb Company; Oncology therapeutics Network Corporation; Apothecon, Inc.; Dey, Inc.; Fujisawa Pharmaceutical Co., Ltd.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; Novartis International AG; Novartis Pharmaceutical Corporation; Sandoz Pharmaceutical Corporation; Schering-Plough Corporation Warrick Pharmaceuticals | Civil Action No. 03-3230 (SRC) <br><br><br> **NOTICE OF SUBPOENA AD TESTIFICANDUM AND DUCES TECUM** |

Corporation; Sicor, Inc.; Gensia Sicor
Pharmaceuticals, Inc.; Wyeth; Wyeth
Pharmaceuticals; Saad Antoun, M.D.; Stanley
C. Hopkins, M.D.; Robert A. Berkman, M.D.;
Does 1-50; ABC Corporations 1-50; and XYZ
Partnerships; and Associations 1-50,

    Defendants.

## NOTICE OF SUBPOENA AD TESTIFICANDUM
## AND DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant AstraZeneca Pharmaceuticals L.P. will serve a subpoena in the above-captioned action, a copy of which is attached hereto, requiring non-party witness, Michael M. Mustokoff, Esq. (i) to appear to testify at a deposition on the 18th day of July, 2003, at 2:00 p.m. at the offices of Morgan Lewis & Bockius, 1701 Market Street, Philadelphia, PA 19103-2921, or at such other location, date, and time as may be agreed upon by counsel, and (ii) to produce documents responsive to the attached schedule of documents.

The deposition shall be taken before a notary public or other officer authorized by law to administer oaths, shall continue from day to day until completed and shall be recorded by stenographic means.

Dated: Newark, New Jersey
       July 14, 2003

                Respectfully submitted,

                McCARTER & ENGLISH, LLP

                By: *David J. Cooner* (signature)

                    David J. Cooner
                    Four Gateway Center
                    100 Mulberry Street
                    P.O. Box 652
                    Newark, NJ 07101-0652

                    - and -

                DAVIS POLK & WARDWELL

                    D. Scott Wise
                    450 Lexington Avenue
                    New York, New York  10017

                    Attorneys for AstraZeneca
                    Pharmaceuticals, L.P.

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF ———— Eastern District of Pennsylvania

International Union of Operating Engineers
Plaintiffs

**SUBPOENA IN A CIVIL CASE**

v.

AstraZeneca Pharmaceuticals, L.P., et al.
Defendants

Case Number:
CA No. 03-3230 (SRC) [DNJ]

TO: Michael M. Mustokoff, Esq.
Duane Morris LLP
One Liberty Place, Suite 4200
Philadelphia, PA 19103

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Morgan, Lewis & Bockius, LLP<br>1701 Market Street<br>Philadelphia, PA 19103 | July 18, 2003 at 2:00 P.M. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object At the place, date, and time specified below (list documents or objects):
**Please see the attached.**

| PLACE<br>Same as above | DATE AND TIME |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6)/

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>David J. Cooner, Esq., Attorneys for Defendant(s)   *David J. Cooner* | DATE AND TIME<br>July 14, 2003 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07101
(973) 622 - 4444

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in Person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the part in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

(Schedule of Documents to be Produced)

### DEFINITIONS

1. "You" means Michael M. Mustokoff, Esq. and other lawyers or employees of the firm of Duane Morris.

2. "Plaintiff's Counsel" means the counsel of record for the plaintiff in the IUOE Action and other lawyers at the counsel of record's law firms who are familiar with the IUOE Action.

3. The "IUOE Action" means International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca Pharmaceuticals, L.P. et al., C.A. No. 03-3230 (SRC) (D.N.J.). This action was originally filed in New Jersey Superior Court (Monmouth County) and was removed on July 3, 2003 to United States District Court for the District of New Jersey.

4. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, telephone records, message slips or their electronic equivalent, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

5. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

7. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

## INSTRUCTIONS

1. The documents to be produced will be inspected and may be copied at the time specified in the subpoena. You will not be required to surrender original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production, or in the alternative you may deliver the copies to the attorney whose name appears on this subpoena.

2. You are subpoenaed by the attorney whose name appears on this subpoena and unless excused from your duties under the subpoena by the attorney or the Court, you shall respond to this subpoena as directed under penalty of contempt of court.

