# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> ALL ACTIONS ) <br> ) <br> ) <br> _____ ) | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris <br><br> Chief Magistrate Judge Marianne B. Bowler |

## B. BRAUN MEDICAL INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS

## INTRODUCTION

B. Braun Medical Inc. ("BBM") respectfully moves this Court to issue a protective order staying discovery pending resolution of BBM's motion to dismiss the plaintiffs' claims against it. BBM was only recently named as a defendant in the plaintiffs' Second Amended Master Consolidated Class Action Complaint ("SAMCC"). Once named, however, BBM promptly filed a motion to dismiss on the grounds that the Court lacks subject matter jurisdiction over the plaintiffs' claims against BBM. Because BBM's motion to dismiss should dispose of all claims against it and because the plaintiffs' discovery demands are irrelevant to the issues raised by BBM's motion, the plaintiffs' discovery demands are premature and unwarranted. Indeed, responding to plaintiffs' discovery demands pending the resolution of BBM's motion would impose an undue burden on the time and resources of BBM. Accordingly, BBM respectfully submits that this Court should issue a protective order staying plaintiffs' discovery from BBM until such time as BBM's motion to dismiss has been decided by this Court.

## BACKGROUND

### A.    BBM's Motion To Dismiss.

On February 24, 2005, plaintiffs filed their SAMCC, adding BBM as a defendant. Promptly after being served, BBM on March 21, 2005, filed a motion to dismiss the SAMCC on the grounds that this Court lacks subject matter jurisdiction over the plaintiffs' claims. BBM's motion to dismiss has been fully briefed by the parties and is pending decision by this Court.

In its motion to dismiss, BBM showed that all four of the counts asserted against BBM in the SAMCC fail to state any claim against BBM based on either a federal question or diversity of citizenship. *First*, the RICO claim in Count II of the SAMCC – the only one purportedly based on a federal question – fails because BBM has had no contracts or relationships with any PBM relating to any of the BBM drugs referenced in the SAMCC. (*See* BBM's Mem. in Supp. of

Mot. to Dismiss SAMCC [Docket No. 1439], at 7-14.) *Second*, the declaratory judgment claim in Count III fails because the Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction. (*Id.* at 14.) *Third*, the state consumer protection claim in Count IV fails because complete diversity of citizenship is lacking between all the plaintiffs and BBM, and the amount in controversy requirement has not been met. (*Id.* at 15.) *Fourth*, the state conspiracy claim in Count IX fails because, among other reasons, the sole class representative for this claim, CMHV, has not alleged that it purchased any BBM drug. (*Id.*)

In their Opposition to BBM's motion, plaintiffs did not contest that this Court lacks federal question and traditional diversity-of-citizenship jurisdiction over their claims. Specifically, plaintiffs admitted that two of their claims – Counts II (federal RICO) and Count IX (state civil conspiracy) – are fatally defective and cannot support this Court's subject matter jurisdiction. (*See* Pls.' Opp. Mem. at 1 & n. 1.) Plaintiffs also did not dispute that both federal question and traditional diversity jurisdiction are lacking over the remaining two counts. Instead, plaintiffs asserted that the newly enacted Class Action Fairness Act ("CAFA") allows this Court to assert diversity jurisdiction over the plaintiffs' declaratory judgment and state consumer protection claims. (*See* Pls.' Opp. Mem. *passim*.)

As BBM showed in its Reply [Docket No. 1486], the CAFA, by its own terms, does not apply to long-pending actions, such as this one, that were "commenced" – against BBM and other defendants – before February 18, 2005. *See* 28 U.S.C.A. § 1332; *see also* PL 109-2, § 9, Feb. 18, 2005, 119 Stat. 14 ("The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act."). In this regard, the Tenth Circuit has concluded that "commenced" as used in the CAFA means "a discrete moment in time: the filing of the *original* complaint in a court of competent jurisdiction" – and not, as the plaintiffs

contend, upon the filing of their latest amended pleading. *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005) (emphasis added); *see also* FED. R. CIV. P. 3. Thus, plaintiffs' desperate reliance on the CAFA cannot rescue their claims against BBM.

