UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------- x
                                   )
In Re: PHARMACEUTICAL INDUSTRY     )
AVERAGE WHOLESALE PRICE            )   MDL No. 1456
LITIGATION                         )
                                   )   Master File No. 01-CV-12257-PBS
                                   )
                                   )   Judge Patti B. Saris
---------------------------------- x
                                   )
                                   )   Chief Mag. Judge Marianne B. Bowler
This Document Relates to:          )
01-CV-12257-PBS                    )
                                   )
                                   )
---------------------------------- x

## DECLARATION OF STUART FULLERTON

Stuart Fullerton declares and says:

1. I am Senior Litigation Counsel for AstraZeneca Pharmaceuticals LP ("AstraZeneca" or "the Company"), 1800 Concord Pike, Wilmington, Delaware 19850. I submit this declaration on behalf of AstraZeneca in response to the Court's Order dated May 17, 2005, requiring AstraZeneca to submit an affidavit demonstrating the burden of creating a log of the privileged documents in my possession that are responsive to the document requests attached to the Notice of Deposition served on October 22, 2004 ("Document Requests"). I am knowledgeable about the matters described below.

2. Plaintiffs' document requests seek, without qualification, "any and all documents in [my] possession or control . . . that in any way refer or relate to pricing, marketing, or sales of AstraZeneca AWPIDs" and "any and all documents . . . relating to any meeting . . . at which [I] have spoken or made a presentation."

3.  As set forth more fully in my Declaration dated February 24, 2005, my role since 1995 at AstraZeneca or AstraZeneca's predecessor company Zeneca Inc. has been to provide legal advice to AstraZeneca in connection with claims, disputes, litigation, and investigations, almost all of which have been related in some way to the pricing, marketing, or sale of AstraZeneca's products. Thus, a log of the privileged documents that are responsive to Plaintiffs' Document Requests would include most of my communications within my possession, custody or control.

4.  I maintain documents in my Outlook e-mail folders; on shared computer network drives; in the Legal Department document management system; and in paper files in my office, in the Legal Department file room, in the Compliance Department files, and in off-site storage. I have also sent some of my files to Davis Polk & Wardwell, which is the outside law firm handling this litigation.

5.  Voluminous responsive, privileged documents are maintained in each of these areas. For example, my Outlook account contains approximately 2000 e-mails; the shared computer network drives contain hundreds of my electronic documents; and I estimate that I have in excess of 400 files in the Legal Department file room, in the Compliance Department files, in off-site storage, and at Davis Polk & Wardwell.

6.  Given the nature of my role as Senior Litigation Counsel for AstraZeneca, virtually all of the documents maintained in these various areas are work product or involve communications between me, other members of the AstraZeneca Legal Department, outside counsel and/or employees at AstraZeneca relating to actual or potential litigation matters or internal investigations involving the marketing, sale, or pricing of AstraZeneca products.

7. As a result, I estimate that the potential number of privilege log entries could easily number in the thousands.

8. Since the amount of attorney time that would be required to review and log privileged documents is much greater than the amount of time necessary to review and produce non-privileged documents, I estimate that logging these documents would require hundreds of attorney-hours and would add several hundred thousand dollars to the costs that AstraZeneca has already borne in responding to other discovery requests.

9. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

By: _____
Stuart Fullerton

Dated: May 31, 2005

**CERTIFICATE OF SERVICE**

     I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on May 31, 2005, a copy to Verilaw Technologies for posting and notification to all parties.

                                              /s/ Lucy Fowler_____
                                              Lucy Fowler