## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | |
| *International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca Pharmaceuticals, L.P., et al.; C.A. No. 04-11503-PBS* | Judge Patti B. Saris |

## SUPPLEMENTAL BRIEF IN SUPPORT OF
## MOTION FOR REMAND BY PLAINTIFF, INTERNATIONAL UNION OF
## OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND

## I.     STATEMENT OF PROCEDURAL HISTORY AND FACTS

International Union of Operating Engineers, Local No. 68 Welfare Fund (hereinafter

"Plaintiff" or "Local 68") filed its Class Action Complaint on June 30, 2003 in Superior Court of New

Jersey, Monmouth County, naming as defendants numerous pharmaceutical corporations and three

doctors. In the Complaint, Plaintiff alleges that defendants engaged in a massive fraudulent scheme

and conspiracy to unlawfully market and sell pharmaceuticals at inflated prices in violation of state

law[1]. As detailed in the Complaint, several of the pharmaceutical company defendants, including

AstraZeneca, have been criminally indicted and have pled guilty to violations of federal law in

---

[1]     Contrary to defendants' contention that this case involves ERISA and/or Medicare claims, the action seeks damages exclusively under New Jersey state law from the pharmaceutical company defendants for overcharges paid by cancer patients and others who purchased prescription drugs marketed and sold by AstraZeneca and the other drug companies and from the doctors in connection with their role in the alleged conspiracy. In its Complaint, Local 68 expressly has disclaimed and disavowed any federal claims, including claims under ERISA and/or Medicare. *See* Class Action Complaint, ¶¶ 18-19. To the extent that any of Plaintiff's claims or factual allegations herein are urged by AstraZeneca to have stated any claim under federal law, Plaintiff expressly has reserved the right to modify the Complaint to conform its claims. *See id.* at ¶ 19.

connection with the marketing and sales of their pharmaceuticals. AstraZeneca pled guilty and paid $355 million in federal fines and civil penalties. *See* Class Action Complaint at ¶ 31. Defendant, TAP Pharmaceutical Products, Inc. ("TAP"), a joint venture of Defendants, Abbott Laboratories ("Abbott") and Takeda Chemical Industries, Ltd. ("Takeda"), pled guilty and paid nearly $900 million. *Id.* at ¶ 35. Bayer Corporation ("Bayer") pled guilty and paid $257 million. *Id.* at ¶ 39. GlaxoSmithKline ("GSK") pled guilty and paid $86 million. *Id.* at ¶ 43. Additionally, the three doctors, Saad Antoun, M.D., Stanley C. Hopkins, M.D. and Robert A. Berkman, M.D., pled guilty to federal criminal charges in connection with billing for free samples of Zoladex® received from AstraZeneca and paid fines. *Id.* at ¶¶ 94-96.[2]

Simultaneous with the filing of the Complaint, Local 68 also moved by Order to Show Cause for the entry of a temporary restraining order against the AstraZeneca defendants and Dr. Antoun. Also on June 30, 2003, Plaintiff served the Complaint and the Order to Show Cause upon counsel for AstraZeneca and Dr. Antoun via Federal Express overnight delivery, and upon the remaining defendants by certified mail, return receipt requested.

Thereafter, on July 3, 2003, AstraZeneca filed its Notice of Removal. In its notice, AstraZeneca stated its belief, upon a "reasonably diligent inquiry," that no other defendants had been served as of that date, and expressed its conclusion that all other defendants would consent to removal. As substantive grounds for removal, AstraZeneca asserted that federal question jurisdiction existed because: 1) Plaintiff's state law claims were completely preempted by ERISA; and 2) Plaintiff's state law claims required the resolution of substantial federal questions arising under the

---

[2]     Dr. Berkman pled guilty after the filing of Plaintiff's Complaint.

Medicare reimbursement statute and regulations. In its notice, defendant did not allege that any of its co-defendants were improperly served, nominal parties or joined fraudulently by Local 68.

Contrary to the statements made by AstraZeneca in its Notice, its co-defendants, Dr. Antoun and Dr. Hopkins, were served on or before July 3, 2003. Specifically, in Dr. Antoun's Joinder in Local 68's Motion for Remand, counsel for Dr. Antoun acknowledges that he was served on July 1, 2003. *See* Joinder of Defendant, Saad Antoun M.D., in Plaintiff's Motion for Remand, or, in the Alternative, Motion to Remand Pursuant to 28 U.S.C. § 1448, at ¶ 2 (hereinafter "Antoun Joinder"). Dr. Antoun has not challenged the service of the Complaint upon him and, more importantly, expressly refused to consent to the removal. *See id.* at ¶¶ 5-7. Additionally, as explained by counsel for Dr. Hopkins, Dr. Hopkins was served with Plaintiff's Class Action Complaint on July 3, 2003. *See* Affidavit of Jack Fernandez, at ¶ 2 (hereinafter "Fernandez Affidavit"). Similar to Dr. Antoun, Dr. Hopkins has not challenged the service of the Complaint upon him and, more importantly, expressly refused to consent to the removal. *See* Joinder of Defendant, Stanley C. Hopkins, M.D., in Plaintiff's Motion for Remand, or, in the Alternative, Motion to Remand Pursuant to 28 U.S.C. § 1448. at ¶¶ 6-8 (hereinafter "Hopkins Joinder").

