UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: Pharmaceutical Industry Average Wholesale Price Litigation | : : : : : : : : : | MDL No. 1456 Civil Action No. 01-12257-PBS Judge Patti B. Saris Chief Magistrate Judge Marianne B. Bowler |
| This Document Relates To All Actions | | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT
B. BRAUN MEDICAL INC.'S MOTION FOR PROTECTIVE ORDER STAYING
DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS**

Plaintiffs, pursuant to Local Rules 7.1 and 37.1 of the District of Massachusetts, file this Memorandum in Opposition to Defendant B. Braun Medical Inc.'s ("BBM") Motion For Protective Order Staying Discovery Pending Resolution of its Motion To Dismiss the Second Amended Master Consolidated Class Action Complaint ("SAMCC").

## I.      Introduction

In a transparent strategy to prevent plaintiffs from taking meaningful discovery of Track II defendant BBM, defendant has filed yet another motion in this case. Notwithstanding the fact that plaintiffs currently face a mere six month window to complete all fact discovery against the Track II defendants, BBM seeks a total stay of discovery to avoid producing any 30(b)(6) designee while its motion to dismiss is pending and to cause plaintiffs additional delay in the event its motion to dismiss is denied.[1]

---

[1] BBM's lack of good-faith in resolving this dispute is evidenced by the fact that it was able to file its motion and accompanying ten page brief only hours after a conference call between counsel during which plaintiffs' counsel offered to grant a 30 day stay of discovery with the possibility of granting additional extensions.

In its brief, BBM's chief contention is that a stay should issue because it is likely to prevail on its underlying motion to dismiss and therefore any discovery against BBM is premature and will impose a significant burden and expense. (*See* BBM's Br. at 1-3, 6-7). However, BBM's argument fails to establish the need for a stay for two reasons. First, BBM's conclusory assumption that it will prevail in its motion to dismiss is purely speculative and is an insufficient basis for the issuance of a stay as a matter of law. Second, because Case Management Order ("CMO") No. 14 requires that all fact Track II discovery be completed by December 3, 2005, and CMO No. 10 requires that depositions of any 30(b)(6) deponents must take place within forty-five (45) days of being noticed ("the 45-day rule"), the issuance of a stay would cause substantial delay that would prejudice plaintiffs' ability to complete discovery against BBM. Accordingly, BBM's motion for protective order should be denied.

## II.     Background

In June 2002, plaintiffs filed the Amended Master Consolidated Complaint ("AMCC"), asserting that several drug manufacturer defendants, including several B. Braun entities, violated the federal racketeering statute, eleven consumer fraud statutes and the antitrust laws. On February 24, 2005, plaintiffs filed the SAMCC, adding BBM as a Track II defendant. On March 21, 2005, BBM filed its motion to dismiss the SAMCC on the ground that the Court lacks subject matter jurisdiction over plaintiffs' claims against BBM. The motion has been fully briefed by both parties.

The Court has issued two Case Management Orders that are particularly relevant to the instant motion. First, on March 25, 2004, the Court issued CMO No. 10, which remains in effect and applies to all parties, and requires that depositions of any 30(b)(6)

deponents be scheduled within forty-five (45) days. CMO No. 10, ¶ 6. This deadline was imposed in light of plaintiffs' concerns that the time for conducting discovery was short. Later, on March 28, 2005, the Court issued CMO No. 14, which governs the scheduling of discovery and motion practice regarding the Track II defendants. As it relates to this motion, CMO No. 14 requires that all fact discovery regarding Track II defendants be completed by December 3, 2005. CMO No. 14, ¶ 4.

On May 4, 2005, plaintiffs issued their Notice of Rule 30(b)(6) Deposition to Defendant B. Braun Medical, Inc. seeking a BBM corporate designee to testify on issues relating to the pricing, sales and marketing of its physician-administered drugs. Unlike previous 30(b)(6) notices to Track I defendants, the notice to BBM refined and reduced the deposition to only twelve (12) areas of inquiry, as opposed to twenty (20). Plaintiffs noticed the deposition to take place forty-five (45) days later on June 20, 2005.

On May 6, 2005, plaintiffs issued a separate Notice of Rule 30(b)(6) Deposition to Defendant B. Braun Medical, Inc. This notice sought a BBM designee who could testify regarding the company's sales-related financial data. Again, in light of experience gained by working with the Track I defendants, plaintiffs, in good faith, sought to substantially narrow the types of sales related data that they requested from defendant. The deposition was scheduled to take place forty-five (45) days later on June 22, 2005.

On May 23, 2005, counsel for both parties conferred by telephone. During that telephone call, plaintiffs' counsel proposed to temporarily postpone the two depositions for thirty (30) days with the understanding that the parties would confer again in July to discuss the possibility of a further extension. BBM's counsel, Daniel Attridge, however, immediately rejected the offer and demanded that plaintiffs completely withdraw both

30(b)(6) notices.  Plaintiffs' counsel explained that to withdraw and re-issue the notices would severely prejudice plaintiffs' ability to take meaningful discovery in compliance with the 45-day rule and the December 3rd deadline.  BBM's counsel refused to compromise or to agree to waive the 45-day rule requirement.  Later that day, BBM filed the instant Motion for Protective Order.

