## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | **MDL No. 1456**<br><br>**CIVIL ACTION:  01-CV-12257-PBS**<br><br>**Magistrate Judge Marianne Bowler** |
| **THIS DOCUMENT RELATES TO ALL CLASS ACTIONS** | |

### PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS AND FOR SANCTIONS AGAINST DEFENDANT AVENTIS INC.

Plaintiffs hereby move this Court for an Order compelling Defendant Aventis to immediately produce Fed. R. Civ. P. 30(b)(6) designees and for sanctions for failing to comply with Case Management Order No. 10 ("CMO 10"), which sets forth specific time frames for production of deposition witnesses.  CMO 10 requires that Rule 30(b)(6) designees must be produced within 45 days of a deposition notice.[1]  Plaintiffs served their Rule 30(b)(6) notice to Aventis on May 13, 2005.  A copy of Plaintiffs' Notice of Deposition is attached as Exhibit "B." Thus, the 45 day deadline will expire on June 28, 2005.

In a letter dated June 3, 2005, Aventis indicated that it would need to produce several persons to comply with the Plaintiffs' notice, but that it was unable to produce **anyone** within the 45 days required by CMO 10.  A copy of Aventis' June 3, 2005, letter is attached as Exhibit "C." Aventis offers no explanation for its failure to comply, and only states that it is "working

---

[1] CMO 10, paragraph 6, states in full: "[e]ach Defendant shall produce 30 (b)(6) witnesses within

diligently" and is "making good progress." Thus, as of the date of filing this motion, Aventis has

not stated when, beyond the 45-day limit, it could produce witnesses.

Plaintiffs note that the discovery deadline for Track 2 Defendants, including Aventis, is

December 3, 2005: less than 6 months from now.  Plaintiffs have alleged claims regarding 13

Aventis drugs.  The Rule 30(b)(6) designees Plaintiffs seek are an initial phase of discovery and

are merely to identify Aventis' financial, sales and marketing procedures, together with relevant

documents and witnesses for further discovery.  Appropriate designees will allow the parties to

conduct more focused, productive discovery which will be necessary for compliance with the

looming discovery deadlines.

The 45-day requirement, and the other discovery deadlines of CMO 10, were approved

by the Court after briefing from the parties.  Plaintiffs suggested that firm discovery rules were

necessary, noting that past deposition notices had been largely ignored or met with undue delay

by the Defendants, and presciently predicted that "without a firm deadline defendants will drag

their feet."[2]  The Court chose to adopt the firm discovery rules suggested by the Plaintiffs.

However, even a prior Order of the Court has not stopped Aventis from delaying basic

discovery.

Plaintiffs are compelled to ask this Court for an Order requiring Aventis to produce Rule

30(b)(6) designees within 7 days, and requiring Aventis to suffer sanctions, in the amount of

Plaintiffs' cost of filing the instant motion, for Aventis' failure to comply with the clear language

of CMO 10.

---

45 days of such a request."  A copy of CMO 10 is attached as Exhibit "A."

[2]  Plaintiffs Memorandum in Support of Entry of Proposed Case Management Order, March 16,
2004, p. 3.

**WHEREFORE**, for the reasons set forth above, Plaintiffs request this Court Order Aventis to immediately produce Rule 30(b)(6) witnesses and suffer sanctions for its failure to comply with the clear mandate of CMO 10.

Dated:        June 10, 2005                    /s/*John Macoretta*
                                              Jeffrey Kodroff
                                              John Macoretta
                                              Spector, Roseman & Kodroff, P.C.
                                              1818 Market Street, Suite 2500
                                              Philadelphia, PA 19103

                                              Tom Sobol
                                              Edward Notargiacomo
                                              Hagens Berman LLP
                                              One Main Street, 4th Floor
                                              Cambridge, MA 02110

                                              Steve W. Berman
                                              Sean R. Matt
                                              Hagens Berman LLP
                                              1301 Fifth Avenue, Suite 2900
                                              Seattle, WA 98101

                                              Samuel Heins
                                              Brian Williams
                                              Heins, Mills & Olson, P.C.
                                              3550 IDS Center
                                              80 South Eighth Street
                                              Minneapolis, MN 55402

                                              Marc H. Edelson
                                              Hoffman & Edelson
                                              45 West Court Street
                                              Doylestown, PA 18901

                                              Kenneth A. Wexler
                                              Jennifer F. Connolly
                                              The Wexler Firm
                                              One North LaSalle Street, Suite 2000
                                              Chicago, IL 60602

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Docket No. MDL 1456

I hereby certify that I have conferred and attempted in good faith to narrow the issues with opposing counsel on numerous occasions as is set forth herein.

