# Defendant Sicor, Inc. and Sicor Pharmaceuticals, Inc.

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257PBS |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | Judge Patti B. Saris<br><br>Chief Magistrate Judge Marian B. Bowler |

### DECLARATION OF CLIFFORD M. COLE IN SUPPORT OF DEFENDANT SICOR INC. AND SICOR PHARMACEUTICALS, INC.'S MOTION FOR PROTECTIVE ORDER

Pursuant to 28 U.S.C. § 1746, I, Clifford M. Cole, hereby make the following declaration:

1. I am an Associate Director of Information Technology for Sicor Inc. and Sicor Pharmaceuticals, Inc. ("Sicor"). I have held this position for a few months. Prior to that, I held the position of Senior Project Manager.

2. As the Associate Director of Information Technology for Sicor, I am responsible for managing some of Sicor's information technology projects and the development of Sicor's business software applications.

3. Sicor's Information Technology ("IT") Department consists of approximately 15 persons, of whom, 13 are dedicated to supporting Sicor's business operations. The other two individuals are responsible for supporting Sicor's scientific applications.

4. In early 2005, I was contacted by Sicor's outside counsel, Elizabeth I. Hack, of the law firm of Sonnenschein Nath & Rosenthal LLP in connection with an information technology project associated with Sicor's discovery obligations in the above referenced litigation.

5. In conjunction with this lawsuit, Ms. Hack directed my department to conduct an audit of any and all electronic data, not previously produced, that may contain information responsive to Plaintiffs' discovery requests.

6. Previously, Sicor's IT Department located and copied from production many thousands of electronic records, including emails from the March 2002-forward time frame. Prior to 2002, Sicor's email records are not readily accessible due to the fact that prior to that time, Sicor's backup system captured information at the database level only, so that individual email accounts were not imaged separately. In addition, as is customary with backup tapes, the data on the tapes is not organized for the retrieval of



EXHIBIT A
Defendant Sicor, Inc. and Sicor Pharmaceuticals, Inc.

-2-

individual documents or files. Rather, each tape is a "sequential access" device, meaning that all of the data on the tape must be read and restored. Accordingly, information on backup tapes prior to 2002 cannot be restored "piecemeal," making restoration both time consuming and expensive.

7. As part of our on-going discovery obligations and in conjunction with Ms. Hack's directive, I directed members of our IT Department to conduct an audit of archived data stored off-site at an Iron Mountain storage facility in Mission Viejo, California.

8. As a result of that audit, approximately 300 "backup tapes" were located for the period 1998 through February of 2002. Given the small IT staff at Sicor and its concomitant workload, Ms. Hack then directed me to obtain restoration estimates from outside vendors.

9. In March of 2005, I contacted two vendors to request restoration estimates, which were provided to me in April, 2005. The two vendors provided quotes of $40,960.00 and $42,500.00 to restore the tapes. Both estimated it would take between eight and twelve weeks to complete the project.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date: 6/13/05

Clifford M. Cole
Associate Director of Information
Technology for Sicor Inc. and Sicor
Pharmaceuticals, Inc.