UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL NO. 1456 ) ) CIVIL ACTION: 01-CV-12257-PBS ) |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | ) Judge Patti B. Saris ) ) |

### PLAINTIFFS' MOTION TO COMPEL DEFENDANTS, DEY, INC. AND DEY, L.P., TO PRODUCE DOCUMENTS IN THE MANNER REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE 34(b) AND TO PRODUCE ITS OPTICAL CHARACTER RECOGNITION FOR ELECTRONIC DOCUMENTS

**I.   BASIS OF MOTION:**

Plaintiffs, pursuant to Fed. R. Civ. P. 37, hereby move to compel Defendants, Dey, Inc. and Dey, L.P., ("Dey") to: (1) produce documents in the manner required by Fed. R. Civ. P. 34(b); and (2) produce its Optical Character Recognition ("OCR") for electronic documents.

Rule 34(b) requires that "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Dey, in response to Plaintiffs' Omnibus Request for Production, produced over 390,000 pages of documents. Some of Dey's production is relevant and responsive, but much of it is repetitive or seemingly irrelevant. Ordinarily, when confronted with a bury-them-with-paper production, the receiving party can prioritize its document review based on the information provided by the producing party concerning the contents of particular document files. In some cases, the information is the source from which the documents were produced – a department, an office, a person. In other cases, there is a reference to the subject matter of the documents, often tied to a particular document request.

Here, however, Dey's production neglects to identify the documents' file source or the associated request for production to which they respond as required by Rule 34(b). Dey's failure imposes the undue burden on Plaintiffs of having to review these documents in an attempt to locate material relevant to the claims at issue without information identifying a source, or a labeling/organizational scheme that indicates which documents correspond to Plaintiffs' request for production. Plaintiffs request this Court compel Dey to produce either file source information for its document production or a log identifying the specific bates numbers of documents responsive to Plaintiffs' requests for production.

Additionally, Plaintiffs request that this Court compel Dey to produce its existing OCR files for the documents it produced, or plans to produce electronically. This Court's March 25, 2004, Case Management Order No. 10, ¶ 3, ("CMO 10") states that, "[a]ny documents available in an electronic format shall be so provided in that format, i.e., in an identical useable electronic format." OCR, by way of background, is the translation of optically scanned text characters into character codes, such as ASCII or Unicode. Basically, OCR involves electronically scanning documents into data files in a manner that permits a computer to read, and search for, words contained in the scanned documents. OCR is essential in making a document production of this size and magnitude useable.

Dey advised Plaintiffs that it has OCR capabilities to search some, if not all, of the database of 390,000 documents. Dey, however, inexplicably refuses to provide it to Plaintiffs. Plaintiffs are not requesting Dey create OCR, but produce whatever OCR it created, or creates, to make the database of over 390,000 documents useable. Other Defendants provided Plaintiffs with this capability, and vice-versa, making it far more efficient to review the abundant

document productions. Plaintiffs request that this Court compel Dey to produce its existing OCR files for the electronic documents produced, together with any OCR for documents forthcoming.

II. **ARGUMENT**

A. **Dey's Refusal to Provide Source Information is Contrary to Rule 34(b)**

Dey, in response to Plaintiffs' requests, produced all of its documents via computer-readable tagged image file format on CDs that could be reviewed only on a computer screen, and only on a page-by-page basis. The cover letter conveying the disks to Plaintiffs did not bare any information identifying the source or subject matter of the documents contained on the disks.[1]

Plaintiffs contacted Dey to request that the documents be produced in a manner required by Rule 34(b). Dey advised Plaintiffs that source information was unavailable and would be to laborious to create.

Dey's document production is unacceptable and violates both the letter and spirit of Rule 34(b). Rule 34(b) plainly requires that any party producing documents for inspection produce them either "as they are kept in the usual course of business or to organize and label them to correspond with categories in the request." Fed. R. Civ. P. 34(b); *Andritz Sprout-Bauer, Inc., v. Beazer East, Inc.*, 174 F.R.D. 609, 629 (M.D. Pa. 1997).

The *Andritz* opinion is instructive on this issue. There the District Court found that a party's production of 130,000 documents violated Rule 34(b) because it was not presented in the manner in which the documents were kept, nor could the court decipher any order for the documents, and found that they were not labeled or grouped in a way that a review for relevant information could be completed without "an extraordinary expenditure of time and money." *Id.* at 630. The District Court ordered the producing party to organize the records in a coherent and

3

logical manner such that the records were readily retrievable, *or* the producing party was to make the records available in the order and manner they were compiled in the ordinary course of business. *Id.* (emphasis added).

Similar to *Andritz*, Dey's production of 390,000 electronic documents was not presented in the manner in which the documents were kept, nor are they in a discernable order, labeled or grouped in a way that relevant information can be retrieved without "an extraordinary expenditure of time and money." *Id.*

Dey contends that it would be unduly burdensome for it to organize the hundreds of thousands of documents that it has deemed responsive. Rule 34(b), however, is unequivocal and provides the producing party two options: produce by source or produce by request. Dey is attempting to skirt its Rule 34 obligation and pass its burden to Plaintiffs to review and attempt to source and/or identify responsive documents amongst 390,000 pages. The manner of Dey's document production is unacceptable and violates Rule 34(b). Dey should, therefore, be ordered to produce either file source information for its document production or a log identifying the specific bates numbers of documents responsive to each of Plaintiffs' request for production.

