UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Magistrate Judge Marianne Bowler |
|---|---|
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

# AVENTIS PHARMACEUTICALS INC.'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS AND FOR SANCTIONS

Plaintiffs seek an Order compelling Aventis Pharmaceuticals Inc. ("Aventis") to do what it is already doing. Plaintiffs' Motion is premature, concerns discovery issues that the parties can – and are – resolving between themselves, and does not comply with Rule 37.1 of the Local Rules of the United States District Court for the District of Massachusetts. The Court should deny Plaintiffs' Motion and, to the extent it awards sanctions to any party, should award them to Aventis for its costs in responding to Plaintiffs' Motion.

A.     **Plaintiffs' Motion Should be Denied for Failure to Comply with Local Rule 37.1**

Discovery motions filed with this Court must include a certification that the provisions of Local Rule 37.1 have been complied with and, among other things, the accompanying memorandum must state – with particularity – the time, date, location and duration of the conference that was conducted to narrow the areas of disagreement, who was present for each party, the matters on which the parties reached agreement, and the issues remaining to be decided by the Court. *See* L.R. 37.1. Plaintiffs' Motion neither certifies compliance with Local Rule 37.1 nor states the requisite information with particularity. On this

- 1 -

basis alone, Plaintiffs' Motion should be denied. *See* L.R. 26.2(C) ("The judicial officer shall not consider any discovery motion that is not accompanied by a certification, as required by LR 7.1(A)(2) and LR 37.1(B) . . . .").

**B.   Plaintiffs' Motion Should Be Denied Because Aventis Has Acted in Good Faith to Accommodate Multiple and Overlapping Deposition Notices.**

In addition to its failure to comply with Rule 37.1, Plaintiffs' Motion fails to provide the Court with the relevant facts. Plaintiffs' Motion references only the May 13, 2005, Rule 30(b)(6) Notice served by Plaintiffs upon Aventis. The referenced Notice, however, is but one of three overlapping Rule 30(b)(6) Deposition Notices served by Plaintiffs upon Aventis in the last 65 days, all of which are relevant here. Indeed, to promote efficiency, Aventis has worked diligently to respond to all of Plaintiffs' 30(b)(6) Notices in this and other cases by seeking to efficiently and simultaneously produce the relevant witnesses.

**1.   Aventis Has Addressed the April 20 Rule 30(b)(6) Notice.**

On April 20, 2005, Plaintiffs served a Rule 30(b)(6) Deposition Notice on Aventis Regarding Sales-Related Financial Data (attached as Exhibit A), requesting that Aventis produce a witness knowledgeable on the maintenance and retrieval of sales transaction data, chargebacks, rebates, administrative fees, and discounts. In the cover letter transmitting this notice, Plaintiffs' counsel chastised Aventis for its failure to produce previously requested financial data. The letter demanded that Aventis produce this data in electronic format within 30 days.

On April 29, 2005, Aventis's counsel responded by proposing deposition dates and reminding Plaintiffs that Aventis had in fact produced the requested financial data to Plaintiffs almost a year earlier, on July 1, 2004 (April 29, 2005 letter attached as Exhibit B). On May 2, 2005, Plaintiffs' counsel indicated through e-mail correspondence (attached as Exhibit C) to Aventis's counsel that he was "trying to follow up on your letter regarding the production of

data on July 1, 2004. Can you tell me whom you produced it to and PDF the transmittal." This statement suggests that Plaintiffs had yet to start reviewing the substantial electronic data that Aventis had produced nearly one year prior. Aventis responded to Plaintiffs' counsel's e-mail correspondence later that day, re-sending its July 2004 transmittal letter (July 1, 2004 letter attached as Exhibit D).

Finally, on June 6, 2005—forty-seven days after service of the April 20, 2005, Rule 30(b)(6) notice, and after repeated prodding by Aventis—Plaintiffs' counsel responded to Aventis's scheduling proposals, and the parties thereafter agreed that Aventis would produce two Rule 30(b)(6) witnesses in Boston on July 12 in response to Plaintiffs' April 20 Notice. *See* E-mail correspondence with Plaintiffs' counsel (attached as Exhibit E). Thus, scheduling issues concerning the April 20 Notice have been resolved.

