# Exhibit A





**HAGENS BERMAN
SOBOL SHAPIRO LLP**

hbsslaw.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

STEVE W. BERMAN
(206) 224-9320
steve@hbsslaw.com

April 20, 2005

**Via Facsimile**

Michael L. Koon
SHOOK, HARDY & BACON, LLP
One Kansas City Place
1200 Main Street, 26th Floor
Kansas City, MO 64105

     Re:    In re Pharmaceutical Industry AWP Litigation

Dear Michael:

     As you are aware, the Court has issued CMO No. 14, which sets forth various pre-trial deadlines for the Phase II defendants, including a discovery cut-off of December 3, 2005. Plaintiffs have served your client, Aventis, with multiple requests for production and interrogatories that seek, among other things, financial data relating to the sales of drugs that are the subject of the AMCC (the "Subject Drugs"). Indeed, Plaintiffs' requests that Aventis produce financial information date back to June 2003.[1]

     Based on experience gained by working with the Phase I defendants, Plaintiffs have refined their requests for sales-related data. For each of the Subject Drugs (by NDC), please provide the following information in ASCII text file or similar electronic format for the relevant time period:

     (a)    All sales transaction data (as well as any discounts or any other price adjustments or offsets contained in the transaction data), including (i) price, (ii) number of units sold, (iii) transaction date, (iv) information sufficient to identify the type of transaction (*e.g.*, a sale, a return, etc.), (v) information sufficient to identify the product (*e.g.*, NDC, product description, form,

---

[1] Plaintiffs' prior requests for financial data can be found in discovery sets served on your client on June 17, 2003 (Request Nos. 27-28); June 19, 2003 (Request Nos. 19, 34 and 35); December 3, 2003 (Request Nos. 18, 33-34; Interog. No. 1); and March 31, 2004 (Request Nos. 25-28; Interog. No. 1).

1534.16 0279 LTR.DOC

April 20, 2005
Page 2



       strength, etc.), (vi) information sufficient to identify the customer, (vii) class of trade designations, and (viii) information sufficient to identify whether the units sold were intended for repackaging, along with the name of the repackager to which the units were sold.

(b)    All chargeback transactions, including (i) amount, (ii) date of credit, and (iii) information sufficient to identify the customer, class of trade designations (if any), and wholesaler to which the chargeback was paid, and (iv) the underlying contract price paid by the ultimate customer.

(c)    All rebate transactions, including (i) amount, (ii) date of rebate, (iii) information sufficient to identify the type of rebate, (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

(d)    All administrative fee transactions, including (i) amount, (ii) date of payment, (iii) information sufficient to identify the type of administrative fee (if applicable), (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

(e)    Any other discounts not reflected in the above (a through d), including but not limited to discounts achieved through bundling one product with another.

(f)    Include complete documentation for all items above (a through e) such as lists of fields, descriptions of information contained in those fields (*e.g.*, field lengths, formats, etc.), and descriptions of any codes used in any fields (such as class of trade designations).

Exclude all sales to government entities (*e.g.*, State Agencies, Veteran's Administration Facilities, Military, Federal Government Programs, Public Health Service, etc.). Sales to all other entities should be included, including sales to hospitals.

     Plaintiffs request that Aventis produce this data in the above-requested format within 30 days. If you will be unable to provide this information within 30 days for all of the Subject Drugs, Plaintiffs ask that Aventis first produce the requested data for all physician-administered drugs within 30 days, followed by a supplemental production of data for the remaining drugs 30 days thereafter.



April 20, 2005
Page 3

      We have also enclosed Rule 30(b)(6) deposition notices on this topic so that Plaintiffs can learn about the manner in which Aventis maintains sales data for its Subject Drugs.

      Sincerely,

      Steve W. Berman



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL No. 1456 ) CIVIL ACTION: 01-CV-12257-PBS ) |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) Judge Patti B. Saris ) ) |

## NOTICE OF RULE 30(B)(6) DEPOSITION TO AVENTIS REGARDING SALES-RELATED FINANCIAL DATA

TO:   ALL COUNSEL BY VERILAW

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30(b)(6), the undersigned counsel will take the deposition of the representatives of Aventis who are knowledgeable regarding the matters set forth in Exhibit A attached hereto. Such depositions will be recorded by stenographic and/or sound and visual means and will take place beginning at 9:00 a.m. Pacific Standard Time on June 6, 2005, at the offices of Hagens Berman Sobol Shapiro LLP, 1301 Fifth Avenue, Suite 2900, Seattle, Washington 98101.

You are invited to attend and participate.

DATED: April 20, 2005.        By     /s/ Steve W. Berman
                                    Thomas M. Sobol (BBO#471770)
                                    Edward Notargiacomo (BBO#567636)
                                    Hagens Berman Sobol Shapiro LLP
                                    One Main Street, 4th Floor
                                    Cambridge, MA  02142
                                    Telephone: (617) 482-3700
                                    Facsimile: (617) 482-3003
                                    **LIAISON COUNSEL**

1534.16 0124 DSC.DOC



Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allen Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Connolly
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel Heins
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

1534.16 0124 DSC.DOC



# EXHIBIT A

Produce witnesses pursuant to Rule 30(b)(6) who have knowledge of all aspects of Aventis's maintenance and retrieval of the following data for each drug manufactured by Aventis and identified in the AMCC, including the names of the databases in which such information is stored electronically:

(a) All sales transaction data (as well as any discounts or any other price adjustments or offsets contained in the transaction data), including (i) price, (ii) number of units sold, (iii) transaction date, (iv) information sufficient to identify the type of transaction (*e.g.*, a sale, a return, etc.), (v) information sufficient to identify the product (*e.g.*, NDC, product description, form, strength, etc.), (vi) information sufficient to identify the customer, (vii) class of trade designations, and (viii) information sufficient to identify whether the units sold were intended for repackaging, along with the name of the repackager to which the units were sold.

(b) All chargeback transactions, including (i) amount, (ii) date of credit, and (iii) information sufficient to identify the customer, class of trade designations (if any), and wholesaler to which the chargeback was paid, and (iv) the underlying contract price paid by the ultimate customer.

(c) All rebate transactions, including (i) amount, (ii) date of rebate, (iii) information sufficient to identify the type of rebate, (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

(d) All administrative fee transactions, including (i) amount, (ii) date of payment, (iii) information sufficient to identify the type of administrative fee (if applicable), (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

(e) Any other discounts not reflected in the above (a through d), including but not limited to discounts achieved through bundling one product with another.

1534.16 0124 DSC.DOC



## CERTIFICATE OF SERVICE

    I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **NOTICE OF RULE 30(B)(6) DEPOSITION TO AVENTIS REGARDING SALES-RELATED FINANCIAL DATA** to be served on all counsel of record electronically on April 20, 2005, pursuant to Section D of Case Management Order No. 2.

                                  By        **/s/ Steve W. Berman**
                                        Steve W. Berman, Esq.
                                **HAGENS BERMAN LLP**
                                1301 Fifth Ave., Suite 2900
                                Seattle, WA 98101
                                Telephone: (206) 623-7292