# Exhibit G

**DANAHER, LAGNESE & NEAL, P.C.**
ATTORNEYS AT LAW

CAPITOL PLACE
21 OAK STREET
HARTFORD, CONNECTICUT 06106-8000
(860) 247-3666

May 20, 2005

**VIA FASCIMILIE AND REGULAR U.S. MAIL**

| | |
|---|---|
| John A. Macoretta, Esq. | James E. Miller, Esq. |
| Spector, Roseman & Kodroff, P.C. | Shepherd, Finkleman, Miller & Shah, LLC |
| 1818 Market Street, Suite 2500 | 65 Main Street |
| Philadelphia, PA  19103 | Chester, Connecticut  06412 |

Clare E. Kindall
Assistant Attorney General
Office of The Attorney General
State of Connecticut
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120

Dear Counsel:

    I write in response to our May 16th discussion concerning the Notice of Deposition of a 30(b)(6) designee ("MDL Notice") and the Notice of Deposition of a § 13–27(h) designee ("Connecticut Notice") served upon Aventis. By this letter, I would like to confirm those issues addressed during our last conversation and communicate Aventis's substantive concerns with the notices themselves.

    Aventis is currently identifying designees with knowledge of the topics indicated in the notices, as explained below. As I informed you on Monday, Aventis is diligently working to establish potential witnesses and dates for the corporate designees and will get back to you shortly as days are identified. We hope to continue the professional courtesy that has existed so far concerning the identification of dates for deponents to appear and the appropriate venue at which to produce the witnesses.

    In the interests of efficiency and preservation of resources, Aventis will produce a corporate designee on a particular topic only once for both the Connecticut litigation and the MDL. Given that your firm represents both the State of Connecticut and the plaintiffs in the MDL, I assume you have no objection to such an arrangement.

DANAHER, LAGNESE & NEAL, P.C.

State of Connecticut v Aventis
May 20, 2005
Page 2

      I have reviewed the deposition notice issued in the MDL and topics 1 – 8 of that notice appear substantively equivalent to the same topics in the Connecticut Notice, save for the specific pharmaceuticals at issue in each case. All references to topics 1 –8 in the remainder of this letter, therefore, will refer to both the MDL and Connecticut Notices, while reference to topic 9 will be to the Connecticut Notice only.

      Moreover, Aventis intends to incorporate and preserve all objections raised in its responses to (1) Plaintiffs' Omnibus Request for Production of Documents Related to All Defendants in the MDL and (2) Plaintiff's First Set of Requests for Production in the Connecticut litigation. In addition to that incorporation, Aventis raises the following issues concerning the substance of the notices:

      1.    First, as communicated to you on Monday, Gammar PI.V. is not an Aventis pharmaceutical product. Therefore, Aventis will produce no witnesses with knowledge relating to Gammar PI.V.

      2.    To the extent that you have asked Aventis to produce witnesses knowledgeable about "all" personnel involved in a specific topic, or "all" documents relevant to a specific topic—see topics 1, 3, 4, 7, 8, and 9—Aventis states that it will identify and produce a corporate designee that is able to identify persons most likely to have the information requested. Aventis will not undertake the impossible task of producing designees purporting to know all persons with knowledge of a topic, or who are able to identify every scrap of paper relative to a particular topic. Such testimony is not "reasonably available to" Aventis, nor is it designated with "reasonable particularity" as required by Fed. R. Civ. P. 30(b)(6) and Conn. Practice Book § 13 – 27(h).

      3.    Further, the scope of the deposition notices in the MDL and Connecticut differ, seeking information from 1991–present and from 1993–present, respectively. As you are aware, Aventis has objected to discovery into pre–1997 documents and information. Not only do pre–1997 pre–date the introduction of many products at issue, but mergers between Aventis's predecessor companies and document retention policies in place at the time have eliminated most pre–1997 records. Accordingly, Aventis is in the position to produce knowledgeable corporate designees from 1997 to the present. Notwithstanding these limitations, and subject to all prior objections, Aventis will expend its best efforts to identify and produce a designee with knowledge of the 1991–1997 timeframe for the pharmaceutical products introduced to the U.S. market before 1997.

1662595v3

DANAHER, LAGNESE & NEAL, P.C.

State of Connecticut v Aventis
May 20, 2005
Page 3

  4. Subject to these objections and objections contained in Aventis's responses to Plaintiffs' Omnibus Request for Production of Documents Related to All Defendants and Plaintiff's First Set of Requests for Production, Aventis will identify and produce corporate designees with knowledge of topics 1, 2, 3, 4, and 8.

  5. In addition to all preceding objections, Aventis raises specific objections to topics 5, 6, and 7. Topic 5 seeks an Aventis designee who can testify as to the "method by which Aventis calculates or determines the average sales price" for the subject products. As addressed in its written discovery responses, Aventis did not have a single definition of "ASP," or "average sales price" during the relevant time period. Moreover, the State's request for information relating to the determination or rendering of "actual acquisition costs" or "revenues" is ambiguous because neither term is defined in the State's discovery requests.

  Topic 6 seeks an Aventis designee who can testify as to how Aventis "calculates or determines the net profit" for the subject pharmaceuticals. This topic is vague, as the State never defines the term "net profits" in relation to the subject pharmaceuticals. Additionally, Aventis objects to this area of inquiry in that information pertaining to calculations and determinations of "net profits" for any of the listed pharmaceuticals is irrelevant and not likely to lead to admissible evidence. The State's position that it is entitled to such information, especially considering that Aventis's products are sold to wholesalers or otherwise involve an intermediary, is not supported by Connecticut or federal law. Further, no theory of recovery relied upon by the State would require disclosure of Aventis's "net profits."

  As for topic 7, Aventis objects to any implication that it made an effort to "market, promote, or tout the Spread" for any of its drugs. However, to the extent you seek information relating to the marketing of these products, Aventis will produce a witness knowledgeable about Aventis's marketing policies and procedures.

  6. Lastly, in topic 9 you have asked for a corporate designee you can testify to the nature of Aventis's communications with the State of Connecticut. While Aventis finds this topic to be overly broad as encompassing all communications with all State departments and employees regarding all possible issues, Aventis will identify and produce a corporate designee knowledgeable about communications with the State of Connecticut regarding reimbursement and marketing of pharmaceuticals.

1662595v3

DANAHER, LAGNESE & NEAL, P.C.

State of Connecticut v Aventis
May 20, 2005
Page 4

    Please contact me if you disagree with any of my representations regarding our May 16th discussion or if you object to Aventis's interpretations of the deposition notices. Otherwise, Aventis will identify and produce witnesses in accordance with this letter. We will contact you with potential deposition dates as soon as possible.

                              Very truly yours,

                              R. Cornelius Danaher, Jr.

cc:   Nicola R. Heskett, Esq.
       Michael L. Koon, Esq.
       Joseph G. Matye, Esq.
       Robert J. McCully, Esq.

1662595v3