UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> ALL ACTIONS ) <br> ) <br> ) <br> _____) | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris <br><br> Chief Magistrate Judge Marianne B. Bowler |

## B. BRAUN MEDICAL INC.'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Pending before the Court is B. Braun Medical Inc.'s ("BBM's") motion to dismiss the claims asserted against it in the Second Master Consolidated Class Action Complaint ("SAMCC"). Briefing on this motion, which already has been completed, has established the complete absence of any subject matter jurisdiction for plaintiffs' claims against BBM based on either any federal question or diversity-of-citizenship jurisdiction. Thus, the question of whether subject matter jurisdiction exists over plaintiffs' claims against BBM depends entirely upon whether the recently-enacted Class Action Fairness Act ("CAFA") – which was nowhere mentioned in plaintiffs' 310-page SAMCC – can serve as the required jurisdictional predicate.

This basic proposition is not in dispute: if the CAFA does not apply, then the claims against BBM must be dismissed. (*See* Pls.' Opp. to BBM's Mot. to Dismiss SAMCC [Docket No. 1468], at 2-3.) Plaintiffs also do not dispute that the CAFA does not apply to actions "commenced" prior to the CAFA's effective date, February 18, 2005. *Id.*; *see also* PL 109-2, §

9, Feb. 18, 2005, 119 Stat. 14 ("The amendments made by this act shall apply to any civil action commenced on or after the date of enactment of this Act.").[1]

To avoid dismissal, plaintiffs would have this Court overlook the fact that this civil action has been pending in this Court since December 2001 and that BBM was initially added as a defendant in the Master Consolidated Class Action Complaint ("MCC") in September 2002. They argue that this civil action actually was "commenced" after February 18, 2005, the effective date of the CAFA, noting that plaintiffs filed their SAMCC on February 24, 2005. In support of this argument, plaintiffs cite to *Knudsen v. Liberty Mut. Ins. Co.*, 2005 U.S. App. LEXIS 10440 (7th Cir. 2005). (*See* Pls.' Notice of Suppl. Authority in Opp. to BBM's Mot. to Dismiss [Docket No. 1562] (hereinafter "Pls.' Notice"), at 1.) But *Knudsen* does not support plaintiffs' argument. To the contrary, that case demonstrates the inapplicability of the CAFA to this long-pending case.

*Knudsen* refused to apply the CAFA to a pending case, **rejecting** the plaintiffs' argument that "significant" changes in the nature of the case justified a finding that the case has been "commenced" with the amended pleading. *Id.* at *7. The Seventh Circuit expressly agreed with the Tenth Circuit's decision in *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232 (10th Cir. 2005), that the CAFA's effective date "must be taken seriously," and that a case is commenced when it is first "filed," "not when some later step occurs in its prosecution." *Knudsen*, 2005 U.S. App.

---

[1] As BBM explained in its Reply Memorandum, plaintiffs have also failed to plead facts establishing jurisdiction under the CAFA. (*See* BBM Reply Mem. in Supp. of its Mot. to Dismiss SAMCC [Docket No. 1516], at 7.) In particular, plaintiffs have failed to satisfy the $5 million amount in controversy prerequisite to CAFA jurisdiction. *Id.*; *see also Holland v. Cole Nat'l Corp.*, No. 7:04-CV-246, 2005 WL 1242349, at *14-*15 (W.D.Va. May 24, 2005) (attached hereto as "Exhibit A"). In *Holland*, which BBM submits as supplemental authority, the court rejected CAFA jurisdiction, noting that the failure to "allege that [the named plaintiff], or other members of her putative class, have injuries resulting from defendant's fraud totaling more than $5 million" is fatal even though the defendant was a large corporation with millions of dollars in annual revenue and there were "many thousands" of plaintiffs. *Id.* at *15.

2

LEXIS 10440, at *2; *Pritchett*, 404 F.3d at 1235.  As the Seventh Circuit observed, "a new development in litigation no more commences a new suit than does its removal" and "[p]laintiffs routinely amend their complaints, … without any suggestion that they have restarted the suit."[2]  *Id.* at *3.

LEXIS 10440, at *2; *Pritchett*, 404 F.3d at 1235.  As the Seventh Circuit observed, "a new development in litigation no more commences a new suit than does its removal" and "[p]laintiffs routinely amend their complaints, … without any suggestion that they have restarted the suit."[2]  *Id.* at *3.

This decision should guide this Court's resolution of BBM's motion to dismiss.  BBM was initially named a defendant in the MCC in this civil action in ***September 2002*** – well before the effective date of the CAFA.  After BBM was dismissed from the MCC on May 13, 2003, plaintiffs were granted leave to amend and re-plead their claims against BBM.  Instead of doing that, plaintiffs' Amended Master Consolidated Class Action Complaint ("AMCC") dropped BBM as a party and added its parent corporation, B. Braun of America Inc. ("BBA") as a defendant – a party over which this Court lacked personal jurisdiction.  Belatedly realizing their mistake, plaintiffs sought and were granted leave to amend their complaint to re-add BBM as a defendant.  (*See* Pls.' Mot. to Add BBM as a Defendant [Docket No. 987], at 1 (asserting "BBM was inadvertently omitted as a defendant" in the AMCC).)  Thus, far from asserting entirely distinct claims against entirely new defendants, the SAMCC – bringing back into this same civil action the same BBM that was named a defendant in the MCC in September 2002 – is just a "later step … in [the] prosecution" of plaintiffs' claims.[3]  *Knudsen*, 2005 U.S. App. LEXIS 10440, at *2.

