UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO: | |
| *The City of New York v. Abbott Laboratories, Inc., et al.* S.D.N.Y. Case No. 04-CV-06054 | |
| *County of Albany v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0425 | MDL No. 1456 CV-01-12257 PBS Judge Patti B. Saris |
| *County of Allegany v. Abbott Laboratories, Inc., et al.* W.D.N.Y. Case No. 05-CV-0236 | |
| *County of Broome v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-00456 | |
| *County of Cattaraugus v. Abbott Laboratories, Inc., et al.* W.D.N.Y. Case No. 05-CV-0256 | **JOINT MOTION FOR MODIFICATION OF JUNE 23, 2005 ORDER** |
| *County of Cayuga v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0423 | |
| *County of Chautauqua v. Abbott Laboratories, Inc., et al.* W.D.N.Y. Case No. 05-CV-0214 | |
| *County of Chenango v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0354 | |
| *County of Fulton v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0519 | |
| *County of Genesee v. Abbott Laboratories, Inc., et al.* W.D.N.Y. Case No. 05-CV-00267 | |
| *County of Greene v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0474 | |
| *County of Herkimer v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-00415 | |
| *County of Jefferson v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0715 | |
| *County of Madison v. Abbott Laboratories, Inc., et al.* N.D.N.Y. Case No. 05-CV-0714 | |
| *County of Monroe v. Abbott Laboratories, Inc., et al.* W.D.N.Y. Case No. 05-CV-1648 | |

*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6296

*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088

*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-4748

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0479

*County of Saratoga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0478

*County of Steuben v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6223

*County of Suffolk v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 03-CV-12257

*County of Tompkins v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0397

*County of Warren v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0468

*County of Washington v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0408

*County of Wayne v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6138

*County of Westchester v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-6178

*County of Yates v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06172

Counsel for all plaintiffs and defendants in the above-captioned actions respectfully submit this motion for modification of the Court's June 23, 2005 Order regarding the procedure for the Court's evaluation of redactions made in the plaintiffs' Consolidated Complaint and Exhibits and the filing of a court-approved Consolidated Complaint and Exhibits under seal. Counsel for the parties will show as follows:

1. On June 15, 2005, counsel for the above-captioned plaintiffs filed a motion for leave to file the Consolidated Complaint and Exhibits under seal, accompanied by such Consolidated Complaint and Exhibits. On that same date, counsel for plaintiffs also served via Verilaw a version of the Consolidated Complaint with Exhibits that was "redacted" by plaintiffs' counsel to exclude information identified as Highly Confidential by defendants and third parties pursuant to the protective order in this case.[1]

2. By Order dated June 23, 2005, the Hon. Patti B. Saris directed the Clerk not to accept the filing under seal until defendants had established the bases for the redactions as to each of them. The June 23, 2005 Order provided defendants 10 days in which to make their showing. However, because plaintiffs did not serve unredacted versions of the Consolidated Complaint and Exhibits on all defendants (given the requirements of the operative protective order), defendants did not initially have access to the papers necessary to comply with the Court's Order. Plaintiffs state that they now have provided each defendant with a copy of the Consolidated Complaint and Exhibits, unredacted as to that defendant.

3. The parties respectfully request an extension of the time for defendants to comply with the 10-day time period in June 23, 2005 Order until ten (10) days after the date that

---

[1] Plaintiffs take no position regarding the propriety of defendants' designations and reserve all rights to challenge same.

such defendant received from plaintiffs' counsel a copy of the Consolidated Complaint and Exhibits, unredacted as to it, or ten (10) days from the grant of this Motion, whichever is later.

4. The parties have agreed that participation in this informal procedure to expedite this Court's review of the redactions in the Consolidated Complaint and Exhibits will not constitute service of process or waive any defendant's objections to this Court's jurisdiction or any other defense that it may have.

5. To this end, the parties submit a proposed order that will modify the Court's June 23, 2005 Order so as to (a) start the 10-day period for a defendant's affidavit running from the date its counsel was provided with a version of the Consolidated Complaint and Exhibits that does not contain any redactions as to it but that continues to be redacted as to other defendants or ten (10) days from the grant of this Motion, whichever is later; and (b) provide that neither the receipt by a defendant's counsel of such a version of the Consolidated Complaint and Exhibits nor the submission to the Court of a defendant's affidavit regarding the redactions shall constitute service of process or an appearance or shall otherwise affect any jurisdictional or other defense that the defendant may have.

Dated: July 7, 2005

        Respectfully submitted,

        ON BEHALF OF ALL CAPTIONED PLAINTIFFS

        /s/ Joanne M. Cicala
        Joanne M. Cicala (JC 5032)
        Aaron Hovan (AH 3290)
        Admitted *pro hac vice*
        **KIRBY, McINERNEY & SQUIRE LLP**
        830 Third Avenue
        New York, NY 10022
        (212) 371-6600

ON BEHALF OF ALL DEFENDANTS

/s/ Lyndon M. Tretter
Steven M. Edwards (SE 2773)
Lyndon M. Tretter (LT 4031)
Admitted *pro hac vice*
**HOGAN & HARTSON L.L.P.**
875 Third Avenue
New York, NY 10022
(212) 918-3000

Thomas E. Dwyer, Jr. (BBO No. 139660)
Joseph E. Haviland (BBO No. 643814)
**DWYER & COLLORA, LLP**
600 Atlantic Avenue
Boston, MA 02210
(212) 371-1000

Attorneys for Bristol-Myers Squibb Company, Westwood-Squibb, and Oncology Therapeutics Network Corporation

3

## CERTIFICATE OF SERVICE

I certify that on July 7, 2005, a true and correct copy of Joint Motion for Modification of June 23, 2005 Order and [Proposed] Order Modifying June 23, 2005 Order were served on all counsel of record by electronic service pursuant to Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

/s/ Lyndon M. Tretter
Lyndon M. Tretter