# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Master File No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |

## PLAINTIFFS' MOTION TO COMPEL THE SUPPLEMENTATION OF ASTRAZENECA'S PRIVILEGE LOGS OR, IN THE ALTERNATIVE, TO COMPEL THE PRODUCTION OF INADEQUATELY DESCRIBED DOCUMENTS

Plaintiffs, by their attorneys, respectfully move this Court for an order compelling the supplementation of AstraZeneca's privilege logs or, in the alternative, to compel the production of inadequately described documents.

1. AstraZeneca has provided Plaintiffs with four privilege logs, totaling over five hundred pages of allegedly privileged entries. Because of serious deficiencies in each of the logs, AstraZeneca has failed to meet its burden of asserting the attorney-client privilege, and Plaintiffs cannot "assess the applicability of the privilege or protection" as required by Fed. R. Civ. P. 26(b)(5).

2. Over the course of the last year, Plaintiffs and AstraZeneca have engaged in extensive correspondence regarding these inadequacies. While certain entries were improved, AstraZeneca has not addressed the remaining deficiencies despite repeated requests by Plaintiffs.

3. AZ's four privilege logs insufficiently identify individuals in certain documents. In lieu of providing the proper names of the individuals who authored, received, or were carbon copied on a communication, AZ has listed e-mail addresses and other cryptic identifiers (such as "/FSF 70 All"), as well as group names instead of the names of the members of the group. One

of the basic requirements in asserting the attorney-client privilege is that the client must seek legal advice from the attorney. *See, e.g., United States v. Cavallaro*, 284 F.3d 236, 245 (1st Cir. 2002) (aff'g Saris, J.). In the corporate context, ""[b]ecause a corporation acts through its officers, determining whose communications are the corporation's as client is an important issue." *Rivera v. Kmart Corp.*, 190 F.R.D. 298, 302 (D.P.R. 2000). Therefore, Plaintiffs must know, and AZ must disclose, the true identity of the individuals receiving the alleged privileged advice.

4. AZ's privilege logs do not provide the capacities of the individuals, preventing Plaintiffs from being able to asses the propriety of the purported privilege. *See, e.g., Vijay Borase v. M/A Com, Inc.*, 171 F.R.D. 10, 14 (D. Mass. 1997) (finding that the attorney-client privilege protects communications such as those between "corporate officers and corporate General Counsel.") In addition, without knowing the capacities of the individuals, Plaintiffs cannot determine whether the purported privilege has been waived in communications where a non-attorney forwarded allegedly privileged legal advice to other non-attorneys, sometimes without even including the attorney on the distribution list.

5. The privilege logs also contain scores of documents that contain inadequate descriptions of non-legal subject matters, such as pricing, sales, and marketing. "[A] number of courts have determined that the attorney-client privilege does not protect client communications that relate only to business or technical data." *Pacamor Bearings v. Minebea Co.*, 918 F. Supp. 491, 510-11 (D.N.H. 1996) (citing *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 403 (8th Cir.) (citing cases), *cert. denied*, 484 U.S. 917 (1987)). These are business-related subjects that do not typically involve or require legal advice, and AstraZeneca has failed to show otherwise.

6.      At least two in-house counsel for AstraZeneca have either provided non-legal advice or been employed in non-legal positions. The attorney-client privilege does not apply when an attorney is providing business advice or is acting in a non-legal role. *See, e.g., Borase*, 171 F.R.D. at 14 (quoting *Texaco Puerto Rico, Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 884 (1st Cir. 1995)). Therefore, all of these attorneys' communications cannot be withheld.

7.      AstraZeneca's privilege logs also attempt to claim privilege for documents whose entries reflect communications with non-AZ employees. However, "where the client chooses to share communications outside this magic circle, the courts have usually refused to extend the privilege." *United States v. Massachusetts Inst. of Tech.*, 129 F.3d 681, 684 (D. Mass. 1997). The assertion by counsel for AZ that all of these documents relate to Together Rx, and that the common interest exception applies, cannot stand. Not only has AZ failed to establish the applicability of the relevant privilege, but it has also failed to show that the common interest doctrine should exempt each of these documents from production due to a waiver of the alleged privilege.

WHEREFORE plaintiffs respectfully request that this Court enter an order compelling AstraZeneca to supplement its privilege logs or, in the alternative, to produce the inadequately described documents, and all other relief that this Court deems just and proper.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2), the undersigned hereby certify that counsel for plaintiffs conferred with counsel for AstraZeneca regarding the issues addressed in this motion, but were unable to resolve or narrow the issues.

3

Dated: July 18, 2005

Respectfully submitted,

By: /s/ Jennifer F. Connolly

Thomas M. Sobol
Edward Notargiacomo
**Hagens Berman Sobol Shapiro LLP**
One Main Street, 4th Floor
Cambridge, MA 02142

*Liaison Counsel*

Steve W. Berman
Sean R. Matt
**Hagens Berman Sobol Shapiro LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Elizabeth A. Fegan
**Hagens Berman Sobol Shapiro LLP**
60 W. Randolph, Suite 200
Chicago, IL 60601

Samuel Heins
Brian Williams
**Heins Mills & Olson, PLC**
3550 IDS Center
80 S. Eighth Street
Minneapolis, MN 55402

Jeff Kodroff
John Macoretta
**Spector, Roseman & Kodroff, PC**
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Kenneth A. Wexler
Jennifer Fountain Connolly
**The Wexler Firm LLP**
One North LaSalle, Suite 2000
Chicago, IL 60602

4

Marc H. Edelson
Allan Hoffman
**Hoffman & Edelson LLC**
45 West Court Street
Doylestown, PA  18901

5

## CERTIFICATE OF SERVICE BY VERILAW

Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on July 18, 2005, I caused copies of **Plaintiffs' Motion to Compel the Supplementation of AstraZeneca's Privilege Logs Or, In The Alternative, to Compel the Production of Inadequately Described Documents** to be served on all counsel of record by causing same to be posted electronically via Verilaw.

_____
Jennifer Fountain Connolly