## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Master File No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL THE SUPPLEMENTATION OF ASTRAZENECA'S PRIVILEGE LOGS OR, IN THE ALTERNATIVE, TO COMPEL THE PRODUCTION OF INADEQUATELY DESCRIBED DOCUMENTS

### I.   INTRODUCTION

In each of its four privilege logs produced to Plaintiffs, AstraZeneca ("AZ") has failed to satisfy its burden of establishing the applicability of the relevant privilege and/or protection because scores of entries (identified in the attached appendices) lack critical information for Plaintiffs or this Court to assess whether the claimed privilege or protection applies.  Before coming to this Court, Plaintiffs made several detailed written requests to AstraZeneca to remedy the identified problems, as well as conferred orally with AstraZeneca's counsel, and have provided AstraZeneca with ample time to comply.  Nonetheless, AstraZeneca has refused to meet its burden.

AstraZeneca's privilege logs contain four main categories of deficiencies:

(1)     the failure to sufficiently identify the name and/or capacity of individuals who authored or received the allegedly privileged documents (in some cases only identifying persons as "Smoochy@home" or "UNKNOWN");

(2)    the failure to adequately describe the subject matter of the documents, particularly those that relate to non-legal topics (in some cases only describing the subject matter as related to "pricing");

(3)    the failure to adequately provide information relating to two of AZ's in-house counsel who have been involved in non-legal matters and/or held non-legal positions in the company; and

(4)    the failure to provide sufficient information relating to all communications with non-AZ employees so as to avoid waiver with respect to any privilege that may have applied to these documents.

With respect to each of these deficiencies more fully described below, Plaintiffs request that, because of the pending August 31, 2005 discovery deadline, AstraZeneca be ordered to supplement its logs within 10 days or, in the alternative, to produce the documents identified on its logs for which the description is deemed inadequate.

## II. BACKGROUND FACTS

AZ has produced four privilege logs, three of which have been revised from their original version:[1]

- "Log I" ("Log of Withheld Documents and/or Text Current up to Document Bearing Bates Stamp Number AZ0425371") is dated April 2, 2004.  Log I is twenty-five (25) pages long and has not been revised.  *See* Exhibit 1.

- "Log II" ("Second Revised Privilege Log of Withheld Documents and/or Text for Documents Bearing Bates Stamp Numbers AZ0425372-AZ0466415") is one hundred

---

[1] This Motion only concerns the most recent version of each privilege log.

and thirty eight (138) pages long. The original version is dated June 15, 2004; the current version is dated March 18, 2005. *See* Exhibit 2.

- "Log III" ("Revised Privilege Log of Documents Withheld from Bates Stamp Range AZ0466415-AZ0689792") is three hundred and thirty six (336) pages long. The original is dated January 14, 2005; the current version is dated April 25, 2005. See Exhibit 3.

- "Log IV" ("Privilege Log for Documents Bearing Bates Stamp Numbers AZ0689793-AZ0708662") is seventy (70) pages long. Log IV has not been revised, and is dated March 31, 2005. *See* Exhibit 4.

Over the last year, pursuant to Federal Rule of Civil Procedure 37(a)(2)(A), Plaintiffs and AZ have engaged in extensive correspondence and discussions regarding the deficiencies of the claims of attorney-client privilege and work product protection in AZ's privilege logs. Despite Plaintiffs' good faith attempts to confer with AZ to resolve these disputes without court action, the parties have not been able to resolve these matters.

On June 16, 2004, Plaintiffs sent a letter to counsel for AstraZenca requesting clarification and revision of Log II. (*See* Elizabeth Fegan's letter to Monica Lamb, dated June 16, 2004, attached as Exhibit 5). On June 23, 2004, Plaintiffs sent another letter to AZ's counsel regarding Log II's deficiencies, and again requested that the problems be corrected by July 1, 2004. (*See* Kenneth Wexler's letter to Monica Lamb, dated June 23, 2004, attached as Exhibit 6). AZ's counsel responded to both of these letters on July 12, 2004, stating that a revised Log II would be provided that addressed some of the points raised by Plaintiffs. (*See* Monica Lamb's letter to Elizabeth Fegan, dated July 12, 2004, attached as Exhibit 7).

from Kenneth Wexler to Scott Wise, dated May 11, 2005, attached as Exhibit 15). Scott Wise responded on May 12, 2005, stating that a review was under way to consider Plaintiffs' arguments in regard to Logs I and IV. (*See* letter from Scott Wise to Kenneth Wexler dated May 12, 2005, attached as Exhibit 16). To date, Mr. Wise has not responded to Plaintiffs' analysis of the deficiencies in these two Logs.

