UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | Judge Patti B. Saris |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiffs, by their attorneys, respectfully move this Court for leave to file Exhibits 1 to 18 and Appendices A to I of their Memorandum in support of their Motion to Compel the Supplementation of AstraZeneca's Privilege Logs or, in the Alternative, to Compel the Production of Inadequately Described Documents ("Plaintiffs' Memorandum") under seal.

1. Pursuant to Paragraph 14 of the Protective Order (Dec. 13, 2002), the parties may designate documents or deposition testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2. Exhibits 17 and 18 to Plaintiffs' Memorandum are excerpts from the depositions of Nicholas Harsh and Jeffrey Alverson, which AZ has marked "HIGHLY CONFIDENTIAL" under the Protective Order. Exhibits 1 to 4 are AstraZeneca's ("AZ's") four privilege logs, which have likewise been marked by AZ as HIGHLY CONFIDENTIAL. Appendices A to I are charts of the deficient entries in AZ's privilege logs. Although plaintiffs do not believe that these charts contain anything deserving of the HIGHLY CONFIDENTIAL designation – because they do not identify the description of the withheld communication as set forth in AZ's privilege log – in an abundance of caution and in compliance with the Protective Order, plaintiffs are filing these charts under seal. Exhibits 5 to 16 are correspondence with AZ's counsel

regarding the deficiencies of AZ's four privilege logs. Again, although plaintiffs question whether these communications require filing under seal, because they discuss the substance of AZ's privilege logs, which have been marked HIGHLY CONFIDENTIAL, plaintiffs are likewise filing these communications under seal. Plaintiffs will reconsider these decisions to file under seal if AZ agrees that they do not disclose HIGHLY CONFIDENTIAL information or if the Court orders that they be disclosed.

WHEREFORE plaintiffs respectfully request that this Court grant them leave to file Exhibits 1 to 18 and Appendices A to I to their Memorandum in support of their Motion to Compel the Supplementation of AstraZeneca's Privilege Logs or, in the Alternative, to Compel the Production of Inadequately Described Documents ("Plaintiffs' Memorandum") under seal, and all other relief that this Court deems just and proper.

Dated: July 18, 2005

Respectfully submitted,

By: /s/ Jennifer F. Connolly

Thomas M. Sobol
Edward Notargiacomo
**Hagens Berman Sobol Shapiro LLP**
One Main Street, 4th Floor
Cambridge, MA  02142

*Liaison Counsel*

Steve W. Berman
Sean R. Matt
**Hagens Berman Sobol Shapiro LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101

Elizabeth A. Fegan
**Hagens Berman Sobol Shapiro LLP**
60 W. Randolph, Suite 200
Chicago, IL  60601

2

Samuel Heins
Brian Williams
**Heins Mills & Olson, PLC**
3550 IDS Center
80 S. Eighth Street
Minneapolis, MN 55402

Jeff Kodroff
John Macoretta
**Spector, Roseman & Kodroff, PC**
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Kenneth A. Wexler
Jennifer Fountain Connolly
**The Wexler Firm LLP**
One North LaSalle, Suite 2000
Chicago, IL 60602

Marc H. Edelson
Allan Hoffman
**Hoffman & Edelson LLC**
45 West Court Street
Doylestown, PA 18901

3

**CERTIFICATE OF SERVICE BY VERILAW**

Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on July 18, 2005, I caused copies of Plaintiffs' Motion for Leave to File Under Seal to be served on all counsel of record by causing same to be posted electronically via Verilaw.

_____
Jennifer Fountain Connolly