UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------- x
                                )
In Re: PHARMACEUTICAL INDUSTRY  )
AVERAGE WHOLESALE PRICE         )
LITIGATION                      ) MDL No. 1456
                                )
                                ) Master File No. 01-CV-12257-PBS
                                )
------------------------------- x Judge Patti B. Saris
                                )
This Document Relates to:       )
                                )
*International Union of Operating* )
*Engineers, Local No. 68 Welfare* )
*Fund v. AstraZeneca PLC et al.,* )
*Civil Action No. 04-11503-PBS*  )
------------------------------- x

## NOTICE OF SUPPLEMENTAL AUTHORITY

On July 3, 2003, AstraZeneca removed the above captioned action to the United States District Court for the District of New Jersey, asserting that federal subject matter jurisdiction exists over plaintiffs state law claims for two reasons: 1) complete ERISA preemption; and 2) the existence of a substantial federal question, because an essential element of plaintiffs' state law claims to recover Medicare Part B co-payments is the meaning of AWP under the Medicare statute and regulations.[1] *See* Notice of Removal, ¶¶ 10-18.

This Court has previously ruled in connection with other AWP actions that, under *Merrell Dow Pharm. Inc v. Thompson*, 478 U.S. 804 (1986), state law claims relating to Medicare Part B co-payments are not removable, notwithstanding the Court's finding that

---

[1] This action was subsequently transferred to this Court by the Judicial Panel on Multi-District Litigation.

a violation of the Medicare statute is a necessary element of such state law claims, because there is no private cause of action under the Medicare statute. *See Montana v. Abbott Labs., Inc.*, 266 F. Supp. 2d 250, 260 (D. Mass. 2003). On June 13, 2005, the United States Supreme Court issued a decision in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363 (June 13, 2005), which clarified its prior ruling in *Merrell Dow*. In *Grable*, the Supreme Court held that a federal right of action is not a mandatory condition for federal question jurisdiction. 125 S. Ct. at 2369-70.

The *Grable* decision is attached as Exhibit A for the Court's convenience.

Respectfully submitted,

By: /s/ Lucy Fowler

Nicholas C. Theodorou (BBO # 496730)
Lucy Fowler (BBO # 647929)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA  02210

D. Scott Wise
Kimberley D. Harris
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY  10017

Attorneys for AstraZeneca Pharmaceuticals LP

Dated: July 20, 2005

## CERTIFICATE OF SERVICE

I certify that on July 20, 2005, a true and correct copy of the foregoing Notice of Supplemental Authority was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

/s/ Lucy Fowler

Lucy Fowler