UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>Consolidated County Complaint |  |

## MOTION TO COMPEL DISCLOSURE FROM PLAINTIFFS AND FOR EXTENSION OF TIME TO COMPLY WITH JULY 8, 2005 ORDER

Through no fault of their own, defendants are still unable to comply with the Court's July 8, 2005 Order requiring each defendant to submit an affidavit supporting all or part of the redactions in the Consolidated Complaint and Exhibits as to that defendant. Accordingly, defendants respectfully submit this motion to request that the Court grant defendants a further extension of time and, in the interim, order plaintiffs to: 1) provide within ten days a copy of the Consolidated Complaint and Exhibits to any defendants who have not yet received a copy unredacted as to that defendant; and 2) disclose within ten days information to defendants relating to the source and origins of the alleged "market price" data in the Consolidated Complaint and Exhibit B to the Consolidated Complaint, so that defendants can determine whether such data should remain under seal. In support of this motion, defendants state as follows:

1. On June 15, 2005, counsel for plaintiffs served via Verilaw a version of a "Consolidated Complaint" (with accompanying exhibits) against defendants that was "redacted"

to exclude information identified as Highly Confidential pursuant to the Protective Order in this case.

2. By Order dated June 23, 2005, the Hon. Patti B. Saris directed the Clerk not to accept the filing under seal until defendants had established the bases for the redactions as to each of them. The June 23, 2005 Order provided defendants 10 days in which to make their showing.

3. Defendants were unable to comply with the 10-day time period in the June 23, 2005 Order due to plaintiffs' failure to provide them with versions of the Consolidated Complaint unredacted as to each of them, showing, among other allegations, each defendants' alleged "market price" data. The parties therefore jointly requested a modification of the June 23, 2005 Order. By Order dated July 8, 2005, the Court modified its June 23, 2005 Order to provide that the 10-day period for a defendant to submit an affidavit in support of all or part of the redactions in the Consolidated Complaint and Exhibits was to begin from the date its counsel is provided with a copy of the Consolidated Complaint and Exhibits, unredacted as to such defendant, or 10 days from the filing of the Order, whichever was later.

4. Although some defendants have been provided with an appropriately unredacted copy of the Consolidated Complaint and Exhibits as anticipated by the Court's July 8, 2005 Order, some defendants have not. Moreover, even those defendants who have received an unredacted copy are still unable to comply with the Court's Order. The newly unredacted portions of the Consolidated Complaint and Exhibit B contain alleged "market prices" for a number of defendants' products, as well as alleged "spreads" that were calculated on the basis of these alleged "market prices," but there is no information in the Consolidated Complaint as to the source of such data.

5.  Non-public pricing information qualifies as Highly Confidential information protected from public disclosure under this Court's Protective Order. Protective Order dated December 13, 2002, ¶ 5. While there are reasons to believe that the alleged pricing information set forth in the Consolidated Complaint and Exhibit B qualifies for such treatment based on what it purports to be, important information concerning the confidentiality of the data will not be available to defendants and the Court without information concerning the data's alleged source. For example, whether the pricing information contained in the Consolidated Complaint and Exhibit B was provided by a source subject to a confidentiality agreement, or was subject to a reasonable expectation that it would be kept confidential based on other circumstances relating to the person or entity that provided it, are matters of obvious potential relevance.

6.  Counsel for defendants have communicated with counsel for plaintiffs with respect to this issue. Although counsel for plaintiffs agrees that information regarding the source of the pricing data is relevant to a determination whether the information should remain under seal, counsel for plaintiffs has been unable to provide the necessary information to defendants. According to counsel for plaintiffs, the pricing information contained in the Consolidated Complaint and Exhibit B was provided by a third party that has not yet permitted counsel for plaintiffs to reveal its identity or any other information regarding the origins of the data. As a result, counsel for plaintiffs was unable to secure this information for defendants in time for defendants to comply with the Court's July 8, 2005 Order.

7.  Based on the foregoing, Defendants respectfully request that the Court order plaintiffs to: 1) provide within ten days a copy of the Consolidated Complaint and Exhibits to any defendants who have not yet received a copy unredacted as to that defendant; and 2)

3

disclose within ten days information to defendants relating to the source and origins of the alleged "market price" data in the Consolidated Complaint and Exhibit B to the Consolidated Complaint. Defendants further request for each defendant an extension of time to comply with the Court's July 8, 2005 Order until ten days after the defendant is informed of the source of the information contained in the Consolidated Complaint and Exhibit B to the Consolidated Complaint, or ten days after receipt of a copy of the Consolidated Complaint and Exhibits unredacted as to that defendant, whichever is later. Counsel for defendants believes that counsel for plaintiffs does not oppose defendants' request for an extension of time.

        8.      Defendants do not seek modification of the portion of the July 8, 2005 Order providing that neither the receipt by a defendant's counsel of a version of the Consolidated Complaint and Exhibits, unredacted as to such defendant, nor the submission to the Court of a defendant's affidavit regarding the redactions shall constitute service of process, an appearance by a defendant or shall otherwise affect any jurisdictional or other defense that a defendant may have.

Dated: Boston, Massachusetts
July 20, 2005

                    Respectfully Submitted,

By: /s/ Lucy Fowler
Nicholas C. Theodorou (BBO # 496730)
Lucy Fowler (BBO #647929)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, Massachusetts 02210
Tel: (617) 832-1000

D. Scott Wise
Kimberley Harris
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000

Attorneys for AstraZeneca Pharmaceuticals LP on behalf of all defendants in the Consolidated Complaint

### Certificate of Service

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on July 20, 2005, a copy to Verilaw Technologies for posting and notification to all parties.

/s/ Lucy Fowler
Lucy Fowler

### Certification Pursuant to Local Rule 7.1

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for AstraZeneca Pharmaceuticals LP attempted to confer with counsel for plaintiffs on this motion, but has been unable to reach counsel for plaintiffs. However, counsel for AstraZeneca Pharmaceuticals LP believes, based on prior conversations with counsel for plaintiffs, that counsel for plaintiffs does not oppose defendants' request for an extension of time.

/s/ Lucy Fowler
Lucy Fowler

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>Consolidated County Complaint ) ) ) ) ) | Judge Patti B. Saris |

### [PROPOSED] ORDER MODIFYING JULY 8, 2005 ORDER

The July 8, 2005 Order is modified as follows:

1. Plaintiffs shall provide within ten days a copy of the Consolidated Complaint and Exhibits to any defendant who has not yet received a copy unredacted as to that defendant.

2. Plaintiffs shall disclose to defendants via Verilaw within ten days of the date of this order the identity of the third party that provided the "market price" data included in the Consolidated Complaint and Exhibits, along with information regarding the origins of the data.

3. Each defendant shall submit an affidavit in support of all or part of the redactions in the Consolidated Complaint and Exhibits as to it within ten days of receiving an unredacted copy of the Consolidated Complaint and Exhibits, or within ten days of the date the information described in paragraph 2 is posted to Verilaw, whichever is later.

July __, 2005

                                                          Hon. Patti B. Saris
                                                          United States District Judge