UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456 CIVIL ACTION NO. 01-CV-12257-PBS |
|  | ) ) | Judge Patti B. Saris |
| THIS DOCUMENTS RELATES TO ALL ACTIONS | ) ) ) | Chief Mag. Judge Marianne B. Bowler |

## DECLARATION OF TRISHA LAWSON

I, Trisha Lawson, declare as follows:

1. I am an attorney at Davis Polk & Wardwell, counsel for AstraZeneca
   Pharmaceuticals LP ("AstraZeneca") in the above-captioned litigation.

2. In January 2003, pursuant to CMO 5, AstraZeneca produced over 350,000
   pages of documents to plaintiffs relating to Zoladex, the only physician-
   administered drug at issue for AstraZeneca. In June 2004, AstraZeneca
   began to produce additional documents and data relating to the remaining
   drugs on a rolling basis. By the end of September 2004, the vast majority
   of the documents and data responsive to Plaintiffs' requests had been
   produced. In all, approximately 700,000 pages of documents and millions
   of data points have been produced.

3. AstraZeneca answered interrogatories with respect to employees involved
   in the sales and marketing of the products at issue in November 2004.

4.  In February 2004, Plaintiffs noticed 13 depositions, all of which related to Zoladex, but subsequently abandoned that notice and never sought to schedule any of the depositions.

5.  Plaintiffs took only one Rule 30(b)(6) deposition prior to February 2005.

6.  Between December 22, 2004 and January 31, 2005, Plaintiffs noticed 32 depositions, without agreement and without seeking permission from the Court.

7.  I told Plaintiffs that AstraZeneca was willing to discuss exceeding the ten-deposition limit by agreement, but that it would not agree to an unlimited number of unidentified depositions.  Plaintiffs refused to commit to any limitation on the number of depositions.

8.  The parties agreed to the depositions of eight witnesses in February and March 2005.  Plaintiffs cancelled all but two of the depositions.

9.  In May 2005, Plaintiffs requested additional fact depositions pursuant to the outstanding notices.

10. In response, AstraZeneca reiterated that it was willing to exceed the ten-deposition limit, but that it would not agree to an unlimited number of unidentified depositions.

11. Plaintiffs again refused to agree to any limit on the number of depositions they could take.

12. After the parties met and conferred, Plaintiffs specifically identified 18 additional employees they wished to depose.

2

13. AstraZeneca agreed to schedule those depositions, without waiving its right to object to any additional depositions.

14. In total, AstraZeneca has agreed to schedule 22 depositions, including 20 fact witnesses and two 30(b)(6) depositions.[1] To date, thirteen of those depositions have occurred and nine more are scheduled before the end of discovery (pending plaintiffs' identification of two of the witnesses they wish to substitute).

15. Recently, Plaintiffs indicated that they would like to take additional depositions relating to self-administered drugs. Counsel for AstraZeneca told plaintiffs that it had already agreed to a reasonable number of depositions, that it would not agree to any more, and that it was plaintiffs' responsibility to determine which witnesses to depose within those limits.

16. At no time did AstraZeneca agree that 18 depositions relating to one drug were warranted.

17. AstraZeneca offered to substitute other witnesses selected by plaintiffs for the ones that were scheduled.

18. Plaintiffs have substituted three witnesses already and have informed AstraZeneca that they intend to substitute at least two more.

19. On information and belief, no other Track One defendant has agreed to an unlimited number of depositions, nor has any Track One defendant agreed to 50 depositions.

---

[1] One of the fact witnesses also appeared as 30(b)(6) witness in response to a third 30(b)(6) notice.

3

20. Attached hereto as Exhibit 1 are true and correct copies of relevant correspondence between counsel for AstraZeneca and plaintiffs.

21. Attached hereto as Exhibit 2 are true and correct copies of certain deposition notices to AstraZeneca.

22. Attached hereto as Exhibit 3 is an excerpt from the transcript of the deposition of John Freeberry.

23. Attached hereto as Exhibit 4 is an excerpt from the transcript of the deposition of Greg Looney.

24. Attached hereto as Exhibit 5 is an excerpt from the transcript of the deposition of Alan Milbauer.

25. Attached hereto as Exhibit 6 is an excerpt from the transcript of the deposition of Jim Liebman.

4

Dated:  July 20, 2005

Trisha Lawson, Esq.
Davis Polk & Wardwell
450 Lexington Ave.
New York, NY 10017
Telephone: (212) 450-6083
Facsimile: (212) 450-5083