## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | Judge Patti B. Saris |

**PLAINTIFFS' NOTICE REGARDING THEIR MOTION FOR LEAVE TO SET ASIDE THE TEN DEPOSITION LIMIT WITH RESPECT TO DEFENDANT ASTRAZENECA AND EMERGENCY REQUEST FOR IMMEDIATE ORAL ARGUMENT**

TO:     ALL PARTIES AND THEIR COUNSEL OF RECORD VIA VERILAW

PLEASE TAKE NOTICE that plaintiffs waive their right to file a reply in support of their Motion for Leave to Set Aside the Ten Deposition Limit With Respect to Defendant AstraZeneca (Docket No. 1581).  Therefore, plaintiffs' motion is *sub judice.*  Moreover, because of the significance of the issues raised therein and the effect they continue to have on plaintiffs' ability to conduct discovery of AstraZeneca, plaintiffs request that their motion be immediately scheduled for oral argument.  In support thereof, plaintiffs state as follows:

1.      On July 6, 2005, plaintiffs filed their Motion for Leave to Set Aside the Ten Deposition Limit With Respect to Defendant AstraZeneca ("plaintiffs' deposition motion") and asked that this Court give plaintiffs leave to take a total of 50 non-30(b)(6) depositions of AstraZeneca witnesses.  *See id.*  (Attached as Ex. A).  On July 20, AstraZeneca filed its opposition to that motion.

2.      Track One discovery is scheduled to be completed by August 31, 2005.  However, since the filing of plaintiffs' deposition motion, AZ has taken the position that until the Court rules on plaintiffs' deposition motion, AZ not only will not allow plaintiffs to take more than the 18 depositions currently scheduled, but also will not even *schedule* these depositions in the event

that plaintiffs' deposition motion is granted, in whole or in part.  *See* E-mail from Trisha Lawson to Kenneth A. Wexler dated July 15, 2005 and letter from Monica Lamb to Kenneth Wexler dated July 19, 2005 ("Until this [deposition] motion is resolved, we will not be scheduling any Rule 30(b)(6) or fact depositions that you have noticed other than those previously agreed upon."), attached collectively as Exhibit B.  Clearly, AZ is seeking to run plaintiffs out of time as well as seek a *de facto* extension of the Track One discovery deadline solely for itself.

3.      AZ's actions violate CMO No. 10.  Paragraph 7 that CMO (Mar. 25, 2004) provides in pertinent part:

> A party shall provide a 'three week deposition notice' under which such party provides at least 21 days notice for a proposed deposition.  *A responding party may suggest an alternative date no later than seven more working days from the original notice.  The parties shall confer in good faith.*

(Emphasis added.)

4.      Since the filing of their deposition motion, plaintiffs have noticed the depositions of eight individuals.  *See* deposition notices for David Brennan, Robert Black, Jim Brady, Mark Mallon, Paul Villa, Jim Blessington, Mike Broach, and Jane Hart, attached collectively as Exhibit C.  AZ has refused to suggest alternative dates for these depositions and has refused to confer with plaintiffs in good faith on these dates.  Instead, AZ is using plaintiffs' filing of their deposition motion to frustrate the prosecution of plaintiffs' case against AZ.

5.      Plaintiffs' deposition motion should be decided on its merits rather than AZ's ability to continue to stall its resolution.

WHEREFORE plaintiffs respectfully request that this Court immediately schedule oral argument on plaintiffs' deposition motion, and request such further and other relief as this Court deems just and appropriate.

DATED:   July 21, 2005                        By  **/s/ Thomas M. Sobol**

Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
David Nalven (BBO#547220)
Hugh McNeely
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Ricardo Meza
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.L.C.
3550 IDS Center
80 S. Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

**CO-LEAD COUNSEL FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE BY VERILAW</u>

Docket No. MDL 1456

I, Edward Notargiacomo, hereby certify that I am one of plaintiffs' attorneys and that, on July 21, 2005, I caused copies of **PLAINTIFFS' NOTICE REGARDING THEIR MOTION FOR LEAVE TO SET ASIDE THE TEN DEPOSITION LIMIT WITH RESPECT TO DEFENDANT ASTRAZENECA AND EMERGENCY REQUEST FOR IMMEDIATE ORAL ARGUMENT** to be served on all counsel of record by causing same to be posted electronically via Verilaw.

