UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) |
| THIS DOCUMENTS RELATES TO ALL ACTIONS | |

MDL NO. 1456

CIVIL ACTION NO. 01-CV-12257-PBS

Judge Patti B. Saris

Chief Mag. Judge Marianne B. Bowler

### RESPONSE OF ASTRAZENECA PHARMACEUTICALS LP TO PLAINTIFFS' "EMERGENCY" REQUEST FOR IMMEDIATE ORAL ARGUMENT WITH RESPECT TO PLAINTIFFS' MOTION TO SET ASIDE THE TEN DEPOSITION LIMIT

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully submits its response to Plaintiffs "Emergency" Request for Immediate Oral Argument on Plaintiffs' Motion to Set Aside the Ten Deposition Limit with Respect to Defendant AstraZeneca.[1]  AstraZeneca is available for oral argument on Plaintiffs' motion at the Court's convenience.  Nevertheless, Plaintiffs' stated reasons for the emergency relief are without merit and misleading.  Accordingly, AstraZeneca submits this brief response.

1. Plaintiffs suggest that AstraZeneca has violated CMO 10 and inappropriately refused to schedule the numerous depositions that Plaintiffs have noticed over and above the 22 depositions that AstraZeneca agreed to schedule.  This argument inappropriately assumes that Plaintiffs are correct with respect to their underlying motion.  They are not.  Moreover, CMO 10 does not contain any provisions lifting the limits set

---

[1] Although Plaintiffs state in their Notice that they waive their right to file a reply in support of their motion to set aside the ten deposition limit, there is no such right of reply under local rules.  *See* Local Rule 7.1(b)(3).  Moreover, their "waiver" is disingenuous, because their "Notice" is nothing more than a reply with a different title.

forth in Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure or Local Rule 26.1(c), which require Court approval for depositions above the ten deposition limit absent an agreement between the parties. Instead of complying with these rules, Plaintiffs have turned them on their head by seeking permission to set aside the ten deposition limit only <u>after</u> noticing at least forty depositions more than the number agreed to by the parties.

2. Plaintiffs also argue that AstraZeneca is seeking to run out the discovery clock in order to achieve a *de facto* extension of the discovery deadline. Quite the opposite is true. It is Plaintiffs who have run out the discovery clock by being dilatory in their efforts to take depositions, despite having access to documents and data from AstraZeneca for more than a year. It is Plaintiffs who are seeking a *de facto* extension of the discovery deadline – which should be denied – by requesting an extraordinary number of depositions on the eve of the discovery cutoff, which has already been extended multiple times. Indeed, Plaintiffs' "emergency", if it exists, is one entirely of their own making.

Dated:   Boston, Massachusetts
         July 22, 2005

                              Respectfully Submitted,

                              By:   /s/ Lucy Fowler
                                    _____

                                    Nicholas C. Theodorou (BBO # 496730)
                                    Lucy Fowler (BBO #647929)
                                    FOLEY HOAG LLP
                                    155 Seaport Blvd.
                                    Boston, Massachusetts 02210
                                    Tel: (617) 832-1000

2

                                      D. Scott Wise
                                      Kimberley Harris
                                      DAVIS POLK & WARDWELL
                                      450 Lexington Avenue
                                      New York, New York 10017
                                      Tel: (212) 450-4000

                                      Attorneys for AstraZeneca
                                      Pharmaceuticals LP

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on July 22, 2005, a copy to Verilaw Technologies for posting and notification to all parties.

                                      /s/ Lucy Fowler
                                      Lucy Fowler