# EXHIBIT A

**HAGENS BERMAN
SOBOL SHAPIRO LLP**

**hagens-berman.com**
60 WEST RANDOLPH STREET, SUITE 200 • CHICAGO, IL 60601
(312) 762-9235 • FAX (312) 762-9286

BETH FEGAN
(312) 762-9235
beth@hagens-berman.com

January 3, 2005

***Via Facsimile***

Mr. D. Scott Wise
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

     Re:    In re Pharmaceutical Industry AWP Litigation

Dear Scott:

     In follow-up to our correspondence dated December 1 and 2, 2004 and based on your representations that AstraZeneca's production was substantially complete with respect to the subject matter of that correspondence, I am writing to schedule the depositions of Seth Smith, Erik Schultz, John Baranick, C.J. James, Kathleen Zemanek, Jim Liebman, Paul Villa, Doug Zelner, and Roger Adsett to take place this month. I suggest we schedule these depositions for the week of January 17 and/or January 24. A formal notice is enclosed.

     Further, I have seen the correspondence between your office and The Wexler Firm LLP wherein AstraZeneca has delayed indefinitely other noticed depositions. First, AstraZeneca's position that *plaintiffs* delayed the previously-noticed depositions of their own accord is wrong. The delay took place because AstraZeneca has delayed in producing documents, and could not – at the time the depositions were scheduled – affirm that all files of the key individuals had been produced.

     Obviously, with impending discovery deadlines and your December 2 representations, we see no reason for which AstraZeneca should not be in a position to (i) affirm that the files of the above-identified individuals have been produced; (ii) schedule the depositions of the above individuals in January; and (iii) schedule the depositions of the other noticed individuals at a mutually convenient time this month (per defendants' oft-stated position that depositions must be double and triple-tracked in this case). If you disagree, please let me know within 48 hours so that that we can seek the Court's guidance and meet the Court's deadlines.

BOSTON     CHICAGO     LOS ANGELES     PHOENIX     SEATTLE

January 3, 2005
Page 2

.                                    Sincerely,


                                     Beth Fegan

BF:bf

cc:    Steve Berman (via facsimile)
       Kenneth A. Wexler (via facsimile)
       Jennifer F. Connolly (via facsimile)

# GROUP
# EXHIBIT B

# DAVIS POLK & WARDWELL

| | | |
|---|---|---|
| 1300 I STREET, N.W.<br>WASHINGTON, D.C. 20005 | 450 LEXINGTON AVENUE<br>NEW YORK, N.Y. 10017 | MESSETURM<br>60308 FRANKFURT AM MAIN |
| 1600 EL CAMINO REAL<br>MENLO PARK, CA 94025 | 212 450 4000<br>FAX 212 450 3800 | MARQUÉS DE LA ENSENADA, 2<br>28004 MADRID ESPAÑA |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | WRITER'S DIRECT<br>212 450 6083 | 1-8-1 ROPPONGI<br>MINATO-KU, TOKYO 106-6033 |
| 15, AVENUE MATIGNON<br>75008 PARIS | | 3A CHATER ROAD<br>HONG KONG |

January 7, 2005

Re:  **In re Pharmaceutical Industry Average Wholesale Price Litigation,
MDL No. 1456**

Kenneth Wexler, Esq.
The Wexler Firm
One North La Salle Street
Suite 2000
Chicago, IL 60602

Dear Ken:

I write in response to the Notices of Depositions to AstraZeneca dated December 22, 2004 ("December 22 Notice"), December 23, 2004, and January 3, 2005 ("January 3 Notice"), and to your letter dated January 3, 2005.

Prioritizing the individuals whom you had previously noticed in July 2004 (most of whom are listed in the December 22 Notice), we have been able to schedule the following:

| | |
|---|---|
| James Brady: | Wednesday, January 26 |
| Nicholas Harsh: | Wednesday, February 9 |
| James Blessington: | Thursday, February 10 |
| Kenneth Murtha: | Tuesday, February 15 |
| Nancy Wilkinson: | Thursday, February 17 |
| Paul Villa: | Tuesday, February 22 |
| Jack Cook: | Thursday, February 24 |

Given that we are still negotiating the scheduling of the 30 depositions that plaintiffs noticed immediately before and after the holidays, and the fact that we have prioritized the depositions that were previously noticed, we are not moving for a protective order at this time. We preserve the right to do so, however.

Kenneth Wexler, Esq.                2                January 7, 2005

Additionally, Paul Villa is listed on both the December 22 Notice and the January 3 Notice. Please note that we will produce Mr. Villa for only one deposition. Let us know whether you will need him for a half day, as indicated in the January 3 Notice, or a full day, as indicated in the December 22 Notice.

Sincerely,

Trisha Lawson

cc:   Beth Fegan, Esq.

By Facsimile

THE | WEXLER | FIRM LLP

January 12, 2005

**_Via Facsimile_**

Ms. Trisha Lawson
Davis Polk & Wardell
450 Lexington Avenue
New York, NY 10017

> **Re:** **In re: Pharmaceutical Industry Average Wholesale Price Litigation MDL No. 1456**

Dear Trisha:

This is in response to your letter of January 7, 2005 and my conversation with Monica Lamb this afternoon. First, with respect to your letter, it is not for you to "prioritize" the depositions we notice. Second, the proposed schedule ignores the requirement of CMO No. 10 that depositions be scheduled within 7 days after the date on which they are set if that date is inconvenient for the responding party. Third, with motions for summary judgment due April 15, 2005, we expect the remaining depositions to be scheduled for taking well in advance of that date. These depositions are of: Marion McCourt, David Brennan, Sarah Harrison, Charles Joseph, J.R. Hildreth, Anthony Zook, Chris Iacono, S.E. Strand, Joe Skupen, Mark Mallon, Kathy Monday, Sean Dougherty, William McCool, Chip Davis, Michael Diggin, John Baranick, C.J. James, Seth Smith, Erik Schultz, Kathleen Zemanek, Doug Zelner, and Roger Adsett. If any of these persons are no longer employed by AstraZeneca, please provide their last known addresses.

In an effort to get the depositions underway, we will take the ones indicated in your letter on the dates you and Monica have offered. (According to Monica, the dates in your letter apply except that Nick Harsh is now February 9, 2005; Paul Villa is now February 23; James Brady is March 10; and Jim Liebman has now been offered for February 4.) An issue has arisen, however, which must be addressed right away. Specifically, according to Monica, AstraZeneca still owes us documents from, among others, the account directors from the national wholesalers. Monica expects to produce these documents by January 21, 2005. Depending on the volume of the documents and the extent to which they are relevant to the depositions now set, one or more of them may have to be rescheduled. We hope this does not happen but, without the documents, we cannot make a judgment at this time.

| Contact Information: | **Kenneth A. Wexler** <br> **312 261 6197 Direct Dial** <br> **kawexler@wexlerfirm.com** | One North LaSalle Street <br> Suite 2000 <br> Chicago, Illinois 60602 | 312 346 2222 <br> 312 346 0022 fax <br> **www.wexlerfirm.com** |

# THE | WEXLER | FIRM LLP

Ms. Trisha Lawson
January 12, 2005
Page 2

I look forward to hearing from you soon on the timely scheduling of the remaining depositions.

