UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. NO. 1456 |
| THIS DOCUMENT RELATES TO: | Civil Action No. 01-CV-12257- PBS |
| Consolidated City of New York/NY County Complaint | Judge Patti B. Saris |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCLOSURE AND FOR EXTENSION OF TIME TO COMPLY WITH JULY 8, 2005 ORDER**

Defendants' July 20, 2005 Motion to Compel Disclosure and for an Extension of Time to Comply with the Court's July 8, 2005 Order (hereinafter "the motion") should be denied and defendants should be directed to comply with the Court's July 8, 2005 order forthwith.

In the motion, defendants (a) state that certain of them (notably defendants neglect to identify which or how many[1]) had not received a copy of the Consolidated Complaint and Exhibits, filed June 15, 2005, unredacted as to that particular defendant, and (b) request entry of an order directing plaintiffs to identify the source of the market price data on which plaintiffs rely in the Consolidated Complaint and Exhibit B thereto.

In fact, (a) all defendants named in the Consolidated Complaint have received copies of the Consolidated Complaint and Exhibits unredacted as to them and (b) plaintiffs are under no obligation at this stage to identify the confidential and anonymous

---
[1] In fact, and as set forth below, of the 98 defendants named in the Consolidated Complaint only the Mylan and King Group defendants did not receive their copies and in both cases that was due to technical barriers that resided within the e-mail systems of defendants' counsel, i.e. through no fault of plaintiffs.

sources of the data on which they rely in the Consolidated Complaint or Exhibits, nor do defendants cite to any authority suggesting such an obligation on plaintiffs' part. Defendants' motion should be denied and defendants should be directed immediately to comply with the Court's July 8, 2005 order.

### A. EACH DEFENDANT HAS RECEIVED A COPY OF THE CONSOLIDATED COMPLAINT UNREDACTED AS TO IT

As noted, the motion did not specify which defendants had not received their copy of the Consolidated Complaint and Exhibits, unredacted as to that defendant. Thus, the day after the motion was filed, or on July 21, 2005, plaintiffs' counsel Aaron Hovan contacted defense counsel Kimberly Harris, a signator to the motion, to determine which particular defendants fell into this category.

On July 26, 2005, Ms. Harris informed Mr. Hovan that of the 98 defendants named in the Consolidated Complaint only two defendant groups, Mylan and King[2], both of whom are represented by the same counsel, had failed to receive the documents. This information contradicted plaintiffs' own records which showed that the Consolidated Complaint and Exhibits were provided to Mylan and King counsel Louis Scerra, Esq. of the firm Greenberg Traurig, LLP via e-mail on June 30, 2005.

Thereafter, Mr. Hovan spoke with Mr. Scerra and learned that Mr. Scerra had in fact not received the unredacted copies of the Complaint and Exhibits due to size limitations of Mr. Scerra's e-mail.

Thus the Counties provided Mr. Scerra with another copy of the Consolidated Complaint and Exhibits via Federal Express on July 27, 2005.

---

[2]   The Mylan Group defendants are Mylan Laboratories Inc., Mylan Pharmaceuticals Inc., and UDL Laboratories, Inc.. The King Group Defendants are King Pharmaceuticals, Inc. and Monarch Pharmaceuticals, Inc.

To the Counties' knowledge, there is no other defendant or defendant group who has not been provided with a copy of the Consolidated Complaint and Exhibits unredacted as to that defendant.

B. **PLAINTIFFS ARE UNDER NO OBLIGATION TO IDENTIFY THE CONFIDENTIAL SOURCES OF THE DATA ON WHICH THEY RELY IN THEIR CONSOLIDATED COMPLAINT**

Defendants cite no authority whatever, nor can they, for the proposition that plaintiffs are required to identify at the pleading stage the anonymous and confidential sources of the data on which plaintiffs rely in their Consolidated Complaint and Exhibits. As this Circuit made plain in *In re Cabletron Systems, Inc.*, 311 F.3d 11 (1st Cir. 2002), "[w]here plaintiffs rely on confidential personal sources but also on other facts, they need not name their sources as long as the latter facts provide an adequate basis for believing the defendants' statements' were false." *Id.* at 29 citing *Novak v. Kasaks*, 216 F.3d 300, 314 (2d Cir. 2000).

When evaluating the issue, the First Circuit will look to "the level of detail provided by the confidential sources, the corroborative nature of the other facts alleged (including from other sources), the coherence and plausibility of the allegations, the number of sources, the reliability of the sources, and similar indicia." *Id.* at 29-30. This reflects that the primary purpose of Rule 9(b) is to afford defendant fair notice of the plaintiff's claim and the factual ground upon which it is based." *Novak* at 314, *citing Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990). "This purpose can be served without requiring plaintiffs to name their confidential sources as long as they supply sufficient specific facts to support their allegations. Imposing a general requirement of disclosure of confidential sources serves no legitimate pleading purpose while it could deter

3

informants from providing critical information to investigators in meritorious cases or invite retaliation against them." *Id.*

Here, the Consolidated Complaint details numerous sources that corroborate the reliability of the confidential source data also contained therein.  The Consolidated Complaint is replete with allegations identifying (1) internal documents of defendants demonstrating the structure and methods of defendants fraudulent scheme; (2) governmental investigations into defendants activities as it relates to the fraudulent scheme alleged; and (3) the precise means by which the fraud occurred.  In the presence of such overwhelming detail, the allegations of the Consolidated Complaint are, as the First Circuit explains, "self-verifying."  *Id.* at 30.

## CONCLUSION

For all the foregoing reasons, defendants' motion should be denied and defendants should be directed to comply with the Court's July 8, 2005 order forthwith.

Dated: July 29, 2005

                Respectfully submitted,

                KIRBY McINERNEY & SQUIRE, LLP

                By:   /s/ Joanne M. Cicala
                        Joanne M. Cicala
                        James P. Carroll
                        Aaron D. Hovan
                        Michael B. Coons
                830 Third Avenue
                New York, NY  10022
                (212) 371-6600

                COUNSEL FOR THE CITY OF NEW YORK AND CAPTIONED COUNTIES IN THE CONSOLIDATED COMPLAINT

## Certificate of Service

I certify that on July 29, 2005 a true and correct copy of the foregoing Plaintiffs' Opposition To Defendants' Motion To Compel Disclosure And For Extension Of Time to Comply With July 8, 2005 Order was served on all Counsel of Record by electronic service pursuant to Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

/s/ Michael B. Coons
Michael B. Coons