UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>CIVIL ACTION NO. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS | Chief Mag. Judge Marianne B. Bowler |

### ASTRAZENECA PHARMACEUTICAL LP'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE SUPPLEMENTATION OF ASTRAZENECA PHARMACEUTICAL LP'S PRIVILEGE LOGS OR, IN THE ALTERNATIVE, TO COMPEL THE PRODUCTION OF DOCUMENTS

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully submits this memorandum in opposition to Plaintiffs' motion to compel the supplementation of AstraZeneca's privilege logs or, in the alternative, to compel the production of documents.

### PRELIMINARY STATEMENT

Plaintiffs' motion is premised on four assertions – namely that AstraZeneca's privilege logs (1) insufficiently identify the persons who authored and/or received documents and their capacities; (2) lack adequate descriptions of the subject matters of documents; (3) make improper privilege assertions as to two AstraZeneca in-house lawyers; and (4) improperly claim privilege for documents reflecting communication with non-AstraZeneca employees.

Each of these assertions is incorrect:

- AstraZeneca's four privilege logs provide all of the identifying information available as to authors and recipients and, more importantly, sufficient information to support the assertion of privilege. There is no requirement that a privilege log provide a proper name for group-authored documents which themselves do not bear any one individual's name. AstraZeneca has provided Plaintiffs as much information as is reasonably available as to authors and recipients in each circumstance where a privilege document itself is authored or received by a group of employees, such as the "Legal Department."

- AstraZeneca's privilege logs adequately describe the subject matter of the documents and explain the basis for the assertion of privilege. Plaintiffs' appendices to their motion do not provide the full description contained on AstraZeneca's privilege logs. For example, Plaintiffs point to entry 44 as inadequate, but fail to set forth the subject matter description actually contained on the privilege log. That description, like each of the descriptions, makes clear that the document contains legal advice and provides information as to the attorney involved. No additional detail is required; Rule 26(b)(5) recognizes that subject matter descriptions necessarily should not reveal information that itself is protected.

- AstraZeneca's privilege logs adequately describe that certain communications involving two AstraZeneca in-house counsel are privileged. Whether these two attorneys also engaged in non-privileged communications is irrelevant; any non-privileged communications responsive to Plaintiffs' requests have been produced.

- AstraZeneca's privilege logs properly describe that certain communications related to Together Rx are protected by a common-interest privilege which extends beyond AstraZeneca and its employees and has existed since before the filing of this litigation.

For these reasons, as explained in more detail below, Plaintiffs' close-of-discovery motion is harassing, without merit and should be denied.

## FACTUAL BACKGROUND

AstraZeneca has produced four privilege logs in this matter. The first privilege log was produced on April 2, 2004 ("Log I"), a second log was produced on June 15, 2004 ("Log II"), a third log was produced on January 14, 2005 ("Log III"), and a fourth log was produced on March 31, 2005 ("Log IV"). Out of approximately 700,000 pages

2

produced, AstraZeneca individually logged approximately 2900 privileged and protected documents in the course of discovery in this matter. The privilege log entry for each of these documents contains information on the document date, type, author(s), recipient(s), and subject matter, including the name of the attorney whose advice or work is reflected in the document.[1]

Moreover, in a good faith effort to respond to a series of letters from Plaintiffs' counsel seeking more information on large portions of these logs, AstraZeneca engaged in the major undertaking of re-reviewing hundreds of the underlying privileged documents and each of the corresponding entries on the privilege logs to confirm the basis for withholding or redacting each document and, if necessary, revise the corresponding entry accordingly. As a result of this painstaking process, AstraZeneca produced two revised versions of Log II, on September 8, 2004 and March 18, 2005, as well as a revised version of Log III. Plaintiffs raised additional issues regarding Log I and Log IV by letter of May 11, 2005. Without waiting for a response to their letter, and without discussing with AstraZeneca the open issues, Plaintiffs filed their motion to compel without warning on July 18, 2005. AstraZeneca believes that all four logs describe the nature of the documents or communications withheld in a manner sufficient to enable Plaintiffs to assess the applicability of the relevant privilege and/or protection. Accordingly, Plaintiffs' motion should be denied.

---

[1] Log I identified the attorney whose advice gave rise to the claim of privilege as an author or recipient of the document, but not in the subject matter description of the document, as was the practice in the later privilege logs. AstraZeneca intends to revise Log I to include the attorney's name in the subject matter description as well.

