UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION )<br>)<br>)<br>)<br>) | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS )<br>)<br>)<br>) | Judge Patti B. Saris |

**PLAINTIFFS' OPPOSITION TO TRACK 1 DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO ANSWER INTERROGATORIES WHICH SEEK THE IDENTITY OF THE DRUGS THAT PLAINTIFFS ALLEGE WERE "UNAFFECTED BY THE AWP SCHEME"**

On September 3, 2004, plaintiffs' expert, Dr. Raymond Hartman, provided defendants with a class certification report in which he stated that part of his final expert report in the case would compare the drugs that are the subject of this lawsuit with drugs unaffected by the AWP Scheme.  Dr. Hartman indicated that these "yardsticks" drugs (those unaffected by the Scheme") would be part of his liability and damage model.[1]

On March 10, 2005, Judge Saris issued Case Management Order No. 13, which provided that plaintiffs file their expert report on October 1, 2005.  A copy of CMO 13 is attached hereto as Exhibit A.

No witness other than Dr. Hartman will testify as to the yardsticks, hence this subject is exclusively part of the expert phase of the case.  Dr. Hartman's report is not due until October 1,

---

[1] *See* Declaration of Dr. Hartman, pp. 20-22 for a discussion of the "yardsticks" attached to defendants' motion.

- 1 -

2005.  Defendants' interrogatories are simply an improper attempt to force the premature disclosure of his opinions.

Defendants claim that plaintiffs' objection to these interrogatories is an attempt to "block fact discovery."  Defendants served these interrogatories nine months after Dr. Hartman's report was served.  Assuming plaintiffs had answered on July 5, 2005, that would have left roughly 45 days for defendants to conduct discovery on this issue.  This is hardly enough time for defendants to have conducted discovery in what they now call a "critical part of plaintiffs' affirmative case."  Rather, this delay in commencing discovery on this issue suggests that defendants' did not believe they were entitled to such discovery and belatedly have launched such discovery in an attempt to force plaintiffs to prematurely disclose Dr. Hartman's opinions.

Dr. Hartman will prepare and submit his report as required by the Court order.  There is no basis in any CMO issued in this case to permit premature disclosure and/or release of his opinions.  If defendants believed this was a critical issue they should have provided for discovery of this issue in their CMO proposals.

Plaintiffs properly declined to answer these interrogatories.

| | |
|---|---|
| DATED:  August 4, 2005 | By     /s/ Steve W. Berman            <br>Thomas M. Sobol (BBO#471770)<br>Edward Notargiacomo (BBO#567636)<br>Hagens Berman Sobol Shapiro LLP<br>One Main Street, 4th Floor<br>Cambridge, MA  02142<br>Telephone: (617) 482-3700<br>Facsimile: (617) 482-3003<br>**LIAISON COUNSEL** |

- 2 -

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

- 4 -

        Samuel D. Heins
        Alan I. Gilbert
        Susan E. MacMenamin
        Heins, Mills & Olson, P.C.
        3550 IDS Center
        80 South Eighth Street
        Minneapolis, MN  55402
        Telephone: (612) 338-4605
        Facsimile: (612) 338-4692
        **CO-LEAD COUNSEL FOR**
        **PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **PLAINTIFFS' OPPOSITION TO TRACK 1 DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO ANSWER INTERROGATORIES WHICH SEEK THE IDENTITY OF THE DRUGS THAT PLAINTIFFS ALLEGE WERE "UNAFFECTED BY THE AWP SCHEME"** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 4, 2005, a copy to Verilaw Technologies for Posting and notification to all parties

                            By      **/s/ Steve W. Berman**
                                 Steve W. Berman
                                 **HAGENS BERMAN SOBOL SHAPIRO LLP**
                                 1301 Fifth Avenue, Suite 2900
                                 Seattle, WA  98101
                                 (206) 623-7292

# Exhibit A



03/14/05
02:52 PM ET

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>CIVIL ACTION NO.<br>01-12257-PBS |

### CASE MANAGEMENT ORDER NO. 13

March 10, 2005

Saris, U.S.D.J.

After review of the submissions, I order the following revised schedule for track one defendants:

1. Regardless of the status of the motion for class certification:

| | |
|---|---|
| August 31, 2005 | - Close of Fact Discovery |
| October 1, 2005 | - Plaintiffs file their expert reports on liability |
| November 15, 2005 | - Defendants file expert reports on liability |
| January 15, 2006 | - Completion of expert depositions |

2. If this Court's order on class certification is unappealed, the parties shall propose a schedule for summary judgment briefing within 15 days of the Court's order.

3. If this Court's order on class certification is appealed:

| | |
|---|---|
| 30 days after the Court of Appeals' decision on appeal from class certification ("Appeals Decision") | - Defendants' motion for summary judgment |
| 60 days after the Appeals Decision | - Plaintiffs' opposition |



| | |
|---|---|
| 75 days after the Appeals Decision | - The Reply |
| 90 days after the Appeals Decision | - The Surreply |

                                     **S/PATTI B. SARIS**
                                     United States District Judge