UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*State of Nevada v. American Home Products Corp., et al.*, 02-CV-12086-PBS (Nevada II)<br><br>*State of Montana v. Abbott Labs., Inc., et al.*, 02-CV-12084-PBS | Mag. Judge Marianne B. Bowler |

**STATE OF MONTANA & NEVADA'S OPPOSITION TO MOTION TO COMPEL DISCOVERY FROM STATES OF MONTANA AND NEVADA**

## I.   BACKGROUND

The defendants in this motion seek to impose production requirements beyond those they themselves are willing to agree to.  For example, although this discovery was served after the first wave of document discovery served on the Phase II defendants, many of the Phase II defendants have not produced a single document in response to requests that have been outstanding for a longer period than those sent to Montana and Nevada.

The simple fact is defendants waited 2½ years to serve *any* discovery on the States.  They now jump on the States at the passage of a small amount of time after they served discovery and have rushed to file a motion.

Montana and Nevada are small states, the defense lawyers numbering in the hundreds far outnumber the total staff of each state Medicaid department.  Those departments are diligently

- 1 -

- 2 -

trying to respond to defendants' sweeping requests, as well as try to do the work that must be done to run the state Medicaid programs.

Each State has began the process of producing documents in response to defendants sweeping requests for production and will do so as promptly as possible.

As to the specific requests that are the subject of this motion, each request is overbroad. The States offered to produce if defendants narrowed the disputed requests, but defendants refused. In other instances, this motion was brought before the States had even responded to the meet and confer and without defense counsel even inquiring as to where things stood. Instead, defendants just "assume" the matter was at issue. Motions should not be brought based on assumptions which if defendants had acted on would have proven to be unfounded. The motion should be denied.

## II.     ARGUMENT

### A.     Defendants Who Refuse to Produce Documents Prior to 1997, Now Demand the States Produce Documents From 20 Years Ago – The Request Should Be Denied

Most of the defendants in this case objected to discovery outside of the 1997-2001 time period. Motions to compel documents from 1991 to 1997 were eventually filed and most of the Phase I defendants agreed to produce documents during this period. The Phase II defendants have not all agreed.

The States likewise agreed to produce from 1991 to the present, but would not agree to search for 1985 to 1990 unless defendants agree to do so as well. Defendants refused. Putting equality aside, based on one study in 1989, defendants justify their putting the States through a search of files for 1985-1990. The burden imposed by such a search far outweighs any marginal utility shown here, and the request should be denied.

- 2 -

**B.     Disputed Requests**

**Document Request No. 2[1]:**  All documents and data concerning, utilization, reimbursement and rebate information.

**Objection:**  Relevance, overbreadth.

The States agree that defendants are entitled to documents on these topics.  What defendants refused to do is limit "all documents on these subjects."  As drafted, any time a script is issued in the program, or a drug utilized, a document would be created and would have to be reviewed and possibly produced.  At the time of the meet and confer we pointed out "utilization" would call for documents where state employees discuss the safety or efficacy of a drug, such documents would have to be produced though they have no relevance to this case.

Defendants now in a footnote purport to limit the term utilization.  This is an abuse of the Rule 37 process.  If defendants had responded with this proposal the States would have agreed.  Thus, in their haste to file this motion they have bothered the Court with a non-dispute.  However, they have not narrowed the definition of "rebate and "reimbursement."  As propounded, every script or check issued, or any communication with a doctor would have to be searched even though not every document that refers to reimbursement is relevant to the AWP Scheme at issue.

**Document Request 3:**  All documents created, maintained, or received by you under, or which relate to your compliance with, 42 U.S.C. § 1396a(a)(30), 42 U.S.C. § 1396a(a)(54), 42 C.F.R. 447.201 *et seq.*, or 42 C.F.R. 447.333.

