**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS ) ) ) ) | Judge Patti B. Saris |

**SUPPLEMENTAL FACTS IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF ERIK Q. SCHULTZ
AND FOR ORDER ASSESSING FEES AND COSTS**

On July 28, 2005, Plaintiffs filed their Motion To Compel the deposition of Erik Q. Schultz (a former AstraZeneca employee) and for an Order assessing fees and costs based on Mr. Schultz's failure to appear for his deposition during the time that he was employed by AstraZeneca and in response to two subsequent Subpoenas served on his wife, and based on his attorney's interference with service.  Although Plaintiffs do not believe that there was any deficiency in service (nor has Mr. Schultz or his attorney ever contacted Plaintiffs' counsel or this Court to lodge such an objection), in an abundance of caution, Plaintiffs arranged to have a Subpoena personally served on Mr. Schultz on July 31, 2005 ("Third Subpoena").  *See* Affidavit of Service, attached as Exhibit 1.   Pursuant to the Third Subpoena, Mr. Schultz's deposition was scheduled for August 16, 2005.  *Id.*

On August 10, 2005, in order to confirm Mr. Schultz's appearance at his deposition pursuant to the Third Subpoena, Plaintiffs' counsel sent a letter by overnight delivery to Mr.

1534.16 0208 MTN-IL.DOC

Schultz's attorney, Timothy Kolman, Esq.  *See* letter dated August 10, 2005, attached as Exhibit 2.  The August 10 Letter provided:

> Enclosed please find a copy of the Affidavit of Service showing personal service on Mr. Erik Schultz of the Subpoena for deposition and documents, scheduling his deposition for August 16, 2005 in Philadelphia, Pennsylvania.
>
> As I previously advised you by voicemail, if you wish to speak to me about this matter, please call my cell phone at 312-731-2433.

*Id.*  Plaintiffs' counsel did not receive any response from Mr. Schultz or his attorney.

On Friday, August 12, 2005, Plaintiffs' counsel received a voicemail and e-mail message from counsel for AstraZeneca, Trisha Lawson.  Ms. Lawson stated in her e-mail:  "I called earlier to let you know that it is my understanding that it is Erik Schultz's position that he was not served with the subpoena and therefore does not intend to appear on Tuesday."  *See* E-mail dated August 12, 2005, attached as Exhibit 3.  When asked how she knew whether or not Mr. Schultz intended to appear (in order to assess whether or not Plaintiffs' counsel should nonetheless travel to Philadelphia from Chicago for the deposition), Ms. Lawson stated:

> I spoke to them and was told that he would not be appearing Tuesday (and that he didn't get the subpoena).  I said I was going to let you know.
>
> I know your affidavit of service says he was personally served, but I wouldn't make the trip.

*See* e-mail dated August 13, 2005, attached as Exhibit 4.

Mr. Schultz's position continues to be wholly incredible and in direct contradiction to *three* Affidavits of Service from three process servers.  *See* Affidavits of Service, attached hereto as Exhibit 1 and as Exhibits H and O to Plaintiffs' original motion.  Mr. Schultz has no adequate excuse to disregard three Subpoenas.  *See* Fed. R. Civ. P. 45(f).  And, even if he believed he did have adequate excuse, he has completely failed to follow this Court's procedures for seeking

relief from the Subpoenas. *See Aetna Cas. & Sur. Co. v. Rodco Autobody*, 130 F.R.D. 2, 3 (D. Mass. 1990) ("If the witnesses considered that they had grounds not to appear, they were required to file a motion for a protective order.")

WHEREFORE, for the reasons set forth in Plaintiffs' Original Motion and based on the supplemental facts set forth above, Plaintiffs request that this Court grant Plaintiffs' Motion To Compel, order Erik Q. Schultz to appear for his deposition within 14 days, and award plaintiffs' costs and fees incurred in attempting to obtain Schultz's appearance for deposition.[1]

DATED:  August 15, 2005                By      /s/ **Steve W. Berman**
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

---

[1] To the extent this order is entered at such a point that the ordered date for Mr. Schultz's deposition will occur after August 31, 2005, or the date Track One discovery concludes, Plaintiffs also respectfully request leave to conduct Mr. Schultz's deposition outside of that deadline.

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **SUPPLEMENTAL FACTS IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF ERIK Q. SCHULTZ AND FOR ORDER ASSESSING FEES AND COSTS** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 15, 2005, a copy to Verilaw Technologies for Posting and notification to all parties

      By  **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292