**UNITED STATES DISTRICT COURT**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL. No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | Judge Patti B. Saris<br>Chief Mag. Judge Marianne B. Bowler |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL THE SUPPLEMENTATION OF ASTRAZENECA'S PRIVILEGE LOGS OR, IN THE ALTERNATIVE, TO COMPEL THE PRODUCTION OF INADEQUATELY DESCRIBED DOCUMENTS**

## I.      INTRODUCTION

In its Memorandum in Opposition to Plaintiffs' Motion to Compel the Supplementation of AstraZeneca Pharmaceutical LP's Privilege Logs or, in the Alternative, to Compel the Production of Documents ("Response" or "Opposition"), AstraZeneca ("AZ") merely offers blanket assurances that all of the documents in its privilege logs are privileged.  But such "assurances" – especially where, as here, they are not even provided under oath - cannot satisfy AZ's burden of establishing the attorney-client privilege and common-interest doctrine.  Because it is clear that AZ has utterly failed to meet its burden, Plaintiffs respectfully request that AstraZeneca be ordered to supplement its privilege logs within 10 days or, in the alternative, to produce the documents identified on its logs for which the Court finds the description to be inadequate.

## II.      ARGUMENT

Before filing this Motion to Compel, Plaintiffs conferred with counsel for AZ for over a year to attempt to resolve the problems with AZ's four privilege logs.  However, AZ largely dismissed Plaintiffs' concerns and tried to avoid its burden in establishing the applicability of the

attorney-client privilege. This pattern continues in its Response. For each and every one of the nearly 2,900 documents listed in its privilege logs, AZ must show that the particular communication is entitled to the designated protection. AZ has failed to do so.

### A. AstraZeneca Has Not Satisfied Its Burden Of Proving that the Attorney-Client Privilege Applies to Communications It Seeks to Withhold

As an initial matter, AstraZeneca claims that Plaintiffs did not wait for a response from AZ regarding "open issues" before filing this motion to compel. *See* Response at 3. In reality, even though Plaintiffs provided AZ with detailed information regarding necessary improvements to specific entries in each of AstraZeneca's four privilege logs prior to filing this Motion, Plaintiffs had been awaiting AZ's response to the most recent letter concerning Privilege Logs I and IV for over two months.

Further, AZ now (facing a motion to compel) claims that it has conducted a "painstaking" review of hundreds of documents in a good faith effort to address Plaintiffs' concerns. Not only did AZ fail to conduct this review during a meet and confer period involving at least fifteen letters, AZ has also not provided a detailed description of the nature of this review, nor are its assertions under oath. Indeed, AZ's bald-faced "assertions" should be looked on with particular suspicion given the cat and mouse game in which AZ has engaged Plaintiffs for over a year.

### B. AstraZeneca Has Not Met its Burden of Identifying the Individuals Listed in its Privilege Logs

AZ's only response to its failure to: (1) identify the capacities of the individuals; (2) provide proper names in lieu of cryptic symbols; and (3) give the names of members of groups is AZ's "promise" that the privilege applies to each and every one of the 2,900 documents listed in its four logs. These promises are patently inadequate. *See Moloney v. United States*, 204 F.R.D. 16, 20 (D. Mass. 2001) (quoting with approval 6 *Moore's Federal Practice*, §26.90[1] (Matthew Bender 3d ed.)). *See also In re Omeprazole Patent Litig.*, Case No. M-21-81 (BSJ), MDL

Docket No. 1291, 2005 U.S. Dist. LEXIS 6112, at *20 (S.D.N.Y. Feb. 18, 2005) (finding that the privilege claimant's burden cannot be "discharged by mere conclusory or ipse dixit assertions.") (quoting Von Bulow, 811 F.2d at 146 (quoting *In re Bonanno*, 344 F.2d 830, 833 (2d Cir. 1965))).

