```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE<br>LITIGATION | )<br>)<br>)<br>) MDL NO. 1456<br>) |
| THIS DOCUMENT RELATES TO:<br><br>*Int'l Union of Operating*<br>*Eng'rs, Local No. 68 Welfare*<br>*Fund v. AstraZeneca PLC*<br>*et al.,*<br>Civ. Action No. 04-11503-PBS | ) CIVIL ACTION NO. 01-12257-PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

August 19, 2005

Saris, U.S.D.J.

**I.   INTRODUCTION**

Plaintiffs have moved to remand this action to state court arguing, among other things, that all defendants did not consent to removal, and that AstraZeneca's counsel made misrepresentations in Court pleadings.  Defendants retort with claims of fraudulent joinder.  Prior to transfer by order of the multi-district litigation panel, the trial judge denied the motion to remand without prejudice to reconsideration by the MDL court.

Plaintiffs challenge certain statements made in the Notice of Removal filed on behalf of AstraZeneca Pharmaceuticals L.P. filed on July 3, 2003.  In the notice of removal, signed by David J. Cooner of McCarter & English, LLP, AstraZeneca states:

Consent to removal is required only for served

> defendants. AstraZeneca has conducted a reasonably diligent inquiry, and based on this investigation, is informed and believes that, as of the date of this Notice, none of the other named defendants has been serve [sic] with the Class Action Complaint. <u>Counsel for AstraZeneca is further informed and believes, based on this investigation, that all defendants will consent to this removal and join herein following the service of process</u>.

(Notice of Removal at ¶ 19 (emphasis added).)

Defendants Saad Antoun, M.D. and Stanley C. Hopkins, M.D., filed joinders in plaintiff's motion to remand, or, in the alternative, motions to remand pursuant to 28 U.S.C. § 1448. Dr. Hopkins' joinder states:

> 6. Dr. Hopkins has not provided his consent to removal, although his consent was sought by counsel for AstraZeneca.
> 7. The undersigned clearly verbally communicated Dr. Hopkins's denial of consent to federal court jurisdiction to counsel for AstraZeneca, and to counsel for plaintiff.

(Hopkins Joinder at ¶¶ 6-7.) Dr. Antoun's joinder states:

> 5. Dr. Antoun has not provided his consent to removal, although his consent was sought by counsel for AstraZeneca.
> 6. The undersigned clearly communicated Dr. Antoun's denial of consent to federal court jurisdiction verbally to counsel for AstraZeneca, and to counsel for plaintiff.

(Antoun Joinder at ¶¶ 5-6.)

Attorney D. Scott Wise of Davis Polk & Wardell filed an affidavit with this Court on May 4, 2005, describing the investigation undertaken. The morning of July 3, 2003, before filing the notice of removal, Mr. Wise emailed the corporate defendants inquiring whether they had received service and also

2

whether they would consent to removal. (Wise Aff. ¶ 4.) Mr. Wise states that his firm contacted counsel for Dr. Hopkins and counsel for Dr. Antoun to inquire whether each had received the complaint. (Wise Aff. ¶¶ 9, 11.) Mr. Wise's firm reached counsel for Dr. Hopkins and was informed that counsel did not believe service had been made, but Mr. Wise makes no mention of whether consent to removal was sought. (Wise Aff. ¶ 9.) Mr. Wise reports that he was unable to reach counsel for Dr. Antoun. (Wise Aff. ¶ 11.)

AstraZeneca describes how in other AWP-related cases filed by these attorneys, "individual defendants refused to consent to removal, and then settled with plaintiff's counsel for no apparent consideration other than 'cooperation' in the prosecution of the suit." (Supp. Mem. in Opp. at 13.)

Fed. R. Civ. P. 11(b) requires that by presenting a pleading to the Court, an attorney certifies that

> to the best of the [attorneys'] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Rule 11(c)(1)(B) provides: "On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto."

It appears that the investigation undertaken by AstraZeneca's attorneys before filing the notice of removal either revealed nothing about the consent of the doctors or revealed that the doctors explicitly did not consent.  Within 30 days, AstraZeneca shall submit an affidavit explaining the factual basis for its statement in the notice that "all defendants will consent to this removal and join herein following the service of process."  Counsel shall also inform the Court whether he disputes the statements made by the doctors' lawyers.

AstraZeneca argues that the circumstances suggest that the joinder of the doctors was fraudulent.  It urges that it be given the opportunity to pursue discovery.[1]  All discovery on the claim of fraudulent joinder shall be completed within 60 days.

If necessary, the Court will schedule an evidentiary hearing to resolve these fact disputes.

**S/PATTI B. SARIS**
United States District Judge

---

[1]  Dr. Antoun's motion to quash was not acted upon by the New Jersey court prior to transfer.