UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION _____ THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 _____ | ) ) ) ) ) ) ) ) ) ) MDL No. 1456  CIVIL ACTION: 01-CV-12257-PBS  Judge Patti B. Saris  Chief Magistrate Judge Marianne B. Bowler |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF OBJECTIONS TO ORDER DENYING MOTION TO COMPEL DEFENDANTS' CORRESPONDENCE WITH PUTATIVE CLASS MEMBERS**

In their opposition to Plaintiffs' objections and motion, Defendants:

- Do not cite a single case holding that their litigation-related communications with putative class members are protected from discovery.

- Do not cite any policy reasons supporting why these highly relevant communications should be cloaked.

- Fail to acknowledge Plaintiffs' argument that the communications are relevant because Plaintiffs are entitled to review these communications to determine what documents are being made available to Defendants in response to the subpoenas, and what documents Defendants decided not to select and copy, as well as to determine what Defendants are telling these class members about the case and what they intend to cover in depositions, among other things.

- Do not make any argument that producing this material will be burdensome (because it will not be).

Defendants can only cite to a ruling that was never made, as the Court did not address Defendants' correspondence with putative class members when the Court ruled that at least some discovery of these class members could move forward. While Defendants admit that the Court's April 26, 2004, Order denied the motion "for the reasons stated in open Court" (*see* Defs. Mem. at 2), Defendants fail to address the **undeniable fact** that the transcript from the March 8th hearing plainly demonstrates that, at that hearing, correspondence with class members was **never** discussed by anyone – not Plaintiffs, Defendants or the Court. Thus, Plaintiffs are not seeking to "relitigate the issue," as Defendants charge. (Defs. Mem. at 2). Plaintiffs respectfully submit that, because the Court never ruled on this issue, there is nothing to relitigate.

Defendants attempt to distinguish Plaintiffs' persuasive supporting cases by asserting that the opinions either concerned class discovery generally or involved situations where defendants engaged in improper communications. (Defs. Mem. at 3.) But this is a distinction without a difference, as these authorities demonstrate that a defendant's litigation-related communications with putative class members should be disclosed **as a matter of course** in order to protect the integrity of the proceedings. Plaintiffs have not located any case holding otherwise; nor have Defendants.

Finally, Defendants claim that they are not engaging in any wrongdoing. (Defs. Mem. at 4.) Yet, they continue to refuse to produce this material. Because the communications at issue are relevant, not protected from disclosure and not burdensome to produce, Defendants' failure to produce – coupled with the lengths they have gone to fight such a production – raises a significant red flag.

The information sought is plainly relevant, and producing it will not in any way impede Defendants' discovery efforts or cause any undue burden. For the reasons set forth above and in Plaintiffs' opening memorandum, the Court should sustain Plaintiffs' objection to the Chief Magistrate Order and grant Plaintiffs' Motion to Compel.

DATED: November 30, 2004.          By___/s/ Steve W. Berman_____
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
    Hagens Berman LLP
    One Main Street, 4th Floor
    Cambridge, MA  02142
    Telephone: (617) 482-3700
    Facsimile: (617) 482-3003
    **LIAISON COUNSEL**

    Steve W. Berman
    Sean R. Matt
    Hagens Berman LLP
    1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
    Telephone: (206) 623-7292
    Facsimile: (206) 623-0594

    Jeffrey Kodroff
    John Macoretta
    Spector, Roseman & Kodroff, P.C.
    1818 Market Street, Suite 2500
    Philadelphia, PA  19103
    Telephone: (215) 496-0300
    Facsimile: (215) 496-6611
    **CHAIRS OF LEAD COUNSEL COMMITTEE**

    Samuel Heins
    Heins, Mills & Olson, P.C.
    3550 IDS Center
    80 South Eighth Street
    Minneapolis, MN  55402
    Telephone: (612) 338-4605
    Facsimile: (612) 338-4692

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
**MEMBERS OF LEAD COUNSEL COMMITTEE AND EXECUTIVE COMMITTEE**

1534.16 0122 MTN.DOC

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' OBJECTION TO ORDER DENYING MOTION TO COMPEL DEFENDANTS' CORRESPONDENCE WITH PUTATIVE CLASS MEMBERS** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on November 30, 2004, a copy to Verilaw Technologies for Posting and notification to all parties

By_____/s/ Steve W. Berman_____
Steve W. Berman
**HAGENS BERMAN LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
(206) 623-7292