UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 01-12257-PBS |

## NON-PARTY EMPIRE BLUE CROSS BLUE SHIELD'S MOTION TO QUASH SUBPOENA SEEKING DEPOSITION TESTIMONY AND FOR A PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 45(c)(3), Empire Blue Cross Blue Shield ("Empire"), a non-party in this action, hereby moves that the Rule 30(b)(6) deposition subpoena (the "Subpoena") served upon it by Defendants Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc. ("Defendants"), be quashed and a protective order entered not to require Empire to provide deposition testimony pursuant to the Subpoena because the subject matter of the deposition testimony sought by Defendants is no longer relevant to any of the issues in this case as a result of this Court's denial of the plaintiffs' motion to certify a nationwide class of consumers and third-party payers.

As grounds for this Motion, Empire states as follows:

1.      Empire is a New York-based health insurer whose business is mainly limited to twenty-eight (28) counties in eastern New York State. Empire is not a party in this action. On or about July 21, 2005, Defendants served the Subpoena (a copy of which is attached as Exhibit A) on Empire pursuant to Fed. R. Civ. P. 30, 34 and 45 requesting the production of documents and seeking deposition testimony of Empire by a person or persons designated pursuant to Fed. R. Civ. P. 30(b)(6). The Subpoena requested the production of documents and sought deposition testimony relating to Empire's reimbursement for chemotherapy drugs, services or treatments provided to Empire's subscribers.

2.        On August 4, 2005, Empire served its responses and objections to the Subpoena on Defendants' counsel.  A copy of Empire Responses and Objections to the Subpoena is attached as Exhibit B.

3.        After conferring in a good faith effort to narrow or resolve the areas of disagreement between the parties, Defendants agreed to postpone the deposition of Empire noticed for August 11, 2005 and to limit the scope of their document requests.  *See* Letters from Eric P. Christofferson to Theodore M. Hess-Mahan, dated August 10, 2005, attached hereto as Exhibit C.  Empire has produced all documents in its possession, custody or control that are responsive to the document requests in the Subpoena, as further described and limited in a letter from Defendants' Counsel.  *See* Exhibit C.

4.        On August 16, 2005, this Court issued an Order (the "Order") denying in part and granting in part plaintiffs' motion for class certification.  In its Order, the Court stated in relevant part that:

> The motion to certify a nationwide class of TPPs that pay MediGap supplemental insurance to cover Medicare co-payments is DENIED, but the Court will certify a statewide class under Mass. Gen. Laws ch. 93A. The motion to certify a nationwide class of TPPs and consumers paying for physician-administered drugs in the private context based on AWP is DENIED, but the Court will certify a statewide class for brand-name drugs and those generic drugs for which reimbursement was explicitly based on AWP, not MAC pricing. The motion to certify a nationwide class of consumers and TPPs paying for self-administered drugs is DENIED.

5.        In light of this Court's Order, it appears that the discovery sought from Empire is no longer relevant.  Empire is a New York-based health insurer whose business is primarily limited to eastern New York State, and therefore has no more than a small percentage of its subscribers in Massachusetts (e.g., subscribers who moved to Massachusetts before terminating their Empire

coverage or who required treatment while traveling in Massachusetts), and it is only those subscribers who, it seems, may be members of the certified statewide class.

6.  Empire designated two management level personnel to testify on its behalf pursuant to the Subpoena.  *See* Letter from Theodore M. Hess-Mahan to Eric P. Christofferson, dated August 23, 2005, attached hereto as Exhibit D.  Due to their current professional obligations and pre-existing vacation schedules, however, their availability to testify prior to the August 31, 2005 deadline for completing discovery is extremely limited.  In light of the Court's Order and the now limited relevance, if any, of the discovery sought, as well as the substantial burden imposed on Empire to make these witnesses available to testify, there is no longer sufficient justification or necessity for taking their depositions to outweigh the undue burden imposed on Empire and its personnel.

7.  The parties' counsel have conferred in a good faith effort to narrow or resolve the issues raised in this motion.  The parties were unable to reach agreement.

WHEREFORE, Empire respectfully requests that this Court enter an order to quash the Subpoena and enter a protective order not to require Empire to provide deposition testimony pursuant to the Subpoena

Dated: August 26, 2005                    EMPIRE BLUE CROSS BLUE SHIELD

By its attorneys,

**/s/Theodore M. Hess-Mahan**
Thomas V. Urmy, Jr. (BBO #506620)
Theodore M. Hess-Mahan (BBO #557109)
Todd S. Heyman (BBO #643804)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, Massachusetts 02109
(617) 439-3939

## **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 37.1**

I hereby certify that the parties' counsel conferred in a good faith effort to narrow or resolve the issues raised in this motion. Empire's attorney Theodore M. Hess-Mahan conferred with Defendants' attorney, Eric P. Christofferson, by telephone for approximately fifteen minutes in the morning and for approximately fifteen minutes in the afternoon on August 24, 2005. The parties were unable to reach agreement.

**/s/Theodore M. Hess-Mahan**
Theodore M. Hess-Mahan