# HOGAN & HARTSON

L.L.P.

STEVEN M. EDWARDS
PARTNER
(212) 918-3506
SMEDWARDS@HHLAW.COM

July 21, 2005

875 THIRD AVENUE
NEW YORK, NEW YORK 10022
TEL (212) 918-3000
FAX (212) 918-3100
WWW.HHLAW.COM

*BY HAND DELIVERY*

Empire Blue Cross Blue Shield
11 West 42nd Street
New York, New York 10036

Re: **In re Pharmaceutical Industry Average Wholesale Price Litigation**

To Whom it May Concern:

Enclosed please find a Subpoena requiring (i) Empire Blue Cross Blue Shield's production of documents as set forth in Schedule B to the Subpoena, and (ii) deposition testimony by a representative(s) of Empire Blue Cross Blue Shield on the topics set forth in Schedule C to the Subpoena. I am also enclosing a check for a witness fee of $45.

Should you have any questions or concerns relating to the Subpoena, please feel free to contact my associates, Jessica Feingold (212-918-3636) or Craig Cronheim (202-637-6828).

Sincerely,

Steven M. Edwards

Enclosures

cc: All counsel of record via Verilaw

WASHINGTON, DC

BERLIN   BRUSSELS   LONDON   PARIS   BUDAPEST   PRAGUE   WARSAW   MOSCOW   BEIJING   TOKYO
NEW YORK   BALTIMORE   McLEAN   MIAMI   DENVER   BOULDER   COLORADO SPRINGS   LOS ANGELES

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) MDL No. 1456 |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | ) Civil Action No. 01-CV-12257 PBS ) ) Judge Patti B. Saris ) |

## NOTICE OF SUBPOENA AND 30(B)(6) DEPOSITION

PLEASE TAKE NOTICE that pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure and the attached subpoena served upon Empire Blue Cross Blue Shield ("Empire"), Bristol-Myers Squibb Company, Oncology Therapeutics Network Corporation and Apothecon, Inc., by its attorneys, on behalf of itself and all defendants to the Second Amended Master Consolidated Class Action Complaint in the above-captioned case, will take the oral deposition of Empire before a notary public, or any other officer authorized to administer oaths, in the offices of Hogan & Hartson L.L.P., 875 Third Avenue, New York, New York 10022 on August 11, 2005 beginning at 9:30 a.m. and continuing on successive days as necessary. Such deposition will be recorded by stenographic means.

Empire shall designate one or more officers, agents, or other persons who can testify on its behalf with respect to the matters set forth in Schedule C to the attached subpoena. The deposition is being taken for the purposes of discovery, for use at trial, and for such other purposes as are permitted under the Federal Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 45 and Rule 34 of the Federal Rules of Civil Procedure, on August 4, 2005, Empire shall produce at the above-

mentioned location for inspection or copying the documents described in Schedule B annexed to the attached Subpoena.

Dated: July 21, 2005

By Attorneys,

HOGAN & HARTSON LLP
875 Third Avenue
New York, NY 10022
Tel: (212) 918-3000
Fax: (212) 918-3100

_____
Steven M. Edwards

*Attorneys for Bristol-Myers Squibb Company, Oncology Therapeutics Network Corp., and Apothecon, Inc.*

## CERTIFICATE OF SERVICE

I Jessica P. Feingold, hereby certify that on this 21st day of July 2005, I caused to be served true and correct copies of the foregoing Notice of Subpoena and 30(b)(6) Deposition with attached Subpoena In A Civil Action and schedules on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending a copy to Verilaw Technologies for posting and notification to all parties.

                                                                                         */s/ Jessica P. Feingold*
                                                                                         Jessica P. Feingold

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | **SUBPOENA IN A CIVIL CASE**<br><br>MDL NO. 1456<br><br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO THE MASTER CONSOLIDATED CLASS ACTION | Judge Patti B. Saris<br>(case pending in D. Mass.) |

TO: Empire Blue Cross Blue Shield
11 West 42nd Street
New York, New York 10036

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hogan & Hartson L.L.P.<br>875 Third Avenue<br>New York, New York 10022 | August 11, 2005<br>at 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Schedules A and B, attached hereto

| PLACE<br>Hogan & Hartson L.L.P.<br>875 Third Avenue<br>New York, New York 10022 | DATE AND TIME<br><br>August 4, 2005 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and specified time.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT

*[signature]* July 21, 2005
*Steven M. Edwards, attorney for defendant BMS*

Attorney for Defendants Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc. on behalf of all defendants to the Second Amended Master Consolidated Class Action Complaint

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: Steven M. Edwards, Hogan & Hartson, 875 Third Avenue, New York, NY 10022. (212) 918-3000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i)   fails to allow reasonable time for compliance;
   (ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv)   subjects a person to undue burden.

(B) If a subpoena

   (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii)   requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

\\\\NY - 58559/0059 - 904610 v1

## SCHEDULE A

## DEFINITIONS

1. "Empire Blue Cross Blue Shield" ("Empire") means Empire and any of its past or present trustees, officials, officers, fiduciaries, representatives, agents, assigns, attorneys, employees, divisions, departments, affiliates, and all other persons or entities acting or purporting to act on its behalf or under its control.

2. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

3. "Chemotherapy drug" means any drug whose primary purpose is to treat cancer or to treat the side effects of such cancer drugs, including but not limited to: Adriamycin PFS, Adriamycin RDF, Adrucil, Alkeran, Anzemet, Aranesp, Arimidex, Blenoxane, Bleomycin Sulfate, Camptosar, Carafate, Casodex, Cisplatin, Cytarabine (Cytosar-U), Cytoxan, Doxorubicin, Ellence, Etopophos, Etoposide, Femara, Gammagard SD, Gammar, Gammar P-IV, Idamycin, Intron-A, Kytril[1], Leucovorin Calcium, Leukeran, Lorazepam, Methotrexate Sodium, Mithracin, Navelbine, Neosar, Neulasta, Neupogen, Nolvadex, Novantrone, Paraplatin, Procrit, Rubex, Taxol, Taxotere, Temodar, Thioplex, Toposar, Vepesid, Vincasar PFS, Vinblastine Sulfate, Zofran, and Zoladex. "Chemotherapy drug" includes any cost relating to the acquisition or administration of such drug.

4. "Chemotherapy service" means any service provided to or for the benefit of chemotherapy patients by either physicians or non-physicians, including, but not limited to: nutrition counseling; social worker services; psychological support services; skilled nursing

---

[1] Limited to National Drug Codes 00029-4149-01, 00029-4152-01, 00029-4151-39, and 00029-4151-05.

services; services related to the storage, handling, mixing and administration of chemotherapy drugs; and services related to the facilities necessary to provide any other chemotherapy service or administer any chemotherapy drugs. "Chemotherapy service" includes any cost relating to the provision of such service.

5. "Chemotherapy treatment" means any combination of chemotherapy drugs and chemotherapy services used by physicians to treat cancer. "Chemotherapy treatment" includes any cost relating to the provision of such treatment.

6. "Community-based clinic" means any physician facility, other than a general acute care hospital, at which cancer treatment is provided, including but not limited to individual physician offices, cancer centers, group physician practice facilities, and freestanding clinics.

7. "Concerning" means referring to, describing, evidencing, or constituting.

8. "Document" means the original and each non-identical copy of a document in any medium, including electronic form, whether or not it was communicated to any person other than the author, and shall include but not be limited to, writings, printings, photographs, photocopies, tapes, recordings, video recordings, electronic data, e-mails, and any other symbolic representations in your possession, custody, or control or known or believed by you to exist.

9. "Person" means any natural person or any business, legal, or governmental entity or association.

10. "Physician" means any individual practicing physician or group of physicians, whether operating as a solo practitioner, a member or employee of a group practice, an affiliate or employee of a hospital, or in any other capacity.

11. "Relating" means in any way concerning or referring to, consisting of, involving, regarding, or connected with the subject matter of the request.

12. "You" or "your" shall refer to Empire.

## SCHEDULE B

## INSTRUCTIONS

1. Unless otherwise specifically stated, the requests below refer to the period of January 1, 1988 to the present.

2. The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of verb shall include within its meaning all other tenses of the verb.

3. Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you have sought to do so.

4. If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document. If the document has been destroyed, state the reason for destruction.

5. Provide the following information for each document withheld on the grounds of privilege:

(a)  its date;

(b)  its title;

(c)  its author;

(d)  its addressee;

(e)  the specific privilege under which it is withheld;

(f)  its general subject matter; and

(g)  a description of it that you contend is adequate to support your contention that it is privileged.

6.  These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial.

7.  The documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.

8.  To the extent that you consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which you object and each ground for each objection.

## DOCUMENTS TO BE PRODUCED

1.   Any documents describing any plan or strategy considered or pursued by Empire in negotiating the amounts to be paid to physicians for chemotherapy drugs, chemotherapy services, or chemotherapy treatments.

2.   Any documents relating to any plan or strategy considered or pursued by Empire to encourage physicians to administer chemotherapy drugs, chemotherapy services, or chemotherapy treatments on an outpatient basis at community-based clinics.

3.   Documents sufficient to show Empire's estimated or actual profits with respect to medical benefits for chemotherapy treatments

4.   Documents sufficient to show Empire's estimated or actual profits with respect to medical benefits for chemotherapy treatments since January 1, 1988 (a) on an inpatient basis at hospitals, or (b) on an outpatient basis at hospitals.

## SCHEDULE C

## DEPOSITION TOPICS

1. Any plan or strategy considered or pursued by Empire in negotiating the amounts to be paid to physicians for chemotherapy drugs, chemotherapy services, or chemotherapy treatments since January 1, 1988.

2. Any plan or strategy considered or pursued by Empire to encourage physicians to administer chemotherapy drugs, chemotherapy services, or chemotherapy treatments on an outpatient basis at community-based clinics since January 1, 1988.

3. Empire's estimated or actual profits with respect to medical benefits for chemotherapy treatments since January 1, 1988.

4. Empire's estimated or actual profits with respect to medical benefits for chemotherapy treatments since January 1, 1988 (a) on an inpatient basis at hospitals, or (b) on an outpatient basis at hospitals.

5. Empire's negotiations, plans or strategies relating to trade-offs or relationships between physicians' profit margin on reimbursement for drugs versus reimbursement for services provided in administering chemotherapy treatment, for the time period January 1, 1988 to the present.

6. Empire's role as a carrier under Medicare Part B.