

ROPES & GRAY LLP
ONE INTERNATIONAL PLACE   BOSTON, MA 02110-2624   617-951-7000   F 617-951-7050
BOSTON   NEW YORK   PALO ALTO   SAN FRANCISCO   WASHINGTON, DC   www.ropesgray.com

August 10, 2005

Eric P. Christofferson
(617) 951-7976
eric.christofferson@ropesgray.com

**BY FIRST-CLASS MAIL**

Theodore M. Hess-Mahan, Esq.
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109

Re:  In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL 1456

Dear Ted:

On behalf of Defendants in the above-referenced litigation, I hereby confirm our agreement to postpone the deposition of Empire Blue Cross Blue Shield that has been noticed for August 11, 2005. The deposition will be postponed until another date on or before August 31, 2005.

Very truly yours,

Eric P. Christofferson


cc:   All Counsel of Record via Verilaw


9792190_1.DOC



ROPES & GRAY LLP
ONE INTERNATIONAL PLACE     BOSTON, MA 02110-2624     617-951-7000     F 617-951-7050
BOSTON     NEW YORK     PALO ALTO     SAN FRANCISCO     WASHINGTON, DC     www.ropesgray.com

August 10, 2005

Eric P. Christofferson
(617) 951-7976
eric.christofferson@ropesgray.com

**BY FIRST-CLASS MAIL**

Theodore M. Hess-Mahan, Esq.
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109

Re:  In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL 1456

Dear Ted:

I appreciate having had the opportunity to speak with you and Lou Benza this morning regarding the subpoena dated July 21, 2005 and served on Empire Blue Cross Blue Shield ("Empire") for the production of documents and 30(b)(6) deposition testimony (the "Subpoena").  I write to confirm the understandings we reached this morning regarding Empire's objections and responses.

In good faith and without waiving any rights Defendants have under the Subpoena, we agreed that Empire will search for and produce responsive, high-level documents related to the following: Empire's analysis, business strategies, and/or communications regarding its costs of providing reimbursement for chemotherapy services in hospital or "in-patient" settings versus physician-office or clinical settings, as well as programs or products designed to encourage the utilization of physician-office administration of chemotherapy services over hospital or in-patient administration.

We also discussed another topic: Empire's analysis, business strategies, and/or communications regarding the trade-offs and/or relationship between reimbursement for chemotherapy drug costs versus reimbursement for chemotherapy services in the physician-office or clinical setting.  I understand that, with respect to this topic, Empire's position is that it has already produced any documents responsive to this topic pursuant to prior discovery requests in this litigation.  Without taking a position and reserving our rights, we agree that Empire is not required to produce documents related to this topic while we investigate whether responsive documents were indeed produced previously.

Furthermore, we agreed that you will inquire as to whether Empire can independently identify profits derived from the provision of reimbursement of medical benefits for chemotherapy

9792219_1.DOC

Theodore M. Hess-Mahan, Esq.     - 2 -     August 10, 2005

treatments, although both you and Mr. Benza believe that Empire cannot and does not track its profits in this way.

Finally, we agreed that Empire is not required to respond to the Subpoena to the extent it requests documents and deposition testimony related to Empire's role as a carrier under Medicare Part B because Empire is not a carrier under Medicare Part B (the entity in question is a separate and independent entity).

We appreciate that Empire is aware of the approaching discovery deadline of August 31, 2005, and I look forward to speaking with you again soon about Empire's responses.

Very truly yours,

Eric P. Christofferson

cc:   John T. Montgomery

9792219_1.DOC