# SHAPIRO HABER & URMY LLP

Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Theodore M. Hess-Mahan
Todd S. Heyman
Matthew L. Tuccillo

*Counsel*

Lawrence D. Shubow
Alfred J. O'Donovan

E-mail:
ted@shulaw.com

August 23, 2005

**BY HAND**
Eric Christofferson
Ropes & Gray
One International Place
Boston, MA 02110

Re:   In re AWP Litigation, MDL 1456
      Empire Blue Cross Blue Shield Subpoena

Dear Eric:

Empire Blue Cross Blue Shield ("Empire") has conducted a diligent and comprehensive search for documents responsive to defendants' subpoena dated July 21, 2005 (the "Subpoena"), as further described and limited in your letter to me dated August 10, 2005. I enclose herewith documents produced pursuant to the Subpoena, Bates Nos. E 29546 - E 29653. These documents are responsive to Request Nos. 1 and 2. Empire does not have documents responsive to Requests Nos. 3 and 4. Please note that all of the enclosed documents have been designated "Highly Confidential" pursuant to the protective order entered in the above-referenced action.

Pursuant to Fed. R. Civ. P. 30(b)(6), Empire designates the following witnesses to testify on its behalf regarding the following areas set forth in your August 10, 2005 letter: (1) Elizabeth Rubin, Assistant Vice President Health Care Economics, to testify regarding "Empire's analysis, business strategies and/or communications regarding its costs of providing reimbursement for chemotherapy services in hospital or 'in-patient' settings versus physician-office or clinical settings"; and (2) Mary Picerno, Assistant Vice President National Accounts & Health Services, regarding "programs or products designed to encourage the utilization of physician-office administration of chemotherapy services over hospital or in-patient administration."

Empire's in-house counsel has confirmed for me that Empire does not track and cannot identify "profits" derived from the provision of reimbursement of medical benefits for chemotherapy treatments. Accordingly, Empire is unable to designate a witness who can testify on its behalf in this area.

Given the August 31, 2005 discovery deadline and their current work obligations and previously scheduled vacations, these witnesses have very limited availability. Ms. Rubin is

SHAPIRO HABER & URMY LLP

Eric Christofferson
August 23, 2005
Page 2

available to be deposed in New York, New York on Friday, August 26, 2005. Ms. Picerno is on vacation this week but is available to be deposed on Tuesday, August 30, 2005 after 11:00 a.m. Please also note that Ms. Picerno is in Empire's Albany, New York office and it would therefore be more convenient for her to be deposed in Albany.

Finally, it has just come to my attention today that on August 16, 2005, Judge Saris entered an order denying plaintiffs' motion to certify a nationwide class of third-party payers and instead has certified a limited, statewide class under M.G.L. ch. 93A. Based on my preliminary review of the court's decision, it appears that the discovery sought from Empire is no longer relevant, since Empire is a New York-based health insurer whose business is primarily limited to twenty-eight (28) counties in eastern New York State, and therefore has an extremely limited number of subscribers in Massachusetts (*e.g.*, subscribers who moved to Massachusetts before terminating their Empire coverage or who required treatment while traveling in Massachusetts), and it is only those latter few subscribers who, it seems, may be members of the certified statewide class. In short, Judge Saris's class certification decision, which was issued several weeks after the Subpoena was served on Empire, appears to have effectively preempted the defendants' purpose in serving the Subpoena in the first place.

In light of the court's recent class certification decision and the now limited relevance, if any, of the discovery sought, as well as the substantial burden imposed on Empire to make these witnesses available to testify, it appears there is no longer sufficient justification or necessity for taking their depositions. Empire therefore requests that defendants withdraw their Subpoena seeking Rule 30(b)(6) deposition testimony from Empire. If you disagree with this conclusion, please explain to me at your earliest convenience why you think it is still necessary to take a Rule 30(b)(6) deposition of Empire pursuant to the Subpoena.

Sincerely,

Theodore M. Hess-Mahan

SHAPIRO HABER & URMY LLP

Eric Christofferson
August 23, 2005
Page 3

bcc:   Louis Benza, Esq. (by fax and overnight delivery) (w/enclosures)