UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS ) ) ) ) | Judge Patti B. Saris |

### GLAXOSMITHKLINE'S MOTION TO STRIKE PLAINTIFFS' OPPOSITION TO, OR FOR LEAVE TO FILE A REPLY IN SUPPORT OF, MOTION FOR PROTECTIVE ORDER TO PROHIBIT THE DEPOSITIONS OF ATTORNEYS URSULA BARTELS AND ADRIANNA CARTER

Pursuant to Local Rule 7.1 and Case Management Order No. 10 ("CMO 10"), defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") hereby respectfully moves to strike Plaintiffs' Opposition ("Plaintiffs' Opposition") to GSK's Motion for a Protective Order to Prohibit the Depositions of Ursula Bartels and Adrianna Carter ("Motion for Protective Order") as untimely. In the alternative, GSK hereby moves for leave to file a brief Reply to Plaintiffs' Opposition, to correct the numerous factual and legal mischaracterizations included therein and to assist the Court in its adjudication of the Motion for Protective Order.

### Plaintiffs' Opposition Is Untimely And Must Be Stricken

1. CMO 10, paragraph 7, expressly states that "[a]ny motion for a protective order shall be filed at least five working days before the scheduled deposition; any response shall be filed within two working days." The deadlines for filing a motion, and an opposition thereto, that are set forth in CMO 10, which was entered by the Court on March 25, 2004, supersede the time for filing an opposition allowed by the Local Rules (14 days). See L.R. 7.1(b)(2).

2. In accordance with CMO 10, GSK filed the Motion for Protective Order, and served all counsel of record by Verilaw, on August 3, 2005, at least five working days before the deposition dates noticed by plaintiffs for Ms. Carter (August 11) and Ms. Bartels (August 12).

3. Plaintiffs' Opposition, filed on August 17, 2005, missed the deadline set forth in CMO 10 by several days and should be stricken from the record. Plaintiffs did not seek an extension of time to respond to the Motion for Protective Order, and have provided absolutely no justification for their tardiness.

4. There is no reason why this Court should not hold plaintiffs, who pressed for "specific and firm [discovery] rules" that would supersede the Local Rules and the Federal Rules of Civil Procedure and that would "apply equally to all parties," to the unambiguous terms of CMO 10. See Plaintiffs' Memorandum in Support of Entry of Proposed Case Management Order Regarding Phased Discovery and Related Issues, dated March 16, 2004.

5. Acceptance of Plaintiffs' Opposition would only affirm plaintiffs' cavalier approach to the discovery rules in CMO 10. This Court should strike Plaintiffs' Opposition from the record and enter an Order prohibiting the depositions of Adrianna Carter and Ursula Bartels on the grounds set forth in the Motion for Protective Order.

### GSK's Brief Reply Is Necessary And Will Assist The Court

6. In the event that Plaintiffs' Opposition is permitted to stand, GSK respectfully moves, pursuant to Local Rule 7.1(b)(3), for leave to file a brief Reply, submitted herewith.

7. Plaintiffs' Opposition mischaracterizes both the law and the facts pertinent to the Motion for Protective Order. Among other things, Plaintiffs' Opposition falsely implies that the reason a former GSK employee has indicated he will assert his Fifth Amendment privilege against self-incrimination is due to his activities as a former GSK product manager from 1992 to 1996. Plaintiffs well know that if the witness does assert the privilege, it would be because of his

status as a target in an investigation entirely unrelated to GSK. A reply is necessary to clarify the record, to demonstrate that no witness has taken the Fifth and that plaintiffs were not prevented from obtaining relevant, non-privileged discovery from sources other than Ms. Bartels and Ms. Carter in this matter.

8. The Reply will assist this Court in its adjudication of this matter.

## Conclusion

For the foregoing reasons, this Court should strike Plaintiffs' Opposition, grant the Motion for a Protective Order, and enter an order prohibiting the depositions of Ms. Bartels and Ms. Carter. In the alternative, this Court should grant this Motion for Leave to File a Reply.

|   |   |
|---|---|
|   | Respectfully submitted,<br><br>By: /s/ **Mona M. Patel**<br>     Mark D. Seltzer<br>     Mona M. Patel<br>     Seth B. Kosto<br>     Holland & Knight LLP<br>     10 St. James Avenue<br>     Boston, MA 02116<br>     Telephone: (617) 523-2700<br>     Facsimile: (617) 523-6850<br><br>     Mark Lynch<br>     Geoffrey Hobart<br>     Matthew J. O'Connor<br>     Covington & Burling<br>     1201 Pennsylvania Avenue<br>     Washington, DC 20004<br>     Telephone: (202) 662-6000<br>     Facsimile: (202) 662-6291<br><br>     Frederick G. Herold<br>     Dechert LLP<br>     975 Page Mill Road<br>     Palo Alto, CA 94304<br>     Telephone: (650) 813-4930<br>     Facsimile: (650) 813-4848<br><br>     Thomas H. Lee II<br>     Dechert LLP |

|  | 4000 Verizon Tower<br>1717 Arch Street<br>Philadelphia, PA 19103-2793<br>Telephone: (215) 994-2994<br>Facsimile: (215) 994-2222<br><br>*COUNSEL FOR*<br>*SMITHKLINE BEECHAM CORP.,*<br>*D/B/A GLAXOSMITHKLINE* |
|---|---|
| Dated: August 26, 2005 |  |

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that I have complied with Local Rule 7.1(A)(2) by conferring with David S. Nalven, counsel for the plaintiffs, in good faith attempts to resolve or narrow the areas of disagreement set forth in the Motion to Strike Plaintiffs' Opposition to, or for Leave to File a Reply in Support of, Motion For Protective Order to Prohibit the Depositions of Attorneys Ursula Bartels and Adrianna Carter, and that counsel were unable to resolve their differences.

/s/ Mark D. Seltzer

Dated: August 26, 2005

## CERTIFICATE OF SERVICE

Docket No. MDL 1456

I, Mona M. Patel, hereby certify that I am one of GSK's attorneys and that, on August 26, 2005, I caused copies of the within Motion To Strike Plaintiffs' Opposition To, Or For Leave To File A Reply In Support Of, Motion For Protective Order To Prohibit The Depositions Of Attorneys Ursula Bartels And Adrianna Carter to be served via VeriLaw on all counsel of record.

/s/ Mona M. Patel

Dated: August 26, 2005

# 3169320_v3