## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | Judge Patti B. Saris<br>Magistrate Judge Marianne B. Bowler |

## SUPPLEMENT TO PLAINTIFFS' MOTION FOR LEAVE TO SET ASIDE THE TEN DEPOSITION LIMIT WITH RESPECT TO DEFENDANT ASTRAZENECA REGARDING 30(B)(6) DEPOSITION RELATED TO SALES TRAINING

Plaintiffs, by their counsel, respectfully submit this Supplement to their Motion for Leave to Set Aside the Ten Deposition Limit With Respect to Defendant AstraZeneca (originally filed on July 6, 2005) (plaintiffs' "deposition motion") specifically to request that this Court enter an order requiring AstraZeneca to, pursuant to Rule 30(b)(6), designate person(s) who can testify regarding the training of its sales representatives.  In support hereof, plaintiffs state as follows:

### I.      BACKGROUND

As set forth in plaintiffs' original deposition motion, AstraZeneca has arbitrarily limited plaintiffs to eighteen (18) depositions of AstraZeneca employees.  Since the filing of their deposition motion, AstraZeneca has also made clear that the 18 depositions it is permitting includes third parties who are represented by AstraZeneca's law firm, Davis Polk & Wardwell.  *See* August 10, 2005 e-mail to Jennifer Fountain Connolly from Kimberley Harris, Ex. A.

One of the depositions plaintiffs have noticed is a deposition pursuant to Fed. R. Civ. P. 30(b)(6) asking AstraZeneca to designate person(s) with knowledge of the following topics:

1.      All persons responsible for or in any way involved in preparing, revising, or reviewing AstraZeneca's policies, procedures, practices, and standards for the

training or education of its sales representative who represent AstraZeneca with regard to AWPIDs.

2.   AstraZeneca's policies, procedures, practices, and standards for the training or education of its sales representatives who represent AstraZeneca with regard to AWPIDs.

3.   All documents used in the training or education of sales representatives who represent AstraZeneca with regard to AWPIDs.

4.   The content and frequency of the training or education of sales representatives who represent AstraZeneca with regard to AWPIDs.

5.   AstraZeneca's policies, procedures, practices and standards for the management of its sales representatives who represent AstraZeneca with regard to AWPIDs, including but not limited to:

a)   The evaluation or review of sales representatives who represent AstraZeneca with regard to AWPIDs;

b)   The compensation of sales representatives who represent AstraZeneca with regard to AWPIDs;

c)   Any incentives or rewards offered or awarded to sales representatives who represent AstraZeneca with regard to AWPIDs and the identity of any persons who received those incentives or awards;

d)   The promotion, advancement, demotion or discipline of sales representatives who represent AstraZeneca with regard to AWPIDs;

e)      All policies, procedures, practices or standards to which sales representatives who represent AstraZeneca are subject relating to the marketing, pricing, sales or contracting of AWPIDs; and

f)      Any inquiries or investigations made by AstraZeneca of any violation of any policy, procedure, practice or standard identified in response to subparagraph (e) of sales representatives who represent AstraZeneca with regard to AWPIDs.

6.      All documents referring, referencing, or relating to Topics 1-2 and 4-5 above.

*See* Notice of Deposition of AstraZeneca Pursuant to Fed. R. Civ. P. 30(b)(6) (June 6, 2005), Ex. B.  Plaintiffs also requested documents related to these topics.  *Id.*  Plaintiffs noticed this deposition and requested documents because, to date, no AstraZeneca deponent has been able to testify fully regarding what type of training AstraZeneca's sales representatives received throughout the class period.  Moreover, because AstraZeneca limited its search for responsive documents to documents found within the Managed Markets Business Group (which is comprised of all those persons responsible for pricing, sales and marketing in the private payor arena), and individuals responsible for sales training were not part of the Managed Markets Business Group, plaintiffs received relatively few documents related to AstraZeneca's sales training.  *See* May 26, 2004 letter to Kimberley Harris from Elizabeth Fegan, Ex. C (describing scope of AstraZeneca's document search); Deposition transcript of Nicholas Harsh (Feb. 8, 2005), at 136-141, Ex. D (explaining that field sales training is not located within Managed Markets) [FILED UNDER SEAL]; and Managed Markets organizational charts (AZ0619366 and AZ0698338), Ex. E (showing field sales training is not part of Managed Markets) [FILED UNDER SEAL].

## II.    ARGUMENT

AstraZeneca has not – and cannot – contend that the sales training deposition plaintiffs seek is not relevant to plaintiffs' claims or defenses. *See* Fed. R. Civ. P. 26(b)(1).   How AstraZeneca trained its sales representatives to market Zoladex to physicians will naturally reflect AZ's policies (or lack thereof) regarding the fraud that was perpetuated in this case. Rather than obtaining information related to sales training piecemeal from deponents with little or limited knowledge of the subject, or from sales representatives who only marketed Zoladex and/or worked for AZ during certain period of times and in certain parts of the country, plaintiffs are entitled to have the company, through a 30(b)(6) deposition, speak on the subjects set forth in plaintiffs' June 6, 2005 notice.

WHEREFORE, plaintiffs respectfully request that this Court enter an order compelling AstraZeneca to, pursuant to Fed. R. Civ. P. 30(b)(6), designate person(s) with knowledge of the topics in plaintiffs' June 6, 2005 30(b)(6) notice, and for such further and other relief as this Court deems just and appropriate.[1]

DATED:   August 31, 2005

By: _____
Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One N. LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone:  (312) 346-2222
Facsimile:  (312) 346-0022

---

[1]  Because this Court's order will necessarily be entered after the close of Track One discovery, plaintiffs also respectfully request that they be given leave to conduct this deposition (or depositions) beyond the close of Track One discovery.

4

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286