UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>CIVIL ACTION:  01-CV-12257-PBS<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

### PLAINTIFFS' MOTION TO EXTEND EXPERT WITNESS DISCLOSURES AND DISCOVERY

Plaintiffs move the Court to extend by sixty days the deadlines for expert witness disclosure and discovery.  In support of this motion Plaintiffs state as follows.

Case Management Order No. 13 sets forth the following deadlines associated with expert work for the Phase I Defendants:

October 1, 2005:  Plaintiffs file expert liability reports.

November 15, 2005:  Defendants file expert liability reports.

January 15, 2006:  Completion of expert depositions.

Plaintiffs' experts have been working diligently to meet the October 1, 2005, deadline, but the work has taken much longer than anticipated.  This is primarily due to the need to calculate average sales prices for each drug identified in the AMCC by using raw transaction data provided by Defendants, including sales invoice, rebate, administrative fee and chargeback data on a transaction-by-transaction basis.  The data produced by Defendants so far literally encompasses hundreds-of-thousands of lines.  The process – which Plaintiffs are confident will

yield the proofs necessary to support Plaintiffs' claims – has generated numerous requests for Defendants to supplement and otherwise "plug holes" in the data that they initially produced – a process that has simply taken longer than anticipated.  Declaration of Steve W. Berman in Support of Plaintiffs' Motion to Extend Expert Witness Disclosures and Discovery ("Berman Decl.") at ¶ 4.

Plaintiffs attempted to streamline the process by requesting at the outset of the case that Defendants produce average sales price calculations based on the data that Defendants themselves are most familiar with, but Defendants objected *en masse* to such requests.  Berman Decl. at ¶ 3, Ex. A (sample of a typical response).  Plaintiffs' subsequent motion to compel was not granted by the Magistrate Judge.  As a result, Plaintiffs have been forced over the last eight months to conduct numerous depositions and engage in extensive meet and confers just to obtain the basic data needed to perform these calculations.  The data is now largely produced and available but the task cannot be completed by October 1, 2005.

Another task that has not been completed is production of drug comparator data. Plaintiffs have also attempted to speed the data-crunching process on comparator drugs by requesting that Defendants produce historical pricing data that Defendants obtained from IMS Health for possible comparator drugs.  More specifically, Plaintiffs requested that Defendants produce the following IMS reports or data:

(a) National Prescription Audit (NPA, or NPA Plus):
- Timeframe:  Monthly
- Data elements:  TRX, Extended Units TRX, NRX, Dollars
- By Form (*e.g.*, tablets, capsules, injectable, etc.)
- By Strength (*e.g.*, 15 mg, 30 mg, etc.)

(b) National Sales Perspective (previously the Retail and Provider Perspective):
- Timeframe:  Monthly
- Data elements:  Units, Extended Units, Dollars
- By NDC or its equivalent

- By Form
- By Strength

(c) Method of Payment Data (from the "MSA" product and/or the NPA NRX data):
- Any reports or data

(d) Generic Spectra
- Any reports or data[1]

Plaintiffs' experts intend to use this information regarding comparator drugs to continue building the "yardstick" model with which the Court is already familiar. Unfortunately, Defendants submitted wholesale objections to Plaintiffs' request, and the parties are now engaged in the meet-and-confer process with respect to this set of discovery. But despite the service of these requests on July 19, 2005, not one Defendant has produced any responsive documents and in some instances the meet and confer process has been slow and as of yet not productive. Defendants' intransigence on this issue has also fueled the need for this motion. Berman Decl. at ¶ 7. It maybe months before this issue is resolved if motions to compel are necessary.

Finally, the Court's contemplated summary judgment timeframe also provides additional impetus for a change in the expert discovery deadlines. Although Defendants may argue that they are eager to complete expert discovery and file summary-judgment motions, those motions cannot be filed prior to 30 days after the Court of Appeals' decision on the inevitable appeal that will arise from the Court's class certification order, which is not yet final. *See* Case Management Order No. 13, ¶ 3. Thus, extending the deadlines associated with expert witness disclosures and discovery will not delay Defendants' ability to bring motions for summary judgment.

In light of the foregoing, Plaintiffs respectfully request that the Court revise the deadlines associated with the expert work in these class actions as follows:

---

[1] *See* Berman Decl., Ex. B, Plaintiffs' Request for Production of Documents to All Defendants Relating IMS Data, RFP No. 1.

- 3 -

1534.16 0209 MTN.DOC

      December 15, 2005:  Plaintiffs file expert liability reports.

      January 30, 2006:  Defendants file expert liability reports.

      March 15, 2006:  Completion of expert depositions.

Plaintiffs sought Defendants' agreement to rework the timing of expert disclosures, and Defendants declined to agree, necessitating this motion.  Berman Decl. at ¶ 8.

DATED:  August 31, 2005        By    **/s/ Steve W. Berman**
                                                 Thomas M. Sobol (BBO#471770)
                                                 Edward Notargiacomo (BBO#567636)
                                          Hagens Berman Sobol Shapiro LLP
                                          One Main Street, 4th Floor
                                          Cambridge, MA  02142
                                          Telephone: (617) 482-3700
                                          Facsimile: (617) 482-3003
                                          **LIAISON COUNSEL**

                                          Steve W. Berman
                                          Sean R. Matt
                                          Hagens Berman Sobol Shapiro LLP
                                          1301 Fifth Avenue, Suite 2900
                                          Seattle, WA  98101
                                          Telephone: (206) 623-7292
                                          Facsimile: (206) 623-0594

                                          Elizabeth Fegan
                                          Hagens Berman Sobol Shapiro LLP
                                          60 W. Randolph Street, Suite 200
                                          Chicago, IL  60601
                                          Telephone: (312) 762-9235
                                          Facsimile: (312) 762-9286

                                          Eugene A. Spector
                                          Jeffrey Kodroff
                                          Spector, Roseman & Kodroff, P.C.
                                          1818 Market Street, Suite 2500
                                          Philadelphia, PA  19103
                                          Telephone: (215) 496-0300
                                          Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR PLAINTIFFS**

- 5 -

1534.16 0209 MTN.DOC

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **PLAINTIFFS' MOTION TO EXTEND EXPERT WITNESS DISCLOSURES AND DISCOVERY** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 31, 2005, a copy to Verilaw Technologies for Posting and notification to all parties

      By      **/s/ Steve W. Berman**
        Steve W. Berman
        **HAGENS BERMAN SOBOL SHAPIRO LLP**
        1301 Fifth Avenue, Suite 2900
        Seattle, WA  98101
        (206) 623-7292