UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
|  | CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | Judge Patti B. Saris |

**DECLARATION OF STEVE W. BERMAN IN SUPPORT OF PLAINTIFFS' MOTION TO EXTEND EXPERT WITNESS DISCLOSURES AND DISCOVERY**

Steve W. Berman duly declares as follows:

1.      I am one of the attorneys for Plaintiffs in this matter.

2.      One of the necessary tasks in this case is for Plaintiffs' liability expert to calculate the Average Sales Price ("ASP") for each of the drugs subject to the AMCC.  This task requires processing hundreds of thousands of data items for each drug in order to back out rebates, chargebacks, discounts, bundled offers and other items used by Defendants to reduce ASP below AWP.

3.      Plaintiffs asked by interrogatory each Defendant to produce an ASP for each drug.  Defendants refused.  *See* Ex. A, a sample of a typical response.

4.      As a result, Plaintiffs were forced to gather the data and process it.  This has been a cumbersome process as the data was provided by most of the Defendants in a non-useable form or was incomplete.  30(b)(6) depositions and/or informal exchanges of information occurred to

- 1 -

1534.16 0210 MTN.DOC

try and fill the data gaps between what was produced and what was needed to calculate ASPs. This process took months of time and is in some instances not yet completed.

5.      As a result of these tasks, despite diligent efforts, Dr. Hartman and his staff have not completed these ASP calculation efforts, but can do so and deliver a liability report in the time requested by December 15, 2005.

6.      Dr. Hartman will also examine comparator drugs to demonstrate the AWP Scheme and how it operates in the marketplace and impacted the price of drugs.  In part, this may be accomplished by examining data Defendants have access to that is maintained by a company called IMS Health ("IMS").  Each Defendant subscribes to IMS and this subscription allows each Defendant to pull data on the pricing of any retail drug.  Plaintiffs served their first request for such data over a year ago.  *See* Ex. A, which is a portion of a document request seeking IMS data.  All of the Defendants have objected to this request.

7.      Plaintiffs returned to this source of data and served another request for production relating to IMS data.[1]  Each Defendant objected to this request and not one has produced any documentation.  Although several Defendants have agreed to meet and confer, such meetings have often not yet occurred due to delays imposed by Defendants.  In any event, to date no IMS comparative data has been produced and motions to compel may be needed.  Dr. Hartman needs this information to complete his report.

8.      Plaintiffs contacted Defendants' counsel through Mr. Wise to seek agreement to adjust the expert schedule and Defendants' declined.

---

[1] *See* Ex. B, Plaintiffs Request for Production of Documents Relating to IMS Data.

Further the declarant sayeth not.  I certify under penalty of perjury that the foregoing is true and correct.  Executed this the 31st of August, 2005.

**/s/ Steve W. Berman**
STEVE W. BERMAN

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF STEVE W. BERMAN IN SUPPORT OF PLAINTIFFS' MOTION TO EXTEND EXPERT WITNESS DISCLOSURES AND DISCOVERY** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on August 31, 2005, a copy to Verilaw Technologies for Posting and notification to all parties

By      **/s/ Steve W. Berman**

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292

- 4 -