UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) MDL NO. 1456 ) ) CIVIL ACTION: 01-CV-12257-PBS ) |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | ) Judge Patti B. Saris ) ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT GLAXOSMITHKLINE, INC.'S MOTION TO STRIKE OPPOSITION TO MOTION FOR PROTECTIVE ORDER TO PROHIBIT DEPOSITIONS OF URSULA BARTELS AND ADRIANNA CARTER**

GSK moves to strike plaintiffs' opposition to GSK's motion for a protective order with respect to the depositions of Ursula Bartels and Adrianna Carter. Plaintiffs filed their opposition within 14 days of GSK's motion, as is generally required by Local Rule 7.1. The opposition, however, was not filed within two days of the noticed dates of the depositions, as is required by CMO no. 10. GSK asks the Court to strike the opposition because plaintiffs failed to file within the period for oppositions to protective orders set forth in CMO no. 10. Plaintiffs oppose the motion for the following reasons:

First, the filing of the opposition beyond the time limit set forth in CMO no. 10 was the result of an unintentional oversight. Plaintiffs' counsel are familiar with the provisions of CMO no. 10. At the time they received GSK's motion and submitted their response, however, they were not mindful of the special provisions governing the timing of protective order motions in CMO no. 10. As a result, they responded within the period usually applicable to discovery motions required by Local Rule 7.1.

Second, the filing of the opposition beyond the CMO no. 10 time limit did not prejudice GSK. The special protective order filing provisions established in CMO no. 10 function to

relieve the deponent from having to appear for a deposition without having to go to court when a motion for protective order is filed, but not ruled upon because the party noticing the deposition has not responded.  Here, after receiving plaintiffs' letter dated July 12, 2005, stating why the depositions should go forward (GSK's Motion for Protective Order Ex. I), GSK advised plaintiffs' counsel that GSK would move for a protective order and filed its motion on August 3, 2005.  By agreement between counsel, the depositions were postponed pending a ruling by the court.  Neither counsel nor the deponents appeared on the scheduled dates, and there was no inconvenience, uncertainty, expense, burden, or any other prejudice to GSK or the witnesses.  GSK does not say it was prejudiced by plaintiffs' counsel's error.

Third, granting GSK's motion to strike would not serve the ends of justice.  The parties agree that the communications between Ms. Bartels and Ms. Carter feature prominently in plaintiffs' complaint and that plaintiffs have not, whether available from other witnesses or otherwise, obtained testimony concerning what actions, if any, Glaxo and SKB took in response to each other's allegations of AWP misuse.  Whether these depositions should go forward, and their potential scope, was considered between counsel through multiple exchanges, the legal questions have been researched and briefed, and the issues have been framed for the Court.  The Federal Rules of Civil Procedure grant the trial court discretion to relieve counsel and the parties of excusable error or neglect when necessary to facilitate decisions on the merits rather than technical deficiencies.  *See Wright and Miller, Federal Practice and Procedure: Civil 3d* § 1029 at 152-53.  Plaintiffs request that the Court excuse their oversight, and allow the underlying motion to proceed.

For the foregoing reasons, plaintiffs respectfully request that GSK's motion to strike be denied.

Respectfully submitted,


By **/s/ David Nalven**
   Thomas M. Sobol
   David S. Nalven
   Edward Notargiacomo
   Hagens Berman Sobol Shapiro LLP
   One Main Street
   Cambridge, MA  02142
   Telephone: (617) 482-3700
   Facsimile: (617) 482-3003

   Steve W. Berman
   Sean R. Matt
   Hagens Berman Sobol Shapiro LLP
   1301 Fifth Avenue, Suite 2900
   Seattle, WA  98101
   Telephone: (206) 623-7292
   Facsimile: (206) 623-0594

   *LIAISON AND CO-LEAD COUNSEL*


Dated: September 9, 2005


## CERTIFICATE OF SERVICE

Docket No. MDL 1456

    I, David S. Nalven, hereby certify that I am one of plaintiffs' attorneys and that, on September 9, 2005, I caused copies of Plaintiffs' Opposition to Defendant GlaxoSmithKline, Inc.'s Motion to Strike Opposition to Motion for Protective Order to Prohibit Depositions of Ursula Bartels and Adrianna Carter to be served via VeriLaw on all counsel of record.

                                                **/s/ David S. Nalven**