UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Chief Magistrate Judge Marianne B. Bowler |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO EMPIRE BLUE CROSS BLUE SHIELD'S MOTION TO QUASH SUBPOENA SEEKING DEPOSITION TESTIMONY AND FOR A PROTECTIVE ORDER**

Defendants to the Amended Master Consolidated Class Action Complaint ("Defendants") respectfully submit this opposition to the Motion to Quash the Subpoena Seeking Deposition Testimony and for a Protective Order ("Motion") filed by Empire Blue Cross Blue Shield ("Empire").  For the reasons set forth below, Empire's Motion should be denied.

## BACKGROUND

This dispute involves a narrow request for two depositions that are highly relevant to the claims and defenses in this litigation.  While Empire has produced some documents responsive to the requests in the subpoena, it has refused to produce deposition witnesses who can speak to a central issue in the case: reimbursement for physician-administered drugs.

Defendants served a subpoena on Empire on July 21, 2005 requesting certain documents and deposition testimony relating to drugs, services, and treatments administered by physicians on an inpatient and outpatient basis.  *See* Notice of Subpoena and 30(B)(6) Dep., attached hereto as Exhibit A (noticing deposition for August 11, 2005).  On August 4, 2005, Empire served its responses and objections to the subpoena, and indicated its intention to meet and confer

regarding the scope of the request.  Resp. and Objections of Empire to Subpoena Seeking Dep. Testimony and Req. for Production of Docs., attached hereto as Exhibit B.  After conferring on August 10, 2005, the parties agreed to postpone the deposition until another date on or before August 31, 2005.  *See* Letters from Eric P. Christofferson to Theodore M. Hess-Mahan, attached hereto as Exhibit C.

On August 23, 2005, Empire designated two individuals, Elizabeth Rubin and Mary Picerno, as able to testify regarding reimbursement for chemotherapy drugs and services administered by physicians in various settings.  Letter from Theodore M. Hess-Mahan, dated August 23, 2005, attached hereto as Exhibit D.  In the same letter, though, Empire requested that Defendants withdraw the subpoena.  *Id.*  After the parties conferred in good faith, Empire refused to produce the two individuals identified in its letter, and it filed its Motion on August 26, 2005.

## ARGUMENT

The Court should deny Empire's Motion for three reasons.  First, the deposition testimony is highly relevant to the issue of reimbursement for physician-administered drugs.  Second, Empire has failed to show that producing the two individuals for depositions constitutes an undue burden.  Finally, this Court has repeatedly ordered similar discovery, including third party depositions, to proceed; the same result is compelled here.

Under the multidistrict litigation statute, this Court has the authority to compel compliance with subpoenas relating to this matter.  *See* 28 U.S.C. § 1407(b); *In re Corrugated Container Antitrust Litig.*, 644 F.2d 70, 74 n.6 (2d Cir. 1981); *In re Subpoena Issued to Boies, Schiller & Flexner LLP*, No. M8-85, 2003 WL 1831426, at *1 (S.D.N.Y. Apr. 3, 2003); *United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F. Supp. 2d 270, 273 (D.D.C. 2002); *In re Factor VIII or IX Concentrate Blood Products Litig.*, 174 F.R.D. 412, 415

(N.D. Ill. 1997); *In re Sunrise Securities Litig.*, 130 F.R.D. 560, 586 (E.D. Pa. 1989); *In re San Juan DuPont Plaza Hotel Fire Litig.*, 117 F.R.D. 30, 32 (D.P.R. 1987). Moreover, this Court has already exercised jurisdiction in analogous circumstances in this case. *See, e.g.*, *In re Pharm. Industry Average Wholesale Price Litig.*, No. 01-cv-12257, MDL 1456 (D. Mass. Nov. 2, 2004).

