# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 Master File No. 01-12257-PBS |

## RESPONSE AND OBJECTIONS OF EMPIRE BLUE CROSS BLUE SHIELD TO SUBPOENA SEEKING DEPOSITION TESTIMONY AND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 30, 34, and 45, Third-Party Empire Blue Cross Blue Shield ("Respondent") hereby responds and objects to the subpoena requesting the productions of documents and seeking Rule 30(b)(6) deposition testimony (the "Subpoena") served by Defendants Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc. ("Defendants"), as follows:

### I. GENERAL RESPONSES

1.      Respondent will respond to each specific document request with documents currently in Respondent's possession, custody or control.

2.      Respondent will only produce non-privileged documents that it or any party to this litigation deems to embody material that is business confidential, proprietary, trade secret or otherwise protected from open disclosure, or the disclosure of which might violate the privacy rights of third parties, pursuant to and in accordance with the terms of the protective order entered in the above-captioned action.

3.      Respondent reserves the right to determine whether the documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the Subpoena, in accordance with Federal Rules of Civil Procedure 34(b) and 45(d)(1).

4.      Subject to all objections, privileges and other exceptions stated herein, Respondent shall produce documents pursuant to the Subpoena in due course and pursuant to any agreements among counsel.

5.      To the extent that Respondent provides documents or information in response to the Subpoena, such production shall not be deemed a concession that the information is material or admissible, an agreement that any other document or information shall be similarly treated as produced, or a waiver of any of the Objections set forth below.

## II.  GENERAL OBJECTIONS

Respondent makes the following General Objections to each instruction, definition, and document request made in the Subpoena:

1.      Respondent objects to the Subpoena to the extent that it exceeds the permissible scope of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Massachusetts.

2.      Respondent objects to the Subpoena to the extent that it requests Respondent to produce documents in the possession of any party other than itself.

2

3.      Respondent objects to the Subpoena to the extent it seeks documents that are confidential or proprietary or that are protected from discovery by the attorney-client privilege, the work product doctrine or any other privilege recognizable under the United States Constitution, the Federal Rules of Evidence, the Federal Rules of Civil Procedure or the common law.

4.      Respondent objects to the Subpoena to the extent it seeks to require Respondent to produce documents or information known by or equally or more easily available to Defendants.

5.      Respondent objects to each request to the extent that it seeks to require production of documents or information relevant to any claim of any absent class member, as contrasted with any claim or defense of a named party.

6.      Respondent objects to each request to the extent it seeks to require Respondent to do more than use reasonable diligence to locate responsive documents based on an examination of those files that reasonably may be expected to yield responsive documents and an inquiry of those persons who reasonably may be expected to possess responsive documents.  Respondent also objects to each request to the extent that, as drafted, it is overbroad, unduly burdensome, oppressive, and seeks to impose upon Respondent an undue expense or burden.  Respondent further objects to each request to the extent that it requires Respondent's officers, directors, representatives, and/or employees to take an unreasonable amount of time away from the ordinary course of business to identify, collect, and produce the substantial amount of documents requested by Defendants over the requested time period

3

that are located at several locations and in multiple formats. By stating in these responses that Respondent will produce documents or is searching for documents, Respondent does not represent that any document actually exists, but rather that Respondent will make a good faith search and attempt to ascertain whether documents responsive to Defendants' specific request do, in fact, exist.

7.      Respondent objects to each request to the extent that it seeks production of backup e-mails that are not stored in a usable form and would be unduly burdensome and expensive to produce, or that Defendants have other means of obtaining.

8.      Respondent objects to any specific request requiring Respondent to produce documents "concerning," "relating to," or "reflecting" a subject because those terms, as used in specific requests, are overbroad and ambiguous, and seek to impose an undue burden on Respondent. Without waiving this objection, and subject to all other applicable objections stated herein, Respondent will produce, in response to any request for documents "concerning," "relating to," "referring to," or "reflecting" a given subject, documents that expressly reflect or describe the subject.

9.      Respondent objects to the Subpoena to the extent it seeks documents relating to a seventeen-year period of time from January 1, 1988 to the present as overbroad in that it seeks documents that are neither relevant to issues raised in the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence and imposes an undue burden on Respondent.

4

10.     Respondent objects to the Subpoena to the extent it seeks documents not currently in Respondent's possession, custody or control, or refers to persons, entities or events not known to Respondent, on the grounds that this seeks to require more of Respondent than any obligation imposed by law, would subject Respondent to unreasonable and undue annoyance, oppression, burden and expense, and would seek to impose upon Respondent an obligation to investigate or discover information or materials from third parties or sources who are equally accessible to Defendants.  Respondent objects to Instruction 1, which states that unless otherwise stated all requests relate to the period from January 1, 1988 to the present, to the extent it requires Respondent to produce and/or identify any documents no longer in its possession custody or control that were destroyed as a result of the terrorist attacks on September 11, 2001 at the World Trade Center in New York City, in which Respondent's offices were located and where its records were stored.  Respondent further objects to Defendants' Instruction 3 inasmuch as it seeks to expand the meaning of "possession, custody or control" to the extent that the instruction imposes upon Respondent a duty to do more than is required by Federal Rules of Civil Procedure.  Respondent objects to Instruction 4 because Respondent has no obligation, pursuant to a subpoena for documents, to identify documents no longer in its possession, custody or control.

