**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris<br>Chief Magistrate Judge Marianne B. Bowler |

**TRACK ONE DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXTEND EXPERT WITNESS DISCLOSURES AND DISCOVERY**

The Track One Defendants ("Defendants") respectfully submit this response to Plaintiffs' Motion to Extend Expert Witness Disclosures and Discovery ("Motion"). For the reasons set forth below, Plaintiffs' Motion should be denied or, if the Court is inclined to grant the motion, an alternative schedule should be adopted.

**PRELIMINARY STATEMENT**

One month before the deadline for their expert liability reports, Plaintiffs ask this Court to extend the deadline. Plaintiffs state that they need more time to calculate average sales prices and to complete taking discovery of IMS drug comparator data. Motion at 1-2. After years of discovery and repeated extensions of the deadline for expert reports, Plaintiffs' last-minute request must fail. Plaintiffs have had ample time to take discovery and make the calculations necessary for their expert reports. Defendants started producing the data necessary to make calculations related to average sales price more than a year ago. As to the IMS data, the Plaintiffs' efforts to secure this information have not been timely. As a result, Plaintiffs should be held to the deadline they proposed, and the Court adopted, in Case Management Order No. 13.

Plaintiffs have had ample time to prepare their expert liability reports. This case has been underway for almost four years. Compl. (Dec. 19, 2001) (Docket No. 1). Discovery began almost three years ago. CMO No. 5 (Oct. 28, 2002) (Docket No. 161). Indeed, Plaintiffs' expert reports were originally due fifteen months ago. CMO No. 7 ¶ II.2 (Aug. 7, 2003) (Docket No. 460) (requiring Plaintiffs to disclose expert reports by April 1, 2004). The deadline for expert reports has been extended twice. *See* CMO No. 10 ¶¶ 9-10 (Mar. 25, 2004) (Docket No. 756) (extending deadline to January 31, 2005); CMO No. 13 ¶ 1 (extending deadline to October 1, 2005). Only six months ago, even though many of the events Plaintiffs recount in their Motion had already occurred, Plaintiffs proposed a deadline one month after the close of Track One fact discovery. Pls' Mem. Regarding Scheduling at 2 (Feb. 25, 2005) (Docket No. 1382) (requesting deadline for September 31, 2005 [*sic*]). Now, Plaintiffs seek ten weeks past the current deadline. Motion at 1, 4.[1] Plaintiffs have not come close to showing good cause to adjust the schedule, and neither the current deadline, nor this case, should be prolonged any further.

**ARGUMENT**

Once a scheduling order has been entered, it "shall not be modified except upon a showing of good cause." FED. R. CIV. P. 16(b); *see also* LR 16.1(g) (providing that a scheduling order may be modified "only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record."). "This District Court has stated that '[t]he good cause test requires that the deadline in the scheduling order may not reasonably be met, despite the diligence of the party seeking the extension. . . . In the absence of

[1] There is some confusion in what Plaintiffs are requesting. In the first sentence of their motion, Plaintiffs state that they "move the Court to extend by *sixty days* the deadlines for expert witness disclosure and discovery." Motion at 1 (emphasis added). However, they twice propose a deadline of December 15, 2005 - *seventy-five days* after the current deadline of October 1, 2005. Motion at 4; Berman Decl. ¶ 5.

some showing of why an extension is warranted, the scheduling order will control.'" *Cabana v. Forcier*, 200 F.R.D. 9, 14-15 (D. Mass. 2001) (internal citations and quotations omitted); *Archer Daniels Midland v. Aon Risk Services*, 187 F.R.D. 578, 581-582 (D. Minn. 1999) (same).

Case management orders should not be modified lightly. "For Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a 'frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.'" *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004) (internal citation omitted). As the First Circuit Court of Appeals has emphatically stated:

> Rules are rules - and the parties must play by them. In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a district judge must often by firm in managing crowded dockets and demanding adherence to announced deadlines. If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance.

