# EXHIBIT B



SERVED
04/26/04
05:04 PM ET
AMP-MDL No. 1456

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LIGITATION | ) ) ) ) ) MDL No. 1456 |
|  | ) Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | ) Judge Patti B. Saris ) ) ) ) ) |

### RESPONSE OF SCHERING-PLOUGH CORPORATION AND WARRICK PHARMACEUTICALS CORPORATION TO PLAINTIFFS' OMNIBUS REQUESTS FOR PRODUCTION AND INTERROGATORIES

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the District of Massachusetts, Defendants, Schering-Plough Corporation and Warrick Pharmaceuticals Corporation (collectively "Schering") by their undersigned counsel, hereby respond to Plaintiffs' Omnibus Requests for Production and Interrogatories (the "Omnibus Requests"; the "Requests") as follows:

### PRELIMINARY STATEMENT

1. By responding to the Requests, Schering does not waive or intend to waive: (a) any objections as to the competency, relevancy, materiality, privilege or admissibility as evidence, for any purpose, of any documents or information produced in response to the Requests; (b) the right to object on any ground to the use of the documents or information produced in response to the Requests at any hearing or trial; (c) the right to object on any ground at any time to a demand for further responses to the Requests; or (d) the right at any time to revise, correct, add to, supplement, or clarify any of the responses contained herein.

9425492_3



Response to Request No. 29:

In addition to the General Objections set forth above, Schering objects to Request No. 29 on the grounds that it is overly broad and that responding to the Request as stated would be unduly burdensome. Schering further objects on the ground that the term "supporting detail and data" is vague and ambiguous. Subject to these objections, Schering will make available for inspection non-privileged documents, other than documents from its Managed Care division, responsive to Request No. 29 for the Subject Drugs, if any such documents exist. Schering will also make available for inspection documents related to Managed Care contracts with the top three PBMs, HMOs, staff-model HMOs, and GPOs for the Subject Drugs.

Request No. 30.   All documents concerning communications between you and IMS Health (or any similar entity providing pharmaceutical database information) concerning or relating to any of your AWPIDs.

Response to Request No. 30:

In addition to the General Objections set forth above, Schering objects to Request No. 30 on the grounds that it is overly broad and that responding to the Request as stated would be unduly burdensome. Specifically, Schering objects to Request No. 30 to the extent it calls for "all documents concerning communications between you and IMS Health . . . ." Schering further objects to Request No. 30 on the grounds that it calls for the production of documents that are irrelevant and unlikely to lead to the discovery of admissible evidence and to the extent it calls for information that Schering is prohibited by contract from disclosing.

Request No. 31.   For each of your AWPIDs, documents sufficient to estimate the number of patients taking the AWPID over each one year period.

Response to Request No. 31:

Subject to the General Objections set forth above, Schering will make available for inspection non-privileged documents responsive to Request No. 31 for the Subject Drugs, if any such documents exist.

Request No. 32.   For each of your AWPIDs, all documents concerning your actual, potential, or expected revenues and/or profits from the sale of that AWPID.

Response to Request No. 32:

In addition to the General Objections set forth above, Schering objects to Request No. 32 on the grounds that it is overly broad and that responding to the Request as stated would be unduly burdensome. Specifically, Schering objects to Request No. 32 to the extent it seeks "all



SERVED 05/03/04 03:35 PM ET AMP-MDL No. 1456

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | )<br>)<br>)<br>)<br>)<br>) MDL No. 1456<br>)<br>) Civil Action: 01-CV-12257-PBS<br>) |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS and 01-CV-339 | ) Judge Patti B. Saris<br>)<br>) |

### RESPONSES OF DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY, ONCOLOGY THERAPEUTICS NETWORK CORPORATION AND APOTHECON, INCORPORATED TO PLAINTIFFS' OMNIBUS REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the District Court for the District of Massachusetts, and the case management orders of the Court, Defendants Bristol-Myers Squibb Company, Oncology Therapeutics Network Corporation, and Apothecon, Incorporated (collectively "BMS Group"), by their attorneys, submit the following responses and objections to Plaintiffs' Omnibus Request for Production of Documents and Interrogatories ("Omnibus Request").

### PRELIMINARY STATEMENT

1. These responses and objections are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and



(h)   Documents that indicate whether the AWP, ASP, AMP and Earned Margin include all rebates, chargebacks, discounts, allowances, credits, administrative fees, price/volume discounts and any other incentives provided to third parties.

(i)   Documents summarizing all rebates, chargebacks, discounts, allowances, credits, administrative fees, price volume discounts or other incentives.

