UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 <br><br> CIVIL ACTION NO. 01-CV-12257-PBS <br><br> Judge Patti B. Saris |
| THIS DOCUMENTS RELATES TO ALL ACTIONS | Chief Mag. Judge Marianne B. Bowler |

### DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S OPPOSITION TO PLAINTIFFS' "SUPPLEMENT" TO THEIR MOTION TO COMPEL AND FOR FINDING THAT DOCUMENTS AND TESTIMONY RELATED TO ASTRAZENECA'S PRICING, MARKETING, AND SALES OF ITS PRODUCTS ARE NOT PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE RELATED TO ASTRAZENECA'S REFUSAL TO DISCLOSE NON-PRIVILEGED COMMUNICATIONS RELATED TO INTERNAL INVESTIGATIONS

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully submits this memorandum in opposition to Plaintiffs' purported "Supplement" to their Motion to Compel and for Finding that Documents and Testimony Related to AstraZeneca's Pricing, Marketing and Sales of its Products are Not Protected by the Attorney-Client Privilege Related to AstraZeneca's Refusal to Disclose Non-Privileged Communications Related to Internal Investigations (the "Supplement"). For the reasons set forth below, Plaintiffs' motion should be denied.

**PRELIMINARY STATEMENT**

Plaintiffs' purported "Supplement," filed on the last day of the discovery period, demonstrates Plaintiffs' blatant disregard for the Federal Rules of Civil Procedure and this Court's Local Rules. Plaintiffs' "Supplement" is not a supplement at all, but an entirely new motion attempting to inject new issues into those that were fully briefed and

argued before this Court several months ago. Notwithstanding the certification included with their motion, Plaintiffs failed to confer with AstraZeneca on these new issues prior to filing this motion, in violation of Local Rule 7.1. On this ground alone, Plaintiffs' motion could be denied.

More important, Plaintiffs are not entitled to the information that they seek to compel from AstraZeneca. Plaintiffs first argue that AstraZeneca should be compelled to conduct a company-wide search for all documents concerning internal inquiries or investigations conducted by AstraZeneca of any of its sales representatives for violations of policies, practices or procedures relating to the marketing, pricing, sale or contracting of Zoladex. Although the request itself was improper because it exceeded the limits under local Rule 26.1(c), AstraZeneca voluntarily agreed to produce a defined number of documents in response to this request. Plaintiffs now apparently are demanding a further indiscriminate and unreasonable search with no basis to believe it would yield any more responsive documents at all. This would place an undue burden on AstraZeneca far outweighing any possible benefit to Plaintiffs.

Plaintiffs next argue that Carol Ryan, a former AstraZeneca sales representative, should be compelled to answer questions from Plaintiffs designed to elicit the substance of a privileged conversation she had with Mr. Fullerton and outside counsel for AstraZeneca. Plaintiffs have not established any grounds for invading this privilege. Accordingly, Plaintiffs' "Supplement" should be denied.

## ARGUMENT

A.     <u>Plaintiffs' Request for Additional Internal Investigation Documents is Improper and Would Impose an Undue Burden on AstraZeneca</u>

On June 6, 2005, Plaintiffs served on AstraZeneca a seventh set of document requests, which included a request for "all documents referring, referencing, or relating to any inquiries or investigations made by AstraZeneca of any violation of any policy, procedure [sic] practice to which sales representatives who represent AstraZeneca are subject relating to the marketing, pricing, sale or contracting of AWPIDs." Among other reasons, AstraZeneca objected to this request on the ground that Plaintiffs failed to seek permission of the Court to exceed the limits on document requests set forth in Local Rule 26.1(c). However, in an effort to avoid burdening the Court with this dispute, counsel for AstraZeneca voluntarily agreed to: 1) search for responsive documents relating to Zoladex in the Legal Department's compliance files, where it reasonably believed that such documents would be found; 2) log any privileged responsive documents; and 3) produce any non-privileged responsive documents. In addition, AstraZeneca conducted a subsequent search of the personnel files of employees mentioned in responsive investigative files. As a result of these efforts, AstraZeneca will be producing a privilege log to Plaintiffs today.

