UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------- x
                                      )
In Re: PHARMACEUTICAL INDUSTRY        )   MDL No. 1456
AVERAGE WHOLESALE PRICE               )
LITIGATION                            )
                                      )   Master File No. 01-CV-12257-PBS
                                      )
                                      )   Judge Patti B. Saris
------------------------------------- x
                                      )
                                      )   Chief Mag. Judge Marianne B. Bowler
This Document Relates to All Actions  )
                                      )
                                      )
                                      )
                                      )
------------------------------------- x

**DECLARATION OF STUART FULLERTON IN SUPPORT OF DEFENDANT ASTRAZENECA PHARMACEUTICAL LP'S OPPOSITION TO PLAINTIFFS' "SUPPLEMENT" TO THEIR MOTION TO COMPEL AND FOR FINDING THAT DOCUMENTS AND TESTIMONY RELATED TO ASTRAZENECA'S PRICING, MARKETING AND SALES OF ITS PRODUCTS ARE NOT PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE**

Stuart Fullerton declares and says:

1.  I am Senior Litigation Counsel for AstraZeneca Pharmaceuticals LP ("AstraZeneca" or "the Company"), located at 1800 Concord Pike, Wilmington, Delaware 19850.

2.  I am submitting this declaration in support of AstraZeneca's Opposition to Plaintiff's purported "Supplement" to their Motion to Compel and for Finding that Documents and Testimony Related to AstraZeneca's Pricing, Marketing and Sales of its Products are not Protected by the Attorney-Client Privilege (the "Supplement"). I am knowledgeable about the matters described below.

3. In response to plaintiffs' June 2005 document request, I was asked by AstraZeneca's outside counsel to conduct a search for documents referring, referencing, or relating to any internal inquiries or investigations made by AstraZeneca of any violation of any policy, procedure or practice to which AstraZeneca sales representatives are subject relating to the marketing, pricing, sale or contracting of Zoladex.

4. Internal inquiries or investigations of this type are conducted by the Legal Department. Accordingly, the vast majority of documents that might be responsive to this request would be maintained in the Legal Department's compliance files. In addition, it is possible that there may be documents related to such an investigation in the personnel files of effected employees.

5. As a result, at my direction, the foregoing search was conducted by searching the Legal Department compliance files and, subsequently, the personnel files of any effected employees.

6. An expanded search for responsive documents, if any, outside of the Legal Department and certain personnel files that have already been searched would be costly, time consuming, and burdensome on AstraZeneca. Moreover, I have no reason to believe any such search would retrieve a significant amount of additional documents.

7. On December 14, 2000, I participated in an interview of Carol Ryan, who was then a sales representative employed by Astrazeneca.

8. Jack Dodds, of Morgan Lewis & Bockius, was also present during the interview. At my request, Mr. Dodds was present in his capacity as outside counsel to AstraZeneca.

9. The purpose of this interview was to obtain information from Ms. Ryan in order to provide legal advice to AstraZeneca in connection with a then pending investigation by the United States government concerning certain sales and marketing practices relating to Zoladex® (goserelin acetate).

10. Ms. Ryan attended and participated in the interview at the request of AstraZeneca's legal department.

11. The purpose of speaking with Ms. Ryan was to learn about her particular sales and marketing practices with respect to Zoladex®.

12. Before beginning the substance of the interview, I witnessed Mr. Dodds inform Ms. Ryan that we were speaking with her in her capacity as a company employee, in order to gather information for use in providing the company with legal advice. Mr. Dodd told Ms. Ryan that the conversation was protected by the company's attorney-client privilege, and that it should be kept confidential.

13. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

By: _____
Stuart Fullerton

Dated: September 15, 2005