IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
　　　　　　　　　　　　　　　　　　　　　　:
In Re: PHARMACEUTICAL INDUSTRY　　　　:
AVERAGE WHOLESALE PRICE　　　　　　:
LITIGATION　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:　MDL No. 1456
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x　Master File No. 01-12257-PBS
　　　　　　　　　　　　　　　　　　　　　　:　Judge Patti B. Saris
　　　　　　　　　　　　　　　　　　　　　　:
This document relates to:　　　　　　　　　　:
*Int'l Union of Operating Eng'rs, Local No. 68*　　:
*Welfare Fund v. AstraZeneca PLC et al.*, Civil　　:
Action No. 04-11503-PBS　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF D. SCOTT WISE

D. Scott Wise, declares and says:

1.　I am a member of the firm Davis Polk & Wardwell, counsel to
AstraZeneca Pharmaceuticals LP in connection with the above-captioned litigation. I
submit this declaration in response to the Court's Order dated August 19, 2005.

2.　The Notice of Removal filed in this action on July 3, 2003 was drafted and
filed under my supervision. David J. Cooner, a member of the firm McCarter & English
LLP in Newark, New Jersey, serves as New Jersey counsel for AstraZeneca in this
litigation. Mr. Cooner signed the Notice of Removal, which was originally filed in the
United States District Court for the District of New Jersey, at my request and based on
my representations.

3.　In addition, as described in my prior affidavit dated May 4, 2005, this
declaration, and the attached declaration of Eric D. Gill ("Gill Declaration" or "Gill
Decl.") (attached hereto as Exhibit A), the investigation conducted prior to removal was

conducted at my direction and under my supervision. Accordingly, I am familiar with the facts and circumstances surrounding AstraZeneca's removal of this action to federal court.

4. The Court's August 19 Order directs that AstraZeneca submit an affidavit explaining the factual basis for the July 3, 2003 Notice of Removal, in particular the statement therein that that "Counsel for AstraZeneca is further informed and believes, based on this investigation, that all defendants will consent to this removal and join herein following the service of process."

5. The factual basis is as follows:

(a) A collection of summonses that accompanied the complaint sent to Davis Polk & Wardwell and dated June 30, 2005 each stated, as the "Name of Defendant to be Served," the name of each Defendants' outside counsel, identified as "national" counsel for that Defendant (summonses directed to counsel for the doctors are attached hereto as Exhibit B). This suggested that Plaintiffs' counsel was attempting to effect service on the parties by sending the summonses and complaint to "national" outside counsel for each party, as they had to Davis Polk & Wardwell, with an informal request to accept service.[1] Based on my discussions with New Jersey counsel, we did not believe that delivery of the summons and complaint in this manner would be effective service under New Jersey law. Accordingly, we did not believe that the consent of any

---

[1] The cover letters confirm that this was the case. *See* letter from Donald Haviland to Michael Mustakoff and Thomas P. McGonigle dated June 30, 2003, attached as Exhibit 2 to AstraZeneca's Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion for Remand, May 6, 2005.

defendant was required for removal.  Nonetheless, we attempted to contact all defendants to determine whether any defendant had been served such that their consent to removal would be required.

(b)     First, as described in my May 4, 2005 affidavit, I sent an e-mail on July 3, 2003 to all corporate defendants named in this action (or the parent or successor company).  Although the purpose of my inquiry was to determine whether any defendant had been served (and thus whether their consent was required), many defendants indicated in their responsive e-mails not only that they had not been served, but also that they would consent to removal if served.

(c)     Those corporate defendants that did not expressly indicate their consent to removal of this case in response to my e-mail had previously consented to removal in virtually identical AWP-related cases.  Accordingly, on July 3, 2003, I believed, based on these e-mail communications and the prior practice of these same corporate defendants in virtually identical cases, that all corporate defendants would consent to removal and join in the Notice of Removal once served.

