UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 Master File No. 01-12257-PBS |
|---|---|

**NON-PARTY EMPIRE BLUE CROSS BLUE SHIELD'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO QUASH SUBPOENA SEEKING DEPOSITION TESTIMONY AND FOR A PROTECTIVE ORDER**

Non-Party Empire Blue Cross Blue Shield ("Empire") respectfully submits this Reply memorandum in further support of its motion to quash the Rule 30(b)(6) deposition subpoena (the "Subpoena") served upon it by Defendants Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc. ("Defendants"), and for entry of a protective order (the "Motion").

**ARGUMENT**

Defendants' Subpoena seeks documents and deposition testimony relating primarily to Empire's reimbursement for chemotherapy drugs, services or treatments provided to Empire's subscribers. As noted in its Motion, Empire has produced all documents in its possession, custody or control that are responsive to the document requests in the Subpoena, as further described and limited in a letter from Defendants' Counsel. *See* Motion, at 2. In its Motion to quash the Subpoena, Empire seeks a protective order against having to produce Rule 30(b)(6) deposition witnesses to testify because it is unduly burdensome because Defendants seek discovery that is no longer relevant in light of this Court's August 16, 2005 order denying certification of a nationwide class and certifying a statewide class of third-party payers and consumers paying for physician-administered drugs in Massachusetts.

In their opposition to the Motion, Defendants complain that Empire has refused to produce witnesses who have evidence regarding Empire's reimbursement for physician-

administered drugs, which they assert is a "central issue" in this action. Opposition at 1. Nothing could be further from the truth. Indeed, Defendants conveniently ignore the fact that pursuant to a subpoena dated April 5, 2004 served on behalf of all defendants (the "April 2004 Subpoena"), a copy of which is attached hereto as Exhibit A, Empire previously produced 29,545 pages of documents as well as two deposition witnesses who testified regarding these and other issues.

The April 2004 Subpoena contained 26 individual document requests, ten of which relate to reimbursement for drugs, including, inter alia, physician-administered drugs. *See* Ex. A, Request Nos. 2-4, 6-8, 12, 17, 20-21. In a letter dated July 22, 2004, a copy of which is attached hereto as Exhibit B, defense counsel agreed to a narrowed set of document requests in the April 2004 Subpoena that included, among other things, reimbursement for drugs administered by physicians. *See* Ex. B, page 2. By letter dated August 3, 2004, a copy of which is attached hereto as Exhibit C, Empire's attorneys agreed to produce documents responsive to the narrow requests in defense counsel's July 22, 2004 letter. *See* Ex C. Empire completed the production of these documents in August 2004.

In addition, in response to the April 2004 Subpoena, Empire has already produced two witnesses for depositions that took place on October 6 and October 8, 2004, who testified on its behalf regarding, among other things, Empire's reimbursement for physician-administered drugs. At his deposition, Christopher Eddy, who is Empire's regional manager for provider relations in the upstate and mid-Hudson regions of New York, testified at significant length regarding this topic. *See* Transcript of Deposition of Christopher Eddy ("Eddy Dep."), attached hereto as

Exhibit D, at 42-55, 62, 71-73, 83-84, 90, 93-9498-100, 104, 106, 109-111, 141-143, 151-152.[1] Linda Monteforte, Empire's director of pharmacy, likewise testified at her deposition about reimbursement for physician-administered drugs.  *See* Transcript of Deposition of Linda Monteforte ("Monteforte Dep."), attached hereto as Exhibit E, at 81-82, 88-89, 100, 102-105, 119-120.  Moreover, Empire's previously produced deposition witnesses also gave testimony relating specifically to reimbursement for physician-administered chemotherapy treatments, which is the subject of Defendants' Subpoena served in July 2005.  *See* Ex. D, Eddy Dep. at 71, 92-93 (testimony relating to oncologists and oncology related drugs and injectibles); Ex. E, Monteforte Dep., at 106-107, 115-120 (testimony relating to oncologists and oncology related drugs).

