UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS |
| ) | Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 ) ) ) | Chief Mag. Judge Marianne B. Bowler |

**MEMORANDUM OF LAW IN SUPPORT OF THE JOHNSON & JOHNSON DEFENDANTS' MOTION TO DETERMINE THE SUFFICIENCY OF PLAINTIFFS' ANSWERS AND OBJECTIONS TO (1) REQUESTS FOR ADMISSIONS AND INTERROGATORIES CONCERNING REMICADE, AND (2) REQUESTS FOR ADMISSIONS AND INTERROGATORIES CONCERNING PROCRIT**

The Johnson & Johnson defendants[1] respectfully move this Court pursuant to Fed. R. Civ. P. Rules 36 and 37, for an order compelling plaintiffs to provide substantive responses to (1) The J&J Defendants' Requests for Admissions and Interrogatories Concerning Remicade dated August 1, 2005 (the "Remicade requests"); and (2) The J&J Defendants' Requests for Admissions and Interrogatories Concerning Procrit dated August 1, 2005 (the "Procrit requests").

## STATEMENT OF FACTS

On August 1, 2005 the J&J defendants served both the Remicade requests and the Procrit requests on plaintiffs. See Exs. 1 and 2.[2] These requests consisted of requests for admissions, which were designed to narrow the issues in dispute, and supporting interrogatories seeking the bases for any refusals to admit. For example, the Remicade requests sought an admission that the published AWP for Remicade has always been 130% of its published WAC (RFA 2), and that Centocor has not paid rebates on Remicade to physicians who purchase or dispense Remicade (RFA 3). The discovery requests also included free standing interrogatories asking plaintiffs to identify the various benchmark and other prices (AWPs, WACs, ASPs etc.) alleged by plaintiffs to be fraudulent.

The J&J defendants propounded these requests on plaintiffs to avoid the burden and expense of having to establish facts on summary judgment and at trial as to which there is no genuine dispute. Extensive information establishing these facts, and addressing all other issues targeted by these requests, was made available to plaintiffs during discovery through the production of documents, data and deposition witnesses.

---

[1] Johnson & Johnson, Centocor, Inc., Janssen Pharmaceutica Products, L.P., Ortho Biotech Products, L.P., Ortho McNeil Pharmaceuticals, Inc., McNeil Consumer & Specialty Pharmaceuticals, Ortho Neutrogena, and Johnson & Johnson Healthcare Systems, Inc.

[2] All exhibits references are to the supporting declaration of Andrew D. Schau.

2

1215803v2

Plaintiffs served written responses to the Remicade and Procrit requests on August 31, 2005. See Exs. 3 and 4. Plaintiffs admitted that Remicade and Procrit were launched on the dates that the J&J Defendants say they were launched. With that one exception, however, plaintiffs' response consisted entirely of objections. For example, plaintiffs objected to requests for admissions regarding the "rebates" that were paid on the grounds that the term rebate was vague and ambiguous, and on the grounds that information about rebates was equally available to the J&J defendants. Plaintiffs gave similar reasons for refusing to answer interrogatories asking them to identify the AWP and WAC figures that plaintiffs' say are fraudulent.

## DISCUSSION

It is well settled that the purpose of requests for admission is to narrow the issues in dispute. The Advisory Committee Notes to Rule 36 explicitly confirm this, stating that the purpose of requests for admissions is "first, to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed. R. Civ. P. 36 Advisory Committee Notes (1970 amendment).

The same principles are reflected in cases from across the country. See, e.g., Brodeur v. McNamee, Nos. 3:02-CV-823 NAM/DEP & 3:02-CV-846 NAM/DEP 2005 WL 1774033, at *2 (N.D.N.Y July 27, 2005) ("...requests for admissions serve the...purpose of assisting the parties and the court to narrow the factual issues to be presented for determination in connection with such a claim, either on motion or at trial."); Concerned Citizens of Belle Haven v. Belle Haven Club, 223 F.R.D. 39, 44 (D. Conn. 2004) ("The purpose of requests for admission under Rule 36 is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact.'"); Caruso v. Coleman Co., 1995 WL

3

347003, at *1 (E.D. Pa. June 7, 1995) ("…the purpose of Rule 36(a) Requests for Admissions is to narrow the issues for trial to those which are genuinely contested.").

A party may not give lack of information or knowledge as a reason for a failure to admit or deny a request for admission unless the party shows that they have made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny the request for admission. See, e.g., Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242 (9th Cir. 1981); Stewart v. Marriott Courtyard, No. Civ. A. 3-2727, 2004 WL 2988488 (E.D. La. December 13, 2004 ); Panara v. Hertz Penske Truck Leasing, Inc., 122 F.R.D. 14 (E.D. Pa. 1988).

Plaintiffs' responses are deficient under these legal standards. Their claim that the information sought is equally in the J&J defendants' position makes no sense given that the purpose of a request for admission is to narrow the issues in dispute. Plaintiffs' additional claim that they cannot understand the requests, e.g., because they don't know what "rebate" means, is inexcusable at this late stage in the litigation, especially given that plaintiffs already have masses of documents, data and deposition testimony detailing the prices, rebates, and discounts offered on Procrit and Remicade.

Plaintiffs have had full and complete discovery of the J&J Defendants. The time for gamesmanship is ended. Plaintiffs should be directed to provide substantive responses to the discovery requests or face preclusion as to these issues in responding to summary judgment or at trial.

1215803v2

## CONCLUSION

For the above stated reasons, plaintiffs should be compelled to provide substantive responses to the J&J defendants' requests for admissions and interrogatories.

