# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | Hon. Patti B. Saris<br><br>Chief Mag. Judge Marianne B. Bowler |

## DECLARATION OF ERIK HAAS

I, Erik Haas, declare as follows:

1.      I am a Member of Patterson Belknap Webb & Tyler LLP and represent Johnson & Johnson and Centocor Inc. in this litigation.  For purposes of this motion, I also represent former Centocor employees Kenneth Wegner, Colin Konschak, Grace Leone, Trina Gillies, Jim Bivona and Brett Beiter.  I offer this declaration in support of the Motion By Johnson & Johnson, Centocor Inc., Kenneth Wegner, Colin Konschak, Grace Leone, Trina Gillies, Jim Bivona and Brett Beiter To Quash Subpoenas And For A Protective Order Prohibiting Plaintiffs From Taking Discovery Of Former Centocor Employees Subpoenaed After The Discovery Cut Off.

2.      Attached hereto as Exhibit 1 is a copy of Case Management Order 13 entered by Judge Saris on March 10, 2005.

3.      Attached hereto as Exhibit 2 is a copy of Case Management Order 10 entered by Judge Saris on March 25, 2004.

4.      Attached hereto as Exhibit 3 is a copy of a deposition notice served by plaintiffs on Centocor on August 10, 2005 seeking the depositions of eight individuals.

5.      On August 26, 2005 we provided plaintiffs with the last-known addresses of the

six individuals listed on their deposition notice who are former employees. We advised plaintiffs that we would be contacting them to arrange representation and that we would oppose any effort to subpoena those former employees on the grounds of timeliness. We also informed plaintiffs that they would have to make personal service on these individuals to the extent they still intended to subpoena them.

6.      Attached hereto as Exhibit 4 are Notices of Deposition and Subpoena relating to the six former employees served on all parties including Centocor by electronic service on August 30, 2005.

7.      Over the next few weeks, plaintiffs made personal service on all six of the former employees. It is our understanding from the six former employees that they were served with subpoenas after the August 31 discovery cut-off and between September 9, 2005 and September 17, 2005.

8.      In pre-motion conferences, I asked counsel for plaintiffs what specific rationale they had for seeking these six depositions. Plaintiffs provided no reason beyond wanting to explore the perspectives of sales-level Centocor employees. Indeed, plaintiffs represented that they might even be satisfied with two of the depositions, but could only decide after taking the depositions and seeing how they went.

I declare under penalty of perjury that the foregoing is true and correct.


_____/s/ Erik Haas_____

Executed on this 27th day of September 2005

1216874v1

# EXHIBIT  1



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                           )
IN RE PHARMACEUTICAL INDUSTRY  )    MDL NO. 1456
AVERAGE WHOLESALE PRICE        )    CIVIL ACTION NO.
LITIGATION                     )    01-12257-PBS
_____)
```

<u>**CASE MANAGEMENT ORDER NO. 13**</u>

March 10, 2005

Saris, U.S.D.J.

After review of the submissions, I order the following revised schedule for track one defendants:

1.  Regardless of the status of the motion for class certification:

| August 31, 2005 | - Close of Fact Discovery |
| October 1, 2005 | - Plaintiffs file their expert reports on liability |
| November 15, 2005 | - Defendants file expert reports on liability |
| January 15, 2006 | - Completion of expert depositions |

2.  If this Court's order on class certification is unappealed, the parties shall propose a schedule for summary judgment briefing within 15 days of the Court's order.

3.  If this Court's order on class certification is appealed:

| 30 days after the Court of Appeals' decision on appeal from class certification ("Appeals Decision") | - Defendants' motion for summary judgment |
| 60 days after the Appeals Decision | - Plaintiffs' opposition |



75 days after the Appeals          - The Reply
Decision

 90 days after the Appeals          - The Surreply
Decision


 **S/PATTI B. SARIS**
United States District Judge

# EXHIBIT  2



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
IN RE PHARMACEUTICAL INDUSTRY )      MDL NO. 1456
AVERAGE WHOLESALE PRICE       )      CIVIL ACTION NO.
LITIGATION                    )      01-12257-PBS
_____)
```

## CASE MANAGEMENT ORDER NO. 10

March 25, 2004

Saris, U.S.D.J.

