

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL No. 1456 |
|  | ) | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) ) | Judge Patti B. Saris |

## NOTICE OF DEPOSITION TO JIM BIVONA

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30, the undersigned counsel will take the deposition of Jim Bivona. Such deposition will be recorded by stenographic and/or sound and visual means and will take place at a place to be determined at 9:00A.M. on Monday, September 26, 2005.

Pursuant to Fed. R. Civ. P. 30(b)(5), each witness is commanded to produce and permit for inspection and copying the documents specified in the attached Schedule A. *See also Carter v. United States*, 164 F.R.D. 131 (D. Mass. 1995).

You are invited to attend and participate.

DATED: August 30, 2005

By    /s/ John Macoretta
        Jeffrey Kodroff
        John Macoretta
        Jennifer L. Enck
        Spector, Roseman & Kodroff, P.C.
        1818 Market Street, Suite 2500
        Philadelphia, PA 19103
        Telephone: (215) 496-0300

1534.16 0142 DSC.DOC



Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003


Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286


Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

- 2 -



Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR
PLAINTIFFS**



## SCHEDULE A

### A.   DEFINITIONS

1.      "Document(s)" is used in the broadest possible sense and means without
limitation, any written, printed, typed, photostated, photographed, recorded or otherwise
reproduced or stored communication or representation, whether comprised of letters, words,
numbers, data, pictures, sounds or symbols, or any combination thereof.  This definition includes
copies or duplicates of documents contemporaneously or subsequently created which have any
non-conforming notes or other markings.  Without limiting the generality of the foregoing,
"document" includes, but is not limited to, correspondence, memoranda, notes, records, letters,
envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers,
accounts, analytical records, reports and/or summaries of investigations, trade letters, press
releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets,
brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of
minutes of meetings or of other communications of any type, including inter-office and intra-
office communications, electronic mail/messages and/or "e-mail," electronically stored telephone
messages and/or "voice-mail," questionnaires, surveys, charts, graphs, photographs, phonograph
recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by
electronic data processing or word processing equipment, all other data compilations from which
information can be obtained (by translation, if necessary, by you through detection devices into
usable form), including, without limitation, electromagnetically sensitive storage media such as
floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or
revisions of any of the foregoing, whether produced or authored by you or anyone else.

2.      "All documents" means every document and every non-identical copy known to
you and every such document or writing which you can locate or discover by reasonably diligent
efforts, including, but not limited to, documents now in the possession, custody or control of

1534.16 0142 DSC.DOC



Defendant, its merged or acquired predecessors, its former and present directors, officers, counsel, agents, employees and/or persons acting on its behalf.

3.    The term "Defendant" refers to the following companies:  (i) Amgen Inc.; (ii) AstraZeneca Pharmaceuticals L.P., AstraZeneca US, and Zeneca, Inc. (collectively referred to as "AstraZeneca"); (iii) Aventis Pharmaceuticals, Inc., Aventis Behring L.L.C., Hoechst Marion Roussell, Inc., and Centon L.L.C. (collectively referred to as "Aventis"); (iv) Baxter International Inc.; Baxter Healthcare Corporation (collectively referred to as "Baxter"); (v) Bayer Corporation; (vi) Boehringer Ingelheim Corp.; Ben Venue Laboratories Inc.; Bedford Laboratories (collectively referred to as "The Boehringer Group"); (vi) B. Braun of America, Inc. (vii) Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc. (collectively referred to as the "BMS Group"); (viii) Dey, Inc.; (ix) Fujisawa Healthcare, Inc., Fujisawa USA, Inc. (collectively referred to as "Fujisawa"); (x) GlaxoSmithKline, P.L.C., SmithKline Beecham Corporation, and GlaxoWellcome, Inc. (collectively referred to as the "GSK Group"); (xi) Immunex Corporation; (xii) Johnson & Johnson, Centocor, Inc, Janssen Pharmaceutica Products, L.P., McNeil-PPC, Inc., and Ortho Biotech (collectively referred to as the "Johnson & Johnson Group"); (xiii) Novartis Pharmaceuticals Corporation ; (xiv) Pfizer, Inc; (xv) Pharmacia Corporation, Pharmacia & Upjohn, Inc. (collectively referred to as "Pharmacia"); (xvi) Schering-Plough Corporation and Warrick Pharmaceuticals Corporation (collectively referred to as the "Schering-Plough Group"); (xvii) Sicor, Inc. and Gensia Sicor Pharmaceutical Products, Inc. (collectively referred to as "The Sicor Group"); (xviii) TAP Pharmaceutical Products, Inc.; and (xvix) Watson Pharmaceuticals, Inc.

