UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**PLAINTIFFS' MOTION TO MODIFY THE
TRACK TWO DISCOVERY SCHEDULE**

Plaintiffs move the Court to extend the deadlines for the completion of discovery associated with the Track Two Defendants.  In support of this motion, Plaintiffs state as follows.

Case Management Order ("CMO") No. 14 sets forth the following deadlines associated with discovery related to the Track Two Defendants:

> December 3, 2005:  Close of Fact Discovery.
>
> January 15, 2006:  Plaintiffs file their expert reports on liability.
>
> January 30, 2006:  Defendants file expert reports on liability.
>
> March 15, 2006:  Completion of expert depositions.

CMO No. 14 also provides briefing and expert report disclosure deadlines for class certification proceedings, and ties those deadlines to the date that the Track One class certification Order becomes final if it is not appealed, or the date that the Court of Appeals issues a decision (called the "Triggering Date" in CMO No. 14):

> 30 days after the Triggering Date    Motion for Class Certification (with expert reports)
>
> 60 days after the Triggering Date    Opposition (together with expert reports)

>90 Days after the Triggering Date     Reply

>120 days after the Triggering Date    Surreply

As more fully set forth below, Plaintiffs move for a stay of Track Two discovery and a re-setting of the discovery deadlines associated with the Track Two Defendants in order to (i) link the schedule to the amendment of the complaint to add proposed Track Two class representatives consistent with the Court's Track One class certification Order and, consequently, conserve the parties' resources pending the outcome of this important determination; (ii) tie the discovery more closely to class certification proceedings; and (iii) provide more time to conduct that discovery given the slow pace at which most Track Two Defendants have produced information.

**A.     Track Two Discovery Should Be Linked To Adding Track Two Plaintiffs And Should Flow From The Court's Standing Determinations With Regard To Additional Class Representatives Proffered For The Track One Defendants**

The Court's August 16, 2005, Memorandum and Order Re: Motion for Class Certification ("Track One Class Order") directs Plaintiffs to file a proposed amended complaint adding individual class representatives who can demonstrate standing under the guidelines established by the Court. Track One Class Order at 43-44. The Court also provided a schedule to govern the amendment: Plaintiffs make the proposed amendment within 60 days; Defendants take depositions of the new representatives within 30 days; Defendants file any challenge to adequacy or typicality within 45 days of the amendment; and Plaintiffs file oppositions to the motion fourteen days later. Track One Class Order at 88-89. Under this timeline, the briefing will be complete by mid-January, after which the Court will determine whether the newly proposed representatives meet the adequacy and typicality requirements under Rule 23.

Plaintiffs presume that the Court is going to require that any proposed individual class representatives for the Track Two Defendants also satisfy the standing inquiry set forth by the

Court in the Track One Class Order and the conclusions that the Court ultimately makes after reviewing the evidence and arguments proffered in support of Plaintiffs' forthcoming Track One amendment. The Court's guidance on this critical standing issue – which will not be available to the parties until mid-January at the earliest – will greatly assist the parties and the Court in evaluating the additional class representatives that Plaintiffs will propose for Track Two. Plaintiffs respectfully suggest that it will be most efficient to have that guidance in hand *before* Plaintiffs identify and propose additional Phase Two class representatives and *before* any additional Phase Two discovery continues. For instance, Defendants are purportedly intending to argue that Plaintiffs must advance a class representative for each physician-administered drug targeted in the suit, whereas Plaintiffs believe that, consistent with this Court's prior orders, one representative per Defendant will suffice. Unfortunately, we will not have the Court's ruling on this issue until January or February, 2006.

In the meantime, and unless the schedule is adjusted in the manner that Plaintiffs propose, several months of Track Two discovery will continue against Track Two Defendants for which no additional class representatives may ultimately identified under the Court's final standards. In order to avoid this potential waste of the parties' and the Court's time and resources, given that any number of discovery motions are bound to be filed in the ensuing months, Plaintiffs propose that Track Two discovery be stayed pending the Court's standing determination. Plaintiffs believe that the following Track Two schedule will sensibly accomplish this result:

Schedule Governing Amendment of Complaint for Track Two:

> Plaintiffs make the proposed amendment within 60 days of the Court's final standing Order for Track One.
>
> Defendants take depositions of the new representatives within 30 days.
>
> Defendants file any challenge to adequacy or typicality within 45 days of the amendment.

These proposed dates are consistent with the schedule set forth for Track One in the Court's Track One Class Order and should resolve the Track Two standing issues by July 2006. This approach will benefit all parties, as it will determine what Track Two Defendants and drugs remain at issue in the case before discovery continues.

>   Schedule Governing Remaining Discovery for Track Two:
>
>   Close of Fact Discovery:  180 days after the Court's standing determination for the Track Two class representatives.
>
>   Plaintiffs file their expert reports on liability:  45 days thereafter.
>
>   Defendants file expert reports on liability:  15 days thereafter.
>
>   Completion of expert depositions:  30 days thereafter.

