UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br> CIVIL ACTION: 01-CV-12257-PBS <br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

**DECLARATION OF STEVE W. BERMAN IN SUPPORT OF PLAINTIFFS'**
**MOTION TO MODIFY THE TRACK TWO DISCOVERY SCHEDULE**

I, Steve W. Berman, hereby declare that:

1. I am a member of Hagens Berman Sobol Shapiro LLP, resident in its Seattle, Washington, office and am Co-Lead Counsel for the Plaintiffs in the above-captioned action.

2. This declaration is submitted in support of Plaintiffs' Motion To Modify The Track Two Discovery Schedule.

3. In "meet and confer" discussions, Defendants have recognized the need for Plaintiffs to file an amended complaint identifying additional class representatives for Track Two. Defendants have rejected Plaintiffs' proposal arguing that the stay proposed by Plaintiffs would not benefit Defendants because they would remain subject to discovery in the state cases. However, Defendants would have Plaintiffs amend the complaint to identify additional Track Two class representatives before the Court resolves issues associated with additional Track One class representatives yet to be proposed.

4. The States of Montana and Nevada have offered to agree to abide by the discovery scheduled proffered by the Class Plaintiffs here pursuant to the Court's desire to coordinate the state and private AWP cases before it.

5. On March 31, 2004, Plaintiffs served Omnibus Requests on all Defendants. Track Two Defendant Pharmacia waited until July 27, 2005to produce responsive documents

2

despite repeated promptings by Plaintiffs.  Over 30,000 pages of documents were then produced, which Plaintiffs must review and process prior to taking substantive Pharmacia depositions.

6. Track Two Defendant Amgen has not produced any documents except some limited transactional data despite repeated requests by Plaintiffs for production.

7. Track Two Defendant Baxter disclosed this summer for the first time that *it failed to preserve certain potentially relevant documents during the pendency of this litigation*, which is going to require an additional layer of discovery and motion practice regarding the extent and effect of the spoliation.

8. Attached hereto as Exhibit A are true and correct copies of letters to and from Pharmacia regarding discovery.

9. Attached hereto as Exhibit B are true and correct copies of letters to and from Amgen regarding discovery.

Further the declarant sayeth not.  I certify under penalty of perjury that the foregoing is true and correct.  Executed this the 28th of September, 2005.

/s/ Steve W. Berman
STEVE W. BERMAN

3

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF STEVE W. BERMAN IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE TRACK TWO DISCOVERY SCHEDULE** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on September 28, 2005, a copy to Verilaw Technologies for Posting and notification to all parties

By   **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292