# EXHIBIT "A"



## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
          )
IN RE: PHARMACEUTICAL INDUSTRY    )
AVERAGE WHOLESALE PRICE        )  MDL No. 1456
LITIGATION                 )  Civil Action No. 01-CV-12257-PBS
          )
          )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
          )
THIS DOCUMENT RELATES TO:     )  Hon. Patti B. Saris
International Union of Operating Engineers,  )
Local No. 68 Welfare Fund v. AstraZeneca PLC  )
et al. Civil Action No. 04-11503-PBS    )
          )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF SUBPOENA
### AD TESTIFICANDUM AND DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant AstraZeneca Pharmaceuticals L.P. will serve a subpoena in the

above-captioned action, a copy of which is attached hereto, requiring non-party witness,

Michael M. Mustokoff, Esq. (i) to appear to testify at a deposition on the 4th day of

October, 2005, at 2:00 p.m. at the offices of Morgan Lewis & Bockius, 1701 Market

Street, Philadelphia, PA 19103-2921, or at such other location, date, and time as may be

agreed upon by counsel, and (ii) to produce documents responsive to the attached

schedule of documents.

     The deposition shall be taken before a notary public or other officer authorized by

law to administer oaths, shall continue from day to day until completed and shall be

recorded by stenographic means.

1



Dated: September 16, 2005
New York, New York

Respectfully submitted,

DAVIS POLK & WARDWELL

By: _____
James J. Duffy
D. Scott Wise
Kimberley Harris
450 Lexington Avenue
New York, New York 10017

- and -

FOLEY HOAG LLP

Nicholas C. Theodorou
Lucy Fowler
155 Seaport Boulevard
Boston, MA 02110

Attorneys for AstraZeneca
Pharmaceuticals L.P.

2

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**ESERVED**
09/16/05
07:04 PM ET

# UNITED STATES DISTRICT COURT
## Eastern District of Pennsylvania

In re: PHARMACEUTICAL INDUSTRY : **SUBPOENA IN A CIVIL CASE**
AVERAGE WHOLESALE PRICE LITIGATION :   MDL NO. 1456
:
:   Civil Action No. 01-12257-PBS
:
:   Judge Patti B. Saris
THIS DOCUMENT RELATES TO: :   (case pending in D. Mass.)
International Union of Operating Engineers, :
Local No. 68 Welfare Fund v. :
AstraZeneca PLC, et al., :
Civil Action No. 04-11503-PBS :

TO:    Michael M. Mustokoff, Esq.
       Duane Morris LLP
       One Liberty Place, Suite 4200
       Philadelphia, PA 19103

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Morgan, Lewis & Bockius, LLP | October 4, 2005 at 2:00 p.m. |
| 1701 Market Street | |
| Philadelphia, PA 19103-2921 | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Schedule A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Same as above. | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | September 16, 2005 |
| Attorney for Defendant AstraZeneca Pharmaceuticals LP | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: James J. Duffy, Davis Polk & Wardwell, 450 Lexington Avenue, New York, NY 10017. (212) 450 4000.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| SERVED | DATE | | PLACE |
|---|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i)    fails to allow reasonable time for compliance;
(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

990483v1



## SCHEDULE A

(Schedule of Documents to be Produced)

### DEFINITIONS

1.  "You" means Michael M. Mustokoff, Esq. and other lawyers or
    employees of the firm Duane Morris LLP.

2.  "Plaintiff's Counsel" means the counsel of record for the plaintiff
    in the IUOE Action and other lawyers at the counsel of record's
    law firms who are familiar with the IUOE Action.

3.  The "IUOE Action" means <u>International Union of Operating
    Engineers, Local No. 68 Welfare Fund v. AstraZeneca PLC et al.</u>,
    Civil Action No. 04-11503-PBS (D. Mass.). This action was
    originally filed in New Jersey Superior Court (Monmouth County)
    and was removed on July 3, 2003 to United States District Court
    for the District of New Jersey (Civil Action No. 03-3230 (SRC)
    (D.N.J.)). On December 3, 2003, the Joint Panel on Multidistrict
    Litigation transferred the case for coordinated and consolidated
    pretrial proceedings to the Average Wholesale Price ("AWP")
    Multidistrict Litigation (MDL No. 1456, Civil Action No. 01-CV-
    12257-PBS (D. Mass.)).

4.  The term "Complaint" means the Class Action Complaint filed in
    connection with the IUOE Action in the Superior Court of New
    Jersey, Monmouth County, on or about June 30, 2003.



5.      The term "document" is defined to be synonymous in meaning and

equal in scope to the usage of this term in Federal Rule of Civil

Procedure 34(a), including, without limitation, telephone records,

message slips or their electronic equivalent, and electronic or

computerized data compilations.  A draft or non-identical copy is a

separate document within the meaning of this term.

6.      The term "communication" means the transmittal of information

(in the form of facts, ideas, inquiries or otherwise).

7.      The term "person" is defined as any natural person or any business,

legal, or governmental entity or association.

8.      The term "concerning" means relating to, referring to, describing,

evidencing, or constituting.

## INSTRUCTIONS

1.      The documents to be produced will be inspected and may be

copied at the time specified in the subpoena.  You will not be

required to surrender original items.  You may comply with this

subpoena by providing legible copies of the items to be produced

to the attorney whose name appears on this subpoena on or before

the scheduled date of production, or in the alternative you may

deliver the copies to the attorney whose name appears on this

subpoena.

2.      You are subpoenaed by the attorney whose name appears on this

subpoena and unless excused from your duties under the subpoena

2



by the attorney or the Court, you shall respond to this subpoena as directed under penalty of contempt of court.

3.    Unless otherwise indicated, this request calls for production of all documents responsive to the request that are in your possession, custody or control.  A document is in your possession, custody or control if you have actual possession or custody of the document or the right to obtain the document or a copy thereof from any other person that has actual physical possession thereof.

