**EXHIBIT 2**

Westlaw.

NJ R GEN APPLICATION R. 1:21-1  
R. 1:21-1

Page 1

C

**WEST'S NEW JERSEY RULES OF COURT**
**PART I. RULES OF GENERAL APPLICATION**
**CHAPTER III. PRACTICE OF LAW AND ADMISSION TO PRACTICE**
**RULE 1:21. PRACTICE OF LAW**

Copr. © 2005 Thomson/West.

Current with amendments received through August 15, 2005

1:21-1. Who May Practice; Appearance in Court

**(a) Qualifications.** Except as provided below, no person shall practice law in this State unless that person is an attorney holding a plenary license to practice in this State, has complied with the Rule 1:26 skills and methods course requirement in effect on the date of the attorney's admission, is in good standing, and, except as provided in paragraph (d) of this Rule, maintains a *bona fide* office for the practice of law. For the purpose of this section, a *bona fide* office is a place where clients are met, files are kept, the telephone is answered, mail is received and the attorney or a responsible person acting on the attorney's behalf can be reached in person and by telephone during normal business hours to answer questions posed by the courts, clients or adversaries and to ensure that competent advice from the attorney can be obtained within a reasonable period of time. For the purpose of this section, a *bona fide* office may be located in this or any other state, territory of the United States, Puerto Rico, or the District of Columbia (hereinafter "a United States jurisdiction"). An attorney who practices law in this state and fails to maintain a *bona fide* office shall be deemed to be in violation of RPC 5.5(a). An attorney who is not domiciled in this State and does not have a *bona fide* office in this State, but who meets all the qualifications for the practice of law set forth herein must designate the Clerk of the Supreme Court as agent upon whom service of process may be made for all actions, including disciplinary actions, that may arise out of the practice of law and activities related thereto, in the event that service cannot otherwise be effectuated pursuant to the appropriate Rules of Court. The designation of the Clerk as agent shall be made on a form approved by the Supreme Court.

A person not qualifying to practice pursuant to the first paragraph of this rule shall nonetheless be permitted to appear and prosecute or defend an action in any court of this State if the person (1) is a real party in interest to this action or the guardian of the party; or (2) has been admitted to speak *pro hac vice* pursuant to R. 1:21-2; (3) is a law student or law graduate practicing within the limits of R. 1:21-3; or (4) is an in-house counsel licensed and practicing within the limitations of R. 1:27-2.

Attorneys admitted to the practice of law in another United States jurisdiction may practice law in this state in accordance with RPC 5.5(b) and (c) as long as they maintain a bona fide office.

No attorney authorized to practice in this State shall permit another person to practice in this State in the attorney's name or as the attorney's partner, employee or associate unless such other person satisfies the requirements of this rule.

**(b) Appearance.** All attorneys and pro se parties appearing in any action shall be under the control of the court in which they appear and subject to appropriate disciplinary action. An attorney admitted in another jurisdiction shall not be deemed to be making an appearance in this State by reason of taking a deposition pursuant to R. 4:11-4.

**(c) Prohibition on Business Entities.** Except as otherwise provided by paragraph (d) of this rule and by R. 1:21-1A (professional corporations), R. 1:21-1B (limited liability companies), R. 1:21-1C (limited liability partnerships), R. 6:10 (appearances in landlord-tenant actions), R. 6:11 (appearances in small claims actions), R. 7:6-2(a) (pleas in municipal court), R. 7:8-7(a) (presence of defendant in municipal court) and by R. 7:12- 4(d) (municipal court violations bureau), a business entity other than a sole proprietor shall neither appear nor file any paper in any action in any court of this State except through an attorney authorized to practice in this State.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**(d) Federal Government Agencies.** Staff attorneys employed full time by agencies of the federal government that have an office in New Jersey may represent the interests of that agency in federal and state courts in New Jersey without maintaining a bona fide law office in this state.

**(e) Legal Services Organizations.** Nonprofit organizations incorporated in this or any other state for the purpose of providing legal services to the poor or functioning as a public interest law firm, and other federally tax exempt legal services organizations or trusts, such as those defined by 26 U.S.C.A. 120(b) and 501(c)(20), that provide legal services to a defined and limited class of clients, may practice law in their own names through staff attorneys who are members of the bar of the State of New Jersey, provided that: (1) the legal work serves the intended beneficiaries of the organizational purpose, (2) the staff attorney responsible for the matter signs all papers prepared by the organization, and (3) the relationship between staff attorney and client meets the attorney's professional responsibilities to the client and is not subject to interference, control, or direction by the organization's board or employees except for a supervising attorney who is a member of the New Jersey bar.

