UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 <br><br> CIVIL ACTION: 1:01-CV-12257-PBS <br> 1:05-CV-11795-PBS <br><br> **Judge Patti B. Saris** |
| THIS DOCUMENT RELATES TO: <br><br> *State of Florida, et al. v. Alpharma, Inc., et al.* | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND

The Plaintiffs, State of Florida, Office of the Attorney General, Department of Legal Affairs (hereinafter "the Attorney General"), by and through the undersigned Assistant Attorneys General, and the Relator, Ven-A-Care of the Florida Keys, Inc. (hereinafter "the Relator") filed a Motion for Remand to State Circuit Court in the United States District Court for the Northern District of Florida on August 18, 2005. This memorandum of law is submitted in support of that motion.

## MEMORANDUM OF LAW

This case should be remanded to the State Circuit Court. This action arises exclusively under State law, not Federal law, depriving this Court of subject matter jurisdiction over this action.

**Background**

This action was originally filed under seal on behalf of the State of Florida by the *qui tam* Plaintiff, Ven-A-Care of the Florida Keys in state circuit court for the Second Judicial Circuit, in and for Leon County, Florida. On April 5, 2005, the Attorney General filed a Complaint intervening in the Relator's Complaint. Both the Relator's sealed Complaint and the Attorney General's Intervention Complaint were filed in the State Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida. The case asserts only causes of action against the Defendants arising under the Florida False Claims Act, §§ 68.081 - 68.092, Fla. Stat. and Florida common law.

**Law and Argument**

The State Circuit Court has original jurisdiction of the causes of action contained in this case pursuant to Art. V, § 20(3), Fla. Const. and § 26.012, Fla. Stat. Venue is proper in Leon County pursuant to § 68.083(3), Fla. Stat., which provides in part:

> The complaint shall be identified on its face as a qui tam action and shall be filed in the circuit court of the Second Judicial Circuit, in and for Leon County. . . .

§ 68.083(3), Fla. Stat.

Motions for remand from a federal district court to a state court must be filed within thirty (30) days of the date of the removal notice. 28 U.S.C. §1447. Lack of jurisdiction, however, is ground for remand at any time and may be raised at any point during the litigation. 28 U.S.C. § 1447(c); *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 392 (1998). If it appears that a case was improperly removed because it was not within the original jurisdiction of the federal court, the United States District Court must remand the action to state court. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8 (1983). Once the plaintiff denies the allegations contained in a defendant's removal notice, the defendant must prove the allegations

contained in the notice. *See BIW Deceived v. Local 36,* 132 F.3d 824, 831 (1st Cir. 1977); *Alshrafi v. Am. Airlines, Inc.,* 321 F. Supp. 2d 150, 154 (D. Mass. 2004). It is well settled that all doubts about removal should be construed against removal and in favor of remand. *Danca v. Private Health Care Sys., Inc.,* 185 F.3d 1, 4 (1st Cir. 1999); *State of Montana v. Abbott Lab.,* 266 F. Supp. 2d 250 (D. Mass. 2003); *Asociacion de Detallistas de Gasolina de P.R. Inc. v. Shell Chemical Yabucoa, Inc.,* 2005 U.S. Dist. LEXIS 15930 at *5 (D.P.R. 2005); *see also Almond v. Capital Properties,* 212 F.3d 20, 23 (1st Cir. 2000) (federal jurisdiction for substantial disputed federal question should be granted "with caution and various qualifications").

An action "arises under" federal law within the meaning of 28 U.S.C. § 1331 if: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief depends on resolution of a substantial question of federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* ____ U.S. ____, 125 S. Ct. 2363, 2366-2367 (2005); *Franchise Tax Bd. of Cal.,* 463 U.S. at 27-28. Where state law creates a cause of action, the state law claim may be treated as one "arising under" federal law only if vindication of the state law right necessarily turns on some construction of federal law. *Id.* In these circumstances, the federal law issue must be "substantial" and its resolution "necessary" to the adjudication of the state law claim. *Grable & Sons Metal Prods., Inc.,* 125 S. Ct. at 2368; *see also Metheny v. Becker,* 352 F.3d 458, 461 (1st Cir. 2003) (resolution of the claim must necessarily require resolution of a substantial federal question); *Struffolino v. McCoy,* 2005 U.S. Dist. LEXIS 14158 at *9 (D.N.H. 2005) (where plaintiff could establish his state law negligence claim based on violation of either federal or state statute, federal question jurisdiction not established). State law claims do not confer federal jurisdiction merely because they reference federal law in establishing an element of the state law claim. *Merrell-Dow Pharms., Inc. v.*

*Thompson*, 478 U.S. 804, 813 (1986).

