IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>CIVIL ACTION NO. 01-12257 |
| THIS DOCUMENT RELATES TO:<br><br>ALL CLASS ACTIONS | |

**TRACK TWO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE TRACK TWO DISCOVERY SCHEDULE AND CROSS MOTION FOR ENTRY OF CASE MANAGEMENT ORDER 16[1]**

Seeking to delay their obligation to identify suitable class representatives for their claims against the Track Two Defendants[2] plaintiffs have moved this Court for an order that would effectively suspend their cases against Track Two Defendants for at least nine months. Plaintiffs' Motion to Modify the Track Two Discovery Schedule ("Plaintiffs' Motion") at 3-4 (Docket # 1741). In addition, having failed to prosecute discovery aggressively against the vast majority of Track Two Defendants, plaintiffs ask the Court to give them an additional six months of fact discovery commencing *after* their requested stay is lifted. The Court should deny this

---

[1] Abbott Laboratories, Baxter International, Inc. and Baxter Healthcare Corp. join in this brief only with respect to the Track Two Defendants' motion for entry of CMO 16.
[2] Pfizer, Inc., Pharmacia Corp., Pharmacia & Upjohn, Inc., Abbott Laboratories, Amgen Inc., Aventis Pharmaceuticals Inc., Aventis Behring, L.L.C., Hoechst Marion Roussel, Inc., B. Braun Medical Inc., Bayer Corporation, Baxter International, Inc., Baxter Healthcare Corp., Dey, Inc., Fujisawa Health Care, Inc., Fujisawa USA, Inc., Immunex Corporation, Novartis Pharmaceuticals Corporation, Sicor, Inc. f/k/a Gensia, Inc., Gensia Sicor Pharmaceuticals, Inc., TAP Pharmaceutical Products, Inc., Together Rx LLC, and Watson Pharmaceuticals, Inc.

request to further delay the case and instead should require that plaintiffs do for the Track Two Defendants just what they have been ordered to do for the Track One Defendants – identify their Track Two class representatives promptly and provide the type of information regarding class representatives for the Track Two claims that the Court has already ordered plaintiffs to provide for the Track One claims.

To this end, the Track Two Defendants respectfully cross move for entry of Case Management Order No. 16 ("CMO 16") requiring plaintiffs to: (1) file any amendment naming new class representatives for their claims against the Track Two Defendants by December 14, 2005, (2) produce discovery documenting the basis of any claims of the new class representatives at the time that those class representatives are identified, and (3) produce any new class representative for deposition within 30 days after the amendment seeking to add that class representative is filed.  This order is necessary to avoid additional delays in the Track Two pre-trial schedule and to ensure that, after nearly four years of litigation, the Track Two Defendants are advised promptly – and finally – of the identity of any named class representatives suing them.

> A.  **The Plaintiffs Should Identify Any Track Two Class Representatives by December 14.**

In its Memorandum and Order Re: Motion for Class Certification ("August 16 Order") , the Court ruled that plaintiffs' proposed class of Medicare Part B beneficiaries satisfies the requirements of Rule 23 in every respect but one – the current named plaintiffs do not include any such beneficiaries and therefore are unable adequately to represent the interests of individual members of the proposed Medicare Part B class.  The Court gave plaintiffs 60 days from the date of its Order to attempt to rectify this deficiency by naming new class representatives, alleging "facts demonstrating typicality and adequacy of the class representatives," and disclosing "the

documents demonstrating that the proposed class representatives made co-insurance payments (at least in part) under Medicare Part B based on AWP." August 16 Order at 43-44.  The Court also granted the Track One Defendants 30 days following this disclosure to take depositions. *Id.* at 88-89.

