# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:   PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 CIVIL ACTION NO. 01-12257 |
| THIS DOCUMENT RELATES TO: **ALL CLASS ACTIONS** | |

## DECLARATION OF JOHN C. DODDS, ESQUIRE IN SUPPORT OF TRACK TWO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE TRACK TWO DISCOVERY SCHEDULE AND CROSS MOTION FOR ENTRY OF CASE MANAGEMENT ORDER 16

I, John C. Dodds, hereby declare and affirm that:

1.   I am a partner of Morgan, Lewis & Bockius LLP, counsel for defendants Pfizer Inc, Pharmacia Corporation, and Pharmacia & Upjohn, Inc.

2.   I submit this declaration in support of Track Two Defendants' Opposition to Plaintiffs' Motion to Modify the Track Two Discovery Schedule and Cross Motion for Entry of Case Management Order 16.

### Discovery of Pharmacia in the AWP MDL

3.   On December 13, 2002, Pharmacia Corporation, and its predecessor Pharmacia & Upjohn, Inc. (together, "Pharmacia") produced over 26,000 pages of documents to plaintiffs' counsel pursuant to Case Management Order No. 5.  Attached hereto as Exhibit A is a letter dated December 13, 2002 from Jennifer B. Jordan, Esquire to Thomas M. Sobol, Esquire.

4.   On April 26, 2004, Pharmacia produced over 11,000 pages of documents to plaintiffs' counsel pursuant to Case Management Order No. 10.  Attached hereto as Exhibit B is a letter dated April 26, 2004 from Jennifer B. Jordan, Esquire to Thomas M. Sobol, Esquire.

5.   In response to Plaintiffs' March 31, 2004, Omnibus Requests to all Defendants, counsel for Pharmacia and Pfizer and counsel for plaintiffs held a telephonic meet and confer regarding discovery on April 30, 2004.  Among other things, the parties discussed whether there was an acceptable process for narrowing and focusing the scope of discovery as to Pharmacia and Pfizer.  As a result of that discussion, the parties agreed that Pharmacia and Pfizer would produce electronic transactional and pricing data for the drugs identified in the complaint, and that plaintiffs would review this data and select which drugs they wished to proceed upon in discovery.

6.   Between May 27, 2004 and July 20, 2004, Pharmacia and Pfizer produced the agreed-upon electronic transactional and pricing data for the drugs identified in the complaint.  Attached hereto as Exhibit C are letters from Jennifer B. Jordan, Esquire to Thomas M. Sobol, Esquire forwarding that data.

7.   On April 20, 2005, counsel for plaintiffs requested that Pfizer and Pharmacia produce electronic transactional and pricing data for the drugs identified in the complaint.  Attached hereto as Exhibit D are letters from Sean R. Matt, Esquire to Mark. D. Smith, Esquire and Scott A. Stempel, Esquire.

8.   On May 19, 2005, counsel for plaintiffs and counsel for Pfizer and Pharmacia held a telephonic meet and confer regarding the April 20, 2005 data requests.  Counsel for

Pfizer and Pharmacia pointed out that they had provided the requested data nearly a year before.

9.   In a letter dated May 19, 2005, counsel for plaintiffs confirmed that they had received the data Pfizer and Pharmacia had produced in 2004, and indicated they wished to pursue discovery on all physician-administered drugs and Estrostep. Attached hereto as Exhibit E is a letter from Steve W. Berman, Esquire to Scott A. Stempel, Esquire.

10. On May 23, 2005, counsel for plaintiffs requested that Pharmacia fill "gaps" in electronic data for certain specified additional fields and limited time periods.  Attached hereto as Exhibit F is a letter from Steve W. Berman, Esquire to Scott A. Stempel, Esquire.

11. On July 26, 2005, Pharmacia produced approximately 26,000 pages of documents.  Attached hereto as Exhibit G is a letter from Erica Smith-Klocek, Esquire to Steve W. Berman, Esquire.

12. On September 6, 2005, Pharmacia made a supplemental production of electronic data and approximately 2,675 pages of documents.  Attached hereto as Exhibit H is a letter from Erica Smith-Klocek, Esquire to Steve W. Berman, Esquire.

**Discovery in State of Connecticut v. Pharmacia Corporation**

13. Pharmacia is a defendant in an AWP action brought by the Attorney General of the State of Connecticut.  Hagens Berman Sobol Shapiro LLP, co-lead counsel for the plaintiffs the AWP MDL, is also counsel for the State of Connecticut in the action against Pharmacia.

