UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO THE AMENDED MASTER CONSOLIDATED CLASS ACTION | Hon. Patti B. Saris |

## DECLARATION OF JOSEPH H. YOUNG

I, Joseph H. Young, hereby declare that:

1.     I am a partner in the Baltimore, Maryland office of Hogan & Hartson, LLC, and am co-lead counsel for defendant Amgen Inc. ("Amgen") in this litigation.  In that capacity, I have been personally involved in discussions with plaintiffs' counsel regarding discovery over the course of these proceedings.

2.     Contrary to plaintiffs' memorandum filed in support of their Motion to Modify the Track Two Discovery Schedule and the accompanying Declaration of Steve Berman, Amgen early on sought to meet and confer with plaintiffs' counsel in an effort to resolve differences regarding scope of discovery. However, plaintiffs' counsel, apparently preoccupied with other matters, including the Track One motion for class certification, were generally unresponsive to Amgen's repeated requests over the course of several months, between December 2004 and late May 2005.  Had they been, Amgen likely would have completed most if not all of its review and production of responsive documents by this time.

3.      Since the outset, Amgen has sought to work with plaintiffs on discovery matters, promptly responding, for example, to plaintiffs' requests for initial Rule 30(b)(6) depositions, and making three employees available over the course of two days in May 2004, for depositions relating generally to information systems, document retention, and pricing.

4.      Shortly thereafter, as a result of the Court's June 9, 2004 order granting Amgen's motion for reconsideration and dismissing the Amended Master Consolidated Complaint as to it, Amgen specifically advised plaintiffs that, because Amgen was no longer in the case, it did not intend to respond further to plaintiffs' pending discovery requests.  *See* Attachment 1 (Letter dated 6/28/04 from Steven F. Barley to Edward Notargiacomo).  Plaintiffs not only did not file any objection to Amgen's letter, but at least tacitly agreed with Amgen's position to avoid potentially needless and costly discovery by not pursuing any discovery as to Amgen over the course of the next seven months.

5.      Plaintiffs filed a corrected amended complaint in July 2004. Amgen again moved to dismiss that complaint, which motion was ultimately denied by the Court by order dated February 17, 2005.  Despite the pendency of that motion, Amgen counsel reinitiated discussions in December 2004 so that it could begin the process of reviewing and producing potentially responsive documents in the event its motion was denied.  *See* Attachment 2 (group exhibit comprising email and other correspondence between Amgen counsel and plaintiffs' counsel).  Amgen decided to restart negotiations with plaintiffs' counsel in order to avoid precisely the

kind of discovery logjam that plaintiffs now seek to use to justify an extension of the Court's Case Management Order.

6.   At that time, Amgen had been advised by plaintiffs to coordinate discovery with Edward Notargiacomo, an attorney with the Boston, Massachusetts office of Hagens Berman. As a result of apparent confusion on his part, Mr. Notargiacomo did not return calls placed in late December and early January 2005 until January 27, 2005. *Id.* (1/27/05 Young email).

7.   Amgen made clear by email dated January 27, 2005, that it was seeking to schedule a meet-and-confer so that it could proceed with discovery. *Id.* Mr. Notargiacomo responded, ruling out the possibility of a meeting "because things will just be too crazy" until after the hearing on plaintiffs' class certification motion on February 10. *Id.* (1/27/05 Notargiacomo email).  Despite Amgen's willingness to travel to Boston to meet with Mr. Notargiacomo, plaintiffs' counsel was unable to accommodate Amgen's request.

8.   Amgen made follow up requests for a meeting on February 22 and March 4, 2005.  A meeting by phone was finally scheduled for March 9.  At the conclusion of that call, Mr. Notargiacomo agreed to coordinate with his co-counsel and provide Amgen in the next several days with a list of more specific requests in an effort to more narrowly focus discovery.

9.   Anxious to begin the review process, Amgen's counsel sent separate requests on March 15 and March 16, 2005, asking Mr. Notargiacomo to advise Amgen as to when it might expect to receive the proposed list. *Id.* (3/15/05

Young email; 3/16/05 Young email).  On March 17, Mr. Notargiacomo responded, indicating that he had "not been able to get to the list" and requesting an additional week. *Id.* (3/17/05 Notargiacomo email).  Amgen responded that the timing was not ideal because Amgen was prevented in the meantime from beginning its review in earnest, pending receipt of the plaintiffs' list and agreement as to scope.  *Id.* (3/17/05 Young email).

      10.    Notwithstanding Amgen's prior discussions and understanding with Mr. Notargiacomo, on April 20, 2005, Amgen's local counsel in Boston received a letter from Steve Berman regarding the production of transactional data, followed by a second letter the following day, again addressed to local counsel, requesting a meet and confer regarding Amgen's discovery responses.  *Id.* (Letter from Steve Berman to Frank Libby, dated 4/20/05; Letter from Steve Berman to Frank Libby, dated 4/21/05).  Amgen immediately contacted Mr. Notargiacomo, given that Amgen had been attempting to meet and confer since January and again requested an update regarding the status of plaintiffs' proposed list of issues/requests.  *Id.* (4/22/05 Young email).  Mr. Notargiacomo responded that there had been a "shifting of responsibilities on our side" and that he needed to speak with Mr. Berman.  *Id.* (4/22/05 Notargiacomo email).

      11.    By email correspondence dated April 28, 2005, Amgen requested clarification regarding the identification of the responsible plaintiffs' attorney for discovery issues.  *Id.* (4/28/05 Barley email).

12.     On May 17, 2005, Mr. Notargiacomo responded and advised that "things have been shuffled around on our side" and that Amgen should "deal directly with Steve Berman" on discovery issues. *Id.* (5/17/05 Notargiacomo email). Amgen contacted Mr. Berman on May 18, and a telephonic meet-and-confer was thereafter scheduled for May 27, 2005. *Id.* (5/18/05 Young email).  Given the apparent lack of coordination between Mr. Berman and Mr. Notargiacomo, Amgen advised Mr. Berman of the status of discussions with Mr. Notargiacomo, and the plaintiffs' long-outstanding offer to provide Amgen with a more narrowed list of requests. That list was finally provided on May 26, 2005. *Id.* (5/26/05 Berman email and attachment).

