UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION  ) ) ) ) ) ) ) ) ) ) | MDL No. 1456 CIVIL ACTION: 01-CV-12257-PBS Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO MODIFY THE TRACK TWO DISCOVERY SCHEDULE AND MEMORANDUM IN OPPOSITION TO CROSS MOTION FOR ENTRY OF CASE MANAGEMENT ORDER 16**

The Track Two Defendants' opposition to Plaintiffs' motion only confirms the need to adjust the Track Two litigation schedule in light of the Court's Track One rulings and the Track Two Defendants' own dilatory discovery behavior. Furthermore, the Court should deny the Track Two Defendants' motion for entry of Case Management Order 16.

**A.    Identification Of Track Two Class Representatives Should Flow From The Court's Impending Decision On Track One Certification, And The Court Should Accordingly Reject Defendants' Motion For Entry of Proposed Case Management Order No. 16**

Defendants accuse Plaintiffs of unduly delaying the identification of Track Two class representatives, yet Defendants overlook the fact that Plaintiffs, in reaction to the Court's Track One Class Order, originally and proactively proposed a cogent procedure that uses the Court's final class certification ruling in Track One as the benchmark against which to evaluate and select final class representatives in Track Two. As Plaintiffs have explained, that ruling will enhance the expeditious resolution of similar issues in Track Two. Because the parties will not

have the benefit of the ruling until January or February, postponing the identification of Track Two representatives is only logical.

Defendants fail to advance any convincing arguments explaining exactly why Plaintiffs' proposal is illogical or why it will actually prejudice them.[1]  Defendants preview their argument that Plaintiffs should be required to name purchasers of each and every drug in the litigation, Defs. Opp. at 5, but this position ignores the Court's prior approach of permitting claims against each Defendant to proceed based on purchases of a single drug marketed by the Defendant. Moreover, why should the parties guess at the Court's final disposition of this issue in Track One, which is only a couple of months away?  It would be much more efficient to first have the benefit of the Court's final evaluation of the Track One class representatives and then proceed with the selection and examination of the Track Two representatives against those standards. Indeed, the Court's adoption of the Two Track approach sought to apply the lessons learned and experience gained in the Track One litigation to the Track Two proceedings, which is exactly what Plaintiffs propose in this motion.  In sum, it is much more sensible to have the Court's final determination of that issue in Track One before pressing forward in Track Two.

For these reasons, and those provided in Plaintiffs' opening memorandum, the Court should reject Defendants' Motion for Entry of Case Management Order No. 16 and adopt the approach advocated by Plaintiffs.

---

[1] Defendants make a passing attempt to construct a burden argument, but it is unconvincing.  Defs. Opp. at 6. Maintaining documents already obtained and organized before a discovery stay should entail no expense, let alone the "great expense" Defendants would have us believe would accrue.  Furthermore, a short stay will obviate the need to continue accumulating additional large quantities of documents and data, thereby highlighting the efficiency of Plaintiffs' proposal here.  Lastly, Defendants state that their employees will move on to new jobs but fail to support the conclusory assertion with fact-based declarations, let alone explain how such departures, even if they did occur, would make them unavailable for deposition or otherwise adversely impact the adjudication of this case.

**B.     A Discovery Stay Or, In The Alternative, An Extension Of Track Two Deadlines Is Warranted**

Defendants have no answer to Plaintiffs' argument that First Circuit guidance on the Track One Defendants' appeal will undoubtedly clarify the case against the Track Two Defendants. Nor do Defendants take issue with the Court's desire for Track Two class certification proceedings to begin only after the Court of Appeals issues its decision. Instead, Defendants suggest that it will somehow conserve resources to litigate Track Two even in the face of the possibility that the First Circuit will alter the class certification ruling. But this is backwards. If the Track One Defendants ultimately prevail on their appeal, months of needless discovery and substantial expense would have occurred in association with Track Two if discovery proceeds in the interim. For this reason, the Track Two Defendants should actually *favor* a stay.[2] That they do not illuminates the real reason that Defendants are resisting Plaintiffs' proposal: Defendants are aware that their interminable discovery delays and violations of CMO No. 10 have made it difficult for discovery to be completed before December 3, especially in light of the additional work engendered by the Track One Class Order and the Track One Defendants' appeal.

A careful examination of the record compels this conclusion. As the letters appended as Exhibit B to the Berman Declaration reveal, it took Pharmacia four months to make its 30,000 page production on July 27, 2005, despite Plaintiffs' repeated promptings. Amgen's discovery violations are even more brazen. Amgen acknowledges that it has not produced a single document in this case, ***even though the Court denied Amgen's dismissal motion on February 17, 2005***, and Amgen filed its answer in March 2005. Indeed, Amgen has fought discovery every step of the way, including filing a motion to stay discovery pending outcome of its motion

---

[2] Defendants point to the State of Connecticut action as a reason for continuing Track Two discovery here, yet Defendants fail to note that Connecticut has not even sued most of the Track Two Defendants.

to dismiss. Even if we accept Amgen's dubious assertion that it was not really in a position to begin reviewing potentially responsive documents "in earnest" until mid-June despite knowing in February that long-outstanding discovery requests from 2004 would apply to it, it is now October and still no documents have been produced – almost eight months after the Court denied Amgen's motion. This is a flagrant violation of this Court's command that productions of documents in response to requests that are undisputed be completed within 60 days of the service of the requests, CMO No. 10 at 2, yet Amgen wants the Court to believe that *Plaintiffs* are at fault for Amgen's failure to produce these documents. Amgen has no support for this argument.[3]

Lastly, Defendant Baxter fails to deny that additional work and proceedings will be necessary related to its destruction during the pendency of this litigation of potentially relevant documents.

Plaintiffs originally sought the December 3, 2005, cutoff date under the assumption – now mistaken – that Defendants would preserve and produce information in a timely basis and in compliance with this Court's discovery orders. Had these Defendants so desperately and sincerely wanted Track Two discovery to be completed in accord with this schedule, all they had to do was comply with this Court's prior orders and produce information expeditiously. They chose not to and should not now be heard to complain that Plaintiffs are to blame for the Track Two Defendants' discovery intransigence. This intransigence provides additional reason to stay further discovery pending the First Circuit's disposition of the Track One appeal or, in the alternative, extend the Track Two discovery cutoff another 90 days.

---

[3] Counsel for Amgen cite delays in getting meet-and-confer sessions held; however, this does not exclude Amgen from its obligation to produce *undisputed* documents in a timely manner.

| | |
|---|---|
| DATED:  October 11, 2005 | By    /s/ Steve W. Berman     <br>   Thomas M. Sobol (BBO#471770)<br>   Edward Notargiacomo (BBO#567636)<br>Hagens Berman Sobol Shapiro LLP<br>One Main Street, 4th Floor<br>Cambridge, MA  02142<br>Telephone: (617) 482-3700<br>Facsimile: (617) 482-3003<br>**LIAISON COUNSEL** |

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO MODIFY THE TRACK TWO DISCOVERY SCHEDULE AND MEMORANDUM IN OPPOSITION TO CROSS MOTION FOR ENTRY OF CASE MANAGEMENT ORDER 16** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on October 11, 2005, a copy to LexisNexis File & Serve for Posting and notification to all parties

By  **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292