UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------ x
                                     )
IN RE: PHARMACEUTICAL INDUSTRY       )
AVERAGE WHOLESALE PRICE              )  MDL No. 1456
LITIGATION                           )  Civil Action No. 01-CV-12257-PBS
                                     )
                                     )
------------------------------------ x
                                     )
                                     )
THIS DOCUMENT RELATES TO:            )  Hon. Patti B. Saris
International Union of Operating Engineers, )
Local No. 68 Welfare Fund v. AstraZeneca PLC )
et al. Civil Action No. 04-11503-PBS )
                                     )
                                     )
------------------------------------ x

### MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DR. STANLEY C. HOPKINS' MOTION TO QUASH

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully submits this Memorandum of Law in Opposition to Defendant Dr. Stanley C. Hopkins' Motion to Quash AstraZeneca's First Request for Production of Documents to Defendant Dr. Stanley C. Hopkins (the "Request," attached to the Declaration of Lucy Fowler ("Fowler Decl.") as Exhibit 1) and its subpoena ad testificandum and duces tecum to Dr. Hopkins' counsel, Jack E. Fernandez, Esq. (the "Subpoena," Fowler Decl. Exhibit 2).

### INTRODUCTION

This Court's August 19, 2005 Memorandum and Order ("August 19 Order") ordered AstraZeneca to complete discovery on the claim of fraudulent joinder within sixty days of the date of the Order. August 19 Order at 4. Pursuant to the August 19 Order, AstraZeneca served document requests on defendant Dr. Hopkins and a subpoena for documents and testimony on his counsel, Mr. Fernandez, concerning the

circumstances surrounding plaintiff's purported service of the summons and complaint on Mr. Fernandez and Dr. Hopkins' subsequent refusal to consent to removal. Specifically, AstraZeneca seeks discovery of any documents evidencing service on Dr. Hopkins as well as documents relating to communications between Dr. Hopkins or his counsel and plaintiff or its counsel.

This discovery is narrowly targeted to discover information on whether Dr. Hopkins accepted service of the complaint and refused to consent to removal as part of an agreement or understanding with plaintiff that plaintiff would not pursue its alleged claims against Dr. Hopkins. Access to such discovery is critical to AstraZeneca's ability to evaluate and demonstrate fraudulent joinder in this case. Indeed, Dr. Hopkins' and Mr. Fernandez's refusal to comply with the Request and the Subpoena, based in part on a purported "settlement privilege" under Rule 408 of the Federal Rules of Evidence, only serves to highlight that this discovery is not only appropriate, but essential. In contrast, none of the arguments advanced by Dr. Hopkins or his counsel justify their total refusal to comply with this properly issued discovery. Accordingly, the motion should be denied.

## ARGUMENT

### I. Federal Rule of Evidence 408 Does Not Preclude the Discovery Sought by the Request and Subpoena.

Dr. Hopkins and his counsel object to the discovery sought by AstraZeneca in the Request and Subpoena because such discovery purportedly requires the disclosure of information protected under the attorney-client privilege and the work product privilege. See Dr. Hopkins' Memorandum of Law in Support of His Motion to Quash ("Hopkins'

Mem.") at 3. Such an objection, however, is not a valid ground to quash the Request and Subpoena in their entirety. If Dr. Hopkins or his counsel possess responsive documents that are indeed protected under the attorney-client or work product privileges, such documents should be withheld from production and described in a privilege log, as is provided for in both the Request and Subpoena. See Request at 3-4 (Fowler Decl. Exhibit 1); Subpoena at 4-5 (Fowler Decl. Exhibit 2). Similarly, if answering certain questions during a deposition would require Mr. Fernandez to reveal privileged information, he may invoke either the attorney-client privilege or work product privilege in declining to respond. AstraZeneca does not challenge Dr. Hopkins' or Mr. Fernandez's right to withhold information on the basis of either the attorney-client or work product privilege, but Dr. Hopkins and his counsel are still required to produce responsive documents and provide testimony that are not covered by these privileges.

Dr. Hopkins and his counsel also argue that the Request and Subpoena should be quashed because they "seek to have counsel produce evidence of settlement communications with Plaintiff's counsel," which they claim are protected by Federal Rule of Evidence 408. Hopkins Mem. at 2. Such an argument is without merit. To the extent that the Request and Subpoena seek documents and testimony evidencing "settlement communications" between plaintiff's counsel and Dr. Hopkins or Mr. Fernandez, Federal Rule of Evidence 408 does not bar such discovery.

Rule 408 provides, in relevant part:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements

3

made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay . . . .

