UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br><br> Civil Action No. 01-12257-PBS <br><br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Chief Magistrate Judge Marianne B. Bowler |

**TRACK ONE DEFENDANTS' MOTION TO PRECLUDE PLAINTIFFS'
EXPERT EVIDENCE ON LIABILITY OR FOR OTHER SANCTIONS**

Pursuant to Fed. R. Civ. P. 16(f), Track One Defendants ("Defendants") hereby move for sanctions for the Plaintiffs' failure to comply with Case Management Order No. 13 ("CMO 13"). CMO 13 provides that Plaintiffs' liability expert reports were due on October 1, 2005. CMO 13 ¶ 1. This deadline has come and gone, but Plaintiffs have not filed their reports, nor given any indication when they intend to do so. For the reasons set forth below, Defendants respectfully submit that the Court should preclude Plaintiffs' expert evidence on liability or, in the alternative, impose monetary sanctions.

CMO 13 establishes the governing schedule for expert reports on liability. Plaintiffs are required to file their reports by October 1, 2005, and Defendants are required to file their reports by November 15, 2005. CMO 13 ¶ 1. Indeed, Plaintiffs requested these deadlines earlier this year. Pls.' Mem. Regarding Scheduling at 2 (Feb. 25, 2005) (Docket No. 1382). In anticipation of the reports, Defendants reserved the time of their experts, and marshaled their own resources, to spend much of October considering Plaintiffs' reports and preparing responsive reports. More than a week after the deadline, Plaintiffs have neither filed their reports nor communicated when they intend to do so, and Defendants and their experts now have nothing to which to respond.

This unexcused failure to comply with CMO 13 has been both prejudicial and wasteful of the Defendants' resources.

Plaintiffs may protest that they have requested an extension, but that request was vigorously opposed, and was never granted by the Court -- as it must be to become effective. Fed. R. Civ. P. 16(b) (requiring leave of a judge to modify order); LR 16.1(g) (providing that an order "can be modified only by order of the judge"). Plaintiffs should not be permitted to behave as if their request to modify the order in fact did so. *Robson v. Hallenbeck*, 81 F.3d 1, 4 (1st Cir. 1996) ("Calendars are simply too crowded for parties to treat scheduling orders as optional..."). Indeed, a Court in this District has already considered such a maneuver and rejected it. In *Odie v. General Motors Corp.*, plaintiffs moved to enlarge discovery to allow certain depositions and, before the Court took any action on the motion, proceeded to notice those depositions. 131 F.R.D. 365, 366 (D. Mass. 1990). Finding the scheduling order had been violated, the Court imposed sanctions pursuant to Fed. R. Civ. P. 16(f). The Court reasoned that

> plaintiff's counsel's actions evidence a deliberate indifference to the provisions of the scheduling orders of this Court. Such an attitude, if not the subject of sanctions when manifested in violations of the scheduling orders, tends to make a mockery of the Court's effort to manage civil cases in an efficient manner.

*Id.* at 366-367. The fact that the Plaintiffs' failing in *Odie* was one of commission as opposed to the Plaintiffs' omission in this case is of no moment; the Plaintiffs here have violated a Court order.

The First Circuit has repeatedly reminded parties that "a litigant who ignores a case-management deadline does so at his peril." *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998); *Tower Ventures, Inc. v. Westfield*, 296 F.3d 43, 45-46 (1st Cir. 2002); *Young v. Gordon*, 330 F.3d 76, 82 (1st Cir. 2003). After all, the Court has "substantial authority to enforce case-management orders." *Tower Ventures*, 296 F.3d at 45; *see also Rosario-Diaz*, 140

F.3d at 315 (observing that the trial court's case-management authority is "formidable").  When a party fails to comply with a scheduling order, the Federal Rules authorize the Court to impose sanctions "as are just."  Fed. R. Civ. P. 16(f); *see also* LR 1.3.  "[W]hen noncompliance occurs, the court may choose from a broad universe of possible sanctions."  *Tower Ventures*, 296 F.3d at 46; *see also Rosario-Diaz,* 140 F.3d at 314 ("we have made it clear that district courts may punish such dereliction in a variety of ways").  These sanctions support "the judiciary's strong institutional interest in ensuring that litigants honor court orders."  *Tower Ventures*, 296 F.3d at 47.

Given Plaintiffs' failure to comply with CMO 13, Defendants request that the Court preclude Plaintiffs from producing any expert evidence on the issue of liability, whether in support of a motion for summary judgment or at trial.  Fed. R. Civ. P. 16(f) (incorporating the sanctions in Fed. R. Civ. P. 37(b)(2), including, *inter alia*, prohibiting a party from introducing a matter into evidence).  Ignoring a longstanding deadline should come with consequences.  "If [a district judge] sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of non-compliance."  *Mendez v. Banco Popular de P.R.*, 900 F.2d 4, 7 (1st Cir. 1990); *see also Gordon*, 330 F.3d at 82-83 (affirming dismissal sanction and noting that "[party's] violation of a time-specific order was not cured by subsequent compliance at his leisure").  Having ignored the deadline for expert reports on liability, Plaintiffs should not later be allowed to introduce such evidence, despite their violation of CMO 13.

