UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO THE AMENDED MASTER CONSOLIDATED CLASS ACTION | Chief Mag. Judge Marianne B. Bowler |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL THIRD PARTY UNITED HEALTHCARE TO PRODUCE DOCUMENTS AND WITNESSES FOR DEPOSITION PURSUANT TO SUBPOENA**

Defendants to the Amended Master Consolidated Class Action Complaint ("defendants") bring this motion to compel third party United Healthcare ("United") to produce documents and witnesses for deposition pursuant to defendants' subpoena.

## PRELIMINARY STATEMENT

This motion to compel raises no new issues. This Court has already recognized that defendants are entitled to discovery from third party health plans and that such discovery is necessary to defend against plaintiffs' claims. This Court has already ordered other third party health plans to produce the same types of documents and data sought here from United. And this Court has already ordered other third party health plans to produce witnesses for depositions.

United is aware of those rulings. Nonetheless, United has failed to produce responsive documents and witnesses for deposition. Instead, United produced a limited number of (redacted in part) documents and then refused to produce anything more, including deposition witnesses. United has clung to this intransigent position even though defendants have sought to substantially narrow the scope of their requests to facilitate production. United should be held to the same standard as the other third party health plans who were subpoenaed in this litigation. They should be ordered to respond in full to defendants' subpoenas.

## STATEMENT OF FACTS

Defendants subpoenaed United on April 9, 2004.  See Exhibit 1.[1] United was targeted for discovery because of its paramount importance in the industry. Previously, in recognition of the need for this type of discovery, Judge Saris denied a motion by the class plaintiffs which sought to bar discovery from health plans, and ordered that such discovery could proceed. See Exhibit 2.

---

[1] All exhibits referenced herein are appended to the supporting declaration of Adeel A. Mangi ("Mangi Dec.").

- 1 -

1208891v2

After service of the subpoena, defendants engaged in extended negotiations with United over its scope. United did then produce a limited number of documents in late 2004, including redacted copies of some sample contracts with physicians and PBM contracts. However, these documents failed to shed much light on a number of the most critical issues in the case. For example, they did not reveal the rates at which United reimburses physicians administering drugs in office for drugs or services, how those rates are determined, the extent of United's knowledge of the difference between United's rate of reimbursement and the physicians' cost of acquisition, or even United's knowledge and understanding of the AWP benchmark. (Mangi Dec. ¶¶ 6-8).

Defendants then engaged in protracted negotiations in an effort to persuade United to produce the missing documents and data and to produce its witnesses for deposition. United refused to agree to do anything more. On May 27, 2005 defendants sent United a letter at United's request detailing the outstanding production issues and again seeking a deposition date. See Exhibit 3. United refused to budge. (Mangi Dec. ¶¶ 9-10).

Left with no further options, on September 16, 2005, defendants sent counsel for United a motion to compel in draft form, offering to hold a meet and confer prior to filing the motion. See Exhibit 4. United did then engage in substantive discussion about the subpoena and even asked for parameters on specific production issues, e.g., regarding claims data. On September 30, 2005 defendants wrote to United providing the information and specifics they requested. See Exhibit 5. At United's request, defendants also provided a further narrowed list of deposition topics, which were incorporated by reference to the subpoena. See id. To defendants' surprise, however, United wrote back on October 4, 2005 refusing to make any productions of documents or witnesses. See Exhibit 6. (Mangi Dec. ¶¶ 11-13).

1208891v2

While this long course of negotiations played out, this Court ruled on a series of motions directed to other health plans. Specifically, this Court ordered Aetna, Cigna and Humana to produce witnesses for deposition pursuant to subpoena, and it ordered Health Net to produce responsive documents and data. See Ex. 7 (order compelling Aetna, Cigna and Humana) and Ex. 8 (Transcript reflecting order compelling Health Net). The Court directed that the depositions of Aetna, Cigna and Humana could proceed on the same issues that defendants hope to address with United. Health Net was ordered to produce an even broader set of documents (as the demands then encompassed self administered drugs as well) than those that United is refusing to produce here. (Mangi Dec. ¶ 14).

## DISCUSSION

This Court has already held in ruling upon previous motions to compel that it has jurisdiction pursuant to the multidistrict litigation statute to enforce subpoenas issued from out-of-state courts both with respect to documents and depositions. See e.g. Transcript from Motion to Compel Health Net, attached as Ex. 4. *See also* 28 U.S.C. § 1407(b); In re Corrugated Container Antitrust Litigation, 644 F.2d 70, 74 n.6 (2d Cir. 1981); In re Subpoena Issued to Boies, Schiller & Flexner LLP, No. M8-85, 2003 WL 1831426, at *1 (S.D.N.Y. Apr. 3, 2003); United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc., 238 F. Supp. 2d 270, 273 (D.D.C. 2002); In re Factor VIII or IX Concentrate Blood Products Litigation, 174 F.R.D. 412, 415 (N.D. Ill. 1997); In re Sunrise Securities Litigation, 130 F.R.D. 560, 586 (E.D. Pa. 1989); In re San Juan DuPont Plaza Hotel Fire Litigation, 117 F.R.D. 30, 32 (D.P.R. 1987).

In discussions to date, United has failed to articulate any basis for its refusal to make complete productions or to produce witnesses other than claiming it would be burdensome to do so. This argument is without merit.

- 3 -

The scope of permissible pre-trial discovery is "very broad." See <u>Cabana v. Forcier</u>, 200 F.R.D. 9, 17 (D. Mass. 2001); 9A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2459 (2d ed. 1995). "'Relevance is to be broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action.'" <u>Schuurman v. Town of North Reading</u>, 139 F.R.D. 276, 277 (D. Mass. 1991) (internal citations omitted); <u>see also</u> <u>Klonoski v. Mahlab</u>, 156 F.3d 255, 267 (1st Cir. 1998); <u>Sacramona v. Bridgestone/Firestone, Inc.</u>, 152 F.R.D. 428, 430 (D. Mass. 1993).

