UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) ) ) THIS DOCUMENT RELATES TO: ) (All Actions) ) ) | MDL No. 1456<br><br>Master File No. 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

## DECLARATION OF ADEEL A. MANGI

I, Adeel A. Mangi, declare as follows:

1. I am associated with Patterson Belknap Webb & Tyler LLP and represent Johnson & Johnson, Johnson & Johnson Health Care Systems Inc., Centocor Inc., Ortho Biotech Products L.P., Janssen Pharmaceutica L.P., Ortho Neutrogena Inc., Ortho McNeil Pharmaceutical Inc. and McNeil-PPC in this litigation. I offer this declaration in support of Defendants' Motion To Compel Third Party United Healthcare To Produce Documents And Witnesses For Deposition Pursuant To Subpoena.

2. I base this declaration on my (a) personal knowledge, (b) communications with United's counsel Michael Prame of the Groom Law Group, and (c) review and discussion with members of my firm concerning the correspondence with Mr. Prame.

### Defendants' Subpoena to United

3. On April 9, 2004 defendants served a subpoena upon United Healthcare ("United") seeking the production of documents and deposition testimony. A copy of that subpoena is attached as Exhibit 1.

4. United formed a particularly critical part of defendants' industry sample because

of its size and status as a major industry player.

5. Defendants served this subpoena on United after Judge Saris had denied a motion filed by MDL class plaintiff seeking to halt third party health plan discovery and ordered this discovery to proceed. A copy of Judge Saris' order is attached at Exhibit 2.

## Defendants Have Narrowed the Production Sought

6. After serving United, defendants then entered into a prolonged period of negotiation with United's counsel. During that process, defendants substantially narrowed the scope of the documents sought from United. This process included the exchange of numerous letters, emails and telephone conferences where defendants sought to work with United to address any claims of burden and to narrow the scope of documents sought to those absolutely necessary to defend against plaintiffs' claims.

7. United did then make a series of rolling productions in fall and late 2004. The documents produced included copies of contracts with physicians that redacted the names of the contracting parties and included no information regarding reimbursement rates. The production also included some contracts between United and PBMs.

8. This production, however, did not satisfy even defendants' narrowed documents demands. For example, the documents produced did not even reveal the rates at which United reimburses physicians administering drugs in office for drugs or services, how those rates are determined, or the extent of United's knowledge regarding the AWP benchmark or differences between its reimbursement rates and physicians' drug acquisition costs.

9. Defendants then engaged in continued negotiations with United to get supplemental production of missing documents and deposition testimony. This again included emails, letters and telephone conferences. United, however, refused to produce supplemental

documents or a deposition witness.

10. On May 27, 2005 defendants sent United a letter at United's request detailing the outstanding production issues and again seeking a deposition date. A copy of that letter is attached as Exhibit 3. United's position did not change.

11. Left with no further options, on September 16, 2005, defendants sent counsel for United a motion to compel in draft form, offering to hold a meet and confer prior to filing the motion. A copy of that email is attached as Exhibit 4.

12. United did then engage in substantive discussion about the subpoena and even asked for parameters on specific production issues, e.g., regarding claims data. On September 30, 2005 defendants wrote to United providing the information and specifics they requested. At United' request, defendants also provided a further narrowed list of deposition topics, which were incorporated by reference to the subpoena. A copy of that letter is attached as Exhibit 5.

13. To defendants' surprise, however, United wrote back on October 4, 2005 refusing to make any productions of documents or witnesses. See Exhibit 6.

**This Court Has Previously Granted Similar Motions Against Other Health Plans**

14. Meanwhile, Judge Bowler issues orders in response to other motions requiring Aetna, Cigna and Humana to produce deposition witnesses (Exhibit 7) and ordering Health Net to produce documents and data in response to defendants' subpoena (Exhibit 8). The Court directed that the depositions of Aetna, Cigna and Humana could proceed on the same issues that defendants hope to address with United. Health Net was ordered to produce an even broader set of documents (as the demands then encompassed self administered drugs as well) than those that United is refusing to produce here.

I declare under penalty of perjury that the foregoing is true and correct.

3

1212969v2

                                                      /s/ Adeel Mangi
                                                       Adeel A. Mangi

Executed on this 12th day of October 2005