| | |
|---|---|
| Pfizer | Zarontin |
| Pfizer | Zithromax |
| Pfizer | Zoloft |
| Pfizer | Zyrtec |
| | |
| Pharmacia | Adriamycin PFS |
| Pharmacia | Adriamycin RDF |
| Pharmacia | Adrucil |
| Pharmacia | Amphocin |
| Pharmacia | Amphotercin B |
| Pharmacia | Bleomycin Sulfate |
| Pharmacia | Celebrex |
| Pharmacia | Cleocin-T |
| Pharmacia | Cytarabine (Cytosar-U) |
| Pharmacia | Depo-Testosterone |
| Pharmacia | Etoposide |
| Pharmacia | Neosar |
| Pharmacia | Solu-Cortef |
| Pharmacia | Solu-Medrol |
| Pharmacia | Toposar |
| Pharmacia | Vincasar PFS |
| | |
| Schering | Clarinex |
| Schering | Claritin |
| Schering | Claritin-D |
| Schering | Diprolene |
| Schering | Diprolene AF |
| Schering | Diprosone |
| Schering | Elocon |
| Schering | Eulexin |
| Schering | Integrilin |
| Schering | Intron-A |
| Schering | Lotrisone |
| Schering | Nasonex |
| Schering | Peg-Intron |
| Schering | Proventil |
| Schering | Rebetol |
| Schering | Sebizon |
| Schering | Temodar |
| Schering | Trinalin Rep |
| Schering | Vanceril |
| | |
| Warrick | Albuterol |
| Warrick | Clotrimazole |

17

| | |
|---|---|
| Warrick | Griseofulvin, Ultramicrocry |
| Warrick | ISMN |
| Warrick | Oxaprozin |
| Warrick | Perphenazine |
| Warrick | Potassium Chloride |
| Warrick | Sodium Chloride |
| Warrick | Sulcrafate Tablets |
| Warrick | Theophylline |
| | |
| Sicor | Acyclovir Sodium |
| Sicor | Amikacin Sulfate |
| Sicor | Doxorubicin |
| Sicor | Etoposide |
| Sicor | Leucovorin Calcium |
| Sicor | Pentamidine Isethionate |
| Sicor | Tobramycin Sulfate |
| | |
| TAP | Prevacid |
| | |
| Watson | Dexamethasone Acetate8 |
| Watson | Dexamethasone Sodium Phosphate |
| Watson | Diazepam |
| Watson | Estradiol |
| Watson | Ferrlecit |
| Watson | Fluphenazine HCL |
| Watson | Gemfibrozil |
| Watson | Gentamicin Sulfate |
| Watson | Imipramine HCL |
| Watson | Infed |
| Watson | Lorazepam |
| Watson | Nadolol |
| Watson | Perphenazine2 |
| Watson | Propranolol |
| Watson | Ranitidine |
| Watson | Vancomycin HCL |
| Watson | Verapamil HCL |

18

UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA

Index No. 01-12257-PBS

In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

, Plaintiff(s)

- against -

, Defendant(s)

State of Washington DC   )
                         )   SS.:
County of District of Columbia  )

### AFFIDAVIT OF SERVICE

Brandon Snesko  being duly sworn, deposes and says
that he is over the age of 18 years; is not a party to this action and resides
within the State of Washington DC.  That on 04/09/2004 at 12:10 PM at:
             United Healthcare c/o The Groom Law Group
             1701 Pennsylvania Avenue N.W.
             Washington DC 20006
Deponent served the:

SUBPOENA IN A CIVIL CASE

on United Healthcare c/o The Groom Law Group

a domestic and/or foreign corporation
by delivering thereat a true copy to Jason Ehrenbert
personally, deponent knew said corporation so served to be the corporation,
described in same as said recipient and knew said individual to be the
Attorney and who stated that they were
authorized to accept service thereof.

