

Boston, MA 02110

Michael M. Buchman
Milbert, Weiss, Bershad, Hynes & Lerach, LLP
One Pennsylvania Plaza
New York, NY 10119-0165

David J. Burman
Perkins Coie
1201 Third Avenue, 40th Floor
Seattle, WA 98101-3099

James P. Carroll
Kirby McInerney & Squire
830 3rd Avenue
10th Floor
New York, NY 10022

Tod S. Cashin
Buchanan Ingersoll, PC
700 Alexander Road
Suite 300
Princeton, NJ 08540

Ronald L. Castle
Arent,Fox, Kintner,Plotkin,Plotkin & Kahn, LLC
1050 Conneticut Ave., N.W.
Washington, DC 20036-6188

William F. Cavanaugh
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

Christopher R. Cook
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001

Florence A Crisp
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Jonathan W. Cuneo
Cuneo Law Group
317 Massachusetts Avenue, N.E.
Washington, DC 20002

Joseph  Danis
The David Danis Law Firm, P.C.
8235 Forsyth Blvd.
Suite 1100
St. Loius, MO 63105

John C. Dodds



Morgan Lewis & Boskius, LLP
1701 Market Street
Philadelphia, PA 19103-2921

Lloyd Donders
Kirby McInerney & Squire
830 3rd Avenue
10th Floor
New York, NY 10022

Alan J. Droste
Pillsbury Winthrop
650 Town Center Dr
7th Floor
Costa Mesa, CA 92626-7122

James J Duffy
Davis Polk & Wardwell
450 Lexington Ave
New York, NY 10017

Kimberly A. Dunne
Sidley Austin Brown & Wood
555 West 5th Street
Suite 4000
Los Angeles, CA 90013-1010

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901

Elizabeth S. Finberg
Sonnenschein, Nath & Rosenthal, LLP
1301 K Street, NW
East Tower
Suite 600
Washington, DC 20005

Kathryn C. Finnerty
58th Floor, US Steel Tower
600 Grant Street
Pittsburgh, PA 15219

Matthew A. Fischer
Sedgwick, Detert, Moran & Arnold
One Embarcadero Center
16th Floor
San Francisco, CA 94111

Todd G. Friedland
Pillsbury Winthrop
650 Town Center Dr
7th Floor
Costa Mesa, CA 92626-7122



Jeffrey S. Friedman
Silverman & McDonald
1010 North Bancroft Parkway
Suite 22
Wilmington, DE 19805

Todd S. Garber
Lowey Dannenberg Bemporad & Selinger, P.C.
The Gateway
One North Lexington Ave
White Plains, NY 10601

David C. Giardina
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603

Alison C. Gilbert
Hogan & Hartson, LLP
875 Third Avenue
Suite 2600
New York, NY 10012

Arthur F. Golden
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

David F. Graham
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603

Daniel E. Gustafson
Heins Mills & Olson, P.L.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Erik  Haas
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

Blake M. Harper
Hulett Harper
550 West C Street
Suite 1770
San Diego, CA 92101

Kimberley D. Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017



Elizabeth Fegan Hartweg
Kenneth A. Wexler & Associates
1 North La Salle
Suite 2000
Chicago, IL 60602

James Vincent Hayes
Williams & Connolly, LLP
725 Twelfth Street N.W.
Washington, DC 20005

Mary Ellen Hennessy
Katten Muchin & Zavis
525 W. Monroe, Suite 1600
Chicago, IL 60661-3693

Frederick G. Herold
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793

Nicola R. Heskett
Shook, Hardy & Bacon LLP
2555 Grand Blvd
Kansas City, MO 64108

Robert J. Higgins
Dickstein, Shapiro & Morin
2101 L Street, N.W.
Washington, DC 20037

Aaron D. Hovan
Kirby McInerney & Squire LLP
830 3rd Avenue
10th Floor
New York, NY 10022

Robert B. Hubbell
Heller Ehrman White & McAuliffe
601 South Figueroa Street
40th Floor
Los Angeles, CA 90017-5758

Stephen M. Hudspeth
Coudert Brothers
1114 Avenue of the Americas
New York, NY 10036

Kirk B. Hulett
Hulett Harper
550 West C Street
Suite 1770
San Diego, CA 92101



Andrew J. Jackson
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street N.W.
Washington, DC 20037-1526

J. Andrew Jackson
Dickstein, Shapiro & Morin
2101 L Street, N.W.
Washington, DC 20037

Ryan James
U.S. Steel Tower
600 Grant Street
58th Floor
Pittsburg, PA 15219

James E. Johnson
Morrison and Foerster LLP
1290 Avenues of the Americas
New York, NY 10104

