UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------x
                                 )
IN RE: PHARMACEUTICAL INDUSTRY   )
AVERAGE WHOLESALE PRICE          )  MDL No. 1456
LITIGATION                       )  Civil Action No. 01-CV-12257-PBS
                                 )
                                 )
---------------------------------x
                                 )
THIS DOCUMENT RELATES TO:        )  Hon. Patti B. Saris
International Union of Operating Engineers, )
Local No. 68 Welfare Fund v. AstraZeneca PLC )
et al. Civil Action No. 04-11503-PBS )
                                 )
                                 )
---------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION BY PLAINTIFF, INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND, FOR IMMEDIATE REMAND BASED UPON DECLARATIONS OF DEFENSE COUNSEL OR, IN THE ALTERNATIVE, MOTION TO RECONSIDER MEMORANDUM AND ORDER OF AUGUST 19, 2005 THAT PERMITTED DISCOVERY ON ISSUE OF ALLEGED FRAUDULENT JOINDER

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully submits this Memorandum of Law in Opposition to Motion by Plaintiff, International Union of Operating Engineers, Local No. 68 Welfare Fund, for Immediate Remand Based Upon Declarations of Defense Counsel or, in the Alternative, Motion to Reconsider Memorandum and Order of August 19, 2005 That Permitted Discovery on Issue of Alleged Fraudulent Joinder.

### PRELIMINARY STATEMENT

Plaintiff's request for immediate remand or, in the alternative, for reconsideration of this Court's order granting defendants an opportunity to conduct discovery on the issue of fraudulent joinder is premature and without merit. Tellingly, the request also

underscores plaintiff's concern that a full-blown airing of the facts surrounding plaintiff's alleged "claims" against Drs. Antoun, Hopkins, and Berkman, and the circumstances surrounding their joinder, not occur. Such squelching of the relevant facts would not only be contrary to this Court's order permitting discovery on this issue, but would also be unfair.

The purported substantive basis for the motion is nothing more than a reiteration of plaintiff's argument that consent of the individual doctor defendants was necessary prior to AstraZeneca's removal of the case on July 3, 2003. This position is nothing new. The notion that the declarations recently submitted by AstraZeneca in response to the Court's August 19, 2005 Order establish that the doctors' consent was required for removal is absurd. Those declarations establish no such thing. Upon the close of discovery with respect to these issues, AstraZeneca intends to submit a brief setting forth for the Court's consideration the facts surrounding the timing and nature of service, if any, of plaintiff's complaint on the doctor defendants, as well as a legal analysis explaining why the doctors' consent was not required prior to removal on July 3, 2003.

In addition, AstraZeneca intends to inform the Court regarding the status of its discovery efforts on the issue of fraudulent joinder. The circumstances surrounding the joinder of the doctor defendants may have some bearing on the Court's consideration of plaintiff's motion for remand. There is simply no legitimate basis to keep this information from the Court, and plaintiff has provided no basis for the Court to reconsider its prior determination in this regard.

## FACTUAL BACKGROUND

In 2003, this case was properly removed to federal court and subsequently transferred to the AWP MDL for coordinated and consolidated pretrial proceedings with numerous other AWP-related class actions filed throughout the country. After nearly two years of silence, plaintiff renewed its motion to remand, arguing in its supplemental memorandum that AstraZeneca's removal of this action was procedurally defective because certain individual defendants failed to consent to removal. AstraZeneca responded that under controlling New Jersey law, these individual defendants had not been served at the time of removal and, therefore, their consent was not required.

On August 19, 2005, this Court issued its ruling on plaintiff's renewed motion to remand ("August 19 Order"). The Court directed that, "[w]ithin 30 days, AstraZeneca shall submit an affidavit explaining the factual basis for its statement in the [removal] notice that 'all defendants will consent to this removal and join herein following the service of process.'" August 19 Order at 4. In response, AstraZeneca submitted the declarations of D. Scott Wise ("Wise Decl."), Eric D. Gill ("Gill Decl."), and John C. Dodds ("Dodds Decl.").

In its August 19 Order, the Court also granted AstraZeneca's request to conduct discovery with respect to the issue of fraudulent joinder, ordering that such discovery be completed within 60 days. See id. Pursuant to this Order, AstraZeneca issued the First Requests for Production of Documents to plaintiff and defendants Drs. Antoun, Berkman, and Hopkins (the "Requests," Pl.'s Exhibits D-G) and Subpoenas ad Testificandum and Duces Tecum to Messrs. Mustokoff, Sherman, and Fernandez, former counsel for the doctor defendants (the "Subpoenas," Pl.'s Exhibits A-C).

