UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br><br> Master File No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |

## DECLARATION OF ADEEL A. MANGI

I, Adeel A. Mangi, declare as follows:

1. I am associated with Patterson Belknap Webb & Tyler LLP, counsel for Johnson & Johnson, Centocor Inc., Kenneth Wegner, Colin Konschak, Grace Leone, Trina Gillies, Jim Bivona and Brett Beiter.

**Plaintiffs' Delay in Seeking Depositions**

2. In their papers submitted in opposition to the motion to quash, plaintiffs admit they learned the names of the former employees from the documents produced by Centocor. Although plaintiffs do not identify the documents they rely on, the vast majority of Centocor's document production (103,690 pages out of the total of 108,047 pages) was complete by **November 2004**.

3. Plaintiffs also say that some of the former employees were targeted for deposition because they were identified by Centocor as "among the top sales people in the company, winning sales awards." Centocor provided plaintiffs with a list of its top sales people on **February 23, 2005**. None of the six individuals whom plaintiffs now seek to depose are on that list. *See* Exhibit 1 hereto.

4.      Accordingly, plaintiffs knew the names of Centocor's former employees long before they served their deposition notice on August 10, 2005.

### Plaintiffs Seek These Depositions For Discovery

5.      Prior to filing this motion, we spoke with plaintiffs' counsel John Macoretta by phone in compliance with the rule requiring parties to meet and confer prior to filing discovery motions. During that conversation, Mr. Macoretta told us that he was seeking the depositions because he wanted to "explore" the perspective of more Centocor sales level employees (in addition to the two he had already deposed), had documents he wanted to explore with these individuals, and that he might even be satisfied after taking two of the six depositions, depending on what the witnesses had to say. Notably, the subpoenas served on Centocor's former employees seek the production of documents as well as testimony.

### Plaintiffs Counsels' Contacts With Individual Movants

6.      When plaintiffs first indicated they might serve subpoenas on Centocor's former employees they asked us whether we represented them. We responded that we had not yet contacted them, as they had not had any role in the litigation to date, but that we would contact them in order to arrange representation in the event they were subpoenaed. Mr. Macoretta agreed to let us know as soon as service was made – a commitment we sought in order to ensure there would no *ex parte* discussions between service of the subpoenas and our offers to provide representation. Without waiting for plaintiffs, we then started making contact with the former employees and arranging representation.

7.      We subsequently learned that plaintiffs' counsel served Centocor's former employees with subpoenas without informing us that they had done so and that they had attempted to engage them in substantive discussions concerning the issues in this case. We

2

properly cautioned plaintiffs' counsel against this conduct and accurately explained the extent of our representation of the effected individuals.

I declare under penalty of perjury that the foregoing is true and correct.

                                                                             /s/ Adeel A. Mangi

Executed on this 14th day of October 2005