JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 16 2002

FILED
CLERK'S OFFICE

*DOCKET NO. 1456*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

*State of Montana, etc. v. Abbott Laboratories, et al.*, D. Montana, C.A. No. 6:02-9
*State of Nevada v. Abbott Laboratories, et al.*, D. Nevada, C.A. No. 3:02-80
*State of Nevada v. American Home Products, et al.*, D. Nevada, C.A. No. 3:02-202

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,[*] BRUCE M. SELYA,[*] JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by the State plaintiffs in these actions to vacate the Panel's orders conditionally transferring these actions to the District of Massachusetts for inclusion in the Section 1407 proceedings occurring there in this docket. Responding defendants favor inclusion of these actions in Section 1407 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact with the actions in this litigation previously transferred to the District of Massachusetts, and that transfer of these actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We note that the pending motions to remand the actions to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the District of Massachusetts was a proper Section 1407 forum for actions concerning whether (either singly or as part of a conspiracy) the pharmaceutical defendants engaged

---

[*] Judges Sear and Selya did not participate in the decision of this matter. In light of the fact that three other Panel members could be members of the putative classes in this litigation, i) these Panel members have renounced any claim as putative class members, and in any event ii) the Panel is invoking the Rule of Necessity to decide the matter now before it. *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

- 2 -

in fraudulent marketing, sales and/or billing schemes by unlawfully inflating the average wholesale price of certain prescription drugs in order to increase the sales of these drugs to health care professionals and thereby boost the pharmaceutical companies' profits. *See In re Pharmaceutical Industry Average Wholesale Price Litigation*, 201 F.Supp.2d 1378 (J.P.M.L. 2002).

Plaintiffs' objection to Section 1407 transfer is based primarily on the ground that these actions do not share sufficient questions of fact with previously centralized actions to warrant inclusion in Section 1407 proceedings. We disagree. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re StarLink Corn Products Liability Litigation*, 157 F.Supp.2d 1378 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Patti B. Saris for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman