UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 CIVIL ACTION: 01-CV-12257-PBS Magistrate Judge Marianne Bowler |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

**DEFENDANT AVENTIS PHARMACEUTICALS INC.'S
MOTION FOR A PROTECTIVE ORDER
UNDER FED. R. CIV. P. 26(C)(1), 30(A)(2)(A) AND LOCAL RULE 26.1(C)[1]**

Defendant Aventis Pharmaceuticals Inc. ("Aventis") moves for a protective order pursuant to Fed. R. Civ. P. 26(C)(1) and CMO 10 paragraph II.7 barring Plaintiffs from conducting depositions in excess of the ten deposition limit explicitly set forth in Fed. R. Civ. P. 30(a)(2)(A) and Local Rule 26.1(C).

---

[1] Pursuant to CMO No. 8, Aventis advises the Court that the terms of CMO No. 10, para. II.7 are applicable to this Motion; the anticipated response date for any opposition to this Motion is October 21, 2005.

## FACTS

Aventis is one of the Track 2 defendants involved in this MDL proceeding. Beginning in April 2005, after nearly a year of document production by the Company, Plaintiffs began noticing depositions of Aventis. Since that time, Plaintiffs have noticed thirteen separate Aventis depositions, as follows:

1. April 20, 2005, Rule 30(b)(6) Deposition Notice Regarding Sales-Related Financial Data (Plaintiffs deposed designees Barbara Goetz and Dave Iuliani on July 28, 2005);

2. May 13, 2005, Rule 30(b)(6) Notice (Plaintiffs deposed designee Claire Brunken on July 22, 2005; designee John Cervione on August 8, 2005; designee Herve Gisserot on August 12, 2005; designee Herve Hoppenot on August 29, 2005; and the deposition of designee Christophe Bianchi is scheduled for November 2, 2005);

3. July 1, 2005, Notice of Deposition for John Cervione (deposed August 8, 2005);

4. July 1, 2005, Notice of Deposition for Rebecca Hayes (deposed September 8, 2005);

5. July 25, 2005, Notice of Deposition of David Pickhardt (originally scheduled for September 2, 2005 but continued at plaintiffs' request to November 4, 2005);

6. August 11, 2005, Subpoena requiring deposition testimony of John Leone on September 13, 2005 (continued at plaintiffs' request to November 23, 2005);

7. August 11, 2005, Notice of Deposition of Ms. Pauline Chrenko (deposed September 14, 2005);

8. August 19, 2005, Notice of Deposition to Ron Corpora (deposed October 12, 2005);

9. September 2, 2005, Notice of Deposition of James J. Rademaker (deposed September 30, 2005);

10. September 12, 2005, Notice of Deposition for Mike Leach (scheduled for October 20, 2005).

11. & 12. October 4, 2005, Notice of Deposition of G.R. Green and Randy Colvin.

13. October 14, 2005, Notice of Deposition of John DuPont.

By late September 2005, Plaintiffs had taken or noticed depositions that exhausted the Plaintiffs' ten deposition limit as to Aventis.  Accordingly, on September 26, 2005, Aventis' counsel, Michael DeMarco, wrote to Plaintiffs' counsel, John Macoretta, reminding Mr. Macoretta of Local Rule 26.1(C) which provides that unless a judicial officer orders otherwise, each party is limited to ten depositions and noting that the Plaintiffs had already noticed ten Aventis depositions.  See Mr. DeMarco's September 26, 2005 letter attached hereto as Exhibit A.

Mr. Macoretta responded to Mr. DeMarco by letter dated September 30, 2005, arguing that Magistrate Judge Bowler had previously rejected "the same ridiculous argument concerning deposition limits under the Local Rules [when asserted by a Track 1 defendant]."  See Mr. Macoretta's September 30, 2005 letter attached hereto as Exhibit B.  Mr. Macoretta asserted that the Plaintiffs were entitled to additional depositions, in part, because "discovery is ongoing in both the AWP and Connecticut Actions" and citing that "[u]nder Connecticut Rules, there is no limit on the number of depositions a party can take."  Exhibit B at paragraph 2.  Mr. Macoretta concluded that the Plaintiffs believed that Aventis' position on the ten deposition limit of Local Rule 26.1(C) was "meritless" and invited Aventis to file for an appropriate protective order. Exhibit B at paragraph 3.

