# Exhibit E




**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>CIVIL ACTION: 01-CV-12257-PBS<br>Judge Patti B. Saris |
|---|---|
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the District Court for the District of Massachusetts, Plaintiffs hereby request that you produce the documents requested herein within thirty (30) days.

## I. DEFINITIONS

1. "Document(s)" is used in the broadest possible sense and means without limitation, any written, printed, typed, photostated, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings. Without limiting the generality of the foregoing, "document" includes, but is not limited to, correspondence, memoranda, notes, records, letters,




envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or of other communications of any type, including inter-office and intra-office communications, electronic mail/messages and/or "e-mail," electronically stored telephone messages and/or "voice-mail," questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by you or anyone else.

2. "All documents" means every document and every non-identical copy known to you and every such document or writing which you can locate or discover by reasonably diligent efforts, including, but not limited to, documents now in the possession, custody or control of Defendant, its merged or acquired predecessors, its former and present directors, officers, counsel, agents, employees and/or persons acting on its behalf.

3. The term "Defendant" refers to any Defendant, its officers, directors, affiliates, employees, representatives and agents (whether actual, apparent or otherwise).

4. "You" or "Your" means the Defendant responding to these Requests and any of its subsidiaries, divisions, affiliates, officers, directors, employees or agents, including, but not limited to, attorneys and accountants.




5. "Person" shall refer to natural persons, firms, joint owners, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies, departments or bureaus (governmental or private), and any other form of business, governmental or juridical person or legal entity.

6. "Concerning" means relating to, referring to, in connection with, pertaining to, describing, discussing, analyzing, reflecting, summarizing, evidencing, embodying or constituting.

7. "Meeting" means any discussion between two or more persons either in person or telephonically.

8. "Communication" and "communications" are used in a comprehensive sense, and shall mean and include every conceivable manner or means of disclosure, transfer or exchange of oral or written information (in the form of facts ideas, inquiries or otherwise) between one or more persons or entities including, but not limited to, writings, documents, inter- and intra-office memoranda, correspondence, meetings, conferences, conversations, and/or agreements, whether face-to-face, by telephone, by mail, by telecopier, by telex, by computer or otherwise.

9. "AWP" means the Average Wholesale Price reported to and/or reported by an industry trade publication.

10. "AWPID" means any of the drugs identified in Appendix A to the proposed amended complaint.

11. "Covered Drugs" means pharmaceuticals that are reimbursed under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et. seq*.

12. "PBM" refers to a Pharmacy Benefit Manager.




13. "Medicare," "Medicare Program" or "Medicare Part B" means the government reimbursement system for prescription pharmaceuticals under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et. seq*.

14. Government Investigation" refers to any ongoing or closed investigation conducted by the Consumer, Energy and/or Ways and Means Committees of the United States Congress, the United States Department of Justice, the United States General Accounting Office, Federal Trade Commission, the Office of the United States Inspector General, the United States Department of Health and Home Services, or any other federal, state or local governmental entity without regard to time period.

## II. RULES OF CONSTRUCTION

1. All/Each - The terms "all" and "each" shall be construed as meaning either all and each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

2. And/Or - The connectives "and" and "or" shall be construed either disjunctively and conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3. The use of the singular form of any word shall include the plural and vice versa.

4. The masculine gender includes the feminine.

## III. INSTRUCTIONS

1. A document shall be deemed to be in your control if you have the right to secure the document or copy thereof from another person or public or private entity having possession or custody thereof. If any otherwise responsive document was, but is no longer, in existence or




in your possession, custody or control, or has been lost, discarded or destroyed, said document shall be identified as completely as possible including, but not limited to, the following information:

(a) the date of disposal or disposition from your possession, custody or control;

(b) the manner of disposal or disposition from your possession, custody or control;

(c) the reason for disposal or disposition from your possession, custody or control;

(d) the person authorizing disposal or disposition from your possession, custody or control;

(e) the document's current or last known custodian;

(f) the circumstances surrounding the document's disposition from your possession, custody or control;

(g) the generic category of the document, *e.g.*, memo, letter, computer print-out, etc.;

(h) the type(s) of information contained in the document; and

(i) the identity of all persons having knowledge or who had knowledge of the contents of the document.

