# Exhibit F




**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>CIVIL ACTION: 01-CV-12257-PBS<br>Judge Patti B. Saris |
| --- | --- |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | |

**PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS TO AVENTIS, ABBOTT, AMGEN, BOEHRINGER, BMS, JOHNSON & JOHNSON, GSK, HOFFMAN, IMMUNEX AND SCHERING-PLOUGH AND INTERROGATORIES TO ALL DEFENDANTS SUBJECT TO DISCOVERY**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the District Court for the District of Massachusetts, Plaintiffs hereby request that you produce the documents requested herein within thirty (30) days.

## I. DEFINITIONS

1. "Document(s)" is used in the broadest possible sense and means without limitation, any written, printed, typed, photostated, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any




non-conforming notes or other markings. Without limiting the generality of the foregoing, "document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or of other communications of any type, including inter-office and intra-office communications, electronic mail/messages and/or "e-mail," electronically stored telephone messages and/or "voice-mail," questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by you or anyone else.

2. "All documents" means every document and every non-identical copy known to you and every such document or writing which you can locate or discover by reasonably diligent efforts, including, but not limited to, documents now in the possession, custody or control of Defendant, its merged or acquired predecessors, its former and present directors, officers, counsel, agents, employees and/or persons acting on its behalf.

3. The term "Defendant" refers to any of the Defendants to whom this is directed, its officers, directors, affiliates, employees, representatives and agents (whether actual, apparent or otherwise).




4. "You" or "Your" means the Defendant responding to these Requests and any of its subsidiaries, divisions, affiliates, officers, directors, employees or agents, including, but not limited to, attorneys and accountants.

5. "Person" shall refer to natural persons, firms, joint owners, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies, departments or bureaus (governmental or private), and any other form of business, governmental or juridical person or legal entity.

6. "Concerning" means relating to, referring to, in connection with, pertaining to, describing, discussing, analyzing, reflecting, summarizing, evidencing, embodying or constituting.

7. "Meeting" means any discussion between two or more persons either in person or telephonically.

8. "Communication" and "communications" are used in a comprehensive sense, and shall mean and include every conceivable manner or means of disclosure, transfer or exchange of oral or written information (in the form of facts, ideas, inquiries or otherwise) between one or more persons or entities including, but not limited to, writings, documents, inter- and intra-office memoranda, correspondence, meetings, conferences, conversations, and/or agreements, whether face-to-face, by telephone, by mail, by telecopier, by telex, by computer or otherwise.

9. "AWP" means the Average Wholesale Price reported to and/or reported by an industry trade publication.

10. "AWPID" means any of the drugs identified in Appendix A.

11. "Covered Drugs" means pharmaceuticals that are reimbursed under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et. seq.*




12. "PBM" refers to a Pharmacy Benefit Manager.

13. "Medicare," "Medicare Program" or "Medicare Part B" means the government reimbursement system for prescription pharmaceuticals under Title XVIII of the Social Security Act, 42 U.S.C. § 1395, *et. seq.*

14. "Government Investigation" refers to any ongoing or closed investigation conducted by the Commerce, Energy and/or Ways and Means Committees of the United States Congress, the United States Department of Justice, the United States General Accounting Office, Federal Trade Commission, the Office of the United States Inspector General, the United States Department of Health and Home Services, or any other federal, state or local governmental entity without regard to time period.

## II. RULES OF CONSTRUCTION

1. All/Each – The terms "all" and "each" shall be construed as meaning either all and each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

2. And/Or – The connectives "and" and "or" shall be construed either disjunctively and conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3. The use of the singular form of any word shall include the plural and vice versa.

4. The masculine gender includes the feminine.

## III. INSTRUCTIONS

1. A document shall be deemed to be in your control if you have the right to secure the document or copy thereof from another person or public or private entity having possession




or custody thereof. If any otherwise responsive document was, but is no longer, in existence or in your possession, custody or control, or has been lost, discarded or destroyed, said document shall be identified as completely as possible including, but not limited to, the following information:

(a) the date of disposal or disposition from your possession, custody or control;

(b) the manner of disposal or disposition from your possession, custody or control;

(c) the reason for disposal or disposition from your possession, custody or control;

(d) the person authorizing disposal or disposition from your possession, custody or control;

(e) the document's current or last known custodian;

(f) the circumstances surrounding the document's disposition from your possession, custody or control;

(g) the generic category of the document, *e.g.*, memo, letter, computer print-out, etc.;

(h) the type(s) of information contained in the document; and

(i) the identity of all persons having knowledge or who had knowledge of the contents of the document.

