# EXHIBIT

# D

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

In re Subpoena served on
AARP Health Care Options

(in the matter styled *In re Pharmaceutical
Industry Average Wholesale Price Litigation,
MDL No. 1456 Civ. No. 01-12257-PBS
(U.S.D.C. D. Mass.)*)

_____/

## Objections to Defendants' Subpoena

United HealthCare Insurance Company ("United HealthCare"), manager of AARP

Pharmacy Services and underwriter and claims administrator of the AARP supplemental

group health insurance program, by and through its undersigned counsel and pursuant to

Rule 45, Fed. R. Civ. P., and the Local Rules of this Court, hereby submits United

HealthCare's objections to the Subpoena served on "AARP Health Care Options" by

Defendants Immunex, AstraZeneca, Bristol-Myers Squibb, GlaxoSmithKline and

Centocor ("Defendants"), in connection with the multi-district litigation pending in the

United States District Court for the District of Massachusetts styled *In re Pharmaceutical

Industry Average Wholesale Price Litigation,* MDL No. 1456, Civ. No. 01-12257-PBS

(the "Litigation").[1]

---

[1]      "AARP Health Care Options" is the name of the health service program established by
the American Association of Retired Professionals for its membership.  United HealthCare
manages AARP Pharmacy Services and contracts with licensed pharmacy vendors to provide
pharmacy services to AARP members.  As noted, United HealthCare also acts as the underwriter
and claims administrator of the AARP supplemental group health insurance program.  Because
AARP Health Care Options is not itself a legal entity, United HealthCare assumes that the

(continued...)

## General Objections

1.    United HealthCare generally objects to the Subpoena in that it fails to allow for a reasonable time for compliance.

2.    United HealthCare generally objects to the Subpoena in that compliance would subject them to undue burden including, but not limited to, the expenditure of unreasonable time and expense without compensation.

3.    United HealthCare generally objects to the Subpoena on the grounds that it is facially over broad.

4.    United HealthCare generally objects to the Subpoena on the grounds of insufficient and improper service.

5.    United HealthCare generally objects to the Subpoena to the extent that (a) it seeks discovery from an absent member of the putative class, and (b) Defendants may be able to obtain any relevant information on the common issues raised in the class action from the named class representatives.

6.    United HealthCare generally objects to the Subpoena to the extent that it calls for the identification or disclosure of any information that is protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

---

(...continued)

Subpoena was directed to United HealthCare in the aforementioned capacities and, therefore, objects to the Subpoena in those capacities.

7.     United HealthCare generally objects to the Subpoena to the extent that it calls for the identification or disclosure of any confidential or proprietary business or personal information, including, but not limited to, the identity or other business or personal information of members, customers, policyholders and/or insureds.

8.     United HealthCare generally objects to the Subpoena to the extent that it calls for the identification or disclosure of (a) protected health information under the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164 ("HIPAA Privacy Regulations"), or (b) personal or privileged information protected from disclosure pursuant to D.C. Code Ann. § 31-3426.

9.     United HealthCare generally objects to the Subpoena to the extent that it calls for the identification or disclosure of information without the required consent of a government agency or other third-party.

10.    United HealthCare generally objects to the Subpoena to the extent that it seeks information beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and the Local Rules of this Court or seeks information not relevant to the issues raised in the Litigation and not reasonably calculated to lead to the discovery of admissible evidence.

11.    United HealthCare generally objects to the Subpoena to the extent that it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

12.   United HealthCare specifically objects to the Subpoena's definition of the relevant time period as the period January 1, 1991 to the present on the ground that it is over broad, unduly burdensome and oppressive.

13.   United HealthCare specifically objects to the Subpoena's definition of the term "AARP Health Care Options" on the grounds that: (a) by failing to identify the terms or phrases "trustees," "officials," "officers," "fiduciaries," "representatives," "agents," "assigns," "attorneys," "employees," "divisions," "departments," "affiliates" and "all other persons or entities acting or purporting to act on its behalf or under its control" used therein, the definition is vague and ambiguous; and (b) to the extent that the terms or phrases "trustees," "officials," "officers," "fiduciaries," "representatives," "agents," "assigns," "attorneys," "employees," "divisions," "departments," "affiliates" and "all other persons or entities acting or purporting to act on its behalf or under its control" are given their ordinary meaning, the Subpoena is over broad, unduly burdensome and oppressive as it requests production of documents not within the possession, custody or control of United HealthCare.

