# EXHIBIT

# E



# GROOM
# LAW GROUP
*www.groom.com*

Michael J. Prame
(202) 857-0620
mjp@groom.com

July 30, 2004

**Via Facsimile**

Erik Haas, Esq.
Jessica Golden Cortes, Esq.
Patterson, Belknap, Webb & Tyler
1133 Avenue of the Americas
New York, New York  10036-6710

      Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
              MDL No. 1456, Civ. No. 01-12257-PBS (U.S. D.C. D. Mass.)

Dear Mr. Haas and Ms. Cortes:

     We write on behalf of UnitedHealthcare, Inc. and United HealthCare Insurance Company in connection with the subpoenas that defendants served on UnitedHealthcare, Inc. and "AARP Health Care Options."[1]  You will recall that, in correspondence dated April 22, 2004, the companies timely asserted objections to the respective subpoenas.

     We have reviewed with UnitedHealthcare, Inc. and United HealthCare Insurance Company your June 14, 2004 letter regarding the document production that defendants

---

[1] As we have discussed, United HealthCare Insurance Company is the manager of the AARP Pharmacy Services program and underwriter and claims administrator of the AARP supplemental group health insurance program. These programs are marketed as part of the "AARP Health Care Options" program, which is not a legal entity. United HealthCare Insurance Company submits this letter on behalf of the these programs.

Groom Law Group, Chartered
1701 Pennsylvania Ave., N.W. • Washington, D.C. 20006-5811 • 202-857-0620 • Fax 202-659-4503

**GROOM**
**LAW GROUP**
www.groom.com

Erik Haas, Esq.
Jessica Golden Cortes, Esq.
July 30, 2004
Page 2

continue to seek from each in connection with the above-referenced matter. As I informed Mr. Haas during our July 8 telephone conference and reiterated in my July 23 letter to Ms. Cortes, we have needed, because of the breadth of the requests, to review the matter with a number of business units within each affiliate. Based on this review, UnitedHealthcare, Inc. and United HealthCare Insurance Company continue to believe that defendants' requested production is overbroad, unduly burdensome and oppressive in that it could take months to complete and would require the expenditure of substantial time and company resources.

In an attempt to amicably resolve the parties' differences regarding the subpoenas, UnitedHealthcare, Inc. and United HealthCare Insurance Company are assessing the feasibility and (to the extent feasible) the time and expense that would be associated with the production of the following documents in connection with the period 1997 through 2003:

    1.    **PBM Agreements Filed with State Departments of Insurance or the SEC** – Diversified Pharmaceutical Services, Inc. ("DPS") provided pharmaceutical benefit management services for United HealthCare Services, Inc. from 1995 through May 2000, and, in connection with the AARP programs, from January 1, 1998 through May 2000. Since June 1, 2000, pharmaceutical benefit management services have been provided by Medco Health Solutions, Inc. (f/k/a Merck-Medco Managed Care, L.L.C.) ("Medco") for United HealthCare Services, Inc. and its affiliates. In addition to its agreement with Medco, United HealthCare Insurance Company has entered into an agreement with Express Scripts, Inc. ("ESI") to provide pharmacy benefit management services in connection with the AARP Pharmacy Services program. UnitedHealthcare, Inc. and United HealthCare Insurance Company are able to produce the redacted copies of the agreements with DPS, Medco and ESI that were filed with various state departments of insurance or the SEC.[2]

---

[2] UnitedHealthcare, Inc. and United HealthCare Insurance Company generally did not enter into contracts with retail pharmacies after it contracted with DPS. Before UnitedHealthcare, Inc. contracted with DPS, some of UnitedHealthcare, Inc.'s subsidiaries operating in various states had contracted with retail pharmacies, which


**GROOM**
**LAW GROUP**
*www.groom.com*

Erik Haas, Esq.
Jessica Golden Cortes, Esq.
July 30, 2004
Page 3

2. **Provider Contracts** – A randomly selected sample of seventy-five provider contracts.

3. **Group Insurance Contracts** -- A randomly selected sample of ten group insurance contracts entered into in each of the years.

4. **Certificates of Coverage** – UnitedHealthcare, Inc.'s template Certificates of Coverage and prescription drug riders for each of the years. In addition, in connection with AARP programs, UnitedHealthcare Insurance Company has six general categories of health care plans that provide drug benefits. UnitedHealthcare Insurance Company could produce a randomly selected sample of five certificates of coverage from each category of health plans that were in force during some or all of the period 1997 through 2003.

5. **Lupron Litigation** – The affidavits and documents that UnitedHealthcare of New Jersey, Inc. disclosed in *Walker v. TAP Pharmaceutical Products Inc., et al.*, Superior Court of New Jersey, Law Division (Cape May County), Docket No. CPM-L-682-01, in response to a subpoena served by TAP Pharmaceutical Products Inc.

6. **Legislative Submissions** -- Submissions to legislators regarding AWP, if any.

7. **Claims Data** – On July 10, 2004, I sent an e-mail to Mr. Haas requesting a copy of the letter that, during our July 8th call, he had indicated was sent regarding defendants' request for claim data. Please fax a copy of the letter to me so that we can assess whether it will be feasible to comply with the request for claims data. We also would be interested in learning whether defendants have considered retaining a mutually-

---

contracts may have remained in force after the DPS agreement went into effect. However, the time and expense that would have to be incurred to locate such contracts and determine whether they remained in force in or after 1997 would be prohibitive.



**GROOM
LAW GROUP**
*www.groom.com*

Erik Haas, Esq.
Jessica Golden Cortes, Esq.
July 30, 2004
Page 4

agreeable third-party vendor with whom subpoenaed parties may deposit claims data for query at defendants' expense.

We anticipate being able to confirm within the next seven to ten days (1) whether the production described above (with the exception of the claims data request) is feasible and, (2) if feasible, the estimated time and expense that would be necessary to complete the production. UnitedHealthcare, Inc. and United HealthCare Insurance Company will expect defendants to reimburse them for such time and expense.

Please be advised that by providing this information to you at this time, UnitedHealthcare, Inc. and United HealthCare Insurance Company do not intend to waive any of their objections to the subpoenas, all of which are incorporated herein.

Very truly yours,

Michael J. Prame