# EXHIBIT

# H



# GROOM
# LAW GROUP

*www.groom.com*

Michael J. Prame
(202) 857-0620
mjp@groom.com

August 27, 2004

**Via Federal Express**
Jessica Golden Cortes, Esq.
Patterson, Belknap, Webb & Tyler
1133 Avenue of the Americas
New York, New York 10036-6710

    Re:  *In re Pharmaceutical Industry Average Wholesale Price Litigation*,
           MDL No. 1456, Civ. No. 01-12257-PBS (U.S. D.C. D. Mass.)

Dear Jessica:

    Please find enclosed the following documents which are being produced in accordance with my August 9, 2004 letter, our August 13, 2004 telephone conference, and your August 17, 2004 e-mail:

1. UnitedHealthcare, Inc.'s template certificates of coverage and prescription drug riders for each of the years 1997 through 2003 (Bates Stamp Nos. UHI00001-UHI04315). Pursuant to your August 17th request, UnitedHealthcare, Inc. also is attempting to retrieve the stamped and approved form filings for products sold in Arizona during 1997 through 2003, which will be provided under separate cover.

2. In connection with the AARP Programs, a randomly selected sample of five certificates of coverage from each of the six general categories of health care plans that (a) provide drug benefits; and (b) were in force during some



**GROOM
LAW GROUP**

www.groom.com

Jessica Golden Cortes, Esq.
August 27, 2004
Page 2

or all of the period 1997 through 2003. (Bates Stamp Nos. UHI14641-UHI14933).

3.  **Group Insurance Contracts** – A randomly selected sample of ten group insurance contracts entered into in each of the years 1997 through 2003 (Bates Stamp Nos. UHI4316-UHI14640). Pursuant to your August 17th request, UnitedHealthcare, Inc. also is attempting to retrieve samples of insurance contracts with Arizona groups, which will be provided under separate cover.

You advised during our August 13, 2004 telephone conference that defendants have agreed to reimburse UnitedHealthcare, Inc. and United HealthCare Insurance Company at a rate of $135 per man hour spent identifying, collecting and copying the requested documents. We will forward an invoice shortly for the time spent by UnitedHealthcare, Inc. and United HealthCare Insurance Company identifying, collecting the documents produced herewith. We will also forward an invoice for the associated copying charges.

Also, please be advised that by providing these documents to you at this time, UnitedHealthcare, Inc. and United HealthCare Insurance Company do not intend to waive any of their objections to the subpoenas that the defendants have served on them, all of which are incorporated herein. UnitedHealthcare, Inc. and United HealthCare Insurance Company reserve the right to object to and contest any additional requests by defendants for certificates of insurance, prescription drug riders, or group contracts.

Finally, during our August 13, 2004 telephone conference you informed me that UnitedHealthcare, Inc. and United HealthCare Insurance Company may be able to provide testimonial evidence via affidavit, rather than deposition. However, you subsequently advised on August 17, 2004 that affidavits are only a possibility with respect to unspecified "collateral issues."

As I informed you during our August 13 telephone conference, I believe that as many as five to ten people may have to testify to attempt to address the "knowledge"


# GROOM
## LAW GROUP
*www.groom.com*

Jessica Golden Cortes, Esq.
August 27, 2004
Page 3

issues outlined in Mr. Haas' June 14, 2004 correspondence.[1] Notwithstanding UnitedHealthcare, Inc.'s good faith efforts to anticipate your questions and identify employees who could respond, it is inevitable that these individuals would not be able to answer to all of your questions, which would lead to the identification of additional witnesses and further depositions. Affidavits or written interrogatories are far less burdensome method of eliciting the evidence. It would be helpful if you could (a) explain why defendants believe that affidavits or written interrogatories cannot be used; and (b) identify the topics that you consider collateral and those that are non-collateral and as to which you seek deposition testimony.

Very truly yours,

Mike Prame/ by SK
Michael J. Prame

---

[1] I am unaware of any obligation to prepare one witness to testify on all topics, as you suggest in your August 17 e-mail.