# EXHIBIT J

## Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

May 27, 2005

Jessica Golden Cortes
(212) 336-2017
Direct Fax (212) 336-7901
jgcortes@pbwt.com

**By Email Attachment**

Michael Prame, Esq.
The Groom Law Group
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

Re:   **In re Pharmaceutical Industry AWP Litigation**

Dear Mike:

Per your request, this letter summarizes United Healthcare's outstanding discovery pursuant to defendants' third party subpoena in the AWP Litigation. Defendants have revised and significantly paired down the categories of remaining outstanding discovery sought to facilitate a timely production and to avoid unduly burdening your client. As previously discussed, for purposes of these revised requests, unless otherwise stated, the relevant time period at issue is 1997 to 2002:

1. To the extent not previously produced, all documents reflecting United Healthcare's understanding of whether health care providers earn a margin on drugs administered.

2. All documents concerning the relative reimbursement or costs for injected or infused drugs (and related treatments or therapies) in the hospital (in or outpatient setting) as compared to in physicians' offices, including United Healthcare's business and strategic plans addressing the optimal site of care for the administration of oncology drugs.

3. To the extent not previously produced, a representative sample of physician reimbursement contracts from your client's showing the various methodologies United Healthcare utilized, and the various levels of reimbursement United Healthcare afforded, for the reimbursement of physician-administered drugs.

    A. In an effort to allay your previously asserted concerns regarding anticipated costs and required employee time, defendants are willing to limit this request to a production from one major east coast market of United Healthcare and one major west coast market. The determination of the appropriate markets would be determined jointly by United Healthcare and defendants, and agreement to this limitation is contingent upon prompt production.

4. All schedules disclosing the amounts reimbursed to particular physicians for services rendered and drugs administered (*i.e.*, physician "fee schedules") and documents

Michael Prame, Esq.
May 27, 2005
Page 2

      detailing how those schedules were calculated or derived. To the extent the fee schedules differ from the electronic schedules or tables used to generate the actual reimbursement amounts paid to physicians, produce all such schedules and tables.

5. All rebate reports or other documentation showing the rebates paid by pharmacy benefit managers or pharmaceutical manufacturers to United Healthcare.

6. Medical Claims Data from 1997 <u>to the present</u>, including claims submitted by hospitals and physician offices.

    A. This data should include a field that explains the type of payment methodology utilized to reimburse for a particular claim (*e.g.*, U&C, AWP-based, capitation).

    B. As we briefly discussed earlier on in these negotiations, please describe how the data is maintained and the estimated cost of retrieval prior to production of the requested data.

    C. In a further effort to allay your previously asserted concerns regarding anticipated costs and required employee time, defendants are again willing to limit this request to data from one major east coast market and one major west coast market, again, to be determined jointly by United Healthcare and defendants, and again, contingent upon prompt production.

7. Claims processing manuals corresponding to data produced.

8. MAC Lists pertaining to retail pharmacy reimbursement for generic drugs.

9. To the extent not previously produced, all documents your client produced in any other litigation, government investigation or inquiry related to the use of AWP in Medicare, Medicaid or private reimbursement.

      Please also identify witness(es) qualified to testify regarding the substance of the above-requested documents and data, and advise me of when in the coming month the witness(es) will be available for deposition(s). I look forward to working with you to achieve a swift resolution of outstanding production issues. Please contact me with any questions.

                Very truly yours,

                Jessica Golden Cortes

1185186v1