# EXHIBIT

# K



# GROOM
## LAW GROUP
### *www.groom.com*

Michael J. Prame
(202) 857-0620
mjp@groom.com

July 22, 2005

**Via Facsimile**
Jessica Golden Cortes, Esq.
Patterson, Belknap, Webb & Tyler
1133 Avenue of the Americas
New York, New York  10036-6710

      Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation,*
           MDL No. 1456, Civ. No. 01-12257-PBS (U.S.D.C. D. Mass.)

Dear Jessica:

We have received your July 20, 2005 letter and have reviewed it with United. United's response is set forth below.

As you will recall, we had a series of discussions with you last summer regarding the discovery sought by Defendants under the subpoenas. We thought that, in August 2004, we had reached an agreement with Defendants regarding the scope of United's document production. But, at the end of May of this year (more than 7 months after United completed the production agreed upon last August), we learned that Defendants would like United to produce additional documents as well as witnesses for deposition. These requests were made by Defendants only three months short of the August 31, 2005 discovery cutoff in the above-referenced matter.

Notwithstanding the prior agreement reached last August and Defendants' delay in pursuing discovery, United has participated in good faith in negotiations to see if the parties could reach a further agreement regarding the additional discovery now sought by Defendants. At the outset of the negotiations on June 16, we advised you that United



**GROOM**
LAW GROUP
*www.groom.com*

Jessica Golden Cortes
July 22, 2005
Page 2

would be willing to provide additional discovery responses only if an agreement was reached as to the scope of the discovery and Defendants agreed not to seek any additional discovery from United. You stated that you understood that.

During the remainder of our conversations on June 16 and 20, you only identified additional documents that Defendants would like United to produce. As such, we fairly understood that Defendants were seeking only an additional production of documents from United and would not seek depositions. Based on that understanding, we conferred with a series of people at United to identify potentially responsive documents and determine how long it would take to produce such information. That information was provided to you.

On July 7, we learned that, contrary to our discussions in June, Defendants still seek deposition testimony from United. As you know, we asked Defendants on July 12 to (1) describe why they believe depositions are necessary in light of the discovery that Defendants previously obtained from other large insurance companies (*e.g.*, Aetna, Humana and CIGNA); and (2) identify the deposition topics on which testimony is needed. Defendants have not provided such information.

Accordingly, as no agreement has been reached regarding the scope of the additional document and testimonial discovery sought by Defendants, United stands by its previously asserted objections to the subpoenas and will not be producing any additional materials at this time. We, of course, remain willing to continue discussions regarding the additional discovery that Defendants seek. However, we can only have those discussions if Defendants provide responses to the questions that we raised in our July 12 letter.

Very truly yours,

Michael J. Prame

cc:   Thomas Fitzgerald