# EXHIBIT

# N

Westlaw.

Not Reported in F.Supp.2d                                                                                                Page 1
Not Reported in F.Supp.2d, 1999 WL 219904 (S.D.N.Y.), 44 Fed.R.Serv.3d 6
(Cite as: 1999 WL 219904 (S.D.N.Y.))

**H**

**Motions, Pleadings and Filings**

United States District Court, S.D. New York.
Donald E. ANDERSON, Jr., Plaintiff,
v.
BUNGEE INTERNATIONAL MANUFACTURING
CORP., et al., Defendants.
BUNGEE INTERNATIONAL MANUFACTURING
CORP., Third-Party Plaintiff,
v.
RITE INDUSTRIAL CORP., Third-Party Defendant.
**No. 96 CIV 0186 MGC THK.**

April 14, 1999.
Neil E. Higgins, Esq., Jones Hirsch Connors & Bull
P.C., New York.

Steven J. Popkin, Esq., Brooklyn.

Kristen E. Zerrenner, Esq., Simmons, Jannace &
Stagg, East Meadow.

MEMORANDUM OPINION AND ORDER

KATZ, Magistrate J.

*1 In this action, plaintiff seeks damages for injuries
he sustained when, as he claims, a stretch cord he
was using to secure material on a truck, snapped and
struck him in the eye. The cord that injured plaintiff
was manufactured by defendant Bungee International
Manufacturing Corp. This action was originally
referred to me for resolution of discovery disputes, by
the Honorable Miriam Goldman Cedarbaum, United
States District Judge. After repeated adjournments of
the discovery deadline, the last and final deadline for
completion of pretrial discovery was set at February
6, 1998, and on February 27, 1998 the reference was
closed. Subsequently, the parties filed cross-motions
for partial summary judgment, which were recently
decided by Judge Cedarbaum.

While the summary judgment motions were pending,
defendant Bungee's counsel wrote to Judge
Cedarbaum, seeking to quash a subpoena that was
issued by plaintiff's counsel in January or February of
1999. The subpoena was issued to a non-party,
Priceclub/Costco Wholesale, and it sought documents

reflecting communications between Bungee and
Costco, purportedly related to a comparison of the
qualities of defendant's product and the product of
one of its competitors.

Defendant Bungee International argues that the
subpoena should be quashed because: 1) it is an
untimely attempt to circumvent the discovery
deadline set in this Court's orders, without good cause
shown; and 2) it seeks irrelevant information
unrelated to the precise cords at issue, the location
where plaintiff is alleged to have purchased them,
and the relevant time period in issue. Plaintiff
contends that: 1) defendant lacks standing to object to
the subpoena; 2) that the information sought is
relevant to plaintiff's claims; and 3) that the discovery
deadline set by the Court "pertain[ed] to discovery
requests among the respective parties and does not
prohibit plaintiff from continuing to investigate his
claims or to follow up on information previously
provided by defendant." Letter of Steven J. Popkin,
Esq., dated February 9, 1999.

For the following reasons, defendant's application to
quash the subpoena is granted.

DISCUSSION

This action has been pending since 1996, in large
part because of the inefficient and haphazard manner
in which pretrial discovery was undertaken. Indeed,
plaintiff's counsel's view that this Court's discovery
deadline is of no relevance to the document subpoena
he issued, reflects his continuing misunderstanding of
this Court's procedures, as well as the Federal Rules
of Civil Procedure.

The Court issued a Scheduling Order on November
27, 1997, which called for the completion of fact
discovery by December 12, 1997 and the completion
of expert discovery by February 6, 1998. The Order
was explicit that "there shall be no further extension
of the February 6, 1998 deadline for the completion
of *all* pretrial discovery." This was reiterated in a
Memorandum Endorsed Order, dated January 27,
1998, issued in response to an attempt by plaintiff to
extend the discovery deadline. Finally, in an Order
dated February 17, 1998, the Court reiterated that the
discovery deadline was February 6, 1998, but it
allowed for a brief extension of time, to February 27,
1998, for plaintiff to depose one of defendant's expert
witnesses. Plaintiff had failed to depose the witness

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 2
Not Reported in F.Supp.2d, 1999 WL 219904 (S.D.N.Y.), 44 Fed.R.Serv.3d 6
(Cite as: 1999 WL 219904 (S.D.N.Y.))

within the required deadline because both he and defense counsel erroneously believed that a party's expert witness had to be subpoenaed in order to be deposed. [FN1]

