UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>CIVIL ACTION:  01-CV-12257-PBS<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION BY AMGEN, INC.**

**I.     INTRODUCTION**

This motion concerns plaintiffs' Omnibus Requests for Production, which were served on all defendants, including Amgen Inc. ("Amgen"), in March 2004.  Without excuse, Amgen has all but disregarded these requests.   On the eve of the close of fact discovery, in flagrant violation of Case Management Order ("CMO") No. 10, Amgen has not produced any documents other than its transactional database.  Moreover, Amgen has manipulated the discovery process.

Accordingly, plaintiffs move the Court for an order:  a) compelling Amgen to produce within 30 days all documents and other materials called for by plaintiffs' Omnibus Requests for Production; b) extending the close of fact discovery as to Amgen to a date six months after Amgen has complied with its discovery obligations; c) providing that Amgen may not withhold any documents responsive to plaintiffs' Omnibus Requests for Production on the basis of any objections to production, including any objections grounded on the attorney-client privilege, work-product doctrine, trial-preparation doctrine, or any similar doctrine, and further providing that any objections already made, including any based on the attorney-client privilege, work-product doctrine, trial-preparation doctrine, or any similar doctrine, are deemed waived and of no

- 1 -

effect, such that Amgen must produce *all* responsive documents promptly; and d) ordering Amgen to pay a sanction of $100,000.00 to the plaintiffs for its flagrant disregard of Case Management Order No. 10 and its obligations under the Federal Rules of Civil Procedure, which conduct has prejudiced plaintiffs as they prepare for trial and otherwise prosecute this case, and for its manipulation of the discovery process.   In addition, plaintiffs ask that the Court order Amgen to reimburse plaintiffs for the costs, including attorneys' fees, incurred in filing and litigating this motion.

## II.     STATEMENT OF FACTS

Since the inception of this lawsuit, plaintiffs have served all defendants, including Amgen, with various requests for production.  Insofar as Amgen is concerned, these include: Plaintiffs' Request for Production of Documents to Aventis, Abbott, Amgen, Boehringer, BMS, Johnson & Johnson, GSK, Hoffman, Immunex and Schering-Plough and Interrogatories to *All* Defendants Subject to Discovery, dated December 3, 2003; Plaintiffs' Second Request for Production of Documents to Aventis, Abbott, Amgen, BMS, Johnson & Johnson, GSK, Hoffman, Immunex and Schering-Plough, dated December 19, 2003[1]; Plaintiffs' Omnibus Requests for Production and Interrogatories to Defendants Abbott, Amgen, Aventis, Baxter, Bayer, Boehringer, Braun, Dey, Fujisawa, Novartis, Pfizer, Pharmacia, Sicor, TAP and Watson and to All Other Defendants With Respect to Drugs That Were Not Previously Subject to Discovery, dated March 31, 2004 ("Omnibus Requests"); Plaintiffs' Request for Production to Defendants Regarding HHS ASPs, dated May 26, 2004; and Plaintiffs' Third Request for Production to All Defendants, dated July 14, 2004.  (Declaration of Steve W. Berman in Support

---

[1] As propounded to Amgen, plaintiffs' December 3, 2003 and December 19, 2003 requests for production effectively merged into the Omnibus Requests for Production that are the subject of this motion.

1534.16 0235 MTN.DOC

of Motion to Compel Production of Documents by Amgen ("Berman Decl."), ¶ 2 and Exs. A and B (omnibus requests for production and responses and objections thereto).)

Amgen has all but disregarded these requests for production.[2]  In fact, ***Amgen has not produced a single document in response to plaintiffs' several requests, including plaintiffs' Omnibus Requests***.  (Berman Decl., ¶ 3.)  All that Amgen has produced is a limited amount of transactional data, and then only after considerable prodding by the plaintiffs.  (*Id.*)

### A.     Amgen Has Violated Case Management Order No. 10

In disregarding plaintiffs' requests for production, Amgen has violated not only the Federal Rules of Civil Procedure, but also this Court's CMO No. 10.  Prior to entry of CMO No. 10, defendants had been dilatory in producing documents and often would simply ignore plaintiffs' attempts even to meet and confer.  Thus, plaintiffs urged that the Court impose deadlines for production of documents.

