UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION  ) ) ) ) | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS |
| ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS  ) ) ) ) |  |

**DECLARATION OF STEVE W. BERMAN IN SUPPORT OF MOTION
TO COMPEL PRODUCTION BY AMGEN, INC.**

I, Steve W. Berman, duly declare as follows:

1. I am a member of Hagens Berman Sobol Shapiro LLP, resident in its Seattle, Washington, office, and I am co-lead counsel for the plaintiffs in the above-captioned matter. I submit this declaration in support of Plaintiffs' Motion To Compel Production by Amgen, Inc.

2. Since the inception of this lawsuit, plaintiffs have served all defendants, including Amgen, Inc. ("Amgen"), with various requests for production. Insofar as Amgen is concerned, these include:  Plaintiffs' Request for Production of Documents to Aventis, Abbott, Amgen, Boehringer, BMS, Johnson & Johnson, GSK, Hoffman, Immunex and Schering-Plough and Interrogatories to *All* Defendants Subject to Discovery, dated December 3, 2003; Plaintiffs' Second Request for Production of Documents to Aventis, Abbott, Amgen, BMS, Johnson & Johnson, GSK, Hoffman, Immunex and Schering-Plough, dated December 19, 2003; Plaintiffs' Omnibus Requests for Production and Interrogatories to Defendants Abbott, Amgen, Aventis, Baxter, Bayer, Boehringer, Braun, Dey, Fujisawa, Novartis, Pfizer, Pharmacia, Sicor, TAP and Watson and to All Other Defendants With Respect to Drugs That Were Not Previously Subject

- 1 -

to Discovery, dated March 31, 2004 ("Omnibus Requests"); Plaintiffs' Request for Production to Defendants Regarding HHS ASPs, dated May 26, 2004; and Plaintiffs' Third Request for Production to All Defendants, dated July 14, 2004.

3. Amgen has all but disregarded these requests for production. (Though Amgen acquired defendant Immunex Corporation ("Immunex") in or about July 2002, here I speak only of Amgen as distinct from Immunex.) All that Amgen has produced in response to these discovery requests, including the Omnibus Requests that are the subject of plaintiffs' instant motion to compel, is a limited amount of transactional data, and then only after considerable prodding.

4. Not only has Amgen disregarded the Federal Rules of Civil Procedure in failing to produce materials in response to plaintiffs' Omnibus Requests, but it has also disregarded the Court's Case Management Order ("CMO") No. 10. Amgen has not produced all responsive documents within 60 days of service of the Omnibus Requests; it has made no motion asserting impropriety as to the Omnibus Requests; nor has it produced what the Court has deemed "undisputed documents" within the 60-day window prescribed by CMO No. 10. This conduct is especially egregious given that the current deadline for Track Two fact discovery is December 3, 2005, the extension of which deadline Amgen has opposed.

5. In an effort to persuade Amgen to meet its discovery obligations voluntarily, I have requested telephonic meet-and-confer sessions with its counsel. Initially my requests were ignored, but finally Amgen's counsel and I did confer. Copies of letters showing some of my efforts to meet and confer with counsel for Amgen are attached as part of Exhibit E to this declaration. Unfortunately, all that the process yielded was the production of the limited amount

of transactional data to which I refer above.  (*See* Ex. E (June 23, 2005 letter from Joseph H. Young, counsel for Amgen, to me).)

6.  Amgen's refusal to meet its discovery responsibilities is gamesmanship at its most cynical and prejudicial.  Plainly Amgen is trying to run out the clock by denying plaintiffs access to the documentary evidence they need to support their case and to prepare for trial.  By withholding evidence until late in the day (this assumes that Amgen will comply with an order compelling production), Amgen seeks also to distract plaintiffs and to force them to divert resources to a fire drill of reviewing and analyzing the material finally provided.  No doubt Amgen will use this timing to object to necessary follow-up discovery, including depositions.  And all of this will come at increased financial cost to plaintiffs as well, as their counsel is required to divert attorneys from other projects and as their expert consultants must make the time to review materials provided to them out of time.

7.  Attached as Exhibit A is a true and correct copy of Plaintiffs' Omnibus Requests for Production and Interrogatories to Defendants Abbott, Amgen, Aventis, Baxter, Bayer, Boehringer, Braun, Dey, Fujisawa, Novartis, Pfizer, Pharmacia, Sicor, TAP and Watson and to All Other Defendants With Respect to Drugs That Were Not Previously Subject to Discovery, dated March 31, 2004.

8.  Attached as Exhibit B is a true and correct copy of Defendant Amgen Inc.'s Objections and Answers to Plaintiffs' Omnibus Requests for Production of Documents and Interrogatories, dated June 4, 2004.

9.  Attached as Exhibit C is a true and correct copy of this Court's CMO No. 10.

10.  Attached as Exhibit D is a true and correct copy of this Court's CMO No. 9, dated November 17, 2003 and served November 24, 2003.

1534.16 0233 MTN.DOC

11. Attached as Exhibit E are true and correct copies of letters to and from Amgen regarding discovery, including the letters referenced in paragraph 5 of this declaration.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of October, 2005.

                                                    **/s/ Steve W. Berman**
                                                    STEVE W. BERMAN

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF STEVE W. BERMAN IN SUPPORT OF MOTION TO COMPEL PRODUCTION BY AMGEN, INC.,** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on October 28, 2005, a copy to LexisNexis File & Serve for posting and notification to all parties.

      By     **/s/ Steve W. Berman**
        Steve W. Berman
        **HAGENS BERMAN SOBOL SHAPIRO LLP**
        1301 Fifth Avenue, Suite 2900
        Seattle, WA  98101
        (206) 623-7292