# Exhibit B



<center>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

</center>

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | |

<center>

**DEFENDANT AMGEN INC.'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' OMNIBUS REQUESTS FOR
<u>PRODUCTION OF DOCUMENTS AND INTERROGATORIES</u>**

</center>

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, the

Local Rules of the District Court for the District of Massachusetts, and the case management

orders of the Court, Defendant Amgen Inc. ("Amgen"), by its attorneys, submits the following

objections and responses to Plaintiffs' Omnibus Requests for Production of Documents and

Interrogatories ("Omnibus Requests").

<center>

**<u>PRELIMINARY STATEMENT</u>**

</center>

1.      These responses and answers are made solely for the purposes of this

action.  Each response and answer is subject to all objections as to competence, relevance,

materiality, propriety, and admissibility, and to any and all other objections on any grounds that

would require the exclusion of any statements contained herein if such document requests or

Interrogatories were asked of, or statements contained herein were made by, a witness present



and testifying in Court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

2.   Amgen's responses and answers shall not be deemed to constitute admissions:

     a.  that any particular document or thing exists, is relevant, non-privileged, or admissible in evidence; or

     b.  that any statement or characterization in Plaintiffs' Omnibus Requests for Production and Interrogatories is accurate or complete.

3.   Amgen's responses are made based upon reasonable and diligent investigation conducted to date. Discovery and investigation in this matter are ongoing and Amgen reserves the right to amend its responses and to raise any additional objections it may have in the future. These responses are made based upon the typical or usual interpretation of words contained in Plaintiffs' Omnibus Requests for Production of Documents and Interrogatories, unless a specific definition or instruction has been provided. Notwithstanding any objection set forth herein, and without waiving them, Amgen will continue to negotiate with plaintiffs in an effort to reach agreement regarding the scope of these Omnibus Requests and Interrogatories and will supplement or amend these objections and responses consistent with those negotiations.

4.   Amgen's responses to Plaintiffs' Omnibus Requests and Interrogatories contain information subject to the stipulated Protective Order in this matter and must be treated accordingly.

5.   Amgen is awaiting the Court's ruling on its Motion for Reconsideration in connection with the Court's ruling on Amgen's individual motion to dismiss the AMCC. Until such time as the Court has ruled on that motion, Amgen objects to Plaintiffs' Omnibus Requests



and Interrogatories as being unduly burdensome and as imposing enormous and potentially unnecessary expense on Amgen.

6.      Amgen is responding on its own behalf, and not on behalf of Immunex Corporation, a subsidiary, which has been named as a separate defendant in these proceedings and is separately represented by counsel.

7.      Amgen's responses to Plaintiffs' Omnibus Requests and Interrogatories are submitted without prejudice to Amgen's right to produce evidence of any subsequently discovered fact. Amgen accordingly reserves its right to provide further responses and answers as additional facts are ascertained. Subject to the foregoing, which is incorporated into each and every response and answer set forth below; Amgen responds as follows:

## GENERAL OBJECTIONS

Amgen objects generally to Plaintiffs' Omnibus Requests and Interrogatories as follows:

1.  Amgen objects to Plaintiffs' "Definitions," "Rules of Construction," and "Instructions" and to any other preliminary statements to the extent Plaintiffs intend to expand upon or alter Amgen's obligations under the Federal Rules of Civil Procedure, the Court's Local Rules, or the Court's Case Management Orders in responding to these requests and interrogatories. Amgen will comply with the Federal Rules of Civil Procedure and the various Case Management Orders entered in this matter in providing its responses and answers to these requests and interrogatories.

2.  Amgen objects to each request and interrogatory to the extent that it calls for the production of documents or information not relevant to the issues in this action and is not reasonably calculated to lead to the discovery of admissible evidence.



3.  Amgen objects to Plaintiffs' definitions of "Agreement," "All documents," "Communication," "Covered Drugs," "Defendant," "Document," "Government payor," "Identify," "Independent Practice Association," "Price," "Private payor," "Provider," "Reference Documents," "State the Basis," and "Third Party Administrator" on the grounds that they are vague, ambiguous, overbroad, burdensome, and encompass materials that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.  Amgen objects to the definitions of "AWPID" and "Covered Drugs" and to each request and interrogatory to the extent that they purport to require the production of information regarding drugs other than the Amgen drugs set forth in Appendix A of the Amended Master Consolidated Class Action Complaint ("AMCC"). Amgen will produce documents and information only with respect to drugs manufactured by it and identified in Appendix A to the AMCC. In addition, Amgen objects to the use of the acronym "AWPID," which is defined in the AMCC as "AWP Inflated Drugs" on the grounds that it is argumentative, lacks factual foundation, and depends upon a legal conclusion.

5.  Amgen objects to the definition of "Government Investigation" as set forth in Definition No. 17 on the ground that it is overbroad because of its unlimited time frame and because the definition is not limited to "Government investigations" regarding AWP. The definition is also vague and ambiguous insofar as it relates to investigations by the "Department of Health and Home Services" and the "Office of the United States Inspector General," inasmuch as Amgen is unaware of any such governmental departments or agencies.

6.  Amgen objects to Instruction No. 1 and its various subsections because it is burdensome, and vague and ambiguous to the extent it requires Amgen to speculate about the existence of responsive information that may or may not exist in the possession of third parties.



7.   Amgen objects to Instruction No. 2 and Section V relating to "Relevant Time Period," and to each of the individual requests and interrogatories on the grounds that they are overbroad and burdensome, and are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to further negotiation and agreement, Amgen will conduct a reasonable search for documents generally responsive to these requests for the time period between January 1, 1997, and December 19, 2001, the date on which Plaintiffs' original complaint in this matter was filed.  The production of any documents or provision of other information by Amgen that pre-dates January 1, 1997, or that post-dates December 19, 2001, shall not be deemed to constitute a waiver of this objection.

8.   Amgen objects to Instruction No. 8 to the extent that it purports to require the production of original documents.  Amgen will use reasonable efforts to produce copies. Access to originals will be provided based upon reasonable specific requests only.

9.   Amgen objects to Instruction No. 9 to the extent that it purports to require that all documents be produced in their original file folders, envelopes, or other containers. Amgen will use reasonable efforts to produce copies of labels or other identifying marks on such original file folders, envelopes, or containers.

10.   Amgen objects to Instruction No. 10 to the extent that it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure.

11.   Amgen objects to Instruction No. 12 to the extent that it purports to require Amgen to produce documents in electronic format on the grounds that it is overly burdensome and exceeds the requirements of CMO 10.  Amgen will comply with CMO 10.

12.   Amgen objects to Instruction No. 14 to the extent that it purports to require Amgen to produce documents that "mention, discuss, refer to or explain" responsive



documents on the grounds that it is vague and ambiguous, calls for subjective determination and is burdensome.

13.   Insofar as any request seeks information to which the foregoing objections to Plaintiffs' Definitions, Rules of Construction and Instructions apply, Amgen's failure to note particular objections to Plaintiffs' Definitions, Rules of Construction, and Instructions in the Specific Objections below shall not constitute a waiver of those or other objections to Plaintiffs' Definitions and Instructions with respect to any individual request.

14.   Amgen objects to the extent that any request or interrogatory seeks information that is protected from disclosure by the work product doctrine, the attorney-client, accountant-client, consulting expert, or investigative privileges, by any common interest or joint defense agreement, or by any other applicable privilege or protection. Amgen agrees to prepare and provide Plaintiffs with a listing or log of documents withheld on the grounds of privilege at the conclusion of its initial production.

15.   Amgen objects to each request or interrogatory to the extent that it calls for production of documents or information not within its possession, custody or control. In responding to these requests and interrogatories, Amgen has undertaken or will undertake a diligent and reasonable search of documents and information within Amgen's current possession, custody or control.

16.   Amgen objects to each request or interrogatory to the extent that it calls for information that is confidential, proprietary, and/or a trade secret of a third party. Amgen will produce any such materials pursuant to the Protective Order entered in this action and to the extent such production is otherwise called for by these requests.



