UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 C.A. No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | Judge Patti B. Saris |

## DECLARATION OF DONALD E. HAVILAND, JR., IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION BY AMGEN, INC.

I, Donald E. Haviland, Jr., Esquire, hereby declare that:

1.      I am co-managing attorney of the New Jersey office of Kline & Specter and an attorney in the Philadelphia office of Kline & Specter, P.C. I am Co-Lead Counsel for the plaintiff, Robert J. Swanston , and the Class in the case of *Swanston v. TAP Pharmaceutical Products Inc., et al.*; C.A. No. CV2002-004988 (Superior Ct., Maricopa Co., Az.) ("*Swanston* ").

2.      At the request of defendants and by order of the Maricopa County Court, *Swanston* has been designated a "Coordinated State Court Case" pursuant to the governing Case Management Order in MDL 1456.

3.      After Defendants' Motions to Dismiss were denied and *Swanston* was designated a "Coordinate State Court Case," Class Counsel in *Swanston* propounded Requests for Production of Documents ("RFPs") on all defendants. Attached hereto as Exhibit "A" is a true and correct copy of Plaintiffs' Request for Production of Documents which were served on all defendants.

4.      In response to plaintiff's RFP's, Amgen simply objected and provided no documents. Attached hereto as Exhibit "B" is a true and correct copy of the Defendants' Response. Among

others, Amgen interposed the following objection: "Amgen objects to Plaintiff's requests as being duplicative, over broad and burdensome in light of the ongoing discovery in MDL 1456. Discovery in this case and the MDL should be coordinated to reduce the burden on Amgen and the other defendants." Exhibit "B" at p. 3.

5.     At the time, the undersigned did not know the extent to which discovery in MDL 1456 had proceeded as against Amgen, yet plaintiff's counsel proceeded in good faith on the belief that discovery was in fact "ongoing," as had been represented by Amgen's counsel.

6.     Plaintiff's counsel sought to get all defendants, including Amgen, to comply with plaintiff's outstanding discovery requests served in early August 2004. TerriAnne Benedetto, Esquire, of Kline & Specter, P.C. was charged with conducting the requisite "meet and confer" conferences with defendants.

7.     Swanston's counsel engaged counsel for Amgen in a series of "meet and confer" conference and written exchanges which culminated in a letter dated January 31, 2005. Attached hereto as Exhibit "C" is a true and correct coy of a letter dated January 31, 2005 from TerriAnne Benedetto, counsel for plaintiff in *Swanston* , and Steven F. Barley, counsel for Amgen in TAP. Repeatedly, Amgen leveraged its claim that it had "ongoing discovery in MDL 1456" as a means to circumvent its immediate discovery obligations under the Arizona Rules of Civil Procedure which require extensive self-disclosure by all litigants even beyond that which is required under the Federal Rules.

8.     Since Amgen's Motion to Dismiss the *Swanston* Complaint had been denied long before plaintiff's counsel propounded its discovery requests of Amgen, there was no basis for Amgen to refuse to provide discovery.

2

9. On January 31, 2005, in a letter response to plaintiff's demand for documents, Amgen's counsel represented that they were "willing to produce documents to the plaintiffs in this case". Attached hereto as Exhibit "D" is a true and correct copy of a letter dated January 31, 2005 from Steven F. Barley to TerriAnne Benedetto. Nevertheless, none were produced.

10. On February 2, 2005, Swanston's counsel wrote back to Amgen's counsel that the parties' "meet and confer" obligations had been met and that Amgen's delay tactics had to come to an end. Attached hereto as Exhibit "E" is a true and correct copy of a letter dated February 2, 2005 from TerriAnne Benedetto to Steven F. Barley. Despite plaintiff counsel's insistence that discovery be produced – as most other defendants had done in response to Swanston's RFPs – Amgen has never produced any documents to plaintiff in *Swanston*.

11. I declare under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the foregoing is true and correct and that this Declaration was prepared in the Commonwealth of Pennsylvania on October 28, 2005.

Donald E. Haviland, Jr.

3

# EXHIBIT "A"

8/3/04

1   Harry J. Miller III, Esquire
    AZ Bar No. 014556
2   80 East Columbus
    Phoenix, Arizona 85012
3   602-264-4965 telephone
    602-277-0144 facsimile
4
    Donald E. Haviland, Jr., Esquire
5   KLINE & SPECTER, P.C.
    1525 Locust Street, 19th Floor
6   Philadelphia, PA 19102                          Attorneys for Plaintiff and the Class
    215-735-0957 facsimile              [Additional Counsel appear on signature page]
7
                   SUPERIOR COURT OF THE STATE OF ARIZONA
8                    IN AND FOR THE COUNTY OF MARICOPA

9   ROBERT J. SWANSTON, individually and
    on behalf of himself and all others similarly situated,
10                         Plaintiff,
                  v.
11  TAP Pharmaceutical Products Inc.; Abbott Laboratories;
    Takeda Chemical Industries, Ltd.; Zeneca, Inc.; AstraZeneca      CAUSE NO. CV2002-004988
12  Pharmaceuticals LP; AstraZeneca LP; AstraZeneca PLC;
    Pharmacia Corporation; Pharmacia & Upjohn, Inc.; Monsanto       **REQUEST FOR**
13  Company; G.D. Searle; Johnson & Johnson; Ethicon               **PRODUCTION OF**
    Endo-Surgery, Inc.; Indigo Laser Corporation; Alza             **DOCUMENTS DIRECTED**
14  Corporation; Centocor, Inc.; Ortho Biotech; Bayer Corporation;  **TO ALL CORPORATE**
    Wyeth; Wyeth Pharmaceuticals; Amgen, Inc.; Immunex             **DEFENDANTS**
15  Corporation; Aventis Pharmaceuticals, Inc.; Aventis Behring
    L.L.C.; Hoechst Marion Roussel, Inc.; Baxter International      CLASS ACTION
16  Inc.; Baxter Healthcare Corporation; Boehringer Ingelheim
    Corporation; Ben Venue Laboratories, Inc.; Bedford             (Jury Trial Demanded)
17  Laboratories; Roxane Laboratories, Inc.; Bristol-Myers Squibb
    Company; Oncology Therapeutics Network Corporation;            (Assigned to the Honorable
18  Apothecon, Inc.; Fujisawa Healthcare, Inc.; Fujisawa USA,      Rebecca A. Albrecht)
    Inc.; GlaxoSmithKline, P.L.C.; SmithKline Beecham
19  Corporation; Glaxo Wellcome, Inc.; Schering-Plough
    Corporation; Warrick Pharmaceuticals Corporation; Sicor,
20  Inc.;Gensia Sicor Pharmaceuticals, Inc.; Dey, Inc.; David Jett
    and Jane Doe Jett; Christopher Coleman and Jane Doe
21  Coleman; Scott Hidalgo and Amanda Hidalgo; Michael
    Gendelman and Jane Doe Gendelman; Eddy James Hack and
22  Jane Doe Hack; Kimberlee Chase and John Doe Chase; Janice
    M. Swirski and John Doe Swirski; Donna Tom and John Doe
23  Tom; David Guido and Jane Doe Guido; Henry Van Mourik
    and Jane Doe Van Mourik; and Alan MacKenzie and Jane Doe
24  MacKenzie; Does 1-50; ABC Corporations 1-50; and XYZ
    Partnerships and Associations 1-50,
25                         Defendants.

26
    TO:     ALL CORPORATE DEFENDANTS, NAMELY, TAP Pharmaceutical Products Inc.; Abbott
27
    Laboratories; Takeda Chemical Industries, Ltd.; Zeneca, Inc.; AstraZeneca Pharmaceuticals LP;
28

© 2004 KLINE & SPECTER, P.C.

