UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 CIVIL ACTION:  01-CV-12257-PBS Magistrate Judge Marianne Bowler |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

PLAINTIFFS' RESPONSE TO AVENTIS' MOTION
FOR PROTECTIVE ORDER
AND
CROSS-MOTION TO CONDUCT MORE THAN TEN DEPOSITIONS

Plaintiffs submit this Response to Defendant Aventis Pharmaceutical Inc.'s ("Aventis") Motion for Protective Order seeking to bar the Plaintiffs from conducting more than ten depositions in this matter.  As discussed below, Aventis' Motion ignores the realities of this complex, multi-party, multi-district litigation; the prior conduct of the parties; and a recent ruling of this Court on the same subject matter.

I.      THE STATUS OF THIS LITIGATION

As this Court well knows, this is a very large, complex litigation involving 20 distinct Defendants and 42 named Plaintiffs, as identified in the recently filed Third Amended Master Consolidated Class Action Complaint.  To date, over 280 depositions have been taken, more than 100 of which have been conducted by the defendants.[1]  If Aventis' proposed strict adherence to

---

[1]  In just two days last week, October 27 and 28, the defendants issued deposition subpoenas on 10 different third parties.

Local Rule 26.1 was authorized by the Court, neither party could conduct any further discovery. Such a result is obviously untenable.[2]

Plaintiffs allege that Aventis and its subsidiaries engaged in a fraudulent manipulation of the AWP over a 14 year period, ranging from 1991 through the present.[3]  It is important to note that Aventis did not come into existence until December 2000.  Prior to that time the subject drugs were owned and controlled by either Rhone Poulenc Rohrer ("RPR") or Hoescht Marion Roussel ("HMR"), both of which merged to form Aventis in late 2000.  Thus, discovery is necessary against Aventis and both of its predecessor companies to determine the conduct at issue, including the pricing, marketing and sales of several drugs, and the level of corporate knowledge and approval of the fraudulent practices.  In many instances, no one person is knowledgeable about certain types of conduct before and after the merger, thus multiple depositions on the same subject are necessary.

Plaintiffs have already conducted the deposition of six individual Aventis employees, as well as several deponents offered by Aventis in response to Plaintiffs' two Notices of Rule 30(b)(6) deposition.  Depositions of five additional Aventis employees are currently noticed.  As

---

[2]     The case law Aventis uses to support its motion is distinguishable, and only highlights how inapplicable the ten deposition limit is to this Litigation.  Three of the cases Aventis relies on do not involve complex litigation.  *See Whittingham v. Amherst College*, 163 F.R.D. 170 (D. Mass. 1995) (civil rights action brought by employee of Amherst college alleging racial discrimination); *Vakharia, M.D. v. Swedish Covenant Hospital*, 1994 WL 75055 (N.D.Ill. Mar. 9, 1994) (individual doctor asserts Title VII, age discrimination and breach of contract claim against her employee hospital); *Advanced Sterilization Products v. Jacob*, 190 F.R.D. 284 (D. Mass. 2000) (involving two parties, Advanced Sterilization Products and Dr. Jacob as well as a counterclaim defendant, Ethicon, Inc., Johnson & Johnson Medical, Inc.).  The only multi-district, complex case Aventis relies on is *In re Sulfuric Acid Antitrust Litigation*, 2005 WL 1994105 (N.D.Ill. Aug. 19, 2005) which involved the Plaintiffs' attempts to re-depose an original 30(b)(6) deponent following the filing of an amended complaint.  Such is not the situation at present.

[3] Plaintiffs' recent discovery efforts, guided by the Court's August 17, 2005 ruling on Class Certification for the Track 1 Defendants, have focused on two Aventis drugs, Anzemet and Taxotere.

2

discussed below, many of the designees provided by Aventis were unknowledgeable in the areas they were designated for.

## II.    THE AVENTIS DEPOSITIONS TO DATE

The Aventis depositions that have taken place to date, and specifically the 30(b)(6) depositions, have not been fruitful because Aventis has produced unknowledgeable designees, or have failed to produce any designee on certain subjects.

Initially, Aventis refused to produce any Rule 30(b)(6) designee within the 45 day time period required by CMO 10.  It was only after Plaintiffs were forced to file a Motion to compel that Aventis identified designees for the various subject matter of the Rule 30(b)(6) Notice.  In fact, Aventis did not identify a full range of designees until the date it responded to Plaintiffs' Motion to Compel.  *See* letter from Aventis dated June 24, 2005, attached as Exhibit A.

The designees Aventis did produce were strikingly uninformed and unknowledgeable. Each of the designees produced, Clare Brunken, John Cervione, Herve Gisserot and Herve Hoppenot, admitted they did no investigation or research to prepare for their depositions, *see* transcript cites attached as Exhibits B through E.  Thus, even though Ms. Brunken was offered as a designee for areas 1 through 6 of the Deposition Notice, including but not limited to pricing with regards to the drugs Anzemet, Taxotere and Lovenox, she had essentially no knowledge of questions relating to the pricing of these drugs.  *See* Brunken transcript at pages 19-20 and 24-25, attached as Exhibit F.

