UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO ) <br> ALL ACTIONS ) <br> _____ ) | MDL No. 1456 <br><br> CIVIL ACTION 01-CV-12257-PBS <br><br> Judge Patti B. Saris |

## AMENDED DECLARATION OF PATRICK HOWARD

1.  I am an associate at the law firm of Spector, Roseman and Kodroff, in Philadelphia, PA, representing the Plaintiffs.

2.  On October 20, 2005, I attended the deposition of former Aventis employee, Michael J. Leach in Kansas City, MO.

3.  At the conclusion of Mr. Leach's deposition, after a discussion of both the parallel Connecticut and MDL AWP litigation and Aventis' pending protective order motion, Aventis' counsel agreed to produce former Aventis employee G.R. Green on November 11, 2005, at the offices of Shook, Hardy and Bacon, L.L.P. in Washington, D.C. I inquired as to whether Mr. Green's deposition should be delayed until after a ruling on Aventis' pending motion. Michael Koon, Esquire, from Shook, Hardy stated that "Aventis would produce Mr. Green only once [in this litigation]." In light of the two deposition notices (MDL and State of Connecticut) issued for Mr. Green, I accepted the November 11, 2005, date understanding that his testimony would be used in both actions, as is the case with all depositions, in light of Aventis' unwillingness to reproduce Mr. Green.

4. On October 21, 2005, by way of electronic correspondence to Aventis' counsel, I confirmed the date, time and location of Mr. Green's deposition. (A true and correct copy of the October 21, 2005, email attached as Exhibit 3). Aventis' counsel did not object to the confirmation, nor did he reference the pending protective order motion, or limit the utility of Mr. Green's testimony only to the Connecticut litigation.

5. Following the issuance of deposition notices for Aventis employee John DuPont in both the MDL and State of Connecticut action, I inquired as to the status of its scheduling on October 26, 2005, as it was not discussed following Mr. Leach's deposition on October 20, 2005. (A true and correct copy of the October 26, 2005, email is attached as Exhibit 4).

6. On October 26, 2005, Aventis' counsel responded by offering alternative dates for Mr. DuPont's deposition. Aventis' counsel referenced a delinquent document production of Mr. DuPont's electronic files as the reason for the alternate dates. At no time did Aventis' counsel object to my request, reference the pending protective order motion, or limit the utility of Mr. DuPont's testimony to the Connecticut litigation.

7. On October 26, 2005, I confirmed with Aventis' counsel the date, time and location of Mr. DuPont's deposition as November 21, 2005, 10:00 a.m. in New York City.

8. Attached as Exhibit 1 is a true and correct of pages 1-21 of the transcript of the September 19, 2005, motion hearing before Magistrate Judge Bowler.

9. Attached as Exhibit 2 is a true and correct of CMO 10.

I declare under penalty of perjury that the foregoing is true and correct.

November 2, 2005

_____
PATRICK HOWARD