UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------x
                                    )
IN RE: PHARMACEUTICAL INDUSTRY      )
AVERAGE WHOLESALE PRICE             )   MDL No. 1456
LITIGATION                          )   Civil Action No. 01-CV-12257-PBS
                                    )
                                    )
------------------------------------x
                                    )
THIS DOCUMENT RELATES TO:           )   Hon. Patti B. Saris
International Union of Operating Engineers, )
Local No. 68 Welfare Fund v. AstraZeneca PLC )
et al. Civil Action No. 04-11503-PBS )
                                    )
------------------------------------x

## DEFENDANT ASTRAZENECA'S CONSENT TO REQUEST BY DEFENDANT DR. STANLEY C. HOPKINS AND HIS COUNSEL THAT THEIR MOTION TO QUASH BE DECIDED ON THE PAPERS OR, IN THE ALTERNATIVE, CONTINUED

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully submits its Consent to Request by Dr. Stanley C. Hopkins and His Counsel That Their Motion to Quash be Decided on the Papers or, in the Alternative, Continued.

### ASTRAZENECA'S POSITION

Because the filing made yesterday by counsel for Dr. Hopkins may have left the misimpression that counsel for AstraZeneca was not responsive to Dr. Hopkins' and his counsel's request for an accommodation with respect to their pending motion to quash, AstraZeneca submits this filing both to clarify the record and correct any misimpression, as well as to inform the Court that it consents to having the pending motion to quash decided on the papers or, in the alternative, continued, if the Court prefers.

Accordingly, AstraZeneca respectfully informs the Court that it consents to having Dr. Hopkins' motion to quash decided on the papers or, in the alternative, for the hearing on this motion to be continued in order to accommodate counsel for Dr. Hopkins. AstraZeneca submits that its opposition fully demonstrates why Dr. Hopkins' motion to quash should be denied and why the discovery authorized by the Court in its August 19 Order on the issue of fraudulent joinder should not be permitted to be scuttled by improper and unsupported assertions of a purported "settlement privilege" pursuant to Rule 408 of the Federal Rules of Evidence.  See Memorandum of Law in Opposition to Defendant Dr. Stanley C. Hopkins' Motion to Quash, dated October 11, 2005 (collecting numerous authorities holding that Rule 408 of the Rules of Evidence does not bar the discovery being sought in this matter and arguing, *a fortiori*, that the discovery sought should not be quashed in light of the Court's prior order authorizing discovery on the issue of fraudulent joinder).

In order to clarify the record and correct any misimpression left by yesterday's filing by Dr. Hopkins and his counsel, set forth below is the factual background associated with Dr. Hopkins' and his counsel's recent request to have their motion to quash decided on the papers or, in the alternative, continued.

## FACTUAL BACKGROUND

Judge Saris' August 19, 2005 Memorandum and Order ("August 19 Order") explicitly authorized AstraZeneca to take discovery on the issue of fraudulent joinder. Pursuant to the August 19 Order, on September 16, 2005, AstraZeneca served document requests on defendant Dr. Stanley C. Hopkins and a subpoena for documents and testimony on his counsel, Mr. Jack Fernandez.

On September 27, 2005, Dr. Hopkins and his counsel filed a motion to quash the document requests and subpoena on the ground that discovery of communications between counsel for plaintiff and counsel for Dr. Hopkins and the circumstances surrounding Dr. Hopkins' joinder in the action and his position on removal are forbidden by a so-called "settlement privilege" embedded in Rule 408 of the Federal Rules of Evidence. AstraZeneca filed its Memorandum of Law in Opposition to Defendant Dr. Stanley C. Hopkins' Motion to Quash on October 11, 2005.

On Tuesday afternoon of this week – November 1 – counsel for AstraZeneca and counsel for Dr. Hopkins engaged in discussions in an attempt to resolve the pending motion to quash. Counsel for Dr. Hopkins informed counsel for AstraZeneca that a hearing on the motion had been set and that it would be burdensome and difficult for counsel for Dr. Hopkins to attend the hearing in person. Mr. Fernandez requested that counsel for AstraZeneca consent to having the motion to quash decided on the papers or, in the alternative, continued. Counsel for AstraZeneca responded that he was amenable to such a request, but that he needed to check with others and that he would get back to counsel for Dr. Hopkins on his request the next day.

Yesterday morning – November 2 – counsel for AstraZeneca informed counsel for Dr. Hopkins that he was available to discuss the issue further at 2:30 that afternoon. At approximately 2:15 yesterday afternoon, counsel for AstraZeneca received an e-mail from counsel for Dr. Hopkins indicating that he had filed a motion requesting that the motion to quash be heard on the papers or, in the alternative, continued, and that he indicated in the motion that counsel for AstraZeneca had not yet responded to his request

3

for consent that the motion to quash be heard on the papers or, in the alternative, continued.

Counsel for AstraZeneca immediately called Mr. Fernandez to inquire as to why he had filed the motion prior to hearing back from counsel for AstraZeneca and informed Mr. Fernandez, as he had previously foreshadowed, that AstraZeneca would consent to having the motion to quash decided on the papers or, in the alternative, for the hearing to be continued to accommodate the scheduling concerns of Mr. Fernandez. Counsel for Dr. Hopkins indicated that he felt the need to get something on file in light of his scheduling difficulties.

Respectfully Submitted,                By:   /s/ Lucy Fowler

DATED:   November 3, 2005              Nicholas C. Theodorou (BBO # 496730)
                                       Lucy Fowler (BBO# 647929)
                                       FOLEY HOAG LLP
                                       155 Seaport Boulevard
                                       Boston, MA  02110

                                       D. Scott Wise
                                       Michael Flynn
                                       Kimberley Harris
                                       DAVIS POLK & WARDWELL
                                       450 Lexington Avenue
                                       New York, NY  10017

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on November 3, 2005, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                              /s/ Lucy Fowler
                                              Lucy Fowler