# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

## ANSWER OF BRISTOL-MYERS SQUIBB COMPANY, ONCOLOGY THERAPEUTICS NETWORK CORPORATION AND APOTHECON, INC. TO PLAINTIFFS' THIRD AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT

Defendants Bristol-Myers Squibb Company ("Bristol-Myers"), Oncology Therapeutics Network Corporation ("OTN"), and Apothecon, Inc. ("Apothecon") (Bristol-Myers, OTN and Apothecon are collectively referred to herein as the "BMS Group"),[1] respond to Plaintiffs' Third Amended Master Consolidated Class Action Complaint Amended to Comply With Court's Class Certification Order (the "TAMCC"), served via Lexis Nexis File and Serve on October 17, 2005, as follows:

### Preliminary Statement

The TAMCC improperly refers to Bristol-Myers, OTN, and Apothecon, other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Bristol-Myers, OTN and/or Apothecon. This is insufficient to apprise BMS Group (let

---

[1] In this Answer, Bristol-Myers, OTN and Apothecon follow the convention of the TAMCC by referring to themselves collectively as the "BMS Group." By following the TAMCC in this manner, none of these Defendants concedes or admits that it is properly defined as a "Group" for any other purpose.

alone each separate entity) of the allegations asserted against it. BMS Group has nevertheless attempted to respond to Plaintiffs' allegations to the extent possible.

To the extent the TAMCC's allegations refer to the knowledge, conduct or actions of other persons or entities, BMS Group is generally without knowledge or information sufficient to form a belief as to the truth of those allegations. BMS Group states that it is answering Plaintiffs' allegations solely on behalf of itself, even when Plaintiffs' allegations refer to alleged conduct by BMS Group and other persons or entities.

The TAMCC also contains purported quotations from a number of sources, many of which are unidentified. In answering allegations consisting of quotations, a failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or a reference to the full document shall not constitute an admission that the substantive content of the quote or document is or is not true or that the material is relevant or admissible in this action.

BMS Group denies each and every allegation contained in the TAMCC, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculation contained in any averment or in the TAMCC as a whole. Moreover, BMS Group specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered paragraphs in the TAMCC.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

2

## Specific Responses

1.     BMS Group admits that Plaintiffs seek to bring this action as alleged in Paragraph 1 of the TAMCC.  BMS Group denies that Plaintiffs are entitled to maintain this action in the manner alleged.

2.     BMS Group denies the allegations in Paragraph 2 of the TAMCC.

3.     BMS Group denies the allegations in Paragraph 3 of the TAMCC, except admits that it reports certain pricing information for its medicines to pharmaceutical industry pricing publications and that Congress mandated until 2005 that Medicare Part B reimbursements be based, in part, upon AWP.

4.     BMS Group denies the allegations in Paragraph 4 of the TAMCC, except admits that until 2005, Congress mandated that Medicare Part B reimbursements be based, in part, upon AWP, and further admits that Medicare Part B medicines are generally, but not always, administered in a healthcare provider's office.

5.     BMS Group denies the allegations in Paragraph 5 of the TAMCC, except admits that AWP (often less a negotiated percentage discount) is sometimes used as a basis for reimbursement in transactions outside the Medicare Part B context.

6.     BMS Group denies the allegations in Paragraph 6 of the TAMCC, except admits that Plaintiffs purport to bring this action as alleged in Paragraph 6 of the TAMCC, but BMS Group further denies that Plaintiffs are entitled to maintain this action in the manner alleged.

7.     BMS Group denies the allegations in Paragraph 7 of the TAMCC.

8.     BMS Group admits that Plaintiffs have filed attachments to the TAMCC as alleged in Paragraph 8 of the TAMCC.  BMS Group is without knowledge or information

3

sufficient to form a belief as to the truth of the allegations in the attachments.  BMS Group denies the remaining allegations in Paragraph 8 of the TAMCC.

9-11.     The allegations in Paragraphs 9 through 11 of the TAMCC state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraphs 9 through 11 of the TAMCC.

12.     BMS Group admits the allegations in Paragraph 12 of the TAMCC.

13-54.     BMS denies that Plaintiffs have named proper class representatives.  BMS Group is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 13 through 54 of the TAMCC.

