UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

———————————————————————— x
                                    :

In Re:  PHARMACEUTICAL INDUSTRY    : MDL NO. 1456
AVERAGE WHOLESALE PRICE          :
LITIGATION                          : Master File No. 01-CV-12257-PBS
                                    :
THIS DOCUMENT RELATES TO:     : Judge Patti B. Saris
(All Class Actions)                     :
                                    :
———————————————————————— x

## ANSWER AND DEFENSES OF DEFENDANT ASTRAZENECA PHARMACEUTICALS LP TO THE THIRD AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT AMENDED TO COMPLY WITH THE COURT'S CLASS CERTIFICATION ORDER

       Defendant AstraZeneca Pharmaceuticals LP[1] ("AstraZeneca"), through its undersigned

counsel, answers the Third Amended Master Consolidated Class Action Complaint (the

"TAMCC") served via Lexis/Nexis® File & Serve on October 17, 2005 in the above-captioned

action as follows:

### I.  INTRODUCTION

       1.         Admits that Plaintiffs purport to bring this case as a class action as alleged in

paragraph 1, but denies that there exists any basis in fact or law for the institution or maintenance

of this action against AstraZeneca.

       2.         Denies the allegations in paragraph 2 to the extent that they are directed at

AstraZeneca, and specifically denies the existence of, and participation in, any "conspiracy" as

---

[1] Zeneca Inc., although named as a defendant, has never been served with any complaint.  The entity listed as AstraZeneca US does not exist.  Although AstraZeneca PLC is referenced in the TAMCC, it is not named as a defendant.

alleged in paragraph 2, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 as to the other parties.

3.        Admits that AstraZeneca manufactures certain drugs that are covered under Medicare Part B, and that Congress has mandated that Medicare Part B reimbursements be based, in part, on AWP.  AstraZeneca otherwise denies the allegations in paragraph 3 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 as to the other parties.

4.        Denies the allegations in paragraph 4 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 as to the other parties, except admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP, and further admits that drugs reimbursed under Medicare Part B generally, but not always, require administration in a healthcare provider's office.

5.        Denies the allegations in paragraph 5 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "AWP scheme" as alleged in paragraph 5, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 as to the other parties.

6.        Denies the allegations in paragraph 6 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 as to the other parties, except admits that Plaintiffs purport to bring this case as a class action, but denies that there exists any basis in fact or law for the institution or maintenance of this action.

2

7.        Denies the allegations in paragraph 7 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "high profit scheme" as alleged in paragraph 7, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 as to the other parties.

8.        Denies the allegations in paragraph 8 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 as to the other parties, except admits that Exhibit/Appendix A purports to be a list of the drugs that Plaintiffs allege are the subject of their asserted claims, and further admits that Appendix B purports to be a list of drugs allegedly purchased by the Plaintiffs.  However, AstraZeneca denies that any self-administered drugs listed in Appendices A and B are subject to class certification.  *See* Memorandum and Order Regarding Motion for Class Certification (Aug. 16, 2005).

## II.  JURISDICTION AND VENUE

9.        Denies that AstraZeneca has violated the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961-68, as alleged in paragraph 9, denies that there exists any basis in fact or law for the institution or maintenance of this action against AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 as to the other parties.  In addition, to the extent that paragraph 9 contains conclusions of law, AstraZeneca states that no response is required.

10.       Denies that AstraZeneca has violated any state law claims as alleged in paragraph 10, and denies that there exists any basis in fact or law for the institution or

maintenance of this action against AstraZeneca.  In addition, to the extent that paragraph 10

contains conclusions of law, AstraZeneca states that no response is required.

11.       Denies the allegations in paragraph 11 to the extent that they are directed at

AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 11 as to the other parties, except admits that Plaintiffs allege that

venue is proper in this judicial district.  Denies that there exists any basis in fact or law for the

institution or maintenance of this action against AstraZeneca.  In addition, to the extent that

paragraph 11 contains conclusions of law, AstraZeneca states that no response is required.

