UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL NO. 1456 CIVIL ACTION NO. 01-12257 |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS ) ) ) ) | Judge Patti B. Saris |

**MOTION TO STRIKE CLAIMS AGAINST BOEHRINGER INGELHEIM CORPORATION, BEN VENUE LABORATORIES, INC., AND BEDFORD LABORATORIES FROM THE THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Almost 18 months ago, this Court dismissed *with prejudice* the Boehringer Defendants[1] from this action and denied plaintiffs' motion to substitute party and denied as untimely the motion to intervene a new named plaintiff. (Orders attached as Exs. A & B)  Despite this unambiguous order, plaintiffs in their Third Amended Consolidated Class Action Complaint (TAMCC) add plaintiffs to re-assert claims against the already dismissed Boehringer Defendants.  Regardless of their stated purpose in doing so, plaintiffs' disregard for the limits of the Court's class certification order and suggestion in their pleading, through the allegations of new plaintiffs, that the Boehringer Defendants are defendants in the case over a year after they were dismissed, should not be countenanced.   When reminded of the law of the case, plaintiffs' counsel has thus-far been unwilling to commit to a stipulation.   Therefore, to avoid prejudice,

---

[1] Movant uses "Boehringer Defendants" to refer to Boehringer Ingelheim Corporation (BIC), Ben Venue Laboratories, Inc. (Ben Venue) and Ben Venue's division, Bedford Laboratories (Bedford).  BIC, Ben Venue and Bedford use this nomenclature solely for the convenience of the Court and deny that plaintiffs' designation of them as a group is accurate or appropriate.

and out of an excess of caution, the Boehringer Defendants have been forced to file this Motion to Strike.[2]

## BACKGROUND

On April 7, 2004, the Boehringer Defendants moved to be dismissed from plaintiffs' prior complaint – the Amended Master Consolidated Class Action Complaint (AMCC). The Boehringer Defendants moved to dismiss for lack of standing and for failure to state a claim because the only drug remaining in the case, Atrovent, was not manufactured or distributed by any of the Boehringer Defendants and because plaintiffs had not properly alleged injury arising from the purchase of any Boehringer Defendants' drug by a plaintiff purchaser. In response to the Motion to Dismiss, plaintiffs filed a motion to amend the AMCC to substitute parties and a proposed intervenor filed a motion to intervene as a new plaintiff.

On June 9, 2004, this Court entered an Order on the merits granting the Boehringer Defendants' Motion to Dismiss "on the ground that it is undisputed that these companies did not manufacture atrovent."[3] (Order attached as Ex. A) The same day, this Court denied plaintiffs' motion to substitute party and denied as untimely the motion to intervene a new named plaintiff. (Order attached as Ex. B)

On October 17, 2005, after extensive discovery had been taken by the parties remaining in the case, plaintiffs filed the amended complaint now pending before the Court – the TAMCC. The TAMCC was filed pursuant to this Court's August 16, 2005 Memorandum and Order Re:

---

[2] The Boehringer Defendants are willing to voluntarily withdraw this motion when and if an agreeable statement is filed with this Court.

[3] It is well settled in this circuit that dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is a final decision on the merits. *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 241 (1st Cir. 2004) (citing *Acevedo-Villalobos v. Hernandez,* 22 F.3d 384, 388 (1st Cir. 1994)). Thus, as is the case here, "in the absence of a clear statement to the contrary, a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is presumed to be with prejudice." *Id.*

Motion for Class Certification, in which this Court held that plaintiffs would be permitted to file an amendment to the Second Amended Master Consolidated Complaint solely to add individual class members who are Medicare Part B beneficiaries. (*See* August 16, 2005 Mem. and Order at 4, 88-89)  Plaintiffs' new TAMCC does much more, however; it brings in new individual plaintiffs to sue the Boehringer Defendants, even though the Boehringer Defendants had been ***previously dismissed with prejudice*** by this Court on the same claims.[4]

