## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) |
| | ) Civil Action No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) ) |

## WARRICK PHARMACEUTICALS CORPORATION'S ANSWER TO PLAINTIFFS' THIRD AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT

Warrick Pharmaceuticals Corporation ("Warrick") answers the Plaintiffs' Third Amended Master Consolidated Class Action Complaint ("Amended Master Complaint") as follows:

## I.  INTRODUCTION

1.      The allegations in paragraph 1 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in paragraph 1.

2.      To the extent the allegations contained in paragraph 2 allege a conspiracy between Warrick and various publishing entities, no response is required because these allegations, which formed the basis of Count I of the AMCC, were dismissed with prejudice by the Court's Order dated February 25, 2004.  To the extent that the allegations in paragraph 2 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2.  Warrick otherwise denies the allegations in paragraph 2.

3.      To the extent that the allegations in paragraph 3 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3.  Warrick admits that it manufactures certain

medicines that are covered under Medicare Part B and that Congress has mandated that Medicare

Part B reimbursements be based, in part, upon AWP.  Warrick avers that the AWP is the non-

discounted list price for a given medication.  Warrick admits that it reports certain pricing

information for their medicines to pharmaceutical industry pricing publications.  Warrick further

admits that AWPs for its medicines published in trade publications are typically higher than the

prices ultimately paid by providers purchasing such medicines from wholesalers and distributors.

Warrick denies the remaining allegations in paragraph 3.

      4.     To the extent that the allegations in paragraph 4 refer to parties other than

Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in paragraph 4.  Warrick admits that Congress has mandated that

Medicare Part B reimbursements be based, in part, upon AWP, and further admits that Medicare

Part B medicines are generally, but not always, administered in a healthcare provider's office.

Warrick denies the remaining allegations in paragraph 4.

      5 – 7.   To the extent that the allegations in paragraphs 5 through 7 refer to parties other

than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in paragraphs 5 through 7.  Warrick denies the remaining

allegations in paragraphs 5 through 7.

      8.     Warrick admits that Plaintiffs have filed attachments to the Amended Master

Complaint.  Warrick is without knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in paragraph 8.

## II.  JURISDICTION AND VENUE

      9.     The allegations in paragraph 9 state legal conclusions as to which no answer is

required.

10.     The allegations in paragraph 10 state legal conclusions as to which no answer is required.  To the extent an answer is required, Warrick admits the allegations in paragraph 10.

11.     The allegations in paragraph 11 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick admits the allegations in the first two sentences of paragraph 11.  To the extent that the allegations in the last sentence of paragraph 11 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of paragraph 11. Warrick otherwise denies the allegations in the last sentence of 11.

12.     The allegations in paragraph 12 state legal conclusions as to which no answer is required.  To the extent an answer is required, Warrick admits the allegations in paragraph 12.

### III.  PARTIES

13 – 54.     Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 13 – 54.

55.     Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first four sentences of paragraph 55.  The last two sentences of paragraph 55 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in the last two sentences of paragraph 55.

56.     Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first three sentences of paragraph 56.  The last two sentences of paragraph 56 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in the last two sentences of paragraph 56.

57.     Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first four sentences of paragraph 57.  The last two sentences of paragraph 57 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in the last two sentences of paragraph 57.

58.     Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first three sentences of paragraph 58.  The last two sentences of paragraph 58 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in the last two sentences of paragraph 58.

59.     Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first four sentences of paragraph 59.  The last two sentences of paragraph 59 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in the last two sentences of paragraph 59.

60 – 61.     To the extent that the allegations in paragraphs 60 through 61 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 60 through 61.  Warrick otherwise denies the allegations in paragraphs 60 through 61.

62 – 132.     The allegations contained in paragraphs 62 through 132 refer to parties other than Warrick.  To the extent the allegations contained in paragraphs 62 through 132 are deemed to include allegations against Warrick, Warrick denies the allegations.

133 – 135.     Warrick admits the allegations contained in paragraphs 133 through 135.

136.    Warrick admits the allegations contained in paragraph 136.

137 – 147.    The allegations contained in paragraphs 137 through 147 refer to parties other than Warrick.  To the extent the allegations contained in paragraphs 137 through 147 are deemed to include allegations against Warrick, Warrick denies the allegations.

