UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) ) THIS DOCUMENT RELATES TO: ) ALL ACTIONS ) ) | MDL No. 1456 <br><br> Civil Action No. 01-12257-PBS <br><br> Judge Patti B. Saris <br><br> Magistrate Judge Marianne B. Bowler |

**TRACK ONE DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF IMS DATA AND REPORTS**

Track One Defendants ("Defendants") oppose the Plaintiffs' Motion to Compel Production of IMS Data and Reports ("Motion") on the grounds set forth below.

**INTRODUCTION**

Plaintiffs seek to compel the production of information in response to requests they served - literally - on the last two days of discovery. Plaintiffs have had almost three years to conduct discovery. During that time, Defendants have produced millions of pages of documents in response to numerous requests from Plaintiffs. For at least the past year, Plaintiffs and their experts have known about data available from IMS Health Information ("IMS"). (*See* Decl. of Steven M. Edwards (hereinafter "Edwards Decl.") ¶ 3, attached hereto as Ex. A.)

After repeated extensions of the discovery deadline, the Court established August 31, 2005 as the "close of fact discovery." Case Management Order No. 13 ("CMO 13") ¶ 1 (Mar. 10, 2005) (Docket No. 1422). For months, the parties were on notice that the cut-off for discovery was August 31, 2005. In fact, Plaintiffs filed a request for IMS data in July 2005. (Pls.' Req. for Produc. of Docs. to All Defs. Relating to IMS Data (July 19, 2005), attached hereto as Ex. B (hereinafter "July 2005 requests").) Without waiving their objections,

Defendants worked in good faith to produce information pursuant to this timely request. (*See, e.g.,* Edwards Decl. ¶ 4.) Defendants' efforts have been sufficiently satisfactory that Plaintiffs have not found it necessary to move to compel as to the July 2005 requests. (Motion at 9, n.1.)

All the while, CMO 13 remained unchanged, with discovery scheduled to conclude on August 31, 2005. Nevertheless, on August 30 and August 31, 2005 - the day before and the day of the discovery cut-off, respectively - Plaintiffs served another request for documents on Track One Defendants. (Pls.' Am. and/or Supplemental Req. for Produc. of Docs. to Phase 1 Defs. Relating to IMS Data (Aug. 30, 2005) and Pls.' Second Am. and/or Supplemental Req. for Produc. of Docs. to Phase 1 Defs. Relating to IMS Data (Aug. 31, 2005), attached hereto as Ex. C (hereinafter "August 2005 requests").) These requests sought information from over thirty "physician administered and Part B" drugs that had not been part of the July 2005 requests. (Motion at 3-6.) Pursuant to Fed. R. Civ. P. 34(b), Plaintiffs asked for a response within thirty days - that is, September 29 and September 30, 2005, respectively. (Ex. C at 1.)

Each of the Track One Defendants served responses to the August 2005 requests based on the grounds, *inter alia*, that the requests were untimely, that Plaintiffs had exceeded the number of requests allowed by the local rules without seeking a court order, and that the requested IMS data was directly available from another source - namely, from IMS. (*See* Ex. D (collecting responses served by each of the Track One Defendants on September 29, 2005).)

The August 2005 requests were served in violation of the orders and rules of this Court, and the Court should not now compel production of data that has long been available from another source. Plaintiffs' requests were untimely under Fed. R. Civ. P. 34(b) and CMO 13. The language of CMO 13 - and the weight of precedent - is clear: discovery requests must be served in time to allow sufficient time to respond before the close of discovery. Further, the August

- 2 -

2005 requests violate Local Rule 26.1(c). Plaintiffs have served far more than two sets of document requests, and they have never sought - much less received - leave of the Court to do so. Finally, Plaintiffs never explain why they have failed to seek IMS data directly from IMS, the obvious source for such data.

## ARGUMENT

The district court has ample discretion to enter orders that limit the time and manner in which to complete discovery. *See* Fed. R. Civ. P. 16(b)(3); Fed. R. Civ. P. 26(b)(2); LR 16.1(f); LR 26.3. Such case management orders address "the problem of procrastination and delay by attorneys in a context in which scheduling is especially important - discovery." Fed. R. Civ. P. 16 advisory committee's note (explaining that time limits force litigants "'to establish discovery priorities and thus to do the most important work first.'") (internal citation omitted); s*ee also* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 11.422 (2004) (recommending discovery deadlines because "[t]ime limits impose valuable discipline on attorneys, forcing them to be selective and to move the case expeditiously"). These rules were "promulgated to enable courts to maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of '[w]ide-ranging discovery.'" *Whittingham v. Amherst Coll.*, 163 F.R.D. 170, 171-72 (D. Mass 1995) (noting that the U.S. District Court of Massachusetts had imposed limitations on, *inter alia*, the number of requests for admissions "in order to encourage cost-effective discovery.") (internal citation omitted).

