# EXHIBIT D



6905234
Sep 29 2005
3:52PM

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

MDL No. 1456

CIVIL ACTION:  O1-CV-12257-PBS

Judge Patti B. Saris

THIS DOCUMENT RELATES TO
O1-CV-12257-PBS, AND 01-CV-339

**GLAXOSMITHKLINE'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST AND SECOND AMENDED AND/OR SUPPLEMENTAL REQUESTS FOR PRODUCTION OF DOCUMENTS TO PHASE 1 DEFENDANTS RELATING TO IMS DATA**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules

of the District Court for the District of Massachusetts, Case Management Orders ("CMO") Nos. 5, 7,

10 and 13 and the Court's November 21, 2003 Bench ruling, Defendant SmithKline Beecham

Corporation d/b/a GlaxoSmithKline ("GSK"), by its undersigned counsel, hereby responds to

Plaintiffs' First and Second Amended and/or Supplemental Requests for Production of Documents to

Phase 1 Defendants Relating to IMS Data ("Requests")[1], as follows:

## I.      PRELIMINARY STATEMENT

Preliminarily, GSK states as follows:

1.      By responding to these Requests, GSK does not waive or intend to waive: (a)

any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence,

for any purpose, of any documents or information produced in response to the Requests; (b) the right

---

[1] Plaintiffs' First and Second Amended and/or Supplemental Requests appear identical in all material respects as they relate to GSK with the exception that the Second Amended/Supplemental Requests include Lanoxin in addition to all of the same drugs included in the First Amended/Supplemental Requests.

DC: 1909384-1

to object on any ground to the use of the documents or information produced in response to the Requests at any hearing, trial, or other point during the litigation; or (c) the right to object on any ground at any time to a demand for further responses to the Requests.

        2.     No objection made herein, or lack thereof, is an admission by GSK as to the existence or non-existence of any documents or information.

        3.     The responses made herein are based on GSK's investigation to-date of those sources within its control where it reasonably believes responsive documents or information may exist.  GSK reserves the right to amend or supplement these responses in accordance with the applicable rules and Court orders.

## II.    <u>GENERAL OBJECTIONS</u>

        GSK expressly incorporates all of the General Objections set forth below into each Response to the Requests.  Any Specific Objections provided below are made in addition to these General Objections and failure to reiterate a General Objection below does not constitute a waiver of that or any other objection.

### A.    <u>GENERAL OBJECTION TO REQUESTS REQUIRING RESPONSE AND PRODUCTION AFTER CMO 13's FACT DISCOVERY DEADLINE</u>

        GSK objects to Plaintiffs' Requests, which were served on August 30 and 31, 2005, as untimely because they impermissibly require response and document production after the Court's August 31, 2005 fact discovery deadline.  *E.g., Fahey v. Creo Products*, No. 96 C 5709, 1998 WL 474114, at *2 (N.D. Ill. Aug. 4, 1998) (written discovery served one day before discovery cut-off was untimely; defendant need not respond); *Gavenda v. Orleans County*, 82 F.R.D. 17, 20 (W.D.N.Y. 1997) ("discovery requests are to be made sufficiently inside the discovery period to allow for a response prior to the discovery cut-off date.  Discovery requests which are served too late in the discovery period to allow for a timely response, have been disallowed."); *Lastre v. Leonard*, No. 89 C

1784, 1990 WL 37658, at *1 (N.D. Ill. Mar. 21, 1990) ("Discovery requests not scheduled for

completion before the discovery closing date, do not comply with the court's standing order.");

*Adams v. Budd Co.*, No. 85-566, 1987 WL 56618, at *2 n.1 (N.D. Ind. Feb. 9, 1987) (discovery

request made three days before close of discovery; defendant under no duty to comply).

**B.   GENERAL OBJECTION TO SERVING REQUESTS IN VIOLATION OF LOCAL RULE 26.1(C)**

GSK objects to Plaintiffs' Requests pursuant to District of Massachusetts Local Rule

26.1(C).  Local Rule 26.1(C) expressly limits each party to two "separate sets of requests for

production."  These Requests, for which Plaintiffs did not seek leave of court prior to service,

constitute Plaintiffs' sixth and seventh sets of document requests and, thus, expressly violate Local

Rule 26.1(C).[2]

**C.   GENERAL OBJECTION TO DEMANDING PRODUCTION OF INFORMATION IN VIOLATION OF A VALID LICENSING AGREEMENT**

GSK objects to Plaintiffs' Requests as they seek certain information that is the subject

of a January 1, 2001 licensing agreement between GSK and IMS Health Incorporated ("IMS"),

which, among other things, prohibits GSK's disclosure of IMS-licensed data to third parties without

IMS's consent.  GSK objects to Plaintiffs' Requests on the grounds that the Requests would require

GSK's breach of its license agreement with IMS.  GSK objects on the further grounds that the

information sought by Plaintiffs should be sought via subpoena or document request from IMS,

which would expedite the discovery process and not necessitate GSK's breach of its agreement with

IMS.

---

[2] Plaintiffs' First Request for Production of Documents and Interrogatories, served December 3, 2003; Plaintiffs' Second Request for Production of Documents, served December 19, 2003; Plaintiffs' Omnibus Request for Production of Documents, served March 31, 2004; Plaintiffs' Request for Production of Documents to GlaxoSmithKline Concerning J-Code Applications, served June 30, 2005; and Plaintiffs Request for Production of Documents to All Defendants Relating to IMS Data, served on July 19, 2005.

