# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
IN RE PHARMACEUTICAL INDUSTRY  )
AVERAGE WHOLESALE PRICE         )        MDL No. 1456
LITIGATION                      )        Civil No.: 01-CV-12257-PBS
                                        )
_____ )
                                        )
THIS DOCUMENT RELATES TO THE    )        Hon. Patti B. Saris
AMENDED MASTER CONSOLIDATED     )
CLASS ACTION                    )
_____ )

### SUPPLEMENTAL DECLARATION OF JOSEPH H. YOUNG

I, Joseph H. Young, hereby declare that:

1.     I am a partner in the Baltimore, Maryland office of Hogan &

Hartson, LLP, and am co-lead counsel for defendant Amgen Inc. ("Amgen") in this

litigation.  In that capacity, I have been personally involved in discussions with

plaintiffs' counsel regarding discovery over the course of these proceedings.  I am

submitting this Declaration to supplement my earlier Declaration and

accompanying correspondence filed in connection with the Track Two Defendants'

Opposition to Plaintiffs' Motion to Modify the Track Two Discovery Schedule.

2.     Attached hereto are true and accurate copies of correspondence

with plaintiffs' counsel Steve W. Berman and Thomas M. Sobol relating to Amgen's

responses to plaintiffs' omnibus discovery requests in this case.

3.     Specifically, by letter dated May 3, 2004, Amgen confirmed its

agreement with plaintiffs' counsel that Amgen's responses to pending requests need

not be filed by the otherwise applicable deadline as a result of the parties'
continuing good faith discussions regarding both the scope and timing of plaintiffs'
requests. *See* Attachment 1 (Letter dated May 3, 2004 from Joseph H. Young to
Thomas M. Sobol).

      4.     On May 24, 2004, Amgen confirmed the parties' agreement that
Amgen would file its written responses and objections on or before June 3, 2004.
*See* Attachment 2 (Letter dated May 24, 2004 from Joseph H. Young to Thomas M.
Sobol). In the same letter, Amgen stated that it anticipated proceeding with rolling
productions following plaintiffs' review of transactional data and, thereafter,
following a further meet and confer regarding the scope of plaintiffs' requests. *Id.*

      5.     On June 2, 2004, I spoke with Edward Notargiacomo, an
associate attorney in Mr. Sobol's office, and arranged for a further one day
extension of time to submit written responses, or until June 4, 2004.

      6.     Amgen's written answers and objections were served, as agreed,
on June 4, 2004.

      7.     In December 2004, I placed a call to Mr. Notargiacomo in order
to schedule a further meet and confer to discuss the scope and timing of Amgen's
production efforts. As more fully set forth in my original Declaration filed in
connection with the Track Two Defendants' Opposition to Plaintiffs' Motion to
Modify the Track Two Discovery Schedule, over the course of the next several weeks
I made repeated efforts to schedule a meeting with plaintiffs' counsel, but was
unable to do so, ostensibly because of plaintiffs' preoccupation at the time with its

pending motion for class certification in the Track One case.  For the Court's convenience, a copy of my original Declaration and accompany correspondence has been reproduced and is attached hereto as Attachment 3.

8.    A telephonic meet and confer was finally arranged for March 9, 2005.  During that call, Mr. Notargiacomo agreed to coordinate with other plaintiffs' counsel and to provide Amgen in the next several days with a list of more specific requests in an effort to narrow the scope of plaintiffs' request.  *See* Attachment 3, Young Decl. at ¶¶8-12.

9.    Despite repeated requests, that listing – which Amgen made clear it needed before it could begin the process of reviewing documents – was not provided until May 26, 2005.  *See* Attachment 3, Young Decl. at ¶ 12.

10.    In mid-June, Amgen produced sales data and related documents to plaintiffs and agreed to make Amgen employees available for informal interviews in the event plaintiffs had any questions.  Although the parties exchanged brief emails on June 29, 2005 in response to Amgen's request for a brief call to discuss an anticipated timeframe for further productions, plaintiffs' counsel made no effort to contact Amgen regarding either its data production or – until the filing of the present motion – the status of Amgen's review and production of documents.

