# EXHIBIT B





**HAGENS BERMAN LLP**
*Attorneys at Law*

CAMBRIDGE   LOS ANGELES   PHOENIX [PLLC]   SEATTLE

hagens-berman.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

STEVE W. BERMAN
(206) 224-9320
steve@hagens-berman.com

June 10, 2004

***Via Facsimile***

Mr. John T. Montgomery
Ropes & Gray LLP
One International Place
Boston, MA  02110-2624

Mr. Steven M. Edwards
Mr. Lyndon M. Tretter
Hogan & Hartson LLP
875 Third Avenue
New York, NY  10022

Mr. D. Scott Wise
Davis Polk & Wardwell
450 Lexington Ave
New York, NY  10017

Mr. Erik Haas
Patterson, Belknap, Webb & Tyler
1133 Avenue of the Americas
New York, NY  10036-6710

Mr. Frederick G. Herold
Dechert Price & Rhoads
1717 Arch Street
4000 Bell Atlantic Tower
Philadelphia, PA  19103

Re:   In re Average Wholesale Pharmaceuticals Pricing Litigation
      MDL No. 1456

Dear Counsel:

Co-lead counsel and the team leaders as to each of the fast-track defendants have conferred and believe the urgency of the lack of discovery from Schering-Plough, BMS and AstraZeneca warrants this letter.

We are thus writing again regarding our concerns over the timing of the fast-track defendants' compliance with paragraph 4 of CMO No. 10, in responding to Plaintiffs' Omnibus Requests for Production and Interrogatories ("Responses"). As you know, and as we have reminded some of you in letters that have gone unanswered, paragraph 4 requires that "[a] responding party to an initial document request shall complete production of all documents within sixty (60) days of service of such

1534.16 0141 LTR.DOC

June 10, 2004
Page 2

request." While we understand that we have been engaged in meet and confers, the pace and quality of the production may not be in compliance with CMO No. 10 and may fail to at least comply with the spirit, if not the letter, of the Court's Order.

We have had several seemingly meaningful dialogues regarding production with each of you. Despite the fact that paragraph 4 of CMO 10 requires that "undisputed documents shall be produced within 60 days" a great many such documents have not been produced, and certainly based upon our review to date it looks as if documents from key sources have not been produced as to AstraZeneca, BMS, Schering-Plough and perhaps other fast-track defendants as well.

Unfortunately, our good faith in relaxing the 60-day period has in many cases been taken advantage of. For at least three defendants, we have received to date a dump of largely worthless or low-priority documents. To paraphrase a letter we found in the BMS production from the California Attorney General on the same issue, about 5% of the production was meaningful, the rest either repetitive or of little or no value. Meanwhile, we have not received electronic data for many drugs, we have not received any documents whatsoever for many drugs, we have not received marketing plans, sales team meeting plans or documents where selling strategies are discussed, documents from the key persons involved in pricing, or any field sales material.

At the same time, while our deadline fast approaches, some of you have no problem in devoting resources to your needs. It appears for example that BMS has at least three, if not more, lawyers daily churning out subpoenas, and demands from plaintiffs or third parties, while BMS is unable to produce documents to plaintiffs on a timely basis. The same is true for AstraZeneca.

The foregoing is unacceptable and, in our view, a serious breach of Judge Saris' order. Unless we receive from each of you, by the close of business Monday, a specific and detailed plan outlining how and when production will be completed, and the specifics of what material will be produced and when, we intend to seek emergency relief from the court, including a possible contempt order. You should also include dates for any outstanding 30(b)(6) witnesses.

June 10, 2004
Page 3

  This delay results in our being forced to take depositions in aid of class certification in July and August.  We will not be in a position to be tolerant of the vacation excuse so please plan accordingly.

