UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
|  | ) |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) ) |

MDL No. 1456

CIVIL ACTION:  01-CV-12257-PBS

Judge Patti B. Saris

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION BY BAXTER**

## I.      INTRODUCTION

Plaintiffs seek to compel Baxter to produce all documents responsive to plaintiffs'

Omnibus Requests for Production, which were served on all defendants, including Baxter in

March 2004.  Baxter's production to date in response to these requests has been *de minimus* at

best.  On the eve of the close of fact discovery, Baxter's failure to produce all documents

responsive to plaintiffs' requests has caused and will cause prejudice to plaintiffs' ability to

prosecute its case, including their ability to take meaningful and complete depositions.

Accordingly, plaintiffs move the Court for an order:  a) compelling Baxter to produce within 30

days all documents and other materials called for by plaintiffs' Omnibus Requests for

Production; b) extending the close of fact discovery as to Baxter to a date six months after Baxter

has complied with its discovery obligations; c) providing that Baxter may not withhold any

documents responsive to plaintiffs' Omnibus Requests for Production on the basis of any

objections to production, including any objections grounded on the attorney-client privilege,

work-product doctrine, trial-preparation doctrine, or any similar doctrine.  In support thereof,

plaintiffs state as follows:

## II.     STATEMENT OF FACTS

Since the inception of this lawsuit, plaintiffs have served all defendants, including Baxter, with various requests for production.  With respect to Baxter, these include:  Plaintiffs' Omnibus Requests for Production and Interrogatories to Defendants Abbott, Amgen, Aventis, Baxter, Bayer, Boehringer, Braun, Dey, Fujisawa, Novartis, Pfizer, Pharmacia, Sicor, TAP and Watson and to All Other Defendants With Respect to Drugs That Were Not Previously Subject to Discovery, dated March 31, 2004 ("Omnibus Requests"); Plaintiffs' Request for Production to Defendants Regarding HHS ASPs, dated May 26, 2004; and Plaintiffs' Third Request for Production to All Defendants, dated July 14, 2004.  (Declaration of Elizabeth A. Fegan in Support of Motion to Compel Production of Documents by Baxter ("Fegan Decl."), ¶ 2.)

### A.     Baxter's Production Has Been Limited To Date

Baxter has produced very little in response to these Requests for Production.  To date, Baxter has only produced:  (i) the Government Investigation documents required by CMO 5 (comprised of approximately 20,000 pages); (ii) two disks containing less than 4,000 pages (or just two boxes) of documents[1]; (iii) two years' worth of active contracts for one of two divisions at issue (of which plaintiffs copied approximately 10,000 pages[2]); and (iv) certain transactional data.  (Fegan Decl., ¶ 3.)  But what Baxter had failed to produce is much greater, and includes but may not be limited to[3]:

- Baxter has yet to produce e-mail;

- Baxter has yet to produce documents maintained off-site;

---

[1] These three disks include disks labeled BAXMDL 0020729-0024217 produced 6/17/05; and BAXMDL 0024218-0024506 produced 6/27/05.  (Fegan Decl., ¶ 3.)

[2] These materials were produced on a disk labeled BAXMDL 0024514-0035869 produced 9/30/05.  (Fegan Decl., ¶ 3.)

[3] By definition, the documents in the categories that Baxter has failed to produce exclude those that may have been included by default in the Government Investigation documents produced per CMO 5.

- 2 -

- Baxter has yet to produce documents maintained in its electronic databases (separate from e-mail);

- Baxter has yet to produce documents identified at the 30(b)(6) depositions; and

- Baxter has yet to produce or make available all relevant contracts, or an agreed upon sampling thereof (with the limited exception of a discrete 2-year subset of the BioScience Division's contracts).

(Fegan Decl., ¶ 4.)  Nor has Baxter affirmed that documents in these categories do not exist or that they otherwise have been produced in full.  (Fegan Decl., ¶ 4.)

**B.      Baxter Has Violated Case Management Order No. 10**

In disregarding plaintiffs' requests for production, Baxter has violated not only the Federal Rules of Civil Procedure, but also this Court's CMO No. 10.  Prior to entry of CMO No. 10, defendants had been dilatory in producing documents and often would simply ignore plaintiffs' attempts even to meet and confer.  Thus, plaintiffs urged that the Court impose deadlines for production of documents.

CMO No. 10, issued by the Court on March 25, 2004, provides in pertinent part:

> A responding party to an initial document request shall complete production of all documents within sixty (60) days of service of such request.  Any dispute over the document request (i.e., overbreadth or burden) shall be presented to the magistrate judge within 30 days after service of the request after the parties have conferred.  Even if there is a dispute over a document request, the undisputed documents shall be produced within 60 days.

Baxter neither produced all "undisputed documents," as requested, nor has it filed a motion with the magistrate judge regarding any of plaintiffs' discovery requests, including plaintiffs' Omnibus Requests.  Baxter's wrongful conduct is especially egregious given that the current

deadline for Track Two fact discovery is December 3, 2005, the extension of which deadline the majority of Track Two Defendants have opposed (but Baxter has not[4]).

