UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) | |
| IN RE PHARMACEUTICAL INDUSTRY ) | MDL No. 1456 |
| AVERAGE WHOLESALE PRICE ) | |
| LITIGATION ) | CIVIL ACTION:  01-CV-12257-PBS |
| ) | |
| ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL ) | |
| CLASS ACTIONS ) | |
| ) | |

**DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF MOTION
TO COMPEL PRODUCTION BY BAXTER**

I, Elizabeth A. Fegan, declare as follows:

1.      I am an attorney with Hagens Berman Sobol Shapiro LLP and am one of the
attorneys for the plaintiffs responsible for prosecuting this action against defendant Baxter in the
above-captioned matter.  I submit this declaration in support of Plaintiffs' Motion to Compel
Production by Baxter.

2.      Since the inception of this lawsuit, plaintiffs have served all defendants, including
Baxter, with various requests for production.  With respect to Baxter, these include:  Plaintiffs'
Omnibus Requests for Production and Interrogatories to Defendants Abbott, Amgen, Aventis,
Baxter, Bayer, Boehringer, Braun, Dey, Fujisawa, Novartis, Pfizer, Pharmacia, Sicor, TAP and
Watson and to All Other Defendants With Respect to Drugs That Were Not Previously Subject
to Discovery, dated March 31, 2004 ("Omnibus Requests"); Plaintiffs' Request for Production to
Defendants Regarding HHS ASPs, dated May 26, 2004; and Plaintiffs' Third Request for
Production to All Defendants, dated July 14, 2004.

3.      Baxter has produced very little in response to these Requests for Production.  To date, Baxter has only produced:  (i) the Government Investigation documents required by CMO 5 (comprised of approximately 20,000 pages); (ii) two disks (labeled BAXMDL 0020729-0024217 produced 6/17/05; and BAXMDL 0024218-0024506 produced 6/27/05) containing less than 4,000 pages (or just two boxes) of documents; (iii) two years' worth of active contracts for one of two divisions at issue (of which plaintiffs copied approximately 10,000 pages, which were produced on a disk labeled BAXMDL 0024514-0035869 on 9/30/05); and (iv) certain transactional data.

4.      But what Baxter has failed to produce is much greater, and includes but may not be limited to:[1]

- Baxter has yet to produce e-mail;

- Baxter has yet to produce documents maintained off-site;

- Baxter has yet to produce documents maintained in its electronic databases (separate from e-mail);

- Baxter has yet to produce documents identified at the 30(b)(6) depositions; and

- Baxter has yet to produce or make available all relevant contracts, or an agreed upon sampling thereof (with the limited exception of a discrete 2-year subset of the BioScience Division's contracts).

Nor has Baxter affirmed that documents in these categories do not exist or that they otherwise have been produced in full.

---

[1] By definition, the documents in the categories that Baxter has failed to produce exclude those that may have been included by default in the Government Investigation documents produced per CMO 5.

5.      I have engaged in extensive telephone meet and confer sessions with Baxter's counsel, Merle DeLancey, Esq., on at least five occasions regarding the scope and substance of Baxter's production.  These meet and confers, as well as additional production issues, were documented in eight letters to Baxter's counsel dated May 11, 2005, May 27, 2005, May 31, 2005, June 6, 2005, June 22, 2005, June 27, 2005, July 25, 2005, and July 29, 2005.  Copies of these letters are attached in Group Exhibit A hereto.

6.      Baxter is trying to run out the clock by denying plaintiffs access to the documentary evidence they need to support their case, to take depositions and to prepare for trial. In order to try to mitigate some of this prejudice, Plaintiffs served a Notice of Depositions on Baxter on October 31, 2005.  This notice may not include all of the witnesses with relevant knowledge or may be duplicative.  However, Plaintiffs cannot be certain without Baxter's fulfillment of its document production obligations.  Thus, also on October 31, 2005, Plaintiffs served Baxter with a letter explaining their deposition choices and requesting a meet and confer on Baxter's document production.  *See* Group Exhibit B.  Baxter's counsel did not respond to Plaintiffs' request for a meet and confer on document production.

7.      Thus, on November 7, 2005, I sent an e-mail to Baxter's counsel reiterating my request for a continued meet and confer.  *See* Exhibit C.  Baxter has not responded to my request as of the filing of this motion.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of November, 2005.


                                                   **/s/ Elizabeth A. Fegan**
                                                   Elizabeth A, Fegan

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Elizabeth A. Fegan, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF MOTION TO COMPEL PRODUCTION BY BAXTER,** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on November 8, 2005, a copy to LexisNexis File & Serve for posting and notification to all parties.

By **/s/ Elizabeth A. Fegan**

Elizabeth A. Fegan

# GROUP EXHIBIT A



**HAGENS BERMAN
SOBOL SHAPIRO LLP**

hbsslaw.com
60 WEST RANDOLPH STREET, SUITE 200 • CHICAGO, IL 60601
(312) 762-9235 • FAX (312) 762-9286

ELIZABETH A. FEGAN
(312) 762-9235
beth@hbsslaw.com

May 11, 2005

***Via Electronic Delivery***

Merle M. DeLancey, Jr.
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L Street NW
Washington, DC  20037-1526

Re: In   re AWP Litigation

Dear Merle:

In anticipation of our meet and confer next week regarding Plaintiffs' Omnibus Requests for Production and Interrogatories, and Baxter's responses and objections thereto, we request that Baxter be ready to discuss and disclose the "reasonable search" it promised to conduct and has conducted to date to identify responsive documents. *See* Baxter International Inc. and Baxter Healthcare Corporation's Objections and Responses to Plaintiffs' Omnibus Requests for Production and Interrogatories, at Preliminary Statement, ¶ 2, and Specific Responses and Objections to the Document Requests, Nos. 1-24, 27-28, 30-31, 33, 35, 36-37, 41-61, 63-82.

