UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | Judge Patti B. Saris<br>Magistrate Judge Marianne B. Bowler |

**PLAINTIFFS' MOTION FOR ORDER EXEMPTING DEFENDANT ABBOTT LABORATORIES FROM ANY ORDER REFUSING TO EXTEND DEADLINE FOR TRACK TWO DISCOVERY**

Plaintiffs, by their counsel, respectfully request that, if this Court enters an order denying plaintiffs' request to extend Track Two discovery, this Court simultaneously enter an order exempting Abbott Laboratories ("Abbott") from that order and setting a schedule pursuant to which plaintiffs may seek discovery from Abbott for an additional six months. Plaintiffs seek this order because Abbott has not joined in the motion of certain Track Two defendants opposing plaintiffs' request to extend Track Two discovery and because Abbott has failed to: (1) produce documents identified months ago by plaintiffs in correspondence with Abbott's counsel; (2) produce a 30(b)(6) designee pursuant to plaintiffs' Notice dated April 20, 2005; and (3) produce documents sufficient to allow plaintiffs' experts to make sense of Abbott's electronic sales data. In support hereof, plaintiffs state as follows:

## I. Factual Background

### A. Abbott's document production

1. Pursuant to Case Management Order No. 5, Abbott made approximately 50 boxes of documents available to plaintiffs. Plaintiffs reviewed these documents and selected approximately 37,000 pages of documents that were subsequently Bates labeled ABT AWP/MDL 000091-036900. *See* Letter to Elizabeth F. Hartweg from Jeremy P. Cole dated

December 20, 2002, Ex. A to Declaration of Jennifer Fountain Connolly in Support of Plaintiffs' Motion for Order Exempting Defendant Abbott Laboratories From Any Order Refusing to Extend Deadline for Track Two Discovery ("Connolly Decl."), Ex. 1. Abbott subsequently made additional documents available pursuant to CMO No. 5, such that the total CMO No. 5 production at that time totaled just over 59,000 pages. *See* Letter to Elizabeth F. Hartweg from Jeremy P. Cole dated January 2, 2002 (misdated January 2, 2002, actual date is January 2, 2003), Ex. B to Connolly Decl.[1]

2. On March 31, 2004, plaintiffs served their Omnibus Requests for Production and Interrogatories to Defendants Abbott, Amgen, Aventis, Baxter, Bayer, Boehringer, Braun, Dey, Fujisawa, Novartis, Pfizer, Pharmacia, Sicor, Tap, and Watson and To All Other Defendants With Respect to Drugs That Were Previously Subject To Discovery ("Omnibus Requests."), Ex. D to Connolly Decl.

3. After the service of their Omnibus Requests, plaintiffs held a lengthy meet and confer by telephone with Abbott's counsel during which plaintiffs identified numerous areas in which Abbott's document production was deficient. *See* Letter to Christopher Cook from Elizabeth Fegan Hartweg dated May 3, 2004, Ex. E to Connolly Decl. After that meet and confer, Abbott agreed to, among other things, produce documents responsive to each category in the Omnibus Requests, subject to Abbott's objections. *See* Letter to Elizabeth Hartweg from Christopher Cook dated May 6, 2004, Ex. F to Connolly Decl.

4. In June 2004, Abbott thereafter began a rolling production of documents responsive to plaintiffs' Omnibus Requests. *See* Letter to Elizabeth Hartweg from R.

---

[1] Abbott subsequently made an additional six boxes of documents available for inspection that were produced pursuant to CMO No. 5. See Letter to Elizabeth Hartweg from R. Christopher Cook, dated April 26, 2004, Ex. C to Connolly Decl.

Christopher Cook dated June 1, 2004, Ex. G to Connolly Decl. However, as set forth in Abbott's objections to plaintiffs' Omnibus Requests, Abbott only agreed to produce the following types of documents:

1) Electronic sales data for Abbott's Pharmaceutical Products Division from May 1994 to December 31, 2003.

2) Electronic sales data for Abbott's Hospital Products Division from mid-1996 to December 31, 2003.

3) Policies or manuals that relate to the pricing, marketing and sales for Abbott's drugs listed in the AMCC.

