# Exhibit H




UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | Judge Patti B. Saris |

**DEFENDANT ABBOTT LABORATORIES' RESPONSES TO PLAINTIFFS' OMNIBUS REQUESTS FOR PRODUCTION AND INTERROGATORIES TO DEFENDANTS ABBOTT, AMGEN, AVENTIS, BAXTER, BAYER, BOEHRINGER, BRAUN, DEY, FUJISAWA, NOVARTIS, PFIZER, PHARMACIA, SICOR, TAP AND WATSON AND TO ALL OTHER DEFENDANTS WITH RESPECT TO DRUGS THAT WERE NOT PREVIOUSLY SUBJECT TO DISCOVERY**

Defendant, Abbott Laboratories ("Abbott"), by its attorneys, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, submits the following answers and objections to Plaintiffs' omnibus requests for production of documents and interrogatories directed to Abbott.

**PRELIMINARY STATEMENT**

The answers and objections submitted by Abbott to plaintiffs' omnibus discovery requests are part of a good faith effort between plaintiffs and this defendant to establish a fair and reasonable approach to discovery in MDL 1456. As set forth below, Abbott is providing significant discovery to plaintiffs even as the parties continue to engage in discussions designed to fashion an appropriate discovery schedule.

On March 25, 2004, Judge Saris issued Case Management Order 10 ("CMO 10"). Pursuant to CMO 10, Abbott is a "phase two" defendant. Fact discovery for phase two defendants is scheduled to close on October 3, 2005. Fact discovery for phase one defendants, by contrast, is scheduled to close January 30, 2005. Shortly after the issuance of CMO 10, on




March 31, 2004, plaintiffs served 82 document requests and 6 interrogatories on Abbott and other defendants (the "omnibus discovery requests"). These requests called for a broad range of documents and information, and it did not distinguish between the circumstances of individual defendants. If taken at face value, the discovery sought for phase two defendants would be no less burdensome than that of phase one defendants.

In an effort to comply with its discovery obligations, yet reasonably manage the scope and timing of discovery, Abbott has conferred with Plaintiffs regarding the omnibus discovery requests. As of the date of these responses, counsel have had two such telephonic meetings and have exchanged correspondence. In these discussions, counsel attempted to determine, first, the information and documents most needed by Plaintiffs in the early stage of discovery and, second, whether Abbott could accommodate those requests quickly without undue burden.

The discussions between counsel for Abbott and the Plaintiffs were productive. Based on these discussions, Abbott will begin a rolling production of documents on or around June 1, 2004. This is in addition to the 61 boxes of documents that Abbott made available to Plaintiffs immediately pursuant to CMO 5 and CMO 10 (the "CMO productions"). Many of the documents in the CMO productions also are responsive to the omnibus discovery requests. Thus, in the initial phase of production, Abbott will provide to Plaintiffs the following:

(1) *Electronic sales data for Abbott's Pharmaceutical Products Division from May 1994 to December 31, 2003.* Electronic sales data is responsive to document requests 25, 26, 27, and 29 and interrogatories 1, 3, and 4.

(2) *Electronic sales data for Abbott's Hospital Products Division from mid-1996 to December 31, 2003.* Electronic sales data is responsive to document requests 25, 26, 27, and 29 and interrogatories 1, 3, and 4.




(3) *Policies or manuals that relate to the pricing, marketing and sales for Abbott's drugs listed in the AMCC.* Such policies and manuals are responsive to document requests 3, 17, 22, 23, 24 and 53 and interrogatory 2.

(4) *Correspondence with pricing compendia relating to Abbott's drugs listed in the AMCC.* Pricing compendia correspondence is responsive to document requests 56 and 57 and interrogatory 5.

(5) *Price announcements to wholesalers relating to Abbott's drugs listed in the AMCC.* Wholesaler price announcements are responsive to document request 17 and interrogatories 2, 3, and 4.

(6) *Documents sufficient to identify "automated information systems" relating to electronic mail, document management and sales data.* Such documents are responsive to document request 4.

By stating that the documents and information specified above are responsive to certain document requests and interrogatories, Abbott in no way admits to the characterizations made Plaintiffs in such requests nor suggests that such documents and information are fully responsive to such requests.

Furthermore, Abbott also agreed to put together a list of departments at Abbott with relevant information, including persons responsible for setting the price of Abbott's drugs listed in the AMCC.

In addition to the documents and information that Abbott has agreed to produce to Plaintiffs in the initial phase of production, Abbott will conduct, subject to and without waiving its objections and any agreements reached with Plaintiffs, a reasonable search and will produce non-privileged documents and information believed to be responsive to the remaining Requests




and Interrogatories. Abbott will continue to work with Plaintiffs to determine an appropriate scope of discovery.

Abbott's responses to these Requests and Interrogatories are based on information available at this time. Abbott reserves the right to supplement and/or amend these responses at any time prior to trial.

Abbott's specific objections to each Request and Interrogatory are in addition to the general limitations and objections set forth in the next section. These limitations and objections form a part of the response to each and every Request and Interrogatory and are set forth here to avoid the duplication and repetition of restating them for each response. Thus, the absence of a reference to a general objection should not be construed as a waiver of the general objection as to a specific request.

## GENERAL OBJECTIONS TO REQUESTS AND INTERROGATORIES

A. Abbott generally objects to these Requests and Interrogatories to the extent that Plaintiffs have failed to coordinate these Requests and Interrogatories with other plaintiffs in MDL 1456 and with plaintiffs in state court cases as required by CMOs 9, 10, and 11.

B. Abbott generally objects to these Requests and Interrogatories to the extent they seek information that is protected from disclosure by the attorney-client privilege, any medical records privilege, the attorney work-product doctrine, the consulting expert privilege, third-party confidentiality agreements or protective orders, or any other applicable privilege, rule or doctrine.

C. Abbott generally objects to these Requests and Interrogatories to the extent they seek confidential and/or proprietary information.




D. Abbott generally objects to these Requests and Interrogatories to the extent they exceed the scope of discovery permitted under the Federal Rules of Civil Procedure and this Court's Local Rules and Orders.

E. Abbott generally objects to these Requests and Interrogatories to the extent: (a) the discovery sought by any request is unreasonably cumulative or duplicative, or is obtainable from some other source (including, but not limited to, a public source) that is more convenient, less burdensome, or less expensive; and (b) compliance with any request would be unduly burdensome, unduly expensive, harassing, annoying or oppressive.

F. Abbott generally objects to these Requests and Interrogatories to the extent they seek information regarding drugs that are not listed in the AMCC on the grounds that such documents are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

G. Abbott generally objects to these Requests and Interrogatories to the extent they seek information provided in furtherance of settlement discussions because those discussions are confidential and protected from discovery by Federal Rule of Evidence 408. *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 979-80 (6th Cir. 2003) (communications made in furtherance of settlement negotiations are confidential and protected from third-party discovery under Federal Rule of Evidence 408).

H. Abbott generally objects to these Requests and Interrogatories to the extent they seek information regarding sales of Abbott's products to hospitals because such information is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.




I. Abbott generally objects to these Requests and Interrogatories as overly broad and unduly burdensome to the extent they require Abbott to search the notes of numerous Abbott field sales force employees.

J. Abbott generally objects to these Requests and Interrogatories to the extent they seek information not contained in documents that currently exist at Abbott and require Abbott to create, compile, or develop new documents.

K. Abbott generally objects to these Requests and Interrogatories to the extent they seek disclosure of information that is a matter of public record, is equally available to the Plaintiffs, or is already in the possession of the Plaintiffs.

L. Abbott generally objects to these Requests and Interrogatories to the extent they may be construed as calling for the production of confidential information relating to a patient. Abbott will not make available for inspection any such material to the extent it is under any obligation to maintain the patient information in confidence. Abbott will not disclose such material unless the patient grants permission to do so.

M. Abbott generally objects to any implications and to any explicit or implicit characterization of the facts, events, circumstances, or issues in these Requests and Interrogatories. Any response by Abbott is not intended to indicate that Abbott agrees with any such implications or characterizations, or that such implications or characterizations are relevant to this litigation.

N. Abbott generally objects to these Requests and Interrogatories to the extent they seek information concerning activities outside of the United States. Unless otherwise noted, all responses are limited to activities within the United States.




