

E-SERVED
04/20/05
07:26 PM ET
RE: MDL No. 1456

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456 |
|  | ) | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) ) | Judge Patti B. Saris |

## NOTICE OF RULE 30(B)(6) DEPOSITION TO AVENTIS REGARDING SALES-RELATED FINANCIAL DATA

TO:     ALL COUNSEL BY VERILAW

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30(b)(6), the undersigned counsel will take the deposition of the representatives of Aventis who are knowledgeable regarding the matters set forth in Exhibit A attached hereto. Such depositions will be recorded by stenographic and/or sound and visual means and will take place beginning at 9:00 a.m. Pacific Standard Time on June 6, 2005, at the offices of Hagens Berman Sobol Shapiro LLP, 1301 Fifth Avenue, Suite 2900, Seattle, Washington 98101.

You are invited to attend and participate.

DATED:  April 20, 2005.

By     **/s/ Steve W. Berman**
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

- 1 -



Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allen Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Connolly
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel Heins
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

- 2 -



# EXHIBIT A

Produce witnesses pursuant to Rule 30(b)(6) who have knowledge of all aspects of Aventis's maintenance and retrieval of the following data for each drug manufactured by Aventis and identified in the AMCC, including the names of the databases in which such information is stored electronically:

(a)   All sales transaction data (as well as any discounts or any other price adjustments or offsets contained in the transaction data), including (i) price, (ii) number of units sold, (iii) transaction date, (iv) information sufficient to identify the type of transaction (*e.g.*, a sale, a return, etc.), (v) information sufficient to identify the product (*e.g.*, NDC, product description, form, strength, etc.), (vi) information sufficient to identify the customer, (vii) class of trade designations, and (viii) information sufficient to identify whether the units sold were intended for repackaging, along with the name of the repackager to which the units were sold.

(b)   All chargeback transactions, including (i) amount, (ii) date of credit, and (iii) information sufficient to identify the customer, class of trade designations (if any), and wholesaler to which the chargeback was paid, and (iv) the underlying contract price paid by the ultimate customer.

(c)   All rebate transactions, including (i) amount, (ii) date of rebate, (iii) information sufficient to identify the type of rebate, (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

(d)   All administrative fee transactions, including (i) amount, (ii) date of payment, (iii) information sufficient to identify the type of administrative fee (if applicable), (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

(e)   Any other discounts not reflected in the above (a through d), including but not limited to discounts achieved through bundling one product with another.

- 3 -



## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **NOTICE OF RULE 30(B)(6) DEPOSITION TO AVENTIS REGARDING SALES-RELATED FINANCIAL DATA** to be served on all counsel of record electronically on April 20, 2005, pursuant to Section D of Case Management Order No. 2.

By_____ /s/ Steve W. Berman_____
            Steve W. Berman, Esq.
**HAGENS BERMAN LLP**
1301 Fifth Ave., Suite 2900
Seattle, WA  98101
Telephone:  (206) 623-7292

1534.16 0124 DSC.DOC





HAGENS BERMAN
SOBOL SHAPIRO LLP

hbsslaw.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

STEVE W. BERMAN
(206) 224-9320
steve@hbsslaw.com

April 20, 2005

**Via Facsimile**

Michael L. Koon
SHOOK, HARDY & BACON, LLP
One Kansas City Place
1200 Main Street, 26th Floor
Kansas City, MO 64105

    Re:    In re Pharmaceutical Industry AWP Litigation

Dear Michael:

        As you are aware, the Court has issued CMO No. 14, which sets forth various pre-trial deadlines for the Phase II defendants, including a discovery cut-off of December 3, 2005. Plaintiffs have served your client, Aventis, with multiple requests for production and interrogatories that seek, among other things, financial data relating to the sales of drugs that are the subject of the AMCC (the "Subject Drugs"). Indeed, Plaintiffs' requests that Aventis produce financial information date back to June 2003.[1]

