# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | **MDL No. 1456**<br><br>**CIVIL ACTION:  01-CV-12257-PBS**<br><br>**Magistrate Judge Marianne Bowler** |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STRIKE CLAIMS AGAINST BOEHRINGER INGELHEIM CORPORATION, BEN VENUE LABORATORIES, INC. AND BEDFORD LABORATORIES FROM THE THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Plaintiffs respectfully submit this Memorandum of Law in Opposition To Motion To Strike Claims Against Boehringer Ingelheim Corporation, Ben Venue Laboratories, Inc. And Bedford Laboratories ("Defendants" or the "Boehringer Group") From The Third Amended Consolidated Class Action Complaint ("TAC").

## I.    INTRODUCTION

In their opening brief, Defendants argue that the allegations against the Boehringer Group should be stricken from the TAC for two reasons.  First, Defendants contend that although the First Circuit has never addressed the issue, Plaintiffs should not have re-pled previously dismissed allegations in the TAC to preserve their appellate rights because the majority of courts, none of which is binding, reject the need for such repleading.  Defs' Br. at 4-6. Second, Defendants imply, without any definitive evidence, that Plaintiffs' repleading is particularly egregious because they were impliedly dismissed "with prejudice" from this case.  Defs' Br. at 1.  As each of these arguments lacks merit,

and because Plaintiffs re-pled the allegations in the TAC to conscientiously preserve their appellate rights, Defendants' motion should be denied.

## II.     <u>BACKGROUND</u>

The Boehringer Group was dismissed from this litigation per the Court's two Orders of June 9, 2004; however, neither Order states that the Boehringer Group was dismissed "with prejudice."  Hoffman Declaration ("Hoffman Decl.") at ¶ 3.  The first Order grants the Boehringer Group's motion to dismiss, but is <u>silent</u> as to whether it was granted with or without prejudice.  *See* June 9, 2004 Order I, attached to Hoffman Decl. as Exhibit A. The second Order denies Plaintiffs' motion to substitute a proper party, but notes that it was denied "without prejudice to filing a separate action."  *See* June 9, 2004 Order II, attached to Hoffman Decl. as Exhibit B.

The TAC was filed on October 17, 2005,[1] and contains allegations against the Boehringer Group, including plaintiff purchases of any drugs manufactured by Defendants.  Hoffman Decl. at ¶ 5.  When defense counsel asked why Plaintiffs had re-asserted these allegations in the TAC, Plaintiffs' counsel explained that:

> Boehringer was included in the TAC for purposes of preserving the appellate rights of plaintiffs.

Hoffman Decl. at ¶ 6; s*ee also,* e-mails from Allan Hoffman to Darrell Miller dated October 21, 2005 and November 2, 2005 attached to Hoffman Decl. as Exhibit C and Exhibit D, respectively.  Plaintiffs' counsel further explained that federal appellate case law requires Plaintiffs to replead previously dismissed claims to preserve their appellate rights. Hoffman Decl. at ¶ 7.

---

[1] Notably, Defendants' motion to strike was not filed until November 3, 2005, seventeen (17) days after Plaintiffs filed the TAC, and therefore is untimely.

On November 2, 2005, Plaintiffs' counsel provided further assurances to defense counsel that Plaintiffs were not pursuing new claims against the Boehringer Group, but instead sought to conscientiously preserve their appellate rights:

> As I have explained previously, Boehringer was included in the TAC for purposes of preserving the appellate rights of plaintiffs….[P]lease note that plaintiffs do not intend to pursue new claims against Boehringer based on the newly added plaintiffs and will not consider Boehringer to be a party for the purposes of taking discovery in connection with the newly named plaintiffs.

Hoffman Decl. at ¶ 8; *see* Exhibit D.

In response to the e-mail, Defendants, late on November 2, 2005, sent a draft Stipulation to Plaintiffs for immediate approval. Hoffman Decl. at ¶ 9. On November 11, 2005, Plaintiffs discussed the terms of a counter-proposal with counsel and e-mailed a draft to Defendants on November 14, 2005.  Hoffman Decl. at ¶ 10.  Plaintiffs continue to await a response from defense counsel.[2]  *Id.*

III.   **ARGUMENT**

> 1. **Courts Have Held That Plaintiffs Who Fail To Replead Previously Dismissed Claims In Amended Complaints May Waive Their Appellate Rights As To The Dismissal.**

Defendants argue that Plaintiffs should not have re-filed their claims against them because several courts have held that parties "need not include in subsequently amended complaints claims that have been previously dismissed in order to preserve them for appeal."  Defs' Br. at 5.

---

[2] Defendants claim that "there is little to prevent [plaintiffs] from attempting to propound discovery on and/or seek judgment against the Boehringer Defendants at a later date should they decide to change strategy."  Defs' Br. at 4 n.5.  This is not true as Plaintiffs have provided written assurances that they will not do so which Defendants can use to confirm the representations of Plaintiffs.

