**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | **MDL No. 1456**<br>**CIVIL ACTION: 01-CV-12257-PBS**<br>**Magistrate Judge Marianne Bowler** |
| **THIS DOCUMENT RELATES TO ALL CLASS ACTIONS** | |

# DECLARATION OF ALLAN M. HOFFMAN

I, Allan M. Hoffman, declare as follows:

1. I am an attorney in the law firm of Hoffman & Edelson, LLC and represent plaintiffs in this litigation. I offer this Declaration in support of plaintiffs' Memorandum of Law in Opposition To Motion To Strike Claims Against Boehringer Ingelheim Corporation, Ben Venue Laboratories, Inc. And Bedford Laboratories From The Third Amended Consolidated Class Action Complaint.

2. I base this declaration on (i) my personal knowledge; (ii) communications with defendants' counsel, Darrell Miller of Vorys, Sater, Seymour and Pease LLP.

3. The Boehringer Group was dismissed from this litigation per the Court's two Orders of June 9, 2004; however, neither Order states that the Boehringer Group was dismissed "with prejudice." The first Order grants the Boehringer Group's motion to dismiss, but is silent as to whether it was granted with or without prejudice. *See* June 9, 2004 Order I, attached as Exhibit A.

4. The second Order denies Plaintiffs' motion to substitute a proper party, but notes that it was denied "without prejudice to filing a separate action." *See* June 9, 2004 Order II, attached as Exhibit B.

5. The TAC was filed on October 17, 2005, and contains allegations against the Boehringer Group, including plaintiff purchases of any drugs manufactured by Defendants.

6. When defense counsel asked why Plaintiffs had re-asserted these allegations in the TAC, Plaintiffs' counsel explained that:

> Boehringer was included in the TAC for purposes of preserving the appellate rights of plaintiffs.

*See, e.g.,* e-mails from Allan Hoffman to Darrell Miller dated October 21, 2005 and November 2, 2005 attached as Exhibit C and Exhibit D, respectively.

7. Plaintiffs' counsel further explained that federal appellate case law requires Plaintiffs to replead previously dismissed claims to preserve their appellate rights.

8. On November 2, 2005, Plaintiffs' counsel provided further assurances to defense counsel that Plaintiffs were not pursuing new claims against the Boehringer Group, but instead sought to conscientiously preserve their appellate rights:

> As I have explained previously, Boehringer was included in the TAC for purposes of preserving the appellate rights of plaintiffs….[P]lease note that plaintiffs do not intend to pursue new claims against Boehringer based on the newly added plaintiffs and will not consider Boehringer to be a party for the purposes of taking discovery in connection with the newly named plaintiffs.

See Exhibit D.

9. In response to the e-mail, Defendants, late on November 2, 2005, sent a draft Stipulation to Plaintiffs for immediate approval.

10. On November 11, 2005, Plaintiffs discussed the terms of a counter-proposal with counsel and e-mailed a draft to Defendants on November 14, 2005. Plaintiffs continue to await a response from defense counsel.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Allan M. Hoffman

**CERTIFICATE OF SERVICE**

I, Allan M. Hoffman, hereby certify that I am one of plaintiffs' attorneys, and that on November 17 2005, I caused a true and correct copy of the foregoing Declaration of Allan M. Hoffman to be served on all counsel of record electronically by causing same to be posted via LexisNexis.

Dated: November 17, 2005

/s/ Allan M. Hoffman_
Allan M. Hoffman

# EXHIBIT A

**Miller, Darrell A. H.**

**From:** ECFnotice@mad.uscourts.gov
**Sent:** Wednesday, June 09, 2004 10:52 AM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 1:01-cv-12257-PBS Citizens for Consume, et al v. Abbott Laboratories,, et al "Order on Motion to Dismiss"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

United States District Court
District of Massachusetts

Notice of Electronic Filing
The following transaction was received from Patch, Christine entered on 6/9/2004 at 10:51 AM EDT and filed on 6/7/2004

Case Name: Citizens for Consume, et al v. Abbott Laboratories,, et al
Case Number: 1:01-cv-12257 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?7895

Document Number:
Copy the URL address on the line below into the location bar of your Web browser to view the document:

Docket Text:
Judge Patti B. Saris : Electronic ORDER entered granting "on the ground that it is undisputed that these companies did not manufacture atrovent" [771] Motion to Dismiss the December 5, 2003 and January 22, 2003 Amended Master Consolidated Class Action Complaints, and denying as moot [798] Motion for Protective Order. (Patch, Christine)

The following document(s) are associated with this transaction:

1:01-cv-12257 Notice will be electronically mailed to:

Daniel F. Attridge dattridge@kirkland.com

Anita B. Bapooji bapooji@tht.com

Steve W. Berman steve@hagens-berman.com

Aimee E. Bierman abierman@kl.com

Jill Lori Brenner jlb@dcglaw.com

Douglas S. Brooks dbrooks@klhboston.com

James C. Burling james.burling@wilmerhale.com

Joanne M. Cicala jcicala@kmslaw.com,

Daniel J. Cloherty dcloherty@dwyercollora.com, sphillips@dwyercollora.com

Jonathan D Cohen cohenjo@gtlaw.com, champagnew@gtlaw.com

Robert C. Cook christophercook@jonesday.com, tcitera@jonesday.com;jmhelm@jonesday.com

