UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
)
IN RE: PHARMACEUTICAL INDUSTRY            )
AVERAGE WHOLESALE PRICE                    )   MDL No. 1456
LITIGATION                                 )   Civil Action No. 01-CV-12257-PBS
                                           )
                                           )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           )
THIS DOCUMENT RELATES TO:                  )   Hon. Patti B. Saris
International Union of Operating Engineers, )
Local No. 68 Welfare Fund v. AstraZeneca PLC )
et al. Civil Action No. 04-11503-PBS        )
                                           )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF ASTRAZENECA'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS BY PLAINTIFF INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully submits

this Memorandum of Law in Support of AstraZeneca's Motion to Compel the Production

of Documents by Plaintiff International Union of Operating Engineers, Local No. 68

Welfare Fund.

### PRELIMINARY STATEMENT

In its August 19, 2005 Order (the "August 19 Order"), this Court (Saris, J.)

authorized the taking of discovery on the issue of fraudulent joinder. As evidenced by its

motion seeking reconsideration of the Court's ruling,[1] Plaintiff wants to avoid being

---

[1] See Motion by Plaintiff, International Union of Operating Engineers, Local No. 68 Welfare Fund, for Immediate Remand Based Upon Declarations of Defense Counsel or, In the Alternative, Motion to Reconsider Memorandum and Order of August 19, 2005 that Permitted Discovery on Issue of Alleged Fraudulent Joinder, dated September 28, 2005 (Docket # 1745).

subjected to discovery on this issue.  The problem for Plaintiff is that the Court has explicitly authorized this discovery and has not to date granted its request for reconsideration, which is, in any event, without merit.[2]

Having failed in its efforts to get the Court's August 19 Order reversed, Plaintiff now interposes frivolous objections to the discovery propounded by defendants on the issue of fraudulent joinder.  Plaintiff has refused to produce responsive documents, claiming that responsive documents in its possession are protected by the attorney-client privilege, the work product doctrine, and a purported "settlement privilege" under Rule 408 of the Federal Rules of Evidence.  None of these objections have any basis, as is shown below, and they are nothing more than another improper tactic by Plaintiff to thwart the discovery Judge Saris has already authorized.

Underscoring the illegitimacy of Plaintiff's privilege assertions, Plaintiff has flatly refused to provide a privilege log describing the nature of the documents withheld from production.  This refusal violates Rule 26(b)(5) of the Federal Rules of Civil Procedure, and under the circumstances warrants immediate production of the materials being withheld.

---

[2] Plaintiff's request for reconsideration of the Order authorizing discovery on the issue of fraudulent joinder was filed on September 28, 2005—over five weeks after the Order.  The tardy request for reconsideration is without merit.  See Memorandum of Law in Opposition to Motion by Plaintiff, International Union of Operating Engineers, Local No. 68 Welfare Fund, for Immediate Remand Based Upon Declarations of Defense Counsel or, In the Alternative, Motion to Reconsider Memorandum and Order of August 19, 2005 that Permitted Discovery on Issue of Alleged Fraudulent Joinder, dated October 12, 2005 (Docket # 1773) (setting forth the reasons why Plaintiff's motion for reconsideration should be denied).

## FACTUAL BACKGROUND

In 2003, this case was removed to federal court and subsequently transferred to the AWP MDL for coordinated and consolidated pretrial proceedings with numerous other AWP-related class actions filed throughout the country. After nearly two years of silence, Plaintiff renewed its motion to remand, arguing in its supplemental memorandum that AstraZeneca's removal of this action was procedurally defective because certain individual doctor defendants failed to consent to removal. AstraZeneca responded that under controlling New Jersey law, these individual defendants had not been served at the time of removal and, therefore, their consent was not required.

On August 19, 2005, this Court issued a ruling with respect to Plaintiff's pending remand motion, directing AstraZeneca to submit additional information and granting AstraZeneca's request to conduct discovery with respect to the issue of fraudulent joinder. See August 19 Order, at 4.

Pursuant to the August 19 Order, AstraZeneca served on Plaintiff International Union of Operating Engineers, Local No. 68 Welfare Fund ("IUOE") its First Request for Production of Documents to Plaintiff (the "Requests," attached to the Declaration of Lucy Fowler ("Fowler Decl.") as Exhibit 1). Specifically, AstraZeneca seeks documents concerning the circumstances surrounding Plaintiff's purported service of the summons and complaint on the individual doctor defendants and their subsequent refusal to consent to removal. AstraZeneca seeks discovery of any documents relating to communications between purported adversaries in the litigation — the doctor defendants (or their counsel) and Plaintiff (or its counsel) — not communications between the doctor defendants and their counsel or between Plaintiff and its counsel. This discovery is narrowly targeted to

3

discover information regarding the circumstances under which the doctor defendants purportedly accepted service of the complaint and refused to consent to removal.

