# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              )
IN RE: PHARMACEUTICAL INDUSTRY                )
AVERAGE WHOLESALE PRICE                       )   MDL No. 1456
LITIGATION                                    )   Civil Action No. 01-CV-12257-PBS
                                              )
                                              )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              )
THIS DOCUMENT RELATES TO:                     )   Hon. Patti B. Saris
International Union of Operating Engineers,    )
Local No. 68 Welfare Fund v. AstraZeneca PLC  )
et al. Civil Action No. 04-11503-PBS          )
                                              )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

### DEFENDANT ASTRAZENECA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca"), by its counsel,

hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that

Plaintiff International Union of Operating Engineers, Local No. 68 Welfare Fund

("IUOE") produce within thirty (30) days of service the documents listed below.

### DEFINITIONS

1.      "You" or "your" means Plaintiff International Union of Operating

Engineers, Local No. 68 Welfare Fund, and any attorneys, and their employees, acting on

your behalf.

2.      "Plaintiff's Counsel" means the counsel of record for the plaintiff in the

IUOE Action and other lawyers at the counsel of record's law firms who are familiar

with the IUOE Action.

1

3.    The "IUOE Action" means <u>International Union of Operating Engineers,</u>
<u>Local No. 68 Welfare Fund v. AstraZeneca PLC et al.</u>, Civil Action No. 04-11503-PBS
(D. Mass.). This action was originally filed in New Jersey Superior Court (Monmouth
County) and was removed on July 3, 2003 to United States District Court for the District
of New Jersey (Civil Action No. 03-3230 (SRC) (D.N.J.)). On December 3, 2003, the
Joint Panel on Multidistrict Litigation transferred the case for coordinated and
consolidated pretrial proceedings to the Average Wholesale Price ("AWP") Multidistrict
Litigation (MDL No. 1456, Civil Action No. 01-CV-12257-PBS (D. Mass.)).

4.    The term "Complaint" means the Class Action Complaint filed in
connection with the IUOE Action in the Superior Court of New Jersey, Monmouth
County, on or about June 30, 2003.

5.    "And" and "or" shall be construed either disjunctively or conjunctively as
necessary to bring within the scope of the request any information that might otherwise
be construed to be outside its scope.

6.    The term "document" is defined to be synonymous in meaning and equal
in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including,
without limitation, telephone records, message slips or their electronic equivalent, and
electronic or computerized data compilations. A draft or non-identical copy is a separate
document within the meaning of this term.

7.    The term "communication" means the transmittal of information (in the
form of facts, ideas, inquiries or otherwise).

8.    The term "person" is defined as any natural person or any business, legal,
or governmental entity or association.

2

9.     The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

10.     "Copy" or "Copies," when used in reference to a document, means any color or black-and-white reproduction of a document, regardless of whether the reproduction is made by means of carbon paper pressure, sensitive paper, photostat, xerography, or other means or process.

11.     "Relating" means in any way concerning or referring to, consisting of, involving, regarding or connected with the subject matter of the request.

## INSTRUCTIONS

1.     Unless otherwise specifically stated, the requests below refer to the period of January 1, 2002 to the present.

2.     The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

3.     Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a

3

practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

    4.     If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document. If the document has been destroyed, state the reason for its destruction.

    5.     Provide the following information for each document withheld on the grounds of privilege:

        (a)   its date;

        (b)   its title;

        (c)   its author;

        (d)   its addressee;

        (e)   the specific privilege under which it is withheld;

        (f)   its general subject matter; and

        (g)   a description of it that you contend is adequate to support your contention that it is privileged.

    6.     These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial.

7.     The documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.

8.     To the extent that you consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which you object and each ground for each objection.

## DOCUMENTS TO BE PRODUCED

1.     All documents concerning any communications between Plaintiff's Counsel and counsel for Defendants Drs. Saad Antoun, Stanley C. Hopkins, or Robert A. Berkman, relating in any way, in whole or in part, to the IUOE Action, including notes of conversations with counsel for Drs. Antoun, Hopkins, or Berkman in which the IUOE Action was discussed.

