# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____<br>)<br>)<br>IN RE: PHARMACEUTICAL INDUSTRY )<br>AVERAGE WHOLESALE PRICE       )<br>LITIGATION                                       )<br>                                                         )<br>_____)<br>                                                         )<br>                                                         )<br>THIS DOCUMENT RELATES TO    )<br>ALL ACTIONS                                   )<br>                                                         )<br>_____) | MDL NO. 1456<br><br>CIVIL ACTION: 1:01-CV-12257-PBS<br><br>Judge Patti B. Saris<br>Magistrate Judge Marianne B. Bowler |

**DECLARATION OF TONI-ANN CITERA IN SUPPORT OF DEFENDANT ABBOTT
LABORATORIES' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER
EXEMPTING ABBOTT LABORATORIES FROM ANY ORDER
<u>DECLINING TO EXTEND DEADLINE FOR TRACK TWO DISCOVERY</u>**

I, Toni-Ann Citera, declare as follows:

1. I am one of the attorneys for Abbott Laboratories ("Abbott"). In that capacity, I have been personally involved in discussions with Plaintiffs' counsel regarding discovery over the course of these proceedings.

2. Pursuant to Case Management Order 5, Abbott made fifty-five boxes of documents available to Plaintiffs in December 2002. (*See* December 20, 2002 Letter from Jeremy Cole to Elizabeth Hartweg, attached as Exhibit A).

3. On March 31, 2004, Plaintiffs served their Omnibus Discovery Requests on all Defendants. The Omnibus Discovery Requests sought discovery of 23 Abbott drugs, 227 Abbott National Drug Codes, from two distinct divisions at Abbott. (*See* Omnibus Discovery Requests attached as Exhibit B).

4.      On April 29, 2004, the parties engaged in a meet and confer to discuss the scope of the Omnibus Discovery Requests.  I was a party to that call.  During the call, Abbott's counsel suggested to Plaintiffs that Plaintiffs might not be interested in discovery of all of the Abbott drugs named in the Amended Master Consolidated Complaint ("AMCC"), given the minimal sales of many of the named drugs to non-hospitals.  Accordingly, the parties agreed that Abbott would produce sales transaction data for the drugs named in the AMCC to enable Plaintiffs to select those drugs from which they wanted to pursue additional document discovery.  Plaintiffs agreed to inform Abbott of its "triage decisions" after they had reviewed and analyzed the data.  (*See* May 3, 2004 E-mail from Elizabeth Hartweg to Christopher Cook and July 6, 2004 E-mail from Elizabeth Hartweg to Christopher Cook, collectively attached as Exhibit C).

5.      On June 1, 2004, Abbott made available to Plaintiffs at Jones Day's Chicago office (a few blocks from Ms. Hartweg's office) limited documents responsive to Plaintiffs' Omnibus Requests.  Plaintiffs never accepted Abbott's offer to review the documents.  (*See* June 1, 2004 Letter from Christopher Cook to Elizabeth Hartweg, attached as Exhibit D).

6.      On July 16, 2004 and July 23, 2004, Abbott produced its sales transaction data.  (*See* July 16, 2004 and July 23, 2004 Letters from Christopher Cook to Elizabeth Hartweg, collectively attached as Exhibit E).

7.      Abbott did not hear from Plaintiffs regarding the data or discovery until May 2005, when Abbott received a letter from Jennifer Connolly regarding discovery.  (*See* May 18, 2005 Letter from Jennifer Connolly to Toni-Ann Citera, attached as Exhibit F).

8.      To my knowledge, Abbott still has not been informed of any "triage decisions" with respect to the drugs at issue in discovery as referenced in Plaintiffs' correspondence dated May 2004.  (*See* Exhibit C).

9. On October 28, 2005, Plaintiffs served on Abbott a Notice of Video Depositions of Representatives of Abbott Laboratories (the "Abbott Representatives Notice"). (*See* Abbott Representatives Notice, attached as Exhibit G).

10. On November 4, 2005, I telephoned Plaintiffs' counsel, Jennifer Connolly, to discuss the Abbott Representatives Notice and left a message asking her to return my call. After exchanging a few calls, I finally spoke with Ms. Connolly on the evening of November 8, 2005 -- the evening before the hearing scheduled in front of Magistrate Bowler on Plaintiffs' Motion to Modify the Track 2 Schedule.

11. During the call, Ms. Connolly and I discussed the Abbott Representative Notice. Among other things, I indicated to Ms. Connolly that we wanted to discuss with her a deposition schedule for the noticed witnesses. In addition, I informed Ms. Connolly that four of the noticed witnesses were former employees and were represented by Dave Stetler of Stetler & Duffy and that one of Abbott's current employees also was represented by Mr. Stetler. I provided Ms. Connolly with Mr. Stetler's contact information and told her that the depositions of these witnesses would have to be coordinated with Mr. Stetler. (*See* November 16, 2005 Letter from Toni-Ann Citera to Jennifer Connolly, attached as Exhibit H).

12. In addition, I informed Ms. Connolly that six of the noticed witnesses had previously been deposed in other AWP litigation. I agreed to produce the transcripts and exhibits from those depositions. In return, Ms. Connolly agreed to review the transcripts and determine whether an additional deposition of these witnesses was necessary. (*See* Exhibit H).

13. Abbott subsequently produced the transcripts and exhibits on November 11, 2005. (November 11, 2005 Letter from Beth A. O'Connor to Jennifer Connolly, attached as Exhibit I).

14. Not once during our conversation did Ms. Connolly inform me that Plaintiffs intended to file the following day a Motion for Order Exempting Defendant Abbott Laboratories From Any Order Refusing to Extend Deadline for Track Two Discovery or otherwise attempt to confer with me regarding the Motion. Instead, I learned about Plaintiffs' Motion for the first time approximately forty-five minutes before we were scheduled to appear before Magistrate Bowler, when I was already at the Courthouse.

15. On November 16, 2005 and November 18, 2005, I sent letters to Plaintiffs confirming our discussion on November 8, 2005 and proposing deposition dates for Abbott's current employees as well as Abbott's corporate designee. (*See* Exhibit H; November 18, 2005 Letter from Toni-Ann Citera to Jennifer Connolly, attached as Exhibit J).

16. On November 22, 2005, Ms. O'Connolly sent me a letter confirming the proposed dates for the depositions of Abbott's current employees as well as Abbott's corporate designee. (*See* November 22, 2005 Letter from Jennifer Connolly to Toni-Ann Citera, attached as Exhibit K).

Dated: November 23, 2005

                                              /s/ Toni-Ann Citera
                                                  Toni-Ann Citera