# EXHIBIT 2

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ ) | | |
| ) | | |
| IN RE: PHARMACEUTICAL INDUSTRY ) | | |
| AVERAGE WHOLESALE PRICE ) | | |
| LITIGATION ) | MDL NO. 1456 | |
| ) | | |
| _____) | CIVIL ACTION: 1:01-CV-12257-PBS | |
| ) | | |
| ) | Judge Patti B. Saris | |
| THIS DOCUMENT RELATES TO ) | Magistrate Judge Marianne B. Bowler | |
| ALL ACTIONS ) | | |
| ) | | |
| _____) | | |

**DECLARATION OF BETH A. O'CONNOR IN SUPPORT OF DEFENDANT ABBOTT LABORATORIES' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER EXEMPTING ABBOTT LABORATORIES FROM ANY ORDER <u>DECLINING TO EXTEND DEADLINE FOR TRACK TWO DISCOVERY</u>**

I, Beth A. O'Connor, declare as follows:

1. I am one of the attorneys for Abbott Laboratories ("Abbott"). Since May 2005, I have engaged in discussions with Plaintiffs' counsel, Jennifer Fountain Connolly, regarding Abbott's production of documents as well as overseen production of such documents and other discovery matters.

2. Over the past several months, Ms. Connolly and I have had several discussions, written letters and e-mails back and forth, and arranged witness interviews. A chronology of these events follows.

**A.    Abbott's Document Production**

3. On or about May 18, 2005, after almost a year of inactivity and non-communication from Plaintiffs, Abbott's counsel received a letter from Plaintiffs' counsel

2

regarding Abbott's document production.  (*See* May 18, 2005 Letter from Jennifer Connolly to Toni-Ann Citera, attached as Exhibit A).

4. On May 25, 2005, counsel for Abbott, Toni-Ann Citera and I, engaged in a telephonic meet and confer with Ms. Connolly to discuss the issues raised in Ms. Connolly's letter.  Among other thing discussed was Abbott's production of e-mails.  Specifically, Ms. Citera and I informed Ms. Connolly that Abbott had produced e-mails in paper form.  In addition, we informed Ms. Connolly that Abbott was willing to do a search of electronic e-mails if Plaintiffs provided Abbott with a list of search terms and individuals.  (*See* May 26, 2005 Letter from Jennifer Connolly to Beth O'Connor and Toni-Ann Citera, attached as Exhibit B).

5. On May 26, 2005, Ms. Connolly sent a letter purporting to memorialize our discussion from the previous day.  In this letter, Ms. Connolly noted that Abbott agreed to: 1) produce all documents produced by Abbott in connection with government investigations as required under CMO 5 and CMO 10 by June 13, 2005; 2) a privilege log by June 6, 2005; and 3) organizational charts so that Plaintiffs' counsel could determine who they would like to depose. (*See* Exhibit B).

6. On May 27, 2005, I wrote a letter to Ms. Connolly clarifying the many misstatements contained in her May 26, 2005 letter.  (*See* May 27, 2005 Letter from Beth O'Connor to Jennifer Connolly, attached as Exhibit C).

7. On May 31, 2005, Ms. Connolly responded to my letter by stating that she did not "think it is efficient for us to get into a letter writing campaign," and from that point we largely refrained from doing so.  (*See* May 31, 2005 Letter from Jennifer Connolly to Beth O'Connor, attached as Exhibit D).

8. On June 6, 2005, I sent Ms. Connolly a letter regarding some additional issues raised in her May 26, 2005 letter. Among other things, I informed Ms. Connolly that I had not yet received a list of search terms and individuals for Abbott's e-mail extraction and requested again that such lists be provided. Pursuant to the June 6, 2005 letter, Abbott produced organizational charts, from which employees could be identified for email searches, as well as a CD-ROM containing documents pursuant to CMOs 5 and 10 as promised during our conversation on May 25, 2005. (*See* June 6, 2005 Letter from Beth O'Connor to Jennifer Connolly, attached as Exhibit E).

9. Although Plaintiffs subsequently provided a list of search terms (while reserving their right to expand the list at a later date), Plaintiffs have yet to provide Abbott with a list of individuals whose e-mails Abbott should search. (*See* July 8, 2005 Letter from Jennifer Connolly to Beth O'Connor, attached as Exhibit F).

10. On June 8, 2005, as promised, Abbott provided a privilege log to Plaintiffs and produced additional documents pursuant to CMOs 5 and 10. (*See* June 8, 2005 Letter from Beth O'Connor to Jennifer Connolly, attached as Exhibit G).

11. On June 10, 2005, Abbott produced four additional CD-ROMs of documents pursuant to CMOs 5 and 10. (*See* June 10, 2005 Letter from Beth O'Connor to Jennifer Connolly, attached as Exhibit H).

12. On June 13, 2005, as promised, Abbott produced five additional CD-ROMs of documents, thereby completing Abbott's production of documents pursuant to CMOs 5 and 10. In addition, in response to an informal request from Plaintiffs, Abbott produced code tables to help Plaintiffs' experts understand Abbott's sales data. (*See* June 13, 2005 Letter from Beth O'Connor to Jennifer Connolly, attached as Exhibit I).

13. Many of the documents produced pursuant to CMOs 5 and 10 were also responsive to Plaintiffs' Omnibus Discovery Requests.