3. Unless otherwise indicated, this request calls for production of all documents responsive to the request that are in your possession, custody or control. A document is in your possession, custody or control if you have actual possession or custody of the document

or the right to obtain the document or a copy thereof from any other person that has actual physical possession thereof.

4. Documents should be produced in the manner in which they are maintained in the ordinary course of business. All documents that are physically attached to each other, whether stapled, clipped or otherwise fastened, shall be produced in that manner. Documents that are segregated from other documents, whether by inclusion in binders, files, sub-files or by the use of dividers, tabs or any other method, shall be produced in that form with the corresponding file name or label attached.

5. If any portion of a document is responsive to a request, the entire document should be produced.

6. If any document is withheld from production based upon an assertion of privilege then, at the time of production, supply a log that provides with specificity for each document so withheld: (1) the type of document; (2) the author(s), addressee(s) and all recipients of the document; (3) the general subject matter of the document; (4) the date of the document; (5) the privilege that you claim applies; (6) such other information as is sufficient to identify the document for a subpoena duces tecum or to enable the Court to make an in camera determination of any privilege.

7. If a portion of an otherwise responsive document contains information that you claim is subject to a claim of privilege, then such portions shall be redacted from the document, with such redacted material to be described in the same manner as set forth in the preceding instruction, and the rest of the document shall be produced.

8. Unless otherwise expressly stated, each request calls for all documents described, regardless of the time or date prepared, authored, generated, revised, sent, received or used, for any date beginning on January 1, 2002 to the present.

9. These requests are continuing in nature and shall require further and supplemental production if you or your agents receive, discover or create, at any time up to the date of final judgment in the above-referenced action, additional documents that fall within the scope of one or more of the requests herein.

## DOCUMENTS REQUESTED

1. All documents concerning any communications between you and Plaintiff's Counsel, relating in any way, in whole or in part, to the IUOE Action or Dr. Saad Antoun. including notes of conversations with Plaintiff's Counsel, in which the IUOE Action was discussed.

2. All documents concerning the service of the summons and complaint in the IUOE complaint on Dr. Saad Antoun or the waiver of service by Dr. Saad Antoun or counsel acting for Dr. Antoun.

3. All documents concerning any proposals or agreements with plaintiff herein or with Plaintiff's Counsel regarding Dr. Saad Antoun or the IUOE Action.

4. All documents concerning any communications between you and Plaintiff's Counsel with respect to communications or proposed communications with the Courts in which the IUOE is or has been pending.

# EXHIBIT 6

2628/230

Shanin Specter, Esquire
Donald E. Haviland, Jr., Esquire
**KLINE & SPECTER**
1800 Chapel Avenue, Suite 302
Cherry Hill, NJ 08002
856-662-1180 telephone
856-662-1184 facsimile

COUNSEL FOR PLAINTIFF AND THE CLASS

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| International Union of Operating Engineers, Local No. 68 Welfare Fund,<br>　　　　　　　　　Plaintiff,<br>v.<br>AstraZeneca PLC; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Zeneca, Inc.; TAP Pharmaceutical Products, Inc.; Abbott Laboratories; Takeda Chemical Industries, Ltd.; Bayer AG; Bayer Corporation; Miles Laboratories, Inc.; Cutter Laboratories, Inc.; GlaxoSmithKline, P.L.C.; SmithKline Beecham Corporation; Glaxo Wellcome, Inc.; Pharmacia Corporation; Pharmacia & Upjohn, Inc.; Monsanto Company; G.D. Searle Company; Sanofi-Synthelabo Inc.; Johnson & Johnson; Alza Corporation; Centocor, Inc.; Ortho Biotech, Inc.; Alpha Therapeutic Corporation; Hoffman La-Roche Inc.; Amgen, Inc.; Immunex Corporation; Aventis Pharmaceuticals, Inc.; Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.; Centeon, L.L.C.; Armour Pharmaceuticals; Baxter International Inc.; Baxter Healthcare Corporation; Immuno-U.S., Inc.; Boehringer Ingelheim Corporation; Ben Venue Laboratories, Inc.; Bedford Laboratories; Roxane Laboratories, Inc.; Bristol-Myers Squibb Company; Oncology Therapeutics Network Corporation; Apothecon, Inc.; Dey, Inc.; Fujisawa Pharmaceutical Co., Ltd.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; Novartis International AG; Novartis Pharmaceutical Corporation; Sandoz Pharmaceutical Corporation; Schering-Plough Corporation; Warrick Pharmaceuticals Corporation; Sicor, Inc.; Gensia Sicor Pharmaceuticals, Inc.; Wyeth; Wyeth Pharmaceuticals; Saad Antoun, M.D.; Stanley C. Hopkins, M.D.; Robert A. Berkman, M.D.; Does 1-50; ABC Corp. 1-50; and XYZ Partnerships; and Associations 1-50,<br>　　　　　　　　　Defendants. | C.A. NO. 03-3226 (JEI)<br><br>**AFFIDAVIT OF DONALD E. HAVILAND, JR., ESQUIRE** |