### B. Plaintiffs' Discovery Requests.

Unfazed by their admission that this Court lacks federal question and traditional diversity jurisdiction over their claims against BBM, the plaintiffs have – since the filing of BBM's motion to dismiss – served BBM with extensive discovery demands, including two Notices of Rule 30(b)(6) Depositions. Plaintiffs have demanded that BBM present for Rule 30(b)(6) deposition corporate representatives with knowledge of such topics as "the prices paid by physicians for B. Braun's physician-administered drugs and/or the formulas or methods by which the physicians-administered drugs are reimbursed by government programs and/or private health plans," "competitive drugs with respect to each physician-administered" drug, the "training and education of its sales representatives" and the types of reports and records maintained by the sales force, all "[c]ommunications, oral or written, with publishers," the "Average Sales Price ("ASP") or "net price" for each physician-administered" drug, BBM's profits from each drug named in the SAMCC, and BBM's "policies and practices concerning the provision of free samples of physician-administered" drugs.[1] (May 4, 2005 Notice of Rule 30(b)(6) Dep., attached hereto as Ex. A, at 8-9.) In addition, plaintiffs seek to depose BBM's

---

[1] Moreover, plaintiffs have (by informal letter) demanded that BBM produce "[a]ll sales transaction data," including documents related to "[a]ll chargeback transactions," "[a]ll rebate transactions," "[a]ny administrative fee transactions," and "[a]ny other discounts." (May 6, 2005 Letter from Allan M. Hoffman, Esq. to Daniel F. Attridge, Esq., attached hereto as Ex. B, at 1-2.) Plaintiffs falsely assert that these document requests date back to formal discovery requests made as early as June 2003. (*See* Ex. B, at 1.) BBM, however, was not a party to this proceeding at that time – or at any other time in which the plaintiffs have served the document requests that they now claim are outstanding – and was only recently named in the SAMCC. Instead, plaintiffs served document requests on a separate entity, B. Braun of America Inc., which was dismissed from this action on February 9, 2005 for lack of personal jurisdiction.

3

corporate representatives with respect to its maintenance and retrieval of sales and transaction data. (*See* May 6, 2005 Notice of Rule 30(b)(6) Dep. Regarding Sales-Related Financial Data, attached hereto as Ex. C, at 7.) In short, plaintiffs have served extensive discovery demands in support of claims over which this Court has no subject matter jurisdiction.

Counsel for BBM has attempted to reach an agreement with counsel for the plaintiffs to informally stay discovery pending resolution of BBM's motion to dismiss. Counsel for the plaintiffs has refused to agree to any stay, thus necessitating the instant motion.

## ARGUMENT

The discovery that plaintiffs seek to take from BBM is entirely unrelated to their opposition to BBM's motion to dismiss for lack of subject matter jurisdiction. "The sole result of such discovery, pending the resolution of [BBM's] motion, would be cost and inconvenience, which would impose an undue burden on the time and resources of" BBM. *Sprague v. Brook*, 149 F.R.D. 575, 578 (N.D. Ill. 1993). Plaintiffs, by contrast, will suffer no prejudice by a deferral of their discovery demands until after this Court has had an opportunity to rule on BBM's pending motion to dismiss. Thus, a protective order staying discovery pending resolution of BBM's motion to dismiss should be issued to protect BBM from the burden and expense of responding to needless discovery.

### I. A PROTECTIVE ORDER STAYING DISCOVERY PENDING BBM'S MOTION TO DISMISS IS ESSENTIAL TO AVOID THE UNDUE BURDEN AND EXPENSE OF NEEDLESS DISCOVERY.

Rule 26(c) of the Federal Rules of Civil Procedure empowers the Court to "make any order which justice requires to protect a party or person from . . . undue burden or expense." FED. R. CIV. P. 26(c); *cf.* FED. R. CIV. P. 1 (stating that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."). Courts have broad discretion to (and routinely) enter orders staying discovery

4

pending the resolution of dispositive motions to avoid taxing litigants with the expense of responding to unnecessary discovery. *See, e.g., Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *Pacific Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 220 F.R.D. 349, 351 (N.D. Cal. 2003) ("Magistrate judges have been given broad discretion to stay discovery pending decisions on dispositive motions"); *Aberthaw Const. Co. v. United Broth. of Carpenters & Joiners*, Civ. No. 86-2589 T, 1986 WL 11499, at *2 (D. Mass. Sept. 19, 1986); *Sprague*, 149 F.R.D. at 578.