On July 8, 2003, AstraZeneca moved for a stay of all proceedings in this matter pending a determination by the Judicial Panel on Multidistrict Litigation ("JPML") that the Local 68 action be treated as a "tag-along" action to this MDL 1456 action. The following day, July 9, 2003, Plaintiff moved for remand, or alternatively, for an expedited hearing on the issue of temporary restraints.[3]

---

[3]     Plaintiff initially moved for remand of this matter on July 9, 2003, in the United States District Court for the District of New Jersey. In connection with its motion, Plaintiff has filed the following briefs and other documents, upon which it likewise relies herein: Brief in Support of Plaintiff's Motion for Remand, and for Expedited Hearing or, in the Alternative, for Show Cause Hearing on Temporary Restraining Order; Reply Brief in Support of Plaintiff's Motion for Remand;

In addition to joining in Local 68's motion for remand, Drs. Antoun and Hopkins also sought to exercise their own rights to remand this matter pursuant to 28 U.S.C. § 1448. *See* Antoun Joinder at ¶ 8; Hopkins Joinder at ¶ 9.

The parties argued these motions before the Honorable Stanley D. Chesler on July 21, 2003, and, on October 7, 2003, Judge Chesler entered an order staying the proceedings pending a decision by the JPML. Thereafter, the JPML entered an order conditionally transferring this action to this Court as a tag-along action in this pending action. Finally, on December 3, 2003, the JPML denied Plaintiff's motion to vacate the conditional transfer order.

For the reasons stated herein and in Plaintiff's earlier-filed briefs, and consistent with this Court's rulings on the issues presented by other persons and entities who have sought remand in this case, this action must be remanded to New Jersey state court. Specifically, without reaching defendant's arguments on preemption, this Court should remand this litigation to state court because AstraZeneca failed to satisfy the rule of unanimity, as Drs. Antoun and Hopkins did not consent to removal and, in fact, actively sought remand themselves. Because compliance with the rule of unanimity is a threshold requirement for removal, defendant's Notice was procedurally defective and cannot support maintenance of this action in federal court. Therefore, Plaintiff respectfully requests that this Court grant its motion and remand this matter to New Jersey state court.

---

and Letter Brief in Support of Plaintiff's Motion to Reconsider. Plaintiff provided additional copies of these documents, and corresponding attachments, to this Court in advance of the April 8, 2005 hearing.

## II.   ARGUMENT

### A.   BECAUSE DEFENDANTS, ANTOUN AND HOPKINS, EXPRESSLY REFUSED TO CONSENT TO REMOVAL OF THIS ACTION, THE RULE OF UNANIMITY HAS BEEN VIOLATED AND REMAND IS WARRANTED.

#### 1.   The Rule of Unanimity Must Be Strictly Construed.

In this Circuit and elsewhere, "removal statutes are strictly construed . . . and defendants have

the burden of showing the federal court's jurisdiction." *Danca v. Private Healthcare Sys., Inc.,* 185

F.3d 1, 4 (1st Cir. 1999). *See also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09

(1941); *Murphy v. Newell Operating Co.*, 245 F. Supp.2d 316, 318 (D. Mass. 2003). Under the rule

of unanimity, removal is procedurally defective unless all served defendants consent to removal

within thirty days of being served. *See, e.g., In re Pharmaceutical Industry Average Wholesale Price*

*Litig. (Swanston v. TAP Pharmaceutical Products, Inc.)*, 307 F. Supp.2d 190, 193 (D. Mass 2004)

("*Swanston*"); *Montana v. Abbot Labs.*, 266 F. Supp.2d 250, 260 (D. Mass. 2003). As this Court has

previously recognized, the rule of unanimity should be strictly construed:

> "[F]ederal courts have universally required unanimity of consent in
> removal cases involving multiple defendants. There are several such
> bright line limitations on federal removal jurisdiction ... that some
> might regard as arbitrary and unfair. Such limitations, however, are an
> inevitable feature of a court system of limited jurisdiction that strictly
> construes the right to remove."

*Montana*, 266 F. Supp.2d at 261 (quoting *Russell Corp. v. American Home Assurance,* 264 F.3d

1040, 1050 (11th Cir. 2001)).

The rule of unanimity must be followed whether the attempted removal is based upon

diversity of citizenship or federal question jurisdiction. "In the context of federal question

jurisdiction, . . . there are two conditions precedent to a case being removed to federal court: (1) the

existence of a federal question and (2) the consent of all defendants." *Parker v. County of Oxford,*

5

224 F. Supp.2d 292, 294 (D. Maine 2002). *See also Montana, supra,* 266 F. Supp.2d at 260-63 (granting motion to remand based upon lack of consent even though defendants alleged federal-question jurisdiction); *LaPoint v. Mid-Atlantic Settlement Services,* 256 F. Supp.2d 1, 3 (D.D.C. 2003) ("When face of the complaint reveals a federal question, defendants desiring removal must express their unanimous consent to a notice of removal . . . ."); *McShares, Inc. v. Barry,* 979 F. Supp. 1338, 1342 (D. Kansas 1997) ("The unanimity rule applies to both diversity cases and federal question cases."). Failure to receive consent from all served defendants "'constitutes a defect in a removal procedure and is grounds for remand.'" *Murphy,* 245 F. Supp.2d at 318 (quoting *Sansone v. Morton Machine Works, Inc.,* 188 F. Supp.2d 182, 184 (D.R.I. 2002)) (internal quotation marks omitted).