### III.     Argument

####      A.     Defendant Has Failed To Establish The Need For A Stay.

In class actions, like in other kinds of litigation, "[c]ourts generally frown on motions to stay discovery and deny them in the absence of compelling reasons." *Evans v. Yum Brands, Inc.*, 326 F.Supp.2d 214, 226 (D.N.H. 2004) (*quoting* 3 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 9:43, at 404 (4th ed. 2002)); *see also In re Lotus Dev. Corp. Sec. Litig.,* 875 F.Supp. 48, 51 (D.Mass.1995) (denying requested stay of automatic disclosure and discovery) (Saris, J.).  The party seeking a stay carries the heavy burden of making a "strong showing" why discovery should be denied. *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D.Cal.1990) (*citing Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).  Here, BBM has failed to meet its heavy burden and its motion should be denied.

####           1.     The Mere Fact That BBM Has A Pending Motion To Dismiss Does Not Warrant A Stay Of Discovery.

BBM's primary argument is that a stay is necessary here in light of its pending motion to dismiss.  *See* BBM's Br. at 1.  However the argument is meritless. Courts universally recognize that the imposition of a stay is not appropriate simply on the basis that a motion to dismiss has been filed, as the Federal Rules make no such provision.  *See In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *1 (S.D.N.Y. Jan 22,

4

2002); *Evans*, 326 F.Supp.2d at 226 ("A defendant's confidence that it will prevail on a potentially dispositive motion does not in and of itself justify holding discovery in abeyance.")  Rather, "[t]he moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Gray*, 133 F.R.D. at 40.   Despite providing an inordinate amount of its brief to improperly rehashing its motion to dismiss and mischaracterizing plaintiffs' response thereto, BBM still has done nothing more than argue in conclusory fashion that its motion to dismiss will succeed. Yet it is well-settled that "[i]dle speculation does not satisfy Rule 26(c)'s good cause requirement." *Id*.  Indeed, for reasons stated more fully in plaintiffs' brief, the Class Action Fairness Act provides the basis for this Court to assert diversity jurisdiction over plaintiffs' claims against BBM.  Even in the absence of a stay because BBM's underlying motion to dismiss will be decided in due course and the Federal Rules allow for BBM to raise appropriate objections to discovery.  Moreover, even a granting of the motion to dismiss would not necessarily eliminate BBM from this litigation because a complaint re-filed in another federal district court is likely to be designated as related and thus returned to this action.

Indeed, district courts routinely deny motions for a stay of discovery pending adjudication of a motion to dismiss.  *See Evans*, 326 F.Supp.2d at 226; *In re Lotus Dev. Corp. Sec. Litig.,* 875 F.Supp. at 53 (denying requested stay of automatic disclosure and discovery) (Saris, J.); *Turner Broadcasting Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); *Feldman v. Flood*, 176 F.R.D. 651, 653  (M.D. Fla. 1997); *Coca-Cola Bottling Co. of the Lehigh Valley v. Grol*, 1993 WL 13139559 at *4 (E.D. Pa. March 8, 1993); Gray, 133 F.R.D. at 40; *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D.

5

261, 264 (M.D.N.C. 1988). Here, BBM has failed to satisfy its heavy burden that a stay of discovery is necessary.

### 2. Plaintiffs Will Suffer Prejudice From A Stay of Discovery.

Another reason a stay is inappropriate here is that the harm of staying discovery significantly outweighs the harm of allowing discovery to continue. In determining whether to grant a stay, courts consider various factors, including the breadth of discovery, the burden of responding to discovery, and any prejudice to the party opposing the stay. *In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *1. Some courts have "peek[ed]" at the strength of the dispositive motion that is the basis for the discovery stay application. *See Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. at 263. Applying these factors to the instant case warrants that BBM's motion be denied.

First, the breadth of discovery sought by plaintiffs is not overly broad because it inarguably pertains directly to the merits of plaintiffs' claims against BBM. In the SAMCC, plaintiffs allege that BBM fraudulently manipulated the Average Wholesale Prices ("AWPs") of its respective drugs, causing individuals and health plans to unknowingly overpay for such drugs. Plaintiffs also allege that BBM marketed the profitability of prescribing such drugs to encourage physicians to increase prescriptions and thereby increase BBM's market share. The testimony currently sought by plaintiffs is critical for establishing plaintiffs' claims against BBM and has been narrowly tailored to uncover pricing, marketing and sales practices relating to BBM's relevant physician administered drugs during the Class Period. For example, plaintiffs seek testimony on subjects such as the actual average selling price of BBM's relevant drugs and the manner in which defendant's sales representatives marketed the AWP spreads of those drugs.