<u>   /s/ John A. Macoretta   </u>

Dated: June 10, 2005


## CERTIFICATE OF SERVICE

Docket No. MDL 1456

I, John A. Macoretta, hereby certify that I am one of Plaintiffs' attorneys and that, on June 10, 2005, I caused copies of Plaintiffs' Motion to Compel Depositions and For Sanctions Against Defendant, Aventis, Inc., to be served via VeriLaw on all counsel of record.

<u>   /s/ John A. Macoretta   </u>

Dated: June 10, 2005

4

# Exhibit A



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
IN RE PHARMACEUTICAL INDUSTRY  )      MDL NO. 1456
AVERAGE WHOLESALE PRICE        )      CIVIL ACTION NO.
LITIGATION                     )      01-12257-PBS
_____)
```

## CASE MANAGEMENT ORDER NO. 10

March 25, 2004

Saris, U.S.D.J.

### I.  PHASING OF DISCOVERY

1.  Discovery shall be permissible with respect to all parties, claims and issues not dismissed under the February 24, 2004 Memorandum and Order.  Discovery, motion practice and trial shall occur in two phases.

2.  Phase 1 shall consist of a "fast track" in which five Defendants will litigate all phases of the case through summary judgment.  The cases against those five companies shall proceed on the Phase 1 schedule set below.  Phase 2 shall consist of a "regular track."

3.  The case is referred to Chief Magistrate Judge Bowler for case management and all non-dispositive matters.

### II.  ADDITIONAL DISCOVERY RULES

1.  To the extent they have not done so, all Defendants are directed to supplement their document productions under the order of this Court dated October 28, 2002 (relating to production of



documents produced to governmental bodies concerning AWP matters)
by producing all documents relating to any drugs in Appendix A to
the AMCC, and all non-privileged documents relating to any drugs,
produced by any Defendant in response to recent subpoenas issued
by the House Energy and Commerce Committee, or any other
governmental body.  Defendants shall make these documents
available to counsel for the Plaintiffs for inspection and
photocopying within 30 days.

2.  The identification of a drug on the Phase 1 list
includes all NDC's for that drug, including NDC's not in the
AMCC.

3.  Any documents available in an electronic format shall be
so provided in that format, i.e., in an identical, usable
electronic format.  If issues regarding compatibility of computer
systems and software arise, the producing parties shall confer to
resolve the matters.

4.  A responding party to an initial document request shall
complete production of all documents within sixty (60) days of
service of such request.  Any dispute over the document request
(i.e., overbreadth or burden) shall be presented to the
magistrate judge within 30 days after service of the request
after the parties have conferred.  Even if there is a dispute
over a document request, the undisputed documents shall be
produced within 60 days.



5.   Privilege logs shall be provided 14 days after a production, and shall provide reasons for each document withheld from production, as well as for each redaction from a document produced.  There shall be no redaction of documents by any party on any basis other than a bona fide claim of a recognized lawful privilege.  No stamps of "confidential" or the like shall be on the text of a document.  All documents shall be produced in their original size.

6.   Each Defendant shall produce 30(b)(6) witnesses within 45 days of such a request.

7.   A party shall provide a "three week deposition notice" under which such party provides at least 21 days notice for a proposed deposition.  A responding party may suggest an alternative date no later than seven more working days from the original notice.  The parties shall confer in good faith.  Any motion for a protective order shall be filed at least five working days before the scheduled deposition; any response shall be filed within two working days.

8.   No deposition of a witness by a deposing party shall be longer than twenty-one hours unless agreed by the parties or permitted by court order.  The non-deposing party shall have seven hours for cross-examination.  There shall be two hours for re-direct and two hours for re-cross.