### B. **Plaintiffs are Entitled to Dey's OCR in Order to Make the Electronic Document Production Useable.**

Dey's refusal to provide OCR is contrary to CMO 10, ¶3 that states, "[a]ny documents available in an electronic format shall be so provided in that format, i.e., in an identical useable electronic format." Dey informed Plaintiffs that it has OCR for some, if not all, of the electronic documents it has produced in this case, but refuses to provide it to Plaintiffs. OCR is essential to make a document production in this format useable. Dey should, therefore, be compelled to

---

[1] Dey made several hundred boxes of documents available for Plaintiffs' review in Napa, California. Those boxes are not subject to this motion.

produce its OCR to Plaintiffs pursuant to this Court's mandate in CMO 10 that all electronic documents be produced in an identical useable format.

Dey cannot make a colorable claim that its OCR constitutes attorney work-product, opinion or otherwise. OCR is merely a method by which documents are scanned, or electronically generated. Unlike indexing, which is sometimes performed by, or under the supervision of attorneys, OCR is typically performed by an outside vendor with no legal expertise. Moreover, OCR, by its very nature, does not include any subjective analyses or other information that could reveal an attorney's opinions or legal strategies. Rather, it is merely a method of scanning documents that allows a user to search documents for particular words, names or phrases. Plaintiffs are aware of at least one decision in which a court required a party to produce its OCR. *See e.g., United States Fidelity & Guaranty Co. v. Braspetro Oil Servs. Co.,* 2002 U.S. Dist. LEXIS 111, *30 (S.D.N.Y. Jan. 7, 2002).

In general, courts have compelled production of indexing/search materials where it was clear that its disclosure would facilitate the orderly review of massive document production and not result in the disclosure of a party's or its attorneys' mental impressions and legal strategies. *See e.g., Thomas v. General Motors Corp.,* 174 F.R.D. 386, 388-89 (E.D. Tex. 1997) (index containing bates number, date, type document, author(s), recipients, document description and comments was ordinary fact work-product and was subject to disclosure where documents described in the index were voluminous and disclosure would assist plaintiff in order to verify the completeness of the defendant's production); *Washington Bancorporation v. Said,* 145 F.R.D. 274, 279 (D. D.C. 1992) (index cataloguing thousands of documents, prepared by FDIC's outside counsel, was ordinary fact work-product and subject to disclosure because it would allow the defendants to more efficiently review massive document production and thereby save "time

5

and money" in a large and complex case); *cf. Protis v. City of Chicago*, 2004 U.S. Dist. LEXIS 12640, 10-15 (N.D. Ill. July 6, 2004) (database, compiled at direction of plaintiffs' attorneys, that included selected data from more than 20,000 arrest records produced by defendant city constituted "ordinary fact work product" and was subject to disclosure because compelling production of the database had the potential to "materially advance the litigation without seriously prejudicing the [plaintiffs]."

Dey produced more than 300,000 pages of documents in response to Plaintiffs' request for production. Plaintiffs' Motion seeks merely whatever OCR Dey has, or creates for the documents it has produced or eventually produces. As in each of the above-cited cases, the sheer magnitude of Dey's production creates a substantial need for this information. Also, as in those cases, the production of this information can expedite discovery, saving both time and money. OCR is necessary to make this document production useable.

Compelling disclosure of Dey's existing OCR will in no way prejudice Dey or require it to disclose its lawyers' opinions or strategies. The mere fact that other Defendants and Plaintiffs have already exchanged the very information sought by this Motion, is evidence that there is no realistic chance that the production of this information would disclose legal strategies or theories of Dey's defense. Particularly where the sheer number of documents is overwhelming and will unnecessarily slow down the process of preparing this case for trial, there is simply no legal justification for withholding the information.

## IV. CONCLUSION

Plaintiffs, for the foregoing reasons, respectfully request that this motion be granted and that Dey be compelled to produce either file source information for its document production or a log identifying the specific bates numbers of documents responsive to each of the Plaintiffs' requests for production. Additionally, Dey should be compelled to produce its existing OCR files for the electronic documents it produced, together with any OCR available for documents forthcoming.

Respectfully submitted,

**SPECTOR, ROSEMAN & KODROFF, P.C.**

By: _____
Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Dated: June 24, 2005

Tom Sobol
Edward Notargiacomo
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02110

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Samuel Heins
Brian Williams
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL 60602

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Docket No. MDL 1456

I hereby certify that I have conferred and attempted in good faith to narrow the issues with opposing counsel on numerous occasions as is set forth herein.

Dated: June 24, 2005

John A Macoretta

## CERTIFICATE OF SERVICE

Docket No. MDL 1456

I, John A. Macoretta, hereby certify that I am one of Plaintiffs' attorneys and that, on June 24, 2005, I caused copies of Plaintiffs' Motion to Compel Defendant Dey, Inc. to Produce Documents in the Manner Required by Rule 34(b) and to Produce its Optical Character Recognition for Electronic Documents to be served via Verilaw on all counsel of record.

Dated: June 24, 2005

John A. Macoretta