   2.   **Plaintiffs Served an Overlapping Deposition Notice on May 6 in a Connecticut Case That is Now Being Addressed By Aventis With the Hope of Coordination With the May 13 Rule 30(b)(6) Notice Plaintiffs Later Served.**

While the April 20 Notice was being addressed by Aventis, Plaintiffs' counsel served another deposition notice on Aventis on May 6 under the caption of the State of Connecticut case, a case pending in State court that is not a part of the MDL. (the "May 6 Connecticut Notice," attached as Exhibit F). The May 6 Connecticut Notice is substantially similar to the May 13 Notice that is the subject of Plaintiffs' Motion, but it implicates an additional drug, Lovenox, and a different period of time. The parties thereafter engaged in discussions related to narrowing the scope of these Notices and to the production of Rule 30(b)(6) designees that would respond to both Notices simultaneously. *See, e.g.*, May 20, 2005 Letter to Plaintiffs' Counsel (attached as Exhibit G). Coordinating these depositions has been complicated by the fact that, as noted in the June 3 letter attached to Plaintiffs' Motion, Aventis

1686907v3

anticipates needing as many as six different witnesses to address the eight deposition topics concerning thirteen listed drugs, and some of these witnesses are former employees. Despite this difficulty, Aventis has worked diligently, and in good faith, to coordinate the scheduling of these depositions for the convenience, efficiency, and economic consideration of both parties.

3.  **Plaintiffs Should Not be Allowed to Compel the Production of Aventis's Rule 30(b)(6) Witnesses in 45 Days Given That Plaintiffs Have Refused To Produce Their Own Rule 30(b)(6) Witnesses Within the Same Time Frame.**

Plaintiffs' Motion is premised on Aventis's failure to engage with Plaintiffs' counsel within the 45 day period set out in Judge Saris's CMO 10. Yet when the "shoe was on the other foot" Plaintiffs took a contrary position in response to Rule 30(b)(6) Notices that Defendants recently served on the States of Nevada and Montana, which are also Plaintiffs in this MDL. Specifically, Plaintiffs asserted that, under CMO 10, these depositions must take place *more than 45 days after* service of the Rule 30(b)(6) Notices. Plaintiffs should not be allowed to have it both ways, *i.e.*, they should not be permitted to compel the production of Rule 30(b)(6) witnesses within 45 days and simultaneously refuse to produce their own Rule 30(b)(6) designees within the same number of days.[1] While it does not appear that the States of Montana and Nevada will be producing Rule 30(b)(6) witnesses within 45 days after the date of the notice, Defendants intend to work with Plaintiffs to expeditiously set those depositions, taking into account the schedules of the various witnesses and attorneys. Aventis would hope for the same courtesy from Plaintiffs as it works through the logistics of scheduling depositions.

4.  **Aventis Has Continued to Work Diligently to Address the Pending Notices.**

Aventis has continued its diligent efforts to identify and produce Rule 30(b)(6) designees in response to both the May 6 and May 13 Notices, and has offered dates within the

---

[1] To the extent there is any confusion or ambiguity regarding the parties' respective obligations to produce Rule 30(b)(6) witnesses, Section II.6 of CMO 10 may require clarification or modification.

1686907v3

next several weeks for Rule 30(b)(6) designees to be deposed by Plaintiffs. *See* June 24, 2005 letter to Mr. Macoretta (attached as Exhibit H). This has always been Aventis's position and in all but this litigation would never have resulted in any motion of any type. The simple fact is that Plaintiffs' gamesmanship has resulted in this Court being presented with an unnecessary and frivolous motion, which is not only procedurally and substantively flawed, but also at odds with the position Plaintiffs have staked out concerning their own Rule 30(b)(6) obligations.

C.      **The Court Should Deny Plaintiffs' Request for Sanctions as it is Without Merit.**

Plaintiffs' request for sanctions attempts to add insult to injury. Given the forthright and responsive efforts of Aventis to deal in good faith with Plaintiffs, Plaintiffs' contribution to the delay in setting the depositions of the two designees responsive to their first Notice, and Plaintiffs' inequitable effort to compel the production of Rule 30(b)(6) designees within 45 days while simultaneously refusing to do the same for their own designees, the Court could well conclude that it is Aventis, and not Plaintiffs, that is entitled to sanctions.

## Conclusion

For all the foregoing reasons, Aventis respectfully requests that the Court deny Plaintiffs' Motion to Compel Depositions and for Sanctions.

Dated: June 24, 2005

                                    Respectfully submitted,

                                    /s/ Michael DeMarco
                                    **Michael DeMarco (BBO #119960)**
                                        mdemarco@klng.com
                                    **Jeffrey S. King (BBO #559000)**
                                        jking@klng.com
                                    **David M. Glynn (BBO #650964)**
                                        dglynn@klng.com
                                    **Cara E. Corbett (BBO #654852)**
                                        ecorbett@klng.com

                                    KIRKPATRICK&LOCKHART
                                    NICHOLSON GRAHAM LLP
                                    75 State Street
                                    Boston, MA  02109-1808
                                    (617) 261-3100

                                    *Attorneys for Defendants Aventis*
                                    *Pharmaceuticals Inc.*

## CERTIFICATE OF SERVICE

I, Michael DeMarco, hereby certify that a true and correct copy of this document was served via Verilaw on all enrolled counsel on June 24, 2005.

                                    /s/ Michael DeMarco
                                    Michael DeMarco

1686907v3