---

[2]  Plaintiffs misleadingly claim that the *Knudsen* court "did not agree that the Court's analysis in *Pritchett* would apply here."  (*See* Pls. Notice, at 1-2.)  But the Seventh Circuit clearly stated that it "agree[d] with *Pritchett*." *Knudsen*, 2005 U.S. App. LEXIS 10440, at *2.

[3]  Tellingly, plaintiffs' claims in the SAMCC are based on the same conduct (and the same drugs) as alleged against BBM in the MCC and against BBA in the AMCC.  (*Compare* MCC ¶¶ 166-72, *with* AMCC ¶¶ 143-54, *and* SAMCC ¶¶ 26-36 (alleging plaintiffs have been injured because they have been billed for and paid charges for Medicare Part B drugs based on allegedly inflated AWPs).)

3

So why then did plaintiffs bring *Knudson* to this Court's attention? As plaintiffs note, the Seventh Circuit conjectured in *dicta* that there may be some circumstance – **not present here** – where the CAFA may apply to a pending case. Specifically, as the court explained, "we imagine, though we need not hold," that adding a new defendant may suffice to "commence a new piece of litigation" if the claim is "sufficiently independent of the original contentions that it must be treated as *fresh* litigation." *Id.* at 4-5. The Seventh Circuit observed that an amendment would not "commence" a new cause of action for purposes of applying the CAFA if, under Rule 15(c), the new claims "related back" to the original suit. *Id.*[4]

Here, plaintiffs have conceded that they cannot meet this standard. Plaintiffs have previously asserted that the allegations against BBM *do* "relate back" to the both initial MCC and the AMCC because "the AMCC allegations against BBA are substantially similar to the MCC allegations against BBM." (*See* Pls. Mot. to Add BBM as a Defendant [Docket No. 987],at 2-3 (*citing* Fed.R.Civ.P. 15(c)(3) and collecting cases).)[5]

Thus, *Knudsen* does not support plaintiffs' attempt to invoke CAFA jurisdiction. In fact, *Knudsen* plainly counsels that the filing of the SAMCC should *not* be treated as a "new"

---

[4] This is consistent with the wealth of authority BBM cited in its reply brief. (*See* BBM Reply Mem. in Supp. of its Mot. to Dismiss [Docket No. 1516], at 4 (*citing Republic of Turkey v. Cent. Chem. Corp.*, 24 F.R.D. 132, 134 (D. Md. 1959) (rejecting argument that amended complaint governs diversity jurisdiction because the "amended complaint in the instant case does not set up an entirely new and distinct cause of action."); *Nat'l Org. for Women, Inc. v. Scheindler*, 897 F. Supp. 1047, 1061-64 (N.D. Ill. 1995) (amended complaint following defendants' prior dismissal does not commence case).)

[5] In *Knudsen*, the court speculated that, if plaintiffs added new claims against an entirely new defendant (Liberty Mutual Fire Insurance Co.), then that new defendant might be able to invoke CAFA jurisdiction. *Knudsen*, 2005 U.S. App. LEXIS 10440, at *6-*7. But Liberty Mutual Fire Insurance was *never* a party to the underlying litigation, unlike BBM, which was initially named in September 2002. Moreover, the court – because it was not faced with the question – never addressed whether the hypothetical future claims against Liberty Mutual Fire would "relate back" to the original complaint. *Id.* Here, because plaintiffs assert that their claims against BBM would relate back to the MCC – under *Knudsen* – there can be no CAFA jurisdiction.

complaint. Because this Court's jurisdiction against BBM hinges on the applicability of CAFA, plaintiffs' claims against BBM must be dismissed.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in BBM's memoranda in support of its motion to dismiss, B. Braun Medical Inc. respectfully requests that its Motion to Dismiss the SAMCC be granted.

Dated: June 28, 2005                                      Respectfully submitted,

                                                          /s/ Daniel F. Attridge, P.C.
                                                          Daniel F. Attridge, P.C.
                                                          Colin R. Kass
                                                          KIRKLAND & ELLIS LLP
                                                          655 Fifteenth Street, N.W., Suite 1200
                                                          Washington, D.C. 20005
                                                          Telephone: (202) 879-5000
                                                          Facsimile: (202) 879-5200

                                                          **Counsel for B. Braun Medical Inc.**

5

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the B. BRAUN MEDICAL INC.'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO B. BRAUN MEDICAL INC.'S MOTION TO DISMISS has been served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties on this 28th day of June, 2005.

/s/ Daniel F. Attridge, P.C.
Daniel F. Attridge, P.C.
Colin R. Kass
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Counsel for B. Braun Medical Inc.*