## III. ARGUMENT

Federal Rule of Civil Procedure 26(b)(5) requires that, for each document being withheld on a claim of privilege, the non-producing party must expressly "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." The party claiming the attorney-client privilege bears the burden of demonstrating by a fair preponderance of the evidence that the privilege applies and has not been waived. *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 190 F.R.D. 287, 289 (D. Mass. 2000) (citing *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981)). Because this privilege blocks the full disclosure of relevant information, it must be narrowly construed. *FDIC v. R.W. Beck, Inc.*, Case No. 01-cv-11982-RGS, 2004 U.S. Dist. LEXIS 12128, at *3 (D. Mass. July 1, 2004) (quoting *In re XYZ Corp.*, 348 F.3d 16, 22 (1st Cir. 2003)).

Accordingly, AZ must prove, for every document being withheld, each of the following essential elements of the attorney-client privilege:

> (1)     Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*Cavallaro v. United States*, 284 F.3d 236, 245 (1st Cir. 2002) (aff'g Saris, J.) (quoting with approval 8 J.H. Wigmore, Evidence § 2292, at 554 (McNaughton rev. 1961)).

Here, AstraZeneca has failed to establish by a preponderance of evidence that the privilege applies to the documents listed in Appendices A – I, because: (A) AstraZeneca has failed to adequately identify the individuals listed in the privilege logs (*see* Section III.A and Appendices A-B); (B) AstraZeneca's vague subject matter descriptions do not demonstrate how and if documents relating to non-legal topics are privileged (*see* Section III.B and Appendices C-F); (C) AZ has not met its burden in asserting the attorney-client privilege or work product doctrine for documents reflecting non-legal advice of in-house counsel and/or counsel who have been employed at AZ in non-legal positions (*see* Section III.C and Appendices G-H); and (D) AZ's Privilege Logs include many documents reflecting communications with non-AZ employees that cannot be privileged absent a more specific showing (*see* Section III.D and Appendix I). Accordingly, as more fully set forth below, Plaintiffs' Motion should be granted.

### A. AstraZeneca Has Failed to Meet its Burden of Adequately Identifying the Individuals Listed in the Privilege Logs

To conduct a meaningful analysis of AZ's claims of privilege, Plaintiffs are entitled to know the identities of the authors and recipients of the claimed privilege information. AZ has refused to provide Plaintiffs with this information.

### 1. AstraZeneca Must Provide the Proper Name for Each Individual In the Privilege Log

One of the very basic requirements in asserting the attorney-client privilege is that the attorney's client must seek legal advice from the attorney. *See, e.g. Cavallaro,* 284 F.3d at 245 (1st Cir. 2002) (Saris, J.). This requirement is particularly important in the corporate context: "[b]ecause a corporation acts through its officers, determining whose communications are the corporation's as client is an important issue. A person's authority to speak or act on behalf of a corporation, however, will generally be a function of that person's position." *Rivera v. Kmart Corp.,* 190 F.R.D. 298, 302 (D.P.R. 2000). Inherent in establishing the attorney-client privilege

and determining whether the person has the authority to act on behalf of a corporation is knowing *the identity of the employee* who has either made a request for legal advice, received legal advice, or forwarded legal advice. AZ has failed to supply this information for hundreds of entries. AZ either: (1) provided cryptic identifiers rather than proper names; or (2) listed a group name without identifying the individuals who compose the group. (*See* documents listed in Appendix A).

More specifically, in each of the privilege logs, AZ has identified certain authors and recipients by unintelligible symbols that fail to identify the officer acting on behalf of the corporation. For instance, AZ has listed the following as recipients and/or recipients of allegedly privileged documents: "@11430C;" "/FSF 70 All;" "Pbarry@aol.com;" "JJCUS;" "UNKNOWN;" "Legal Temp;" "rsgsrsrs@aol.com;" and "Smoochy@home." In fact, in Log I, there are several entries without *any* author or recipient listed at all. The claim of AZ's counsel that determining the true identity of these "individuals" would be either impossible or unduly burdensome is unpersuasive, as this is one of the most basic and necessary items for AZ to provide to Plaintiffs (and this Court). If AZ cannot provide this information, it cannot meet its burden of establishing the privilege and must produce the withheld documents.

Equally inadequate are scores of privilege log entries listing allegedly privileged documents sent to groups or teams, without any indication as to the identities of the individuals that compose these bodies. For instance, AZ's privilege logs list "ICI Pharmaceuticals Group;" "C.A.R.P. Committee;" "AstraZeneca;" "Legal Dept.;" and "Together RX Program," as authors of various privileged documents. Similarly deficient are the scores of documents in the privilege logs with recipients such as, "Zeneca Team;" "Urology Sales Team;" "Internal Team;" and "+ESI Team." These entries simply do not tell Plaintiffs which specific individuals received,

7

authored, or forwarded the allegedly privileged documents as AZ is obligated to do.  Again, in the absence of more detailed information, AZ has failed to meet its burden and should be compelled to produce the withheld documents.