**/s/ Edward Notargiacomo**
Edward Notargiacomo

# Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | Judge Patti B. Saris |

### PLAINTIFFS' MOTION FOR LEAVE TO SET ASIDE THE TEN DEPOSITION LIMIT WITH RESPECT TO DEFENDANT ASTRAZENECA

Plaintiffs, by their counsel, respectfully request that this Court grant plaintiffs leave to set aside the ten-deposition limit and to take a total of fifty (50) depositions of AstraZeneca witnesses, not including depositions pursuant to Rule 30(b)(6). In support hereof, plaintiffs state as follows:

### I.      INTRODUCTION

This is not a case – and this is not a defendant – where the ten deposition limit provided for in Fed. R. Civ. P. 30(a)(2)(A) is reasonable. Plaintiffs have sued AstraZeneca for fraudulent pricing with respect to sixteen (16) different drugs. The class period spans thirteen (13) years, beginning in January 1991. AstraZeneca has existed in its present form since only 1999 and consists of portions of some ten (10) predecessor companies, mergers and spin-offs, including Stuart Pharmaceuticals, Merck, Astra AB, Astra USA, ICI Americas, Inc., Zeneca, Inc., ICI PLC, Zeneca Pharmaceuticals, Astra Merck, Inc., and Astra Pharmaceuticals LP. To date and on a continuing rolling basis, AstraZeneca has produced, in response to plaintiffs' discovery requests, nearly 800,000 pages of documents plus vast amounts of data. *See* Declaration of Kenneth A. Wexler ("Wexler Decl.") ¶ 2, Ex. 1.

However, as discovery progressed, AstraZeneca again began to suggest that it might attempt to enforce the 10-deposition limit -- or some other limit -- to the depositions plaintiffs desired to take. *Id.* ¶ 6. In an effort to break the deposition impasse, in or around May 2005, plaintiffs suggested that a limited number of depositions be scheduled relating to physician-administered drugs, thinking that Judge Saris' ruling on class certification would affect the scope of the case one way or the other, and that the scope of subsequent discovery would be necessarily affected as well. *Id.* However, discovery closes in two months and the class certification decision has not yet issued. Therefore, as plaintiffs had advised AstraZeneca might become the case if no class certification ruling was forthcoming, and with the August 31 discovery deadline looming, plaintiffs have no choice but to seek additional depositions relating to the remaining drugs. *Id.* ¶ 7.

On June 23, 2005, counsel for the parties conducted a meet and confer in which plaintiffs discussed with AstraZeneca their need to schedule more depositions. *Id.* ¶¶ 7-8. Counsel for defendant stated that it would agree to substitute deponents for those already scheduled, but in no event would permit more than the 18 depositions scheduled absent a Court ruling to the contrary. *Id.* ¶ 8.

### III.   ARGUMENT

Fed. R. Civ. P. 30(a)(2)(A) provides, in pertinent part, that "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), ... if, without the written stipulation of the parties, (A) a proposed deposition would result in more than ten depositions being taken under this rule . . . ." Leave of court is warranted in this case because: (a) the knowledge of each AstraZeneca witness is limited to particular time periods, particular predecessor AstraZeneca companies, and particular drugs or classes of drugs;

3

(b) AstraZeneca's current corporate structure diversifies employees with knowledge across multiple parts of the company; (c) plaintiffs' request is consistent with Rule 26(b)(2); and (d) AstraZeneca as well as the remaining Track One Defendants have recognized the validity of points (a)-(c) by, in AstraZeneca's case, agreeing to schedule more than 10 depositions of witnesses with knowledge of just the physician-administered drug Zoladex and, in the remaining Track One Defendants' case, failing to object to plaintiffs' scheduling of more than ten (10) depositions for those defendants.

## A.   Limitations on Witnesses' Knowledge With Respect to AstraZeneca's Various Predecessor Companies Warrants 50 Depositions

As discussed above, AstraZeneca is the product of a number of mergers between various pharmaceutical companies, which accelerated in the early to mid-1990s.  In 1947, Astra USA, the United States subsidiary of Astra AB, was incorporated and began operations in Worcester, Massachusetts.   (http://astrazeneca-us.com/content/aboutUs/history/1900to1949.asp).   In 1992, ICI Americans Inc. became Zeneca Inc, which was owned by ICI PLC.   (http://astrazeneca-us.com/content/aboutUs/history/1990to1999.asp).  In 1993, Zeneca Inc. split from ICI PLC and became Zeneca Pharmaceuticals.  (*Id.*)  Merck and Astra AB jointly created Astra Merck, Inc. in 1994.  (*Id.*)  In 1998, Astra Merck Inc. and Astra USA merged and the resulting company was Astra Pharmaceuticals.  (*Id.*)  Finally, in 1999, the merger of Zeneca Group PLC and Astra AB was completed, and resulted in the formation of AstraZeneca, Inc.  (*Id.*)