Very truly yours,

Kenneth A. Wexler

KAW:lmv

cc:     Monica Lamb
        Jennifer Fountain Connolly
        Elizabeth A. Fegan

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4285

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

January 21, 2005

Re:     **In re Pharmaceutical Average Wholesale Price Litigation MDL No. 1456**

Ken Wexler, Esq.
The Wexler Firm
One North La Salle Street
Suite 2000
Chicago, Illinois 60602

Dear Ken:

We would like to propose the following dates for depositions:

| | |
|---|---|
| Kathleen Zemanek | February 2, 2005 |
| Steve Strand | February 15, 2005 |
| Erik Schultz | March 1, 2005 |
| Charles Joseph | March 9, 2005 |
| Michael Diggin | March 15, 2005. |

Additionally, while we appreciate your offer of law firm offices to take the depositions, we would request that the depositions take place at AstraZeneca's facility in Wilmington.  Please let me know if these dates and arrangements are suitable to you.

Sincerely,

Monica Lamb

Monica Lamb

Ken Wexler, Esq.        2        January 21, 2005

cc:      Elizabeth Fegan, Esq.
Hagens Berman LP
60 W. Randolph
Suite 200
Chicago, IL 60601

H A G E N S   B E R M A N   LLP
*Attorneys at Law*

C A M B R I D G E   C H I C A G O   L O S   A N G E L E S   P H O E N I X [PLLC]   S E A T T L E

**hagens-berman.com**
60 WEST RANDOLPH STREET, SUITE 200 • CHICAGO, IL. 60601
(312) 762-9235 • FAX (312) 762-9286

ELIZABETH A. FEGAN
(312) 762-9235
beth@hagens-berman.com

January 28, 2005

***Via Facsimile***

Mr. D. Scott Wise
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York  10017

Re:   In re AWP Litigation: AstraZeneca depositions

Dear Scott:

We completely disagree that plaintiffs should be limited to 10 depositions of AstraZeneca, particularly where AstraZeneca has produced 707,688 pages plus data in discovery and where the company is the result of a number of mergers and certain people only have knowledge regarding certain of the predecessor companies. Accordingly, we intend to bring this issue to the Court next week, unless AstraZeneca agrees to an extension of that limit to 25 deponents,[1] not including 30(b)(6) witnesses. If we do not have your agreement to that proposal by the close of business Tuesday, February 1, 2005, we will seek relief from the Court.

In the meantime, set forth below is the list of the first 10 witnesses to be scheduled for deposition:

1.   Marion McCourt
2.   Nick Harsh
3.   Nancy Wilkinson
4.   Charles Joseph
5.   Jim Liebman
6.   Don Sawyer
7.   Joe Skupen

---

[1] Twenty-five depositions is intended to be a reasonable compromise. However, plaintiffs reserve the right to request additional depositions, particularly if a situation occurs as it did with John Freeberry, whereby his knowledge on particular topics only encompassed particular AZ companies and particular time periods.

1534.16 0247 LTR-IL.DOC

B O S T O N         C H I C A G O         L O S   A N G E L E S         P H O E N I X         S E A T T L E

Mr. D. Scott Wise
January 28, 2005
Page 2

8.   Esther Selvaggi
9.   Keith Patterson
10.  Erik Schultz

This list is not intended to nor does waive plaintiffs' right to seek additional depositions as set forth above, nor waives plaintiffs' right to depose Stuart Fullerton, for whom the parties have already agreed to take the issue of the proper scope of the privilege asserted by AZ to the Court.

Moreover, as Ken informed Monica, we will not agree to do these depositions at AstraZeneca, but instead at the law firm of Silverman & McDonald, 1010 N. Bancroft Parkway, Suite 22, Wilmington, DE 19805. They will have a break-out room available to you. These depositions should be scheduled on the dates already confirmed by Monica in February as follows: Feb. 9, 10, 15, 16, 17, 23, 24, and on an additional 3 dates as we agree. Please advise by the close of business Tuesday, February 1, 2005 which depositions will proceed on which dates.

Finally, AstraZeneca has asked that we justify the relevance of the January 3, 2005 30(b)(6) notice of deposition that set forth topics related to AWP and retailers. These topics are relevant for the same reasons that AZ decided it had an obligation to produce AZ0463135-39 and/or AZ0519018-20. Accordingly, please advise by the close of business Tuesday a date certain in February when this deposition will proceed, or we will seek the Court's intervention.

AstraZeneca has found numerous ways to forestall depositions in this case, including withholding documents and dumping thousands of pages just before depositions are scheduled to take place in order to delay them, and now refusing to produce witnesses unless the depositions are at AZ and objecting now for the first time to the number of depositions scheduled. AZ's delay must stop, because of the prejudice that any further delay will cause in light of the upcoming deadlines.

We look forward to hearing from you by Tuesday.

Sincerely,

Elizabeth A. Fegan

BF:bf

Mr. D. Scott Wise
January 28, 2005
Page 3                    .


cc:    Steve Berman
       Kenneth A. Wexler
       Jennifer Fountain Connolly

>-----Original Message-----
>From: Monica Lamb [mailto:mlamb@dpw.com]
>Sent: Friday, January 21, 2005 7:42 PM
>To: Kenneth A. Wexler; Trisha Lawson
>Cc: Elizabeth A. Fegan; tlawson@dpw.com
>Subject: RE: Nick Harsh depot date
>
>Dear Ken,
>
>We can't do 22 others, but we can offer the following additional dates
>(see attached letter):
>
>Kathleen Zemanek       February 2, 2005
>Steve Strand                  February 15, 2005
>Erik Schultz                     March 1, 2005
>Charles Joseph            March 9, 2005
>Michael Diggin            March 15, 2005
>
>Also, we would like to have all of the depositions at AstraZeneca if
>that's all right with you and Beth.
>
>Sincerely,
>Monica
>
>At 08:28 AM 1/17/2005 -0600, Kenneth A. Wexler wrote:
>>I meant other than these. The 22 that need to be scheduled!
>>
>>-----Original Message-----
>>From: Trisha Lawson [mailto:tllawson@dpw.com]
>>Sent: Sunday, January 16, 2005 2:00 PM
>>To: Kenneth A. Wexler; Monica Lamb
>>Cc: Elizabeth A. Fegan; tlawson@dpw.com
>>Subject: RE: Nick Harsh depo date
>>
>>Liebman:         February 4
>>Harsh:                 February 8
>>Blessington:      February 10
>>Murtha:               February 15
>>Wilkinson:          February 17
>>Villa:                   February 23
>>Cook:                 February 24
>>Brady:               March 10
>>
>>At 08:07 AM 1/15/2005 -0600, Kenneth A. Wexler wrote:
>>>Yes, that's fine. Where are the other dates?
>>>
>>>Ken
>>>
>>>-----Original Message-----
>>>From: Monica Lamb [mailto:mlamb@dpw.com]
>>>Sent: Friday, January 14, 2005 6:26 PM
>>>To: Kenneth A. Wexler
>>>Cc: Elizabeth A. Fegan; tlawson@dpw.com
>>>Subject: Nick Harsh depo date
>>>
>>>Dear Ken,
>>>
>>>Sorry it took me so long to realize it, but in your fax to Trisha of
>>>Wednesday, it appears we had a misunderstanding on the phone about
>Nick
>>>Harsh.  Originally, we had suggested February 9 in Trisha's letter of
>>>1/7/04.  But on the phone I suggested we move that to February 8
(your
>>>fax says February 9).  Please let me know if February 8 will be OK
>with
>>>you.
>>>

2

>>>Sincerely,
>>>Monica

.

.

.

.

## Beth Fegan

| | |
|---|---|
| **From:** | Kenneth A. Wexler [KAWexler@wexlerfirm.com] |
| **Sent:** | Wednesday, February 16, 2005 9:46 AM |
| **To:** | tllawson@dpw.com; Beth Fegan |
| **Subject:** | Re: AWP: Nancy Wilkinson |

Yes, we are.