## ARGUMENT

In providing the detailed and extensive privilege logs that it has, and making efforts to revise and review the logs in response to Plaintiffs' demands, AstraZeneca has exerted a substantial effort far above and beyond what is required by Rule 26(b)(5) and has satisfied its burden of establishing the applicability of the relevant privilege and/or protection for each entry on its privilege logs. Plaintiffs' motion should therefore be denied.[2]

### I.  AstraZeneca Has Sufficiently Identified Document Recipients

#### A.  Groups of Employees or Unidentified Authors

Plaintiffs first assert that AstraZeneca must provide the "proper name" for each individual who received or authored a document containing privileged material, even if, as AstraZeneca has previously represented to Plaintiffs, only group lists or department names, such as "Legal Department" and "C.A.R.P. Committee," actually appear on the face of the documents. Plaintiffs do not cite any support for this specific demand. Moreover, the Federal Rules simply do not require AstraZeneca to undertake the tremendous (and perhaps impossible) burden of researching and reconstructing the composition of various groups, committees and teams of employees that have been formed, on both formal and ad hoc bases, over thirteen years at AstraZeneca and its

---

[2] Absent bad faith or undue delay, courts are hesitant to find waiver of privilege simply because a privilege log does not sufficiently comply with Rule 26(b)(5). *See, e.g*, Heavin v. Owens-Corning Fiberglass, No. 02-2572 (KHV) (DJW), 2004 U.S. Dist. LEXIS 2265, *4, 23 (D. Kan. Feb. 3, 2004) (after finding that the privilege log at issue lacked sufficient information under Rule 26(b)(5), the court expressly denied the request to find waiver, instead ordering the proponent of the privilege to submit an amended privilege log). Consequently, Plaintiffs' request that AstraZeneca be made to produce alleged inadequately described documents must be rejected out of hand.

predecessor companies for thousands of documents.[3]

The 1993 Committee Notes to Rule 26(b)(5) explain that the degree of detail provided by a privilege log should be tailored to the volume of the documents withheld: "Details concerning time, persons, general subject matter, etc., may be appropriate *if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected*, particularly if the items can be described by categories." Fed. R. Civ. P. 26(b)(5) advisory committee's note (emphasis added). As recognized by the First Circuit, "[p]rivilege logs do not need to be precise to the point of pedantry." *In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001). Moreover, to the extent that Plaintiffs are suggesting that they need the proper names of each author or recipient in order to confirm that an attorney was a party to the communication, *Baptiste v. Cushman & Wakefield, Inc.*, No. 03 Civ. 2102 (RCC) (THK), 2004 U.S. Dist. LEXIS 2579, at *6 (S.D.N.Y. Feb. 20, 2004), makes clear that communications between employees which reflect advice of counsel are protected even where those communications are not themselves to or from the attorney. *See also Santrade, Ltd. v. Gen. Elec. Co.*, 150 F.R.D. 539, 545 (E.D.N.C. 1993).

AstraZeneca's review of the documents where groups or e-mail lists were identified as authors and/or recipients resulted in the conclusion that these documents were privileged or protected. AstraZeneca has no reason to suspect – nor is there any reason to believe from the face of the documents – that any of the groups, teams, or

---

[3] With respect to authors or recipients containing symbols and numbers, *e.g.*, "/FSF 70 All," AstraZeneca has investigated and learned that the entries containing symbols and numbers are the titles of e-mail groups of employees which can not be reconstructed. Note that "Smoochy@home," a specific example cited by Plaintiffs, is the home e-mail address of AstraZeneca in-house attorney Donald Sawyer, who is also identified by name in the entries that include the "Smoochy" address.

5

committees identified includes any individual who was not either an employee of AstraZeneca, outside counsel for AstraZeneca, or another agent working under the control of counsel. Accordingly, Plaintiffs' demand for proper names should be denied because AstraZeneca has already included in each log as much information about the authors and recipients as reasonably available and necessary to determine that the documents are privileged.