**Objection:**  Relevance, overbreadth.

Without a scintilla of evidence of any relevance the defendants speculate that because of the States' compliance with 42 U.S.C. § 1396a(a)30 and similar statutes they "suspect" the States may have set a higher acquisition price to compensate a provider.  "Suspicion" should not be a

---

[1] To follow the format of defendants' brief, the States set forth each Request for Production and Response in dispute in the Nevada discovery.

- 3 -

basis for forcing a party to search its records.  These defendants have been litigating AWP issues with other states for years and should be able to show some basis for this suspicion prior to bringing this motion.

**Document Request 4:**  All documents concerning any evaluations, audits, analyses, or reviews of any aspect of your Medicaid program by the Federal Agencies or any state department or office, including but not limited to the HHS audit report Number A-07-03-0402.

**Objection:**  Relevance, overbreadth.

Defendants filed this motion without asking counsel for a final response as to the meet and confer.  The States will produce audits.

**Document Request 5:**  All documents from January 1985 to the present concerning any internal or external assessments, studies, analyses, reviews, or audits conducted by or on behalf of you or received or reviewed by you concerning pharmacy benefit costs or practices, pharmacy dispensing costs or practices, or utilization, reimbursement, or cost of pharmaceutical products.

**Objection:**  Relevance, overbreadth.

Defendants filed this motion without asking counsel for a final response.  The States will produce audits for the time period 1991 to 2003.

**Document Request 6:**  All documents (including methodologies or protocols for databases, systems, or programs) concerning the calculation, monitoring, processing, or payment of claims for the Subject Drugs, including but not limited to examples of all Provider claim forms used during any period for which you claim damages, and communications with Providers concerning reimbursement.

**Response:**  Nevada objects to the overbreadth of this request.  Nevada will provide responsive documents in its possession, but most of those documents are in the possession of First Health.

The States stand by their objection.  At the Rule 37 conference, the States indicated that there are hundreds of providers and thousands of communications to be reviewed regarding

- 4 -

1534.15 0028 MTN.DOC

possible "reimbursement" discussions.  We suggested that if the request could be narrowed the States would comply.  But as identified, the States and its outside agency would have to review every routine transactional entry to find relevant documents.  If a Walgreen fills a prescription, or a doctor does, this would be a called for document.  This blunderbuss approach should not be tolerated.  The defendants' stubbornness should not be rewarded.

**Document Request 8:**  All documents concerning the Nevada Drug Rebate Program, including but not limited to any other Medicaid or State rebate programs including State Medicaid Manuals, State Medicaid Plans, State Medicaid findings concerning the operation of the Drug Rebate Analysis and Management System, and all correspondence between the State and HCFA/CMS concerning reimbursement or rebates of subject drugs.

**Response:**  Nevada objects to this request on the grounds of relevance and overbreadth. Responsive documents will be produced as indicated at the conference.

At the June 20 discovery conference, counsel for plaintiffs represented that, notwithstanding their previous objections, plaintiffs would produce (1) all correspondence with HCFA/CMS concerning reimbursement or rebates of Subject Drugs; and (2) summary financial information regarding the Rebate Program.  Plaintiffs are gathering these documents and the motion is thus ill-founded.

**Document Request 26:**  All documents concerning any effort or plan considered or undertaken to reduce or otherwise limit your expenditures for drugs, including but not limited to prior authorization requirements, development or formularies, use of generics, group purchasing efforts, and the like.

**Response:**  Responsive documents concerning AWP will be produced.  The remaining portion is objected to as overbroad.

This case is about AWP and its inflation.  It is not a defense to this case that as a result of a formulary decision, for example, the State failed to mitigate its damages.  For example, if the State decides to place Lipitor on its formulary versus another less expensive statin, let's say a

generic of Lipitor, it is not a defense to a payment of an inflated price for Lipitor to suggest the State should have bought another drug.  Yet, that is what defendants seek, to open the door to "all efforts" to contain expenditures.  These efforts are simply not relevant.  By way of analogy, assume Joe Jenkins was driving a Lexus and was in a crash.  According to defendants' theory, Jenkins would have to produce all documents relating to cheaper cars he considered buying because he could have suffered less damage in the crash.  Based on this unfounded theory of mitigation, defendants seek to blunderbuss their way through the State's files.  Further, their notion that they are also entitled to such discovery because they are entitled to see if these lawsuits seek to compensate for "other decisions" is a fancy and complete fishing expedition.  Defendants should not be able to force states to expend time and resources because of the whims of highly paid defense lawyers that this lawsuit is a "revenue recovery" ploy.