Indeed, AZ's own Response indicates exactly why such information is necessary.  AZ relies on *Upjohn Co. v. United States*, which extended the attorney-client privilege only to those "who will put into effect the client corporation's policy."  449 U.S. 383, 392 (1981).  As interpreted by the First Circuit, this means that, "[i]n essence, communications by employees to counsel acting at the direction of corporate superiors to secure legal advice are protected by the privilege."  *Spalding & Evenflo Cos. v. Wilson Sporting Goods Co.*, Case No. 97-30275-MAP, 1999 U.S. Dist. LEXIS 21966, *4 (D. Mass. June 9, 1999).  Likewise, in *Rivera v. Kmart Corp.*, a case also relied upon by AZ in its Response, the District of Puerto Rico conducted an in-depth analysis of allegedly privileged documents because they were:

> communications from individuals outside of Kmart's 'control group' with Kmart attorneys. Therefore, the Court [had to] determine whether the individuals who communicated with the attorneys [could] be considered corporate clients. Because a corporation acts through its officers, determining whose communications are the corporation's as client is an important issue. *A person's authority to speak or act on behalf of a corporation, however, will generally be a function of that person's position.*

190 F.R.D. 298, 301 (D.P.R. 2000) (emphasis added).  Both of these courts make clear that, without knowing the identities and capacities of the individuals, neither Plaintiffs nor this Court can determine whether a withheld communication was made among employees "who will put into effect the corporation's policy" or "by employees to counsel acting at the direction of corporate supervisors," nor whether the employees were considered "corporate clients...[with

the] authority to speak or act on behalf of a corporation."  *See Upjohn*, 449 U.S. at 392; *Spalding*, 1999 U.S. Dist. LEXIS 21966, at *4; *Rivera*, 190 F.R.D. at 301.[1]

### C. The Subject Matter Descriptions are Inadequate and Do Not Meet AZ's Burden of Asserting Privilege

AZ claims that its subject matter descriptions are adequate because its privilege logs use language such as "privileged communication reflecting legal advice."  But Plaintiffs have not claimed that they lack this language; instead, the problem identified by Plaintiffs is that many subject matter descriptions following this above-quoted language are too vague to determine whether these communications are privileged, particularly with regards to business-related topics such as "sales" and "marketing."[2]  Attached as Appendix J are the most egregiously inadequate subject matter descriptions found in AZ's privilege logs, with the language copied verbatim.[3] These are not isolated problems:  for example, AZ's privilege logs contained over one hundred

---

[1]    The other cases cited by AZ are distinguishable.  For example, the full quotation (of which AZ only used the first sentence) from *In re Grand Jury Subpoena*, a case where no privilege log was produced whatsoever, is as follows:

> Privilege logs do not need to be precise to the point of pedantry. Thus, a party who possesses some knowledge of the nature of the materials to which a claim of privilege is addressed cannot shirk his obligation to file a privilege log merely because he lacks infinitely detailed information. To the contrary, we read Rule 45(d)(2) as requiring a party who asserts a claim of privilege to do the best that he reasonably can to describe the materials to which his claim adheres.

274 F.3d 563, 576 (1st Cir. 2001).  Further, *Weeks v. Samsung Heavy Indus.* is distinguishable because only one document from the privilege log was at issue, and the court determined that this particular document was privileged because both individuals were employees of defendant.  1996 U.S. Dist. LEXIS 8554, at *4 (N.D. Ill. June 19, 1996).

[2]    Contrary to AZ's suggestion, bolstering such vague descriptions will not render the privilege worthless.  *See In re General Instrum. Corp. Securities Litig.*, 190 F.R.D. 527, 530 (N.D. Ill. 2000).

[3]    AZ claims that plaintiffs have improperly provided only parts of the descriptions contained in AZ's privilege logs.  With the exception of the single error identified by AZ, this is not accurate.  Indeed, since plaintiffs attached AZ's privilege logs in their entirety to the Motion, they clearly did not intend to mislead the Court.

pages of entries where the subject matter of the withheld communication is only identified as "contracting."