**I.    THE DEPOSITIONS SOUGHT BY DEFENDANTS ARE RELEVANT TO CRUCIAL ISSUES IN THIS LITIGATION**

The requested deposition testimony regarding physician-administered drugs is well within the "very broad" scope of pre-trial discovery. *Cabana v. Forcier*, 200 F.R.D. 9, 17 (D. Mass. 2001); 9A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2459 (2d ed. 1995). "'Relevance is to be broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action.'" *Schuurman v. Town of North Reading,* 139 F.R.D. 276, 277 (D. Mass. 1991) (internal citations omitted); *see also Klonoski v. Mahlab*, 156 F.3d 255, 267 (1st Cir. 1998); *Sacramona v. Bridgestone/Firestone, Inc.*, 152 F.R.D. 428, 430 (D. Mass. 1993). Indeed, an objection based on relevancy "is a difficult objection upon which to prevail during the discovery phase of an action." *Kramer v. Boeing Co.*, 126 F.R.D. 690 (D. Minn. 1989).

By their subpoena, Defendants seek information concerning a fundamental issue in this litigation - the reimbursement practices of third-party payors for physician-administered drugs and services. This information is essential to rebutting Plaintiffs' claims in the Amended Master Consolidated Class Action Complaint ("AMCC") that all payors, including health plans like Empire, were somehow misled by artificially inflated AWPs into reimbursing more for prescription drugs than they otherwise would have. (AMCC ¶¶ 1-5). This discovery also addresses questions alleged in the AMCC, such as "[w]hether AWPs are used as a benchmark for

negotiating payments by Third-Party Payors for subject drugs" and "[w]hether Defendants are engaged in a pattern and practice that caused Plaintiffs and Class Members to make inflated payments for subject drugs."  (AMCC ¶ 601(h)-(i)).  The requested information about the reimbursement practices of Empire, a third party payor, goes to the heart of Plaintiffs' claims.

The recent class certification decision, far from making this discovery less important, has made it even more central to the litigation. While denying the motion to certify a class regarding self-administered drugs, the Court indicated it would certify a statewide class involving physician-administered drugs. *In re Pharm. Industry Average Wholesale Price Litig.*, Mem. & Order re: Class Certification, No. 01-cv-12257, MDL 1456, at 88 (D. Mass. Aug. 16, 2005) (Docket No. 1648).  In its Memorandum, the Court described "[a] typical transaction" for physician-administered drugs as involving a cancer patient whose doctor administers an oncology drug and then bills the patient's insurance plan. *Id.* at 27-28.  The Court also observed that there was a continuing dispute between parties' experts over the basis of payments for physician-administered drugs and related services. *Id*. at 28.  The Court noted that its Independent Expert "views the record as 'unsettled' on this point." *Id.* (citing Report of Independent Expert Professor Ernst R. Berndt to Judge Patti B. Saris at ¶ 98, the relevant excerpt of which is attached hereto as Exhibit E).  Defendants' subpoena merely seeks to supplement this "unsettled" record by attaining deposition testimony regarding such "typical" transactions involving health plans - information that is directly relevant to this case.[1]

---

[1] Indeed, the two individuals Empire has identified have exactly such information. Pursuant to Fed. R. Civ. P. 30(b)(6), Empire designated Elizabeth Rubin and Mary Picerno, respectively, as witnesses able to testify regarding (1) "Empire's analysis business strategies and/or communications regarding its costs of providing reimbursement for chemotherapy services in hospital or 'in-patient' settings versus physician-office or clinical settings" and (2) "programs or products designed to encourage the utilization of physician-office administration of chemotherapy services over hospital or in-patient administration." Exhibit D.

Empire, however, maintains that the discovery "is no longer relevant" because the Court indicated it would certify a Massachusetts class and Empire is based in eastern New York. Motion at ¶¶ 4-5.  This argument is flawed for three reasons.  First, Plaintiffs' allegations involve industry-wide conduct and industry-wide knowledge.  The AMCC alleges a "common thread of fraud and other misconduct" across the pharmaceutical industry.  (AMCC, ¶¶ 600-601).  Given such allegations of nationwide fraud perpetuated against third party payors, evidence of the knowledge, understanding, and practices of such third party payors continues to be relevant.