11.     Respondent objects to Instruction 5 regarding the description of privileged or otherwise protected documents that are withheld to the extent that the instruction imposes upon Respondent a duty to do more than is required by Federal Rule of Civil Procedure 26(b)(5).

12.     Respondent objects to Instructions 6 and 7 inasmuch as they impose upon Respondent a duty to do more than is required by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Massachusetts.

13.     Respondent objects to all definitions to the extent they are vague, confusing and overbroad.  Respondent will interpret the requests reasonably and in good faith in accordance with common English usage as supplemented by the common meanings of terms in the pharmaceutical industry.

14.     Respondent objects to the definition of "Concerning" to the extent that it renders the document requests containing that term redundant, overbroad, vague, ambiguous, and unintelligible.

15.     Respondent objects to the definition of "Document" to the extent that it exceeds the requirement of Rule 34(a) of the Federal Rules of Civil Procedure and renders the request unduly burdensome.

16.     Respondent objects to the definition of "Relating" to the extent that it renders the requests containing that term redundant, overbroad, vague, ambiguous, and unintelligible.

17.     Respondent objects to all the requests to the extent that they require Respondent to incur any significant expense resulting from the inspection and copying requested.

18.     Respondent objects to the Subpoena because Defendants are represented in this matter by the law firm of Hogan & Hartson LLP ("Hogan & Hartson"), which has represented Respondent in other matters and may continue to represent Respondent in other

6

matters, including through joint defense agreements, which representations constitute a conflict of interest under DR 5-105 and DR 5-108 of the New York State Lawyer's Code of Professional Responsibility.

### III. SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses, Respondent responds to Defendants' specific requests as follows:

### REQUEST NO. 1:

Any documents describing any plan or strategy considered or pursued by Empire in negotiating the amounts to be paid to physicians for chemotherapy drugs, chemotherapy services , or chemotherapy treatments.

### RESPONSE TO REQUEST NO. 1:

Respondent objects to this request for documents relating to the time period from January 1, 1988 until the present as overbroad and unduly burdensome. Respondent further objects to this request on the grounds that the terms "plan" and "strategy" as used therein are vague and ambiguous and not adequately defined to allow Respondent to search for responsive documents. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding which responsive, non-privileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

7

**REQUEST NO. 2:**

Any documents relating to any plan or strategy considered or pursued by Empire to encourage physicians to administer chemotherapy drugs, chemotherapy services, or chemotherapy treatments on an outpatient basis at community-based clinics.

**RESPONSE TO REQUEST NO. 2:**

Respondent objects to this request for documents relating to the period from January 1, 1988 until the present as overbroad and unduly burdensome. Respondent further objects to this request on the grounds that the terms "plan" and "strategy" are vague and ambiguous and not adequately defined to allow Respondent to search for responsive documents. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding which responsive, non-privileged documents it will produce that are in its possession, custody or control and that can be located after a reasonable search and diligent inquiry.

**REQUEST NO. 3:**

Documents sufficient to show Empire's estimated or actual profits with respect to medical benefits for chemotherapy treatments.

**RESPONSE TO REQUEST NO. 3:**

Respondent objects to the request for documents relating to the period from January 1, 1998 until the present as overbroad and unduly burdensome. Respondent further objects to the request as vague and ambiguous in that it does not adequately describe which documents come within the scope of this request and therefore Respondent is unable to search for documents responsive to this request. In particular, Respondent objects to the term

8

"profits" as it is used in the context of this request as vague and ambiguous in that it is not

adequately defined to allow Respondent to search for responsive documents. Subject to these

objections and its General Objections, Respondent will meet and confer with Defendants

regarding which responsive, non-privileged documents, if any, it will produce that are in its

possession, custody or control and that can be located after a reasonable search and diligent

inquiry.

## REQUEST NO. 4:

Documents sufficient to show Empire's estimated or actual profits with respect to medical benefits for chemotherapy treatments since January 1, 1998 (a) on an inpatient basis at hospitals, or (b) on an outpatient basis at hospitals.

## RESPONSE TO REQUEST NO. 4:

Respondent objects to the request for documents relating to the period from January

1, 1998 until the present as overbroad and unduly burdensome. Respondent further objects

to the request as vague and ambiguous in that it does not adequately describe which

documents come within the scope of this request and therefore Respondent is unable to

search for documents responsive to this request. In particular, Respondent objects to the term

"profits" as it is used in the context of this request as vague and ambiguous because it is not

adequately defined to allow Respondent to search for responsive documents. Subject to these

objections and its General Objections, Respondent will meet and confer with Defendants

regarding which responsive, non-privileged documents, if any, it will produce that are in its

possession, custody or control and that can be located after a reasonable search and diligent

inquiry.

## IV. SPECIFIC OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS

### DEPOSITION TOPIC NO. 1

Any plan or strategy considered or pursued by Empire in negotiating the amounts to be paid to physicians for chemotherapy drugs, chemotherapy services, or chemotherapy treatments since January 1, 1988.