*Mendez v. Banco Popular de P.R.*, 900 F.2d 4, 7 (1st Cir. 1990) (affirming refusal of trial court to further extend deadline to respond to motion for summary judgment); *see also Velez v. Awning Windows, Inc.*, 475 F.3d 35, 41 (1st Cir. 2004) (quoting *Mendez*); *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) ("As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them."). "What is more, litigants have an unflagging duty to comply with clearly communicated case-management orders." *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998).

## I. PLAINTIFFS' MOTION FOR AN EXTENSION SHOULD BE DENIED

Plaintiffs have been neither diligent nor shown good cause why the Court should modify CMO No. 13. Indeed, Plaintiffs requested the deadline in the current Case Management Order; they should be held to the deadline they proposed just six months ago.

**A. Plaintiffs Have Failed to Show Good Cause to Modify CMO No. 13**

Plaintiffs base their request for additional time on the need to perform calculations regarding (1) average sales price ("ASP") data and (2) IMS Health Incorporated ("IMS") drug comparator data. Motion at 2-3. In neither instance do Plaintiffs demonstrate the diligence necessary for this Court to modify the deadline under CMO No. 13.

**1. ASP Data**

Plaintiffs first argue that their request "is primarily due to the need to calculate average sales prices for each drug identified in the AMCC by using raw transaction data provided by Defendants." Motion at 1. This claim is spurious for three reasons. First, Plaintiffs have had plenty of time to perform such calculations. Defendants started providing specific transactional data as early as January 2004. *See* Ex. A (sample of initial production letters enclosing transaction data).

Second, Plaintiffs moved the Court almost a year ago to compel Defendants to calculate average sales prices for Plaintiffs, even though Plaintiffs had access to the data they needed to do the calculations for themselves. Judge Magistrate Bowler denied their motion almost a year ago, leaving Plaintiffs to do the calculations themselves. *In re Pharm. Industry Average Wholesale Price Litig.*, No. 01-cv-12257, MDL 1456 (D. Mass. Sept. 27, 2004). There is less cause now than there was a year ago to excuse the Plaintiffs from performing their own calculations, and Plaintiffs have given no sufficient reason to warrant giving them more time to do what they have already had almost a year to do.

Third, Plaintiffs proposed the current deadline on February 25, 2005, and they fail to recount any specific developments that occurred *after* February 25, 2005 that obstructed their ability to work with the data. Pls.' Mem. Regarding Scheduling at 2. Plaintiffs merely state that

they "have been forced over the last eight months to conduct numerous depositions and engage in extensive meet and confers." Motion at 2. These events were surely foreseeable to Plaintiffs. Misjudging the amount of time necessary to take discovery and prepare expert reports does not constitute "good cause" to justify modifying a case management order. *See* 3 MOORE'S FEDERAL PRACTICE, § 16.14 (noting that "good cause" is likely to be found only when "the need for more time was neither foreseeable nor [the moving party's] fault").

**2. IMS Data**

Plaintiffs state that "another task that has not been completed is production of drug comparator data," Motion at 2, but this argument is also without merit. Plaintiffs have never, to Defendants' knowledge, sought this information from IMS directly, whether through purchasing the data from IMS, which provides such information on a commercial basis, or subpoenaing the data from IMS. Instead, Plaintiffs made dilatory initial efforts to obtain IMS data from Defendants. Their first request – for documents "concerning communications between you and IMS Health (or any similar entity providing pharmaceutical database information) concerning or relating to any of your AWPIDs" – was so vague and conclusory as to be objectionable. *See* Ex. B (sample of responses to Plaintiffs' request). Defendants did object, and Plaintiffs never moved to compel.