**Response:**

BMS Group objects to this request to the extent it is duplicative of Request No. 18 of Plaintiffs' First Request, dated December 3, 2003, and BMS Group refers Plaintiffs to its objections and responses to the First Request. BMS Group further objects to the terms "ASP," "earned margin," "actual product cost," "incentives," "price volume discounts," and "allowances" because they are vague, ambiguous and/or undefined. BMS Group also objects on the grounds that the request is overly broad and unduly burdensome. Subject to the foregoing Preliminary Statement and General Objections, BMS Group will produce transaction and rebate data in electronic form pursuant to its agreement with Plaintiffs.

29.   For each of your AWPIDs, all agreements for sale of the AWPID, whether or not those contracts are with customers who purchased the AWPID directly, including drafts, correspondence, and supporting detail and data (in computerized form where available).

**Response:**

BMS Group objects to this request on the grounds that it is overly broad and unduly burdensome. Subject to the foregoing Preliminary Statement and General Objections, BMS Group will produce transaction and rebate data in electronic form pursuant to its agreement with Plaintiffs.

30.   All documents concerning communications between you and IMS Health (or any similar entity providing pharmaceutical database information) concerning or relating to any of your AWPIDs.

21



**Response:**

BMS Group objects to the terms "similar entity" and "pharmaceutical database information," because they are confusing, vague, ambiguous and undefined. Subject to the foregoing Preliminary Statement and General Objections, BMS Group will produce documents obtained from BMS Group personnel most likely to have information responsive to this request, if any, pursuant to its agreement with Plaintiffs.

31.   For each of your AWPIDs, documents sufficient to estimate the number of patients taking the AWPID over each one year period.

**Response:**

BMS Group incorporates the foregoing Preliminary Statement and General Objections. In addition, BMS Group objects on the grounds that the request calls for documents not in the possession, custody or control of BMS Group and is outside the scope of its agreement with Plaintiffs.

32.   For each of your AWPIDs, all documents concerning your actual, potential, or expected revenues and/or profits from the sale of that AWPID.

**Response:**

BMS Group objects to this request on the grounds that it is overly broad and unduly burdensome. Subject to the foregoing Preliminary Statement and General Objections, BMS Group will produce transaction and rebate data in electronic form pursuant to its agreement with Plaintiffs.

33.   All documents concerning or relating to the actual or potential impact of the pricing or reimbursement of any drug on the quantity of any of your AWPIDs that have been or might be sold.



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------- x
                                      )
In re: PHARMACEUTICAL INDUSTRY        )
AVERAGE WHOLESALE PRICE               )
LITIGATION                            ) MDL NO. 1456
                                      )
                                      )
------------------------------------- x Civil Action No. 01-12257-PBS
                                      )
THIS DOCUMENT RELATES TO              ) Judge Patti B. Saris
                                      )
                                      )
01-CV-12257-PBS and 01-CV-339         )
                                      )
                                      )
                                      )
------------------------------------- x

**DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S
OBJECTIONS AND RESPONSES TO PLAINTIFFS' OMNIBUS
REQUESTS FOR PRODUCTION AND INTERROGATORIES WITH
RESPECT TO DRUGS THAT WERE NOT
<u>PREVIOUSLY SUBJECT TO DISCOVERY</u>**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant AstraZeneca Pharmaceuticals LP, itself and by its undersigned counsel, hereby objects and responds to Plaintiffs' Omnibus Request for Production and Interrogatories with Respect to Drugs that Were Not Previously Subject to Discovery ("Requests and Interrogatories").[1]

---

[1] Although named as a defendant, Zeneca, Inc. has never been served with the Amended Master Consolidated Class Action Complaint. The entity referred to as AstraZeneca US does not exist.



**Request No. 30:**

All documents concerning communications between you and IMS Health (or any similar entity providing pharmaceutical database information) concerning or relating to any of your AWPIDs.

**Response:**

AstraZeneca objects to Request No. 30 on the basis that it is overly broad and unduly burdensome. AstraZeneca further objects to Request No. 30 on the ground that it seeks information that is neither relevant to this action nor likely to lead to the discovery of admissible evidence.

**Request No. 31:**

For each of your AWPIDs, documents sufficient to estimate the number of patients taking the AWPID over each one year period.

**Response:**

AstraZeneca objects to Request No. 31 on the basis that it is overly broad, unduly burdensome, vague and ambiguous and seeks documents not in the custody or control of AstraZeneca. AstraZeneca further objects to Request No. 31 on the ground that it seeks information that is neither relevant to this action nor likely to lead to the discovery of admissible evidence.

**Request No. 32:**

For each of your AWPIDs, all documents concerning your actual, potential, or expected revenues and/or profits from the sale of that AWPID.

**Response:**

AstraZeneca objects to Request No. 32 on the basis that it is overly broad, unduly burdensome and duplicative. AstraZeneca further objects to Request No.