To the extent Plaintiffs are arguing in their Supplement that AstraZeneca should be compelled to conduct a company-wide search for responsive documents, their request should be denied as improper under the Federal Rules of Civil Procedure and the Local Rules of this Court. As a preliminary matter, Plaintiffs' initial request was improper under Local Rule 26.1(c). Plaintiffs' demand for investigative documents was set forth in

3

the seventh set of document requests served on AstraZeneca, out of a total of ten such sets that have been served on AstraZeneca to date.[1] Yet Plaintiffs have never sought the Court's permission to exceed the limit on document requests set forth in Local Rule 26.1(c). Accordingly, Plaintiffs attempt to *compel* responses to these excessive requests should be denied. *See* Local Rule 26.1(c); s*ee also Whittingham v. Amherst College*, 163 F.R.D. 170, 171-72 (D. Mass. 1995) (noting that discovery limitations were "promulgated to enable courts to maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of 'wideranging discovery'").

Moreover, Plaintiffs' demand that AstraZeneca expand its search to a company-wide effort appears to be nothing more than harassment. As set forth fully in Stuart Fullerton's declaration, there is no reason to believe that files relating to these investigations would be stored anywhere in the company other than in the areas that have been searched. *See* Fullerton Decl. at ¶¶ 4-6. A company-wide search would impose tremendous cost and burden on AstraZeneca and is unlikely to yield much, if any, relevant evidence. In fact, Plaintiffs fail to establish any grounds, much less a reasonable basis, to support their sweeping request. Accordingly, Plaintiffs' motion should be

---

[1] The ten requests were served as follows: (1) Plaintiffs' Amended First Request for Production of Documents to AstraZeneca, Aventis, Dey, Fujisawa, Abbott, Baxter, Boehringer, Braun, BMS, GSK, Immunex, Pharmacia, Schering-Plough, and Watson (6/19/2003); (2) Plaintiffs' Omnibus Requests For Production And Interrogatories To Defendants Abbott, Amgen, Aventis, Baxter, Bayer, Boehringer, Braun, Dey, Fujisawa, Novartis, Pfizer, Pharmacia, Sicor, TAP And Watson And To All Other Defendants With Respect To Drugs That Were Not Previously Subject To Discovery (3/31/04); (3) Plaintiffs' First Request for Production of Documents to the Together Rx Defendants (4/2/04); (4) Plaintiffs' Third Set of Requests For Production of Documents to All Defendants (7/14/04); (5) Plaintiffs' Request for Production of Documents to AstraZeneca (10/22/04); (6) Rule 30(b)(6) Notice with attached document request relating to Together Rx (12/20/04); (7) Rule 30(b)(6) Notice with attached document requests relating to sales training, inquiries and investigations (6/6/05); (8) Rule 30(b)(6) Notice with attached document requests relating to sales data (7/15/05); (9) Plaintiffs' Request for Production of Documents to All Defendants Relating to IMS Data (7/19/05); (10) Plaintiffs' Second Amended and/or Supplemental Request For Production of Documents To Phase 1 Defendants Relating To IMS Data (8/31/05).

denied. *See Ameristar Jet Charter, Inc. v. Signal Composites, Inc.* 244 F.3d 189, 193 (1st Cir. 2001) (stating that courts will not permit a party to go on a discovery fishing expedition based on the "mere hope" that it might find useful evidence); *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 106 (D. Mass.) (Saris, J) (noting that multiple rounds of discovery requests cause inefficiency in the discovery process and that the district court may limit discovery if the burden or expense outweighs its likely benefit); Fed. R. Civ. P. 26 ("The frequency or extent of use of the discovery methods otherwise permitted . . . shall be limited by the court if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit . . . .").