(d)     In addition, as described in the attached Declaration of Eric Gill, Mr. Gill, a former associate at Davis Polk & Wardwell, Mr. Gill contacted counsel for Drs. Berkman and Hopkins by telephone on July 3, 2003.  Both Mr. Sherman, counsel to Dr. Berkman, and Mr. Fernandez, counsel to Dr. Hopkins, said that they did not believe their clients had been properly served.  Accordingly, we concluded, on July 3, 2003, that we did not need Dr. Berkman's or Dr. Hopkins' consent to removal.

3

(e)     Mr. Gill also informed Mr. Sherman and Mr. Fernandez that AstraZeneca intended to remove the case to federal court. As set forth in Mr. Gill's declaration, neither Mr. Sherman nor Mr. Fernandez indicated any objection to AstraZeneca proposed course of action or stated that he would not consent to removal.

(f)     I also attempted to reach counsel for the third individual defendant, Dr. Antoun, by telephone on July 3, 2003 to inquire as to whether Dr. Antoun had been served. After several attempts, I was informed that Dr. Antoun's counsel, Mr. Mustokoff, was unreachable, because he was on trial.

(g)     As noted above, we were advised by New Jersey counsel that sending a copy of the summons and complaint to counsel for a defendant with a request to accept service, as Plaintiffs had done here, was not proper service under New Jersey law. We were further informed by New Jersey counsel that, for service in this manner to be effective, the defendants at issue would have to answer the complaint or otherwise appear. We were not able to locate any evidence that Mr. Mustokoff had appeared in any way on behalf of Dr. Antoun by July 3, 2003. Accordingly, we concluded on July 3, 2003, that Dr. Antoun's consent to removal was not required since service had not been effected.

(h)     Moreover, we had good reason to believe that all three individual defendants would conclude that removal and transfer to the MDL would be in their interest. Under the Court's orders governing the MDL proceeding, we believed that removal and transfer of this action to the AWP MDL would likely minimize the chances that the case would be actively prosecuted against them.

4

CMO 2 states that the consolidated class action complaint amends all class action complaints subsequently transferred to the AWP MDL. *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456 (D. Mass. July 23, 2002) (Case Management Order No. 2). The various consolidated class complaints in the MDL had never asserted any claims against individual defendants, and consistent with this history, the consolidated complaint at that time named only pharmaceutical manufacturers as defendants. (Indeed, in the two years following transfer of this case, the individual defendants have not been added as defendants in the consolidated complaint and these three doctors have not had to participate as parties.) Thus, we concluded that the individual defendants would likely see it in their interest to consent to removal.

(i)     As set forth in the attached Gill Declaration and the Declaration of John C. Dodds, attached hereto as Exhibit C, at no time prior to removal of this action on July 3, 2003 did Mr. Sherman, Mr. Fernandez or Mr. Mustokoff inform counsel for AstraZeneca or Mr. Dodds that they objected to removal.

(j)     While it is true that, in two other AWP-related cases filed by Plaintiffs' counsel, certain individual defendants refused to consent to removal and then settled with Plaintiffs' counsel for no apparent consideration other than cooperation, in both of those cases the same group of individual defendants had been named, and Drs. Antoun, Berkman and Hopkins were not among that group of individual defendants. Accordingly, we had no reason to expect that these different individual defendants would object to removal. It was not until after Plaintiffs filed their Motion to Remand on July 9, 2003, which was based in part

5

on the denial of consent by Drs. Antoun, Berkman and Hopkins, that AstraZeneca began to suspect that these individuals or their counsel may have had settlement discussion with Plaintiffs' counsel and that they may have been named in a gambit to defeat removal. But prior to removal, we had no reason to believe that this would occur.