Defendants' argument that the discovery they seek is still relevant to the issues in this case because plaintiffs' allegations involve industry-wide conduct or knowledge is without merit.  This Court has already denied a nationwide class and certified instead a very limited, statewide class "for brand-name drugs and those generic drugs for which reimbursement was explicitly based on AWP, not MAC pricing." Motion at 2. As Empire stated in its Motion, the number of subscribers who might conceivably fall within the limited statewide class who paid for physician-administered drugs is limited to a handful of such subscribers, such as those who may have moved to Massachusetts before terminating their plan or received treatment here.  *Id.* at 2-3.  Empire's relation to Massachusetts is thus purely incidental and the relevance to Empire's

---

[1] Empire has designated the testimony of its deposition witnesses, which relates to proprietary information regarding Empire's reimbursement for drugs as well as its confidential business relationships with subscribers, doctors and hospitals, as "HIGHLY CONFIDENTIAL" pursuant to the Protective Order entered in this case on December 13, 2002 (the "Protective Order").  Pursuant to Local Rule 7.2, Empire has filed a motion for leave to file copies of the relevant excerpts of the deposition transcripts under seal.

conduct or knowledge concerning reimbursement for physician-administered drugs in Massachusetts is therefore highly tenuous at best.

In addition, as noted above, Empire has already produced two deposition witnesses who testified at length regarding the precise issues that Defendants claim are "central" in this case. The deposition witnesses that Empire has identified pursuant to the newly issued Subpoena would not add appreciably to the previously provided testimony regarding reimbursement for physician-administered drugs, especially since their knowledge of the issues is limited to chemotherapy drugs. In short, to require Empire to produce witnesses, once again, whose testimony would largely overlap the testimony of previously produced witnesses on issues that are no longer relevant, based on the mere possibility that this Court's denial of a nationwide class might be overturned, would not only be unduly burdensome but also wasteful and futile.

Defendants' argument that they need the requested discovery because the Court's class certification order is interlocutory and subject to change on appeal is likewise without merit. Plaintiffs have not sought reconsideration. An appeal of the Court's class certification order pursuant to Rule 23(f) will be decided upon the record before this Court on the class certification motion. Thus, there is no justification for supplementing that record at this stage of the proceedings.

Moreover, the fact that this Court has already allowed discovery from absent class members such as Empire, as Defendants argue, was rendered moot by this Court's order denying a nationwide class. This Court allowed such discovery for the limited purpose of deciding plaintiffs' class certification motion. As Defendants allude to in their opposition, on April 26, 2004, this Court denied plaintiffs' motion for a protective order regarding subpoenas issued to absent class members, including various health plans, "[f]or the reasons stated in open Court at

4

the Status Conference on March 8, 2004." Order Denying Plaintiffs' Motion for Protective Order Regarding Subpoenas to Putative Class Members (Docket No. 818).  In the Transcript of the March 8, 2004 Status Conference, relevant excerpts of which are attached hereto as Exhibit F, this Court stated that it was allowing discovery of health plans "for the purpose of typicality." Now that the Court has decided the class certification motion, denied the nationwide class, and certified a limited statewide class, the issue of typicality no longer has any bearing on the issues in this case, at least with respect to health plans outside Massachusetts such as Empire.[2]

The fact that the Court in its Memorandum and Order denying the nationwide class noted that its expert was of the view that the record was "unsettled" on this point, as Defendants note, Opposition at 4, is of no moment.  In denying a nationwide class, this Court has already determined that individual questions regarding reimbursement for physician-administered drugs for each third party payers "will overwhelm the common questions and render the class action inefficient" and that large health plans, including Blue Cross Blue Shield companies such as Empire, "will be able to defend their interests if they believe they have been defrauded."  Order at 87.  Thus, there is no reason to supplement the record at this point.

Finally, contrary to Defendants' argument, Empire has amply demonstrated that requiring it to produce deposition witnesses who would merely duplicate or augment the deposition testimony of witnesses that have already been produced is unduly burdensome.  As discussed above, Empire previously produced two witnesses who testified regarding its reimbursement of physician-administered drugs.  In light of this Court's denial of a nationwide class in favor of a limited statewide class in Massachusetts, the relevance of further testimony on this issue from

---

[2] Defendants' argument that discovery of absent class members has been allowed by this Court, see Opposition at 5 n.2, also fails because, in light of the Court's denial of a nationwide class, Empire is no longer a member of the Class and is therefore a non-party.

Empire, which does business in New York State and has few subscribers who might be part of a Massachusetts class, is tangential at best.

## CONCLUSION

For all of the foregoing reasons, Empire's Motion should be granted.

Dated: September 20, 2005               EMPIRE BLUE CROSS BLUE SHIELD

By its attorneys,

**/s/Theodore M. Hess-Mahan**
Thomas V. Urmy, Jr. (BBO #506620)
Theodore M. Hess-Mahan (BBO #557109)
Todd S. Heyman (BBO #643804)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, Massachusetts 02109
(617) 439-3939