Dated: September 21, 2005

                                        Respectfully submitted,

                                          /s/ Andrew D. Schau
                                      Andrew D. Schau (admitted *pro hac vice*)
                                      Erik Haas (admitted *pro hac vice*)
                                      Adeel A. Mangi (admitted *pro hac vice*)
                                      PATTERSON, BELKNAP, WEBB & TYLER LLP
                                      1133 Avenue of the Americas
                                      New York, NY  10036-6710
                                      (212) 336-2000

                                      *Attorneys for Defendants Johnson &*
                                      *Johnson, Johnson & Johnson Health Care*
                                      *Systems, Inc., Centocor Inc. Ortho Biotech*
                                      *Products L.P., Janssen Pharmaceutica L.P.,*
                                      *Ortho Neutrogena Inc., Ortho McNeil*
                                      *Pharmaceutical Inc. and McNeil-PPC*

1215803v2

## CERTIFICATE OF SERVICE

I certify that on September 21, 2005, a true and correct copy of the forgoing JOHNSON & JOHNSON DEFENDANTS' MOTION TO DETERMINE THE SUFFICIENCY OF PLAINTIFFS' ANSWERS AND OBJECTIONS TO (1) REQUESTS FOR ADMISSIONS AND INTERROGATORIES CONCERNING REMICADE, AND (2) REQUESTS FOR ADMISSIONS AND INTERROGATORIES CONCERNING PROCRIT was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties.

/s/ Andrew D. Schau
Andrew D. Schau

Slip Copy
Slip Copy, 2005 WL 1774033 (N.D.N.Y.)
(Cite as: 2005 WL 1774033 (N.D.N.Y.))

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
N.D. New York.
Dale R. BRODEUR, Sr., Plaintiff,
v.
Sean MCNAMEE, et al., Defendants.
Dale R. BRODEUR, Sr., et al., Plaintiffs,
v.
William BRODEUR, Defendant.
No. 3:02-CV-823 NAM/DEP, 3:02-CV-846 NAM/DEP.

July 27, 2005.

Office of Ronald Cohen, New York, New York, for Plaintiffs, Ronald Cohen, of counsel.

Coughlin, Gerhart Law Firm, Binghamton, New York, for Defendant McNamee, Richard B. Long, of counsel.

Office of Terence O'Leary, Walton, New York, for All Remaining Defendants, Terence O'Leary, of counsel.

*DECISION AND ORDER*

PEEBLES, Magistrate J.

*1 These separate but related actions spring from a business dispute involving members of the Brodeur family, as well as certain of their businesses and affiliates, which has spawned extensive litigation in both the federal and state courts. The two actions now before this court, both of which have been pending for over three years, have been fiercely litigated, presenting discovery disputes at nearly every turn.

The latest dispute centers around plaintiffs' service of requests for admissions shortly before the close of discovery and their application for a determination that by virtue of their failure to serve timely responses, certain of the defendants have admitted the facts set forth in those requests. Defendants oppose plaintiffs' motion, arguing that because they were not served more than thirty days prior to the discovery deadline imposed under the court's case management order, the requests were untimely and, as such, no response was required.

I. *BACKGROUND*

On July 29, 2004 I issued a uniform pretrial scheduling order in each of these two cases establishing certain deadlines including, *inter alia,* the requirement that all discovery in the actions be completed by February 18, 2005. [FN1] Civil Action No. 3:02-CV-846 (NAM/DEP), Dkt. No. 43; Civil Action No. 3:02- CV-823 (NAM/DEP), Dkt. No. 52. The discovery deadline in the two cases was later extended by me on January 24, 2005 to March 31, 2005, and again on March 21, 2005 until April 29, 2005--the currently operative discovery deadline. *See* Civil Action No. 3:02-CV-823 (NAM/DEP) Entries dated January 18, 2005 and March 21, 2005; Civil Action No. 3:02-CV-846 (NAM/DEP) Entries dated January 24, 2005 and March 21, 2005.

> FN1. Those scheduling orders superseded earlier case management orders issued in the action by my predecessor, then-Magistrate Judge Gary L. Sharpe.

At intervals over the time period spanning from April 14, 2005 until April 29, 2005, plaintiffs sent defendants various requests for admissions, pursuant to Rule 36 of the Federal Rules of Civil Procedure, seeking admission of sixty-five separately stated facts. Those requests, which followed the service of three prior sets of requests for admissionS in this action and additional such requests in a separate but related state court suit, went unanswered by defendants William Brodeur and Northeast Fabricators, LLC, despite the passage of more than thirty days. [FN2] The failure of those defendants to respond to the disputed requests has led plaintiffs' counsel to seek this court's assistance in enforcing them through the entry of an order deeming the facts set forth within them to have been admitted by the defaulting defendants.

> FN2. The disputed requests for admissions were directed to defendants William Brodeur and Northeast Fabricators, LLC, who are jointly represented by a single attorney, and Sean McNamee, who is

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

separately represented. Those requests have apparently been answered by defendant McNamee, despite their alleged untimeliness.

## II. DISCUSSION

At the heart of the pending dispute is the requirement under this court's local rules and uniform pretrial scheduling orders that all discovery requests in a case must be served sufficiently in advance of the discovery deadline to allow for service of timely responses prior to the assigned discovery deadline. Northern District of New York Local Rule 16.2; Civil Action No. 3:02-CV-823 (NAM/DEP) Dkt. No. 52, ¶ 6; Civil Action No. 02-CV-846 (NAM/DEP) Dkt. No. 43, ¶ 6. Defendants maintain that these provisions control and render plaintiffs' requests for admissions fatally defective, thereby obviating their need to respond to the untimely requests. Plaintiffs counter that requests for admissions are not discovery devices, and thus may be served at any time prior to trial without regard to the governing uniform pretrial scheduling orders and local rule provisions. [FN3]

> FN3. Plaintiffs also argue that by virtue of their failure to object to the untimeliness of the requests for admissions in issue, defendants have waived their right to resist answering them on this basis. I reject this contention. If, as defendants now argue, the requests for admissions were subject to the governing discovery cut-off provisions, they were void *ab initio* as a result of the fact that they were not served sufficiently in advance of the discovery deadline to permit timely responses, and no objection on this basis was required to preserve the timeliness argument.