### I.   PHASING OF DISCOVERY

1.   Discovery shall be permissible with respect to all
parties, claims and issues not dismissed under the February 24,
2004 Memorandum and Order.  Discovery, motion practice and trial
shall occur in two phases.

2.   Phase 1 shall consist of a "fast track" in which five
Defendants will litigate all phases of the case through summary
judgment.  The cases against those five companies shall proceed
on the Phase 1 schedule set below.  Phase 2 shall consist of a
"regular track."

3.  The case is referred to Chief Magistrate Judge Bowler
for case management and all non-dispositive matters.

### II. ADDITIONAL DISCOVERY RULES

1.  To the extent they have not done so, all Defendants are
directed to supplement their document productions under the order
of this Court dated October 28, 2002 (relating to production of



documents produced to governmental bodies concerning AWP matters) by producing all documents relating to any drugs in Appendix A to the AMCC, and all non-privileged documents relating to any drugs, produced by any Defendant in response to recent subpoenas issued by the House Energy and Commerce Committee, or any other governmental body.  Defendants shall make these documents available to counsel for the Plaintiffs for inspection and photocopying within 30 days.

2.  The identification of a drug on the Phase 1 list includes all NDC's for that drug, including NDC's not in the AMCC.

3.  Any documents available in an electronic format shall be so provided in that format, i.e., in an identical, usable electronic format.  If issues regarding compatibility of computer systems and software arise, the producing parties shall confer to resolve the matters.

4.  A responding party to an initial document request shall complete production of all documents within sixty (60) days of service of such request.  Any dispute over the document request (i.e., overbreadth or burden) shall be presented to the magistrate judge within 30 days after service of the request after the parties have conferred.  Even if there is a dispute over a document request, the undisputed documents shall be produced within 60 days.



5.   Privilege logs shall be provided 14 days after a production, and shall provide reasons for each document withheld from production, as well as for each redaction from a document produced.   There shall be no redaction of documents by any party on any basis other than a bona fide claim of a recognized lawful privilege.   No stamps of "confidential" or the like shall be on the text of a document.   All documents shall be produced in their original size.

6.   Each Defendant shall produce 30(b)(6) witnesses within 45 days of such a request.

7.   A party shall provide a "three week deposition notice" under which such party provides at least 21 days notice for a proposed deposition.   A responding party may suggest an alternative date no later than seven more working days from the original notice.   The parties shall confer in good faith.   Any motion for a protective order shall be filed at least five working days before the scheduled deposition; any response shall be filed within two working days.

8.   No deposition of a witness by a deposing party shall be longer than twenty-one hours unless agreed by the parties or permitted by court order.   The non-deposing party shall have seven hours for cross-examination.   There shall be two hours for re-direct and two hours for re-cross.

3



### III.   PHASE 1 SCHEDULE

The following five companies from the AMCC are subject to the Phase I fast track: AstraZeneca; the BMS Group (Bristol-Myers, OTN and Apothecon); the GSK Group (GlaxoSmithKline, SmithKline Beecham and Glaxo Wellcome); the Johnson and Johnson Group (J&J, Centocor and Ortho); and the Schering-Plough Group (Schering and Warrick).

The schedule shall be as follows for Phase I:

1.   Plaintiffs' Motion for Class Certification on Phase 1 shall be filed by September 3, 2004.

2.   Plaintiffs' Disclosure of Expert Reports in Support of Motion for Class Certification filed by September 3, 2004.

3.   Discovery of Plaintiffs' Experts on Class Certification completed by October 4, 2004.

4.   Defendants' Opposition to class certification to be filed by October 25, 2004, along with any expert reports.

5.   Discovery of Defendants' experts completed by November 23, 2004.

6.   Plaintiffs' Reply on Class Certification filed by December 1, 2004.

7.   Any surreply shall be filed by December 8, 2004.

8.   Hearing on Class Certification on December 17, 2004 at 2:00 p.m.

9.   Close of Phase 1 Fact Discovery on January 30, 2005.



10.   Plaintiffs serve liability expert reports on January 31, 2005.

11.   Defendants serve expert reports on liability on February 28, 2005.

12.   Close of Expert Discovery on March 30, 2005.

13.   Summary Judgment Motions filed no later than April 15, 2005.

14.   Oppositions due May 2, 2005.

15.   Replies due on May 16, 2005.

16.   Any surreply on May 30, 2005.

17.   Hearing on Motions for Summary Judgment on June 8, 2005 at 2:00 p.m.

## IV.   PHASE 2 SCHEDULE

1.   After the Court's ruling on the Phase 1 certification motion, the Court shall set a Phase 2 briefing schedule on class certification.  Plaintiffs shall be prepared to file the motion for class certification within sixty (60) days of the Court's ruling.

2.   Fact discovery on Phase 2 will close on October 3, 2005. Plaintiffs shall file expert reports on November 1, 2005. Defendant shall file expert reports on December 1, 2005.  Expert discovery shall be completed by January 16, 2006.  Any motion for summary judgment shall be filed by January 30, 2006.  Any opposition shall be filed by February 12, 2006.  Any reply by

5


E. SERVED
03/25/04
03:34 PM ET
BMP-MDL No.1456

February 27, 2006, and the sur-reply by March 13, 2006.

## V.   Together Rx

After some reflection, I have placed the Together Rx program on the regular track.  As I read the two proposals, creation of a third track seems unwieldy and confusing.  In particular, the issues involving product-specific discovery for 170 drugs involved in the Together Rx program seem too complex to resolve on a fast track.  Nothing in this order precludes Defendants from moving for summary judgment earlier.

## VI.   MISCELLANEOUS

To protect the integrity of the MDL process, Defendants shall notify the Plaintiffs and the Court in writing of any attempts to settle any of the claims before this Court in another jurisdiction upon commencement of such discussions.  Failure to do so may result in injunctive relief, contempt sanctions, and refusal to give any judgment preclusive effect.

## VII.   BRIEFING

No brief shall be longer than 20 pages, unless advance permission of the Court is obtained.

## VIII.   MEDIATION

Within 30 days, the fast track parties shall propose a process and schedule for mediation.

## IX.   CASE MANAGEMENT

The case management order is applicable to all related cases

6



brought by the state and county governmental entities.  When I resolve the pending motions, I will enter a separate case management order.

<u>S/PATTI B. SARIS</u>
United States District Judge

7

# EXHIBIT  3



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | )<br>)<br>)<br>) |
| | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | )<br>)<br>)<br>) |
| | Judge Patti B. Saris |

## NOTICE OF DEPOSITIONS TO CENTOCOR

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30, the undersigned counsel will take the deposition of the following persons  Such depositions will be recorded by stenographic and/or sound and visual means and will take place at the offices of Spector, Roseman & Kodroff, 1818 Market Street, Philadelphia, PA.

| Deponent | Date | Time |
|---|---|---|
| Kenneth Wegner | August 31, 2005 | 9:00 a.m. |
| Laura Glassco | August 31, 2005 | 9:00 a.m. |
| Colin Konschak | August 31, 2005 | 9:00 a.m. |
| Cheryl Cohen | August 31, 2005 | 9:00 a.m. |
| Grace Leone | August 31, 2005 | 1:00 p.m. |
| Trina Gillies | August 31, 2005 | 1:00 p.m. |
| Jim Bivona | August 31, 2005 | 1:00 p.m. |
| Brett Beiter | August 31, 2005 | 1:00 p.m. |

Pursuant to Fed. R. Civ. P. 30(b)(5), each witness is commanded to produce and permit for inspection and copying the documents specified in the attached Schedule A.  *See also Carter v. United States*, 164 F.R.D. 131 (D. Mass. 1995).

You are invited to attend and participate.