4.    "You" or "Your" means the deponent to whom this notice is directed (*e.g.,* Jim Bivona).

5.    "Person" shall refer to natural persons, firms, joint owners, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies, departments or



bureaus (governmental or private), and any other form of business, governmental or juridical person or legal entity.

6.    "Concerning" means relating to, referring to, in connection with, pertaining to, describing, discussing, analyzing, reflecting, summarizing, evidencing, embodying or constituting.

7.    "Meeting" means any discussion between two or more persons either in person or telephonically.

8.    "Communication" and "communications" are used in a comprehensive sense, and shall mean and include every conceivable manner or means of disclosure, transfer or exchange of oral or written information (in the form of facts, ideas, inquiries or otherwise) between one or more persons or entities including, but not limited to, writings, documents, inter- and intra-office memoranda, correspondence, meetings, conferences, conversations, and/or agreements, whether face-to-face, by telephone, by mail, by telecopier, by telex, by computer or otherwise.

9.    "AWP" means the Average Wholesale Price reported to and/or reported by an industry trade Publication.

10.    "Spread" refers to the difference between (i) the AWP or any price upon which reimbursement for a drug is based (including but not limited to reimbursements made by Medicare, Medicaid, a health insurer, a health maintenance organization, and a PBM), and (ii) the actual or net price paid for a drug.

11.    "Publication" means a publication identified in Health Care Financing Administration Program Memorandum AB-99-63 and includes the *First DataBank*, *Red Book*, *Blue Book*, and *Medispan*.

12.    "Provider" means any physician or entity that provides health care to any patient or any buying group acting on behalf of providers.



**B.** **RULES OF CONSTRUCTION**

1.      All/Each - The terms "all" and "each" shall be construed as meaning either all and each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

2.      And/Or - The connectives "and" and "or" shall be construed either disjunctively and conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.      The use of the singular form of any word shall include the plural and vice versa.

4.      The masculine gender includes the feminine.

**C.** **INSTRUCTIONS**

1.      In producing documents and other materials, you must furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2.      In producing documents, you must produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original (to the extent this is known).

3.      Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records. These requests include Plaintiff's request to physically inspect any file drawer, filing cabinet or any other storage device where documents responsive to these requests are maintained at the time of the inspection of such documents.

4.      Documents attached to each other should not be separated.



5.    If any responsive document was, but is no longer in the possession or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of, and in each instance explain the circumstances surrounding, and state the date or approximate date of, such disposition.

6.    In the event that you object to any document request on the grounds of privilege or work product, a statement shall be provided as to each document, which includes:

    (a)    The name of the author of the document;

    (b)    The name of the recipient of the document;

    (c)    The names of the persons to whom copies were sent;

    (d)    The job title of every individual named in (a), (b), and (c) above;

    (e)    The date the document was created, sent, and received;

    (f)    The location of the document;

    (g)    The custodian of the document;

    (h)    A brief description of the nature and subject matter of the document; and

    (i)    A statement of the privilege asserted and each and every fact or basis upon which a privilege is claimed or on which the document is otherwise withheld.

7.    Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted, provided that the identification requested in paragraphs (h) and (i) above are furnished.

**D.    RELEVANT TIME PERIOD**

Unless otherwise stated, these requests call for the production of all documents identified in the requests that were generated and/or maintained during the period January 1, 1998 to the date of production (the "Relevant Time Period"), or refer or relate to the Relevant Time Period.



**E.**     **DOCUMENTS TO BE PRODUCED**

1.     All "Practice Management" materials in your possession, including business plans, training materials and reports of any Practice Management programs or presentations you made to any Provider.