The schedule for Track Two class certification proceedings would remain unchanged from the "Triggering Date" approach that the Court established in CMO No. 14.

In "meet and confer" discussions with the Track Two Defendants on this issue, Defendants have recognized the need for Plaintiffs to file an amended complaint identifying additional class representatives for Track Two. But Defendants have rejected Plaintiffs' proposal, arguing that the discovery stay proposed by Plaintiffs would not benefit Defendants because they would remain subject to discovery in the state cases. Declaration of Steve W. Berman in Support of Motion to Modify the Track Two Discovery Schedule ("Berman Decl."), at 3.[1] However, pursuant to the Court's desire to coordinate the state and private AWP cases before it, the States of Montana and Nevada have offered to agree to abide by the discovery schedule proffered by the class Plaintiffs here. Berman Decl. at 4. Consequently, the minimal stay that Plaintiffs propose will also benefit Defendants and be consistent with the spirit of

---

[1] Defendants would have Plaintiffs amend the complaint to identify additional Track Two class representatives before the Court resolves issues associated with additional Track One class representatives yet to be proposed. Berman Decl. at 3.

coordination that the Court expects. In sum, staying Track Two discovery and re-starting it after the Court makes critical standing rulings may avoid needless expense for the parties and burdens on the Court.

**B.     Track Two Discovery Should Be More Closely Tied To The Timing Of The Class Certification Proceedings**

It is typical in complex class litigation for class certification proceedings to substantially overlap discovery efforts or be tightly connected to them and, indeed, Rule 23 directs the Court to determine certification issues "at an early practicable time." First Circuit guidance that may be provided in resolution of Defendants' purported interlocutory appeal of the Track One Class Order and this Court's final ruling on class certification for Track Two could very well impact the course of discovery for Track Two, as it already has, for instance, with respect to the scope of drugs remaining in the case with the Court's refusal to certify an orals class. However, under the present schedule, it is likely that Track Two class certification proceedings may not even begin until six, nine or twelve months after the close of Track Two fact discovery. This would indeed be an anomalous result and could lead to the re-opening of discovery at a later date. Plaintiffs' proposal would more logically and tightly link the close of fact discovery to Track Two class certification proceedings, which are likely to begin later in 2006 under the Court's present schedule.

**C.     If The Court Declines To Stay Track Two Discovery Pending Standing Determinations, It Should Nonetheless Extend The Track Two Discovery Deadlines**

Plaintiffs suspect that the Track Two Defendants will not agree to a minimal stay that would conserve the resources of the judicial system because some of the Track Two Defendants have been tremendously dilatory in providing information and are hoping, consequently, that Plaintiffs will not be able to complete the discovery necessary to prepare for trial. For instance, and despite repeated promptings from Plaintiffs, Track Two Defendant Pharmacia waited until

July 27, 2005, to produce documents responsive to Plaintiffs' Omnibus Requests served on March 21, 2005.  Berman Decl. at 5.  Over 30,000 pages of documents were then produced, which Plaintiffs must review and process before taking substantive Pharmacia depositions.  *Id*. and Exhibit A (letters to and from Pharmacia regarding discovery).  Track Two Defendant Amgen has been even more intransigent, *failing to produce any documents at all*, even though it has produced some limited transaction data and despite repeated requests for production.  Berman Decl. at 6 and Exhibit B (letters to and from Amgen regarding discovery).  Moreover, Track Two Defendant Baxter disclosed this summer for the first time that *it failed to preserve certain potentially relevant documents during the pendency of this litigation*, which is going to require an additional layer of discovery and motion practice regarding the extent and effect of the spoliation.  Berman Decl. at 7.

These instances of delay, coupled with the work necessary for Plaintiffs to react to the Court's Track One Class Order, prepare the Track One expert disclosures, and brief the Track One Defendants' petition to appeal, have made it difficult to substantially advance the discovery against the Track Two Defendants.  Consequently, and if the Court is not inclined to adopt Plaintiffs' proposal to stay Track Two discovery pending standing determinations, Plaintiffs respectfully request that the Court provide 90 additional days beyond December 3rd in order to complete Track Two discovery and alter the associated expert disclosure deadlines accordingly.  Given that CMO No. 10 requires the *completion* of document productions within *60 days* of receiving requests, extending the Track Two discovery deadline is a reasonable sanction for these Defendants' patent violations of the Court's management directives.

Plaintiffs' have conferred with Defendants and attempted in good faith to resolve the issues pursuant to Local Rule 7.1(2).

DATED:  September 28, 2005         By       /s/ Steve W. Berman
                                                    Thomas M. Sobol (BBO#471770)
                                                    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **PLAINTIFFS' MOTION TO MODIFY THE TRACK TWO DISCOVERY SCHEDULE** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on September 28, 2005, a copy to Verilaw Technologies for Posting and notification to all parties

By  **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292