4.    Documents should be produced in the manner in which they are maintained in the ordinary course of business.  All documents that are physically attached to each other, whether stapled, clipped or otherwise fastened, shall be produced in that manner.  Documents that are segregated from other documents, whether by inclusion in binders, files, sub-files or by the use of dividers, tabs or any other method, shall be produced in that form with the corresponding file name or label attached.

5.    If any portion of a document is responsive to a request, the entire document should be produced.

6.    If any document is withheld from production based upon an assertion of privilege, then, at the time of production, supply a log that provides with specificity for each document so withheld:  (1) the type of document; (2) the author(s), addressee(s), and all recipients of the document; (3) the general subject matter of the

3



document; (4) the date of the document; (5) the privilege that you

claim applies; (6) such other information as is sufficient to identify

the document for a subpoena duces tecum or to enable the Court to

make an in camera determination of any privilege.

7.    If a portion of an otherwise responsive document contains

information that you claim is subject to a claim of privilege, then

such portions shall be redacted from the document, with such

redacted material to be described in the same manner as set forth in

the preceding instruction, and the rest of the document shall be

produced.

8.    Unless otherwise expressly stated, each request calls for all

documents described, regardless of the time or date prepared,

authored, generated, revised, sent, received or used, for any date

beginning on January 1, 2002 to the present.

9.    These requests are continuing in nature and shall require further

and supplemental production if you or your agents receive,

discover or create, at any time up to the date of final judgment in

the above-referenced action, additional documents that fall within

the scope of one or more of the requests herein.

DOCUMENTS REQUESTED

1.    All documents concerning any communications between you and

Plaintiff's Counsel, relating in any way, in whole or in part, to the

4



IUOE Action or Dr. Saad Antoun, including notes of conversations with Plaintiff's Counsel in which the IUOE Action was discussed.

2.      All documents concerning any communications between you and counsel for Defendant AstraZeneca Pharmaceuticals LP, relating in any way, in whole or in part, to the IUOE Action or Dr. Saad Antoun, including notes of conversations with counsel for AstraZeneca Pharmaceuticals LP in which the IUOE Action was discussed.

3.      All documents concerning, reflecting, evidencing, or relating to the service of the summons and/or Complaint in the IUOE Action on Dr. Saad Antoun or the waiver of service by Dr. Saad Antoun or counsel acting for Dr. Antoun, including, but not limited to, proof of service, mailing, or shipping via Federal Express, or other courier records, receipts, correspondence, e-mails, or records of a similar kind.

4.      All documents concerning any proposals or agreements with plaintiff herein or with Plaintiff's Counsel regarding Dr. Saad Antoun or the IUOE Action.

5.      All documents concerning any communications between you and Plaintiff's Counsel with respect to communications or proposed communications with the Courts in which the IUOE Action is or has been pending.

5

# EXHIBIT "B"



# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        )

IN RE: PHARMACEUTICAL INDUSTRY    )
AVERAGE WHOLESALE PRICE         )  MDL No. 1456
LITIGATION                         )  Civil Action No. 01-CV-12257-PBS
                        )
                        )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        )

THIS DOCUMENT RELATES TO:     )  Hon. Patti B. Saris
International Union of Operating Engineers,  )
Local No. 68 Welfare Fund v. AstraZeneca PLC  )
et al. Civil Action No. 04-11503-PBS     )
                        )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF SUBPOENA
## AD TESTIFICANDUM AND DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant AstraZeneca Pharmaceuticals L.P. will serve a subpoena in the

above-captioned action, a copy of which is attached hereto, requiring non-party witness,

Terry Sherman, Esq. (i) to appear to testify at a deposition on the 6th day of October,

2005, at 2:00 p.m. at the offices of Jones Day, 41 South High Street, Columbus, Ohio

43215, or at such other location, date, and time as may be agreed upon by counsel, and

(ii) to produce documents responsive to the attached schedule of documents.

      The deposition shall be taken before a notary public or other officer authorized by

law to administer oaths, shall continue from day to day until completed and shall be

recorded by stenographic means.

1



Dated: September 16, 2005
    New York, New York

                    Respectfully submitted,

                    DAVIS POLK & WARDWELL

                    By: _____
                        James J. Duffy
                        D. Scott Wise
                        Kimberley Harris
                        450 Lexington Avenue
                        New York, New York 10017

                        - and -

                    FOLEY HOAG LLP

                        Nicholas C. Theodorou
                        Lucy Fowler
                        155 Seaport Boulevard
                        Boston, MA 02110

                        Attorneys for AstraZeneca
                        Pharmaceuticals L.P.

2

AO 88 (Rev. 1/94) Subpoena in a Civil Case

*E-SERVED*
*09/16/05*
*07:10 PM ET*
*MDL No.*

# UNITED STATES DISTRICT COURT
## Southern District of Ohio

In re: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE LITIGATION

THIS DOCUMENT RELATES TO:
**International Union of Operating Engineers,
Local No. 68 Welfare Fund v.
AstraZeneca PLC, et al.,
Civil Action No. 04–11503-PBS**

:
:
:
:
:
:
:
:
:
:
:
:

# SUBPOENA IN A CIVIL CASE
### MDL NO. 1456

**Civil Action No. 01-12257-PBS**

**Judge Patti B. Saris
(case pending in D. Mass.)**

TO:    Terry Sherman, Esq.
       52 West Whittier St.
       Columbus, Ohio 43206

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Jones Day | October 6, 2005 at 2:00 p.m. |
| 41 South High Street | |
| Columbus, Ohio 43215 | |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Schedule A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Same as above. | |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | September 16, 2005 |
| Attorney for Defendant AstraZeneca Pharmaceuticals LP | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: James J. Duffy, Davis Polk & Wardwell, 450 Lexington Avenue, New York, NY 10017.  (212) 450 4000.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| SERVED | DATE | | PLACE |
|---|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i)   fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

990483v1



## SCHEDULE A

(Schedule of Documents to be Produced)

### DEFINITIONS

1.    "You" means Terry Sherman, Esq. and other lawyers or employees of your law firm.