**(f) Appearances Before Office of Administrative Law and Administrative Agencies.** Subject to such limitations and procedural rules as may be established by the Office of Administrative Law, an appearance by a non-attorney in a contested case before the Office of Administrative Law or an administrative agency may be permitted, on application, in any of the following circumstances:

(1) where required by federal statute or regulation;

(2) to represent a state agency if the Attorney General does not provide representation in the particular matter and the non-attorney representative is an employee of the agency with special expertise or experience in the matter in controversy;

(3) to represent a county welfare agency if County Counsel does not provide representation in the particular matter and the non-attorney representative is an employee of the agency with special expertise or experience in the matter in controversy;

(4) to assist in providing representation to an indigent as part of a Legal Services program if the non-attorney is a paralegal or legal assistant employed by that program;

(5) to represent a state, county or local government employee in Civil Service proceedings, provided (i) the non-attorney making such appearance is an authorized representative of a labor organization and (ii) the labor organization is the duly authorized representative of the employee for collective bargaining purposes;

(6) to represent a close corporation provided the non-attorney is a principal of the corporation;

(7) to assist an individual who is not represented by an attorney provided (i) the presentation appears likely to be enhanced by such assistance, (ii) the individual certifies that he or she lacks the means to retain an attorney and that representation is not available through a Legal Services program and (iii) the conduct of the proceeding by the Office of Administrative Law will not be impaired by such assistance;

(8) to represent parents or children in special education proceedings, provided the non-attorney has knowledge or training with respect to handicapped pupils and their educational needs so as to enable the non-attorney to facilitate the presentation of the claims or defenses of the parent or child.

(9) to represent union members and employees entitled to union representation in public employment relations proceedings, provided the appearance is by a union representative.

(10) to represent a county or local government appointing authority in Civil Service proceedings, provided the non-attorney representative is an employee of the appointing authority with special expertise or experience in the matter in controversy and the legal representative for the county or municipality does not provide representation in the particular matter.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

NJ R GEN APPLICATION R. 1:21-1     Page 3
R. 1:21-1

(11) to represent a claimant or employer before the Appeal Tribunals or Board of Review of the Department of Labor.

No representation or assistance may be undertaken pursuant to subsection (f) by any disbarred or suspended attorney or by any person who would otherwise receive a fee for such representation.

Note: Source--R.R. 1:12-4(a) (b) (c) (d) (e) (f). Paragraph (c) amended by order of December 16, 1969 effective immediately; paragraphs (a) and (c) amended July 29, 1977 to be effective September 6, 1977; paragraph (a) amended July 24, 1978 to be effective September 11, 1978; paragraph (a) amended September 21, 1981 to be effective immediately; paragraph (c) amended and paragraph (d) adopted July 15, 1982 to be effective September 13, 1982; paragraph (a) amended August 13, 1982 to be effective immediately; paragraph (e) adopted July 22, 1983 to be effective September 12, 1983; paragraph (c) amended November 1, 1985 to be effective January 2, 1986; paragraph (a) amended November 5, 1986 to be effective January 1, 1987; paragraph (a) amended November 7, 1988 to be effective January 2, 1989; paragraph (b) amended and paragraph (d) caption and text amended June 29, 1990 to be effective September 4, 1990; paragraph (c) amended and paragraph (e)(8) adopted July 14, 1992 to be effective September 1, 1992; paragraphs (c), (e), and (e)(7) amended, and paragraph (e)(9) added July 13, 1994 to be effective September 1, 1994; paragraphs (a) and (e) amended June 28, 1996 to be effective September 1, 1996; paragraph (c) amended November 18, 1996 to be effective January 1, 1997; paragraph (c) amended January 5, 1998 to be effective February 1, 1998; paragraph (a) amended, former paragraphs (d) and (e) redesignated as paragraphs (e) and (f), and new paragraph (d) adopted July 10, 1998 to be effective September 1, 1998; closing paragraph amended July 5, 2000 to be effective September 5, 2000; paragraph (f) amended and new paragraph (f)(11) added July 12, 2002 to be effective September 3, 2002; paragraph (a) amended November 17, 2003 to be effective January 1, 2004; paragraph (a) amended July 28, 2004 to be effective September 1, 2004.

Official Comment by Supreme Court (November 17, 2003)

The Court has directed that the Clerk of the Supreme Court, the attorney disciplinary system, the Lawyers' Fund for Client Protection, and the Administrative Office of the Courts monitor the experience gained under this amended rule (Rule 1:21-1). Three years from the January 1, 2004 effective date of the amended rule, the Administrative Office of the Courts will coordinate and present to the Court an evaluation of its effects based on the collected data, as supplemented by the comments of the bench, the bar, and the public. At that time the Court will determine whether the amended rule should be retained permanently, modified, or rescinded.

R. 1:21-1

**NJ R GEN APPLICATION R. 1:21-1**

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.