Plaintiffs herein deny Defendants' allegations that there are substantial, disputed federal questions embedded in plaintiffs' Complaint. Notably, there are no claims pertaining to Medicaid rebate fraud in this case, nor are there any claims on behalf of Medicare beneficiaries who paid co-pays for their drugs. Hence this Court's preliminary determination in the Minnesota case that there appeared to be a federal question is inapplicable because that decision pertained to the federal Medicare statute. Significantly, no one in the Minnesota-Montana-Nevada trio appears to have argued seriously for the notion that straight Medicaid price fraud claims raise a substantial and disputed federal question. <u>See</u> *State of Montana, supra*, 266 F. Supp. 2d at 255-58 (decision centered on Medicare or on Medicaid rebate fraud). Similarly, the fourteen (14) defendants in the Pennsylvania AWP case did not argue that the meaning of AWP in the Medicaid reimbursement context implicated a federal issue. <u>See</u> *Commw. of Pennsylvania v. TAP Pharmaceutical Products, Inc.*, Civ. Action No. 2:05-CV-03604 (E.D.Pa. Sept. 9, 2005), slip op. at 3 (case remanded to state court based on analysis of Medicare co-pay claims) (copy attached as Exh. A). At least one other federal court has determined that there is no federal jurisdiction over this type of pricing fraud claim. <u>See</u> *State of Alabama v. Abbott Laboratories*, Civ. Action No. 2:05-CV-647-T, Order dated August 11, 2005 (M.D. Ala. 2005) (copy attached as Exh. B).

In their removal notice, the Defendants acknowledge that the Complaint asserts claims under the Florida False Claims Act and Florida common law. <u>See</u>, ¶ *8, Notice of Removal*. The Defendants contend, however, that the Attorney General's action necessarily raises "substantive, disputed issues of federal law" embedded in the Complaint. <u>See</u>, ¶ *7 Notice of Removal*. According to the Defendants, these substantive and disputed issues of federal law include definitions of AWP

4

and WAC within the federal Medicaid Program, the procedures for setting a Federal Upper Limit for pharmaceutical reimbursement under the Medicaid Program, and general federal involvement in the Medicaid Program. *See,* ¶ *8, Notice of Removal.* In fact, however, none of these contentions withstands scrutiny. Initially, the Defendants neglect to mention that these terms, and others, have a specific meaning in the Florida Medicaid Program as administered by the Florida Agency for Health Care Administration. *See, Attorney General's Complaint,* ¶¶ 11-25. Further, resolution of this action does not depend upon an interpretation or application of federal definitions of AWP or WAC, the procedures for setting a Federal Upper Limit, or general federal involvement in the Medicaid Program. Clearly, there are no federal definitions of AWP or WAC applicable to the time frame of the Complaint. *See Commw. of Pennsylvania, supra,* slip op. at 12 (remanding case including Medicare co-pay claims in part because neither Medicare nor Congress defined AWP). Moreover, Medicaid is essentially a conglomeration of various state programs that are jointly funded by the federal and state governments. States determine their own Medicaid reimbursement formulae; states determine where to obtain prices used for reimbursement; and states decide whether and how to set state Maximum Allowable Costs.

If Federal Upper Limits come into play at all in this litigation, it will be as a defense asserted by Defendants.[1] The law is clear that federal questions raised as a defense do not confer federal subject matter jurisdiction. *Franchise Tax Board of Cal. v. Const. Laborers Vacation Trust,* 463 U.S. 1 at 10-11 (1983); *Rossello - Gonzalez v. Caldron - Serra,* 398 F.3d 1, 10 (1st Cir. 2005);

---

[1] A FUL, if established, is one of the reimbursement formulae utilized by the Florida Medicaid program. In that regard, the FUL represents neither a substantial nor a disputed federal issue in this case. If FULs assume a more significant role, it will be a role created by defendants, perhaps an argument that the federal government could have impacted prices by using FULs more extensively.