The Track Two Defendants seek a corresponding order applicable to Track Two. Plaintiffs concede in their motion that they will need to identify new class representatives for their claims against Track Two Defendants and to substantiate that those representatives personally paid at least a portion of the co-insurance for their Part B medicines based on AWP. Plaintiffs' Motion at 2-3.  The only issue is when plaintiffs will be required to meet these requirements.  The Track Two Defendants submit that there is no justification for delay, and plaintiffs have offered none.  Like the Track One Defendants, the Track Two Defendants need to know the identities of any proposed class representatives and the basis of those proposed representatives' claims in order to test their standing to bring the claims asserted in the AMCC, their adequacy to represent the class, and their typicality in relation to the claims of absent class members.

Plaintiffs do not dispute this fundamental principle.  Indeed, their motion unambiguously anticipates that they will file an "amendment of the complaint to add proposed Track Two class representatives consistent with the Court's Track One class certification Order."  Plaintiffs' Motion at 2.  The only area of disagreement among the parties is one of timing.  Notwithstanding the Court's determination that 60 days was sufficient time for plaintiffs to name Track One class representatives because "plaintiffs state that they have individuals waiting in the wings," August 16 Order at 44, plaintiffs now propose a schedule that, by their own admission, will likely result in a complete stay of discovery in the Track Two cases until at least July 2006.  Plaintiffs'

Motion at 4. Plaintiffs offer no compelling reason for further extending this already four year old litigation in such a manner, and none exists.

The schedule proposed in CMO 16 provides more than enough time for plaintiffs to identify class representatives and to provide the necessary documentation. The proposed December 14 deadline falls 60 days after the Court-imposed deadline for identifying new class representatives for claims against the Track One Defendants and 120 days after the Court's Order establishing the inadequacy of the current class representatives. These cases are nearly four years old and the Track Two discovery deadline is rapidly approaching, yet plaintiffs still have not identified a single individual with standing to pursue Medicare Part B claims against any of the Track Two Defendants. There is no reason why plaintiffs cannot identify willing, typical, and adequate class representatives within the time frame proposed in CMO 16.

### B. Plaintiffs' Request to Stay the Track Two Case is Unwarranted and Should Be Rejected.

Under CMO 14, fact discovery in the Track Two cases will close on December 3, 2005. This discovery cutoff already reflects an extension of the original deadline for fact discovery in the Track Two cases. Months ago, plaintiffs pushed for the December 3 discovery cutoff; they now reverse course and ask the Court to suspend all discovery (and nearly all activity) in the Track Two cases "pending the Court's standing determination." Plaintiffs' Motion at 3. That standing determination – whether a purchaser of, for instance, a drug to treat breast cancer has standing to represent a class of purchasers of prostate cancer drugs – has been an issue that plaintiffs have confronted since they filed their complaint years ago. If their plan is simply to identify a single product purchaser for each defendant without regard to the relationship between the drug purchased and the claims asserted in the complaint, plaintiffs have good reason to be concerned about yet again relying on inappropriate class representatives. The response to this

4

concern, however, is not to require this Court to issue what are, in effect, a series of advisory opinions nudging plaintiffs through endless, incremental amendments of their complaint. Rather, plaintiffs should identify appropriate class representatives with standing *now* so that the plaintiffs' allegations can finally be tested and the case can proceed to judgment.

Early on in this case, the Court made clear that the plaintiffs' claims would have to be tested "drug by drug." Transcript of January 12, 2003 Hearing on Motions, at 74. And the plaintiffs' themselves assured this Court that their "proof will focus on each defendant and each drug," and that "liability and damages will be both defendant and drug-specific." *See* Plaintiffs' Reply to Bristol-Myers Squibb's Individual Memorandum in Opposition to Class Certification, at 5 (Docket # 1241). Plaintiffs have long been fully aware of the risks they face if they fail to identify a class representative who has standing to sue for the claims in the complaint with respect to each drug alleged to be the subject of unlawful behavior. As claimed experts in class action litigation, they should not require that the Court pre-approve their methodology for naming appropriate class representatives, but should simply pluck such representatives from those they have "waiting in the wings" and allow the case to move forward as the parties and the Court contemplated it would when CMO 14 was entered.