14. Discovery in the Connecticut Action had been scheduled to close on September 1, 2005.  By Orders dated August 5, 2005, and September 15, 2005, the Honorable Samuel Sferrazza granted plaintiff's motion to extend the deposition discovery deadline to December

3, 2005 to allow the AWP MDL and Connecticut depositions to proceed on the same schedule.

15. On September 9, 2005, counsel for the State of Connecticut proposed a stipulation, to which Pharmacia agreed, that discovery produced in the AWP MDL may be used in the Connecticut action.  Attached hereto as Exhibit I is the Stipulation Concerning the Use in this Action of Discovery Taken in the AWP MDL Proceeding.

16. Plaintiffs in the AWP MDL and the State of Connecticut have issued notices of deposition of Pharmacia.  Depositions of Pharmacia current and former employees are being scheduled for October and November, which may be used in both the Connecticut action and the AWP MDL.

I certify under penalty of perjury that the foregoing is true and correct.


Dated:  October 5, 2005                          /s/ John C. Dodds
                                               John C. Dodds
                                               *Admitted pro hac vice*
                                               Morgan, Lewis & Bockius LLP
                                               1701 Market Street
                                               Philadelphia, PA  19103
                                               215.963.5000 (t)
                                               215.963.5001 (f)

                                               *Attorneys for Defendant Pfizer Inc., Pharmacia*
                                               *Corp. and Pharmacia & Upjohn, Inc.*

# Exhibit A

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
### C O U N S E L O R S   A T   L A W

Jennifer B. Jordan
215.963.5959
jjordan@morganlewis.com

December 13, 2002

**VIA HAND DELIVERY**

Thomas M. Sobol, Esquire
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA  02110

Re:   MDL 1456 — In re Pharmaceutical Industry Average Wholesale Price Litigation

Dear Mr. Sobol:

Pursuant to Case Management Order No. 5, enclosed with this letter please find thirteen (13) boxes that contain Defendant Pharmacia Corporation's responsive documents. These documents are labelled "PH 000001" through "PH 026029". These documents are being produced to Plaintiffs subject to the most recent version of the Protective Order submitted to the Court on December 13, 2002.

Brian Williams and I have agreed that your firm will direct reimbursement for the costs of production to Pharmacia upon submission of the bill covering Pharmacia's costs. Once the costs have been determined, such a statement will be forthcoming from our offices.

Sincerely,

Jennifer B. Jordan

Enclosures (13 boxes)

# Exhibit B

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

Jennifer B. Jordan
215.963.5959
jjordan@morganlewis.com

April 26, 2004

**VIA OVERNIGHT COURIER**

Steve W. Berman, Esquire
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re:     MDL 1456 — In re Pharmaceutical Industry Average Wholesale Price Litigation

Dear Mr. Berman:

On behalf of Pharmacia, enclosed please find documents Bates labeled PH 026030 to PH 037105 that are being produced in response to Case Management Order No. 10.  These documents are produced under the terms of the parties' Stipulated Protective Order.

In addition, on behalf of Pfizer, Inc., enclosed please find documents Bates labeled PF 000001 to PF 001737 that are being produced in response to Case Management Order No. 10.  These documents are also produced under the terms of the parties' Stipulated Protective Order.

Sincerely,

Jennifer B. Jordan

Enclosures (5 boxes)

Philadelphia  Washington  New York  Los Angeles  San Francisco  Miami  Pittsburgh  Princeton  Chicago  Palo Alto
Northern Virginia  Harrisburg  Irvine  Boston  London  Tokyo  Brussels  Frankfurt

# Exhibit C

**Jennifer B. Jordan**
215.963.5959
jjordan@morganlewis.com

May 27, 2004

**VIA FEDERAL EXPRESS**

Thomas M. Sobol, Esquire
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA  02110

Re:     <u>MDL 1456 — In re Pharmaceutical Industry Average Wholesale Price Litigation</u>

Dear Tom:

Please find the following on the enclosed CD:

- Pfizer, Inc. and Pharmacia AMP data, 1997–2003 (in both native and .tif file format);

- Pfizer, Inc. and Pharmacia AWP data, from First DataBank, 1997–2003 (in both native and .tif file format); and

- Pfizer, Inc. and Pharmacia WAC data, 1997–2003 (in both native and .tif file format).