13.     Following the May 27 meeting with Mr. Berman, Amgen agreed to finalize its transactional data and to undertake efforts to identify, review and produce documents in response to plaintiffs' narrowed production requests, as outlined in Mr. Berman's May 26 email.  On June 23, Amgen produced its transactional data. *Id.* (Letter from Joseph Young to Steve Berman dated 6/23/05).

14.     Even after the responsibility for Amgen's discovery was apparently handed off to Mr. Berman, it remained unclear as to which of plaintiffs' many attorneys Amgen was to work with in dealing with production issues.  On or about June 28, 2005, Amgen received a separate request from Allan Hoffman of the law firm of Hoffman & Edelson LLC, demanding the review of potentially tens of thousands of documents produced in wholly-unrelated arbitrations between Amgen and Ortho Biotech.  It was again apparent that plaintiffs' counsel had not

coordinated with other plaintiffs' counsel to determine the status of any discussions or agreements reached between Amgen and plaintiffs regarding discovery.  As a result of Mr. Hoffman's demands, Amgen was distracted in its efforts to identify and review potentially responsive documents, and was required, instead, to devote considerable time and effort in reviewing transcripts and exhibits which, Amgen maintains, were never responsive to plaintiffs' discovery requests in the first place. *Id.* (Letter from Steven F. Barley to Allan Hoffman dated 6/29/05).

15.    Since June, Amgen has committed well in excess of 3000 hours of attorney time to the identification and review of potentially responsive hardcopy and electronic records and anticipates it will be in a position to begin a rolling production in October, and largely complete its document production on or before the December 3, 2005 discovery cutoff.  Had plaintiffs' counsel and Amgen reached an agreement regarding scope in January 2005 – as Amgen sought – it likely would have been able to substantially complete document discovery this past summer.

16.    At no time prior to the filing of plaintiffs' Motion to Modify the Track Two Discovery Schedule did plaintiffs move to compel Amgen's production. Nor did plaintiffs request a further meet and confer with Amgen since May 27 regarding discovery.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 5, 2005.

Joseph H. Young

# ATTACHMENT 1



# HOGAN & HARTSON
L.L.P.

STEVEN F. BARLEY
PARTNER
(410) 659-2724
SFBARLEY@HHLAW.COM

June 28, 2004

111 SOUTH CALVERT STREET, SUITE 1600
BALTIMORE, MARYLAND 21202
TEL (410) 659-2700
FAX (410) 539-6981
WWW.HHLAW.COM

*VIA VERILAW*

Edward Notargiacomo, Esquire
Hagens Berman LLP
225 Franklin Street
Boston, MA 02110

Re:   In re Pharmaceutical Industry Average Wholesale
      Price Litigation, MDL No. 1456

Dear Ed:

I understand that Hank Young has tried to reach you by phone over the past week or so regarding plaintiffs' discovery requests directed to Amgen Inc. ("Amgen"). Since we have been unable to speak to you directly, I simply wanted to memorialize Amgen's position regarding discovery in light of Judge Saris' recent orders.

As you are aware, by order dated June 9, 2004, Judge Saris dismissed Amgen from the AMCC. In an order entered the following day, she similarly dismissed Amgen from the Nevada and Montana actions. Because Amgen is no longer a party to the cases in which discovery has been requested, it is not obligated to respond to those requests. *See, e.g., Ellison v. Runyan,* 147 FRD 186 (S.D. Ind. 1993); *Lehman v. Kornblau,* 206 FRD 345 (E.D.N.Y. 2001).

Please feel free to contact me if you wish to discuss this issue.

Very truly yours,

Steven F. Barley

SFB/JHY:jvd

WASHINGTON, DC

BERLIN   BRUSSELS   LONDON   PARIS   BUDAPEST   PRAGUE   WARSAW   MOSCOW   BEIJING   TOKYO

\\\BA - 58360/0066 - 1762  NEW YORK   BALTIMORE   McLEAN   MIAMI   DENVER   BOULDER   COLORADO SPRINGS   LOS ANGELES

ATTACHMENT 2

## Young, Joseph H. (Hank)

**From:**  Edward Notargiacomo [ed@hagens-berman.com]
**Sent:**  Thursday, January 27, 2005 12:34 PM
**To:**  Young, Joseph H. (Hank)
**Cc:**  Barley, Steven F.
**Subject:** RE: AWP MDL -- Amgen

Hank,

Sorry I didn't get back to you.  Someone else from your firm called shortly after the last message you left (I forget the name now) and asked me about a pro-hac motion and whether we would assent.  I asked him if that is what you were calling about and he said yes, so I told him we didn't oppose and figured I didn't need to call you back. Sorry about the confusion.

I'll run this by Tom and get back to you.  I know for a fact that we're not going to be able to do anything before the class cert hearing by way of a meeting.  Things will just be too crazy to focus on it then (even though I understand you'll already be in Boston for the hearing).  Let me get back to you with some alternative dates either tomorrow or sometime on Monday.

Ed

-----Original Message-----
**From:** Young, Joseph H. (Hank) [mailto:JHYoung@HHLAW.com]
**Sent:** January 27, 2005 12:28 PM
**To:** Edward Notargiacomo
**Cc:** Barley, Steven F.
**Subject:** AWP MDL -- Amgen

Ed --

I left you a couple of messages over the holidays and in early January, but haven't heard back.  I know you all are busy with the fast-track case, but Steve Barley and I would like to set up a meeting with you to discuss Amgen's discovery responses in the MDL.

I am hoping we can get a meeting scheduled in the near future.  If it is convenient on your end, Steve and I could meet with you at Hagens-Berman's offices in Cambridge on 2/9 (the day before the scheduled class certification argument before Judge Saris).  If that's not convenient, maybe you could suggest a couple of other dates when you might be available.

Thanks.  We look forward to hearing from you.

*Joseph H. ("Hank") Young*
*Hogan & Hartson, LLP*
*111 South Calvert Street, Ste. 1600*
*Baltimore, MD  21202*
*ph: 410/659-2775*
*fx: 410-/539-6981*
*email: jhyoung@hhlaw.com*

This electronic message transmission contains information from the
law firm of Hogan & Hartson L.L.P. which may be confidential or

privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

If you have received this electronic transmission in error, please notify us by telephone (+1-202-637-5600) or by electronic mail (PostMaster@HHLAW.COM) immediately.