First, the documents and testimony sought by AstraZeneca in the Request and Subpoena fall outside of the scope of this rule. The rule does not prohibit the use of "compromise evidence if it is offered to prove something other than liability for or invalidity of a claim or its amount." 23 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence § 5310 (1980 & Supp. 2005). To the extent that AstraZeneca seeks information related to settlement discussions, it seeks such information in the context of the service and fraudulent joinder issues, not to prove or disprove the liability or invalidity of plaintiff's claims.

Second, even if the requested documents and testimony fell within the ambit of Rule 408, courts have interpreted the rule to restrict only the *admissibility* – not the *discoverability* – of information concerning settlement discussions. See, e.g., In re Gen. Motors Corp. Engine Interchange Litig., 594 F.2d 1106, 1124 n.20 (7th Cir. 1979) ("Inquiry into the conduct of the [settlement] negotiations is also consistent with the letter and the spirit of Rule 408 of the Federal Rules of Evidence. That rule only governs admissibility."); In re Subpoena Issued to Commodity Futures Trading, 370 F. Supp. 2d 201, 209-12 (D.D.C. 2005) (noting that a "substantial number of cases have rejected such a privilege," and reaching the same result); Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md., 122 F.R.D. 447, 449 (S.D.N.Y. 1988) ("[Rule 408] . . . only applies to the admissibility of evidence at trial and does not necessarily protect such evidence from discovery."); see also Atchison Casting Corp. v. Marsh, Inc., 216 F.R.D. 225, 226-27 (D.

4

Mass. 2003) (accepting plaintiff's argument that courts can allow discovery of information related to confidential settlement agreements and holding that policies favoring liberal discovery outweighed plaintiff's claim of confidentiality).

Tellingly, Dr. Hopkins and Mr. Fernandez fail to cite any authority to support their contention that discovery of settlement communications is barred by Federal Rule of Evidence 408.

Accordingly, any responsive documents or testimony relating to settlement discussions between plaintiff's counsel and Dr. Hopkins or Mr. Fernandez is discoverable, and Dr. Hopkins and Mr. Fernandez cannot use Rule 408 as a "screen for curtailing [AstraZeneca's] right of discovery." In re Subpoena Issued to Commodity Futures Trading, 370 F. Supp. 2d at 208-09 (quoting 2 Weinstein's Federal Evidence § 408.07 (2005)).

## II. Dr. Hopkins' Joinder in Plaintiff's Motion for Remand Cannot Serve as a Substitute for Discovery.

Dr. Hopkins and his counsel argue that the Request and Subpoena should also be quashed because Dr. Hopkins' Joinder in Plaintiff's Motion for Remand contains all of the necessary information concerning when and how Dr. Hopkins was served in this case. See Hopkins' Mem. at 2. Such a contention is mistaken. The only information concerning service contained in Dr. Hopkins' Joinder is that "[Mr. Fernandez] accepted service of the Class Action Complaint on behalf of his client, defendant, Stanley C. Hopkins, M.D., on July 3, 2003." Joinder of Defendant Stanley C. Hopkins, M.D., in Plaintiff's Motion for Remand, or, in the Alternative, Motion to Remand Pursuant to 28 U.S.C. § 1448 ("Hopkins Joinder") ¶ 3 (Fowler Decl. Exhibit 3). Such a paucity of facts

5

concerning the service of Dr. Hopkins is insufficient to evaluate and determine whether Dr. Hopkins was properly served under New Jersey law, see Citibank, N.A. v. Russo, 759 A.2d 865, 868 (N.J. Super. Ct. App. Div. 2000) (holding that service pursuant to Rule 4:4-4(c) is valid if "the defendant answers or otherwise appears in the action"), or whether Mr. Fernandez's purported acceptance of service via mail – in lieu of personal service of the New Jersey complaint on his out-of-state client, as is preferred under New Jersey law, see N.J. Ct. R. 4:4-4(a) – was part of a larger agreement with plaintiff relating to consent to removal. Thus, additional discovery on this issue is needed.

## CONCLUSION

For the reasons stated above, AstraZeneca respectfully requests that Dr. Hopkins' and Mr. Fernandez's Motion to Quash be denied.

Respectfully Submitted,                By:  /s/ Lucy Fowler

DATED:  October 11, 2005               Nicholas C. Theodorou (BBO #496730)
                                       Lucy Fowler (BBO# 647929)
                                       FOLEY HOAG LLP
                                       155 Seaport Boulevard
                                       Boston, MA  02110

                                       D. Scott Wise
                                       Michael Flynn
                                       Kimberley Harris
                                       DAVIS POLK & WARDWELL
                                       450 Lexington Avenue
                                       New York, NY  10017

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on October 11, 2005, a copy to Verilaw Technologies for posting and notification to all parties.

                                                /s/ Lucy Fowler
                                                Lucy Fowler