Many courts have found that preclusion of expert evidence is an appropriate consequence.  In *Sheppard v. Glock, Inc.*, plaintiffs failed to meet a deadline set forth in a scheduling order for expert liability reports, and defendants, whose expert reports were due 30

days later, moved to preclude. 176 F.R.D. 471, 472 (E.D. Pa. 1997) *aff'd* 142 F.3d. 429 (3rd Cir. 1997). Even though plaintiffs had moved to modify the order, the court precluded the expert liability reports, based, *inter alia*, upon the prejudice suffered by defendants, who - as here - had to move to preclude, were unable to evaluate plaintiffs' expert reports before their reports were due, and were impeded in their ability to prepare an adequate defense. *Sheppard*, 176 F.R.D. at 474. The Court ruled that "[e]ventual production is not the same as timely production." *Id. See also Softel v. Dragon Medical and Scientific Communications, Inc.*, 118 F.3d 955, 961-963 (2nd Cir. 1997) (affirming preclusion of expert witness whose report was not provided before the deadline, and further affirming refusal to admit expert's report as rebuttal evidence); *Exxon Corp. v. Halcon Shipping Co., Ltd.*, 156 F.R.D. 589 (D. N.J. 1994) (precluding expert from testifying as sanction for designating expert as witness after deadline in discovery order). Preclusion is appropriate here as well.

Even if the Court is inclined to excuse Plaintiffs' failure to comply with CMO 13, Defendants respectfully request that monetary sanctions be imposed. Under the circumstances here, the monetary sanction should be calculated to compensate Defendants for the costs incurred as a result of Plaintiffs' conduct, and to deter Plaintiffs from ignoring future scheduling orders. As the First Circuit Court of Appeals recently explained, "sanctions for discovery violations have a dual purpose: they serve not only to punish the offender but also to deter others from similar misconduct." *Tower Ventures*, 296 F.3d at 47 (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642-643 (1976) (per curiam)); *accord Jones v. Winnepesaukee Realty*, 990 F.2d 1, 6 (1st Cir. 1993) ("Deterrence is a widely recognized basis for determining the amount of a monetary sanction."); *Gordon*, 330 F.3d at 83 (describing deterrence as purpose for sanctions and stating that "[w]hen a party flouts a time-specific order, that purpose is frustrated unless the

court sends a strong signal.  Imposing a meaningful sanction delivers such a message."). *See also Pereira v. Narragansett Fishing Corp.*, 135 F.R.D. 24, 26-27 (D. Mass. 1991) (imposing punitive monetary sanctions for two violations of discovery orders, including failing to serve answers to expert interrogatories); Fed. R. Civ. P. 16(f) ("In lieu of or in addition to any other sanction, the judge *shall* require the party or the attorney representing the party to pay the reasonable expenses incurred because of any noncompliance with this rule (emphasis added)); *Odie*, 131 F.R.D. at 367 (awarding reasonable attorney fees for expenses incurred in preparing, filing, and litigating motion for sanctions for violation of a discovery order).

## CONCLUSION

For all the foregoing reasons, the Court should preclude Plaintiffs' expert evidence on liability or, in the alternative, impose monetary sanctions.

Dated:  October 11, 2005

>
> Respectfully submitted,
> THE TRACK ONE DEFENDANTS
>
> By attorneys,
>
>
> /s/ John T. Montgomery
> John T. Montgomery (BBO#352220)
> Steven A. Kaufman (BBO#262230)
> Eric P. Christofferson (BBO#654087)
> Ropes & Gray LLP
> One International Place
> Boston, Massachusetts 02110-2624
> (617) 951-7000
>
> *Attorneys for Schering-Plough Corp. and Warrick Pharmaceuticals Corp.*

| | |
|---|---|
| William F. Cavanaugh, Jr.<br>Andrew D. Schau<br>Erik Haas<br>Adeel Mangi<br>PATTERSON BELKNAP WEBB<br>  & TYLER LLP<br>1133 Avenue of the Americas<br>New York, New York  10036-6710<br>(212) 336-2824<br><br>*Attorneys for the Johnson & Johnson*<br><br>Nicholas C. Theodorou (BBO #496730)<br>Lucy Fowler (BBO #647929)<br>FOLEY HOAG LLP<br>155 Seaport Boulevard<br>Boston, MA  02110<br><br>D. Scott Wise<br>Michael Flynn<br>Kimberley Harris<br>DAVIS POLK & WARDWELL<br>450 Lexington Avenue<br>New York, New York 10017<br><br>*Attorneys for AstraZeneca Pharmaceuticals LP* | Steven M. Edwards<br>Lyndon M. Tretter<br>HOGAN & HARTSON, LLP<br>875 Third Avenue, Suite 2600<br>New York, New York  10022<br><br>*Attorneys for the Bristol-Myers Squibb Co.,<br>Oncology Therapeutics Network Corp.,<br>Apothecon, Inc.*<br><br>Mark H. Lynch<br>COVINGTON & BURLING<br>1201 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004-7566<br><br>Frederick G. Herold<br>DECHERT LLP<br>975 Page Mill Road<br>Palo Alto, CA  94304-1013<br><br>Mark D. Seltzer<br>HOLLAND & KNIGHT LLP<br>10 St. James Avenue<br>Boston, Massachusetts  02116<br><br>*Attorneys for SmithKlineBeecham Corp.<br>d/b/a GlaxoSmithKline* |

## **LOCAL RULE 7.1(A)(2) CERTIFICATION**

Pursuant to LR 7.1(A)(2), the undersigned counsel hereby certifies that Track One Defendants' counsel have contacted Plaintiffs' counsel regarding this motion in order to confer in good faith to resolve or narrow the issues involved and, in hearing no response, have filed this motion.

/s/ John T. Montgomery_____
John T. Mongtomery

- 7 -

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 11, 2005, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                                     /s/ John T. Montgomery_____
                                                     John T. Mongtomery