Here, the discovery sought from United focuses on the central issues in this litigation. <u>See</u> Ex. 3 (Letter from defendants dated May 27, 2005, which discussed a potential narrowing of the requested documents to facilitate production). Defendants have also offered to pay the costs of culling the electronic data and copying the documents. The Court has already recognized that production requests of a similar magnitude do not pose the sort of burden that would obviate the obligation to produce relevant documents and that the discovery sought is relevant and responsive to this case. *See* Ex. 8. Similarly, it will not be unreasonably burdensome to produce witnesses for deposition. Defendants are willing to travel to the witnesses' location and no third party health plan witnesses deposition to date has lasted more than one day.

## CONCLUSION

Defendants respectfully request that this Court hold United to the same standard as the other third parties subpoenaed in this litigation, compelling them to produce all documents responsive to defendants' outstanding subpoena, and to produce witnesses for deposition.

Dated:   New York, New York
         Oxtober 12, 2005

                                       Respectfully submitted,

                                       _____/s/ Andrew D. Schau_____
                                       Andrew D. Schau (admitted *pro hac vice*)
                                       Erik Haas (admitted *pro hac vice*)
                                       Adeel A. Mangi (admitted *pro hac vice*)
                                       PATTERSON, BELKNAP, WEBB & TYLER LLP
                                       1133 Avenue of the Americas
                                       New York, NY 10036-6710
                                       (212) 336-2000

                                       *Attorneys for defendants Johnson & Johnson, Johnson & Johnson Health Care Systems, Inc., Ortho McNeil Pharmaceutical, Ortho-Neutrogena Inc., Centocor Inc. Ortho Biotech Products L.P., Janssen Pharmaceutica L.P. and McNeil-PPC on behalf of all defendants to the Amended Master Consolidated Class Action Complaint*

- 6 -

## CERTIFICATE OF SERVICE

I certify that on October 12, 2005, a true and correct copy of the forgoing Memorandum Of Law In Support Of Defendants' Motion To Compel Third Party United Healthcare To Produce Documents And Witnesses For Deposition Pursuant To Subpoena was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Verilaw Technologies for posting and notification to all parties. I further certify that on October 12, 2005, a copy was served on counsel for third party United Healthcare via Federal Express.

/s/ Andrew D. Schau<br>Andrew D. Schau

**Westlaw.**

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 1831426 (S.D.N.Y.)
(Cite as: 2003 WL 1831426 (S.D.N.Y.))

Page 1

**H**
Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
In re SUBPOENA ISSUED TO BOIES, SCHILLER & FLEXNER LLP dated February 24, 2003.
No. M8-85.

April 3, 2003.

**Background:** Law firm brought motion to quash subpoena duces tecum.

**Holding:** The District Court, Chin, J., held that transfer of motion to quash subpoena duces tecum from issuing court to judge who was presiding over multi-district litigation (MDL) was warranted.
Motion transferred.

West Headnotes

**Federal Courts** 🔑151
170Bk151 Most Cited Cases
Transfer of motion to quash subpoena duces tecum from issuing court to judge who was presiding over multi-district litigation (MDL) was warranted, although rule contemplated that issuing court was required to "quash or modify" a subpoena; power of MDL court to enforce or quash subpoena duces tecum was inherent to its authority to supervise pretrial proceedings and "pretrial depositions" in "any district," and referral served interest of judicial economy and consistency. 28 U.S.C.A. § 1407; Fed.Rules Civ.Proc.Rule 45(C)(3)(a), 28 U.S.C.A.

**ORDER**

CHIN, D.J.

*1 Before the Court is a motion to quash a subpoena duces tecum issued by this Court to Boies, Schiller & Flexner LLP, a law firm located in this district. The subpoena was issued at the request of Mark A. Belnick, a defendant in *In Re Tyco International, Ltd.*, MDL No. 02-1335-B. For the reasons set forth below, I am referring the motion to the Honorable Paul J. Barbadoro, Chief Judge of the District of New Hampshire, who is presiding over the multi-district litigation.

Title 28 U.S.C. § 1407(a) provides for the transfer of actions "for coordinated or consolidated pretrial proceedings." Pretrial proceedings "shall" be heard by the judge assigned by the MDL panel, who "may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions." *Id*. § 1407(b). To some extent, the statute is in tension with Rule 45(C)(3)(a), which contemplates that it is the issuing court that "shall quash or modify" a subpoena.

Enforcing or quashing a subpoena duces tecum is inherent to the authority to supervise pretrial proceedings and "pretrial depositions" in "any district." *See Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F.Supp.2d 270, 275-76 (D.D.C.2002) (holding that § 1407 gave MDL judge in the District of Columbia the power to enforce subpoena duces tecum issued by the Middle District of Tennessee to non-party in that district) (collecting cases).

I am persuaded that § 1407 gives Chief Judge Barbadoro the authority to hear this motion by "exercis[ing] the powers" of a judge of the Southern District of New York. Such a referral furthers the goal of judicial economy, one of the underlying purposes of § 1407, as Chief Judge Barbadoro is already familiar with this complex litigation, which has consolidated cases from districts throughout the country, including this one. Likewise, motions have been filed in the District of Columbia District Court to quash nearly identical subpoenas that Belnick served upon two law firms located in that district. Thus, the referral will serve the interest of judicial consistency, also at the heart of § 1407.

With his consent, the motion to quash is hereby referred to Chief Judge Barbadoro.

SO ORDERED.

Not Reported in F.Supp.2d, 2003 WL 1831426 (S.D.N.Y.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.