Deponent describes the individual served as follows:
AGE: 37 HEIGHT: 5'7''   WEIGHT: 180     HAIR: BROWN     RACE: WHITE     SEX: MALE

SWORN TO BEFORE ME 5/06/04

Angela H. Croson
Notary Public, District of Columbia
My Commission Expires 3-31-2009

Brandon Snesko          License #NONE

OUR DOC# 1580
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York NY 10036
212-336-2000

# Exhibit 2

Exhibit B

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | )  MDL No. 1456 )  )  Civil Action No. )      01-CV-12257-PBS |
| THIS DOCUMENT RELATIONS TO ALL ACTIONS | )  )  Judge Patti B. Saris |

## [PROPOSED] ORDER DENYING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER REGARDING SUBPOENAS TO PUTATIVE CLASS MEMBERS

For the reasons stated in open Court at the Status Conference on March 8, 2004,

Plaintiffs' Motion for a Protective Order Regarding Subpoenas to Putative Class Members

[Docket No. 632] hereby is DENIED.

Dated: March ___, 2004

_The Honorable Patti B. Saris_

# Exhibit 3

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

May 27, 2005

Jessica Golden Cortes
(212) 336-2017
Direct Fax (212) 336-7901
jgcortes@pbwt.com

**By Email Attachment**

Michael Prame, Esq.
The Groom Law Group
1701 Pennsylvania Avenue, N.W.
Washington, D.C.  20006

Re:    <u>In re Pharmaceutical Industry AWP Litigation</u>

Dear Mike:

        Per your request, this letter summarizes United Healthcare's outstanding discovery pursuant to defendants' third party subpoena in the AWP Litigation.  Defendants have revised and significantly paired down the categories of remaining outstanding discovery sought to facilitate a timely production and to avoid unduly burdening your client.  As previously discussed, for purposes of these revised requests, unless otherwise stated, the relevant time period at issue is 1997 to 2002:

1.    To the extent not previously produced, all documents reflecting United Healthcare's understanding of whether health care providers earn a margin on drugs administered.

2.    All documents concerning the relative reimbursement or costs for injected or infused drugs (and related treatments or therapies) in the hospital (in or outpatient setting) as compared to in physicians' offices, including United Healthcare's business and strategic plans addressing the optimal site of care for the administration of oncology drugs.

3.    To the extent not previously produced, a representative sample of physician reimbursement contracts from your client's showing the various methodologies United Healthcare utilized, and the various levels of reimbursement United Healthcare afforded, for the reimbursement of physician-administered drugs.

    A.    In an effort to allay your previously asserted concerns regarding anticipated costs and required employee time, defendants are willing to limit this request to a production from one major east coast market of United Healthcare and one major west coast market.  The determination of the appropriate markets would be determined jointly by United Healthcare and defendants, and agreement to this limitation is contingent upon prompt production.

4.    All schedules disclosing the amounts reimbursed to particular physicians for services rendered and drugs administered (*i.e.*, physician "fee schedules") and documents

Michael Prame, Esq.
May 27, 2005
Page 2

detailing how those schedules were calculated or derived.  To the extent the fee schedules differ from the electronic schedules or tables used to generate the actual reimbursement amounts paid to physicians, produce all such schedules and tables.

5.  All rebate reports or other documentation showing the rebates paid by pharmacy benefit managers or pharmaceutical manufacturers to United Healthcare.

6.  Medical Claims Data from 1997 to the present, including claims submitted by hospitals and physician offices.

    A.  This data should include a field that explains the type of payment methodology utilized to reimburse for a particular claim (*e.g.*, U&C, AWP-based, capitation).

    B.  As we briefly discussed earlier on in these negotiations, please describe how the data is maintained and the estimated cost of retrieval prior to production of the requested data.

    C.  In a further effort to allay your previously asserted concerns regarding anticipated costs and required employee time, defendants are again willing to limit this request to data from one major east coast market and one major west coast market, again, to be determined jointly by United Healthcare and defendants, and again, contingent upon prompt production.

7.  Claims processing manuals corresponding to data produced.

8.  MAC Lists pertaining to retail pharmacy reimbursement for generic drugs.

9.  To the extent not previously produced, all documents your client produced in any other litigation, government investigation or inquiry related to the use of AWP in Medicare, Medicaid or private reimbursement.

Please also identify witness(es) qualified to testify regarding the substance of the above-requested documents and data, and advise me of when in the coming month the witness(es) will be available for deposition(s).  I look forward to working with you to achieve a swift resolution of outstanding production issues.  Please contact me with any questions.