Jonathan D. Karmel
Karmel & Gilden
221 North La Salle Street
Suite 1414
Chicago, IL 60601

Roger W. Kirby
Kirby, McInerney & Squire
830 Third Avenue
10th Floor
New York, NY 10022

Kenneth D. Klein
Hogan & Hartson
Biltmore Tower
500 S Grand Ave.
Suite 1900
Los Angeles, CA 90071-2611

Jeffrey L. Kodroff
Spector & Roseman
1818 Market Street
Suite 2500
Philadelphia, PA 19103

Michael L. Koon
Shook, Hardy, & Bacon
2555 Grand Blvd
Kansas City, MO 64108

Daniel Kovel
Kirby McInerney & Squire
830 3rd Avenue
10th Floor
New York, NY 10022



Walter J. Lack
Engstrom, Lipscomb & lack
10100 Santa Monica Boulevard
16th Floor
Losn Angeles, CA 90067-4107

Matthew Lloyd Larrabee
Heller Ehrman White & McAuliffe
333 Bush Street
San Francisco, CA 94104-2878

Bruce A. Levy
Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C
One Riverfront Plaza
Newark, NJ 07102-5496

Stephen David Libowsky
Katten Muchin & Zavis
525 W. Monroe, Suite 1600
Chicago, IL 60661-3693

Albert G. Lin
Pillsbury Winthrop LLP
50 Freemont Street
P.O. Box 7880
San Francisco, CA 94120

Susan E. MacMenamin
Heins Mills & Olson, P.L.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55403

Ann H. Malekzadeh
King & Spalding LLP
1730 Pennsylvania Avenue NW
Washington, DC 20006

Jay D. Marinstein
Kirkpatrick & Lockhart LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222

Robert J. McCully
Shook, Hardy & Bacon LLP
2555 Grand Blvd
Kansas City, MO 64108

Jennifer  McGee
Shook, Hardy & Bacon LLP
Hamilton Square
600 14th St NW
Suite 800
Washington, DC 20005-2004



Neil Merkl
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

Oliver Metzger
Morrison and Foerster LLP
1290 Avenues of the Americas
New York, NY 10104

Adam D. Miller
Engstrom, Lipscomb & Lack
10100 Santa Monica Boulevard
16th Floor
Los Angeles, CA 90067-4107

Robert Miller
599 Lexington Avenue
29th Floor
New York, NY 10022

Cheryl A. Mitchell
599 Lexington Avenue
29th Floor
New York, NY 10022

Saul P. Morgenstern
Kaye, Scholer, Fierman, Hays & Handler
425 Park Avenue
New York, NY 10022

James P. Muehlberger
Shook, Hardy & Bacon LLP
2555 Grand Blvd
Kansas City, MO 64108

Dianne M. Nast
Roda & Nast, P.C.
801 Estelle Drive
Lancaster, PA 17601

Edward Notargiacomo
Hagens Berman LLP
225 Franklin St.
Boston, MA 02110

Kathleen O'Sullivan
Perkins Coie LLP
1201 Third Ave
40th Floor
Seattle, WA 98101-8575

Jane Parver



Nicholas H. Patton
Patton Tidwell Sandefur
4605 Texas Blvd.
PO Box 5398
Texarkana, TX 75505-5398

Zoe  Philippides
Perkins Coie LLP
1201 Third Avenue
Suite 4800
Seattle, WA 98101

Michael R. Plummer
58th Floor
US Steel Tower
600 Grant Street
Pittsburgh, PA 15219

Kristi T Prinzo
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

James A. Quadra
Mascone, Emblidge & Quadra
180 Montgomery Street
1240
San Francisco, CA 94104

Brian T. Rafferty
Dornbush Mensch Mandelstam & Schaeffer, LLP
747 Third Avenue
New York, NY 10017

Jonathan T. Rees
Hogan & Hartson, LLP
555 13th Street N.W.
Washington, DC 20004

Daniel E. Reidy
Jones Day
77 West Wacker Drive
Chicago, IL 60601-1692

Paula W. Render
Bell, Boyd & Lloyd
3 First National Plaza
70 West Madison Street, Suite 3200
Chicago, IL 60602-4207

Ira N. Richards
Rodriguez & Richards
226 W. Rittenhouse Square
Philadelphia, PA 19103