Now, Plaintiff International Union of Operating Engineers, Local No. 68 Welfare Fund ("IUOE") moves this Court for immediate remand of this action to state court in New Jersey based on the Wise, Gill, and Dodds Declarations. IUOE argues that these declarations demonstrate that the rule of unanimity was not satisfied at the time of removal and, therefore, immediate remand is warranted. To the contrary, the Wise, Gill, and Dodds Declarations clearly demonstrate that – as of July 3, 2003, the date of removal – AstraZeneca had conducted a diligent inquiry into the appropriateness of removal and determined that the consent of the individual doctor defendants was not required for removal of this action because these defendants had not been properly served under New Jersey law. Thus, plaintiff's motion for remand should be denied.

Plaintiff also moves this Court, in the alternative, to reconsider and rescind its August 19 Order granting AstraZeneca leave to conduct discovery on the fraudulent joinder issue because AstraZeneca has purportedly sought inappropriate discovery. Such a motion lacks merit. The discovery sought by AstraZeneca – as reflected in the Subpoenas and Requests – falls squarely within the scope of discovery allowed by the Court in its August 19 Order. Now, before the 60-day discovery period specified by the Court has concluded, plaintiff seeks to preclude AstraZeneca from conducting the discovery envisioned by the Court. Such preclusion is unwarranted; particularly, given that the discovery conducted by AstraZeneca thus far provides some evidence of fraudulent joinder of the doctor defendants by plaintiff. Accordingly, plaintiff's motion for reconsideration of the Court's August 19 Order should be denied.

## ARGUMENT

I.  **There is No Basis for Immediate Remand Prior to the Close of the Discovery Ordered by the Court.**

In arguing for immediate remand of this action, plaintiff repeatedly emphasizes the fact that Drs. Antoun and Hopkins "both have expressly refused to consent to removal." Plaintiff's Memorandum of Law in Support of Motion by Plaintiff, International Union of Operating Engineers, Local No. 68 Welfare Fund, for Immediate Remand Based Upon Declarations of Defense Counsel or, in the Alternative, Motion to Reconsider Memorandum and Order of August 19, 2005 That Permitted Discovery on Issue of Alleged Fraudulent Joinder ("Pl.'s Mem.") at 4. Such consent, however, is irrelevant to the issue of whether this action was properly removed on July 3, 2003.

Plaintiff acknowledges – as it must – that consent to removal is required only from defendants who were properly served at the time the case was removed. See, e.g., In re Pharm. Indus. Average Wholesale Price Litig. (Swanston v. TAP Pharm. Prods.), 307 F. Supp. 2d 190, 193 (D. Mass. 2004) ("In cases involving multiple defendants, all defendants who have been *served* must join or assent in the removal petition.") (emphasis added); Karpowicz v. Blue Cross & Blue Shield of Mass., Inc., No. 96-10050, 1996 U.S. Dist. LEXIS 13541, at *9 (D. Mass. Aug. 19, 1996) ("[D]efendants are not required to join in the petition if they have not yet been served with process at the time the petition is filed."). Because neither Dr. Antoun nor Dr. Hopkins had been properly served under New Jersey law[1] at the time AstraZeneca removed this action, their consent to removal

---

[1] For a discussion of why Drs. Antoun and Hopkins were not effectively served under New Jersey law, see AstraZeneca's Supplemental Memorandum of Law in Opposition to Plaintiff's Motion for Remand, dated May 6, 2005 and previously filed with the Court, at 6-11.

5

was not required.[2] Plaintiff has yet to demonstrate that service of the complaint on the doctor defendants satisfied New Jersey law.

Contrary to plaintiff's mischaracterization of the Wise, Gill, and Dodds Declarations as containing "mistaken beliefs, unfounded assumptions and innuendo," Pl.'s Mem. at 2, these declarations clearly demonstrate that AstraZeneca had a good faith basis to remove the case to federal court on July 3, 2003.

- On June 30, 2003, plaintiff sent the complaint and summons via Federal Express to national counsel for AstraZeneca. See Wise Decl. ¶ 5(a). Accompanying the complaint was a collection of summonses, each stating as the "Name of Defendant to be Served" the name of each defendants' outside counsel, identified as "national" counsel for that defendant. See id. "This suggested that Plaintiff's counsel was attempting to effect service on the parties by sending the summonses and complaint to 'national' outside counsel for each party, as they had to [counsel for AstraZeneca], with an informal request to accept service." Id.

- Based on discussions with New Jersey counsel, national counsel for AstraZeneca did not believe that delivery of the summons and complaint in such a manner was effective service under New Jersey law. See id. Accordingly, counsel for AstraZeneca did not believe that the consent of any defendant was required for removal. See id. "Nonetheless, [counsel] attempted to contact all defendants to determine whether any defendant had been served such that their consent to removal would be required." Id.