Five days later, on October 4, 2005, Plaintiffs served Aventis with a Notification of Deposition and Request for Production of Documents seeking two additional depositions of former Aventis employees.  See Mr. DeMarco's October 4, 2005 letter attached hereto as Exhibit C.  In his letter, Mr. DeMarco urged Mr. Macoretta to reconsider Plaintiffs' position that Plaintiffs were entitled to take an unlimited number of depositions of Aventis' current and former employees without leave of court.  See Exhibit C at paragraphs 1-2.  Additionally, as directed by Local Rule 37.1(A), Mr. DeMarco requested a discovery conference regarding the

parties' dispute. See Exhibit C at paragraph 3. The parties conferred on October 11, 2005 and, as set forth in the Local Rule 7.1(A)(2) and 37.1 Certification, infra, the parties were unable to resolve the instant dispute. Subsequent to the parties meet-and-confer, the Plaintiffs, on October 14, 2005, noticed the deposition of an additional Aventis employee, John DuPont, bringing to thirteen the total number of Aventis depositions noticed by Plaintiffs.

## ARGUMENT

The Local Rules for the District of Massachusetts are clear; the number of depositions which may be taken by any party is limited to ten unless the court rules otherwise. "Unless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to ten (10) depositions…" Local Rule 26.1(C). The limits contained in Local Rule 26.1(C) are intended to enable courts to appropriately manage the discovery process, to minimize needlessly expensive or otherwise burdensome discovery and to prevent litigants from misusing discovery for the purposes of delay or oppression. See Wittingham v. Amherst College, 163 F.R.D. 170, 171-72 (D. Mass. 1995).[2]

In this District, the parties may not modify the ten deposition limit of Fed. R. Civ. P. 30(a)(2)(A) and Local Rule 26.1(C) by stipulation, but rather, must seek leave of court. As this Court has unequivocally ruled:

> A party seeking to take more than ten depositions must *explicitly* seek and obtain leave of court before that party can commence any depositions in excess of the ten-deposition limit [pursuant to Fed. Civ. P. 30(a)(2)(A)]. I rule that the same is true with respect to Local Rule 26.1(C).

---

[2] Local Rule 26.1(C) is consistent with and specifically expands upon Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure which provides that "A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)…if, without the written stipulation of the parties, a proposed deposition would result in more than ten depositions being taken under this rule."

Advanced Sterilization Products v. Jacob, 190 F.R.D. 284, 286 (D. Mass. 2000) (emphasis retained).  Plaintiffs violated both Fed. R. Civ. P. 30(a)(2)(A) and Local Rule 26.1(C) by not seeking leave of court before attempting to notice depositions that exceed the limits of these rules.  See Advanced Sterilization, 190 F.R.D. at 286.

During the parties' Local Rule 7.1(A)(2) and 37.1 conference on the instant motion, Plaintiffs' counsel complained that Aventis had not cooperated with discovery and had produced few knowledgeable witnesses either through its own designations or in response to Plaintiffs' notices.  Plaintiffs' counsel admitted during the conference, however, that no Track 2 defendant has produced as many witnesses as Aventis.  Plaintiffs' counsel's real frustration, as revealed during the conference, was that neither the witnesses designated by the Company nor those noticed by Plaintiffs had testified the way Plaintiffs wanted them to.  Though this is hardly a basis for ignoring the rules of this District, Plaintiffs' counsel indicated he intended to notice as many as 15 *additional* depositions of as-yet-unidentified senior executives, sales representatives, and/or middle managers of Aventis.  When asked, however, Plaintiffs' counsel was unable to support this claimed need for discovery by identifying a single additional witness by name or title.  Plaintiffs' counsel closed the conference by indicating that it had always been the intent of Plaintiffs to violate the ten deposition rule and that barring a motion for protective order being filed by Aventis, the depositions of the Company would continue without regard to the local rule limits because the case was a large and complex one.