2. Unless otherwise indicated, the documents to be produced include all documents prepared, sent, dated or received, or those which otherwise came into existence at anytime during the relevant period described herein.

3. (a) Where an objection is made to any document request under Fed. R. Civ. P. 34, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.




(b) Where a claim of privilege is asserted in objecting to any document demand, or sub-part thereof, and an answer is not provided on the basis of such assertion:

(i) the attorney asserting the privilege shall in the objection to the document demand, or sub-part thereof; identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and

(ii) the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(A) for documents: (1) the type of document; (2) general subject matter of the document; (3) the date of the document; (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other;

(B) for oral communications: (1) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (2) the date and the place of communication; (3) the general subject matter of the communication.

4. Notwithstanding the assertion of any objection to production, any document to which an objection is raised containing non-objectional subject matter which is relevant and material to a request must be produced, but that portion of the document for which the objection is asserted may be withheld or redacted provided that the above-requested information is furnished.




5. This request is continuing and all documents coming into your possession, custody or control which you would have been required to produce had they been available earlier shall be produced forthwith in accordance with the Federal Rules of Civil Procedure.

6. Each document requested herein is requested to be produced in its entirety and without deletion or excisions, regardless of whether you consider the entire document to be relevant or responsive to these requests. If you have redacted any portion of a document, stamp the word "redacted" on each page of the document which you have redacted. Redactions should be included on the privilege log described in Instruction 3.

7. The fact that a document is produced by one defendant does not relieve any other defendant of the obligation to produce his or its copy of the same document, even if the two documents are identical in all respects.

8. In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

9. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

10. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

11. Documents attached to each other should not be separated.




12. Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this discovery request, or if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

## IV. RELEVANT TIME PERIOD

The relevant period of these document requests, unless otherwise indicated, shall be from January 1, 1991, to the date of production and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

## V. REQUESTS FOR PRODUCTION

1. All documents produced by you, whether voluntarily or involuntary, in any government investigation related to the use of AWP in Medicare reimbursement.

2. All documents received from or provided to any trade association (such as the Pharmaceutical Research and Manufacturers of America), and any of its organizational subcommittees, including meeting agendas and minutes, related to (i) any Covered Drug, (ii) Medicare, (iii) the AWP for Covered Drugs, which, in accordance with Health Care Financing Administration Program Memorandum AB-99-63, issued by the U.S. Dept. of Health and Human Services, is the figure upon which the Medicare reimbursement rate and co-payment for Covered Drugs may be based; (iv) publications identified in Health Care Financing Administration Program Memorandum AB-99-63, including the Red Book, Blue Book, and




Medispan ("pharmaceutical industry publications"); or (v) the Government Investigation, for the Relevant Time Period.

3. All documents sufficient to identify each AWPID and brand name drug manufactured by you for the Relevant Time Period.

4. All documents relating to any legal proceeding (by country, court, caption, case number, etc.), including but not limited to court hearings, legislative hearings, mediations or arbitrations, in which you were a party, regarding any allegation that you overstated, misstated, or otherwise manipulated the AWP for any AWPID for the Relevant Time Period.

5. All documents relating to any understanding or agreement between you and any other pharmaceutical company regarding the AWP, prices, pricing discounts, rebates, bids, incentives, penalties, or volumes for any AWPID during the Relevant Time Period.

6. All affidavits, declarations, depositions, or other written statements, including drafts, provided by you regarding any allegation that you overstated, misstated or otherwise manipulated the AWP for any AWPID during the Relevant Time Period.

7. All documents relating to any actual, proposed, or prospective price announcements, price changes, discount programs, rebates, incentives, penalties, or price lists issued by you for each AWPID, including the methodology and procedures used by you in considering whether to increase or decrease prices during the Relevant Time Period.

8. All documents relating to any actual, proposed, or prospective AWP announcements, changes, discount programs, rebates, incentives, penalties, or lists issued by you for each AWPID or brand name drug, including the methodology and procedures used by you in considering whether to increase or decrease the AWP of each AWPID or brand name drug during the Relevant Time Period.