2. Unless otherwise indicated, the documents to be produced include all documents prepared, sent, dated or received, or those which otherwise came into existence at anytime during the relevant period described herein.




3. (a) Where an objection is made to any document request under Fed. R. Civ. P. 34, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

(b) Where a claim of privilege is asserted in objecting to any document demand, or sub-part thereof, and an answer is not provided on the basis of such assertion:

(i) the attorney asserting the privilege shall in the objection to the document demand, or sub-part thereof, identify the nature of the privilege (including work product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and

(ii) the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(A) for documents: (1) the type of document; (2) general subject matter of the document; (3) the date of the document; and, (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other;

(B) for oral communications: (1) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (2) the date and the place of communication; and, (3) the general subject matter of the communication.




4. Notwithstanding the assertion of any objection to production, any document to which an objection is raised containing non-objectional subject matter which is relevant and material to a request must be produced, but that portion of the document for which the objection is asserted may be withheld or redacted provided that the above-requested information is furnished.

5. This request is continuing and all documents coming into your possession, custody or control which you would have been required to produce had they been available at an earlier time shall be produced forthwith in accordance with the Federal Rules of Civil Procedure.

6. Each document requested herein is requested to be produced in its entirety and without deletion or excisions, regardless of whether you consider the entire document to be relevant or responsive to these requests. If you have redacted any portion of a document, stamp the word "redacted" on each page of the document which you have redacted. Redactions should be included on the privilege log described in Instruction 3.

7. The fact that a document is produced by one defendant does not relieve any other defendant of the obligation to produce his or its copy of the same document, even if the two documents are identical in all respects.

8. In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

9. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.




10. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

11. Documents attached to each other should not be separated.

12. Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this discovery request, or if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

## IV. RELEVANT TIME PERIOD

The relevant period of these document requests, unless otherwise indicated, shall be from January 1, 1991, to the date of production and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

## V. REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

All documents produced by you, whether voluntarily or involuntary, in any governmental investigation or inquiry related to the use of AWP in Medicare or Medicaid reimbursement.

RESPONSE:




REQUEST FOR PRODUCTION NO. 2:

All documents received from or provided to any trade association (such as the Pharmaceutical Research and Manufacturers of America), and any of its organizational subcommittees, including meeting agendas and minutes, related to (i) any Covered Drug; (ii) Medicare; (iii) the AWP for Covered Drugs; (iv) publications identified in Health Care Financing Administration Program Memorandum AB-99-63, including the *Red Book*, *Blue Book*, and *Medispan* ("pharmaceutical industry publications"); or (v) the Government Investigation, for the Relevant Time Period.

RESPONSE:

REQUEST FOR PRODUCTION NO. 3:

All documents relating to any legal proceeding (by country, court, caption, case number, etc.), including but not limited to court hearings, legislative hearings, mediations or arbitrations, in which you were a party or witness, regarding any allegation that you or any other pharmaceutical manufacturer overstated, misstated, or otherwise manipulated the AWP for any AWPID for the Relevant Time Period.

RESPONSE:




REQUEST FOR PRODUCTION NO. 4:

All documents relating to any understanding or agreement between you and any other pharmaceutical company regarding the AWP, prices, pricing discounts, rebates, bids, incentives, penalties, or volumes for any AWPID during the Relevant Time Period.

RESPONSE:

REQUEST FOR PRODUCTION NO. 5:

All affidavits, declarations, depositions, or other written statements, including drafts, provided by you regarding any allegation that you overstated, misstated or otherwise manipulated the AWP for any AWPID during the Relevant Time Period.

RESPONSE:

REQUEST FOR PRODUCTION NO. 6:

All documents relating to any actual, proposed, or prospective price announcements, price changes, discount programs, rebates, incentives, penalties, or price lists issued by you for each AWPID, including the methodology and procedures used by you in considering whether to increase or decrease prices during the Relevant Time Period.