14.   United HealthCare specifically objects to the Subpoena's definition of the term "Benefit Consultant" on the grounds that (a) the definition is vague and ambiguous to the extent it fails to define the term "information," and (b) to the extent that the term "information" is given its ordinary meaning, the Subpoena is over broad, unduly burdensome and oppressive.

15.   United HealthCare specifically objects to the Subpoena's definition of the term "Communication" on the grounds that (a) the definition is vague and ambiguous to

4

the extent it fails to define the term "information," and (b) to the extent that the term "information" is given its ordinary meaning, the Subpoena is over broad, unduly burdensome and oppressive.

16.    United HealthCare specifically objects to the Subpoena's definition of the term "Document" on the grounds that the Subpoena (a) seeks production of documents not within the possession, custody or control of United HealthCare, and (b) calls for the identification or disclosure of information that is protected by the attorney-client privilege and/or the work-product doctrine.

17.    United HealthCare specifically objects to the Subpoena's definition of the terms "MAC" or "Maximum Allowable Cost" on the grounds that the definition is vague and ambiguous to the extent it refers to 42 C.F.R. § 442.332, in that there is no such provision in the Code of Federal Regulations.

18.    United HealthCare specifically objects to the Subpoena's definition of the term "Third Party Administrator" on the grounds that by failing to define the phrase "administrative services" used therein, the definition is vague and ambiguous, and (b) to the extent that the phrase "administrative services" is given its ordinary meaning, the Subpoena is over broad, unduly burdensome and oppressive.

19.    United HealthCare specifically objects to Instruction No. 1 on the grounds that the time period covered by the Subpoena is over broad, unduly burdensome and oppressive.

20.    United HealthCare specifically objects to Instruction No. 3 on the grounds that it is over broad, unduly burdensome and oppressive to the extent it (a) calls for the

production of documents not within the actual possession, custody or control of United

HealthCare, and (b) calls for the identification or disclosure of information that is

protected by the attorney-client privilege and/or work-product doctrine.

21.     United HealthCare specifically objects to Instruction No. 4 on the grounds

that it seeks to impose obligations beyond those imposed by the Federal Rules of Civil

Procedure or the Local Rules of this Court by requiring United Health Care to provide the

date, author and recipient of documents that are no longer in their possession, custody or

control and also to describe the circumstances surrounding the documents' disposition

from their possession, custody or control.

22.     United HealthCare specifically objects to Instruction No. 5 on the grounds

that it seeks to impose obligations beyond those imposed by the Federal Rules of Civil

Procedure or the Local Rules of this Court by requiring United Health Care, when

withholding a document from production, to provide information other than that required

to be provided under Rule 45(c)(3), Fed. R. Civ. P.

23.     United HealthCare specifically objects to Instruction No. 6 on the grounds

that the continuing nature of the Subpoena seeks to impose obligations beyond those

imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court and is

over broad, unduly burdensome and oppressive.

24.     United HealthCare specifically objects to Instruction No. 7 on the ground

that it seeks to impose obligations beyond those imposed by the Federal Rules of Civil

Procedure or the Local Rules of this Court.

## Specific Objections

To avoid the necessity of restating in full each of the foregoing general objections with regard to each document request, the general objections are hereby adopted and incorporated, to the extent they may apply, into the following responses to the document requests. The assertion of additional specific objections to the document requests shall not be construed as waiving any applicable general objection.

**Request No. 1:**

All documents relating to or reflecting any definition or meaning of AWP.

**Objections to Request No. 1:**

In addition to the foregoing general objections which are hereby incorporated, United HealthCare objects to Request for Documents No. 1 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive; (3) calls for the identification or disclosure of confidential or proprietary business information; and (4) by seeking documents from January 1, 1991 to the present, the time period covered by the request is over broad, unduly burdensome and oppressive.

**Request No. 2:**

All documents that reflect, discuss, memorialize, or otherwise relate to your setting of reimbursement or payment rates for any subject drug.

**Objections to Request No. 2**

In addition to the foregoing general objections which are hereby incorporated, United HealthCare objects to Request for Documents No. 2 on the grounds that it: (1)

seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive;

(3) calls for the identification or disclosure of confidential or proprietary business

information; and (4) by seeking documents from January 1, 1991 to the present, the time

period covered by the request is over broad, unduly burdensome and oppressive.