*2 In the face of these Orders, it is difficult to comprehend plaintiff's position that he was free in 1999, one year after the expiration of the discovery deadline, to issue subpoenas for documents to non-parties, without leave of the Court. Discovery of information in a lawsuit, whether from parties or non-parties, is still "discovery," and it is subject to this Court's supervision, discovery orders and deadlines. Cf. Schweitzer v. Mulvehill, No. 95 Civ. 10743(MGC)(MHD), 1999 WL 14016, * *2-3 (S.D.N.Y. Jan. 13, 1999) (deposition of non-party is considered "fact discovery," which was precluded because discovery deadline had passed); Goldstein v. New Penn Motor Exp., Inc., No. 96 Civ. 9501(MBM) (HGP), 1998 WL 63406, at *1 (S.D.N.Y. Feb. 1, 1998) (deposition subpoena to a non-party is a discovery device provided by the Federal Rules of Civil Procedure, that was not timely utilized); Bailey v. Broder, No. 94 Civ. 2394(CSH)(SEG), 1997 WL 752423, at * *2-4 (S.D.N.Y. Dec. 5, 1997) (deposition subpoenas issued to non-parties, long after the discovery deadline, are viewed as inappropriate and are vacated); Arkwright Mut. Ins. Co. v. Nat. Union Fire Ins. Co. of Pittsburgh, PA., No. 90 Civ. 7811(AGS) (JCF), 1995 WL 66405, at * *1-2 (S.D.N.Y. Feb. 15, 1995) (deadline for completion of non-causation discovery applied to deposition subpoenas to non-parties); Siao-Pao v. George, No. 90 Civ. 5376(PKL), 1992 WL 236184, at *3 (S.D.N.Y. Sept. 10, 1992) (although court's discovery deadline is assumed to apply to subpoena duces tecum issued to non-party, court permits issuance despite passage of discovery deadline because defendants' late responses to interrogatories prevented plaintiff from making a more timely request, documents had been sought earlier from defendant, and plaintiff was proceeding pro se ).

Furthermore, although plaintiff has not even attempted to demonstrate good cause for his untimely discovery request, the Court has little doubt that he could not do so. Plaintiff concedes that he has been on notice of the information that he seeks (although there is some question as to whether the documents being sought exist at all), since at least September 1997, when he conducted a two-day deposition of John Davis, Bungee's president. See letter of Steven J. Popkin, Esq., dated February 9, 1999. Further, at a conference before Judge Cedarbaum on February 6, 1998, plaintiff requested "a slight extension of the

discovery period" to pursue additional third-party discovery. Counsel was instructed to make his application to me. See February 6, 1998 Conference Transcript, at 32. Although more than a year has passed since he was instructed on to how to proceed, he still has failed to make any such request.

For the above reasons, plaintiff's subpoena to Price Club/Costco is vacated. [FN2] The Court reiterates that there shall be no further pretrial discovery. The parties are directed to prepare a Joint Pretrial Order, consistent with Judge Cedarbaum's rules, which is to be submitted to Judge Cedarbaum by May 14, 1999.

*3 SO ORDERED.

> FN1. In the February 17, 1998 Order, the Court also precluded plaintiff from presenting a witness at trial because, despite plaintiff's protestations to the contrary, it was obvious that the only capacity in which the witness could testify was as an expert, and plaintiff's counsel had failed to identify the witness within the deadline set by the Court.

> FN2. The Court's decision does not rest on the materiality of the information plaintiff now seeks. I would note, however, that plaintiff's assertion that the information is necessary to plaintiff's case on the issues of the reasonableness of defendant's design of its cords and the availability of reasonable, safer design alternatives, is belied by the fact that the information already provided by defendant Bungee, both in the deposition testimony of its president, and in the documents it provided regarding its testing of its product and its own comparison of its product to that of its competitor (see Exhibits to letter of Neil E. Higgins, Esq., dated February 11, 1999), would appear to be far more pertinent than any theoretical correspondence from a non-party, requesting information from Bungee about its product.

Not Reported in F.Supp.2d, 1999 WL 219904 (S.D.N.Y.), 44 Fed.R.Serv.3d 6

### Motions, Pleadings and Filings (Back to top)

- 1:96cv00186 _____ (Docket) (Jan. 12, 1996)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 219904 (S.D.N.Y.), 44 Fed.R.Serv.3d 6
(Cite as: 1999 WL 219904 (S.D.N.Y.))

Page 3

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.