CMO No. 10, issued by the Court on March 25, 2004, provides in pertinent part:

> A responding party to an initial document request shall complete production of all documents within sixty (60) days of service of such request. Any dispute over the document request (i.e., overbreadth or burden) shall be presented to the magistrate judge within 30 days after service of the request after the parties have conferred.  Even if there is a dispute over a document request, the undisputed documents shall be produced within 60 days.

(Berman Decl. Ex. C.)

Amgen has neither produced documents, even "undisputed documents," as requested, nor has it filed a motion with the magistrate judge regarding any of plaintiffs' discovery requests, including plaintiffs' Omnibus Requests.  (Berman Decl., ¶ 4.)  Amgen's wrongful conduct is

---

[2] Though Amgen acquired Immunex Corporation ("Immunex") in or about July 2002, a distinction is to be made between Amgen and Immunex.  Amgen's behavior, and not that of Immunex, is the subject of the instant motion.

1534.16 0235 MTN.DOC

especially egregious given that the current deadline for Track Two fact discovery is December 3, 2005, the extension of which deadline Amgen has opposed.[3]  (*Id.*)

B.     **Amgen Has Manipulated the Discovery Process**

What is more, Amgen has actively manipulated the discovery process.  As the Court is aware, certain cases involving similar issues and many of the same defendants have been ongoing in state courts.  One of these is *Swanston v. TAP Pharmaceutical Products, Inc., et al.*, Superior Court of the State of Arizona in and for the County of Maricopa, Cause No. CV2002-04988.  (Declaration of Donald E. Haviland in Support of Plaintiffs' Motion To Compel Production by Amgen, Inc. ("Haviland Decl."), ¶ 1.)

In recognition of the fact that discovery in these state cases would be ongoing at the same time that discovery in the instant case would be ongoing, this Court issued its CMO No. 9. (Berman Decl. Ex. D.)  The purpose of CMO No. 9 was to assist the parties in meeting their discovery obligations in all similar actions.  In the words of CMO No. 9, "the Court f[ound] that it would be helpful to provide procedures to attempt to coordinate discovery activities both among the included cases and with other cases that are, or may be, prosecuted in state court and that allege fraud or related violations of law in connection with the pricing of Medicare or Medicaid reimbursed prescription drugs . . . ."  (*Id.* at pp. 1-2.)  Among the procedures set up by CMO No. 9 was one whereby a state court could designate an appropriate state case as a

---

[3] In Track Two Defendants' Opposition to Plaintiffs' Motion To Modify the Track Two Discovery Schedule and Cross Motion for Entry of Case Management Order 16 ("Track Two Defendants' Motion"), filed on October 6, 2005, Amgen claims to have begun reviewing "potentially responsive documents" in mid-June of this year. (Track Two Defendants' Motion at p. 8; Declaration of Joseph H. Young (dated October 5, 2005 and filed on October 6, 2005), ¶ 15.)  Amgen claims that "[s]ince that time, it has devoted well over 3000 hours to the review, and that it expects to begin a rolling production of documents this month." (*Id.*)  Yet in spite of this generous, self-granted (and therefore ineffective) extension of the deadlines set forth in CMO No. 10, it bears repeating that Amgen has not produced ***a single document*** as of the date of this motion.

- 4 -

1534.16 0235 MTN.DOC

"Coordinated State Court Case." (*Id.* at p. 4.)  Entry of an attendant order was meant to assist the parties in avoiding duplication and other inefficiencies where possible.  (*Id.* at pp. 4-5.)