17.   Amgen objects to each request or interrogatory to the extent that it seeks disclosure of information that is a matter of public record, is equally available to the Plaintiffs, or is already in the possession of the Plaintiffs.

18.   Amgen objects to each request and interrogatory that uses the term "spread" or "spreads" on the basis that such terms are argumentative and are vague and ambiguous and undefined.

19.   Amgen objects to collecting and producing the broad range of documents and information required by Plaintiffs' Omnibus Requests and Interrogatories prior to its initial production of sales, rebate and discount information in that this data may serve as a basis for limiting the scope of these requests and interrogatories.

20.   Amgen objects to Plaintiffs' Omnibus Requests and Interrogatories to the extent that they purport to require Amgen to perform mathematical, statistical or other analyses of various data on the grounds that such requests are unduly burdensome and that Plaintiffs are equally capable of performing such calculations.

21.   Amgen expressly incorporates the above General Objections into each specific response to the requests set forth below as if set forth in full therein.  The response to a request shall not operate as a waiver of any applicable specific or general objection to a request.



**SPECIFIC OBJECTIONS AND RESPONSES
TO PLAINTIFFS' OMNIBUS REQUESTS FOR PRODUCTION**

*Category 1:    General Corporate*

**Request No. 1:**

All documents sufficient to identify your policy or practice of document retention, destruction, disposal or preservation during the relevant time period.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen also objects to this request on the grounds that it is overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Amgen further objects to this request to the extent it seeks materials protected from disclosure by the attorney-client privilege, work product privilege, or other applicable privilege. Notwithstanding these objections, and without waiving them, and subject to further discussion and agreement with plaintiffs, Amgen will conduct a reasonable search and will produce responsive, non-privileged documents which it believes sufficient to respond to this request for review and copying at a mutually agreed upon time and place.

**Request No. 2:**

All current and historical organizational charts for all of your sales, marketing and pricing departments or divisions.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen objects to this request on the grounds that it is overbroad, burdensome, and calls for production of documents not reasonably calculated to lead to the discovery of admissible evidence. Amgen further objects to this request because the terms "sales, marketing, and pricing departments or divisions" are vague and ambiguous.



Notwithstanding these objections, and without waiving them, and subject to further discussion and agreement with plaintiffs, Amgen will conduct a reasonable search and will produce responsive, non-privileged documents for review and copying at a mutually agreed upon time and place.

### Request No. 3:

Any and all company, organizational and policy information in its entirety, including but not limited to corporate policy and procedure manuals, and policy memoranda.

#### Response:

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen further objects to this request on the grounds that it is overbroad, burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Amgen also objects to the terms and phrases "company, organizational and policy information," "corporate policy and procedure manuals" and "policy memoranda" because they are undefined and are vague and ambiguous.

### Request No. 4:

Documents sufficient to identify your electronic mail, document management and other automated information systems.

#### Response:

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen further objects to this request on the grounds that it is overbroad and burdensome. Notwithstanding these objections, and without waiving them, Amgen will conduct a reasonable search and will produce documents generally describing its electronic mail, document management and other automated information systems for review and copying at a mutually agreed upon time and place.



**Request No. 5:**

  Documents sufficient to identify your electronic mail retention policies.

  **Response:**

  *See* Amgen's General Objections, Nos. 1-21, and responses to Request Nos. 1 and

3, *supra*, which are expressly incorporated herein by reference.  Amgen objects to this request on

the grounds that it is overbroad and burdensome and not reasonably calculated to lead to the

discovery of admissible evidence.  Notwithstanding these objections, and without waiving them,

Amgen will conduct a  reasonable search and will produce documents generally describing its

electronic mail retention policies for review and copying at a mutually agreed upon time and

place.

**Request No. 6:**

  Documents evidencing steps [that] were taken by you (if any) from January 1,

2001 to the present to insure that discoverable information with respect to average wholesale

price litigation is not destroyed or otherwise made unavailable.

  **Response:**

  *See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference.  Amgen further objects to this request to the extent it seeks materials

protected from disclosure by the attorney-client privilege, work product privilege, or other

applicable privilege.  Notwithstanding these objections, and without waiving them, Amgen will

conduct a reasonable search and will produce non-privileged documents responsive to this

request for review and copying at a mutually agreed upon time and place.

**Request No. 7:**

  Documents sufficient to identify your policies and procedures concerning the
back-up of data for your financial and your marketing, sales and promotion divisions, including
but not limited to, the frequency of back-ups, all software and hardware used to perform back-



ups, and all media onto which data is backed-up.

### Response:

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen also objects to this request as being overbroad, burdensome, not

relevant, and not reasonably calculated to lead to the discovery of relevant evidence. Amgen

also objects to the terms and phrases "back-up of data" and "financial . . . marketing, sales and

promotion divisions" because they are vague and ambiguous. Amgen further objects to this

request to the extent it is duplicative of Plaintiffs' Omnibus Request No. 1. Notwithstanding

these objections, and without waiving them, Amgen will conduct a reasonable search and will

produce documents generally responsive to this request to the extent that they exist, for review

and copying at a mutually agreed upon time and place.

*Category 2:    Trade Associations*

### Request No. 8:

All documents received from or provided to any trade association (such as the
Pharmaceutical Research and Manufacturers of America), and any of its organizational
subcommittees, including meeting agendas and minutes, concerning (i) Medicare reimbursement
for drugs and/or the use of AWP in the reimbursement process; (ii) publications identified in
Health Care Financing Administration Program Memorandum AB-99-63, including the *Red
Book, Blue Book,* and *Medispan* (pharmaceutical industry publications); or (iii) a Government
Investigation or inquiry as to the use of AWP in the reimbursement process.

### Response:

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that the request is

overbroad, burdensome, and that it is not reasonably calculated to lead to the discovery of

admissible evidence.



*Category 3:*   *Governmental Investigations; Litigation*

**Request No. 9:**

 All documents produced by you, whether voluntarily or involuntary, in any governmental investigation or inquiry concerning the use of AWP.

 **Response:**

 *See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen also objects to this request on the grounds that the term "inquiry" is

vague and ambiguous. Notwithstanding these objections, and without waiving them, Amgen

responds that no documents responsive to this request are within its care, custody or control.

**Request No. 10:**

 All documents relating to any legal proceeding (by country, court, caption, case number, etc.), including but not limited to court hearings, legislative hearings, mediations or arbitrations, in which you were a party or witness, regarding any allegations relating to AWPs.

 **Response:**

 *See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that it is overbroad and

burdensome, is equally available to Plaintiffs, and is not reasonably calculated to lead to the

discovery of admissible evidence. Amgen also objects because the phrase "regarding any

allegations relating to AWPs" is vague and ambiguous.

**Request No. 11:**

 All affidavits, declarations, depositions, or other written statements, including drafts, provided by you regarding any allegations relating to the use of AWP.

 **Response:**

 *See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that it is overbroad,

burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.



Amgen also objects because the phrase "allegations relating to the use of AWP" is vague and ambiguous.

***Category 4:    Communications With Government Entities***

**Request No. 12:**

All documents created by or received from CMS, the United States Department of Health and Human Services, the Health and Human Services Office of the Inspector General, the General Accounting Office, Congress or any other federal institution, agency, department, or office concerning prices for prescription drugs.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen further objects to this request to the extent it calls for production of documents not within its possession, custody or control. Amgen further objects to the extent that this request seeks disclosure of information that is a matter of public record, is equally available to the Plaintiffs, or is already in the possession of Plaintiffs, and to the extent that the phrase "concerning prices for prescription drugs" is overbroad, vague and ambiguous.

**Request No. 13:**    All documents provided to CMS, the United States Department of Health and Human Services, and Department of Health and Human Services Office of the Inspector General, the General Accounting Office, Congress, or any other federal institution, agency, department, or office concerning the price of any AWPID.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen also objects to this request on the grounds that it is overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Amgen further objects to this request to the extent that it calls for production of documents not within its possession, custody or control and to the extent that the request seeks disclosure of information that is a matter of public record, is equally available to Plaintiffs, or is already in the possession of Plaintiffs, and to the extent that the phrase "concerning prices for prescription



drugs" is overbroad, vague and ambiguous.