AstraZeneca LP; AstraZeneca PLC; Pharmacia Corporation; Pharmacia & Upjohn, Inc.; Monsanto Company; G.D. Searle; Johnson & Johnson; Ethicon Endo-Surgery, Inc.; Indigo Laser Corporation; Alza Corporation; Centocor, Inc.; Ortho Biotech; Bayer Corporation; Wyeth; Wyeth Pharmaceuticals; Amgen, Inc.; Immunex Corporation; Aventis Pharmaceuticals, Inc.; Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.; Baxter International Inc.; Baxter Healthcare Corporation; Boehringer Ingelheim Corporation; Ben Venue Laboratories, Inc.; Bedford Laboratories; Roxane Laboratories, Inc.; Bristol-Myers Squibb Company; Oncology Therapeutics Network Corporation; Apothecon, Inc.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; GlaxoSmithKline, P.L.C.; SmithKline Beecham Corporation; Glaxo Wellcome, Inc.; Schering-Plough Corporation; Warrick Pharmaceuticals Corporation; Sicor, Inc.; Gensia Sicor Pharmaceuticals, Inc.; Dey, Inc., and their attorneys,

Pursuant to Rule 34 of the Arizona Rules of Civil Procedure, Robert J. Swanston and his attorneys request that you produce, within forty (40) days from the date of service hereof, at the law offices of Kline & Specter, A Professional Corporation, 1525 Locust Street, 19th Floor, Philadelphia, PA 19102, and that you permit Robert J. Swanston, through his counsel or persons acting under his direction, to inspect and copy, the following documents or things.

## DEFINITIONS

For purposes of this Request, the following terms have the meanings indicated:

A.   Any reference to any corporation or entity includes the present and former officers, executives, partners, directors, trustees, employees, agents, representatives and all other persons acting or purporting to act on behalf of the corporation or entity, and also its subsidiaries, affiliates, division, predecessors and successors.

B.   "Document" refers to any written, printed, typed, recorded, or graphic matter, however produced or reproduced, and any other data compilation from which information can be obtained, translated, if necessary, to a reasonably usable form when translation is practicably

necessary, and includes without limiting the generality of the foregoing, statements, memoranda, correspondence, telegrams, accounting and financial records, notes, agreements, drafts, instruments, computer print-outs, e-mail, magnetic tapes, computer disks, reports, diagrams, maps, pictures, film, invoices, contracts, outlines, books or pamphlets, bulletins, directives, diaries, job notebooks, or deposition transcripts. In addition, the term includes any copy which differs in any respect from the original or other version of the document such as copies containing notations, insertions, corrections, or any other variations.

C.     "Person" refers to any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, or any other business or legal entity.

D.     "Communications" refers to any manner or means of a disclosure, transfer, or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

E.     "You" or "your" refers to the person(s) to whom this request is directed and any agents, investigators, attorneys, accountants, engineers, employees or other representatives of any kind whatsoever and all information within the knowledge of any and all of the above is to be divulged.

F.     "Customers" refers to doctors, medical practices, hospitals, PBMs, health care facilities, and any other person or organization with which you transact business regarding the Subject Drugs.

G.     "Subject Drugs" refers to any prescription drug manufactured, marketed, or sold, either directly or indirectly, by you or your intermediary or intermediaries or your co-defendants in this case, within the state of Arizona.

H.      "Related Case" refers to any other lawsuit in which you are or were a party, which involved in whole or in part issues concerning your marketing practices and/or the pricing of any Subject Drug.

## INSTRUCTIONS

A.      Unless otherwise specified, the documents requested herein encompass all documents that are or were within your possession, custody or control. This request is not limited to documents prepared by you, but rather encompasses all documents described regardless of source. If any document requested herein no longer exists, or no longer is within your possession, custody or control or is not produced by you because of a claim of privilege or for any other reason, then identify such document, state the reason for withholding it and state the present or last known location of such document.

B.      As to each such document produced, indicate the specific request or requests pursuant to which you have produced it.

C.      "Identify" a document means to:  (1) state the nature of the document, *i.e.,* letter, memoranda, notes, etc.; (2) the author of the document; (3) the date of the document; (4) a summary of the information contained in the document; and (5) the name and last known address of all persons who have knowledge of its contents, in full or in part.

D.      In the event you seek to withhold or do withhold any document, in whole or in part, on the basis that it is not subject to discovery, produce a list of all such documents and, as to each such document, state:  (1) the name of each author, writer, sender or initiator of the document; (2) the name of each recipient, addressee or party to whom such document was sent or intended to be sent; (3) the name of each and every person who received a copy of the document; (4) the date of the document or, if no date appears on the document, when the document was prepared; (5) the title

of the document, or if it has no title then such other description of the document; and (6) the grounds claimed for withholding the document from discovery (*i.e.,* any claim of privilege, work product, or any other recognized grounds), and the factual basis for such claims.

## DOCUMENTS TO BE PRODUCED

1.      All Documents that identify any patients, or customers, or other entities who have purchased, received or have been prescribed any Subject Drug manufactured, marketed, sold or distributed by you.

2.      Documents sufficient to show all methodologies, strategy or reasoning you used to calculate and set the amounts your customers or intermediaries paid for Subject Drugs, including any financial or other incentives and any specially negotiated rates.

3.      All contracts between you and any customers or intermediaries in which the pricing for prescription drugs is based in whole or in part on AWP.

4.      All documents concerning efforts by you to influence legislation, regulations, or agency practices regarding the use of the Average Wholesale Price ("AWP") for Subject Drugs, and to keep such efforts confidential, secret and/or non-public.

5.      All documents, including directories and organizational charts, sufficient to show the organization or inter-relation of each division, department, unit or subdivision of your company and all management personnel in your company who had any responsibility with respect to the development, production, manufacture, distribution, marketing, promotion, pricing or sale of the Subject Drugs, including, without limitation, officers, directors, managers, supervisors, team leaders and committee chairs.

6.      Documents referring or relating to any meetings or communications between you and any other person or entity including, but not limited to, other defendants, other drug companies or consultants concerning AWP in any way.

7.      All documents, including without limitation, government reports, news articles, white papers, studies, analyses or written communications, relating or referring to any definition or meaning of industry pricing terms concerning Subject Drugs, such as AWP, Wholesale Acquisition Cost ("WAC"), Estimated Acquisition Cost (" EAC"), or actual acquisition cost.

8.      All documents produced by you in any litigation, government investigation or administrative proceeding relating to (a) the use of AWP in Subject Drug insurance benefits or coverage; (b) the use of AWP in the amounts that customers charge their patients; (c) the distribution to customers or intermediaries of rebates or financial incentives relating to Subject Drugs; (d) decisions concerning which Subject Drugs to place on formularies; (e) terms, conditions and rates available to your regular customers or intermediaries for Subject Drugs; and (f) changes over time in the terms, conditions and rates available to your regular customers or intermediaries for Subject Drug benefits or coverage.

9.      All documents relating to or reflecting your awareness of, or provision by you of, any "financial inducements" including, but not limited to, trips to resorts, rounds of golf, dinners, honoraria, Continuing Medical Education courses, consultantships, textbooks, television sets, VCRs, and other items of gifts of value to customers and intermediaries for prescribing Subject Drugs.