The most striking lack of knowledge came from Mr. Cervione, Aventis' former Director of Trade Relations.  Mr. Cervione previously filed an Affidavit in this litigation, and was offered as an Aventis designee to discuss the subject matter of this Affidavit, which includes Aventis' policies of reporting the AWP.  *See* Cervione Affidavit attached as Exhibit G.  However, at his deposition, Mr. Cervione testified that he had no personal knowledge of the subject matter of his

Affidavit. Essentially, he relied on statements from his subordinates and simply signed the
Affidavit counsel put in front of him.

When Mr. Cervione, the person Aventis designated as the person most knowledgeable on
reporting AWP, was asked specifically who would know about an Aventis policy change in
2001, where Aventis announced it would no longer report an AWP, he said Pauline Chrenko
would know. So Plaintiffs deposed Ms. Chrenko. When asked specifically if she knew about the
policy change, Ms. Chrenko said she did not. Thus Aventis' designee, Mr. Cervione, gave
inaccurate testimony which caused Plaintiffs to conduct an unnecessary deposition. See Chrenko
and Cervione Transcripts, attached as Exhibit H.

## III.   THE COURT HAS ALREADY REJECTED AVENTIS' POSITION

This Court has already rejected the idea that Local Rule 26.1 operates to limit each side to
ten depositions. At a hearing on September 19, 2005 the Court allowed Plaintiffs, over the
objections of defendant AstraZeneca, to conduct an additional 12 depositions related to
AstraZeneca, beyond the 25 depositions Plaintiffs had already taken. The Court considered the
necessity of the additional depositions Plaintiffs were seeking. *See* September 19, 2005 hearing
transcript, pp 1-21, attached as Exhibit I.

Similarly, Judge Saris, in her August 17, 2005 ruling on class certification, ordered
Plaintiffs to file a new complaint identifying additional plaintiffs and gave the defendants 30 days
to depose the new plaintiffs. Judge Saris' order does not limit the number of plaintiffs to be
added, nor restrict the defendants to conducting only ten depositions of such new plaintiffs. *In re
Pharmaceutical Industry Average Wholesale Price Litigation*, 230 F.R.D. 61, 96 (D.Mass. 2005).

## IV.   PLAINTIFFS' INTENDED FUTURE DISCOVERY AGAINST AVENTIS

Plaintiffs believe they can complete their discovery of Aventis by conducting no more
than 15 additional depositions beyond those already noticed, for a total of 26 individual

4

depositions, plus Rule 30(b)(6) designees.  A listing of some of the proposed additional deponents Plaintiffs believe are necessary is attached hereto as Exhibit J.  Plaintiffs also note that not all of the Rule 30(b)(6) designees have been deposed, including Dave Pickhardt, the former head of the Aventis Pricing Board and the director of Managed Care Marketing.  Thus Plaintiffs reserve the right to depose a few additional persons based on information learned from Mr. Pickhardt and other upcoming deponents.

Plaintiffs' counsel asked Aventis if it would agree to allow any depositions over the ten deposition limit.[4]  Aventis refused to consider any agreement to allow more than ten depositions. *See* Macoretta Declaration, attached.

## V.   THE PLAINTIFFS SHOULD BE ENTITLED TO CONDUCT ADDITIONAL DEPOSITIONS ABOVE THE TEN DEPOSITION LIMIT

Of course this Court has the power to allow depositions above the limits in Local Rule 26.1 and F.R.Civ.P. 30(a)(2)(A). Courts in the First Circuit have routinely allowed parties to exceed the ten-deposition limit in complex cases where multiple parties are involved. *See In re Relafen Antitrust Litigation*, 231 F.R.D. 52, 60-61 (D. Mass. 2005) (more than 50 depositions of fact witnesses were taken in addition to more than 25 expert witnesses), *In re Lupron Marketing and Sales Practices Litigation*, 228 F.R.D. 75, 98 (D. Mass. 2005) (26 depositions were taken, 50 authorized); *City of Springfield v. Rexnord Corp.*, 2003 WL 1622356, *5 (D. Mass. Mar. 28, 2003) ("dozens" of depositions were taken in the course of litigation); *In re Allied-Signal*, 891 F.2d 967, 969 (1st Cir. 1989) (2,200 depositions were taken).