55-59.     BMS Group admits that Plaintiffs VPIRG, WCA, StateWide, CANY and CCJ purport to bring this action as alleged in Paragraphs 55 through 59 of the TAMCC, but BMS Group denies that these Plaintiffs have standing to bring the alleged action.  BMS Group is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 55 through 59 of the TAMCC.

60-61.     BMS Group denies the allegations in Paragraphs 60 through 61 of the TAMCC that pertain to it.  BMS Group denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraph 61 of the TAMCC.  To the extent the allegations in Paragraphs 60 through 61 of the TAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

62-93.     The allegations in Paragraphs 62 through 93 of the TAMCC are directed to other defendants and require no response from BMS Group.  To the extent the allegations in

4

Paragraphs 62 through 93 of the TAMCC are deemed to include allegations against BMS Group, they are denied.

94.     Bristol-Myers admits that it is a Delaware corporation with its principal place of business located at 345 Park Avenue, New York, New York.  Bristol-Myers admits it has offices, facilities and businesses both inside and outside the United States and that it is involved in the manufacturing, marketing and sale of pharmaceuticals and health care products.  Bristol-Myers denies the remaining allegations in Paragraph 94 of the TAMCC and refers to its SEC filings for its financial information.

95.     OTN admits that it is a Delaware corporation with its principal place of business located at 395 Oyster Point Boulevard, Suite 405, South San Francisco, California.  OTN admits that it was a wholly-owned subsidiary of Bristol-Myers from 1996 to on or about May, 2005.  OTN denies the remaining allegations in Paragraph 95 of the TAMCC.

96.     Bristol-Myers and OTN deny the allegations in Paragraph 96 of the TAMCC, except OTN admits that it is a health care services and distribution firm that sells, among other things, Bristol-Myers' infusion oncology drugs and related products to office-based oncology practices in the United States; OTN admits that at the time of its acquisition by Bristol-Myers, it was a leading distributor of chemotherapeutic drugs and related products for the treatment of oncology; Bristol-Myers admits that it marketed and sold its drugs directly to medical providers both prior to and after its acquisition of OTN; Bristol-Myers and OTN admit they each employ and maintain marketing and sales departments; and Bristol-Myers admits that it has paid sales commissions to OTN.

97.     Apothecon denies the allegations in Paragraph 97 of the TAMCC, except Apothecon admits that it is a Delaware corporation and that it is a subsidiary of Bristol-Myers.

5

98.     The allegations in Paragraph 98 of the TAMCC state a conclusion to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 98 of the TAMCC.

99.     BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the TAMCC, except that Bristol-Myers admits that it manufactures or formerly manufactured Blenoxane®, Paraplatin®, Cytoxan®, Rubex®, Etopophos®, Vepesid®, Taxol® and Fungizone®, which are covered by Medicare Part B; OTN admits that it distributes or formerly distributed these drugs; and Apothecon admits that it formerly manufactured and distributed Fungizone®.

100.    BMS Group admits that it is a participant in Together Rx LLC ("Together Rx"), but denies that BMS Group is part of any conspiracy.  BMS Group denies the remaining allegations in Paragraph 100 of the TAMCC.

101.    BMS Group denies the allegations in Paragraph 101 of the TAMCC.

102-147.       The allegations in Paragraphs 102 through 147 of the TAMCC are directed to other defendants and require no response from BMS Group.  To the extent the allegations in Paragraphs 102 through 147 of the TAMCC are deemed to include allegations against BMS Group, they are denied.

148.    The allegations in Paragraph 148 of the TAMCC state a legal conclusion to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 148 of the TAMCC.

149.    BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the TAMCC, except admits that prescription

6

drugs are dispensed to patients by different types of medical providers, including physicians and retail pharmacies.

150.    BMS Group denies the allegations in Paragraphs 150 of the TAMCC, except admits that Congress and CMS prior to 2005 have mandated that Medicare Part B reimbursements be based, in part, upon AWP, and that AWP is used outside the Medicare Part B context.