12.       Admits the allegations in paragraph 12.

### III.  PARTIES

**A.  Plaintiffs**

13.       Denies knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 13.

**1.  Proposed Class 1 Representatives (Medicare Part B Beneficiaries)**

14-20.       Admits that Plaintiffs have proposed the individuals listed in paragraphs 14-20

as purported class representatives (Medicare Part B beneficiaries), but denies knowledge or

information sufficient to form a belief as to the truth of the allegations with respect to actions or

conduct by such proposed class representatives in paragraphs 14-20.  To the extent that

paragraphs 14-20 assume allegations as to improper conduct by AstraZeneca, AstraZeneca

denies such allegations.  AstraZeneca also denies that this class can be properly certified as

alleged.  In addition, AstraZeneca denies that it manufactures dextrose injectable or

4

hydromorphone injectable, and further denies that any physician-administered drug other than

Zoladex (goserelin acetate) is at issue in this case.

### 2.  Proposed Class 2 Representatives (MediGap Payors)

21-25a.     Admits that Plaintiffs have proposed the individuals listed in paragraphs 21-

25a as purported class representatives (MediGap Payors), but denies knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraphs 21-25a.  AstraZeneca

also denies that this class can be properly certified as alleged.

### 3.  Proposed Class 3 Representatives (TPPs and Consumers for AWP-Based Charges on Physician Administered Drugs Outside of Medicare)

26-54.     Admits that Plaintiffs have proposed the individuals listed in paragraphs 26-54

as purported class representatives (TPPs and Consumers for AWP-Based Charges on Physician

Administered Drugs Outside of Medicare), but denies knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraphs 26-54.  AstraZeneca also denies that

this class can be properly certified as alleged.  In addition, AstraZeneca denies that tamoxifen is

a physician-administered drug.

### 4.  Public Interest Group Plaintiffs

55-59.     Admits that Plaintiffs VPIRG, WCA, StateWide, CANY and CCJ purport to

bring this action as alleged in paragraphs 55-59, but AstraZeneca denies that these Plaintiffs have

standing to bring the alleged action.  AstraZeneca is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in paragraphs 55-59.

**B. Defendants**

60-61.      Denies the allegations in paragraphs 60-61 to the extent they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 60-61 as to the other parties and entities.  AstraZeneca denies the existence of, and participation in, any "conspiracy" as alleged in paragraph 61.

**1.  Abbott**

62-63.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 62-63.

64.      Denies the allegations in paragraph 64 on the ground that there is no Together Rx conspiracy, and further states that no such claims are asserted in the TAMCC.

**2.  Amgen**

65-66.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 65-66.

**3.  AstraZeneca**

67.      Denies the allegations in paragraph 67, except admits that Zeneca Inc. is a Delaware corporation with its principal place of business located at 1800 Concord Pike, Wilmington, Delaware, and further admits that Zeneca Inc. is an indirect subsidiary of AstraZeneca PLC, a public limited liability company organized under the laws of England and Wales.

68.      Denies the allegations in paragraph 68.

69.        Denies the allegations in paragraph 69, except admits that AstraZeneca Pharmaceuticals LP is a Delaware corporation, with its principal place of business located at 1800 Concord Pike, Wilmington, Delaware, and further admits that AstraZeneca Pharmaceuticals LP is an indirect subsidiary of AstraZeneca PLC, a public limited liability company organized under the laws of England and Wales.

70.        Denies the allegation in paragraph 70, except admits that Plaintiffs purport to refer collectively to the entities listed as "AstraZeneca."

71.        Denies the allegations in paragraph 71, except admits that AstraZeneca maintains research and development and manufacturing facilities in the United States.

72.        Denies the allegations in paragraph 72, except admits that AstraZeneca markets Zoladex and Diprivan, which may, under certain circumstances, be reimbursable under Medicare Part B.

73.        Denies the allegations in paragraph 73 and further states that no Together Rx claims are asserted in the TAMCC.

**4.  The Aventis Group (Aventis, Pharma, Hoechst and Behring)**

74-78.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 74-78.