Shortly after receipt of the TAMCC, counsel for the Boehringer Defendants contacted counsel for plaintiffs to clear up what was presumed to be inclusion by error.  Plaintiffs' counsel stated that, while they recognize that the Boehringer Defendants had been dismissed from the action, they had named them as defendants and included the claims against them to preserve their right to appeal the June 9, 2004 dismissal order.  Plaintiffs' counsel disclaimed any intention of the plaintiffs to pursue new claims against the Boehringer Defendants and stated that they would not consider the Boehringer Defendants to be a party for the purposes of taking discovery in connection with the newly named plaintiffs.  (Affidavit of Darrell A. H. Miller ¶¶ 3-6, attached as Ex. C)  To avoid any confusion, and to ensure the Court was apprised of Plaintiffs' intentions, Boehringer Defendants' counsel requested plaintiffs agree to file a statement with this Court clearly stating that the Boehringer Defendants' inclusion was solely to preserve plaintiffs' appellate rights.  Thus far, Plaintiffs have not complied with this request.  (*Id.* at ¶¶ 7-10)

As discussed below, to the extent plaintiffs' basis for pleading claims against the dismissed Boehringer Defendants is the preserve an appeal, that basis is unnecessary.  To the

---

[4] The Court wrote at page 89 of its August 16, 2005 Memorandum and Order that there would be no motions to strike the class representation allegations.  Here, the Boehringer Defendants are not challenging the class representation allegations.  Instead, the Boehringer Defendants are challenging plaintiffs' attempt to correct in the TAMCC *not* deficiencies in the class certification pleadings, but rather, what this Court ruled on June 9, 2004 to be deficiencies in the pleadings against the Boehringer Defendants.  This attempt is outside the scope of this Court's June 9, 2004 Opinion.

extent plaintiffs are unwilling to notify this Court through a stipulation of their true intentions for adding allegations against the Boehringer Defendants, their prior assurances outside the record are unreliable, and the TAMCC is an attempt to bring back into the case previously dismissed parties in the teeth of this Court's order.  In either case, the Boehringer Defendants and the allegations against them should be stricken from the TAMCC.

## ARGUMENT

Plaintiffs do not deny that the Boehringer Defendants were dismissed from this case. Moreover, plaintiffs' counsel has stated that plaintiffs do not actually intend to pursue their claims against the Boehringer Defendants, but have nonetheless included such claims to preserve their rights on appeal.[5]  (Miller Aff. ¶¶ 4-10)

Unfortunately for plaintiffs, such reasoning has been rejected by courts as a basis for re-pleading previously dismissed claims against previously dismissed defendants.  Indeed, in some cases, courts have noted that the re-filing of dismissed claims is potentially sanctionable conduct. *See, e.g., Blickenstaff v. R.R. Donnelly & Sons Co. Short Term Disability Plan*, 378 F.3d 669, 675, 682 (7th Cir. 2004) (upholding Rule 11 sanctions award where plaintiff amended her complaint to allege claims against defendants previously dismissed with prejudice); *United States v. Union Corp.*, 194 F.R.D. 223, 233 n.7 (E.D. Pa. 2000) (rejecting notion that party can have "two bites at the apple" and noting that "a pleader may be somewhat constrained by Federal Rule 11 from re-filing, without seeking leave, the identical dismissed claim or counterclaim."); *Danton v. State Farm Mut. Auto. Ins. Co.*, No. 91-0013, 1991 WL 165211, at *1 (E.D. Pa. Aug.

---

[5] Plaintiffs' private assurances does not serve to protect the interests of the Boehringer Defendants.  If plaintiffs were permitted to keep the Boehringer Defendants in the TAMCC, there is little to prevent them from attempting to propound discovery on and/or seek judgment against the Boehringer Defendants at a later date should they decide to change strategy.

23, 1991) (counsel may be subject to Rule 11 sanction if plaintiffs attempt to "resurrect for a second time the counts that have been dismissed previously.").