## IV.  GENERAL ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

148.    The allegations in paragraph 148 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick denies the allegations in paragraph 148.

149.    Warrick admits that there are many different pharmaceutical products manufactured and sold in the United States and that pharmaceuticals are manufactured and sold in varying dosages.  Warrick further admits that their products are dispensed to patients by pharmacies and physicians.  Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 149.

150 – 157.    To the extent that the allegations in paragraphs 150 through 157 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 150 through 157.  Further answering the allegations in paragraphs 150 through 157, Warrick admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP.  Further answering paragraphs 150 through 157, Warrick admits that pharmaceutical industry pricing publications periodically report AWPs for prescription medicines sold in the United States.  Warrick states that the 1999 edition of the Red Book and the June 1996 Dow Jones News article cited in Paragraph 152 speak for themselves.  Warrick denies the remaining allegations in paragraphs 150 through 157.

158 – 160.    Warrick admits the allegations of paragraphs 158 through 160.

161.    Warrick admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which speaks for itself.

162.    Warrick denies the allegations in the first sentence of paragraph 162 insofar as it contains material in quotation marks the source of which is not identified.  Warrick denies the second sentence of paragraph 162 insofar as 42 CFR § 405.517 contains no reference to a "ceiling" on reimbursement amounts.  Warrick otherwise admits the allegations in paragraph 162.

163.    Warrick admits the allegations of paragraph 163.

164.    Warrick admits that the Medicare Program has publicly announced that it would use the AWP published in pharmaceutical industry pricing publications as the basis for reimbursement.  Warrick states that the Program Memo AB-99-63 cited in paragraph 164 speaks for itself.

165.    Warrick states that the Program Memo AB-99-63 cited in paragraph 165 speaks for itself.

166-167.       Warrick admits the allegations of paragraphs 166 through 167.

168.    To the extent that the allegations in paragraph 168 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 168.  Warrick admits that there are no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs.  Warrick admits that it reports certain pricing information for their medicines to pharmaceutical industry pricing publications.  Warrick otherwise denies the remaining allegations in paragraph 168.

169 – 170.      Warrick avers that AWP is the non-discounted list price for a given medicine.  Warrick further states that the 2003 OIG report cited in paragraphs 169 through 170 speaks for itself.  Warrick otherwise denies the allegations in paragraphs 169 through 170.

171.      Warrick admits that the DOJ and the OIG have been investigating Warrick, among others, for practices relating to the calculation of AWP.  Warrick further admits that the United States House of Representatives Committee on Commerce has made requests for documents and information relating to AWP, to which Warrick has responded.  To the extent that the allegations in paragraph 171 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 171.  Warrick otherwise denies the remaining allegations in paragraph 171.

172 – 173.      To the extent that the allegations in paragraphs 172 through 173 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 172 through 173.  Warrick states that the letter cited in paragraphs 172 through 173 speaks for itself.  Warrick otherwise denies the remaining allegations in paragraphs 172 through 173.

174.      Warrick admits that the DOJ and the OIG have been investigating Warrick, among others, for practices relating to the calculation of AWP.  Warrick further admits that the United States House of Representatives Committee on Commerce has made requests for documents and information relating to AWP, to which Warrick has responded.  To the extent that the allegations in paragraph 174 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 174.  Warrick otherwise denies the remaining allegations in paragraph 174.

175.    To the extent that the allegations in paragraph 175 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 175.  Warrick otherwise denies the remaining allegations in paragraph 175.

176.    To the extent that the allegations in paragraph 176 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 176.  Warrick otherwise admits the remaining allegations in paragraph 176.

177 – 200.    To the extent that the allegations in paragraphs 177 through 200 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 177 through 200.  Warrick otherwise denies the remaining allegations in paragraphs 177 through 200.

201.    Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 201.

202 – 208.    To the extent that the allegations in paragraphs 202 through 208 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 202 through 208.  Warrick states that the documents cited in paragraphs 203, 205, 206, and 208 speak for themselves.  Warrick otherwise denies the remaining allegations in paragraphs 202 through 208.

209 – 212.    To the extent that the allegations in paragraphs 209 through 212 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 209 through 212.  Warrick otherwise denies the remaining allegations in paragraphs 209 through 212.