Just as the Court has authority to enter orders limiting discovery, the Court has the authority to enforce them. LR 1.3; Fed. R. Civ. P. 26(b)(2). *See, e.g., Legault v. Zambarano*, 105 F.3d 24, 29 (1st Cir. 1997) ("the trial judge has an independent responsibility to enforce the directives he has laid down for the case."); *Air Line Pilots Ass'n v. Precision Valley Aviation,*

*Inc.*, 26 F.3d 220 (1st Cir. 1994) ("district courts are entitled to demand adherence to specific mandates contained in the [local] rules."). As the First Circuit has repeatedly reminded litigants, "[r]ules are rules - and the parties must play by them." *Mendez v. Banco Popular de P.R.*, 900 F.2d 4, 7 (1st Cir. 1990) (noting that "parties should not be allowed casually to flout ... or painlessly to escape the foreseeable consequences of noncompliance" with a court-ordered deadline). Here, too, Plaintiffs should not be allowed to avoid the foreseeable consequences of their conduct, much less to achieve a Court order compelling production of their untimely and dilatory requests.

## I.     THE AUGUST 2005 REQUESTS WERE UNTIMELY

### A.     The August 2005 Requests Violated Fed R. Civ. P. 34(b) and CMO 13

Plaintiffs' August 2005 requests were untimely because they were served too late to allow response within the time provided by Fed. R. Civ. P. 34 and within the discovery period defined by CMO 13.

It is well established that requests must be served in sufficient time to allow a response before the discovery cutoff. "Generally, discovery requests are to be made sufficiently inside the discovery period to allow for a response prior to the discovery cut-off date. Discovery requests which are served too late in the discovery period [] have been disallowed." *Gavenda v. Orleans County*, 182 F.R.D. 17, 20 (W.D.N.Y. 1997) (collecting cases); *see also Thomas v. Pacificorp*, 234 F.3d 1176, 1179 (10th Cir. 2003); *Harris v. Seattle*, 315 F.Supp.2d 1112, 1118 (W.D. Wa. 2004); *Babcock v. Cae-Link Corp.*, 878 F. Supp. 377, 387 (N.D.N.Y. 1995); *Williams v. Little Rock Municipal Water Works*, 155 F.R.D. 188, 189 (E.D. Ark. 1993); *cf. Bamberg v. Lernout*, 225 F.R.D. 64, 67 (D. Mass. 2004) (denying motion to compel based on, *inter alia*, finding that 30(b)(6) notice served after the deadline for initiating discovery was untimely). The basis for

this rule is simple, as the Tenth Circuit of the Court of Appeals recently explained: Fed. R. Civ. P. 34(b) allows parties thirty days to respond to a document request; "[t]herefore, requests must be served at least thirty days prior to a completion of discovery deadline." *Thomas*, 234 F.3d at 1179 (explaining that even if discovery requests had been served on the day of the deadline, they would have been untimely); *see also Paige v. Prince George's County, MD*, 2000 WL 1481639, at *1, n.2 (D. Md. 2000) (refusing to compel production in response to document request served without thirty days provided by Federal Rules to respond before the deadline); *Beller v. Credit Alliance Corp.*, 106 F.R.D. 557, 560 (N.D. Ga. 1985) (interpreting local rules to preserve thirty days allowed by the Federal Rules to respond to discovery requests). Here, Plaintiffs' requests were served within two days of the deadline for completion of discovery in CMO 13 - hardly enough time to allow the thirty days for a response allowed under Fed. R. Civ. P. 34(b).

Numerous courts have considered - and rejected - motions to compel production in circumstances nearly identical to those now before this Court.[1] Several have denied motions to compel discovery requests that were served only days before the discovery deadline because they were in violation of orders setting dates for the end of discovery. *See Harris*, 315 F.Supp.2d at 1118 (document requests on last day of discovery "were made too late."); *Babcock*, 878 F.Supp. at 387 (discovery request last day of discovery); *Gavenda*, 182 F.R.D. at 20 (document request served two days before deadline); *see also Paige*, 2000 WL 1481639, at *1, n.2 (document request served nine days before deadline). Here, as in *Harris*, *Babcock*, and *Gavenda*, Plaintiffs