**D.     GENERAL OBJECTIONS TO "RELEVANT TIME PERIOD"**

GSK objects to Plaintiffs' "Relevant Time Period" to the extent it calls for documents generated or assembled either prior to October 26, 1997 or after September 6, 2002, the date on which the Master Consolidated Class Action Complaint was filed, on the grounds that such documents are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

**E.     GENERAL OBJECTIONS TO PLAINTIFFS' DEFINITIONS, RULES OF CONSTRUCTION, AND INSTRUCTIONS**

GSK objects generally to Plaintiffs' Definitions, Rules of Construction, and Instructions as follows:

1.     GSK objects to Plaintiffs' "Definitions," "Rules of Construction," and "Instructions" to the extent they expand upon or alter GSK's obligations under the Federal Rules of Civil Procedure, this Court's local rules, and this Court's prior rulings in this matter.  GSK will comply with the Federal Rules of Civil Procedure, this Court's local rules, and this Court's prior rulings in this matter in providing its Answers and Objections to Plaintiffs' Requests.

2.     GSK objects to the definitions of "Document(s)," "All documents," "Defendant," "You," and "Your," as set forth in Definition Nos. 1-4 to the extent they seek to impose discovery obligations that are broader than, or inconsistent with, GSK's obligations under the Federal Rules of Civil Procedure and this Court's local rules.  These definitions are overly broad, unduly burdensome, and vague because they seek production of documents not in the control or custody of GSK, require GSK to search the files of third-parties, and require GSK to speculate concerning the identities of individuals and business entities included in these definitions.

3.     GSK objects to Instruction No. 1, and subsections thereof, as vague, ambiguous, and unduly burdensome to the extent it requires GSK to speculate about the existence of

- 4 -

responsive information that may or may not exist in the possession of third-parties. GSK also objects

to this Instruction as inconsistent with the Federal Rules of Civil Procedure.

    4.    GSK objects to Instruction Nos. 2 and 5 to the extent they call for the

production of documents generated or assembled either prior to October 26, 1997 or after September

6, 2002, the date on which the Master Consolidated Class Action Complaint was filed, on the ground

that such documents are neither relevant to the subject matter of the pending action nor reasonably

calculated to lead to the discovery of admissible evidence.

    5.    GSK objects to Instruction No. 3 as inconsistent with the Federal Rules of

Civil Procedure, this Court's local rules, the Federal Rules of Evidence, and federal case law to the

extent it seeks to waive any objection not made in GSK's Answers and Objections to Plaintiffs'

Requests.

    6.    GSK objects to Instruction No. 6 to the extent it demands that when redacting a

document for privilege, GSK must stamp the word "redacted" on each page of the document.

    7.    GSK objects to Instruction No. 8 to the extent it requires production of original

documents. This instruction is inconsistent with the Federal Rules of Civil Procedure and an

agreement already reached with Plaintiffs' counsel.

    8.    GSK objects to Instruction No. 9 to the extent it demands that all documents be

produced in the original file folder, envelopes, or other containers in which the documents are kept by

GSK. This instruction is inconsistent with the Federal Rules of Civil Procedure and an agreement

already reached with Plaintiffs' counsel.

    **F.**    **GENERAL OBJECTIONS TO REQUESTS**

    GSK objects generally to Plaintiffs' Requests as follows:

    1.    Throughout the course of discovery in this matter, GSK has produced millions

of pages of documents as well as large quantities of electronic data. This production of documents to

Plaintiffs included, but was not limited to, documents concerning the pricing, sales, and marketing of certain of GSK's pharmaceuticals at issue in this litigation.  The collection and production of these documents was extremely burdensome, time-consuming, and costly.  Therefore, GSK objects to each and every Request as overly broad, unduly burdensome, vexatious, oppressive, and duplicative to the extent that they ask GSK to look for and/or produce documents and information already produced to the Plaintiffs.

      2.     GSK objects to each and every Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence to the extent that they purport to require production of documents or information relating to pharmaceuticals not at issue in this litigation.

      3.     GSK objects to each and every Request as unduly burdensome, cumulative, duplicative, and vexatious to the extent that it seeks "all" documents described in the Request without any time limitation.

      4.     GSK objects to each and every Request to the extent that it seeks information not contained in documents that currently exist at GSK and requires GSK to create, compile, or develop new documents.

      5.     GSK objects to each and every Request to the extent that it seeks production of documents or information not in GSK's custody or control, publicly available documents or information, documents or information equally available to Plaintiffs, or documents or information more appropriately sought from third-parties to whom subpoenas or requests could be directed.

      6.     GSK objects to each and every Request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, joint-defense privilege, accountant-client privilege, or any other applicable privileges or protections.

7.     GSK objects to each and every Request to the extent that it seeks information concerning a trade secret, proprietary, or other confidential information — including but not limited to sensitive commercial information, medical or health information, or personnel information — except to the extent such information is protected by an acceptable form of stipulation and protective order adequate to preserve the confidentiality of such information.

8.     GSK objects to each and every Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence to the extent that it purports to require production of documents or seeks information prior to October 26, 1997. Furthermore, GSK objects to any Request that seeks documents or information after the filing of the Master Consolidated Class Action Complaint on September 6, 2002.

9.     GSK objects to each and every Request as irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents or information concerning any divested product after the date of its sale or discontinued product after the date of its discontinuation.