11.    In the meantime, since mid-June, Amgen has devoted well over 3000 hours to the review of potentially responsive documents.  In this connection, Amgen has relied on in-house counsel and staff, outside counsel, and numerous contract attorneys retained for the sole purpose of assisting with this production.

3

12.    Amgen made its first supplemental production of documents on October 31, 2005.  Supplemental rolling productions are anticipated on a weekly basis until complete.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 7, 2005.

_____

Joseph H. Young

4

# ATTACHMENT 1

F

# HOGAN & HARTSON
### L.L.P.

JOSEPH H. YOUNG
PARTNER
(410) 659-2775
JHYOUNG@HHLAW.COM

May 3, 2004

111 SOUTH CALVERT STREET, SUITE 1600
BALTIMORE, MARYLAND  21202
TEL  (410) 659-2700
FAX  (410) 539-6981
WWW.HHLAW.COM

*BY FACSIMILE*

Thomas M. Sobol Esq.
Hagens Berman, LLP
225 Franklin St., 26th Floor
Boston, MA  02110

     Re:    Average Wholesale Price Litigation

Dear Tom:

     The purpose of this letter is merely to confirm our agreement that Amgen Inc. need not file its written responses to the plaintiffs' "omnibus" discovery requests by today's deadline, as would otherwise be required by the rules.  In addition, we have agreed that neither side need present to the Magistrate Judge any apparent dispute regarding the discovery, in light of the parties' good faith negotiations and our continued 'meet and confer' in Boston later today.  This understanding and agreement is obviously without prejudice to either side's position regarding the permissible scope of discovery.

     Based upon what I hope will be a productive meeting today, I further understand that we will discuss new deadlines for both the submission of written responses/objections and production of documents during today's meeting.

     I appreciate your courtesy in this regard.

     Very truly yours,

     Joseph H. Young

     (per ct)

JHY/ct

WASHINGTON, DC

BRUSSELS  LONDON  PARIS*  BUDAPEST*  PRAGUE*  WARSAW  MOSCOW  TOKYO
NEW YORK  BALTIMORE  McLEAN  MIAMI  DENVER  BOULDER  COLORADO SPRINGS  LOS ANGELES
\\\BA - 58360/0066 - 173174 v1
WASHINGTON OFFICE: 555 THIRTEENTH STREET NW, WASHINGTON DC 20004-1109  TEL: (202) 637-5600  FAX: (202) 637-5910

*Affiliated Office

Confirmation Report — Memory Send

Page        : 001
Date & Time: May-03-04  11:27am
Line 1      : 410 539 6981
Line 2      :
Machine ID : HOGAN & HARTSON

| | | |
|---|---|---|
| Job number | : | 247 |
| Date | : | May-03 11:26am |
| To | : | ☎99#0335#583600066#16174823003# |
| Number of pages | : | 002 |
| Start time | : | May-03 11:26am |
| End time | : | May-03 11:27am |
| Pages sent | : | 002 |
| Status | : | OK |

Job number     : 247           *** SEND SUCCESSFUL ***

## HOGAN & HARTSON L.L.P.
### 111 SOUTH CALVERT STREET
### BALTIMORE, MARYLAND 21202

Tel.: (410) 659-2700
Fax: (410) 539-6981

WASHINGTON, DC
BERLIN
BRUSSELS
LONDON
PARIS
BUDAPEST
PRAGUE
WARSAW
MOSCOW
TOKYO
BEIJING
NEW YORK, NY
McLEAN, VA
MIAMI, FL
DENVER, CO
BOULDER, CO
COLORADO SPRINGS, CO
LOS ANGELES, CA

### IMPORTANT NOTICE
### TELECOPY/FACSIMILE COVER LETTER

| DATE: | May 3, 2004 | TIME: | 11:28 AM |
|---|---|---|---|
| FROM: | Joseph H. Young | TOTAL NO. OF PAGES: (INCLUDING COVER) | 2 |

| TO: | COMPANY: | FAX #: | PHONE #: |
|---|---|---|---|
| Thomas M. Sobol | | 617-482-3003 | |
| | | | |
| | | | |
| | | | |