     Sincerely,

     Steve W. Berman

SWB:dls
cc: All Counsel of Record (via Verilaw)

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                    )
IN RE PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE             )     MDL No. 1456
LITIGATION                          )     Civil No.: 01-CV-12257-PBS
_____ )
                                    )
THIS DOCUMENT RELATES TO THE        )     Hon. Patti B. Saris
AMENDED MASTER CONSOLIDATED         )
CLASS ACTION                        )
_____ )
```

## DECLARATION OF STEVEN F. BARLEY

I, Steven F. Barley, hereby declare that:

1.    I am a partner in the Baltimore, Maryland office of Hogan &

Hartson, LLP, and am co-lead counsel for defendant Amgen Inc. ("Amgen") in this

litigation.  In that capacity, I have been personally involved in discussions with

plaintiffs' counsel regarding discovery over the course of these and other cases,

including a case filed in Arizona state court, captioned *Swanston v. TAP*

*Pharmaceutical Products, Inc., et al.*

2.    Attached hereto are true and accurate copies of correspondence

between me and Terri Anne Benedetto, an attorney with the law firm of Kline &

Specter in Philadelphia, PA.  Ms. Benedetto, along with Donald Haviland, represent

plaintiffs in the *Swanston* litigation.

3.    Over the course of December 2004 and January 2005, I was

involved in a series of meet and confers with Ms. Benedetto in an effort to discuss

the scope and timing of Amgen's review and production of documents in the
*Swanston* case. I made clear during the course of those discussions, consistent with
the Arizona state court's designation of the *Swanston* case as a coordinated case
with the MDL litigation, that Amgen's primary concern was to coordinate its review
and production efforts among the cases.

       4.    On or about January 31, 2005, I received a letter from Ms.
Benedetto, in which Ms. Benedetto stated her understanding that Amgen was
refusing to produce documents in that case. In a series of letters over the next
several weeks (several of which Ms. Benedetto claimed never to have received,
notwithstanding fax confirmations regarding receipt), I repeatedly made clear that
Amgen was willing to produce documents in that case.

       5.    More specifically, by letters dated January 31, 2005, February 2,
2005, and February 16, 2005, I made clear that, subject to a further meet and confer,
Amgen did intend to produce documents responsive to the *Swanston* plaintiffs'
pending requests. Copies of these letters are collectively attached hereto as
Attachment 1. Moreover, I specifically advised Ms. Benedetto that Amgen had not
yet produced documents in the MDL, and that the anticipated production in the
Arizona case, consistent with the state court's designation of that case as a
coordinated action, would be "of a scope and at a pace consistent with any
production in the MDL." See Attachment 1 (Letter dated February 2, 2005, from
Steven F. Barley to TerriAnne Benedetto).

6.     At the same time, Amgen was making a concerted effort to meet with plaintiffs' counsel in the MDL proceeding so that it could conduct a single review of potentially responsive documents, rather than undertake the enormous expense of repeated reviews.  However, efforts in this regard were delayed until mid-March 2005, and Amgen did not receive plaintiffs' narrowed list of discovery requests in the MDL proceeding until May 26, 2005.