## C.    Plaintiffs and Baxter Have Met and Conferred, But to Scant Avail

In an effort to persuade Baxter to meet its discovery obligations voluntarily, counsel for plaintiffs has met and conferred telephonically with counsel for Baxter on at least five (5) occasions and confirmed the substance of these meet and confers in no less than eight (8) letters, but to little avail.  (Fegan Decl., ¶ 5 and Group Ex. A thereto).  When these meet and confers failed to trigger the production of the vast majority of documents by Baxter, plaintiffs served Baxter on October 31, 2005 with a Notice of Depositions based on the information in their possession and requested a further meet and confer.  (Fegan Decl., ¶ 6 and Group Ex. B thereto). Baxter's counsel has failed to respond to Plaintiffs' October 31, 2005 or November 7, 2005 request for a meet and confer.  (Fegan Decl., ¶¶ 6-7.)  Baxter's violations of its discovery obligations remain uncured to this day, which has necessitated the instant motion.

## III.    ARGUMENT

## A.    The Court Should Order Baxter to Produce the Requested Materials Immediately

Aside from the production of a limited amount of transactional data and documents, Baxter has disregarded its obligations to produce documentary evidence in this case. Accordingly, plaintiffs are entitled to an order compelling Baxter to produce promptly all of the material that plaintiffs have requested in their Omnibus Requests.  Fed. R. Civ. P. 34(b) ("The party submitting the request [for production] may move for an order under Rule 37(a) with

---

[4] Defendant Baxter only joined in Track Two Defendants' Opposition to Plaintiffs' Motion to Modify the Track Two Discovery Schedule and Cross Motion for Entry of Case Management Order 16 ("Track Two Defendants' Motion") filed on October 6, 2005 to the extent that the Track Two Defendants proposed entry of CMO 16.  It does not appear that Baxter has opposed Plaintiffs' request for an extension of the discovery deadlines generally.

respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested."); Fed. R. Civ. P. 37(a)(2)(B).

**B.      The Court Should Order Baxter to Produce Documents Over Any Objections Baxter May Have**

Baxter's conduct is particularly troublesome given that the Track Two fact discovery cutoff, as presently ordered, is fast approaching.  It appears that Baxter seeks to run out the clock on this matter, or at the least to distract and vex plaintiffs by forcing them to perform a tremendous amount of work in the short period between now and the discovery cutoff (whether the cutoff remains as presently ordered or as modified pursuant to plaintiffs' pending motion to extend it).  Baxter's disregard of its legal obligations should not be condoned.

Thus, plaintiffs ask the Court to treat all of Baxter's objections to production in response to plaintiffs' Omnibus Requests as waived and of no moment.  This ruling should apply not only to Baxter's written objections to plaintiffs' Omnibus Requests, but also to any objections it might seek to raise as it finally makes production pursuant to an order on this motion.

*All* responsive documents should be produced, regardless of whether Baxter might otherwise have claimed the attorney-client privilege, the work-product doctrine, the trial-preparation doctrine, or any similar doctrine as the basis for withholding responsive documents from production.  Baxter's dilatory production is sanctionable under this Court's inherent power to address such misconduct on the part of a litigant.  *See*, *e.g.*, *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1119 (1st Cir. 1989) (indicating that it is beyond question that a district court has the inherent power to manage its affairs, including "the ability to do whatever is reasonably necessary to deter abuse of the judicial process") (citation omitted); *Petroleum Ins. Agency, Inc. v. Hartford Accident & Indem. Co.*, 106 F.R.D. 59, 69-70 (D. Mass. 1985) (discussing court's inherent power to impose sanctions, and indicating that such power "may be exercised to

- 5 -

sanction non-production of documents even when no order compelling production pursuant to Rule 37(a)(2), F. R. Civ. P., was obtained") (citations omitted).

## IV. CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully urge the Court to issue an order: (a) compelling Baxter to produce within 30 days all documents and other materials called for by plaintiffs' Omnibus Requests for Production; (b) extending the close of fact discovery as to Baxter to a date six months after Baxter has complied with its discovery obligations; c) providing that Baxter may not withhold any documents responsive to plaintiffs' Omnibus Requests for Production on the basis of any objections to production, including any objections grounded on the attorney-client privilege, work-product doctrine, trial-preparation doctrine, or any similar doctrine; and d) granting such other and further relief as this Court deems appropriate.

DATED: November 8, 2005

By   **/s/ Elizabeth A. Fegan**
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR
PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I, Elizabeth A. Fegan, an attorney, caused a true and correct copy of the foregoing, **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION BY BAXTER** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on November 8, 2005, a copy to LexisNexis File & Serve for Posting and notification to all parties

By **/s/ Elizabeth A. Fegan**

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286