Sincerely,

Beth

Elizabeth A. Fegan

BF:bf

cc:    Rick Meza

1534.16 0303 LTR-IL.DOC

BOSTON       CHICAGO       LOS ANGELES       PHOENIX       SEATTLE



**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

hbsslaw.com
60 WEST RANDOLPH STREET, SUITE 200 • CHICAGO, IL 60601
(312) 762-9235 • FAX (312) 762-9286

ELIZABETH A. FEGAN
(312) 762-9235
beth@hbsslaw.com

May 27, 2005

*Via Electronic Delivery*

Merle M. DeLancey, Jr.
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L Street NW
Washington, DC 20037-1526

Re:In     re Pharmaceutical Industry AWP Litigation

Dear Merle:

I am writing to memorialize our meet and confer held on Tuesday, May 24, 2005 regarding the production of documents by Baxter in response to Plaintiffs' Omnibus Requests. If your understanding of our conversation differs, please let me know immediately.

At the conclusion of our meet and confer, we agreed to reconvene in one week. Accordingly, we suggest that we speak by telephone on Tuesday, May 31, 2005 at 3 p.m. CST. Please confirm your availability.

## I.     BACKGROUND DISCUSSION

### A.     Timing of Production

We generally discussed that, outside of documents required to be produced under the prior CMOs, Baxter has not yet undertaken a search and review of potentially responsive documents. We advised you that this was unacceptable given the current discovery deadlines. You stated that you would endeavor to produce certain categories of documents, including organizational charts and certain indices of warehoused documents,[1] within the next two weeks. You further stated that you would investigate

---

[1] You advised that you believed that documents stored off-site by the BioScience and Medication Delivery divisions were indexed, but that you were unsure of the manner in which the third division's documents were stored.

1534.16 0327 LTR-IL.DOC

BOSTON      CHICAGO      LOS ANGELES      PHOENIX      SEATTLE

Merle M. DeLancey, Jr.
May 27, 2005
Page 2

how long it would take to complete the production, and that we would discuss this further in one week.  Finally, we discussed that any production to be made should be made on a rolling basis and that Plaintiffs prefer that documents be made available for review before copying to try and narrow the costs and size of the final production.

**B.      Database Searches: E-mail, Siebel and Goldmine**

You asked that we identify particular people whose electronic files should be produced.  We advised that we are unable to do so in light of the lack of production to date.  However, we stated that we would provide you with a list of suggested search terms to be used in searching the e-mail, Siebel and Goldmine databases.  These include:

| | |
|---|---|
| AWP | volume |
| "average wholesale price" | reduce/reduction |
| WAC | proft |
| "wholesale acquisition cost" | RTP |
| ASP | "return to practice" |
| "average sales price" | Medicare |
| "list price(s)" | "Part B" |
| BP | "cost advantage" |
| AMP | "profit advantage" |
| EAC | margin |
| net | influence |
| price(s) | unrestricted |
| bundle | complimentary |
| chargeback(s) | inflat* (inflated, inflation) |
| credit(s) | margin(s) |
| discount(s) | acquisition |
| grant(s) | windfall |
| free | "cash ins" |
| incentive(s) | "product choice" |
| "economic incentives" | revenue |
| rebate(s) | insure* (insure, insurer(s), insured) |
| reimbursement | "third party payer" |
| "returned goods" | "third party payor" |
| spread | co-pay* (co-pay, co-payment) |
| sample(s) | |

Moreover, we discussed that, prior to the use of Goldmine, field sales representatives kept hard copies of reports of daily call notes.  Baxter's 30(b)(6)

Merle M. DeLancey, Jr.
May 27, 2005
Page 3

witnesses testified that those reports would be sent to district/regional sales managers and to the home office. You stated that it would be impossible to go to every field sales representative to collect the old documents. We requested that you identify the central locations where these documents were kept, *i.e.* with the sales managers and/or home office, and that we would discuss further the process for their production when we talk in one week.

### C.    Time Period at Issue

We generally discussed that Plaintiffs have requested the production of documents for the period 1991 to the present. You have previously raised an objection to producing any documents other than for the period 1997 to the time that the MCC was filed. We discussed that the Phase I Defendants previously withdrew any similar objections in response to Plaintiffs' Motion To Compel. We asked that you advise us immediately if you intend to maintain this objection so that we may bring it to the Court's attention.

We did suggest, however, that we are willing to agree to a sampling approach for particular requests. We suggested sampling on the basis of time, on the basis of customer types, and on the basis of departments or groups within Baxter, and/or suggested the production of indices of warehoused documents so that we may try to narrow the documents in which we are interested. However, we requested that Baxter consider each of these approaches in light of how it has indexed and stored its documents and propose to us the particular approach(es) in which it is interested. You agreed to consider our suggestions. We ask that Baxter be prepared to agree on an approach on our call next week, or be prepared to advise us that it intends to stand by its objection as to the time period for which it will produce documents.

### D.    Privilege Log

We discussed that Baxter's prior productions made pursuant to the CMOs include redacted documents. However, to date, we have not received a privilege log. We requested that Baxter provide a privilege log for the productions made to date, and that Baxter update that privilege log on an ongoing basis as it makes further productions.

Please advise during our call next week when we can expect the privilege log for the productions made to date. Further, we request that the privilege log be updated within 14 days of any further productions.

### E.    Productions Made to Date

We requested that you advise us of the bates-range of documents produced to date so that we can ensure we have the full production. You agreed to do so.

1534.16 0327 LTR-IL.DOC

Merle M. DeLancey, Jr.
May 27, 2005
Page 4

### F.     Source List

We requested that you identify the source(s) of documents produced to date and in any further productions.  You agreed to do so, subject to the limitation that you may not be able in certain instances to identify the specific person whose files may have been produced but that you would be able to identify the department from which they came (*i.e.* because the files may show up at your office undifferentiated).  We requested that you endeavor to work with your client to ensure that sources can be identified.  You agreed to do so.

## II.     SPECIFIC OMNIBUS REQUESTS

### A.     Requests to Which Baxter Agreed to Produce Responsive Documents

Baxter agreed to produce responsive documents, to the extent that they exist, in response to the following requests:[2] 1, 2, 3 (subject to the limitations set forth in Sean Matt's letter), 5, 6, 8, 20, 21, 24, 28(a)-(i) (subject to Baxter's objection that it will not produce documents regarding the actual costs of production/manufacture of any drug), 30[3], 31, 32, 33[4], 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, 52, 54, 55, 56, 57, 58, 59, 60[5], 61, 62[6], 63, 64, 65, 66, 67, 68, 69, 70[7], 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82[8].