4) Correspondence with pricing compendia relating to Abbott's drugs listed in the AMCC.

5) Price announcements to wholesalers relating to Abbott's drugs listed in the AMCC.

6) Documents sufficient to identify "automated information systems" relating to electronic mail, document management and sales data.

In addition, Abbott agreed to compile "a list of departments at Abbott with relevant information, including persons responsible for setting the price of Abbott's drugs listed in the AMCC." *See* Defendant Abbott Laboratories' Responses to Plaintiffs' Omnibus Requests for Production and Interrogatories to Defendants Abbott, Amgen, Aventis, Baxter, Bayer, Boehringer, Braun, Dey, Fujisawa, Novartis, Pfizer, Pharmacia, Sicor, Tap, and Watson and To All Other Defendants With Respect to Drugs That Were Previously Subject To Discovery, Ex. H to Connolly Decl. Except for these types of documents, Abbott responded to ***all*** the eighty-two (82) Omnibus Requests with objections. *Id.*

5. On May 18, 2005, plaintiffs sent a lengthy letter to Abbott setting forth the deficiencies in its responses to the Omnibus Requests. *See* Letter to Toni-Ann Citera from Jennifer Fountain Connolly, Ex. I to Connolly Decl. The letter explained that (1) Abbott had not conducted a search for documents throughout the relevant time period (January 1, 1991 to the present); (2) Abbott's production of documents, even of the six categories it agreed to produce, was not complete; (3) Abbott had not produced organizational charts; (4) Abbott had not produced responsive e-mails. The letter further identified approximately 20 categories of particular concern where Abbott had not produced documents responsive to the Omnibus Requests. On a subsequent meet and confer, Abbott agreed to produce many of these documents. *See* Letter to Toni-Ann Citera and Beth A. O'Connor from Jennifer Fountain Connolly dated May 26, 2005, Letter to Jennifer Fountain Connolly from Beth A. O'Connor dated May 27, 2005, Letter to Beth A. O'Connor from Jennifer Fountain Connolly dated May 31, 2005, Letter to Jennifer Fountain Connolly from Beth A. O'Connor dated June 6, 2005, Exs. J, K, L and M to Connolly Decl.

6. Throughout June 2005, Abbott produced documents which is represented were further "government productions" pursuant to CMO Nos. 5 and 10. *See* Letter to Jennifer Fountain Connolly from Beth A. O'Connor dated June 8, 2005, Letter to Jennifer Fountain Connolly from Beth A. O'Connor dated June 10, 2005, and Letter to Jennifer Fountain Connolly from Beth A. O'Connor dated June 13, 2005, Exs. N, O and P to Connolly Decl. Thus, they were not directly responsive to plaintiffs' Omnibus Requests.

7. On July 15, 2005, the parties conducted another meet and confer during which, with regard to responding to plaintiffs' Omnibus Requests, Abbott: (1) stated it was consulting with an e-discovery vendor and would continue to update plaintiffs on the status of its production

of e-mail and (2) would (a) produce documents relating to trade associations, (b) assist with the production of sales representative call notes, (c) produce contracts with wholesalers, (d) produce documents related to co-marketing agreements and (e) pursue an "aggressive collection" of documents from its PPD division, the division which sells self-administered drugs (which remained at issue in this case until this Court's order on class certification). *See* Letter to Beth A. O'Connor from Jennifer Fountain Connolly dated July 19, 2005, Ex. Q to Connolly Decl.

8. However, after having that meet and confer and drafting a July 19, 2005 letter confirming the same, plaintiffs **never** received a letter from Abbott regarding its document production and **never** received a subsequent document from Abbott until several days ago, when Abbott, in response to plaintiffs' service of a Notice of Deposition on numerous Abbott employees, began producing responsive documents again. *See* Connolly Decl. ¶ 9 and Letter to Jennifer Fountain Connolly from Beth A. O'Connor dated November 4, 2005, Ex. R to Connolly Decl.