O. Abbott's responses to these Requests and Interrogatories are made without in any way waiving: (a) the right to object, on the grounds of competency, relevancy, materiality, privilege, or other grounds of admissibility as evidence for any purpose in any subsequent proceeding in this action or any other action; and (b) the right to object on any ground to other discovery requests involving or relating to the subject matter of these Requests or Interrogatories. Furthermore, Abbott is providing responses in an effort to expedite discovery in this action and not as an indication or admission by Abbott of the relevancy, materiality or admissibility thereof, and Abbott hereby preserves all objections to Plaintiffs' use of such responses.

P. Abbott incorporates any objections to these Requests and Interrogatories made by its co-defendants, as if set forth herein.

**OBJECTIONS TO DEFINITIONS**

Q. Abbott objects to the inclusion of defined terms in the "DEFINITIONS" section that are not used in the Requests or Interrogatories.

R. Abbott objects to the definition of "AMP" as vague and ambiguous because 42 U.S.C. § 1396r-8(k)(1) has been amended over time.

S. Abbott objects to the definitions of "ASP," "AWP," and "WAC" as vague and ambiguous. Abbott will respond to these Requests and Interrogatories based upon its understanding of the terms "ASP," "AWP," and "WAC" as used by the pharmaceutical industry over the last several decades.

T. Abbott objects to use of the acronym "AWPID," which is defined in the AMCC as "AWP Inflated Drugs" and, therefore, lacks factual foundation and depends upon a legal conclusion. (AMCC ¶ 11). Use of this argumentative term is a device intended by Plaintiffs to assume away an evidentiary burden borne exclusively by Plaintiffs; specifically, the question of whether any AWP for any drug at issue in this case has, in fact, been "inflated."




U. Abbott objects to the definition of "Best Price" because, in this context, Plaintiffs' reference to 42 U.S.C. § 1396r-8(c)(1)(C) is vague and ambiguous. The current version of 42 U.S.C. § 1396r-8(c)(1)(C) has at least two different definitions of "Best Price." Additionally, 42 U.S.C. § 1396r-8(c)(1)(C) has been amended over time, making Plaintiffs' definition vague and ambiguous.

V. Abbott objects to the definitions of "Document," "All documents," "Defendant," "Communication," "Person," "You," and "Your" to the extent they seek to impose discovery obligations that are broader than or inconsistent with the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules and Orders. Abbott further objects to these definitions as vague and ambiguous and to the extent they seek information protected by the attorney-client privilege, the attorney work-product doctrine, the consulting expert privilege, or any other applicable privilege, rule or doctrine.

W. Abbott objects to the definition of "EAC" as vague and ambiguous because 42 C.F.R. § 447.301 has been amended over time.

X. Abbott objects to the definition of "Government Investigation" as overly broad in scope because it is unlimited in timeframe. This definition is also vague as to its reference to investigations by the "Department of Health and Home Services" and "Office of the United States Inspector General" because no such governmental departments exist. Abbott further objects to this definition's reference to "any other federal, state or local governmental entity" as vague, ambiguous, overly broad, unduly burdensome, and vexatious. Notwithstanding these objections, for purposes of these Requests and Interrogatories, Abbott defines "government investigation" as referring to those inquiries or investigations undertaken by the Commerce, Energy and/or Ways and Means Committee of the United States House of Representatives, the




United States Department of Justice, the United States General Accounting Office, the United States Department of Health and Human Services, and State Attorney Generals, which relate to Abbott's drugs listed in Exhibit A to the AMCC.

Y. Abbott objects to the definition of "MAC" as vague and ambiguous because 42 C.F.R. § 442.332 does not exist.

Z. Abbott objects to the definition of "Meeting" as vague and ambiguous and overly broad and unduly burdensome to the extent it seeks information regarding any discussion between two or more persons.

AA. Abbott objects to the definitions of "Participant" and "Beneficiary" as vague, confusing, and ambiguous.

BB. Abbott objects to the definition of "Price" as overly broad, vague and ambiguous. Abbott further objects to this definition to the extent it characterizes "discounts" and "rebates" as "incentives affecting the cost of the drug." This characterization lacks factual foundation and depends on a legal conclusion. Use of this argumentative characterization is a device intended by Plaintiffs to assume away an evidentiary burden borne exclusively by Plaintiffs; namely, whether "discounts" or "rebates" are in fact "incentives."

CC. Abbott objects to the definitions of "Relating," "Concerning," "Identify," "to identify," and "State the Basis" to the extent they seek to impose discovery obligations that are broader than or inconsistent with the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules and Orders. Abbott further objects to these definitions as overly broad in scope and vague and ambiguous. Abbott further objects to these definitions to the extent they seek information protected by the attorney-client privilege, the work-product exemption, the consulting expert privilege, or any other applicable privilege, rule or doctrine.




## OBJECTIONS TO INSTRUCTIONS

DD. Abbott objects to Instruction No. 1, and subsections thereof, as overly broad, vague, ambiguous, and unduly burdensome. Abbott further objects to Instruction No. 1, and subsections thereof, because it exceeds the requirements of the Federal Rules of Civil Procedure and the Court's Local Rules and Orders.

EE. Abbott objects to Instruction No. 2 to the extent it calls for documents generated or assembled either prior to October 6, 1997 or after September 6, 2002 on the ground that such documents are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, pursuant to CMO 5, Abbott has produced to Plaintiffs the documents collected in response to a subpoena issued on October 6, 1997 by HHS.

FF. Abbott objects to Instruction No. 3, and subsections thereof, on the ground that such instruction exceeds the requirements of the Federal Rules of Civil Procedure, this Court's Local Rules and Orders, the Federal Rules of Evidence, and case law, particularly to the extent it seeks to imply a waiver by Abbott of any objections not made in these Responses, Answers and Objections to Plaintiffs' Requests and Interrogatories.

GG. Abbott objects to Instruction No. 6 to the extent it demands that when redacting a document for privilege, Abbott must stamp the word "redacted" on each page of the document. Such identification is not required by the Federal Rules of Civil Procedure or this Court's Local Rules and Orders. Abbott will appropriately identify redacted portions of documents in a privilege log.

HH. Abbott objects to Instruction No. 8 as unduly burdensome. Abbott will not produce any original documents but will produce fair and accurate copies of responsive




documents, if any, in its custody, care or control, as required by the Federal Rules of Civil Procedure.

II. Abbott objects to Instruction No. 9 to the extent it demands that all documents be produced in the original file folders, envelopes, or other containers in which the documents are kept by Abbott because this instruction exceeds the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules and Orders. Abbott will use reasonable efforts to produce copies of labels and other identifying marks on file folders, envelopes and containers.

JJ. Abbott objects to Instruction No. 10 to the extent it exceeds the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules and Orders.

KK. Abbott objects to Instruction No. 12 as vague, confusing, and unduly burdensome. Abbott will produce documents in a manner consistent with CMO 10.

LL. Abbott objects to Instruction No. 13 to the extent it is inconsistent with CMO 10. Abbott will produce all documents in a manner consistent with the Federal Rules of Civil Procedure and this Court's Local Rules and Orders.

MM. Abbott objects to Instruction No. 14 as overly broad and unduly burdensome, particularly to the extent it demands that Abbott produce documents that "explain" responsive documents on the ground that such demand is vague and ambiguous, and calls for a subjective determination.

**OBJECTIONS TO PLAINTIFFS' RELEVANT TIME PERIOD**

NN. Abbott objects to the Plaintiffs' description of the relevant time period as overly broad, unduly burdensome, harassing, and seeking documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Abbott has agreed to produce electronic sales data for the drugs identified in Exhibit A to the AMCC in (i) Abbott's Pharmaceutical Products Divisions for the period of May 1994 to December 31, 2003; and (ii)




Abbott's Hospital Products Division for the period of mid-1995 to December 31, 2003. To the extent that individual requests are excessively burdensome due, in part, to the length of the time period requested, Abbott objects, but will negotiate in good faith a reasonable compromise with Plaintiffs as Abbott's rolling production goes forward.