        Based on experience gained by working with the Phase I defendants, Plaintiffs have refined their requests for sales-related data. For each of the Subject Drugs (by NDC), please provide the following information in ASCII text file or similar electronic format for the relevant time period:

        (a)    All sales transaction data (as well as any discounts or any other price adjustments or offsets contained in the transaction data), including (i) price, (ii) number of units sold, (iii) transaction date, (iv) information sufficient to identify the type of transaction (e.g., a sale, a return, etc.), (v) information sufficient to identify the product (e.g., NDC, product description, form,

_____

[1] Plaintiffs' prior requests for financial data can be found in discovery sets served on your client on June 17, 2003 (Request Nos. 27-28); June 19, 2003 (Request Nos. 19, 34 and 35); December 3, 2003 (Request Nos. 18, 33-34; Interog. No. 1); and March 31, 2004 (Request Nos. 25-28; Interog. No. 1).

1534.16 0279 LTR.DOC



E-SERVED
04/20/05
07:26 PM ET
AWP MDL No. 1456

April 20, 2005
Page 2

strength, etc.), (vi) information sufficient to identify the customer,
(vii) class of trade designations, and (viii) information sufficient to identify
whether the units sold were intended for repackaging, along with the name
of the repackager to which the units were sold.

(b)     All chargeback transactions, including (i) amount, (ii) date of credit, and
(iii) information sufficient to identify the customer, class of trade
designations (if any), and wholesaler to which the chargeback was paid,
and (iv) the underlying contract price paid by the ultimate customer.

(c)     All rebate transactions, including (i) amount, (ii) date of rebate, (iii)
information sufficient to identify the type of rebate, (iv) information
sufficient to identify the customer, and (v) class of trade designations (if
any).

(d)     All administrative fee transactions, including (i) amount, (ii) date of
payment, (iii) information sufficient to identify the type of administrative
fee (if applicable), (iv) information sufficient to identify the customer, and
(v) class of trade designations (if any).

(e)     Any other discounts not reflected in the above (a through d), including but
not limited to discounts achieved through bundling one product with
another.

(f)     Include complete documentation for all items above (a through e) such as
lists of fields, descriptions of information contained in those fields (*e.g.*,
field lengths, formats, etc.), and descriptions of any codes used in any fields
(such as class of trade designations).

Exclude all sales to government entities (*e.g.,* State Agencies, Veteran's Administration
Facilities, Military, Federal Government Programs, Public Health Service, etc.).  Sales to
all other entities should be included, including sales to hospitals.

Plaintiffs request that Aventis produce this data in the above-requested format
within 30 days.  If you will be unable to provide this information within 30 days for all of
the Subject Drugs, Plaintiffs ask that Aventis first produce the requested data for all
physician-administered drugs within 30 days, followed by a supplemental production of
data for the remaining drugs 30 days thereafter.

April 20, 2005
Page 3



We have also enclosed Rule 30(b)(6) deposition notices on this topic so that Plaintiffs can learn about the manner in which Aventis maintains sales data for its Subject Drugs.

Sincerely,

Steve W. Berman

Docket No. X07 CV-03-0083299-S (CLD)

| STATE OF CONNECTICUT | : SUPERIOR COURT |
|---|---|
| | : |
| vs. | : COMPLEX LITIGATION DOCKET |
| | : AT TOLLAND |
| | : |
| AVENTIS PHARMACEUTICALS, INC. | : May 6, 2005 |

## NOTICE OF DEPOSITION

**TO:   ALL COUNSEL ON ATTACHED SERVICE LIST:**

Pursuant to Practice Book §13-26, et. seq., notice is hereby given that on June 10, 2005, at 9:30 A.M. at the offices of Shepherd, Finkelman, Miller, & Shah, LLC, 65 Main Street, Chester, Connecticut, 06412, before a Notary Public, Jeffrey Kodroff, Esquire and John Macoretta, Esquire, attorneys for the Plaintiff in the above-captioned action will take the deposition of defendant, Aventis Pharmaceuticals', Inc. §13-27(h) designee who is knowledgeable of the matters itemized in Exhibit "A."