However, federal appellate courts have held that any cause of action alleged in an original complaint that is not alleged in an amended complaint is waived. *See Marx v. Loral Corp.*, 87 F.3d 1049, 1055-56 (9th Cir. 1996) (holding that party waived right to appeal where district court dismissed claim from original complaint and party failed to re-plead dismissed claim in amended complaint); *Carver v. Condie*, 169 F.3d 469, 472 (7th Cir. 1999) (holding that allegations not included in amended complaint "fell by the wayside"). The rationale for the rule, as explained by the Ninth Circuit, is that if an appellant wishes "to rely upon the original complaint, it should [refuse] to plead further." *See Marx*, 87 F.3d at 1055 (citing *Studio Carpenters Local Union No. 946 v. Loew's, Inc.*, 182 F.2d 168, 170 (9th Cir. 1950), *cert. denied*, 340 U.S. 828 (1950). While several courts have criticized the Ninth Circuit's rule as "formalistic," "rigid," and "too mechanical," *see, e.g., Young v. City of Mount Ranier*, 238 F.3d 567, 572-73 (4th Cir. 2001); *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000*); Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 n. 5 (11th Cir. 1999), the First Circuit has not squarely addressed the issue.[3]   However, in *Kolling v. American Power Conversion Corp.*, 347 F.3d 11, 16, n.10 (1st Cir. 2003), the First Circuit noted, *as dicta*, that the impact of failing to replead a district court's dismissal of claims from the original complaint and the potential resulting waiver of appellate rights poses a complex issue. *Id.* Indeed, the *Kolling* court's recognition that this would be a difficult issue lends further support to Plaintiffs' decision to re-plead.  In the absence of any clear authority on the

---

[3] The First Circuit has held that an amended complaint completely supercedes the original complaint.  *See Kolling*, 347 F.3d at 16 (citing *Lopez-Carrasquillo v. Rubianes*, 230 F.3d 409, 412 (1st Cir. 2000); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case."). The First Circuit has stated that "by omitting a "common law employee claim'" from the amended complaint, the plaintiff abandoned it.  *See Kolling*, 347 F.3d at 16 .

issue from the First Circuit, Plaintiffs' conscientious effort to preserve appellate rights was both reasonable and prudent.

At footnote 6 of their brief, Defendants acknowledge that the First Circuit has never "directly addressed" the issue, but nevertheless argue that, *in dicta*, *Kolling* adopted the majority rule. Defs' Br. at 5-6, n.6.  However, Defendants' overzealous interpretation of *Kolling* is incorrect.  Although *Kolling* briefly set forth both the majority and minority views, it did not adopt either viewpoint.  Instead, the court only was willing to note the difficult nature of the issue addressed by the Ninth Circuit's *Marx* decision regarding the dismissal and repleading of claims as it relates to the preservation of appellate rights. *Kolling,* 347 F.3d at 16, n.10.

Nor do the cases cited by Defendants at page 4 of their brief suggest otherwise, because unlike here, no party in those cases had re-pled for the purpose of preserving Plaintiffs' appellate rights.  *See, e.g., Blickenstaff v. R.R. Donnelly & Sons Co. Short Term Disability Plan*, 379, F.3d 669 (7th Cir. 2004) (noting that appellant amended the complaint for the sole purpose of convincing the lower court of its initial error); *United States v. Union Corp*., 194 F.R.D. 223 (E.D. Pa. 2000) (finding that defendant re-pleaded to add more specific facts); *Danton v. State Farm Mut. Auto. Ins. Co.*, 1991 WL 165211 (E.D. Pa., Aug. 23, 1991) (amending party provided no reason for the amendment).

The Seventh Circuit's analysis in *Smith v. National Health Care Services of Peoria*, 934 F.2d 95 (7th Cir. 1991), is more analogous to the current case.   In *Smith*, although the court found that dismissed claims need not be re-filed to preserve appellate rights, the *Smith* court overturned the lower court's imposition of sanctions due to the uncertainty in the Seventh Circuit case law at the time the amended pleading was filed:

> Focusing on the case law at the time of the repleading, [appellant] notes that a number of courts required such repleading in order to preserve the issues. *See Sacramento Coca-Cola Bottling Co. v. Chauffeurs, Etc., Local 150 et al.*, 440 F.2d 1096 (9th Cir.1971); see also 6 *Wright, Miller & Kane* § 1476 (2d ed. 1990) (indicating that several courts hold that an appeal cannot involve an attack on the original dismissal; noting a preferable position that would preserve the ability to raise the issues on appeal) . . . [A]ppellees have not pointed out any Seventh Circuit precedent that existed at the time of the repleading regarding the ability to appeal dismissed issues. [Appellant's] caution in repleading the claims should not in itself subject [appellant] to Rule 11 sanctions.  His actions do not reflect a failure to investigate relevant law, but rather indicate a conscientious effort to ensure that issues are preserved for appeal.

*Smith* 934 F.2d at 98.  Inasmuch as the First Circuit has also not ruled on this issue, Plaintiffs' effort to amend to preserve rights on appeal was both proper and prudent.