Michael R. Costa costam@gtlaw.com

Paul J. Coval pjcoval@vssp.com

# EXHIBIT B

**Miller, Darrell A. H.**

**From:** ECFnotice@mad.uscourts.gov
**Sent:** Wednesday, June 09, 2004 11:05 AM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 1:01-cv-12257-PBS Citizens for Consume, et al v. Abbott Laboratories,, et al "Electronic Endorsement (non-order)"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

United States District Court
District of Massachusetts

Notice of Electronic Filing
The following transaction was received from Patch, Christine entered on 6/9/2004 at 11:05 AM EDT and filed on 6/7/2004

Case Name: Citizens for Consume, et al v. Abbott Laboratories,, et al
Case Number: 1:01-cv-12257 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?7895

Document Number:
Copy the URL address on the line below into the location bar of your Web browser to view the document:

Docket Text:
Judge Patti B. Saris : Electronic ORDER entered denying [814] Motion to Substitute Proper Party Boehringer Inhelheim Pharmaceuticals, Inc. for Boehringer Ingelheim Corporation filed by All Plaintiffs. "The motion to substitute is denied. This is without prejudice to filing a separate action"; and denying as untimely [815] Motion to Intervene as a Named Plaintiff filed by National Automatic Sprinkler Industry Welfare Fund(Patch, Christine)

The following document(s) are associated with this transaction:

1:01-cv-12257 Notice will be electronically mailed to:

Daniel F. Attridge dattridge@kirkland.com

Anita B. Bapooji bapooji@tht.com

Steve W. Berman steve@hagens-berman.com

Aimee E. Bierman abierman@kl.com

Jill Lori Brenner jlb@dcglaw.com

Douglas S. Brooks dbrooks@klhboston.com

James C. Burling james.burling@wilmerhale.com

Joanne M. Cicala jcicala@kmslaw.com,

Daniel J. Cloherty dcloherty@dwyercollora.com, sphillips@dwyercollora.com

Jonathan D Cohen cohenjo@gtlaw.com, champagnew@gtlaw.com

Robert C. Cook christophercook@jonesday.com, tcitera@jonesday.com;jmhelm@jonesday.com

Michael R. Costa costam@gtlaw.com

Paul J. Coval pjcoval@vssp.com

# EXHIBIT C

**Allan Hoffman**

**From:** Allan Hoffman [ahoffman@hofedlaw.com]
**Sent:** Friday, October 21, 2005 4:54 PM
**To:** Miller, Darrell A. H.
**Subject:** RE: AWP MDL -- Third Amended Class Action Complaint

Darrell:

I received your e-mail and attached letter from earlier today. As a preliminary matter, I believe that it is important that I clarify the record as I never said that the inclusion of your client was "unintentional and clearly in error." Rather, I stated that your client's inclusion "may have been unintentional," but that I had not been involved in the drafting of the third amended complaint relating to Boehringer and that I would have to speak to my co-counsel to learn why your client was specified in the allegations of the third amended complaint.

After speaking with my co-counsel, I have learned that Boehringer was included for purposes of preserving the appellate rights of plaintiffs. Please feel free to contact me to discuss this further should you have any questions.

-----Original Message-----
From: Miller, Darrell A. H. [mailto:dahmiller@vssp.com]
Sent: Friday, October 21, 2005 1:37 PM
To: ahoffman@hofedlaw.com
Subject: AWP MDL -- Third Amended Class Action Complaint

From the law offices of Vorys, Sater, Seymour and Pease LLP.

ANY FEDERAL TAX ADVICE CONTAINED IN THE FOREGOING IS NOT INTENDED OR WRITTEN BY THE PREPARER OF SUCH ADVICE TO BE USED, AND IT CANNOT BE USED BY THE RECIPIENT, FOR THE PURPOSE OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON THE RECIPIENT. THIS DISCLOSURE IS INTENDED TO SATISFY U.S. TREASURY DEPARTMENT REGULATIONS.

---

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

# EXHIBIT D

**Allan Hoffman**

**From:** Allan Hoffman [ahoffman@hofedlaw.com]
**Sent:** Wednesday, November 02, 2005 2:31 PM
**To:** Miller, Darrell A. H.
**Subject:** RE: AWP MDL -- Third Amended Class Action Complaint

Darrell:

In light of our recent conversations, I am writing to address your concerns with regard to the inclusion of the The Boehringer Group ("Boehringer")in the Third Amended Complaint ("TAC").

As I have explained previously, Boehringer was included in the TAC for purposes of preserving the appellate rights of plaintiffs. It is my understanding that you have two chief concerns with Boehringer's inclusion, namely that:(i) plaintiffs may be pursuing new claims against Boehringer through newly added plaintiffs; and (ii) plaintiffs may treat Boehringer as a party with respect to discovery.

Therefore, please note that plaintiffs do not intend to pursue new claims against Boehringer based on the newly added plaintiffs and will not consider Boehringer to be a party for the purposes of taking discovery in connection with the newly named plaintiffs.

I hope that this adequately addresses your concerns.

Please feel free to contact me if you have any questions.