In response to AstraZeneca's Requests, Plaintiff submitted the Responses and Objections of Plaintiff, International Union of Operating Engineers, Local No. 68 Welfare Fund, to Defendant AstraZeneca's First Request for Production of Documents (the "Objections," Fowler Decl. Exhibit 2).  While Plaintiff made a limited production in response to AstraZeneca's document requests, it withheld responsive documents on the grounds that they are "protected by the attorney-client privilege, the work product doctrine, [and] Rule 408 of the Federal Rules of Evidence."  Id. at 1-4.  Plaintiff has not specified which responsive documents it believes are protected by which of the privileges it appears to be asserting.  Indeed, Plaintiff flatly has refused to provide a privilege log or other documentation describing the nature of the withheld documents and why they are privileged, see October 26, 2005 Letter from TerriAnne Benedetto to James J. Duffy ("October 26 Letter," Fowler Decl. Exhibit 3), which is necessary to satisfy the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure.

## ARGUMENT

### I.    Federal Rule of Evidence 408 Does Not Preclude the Discovery Sought by AstraZeneca.

Plaintiff objects to AstraZeneca's Requests and has refused to produce responsive documents based on the assertion it has documents in its possession pertaining to "offers to compromise."  Plaintiff seeks to prevent discovery of these documents based on Rule 408 of the Federal Rules of Evidence.  See Objections at 2-4.  Plaintiff's position is without merit.  Federal Rule of Evidence 408 does not bar such discovery.

4

Case 1:01-cv-12257-PBS   Document 1895   Filed 11/17/05   Page 5 of 10

Rule 408 provides, in relevant part:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay . . . .

First, the documents sought by AstraZeneca in its Requests fall outside of the scope of this rule. The rule does not prohibit the use of "compromise evidence if it is offered to prove something other than liability for or invalidity of a claim or its amount." 23 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence § 5310 (1980 & Supp. 2005). To the extent that AstraZeneca seeks information related to settlement discussions, it seeks such information in the context of the fraudulent joinder issue, not to prove or disprove the liability or invalidity of Plaintiff's claims.

Second, courts have interpreted Rule 408 to restrict only the admissibility — not the discoverability — of information concerning settlement discussions. See, e.g., In re Gen. Motors Corp. Engine Interchange Litig., 594 F.2d 1106, 1124 n.20 (7th Cir. 1979) ("Inquiry into the conduct of the [settlement] negotiations is also consistent with the letter and the spirit of Rule 408 of the Federal Rules of Evidence. That rule only governs admissibility."); In re Subpoena Issued to Commodity Futures Trading, 370 F. Supp. 2d 201, 209-12 (D.D.C. 2005) (noting that a "substantial number of cases have rejected such a privilege," and reaching the same result); Morse/Diesel, Inc. v. Fid. & Deposit Co. of

Md., 122 F.R.D. 447, 449 (S.D.N.Y. 1988) ("[Rule 408] . . . only applies to the admissibility of evidence at trial and does not necessarily protect such evidence from discovery."); see also Atchison Casting Corp. v. Marsh, Inc., 216 F.R.D. 225, 226-27 (D. Mass. 2003) (accepting plaintiff's argument that courts can allow discovery of information related to confidential settlement agreements and holding that policies favoring liberal discovery outweighed plaintiff's claim of confidentiality).

Accordingly, any responsive documents relating to settlement discussions between Plaintiff's counsel and counsel for the individual doctor defendants are discoverable, and Plaintiff cannot use Rule 408 as a "screen for curtailing [AstraZeneca's] right of discovery." In re Subpoena Issued to Commodity Futures Trading, 370 F. Supp. 2d at 208-09 (quoting 2 Weinstein's Federal Evidence § 408.07 (2005)).

Likewise, Plaintiff's vague, undifferentiated assertion of attorney-client and work product privileges is baseless. The discovery requests are narrowly tailored to discover documents containing or reflecting communications between purported adversaries in this litigation. No attorney-client or work product privilege attaches to such communications, unless Plaintiff is willing to concede that it and the doctor defendants were pursuing a common-interest strategy. Plaintiff simply cannot have it both ways – on the one hand arguing that its communications with the doctor defendants are subject to a work product privilege, while at the same time seeking to maintain the position that the doctor defendants and Plaintiff are adversaries in the litigation. Plaintiff's invocation of these privileges is a transparent red herring, as is further reflected by its refusal to produce a privilege log. See Point II below.