2.     All documents concerning, reflecting, evidencing, or relating to the service of the summons and/or Complaint in the IUOE Action on Defendants Drs. Antoun, Hopkins, or Berkman, or the waiver of service by any of these Defendants or counsel acting on their behalf, including, but not limited to, proof of service, mailing, or shipping via Federal Express, or other courier records, receipts, correspondence, e-mails, or records of a similar kind.

3.     All documents concerning, reflecting, evidencing, or relating to the service of the summons and/or Complaint in the IUOE Action on Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca PLC, AstraZeneca LP, or Zeneca, Inc., or the waiver of service by any of these Defendants or counsel acting on their behalf, including, but not

5

limited to, proof of service, mailing, or shipping via Federal Express, or other courier records, receipts, correspondence, e-mails, or records of a similar kind.

4.      All documents concerning any proposals or agreements between Plaintiff IUOE or Plaintiff's Counsel and Defendants Drs. Antoun, Hopkins, or Berkman, or counsel acting on these Defendants' behalf, regarding the IUOE Action.

5.      All documents concerning any communications between Plaintiff's Counsel and counsel for Defendants Drs. Antoun, Hopkins, or Berkman with respect to communications or proposed communications with the Courts in which the IUOE Action is or has been pending.

Dated: September 16, 2005
        New York, New York

                    Respectfully submitted,

                    DAVIS POLK & WARDWELL

                    By: _____
                        James J. Duffy
                        D. Scott Wise
                        Kimberley Harris
                        450 Lexington Avenue
                        New York, New York 10017

                        - and -

                    FOLEY HOAG LLP

                        Nicholas C. Theodorou
                        Lucy Fowler
                        155 Seaport Boulevard
                        Boston, MA 02110

                        Attorneys for AstraZeneca
                        Pharmaceuticals L.P.

6

## CERTIFICATE OF SERVICE

Docket No. MDL 1456

I, James J. Duffy, hereby certify that I am one of Defendant AstraZeneca's attorneys and that on September 16, 2005, I caused Defendant AstraZeneca's First Request For Production Of Documents To Plaintiff International Union Of Operating Engineers, Local No. 68 Welfare Fund, to be served on Plaintiff's counsel, Donald E. Haviland, Jr., Kline & Specter, 1800 Chapel Avenue, Suite 302, Cherry Hill, N.J. 08002, via Federal Express overnight delivery. I further certify that the same was served on all counsel of record by causing the same to be posted electronically via Verilaw.

Dated:  September 16, 2005

James J. Duffy

7

# EXHIBIT B



Oct 17 2005
4:28PM

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | |
| *International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca Pharmaceuticals, L.P., et al.; C.A. No. 04-11503-PBS* | Judge Patti B. Saris |

## RESPONSES AND OBJECTIONS OF PLAINTIFF, INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARF FUND, TO DEFENDANT ASTRAZENECA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

International Union of Operating Engineers, Local No. 68 Welfare Fund (hereinafter "Plaintiff" or "Local 68"), in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby responds to Defendants AstraZeneca's First Request for Production of Documents ("Document Requests") as follows:

### GENERAL OBJECTIONS

1.    Plaintiff specifically reserves the right to make use of or introduce at any hearing or trial any information or documents which are responsive to the Document Requests but discovered subsequent to the date of these responses.

2.    Plaintiff specifically reserves all objections or other issues with respect to any question as to the competence, relevance, materiality, privilege or admissibility of any evidence for trial.

3.    Plaintiff objects to the Document Requests to the extent that they seek information protected by the attorney-client privilege, the work-product doctrine, Rule 408 of the Federal Rules of Evidence or any other applicable privilege. Such privileged information will not be provided in

response to the Document Requests and any inadvertent disclosure, or disclosure by another party, shall not be deemed a waiver of any privilege with respect to such information.

4.    Plaintiff objects to the Document Requests, including all Definitions and Instructions thereto, to the extent that they seek to impose upon Plaintiff duties and obligations greater than those imposed by federal law.