14. On August 9, 2005, Ms. Connolly sent a letter raising issues related to purported deficiencies in Abbott's privilege log. Abbott undertook an analysis of its privilege log and the issues raised by Plaintiffs and provided a revised log to Plaintiffs on September 13, 2005. (*See* August 9, 2005 Letter from Jennifer Connolly to Beth O'Connor, August 22, 2005 Letter from Beth O'Connor to Jennifer Connolly and September 13, 2005 Letter from Beth O'Connor to Jennifer Connolly, collectively attached as Exhibit J).

15. On August 29, 2005, Abbott produced several thousand pages of documents to Plaintiffs, contrary to Ms. Connolly's assertion in her November 9, 2005 declaration (paragraph 9) that Abbott had not made a production since June 2005. (*See* August 29, 2005 Letter from Beth O'Connor to Jennifer Connolly, attached as Exhibit K).

16. Abbott made subsequent document productions to Plaintiffs on November 4, 2005, November 11, 2005 and November 18, 2005. (*See* November 4, 11, and 18, 2005 Letters from Beth O'Connor to Jennifer Connolly, collectively attached as Exhibit L).

17. Abbott has, to date, produced in excess of 100,000 pages of documents (approximately 50,000 pages since Plaintiffs reinitiated discussions in May 2005), electronic sales transaction data as well as deposition transcripts from other AWP litigation in response to Plaintiffs' requests. (*See* Exhibit L).

18. Abbott's rolling production of documents continues in good faith.

**B.    Abbott's Response to Plaintiffs' 30(b)(6) Notices**

19. On April 20, 2005, Plaintiffs served on Abbott a 30(b)(6) deposition notice regarding identification of documents. (*See* Plaintiffs' Notice of 30(b)(6) Deposition, dated

5

April 20, 2005 (the "Identification of Documents 30(b)(6) Notice"), attached as Exhibit M).  On May 16, 2005, Plaintiffs served a 30(b)(6) deposition notice regarding Abbott sales transaction data.  (*See* Plaintiffs' Notice of 30(b)(6) Deposition, dated May 16, 2005 (the "Sales Data 30(b)(6) Notice"), attached as Exhibit N).

20.     On or about June 24, 2005, Ms. Connolly and I discussed the Sales Data 30(b)(6) Notice.  During that call, we scheduled informal interviews of Abbott's employees for July 15, 2005, in lieu of formal depositions.  (*See* June 24, 2005 E-mails to and from Jennifer Connolly and Beth O'Connor, collectively attached as Exhibit O).

21.     On July 13, 2005, Ms. Connolly informed me that the sales data interviews scheduled to take place on July 15, 2005 could not go forward because Plaintiffs' experts had not yet processed Abbott's sales data.  Ms. Connolly requested that the interviews be rescheduled for the second week of August.  (*See* July 13, 2005 E-mail from Jennifer Connolly to Beth O'Connor, attached as Exhibit P).

22.     The interviews of the Abbott employees were rescheduled and went forward on August 11, 2005, as requested by Plaintiffs.

23.     On July 15, 2005, Ms. Connolly and I had a discussion primarily regarding scheduling of the Identification of Documents 30(b)(6) Deposition.  We also discussed the status of Abbott's document production.  (*See* July 13, 2005 E-mails to and from Jennifer Connolly and Beth O'Connor, collectively attached as Exhibit Q).

24.     One of the issues Ms. Connolly and I discussed during our July 15, 2005 conversation was that Plaintiffs wanted a better understanding of the sales force structure at Abbott for both its Hospital Products Division ("HPD") and Pharmaceutical Products Division ("PPD").  The Abbott drugs named in the AMCC spanned both divisions.  On or about July 27,

6

2005, I had an extensive call with Ms. Connolly providing her with the information she informally requested regarding the HPD and PPD sales force structures.  (*See* July 26, 2005 E-mails to and from Beth O'Connor and Jennifer Connolly, collectively attached as Exhibit R).

25. In July 2005 and the beginning of August 2005, Ms. Connolly and I discussed Abbott's designation of Mike Sellers as Abbott's 30(b)(6) witness in response to the Identification of Documents 30(b)(6) Notice and proposed dates for Mr. Sellers' deposition.  Mr. Sellers' 30(b)(6) deposition was ultimately scheduled for August 17, 2005.  (*See* July 26, 2005 and August 3, 2005 E-mails to and from Beth O'Connor and Jennifer Connolly, collectively attached as Exhibit S).

26. On August 3, 2005, I sent a letter to Ms. Connolly following up on our discussions regarding Plaintiffs' Identification of Documents 30(b)(6) Notice and setting forth Abbott's formal objections to the Notice.  (*See* August 3, 2005 Letter from Beth O'Connor to Jennifer Connolly, attached as Exhibit T).

27. On August 16, 2005, Ms. Connolly and Abbott's counsel, Tina Tabacchi, agreed to postpone Mr. Sellers' 30(b)(6) deposition. The next day, Plaintiffs propounded a 30(b)(6) deposition notice to Abbott, which revised and expanded the previous deposition topics set forth in the Identification of Documents 30(b)(6) Notice as well as added new topics.  (*See* August 17, 2005 Letter from Jennifer Connolly, attached as Exhibit U).

28. On November 7, 2005, I sent a letter to Ms. Connolly regarding Abbott's formal objections to Plaintiffs' revised 30(b)(6) notice.  (*See* November 7, 2005 Letter to Jennifer Connolly, attached as Exhibit V).

8

Dated: November 23, 2005

                                              /s/ Beth A. O'Connor
                                                  Beth A. O'Connor