DONALD E. HAVILAND, JR., ESQUIRE, hereby certifies as follows:

© 2003 KLINE & SPECTER

7/9/03

1

0228300000046

1. I am an Attorney-at-Law in the State of New Jersey and Co-Managing Attorney of Kline & Specter, 1800 Chapel Avenue, Suite 302, Cherry Hill, New Jersey 08002. I have been entrusted with the handling of the above-captioned matter and, therefore, have personal knowledge of the facts set forth in this Affidavit.

2. This Affidavit is submitted in support of the Plaintiff's Motion for Remand, and for Expedited Hearing, Or, in the Alternative, for Show Cause Hearing on Temporary Restraining Order.

3. On July 3, 2003, defendant AstraZeneca Pharmaceuticals, L.P. ("AstraZeneca") filed a Notice of Removal in this case seeking to have the case removed to federal court.

4. Shortly thereafter, I had occasion to speak separately with counsel for two (2) of the defendants named in this action, Saad Antoun, M.D. and Stanley C. Hopkins, M.D., about the case and the AstraZeneca removal. Their respective counsel are as follows:

| Michael Mustokoff, Esquire<br>**DUANE MORRIS LLP**<br>One Liberty Place, Suite 4200<br>Philadelphia, Pennsylvania 19103-7396<br>215-979-1000 telephone<br>***Counsel for Saad Antoun, M.D.*** | Jack Fernandez, Esquire<br>**ZUCKERMAN, SPAEDER, LLP**<br>101 E. Kennedy Blvd., Suite 1200<br>Tampa, Florida 33602<br>813-221-1010 telephone<br>***Counsel for Stanley C. Hopkins, M.D.*** |
|---|---|

5. Both counsel reported to me that they had been contacted by attorneys from the law firm of Davis Polk & Wardwell, counsel for AstraZeneca, about consenting to the removal.

6. Neither counsel gave their consent.

7. In fact, late last night I spoke with Mr. Mustokoff, counsel for Dr. Antoun, who advised me that, although he was tied up in a court proceeding this week, he authorized me to take this Affidavit to advise this Court that Dr. Antoun does not consent to federal jurisdiction.

8.	Likewise, early this morning I received a call from Jack Fernandez, counsel for Dr. Hopkins, indicating he had spoken with Mr. Mustokoff and was in agreement with respect to not consenting to federal jurisdiction, subject to confirming the same with his client.

9.	Lastly, also this morning, I received a call from counsel for another defendant, Robert A. Berkman, M.D., as follows:

> Terry K. Sherman, Esquire
> 52 West Whittier Street
> Columbus, OH 43206
> 614-444-8800 telephone
> ***Counsel for Robert A. Berkman, M.D.***

10.	Mr. Sherman indicated he did not consent to federal jurisdiction and would be writing a letter to the Court and counsel reflecting the same. At the time of this Affidavit, such letter had not been received by the undersigned.

I hereby certify that the foregoing statements made by me are true to the best of my personal knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: July 9, 2003

**DONALD E. HAVILAND, JR.**

Sworn to and subscribed before me this 9th day of July, 2003.

Notary Public

My commission expires on:

[Notary seal: MARGARITA JIMENEZ, Notary Public, City of Philadelphia, Phila. County, My Commission Expires March 21, 2005]

© 2003 KLINE & SPECTER                                3

0228300000046                                          3