A stay of discovery is particularly appropriate where – as here – the pending motion may dispose of all claims against a defendant. *See Kleinerman v. United States Postal Serv.*, 100 F.R.D. 66, 68 (D. Mass. 1983) ("This Court agrees with the principle that it is appropriate to defer discovery until preliminary questions that may dispose of the case are determined."); *Chavous*, 201 F.R.D. at 2 ("discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.").[2] Thus, absent either a showing that the requested discovery is necessary to oppose the pending motion or that the plaintiff would be prejudiced by the stay, a protective order staying discovery pending the resolution of a dispositive motion should be granted. *See Chavous*, 201 F.R.D. at 2-3; *Nichols v. Baptist Mem.'l. Hosp.*, 2004 WL 2905406, at * 2 (W.D. Tenn. April 2, 2004) (granting motion for protective order because discovery sought would not assist plaintiff's opposition to

---

[2]  *See also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) ("we see no possible abuse of discretion in the order staying general discovery" pending the resolution of a dispositive motion).

defendants' Rule 12(b)(1) motion and plaintiff would not be prejudiced by staying discovery). Plaintiffs here cannot make either showing.

### A. Plaintiffs' Discovery Demands Should Be Stayed Because They Would Not Assist In Plaintiffs' Opposition To BBM's Motion.

Discovery while a dispositive motion is pending should be stayed "when the requested discovery is unlikely to produce facts necessary to defeat the motion." *Sprague*, 149 F.R.D. at 577; *see also Lafleur v. Teen Help*, 342 F.3d 1145, 1152-53 (10th Cir. 2003) (upholding the issuance of a protective order to postpone depositions of defendants' witnesses pending decision on motion to dismiss where discovery would not have assisted plaintiff in opposing motion); *Nichols*, 2004 WL 2905406, at * 2. Discovery requests that are irrelevant to the issues raised by a defendant's dispositive motion "cannot be justified." *Sprague*, 149 F.R.D. at 578; *see also Tilley v. United States*, 270 F. Supp. 2d 731, 733 (M.D.N.C. 2003). Therefore, discovery should be stayed when "the issues before the Court are purely questions of law that are potentially dispositive." *Hachette Distrib., Inc. Hudson County News Co., Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991); *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D.Cal. 2001) (observing "[c]ourts ... routinely stay[] discovery on the merits altogether while challenges to jurisdiction are pending.").

Here, BBM's motion to dismiss challenges the plaintiffs' failure to establish this Court's subject matter jurisdiction over the claims that plaintiffs have asserted against BBM. (*See* BBM's Mem. in Supp. of Mot. to Dismiss SAMCC [Docket No.1439], at 10-13, 14-16.) As such, BBM's motion raises issues of law for which additional factual discovery would be unavailing to the plaintiffs. Tellingly, in their Opposition to BBM's motion to dismiss, the plaintiffs concede this Court lacks federal question and traditional diversity jurisdiction over

their claims against BBM, and they do not assert that additional discovery is needed to adequately oppose BBM's motion. (*See* Pls.' Opp. Br., *generally*.)

Because the plaintiffs' discovery is irrelevant to the issues raised by BBM's motion to dismiss, "[t]he sole result of such discovery, pending the resolution of [BBM's] motion, would be cost and inconvenience, which would impose an undue burden on the time and resources of" BBM. *Sprague*, 149 F.R.D. at 578; *see also Chavous*, 201 F.R.D. at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'") (citing *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)); FED. R. CIV. P. 1 (Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."). Therefore, a protective order staying plaintiffs' discovery demands – until such time as the Court has resolved BBM's motion to dismiss – is warranted.

B.  **Plaintiffs Cannot Demonstrate Prejudice Resulting From The Issuance Of A Protective Order Staying Discovery.**

To overcome the weight of authority favoring a stay of discovery pending resolution of a dispositive motion, the party opposing a stay must demonstrate that they would be unfairly prejudiced by its issuance. *See, e.g., Johnson v. N.Y. Univ. Sch. Of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (stay of discovery proper where "plaintiff ha[d] not demonstrated that he would be prejudiced by a stay"); *Lafleur*, 342 F.3d at 1152; *Nichols*, 2004 WL 2905406, at * 2; *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991). But, here, the plaintiffs cannot demonstrate any prejudice resulting from a stay of discovery, let alone prejudice sufficient to overcome the undue burden on the time and resources of BBM in complying with potentially needless discovery demands.