As will be discussed *infra,* the rule of unanimity required the consent of all served defendants before AstraZeneca removed this matter. As Drs. Antoun and Hopkins did not consent, AstraZeneca's removal was procedurally deficient, and its argument regarding federal preemption irrelevant. Therefore, Plaintiff respectfully requests that this Court grant its Motion and the motions of Drs. Antoun and Hopkins and remand this action to state court.

### 2. Because All Defendants Did Not Consent, the Rule of Unanimity Was Not Satisfied and AstraZeneca's Removal Was Procedurally Flawed.

As detailed in the Statement of Procedural History and Facts, Local 68 served its Class Action Complaint, Order to Show Cause and supporting papers[4] by federal express overnight delivery upon counsel for AstraZeneca and counsel for Dr. Antoun, and by U.S. certified mail, return receipt requested, upon counsel for all other defendants on June 30, 2003. The next day, July 1, 2003,

---

[4]      Pursuant to N.J. Ct. R. 4:52-1(b), when the "order to show cause issues with the filing of the complaint," no summons need be issued.

counsel for Dr. Antoun received the documents from the Federal Express courier. *See* Antoun Joinder at ¶ 2. Thereafter, on July 3, 2003, Dr. Hopkins was served. *See* Hopkins Joinder at ¶ 3; Fernandez Affidavit, at ¶ 2. Thus, both Drs. Antoun and Hopkins were served on or before the date when AstraZeneca filed its Notice of Removal, July 3, 2003.

Although defendants vaguely and without support suggest that service was improper, this Court has noted, "in determining the validity of service prior to removal, a federal court must apply the law of the state under which the service was made." *Swanston, supra,* 307 F. Supp.2d at 195 (quoting *Romo v. Gulf Stream Coach, Inc.,* 250 F.3d 1119, 1122 (7th Cir. 2001)). Plaintiff's service upon all defendants in this action accorded with the procedures for service under the New Jersey Rules Governing Civil Practice. *See* N.J. R. Civ. Prac. 4:4-4(c) (providing for service by any form of mail in the absence of an objection by a Defendant who later appears in the proceedings).

Moreover, only Dr. Antoun and Hopkins have standing to challenge such service. *See Seguros Commercial America, S.A. v. American President Lines, Ltd.,* 934 F. Supp. 243, 245 (S.D. Tex. 1996) (remanding case for lack of unanimity over objection of removing defendant that non-consenting defendant had not been served because "the right to waive defects [in service] are personal to the party upon whom service of process is attempted."). Because the doctors did not move to quash service prior to removal, their consent was required. *Hess v. Great Atlantic & Pacific Tea Company, Inc.,* 520 F. Supp. 373, 376 (N.D. Ill. 1981)("Unless there has been a state court determination prior to removal that service on a defendant was defective, all defendants upon whom purported service has been made at the time of removal must join in the petition.").

Based upon their Joinders to this Motion, it is undisputed that neither Dr. Antoun nor Dr. Hopkins consented to the removal. In fact, AstraZeneca requested such consent but the doctors

7

expressly refused. *See* Antoun Joinder at ¶¶ 5-6 ("Dr. Antoun has not provided his consent to removal, although his consent was sought by counsel for AstraZeneca. . . . The undersigned clearly communicated Dr. Antoun's denial of consent to federal court jurisdiction verablly to John C. Dodds, counsel for AstraZeneca. . . . "); *see* Hopkins Joinder at ¶ 6 ( "Dr. Hopkins has not provided his consent to removal, although his consent was sought by counsel for AstraZeneca."). The lack of consent by Drs. Antoun and Hopkins is illustrated further by their alternative motions to remand under 28 U.S.C. § 1448.

### 3. Defendants Seeking Removal Have Waived the Right To Argue Fraudulent Joinder of the Non-Consenting Doctor Defendants Because It Was Not Raised in the Notice of Removal.

Faced with irrefutable proof of service upon Drs. Antoun and Hopkins and its failure to gain their consent for removal, defendant argues for the first time in opposition to plaintiff's motion that the doctors were joined fraudulently or are nominal parties whose consent was unnecessary for removal. *See* Memorandum of Law in Opposition to Plaintiff's Motion to Remand, filed on July 15, 2003, at 8-11. Because these arguments were not raised in its Notice of Removal, they cannot be raised belatedly in response to plaintiff's Motion for Remand. *See Tincher v. Ins. Co. of Pa.*, 268 F. Supp.2d 666, 668-69 (E.D. Va. 2003) (remanding and refusing to consider argument of fraudulent joinder not pled in removal notice); *see also Dees v. Amer. Cyanamid Co.*, 296 F. Supp. 615, 617 (S.D. Miss. 1969) (*citing Carlton Properties, Inc. v. Crescent City Leasing Corp.*, 212 F. Supp. 370 (E.D. Pa. 1962)).