Thus, such discovery is necessary for establishing plaintiffs' fraud claims in the underlying action.

Nor is the burden created by plaintiffs' discovery requests substantial. A mere showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for issuance of a protective order. *See e.g., Lehnert v. Ferris Faculty Assoc.--MEA-NEA*, 556 F.Supp. 316, 318 (W.D.Mich.1983). Here, BBM has not, and indeed, cannot show that the costs associated with the present discovery requests, namely defending two depositions, creates a substantial burden for BBM.

Second, and most significantly, a stay of discovery would cause substantial prejudice to plaintiffs. In determining whether to stay discovery while pending motions are decided, the trial court "inevitably must balance the harm produced by a delay in discovery against the possibility that [a dispositive] motion will be granted and entirely eliminate the need for such discovery." *Feldman*, 176 F.R.D. at 652. Even BBM acknowledges in its brief that a stay cannot issue where it causes prejudice to the plaintiffs. BBM Br. at 5.

In the instant case, CMO No. 14 requires that all Track II fact discovery be completed by December 3, 2005. Although B. Braun entities were named more than three years ago in the original Amended Master Consolidated Complaint ("AMCC") filed, and then later in the Second Amended Master Consolidated Complaint ("SAMCC"), BBM has yet to produce a single document or witness in discovery.[2] Thus, plaintiffs are severely limited in the amount of time they have to conduct all fact discovery against BBM.

---

[2] B. Braun has produced a minimal number of documents to date, and only after the Court ordered it to do so while a prior motion to dismiss was pending.

7

Dissatisfied with permitting plaintiffs to proceed within a brief six month period, BBM's counsel, by way of its motion, now seeks to reduce plaintiffs' discovery window even further by demanding both: (i) a stay of discovery; and (ii) that the previously noticed depositions be withdrawn and then re-issued if the Court denies the underlying motion to dismiss and consistent with the 45-day rule.  However, defendant's blatant attempt to delay discovery at this stage in the litigation cannot stand.  The 45-day rule was intended to expedite discovery, and not, as BBM would like, to serve as a shield against plaintiffs' attempts to take discovery.  The obvious and substantial prejudice that such additional delays at this late stage in the litigation would cause plaintiffs renders BBM's motion for a stay untenable.  *See, e.g., Enpreotech Corp. v. Autotech Corp.*, 1990 WL 37217 at * *1-2 (N.D. Ill. 1990) (denying motion to stay where discovery was almost completed).

Nor do the cases cited by BBM suggest otherwise.  BBM cites *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 WL 101277 at *3 (S.D.N.Y. Mar. 7, 1996) for the proposition that granting a stay less than two weeks before the scheduled close of fact discovery is not prejudicial to the non-moving party.  BBM's Br. at 8.  However, defendant's reliance on *Anti-Monopoly* is disingenuous at best.  The *Anti-Monopoly* court, less than two weeks before fact discovery was to be completed, issued a stay of discovery based on defendant Hasbro, Inc.'s pending motion for judgment on the pleadings.  However, the court expressly explained that in the event it denied Hasbro's underlying motion, it would extend the discovery deadline by more than a year in order to avoid any prejudicial effect on the plaintiff.  Here, unlike in *Anti-Monopoly*, the Court has not offered to extend the underlying discovery deadline.  Accordingly, *Anti-Monopoly* is not applicable.

8

In sum, the application of these factors demonstrates that defendant has not established the need for a stay. Accordingly, defendant's motion should be denied.[3]

## IV. Conclusion

For all of the foregoing reasons, BBM's Motion for Protective Order Staying Discovery Pending Resolution of its Motion To Dismiss the Second Amended Master Consolidated Class Action should be denied.

Respectfully submitted,

DATED:  June 6, 2005

By  /s/ **Edward Notargiacomo**
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

---

[3] BBM also contends that "[p]ermitting discovery against BBM before its motion to dismiss has been resolved would be…inconsistent with the Court's past orders staying discovery pending resolutions of dispositive motions." BBM Br. at 9. To support its argument, BBM cites two prior Orders where the Court issued a stay of discovery. However, neither example is analogous. First, one Order actually permitted plaintiffs to obtain initial discovery from B. Braun while a motion to dismiss was pending. Second, neither Order came at such a late stage in the discovery process as to cause substantial prejudice to plaintiffs' ability to establish their claims through discovery. Accordingly, a denial of the instant motion would not be inconsistent with this Court's prior rulings.

Marc H. Edelson
Allan M. Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611


Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm, LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I, Edward Notargiacomo, an attorney, caused a true and correct copy of the foregoing Plaintiffs' Memorandum in Opposition to Defendant B. Braun Medical Inc.'s Motion for Protective Order Staying Discovery Pending Resolution of its Motion to Dismiss**,** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on June 6, 2005, a copy to Verilaw Technologies for Posting and notification to all parties

By  /s/ Edward Notargiacomo
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Phone: 617-482-3700
Facsimile: 617-482-3003