3



### III.   PHASE 1 SCHEDULE

The following five companies from the AMCC are subject to the Phase I fast track: AstraZeneca; the BMS Group (Bristol-Myers, OTN and Apothecon); the GSK Group (GlaxoSmithKline, SmithKline Beecham and Glaxo Wellcome); the Johnson and Johnson Group (J&J, Centocor and Ortho); and the Schering-Plough Group (Schering and Warrick).

The schedule shall be as follows for Phase I:

1.  Plaintiffs' Motion for Class Certification on Phase 1 shall be filed by September 3, 2004.

2.  Plaintiffs' Disclosure of Expert Reports in Support of Motion for Class Certification filed by September 3, 2004.

3.  Discovery of Plaintiffs' Experts on Class Certification completed by October 4, 2004.

4.  Defendants' Opposition to class certification to be filed by October 25, 2004, along with any expert reports.

5.  Discovery of Defendants' experts completed by November 23, 2004.

6.  Plaintiffs' Reply on Class Certification filed by December 1, 2004.

7.  Any surreply shall be filed by December 8, 2004.

8.  Hearing on Class Certification on December 17, 2004 at 2:00 p.m.

9.  Close of Phase 1 Fact Discovery on January 30, 2005.



10.  Plaintiffs serve liability expert reports on January 31, 2005.

11.  Defendants serve expert reports on liability on February 28, 2005.

12.  Close of Expert Discovery on March 30, 2005.

13.  Summary Judgment Motions filed no later than April 15, 2005.

14.  Oppositions due May 2, 2005.

15.  Replies due on May 16, 2005.

16.  Any surreply on May 30, 2005.

17.  Hearing on Motions for Summary Judgment on June 8 , 2005 at 2:00 p.m.

## IV.  PHASE 2 SCHEDULE

1.  After the Court's ruling on the Phase 1 certification motion, the Court shall set a Phase 2 briefing schedule on class certification.  Plaintiffs shall be prepared to file the motion for class certification within sixty (60) days of the Court's ruling.

2.  Fact discovery on Phase 2 will close on October 3, 2005. Plaintiffs shall file expert reports on November 1, 2005. Defendant shall file expert reports on December 1, 2005.  Expert discovery shall be completed by January 16, 2006.  Any motion for summary judgment shall be filed by January 30, 2006.  Any opposition shall be filed by February 12, 2006.  Any reply by



February 27, 2006, and the sur-reply by March 13, 2006.

### V.   <u>Together Rx</u>

After some reflection, I have placed the Together Rx program on the regular track.  As I read the two proposals, creation of a third track seems unwieldy and confusing.  In particular, the issues involving product-specific discovery for 170 drugs involved in the Together Rx program seem too complex to resolve on a fast track.  Nothing in this order precludes Defendants from moving for summary judgment earlier.

### VI.   <u>MISCELLANEOUS</u>

To protect the integrity of the MDL process, Defendants shall notify the Plaintiffs and the Court in writing of any attempts to settle any of the claims before this Court in another jurisdiction upon commencement of such discussions.  Failure to do so may result in injunctive relief, contempt sanctions, and refusal to give any judgment preclusive effect.

### VII.   <u>BRIEFING</u>

No brief shall be longer than 20 pages, unless advance permission of the Court is obtained.

### VIII.   <u>MEDIATION</u>

Within 30 days, the fast track parties shall propose a process and schedule for mediation.

### IX.   <u>CASE MANAGEMENT</u>

The case management order is applicable to all related cases

6



brought by the state and county governmental entities.  When I resolve the pending motions, I will enter a separate case management order.


S/PATTI B. SARIS
United States District Judge

# Exhibit B

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY | ) | |
| AVERAGE WHOLESALE PRICE | ) | MDL No. 1456 |
| LITIGATION | ) | |
| | ) | CIVIL ACTION: 01-CV-12257-PBS |
| | ) | |
| THIS DOCUMENT RELATES TO | ) | Judge Patti B. Saris |
| ALL ACTIONS | ) | |
| | ) | |