### 2.    AstraZeneca Must Provide the Capacity of Each Individual Identified in the Privilege Logs

AstraZeneca has also refused to provide Plaintiffs with the capacities of the individuals listed in the privilege logs, despite the fact that a party must provide "all authors and recipients of the document *along with their capacities*, a statement of the subject matter of the document, and an explanation of the basis for withholding the document from discovery." *Mold-Masters Ltd. v. Husky Injection Molding Systems, Ltd.*, Case No. 01 C 1576, 2001 U.S. Dist. LEXIS 20152, *7 (N.D. Ill. Dec. 5, 2001) (emphasis added).  This information is necessary because the attorney-client privilege protects communications such as those between "corporate officers and corporate General Counsel." *Vijay Borase v. M/A Com, Inc.*, 171 F.R.D. 10, 14 (D. Mass. 1997).  "In essence, communications by employees to counsel acting at the direction of corporate superiors to secure legal advice are protected by the privilege.  The scope of the privilege is fact sensitive and must be addressed on a case-by-case basis." *Spalding & Evenflo Companies, Inc. v. Wilson Sporting Goods Co.*, Case No. 97-30275-MAP, 1999 U.S. Dist. LEXIS 21966, at *4 (D. Mass. June 9, 1999).

More specifically, the capacities of individuals are needed because communications that reflect advice given by counsel to a corporation only maintain their privileged status when shared among corporate employees who share responsibility for the subject matter of the communication. *See, Baptiste v. Cushman & Wakefield, Inc.,* No. 03 Civ. 2102 (RCC) (THK), 2004 U.S. Dist. LEXIS 2579, at *6 (S.D.N.Y. Feb. 20, 2004) (noting that communications from counsel to a single corporate executive acting on behalf of the corporate client retain their

privileged status when communicated to other executives who have relevant responsibility.). *See also In re General Instrum. Corp. Securities Litig.*, 190 F.R.D. 527, 530 (N.D. Ill. 2000) (ordering production of documents in part because, "[i]f we do not know the capacities of the persons producing documents or in their chain of distribution, it is impossible to assess a claim of privilege.")   Quite simply, without knowing the capacities of the thousands of individuals listed in the privilege log, it is nearly impossible for Plaintiffs to "assess the applicability of the privilege or protection" as is required by Fed. R. Civ. P. 26(b)(5).   Similar to *In re General Instrument Corp. Securities Litigation*, such a failure despite Plaintiffs' repeated requests for this information - information that is solely within the possession of AZ – should result in the production of all relevant documents.   190 F.R.D. at 531 ("The failure to provide specific and complete distribution lists with descriptions of individuals' capacities for documents is sufficient reason to order production.").

In the same vein, AZ has listed hundreds of documents in its privilege logs where two or more individuals are forwarding the alleged "legal advice" of an attorney who is neither the author, recipient, or sometimes not even carbon copied on the communication. (*See* documents listed in Appendix B).   For each of these documents, Plaintiffs cannot determine if any alleged privilege that may have existed has been waived because it is impossible to know if these individuals involved in these communications are employees, in-house counsel, or corporate superiors.   Furthermore, documents prepared for both legal and non-legal review are not privileged, and even when an attorney is carbon copied on a document, privilege does not magically attach. *See In re General Instrument Corp. Securities Litigation*, 190 F.R.D. at 530.[2]

---

[2] Because blanket assertions are not sufficient to invoke the attorney-client privilege, AZ's counsel's statement that "[i]t appears from the face of the communications in question that legal advice was sent only to employees with relevant responsibility" (*see* letter from Scott Wise to Kenneth Wexler, dated

**B.      AstraZeneca's Vague Subject Matter Descriptions Do Not Demonstrate How and If Documents Relating to Non-Legal Topics Are Privileged**

AstraZeneca has withheld hundreds of documents where the sole basis of the privilege claimed is that the communications relate to topics such as: pricing; sales; contracting, and marketing. (*See Appendices* C – F for all relevant entries). Each of these broad topics form the foundation for the AWP litigation and, in fact, AstraZeneca has already produced hundreds of thousands of documents that fall within these same topical descriptions. Thus, there is no nexus between the non-legal topic described and AZ's claim that the attorney-client privilege should apply. Indeed, the plain language of the descriptions do not state legal advice is being given or received. Despite repeated requests by Plaintiffs for an improved subject matter description for these documents, AZ has refused to comply. Therefore, AstraZeneca should be required to produce these documents immediately.