Given this corporate history, it is nearly impossible, within either a given area of inquiry or title or position, to identify a single person who can testify with regard to all of AstraZeneca's predecessor companies.  This is not a problem of plaintiffs' making.  For example, on May 20, 2004, AstraZeneca produced John Freeberry as its first Rule 30(b)(6) witness in response to a notice that identified twenty (20) topics for the relevant period (Jan. 1, 1991 to the present).  At

4

the deposition however, two things became clear. First, Mr. Freeberry was only knowledgeable as to four full topics and two partial topics. Wexler Decl. ¶ 10. Second, Mr. Freeberry's knowledge of those topics only extended to the current company known as AstraZeneca and to the former company known as Astra Merck. *Id.* Mr. Freeberry was not knowledgeable about those topics for the company known as Zeneca before it merged with Astra Merck in 1999. *Id.*

On June 29, 2004, AstraZeneca thereafter produced Jeff Alverson as its second Rule 30(b)(6) witness "for the remainder of all topics in that 30(b)(6) notice." Wexler Decl. ¶ 11. During the course of that deposition, Mr. Alverson testified that he started with AstraMerck 6 ½ years ago, or approximately in January 1998. *Id.* He further testified that he conducted no research to inform himself of events prior to 1998 or for the entity known as Zeneca pre-merger. *Id.* Mr. Alverson also was not able to testify regarding one of the topics. *Id.* Finally, after plaintiffs filed a motion to compel, AstraZeneca produced a third witness to fill in the gaps as to the remaining companies, time periods and topics. *Id.* ¶ 12.

The same problem that existed with plaintiffs' original 30(b)(6) Notice will exist with any other area of inquiry. In short, any AstraZeneca employee will necessarily only have knowledge regarding the predecessor companies with which he or she was employed.

Moreover, on November 24, 2004, AstraZeneca responded to a set of plaintiffs' interrogatories by identifying **68** persons working for AstraZeneca and its predecessor companies who were involved with the "pricing, contracting, marketing and/or sales of" the 17 drugs at issue in the case. Wexler Decl. ¶ 14. Thus, as of that date, AstraZeneca itself identified 68 potential witnesses, far in excess of the number of depositions it is permitting without plaintiffs seeking leave of Court.

**B.      AstraZeneca's Current Corporate Structure Warrants 50 Depositions**

Moreover, this is not a case where all the witnesses come from a single department within the company.  For example, the Managed Markets Business Group is comprised of all those persons responsible for pricing, sales and marketing in the private payor arena.  That single Group is comprised of eight separate divisions, each of which is further broken down by, *inter alia,* (i) sales segments, organized by third party contacts such as PBMs, Healthplans, Trade Sales, the Federal Government, long-term care groups, and group purchasing organizations; (ii) contracting segments, organized by PBMs, healthplans, and institutional and chargebacks; (iii) geographic regions; and (iv) pharmaceutical products.  *See* Organizational chart (AZ0587840-854 – HIGHLY CONFIDENTIAL) attached as exhibit C to the Wexler Decl.  This one Organizational Chart for the Managed Markets Business Group alone, which is necessarily limited in time, is comprised of more than 350 people.

Further, the Managed Markets Business Group does not include the leadership teams that approved the AWP pricing recommendations for either the public or private payor arenas, including but not limited to the AZLT (the AstraZeneca Leadership Team) or OPMT (the Operations Portfolio Management Team) teams.  Accordingly, in this context, a total of 50 non-30(b)(6) depositions is not an unreasonable request.

**C.      Plaintiffs' Request is Consistent with Fed. R. Civ. P. 26(b)(2)**

Rule 26(b)(2) provides, in applicable part, that discovery should only be limited if the Court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the party's resources, the

importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Here, the discovery sought is consistent with the objective of Rule 26(b)(2) because, given the corporate history and structure of AstraZeneca, as well as the nature of this litigation, plaintiffs have only sought the number of depositions necessary to prosecute their case.

To date, plaintiffs have served notices of deposition or requested the depositions of 49 people, not including 30(b)(6) notices, who have been identified by AstraZeneca and other witnesses as having knowledge of facts relevant to the claims against AstraZeneca. Wexler Decl. ¶ 15. Even though plaintiffs have not taken depositions of all of those 49 employees, doing so would not be unreasonable with 17 drugs at issue.

In a case recently settled in this Court involving similar allegations regarding the marketing of *a single drug*, Lupron (which competes with AstraZeneca's Zoladex), the parties agreed to a total of fifty (50) depositions. *See* Case Management Order in *In re Lupron Sales & Marketing Litig.*, MDL No. 1430, Master File No. 01-CV-10861 (D. Mass) (Stearns, J.), ex. E to the Wexler Decl. At the time the *Lupron* case settled, the parties had taken only twenty-five (25) depositions and had yet to take a single deposition of the sales representatives responsible for marketing Lupron to physicians. *See* Wexler Decl. ¶ 16. It is clearly not unreasonable to assume that where, as here, plaintiffs' case against AstraZeneca involves 17 drugs, a total deposition limit of fifty (50) non-30(b)(6) witnesses would be reasonable and non-duplicative.