Kenneth A. Wexler
T H E¦W E X L E R¦F I R M LLP
One North LaSalle St., Suite 2000
Chicago, IL  60602
(312) 346-2222
(312) 346-0022 (facsimile)
www.wexlerfirm.com

-----Original Message-----
From: Trisha Lawson <tllawson@dpw.com>
To: Beth Fegan <beth@hagens-berman.com>
CC: Kenneth A. Wexler <KAWexler@wexlerfirm.com>
Sent: Wed Feb 16 09:40:36 2005
Subject: Re: AWP: Nancy Wilkinson

I would appreciate it if, at least, you would let me know today whether you intend to go forward with the Schultz deposition on March 1.  Thank you.

At 08:58 AM 2/14/2005 -0800, Beth Fegan wrote:
>Trisha,
>
>We are postponing the deposition of Nancy Wilkinson scheduled for Thursday.  We will give you a call mid-week to discuss depositions going forward.
>
>Thanks,
>Beth
>
>Elizabeth A. Fegan, Esq.
>Hagens Berman LLP
>60 W. Randolph
>Suite 200
>Chicago, Illinois 60601
>312.762.9235
>312.762.9286 (fax)
>www.hagens-berman.com

**Beth Fegan**

| | |
|---|---|
| **From:** | Kenneth A. Wexler [KAWexler@wexlerfirm.com] |
| **Sent:** | Friday, February 18, 2005 4:45 PM |
| **To:** | Michael S. Flynn |
| **Cc:** | Beth Fegan |
| **Subject:** | RE: Schultz -- AWP Litigation |

Mike:

April is too far out. Please suggest dates for March. Thanks.

Ken

-----Original Message-----
From: Michael S. Flynn [mailto:mflynn@dpw.com]
Sent: Friday, February 18, 2005 11:59 AM
To: Kenneth A. Wexler
Subject: Fwd: Schultz -- AWP Litigation

How about April 5 or April 6 or April 7 or April 8?


>Date: Fri, 18 Feb 2005 10:16:42 -0500
>To: KAWexler@wexlerfirm.com
>From: "Michael S. Flynn" <mflynn@dpw.com>
>Subject: Schultz -- AWP Litigation
>
>Further to my email of a few minutes ago, I just learned that Schultz
has maximum flexibility/availability the week of April 4, so if that
fits with your planning, that might work well.  Let me know.  Thanks.

## Beth Fegan

| | |
|---|---|
| **From:** | Kenneth A. Wexler [KAWexler@wexlerfirm.com] |
| **Sent:** | Friday, February 18, 2005 8:26 PM |
| **To:** | Beth Fegan |
| **Subject:** | Fw: Schultz -- AWP Litigation |

Kenneth A. Wexler
T H E¦W E X L E R¦F I R M LLP
One North LaSalle St., Suite 2000
Chicago, IL 60602
(312) 346-2222
(312) 346-0022 (facsimile)
www.wexlerfirm.com

-----Original Message-----
From: Kenneth A. Wexler <KAWexler@wexlerfirm.com>
To: 'mflynn@dpw.com' <mflynn@dpw.com>
Sent: Fri Feb 18 20:24:54 2005    .
Subject: Re: Schultz -- AWP Litigation

We can't find one date in March?

Kenneth A. Wexler
T H E¦W E X L E R¦F I R M LLP
One North LaSalle St., Suite 2000
Chicago, IL 60602
(312) 346-2222
(312) 346-0022 (facsimile)
www.wexlerfirm.com

-----Original Message-----
From: Michael S. Flynn <mflynn@dpw.com>
To: Kenneth A. Wexler <KAWexler@wexlerfirm.com>
Sent: Fri Feb 18 16:59:41 2005
Subject: RE: Schultz -- AWP Litigation

I can certainly go back and try, but it is very early April I am proposing and I know that is a week of general availability for
him and me (at least at the moment), so it would be great if we could pick a date in that week. If you can do it some day that
week, I would really appreciate it. Let me know.

At 04:44 PM 2/18/2005 -0600, you wrote:
>Mike:                    .
>
>April is too far out. Please suggest dates for March. Thanks.
>
>Ken
>
>-----Original Message-----
>From: Michael S. Flynn [mailto:mflynn@dpw.com]
>Sent: Friday, February 18, 2005 11:59 AM
>To: Kenneth A. Wexler
>Subject: Fwd: Schultz -- AWP Litigation
>
>How about April 5 or April 6 or April 7 or April 8?

7/27/2005

>
>
>
>>Date: Fri, 18 Feb 2005 10:16:42 -0500
>>To: KAWexler@wexlerfirm.com
>>From: "Michael S. Flynn" <mflynn@dpw.com>
>>Subject: Schultz -- AWP Litigation
>>
>>Further to my email of a few minutes ago, I just learned that Schultz
>has maximum flexibility/availability the week of April 4, so if that
>fits with your planning, that might work well.  Let me know.  Thanks.

**Beth Fegan**

| | |
|---|---|
| **From:** | Kenneth A. Wexler [KAWexler@wexlerfirm.com] |
| **Sent:** | Tuesday, February 22, 2005 10:13 AM |
| **To:** | mflynn@dpw.com |
| **Subject:** | Re: Schultz Deposition |

Mike:
C'mon. What's the difference between March 29 and the first week in April? It is only February 22. What happened to March 15 and before?
Ken

Kenneth A. Wexler
T H E¦W E X L E R¦F I R M LLP
One North LaSalle St., Suite 2000
Chicago, IL  60602
(312) 346-2222
(312) 346-0022 (facsimile)
www.wexlerfirm.com

-----Original Message-----
From: Michael S. Flynn <mflynn@dpw.com>
To: Kenneth A. Wexler <KAWexler@wexlerfirm.com>
Sent: Tue Feb 22 09:24:00 2005
Subject: Schultz Deposition

Ken,

Schultz and I can do it on March 29.  Please confirm that that works for you.

**Beth Fegan**

| | |
|---|---|
| **From:** | Kenneth A. Wexler [KAWexler@wexlerfirm.com] |
| **Sent:** | Tuesday, February 22, 2005 4:26 PM |
| **To:** | Michael S. Flynn |
| **Subject:** | RE: Schultz Deposition |

There is no baiting involved. You asked to continue Mr. Schultz' deposition. I said ok, but I have been consistent that we want it taken as soon as possible. The dates you have offered are too far out. It's no more complicated than that. Other than to say that the first week in April is really convenient, you haven't said what makes every other day in March, save the 29th, inconvenient. We are both wasting our time with these e-mails. I don't understand it.

Ken

**From:** Michael S. Flynn [mailto:mflynn@dpw.com]
**Sent:** Tuesday, February 22, 2005 4:12 PM
**To:** Kenneth A. Wexler
**Subject:** RE: Schultz Deposition

Are you baiting me? I'm not biting at this point.

Right now I have given you four days the week of April 5, as well as March 29. I suggest you take one of them. Given the unilateral and repeated cancellations on your end and the current schedule, I need do no more. Because we need to work together on scheduling, however, and giving you the benefit of the doubt that March 29 will not work because of your travel schedule, I'll see if there is another date that might work.

At 03:50 PM 2/22/2005 -0600, you wrote:

Michael:

It is unnecessarily too far out. There is a lot of work to be done in the case. Please stop giving us the run around.

Ken

**From:** Michael S. Flynn [mailto:mflynn@dpw.com]
**Sent:** Tuesday, February 22, 2005 3:47 PM
**To:** Kenneth A. Wexler
**Subject:** RE: Schultz Deposition

Why not sometime the week of April 5?

At 12:41 PM 2/22/2005 -0600, you wrote:

7/27/2005

I will be in the Dominican Republic that day/week. Please get an earlier date in March.