### B. "Capacity" of Document Recipients

Plaintiffs next argue that AstraZeneca must supply the capacities of each author or recipient that appears on the logs, so that Plaintiffs can determine whether the individual is a corporate officer to whom the privilege applies. However, *Upjohn Co. v. United States*, 449 U.S. 383, 392 (1981), makes clear that the privileged or protected nature of documents or communications does not depend on the position or capacity of AstraZeneca's employees. Where privileged documents or communications are made to an employee of a company "who will put into effect the client corporation's policy," such a communication is protected by the attorney-client privilege. *Id.* at 392; *see also Weeks v. Samsung Heavy Indus.*, No. 93-C-4899, 1996 U.S. Dist. LEXIS 8554, at *4 (N.D. Ill. June 19, 1996) (holding that it is sufficient that individuals identified on a privilege log were employees of the defendant during the relevant time period, and not requiring any further identification of their capacity).

Moreover, neither the Federal Rules of Civil Procedure nor any case requires the extensive detail demanded by Plaintiffs. Rule 26(b)(5) requires only that AstraZeneca describe the documents or communications "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the

6

applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). Here, AstraZeneca has identified on its privilege logs the document date, type, and subject matter, as well as the author, addressee(s), and carbon copy addressee(s) of all individuals identified. Further, it has described the basis for the claim of privilege or protection separately for each document, as well as the attorney whose legal advice or work gave rise to the claim of privilege. Finally, in each instance in which a non-employee received a document, AstraZeneca indicated in its description that some individuals identified on the logs are members or agents of a common interest group. No more specific identification is necessary in order to invoke the privileges and protections asserted by AstraZeneca.[4] Accordingly, Plaintiffs' demand that AstraZeneca research the titles or capacities for each individual on nearly 2,900 documents should be denied.[5]

## II.   Subject Matter Descriptions

Plaintiffs argue that AstraZeneca has withheld documents where the "sole basis" of privilege is that the communications relate to topics such as pricing, sales, contracting and marketing. They also argue AstraZeneca's descriptions do not indicate whether legal

---

[4] Given the level of detail set forth in AstraZeneca's privilege logs, *Mold-Masters Ltd. v. Husky Injection Molding Systems, Ltd.*, No. 01-C-1576, 2001 U.S. Dist. LEXIS 20152 (N.D. Ill. Dec. 5, 2001), has no application here. In *Mold-Masters*, the descriptions of certain documents were "general and conclusory, making it extremely difficult to assess the applicability of [defendant's] assertions of the attorney-client privilege and work-product doctrine." *Id.* at *10. Only after affording defendant "multiple opportunities and sufficient time to comply with Rule 26(b)(5)" and conducting an in camera review of the documents at issue did the court require the production of documents where defendants simply listed the authors and recipients and document type, but failed to describe the subject matter and in some instances failed to identify the applicable privilege or protection. *Id.* The court's decision turned on defendant's failure to describe the documents "at all," *id.*, not on any failure to describe the employment status or capacity of certain individuals. For the same reason, *In re General Instrument Corp. Securities Litigation*, 190 F.R.D. 527, 530 (N.D. Ill. 2000) is also inapposite.

[5] AstraZeneca has produced documents spanning a thirteen year time period which reference an innumerable list of employees. As is common, an individual's job title often changes quite frequently, sometimes even multiple times in one year. As such, to require AstraZeneca to list the job capacity for each employee on a particular date is simply unreasonable.

advice is being given or received. That is simply not true. Noticeably lacking from Plaintiffs' appendices is the full subject matter description of the documents from the privilege logs, which would have demonstrated that the descriptions indeed indicate the nature of the applicable privilege or protection. For instance, Plaintiffs contend that entry 44 on the second revised version of Log II is inadequate because the plain language description of the document does not indicate if it was produced with legal advice in mind. *See* Appendix C at 2. Belying Plaintiffs' claim, entry 44 is specifically described as a "Privileged communication containing attorney's handwritten notes reflecting legal advice (Julia W. Manning) regarding pricing practices and government investigation." Exhibit 2 at 4.[6] AstraZeneca has indicated that the text concerns legal advice and is work product, and has listed the attorney giving rise to the protection. The descriptions of the other entries at issue contain a similar level of detail.