**Document Request 49:**  All documents concerning Medicaid Rebates for the Subject Drugs, including but not limited to:  unit rebate amount; transactional data for all defendants; all communications between you and the federal government concerning utilization and "per unit" rebate data; all communications between you and any defendant; and all memoranda, analyses or other documents in your possession concerning Medicaid Rebates for the Subject Drugs.

**Response:**  Responsive documents are not in the possession of Nevada.

Defendants have not demonstrated how correspondence relating to the rebate program would be relevant to this case.  The rebate program is a contract between the defendants and the federal government.  The States are not decision makers and merely have to submit data to obtain rebates.  The States have agreed to provide this data.

**Document Request 52:**  All documents concerning any efforts by you to encourage use of generic pharmaceuticals.

**Response:**  Objection as to relevancy.

Assume BMS sells to the State a brand name drug whose AWP is inflated by 70%.  BMS obviously wants the States to buy its drug and not a generic.  The States did so based on BMS's

- 6 -

published AWP. Defendants have shown no relevance as to how choices as to whether a generic drug was available are relevant to any defense. If there was a fraudulent AWP it is not a defense that generics were available.

## C. Failure to Produce On Agreed Discovery Requests

As noted, defendants waited 2½ years to file a single request. Now they are suddenly demanding a speed not one of the defendants have managed in their own productions. The States have offered their database managers up for informal conferences to aid the legitimate discovery efforts of defendants and the States are making 30(b)(6) witnesses available as well as gathering documents.

## III. CONCLUSION

For the foregoing reasons plaintiffs request that the Court deny the motion. If the order is granted then the parties to all AWP litigation should *all* be required to produce outstanding documents within 20 days and to produce for the time period 1985 to 1990.

By   /s/ Steve W. Berman                DATED:  August 12, 2005.
   Steve W. Berman
   Sean R. Matt
   HAGENS BERMAN SOBOL SHAPIRO LLP
   1301 Fifth Avenue, Suite 2900
   Seattle, WA  98101
   Telephone: (206) 623-7292
   Facsimile: (206) 623-0594

   Thomas M. Sobol
   Edward Notargiacomo
   HAGENS BERMAN SOBOL SHAPIRO LLP
   225 Franklin Street, 26th Floor
   Boston, MA  02110
   Telephone: (617) 482-3700
   Facsimile: (617) 482-3003

   COUNSEL FOR PLAINTIFFS
   STATE OF MONTANA AND
   STATE OF NEVADA

1534.15 0028 MTN.DOC

Brian Sandoval
Attorney General of the State of Nevada
L. Timothy Terry
Assistant Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4714

Mike McGrath
Attorney General of Montana
Kathy Seeley
Assistant Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT  56920-1402
(406) 444-2026

Joseph P. Mazurek
CROWLEY, HAUGHEY, HANSON,
 TOOLE & DIETRICH PLLP
100 North Park Avenue, Suite 300
P.O. Box 797
Helena, MT  59601-6263
(406) 449-4165

COUNSEL FOR PLAINTIFF
STATE OF MONTANA


Brian Sandoval
Attorney General of the State of Nevada
L. Timothy Terry
Assistant Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4714

COUNSEL FOR PLAINTIFF
STATE OF NEVADA

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **STATE OF MONTANA'S OPPOSITION TO MOTION TO COMPEL DISCOVERY FROM STATES OF MONTANA AND NEVADA** to be served on all counsel of record electronically on August 12, 2005, pursuant to Section D of Case Management Order No. 2.

By  **/s/ Steve W. Berman**
Steve W. Berman, Esq.
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 5th Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292