### D. AZ Has Not Met Its Burden Of Proving That All Withheld Communications By Robert Shaughnessy And Donald Sawyer Are Privileged

Plaintiffs' concerns regarding documents withheld reflecting alleged legal advice from Messrs. Sawyer and Shaughnessy stem from deposition testimony by AZ's own employees through which it became clear that Mr. Sawyer has held non-legal positions at AZ, and that Mr. Shaughnessy has provided non-legal business advice.  *See* Exhibits 17 and 18 from Memorandum in Support of Plaintiffs' Motion to Compel.  AZ does not dispute that Messrs. Shaughnessy and Sawyer provided non-legal advice at the company.  Despite this, AZ has refused to supplement its logs to show whether these in-house lawyers were, for *each* withheld communication, giving business or legal advice.  Plaintiffs have never suggested that an in-house lawyer may not give both; however, AZ must specify which is being given for every entry in its privilege logs.[4]

### E. AZ Has Not Met Its Burden Of Establishing the Applicability of the Common-Interest Doctrine

Yet again, AZ has attempted to avoid its burden by offering a blanket statement that the common-interest doctrine applies to hundreds of allegedly privileged communications with non-AZ employees regarding the Together Rx Program.  To permit AZ to shield hundreds of

---

[4]    For this reason, the cases cited by AZ are irrelevant.  *See Rivera,* 190 F.R.D. at 301 (permitting a "blanket objection" regarding five documents prepared at the request of counsel and only provided to high corporate officials and Kmart attorneys); *Coleman v. AmerBroadcasting Cos.,* 106 F.R.D. 201, 206 (D.D.C. 1985) (stating that "Business and personal advice are not covered by the privilege," and finding that "there has been an ample showing that the communications between the management officials of ABC, Inc. and their in-house counsel related to the giving of legal advice independent of whether business ramifications might have been involved."); *Potter v. United States*, No. 02-CV-06320H (POR), 2002 U.S. Dist. LEXIS 20031, *14 (S.D. Cal. July 26, 2002) (finding that business and legal advice can be intertwined, but the privilege must still be plead fully for each document).  These cases merely show that business advice can intertwine with advice that is predominantly legal.  Plaintiffs do not dispute this; however, AZ's privilege logs are so vague that it is impossible to evaluate this issue fully.

documents from discovery without complying with the specific requirements of asserting the common-interest privilege would be contrary to the law in this District.  *See Ken's Foods, Inc. v. Ken's Steak House, Inc.*, 213 F.R.D. 89, 93 (D. Mass. 2002) (requiring a party to establish that the communication is (1) privileged; and (2) entitled to protection from waiver under the common-interest doctrine).  Contrary to AZ's implication, it is *not* Plaintiffs' burden to prove that these communications are *not* privileged.

### III.    CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that their Motion to Compel be granted, and that AstraZeneca be ordered to supplement its logs within 10 days or, in the alternative, to produce the documents identified on its logs for which the description is deemed inadequate, and for such other and further relief as this Court deems appropriate.

Dated:  August 15, 2005

Respectfully Submitted,

By: _____
Kenneth A. Wexler
Jennifer Fountain Connolly
**The Wexler Firm LLP**
One N. LaSalle, Suite 2000
Chicago, IL  60602
(312) 346-2222

Elizabeth A. Fegan
**Hagens Berman Sobol Shapiro LLP**
60 W. Randolph, Suite 200
Chicago, IL  60601
(312) 762-9235

## CERTIFICATE OF SERVICE BY VERILAW

Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on August 15, 2005, I caused copies of *Reply in Support of Plaintiffs' Motion to Compel the Supplementation of AstraZeneca's Privilege Logs Or, In The Alternative, to Compel the Production of Inadequately Described Documents* to be served on all counsel of record by causing same to be posted electronically via Verilaw.

Jennifer Fountain Connolly