Second, Empire admits that it has information relevant to a potential Massachusetts class. Empire has subscribers who have moved to Massachusetts or who have received treatment while in Massachusetts.  Motion at ¶5; Exhibit D.  Further, Empire grants that these subscribers, albeit a "small percentage" of Empire's overall subscribers, "may be members of the certified statewide class."[2]  Since Empire has subscribers in Massachusetts, deposition testimony regarding its practices regarding physician-administered drugs is relevant to a potential Massachusetts class.

Third, Empire asks this Court to halt discovery based on a class certification order that is interlocutory and subject to change on appeal.  The class certification order is subject to appeal under Fed. R. Civ. P. 23(f), and it is possible that the Court of Appeals could expand the class to encompass other than Massachusetts subscribers.  Since the District Court has ordered that fact discovery is to be closed on August 31, 2005, "[r]egardless of the status of the motion for class certification," Case Management Order No. 13 (Doc No. 1422), at ¶ 1, limiting discovery now by

---

[2] Empire does not object to this discovery as an absent class member, but instead makes the motion as "a non-party in this action" pursuant to Fed. R. Civ. P. 45.  Motion at 1, ¶ 1. Nevertheless, discovery of absent class members has been allowed by this Court. *See, e.g., In re Pharm. Industry Average Wholesale Price Litig.*, No. 01-cv-12257, MDL 1456 (D. Mass. Apr. 26, 2004) (Docket No. 818); *see also M. Berson Co., Inc. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635, 637 (D. Mass. 1984) (permitting discovery of absent class members).

the current shape of the class could have an irreversibly harmful impact on the case, should the shape of the class change after appeal.

## II. EMPIRE HAS FAILED TO MAKE ANY SHOWING THAT THE DEPOSITION TESTIMONY IS BURDENSOME

Empire has failed to show that the two depositions in question would be burdensome. "The party moving to quash a subpoena in a civil trial bears the burden of persuasion." *Demers II v. Lamontagne*, No. 98-10762, 1999 WL 1527978, at *2 (D. Mass. May 5, 1999) (denying motion to quash filed by non-party). In considering whether a subpoena poses an undue burden, the Court may weigh "many factors, such as the relevance of the documents sought, the necessity of the documents sought, the breadth of the request, the time period covered by the request, the particularity with which the documents are described, and the burden in fact imposed." *Id*. (noting that "inconvenience and expense" are additional considerations for non-parties). To carry its burden, one seeking a protective order cannot rely on "conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one," but instead "must make a specific demonstration of facts." *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 145 F.R.D. 92, 96 (S.D. Iowa 1992) (noting that "[p]rotective orders which totally prohibit the deposition of an individual are rarely granted absent extraordinary circumstances").

Empire has failed to make any showing that production of the two witnesses would be burdensome. It merely states that there is a "substantial burden imposed on Empire to make these witnesses available to testify." Motion at ¶ 6. As argued *supra*, the depositions are directly relevant to fundamental issues in the case. The parties have worked to narrow the requests in the subpoena, and the result is that only two depositions are outstanding. These two deponents have

been identified, and Empire has stated they are able to testify regarding discrete topics sought by the subpoena. *See* Exhibit D.

### III. THIS COURT HAS ALREADY ORDERED SIMILAR DISCOVERY TO PROCEED

This Court has repeatedly considered motions to quash subpoenas seeking deposition testimony from third party health plans, and the Court has consistently ordered discovery to proceed.[3] The same result is appropriate here.

The first time this issue came before the Court was in December 2003, when Plaintiffs moved for a protective order and to quash Defendants' subpoenas to various health plans. Pls.' Mot. for a Protective Order regarding Subpoenas to Putative Class Members (Dec. 4, 2003) (Docket No. 632). Plaintiffs argued that the discovery was irrelevant and would burden absent putative class members. *See, e.g.*, Mem. in Support of Pls.' Mot. for a Protective Order Regarding Subpoenas to Putative Class Members (Dec. 4, 2003) (Docket No. 633) at 1-2, 7-12. In response, Defendants argued, *inter alia*, that the discovery was necessary to show that health plans had not been misled as to the meaning of AWP. *See* Defs.' Mem. in Opp'n to Pls.' Mot. for a Protective Order (Jan. 9, 2004) (Docket No. 687) at 1-4, 8-17. Defendants also argued that the discovery was central to the litigation, and that the health plans were large, sophisticated corporate entities. *Id.* After weighing the arguments, the Court denied Plaintiffs' motion and allowed Defendants to proceed with their subpoenas for documents and depositions of the health plans. *See In re Pharm. Industry Average Wholesale Price Litig.*, No. 01-cv-12257, MDL 1456 (D. Mass. Apr. 26, 2004) (Docket No. 818).