### RESPONSE TO DEPOSITION TOPIC NO. 1

Respondent objects to this request for deposition testimony relating to the time period from January 1, 1988 until the present as overbroad and unduly burdensome. Respondent further objects to this request on the grounds that the terms "plan" and "strategy" as used therein are vague and ambiguous and not adequately defined to allow Respondent to identify a person or persons with relevant knowledge to testify on its behalf. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding the scope of this request in order to identify the person or persons with relevant knowledge to testify on its behalf.

### DEPOSITION TOPIC NO. 2

Any plan or strategy considered or pursued by Empire to encourage physicians to administer chemotherapy drugs, chemotherapy services, or chemotherapy treatments on an outpatient basis at community-based clinics.

### RESPONSE TO DEPOSITION TOPIC NO. 2

Respondent objects to this deposition topic relating to the time period from January 1, 1988 until the present as overbroad and unduly burdensome. Respondent further objects to this request on the grounds that the terms "plan" and "strategy" as used therein are vague and ambiguous and not adequately defined to allow Respondent to identify a person or

10

persons with relevant knowledge to testify on its behalf.  Subject to these objections and its

General Objections, Respondent will meet and confer with Defendants regarding the scope

of this request in order to identify the person or persons with relevant knowledge to testify

on its behalf.

## DEPOSITION TOPIC NO. 3

Empire's estimated or actual profits with respect to medical benefits for chemotherapy

treatments since January 1, 1988.

## RESPONSE TO DEPOSITION TOPIC NO. 3

Respondent objects to this deposition topic relating to the period from January 1, 1998

until the present as overbroad and unduly burdensome.  Respondent further objects to the

request as vague and ambiguous in that it does not adequately describe the scope of the topic

and therefore Respondent is unable to identify a person or persons with relevant knowledge

to testify on its behalf.  In particular, the term "profits" as it is used in the context of this

request is vague and ambiguous because it is not adequately defined to allow Respondent to

identify a person or person with relevant knowledge to testify on its behalf.  Subject to these

objections and its General Objections, Respondent will meet and confer with Defendants

regarding the scope of this request in order to identify the person or persons with relevant

knowledge to testify on its behalf.

## DEPOSITION TOPIC NO. 4

Empire's estimated or actual profits with respect to medical benefits for chemotherapy
treatments since January 1, 1998 (a) on an inpatient basis at hospitals, or (b) on an outpatient
basis at hospitals.

11

## RESPONSE TO DEPOSITION TOPIC NO. 4

Respondent objects to this deposition topic relating to the period from January 1, 1998 until the present as overbroad and unduly burdensome. Respondent further objects to the request as vague and ambiguous in that it does not adequately describe the scope of the topic and therefore Respondent is unable to identify a person or persons with relevant knowledge to testify on its behalf. In particular, the term "profits" as it is used in the context of this request is vague and ambiguous because it is not adequately defined to allow Respondent to identify a person or person with relevant knowledge to testify on its behalf. Subject to these objections and its General Objections, Respondent will meet and confer with Defendants regarding the scope of this request in order to identify the person or persons with relevant knowledge to testify on its behalf.

## DEPOSITION TOPIC NO. 5

Empire's negotiations, plans or strategies relating to trade-offs or relationships between physicians' profit margin on reimbursement for drugs versus reimbursement for services provided in administering chemotherapy treatment, for the time period January 1, 1988 to the present.

## RESPONSE TO DEPOSITION TOPIC NO. 5

Respondent objects to this deposition topic relating to the period from January 1, 1998 until the present as overbroad and unduly burdensome. Respondent further objects to this request on the grounds that the terms "plan" and "strategy" as used therein are vague and ambiguous and not adequately defined to allow Respondent to identify a person or persons with relevant knowledge to testify on its behalf. Subject to these objections and its General

12

Objections, Respondent will meet and confer with Defendants regarding the scope of this request in order to identify the person or persons with relevant knowledge to testify on its behalf.

## DEPOSITION TOPIC NO. 6

Empire's role as a carrier under Medicare Part B.

## RESPONSE TO DEPOSITION TOPIC NO. 6

Respondent objects to this deposition topic because it is not the proper entity to respond to this request. Empire Medicare Services ("EMS") is a division of Respondent that serves as the fiscal intermediary for the Centers for Medicare & Medicaid Services ("CMS"), which is the federal agency that administers the Medicare program. EMS is represented in the above-captioned action by separate counsel to whom discovery requests regarding its role as a carrier under Medicare Part B should be directed: Raymond Kolarsey, Hinman Straub, P.C., 121 State Street, Albany, NY 12207, telephone: (518)436-0751. Respondent therefore demands that this deposition topic be withdrawn.

Dated: August 4, 2005

EMPIRE BLUE CROSS BLUE SHIELD

By its attorneys,

Thomas V. Urmy, Jr.  (BBO #506620)
Theodore M.  Hess-Mahan  (BBO #557109)
Todd S. Heyman (BBO #643804)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, Massachusetts 02109
(617) 439-3939

13