Instead, Plaintiffs waited to serve additional requests for IMS data until just six weeks before the discovery deadline and ten weeks before their expert liability reports were due. Motion at 3 (noting requests were served on July 19, 2005).[2] Defendants objected to these

[2] Plaintiffs fail to mention the supplemental requests for IMS data they served on the eve of the fact discovery cutoff; one such request came on the same day that Plaintiffs petitioned this Court for an extension of time. *See* Pls.' Am. and/or Supplemental Req. for Produc. of Docs. to Phase 1 Defs. Relating to IMS Data (Aug. 31, 2005), attached hereto as Ex. C.

requests based on, *inter alia*, their contractual obligations to IMS that limit disclosure of such data. *See* Ex. D (sample response to Plaintiffs' request). Defendants also suggested that it would be more appropriate for Plaintiffs to directly subpoena IMS. *Id.*

### B. Plaintiffs Should Be Held to the Deadline for Expert Liability Reports that They Proposed

Plaintiffs requested the deadline they now seek to change. In February 25, 2005, Plaintiffs recommended that their expert liability reports be due on September 31, 2005 [*sic*] and that Defendants' expert liability reports be due on November 15, 2005. Pls.' Mem. Regarding Scheduling at 2. At the time, Plaintiffs rejected Defendants' proposal, which would have made expert liability reports due 210 days after an unappealed order of the court on class certification or the Court of Appeals' final judgment on any appeal from class certification. *Id.* at 3. They stated that such a "stretched out schedule is simply too long and should be rejected." *Id.*

Having requested the current deadline, Plaintiffs should be required to adhere to it. Courts typically refuse to grant extensions when parties have proposed scheduling modifications and then failed to meet their own deadlines. "When a litigant seeks an extension of time and proposes a compliance date, the court is entitled to expect that the litigant will meet its self-imposed deadline." *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43 (1st Cir. 2002) (affirming dismissal of action for failure to comply with scheduling orders); *Mendez*, 900 F.2d at 6 ("The court, which gave appellant precisely the amount of time he requested, was entitled to rely on the implication that 30 days was enough."). The same result is compelled here.

## II. IF PLAINTIFFS' MOTION TO EXTEND IS GRANTED, AN ALTERNATIVE SCHEDULE SHOULD BE ADOPTED

Should the Court be inclined to adopt the Plaintiffs' request for an extension, Defendants respectfully recommend an alternative schedule that would make Defendants' liability reports due on February 15, 2006. The Plaintiffs' proposal, if granted, would provide their experts with ten additional weeks in order to prepare their liability report. Motion at 4. Defendants, however, would still have only six weeks to respond to Plaintiffs' analysis, and those six weeks would now run over the holidays. *Id.* If the Court is inclined to grant Plaintiffs' request for an extension, Defendants submit that an additional 15 days - moving the proposed deadline for Defendant reports from January 30, 2006 to February 15, 2006 - would be appropriate.

## CONCLUSION

For all the foregoing reasons, the Court should deny Plaintiffs' Motion to Extend Expert Witness Disclosures and Discovery or, in the alternative, adopt an alternative schedule.

Dated: September 14, 2005

Respectfully submitted,
THE TRACK ONE DEFENDANTS

By attorneys,

/s/ Eric P. Christofferson_____
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corp. and Warrick Pharmaceuticals Corp.*

William F. Cavanaugh, Jr.
Andrew D. Schau
Erik Haas
Adeel Mangi
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2824

*Attorneys for the Johnson & Johnson*

Nicholas C. Theodorou (BBO #496730)
Lucy Fowler (BBO #647929)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110

D. Scott Wise
Michael Flynn
Kimberley Harris
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017

*Attorneys for AstraZeneca Pharmaceuticals LP*

Steven M. Edwards
Lyndon M. Tretter
HOGAN & HARTSON, LLP
875 Third Avenue, Suite 2600
New York, New York 10022

*Attorneys for the Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., Apothecon, Inc.*

Mark H. Lynch
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-7566

Frederick G. Herold
DECHERT LLP
975 Page Mill Road
Palo Alto, CA 94304-1013

Mark D. Seltzer
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, Massachusetts 02116

*Attorneys for SmithKlineBeecham Corp. d/b/a GlaxoSmithKline*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2005, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Eric P. Christofferson_____
Eric P. Christofferson