  B. <u>Plaintiffs' Proposed Questioning of Ms. Ryan Would Invade the Attorney-Client Privilege And Is Therefore Impermissible</u>

Plaintiffs also seek to compel the testimony of a former AstraZeneca sales representative, Carol Ryan, regarding the substance of a privileged conversation she had with Mr. Fullerton and outside counsel to AstraZeneca during an internal investigation conducted into certain sales and marketing practices relating to Zoladex. Plaintiffs argue that they are entitled to know the substance of these communications, because AstraZeneca refused to allow Ms. Ryan to testify as to whether she was advised by AstraZenca's counsel to seek individual representation. Plaintiffs' argument regarding AstraZeneca's representation of Ms. Ryan is a red herring.

The questions that Ms. Ryan was instructed not to answer were, "Did the AstraZeneca attorneys at the time suggest that you should retain your own counsel?" and "Did the AstraZeneca attorneys tell you that they were representing you?" *See* "Supplement" at pp. 4, 5. The answers to these questions are irrelevant to a

determination as to whether the substance of the communications between Ms. Ryan, who was an employee of AstraZeneca, and AstraZeneca's attorneys is privileged.

Communications between AstraZeneca's attorneys and Ms. Ryan regarding the subject matter of AstraZeneca's internal investigation are protected by *AstraZeneca's* attorney-client privilege, not Ms. Ryan's, pursuant to the Supreme Court's decision in *Upjohn Co. v. United States*, 449 U.S. 383 (1981).  The Supreme Court in *Upjohn* held on very similar facts that a company's counsel's communications with employees were protected by the company's attorney-client privilege.  Specifically, counsel in *Upjohn* conducted a factual investigation in order to give legal advice to the company; the communications at issue were made by employees of the company at the direction of their superiors in order to secure legal advice from counsel; the information sought was not available from upper-echelon management; the communications concerned matters within the scope of the employees' corporate duties; and the employees were aware that they were being questioned in order to obtain legal advice.  *Upjohn*, 449 U.S. 383 at 394.

Likewise, as set forth in Mr. Fullerton's declaration, Mr. Fullerton and Mr. Dodds were conducting a factual investigation in order to give legal advice to AstraZeneca regarding certain sales and marketing practices relating to Zoladex; Ms. Ryan was requested by AstraZeneca's legal department to answer their questions in order for AstraZeneca to obtain legal advice; Ms. Ryan's knowledge was not available from anyone else; the questions asked of Ms. Ryan concerned her duties as a sales representative; and Ms. Ryan was made aware that she was being questioned in order to obtain legal advice.  Fullerton Decl. ¶¶ 7-12.

Further, Plaintiffs have no need to pursue discovery of the privileged communications between Ms. Ryan and counsel for AstraZeneca and their motion to compel such disclosure is just more harassment. Plaintiffs had ample opportunity at Ms. Ryan's deposition to question her about her actions as a Zoladex sales representative, and they did so. Invading the privilege would not aid any legitimate discovery objective. Accordingly, Plaintiffs' motion should be denied.

## CONCLUSION

For the foregoing reasons, AstraZeneca respectfully requests that the Court deny Plaintiffs' motion.

Dated: September 15, 2005

By: /s/ Lucy Fowler
Nicholas C. Theodorou (BBO #496730)
Lucy Fowler (BBO #647929)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110
(617) 832-1000

D. Scott Wise (admitted *pro hac vice*)
Kimberley Harris (admitted *pro hac vice*)
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

Attorneys for AstraZeneca Pharmaceuticals LP

**Certificate of Service**

I, Lucy Fowler, certify that a true and correct copy of Defendant AstraZeneca Pharmaceuticals LP's Opposition to Plaintiffs' "Supplement" to Plaintiffs' Motion to Compel and For Finding that Documents and Testimony Relating to AstraZeneca's Pricing, Marketing, and Sales of Its Products Are Not Protected By the Attorney Client Privilege Related to AstraZeneca's Refusal to Disclose Non-Privileged Communications Related to Internal Investigations was served on all counsel of record on September 15, 2005, by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to Verilaw Technologies for posting and notification to all parties.

                                              /s/ Lucy Fowler
                                              Lucy Fowler