6.     The Court has also ordered counsel for AstraZeneca to inform the Court whether we dispute the statements made by Mr. Mustokoff and Mr. Fernandez in their clients' joinders in Plaintiffs' Motion to Remand that counsel for AstraZeneca sought their clients' consent and that that consent was refused. As stated above, at no time prior to removal of this action on July 3, 2003, did Mr. Fernandez or Mr. Mustokoff inform counsel for AstraZeneca that they did not consent to removal. To the extent Dr. Antoun's and Dr. Hopkins' Joinders are intended to state or suggest otherwise, those Joinders are mistaken. As set forth in the Dodds Declaration, on July 8, subsequent to removal, Mr. Dodds spoke with counsel for Dr. Antoun for the first time regarding the NJ action. Mr. Dodds does not recall whether he inquired about Dr. Antoun's consent to removal or whether Mr. Mustokoff told him that Dr. Antoun did not consent. As indicated above, neither I nor anyone at Davis Polk to my knowledge spoke with Mr. Mustokoff before the filing of the removal petition. Accordingly, no one from Davis Polk asked for Mr. Mustokoff's consent on behalf of Dr. Antoun, nor did Mr. Mustokoff communicate Dr. Antoun's intention to deny consent, prior to the filing of the removal petition. As to whether Dr. Hopkins' counsel, Mr. Fernandez, verbally communicated Dr. Hopkins' denial of consent, again, as set forth above, no such denial of consent was conveyed prior to the filing of the removal petition. Subsequent to the removal, I have no recollection of

6

seeking (or directing Mr. Gill or anyone else to seek) information regarding Dr. Hopkin's position with respect to removal. Indeed, I have no recollection of speaking to, or directing anyone else to speak to, Mr. Fernandez on the subject after the filing of the removal petition.

7. In sum, we did not believe that the consent of the individual defendants was required for removal of this action on July 3, 2003, because they had not been properly served under New Jersey law. We submit that our conclusion in this regard is still correct, and that it should defeat plaintiffs' motion to remand. Although not required, our petition went further to state, based on the facts and circumstances described above, our good faith belief that all defendants would consent to removal once served.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 19, 2005

D. Scott Wise

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

This document relates to:

*Int'l Union of Operating Eng'rs, Local No. 68
Welfare Fund v. AstraZeneca PLC et al., Civil
Action No. 04-11503-PBS*

MDL No. 1456

Master File No. 01-12257-PBS

Judge Patti B. Saris

## DECLARATION OF ERIC D. GILL

ERIC D. GILL, declares and says:

1.  I am a former associate at the firm of Davis Polk & Wardwell, attorneys
    for defendant AstraZeneca Pharmaceuticals L.P. ("AstraZeneca") in the
    above-captioned action (the "New Jersey Action"). I am currently a senior
    associate at Pillsbury Winthrop Shaw Pittman LLP. I submit this
    declaration in connection with the Court's Memorandum and Order dated
    August 19, 2005.

2.  While employed at Davis Polk & Wardwell, I assisted D. Scott Wise with
    Davis Polk & Wardwell's representation of AstraZeneca. As a result, I am
    familiar with the facts and circumstances surrounding the removal of this
    action on July 3, 2003.

3.  As described in Scott Wise's affidavit dated May 4, 2005, at or around
    10:45 a.m. on July 3, 2003, I telephoned Jack Fernandez, Esq., who I
    understood at the time to be counsel for defendant Stanley C. Hopkins,
    M.D. I asked Mr. Fernandez whether his client had been properly served

in the above-captioned action.  Mr. Fernandez told me that he did not believe his client had been served.

4. Although Dr. Hopkins' consent to removal was not required under prevailing case law because he had not been served, I informed Mr. Fernandez that AstraZeneca intended to remove the case to federal court. At no time during the conversation did Mr. Fernandez indicate that his client would not consent to removal.  In fact, Mr. Fernandez did not express any objection to AstraZeneca's proposed course of action.

5. Shortly after my call to Mr. Fernandez, I telephoned Terry Sherman, Esq., who I understood to be counsel for defendant Robert A. Berkman, M.D. Similar to my conversation with Mr. Fernandez, I asked Mr. Sherman whether his client had been properly served with the complaint in the above-captioned action.  Mr. Sherman told me that he did not believe that proper service had been achieved.  Indeed, Mr. Sherman did not seem aware of the complaint at all and asked me several questions about it.