*2 It is true, as plaintiffs argue, that requests for admissions are not discovery devices in the traditional sense. While discovery mechanisms such as requests for document production, interrogatories, and depositions typically seek to uncover information for use in pursuing or defending against a litigated claim, requests for admissions serve the distinctly different purpose of assisting the parties and the court to narrow the factual issues to be presented for determination in connection with such a claim, either on motion or at trial. See Henry v. Champlain Enters ., Inc., 212 F.R.D. 73, 77 (N.D.N.Y.2003) (Treece, M.J.); see also Booth Oil Site Admin. Group v. Safety-Kleen Corp., 194 F.R.D. 76, 79 (W.D.N.Y.2000); T. Rowe Price Small- Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 42 (S.D.N.Y.1997). Rule 36 "is not properly speaking a discovery device, rather it is 'a procedure for obtaining admissions for the record of facts already known' by the seeker." Dubin v. E.F. Hutton Group Inc., 125 F.R .D. 372, 375 (S.D.N.Y.1989) (citing and quoting 8 C. Wright & Miller, Federal Practice and Procedure § 2252 (1970)).

Despite this functional differentiation, the question of whether a request for admissions should be considered a discovery device is one on which the courts, including within this circuit, are markedly divided. Contrast Henry, 212 F.R.D. at 77 (holding that requests for admissions are not discovery devices); T. Rowe Price Small-Cap Fund, Inc., 174 F.R.D. at 42 (same); Dubin, 125 F.R.D. at 375 (same) with Revlon Consumer Prods., Corp. v. Estee Lauder Cos., Inc., No. 00 CIV.5960, 2001 WL 521832, at *1 (S.D.N.Y. May 16, 2001) ("There should be no doubt that Requests for Admissions pursuant to Fed.R.Civ.P. 36 are a discovery device[.]"). This schizophrenic approach appears to be owing at least in part to placement of the rule governing requests for admissions within the portion of the Federal Rules of Civil Procedure between Rule 26 and Rule 37, a section generally considered as reserved to pretrial discovery. See Revlon Consumer Prods. Corp., 2001 WL 521832, at *1.

Notwithstanding the uncertainty surrounding whether a request for admissions is properly regarded as a discovery device, the majority of courts which have addressed the precise issue now presented have concluded that requests for admissions should be subject to case management discovery deadlines. Revlon Consumer Prods. Corp., 2001 WL 521832, at *1 ("Even if Rule 36 RFAs were not a true discovery device, the Court holds that the discovery cut-off date should apply to RFAs as well as more procedural discovery devices."); Bailey v. Broder, No. 94 Civ. 2394, 1997 WL 752423, at *3 (S.D.N.Y. Dec. 5, 1997) ("While there is some disagreement as to the issue among districts across the country, in this circuit there is not, and the courts have consistently held that requests for admission are to be made within the discovery deadline.") (collecting cases); Giraldi v. Mann, No. 93-CV-693, 1995 WL 574451, at *4 (N.D.N.Y. Sept. 22, 1995) (Pooler, J.) ("The magistrate judge acted appropriately in not considering the requests for admissions for two reasons: 1) the requests were not filed until May 6, 1994, after the deadline for discovery had passed[.]"); see also Wright, Miller & Marcus, Federal Practice and Procedure § 2257 (2005 Supp.) ("Even though

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

they are not technically discovery requests, requests for admissions have been held subject to discovery cut off dates."). *But see Greenfield v. Mem'l Sloan Kettering Hosp.,* No. 95 Civ. 7658, 2000 WL 351395, at *5 (S.D.N.Y. Apr. 5, 2000) ("There is apparently no clearly defined precedent [on the question of whether requests for admissions are governed by discovery deadlines] from the Second Circuit [.]"). Having carefully examined the conflicting authority regarding this issue, I find that the interests of promoting orderly and efficient litigation are best served by subjecting requests for admissions to case management discovery deadlines, and therefore join those several courts which have adopted this position. And, from this finding it follows that requests for admissions are also included among the devices contemplated under Local Rule 16.2 as having to be served sufficiently in advance of the prescribed discovery cutoff to permit timely responses to be served prior to that deadline.

*3 Admitting of some ambiguity surrounding the issue, I am tempted to overlook the untimeliness of the requests in issue and to require defendants to provide responses to those requests, following District Judge Thomas Duffy's reasoning in *Greenfield,* based upon his perception in that case that the question of whether requests for admissions were subject to the assigned discovery deadline had been left unaddressed by the court when discussing scheduling issues. 2000 WL 351395, at *5. Given the extent of discovery demands previously served by the plaintiffs in this case and the related state court action, however, as well as my review of the disputed requests, which are both numerous and seem to extend in scope well beyond what I would expect as being necessary to accomplish the potentially productive purpose to be served by Rule 36, I choose not to exercise my discretion to overlook the untimeliness of those requests. Based upon my extensive involvement in this case, I believe that all parties have had a fair and adequate opportunity to engage in pretrial discovery, and to prepare for motion practice and for trial.

III. *SUMMARY AND ORDER*

The desirable ends of promoting orderly and efficient litigation of matters pending in this court are best served by treating requests for admissions, though not discovery devices in the traditional sense, as being subject to the court's requirement that discovery in an action be completed on or before an assigned deadline, and additionally that all discovery requests be served sufficiently in advance of that deadline to permit timely responses before the assigned discovery cutoff. Accordingly, plaintiffs' request for an order deeming the facts set forth in the five sets of requests for admissions now in dispute to have been admitted by the defendants will be denied, and defendants' cross-motion for a protective order will be granted.

Based upon the foregoing, it is hereby

ORDERED, that plaintiffs' request pursuant to Rule 36 of the Federal Rules of Civil Procedure for a declaration that the facts set forth in the five requests for admissions served on and after April 14, 2005 be deemed admitted by the defendants (02-CV-823, Dkt. No. 100) is DENIED; and it is further

ORDERED, that defendants' cross-motion for a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, excusing them from the requirement of responding to the disputed request for admissions on the basis of their untimeliness (02-CV-823, Dkt. No. 105) is hereby GRANTED; and it is further

ORDERED, that the clerk is directed to promptly forward copies of this order to the parties' respective attorneys by electronic means.