DATED:  August 10, 2005

By   /s/ **John Macoretta**
    John Macoretta
    Spector, Roseman & Kodroff, P.C.
    1818 Market Street, Suite 2500
    Philadelphia, PA  19103
    Telephone: (215) 496-0300

    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
    Hagens Berman Sobol Shapiro LLP
    One Main Street, 4th Floor
    Cambridge, MA  02142
    Telephone: (617) 482-3700
    Facsimile: (617) 482-3003


    Steve W. Berman
    Sean R. Matt
    Hagens Berman Sobol Shapiro LLP
    1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
    Telephone: (206) 623-7292
    Facsimile: (206) 623-0594

    Elizabeth Fegan
    Hagens Berman Sobol Shapiro LLP
    60 W. Randolph Street, Suite 200
    Chicago, IL  60601
    Telephone: (312) 762-9235
    Facsimile: (312) 762-9286


    Marc H. Edelson
    Allan Hoffman
    Hoffman & Edelson
    45 West Court Street
    Doylestown, PA  18901
    Telephone: (215) 230-8043
    Facsimile: (215) 230-8735

1534.16 0142 DSC.DOC



Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR
PLAINTIFFS**

- 3 -



E-SERVED
08/10/05
04:34 PM ET
AWP-MDL No.1456

## SCHEDULE A

**A.**   <u>**DEFINITIONS**</u>

1.       "Document(s)" is used in the broadest possible sense and means without limitation, any written, printed, typed, photostated, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof.  This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings.  Without limiting the generality of the foregoing, "document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or of other communications of any type, including inter-office and intra-office communications, electronic mail/messages and/or "e-mail," electronically stored telephone messages and/or "voice-mail," questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by you or anyone else.

2.       "All documents" means every document and every non-identical copy known to you and every such document or writing which you can locate or discover by reasonably diligent efforts, including, but not limited to, documents now in the possession, custody or control of

- 4 -



Defendant, its merged or acquired predecessors, its former and present directors, officers, counsel, agents, employees and/or persons acting on its behalf.

      3.      The term "Defendant" refers to the following companies:  (i) Amgen Inc.; (ii) AstraZeneca Pharmaceuticals L.P., AstraZeneca US, and Zeneca, Inc. (collectively referred to as "AstraZeneca"); (iii) Aventis Pharmaceuticals, Inc., Aventis Behring L.L.C., Hoechst Marion Roussell, Inc., and Centon L.L.C. (collectively referred to as "Aventis"); (iv) Baxter International Inc.; Baxter Healthcare Corporation (collectively referred to as "Baxter"); (v) Bayer Corporation; (vi) Boehringer Ingelheim Corp.; Ben Venue Laboratories Inc.; Bedford Laboratories (collectively referred to as "The Boehringer Group"); (vi) B. Braun of America, Inc. (vii) Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc. (collectively referred to as the "BMS Group"); (viii) Dey, Inc.; (ix) Fujisawa Healthcare, Inc., Fujisawa USA, Inc. (collectively referred to as "Fujisawa"); (x) GlaxoSmithKline, P.L.C., SmithKline Beecham Corporation, and GlaxoWellcome, Inc. (collectively referred to as the "GSK Group"); (xi) Immunex Corporation; (xii) Johnson & Johnson, Centocor, Inc, Janssen Pharmaceutica Products, L.P., McNeil-PPC, Inc., and Ortho Biotech (collectively referred to as the "Johnson & Johnson Group"); (xiii) Novartis Pharmaceuticals Corporation ; (xiv) Pfizer, Inc; (xv) Pharmacia Corporation, Pharmacia & Upjohn, Inc. (collectively referred to as "Pharmacia"); (xvi) Schering-Plough Corporation and Warrick Pharmaceuticals Corporation (collectively referred to as the "Schering-Plough Group"); (xvii) Sicor, Inc. and Gensia Sicor Pharmaceutical Products, Inc. (collectively referred to as "The Sicor Group"); (xviii) TAP Pharmaceutical Products, Inc.; and (xvix) Watson Pharmaceuticals, Inc.

      4.      "You" or "Your" means the deponent to whom this notice is directed (*e.g.*, Kenneth Wegner, etc.).

      5.      "Person" shall refer to natural persons, firms, joint owners, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies, departments or



bureaus (governmental or private), and any other form of business, governmental or juridical person or legal entity.