2.     All documents that compare AWPs to the costs of Remicade or any competing drug.

3.     All documents that concern any economic analysis done for a Provider concerning Remicade, including but not limited to financial comparisons that you have created, used on sales calls or received and which concern AWP or rebates.

4.     All documents concerning the provision by you to a provider of AWPs for Remicade reflecting a discussion between you and a provider regarding AWP.



## CERTIFICATE OF SERVICE

I hereby certify that I, John Macoretta, caused a true and correct copy of the foregoing, **NOTICE OF DEPOSITION TO JIM BIVONA** to be delivered to all counsel of record by electronic service via Verilaw.

By_____ **/s/ John Macoretta**_____
John Macoretta

- 10 -



AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
### District of New Hampshire

## SUBPOENA IN A CIVIL CASE

Case Number: 01-CV012257-PBS
MDL No. 1456 Pending in the District
of Massachusetts

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

**TO**: Jim Bivona
33 Armands Way
Dunbarton, NH 03046

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION:  To Be Determined | DATE AND TIME:<br>Sept. 26, 2005<br>9:00 A.M. |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date, and time specified below (list documents or objects): See Attached Schedule A

| PLACE:    To Be Determined | DATE AND TIME<br>Sept. 26, 2005<br>9:00 A.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Plaintiff | DATE<br>August 30, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jennifer L. Enck
Spector Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel. (215)496-0300
Fax (215) 496-6611

(See Rule 45, Federal Rules of Civil Procedure, Parts C& D on next page)

If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

E-SERVED
08/30/05
02:34 PM ET
AMP MDL NO. 1456

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

_____

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



E-SERVED
08/30/05
02:34 PM ET
AWP-MDL No. 1456

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS ) ) ) ) | Judge Patti B. Saris |

## NOTICE OF DEPOSITION TO KENNETH WEGNER

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30, the undersigned counsel will take the deposition of Kenneth Wegner. Such deposition will be recorded by stenographic and/or sound and visual means and will take place at a place to be determined at 9:00A.M. on Tuesday, September 20, 2005.

Pursuant to Fed. R. Civ. P. 30(b)(5), each witness is commanded to produce and permit for inspection and copying the documents specified in the attached Schedule A. *See also Carter v. United States*, 164 F.R.D. 131 (D. Mass. 1995).

You are invited to attend and participate.


DATED: August 30, 2005

By___ /s/ John Macoretta _____
Jeffrey Kodroff
John Macoretta
Jennifer L. Enck
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300

- 1 -

1534.16 0142 DSC.DOC



E-SERVED
08/30/05
02:34 PM ET
AWP-MDL No.1456

Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003


Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286


Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022


- 2 -

1534.16 0142 DSC.DOC



Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR
PLAINTIFFS**

1534.16 0142 DSC.DOC



E-SERVED
08/30/05
02:34 PM ET
MP-MDL No. 1456

## SCHEDULE A

A.   **DEFINITIONS**

1.     "Document(s)" is used in the broadest possible sense and means without limitation, any written, printed, typed, photostated, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof.  This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings.  Without limiting the generality of the foregoing, "document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or of other communications of any type, including inter-office and intra-office communications, electronic mail/messages and/or "e-mail," electronically stored telephone messages and/or "voice-mail," questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by you or anyone else.

2.     "All documents" means every document and every non-identical copy known to you and every such document or writing which you can locate or discover by reasonably diligent efforts, including, but not limited to, documents now in the possession, custody or control of

- 4 -



Defendant, its merged or acquired predecessors, its former and present directors, officers, counsel, agents, employees and/or persons acting on its behalf.