2.    "Plaintiff's Counsel" means the counsel of record for the plaintiff in the IUOE Action and other lawyers at the counsel of record's law firms who are familiar with the IUOE Action.

3.    The "IUOE Action" means <u>International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca PLC et al.,</u> Civil Action No. 04-11503-PBS (D. Mass.). This action was originally filed in New Jersey Superior Court (Monmouth County) and was removed on July 3, 2003 to United States District Court for the District of New Jersey (Civil Action No. 03-3230 (SRC) (D.N.J.)). On December 3, 2003, the Joint Panel on Multidistrict Litigation transferred the case for coordinated and consolidated pretrial proceedings to the Average Wholesale Price ("AWP") Multidistrict Litigation (MDL No. 1456, Civil Action No. 01-CV-12257-PBS (D. Mass.)).

4.    The term "Complaint" means the Class Action Complaint filed in connection with the IUOE Action in the Superior Court of New Jersey, Monmouth County, on or about June 30, 2003.



5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, telephone records, message slips or their electronic equivalent, and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

8. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

## INSTRUCTIONS

1. The documents to be produced will be inspected and may be copied at the time specified in the subpoena. You will not be required to surrender original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production, or in the alternative you may deliver the copies to the attorney whose name appears on this subpoena.

2. You are subpoenaed by the attorney whose name appears on this subpoena and unless excused from your duties under the subpoena

2



by the attorney or the Court, you shall respond to this subpoena as directed under penalty of contempt of court.

3.  Unless otherwise indicated, this request calls for production of all documents responsive to the request that are in your possession, custody or control. A document is in your possession, custody or control if you have actual possession or custody of the document or the right to obtain the document or a copy thereof from any other person that has actual physical possession thereof.

4.  Documents should be produced in the manner in which they are maintained in the ordinary course of business. All documents that are physically attached to each other, whether stapled, clipped or otherwise fastened, shall be produced in that manner. Documents that are segregated from other documents, whether by inclusion in binders, files, sub-files or by the use of dividers, tabs or any other method, shall be produced in that form with the corresponding file name or label attached.

5.  If any portion of a document is responsive to a request, the entire document should be produced.

6.  If any document is withheld from production based upon an assertion of privilege, then, at the time of production, supply a log that provides with specificity for each document so withheld: (1) the type of document; (2) the author(s), addressee(s), and all recipients of the document; (3) the general subject matter of the

3



document; (4) the date of the document; (5) the privilege that you

claim applies; (6) such other information as is sufficient to identify

the document for a subpoena duces tecum or to enable the Court to

make an in camera determination of any privilege.

7.  If a portion of an otherwise responsive document contains

information that you claim is subject to a claim of privilege, then

such portions shall be redacted from the document, with such

redacted material to be described in the same manner as set forth in

the preceding instruction, and the rest of the document shall be

produced.

8.  Unless otherwise expressly stated, each request calls for all

documents described, regardless of the time or date prepared,

authored, generated, revised, sent, received or used, for any date

beginning on January 1, 2002 to the present.

9.  These requests are continuing in nature and shall require further

and supplemental production if you or your agents receive,

discover or create, at any time up to the date of final judgment in

the above-referenced action, additional documents that fall within

the scope of one or more of the requests herein.

### DOCUMENTS REQUESTED

1.  All documents concerning any communications between you and

Plaintiff's Counsel, relating in any way, in whole or in part, to the

IUOE Action or Dr. Robert A. Berkman, including notes of

4



conversations with Plaintiff's Counsel in which the IUOE Action was discussed.

2.  All documents concerning any communications between you and counsel for Defendant AstraZeneca Pharmaceuticals LP, relating in any way, in whole or in part, to the IUOE Action or Dr. Robert A. Berkman, including notes of conversations with counsel for AstraZeneca Pharmaceuticals LP in which the IUOE Action was discussed.

3.  All documents concerning, reflecting, evidencing, or relating to the service of the summons and/or Complaint in the IUOE Action on Dr. Robert A. Berkman or the waiver of service by Dr. Robert A. Berkman or counsel acting for Dr. Berkman, including, but not limited to, proof of service, mailing, or shipping via Federal Express, or other courier records, receipts, correspondence, e-mails, or records of a similar kind.

4.  All documents concerning any proposals or agreements with plaintiff herein or with Plaintiff's Counsel regarding Dr. Robert A. Berkman or the IUOE Action.

5.  All documents concerning any communications between you and Plaintiff's Counsel with respect to communications or proposed communications with the Courts in which the IUOE Action is or has been pending.

# EXHIBIT "C"



# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:
International Union of Operating Engineers,
Local No. 68 Welfare Fund v. AstraZeneca PLC
et al. Civil Action No. 04-11503-PBS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MDL No. 1456
Civil Action No. 01-CV-12257-PBS

Hon. Patti B. Saris

## NOTICE OF SUBPOENA
## AD TESTIFICANDUM AND DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant AstraZeneca Pharmaceuticals L.P. will serve a subpoena in the

above-captioned action, a copy of which is attached hereto, requiring non-party witness,

Jack Fernandez, Esq. (i) to appear to testify at a deposition on the 11th day of October,

2005, at 2:00 p.m. at the offices of Dreyer & Associates, 201 N. Franklin Street, Suite

1775, Tampa, Florida 33602, or at such other location, date, and time as may be agreed

upon by counsel, and (ii) to produce documents responsive to the attached schedule of

documents.

The deposition shall be taken before a notary public or other officer authorized by

law to administer oaths, shall continue from day to day until completed and shall be

recorded by stenographic means.

1



Dated: September 16, 2005
    New York, New York

        Respectfully submitted,

        DAVIS POLK & WARDWELL

By:
        James J. Duffy
        D. Scott Wise
        Kimberley Harris
        450 Lexington Avenue
        New York, New York 10017

        - and -

        FOLEY HOAG LLP

        Nicholas C. Theodorou
        Lucy Fowler
        155 Seaport Boulevard
        Boston, MA 02110

        Attorneys for AstraZeneca
        Pharmaceuticals L.P.