*Asociacion de Detallistas, supra,* 2005 U.S. Dist. LEXIS 15930 at 4. Finally, general federal involvement in a program or issue is plainly not enough to confer federal jurisdiction. As the Supreme Court held in *Grable*, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantiated …" 162 L. Ed.2d at 265. See, e.g., *RBM Techs., Inc. v. Lash*, 2004 U.S. Dist. LEXIS 15963 at *6 (D. Mass. 2004) (general federal interest in copyright principles does not confer federal jurisdiction in contract case); *Gattegno v. Sprint Corp.*, 297 F. Supp. 2d 372, 376 (D. Mass. 2003) (where plaintiff did not claim that defendant lacked federal authorization to collect fees and instead premised claim on false, deceptive and misleading manner in which defendant described and collected fees, no substantial disputed federal question was raised).

Nothing in the recent Supreme Court opinion in *Grable, supra,* affects this Court's prior determination that there is no federal jurisdiction for claims under state law for false reporting of AWPs and WACs. While Defendants will undoubtedly contend that *Grable* has overruled *Merrell Dow* and thereby undermined this Court's earlier remand decisions, that is clearly not the case. First, this Court's decision remanding the Minnesota case pertained to Medicare, not Medicaid. Medicare is a purely federal program, administered by the federal government on a nationwide basis. The remainder of this Court's analysis in *State of Montana* pertained to the Medicaid rebate claims, which involved a federal contract. There are no such rebate claims in this case.

Even if this Court were to disregard the differences between the two programs and start from the premise that the use of the term AWP in <u>Medicaid</u> preliminarily raises a federal question, this Court's prior analysis that a similar question involving Medicare was not sufficient to confer federal jurisdiction would still stand under *Grable*. The *Grable* Court expressly embraced *Merrell Dow* as

*Asociacion de Detallistas, supra,* 2005 U.S. Dist. LEXIS 15930 at 4. Finally, general federal involvement in a program or issue is plainly not enough to confer federal jurisdiction. As the Supreme Court held in *Grable*, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantiated …" 162 L. Ed.2d at 265. See, e.g., *RBM Techs., Inc. v. Lash*, 2004 U.S. Dist. LEXIS 15963 at *6 (D. Mass. 2004) (general federal interest in copyright principles does not confer federal jurisdiction in contract case); *Gattegno v. Sprint Corp.*, 297 F. Supp. 2d 372, 376 (D. Mass. 2003) (where plaintiff did not claim that defendant lacked federal authorization to collect fees and instead premised claim on false, deceptive and misleading manner in which defendant described and collected fees, no substantial disputed federal question was raised).

Nothing in the recent Supreme Court opinion in *Grable, supra,* affects this Court's prior determination that there is no federal jurisdiction for claims under state law for false reporting of AWPs and WACs. While Defendants will undoubtedly contend that *Grable* has overruled *Merrell Dow* and thereby undermined this Court's earlier remand decisions, that is clearly not the case. First, this Court's decision remanding the Minnesota case pertained to Medicare, not Medicaid. Medicare is a purely federal program, administered by the federal government on a nationwide basis. The remainder of this Court's analysis in *State of Montana* pertained to the Medicaid rebate claims, which involved a federal contract. There are no such rebate claims in this case.

Even if this Court were to disregard the differences between the two programs and start from the premise that the use of the term AWP in <u>Medicaid</u> preliminarily raises a federal question, this Court's prior analysis that a similar question involving Medicare was not sufficient to confer federal jurisdiction would still stand under *Grable*. The *Grable* Court expressly embraced *Merrell Dow* as

part of removal jurisprudence. *Grable*, 125 S.Ct. at 2371("*Merrell Dow's* analysis thus fits within the framework of examining the importance of having a federal forum for the issue, and the consistency of such a forum with Congress' intended division of labor between state and federal courts").[2] *See also Commw. of Pennsylvania, supra*, slip op. at 10 (noting that *Grable* does not purport to alter *Merrell Dow*).