In their Motion, plaintiffs warn that "unless the schedule is adjusted in the manner that Plaintiffs propose, several months of Track Two discovery will continue against Track Two Defendants for which no additional class representatives may ultimately identified [sic] under the Court's final standards." Plaintiffs' Motion at 3. What plaintiffs fail to disclose is why they cannot or will not simply identify appropriate class representatives now rather than waiting for the Court to rule on the propriety of the Track One class representatives. Plaintiffs know what they need to do in order to move forward with this case. Rather than confront that reality, they

5

ask this Court to call a timeout, leaving all of the Track Two Defendants in limbo. In the meantime, defendants' employees move on to new jobs, defendants needlessly maintain and accumulate large quantities of documents and data that may be subject to discovery at great expense, and the parties are no closer to having their claims adjudicated.

Plaintiffs also correctly note that the benefits flowing from coordinating discovery with the state cases would be lost if this Court entered a stay. Plaintiffs' Motion at 4. Although plaintiffs' lead counsel has advised that certain of his other clients, the states of Nevada and Montana, "have offered to agree to abide by the discovery schedule proffered by the class Plaintiffs here," *id.*, that agreement would only compound the discovery burden on several Track Two Defendants because they currently face discovery demands in other state cases that would not be covered by this "offer." In fact, on behalf of one of its other clients – Connecticut – plaintiffs' lead counsel has stipulated that discovery taken in either Connecticut or the MDL may be used for the other case. Declaration of John C. Dodds ("Dodds Decl.") at ¶ 15. Discovery has been very active in the Connecticut case and promises to remain intense for the two remaining months of the discovery schedule. Moreover, plaintiffs do not explain what benefit accrues from requiring Track Two Defendants to abruptly cease the discovery they are pursuing against the states of Montana and Nevada. In fact, there is no reason to do so. Track Two Defendants agree that Nevada and Montana should abide by this Court's discovery schedule, but strongly oppose any effort to freeze that schedule.

Finally, plaintiffs' requested stay fails to address the extensive third party discovery that at least some of the Track Two Defendants will inevitably need to take. Plaintiffs offer no reason to forestall those efforts, which typically require greater effort and lead times in working with third parties. Because plaintiffs' attempt to justify a stay until next summer fails to account

for an entire category of substantial and necessary discovery, the Court should deny that request for this reason alone.

Rule 1 of the Federal Rules of Civil Procedure instructs the courts to interpret the Rules "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. Pro. 1. Plaintiffs' proposal to shelve the Track Two cases until next July flies in the face of that admonition.

### C.   Plaintiffs Have Not Made Any Showing to Justify Yet Another Extension of the Discovery Schedule.

The real reason for plaintiffs' motion to stay discovery is exposed in its admission that "the work necessary for Plaintiffs to react to the Court's Track One Class Order, prepare the Track One expert disclosures, and brief the Track One Defendants' petition to appeal, have made it difficult to substantially advance the discovery against the Track Two Defendants." Plaintiffs' Motion at 6. They make this admission while arguing in the alternative for "90 additional days beyond December 3rd in order to complete Track Two discovery…" *Id.* In support of this argument, plaintiffs assert that certain Track Two Defendants have been dilatory in providing discovery responses, citing to alleged examples of intransigence from defendants Pharmacia, Amgen, and Baxter. Far from supporting their position, however, these examples underscore that it is plaintiffs themselves who have dragged their feet in failing to pursue discovery.

For instance, defendant Pharmacia made its initial production of documents back in 2002. Dodds Decl. at ¶ 3. In the Spring of 2004, Pharmacia agreed with plaintiffs that it would provide various types of pricing and transaction data to enable plaintiffs to select those products for which they wanted to pursue additional discovery. *Id.* at ¶ 5. Pharmacia then promptly provided the agreed upon data over the next few weeks. *Id.* at ¶ 6. But rather than pursuing discovery aggressively, plaintiffs allowed an entire year to pass before specifying the drugs on which they

sought further discovery. *Id.* at ¶ 7. Once they did so, Pharmacia promptly began producing additional documents relating specifically to the drugs that plaintiffs identified. *Id.* at ¶¶ 11-12.