These documents are Bates-labeled PF 001738–1864 and are being produced under the terms of the parties' Stipulated Protective Order.

We will be providing additional information as we discussed as soon as possible.

Philadelphia  Washington  New York  Los Angeles  San Francisco  Miami  Pittsburgh  Princeton  Chicago  Palo Alto
Northern Virginia  Harrisburg  Irvine  Boston  London  Tokyo  Brussels  Frankfurt

Thomas M. Sobol, Esquire
May 27, 2004
Page 2

Should you have any questions regarding this production, please feel free to contact me.

Sincerely,


Jennifer B. Jordan

Encl.

cc:    John C. Dodds, Esq.
       Scott A. Stempel, Esq.

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
### C O U N S E L O R S   A T   L A W .

Jennifer B. Jordan
215.963.5959
jjordan@morganlewis.com

June 10, 2004

VIA FEDERAL EXPRESS

Thomas M. Sobol, Esquire
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA  02142

Re:    MDL 1456 — In re Pharmaceutical Industry Average Wholesale Price Litigation

Dear Tom:

Please find the following on the enclosed CD:

- Pfizer, Inc. chargebacks, 1998–2003;

- Parke-Davis and Agouron chargebacks, 2001–2003;

- Pharmacia chargebacks, 2001–2003;

- Pfizer, Inc. transactions, 1998–2003;

- Parke-Davis and Agouron transactions, 2001–2003; and

- Pharmacia transactions, 2001–2003.

These files are being produced as .txt files that can be loaded into Microsoft Access.  Also, we include a flat file format document listing the contents, along with definitions to explain the codes.

Philadelphia  Washington  New York  Los Angeles  San Francisco  Miami  Pittsburgh  Princeton  Chicago  Palo Alto
Northern Virginia  Harrisburg  Irvine  Boston  London  Tokyo  Brussels  Frankfurt

Morgan Lewis
COUNSELORS AT LAW

Thomas M. Sobol, Esquire
June 10, 2004
Page 2

The CD containing these files is Bates-labeled PF 001865 and is being produced under the terms of the parties' Stipulated Protective Order.  The CD is labeled "highly confidential," which applies equally to the individual files contained on the CD.

We will be providing additional information as we discussed as soon as possible.  Should you have any questions regarding this production, please feel free to contact me.

Sincerely,

Jennifer B. Jordan

Encl.

cc:     John C. Dodds, Esq.
        Scott A. Stempel, Esq.

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

Jennifer B. Jordan
215.963.5959
jjordan@morganlewis.com

June 23, 2004

**VIA FEDERAL EXPRESS**

Thomas M. Sobol, Esquire
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA  02142

Re:  MDL 1456 — In re Pharmaceutical Industry Average Wholesale Price Litigation

Dear Tom:

Please find the following on the enclosed CD:

* Pfizer, Inc. transactions, 1997;

* Parke-Davis and Agouron chargebacks, 2000; and

* Parke-Davis and Agouron transactions, 2000.

These files are being produced as .txt files that can be loaded into Microsoft Access.  Also, we include a flat file format document listing the contents, along with definitions to explain the codes.

The CD containing these files is Bates-labeled PF 001866 and is being produced under the terms of the parties' Stipulated Protective Order.  The CD is labeled "highly confidential," which applies equally to the individual files contained on the CD.

Philadelphia  Washington  New York  Los Angeles  San Francisco  Miami  Pittsburgh  Princeton  Chicago  Palo Alto
Northern Virginia  Harrisburg  Irvine  Boston  London  Tokyo  Brussels  Frankfurt

**Morgan Lewis**
COUNSELORS AT LAW

Thomas M. Sobol, Esquire
June 23, 2004
Page 2

Should you have any questions regarding this production, please feel free to contact me.

Sincerely,

Jennifer B. Jordan

Encl.

cc:    John C. Dodds, Esq.
       Scott A. Stempel, Esq.

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

**Morgan Lewis**
C O U N S E L O R S   A T   L A W

Jennifer B. Jordan
215.963.5959
jjordan@morganlewis.com

July 14, 2004

**VIA FEDERAL EXPRESS**

Thomas M. Sobol, Esquire
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Re:   MDL 1456 — In re Pharmaceutical Industry Average Wholesale Price Litigation

Dear Tom:

Please find the following on the enclosed CD:

- Pharmacia transactions, 1997–2000 and

- Pharmacia chargebacks, 1997–2000.