## Young, Joseph H. (Hank)

**From:**     Young, Joseph H. (Hank)
**Sent:**     Thursday, January 27, 2005 2:49 PM
**To:**       'Edward Notargiacomo'
**Subject:** RE: AWP MDL -- Amgen

Ed -- If there was a way to wedge ourselves in with you sometime next week (as opposed to the week of the hearing), we could make that work, too.  I don't see the need for both you and Tom to be in the meeting, unless you think it's necessary.

*Joseph H. ("Hank") Young*
*Hogan & Hartson, LLP*
*111 South Calvert Street, Ste. 1600*
*Baltimore, MD  21202*
*ph: 410/659-2775*
*fx: 410-/539-6981*
*email: jhyoung@hhlaw.com*

**From:** Edward Notargiacomo [mailto:ed@hagens-berman.com]
**Sent:** Thursday, January 27, 2005 12:34 PM
**To:** Young, Joseph H. (Hank)
**Cc:** Barley, Steven F.
**Subject:** RE: AWP MDL -- Amgen

Hank,

Sorry I didn't get back to you.  Someone else from your firm called shortly after the last message you left (I forget the name now) and asked me about a pro-hac motion and whether we would assent.  I asked him if that is what you were calling about and he said yes, so I told him we didn't oppose and figured I didn't need to call you back.  Sorry about the confusion.

I'll run this by Tom and get back to you.  I know for a fact that we're not going to be able to do anything before the class cert hearing by way of a meeting.  Things will just be too crazy to focus on it then (even though I understand you'll already be in Boston for the hearing).  Let me get back to you with some alternative dates either tomorrow or sometime on Monday.

Ed

-----Original Message-----
**From:** Young, Joseph H. (Hank) [mailto:JHYoung@HHLAW.com]
**Sent:** January 27, 2005 12:28 PM
**To:** Edward Notargiacomo
**Cc:** Barley, Steven F.
**Subject:** AWP MDL -- Amgen

Ed --

I left you a couple of messages over the holidays and in early January, but haven't heard back.  I know you all are busy with the fast-track case, but Steve Barley and I would like to set up a meeting with you to discuss Amgen's discovery responses in the MDL.

4/22/2005

I am hoping we can get a meeting scheduled in the near future.  If it is convenient on your end, Steve and I could meet with you at Hagens-Berman's offices in Cambridge on 2/9 (the day before the scheduled class certification argument before Judge Saris).  If that's not convenient, maybe you could suggest a couple of other dates when you might be available.

Thanks.  We look forward to hearing from you.

*Joseph H. ("Hank") Young*
*Hogan & Hartson, LLP*
*111 South Calvert Street, Ste. 1600*
*Baltimore, MD  21202*
*ph: 410/659-2775*
*fx: 410-/539-6981*
*email: jhyoung@hhlaw.com*

This electronic message transmission contains information from the law firm of Hogan & Hartson L.L.P. which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

If you have received this electronic transmission in error, please notify us by telephone (+1-202-637-5600) or by electronic mail (PostMaster@HHLAW.COM) immediately.

4/22/2005

**Young, Joseph H. (Hank)**

**From:**    Edward Notargiacomo [EdwardNotargiacomo@hbsslaw.com]
**Sent:**    Friday, March 04, 2005 8:29 AM
**To:**      Young, Joseph H. (Hank)
**Subject:** AWP Discovery

Hank,

I haven't forgotten about you.  Steve, Tom and I need to talk before I get back to you and Steve has been out of pocket.  I expect to hear from him today.  I apologize for the delay.

Ed.

**Young, Joseph H. (Hank)**

| | |
|---|---|
| **From:** | Young, Joseph H. (Hank) |
| **Sent:** | Tuesday, March 15, 2005 6:38 PM |
| **To:** | 'Edward Notargiacomo' |
| **Subject:** | AWP/Amgen Discovery |

Ed --

Can you let me know where things stand?  It would be a terrific help if we could get your proposed list sometime tomorrow.

Thanks.

*Joseph H. ("Hank") Young*
*Hogan & Hartson, LLP*
*111 South Calvert Street, Ste. 1600*
*Baltimore, MD  21202*
*ph: 410/659-2775*
*fx: 410-/539-6981*
*email: jhyoung@hhlaw.com*

1

**Young, Joseph H. (Hank)**

**From:**      Young, Joseph H. (Hank)
**Sent:**      Wednesday, March 16, 2005 8:41 PM
**To:**        'Edward Notargiacomo'
**Subject:** RE: AWP Discovery

Ed --

Are you sure you haven't forgotten about me?  Any update would be most appreciated.

Thanks.

> **From:** Edward Notargiacomo [mailto:EdwardNotargiacomo@hbsslaw.com]
> **Sent:** Friday, March 04, 2005 8:29 AM
> **To:** Young, Joseph H. (Hank)
> **Subject:** AWP Discovery
>
> Hank,
>
> I haven't forgotten about you.  Steve, Tom and I need to talk before I get back to you and Steve has been
> out of pocket.  I expect to hear from him today.  I apologize for the delay.
>
> Ed.

4/22/2005

**Young, Joseph H. (Hank)**

**From:**     Edward Notargiacomo [EdwardNotargiacomo@hbsslaw.com]
**Sent:**      Thursday, March 17, 2005 9:03 AM
**To:**        Young, Joseph H. (Hank)
**Subject:**  RE: AWP Discovery

Sorry,

I had to travel unexpectedly.  I'm back in the office but have not been able to get to the list.  Can we reschedule to early next week?  How is Monday?

> -----Original Message-----
> **From:** Young, Joseph H. (Hank) [mailto:JHYoung@HHLAW.com]
> **Sent:** March 16, 2005 8:41 PM
> **To:** Edward Notargiacomo
> **Subject:** RE: AWP Discovery
>
> Ed --
>
> Are you sure you haven't forgotten about me?  Any update would be most appreciated.
>
> Thanks.