Very truly yours,

Jessica Golden Cortes

1185186v1

# Exhibit 4

**Mangi, Adeel A. (x2563)**

| | |
|---|---|
| **From:** | Mangi, Adeel A. (x2563) |
| **Sent:** | Friday, September 16, 2005 8:12 PM |
| **To:** | 'mjp@groom.com' |
| **Subject:** | RE: Golden Rule and United |

Mike:  Further to my email of the 13th (below), attached are (draft) copies of the motion to compel papers we plan to file against your clients United and Golden Rule on September 21.  We are hereby seeking a meet and confer prior to filing that motion.  If you would like to hold such a conference and discuss these issues, please let us know by 3 pm on the 21st, failing which we will make our filing.  Separately, I received the mail version of your letter today but it was missing the enclosure (golden rule objections).  Please resend those (email pdf is fine).

Regards
Adeel

-----Original Message-----
| | |
|---|---|
| **From:** | Mangi, Adeel A. (x2563) |
| **Sent:** | Tuesday, September 13, 2005 5:13 PM |
| **To:** | 'mjp@groom.com' |
| **Subject:** | Golden Rule and United |

Mike:
Thank you for your letter of today regarding Golden Rule.  I am looking into whether objections were previously received at this firm, and will review them when your letter arrives by mail with the enclosure.  In any event, I understand you now represent both Golden Rule and United and will be adopting similar positions for both on substantive issues.  We are currently preparing a motion to compel against United based on your positions to date and will fold Golden Rule into that discussion.  We will send you a draft once the papers are complete.  We can then hold a Rule 7.1 discovery conference and proceed with filing the motion if needed.

As to specific point you raise in your letter, please be advised that your contention regarding CMO 13 is incorrect.  That schedule is for track 1 defendant discovery.  It does not apply to discovery from third parties.  Indeed, such discovery is continuing.  Please let us know if you have a basis for believing otherwise, so we can include that issue in the motion papers as needed.

Adeel Abdullah Mangi
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Ph: (212) 336 2563
Fax: (212) 336 7947
aamangi@pbwt.com

BRIEF_ United and    Haas Declaration in    MOTION_ United
Golden Rule ...          support of...          and Golden Rule...

Exhibit 5

**Mangi, Adeel A. (x2563)**

| | |
|---|---|
| **From:** | Mangi, Adeel A. (x2563) |
| **Sent:** | Friday, September 30, 2005 1:03 PM |
| **To:** | Michael Prame (mjp@groom.com) |
| **Subject:** | United and Golden Rule |

Mike: Please see attached letter.



united.pdf (155 KB)

Adeel Abdullah Mangi
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Ph: (212) 336 2563
Fax: (212) 336 7947
aamangi@pbwt.com

1

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

September 30, 2005

By Email Attachment

Adeel A. Mangi
(212) 336-2563
Direct Fax (212) 336-7947
aamangi@pbwt.com

Michael Prame, Esq.
Groom Law Group
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006-5811

Re:    In Re AWP Litigation

Dear Mike:

We are writing further to our conversation of September 23, 2005 to provide some of the additional information you requested.

## (1) MAC Lists

You asked us to check whether defendants' have already obtained United's MAC lists through discovery from PBMs. We checked with counsel coordinating that discovery, who informs us that United's MAC lists were not produced.

## (2) Claims Data

In your July 12, 2005 letter you represented that United's claims data is housed on the "Galaxy" system and provided the following estimates for collection:

- For data from May 1, 2002 to December 31, 2003 - $19,750 (current system)
- For data from August 1998 to April 30, 2002: $30,500 (data archived on tape)
- For data from January 1, 1997 to July 30, 1998: $26,500 (archived on older system)

Based on these estimates, defendants will seek production of the data for the period August 1998 to April 30, 2002 only. Please provide us with a list of data fields available for pre-collection analysis to ensure that all relevant data is collected and produced in an efficient manner. Please also clarify whether the "Galaxy" system incorporates data from "Inginex" and if not, what data is available from Inginex.