J. Douglas Richards



Milberg Weiss Bershad Hynes & Lerach, LLP
One Pennsylvania Plaza
New York, NY 10119-0165

Paul J. Riehle
Sedgwick, Detert, Moran & Arnold
One Embarcadero Center
16th Floor
San Francisco, CA 94111

Kevin P. Roddy
Hagens Berman
700 S. Flower Street
Suite 2940
Los Angeles, CA 90017-4101

Grace Rodriguez
King & Spalding LLP
1730 Pennsylvania Avenue NW
Washington, DC 20006

Henry H. Rossbacher
Rossbacher & Associates
811 Wilshire Blvd.
Suite 1650
Los Angeles, CA 90017-2666

Robert S. Ryland
Kirkland & Ellis
655 Fifthteenth Street, N.W.
Suite 1200
Washington, DC 20005

Robert D. Sanford
Moscone, Emblidge & Quadra
180 Montgomery Street
1240
San Francisco, CA 94104

Sherrie R. Savett
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Lori A. Schechter
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

Paul S. Schleifman
Shook, Hardy & Bacon LLP
Hamilton Square
600 14th St NW
Suite 800
Washington, DC 20005-2004



Susan Schneider Thomas
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Michael Sennett
Bell, Boyd & Lloyd
3 First National Plaza
70 West Madison Street, Suite 3200
Chicago, IL 60602-4207

Jonathan Shub
Sheller, Ludwig & Badey
1528 Walnut St.
Philadelphia, PA 19102

Charles C. Sipos
Perkins Cole LLP
1201 Third Avenue
Suite 4800
Seattle, WA 98101-3099

Peter D. St. Phillip
Lowey Dannenberg Bemporad & Selinger, P.C.
The Gateway
One North Lexington Ave
White Plains, NY 10601

Scott A. Stempel
Morgan Lewis & Bockius, LLP
1111 Pennsylvania Ave, NW
Washington, DC 20004

Kevin R. Sullivan
King & Spalding LLP
1730 Pennsylvania Avenue NW
Washington, DC 20006

Thomas J. Sweeney
Hogan and Harston, LLP
875 Third Avenue
Suite 2600
New York, NY 10012

Randal C Teague
Vorys, Sater, Seymour and Pease LLP
1828 L Street N.W.
11th Floor
Washington, DC 20036-5109

Thomas A. Temmerman
California Bureau of Medi-Cal Fraud and Elder Abuse
1425 River Park Drive
Suite 300
Sacramento, CA 95815



Sandra G. Tillotson
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

Mitchell A. Toups
Weller Green Toups & Terrell
2615 Calder
Suite 400
Beaumont, TX 77704

John M. Townsend
Hughes, Hubbard & Reed
1775 I Street, N.W.
Washington, DC 20006-2401

Stephen A. Tuggy
Heller Ehrman White & McAuliffe
601 South Figueroa Street
40th Floor
Los Angeles, CA 90017-5758

Michael J. Vanselow
Minnesota Attorney Generals Office
102 State Capital
75 Constitution Ave
St. Paul, 55155

Edward A. Wallace
Kenneth A. Wexler & Associates
1 North La Salle
Suite 2000
Chicago, IL 60602

Liza M. Walsh
Connell, Foley & Geiser
85 Livingston Ave.
Roseland, NJ 07068

Nina I. Webb-Lawton
Vorys, Sater, Seymour and Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Jeffrey I. Weinberger
Munger Tolles & Olson
355 S. Grand Avenue
Suite 3500
Los Angeles, CA 90071-1560

Robert Alan White
Morgan, Lewis & Bockius, LLP
502 Carnegie Center
Princeton, NH 08540

# Exhibit 8

J5400-864

| SERIAL NO. | 535 | |
|---|---|---|
| SERVED | | |
| RECEIVED | | |
| FILED | | |

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Docket No. 01-12257-PBS

In re:  Pharmaceutical
Industry Wholesale Price
Litigation

. . . . . . . . . . . . . . .

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE
HELD ON JANUARY 27, 2005

APPEARANCES:

For County of Suffolk:  Joanne Cicala, Esquire, Kirby, McInerney & Squire, 830 3rd. Avenue, 10th Floor, New York, NY 10022, (212) 371-6600.

For Defendants:  Adil Mangi, Esquire, Patterson, Belknap, Webb & Tyler, LLP, 1133 Avenue of the Americas, New York, NY· 10036-6710, (212) 336-2000.

For Health Net:  Kevin McGinty, Esquire, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC, One Financial Center, Boston, MA 02111, (617) 542-2241.