- With respect to the individual doctor defendants,[3] counsel for AstraZeneca contacted counsel for Drs. Berkman and Hopkins by telephone on July 3, 2003. See id. ¶ 5(d). Both counsel to Dr. Berkman and counsel to Dr. Hopkins stated

---

[2] Also, even if Drs. Antoun and Hopkins had been properly served as of July 3, 2003 – which they were not – their lack of consent was not made known to AstraZeneca until after the case had been removed. At no time prior to removal of this action on July 3, 2003 did counsel for Drs. Antoun or Hopkins inform counsel for AstraZeneca that they objected to removal. See Wise Decl. ¶ 5(i). It was not until plaintiff filed its Motion for Remand on July 9, 2003, which was based in part on the denial of consent by Drs. Antoun and Hopkins, that counsel for AstraZeneca learned that Drs. Antoun and Hopkins did not consent to removal. See id. ¶ 5(j).

[3] As to the corporate defendants, counsel for AstraZeneca believed on July 3, 2003, based on e-mail communications and the prior practice of the same corporate defendants in virtually identical cases, that all of the corporate defendants would consent to removal and join in the Notice of Removal once they were properly served. See Wise Decl. ¶¶ 5(b), (c).

6

that they did not believe that their clients had been properly served. Accordingly, counsel for AstraZeneca concluded, on July 3, 2003, that Dr. Berkman's or Dr. Hopkins' consent to removal was not needed. See id.

- Counsel for AstraZeneca also attempted to contact counsel for the third individual defendant, Dr. Antoun, by telephone on July 3, 2003, to inquire as to whether Dr. Antoun had been served. See id. ¶ 5(f). After several attempts, counsel was informed that Dr. Antoun's counsel was unreachable because he was on trial. See id.

- As discussed above, national counsel for AstraZeneca was advised by New Jersey counsel that sending a copy of the summons and complaint to counsel for a defendant with a request to accept service, as plaintiff had done in this case, was not proper service under New Jersey law. See id. ¶ 5(g). Counsel was further informed by New Jersey counsel that, for service in this manner to be effective, the defendants at issue would have to answer the complaint or otherwise appear. See id. Counsel for AstraZeneca was not able to locate any evidence that Dr. Antoun's counsel had appeared in any way on behalf of his client by July 3, 2003. See id. Indeed, there is still no evidence to date of an appearance or other filing by Dr. Antoun's counsel as of July 3, and no one contends that there is such evidence. Accordingly, counsel for AstraZeneca concluded on July 3, 2003 that Dr. Antoun's consent to removal was not required because service had not been effected. See id. This conclusion remains clearly correct today.

- Moreover, as set forth in the Gill and Dodds Declarations, at no time prior to removal of this action on July 3, 2003 did counsel for any of the individual doctor defendants inform counsel for AstraZeneca that they objected to removal. See id. ¶ 5(i). Indeed, it was not until plaintiff filed its Motion to Remand on July 9, 2003 that counsel for AstraZeneca learned that Drs. Antoun and Hopkins did not consent to removal. See id. ¶ 5(j).

Such facts are more than sufficient to show that AstraZeneca had a good faith basis for removing this case on July 3, 2003 and that the removal was completely proper. Plaintiff's motion for immediate remand should be denied.

Moreover and more importantly for the purposes of plaintiff's present motion, there is no evidence in the record that the consent of these doctors was required prior to the July 3 removal. Indeed, as AstraZeneca intends to show in its submission to the

7

Court upon the close of discovery, it appears that there is no evidence that the doctors were properly served under New Jersey law prior to July 3, 2003.

## II. Plaintiff's Motion for Reconsideration Regarding the Court's Discovery Order Should be Denied.

If the Court denies plaintiff's motion for immediate remand – as it should – plaintiff moves, in the alternative, to preclude AstraZeneca from conducting additional discovery on the fraudulent joinder issue. There is no basis for this motion for reconsideration.

It is well established that nominal or fraudulently joined parties may be disregarded for purposes of the unanimity rule regarding consent to removal. See 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3731, at 269-70 (3d ed. 1998); Carey v. Bd. of Governors of the Kernwood Country Club, 337 F. Supp. 2d 339, 341 (D. Mass. 2004); Hill v. City of Boston, 706 F. Supp. 966, 968 (D. Mass. 1989); Montanez v. Solstar Corp., 46 F. Supp. 2d 101, 103 (D.P.R. 1999).

The joinder of a defendant is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, *or* no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation, 220 F. Supp. 2d 414, 419 (E.D. Pa. 2002) (quotations omitted). As this Court has recognized, when assessing the fraudulent joinder issue, "the primary concern is whether plaintiff's claim was brought in good faith." Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 5 (D. Mass. 2001). In assessing a claim of

8

fraudulent joinder, "a court is not held captive by the allegations in the complaint," but "may also examine affidavits of the parties in determining the propriety of joinder." Id. at 5-6.