Plaintiffs' counsel's reliance on case size or complexity to provide de facto exceptions to discovery limitations is neither logical nor supported by authority.  In fact, the cases are to the contrary.  "The discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest.  Parties are entitled to a reasonable

opportunity to investigate the facts—and no more." Vakharia v. Swedish Covenant Hosp., Case No. 90-C-6548, 1994 WL 75055, at *2 (N.D. Ill. Mar. 9, 1994). Discovery should not be an exercise in annoyance, but rather, a reasoned process, conducted within the bounds of the applicable rules of civil procedure:

> The Federal Rules of Civil Procedure are to be construed and administered to secure the just, speedy, and inexpensive determination of every action. *See* Rule 1. They are not, however, to be ignored. Conformity with the Rules is especially important in a complex, multi-district anti-trust case like this, involving, as it does, six plaintiffs and ten defendants, represented by some two dozen attorneys.

In re Sulfuric Acid Antitrust Litigation, No. 03-C-4576, MDL No. 1536, 2005 WL 1994105, at *6 (N.D. Ill. Aug. 19, 2005).

Under Fed. R. Civ. P. 26(c)(1), a party from whom discovery is sought may move the court, upon "good cause shown" for a protective order to prevent "annoyance, embarrassment, oppression, or undue burden or expense, including . . . (1) that the disclosure or discovery not be had." These conditions are clearly met here and Aventis is entitled to a protective order in light of Plaintiffs' persistent and improper refusal to abide by the applicable rules. Plaintiffs have conducted or seek to conduct two separate 30(b)(6) depositions (involving of a total of six witnesses to date) in addition to eleven fact witnesses noticed by Plaintiffs, and have advised Aventis' counsel that the Plaintiffs intend to notice an additional fourteen depositions of as-yet-unidentified Aventis witnesses. Plaintiffs claim a "right" to change the local rules unilaterally to allow not ten depositions, but twenty-eight. The sort of unfettered, scattershot discovery Plaintiffs apparently seek of Aventis is precisely the sort of abuse of the process that the local rules were designed to prevent. Plaintiffs' breathtaking conclusion that efforts to enforce the District's local rules are "ridiculous" and wholly inapplicable to their claims should not be

permitted to stand.  Unless checked, these abuses will continue to impose annoyance, embarrassment, oppression and undue burden and expense on Aventis and its employees.  Such deliberate indifference to this Court's rules should not be rewarded.  See, e.g., Odie v. General Motors Corp., 131 F.R.D. 365, 366 (D. Mass. 1990) (imposing sanctions pursuant to Fed. R. Civ. P. 16(f), reasoning that "plaintiff's counsel's actions evidence a deliberate indifference to the provisions of the scheduling orders of this Court.  Such an attitude, if not the subject of sanctions when manifested in violations of the scheduling orders, tends to make a mockery of the Court's efforts to manage civil cases in an efficient manner.").

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Aventis hereby requests oral argument on the instant Motion.

## CONCLUSION

For the foregoing reasons, Aventis respectfully requests that the Court grant its Motion for Protective Order limiting the Plaintiffs from conducting more than ten depositions of Aventis.

/s/ Michael DeMarco
Michael DeMarco (BBO #119960)
   mdemarco@klng.com
Aimée E. Bierman (BBO #640385)
   abierman@klng.com
KIRKPATRICK&LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA  02109-1808
(617) 261-3100

>Michael L. Koon
>James P. Muehlberger
>SHOOK, HARDY & BACON L.L.P.
>2255 Grand Boulevard
>Kansas City, Missouri  64108-2613
>(816) 474-6550
>
>Attorneys for Defendant Aventis
>Pharmaceuticals Inc.

Dated:  October 19, 2005

## LOCAL RULE 7.1(A)(2) AND 37.1 CERTIFICATION

On October 11, 2005 at 5:00 p.m. a telephonic conference was held between Michael DeMarco, Michael Koon and Aimée E. Bierman on behalf of Aventis Pharmaceuticals Inc. and John A. Macoretta on Plaintiffs' behalf to narrow the areas of disagreement.  The parties were unable to resolve their dispute regarding whether the plaintiffs may take depositions in excess of the ten deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A) and Local Rule 26.1(C).

>/s/ Michael DeMarco
>Michael DeMarco

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2005, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

>/s/ Michael DeMarco
>Michael De Marco