9. All documents relating to the use or provision of free samples, educational grants, marketing grants, volume discounts, rebates, payment for specific data gathering, financial incentive, or other incentive to induce purchases of any AWPID during the Relevant Time Period.

10. All documents relating to your role in the publication, appearance, or advertisement of the AWP of each AWPID in pharmaceutical-related industry publications during the Relevant Time Period.

11. All documents, including organizational charts that describe or list the individuals responsible for determining the AWP for each AWPID drug during the Relevant Time Period.

12. For each AWPID, documents sufficient to identify during the class period:

(a) The published AWP;

(b) AMP (average manufacturer price);

(c) ASP (Actual sales price, *i.e.*, the price after discounts);

(d) EAC (estimated acquisition cost);

(e) Earned margin (difference between AWP and actual product cost);

(f) All documents that relate to discussions of spreads or reimbursement profiles, using AWP as an incentive; and

(g) Documents that indicate whether the AWP, ASP, AMP and Earned Margin include all rebates, discounts, allowances and any other incentives provided to third parties.

13. Any computer programs, printouts, or other documents provided to doctors which discuss using the spread or the benefits of the spread.




14. Any documents discussing the amount of profit a provider could achieve due to the spread on an AWPID.

15. Any sales and marketing materials comparing the costs and spread of an AWPID you manufactured with those of a competitive drug.

16. All documents evidencing any meetings where raising the AWP on any AWPID was discussed.

17. All documents accounting for the free samples given for any AWPID.

18. All documents evidencing any grants provided to any hospital or provider in return for use of an AWPID.

19. Complete contact information for all personnel with sales responsibility for AWPIDs. Include Sales Representatives, District Managers, Regional Managers, and National Sales Manager.

20. Complete contact information for all personnel with marketing and promotional activity for AWPIDs. Include Marketing Department Product or Brand Managers, and members of Marketing Advisory Boards.

21. A list of all national level sales awards available for each AWPID.

22. Quarterly, semi-annual and annual business plans for each winner of the top national sales award winners and direct supervisors.

23. All Unrestricted Educational Grant Requests.

24. Copies of all Unrestricted Educational Grants provided to any purchasing customer of an AWPID during the relevant period.

25. Full contact information for any parent, sibling or other relative of a hemophilia patient who has received monetary compensation of any kind from defendant.




26. All documents relating to any communications, including meetings, between you and any other pharmaceutical company regarding:

(a) any actual, proposed or prospective price announcements, price changes, or price lists for any Covered Drug or brand name drug;

(b) any actual, proposed, or prospective pricing methods, practices, policies or strategies for any Covered Drug or brand name drug;

(c) any actual, proposed, or prospective marketing methods, practices, policies, or strategies for any covered Drug or brand name drug;

(d) territories or markets for sales or potential sales for any Covered Drug or brand name drug;

(e) Medicare Part B and its policy of reimbursement for any Covered Drug;

(f) the AWP of any Covered Drug or brand name drug;

(g) pharmaceutical industry publications; and

(h) market conditions or market shares.

27. All data maintained in electronic form relating to the pricing, cost data and sales data, including the AWP, of each AWPID in the United States for the Relevant Time Period. Produce such data in electronic form, Plaintiff also requests that you produce all documents or instructions necessary to access, process, read and use the electronic data.

28. All data maintained in electronic form relating to customer invoices for each AWPID, including, but not limited to, customer names and addresses, purchase volume, prices, and discounts for the Relevant Time Period. Produce such data in electronic form and include all documents and/or instructions necessary to access, process, read and use the electronic data.




29. All documents sufficient to identify your distribution policies and procedures in the U.S. pharmaceuticals market for every AWPID during the Relevant Time Period.

30. All documents relating to any actual, proposed, or prospective pricing methods, practices, policies or strategies for each AWPID during the Relevant Time Period.

31. All documents relating to any actual, proposed, or prospective marketing methods, practices, policies, or strategies for each AWPID during the Relevant Time Period.