RESPONSE:




REQUEST FOR PRODUCTION NO. 7:

All documents evidencing any "credit memos" or credit extended to hospitals, GPOs or other purchasers of AWPIDs, including but not limited to credit memos or credit issued via a wholesaler to a purchaser, and/or credit for the purpose of "returned goods."

RESPONSE:

REQUEST FOR PRODUCTION NO. 8:

All documents setting forth the circumstances in which credit against the purchase of AWPIDs was or can be given to any hospital or purchaser of AWPIDs.

RESPONSE:

REQUEST FOR PRODUCTION NO. 9:

Any documents relating to the repackaging or relabeling of any AWPID including but not limited to:

(a) documents indicating that any AWPID with a specific NDC has been repackaged and is being sold with a different NDC, but is the same drug; and




(b) For any repackaged AWPID, documents evidencing the AWP of the original AWPID and of the repackaged AWPID, and documents evidencing the bases, methods and/or reasons for any change in the AWP.

RESPONSE:

REQUEST FOR PRODUCTION NO. 10:

Documents for the Relevant Time Period evidencing the price any AWPID sold to:

(a) the VA;

(b) any wholesaler;

(c) your top ten purchasers/retailers of each AWPID; *e.g.*, Walgreens, RiteAid, etc.;

(d) the highest price paid for any AWPID; and for the lowest price paid for any AWPID by any purchaser.

RESPONSE:

REQUEST FOR PRODUCTION NO. 11:

All documents discussing how your company or any other company defines AWP.

RESPONSE:




REQUEST FOR PRODUCTION NO. 12:

All documents discussing how AWP has been or is currently calculated for any AWPID.

RESPONSE:

REQUEST FOR PRODUCTION NO. 13:

All documents evidencing the names and addresses of employees with knowledge of:

(a) the provision of free samples; unrestricted educational grants; rebates, and credit memos to providers, PBMs, wholesalers, distributors, or purchasers of AWPID;

(b) the amount of profit a health care provider could achieve due to the spread on an AWPID; and

(c) marketing the spread of any AWPID.

RESPONSE:

REQUEST FOR PRODUCTION NO. 14:

All documents relating to any actual, proposed, or prospective AWP announcements, changes, discount programs, rebates, incentives, penalties, or lists issued by you for each

E-SERVED 12/03/03 06:17 PM ET AWP-MDL No.1456

AWPID or brand name drug, including the methodology and procedures used by you in considering whether to increase or decrease the AWP of each AWPID or brand name drug during the Relevant Time Period.

RESPONSE:

REQUEST FOR PRODUCTION NO. 15:

All documents relating to the use or provision of free samples, educational grants, marketing grants, volume discounts, rebates, credit memos, payment for specific data gathering, financial incentive, or other incentive to induce purchases of any AWPID during the Relevant Time Period.

RESPONSE:

REQUEST FOR PRODUCTION NO. 16:

All documents relating to your role in the publication, appearance, or advertisement of the AWP of each AWPID in pharmaceutical-related industry publications during the Relevant Time Period.

RESPONSE:




REQUEST FOR PRODUCTION NO. 17:

All documents, including organizational charts, that describe or list the individuals responsible for determining the AWP for each AWPID drug during the Relevant Time Period.

RESPONSE:

REQUEST FOR PRODUCTION NO. 18:

For each AWPID, documents sufficient to identify during the Relevant Time Period:

(a) The published AWP;

(b) AMP (average manufacturer price);

(c) ASP (Actual sales price, *i.e.*, the price after discounts);

(d) EAC (estimated acquisition cost);

(e) Earned margin (difference between AWP and actual product cost);

(f) All documents that relate to discussions of spreads or reimbursement profiles, using AWP as an incentive; and

(g) Documents that indicate whether the AWP, ASP, AMP and Earned Margin include all rebates, discounts, allowances, credits and any other incentives provided to third parties.

RESPONSE:




REQUEST FOR PRODUCTION NO. 19:

For each AWPID, sales representatives' field notes of the top ten sales representatives for each AWPID.