**Request No. 3:**

All documents that you or someone acting on your behalf relied upon in setting
reimbursement or payment rates for any subject drug.

**Objections to Request No. 3:**

In addition to the foregoing general objections which are hereby incorporated,

United HealthCare objects to Request for Documents No. 3 on the grounds that it:  (1)

seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive;

(3) calls for the identification or disclosure of confidential or proprietary business

information; and (4) by seeking documents from January 1, 1991 to the present, the time

period covered by the request is over broad, unduly burdensome and oppressive.

**Request No. 4:**

All minutes from meetings where reimbursement or payment for subject drugs
was discussed, including meetings where the setting of reimbursement or payment rates
was discussed.

**Objections to Request No. 4:**

In addition to the foregoing general objections which are hereby incorporated,

United HealthCare objects to Request for Documents No. 4 on the grounds that it: (1)

seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive;

(3) calls for the identification or disclosure of confidential or proprietary business or

personal information; and (4) by seeking documents from January 1, 1991 to the present,

the time period covered by the request is over broad, unduly burdensome and oppressive.

**Request No. 5:**

All documents relating to or reflecting the costs to providers of any subject drug.

**Objections to Request No. 5:**

In addition to the foregoing general objections which are hereby incorporated,

United HealthCare objects to Request for Documents No. 5 on the grounds that it:  (1)

seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive;

(3) calls for the identification or disclosure of confidential or proprietary business or

personal information; (4) calls for the identification or disclosure of (a) protected health

information under the HIPPA Privacy Regulations or (b) personal and privileged

information protected from disclosure pursuant to D.C. Code Ann. § 31-3426; and (5) by

seeking documents from January 1, 1991 to the present, the time period covered by the

request is over broad, unduly burdensome and oppressive.

**Request No. 6:**

All documents relating to or reflecting the amounts you reimburse providers for
any subject drug.

**Objections to Request No. 6:**

In addition to the foregoing general objections which are hereby incorporated,

United HealthCare objects to Request for Documents No. 6 on the grounds that it: (1)

seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive;

(3) calls for the identification or disclosure of confidential or proprietary business or

personal information; (4) calls for the identification or disclosure of (a) protected health

information under the HIPPA Privacy Regulations or (b) personal and privileged

information protected from disclosure pursuant to D.C. Code Ann. § 31-3426; and (5) by

seeking documents from January 1, 1991 to the present, the time period covered by the

request is over broad, unduly burdensome and oppressive.

**Request No. 7:**

All documents relating to or reflecting any differences between the costs to
providers of any subject drug and the amounts you reimburse providers for any subject
drug.

**Objections to Request No. 7:**

In addition to the foregoing general objections which are hereby incorporated,

United HealthCare objects to Request for Documents No. 7 on the grounds that it: (1)

seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive;

(3) calls for the identification or disclosure of confidential or proprietary business or

personal information; (4) calls for the identification or disclosure of (a) protected health

information under the HIPPA Privacy Regulations or (b) personal and privileged

information protected from disclosure pursuant to D.C. Code Ann. § 31-3426; and (5) by

seeking documents from January 1, 1991 to the present, the time period covered by the

request is over broad, unduly burdensome and oppressive.

**Request No. 8:**

All documents relating to or reflecting your awareness that the costs to providers
of subject drugs are different from the amounts you reimburse providers for subject
drugs.

**Objections to Request No. 8:**

In addition to the foregoing general objections which are hereby incorporated,

United HealthCare objects to Request for Documents No. 8 on the grounds that it: (1)

seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive;

(3) calls for the identification or disclosure of confidential or proprietary business or

personal information; (4) calls for the identification or disclosure of (a) protected health

information under the HIPPA Privacy Regulations or (b) personal and privileged

information protected from disclosure pursuant to D.C. Code Ann. § 31-3426; and (5) by

seeking documents from January 1, 1991 to the present, the time period covered by the

request is over broad, unduly burdensome and oppressive.

**Request No. 9:**

All documents relating to your claims processing policies and procedures for any
subject drug.

**Objections to Request No. 9:**

In addition to the foregoing general objections which are hereby incorporated, United HealthCare objects to Request for Documents No. 9 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive; (3) calls for the identification or disclosure of confidential or proprietary business or personal information; and (4) by seeking documents from January 1, 1991 to the present, the time period covered by the request is over broad, unduly burdensome and oppressive.