The *Swanston* plaintiffs served requests for production to all corporate defendants, including Amgen, in August 2004.  (Haviland Decl., ¶ 3 and Ex. A.)  Amgen served objections to these requests in September 2004.  (Haviland Decl., ¶ 4 and Ex. B.)  Among these *September 2004* objections to production, it stated:  "Amgen objects to Plaintiff's request as being duplicative, over broad and burdensome *in light of ongoing discovery in MDL 1456*" – even though, as Amgen has admitted subsequently, it did not begin reviewing "potentially responsive documents" in this case, MDL 1456, *until "mid-June" 2005*, and even though it did not produce the limited transactional data referenced in this memorandum *until late June 2005*.  (Haviland Decl. Ex. B at p. 3; Haviland Decl., ¶ 7; *see also* n.3, *supra*; Berman Decl. Ex. E (specifically, letter dated June 23, 2005 from Joseph H. Young to Steve W. Berman).)  This reference to "ongoing discovery in MDL 1456" was meant to conjure the coordination protocol suggested by this Court in CMO No. 9, which had been signed by Judge Saris on November 17, 2003.

And in fact, in November 2004, by citing to this Court's CMO No. 9, Amgen won from the Arizona state court the Coordinated State Court Case designation.  (Haviland Decl., ¶ 2 and Ex. C.)  But the designation has spurred no "coordination" of production, in spite of Amgen's September 2004 reference in *Swanston* to "ongoing discovery" that was supposedly taking place in this case.  For to-date, Amgen has produced *no* documents either in this case *or* in *Swanston*.  (Berman Decl., ¶ 3; Haviland Decl., ¶ 10.)

C.     **Plaintiffs and Amgen Have Met and Conferred, But To Scant Avail**

In an effort to persuade Amgen to meet its discovery obligations voluntarily, counsel for plaintiffs has met and conferred telephonically with counsel for Amgen, but to little avail.  (Berman Decl., ¶ 5 and Ex. E.)  In fact, Amgen initially ignored plaintiffs' requests to confer.

(Berman Decl., ¶ 5 and Ex. E.)  In any event, all that the process has yielded is production of the limited transactional data to which plaintiffs refer above.  (Berman Decl., ¶ 5 and Ex. E.)  Amgen's violations of its discovery obligations remain uncured to this day, which has necessitated the instant motion.

### III.   LAW & ARGUMENT

**A.    The Court Should Order Amgen To Produce the Requested Materials Forthwith.**

Aside from deigning to produce a limited amount of transactional data, Amgen has disregarded its obligations to produce documentary evidence in this case.  Accordingly, plaintiffs are entitled to an order compelling Amgen to produce promptly all of the material that plaintiffs have requested in their Omnibus Requests.  Fed. R. Civ. P. 34(b) ("The party submitting the request [for production] may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested."); Fed. R. Civ. P. 37(a)(2)(B).  Plaintiffs also are entitled to an order requiring Amgen to pay the reasonable costs of making and prosecuting this motion, including attorneys' fees.  Fed. R. Civ. P. 37(a)(4)(A).

**B.    The Court Should Order Sanctions Against Amgen**

But plaintiffs believe that the egregiousness of Amgen's conduct calls for sanctions more serious than an order merely requiring Amgen to pay the attorneys' fees that plaintiffs have incurred in bringing this motion.   Not only has Amgen violated its duties under the Federal Rules of Civil Procedure, but also it has grossly violated this Court's CMO No. 10.  What is more, it has invoked "ongoing discovery" that was supposedly occurring under this Court's auspices in order to avoid its responsibilities in a state case, even when, by its own admission, it was doing nothing to respond to discovery requests propounded here.  (*See* n.3, *supra*.)  These actions not only show a disregard for this Court's processes and dignity, but they also have

1534.16 0235 MTN.DOC

resulted in substantial prejudice to the plaintiffs as they prepare their case for trial. (Berman Decl., ¶ 6.)