***Category 5:    AWPs and Pricing Related***

**Request No. 14:**

All documents concerning any definition or meaning of AWP, including documents discussing how you or others define AWP.

> **Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen further objects to this request on the grounds that it is overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Amgen further objects to this request to the extent that it purports to require Amgen to locate and produce documents not in its possession custody or control regarding how "others" define AWP. Notwithstanding these objections, and without waiving them, Amgen will conduct a reasonable search and will produce documents believed to be responsive to this request, if any, for review and copying at a mutually agreed upon time and place.

**Request No. 15:**

All documents discussing how the AWP has been or is currently determined for any AWPID.

> **Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen also objects to this request on the grounds that it is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Amgen further objects to this request to the extent it purports to call for documents protected from disclosure by the attorney work product doctrine, attorney-client privilege or other applicable privilege. Amgen additionally objects to this request to the extent it calls for production of documents not within its possession, custody or control in that Amgen does not



determine the AWP for its drugs. Notwithstanding these objections, and without waiving them,

and subject to further negotiation and agreement with plaintiffs as to scope, Amgen will conduct

a reasonable search and will produce documents believed to be responsive to this request, if any,

for review and copying at a mutually agreed upon time and place.

**Request No. 16:**    As to each of your AWPIDs, all documents concerning any actual,
proposed, or prospective AWP announcements, changes or price lists, including the methodology
and procedures used by you in considering whether to increase or decrease the AWP of each
AWPID.

        **Response:**

        *See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen also objects to this request to the extent it purports to require the

production of documents relating to "proposed, or prospective AWP announcements, changes or

price lists" on the grounds that such a request is overbroad, burdensome, and is not reasonably

calculated to lead to the discovery of admissible evidence. Amgen further objects because the

terms and phrases "AWP announcements, changes or price lists" and "methodology and

procedures" are vague and ambiguous. Notwithstanding these objections, and without waiving

them, and subject to further negotiation and agreement with plaintiffs as to scope, Amgen will

conduct a reasonable search and will produce documents believed to be responsive to this

request, if any, for review and copying at a mutually agreed upon time and place.

**Request No. 17:**

        As to each of your AWPIDs, all documents concerning any actual, proposed or
prospective price announcement, price change or price list, including the methodology and
procedures used by you in considering whether to increase or decrease the price for each
AWPID.

        **Response:**

        *See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that the phrase



"methodology and procedures" is vague and ambiguous, and to the extent it purports to require the production of documents relating to proposed or prospective price announcements, price changes, discounts, etc., that were not finally approved or instituted on the grounds that such a request is overbroad and burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, and without waiving them, and subject to further negotiation and agreement with plaintiffs as to scope, Amgen will conduct a reasonable search and will produce documents believed to be responsive to this request, if any, for review and copying at a mutually agreed upon time and place.

**Request No. 18:**

As to Class A drugs only, all sales-level detailing reports where AWPs, reimbursement based on AWPs, or the prices for AWPIDs was discussed. (Class A Drugs)

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen also objects to this request on the grounds that it is overbroad, burdensome, and because the terms and phrases "sales-level detailing report" and "reimbursement based on AWPs" are vague and ambiguous. Notwithstanding these objections, and without waiving them, and subject to further negotiations and agreement with plaintiffs as to scope, Amgen will conduct a reasonable search and will produce documents believed to be responsive to this request, if any, for review and copying at a mutually agreed upon time and place.

**Request No. 19:** As to Class A drugs only, all sales-level detailing reports where price, discounts, rebates, price concessions, forgiveness of debt, free samples, educational grants or other remuneration were discussed with a purchaser or potential purchaser of any of your AWPIDs.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated



herein by reference.  Amgen further objects on the grounds the request is overbroad,

burdensome, and seeks information not reasonably calculated to lead to discoverable evidence.

Amgen also objects to this request on the grounds that the terms and phrases "sales-level

detailing reports," "discounts, rebates, price concessions, forgiveness of debt, free samples" and

"educational grants" or "other remuneration" are vague and ambiguous.  Notwithstanding these

objections, and without waiving them, and as agreed upon with plaintiffs' counsel, Amgen will

produce data reflecting price, discounts and rebates for the period January 1, 1997 through

December 31, 2001.

**Request No. 20:**

        All documents, including organizational charts that describe or list the individuals
responsible for determining the price for each AWPID.

        **Response:**

        *See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference.  Amgen further objects to this request on the grounds that it is overbroad,

burdensome and not reasonably calculated to lead to admissible evidence.  Amgen also objects

because the phrase "individuals responsible for determining the price for each AWPID" is vague

and ambiguous.  Notwithstanding these objections, and without waiving them, Amgen will

conduct a reasonable search and will produce documents believed to be responsive to this

request, if any, for review and copying at a mutually agreed upon time and place.

**Request No. 21:**

        All documents, including organizational charts that describe or list the individuals
responsible for determining the price for each AWPID.

        **Response:**

        *See* Amgen's Objections and Responses to Omnibus Request No. 20.



**Request No. 22:**

        For each of your AWPIDs, all documents concerning the product market, as defined in the 1992 Department of Justice and Federal Trade Commission Horizontal Merger Guidelines, in which each AWPID competes including, but not limited to, all documents that: (a) discuss, address, concern, regard, or reflect products that have a significant cross-elasticity of demand, or that are reasonably substitutable for, interchangeable with, or close therapeutic equivalents and/or (b) discuss, address, concern, regard, or reflect whether, and to what extent, the marketing, pricing, and/or sale of a drug other than your AWPID has caused, or could or might cause, physicians, consumers, and other individuals or entities to terminate or reduce their purchase or use of your AWPID.

        **Response:**

        *See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen objects to this request on the grounds that it is overbroad,

burdensome and seeks information that is not reasonably calculated to lead to the discovery of

admissible evidence. Amgen also objects to this request because the terms "product market,"

"significant cross-elasticity of demand," "reasonably substitutable for," "interchangeable with,"

and "close therapeutic equivalents" are vague and ambiguous.

**Request No. 23:**

        For each of your AWPIDs, all documents concerning the geographic market or markets in which the AWPID competes including, but not limited to, all documents that (a) discuss, concern, regard, or reflect the geographic area within which the AWPID is marketed, and (b) discuss, concern, regard or reflect the area within which you and your competitors view themselves as competing with respect to the AWPID.

        **Response:**

        *See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that it is overbroad,

burdensome, and seeks information not reasonably calculated to lead to the discovery of

admissible evidence. Amgen also objects to the terms "geographic market," "markets in which

the AWPID competes," and "competitors" because they are vague and ambiguous.



**Request No. 24:**

       For each of your AWPIDs, all documents concerning your strategic and marketing plans including, but not limited to all pricing, reimbursement, brand switching, and consumer segmentation studies and/or surveys.

       **Response:**

       *See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference.  Amgen further objects to this request on the grounds that it is overbroad and

burdensome.  Amgen also objects to the terms "brand switching" and "consumer segmentation

studies and/or surveys" because they are vague and ambiguous.

**Request No. 25:**

       For each of your AWPIDs, all documents (in digital, computerized form where available) that identify each customer who purchased the AWPID.  For each of these purchasers, all documents that reflect:

    (a)    Each sale or other transaction involving the AWPID including the date thereof;

    (b)    The number or units of the AWPID sold by dosage strength and package size for each sale or other transaction;

    (c)    The invoice amount in dollars for each sale or other transaction concerning the AWPID;

    (d)    Discounts, rebates, chargebacks, and other price adjustments relating to each sale, transaction, or set of transactions involving or relating to the AWPID;

    (e)    The net amount in dollars for each sale or transaction concerning the AWPID;

    (f)    Any other price or unit adjustments whether monthly, quarterly or on any other basis involving or relating to sales or transaction involving the AWPID;

    (g)    The full name and address of each entity purchasing the AWPID (and, in addition, the full name and address of the parent company where the database or documents identify a subsidiary, corporate affiliate, division, satellite office, or warehouse).