10.      All documents you have introduced or relied upon in any Related Case at any hearing or in any pleading, motion or other court filing concerning the issue of class certification, and all

1   documents you intend to introduce or rely upon at any hearing regarding Plaintiff's Class

2   Certification Motion or in connection with further briefing of that Motion.

3   Dated: August 3, 2004                    Respectfully submitted,

4

5                                            /s/ Donald E. Haviland, Jr., Esquire
                                             donald.haviland@klinespecter.com
6                                            Donald E. Haviland, Jr., Esquire
                                             KLINE & SPECTER, P.C.
7                                            1525 Locust Street, 19th Floor
                                             Philadelphia, PA 19102
8                                            (215) 772-1000 telephone
                                             (215) 735-0957 facsimile
9
                                             Harry J. Miller, Esquire
10                                           HARRY J. MILLER, P.L.L.C.
                                             Arizona Bar No.: 014556
11                                           80 E. Columbus Avenue
                                             Phoenix, AZ 85012
12                                           (602) 264-4965 telephone

13                                           Chad L. Schexnayder, Esquire
                                             JENNINGS, HAUG & CUNNINGHAM, L.L.P.
14                                           2800 North Central Avenue, Suite 1800
                                             Phoenix, AZ 85004-1049
15                                           (602) 234-7800 telephone

16                                           Kent M. Williams, Esquire
                                             GIEBEL, GILBERT, WILLIAMS & KOHL, P.L.L.P.
17                                           1300 Godward Street, N.E., Suite 6200
                                             Minneapolis, MN 55413
18                                           (651) 633-9000 telephone
                                             (651) 639-1551 facsimile
19
                                             Marvin K. Blount, Jr., Esquire
20                                           THE BLOUNT LAW FIRM, P.L.L.C.
                                             400 West First Street
21                                           Greenville, NC 27834
                                             (252) 752-6000 telephone
22                                           (255) 752-2174 facsimile

23                                           Lewis B. April, Esquire
                                             COOPER LEVENSON APRIL
24                                               NIEDELMAN & WAGENHEIM, P.A.
                                             1125 Atlantic Avenue - Third Floor
25                                           P.O. Box 1125
                                             Atlantic City, NJ 08404-1125
26                                           (609) 344-0939 facsimile

27                                           ATTORNEYS FOR PLAINTIFF AND THE CLASS

28

G:\DEI\LUPRON MASTER - (2307290)\Lupron - AZ - (2002041)\Pleadings\Request for Production of Docs Directed to CORPORATE DEFS.wpd

**Review and Submit**                                    Filing ID: 3989681   Cancel   Save
CV2002004988  Swanston vs T A P Pharmaceutical Products Inc et al  AZ Maricopa County
Superior Court
**IMPORTANT: Your filing has not yet been submitted.**
**When you have finished reviewing, select Submit Filing below.**

| | |
|---|---|
| **Filing ID:** | 3989681 |
| **Filed by:** | Donald E Haviland, Kline & Specter |
| **Authorized by:** | Donald E Haviland, Kline & Specter   Edit |

| | |
|---|---|
| **Court:** | AZ Maricopa County Superior Court |
| **Division/Courtroom:** | N/A |
| **Case Class:** | Complex Civil |
| **Case Type:** | Tort Non-Motor Vehicle - Other |
| **Case Number:** | CV2002004988 |
| **Case Name:** | Swanston vs T A P Pharmaceutical Products Inc et al |

**Filing Option:**          Serve Only - Public   Edit

> **! This transaction will be sent Serve Only.**

**Billing Reference:**      Swanston 200204   Edit

**Documents List**   Edit
**1 Document(s)**
**Attached Document, 8 Pages   Document ID: 2290571**          View Original   View PDF
**Filing Type:**                          **Access:**              **Filing Fee:**      **Linked:**
Discovery                                Public                  $0
**Document title:**
Plaintiffs Request for Production of Documents Directed to All Corporate Defendants

Expand All

⊟ **Filing Parties (1)**   Edit

| Party | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| Swanston, Robert J | Plaintiff | Haviland, Donald E | Kline & Specter | Attorney in Charge |

⊟ **Recipients (78)**

⊟ Service List (78)   Edit

| Delivery Option | Party | Party Type | Attorney | Firm | Attorney Type | Method |
|---|---|---|---|---|---|---|
| Service | Abbott Laboratories | Defendant | Papetti, Randy S | Lewis & Roca LLP | Pro Hac Vice | Online |
| Service | Abbott Laboratories | Defendant | Buchman, Joshua T | McDermott Will & Emery LLP-Chicago | Attorney in Charge | U.S. Mail |
| Service | Amgen Inc | Defendant | Gordon, Andrew S | Coppersmith Gordon Schermer Owens & Nelson PLC | Attorney in Charge | Online |
| Service | Amgen Inc | Defendant | Jorgensen, James D | Coppersmith Gordon Schermer Owens & Nelson PLC | Attorney in Charge | Online |
| Service | Amgen Inc | Defendant | Young, Joseph H | Hogan & Hartson LLP-Baltimore | Pro Hac Vice | Online |
| Service | Amgen Inc | Defendant | Barley, Steven F | Hogan & Hartson LLP-Baltimore | Pro Hac Vice | Online |
| Service | Apothecon Inc | Defendant | Brandon, George | Squire Sanders & Dempsey LLP-Phoenix | Attorney in Charge | Online |
| Service | Apothecon Inc | Defendant | Marconi, Andrea | Squire Sanders & Dempsey LLP-Phoenix | Attorney in Charge | Online |
| Service | Astra Zeneca | Defendant | Maledon, William J | Osborn Maledon PA | Attorney in | Online |