The Federal Rules contain "numerous grants of authority that supplement the court's inherent power to manage litigation." *Manual For Complex Litigation, Fourth* § 10.1 (2004). Court's are cautioned that when "determining appropriate limits, the court will need to balance

---

[4] Aventis' Protective Order Motion does not include any Declaration of counsel for its various factual assertions (some of which are wrong) as required by Local Rule 7.1(b)(1). *See* Macoretta Declaration, attached

efficiency and economy against the parties' need to develop an adequate record for summary judgment or trial. This task further underlines the importance of clarifying and understanding the issues in the case **before** imposing limits." (Emphasis added)  *Manual For Complex Litigation, Fourth* § 11.422 (2004).

While the Plaintiffs do not believe it is procedurally necessary to do so, Plaintiffs designate this Response as a Cross-Motion to exceed the 10 deposition limit of Local Rule 26.1. Plaintiffs have set forth above the additional depositions they intend to take from Aventis and why such additional depositions are necessary.  Given the complexity of this litigation, the additional depositions Plaintiffs seek are more than reasonable.[5]

## VI.    CONCLUSION

For all of the reasons set forth above, Plaintiffs should be entitled to conduct additional discovery against Aventis, above the ten deposition limit of the Local Rules.  Therefore Aventis' motion for a protective order limiting discovery should be, in all things, denied.

Dated:        November 2, 2005

John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103

---

[5] In considering a party's request for leave to take more than ten depositions, the court must examine the party's request, considering the need for additional discovery in light of the principles of Fed.R.Civ.P. 26(b)(2), *Whittingham v. Amherst College*, 163 F.R.D. 170, 171 (D. Mass. 1995).  Specifically, the court must consider whether (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive; (ii) the party seeking discovery has ample opportunity to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the party's resources, and the importance of the proposed discovery in resolving the issues. *Id.*

Tom Sobol
Edward Notargiacomo
Hagens Berman Sobol Shapiro
One Main Street, 4th Floor
Cambridge, MA 02110

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Samuel Heins
Brian Williams
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL 60602

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY | ) | |
| AVERAGE WHOLESALE PRICE | ) | MDL No. 1456 |
| LITIGATION | ) | |
| —————————————————— | ) | |
| | ) | CIVIL ACTION 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO | ) | |
| ALL ACTIONS | ) | Judge Patti B. Saris |
| —————————————————— | ) | |

## DECLARATION OF JOHN MACORETTA

1.      I am a partner at the law firm of Spector, Roseman & Kodroff, in Philadelphia, PA, representing the Plaintiffs.

2.      Prior to the filing of Aventis' Motion for Protective Order, I did engage in a meet-and-confer conference with opposing counsel, Michael DeMarco, and others.  The statements attributed to me on page 5 of Aventis' Motion for Protective Order, which contains no accompanying Certification of counsel, are inaccurate.  During the conference I expressed the position that Plaintiffs believed they could complete discovery against Aventis by conducting an additional 12 to 15 depositions beyond those already noticed.  I  identified some of the deponents by name and others by job description or category.

3.      During that conference I asked Aventis' counsel if they would consent to an Order allowing Plaintiffs to conduct any depositions above the 10 deposition limit.  Counsel indicated they would not agree to any more than 10 depositions.

4.      At no point during the meet-and-confer conference did I express frustration that Aventis' witnesses did not testify the way Plaintiffs wanted them to.  Such is not the case.  Plaintiffs counsel's frustration is rather that the witnesses produced by Aventis were patently unknowledgeable regarding the subject matters they had been designated for.  In other situations, Aventis' witnesses have suspiciously claimed not to remember important issues regarding the facts of this litigation.

5.      Attached hereto as Exhibit "A " is a true and correct copy of James P.

Muehlberger's letter dated June 24, 2005 regarding Aventis designees.

5.     Attached hereto as Exhibit "B " is a true and correct copy of Claire Brunken's deposition testimony.

6.     Attached hereto as Exhibit "C" is a true and correct copy of John Cervione's deposition testimony.

7.     Attached hereto as Exhibit "D" is a true and correct copy of Herve Gisserot's deposition testimony.

8.     Attached hereto as Exhibit "E" is a true and correct copy of Herve Hoppenot's deposition testimony.

9.     Attached hereto as Exhibit "F" is a true and correct copy of Claire Brunken's deposition testimony.

10.     Attached hereto as Exhibit "G " is a true and correct copy of John Cervione's Affidavit.

11.     Attached hereto as Exhibit "H" is a true and correct copy of John Cervione and Pauline Chrenko's deposition testimony.

12.     Attached hereto as Exhibit "I " is a true and correct copy of the September 19, 2005 hearing transcript.

Dated:  November 2, 2005

_____
John A. Macoretta

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2005, I served true and correct copies of the foregoing Plaintiffs' Response to Aventis' Motion For Protective Order and Cross-Motion to Conduct More Than Ten Depositions on all counsel of record via Verilaw.

John Macoretta

G:\CLIENTS\AWP Omnibus\Aventis\Pleadings\Pltf Resp to Aventis MFPO.wpd