151-152.    BMS Group denies the allegations in Paragraphs 151 through 152 of the TAMCC, except admits that pharmaceutical industry pricing publications periodically report AWPs for prescription medicines sold in the United States.  BMS Group states that the 1999 edition of the *Red Book* and the June 1996 Dow Jones News article cited in Paragraph 152 of the TAMCC speak for themselves and are the best evidence of their contents.

153-157.    BMS Group denies the allegations in Paragraphs 153 through 157 of the TAMCC.

158-160.    BMS Group admits the allegations in Paragraphs 158 through 160 of the TAMCC.

161.    BMS Group denies the allegations in Paragraph 161 of the TAMCC, except admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth in 42 C.F.R. § 405.517, which speaks for itself and is the best evidence of its contents.

162-163.    BMS Group denies the allegations in Paragraphs 162 through 163 of the TAMCC, except states that it is without knowledge or information sufficient to form a belief as to Medicare's "historical" use of AWPs in the "Red Book or other compendia . . . as a ceiling for . . . reimbursement;" states that 42 C.F.R. § 405.517 speaks for itself and is the best evidence of

\\NY - 58559/0059 - 917903 v1

its contents; and admits that the estimated acquisition cost for a drug could be determined by the Medicare Program based on surveys.

164.    BMS Group denies the allegations in Paragraph 164 of the TAMCC, except admits that the Medicare Program has on occasion publicly announced that it would use some form of the AWP published in pharmaceutical industry pricing publications as a basis for reimbursement and states that Program Memo AB-99-63 cited in Paragraph 164 of the TAMCC speaks for itself and is the best evidence of its contents.

165.    BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and states that Program Memo AB-99-63 cited in Paragraph 165 of the TAMCC speaks for itself and is the best evidence of its contents.

166-167.    BMS Group admits the allegations in Paragraphs 166 through 167 of the TAMCC, except denies it has knowledge or information sufficient to form a belief as to the extent to which Medicare Part B beneficiaries or the insurers actually make the co-payments.

168.    BMS Group denies the allegations in Paragraph 168 of the TAMCC, including the allegations that it generates AWPs and/or that it sends AWPs to any independent publishing companies. BMS Group admits that it sends certain other pricing information to independent publishing companies and that it does not report AWPs directly to the federal government. BMS Group admits upon information and belief that there are no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs.

169-170.    BMS Group denies that Plaintiffs have accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such is applicable to BMS Group,

8

and states that the April 2003 OIG report cited in Paragraphs 169 through 170 of the TAMCC speaks for itself and is the best evidence of its contents.

171.   BMS Group denies the allegations in Paragraph 171 of the TAMCC, except admits that the governmental agencies listed in Paragraph 171 the TAMCC have conducted investigations concerning pricing in the pharmaceutical industry.  To the extent the allegations in Paragraph 171 of the TAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

172-173.   BMS Group denies the existence of, and its participation in, any "scheme" cited in Paragraph 172 of the TAMCC.  BMS Group states that the September 28, 2000 letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 172 through 173 of the TAMCC speaks for itself and is the best evidence of its contents.  BMS Group denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to BMS Group.

174.   Upon information and belief, BMS Group admits the allegations of Paragraph 174 of the TAMCC.

175.   BMS Group denies the allegations in Paragraph 175 of the TAMCC, and specifically denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 175 of the TAMCC.

176.   BMS denies the allegations of Paragraph 176 of the TAMCC as to BMS Group and states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations as they pertain to other defendants.

9

177-200.    BMS Group denies the allegations in Paragraphs 177 through 200 of the TAMCC, except admits that, from time to time, it has provided free samples of certain of its drugs to medical providers in a lawful manner.  To the extent the allegations in Paragraphs 177 through 200 of the TAMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  BMS Group states that the March 30, 2003 Wall Street Journal article cited in Paragraph 194 of the TAMCC speaks for itself and is the best evidence of its contents.

201.    BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 of the TAMCC.

202-207.    BMS Group denies the allegations of Paragraphs 202 through 207 as they pertain to it and, to the extent the allegations in Paragraphs 202 through 207 of the TAMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  BMS Group states that the *Red Book* and the unidentified DOJ report cited in Paragraph 203 of the TAMCC and the pleadings cited in Paragraphs 205 through 206 of the TAMCC and subparts speak for themselves and are the best evidence of their contents.