79.        Denies the allegations in paragraph 79 on the ground that that there is no Together Rx conspiracy, and further states that no such claims are asserted in the TAMCC.

### 5. Baxter

80-83.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 80-83.

### 6. Bayer

84-86.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 84-86.

### 7. The Boehringer Group (Boehringer, Ben Venue, Bedford)

87-90.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 87-90.

### 8. Braun

91-93.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 91-93.

### 9. The BMS Group (Oncology Therapeutics, Apothecon)

94-99.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 94-99.

100.      Denies the allegations in paragraph 100 on the ground that there is no Together Rx conspiracy, and further states that no such claims are asserted in the TAMCC.

101.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101.

**10. Dey, Inc.**

102-106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 102-106.

**11. The Fujisawa Group (Fujisawa Healthcare, Fujisawa USA)**

107-109.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 107-109.

**12. The GSK Group (GlaxoSmithKline, SmithKline Beecham, Glaxo Wellcome)**

110-115.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 110-115.

116.        Denies the allegations in paragraph 116 on the ground that there is no Together Rx conspiracy, and further states that no such claims are asserted in the TAMCC.

**13. Immunex**

117-119.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 117-119.

**14. The Johnson & Johnson Group (J&J, Centocor, Janssen, McNeil, Ortho)**

120-121.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 120-121.

122.        Denies the allegations in paragraph 122 to the extent they relate to a Together Rx conspiracy on the ground that there is no Together Rx conspiracy, and further states that no

such claims are asserted in the TAMCC.  As to all other allegations in paragraph 122, denies knowledge or information to form a belief as to the truth of the allegations.

123.     Denies the allegations in paragraph 123 to the extent they relate to a Together Rx conspiracy on the ground that there is no Together Rx conspiracy, and further states that no such claims are asserted in the TAMCC.  As to all other allegations in paragraph 123, denies knowledge or information to form a belief as to the truth of the allegations.

124-125.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 124-125.

**15. Pfizer, Inc.**

126-128.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 126-128.

**16. The Pharmacia Group (Pharmacia and Pharmacia & Upjohn)**

129-132.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 129-132.

**17. The Schering-Plough Group (Schering Plough & Warrick)**

133-136.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 133-136.

**18. The Sicor Group (Sicor and Gensia)**

137-141.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 137-141.

**19. TAP**

142-144.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 142-144.

145.      Denies the allegations in paragraph 145 on the ground that there is no Together Rx conspiracy, and further states that no such claims are asserted in the TAMCC.

**20. Watson**

146-147.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 146-147.

## IV.  GENERAL ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

148.      Denies the allegations in paragraph 148 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other parties.

149.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149, except admits that prescription drugs are dispensed to patients by different types of medical providers, including physicians and retail pharmacies.

150.      Denies the allegations in paragraph 150, except admits that Congress has mandated that Medicare Part B reimbursements be based, in part, on AWP, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 as to the other parties.

151.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151, except admits that several independently produced compendia periodically publish AWPs for various prescription drugs.

152-157.   Denies the allegations in paragraphs 152-157 to the extent they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "AWP Scheme" as alleged in paragraph 156, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 152-157 as to the other parties and entities.

158-160.   Admits the allegations in paragraphs 158-160, except denies knowledge or information sufficient to form a belief as to the last sentence of paragraph 160.

161.     AstraZeneca admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth in 42 C.F.R. § 405.517, which is referenced in paragraph 161, and refers to 42 C.F.R. § 405.517, for its content, which speaks for itself.

162.     AstraZeneca denies the allegations in the first sentence of paragraph 162 insofar as it contains material in quotation marks, the source of which is not identified. AstraZeneca further denies the second sentence of paragraph 162 insofar as 42 C.F.R. § 405.517 contains no reference to a "ceiling" on reimbursement amounts.

163.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding the date of the amendment, and otherwise admits the allegations in paragraph 163.

164-165.   Admits that the Medicare Program has publicly announced that it would use the AWP published in independently produced compendia as the basis for reimbursement.