Courts have routinely held that parties need not include in subsequently amended complaints claims that have been previously dismissed in order to preserve them for appeal. *See, e.g.*, *In re Crysen /Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (defendants' failure to include a certain defense in subsequent amended answers "did not constitute an express waiver of the defense" because there is "no reason to require re-pleading of a claim or defense that explicitly has been denied."); *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517-18 (10th Cir. 1991) (claim dismissed on 12(b)(6) motion was not waived for appeal for failure to be included in second amended complaint because "a rule requiring plaintiffs who file amended complaints to re-plead claims previously dismissed on their merits in order to preserve those claims merely sets a trap for unsuspecting plaintiffs with no concomitant benefit to the opposing party."); *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 n. 5 (11th Cir. 1999), *cert. denied*, 530 U.S. 1204 (2000) (plaintiffs did not waive right to appeal dismissal of claim for failure to re-plead in amended complaint because "re-pleading would have been futile and would have resulted only in a second dismissal under Rule 12(b)(6)."). Indeed, even the one Circuit (the Ninth Circuit) that found that a claim previously dismissed by the trial court is totally superseded by an amended complaint acknowledged that "[o]ther courts, as well as legal scholars, have criticized [this] rule as 'formalistic,' 'rigid,' and 'too mechanical.[6]'" *Marx v. Loral Corp.*, 87 F.3d 1049, 1055-56 (9th Cir. 1996).

---

[6] It does not appear the First Circuit has directly addressed this issue.  The Court did, however, discuss *in dicta*, the circuit split with the Ninth Circuit's *Marx* opinion, in *Kolling v. American Power Conversion Corp.*, 347 F.3d 11, 16 n.10 (1st Cir. 2003).  The Court noted that the Tenth Circuit found the Ninth Circuit's approach to be "too formalistic." *Id.  See also* 6 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* 1476 at 560-61 (2d Ed. 1990) (this minority rule "is too mechanical and seems to be a rigid application of the concept that a Rule 15(a)
(Continued…)

Even though the majority of the Circuits do not require re-pleading of dismissed claims to preserve them for appeal, plaintiffs here did not seek leave or guidance from this Court regarding the appropriateness of re-filing these claims against previously-dismissed defendants. If plaintiffs are permitted to bring back claims against previously dismissed defendants, the parties' and courts' efforts would be duplicated and ultimately wasted.[7] Allowing such a practice would make no sense and the Boehringer Defendants would be severely prejudiced.

## CONCLUSION

Because the inclusion of claims against the Boehringer Defendants directly violates this Court's June 9, 2004 Order, is unnecessary to preserve plaintiffs' claims on appeal, and would result in a waste of judicial resources, this Court should strike the Boehringer Defendants and claims asserted against them from the TAMCC.

---

amendment completely replaces the pleading it amends … [b]y way of contrast, if the motion to dismiss is denied and defendant answers and defends on the merits, he still retains the right to object to the denial of the motion to dismiss on appeal from the ultimate judgment.").

[7] The Boehringer Defendants do not contend that plaintiffs will have waived their right to appeal the June 9, 2004 dismissal of the Boehringer Defendants if the Boehringer Defendants are now stricken from the TAMCC.

Respectfully submitted,


/s/  Darrell A. H. Miller
_____
Paul J. Coval
Douglas L. Rogers
Darrell A. H. Miller
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216
(614) 464-6400 (Telephone)
(614) 464-6350 (Facsimile)
pjcoval@vssp.com
dlrogers@vssp.com
dahmiller@vssp.com

*Counsel for Boehringer Ingelheim Corp., Ben Venue Laboratories, Inc./Bedford Laboratories*

## LOCAL RULE 7.1 CERTIFICATE

I certify that the conferral requirement of Local Rule 7.1 has been met.

/s/ Darrell A. H. Miller\_\_\_\_
Darrell A. H. Miller

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all enrolled counsel pursuant to the Court's Case Management Order 2 on November 3, 2005.

/s/ Darrell A. H. Miller\_\_\_\_\_
Darrell A. H. Miller