213.    Warrick avers that plaintiffs were aware of the issues associated with reliance on AWPs as a pricing benchmark for more than a decade before plaintiffs elected to bring this suit. Warrick otherwise denies the allegations contained in paragraph 213.

214 – 215.    The allegations in paragraphs 214 through 215 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraphs 214 through 215 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 214 through 215.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraphs 214 through 215.

## V.  EXAMPLES OF SPECIFIC UNLAWFUL CONDUCT

216.    To the extent that the allegations in paragraph 216 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 216.  Warrick otherwise denies the allegations in paragraph 216.

217 – 486.    The allegations contained in paragraphs 217 through 486 refer to parties other than Warrick.  To the extent the allegations contained in paragraphs 217 through 486 are deemed to include allegations against Warrick, Warrick denies the allegations.

487.    Warrick denies the allegations contained in paragraph 487.

488.    Warrick admits that it has been investigated by the Department of Justice, the Texas Attorney General, the West Virginia Attorney General, California Attorney General, the California Attorney General, the California Bureau of Medi-Cal Fraud and Elder Abuse, the Department of Health and Human Services Office of Inspector General, and the United States Attorney for the District of Massachusetts for practices relating to the calculation of AWP. Warrick otherwise denies the remaining allegations in paragraph 488.

489.     Warrick admits the allegations in first sentence of paragraph 489.  Warrick states that the documents cited in paragraph 489 speak for themselves.  Warrick denies the remaining allegations of paragraph 489.

490.     Warrick states that the document cited in paragraph 490 speaks for itself.  Warrick otherwise denies the allegations in paragraph 490.

491.     Warrick admits that the West Virginia Attorney General filed suit against Warrick.  Warrick avers that the complaint, a writing, speaks for itself.

492.     Warrick admits that it communicates with industry compendia concerning AWP for its products.  Warrick avers that the document referenced in the second sentence of paragraph 492 speaks for itself.  Warrick denies the remaining allegations in paragraph 492.

493.     The document referenced in the second sentence of paragraph 493 speaks for itself.  Warrick denies the remaining allegations in paragraph 493.

494.     The document referenced in the second sentence of paragraph 494 speaks for itself.  Warrick denies the remaining allegations in paragraph 494.

495.     The documents referenced in paragraph 495 speak for themselves.  Warrick denies the remaining allegations in paragraph 495.

496.     Warrick admits that it sells medicines at prices below AWP because AWP is a non-discounted list price for a given medicine.  To the extent that the allegations in paragraph 496 refer to specific documents, those documents speak for themselves.

497.     The documents referenced in paragraph 497 speak for themselves.  Warrick denies the remaining allegations in paragraph 497.

498 – 500.     The documents referenced in paragraphs 498 through 500 speak for themselves.  Warrick denies the remaining allegations in paragraphs 498 through 500.

501 – 502.     Warrick denies the allegations of paragraphs 501 through 502.

503 – 535.     The allegations contained in paragraphs 503 through 535 refer to parties other than Warrick.  To the extent the allegations contained in paragraphs 503 through 535 are deemed to include allegations against Warrick, Warrick denies the allegations.

536.     Warrick denies the allegations in paragraph 536.

537 – 551.     The allegations contained in paragraphs 537 through 551 refer to parties other than Warrick.  To the extent the allegations contained in paragraphs 537 through 551 are deemed to include allegations against Warrick, Warrick denies the allegations.

## VI.  DIRECT DAMAGE SUSTAINED BY PLAINTIFFS AND THE MEMBERS OF THE AWP CLASS

552.     To the extent that the allegations in paragraph 552 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 552.  Warrick otherwise denies the allegations in paragraph 552.

## VII.  CLASS ACTION ALLEGATIONS FOR THE AWP PAYOR SCHEME

553 – 558.     Warrick admits that Plaintiffs purport to bring this action as alleged in paragraphs 553 through 558, but Warrick denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Warrick denies that Plaintiffs or any putative class members have suffered damages as alleged in Paragraph 558.

559 – 562.     The allegations in paragraphs 559 through 562 state legal conclusions as to which no answer is required.  Warrick denies, however, that Plaintiffs have pled a proper class or named proper class representatives.  Warrick further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in paragraph 562.