---

[1] The cases cited by Plaintiffs to excuse their tardy requests are not to the contrary. (*See* Motion at 10.) Neither of them even discusses whether discovery requests ought to be served with sufficient time to respond before the discovery deadline. *See In re Selected Somersworth Bank Cases*, 148 F.R.D. 1, 3 (D. Me. 1993) (citing scheduling order and imposing sanctions for a variety of "Machiavellian" and "Falstaffian" delay tactics); *Sheppard v. River Valley Fitness One L.P.*, 203 F.R.D. 56, 60 (D.N.H. 2001) (summarizing, but not explaining, past decision to allow motion to compel requests with a due date after the deadline, and imposing sanctions for one party's "habit of trying to obstruct discovery").

waited to serve their document requests until days before the discovery deadline. The August 2005 requests, as in *Harris*, "were made too late."

Other courts have denied motions to compel because the tardy service of requests followed long periods during which discovery could have been taken without prolonging the discovery period defined by court order. Many courts have specifically noted the length of discovery and the number of extensions of the discovery deadline in rejecting such motions to compel. *See Babcock*, 878 F.Supp. at 387 (four extensions extending discovery period by two years); *Williams*, 155 F.R.D. at 189 (case continued twice, discovery extended once); *Harris*, 315 F.Supp.2d at 1118 ("Plaintiff had over one year to conduct discovery in this matter"). As one district court explained, "[t]he express reason for a discovery cutoff is to avoid last minute discovery disputes, the very situation now before the Court. The parties have had ample time and opportunity for discovery . . . ." *Williams*, 155 F.R.D. at 189 (denying motion to compel document requests served without sufficient time to respond). Here, too, Plaintiffs have had ample time to take the discovery in question. Plaintiffs served their initial document requests almost three years ago. The initial discovery deadline was March 1, 2004, CMO 7 ¶ II.2 (Aug. 7, 2003) (Docket No. 460), and this deadline was extended twice. CMO 10 ¶ III.9 (Mar. 25, 2004) (Docket No. 756) (extending deadline to January 30, 2005); CMO 13 ¶ 3 (extending deadline to August 31, 2005). The time provided by the Court, as well as the deadline in CMO 13, attempted to avoid the "last minute discovery dispute" Plaintiffs now seek to provoke.

Plaintiffs attempt to inject ambiguity into the language of CMO 13, "August 31, 2005 - Close of Fact Discovery" where none truly exists. They assert that the language of the order does not contain the words "that discovery must be propounded with a return date no later than August 31, 2005," (Motion at 10 (noting such language was "absent")), and they infer from the

absence of the words an absence of clarity as to the meaning of August 31 being the end of discovery. That inference is fallacious. "To close" fact discovery means "to conclude" fact discovery. BLACK'S LAW DICTIONARY 202 (7th ed. ab. 2000), and fact discovery is not concluded until requests yield responses.

### B. The August 2005 Requests Were Separate and Distinct Requests

Plaintiffs' characterization of their August 2005 requests as "more specific refinements" of other requests served earlier (Motion at 1) is belied by their words and conduct. Plaintiffs' earlier requests were so vague as to "require[] Defendants to ponder and to speculate . . . ." *Bruggeman v. Blagojevich*, 219 F.R.D. 430, 436 (N.D. Ill. 2004) (providing that document requests must give "reasonable notice of what is called for and what is not"); *see generally* 7 MOORE'S FEDERAL PRACTICE § 34.11. Defendants justifiably objected to those requests, and Plaintiffs never sought to clarify them by stating that they were seeking the IMS data they belatedly decided to seek in August 2005. Nor did Plaintiffs file a motion to compel production of IMS data in response to those requests. A vague, general request that asks for the world is objectionable. If Plaintiffs can then use such a request to justify an untimely request on the ground that the untimely request is simply a subset of the world, then discovery deadlines will have no meaning.

Nowhere in the 2003 requests do the words "IMS" appear, much less do these requests mention databases or specific fields.[2] Instead, the 2003 requests are for information about "pricing, cost data, and sales data," "customer invoices," and "marketing and sales materials" in

---

[2] Plaintiffs apparently disagree with themselves about whether the 2003 request asked for IMS data. In a recent filing discussing the IMS requests, Plaintiffs state that the "original request for this information dates back to March 31, 2004." (Pls.' Opp. to Track One Defs.' Motion to Preclude Pls.' Expert Evidence on Liability or for Other Sanctions at 6 (Oct. 25, 2005) (Docket No. 1798).)  (*See also* Dec. of Steve W. Berman in Support of Pls.' Motion to Extend Expert Witness Disclosures and Discovery ¶ 6 (Aug. 31, 2005) (Docket No. 1695) (noting that "Plaintiffs served their first request for [IMS] data over a year ago" and referring to an exhibit excerpting the March 2004 requests).)