10.     GSK objects to each and every Request, either individually or collectively, that is overly broad, unduly burdensome, expensive, embarrassing, vexatious, or oppressive to produce on the grounds that such a Request exceeds the permissible scope of discovery under the Federal Rules of Civil Procedure.

11.     GSK objects to each and every Request to the extent that it seeks information that is not relevant to this litigation or is not reasonably calculated to lead to the discovery of admissible evidence.

12.     GSK objects to all Requests that are entirely or partially duplicative of Requests found in Plaintiffs' First Request for Production of Documents and Interrogatories, served

December 3, 2003, Plaintiffs' Second Request for Production of Documents, served December 19,

2003, Plaintiffs' Omnibus Request for Production of Documents, served on March 31, 2004 and

Plaintiffs' Request for Production of Documents to GlaxoSmithKline Concerning J-Code

Applications, served June 30, 2005. GSK incorporates by reference herein all of GSK's objections to

Plaintiffs' previous requests for production of documents and interrogatories.

13.     GSK objects to any implications and to any explicit or implicit characterization

of the facts, events, circumstances, or issues in the Requests.  Any Response by GSK is not intended

to indicate that GSK agrees with any implication or any explicit or implicit characterization of the

facts, events, circumstances, or issues in the Requests, or that such implication or characterizations

are relevant to this action.

## III.   SPECIFIC OBJECTIONS AND ANSWERS TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

With respect to the drugs on Exhibit A, the following IMS reports or data for each such drug

that you manufactured:

**(a)   IMS National Disease and Therapeutic Index (NDTI) Data**

For each drug that is physician administered and/or covered by Medicare Part B,
please provide NDTI data including the following:

- Timeframe:  Monthly, from 1991 to the present

- Method of payment

- In terms of TRXs and/or dollars if possible, or in terms of office visits (or

  "drug uses" or "appearances") if not

- By manufacturer

- By form (e.g., injectable, tablets, etc.)

- By strength (e.g., 15 mg, 30 mg, etc.)

(b)   **IMS National Sales Perspective (NSP) (previously the Retail and Provider Perspective)**

For each drug that is physician administered and/or covered by Medicare Part B, please provide NSP (or RPP) data including the following:

- Timeframe:  Monthly, from 1991 to the present

- Data elements:  Units, Extended Units, Dollars

- By channel (e.g. clinic, non-federal hospital, chain, etc.)

- By NDC or its equivalent

- By form

- By strength

**RESPONSE:**

In addition to GSK's objection to the untimeliness of these Requests and its other General Objections, GSK objects to this request to the extent that it seeks the production of documents already in Plaintiffs' possession, documents not in GSK's possession, custody or control or documents more appropriately sought from third-parties via license agreement, subpoena or document request so as to permit GSK to honor its contractual confidentiality obligations to IMS.

Dated:  September 29, 2005

/s/ Matthew J. O'Connor
Mark H. Lynch
Geoffrey E. Hobart
Matthew J. O'Connor
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:  (202) 662-5317

Thomas H. Lee, II
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA  19103
Telephone:  (215) 999-2994

Frederick G. Herold
DECHERT LLP
1117 California Avenue
Palo Alto, CA  94304-1106
Telephone:  (650) 813-4800

Mark D. Seltzer
Holland & Knight, LLP
10 St. James Avenue
Boston, MA  02116-3813
Telephone:  (617) 523-2700

## CERTIFICATE OF SERVICE

I, Matthew O'Connor, certify that, on this 29th day of September, 2005, I served a copy of the forgoing Defendant GlaxoSmithKline's Responses and Objections to Plaintiffs' First and Second Amended and/or Supplemental Requests for Production of Documents to Phase 1 Defendants Relating to IMS Data on all counsel of record by electronic service pursuant to Case Management Order No. 2, by causing a copy to be sent to LexisNexis File and Serve for posting and notification.

/s/ Matthew J. O'Connor
Matthew O'Connor



6909184

Sep 29 2005
7:08PM

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) |  MDL No. 1456 |

IN RE PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE )       MDL No. 1456
LITIGATION )
)             Civil Action: 01-CV-12257-PBS
)
)             Judge Patti B. Saris
)
)
)
THIS DOCUMENT RELATES TO )
01-CV-12257-PBS and 01-CV-339 )
)

## RESPONSES AND OBJECTONS OF DEFENDANTS BRISTOL-MYERS SQUIBB CO., ONCOLOGY THERAPEUTICS NETWORK CORP. AND APOTHECON, INC. TO PLAINTIFFS' FIRST AND SECOND AMENDED AND/OR SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS TO PHASE 1 DEFENDANTS RELATING TO IMS DATA

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local

Rules of the United States District Court for the District of Massachusetts, and Case

Management Orders 10 and 11, Defendants Bristol-Myers Squibb Co., Oncology Therapeutics

Network Corp. and Apothecon, Inc. (collectively, "BMS"), by its undersigned counsel, hereby

responds to Plaintiffs' Amended and/or Supplemental Request for Production of Documents to

Phase 1 Defendants Relating to IMS Data and Plaintiffs' Second Amended and/or

Supplemental Request for Production of Documents to Phase 1 Defendants Relating to IMS

Data ("Amended IMS Requests") as follows:

### PRELIMINARY STATEMENTS

1.      This response encompasses Plaintiffs' Amended and/or Supplemental

Request for Production of Documents to Phase 1 Defendants Relating to IMS Data and

Plaintiffs' Second Amended and/or Supplemental Request for Production of Documents to

Phase 1 Defendants Relating to IMS Data because the two documents request the same document production from BMS.