MESSAGE:

The attached information is CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient(s) or the employee or agent responsible for delivering the message to the intended recipient(s), please note that any dissemination, distribution or copying of this communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the above address via the U.S. Mail

### FOR INTERNAL PURPOSES ONLY

| | |
|---|---|
| TELECOPY/FAX NUMBER: | |
| CLIENT NUMBER: | 58360-0066 |
| ATTORNEY BILLING NUMBER: | |
| CONFIRMATION NUMBER: | |

\\\DA - 58360/0066 - 147936 v1

# ATTACHMENT 2



# HOGAN & HARTSON
### L.L.P.

JOSEPH H. YOUNG
PARTNER
(410) 659-2775
JHYOUNG@HHLAW.COM

May 24, 2004

111 SOUTH CALVERT STREET, SUITE 1600
BALTIMORE, MARYLAND 21202
TEL (410) 659-2700
FAX (410) 539-6981
WWW.HHLAW.COM

*BY FACSIMILE AND FIRST CLASS MAIL*

Thomas M. Sobol Esq.
Hagens Berman, LLP
225 Franklin St., 26th Floor
Boston, MA 02110

Re:   Discovery directed to Amgen Inc.

Dear Tom:

The purpose of this letter is merely to confirm, consistent with our discussions during our meet-and-confer in Boston earlier this month, the following schedule regarding discovery requests directed to Amgen Inc.

As agreed, Amgen will prepare and serve written responses and objections to the "omnibus" requests on or before June 3, 2004. We are, in addition, assembling electronic sales data generally responsive to Request No. 25, which will also be produced, in electronic format, at that time. It is my understanding that electronic data pertaining to rebates, etc., is maintained on a separate system, and may not be ready for production at the same time. I anticipate that compilation of that data can be completed during June and will provide you with an update as to our progress on June 3. The timeframe covered by this data likely will extend beyond the dates that we generally discussed at our meet-and-confer, and that will be specified in our written objections. Our production of the data is obviously made subject to, and without waiver of, both Amgen's general objections and its specific objections relating to timeframe.

Based on our discussions, it is my further understanding that we will proceed with a rolling production of hardcopy documents, subject to our objections and after our initial data production and what I anticipate will be a further meet-and-confer following your receipt and review of Amgen's answers and objections. We agreed that there may be ways to limit the requests to particular time frames, particular products, particular customers, particular sales representatives or Amgen employees, etc., based in part on

WASHINGTON, DC

BRUSSELS   LONDON   PARIS*   BUDAPEST*   PRAGUE*   WARSAW   MOSCOW   TOKYO

NEW YORK   BALTIMORE   McLEAN   MIAMI   DENVER   BOULDER   COLORADO SPRINGS   LOS ANGELES
\\\BA - 58360/0066 - 174080 v1   WASHINGTON OFFICE: 555 THIRTEENTH STREET NW, WASHINGTON DC 20004-1109   TEL: (202) 637-5600 FAX: (202) 637-5910

*Affiliated Office*

HOGAN & HARTSON L.L.P.
Thomas M. Sobol, Esq.
May 24, 2004
Page 2

our discussions and your review of the pricing and sales information contained in the electronic data. In addition, we discussed, but have yet to agree upon, ways in which requests involving other electronic databases (Word documents, emails, etc.) might be limited by using key search terms, identifying particular employees as authors and/or recipients, etc.

I appreciate your continuing courtesy in this regard. If this letter misstates in any way your present understanding of our respective positions, please let me know immediately.

Very truly yours,

Joseph H. Young

JHY/ct

cc:       Steven F. Barley, Esq.
          Jane Ann Neiswender, Esq.