7.     To date, Amgen has not made any production of documents in the *Swanston* litigation.  This is as a result of a stay of all proceedings entered in that matter at the plaintiffs' request, only weeks after my last communication to plaintiffs' counsel on February 16, 2005.  Specifically, on or about March 4, 2005, plaintiffs' filed a motion with the Arizona state court seeking to stay that case.  The motion was granted on March 10, 2005, and the case remains stayed as of this date.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 7, 2005.

_____
Steven F. Barley

3

# ATTACHMENT 1

# HOGAN & HARTSON
## L.L.P.

STEVEN F. BARLEY
PARTNER
(410) 659-2724
SFBARLEY@HHLAW.COM

January 31, 2005

111 SOUTH CALVERT STREET, SUITE 1600
BALTIMORE, MARYLAND 21202
TEL  (410) 659-2700
FAX  (410) 539-6981
WWW.HHLAW.COM

*VIA FACSIMILE (215) 735-0957*

TerriAnne Benedetto, Esquire
Kline & Specter
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102

      Re:    *Swanston v. TAP Pharmaceutical Products, Inc., et al.*

Dear TerriAnne:

      I am in receipt of your letter of earlier today.  As you point out, when we last spoke concerning the document production requests, we had agreed to await Judge Albrecht's ruling on the motion to designate the case as a coordinated state case before deciding how to proceed.  I understood from our conversations that you would be contacting us following a ruling by Judge Albrecht and we have been waiting to hear from you.

      We are willing to produce documents to the plaintiffs in this case.  I will give you a call later today or tomorrow to discuss the scope and timing of the production.

                    Very truly yours,

                    Steven F. Barley

SFB:jvd

cc:  Joseph H. Young, Esquire
      Andrew S. Gordon, Esquire

WASHINGTON, DC

\\\BA - 34372/0087 - 1859449  MUNICH  BRUSSELS  LONDON  PARIS  BUDAPEST  PRAGUE  WARSAW  MOSCOW  BEIJING  TOKYO
NEW YORK  BALTIMORE  McLEAN  MIAMI  DENVER  BOULDER  COLORADO SPRINGS  LOS ANGELES

# HOGAN & HARTSON
## L.L.P.

STEVEN F. BARLEY
PARTNER
(410) 659-2724
SFBARLEY@HHLAW.COM

February 2, 2005

111 SOUTH CALVERT STREET, SUITE 1600
BALTIMORE, MARYLAND  21202
TEL  (410) 659-2700
FAX  (410) 539-6981
WWW.HHLAW.COM

*VIA FACSIMILE (215) 735-0957*

TerriAnne Benedetto, Esquire
Kline & Specter
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102

Re:   *Swanston v. TAP Pharmaceutical Products, Inc., et al.*

Dear TerriAnne:

I am in receipt of your letter of earlier today and, quite frankly, am baffled by it.

In your letter, you indicate that Amgen refuses to produce any documents. This is simply incorrect. My letter to you of two days ago clearly states that Amgen is "willing to produce documents to the plaintiffs in this case." I do not see how we could make it more clear that Amgen is willing to produce documents.

Your letter further indicates that you believe further conference calls would not be fruitful since we have had previous discussions about a document production. You may recall that these discussions occurred before Judge Albrecht's ruling that this case be coordinated with the MDL. Indeed, in those prior discussions, both sides <u>agreed</u> that we would have further discussions about discovery following the Court's ruling. Our call yesterday was designed to set up a call to do precisely that. As I pointed out in my letter of January 31, the purpose of the call is to discuss the "scope and timing" of Amgen's anticipated document production, not whether there will be a production. [1]

---

[1]   You also state that the parties are not required to "discuss discovery matters *ad nauseam*" before concluding that they cannot resolve a discovery dispute. I will remind you that we have had only two substantive conversations regarding Amgen's document production, both of which occurred before Judge Albrecht's ruling.