---

[2] Baxter may have already captured some of the documents responsive to these requests in its prior productions, but nonetheless has agreed to the production of responsive documents. Further, to the extent that Baxter does not have any documents subject to a particular request, please advise in writing.

[3] You advised that Medication Delivery is the only division that communicates with IMS and that may have documents responsive to this request.

[4] You advised that Medication Delivery would not have any documents responsive to this request, but that BioScience will.

[5] You advised that Baxter will not have any documents responsive to this request because there is no third party which reports any prices on Baxter's behalf to any pricing compendia, but that you would nonetheless inquire.

[6] Baxter has previously objected to any requests that include a request for documents related to PBMs on the basis that "it does not conduct business with PBMs." However, during the 30(b)(6) deposition, it was clear that there may be certain limited instances (*e.g.* where an insurer or PBM has set up a specialty care pharmacy) where Baxter does in fact do business with PBMs. Accordingly, you agreed to produce such relevant documents.

[7] You advised that Baxter does not do business with traditional wholesalers, but instead with biological distributors. We requested that documents related to biological distributors be produced in response to requests that include a reference to wholesalers or to the distribution chain generally. You agreed.

[8] You advised that Baxter does not engage in any repackaging or relabeling, and thus does not have documents responsive to this request.

Merle M. DeLancey, Jr.
May 27, 2005
Page 5

Baxter agreed that either its production was complete or that it would supplement its prior productions in response to the following requests: 9, 10 (subject to the agreement that this included any legal proceeding outside of the MDL process), 11, 12, 13, 14, 15, 49, 50, 51, 53.

### B.    Requests to Which the Parties Agreed to Confer Further

Baxter further agreed to produce documents but will first propose a sampling approach for the following requests:

- 16, 17:  Baxter agreed to produce responsive documents, but will propose a sampling approach with respect to Baxter's price lists which counsel represented were each hundreds of pages.
- 26, 29:  Baxter will produce responsive documents, but will first propose a sampling approach of contracts and customer files to be searched.
- 38: Baxter agreed to produce responsive documents, but will first propose a sampling approach for credit memos.

In this letter, Plaintiffs have proposed a search term list for searching documents that may be responsive to the following requests: 18-19, 46, 47.  We discussed that you would consider this list in time for discussion on our next telephone call.

The parties agreed that the production of transactional data and related electronic database information was the subject of a separate discussion with Sean Matt and the technical gurus.  *See e.g.,* Request Nos. 4, 7, 25, 27, 48.

### C.    Requests to Which the Parties Agreed to Defer At This Time

The parties agreed to hold the following requests in abeyance at this time: 22-23, 34.

Sincerely,

Beth

Elizabeth A. Fegan

BF:bf

1534.16 0327 LTR-IL.DOC

Merle M. DeLancey, Jr.
May 27, 2005
Page 6


cc:    Ken Wexler
       Rick Meza
       Steve Berman
       Sean Matt



**HAGENS BERMAN
SOBOL SHAPIRO LLP**

hbsslaw.com
60 WEST RANDOLPH STREET, SUITE 200 • CHICAGO, IL 60601
(312) 762-9235 • FAX (312) 762-9286

ELIZABETH A. FEGAN
(312) 762-9235
beth@hbsslaw.com

May 31, 2005

*__Via Electronic Delivery__*

Merle M. DeLancey, Jr.
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L Street NW
Washington, DC 20037-1526

     Re:    <u>In re AWP Pharmaceutical Litigation</u>

Dear Merle:

    In anticipation of our continued meet and confer on Baxter's objections and responses to Plaintiffs' Omnibus Requests, I am writing regarding Baxter's objection to the production of information regarding costs of production. While we generally agreed to hold this issue in abeyance, Baxter's 30(b)(6) witness, Bryant Gunnerson, testified regarding a Sales and Margin Report that he receives on a monthly basis. Among other things, Mr. Gunnerson testified that this report contains information such as sales revenue per month, units sold per month, gross ASP calculations, and/or standard costs. To the extent that these or other similar reports contain information responsive to Plaintiffs' requests in addition to information regarding Baxter's costs, we ask that Baxter produce the documents in unredacted form. We will agree, however, to hold in abeyance any requests for documents that refer solely to costs of production at this time.

    We look forward to speaking with you about this later this week.

               Sincerely,

               Beth

               Elizabeth A. Fegan

BF:bf

1534.16 0333 LTR-IL.DOC

Merle M. DeLancey, Jr.
May 31, 2005
Page 2


cc:    Tina Reynolds
       Rick Meza

**HB**

HAGENS BERMAN
SOBOL SHAPIRO LLP

hbsslaw.com
60 WEST RANDOLPH STREET, SUITE 200 • CHICAGO, IL 60601
(312) 762-9235 • FAX (312) 762-9286

ELIZABETH A. FEGAN
(312) 762-9235
beth@hbsslaw.com

June 6, 2005

**_Via Electronic Delivery_**

Merle M. DeLancey, Jr.
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L Street NW
Washington, DC 20037-1526

   Re:In   re Pharmaceutical Industry AWP Litigation

Dear Merle:

   I am writing to confirm the substance of our continued meet and confer held Friday, June 3, 2005 regarding Plaintiffs' Omnibus Requests and the Rule 30(b)(6) Depositions, and the various positions set forth in my letters dated May 27, 2005 and the response letters from you and Tina Reynolds dated June 3, 2005. If the synopsis below does not conform to your understanding of our discussion, please contact me immediately.

   We agreed to reconvene on Friday, June 17, 2005 at 10 a.m. CST.

**30(b)(6) Depositions**

   First, we confirmed July 12-13, 2005 at my office for the continued 30(b)(6) deposition, with witnesses designated for the Medication Delivery division and a portion of the topics with respect to the Anesthesia/Critical Care division. We discussed that Baxter was no longer in compliance with CMO 10's timing requirements for the production of 30(b)(6) witnesses. I thus requested that you designate the remainder of the witnesses for the Critical Care division for the same dates. You stated that you were not sure if that would work (one deponent may only be available out of town), but that you would try. You nonetheless advised that you would designate the remainder of the witnesses and their availability within a very short time frame.