**B. Depositions of Abbott employees**

9. On April 20, 2005, plaintiffs served a deposition pursuant to Fed. R. Civ. P. 30(b)(6) for six areas of inquiry. *See* Notice of Rule 30(b)(6) Deposition, Ex. S to Connolly Decl. Abbott did not comply with CMO No. 10 and did not designate an appropriate individual within 45 days of the Notice. *See* Letter to Beth A. O'Connor from Jennifer Fountain Connolly dated July 8, 2005, Ex. T to Connolly Decl. and Ex. Q to Connolly Decl. Rather, Abbott did not designate an appropriate individual until August 3, 2005, nearly four months after the original Notice was served. *See* Letter to Jennifer Fountain Connolly from Beth A. O'Connor dated August 3, 2005, Ex. U to Connolly Decl.

10. On August 16, 2005, this Court issued its class certification opinion. Based on both the issuance of that opinion (and the anticipated effect it would have on some of the areas of

inquiry in plaintiffs' 30(b)(6) Notice), as well as the representation of Abbott's counsel that its designee would only be able to testify regarding the ***documents*** related to the areas of inquiry, plaintiffs agreed to postpone the deposition of Abbott's 30(b)(6) designee. *See* Letter to Tina M. Tabacchi and Beth A. O'Connor from Jennifer Fountain Connolly dated August 17, 2005, Ex. V to Connolly Decl. That letter proposed a subsequent substantive 30(b)(6) deposition for dates in September. *Id.* Plaintiffs **never** received a response to this letter.

11. Therefore, on October 6, 2005, after the proposed dates for the postponed 30(b)(6) deposition had expired, plaintiffs again wrote to Abbott asking to schedule the deposition and for an update regarding Abbott's document production. *See* Letter to Tina M. Tabacchi and Beth A. O'Connor dated October 6, 2005, Ex. W to Connolly Decl. Plaintiffs **never** received a response to this letter either.

**C. Production of Electronic Sales Data**

12. On May 16, 2005, plaintiffs served a deposition notice pursuant to Fed. R. Civ. P. 30(b)(6) asking Abbott to produce individuals with knowledge regarding Abbott's electronic sales data. *See* Notice of Rule 30(b)(6) Deposition, Ex. X to Connolly Decl. On August 11, 2005, pursuant to agreement between the parties, Abbott produced three designees pursuant to that Notice for an informal telephone interview. *See* Connolly Decl. ¶ 13.

13. After the electronic sales data interviews, plaintiffs sent a follow-up letter to Abbott's counsel requesting information identified during the interviews that Abbott had not yet produced. *See* Letter to Beth A. O'Connor from Jennifer Fountain Connolly dated August 16, 2005, Ex. Y to Connolly Decl. Plaintiffs have **never** received any documents or data in response to this letter. Therefore, while plaintiffs have a partial production of Abbott's electronic sales data, their experts do not have sufficient information to interpret that data.

## II. Argument

14. Certain Track Two Defendants have filed a motion opposing plaintiffs' request for an extension of the Track Two discovery deadline. Abbott has not joined in that request. However, because, by refusing to respond to plaintiffs' request to supplement its document production, by refusing to produce a 30(b)(6) designee, and by refusing to supplement its production of its electronic sales data, Abbott has acted as if the December 3, 2005 deadline for Track Two discovery would not remain in place, Abbott cannot be permitted to benefit from the motion filed by other Track Two defendants either. If this Court refuses to extend Track Two discovery, that extension cannot be applied to Abbott.

WHEREFORE, plaintiffs respectfully request that, if this Court enters an order denying plaintiffs' motion to extend Track Two discovery, that this Court likewise enter an order exempting Abbott from that order and setting a schedule pursuant to which plaintiffs may pursue discovery from Abbott for at least six months, and for such further and other relief as this Court deems just and appropriate.[2]

DATED: November 9, 2005

/s/ Jennifer Fountain Connolly

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One N. LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

[2] If, on the other hand, this Court grants plaintiffs' motion to extend Track Two discovery, plaintiffs will agree to maintain the discovery for Abbott on the schedule permitted for the remaining Track Two defendants.

**CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE**

Docket No. MDL 1456

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on November 9, 2005, I caused copies of ***Plaintiffs' Motion for Order Exempting Defendant Abbott Laboratories From Any Order Refusing to Extend Deadline for Track Two Discovery*** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

/s/ Jennifer Fountain Connolly
Jennifer Fountain Connolly