**SPECIFIC OBJECTIONS TO REQUESTS**

Subject to and in accordance with the foregoing General Objections, Abbott responds as follows:

***Category 1: General Corporate***

1. All documents sufficient to identify your policy or practice of document retention, destruction, disposal or preservation during the relevant time period.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs; (ii) is overly broad and unduly burdensome; (iii) is vague and ambiguous, particularly with respect to the term "document retention"; (iv) seeks information protected by the attorney-client privilege and/or the work-product doctrine; (v) seeks confidential and/or proprietary information; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2. All current and historical organizational charts for all of your sales, marketing and pricing departments or divisions.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is vague and ambiguous, particularly with respect to the terms "organizational charts," "marketing," and "pricing"; (iii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such




drugs; (iv) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (v) seeks confidential and/or proprietary information.

3. Any and all company, organizational and policy information in its entirety, including but not limited to corporate policy and procedure manuals, and policy memoranda.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in that it seeks voluminous categories of documents over a thirteen year period; (ii) is vague and ambiguous, particularly with respect to the phrases "all company, organizational and policy information," "corporate policy and procedure manuals," and "policy memoranda"; (iii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence; (vi) seeks confidential and/or proprietary information; and (vii) seeks information protected by the attorney-client privilege and/or work-product doctrine.

4. Documents sufficient to identify your electronic mail, document management and other automated information systems.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome to the extent it requires Abbott to produce documents sufficient to identify all "automated information systems" over a thirteen year period; (ii) is vague and ambiguous, particularly with respect to the phrase "document management and other automated information systems"; (iii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs; (iv) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence; (v) seeks




confidential and/or proprietary information; and (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine.

5. Documents sufficient to identify your electronic mail retention policies.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is vague and ambiguous, particularly with respect to the phrase "mail retention policies"; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs; (iii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iv) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (v) seeks confidential and/or proprietary information.

6. Documents evidencing steps were taken by you (if any) from January 1, 2001 to the present to insure that discoverable information with respect to average wholesale price litigation is not destroyed or otherwise made unavailable.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs; (ii) is overly broad and unduly burdensome; (iii) is vague and ambiguous, particularly with respect to the terms "average wholesale price litigation" and "insure"; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7. Documents sufficient to identify your policies and procedures concerning the back-up of data for your financial and your marketing, sales and promotion divisions, including but not limited to, the frequency of back-ups, all software and hardware used to perform back-ups, and all media onto which data is backed-up.




**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs; (iii) is vague and ambiguous, particularly with respect to the terms "marketing" and "back-up data"; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

***Category 2: Trade Associations***

8. All documents received from or provided to any trade association (such as the Pharmaceutical Research and Manufacturers of America), and any of its organizational subcommittees, including meeting agendas and minutes, concerning (i) Medicare reimbursement for drugs and/or the use of AWP in the reimbursement process; (ii) publications identified in Health Care Financing Administration Program Memorandum AB-99-63, including the Red Book, Blue Book, and Medispan ("pharmaceutical industry publications"); or (iii) a Government Investigation or inquiry as to the use of AWP in the reimbursement process.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome, particularly to the extent it seeks to have Abbott search all documents received from or provided to any trade association over a thirteen year period; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs; (iii) is vague and ambiguous, particularly with respect to the terms "reimbursement process" and "trade association"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; and (v) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.




***Category 3: Governmental Investigations; Litigation***

9. All documents produced by you, whether voluntarily or involuntary, in any governmental investigation or inquiry concerning the use of AWP.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs; (iii) is vague and ambiguous, particularly with respect to the phrases "governmental investigation or inquiry" and "use of AWP"; (iv) seeks more information than is required under CMOs 5, 7, 9 and 10; (v) seeks confidential and/or proprietary information; (vi) seeks information subject to confidentiality agreements and/or protective orders; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Abbott further objects to this request to the extent it seeks information provided in furtherance of settlement discussions because those discussions are confidential and protected from discovery by Federal Rule of Evidence 408. *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 979-80 (6th Cir. 2003) (communications made in furtherance of settlement negotiations are confidential and protected from third-party discovery under Federal Rule of Evidence 408).

10. All documents relating to any legal proceeding (by country, court, caption, case number, etc.), including but not limited to court hearings, legislative hearings, mediations or arbitrations, in which you were a party or witness, regarding any allegations relating to AWPs.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs; (iii) is vague and ambiguous, particularly with respect to the phase "allegations relating to AWPs"; (iv) seeks confidential and/or proprietary information; (v) seeks information subject to confidentiality




agreements and/or protective orders; (vi) seeks information outside of Abbott's custody, care or control; (vii) seeks information protected by the attorney-client privilege and/or the work-product doctrine; (viii) seeks information that is equally available to Plaintiffs to the extent it seeks public documents; and (ix) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Abbott further objects to this request to the extent it seeks information provided in furtherance of settlement discussions because those discussions are confidential and protected from discovery by Federal Rule of Evidence 408. *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 979-80 (6th Cir. 2003) (communications made in furtherance of settlement negotiations are confidential and protected from third-party discovery under Federal Rule of Evidence 408).

11. All affidavits, declarations, depositions, or other written statements, including drafts, provided by you regarding any allegations relating to the use of AWP.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs; (iii) is vague and ambiguous, particularly with respect to the phase "allegations relating to the use of AWP"; (iv) seeks confidential and/or proprietary information; (v) seeks information subject to confidentiality agreements and/or protective orders; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; (vii) seeks information that is equally available to Plaintiffs to the extent it seeks public documents; and (viii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Abbott further objects to this request to the extent it seeks information provided in furtherance of settlement discussions because those discussions are confidential and protected




from discovery by Federal Rule of Evidence 408. *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 979-80 (6th Cir. 2003) (communications made in furtherance of settlement negotiations are confidential and protected from third-party discovery under Federal Rule of Evidence 408).

***Category 4: Communications With Governmental Entities***

12. All documents created by or received from CMS, the United States Department of Health and Human Services, the Health and Human Services Office of the Inspector General, the General Accounting Office, Congress or any other federal institution, agency, department, or office concerning prices for prescription drugs.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and burdensome; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs; (iii) is vague and ambiguous, particularly with respect to the phrase "concerning prices for prescription drugs"; (iv) seeks information outside of Abbott's custody, care or control, to the extent it seeks documents created by third-parties; (v) seeks information that is equally available to Plaintiffs to the extent it seeks public documents; (vi) seeks confidential and/or proprietary information to the extent it seeks documents that reflect confidential Abbott information; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

13. All documents provided to CMS, the United States Department of Health and Human Services, and Department of Health and Human Services Office of the Inspector General, the General Accounting Office, Congress, or any other federal institution, agency, department, or office concerning the price of any AWPID.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous, particularly with respect to the phrase




"concerning the price of any AWPID"; (iv) seeks information outside of Abbott's custody, care or control in seeking documents provided to other entities; (v) seeks confidential and/or proprietary information to the extent, particularly to the extent it seeks documents and/or data given to CMS and protected under the Medicaid Rebate statute, Abbott's rebate agreement with CMS or under the Medicare statute; (vi) seeks information subject to confidentiality agreements and/or protective orders; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Abbott further objects to this request to the extent it seeks information provided in furtherance of settlement discussions because those discussions are confidential and protected from discovery by Federal Rule of Evidence 408. *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 979-80 (6th Cir. 2003) (communications made in furtherance of settlement negotiations are confidential and protected from third-party discovery under Federal Rule of Evidence 408).

***Category 5: AWPs and Pricing Related***

14. All documents concerning any definition or meaning of AWP, including documents discussing how you or others define AWP.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) incorrectly suggests that Abbott defines AWP; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs; (iii) is overly broad and unduly burdensome; (iv) is vague and ambiguous, particularly with respect to the phrases "any definition or meaning of AWP" and "how you or others define AWP"; (v) seeks information outside of Abbott's custody, care, or control; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; (vii) seeks confidential and/or proprietary information; (viii) seeks information that is equally available to Plaintiffs; and (ix)




seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15. All documents discussing how the AWP has been or is currently determined for any AWPID.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) incorrectly suggests that Abbott determines AWP; (ii) is overly broad and unduly burdensome; (iii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC; (iv) is vague and ambiguous, particularly with respect to the term "determined"; (v) seeks information outside of Abbott's custody, care, or control; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; (vii) seeks confidential and/or proprietary information; (viii) seeks information that is equally available to Plaintiffs; and (ix) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

16. As to each of your AWPIDs, all documents concerning any actual, proposed, or prospective AWP announcements, changes or price lists, including the methodology and procedures used by you in considering whether to increase or decrease the AWP of each AWPID.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) incorrectly suggests that Abbott determines or controls AWP; (ii) is overly broad and unduly burdensome; (iii) is vague and ambiguous, particularly with respect to the phrase "methodology and procedures used by you" and the term "price lists"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.