The oral examination will continue from day to day until completed. You are invited to attend and examine the witness.

SPECTOR, ROSEMAN & KODROFF, P.C.

By _____

Jeffery Kodroff, Esquire
John Macoretta, Esquire
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103

Tom Sobol, Esquire
Edward Notargiacomo, Esquire
Hagens Berman LLP
225 Franklin Street, 26th Floor
Boston, MA  02110

James E. Miller, Esquire.
Shepherd Finkelman Miller & Shah, LLC
65 Main Street
Chester, CT 06412

Dated: May 6, 2005

## EXHIBIT "A"

### INSTRUCTIONS

All of the definitions from Plaintiffs' First Set of Requests For Production to Aventis are incorporated herein by reference.

"Spread" refers to the difference between AWP or any price upon which reimbursement for a drug is based, on the one hand, and the actual or net price paid for a drug on the other hand.

Unless otherwise specifically stated, each of these Areas of Inquiry encompasses the years 1993 through the present.

### AREAS OF INQUIRY

1.     The process by which You establish, state, change or are otherwise directly or indirectly involved in setting the AWP, List Price, WAC, Average Wholesale Price, actual sales price, contract price or any other price for each of Your Listed Pharmaceuticals, including the names or job titles of all personnel involved in said processes and all documents created in connection with said processes.

2.     Your policies or practices concerning the calculation, determination, dissemination, communication or publication of the AWP, List Price, WAC, or any other price for all of Your Listed Pharmaceuticals.

3.     The process by which You decide to offer any type of discount, rebate, incentive or penalty in connection with the purchase of any Listed Pharmaceuticals, and the names or job titles of all personnel involved in said process.

4.     The identity and nature of any regularly created documents which report, review, comment upon or analyze any price stated or charged for any of Your Listed Pharmaceuticals.

5.     The method by which You calculate or determine the average sales price for Your Listed Pharmaceuticals, including any determination or rendering of actual transaction costs and/or revenues at any level of the distribution or processing chains.

6.     The  method by which You calculate or determine the net profit for each of Your Listed Pharmaceuticals.

7.     The nature of Your efforts to market, promote or tout the Spread on any of Your drugs, and the names or job titles of all personnel involved in said efforts.

8.     The nature of Your efforts to market, promote or sell any of Your Listed Pharmaceuticals including, but not limited to, Your marketing, promotion or sales efforts directed towards the State of Connecticut, including all of its agencies, divisions, departments and employees.

9.     The identity and nature of Your communications with the State of Connecticut, including all of its agencies, divisions, departments and employees.

## <u>COUNSEL SERVICE LIST</u>

**Counsel for the State of Connecticut:**

Robert B. Teitelman
Assistant Attorneys General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
(860)808-5355
(860)808-5387 fax

Clare E. Kindall
Assistant Attorneys General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
(860)808-5355
(860)808-5387 fax

Thomas Sobol, Esquire
David Nalven, Esquire
Hagens Berman Sobol & Sharpiro, LLP
One Main Street, 4th Floor
Cambridge, MA 02142
(617)482-3700
(617)482-3003 fax

James E. Miller, Esquire.
Shepherd Finkelman Miller & Shah, LLC
65 Main Street
Chester, CT 06412
(Tel) (860) 526-1100
(Fax)(860) 526-1120

**Counsel for Dey, Inc.:**

Paul F. Doyle
William R. Golden, Jr.
Antonia F. Giuliana
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178-0002
(212)808-7800
(212)808-7897 fax


Mark S. Gregory
Kelley Drye & Warren, LLP
281 Tresser Boulevard
Stamford, CT 06901-3284
(203)327-1400
(203)327-2669 fax

**Counsel for Roxane Laboratories, Inc.:**

Paul J. Coval
Douglas L. Rogers
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008
(614)464-5635
(614)719-4674 fax

Theodore J. Tucci
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597
(860)275-8210
(860)275-8299 fax