Here, Plaintiffs have always been very clear with defense counsel that the allegations were re-pled to preserve Plaintiffs' appellate rights as to the dismissal. Plaintiffs have explained this in several phone calls and in several e-mails to defense counsel.  Moreover, to allay the concerns of Defendants, Plaintiffs also have provided written assurances that they will not pursue in this consolidated class action any new claims that were added against the Boehringer Group in the TAC and will not conduct party-discovery in connection with the TAC against The Boehringer Group.  With such representations in hand, Defendants' concerns that Plaintiffs could change strategy lack credibility.  Accordingly, Defendants' motion should be denied.

### 2.   The Record Does Not Show That Defendants Were Dismissed "With Prejudice."

Defendants appear to argue that it is particularly improper for Plaintiffs to re-plead claims against the Boehringer Group because Defendants were dismissed with prejudice from the case.  Defs' Br. at 1-2.  Indeed, Boehringer contends that as a matter of law, it is beyond dispute that their dismissal from this litigation in June, 2004 was

"with prejudice." Defs' Br. at 1-2.[4]  However, the argument is fatally flawed because the factual predicate of Defendants' legal argument is not established in the record.

The Court, in its June 9, 2004 Order I, granted Defendants' motion to dismiss because "it is undisputed that these companies did not manufacture [A]trovent."  *See* Exhibit A.  The Order is <u>silent</u> as to whether the dismissal was with or without prejudice and therefore any interpretation thereof is purely speculative.  *Id.*

Recognizing the lack of any express language in Order I to support their contention that Defendants' were dismissed "with prejudice," Defendants argue that as a matter of law, the First Circuit must presume that the dismissal was "with prejudice" because the dismissal was based on Rule 12(b)(6).  Defs' Br. at 2.   Defendants cite *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 241 (1st Cir. 2004) for the proposition that "in the absence of a clear statement to the contrary, a **<u>dismissal pursuant to Rule 12(b)(6)</u>** is presumed to be with prejudice."  (Emphasis added.)  Defs' Br. at 2 n. 3.  However, Defendants fail to note that a dismissal for lack of subject matter or personal jurisdiction, improper venue, or failure to join the proper parties under Rule 19 is not a judgment on the merits and therefore is not afforded the same presumption. *See*, *Andrews-Clarke v. Lucent Technologies, Inc.,* 157 F.Supp.2d 93, 99 (D. Mass. 2001).

In the instant case, the Boehringer Group originally moved for dismissal based on two distinct grounds, namely, that Plaintiffs: (i) lacked standing because they had not alleged an injury arising from the purchase of a Boehringer drug, and (ii) failed to state a claim upon which relief can be granted under rule 12(b)(6).  Thus, only one of

---

[4] In their brief, Defendants attempt to make much of the fact that plaintiffs were reluctant to enter into their proffered Stipulation.  Defs' Br. at 3.  However, this is not surprising as the first provision of defendant's stipulation states that Boehringer was dismissed with prejudice.

Defendants' arguments sought dismissal pursuant to Rule 12(b)(6).   To determine whether Defendants are entitled to a presumption of a "dismissal without prejudice," it is necessary to demonstrate the basis of the dismissal. However, the language of the Court's decision is brief and is not clear enough to enable the parties to determine whether the Boehringer Group was, in fact, dismissed from the case pursuant to Rule 12(b)(6).   The Court states that it granted the motion after finding that the companies did not manufacture Atrovent.   However, the fact that the named Defendants were not the right parties does not mean that Defendants were dismissed pursuant to Rule 12(b)(6).   To the contrary, the rationale could equally apply to a dismissal based on a lack of standing or failure to join the correct party under Rule 19.   The only express language in either June 4, Order as to the prejudicial effect is contained in the June 4, 2004 Order II, wherein the Court expressly stated that Plaintiffs' motion to substitute proper party was denied "without prejudice to filing a separate action."   *See* Exhibit B.   In the absence of express language or a clear indication that the Defendants were dismissed pursuant to Rule 12(b)(6), the Boehringer Group cannot presume that they were "dismissed with prejudice" from this litigation. Accordingly, Defendants' contention that they were dismissed with prejudice is baseless.

IV.     **<u>CONCLUSION</u>**

For all of the foregoing reasons, Defendants' Motion To Strike Claims Against

the Boehringer Group should be denied.

Respectfully submitted,


By:   <u>   /s/ Allan M. Hoffman</u>
      Allan Hoffman
      Marc H. Edelson
      HOFFMAN & EDELSON, LLC
      45 West Court Street
      Doylestown, PA 18901
      Telephone: 215-230-8043
      Telecopier: 215-230-8735
      *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Allan M. Hoffman, hereby certify that I am one of plaintiffs' attorneys, and that on November 17 2005, I caused a true and correct copy of the foregoing Plaintiffs' Memorandum of Law in Opposition To Motion To Strike Claims Against Boehringer Ingelheim Corporation, Ben Venue Laboratories, Inc. And Bedford Laboratories From The Third Amended Consolidated Class Action Complaint to be served on all counsel of record electronically by causing same to be posted via LexisNexis.


Dated:  November 17, 2005                     /s/ Allan M. Hoffman_
                                              Allan M. Hoffman