6

**II.      Plaintiff's Unjustified Refusal to Provide a Privilege Log Should be Deemed
a Waiver of Its Privileges.**

Rule 26(b)(5) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a party withholds information otherwise discoverable . . . by
> claiming that it is privileged, . . . the party shall make the claim expressly
> and shall describe the nature of the documents, communications, or things
> not produced or disclosed in a manner that, without revealing information
> itself privileged, . . . will enable other parties to assess the applicability of
> the privilege.

Although IUOE is withholding documents from production based on various

assertions of privilege, it has failed to provide the information required by Rule 26(b)(5).

See, e.g., Smith v. Dow Chem. Co., 173 F.R.D. 54, 57 (W.D.N.Y. 1997) (Rule 26(b)(5)

requires that the party withholding discoverable information on grounds of privilege

"specifically identify each document or communication, and the type of privilege or

protection being asserted, in a privilege log"). Indeed, when counsel for AstraZeneca

specifically requested a privilege log for the documents withheld by Plaintiff, Plaintiff

flatly refused. See October 26 Letter, Fowler Decl. Exhibit 3.

The only reason given by Plaintiff for refusing to produce a privilege log is that

"defendants [are required to] make a heightened, independent showing of collusion

before such matters may be discovered." October 26 Letter. Such a position lacks merit,

and the authority cited by Plaintiff to support it is inapposite to this case. First, the cases

cited by Plaintiff, In re Lupron Marketing and Sales Practices Litig., Civ.A. 01-10861-

RGS, MDL No. 1430, 2005 WL 613492 (D. Mass. Mar. 16, 2005); Smith v. Sprint

Commc'ns Co., No. 99-C-3844, 2003 WL 715748 (N.D. Ill. Feb. 27, 2003), are not

applicable. Those cases deal with efforts by disgruntled intervenors to disrupt class

settlements by seeking discovery of settlement negotiations between defendants and the

class, not with efforts by a removing defendant to seek discovery on the issue of fraudulent joinder to defeat removal. Second and tellingly, in neither of the cases cited by Plaintiff did the court explicitly authorize the discovery sought, as is the case here. See In re Lupron, 2005 WL 613492, at *3. Were a plaintiff able to insulate facts suggesting fraudulent joinder simply through the camouflage of "settlement" negotiations, the doctrine of fraudulent joinder would be rendered essentially toothless.

The unjustified refusal to provide a privilege log means that the offending party has waived its right to assert the privilege in question. See, e.g., Banks v. Office of Senate Sergeant-at-Arms, 222 F.R.D. 7, 20 (D.D.C. 2004) ("[T]he withholding of . . . a privilege log may subject a party to sanctions . . . and may be viewed by the court as a waiver of any privilege or protection"); Robinson v. Texas Auto. Dealers Ass'n, 214 F.R.D. 432, 456 (E.D. Tex. 2003) (defendant waived attorney-client privilege, joint defense privilege, and work-product protection when it failed to list documents claimed to be privileged on its privilege log), vacated as to other documents, No. 03-40860, 2003 WL 21911333 (5th Cir. July 25, 2003); Burns v. Imagine Films Entm't, Inc., 164 F.R.D. 589, 594 (W.D.N.Y. 1996) ("[W]here Defendants, in their answers to interrogatories, claimed that information requested and materials sought were privileged but did not state nor demonstrate the underlying facts or circumstances of the privilege or protection, Defendants have failed to fulfill their responsibility, and such privilege is denied").

Thus, even if there were merit to Plaintiff's privilege arguments (which for the reasons set forth above, there are not), the consequence of IUOE's refusal to provide a privilege log should be a determination that it has waived any applicable privileges and is therefore required to produce the withheld documents immediately.

## CONCLUSION

For the reasons stated above, AstraZeneca respectfully requests that the Court compel Plaintiff IUOE to produce documents responsive to AstraZeneca's Requests or, in the alternative, to produce a privilege log that satisfies the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure.

Respectfully Submitted,                    By:   /s/ Lucy Fowler

DATED:   November 17, 2005          Nicholas C. Theodorou (BBO # 496730)
                                    Lucy Fowler (BBO# 647929)
                                    FOLEY HOAG LLP
                                    155 Seaport Boulevard
                                    Boston, MA  02110

                                    D. Scott Wise
                                    Michael Flynn
                                    Kimberley Harris
                                    DAVIS POLK & WARDWELL
                                    450 Lexington Avenue
                                    New York, NY  10017

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on November 17, 2005, a copy to Lexis/Nexis® File & Serve for posting and notification to all parties.

s/ Lucy Fowler_____
Lucy Fowler