5.    Each of the foregoing General Objections is hereby incorporated by reference in response to each Document Request whether or not a further specific objection is made with respect to a specific request.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

1.    All documents concerning any communications between Plaintiff's Counsel and counsel for Defendants Drs. Saad Antoun, Stanley C. Hopkins, or Robert A. Berman, relating in any way, in whole or in part, to the IUOE Action, including notes of conversations with counsel for Drs. Antoun, Hopkins, or Berkman in which the IUOE Action was discussed.

### ANSWER TO DOCUMENT REQUEST NO. 1:

Plaintiff objects to this Document Request on the grounds that it seeks to obtain information protected by the attorney-client and/or work product privileges and/or by Rule 408 of the Federal Rules of Civil Procedure respecting offers to compromise.

Without waiving these objections, see attached.

2

## DOCUMENT REQUEST NO. 2:

2.    All documents concerning, reflecting, evidencing, or relating to the service of the summons and/or Complaint in the IUOE Action on Defendants Drs. Antoun, Hopkins, or Berkman, or the waiver of service by any of these Defendants or counsel acting on their behalf, including, but not limited to, proof of service, mailing, or shipping via Federal Express, or other courier records, receipts, correspondence, e-mails, or records of a similar kind.

## ANSWER TO DOCUMENT REQUEST NO. 2:

Plaintiff objects to this Document Request on the grounds that it seeks to obtain information protected by the attorney-client and/or work product privileges and/or by Rule 408 of the Federal Rules of Civil Procedure respecting offers to compromise.

Without waiving these objections, see attached.

## DOCUMENT REQUEST NO. 3:

3.    All documents concerning, reflecting, evidencing, or relating to the service of the summons and/or Complaint in the IUOE Action on Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca PLC, AstraZeneca LP or Zeneca, Inc., or the waiver of service by any of these Defendants or counsel acting on their behalf, including, but not limited to, proof of service, mailing, or shipping via Federal Express, or other courier records, receipts, correspondence, e-mails, or records of a similar kind.

## ANSWER TO DOCUMENT REQUEST NO. 3:

Plaintiff objects to this Document Request on the grounds that it seeks to obtain information within the possession and control of Defendants.

Without waiving these objections, see attached.

3

**DOCUMENT REQUEST NO. 4:**

4.      All documents concerning any proposals or agreements between Plaintiff IUOE or

Plaintiff's Counsel and Defendants Drs. Antoun, Hopkins, or Berkman, or counsel acting on these

Defendants' behalf, regarding the IUOE Action.

**ANSWER TO DOCUMENT REQUEST NO. 4:**

Plaintiff objects to this Document Request on the grounds of relevance and because it seeks

to obtain information protected by the attorney-client and/or work product privileges and/or by Rule

408 of the Federal Rules of Civil Procedure respecting offers to compromise.

**DOCUMENT REQUEST NO. 5:**

5.      All documents concerning any communications between Plaintiff's Counsel and

counsel for Defendants Drs. Antoun, Hopkins, or Berkman with respect to communications or

proposed communications with the Courts in which the IUOE Action is or has been pending.

**ANSWER TO DOCUMENT REQUEST NO. 5:**

Plaintiff objects to this Document Request on the grounds of relevance and because it seeks

to obtain information protected by the attorney-client and/or work product privileges and/or by Rule

408 of the Federal Rules of Civil Procedure respecting offers to compromise.

Date: 10/17/05

Ronald J. Ranta, Esquire
**FISETTE & RANTA**
B.B.O. No. 411880
100 Cummings Center, Suite 221B
Beverly, MA 01915
978-927-8766 telephone
978-927-7082 facsimile

Donald E. Haviland, Jr., Esquire
TerriAnne Benedetto, Esquire
**KLINE & SPECTER**
1800 Chapel Avenue, Suite 302
Cherry Hill, NJ 08002
856-662-1180 telephone
856-662-1184 facsimile

4

John E. Keefe, Jr., Esquire
Stephen T. Sullivan, Jr., Esquire
LYNCH ♦ MARTIN
830 Broad Street
Shrewsbury, NJ 07702
732-224-9400 telephone
732-224-9494 facsimile

Raymond A. Gill, Jr., Esquire
GILL & CHAMAS
655 Florida Grove Road
P.O. Box 760
Woodbridge, NJ 07095
732-324-7600 telephone
732-324-7606 facsimile
ATTORNEYS FOR PLAINTIFF AND THE CLASS