7

Under this Court's Case Management Order ("CMO") No. 14, fact discovery for Track II defendants (of which BBM is presumably a part) does not close until December 2005. Therefore, should BBM's motion to dismiss be denied, there will be more than ample time to conduct discovery such that plaintiffs would not be prejudiced from the issuance of a stay. *See, e.g., Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94-Civ.-2120, 1996 WL 101277, at *3 (S.D.N.Y. Mar. 7, 1996) (finding no prejudice to plaintiff in granting stay with less than two weeks before the scheduled close of fact discovery); *Orchid Biosciences, Inc.*, 198 F.R.D. at 675 (no prejudice because plaintiff would "still have ample time and opportunity to conduct discovery on the merits.").

## II.  STAYING DISCOVERY PENDING RESOLUTION OF BBM'S MOTION TO DISMISS IS CONSISTENT WITH THE COURT'S PRIOR ORDERS IN THIS CASE.

Consistent with the weight of authority favoring a stay of discovery pending resolution of dispositive motions and the necessity to seek an "inexpensive determination of every action," FED. R. CIV. P. 1, this Court throughout this case has stayed discovery pending resolution of dispositive motions. The Court stayed general discovery pending resolution of defendants' joint and individual motions to dismiss the plaintiffs' first consolidated pleading, the Master Consolidated Class Action Complaint ("MCC"). (*See* Oct. 28, 2002 CMO No. 5, at ¶ 3 ("discovery shall be stayed as between the parties until such time as the Court has conducted the hearing on the Defendants' Motion to Dismiss.").) Instead, the Court permitted the plaintiffs discovery of only those documents that the defendants had previously produced to "executive or legislative" agencies in connection with their investigations related to the allegations within the MCC. (*Id.* at ¶¶ 1-2.) BBM produced such documents to the plaintiffs at that time. (*See* Dec. 23, 2002 Letter from Colin R. Kass, Esq. to Edward Notargiacomo, Esq., attached hereto as Ex. D.)

8

After ruling on the defendants' motions to dismiss the MCC, the Court continued to stay discovery pending resolution of the defendants' motions to dismiss the plaintiffs' amended pleading, the Amended Master Consolidated Class Action Complaint ("AMCC").[3] (*See* Aug. 15, 2003 CMO No. 7, at ¶ II (1).)  It was not until Judge Saris' February 24, 2004 ruling on defendants' motion to dismiss the AMCC that the stay of discovery as to multi-source drugs was lifted. (*See* Feb. 24, 2004 Mem. & Order, at 36; *see also* Mar. 25, 2004 CMO No. 10.)

A stay of discovery pending resolution of BBM's motion to dismiss is thus consistent with the prior Orders of this Court.  Moreover, a stay of discovery is eminently logical here given that (1) plaintiffs concede that they have asserted no claims against BBM properly based on either federal question or traditional diversity jurisdiction, and (2) BBM's motion to dismiss raises purely questions of law.  Further, because BBM was not named in the AMCC – and was only recently added as a defendant in the SAMCC – the Court's lifting of the stay with respect to defendants named in the AMCC is immaterial.  Permitting discovery against BBM before its motion to dismiss has been resolved would be both inconsistent with the Court's past orders staying discovery pending resolution of dispositive motions and inconsistent with the mandate to seek an "inexpensive determination of every action." FED. R. CIV. P. 1.  Accordingly, issuance of a protective order staying discovery is appropriate here.

---

[3]  The Court permitted plaintiffs to only "conduct discovery on claims set forth against a defendant named in the MCC that was not dismissed" as a result of the Court's ruling on defendants' motion to dismiss. (Aug. 15, 2003 CMO No. 7, at ¶ II (1).)  BBM was dismissed as a result of that ruling, and BBM was not named as a defendant in the AMCC.

## CONCLUSION

For the foregoing reasons, B. Braun Medical Inc. respectfully requests that its Motion for a Protective Order Staying Discovery be granted.

Dated: May 23, 2005

Respectfully submitted,

  /s/ Daniel F. Attridge, P.C.
Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

**Counsel for B. Braun Medical Inc.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing B. BRAUN MEDICAL INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS has been served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties on this 23rd day of May, 2005.

                    /s/ Daniel F. Attridge, P.C.
Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
(202) 879-5000
Fax: (202) 879-5200

*Counsel for B. Braun Medical Inc.*