In its Notice of Removal, AstraZeneca makes the following three representations to the Court: (1) that it has conducted a "reasonably diligent investigation," (2) that, as a result of such investigation, AstraZeneca "is informed and believes that, as of the date of this Notice, none of the

8

other named Defendants has been serve [sic] with the Class Action Complaint," and (3) that "[c]ounsel for AstraZeneca is further informed and believes, based on this investigation, that all Defendants will consent to this removal and will join herein following the service of process."

Given the facts actually known to AstraZeneca at the time it filed the Notice of Removal, each of these statements is, at best, incomplete and misleading. First, AstraZeneca does not describe what steps, if any, it took in its purportedly reasonable investigation into the service upon, and consent of, the other Defendants. An examination of what AstraZeneca undoubtedly knew demonstrates that AstraZeneca could not have conducted a reasonable investigation.

When it filed its Notice of Removal, AstraZeneca must have known that Plaintiff had mailed copies of the complaint to national counsel for other Defendants as evidenced by the fact that it served these same counsel with the Notice of Removal concurrently with the filing of the Notice. In fact, it appears AstraZeneca simply used Plaintiff's service list. *Compare* Exhibits "D" and "E" attached to Reply Brief in Support of Plaintiff's Motion for Remand, filed on July 18, 2003. AstraZeneca also must have suspected that Plaintiff would have attempted service on Dr. Antoun in the same manner that it had attempted service on AstraZeneca, given their identical status as respondents to the Plaintiff's Motion for Preliminary Restraints. Yet, it was only **after** filing (and serving on him) the Notice of Removal that counsel for AstraZeneca appears to have contacted counsel for Dr. Antoun about his client's consent, whereupon he informed AstraZeneca of his client's refusal to consent to removal. *See* Affidavit of Donald E. Haviland, Jr., submitted in support of Plaintiff's Motion for Remand, on July 9, 2003, at ¶¶ 4-6. AstraZeneca should have called Dr. Antoun **before** filing and serving the Notice of Removal. If it had, AstraZeneca would have learned of its co-defendant's lack

9

of consent to removal. Thus, AstraZeneca failed to make a reasonable investigation, and its statement to the contrary in its Notice of Removal is inaccurate.

Second, AstraZeneca's unqualified statement in its Notice of Removal that no other Defendant had been served is simply false. Under a cover letter stating that the documents were being sent for service upon each of their respective clients, Plaintiff's counsel sent the Complaint via U.S. mail to all known national counsel for Defendants, and delivered via federal express overnight delivery a Complaint to counsel for Dr. Antoun and AstraZeneca. Thus, there was at least attempted service and, as set forth above, AstraZeneca knew of it (and used the service list from the mailing when it served its Notice of Removal). Whether Plaintiff's service was proper is an issue AstraZeneca did not raise in its Notice, and AstraZeneca has yet to address, except for the oblique reference in its Opposition Memorandum to "proper" service not being made. *See* Opposition Memorandum at 7. At least its Brief employs this qualifying language. By simply stating in the Notice of Removal that no other Defendant had been served, however, AstraZeneca crossed the line between characterizing the facts and misstating the facts.

Third, AstraZeneca's statement in its Notice that it "believes....that all Defendants will consent" could only have been made deliberately, or negligently in the absence of a reasonable investigation. Had AstraZeneca conducted a reasonable investigation of the circumstances, it would have found that not all Defendants consented to removal because, for example, counsel for Dr. Antoun would have informed AstraZeneca that his client did not consent. AstraZeneca could then have dealt with the lack of consent by Dr. Antoun and others openly in its Notice of Removal, to the extent that any basis for removal remained. Instead, AstraZeneca engaged in willful (or at least negligent) blindness to the non-consent of Drs. Antoun, Hopkins and Berkman. Making one's

10

position vague through pleading "information and belief" does not excuse a lack of investigation. *See Helmke v. Unumprovident Corp.*, No. C01-4018, 2002 WL 90988 at *2 (N.D. Cal. Jan. 18, 2002) (remanding case where allegation in notice of removal that removing Defendant "is informed and believes" that no other Defendant had been served proved to be false and should have been known to be false at the time it was made).

If AstraZeneca wants this Court to accept that it conducted a reasonable investigation, then the Notice of Removal should be construed as if a reasonable investigation were conducted. Thus, the only conclusion to be drawn from the fact that AstraZeneca did not previously challenge the propriety of service or the joinder of the doctors is that AstraZeneca intentionally omitted the argument from its Notice of Removal. Having done so, it should not be permitted to resurrect the omitted arguments now. If, however, AstraZeneca states that it did not know the grounds for asserting improper service or fraudulent joinder before filing its Notice of Removal, it should be sanctioned for having misrepresented that it conducted a reasonable investigation of the same, and its Notice of Removal should be quashed.