## NOTICE OF DEPOSITION

**TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 30, Plaintiffs, by their attorneys, will take the oral deposition, before a person contemplated by Fed.R.Civ.P. 28(a), of Defendant Aventis Pharmaceuticals', Inc. Fed.R.Civ.P. 30(b)(6) designee who is knowledgeable of the matters itemized in Exhibit "A."

The deposition will be recorded by stenograph and video. The deposition will take place on June 27, 2005, at 10:00 a.m., EDT, at the offices of Spector, Roseman & Kodroff, P.C., 1818 Market Street, Suite 2500, Philadelphia, Pennsylvania 19103.

You are invited to attend and examine the witness.

Respectfully submitted,

**SPECTOR, ROSEMAN & KODROFF, P.C.**

By___ /s/ John  Macoretta_____
     Jeffery Kodroff, Esquire
     John Macoretta, Esquire
     **Spector, Roseman & Kodroff, P.C.**
     1818 Market Street, Suite 2500
     Philadelphia, PA  19103

     Marc H. Edelson
     Allan Hoffman
     **Hoffman & Edelson**
     45 West Court Street
     Doylestown, PA  18901
     Telephone: (215) 230-8043

     Thomas M. Sobol (BBO#471770)
     Edward Notargiacomo (BBO#567636)
     **Hagens Berman LLP**
     One Main Street, 4th Floor
     Cambridge, MA 02142
     Telephone: (617) 482-3700

     Steve W. Berman
     Sean R. Matt
     Robert Gaudet
     **Hagens Berman LLP**
     1301 Fifth Avenue, Suite 2900
     Seattle, WA  98101
     Telephone: (206) 623-7292

     Samuel Heins
     Susan McMennamin
     **Heins, Mills & Olson, P.C.**
     3550 IDS Center
     80 South Eighth Street
     Minneapolis, MN  55402
     Telephone: (612) 338-4605

Kenneth A. Wexler
**The Wexler Firm, LLP**
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222

Dated: May 13, 2005

# EXHIBIT "A"

## INSTRUCTIONS

Plaintiffs incorporate by reference all of the Definitions from Plaintiffs' Omnibus Request for Production of Documents Related to All Defendants.

"Spread" refers to the difference between AWP or any price upon which reimbursement for a drug is based, on the one hand, and the actual or net price paid for a drug on the other.

Unless otherwise specifically stated, each of these Areas of Inquiry encompasses the years 1991 through the present.

## AREAS OF INQUIRY

1. The process by which Aventis Pharmaceuticals, Inc. ("Aventis") establishes, states, changes or is otherwise directly or indirectly involved in setting the AWP, List Price, WAC, Average Wholesale Price, actual sales price, contract price or any other price for the following subject pharmaceuticals: Allegra, Allegra-D, Amaryl, Anzemet, Arava, Azmacort, Calcimar, Carafate, Cardizem, Gammar PI.V., Intal, Nasacort, Taxotere, Trental. This area of inquiry includes identification of the names or job titles of all personnel involved in said processes and all documents created in connection with said processes.

2. Aventis' policies or practices concerning the calculation, determination, dissemination, communication or publication of the AWP, List Price, WAC, or any other price for the following subject pharmaceuticals: Allegra, Allegra-D, Amaryl, Anzemet, Arava, Azmacort, Calcimar, Carafate, Cardizem, Gammar PI.V., Intal, Nasacort, Taxotere, Trental.

3.  The process by which Aventis decides to offer any type of discount, rebate, incentive or penalty in connection with the purchase of the following subject pharmaceuticals: Allegra, Allegra-D, Amaryl, Anzemet, Arava, Azmacort, Calcimar, Carafate, Cardizem, Gammar PI.V., Intal, Nasacort, Taxotere, Trental.

4.  The identity and nature of any regularly created documents which report, review, comment upon or analyze any price stated or charged for the following subject pharmaceuticals: Allegra, Allegra-D, Amaryl, Anzemet, Arava, Azmacort, Calcimar, Carafate, Cardizem, Gammar PI.V., Intal, Nasacort, Taxotere, Trental.

5.  The method by which Aventis calculates or determines the average sales price for the following subject pharmaceuticals: Allegra, Allegra-D, Amaryl, Anzemet, Arava, Azmacort, Calcimar, Carafate, Cardizem, Gammar PI.V., Intal, Nasacort, Taxotere, Trental.  This area of inquiry includes any determination or rendering of actual transaction costs and/or revenues at any level of the distribution or processing chains.