It is clear that the party asserting the privilege must show "that the [document] relates to facts communicated for the purpose of securing a legal opinion, legal services or assistance in a legal proceeding..." *United States v. Wilson*, 798 F.2d 509, 512 (1st Cir. 1986)). Accordingly, "a number of courts have determined that the attorney-client privilege does not protect client communications that relate only to business or technical data." *Pacamor Bearings v. Minebea Co.*, 918 F. Supp. 491, 510-11 (D.N.H. 1996) (citing *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 403 (8th Cir.) (citing cases), *cert. denied*, 484 U.S. 917 (1987)). *See also In re General Instrum. Corp. Securities Litig.*, 190 F.R.D. at 530 ("There are a substantial number of documents where defendant's description of subject matter does not allow us to conclude that they were produced with legal advice in mind. These include documents relating to shipping schedules and other

---

March 11, 2005, at 27, ex. 12) is not adequate. *Moloney v. United States*, 204 F.R.D. 16, 20 (D. Mass. 2001) (quoting with approval 6 *Moore's Federal Practice*, § 26.90[1] (Matthew Bender 3d ed.)).

business concerns....Similarly, there are a number of documents where defendant's descriptions suggest they reflect engineering or equipment concerns, as opposed to legal advice.... Defendant has failed to show any of these documents are privileged."); *Mission Nat'l Ins. Co. v. Lilly*, 112 F.R.D. 160, 163-64 (D. Minn. 1986) (where investigation by in-house counsel included non-legal opinions, as opposed to legal or trial matters, it was "ordinary business...outside the scope of the asserted privileges.").   Therefore, any time an attorney performs non-legal work, including business advice unrelated to any legal issues, the communications related to such advice are not privileged. *Borase*, 171 F.R.D. at 12 (D. Mass. 1997).   AZ's descriptions fail to show that an attorney was rendering legal – as opposed to business – advice, and thus should not be withheld.

### C.   AZ Has Not Met Its Burden In Asserting the Attorney-Client Privilege or Work Product Doctrine for Documents Reflecting Non-Legal Advice of In-House Counsel and/or Counsel Who Have Been Employed at AZ in Non-Legal Positions

At least two in-house counsel for AstraZeneca have either provided non-legal advice or been employed in non-legal positions.   While legal advice given by in-house counsel to his or her client can be privileged, this is only true when the attorney is providing confidential legal advice. *See, e.g., Borase*, 171 F.R.D. at 14 (quoting *Texaco Puerto Rico, Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 884 (1st Cir. 1995)).

Because of this, Plaintiffs have requested that AZ supplement the subject matter descriptions for each document withheld based on alleged legal advice provided by either Robert Shaughnessy or Donald Sawyer. (*See Appendices* G - H).   Mr. Sawyer began as legal counsel but moved to "[O]perations." (*See* Exhibit 17)   In addition, Mr. Shaughnessy has given non-legal advice regarding contract strategy approval, a non-legal issue. (*See* Exhibit 18) Especially

11

because both Mr. Sawyer and Mr. Shaughnessy were in positions that at least in part rendered business advice, all of their communications cannot be withheld.[3]

### D. AstraZeneca's Privilege Logs Include Many Documents Reflecting Communications with Non-AZ Employees That Cannot Be Privileged Absent a More Specific Showing

AstraZeneca's privilege logs attempt to claim privilege for documents whose entries reflect communications with non-AZ employees. (*See* documents listed in Appendix I). The general rule is that the attorney-client privilege is waived when confidential privileged information is shared with third parties. *Ken's Foods, Inc. v. Ken's Steak House, Inc.*, 213 F.R.D. 89, 93 n.7 (D. Mass. 2002). "[W]here the client chooses to share communications outside this magic circle, the courts have usually refused to extend the privilege." *United States v. Massachusetts Inst. of Tech.*, 129 F.3d 681, 684 (D. Mass. 1997).

In response to Plaintiffs' requests to supplement these descriptions or produce these documents, counsel for AZ has stated that these documents were "sent to members or agents of Together Rx or to agents working under the control of counsel." (Letter from Scott Wise to Kenneth Wexler dated March 11, 2005, at 7, ex. 12). Furthermore, AZ's counsel claimed "[Plaintiffs'] suggestion that AstraZeneca waived its privilege by sharing these documents with members or agents of Together Rx is without merit," because "AstraZeneca and the Together Rx members and agents share a common interest." (*See id.*).