## D.   Defendants Have Recognized That the 10-Deposition Limit is Unrealistic

Finally, by their own conduct, AstraZeneca and the other four Track One Defendants have acknowledged that the 10-deposition limit is untenable here. Those five defendants have collectively taken or noticed more than 100 depositions. Wexler Decl. ¶ 17. Of those 100, these

7

defendants have noticed or deposed more than 80 third parties, including health plans, PBMs and third party consultants. *Id.*

In addition, even though plaintiffs have exceeded or intend to exceed the 10-deposition limit with regard to the four remaining Track One Defendants, none of those defendants have insisted upon the limitation enforced by AstraZeneca here. With regard to GlaxoSmithKline ("GSK"), plaintiffs have taken approximately twenty (20) depositions, have noticed approximately twenty (20) more, and have advised GSK that there may be additional depositions, particularly of sales representatives, in addition to those depositions. *See* Wexler Decl. ¶ 18. With regard to Bristol Myers Squibb ("BMS"), plaintiffs have taken six (6) depositions, noticed over fifteen additional depositions, and have indicated to counsel for BMS that plaintiffs intend to notice additional depositions shortly. *Id.* ¶ 19. With regard to Johnson & Johnson ("J&J"), plaintiffs have taken sixteen (16) depositions and have noticed at least six (6) additional depositions. *Id.* ¶ 20. None of those defendants have objected to the number of those depositions, even though none of those defendants has the number of predecessor companies that AstraZeneca has. *Id.* ¶ 21.

Even AstraZeneca itself has already recognized that the ten deposition limit is unrealistic. By agreeing to schedule more than 10 depositions with respect to only *one* of the 17 drugs at issue, AstraZeneca has acknowledged that more than the normal number of depositions is warranted in the case against it. AstraZeneca has never contended that any of the depositions scheduled to date are cumulative or unnecessary. Plaintiffs do not intend to take unnecessary depositions, but merely to complete discovery on the remainder of the AWPIDs.

WHEREFORE, plaintiffs respectfully request that this Court grant their request to set aside the 10-deposition limit and for leave to take no more than 50 depositions, not including

depositions pursuant to Rule 30(b)(6), and for such further and other relief as this Court deems just and appropriate.

DATED:   July 6, 2005

By _Jenny W. F. Connolly_

Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
David Nalven (BBO#547220)
Hugh McNeely
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Ricardo Meza
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.L.C.
3550 IDS Center
80 S. Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

### CERTIFICATE OF SERVICE BY VERILAW

Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on July 6, 2005, I caused copies of Plaintiffs' Motion For Leave To Set Aside The Ten Deposition Limit With Respect To Defendant AstraZeneca to be served on all counsel of record by causing same to be posted electronically via Verilaw.

Jennifer Fountain Connolly

# Exhibit B

## Jennifer F. Connolly

**From:** Kenneth A. Wexler
**Sent:** Friday, July 15, 2005 5:50 PM
**To:** Jennifer F. Connolly
**Subject:** FW: AZ

---

**From:** Kenneth A. Wexler
**Sent:** Friday, July 15, 2005 5:49 PM
**To:** 'Trisha Lawson'
**Cc:** Beth Fegan; kharris@dpw.com; Monica Lamb; Dawn M. Goulet; David Bloch
**Subject:** RE: AZ

I don't understand your question about our motion.

---

**From:** Trisha Lawson [mailto:tllawson@dpw.com]
**Sent:** Friday, July 15, 2005 5:02 PM
**To:** Kenneth A. Wexler
**Cc:** Beth Fegan; kharris@dpw.com; Monica Lamb; Dawn M. Goulet; David Bloch
**Subject:** Re: AZ

Ken,

One thing I may have neglected to mention is that Jim O'Shea's deposition needs to take place in Boston.  We will arrange for a conference room at Foley Hoag's office.  (Lucy Fowler is the contact there.)

We don't yet have an alternative date for Charles Joseph, but will get back with one early next week.

We can offer August 12 for Chris Bowman (Phoenix) and August 23 for Randy Payne (Indianapolis).

Was your motion to compel granted while I was on vacation last week?  Once we find a new date for Mr. Joseph, I think all 18 individual depositions we agreed to will be set.

Please get back to me about August 12 and August 23 at your earliest convenience.

Thanks.