Ken

---

**From:** Michael S. Flynn [mailto:mflynn@dpw.com]
**Sent:** Tuesday, February 22, 2005 11:07 AM
**To:** Kenneth A. Wexler
**Subject:** Re: Schultz Deposition

That is why I said to you did it really matter to you and since there was a great deal of flexibility the week of April 5 and because the overall schedule is getting pushed out likely substantially, I was gently suggesting that that week would make the most sense and avoid unncessary scheduling back and forth. But you asked me to try to get a date with a March in front of it.  The week before is Easter week, but I did go and try and the 29th is a day that could work.

In light of the change in the overall schedule, I know you are working to reschedule certain depositions and we are waiting to see your suggestions and we'll both have alot of dates to try to work out.  For Schultz, I have been trying consistent with my schedule and his and your request to get you a date in March.  Let's just do the 29th and be done with the scheduling issues.  If the 29th presents a problem for your schedule I understand, but again there is flexibility that first week in April as I have mentioned.

Whataya say?


At 10:12 AM 2/22/2005 -0600, you wrote:


Mike:
C'mon. What's the difference between March 29 and the first week in April? It is only February 22. What happened to March 15 and before?
Ken

Kenneth A. Wexler
T H E|W E X L E R|F I R M LLP
One North LaSalle St., Suite 2000
Chicago, IL  60602
(312) 346-2222
(312) 346-0022 (facsimile)
www.wexlerfirm.com

-----Original Message-----
From: Michael S. Flynn <mflynn@dpw.com>
To: Kenneth A. Wexler <KAWexler@wexlerfirm.com>
Sent: Tue Feb 22 09:24:00 2005
Subject: Schultz Deposition

Ken,

Schultz and I can do it on March 29.  Please confirm that that works for you.

7/27/2005

**Beth Fegan**

| | |
|---|---|
| **From:** | Kenneth A. Wexler [KAWexler@wexlerfirm.com] |
| **Sent:** | Wednesday, February 23, 2005 10:09 AM |
| **To:** | Michael S. Flynn |
| **Cc:** | Beth Fegan |
| **Subject:** | RE: Schultz |

The 15th will work. Thank you.

-----Original Message-----
From: Michael S. Flynn [mailto:mflynn@dpw.com]
Sent: Wednesday, February 23, 2005 9:50 AM
To: Kenneth A. Wexler
Subject: Schultz

I could do the 15th of March, although I'd still prefer the 29th.  Let
me know.

# EXHIBIT C

**Beth Fegan**

| | |
|---|---|
| **From:** | Beth Fegan |
| **Sent:** | Thursday, March 10, 2005 2:09 PM |
| **To:** | 'Monica Lamb' |
| **Cc:** | 'kawexler@wexlerfirm.com' |
| **Subject:** | AWP |

Monica,

To confirm our conversation, you have cancelled Eric Schultz's deposition scheduled for Tuesday because he left the Company.  Per our request, you will determine whether AZ will nonetheless voluntarily produce Mr. Schultz for his deposition on a date in the near future, or you will provide his home address so that plaintiffs may serve a subpoena on him.  Further, we discussed that you will determine an alternative 30(b)(6) witness, advise of their identity, and of available dates for that deposition.

Thanks Monica.

Beth

***Please note that my e-mail address has changed to beth@hbsslaw.com

Elizabeth A. Fegan, Esq.
Hagens Berman Sobol Shapiro LLP
60 W. Randolph
Suite 200
Chicago, Illinois 60601
312.762.9235
312.762.9286 (fax)
www.hbsslaw.com

1

# EXHIBIT D

**Beth Fegan**

**From:**     Beth Fegan
**Sent:**     Tuesday, March 22, 2005 5:30 PM
**To:**       Beth Fegan; 'Monica Lamb'
**Cc:**       'kawexler@wexlerfirm.com'
**Subject:**  RE: AWP


Monica,  Do we have a new date yet or do we need to subpoena Mr. Schultz?  Thanks, Beth

Elizabeth A. Fegan, Esq.
Hagens Berman Sobol Shapiro LLP
60 W. Randolph
Suite 200
Chicago, Illinois 60601
312.762.9235
312.762.9286 (fax)
www.hbsslaw.com


-----Original Message-----
**From:**     Beth Fegan
**Sent:**     Thursday, March 10, 2005 2:09 PM
**To:**       'Monica Lamb'
**Cc:**       'kawexler@wexlerfirm.com'
**Subject:**  AWP

Monica,

To confirm our conversation, you have cancelled Eric Schultz's deposition scheduled for Tuesday because he left the Company.  Per our request, you will determine whether AZ will nonetheless voluntarily produce Mr. Schultz for his deposition on a date in the near future, or you will provide his home address so that plaintiffs may serve a subpoena on him.  Further, we discussed that you will determine an alternative 30(b)(6) witness, advise of their identity, and of available dates for that deposition.

Thanks Monica.

Beth

***Please note that my e-mail address has changed to beth@hbsslaw.com

Elizabeth A. Fegan, Esq.
Hagens Berman Sobol Shapiro LLP
60 W. Randolph
Suite 200
Chicago, Illinois 60601
312.762.9235
312.762.9286 (fax)
www.hbsslaw.com

1

**Beth Fegan**

| | |
|---|---|
| **From:** | Monica Lamb [mlamb@dpw.com] |
| **Sent:** | Friday, March 25, 2005 3:22 PM |
| **To:** | Beth Fegan |
| **Cc:** | kawexler@wexlerfirm.com |
| **Subject:** | RE: AWP |

Dear Beth,

We have not been able to arrange an alternative deposition date for Mr. Schultz.  However,
I know that you would like to schedule the 30(b)(6), and talk with someone who has
knowledge of retail.  We have identified Kathleen Zemanek, an Account Director in Trade,
who is knowledgeable in these areas.  We are trying to arrange a date for her deposition
in the upcoming weeks.  Also, because Mr. Schultz is no longer with the company, it would
be easier for us to arrange someone else from the Pricing Strategy group as a fact
witness.  Let me know if that works for you.  I will let you know as soon as I hear from
Ms. Zemanek on her dates. Thanks.

Sincerely,
Monica

At 03:29 PM 3/22/2005 -0800, you wrote:
>Monica,  Do we have a new date yet or do we need to subpoena Mr. Schultz?  Thanks, Beth
>
>Elizabeth A. Fegan, Esq.
>Hagens Berman Sobol Shapiro LLP
>60 W. Randolph
>Suite 200
>Chicago, Illinois 60601
>312.762.9235
>312.762.9286 (fax)
>www.hbsslaw.com
>
>>  -----Original Message-----
>> From:    Beth Fegan
>> Sent:    Thursday, March 10, 2005 2:09 PM
>> To:      'Monica Lamb'
>> Cc:      'kawexler@wexlerfirm.com'
>> Subject:      AWP
>>
>> Monica,
>>
>> To confirm our conversation, you have cancelled Eric Schultz's deposition scheduled for
Tuesday because he left the Company.  Per our request, you will determine whether AZ will
nonetheless voluntarily produce Mr. Schultz for his deposition on a date in the near
future, or you will provide his home address so that plaintiffs may serve a subpoena on
him.  Further, we discussed that you will determine an alternative 30(b)(6) witness,
advise of their identity, and of available dates for that deposition.
>>
>> Thanks Monica.
>>
>> Beth
>>
>> ***Please note that my e-mail address has changed to beth@hbsslaw.com
>>
>> Elizabeth A. Fegan, Esq.
>> Hagens Berman Sobol Shapiro LLP
>> 60 W. Randolph
>> Suite 200
>> Chicago, Illinois 60601
>> 312.762.9235
>> 312.762.9286 (fax)
>> www.hbsslaw.com

1

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

IN RE PHARMACEUTICAL INDUSTRY  )
AVERAGE WHOLESALE PRICE         )       MDL No. 1456
LITIGATION                      )
                                )       CIVIL ACTION: 01-CV-12257-PBS
                                )
THIS DOCUMENT RELATES TO        )       Judge Patti B. Saris
ALL CLASS ACTIONS               )
                                )       Chief Magistrate Judge Marianne B. Bowler

**NOTICE OF DEPOSITION OF ERIK SCHULTZ, FORMER EMPLOYEE OF**
**ASTRAZENECA, PURSUANT TO SUBPOENA**

TO:   ALL COUNSEL BY VERILAW

PLEASE TAKE NOTICE that the undersigned counsel will take the deposition of the

Erik Shultz, a former employee of AstraZeneca, pursuant to the attached Subpoena. Such

deposition will be recorded by stenographic and/or sound and visual means and will take place

beginning at 9:30 a.m. Eastern Standard Time on April 19, 2005, at Morris, Nichols, Arsht &

Tunnell, Chase Manhattan Centre, 18th Floor, 1201 North Market Street, Wilmington, DE

19899-1347.