Nonetheless, in response to Plaintiffs' concerns, AstraZeneca provided additional information about the subject matter of the documents in many instances. To provide any more information would result in a disclosure of the legal advice sought or received. The proponent of a privileged document need not reveal so many facts that the privilege becomes worthless. *United States v. First State Bank*, 691 F.2d 332, 335 (7th Cir. 1982).[7]

---

[6] The Court should disregard Plaintiffs' Appendices since they provide incomplete information as to AstraZeneca's privilege logs. In order to properly assess the asserted protection it is necessary to examine the full entry on the privilege logs. For instance, in Appendix A, for Privilege Log III, page 5, entry 1, Plaintiffs' misleadingly state that that there is an inadequate recipient description, thereby suggesting that this document was improperly withheld. However, when this entry in Appendix A is cross-referenced with the actual privilege log in Exhibit 3, page 1, entry 1, which notes that the document is a "[p]rivileged communication reflecting advice of counsel (Robert Shaughnessy) regarding contracting," it is clear that this document is indeed privileged. Of note, the document itself does not list a recipient, and thus, none could be provided on the log.

[7] The cases cited by Plaintiffs are inapposite because they merely provide that the attorney-client privilege does not protect communications that relate to business or technical data. *See In re General*

8

Accordingly, Plaintiffs' requests for more detailed subject matter descriptions should be denied.

### III. Legal Advice from Donald Sawyer and Robert Shaughnessy

Plaintiffs claim that at least two in-house counsel for AstraZeneca, Robert Shaughnessy and Donald Sawyer, either have provided non-legal advice on some occasions or have been employed at times by AstraZeneca in non-legal positions. Based on this contention, Plaintiffs assert that the privilege logs do not provide descriptions that are adequate to determine whether Donald Sawyer and Robert Shaughnessy were providing confidential legal advice in all instances in which privilege was claimed over their communications. Again, Plaintiffs' analysis is incorrect and their request for additional information or disclosure should be denied.

As a preliminary matter, it is irrelevant whether Messrs. Sawyer and Shaughnessy ever gave non-legal advice or served in non-legal capacities at some point during their employment with AstraZeneca. The only issue before this Court is whether the specific communications *that were withheld by AstraZeneca and are reflected on the privilege logs* are in fact privileged and adequately described.[8]

The descriptions in AstraZeneca's privilege logs establish that the particular documents being withheld involve legal advice. The descriptions of "privileged communication seeking advice of counsel," "privileged communication reflecting legal

---

*Instrument Corp. Securities Litigation*, 190 F.R.D at 530, *Pacamor Bearings v. Minebea Co.*, 918 F. Supp. 491, 510-11 (D.N.H. 1996); *Mission Nat'l Ins. Co. v. Lilly,* 112 F.R.D. 160, 163-64 (D. Minn. 1986).

[8] It is important to note that AstraZeneca has not withheld all communications involving these individuals. AstraZeneca produced unredacted documents in which Donald Sawyer or Robert Shaughnessy was either an author or recipient, or was referenced in the body of the document.

9

advice," etc., when coupled with a description of the subject matter, are sufficient to establish that the advice sought from or rendered by Messrs. Sawyer and Shaughnessy was advice in their capacities as legal, not business, advisors. *See Rivera v. Kmart Corp.*, 190 F.R.D. 298, 301 (D.P.R. 2000) (party's proffer that documents were privileged and prepared at the request of counsel was specific and not a blanket objection; although defendant raised the objection of "privilege" regarding several documents, it was evident that such objection related to attorney-client privilege).

Moreover, even if these individuals weighed business considerations in the rendering of legal advice, it would not vitiate the attorney-client privilege. Where the advice is predominantly legal, as opposed to business, in nature, the communications fall within the protection of the attorney-client privilege and are not discoverable. *See Coleman v. AmerBroadcasting Cos.*, 106 F.R.D. 201, 206 (D.D.C. 1985); *Potter v. United States*, No. 02-CV-0632-H (POR), 2002 U.S. Dist. LEXIS 20031, *14 (S.D. Cal. July 26, 2002).

Accordingly, Plaintiffs' motion for further disclosure regarding Messrs. Shaughnessy and Sawyers' communications should be denied.

**IV.     Third Party Communications Withheld Are Protected**

Plaintiffs contend certain documents listed on the privilege logs are not privileged because they appear to have been shared with non-AstraZeneca employees. The entries at issue clearly indicate that the individuals with whom the documents were shared are members or agents of Together Rx who share a common interest in legal advice given in connection with the program. AstraZeneca re-reviewed the documents shared with non-employees and confirmed that they are protected by the common interest doctrine. The

10

continued suggestion that AstraZeneca waived its privilege by sharing documents with members or agents of Together Rx is baseless.