---

[3] This Court has also considered, and granted, a motion to compel a third party health plan, Health Net, to produce documents. *See* Defs.' Mot. to Compel Third Party Health Net, Inc. to Produce Documents Pursuant to Subpoena (Nov. 17, 2004) (Docket No. 1175); *In re Pharm. Industry Average Wholesale Price Litig.*, No. 01-cv-12257, MDL 1456 (D. Mass. Jan. 27, 2005)

The Court faced the same issue in November 2004, and again it ordered deposition discovery of third parties to proceed. Defendants moved to compel deposition witnesses from third-party health plans. Dfs.' Mot. to Compel Aetna U.S. Health Care, Humana, Inc., and Cigna Corp. to Comply with Dep. Subpoenas (August 31, 2004) (Docket No. 996). The health plans, in turn, moved to quash the subpoenas. Non-Parties Aetna, Inc., Humana, Inc., and Connecticut General Life Insurance Company's Joint Mot. to Quash Subpoenas (Sept. 14, 2004) (Docket No. 1068). Defendants again argued that discovery of health plans was essential to determining the usage of the term AWP, and that this discovery pertained to the heart of Plaintiffs' claims. Dfs.' Mem. of Law in Opp'n to Joint Mot. of Aetna U.S. Health Care, Humana, Inc., and Cigna Corp. to Quash Subpoenas (Sept. 18, 2004) (Docket No. 1082) at 4-6. The Court ordered discovery to proceed, with nonparties to appear at noticed depositions within 30 days. *In re Pharm. Industry Average Wholesale Price Litig.*, No. 01-cv-12257, MDL 1456 (D. Mass. Nov. 2, 2004).[4]

Here, the Court again faces a third party health plan seeking to quash a deposition subpoena. Again, the subject of this deposition is highly relevant to claims and defenses in the proceeding. Again, the third party has been unable to show any undue burden, and the request here is narrowly tailored - in fact, involving only two depositions. There is no reason why Empire should receive different treatment from any other health plan that has been subpoenaed in this litigation.

---

[4] The health plans filed an objection to this decision, but the Court affirmed the order the day after the objection was filed. *See* Non-Parties Aetna, Inc., Humana Inc., and Connecticut General Life Insurance Company's Joint Objection to the Nov. 2, 2004 Minute Order Granting-in-Part and Denying-in-Part their Motion to Quash Subpoenas (Nov. 17, 2004) (Docket No. 1178); *In re Pharm. Industry Average Wholesale Price Litig.*, No. 01-cv-12257, MDL 1456 (D. Mass. Nov. 18, 2004) (adding condition that no deposition exceed eight hours per health plan).

## **CONCLUSION**

For all the foregoing reasons, the Court should deny Empire's Motion to Quash the Subpoena Seeking Deposition Testimony and for a Protective Order and allow the depositions of the two witnesses to proceed.

By attorneys,

/s/ Eric P. Christofferson
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation*

Dated:  September 9, 2005

### CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 37.1

Pursuant to Local Rules 7.1(a)(2) and 37.1, the undersigned hereby certify that counsel for Defendants contacted counsel for Empire Blue Cross Blue Shield regarding the issues that are addressed in this motion but were unable to resolve or narrow the issues.

/s/ Eric P. Christofferson
Eric P. Christofferson

### CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2005, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456 and further caused a copy of the same to be served upon counsel for Empire Blue Cross Blue Shield, via electronic mail and overnight mail.

/s/ Eric P. Christofferson
Eric P. Christofferson