6. Again, although Dr. Berkman's consent to removal was not required under prevailing case law because he had not been served, I informed Mr. Sherman that AstraZeneca intended to remove the case to federal court. At no time during the conversation did Mr. Sherman indicate that his client did not consent to removal.  In fact, Mr. Sherman did not express any objection to AstraZeneca's proposed course of action.

7. Based on my conversations with Mr. Fernandez and Mr. Sherman, I did not believe that either Dr. Hopkins or Dr. Berkman had been properly served with the complaint in the above-captioned action as of July 3, 2003, nor did I have any reason to believe on July 3, 2003 that they would not consent to removal if served.

8.  The Court asks in the August 19 Order for the factual basis for the statement in the July 3, 2003 Notice of Removal that "Counsel for AstraZeneca is further informed and believes, based on this investigation, that all defendants will consent to this removal and join herein following the service of process."

9.  With respect to Drs. Hopkins and Berkman, the factual basis for that statement was the conversations described above, in which counsel for both defendants were informed of AstraZeneca's intent to remove, and neither expressed any objection or indicated in any way that they would not consent to removal.

10. The Court also asks in the August 19 Order whether counsel disputes the statements made by counsel for Dr. Hopkins in paragraphs 6 and 7 of Dr. Hopkins' August 4, 2003 Joinder in Plaintiffs' Motion to Remand.

11. Neither paragraph 6 nor paragraph 7 indicate the date on which Dr. Hopkins' counsel contends the communications described in those paragraphs took place. To the extent that counsel for Dr. Hopkins intended to state or suggest that those communications occurred prior to AstraZeneca's removal of this action on July 3, 2003, those statements are mistaken. As described above, during our conversation on July 3, 2003, I did not ask Mr. Fernandez for Dr. Hopkins' consent and Mr. Fernandez did not communicate to me Dr. Hopkins' denial of consent.

12. I do not recall any conversations with Mr. Fernandez after removal on July 3, 2003.

13. I declare under penalty of perjury that the foregoing is true and correct.

_Eric D. Gill_
Eric D. Gill

3

# EXHIBIT B

2628/1.17

# Lynch ✦ Martin
(LYNCH, MARTIN, KANE, KUPER, KEEFE & BARTELS. L.L.C.)
830 Broad Street
Shrewsbury, New Jersey 07702
732-224-9400 telephone
732-224-9494 facsimile

COUNSEL FOR PLAINTIFF AND THE CLASS

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND, <br> Plaintiff, <br> v. <br> AstraZeneca PLC; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Zeneca, Inc.;TAP Pharmaceutical Products, Inc.; Abbott Laboratories; Takeda Chemical Industries, Ltd.; Bayer AG; Bayer Corporation; Miles Laboratories, Inc.; Cutter Laboratories, Inc.; GlaxoSmithKline, P.L.C.; SmithKline Beecham Corporation; Glaxo Wellcome, Inc.; Pharmacia Corporation; Pharmacia & Upjohn, Inc.; Monsanto Company; G.D. Searle Company; Sanofi-Synthelabo Inc.; Johnson & Johnson; Alza Corporation; Centocor, Inc.; Ortho Biotech, Inc.; Alpha Therapeutic Corporation; Hoffman La-Roche Inc.; Amgen, Inc.; Immunex Corporation; Aventis Pharmaceuticals, Inc.; Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.; Centeon, L.L.C.; Armour Pharmaceuticals; Baxter International Inc.; Baxter Healthcare Corporation; Immuno-U.S., Inc.; Boehringer Ingelheim Corporation; Ben Venue Laboratories, Inc.; Bedford Laboratories; Roxane Laboratories, Inc.; Bristol-Myers Squibb Company; Oncology Therapeutics Network Corporation; Apothecon, Inc.; Dey, Inc.; Fujisawa Pharmaceutical Co., Ltd.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; Novartis International AG; Novartis Pharmaceutical Corporation; Sandoz Pharmaceutical Corporation; Schering-Plough Corporation; Warrick Pharmaceuticals Corporation; Sicor, Inc.; Gensia Sicor Pharmaceuticals, Inc.; Wyeth; Wyeth Pharmaceuticals; Saad Antoun, M.D.; Stanley C. Hopkins, M.D.; Robert A. Berkman, M.D.; Does 1-50; ABC Corporations 1-50; and XYZ Partnerships; and Associations 1-50, <br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br><br> EQUITY DIVISION <br><br> MONMOUTH COUNTY <br><br> CIVIL ACTION NO. _____ <br><br> JURY TRIAL DEMANDED <br><br> SUMMONS |

## INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND, TO THE NAMED DEFENDANTS:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the County listed above within 35 days

6/30/03

from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice complex, CN—971, Trenton, NJ 08625. A $110.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk if the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: June 30, 2003  */s/ Claire French*

**CLAIRE FRENCH**, Clerk, Superior Court

Name of Defendant to be Served:

Terry K. Sherman, Esquire
52 West Whittier Street
Columbus, OH 43206
*National counsel for defendant, Robert A. Berkman, M.D.*

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil division. Direct Filing
1201 Bacharach Blvd.. First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(732) 488-0044
LEGAL SERVICES
(732) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First F.. Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts. P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 692-6207
LEGAL SERVICES
(609) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King Jr., Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl.. Court House
1 North Broad Street. P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES
(609) 848-5360

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office. Courthouse
175 South Broad Street, P.O. Box
8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick. NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1262
Court House. East Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street. P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(609) 678-8363
LEGAL SERVICES
(609) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**CAMDEN COUNTY:**
Deputy Clerk of the superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth Street
Camden. NJ 08103
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-209
Cape May Court House. NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court. Civil Records Dept.
Brennan Court House - 1st Floor
Administration Building
583 Newark Avenue
Jersey City. NJ 07306
LAWYER REFERRAL
(732) 798-2727
LEGAL SERVICES
(732) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL
(609) 735-2611
LEGAL SERVICES
(609) 782-7979

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown. NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson. NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(973) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
Belvidere, NJ 07823-1500
LAWYER SERVICE
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

2628/1.15

**Lynch ✦ Martin**
(LYNCH, MARTIN, KANE, KUPER, KEEFE & BARTELS, L.L.C.)
830 Broad Street
Shrewsbury, New Jersey 07702
732-224-9400 telephone
732-224-9494 facsimile

COUNSEL FOR PLAINTIFF AND THE CLASS

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND,<br><div align="center">Plaintiff,</div><br><div align="center">v.</div><br>AstraZeneca PLC; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Zeneca, Inc.;TAP Pharmaceutical Products, Inc.; Abbott Laboratories; Takeda Chemical Industries, Ltd.; Bayer AG; Bayer Corporation; Miles Laboratories, Inc.; Cutter Laboratories, Inc.; GlaxoSmithKline, P.L.C.; SmithKline Beecham Corporation; Glaxo Wellcome, Inc.; Pharmacia Corporation; Pharmacia & Upjohn, Inc.; Monsanto Company; G.D. Searle Company; Sanofi-Synthelabo Inc.; Johnson & Johnson; Alza Corporation; Centocor, Inc.; Ortho Biotech, Inc.; Alpha Therapeutic Corporation; Hoffman La-Roche Inc.; Amgen, Inc.; Immunex Corporation; Aventis Pharmaceuticals, Inc.; Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.; Centeon, L.L.C.; Armour Pharmaceuticals; Baxter International Inc.; Baxter Healthcare Corporation; Immuno-U.S., Inc.; Boehringer Ingelheim Corporation; Ben Venue Laboratories, Inc.; Bedford Laboratories; Roxane Laboratories, Inc.; Bristol-Myers Squibb Company; Oncology Therapeutics Network Corporation; Apothecon, Inc.; Dey, Inc.; Fujisawa Pharmaceutical Co., Ltd.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; Novartis International AG; Novartis Pharmaceutical Corporation; Sandoz Pharmaceutical Corporation; Schering-Plough Corporation; Warrick Pharmaceuticals Corporation; Sicor, Inc.; Gensia Sicor Pharmaceuticals, Inc.; Wyeth; Wyeth Pharmaceuticals; Saad Antoun, M.D.; Stanley C. Hopkins, M.D.; Robert A. Berkman, M.D.; Does 1-50; ABC Corporations 1-50; and XYZ Partnerships; and Associations 1-50,<br><div align="center">Defendants.</div> | SUPERIOR COURT OF NEW JERSEY<br><br>EQUITY DIVISION<br><br>MONMOUTH COUNTY<br><br>CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED<br><br>**SUMMONS** |