Slip Copy, 2005 WL 1774033 (N.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

•          3:02cv00846       (Docket) (Jun. 26, 2002)

•          3:02cv00823       (Docket) (Jun. 21, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1995 WL 347003 (E.D.Pa.)
**(Cite as: 1995 WL 347003 (E.D.Pa.))**

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
Lynn CARUSO, Administratrix of the Estate of
Gustave Caruso, Deceased and Lynn
Caruso, Individually
v.
The COLEMAN COMPANY, et al.
**Civ. A. No. 93-CV-6733.**

June 7, 1995.
Richard M. Ochroch, Leslie J. Castaldi, Ochroch and Blum, P.C., Philadelphia, PA, for Lynn Caruso.

Edward B. Joseph, Goldfein & Joseph, Philadelphia, PA, for Coleman Co. Inc.

Donald M. Davis, Michael J. Burns, Margolis, Edelstein and Scherlis, Philadelphia, PA, Joel K. Goldman, Herbert C. Donovan, Husch and Eppenberger, Kansas City, MO, for Turner, a Div. of Cooper Industries.

Donald M. Davis, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Philadelphia, PA, Joel K. Goldman, Herbert C. Donovan, Hush and Eppenberger, Kansas City, MO, for Turner, Inc.

Wayne A. Mack, Jr., Duane, Morris & Heckscher, Philadelphia, PA, H. Roderic Heard, Brian W. Lewis, Elizabeth M. Keiley, Wildman, Harrold, Allen and Dixon, Chicago, IL, for E.M. Sector Holdings, Inc., Alliedsignal, Inc.

*MEMORANDUM AND ORDER*

NAYTHONS, United States Magistrate Judge.

*1 Presently before this Court is Plaintiff's Motion to Determine Sufficiency of Answers and Objections of Defendant, the Coleman Company, Inc., to Plaintiff's Request for Admissions, and defendant's response. In her Requests for Admissions ("RFAs"), plaintiff submitted 117 RFAs to defendant in "Part (A)", and 37 RFAs in "Part (B)". She now argues that defendant has provided insufficient answers, evasive denials, and frivolous objections to the vast majority of these RFAs. Therefore, plaintiff asks this Court to require defendant to amend 82 of its answers to plaintiff's RFAs or deem those Requests admitted.

Federal Rule of Civil Procedure 36 governs requests for admissions. Rule 36(a) states in pertinent part:
  A party may serve upon any other party a written request for the admission ... of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents, described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying.

\* \* \*

The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served.

*PART A--REQUEST FOR ADMISSIONS*
*I. OBJECTIONS*
Pursuant to Rule 36(a), defendant has objected to several requests for admissions. Rule 36(a) provides that a matter is admitted unless the responding party denies the matter or objects to it. If an objection is made, the rule requires that the responding party shall set forth the reasons for the objection. Fed.R.Civ.P. 36(a). However, the purpose of Rule 36(a) Requests for Admissions is to narrow the issues for trial to those which are genuinely contested. *United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 967 (3d Cir.1988). Therefore, the responding party may not object to a request solely on the ground that the request presents a genuine issue for trial. Fed.R.Civ.P. 36(a). Instead, the party may deny the matter or set forth reasons why the party cannot admit or deny it. *Id.; see also* 1970 Amendment to Fed.R.Civ.P. 36, Notes of Advisory Committee.

In the present case, defendant does not properly object to RFAs Nos. 74, 78, 79, 80, 88, [FN1] 89, 90, 91. Defendant alleges first that these RFAs present

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:01-cv-12257-PBS   Document 1726   Filed 09/21/05   Page 11 of 16

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 347003 (E.D.Pa.)
(Cite as: 1995 WL 347003 (E.D.Pa.))

Page 2

disputed evidentiary issues. As discussed above, that is not a proper objection. In addition, defendant objects to several of these requests as seeking the mental impressions of an individual who is not a party to this action. [FN2] However, Rule 36(a)'s requirement of "reasonable inquiry" does extend to third parties, if there exists sworn deposition testimony of such third party. *See Diederich v. Dept. of Army,* 132 F.R.D. 614, 620 (S.D.N.Y.1990) (Rule 36(a)'s requirement of "reasonable inquiry" does not extend to third parties, absent sworn deposition testimony of such third party); *Dubin v. E.F. Hutton Group Inc.,* 125 F.R.D. 372, 374 (S.D.N.Y.1989), citing, *Asea, Inc. v. Southern Pac. Transp. Co.,* 669 F.2d 1242, 1244-45 (9th Cir.1981). Here, the third party is Mr. Schmidt, a current and long-term employee of the Coleman Company, who was deposed in this case and testified to the same issues in a prior case. Therefore, defendant would be required to make reasonable inquiry as to Mr. Schmidt's testimony. Finally, grounds for objections are not that the quoted or referenced statements are misquoted or taken out of context. Instead, a party is to deny that admission, and when good faith requires that a party qualify an answer or deny only part, the party shall specify so much of it as is true and qualify or deny the remainder. *See* Fed.R.Civ.P. 36(a); *see also Diederich,* 132 F.R.D. at 619 (qualification permitted when statement contains some truth, but standing alone out of context, conveys unwarranted and unfair inferences). Therefore, defendant should have either admitted or denied the RFAs, or set forth reasons why it could not admit or deny them.

*2 However, when the requests for admissions are "unreasonably cumulative" and "duplicative" of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a). *See Flanders v. Claydon,* 115 F.R.D. 70, 72 (D.Mass.1987). In the present case, there is no expectation that these requests would narrow or eliminate the issues for trial, since the defendant's positions on each of the requests is explicitly stated in clear and unambiguous terms at the many depositions taken in this case. A request for admission as to whether or not a particular witness testified to certain information at a deposition is duplicative of the deposition itself. The plaintiff can use the statements made at the deposition at trial. *See* Fed.R.Civ.P. 32(a)(2); *Flanders,* 115 F.R.D. at 72. Since I see absolutely no proper purpose to the requests, I will deny plaintiff's motion to seek defendant to serve further responses. *Flanders, supra.*

RFA No. 73 is the only request in which the defendant makes a proper objection. RFA No. 73 seeks a conclusion of law, and a request as to a pure matter of law is not permitted. *Diederich,* 132 F.R.D. at 617; *Government Employees Ins. Co. v. Benton,* 859 F.2d 1147, 1148-49 n. 3 (3d Cir.1988). Therefore, the objection to RFA No. 73 is proper and plaintiff's motion is denied as to RFA No. 73.