6.      "Concerning" means relating to, referring to, in connection with, pertaining to, describing, discussing, analyzing, reflecting, summarizing, evidencing, embodying or constituting.

7.      "Meeting" means any discussion between two or more persons either in person or telephonically.

8.      "Communication" and "communications" are used in a comprehensive sense, and shall mean and include every conceivable manner or means of disclosure, transfer or exchange of oral or written information (in the form of facts, ideas, inquiries or otherwise) between one or more persons or entities including, but not limited to, writings, documents, inter- and intra-office memoranda, correspondence, meetings, conferences, conversations, and/or agreements, whether face-to-face, by telephone, by mail, by telecopier, by telex, by computer or otherwise.

9.      "AWP" means the Average Wholesale Price reported to and/or reported by an industry trade Publication.

10.     "Spread" refers to the difference between (i) the AWP or any price upon which reimbursement for a drug is based (including but not limited to reimbursements made by Medicare, Medicaid, a health insurer, a health maintenance organization, and a PBM), and (ii) the actual or net price paid for a drug.

11.     "Publication" means a publication identified in Health Care Financing Administration Program Memorandum AB-99-63 and includes the *First DataBank*, *Red Book*, *Blue Book*, and *Medispan*.

12.     "Provider" means any physician or entity that provides health care to any patient or any buying group acting on behalf of providers.



**B.**     **RULES OF CONSTRUCTION**

      1.        All/Each - The terms "all" and "each" shall be construed as meaning either all and each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

      2.        And/Or - The connectives "and" and "or" shall be construed either disjunctively and conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

      3.        The use of the singular form of any word shall include the plural and vice versa.

      4.        The masculine gender includes the feminine.

**C.**     **INSTRUCTIONS**

      1.        In producing documents and other materials, you must furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

      2.        In producing documents, you must produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original (to the extent this is known).

      3.        Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records.  These requests include Plaintiff's request to physically inspect any file drawer, filing cabinet or any other storage device where documents responsive to these requests are maintained at the time of the inspection of such documents.

      4.        Documents attached to each other should not be separated.



5.      If any responsive document was, but is no longer in the possession or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of, and in each instance explain the circumstances surrounding, and state the date or approximate date of, such disposition.

6.      In the event that you object to any document request on the grounds of privilege or work product, a statement shall be provided as to each document, which includes:

(a)     The name of the author of the document;

(b)     The name of the recipient of the document;

(c)     The names of the persons to whom copies were sent;

(d)     The job title of every individual named in (a), (b), and (c) above;

(e)     The date the document was created, sent, and received;

(f)     The location of the document;

(g)     The custodian of the document;

(h)     A brief description of the nature and subject matter of the document; and

(i)     A statement of the privilege asserted and each and every fact or basis upon which a privilege is claimed or on which the document is otherwise withheld.

7.      Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted, provided that the identification requested in paragraphs (h) and (i) above are furnished.

## D.      **RELEVANT TIME PERIOD**

Unless otherwise stated, these requests call for the production of all documents identified in the requests that were generated and/or maintained during the period January 1, 1998 to the date of production (the "Relevant Time Period"), or refer or relate to the Relevant Time Period.

- 8 -



E.   **DOCUMENTS TO BE PRODUCED**

1.      All "Practice Management" materials in your possession, including business plans, training materials and reports of any Practice Management programs or presentations you made to any Provider.

2.      All documents that compare AWPs to the costs of Remicade or any competing drug.

3.      All documents that concern any economic analysis done for a Provider concerning Remicade, including but not limited to financial comparisons that you have created, used on sales calls or received and which concern AWP or rebates.

4.      All documents concerning the provision by you to a provider of AWPs for Remicade reflecting a discussion between you and a provider regarding AWP.

1534.16 0142 DSC.DOC



## CERTIFICATE OF SERVICE

I hereby certify that I, John A. Macoretta, caused a true and correct copy of the foregoing, **NOTICE OF DEPOSITIONS TO CENTOCOR** to be delivered to all counsel of record by electronic service via Verilaw.

By_____**/s/ John Macoretta**_____
        John Macoretta

1534.16 0142 DSC.DOC