3.     The term "Defendant" refers to the following companies:  (i) Amgen Inc.; (ii) AstraZeneca Pharmaceuticals L.P., AstraZeneca US, and Zeneca, Inc. (collectively referred to as "AstraZeneca"); (iii) Aventis Pharmaceuticals, Inc., Aventis Behring L.L.C., Hoechst Marion Roussell, Inc., and Centon L.L.C. (collectively referred to as "Aventis"); (iv) Baxter International Inc.; Baxter Healthcare Corporation (collectively referred to as "Baxter"); (v) Bayer Corporation; (vi) Boehringer Ingelheim Corp.; Ben Venue Laboratories Inc.; Bedford Laboratories (collectively referred to as "The Boehringer Group"); (vi) B. Braun of America, Inc. (vii) Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc. (collectively referred to as the "BMS Group"); (viii) Dey, Inc.; (ix) Fujisawa Healthcare, Inc., Fujisawa USA, Inc. (collectively referred to as "Fujisawa"); (x) GlaxoSmithKline, P.L.C., SmithKline Beecham Corporation, and GlaxoWellcome, Inc. (collectively referred to as the "GSK Group"); (xi) Immunex Corporation; (xii) Johnson & Johnson, Centocor, Inc, Janssen Pharmaceutica Products, L.P., McNeil-PPC, Inc., and Ortho Biotech (collectively referred to as the "Johnson & Johnson Group"); (xiii) Novartis Pharmaceuticals Corporation ; (xiv) Pfizer, Inc; (xv) Pharmacia Corporation, Pharmacia & Upjohn, Inc. (collectively referred to as "Pharmacia"); (xvi) Schering-Plough Corporation and Warrick Pharmaceuticals Corporation (collectively referred to as the "Schering-Plough Group"); (xvii) Sicor, Inc. and Gensia Sicor Pharmaceutical Products, Inc. (collectively referred to as "The Sicor Group"); (xviii) TAP Pharmaceutical Products, Inc.; and (xvix) Watson Pharmaceuticals, Inc.

4.     "You" or "Your" means the deponent to whom this notice is directed (*e.g.*, Kenneth Wegner).

5.     "Person" shall refer to natural persons, firms, joint owners, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies, departments or

- 5 -



bureaus (governmental or private), and any other form of business, governmental or juridical person or legal entity.

6.    "Concerning" means relating to, referring to, in connection with, pertaining to, describing, discussing, analyzing, reflecting, summarizing, evidencing, embodying or constituting.

7.    "Meeting" means any discussion between two or more persons either in person or telephonically.

8.    "Communication" and "communications" are used in a comprehensive sense, and shall mean and include every conceivable manner or means of disclosure, transfer or exchange of oral or written information (in the form of facts, ideas, inquiries or otherwise) between one or more persons or entities including, but not limited to, writings, documents, inter- and intra-office memoranda, correspondence, meetings, conferences, conversations, and/or agreements, whether face-to-face, by telephone, by mail, by telecopier, by telex, by computer or otherwise.

9.    "AWP" means the Average Wholesale Price reported to and/or reported by an industry trade Publication.

10.    "Spread" refers to the difference between (i) the AWP or any price upon which reimbursement for a drug is based (including but not limited to reimbursements made by Medicare, Medicaid, a health insurer, a health maintenance organization, and a PBM), and (ii) the actual or net price paid for a drug.

11.    "Publication" means a publication identified in Health Care Financing Administration Program Memorandum AB-99-63 and includes the *First DataBank*, *Red Book*, *Blue Book*, and *Medispan*.

12.    "Provider" means any physician or entity that provides health care to any patient or any buying group acting on behalf of providers.

- 6 -



## B.  **RULES OF CONSTRUCTION**

    1.    All/Each - The terms "all" and "each" shall be construed as meaning either all and each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

    2.    And/Or - The connectives "and" and "or" shall be construed either disjunctively and conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

    3.    The use of the singular form of any word shall include the plural and vice versa.

    4.    The masculine gender includes the feminine.

## C.  **INSTRUCTIONS**

    1.    In producing documents and other materials, you must furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

    2.    In producing documents, you must produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original (to the extent this is known).

    3.    Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records.  These requests include Plaintiff's request to physically inspect any file drawer, filing cabinet or any other storage device where documents responsive to these requests are maintained at the time of the inspection of such documents.

    4.    Documents attached to each other should not be separated.

1534.16 0142 DSC.DOC



5.      If any responsive document was, but is no longer in the possession or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of, and in each instance explain the circumstances surrounding, and state the date or approximate date of, such disposition.