2



AO 88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Middle District of Florida

In re: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE LITIGATION

: **SUBPOENA IN A CIVIL CASE**
:   MDL NO. 1456
:
:   Civil Action No. 01-12257-PBS
:
:
:   Judge Patti B. Saris
THIS DOCUMENT RELATES TO:          : (case pending in D. Mass.)
International Union of Operating Engineers, :
Local No. 68 Welfare Fund v.        :
AstraZeneca PLC, et al.,            :
Civil Action No. 04-11503-PBS      :

TO:   Jack Fernandez, Esq.
      Zuckerman, Spaeder, LLP
      101 E. Kennedy Blvd., Suite 1200
      Tampa, Florida 33602

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Dreyer & Associates 201 N. Franklin St., Suite 1775 Tampa, Florida 33602 | DATE AND TIME October 11, 2005 at 2:00 p.m. |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
      See Schedule A, attached hereto.

| PLACE Same as above. | DATE AND TIME |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* Attorney for Defendant AstraZeneca Pharmaceuticals LP | DATE September 16, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: James J. Duffy, Davis Polk & Wardwell, 450 Lexington Avenue, New York, NY 10017. (212) 450 4000.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i)    fails to allow reasonable time for compliance;
    (ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv)  subjects a person to undue burden.

(B) If a subpoena

    (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

990483v1



## SCHEDULE A

(Schedule of Documents to be Produced)

### DEFINITIONS

1. "You" means Jack Fernandez, Esq. and other lawyers or employees of the firm Zuckerman, Spaeder, LLP.

2. "Plaintiff's Counsel" means the counsel of record for the plaintiff in the IUOE Action and other lawyers at the counsel of record's law firms who are familiar with the IUOE Action.

3. The "IUOE Action" means <u>International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca PLC et al.</u>, Civil Action No. 04-11503-PBS (D. Mass.). This action was originally filed in New Jersey Superior Court (Monmouth County) and was removed on July 3, 2003 to United States District Court for the District of New Jersey (Civil Action No. 03-3230 (SRC) (D.N.J.)). On December 3, 2003, the Joint Panel on Multidistrict Litigation transferred the case for coordinated and consolidated pretrial proceedings to the Average Wholesale Price ("AWP") Multidistrict Litigation (MDL No. 1456, Civil Action No. 01-CV-12257-PBS (D. Mass.)).

4. The term "Complaint" means the Class Action Complaint filed in connection with the IUOE Action in the Superior Court of New Jersey, Monmouth County, on or about June 30, 2003.



5.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, telephone records, message slips or their electronic equivalent, and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

6.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.  The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

8.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

## INSTRUCTIONS

1.  The documents to be produced will be inspected and may be copied at the time specified in the subpoena. You will not be required to surrender original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production, or in the alternative you may deliver the copies to the attorney whose name appears on this subpoena.

2.  You are subpoenaed by the attorney whose name appears on this subpoena and unless excused from your duties under the subpoena

2



by the attorney or the Court, you shall respond to this subpoena as directed under penalty of contempt of court.

3. Unless otherwise indicated, this request calls for production of all documents responsive to the request that are in your possession, custody or control. A document is in your possession, custody or control if you have actual possession or custody of the document or the right to obtain the document or a copy thereof from any other person that has actual physical possession thereof.

4. Documents should be produced in the manner in which they are maintained in the ordinary course of business. All documents that are physically attached to each other, whether stapled, clipped or otherwise fastened, shall be produced in that manner. Documents that are segregated from other documents, whether by inclusion in binders, files, sub-files or by the use of dividers, tabs or any other method, shall be produced in that form with the corresponding file name or label attached.

5. If any portion of a document is responsive to a request, the entire document should be produced.

6. If any document is withheld from production based upon an assertion of privilege, then, at the time of production, supply a log that provides with specificity for each document so withheld: (1) the type of document; (2) the author(s), addressee(s), and all recipients of the document; (3) the general subject matter of the

3



document; (4) the date of the document; (5) the privilege that you

claim applies; (6) such other information as is sufficient to identify

the document for a subpoena duces tecum or to enable the Court to

make an in camera determination of any privilege.

7.    If a portion of an otherwise responsive document contains

information that you claim is subject to a claim of privilege, then

such portions shall be redacted from the document, with such

redacted material to be described in the same manner as set forth in

the preceding instruction, and the rest of the document shall be

produced.

8.    Unless otherwise expressly stated, each request calls for all

documents described, regardless of the time or date prepared,

authored, generated, revised, sent, received or used, for any date

beginning on January 1, 2002 to the present.

9.    These requests are continuing in nature and shall require further

and supplemental production if you or your agents receive,

discover or create, at any time up to the date of final judgment in

the above-referenced action, additional documents that fall within

the scope of one or more of the requests herein.

## DOCUMENTS REQUESTED

1.    All documents concerning any communications between you and

Plaintiff's Counsel, relating in any way, in whole or in part, to the

IUOE Action or Dr. Stanley C. Hopkins, including notes of

4



conversations with Plaintiff's Counsel in which the IUOE Action
was discussed.

2.      All documents concerning any communications between you and
counsel for Defendant AstraZeneca Pharmaceuticals LP, relating in
any way, in whole or in part, to the IUOE Action or Dr. Stanley C.
Hopkins, including notes of conversations with counsel for
AstraZeneca Pharmaceuticals LP in which the IUOE Action was
discussed.

3.      All documents concerning, reflecting, evidencing, or relating to the
service of the summons and/or Complaint in the IUOE Action on
Dr. Stanley C. Hopkins or the waiver of service by Dr. Stanley C.
Hopkins or counsel acting for Dr. Hopkins, including, but not
limited to, proof of service, mailing, or shipping via Federal
Express, or other courier records, receipts, correspondence, e-mails,
or records of a similar kind.