The sole matter to be decided in the *Grable* case was whether 26 U.S.C. § 6335(a) required personal service when the plaintiff had actual knowledge of the sale of property. *See Id.* at 2368. The sole issue before the Supreme Court was whether this question conferred federal jurisdiction. *See Id.* at 2366. In explaining the framework guiding its inquiry, the Court wrote:

---

[2]   The *Grable* Court made explicit that its opinion was not an attempt to reconsider *Merrell Dow* and that the conclusions reached in *Merrell Dow* derived from the same analysis and application of law:

> *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), on which *Grable* rests its position, is not to the contrary. *Merrell Dow* considered a state tort claim resting in part on the allegation that the defendant drug company had violated a federal misbranding prohibition, and was thus presumptively negligent under Ohio law. *Id.*, at 906, 106 S.Ct. 3229. The Court assumed that federal law would have to be applied to resolve the claim, but after closely examining the strength of the federal interest at stake and the implications of opening the federal forum, held federal jurisdiction unavailable. Congress had not provided a private federal cause of action for violation of the federal branding requirements, and the Court found "it would . . . flout, or at least undermine, congressional intent to conclude that federal courts might nevertheless exercise federal-question jurisdiction and provided remedies for violations of that federal statute solely because the violation . . . is said to be a . . . 'proximate cause' under state law." *Id.* at 812, 106 S.Ct. 3229.

*Grable* at 2369.

> [F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.
>
> * * * *
>
> But even when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto. For the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331 . . . [T]he presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction.

*Id.* at 2367-68.

Applying this reasoning, the Court concluded that federal question jurisdiction was warranted in *Grable* because: (1) the meaning of the statute was the only contested factual or legal issue in the case; (2) the federal government had a strong and substantive interest in the interpretation of the federal tax provision that governed its abilities to pursue collection of taxes and pursue property of delinquents to satisfy its claims; and (3) a finding of jurisdiction in the very rare quiet title circumstances presented would "portend only a microscopic effect on the federal-state division of labor." *Id.* at 2368.

In sum, *Grable* is simply an application of settled law to a unique factual context. *Grable* does not overturn prior precedent. *Grable* not only does not endorse removing state tort claims which merely reference a federal statute, it makes clear that such cases are not removable. *See Commw. of Pennsylvania, supra,* slip op. at 9-11. Recent decisions by other courts applying *Grable* confirm this conclusion:

8

> In *Merrell Dow Pharmaceutical, Inc. v. Thompson*, the Supreme Court held that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under federal law." 478 U.S. 817. That is precisely the case here. Moreover, the Supreme Court has recently referred to a state-law negligence claim that cites a federal statute to establish a defendant's duty to the plaintiff as the classic example of what does *not* raise a federal question. *Grable & Son,* 2005 WL 1383693 at *7.

*Thomas v. Friends Rehabilitation Prog., Inc.* 2005 U.S. Dist. LEXIS 13762 at *7 (E.D. Pa. 2005).

In another post-*Grable* case, *Caggiano v. Pfizer, Inc.*, 2005 U.S. Dist. LEXIS (S.D.N.Y. 2005), the court held that claims under state consumer protection laws and common law fraud against manufacturers of Neurontin for promoting off-label usage did not raise substantial federal questions sufficient to confer federal question jurisdiction. *Id.* at *5-6. The court reached this conclusion even though plaintiffs had expressly stated that they would seek a determination that certain federal law violations constituted negligence *per se* under the state laws, which the court acknowledged meant that the state court might be deciding whether there were violations of federal law. *Id.* at *5. Similarly, in *Commw. of Kentucky v. China Tobacco Anyang*, 2005 U.S. Dist. LEXIS 16606 (E.D. Ky. 2005), plaintiffs alleged that defendants failed to comply with a state statute requiring payments per carton of cigarettes sold for tobacco companies that were not participating in the Master Settlement Agreement. Defendants removed the case on the grounds that there was a substantial federal question pending in another case as to whether the Master Settlement Agreement violated federal antitrust laws. The court remanded, holding that a defense based on disputed federal law did not confer jurisdiction. *Id.* at 4. And as the court noted, the fact that an obviously related case is pending in federal court that creates benefits of efficiency in asserting jurisdiction over a removed case does not create jurisdiction where jurisdiction does not lie. *Id.* at

9

*9.

In addition to remanding this case for lack of subject matter jurisdiction, Plaintiffs ask the Court to award fees and costs to plaintiffs. A party who successfully remands a case from federal district court to state court may recover its attorneys' fees and costs incurred in the remand process. 28 U.S.C. § 1447(c). Although a plaintiff need not even show that an action was removed in bad faith or without justification, Plaintiffs herein contend that there was no legitimate basis for Defendants to have removed this case. In cases involving substantially similar claims for Medicaid price fraud, pharmaceutical company defendants in the Minnesota, Montana, Nevada and Pennsylvania cases did not even argue that Medicaid price fraud claims created federal jurisdiction - and neither this Court nor the Pennsylvania court identified those claims as a basis for federal jurisdiction. Moreover, if reference to AWP in the federal Medicare program is not sufficient to confer federal jurisdiction, manifestly the references to AWP and WAC in the state administered Medicaid program is insufficient. If this Court remands the action to state court, Plaintiffs are entitled to recover their reasonable attorneys' fees and costs incurred in the remand process. *Id.*

## CONCLUSION

For the reasons stated above, this case should remanded to state court and Plaintiffs should be permitted to recover their reasonable attorney fees and costs.