Plaintiffs' track record as to Amgen is similar. Shortly after making company representatives available for Rule 30(b)(6) depositions in May 2004, Amgen was dismissed from the case. As a result, it advised plaintiffs that it would not respond to discovery until its status in the litigation was determined. Declaration of Joseph H. Young ("Young Decl.") at ¶ 4. Plaintiffs did not object or even respond. *Id.* Indeed, it was Amgen – and not plaintiffs – that ultimately sought to reinitiate discussions regarding discovery in December 2004, largely out of concern on Amgen's part that discovery might be difficult to complete if the Court, as it later did, determined that plaintiffs' complaint stated a claim against Amgen. *Id.* at ¶ 5. Plaintiffs, however, failed to return phone calls, delayed meeting with Amgen for well over two months (ostensibly because they were preoccupied with the Track One case), and did not provide for nearly five months a promised "short list" of requests intended to focus the parties' discovery efforts. *Id.* at ¶¶ 6-12. As a direct result, Amgen was unable to begin in earnest the time-consuming task of reviewing potentially responsive documents until mid-June. Since that time, it has devoted well over 3000 hours to the review, and expects to begin a rolling production of documents this month. *Id.* at ¶ 15.

If plaintiffs had legitimate concerns about the discovery conduct of any Track Two Defendants, they should have moved to compel discovery months ago. They have nobody to blame but themselves for failing to prosecute their claims aggressively. Now, at the eleventh hour, they ask this Court to grant them more time to take discovery against all Track Two Defendants without an adequate showing that such an extension is justified even as to the only

three defendants mentioned in their motion and with no mention whatsoever of any of the other Track Two Defendants.

For the foregoing reasons, the Track Two Defendants respectfully request the Court to enter proposed CMO No.16 and to deny Plaintiffs' Motion to Modify the Track Two Discovery Schedule in all respects.

Respectfully submitted,

/s/ Mark D. Smith
Mark D. Smith (BBO# 542676)
Laredo & Smith, LLP
15 Broad Street, Suite 600
Boston, MA 02109
617.367.7984 (t)
617.367.6475 (f)

John C. Dodds
*Admitted pro hac vice*
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5000 (t)
215.963.5001 (f)

Scott A. Stempel
*Admitted pro hac vice*
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
202.739.3000 (t)
202.739.3001 (f)

*Attorneys for Defendant Pfizer Inc., Pharmacia Corp. and Pharmacia & Upjohn, Inc.*

On behalf of the Track Two Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>CIVIL ACTION NO. 01-12257 |
| THIS DOCUMENT RELATES TO:<br><br>**ALL CLASS ACTIONS** | |

## [PROPOSED] CASE MANAGEMENT ORDER NO. 16

October \_\_\_\_\_, 2005

Saris, U.S.D.J.

    IT IS HEREBY ORDERED, as follows:

    1.    Any amendment to the Second Amended Consolidated Class Action Complaint to add plaintiffs or proposed class representatives for claims against the Track Two Defendants shall be filed on or before December 14, 2005. Any amendment to add proposed class representatives shall allege facts demonstrating the typicality and adequacy of the new proposed class representatives.

    2.    Plaintiffs shall produce all documents supporting the claims of any new plaintiffs or proposed class representatives for claims against the Track Two Defendants, including documents demonstrating that the proposed class representatives made co-insurance payments

under Medicare Part B based on AWP, on or before the date that any amendment seeking to add such plaintiffs or proposed class representatives is filed.

3. Any depositions of new plaintiffs or proposed class representatives for claims against the Track Two Defendants shall be completed within 30 days of the date that any amendment seeking to add such plaintiffs or proposed class representatives is filed.

_____
Patti B. Saris
United States District Judge