These files are being produced as .txt files that can be loaded into Microsoft Access. Also, we include a flat file format document listing the contents, along with definitions to explain the codes.

The CD containing these files is Bates-labeled PF 001867 and is being produced under the terms of the parties' Stipulated Protective Order. The CD is labeled "highly confidential," which applies equally to the individual files contained on the CD.

Philadelphia  Washington  New York  Los Angeles  San Francisco  Miami  Pittsburgh  Princeton  Chicago  Palo Alto
Northern Virginia  Harrisburg  Irvine  Boston  London  Tokyo  Brussels  Frankfurt

Thomas M. Sobol, Esquire
July 14, 2004
Page 2

**Morgan Lewis**
COUNSELORS AT LAW

Should you have any questions regarding this production, please feel free to contact me.

Sincerely,

Jennifer B. Jordan

Encl.

cc:     John C. Dodds, Esq.
        Scott A. Stempel, Esq.

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
### C O U N S E L O R S   A T   L A W

Jennifer B. Jordan
215.963.5959
jjordan@morganlewis.com

July 20, 2004

**VIA FEDERAL EXPRESS**

Thomas M. Sobol, Esquire
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA  02142

Re:     MDL 1456 — In re Pharmaceutical Industry Average Wholesale Price Litigation

Dear Tom:

Please find the following on the enclosed CDs:

- Parke-Davis transactions, 1997–1999;

- Parke-Davis chargebacks, 1997–1999;

- Celebrex transactions, 1999–2000; and

- Celebrex chargebacks, 1999–2000.

These files are being produced as .txt files that can be loaded into Microsoft Access.  Also, we include a flat file format document listing the contents, along with definitions to explain the codes.

The CDs containing these files are Bates-labeled PF 001868–1869 and are being produced under the terms of the parties' Stipulated Protective Order.  The CDs are labeled "highly confidential," which applies equally to the individual files contained on the CDs.

Philadelphia  Washington  New York  Los Angeles  San Francisco  Miami  Pittsburgh  Princeton  Chicago  Palo Alto
Northern Virginia  Harrisburg  Irvine  Boston  London  Tokyo  Brussels  Frankfurt

Thomas M. Sobol, Esquire
July 20, 2004
Page 2

**Morgan Lewis**
COUNSELORS AT LAW

Should you have any questions regarding this production, please feel free to contact me.

Sincerely,

Jennifer B. Jordan

Encls.

cc:    John C. Dodds, Esq.
       Scott A. Stempel, Esq.

# Exhibit D





**HAGENS BERMAN
SOBOL SHAPIRO LLP**
hbsslaw.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

STEVE W. BERMAN
(206) 224-9320
steve@hbsslaw.com

April 20, 2005

**Via Facsimile**

Scott A. Stempel
MORGAN, LEWIS & BACKIUS, LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20005

     Re:    In re Pharmaceutical Industry AWP Litigation

Dear Scott:

    As you are aware, the Court has issued CMO No. 14, which sets forth various pre-trial deadlines for the Phase II defendants, including a discovery cut-off of December 3, 2005. Plaintiffs have served your clients, Pfizer, with multiple requests for production and interrogatories that seek, among other things, financial data relating to the sales of drugs that are the subject of the AMCC (the "Subject Drugs"). Indeed, Plaintiffs' requests that Pfizer produce financial information date back to June 2003.[1]

    Based on experience gained by working with the Phase I defendants, Plaintiffs have refined their requests for sales-related data. For each of the Subject Drugs (by NDC), please provide the following information in ASCII text file or similar electronic format for the relevant time period:

    (a)    All sales transaction data (as well as any discounts or any other price adjustments or offsets contained in the transaction data), including (i) price, (ii) number of units sold, (iii) transaction date, (iv) information sufficient to identify the type of transaction (*e.g.*, a sale, a return, etc.), (v) information sufficient to identify the product (*e.g.*, NDC, product description, form, strength, etc.), (vi) information sufficient to identify the customer,

---

[1] Plaintiffs' prior requests for financial data can be found in discovery sets served on your client on June 17, 2003 (Request No. 27-28); June 19, 2003 (Request Nos. 19, 34 and 35); December 3, 2003 (Request Nos. 18, 33-34; Interog. No. 1); and March 31, 2004 (Request Nos. 25-28; Interog. No. 1).