>> **From:** Edward Notargiacomo [mailto:EdwardNotargiacomo@hbsslaw.com]
>> **Sent:** Friday, March 04, 2005 8:29 AM
>> **To:** Young, Joseph H. (Hank)
>> **Subject:** AWP Discovery
>>
>> Hank,
>>
>> I haven't forgotten about you.  Steve, Tom and I need to talk before I get back to you and Steve has been out of pocket.  I expect to hear from him today.  I apologize for the delay.
>>
>> Ed.

This electronic message transmission contains information from the law firm of Hogan & Hartson L.L.P. which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

If you have received this electronic transmission in error,
please notify us by telephone (+1-202-637-5600) or by
electronic mail (PostMaster@HHLAW.COM) immediately.

**Young, Joseph H. (Hank)**

| | |
|---|---|
| **From:** | Young, Joseph H. (Hank) |
| **Sent:** | Thursday, March 17, 2005 10:01 AM |
| **To:** | 'Edward Notargiacomo' |
| **Subject:** | RE: AWP Discovery |
| **Importance:** | High |

Ed --

Thanks for your note.  As you may recall, Steve and I are both out of the office next week and are therefore not likely to be able to turn back to this until the following week.  I had hoped to get some folks moving on certain discreet areas of discovery that you might identify in your list, but assume the sky will not fall if we put that back a week.  We are anxious to get going, but are just as anxious to work with you to limit discovery in a meaningful way to avoid a costly and aimless data dump.

If you can get us something before the end of next week, so that we can turn to it on our return, that will work.  Take all Sunday afternoon off, up to three hours, and give yourself a break.  Tell Tom I told you to do it.  Non-negotiable.

Hank Young

> **From:** Edward Notargiacomo [mailto:EdwardNotargiacomo@hbsslaw.com]
> **Sent:** Thursday, March 17, 2005 9:03 AM
> **To:** Young, Joseph H. (Hank)
> **Subject:** RE: AWP Discovery
>
> Sorry,
>
> I had to travel unexpectedly.  I'm back in the office but have not been able to get to the list.  Can we reschedule to early next week?  How is Monday?
>
> > -----Original Message-----
> > **From:** Young, Joseph H. (Hank) [mailto:JHYoung@HHLAW.com]
> > **Sent:** March 16, 2005 8:41 PM
> > **To:** Edward Notargiacomo
> > **Subject:** RE: AWP Discovery
> >
> > Ed --
> >
> > Are you sure you haven't forgotten about me?  Any update would be most appreciated.
> >
> > Thanks.
> >
> > > **From:** Edward Notargiacomo [mailto:EdwardNotargiacomo@hbsslaw.com]
> > > **Sent:** Friday, March 04, 2005 8:29 AM
> > > **To:** Young, Joseph H. (Hank)
> > > **Subject:** AWP Discovery
> > >
> > > Hank,

4/22/2005

I haven't forgotten about you.  Steve, Tom and I need to talk before I get back to you and Steve has been out of pocket.  I expect to hear from him today.  I apologize for the delay.

Ed.

This electronic message transmission contains information from the law firm of Hogan & Hartson L.L.P. which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

If you have received this electronic transmission in error, please notify us by telephone (+1-202-637-5600) or by electronic mail (PostMaster@HHLAW.COM) immediately.

4/22/2005



**HAGENS BERMAN
SOBOL SHAPIRO LLP**

hbsslaw.com
1301 Fifth Avenue, Suite 2900 ◆ Seattle, WA 98101
(206) 623-7292 ◆ FAX (206) 623-0594

STEVE W. BERMAN
(206) 224-9320
steve@hbsslaw.com

April 20, 2005

**Via Facsimile**

Mr. Frank A. Libby, Jr.
Kelly, Libby & Hoopes, P.C.
175 Federal Street, 8th Floor
Boston, MA 02110

     Re:   <u>In re Pharmaceutical Industry AWP Litigation</u>

Dear Frank:

     As you are aware, the Court has issued CMO No. 14, which sets forth various pre-trial deadlines for the Phase II defendants, including a discovery cut-off of December 3, 2005. Plaintiffs have served your client, Amgen, with multiple requests for production and interrogatories that seek, among other things, financial data relating to the sales of drugs that are the subject of the AMCC (the "Subject Drugs"). Indeed, Plaintiffs' requests that Amgen produce financial information date back to June 2003.[1]

     Based on experience gained by working with the Phase I defendants, Plaintiffs have refined their requests for sales-related data. For each of the Subject Drugs (by NDC), please provide the following information in ASCII text file or similar electronic format for the relevant time period:

     (a)    All sales transaction data (as well as any discounts or any other price adjustments or offsets contained in the transaction data), including (i) price, (ii) number of units sold, (iii) transaction date, (iv) information sufficient to identify the type of transaction (*e.g.*, a sale, a return, etc.), (v) information sufficient to identify the product (*e.g.*, NDC, product description, form, strength, etc.), (vi) information sufficient to identify the customer,

---

[1] Plaintiffs' prior requests for financial data can be found in discovery sets served on your client on June 17, 2003 (Request Nos. 27-28); June 19, 2003 (Request Nos. 19, 34 and 35); December 3, 2003 (Request Nos. 18, 33-34; Interog. No. 1); and March 31, 2004 (Request Nos. 25-28; Interog. No. 1).



Mr. Frank A. Libby, Jr.
April 20, 2005
Page 2

(vii) class of trade designations, and (viii) information sufficient to identify whether the units sold were intended for repackaging, along with the name of the repackager to which the units were sold.

(b)   All chargeback transactions, including (i) amount, (ii) date of credit, and (iii) information sufficient to identify the customer, class of trade designations (if any), and wholesaler to which the chargeback was paid, and (iv) the underlying contract price paid by the ultimate customer.

(c)   All rebate transactions, including (i) amount, (ii) date of rebate, (iii) information sufficient to identify the type of rebate, (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

(d)   All administrative fee transactions, including (i) amount, (ii) date of payment, (iii) information sufficient to identify the type of administrative fee (if applicable), (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

(e)   Any other discounts not reflected in the above (a through d), including but not limited to discounts achieved through bundling one product with another.

(f)   Include complete documentation for all items above (a through e) such as lists of fields, descriptions of information contained in those fields (*e.g.*, field lengths, formats, etc.), and descriptions of any codes used in any fields (such as class of trade designations).