## (3) Deposition Topics

You stated that United has no objection in principle to the production of a deposition witness but were concerned that the list of deposition topics would require the production of too many witnesses. You asked that defendants again try to focus the list of topics

Michael Prame, Esq.
September 30, 2005
Page 2

on which deposition testimony is sought to facilitate the production of witnesses.  To that end, we have revised and further focused the list of deposition topics originally sent to you by Jessica Cortes.  We will reissue the deposition subpoena listing these topics if you request, otherwise these are incorporated by reference as issued at your request.

      As I stated during our call, the vast majority of subpoenaed health plans have previously responded to a much broader list of areas of inquiry through the production of one or two witnesses and the court has found that the production of witnesses on even that broader list of topics is not burdensome.  The appropriate witness on the medical side is generally a senior executive with responsibility for contracting negotiations with providers.  Defendants reserve the right to seek witnesses to testify on issues pertaining to self administered drugs should an appeal change the current case posture.

**(4)  Golden Rule**

      Finally, as to Golden Rule Insurance Co., you represented during our call that Golden Rule had no responsive documents to the subpoena and agreed to state Golden Rule's position in writing with reference to each specific document production category.  We look forward to receiving that letter, after which we can decide how to proceed with regard to Golden Rule on the document requests and deposition subpoena.

*    *    *

      As discussed during our call, defendants continue to call for the collection of all other documents identified in our letter of May 27, 2005.  I understand you will confirm that production and a schedule after conferring with your client.  We look forward to hearing from you.

      Sincerely,

      Adeel A. Mangi

1218254v1

Michael Prame, Esq.
September 30, 2005
Page 3

## AREAS OF INQUIRY

### Benchmarks and Reimbursement

1.      Your understanding, use, and knowledge of the terms "Average Wholesale Price," "AWP," "Wholesale Acquisition Cost," or "WAC."

2.      All methodologies (e.g., capitation, usual and customary charges, AWP-based formula, or use of specialty pharmacies) you utilized or considered utilizing to determine the amounts to pay or reimburse health care providers (e.g., doctors, hospitals, clinics) for drugs administered in physician's offices or hospitals, including the extent to which any reimbursements are tied to the AWPs of specific drugs.

3.      All rationales, information, and factors considered by you in deciding whether or not to pay a separate administration fee in addition to the price of the drug itself.

4.      Whether and to what extent you provide different reimbursement rates for subject drugs when they are administered in providers' offices rather than in hospitals, including your rationale for doing so or not doing so, and including any studies or analysis you have made concerning the relatives costs of the administration of subject drugs in providers' offices rather than in hospitals.

### Negotiations with Providers

5.      Whether and to what extent you set drug reimbursement for drugs administered and dispensed based on competitive negotiations with health care providers.

6.      The substance of such negotiations, including whether and to what extent they expressly dealt with a distinction between the reimbursement of the drug itself and the reimbursement for the medical provider's administration services, or referenced Medicare reimbursement rates.

### Information Regarding Margins

7.      Your understanding, knowledge and expectations (if any) of whether health care providers earn a margin on drugs administered, including whether such a margin depended, in part, on the difference between the reimbursement you paid and the actual acquisition costs for the drugs, net of any incentives provided by the drug manufacturers, and the effect (if any) of such knowledge on the setting of reimbursement rates.

8.      Your knowledge and understanding of whether any administration fees you reimbursed to providers were sufficient to cover the provider's costs in administering the corresponding drugs.

9.      Your understanding and knowledge of whether drug manufacturers provided health care providers with discounts, rebates and other incentives that were not reported in pricing compendia or otherwise disclosed to the public, including whether or not the published AWP was adjusted to account for these discounts, rebates and other incentives.

1218254v1

Michael Prame, Esq.
September 30, 2005
Page 4

10.    Your knowledge of government studies, reports, and communications concerning actual
acquisition costs for drugs.

**Documents Produced**

11.    All documents produced in response to defendants' subpoena, including whether such
documents are authentic within the meaning of Rule 901 of the Federal Rules of Evidence, and
Records of Regularly Conducted Activity within the meaning of Rule 803(6) of the Federal
Rules of Evidence.