For Health Net:  Lance Selfridge, Esquire, Lewis Brisbois Bisgard & Smith, LLP, 221 North Figueroa Street, St. 1200, Los Angeles, CA  90012.

For Schering-Plough Corp.:  Eric Christofferson, Esquire, Ropes & Gray, LLP, One International Place, Boston, MA  02110, (617) 951-7385.

For the Class MDL Plaintiffs:  Edward Notargiacomo, Esquire, Hagens, Berman, LLP, One Main Street, 4th Floor, Cambridge, MA 02142, (617) 374-3738.

*MARYANN V. YOUNG*
Certified Court Transcriber
240 Chestnut Street
Wrentham, Massachusetts 02093
(508) 384-2003

For Aventis Behring, LLC:  Michael DeMarco, Esquire,
Kirckpatrick & Lockhart, Nicholson Graham, LLP, 75 State Street,
Boston, MA  02109, (617) 951-9111.

For Aventis:  James Muehlberger, Esquire, Shook, Hardy & Bacon,
2555 Grand Blvd., Kansas City, MO  64108, (816) 474-6550.

Court Reporter:

Proceedings recorded by digital sound recording, transcript
produced by transcription service.

*MARYANN V. YOUNG*
Certified Court Transcriber
240 Chestnut Street
Wrentham, Massachusetts 02093
(508) 384-2003

1

2

I N D E X

Proceedings                                                    3

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Maryann V. Young
Certified Court Transcriber
(508) 384-2003

3

P R O C E E D I N G S

1

2    THE CLERK:  Today is Thursday, January 27, 2005.  The

3    case of Citizens for Consumer Justice, et al v. Private

4    Laboratories, et al, Criminal Action No. 01-12257 will now be

5    heard before this Court.  Will counsel please identify

6    themselves for the record?

7        MR. MANGI:  Your Honor, Adil Mangi from Patterson,

8    Belknap, Webb & Tyler for defendants. I'll be arguing the

9    motion to compel Health Net.

10       THE COURT:  Thank you.

11       MS. CICALA:  Good morning, your Honor.  Joanne Cicala

12   from Kirby McInerny & Squire, for plaintiff, the County of

13   Suffolk, here on the discovery motion.

14       MR. McGINTY:  Good morning, your Honor.  Kevin

15   McGinty from Mintz Levin for Health Net, respondent to the

16   motion to compel.

17       MR. SELFRIDGE:  Good morning, your Honor. Lance

18   Selfridge from Lewis Brisbois Bisgard & Smith in Los Angeles

19   also here on behalf of Health Net.  I understand that

20   Mr. McGinty has a motion for pro hac vice admission for me.

21       THE COURT:  Okay. And that motion will be allowed.

22       MR. SELFRIDGE:  Thank you, your Honor.

23       THE COURT:  Has it been filed or are you just--

24       MR. McGINTY:  I have it here, your Honor, with the

25   filing fee as well.

4

1    THE COURT:  Okay.  Oh, we always want the money.

2    MR. McGINTY:  Yes.  I've learned from said experience

3 so, I will hand it up now.

4    THE COURT:  All right, that's fine.

5    MR. SELVICH:  Thank you, your Honor.

6    THE COURT:  You're welcome.

7    MR. CHRISTOFFERSON:  Good morning, your Honor.  Eric

8 Christofferson from Ropes & Gray, on behalf of Schering-Plough

9 Corporation.

10    THE COURT:  Thank you, very much.

11    MR. NOTARGIACOMO:  Good morning, your Honor. Edward

12 Notargiacomo from Hagens, Berman on behalf of the Class MDL

13 plaintiffs.  I don't have any particular motion:  I'm just here

14 in case there are questions that need to be answered.

15    THE COURT:  Mr. DeMarco, do you want to be noted on

16 the record.

17    MR. DeMARCO:  And, your Honor, I am Michael DeMarco

18 as you know, and I'm here with my colleague Jim Muehlberger.

19    MR. MUEHLBERGER:  Good morning, your Honor.

20    THE COURT:  Good morning.

21    MR. DeMARCO:  I'm with Kirckpatrick & Lockhart,

22 Nicholson Graham.  And Jim is with Shook, Hardy & Bacon from

23 Kansas City and he represents Aventis, an interested party, the

24 defendant in the class action.

25    THE COURT:  All right.  Well, we'll take the two, the

*Maryann V. Young*
*Certified Court Transcriber*
*(508) 384-2003*

5

1   motions in the order in which they were filed.  So the first

2   is docket entry number 1175, which is defendants' motion to

3   compel third party Health Net to produce with opposition.