The discovery conducted thus far by AstraZeneca suggests that plaintiff did not have an intention to proceed against the individual doctor defendants to a joint judgment. Terry K. Sherman, former counsel for Dr. Berkman, has submitted an affidavit in response to AstaZeneca's subpoena in which he states that, in a telephone conversation in early July 2003 with Donald E. Haviland, Jr., counsel for plaintiff, Mr. Haviland "informed [him] that plaintiffs were not interested in Dr. Berkman as a defendant in the New Jersey Action, but instead as a fact witness." Affidavit of Terry K. Sherman, dated September 27, 2005, ¶ 4 (attached to the Declaration of Lucy Fowler ("Fowler Decl.") as Exhibit 1).

Also, a July 8, 2003 letter from Mr. Haviland to counsel for the doctor defendants ("July 8 Letter," Fowler Decl. Exhibit 2), which was produced by Dr. Berkman in response to AstraZeneca's document requests, indicates that Mr. Haviland was having discussions with counsel for the doctor defendants in early July 2003 concerning the removal of the case and the need for counsel to manifest their lack of consent to such removal. Indeed, Mr. Haviland goes so far as to propose language that counsel should use in manifesting their lack of consent to removal to the court. See July 8 Letter at 1 (Fowler Decl. Exhibit 2). Tellingly, in a July 9, 2003 letter to the United States District Court in New Jersey (Fowler Decl. Exhibit 3), Mr. Sherman indicates his lack of consent to removal of the case to federal court, using virtually the same language suggested by plaintiff's counsel.

9

Thus, the evidence already gathered demonstrates a coordination between counsel for plaintiff and counsel for the doctor defendants. There is every reason the Court should continue to allow AstraZeneca's discovery efforts to go forward, as contemplated by its August 19 Order, so that the factual circumstances surrounding joinder of these doctors will be fully aired.

Plaintiff also argues that "AstraZeneca is not entitled to inquire about the details concerning any settlement discussions, as the same would be privileged and confidential." Pl.'s Mem. at 8. Not only is such an argument mistaken, but it indicates that plaintiff was involved in settlement discussions with the doctor defendants at the earliest stages of this litigation.[4]

Courts have interpreted Federal Rule of Evidence 408 to restrict only the *admissibility* – not the *discoverability* – of information concerning settlement discussions. See, e.g., In re Gen. Motors Corp. Engine Interchange Litig., 594 F.2d 1106, 1124 n.20 (7th Cir. 1979) ("Inquiry into the conduct of the [settlement] negotiations is also consistent with the letter and the spirit of Rule 408 of the Federal Rules of Evidence. That rule only governs admissibility."); In re Subpoena Issued to Commodity Futures Trading, 370 F. Supp. 2d 201, 209-12 (D.D.C. 2005) (noting that a "substantial number of cases have rejected such a privilege," and reaching the same result); Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md., 122 F.R.D. 447, 449 (S.D.N.Y. 1988) ("[Rule 408] . . . only applies to the admissibility of evidence at trial and does not necessarily protect such

---

[4] For a discussion of additional evidence suggesting the fraudulent joinder of the doctor defendants by plaintiff, see AstraZeneca's Supplemental Memorandum of Law in Opposition to Plaintiff's Motion for Remand, dated May 6, 2005 and previously filed with the Court, at 12-14.

10

evidence from discovery."); see also <u>Atchison Casting Corp. v. Marsh, Inc.</u>, 216 F.R.D. 225, 226-27 (D. Mass. 2003) (accepting plaintiff's argument that courts can allow discovery of information related to confidential settlement agreements and holding that policies favoring liberal discovery outweighed plaintiff's claim of confidentiality). Thus, plaintiff cannot use Rule 408 as a "screen for curtailing [AstraZeneca's] right of discovery." <u>In re Subpoena Issued to Commodity Futures Trading</u>, 370 F. Supp. 2d at 208-09 (quoting 2 <u>Weinstein's Federal Evidence</u> § 408.07 (2005)).

## CONCLUSION

For the reasons stated above, AstraZeneca respectfully requests that plaintiff's motion for immediate remand or, in the alternative, motion to reconsider the Court's August 19 Order be denied.

Respectfully Submitted,            By:    /s/ Lucy Fowler

DATED:   October 12, 2005          Nicholas C. Theodorou (BBO # 496730)
                                   Lucy Fowler (BBO# 647929)
                                   FOLEY HOAG LLP
                                   155 Seaport Boulevard
                                   Boston, MA  02110

                                   D. Scott Wise
                                   Michael Flynn
                                   Kimberley Harris
                                   DAVIS POLK & WARDWELL
                                   450 Lexington Avenue
                                   New York, NY  10017

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on October 12, 2005, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Lucy Fowler
Lucy Fowler