32. All documents relating to any communication with doctors, other health care professionals, or any person or entity providing health care services to seek Medicare reimbursement or consumer co-payment for free samples of each Covered Drug or brand name drug you provided to them during the Relevant Time Period.

33. All marketing and sales materials which compare the AWP, price, market share, rebates, pricing discounts, incentives, or penalties for each AWPID with the AWP of any other pharmaceutical during the Relevant Time Period.

34. All documents sufficient to identify your policy or practice of document retention, destruction, disposal or preservation for the time period 1991 to the present.

DATED: June 17, 2003

Respectfully submitted,

(Signature on Original)

By ______________________________

Thomas M. Sobol
Edward Notargiacomo
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
Telephone: (617) 482-3700
Facsimile: (617) 482-3003




Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*LIAISON AND CO-LEAD COUNSEL*

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Elizabeth Fegan Hartweg
Kenneth A. Wexler & Associates
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel Heins
Brian Williams
Heins, Mills & Olson, P.C.
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

CO-LEAD COUNSEL




Michael McShane
Alexander, Hawes & Audet, LLP
300 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 982-1886
Facsimile: (415) 576-1776

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
Shreveport, LA 71103
Telephone: (318) 226-0826
Facsimile: (318) 424-9900

PLAINTIFFS LEAD COUNSEL COMMITTEE

Anthony Bolognese
Bolognese & Associates
One Penn Center
1617 JFK Boulevard, Suite 650
Philadelphia, PA 19103
Tel: (215) 814-6750
Fax: (215) 814-6764

Michael J. Flannery
Carey & Danis, LLC
676 North Michigan Ave., Suite 3110
Chicago, IL 60611
Tel: (312) 649-0100
Fax: (312) 664-7731

Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Ave. N.E., Suite 300
Washington, DC 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

Neal Goldstein (Of Counsel)
Freedman & Lorry, PC
400 Market Street, Suit 900
Philadelphia, PA 19106
Tel: (215) 925-8400
Fax: (215) 925-7516




Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL 33134
Tel: (305) 357-9000
Fax: (305) 357-9050

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street, Suite 1700
San Diego, CA 92101
Tel: (619) 338-1133
Fax: (619) 338-1139

Jonathan D. Karmel
Karmel & Gilden
221 N. LaSalle Street
Suite 1414
Chicago, IL 60601
Tel: (312) 641-2910
Fax: (312) 641-0781

Dianne M. Nast
Roda & Nast, PC
801 Estelle Drive
Lancaster, PA 17601
Tel: 717-892-3000
Fax: 717-892-1200

Henry H. Rossbacher
Rossbacher & Associates
811 Wilshire Boulevard, Suite 1650
Los Angeles, CA 90017-2666
Tel: (213) 895-6500
Fax: (213) 895-6161

Jonathan Shub
Sheller, Ludwig & Badey, P.C.
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102
Tel: (215) 790-7300
Fax: (215) 546-0942

Scott R. Shepherd
Shepherd & Finkleman, LLC
117 Gayley Street, Suite 200
Media, PA 19063
Tel: (610) 891-9880
Fax: (610) 891-9883




Lee Squitieri
Squitieri & Fearon
521 Fifth Avenue, 26th floor
New York, NY 10175
Tel: (646) 487-3049
Fax: (646) 487-3095

Lisa J. Rodriguez
Ira Neil Richards
Trujillo Rodriguez& Richards, LLC
The Penthouse
226 West Rittenhouse Square
Philadelphia, PA 19103
Tel: (215) 731-9004
Fax: (215) 731-9044

Mitchell A. Toups
Weller, Green, Toups & Terrell, L.L.P.
2615 Calder Street, Suite 400
Beaumont, TX 77704
Tel: (409) 838-0101
Fax: 409-838-6780

Damon Young
Lance Lee
Young, Pickett & Lee
4122 Texas Boulevard
Texarkana, AR/TX 75504
Tel: (903) 794-1303
Fax: 903-792-5098; 903-794-5098

Stephen C. Richman, Esq.
Markowitz & Richman
121 South Broad Street
1100 North America Building
Philadelphia, PA 19107
Telephone: (215) 875-3100