RESPONSE:

REQUEST FOR PRODUCTION NO. 20:

Any computer programs, printouts, or other documents provided to doctors which discuss using the spread or the benefits of the spread.

RESPONSE:

REQUEST FOR PRODUCTION NO. 21:

Any documents discussing the amount of profit a provider could achieve due to the spread on an AWPID.

RESPONSE:




REQUEST FOR PRODUCTION NO. 22:

Any sales and marketing materials comparing the costs and spread of an AWPID you manufactured with those of a competitive drug.

RESPONSE:

REQUEST FOR PRODUCTION NO. 23:

All documents evidencing any meetings where raising the AWP, or use of AWP as a marketing tool, on any AWPID was discussed.

RESPONSE:

REQUEST FOR PRODUCTION NO. 24:

All documents accounting for the free samples given for any AWPID.

RESPONSE:

REQUEST FOR PRODUCTION NO. 25:

All documents evidencing any grants or credits provided to any hospital or provider in return for use of an AWPID.




RESPONSE:

REQUEST FOR PRODUCTION NO. 26:

Complete contact information for all personnel with sales responsibility for AWPIDs. Include Sales Representatives, District Managers, Regional Managers, and National Sales Manager, and include home address and telephone number.

RESPONSE:

REQUEST FOR PRODUCTION NO. 27:

Complete contact information for all personnel with responsibility for marketing and promotional activity for AWPIDs. Include Marketing Department Product or Brand Managers, and members of Marketing Advisory Boards, and include home address and telephone number.

RESPONSE:

REQUEST FOR PRODUCTION NO. 28:

A list of all national level sales awards available for each AWPID.




RESPONSE:

REQUEST FOR PRODUCTION NO. 29:

Quarterly, semi-annual and annual business plans for each winner of the top national sales award winners and direct supervisors.

RESPONSE:

REQUEST FOR PRODUCTION NO. 30:

All Unrestricted Educational Grant Requests provided as a direct or indirect result of purchases of an AWPID.

RESPONSE:

REQUEST FOR PRODUCTION NO. 31:

Copies of all Unrestricted Educational Grants provided to any purchasing customer of an AWPID during the Relevant Time Period.




RESPONSE:

REQUEST FOR PRODUCTION NO. 32:

All documents relating to any communications, including meetings, between you and any other pharmaceutical company regarding:

(a) any actual, proposed or prospective price announcements, price changes, or price lists for any Covered Drug or brand name drug;

(b) any actual, proposed, or prospective pricing methods, practices, policies or strategies for any Covered Drug or brand name drug;

(c) any actual, proposed, or prospective marketing methods, practices, policies, or strategies for any Covered Drug or brand name drug;

(d) territories or markets for sales or potential sales for any Covered Drug or brand name drug;

(e) Medicare Part B and its policy of reimbursement for any Covered Drug;

(f) the AWP of any AWPID;

(g) pharmaceutical industry publications; and

(h) market conditions or market shares.

RESPONSE:




REQUEST FOR PRODUCTION NO. 33:

All data maintained in electronic form relating to the pricing, cost data and sales data, including the AWP, of each AWPID in the United States for the Relevant Time Period. Produce such data in electronic form; Plaintiffs also request that you produce all documents or instructions necessary to access, process, read and use the electronic data.

RESPONSE:

REQUEST FOR PRODUCTION NO. 34:

All data maintained in electronic form relating to customer invoices for each AWPID, including, but not limited to, customer names and addresses, purchase volume, prices, and discounts for the Relevant Time Period. Produce such data in electronic form and include all documents and/or instructions necessary to access, process, read and use the electronic data.

RESPONSE:

REQUEST FOR PRODUCTION NO. 35:

All documents sufficient to identify your distribution policies and procedures in the U.S. pharmaceuticals market for every AWPID during the Relevant Time Period.

RESPONSE:




REQUEST FOR PRODUCTION NO. 36:

All documents relating to all actual, proposed, or prospective marketing methods, practices, policies, or strategies for each AWPID during the Relevant Time Period.

RESPONSE:

REQUEST FOR PRODUCTION NO. 37:

All documents relating to any communication with doctors, other health care professionals, or any person or entity providing health care services to seek Medicare reimbursement or consumer co-payment for free samples of each Covered Drug or brand name drug you provided to them during the Relevant Time Period.