**Request No. 10:**

All documents reflecting any payments made by you that were based in whole or in part on the AWP of any subject drug.

**Objections to Request No. 10:**

In addition to the foregoing general objections which are hereby incorporated, United HealthCare objects to Request for Documents No. 10 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive; (3) calls for the identification or disclosure of confidential or proprietary business or personal information; (4) calls for the identification or disclosure of (a) protected health information under the HIPPA Privacy Regulations or (b) personal and privileged information protected from disclosure pursuant to D.C. Code Ann. § 31-3426; and (5) by seeking documents from January 1, 1991 to the present, the time period covered by the request is over broad, unduly burdensome and oppressive.

**Request No. 11:**

All communications between you and providers or pharmacies relating to reimbursement, payment or prices of any subject drug.

**Objections to Request No. 11:**

In addition to the foregoing general objections which are hereby incorporated, United HealthCare objects to Request for Documents No. 11 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive; (3) calls for the identification or disclosure of confidential or proprietary business or personal information; (4) calls for the identification or disclosure of (a) protected health information under the HIPPA Privacy Regulations or (b) personal and privileged information protected from disclosure pursuant to D.C. Code Ann. § 31-3426; and (5) by seeking documents from January 1, 1991 to the present, the time period covered by the request is over broad, unduly burdensome and oppressive.

**Request No. 12:**

All documents relating to any requests by you for any information concerning the reimbursement, pricing or payment for any subject drug.

**Objections to Request No. 12:**

In addition to the foregoing general objections which are hereby incorporated, United HealthCare objects to Request for Documents No. 12 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive; (3) calls for the identification or disclosure of confidential or proprietary business or

13

personal information; (4) calls for the identification or disclosure of (a) protected health

information under the HIPPA Privacy Regulations or (b) personal and privileged

information protected from disclosure pursuant to D.C. Code Ann. § 31-3426; and (5) by

seeking documents from January 1, 1991 to the present, the time period covered by the

request is over broad, unduly burdensome and oppressive.

**Request No. 13:**

All documents concerning your decision to rely on, reliance on, or use of drug
pricing information published by any publisher for any subject drug.

**Objections to Request No. 13:**

In addition to the foregoing general objections which are hereby incorporated,

United HealthCare objects to Request for Documents No. 13 on the grounds that it: (1)

seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence; (2) by failing to identify the phrase "drug pricing

information" used therein, the definition is vague and ambiguous and to the extent that

the phrase "drug pricing information" is given its ordinary meaning, the Subpoena is over

broad, unduly burdensome and oppressive; (3) calls for the identification or disclosure of

confidential or proprietary business or personal information; (4) calls for the

identification or disclosure of (a) protected health information under the HIPPA Privacy

Regulations or (b) personal and privileged information protected from disclosure

pursuant to D.C. Code Ann. § 31-3426; and (5) by seeking documents from January 1,

1991 to the present, the time period covered by the request is over broad, unduly

burdensome and oppressive.

**Request No. 14:**

All documents created by or received from any publisher, including but not limited to drug pricing information, and communications, memoranda, contracts or agreements between you and any publisher regarding any subject drug.

**Objections to Request No. 14:**

In addition to the foregoing general objections which are hereby incorporated, United HealthCare objects to Request for Documents No. 14 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) by failing to identify the term and phrase "publisher" and "drug pricing information" used therein, the definition is vague and ambiguous and to the extent that the term and phrase "publisher" and "drug pricing information" are given their ordinary meaning, the Subpoena is over broad, unduly burdensome and oppressive; (3) calls for the identification or disclosure of confidential or proprietary business or personal information; (4) calls for the identification or disclosure of (a) protected health information under the HIPPA Privacy Regulations or (b) personal and privileged information protected from disclosure pursuant to D.C. Code Ann. § 31-3426; and (5) by seeking documents from January 1, 1991 to the present, the time period covered by the request is over broad, unduly burdensome and oppressive.

15

**Request No. 15:**

All documents relating or referring to AWPs, including documents that relate or refer to the relationship between any price and AWP for any subject drug.

**Objections to Request No. 15**

In addition to the foregoing general objections which are hereby incorporated, United HealthCare objects to Request for Documents No. 15 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive; (3) calls for the identification or disclosure of confidential or proprietary business or personal information; (4) calls for the identification or disclosure of (a) protected health information under the HIPPA Privacy Regulations or (b) personal and privileged information protected from disclosure pursuant to D.C. Code Ann. § 31-3426; and (5) by seeking documents from January 1, 1991 to the present, the time period covered by the request is over broad, unduly burdensome and oppressive.