Amgen's conduct is particularly troublesome given that the Track Two fact discovery cutoff, as presently ordered, is fast approaching. And its inaction is particularly galling given that Amgen has opposed an extension of the December 3, 2005 deadline. Could Amgen's motives be any more transparent? Patently it seeks to run out the clock on this matter, or at the least to distract and vex plaintiffs by forcing them to perform a tremendous amount of work in the short period between now and the discovery cutoff (whether the cutoff remains as presently ordered or as modified pursuant to plaintiffs' pending motion to extend it). Neither Amgen's disregard of its legal obligations, nor its cynical strategy, should be condoned. Rather, Amgen's conduct should be dealt with in a manner commensurate with its repugnance.

### 1. Amgen's Objections To Production Should Be Disregarded

First, plaintiffs ask the Court to treat all of Amgen's objections to production in response to plaintiffs' Omnibus Requests as waived and of no moment. This ruling should apply not only to Amgen's written objections to plaintiffs' Omnibus Requests, but also to any objections it might seek to raise as it finally makes production pursuant to an order on this motion.

*All* responsive documents should be produced, regardless of whether Amgen might otherwise have claimed the attorney-client privilege, the work-product doctrine, the trial-preparation doctrine, or any similar doctrine as the basis for withholding responsive documents from production. Amgen has forfeited the right to stand on any such grounds for withholding material from production for at least three reasons. One, its written objections to plaintiffs' Omnibus Requests were late under Fed. R. Civ. P. 34(b); its objections are waived. *See Demary v. Yamaha Motor Corp.*, 125 F.R.D. 20, 22 (D. Mass. 1989) ("In the absence of an extension of time, failure to object within the time fixed by the Rules is a waiver of any objection.") (citation

1534.16 0235 MTN.DOC

omitted).  Two, as to any objections to production of specific documents based on the attorney-client privilege, work product doctrine, or any similar doctrine, Amgen has failed to produce a privilege log as required by the civil rules and CMO No. 10, [4] thus waiving any objections that otherwise might properly have been made.  *Marx v. Kelly, Hart & Hallman*, 929 F.2d 8, 12-13 (1st Cir. 1991) ("assertion of privilege must be timely and must also be accompanied by sufficient information to allow the court to rule intelligently on the privilege claim"; "[i]f the responding party files to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections"); *In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001) ("A party that fails to submit a privilege log is deemed to waive the underlying privilege claim.") (citation omitted).  And three, its outrageous refusal to produce documentary evidence requested well over a year ago is sanctionable under this Court's inherent power to address such misconduct on the part of a litigant.  *See, e.g., Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1119 (1st Cir. 1989) (indicating that it is beyond question that a district court has the inherent power to manage its affairs, including "the ability to do whatever is reasonably necessary to deter abuse of the judicial process") (citation omitted); *Petroleum Insurance Agency, Inc. v. Hartford Accident and Indemnity Co.*, 106 F.R.D. 59, 69-70 (D. Mass. 1985) (discussing court's inherent power to impose sanctions, and indicating that such power "may be exercised to sanction non-production of documents even when no order compelling production pursuant to Rule 37(a)(2), F. R. Civ. P., was obtained") (citations omitted).

    **2.**    **Amgen Should Be Ordered To Pay a Monetary Sanction.**

Second, the Court should order Amgen to pay a monetary sanction.  As with Amgen's objections to production, the Court's inherent powers to manage its affairs, including the

---

[4] Production should have been completed months ago under Fed. R. Civ. P. 34 and CMO No. 10, and, accordingly, a privilege log with specific claims of privilege as to specific documents should have been provided months ago as well.  Fed. R. Civ. P. 45(d)(2); CMO No. 10, § 2, ¶ 5.

- 8 -

discovery process, should also be invoked to grant plaintiffs' request that Amgen be sanctioned monetarily for its conduct. *Aoude*, 892 F.2d at 1119; *Petroleum Ins.*, 106 F.R.D. at 69-70.