       **Response:**

       *See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference.  Amgen also objects to this request on the grounds that it is overbroad,



burdensome and objects to this request to the extent it purports to mandate the form of

production of responsive documents.  Amgen further objects to the terms and phrases "other

transaction," "discounts, rebates, chargebacks," "price adjustments," "net amount," and "other

price or unit adjustments" because they are vague and ambiguous.  Notwithstanding these

objections, and without waiving them, and subject to further negotiation and agreement with

plaintiffs as to scope, Amgen will produce sales, discount and rebate data for the time period

from January 1, 1993 through December 31, 2001, as agreed upon with plaintiffs' counsel.

**Request No. 26:**

        For each of your AWPIDs, all documents that reflect the prices charged to, or
terms of conditions of sale for, purchasers of the AWPID including, but not limited, to:

    (a)    The wholesale acquisition price or other published price of the AWPID or any
           generic equivalent;

    (b)    Payment terms;

    (c)    Discounts, rebates, chargebacks or other adjustments offered to any class of
           purchaser;

    (d)    Prices and terms of sales for wholesale purchasers;

    (e)    Prices and/or discounts and/or rebates or other adjustments for chain pharmacy
           purchasers;

    (f)    Prices and/or discounts and/or rebates or other adjustments for hospital
           purchasers;

    (g)    Prices and/or discounts and/or rebates or other adjustments for managed care
           purchasers;

    (h)    Prices and/or discounts and/or rebates or other adjustments for pharmacy benefit
           managers;

    (i)    Prices and/or discounts and/or rebates or other adjustments for internet
           pharmacies;

    (j)    Prices and/or discounts and/or rebates or other adjustments for mail order
           purchasers; and

    (k)    Prices and/or discounts and/or rebates or other adjustments for any other



purchaser class or subgroup.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference.  Amgen also objects to this request on the grounds that the request is

overbroad, burdensome, and to the extent it purports to seek documents outside of Amgen's

possession, custody or control.  Amgen further objects to the terms "other published price,"

"payment terms," "discounts, rebates, chargebacks," "other adjustments," "generic equivalent,"

"adjustments," "class of purchaser," "chain pharmacy purchasers," "managed care purchasers,"

"internet pharmacies," "mail order purchasers," and "other purchaser class or subgroup" because

they are vague and ambiguous.  Notwithstanding these objections, and without waiving them,

and subject to further negotiation and agreement as to scope, Amgen will produce sales, discount

and rebate data for the time period from January 1, 1993 through December 31, 2001, as agreed

upon with plaintiffs' counsel.

**Request No. 27:**

For each of your AWPIDs, documents sufficient to show, in digital or
computerized form, in chronological order:

    (a)     The date of each sales transaction;

    (b)     Every discount, rebate, and/or any other adjustment that any customer of D has
           received;

    (c)     The date each discount, rebate, and/or any other adjustment was given;

    (d)     The time period covered by each discount, rebate, and/or any other adjustment;

    (e)     Sales in units by National Drug Code sold, shipped, and/or returned by dosage
           form, strength, and package size;

    (f)     Sales in dollars by National Drug Code sold, shipped, and/or returned by dosage
           form, strength, and package size;

    (g)     Net sales in dollars for each sale;



E-SERVED 06/04/04 05:59 PM ET AWP MDL No. 1456

(h) The name, address, account number, and all other identifying numbers or codes for the person or entity billed, invoice[d], and/or credited for the transaction; and

(i) The name, address, account number, and all other identifying numbers or codes for the person or entity to whom the product was shipped or from whom product returns were received.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen further objects on the grounds that the request is overbroad, burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Amgen also objects to the terms "any other adjustment," "discount," "rebate," and "customer of D" because they are vague and ambiguous. Notwithstanding these objections, and without waiving them, and subject to further negotiation and agreement as to scope, Amgen will produce sales, discount and rebate data for the time period from January 1, 1993 through December 31, 2001, as agreed upon with plaintiffs' counsel.

**Request No. 28:**

For each of your AWPIDs, documents sufficient to identify:

(a) The published AWP;

(b) AMP;

(c) ASP;

(d) EAC;

(e) WAC;

(f) MAC;

(g) Earned margin (difference between AWP and actual product cost);

(h) Documents that indicate whether the AWP, ASP, AMP and Earned Margin include all rebates, chargebacks, discounts, allowances, credits, administrative fees, price/volume discounts and any other incentives provided to third parties.

(i) Documents summarizing all rebates, chargebacks, discounts, allowances, credits,

administrative fees, price volume discounts or other incentives.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen further objects to this request on the grounds that it is overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Amgen also objects on the grounds that the terms and phrases "ASP," "earned margin," "actual product cost," "rebates, chargebacks, discounts, allowances, credits, administrative fees, price/volume discounts" and "other incentives" are vague and ambiguous.

**Request No. 29:**

For each of your AWPIDs, all agreements for sale of the AWPID, whether or not those contracts are with customers who purchased the AWPID directly, including drafts, correspondence, and supporting detail and data (in computerized form where available).

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen also objects to this request on the grounds that it is overbroad, burdensome, and seeks documents outside of Amgen's possession, custody or control. Amgen further objects to this request on the grounds that a request for "drafts" of contracts and "supporting detail and data" seeks information not reasonably calculated to lead to admissible evidence and that these terms are vague and ambiguous. Notwithstanding these objections, and without waiving them, and subject to further negotiation and agreement with plaintiffs as to scope, Amgen will produce a sampling of its contracts with customers.

**Request No. 30:**

All documents concerning communications between you and IMS Health (or any similar entity providing pharmaceutical database information) concerning or relating to any of your AWPIDs.



**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that the phrase "any

similar entity providing pharmaceutical database information" is vague and ambiguous. Amgen

additionally objects to this request because Amgen is contractually prohibited from disclosing

such information.

**Request No. 31:**

For each of your AWPIDs, documents sufficient to estimate the number of
patients taking the AWPID over each one-year period.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request as overbroad, burdensome, and not

reasonably calculated to lead to admissible evidence. Amgen also objects to the extent this

request purports to seek documents not within Amgen's possession, custody or control.

**Request No. 32:**

For each of your AWPIDs, all documents concerning your actual, potential, or
expected revenues and/or profits from the sale of that AWPID.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that it is overbroad

burdensome and, to the extent the request purports to seek "potential, or expected revenues

and/or profits," it is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 33:**

All documents concerning or relating to the actual or potential impact of the
pricing or reimbursement of any drug on the quantity of any of your AWPIDs that have been or
might be sold.



**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request to the extent it purports to seek

information regarding the "potential impact" on drugs that "have been or might be sold" on the

grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and

because those terms are vague and ambiguous. Notwithstanding these objections, and without

waiving them, and subject to further negotiation and agreement with plaintiffs as to scope,

Amgen will conduct a reasonable search and will produce documents believed to be responsive

to this request, if any, for review and copying at a mutually agreed upon time and place.

**Request No. 34:**

Documents sufficient to show your per-unit average total cost for each of your
AWPIDs, and the components that make up that figure, including but not limited to raw
materials, manufacturing, marketing, sales and packaging costs.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen also objects to this request on the grounds that the request is

overbroad, burdensome, and seeks information not reasonably calculated to lead to the discovery

of admissible evidence. Amgen further objects to the term "per-unit average total cost" because

it is vague and ambiguous.

**Request No. 35:**

All documents concerning or relating to the difference between an AWP and any
other price for any AWPID.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen objects to this request on the grounds that it is vague, ambiguous,



overbroad, and burdensome. Amgen further objects to this request to the extent it purports to

seek documents outside Amgen's possession, custody or control. Notwithstanding these

objections, and without waiving them, and subject to further negotiation and agreement with

plaintiffs as to scope, Amgen will conduct a reasonable search and will produce documents

believed to be responsive to this request, if any, for review and copying at a mutually agreed

upon time and place.

*Category 6:   Inducements*

**Request No. 36:**

      All documents describing any discount programs (including but not limited to
volume discounts), rebates, incentives, or penalties for each AWPID.

          **Response:**

      *See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen also objects to the terms "discount programs," "volume discounts,"

"rebates" "incentives," and "penalties" because they are vague and ambiguous. Notwithstanding

these objections, and without waiving them, and subject to further negotiation and agreement

with plaintiffs as to scope, Amgen will produce a sampling of its contracts with customers.