| | | | | | Charge | |
|---|---|---|---|---|---|---|
| Service | Pharmaceuticals LP Astra Zeneca Pharmaceuticals LP | Defendant | Weaver, Linda D | Osborn Maledon PA | Attorney in Charge | Online |
| Service | Astra Zeneca Pharmaceuticals LP | Defendant | Wise, D Scott | Davis Polk & Wardwell | Attorney in Charge | Online |
| Service | Astra Zeneca Pharmaceuticals LP | Defendant | Harris, Kimberley D | Davis Polk & Wardwell | Attorney in Charge | Online |
| Service | Aventis Behring LLC | Defendant | Nussbaum, William D | Hogan & Hartson LLP-DC | Pro Hac Vice | Online |
| Service | Aventis Behring LLC | Defendant | Overton, Pamela M | Greenberg Traurig LLP-Main Account | Attorney in Charge | Online |
| Service | Aventis Pharmaceuticals Inc | Defendant | Schleifman, Paul S | Shook Hardy & Bacon LLP-DC | Attorney in Charge | Online |
| Service | Aventis Pharmaceuticals Inc | Defendant | Overton, Pamela M | Greenberg Traurig LLP-Main Account | Attorney in Charge | Online |
| Service | Bayer Corp | Defendant | Dunne, Kimberly | Sidley Austin Brown & Wood LLP-Los Angeles | Attorney in Charge | Online |
| Service | Bayer Corp | Defendant | Raskin, Richard D | Sidley Austin Brown & Wood LLP-Chicago | Attorney in Charge | Online |
| Service | Bayer Corp | Defendant | Frisbie, Laci | Sidley Austin Brown & Wood LLP-Los Angeles | Attorney in Charge | Online |
| Service | Bayer Corp | Defendant | Franks, Timothy J | Perkins Coie Brown & Bain PA | Attorney in Charge | Online |
| Service | Bayer Corp | Defendant | Thumma, Sam | Perkins Coie Brown & Bain PA | Pro Hac Vice | Online |
| Service | Boehringer Ingelheim Corp | Defendant | Rogers, Doug L | Vorys Sater Seymour & Pease LLP-Columbus | Pro Hac Vice | Online |
| Service | Boehringer Ingelheim Corp | Defendant | Coval, Paul J | Vorys Sater Seymour & Pease LLP-Columbus | Attorney in Charge | Online |
| Service | Boehringer Ingelheim Corp | Defendant | Miller, Darrell A H | Vorys Sater Seymour & Pease LLP-Columbus | Attorney in Charge | Online |
| Service | Boehringer Ingelheim Corp | Defendant | Wauro, Darlene M | Roshka Heyman & DeWulf PLC | Attorney in Charge | Online |
| Service | Boehringer Ingelheim Corp | Defendant | DeWulf, John E | Roshka Heyman & DeWulf PLC | Attorney in Charge | Online |
| Service | Bristol Myers Squibb | Defendant | Brandon, George | Squire Sanders & Dempsey LLP-Phoenix | Attorney in Charge | Online |
| Service | Bristol Myers Squibb | Defendant | Edwards, Steven M | Hogan & Hartson LLP-New York | Pro Hac Vice | Online |
| Service | Bristol Myers Squibb | Defendant | Tretter, Lyndon M | Hogan & Hartson LLP-New York | Pro Hac Vice | Online |
| Service | Bristol Myers Squibb | Defendant | Marconi, Andrea | Squire Sanders & Dempsey LLP-Phoenix | Attorney in Charge | Online |
| Service | Coleman, Christopher | Defendant | No_Answer_on_File | Firm TBD | Attorney in Charge | U.S. Mail |
| Service | Dey Inc | Defendant | Robben, Philip D | Kelley Drye & Warren LLP-New York | Pro Hac Vice | Online |
| Service | Dey Inc | Defendant | Tower, Philip C | Meyer Hendricks & Bivens PA | Pro Hac Vice | Online |
| Service | Ethicon Endo Surgery Inc | Defendant | Schau, Andrew | Patterson Belknap Webb & Tyler | Attorney in Charge | Online |
| Service | Fujisawa Healthcare Inc | Defendant | Aronson, Martin A | Morrill & Aronson PLC | Attorney in Charge | Online |
| Service | Fujisawa Healthcare Inc | Defendant | Cleaveland, William D | Morrill & Aronson PLC | Attorney in Charge | Online |
| Service | Fujisawa Healthcare Inc | Defendant | Hurst, Andrew L | Reed Smith LLP-Washington | Pro Hac Vice | Online |
| Service | Fujisawa Healthcare Inc | Defendant | Scott, Michael T | Reed Smith LLP-Philadelphia | Pro Hac Vice | U.S. Mail |
| Service | Fujisawa Healthcare Inc | Defendant | McGuan, Kathleen H | Reed Smith LLP-Washington | Pro Hac Vice | Online |
| | | | | | | U.S. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Service | Gendelman, Michael | Defendant | Riley, John E | Vaira & Riley PC | Pro Hac Vice | Mail |
| Service | Gendelman, Michael | Defendant | Hall, Dennis Linly | Beshears Wallwork Bellamy Chartered | Attorney in Charge | Online |
| Service | Hack, Eddy James | Defendant | Greene, Charles M | Greene, Charles M PA | Pro Hac Vice | U.S. Mail |
| Service | Immunex Corp | Defendant | Burman, David J | Perkins Coie LLP-Seattle | Pro Hac Vice | Online |
| Service | Immunex Corp | Defendant | O'Sullivan, Kathleen M | O'Sullivan, Kathleen M | Pro Hac Vice | U.S. Mail |
| Service | Immunex Corp | Defendant | Philippides, Zoe | Perkins Coie LLP-Seattle | Pro Hac Vice | Online |
| Service | Immunex Corp | Defendant | Kennedy, Michael K | Gallagher & Kennedy PA | Attorney in Charge | Online |
| Service | Jett, David | Defendant | Casale, Robert M | Casale, Robert M | Pro Hac Vice | U.S. Mail |
| Service | Johnson & Johnson Co | Defendant | Schau, Andrew | Patterson Belknap Webb & Tyler | Attorney in Charge | Online |
| Service | Johnson & Johnson Co | Defendant | Pryor, Mary G | Cavanagh Law Firm | Attorney in Charge | Online |
| Service | Pharmacia Corp | Defendant | Stempel, Scott A | Morgan Lewis & Bockius LLP-DC | Attorney in Charge | Online |
| Service | Pharmacia Corp | Defendant | Dodds, John C | Morgan Lewis & Bockius-Philadelphia | Attorney in Charge | Online |
| Service | Pharmacia Corp | Defendant | Baranski, Jason E | Morgan Lewis & Bockius-Philadelphia | Attorney in Charge | Online |
| Service | Pharmacia Corp | Defendant | Everett, John Clayton | Morgan Lewis & Bockius LLP-DC | Attorney in Charge | Online |
| Service | Pharmacia Corp | Defendant | Halpern, Barry | Snell & Wilmer LLP-Phoenix | Attorney in Charge | Online |
| Service | Pharmacia Corp | Defendant | Hackett, Stephanie | Snell & Wilmer LLP-Phoenix | Attorney in Charge | Online |
| Service | Schering Plough Corp | Defendant | Montgomery, John T | Ropes & Gray | Attorney in Charge | Online |
| Service | Schering Plough Corp | Defendant | O'Connor, Brien T | Ropes & Gray | Attorney in Charge | Online |
| Service | Schering Plough Corp | Defendant | Halaby, Andy | Snell & Wilmer LLP-Phoenix | Attorney in Charge | Online |
| Service | Sicor Inc | Defendant | Jones, Lydia | Jennings Strouss & Salmon PLC | Attorney in Charge | Online |
| Service | Smithkline Beecham Corp | Defendant | Lodge, Kira D | Bryan Cave LLP-Phoenix | Attorney in Charge | Online |
| Service | Smithkline Beecham Corp | Defendant | Ott, Rodney Wayne | Bryan Cave LLP-Phoenix | Attorney in Charge | Online |
| Service | Smithkline Beecham Corp | Defendant | Herold, Fred | Dechert Price & Rhoads | Attorney in Charge | Online |
| Service | Smithkline Beecham Corp | Defendant | Lynch, Mark H | Covington & Burling | Pro Hac Vice | Online |
| Service | Smithkline Beecham Corp | Defendant | Posner, Ethan M | Covington & Burling | Pro Hac Vice | Online |
| Service | Smithkline Beecham Corp | Defendant | Dove, Ronald G | Covington & Burling | Pro Hac Vice | Online |
| Service | Smithkline Beecham Corp | Defendant | Shely, Robert W | Bryan Cave LLP-Phoenix | Attorney in Charge | Online |
| Service | Swanston, Robert J | Defendant | Williams, Kent M | Giebel Gilbert Williams & Kohl PLLP | Pro Hac Vice | Online |
| Service | Swanston, Robert J | Defendant | Blount, Marvin K | Blount Law Firm PLLC | Pro Hac Vice | U.S. Mail |
| Service | Swanston, Robert J | Defendant | April, Lewis B | Cooper Levenson April Niedelman & Wagenheim | Pro Hac Vice | Online |
| Service | Swanston, Robert J | Plaintiff | Miller, Harry J | Miller, Harry J PLLC | Attorney in Charge | Online |
| Service | T A P Pharmaceutical Products Inc | Defendant | Burke, Timothy | Fennemore Craig | Attorney in Charge | Online |
| | T A P Pharmaceutical | | | | Attorney in | U.S. |

| Service | Products Inc | Defendant | Russo, Lee Ann | Jones Day-Chicago | Charge | Mail |
|---------|-------------|-----------|----------------|-------------------|--------|------|
| Service | Takeda Chemical Industries Ltd | Defendant | O'Neal, John Maston | Quarles & Brady Streich Lang LLP | Attorney in Charge | Online |
| Service | Takeda Chemical Industries Ltd | Defendant | Porcelli, Anthony C | Jenner & Block LLP-Chicago | Attorney in Charge | Online |
| Service | Takeda Chemical Industries Ltd | Defendant | Stauffer, Robert R | Jenner & Block LLP-Chicago | Attorney in Charge | Online |
| Service | Takeda Chemical Industries Ltd | Defendant | Martin, Don P | Quarles & Brady Streich Lang LLP | Attorney in Charge | Online |
| Service | Wyeth Inc | Defendant | Leonard, Jeffrey S | Sacks Tierney PA | Attorney in Charge | Online |
| Service | Wyeth Inc | Defendant | Holden, Craig S | Ober Kaler Grimes & Shriver-Baltimore | Attorney in Charge | Online |

⊟ Additional Recipients (0)    Edit

⊞ **Case Parties**

**IMPORTANT: Your filing has not yet been submitted.**
**When you have finished reviewing, select Submit Filing below.**

Submit Filing

# EXHIBIT "B"

CAPRON AL
9/13/04

**COPPERSMITH GORDON SCHERMER**
 **OWENS & NELSON P.L.C.**
2800 North Central Avenue, Suite 1000
Phoenix, AZ 85004-1007
(602) 224-0999
Andrew S. Gordon (Bar No. 003660)
Lauren J. Weinzweig (Bar No. 020727)

**Hogan & Hartson L.L.P.**
111 South Charles Street
Baltimore, Maryland 21202
(410) 659-2700
Joseph H. Young (admitted *pro hac vice*)
Steven F. Barley (admitted *pro hac vice*)

Attorneys for Defendant Amgen Inc.