208.    BMS Group denies the allegations in Paragraph 208 of the TAMCC, except admits that certain price discounts it gives to customers are confidential competitive information and states the 2003 CMS document cited in Paragraph 208 of the TAMCC speaks for itself and is the best evidence of its contents.

209-212.    BMS Group denies the allegations in Paragraphs 209 through 212 of the TAMCC.

10

213.   BMS Group denies the allegations in Paragraph 213 of the TAMCC and specifically denies that Plaintiffs lacked inquiry or other notice of the issues.  BMS Group states, to the contrary, that such issues were well known long before Plaintiffs elected to bring this lawsuit.

214-215.   The allegations in Paragraphs 214 through 215 of the TAMCC state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraphs 214 through 215 of the TAMCC.

216.   BMS Group denies the allegations in Paragraph 216 of the TAMCC that pertain to it and, to the extent the allegations in Paragraph 216 of the TAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

217-342.   The allegations in Paragraphs 217 through 342 of the TAMCC are directed to other defendants and require no response from BMS Group.  To the extent allegations in Paragraphs 217 through 342 of the TAMCC are deemed to include allegations against BMS Group, they are denied.

343.   BMS Group denies the allegations in Paragraph 343 of the TAMCC and states that specific drugs as to which Plaintiffs seek relief are selected by Plaintiffs and do not require a response from BMS Group; to the extent that such a response is required, BMS Group denies that Plaintiffs are entitled to a judgment or any relief.

344.   BMS Group denies the allegations in Paragraph 344 of the TAMCC, except admits that the governmental agencies listed in Paragraph 344 of the TAMCC have conducted investigations concerning pricing in the pharmaceutical industry.

345.    The allegations in Paragraph 345 of the TAMCC state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 345 of the TAMCC and states that the February 27, 2001 letter from Representative Stark to BMS Group cited in Paragraph 345 of the TAMCC speaks for itself and is the best evidence of its contents.

346.    BMS Group denies the allegations in Paragraph 346 of the TAMCC and states that the February 27, 2001 letter from Representative Stark to BMS Group cited in Paragraph 346 of the TAMCC speaks for itself and is the best evidence of its contents.

347.    BMS Group denies the allegations in Paragraph 347 of the TAMCC, except admits that it communicated with industry compendia concerning certain prices of its products during the Class Period.  BMS Group further states that the document written by Denise Kaszuba cited in Paragraph 347 speaks for itself and is the best evidence of its contents.  BMS Group denies the conclusion that Plaintiffs draw from this document.

348.    BMS Group denies the allegations in Paragraph 348 of the TAMCC, except states that the BMS Group document (BMSAWP/0011246) cited in Paragraph 348 speaks for itself and is the best evidence of its contents.  BMS Group denies the conclusion that Plaintiffs draw from this document.

349.    BMS Group denies the allegations in Paragraph 349 of the TAMCC that pertain to it and, to the extent the allegations in Paragraph 349 of the TAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations. BMS Group states that the BMS Group document (BMS3CA/000128) cited in Paragraph 349 of

12

the TAMCC speaks for itself and is the best evidence of its contents.  BMS Group denies the conclusion that Plaintiffs draw from this document.

350.   BMS Group denies the allegations in Paragraph 350 of the TAMCC, except admits that it was sometimes aware of and noted the AWPs of its competitors' drugs.  BMS Group notes that the document number cited in Paragraph 350 of the TAMCC does not contain the quoted language.

351.   BMS Group denies the allegations in Paragraph 351 of the TAMCC that pertain to it and states that the BMS Group document cited in Paragraph 351 of the TAMCC speaks for itself and is the best evidence of its contents.  BMS Group denies the conclusion that Plaintiffs draw from the alleged quotation from this document.

352.   BMS Group denies the allegations in Paragraph 352 of the TAMCC and, to the extent the allegations in Paragraph 352 of the TAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  BMS Group states that the 2001 *Red Book* and the unidentified DHHS report cited in Paragraph 352 of the TAMCC speak for themselves and are the best evidence of their contents.  BMS Group denies the conclusions that Plaintiffs draw from these documents.