AstraZeneca denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraphs 164-165, and refers to Program Memorandum AB-99-63, referenced in these paragraphs, for its content, which speaks for itself.

166-167.   Admits the allegations in paragraphs 166-167, except denies that a 20% co-payment is always paid by a Medicare Part B beneficiary, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last two sentences of paragraph 166.

168.   Denies the allegations in paragraph 168 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 as to the other parties, except admits that there are no regulations describing how AWPs are calculated.

169-170.   Denies the allegations in paragraphs 169-170 to the extent they are directed at AstraZeneca, refers to the April 2003 Office of the Inspector General ("OIG") Report, referenced in paragraphs 169-170, for its content, which speaks for itself, but denies any characterization of this document.

171.   Denies the allegations in paragraph 171, except admits that the federal government has been investigating drug marketing and pricing practices.

172-173.   Denies the allegations in paragraphs 172-173 to the extent they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "scheme," as alleged in paragraph 172, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 172-173 as to the other parties and entities, refers to the September

28, 2000 letter authored by Congressman Pete Stark, referenced in paragraphs 172-173, for its content, but denies any characterization of this document.

174.     Denies the allegations in paragraph 174, except admits that the federal government has been investigating drug marketing and pricing practices.

175.     Denies the allegations in paragraph 175 to the extent they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "scheme," as alleged in paragraph 175, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 as to the other parties.

176-179.   Denies the allegations in paragraphs 176-179 to the extent they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "scheme" as alleged in paragraphs 177 and 179, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 176-179 as to the other parties, except admits that prior to January 2002, AstraZeneca reported suggested AWPs for certain pharmaceuticals to independently produced pricing compendia.

180.     Denies the allegations in paragraph 180 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 as to the other parties.

181.     Denies the allegations in paragraph 181 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181.

182-184.   Denies the allegations in paragraphs 182-184 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 182-184 as to the other parties.

185-186.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 185-186.

187-193.   Denies the allegations in paragraphs 187-193 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 187-193 as to the other parties and entities.

194.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194, and refers to *The Wall Street Journal* article dated March 30, 2003, referenced in paragraph 194, for its content, which speaks for itself.

195.       Denies the allegations in paragraph 195 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195 as to the other parties.

196-198.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 196-198.

199-204.   Denies the allegations in paragraphs 199-204 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 199-204 as to the other parties and entities.

205.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 205 (and its subparts), and refers to the Dey Complaint, referenced in paragraph 205 (and its subparts), for its content, which speaks for itself.

206-207.   Denies the allegations in paragraphs 206-207 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 206-207.

208.     Denies the allegations in paragraph 208 to the extent they are directed at AstraZeneca, except admits that AstraZeneca sells its medicines in a competitive market and consequently, that it takes steps to keep certain information relating to its pharmaceuticals confidential, refers to the CMS Health Care Industry Market Update dated January 10, 2003, referenced in paragraph 208, for its content, which speaks for itself, but denies any characterization of this document, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208 as to the other parties.

209-212.   Denies the allegations in paragraphs 209-212 to the extent that they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 209-212 as to the other parties.

213.     Denies that there exists any basis in fact or law for the institution or maintenance of this action against AstraZeneca.  AstraZeneca further denies that the Plaintiffs did not receive inquiry or other notice of the issues associated with reliance on AWP as a pricing benchmark; on the contrary, such issues were well known for more than a decade before Plaintiffs brought this suit.  In addition, to the extent that paragraph 213 contains conclusions of law, AstraZeneca states that no response is required.

16

214-215.   To the extent that paragraphs 214-215 contain conclusions of law, AstraZeneca states that no response is required, and otherwise denies the allegations in paragraphs 214-215 to the extent that they are directed at AstraZeneca.

## V. EXAMPLES OF SPECIFIC CONDUCT

216.      Denies the allegations in paragraph 216 to the extent they are directed at AstraZeneca, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 216 as to the other parties.

**A. Abbott**

217-232.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 217-232 and refers to the documents cited within these paragraphs, for their content, which speak for themselves.