## COUNT I

## VIOLATIONS OF 18 U.S.C. § 1962(C)

## (AGAINST DEFENDANT DRUG MANUFACTURERS IDENTIFIED HEREIN FOR UNLAWFUL CONDUCT ASSOCIATED WITH AWPID DRUGS)

563 – 591.      On February 25, 2004, the Court dismissed Count I of the AMCC.

Accordingly, no response to the allegations contained in paragraphs 563 through 591 is required.

To the extent an answer is required, Warrick denies the allegations contained in paragraphs 563

through 591.

## COUNT II

## VIOLATIONS OF 18 U.S.C. § 1962(C)

## (AGAINST DEFENDANT DRUG MANUFACTURERS IDENTIFIED HEREIN)

592.      Warrick reasserts and incorporates by reference all preceding paragraphs as

though fully set forth herein.

593.      Warrick is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in paragraph 593.

594.      The allegations in paragraph 594 state legal conclusions as to which no answer is

required.

595.      The allegations in paragraph 595 state legal conclusions as to which no answer is

required.  To the extent that an answer is required, Warrick is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations in paragraph 595.

596 – 599.      To the extent that the allegations in paragraphs 596 through 599 refer to

parties other than Warrick, Warrick is without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in paragraphs 596 through 599.  Warrick

otherwise denies the allegations in paragraphs 596 through 599.

-12-

600.    Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 600.

601 – 606.    To the extent that the allegations in paragraphs 601 through 606 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 601 through 606.  Warrick otherwise denies the allegations in paragraphs 601 through 606.

607.    The allegations in paragraph 607 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 607 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 607.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraph 607.

608 – 609.    To the extent that the allegations in paragraphs 608 through 609 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 608 through 609.  Warrick otherwise denies the allegations in paragraphs 608 through 609.

610.    The allegations in paragraph 610 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 610 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 610.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraph 610.

611.    To the extent that the allegations in paragraph 611 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in paragraph 611.  Warrick otherwise denies the allegations in paragraph 611.

612.    The allegations in paragraph 612 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 612 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 612.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraph 612.

613.    To the extent that the allegations in paragraph 613 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 613.  Warrick otherwise denies the allegations in paragraph 613.

614.    The allegations in paragraph 614 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 614 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 614.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraph 614.

615.    The allegations in paragraph 615 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 615 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 615.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraph 615.

616 – 617.    To the extent that the allegations in paragraphs 616 through 617 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in paragraphs 616 through 617.  Warrick otherwise denies the allegations in paragraphs 616 through 617.

618 – 619.    The allegations in paragraphs 618 through 619 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraphs 618 through 619 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 618 through 619.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraphs 618 through 619.

620 – 621.    To the extent that the allegations in paragraphs 620 through 621 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 620 through 621.  Warrick otherwise denies the allegations in paragraphs 620 through 621.

622.    The allegations in paragraph 622 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 622 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 622.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraph 622.

623.    To the extent that the allegations in paragraph 623 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 623.  Warrick otherwise denies the allegations in paragraph 623.

624.    The allegations in paragraph 624 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 624 refer to parties other than Warrick,

Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 624.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraph 624.

## COUNT III

## DECLARATORY AND OTHER RELIEF PURSUANT TO 28 U.S.C. §§ 2201, 2002

### (AGAINST DEFENDANT DRUG MANUFACTURERS FOR UNLAWFUL CONDUCT ASSOCIATED WITH PHYSICIAN-ADMINISTERED AND MEDICARE PART B COVERED DRUGS)

625.    Warrick reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.  Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 625.

626.    The allegations in paragraph 626 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 626 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 626.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraph 626.

627.    To the extent that the allegations in paragraph 627 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 627.  Warrick otherwise denies the allegations in paragraph 627.

628.    The allegations in paragraph 628 state legal conclusions as to which no answer is required.  To the extent an answer is required, Warrick denies the allegations in paragraph 628.

**COUNT IV**

**VIOLATIONS OF CONSUMER PROTECTION STATUTES**

629.    Warrick reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.  Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 629.

630.    Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 630.