"electronic format." (Motion at 6-7 (summarizing Jun 2003 and December 2003 requests).) The 2004 requests are similarly vague. Again, Plaintiffs did not request databases or drug-specific information. Instead, the request sought "[a]ll documents concerning *communications* between you and IMS Health (or any similar entity providing pharmaceutical database information) concerning or relating to any of your AWPIDs." (Motion at 7 (emphasis added).) Defendants objected to both of these requests as vague and conclusory. Notwithstanding these objections, Plaintiffs actually received some Documents in response to the requests for which they now seek to compel. (Edwards Decl. ¶ 2 (describing how BMS produced more than 250,000 pages of documents referring to IMS).) Plaintiffs left unchallenged these responses and objections - and these productions - until now.

If Plaintiffs were dissatisfied, they should have moved to compel at the time the requests were made, rather than making new and separate requests on the eve of the discovery cut-off. "If the moving party has unduly delayed, the court may conclude that the motion [to compel] is untimely." 8A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE 2d § 2285 (1994 and Supp. 2005). When a party has received the other party's response to a discovery request well before the discovery deadline but does not move to compel until after the deadline, the motion to compel may be deemed to be waived. *See, e.g., Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 621 (D. Nev. 1999) (denying motion to compel served after the discovery deadline after months after receipt of opposing party's response); *Flynn v. Health Advocate, Inc.*, 2005 WL 288989, at *8 (E.D. Pa. 2005) ("Many courts have stated that Motions to Compel filed after the discovery deadline are untimely."). When parties have "slept on their rights," the Court should not compel discovery. *See Breffka & Hehnke GmbH & Co. v. M/V Glorious Success*, 2002 WL 31415624, at *3 (S.D.N.Y. 2002) (refusing to compel depositions).

Here, Plaintiffs received responses to the 2003 and 2004 requests more than a year ago. Yet, Plaintiffs waited to move to compel as to these old requests until six weeks after the discovery deadline and, even then, only as an alternative basis to compel as to a request served on the last two days of the discovery. Having "slept on their rights," Plaintiffs should not be allowed to so flagrantly evade the discovery deadlines set by this Court.

## II.   THE AUGUST 2005 REQUESTS VIOLATED THE LOCAL RULES

The Local Rules provide that, "[u]nless the judicial officer orders otherwise," the parties are limited to two "separate sets of requests for production"  LR 26.1(c). A Court in this District has explained that this language requires that a party "must *explicitly* seek and obtain leave of court" in order to serve any discovery request in excess of the limits in LR 26.1(c). *Advanced Sterilization Products v. Jacob*, 190 F.R.D. 284, 286 (D. Mass. 2000) (construing the provision regarding the limit on depositions) (emphasis retained). To make additional requests, the party must first make a motion to the Court. LR 26.2(B). Plaintiffs here did not do so, but instead served the August 2005 request in excess of the limitations in the Local Rules.[3] The motion to compel these requests should be denied.

Here, Plaintiffs long ago exceeded the limitation on the number of requests as to all the Track One Defendants. For example, the August 2005 requests, as GSK informed Plaintiffs in their Responses and Objections, were the sixth and seventh set of document requests served in the action. (GlaxoSmithKline's Resp. and Objections to Pls.' First and Second Am. and/or Supplemental Req. for Produc. of Docs. to Phase 1 Defs. Relating to IMS Data at 3, attached at Ex. D.) Nevertheless, Plaintiffs have failed to seek leave to set aside the limit before serving

---

[3] Although Plaintiffs recite negotiations at length (Motion at 8-9), they fail to include a certification required by LR 37.1(b) and Fed. R. Civ. P. 37(a)(2)(B) for a motion to compel. *See* LR 26.2(C) ("The judicial officer shall not consider any discovery motion that is not accompanied by a certification, as required by LR 7.1(a)(2) and LR 37.1(b), that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.").

these additional discovery requests.  Even in moving to compel as to these requests, Plaintiffs fail to offer any explanation why they believe the Local Rules do not apply to their August 2005 requests.  Instead, Plaintiffs state only that they "addressed" this concern in correspondence with counsel for Defendants.  (Motion at 8.)  While they did not sufficiently address this concern with Defendants, it is the Court that the Plaintiffs are required to address under the Local Rules.  Such a cavalier approach to the discovery limits in the Local Rules should not be tolerated, much less enforced by an order of this Court.