2.      BMS's response is made based upon reasonable and diligent investigation conducted to date. Discovery and investigation in this matter are ongoing and the responses set forth herein are given without prejudice to BMS's right to provide at a later date relevant information or to add, modify, or otherwise change or amend the responses made herein. BMS also reserves the right to raise any additional objections it may have in the future.

3.      BMS's responses shall not be deemed to constitute admissions

a.      that any particular document or thing exists, is relevant, non-privileged, or admissible in evidence; or

b.      that any statement or characterization in the Amended IMS Requests is accurate or complete.

4.      These responses and objections are made solely for the purposes of this action and these responses are made without in any way waiving:

a.      All rights to object to the Amended IMS Requests, the responses, or subject matter thereof, as to the competency, relevancy, materiality, privilege, propriety, and admissibility as evidence for any purpose, in any proceeding in, or at the trial of, this or any other action;

b.      The right to object on any grounds that would require the exclusion of any statements contained herein if such document requests were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial

2

c. The right to object on any ground to the use of these responses, or the subject matter thereof, in any proceeding in, or at the trial of, this or any other action; or

d. The right to object on any ground at any time to interrogatories, requests for production, or other discovery procedures involving or relating to the subject matter of the Amended IMS Requests.

5. BMS's responses to the Amended IMS Requests contain information subject to the stipulated Protective Order in this matter and must be treated accordingly.

6. These responses are made based upon the typical or usual interpretation of words contained in the Amended IMS Requests, unless a specific definition or instruction has been provided.

## **GENERAL OBJECTIONS**

1. BMS objects to the Amended IMS Requests on the ground that they are the eight and ninth separate set of document requests (not including requests made in connection with deposition notices) served upon BMS in this action. Plaintiffs previously served upon BMS the following seven separate sets of requests for production: (1) Plaintiffs' Request for Production of Documents to Aventis, Abbott, Amgen, Boehringer, BMS, Johnson & Johnson, GSK, Hoffman, Immunex, and Schering-Plough and Interrogatories as to All Defendants Subject to Discovery, served on December 3, 2003; (2) Plaintiffs' Second Request for Production of Documents to Aventis, Abbott, Amgen, BMS, Johnson & Johnson, GSK, Hoffman, Immunex and Schering-Plough, served on December 19, 2003; (3) the Omnibus Requests, served on March 31, 2004; (4) Plaintiffs' Request for Production to Defendants Regarding HHS ASPs, served on May 26, 2004; (5) Plaintiffs' Third Set of Production of

3

Documents to All Defendants, served on July 14, 2004; (6) Plaintiff's Request for Production of Documents Relating to J-Code Applications, served on June 30, 2005; and (7) Plaintiffs' Request for Production of Documents to All Defendants Relating to IMS Data, served on July 19, 2005. As the eighth and ninth separate set of document requests served upon BMS, the Amended IMS Requests are in violation of the limit set forth in Local Rule 26.1(C), and are therefore impermissible.

2.      BMS objects to the timeliness of the Amended IMS Requests because they impermissibly request BMS to produce documents after the discovery cut-off date of August 31, 2005. The Amended IMS Requests are in violation of CMO No. 13 because they seek to extend discovery past the cut-off date established by this Court.

3.      BMS objects to Plaintiffs' "definitions" and "instructions", to any other preliminary statements and to the breadth of the individual requests themselves to the extent any of them purport to expand upon or alter the Federal Rules of Civil Procedure or BMS's obligations in responding to these requests. BMS will comply with Federal Rules of Civil Procedure and Local Rules in providing its responses to the Amended IMS Requests.

4.      BMS objects to Plaintiffs' definitions of "Document(s)," "All documents," "Defendant," "You," and "Your," as set forth in Definitions Nos. 1, 2, 3, and 4, and Instruction Nos. 1, 3(b), 5, 6, 7, 8 and 9 and their various subsections because they are vague, ambiguous, overly broad, unduly burdensome, and encompasses material that is not relevant or reasonably calculated to lead to discovery of admissible evidence.

5.      BMS objects to Instruction No. 1 and its various subsections because they are unduly burdensome, vague and ambiguous to the extent they require BMS (or BMS

4

employees) to speculate about the existence of responsive information that may or may not have existed.

6.      BMS objects to Instruction No. 5 and the Relevant Time Period definition to the extent that they call for the production of documents that were created after June 12, 2003, the date plaintiffs filed the Amended Master Consolidated Complaint.

7.      BMS objects to Instruction No. 6 to the extent that it specifically calls for the production of irrelevant and non-responsive material.  BMS will produce data responsive to the Amended IMS Requests and in so far as a document contains both responsive and non-responsive material, BMS reserves the right to redact material or data that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8.      BMS objects to Instruction No. 7 to the extent that it calls for the production of documents and/or data that relates to a drug that is not manufactured by BMS. BMS will only produce documents and/or data relating to those drugs from Exhibit A that are manufactured by BMS.

9.      BMS objects to Instruction No. 8 to the extent it calls for production of original documents.  BMS will use reasonable efforts to produce copies.  BMS will provide access to originals, if responsive documents are located, on reasonable specific requests only.

10.     BMS objects to Instruction No. 9 to the extent it calls for the production of physical files and containers kept by BMS and the employees of BMS.  BMS will use reasonable efforts to produce copies of any labels or other identification.