# ATTACHMENT 3



Oct 6 2005
5:36PM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY )<br>AVERAGE WHOLESALE PRICE )<br>LITIGATION ) | MDL No. 1456<br>Civil Action: 01-CV-12257-PBS |
| )<br>THIS DOCUMENT RELATES TO THE )<br>AMENDED MASTER CONSOLIDATED )<br>CLASS ACTION ) | Hon. Patti B. Saris |

## DECLARATION OF JOSEPH H. YOUNG

I, Joseph H. Young, hereby declare that:

1.      I am a partner in the Baltimore, Maryland office of Hogan & Hartson, LLC, and am co-lead counsel for defendant Amgen Inc. ("Amgen") in this litigation. In that capacity, I have been personally involved in discussions with plaintiffs' counsel regarding discovery over the course of these proceedings.

2.      Contrary to plaintiffs' memorandum filed in support of their Motion to Modify the Track Two Discovery Schedule and the accompanying Declaration of Steve Berman, Amgen early on sought to meet and confer with plaintiffs' counsel in an effort to resolve differences regarding scope of discovery. However, plaintiffs' counsel, apparently preoccupied with other matters, including the Track One motion for class certification, were generally unresponsive to Amgen's repeated requests over the course of several months, between December 2004 and late May 2005. Had they been, Amgen likely would have completed most if not all of its review and production of responsive documents by this time.

\\\BA - 58360/0006 - 197320 v1

3.      Since the outset, Amgen has sought to work with plaintiffs on discovery matters, promptly responding, for example, to plaintiffs' requests for initial Rule 30(b)(6) depositions, and making three employees available over the course of two days in May 2004, for depositions relating generally to information systems, document retention, and pricing.

4.      Shortly thereafter, as a result of the Court's June 9, 2004 order granting Amgen's motion for reconsideration and dismissing the Amended Master Consolidated Complaint as to it, Amgen specifically advised plaintiffs that, because Amgen was no longer in the case, it did not intend to respond further to plaintiffs' pending discovery requests. *See* Attachment 1 (Letter dated 6/28/04 from Steven F. Barley to Edward Notargiacomo). Plaintiffs not only did not file any objection to Amgen's letter, but at least tacitly agreed with Amgen's position to avoid potentially needless and costly discovery by not pursuing any discovery as to Amgen over the course of the next seven months.

5.      Plaintiffs filed a corrected amended complaint in July 2004. Amgen again moved to dismiss that complaint, which motion was ultimately denied by the Court by order dated February 17, 2005. Despite the pendency of that motion, Amgen counsel reinitiated discussions in December 2004 so that it could begin the process of reviewing and producing potentially responsive documents in the event its motion was denied. *See* Attachment 2 (group exhibit comprising email and other correspondence between Amgen counsel and plaintiffs' counsel). Amgen decided to restart negotiations with plaintiffs' counsel in order to avoid precisely the

kind of discovery logjam that plaintiffs now seek to use to justify an extension of the Court's Case Management Order.

6.    At that time, Amgen had been advised by plaintiffs to coordinate discovery with Edward Notargiacomo, an attorney with the Boston, Massachusetts office of Hagens Berman. As a result of apparent confusion on his part, Mr. Notargiacomo did not return calls placed in late December and early January 2005 until January 27, 2005. *Id.* (1/27/05 Young email).

7.    Amgen made clear by email dated January 27, 2005, that it was seeking to schedule a meet-and-confer so that it could proceed with discovery. *Id.* Mr. Notargiacomo responded, ruling out the possibility of a meeting "because things will just be too crazy" until after the hearing on plaintiffs' class certification motion on February 10. *Id.* (1/27/05 Notargiacomo email). Despite Amgen's willingness to travel to Boston to meet with Mr. Notargiacomo, plaintiffs' counsel was unable to accommodate Amgen's request.

8.    Amgen made follow up requests for a meeting on February 22 and March 4, 2005. A meeting by phone was finally scheduled for March 9. At the conclusion of that call, Mr. Notargiacomo agreed to coordinate with his co-counsel and provide Amgen in the next several days with a list of more specific requests in an effort to more narrowly focus discovery.