WASHINGTON, DC

\\\BA - 58360/0087 - 186123 v1

BERLIN  BRUSSELS  LONDON  PARIS  BUDAPEST  PRAGUE  WARSAW  MOSCOW  TOKYO
NEW YORK  BALTIMORE  McLEAN  MIAMI  DENVER  BOULDER  COLORADO SPRINGS  LOS ANGELES

HOGAN & HARTSON L.L.P.

TerriAnne Benedetto, Esquire
February 2, 2005
Page 2

Your apparent unwillingness to have such a conversation is surprising, not in keeping with the letter or spirit of the discovery rules and, perhaps most importantly, prevents us from providing a document production to you that has been agreed upon by the parties.

We remain open to discussing the scope and timing of Amgen's document production.  Absent such a call, we fail to understand what good faith basis you might conceivably have for seeking relief from the Court.

Please feel free to give me or Hank Young a call at your earliest convenience should you choose to reconsider your position.  We would like to coordinate Amgen's document production but unfortunately cannot do so without such a call, leaving us with no choice but to unilaterally determine the scope and timing of that production.[2]/

Very truly yours,

Steven F. Barley

SFB:jvd

cc:  Joseph H. Young, Esquire
     Andrew S. Gordon, Esquire

---

[2]/     Since we have not produced any documents in the MDL and since coordination is optimal, we anticipate that our production will be of a scope and at a pace consistent with any production in the MDL.

# HOGAN & HARTSON
## L.L.P.

STEVEN F. BARLEY
PARTNER
(410) 659-2724
SFBARLEY@HHLAW.COM

February 3, 2005

111 SOUTH CALVERT STREET, SUITE 1600
BALTIMORE, MARYLAND 21202
TEL (410) 659-2700
FAX (410) 539-6981
WWW.HHLAW.COM

*VIA FACSIMILE (215) 735-0957*

TerriAnne Benedetto, Esquire
Kline & Specter
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102

     Re:   *Swanston v. TAP Pharmaceutical Products, Inc., et al.*

Dear TerriAnne:

     I am in receipt of your letter of earlier today.  Accordingly, I am forwarding to you a copy of my January 31, 2005 letter together with a fax confirmation sheet confirming its receipt by your office.

     Very truly yours,

     Steven F. Barley

SFB:jvd

cc: Joseph H. Young, Esquire
    Andrew S. Gordon, Esquire

WASHINGTON, DC

\\\BA - 58360/0087 - 1887811    BERLIN   MUNICH   BRUSSELS   LONDON   PARIS   BUDAPEST   PRAGUE   WARSAW   MOSCOW   BEIJING   TOKYO
NEW YORK   BALTIMORE   McLEAN   MIAMI   DENVER   BOULDER   COLORADO SPRINGS   LOS ANGELES

Job number    : 345        **\* SEND SUCCESSFUL \*

J · **GAN & HARTSON L.L.P.**
111 SOUTH CALVERT STREET
BALTIMORE, MARYLAND 21202

Tel:   (410) 659-2700
Fax:   (410) 539-6981

WASHINGTON, DC
BERLIN
BRUSSELS
LONDON
PARIS
BUDAPEST
PRAGUE
WARSAW
MOSCOW
TOKYO
BEIJING
NEW YORK, NY
McLEAN, VA
MIAMI, FL
DENVER, CO
BOULDER, CO
COLORADO SPRINGS, CO
LOS ANGELES, CA

**IMPORTANT NOTICE**
**TELECOPY/FACSIMILE COVER LETTER**

**TO:**   TerriAnne Benedetto, Esquire        **DATE:**  3/3/05

**FROM:**   Steven F. Barley, Esquire        **TIME:**

**TOTAL NO. OF PAGES, INCLUDING COVER:**

The attached information is CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient(s) or the employee or agent responsible for delivering the message to the intended recipient(s), please note that any dissemination, distribution or copying of this communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the above address via the U.S. Mail.

**SAGE:**

cc:  Andrew S. Gordon, Esquire
     Joseph H. Young, Esquire

FOR INTERNAL PURPOSES ONLY

**TELECOPY/FAX NUMBER:**        (215) 735-0957      (602) 224-6020
**CLIENT NUMBER:**        58360.0087
**ATTORNEY BILLING NUMBER:**
**CONFIRMATION NUMBER:**        (410) 659-2739

# HOGAN & HARTSON
## L.L.P.

STEVEN F. BARLEY