   We also discussed Plaintiffs' position, as set forth in detail in my letter dated May 27, 2005 regarding the 30(b)(6) deposition of the BioScience division, that Baxter's

1534.16 0334 LTR-IL.DOC

Merle M. DeLancey, Jr.
May 27, 2005
Page 2

witnesses had not made themselves knowledgeable about all of the information available to the BioScience division with respect to 5 out of 6 topics. You did not provide a substantive response in your June 3 letter, but denied that Baxter's witnesses were inadequate. Accordingly, I asked whether this constituted our final meet and confer on this topic, or whether you wanted to consider Plaintiffs' substantive position and reconsider your position. You stated that you would go back and reconsider and/or provide a substantive response.

### Timing of Production

Baxter has not yet been able to provide us with an estimated date for completion of production. However, we agreed to discuss this issue again the week of June 13, 2005. You also stated that you planned to begin production the week of June 13, 2005 and will produce documents on a rolling basis. You stated that you would try to expedite certain documents, such as organizational charts and indices of warehoused documents[1], prior to the week of June 13 so that we may have more informed discussions.

We also reiterated Plaintiffs' request that Plaintiffs be allowed to review documents before they are imaged and produced. You stated that Plaintiffs will be allowed to review contract documents for culling prior to production. Then, we discussed Baxter's position as set forth in your June 3 letter that all other documents would be imaged and produced without providing Plaintiffs a first opportunity for review. Generally, you advised Plaintiffs would likely have the opportunity to review off-site documents; however "live" documents, from active files, would be imaged. I advised you that Plaintiffs would not agree to pay, in whole or in part, for the imaging of all Baxter documents if Plaintiffs were not first provided a review opportunity so Baxter would need to consider its position on this issue prior to production. You stated that you would discuss this issue with your client.

### Database Searches

We discussed our disagreement regarding the persons whose electronic files needed to be searched. I reiterated Plaintiffs' position that we would not designate specific people whose files should be searched (as Defendant has argued), because: (i) it is Defendant's burden to identify relevant documents for production, and Defendant is improperly attempting to shift the burden; (ii) Plaintiffs do not have sufficient information to make any type of intelligent or informed decision as to the list of people whose files should be searched; and (iii) e-mail searches etc. should be made on a

---

[1] During the course of our discussion, you indicated that these indices would include files referring to field sales representatives. *See* my letter dated May 27, 2005 at 2-3 (discussing hard copy documents used by field prior to use of Goldmine/Siebel).

Merle M. DeLancey, Jr.
May 27, 2005
Page 3

departmental or group basis, not an individual basis.  Thus, I again suggested that we discuss particular departments or groups (depending on how Baxter is organized) from which electronic files should be culled, and further that we discuss particular departments or groups whose files should be excluded (such as DTC advertising).  You stated that you would go back to your client and discuss this issue and propose a solution.

We further discussed the search terms that would be used for the e-mail, Siebel and Goldmine databases.  We agreed to the following terms (changes from my May 27, 2005 letter are noted below):

| | |
|---|---|
| AWP | "return to practice" |
| "average wholesale price" | Medicare |
| WAC | "Part B" |
| "wholesale acquisition cost" | "cost advantage" |
| ASP | "profit advantage" |
| "average sales price" | ~~margin~~ |
| "list price(s)" | influence |
| BP | unrestricted |
| AMP | complimentary |
| EAC | inflat* (inflated, inflation) |
| net | margin(s) |
| price(s) | ~~acquisition~~ |
| bundle | <u>"acquisition cost"</u> |
| chargeback(s) | <u>"cost of acquisition"</u> |
| credit(s) | windfall |
| discount(s) | "cash ins" |
| grant(s) | "product choice" |
| free | revenue |
| incentive(s) | ~~insure* (insure, insurer(s), insured)~~ |
| "economic incentives" | "third party payer" |
| rebate(s) | "third party payor" |
| reimbursement | co-pay* (co-pay, co-payment) |
| "returned goods" | |
| spread | |
| sample(s) | |
| ~~volume~~ | |
| reduce/reduction | |
| profit | |
| RTP | |

Merle M. DeLancey, Jr.
May 27, 2005
Page 4

We further discussed your concern that a search for "price(s)" and/or "profit" would return an unmanageable amount of documents. However, we agreed to defer this discussion until an actual search is undertaken. If the search for these two terms does, in fact, return an unmanageable amount of documents, we will revisit this issue and discuss a way to narrow the search.

Finally, you advised that the same people who are in the process of producing transactional data will be the ones to undertake the above database searches. Accordingly, you requested a prioritization of the transactional database production versus the above production. I advised you that the transactional data should come first as Baxter is only one of four defendants that has yet to produce any data. However, I stated that the process of producing transactional data should not indefinitely delay the above electronic production. As you may expect, the database search may yield thousands of documents and we will thus need some time to review them. Thus, since you did not indicate when you thought the transactional database search may be completed, please advise as to your expected completion date. If you do not expect to be completed with your transactional data search within four weeks, please advise us immediately so that we can confer as to an alternative resolution to this matter.

### Time Period at Issue

I advised you by e-mail dated June 3, 2005 and in our discussion that your statement that no Phase I Defendant has produced data prior to 1997 is patently incorrect. Moreover, we again discussed that Phase I Defendants have produced documents going back to 1991 and continuing to the present. Accordingly, I advised you that if Baxter intends to withhold any documents on the basis of time period that Baxter should advise us immediately so that we may take this issue to the Court.

Moreover, I stated that your last two sentences of the paragraph entitled "Time Period At Issue" in your June 3, 2005 letter were not consistent with our prior discussions. After discussing the matter, you agreed that: Baxter would start producing live files (regardless of the time period for which they cover) the week of June 13, 2005, Baxter would produce indices of warehoused/off-site documents for Plaintiffs' review, then the parties would confer on the particular off-site documents to be produced, and Plaintiffs would have an opportunity to review off-site immediately thereafter.