17. As to each of your AWPIDs, all documents concerning any actual, proposed or prospective price announcement, price change or price list, including the methodology and procedures used by you in considering whether to increase or decrease the price for each AWPID.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is vague and ambiguous, particularly with respect to the term "price" and the phrase "methodology and procedures used by you"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

18. As to Class A drugs only, all sales-level detailing reports where AWPs, reimbursement based on AWPs, or the prices for AWPIDs was discussed. (Class A Drugs)

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome to the extent it seeks to have Abbott search all sales-level reports and to the extent it seeks to have Abbott produce all sales-level reports which discuss the prices for "Class A" drugs listed in Exhibit A of the AMCC; (ii) is not limited to Abbott's "Class A" drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous, particularly with respect to the phrases "sales-level detailing reports" and "prices for AWPIDs was discussed" and the term "reimbursement"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.




19. As to Class A drugs only, all sales-level detailing reports where price, discounts, rebates, price concessions, forgiveness of debt, free samples, educational grants or other remuneration were discussed with a purchaser or potential purchaser of any of your AWPIDs.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in seeking voluminous categories of documents over a thirteen year period; (ii) is vague and ambiguous, particularly with respect to the phrase "sales-level detailing reports where price, discounts, rebates, price concessions, forgiveness of debt, free samples, educational grants or other remuneration were discussed"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

20. All documents, including organizational charts, that describe or list the individuals responsible for determining the price for each AWPID.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in seeking "all documents" that "describe or list the individuals responsible for determining the price for each" of the drugs identified in Exhibit A of the AMCC; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous, particularly with respect to the phrases "organizational charts" and "determining the price for each AWPID"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

21. All documents, including organizational charts, that describe or list the individuals responsible for determining the price for each AWPID.




**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it is identical to Request 20. Abbott hereby incorporates by reference its response and objections to Request 20.

22. For each of your AWPIDs, all documents concerning the "product market," as defined in the 1992 Department of Justice and Federal Trade Commission Horizontal Merger Guidelines, in which each AWPID competes including, but not limited to, all documents that: (a) discuss, address, concern, regard, or reflect products that have a significant cross-elasticity of demand, or that are reasonably substitutable for, interchangeable with, or close therapeutic equivalents and/or (b) discuss, address, concern, regard, or reflect whether, and to what extent, the marketing, pricing, and/or sale of a drug other than your AWPID has caused, or could or might cause, physicians, consumers, and other individuals or entities to terminate or reduce their purchase or use of your AWPID.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is vague and ambiguous, particularly with respect to the terms "competes," "significant," "cross-elasticity," "marketing," "pricing," and "reasonably substitutable"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

23. For each of your AWPIDs, all documents concerning the "geographic market" or markets in which the AWPID competes including, but not limited to, all documents that (a) discuss, concern, regard, or reflect the geographic area within which the AWPID is marketed, and (b) discuss, concern, regard or reflect the area within which you and your competitors view themselves as competing with respect to the AWPID.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is vague and ambiguous, particularly with respect to the terms "competes," "geographic market," "markets," and "geographic area"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks information regarding the thoughts of entities other than Abbott; (v) seeks confidential and/or proprietary




information; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

24. For each of your AWPIDs, all documents concerning your strategic and marketing plans including, but not limited to all pricing, reimbursement, brand switching, and consumer segmentation studies and/or surveys.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is vague and ambiguous, particularly with respect to the terms "pricing," "reimbursement," "brand switching," "strategic and marketing plans," and "consumer segmentation studies and/or surveys"; (iii) seeks confidential and/or proprietary information; (iv) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (v) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

25. For each of your AWPIDs, all documents (in digital, computerized form where available) that identify each customer who purchased the AWPID. For each of these purchasers, all documents that reflect:

(a) Each sale or other transaction involving the AWPID including the date thereof;

(b) The number or units of the AWPID sold by dosage strength and package size for each sale or other transaction;

(c) The invoice amount in dollars for each sale or other transaction concerning the AWPID;

(d) Discounts, rebates, chargebacks, and other price adjustments relating to each sale, transaction, or set of transactions involving or relating to the AWPID;

(e) The net amount in dollars for each sale or transaction concerning the AWPID;

(f) Any other price or unit adjustments – whether monthly, quarterly or on any other basis – involving or relating to sales or transaction involving the AWPID;




(g) The full name and address of each entity purchasing the AWPID (and, in addition, the full name and address of the parent company where the database or documents identify a subsidiary, corporate affiliate, division, satellite office, or warehouse).

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in that it seeks voluminous categories of documents over a thirteen year period; (ii) is vague and ambiguous, particularly with respect to the terms "Earned Margin," "reflect," "transaction," "price adjustments," "rebates," "chargebacks," and "unit adjustment"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks information that Abbott would need to create or calculate; (v) seeks confidential and/or proprietary information; (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence; (vii) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (viii) seeks documents or information containing personal information of customers such as names and addresses.

Abbott further objects to this request because it exceeds the obligations of CMO 10 to the extent it suggests that information, not already in electronic format, must be produced in "digital, computerized form." To the extent that electronic data is not currently being used by Abbott but is, instead, archived, stored, backed-up or contained in legacy systems, it is unduly burdensome to require Abbott to extract that information.

26. For each of your AWPIDs, all documents that reflect the prices charged to, or terms of conditions of sale for, purchasers of the AWPID including, but not limited, to:

(a) The wholesale acquisition price or other published price of the AWPID or any generic equivalent;

(b) Payment terms;

(c) discounts, rebates, chargebacks or other adjustments offered to any class of purchaser;




(d) Prices and terms of sales for wholesale purchasers;

(e) Prices and/or discounts and/or rebates or other adjustments for chain pharmacy purchasers;

(f) Prices and/or discounts and/or rebates or other adjustments for hospital purchasers;

(g) Prices and/or discounts and/or rebates or other adjustments for managed care purchasers;

(h) Prices and/or discounts and/or rebates or other adjustments for pharmacy benefit managers;

(i) Prices and/or discounts and/or rebates or other adjustments for internet pharmacies;

(j) Prices and/or discounts and/or rebates or other adjustments for mail order purchasers; and

(k) Prices and/or discounts and/or rebates or other adjustments for any other purchaser class or subgroup.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in that it seeks voluminous categories of documents over a thirteen year period, including all pricing information for each of the drugs identified in Exhibit A of the AMCC and numerous contracts; (ii) is vague and ambiguous, particularly with respect to the phrases "payment terms," "discounts, rebates, chargebacks or other adjustments," and "prices and/or discounts and/or rebates or other adjustments"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks information in the public domain in seeking any "published" information; (v) seeks confidential and/or proprietary information; (vi) seeks information that Abbott would need to create or calculate; (vii) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (viii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.




27. For each of your AWPIDs, documents sufficient to show, in digital or computerized form, in chronological order:

(a) The date of each sales transaction;

(b) Every discount, rebate, and/or any other adjustment that any customer of D has received;

(c) The date each discount, rebate, and/or any other adjustment was given;

(d) The time period covered by each discount, rebate, and/or any other adjustment;

(e) Sales in units by National Drug Code sold, shipped, and/or returned by dosage form, strength, and package size;

(f) Sales in dollars by National Drug Code sold, shipped, and/or returned by dosage form, strength, and package size;

(g) Net sales in dollars for each sale;

(h) The name, address, account number, and all other identifying numbers or codes for the person or entity billed, invoices, and/or credited for the transaction; and

(i) The name, address, account number, and all other identifying numbers or codes for the person or entity to whom the product was shipped or from whom product returns were received.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in that it seeks voluminous categories of documents over a thirteen year period; (ii) is vague and ambiguous, particularly with respect to the terms "D," "transaction," "adjustment," "rebates" and "net sales"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks confidential and/or proprietary information; (v) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence; (vi) seeks information that Abbott would need to create or calculate; and (vii) seeks documents or information containing personal information of customers such as names and addresses..