**Counsel for Schering-Plough Corp. and
Warrick Pharmaceuticals, Inc.:**

Andrew P. Gaillard
Day, Berry & Howard
One Canberbury Green
Stamford, CT 06901-2047
(203)977-7300
(203)977-7301 fax


John T. Montgomery
Brien T. O'Connor
Emiley E. Zalesky
Robert J. Kovacev
Ropes & Gray, LLP
One International Place
Boston, MA 02110-2624
(617)951-7000
(617)951-7050 fax

**Counsel for Aventis Pharmaceutics, Inc.:**

R. Cornelius Danaher, Jr.
Danaher, Lagnese & Neal, PC
700 Capitol Place
21 Oak Street
Hartford, CT 06106-8000
(860)247-3666
(860)547-1321 fax

Nicola Heskett
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613
(816)474-6550
(816)421-5547 fax

**Counsel for Pharmacia Corporation:**

Robert M. Langer
Wiggin & Dana, LLP
One CityPlace
185 Asylum Avenue
Hartford, CT 06103-3402
(860)297-3700
(860)525-9380 fax

John C. Dodds
Jennifer B. Jordan
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103-2901
(215)963-5000
(215)963-5001 fax

Scott A. Stempel
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004-2541
(202)739-3000
(202)739-3001 fax

**Counsel for Smithkline Beecham
Corporation d/b/a GlaxoSmithkline:**

Katherine A. Burroughs
Robert E. Grady
DECHERT, LLP
90 State House Square
Hartford, CT 06103-3702
(860)524-3953
(860)524-3930 fax

Frederick G. Herold
DECHERT, LLP
975 Page Mill Road
Palo Alto, CA 94304-1013
(650)813-4930
(650)813-4848 fax

Thomas H. Lee, II
DECHERT, LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
(215)994-2413
(215)994-2222 fax



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY | ) | |
| AVERAGE WHOLESALE PRICE | ) | MDL No. 1456 |
| LITIGATION | ) | |
| | ) | CIVIL ACTION:  01-CV-12257-PBS |
| | ) | |
| THIS DOCUMENT RELATES TO | ) | Judge Patti B. Saris |
| ALL ACTIONS | ) | |
| | ) | |

## NOTICE OF DEPOSITION

**TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 30, Plaintiffs, by their attorneys, will take the oral deposition, before a person contemplated by Fed.R.Civ.P. 28(a), of Defendant Aventis Pharmaceuticals', Inc. Fed.R.Civ.P. 30(b)(6) designee who is knowledgeable of the matters itemized in Exhibit "A."

The deposition will be recorded by stenograph and video.  The deposition will take place on June 27, 2005, at 10:00 a.m., EDT, at the offices of Spector, Roseman & Kodroff, P.C., 1818 Market Street, Suite 2500, Philadelphia, Pennsylvania 19103.



You are invited to attend and examine the witness.

Respectfully submitted,

**SPECTOR, ROSEMAN & KODROFF, P.C.**

By____/s/ John Macoretta_____
        Jeffery Kodroff, Esquire
        John Macoretta, Esquire
        **Spector, Roseman & Kodroff, P.C.**
        1818 Market Street, Suite 2500
        Philadelphia, PA  19103

        Marc H. Edelson
        Allan Hoffman
        **Hoffman & Edelson**
        45 West Court Street
        Doylestown, PA  18901
        Telephone: (215) 230-8043

        Thomas M. Sobol (BBO#471770)
        Edward Notargiacomo (BBO#567636)
        **Hagens Berman LLP**
        One Main Street, 4th Floor
        Cambridge, MA 02142
        Telephone: (617) 482-3700

        Steve W. Berman
        Sean R. Matt
        Robert Gaudet
        **Hagens Berman LLP**
        1301 Fifth Avenue, Suite 2900
        Seattle, WA  98101
        Telephone: (206) 623-7292

        Samuel Heins
        Susan McMennamin
        **Heins, Mills & Olson, P.C.**
        3550 IDS Center
        80 South Eighth Street
        Minneapolis, MN  55402
        Telephone: (612) 338-4605



Kenneth A. Wexler
**The Wexler Firm, LLP**
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222


Dated: May 13, 2005



E-SERVED
05/13/05
03:36 PM ET
AWP-MDL No. 1456

**EXHIBIT "A"**

**INSTRUCTIONS**

Plaintiffs incorporate by reference all of the  Definitions from Plaintiffs' Omnibus

Request for Production of Documents Related to All Defendants.