G:\DEH\AWP MASTER - (200700)\MDL\Pleadings\Local 68 Responses and Objections to RFP re fraudulent joinder.wpd

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 17, 2005, a true and correct copy of the

foregoing Responses and Objections of Plaintiff, International Union of Operating Engineers, Local

No. 68 Welfare Funds, to Defendant Astrazeneca's First Request for Production of Documents was

served on all counsel by electronic service pursuant to Case Management Order No. 2. The parties

listed below are not registrants of LexisNexis and are being served First Class Mail and facsimile:

Michael Mustokoff, Esquire
**DUANE MORRIS LLP**
One Liberty Place, Suite 4200
Philadelphia, PA 19103-7396
National counsel for Saad Antoun, M.D.

Terry K. Sherman, Esquire
52 West Whittier Street
Columbus, OH 43206
National counsel for defendant,
Robert A. Berkman, M.D.

Jack Fernandez, Esquire
**ZUCKERMAN, SPAEDER, LLP**
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602
National counsel for defendant,
Stanley C. Hopkins, M.D.

Respectfully submitted,

Dated: October 17, 2005

TerriAnne Benedetto, Esquire
**KLINE & SPECTER**
1800 Chapel Avenue, Suite 302
Cherry Hill, NJ 08002
856-662-1180 telephone
856-662-1184 facsimile

# EXHIBIT C

# KLINE & SPECTER

### A PROFESSIONAL CORPORATION

Direct Fax: 215-735-0957
Respond to: Philadelphia Office

terrianne.benedetto@klinespecter.com

October 26, 2005

## VIA FACSIMILE

James J. Duffy, Esquire
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY  10017

> Re:   *In Re: Pharmaceutical Industry Average Wholesale Price Litigation*; MDL No. 1456;
> *International Union of Operating Engineers, Local No. 68 Welfare Fund v.
> AstraZeneca Pharmaceuticals, L.P., et al.*; C.A. No.: 04-11503-PBS

Dear Mr. Duffy:

.In response to your inquiry during our telephone conversation yesterday, please be advised that Local 68 does not intend to produce a privilege log in connection with the Responses and Objections of Plaintiff, International Union of Operating Engineers, Local No. 68 Welfare Fund, to Defendant, AstraZeneca's First Request for Production of Documents.

The documents requested are not relevant and the requests are not anticipated to lead to the discovery of admissible evidence pursuant to Rule 408 of the Federal Rules of Evidence. Further, the documents requested are privileged and require that defendants make a heightened, independent showing of collusion before such matters may be discovered. *See, e.g., In re Lupron® Marketing and Sales Practices Litig.*, Civ.A.01-10861-RGS, MDL No. 1430, 2005 WL 613492 (D. Mass. Mar. 16, 2005); *Smith v. Sprint Communications Company, L.P.*, No. 99-C-3844, 2003 WL 715748 (N.D. Ill. Feb. 27, 2003). Defendants have failed to lay any foundation by presenting evidence from other sources regarding collusion in connection with any settlement negotiations.

Very truly yours,

TERRIANNE BENEDETTO

TAB/jn

G:\DEH\AWP MASTER - (200700)\MDL\Letters\Duffy, James.wpd

PHILADELPHIA: 1525 LOCUST STREET • THE NINETEENTH FLOOR • PHILADELPHIA, PA 19102 • 215-772-1000 TELEPHONE • 800-597-9585 TOLL PASS TELEPHONE • 215-735-0957 FACSIMILE

NEW JERSEY: KLINE & SPECTER • 1800 CHAPEL AVENUE, SUITE 302 • CHERRY HILL, NJ 08002 • 856-662-1180 TELEPHONE • 856-662-1184 FACSIMILE
CO-MANAGING ATTORNEYS: ROBERT ROSS AND DONALD E. HAVILAND, JR.

NEW YORK: 230 PARK AVENUE, SUITE 2525 • NEW YORK, NY 10169 • 212-986-6200 X241 TELEPHONE • 800-916-8716 TOLL FREE TELEPHONE