### 4.    Plaintiff Properly Joined Drs. Antoun and Hopkins as Defendants in this Matter.

Even if defendant were permitted to proceed with this argument, fraudulent joinder "has been developed and applied almost exclusively in cases in which a nondiverse defendant is fraudulently joined to defeat removal pursuant to federal diversity jurisdiction." *Simpson v. Union Pacific Railroad Co.*, 282 F. Supp.2d 1151, 1155 (N.D. Cal. 2003). Here, the fact of joinder cannot defeat jurisdiction because AstraZeneca alleges federal question, not diversity, jurisdiction, and the joinder

of the individual defendants cannot, as a matter of law, have any effect on the Court's subject matter jurisdiction.[5]

Even if the doctrine could be applied to this case, which it cannot, the burden of proof on a defendant asserting fraudulent joinder is substantial, and AstraZeneca's assertion that there is "good reason to believe" that individual Defendants were fraudulently joined does not even approach the threshold of satisfying such burden.[6]  In *Fabiano Shoe Co., Inc. v. Black Diamond Equip., Ltd.*, 41 F. Supp.2d 70 (D. Mass. 1999), this Court stated:

> Joinder is considered fraudulent when there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant.[7] . . . The burden of establishing that joinder is fraudulent is on the party seeking removal to federal court, and the burden is a heavy one. . . . The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

---

[5]     In the very rare case where joinder of a party can defeat federal question jurisdiction, such as joinder of a State that has not waived its sovereign immunity, fraudulent joinder may be applied to federal question cases. *See, e.g., Commonwealth Edison Co. v. Int'l Brotherhood of Elec. Workers*, 961 F. Supp. 1154, 1166 (N.D. Ill. 1996).

[6]     A removing party that claims that a plaintiff has fraudulently joined a party bears a heavy burden. *In re New England Life Ins. Co. Sales Pracs. Litig.*, 324 F. Supp.2d 288, 298 (D. Mass. 2004) (citing *Fabiano Shoe Co., Inc. v. Black Diamond Equip., Ltd.*, 41 F. Supp.2d 70, 71 (D. Mass. 1999)). Indeed, the jurisdictional inquiry into a Plaintiff's allegations to determine whether a cause of action is stated is less searching than the analysis applied under FED.R.CIV.P. 12(b)(6)." *Steel Valley Authority v. Union Switch and Signal Division*, 809 F.2d 1006, 1010 (3d Cir. 1987). More specifically, when reviewing a motion to remand to state court, a district court must assume as true all factual allegations in the complaint. Further, a district court must resolve any uncertainties as to the current state of controlling substantive law in favor of the Plaintiff. The weighty burden borne by the defendants in this context is logical because "removal statutes [] are to be strictly construed against removal, and all doubts should be resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

[7]     It should also be noted that the reference in *Fabiano* to the non-diverse defendant further bolsters Plaintiff's argument that fraudulent joinder is only properly raised in the context of diversity jurisdiction cases, not federal question cases.

> ... Moreover, in determining whether the plaintiff has the possibility of stating a valid cause of action, the court is to resolve all disputed questions of fact, and any ambiguities in the controlling state law, in favor of the non-removing party.

*Id.* at 71-72 (internal citations omitted). "Joinder is fraudulent where there is no basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer v. Snap-On Tools Corporation*, 913 F.2d 108, 111 (3d Cir. 1990). Remand can be staved off only if the claim asserted against the resident defendant is "wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 852.

By this standard, it is readily apparent that Drs. Antoun and Hopkins were not joined in an attempt to thwart federal jurisdiction. AstraZeneca and the doctors are admitted co-conspirators. Thus, they qualify as valid co-defendants in the civil context. In fact, Drs. Antoun, Hopkins and Berkman have pleaded guilty[8] to conspiring with AstraZeneca (which also pleaded guilty) to engage in free sample fraud in violation of 18 U.S.C. § 371 (the federal conspiracy statute), illegal conduct that underlies Plaintiff's claims under the New Jersey Consumer Fraud Act.

Moreover, AstraZeneca's cursory contention that the Defendant doctors are nominal parties is unsupported by the record for the same reasons that the fraudulent joinder allegations are unsupported. In determining whether federal jurisdiction is appropriate, a nominal party is one without a real interest in the litigation. *Bumberger v. Insurance Co. of No. Am.*, 952 F.2d 764, 767 (3d Cir. 1991). As with fraudulent joinder, the burden on the party alleging that a defendant is a

---

[8]  In another case involving alleged fraudulent marketing and sales practices in the pharmaceutical industry and Average Wholesale Price inflation, *Stetser v. TAP Pharmaceutical Products, Inc.*, No. 7:02-CV-194-H(4) (E.D.N.C. Dec. 20, 2002), the Honorable Malcolm J. Howard determined that the non-diverse individual defendant, an alleged co-conspirator who had pled guilty to federal criminal charges, was not fraudulently joined. *See* Judge Howard's Opinion, at 12-14, attached as Exhibit "F" in support of Plaintiff's Motion for Remand.

nominal party is substantial. "To establish that a non-removing parties are nominal parties, the removing party must show that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991).

The activities of Drs. Antoun and Hopkins, detailed in the Class Action Complaint and evidenced by the guilty pleas and the federal criminal informations filed against them, underlie Plaintiff's claims for consumer fraud and conspiracy. *See Complaint*, ¶¶ 94-98. As these defendants have already admitted to conduct that, as Plaintiff alleges, violates the CFA, they cannot be considered nominal defendants.