6.  The method by which Aventis calculates or determines the net profit for the following subject pharmaceuticals: Allegra, Allegra-D, Amaryl, Anzemet, Arava, Azmacort, Calcimar, Carafate, Cardizem, Gammar PI.V., Intal, Nasacort, Taxotere, Trental.

7.  The nature of Aventis' efforts to market, promote or tout the Spread on any of the following subject pharmaceuticals: Allegra, Allegra-D, Amaryl, Anzemet, Arava, Azmacort, Calcimar, Carafate, Cardizem, Gammar PI.V., Intal, Nasacort, Taxotere, Trental.  This inquiry includes the names or job titles of all personnel involved in said efforts.

8.  The nature of Aventis' strategies, plans or efforts to market, promote or sell any of the following subject pharmaceuticals: Allegra, Allegra-D, Amaryl, Anzemet, Arava, Azmacort, Calcimar,  Carafate,  Cardizem,  Gammar  PI.V.,  Intal,  Nasacort,  Taxotere,  Trental.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 13, 2005, I served true and correct copies of the foregoing

Notice of Deposition via Verilaw on all counsel of record.

                                                _/s/ John Macoretta_____

                                                Jeffery Kodroff, Esquire

                                                John Macoretta, Esquire

                                                Spector, Roseman & Kodroff, P.C.

                                                1818 Market Street, Suite 2500

                                                Philadelphia, PA  19103

# Exhibit C

Shook,
Hardy&
Bacon L.L.P.
www.shb.com

June 3, 2005

**Via Email**

John A. Macoretta
Spector, Roseman & Kodroff
1818 Market Street,. Suite 2500
Philadelphia, PA 19103

Joseph G. Matye

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6650
816.421.5547 Fax
jmatye@shb.com

Re:     *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
        MDL No. 1456; *State of Connecticut v. Aventis Pharmaceuticals Inc.*

Dear John:

This responds to your letter of yesterday addressed to Neil Danaher concerning various discovery issues we discussed during our telephone call on June 1st. I want to specifically deal with the comments you included relating to the upcoming 30(b)(6) depositions.

With respect to the Rule 30(b)(6) deposition notice, you note that you expect all designees to be produced by the end of June, and in the absence of such production, you intend to bring the matter to the Court's attention. I certainly appreciate your eagerness to get these depositions scheduled. I want to be clear, however, about the current status of our work on this issue.

As I explained to you during our telephone call, Aventis has been working diligently to identify and schedule witnesses responsive to the multiple topics included in the 30(b)(6) notice that you served on May 13, 2005. I explained that we anticipated needing as many as six witnesses to address the various deposition topics, and that those witnesses will include former employees. While we are making good progress, it is unrealistic to suggest that we will be able to complete all these arrangements and produce the witnesses in the 27 days left before June 30th, especially given that two of Aventis's lawyers have children involved in weddings during June, as we advised you early on.

We are doing our best to get you proposed dates so that we can promptly schedule these depositions. We do not believe it is either appropriate or productive to threaten recourse to the Court on the issue of deposition scheduling while we are actively engaged in moving those issues forward. Frankly, the Court might well be puzzled if presented with a motion to compel a process that was already ongoing and appears likely to self-resolve in matter of a few additional weeks.

We would ask that you show us the same courtesy we have shown plaintiffs in working through the logistics of setting depositions. Should you have any comments or questions regarding this issue, please feel free to contact me.

Sincerely,

Joseph G. Matye

cc:     Neil Danaher
        James E. Miller

Geneva
Houston
Kansas City
London
Miami
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

1673536v1