To the extent that AZ seeks to assert the common-interest doctrine (also known as the joint defense doctrine) in regards to these documents,[4] AZ first must establish the applicability of

---

[3]  Further, AZ has made no claim – as it has with Stuart Fullerton – that Messrs. Sawyer and Shaugnessy served solely as "litigation counsel."

[4]  This doctrine provides that, "when two or more clients consult or retain an attorney on particular matters of common interest, the communications between each of them and the attorney are privileged against third parties....Similarly, the privilege applies to communications made by the client or the

the relevant privilege. Because the common-interest doctrine is not an independent basis for shielding communications from discovery, but is rather an exception to the general rule that the attorney-client privilege is waived when confidential privileged information is shared with third-parties, when and if AZ can establish that these documents are privileged, it must next show that: (1) the communications were made in the course of a joint defense; (2) the statements were designed to further the effort; and (3) the privilege has not been waived. *Ken's Foods,* 213 F.R.D. at 93 (citing *United States v. Bay State Ambulance & Hosp. Rental Serv. Inc.,* 874 F.2d 20, 28 (1st Cir. 1989)). The party asserting the defense must otherwise show that they agreed to engage in a joint effort and keep the shared information confidential. *Id.* Communications between parties *before* the creation of the common interest among the parties are not covered by this doctrine. *Id.* at 94 (finding that a letter from one attorney to another was written before it was established that a common interest existed were not protected by this doctrine).

AZ's position that all of these documents are privileged simply because its counsel states that they were made in connection with the "common interest among Together Rx members" is inadequate. (*See* Scott Wise's letter to Kenneth Wexler, dated March 11, 2005, at 7, ex. 12). Not only has AZ failed to establish the applicability of the relevant privilege, but it has also failed to show that the common interest doctrine should exempt each of these documents from production due to a waiver of the alleged privilege.

## IV.  CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that their Motion to Compel be granted, and that AstraZeneca be ordered to supplement its logs within 10 days or, in

client's lawyer to a lawyer representing another in a matter of common interest." *Ken's Foods,* Inc., 213 F.R.D. at 93 n.7 (quoting 3 *Weinstein's Federal Evidence* § 503.21[1] and [2] (J.M. McLaughlin, ed., 2d ed. 2002) (other internal citations and quotations omitted)). This doctrine specifically applies to codefendants. *Cavallaro v. United States,* 284 F.3d 236, 250 (1st Cir. 2002).

the alternative, to produce the documents identified on its logs for which the description is deemed inadequate, and for such other and further relief as this Court deems appropriate.

Dated:  July 18, 2005                                     Respectfully submitted,

                                             By: _Jennifer F. Connolly_

                                                     Thomas M. Sobol
                                                     Edward Notargiacomo
                                                     **Hagens Berman Sobol Shapiro LLP**
                                                     One Main Street, 4th Floor
                                                     Cambridge, MA  02142

                                                     *Liaison Counsel*

                                                     Steve W. Berman
                                                     Sean R. Matt
                                                     **Hagens Berman Sobol Shapiro LLP**
                                                     1301 Fifth Avenue, Suite 2900
                                                     Seattle, WA  98101

                                                     Elizabeth A. Fegan
                                                     **Hagens Berman Sobol Shapiro LLP**
                                                     60 W. Randolph, Suite 200
                                                     Chicago, IL  60601

                                                     Samuel Heins
                                                     Brian Williams
                                                     **Heins Mills & Olson, PLC**
                                                     3550 IDS Center
                                                     80 S. Eighth Street
                                                     Minneapolis, MN  55402

                                                     Jeff Kodroff
                                                     John Macoretta
                                                     **Spector, Roseman & Kodroff, PC**
                                                     1818 Market Street, Suite 2500
                                                     Philadelphia, PA  19103

                                                     Kenneth A. Wexler
                                                     Jennifer Fountain Connolly
                                                     **The Wexler Firm LLP**
                                                     One North LaSalle, Suite 2000
                                                     Chicago, IL  60602

Marc H. Edelson
Allan Hoffman
**Hoffman & Edelson LLC**
45 West Court Street
Doylestown, PA  18901

## CERTIFICATE OF SERVICE BY VERILAW

Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on July 18, 2005, I caused copies of **Memorandum in Support of Plaintiffs' Motion to Compel the Supplementation of AstraZeneca's Privilege Logs Or, In The Alternative, to Compel the Production of Inadequately Described Documents** to be served on all counsel of record by causing same to be posted electronically via Verilaw.

Jennifer Fountain Connolly

# Appendices A – I

# Filed Under Seal

# Exhibits 1 – 18

# Filed Under Seal