Trisha

At 07:29 PM 7/14/2005 -0500, Kenneth A. Wexler wrote:

> Trisha:
>
> Confirming our telephone conversation, Jim O'Shea will be proceeding on the 18th of August and Charles Joseph will be rescheduled. What is happening on scheduling Mssrs. Payne, Brennan, Black, Brady, Mallon, Villa, Blessington, Bowman, Broach and Hart?  Thanks.

Ken

Kenneth A. Wexler
**T H E W E X L E R F I R M** LLP
One North LaSalle St., Suite 2000
Chicago, ILš 60602
(312) 346-2222
(312) 346-0022 (facsimile)
www.wexlerfirm.com

# DAVIS POLK & WARDWELL

| | | |
|---|---|---|
| 1300 I STREET, N.W.<br>WASHINGTON, D.C. 20005 | 450 LEXINGTON AVENUE<br>NEW YORK, N.Y. 10017<br>212 450 4000<br>FAX 212 450 3800 | MESSETURM<br>60308 FRANKFURT AM MAIN |
| 1600 EL CAMINO REAL<br>MENLO PARK, CA 94025 | | MARQUÉS DE LA ENSENADA, 2<br>28004 MADRID |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | WRITER'S DIRECT | 1-6-1 ROPPONGI<br>MINATO-KU, TOKYO 106-6033 |
| 15, AVENUE MATIGNON<br>75008 PARIS | 212 450 4859 | 3A CHATER ROAD<br>HONG KONG |

July 19, 2005

Re:   **In re Pharmaceutical Industry Average Wholesale Price Litigation**

Kenneth Wexler, Esq.
The Wexler Firm
One North La Salle Street
Suite 2000
Chicago, IL 60602

Dear Ken:

I am writing in response to your letter of July 5, 2005, as well as various other requests that you have made, as follows:

1.  Limit on Depositions: Our response on this issue will be contained in our forthcoming opposition to Plaintiffs' Motion for Leave to Set Aside the Ten Deposition Limit with Respect to Defendant AstraZeneca. Until this motion is resolved, we will not be scheduling any Rule 30(b)(6) or fact depositions that you have noticed other than those previously agreed upon. Similarly, we object to the document requests accompanying those notices, and note again that you have far exceeded the number of document requests permissible under the Federal Rules.

2.  Former Employees: You have requested that we notify you if a previously deposed employee resigns so that you can "preserve their testimony for trial." The testimony of the witnesses you have deposed is adequately preserved by the transcripts of those depositions. Moreover, we would object to any effort to re-depose previously deposed witnesses on matters that were covered in their previous depositions. As such, we do not see any need to accommodate this request.

3.  Transmittals to Publishers: We will let you know if we are able to identify additional individuals responsible for transmittals to publishers.

4.  Zoladex Sampling: We did not agree to produce documents relating to this issue. We only agreed to investigate whether any documents exist relating to the subject matter of Mr. Kowash's testimony. We are still looking into this issue.

Kenneth Wexler, Esq.                    2                        July 11, 2005

  5.  <u>Communications Between TAP and Zeneca</u>:  Certain communications between TAP and Zeneca relating to marketing practices have already been produced.  *See* AZ0093356 and AZ0044059.  Additional relevant documents are part of the enclosed production.

  6.  <u>Sales People Evaluations</u>: In your July 5th letter, you asserted that AstraZeneca should have produced performance evaluations of Zoladex sales representatives in response to Omnibus Requests 45 and 49.  In the first instance, we disagree that the Omnibus Requests 45 and 49 call for performance evaluations of any sales representatives.  We also disagree that the Omnibus Requests apply to Zoladex.  In any event, we do not believe that these evaluations are relevant to this litigation.  Please provide us with more information on why this information is relevant to this litigation and we will consider your informal request.  Even if we determine that the information you request is relevant, your blanket request is overly broad and unduly burdensome and would need to be narrowed substantially.

  7.  <u>Marketing Complaints</u>: Our response to this request is stated in our Responses and Objections to your June 6 document requests, as well as Kim Harris's letter yesterday relating to those requests.

  8.  <u>Compliance Documents</u>: On June 22, 2005, you also requested intranet documents described in Greg Looney's deposition that set out the procedures for reporting suspected violations of the company policies.  Those documents are part of the enclosed production.

  9.  <u>Incentive Compensation</u>: In your July 5th letter, you requested information regarding bonuses awarded to sales representatives responsible for Zoladex.  We do not believe this information is covered by Omnibus Request 44, nor do we believe that the Omnibus Requests apply to Zoladex.  In any event, we do not believe that the requested information is relevant to this litigation.  Please provide us with more information on how this information is relevant to this litigation and we will consider your informal request.  Again, even if we determine that the information you request is relevant, your blanket request is overly broad and unduly burdensome and would need to be narrowed substantially.