You are invited to attend and participate.

DATED:   March 25, 2005

By       /s/ Elizabeth A. Fegan
         Thomas M. Sobol (BBO#471770)
         Edward Notargiacomo (BBO#567636)
         Hagens Berman Sobol Shapiro LLP
         225 Franklin Street, 26th Floor
         Boston, MA 02110
         Telephone: 617.482.3700
         Facsimile: 617.482.3003
         **LIAISON COUNSEL**



534 16 0119 DSC

1

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: 206.623.7292
Facsimile: 206.623.0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 West Randolph, Suite 200
Chicago, IL 60601
Telephone: 312.762.9235
Facsimile: 312.762.9286

Eugene A. Spector
Jeffrey L. Kodroff
Spector, Roseman & Kodroff P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: 215.496.0300
Facsimile: 215.496.6611

Samuel Heins
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612.338.4605
Facsimile: 612.338.4692
**CHAIRS OF LEAD COUNSEL
COMMITTEE**

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: 215.230.8043
Facsimile: 215.230.8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: 312.346.2222
Facsimile: 312.346.0222
**MEMBERS OF LEAD COUNSEL
COMMITTEE AND EXEUCTIVE
COMMITTEE**



534.16 0119 DSC

2

## CERTIFICATE OF SERVICE

I hereby certify that I, Elizabeth A. Fegan, an attorney, caused a true and correct copy of the foregoing **NOTICE OF DEPOSITION OF ERIK SCHULTZ, FORMER EMPLOYEE OF ASTRAZENECA, PURSUANT TO SUBPOENA** to be served on all counsel of record electronically on March 25, 2005, pursuant to Section D of Case Management Order No. 2.

By___ /s/ Elizabeth A. Fegan___
Hagens Berman Sobol Shapiro LLP
60 West Randolph
Suite 200
Chicago, IL 60601
Telephone: 312.762.9235
Facsimile: 312.762.9286



534.16 0319 DSC

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | No. MDL 1456<br>PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS<br><br>SUBPOENA IN A CIVIL CASE |
|---|---|

TO:  **Erik Q. Schultz**
**444 VALLEYBROOK RD**
**MEDIA, PA 19063-5614**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

X  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Morris, Nichols, Arsht & Tunnell, Chase Manhattan Centre, 18th Floor, 1201 North Market Street, Wilmington, DE 19899-1347 | April 19, 2005 at 9:30 a.m. |

X  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
***All documents, including e-mail, in your possession related to AstraZeneca's pricing and marketing of pharmaceutical products.**

| PLACE | DATE AND TIME |
|---|---|
| Morris, Nichols, Arsht & Tunnell, Chase Manhattan Centre, 18th Floor, 1201 North Market Street, Wilmington, DE 19899-1347 | April 19, 2005 at 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for the Plaintiffs | DATE<br>March 25, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Elizabeth A. Fegan, Hagens Berman Sobol Shapiro LLP, 60 W. Randolph, Suite 200, Chicago, Illinois 60601 (312) 762-9235

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on Reverse)



| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| | | |
| SERVED BY (PRINT NAME) | | TITLE |
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C&D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
　(i) fails to allow reasonable time for compliance;

　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

　(iv) subjects a person to undue burden.

(B) If a subpoena
　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.



(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



# EXHIBIT F

## Beth Fegan

| | |
|---|---|
| **From:** | Beth Fegan |
| **Sent:** | Monday, March 28, 2005 11:37 AM |
| **To:** | Beth Fegan; 'Monica Lamb' |
| **Cc:** | kawexler@wexlerfirm.com |
| **Subject:** | RE: AWP |

Monica, I would appreciate confirmation from your client that we have the right last known home address for Mr. Schultz before Wednesday so that this deposition is not delayed improperly any longer. Thank you. Beth

-----Original Message-----
**From:** Beth Fegan
**Sent:** Fri 3/25/2005 3:31 PM
**To:** 'Monica Lamb'
**Cc:** kawexler@wexlerfirm.com
**Subject:** RE: AWP

Dear Monica,

We are in the process of serving Mr. Schultz with a subpoena and posted the same this afternoon on Verilaw. If you decide to voluntarily produce him, please let me know.

Please advise next week when Ms. Zemanek is available as the 30(b)(6) on retail. I would prefer April 11 or 12.

Thanks,
Beth

Elizabeth A. Fegan, Esq.
Hagens Berman Sobol Shapiro LLP
60 W. Randolph
Suite 200
Chicago, Illinois 60601
312.762.9235
312.762.9286 (fax)
www.hbsslaw.com

-----Original Message-----
From: Monica Lamb [mailto:mlamb@dpw.com]
Sent: Friday, March 25, 2005 3:22 PM
To: Beth Fegan
Cc: kawexler@wexlerfirm.com
Subject: RE: AWP

Dear Beth,

We have not been able to arrange an alternative deposition date for Mr. Schultz. However, I know that you would like to schedule the 30(b)(6), and talk with someone who has knowledge of retail. We have identified Kathleen

7/27/2005

Zemanek, an Account Director in Trade, who is knowledgeable in these areas.  We are trying to arrange a date for her deposition in the upcoming weeks.  Also, because Mr. Schultz is no longer with the company, it would be easier for us to arrange someone else from the Pricing Strategy group as a fact witness.  Let me know if that works for you.  I will let you know as soon as I hear from Ms. Zemanek on her dates. Thanks.


Sincerely,
Monica


At 03:29 PM 3/22/2005 -0800, you wrote:
>Monica,  Do we have a new date yet or do we need to subpoena Mr. Schultz?  Thanks, Beth
>
>Elizabeth A. Fegan, Esq.
>Hagens Berman Sobol Shapiro LLP
>60 W. Randolph
>Suite 200
>Chicago, Illinois 60601
>312.762.9235
>312.762.9286 (fax)
>www.hbsslaw.com
>
>>  -----Original Message-----
>> From:   Beth Fegan
>> Sent:   Thursday, March 10, 2005 2:09 PM
>> To:    'Monica Lamb'
>> Cc:    'kawexler@wexlerfirm.com'
>> Subject:    AWP
>>
>> Monica,
>>
>> To confirm our conversation, you have cancelled Eric Schultz's deposition scheduled for Tuesday because he left the Company.  Per our request, you will determine whether AZ will nonetheless voluntarily produce Mr. Schultz for his deposition on a date in the near future, or you will provide his home address so that plaintiffs may serve a subpoena on him.  Further, we discussed that you will determine an alternative 30(b)(6) witness, advise of their identity, and of available dates for that deposition.