AstraZeneca and several other pharmaceutical manufacturers, including Abbott Laboratories, GlaxoSmithKline, Aventis, Bristol-Myers Squibb Company, and Novartis, are founding members of Together Rx LLC, a prescription drug savings program for lower-income seniors. Participating members have a common interest in legal matters regarding Together Rx and, as with any corporate entity, have sought the advice of counsel.

The members of Together Rx anticipated that any conversations among members and their counsel regarding Together Rx would be privileged, and to hold otherwise would undermine the goals of the attorney-client privilege. The attorney-client privilege is well-established and its rationale straightforward: "'by safeguarding communications between lawyer and client, [the privilege] encourages disclosures by client to lawyer that better enable the client to conform his conduct to the requirements of the law and to present legitimate claims or defenses when litigation arises.'" *Cavallaro v. United States*, 153 F. Supp. 2d 52, 57 (D. Mass. 2001) (Saris, J.) (quoting *United States v. Massachusetts Inst. of Tech.*, 129 F.3d 681, 684 (1st Cir. 1997), *aff'd*, 284 F.3d 236 (1st Cir. 2002) (internal citation omitted). The attorney-client privilege is among the oldest of the common law privileges and the burden of breaching the privilege is particularly onerous. *See Baptiste*, 2004 U.S. Dist. LEXIS 2579, at *4-5; *Cavallaro*, 153 F. Supp. 2d at 57.

While, as a general matter, sharing privileged materials outside the "magic circle" waives the attorney-client privilege, it is undisputed that privileged communications may

11

be disclosed to a person who shares a common interest in the legal advice which is sought or rendered without waiving the privileged nature of the communication. *See In re Grand Jury Subpoena*, 274 F.3d at 572 (discussing the common interest rule); *Ken's Foods, Inc. v. Ken's Steak House, Inc.*, 213 F.R.D. 89, 93 (D. Mass. 2002) (holding that a written agreement is not a prerequisite for invoking the common interest doctrine which allows counsel facing a common opponent to exchange privileged communications and attorney work product in order to prepare a common defense without waiving either privilege).

Plaintiffs' assertion that the common interest privilege does not apply to the documents shared with members or agents of Together Rx prior to the current litigation ignores the fact that the common interest among Together Rx members predates this litigation.[9] It is well-settled that the common interest doctrine applies to any legal matter; it is therefore unnecessary that there be actual litigation in progress for the common interest rule of the attorney-client privilege to apply. *See, e.g.*, *United States v. Schwimmer*, 892 F.2d 237, 243-44 (2d Cir. 1989); *Union Carbide Corp. v. Dow Chemical Co.*, 619 F. Supp. 1036, 1047 (D. Del. 1985); *SCM Corp. v. Xerox Corp.*, 70 F.R.D. 508, 513 (D. Conn. 1976). Accordingly, Plaintiffs' motion for disclosure of common-interest communications between and among members of Together Rx and their counsel should be denied.

---

[9] The members' common interest in Together Rx was established in early 2002, before the date of any privileged or protected document concerning Together Rx on AstraZeneca's privilege logs.

## CONCLUSION

For the reasons set forth above, AstraZeneca respectfully requests that the Court deny Plaintiffs' motion.

Dated: Boston, Massachusetts
August 1, 2005

                Respectfully submitted,

        By:  /s/ Lucy Fowler

              Nicholas C. Theodorou (BBO # 496730)
              Lucy Fowler (BBO # 647929)
              FOLEY HOAG LLP
              155 Seaport Boulevard
              Boston, Massachusetts 02210
              Tel: (617) 832-1000

              D. Scott Wise
              Michael S. Flynn
              Kimberley D. Harris
              Kristi T. Prinzo
              Monica Lamb
              DAVIS POLK & WARDWELL
              450 Lexington Avenue
              New York, New York 10017
              Tel: (212) 450-4000

              Attorneys for AstraZeneca
              Pharmaceuticals LP

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on August 1, 2005, a copy to Verilaw Technologies for posting and notification to all parties.

                /s/ Lucy Fowler
                Lucy Fowler