**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND, TO THE NAMED DEFENDANTS:**

     **The plaintiff,** named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the County listed above within 35 days

6/30/03

from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice complex, CN—971, Trenton, NJ 08625. A $110.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk if the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: June 30, 2003   */s/ Claire French*

**CLAIRE FRENCH**, Clerk, Superior Court

Name of Defendant to be Served:

Jack Fernandez, Esquire
**ZUCKERMAN, SPAEDER, LLP**
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602
*National counsel for defendant, Stanley C. Hopkins, M.D.*

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(732) 488-0044
LEGAL SERVICES
(732) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First F., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts. P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 692-6207
LEGAL SERVICES
(609) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King Jr., Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES
(609) 848-5360

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street, P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(609) 678-8363
LEGAL SERVICES
(609) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**CAMDEN COUNTY:**
Deputy Clerk of the superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
Administration Building
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(732) 798-2727
LEGAL SERVICES
(732) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL
(609) 735-2611
LEGAL SERVICES
(609) 782-7979

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(973) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
Belvidere, NJ 07823-1500
LAWYER SERVICE
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

2628/1.13

# Lynch ✦ Martin

(LYNCH, MARTIN, KANE, KUPER, KEEFE & BARTELS, L.L.C.)
830 Broad Street
Shrewsbury, New Jersey  07702
732-224-9400 telephone
732-224-9494 facsimile

COUNSEL FOR PLAINTIFF AND THE CLASS

---

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND,<br><br>                          Plaintiff,<br><br>        v.<br><br>AstraZeneca PLC; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Zeneca, Inc.;TAP Pharmaceutical Products, Inc.; Abbott Laboratories; Takeda Chemical Industries, Ltd.; Bayer AG; Bayer Corporation; Miles Laboratories, Inc.; Cutter Laboratories, Inc.; GlaxoSmithKline, P.L.C.; SmithKline Beecham Corporation; Glaxo Wellcome, Inc.; Pharmacia Corporation; Pharmacia & Upjohn, Inc.; Monsanto Company; G.D. Searle Company; Sanofi-Synthelabo Inc.; Johnson & Johnson; Alza Corporation; Centocor, Inc.; Ortho Biotech, Inc.; Alpha Therapeutic Corporation; Hoffman La-Roche Inc.; Amgen, Inc.; Immunex Corporation; Aventis Pharmaceuticals, Inc.; Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.; Centeon, L.L.C.; Armour Pharmaceuticals; Baxter International Inc.; Baxter Healthcare Corporation; Immuno-U.S., Inc.; Boehringer Ingelheim Corporation; Ben Venue Laboratories, Inc.; Bedford Laboratories; Roxane Laboratories, Inc.; Bristol-Myers Squibb Company; Oncology Therapeutics Network Corporation; Apothecon, Inc.; Dey, Inc.; Fujisawa Pharmaceutical Co., Ltd.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; Novartis International AG; Novartis Pharmaceutical Corporation; Sandoz Pharmaceutical Corporation; Schering-Plough Corporation; Warrick Pharmaceuticals Corporation; Sicor, Inc.; Gensia Sicor Pharmaceuticals, Inc.; Wyeth; Wyeth Pharmaceuticals; Saad Antoun, M.D.; Stanley C. Hopkins, M.D.; Robert A. Berkman, M.D.; Does 1-50; ABC Corporations 1-50; and XYZ Partnerships; and Associations 1-50,<br><br>                          Defendants. | SUPERIOR COURT OF NEW JERSEY<br><br>EQUITY DIVISION<br><br>MONMOUTH COUNTY<br><br>CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED<br><br>**SUMMONS** |