## II. DENIALS

Plaintiff argues that defendant did not sufficiently respond to her RFAs Nos. 27, 32, 34, 37, 39, 40, 43, 57, 83, 84, 87, 94, 95, 96, 97, and 116. For the most part, defendant denied these Requests, or admitted in part; denied in part. Rule 36(a) provides that if a responding party denies the requested matter, the form of the response to such requests shall:

> specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

Fed.R.Civ.P. 36(a).

Where issues in dispute are requested to be admitted, a denial is a perfectly reasonable response. *United Coal,* 839 F.2d at 967. Furthermore, the use of only the word "denied" is often sufficient under the rule. *Id.,* citing *Continental Casualty Co. v. Brummel,* 112 F.R.D. 77 81-82 n. 2 (D.Colo.1986); *Kleckner v. Glover Trucking Corp.,* 103 F.R.D. 553, 557 (M.D.Pa.1984). However, qualifications are permitted when good faith requires that a party qualify an answer or deny only part. *See* Fed.R.Civ.P. 36(a); *see also Diederich,* 132 F.R.D. at 619.

Specifically, plaintiff argues that RFAs Nos. 27, 37, 39 and 116, are not sufficient pursuant to Rule 36(a). RFA No. 27 requests defendant to admit that the lantern involved in this case emits carbon monoxide when in use. Defendant denied the request in part, denying that the lantern emitted carbon monoxide in use because a Coleman Lantern which is properly used and maintained does not produce dangerous levels of carbon monoxide. This denial is evasive, since Coleman does not specifically deny the matter. *See Asea,* 669 F.2d at 1245. Instead, defendant states that when properly used the lantern does not produce *dangerous* levels of carbon monoxide. Since the response does not comply with the literal requirements of Rule 36(a), this court may, in its

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.	Page 3
Not Reported in F.Supp., 1995 WL 347003 (E.D.Pa.)
**(Cite as: 1995 WL 347003 (E.D.Pa.))**

discretion, deem the matter admitted or order that an amended answer be served. *See* Fed.R.Civ.P. 36(a); *Asea,* 669 F.2d at 1245. Therefore, this Court orders that RFA No. 27 is deemed admitted since defendant's answer implies that carbon monoxide is emitted when it denied that "dangerous levels" are emitted. [FN3]

**\*3** Both RFAs No. 37 and No. 39 contained typographical errors and were specifically denied by defendant because of those errors. RFA No. 37 asked defendant to admit that on the carton in which the Coleman lantern was sold was printed "The Coleman Commitment". Plaintiff quoted this "Commitment" but it referred to the year 1990 instead of the year 1900 as the year William Coleman founded the company. Defendant denied this request stating that the Coleman company was not founded in 1990. No other explanation or answer was given. In RFA No. 39, plaintiff quoted the warning on the lantern base and included the term "[sic]" in the warning referring to a typographical error in the actual warning label. Defendant simply denied this request and in the interrogatory answered that the warning did not contain the term "[sic]".

Such responses by defendant are clearly deficient under Rule 36. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. *Philadelphia Gear Corp. v. Techniweld, Inc.,* No. 90-5671, 1992 WL 99622, \*2-3, 1992 U.S.Dist. LEXIS 6555, \*6-7 (E.D.Pa. May 1, 1992). Answers that appear to be nonspecific, evasive, ambiguous and appear to go to the accuracy of the requested admissions rather than the "essential truth" contained therein are impermissible and must be amended. *Philadelphia Gear,* 1992 WL 99622, \*2-3, 1992 U.S.Dist. LEXIS 6555, \*6, *quoting, United States v. Nicolet, Inc.,* 1989 W.L. 51734 (E.D.Pa.1989). Therefore, defendant will be ordered to amend its answers as to RFAs Nos. 37 and 39, specifying which part of the requested admissions it denies, and answering the remaining part of the requests. [FN4]

Also, RFA No. 40 asks defendant to admit that the lantern and heater allegedly found in the camping trailer in which the decedents died were tested and that those test results were attached as Exhibit "2". Defendant admitted in part; but denied that the test results were attached as Exhibit "2". Instead, defendant stated that the test results speak for themselves and denied that the information in Exhibit "2" is relevant or admissible at trial. This denial of the exhibit is not a proper response. The RFA did not request defendant to verify the truth of the contents of Exhibit "2", it simply asked defendant to authenticate the document as being the test results. [FN5] Attorneys and experts for Coleman and Turner were present for the test results. In addition, Randy May testified at deposition that the test results were accurate. *See* Plaintiff's Exhibit "F" at pp. 158-59, attached to Plaintiff's Motion. Since the exhibit accurately portrays the test results, then defendant must admit it, and if necessary, defendant may present evidence at trial contradicting the results. *Doe v. Mercy Health Corp.,* No. 92-6712, 1993 WL 377064, \*11, 1993 U.S.Dist. LEXIS 13347, \*36 (E.D.Pa. Sept. 16, 1993) (if the statements are accurately quoted or referenced, responding party must admit the RFA, but is free to present evidence at trial contradicting the quoted or referenced statement). Therefore, Exhibit "2" attached to RFA No. 40 is deemed admitted.