6.      In the event that you object to any document request on the grounds of privilege or work product, a statement shall be provided as to each document, which includes:

(a)     The name of the author of the document;

(b)     The name of the recipient of the document;

(c)     The names of the persons to whom copies were sent;

(d)     The job title of every individual named in (a), (b), and (c) above;

(e)     The date the document was created, sent, and received;

(f)     The location of the document;

(g)     The custodian of the document;

(h)     A brief description of the nature and subject matter of the document; and

(i)     A statement of the privilege asserted and each and every fact or basis upon which a privilege is claimed or on which the document is otherwise withheld.

7.      Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted, provided that the identification requested in paragraphs (h) and (i) above are furnished.

**D.      RELEVANT TIME PERIOD**

Unless otherwise stated, these requests call for the production of all documents identified in the requests that were generated and/or maintained during the period January 1, 1998 to the date of production (the "Relevant Time Period"), or refer or relate to the Relevant Time Period.

- 8 -

1534.16 0142 DSC.DOC



E.    __DOCUMENTS TO BE PRODUCED__

     1.     All "Practice Management" materials in your possession, including business plans, training materials and reports of any Practice Management programs or presentations you made to any Provider.

     2.     All documents that compare AWPs to the costs of Remicade or any competing drug.

     3.     All documents that concern any economic analysis done for a Provider concerning Remicade, including but not limited to financial comparisons that you have created, used on sales calls or received and which concern AWP or rebates.

     4.     All documents concerning the provision by you to a provider of AWPs for Remicade reflecting a discussion between you and a provider regarding AWP.



## CERTIFICATE OF SERVICE

I hereby certify that I, John Macoretta, caused a true and correct copy of the foregoing, **NOTICE OF DEPOSITION TO KENNETH WEGNER** to be delivered to all counsel of record by electronic service via Verilaw.

By_____ **/s/ John Macoretta**_____
John Macoretta



AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
**Eastern District of California**

**SUBPOENA IN A CIVIL CASE**

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

Case Number: 01-CV012257-PBS
MDL No. 1456 Pending in the District
of Massachusetts

**TO**: Kenneth Wegner
       3815 Garden Highway
       Sacramento, CA 95834

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified
    below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
    deposition in the above case.

| PLACE OF DEPOSITION:   To Be Determined | DATE AND TIME:<br>Sept. 20, 2005<br>9:00 A.M. |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
    the place, date, and time specified below (list documents or objects): See Attached Schedule A

| PLACE:   To Be Determined | DATE AND TIME<br>Sept. 20, 2005<br>9:00 A.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or
other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil
Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Plaintiff | DATE<br>August 30, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jennifer L. Enck
Spector Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel. (215)496-0300
Fax (215) 496-6611

(See Rule 45, Federal Rules of Civil Procedure, Parts C& D on next page)

If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

E-SERVED
08/30/05
02:34 PM ET
MDL NO. 1456

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



E-SERVED
08/30/05
02:34 PM ET
AWP-MDL No. 1456

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE )    MDL No. 1456
LITIGATION )
———————————————————— )    CIVIL ACTION: 01-CV-12257-PBS
)
THIS DOCUMENT RELATES TO )    Judge Patti B. Saris
ALL CLASS ACTIONS )
———————————————————— )

## NOTICE OF DEPOSITION TO COLIN KONSCHAK

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30, the

undersigned counsel will take the deposition of Colin Konschak. Such deposition will be

recorded by stenographic and/or sound and visual means and will take place at a place to be

determined at 9:00 A.M. on Wednesday, September 21, 2005.

Pursuant to Fed. R. Civ. P. 30(b)(5), each witness is commanded to produce and permit

for inspection and copying the documents specified in the attached Schedule A. *See also Carter*

*v. United States*, 164 F.R.D. 131 (D. Mass. 1995).

You are invited to attend and participate.