4.      All documents concerning any proposals or agreements with
plaintiff herein or with Plaintiff's Counsel regarding Dr. Stanley C.
Hopkins or the IUOE Action.

5.      All documents concerning any communications between you and
Plaintiff's Counsel with respect to communications or proposed
communications with the Courts in which the IUOE Action is or
has been pending.

# EXHIBIT "D"



# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE: PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE ) **MDL No. 1456**
LITIGATION ) **Civil Action No. 01-CV-12257-PBS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO: ) Hon. Patti B. Saris
International Union of Operating Engineers, )
Local No. 68 Welfare Fund v. AstraZeneca PLC )
et al. Civil Action No. 04-11503-PBS )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT ASTRAZENECA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca"), by its counsel,

hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that

Plaintiff International Union of Operating Engineers, Local No. 68 Welfare Fund

("IUOE") produce within thirty (30) days of service the documents listed below.

## DEFINITIONS

1.    "You" or "your" means Plaintiff International Union of Operating

Engineers, Local No. 68 Welfare Fund, and any attorneys, and their employees, acting on

your behalf.

2.    "Plaintiff's Counsel" means the counsel of record for the plaintiff in the

IUOE Action and other lawyers at the counsel of record's law firms who are familiar

with the IUOE Action.

1



3.      The "IUOE Action" means <u>International Union of Operating Engineers,</u> <u>Local No. 68 Welfare Fund v. AstraZeneca PLC et al.</u>, Civil Action No. 04-11503-PBS (D. Mass.). This action was originally filed in New Jersey Superior Court (Monmouth County) and was removed on July 3, 2003 to United States District Court for the District of New Jersey (Civil Action No. 03-3230 (SRC) (D.N.J.)). On December 3, 2003, the Joint Panel on Multidistrict Litigation transferred the case for coordinated and consolidated pretrial proceedings to the Average Wholesale Price ("AWP") Multidistrict Litigation (MDL No. 1456, Civil Action No. 01-CV-12257-PBS (D. Mass.)).

4.      The term "Complaint" means the Class Action Complaint filed in connection with the IUOE Action in the Superior Court of New Jersey, Monmouth County, on or about June 30, 2003.

5.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

6.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, telephone records, message slips or their electronic equivalent, and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

7.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8.      The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

2



9.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

10.     "Copy" or "Copies," when used in reference to a document, means any color or black-and-white reproduction of a document, regardless of whether the reproduction is made by means of carbon paper pressure, sensitive paper, photostat, xerography, or other means or process.

11.     "Relating" means in any way concerning or referring to, consisting of, involving, regarding or connected with the subject matter of the request.

## INSTRUCTIONS

1.      Unless otherwise specifically stated, the requests below refer to the period of January 1, 2002 to the present.

2.      The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

3.      Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a

3



practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

    4.      If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document. If the document has been destroyed, state the reason for its destruction.

    5.      Provide the following information for each document withheld on the grounds of privilege:

        (a)     its date;

        (b)     its title;

        (c)     its author;

        (d)     its addressee;

        (e)     the specific privilege under which it is withheld;

        (f)     its general subject matter; and

        (g)     a description of it that you contend is adequate to support your contention that it is privileged.

    6.      These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial.



7.     The documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.

8.     To the extent that you consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which you object and each ground for each objection.

## DOCUMENTS TO BE PRODUCED

1.     All documents concerning any communications between Plaintiff's Counsel and counsel for Defendants Drs. Saad Antoun, Stanley C. Hopkins, or Robert A. Berkman, relating in any way, in whole or in part, to the IUOE Action, including notes of conversations with counsel for Drs. Antoun, Hopkins, or Berkman in which the IUOE Action was discussed.

2.     All documents concerning, reflecting, evidencing, or relating to the service of the summons and/or Complaint in the IUOE Action on Defendants Drs. Antoun, Hopkins, or Berkman, or the waiver of service by any of these Defendants or counsel acting on their behalf, including, but not limited to, proof of service, mailing, or shipping via Federal Express, or other courier records, receipts, correspondence, e-mails, or records of a similar kind.

3.     All documents concerning, reflecting, evidencing, or relating to the service of the summons and/or Complaint in the IUOE Action on Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca PLC, AstraZeneca LP, or Zeneca, Inc., or the waiver of service by any of these Defendants or counsel acting on their behalf, including, but not

5



limited to, proof of service, mailing, or shipping via Federal Express, or other courier records, receipts, correspondence, e-mails, or records of a similar kind.

  4.  All documents concerning any proposals or agreements between Plaintiff IUOE or Plaintiff's Counsel and Defendants Drs. Antoun, Hopkins, or Berkman, or counsel acting on these Defendants' behalf, regarding the IUOE Action.

  5.  All documents concerning any communications between Plaintiff's Counsel and counsel for Defendants Drs. Antoun, Hopkins, or Berkman with respect to communications or proposed communications with the Courts in which the IUOE Action is or has been pending.

Dated: September 16, 2005
   New York, New York

      Respectfully submitted,

      DAVIS POLK & WARDWELL

      By: _____
        James J. Duffy
        D. Scott Wise
        Kimberley Harris
        450 Lexington Avenue
        New York, New York 10017

        - and -

      FOLEY HOAG LLP

        Nicholas C. Theodorou
        Lucy Fowler
        155 Seaport Boulevard
        Boston, MA 02110

        Attorneys for AstraZeneca
        Pharmaceuticals L.P.

6



## CERTIFICATE OF SERVICE

Docket No. MDL 1456

I, James J. Duffy, hereby certify that I am one of Defendant AstraZeneca's attorneys and that on September 16, 2005, I caused Defendant AstraZeneca's First Request For Production Of Documents To Plaintiff International Union Of Operating Engineers, Local No. 68 Welfare Fund, to be served on Plaintiff's counsel, Donald E. Haviland, Jr., Kline & Specter, 1800 Chapel Avenue, Suite 302, Cherry Hill, N.J. 08002, via Federal Express overnight delivery. I further certify that the same was served on all counsel of record by causing the same to be posted electronically via Verilaw.