Respectfully submitted this 5th day of October, 2005.

BERGER & MONTAGUE, P.C.
**/s/ Susan Schneider Thomas**
SHERRIE R. SAVETT
SUSAN SCHNEIDER THOMAS
GARY AZORSKY
JOY P. CLAIRMONT
1622 Locust Street
Philadelphia, PA 19103

STERN, SHAPIRO, WEISSBERG & GARIN LLP
**/s/ Jonathan Shapiro**
JONATHAN SHAPIRO
90 Canal Street
Boston, MA

JAMES J. BREEN
ALISON W. SIMON
The Breen Law Firm, P.A.
Post Office Box 297470
Pembroke Pines, FL 33029-7470

Attorneys for Ven-A-Care of the Florida Keys, Inc.

CHARLES J. CRIST, JR.
ATTORNEY GENERAL
STATE OF FLORIDA
OFFICE OF THE ATTORNEY GENERAL
MEDICAID FRAUD CONTROL UNIT
MARK S. THOMAS
Florida Bar No. 0001716
MARY S. MILLER
Florida Bar No. 0780420
BERNABE A. ICAZA
Florida Bar No. 0647871
Assistant Attorneys General
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Telephone:    850-414-3600

## CERTIFICATE OF SERVICE

I, Susan Schneider Thomas hereby certifies that on September 16, 2005, I caused a true and correct copy of the foregoing **Plaintiffs' Memorandum of Law In Support of Motion for Remand** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending a copy to the Verilaw electronic filing service. I also certify that a copy hereof has been furnished to the following counsel of record by telephone facsimile on this 16th day of September 2005:

WAYNE A. CROSS
MICHAEL J. GALLAGHER
PAUL OLSZOWKA
SHERYL DICKEY
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
Fax number 212-354-8113
Attorneys for Sandoz, Inc.

PETER ANTONACCI
JONATHAN P. KILMAN
GrayRobinson, P.A.
301 South Bronough Street
Suite 600 (32301)
Post Office Box 11189
Tallahassee, Florida 32302
Fax Number 850-577-3311
Attorneys for Novartis AG and Sandoz, Inc.

ROBERT J. MILLER
Reed Smith LLP
599 Lexington Avenue-28th Floor
New York, NY 10022
Fax Number 212-521-5450
Attorneys for Faulding, Inc. and Mayne Group, Ltd.

DENNIS P. ORR
GRANT J. ESPOSITO
MICHELLE J. ANNUNZIATA
Mayer, Brown, Rowe & Maw LLP
1675 Broadway
New York, NY 10019
Fax Number 212-849-5847 and
212-849-5818
Attorneys for Novartis AG

STEPHEN A. ECENIA
Rutledge, Ecenia, Purnell & Hoffman, P.A.
Post Office Box 551
215 South Monroe St., Suite 420
Tallahassee, Florida 32301
Fax Number 850-681-6515
Attorneys for Alpharma, Inc., Alpharma,
USPD, Inc. f/k/a Barre-National, Inc.,
Barre Parent Corporation, Purepac Pharmaceutical Co.

JOHN R. FLEDER
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W. - Suite 1200
Washington, DC 20005
Fax Number 202-737-9329
Attorneys for Alpharma, Inc., Alpharma, USPD,
Inc. f/k/a Barre-National, Inc., Barre Parent
Corporation, Purepac Pharmaceutical Co.

JAY B. SHAPIRO
CHRISTOPHER L. BARNETT
SAMUEL O. PATMORE
Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A.
Suite 200-Museum Tower
150 West Flagler Street
Miami, Florida 33130
Fax Number 305-789-3395


Dated: September 16, 2005

/s/ **Susan Schneider Thomas**
Susan Schneider Thomas (admitted *pro hac vice*)
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: 215-875-5711
Fax: 215-875-4604