1574.16 0288 LTR.DOC



Mr. Scott A. Stempel
April 20, 2005
Page 2

        (vii) class of trade designations, and (viii) information sufficient to identify whether the units sold were intended for repackaging, along with the name of the repackager to which the units were sold.

(b)    All chargeback transactions, including (i) amount, (ii) date of credit, and (iii) information sufficient to identify the customer, class of trade designations (if any), and wholesaler to which the chargeback was paid, and (iv) the underlying contract price paid by the ultimate customer.

(c)    All rebate transactions, including (i) amount, (ii) date of rebate, (iii) information sufficient to identify the type of rebate, (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

(d)    All administrative fee transactions, including (i) amount, (ii) date of payment, (iii) information sufficient to identify the type of administrative fee (if applicable), (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

(e)    Any other discounts not reflected in the above (a through d), including but not limited to discounts achieved through bundling one product with another.

(f)    Include complete documentation for all items above (a through e) such as lists of fields, descriptions of information contained in those fields (*e.g.*, field lengths, formats, etc.), and descriptions of any codes used in any fields (such as class of trade designations).

Exclude all sales to government entities (*e.g.*, State Agencies, Veteran's Administration Facilities, Military, Federal Government Programs, Public Health Service, etc.). Sales to all other entities should be included, including sales to hospitals.

    Plaintiffs request that Pfizer produce this data in the above-requested format within 30 days. If you will be unable to provide this information within 30 days for all of the Subject Drugs, Plaintiffs ask that Pfizer first produce the requested data for all physician-administered drugs within 30 days, followed by a supplemental production of data for the remaining drugs 30 days thereafter.

Mr. Scott A. Stempel
April 20, 2005
Page 3

We have also enclosed Rule 30(b)(6) deposition notices on this topic so that Plaintiffs can learn about the manner in which Pfizer maintains sales data for its Subject Drugs.

Sincerely,

Steve W. Berman



**HAGENS BERMAN**
SOBOL SHAPIRO LLP
hbsslaw.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

SEAN R. MATT
(206) 224-9327
sean@hbsslaw.com

April 20, 2005

**Via Facsimile**

Mr. Mark D. Smith
Laredo & Smith LLP
15 Broad Street, Suite 600
Boston, MA 02109

          Re:     In re Pharmaceutical Industry AWP Litigation

Dear Mark:

          As you are aware, the Court has issued CMO No. 14, which sets forth various pre-trial deadlines for the Phase II defendants, including a discovery cut-off of December 3, 2005. Plaintiffs have served your client, Pharmacia, with multiple requests for production and interrogatories that seek, among other things, financial data relating to the sales of drugs that are the subject of the AMCC (the "Subject Drugs"). Indeed, Plaintiffs' requests that Pharmacia produce financial information date back to June 2003.[1]

          Based on experience gained by working with the Phase I defendants, Plaintiffs have refined their requests for sales-related data. For each of the Subject Drugs (by NDC), please provide the following information in ASCII text file or similar electronic format for the relevant time period:

          (a)     All sales transaction data (as well as any discounts or any other price adjustments or offsets contained in the transaction data), including (i) price, (ii) number of units sold, (iii) transaction date, (iv) information sufficient to identify the type of transaction (e.g., a sale, a return, etc.), (v) information sufficient to identify the product (e.g., NDC, product description, form, strength, etc.), (vi) information sufficient to identify the customer,

---

[1] Plaintiffs' prior requests for financial data can be found in discovery sets served on your client on June 17, 2003 (Request Nos. 27-28); June 19, 2003 (Request Nos. 19, 34 and 35); December 3, 2003 (Request Nos. 18, 33-34; Interrog. No. 1); and March 31, 2004 (Request Nos. 25-28; Interrog. No. 1).

1534.16 0257 LTR.DOC

April 20, 2005
Page 2

(vii) class of trade designations, and (viii) information sufficient to identify whether the units sold were intended for repackaging, along with the name of the repackager to which the units were sold.

(b)    All chargeback transactions, including (i) amount, (ii) date of credit, and (iii) information sufficient to identify the customer, class of trade designations (if any), and wholesaler to which the chargeback was paid, and (iv) the underlying contract price paid by the ultimate customer.