Exclude all sales to government entities (*e.g.*, State Agencies, Veteran's Administration Facilities, Military, Federal Government Programs, Public Health Service, etc.). Sales to all other entities should be included, including sales to hospitals.

Plaintiffs request that Amgen produce this data in the above-requested format within 30 days. If you will be unable to provide this information within 30 days for all of the Subject Drugs, Plaintiffs ask that Amgen first produce the requested data for all physician-administered drugs within 30 days, followed by a supplemental production of data for the remaining drugs 30 days thereafter.



Mr. Frank A. Libby, Jr.
April 20, 2005
Page 3

        We have also enclosed Rule 30(b)(6) deposition notices on this topic so that
Plaintiffs can learn about the manner in which Amgen maintains sales data for its Subject
Drugs.

                Sincerely,

                Steve W. Berman



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION )<br>)<br>) | MDL No. 1456 |
| ) | CIVIL ACTION: 01-CV-12257-PBS |
| )<br>THIS DOCUMENT RELATES TO )<br>ALL CLASS ACTIONS )<br>) | Judge Patti B. Saris |

## NOTICE OF RULE 30(B)(6) DEPOSITION TO AMGEN
### REGARDING SALES-RELATED FINANCIAL DATA

TO:    ALL COUNSEL BY VERILAW

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30(b)(6), the

undersigned counsel will take the deposition of the representatives of Amgen who are

knowledgeable regarding the matters set forth in Exhibit A attached hereto.  Such depositions

will be recorded by stenographic and/or sound and visual means and will take place beginning at

9:00 a.m. Pacific Standard Time on June 6, 2005, at the offices of Hagens Berman Sobol Shapiro

LLP, 1301 Fifth Avenue, Suite 2900, Seattle, Washington 98101.

You are invited to attend and participate.


DATED:  April 20, 2005.

By    /s/ Steve W. Berman
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

- 1 -

1534.16 0123 DSC.DOC



Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allen Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Connolly
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel Heins
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

- 2 -

1534.16 0123 DSC.DOC



## EXHIBIT A

Produce witnesses pursuant to Rule 30(b)(6) who have knowledge of all aspects of Amgen's maintenance and retrieval of the following data for each drug manufactured by Amgen and identified in the AMCC, including the names of the databases in which such information is stored electronically:

(a)     All sales transaction data (as well as any discounts or any other price adjustments or offsets contained in the transaction data), including (i) price, (ii) number of units sold, (iii) transaction date, (iv) information sufficient to identify the type of transaction (*e.g.*, a sale, a return, etc.), (v) information sufficient to identify the product (*e.g.*, NDC, product description, form, strength, etc.), (vi) information sufficient to identify the customer, (vii) class of trade designations, and (viii) information sufficient to identify whether the units sold were intended for repackaging, along with the name of the repackager to which the units were sold.

(b)     All chargeback transactions, including (i) amount, (ii) date of credit, and (iii) information sufficient to identify the customer, class of trade designations (if any), and wholesaler to which the chargeback was paid, and (iv) the underlying contract price paid by the ultimate customer.

(c)     All rebate transactions, including (i) amount, (ii) date of rebate, (iii) information sufficient to identify the type of rebate, (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

(d)     All administrative fee transactions, including (i) amount, (ii) date of payment, (iii) information sufficient to identify the type of administrative fee (if applicable), (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

(e)     Any other discounts not reflected in the above (a through d), including but not limited to discounts achieved through bundling one product with another.

- 3 -



## CERTIFICATE OF SERVICE

    I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **NOTICE OF RULE 30(B)(6) DEPOSITION TO AMGEN REGARDING SALES-RELATED FINANCIAL DATA** to be served on all counsel of record electronically on April 20, 2005, pursuant to Section D of Case Management Order No. 2.

          By        **/s/ Steve W. Berman**
          Steve W. Berman, Esq.
          **HAGENS BERMAN LLP**
          1301 Fifth Ave., Suite 2900
          Seattle, WA  98101
          Telephone:  (206) 623-7292

- 4 -



**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

## FACSIMILE COVER SHEET

Date: April 21, 2005
Pages: 2 (including this cover)
File No.: 1534.16

**FROM:**

Steve W. Berman

**TO:**

Mr. Frank A. Libby          Kelly Libby & Hoopes          Fax: (617) 338-9911
                                                            Ph.: (617) 338-9300

**MESSAGE:**

Urgent!  Deliver Immediately.

Please call the Support Center at (206) 623-7292 or Heather at ext. 316 if you do not receive all of these pages or if there is a problem.

The information contained in this facsimile is confidential and may also be attorney-privileged. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by a collect telephone call to (206) 623-7292, and return the original message to us at the address above via the US Postal Service. Thank you.

A LIMITED LIABILITY PARTNERSHIP



**HAGENS BERMAN**
**SOBOL SHAPIRO** LLP

hbsslaw.com
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

STEVE W. BERMAN
(206) 224-9320
steve@hbsslaw.com

April 21, 2005

*Via Facsimile*

Mr. Frank A. Libby
Kelly Libby & Hoopes
175 Federal Street
Boston, MA 02110

    Re:    AWP

Dear Mr. Libby:

    Plaintiffs wish to have a meet and confer regarding Amgen's responses to plaintiffs' Omnibus requests.  Your response was dated June 4, 2004.

    In addition to discussing logistics of the production we want to discuss responses to RFP Nos. 8, 10, 11, 13, 19 (which seems to limit the response), 22, 28 (there is nothing ambiguous in the industry with respect to "rebates, chargebacks, discounts, allowances, credits, price/volume discounts"), 36, 38, 39, 42 (don't agree to time cutoff), 49 (spread is not an ambiguous term), 52, 62 (should read the "use of AWP by any participant ..."), 70-72 (please propose a sampling method), 75-76 (a sampling won't suffice, we want financial information on fees paid to PBMs), 78-79 (same) (the notion that terms such as "administrative fees" are vague is frivolous) and Interrogatory No. 6.