1218254v1

# Exhibit 6

# GROOM
## LAW GROUP
*www.groom.com*

### FACSIMILE TRANSMITTAL

**DATE:** October 4, 2005

**TO:** Adeel Mangi

**COMPANY:** Patterson, Belknap, Webb & Tyler, LLp

**FAX NUMBER:** (212) 336-2222   [08040]

**VOICE NUMBER:**

**FROM:** Mike Prame

**NUMBER OF PAGES:** 3

**Person to contact in case of transmittal problems:**   Sheron Fletcher, ext. 419
(After business hours, please contact Groom Office Services at 202-861-5421.)

**NOTE:**

**NOTICE:** This facsimile transmission is intended only for the use of the addressee and may contain information that is privileged, confidential, or prohibited by law from disclosure. If you have received this transmission but are not the intended recipient, then you are hereby notified that any dissemination, distribution, or copying of this transmission is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone and return the original message to us at the address below via United States Postal Service. Thank You

**FOR INTERNAL USE ONLY:**

| Client/Matter Code: | 999999-102 | User Code: |
|---|---|---|

Groom Law Group, Chartered
1701 Pennsylvania Ave., N.W. • Washington, D.C. 20006-5811 • 202-857-0620 • Fax 202-659-4503

# GROOM
## LAW GROUP
### *www.groom.com*

Michael J. Prame
(202) 857-0620
mjp@groom.com

October 4, 2005

**By Facsimile**

Adeel A. Mangi, Esq.
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York  10036-6710

Re:    *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
       MDL No. 1456, Civ. No. 01-12257-PBS (U.S.D.C. D. Mass.)

Dear Mr. Mangi:

Thank your for September 30, 2005 letter which follows up on three of the points that we discussed during our September 23, 2005 conversation regarding the subpoenas served on UnitedHealthcare, Inc., United HealthCare Insurance Company, and Golden Rule Insurance Company ("Golden Rule"). We have reviewed the issues that we discussed with our respective clients and provide the following responses.

With respect to the subpoenas served on UnitedHealthcare, Inc. and United HealthCare Insurance Company (collectively "United"), it does not appear that we will be able to reach an agreement as to the scope of additional discovery from these entities. As you know, after more than three months of negotiations last summer regarding the scope of the subpoenas, United produced nearly 24,000 pages of materials. United produced everything that it had agreed to produce to Defendants during the negotiations last year. In standing by its objections to Defendants' continuing efforts to obtain further

# GROOM
## LAW GROUP
*www.groom.com*

Adeel A. Mangi, Esq.
October 4, 2005
Page 2

discovery, United agrees that the parties have met and conferred in good faith regarding the discovery dispute, but are not able to resolve their differences.

With respect to Golden Rule, we will send to you a letter formalizing Golden Rule's position regarding the lack of documents responsive to Defendants' requests. We hope to forward the letter to you later this week.

Thank you for your consideration.

Very truly yours,

Michael J. Prame

# Exhibit 7



From:       ECFnotice@mad.uscourts.gov
Sent:       11/2/2004 3:52:31 PM
To:         CourtCopy@mad.uscourts.gov
CC:
BCC:
Subject:    Activity in Case 1:01-cv-12257-PBS Citizens for Consume, et al v. Abbott
            Laboratories,, et al "Order on Motion to Compel"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without
charge. To avoid later charges, download a copy of each document during this first viewing.

United States District Court
District of Massachusetts

Notice of Electronic Filing
The following transaction was received from Bowler, Marianne entered on 11/2/2004 at 3:52 PM
EST and filed on 11/2/2004

Case Name: Citizens for Consume, et al v. Abbott Laboratories,, et al
Case Number: 1:01-cv-12257 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?77895

Document Number:
Copy the URL address on the line below into the location bar of your Web browser to view the
document:

Docket Text:
Judge Marianne B. Bowler: Electronic ORDER entered granting in part and denying in part [996]
Motion to Compel to the extent set forth in the ruling on Docket Entry # 1068. Electronic Order
denying [1068] nonparties' Motion to Quash, consistent with the reasoning employed by the court
at the March 8, 2004 status conference.  The nonparties are ordered to appear at the noticed
depositions which, absent an agreement among all participating entities, shall be taken within the
next 30 days.  The subject matter shall be item numbers 1-3, 5-7, 11-13, 16-17 and 20-21 as set
forth in the list attached to the August 23, 2004 letter (Docket Entry # 170, Ex. F) which reiterates
topics encompassed in the list of documents to be produced attached to the re-noticed deposition
subpoenas (Docket Entry # 1018, Ex. E-G).  As agreed to in open court by defendants, they shall
pay the reasonable costs of transportation and related expenses, reasonable attorney's fees and
lost income incurred by t
witnesses. Electronic Order denying Motion to Compel [1090], in accordance with the prior ruling
of Judge Saris on April 26, 2004 (Docket Entry # 818), inasmuch as the prior motion (Docket
Entry # 632) requested an accounting of all communications between defendants and putative
class members and that motion was denied. (Bowler, Marianne)

The following document(s) are associated with this transaction:

1:01-cv-12257 Notice will be electronically mailed to:
Daniel F. Attridge                    dattridge@kirkland.com

Anita B. Bapooji                      bapooji@tht.com

Jessica Vincent Barnett               jbarnett@foleyhoag.com

Steve W. Berman                       steve@hagens-berman.com



| | |
|---|---|
| Aimee E. Bierman | abierman@kl.com |
| Jill Lori Brenner | jlb@dcglaw.com |
| Douglas S. Brooks | dbrooks@klhboston.com |
| James C. Burling | james.burling@wilmerhale.com |
| Eric P. Christofferson SamplePlead@ropesgray.com, | echristofferson@ropesgray.com, |
| Joanne M. Cicala | jcicala@kmslaw.com, |
| Toni-Ann Citera | tcitera@jonesday.com |
| Daniel J. Cloherty sphillips@dwyercollora.com, | dcloherty@dwyercollora.com, |
| Jonathan D Cohen | cohenjo@gtlaw.com, champagnew@gtlaw.com |
| Jeremy P. Cole | jpcole@jonesday.com |
| Robert C. Cook tcitera@jonesday.com;jmhelm@jonesday.com | christophercook@jonesday.com, |
| Michael R. Costa | costam@gtlaw.com |
| Paul J. Coval | pjcoval@vssp.com |
| William A. Davis | wadavis@mintz.com |
| Michael DeMarco | mdemarco@kl.com |
| Merle M. Delancey | DelanceyM@dsmo.com |
| Thomas E. Dwyer | tdwyer@dwyercollora.com |
| Steven M. Edwards | SMEdwards@HHlaw.com |
| Douglas Farquhar | dbf@hpm.com |
| Lucy Fowler | lfowler@foleyhoag.com |
| Monica Meier Franceschini franceschini@tht.com | |
| Brian V. Frankel | Brian.Frankel@doj.ca.gov |
| Peter E. Gelhaar | peg@dcglaw.com |
| Evan Georgopoulos | georgopoulose@gtlaw.com, kaikaia@gtlaw.com |
| Karen F. Green | karen.green@wilmerhale.com |
| Gary R. Greenberg champagnew@gtlaw.com;cohenjo@gtlaw.com;scerral@gtlaw.com;kaikaia@gtlaw.com | greenbergg@gtlaw.com, |



Elizabeth I. Hack                                    ehack@sonnenschein.com

Joseph Ernest Haviland                               jhaviland@dwyercollora.com

Richard C. Heidlage richard.heidlage@ago.state.ma.us

George B. Henderson                                  george.henderson2@usdoj.gov,
janice.zaniboni@usdoj.gov

Colleen M. Hennessey                                 chennessey@peabodyarnold.com

Andrew L. Hurst                                      ahurst@reedsmith.com

Marisa L. Jaffe                                      mjaffe@nixonpeabody.com

Colin R. Kass                                        ckass@kirkland.com,
Kewing@kirkland.com;kmarch@kirkland.com;pbryan@kirkland.com

John A. Kiernan                                      jkiernan@bktc.net

Terry Klein                                          tklein@lawtk.com

Joseph L. Kociubes                                   joe.kociubes@bingham.com

Seth B. Kosto                                        seth.kosto@hklaw.com,
mlynch@cov.com;matthew.oconnor@hklaw.com;frederick.herold@dechert.com