4        MR. MANGI:  Thank you, your Honor.  As your Honor is

5   aware, Judge Saris allowed the defendants to proceed with

6   discovery of a sample of health insurers in the industry.

7   Health Net is a key part of that industry sample.  Primarily

8   because of their geographical reach, they operate on both

9   coasts, both coasts, but also because they have an internal PBF

10  which renders them particularly of interest to defendants.

11  This motion is before your Honor on two specific issues.

12       First of all, Health Net has produced about half a

13  box of documents.  That came after about a year worth of

14  negotiation on the subpoena and the scope of production.  But

15  all of the documents that were produced were redacted.  In

16  fact, they were redacted of all terms that would be useful to

17  defendants in this case.  All reimbursement methodologies were

18  redacted.  All dispensing fees or administration fees were

19  redacted.  The same for financial terms, even the names of

20  contracting parties, - (inaudible #11:04:07) - were essentially

21  shell contracts, worthless paper or templates.  That's the

22  first and the primary issue for this motion.

23       The second is there were certain very limited

24  documents that were identified by Health Net's witnesses at

25  depositions as being central to this case.  We sought their

6

1    production after the deposition, and again these were very

2    specific categories of documents, and Health Net has refused to

3    produce them without giving any reason for that refusal.  Now,

4    on the issue of redactions, Health Net's only reason for not

5    producing these documents in their unredacted form, and again

6    it's half a box so far, is that they have confidential

7    information and Health Net's taken that position despite the

8    fact that their protective order is in place.  So what Health

9    Net is seeking here is unique status in this litigation.  All

10   the other health plans that are part of the industry sample

11   have produced their documents in unredacted form providing all

12   of this information, the methodology, the dispensing fees, and

13   so on, the defendants seek.  Health Net claims that they should

14   be given unique status and allowed to keep their information

15   confidential and that the protective order is not sufficient.

16          Now, I will point out that Judge Saris in CMO 10

17   already made a ruling on the issue of redaction and said in

18   that order, which is appended to our the papers, the redaction

19   should only be allowed on the grounds of privilege.  Now, that

20   order was by its terms addressed to parties, but the logic is

21   equally applicable here, given that the same protective orders

22   protect the interest of third parties as parties.  Now, Health

23   Net in their papers have made a lot of human cry about the

24   relevance of these methodologies.  We've discussed that with

25   them on numerous occasions.  We've even sent them letters, many

7

1   letters, expressing why the information is relevant, but I'll

2   address it here very briefly by giving just a few examples.  As

3   your Honor is aware, the plaintiff's in the MDL, are now

4   focused on a theory performed by the expert Dr. Hartman which

5   pertains to the expectations of pairs alleging a common

6   expectation of cost classes of trade.  The only way the

7   defendants can test that theory is by reference to the

8   methodologies that are actually being used.  If they're

9   different methodologies, different classes of trade or even

10  different entities within classes of trade, defeats those

11  common expectations.  Similarly, another issue that's going to

12  be critical to the merits is the defendant's position that

13  these contracts have to be looked at on an overall basis.  You

14  have to look at the bundle of services that are being provided

15  and the bundle of payments that's being given.  You can't

16  compare the bundle if you don't know what the terms are.  You

17  can't compare methodology and dispensing fee and see their

18  interrelationship of all the terms, if you don't know what any

19  of those terms are.  And there are numerous other factors that

20  show the relevance of this.  As your Honor's aware, we've put

21  in experts' submissions that have scattered thoughts showing

22  different reimbursements for different drugs.  Health Net has

23  testified about different methodologies they use.  Fee

24  schedules, for example, you can only assess them if you know

25  what they're based on.  So that information is simply central

8

1    to our claims.

2          Now, the only law that Health Net has cited for their

3    position which we consider unique is the <u>Vitamins</u> case from the

4    Southern District of Ohio, but as we point out in our reply

5    papers that that case has no application here.  The court there

6    expressed concern over confidentiality, but that was because

7    the party there that was seeking the discovery was a direct

8    competitor of the party that was making production.  Here,

9    there is no such relationship between the defendant

10   manufacturers and Health Net.  Moreover, the issue of

11   confidentiality was not dispositive in the <u>Vitamins</u> case.  The

12   court expressly said so, and in fact, invited the party to

13   reserve the subpoena.  They didn't rule on the subpoena in

14   <u>Vitamins</u> because it was premature.  There were motions to

15   dismiss pending.  The court said if you win the motion to

16   dismiss, the issue goes away, so let's wait and see what

17   happens there.  So again, they're seeking entirely unique

18   status here.