RESPONSE:

REQUEST FOR PRODUCTION NO. 38:

All marketing and sales materials which compare the AWP, price, market share, rebates, pricing discounts, incentives, or penalties for each AWPID with the AWP of any other pharmaceutical during the Relevant Time Period.




RESPONSE:

REQUEST FOR PRODUCTION NO. 39:

All documents sufficient to identify your policy or practice of document retention, destruction, disposal or preservation for the time period 1991 to the present.

RESPONSE:

## VI. INTERROGATORIES

INTERROGATORY NO. 1:

For the period beginning January 1, 1998, and for each subsequent calendar quarter, and with respect to each of the AWPIDs, identify the following information:

a. the total volume of sales, indicating both the number of units and net revenue;

b. the "average wholesale price" (AWP), as reported in Medical Economics *Red Book*, *First Data Bank* and/or *MediSpan*, and the volume of sales (in both units and net revenue) occurring (i) at or within five percent of AWP, whether higher or lower, (ii) at more than five percent above AWP, and (iii) at more than five percent below AWP;

c. the " average manufacturer price" ("AMP"), as reported to the Secretary of Health and Human Services, pursuant to the requirements of Social Security Act ("SSA")




§ 1927(b)(3), and the volume of sales (in both units and net revenue) occurring (i) at AMP and up to and including 10% above AMP, and less than or equal to 10% below AMP (broken out separately), (ii) at greater than 10% above AMP but less than or equal to 20% above AMP, and at greater than 10% below AMP but less than or equal to 20% below AMP (broken out separately), (iii) at greater than 20% above AMP but less than or equal to 30% above AMP, and at greater than 20% below AMP but less than or equal to 30% below AMP (broken out separately), (iv) at greater than 30% above AMP but less than or equal to 40% above AMP, and at greater than 30% below AMP but less than or equal to 40% below AMP (broken out separately), and (v) at greater than 40% above AMP but less than or equal to 50% above AMP, and at greater than 40% below AMP but less than or equal to 50% below AMP (broken out separately);

d. the "wholesale acquisition cost" ("WAC"), as reported by Medical Economics *Red Book*, *First Data Bank* and/or *MediSpan* or any other such entity that gathers and publishes "wholesale acquisition costs," and the volume of sales (in both units and net revenue) occurring (i) at or within five percent of WAC, whether higher or lower, (ii) at more than five percent above WAC, and (iii) at more than five percent below WAC;

e. the "best price," as reported to the Secretary of Health and Human Services, pursuant to the requirements of SSA § 1927(b)(3), and the volume of sales (in both units and net revenue) occurring (i) at or within five percent of the best price, whether higher or lower, (ii) at more than five percent above best price, and (iii) at more than five percent below best price (if applicable);

f. the total volume of sales, in both the number of units and net revenue, exempted from the calculation of the Medicaid best price as "merely nominal in amount," pursuant to the requirements of SSA § 1927(c)(1)(C)(ii)(III);




g. the average price of the "nominal" sales, referenced in subsection (f), above; and

h. the total volume of the subject drug, in units, distributed as free goods.

ANSWER:

INTERROGATORY NO. 2:

For the period beginning January 1, 1998, to the present, has the distribution, marketing, sales or promotion of any AWPID considered, incorporated, or been based upon, in any way, the spread? If so, please describe the circumstances of such distribution, marketing, sales, or promotion, and provide all documents relating thereto, and identify all past and current employees with knowledge of the facts relating to such marketing, sales or promotion.

ANSWER:

INTERROGATORY NO. 3:

For the period of January 1, 1998, to the present, please state for each calendar quarter the largest single purchaser, in terms of units, of each of the AWPIDs and the following:

a. the total number of units of the AWPIDs received by that purchaser; and

b. the total net revenue received for the AWPIDs by your company from that purchaser.




Please also produce the contract or agreement governing your relationship with that purchaser for each relevant quarter.