**Request No. 16:**

All documents relating or referring to any difference between an AWP and an actual payment by you or anyone else for any subject drug.

**Objections to Request No. 16:**

In addition to the foregoing general objections which are hereby incorporated, United HealthCare objects to Request for Documents No. 16 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive; (3) calls for the identification or disclosure of confidential or proprietary business or

personal information; (4) calls for the identification or disclosure of (a) protected health

information under the HIPPA Privacy Regulations or (b) personal and privileged

information protected from disclosure pursuant to D.C. Code Ann. § 31-3426; and (5) by

seeking documents from January 1, 1991 to the present, the time period covered by the

request is over broad, unduly burdensome and oppressive.

**Request No. 17:**

        To the extent not otherwise produced, all documents concerning, AWP, AMP,
WAC, MAC, EAC, Best Price or any other drug pricing, payment or reimbursement
information for any subject drug.

**Objections to Request No. 17:**

        In addition to the foregoing general objections which are hereby incorporated,

United HealthCare objects to Request for Documents No. 17 on the grounds that it: (1)

seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive;

(3) calls for the identification or disclosure of confidential or proprietary business or

personal information; (4) calls for the identification or disclosure of (a) protected health

information under the HIPPA Privacy Regulations or (b) personal and privileged

information protected from disclosure pursuant to D.C. Code Ann. § 31-3426; and (5) by

seeking documents from January 1, 1991 to the present, the time period covered by the

request is over broad, unduly burdensome and oppressive.

**Request No. 18:**

        All documents relating or referring to your contractual relationships with PBMs,
third party administrators, benefit consultants, auditors, wholesalers, manufacturers,
independent practice associations, pharmacies or providers insofar as they cover subject

drugs, including, without limitation, master agreements, addenda, schedules, attachments, requests for proposal, responses to requests for proposal and correspondence.

**Objections to Request No. 18:**

In addition to the foregoing general objections which are hereby incorporated, United HealthCare objects to Request for Documents No. 18 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive; (3) calls for the identification or disclosure of confidential or proprietary business or personal information; (4) calls for the identification or disclosure of (a) protected health information under the HIPPA Privacy Regulations or (b) personal and privileged information protected from disclosure pursuant to D.C. Code Ann. § 31-3426; and (5) by seeking documents from January 1, 1991 to the present, the time period covered by the request is over broad, unduly burdensome and oppressive.

**Request No. 19:**

Documents sufficient to identify all persons involved in negotiations of contractual relationships with PBMs, third party administrators, benefits consultants, auditors, wholesalers, manufacturers, independent practice associations, pharmacies or providers insofar as they cover any subject drug.

**Objections to Request No. 19:**

In addition to the foregoing general objections which are hereby incorporated, United HealthCare objects to Request for Documents No. 19 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive; (3) calls for the identification or disclosure of confidential or proprietary business or

personal information; and (4) by seeking documents from January 1, 1991 to the present, the time period covered by the request is over broad, unduly burdensome and oppressive.

**Request No. 20:**

All documents relating to any profit analysis you have performed or received relating to your reimbursement or payment for any subject drug.

**Objections to Request No. 20:**

In addition to the foregoing general objections which are hereby incorporated, United HealthCare objects to Request for Documents No. 20 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive; (3) calls for the identification or disclosure of confidential or proprietary business or personal information; (4) calls for the identification or disclosure of (a) protected health information under the HIPPA Privacy Regulations or (b) personal and privileged information protected from disclosure pursuant to D.C. Code Ann. § 31-3426; and (5) by seeking documents from January 1, 1991 to the present, the time period covered by the request is over broad, unduly burdensome and oppressive.

**Request No. 21:**

All documents concerning any internal or external, formal or informal, investigations, studies, research, assessments, analyses, reviews or audits regarding drug pricing or reimbursement or payment amounts or rates for any subject drug.

**Objections to Request No. 21:**

In addition to the foregoing general objections which are hereby incorporated, United HealthCare objects to Request for Documents No. 21 on the grounds that it: (1)

19

seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive; (3) calls for the identification or disclosure of confidential or proprietary business or personal information; (4) calls for the identification or disclosure of (a) protected health information under the HIPPA Privacy Regulations or (b) personal and privileged information protected from disclosure pursuant to D.C. Code Ann. § 31-3426; and (5) by seeking documents from January 1, 1991 to the present, the time period covered by the request is over broad, unduly burdensome and oppressive.