Plaintiffs ask that Amgen be ordered to pay them $100,000.00 as a sanction for Amgen's utter disregard of the discovery process. While there is no doubt that $100,000.00 is a significant sum of money, the sum is commensurate with the outrageousness of Amgen's conduct. After all, not only has Amgen flagrantly violated the civil rules as well as a specific order of this Court (CMO No. 10), but it also is plainly maneuvering to deny plaintiffs the right to support their case against it. In addition, Amgen invoked in a state court case supposedly "ongoing discovery" going on under this Court's banner when it was actually doing nothing to respond to plaintiffs' Omnibus Requests at all.

Furthermore, the size of the sanction will serve to deter other litigants from similar conduct of their own in the future. *See Big Top USA, Inc. v. Wittern Group*, 183 F.R.D. 331, 342 (D. Mass. 1998) (even the ultimate sanction of dismissal is warranted "'in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent'") (citations omitted). Simply put, the sanction is not so small that it will be seen either by Amgen or other litigants as a mere slap on the hand.

Nor is the requested sanction so large as to cause any serious or lasting harm to Amgen financially. Amgen is a major pharmaceutical manufacturer that cannot seriously contend that paying a sanction in the amount of $100,000.00 – a sanction brought about by its own calculated conduct—will hurt its bottom line. The sanction should be ordered as requested.

## IV.   CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully urge the Court to issue an order: a) compelling Amgen to produce within 30 days all documents and other materials called for by

- 9 -

plaintiffs' Omnibus Requests for Production[5]; b) extending the close of fact discovery as to Amgen to a date six months after Amgen has complied with its discovery obligations; c) providing that Amgen may not withhold any documents responsive to plaintiffs' Omnibus Requests for Production on the basis of any objections to production, including any objections grounded on the attorney-client privilege, work-product doctrine, trial-preparation doctrine, or any similar doctrine, and further providing that any objections already made, including any based on the attorney-client privilege, work-product doctrine, trial-preparation doctrine, or any similar doctrine, are deemed waived and of no effect, such that Amgen must produce *all* responsive documents promptly; and d) ordering Amgen to pay a sanction of $100,000.00 to the plaintiffs for its flagrant disregard of CMO No. 10 and its obligations under the Federal Rules of Civil Procedure, which conduct has prejudiced plaintiffs as they prepare for trial and otherwise prosecute this case, and for its manipulation of the discovery process.   In addition, the Court should order Amgen to reimburse plaintiffs for the costs, including attorneys' fees, incurred in filing and litigating this motion.

DATED:  October 28, 2005

By     /s/ Steve W. Berman
  Thomas M. Sobol (BBO#471770)
  Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

---

[5] These documents and materials include, but are by no means limited to, those which were generated in, or which relate to, certain legal proceedings which took place between Amgen and fellow defendant Ortho Biotech.  Amgen is well aware of plaintiffs' ongoing efforts to obtain these documents and materials, which are a subset of documents and materials requested in plaintiffs' Omnibus Requests, and plaintiffs reserve the right to ask for this Court's assistance as necessary as they continue to try to obtain them.

1534.16 0235 MTN.DOC

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

- 12 -

        Samuel D. Heins
        Alan I. Gilbert
        Susan E. MacMenamin
        Heins, Mills & Olson, P.C.
        3550 IDS Center
        80 South Eighth Street
        Minneapolis, MN  55402
        Telephone: (612) 338-4605
        Facsimile: (612) 338-4692
        **CO-LEAD COUNSEL FOR PLAINTIFFS**

- 12 -

- 13 -

## CERTIFICATE OF SERVICE

  I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION BY AMGEN INC.** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on October 28, 2005, a copy to LexisNexis File & Serve for Posting and notification to all parties

        By **/s/ Steve W. Berman**
         Steve W. Berman
         **HAGENS BERMAN SOBOL SHAPIRO LLP**
         1301 Fifth Avenue, Suite 2900
         Seattle, WA 98101
         (206) 623-7292