**Request No. 37:**

      All documents relating to the use or provision of free samples, educational grants,
marketing grants, and payments for specific data gathering or other incentives relating to any
AWPID.

          **Response:**

      *See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen also objects to this request on the grounds that it is overbroad,

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Amgen further objects because the terms and phrases "free samples, educational grants,



marketing grants and payments for specific data gathering and other incentives" are vague and

ambiguous and are argumentative. Notwithstanding these objections, and without waiving them,

and subject to further negotiation and agreement with plaintiffs as to scope, Amgen will conduct

a reasonable search and will produce documents believed to be responsive to this request, if any,

for review and copying at a mutually agreed upon time and place.

**Request No. 38:**

All documents evidencing any credit memos or credit extended to hospitals,
GPOs or other purchasers of AWPIDs, including but not limited to credit memos or credit issued
via a wholesaler to a purchaser, and/or credit for the purpose of returned goods.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that it is overbroad,

burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

Amgen also objects to this request because the terms "credit memos," "credit issued via a

wholesaler to a phrase" and "returned goods" are vague and ambiguous.

**Request No. 39:**

All documents setting forth the circumstances in which credit against the purchase
of AWPIDs was or could be given to any hospital, GPO, HMO, physician, wholesaler or other
purchaser of AWPIDs.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that it is overbroad,

burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

Amgen also objects to the phrase "credit against the purchase of AWPIDs" because it is vague,

and ambiguous.



**Request No. 40:**

All documents setting forth the circumstances in which credit against the purchase of AWPIDs was or could be given to any hospital, GPO, HMO, physician, wholesaler or other purchaser of AWPIDs.

**Response:**

*See* Amgen's Objections and Responses to Omnibus Request No. 39.

**Request No. 41:**

All documents relating to or reflecting any payments you gave to providers relating to any AWPID. (Class A Only)

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen further objects to this request on the grounds that it is overbroad, burdensome, vague and ambiguous, and to the extent that it is duplicative of Request Nos. 25-27, *supra*. Amgen also objects to this request to the extent it purports to seek documents not in Amgen's possession, custody or control.

**Request No. 42:**

All documents evidencing any chargebacks with respect to the sale of an AWPID.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen also objects to this request on the grounds that it is overbroad, burdensome, vague and ambiguous. Amgen further objects to this request to the extent it seeks documents outside Amgen's possession, custody or control. Notwithstanding these objections, and without waiving them, and subject to further negotiation and agreement with plaintiffs as to scope, Amgen will produce sales, discount and rebate data for the time period from January 1, 1993 through December 31, 2001, as agreed upon with plaintiffs' counsel.



*Category 7:*   *Marketing Plans and Sales Representatives*

**Request No. 43:**

Documents sufficient to determine complete contact information for all personnel with responsibility for marketing and promotional activity for AWPIDs. Include Marketing Department Product or Brand Managers, and members of Marketing Advisory Boards, and include home address and telephone number. (Class A Drugs)

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that it is overbroad,

burdensome and not reasonably calculated to lead to the discovery of admissible evidence.[1]

Amgen also objects to the terms and phrases "complete contract information," "responsibility for

marketing and promotional activity," and "Marketing Advisory Boards" because they are vague

and ambiguous.

**Request No. 44:**

A list of all national level sales awards available for each AWPID. (Class A

Drugs)

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Notwithstanding these objections, and without waiving them, and subject to

further negotiation and agreement with plaintiffs as to scope, Amgen will conduct a reasonable

search and will produce documents believed to be responsive to this request, if any, for review

and copying at a mutually agreed upon time and place.

**Request No. 45:**

Quarterly, semi-annual and annual business plans for each winner of the top

---

[1]    Amgen additionally objects to producing or providing documents or information containing an individual's personal information such as home address or telephone number.



national sales award winners and direct supervisors. (Class A Drugs)

### Response:

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that it is overbroad,

burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Amgen also objects that the term "business plan" is vague and ambiguous.

### Request No. 46:

Any summaries or reports made by a sales representative that evidence a
discussion between that sales representative and a provider regarding AWPs for AWPIDs,
reimbursements based on AWPs for AWPIDs, and any difference between what the provider is
reimbursed for AWPIDs and what the provider pays for the AWPID. (Class A Drugs)

### Response:

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that it is overbroad,

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Amgen also objects to this request on the grounds that the phrase "summaries or reports made by

a sales representative" is vague and ambiguous. Notwithstanding these objections, and without

waiving them, and subject to further negotiation and agreement with plaintiffs as to scope,

Amgen will conduct a reasonable search and will produce documents believed to be responsive

to this request, if any, for review and copying at a mutually agreed upon time and place.

### Request No. 47:

For each AWPID, sales representatives' field notes for the top 50 sales
representatives for each year. (Class A Drugs).

### Response:

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen also objects to this request on the grounds that it is overbroad,



burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that the term "field notes" is vague and ambiguous. Amgen further objects to this request to the extent that it is duplicative of Request Nos. 18-19 and 46, *supra.* Notwithstanding these objections, and without waiving them, and subject to further negotiation and agreement with plaintiffs as to scope, Amgen will conduct a reasonable search and will produce documents believed to be responsive to this request, if any, for review and copying at a mutually agreed upon time and place.

### Request No. 48:

Documents sufficient to describe any computer programs that you employ or have employed to manage your sales force, including but not limited to programs that collect data on the number of provider contacts and summarize the nature of the discussions between your sales representatives and providers. Examples of such programs include programs marketed by Siebel Systems and ImpactRx, as well as any programs developed by you. (Class A Drugs)

#### Response:

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen objects to this request on the grounds that it is vague, ambiguous, overbroad and burdensome and seeks information more properly propounded in an interrogatory. Notwithstanding these objections, and without waiving them, and subject to further negotiation and agreement with plaintiffs as to scope, Amgen will conduct a reasonable search and will produce documents believed to be responsive to this request, if any, for review and copying at a mutually agreed upon time and place.

### Request No. 49:

All documents relating to discussions between sales managers and sales representatives after field visits where AWPs, reimbursements rates, or the spread was discussed. (Class A Drugs)



**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen objects to this request on the grounds that it is overbroad,

burdensome and not reasonably calculated to lead to admissible evidence. Amgen also objects to

this request on the grounds that the terms "field visits," "reimbursement rates," and "spread" are

vague and ambiguous.

**Request No. 50:**

All documents evidencing any meetings where raising the AWP, or use of AWP
as a marketing tool, on any AWPID was discussed. (Class A Drugs)

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that it is overbroad,

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Amgen also objects to this request on the grounds that the term "marketing tool" is vague and

ambiguous. Notwithstanding these objections, and without waiving them, and subject to further

negotiation and agreement with plaintiffs as to scope, Amgen will conduct a reasonable search

and will produce documents believed to be responsive to this request, if any, for review and

copying at a mutually agreed upon time and place.

**Request No. 51:**

All communications between you and any party in the reimbursement cycle or
pharmacies relating to reimbursement and AWP. (Class A Drugs)

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects on the grounds that the request is overbroad,

burdensome and not reasonably calculated to lead to the discovery of admissible evidence.



Amgen also objects to this request on the grounds that the terms "any party," and

"reimbursement cycle" are vague and ambiguous.

**Request No. 52:**

All documents relating to any requests by you for any information concerning the reimbursement, pricing or payment for any subject drug. (Class A Drugs)

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that it is overbroad,

burdensome, and that the phrase "concerning the reimbursement, pricing, or payment for any

subject drug" is vague and ambiguous.

**Request No. 53:**

All documents relating to all actual, proposed, or prospective marketing methods, practices, policies, or strategies for each AWPID to the extent such documents refer to AWP, the spread, or to discounts of any type.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that it is overbroad,

burdensome, vague and ambiguous. Amgen further objects that to the extent this request seeks

"proposed" or "prospective marketing methods, practices, policies, or strategies," because such

information is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding these objections, and without waiving them, and subject to further negotiation

and agreement with plaintiffs as to scope, Amgen will conduct a reasonable search and will

produce documents believed to be responsive to this request, if any, for review and copying at a

mutually agreed upon time and place.