## SUPERIOR COURT OF ARIZONA

### MARICOPA COUNTY

| | |
|---|---|
| ROBERT J. SWANSTON, individually and on behalf of himself and all others similarly situated, Plaintiff, <br><br> v. <br><br> TAP PHARMACEUTICAL PRODUCTS INC.; et al., <br><br> Defendants. | No. CV2002-004988 <br><br> **Amgen Inc.'s Objections and Responses to Plaintiff's Request For Production Of Documents Directed To All Corporate Defendants** <br><br> (Assigned to the Honorable Rebecca A. Albrecht) |

Pursuant to Rule 34 of the Arizona Rules of Civil Procedure, Defendant Amgen Inc.

("Amgen"), by its undersigned counsel, hereby objects and responds to Plaintiff's Request For

Production Of Documents Directed To All Corporate Defendants.

## PRELIMINARY STATEMENT

1.    These objections and responses are made solely for the purposes of this

action.  Each objection and response is subject to all objections as to competence, relevance,

materiality, propriety, and admissibility, and to any and all other objections on any grounds that

would require the exclusion of any statements contained herein if such document requests were

asked of, or statements contained herein were made by, a witness present and testifying in Court,

all of which objections and grounds are expressly reserved and may be interposed at the time of

trial.

2.    Amgen's responses and answers shall not be deemed to constitute
admissions:

> a.   that any particular document or thing exists, is relevant, non-privileged,
>       or admissible in evidence; or
>
> b.   that any statement or characterization in Plaintiff's Request for
>       Production of Documents Directed to All Corporate Defendants is
>       accurate or complete.

3.    Amgen's responses are made based upon reasonable and diligent

investigation conducted to date.  Discovery and investigation in this matter are ongoing and

Amgen reserves the right to amend its responses and to raise any additional objections it may have

in the future.  These responses are made based upon the typical or usual interpretation of words

contained in Plaintiff's Request For Production Of Documents Directed To All Corporate

Defendants, unless a specific definition or instruction has been provided.

4.    Amgen is responding on its own behalf, and not on behalf of Immunex

Corporation, a subsidiary, which has been named as a separate defendant in these proceedings and

is separately represented by counsel.

5.    Amgen's responses to Plaintiff's Request For Production Of Documents

Directed To All Corporate Defendants are submitted without prejudice to Amgen's right to

produce evidence of any subsequently discovered fact. Amgen accordingly reserves its right to provide further responses and answers as additional facts are ascertained. Subject to the foregoing, which is incorporated into each and every response and answer set forth below; Amgen responds as follows:

## GENERAL OBJECTIONS

Amgen objects generally to Plaintiff's Request For Production Of Documents Directed To All Corporate Defendants as follows:

1. Amgen objects to each of Plaintiff's requests as seeking discovery beyond that authorized by the Court's Order of February 17, 2004, which stated that all "discovery except for discovery regarding the Motion for Class Certification and those with regard to issues of jurisdiction shall be stayed." On August 23, 2004, the Court stated that "discovery will continue on the issues of class certification."

2. Amgen objects to Plaintiff's "Definitions" and "Instructions" to the extent Plaintiff intends to expand upon or alter Amgen's obligations under the Arizona Rules of Civil Procedure.

3. Amgen objects to Plaintiff's requests as being duplicative, over broad, and burdensome in light of the ongoing discovery in MDL 1456. Discovery between this case and the MDL should be coordinated to reduce the burden on Amgen and the other defendants.

4. Amgen objects to each request to the extent that it calls for the production of documents or information not relevant to the issues in this action or that is not reasonably calculated to lead to the discovery of admissible evidence.

5. Amgen objects to each request as over broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that the requests

are unlimited in temporal and geographic scope.

      6. Amgen objects to Plaintiff's definitions of "Communications,"

"Document," "You" or "your", "Customers," "Subject Drugs," and "Related Case" on the grounds that they are vague, ambiguous, overbroad, burdensome, and encompass materials that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

      7. Insofar as any request seeks information to which the foregoing objections to Plaintiff's Definitions and Instructions apply, Amgen's failure to note particular objections to Plaintiff's Definitions and Instructions in the Specific Objections below shall not constitute a waiver of those or other objections to Plaintiff's Definitions and Instructions with respect to any individual request.

      8. Amgen objects to the extent that any request seeks information that is protected from disclosure by the work product doctrine, the attorney-client, accountant-client, consulting expert, or investigative privileges, by any common interest or joint defense agreement, or by any other applicable privilege or protection.

      9. Amgen objects to each request to the extent it seeks information and documents protected by, or whose disclosure is governed by, confidentiality or other protective agreement with third-parties, or the confidentiality restrictions imposed by the Federal Trade Commission in its Decision and Order dated September 3, 2002, *In the matter of Amgen Inc. and Immunex Corporation*, Docket No. C-4056 ("the FTC Order").

      10. Amgen objects to each request to the extent that it seeks disclosure of information that is a matter of public record, is equally available to Plaintiff, or is already in Plaintiff's possession.

      11. Amgen expressly incorporates the above General Objections into each

4

specific response to the requests set forth below as if set forth in full therein. The response to a request shall not operate as a waiver of any applicable specific or general objection to a request.

## SPECIFIC OBJECTIONS AND RESPONSES

### Request No. 1:

All Documents that identify any patients, or customers, or other entities who have purchased, received or have been prescribed any Subject Drug manufactured, marketed, sold or distributed by you.

### RESPONSE:

In addition to the General Objections set forth above, Amgen objects to Request No. 1 on the grounds that it is overbroad, burdensome, and calls for production of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that the request is unlimited in time and scope. Amgen further objects that the terms "patients" "customers," "received," "marketed," and "distributed" are vague and ambiguous. Amgen also objects to this request to the extent it calls for documents protected from disclosure by law or regulation and on the ground that certain of the documents called for in the request are more appropriately obtained from third-parties. To the extent this request seeks documents related to the merits of this case, Amgen objects to the request on the grounds that discovery is currently limited to class certification issues only.

### Request No. 2:

Documents sufficient to show all methodologies, strategy or reasoning you used to calculate and set the amounts your customers or intermediaries paid for Subject Drugs, including any financial or other incentives and any specially negotiated rates.

RESPONSE:

In addition to the General Objections set forth above, Amgen objects to Request No. 2 in its

entirety as it seeks documents unrelated to class certification in contravention of the Court's

August 23, 2004 Order, which limited discovery to class certification issues. Amgen reserves its

right to object to this request on other grounds if, and when, discovery on the merits goes forward.

### Request No. 3:

All contracts between you and any customers or intermediaries in which the pricing for
prescription drugs is based in whole or in part on AWP.

### RESPONSE:

In addition to the General Objections set forth above, Amgen objects to Request No. 3 in its

entirety as it seeks documents unrelated to class certification in contravention of the Court's

August 23, 2004 Order, which limited discovery to class certification issues. Amgen reserves its

right to object to this request on other grounds if, and when, discovery on the merits goes forward.

### Request No. 4:

All documents concerning efforts by you to influence legislation, regulations, or agency
practices regarding the use of the Average Wholesale Price ("AWP") for Subject Drugs, and to
keep such efforts confidential, secret and/or non-public.

### RESPONSE:

In addition to the General Objections set forth above, Amgen objects to Request No. 4 in its

entirety as it seeks documents unrelated to class certification in contravention of the Court's

August 23, 2004 Order, which limited discovery to class certification issues. Amgen reserves its

right to object to this request on other grounds if, and when, discovery on the merits goes forward.

Request No. 5:

All documents, including directories and organizational charts, sufficient to show the organization or inter-relation of each division, department, unit or subdivision of your company and all management personnel in your company who had any responsibility with respect to the development, production, manufacture, distribution, marketing, promotion, pricing or sale of the Subject Drugs, including, without limitation, officers, directors, managers, supervisors, team leaders and committee chairs.