353.   BMS Group denies the allegations in Paragraph 353 of the TAMCC.

354.   BMS Group denies the allegations in Paragraph 354 of the TAMCC and states that the quotation from the February 27, 2001 letter from Representative Stark to BMS Group cited in Paragraph 354 of the TAMCC speaks for itself and is the best evidence of its contents.  BMS Group denies the conclusion that Plaintiffs draw from the alleged quotation from this document.

355.    BMS Group denies the allegations of Paragraph 355 and states that the documents referred to in Paragraph 355 of the TAMCC speak for themselves and are the best evidence of their contents.  BMS Group is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 355 of the TAMCC.

356.    BMS Group denies the allegations in Paragraph 356 of the TAMCC and states that the unidentified documents referred to in Paragraph 356 of the TAMCC speak for themselves and are the best evidence of their contents.

357.    BMS Group denies the allegations in Paragraph 357 of the TAMCC.

358.    BMS Group denies the allegations in Paragraph 358 of the TAMCC and states that the DHHS report cited in Paragraph 358 of the TAMCC speaks for itself and is the best evidence of its contents.

359.    BMS Group denies the allegations in Paragraph 359 of the TAMCC and states that the 2001 *Red Book* and the unidentified DOJ documents cited in Paragraph 359 of the TAMCC speak for themselves and are the best evidence of their contents.  BMS Group denies the conclusion that Plaintiffs draw from these documents.

360.    Bristol-Myers denies the allegations in Paragraph 360 of the TAMCC, except admits that it manufactured drugs called Paraplatin®, Rubex® and Taxol®.  BMS Group states that the 1997 OIG report and the revenue figures cited in Paragraph 360 of the TAMCC speak for themselves and are the best evidence of their contents.

361.    The allegations in Paragraph 361 of the TAMCC and its subparts state a legal conclusion to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 361 of the TAMCC.

14

362.    BMS Group denies the allegations in Paragraph 362 of the TAMCC, except states that the BMS Group document cited in Paragraph 362 of the TAMCC speaks for itself and is the best evidence of its contents.

363.    BMS Group denies the allegations in Paragraph 363 of the TAMCC and, to the extent the allegations in Paragraph 363 of the TAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  BMS Group states that the documents referred to in Paragraph 363 of the TAMCC speak for themselves and are the best evidence of their contents.  BMS Group denies the conclusions that Plaintiffs draw from these documents.

364.    BMS Group denies the allegations in Paragraph 364 of the TAMCC, except admits that the pharmaceutical industry pricing publications publish AWPs of its drugs.  BMS Group states that the document referred to in Paragraph 364 of the TAMCC speaks for itself and is the best evidence of its contents.  BMS Group denies the conclusion that Plaintiffs draw from this document.

365-551.    The allegations in Paragraphs 365 through 551 of the TAMCC are directed to other defendants and require no response from BMS Group.  To the extent allegations in Paragraphs 365 through 551 of the TAMCC are deemed to include allegations against BMS Group, they are denied.

552.    BMS Group denies the allegations in Paragraph 552 of the TAMCC.

15

553-558.    BMS Group admits that Plaintiffs purport to bring this action as alleged in Paragraphs 553 through 558 of the TAMCC, but BMS Group denies that Plaintiffs are entitled to maintain this action in the manner alleged.   BMS Group denies that Plaintiffs or any putative class members have suffered damages as alleged in Paragraph 558 of the TAMCC.

559-562.    The allegations in Paragraphs 559 through 562 of the TAMCC and its subparts state legal conclusions to which no answer is required.   To the extent a response is required, BMS Group denies the allegations in Paragraphs 559 through 562 of the TAMCC. BMS Group denies, more specifically, that Plaintiffs have pled a proper class or named proper class representatives.  Further answering, BMS Group denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 562 of the TAMCC.

## COUNT I (RICO)

563-591.    The Court dismissed Count I in its Order dated February 25, 2004. Accordingly, BMS Group does not respond to Paragraphs 563 through 591 of the TAMCC.   To the extent a response is required, BMS Group denies all allegations contained within Count I of the TAMCC.