**B. Amgen**

233-237A.[2]   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 233-237A and refers to the documents cited within these paragraphs, for their content, which speak for themselves.

**C. AstraZeneca**

247.      Denies the allegations in paragraph 247, specifically denies the existence of, and participation in, any "scheme," and denies that that there exists any basis in fact or law for the institution or maintenance of this action against AstraZeneca, except admits that Plaintiffs

---

[2] This paragraph range includes the non-consecutively numbered paragraphs contained between paragraphs 233 and 237A.

allege that the following drugs are at issue in this action:  Accolate, Arimidex [misspelled Armidex in the TAMCC], Atacand, Atacand HCT, Casodex, Diprivan, Entocort, Nexium, Nolvadex, Prilosec, Pulmicort, Rhinocort, Seroquel, Toprol, Zestril, Zoladex, and Zomig.

248.      Denies the allegations in paragraph 248, and refers to the indictment referenced in paragraph 248 for its content, but denies any characterization of this document.

249.      Admits the allegations in paragraph 249.

250.      Denies the allegations in paragraph 250, refers to the Guide to Coverage and Reimbursement referenced in paragraph 250 for its content, which speaks for itself, but denies any characterization of this document.

251.      Denies the allegations in paragraph 251, refers to the memorandum referenced in paragraph 251 for its content, which speaks for itself, but denies any characterization of this document.

252.      Denies the allegations in paragraph 252 (and its subparts), refers to the documents referenced in paragraph 252 (and its subparts) for their contents, which speak for themselves, but denies any characterization of these documents.

253.      Denies the allegations in paragraph 253.

254.      Denies the allegations in paragraph 254, refers to the document referenced in paragraph 254 for its content, which speaks for itself, but denies any characterization of this document.

255.      Denies the allegations in paragraph 255, refers to the document referenced in paragraph 255 for its content, which speaks for itself, but denies any characterization of this document.

256.        Denies the allegations in paragraph 256, refers to the document referenced in paragraph 256 for its content, which speaks for itself, but denies any characterization of this document.

257.        Denies the allegations in paragraph 257, refers to the memorandum referenced in paragraph 257 for its content, which speaks for itself, but denies any characterization of this document.

258.        Denies the allegations in paragraph 258.

259-260.    Denies the allegations in paragraphs 259-260, specifically denies the existence of, and participation in, any "scheme," as alleged in paragraph 260, refers to the document referenced in paragraphs 259-260 for its content, which speaks for itself, but denies any characterization of this document.

261.        Denies the allegation in paragraph 261, specifically denies the existence of, and participation in, any "scheme," as alleged in paragraph 261, refers to the document referenced in paragraph 261 for its content, which speaks for itself, but denies any characterization of this document.

262.        Refers to the September 2001 GAO Report, referenced in paragraph 262, for its content, which speaks for itself, but denies any characterization of this document.

263.        Denies the allegations in paragraph 263.

264.        Denies the allegations in paragraph 264, refers to the document dated July 17, 1995 referenced in paragraph 264 for its content, which speaks for itself, but denies any characterization of this document.

265.        Denies the allegations in paragraph 265, and further denies the existence of, and participation in, any "scheme," as alleged in paragraph 265.

**D.  The Aventis Group (Aventis, Pharma, Hoechst and Behring)**

266-287.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 266-287 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**E.  Baxter**

288-301.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 288-301 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**F.  Bayer**

302-317.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 302-317 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**G.  The Boehringer Group**

318-329.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 318-329 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**H.  B. Braun**

330-342.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 330-342 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**I.   The BMS Group (Bristol-Myers, OTN and Apothecon)**

343-364.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 343-364 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**J.  Dey**

365-379.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 365-379 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**K.  The Fujisawa Group (Fujisawa Pharmaceutical, Fujisawa Healthcare, Fujisawa USA)**

380-391.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 380-391 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**L.  The GSK Group (GlaxoSmithKline, SmithKline Beecham, Glaxo Wellcome)**

392-432.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 392-432 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**M. Immunex**

433-446.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 433-446.