631 – 632.    The allegations in paragraphs 631 through 632 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraphs 631 through 632 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 631 through 632.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraphs 631 through 632.

633 – 636.    To the extent that the allegations in paragraphs 633 through 636 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 633 through 636.  Warrick otherwise denies the allegations in paragraphs 633 through 636.

**COUNT V**

**VIOLATION OF CONSUMER PROTECTION LAWS – MEDICARE PART B CO-PAY SUB-CLASS**

637.    Warrick reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

638.    Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 638.

-17-

639.    The allegations in paragraph 639 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 639.

640.    The allegations in paragraph 640 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 640.

641.    To the extent that the allegations in paragraph 641 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 641.   Warrick otherwise denies the allegations in paragraph 641.

642.    The allegations in paragraph 642 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 642 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 642.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraph 642.

643 – 644.    The allegations in paragraphs 643 through 644 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 643 through 644.

### COUNT VI

### (VIOLATIONS OF CONSUMER PROTECTION LAWS – THIRD-PARTY PAYORS PART B MEDIGAP CLASS)

645.    Warrick reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

646.     The allegations in paragraph 646 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 646.

647.     The allegations in paragraph 647 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 647.

648.     To the extent that the allegations in paragraph 648 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 648.   Warrick otherwise denies the allegations in paragraph 648.

649.     The allegations in paragraph 649 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 649 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 649.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraph 649.

650 – 651.     The allegations in paragraphs 650 through 651 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 650 through 651.

## COUNT VII

### (VIOLATIONS OF CONSUMER PROTECTION LAWS – PHYSICIAN-ADMINISTED CLASS FOR CONSUMERS AND TPPS)

652.     Warrick reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

653.     The allegations in paragraph 653 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 653.

654.     The allegations in paragraph 654 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 654.

655.     The allegations in paragraph 655 state legal conclusions as to which no answer is required.  To the extent that an answer is required, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 655.

656.     Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 656.

657 – 658.     The allegations in paragraphs 657 through 658 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraphs 657 through 658 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 657 through 658.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraphs 657 through 658.

659.     To the extent that the allegations in paragraph 659 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 659.   Warrick otherwise denies the allegations in paragraph 659.

**COUNT IX**

**CIVIL CONSPIRACY**

**(AGAINST ALL DEFENDANTS IDENTIFIED**

**HEREIN FOR CONSPIRING WITH PBMS)**

660.    Warrick reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

661.    Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 661.

662.    To the extent that the allegations in paragraph 662 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 662.  Warrick otherwise denies the allegations in paragraph 662.

663.    The allegations in paragraph 663 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraph 663 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 663.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraph 663.

664 – 667.    The allegations in paragraphs 664 through 667 state legal conclusions as to which no answer is required.  To the extent that the allegations in paragraphs 664 through 667 refer to parties other than Warrick, Warrick is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 664 through 667.  To the extent that an answer is otherwise required, Warrick denies the allegations in paragraphs 664 through 667.

## VIII.  PRAYER FOR RELIEF

Warrick denies the allegations contained in the unnumbered paragraph following paragraph 667 and opposes all relief requested therein.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proof of such defenses that it would not otherwise have, Warrick asserts the following defenses:

### First Defense

Plaintiffs and the putative class fail to state a claim against Warrick upon which relief may be granted.

### Second Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Third Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the filed rate doctrine.

### Fourth Defense

Plaintiffs and the putative class have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Warrick as alleged in the Amended Master Complaint.

### Fifth Defense

To the extent Plaintiffs and/or any member of the putative class obtain recovery in any other case predicated on the same factual allegations, that Plaintiff or purported class member is barred from seeking recovery against Warrick based on the Amended Master Complaint pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

### Sixth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitutions

of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation.

### Seventh Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Warrick in judicial, legislative or administrative proceedings of any kind or at any level of government.

### Eighth Defense

Plaintiffs and the putative class' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have released, settled, entered into an accord and satisfaction, or otherwise compromised their claims.

### Ninth Defense

Any and all actions taken by Warrick with respect to any of the matters alleged in the Amended Master Complaint were taken in good faith and in accordance with established industry practice.

### Tenth Defense

Plaintiffs and the putative class' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Eleventh Defense

Plaintiffs' and the putative class' claims are preempted by the dormant Commerce Clause of the United States Constitution.