**III.   THE SUBJECT OF THE AUGUST 2005 REQUESTS HAS LONG BEEN OBTAINABLE FROM ANOTHER SOURCE**

The IMS data that Plaintiffs now seek the Court to compel has long been available from another source - IMS.  The Federal Rules empower the Court to limit discovery if a request "is obtainable from some other source that is more convenient, less burdensome, or less expensive" or if "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought."  Fed. R. Civ. P. 26(b)(2)(i)-(ii).  These limitations exist to enable to Court "to maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of 'wideranging discovery.'"  *Whittingham*, 163 F.R.D. at 171-172.  Such limits are appropriate here.  Plaintiffs have had years to attain data directly from IMS, but instead they seek a Court order to compel Defendants to provide information pursuant to their last-minute requests.

Strikingly, Plaintiffs begin their motion by explaining that IMS is in the business of providing exactly the kind of information Plaintiffs seek.  Plaintiffs quote statements from IMS that it is "a global source for pharmaceutical market intelligence" and a "leading provider of business intelligence and strategic consulting services for the pharmaceutical and healthcare industries."  (Motion at 2; Ex. A to Motion (stating that, at IMS, "data is only the beginning of what we do").)  As Plaintiffs describe it, IMS data is what IMS does.

Yet, Plaintiffs have never - to the best of Defendants' knowledge or belief - tried to attain IMS data directly from IMS. They have never subpoenaed this data from IMS. They have never moved to compel production of such data from IMS. Here, in seeking an order from this Court, Plaintiffs fail to offer an explanation as to why it is Defendants - not IMS - from which they seek to compel production of this data. Although Plaintiffs state they "addressed" this objection in correspondence with counsel for Defendants (Motion at 8), they did not do so adequately. (Edwards Decl. ¶ 2-8.) More importantly, they fail to "address" this objection with the Court.

Plaintiffs' silence is even more inexplicable because Plaintiffs and their experts have been aware of IMS data for more than a year. (Edwards Decl. ¶ 3.) If IMS data is "simply the stuff of damages analyses and factual evidence in a pharmaceutical case" (Motion at 11), Plaintiffs - who have been bringing such a case for years - have had ample time and opportunity to request this information directly from IMS. The Court should not now compel Defendants to produce such information pursuant to Plaintiffs' last-minute request.

## CONCLUSION

For all the foregoing reasons, Plaintiffs' Motion to Compel Production of IMS Data and Reports should be denied.

Dated:  November 4, 2005

                                              Respectfully submitted,
                                              THE TRACK ONE DEFENDANTS

                                              By attorneys,

                                              <u>/s/ John. T. Montgomery</u>
                                              John T. Montgomery (BBO#352220)
                                              Steven A. Kaufman (BBO#262230)
                                              Eric P. Christofferson (BBO#654087)
                                              Ropes & Gray LLP
                                              One International Place
                                              Boston, Massachusetts 02110-2624
                                              (617) 951-7000

                                              *Attorneys for Schering-Plough Corp. and Warrick Pharmaceuticals Corp.*

                                              William F. Cavanaugh, Jr.
                                              Andrew D. Schau
                                              Erik Haas
                                              Adeel Mangi
                                              PATTERSON BELKNAP WEBB
                                                 & TYLER LLP
                                              1133 Avenue of the Americas
                                              New York, New York  10036-6710
                                              (212) 336-2824

                                              *Attorneys for the Johnson & Johnson*

                                              Steven M. Edwards
                                              Lyndon M. Tretter
                                              HOGAN & HARTSON, LLP
                                              875 Third Avenue, Suite 2600
                                              New York, New York  10022

                                              *Attorneys for the Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., Apothecon, Inc.*

        Nicholas C. Theodorou (BBO #496730)
        Lucy Fowler (BBO #647929)
        FOLEY HOAG LLP
        155 Seaport Boulevard
        Boston, MA  02110

        D. Scott Wise
        Michael Flynn
        Kimberley Harris
        DAVIS POLK & WARDWELL
        450 Lexington Avenue
        New York, New York 10017

        *Attorneys for AstraZeneca Pharmaceuticals LP*

        Mark H. Lynch
        COVINGTON & BURLING
        1201 Pennsylvania Avenue, N.W.
        Washington, D.C.  20004-7566

        Frederick G. Herold
        DECHERT LLP
        975 Page Mill Road
        Palo Alto, CA  94304-1013

        Mark D. Seltzer
        HOLLAND & KNIGHT LLP
        10 St. James Avenue
        Boston, Massachusetts  02116

        *Attorneys for SmithKlineBeecham Corp. d/b/a GlaxoSmithKline*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 4, 2005, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

        /s/ John. T. Montgomery_____
        John T. Mongtomery