11.     BMS objects to the definition of the "Relevant Time Period" and to each of the individual requests to the extent it calls for documents created prior to January 1, 1999 or

after June 12, 2003 on the ground that production of such documents is unduly burdensome, and encompasses material that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

12.    BMS objects to the Amended IMS Requests to the extent that they call for the production of documents or information not relevant to the issues in this action or is not reasonably calculated to lead to the discovery of admissible evidence.

13.    BMS objects to the Amended IMS Requests to the extent that they seek documents or information that is protected from disclosure by the work product doctrine, the attorney-client, accountant-client, consulting expert, or investigative privileges, by any common interest or joint defense agreement or by any other applicable privilege or protection.

14.    The responses given herein are based upon documents and information within BMS's current possession, custody, or control.  BMS objects to each Amended IMS Request to the extent that it calls for production of documents or information not within the possession, custody, or control of BMS.

15.    BMS objects to each Amended IMS Request to the extent that it calls for information that is confidential, proprietary, and/or trade secret of a third party.

16.    BMS objects to each Amended IMS Request to the extent that it seeks disclosure of information that is a matter of public record, is equally available to the Plaintiffs, or is already in the possession of the Plaintiffs.

17.    BMS objects to the Amended IMS Requests in so far as they seek the production of documents that are subject to and implicate any contractual obligations BMS owes to IMS.  To the extent BMS produces any documents that are subject to such contractual

6

obligations, it shall only do so after plaintiffs have agreed, in writing, to any and all terms and conditions that IMS requires.

18.     BMS objects to the Amended IMS Requests to the extent that IMS imposes a fee on BMS to collect the responsive documents and data and plaintiffs refuse to reimburse BMS for that fee.

19.     BMS objects to the Amended IMS Requests to the extent that they call for the production of information relating to the period prior to September 1999 because BMS does not have online access to such information and searching for that information would be unduly burdensome and expensive.

20.     Insofar as any Amended IMS Request seeks information to which the foregoing Objections to Plaintiffs' Definitions and Instruction apply, BMS's specification or failure to note particular Objections to Plaintiffs' Definitions and Instructions in the Specific Objections below shall not constitute a waiver of those or other Objections to Plaintiffs' Definitions and Instructions with respect to any individual request.

## SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

**Request No. 1**:

With respect to the drugs on Exhibit A, the following IMS reports or data for each such drug that you manufactured:

(a)     IMS National Disease and Therapeutic Index (NDTI) Data

For each drug that is physician administered and/or covered by Medicare Part B, please provide NDTI data including the following:

- Timeframe: Monthly, from 1991 to the present
- Method of payment

7

- In terms of TRXs, and/or dollars if possible, or in terms of office visits (or "drug uses" or appearances") if not
- By manufacturer
- By form (e.g., injectable, tablets, etc.)
- By strength (e.g., 15 mg, 30 mg, etc.)

(b)   IMS National Sales Perspective (NPS) (previously the Retail and Provider Perspective)

For each drug that is physician administered and/or covered by Medicare Part B, please provide NSP (or RPP) data including the following:

- Timeframe: Monthly, from 1991 to the present
- Data elements: Units, Extended Units, Dollars
- By channel (e.g., clinic, non-federal hospital, chain, etc.)
- By NDC or its equivalent
- By form
- By strength

**Response to Request No. 1**:

BMS objects to Request No. 1 on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence in this action. Subject to and without waiving these Specific Objections and the General Objections, BMS states that, upon information and belief, it did not subscribe to the version of IMS National Disease and Therapeutic Index (NDTI) that contains the requested data and thus does not have the data in its possession. As for the IMS National Sales Perspective (NPS) (previously the Retail and Provider Perspective) request, BMS objects to the timeliness of this request on the ground that it would require BMS to produce documents after the discovery cut-off. BMS further objects to this demand to the extent it calls for the production of any IMS documents created prior to January 1, 1999 on the ground that those documents are not electronically available and it would be unduly burdensome and expensive for BMS to search its files for responsive documents.

8

Dated: New York, New York
       September 29, 2005

**HOGAN & HARTSON L.L.P.**

By: /s/ Steven M. Edwards
    Steven M. Edwards (SE 2773)
    Lyndon M. Tretter  (LT 4031)
    Admitted *pro hac vice*

875 Third Avenue
New York, New York 10022
(212) 918-3000

9

## CERTIFICATE OF SERVICE

I, Hoa T.T. Hoang, hereby certify that on September 29, 2005, I have caused a true and correct copy of the foregoing Responses and Objections of Defendants Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp. and Apothecon, Inc. to Plaintiffs' First and Second Amended and/or Supplemental Request for Production of Documents to Phase 1 Defendants Relating to IMS Data to be served on all counsel of record by electronic service, pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to Lexis/Nexis for posting and notification to all parties.