9.    Anxious to begin the review process, Amgen's counsel sent separate requests on March 15 and March 16, 2005, asking Mr. Notargiacomo to advise Amgen as to when it might expect to receive the proposed list. *Id.* (3/15/05

Young email; 3/16/05 Young email). On March 17, Mr. Notargiacomo responded, indicating that he had "not been able to get to the list" and requesting an additional week. *Id.* (3/17/05 Notargiacomo email). Amgen responded that the timing was not ideal because Amgen was prevented in the meantime from beginning its review in earnest, pending receipt of the plaintiffs' list and agreement as to scope. *Id.* (3/17/05 Young email).

10.    Notwithstanding Amgen's prior discussions and understanding with Mr. Notargiacomo, on April 20, 2005, Amgen's local counsel in Boston received a letter from Steve Berman regarding the production of transactional data, followed by a second letter the following day, again addressed to local counsel, requesting a meet and confer regarding Amgen's discovery responses. *Id.* (Letter from Steve Berman to Frank Libby, dated 4/20/05; Letter from Steve Berman to Frank Libby, dated 4/21/05). Amgen immediately contacted Mr. Notargiacomo, given that Amgen had been attempting to meet and confer since January and again requested an update regarding the status of plaintiffs' proposed list of issues/requests. *Id.* (4/22/05 Young email). Mr. Notargiacomo responded that there had been a "shifting of responsibilities on our side" and that he needed to speak with Mr. Berman. *Id.* (4/22/05 Notargiacomo email).

11.    By email correspondence dated April 28, 2005, Amgen requested clarification regarding the identification of the responsible plaintiffs' attorney for discovery issues. *Id.* (4/28/05 Barley email).

12.     On May 17, 2005, Mr. Notargiacomo responded and advised that "things have been shuffled around on our side" and that Amgen should "deal directly with Steve Berman" on discovery issues. *Id.* (5/17/05 Notargiacomo email). Amgen contacted Mr. Berman on May 18, and a telephonic meet-and-confer was thereafter scheduled for May 27, 2005. *Id.* (5/18/05 Young email). Given the apparent lack of coordination between Mr. Berman and Mr. Notargiacomo, Amgen advised Mr. Berman of the status of discussions with Mr. Notargiacomo, and the plaintiffs' long-outstanding offer to provide Amgen with a more narrowed list of requests. That list was finally provided on May 26, 2005. *Id.* (5/26/05 Berman email and attachment).

13.     Following the May 27 meeting with Mr. Berman, Amgen agreed to finalize its transactional data and to undertake efforts to identify, review and produce documents in response to plaintiffs' narrowed production requests, as outlined in Mr. Berman's May 26 email. On June 23, Amgen produced its transactional data. *Id.* (Letter from Joseph Young to Steve Berman dated 6/23/05).

14.     Even after the responsibility for Amgen's discovery was apparently handed off to Mr. Berman, it remained unclear as to which of plaintiffs' many attorneys Amgen was to work with in dealing with production issues. On or about June 28, 2005, Amgen received a separate request from Allan Hoffman of the law firm of Hoffman & Edelson LLC, demanding the review of potentially tens of thousands of documents produced in wholly-unrelated arbitrations between Amgen and Ortho Biotech. It was again apparent that plaintiffs' counsel had not

coordinated with other plaintiffs' counsel to determine the status of any discussions or agreements reached between Amgen and plaintiffs regarding discovery. As a result of Mr. Hoffman's demands, Amgen was distracted in its efforts to identify and review potentially responsive documents, and was required, instead, to devote considerable time and effort in reviewing transcripts and exhibits which, Amgen maintains, were never responsive to plaintiffs' discovery requests in the first place. *Id.* (Letter from Steven F. Barley to Allan Hoffman dated 6/29/05).

15.    Since June, Amgen has committed well in excess of 3000 hours of attorney time to the identification and review of potentially responsive hardcopy and electronic records and anticipates it will be in a position to begin a rolling production in October, and largely complete its document production on or before the December 3, 2005 discovery cutoff. Had plaintiffs' counsel and Amgen reached an agreement regarding scope in January 2005 – as Amgen sought – it likely would have been able to substantially complete document discovery this past summer.