PARTNER
(410) 659-2724
SFBARLEY@HHLAW.COM

111 SOUTH CALVERT STREET, SUITE 1600
BALTIMORE, MARYLAND 21202
TEL (410) 659-2700
FAX (410) 539-6981
WWW.HHLAW.COM

January 31, 2005

*VIA FACSIMILE (215) 735-0957*

TerriAnne Benedetto, Esquire
Kline & Specter
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102

> Re:   *Swanston v. TAP Pharmaceutical Products, Inc., et al.*

Dear TerriAnne:

I am in receipt of your letter of earlier today.  As you point out, when we last spoke concerning the document production requests, we had agreed to await Judge Albrecht's ruling on the motion to designate the case as a coordinated state case before deciding how to proceed.  I understood from our conversations that you would be contacting us following a ruling by Judge Albrecht and we have been waiting to hear from you.

We are willing to produce documents to the plaintiffs in this case.  I will give you a call later today or tomorrow to discuss the scope and timing of the production.

Very truly yours,

Steven F. Barley

SFB:jvd

cc: Joseph H. Young, Esquire
    Andrew S. Gordon, Esquire

Job number    : 360

**\*\*\* SEND SUCCESSFUL :**

**\_OGAN & HARTSON L.L.P.**

**111 SOUTH CALVERT STREET**
**BALTIMORE, MARYLAND 21202**

Tel.:   (410) 659-2700
Fax:   (410) 539-6981

WASHINGTON, DC
BERLIN
BRUSSELS
LONDON
PARIS
BUDAPEST
PRAGUE
WARSAW
MOSCOW
TOKYO
BEIJING
NEW YORK, NY
McLEAN, VA
MIAMI, FL
DENVER, CO
BOULDER, CO
COLORADO SPRINGS, CO
LOS ANGELES, CA

**IMPORTANT NOTICE**
**TELECOPY/FACSIMILE COVER LETTER**

O:        TerriAnne Benedetto, Esquire          DATE:        1/31/2005

ROM:        Steven F. Berley, Esquire          TIME:        1:18:03 PM

**TOTAL NO. OF PAGES, INCLUDING COVER:**            2

⌐e attached information is CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If the reader of this ⌐ssage is not the intended recipient(s) or the employee or agent responsible for delivering the message to the intended recipient(s), ⌐ase note that any dissemination, distribution or copying of this communication is strictly prohibited. Anyone who receives this ⌐munication in error should notify us immediately by telephone and return the original message to us at the above address via the ⌐. Mail.

₁GE:

Andrew S. Gordon, Esquire
Joseph H. Young, Esquire

**FOR INTERNAL PURPOSES ONLY**

TELECOPY/FAX NUMBER:        (215) 735-0987        (602) 224-6020
CLIENT NUMBER:        58360.0087
TTORNEY BILLING NUMBER:
CONFIRMATION NUMBER:        (410) 659-2739

# HOGAN & HARTSON
### L.L.P.

STEVEN F. BARLEY
PARTNER
(410) 659-2724
SFBARLEY@HHLAW.COM

February 16, 2005

111 SOUTH CALVERT STREET, SUITE 1600
BALTIMORE, MARYLAND  21202
TEL  (410) 659-2700
FAX  (410) 539-6981
WWW.HHLAW.COM

*VIA FIRST CLASS MAIL, FEDEX,*
*EMAIL AND FACSIMILE (215) 735-0957*

TerriAnne Benedetto, Esquire
Kline & Specter
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102

Re:   *Swanston v. TAP Pharmaceutical Products, Inc., et al.*

Dear Ms. Benedetto:

I am in receipt of your letter of earlier today in which you claim that you "still have not received a copy of any letter from [me] dated January 31, 2005." As you have requested, I enclose my letter dated January 31, 2005 and the attached facsimile confirmation sheet showing receipt by your office on that date.

As you are aware, you had written to me on February 3, 2005 requesting a copy of the January 31, 2005 letter. I enclose a copy of a letter dated February 3, 2005, enclosing the January 31, 2005 letter, together with a facsimile confirmation sheet showing receipt by your office on February 3, 2005.