### Privilege Log

You stated that you have not yet completed the privilege log for the documents produced from the government investigations. However, you stated that you would produce this privilege log as soon as completed. We agreed to discuss this issue again the week of June 13, 2005. Moreover, you stated that you would produce privilege logs

Merle M. DeLancey, Jr.
June 6, 2005
Page 5

related to each rolling production within a reasonable time after each production.  I
suggest that we agree that this will be done within 14 days of each subsequent
production.

### Specific Omnibus Requests

Between our prior letters, we have generally agreed on the scope of Defendant's
responses with respect to specific omnibus requests.  The only additions are as follows:

- Request 10:  We agreed that Baxter would produce a list of all responsive
  legal proceedings outside of the MDL, together with copies of any
  testimony (including but may not be limited to transcripts, affidavits, and/or
  declarations).

- Request 43: we requested that Baxter provide identification information,
  but agreed that Baxter did not have to provide contact information based on
  Baxter's position that it intends to voluntarily produce all former or current
  Baxter employees as noticed by Plaintiffs from time to time.

- We discussed that Baxter intends to provide a sampling of documents in
  response to various requests, including 16, 17, 26, 29, and 70.  However,
  Baxter has yet to propose a sampling approach (we have suggested a
  number of different routes but you have indicated that you were not yet
  familiar enough with the client's documents to propose an approach).  We
  agreed that you would be ready to propose a sampling approach during the
  week of June 13, 2005.

1534.16 0334 LTR-IL.DOC

Merle M. DeLancey, Jr.
June 6, 2005
Page 6

We look forward to talking with you on June 17.

Sincerely,

Beth

Elizabeth A. Fegan

BF:bf

cc:   Tina Reynolds
      Ken Wexler
      Rick Meza
      Steve W. Berman
      Sean Matt

1534.16 0334 LTR-IL.DOC

**HAGENS BERMAN**
SOBOL SHAPIRO LLP

hbsslaw.com
60 WEST RANDOLPH STREET, SUITE 200 • CHICAGO, IL 60601
(312) 762-9235 • FAX (312) 762-9286

ELIZABETH A. FEGAN
(312) 762-9235
beth@hbsslaw.com

June 22, 2005

***Via Electronic Delivery***

Merle M. DeLancey, Jr.
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L Street NW
Washington, DC 20037-1526

      Re:In   re Pharmaceutical Industry AWP Litigation

Dear Merle:

      I am writing to confirm the substance of our continued meet and confer held Friday, June 17, 2005 regarding Plaintiffs' Omnibus Requests and the Rule 30(b)(6) Depositions. If the synopsis below does not conform to your understanding of our discussion, please contact me immediately.

      We agreed to reconvene on Friday, June 24, 2005. Please let me know whether you are available at 10 a.m. CST.

**30(b)(6) Depositions**

      In addition to the July 12-13, 2005 dates for the 30(b)(6) deposition of the Medication Delivery division, you advised that you could make two 30(b)(6) witnesses available for Anesthesia and Critical Care on July 11, 2005 in New Jersey. We tentatively agreed to that date, but have also agreed to discuss further once you set forth in writing certain alleged facts regarding the drugs from this division, which alleged facts may make discovery of this division unnecessary.

      We also discussed Plaintiffs' position, as set forth in detail in my letter dated May 27, 2005 regarding the 30(b)(6) deposition of the BioScience division, that Baxter's witnesses had not made themselves knowledgeable about all of the information available to the BioScience division with respect to 5 out of 6 topics. You advised that you would make Larry Guiheen available to testify as to the alleged gaps in the testimony of Mr. O'Malley, and Jennifer Rogers to testify as to the alleged gaps in the testimony of Mr. Gunnerson. Please provide us with proposed dates for these depositions.

1534.16 0334 LTR-IL.DOC

BOSTON      CHICAGO      LOS ANGELES      PHOENIX      SEATTLE

Merle M. DeLancey, Jr.
June 22, 2005
Page 2

With respect to gaps in Topic 4, rather than produce an additional 30(b)(6) witness, I requested that you advise in writing of the identities of the persons responsible for communications with the publishers for the period 1991 to the present. You agreed, and stated that the persons most likely were Kyle Bush and Judy Ruder but that you would verify with your client.  Please do so.

### Timing of Production

You advised that you would be producing a CD containing organizational charts, Medication Delivery contracts that were physically on site at your law firm, document retention policies, three examinations under oath from the Texas litigation, and other miscellaneous documents.  We have since received one CD from you.

You may recall that, during our June 3, 2005 meet and confer (confirmed in my letter dated June 6, 2005), you stated that you would also be providing during the week of June 13, 2005 certain indices of warehoused documents.  We have not yet received these indices.  You did advise that there are two boxes of indices for Medication Delivery and BioScience.  Please advise when these will be made available for our review.

With respect to the production of contracts, you stated that the BioScience division maintains two years' worth of live contracts on site and that everything else is in storage. You further stated that the contracts are stored by state in alphabetical order.  You stated that you would make these available to us in the Chicago area for review.  After consulting with Tina about how long it would take your team to first go through them, we agreed that we would tentatively shoot for this review to occur July 14-15, 2005.

### Database Searches

We discussed at length some very concerning news regarding e-mail and/or documents of former employees that were not preserved in accordance with company policy when employees left the company.  You have set forth the circumstances of this failure in a separate letter, and I have served on you a Notice of 30(b)(6) Deposition for July 11, 2005 focused on this topic.   I suggest we discuss this issue further on Friday and again reiterate my request that Baxter propose a written stipulation agreeing to preserve on a going-forward basis.

Further, I request that the 30(b)(6) deposition on these topics occur on July 11, 2005 or immediately before or after (and not be scheduled out to August, 2005) because of the seriousness of the issues that must be addressed first by Plaintiffs and second by the Court.

1534.16 0334 LTR-IL.DOC

Merle M. DeLancey, Jr.
June 22, 2005
Page 3

We also discussed that you had not yet determined how and/or if Goldmine and/or Siebel was preserved or backed-up.[1]  Again, because of the serious nature of the preservation issue, we ask that you be prepared to discuss this on Friday.