Abbott further objects to this request because it exceeds the obligations of CMO 10 to the extent it suggests that information, not already in electronic format, must be produced




in "digital, computerized form." To the extent that electronic data is not currently being used by Abbott but is, instead, archived, stored, backed-up or contained in legacy systems, it is unduly burdensome to require Abbott to extract that information.

28. For each of your AWPIDs, documents sufficient to identify:

(a) The published AWP;

(b) AMP;

(c) ASP;

(d) EAC;

(e) WAC;

(f) MAC;

(g) Earned margin (difference between AWP and actual product cost);

(h) Documents that indicate whether the AWP, ASP, AMP and Earned Margin include all rebates, chargebacks, discounts, allowances, credits, administrative fees, price/volume discounts and any other incentives provided to third parties.

(i) Documents summarizing all rebates, chargebacks, discounts, allowances, credits, administrative fees, price volume discounts or other incentives.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) incorrectly suggests that Abbott publishes AWP; (ii) is overly broad and unduly burdensome in that it seeks voluminous categories of documents over a thirteen year period, including numerous contracts and voluminous reports made to CMS for Medicaid rebate purposes; (iii) is vague and ambiguous, particularly with respect to the phrase "actual product cost" and terms "price," "difference," "rebates," and "chargebacks"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks information in the public domain in seeking any "published" information; (vi) seeks confidential and/or proprietary information; (vii) seeks information protected by the attorney-client privilege and/or the work-product doctrine;




(viii) seeks information that Abbott would need to create or calculate; and (ix) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

29. For each of your AWPIDs, all agreements for sale of the AWPID, whether or not those contracts are with customers who purchased the AWPID directly, including drafts, correspondence, and supporting detail and data (in computerized form where available).

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in that it seeks voluminous categories of documents over a thirteen year period, including numerous contracts; (ii) is vague and ambiguous; (iii) seeks confidential and/or proprietary information; (iv) seeks information protected by the attorney-client privilege and/or the work-product doctrine; (v) seeks information outside Abbott's custody, care or control; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Abbott further objects to this request because it exceeds the obligations of CMO 10 to the extent it suggests that information, not already in electronic format, must be produced in "computerized form." To the extent that electronic data is not currently being used by Abbott but is, instead, archived, stored, backed-up or contained in legacy systems, it is unduly burdensome to require Abbott to extract that information.

30. All documents concerning communications between you and IMS Health (or any similar entity providing pharmaceutical database information) concerning or relating to any of your AWPIDs.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is vague and ambiguous, particularly with respect to the phrase "any similar entity providing pharmaceutical database information"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks confidential and/or proprietary information; (v) seeks information that is protected by a confidentiality agreement




with IMS Health; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

31. For each of your AWPIDs, documents sufficient to estimate the number of patients taking the AWPID over each one year period.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is vague and ambiguous, particularly with respect to the phrase "sufficient to estimate" and the term "patients"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks information protected by HIPPA; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

32. For each of your AWPIDs, all documents concerning your actual, potential, or expected revenues and/or profits from the sale of that AWPID.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in that it seeks voluminous categories of documents over a thirteen year period; (ii) is vague and ambiguous, particularly with respect to the terms "revenues" and "profits"; (iii) seeks confidential and/or proprietary information; (iv) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (v) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

33. All documents concerning or relating to the actual or potential impact of the pricing or reimbursement of any drug on the quantity of any of your AWPIDs that have been or might be sold.




**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in that it seeks voluminous categories of documents over a thirteen year period; (ii) is vague and ambiguous, particularly with respect to the terms "impact," "pricing," and "reimbursement"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

34. Documents sufficient to show your per-unit average total cost for each of your AWPIDs, and the components that make up that figure, including but not limited to raw materials, manufacturing, marketing, sales and packaging costs.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in that it seeks voluminous categories of documents over a thirteen year period; (ii) is vague and ambiguous, particularly with respect to the term "marketing" and phrases "per-unit average total cost" and "components that make up that figure"; (iii) seeks confidential and/or proprietary information; (iv) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (v) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

35. All documents concerning or relating to the difference between an AWP and any other price for any AWPID.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is vague and ambiguous, particularly with respect to the terms "difference" and "price"; (ii) is overly broad and unduly burdensome; (iii) is not limited to Abbott's drugs listed in




Exhibit A of the AMCC; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

***Category 6: Inducements***

36. All documents describing any discount programs (including but not limited to volume discounts), rebates, incentives, or penalties for each AWPID.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in seeking voluminous categories of documents over a thirteen year period; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous, particularly with respect to the terms "discount programs," "rebates," "incentives," and "penalties"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

37. All documents relating to the use or provision of free samples, educational grants, marketing grants, and payments for specific data gathering or other incentives relating to any AWPID.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in seeking voluminous categories of documents over a thirteen year period; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC (iii) is vague and ambiguous, particularly with respect to the terms "free samples," "marketing grants," "payments," "specific data gathering," and "other incentives"; (iv) seeks




information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

38. All documents evidencing any "credit memos" or credit extended to hospitals, GPOs or other purchasers of AWPIDs, including but not limited to credit memos or credit issued via a wholesaler to a purchaser, and/or credit for the purpose of "returned goods."

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in seeking voluminous categories of documents over a thirteen year period; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous, particularly with respect to the terms "credit memos" and "returned goods"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

39. All documents setting forth the circumstances in which credit against the purchase of AWPIDs was or could be given to any hospital, GPO, HMO, physician, wholesaler or other purchaser of AWPIDs.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in seeking voluminous categories of documents over a thirteen year period; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks




information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

40. All documents setting forth the circumstances in which credit against the purchase of AWPIDs was or could be given to any hospital, GPO, HMO, physician, wholesaler or other purchaser of AWPIDs.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it is identical to Request 39. Abbott hereby incorporates by reference its response and objections to Request 39.

41. All documents relating to or reflecting any payments you gave to providers relating to any AWPID. (Class A Only)

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is vague and ambiguous, particularly with respect to the term "payments"; (ii) is not limited to Abbott's "Class A" drugs listed in Exhibit A of the AMCC; (iii) seeks confidential and/or proprietary information; (iv) seeks information protected by the attorney-client privilege and/or work-product doctrine; and (v) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

42. All documents evidencing any chargebacks with respect to the sale of an AWPID.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in seeking voluminous categories of documents over a thirteen year period; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous, particularly with respect to the term "chargebacks"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or




the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

***Category 7: Marketing Plans and Sales Representatives***

43. Documents sufficient to determine complete contact information for all personnel with responsibility for marketing and promotional activity for AWPIDs. Include Marketing Department Product or Brand Managers, and members of Marketing Advisory Boards, and include home address and telephone number. (Class A Drugs)

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is not limited to Abbott's "Class A" drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous, particularly with respect to the terms "marketing and promotional activity," "Product or Brand Managers," and "Marketing Advisory Boards"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Abbott further objects to producing or providing documents or information containing an individual's personal information such as his or her home address or telephone number.

44. A list of all national level sales awards available for each AWPID. (Class A Drugs)

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is not limited to Abbott's "Class A" drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous, particularly with respect to the term "national level sales award"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.