"Spread" refers to the difference between AWP or any price upon which reimbursement

for a drug is based, on the one hand, and the actual or net price paid for a drug on the other.

Unless otherwise specifically stated, each of these Areas of Inquiry encompasses the years

1991 through the present.

**AREAS OF INQUIRY**

1.  The process by which Aventis Pharmaceuticals, Inc. ("Aventis") establishes, states, changes

or is otherwise directly or indirectly involved in setting the AWP, List Price, WAC, Average

Wholesale Price, actual sales price, contract price or any other price for the following subject

pharmaceuticals: Allegra, Allegra-D, Amaryl, Anzemet, Arava, Azmacort, Calcimar, Carafate,

Cardizem, Gammar PI.V., Intal, Nasacort, Taxotere, Trental.   This area of inquiry includes

identification of the names or job titles of all personnel involved in said processes and all

documents created in connection with said processes.

2.  Aventis' policies or practices concerning the calculation, determination, dissemination,

communication or publication of the AWP, List Price, WAC, or any other price for the following

subject pharmaceuticals: Allegra, Allegra-D, Amaryl, Anzemet, Arava, Azmacort, Calcimar,

Carafate, Cardizem, Gammar PI.V., Intal, Nasacort, Taxotere, Trental.



3. The process by which Aventis decides to offer any type of discount, rebate, incentive or penalty in connection with the purchase of the following subject pharmaceuticals: Allegra, Allegra-D, Amaryl, Anzemet, Arava, Azmacort, Calcimar, Carafate, Cardizem, Gammar PI.V., Intal, Nasacort, Taxotere, Trental.

4. The identity and nature of any regularly created documents which report, review, comment upon or analyze any price stated or charged for the following subject pharmaceuticals: Allegra, Allegra-D, Amaryl, Anzemet, Arava, Azmacort, Calcimar, Carafate, Cardizem, Gammar PI.V., Intal, Nasacort, Taxotere, Trental.

5. The method by which Aventis calculates or determines the average sales price for the following subject pharmaceuticals: Allegra, Allegra-D, Amaryl, Anzemet, Arava, Azmacort, Calcimar, Carafate, Cardizem, Gammar PI.V., Intal, Nasacort, Taxotere, Trental.  This area of inquiry includes any determination or rendering of actual transaction costs and/or revenues at any level of the distribution or processing chains.

6. The method by which Aventis calculates or determines the net profit for the following subject pharmaceuticals: Allegra, Allegra-D, Amaryl, Anzemet, Arava, Azmacort, Calcimar, Carafate, Cardizem, Gammar PI.V., Intal, Nasacort, Taxotere, Trental.

7. The nature of Aventis' efforts to market, promote or tout the Spread on any of the following subject pharmaceuticals: Allegra, Allegra-D, Amaryl, Anzemet, Arava, Azmacort, Calcimar, Carafate, Cardizem, Gammar PI.V., Intal, Nasacort, Taxotere, Trental.  This inquiry includes the names or job titles of all personnel involved in said efforts.



8. The nature of Aventis' strategies, plans or efforts to market, promote or sell any of the following subject pharmaceuticals: Allegra, Allegra-D, Amaryl, Anzemet, Arava, Azmacort, Calcimar, Carafate, Cardizem, Gammar PI.V., Intal, Nasacort, Taxotere, Trental.



## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2005, I served true and correct copies of the foregoing

Notice of Deposition via Verilaw on all counsel of record.

___/s/ John Macoretta_____
Jeffery Kodroff, Esquire
John Macoretta, Esquire
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