## B. BECAUSE REMOVAL WAS PROCEDURALLY DEFECTIVE, THIS COURT SHOULD NEVER REACH THE ISSUE OF PREEMPTION.

AstraZeneca's failure to gain the doctors' consent renders its removal procedurally deficient. Because defendant violated the rule of unanimity, this matter must be remanded and the Court does not reach the issue of whether Plaintiff's claims are preempted by either ERISA or Medicare. *See Parker*, *supra*, 224 F. Supp.2d at 294 (explaining that condition precedent to removal is consent of all defendants); *Montana, supra*, 266 F. Supp. at 263 (holding that Nevada I case must be remanded because unanimous consent was not achieved). *See also* section IIA1, *supra*, regarding strict construction of removal statutes.

In *Swanston*, *supra*, this Court remanded plaintiff's action because there was a lack of unanimity. This Court did not discuss the ERISA or Medicare preemption issues in its Opinion, although the preemption issue was raised by defendants seeking removal and fully briefed by the

14

parties.[9] Therefore, similarly in this case, because Drs. Antoun and Hopkins did not consent to removal, and AstraZeneca failed to comply with the rule of unanimity, this Court should determine that remand is appropriate without ever even reaching the issues of preemption.

## III. CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that this Court grant its Motion for Remand and return this matter to the Superior Court of New Jersey, Monmouth County.

Respectfully submitted,

Date: June 1, 2005

Ronald J. Ranta, Esquire
**FISETTE & RANTA**
B.B.O. No. 411880
100 Cummings Center, Suite 221B
Beverly, MA 01915
978-927-8766 telephone
978-927-7082 facsimile

Shanin Specter, Esquire
Donald E. Haviland, Jr., Esquire
TerriAnne Benedetto, Esquire
**KLINE & SPECTER**
1800 Chapel Avenue, Suite 302
Cherry Hill, NJ 08002
856-662-1180 telephone
856-662-1184 facsimile

John E. Keefe, Jr., Esquire
Stephen T. Sullivan, Jr., Esquire
**LYNCH ◆ MARTIN**
830 Broad Street
Shrewsbury, NJ 07702
732-224-9400 telephone
732-224-9494 facsimile

Raymond A. Gill, Jr., Esquire
**GILL & CHAMAS**
655 Florida Grove Road
P.O. Box 760
Woodbridge, NJ 07095
732-324-7600 telephone
732-324-7606 facsimile
ATTORNEYS FOR PLAINTIFF AND THE CLASS

---

[9]    The undersigned national counsel for the Plaintiff herein is also counsel for Mr. Swanston and is fully apprised as to the procedural history of that case.

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Supplemental

Brief in Support of Motion for Remand by Plaintiff, International Union of Operating Engineers,

Local No. 68 Welfare Fund was served on all counsel on the attached Service List by electronic

service pursuant to Case Management Order No. 2. The counsel listed below are not registrants of

Verilaw and are being served First Class mail.

Michael Mustokoff, Esquire
**DUANE MORRIS LLP**
One Liberty Place, Suite 4200
Philadelphia, PA 19103-7396
National counsel for Saad Antoun, M.D.

Terry K. Sherman, Esquire
52 West Whittier Street
Columbus, OH 43206
National counsel for defendant,
Robert A. Berkman, M.D.

Jack Fernandez, Esquire
**ZUCKERMAN, SPAEDER, LLP**
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602
National counsel for defendant,
Stanley C. Hopkins, M.D.

Respectfully submitted,

Dated: June 1, 2005

TerriAnne Benedetto, Esquire
**KLINE & SPECTER**
1800 Chapel Avenue, Suite 302
Cherry Hill, NJ 08002
856-662-1180 telephone
856-662-1184 facsimile

## IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION; MDL No. 1456 – Service List

### PLAINTIFFS

Attorney General, State of Connecticut
55 Elm Street, P.O. Box 120
Hartford, CT 06141-012
(860)808-5355
*State of Connecticut*

Bolognese & Associates, LLC
One Penn Center
650
Philadelphia, PA 19103
215-814-6750
*United Food and Commercial Unions and Employers Midwest Health Benefits Fund and Action Alliance of Senior Citizens of Greater Philadelphia*

Heins Mills & Olson, P.L.C.
700 Northstar East
608 Second Ave. S.
Minneapolis, MN 55402
(612) 338-4605
Fax: 612-338-4692
*AWP*

Hoffman & Edelson, LLC
45 West Court Street
Doylestown, PA 18901
215-230-8043
*Action Alliance of Senior Citizens of Greater Philadelphia*

Hulett Harper LLP
550 West C St.
Suite 1770
San Diego, CA 92101
619-338-1133
*Dey Sicor Gensia*

Keller Rohrback, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-305
206.623.1900
*Action Alliance of Senior Citizens of Greater Philadelphia*

Kirby, McInerney & Squire, LLP
830 Third Ave., 10th Floor
New York, NY 10022
212-317-2300
*Suffolk County*