  We have now provided you with all the information we have available regarding Circle of Excellence winners from 1997 to 2004.  We have conducted a diligent search and have been unable to locate any additional information.

  With respect to other awards or contests, our investigation to date has revealed only one other such contest, held at the AUA Convention in either 1995 or 1996.  The sales representative who took the most orders at the Zeneca booth was entitled to receive a cash prize of approximately $50.  Our investigation suggests that contests were not used on a widespread or consistent basis.  We do not believe any further investigation on this topic is warranted.

Kenneth Wexler, Esq.                    3                    July 11, 2005

10. <u>Selling Skills Trainers</u>:  We do not agree that this information was called for by the Rule 30(b)(6) notice relating to physician administered drugs. To the extent that this information is within the scope of your June 6 document requests, please refer to our Responses and Objections to those requests.

11. <u>Draft Document</u>: At the deposition of Steve Strand on June 17, 2005, you asked why a particular draft document contained a table of contents describing issues related to Medicare and Medicaid, while the body of the draft did not address those issues (AZ0672282-301).  This document was selected by Plaintiffs from among several boxes of storage material which were provided for plaintiffs to review last summer at AstraZeneca's storage facility in Wilmington. Accordingly, we do not have any individual source information that would permit us to investigate this issue further.

12. <u>Document Collection Efforts</u>: At Mr. Strand's deposition, you also asked whether the files of Zeneca's Marketing Strategy department had been collected and reviewed for production.  The answer is yes.  *See* Deposition of Paula Flynn, p. 19.

13. <u>Sales Data Information</u>: In your e-mail to Kim Harris dated July 1, 2005, you repeated your request for information about AstraZeneca's sales data that you made in your fax of December 22, 2004 (attached).  I provided all of the information you requested in your July 1st e-mail in my letter to you of January 3, 2005 (attached).  In case the response regarding your inquiry about the institutional rebate program is not clear from that letter, I can confirm that all institutional rebates for products other than Diprivan were contained in the original data set produced to plaintiffs.  That explains why Diprivan is the only product represented in the supplemental production of data on institutional rebates.  While we maintain our objection to the revised 30(b)(6) notice on this subject that was served on Friday, we assume this obviates the need for such a deposition.

14. <u>Visual Aids</u>:  You asked whether AstraZeneca's regulatory files had been searched for relevant Zoladex visual aids.  I can confirm that these files were searched and any relevant visual aids were produced.  We are conducting a search to determine whether any additional responsive visual aids exist.

14. <u>Redacted Documents</u>: You requested an explanation for redacted documents that do not appear on AstraZeneca's privilege log.  These documents are from AstraZeneca's production to the government and the vast majority of the information redacted relates to products other than Zoladex.  Pursuant to CMO 5, you received these documents in the exact form that they were produced to the government.  Note that the CMO 5 production was made prior to the existence of CMO 10's requirement that such information not be redacted.

It would be unduly burdensome for AstraZeneca to re-produce all of the documents in the CMO 5 production that contain such redactions.  However, we will make an effort to produce to you in unredacted form the specific documents

Kenneth Wexler, Esq.                     4                     July 11, 2005

that you have requested, some of which are included in the enclosed production. Additionally, we are reviewing our privilege log to ensure that to the extent any CMO 5 documents were redacted on the basis of a privilege, it is reflected on the privilege log.  If necessary, we will revise our privilege log as soon as possible.

Sincerely,

*Monica Lamb*

Monica Lamb

cc:            Elizabeth Fegan, Esq.
               Hagens Berman LP
               60 West Randolph Street
               Suite 200
               Chicago, IL 60601

# DAVIS POLK & WARDWELL

| | | |
|---|---|---|
| 1300 I STREET, N.W.<br>WASHINGTON, D.C. 20005 | 450 LEXINGTON AVENUE<br>NEW YORK, N.Y. 10017 | MESSETURM<br>60308 FRANKFURT AM MAIN |
| 1600 EL CAMINO REAL<br>MENLO PARK, CA 94025 | 212 450 4000<br>FAX 212 450 3800 | MARQUÉS DE LA ENSENADA, 2<br>28004 MADRID |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | WRITER'S DIRECT | 1-6-1 ROPPONGI<br>MINATO-KU, TOKYO 106-6033 |
| 15, AVENUE MATIGNON<br>75008 PARIS | 212 450 4285 | 3A CHATER ROAD<br>HONG KONG |

January 3, 2005

Re:   **In re Pharmaceutical Average Wholesale Price Litigation MDL No.
      1456**

Ken Wexler, Esq.
The Wexler Firm
One North La Salle Street
Suite 2000
Chicago, Illinois 60602

Dear Ken:

Thank you for the holiday greeting card from you and Ms. Connolly of your firm. Best holiday wishes to you as well. I am also writing in response to the questions you raised in your fax of December 22, 2004.