>>
>> Thanks Monica.
>>
>> Beth
>>
>> ***Please note that my e-mail address has changed to beth@hbsslaw.com
>>
>> Elizabeth A. Fegan, Esq.
>> Hagens Berman Sobol Shapiro LLP
>> 60 W. Randolph
>> Suite 200
>> Chicago, Illinois 60601
>> 312.762.9235
>> 312.762.9286 (fax)
>> www.hbsslaw.com
>>

# EXHIBIT G

**Beth Fegan**

**From:**        Monica Lamb [mlamb@dpw.com]
**Sent:**        Wednesday, March 30, 2005 11:49 AM
**To:**          Beth Fegan; Beth Fegan
**Cc:**          kawexler@wexlerfirm.com
**Subject:**     RE: AWP


Dear Beth,

The last known address that AstraZeneca has for Erik Schultz is:

444 Valleybrook Road
Media, PA 19063-5614.

I will let you know as soon as possible about Kathleen Zemanek, for sure by the end of the
week.

Sincerely,
Monica

At 09:37 AM 3/28/2005 -0800, Beth Fegan wrote:
>Monica, I would appreciate confirmation from your client that we have the right last
known home address for Mr. Schultz before Wednesday so that this deposition is not delayed
improperly any longer. Thank you. Beth
>
>       -----Original Message-----
>       From: Beth Fegan
>       Sent: Fri 3/25/2005 3:31 PM
>       To: 'Monica Lamb'
>       Cc: kawexler@wexlerfirm.com
>       Subject: RE: AWP
>
>
>
>       Dear Monica,
>
>       We are in the process of serving Mr. Schultz with a subpoena and posted the same
this afternoon on Verilaw. If you decide to voluntarily produce him, please let me know.
>
>       Please advise next week when Ms. Zemanek is available as the 30(b)(6) on retail. I
would prefer April 11 or 12.
>
>       Thanks,
>       Beth
>
>       Elizabeth A. Fegan, Esq.
>       Hagens Berman Sobol Shapiro LLP
>       60 W. Randolph
>       Suite 200
>       Chicago, Illinois 60601
>       312.762.9235
>       312.762.9286 (fax)
>       www.hbsslaw.com
>
>
>       -----Original Message-----
>       From: Monica Lamb [mailto:mlamb@dpw.com]
>       Sent: Friday, March 25, 2005 3:22 PM
>       To: Beth Fegan
>       Cc: kawexler@wexlerfirm.com
>       Subject: RE: AWP
>
>

1

```
>     Dear Beth,
>
>     We have not been able to arrange an alternative deposition date for Mr. Schultz.
However, I know that you would like to schedule the 30(b)(6), and talk with someone who
has knowledge of retail.  We have identified Kathleen Zemanek, an Account Director in
Trade, who is knowledgeable in these areas.  We are trying to arrange a date for her
deposition in the upcoming weeks.  Also, because Mr. Schultz is no longer with the
company, it would be easier for us to arrange someone else from the Pricing Strategy group
as a fact witness.  Let me know if that works for you.  I will let you know as soon as I
hear from Ms. Zemanek on her dates. Thanks.
>
>     Sincerely,
>     Monica
>
>     At 03:29 PM 3/22/2005 -0800, you wrote:
>     >Monica,  Do we have a new date yet or do we need to subpoena Mr. Schultz?  Thanks,
Beth
>     >
>     >Elizabeth A. Fegan, Esq.
>     >Hagens Berman Sobol Shapiro LLP
>     >60 W. Randolph
>     >Suite 200
>     >Chicago, Illinois 60601
>     >312.762.9235
>     >312.762.9286 (fax)
>     >www.hbsslaw.com
>     >
>     >> -----Original Message-----
>     >> From:    Beth Fegan
>     >> Sent:    Thursday, March 10, 2005 2:09 PM
>     >> To:      'Monica Lamb'
>     >> Cc:      'kawexler@wexlerfirm.com'
>     >> Subject:    AWP
>     >>
>     >> Monica,
>     >>
>     >> To confirm our conversation, you have cancelled Eric Schultz's deposition
scheduled for Tuesday because he left the Company.  Per our request, you will determine
whether AZ will nonetheless voluntarily produce Mr. Schultz for his deposition on a date
in the near future, or you will provide his home address so that plaintiffs may serve a
subpoena on him.  Further, we discussed that you will determine an alternative 30(b)(6)
witness, advise of their identity, and of available dates for that deposition.
>
>     >>
>     >> Thanks Monica.
>     >>
>     >> Beth
>     >>
>     >> ***Please note that my e-mail address has changed to beth@hbsslaw.com
>     >>
>     >> Elizabeth A. Fegan, Esq.
>     >> Hagens Berman Sobol Shapiro LLP
>     >> 60 W. Randolph
>     >> Suite 200
>     >> Chicago, Illinois 60601
>     >> 312.762.9235
>     >> 312.762.9286 (fax)
>     >> www.hbsslaw.com
>     >>
```

2

# EXHIBIT H

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL 1456 (Pending in the United States District Court for the District of Massachusetts) |
| | ) AFFIDAVIT OF SUBSTITUTE SERVICE |
| Regarding ) | Subpoena In A Civil Case |

Received by 1-800-SERVE-EM on March 28, 2005 at 1:18 PM to be served on Erik Q. Schultz, .

I, Elizabeth Stiger, who being duly sworn, depose and say that on April 5, 2005 at 6:40 PM , I:

Served Erik Q. Schultz by delivering a true copy of the Subpoena In A Civil Case with the date and hour of service endorsed thereon by me, at Erik Q. Schultz's usual place of abode, 444 Valleybrook Road Media, PA 19063, to a person residing therein, who is of the suitable age and discretion, to wit: Mrs. Eric Q. Schultz, wife, informing said person of the contents thereof.

**Glasses:** no                     **Weight:** 105 lbs              **Height:** 5' 3"

**Hair Color:** long blond      **Age:** late 20's                 **Skin Color:** white

**Beard:** no                          **Mustache:** no

I am over the age of 18 and have no interest in the above action, and am a Certified Process Server in good standing in the county in which the process was served.

Elizabeth Stiger
1-800-SERVE-EM
800.737.8336
Job Serial Number: 2005021962
Reference: 1534.16

1-800-SERVE-EM
a Datatone Company

ate of:
ounty of:
ubscribed and sworn to before me,

OTARY PUBLIC

# EXHIBIT I

**Beth Fegan**

| | |
|---|---|
| **From:** | Kenneth A. Wexler [kwexler@wexlerfirm.com] |
| **Sent:** | Monday, April 18, 2005 11:12 AM |
| **To:** | Beth Fegan |
| **Subject:** | RE: Erik Schultz deposition |

```
-----Original Message-----
From: Beth Fegan [mailto:beth@hbsslaw.com]
Sent: Monday, April 18, 2005 9:45 AM
To: tlawson@dpw.com
Cc: Kenneth A. Wexler
Subject: AZ: Erik Schultz deposition

Via E-mail and Verilaw

Trisha,

I received your voicemail message from 5 p.m. on Friday, stating that
Mr. Schultz's attorney contacted you to tell you that Mr. Schultz will
not be appearing for his deposition tomorrow because he believes that
improper service was made.  First, I have the Affidavit of Service from
our Process Server, showing that service was proper and made more than a
week ago.  Second, leaving a voicemail at 5 p.m. the business day before
we are scheduled to leave is going to result in costs being assessed.
Finally, I have not received any contact from any lawyer purporting to
represent Mr. Schultz.  Obviously, unless I do or unless he files a
motion for protective order, I will move for rule to show cause why Mr.
Schultz should not be held in contempt for not appearing pursuant to
Subpoena.  Please advise who this attorney is, so that I may take next
steps as appropriate.

Thanks,
Beth

Elizabeth A. Fegan, Esq.
Hagens Berman Sobol Shapiro LLP
60 W. Randolph
Suite 200
Chicago, Illinois 60601
312.762.9235
312.762.9286 (fax)
www.hbsslaw.com
```

1

**Beth Fegan**

| | |
|---|---|
| **From:** | Trisha Lawson [tllawson@dpw.com] |
| **Sent:** | Monday, April 18, 2005 1:46 PM |
| **To:** | Beth Fegan |
| **Cc:** | kawexler@wexlerfirm.com |
| **Subject:** | Re: AZ: Erik Schultz deposition |

Beth,

You had sufficient time to cancel any arrangements you had made and therefore any motion for costs would be totally unwarranted.  I'm not sure of all the reasons that service may have been improper, but I know there was no indication that Mr. Schultz received the required witness fee with the subpoena that was posted to Verilaw.  Accordingly, he could not be held in contempt.  Also, I believe your subpoena purported to require Mr. Schultz to cross state lines to appear for his deposition, which I think is also problematic.