---

## INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND, TO THE NAMED DEFENDANTS:

**The plaintiff,** named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the County listed above within 35 days

6/30/03

from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice complex, CN—971, Trenton, NJ 08625. A $110.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk if the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: June 30, 2003  */s/ Claire French*

**CLAIRE FRENCH**, Clerk, Superior Court

Name of Defendant to be Served:

Michael Mustokoff, Esquire
**DUANE MORRIS LLP**
One Liberty Place, Suite 4200
Philadelphia, PA  19103-7396
*National counsel for Saad Antoun, M.D.*

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(732) 488-0044
LEGAL SERVICES
(732) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First F., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts. P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 692-6207
LEGAL SERVICES
(609) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King Jr., Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES
(609) 848-5360

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street, P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(609) 678-8363
LEGAL SERVICES
(609) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**CAMDEN COUNTY:**
Deputy Clerk of the superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
Administration Building
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(732) 798-2727
LEGAL SERVICES
(732) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL
(609) 735-2611
LEGAL SERVICES
(609) 782-7979

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(973) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
Belvidere, NJ 07823-1500
LAWYER SERVICE
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

# EXHIBIT C

SEP-13-2005 1:01:43 12257-PBS Bth06 Document 1720-2 Filed 09/19/05 1215963501 24 P.02/03
Case 1:01-cv-12257-PBS Document 1720-2 Filed 09/19/2005 Page 23 of 24

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| This document relates to: | Master File No. 01-12257-PBS |
| *Int'l Union of Operating Eng'rs, Local No. 68 Welfare Fund v. AstraZeneca PLC et al., Civil Action No. 04-11503-PBS* | Judge Patti B. Saris |

### DECLARATION OF JOHN C. DODDS

John C. Dodds, declares and says:

1.    I am a member of the firm Morgan Lewis & Bockius LLP. I represent Pfizer Inc. and Pharmacia Corp. in connection with the above-captioned litigation. I previously represented AstraZeneca Pharmaceuticals LP ("AstraZeneca") in connection with a government investigation of certain sales and marketing practices relating to an AstraZeneca product named Zoladex.

2.    I submit this Declaration in response to the Court's August 19, 2005 Order. In that Order, the Court asks counsel for AstraZeneca to state whether they dispute certain statements made by counsel to Dr. Saad Antoun in Dr. Antoun's July 18, 2005 Joinder in Plaintiffs' Motion to Remand.

3.    In that Joinder, Dr. Antoun's counsel states that Dr. Antoun's consent to removal was sought by counsel for AstraZeneca (¶ 5). Dr. Antoun's counsel also states that he communicated Dr. Antoun's denial of consent to removal to me (¶ 6).

4.  Neither paragraph 5 nor paragraph 6 indicate on what date the communications described therein occurred.

5.  To the best of my recollection, which is consistent with my calendar entries, I first called counsel for Dr. Antoun regarding this matter on July 8, 2003, several days after the Notice of Removal was filed. I informed counsel for Dr. Antoun that, while I had represented AstraZeneca in the government investigation, I was representing Pfizer and Pharmacia in this matter, and that I had been asked by Scott Wise, counsel to AstraZeneca in connection with this litigation, to contact counsel for Dr. Antoun, with whom I am acquainted.

6.  As to the substance of our conversation, I do not recall specifically whether I inquired about Dr. Antoun's consent to removal, or whether Dr. Antoun's counsel told me that Dr. Antoun did not consent to removal. I do recall generally discussing the removal of this action, and that Dr. Antoun's counsel indicated to me that he believed it was in his client's best interest to cooperate with Mr. Donald Haviland, counsel to Plaintiffs, in connection with this litigation.

7.  I declare under penalty of perjury that the foregoing is true and correct.

John C. Dodds
John C. Dodds

2