**\*4** Finally, plaintiff argues that defendant's response to RFA No. 116 is not sufficient. RFA No. 116 requests defendant to admit that Coleman Company is a citizen of the State of Kansas and the State of Delaware. Defendant admitted that its place of incorporation and/or principal place of business is not New Jersey or Pennsylvania, but denied that Coleman is a citizen of the State of Kansas and the State of Delaware, "because a corporation is never known as a 'citizen' of any state." This denial is evasive and incorrect, since a corporation is considered to be a citizen of a state in which it is incorporated and in which it has its principal place of business, for purposes of jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *U.S.F. & G. Co. v. DiMassa,* 561 F.Supp. 348, 350 (E.D.Pa.), *aff'd,* 734 F.2d 3, 9 (3d Cir.1983). In addition, the application of law to fact is a permissibly request under Fed.R.Civ.P. 36(a). *See* 1970 Amendment to Fed.R.Civ.P. 36, Notes of Advisory Committee; *McSparran v. Hanigan,* 225 F.Supp. 628, 636 (E.D.Pa.1963) (plaintiff admitted that premises on which accident occurred, were occupied or under the control of defendant). Since the response is evasive and does not comply with the literal requirements of Rule 36(a), this court may, in its discretion, deem the matter admitted or order that an amended answer be served. *See* Fed.R.Civ.P. 36(a); *Asea,* 669 F.2d at 1245. Therefore, this Court orders that RFA No. 116 is deemed admitted.

RFAs Nos. 32 and 34 involve disputed issues of whether the decedent died while the Coleman

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 347003 (E.D.Pa.)
(Cite as: 1995 WL 347003 (E.D.Pa.))

Lantern was inside the trailer. In addition, RFAs Nos. 43 and 57 involve disputed issues regarding the levels of carbon monoxide at the testing of the lantern, Coleman's knowledge of the dangers of carbon monoxide poisoning, and its motivation in designing exhibit P-14 (instruction tag on Focus 5 Heater). Because these requests involve issues legitimately disputed, the denials are sufficient answers. United Coal, 839 F.2d at 967. If the request presents a genuine issue for trial then the responding party may deny the matter. Fed.R.Civ.P. 36(a); see also 1970 Amendment to Fed.R.Civ.P. 36, Notes of Advisory Committee. Plaintiff's only recourse is to use Rule 37(c) after trial to seek reimbursement for having to "prove" the purported "facts" contained within the above requests, but only if defendant's denials are later found to be not "substantially justified." See Foretich v. Chung, 151 F.R.D. 3, 5 (D.D.C.1993).

Defendant also denied several RFAs due to plaintiff's allegedly "compound, complex and ambiguous manner" in which she phased them and which required defendant to qualify the requests themselves. See Defendant's Memorandum at 37. In RFAs Nos. 94, 95, 96, and 97, plaintiff requests defendant to admit that Coleman is "the leading" manufacturer of camping products in various markets. Defendant admitted that it is "a leading manufacturer" but denied that it is "*the* leading manufacturer". There is nothing evasive or improper about defendant's qualification of its responses. The answers need not be amended.

*5 In RFAs Nos. 83 and 84, defendant denied the requests because the terms "surveys", "studies", "tests", and "adequacy" were ambiguous. Although the phrases appear to have a clear and common meaning in the context in which they are used, especially in light of the deposition testimony that clearly discusses that no "surveys, etc. were performed", this Court will not require defendant to amend or qualify these requests. In the circumstances of this case, these requests for admissions are "unreasonably cumulative and duplicative" of other discovery which the plaintiff has taken in this case. Fed.R.Civ.P. 26(b)(1). The deponents of the defendant explicitly stated at deposition in clear and unambiguous terms its position on each of these requests. The plaintiff can use the statements made at the depositions at trial. Fed.R.Civ.P. 32(a)(2). Therefore, although I find that the sufficiency of the responses to those requests were inadequate, I will deny plaintiff's Motion to the extent that it seeks an order requiring defendant Coleman to serve further responses. See Flanders, 115 F.R.D. at 72.

### III. LACK OF INFORMATION

Finally, plaintiff complains of defendant's refusal to admit or deny the remaining requests for admissions. Defendant claimed that it had insufficient information to admit or deny either entirely or in part the following requests: 2-15, 17, 18, 20-25, 31, 33, 34, 43, 44, 46, 49, 50, 114.

Fed.R.Civ.P. 36(a) sets forth specific tests which must be met before a party may claim an inability to admit or deny. Rule 36(a) states, "[an] answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny."

The fault with many of these requests is not the responses but the language of the requests themselves. Many of the requests seek several conclusions within each request regarding certain facts. For example, RFA No. 25 requests defendant to admit that "[t]he Coleman propane cylinder, Model 5102-712, which was attached to the Turner Model 2440 Radiant Heater found in the camping trailer on November 30, 1992, had not been altered." Defendant admitted that the cylinder was not altered but stated that it had no personal knowledge that the cylinder was found in the trailer or attached to the heater. In addition, RFA No. 33 requests defendant to admit that "[t]he Turner Model 2440 Radiant Heater and the Coleman Model 5152B700 Two Mantle Lantern were the only sources of carbon monoxide in the camping trailer at the time of the decedents' death." Defendant stated that "[a]fter reasonable inquiry, the information known or readily obtainable by answering defendant is insufficient to enable it to admit or to deny this request."

These RFAs are typical examples of the wording of plaintiff's requests. Many of the RFAs imply that defendant's lantern was conclusively shown to be inside the trailer at the time of death [FN6] and specifically RFA No. 25 implies that defendant's lantern and the Turner heater caused the decedents death. At issue in this case is whether Coleman's lantern was actually within the trailer and whether it was a contributing factor to the deaths. These issues are for the jury to decide. To compel a responding party to answer questions that unfairly infer a particular or varied conclusion from the fact

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 347003 (E.D.Pa.)
**(Cite as: 1995 WL 347003 (E.D.Pa.))**

Page 5

admitted, or to compel answers to vague and indefinite questions capable of more than one interpretation and requiring an explanation, thwarts the purposes of Rule 36(a). *See Johnstone v. Cronlund,* 25 F.R.D. 42, 45 (E.D.Pa.1960). The purpose of Requests for Admissions is to narrow or eliminate issues in a case, therefore, "[e]ach request for admissions must be direct, simple and limited to singular relevant facts, so that 'it can be admitted or denied without explanation." *Dubin,* 125 F.R.D. at 375 (citations omitted); *Johnstone,* 25 F.R.D. at 45 (Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation). They should not state "half a fact" or "half truths" which require the answering party to qualify responses. *Dubin,* 125 F.R.D. at 375-76.