DATED: August 30, 2005                    By___/s/ John Macoretta_____
                                          Jeffrey Kodroff
                                          John Macoretta
                                          Jennifer L. Enck
                                          Spector, Roseman & Kodroff, P.C.
                                          1818 Market Street, Suite 2500
                                          Philadelphia, PA 19103
                                          Telephone: (215) 496-0300

- 1 -

1534.16 0142 DSC.DOC



Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003


Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286


Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

- 2 -



Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR
PLAINTIFFS**



## SCHEDULE A

A.   **DEFINITIONS**

1.      "Document(s)" is used in the broadest possible sense and means without limitation, any written, printed, typed, photostated, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof.  This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings.  Without limiting the generality of the foregoing, "document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or of other communications of any type, including inter-office and intra-office communications, electronic mail/messages and/or "e-mail," electronically stored telephone messages and/or "voice-mail," questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by you or anyone else.

2.      "All documents" means every document and every non-identical copy known to you and every such document or writing which you can locate or discover by reasonably diligent efforts, including, but not limited to, documents now in the possession, custody or control of



Defendant, its merged or acquired predecessors, its former and present directors, officers, counsel, agents, employees and/or persons acting on its behalf.

3.      The term "Defendant" refers to the following companies: (i) Amgen Inc.; (ii) AstraZeneca Pharmaceuticals L.P., AstraZeneca US, and Zeneca, Inc. (collectively referred to as "AstraZeneca"); (iii) Aventis Pharmaceuticals, Inc., Aventis Behring L.L.C., Hoechst Marion Roussell, Inc., and Centon L.L.C. (collectively referred to as "Aventis"); (iv) Baxter International Inc.; Baxter Healthcare Corporation (collectively referred to as "Baxter"); (v) Bayer Corporation; (vi) Boehringer Ingelheim Corp.; Ben Venue Laboratories Inc.; Bedford Laboratories (collectively referred to as "The Boehringer Group"); (vi) B. Braun of America, Inc. (vii) Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc. (collectively referred to as the "BMS Group"); (viii) Dey, Inc.; (ix) Fujisawa Healthcare, Inc., Fujisawa USA, Inc. (collectively referred to as "Fujisawa"); (x) GlaxoSmithKline, P.L.C., SmithKline Beecham Corporation, and GlaxoWellcome, Inc. (collectively referred to as the "GSK Group"); (xi) Immunex Corporation; (xii) Johnson & Johnson, Centocor, Inc, Janssen Pharmaceutica Products, L.P., McNeil-PPC, Inc., and Ortho Biotech (collectively referred to as the "Johnson & Johnson Group"); (xiii) Novartis Pharmaceuticals Corporation ; (xiv) Pfizer, Inc; (xv) Pharmacia Corporation, Pharmacia & Upjohn, Inc. (collectively referred to as "Pharmacia"); (xvi) Schering-Plough Corporation and Warrick Pharmaceuticals Corporation (collectively referred to as the "Schering-Plough Group"); (xvii) Sicor, Inc. and Gensia Sicor Pharmaceutical Products, Inc. (collectively referred to as "The Sicor Group"); (xviii) TAP Pharmaceutical Products, Inc.; and (xvix) Watson Pharmaceuticals, Inc.

4.      "You" or "Your" means the deponent to whom this notice is directed (*e.g.*, Colin Konschak).

5.      "Person" shall refer to natural persons, firms, joint owners, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies, departments or



bureaus (governmental or private), and any other form of business, governmental or juridical person or legal entity.

6.     "Concerning" means relating to, referring to, in connection with, pertaining to, describing, discussing, analyzing, reflecting, summarizing, evidencing, embodying or constituting.

7.     "Meeting" means any discussion between two or more persons either in person or telephonically.

8.     "Communication" and "communications" are used in a comprehensive sense, and shall mean and include every conceivable manner or means of disclosure, transfer or exchange of oral or written information (in the form of facts, ideas, inquiries or otherwise) between one or more persons or entities including, but not limited to, writings, documents, inter- and intra-office memoranda, correspondence, meetings, conferences, conversations, and/or agreements, whether face-to-face, by telephone, by mail, by telecopier, by telex, by computer or otherwise.

9.     "AWP" means the Average Wholesale Price reported to and/or reported by an industry trade Publication.