Dated: September 16, 2005

James J. Duffy

# EXHIBIT "E"



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------ x
                                      )
IN RE: PHARMACEUTICAL INDUSTRY        )
AVERAGE WHOLESALE PRICE               )   MDL No. 1456
LITIGATION                            )   Civil Action No. 01-CV-12257-PBS
                                      )
                                      )
------------------------------------ x
                                      )
THIS DOCUMENT RELATES TO:             )   Hon. Patti B. Saris
International Union of Operating Engineers, )
Local No. 68 Welfare Fund v. AstraZeneca PLC )
et al. Civil Action No. 04-11503-PBS  )
                                      )
------------------------------------ x

## DEFENDANT ASTRAZENECA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DR. SAAD ANTOUN

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca"), by its counsel,

hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that

Defendant Dr. Saad Antoun produce within thirty (30) days of service the documents

listed below.

## DEFINITIONS

1.      "You" or "your" means Defendant Dr. Saad Antoun, and any attorneys,

and their employees, acting on your behalf.

2.      "Plaintiff's Counsel" means the counsel of record for the plaintiff in the

IUOE Action and other lawyers at the counsel of record's law firms who are familiar

with the IUOE Action.

3.      The "IUOE Action" means International Union of Operating Engineers,

Local No. 68 Welfare Fund v. AstraZeneca PLC et al., Civil Action No. 04-11503-PBS

1



(D. Mass.). This action was originally filed in New Jersey Superior Court (Monmouth County) and was removed on July 3, 2003 to United States District Court for the District of New Jersey (Civil Action No. 03-3230 (SRC) (D.N.J.)).  On December 3, 2003, the Joint Panel on Multidistrict Litigation transferred the case for coordinated and consolidated pretrial proceedings to the Average Wholesale Price ("AWP") Multidistrict Litigation (MDL No. 1456, Civil Action No. 01-CV-12257-PBS (D. Mass.)).

4.      The term "Complaint" means the Class Action Complaint filed in connection with the IUOE Action in the Superior Court of New Jersey, Monmouth County, on or about June 30, 2003.

5.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

6.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, telephone records, message slips or their electronic equivalent, and electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

7.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8.      The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

9.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

2



10.    "Copy" or "Copies," when used in reference to a document, means any color or black-and-white reproduction of a document, regardless of whether the reproduction is made by means of carbon paper pressure, sensitive paper, photostat, xerography, or other means or process.

11.    "Relating" means in any way concerning or referring to, consisting of, involving, regarding or connected with the subject matter of the request.

## INSTRUCTIONS

1.    Unless otherwise specifically stated, the requests below refer to the period of January 1, 2002 to the present.

2.    The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

3.    Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

3



4.      If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document.  If the document has been destroyed, state the reason for its destruction.

5.      Provide the following information for each document withheld on the grounds of privilege:

(a)      its date;

(b)      its title;

(c)      its author;

(d)      its addressee;

(e)      the specific privilege under which it is withheld;

(f)      its general subject matter; and

(g)      a description of it that you contend is adequate to support your contention that it is privileged.

6.      These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial.

7.      The documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.



8.      To the extent that you consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which you object and each ground for each objection.

## DOCUMENTS TO BE PRODUCED

1.      All documents concerning any communications between you and Plaintiff's Counsel, relating in any way, in whole or in part, to the IUOE Action, including notes of conversations with Plaintiff's Counsel in which the IUOE Action was discussed.

2.      All documents concerning any communications between you and counsel for Defendant AstraZeneca Pharmaceuticals LP, relating in any way, in whole or in part, to the IUOE Action, including notes of conversations with counsel for AstraZeneca Pharmaceuticals LP in which the IUOE Action was discussed.

3.      All documents concerning, reflecting, evidencing, or relating to the service of the summons and/or Complaint in the IUOE Action on you or the waiver of service by you or counsel acting on your behalf, including, but not limited to, proof of service, mailing, or shipping via Federal Express, or other courier records, receipts, correspondence, e-mails, or records of a similar kind.

4.      All documents concerning any proposals or agreements with plaintiff herein or with Plaintiff's Counsel regarding you or the IUOE Action.



5.      All documents concerning any communications between you and

Plaintiff's Counsel with respect to communications or proposed communications with the

Courts in which the IUOE Action is or has been pending.

Dated: September 16, 2005
       New York, New York

                        Respectfully submitted,

                        DAVIS POLK & WARDWELL

                        By:
                            James J. Duffy
                            D. Scott Wise
                            Kimberley Harris
                            450 Lexington Avenue
                            New York, New York 10017

                            - and -

                        FOLEY HOAG LLP

                            Nicholas C. Theodorou
                            Lucy Fowler
                            155 Seaport Boulevard
                            Boston, MA 02110

                            Attorneys for AstraZeneca
                            Pharmaceuticals L.P.

6



## CERTIFICATE OF SERVICE

Docket No. MDL 1456

I, James J. Duffy, hereby certify that I am one of Defendant AstraZeneca's attorneys and that on September 16, 2005, I caused Defendant AstraZeneca's First Request For Production Of Documents To Defendant Dr. Saad Antoun, to be served on Dr. Antoun's counsel, Joseph Gorrell, Wolf Block Schorr and Solis-Cohen, LLP, 1010 Eisenhower Parkway, Roseland, N.J. 07068, via Federal Express overnight delivery. I further certify that the same was served on all counsel of record by causing the same to be posted electronically via Verilaw.