(c)    All rebate transactions, including (i) amount, (ii) date of rebate, (iii) information sufficient to identify the type of rebate, (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

(d)    All administrative fee transactions, including (i) amount, (ii) date of payment, (iii) information sufficient to identify the type of administrative fee (if applicable), (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

(e)    Any other discounts not reflected in the above (a through d), including but not limited to discounts achieved through bundling one product with another.

(f)    Include complete documentation for all items above (a through e) such as lists of fields, descriptions of information contained in those fields (*e.g.*, field lengths, formats, etc.), and descriptions of any codes used in any fields (such as class of trade designations).

Exclude all sales to government entities (*e.g.*, State Agencies, Veteran's Administration Facilities, Military, Federal Government Programs, Public Health Service, etc.). Sales to all other entities should be included, including sales to hospitals.

Plaintiffs request that Pharmacia produce this data in the above-requested format within 30 days. If you will be unable to provide this information within 30 days for all of the Subject Drugs, Plaintiffs ask that Pharmacia first produce the requested data for all physician-administered drugs within 30 days, followed by a supplemental production of data for the remaining drugs 30 days thereafter.

April 20, 2005
Page 3


       We have also enclosed Rule 30(b)(6) deposition notices on this topic so that
Plaintiffs can learn about the manner in which Pharmacia maintains sales data for its
Subject Drugs.

                   Sincerely,

                   Sean R. Matt

1534.16 0287 LTR.DOC

# Exhibit E



**HAGENS BERMAN**
SOBOL SHAPIRO LLP
hbsslaw.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

STEVE W. BERMAN
(206) 224-9320
steve@hbsslaw.com

May 19, 2005

*Via Facsimile*

Mr. Scott A. Stempel
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave. NW
Washington, D.C. 20005

Re:    AWP Litigation

Dear Scott:

This is a follow up to our brief meet and confer.

1.    Data:  You are correct that we have some data.  Our experts tell me we are missing rebate and administrative fee data.  I will get you a letter with some precision on this next week.

2.    We will want to pursue discovery on all physician administered drugs.  In that regard we want to discuss your responses to RFP's 10 and 43-49 of the omnibus set, as well as timing, location and other logistical issues.

3.    We do want to schedule 30(b)(6) depositions on these drugs.

4.    On retail drugs we will want to pursue discovery on Estrostep.  Once we get more final data we can pinpoint other retail drugs.

Sincerely,

Steve W. Berman

SWB:hw

1534.16 0819 LTR.DOC

# Exhibit F

05/23/05  09:45 FAX 2066230594          HAGENS BERMAN                                    ☒002



**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**
hbsslaw.com
1301 Fifth Avenue, Suite 2900 • Seattle, WA  98101
(206) 623-7292 • FAX (206) 623-0594

Steve W. Berman
(206) 224-9320
steve@hbsslaw.com

May 23, 2005

*Via Facsimile*

Mr. Scott A. Stempel
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave. NW
Washington, D.C.  20005

     Re:   AWP Litigation

Dear Scott:

    Here are the gaps in the data.

                    Sincerely,

                    Steve W. Berman

SWB:hw

Attachment

1324 16 0331 LTR.DOC

05/23/05  09:45 FAX 2066230594          HAGENS BERMAN                                    ☒003

**Pfizer Family**
**AWP Track 2 Defendant Data Preliminary Assessment**
**5/20/05**

A. Direct Sales Data

    1. Bates #:  PF001865 – 1869.
    2. Timeframe:  Generally, 1997 to 2003.
    3. Notes:
        a. Includes field names and descriptions.
        b. Raw data are in a text file format – convenient for importing.
    4. Gaps:
        a. **We do not have data prior to 1997.**
        b. **Customer class of trade information is missing from all files.**
        c. **See Attachment A below for a list of other details we are missing.**

B. Chargeback/Indirect Sales Data

    1. Bates #:  PF001865 – 1869.
    2. Timeframe:  Generally, 1997 to 2003.
    3. Notes:
        a. Includes field names and descriptions.
        b. Raw data are in a text file format – convenient for importing.
    4. Gaps:
        a. We do not have data prior to 1997.
        b. We do not have for Pfizer legacy[1] products in 1997.  Accompanying documentation states that chargeback data are not available for this year.
        c. Customer class of trade information is missing from all files.