                    Sincerely,

                    Steve W. Berman

SWB:dld

1534.16 02/04 LTR.DOC

**Barley, Steven F.**

| | |
|---|---|
| **From:** | Young, Joseph H. (Hank) |
| **Sent:** | Friday, April 22, 2005 2:12 PM |
| **To:** | Edward Notargiacomo |
| **Cc:** | Barley, Steven F. |
| **Subject:** | AWP/Amgen Discovery |
| **Importance:** | High |

Ed --

I don't know if you've gotten the voicemail that Steve Barley left with your office this morning, but we are anxious to talk with you, today if at all possible, regarding discovery.  We were a little surprised to get copies of Steve Berman's letters to Frank Libby this week regarding discovery-related issues and requesting a meet and confer, in light of the fact that we have been meeting and conferring with you since January.  (In that regard, I think you had indicated that you were going to talk with Tom Sobol, et al., regarding the creation of a list of issues/areas in which you were more particularly interest in an effort to more narrowly focus discovery, and we've been waiting to hear back from you.)  I'd really appreciate it if you can give either Steve (410-659-2724) or me (410-659-2775) a call at your earliest convenience.

Thanks.

*Joseph H. ("Hank") Young*
*Hogan & Hartson, LLP*
*111 South Calvert Street, Ste. 1600*
*Baltimore, MD  21202*
*ph: 410/659-2775*
*fx: 410-/539-6981*
*email: jhyoung@hhlaw.com*

## Young, Joseph H. (Hank)

**From:** Edward Notargiacomo [ed@hbsslaw.com]
**Sent:** Friday, April 22, 2005 3:11 PM
**To:** Young, Joseph H. (Hank)
**Cc:** Barley, Steven F.
**Subject:** RE: AWP/Amgen Discovery

Part of this stems from some shifting of responsibilities on our side of things and some communication I need to have with Steve Berman. I've got final approval papers in another case to finalize, thus I haven't had a chance to listen to your VM.

Let me speak with Steve B. and lets talk Monday morning? How is 11:30 EST?

-----Original Message-----
**From:** Young, Joseph H. (Hank) [mailto:JHYoung@HHLAW.com]
**Sent:** April 22, 2005 2:12 PM
**To:** Edward Notargiacomo
**Cc:** Barley, Steven F.
**Subject:** AWP/Amgen Discovery
**Importance:** High

Ed --

I don't know if you've gotten the voicemail that Steve Barley left with your office this morning, but we are anxious to talk with you, today if at all possible, regarding discovery. We were a little surprised to get copies of Steve Berman's letters to Frank Libby this week regarding discovery-related issues and requesting a meet and confer, in light of the fact that we have been meeting and conferring with you since January. (In that regard, I think you had indicated that you were going to talk with Tom Sobol, et al., regarding the creation of a list of issues/areas in which you were more particularly interest in an effort to more narrowly focus discovery, and we've been waiting to hear back from you.) I'd really appreciate it if you can give either Steve (410-659-2724) or me (410-659-2775) a call at your earliest convenience.

Thanks.

*Joseph H. ("Hank") Young*
*Hogan & Hartson, LLP*
*111 South Calvert Street, Ste. 1600*
*Baltimore, MD 21202*
*ph: 410/659-2775*
*fx: 410-/539-6981*
*email: jhyoung@hhlaw.com*

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

If you have received this electronic transmission in error, please notify us by telephone (+1-202-637-5600) or by electronic mail (PostMaster@HHLAW.COM) immediately.

9/29/2005

## Barley, Steven F.

**From:** Barley, Steven F.
**Sent:** Thursday, April 28, 2005 12:13 PM
**To:** 'Edward Notargiacomo'
**Cc:** Young, Joseph H. (Hank); Frank Libby
**Subject:** RE: AWP/Amgen Discovery

Ed - I just wanted to follow-up on our call of Monday.  As we mentioned, Frank Libby recently received some letters from Steve Berman regarding discovery, which surprised us since we had been dealing with you about discovery for some time and, in fact, have been in the midst of the meet & confer process with you.  I know you have a lot on your plate, but we'd greatly appreciate some clarification as to whether we should continue dealing with you or should deal with someone else about Amgen discovery.  If it is not you, we'd also very much appreciate you letting them know where we are in our discussions.  Thanks.

Steve

> **From:** Edward Notargiacomo [mailto:ed@hbsslaw.com]
> **Sent:** Friday, April 22, 2005 3:11 PM
> **To:** Young, Joseph H. (Hank)
> **Cc:** Barley, Steven F.
> **Subject:** RE: AWP/Amgen Discovery
>
> Part of this stems from some shifting of responsibilities on our side of things and some communication I need to have with Steve Berman.  I've got final approval papers in another case to finalize, thus I haven't had a chance to listen to your VM.
>
> Let me speak with Steve B. and lets talk Monday morning?  How is 11:30 EST?
>
> > -----Original Message-----
> > **From:** Young, Joseph H. (Hank) [mailto:JHYoung@HHLAW.com]
> > **Sent:** April 22, 2005 2:12 PM
> > **To:** Edward Notargiacomo
> > **Cc:** Barley, Steven F.
> > **Subject:** AWP/Amgen Discovery
> > **Importance:** High
> >
> > Ed --
> >
> > I don't know if you've gotten the voicemail that Steve Barley left with your office this morning, but we are anxious to talk with you, today if at all possible, regarding discovery.  We were a little surprised to get copies of Steve Berman's letters to Frank Libby this week regarding discovery-related issues and requesting a meet and confer, in light of the fact that we have been meeting and conferring with you since January.  (In that regard, I think you had indicated that you were going to talk with Tom Sobol, et al., regarding the creation of a list of issues/areas in which you were more particularly interest in an effort to more narrowly focus discovery, and we've been waiting to hear back from you.)  I'd really appreciate it if you can give either Steve (410-659-2724) or me (410-659-2775) a call at your earliest convenience.
> >
> > Thanks.
> >
> > *Joseph H. ("Hank") Young*

*Hogan & Hartson, LLP*
*111 South Calvert Street, Ste. 1600*
*Baltimore, MD  21202*
*ph: 410/659-2775*
*fx: 410-/539-6981*
*email: jhyoung@hhlaw.com*

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

If you have received this electronic transmission in error, please notify us by telephone (+1-202-637-5600) or by electronic mail (PostMaster@HHLAW.COM) immediately.