William F. Lee                                       william.lee@wilmerhale.com

Ralph T. Lepore                                      rlepore@hklaw.com

Frank A. Libby                                       falibby@klhboston.com

James W. Matthews                                    jwmatthews@sherin.com,  jrossi@sherin.com

Kirsten V. Mayer                                     kmayer@ropesgray.com,
SamplePlead@ropesgray.com

S. Elaine McChesney                                  elaine.mcchesney@bingham.com

Darrell A.H. Miller                                  dahmiller@vssp.com

John T. Montgomery                                   jmontgomery@ropesgray.com,
SamplePlead@ropesgray.com

Robert J. Muldoon                                    rjmuldoon@sherin.com

Mary B. Murrane                                      mary.murrane@bingham.com

Brien T. O'Connor                                    boconnor@ropesgray.com,
SamplePlead@ropesgray.com

A. John Pappalardo                                   pappalardoj@gtlaw.com

Richard D. Raskin                                    rraskin@sidley.com



Richard J. Riley                                    RRiley@murphyriley.com

Philip D. Robben probben@kelleydrye.com

Douglas L. Rogers                                  dlrogers@vssp.com

Gary M Ronan                                       gronan@goulstonstorrs.com

Daniel E. Rosenfeld                                drosenfeld@kl.com

Kenneth A. Sansone                                 ksansone@goulstonstorrs.com

Thomas J. Sartory                                  tsartory@goulstonstorrs.com

Joseph R. Saveri                                   jsaveri@lchb.com

Louis J. Scerra                                    scerra@gtlaw.com

Andrew D. Schau                                    adschau@pbwt.com, cbelanger@pbwt.com

William S. Schneider                               will.schneider@doj.ca.gov

John D. Shakow                                     jshakow@kslaw.com

Jonathan Shapiro                                   jshapiro@sswg.com

Robert P. Sherman                                  rsherman@nixonpeabody.com

Mark D Smith                                       smith@laredosmith.com

Thomas M. Sobol                                    heatherc@hagens-berman.com

Charles L. Solomont                                carl.solomont@bingham.com

Benjamin M. Stern                                  benjamin.stern@wilmerhale.com

Tina M. Tabacchi                                   tmtabacchi@jonesday.com

Nicholas C. Theodorou                              ntheodor@foleyhoag.com

John R. Therien                                    jtherien@ropesgray.com,
SamplePlead@ropesgray.com

Lyndon M. Tretter                                  Lmtretter@hhlaw.com

Peter J. Venaglia                                  venaglia@dmmslaw.com

Kenneth A. Wexler                                  kawexler@wexlerfirm.com

Pamela A. Zorn                                     pazorn@sherin.com


1:01-cv-12257 Notice will not be electronically mailed to:
Jeffrey B. Aaronson
Bell, Boyd & Lloyd



3 First National Plaza
70 West Madison Street, Suite 3200
Chicago, IL 60602-4207

Gary L. Azorsky
Berger & Montague, PC
1622 Locust Street
Philadelphia, PA 19103

Steven F. Barley
Hogan & Hartson, LLP
111 South Calvert Street
Baltimore, MD 21202

Rebecca Bedwell-Coll
Mascone, Emblidge & Quadra
180 Montgomery Street
1240
San Francisco, CA 94104

Mark A. Berman
Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C.
One Riverfront Plaza
Newark, NJ 01702-5497

David J. Bershad
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
49th Floor
New York, NY 10119

Jack B. Blumenfeld
Morris, Nichols, Arsht, & Tunnell
1201 North Market Street
Wilmington, DE 19899-1347

Thomas L. Boeder
Perkins Cole
1201 Third Avenue, 40th Floor
Seattle, WA 98101-3099

Anthony Bolognese
Bolognese & Associates
Suite 650
One Penn Center
1617 JFK Blvd.
Philadelphia, PA 19103

James J. Breen
Breen Law firm
3562 Old Milton Parkway
Alpharetta, GA 30005

Nicole Y. Brumsted
Lieff Cabraser Heimann & Bernstein, LLP
175 Federal Street, 7th Floor