19         Secondly, that issue of redactions also feeds into

20   claims data.  We've sought claims data from Health Net as we

21   had from numerous insurers.  We've already used a lot of that

22   claims data, and with all health insurers, we've offered to pay

23   for it.  Health Net here raises a few additional arguments

24   which we submit are just red herrings.  They raise the HIPA

25   statute.  There is a precise HIPA regulation on point that

*Maryann V. Young*
**Certified Court Transcriber**
(508) 384-2003

9

1  allows disclosure where there's a subpoena and a HIPA

2  compliant protective order in place.  The defendant's haven't

3  even stood on that.  We've said okay, you can redact or rather

4  you can replace patient identifying information with dummy

5  numbers as long as they're consistent so we can carry out our

6  analysis.  So we don't care what the names of the individual

7  patients are.  We just want to be able to relate them to the

8  claims so we can study what was paid in relation to specific--

9           THE COURT:  What's wrong with doing that, counsel?

10          MR. McGINTY:  In fact, your Honor, if it is possible

11  to run some kind of algorithm as they suggest that would

12  scramble the patient identifiable information, I expect that

13  it's probably not going to be a problem.  As counsel indicated,

14  the problem really comes with embedded in claims data is the

15  confidential business information concerning dollar value of

16  reimbursement terms.

17          THE COURT:  Okay, so the--

18          MR. MANGI:  Your Honor, the only thing I'll add on

19  claims data is that Health Net, in two letters that are before

20  your Honor have already agreed that the scrambled algorithm

21  which we've used with other insurers already and it works fine,

22  will satisfy all of their patient confidentiality concerns, so

23  that issue we submit is straightforward.

24          Now, the other aspect of this motion pertains to

25  documents identified at deposition.  After the depositions, we

10

1  sent a letter to Health Net on October 15, 2004 identifying

2  the specific documents that the witnesses talked about.  These

3  again are very specific.  Some of them are as a simple as

4  missing pages with bates numbers to be provided.  Somehow, they

5  dropped out of the production.  Please give them to us, have

6  nothing in response despite numerous letters.  Some of them are

7  slightly more substantive.  For example, in narrowing our

8  production, and as I mentioned, Health Net's only produced half

9  a box because we narrowed it so extensively.  We only sought

10 representative samples of contracts rather than all contracts.

11 We told Health Net that we would test the representative nature

12 of the sample at depositions in relation to, for example, the

13 retail pharmacy contracts between Health Net or the internal

14 PBM and the pharmacies.  Health Net gave us one 2004 template

15 contending it was representative of all their contracts since

16 1991.  Other health plans, some have produced five, some have

17 produced five boxes.  One is rarely going to do.  We asked the

18 witness at deposition is this representative?  He said, no,

19 it's not.  Now, their contracts are again very specific.

20 There's a mail order contract that was referenced.  We asked for

21 it.  They mentioned the production of documents in a related

22 AWP litigation, already produced.  We asked for those.

23          THE COURT:  Just one second.  Mr. Keefe, did you lose

24 something?

25          MR. KEEFE:  I think I misplaced a hat somewhere, your

11

1 Honor.

2          THE COURT:  What's it look like?

3          MR. KEEFE:  It's just a black hat.

4          THE COURT:  If we find it, we'll know who it belongs

5 to.

6          MR. KEEFE:  Your Honor, in my condition, I need it.

7 It must be out in the hall.  Thank you, Judge.

8          MR. MANGI:  So as I was saying your Honor, these are

9 very specific documents that we've asked for.  There's no

10 burden issue, but yet, Health Net has refused to produce them

11 and has provided no reason for their refusal to do so.  They're

12 specific additional issues raised in Health Net's papers but

13 I'll address them if counsel raises them today.

14          Thank you, your Honor.

15          THE COURT:  All right.  Your brother makes it sound

16 very simple.

17          MR. McGINTY:  It always is at first look.  One thing

18 that counsel for the defendants I think has omitted to discuss

19 is the significant threshold issue about whether this Court

20 even has jurisdiction over this particular subpoena.  As noted

21 in the papers, admitted by the defendants, there is a conflict

22 between various courts as to the scope of 28 U.S.C. Section

23 1407 and whether or not that empowers this court as the

24 transferee court in an MBL proceeding to consider manners

25 concerning the enforcement of a subpoena under Rule 45.  It's