ANSWER:

INTERROGATORY NO. 4:

For the period of January 1, 1998, to the present, and for each subject drug, please provide a list of all purchasers who received the subject drug at a price exempted from the calculation of the Medicaid "best price," pursuant to the requirements of SSA _1927(c)(1)(C)(ii)(III), and, for each such purchaser, indicate the volume of the AWPID received by calendar quarter, in units, and the range of prices at which such purchaser received the subject drug for that quarter.

ANSWER:

INTERROGATORY NO. 5:

With respect to each AWPID, please describe how you calculate the prices and/or data reported to Medical Economics *Red Book*, *First Data Bank* or *MediSpan* or any other such entity that gathers and publishes either "average wholesale prices" or "wholesale acquisition costs."




ANSWER:

DATED: December 3, 2003

Respectfully submitted,

By ______________________
Thomas M. Sobol

Edward Notargiacomo
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*LIAISON AND CO-LEAD COUNSEL*

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735




Kenneth A. Wexler
Elizabeth Fegan Hartweg
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel Heins
Brian Williams
Heins, Mills & Olson, P.C.
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

CO-LEAD COUNSEL

Michael McShane
Alexander, Hawes & Audet, LLP
300 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 982-1886
Facsimile: (415) 576-1776

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
Shreveport, LA 71103
Telephone: (318) 226-0826
Facsimile: (318) 424-9900

PLAINTIFFS LEAD COUNSEL COMMITTEE

Anthony Bolognese
Bolognese & Associates
One Penn Center
1617 JFK Boulevard, Suite 650
Philadelphia, PA 19103
Tel: (215) 814-6750
Fax: (215) 814-6764

Michael J. Flannery
Carey & Danis, LLC
676 North Michigan Ave., Suite 3110
Chicago, IL 60611
Tel: (312) 649-0100
Fax: (312) 664-7731




Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Ave. N.E., Suite 300
Washington, DC 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

Neal Goldstein (Of Counsel)
Freedman & Lorry, PC
400 Market Street, Suit 900
Philadelphia, PA 19106
Tel: (215) 925-8400
Fax: (215) 925-7516

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL 33134
Tel: (305) 357-9000
Fax: (305) 357-9050

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street, Suite 1700
San Diego, CA 92101
Tel: (619) 338-1133
Fax: (619) 338-1139

Jonathan D. Karmel
Karmel & Gilden
221 N. LaSalle Street
Suite 1414
Chicago, IL 60601
Tel: (312) 641-2910
Fax: (312) 641-0781

Dianne M. Nast
Roda & Nast, PC
801 Estelle Drive
Lancaster, PA 17601
Tel: 717-892-3000
Fax: 717-892-1200

Henry H. Rossbacher
Rossbacher & Associates
811 Wilshire Boulevard, Suite 1650
Los Angeles, CA 90017-2666
Tel: (213) 895-6500
Fax: (213) 895-6161




Jonathan Shub
Sheller, Ludwig & Badey, P.C.
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102
Tel: (215) 790-7300
Fax: (215) 546-0942

Scott R. Shepherd
Shepherd & Finkleman, LLC
117 Gayley Street, Suite 200
Media, PA 19063
Tel: (610) 891-9880
Fax: (610) 891-9883

Lisa J. Rodriguez
Ira Neil Richards
Trujillo Rodriguez & Richards, LLC
The Penthouse
226 West Rittenhouse Square
Philadelphia, PA 19103
Tel: (215) 731-9004
Fax: (215) 731-9044

Mitchell A. Toups
Weller, Green, Toups & Terrell, L.L.P.
2615 Calder Street, Suite 400
Beaumont, TX 77704
Tel: (409) 838-0101
Fax: 409-838-6780

Damon Young
Lance Lee
Young, Pickett & Lee
4122 Texas Boulevard
Texarkana, AR/TX 75504
Tel: (903) 794-1303
Fax: 903-792-5098; 903-794-5098

Stephen C. Richman, Esq.
Markowitz & Richman
121 South Broad Street
1100 North America Building
Philadelphia, PA 19107
Telephone: (215) 875-3100




**CERTIFICATE OF SERVICE**

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing Plaintiffs' Request for Production of Documents to Aventis, Abott, Amgen, Boehringer, BMS, Johnson & Johnson, GSK, Hoffman, Immunex and Schering-Plough and Interrogatories to All Defendants Subject to Discovery to be served on all counsel of record electronically on December 3, 2003, pursuant to Section D of Case Management Order No. 2.