**Request No. 22:**

All filings with any state or federal government entity made by you or on your behalf that refer or relate to AWP.

**Objections to Request No. 22:**

In addition to the foregoing general objections which are hereby incorporated, United HealthCare objects to Request for Documents No. 22 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive; (3) calls for the identification or disclosure of confidential or proprietary business or personal information; (4) calls for the production of information in the public domain and available to Defendants through other, less burdensome means; and (5) by seeking documents from January 1, 1991 to the present, the time period covered by the request is over broad, unduly burdensome and oppressive.

**Request No. 23:**

All documents created by or received from CMS, United States Department of Health and Human Services, The Health and Human Services Offices of the Inspector General, the General Accounting Office, Congress or any other federal or state institution, agency, department, or office regarding the pricing of prescription drugs.

**Objections to Request No. 23:**

In addition to the foregoing general objections which are hereby incorporated,

United HealthCare objects to Request for Documents No. 23 on the grounds that it: (1)

seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive;

(3) calls for the identification or disclosure of confidential or proprietary business or

personal information; (4) calls for the identification or disclosure of (a) protected health

information under the HIPPA Privacy Regulations or (b) personal and privileged

information protected from disclosure pursuant to D.C. Code Ann. § 31-3426; (5) calls

for the production of information in the public domain and available to Defendants

through other, less burdensome means; and (6) by seeking documents from January 1,

1991 to the present, the time period covered by the request is over broad, unduly

burdensome and oppressive.

**Request No. 24:**

All documents provided to CMS, the United States Department of Health and Human Services, the Department of Health and Human Services Office of the Inspector General, the General Accounting Office, Congress or any other federal or state institution, agency, department, or office regarding the pricing of any subject drug.

**Objections to Request No. 24:**

In addition to the foregoing general objections which are hereby incorporated, United HealthCare objects to Request for Documents No. 24 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive; (3) calls for the identification or disclosure of confidential or proprietary business or personal information; (4) calls for the identification or disclosure of (a) protected health information under the HIPPA Privacy Regulations or (b) personal and privileged information protected from disclosure pursuant to D.C. Code Ann. § 31-3426; (5) calls for the production of information in the public domain and available to Defendants through other, less burdensome means; and (6) by seeking documents from January 1, 1991 to the present, the time period covered by the request is over broad, unduly burdensome and oppressive.

**Request No. 25:**

All documents produced by you in any litigation, government investigation or inquiry related to the use of AWP in Medicare, Medicaid or private reimbursement.

**Objections to Request No. 25:**

In addition to the foregoing general objections which are hereby incorporated, United HealthCare objects to Request for Documents No. 25 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive; (3) calls for the identification of confidential or proprietary business information; and (4)

calls for the disclosure of any information that is protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection; (5) calls for the identification or disclosure of (a) protected health information under the HIPPA Privacy Regulations or (b) personal and privileged information protected from disclosure pursuant to D.C. Code Ann. § 31-3426; (6) calls for the production of information in the public domain and available to Defendants through other, less burdensome means; and (7) by seeking documents from January 1, 1991 to the present, the time period covered by the request is over broad, unduly burdensome and oppressive.

**Request No. 26:**

All current and historical organizational charts for all of your departments.

**Objections to Request No. 26:**

In addition to the foregoing general objections which are hereby incorporated, United HealthCare objects to Request for Documents No. 26 on the grounds that it: (1) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (2) is over broad, unduly burdensome, and oppressive; (3) calls for the identification or disclosure of confidential or proprietary business information; and (4) by seeking information from January 1, 1991 to the present, the time period covered is over broad, unduly burdensome and oppressive.

Dated:  April 22, 2004

Respectfully submitted,

THOMAS F. FITZGERALD
MICHAEL J. PRAME
JASON H. EHRENBERG
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Phone:  (202) 857-0620
Fax:  (202) 659-4503

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2004, a true and correct copy of the foregoing

was sent via first-class U.S. mail, postage prepaid to:

Erik Haas
Patterson, Belknap, Webb & Tyler
1133 Avenue of the Americas
New York, NY  10036-6710

MICHAEL J. PRAME

DOCUMENT2