**Request No. 54:**

All documents relating to any communication with doctors, other health care professionals, or any person or entity providing health care services to seek Medicare reimbursement or consumer co-payment for free samples of each AWPID you provided to them. (Class A Drugs)

### Response:

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that it is overbroad,

burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.

Amgen also objects to the terms and phrases "other health care professionals" and "any person or

entity providing health care services" because they are vague and ambiguous. Notwithstanding

these objections, and without waiving them, and subject to further negotiation and agreement

with plaintiffs as to scope, Amgen will conduct a reasonable search and will produce documents

believed to be responsive to this request, if any, for review and copying at a mutually agreed

upon time and place.

**Request No. 55:**

All marketing and sales materials which compare the AWP, price, market share, rebates, pricing discounts, incentives, or penalties for each AWPID with the AWP of any other pharmaceutical. (Class A Drugs)

### Response:

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that it is vague and

ambiguous, overbroad, burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence. Amgen specifically objects to the terms and phrases "marketing and sales

materials" and "materials which compare the AWP, price, market share, relating pricing

discounts, incentives or penalties for each AWPID with the AWP of any other pharmaceutical"



on the grounds that they are vague and ambiguous. Notwithstanding these objections, and

without waiving them, and subject to further negotiation and agreement with plaintiffs as to

scope, Amgen will conduct a reasonable search and will produce documents believed to be

responsive to this request, if any, for review and copying at a mutually agreed upon time and

place.

*Category 8: Publishers*

**Request No. 56:**

All documents concerning communications between you and any publisher
concerning measures of price for pharmaceuticals, including ASP, AWP, WAC or other
measures of price.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to the request on the grounds that it is overbroad and

burdensome and that the terms "ASP" and "measures of price" are vague and ambiguous.

Notwithstanding these objections, and without waiving them, and subject to further negotiation

and agreement with plaintiffs as to scope, Amgen will conduct a reasonable search and will

produce documents believed to be responsive to this request, if any, for review and copying at a

mutually agreed upon time and place.

**Request No. 57:**

For each of your AWPIDs, separately produce all documents concerning
communications between you and a publisher regarding the price(s) for that AWPID.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that it is overbroad,

burdensome, and objects to the extent it calls for documents or information outside of Amgen's



possession, custody or control. Amgen further objects to the extent that this request is

duplicative of prior requests. Notwithstanding these objections, and without waiving them, and

subject to further negotiation and agreement with plaintiffs as to scope, Amgen will conduct a

reasonable search and will produce documents believed to be responsive to this request, if any,

for review and copying at a mutually agreed upon time and place.

**Request No. 58:**

All documents concerning your role in the publication, appearance and/or advertisement of the AWP, WAC or other price measure for your AWPID in any publication of a publisher.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen also objects to this request on the grounds that it is overbroad,

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Amgen further objects to this request on the grounds that the phrase "other price measure" is

vague and ambiguous. Notwithstanding these objections, and without waiving them, and subject

to further negotiation and agreement with plaintiffs as to scope, Amgen will conduct a

reasonable search and will produce documents believed to be responsive to this request, if any,

for review and copying at a mutually agreed upon time and place.

**Request No. 59:**

All documents concerning the role of the publisher in the publication, appearance and/or advertisement of the AWP, WAC or other price measure for each of your AWPIDs in a publication of a publisher.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects on the grounds that the request is vague, ambiguous,

overbroad, and burdensome. Amgen also objects to this request to the extent it calls for



production of documents not within its possession, custody or control. Notwithstanding these objections, and without waiving them, and subject to further negotiation and agreement with plaintiffs as to scope, Amgen will conduct a reasonable search and will produce documents believed to be responsive to this request, if any, for review and copying at a mutually agreed upon time and place.

**Request No. 60:**

All documents relating to the role of some person other than yourself and the publisher in the publication, appearance and/or advertisement of the AWP, WAC and/or other price measure for each of your AWPIDs in any publication of a publisher.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen further objects on the grounds that the request is vague, ambiguous, overbroad, and burdensome. Amgen also objects to this request to the extent it calls for production of documents not within its possession, custody or control. Notwithstanding these objections, and without waiving them, and subject to further negotiation and agreement with plaintiffs as to scope, Amgen will conduct a reasonable search and will produce documents believed to be responsive to this request, if any, for review and copying at a mutually agreed upon time and place.

**Request No. 61:**

All documents relating to your role in the publication, appearance, or advertisement of the AWP, WAC or other prices information in any pharmaceutical-related industry publications, including publications of the publishers.

**Response:**

*See* Amgen's Responses and Objections to Omnibus Request No. 58.

**Request No. 62:**

All documents concerning the use by any participant in the drug distribution/sales



channels (e.g., wholesalers, retailers, pharmacies, pharmacy benefit managers, insurers, etc.).

### Response:

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that, as phrased, it is

vague and ambiguous to the extent that the request is incomprehensible.

### Request No. 63:

All documents concerning agreements between you and any publisher.

### Response:

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that it is vague,

overbroad, and burdensome and not reasonably calculated to lead to the discovery of admissible

evidence. Notwithstanding these objections, and without waiving them, and subject to further

negotiation and agreement with plaintiffs as to scope, Amgen will conduct a reasonable search

and will produce documents believed to be responsive to this request, if any, for review and

copying at a mutually agreed upon time and place.

### Request No. 64:

All documents concerning any payments made by you to a publisher, where such
payments related in any way to drug pricing.

### Response:

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects on the grounds that the request is overbroad,

burdensome and that the phrase "such payments related in any way to drug pricing" is vague and

ambiguous. Notwithstanding these objections, and without waiving them, and subject to further

negotiation and agreement with plaintiffs as to scope, Amgen will conduct a reasonable search



and·will produce documents believed to be responsive to this request, if any, for review and copying at a mutually agreed upon time and place.

**Request No. 65:**

All documents relating to any investments or loans that you have made in or to a publisher.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen objects to this request on the grounds that it is vague, overbroad, burdensome. Notwithstanding these objections, and without waiving them, Amgen is unaware of any such investment or other relationship with any publisher.

**Request No. 66:**

All notes or minutes of any meetings between you and a publisher where drug pricing was discussed.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen further objects to this request as overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Amgen also objects to this request to the extent it purports to seek documents outside Amgen's possession, custody or control. Notwithstanding these objections, and without waiving them, and subject to further negotiation and agreement with plaintiffs as to scope, Amgen will conduct a reasonable search and will produce documents believed to be responsive to this request, if any, for review and copying at a mutually agreed upon time and place.

**Request No. 67:**

All documents concerning communications between you and a publisher about litigation involving AWP or drug pricing.



**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that it is overbroad,

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Amgen also objects to the request to the extent it seeks documents outside Amgen's possession,

custody or control. Notwithstanding these objections, and without waiving them, and subject to

further negotiation and agreement with plaintiffs as to scope, Amgen will conduct a reasonable

search and will produce documents believed to be responsive to this request, if any, for review

and copying at a mutually agreed upon time and place.

**Request No. 68:**

All documents regarding any pricing surveys that publishers have done for
AWPIDs. (All Drugs)

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen objects to this request to the extent it calls for production of

documents not within its possession, custody or control; calls for documents equally available to

Plaintiffs; and calls for production of documents more appropriately sought from third parties.

Notwithstanding these objections, and without waiving them, and subject to further negotiation

and agreement with plaintiffs as to scope, Amgen will conduct a reasonable search and will

produce documents believed to be responsive to this request, if any, for review and copying at a

mutually agreed upon time and place.



**Request No. 69:**

All documents regarding communications between you and a publisher about drug reimbursement systems, including Medicare, Medicaid and private insurance. (All Drugs)

> **Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen also objects to this request on the grounds that it is overbroad burdensome, and on the grounds that the phrase "drug reimbursement systems" is vague and ambiguous. Amgen further objects to the extent this request purports to seek documents outside of Amgen's possession, custody or control. Notwithstanding these objections, and without waiving them, and subject to further negotiation and agreement with plaintiffs as to scope, Amgen will conduct a reasonable search and will produce documents believed to be responsive to this request, if any, for review and copying at a mutually agreed upon time and place.