RESPONSE:

In addition to the General Objections set forth above, Amgen objects to Request No. 5 in its

entirety as it seeks documents unrelated to class certification in contravention of the Court's

August 23, 2004 Order, which limited discovery to class certification issues. Amgen reserves its

right to object to this request on other grounds if, and when, discovery on the merits goes forward.

Request No. 6:

Documents referring or relating to any meetings or communications between you and any other person or entity including, but not limited to, other defendants, other drug companies or consultants concerning AWP in any way.

RESPONSE:

In addition to the General Objections set forth above, Amgen objects to Request No. 6 in its

entirety as it seeks documents unrelated to class certification in contravention of the Court's

August 23, 2004 Order, which limited discovery to class certification issues. Amgen reserves its

right to object to this request on other grounds if, and when, discovery on the merits goes forward.

Request No. 7:

All documents, including without limitation, government reports, news articles, white papers, studies, analyses or written communications, relating or referring to any definition or meaning of industry pricing terms concerning Subject Drugs, such as AWP, Wholesale Acquisition Cost ("WAC"), Estimated Acquisition Cost ("EAC"), or actual acquisition cost.

RESPONSE:

In addition to the General Objections set forth above, Amgen objects to Request No. 7 in its

entirety as it seeks documents unrelated to class certification in contravention of the Court's

August 23, 2004 Order, which limited discovery to class certification issues. Amgen reserves its

right to object to this request on other grounds if, and when, discovery on the merits goes forward.

Request No. 8:

All documents produced by you in any litigation, government investigation or
administrative proceeding relating to (a) the use of AWP in Subject Drug insurance benefits or
coverage; (b) the use of AWP in the amounts that customers charge their patients; (c) the
distribution to customers or intermediaries of rebates or financial incentives relating to Subject
Drugs; (d) decisions concerning which Subject Drugs to place on formularies; (e) terms,
conditions and rates available to your regular customers or intermediaries for Subject Drugs; and
(f) changes over time in the terms, conditions and rates available to your regular customers or
intermediaries for Subject Drug benefits or coverage.

RESPONSE:

In addition to the General Objections set forth above, Amgen objects to Request No. 8 in its

entirety as it seeks documents unrelated to class certification in contravention of the Court's

August 23, 2004 Order, which limited discovery to class certification issues. Amgen reserves its

right to object to this request on other grounds if, and when, discovery on the merits goes forward.

Request No. 9:

All documents relating to or reflecting your awareness of, or provision by you of, any
"financial inducements" including, but not limited to, trips to resorts, rounds of golf, dinners,
honoraria, Continuing Medical Education courses, consultantships, textbooks, television sets,
VCRs, and other items of gifts of value to customers and intermediaries for prescribing Subject
Drugs.

RESPONSE:

In addition to the General Objections set forth above, Amgen objects to Request No. 9 in its entirety as it seeks documents unrelated to class certification in contravention of the Court's August 23, 2004 Order, which limited discovery to class certification issues. Amgen reserves its right to object to this request on other grounds if, and when, discovery on the merits goes forward.

Request No. 10:

All documents you have introduced or relied upon in any Related Case at any hearing or in any pleading, motion or other court filing concerning the issue of class certification, and all documents you intend to introduce or rely upon at any hearing regarding Plaintiff's Class Certification Motion or in connection with further briefing of that Motion.

RESPONSE:

In addition to the General Objections set forth above, Amgen objects to Request No. 10 on the grounds that it is vague, ambiguous, over broad, and burdensome and is not reasonably calculated to lead to the discovery of admissible evidence in that no responsive time period is defined. Subject to, and without waiving these objections, Amgen states that no responsive documents currently exist. Amgen will supplement its response as appropriate.

By:  _____

Andrew S. Gordon  (Bar No. 003660)
Lauren J. Weinzweig  (Bar No. 020727)
**COPPERSMITH GORDON SCHERMER
OWENS & NELSON P.L.C.**
2800 North Central Avenue, Suite 1000
Phoenix, AZ  85004-1007
(602) 224-0999

Joseph H. Young (admitted *pro hac vice*)
Steven F. Barley  (admitted *pro hac vice*)
**HOGAN & HARTSON L.L.P.**
111 South Charles Street
Baltimore, Maryland 21202
(410) 659-2700

Attorneys for Defendant Amgen Inc.

ORIGINAL of the foregoing filed
And served electronically this
13th day of September, 2004, upon:

**Attorneys for Plaintiff and the Class:**

Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, Pennsylvania 19102

Harry J. Miller III
Harry J. Miller, P.L.L.C.
80 East Columbus
Phoenix, Arizona 85012

Kent Williams
Giebel, Gilbert, Williams & Kohl, P.L.L.P.
2233 North Hamlin Avenue, Suite 620
St. Paul, Minnesota 55113

Jonathan Shub
Sheller, Ludwig & Badey
1528 Walnut Street, 3rd Floor
Philadelphia, Pennsylvania 19102

Marvin K. Blount, Jr.
Ted Mackall, Jr.
Marvin K. Blount III
The Blount Law Firm, P.L.L.C.
400 West First Street
Greenville, North Carolina 27834

Lewis B. April
Cooper, Perskie, April, Niedelman,
 Wagenheim & Levenson
1125 Atlantic Avenue - Third Floor
P.O. Box 1125
Atlantic City, New Jersey 08404-1125

**Attorneys for Defendants:**

**Counsel for TAP Pharmaceutical Products, Inc.**
Joseph F. Savage, Jr.
Monica M. Franceschini
Anita B. Bapooji

\\BA - 58360/0066 - 178951 v1                    11

Testa, Hurwitz & Thibeault
125 High Street
Boston, MA 02110

**Local Counsel for Individual TAP Defendants:**
Robert E.B. Allen
Charles S. Price
Barry R. Sanders
Allen, Price & Padden, PC
3131 E. Camelback Rd. Ste 110
Phoenix, AZ 85016-4597

**Counsel for Abbott Laboratories:**
Daniel Goldfried
Randy Papetti
Lewis and Roca LLP
40 North Central Avenue
Phoenix, AZ 85004-4429

Joshua T. Buchman
McDermott Will & Emery
227 West Monroe
Chicago, Illinois 60606

**Counsel for Pharmacia Corp., Pharmacia and Upjohn, Inc.,
Monsanto Co. and G. D. Searle**
Barry D. Halpern
Gina Marie Slattery
Stephanie V. Hackett
Snell & Wilmer, LLP
One Arizona Center
Phoenix, Arizona 85004-2202

John C. Dodds, Esq.
Mitchell Edwards, Esq.
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921

Scott A. Stempel, Esq.
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

**Counsel for Johnson & Johnson,**
**Ethicon Endo-Surgery, Inc., Indigo**
**Laser Corp. & Alza Corporation**
**Centorcor, Inc. and Ortho Biotech Products, L.P.:**
Mary G. Pryor
The Cavanagh Law Firm PA
1850 North Central Avenue, Suite 2400
Phoenix, Arizona 85004-4527

William F. Cavanaugh, Jr.
Andrew D. Schau
Kieran M. Corcoran
Estella J. Schoen
Adeel A. Mangi
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036

**Counsel for Bayer Corporation:**
Alan H. Blankenheimer
Timothy J. Franks
Perkins Coie Brown & Bain, P.A.
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012

Richard D. Raskin
David C. Giardina
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

Kimberly A. Dunne
Sidley Austin Brown & Wood LLP
555 West Fifth Street, 40th Floor
Los Angeles, California 90013

**Counsel for AstraZeneca Pharmaceuticals L.P.:**
William J. Maledon
Linda Weaver
Osborn Maledon, P.A.
2929 North Central Avenue
Suite 2100
Phoenix, Arizona 85012

D. Scott Wise

Kimberley Denise Harris
Eric David Gill
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

**Counsel for Apothecon, Inc., Bristol-Myers Squibb Co.**
**and Oncology Therapeutics Network Corp.:**
Steven M. Edwards
Lyndon M. Tretter
Hogan & Hartson L.L.P.
875 Third Avenue
New York, New York 10022
212-918-3000