## COUNT II (RICO)

592.    Answering Paragraph 592 of the TAMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 591 of the TAMCC.

593.    BMS Group admits that Plaintiffs purport to bring this action and to seek relief under Count II of the TAMCC as alleged in Paragraph 593, but BMS Group denies that Plaintiffs are entitled to maintain this action as alleged or to any relief under Count II.  BMS Group denies the remaining allegations in Paragraph 593 of the TAMCC.

16

594. The allegations in Paragraph 594 of the TAMCC state a legal conclusion to which no answer is required. BMS Group denies, however, that Plaintiffs have pled a proper class.

595. BMS Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 595 of the TAMCC and subparts.

596-600. BMS Group denies the allegations in Paragraphs 596 through 600 of the TAMCC that pertain to it. To the extent the allegations in Paragraphs 596 through 600 of the TAMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations. BMS Group states that the unidentified "industry report" cited in Paragraph 600 of the TAMCC speaks for itself and is the best evidence of its contents. BMS Group denies that Plaintiffs have accurately characterized any alleged "industry report" finding, opinion, statement or conclusion.

601-605. BMS Group denies the allegations in Paragraphs 601 through 605 of the TAMCC that pertain to it. To the extent the allegations in Paragraphs 601 through 605 of the TAMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.

606. BMS Group denies the allegations in Paragraph 606 of the TAMCC that pertain to it. To the extent the allegations in Paragraphs 606 of the TAMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent the allegations in Paragraph 606 of the TAMCC state a legal conclusion, no response is required.

\\\NY - 58559/0059 - 917903 v1

607-623.     BMS Group denies the allegations in Paragraphs 607 through 623 of the TAMCC and its subparts that pertain to it.  To the extent the allegations in Paragraphs 607 through 623 of the TAMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the allegations in Paragraphs 607 through 623 of the TAMCC state a legal conclusion, no response is required.

624.     The allegations in Paragraph 624 of the TAMCC state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 624 of the TAMCC.

## COUNT III (DECLARATORY RELIEF)

625.     Answering Paragraph 625 of the TAMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 624 of the TAMCC.  BMS Group admits that Plaintiffs purport to bring this action and to seek relief under Count III of the TAMCC as alleged in Paragraph 625, but BMS Group denies that Plaintiffs are entitled to maintain this action as alleged or to any relief under Count III.  BMS Group denies the remaining allegations in Paragraph 625 of the TAMCC.

626.     The allegations in Paragraph 626 of the TAMCC state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies that Plaintiffs have standing to bring this action, and denies that an actual case and controversy exists.  BMS Group denies the remaining allegations in Paragraph 626 of the TAMCC.

627-628.     The allegations in Paragraphs 627 through 628 of the TAMCC state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraphs 627 through 628 of the TAMCC.

18

## COUNT IV (CONSUMER PROTECTION STATUTES)

629.    Answering Paragraph 629 of the TAMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 628 of the TAMCC. The allegations in Paragraph 629 of the TAMCC state legal conclusions to which no response is required. To the extent a response is required, BMS Group denies the allegations in Paragraph 629 of the TAMCC.

630.    BMS Group admits that Plaintiffs purport to bring this action and to seek relief under Count IV of the TAMCC as alleged in Paragraph 630, but BMS Group denies that Plaintiffs are entitled to maintain this action as alleged or to any relief under Count IV. BMS Group denies the remaining allegations in Paragraph 630 of the TAMCC.

631.    BMS Group denies the allegations in Paragraph 631 of the TAMCC, except Bristol-Myers admits that it is incorporated in Delaware; OTN admits that it is a Delaware corporation with its principal place of business in California; and Apothecon admits that it is incorporated in Delaware. BMS Group admits that certain states have enacted consumer protection laws, but BMS Group denies that it has violated such laws or that Plaintiffs or any putative class members are entitled to relief under such laws. To the extent the allegations in Paragraph 631 of the TAMCC state legal conclusions, no response is required.

632-636.    BMS Group denies the allegations in Paragraphs 632 through 636 of the TAMCC and subparts, and further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraphs 634 and 636 of the TAMCC. To the extent the allegations in Paragraphs 632 through 636 of the TAMCC state legal conclusions, no response is required.

## COUNT V (CONSUMER PROTECTION STATUTES – MEDICARE
### PART B CO-PAY SUB-CLASS)

637.    Answering Paragraph 637 of the TAMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 636 of the TAMCC.  The allegations in Paragraph 637 of the TAMCC state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 637 of the TAMCC.