**N.  The Johnson & Johnson Group (J&J, Centocor and Ortho)**

447-456.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 447-456 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**O.  Novartis**

457-459.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 457-459.

**P.  Pfizer**

460-468.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 460-468.

**Q.  The Pharmacia Group (Pharmacia and P&U)**

469-486.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 469-486 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**R.  The Schering-Plough Group (Schering-Plough and Warrick)**

487-502.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 487-502 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**S. The Sicor Group (Sicor, Gensia and Gensia Sicor)**

504-516.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 504-516 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**T. TAP**

517-535.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 517-535 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

**U. Warrick**

536.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 536.

**V. Watson**

537-551.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 537-551 and refers to the documents cited within these paragraphs, for their contents, which speak for themselves.

## VI. PLAINTIFFS' CLAIM FOR DAMAGES

552.        Denies that Plaintiffs have suffered damages or injuries as alleged in paragraph 552, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 552.

## VII.  CLASS ALLEGATIONS FOR THE PURPORTED "AWP PAYOR SCHEME"

553.     Admits that Plaintiffs purport to bring this action on behalf of three putative classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, but denies that Plaintiffs may properly bring this lawsuit as a class action or class actions as alleged in paragraph 553.

554.     Admits that Plaintiffs seek certification of each of the classes pursuant to Rule 23 of the Federal Rules of Civil Procedure and that Plaintiffs purport to bring this action on behalf of a putative class with class representatives consisting of all of the Plaintiffs, but denies that certification is appropriate.

555.     Admits that Plaintiffs purport to bring this action on behalf of a putative class with a class period from January 1, 1991 to the present, but denies that Plaintiffs may properly bring this lawsuit as a class action as alleged in paragraph 555.

556.     Admits that Plaintiffs purport to bring this action on behalf of classes as defined in paragraph 556, but denies that Plaintiffs may properly bring this lawsuit as a class action as alleged.

557-558.   States that paragraphs 557-558 consist of conclusions of law as to which no response is required, and otherwise denies that class certification is appropriate in this case. AstraZeneca further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in paragraph 558.

559-560.   States that paragraphs 559-560 (and its subparts) consist of conclusions of law as to which no response is required, further denies that class certification is appropriate in this case, and otherwise denies the allegations in these paragraphs.

561.     States that paragraph 561 consists of a conclusion of law as to which no response is required, and denies that Plaintiffs and their counsel do not have any interest adverse to those of the purported class.

562.     States that paragraph 562 consists of a conclusion of law as to which no response is required, otherwise denies that class certification is appropriate in this case, denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in paragraph 562, and further denies the allegations in paragraph 562 to the extent they are directed at AstraZeneca.

## COUNT I

### ALLEGED VIOLATIONS OF 18 U.S.C. § 1962(C)
### (AGAINST DEFENDANT DRUG MANUFACTURERS)

563-591.   The Court dismissed Count I in its order dated February 24, 2004.  As such, AstraZeneca does not respond to paragraphs 563-591.  To the extent a response is required, AstraZeneca denies all allegations contained in Count I of the TAMCC.

## COUNT II

### ALLEGED VIOLATIONS OF 18 U.S.C. § 1962(C)
### (AGAINST DEFENDANT DRUG MANUFACTURERS)

592.     Answering for paragraph 592, repeats and incorporates as if fully set forth herein each and every response to the allegations in paragraphs 1 through 591.

593-594.   States that paragraphs 593-594 consist of conclusions of law to which no response is required, and otherwise states that Plaintiffs purport to bring this action and to seek relief under Count II as alleged in paragraph 593, but AstraZeneca denies that Plaintiffs are

entitled to maintain this action as alleged or to obtain any relief against AstraZeneca under Count II.  AstraZeneca further denies that Plaintiffs have pled a proper class as alleged in paragraph 594, and denies the remaining allegations of paragraphs 593-594.

595.     States that paragraph 595 consists of a conclusion of law to which no response is required, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 595 as to the other entities.