**Twelfth Defense**

Plaintiffs' and the putative class' claims against Warrick are barred because Warrick has complied with all applicable regulations of the federal and state governments.

**Thirteenth Defense**

Plaintiffs' and the putative class' claims against Warrick are barred, in whole or in part, by the applicable statutes of limitations and repose and by the doctrines of laches, estoppel, and waiver.

**Fourteenth Defense**

Warrick's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

**Fifteenth Defense**

Plaintiffs and the putative class fail to state with particularity facts to support the fraud allegations, and fail to plead with particularity the fraudulent concealment and multi-source medicine allegations against Warrick contained in the Amended Master Complaint.

**Sixteenth Defense**

Plaintiffs and the putative class fail to allege with particularity their civil conspiracy claims against Warrick as required by Fed. R. Civ. P. 9(b).

**Seventeenth Defense**

Plaintiffs' and the putative class' claims against Warrick are barred, in whole or in part, because Warrick did not make any false statements to Plaintiffs or to any members of the putative class members.  As to any statement asserted against Warrick that Plaintiffs and the putative class allege to be false or misleading, Warrick had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

**Eighteenth Defense**

Plaintiffs' and the putative class' RICO claims against Warrick are barred, in whole or in part, due to Plaintiffs' failure to properly allege a RICO enterprise as required by 18 U.S.C. §
1962(c).

**Nineteenth Defense**

Plaintiffs' and the putative class' RICO claims against Warrick are barred, in whole or in part, due to their failure to plead facts showing that Warrick and the PBMs are ongoing organizations whose members function as a continuing unit and share common purposes as required by *United States v. Turkette*, 452 U.S. 576, 583 (1981).

**Twentieth Defense**

Plaintiffs' and the putative class' RICO claims against Warrick are barred, in whole or in part, due to their failure to allege that Warrick conducted the affairs of the alleged enterprises as required by 18 U.S.C. § 1962(c).

**Twenty-First Defense**

Plaintiffs and the putative class lack standing to bring their RICO claims against Warrick because they cannot show Warrick directly caused their alleged injuries as required by 18 U.S.C. § 1964(c) and *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 265-66, 268 (1992).

**Twenty-Second Defense**

Plaintiffs' and the putative class' civil conspiracy claims against Warrick are barred, in whole or in part, by their failure to allege a concerted action as required by *Aetna Cas. Sur. Co. v. P&B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994) and *Grant v. John Hancock Mut. Life Ins. Co.*, 183 F. Supp. 2d 344, 359 (D. Mass. 2002), and/or by their failure to allege a coercive conspiracy as required by *Fleming v. Dance*, 22 N.E.2d 609, 611 (Mass. 1939).

### Twenty-Third Defense

Plaintiffs' and the putative class' civil conspiracy claims against Warrick are barred, in whole or in part, because they are duplicative and improper under Massachusetts law.  *See Grant*, 183 F. Supp. 2d at 364.

### Twenty-Fourth Defense

Warrick denies that Plaintiffs and the putative class have valid consumer protection claims against Warrick under California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington or any other State whose law is or becomes relevant in the course of this multidistrict litigation.  However, if such claims are found to exist, Warrick pleads all available defenses under the Acts.

### Twenty-Fifth Defense

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against Warrick, they are not entitled to such relief because they have an adequate remedy at law.

### Twenty-Sixth Defense

Plaintiffs and the putative class lack standing to bring their asserted consumer protection claims against Warrick under certain state consumer protection laws, including without limitation those of Delaware, Florida, Louisiana, New Jersey, Pennsylvania and Washington.

### Twenty-Seventh Defense

Plaintiffs and the putative class did not rely on the allegedly fraudulent statements or conduct of Warrick as required under certain state consumer protection laws, including without limitation those of New York and Pennsylvania.

### Twenty-Eighth Defense

Any allegedly fraudulent statement or conduct of Warrick was not consumer-oriented as required under certain consumer protection laws, including without limitation that of New York.