Date: New York, New York
      September 29, 2005

_____
Hoa T.T. Hoang



Sep 29 2005
6:21PM

WILLIAM F. CAVANAUGH, JR.
ANDREW D. SCHAU
ERIK HAAS
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036-6710
(212) 336-2000
ATTORNEYS FOR DEFENDANTS JOHNSON & JOHNSON, CENTOCOR INC., ORTHO BIOTECH
PRODUCTS L.P., JANSSEN PHARMACEUTICA PRODUCTS L.P., ORTHO MCNEIL PHARMACEUTICAL
INC., MCNEIL-PPC., JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., AND NEUTROGENA INC.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | JUDGE PATTI B. SARIS |

**RESPONSE OF JOHNSON & JOHNSON, CENTOCOR INC., ORTHO BIOTECH PRODUCTS L.P., JANSSEN PHARMACEUTICA PRODUCTS L.P., ORTHO MCNEIL PHARMACEUTICAL INC., MCNEIL-PPC., JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC., AND NEUTROGENA INC. TO PLAINTIFFS' SECOND AMENDED AND/OR SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL PHASE 1 DEFENDANTS RELATING TO IMS DATA**

Defendants Johnson & Johnson, Centocor Inc., Ortho Biotech Products L.P.,

Janssen Pharmaceutica Products L.P., Ortho McNeil Pharmaceutical Inc., McNeil-PPC., Johnson

& Johnson Health Care Systems Inc., and Neutrogena Inc., (collectively, the "J&J Companies")

by their attorneys Patterson, Belknap, Webb & Tyler LLP, make the following response to

Plaintiffs' Second Amended And/Or Supplemental Request for Production of Documents to all

Phase 1 Defendants Relating to IMS Data (the "Second Amended Requests").

<strong>GENERAL OBJECTIONS AND RESERVATIONS</strong>

1.      Plaintiffs' Counsel have withdrawn the "Amended And/Or Supplemental Request

for Production of Document to Phase 1 Defendants Relating to IMS Data" dated August 30,

2005 as to the J&J Companies.  Accordingly, the J&J Companies respond here only to the

Second Amended Requests.

2.      The J&J Companies object to the Second Amended Requests as untimely, as

these were served on August 31, 2005, the last day of discovery against the J&J Companies

pursuant to CMO 13.  To be timely, the Second Amended requests should have been served by

August 1, 2005 so as to permit a full response prior to the close of discovery.

3.      The J&J Companies object to the Second Amended Requests as unduly

burdensome and seeking irrelevant information insofar as they discovery in relation to drugs that

are in the case only in relation to Together RX or are no longer in the case as a result of the

court's refusal to certify a class relating to self-administered drugs.

4.      The J&J Companies object to the definitions of "Document(s)," "All documents,"

"Defendant," "You," and "Your" and to these requests to the extent they seek to impose

discovery obligations that are broader than or inconsistent with the requirements of the Federal

Rules of Civil Procedure and this Court's Local Rules and Orders.  The J&J Companies further

objects to these definitions as vague and ambiguous and to the extent they seek information

protected by the attorney-client privilege, the attorney work-product doctrine, the consulting

expert privilege, or any other applicable privilege, rule or doctrine.

1219329v1

5.     The J&J Companies objects to the Plaintiffs' definition of the relevant time period as overly broad, unduly burdensome, and seeking documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that, as applied, this defined time period calls for the production of information created prior to the statutes of limitations applicable to plaintiffs' claims or after plaintiffs' filed their original complaint.

6.     The J&J Companies incorporate by reference herein the General Objections and Reservations set forth in their responses to plaintiffs' previous document requests, including but not limited to Centocor's Objections and Responses to Plaintiffs' Amended First Requests for Production of Documents dated September 9, 2003; Ortho Biotech's Responses To Plaintiffs' Requests For Production Of Documents dated January 16, 2004; Ortho Biotech's and Centocor's Responses To Plaintiffs' Second Requests For Production Of Documents dated January 16, 2004; and Johnson & Johnson, Janssen Pharmaceutica Products, L.P., and McNeil-PPC Inc.'s Responses To Plaintiffs' Omnibus Request For Production Of Documents And Interrogatories dated April 27, 2004.

## RESPONSE TO REQUEST FOR PRODUCTION

Subject to and in accordance with the foregoing General Objections, the J&J Companies respond as follows:

## REQUEST FOR PRODUCTION NO. 1:

With respect to the drugs on Exhibit A, the following IMS reports or data for each such drug that you manufactured

a.          IMS National Disease and Therapeutic Index (NDTI) Data

For each drug that is physician administered and/or covered by Medicare Part B, please provide NDTI data including the following:

3

1219329v1

- Timeframe:  Monthly, from 1991 to the present
- Method of payment
- In terms of TRXs and/or dollars if possible, or in terms of office visits (or "drug uses" or "appearances") if not
- By manufacturer
- By form (e.g., injectable, tablets, etc.)
- By strength (e.g., 15 mg, 30 mg, etc.)

b.       <u>IMS National Sales Perspective (NSP) (previously the Retail and Provider Perspective)</u>

For each drug that is physician administered and/or covered by Medicare Part B, please provide NSP (of RPP) data including the following:

- Timeframe:  Monthly, from 1991 to the present
- Data elements: Units, Extended Units, Dollars
- By channel (e.g., clinic, non-federal hospital, chain, etc.)
- By form
- By strength.


**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

In addition to their General Objections, the J&J Companies object to this request as overly broad and misdirected insofar as it seeks data concerning drugs not manufactured, marketed or sold by the J&J Companies.  The J&J Companies further object to the request as unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

The J&J Companies also object to this request on the grounds that it seeks IMS confidential and proprietary information that may not be disclosed by the J&J Companies without prior notice and opportunity to object afforded to IMS.  Consequently, the appropriate and less burdensome means for plaintiffs to acquire the demanded data is to request production directly from IMS.