16.    At no time prior to the filing of plaintiffs' Motion to Modify the Track Two Discovery Schedule did plaintiffs move to compel Amgen's production. Nor did plaintiffs request a further meet and confer with Amgen since May 27 regarding discovery.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 5, 2005.

_____
Joseph H. Young

ATTACHMENT 1



# HOGAN & HARTSON
### L.L.P.

STEVEN F. BARLEY
PARTNER
(410) 659-2724
SFBARLEY@HHLAW.COM

June 28, 2004

111 SOUTH CALVERT STREET, SUITE 1600
BALTIMORE, MARYLAND 21202
TEL (410) 659-2700
FAX (410) 539-6981
WWW.HHLAW.COM

*VIA VERILAW*

Edward Notargiacomo, Esquire
Hagens Berman LLP
225 Franklin Street
Boston, MA 02110

Re:   In re Pharmaceutical Industry Average Wholesale
Price Litigation, MDL No. 1456

Dear Ed:

I understand that Hank Young has tried to reach you by phone over the past week or so regarding plaintiffs' discovery requests directed to Amgen Inc. ("Amgen"). Since we have been unable to speak to you directly, I simply wanted to memorialize Amgen's position regarding discovery in light of Judge Saris' recent orders.

As you are aware, by order dated June 9, 2004, Judge Saris dismissed Amgen from the AMCC. In an order entered the following day, she similarly dismissed Amgen from the Nevada and Montana actions. Because Amgen is no longer a party to the cases in which discovery has been requested, it is not obligated to respond to those requests. *See, e.g., Ellison v. Runyan*, 147 FRD 186 (S.D. Ind. 1993); *Lehman v. Kornblau*, 206 FRD 345 (E.D.N.Y. 2001).

Please feel free to contact me if you wish to discuss this issue.

Very truly yours,

Steven F. Barley

SFB/JHY:jvd

WASHINGTON, DC

BERLIN   BRUSSELS   LONDON   PARIS   BUDAPEST   PRAGUE   WARSAW   MOSCOW   BEIJING   TOKYO
\\\DA - 58380/0065 - 1764067   NEW YORK   BALTIMORE   MCLEAN   MIAMI   DENVER   BOULDER   COLORADO SPRINGS   LOS ANGELES

# ATTACHMENT 2

AWP MDL -- Amgen

## Young, Joseph H. (Hank)

**From:**    Edward Notargiacomo [ed@hagens-berman.com]
**Sent:**    Thursday, January 27, 2005 12:34 PM
**To:**      Young, Joseph H. (Hank)
**Cc:**      Barley, Steven F.
**Subject:** RE: AWP MDL — Amgen

Hank,

Sorry I didn't get back to you.  Someone else from your firm called shortly after the last message you left (I forget the name now) and asked me about a pro-hac motion and whether we would assent.  I asked him if that is what you were calling about and he said yes, so I told him we didn't oppose and figured I didn't need to call you back. Sorry about the confusion.

I'll run this by Tom and get back to you.  I know for a fact that we're not going to be able to do anything before the class cert hearing by way of a meeting.  Things will just be too crazy to focus on it then (even though I understand you'll already be in Boston for the hearing).  Let me get back to you with some alternative dates either tomorrow or sometime on Monday.

Ed

> -----Original Message-----
> **From:** Young, Joseph H. (Hank) [mailto:JHYoung@HHLAW.com]
> **Sent:** January 27, 2005 12:28 PM
> **To:** Edward Notargiacomo
> **Cc:** Barley, Steven F.
> **Subject:** AWP MDL -- Amgen
>
> Ed --
>
> I left you a couple of messages over the holidays and in early January, but haven't heard back.  I know you all are busy with the fast-track case, but Steve Barley and I would like to set up a meeting with you to discuss Amgen's discovery responses in the MDL.
>
> I am hoping we can get a meeting scheduled in the near future.  If it is convenient on your end, Steve and I could meet with you at Hagens-Berman's offices in Cambridge on 2/9 (the day before the scheduled class certification argument before Judge Saris).  If that's not convenient, maybe you could suggest a couple of other dates when you might be available.
>
> Thanks.  We look forward to hearing from you.
>
> *Joseph H. ("Hank") Young*
> *Hogan & Hartson, LLP*
> *111 South Calvert Street, Ste. 1600*
> *Baltimore, MD  21202*
> *ph: 410/659-2775*
> *fx: 410-/539-6981*
> *email: jhyoung@hhlaw.com*
>
> This electronic message transmission contains information from the
> law firm of Hogan & Hartson L.L.P. which may be confidential or