We have experienced considerable problems with faxes to and from your office since the onset of this litigation. Accordingly, I have taken the liberty of sending this letter, together with all enclosures, to you via email, regular mail, FedEx and facsimile to ensure receipt. Please confirm that you have received this letter.

Very truly yours,

Steven F. Barley

SFB:jvd

cc: Joseph H. Young, Esquire
    Andrew S. Gordon, Esquire

WASHINGTON, DC

\\\BA - 58560/0087 - 1895414    MUNICH   BRUSSELS   LONDON   PARIS   BUDAPEST   PRAGUE   WARSAW   MOSCOW   BEIJING   TOKYO
NEW YORK   BALTIMORE   MCLEAN   MIAMI   DENVER   BOULDER   COLORADO SPRINGS   LOS ANGELES

HOGAN & HARTSON L.L.P.

*BARLEY*

111 SOUTH CALVERT STREET, SUITE 1600
BALTIMORE, MARYLAND 21202

TerriAnne Benedetto, Esquire
Kline & Specter
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102



**Extremely Urgent**

Customer: This service area is provided for your internal use
and convenience. Service must be marked on airbill.

FedEx Service:

Insert
airbill
here ▶

FedEx | Ship Manager | Label 7909 2115 6212

Page 1 of 1



From: Origin ID: (410)659-2724
Steven F. Barley, Esquire
Hogan & Hartson L.L.P.
111 S. Calvert Street
Suite 1600
Baltimore, MD 21202

FedEx
Express

BILL SENDER

SHIP TO: (215)772-1000

**TerriAnne Benedetto, Esquire**
**Kline & Specter, P.C.**
**1525 Locust Street**
**The Nineteenth Floor**
**Philadelphia, PA 19102**

Ship Date: 16FEB05
Actual Wgt. 1 LB
System#: 1234160/NET2000
Account#: S *******

REF: 583601087

Delivery Address Bar Code



STANDARD OVERNIGHT

TRK# 7909 2115 6212

FORM
0201

THU
Deliver By:
17FEB05

PHL      A1

19102    -PA-US

Z9 BBXA

FedEx | Ship Manager | Label 7909 2115 6212                                          Page 1 of 1

From:   Origin ID:   (410)659-2724
Steven F. Barley, Esquire
Hogan & Hartson L.L.P.
111 S. Calvert Street
Suite 1600
Baltimore, MD 21202



CLS091404GS/06

Ship Date: 16FEB05
Actual Wgt: 1 LB
System#: 1234416/INET2000
Account#: S ********

REF: 58360.0087



Delivery Address Bar Code

SHIP TO:   (215)772-1000      BILL SENDER
**TerriAnne Benedetto, Esquire**
**Kline & Specter, P.C.**
**1525 Locust Street**
**The Nineteenth Floor**
**Philadelphia, PA 19102**



**STANDARD OVERNIGHT**                          **THU**

Deliver By:
TRK#   **7909 2115 6212**   FORM   17FEB05
0201
PHL        A1

**19102**    -PA-US

**Z9 BBXA**



---

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

Job number    : 684

## \*\*\* SEND SUCCESSFUL \*

### HOGAN & HARTSON L.L.P.
**111 SOUTH CALVERT STREET**
**BALTIMORE, MARYLAND 21202**

Tel.:   (410) 659-2700
Fax:   (410) 539-6981

WASHINGTON, DC
BERLIN
BRUSSELS
LONDON
PARIS
BUDAPEST
PRAGUE
WARSAW
MOSCOW
TOKYO
BEIJING
NEW YORK, NY
McLEAN, VA
MIAMI, FL
DENVER, CO
BOULDER, CO
COLORADO SPRINGS, CO
LOS ANGELES, CA

### IMPORTANT NOTICE
### TELECOPY/FACSIMILE COVER LETTER

TO: _____ TerriAnne Benedetto, Esquire _____

FROM: _____ Steven F. Barley, Esquire _____

TOTAL NO. OF PAGES, INCLUDING COVER: _____ 6 _____

DATE: _____ 2/16/2005 _____

TIME: _____ 2:31:14 PM _____

The attached information is CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient(s) or the employee or agent responsible for delivering the message to the intended recipient(s), please note that any dissemination, distribution or copying of this communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the above address via the U.S. Mail.

**MESSAGE:**

Cc:  Andrew S. Gordon, Esquire
     Joseph H. Young, Esquire

---

**FOR INTERNAL PURPOSES ONLY**

TELECOPY/FAX NUMBER: _____ (215) 735-0957 _____ (602) 224-6020 _____

CLIENT NUMBER: _____ 58360.0087 _____

ATTORNEY BILLING NUMBER: _____

CONFIRMATION NUMBER: _____ (410) 659-2739 _____