With respect to current employees, you advised that e-mails are deleted on a 90-day rolling basis but that employees have been instructed by the Company to archive their e-mails every 90 days so that they will not be destroyed.  While the Company's directives and/or steps taken to ensure compliance with these directives is one of the subjects for the 30(b)(6) deposition, we nonetheless have continued to discuss the manner in which Baxter will search these e-mails.  I again suggested that you specifically identify and propose the groups or departments whose employees' e-mails you intend to search, and specifically identify and propose the groups or departments to be excluded.  As soon as you provide us with this information, we will consider it and provide our feedback.  Please advise when we can expect this information.

We did not discuss the search term list to which we previously agreed as set forth in my May 27, 2005 letter, so I assume you have had no further issues on that topic.

**Time Period at Issue**

We agreed that Baxter would produce transactional data current through the first quarter of 2005, and would produce documents through January 1, 2005 (as a reasonable cut-off for searching documents but without prejudice to any obligations that Baxter may have to supplement its production at a later time).

**Specific Omnibus Requests**

Baxter has previously taken the position that it intends to provide a sampling of documents in response to various requests, including 16, 17, 26, 29, and 70.  You were not prepared to discuss this last week, other than to say that you thought that the documents covered by these requests would be made available for inspection.  Please confirm on Friday that all documents responsive to these requests will be produced, or advise of a proposed sampling approach.

---

[1] You did advise, however, that the Anesthesia & Critical Care division did not have an electronic call note database.

1534.16 0334 LTR-IL.DOC

Merle M. DeLancey, Jr.
June 22, 2005
Page 4

We look forward to talking with you on Friday.

Sincerely,

Beth

Elizabeth A. Fegan

BF:bf

cc:     Tina Reynolds
        Ken Wexler
        Rick Meza
        Steve W. Berman
        Sean Matt

HB

**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

hbsslaw.com
60 WEST RANDOLPH STREET, SUITE 200 • CHICAGO, IL 60601
(312) 762-9235 • FAX (312) 762-9286

ELIZABETH A. FEGAN
(312) 762-9235
beth@hbsslaw.com

June 27, 2005

***Via Electronic Delivery***

Merle M. DeLancey, Jr.
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L Street NW
Washington, DC 20037-1526

   Re:  In re Pharmaceutical Industry AWP Litigation

Dear Merle:

  I am writing to confirm the substance of our continued meet and confer held Monday, June 27, 2005 regarding Plaintiffs' Omnibus Requests and the Rule 30(b)(6) Depositions. If the synopsis below does not conform to your understanding of our discussion, please contact me immediately.

  We agreed to reconvene on Friday, July 1, 2005 at 10 a.m. CST.

**30(b)(6) Depositions**

  As we discussed, you will be providing me with a letter shortly regarding certain issues that may obviate the need for the July 11, 2005 30(b)(6) deposition of the Anesthesia and Critical Care division. As I told you, if you can get me that information today or tomorrow, I will try to evaluate it by Friday.

  With respect to the July 12-13, 2005 Rule 30(b)(6) deposition of the Medication Delivery Division, I advised you that I will be unavailable on July 12 and asked that this be rescheduled. You will advise me whether you still want to go forward on the 13th or reschedule both days for August.

  With respect to the Notice of Rule 30(b)(6) related to the preservation of documents, you advised that you are "cautiously optimistic" that the documents, which you previously thought were not kept, were in fact preserved. *See infra.* You stated that this might obviate the need for this deposition. We agreed to discuss this matter again on Friday.

Merle M. DeLancey, Jr.
June 22, 2005
Page 2

With respect to the BioScience Division 30(b)(6), you confirmed that you would be producing Larry Guiheen and Jennifer Rogers and will provide us with proposed dates for these depositions.

In our last meet and confer, with respect to gaps in Topic 4 for the BioScience division, rather than produce an additional 30(b)(6) witness, I requested that you advise in writing of the identities of the persons responsible for communications with the publishers for the period 1991 to the present. You agreed, and stated that the persons most likely were Kyle Bush and Judy Ruder but that you would verify with your client. We did not discuss this again today, but I reiterate our request.

**Timing of Production**

I inquired as to the status of the production of indices for warehoused documents for the BioScience and Medication Delivery divisions. You advised that you would be providing me this week with a letter listing all of the departments that sent documents to storage. You asked that we advise you from which departments we request documents, which departments may be excluded and for which departments we need more information.

You advised us that you would make the "live" or active contract files (which you defined as those for the last two years) for the BioScience division available for review on July 14-15, 2004. I requested that you advise me of the volume in advance, and you agreed to do so.

**Database Searches**

We revisited the issue of whether e-mail and/or documents of former employees were or were not preserved in accordance with company policy when employees left the company. You stated that you may have received some misinformation and are cautiously optimistic that the documents were in fact preserved. You stated that you should know within the next two days.

I requested the following: (i) a stipulation as to how this issue will be resolved as to employees who depart the company on a going forward basis (to which you stated that you had a draft stipulation to forward to me shortly); (ii) in the event that documents were in fact preserved, an affidavit from the company (not the lawyers) affirming the same; and (iii) in the event that the documents were not or were haphazardly preserved, a date for the corresponding Rule 30(b)(6) deposition during the week of July 11 or 18, 2005.

Merle M. DeLancey, Jr.
June 22, 2005
Page 3

We also discussed that you had not yet determined how and/or if Goldmine and/or Siebel was preserved or backed-up.

I again suggested that you specifically identify and propose the groups or departments whose employees' e-mails you intend to search, and specifically identify and propose the groups or departments to be excluded.  You agreed that this process was not contingent on the outcome of the preservation issue, and further agreed to provide this information by Wednesday.

### Specific Omnibus Requests

**Nos. 16, 17, 26**:  First we agreed that no. 16 was subsumed within no. 17.  Second, we agreed that you would produce all documents responsive to these requests from specific departments to be agreed upon.  You are going to provide us with a list of those departments that you propose to include in your search and those departments that you propose to exclude from your search.

**Nos. 29, and 70**:  You stated that you are going to make all contracts for the relevant time period available for our review.

We look forward to talking with you on Friday.