45. Quarterly, semi-annual and annual business plans for each winner of the top national sales award winners and direct supervisors. (Class A Drugs)

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is not limited to Abbott's "Class A" drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous, particularly with respect to the terms "business plans" and "national sales award"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

46. Any summaries or reports made by a sales representative that evidence a discussion between that sales representative and a provider regarding AWPs for AWPIDs, reimbursements based on AWPs for AWPIDs, and any difference between what the provider is reimbursed for AWPIDs and what the provider pays for the AWPID. (Class A Drugs)

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome to the extent it seeks to have Abbott search "summaries" and "reports" of numerous sales representatives over a thirteen year period; (ii) is not limited to Abbott's "Class A" drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous, particularly with respect to the terms "reimbursement" and "difference"; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

47. For each AWPID, sales representatives' field notes for the top 50 sales representatives for each year. (Class A Drugs)

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in that it seeks voluminous categories of




documents over a thirteen year period; (ii) is not limited to Abbott's "Class A" drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous, particularly with respect to the terms "field notes" and "top 50 sales representatives"; (iv) seeks information outside of the Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

48. Documents sufficient to describe any computer programs that you employ or have employed to manage your sales force, including but not limited to programs that collect data on the number of provider contacts and summarize the nature of the discussions between your sales representatives and providers. Examples of such programs include programs marketed by Siebel Systems and ImpactRx, as well as any programs developed by you. (Class A Drugs)

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is vague and ambiguous, particularly with respect to the term "manage your sales force" and "marketed"; (ii) is not limited to Abbott's "Class A" drugs listed in Exhibit A of the AMCC; (iii) seeks confidential and/or proprietary information; and (iv) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

49. All documents relating to discussions between sales managers and sales representatives after field visits where AWPs, reimbursements rates, or the spread was discussed. (Class A Drugs)

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome to the extent it seeks to have Abbott search for documents from numerous sales representatives over a thirteen year period; (ii) is not limited to Abbott's "Class A" drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous, particularly with respect to the terms "spread," "reimbursement" and "field visits"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or




proprietary information; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

50. All documents evidencing any meetings where raising the AWP, or use of AWP as a marketing tool, on any AWPID was discussed. (Class A Drugs)

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome to the extent it seeks to have Abbott search documents evidencing any discussion relating to the "Class A" Drugs listed in Exhibit A of the AMCC over a thirteen year period; (ii) is not limited to Abbott's "Class A" drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous, particularly with respect to the term "marketing tool"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Abbott further objects to this request because the phrases "raising the AWP" and "use of AWP as a marketing tool" are argumentative.

51. All communications between you and any party in the reimbursement cycle or pharmacies relating to reimbursement and AWP. (Class A Drugs)

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in seeking voluminous categories of documents over a thirteen year period; (ii) is not limited to Abbott's "Class A" drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous, particularly with respect to the terms "reimbursement cycle" and "reimbursement"; (iv) seeks confidential and/or proprietary




information; and (v) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

52. All documents relating to any requests by you for any information concerning the reimbursement, pricing or payment for any subject drug. (Class A Drugs)

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in that it seeks voluminous categories of documents over a thirteen year period; (ii) is not limited to the Abbott's "Class A" Drugs listed in Exhibit A to the AMCC; (iii) is vague and ambiguous, particularly with respect to the phrase "requests by you for any information" and the terms "reimbursement," "pricing," and "payment"; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

53. All documents relating to all actual, proposed, or prospective marketing methods, practices, policies, or strategies for each AWPID to the extent such documents refer to AWP, the spread, or to discounts of any type.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC (iii) is vague and ambiguous, particularly with respect to the terms "marketing methods, practices, policies, or strategies" and "spread"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.




54. All documents relating to any communication with doctors, other health care professionals, or any person or entity providing health care services to seek Medicare reimbursement or consumer co-payment for free samples of each AWPID you provided to them. (Class A Drugs)

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is argumentative; (ii) incorrectly suggests that Abbott encouraged any person or entity to seek Medicare reimbursement or consumer co-payment for free samples of the "Class A" drugs listed in Appendix A to the AMCC; (iii) is not limited to Abbott's "Class A" drugs listed in Appendix A to the AMCC; (iv) is vague and ambiguous, particularly with respect to the terms "free samples," "reimbursement," and "consumer co-payment"; (v) seeks information outside of Abbott's custody, care or control; and (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

55. All marketing and sales materials which compare the AWP, price, market share, rebates, pricing discounts, incentives, or penalties for each AWPID with the AWP of any other pharmaceutical. (Class A Drugs)

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome to the extent it seeks to have Abbott search all marketing and sales materials for the "Class A" drugs listed in Exhibit A of the AMCC over a thirteen year period; (ii) is not limited to Abbott's "Class A" drugs listed in Exhibit A of the AMCC; (iii) seeks information outside of Abbott's custody, care or control; (iv) is vague and ambiguous, particularly with respect to the terms "marketing," "price," "market share," "rebates," "pricing discounts," "incentives" or "penalties"; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.




***Category 8: Publishers***

56. All documents concerning communications between you and any publisher concerning measures of price for pharmaceuticals, including ASP, AWP, WAC or other measures of price.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is not limited to Abbott's drugs listed in Exhibit A of the AMCC; (ii) is overly broad and unduly burdensome; (iii) is vague and ambiguous, particularly with respect to the term "measures of price"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

57. For each of your AWPIDs, separately produce all documents concerning communications between you and a publisher regarding the price(s) for that AWPID.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is vague and ambiguous, particularly with respect to the term "price(s)"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

58. All documents concerning your role in the publication, appearance and/or advertisement of the AWP, WAC or other price measure for your AWPIDs in any publication of a publisher.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) incorrectly suggests that Abbott has a role in AWP publication; (ii) is overly broad and unduly burdensome; (iii) is vague and ambiguous, particularly with respect to the terms




"role," "publication," "appearance," "and/or advertisement," and "price measure"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

59. All documents concerning the role of the publisher in the publication, appearance and/or advertisement of the AWP, WAC or other price measure for each of your AWPIDs in a publication of a publisher.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is vague and ambiguous, particularly with respect to the terms "role," "publication," "appearance," "advertisement," and "price measure"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or work-product doctrine; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

60. All documents relating to the role of some person other than yourself and the publisher in the publication, appearance and/or advertisement of the AWP, WAC and/or other price measure for each of your AWPIDs in any publication of a publisher.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is vague and ambiguous, particularly with respect to the terms "role," "publication," "appearance," "advertisement," and "price measure"; (ii) seeks information outside of Abbott's custody, care or control; (iii) seeks confidential and/or proprietary information; (iv) seeks information protected by the attorney-client privilege and/or work-product doctrine; and (v) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.




61. All documents relating to your role in the publication, appearance, or advertisement of the AWP, WAC or other pricing information in any pharmaceutical-related industry publications, including publications of the publishers.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) incorrectly suggest that Abbott has a role in any pharmaceutical-related industry publications' use of the term "AWP"; (ii) is overly broad and unduly burdensome; (iii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs; (iv) is vague and ambiguous, particularly with respect to the terms "role," "publication," "appearance," "advertisement," "pricing information," and "pharmaceutical-related industry publications"; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Abbott further objects to this request to the extent it is duplicative of Request 58.

62. All documents concerning the use by any participant in the drug distribution/sales channels (e.g., wholesalers, retailers, pharmacies, pharmacy benefit managers, insurers, etc.).

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells drugs; (iii) is vague, confusing, and ambiguous, particularly with respect to the terms "the use by any participant" and "drug distribution/sales channels"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.




63. All documents concerning agreements between you and any publisher.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is vague and ambiguous, particularly with respect to the term "agreements"; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or work-product doctrine; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

64. All documents concerning any payments made by you to a publisher, where such payments related in any way to drug pricing.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is argumentative; (ii) is vague and ambiguous, particularly with respect to the phrase "payments related in any way to drug pricing"; (iii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iv) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs; (v) seeks confidential and/or proprietary information; and (vi) seeks information outside Abbott's custody, care or control.

65. All documents relating to any investments or loans that you have made in or to a publisher.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is vague and ambiguous, particularly with respect to the term "investments or loans"; (ii) seeks confidential and/or proprietary information; (iii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iv) seeks




information outside of Abbott's custody, care or control; and (v) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs.

66. All notes or minutes of any meetings between you and a publisher where drug pricing was discussed.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome to the extent it seeks to have Abbott search and produce all notes or minutes of any discussions between Abbott and a publisher relating to drug pricing over a thirteen year period; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs; (iii) is vague and ambiguous, particularly with respect to the terms "notes" and "minutes" and the phrase "where drug pricing was discussed"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

67. All documents concerning communications between you and a publisher about litigation involving AWP or drug pricing.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome to the extent it seeks to have Abbott search all documents concerning communications with a publisher over a thirteen year period; (ii) is vague and ambiguous, particularly with respect to the phrase "litigation involving AWP or drug pricing"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or the work-product doctrine; (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (vii) is not limited to




Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs.

68. All documents regarding any pricing surveys that publishers have done for AWPIDs. (All Drugs)

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is vague and ambiguous, particularly with respect to the term "pricing surveys"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or work-product doctrine; (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (vii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC.