Moscone, Emblidge & Quadra, LLP
180 Montgomery Street, Suite 1240
San Francisco, CA 94104
415-362-3599
*Constance Thompson & John Rice*

Murray & Howard, LLP
436 14th Street, Suite 1413
Oakland, CA 94102-540
510-444-2660
*Turner v. Abbott*

Piper & Associates
624 Pierre Avenue
Shreveport, LA 71103
318-226-0826
*Maggie Hudson & Mary Helen Robinson*

Roda & Nast, P.C.
801 Estelle Drive
Lancaster, PA 17552
(717) 892-3000
*Action Alliance of Senior Citizens of Greater Philadelphia*

Rossbacher & Assoc.
811 Wilshire Boulevard, Suite 1650
Los Angeles, CA 90017
213-895-6500
*Dr. Shirley Geller*

Shepherd, Finkelman, Miller & Shah, LLC
35 E. State Street
Media, PA 19063
610-891-9880
*Board of Trustees of Carpenters and Millwrights of*

Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
215-496-0300
*Teamsters Health & Welfare Fund: Of Philadelphia and Vicinity*

Squitieri & Fearon,LLP
521 Fifth Ave., 26th floor
New York, NY 10175
646-487-3049
*Twin Cities Bakeries Fund*

Stern Shapiro Weissberg & Garin
90 Canal St.
Boston, MA 02114
617-742-5800
*Ven-A-Care of The Florida Keys, Inc.*

Trujillo Rodriguez & Richards, LLC
3 Kings Highway East
Haddonfield, NJ 08033
856-795-9002
*Action Alliance of Senior Citizens of Greater Philadelphia; Twin Cities Bakery Workers Health and Welfare Fund; United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund*

Weller, Green, Toups & Terrell, L.L.P.
2615 Calder, Suite 400
P.O. Box 350
Beaumont, TX 77704
409-838-0101
*Board of Trustees of the Carpenters and Millwrights of Houston & Vicinity Welfare Trust Fund*

## **DEFENDANTS**

Arent Fox Kintner Plotkin & Kahn PLLC
1050 Connecticut Avenue, NW
Washington, DC 20036
202-857-6000
*Chiron Corporation*

Arnold & Porter/Endo
555 12th Street NW
Washington, DC 20004
202-942-5000
*Endo Pharmaceuticals, Inc.*

Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
215-665-8500
*Immunex Corp.*

Baxter Healthcare Corp.
One Baxter Parkway
Deerfield, IL 60015-463
847-948-4971
*Baxter Healthcare Corp.*

Bingham McCutchen, LLP
150 Federal St.
Boston, MA 02110
617-951-8000
*Fujisawa Healthcare, Inc.; Takeda Chemical Industries Ltd.; Together Rx LLC*

Chiron Corporation
4560 Horton Street
MS/R-422
Emeryville, CA 94608-291
510-923-3974
*Chiron Corporation*

Coudert Brothers
1114 Avenue of the Americas
New York, NY 10036
212-626-4400
*Dey, Inc.*

Covington and Burling
1201 Pennsylvania Avenue, NW
Washington, DC 20004
202-662-6000
*GlaxoSmithKline*

Davis Polk and Wardwell
450 Lexington Avenue
New York, NY 10017
212-450-4000
*AstraZeneca Pharmaceuticals, L.P.*

Dechert Price & Rhoads
1717 Arch Street
Bell Atlantic Tower
Philadelphia, PA 19103-279
(215) 994-2489
*GlaxoSmithKline*

Dickstein Shapiro Morin & Oshinsky LLP
2101 L St. NW
Washington, DC 20037
202-785-9700
*Baxter International, Inc.; Baxter Healthcare Corp.; Baxter Pharmaceutical Products, Inc.*

DKW LAW GROUP, PC
58TH Floor, U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219
412-355-2973
*Mylan Laboratories, Inc.*

Donnelly, Conroy & Gelhaar, LLP
One Beacon St., 33rd floor
Boston, MA 02108
617-720-2880
*Baxter International, Inc.; Baxter Healthcare Corp.; Baxter Pharmaceutical Products, Inc.*

Dornbush Mensch Mandelstam & Schaeffer, LLP
747 Third Avenue
New York, NY 10017
212 759-3300
*Forest*

Dwyer & Collora, LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
617-371-1000
*Bristol-Myers Squibb Co.*

Foley Hoag LLP
155 Seaport Blvd.
Boston, MA 02210
617-832-1000
*AstraZeneca Pharmaceuticals, L.P.*

Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C.
One Riverfront Plaza
Newark, NJ 07102
973-596-4753
*Berlex Laboratories, Inc.*

Goulston & Storrs
400 Atlantic Avenue
Boston, MA 02110
617-482-1776
*Immunex Corp.*

Greenberg Traurig, LLP
One International Place
Boston, MA 02110
617-310-6000
*Mylan Laboratories, Inc.*

Hogan & Hartson L.L.P.
555 Thirteenth St., NW
Washington, DC 20004
202-637-6853
*Amgen Inc.; Aventis; Behring; Bristol-Myers Squibb Co.; Oncology Therapeutics Network Corp.;*
*Holland & Knight GlaxoSmithKline*