A description of trade classes and market segments is being produced to you under separate cover today.

The SAP invoice type codes in the direct sales data are as described in the following table.

| Invoice Type Code | SAP Invoice Type | Sales Indicator | Invoice Line Item Purpose |
|---|---|---|---|
| IN | DG, DL | A | Regular Pricing Adjustments |
| IN | EN, F2 | D | Regular Orders |
| BO | S3 | A,D | Zoladex Debits |
| BO | L3 | A,D | Debits |
| RC | N2 | D | Zoladex Returns |
| RC | N3 | A,D | Zoladex Credits |
| RC | Z2 | D | All other Returns |
| RC | Z3 | A,D | Credits |

In the direct sales data, the "SALES_INDICATOR" field equals "A" when AstraZeneca issued 1) pricing adjustments, 2) chargeback credits, or 3) price increase credits. However, after June of 2000, chargeback credits were not reflected in the direct sales database, so all of the "A" adjustments after June of

Ken Wexler, Esq.                           2                    January 3, 2005

2000 reflect either 1) pricing adjustments or 2) price increase credits.  There is no data in the direct sales database to indicate which "A" adjustments reflect chargebacks.  However, the exact amount of the chargebacks is reflected in the indirect sales data which has also been produced to plaintiffs.

As we agreed during our call on November 11, 2004, AstraZeneca produced a list of customer ID codes for all of its customers, including those listed in the direct and indirect sales data, along with the state in which they are located.  This information was produced on December 8, 2004.

All remaining rebate data was also produced on December 8, 2004, including rebate data prior to 1995 and rebate data from the institutional rebate program.

Finally, as Charlie Hammond explained during his interview on November 11, 2004, rebates and fees are calculated by formulas derived from contract terms.

Sincerely,

Monica Lamb

Monica Lamb


cc:            Elizabeth Fegan, Esq.
               60 W. Randolph
               Suite 200
               Chicago, IL 60601

# Exhibit C

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | **MDL No. 1456**<br><br>**CIVIL ACTION:  01-CV-12257-PBS**<br><br>**Judge Patti B. Saris** |
| **THIS DOCUMENT RELATES TO ALL CLASS ACTIONS.** | |

### NOTICE OF DEPOSITIONS TO ASTRAZENECA

**TO:    ALL COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, plaintiffs, by and through their counsel, will take the depositions upon oral examination of the following individuals at the offices of Morris, Nichols, Arsht & Tunnell, 1201 North Market Street, Wilmington, Delaware 19899, on the following dates and times, and continuing from day to day thereafter until completed.  The depositions shall be taken before a notary public or another officer authorized by law to administer oaths and will be recorded by stenographic means.  You are invited to attend.

| **Deponent** | **Date** | **Time** |
|---|---|---|
| David Brennan | February 2, 2005 | 9:30 a.m. |
| Sarah Harrison | February 4, 2005 | 9:30 a.m. |
| Charles Joseph | February 7, 2005 | 9:30 a.m. |
| J. R. Hildreth | February 8, 2005 | 9:30 a.m. |
| Anthony Zook | February 10, 2005 | 9:30 a.m. |
| Kenneth Murtha | February 11, 2005 | 9:30 a.m. |

| **Deponent** | **Date** | **Time** |
|---|---|---|
| Chris Iacono | February 15, 2005 | 9:30 a.m. |
| S. E. Strand | February 16, 2004 | 9:30 a.m. |
| Joe Skupen | February 17, 2005 | 9:30 a.m. |
| Mark Mallon | February 18, 2005 | 9:30 a.m. |
| Kathy Monday | February 22, 2005 | 9:30 a.m. |
| Sean Dougherty | February 23, 2004 | 9:30 a.m. |
| William McCool | February 24, 2005 | 9:30 a.m. |
| Chip Davis | February 25, 2005 | 9:30 a.m. |
| Michael Diggin | February 28, 2005 | 9:30 a.m. |

Dated:  December 23, 2004

Respectfully submitted,

By _____

Kenneth A. Wexler
Jennifer Fountain Connolly
Anthony J. Sievert
The Wexler Firm LLP
One N. LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

## <u>CERTIFICATE OF SERVICE BY VERILAW</u>

Docket No. MDL 1456

I, Edward A. Wallace, hereby certify that I am one of plaintiffs' attorneys and that, on December 23, 2004, I caused copies of the foregoing *Notice of Depositions to AstraZeneca* to be served on all counsel of record by causing same to be posted electronically via Verilaw.