It is my understanding that Mr. Schultz's counsel, Tim Kolman (212-750-3134), will work with you to schedule Mr. Schultz's deposition once proper service has been made, but that Mr. Schultz is not available until the end of May.

Trisha

# EXHIBIT J

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | No. MDL 1456 PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS<br><br>SUBPOENA IN A CIVIL CASE |

**TO:    Erik Q. Schultz**
**444 VALLEYBROOK RD**
**MEDIA, PA 19063-5614**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

**X  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Spector, Roseman & Kodroff, 1818 Market Street, Suite 2500, Philadelphia, PA 19103 | May 11, 2005 at 9:30 a.m. |

**X  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**
**\*\*\*All documents, including e-mail, in your possession related to AstraZeneca's pricing and marketing of pharmaceutical products.**

| PLACE | DATE AND TIME |
|---|---|
| Spector, Roseman & Kodroff, 1818 Market Street, Suite 2500, Philadelphia, PA 19103 | May 11, 2005 at 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for the Plaintiffs   [signature] | April 19, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Elizabeth A. Fegan, Hagens Berman Sobol Shapiro LLP, 60 W. Randolph, Suite 200, Chicago, Illinois 60601  312) 762-9235

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
DATE

_____
SIGNATURE OF SERVER

_____

_____
ADDRESS OF SERVER

_____

_____

Rule 45, Federal Rules of Civil Procedure, Parts C&D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



HAGENS BERMAN LLP
*Attorneys at Law*

CAMBRIDGE   CHICAGO   LOS ANGELES   PHOENIX [sic]   SEATTLE

CHICAGO OFFICE
1301 FIFTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98101

FRONTIER BANK
SEATTLE, WA 98101
98-762/1251

21147

DATE                    AMOUNT

04/18/2005              $50.80

PAY     Fifty and 80/100 Dollars

TO THE
ORDER OF   Erik Q Schultz

CHECK NOT VALID 9 MONTHS AFTER ISSUE DATE

MP

SECURITY FEATURES INCLUDED. DETAILS ON BACK

⑈00 21147⑈ ⑆1251076 26⑆4647⑈0047 14⑈

# EXHIBIT K

# Pennsylvania State Constable
John H. Esher

On the following dates and times, I attempted  to serve a subpoena upon Erik Q.
Schultz,at his home address,444 Valleybrook Road, Media, PA.   4-29-05 at 1500
Hrs., 4-29-05 at 1845 Hrs. (saw his wife and 3 girls),  4-31-05 at 0900 Hrs. (saw 3
girls),  4-31-05 at 1500Hrs.,  5-1-05 at 1000 Hrs.,  5-1-05 at1600 Hrs.,  5-1-05
1930 Hrs.,  5-2-05 0700 Hrs. to 0800 Hrs.,  5-2-05 1530 Hrs. to 1600 Hrs.

John H. Esher
PA State Constable

P.O. Box 105 Thornton, PA 19373
Phone: (610) 656- 745Fax: (610) 361-1335

# EXHIBIT L



**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

hbsslaw.com
60 WEST RANDOLPH STREET, SUITE 200 • CHICAGO, IL 60601
(312) 762-9235 • FAX (312) 762-9286

ELIZABETH A. FEGAN
(312) 762-9235
beth@hbsslaw.com

May 3, 2005

***Via Facsimile 215-750-3138***

Timothy M. Kolman
229 North Flower Mills Road
Langhorne, Pennsylvania 19047

   Re: <u>In re AWP Litigation: Deposition of Erik Schultz</u>

Dear Mr. Kolman:

   I was informed by counsel for AstraZeneca that you represent Erik Q. Schultz. Although I have never been contacted by you with respect to Mr. Schultz's apparent refusal to appear for his deposition in the above case, I write to provide you with the background surrounding Mr. Schultz's refusal to appear in an attempt to obtain Mr. Schultz's agreement to appear before we seek to hold Mr. Schultz in contempt of court.

   Months ago, when Mr. Schultz was still employed by AstraZeneca, Plaintiffs in the above case served a Notice of Deposition on AstraZeneca scheduling Mr. Schultz's deposition for a date certain. On January 24, 2005, Defendant began a series of re-scheduling Mr. Schultz's deposition, with the parties finally compromising on March 15, 2005. On March 10, 2005, AstraZeneca advised Plaintiffs' counsel that Mr. Schultz was no longer with the Company, but that it would attempt to voluntarily produce Mr. Schultz for deposition. Finally, on March 30, 2005, Defendant provided Plaintiffs with Mr. Schultz's last known address.

   Plaintiffs thus arranged for service of a Subpoena on Mr. Schultz, scheduling his deposition for April 19, 2005. At Mr. Schultz's address, a female resident informed the process server that Mr. Schultz was traveling for work but that she was his wife. Accordingly, substitute service of the first Subpoena was made on Mr. Schultz's wife. I subsequently received an e-mail from AstraZeneca's counsel, who stated that she thought there "might" be a problem with service because it was issued from the District of Delaware rather than the Eastern District of Pennsylvania. However, she stated that she

1534.16 0300 LTR-IL.DOC

May 3, 2005
Page 2

was not representing Mr. Schultz in connection with any objection or motion to quash, and I never heard from you or Mr. Schultz.  Instead, there was just a failure to appear.

Fed. R. Civ. P. 45(e) provides a remedy for a failure to appear: contempt of court. Contempt of court may be avoided if a person responding to a subpoena has adequate cause, which can include requiring travel more than 100 miles from where the person resides.  However, Plaintiffs here did not impose any such burden, instead scheduling the deposition at a location where AstraZeneca had requested that all depositions take place and that was just 19 miles from Mr. Schultz's home.  *See* Fed. R. Civ. P. 45(b)(2) and (c)(3)(A)(ii).

Finally, although Plaintiffs have not waived compliance with the original Subpoena, Plaintiffs issued a second Subpoena from the Eastern District of Pennsylvania. Despite 10 attempts to serve Mr. Schultz at times when it is clear that someone is at home at his address, the residents refuse to answer the door.

It is clear that Mr. Schultz has evaded his deposition for almost five months, even in the face of a valid Subpoena.  The next step will be for Plaintiffs to seek the Court's intervention and to seek to hold Mr. Schultz in contempt of court and request the imposition of costs.  To avoid this unnecessary battle (which in the end will result in Mr. Schultz's deposition regardless), Plaintiffs ask that Mr. Schultz appear for his deposition in the next 30 days and seek your help in reaching this amicable solution.