*6 I find that these requests present compound issues and complex questions within a singular request. However, this Court should not have to sort out the questions and break them down into categories and compel the adversary to answer one part and not answer the other. *Johnstone,* 25 F.R.D. at 46. To hold otherwise would lead to long and interminable hearings on requests for admissions which would serve no real purpose. *Id.* Defendant has answered the RFAs to the extent that it can. Any other issues will be determined at trial. Therefore, plaintiff's Motion is denied as to RFAs Nos. 2-15, 17, 18, 20, 21, 22, 23, 24, 25, 31, 33, 34, 43, 44, 46. [FN7]

RFAs Nos. 49, 50, and 114 requests defendant to admit or deny statements regarding the decedent's age and health, and plaintiff's domicile. Defendant claims that these requests seek admissions as to what is exclusively within plaintiff's control. *See* Defendant's Memorandum at 25. However, defendant has access to this information from numerous sources in which it would be capable of conclusively admitting or denying these facts. As stated numerous times, the purpose of Requests for Admissions is for the parties to determine if they agree on particular facts, consequently narrowing or eliminating issues. *Dubin,* 125 F.R.D. at 375; *see also Diederich,* 132 F.R.D. at 618 (very purpose of requests for admissions is to seek admissions from responding party as to what the other party believes is true). In these requests, plaintiff has presented a simple and direct statement in which defendant has the ability to admit or deny. Therefore, defendant is ordered to amend its responses to RFAs Nos. 49, 50, and 114.

*PART B--AUTHENTICITY OF DOCUMENTS*

In Part B of her Request for Admissions, plaintiff asked defendant to admit the genuineness and authenticity of 29 documents. Defendant generally objected to and specifically denied these requests stating that RFAs were not meant to be used to establish the authenticity of a document and denied the genuineness of each document individually, since they were copies and not originals. In its Memorandum, defendant stated that its objection was a result of the "confusion caused by plaintiff's request" to admit or deny the "authenticity *and* genuineness of the attached pieces of paper." *Id.* The defendant further stated that if this Court interprets plaintiff's requests as asking for the same thing, then it requests this Court to review its denials and not consider its stated objections.

Rule 36(a) permits a party to obtain an admission from an adversary as to the genuineness of any document. Fed.R.Civ.P. 36(a). In the English Language, authenticity and genuineness mean the same. *See The Random House College Dictionary,* Revised Ed. pp. 91, 551 (1982). Therefore, per defendant's request, its objections will not be considered.

Defendant denied the genuineness of the documents referred to in RFAs Part B, Nos. 1-11, and 13-28, since they were photocopies and not originals. Essentially, defendant argues that by providing copies with its requests, plaintiff imputed importance on the attached copies rather than the documents described within plaintiff's requests. *See* Defendant's Memorandum at 37 n. 5. However, defendant interprets Rule 36 too broadly. Rule 36 requires that any documents involved in the request for admissions be described in the request and that copies "be served with the request unless they have been or are otherwise furnished or made available for inspection and copying." *See* Rule 36(a); 4A Moore's Federal Practice, 2nd Ed., § 36.03[4] (1994). The emphasis in the rule is to ensure that the requests for admissions are detailed enough to allow the responding party to identify the document. 4A Moore's Federal Practice, § 36.03[4].

*7 Here, in order to facilitate that concern, plaintiff attached copies of each document she sought a request for admission. If defendant can show that the copies of the documents attached to plaintiff's requests have been altered or changed in some *substantive* manner from the originals, then that would be a proper denial. *See Doe,* 1993 U.S.Dist. LEXIS 13347, *36 (if responding party believes the documents do not say what the other party asks it to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 6
Not Reported in F.Supp., 1995 WL 347003 (E.D.Pa.)
**(Cite as: 1995 WL 347003 (E.D.Pa.))**

admit they do, or are otherwise "taken out of context", responding party may deny the RFA). However, in responding to RFAs of Part B, Nos. 1-11, 14, and 28, defendant simply denies that each exhibit is a genuine document (i.e., the records of the Pennsylvania State Police [Exhibit "3"] ) because it is a copy and not an original, and that the copies have exhibit tags made by counsel. Defendant also states that the copies have "other markings" inconsistent with their being considered genuine documents, but defendant does not state what those "other markings" are. These denials are not sufficient under Rule 36(a). Therefore, defendant will be ordered to amend its answers as to RFAs of Part B, Nos. 1-11, 14, and 28.

Defendant denies RFAs of Part B, Nos. 15-26, using the same language as the above denials, and additionally denies these requests because the documents are stamped with "SUBJECT TO PROTECTIVE ORDER 30380" which was done to protect the proprietary nature of the document. Defendant wants to remove the stamp from the documents should they be considered by the Court to be admissible at trial. However, these denials do not comply with the literal requirements of Rule 36(a). A denial should not be made because there is a question regarding the admissibility of the evidence. An admission as to the genuineness of a document is made subject to all pertinent objections to admissibility which could be interposed at the trial. *See* 4A Moore's Federal Practice, § 36.03[7.-1]. Therefore, defendant will be ordered to amend its answers as to RFAs of Part B, Nos. 15-26.

Defendant's responses to RFAs of Part B, Nos. 13 and 27 are sufficient since defendant stated that the records or other documents are taken out of a full and otherwise complete document and do not accurately reflect the context of the full and otherwise complete and genuine document. Plaintiff may move for sanctions after trial pursuant to Rule 37(c)(2), if she proves the genuineness of these documents. The court may require the party denying the genuineness of any such document to pay the party requesting the admission the reasonable expenses incurred in making such proof, including reasonable attorney's fees. *See* 4A Moore's Federal Practice, § 36.03[7.-2]. [FN8]

Perhaps mistakenly, defendant objected to RFA No. 29 for the same reasons it denied RFA Nos. 13 and 27. However, this objection is not a proper response to the request. Therefore, defendant is ordered to simply amend its response to No. 29 if it believes that

the "report" is taken out of context. *See Doe,* 1993 U.S.Dist. LEXIS 13347, *36.