10.     "Spread" refers to the difference between (i) the AWP or any price upon which reimbursement for a drug is based (including but not limited to reimbursements made by Medicare, Medicaid, a health insurer, a health maintenance organization, and a PBM), and (ii) the actual or net price paid for a drug.

11.     "Publication" means a publication identified in Health Care Financing Administration Program Memorandum AB-99-63 and includes the *First DataBank*, *Red Book*, *Blue Book*, and *Medispan*.

12.     "Provider" means any physician or entity that provides health care to any patient or any buying group acting on behalf of providers.



**B.    RULES OF CONSTRUCTION**

    1.    All/Each - The terms "all" and "each" shall be construed as meaning either all and each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

    2.    And/Or - The connectives "and" and "or" shall be construed either disjunctively and conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

    3.    The use of the singular form of any word shall include the plural and vice versa.

    4.    The masculine gender includes the feminine.

**C.    INSTRUCTIONS**

    1.    In producing documents and other materials, you must furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

    2.    In producing documents, you must produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original (to the extent this is known).

    3.    Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records.  These requests include Plaintiff's request to physically inspect any file drawer, filing cabinet or any other storage device where documents responsive to these requests are maintained at the time of the inspection of such documents.

    4.    Documents attached to each other should not be separated.

- 7 -



5.      If any responsive document was, but is no longer in the possession or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of, and in each instance explain the circumstances surrounding, and state the date or approximate date of, such disposition.

6.      In the event that you object to any document request on the grounds of privilege or work product, a statement shall be provided as to each document, which includes:

(a)     The name of the author of the document;

(b)     The name of the recipient of the document;

(c)     The names of the persons to whom copies were sent;

(d)     The job title of every individual named in (a), (b), and (c) above;

(e)     The date the document was created, sent, and received;

(f)     The location of the document;

(g)     The custodian of the document;

(h)     A brief description of the nature and subject matter of the document; and

(i)     A statement of the privilege asserted and each and every fact or basis upon which a privilege is claimed or on which the document is otherwise withheld.

7.      Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted, provided that the identification requested in paragraphs (h) and (i) above are furnished.

**D.      RELEVANT TIME PERIOD**

Unless otherwise stated, these requests call for the production of all documents identified in the requests that were generated and/or maintained during the period January 1, 1998 to the date of production (the "Relevant Time Period"), or refer or relate to the Relevant Time Period.

- 8 -



## E.   <u>DOCUMENTS TO BE PRODUCED</u>

    1.     All "Practice Management" materials in your possession, including business plans, training materials and reports of any Practice Management programs or presentations you made to any Provider.

    2.     All documents that compare AWPs to the costs of Remicade or any competing drug.

    3.     All documents that concern any economic analysis done for a Provider concerning Remicade, including but not limited to financial comparisons that you have created, used on sales calls or received and which concern AWP or rebates.

    4.     All documents concerning the provision by you to a provider of AWPs for Remicade reflecting a discussion between you and a provider regarding AWP.



## CERTIFICATE OF SERVICE

I hereby certify that I, John Macoretta, caused a true and correct copy of the foregoing, **NOTICE OF DEPOSITION TO COLIN KONSCHAK** to be delivered to all counsel of record by electronic service via Verilaw.

By_____/s/ John Macoretta_____
John Macoretta

- 10 -

1534.16 0142 DSC.DOC



AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
### Eastern District of Virginia

**SUBPOENA IN A CIVIL CASE**

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

Case Number: 01-CV012257-PBS
MDL No. 1456 Pending in the District
of Massachusetts

**TO**: Colin Konschak
9705 Dolphin Run
Norfolk, VA 23518

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION:   To Be Determined | DATE AND TIME:<br>Sept. 21, 2005<br>9:00 A.M. |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attached Schedule A

| PLACE:   To Be Determined | DATE AND TIME<br>Sept. 21, 2005<br>9:00 A.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Plaintiff | DATE<br>August 30, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jennifer L. Enck
Spector Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel. (215)496-0300
Fax (215) 496-6611

(See Rule 45, Federal Rules of Civil Procedure, Parts C& D on next page)

If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

E-SERVED
08/30/05
02:34 PM ET
AMP-MDL NO. 1456

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.