Dated:  September 16, 2005

James J. Duffy

7

# EXHIBIT "F"



## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE: PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE ) MDL No. 1456
LITIGATION ) Civil Action No. 01-CV-12257-PBS
 )
 )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
 )
THIS DOCUMENT RELATES TO: ) Hon. Patti B. Saris
International Union of Operating Engineers, )
Local No. 68 Welfare Fund v. AstraZeneca PLC )
et al. Civil Action No. 04-11503-PBS )
 )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT ASTRAZENECA'S FIRST REQUEST FOR PRODUCTION OF
## DOCUMENTS TO DEFENDANT DR. ROBERT A. BERKMAN

   Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca"), by its counsel,

hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that

Defendant Dr. Robert A. Berkman produce within thirty (30) days of service the

documents listed below.

### DEFINITIONS

   1. "You" or "your" means Defendant Dr. Robert A. Berkman, and any

attorneys, and their employees, acting on your behalf.

   2. "Plaintiff's Counsel" means the counsel of record for the plaintiff in the

IUOE Action and other lawyers at the counsel of record's law firms who are familiar

with the IUOE Action.

   3. The "IUOE Action" means International Union of Operating Engineers,

Local No. 68 Welfare Fund v. AstraZeneca PLC et al., Civil Action No. 04-11503-PBS

(D. Mass.). This action was originally filed in New Jersey Superior Court (Monmouth

1



County) and was removed on July 3, 2003 to United States District Court for the District

of New Jersey (Civil Action No. 03-3230 (SRC) (D.N.J.)). On December 3, 2003, the

Joint Panel on Multidistrict Litigation transferred the case for coordinated and

consolidated pretrial proceedings to the Average Wholesale Price ("AWP") Multidistrict

Litigation (MDL No. 1456, Civil Action No. 01-CV-12257-PBS (D. Mass.)).

    4.     The term "Complaint" means the Class Action Complaint filed in

connection with the IUOE Action in the Superior Court of New Jersey, Monmouth

County, on or about June 30, 2003.

    5.     "And" and "or" shall be construed either disjunctively or conjunctively as

necessary to bring within the scope of the request any information that might otherwise

be construed to be outside its scope.

    6.     The term "document" is defined to be synonymous in meaning and equal

in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including,

without limitation, telephone records, message slips or their electronic equivalent, and

electronic or computerized data compilations. A draft or non-identical copy is a separate

document within the meaning of this term.

    7.     The term "communication" means the transmittal of information (in the

form of facts, ideas, inquiries or otherwise).

    8.     The term "person" is defined as any natural person or any business, legal,

or governmental entity or association.

    9.     The term "concerning" means relating to, referring to, describing,

evidencing, or constituting.



SERVED
09/16/05
07:28 PM ET
MDL NO.

10.     "Copy" or "Copies," when used in reference to a document, means any color or black-and-white reproduction of a document, regardless of whether the reproduction is made by means of carbon paper pressure, sensitive paper, photostat, xerography, or other means or process.

11.     "Relating" means in any way concerning or referring to, consisting of, involving, regarding or connected with the subject matter of the request.

## INSTRUCTIONS

1.     Unless otherwise specifically stated, the requests below refer to the period of January 1, 2002 to the present.

2.     The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

3.     Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

4.     If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most

3



recently in your possession, custody, or control, how the document was disposed of, and

the identity of the person, if any, presently in possession, custody, or control of such

document. If the document has been destroyed, state the reason for its destruction.

5.    Provide the following information for each document withheld on the

grounds of privilege:

(a)    its date;

(b)    its title;

(c)    its author;

(d)    its addressee;

(e)    the specific privilege under which it is withheld;

(f)    its general subject matter; and

(g)    a description of it that you contend is adequate to support your contention

that it is privileged.

6.    These requests for production of documents are continuing in nature

pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever

necessary, continuing production and supplementation of responses between the initial

date for production set forth above and the time of trial.

7.    The documents produced must be produced as they are kept in the usual

course of business or organized and labeled to correspond with the categories in the

request.

8.    To the extent that you consider any of the following requests for

production of documents objectionable, please respond to the remainder of the production

4



request, and separately state the part of each request to which you object and each ground

for each objection.

## DOCUMENTS TO BE PRODUCED

1.      All documents concerning any communications between you and

Plaintiff's Counsel, relating in any way, in whole or in part, to the IUOE Action,

including notes of conversations with Plaintiff's Counsel in which the IUOE Action was

discussed.

2.      All documents concerning any communications between you and counsel

for Defendant AstraZeneca Pharmaceuticals LP, relating in any way, in whole or in part,

to the IUOE Action, including notes of conversations with counsel for AstraZeneca

Pharmaceuticals LP in which the IUOE Action was discussed.

3.      All documents concerning, reflecting, evidencing, or relating to the service

of the summons and/or Complaint in the IUOE Action on you or the waiver of service by

you or counsel acting on your behalf, including, but not limited to, proof of service,

mailing, or shipping via Federal Express, or other courier records, receipts,

correspondence, e-mails, or records of a similar kind.

4.  ·    All documents concerning any proposals or agreements with plaintiff

herein or with Plaintiff's Counsel regarding you or the IUOE Action.

5



5.     All documents concerning any communications between you and

Plaintiff's Counsel with respect to communications or proposed communications with the

Courts in which the IUOE Action is or has been pending.

Dated: September 16, 2005
       New York, New York

                    Respectfully submitted,

                    DAVIS POLK & WARDWELL

            By: _____
                    James J. Duffy
                    D. Scott Wise
                    Kimberley Harris
                    450 Lexington Avenue
                    New York, New York 10017

                    - and -

            FOLEY HOAG LLP

                    Nicholas C. Theodorou
                    Lucy Fowler
                    155 Seaport Boulevard
                    Boston, MA 02110

                    Attorneys for AstraZeneca
                    Pharmaceuticals L.P.



## CERTIFICATE OF SERVICE

Docket No. MDL 1456

I, James J. Duffy, hereby certify that I am one of Defendant AstraZeneca's attorneys and that on September 16, 2005, I caused Defendant AstraZeneca's First Request For Production Of Documents To Defendant Dr. Robert A. Berkman, to be served on Dr. Berkman's counsel, Robert L. Washburn, Cloppert, Latanick, Sauter & Washburn, 225 East Broad Street, Columbus, Ohio 43215, via Federal Express overnight delivery. I further certify that the same was served on all counsel of record by causing the same to be posted electronically via Verilaw.