C. Rebate Data and Administrative Fee Data

    1. **We do not have any electronic rebate or administrative fee data.**

D. Summary of Gaps

    1. **We do not have sales or chargeback data prior to 1997.**
    2. **Customer class of trade information is missing from all direct sales and chargeback files.**
    3. **We do not have chargeback data in 1997 for Pfizer legacy products, though documentation states those data are not available.**
    4. **We do not have any electronic rebate or administrative fee data.**
    5. **See Attachment A below for a list of other details that are missing from the direct sales data.**

---

[1] The data we have received are broken up into separate groups of files for each of the Pfizer family manufacturers: Pfizer, Pharmacia, Parke-Davis/Agouron and Searle (for Celebrex in 1999 and 2000, before it was folded into the Pfizer database).

Privileged and Confidential; Attorney/Client Work Product                    1

**Attachment A: Other Details Missing from Pfizer Family Direct Sales Data**
**(An "X" indicates the item is *missing*.)**

1. Customer Identification Information (e.g. customer names and customer ID codes)

| Manufacturer | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 | 2003 |
|---|---|---|---|---|---|---|---|
| Pfizer | | X | X | X | X | X | X |
| Parke-Davis / Agouron | X | X | X | X | X | X | X |
| Pharmacia | | | | | X | X | X |
| Searle (Celebrex) | n/a | n/a | | | n/a | n/a | n/a |

2. Transaction Codes (e.g. sale, return, adjustment, etc.)

| Manufacturer | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 | 2003 |
|---|---|---|---|---|---|---|---|
| Pfizer | | | | | | | |
| Parke-Davis / Agouron | | | | | | | |
| Pharmacia | X | X | X | X | | | |
| Searle (Celebrex) | n/a | n/a | X | X | n/a | n/a | n/a |

Privileged and Confidential: Attorney/Client Work Product

# Exhibit G

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
### COUNSELORS AT LAW

**Erica Smith-Klocek**
215-963-5364
esklocek@morganlewis.com

July 26, 2005

### VIA TELECOPY AND OVERNIGHT DELIVERY

Steve W. Berman, Esquire
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA  98101

Re:    In re Pharmaceutical Industry AWP Litigation, MDL No. 1456

Dear Steve:

Enclosed are three CDs containing a production of documents from Pharmacia bearing the document identification numbers PH-037106 through PH-063479, inclusive.

I have also enclosed a list of the package sizes of each NDC for which we provided data last summer, numbered PH-063480 through PH-063485.  The AMP data contained in that set was at a per-unit (ie: per pill) basis, while the WAC and AWP information was for the entire package. We continue to follow up on the issues identified in your earlier letter regarding areas of missing data.

Very truly yours,

Erica Smith-Klocek

ESK/ss

Enclosures

cc:    John C. Dodds, Esquire (w/o enclosures)
       Scott A. Stempel, Esquire (w/o enclosures)

# Exhibit H

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

Erica Smith-Klocek
215-963-5364
esklocek@morganlewis.com

September 6, 2005

**VIA OVERNIGHT DELIVERY**

Steve W. Berman, Esquire
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101

Re:     In re Pharmaceutical Industry AWP Litigation, MDL No. 1456

Dear Steve:

Enclosed is a CD containing a supplemental production of documents from Pharmacia bearing
the document identification numbers PH-063486 through PH-066161.

I have also enclosed a CD bearing the identification number PH-066162, which contains, as
requested, Pharmacia transactional data with transaction codes and customer ID information.

Very truly yours,

Erica Smith-Klocek

ESK/ss

Enclosures

cc:     John C. Dodds, Esquire (w/o enclosures)
        Scott A. Stempel, Esquire (w/o enclosures)

Philadelphia  Washington  New York  Los Angeles  San Francisco  Miami  Pittsburgh  Princeton
Chicago  Palo Alto  Dallas  Harrisburg  Irvine  Boston  London  Paris  Brussels  Frankfurt  Tokyo

# Exhibit I

| | | |
|---|---|---|
| Docket No. X07 CV-03-0083297-S (CLD) | : | SUPERIOR COURT |
| | : | |
| STATE OF CONNECTICUT | : | COMPLEX LITIGATION |
| | : | DOCKET at TOLLAND |
| vs. | : | |
| | : | |
| PHARMACIA CORPORATION | : | September 9, 2005 |

## STIPULATION CONCERNING THE USE IN THIS ACTION
## OF DISCOVERY TAKEN IN THE AWP MDL PROCEEDING

This Stipulation is made between Plaintiff, State of Connecticut, represented by Richard Blumenthal, Attorney General of the State of Connecticut, and Defendant, Pharmacia Corporation, ("Pharmacia"), as follows:

WHEREAS, this action commenced by the State of Connecticut (the "CT action") concerns the manner in which Pharmacia reported prices for certain of its pharmaceutical drugs and the manner in which those drugs were reimbursed or paid for by the State of Connecticut and Connecticut consumers;

WHEREAS, in a proceeding pending in the United States District Court for the District of Massachusetts entitled *In re Pharmaceutical Industry Average Wholesale Price Litigation,* M.D.L. No. 1456 (the "AWP MDL"), claims concerning the manner in which Pharmacia reported prices for its pharmaceuticals drugs and the manner in which those drugs were reimbursed or paid for are also the subject of litigation;

WHEREAS, in the AWP MDL, Pharmacia has produced documents, answered interrogatories, and provided deposition testimony concerning the claims and defenses in the AWP MDL;

{00013030; 1}

WHEREAS, in the AWP MDL, certain third-parties, to wit: FirstDataBank, a subsidiary of the Hearst Corporation; McKesson Corp; Amerisource Bergen Corp; and Cardinal Health Inc. (the "Third-Parties"), have produced documents and provided deposition testimony concerning the claims and defenses in the AWP MDL related to Pharmacia;

WHEREAS, the Court in the AWP MDL, Saris, J., has directed the parties to seek to "minimize the waste and inconvenience that would result if parallel discovery proceeded unabated in all cases" by using the discovery taken in the AWP MDL in other AWP cases commenced in other courts, such as this action. *Case Management Order No. 9*, entered November 17, 2003;

WHEREAS, the use in the CT action of documents, interrogatory answers, and testimony produced by Pharmacia and the Third-Parties in the AWP MDL will minimize waste and inconvenience and promote judicial economy.

NOW, THEREFORE, it is hereby stipulated, by and between the parties, through their respective counsel, as follows:

1.      All documents, interrogatory answers, and testimony produced by Pharmacia or the Third-Parties in the AWP MDL concerning any claim or defense asserted in the CT action against or by Pharmacia may be used in the CT action as if produced in the CT action.

2.      All documents, interrogatory answers, and testimony produced by Pharmacia or the Third-Parties in the AWP MDL that were designated "confidential" or "highly confidential" pursuant to the AWP MDL *Protective Order* entered December 17, 2002 shall remain "confidential" or "highly confidential" notwithstanding their use in the CT action, and the parties agree to be bound by the terms of the AWP MDL *Protective Order* as if made and entered into in the CT action.  In addition, any such documents, interrogatory answers, and testimony shall also

be treated as "Confidential Information" or "Highly Confidential Information" under the terms of

the Confidential Protective Order approved by the Court in the CT action on September 21,

2004.

3.     The parties make this stipulation without waiver or any objection to admissibility

at trial of the documents, interrogatory answers, and testimony covered by this stipulation based

on authenticity, relevance, reliability, or any other grounds.


PLAINTIFF
STATE OF CONNECTICUT

RICHARD BLUMENTHAL                          PHARMACIA CORPORATION
ATTORNEY GENERAL

By: _____              By: _____
Thomas M. Sobol                            John C. Dodds
David S. Nalven                            Jason Baranski
Hugh E. McNeely                            Morgan Lewis, LLP
Hagens Berman Sobol Shapiro, LLP           1701 Market Street
One Main Street, 4ᵗʰ Floor                 Philadelphia, PA  19103-2901
Cambridge, MA  02142                       (215) 963-5000
(617) 482-3700                             (215) 963-5001 (facsimile)
(617) 482-3003 (facsimile)

{00013030; 1}                              3

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing Stipulation Concerning the Use in this Action of Discovery Taken in the AWP MDL Proceeding was served by electronic mail and first class, postage prepaid, this 3rd day of October, 2005 upon all counsel identified in the attached Service List in the manner indicated.

James E. Miller

**Pharmacia Corporation Service List**

Robert M. Langer
Steven Malech
Wiggin & Dana, LLP
One CityPlace
185 Asylum Avenue
Hartford, CT 06103-3402
(860)297-3700
(860)525-9380 fax

John C. Dodds
Jason Baranski
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103-2901
(215)963-5000
(215)963-5001 fax

Scott A. Stempel
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004-2541
(202)739-3000
(202)739-3001 fax