9/28/2005

**Young, Joseph H. (Hank)**

| | |
|---|---|
| **From:** | Edward Notargiacomo [ed@hbsslaw.com] |
| **Sent:** | Tuesday, May 17, 2005 1:44 PM |
| **To:** | Young, Joseph H. (Hank) |
| **Subject:** | AWP Discovery |

Hank,

Sorry I've been incommunicado.   I've spoken with Steve and as I told you, things have been shuffled around on our side.  Most of the track II defendant discovery will be coordinated through our Seattle office.  You should deal directly with Steve Berman on these issues.  Sorry we won't get a chance to work together on it, but thems the breaks.  I'm busy with non-AWP related matters for the most part.  I've provided Steve a synopsis of whats gone on to date, which isn't much.  As I recall, you were gathering, or already had and were ready to produce, transactional data.  We were discussing prioritizing the remaining production of docs.  You should talk to Steve concerning that on an ongoing basis.

Ed

9/29/2005

**Barley, Steven F.**

| | |
|---|---|
| **From:** | Young, Joseph H. (Hank) |
| **Sent:** | Wednesday, May 18, 2005 7:35 PM |
| **To:** | 'steve@hbsslaw.com' |
| **Cc:** | Barley, Steven F. |
| **Subject:** | AWP/MDL Discovery -- Amgen |

Steve --

Following up on our brief phone call this morning regarding discovery requests directed to Amgen in the MDL, Steve Barley and I are available for a call with you anytime during the afternoon of Monday May 23, except for 5:30-6:30 pm ET, or anytime on Wednesday, 5/25. Please let me know if either of these dates works with your schedule.

In addition, as we discussed, this will confirm that the separate Rule 30(b)(6) depositions of Amgen employees noticed for June 6 in Cambridge, MA and Seattle, WA, will not go forward on that date. I understand, instead, that we will nail down the actual dates for these depositions at some future point in time.

Thanks. I look forward to talking with you further next week.

*Joseph H. ("Hank") Young*
*Hogan & Hartson, LLP*
*111 South Calvert Street, Ste. 1600*
*Baltimore, MD  21202*
*ph: 410/659-2775*
*fx: 410-/539-6981*
*email: jhyoung@hhlaw.com*

1

## Young, Joseph H. (Hank)

| | |
|---|---|
| **From:** | Steve Berman [Steve@hbsslaw.com] |
| **Sent:** | Thursday, May 26, 2005 9:09 PM |
| **To:** | Young, Joseph H. (Hank) |
| **Cc:** | Edward Notargiacomo |
| **Subject:** | FW: AWP/MDL Discovery – Amgen |
| **Attachments:** | MT SBW re Amgen Discovery .doc |

**You mentioned ed was working on a list he was to give you. Here it is unedited. I give it that way without waiver of work product as I am a believer in just being straight. We can go over priorities as well as the rps..**

# HOGAN & HARTSON
## L.L.P.

JOSEPH H. YOUNG
PARTNER
(410) 659-2775
JHYOUNG@HHLAW.COM

111 SOUTH CALVERT STREET, SUITE 1600
BALTIMORE, MARYLAND 21202
TEL (410) 659-2700
FAX (410) 539-6981
WWW.HHLAW.COM

June 23, 2005

*CONTAINS HIGHLY CONFIDENTIAL
INFORMATION; SUBJECT TO
PROTECTIVE ORDER ENTERED
IN MDL NO. 1456*

*BY FEDERAL EXPRESS*

Steve W. Berman, Esquire
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101

> Re:   **Amgen Inc. Data Production — Average Wholesale
> Pricing Litigation, MDL No. 1456**

Dear Steve:

As discussed previously, I am forwarding herewith sales and related data responsive to the plaintiffs' requests for production of documents in the MDL proceedings in Boston.  I am also enclosing related documentation in connection with each of the separate data disks to be used in interpreting the data.  For ease of reference, the materials being produced herewith have been labeled, "AMGN_AWP_09000001 through AMGN_AWP_09000050."

In an effort to assist your review of this information, and based on our understanding of the Company's systems, I am providing the following description of the materials bering produced with this letter:

1.   <u>JDE-Sales</u>.  The JDE-Sales data contains records from Amgen's J. D. Edwards System related to sales and returns for certain of Amgen's commercial products.  JDE records transactions with direct customers, including wholesalers and health care providers.  The date range for this data production is

WASHINGTON, DC

BERLIN   BRUSSELS   LONDON   PARIS   BUDAPEST   PRAGUE   WARSAW   MOSCOW   BEIJING   TOKYO
NEW YORK   BALTIMORE   McLEAN   MIAMI   DENVER   BOULDER   COLORADO SPRINGS   LOS ANGELES

HOGAN & HARTSON L.L.P.

CONTAINS HIGHLY CONFIDENTIAL
INFORMATION; SUBJECT TO PROTECTIVE
ORDER ENTERED IN MDL NO. 1456

Steve W. Berman, Esquire
June 23, 2005
Page 2

8/13/93 (beginning of system) through 12/31/01.[1]  Each of the following products is
included in this data set:  Aranesp, Epogen, Kineret, Neupogen, and Neulasta.

      2.    JDE-Credits.  The  JDE-Credits data contains records from
Amgen's JDE System related to credits for a variety of payments to direct
customers.  Invoices tracked by this data are dated from 8/13/93 (beginning of
system) through 12/31/01, and include credits related to chargebacks, wholesaler
rebates, and contractual payments related to sales of Aranesp, Epogen, Kineret,
Neupogen, and Neulasta.

      3.    CCS-Chargebacks.  The CCS Chargebacks data contains records
from Amgen's Contract and Chargeback System.  This system tracks requests from
wholesalers for reimbursement of the difference between the contracted price at
which a product is sold to Amgen customers and the price that the wholesaler paid
for that product.  Transactions tracked in this data set cover the time frame from
4/1/94 through 12/31/01, and include sales of Aranesp, Epogen, Kineret, Neupogen,
and Neulasta.