Steve W. Berman, Esq.
**HAGENS BERMAN LLP**
1301 5th Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292




**EXHIBIT A**

**DRUGS SUBJECT TO DISCOVERY PER NOVEMBER 21 ORDER**




**PURCHASES MADE BY PLAINTIFFS
OF DRUGS MANUFACTURED/DISTRIBUTED BY ABBOTT**

| Manufacturer | Brand Name (if applicable) | Generic Name | UFCW | TCBW | THVT | CMHV | MAN | PFTHW | Discovery Proceeding After Nov. 21 Hearing |
|---|---|---|---|---|---|---|---|---|---|
| ABBOTT | Biaxin* | clarithromycin | X | X | X | X | X | X | X |
| | Depakote* | divalproex sodium | X | X | X | X | X | X | X |
| | Prevacid | lansoprazole | | X | | X | | | X |




**PURCHASES MADE BY PLAINTIFFS**
**OF DRUGS MANUFACTURED/DISTRIBUTED BY AMGEN**

| Manufacturer | Brand Name (if applicable) | Generic Name | UFCW | TCBW | TRWF | CMHV | MAN | PETHW | Discovery Proceeding After Nov. 21 Hearing |
|---|---|---|---|---|---|---|---|---|---|
| AMGEN | Aranesp | darbepoetin alfa albumi | X | | | | | | X |
| | Enbrel | etanercept | X | | X | | | | X |
| | Epogen | epoetin alfa | X | | X | | | | X |
| | Kineret | anakinra | X | | X | | | | X |
| | Neulasta | pegfilgrastim | X | | | | | | X |
| | Neupogen | filgrastim | X | X | X | X | | | X |




**PURCHASES MADE BY PLAINTIFFS**
**OF DRUGS MANUFACTURED/DISTRIBUTED BY ASTRAZENECA**

| Manufacturer | Brand Name (if applicable) | Generic Name | UFCW | TCBW | HIWF | CMHV | MAN | PBHHV | Discovery Proceeding After Nov. 21 Hearing |
|---|---|---|---|---|---|---|---|---|---|
| ASTRAZENECA | Zoladex | goserelin acetate | | | X | | | | X |




**PURCHASES MADE BY PLAINTIFFS**
**OF DRUGS MANUFACTURED/DISTRIBUTED BY THE AVENTIS GROUP**

| Manufacturer | Brand Name (if applicable) | Generic Name | UFCW | TCBW | HHWF | CMHV | MAN | PEHW | Discovery Proceeding After Nov. 21 Hearing |
|---|---|---|---|---|---|---|---|---|---|
| AVENTIS GROUP (Aventis, Pharma, Hoechst & Behring) | Anzemet* | dolasetron mesylate | X | | X | X | | X | X |




**PURCHASES MADE BY PLAINTIFFS**
**OF DRUGS MANUFACTURED/DISTRIBUTED BY THE BOEHRINGER GROUP**

| Manufacturer | Brand Name (if applicable) | Generic Name | UFCW | TCBW | THWF | CMHV | MAN | PFTHW | Discovery Proceeding After Nov 21 Hearing |
|---|---|---|---|---|---|---|---|---|---|
| BOEHRINGER GROUP (Boehringer, Ben Venue, Bedford) | Viramune | nevirapine | X | | X | X | | X | X |




**PURCHASES MADE BY PLAINTIFFS**
**OF DRUGS MANUFACTURED/DISTRIBUTED BY THE BMS GROUP**

| Manufacturer | Brand Name (if applicable) | Generic Name | UFCW | TCBW | THWF | CMHV | MAN | PETHW | Discovery Proceeding After Nov. 21 Hearing |
|---|---|---|---|---|---|---|---|---|---|
| BMS GROUP | Blenoxane | bleomycin sulfate | X | | | | | | X |
| | Carboplatin | paraplatin | | | X | | | | X |
| | Cytoxan | cyclopho-sphamide | X | | X | | | | X |
| | Etopophos | etoposide phosphate | | | | | | | X |
| | Taxol | paclitaxel | | | | | | | X |
| | Vepesid | etoposide | X | | X | | | | X |
| | Videx EC | didanosine | X | | X | | X | X | X |
| | | amikacin sulfate | | | | | | | X |
| | | amphotercin b | | | | | | | X |