*Category 9:   PBMs; Wholesalers*

**Request No. 70:**

All documents concerning your contractual relationships with wholesalers, independent practice associations, pharmacies or providers insofar as they cover AWPIDs including, without limitation, master agreements, addenda, schedules, attachments, requests for proposal, responses to requests for proposal and correspondence.

> **Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen further objects to this request on the grounds that it is overbroad, burdensome, vague and ambiguous. Amgen also objects on the grounds that a request for "schedules," "requests for proposal," "responses to requests for proposal," and "correspondence" are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, and without waiving them, and subject to further negotiation and agreement with plaintiffs as to scope, Amgen will produce a sampling of its



contracts with such customers, to the extent that such relationships exist.

**Request No. 71:**

Documents sufficient to identify all persons involved in negotiation of contractual relationships with wholesalers, manufacturers, independent practice associations, pharmacies, PBMs or providers insofar as they cover any AWPID.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen further objects to this request in its entirety on the grounds it is vague, ambiguous, overbroad, and burdensome, and to the extent it purports to seek documents or information outside of Amgen's possession, custody or control. Notwithstanding these objections, and without waiving them, and subject to further negotiation and agreement with plaintiffs as to scope, Amgen will produce a sampling of its contracts with such customers, to the extent that such relationships exist.

**Request No. 72:**

All documents relating or referring to your contractual relationships with PBMs insofar as they cover AWPIDs, including, without limitation, master agreements, addenda, schedules, attachments, requests for proposal, responses to requests for proposal and correspondence.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen further objects on the grounds that this request is burdensome and on the ground that the phrase "relating or referring to your contractual relationships" is vague and ambiguous. Amgen also objects to this request on the grounds that it is not reasonably calculated to lead to admissible evidence. Notwithstanding these objections, and without waiving them, and subject to further negotiation and agreement with plaintiffs as to scope, Amgen will produce a sampling of its contracts with such customers, to the extent that such



relationships exist.

**Request No. 73:**

      Documents sufficient to identify all persons involved in negotiation of contractual relationships with PBMs insofar as they cover any AWPID.

      **Response:**

      *See* Amgen's Objections and Responses to Omnibus Request 71.

**Request No. 74:**

      All documents relating to marketing materials that you have provided PBMs for any AWPID.

      **Response:**

      *See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen further objects on the grounds that it is overbroad and burdensome and on the ground that the term "marketing materials" is vague and ambiguous. Notwithstanding these objections, and without waiving them, and subject to further negotiation and agreement with plaintiffs as to scope, Amgen will produce a sampling of its contracts with such customers, to the extent that such relationships exist.

**Request No. 75:**

      All documents relating to any communications between you and [a] PBM regarding AWP, or to any fees or monies paid to or retained by a PBM.

      **Response:**

      *See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen further objects to this request on the grounds that it is overbroad, burdensome and calls production of documents outside of Amgen's possession, custody or control and which are more appropriately sought from third parties. Notwithstanding these objections, and without waiving them, and subject to further negotiation and agreement with



plaintiffs as to scope, Amgen will produce a sampling of its contracts, if any, with such

customers, to the extent that such relationships exist.

**Request No. 76:**

        All documents relating to any communications between you and any PBM regarding the revenue, profit, spread or other consideration that a PBM would earn based on any difference between your price for any AWPID and the compensation that the PBM receives for the AWPID.

        **Response:**

        *See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference.  Amgen further objects to this request on the grounds that it is overbroad,

burdensome and on the ground that the terms and phrases "regarding the revenue, profit, spread,

or other consideration that a PBM would earn" "any difference," and "compensation" are vague

and ambiguous.  Notwithstanding these objections, and without waiving them, and subject to

further negotiation and agreement with plaintiffs as to scope, Amgen will produce a sampling of

its contracts with such customers, to the extent that such relationships exist.

**Request No. 77:**

        All documents relating to the pricing of any of your AWPIDs sold to or through any PBM.

        **Response:**

        *See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference.  Amgen objects to this request on the grounds that it is overbroad,

burdensome and calls for information outside of Amgen's possession, custody or control, or calls

for information more appropriately sought from third parties.  Notwithstanding these objections,

and without waiving them, and subject to further negotiation and agreement with plaintiffs as to

scope, Amgen will produce a sampling of its contracts with such customers, to the extent that

such relationships exist.



**Request No. 78:**

All documents relating to any rebates that you have provided PBMs for any AWPID.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen objects to this request on the grounds it is overbroad, burdensome, and on the grounds that the term "rebates" is vague and ambiguous. Notwithstanding these objections, and without waiving them, and subject to further negotiation and agreement with plaintiffs as to scope, Amgen will produce a sampling of its contracts with such customers, to the extent that such relationships exist.

**Request No. 79:**

Excluding rebates, all documents referring or relating to your provision of any other consideration to a PBM for AWPIDs, including but not limited to:

(a)   Administrative fees for assembling data to verify market share results;

(b)   Fees for selling other data;

(c)   Fees for encouraging physicians to change prescribing patterns;

(d)   Prompt payment discounts;

(e)   Free drugs;

(f)   Drug samples;

(g)   Credit memos or credit extended to any PBM, including but not limited to credit memos or credit issued for the purported reason of "returned goods";

(h)   Other discounts, fees or grants.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen further objects to this request on the grounds that it is overbroad and burdensome. Amgen also objects on the grounds that the request as a whole is vague and



ambiguous as currently phrased to the extent it characterizes rebates as "consideration" and to

the extent it characterizes "other consideration" as "administrative fees," "fees for selling other

data," "fees for encouraging physicians to change prescribing patterns," "prompt pay discounts,"

"free drugs," "drug samples," "credit memos or credit extended," or "other discounts, fees, or

grants." Amgen also objects to these terms as being vague and ambiguous. Notwithstanding

these objections, and without waiving them, and subject to further negotiation and agreement

with plaintiffs as to scope, Amgen will produce a sampling of its contracts with such customers,

to the extent that such relationships exist.

**Request No. 80:**

All documents relating to the placement of any of your AWPIDs on a PBM
formulary.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this request on the grounds that it is overbroad,

burdensome and calls for information not within Amgen's possession, custody or control, and

calls for information more appropriately sought from third parties. Notwithstanding these

objections, and without waiving them, and subject to further negotiation and agreement with

plaintiffs as to scope, Amgen will conduct a reasonable search and will produce documents

believed to be responsive to this request, if any, for review and copying at a mutually agreed

upon time and place.

*Category 10:  Communications With Other Manufacturers*

**Request No. 81:**

All documents relating to any communications, including meetings, between you
and any other pharmaceutical company regarding:

(a)     any actual, proposed or prospective price, price announcements, price changes, or



price lists for any AWPID;

(b)     any actual, proposed, or prospective pricing methods, practices, policies or strategies for any AWPID;

(c)     any actual, proposed, or prospective marketing methods, practices, policies, or strategies for any AWPID;

(d)     any actual, proposed, or prospective pricing discounts, rebates, bids, or incentives for any AWPID;

(e)     territories or markets for sales or potential sales for any AWPID;

(f)     Medicare Part B and its policy of reimbursement for any AWPID;

(g)     the AWP of any AWPID;

(h)     pharmaceutical industry publications; and

(i)     market conditions or market shares.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference.  Amgen further objects to this request on the grounds that it is overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Amgen also objects to this request to the extent it purports to require the production of documents relating to proposed or prospective "prices, price announcements, price changes or price lists," "pricing methods, practices, policies, or strategies," "marketing methods, practices, policies, or strategies" pricing discounts, rebates, bids, or incentives" that were not finally approved or instituted on the grounds that such a request is overbroad, burdensome, and is not reasonably calculated to lead to admissible evidence.  Amgen also objects that the terms and phrases "price announcements, price changes, or price lists," "pricing methods, practices, policies or strategies," "pricing discounts, rebates, bids, or incentives," "territories or markets for sales," "pharmaceutical industry publications," and "market conditions or market shares" are vague, ambiguous and undefined.