George Brandon
Cynthia Ricketts
Squire, Sanders & Dempsey L.L.P.
40 North Central, Avenue, Suite 2700
Phoenix, Arizona 85004

**Counsel for Fujisawa Healthcare, Inc.**
**and Fujisawa USA, Inc.:**
Kathleen H. McGuan
Andrew L. Hurst
Reed Smith LLP
1301 K Street NW
Suite 1100 – East Tower
Washington, D.C. 20005

Michael T. Scott
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, Pennsylvania 19103-7301

Martin A. Aronson
K. Layne Morrill
Morrill & Aronson, P.L.C.
One East Camelback Road, Suite 340
Phoenix, Arizona 85012-1648

**Counsel for Schering-Plough Corporation**
**and Warrick Pharmaceuticals Corp.:**
Brien T. O'Connor
John T. Montgomery

Kirsten V. Mayer
David C. Potter
Ropes & Gray
One International Place
Boston, MA 02110

Patrick G. Byrne
Andrew F. Halaby
Snell & Wilmer LLP
One Arizona Center
Phoenix, AZ 85004-2202

**Counsel for Dey, Inc.:**
Darrell Prescott
Lisa Lewis
Leila Pittaway
Coudert Brothers, LLP
114 Avenue of the Americas
New York, NY 10036-7703

Donald W. Bivens
Paul L. Stoller
Meyer, Hendricks & Bivens, P.A.
3003 N. Central Avenue, Suite 1200
Phoenix, AZ 85012

**Counsel for Aventis Pharmaceuticals, Inc.
and Hoechst Marion Roussel, Inc.:**
Paul Schleifman
Shook, Hardy & Bacon LLP
Hamilton Square, Suite 800
600 14th Street, N.W.
Washington, D.C. 20005-2004

Michael L. Koon
Paul Schleifman
Shook, Hardy & Bacon LLP
One Kansas City Place
1200 Main Street
Kansas City, MO 64105-2118
816-474-6550

Pamela M. Overton
Greenberg Traurig, LLP
2375 East Camelback Road, Suite 700

Phoenix, Arizona 85016

Michael DeMarco
Kirkpatrick & Lockhart LLP
75 State Street
Boston, Massachusetts 02109

**Counsel for Baxter International
and Baxter Healthcare Corporation:**
Merle M. DeLancey, Jr.
J. Andrew Jackson
Dickstein Shapiro Morin & Oshinsky LLP
2101 L. St. NW
Washington, D.C. 20037

Francis Burke, Jr.
Stacey Gotlieb
Steptoe & Johnson
201 East Washington Street, Suite 1600
Phoenix, Arizona  85004-2382

**Counsel for Sicor, Inc. and
Gensia Siocor Pharmaceuticals, Inc.**
T. Reed Stephens
Elizabeth I. Hack
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW, Suite 600 East Tower
Washington, DC  20005

Phillip M. MacDonald
Lydia A. Jones
Jennings, Strauss & Salmon
201 E. Washington Street, 11th Floor
Phoenix, AZ 85004-2385

**Counsel for Aventis Behring L.L.C.:**
Edward C. Duckers
William Nussbaum
Hogan & Hartson L.L.P.
555 13th Street, N.W.
Washington, D.C. 20004

Pamela M. Overton
Greenberg Traurig, LLP
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016

**Counsel for Wyeth:**
S. Craig Holden
Kelly J. Davidson
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 E. Baltimore Street
Baltimore, MD 21202

Jeffrey S. Leonard
Leonard, Collins & Gillespie, P.C.
40 North Central Avenue, Suite 2100
Phoenix, Arizona 85004

**Counsel for David Jett:**
Robert M. Casale
250 West Main Street
Branford, Connecticut 06405

**Counsel for Christopher Coleman:**
Curtis C. Coleman, III
Curtis C. Coleman, III, P.A.
916 South Evans Street
P. O. Box 588
Greenvile, North Carolina 27835-0588

**Counsel for Eddy James Hack:**
Charles M. Greene
111 North Orange Avenue
Orlando, Florida 32801

**Counsel for SmithKlineBeecham Corporation
d/b/a GlaxoSmithKline:**
Ethan Posner
Jason Litow
Mark Lynch
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Robert Shely
Rodney Ott
Bryan Cave
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406

Geoffrey Hobart
Mark Seltzer
Holland & Knight
10 St. James Avenue
Boston, Massachusetts 02116-3813

Frederick G. Herold
Dechert LLP
975 Page Mill Road
Palo Alto, California 94304-1013

## Counsel for Immunex Corporation:

David J. Burman
Kathleen M. O'Sullivan
Zoe Philippides
Perkins Coie LLP
1201 Third Avenue
Suite 4800
Seattle, Washington 98101-3099
Michael K. Kennedy
Gallagher & Kennedy, P.A.
2575 E. Camelback Road
Phoenix, Arizona 85016-9225

Joseph H. Young

18

# EXHIBIT "C"

# KLINE & SPECTER

A PROFESSIONAL CORPORATION

PHILADELPHIA OFFICE:
1525 LOCUST STREET
THE NINETEENTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19102
215-772-1000 TELEPHONE
800-597-9585 TOLL FREE TELEPHONE
215-735-0957 FACSIMILE

NEW JERSEY OFFICE:
KLINE & SPECTER
1800 CHAPEL AVENUE, SUITE 302
CHERRY HILL, NEW JERSEY 08002
856-662-1180 TELEPHONE
856-662-1184 FACSIMILE
CO-MANAGING ATTORNEYS:
ROBERT ROSS AND DONALD E. HAVILAND, JR.

Direct Fax: 215-735-0957

terrianne.benedetto@klinespecter.com

January 31, 2005

## VIA FACSIMILE

Steven F. Barley, Esquire
**HOGAN & HARTSON L.L.P.**
111 South Calvert Street, Suite 1600
Baltimore, MD 21202

      Re: *Swanston v. TAP Pharmaceutical Products, Inc., et al.*

Dear Mr. Barley:

In follow-up to our meet and confers and exchanges of email in October and November, please advise me as to your position regarding document production by your client, Amgen, in this case. When we last spoke in November, you indicated that you wanted to wait and see how Judge Albrecht ruled on the issue of coordination. As Judge Albrecht ruled in November that this case would be designed as a coordinated state court case, I expect you have determined by now whether your position respecting document production has changed as a result of that order.

I understand that Amgen has not yet produced documents in MDL 1456 because of a motion to dismiss which you have pending. However, Amgen has yet to produce any documents in connection with the discovery requests propounded upon Amgen in this case in which Amgen's motion to dismiss was denied. I believe that we have met our meet and confer obligations and write this letter to give you an opportunity to set forth your current position on whether or not you intend to produce any documents to plaintiff in this case before seeking relief from the Court.

                      Very truly yours,

                      **TERRIANNE BENEDETTO**

TAB/jn

G:\DEH\LUPRON MASTER - (200200)\Lupron - AZ - (200204)\Letters\Barley, Steve (re doc production).wpd

```
*  *  *  COMMUNICATION RESULT REPORT ( JAN. 31. 2005 11:24AM )  *  *  *
```

FAX HEADER:   KLINE-SPECTER-P.C.

```
TRANSMITTED/STORED : JAN. 31. 2005 11:23AM
FILE MODE      OPTION           ADDRESS                      RESULT    PAGE
--------------------------------------------------------------------------------
164  MEMORY TX                  G3  :479#200204#14105396981#   OK        2/2
```

```
--------------------------------------------------------------------------------
REASON FOR ERROR
  E-1) HANG UP OR LINE FAIL              E-2) BUSY
  E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
  E-5) MAIL SIZE OVER
```

## KLINE & SPECTER

*A Professional Corporation*
THE NINETEENTH FLOOR
1525 LOCUST STREET
PHILADELPHIA, PA 19102
TELEPHONE: 215-772-1000
FACSIMILE: 215-772-0097
WWW.KLINESPECTER.COM

### FAX COVER SHEET

**January 31, 2005**

Sender:   Donald E. Haviland, Jr., Esquire/TerriAnne Benedetto, Esquire/
          Louis C. Ricciardi, Esquire/Roberta A. Golden, Esquire

File:     *Swanston v. TAP Pharmaceutical Products, Inc., et al.*   Our File No.: 200204

| RECIPIENTS | COUNSEL FOR: | SD# | TELEPHONE | TELEFAX |
|---|---|---|---|---|
| Steven Barley, Esquire HOGAN & HARTSON, LLP | | | 410-659-2700 | 410-539-6981 |

Pages: ___2___ (including cover).