638.    BMS Group admits that Plaintiffs purport to bring this action and to seek relief under Count V of the TAMCC as alleged in Paragraph 638, but BMS Group denies that Plaintiffs are entitled to maintain this action as alleged or to any relief under Count V.  BMS Group denies the remaining allegations in Paragraph 638 of the TAMCC.

639-640.    The allegations in Paragraphs 639 and 640 state legal conclusions as to which no answer is required.  To the extent a response is required, BMS Group denies the allegations in Paragraphs 639 and 640 of the TAMCC.  BMS Group denies, more specifically, that Plaintiffs have pled a proper class or named proper class representatives or that Plaintiffs are entitled to maintain this action as alleged or to any relief under Count V.  BMS Group is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraphs 639-640 of the TAMCC.

641.    BMS Group denies the allegations in Paragraph 641 of the TAMCC.

642.    BMS Group denies the allegations in Paragraph 642 of the TAMCC, except BMS Group admits that certain states have enacted consumer protection laws, but BMS Group denies that it has violated such laws or that Plaintiffs or any putative class members are entitled to relief under such laws.  To the extent the allegations in Paragraph 642 of the TAMCC state legal conclusions, no response is required.

20

643.    The allegations in Paragraph 643 of the TAMCC state legal conclusions as to which no answer is required.  To the extent a response is required, BMS Group states it is without knowledge or information sufficient to form a belief as to the truth of those allegations.

644.    BMS Group states it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 644 of the TAMCC.

### COUNT VI (CONSUMER PROTECTION STATUTES –MEDIGAP CLASS)

645.    Answering Paragraph 645 of the TAMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 644 of the TAMCC.  The allegations in Paragraph 645 of the TAMCC state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 645 of the TAMCC.

646.    BMS Group admits that Plaintiffs purport to bring this action and to seek relief under Count VI of the TAMCC as alleged in Paragraph 646.  BMS Group denies the remaining allegations of Paragraph 646.  BMS denies, more specifically, that Plaintiffs have pled a proper class or named proper class representatives or that Plaintiffs are entitled to maintain this action as alleged or to any relief under Count VI.  To the extent that the allegations in Paragraph 646 of the TAMCC state legal conclusions, no response is required.

647.    The allegations in Paragraph 647 of the TAMCC state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 647 of the TAMCC.

648.    BMS Group denies the allegations in Paragraph 648 of the TAMCC.

649.    BMS Group denies the allegations in Paragraph 649 of the TAMCC, except BMS Group admits that certain states have enacted consumer protection laws.  BMS Group denies that

21

it has violated such laws or that Plaintiffs or any putative class members are entitled to relief under such laws.  To the extent the allegations in Paragraph 649 of the TAMCC state legal conclusions, no response is required.

650.    The allegations in Paragraph 650 of the TAMCC state legal conclusions as to which no answer is required.  To the extent a response is required, BMS Group states it is without knowledge or information sufficient to form a belief as to the truth of those allegations.

651.    BMS Group states it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 651 of the TAMCC.

## COUNT VII (PHYSICIAN-ADMINISTERED CLASS)

652.    Answering Paragraph 652 of the TAMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 651 of the TAMCC.  The allegations in Paragraph 652 of the TAMCC state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraph 652 of the TAMCC.

653-656.    The allegations in Paragraphs 653 through 656 of the TAMCC state legal conclusions to which no response is required.  To the extent a response is required, BMS Group denies the allegations in Paragraphs 653-656 of the TAMCC.  BMS Group denies, more specifically, that Plaintiffs have pled a proper class or named proper class representatives.

657-658.    BMS Group denies the allegations in Paragraphs 657 through 658 of the TAMCC, except BMS Group admits that certain states have enacted consumer protection laws. BMS Group denies that it has violated such laws or that Plaintiffs or any putative class members are entitled to relief under such laws.  To the extent the allegations in Paragraphs 657 through 658 of the TAMCC state legal conclusions, no response is required.