596.     States that paragraph 596 consists of a conclusion of law to which no response is required.

597-599.   States that paragraphs 597-599 consist of conclusions of law to which no response is required, otherwise denies the allegations in paragraphs 597-599 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "Manufacturer-PBM Enterprise," "AWP Scheme" or "hidden profit-making scheme," as alleged in paragraphs 597-599, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 597-599 as to the other parties and entities.

600.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 600, and refers to the undated industry report, referenced in paragraph 600, for its content, which speaks for itself.

601.     States that paragraph 601 consists of a conclusion of law to which no response is required, otherwise denies the allegations in paragraph 601 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "enterprise" as

26

alleged in paragraph 601, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 601 as to the other parties and entities.

602.     Denies the allegations in paragraph 602 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 602 as to the other parties and entities.

603-605.   Denies the allegations in paragraphs 603-605 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "scheme" as alleged in paragraphs 603-605, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 603-605 as to the other parties and entities.

606-607.   States that paragraphs 606-607 (and subparts) consist of conclusions of law to which no response is required, otherwise denies the allegations in paragraphs 606-607 (and subparts) to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "Manufacturer-PBM Enterprise" as alleged in paragraphs 606-607, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 606-607 (and subparts) as to the other parties and entities.

608-609.   Denies the allegations in paragraphs 608-609 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "AWP Scheme" as alleged in paragraph 609, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 608-609 as to the other parties.

610-611.   States that paragraphs 610-611 (and subparts) consist of conclusions of law to which no response is required, otherwise denies the allegations in paragraphs 610-611 (and

subparts) to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "AWP Scheme" as alleged in paragraphs 610-611 (and subparts), and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 610-611 (and its subparts) as to the other parties.

612-615.   States that paragraphs 612-615 (and subparts) consist of conclusions of law to which no response is required, otherwise denies the allegations in paragraphs 612-615 (and subparts) to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "Manufacturer-PBM Enterprise" or "AWP Scheme" as alleged in paragraphs 612-615, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 612-615 (and subparts) as to the other parties and entities.

616-617.   Denies the allegations in paragraphs 616-617 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "AWP Scheme" or "enterprise," as alleged in paragraphs 616-617, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 616-617 as to the other parties and entities.

618-620.   States that paragraphs 618-620 consist of conclusions of law to which no response is required, otherwise denies the allegations in paragraphs 618-620 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "Manufacturer-PBM Enterprise" or "AWP Scheme" as alleged in paragraphs 618-620, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 618-620 as to the other parties and entities.

621.     Denies the allegations in paragraph 621 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "AWP Scheme" as alleged in paragraph 621, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 621 as to the other parties and entities.

622.     States that paragraph 622 consists of conclusions of law to which no response is required, otherwise denies the allegations in paragraph 622 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 622 as to the other parties.  AstraZeneca further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in paragraph 622.

623.     Denies the allegations in paragraph 623 to the extent that they are directed at AstraZeneca, specifically denies the existence of, and participation in, any "AWP Scheme" as alleged in paragraph 623, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 623 as to the other parties.

624.     States that paragraph 624 consists of a conclusion of law to which no response is required, otherwise denies the allegations in paragraph 624 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 624 as to the other parties.  AstraZeneca further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in paragraph 624.

## COUNT III

## DECLARATORY AND OTHER RELIEF PURSUANT TO 28 U.S.C. §§ 2201, 2002
## (AGAINST DEFENDANT DRUG MANUFACTURERS)

625.     Answering for paragraph 625, repeats and incorporates as if fully set forth herein each and every response to the allegations in paragraphs 1 through 624.  Admits that Plaintiffs purport to bring this action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, but denies that Plaintiffs may properly bring this lawsuit as a class action as alleged in paragraph 625.

626.     States that paragraph 626 consists of a conclusion of law to which no response is required, otherwise denies the allegations in paragraph 626 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 626 as to the other parties.

627.     Denies the allegations in paragraph 627 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 627 as to the other parties and entities.

628.     States that paragraph 628 consists of a conclusion of law to which no response is required, otherwise denies the allegations in paragraph 628 to the extent that they are directed at AstraZeneca, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 628 as to the other parties.

30