### Twenty-Ninth Defense

Plaintiffs' and the putative class' claims against Warrick for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Thirtieth Defense

Plaintiffs' and the putative class' claims for injunctive relief against Warrick are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-First Defense

This action cannot be maintained as a class action because (1) the certification and maintenance of this action as a class would violate the separation of powers provisions of the United States Constitution and would be an unconstitutional usurpation of authority reserved to the legislative branch; (2) the claims of Plaintiffs and the putative class cannot be properly joined with one another because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences; (3) the named Plaintiffs and the putative class cannot satisfy the procedural requirements of Fed. R. Civ. P. 23; (4) the questions of fact at issue are not common to the alleged class, but rather, are highly specific and will vary dramatically from person to person and entity to entity; and/or (5) class certification would violate Warrick's rights provided by the Fifth, Seventh and Fourteenth Amendments to the United States Constitution as well as by the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation, including but not limited to

Warrick's right to procedural and substantive safeguards, which include traditional defenses to liability.

### Thirty-Second Defense

Plaintiffs' and the putative class' antitrust claims against Warrick under the various state consumer protection and consumer fraud statutes are barred in whole or in part to the extent those statutes (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly intrastate in nature.

### Thirty-Third Defense

Plaintiffs' and the putative class' claims against Warrick are barred, in whole or in part, due to their failure to join indispensable parties.

### Thirty-Fourth Defense

Plaintiffs' and the putative class' claims against Warrick are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the Amended Master Complaint.

### Thirty-Fifth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because any injuries sustained by Plaintiffs or the putative class were the result of intervening or superceding conduct of third parties.

### Thirty-Sixth Defense

Plaintiffs' and the putative class' claims against Warrick for damages are barred, in whole or in part, (1) because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Warrick; (2) because they would be unjustly enriched if

allowed to recover any portion of the damages alleged in the Amended Master Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiffs and/or putative class members have received and paid for medicines manufactured, marketed and sold by Warrick after the filing of Plaintiffs' original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Thirty-Seventh Defense

Warrick is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs and/or the putative class, with respect to the same alleged injuries.

### Thirty-Eighth Defense

Any damages recovered by the Plaintiffs and the putative class from Warrick must be limited by the applicable statutory ceilings on recoverable damages.

### Thirty-Ninth Defense

Plaintiffs and the putative class fail to allege facts or a cause of action against Warrick sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

### Fortieth Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against Warrick:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Amended Master Complaint are legally insufficient to support a claim for punitive damages against Warrick; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Warrick prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Warrick's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitutions

-29-

and the constitutions of any applicable states' laws; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Warrick's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable states' laws; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Warrick for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Warrick's medicines would constitute impermissible multiple punishments for the same wrong, in violation of Warrick's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law and statutory law of any applicable states' laws; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Warrick's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' law; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Warrick the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Warrick's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States

Constitution and would be improper under the constitutions, common law, and public policies of any applicable states' laws.

### Forty-First Defense

To the extent punitive damages are sought, Plaintiff's and the putative class' claim for punitive damages against Warrick cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate Warrick's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Warrick's right not to be subjected to an excessive award; and (3) be improper under the constitutions, common law and public policies of any applicable states' laws.

### Forty-Second Defense

Warrick adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

### Forty-Third Defense

Warrick hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.  Warrick also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state other than California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and/or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

WHEREFORE, Warrick prays that this Court:

1.     Dismiss the Third Amended Master Consolidated Class Action Complaint with

prejudice and enter judgment in favor of Warrick and against plaintiffs;

2.     Award Warrick its costs and expenses; and

3.     Grant such other and further relief for Warrick as this Court deems just and

proper.

Warrick Pharmaceuticals Corporation
By their attorneys,
/s/ John T. Montgomery
John T. Montgomery (BBO#352220)
 jmontgomery@ropesgray.com
Steven A. Kaufman (BBO#262230)
 skaufman@ropesgray.com
Eric P. Christofferson (BBO#654087)
 echristofferson@ropesgray.com
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

Dated:  November 3, 2005

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 3, 2005, I caused a true and correct copy of the

Warrick Pharmaceuticals Corporation's Answer to Plaintiffs Third Amended Master

Consolidated Class Action Complaint to be served on all counsel of record by electronic service

pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL

1456.

/s/ Eric P. Christofferson
Eric P. Christofferson