4

September 29, 2005

_____ /s/ Erik Haas _____
William F. Cavanaugh, Jr.
Andrew D. Schau
Erik Haas
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036-6710
(212) 336-2000
ATTORNEYS FOR THE J&J COMPANIES

5



Sep 29 2005
8:13PM

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE LITIGATION )
                                         )
THIS DOCUMENT RELATES TO )
01-CV-12257-PBS )
                                         )

MDL No. 1456

Civil Action No. 01-CV-12257 PBS

Judge Patti B. Saris

### RESPONSES AND OBJECTIONS OF ASTRAZENECA PHARMACEUTICALS LP TO PLAINTIFFS' AMENDED AND/OR SUPPLEMENTAL REQUESTS AND SECOND AMENDED AND/OR SUPPLEMENTAL REQUESTS FOR PRODUCTION OF DOCUMENTS TO PHASE 1 DEFENDANTS RELATING TO IMS DATA

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts, AstraZeneca Pharmaceuticals LP ("AstraZeneca"), by its undersigned counsel, hereby responds to Plaintiffs' Amended and/ or Supplemental Requests and Second Amended and/ or Supplemental Requests for Production of Documents to Phase 1 Defendants Relating to IMS Data (the "Requests") as follows:

### GENERAL OBJECTIONS

AstraZeneca expressly incorporates by reference all "General Objections" set forth in its objections and responses to all of Plaintiffs previous request for production of documents, which apply to the Requests in their entirety, including the Definitions, Instructions, and Relevant Time Period. AstraZeneca also objects to the inclusion on Exhibit A of Diprivan and Pulmicort, which AstraZeneca did not sell directly to physicians during the time period for which AstraZeneca has produced transactional data, because the requests with respect to those products are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. In addition, AstraZeneca objects to the Requests on the grounds that Plaintiffs have not sought an order from the Court permitting more than two

separate requests for production, pursuant to Local Rule 26.1. Furthermore, AstraZeneca objects

to the Requests as untimely, because the responses to the Requests are not due until after the

close of the discovery period. AstraZeneca's response to the Requests is made without waiving

the right to object to the competency, materiality, relevancy or admissibility of any data that may

be produced in response to the Requests. Any Specific Objections provided below are made in

addition to these General Objections, and failure to reiterate a General Objection below does not

constitute a waiver or limitation of that or any other objection.

## SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

Request No. 1:

        With respect to the drugs on Exhibit A, the following IMS reports or data for each
drug that you manufactured:

        (a)    IMS National Disease and Therapeutic Index (NDTI) Data
- Timeframe: Monthly, from 1991 to the present
- Method of payment
- In terms of TRXs and/or dollars if possible, or in terms of office visits (or "drug uses" or "appearances" if not
- By manufacturer
- By form (*e.g.*, injectable, tablets, etc.)
- By strength (*e.g.*, 15 mg, 30 mg, etc.)

        (b)    IMS National Sales Perspective (previously the Retail and Provider
Perspective)

        For each drug that is physician administered and/ or covered by Medicare Part B,
please provide NSP (or RPP) data including the following:

- Timeframe: Monthly, from 1991 to the present
- Data elements: Units, Extended Units, Dollars\
- By channel (e.g. clinic, non-federal hospital, chain, etc.)
- By NDC or its equivalent
- By form
- By strength

Response:

        AstraZeneca objects to Request No. 1 on the grounds that it is overly broad,

unduly burdensome, and vague. AstraZeneca further objects to Request No. 1 to the extent it

seeks documents or information that are not within AstraZeneca's possession, custody, or control or are more appropriately sought from third parties to whom requests have been or may be directed. AstraZeneca further objects to the Request No. 1 to the extent that the Request seeks documents or information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Dated: September 29, 2005

By: _Monica Lamb_

D. Scott Wise, Esq.
Kimberley Harris, Esq.
Monica Lamb, Esq.
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

Attorneys for AstraZeneca Pharmaceuticals LP

3

**Certificate of Service**

I, Monica Lamb, certify that a true and correct copy of the Responses and Objections of AstraZeneca Pharmaceuticals LP to Plaintiffs' Request for the Production of Documents was served on all counsel of record on September 29, 2005, by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to LexisNexis File& Serve for posting and notification to all parties.

*Monica Lamb*

Monica Lamb

4



Sep 29 2005
3:46PM

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
|  | ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) |

MDL No. 1456

Civil Action No. 01-12257-PBS

Judge Patti B. Saris

Chief Magistrate Judge Marianne B. Bowler

## RESPONSE AND OBJECTIONS OF SCHERING-PLOUGH CORPORATION AND WARRICK PHARMACEUTICALS CORPORATION TO PLAINTIFFS' AMENDED AND/OR SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS TO PHASE 1 DEFENDANTS RELATING TO IMS DATA

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts Schering-Plough Corporation ("Schering") and Warrick Pharmaceuticals Corporation ("Warrick") hereby respond to Plaintiffs' Amended and/or Supplemental Request for Production of Documents to Phase 1 Defendants Relating to IMS Data (the "Requests") as follows:

## GENERAL OBJECTIONS

Schering and Warrick expressly incorporate by reference all "General Objections" set forth in its Responses and Objections to Plaintiffs' Omnibus Requests for Production and Interrogatories, which apply to the Requests in their entirety, including the Definitions, Instructions, and Relevant Time Period.  Schering and Warrick object to the Requests on the grounds that Plaintiffs have already exceeded their limit of two sets of requests for the production of documents and have neither requested nor received an order from the Court permitting additional requests, pursuant to Local Rule 26.1.  Moreover, Schering and Warrick object to the Requests as untimely, since they were served one day before the discovery deadline

set forth in CMO 10 and therefore provided inadequate time to respond under CMO 10 and Fed.
R. Civ. P. 34.