9/29/2005

privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

If you have received this electronic transmission in error, please notify us by telephone (+1-202-637-5600) or by electronic mail (PostMaster@HHLAW.COM) immediately.

9/29/2005

AWP MDL -- Amgen

## Young, Joseph H. (Hank)

**From:**    Young, Joseph H. (Hank)
**Sent:**    Thursday, January 27, 2005 2:49 PM
**To:**      'Edward Notargiacomo'
**Subject:** RE: AWP MDL -- Amgen

Ed -- If there was a way to wedge ourselves in with you sometime next week (as opposed to the week of the hearing), we could make that work, too. I don't see the need for both you and Tom to be in the meeting, unless you think it's necessary.

*Joseph H. ("Hank") Young*
*Hogan & Hartson, LLP*
*111 South Calvert Street, Ste 1600*
*Baltimore, MD 21202*
*ph: 410/659-2775*
*fx: 410-/539-6981*
*email: jhyoung@hhlaw.com*

> **From:** Edward Notargiacomo [mailto:ed@hagens-berman.com]
> **Sent:** Thursday, January 27, 2005 12:34 PM
> **To:** Young, Joseph H. (Hank)
> **Cc:** Barley, Steven F.
> **Subject:** RE: AWP MDL -- Amgen
>
> Hank,
>
> Sorry I didn't get back to you. Someone else from your firm called shortly after the last message you left (I forget the name now) and asked me about a pro-hac motion and whether we would assent. I asked him if that is what you were calling about and he said yes, so I told him we didn't oppose and figured I didn't need to call you back. Sorry about the confusion.
>
> I'll run this by Tom and get back to you. I know for a fact that we're not going to be able to do anything before the class cert hearing by way of a meeting. Things will just be too crazy to focus on it then (even though I understand you'll already be in Boston for the hearing). Let me get back to you with some alternative dates either tomorrow or sometime on Monday.
>
> Ed
>
> > -----Original Message-----
> > **From:** Young, Joseph H. (Hank) [mailto:JHYoung@HHLAW.com]
> > **Sent:** January 27, 2005 12:28 PM
> > **To:** Edward Notargiacomo
> > **Cc:** Barley, Steven F.
> > **Subject:** AWP MDL -- Amgen
> >
> > Ed --
> >
> > I left you a couple of messages over the holidays and in early January, but haven't heard back. I know you all are busy with the fast-track case, but Steve Barley and I would like to set up a meeting with you to discuss Amgen's discovery responses in the MDL.

4/22/2005

I am hoping we can get a meeting scheduled in the near future. If it is convenient on your end, Steve and I could meet with you at Hagens-Berman's offices in Cambridge on 2/9 (the day before the scheduled class certification argument before Judge Saris). If that's not convenient, maybe you could suggest a couple of other dates when you might be available.

Thanks. We look forward to hearing from you.

*Joseph H. ("Hank") Young*
*Hogan & Hartson, LLP*
*111 South Calvert Street, Ste. 1600*
*Baltimore, MD 21202*
*ph: 410/659-2775*
*fx: 410-/539-6981*
*email: jhyoung@hhlaw.com*

This electronic message transmission contains information from the law firm of Hogan & Hartson L.L.P. which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

If you have received this electronic transmission in error, please notify us by telephone (+1-202-637-5600) or by electronic mail (PostMaster@HHLAW.COM) immediately.