Sincerely,

Beth

Elizabeth A. Fegan

BF:bf

cc:    Tina Reynolds
       Ken Wexler
       Rick Meza
       Steve W. Berman
       Sean Matt

1534.16 0334 LTR-IL.DOC

**H B**

**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

hbsslaw.com
60 WEST RANDOLPH STREET, SUITE 200 • CHICAGO, IL 60601
(312) 762-9235 • FAX (312) 762-9286

ELIZABETH A. FEGAN
(312) 762-9235
beth@hbsslaw.com

July 25, 2005

***Via Electronic Delivery***

Merle M. DeLancey, Jr.
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L Street NW
Washington, DC 20037-1526

  Re: In   re AWP Litigation

Dear Merle:

  As you know, we spent Tuesday reviewing the active contract files of the BioScience division made available to us. We requested that a number of files and/or boxes be copied.

  During the review, it was clear that there are a number of reports that can be electronically run containing contract information. Moreover, it appears that these reports and/or electronic databases are separate from the transactional data about which you have had discussions with Sean Matt. Accordingly, set forth below are the names of the reports and information that would be responsive to Plaintiffs' discovery requests and thus that should be produced in electronic form.

- BAM Price Expiration Report

- Customer Detail by Customer

- Connection Detail by Customer

- Price Detail Maintenance

- Agreement Master - High Level Inquiry By Account

- Hierarchy Maintenance Tool

Merle M. DeLancey, Jr.
July 21, 2005
Page 2

- Trace Sales Report

Moreover, it appears that Baxter has developed and maintains standard contract forms. Please provide templates for each relevant contract and form used by Baxter, including but not limited to the following:

- Standard Price Agreement

- Standard Price Agreement Terms & Conditions

- Annual Rebate Agreement

- Therapeutic Products Purchase Agreement

- Distribution Agreement

- Commitment Worksheet

- Special Price Authorization Form

- Premier Program Enrollment Form

- Pricing Update

- Group Pricing Notification

Finally, and I am sure this is already part of Baxter's future production, please provide copies of all Price Guidelines for Contract Extensions and New Customer Contracts.

Sincerely,

Beth

Elizabeth A. Fegan

BF:bf

cc:   Rick Meza
      Sean Matt



**HAGENS BERMAN
SOBOL SHAPIRO LLP**

hbsslaw.com
60 West Randolph Street, Suite 200 • Chicago, IL 60601
(312) 762-9235 • FAX (312) 762-9286

Elizabeth A. Fegan
(312) 762-9235
beth@hbsslaw.com

July 29, 2005

*__Via Electronic Delivery__*

Merle M. DeLancey, Jr.
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L Street NW
Washington, DC  20037-1526

     Re:In  __re Pharmaceutical Industry AWP Litigation__

Dear Merle:

     I am writing to confirm the substance of our meet and confer held today.

## A.    Preservation Issues

     We revisited the ongoing discussion we have had regarding the documents that Baxter may have failed to preserve in the past and how Baxter intends to preserve documents going forward.

     First, with respect to ongoing preservation issues, you advised that Baxter is now preserving documents and that you are meeting with the third party vendor that backs-up Baxter's documents on Monday to discuss how this will continue to be done on an ongoing basis.

     Second, with respect to documents that may not have been preserved in the past, you advised that you have identified a universe of approximately 65 persons that have left the Company that you believe may have had responsive responsibilities and, of those, are investigating whether or not documents were preserved (specifically, you identified that the investigation includes the questions whether Baxter: (i) maintained the hard drives; (ii) preserved e-mails; and (iii) has access to documents on shared/network documents).

     We discussed that Plaintiffs intend to move forward with the 30(b)(6) on preservation issues and we requested a date certain.  You advised that Andy Jackson would be handling that deposition from your office.  You suggested the week of August

Merle M. DeLancey, Jr.
July 29, 2005
Page 2

22, 2005. We advised you that we are available that week every day, except Wednesday. You will coordinate the deposition and provide us a specific date during the week of 8/22 for the deposition by letter next week.

**B.      Storage Indices**

We generally discussed that you provided us with a list of departments or groups that had documents in storage in order to identify groups from which documents would be produced. On July 1, 2005, we provided you with a response to those lists, and had not heard back from you.

You advised that you were struggling with the number of groups that may have responsive documents. We discussed that it was time to move off this discussion of groups and begin producing documents.

You stated that you were considering making the documents available, depending on the state of law in Massachusetts regarding inadvertent disclosure. We generally discussed the current Protective Order and claw back provisions.

You stated that you intended to research Massachusetts law and provide us with a letter next week, advising (i) whether you intended to make the documents available subject to a claw back agreement, or whether you intended to review the documents first prior to production; and (ii) a timeline for production under either scenario. You further stated that production has been/may be delayed because Baxter is in the process of moving its storage facilities.

**C.      Contract Templates and Databases**

We discussed the review Plaintiffs conducted of the active BioScience contract files, and the items set forth in my letter dated July 25, 2005 related thereto.

We requested templates of the standard contract forms used over time for both Medication Delivery and BioScience. You agreed to produce those in conjunction with the Guideline Price reports, recognizing that this may reduce the production generally.

Further, we discussed the databases to which it appeared Account Directors or others have access and which appear to capture contract information in summary form. You stated that you thought it might be duplicative of the transactional databases being produced to Sean Matt. We agreed to reconvene this discussion once we both have had access to the documents we marked for copying from our BioScience contract review.

Merle M. DeLancey, Jr.
July 29, 2005
Page 3

## D.      E-Mail

We discussed that this issue has stalled in your court with respect to identifying the groups or people whose e-mail you intend to search.  You agreed to provide us with a timeline for production by letter next week.

## E.      BioScience Continued 30(b)(6)

You will provide us with dates for the depositions of Jennifer Rogers and Larry Guiheen by letter next week.

We look forward to next week's letter.