69. All documents regarding communications between you and a publisher about drug reimbursement systems, including Medicare, Medicaid and private insurance. (All Drugs)

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome to the extent it seeks to have Abbott search all documents concerning communications with a publisher over a thirteen year period; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous particularly with respect to the term "drug reimbursement systems"; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or work-product doctrine; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

***Category 9: PBMs; Wholesalers***

70. All documents concerning your contractual relationships with wholesalers, independent practice associations, pharmacies or providers insofar as they cover AWPIDs,




including, without limitation, master agreements, addenda, schedules, attachments, requests for proposal, responses to requests for proposal and correspondence.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in that it seeks voluminous categories of documents over a thirteen year period; (ii) is vague and ambiguous, particularly with respect to the term "cover"; (iii) seeks confidential and/or proprietary information; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks information protected by the attorney-client privilege and/or the work-product doctrine; (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (vii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC.

71. Documents sufficient to identify all persons involved in negotiation of contractual relationships with wholesalers, manufacturers, independent practice associations, pharmacies, PBMs or providers insofar as they cover any AWPID.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in that it seeks voluminous categories of documents over a thirteen year period; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous, particularly with respect to the terms "cover" and "negotiation"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

72. All documents relating or referring to your contractual relationships with PBMs insofar as they cover AWPIDs, including, without limitation, master agreements, addenda, schedules, attachments, requests for proposal, responses to requests for proposal and correspondence.




**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in that it seeks voluminous categories of documents over a thirteen year period; (ii) is vague and ambiguous, particularly with respect to the term "cover"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or the work-product doctrine; (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (vii) is not limited to the Abbott drugs identified in Exhibit A of the AMCC.

73. Documents sufficient to identify all persons involved in negotiation of contractual relationships with PBMs insofar as they cover any AWPID.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous, particularly with respect to the terms "negotiation" and "cover"; (iv) seeks information outside of Abbott's custody, care or control; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

74. All documents relating to marketing materials that you have provided PBMs for any AWPID.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is vague and ambiguous, particularly with respect to the term "marketing materials"; (iii) seeks information outside of Abbott's custody, care or control; (iv) is not limited to Abbott's drugs listed in Exhibit A of the AMCC; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the




attorney-client privilege and/or work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

75. All documents relating to any communications between you and PBM regarding AWP, or to any fees or monies paid to or retained by a PBM.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is vague and ambiguous, particularly with respect to the phrase "fees or monies paid to or retained by a PBM"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or work-product doctrine; (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (vii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC or to the department at Abbott that sells such drugs.

76. All documents relating to any communications between you and any PBM regarding the revenue, profit, spread or other consideration that a PBM would earn based on any difference between your price for any AWPID and the compensation that the PBM receives for the AWPID.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome to the extent it seeks to have Abbott search all documents relating to any communications with a PBM concerning the drugs listed in Exhibit A of the AMCC over a thirteen year period; (ii) is vague and ambiguous, particularly with respect to the phrase "revenue, profit, spread or other consideration that a PBM would earn" and terms "difference" and "price"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or work-product doctrine; (vi) is not limited to the Abbott




drugs listed in Exhibit A of the AMCC; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Abbott further objects to this request on the grounds that the phrase "revenue, profit, spread or other consideration that a PBM would earn" is argumentative.

77. All documents relating to the pricing of any of your AWPIDs sold to or through any PBM.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome in that it seeks voluminous categories of documents over a thirteen year period; (ii) is vague and ambiguous, particularly with respect to the term "pricing" and the phrase "sold to or through any PBM"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

78. All documents relating to any rebates that you have provided PBMs for any AWPID.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is vague and ambiguous, particularly with respect to the term "rebates"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or the work-product doctrine; (vi) is not limited to the Abbott drugs listed in Exhibit A to the AMCC; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.




79. Excluding Rebates, all documents referring or relating to your provision of any other consideration to a PBM for AWPIDs, including but not limited to:

a. Administrative fees for assembling data to verify market share results;

b. Fees for selling other data;

c. Fees for encouraging physicians to change prescribing patterns;

d. Prompt payment discounts;

e. Free drugs;

f. Drug samples;

g. Credit memos or credit extended to any PBM, including but not limited to credit memos or credit issued for the purported reason of "returned goods;"

h. Other discounts, fees or grants.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is vague and ambiguous, particularly with respect to the phrases "assembling data to verify market share results," "selling other data," "encouraging physicians to change prescribing patterns," "drug samples," and "credit memos or credit extended to any PBM" and the term "Rebates"; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or work-product doctrine; (vi) is not limited to the Abbott drugs listed in Exhibit A to the AMCC; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Abbott further objects to this request on the grounds that the phrases "encouraging physicians to change prescribing patterns" and "purported reason of 'returned goods' " are argumentative.

80. All documents relating to the placement of any of your AWPIDs on a PBM formulary.




**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is vague and ambiguous; (iii) seeks information outside of Abbott's custody, care or control; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or the work-product doctrine; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

***Category 10: Communications With Other Manufacturers***

81. All documents relating to any communications, including meetings, between you and any other pharmaceutical company regarding:

(a) any actual, proposed or prospective price, price announcements, price changes, or price lists for any AWPID;

(b) any actual, proposed, or prospective pricing methods, practices, policies or strategies for any AWPID;

(c) any actual, proposed, or prospective marketing methods, practices, policies, or strategies for any AWPID;

(d) any actual, proposed, or prospective pricing discounts, rebates, bids, or incentives for any AWPID;

(e) territories or markets for sales or potential sales for any AWPID;

(f) Medicare Part B and its policy of reimbursement for any AWPID;

(g) the AWP of any AWPID;

(h) pharmaceutical industry publications; and

(i) market conditions or market shares.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC; (iii) is vague and ambiguous, particularly with respect to the term "price" and the phrases "pricing methods, practices, policies or strategies," "marketing methods,




practices, policies, or strategies," "discounts, rebates, bids, or incentives," "policy of reimbursement," and "market conditions or market shares"; (iv) seeks confidential and/or proprietary information; (v) seeks information protected by the attorney-client privilege and/or work-product doctrine; and (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

***Category 11: Miscellaneous***

82. Any documents relating to the repackaging or relabeling of any AWPID including but not limited to: (a) documents indicating that any AWPID with a specific NDC has been repackaged and is being sold with a different NDC, but is the same drug; and (b) for any repackaged AWPID, documents evidencing the AWP of the original AWPID and of the repackaged AWPID, and documents evidencing the bases, methods and/or reasons for any change in the AWP.

**RESPONSE:** In addition to its General Objections, Abbott objects to this request because it: (i) is overly broad and unduly burdensome; (ii) incorrectly suggests that Abbott determines or controls AWP; (iii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC; (iv) is vague and ambiguous, particularly with respect to the terms "repackaging," "relabeling," and "same drug" and the phrases "evidencing the bases, methods and/or reasons for any change in the AWP"; (v) seeks confidential and/or proprietary information; (vi) seeks information protected by the attorney-client privilege and/or work-product doctrine; and (vii) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Abbott further objects to this request because it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence because plaintiffs make no allegations regarding any Abbott "repackaging" or "relabeling" practices in the AMCC.