Hughes Hubbard & Reed
1775 I Street N.W.
Washington, DC 20006
202-721-4600
Fax: 202-721-4646
*Merck & Co., Inc.*

Hyman, Phelps & McNamara, P.C.
700 13th Street, N.W., Suite 1200
Washington, DC 20005
202-737-9624
*Watson Pharma, Inc.*

Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
310-277-1010
*IVAX Corp.*

Jenner & Block, LLC
330 N. Wabash
One IBM Plaza
Chicago, IL 60611
312-222-9350
*Takeda Chemical Industries, Ltd.*

Jones Day
77 W. Wacker Dr Suite 3500
Chicago, IL 60601
312-782-3939
*Abbott Laboratories and Abbott Laboratories, Inc.*

Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
212-808-7800
*Dey, Inc.*

Kelly, Libby & Hoopes, P.C.
175 Federal St.
Boston, MA 02110
617-338-9300
*Amgen Inc.*

King & Spalding, LLP
1730 Pennsylvania Avenue, NW
Washington, DC 20016
202-737-0500
*Hofmann-La Roche Inc.*

Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005
(202) 879-5000
*B. Braun Medical Inc.*

Kirkpatrick & Lockhart Nicholson Graham LLP
75 State Street
Boston, MA 02109
617-261-3100
*Aventis Pharmaceuticals, Inc.*

Knapp, Petersen & Clarke
500 North Brand Blvd
Twentieth Floor
Glendale, CA 91203-190
(818) 547-5000
*Alpha Therapeutic Corp.*

Laredo & Smith, LLP
15 Broad Street, Suite 600
Boston, MA 02109
617-367-7984
*Pharmacia Corporation; Pharmacia & Upjohn, Inc; and Monsanto Company*

Law Office of Robert A. Griffith
67 Batterymarch Street, Suite 400
Boston, MA 02110
617-338-7277
*Watson Pharma, Inc.*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
701 Pennsylvania Avenue, N.W.
Suite 900
Washington, DC 20004
202-434-7300
*Eli Lilly and Company*

Morgan Lewis and Bockius
1701 Market Street
Philadelphia, PA 19103
215-963-5000
*Pharmacia Corporation*

Morgan, Lewis & Bockius LLP
300 South Grand Avenue
Suite 2200
Los Angeles, CA 90071
(213) 612-2500
*Pharmacia Corporation; Pharmacia & Upjohn, Inc; and Monsanto Company*

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5322
Fax: (877) 432-9652
*Pfizer, Inc. (Pharmacia)*

Morrison & Foerster - AWP
5200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
303.592.1500
*Purdue Pharma L.P.*

Nixon Peabody LLP
101 Federal St.
Boston, MA 02110
617-345-1000
*Alpha Therapeutic Corp.*

Nixon Peabody LLP
101 Federal Street
Boston, MA 02110
617-951-6600
*Bayer Corp.; Allergan, Inc.*

Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
*Nabi Biopharmaceuticals*

Ober, Kaler, Grimes & Shriver
120 E. Baltimore St.
Baltimore, MD 21202
410-685-1120
*American Home Products (Wyeth)*

Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
212-336-2000
*Johnson & Johnson; Centocor, Inc.; Ethicon Endo-Surgery, Inc.; ALZA Corp.*

Peabody & Arnold, LLP
30 Rowes Warf
Boston, MA 02110-334
617-951-2100
*Hoffmann-La Roche, Inc.*

Perkins Coie
1201 Third Avenue, Suite 4800
Seattle, WA 98101
206-583-8888
*Immunex Corp.*

Pillsbury Winthrop LLP
2550 Hanover Street
Palo Alto, CA 94304
650.233.4500
*SICOR Inc.; Gensia SICOR Pharmaceuticals, Inc.*

Piper Rudnick LLP
One International Place
21st Floor
Boston, MA 02110
617-406-6000
*SICOR Inc.; Gensia SICOR Pharmaceuticals, Inc.*

Reed Smith, LLP
1301 K St., N.W.
Suite 1100 East Tower
Washington, DC 20005
202-414-9200
*Faulding Pharmaceuticals; Fujisawa Healthcare, Inc.*

Ropes and Gray
One International Place
Boston, MA 02110
617-951-7000
*Schering-Plough Corporation; Warrick Pharmaceuticals*

Sherin and Lodgen LLP
100 Summer Street
Boston, MA 02110
617-646-2000
*Sicor, Inc.*

Shook, Hardy & Bacon LLP
2555 Grand. Blvd.
Kansas City, MO 64108
816-474-6550
Fax: 816-421-5547
*Aventis Pharmaceuticals, Inc.*

Sidley Austin Brown & Wood
10 S. Dearborn St.
Chicago, IL 60603
312-853-7000
*Bayer Corp.; Allergan, Inc.*

Testa, Hurwitz and Thibeault, LLP
125 High Street
Boston, MA 02110
617-248-7000
*Abbott Laboratories and Abbott Laboratories, Inc.*

Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-100
614-464-6400
*Bedford Laboratories*

White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8200
*Geneva Pharmaceuticals, Inc.*

Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005
(202) 434-5526
*Medimmune, Inc.*

Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
617-526-6000
*American Home Products (Wyeth)*