Dated:  December 23, 2004

_____
Edward A. Wallace



E-SERVED
06/24/05
11:07 AM ET
AWP-MDL No. 1456

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | **MDL No. 1456** |
| | **CIVIL ACTION: 01-CV-12257-PBS** |
| | **Judge Patti B. Saris** |
| **THIS DOCUMENT RELATES TO ALL CLASS ACTIONS.** | |

## NOTICE OF VIDEOTAPE DEPOSITION

**TO:   ALL COUNSEL OF RECORD**

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, plaintiffs, by and through their counsel, will take the deposition upon oral examination of Robert Black at the offices of Morris, Nichols, Arsht & Tunnell, 1201 N. Market St., 18th Floor, Wilmington, Delaware 19899, on August 15, 2005 at 9:00 a.m., and continuing from day to day thereafter until completed. The deposition will be taken before a notary public or another officer authorized by law to administer oaths and recorded by videotape and by stenographic means. You are invited to attend.

Dated: June 24, 2005                Respectfully submitted,

By _Jennifer F. Connolly_

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One N. LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022



Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph, Suite 200
Chicago, Illinois 60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286



E-SERVED
06/24/05
11:07 AM ET
AMP-MDL No. 1456

## CERTIFICATE OF SERVICE BY VERILAW

Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on June 24, 2005, I caused copies of the foregoing *Notice of Videotape Deposition* to be served on all counsel of record by causing same to be posted electronically via Verilaw.

Dated: June 24, 2005

Jennifer Fountain Connolly



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br><br> CIVIL ACTION:  01-CV-12257-PBS <br><br> Judge Patti B. Saris |

## PLAINTIFFS' AMENDED NOTICE OF DEPOSITIONS

**TO:   ALL COUNSEL OF RECORD**

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, plaintiffs will take the following depositions at the offices of Morris, Nichols, Arsht & Tunnell, 1201 N. Market St., 18th Floor, Wilmington, Delaware 19899, at the dates and times indicated below before a notary public or some other person authorized by law to administer oaths and may be recorded by videotape and/or by stenographic means.  You are invited to attend and cross-examine.  The examinations will continue from day to day until completed.

| **Deponent** | **Date** | **Time** |
|---|---|---|
| Jim Brady | July 22, 2005 | 9:00 a.m. |
| Esther Selvaggi | July 25, 2005 | 9:00 a.m. |
| Mark Mallon | July 26, 2005 | 9:00 a.m. |
| Paul Villa | July 27, 2005 | 9:00 a.m. |
| Jim Blessington | July 28, 2005 | 9:00 a.m. |



Dated:  July 6, 2005

Respectfully submitted,

By

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One N. LaSalle Street
Suite 2000
Chicago, IL 60602
Telephone: 312/346-2222
Facsimile: 312/346-0022

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph, Suite 200
Chicago, Illinois 60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286



## CERTIFICATE OF SERVICE BY VERILAW

Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on July 6, 2005, I caused copies of **Plaintiffs' Amended Notice of Depositions** to be served on all counsel of record by causing same to be posted electronically via Verilaw.

Dated: July 6, 2005

Jennifer Fountain Connolly

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

MDL No. 1456

CIVIL ACTION:  01-CV-12257-PBS

Judge Patti B. Saris

## PLAINTIFFS' NOTICE OF DEPOSITIONS

**TO:   ALL COUNSEL OF RECORD**

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, plaintiffs will take the following depositions at the offices of Morris, Nichols, Arsht & Tunnell, 1201 N. Market St., 18th Floor, Wilmington, Delaware 19899, at the dates and times indicated below before a notary public or some other person authorized by law to administer oaths and may be recorded by videotape and/or by stenographic means.  You are invited to attend and cross-examine.  The examinations will continue from day to day until completed.

| **Deponent** | **Date** | **Time** |
|---|---|---|
| Jane Hart | July 22, 2005 | 9:00 a.m. |
| Mike Broach | July 25, 2005 | 9:00 a.m. |

Dated:  July 6, 2005

Respectfully submitted,

By _____

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One N. LaSalle Street

Suite 2000
Chicago, IL 60602
Telephone: 312/346-2222
Facsimile: 312/346-0022

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph, Suite 200
Chicago, Illinois 60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

## CERTIFICATE OF SERVICE BY VERILAW

Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on July 6, 2005, I caused copies of **Plaintiffs' Notice of Depositions** to be served on all counsel of record by causing same to be posted electronically via Verilaw.

Dated: July 6, 2005

Jennifer Fountain Connolly

3