Sincerely,

Elizabeth A. Fegan

BF:bf

cc:    Kenneth A. Wexler

534.16 0300 LTR-IL.DOC



**HAGENS BERMAN**
SOBOL SHAPIRO LLP
60 WEST RANDOLPH, SUITE 235 • CHICAGO, ILLINOIS 60601
TELEPHONE 312.762.9237 • FACSIMILE 312.762.9286

## FACSIMILE COVER SHEET

May 4, 2005
Pages: 3 (including this cover)
File No.: <u>1534.16</u>

*FROM*:

    **Elizabeth A. Fegan**

---

*TO*:

    **Timothy M. Kolman**        **215.750.3138**

---

*MESSAGE*:

    Please see attached.

If there are any problems with this facsimile, please call our Support Center at 312.762.9237

The information contained in this facsimile is confidential and may also be attorney-privileged. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by a collect telephone call to , and return the original message to us at the address above via the US Postal Service. Thank you.

A PROFESSIONAL SERVICE CORPORATION

TRANSMISSION VERIFICATION REPORT

```
                              TIME  :  05/04/2005 10:16
                              NAME  :
                              FAX   :
                              TEL   :
                              SER.# :  000G4J307937
```

```
DATE,TIME                     05/04  10:15
FAX NO./NAME                  912157503138
DURATION                      00:00:57
PAGE(S)                       03
RESULT                        OK
MODE                          STANDARD
                              ECM
```

# EXHIBIT M

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | No. MDL 1456 PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS<br><br>SUBPOENA IN A CIVIL CASE |

**TO:** **Erik Q. Schultz**
   **444 VALLEYBROOK RD**
   **MEDIA, PA 19063-5614**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

**X  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Spector, Roseman & Kodroff, 1818 Market Street, Suite 2500, Philadelphia, PA 19103 | June 30, 2005 at 9:30 a.m. |

**X  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):**
**\*\*\*All documents, including e-mail, in your possession related to AstraZeneca's pricing and marketing of pharmaceutical products.**

| PLACE | DATE AND TIME |
|---|---|
| Spector, Roseman & Kodroff, 1818 Market Street, Suite 2500, Philadelphia, PA 19103 | June 30, 2005 at 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for the Plaintiffs | May 31, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Elizabeth A. Fegan, Hagens Berman Sobol Shapiro LLP, 60 W. Randolph, Suite 200, Chicago, Illinois 60601 (312) 762-9235

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C&D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT N



**Event Notification**
**Paper:** 2005043105
**Your Ref. No:** 1534.16
Sent: 6/9/2005

Tel: 800.737.8336   process@1-800-serve-em.com
Fax: 888.737.8336   http://www.1-800-serve-em.com

| | |
|---|---|
| *From:* Robert Gibson | |
| *To:* Diana Lebherz | |
| Hagens Berman LLP | |

| | |
|---|---|
| *Voice:* | 312.762.9237 |
| *Street:* | 60 W. Randolph, Suite 200 |
| | Chicago, IL 60601 |
| *Fax:* | 312.762.9286 |

| | |
|---|---|
| *Court:* | United States District Court for the Eastern District of Pennsylvania |
| *Case:* | MDL 1456 Pending in the United States District Court for the District of Massachusetts |
| *Services:* | Serve |
| *Priority:* | ASAP |
| *Target:* | Erik Q. Schultz |
| *Business:* | |
| *Phone:* | 610.459.1563 |
| *Through:* | Erik Q. Schultz |
| *Address:* | 444 Valleybrook Road Media, PA 19063 |
| *Phone:* | 610.459.1563 |
| *Alternate:* | |
| *Phone:* | |

**6/9/2005 1:30 PM:**
**Susan Schultz advised that her husband Erik works in Arizona and comes home every other weekend. She further advised that her attorney instructed her not to accept any service.**

*Accountable Inter-Jurisdictional Process Service*

# EXHIBIT O

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

In Re Pharmaceutical Industry Average
Wholesale Price Litigation

)
)
)

MDL 1456 Pending in the United States District
Court for the District of Massachusetts
AFFIDAVIT OF SUBSTITUTE SERVICE

Regarding )   Subpoena In A Civil Case

Received by 1-800-SERVE-EM on June 1, 2005 at 2:05 PM to be served on Erik Q. Schultz , .

I, Eric Afflerbach, who being duly sworn, depose and say that on June 7, 2005 at 5:30 PM , I:

Served Erik Q. Schultz by delivering a true copy of the Subpoena In A Civil Case with the date and hour of
service endorsed thereon by me, at Erik Q. Schultz 's usual place of abode, 444 Valleybrook Road Media,
PA 19063, to a person residing therein, who is of the suitable age and discretion, to wit: Susan Schultz,
wife, informing said person of the contents thereof.

Susan Schultz advised that her husband Erik works in Arizona and comes home every other weekend.

I am over the age of 18 and have no interest in the above action, and am a Certified Process Server in
good standing in the county in which the process was served.

Eric Afflerbach
1-800-SERVE-EM
800.737.8336
Job Serial Number: 2005043105
Reference: 1534.16

State of: PA
County of: Montgomery
Subscribed and sworn to before me,

NOTARY PUBLIC

NOTARIAL SEAL
TERESA A. MINZOLA, Notary Public
Trappe Boro, Montgomery County
My Commission Expires Dec. 5, 2005

# EXHIBIT P



**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

hbsslaw.com
60 WEST RANDOLPH STREET, SUITE 200 • CHICAGO, IL 60601
(312) 762-9235 • FAX (312) 762-9286

ELIZABETH A. FEGAN
(312) 762-9235
beth@hbsslaw.com

June 22, 2005

***Via Facsimile 215-750-3138***

Timothy M. Kolman
229 North Flower Mills Road
Langhorne, Pennsylvania 19047

   Re: <u>In re AWP Litigation: Deposition of Erik Schultz</u>

Dear Mr. Kolman:

   I am writing to confirm that the deposition of Erik Schultz will proceed on Thursday, June 30, 2005 at the offices of Spector, Roseman & Kodroff, 1818 Market Street, Philadelphia, PA 19103 pursuant to Subpoena served on June 7, 2005.

   If your client does not intend to appear or you no longer represent Mr. Schultz, please advise immediately.

       Sincerely,

       Elizabeth A. Fegan

BF:bf

cc: Kenneth A. Wexler (via facsimile)

1534.16 0300 LTR-IL.DOC

BOSTON   CHICAGO   LOS ANGELES   PHOENIX   SEATTLE



HAGENS BERMAN
SOBOL SHAPIRO LLP
60 West Randolph, Suite 235 • Chicago, Illinois 60601
Telephone 312.762.9237 • Facsimile 312.762.9286

## FACSIMILE COVER SHEET

June 22, 2005
Pages:  2 (including this cover)
File No.:  <u>1534.16</u>

***FROM***:

### Elizabeth A. Fegan

---

***TO***:

### Timothy M. Kolman                          **215.750.3138**

---

***MESSAGE***:

Please see attached.

If there are any problems with this facsimile, please call our Support Center at 312.762.9237

The information contained in this facsimile is confidential and may also be attorney-privileged.  The information is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this facsimile in error, please immediately notify us by a collect telephone call to . and return the original message to us at the address above via the U.S. Postal Service.  Thank you.

A PROFESSIONAL SERVICE CORPORATION

TRANSMISSION VERIFICATION REPORT

```
TIME   : 06/22/2005 14:51
NAME   :
FAX    :
TEL    :
SER.#  : 000G4J307937
```

```
DATE,TIME              06/22  14:51
FAX NO./NAME           912157503138
DURATION               00:00:28
PAGE(S)                02
RESULT                 OK
MODE                   STANDARD
                       ECM
```