*8 Finally, defendant objects to being asked to admit to the genuineness of the document attached to RFA of Part B, No. 12. Defendant objects to this RFA because plaintiff has failed to indicate that she has taken steps to protect this proprietary data should she seek its admission at trial. Defendant further objects because the document is stamped with "SUBJECT TO PROTECTIVE ORDER 30380" and defendant wants to remove the stamp from the document should it be considered by the Court to be admissible at trial. Issues regarding the admissibility of the document at trial do not form a valid objection to a request for admission. *See Akil Al-Undi v. Rockefeller,* 91 F.R.D. 590, 595 (W.D.N.Y.1981); *Goldman v. Mooney,* 24 F.R.D. 279, 280 (W.D.Pa.1959). As long as the request is for relevant matter, it should be answered and its admissibility determined by the trial judge. *Goldman,* 24 F.R.D. at 280. Here, RFA No. 12 seeks defendant to admit that the propane sales figures prepared by defendant, and attached as Exhibit "14" is a genuine document. This information has already been determined to be relevant by this Court in its order of September 9, 1994. Therefore, defendant is ordered to respond to RFA No. 12. In addition, defendant is ordered to respond to RFA of Part A, No. 88 since defendant objects to this request for the same reasons.

An appropriate Order follows.

### ORDER

AND NOW, this 7th day of JUNE, 1995, IT IS HEREBY ORDERED THAT Plaintiff's Motion to Determine Sufficiency of Answers and Objections of Defendant to Plaintiff's Request for Admissions is GRANTED IN PART and DENIED IN PART.

1. Defendant is Ordered to amend its answers to Part (A) Request for Admissions Nos. 37, 39, 49, 50, 88, and 114, and Part (B) Request for Admissions Nos. 1-12, 14-26, 28, and 29 within ten (10) days.

2. Request for Admissions Nos. 27, 40, and 116 are deemed admitted.

3. Plaintiff's Motion is Denied as to Part (A) Request for Admissions Nos. 2-15, 17, 18, 20-25, 31-34, 43, 44, 46, 57, 73, 74, 78-80, 83, 84, 89-91, and 94-97, and Part (B) Request for Admissions Nos. 13 and 27, consistent with this Court's opinion.

FN1. Defendant has been ordered to answer

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:01-cv-12257-PBS   Document 1726   Filed 09/21/05   Page 16 of 16

Not Reported in F.Supp.                                                                                          Page 7
Not Reported in F.Supp., 1995 WL 347003 (E.D.Pa.)
**(Cite as: 1995 WL 347003 (E.D.Pa.))**

RFA No. 88 in this Court's discussion regarding "Part B--Authenticity of Documents".

FN2. For example, Requests Nos. 78, 79, and 80 seek admissions as to whether Franklin Schmidt, defendant's engineer, believed the warnings on the propane camping equipment were adequate.

FN3. In addition, defendant objected to the ambiguity of the words when in "use". However, it is quite obvious that plaintiff intended the word "use" to mean when the switch on the lantern was turned to the "on" position.

FN4. I note defendant's argument which states that ambiguity in requests for admissions should be construed against the party propounding the request. *Ortho Diagnostic Sys., Inc. v. Miles, Inc.,* 865 F.Supp. 1073, 1079 (S.D.N.Y.1994). However, these errors were obvious typographical errors and were not the result of ambiguity. Although plaintiff has included a corrected request in its Second Request for Admissions to Defendant, and defendant has responded to same as lacking sufficient information to answer, that answer is not before this Court. Therefore, defendant is still ordered to amend its answer to RFA No. 37.

FN5. The request should be simple and direct and should seek admission of the genuineness of the document, not request an interpretation of its contents. 4A Moore's Federal Practice, § 36.03[4], *citing, Jackson Buff Corp. v. Marcelle,* 20 F.R.D. 139 (E.D.N.Y.1957).

FN6. Much of the information in the requests would require defendant to admit or deny based solely upon statements made by two men, Albert Storer and William Bramble, who allegedly discovered the decedents' bodies. However, Bramble and Storer have failed to cooperate in any way in the investigation of this incident and have failed to appear for depositions. Since Bramble and Storer are non-parties and have failed to testify in this matter, defendant is under no obligation to inquire of non-parties such as these two men in formulating its responses. *See Diederich v. Dept. of Army,* 132 F.R.D. 614, 620 (S.D.N.Y.1990); *see also Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.,* No. 89-9752, 1992 U.S.Dist. LEXIS 20249, *8 (E.D.Pa. Dec. 29, 1992). In addition, RFA Nos. 20 and 21 involved the identification of the propane cylinders by Police Chief Zaremba, marked as Z-7 and Z-8A. Apparently, the cylinders were not marked by the police officers at the scene, therefore Chief Zaremba could not conclusively identify them as the originals, stating only that they were a similar type and to the best of his knowledge they appeared to be the same cylinders. *See* Transcript of Chief Zaremba's Deposition Testimony at 19-22, 26, 29-30. Therefore, defendant did not admit to those RFAs.

FN7. RFA 46 states that "Carbon monoxide is the leading cause of poisoning deaths in the United States." Defendant stated that it was unable to answer this request. Unless plaintiff supplied a document that stated this proposition and asked defendant to authenticate its contents, this Court cannot compel defendant to answer such a request.

FN8. Defendant may be required to pay such expenses, *unless* the court finds (A) that the request was held objectionable, (B) that the admission was of no substantial importance, (C) that the party had reasonable ground to believe he might prevail, or (D) there was other good reason for the failure to admit. *See* 4A Moore's Federal Practice, § § 36.03[7.-2] and 36.07.

Not Reported in F.Supp., 1995 WL 347003 (E.D.Pa.)

**Motions, Pleadings and Filings (Back to top)**

• 2:93cv06733 (Docket) (Dec. 14, 1993)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.