Dated:  September 16, 2005

James J. Duffy

7

# EXHIBIT "G"



E-SERVED
09/16/05
07:25 PM ET
MDL No. 1456

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          )
IN RE:  PHARMACEUTICAL INDUSTRY                            )
AVERAGE WHOLESALE PRICE                                    )    MDL No. 1456
LITIGATION                                                 )    Civil Action No. 01-CV-12257-PBS
                                                          )
                                                          )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          )
THIS DOCUMENT RELATES TO:                                  )    Hon. Patti B. Saris
International Union of Operating Engineers,                )
Local No. 68 Welfare Fund v. AstraZeneca PLC              )
et al. Civil Action No. 04-11503-PBS                      )
                                                          )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANT ASTRAZENECA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DR. STANLEY C. HOPKINS

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca"), by its counsel,

hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that

Defendant Dr. Stanley C. Hopkins produce within thirty (30) days of service the

documents listed below.

### DEFINITIONS

1.     "You" or "your" means Defendant Dr. Stanley C. Hopkins, and any

attorneys, and their employees, acting on your behalf.

2.     "Plaintiff's Counsel" means the counsel of record for the plaintiff in the

IUOE Action and other lawyers at the counsel of record's law firms who are familiar

with the IUOE Action.

3.     The "IUOE Action" means International Union of Operating Engineers,

Local No. 68 Welfare Fund v. AstraZeneca PLC et al., Civil Action No. 04-11503-PBS

1



SERVED
09/16/05
07:25 PM ET
MDL No. 1456

(D. Mass.). This action was originally filed in New Jersey Superior Court (Monmouth County) and was removed on July 3, 2003 to United States District Court for the District of New Jersey (Civil Action No. 03-3230 (SRC) (D.N.J.)). On December 3, 2003, the Joint Panel on Multidistrict Litigation transferred the case for coordinated and consolidated pretrial proceedings to the Average Wholesale Price ("AWP") Multidistrict Litigation (MDL No. 1456, Civil Action No. 01-CV-12257-PBS (D. Mass.)).

4.      The term "Complaint" means the Class Action Complaint filed in connection with the IUOE Action in the Superior Court of New Jersey, Monmouth County, on or about June 30, 2003.

5.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

6.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, telephone records, message slips or their electronic equivalent, and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

7.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8.      The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

9.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

2



10.     "Copy" or "Copies," when used in reference to a document, means any color or black-and-white reproduction of a document, regardless of whether the reproduction is made by means of carbon paper pressure, sensitive paper, photostat, xerography, or other means or process.

11.     "Relating" means in any way concerning or referring to, consisting of, involving, regarding or connected with the subject matter of the request.

### INSTRUCTIONS

1.     Unless otherwise specifically stated, the requests below refer to the period of January 1, 2002 to the present.

2.     The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

3.     Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf.  A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

3



4.     If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document. If the document has been destroyed, state the reason for its destruction.

5.     Provide the following information for each document withheld on the grounds of privilege:

(a)     its date;

(b)     its title;

(c)     its author;

(d)     its addressee;

(e)     the specific privilege under which it is withheld;

(f)     its general subject matter; and

(g)     a description of it that you contend is adequate to support your contention that it is privileged.

6.     These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial.

7.     The documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.

4



8.     To the extent that you consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which you object and each ground for each objection.

## DOCUMENTS TO BE PRODUCED

1.     All documents concerning any communications between you and Plaintiff's Counsel, relating in any way, in whole or in part, to the IUOE Action, including notes of conversations with Plaintiff's Counsel in which the IUOE Action was discussed.

2.     All documents concerning any communications between you and counsel for Defendant AstraZeneca Pharmaceuticals LP, relating in any way, in whole or in part, to the IUOE Action, including notes of conversations with counsel for AstraZeneca Pharmaceuticals LP in which the IUOE Action was discussed.

3.     All documents concerning, reflecting, evidencing, or relating to the service of the summons and/or Complaint in the IUOE Action on you or the waiver of service by you or counsel acting on your behalf, including, but not limited to, proof of service, mailing, or shipping via Federal Express, or other courier records, receipts, correspondence, e-mails, or records of a similar kind.

4.     All documents concerning any proposals or agreements with plaintiff herein or with Plaintiff's Counsel regarding you or the IUOE Action.

5



5.      All documents concerning any communications between you and

Plaintiff's Counsel with respect to communications or proposed communications with the

Courts in which the IUOE Action is or has been pending.

Dated: September 16, 2005
       New York, New York

                        Respectfully submitted,

                        DAVIS POLK & WARDWELL

                        By:
                           James J. Duffy
                           D. Scott Wise
                           Kimberley Harris
                           450 Lexington Avenue
                           New York, New York 10017

                           - and -

                        FOLEY HOAG LLP

                           Nicholas C. Theodorou
                           Lucy Fowler
                           155 Seaport Boulevard
                           Boston, MA 02110

                           Attorneys for AstraZeneca
                           Pharmaceuticals L.P.



## CERTIFICATE OF SERVICE

Docket No. MDL 1456

I, James J. Duffy, hereby certify that I am one of Defendant AstraZeneca's attorneys and that on September 16, 2005, I caused Defendant AstraZeneca's First Request For Production Of Documents To Defendant Dr. Stanley C. Hopkins, to be served on Dr. Hopkins' counsel, Jack Fernandez, Zuckerman, Spaeder LLP, 101 East Kennedy Boulevard, Suite 1200, Tampa, Florida 33602, via Federal Express overnight delivery. I further certify that the same was served on all counsel of record by causing the same to be posted electronically via Verilaw.

Dated:  September 16, 2005

James J. Duffy