      4.    CCSCR-Check Register.  The CCS Check Register data contains
data from Amgen's CCS System tracking checks issued for payments under
Amgen's sales contracts.  The data relates to payments made from 1/4/94 (beginning
of the system) through 12/31/01, and relates to contract sales of Aranesp, Epogen,
Kineret, Neupogen, and Neulasta.

      5.    Excel Check Register.  The Excel Check Register contains data
in Excel file format from 1/91 through 12/01, and records contractual payments
made to customers.  There is some overlap or duplication of payments between the
Excel Check Register and the CCS-Check Register.

      6.    Payment Statement Calculations.  The Payment Statement
Calculations contain image files of Amgen's Payment Statement Calculations
related to payments made to Amgen customers pursuant to sales contracts for
certain Amgen commercial products.  The reports cover the time frame from Q1

---

[1]    All data in this production is being provided without waiver of any objections
that Amgen has made regarding scope and time frame of plaintiffs' requests.

HOGAN & HARTSON L.L.P.

*CONTAINS HIGHLY CONFIDENTIAL*
*INFORMATION; SUBJECT TO PROTECTIVE*
*ORDER ENTERED IN MDL NO. 1456*

Steve W. Berman, Esquire
June 23, 2005
Page 3

1998 (when reports became available electronically) through Q4 2001 and relate to sales of Aranesp, Epogen, Kineret, Neupogen, and Neulasta.

7.    CCS Nominal. The CCS Nominal data set contains records from Amgen's CCS System describing customers and contracts. It contains tables identifying contracts, contracted product pricing, contractual rebates, customer information, and related information to facilitate linking of data between different systems. The information contained in the production set covers customer relationships from 1/1/91 through 12/31/01. Although the CCS System did not come online until 1994, certain descriptive information relating to contacts and customer relationships prior to that time has been entered into the system.

In addition, and as noted, we are also producing entity relationship diagrams and tables relating to field names and field descriptions for each of the data sets, to assist you in reviewing and interpreting the data. As you, Steve Barley, and I discussed during our telephone conference several weeks ago, we would be happy to arrange for an informal discussion between consultants and/or information systems analysts or technicians should you or your consultants have questions relating to this production.

The information set forth in this letter and in the accompanying CDs and related documents have been designated "Highly Confidential" pursuant to the terms of the Protective Order entered in MDL No. 1456 and should be handled accordingly. If you have any questions in this regard, please let me know.

As always, should you have any questions regarding this production or any aspect of the case, please feel free to call Steve Barley me.

Very truly yours,

Joseph H. Young

JHY/ct
Enclosures
cc:    Steven F. Barley, Esquire

# HOGAN & HARTSON
## L.L.P.

STEVEN F. BARLEY
PARTNER
(410) 659-2724
SFBARLEY@HHLAW.COM

June 29, 2005

111 SOUTH CALVERT STREET, SUITE 1600
BALTIMORE, MARYLAND 21202
TEL  (410) 659-2700
FAX  (410) 539-6981
WWW.HHLAW.COM

*BY FACSIMILE (215) 230-8735*

Allan M. Hoffman, Esquire
Hoffman & Edelson L.L.C.
45 West Court Street
Doylestown, PA 18901

Re:   Pharmaceutical Industry Average Wholesale Price
      Litigation, MDL 1456

Dear Mr. Hoffman:

I am in receipt of your letter of yesterday evening, to which I respond.

You are now the third lawyer on the plaintiffs' side from whom we have heard regarding Amgen's document production. Initially, we engaged in several meet-and-confer conferences with Mr. Notargiacomo. During those conferences, we discussed the scope and timing of the production of documents by Amgen to the plaintiffs. This Spring, we were advised that we should communicate with Steve Berman rather than continuing discussions with Mr. Notargiacomo concerning Amgen's document production. After being so advised, we held a meet-and-confer conference with Mr. Berman and have been in communication with him on a regular basis about Amgen's document production to the plaintiffs. For this reason, your letter– requesting documents from Amgen that had not been the subject of our discussions with Mr. Berman—came as a surprise.

Your contention that Amgen has not produced "<u>any</u> documents to plaintiffs" is incorrect. Amgen has provided data and documents to Mr. Berman. In addition, we have, through our communications with Mr. Berman, discussed the scope and timing of additional productions of documents to the plaintiffs.

Putting aside the incorrect assertions of your letter, we do not believe the documents you seek are either responsive to the plaintiffs' document production requests or relevant to this litigation. Even if the documents were relevant and

WASHINGTON, DC

BERLIN   BRUSSELS   LONDON   PARIS   BUDAPEST   PRAGUE   WARSAW   MOSCOW   BEIJING   TOKYO
NEW YORK   BALTIMORE   McLEAN   MIAMI   DENVER   BOULDER   COLORADO SPRINGS   LOS ANGELES

\\\BA - 58360/0066 - 1930571 v1

HOGAN & HARTSON L.L.P.

Allan M. Hoffman, Esquire
June 29, 2005
Page 2

responsive, Amgen would not be in a position to produce the documents you request in less than two weeks.

By way of background, Amgen filed an arbitration claiming that Ortho Biotech ("OBI") marketed Procrit for use in Amgen's reserved indication, *i.e.*, dialysis. Amgen sought to terminate OBI's license, in part, on the grounds that OBI failed to take sufficient steps to ensure that Procrit was not administered to dialysis patients. OBI disputed Amgen's claim and Amgen's request for termination was subsequently denied by the arbitrator. As I am sure you are aware, Amgen's claim had nothing to do with AWP pricing or the "spread." In fact, reimbursement for epoetin alfa under the ESRD program is fixed by statute and is not based on AWP.

I understand that OBI has already advised you that, like Amgen, it believes that material relating to the arbitration with Amgen is neither relevant nor responsive. Perhaps it would be best if you continue to deal with OBI's counsel on issues relating to OBI, and allow us to continue to deal with Mr. Berman on issues relating to Amgen. If we are now to be dealing with you regarding discovery directed to Amgen instead of Mr. Berman, please let me know. Otherwise, we believe it is more productive to deal with one attorney or a single firm rather than receiving multiple requests from different law firms concerning Amgen's document production.

Please call me if you wish to discuss this matter further.

Very truly yours,

Steven F. Barley

SFB:jvd

\\\BA - 58360/0066 - 193057 v1