**PURCHASES MADE BY PLAINTIFFS**
**OF DRUGS MANUFACTURED/DISTRIBUTED BY THE GSK GROUP**

| Manufacturer | Brand Name (if applicable) | Generic Name | UFCW | PCBW | THWF | CMHV | MAN | PETHW | Discovery Proceeding After Nov. 21 Hearing |
|---|---|---|---|---|---|---|---|---|---|
| GSK GROUP (GlaxoSmithKline, | Agenerase* | amprenavir | X | | | | | X | X |
| SmithKline, Beecham, Glaxo | Combivir* | lamivudine-zidovudine | X | | X | X | X | X | X |
| Welcome) | Epivir* | lamivudine | X | | X | | | X | X |
| | Kytril | granisetron hcl | X | | X | | X | X | X |
| | Purinethol* | mercaptopurine | X | X | X | | | X | X |
| | Retrovir* | zidovudine | X | | X | | | X | X |
| | Trizivir* | abacavir sulfate-lamivudine-zidovudine | X | | X | | X | X | X |
| | Ziagen | abacavir sulfate | X | | X | | | X | X |
| | Zofran* | ondansetron hcl | X | X | X | X | | X | X |
| | Zofran ODT | ondansetron | X | | X | | | X | X |
| | | thioguanine | | | | | | X | X |




**PURCHASES MADE BY PLAINTIFFS**
**OF DRUGS MANUFACTURED/DISTRIBUTED BY HOFFMAN-LA ROCHE**

| Manufacturer | Brand Name (if applicable) | Generic Name | UFCW | TCBW | THWF | CMHV | MAN | PETHW | Discovery Proceeding After Nov. 21 Hearing |
|---|---|---|---|---|---|---|---|---|---|
| HOFFMAN-LA ROCHE | Kytril | granisetron hcl | X | | X | | | X | X |




**PURCHASES MADE BY PLAINTIFFS**
**OF DRUGS MANUFACTURED/DISTRIBUTED BY IMMUNEX**

| Manufacturer | Brand Name (if applicable) | Generic Name | UFCW | TCBW | THWF | CMHV | MAN | PFTHW | Discovery Proceeding After Nov. 21 Hearing |
|---|---|---|---|---|---|---|---|---|---|
| IMMUNEX | Novantrone | mitoxane hydrochloride | | | | | | | X |
| | Thioplex | lyophilized thiotepa | X | | | | | | X |




**PURCHASES MADE BY PLAINTIFFS**
**OF DRUGS MANUFACTURED/DISTRIBUTED BY THE JOHNSON & JOHNSON GROUP**

| Manufacturer | Brand Name (if applicable) | Generic Name | UFCW | TCBW | THWF | CMHV | MAN | PFTHW | Discovery Proceeding After Nov. 21 Hearing |
|---|---|---|---|---|---|---|---|---|---|
| JOHNSON & JOHNSON GROUP (J&J, Ortho and | Procrit | epoetin alfa | X | | X | | | | X |
| Centocor) | Remicade | | | | | | | | X |




**PURCHASES MADE BY PLAINTIFFS**
**OF DRUGS MANUFACTURED/DISTRIBUTED BY THE SCHERING-PLOUGH GROUP**

| Manufacturer | Brand Name (if applicable) | Generic Name | UFCW | TCBW | THWF | CMHV | MAN | PETHW | Discovery Proceeding After Nov. 21 Hearing |
|---|---|---|---|---|---|---|---|---|---|
| SCHERING-PLOUGH GROUP | Eulexin | flutamide | X | | X | | | | X |
| (Schering-Plough and Warrick) | Intron-A | interferon alfa-2b | X | | | X | | | X |
| | Proventil | albuterol | X | X | X | X | X | X | X |
| | Rebetol | ribavirin | X | | X | | X | X | X |
| | Temodar | temozolomide | X | | X | | | X | X |