*Category 11:  Miscellaneous*

**Request No. 82:**

Any documents relating to the repackaging or relabeling of any AWPID including but not limited to:  (a) documents indicating that any AWPID with a specific NDC has been repackaged and is being sold with a different NDC, but is the same drug; and (b) for any repackaged AWPID, documents evidencing the AWP of the original AWPID and of the repackaged AWPID, and documents evidencing the bases, methods and/or reasons for any change in the AWP.

**Response:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference.  Amgen further objects to this request on the grounds that it is overbroad,

burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Amgen also objects because the phrases "repackaging or relabeling" and "bases, methods and/or

reasons for any change" are vague and ambiguous.   Notwithstanding these objections, and

without waiving them, Amgen is unaware of any documents believed to be responsive to this

request.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**Interrogatory No. 1:**

For the period beginning January 1, 1997, and for each subsequent calendar quarter, and with respect to each of the AWPIDs, identify the following information:

(a)     the total volume of sales, indicating both the number of units and net revenue;

(b)     the "average wholesale price" (AWP), as reported in Medical Economics *Red Book*, *First Data Bank* and/or *MediSpan*, and the volume of sales (in both units and net revenue) occurring (i) at or within five percent of AWP, whether higher or lower, (ii) at more than five percent above AWP, and (iii) at more than five percent below AWP;

(c)     the average manufacturer price (AMP), as reported to the Secretary of Health and Human Services, pursuant to the requirements of Social Security Act (SSA) § 1927(b)(3), and the volume of sales (in both units and net revenue) occurring (i) at AWP and up to and including 10% above AMP, and less than or equal to 10% below AMP (broken out separately), (ii) at greater than 10% above AMP but less



than or equal to 20% above AMP, and at greater than 10% below AWP but less than or equal to 20% below AMP (broken out separately), (iii) at greater than 20% above AMP but less than or equal to 30% above AMP, and at greater than 20% below AMP but less than or equal to 30% below AMP (broken out separately), (iv) at greater than 30% above AMP but less than or equal to 40% above AMP, and at greater than 30% below AMP but less than or equal to 40% below AMP (broken out separately), and (v) at greater than 40% above AMP but less than or equal to 50% above AMP, and at greater than 40% below AMP but less than or equal to 50% below AMP (broken out separately);

(d)     the "wholesale acquisition cost" ("WAC"), as reported by Medical Economics *Red Book*, *First Data Bank* and/or *MediSpan* or any other such entity that gathers and publishes wholesale acquisition costs, and the volume of sales (in both units and net revenue) occurring (i) at or within five percent of WAC, whether higher or lower, (ii) at more than five percent above WAC, and (iii) at more than five percent below WAC;

(e)     the average sales price (ASP), i.e., the price after reflecting discounts, rebates, chargebacks, to all classes except FSS;

(f)     the total volume of the subject drug, in units, distributed as free goods.

Answer:

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated herein by reference. Amgen further objects to this interrogatory on the grounds that it is vague, overbroad, burdensome, and calls for the compilation of information that is a matter of public record, is equally available to Plaintiffs or is already in Plaintiffs' possession. Amgen further objects on the ground that the terms "net revenue," "price," "discounts," "rebates," and "chargebacks" are vague, ambiguous and undefined. Amgen further objects because the interrogatory is duplicative in that it calls upon Amgen to perform various analyses of data that plaintiffs are equally capable of performing and seeks information that is irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.



**Interrogatory No. 2:**

For the period beginning January 1, 1997, to the present, has the distribution, marketing, sales or promotion of any AWPID considered, incorporated, or been based upon, in any way, the difference between the cost to the provider and the amount that the provider receives for reimbursement or sale? If so, please describe the circumstances of such distribution, marketing, sales, or promotion, and provide all documents relating thereto, and identify all past and current employees with knowledge of the facts relating to such marketing, sales or promotion.

**Answer:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this interrogatory on the grounds that it is

overbroad, burdensome, and is not reasonably calculated to lead to the discovery of admissible

evidence and on the grounds that the terms and phrases "considered, incorporated, or been based

upon" "cost to the provider," and "amount that the provider receives for reimbursement or sale"

are vague, ambiguous, and undefined. Amgen further objects to the interrogatory on the grounds

that it is redundant and duplicative of documents and information that Amgen will be providing

in response to plaintiffs' Omnibus Requests, to which Amgen refers.

**Interrogatory No. 3:**

For the period of January 1, 1997, to the present, please state for each calendar quarter the largest single purchaser, in terms of units, of each of the AWPIDs and the following:

a.   the total number of units of the AWPIDs received by that purchaser; and

b.   the total net revenue received for the AWPIDs by your company from that purchaser.

Please also produce the contract or agreement governing your relationship with that purchaser for each relevant quarter.

**Answer:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen also objects on the grounds that the interrogatory is vague,



overbroad, burdensome, and is duplicative or redundant inasmuch as it seeks documents or other

information that Amgen will be providing in response to plaintiffs' Omnibus Requests, to which

Amgen refers.

### Interrogatory No. 4:

For the period of January 1, 1997, to the present, and for each subject drug, please
provide a list of all purchasers who received the subject drug at a price exempted from the
calculation of the Medicaid best price, pursuant to the requirements of
SSA_1927(c)(1)(C)(ii)(III), and, for each such purchaser, indicate the volume of the AWPID
received by calendar quarter, in units, and the range of prices at which such purchaser received
the subject drug for that quarter.

#### Answer:

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference.  Amgen further objects to this interrogatory on the grounds that it is

overbroad, burdensome, and is not reasonably calculated to lead to the discovery of admissible

evidence, and to the extent that the information and/or documents sought will be provided by

Amgen in response to plaintiffs' Omnibus Requests, to which Amgen refers.

### Interrogatory No. 5:

With respect to each AWPID, please describe how you calculate the prices and/or
data reported to Medical Economics *Red Book, First Data Bank* or *MediSpan* or any other such
entity that gathers and publishes average wholesale prices, list prices, or wholesale acquisition
costs.  And for each drug identify the persons responsible for doing so.  (All Drugs)

#### Answer:

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference.  Amgen also objects to this interrogatory on the grounds that the term or

phrase "how you calculate the prices and/or data reported" is vague and ambiguous.  Amgen

further objects to the interrogatory to the extent that the information/documents sought will be

provided by Amgen in response to plaintiffs' Omnibus Requests, to which Amgen refers.



**Interrogatory No. 6:**

Identify the source of each of the documents produced in response to plaintiffs requests for the production of documents throughout this litigation by identifying the person(s) who possessed those documents, the job position of any such individuals, and the division and department where such documents were located. If you are unable to determine the individual(s) who possessed the documents, identify the department and division where they were/are located when produced.

**Answer:**

*See* Amgen's General Objections, Nos. 1-21, which are expressly incorporated

herein by reference. Amgen further objects to this interrogatory on the grounds that it is vague,

overbroad, burdensome, and seeks information not reasonably calculated to lead to the discovery

of admissible evidence. Amgen further objects to this interrogatory to the extent that it seeks to

impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure

and/or CMO10.

Frank Libby / Jr.

Frank A. Libby, Jr.
Douglas S. Brooks
Kelly, Libby & Hoopes, P.C.
175 Federal Street, 8th Floor
Boston, Massachusetts 02110
Telephone: (617) 338-9300
Facsimile: (617) 338-9911

Joseph H. Young
Steven F. Barley
Hogan & Hartson L.L.P.
111 S. Calvert St., Suite 1600
Baltimore, Maryland 21202
Telephone: (410) 659-2700
Facsimile: (410) 539-6981

Dated: June 4, 2004



## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June, 2004, a true and correct copy of

Defendant Amgen Inc.'s Objections and Answers To Plaintiffs' Omnibus Requests for

Production of Documents and Interrogatories was served upon all counsel of record via

electronic service pursuant to CMO No. 2 by causing a copy to be sent to Verilaw Technologies

for posting and notification.

Joseph H. Young