Comments:   Original ☐ will ☒will not follow.

If you do not receive all the pages, please call: Jennifer at 215-772-2482.

### ☞ ATTENTION ☜

CHECK TO MAKE CERTAIN THAT YOU ARE THE INTENDED RECIPIENT OF THIS DOCUMENT.

*The information contained in this transmission is intended for the sole use of the individual or entity to whom it is addressed, and may contain information that is attorney-client privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that this is not a waiver of any privilege, that you are not authorized to review or reveal the following pages, and that dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by collect call and return this original transmission to us by mail at the above address. Thank you.*

# EXHIBIT "D"

Jan-31-05   01:26pm   From-Hogan & Hartson            410 539 7029        T-626   P.002/002   F-360

# HOGAN & HARTSON
## L.L.P.

STEVEN F. BARLEY
PARTNER
(410) 659-2724
SFBARLEY@HHLAW.COM

111 SOUTH CALVERT STREET, SUITE 1600
BALTIMORE, MARYLAND 21202
TEL (410) 659-2700
FAX (410) 539-6981
WWW.HHLAW.COM

January 31, 2005

**VIA FACSIMILE (215) 735-0957**

TerriAnne Benedetto, Esquire
Kline & Specter
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102

Re:    *Swanston v. TAP Pharmaceutical Products, Inc., et al.*

Dear TerriAnne:

I am in receipt of your letter of earlier today. As you point out, when we last spoke concerning the document production requests, we had agreed to await Judge Albrecht's ruling on the motion to designate the case as a coordinated state case before deciding how to proceed. I understood from our conversations that you would be contacting us following a ruling by Judge Albrecht and we have been waiting to hear from you.

We are willing to produce documents to the plaintiffs in this case. I will give you a call later today or tomorrow to discuss the scope and timing of the production.

Very truly yours,

Steven F. Barley

SFB:jvd

cc:  Joseph H. Young, Esquire
     Andrew S. Gordon, Esquire

WASHINGTON, DC

\\\BA - 8437:0087 - 18 BERLIN  MUNICH  BRUSSELS  LONDON  PARIS  BUDAPEST  PRAGUE  WARSAW  MOSCOW  BEIJING  TOKYO
NEW YORK  BALTIMORE  McLEAN  MIAMI  DENVER  BOULDER  COLORADO SPRINGS  LOS ANGELES

# EXHIBIT "E"

# KLINE & SPECTER

### A PROFESSIONAL CORPORATION

PHILADELPHIA OFFICE:
1525 LOCUST STREET
THE NINETEENTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19102
215-772-1000 TELEPHONE
800-597-9585 TOLL FREE TELEPHONE
215-735-0657 FACSIMILE

NEW JERSEY OFFICE
KLINE & SPECTER
1800 CHAPEL AVENUE, SUITE 302
CHERRY HILL, NEW JERSEY 08002
856-662-1180 TELEPHONE
856-662-1184 FACSIMILE
CO-MANAGING ATTORNEYS:
ROBERT ROSS AND DONALD E. HAVILAND, JR.

Direct Fax: 215-735-0957                                   terrianne.benedetto@klinespecter.com

February 2, 2005

## VIA FACSIMILE

Steven F. Barley, Esquire
HOGAN & HARTSON L.L.P.
111 South Calvert Street, Suite 1600
Baltimore, MD  21202

     Re:    *Swanston v. TAP Pharmaceutical Products, Inc., et al.*

Dear Mr. Barley:

     I am in receipt of the voice mail message which you and Mr. Young left for me yesterday. In that voice mail message you indicated that you wanted to set up yet another meet and confer conference call, which you anticipated would take approximately one hour.  Please be advised that I am traveling the rest of this week and on Monday and Tuesday of next week and therefore will be unavailable for a conference call.

     Irrespective of my unavailability over the next several days, I note that we have spent considerable time meeting and conferring regarding Amgen's discovery responses and refusal to produce any documents.  We have had several telephone conversations and composed and exchanged numerous emails.  As stated in my January 31, 2005 letter to you, I believe that we already have met our meet and confer obligations.  I wrote you that letter only to give you one final opportunity to advise me as to whether Amgen intends to produce any documentation at all in response to plaintiff's discovery requests before I sought relief from the court.  I did not and do not intend to set up further conference calls with you on this matter.

     Respectfully, I think we have gone back and forth several times on whether or not our requests go to class issues and merits issues and, frankly, it is unclear how we can continue to operate on a bifurcated discovery schedule when all other defendants have acquiesced that this case

**KLINE & SPECTER**

A PROFESSIONAL CORPORATION

Steven F. Barley, Esquire
**HOGAN & HARTSON L.L.P.**
February 2, 2005
Page 2

cannot be bifurcated and also be coordinated with MDL 1456, which is not bifurcated. If you have anything further to state regarding your willingness or unwillingness to produce documents and your bases therefor, I ask you to please do so in written form. The Arizona rules do not require the parties to discuss discovery matters *ad nauseam* before determining that a meeting of the minds cannot be reached and court intervention is required.

Very truly yours,

**TERRIANNE BENEDETTO**

TAB/jn
'G:\DEI\LUPRON MASTER - (200200)\Lupron - AZ - (200204)\Letters\Barley, Steve02 (re meet and confer).wpd

x x x COMMUNICATION RESULT REPORT ( FEB. 2. 2005  2:27PM ) x x x

FAX HEADER:  KLINE-SPECTER-P.C.

TRANSMITTED/STORED : FEB. 2. 2005  2:26PM
| FILE MODE | OPTION | ADDRESS | RESULT | PAGE |
|-----------|--------|---------|--------|------|
| 209  MEMORY TX | | G3  :479#200204#14105396981# | OK | 3/3 |

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL                    E-2) BUSY
E-3) NO ANSWER                               E-4) NO FACSIMILE CONNECTION
E-5) MAIL SIZE OVER

## KLINE & SPECTER

*A Professional Corporation*
THE NINETEENTH FLOOR
1525 LOCUST STREET
PHILADELPHIA, PA 19102
TELEPHONE: 215-772-1000
FACSIMILE: 215-735-0957
WWW.KLINESPECTER.COM

### FAX COVER SHEET

February 2, 2005

Sender:   Donald E. Haviland, Jr., Esquire/TerriAnne Benedetto, Esquire/
          Louis C. Ricciardi, Esquire/Roberta A. Golden, Esquire

File:   *Swanston v. TAP Pharmaceutical Products, Inc., et al.*   Our File No.: 200204

| RECIPIENTS | COUNSEL FOR: | SID# | TELEPHONE | TELEFAX |
|------------|--------------|------|-----------|---------|
| Steven Barley, Esquire HOGAN & HARTSON, LLP | | | 410-659-2700 | 410-539-6981 |

Pages: _3_ (including cover).

Comments:   Original ☐ will ☒ will not follow.

If you do not receive all the pages, please call: Jennifer at 215-772-2482.

### ☞ ATTENTION ☜

CHECK TO MAKE CERTAIN THAT YOU ARE THE INTENDED RECIPIENT OF THIS DOCUMENT.

The information contained in this transmission is intended for the sole use of the individual or entity to whom it is addressed, and may contain information that is attorney-client privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that this is not a waiver of any privilege, that you are not authorized to review or reveal the following pages, and that dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by collect call and return this original transmission to us by mail at the above address. Thank you.