22

659.    BMS Group denies the allegations in Paragraph 659 of the TAMCC.

**COUNT IX (CIVIL CONSPIRACY – PBMs)**

660.    Answering Paragraph 660 of the TAMCC, BMS Group realleges and incorporates its responses to the allegations in Paragraphs 1 through 659 of the TAMCC.

661.    BMS Group admits that Plaintiff CMHV purports to bring this action as alleged in Paragraph 661 of the TAMCC, but BMS Group denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  BMS Group is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 661 of the TAMCC.   To the extent the allegations in Paragraph 661 of the TAMCC state a legal conclusion, no response is required.

662.    BMS Group denies the allegations in Paragraph 662 and 662(g) of the TAMCC. To the extent the allegations in Paragraph 662 of the TAMCC refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.   To the extent the allegations in Paragraph 662 of the TAMCC state legal conclusions, no response is required.

663-665.    BMS Group denies the allegations in Paragraphs 663 through 665 of the TAMCC that pertain to it.  To the extent the allegations in Paragraphs 663 through 665 of the TAMCC and subparts refer to the knowledge, conduct or actions of persons or entities other than BMS Group, BMS Group is without knowledge or information sufficient to form a belief as to the truth of those allegations.  To the extent the allegations in Paragraphs 663 through 665 of the TAMCC state legal conclusions, no response is required.

666-667.    To the extent the allegations in Paragraphs 666 through 667 of the TAMCC state legal conclusions, no response is required.  BMS Group denies the remaining

23

allegations in Paragraphs 666 through 667 of the TAMCC.  Furthermore, BMS Group denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 667 of the TAMCC.

668.    In response to Part VIII of the Complaint, entitled "Prayer for Relief," BMS denies that Plaintiffs are entitled to any relief, including the relief requested therein.

## DEFENSES

Without assuming any burden of proof or burden of going forward not required by law, BMS Group alleges the following defenses:

### First Defense

Plaintiffs and the putative class fail to state a claim against BMS Group upon which relief may be granted.

### Second Defense

Plaintiffs and the putative class lack standing to bring their claims.

### Third Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Fourth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the filed rate doctrine.

### Fifth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the state action doctrine.

24

### Sixth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by BMS Group in judicial, legislative or administrative proceedings of any kind or at any level of government.

### Seventh Defense

Plaintiffs and the putative class' claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Eighth Defense

Plaintiffs' and the putative class' claims against BMS Group are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Ninth Defense

Any and all actions taken by BMS Group with respect to any of the matters alleged in the TAMCC were taken in good faith and in accordance with established industry practice.

### Tenth Defense

BMS Group's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

\\\NY - 58559/0059 - 917903 v1

**Eleventh Defense**

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against BMS Group, they are not entitled to such relief because they have an adequate remedy at law.

**Twelfth Defense**

Plaintiffs' and the putative class' claims against BMS Group for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

**Thirteenth Defense**

Plaintiffs' and the putative class' claims against BMS Group are barred, in whole or in part, due to their failure to join indispensable parties.

**Fourteenth Defense**

Plaintiffs' and the putative class' claims against BMS Group are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the TAMCC.

**Fifteenth Defense**

BMS Group adopts by reference any additional applicable defense pled by any other Defendant not otherwise pled herein.

\\\NY - 58559/0059 - 917903 v1

WHEREFORE, BMS Group prays that this Court:

1.    Dismiss the Third Amended Master Consolidated Class Action Complaint with prejudice and enter judgment in favor of BMS Group and against Plaintiffs;

2.    Award BMS Group its costs and expenses; and

3.    Grant such other and further relief for BMS Group as this Court deems just and proper.


Dated: November 3, 2005


_/s/ Thomas Dwyer_____
Thomas Dwyer, Esq.
DWYER & COLLORA, LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210-2211
(617) 371-1000

Steven M. Edwards, Esq. (admitted *pro hac vice*)
Lyndon M. Tretter, Esq. (admitted *pro hac vice)*
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York  10022
(212) 918-3000

*Attorneys for Defendants Bristol-Myers Squibb Company, Oncology Therapeutics Network Corporation, and Apothecon, Inc.*

\\\NY - 58559/0059 - 917903 v1

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2005, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Lexis Nexis File and Serve for posting and notification.

Jessica P. Feingold