Furthermore, Schering's and Warrick's response to the Requests is made without waiving
the right to object to the competency, materiality, relevancy, or admissibility of any data
produced in response to the Requests.  Any Specific Objections provided below are made in
addition to these General Objections, and failure to reiterate a General Objection below does not
constitute a waiver or limitation of that or any other objection.

## SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

With respect to the drugs on Exhibit A, the following IMS reports or data for each such
drug that you manufactured:

(a)     IMS National Disease and Therapeutic Index (NDTI) Data

For each drug that is physician administered and/or covered by Medicare Part B,
please provide NDTI data including the following:

- Timeframe: Monthly, from 1991 to the present
- Method of payment
- In terms of TRXs and/or dollars if possible, or in terms of office visits (or
  "drug uses" or "appearances") if not
- By manufacturer
- By form (e.g., injectable, tablets, etc.)
- By strength (e.g. 15 mg, 30 mg, etc.)

(b)     IMS National Sales Perspective (NSP) (previously the Retail and Provider
        Perspective)

For each drug that is physician administered and/or covered by Medicare Part B,
please provide NSP (or RPP) data including the following:

- Timeframe: Monthly, from 1991 to the present
- Data elements: Units, Extended Units, Dollars
- By channel (e.g. clinic, non-federal hospital, chain, etc.)
- By NDC or its equivalent
- By form
- By strength

<u>RESPONSE TO NO. 1:</u>

Schering and Warrick object to these Requests on the grounds that they are overly broad, unduly burdensome, and vague.  Schering and Warrick further object to these Requests to the extent they seek documents or information that are not within Schering's or Warrick's possession, custody, or control or are more appropriately sought from third parties to whom requests have been or may be directed.

By attorneys,

/s/ Eric P. Christofferson
John T. Montgomery
Steven A. Kaufman
Eric P. Christofferson
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corporation and Warrick Pharmaceuticals Corporation*

Dated:  September 29, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2005, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Eric P. Christofferson
Eric P. Christofferson



6905248

Sep 29 2005
3:53PM

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
|  | Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |
|  | Chief Magistrate Judge Marianne B. Bowler |

### RESPONSE AND OBJECTIONS OF SCHERING-PLOUGH CORPORATION AND WARRICK PHARMACEUTICALS CORPORATION TO PLAINTIFFS' SECOND AMENDED AND/OR SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS TO PHASE 1 DEFENDANTS RELATING TO IMS DATA

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts Schering-Plough Corporation ("Schering") and Warrick Pharmaceuticals Corporation ("Warrick") hereby respond to Plaintiffs' Second Amended and/or Supplemental Request for Production of Documents to Phase 1 Defendants Relating to IMS Data (the "Requests") as follows:

### GENERAL OBJECTIONS

Schering and Warrick expressly incorporate by reference all "General Objections" set forth in its Responses and Objections to Plaintiffs' Omnibus Requests for Production and Interrogatories, which apply to the Requests in their entirety, including the Definitions, Instructions, and Relevant Time Period.  Schering and Warrick object to the Requests on the grounds that Plaintiffs have already exceeded their limit of two sets of requests for the production of documents and have neither requested nor received an order from the Court permitting additional requests, pursuant to Local Rule 26.1.  Moreover, Schering and Warrick object to the Requests as untimely, since they were served on the day of the discovery deadline

9823396_1

set forth in CMO 10 and therefore provided inadequate time to respond under CMO 10 and Fed.

R. Civ. P. 34.

Furthermore, Schering's and Warrick's response to the Requests is made without waiving

the right to object to the competency, materiality, relevancy, or admissibility of any data

produced in response to the Requests.  Any Specific Objections provided below are made in

addition to these General Objections, and failure to reiterate a General Objection below does not

constitute a waiver or limitation of that or any other objection.

## SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

With respect to the drugs on Exhibit A, the following IMS reports or data for each such
drug that you manufactured:

(a)    IMS National Disease and Therapeutic Index (NDTI) Data

For each drug that is physician administered and/or covered by Medicare Part B,
please provide NDTI data including the following:

- Timeframe: Monthly, from 1991 to the present
- Method of payment
- In terms of TRXs and/or dollars if possible, or in terms of office visits (or
  "drug uses" or "appearances") if not
- By manufacturer
- By form (e.g., injectable, tablets, etc.)
- By strength (e.g. 15 mg, 30 mg, etc.)

(b)    IMS National Sales Perspective (NSP) (previously the Retail and Provider
Perspective)

For each drug that is physician administered and/or covered by Medicare Part B,
please provide NSP (or RPP) data including the following:

- Timeframe: Monthly, from 1991 to the present
- Data elements: Units, Extended Units, Dollars
- By channel (e.g. clinic, non-federal hospital, chain, etc.)
- By NDC or its equivalent
- By form
- By strength

<u>RESPONSE TO NO. 1:</u>

Schering and Warrick object to these Requests on the grounds that they are overly broad, unduly burdensome, and vague.  Schering and Warrick further object to these Requests to the extent they seek documents or information that are not within Schering's or Warrick's possession, custody, or control or are more appropriately sought from third parties to whom requests have been or may be directed.

By attorneys,

/s/ Eric P. Christofferson
John T. Montgomery
Steven A. Kaufman
Eric P. Christofferson
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corporation and*
*Warrick Pharmaceuticals Corporation*

Dated:  September 29, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2005, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Eric P. Christofferson
Eric P. Christofferson