Sincerely,

Beth

Elizabeth A. Fegan

BF:bf

cc:    Rick Meza

1534.16 0362 LTR-IL.DOC

# GROUP EXHIBIT B



ELIZABETH A. FEGAN
DIRECT • (312) 762-9235
BETH@HBSSLAW.COM

**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

October 31, 2005

*__Via E-Mail__*

Merle M. DeLancey, Jr.
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L Street NW
Washington, DC  20037-1526

   Re: In re A  WP Litigation

Dear Merle:

  Enclosed please find a Notice of Depositions to Baxter reflecting the names of numerous witnesses that were identified either by Baxter's 30(b)(6) witnesses or in Baxter's limited document production to date.  In light of the serious deficiencies in Baxter's document production to date, this notice may not be comprehensive of all witnesses or may be duplicative.  However, there is no way for Plaintiffs to be certain without Baxter's fulfillment of its document production obligations.  Accordingly, in light of the upcoming discovery deadlines and in order to avoid prejudice to Plaintiffs as a result of Baxter's failures, Plaintiffs were left with no choice but to make a good faith effort to identify the relevant witnesses.

  Some of the deficiencies in production include but may not be limited to: (i) Baxter has yet to produce e-mail (other than what may have been included in the Government Investigation document set); (ii) Baxter has yet to produce documents maintained off-site; (iii) Baxter has yet to produce documents maintained in its electronic databases (separate from e-mail); (iv) Baxter has yet to produce documents identified at the 30(b)(6) depositions (again other than what may have been included in the Government Investigation document set); and (v) Baxter has yet to produce or make available all relevant contracts, or an agreed upon sampling thereof (with the limited exception of a discrete subset of BioScience contracts).  Nor has Baxter affirmed that documents in these categories do not exist or that they otherwise have been produced in full.

  Accordingly, please let me know when you are available to discuss Baxter's document production.  Further please provide dates and times that you and each witness

ATTORNEYS AT LAW   SEATTLE  LOS ANGELES  CAMBRIDGE  PHOENIX  CHICAGO
T 312.762.9237  F 312.762.9286
60 WEST RANDOLPH STREET SUITE 200 CHICAGO, ILLINOIS 60601
www.hbsslaw.com

1534.16 0001 LTR-IL.DOC

Merle M. DeLancey, Jr.
October 31, 2005
Page 2

are available for deposition.  Also, if you will not be voluntarily producing any of the witnesses on the attached notice, please provide their last known address within 10 days so that we may serve Subpoenas on them in a timely fashion.

Finally, please provide dates in November for the 30(b)(6) deposition of Baxter regarding preservation and spoliation.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Beth

Elizabeth A. Fegan

BF:BF
Enclosure
cc:    Steve W. Berman
       Kenneth A. Wexler
       Jennifer Fountain Connolly

1534.16 0001 LTR-IL.DOC

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) | MDL No. 1456 |
| | ) ) | CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) ) | Judge Patti B. Saris |

## <u>NOTICE OF DEPOSITIONS TO BAXTER</u>

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30, the undersigned counsel will take the deposition of the following persons on dates and times to be mutually agreed upon by the parties.  Such depositions will be recorded by stenographic and/or sound and visual means and will take place at the offices of Hagens Berman Sobol Shapiro LLP, 60 W. Randolph, Suite 200, Chicago, Illinois.

| Deponent |
|---|
| Teresa Atkins |
| Marie Borselle |
| Michael Bradley |
| Kyle Bush |
| Wally Candelario |
| Bernadette Connolly |
| Sara Creviston |
| Joe Darling |
| Susan Davies |
| Mike Downey |
| Ivan Forham |
| Fortunato |
| John Gudry |
| Larry Guiheen |
| Bryant Gunnerson |
| Jim Hauert |
| Michael Heggie |

- 1 -

| |
|---|
| Scott Hippensteel |
| Tim Jones |
| Marie Keeley |
| Pamela Koo |
| Ted Langdon |
| Josephine Li-Leod |
| Rose Lorella |
| Eric Lynch |
| Melissa Macek |
| Pete O'Malley |
| Greg Neier |
| Jeff Nordquist |
| Julie Perry |
| Ron Peters |
| Nick Poulios |
| Craig Prather |
| Michelle Preiefer |
| Cindy Pullano |
| Juliana Reed |
| Mark Reifenkampf |
| Judy Reuter |
| Lou Rofrano |
| Jennifer Rogers |
| Rosalie Satterthwaite |
| Catherine Schrank |
| Craig Seeger |
| Sam Shakespeare |
| John Shannon |
| John Sonnier |
| John Spear |
| Ester Stein |
| Carl Wilt |

You are invited to attend and participate.

DATED:  October 31, 2005

By     /s/ Elizabeth A. Fegan

    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

- 3 -

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR
PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I, Elizabeth A. Fegan, an attorney, caused a true and correct copy of the foregoing, **NOTICE OF DEPOSITIONS TO BAXTER** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, on October 31, 2005.

By_____**/s/ Elizabeth A. Fegan**_____
Elizabeth A. Fegan
**HAGENS BERMAN SOBOL SHAPIRO LLP**
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

- 5 -

# EXHIBIT C

## Beth Fegan

| | |
|---|---|
| **From:** | Beth Fegan |
| **Sent:** | Monday, November 07, 2005 10:50 AM |
| **To:** | Beth Fegan; 'DeLancey, Merle' |
| **Cc:** | 'Reynolds, Tina'; Steve Berman; Sean Matt; 'kawexler@wexlerfirm.com'; 'Jennifer F. Connolly' |
| **Subject:** | RE: Baxter |

Merle,

I have not heard from you in response to my inquiry last Monday for your availability to discuss Baxter's document production (and the noticed depositions).  I am available later this afternoon or anytime tomorrow. Please advise of your availability for a meet and confer.

Beth

---

| | |
|---|---|
| **From:** | Beth Fegan |
| **Sent:** | Monday, October 31, 2005 12:27 PM |
| **To:** | Beth Fegan; 'DeLancey, Merle' |
| **Cc:** | 'Reynolds, Tina'; Steve Berman; Sean Matt; 'kawexler@wexlerfirm.com'; 'Jennifer F. Connolly' |
| **Subject:** | RE: Baxter |

<< File: 1534.16 0001 LTR Merle Delancey re Docs and NOD-BOS.pdf >>  << File: Baxter NOD 10.31.05.pdf >>
Merle,

Please see attached.

Beth

Elizabeth A. Fegan, Esq.
Hagens Berman Sobol Shapiro LLP
60 W. Randolph
Suite 200
Chicago, Illinois 60601
312.762.9235
312.762.9286 (fax)
www.hbsslaw.com