## VII. INTERROGATORIES

1. For the period beginning January 1, 1997, and for each subsequent calendar quarter, and with respect to each of the AWPIDs, identify the following information:

a. the total volume of sales, indicating both the number of units and net revenue;

b. the "average wholesale price" (AWP), as reported in Medical Economics Red Book, First Data Bank and/or MediSpan, and the volume of sales (in both units and net revenue) occurring (i) at or within five percent of AWP, whether higher or lower, (ii) at more than five percent above AWP, and (iii) at more than five percent below AWP;

c. the "average manufacturer price" ("AMP"), as reported to the Secretary of Health and Human Services, pursuant to the requirements of Social Security Act ("SSA") § 1927(b)(3), and the volume of sales (in both units and net revenue) occurring (i) at AMP and up to and including 10% above AMP, and less than or equal to 10% below AMP (broken out separately), (ii) at greater than 10% above AMP but less than or equal to 20% above AMP, and at greater than 10% below AMP but less than or equal to 20% below AMP (broken out separately), (iii) at greater than 20% above AMP but less than or equal to 30% above AMP, and at greater than 20% below AMP but less than or equal to 30% below AMP (broken out separately), (iv) at greater than 30% above AMP but less than or equal to 40% above AMP, and at greater than 30% below AMP but less than or equal to 40% below AMP (broken out separately), and (v) at greater than 40% above AMP but less than or equal to 50% above AMP, and at greater than 40% below AMP but less than or equal to 50% below AMP (broken out separately);

d. the "wholesale acquisition cost" ("WAC"), as reported by Medical Economics Red Book, First Data Bank and/or MediSpan or any other such entity that gathers and publishes "wholesale acquisition costs," and the volume of sales (in both units and net revenue) occurring (i) at or within five percent of WAC, whether higher or lower, (ii) at more than five percent above WAC, and (iii) at more than five percent below WAC;

e. the "average sales price" (ASP), i.e., the price after reflecting discounts, rebates, chargebacks, to all classes except FSS;

f. the total volume of the subject drug, in units, distributed as free goods.

**RESPONSE:** In addition to its General Objections, Abbott objects to this interrogatory because it: (i) seeks information that is duplicative of Plaintiffs' document requests; (ii) is overly broad and unduly burdensome; (iii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC; (iv) is vague and ambiguous, particularly with respect to the terms "total volume of sales," "free goods," "rebates," and "chargebacks"; (v) seeks confidential and/or proprietary




information; (vi) seeks information protected under the Medicaid Rebate Statute, Abbott's Medicaid Rebate agreement with CMS and/or the Medicare Statute; (vii) seeks information in the public domain; (viii) seeks information that is equally available to Plaintiffs and that is already in the possession of Plaintiffs; (ix) purports to require Abbott to conduct mathematical calculations rather than simply provide factual response to discovery requests; (x) seeks information outside of Abbott's custody, care or control; and (xi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Abbott is providing responsive documents and data to Plaintiffs from which Plaintiffs can determine on their own the answer to this interrogatory. Abbott is not required to perform mathematical calculations for Plaintiffs.

2. For the period beginning January 1, 1997, to the present, has the distribution, marketing, sales or promotion of any AWPID considered, incorporated, or been based upon, in any way, the difference between the cost to the provider and the amount that the provider receives for reimbursement or sale? If so, please describe the circumstances of such distribution, marketing, sales, or promotion, and provide all documents relating thereto, and identify all past and current employees with knowledge of the facts relating to such marketing, sales or promotion.

**RESPONSE:** In addition to its General Objections, Abbott objects to this interrogatory because it: (i) seeks information that is duplicative of Plaintiffs' document requests; (ii) is overly broad and unduly burdensome to the extent it seeks to have Abbott analyze its market, sales and promotion of each drug listed in Exhibit A of the AMCC over a seven year period; (iii) is vague and ambiguous, particularly with respect to the phrases "distribution, marketing, sales or promotion," and "considered, incorporated, or been based upon" and the terms "difference" and "reimbursement"; (iv) seeks confidential and/or proprietary information; (v) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (vi) seeks information outside of Abbott's custody, care or control; (vii) seeks information




protected by the attorney-client privilege and/or the work-product doctrine; (viii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC; and (ix) seeks information duplicative of Plaintiffs' document requests.

Abbott is providing responsive documents and data to Plaintiffs from which Plaintiffs can determine on their own the answer to this interrogatory. At this time, investigation by Abbott's counsel is not sufficiently advanced to provide a factual response to this broad question.

3. For the period of January 1, 1997, to the present, please state for each calendar quarter the largest single purchaser, in terms of units, of each of the AWPIDs and the following:

a. the total number of units of the AWPIDs received by that purchaser; and

b. the total net revenue received for the AWPIDs by your company from that purchaser.

Please also produce the contract or agreement governing your relationship with that purchaser for each relevant quarter.

**RESPONSE:** In addition to its General Objections, Abbott objects to this interrogatory because it: (i) is overly broad and unduly burdensome in seeking voluminous data regarding over seven-hundred purchasers (twenty-six drugs times four quarters times seven years); (ii) seeks information that is duplicative of Plaintiffs' document requests; (iii) is vague and ambiguous; (iv) seeks confidential and/or proprietary information; (v) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence; (vi) seeks information outside of Abbott's custody, care or control; and (vii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC.

Abbott is providing responsive documents and data to Plaintiffs from which Plaintiffs can determine on their own the answer to this interrogatory. Abbott is not required to perform mathematical calculations for Plaintiffs.




4. For the period of January 1, 1997, to the present, and for each subject drug, please provide a list of all purchasers who received the subject drug at a price exempted from the calculation of the Medicaid "best price," pursuant to the requirements of SSA - 1927(e)(l)(C)(ii)(III), and, for each such purchaser, indicate the volume of the AWPID received by calendar quarter, in units, and the range of prices at which such purchaser received the subject drug for that quarter.

**RESPONSE:** In addition to its General Objections, Abbott objects to this interrogatory because it: (i) is overly broad and unduly burdensome; (ii) is vague and ambiguous, particularly with respect to the terms "price" and "purchaser"; (iii) seeks information outside of Abbott's custody, care or control; (iv) is not limited to Abbott's drugs listed in Exhibit A of the AMCC; (v) seeks confidential and/or proprietary information; (vi) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly with respect to information regarding "best price"; and (vii) seeks information duplicative of Plaintiffs' document requests.

Abbott is providing Plaintiffs transactional sales data from which Plaintiffs can determine on their own what, if any, sales were made at a "nominal" price.

5. With respect to each AWPID, please describe how you calculate the prices and/or data reported to Medical Economics Red Book, First Data Bank or MediSpan or any other such entity that gathers and publishes either "average wholesale prices," "list prices," or "wholesale acquisition costs." And for each drug identify the persons responsible for doing so. (All Drugs)

**RESPONSE:** In addition to its General Objections, Abbott objects to this interrogatory because it: (i) seeks information that is duplicative of Plaintiffs' document requests; (ii) is vague and ambiguous, particularly with respect to the phrases "how you calculate the prices and/or data reported" and "list prices"; (iii) seeks confidential and/or proprietary information; (iv) seeks information protected by the attorney-client privilege and/or work-product doctrine; (v) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence; (vi) seeks information outside of Abbott's custody, care or control; (vii) seeks




information protected by the attorney-client privilege and/or the work-product doctrine; and (viii) is not limited to Abbott's drugs listed in Exhibit A of the AMCC.

Abbott is providing responsive documents and data to Plaintiffs, from which Plaintiffs can determine on their own the answer to this interrogatory.

6. Identify the source of each of the documents produced in response to plaintiffs' requests for the production of documents throughout this litigation by identifying the person(s) who possessed those documents, the job position of any such individuals, and the division and department where such documents were located. If you are unable to determine the individual(s) who possessed the documents, identify the department and division where they were/are located when produced.

**RESPONSE:** In addition to its General Objections, Abbott objects to this interrogatory because it: (i) seeks information duplicative of Plaintiffs' document requests; (ii) is overly broad and unduly burdensome; (iii) exceeds the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules and Orders; and (iv) seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

To the extent possible, Abbott will provide the information requested in this interrogatory to the extent required by the Federal Rules of Civil Procedure.




Dated: June 1, 2004

Respectfully Submitted,

James R. Daly
Toni-Ann Citera
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

R. Christopher Cook
Jesse A. Witten
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
***Counsel for Defendant***
***Abbott Laboratories***




## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2004, a true and correct copy of DEFENDANT ABBOTT LABORATORIES, INC.'S RESPONSES TO PLAINTIFFS' OMNIBUS REQUESTS FOR PRODUCTION AND INTERROGATORIES TO DEFENDANTS ABBOTT, AMGEN, AVENTIS, BAXTER, BAYER, BOEHRINGER, BRAUN, DEY, FUJISAWA, NOVARTIS, PFIZER, PHARMACIA, SICOR, TAP AND WATSON AND TO ALL OTHER DEFENDANTS WITH RESPECT TO DRUGS THAT WERE NOT PREVIOUSLY SUBJECT TO DISCOVERY was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

Toni-Ann Citera

Attorney for Defendant Abbott Laboratories