# EXHIBIT A

# THE | WEXLER | FIRM LLP

May 18, 2005

### *Via Facsimile*

Ms. Toni-Ann Citera
Jones Day
222 E. 41st Street
New York, NY 10017-6702

> Re: *In re Pharmaceutical Industry Average Wholesale Price Litigation*
> MDL No. 1456 (D. Mass.)

Dear Toni:

I write to address outstanding issues with regard to Abbott's document production. In order to discuss and narrow the issues in dispute as soon as possible, I propose that we speak about the issues in this letter on Friday, May 20 at 2:00 p.m. Central.[1]

**Abbott's Responses to Plaintiffs' Omnibus Requests:** In Abbott's June 1, 2004 responses to MDL Plaintiffs' Omnibus Requests, Abbott represented that it would produce: (1) electronic sales data from PPD from May 1994-December 31, 2003; (2) electronic sales data for HPD from mid-1996 to December 31, 2003; (3) policies or manuals relating to pricing, marketing, and sales; (4) correspondence with pricing compendia regarding Abbott AWPIDs; (5) price announcements to wholesalers; and (6) documents sufficient to identify Abbott's automated information systems. In addition, Abbott agreed to compile "a list of departments at Abbott with relevant information, including persons responsible for setting the price of Abbott's drugs listed in the AMCC."

First, with the exception of the electronic sales data (where Abbott has identified technical reasons why the data cannot be produced) it does not appear as if Abbott has conducted a search for documents throughout the relevant time period (January 1, 1991 to the present). While Chris Cook's May 25, 2004 letter stated that Abbott intended to address this issue on a case-by-case basis, that response is not sufficient. Instead, as it did with electronic data, it is Abbott's duty to identify any undue burden associated with searching for responsive documents within the relevant time period. Therefore, please either supplement Abbott's production or identify with specificity why responsive documents may not be produced within the entire Class Period.

Second, it does not seem that, with the exception of the electronic sales data, Abbott has produced all responsive documents in the categories it has represented it produced. For example,

---

[1] If any of the documents requested in this letter will be produced in Abbott's upcoming production, you may advise me of that during that call.

Contact Information:  **Jennifer Fountain Connolly**
312 261 6195 Direct Dial
jfconnolly@wexlerfirm.com

One North LaSalle Street
Suite 2000
Chicago, Illinois 60602

312 346 2222
312 346 0022 fax
www.wexlerfirm.com

# THE | WEXLER | FIRM LLP

Ms. Toni-Ann Citera
May 18, 2005
Page 2

although Abbott has produced some communications with publishers, this production does not appear to be complete, as Abbott has not produced notes of any meetings with publishers or any other materials sent to or received from publishers. *See* Omnibus Request Nos. 56-69. And it does not appear as if Abbott has produced any documents sufficient to identify its "automated information systems." Thus, for each category of documents Abbott has agreed to produce, please either confirm that Abbott's production is complete or supplement it within 21 days.

Third, Abbott has not produced any organizational charts or other information sufficient to enable plaintiffs to identify persons with knowledge of the subject areas relevant to this litigation. Obviously this is key information for us to proceed with depositions. Therefore, especially since Abbott has already represented that it would do so, produce those documents immediately.

Fourth, with limited exceptions, Abbott has not produced responsive e-mails. Please confirm that Abbott has searched and will continue to search the e-mails (and archived e-mails) of individuals who may have knowledge about the subject matters at issue in this litigation.

Finally, with regard to the electronic sales data, we assume that, consistent with Fed. R. Civ. P. 26(e), Abbott will be supplementing its production shortly. We also assume that, pursuant to plaintiffs' 30(b)(6) deposition notice that was served May 13, Abbott will advise us of the individuals it intends to identify regarding those areas of inquiry.

We further assume that, pursuant to plaintiffs' April 20, 2005 Rule 30(b)(6) deposition notice, Abbott will advise us of the persons it intends to designate on the subject areas identified in that notice. I did receive your voice mail message and am happy to discuss those issues with you on our meet and confer.

If any of these assumptions are not accurate, please let me know immediately.

**Documents Abbott Must Still Produce In Response to Plaintiffs' Omnibus Requests**: In addition to the deficiencies identified above, Abbott's production to date is incomplete. Without waiving our position that it is Abbott's duty to locate documents responsive to the Omnibus Requests and without waiving our right to seek additional discovery, it is clear that, at a minimum, and in addition to the categories of documents identified above, Abbott should produce:

### *Category 1: General Corporate*

- Documents containing Abbott's document retention policy during the relevant time period

# THE | WEXLER | FIRM LLP

Ms. Toni-Ann Citera
May 18, 2005
Page 3

### *Category 2:  Trade Associations*

- All documents provided to any trade association described in Request No. 8[2]

### *Category 5:  AWPs and Pricing Related*

- All documents in which AWP is defined or discussed (responsive to Request Nos. 14-18) and/or in which Abbott's pricing methodologies are discussed.  Although Abbott has provided voluminous price lists, it has not provided other documents responsive to this category.  Notably, Abbott has not produced any sales-level detailing reports (Request Nos. 18 and 19).

- Documents concerning the product or geographic markets in which Abbott's AWPIDs compete (Request Nos. 22-23).

- Abbott's strategic and marketing plans (Request No. 24).

- Documents relating to Abbott's earned margin, revenues or profits, and/or per-unit average total cost for its AWPIDs (Request Nos. 28 and 32)

### *Category 6:  Inducements:*  All documents responsive to Request Nos. 36-42.

### *Category 7:  Marketing Plans and Sales Representatives*

- A list of all national sales awards available for each AWPID and the business plans for all recipients thereof (Request Nos. 44 and 45)

- All documents memorializing conversations or meetings between any sales representative and any provider regarding an AWPID or seeking reimbursement for an AWPID (Request Nos. 46, 47, 49, 51, 54)

- All documents where the raising of or use of AWP as a marketing tool was discussed (Request Nos. 50, 53)

- All marketing or sales plans that discuss any item identified in Request No. 55.

### *Category 8:  Publishers.*  *See* discussion above.

---

[2]  We assume based on Chris Cook's previous correspondence that Abbott has produced all documents previously provided to any governmental entity (Categories 3 and 4 of the Omnibus Requests).  If this is not the case and Abbott is withholding otherwise responsive, non-privileged documents, please advise.

# THE | WEXLER | FIRM LLP

Ms. Toni-Ann Citera
May 18, 2005
Page 4

### *Category 9: PBMs; Wholesalers*

- All documents and communications regarding Abbott's contractual negotiations with PBMs, wholesalers, manufacturers, pharmacies, and/or providers.

- All documents related to payments (chargebacks, rebates, credits, *etc.*) made to any of the above entities.

### *Category 10: Communications With Other Manufacturers*

- Abbott has not produced any documents responsive to Request No. 81.

### *Category 11: Miscellaneous*

- Abbott has not produced any documents responsive to Request No. 82.

We are willing to discuss these categories with you; however, because many of these documents go to the heart of plaintiffs' allegations, Abbott cannot just refuse to produce them. Indeed, doing so is inconsistent with Chris Cook's previous representation to Beth Fegan in his May 6, 2004 letter that Abbott was not going to refuse outright to produce any category of documents sought in the Omnibus Requests.

**Privilege Log.** Finally, Abbott has not provided us with a log of documents withheld pursuant to any applicable privilege. I understand that Laura Dahl has represented that Abbott will be providing one shortly. Please provide that within fourteen (14) days.

Please call me or Beth Fegan with any questions. I look forward to working with you.

Very truly yours,

Jennifer F. Connolly

Jennifer Fountain Connolly

JFC:lmv

cc:    Beth Fegan

# EXHIBIT B

# THE│WEXLER│FIRM ᴸᴸᴾ

May 26, 2005

*Via Facsimile*

Ms. Toni-Ann Citera                     Ms. Beth A. O'Connor
Jones Day                               Jones Day
222 E. 41st Street                      77 West Wacker Dr.
New York, NY 10017-6702                 Chicago, IL 60601-1692

        Re:     *In re Pharmaceutical Industry Average Wholesale Price Litigation*
                MDL No. 1456 (D. Mass.)

Dear Toni and Beth:

Thank you for speaking with me yesterday. This letter will memorialize the contents of our discussion. If there is anything inaccurate in this letter, please let me know.

**Abbott's Ongoing Production:** You advised me that the CD-ROM production would be completed on June 13. I informed you that this was inconsistent with the position taken by Laura Dahl, who indicated we would have the production at the beginning of this week. Based on some of the technical difficulties Abbott has experienced in imaging the documents, we agreed that Abbott would produce CD-ROMs to us on a rolling basis that would in all cases be completed by June 13. You also agreed to make Abbott's organizational charts among the first documents that are produced to us on CD-ROM so that we can begin making decisions about depositions. (Abbott has already agreed to compile "a list of departments at Abbott with relevant information, including persons responsible for setting the price of Abbott's drugs listed in the AMCC.")

In addition, you advised me that Abbott intends to do a "rolling production" for documents otherwise responsive to plaintiffs' Omnibus Requests. I told you that, because of the discovery deadlines, a rolling production would be unacceptable unless we saw a definitive end in sight. You agreed to investigate providing me with a date.

When I asked you to identify the differences between the CD-ROM production and the rolling production, you stated that most of the documents in the CD production would be from the government productions, although there were about six boxes of documents that were responsive to the Omnibus Requests. I therefore asked you to provide us with a source list or, at minimum, a list of the persons whose offices Abbott has searched and intends to search. Please provide this list by Monday, June 6.

Contact Information:      **Jennifer Fountain Connolly**
                            **312 261 6195 Direct Dial**
                            jfconnolly@wexlerfirm.com

One North LaSalle Street     312 346 2222
Suite 2000                      312 346 0022 fax
Chicago, Illinois 60602      www.wexlerfirm.com

THE│WEXLER│FIRM LLP

Ms. Toni-Ann Citera
Ms. Beth A. O'Connor
May 26, 2005
Page 2

We further discussed Abbott's position that it would address whether to produce documents from the entire Class Period (January 1, 1991 to the present) on a case-by-case basis. You informed me that Abbott is not withholding documents from earlier time periods that are otherwise responsive; however, you stated that there are certain places where Abbott has not searched for responsive documents. The only concrete example that you were able to identify was microfiche. First, we need to know what is contained on those microfiche. Second, we would like a complete list of the areas which Abbott has outright refused to search based on its time period objection. Please provide that to me by Friday, June 3.[1]

**Electronic Sales Data:**

In addition, you indicated that Abbott would be producing Bruce Stowell as Abbott's designee pursuant to our 30(b)(6) notice on data. We agreed to interview Mr. Stowell by telephone in lieu of a deposition. Of course, if he is non-responsive, we reserve the right to reschedule the deposition. We are available on June 21 and would like to begin the telephone conference at 10:00 a.m. Central time. Please let us know the number(s) we should call on that date.

You agreed to provide me with Abbott's designee on indirect sales/chargeback data (for PPD) by Friday, May 27. You also informed me that, though Abbott spun off its hospital division last year, Abbott will agree to provide a designee for Hospira (the new spun-off entity).

You agreed to identify Abbott's designees with respect to plaintiffs' second 30(b)(6) notice by next week. You also informed me that Abbott would be providing a revised data set for one of its divisions (but you did not recall which division) in one week.

As initially raised by Chris Cook, you asked me if plaintiffs would consider limiting the number of Abbott AWPIDs. I informed you that we would be willing to engage in this inquiry if Abbott would provide us with the data and more detailed information to enable us to do so. You said that you would follow-up on this.

Further, you advised me that Abbott is not willing to supplement its electronic sales data production beyond December 31, 2003. Although you provided me with Abbott's legal position on this issue, you did not provide me with details regarding any undue burden

---

[1] You informed me this is not an issue with regard to TAP because Prevacid was introduced in 1995.

# THE │ WEXLER │ FIRM ᴸᴸᴾ

Ms. Toni-Ann Citera
Ms. Beth A. O'Connor
May 26, 2005
Page 3


Abbott would incur in supplementing this information. You advised me that Mr. Stowell would be able to address this. We will deal with the issue at that point.

Finally, I advised you that I will be sending you a letter under separate cover regarding the deficiencies in Abbott's electronic data production to date.

**E-Mail:** You stated that Abbott has produced e-mail that was contained in paper form and that the e-mails produced in paper form were produced in the form maintained in the ordinary course of business. Beth will get back to me regarding the manner in which Abbott intends to proceed with searching. I agreed to provide you with a list of terms to search. I would like to know how Abbott intends to proceed with those searches by Friday, June 3.

**Privilege Log.** Abbott agreed to provide a privilege log for the CD-ROM production by June 8, 2005.

**Documents Abbott Must Still Produce In Response to Plaintiffs' Omnibus Requests:**
Finally, we discussed the specific categories in the Omnibus Requests for which plaintiffs believe Abbott has not yet produced responsive documents. You advised me that many of these documents were being produced in the CD production. Specifically,

### *Category 1:  General Corporate*

- You informed me that Abbott's document retention policy during the relevant time period would be produced in the CD production.

### *Category 2:  Trade Associations*

- You said that these documents would be contained in the rolling production. To your knowledge, Abbott is not withholding responsive documents in this category; however, you agreed to confirm this. Please advise me of this by Friday, June 3.

### *Category 5:  AWPs and Pricing Related*

- You stated that Abbott did not have many responsive documents defining AWP; however, the vast majority of them will be contained in the CD production. You stated that there would be documents relating to Abbott's

# THE | WEXLER | FIRM LLP

Ms. Toni-Ann Citera
Ms. Beth A. O'Connor
May 26, 2005
Page 4

> pricing methodologies (other than just Abbott price lists) in the rolling
> production.

- You stated that most marketing plans would be in PPD and would be
produced in the rolling production.

- You stated that, although Abbott would produce documents related to its
revenues (in its electronic sales data), that Abbott would not produce any
documents regarding its profits and/or per-unit average total cost for its
AWPIDs.

### *Category 6: Inducements:*

- You stated that Abbott has provided rebate, chargeback, and discount data in
its electronic sales data.

- You did not believe that Abbott had many documents regarding free samples
given to physicians. However, Abbott will produce all responsive documents.

- Finally, you will advise me whether Abbott is withholding any documents in
this category. Please let me know by Friday, June 3.

### *Category 7: Marketing Plans and Sales Representatives*

- We discussed plaintiffs' need for sales representative call notes. You
informed me that Abbott does not have these documents in electronic form.
You stated that Abbott has produced some notes from the offices of its
National Account Managers because these documents were produced in the
government productions; however, the offices of individual sales
representatives have not been searched. You indicated a desire to limit this
search. I advised you that plaintiffs could not take a position on this issue
without organization charts and reviewing the documents in Abbott's CD
production. I also advised you that providing us with list of all national sales
awards available for each AWPID and the business plans for all recipients
thereof (Request Nos. 44 and 45) as soon as possible would assist us in
making decisions about this issue. You also did not know if there was any
overlap between sales notes that might be found in the offices of individual
sales representatives and those in the offices of National Account Managers.

# T H E | W E X L E R | F I R M LLP

Ms. Toni-Ann Citera
Ms. Beth A. O'Connor
May 26, 2005
Page 5

> We will require answers to these types of questions and need to revisit these issues soon.

- You informed me that Abbott does not have many documents where the raising of or use of AWP as a marketing tool was discussed (Request Nos. 50, 53); however, you represented that these would be in the CD production as part of Abbott's government production.

### *Category 8: Publishers.*

- You advised me that these documents would be contained in the CD production. You told me that you would attempt to produce these documents earlier rather than later in the production.

### *Category 9: PBMs; Wholesalers*

- You stated that, for PPD, Abbott will produce all PBM contracts. You will investigate whether Abbott can produce all wholesaler contracts. (I told you that since there are only three full-line wholesalers that should not be an issue.) You also agreed that, if Abbott is producing only a "sampling" of certain categories of responsive documents, you will advise me of that so that I may ask you for additional documents or a full production if we need it. I assume that you will do this for Abbott's entire production. If this is not the case, please advise.

### *Category 10: Communications With Other Manufacturers*

- You stated Abbott has no responsive documents.

### *Category 11: Miscellaneous*

- You stated that, with regard to Request No. 82, you did not believe Abbott has any repackaged or relabeled AWPIDs. You will confirm this to me.

**TAP documents.** I agreed to provide you with dates during which we could re-review the TAP documents at your Chicago office. We are available June 2, 6 or 9. Please advise which of these dates works for Beth.

T H E │ W E X L E R │ F I R M LLP

Ms. Toni-Ann Citera
Ms. Beth A. O'Connor
May 26, 2005
Page 6

We also need to talk about TAP's 30(b)(6) designees. I will call you after the Memorial Day holiday to get the names of those individuals.

Please call me or Beth Fegan with any questions.

Very truly yours,

Jennifer Fountain Connolly /KAW

Jennifer Fountain Connolly

JFC:lmv

cc:     Beth Fegan
        Kenneth A. Wexler

# EXHIBIT C

# JONES DAY

77 WEST WACKER · CHICAGO, ILLINOIS 60601-1692
TELEPHONE: (312) 782-3939 · FACSIMILE: (312) 782-8585

Direct Number: (312) 269-1529
baoconnor@jonesday.com

May 27, 2005

VIA FACSIMILE

Jennifer Fountain Connolly
One North LaSalle Street
Suite 2000
Chicago, Illinois 60602

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation*
MDL No. 1456 (D. Mass.)

Dear Jennifer:

I am writing in response to your May 26, 2005 letter, in which you purport to summarize the contents of our discussion on May 25, 2005. I will be sending you a more comprehensive letter next week, but I wanted to clarify a few points right away as well as provide immediate responses to some of your requests.

## ABBOTT'S ONGOING DOCUMENT PRODUCTION

As an initial matter, Abbott is cooperating and working diligently with you to produce responsive documents within a reasonable time period. After nearly a year of no communication from plaintiffs regarding Abbott's document production, you have expressed a sense of urgency for the receipt of documents. Despite plaintiffs' delay, Abbott will make a good faith effort to produce to plaintiffs, on a rolling basis, responsive documents as quickly as possible.

Your letter suggests that Abbott has committed to producing documents in response to most of the "categories" of documents identified in your May 18, 2005 letter. We did not make such a commitment in many instances, but rather said that we would get back to you as to what Abbott will and will not agree to produce. We hope to get back to you shortly. Moreover, there are several deadlines in your letter, many of which are as early as next week. I will take up these matters with the client and get back to you as soon as possible, but I cannot promise that all of your deadlines will be met, especially given that it is a holiday weekend.

As we agreed, you will receive Abbott's CMO 5 and CMO 10 production on a rolling basis via CD-ROM, which is to be completed by June 13, 2005. As you know, paper copies of these documents were made available to plaintiffs last year, but were never copied. We also discussed that Abbott would produce to you additional responsive documents on a rolling basis. You responded that production on a rolling basis is not acceptable unless there is an "end date" for the production. Providing you with such an "end date" is not, at this juncture, feasible, particularly since we are still waiting for plaintiffs to "triage" the Abbott drugs named in this case, as was promised last year. Until this is done, Abbott cannot know how long it will take to

CHI-1480094v1

**JONES DAY**

Jennifer Connolly
May 27, 2005
Page 2

collect and produce responsive documents and, therefore, Abbott is unwilling to subject itself to such a deadline. To the extent there are particular documents you want sooner in the rolling production, please let me know and we will try to accommodate your request. You also stated that you need "more detailed information" in addition to the electronic sales data already produced in order to determine how to limit the number of drugs. Please advise as to what additional information you believe you need for this inquiry.

## 30(B)(6) DESIGNEES

You have agreed to interview Bruce Stowell in lieu of a deposition on June 21, 2005, beginning at 10:00 a.m. (CDT) regarding Abbott's direct sales data (for both the Pharmaceutical Products Division and the Hospital Products Division) and TAP's direct sales data. The call-in number and passcode for this interview are:

>    1-866-448-1308
>    57177138

We have not yet located the appropriate individual who can discuss Abbott's or TAP's indirect sales data. We will inform you as soon as we have located someone who is knowledgeable in these areas. In addition, Abbott has agreed to provide a designee for what was formerly known as Abbott's Hospital Products Division ("HPD"). Although the individual for HPD will be from Hospira, he or she will be interviewed as or deposed as a corporate designee for Abbott, not Hospira as you suggest.

## REVIEW OF TAP DOCUMENTS

I am available on Thursday, June 9, 2005, for you to visit our offices in Chicago to review TAP documents. As you know, these documents were made available to plaintiffs last year, but were never copied. The documents will be available beginning at 9:00 a.m. Please ask for me at the reception desk when you or your colleagues arrive.

Again, I will be sending you a more detailed letter next week in response to the remainder of your letter. We look forward to working with you on these issues.

Sincerely,

Beth A. O'Connor

**JONES DAY**

Jennifer Connolly
May 27, 2005
Page 3

cc:  Beth Fegan
      Toni-Ann Citera
      Laura Dahl

# EXHIBIT D

T H E | W E X L E R | F I R M ᴸᴸᴾ

May 31, 2005

*Via Facsimile*

Ms. Beth A. O'Connor
Jones Day
77 West Wacker Drive
Chicago, IL  60601-1692

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation*
MDL No. 1456 (D. Mass.)

Dear Beth:

I do not think it is efficient for us to get into a letter writing campaign. My May 26, 2005 letter was cordial and merely sought commitments from Abbott with regard to its production obligations. If Abbott intends to comply with those obligations, we can move forward. If it does not, then we should identify issues quickly to seek Court intervention if necessary.

First, the fact that Abbott had "no communication" from plaintiffs regarding its production did not relieve Abbott of its obligations to produce documents responsive to plaintiffs' Omnibus Requests. By your own admission, Abbott has had nearly a year to locate responsive documents.

Second, with regard to the deadlines in my letter, the vast majority of those deadlines were dates provided by you during our May 25 call. If Abbott has specific objections to other deadlines, then we can address those. However, a general objection to all deadlines set forth in my letter is not appropriate.

Third, right now all of Abbott's AWPIDs are at issue in this case. Plaintiffs never agreed and will not agree to "triage" the Abbott drugs at issue until we have the data sufficient to be able to do this. Regarding the more detailed information plaintiffs will require, as I told you on May 25 and set forth in my May 26 letter, I will be providing you a letter shortly setting forth the deficiencies in Abbott's electronic sales data which will describe what plaintiffs require.

Finally, your letter mentions Abbott and TAP designees for the data 30(b)(6) notice. It does not mention their designees for plaintiffs' second 30(b)(6) notice. Please advise when Abbott and TAP will identify those individual(s).

Contact Information:   **Jennifer Fountain Connolly**
312 261 6195 Direct Dial
jfconnolly@wexlerfirm.com

One North LaSalle Street
Suite 2000
Chicago, Illinois 60602

312 346 2222
312 346 0022 fax
www.wexlerfirm.com

THE | WEXLER | FIRM LLP

Ms. Beth A. O'Connor
May 31, 2005
Page 2

Please call me or Beth Fegan with any questions.

Very truly yours,

Jennifer Fountain Connolly

JFC:lmv

cc:    Beth Fegan
       Toni-Ann Citera
       Kenneth A. Wexler

# EXHIBIT E

# JONES DAY

77 WEST WACKER · CHICAGO, ILLINOIS 60601-1692
TELEPHONE: (312) 782-3939 · FACSIMILE: (312) 782-8585

Direct Number: (312) 269-1529
baoconnor@jonesday.com

June 6, 2005

VIA HAND DELIVERY

Jennifer Fountain Connolly
One North LaSalle Street
Suite 2000
Chicago, Illinois 60602

> Re: *In re Pharmaceutical Industry Average Wholesale Price Litigation*
> MDL No. 1456 (D. Mass.)

Dear Jennifer:

I am writing as a follow-up to my May 27, 2005 letter to you regarding issues raised during our May 25, 2005 conference call.

As requested, we are producing organizational charts with this letter, which have been labeled as ABT AWP/MDL 07125 - ABT AWP/MDL 071324. These charts should allow you to begin making decisions regarding individuals who you may want to depose. I have also enclosed a CD-ROM, ABT AWP/MDL 071325, which contains the first of the government productions. Please note that this CD-ROM has been designated "Highly Confidential" and the documents contained in the CD-ROM have been marked confidential as appropriate. Additional CD-ROMs, which are also responsive to CMO 5 and CMO 10, will be produced as they become available.

You requested a source list or the names of individuals whose offices Abbott has searched. I am investigating whether there were any such source lists created for the government productions. As you know, these productions occurred several years ago and if there were no source lists created at the time, then it will not be possible to produce such lists.

You also requested a list of areas that Abbott has refused to search based on a time period objection. After discussing this topic, there do not appear to be any areas that Abbott has refused to search for responsive documents. Without waiving any prior objections relating to the scope of the purported class period and plaintiffs' document requests, Abbott has searched historical records that have been maintained in its corporate records department and will continue to produce responsive documents it locates that date back to 1991.

We discussed the need to limit e-mail searches to certain individuals and key word terms. You indicated that you would provide a list of terms to search. I have not yet received such a list. Also, the organizational charts you received should help you limit the individuals for whom you would like e-mails, to the extent such e-mails exist. Please feel free to call me to discuss this process in more detail.

As we discussed previously, Abbott will provide an initial privilege log on June 8, 2005.

CHI-1480194v1

ATLANTA · BEIJING · BRUSSELS · CHICAGO · CLEVELAND · COLUMBUS · DALLAS · FRANKFURT · HONG KONG · HOUSTON
IRVINE · LONDON · LOS ANGELES · MADRID · MENLO PARK · MILAN · MOSCOW · MUNICH · NEW DELHI · NEW YORK
PARIS · PITTSBURGH · SAN DIEGO · SAN FRANCISCO · SHANGHAI · SINGAPORE · SYDNEY · TAIPEI · TOKYO · WASHINGTON

JONES DAY

Jennifer Connolly
June 6, 2005
Page 2

Also, with respect to the categories of documents identified in your May 26, 2005 letter that are still outstanding, Abbott is still investigating the following categories: trade associations; sales representatives' call notes; types of national sales awards; wholesaler contracts; and communications with other manufacturers. In addition, although Abbott does not believe any such documents exist, it will produce marketing plans that discuss marketing AWP and documents where the raising of or use of AWP as a marketing tool was discussed.

Abbott does not have any documents relating to samples used as "inducements" as you described in our May 25, 2005 call.

Finally, I am in the process of responding to your June 1, 2005 requesting additional information relating to Abbott sales data. I will forward that information to you as soon as possible.

In the meantime, please contact me with any additional questions or requests.

Sincerely,

Beth A. O'Connor

cc: Beth Fegan (via facsimile w/o enclosures)
Tina Tabacchi
Toni-Ann Citera
Laura Dahl

# EXHIBIT F

WEXLER FIRM          Fax:13123460022          Jul  8 2005  10:51     P.01

# THE | WEXLER | FIRM

One North LaSalle Street
Suite 2000
Chicago, Illinois 60602          T: (312) 346-2222  | F: (312) 346-0022 | www.wexlerfirm.com

## Facsimile Cover Sheet

| To: | Beth A. O'Connor | Fax No.: | (312) 782-8585 |
| | Toni-Ann Citera | | (212) 755-7306 |
| | Beth Fegan | | (312) 762-9286 |

From:  Jennifer Fountain Connolly

Date:  July 8, 2005

Re:  In re Pharmaceutical Industry Average Wholesale Price Litigation
MDL No. 1456 (D. Mass.)

Total Number of Pages Including Cover Page:     4

Remarks:     Please see the attached correspondence.

In case of difficulty in transmission, please call (312) 346-2222.

The information contained in this facsimile message is subject to the attorney-client privilege or is otherwise privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify The Wexler Firm by telephone and return the original message to the above address via the United States Mail.  Thank You.

WEXLER FIRM          Fax:13123460022          Jul  8 2005  10:52      P.02

# T H E │ W E X L E R │ F I R M ᴸᴸᴾ

July 8, 2005

### _Via Facsimile_

Ms. Beth A. O'Connor
Jones Day
77 West Wacker Dr.
Chicago, IL 60601-1692

> Re:     _In re Pharmaceutical Industry Average Wholesale Price Litigation_
>         MDL No. 1456 (D. Mass.)

Dear Beth:

I am writing to follow-up on some issues remaining from my May 25 letter and that have arisen in examining Abbott's document production.

**30(b)(6) Depositions:**  First, on April 20, 2005 plaintiffs noticed a 30(b)(6) deposition for six areas of inquiry. Pursuant to CMO No. 10, Abbott must designate individuals within 45 days; however, it has not done so. I will contact you next week to schedule these depositions.

**Source Lists:**  You advised me in your June 6 letter that you were in the process of determining whether Abbott maintained a source list for documents produced to the government. Please let me know the status of that search. In addition, we have not received a source list for Abbott's initial production; please advise whether one will be forthcoming.

**E-Mail:**  You have asked me to provide you a list of terms to search e-mail. We suggest that Abbott search for the following terms. Please let me know when you think this search might be completed.[1]

| | |
|---|---|
| AWP/Average Wholesale Price | Spread |
| WAC/Wholesale Acquisition Cost | Return to Practice/RTP |
| Direct Price | Catalog Price |
| Return on Investment/ROI | Profit |
| Sample(s) | Educational Grant(s) |
| Reimbursement | Rebate(s) |

---

[1] Plaintiffs obviously have not had the time to examine the CD-ROMs Abbott recently produced. To the extent that the review of those documents reveal Abbott-specific terms that should be included in this list, plaintiffs reserve the right to make additional requests.

| Contact Information: | Jennifer Fountain Connolly | One North LaSalle Street | 312 346 2222 |
|---|---|---|---|
| | 312 261 6195 Direct Dial | Suite 2000 | 312 346 0022 fax |
| | jfconnolly@wexlerfirm.com | Chicago, Illinois 60602 | www.wexlerfirm.com |

# T H E | W E X L E R | F I R M LLP

Ms. Beth A. O'Connor
July 8, 2005
Page 2

|                        |                |
|------------------------|----------------|
| ASP/Actual Sales Price | Medicare Part B|
| Discount(s)            | Margin         |
| Free                   | Incentive      |
| Formulary              | Complementary  |

**Documents Abbott Must Still Produce In Response to Plaintiffs' Omnibus Requests:**
In your June 6 letter you advised that Abbott was still investigating the following
categories of documents. Please advise both whether Abbott intends to produce these
categories of documents and when that production will be forthcoming.

- Trade associations (Category 2)

- Sales Representatives' Call Notes and Types of National Sales Awards (Category
  6). We need to discuss how and in what way Abbott intends to search the offices
  of individual sales representatives – especially because Abbott does not maintain
  call notes in electronic form. I propose that we discuss this issue next week.
  During that call I will want to know, for example, whether there is any overlap
  between sales notes that might be found in the offices of individual sales
  representatives and those in the offices of National Account Managers (which you
  have told me we will find in Abbott's production).

- Wholesaler contracts (Category 9). Your June 6 letter says that Abbott is
  investigating this area. Please let me know the status on this. It did appear that
  some of these contracts were in Abbott's CD production.

- Communications with other manufacturers (Category 10). Please let me know if
  Abbott has looked for this category of documents.

- Finally, it appears that the vast majority of Abbott's recent CD-ROM production
  related to the HPD side of the business. Please advise me the reason for this.
  You told me that the CD production would be mostly the government production,
  but would also include some documents generally responsive to the Omnibus
  Requests; however, it appears from your cover letters that the CD production is
  entirely from the government production. If this accounts for the HPD focus, then
  let me know.

**Abbott's Ongoing Production:** Finally, overall, we still need to discuss the anticipated
volume and content of Abbott's ongoing production and the efforts Abbott is making to
complete this on a timely basis.

# THE│WEXLER│FIRM LLP

Ms. Beth A. O'Connor
July 8, 2005
Page 3

I look forward to talking with you next week.  In the meantime, please call me or Beth
Fegan with any questions.

Very truly yours,

Jennifer Fountain Connolly

JFC:lmv

cc:     Toni-Ann Citera (via facsimile)
        Beth Fegan
        Kenneth A. Wexler

# EXHIBIT G

# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692

TELEPHONE: (312) 782-3939 • FACSIMILE: (312) 782-8585

Direct Number: (312) 269-1529
baoconnor@jonesday.com

June 8, 2005

VIA HAND DELIVERY

Jennifer Fountain Connolly
One North LaSalle Street
Suite 2000
Chicago, Illinois 60602

      Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation*
          MDL No. 1456 (D. Mass.)

Dear Jennifer:

      As we discussed during our May 25, 2005 conference call, I am providing Abbott's initial privilege log, which will be supplemented as necessary. In addition, I have enclosed a CD-ROM, ABT AWP/MDL 071326, which contains more of the government productions that are responsive to CMO 5 and CMO 10. Please note that this CD-ROM has been designated as "Highly Confidential" and the documents contained therein have been marked confidential as appropriate. Additional CD-ROMs will be produced as they become available.

      Please contact me with any questions.

                  Sincerely,

                  Beth A. O'Connor

cc:  Beth Fegan (via facsimile w/o enclosures)
     Toni-Ann Citera
     Laura Dahl

CHI-1481905v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK
PARIS • PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

# EXHIBIT H

# JONES DAY

77 WEST WACKER · CHICAGO, ILLINOIS 60601-1692
TELEPHONE: (312) 782-3939 · FACSIMILE: (312) 782-8585

Direct Number:  (312) 269-1529
baoconnor@jonesday.com

June 10, 2005

<u>VIA HAND DELIVERY</u>

Jennifer Fountain Connolly
The Wexler Firm
One North LaSalle Street
Suite 2000
Chicago, Illinois 60602

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation*
MDL No. 1456 (D. Mass.)

Dear Jennifer:

I have enclosed four CD-ROMs, ABT AWP/MDL 071327 - ABT AWP/MDL 071330, which contain more of the government productions that are responsive to CMO 5 and CMO 10. Please note that these CD-ROMs have been designated as "Highly Confidential" and the documents contained therein have been marked confidential as appropriate.  Additional CD-ROMs will be produced as they become available.

Please contact me with any questions.

Sincerely,

Beth A. O'Connor

cc:  Beth Fegan (via facsimile w/o enclosures)
Toni-Ann Citera
Laura Dahl

CHI-1482404v1

ATLANTA  ·  BEIJING  ·  BRUSSELS  ·  CHICAGO  ·  CLEVELAND  ·  COLUMBUS  ·  DALLAS  ·  FRANKFURT  ·  HONG KONG  ·  HOUSTON
IRVINE  ·  LONDON  ·  LOS ANGELES  ·  MADRID  ·  MENLO PARK  ·  MILAN  ·  MOSCOW  ·  MUNICH  ·  NEW DELHI  ·  NEW YORK
PARIS  ·  PITTSBURGH  ·  SAN DIEGO  ·  SAN FRANCISCO  ·  SHANGHAI  ·  SINGAPORE  ·  SYDNEY  ·  TAIPEI  ·  TOKYO  ·  WASHINGTON

# EXHIBIT I

# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692

TELEPHONE: (312) 782-3939 • FACSIMILE: (312) 782-8585

Direct Number:  (312) 269-1529
baoconnor@jonesday.com

June 13, 2005

<u>VIA HAND DELIVERY</u>

Jennifer Fountain Connolly
The Wexler Firm
One North LaSalle Street
Suite 2000
Chicago, Illinois 60602

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation*
      MDL No. 1456 (D. Mass.)

Dear Jennifer:

I have enclosed the last five CD-ROMs, ABT AWP/MDL 071331 - ABT AWP/MDL 071335, which contain the remainder of the government productions that are responsive to CMO 5 and CMO 10.  Please note that these CD-ROMs have been designated as "Highly Confidential" and the documents contained therein have been marked confidential as appropriate.  In addition, I have enclosed a print out of the "Class of Trade" codes, which you requested.  This print-out has been bates labeled ABT AWP/MDL 171336 - ABT AWP/MDL 071370, and designated as "Highly Confidential."

Please contact me with any questions.

Sincerely,

Beth A. O'Connor

cc:  Beth Fegan (via facsimile w/o enclosures)
     Toni-Ann Citera
     Laura Dahl

CHI-1482619v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK
PARIS • PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

# EXHIBIT J

# THE | WEXLER | FIRM ᴸᴸᴾ

August 9, 2005


### *Via Facsimile*

Ms. Beth A. O'Connor
Jones Day
77 West Wacker Dr.
Chicago, IL  60601-1692

> Re:  *In re Pharmaceutical Industry Average Wholesale Price Litigation*
> MDL No. 1456 (D. Mass.)

Dear Beth:

I write with regard to Abbott's June 13, 2005 privilege log.

First, as an initial matter, plaintiffs cannot identify from Abbott's privilege log which authors or recipients of particular documents are attorneys. In this regard, please either provide us a list of Abbott's in-house or outside counsel, or revise the privilege log to reflect whether particular communications are sent to or from an attorney (*i.e.,* by placing an "Esq." next to their names).[1]

Second, there are several places in Abbott's privilege log where groups of individuals are identified as authors or recipients or where the authors or recipients are unidentifiable. For example, Entry 46 describes the recipients as "Meeting Attendees." But because Mike Sellers is the author of the document in question, there is no evidence from that description that an attorney either requested the information provided or provided legal request in that document. Likewise, Entry 68 contains a number of recipients that are not identifiable. Authors must be specifically identified so that the opposing party can properly assess whether the documents are in fact privileged. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 94 C 897, 1995 U.S. Dist. LEXIS 16523 (N.D. Ill. Nov. 3, 1995).

Third, there are numerous entries in Abbott's privilege log that contain neither an author nor recipient, yet are withheld pursuant to both the attorney-client privilege and work product doctrine. Those entries include Entry Nos. 33, 34, 38, 42, 45, 50, 52, and 69-101. There are also entries that are missing either an author or recipient. Those entries are Entry Nos. 40, 44, 47, 55, and 63-67. Abbott must identify both an author and recipient to properly assert the attorney-client privilege. *See Baxter Travenol Labs., Inc. v. Abbott*

---

[1]     Pending the production of this information, plaintiffs specifically reserve and do not waive any additional objections to Abbott's privilege log.

| Contact Information: | **Jennifer Fountain Connolly**<br>**312 261 6195 Direct Dial**<br>jfconnolly@wexlerfirm.com | One North LaSalle Street<br>Suite 2000<br>Chicago, Illinois 60602 | 312 346 2222<br>312 346 0022 fax<br>www.wexlerfirm.com |
|---|---|---|---|

THE | WEXLER | FIRM LLP

Ms. Beth A. O'Connor
August 9, 2005
Page 2

*Labs.*, No. 84 C 5103, 1987 U.S. Dist. LEXIS 10300, at *5 (N.D. Ill. June 7, 1987) (finding that documents where authors were not identified were not privileged).

Finally, Entry No. 52 is described as a "Fax cover sheet to legal counsel forwarding non-privileged document from First Data Bank for the purpose of rendering legal advice." The description does not indicate if the fax cover sheet contains a protected communication. Please either amend Abbott's privilege log to describe the withheld communication or produce the fax cover sheet. The same is true for Entry No. 61, which is described as "Correspondence transmitting non-privilege competitor memorandum in connection with price adjustment project undertaken at the direction of legal counsel for the purpose of rendering legal advice."

Almost all of the deficient entries identified above contain descriptions that indicate a particular project was initiated at the request of counsel. However, simply because a project was initiated by an attorney or pursuant to an attorney's request does not make every communication regarding that project subject to the attorney-client privilege or protected by the work product doctrine. Rather, pursuant to Fed. R. Civ. P. 26(a)(5), Abbott has the burden of establishing the applicability of the relevant privilege for *each* communication it seeks to withhold.

Let me know by Tuesday, August 23 if Abbott will supplement its privilege log in the manner requested.

Very truly yours,

Jennifer Fountain Connolly

JFC:lmv

cc:     Beth Fegan (via facsimile)
        Kenneth A. Wexler

# THE | WEXLER | FIRM

One North LaSalle Street
Suite 2000
Chicago, Illinois 60602          T: (312) 346-2222  | F: (312) 346-0022 | www.wexlerfirm.com

## Facsimile Cover Sheet

To:    Beth A. O'Connor          Fax No.:    (312) 782-8585
       Beth Fegan                            (312) 762-9286

From:  Jennifer Fountain Connolly

Date:  August 9, 2005

Re:    In re Pharmaceutical Industry Average Wholesale Price Litigation
       MDL No. 1456 (D. Mass.)

Total Number of Pages Including Cover Page:        3

Remarks:    Please see the attached correspondence.

In case of difficulty in transmission, please call (312) 346-2222.

The information contained in this facsimile message is subject to the attorney-client privilege or is otherwise privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify The Wexler Firm by telephone and return the original message to the above address via the United States Mail. Thank You.

# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692
TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number: 312/269-1529
baoconnor@jonesday.com

August 22, 2005

VIA FACSIMILE 312/346-0022

Jennifer Fountain Connolly, Esq.
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, Illinois 60602

Re:   In Re Pharmaceutical Industry Average Wholesale Price Litigation,
      MDL 1456 (D. Mass.)

Dear Jennifer:

I am writing in response to your letter of August 9, 2005, regarding the purported deficiencies in Abbott's current privilege log. As an initial matter, Abbott agrees to provide an amended privilege log to identify, where possible, individuals who are legal counsel. With respect to the remainder of the issues raised in your letter, we are currently reviewing Abbott's privilege log, the underlying privileged documents, and the relevant case law so that we may fully address these issues. We anticipate completing this review within the next few weeks. Accordingly, Abbott will provide an amended privilege log, which will incorporate any necessary changes, as well as a full response to the issues raised in your letter relating to the alleged deficiencies in Abbott's privilege log no later than September 13, 2005.

Please contact me if you have any questions.

Sincerely,

Beth A. O'Connor

cc: Toni-Ann Citera

CHI-1493465v1

# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692
TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number: 312/269-1529
baoconnor@jonesday.com

September 13, 2005

VIA HAND DELIVERY

Jennifer Fountain Connolly, Esq.
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, Illinois 60602

Re:   In Re Pharmaceutical Industry Average Wholesale Price Litigation,
      MDL 1456 (D. Mass.)

Dear Jennifer:

As a follow-up to my August 23, 2005 letter, I have enclosed Abbott's revised privilege log in the above-referenced matter. Based upon the concerns raised in your August 9, 2005 letter, we reviewed Abbott's privilege log, the underlying documents, and the relevant case law, and revised the log accordingly.

Specifically, where possible, members of Abbott's legal department and its legal counsel, authors, and recipients have been identified. In addition, the attorney-client privilege designation for document entries 33, 34, 38, 40, 42, 44, 45, 47, 50, 62-67, and 69-101 have been removed. Each of these documents, however, are still being withheld because they are protected by the work-product doctrine as each document was prepared at the direction of counsel for the purpose of rendering legal advice and in anticipation of litigation. Finally, the descriptions for entries 52 and 61 have been amended.

Hopefully, these revisions address your concerns. Please contact me if you have any additional questions or would like to discuss Abbott's privilege log in more detail.

Sincerely,

Beth A. O'Connor

cc:  Toni-Ann Citera

CHI-1493465v2

# EXHIBIT K

# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692
TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number: 312/269-1529
baoconnor@jonesday.com

August 29, 2005

VIA MESSENGER

Jennifer Fountain Connolly, Esq.
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, Illinois 60602

Re:     In Re Pharmaceutical Industry Average Wholesale Price Litigation,
        MDL 1456 (D. Mass.)

Dear Jennifer:

I am sending you the enclosed CD-ROM that contains additional Abbott production documents. The documents are labeled ABT AWP/MDL 072235 - ABT AWP/MDL 076414 and have been designated confidential as appropriate.

Please contact me if you have any questions.

Sincerely,

Beth A. O'Connor

cc: Toni-Ann Citera

CHI-1494545v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MUMBAI • MUNICH • NEW DELHI • NEW YORK
PARIS • PITTSBURGH • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

# EXHIBIT L

# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692

TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number: 312/269-1529
baoconnor@jonesday.com

November 4, 2005

VIA MESSENGER

Jennifer Fountain Connolly, Esq.
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, Illinois 60602

Re:   In Re Pharmaceutical Industry Average Wholesale Price Litigation,
      MDL 1456 (D. Mass.)

Dear Jennifer:

I am sending you the two enclosed CD-ROMs that contain additional Abbott production documents. The documents contained therein are labeled ABT AWP/MDL 076415 - ABT AWP/MDL 087092 and have been designated confidential as appropriate.

Please contact me if you have any questions.

Sincerely,

Beth A. O'Connor

cc: Toni-Ann Citera

CHI-1504789v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MUMBAI • MUNICH • NEW DELHI • NEW YORK
PARIS • PITTSBURGH • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692
TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number: 312/269-1529
baoconnor@jonesday.com

November 11, 2005

VIA MESSENGER

Jennifer Fountain Connolly, Esq.
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, Illinois 60602

Re:     In Re Pharmaceutical Industry Average Wholesale Price Litigation,
        MDL 1456 (D. Mass.)

Dear Jennifer:

I am sending you deposition transcripts and exhibits from other AWP cases for the
following individuals: Harry Adams, Gerrie Cicerale, Michael Heggie, Lynn Leone, and Dennis
Walker. These transcripts have been bates labeled ABT AWP/MDL 087093 - ABT AWP/MDL
088884 and have been designated confidential as appropriate.

In addition, I have enclosed a CD-ROM that contains additional Abbott production
documents. The documents contained therein are labeled ABT AWP/MDL 088885 - ABT
AWP/MDL 096429 and have been designated confidential as appropriate.

Please contact me if you have any questions.

Sincerely,

Beth A. O'Connor

cc: Toni-Ann Citera

CHI-1505753v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MUMBAI • MUNICH • NEW DELHI • NEW YORK
PARIS • PITTSBURGH • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

# JONES DAY

77 WEST WACKER • CHICAGO, ILLINOIS 60601-1692
TELEPHONE: 312-782-3939 • FACSIMILE: 312-782-8585

Direct Number: 312/269-1529
baoconnor@jonesday.com

November 18, 2005

VIA MESSENGER

Jennifer Fountain Connolly, Esq.
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, Illinois 60602

Re:    In Re Pharmaceutical Industry Average Wholesale Price Litigation,
       MDL 1456 (D. Mass.)

Dear Jennifer:

I am sending you the two enclosed CD-ROMs that contain additional Abbott production documents. The documents contained therein are labeled ABT AWP/MDL 096430 - ABT AWP/MDL 108956 and have been designated confidential as appropriate.

Please contact me if you have any questions.

Sincerely,

Beth A. O'Connor

cc: Toni-Ann Citera

CHI-1507222v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MUMBAI • MUNICH • NEW DELHI • NEW YORK
PARIS • PITTSBURGH • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

# EXHIBIT M



NITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
IN RE PHARMACEUTICAL INDUSTRY    )    MDL No. 1456
AVERAGE WHOLESALE PRICE          )
LITIGATION                       )    CIVIL ACTION:  01-CV-12257-PBS
_____ )
                                 )    Judge Patti B. Saris
THIS DOCUMENT RELATES TO ALL     )
CLASS ACTIONS                    )
_____ )

## NOTICE OF RULE 30(b)(6) DEPOSITION

    TO:    ALL COUNSEL OF RECORD VIA VERILAW:

    PLEASE TAKE NOTICE THAT pursuant to Rules 26 and 30(b)(6) of the Federal Rules

of Civil Procedure, Plaintiffs will take the deposition upon oral examination of a representative

of Abbott, who is knowledgeable regarding the matters designated on attached Exhibit "A."  The

deposition shall take place on June 6, 2006 at 9:00 a.m., and shall continue until concluded at the

offices of Hagens Berman Sobol Shapiro LLP, 60 West Randolph Street, Suite 200, Chicago, IL

60601.

    Testimony will be recorded and transcribed by a court reporter, for use at trial and all

other purposes permissible under the Federal Rules of Civil Procedure.  You are invited to attend

and participate.



DATED:  April 20, 2005

By_____/s/ Steve W. Berman_____
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

1534.16 0194 MTN.DOC



•

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR
PLAINTIFFS**

1534.16 0194 MTN.DOC



## EXHIBIT "A"

<u>INSTRUCTIONS</u>

All of the definitions from Plaintiffs' Omnibus Requests for Production of Document Directed to All Defendants are incorporated herein by reference.

"AWPID" refers to all of the drugs identified in Appendix A to the AMCC.

"Spread" refers to the difference between AWP or any price upon which reimbursement for a drug is based, on the one hand, and the actual or net price paid for a drug on the other hand.

Unless otherwise specifically stated, each of these Areas of Inquiry encompasses the years 1991 through the present and focuses only on physician-administered AWPIDs.

<u>AREAS OF INQUIRY</u>

1.      The identity of documents describing how prices on physician-administered drugs are established and the identity of persons with knowledge on this issue.

2.      The identity of documents describing the price paid by physicians or others reimbursing for physician-administered drugs, and the identity of persons with knowledge on this subject

3.      The types of materials maintained by the sales force, including "detail" reports, field sales notes, and electronic databases.

4.      Communications, oral or written, with publishers on any of the following:  list price, AWP, net price, suggested wholesale price, WAC, or any other communication with publishers.

5.      The identity and nature of the competitive drugs with respect to each physician-administered AWPID.



6.    The ASPs on each AWPID and the spread between ASP and AWP, and how defendant calculates ASP.

1534.16 0194 MTN.DOC



## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **NOTICE OF RULE 30(B)(6) DEPOSITION** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 20, 2005, a copy to Verilaw Technologies for Posting and notification to all parties

By_____**/s/ Steve W. Berman**_____

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
(206) 623-7292

# EXHIBIT N



**· THE | WEXLER | FIRM ᴸᴸᴾ**

May 16, 2005

*Via Verilaw*
Ms. Toni-Ann Citera
222 East 41st Street
New York, New York  10017-6702

      Re:    *In re Pharmaceutical Industry Average Wholesale Price Litigation*
              MDL No. 1456

Dear Ms. Citera:

As you are aware, the Court has issued CMO No. 14, which sets forth various pre-trial deadlines for the Phase II defendants, including discovery cut-off of December 3, 2005.  Plaintiffs have served your clients, Abbott Laboratories, with multiple requests for production and interrogatories that seek, among other things, financial data relating to the sales of drugs that are the subject of the AMCC (the "Subject Drugs").  Indeed, Plaintiffs' requests that Abbott product financial information date back to June 2003.[1]

Based on experience gained by working with Phase I defendants, Plaintiffs have refined their requests for sales-related data.  For each of the Subject Drugs (by NDC), please provide the following information in ASCII text file or similar electronic format for the relevant time period:

      (a)    All sales transaction data (as well as any discounts or any other price adjustments or offsets contained in the transaction data), including (i) price, (ii) number of units sold, (iii) transaction date, (iv) information sufficient to identify the type of transaction (e.g., a sale, a return, etc.), (v) information sufficient to identify the product (*e.g.,* NDC, product description, form, strength, etc.), (vi) information sufficient to identify the customer, (vii) class of trade designations, and (viii) information sufficient to identify whether the units sold were intended for repackaging, along with the name of the repackager to which the units were sold.

      (b)    All chargeback transactions, including (i) amount, (ii) date of credit, and (iii) information sufficient to identify the customer, class of trade designations (if any), and wholesaler to which the chargeback was paid, and (iv) the underlying contract price paid by the ultimate customer.

---

[1]    Plaintiffs' prior requests for financial data can be found in discovery sets served on your client on June 17, 2003 (Request Nos. 27-28); June 19, 2003 (Request Nos. 19, 34 and 35); December 3, 2003 (Request Nos. 18, 33-34; Interog. No. 1); and March 31, 2004 (Request Nos. 25-28; Interog. No. 1).

Contact Information:    **Kenneth A. Wexler**        One North LaSalle Street    312 346 2222
                     **312 261 6197 Direct Dial**   Suite 2000               312 346 0022 fax
                     kawexler@wexlerfirm.com   Chicago, Illinois 60602    **www.wexlerfirm.com**



**T H E | W E X L E R | F I R M**<sup>LLP</sup>

Ms. Toni-Ann Citera
May 16, 2005
Page 2

    (c)    All rebate transactions, including (i) amount, (ii) date of rebate, (iii) information sufficient to identify the type of rebate, (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

    (d)    All administrative fee transactions, including (i) amount, (ii) date of payment, (iii) information sufficient to identify the type of administrative fee (if applicable), (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

    (e)    Any other discounts not reflected in the above (a through d), including but not limited to discounts achieved through bundling one product with another.

    (f)    Include complete documentation for all items above (a through e) such as lists of fields, descriptions of information contained in those fields (*e.g.*, field lengths, formats, etc.), and descriptions of any codes used in any fields (such as class of trade designations).

Exclude all sales to government entities (*e.g.*, State Agencies, Veteran's Administration Facilities, Military, Federal Government Programs, Public Health Service, etc.). Sales to all other entities should be included, including sales to hospitals.

Plaintiffs request that Abbott produce this data in the above-requested format within 30 days. If you would be unable to provide this information within 30 days for all the Subject Drugs, Plaintiffs ask that Abbott first produce the requested data for all physician-administered drugs within 30 days, followed by a supplemental production of data for the remaining drugs 30 days thereafter.

We have also enclosed Rule 30(b)(6) deposition notices on this topic so that Plaintiffs can learn about the manner in which Abbott maintains sales data for its Subject Drugs.

Very truly yours,

Kenneth A. Wexler

KAW:dmg



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | **MDL No. 1456**<br><br>**CIVIL ACTION:  01-CV-12257-PBS**<br><br>**Judge Patti B. Saris** |

### NOTICE OF RULE 30(B)(6) DEPOSITION TO ABBOTT LABORATORIES

**TO:   ALL COUNSEL OF RECORD VIA VERILAW:**

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs, by and through their counsel, will take the deposition upon oral examination of a representative of Abbott Laboratories at the offices of The Wexler Firm, One N. LaSalle Street, Suite 2000, Chicago, IL 60602 at 9:30 a.m. on Wednesday, June 23, 2005, and continuing from day to day thereafter until completed.  In accordance with Fed. R. Civ. P. 30(b)(6), the deponent is advised of its duty to designate one or more of its officers, directors, or other persons to testify on its behalf with respect to the matters known or reasonably available to the deponent and referred to in the annexed Exhibit A.  The deposition shall be taken before a notary public or another office authorized by law to administer oaths and will be recorded by stenographic means.  You are invited to attend and participate.



DATED:  May 16, 2005

Respectfully submitted,

By <u>Kif Wexter / ASS</u>

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm, LLP
One N. LaSalle Street
Suite 2000
Chicago, IL 60602
Telephone: 312/346-2222
Facsimile: 312/346-0022



## CERTIFICATE OF SERVICE BY VERILAW

Docket No. MDL 1456

I, Anthony J. Sievert, hereby certify that I am one of plaintiffs' attorneys and that, on May 16, 2005, I caused copies of:

### Notice of Rule 30(b)(6) Deposition to Abbott Laboratories

to be served on all counsel of record by causing same to be posted electronically via Verilaw.

Dated: May 16, 2005

_____
Anthony J. Sievert



## EXHIBIT A

Produce witnesses pursuant to Rule 30(b)(6) who have knowledge of all aspects of Abbott's maintenance and retrieval of the following data for each drug manufactured by Abbott and identified in the AMCC, including the names of the databases in which such information is stored electronically:

    (a)    All sales transaction data (as well as any discounts or any other price adjustments or offsets contained in the transactional data), including (i) price, (ii) number of units sold, (iii) transaction date, (iv) information sufficient to identify the product (*e.g.*, a sale, a return, etc.), (v) information sufficient to identify the product (*e.g.* NDC, product description, form, strength, etc.), (vi) information sufficient to identify the customer, (vii) class of trade designations, and (viii) information sufficient to identify whether the units sold were intended for repackaging, along with the name of the repackager to which the units were sold.

    (b)    All chargeback transactions, including (i) amount, (ii) date of credit, and (iii) information sufficient to identify the customer, class of trade designations (if any), and wholesaler to which the chargeback was paid, and (iv) the underlying contract price paid by the ultimate customer.

    (c)    All rebate transactions, including (i) amount, (ii) date of rebate,(iii) information sufficient to identify the type of rebate, (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

    (d)    All administrative fee transactions, including (i) amount, (ii) date of payment, (iii) information sufficient to identify the type of administrative fee (if applicable), (iv) information sufficient to identify the customer, and (v) class of trade designations (if any).

    (e)    Any other discounts not reflected in the above (a through d), including but not limited to discounts achieved through bundling one product with another.

# EXHIBIT O



"Jennifer F. Connolly"
<JFConnolly@wexlerfirm.co
m>

06/24/2005 03:29 PM

To  "Beth A. O'Connor" <baoconnor@JonesDay.com>

cc  "Toni-Ann Citera" <tcitera@JonesDay.com>

bcc

Subject  RE: AWP: Rescheduled electronic sales data interviews

History:          🔁 This message has been replied to and forwarded.

Thanks. Let's do July 15. We will have one person participating by speaker phone. Can you please make arrangements to have one available in the room during the interview?

I will talk to you about the data next week. Have a great (warm!) weekend.

Jennifer

**From:** Beth A. O'Connor [mailto:baoconnor@JonesDay.com]
**Sent:** Friday, June 24, 2005 3:25 PM
**To:** Jennifer F. Connolly
**Cc:** Toni-Ann Citera
**Subject:** Re: AWP: Rescheduled electronic sales data interviews

Jennifer:

The dates that Mr. Stowell and Mr. Nowak are available for interviews are either Thursday July 14th or Friday July 15th. As we discussed, both interviews will take place on the same day.  One in the morning from approximately 10:00 a.m. until noon and the other in the afternoon from approximately 1:00 until 3:00.  Please let me know if either of these days is acceptable as well as the timetables for the interviews.

In addition, I have not yet sent you the revised sales data as we were looking into whether the new data is accurate with our tech people.  I believe I will know for sure on Monday and hopefully send it out to you by the middle of next week. We are trying to avoid a re-run of the data as it is very time consuming to do so.

I look forward to hearing form you.  Thanks.

Beth A. O'Connor
Jones Day
77 West Wacker
Chicago, Illinois 60601
312-269-1529
312-782-8585 (facsimile)

"Jennifer F. Connolly" <JFConnolly@wexlerfirm.com>

06/23/2005 09:53 AM

To  <baoconnor@jonesday.com>

cc  "Toni-Ann Citera" <tcitera@JonesDay.com>

Subject  AWP: Rescheduled electronic sales data interviews

Hi, Beth -

I haven't heard from you since I left you a voice mail last week about scheduling the electronic sales data interviews.  Can you please send me some proposed dates for the weeks of July 4 and 11?

Thanks -
Jennifer

Jennifer Fountain Connolly
T H E | W E X L E R | F I R M <sup>LLP</sup>
One North LaSalle St., Suite 2000
Chicago, IL  60602
(312) 346-2222
(312) 261-6195 (direct)
(312) 346-0022 (facsimile)
www.wexlerfirm.com


==========
The preceding e-mail message (including any attachments) contains information that may be confidential, be protected by the attorney-client or other applicable privileges, or constitute non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.
==========

# EXHIBIT P



"Jennifer F. Connolly"
<JFConnolly@wexlerfirm.co
m>

07/13/2005 11:39 AM

To    "Beth A. O'Connor" <baoconnor@JonesDay.com>

cc    "Toni-Ann Citera" <tcitera@JonesDay.com>

bcc

Subject   AWP:  Data interviews scheduled for July 15

Beth:

I just left you a voicemail.  After I confirmed the July 15 date with our experts they have informed me that, because of the late production of the supplemental data, they do not think we can go forward with the interviews as scheduled on July 15.

I realize that this is last minute notice.  If the interviewees are already in the process of traveling to Chicago, please let me know and we will try to work something out.

Thanks.
Jennifer

Jennifer Fountain Connolly
THE | WEXLER | FIRM<sup>LLP</sup>
One North LaSalle St., Suite 2000
Chicago, IL  60602
(312) 346-2222
(312) 261-6195 (direct)
(312) 346-0022 (facsimile)
www.wexlerfirm.com

# EXHIBIT Q



"Jennifer F. Connolly"
<JFConnolly@wexlerfirm.co
m>

07/13/2005 12:34 PM

To "Beth A. O'Connor" <baoconnor@JonesDay.com>

cc

bcc

Subject RE: Just left a message with our experts.

10:00 it is. Thanks for your cooperation and understanding.

**From:** Beth A. O'Connor [mailto:baoconnor@JonesDay.com]
**Sent:** Wednesday, July 13, 2005 12:17 PM
**To:** Jennifer F. Connolly
**Subject:** RE: Just left a message with our experts.


Jennifer:

Thanks for getting back to me. I will let the client know about the interviews. Also, let's plan to talk Friday morning at 10:00 a.m., if that works for you. The brief will get filed tomorrow now that I have some spare time. Have a safe trip and I will talk to you on Friday.

Beth A. O'Connor
Jones Day
77 West Wacker
Chicago, Illinois 60601
312-269-1529
312-782-8585 (facsimile)


"Jennifer F. Connolly" <JFConnolly@wexlerfirm.com>

07/13/2005 12:14 PM

To "Beth A. O'Connor" <baoconnor@JonesDay.com>
cc
Subject RE: Just left a message with our experts.

They got back to me. They would like to review the indirect HPD data before committing to a time to do all three interviews. Without looking at the data (which will arrive at their offices tomorrow), they did not think early August would be a problem. But don't hold me to that yet.

So I would discuss that possibility with your people so we can talk tomorrow or Friday. I am about to jump on a plane and will be out of the office tomorrow.

Can we please set up a time to discuss my July 8 letter? I am particularly concerned about moving forward with the 30(b)(6) deps, which are long outstanding. Because we're not going

forward with the interviews, I am available all day. I realize you have your 7th Circuit brief due, but even a 30 minute call could be useful.

Thanks -
Jennifer

**From:** Beth A. O'Connor [mailto:baoconnor@JonesDay.com]
**Sent:** Wednesday, July 13, 2005 11:56 AM
**To:** Jennifer F. Connolly
**Subject:** Re: Just left a message with our experts.


Okay, sounds good.

Beth A. O'Connor
Jones Day
77 West Wacker
Chicago, Illinois 60601
312-269-1529
312-782-8585 (facsimile)


"Jennifer F. Connolly" <JFConnolly@wexlerfirm.com>

07/13/2005 11:52 AM

To "Beth A. O'Connor" <baoconnor@JonesDay.com>
cc
Subject Just left a message with our experts.


I will let you know as soon as I hear.

Thanks -
Jennifer

Jennifer Fountain Connolly
T H E | W E X L E R | F I R M<sup>LLP</sup>
One North LaSalle St., Suite 2000
Chicago, IL 60602
(312) 346-2222
(312) 261-6195 (direct)
(312) 346-0022 (facsimile)
www.wexlerfirm.com

==========
The preceding e-mail message (including any attachments) contains information that may be confidential, be protected by the attorney-client or other applicable privileges, or constitute non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.
==========


==========
The preceding e-mail message (including any attachments) contains information that may be confidential, be protected by the attorney-client or other applicable privileges, or constitute non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.
==========

# EXHIBIT R



"Jennifer F. Connolly"          To   "Beth A. O'Connor" <baoconnor@JonesDay.com>
<JFConnolly@wexlerfirm.co       cc
m>
                                bcc
07/26/2005 10:50 AM         Subject  RE: AWP: Abbott electronic sales data interviews

History:        📨 This message has been replied to.

Hi, Beth -

Let's talk tomorrow when you have spoken to your PPD people. That way we can have a
complete discussion.

I will check on August 11 on our end.

Regarding the week of the 15th, I am available the 15th, 16th, or 17th. Let me know what works
for Mr. Sellers. Will the dep be at Abbott or at Jones Day? (If Abbott, I'll probably need
directions for exactly where I'm going.)

Thanks -
Jennifer


**From:** Beth A. O'Connor [mailto:baoconnor@JonesDay.com]
**Sent:** Tuesday, July 26, 2005 10:44 AM
**To:** Jennifer F. Connolly
**Subject:** Re: AWP: Abbott electronic sales data interviews


Jennifer:

It looks like August 11th works best for our folks. Will that be a problem?

Also, I am following up on all of your questions, including the sales force organization. I had a call
regarding the HPD side and would be happy to discuss with you. I have a call tomorrow about the PPD
sales side. If you would rather wait until after that call, we can discuss in more detail. Finally, Mike
Sellers has been out of the office, I have calls into him about dep dates. We are likely looking at the week
of August 15th. I hope to hear back from him soon and pin this down. If any days during that week are not
good for you, please let me know.

Thanks for your patience.

Beth A. O'Connor
Jones Day
77 West Wacker
Chicago, Illinois 60601
312-269-1529
312-782-8585 (facsimile)

"Jennifer F. Connolly" <JFConnolly@wexlerfirm.com>

07/25/2005 06:04 PM

To <baoconnor@jonesday.com>

cc

Subject AWP:  Abbott electronic sales data interviews


August 10 looks best for us.  Let us know if this works for your people.

Thanks -
Jennifer

Jennifer Fountain Connolly
**T H E | W E X L E R | F I R M**[LLP]
One North LaSalle St., Suite 2000
Chicago, IL  60602
(312) 346-2222
(312) 261-6195 (direct)
(312) 346-0022 (facsimile)
www.wexlerfirm.com

==========
The preceding e-mail message (including any attachments) contains information that may be confidential,
be protected by the attorney-client or other applicable privileges, or constitute non-public information.  It is
intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this
message, please notify the sender by replying to this message and then delete it from your system. Use,
dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and
may be unlawful.
==========

# EXHIBIT S



| "Jennifer F. Connolly" <JFConnolly@wexlerfirm.com> | To | "Beth A. O'Connor" <baoconnor@JonesDay.com> |
| | cc | |
| | bcc | |
| 07/26/2005 10:50 AM | Subject | RE: AWP: Abbott electronic sales data interviews |

History:          ◄₽ This message has been replied to.

Hi, Beth -

Let's talk tomorrow when you have spoken to your PPD people. That way we can have a complete discussion.

I will check on August 11 on our end.

Regarding the week of the 15th, I am available the 15th, 16th, or 17th. Let me know what works for Mr. Sellers. Will the dep be at Abbott or at Jones Day? (If Abbott, I'll probably need directions for exactly where I'm going.)

Thanks -
Jennifer

**From:** Beth A. O'Connor [mailto:baoconnor@JonesDay.com]
**Sent:** Tuesday, July 26, 2005 10:44 AM
**To:** Jennifer F. Connolly
**Subject:** Re: AWP: Abbott electronic sales data interviews

Jennifer:

It looks like August 11th works best for our folks. Will that be a problem?

Also, I am following up on all of your questions, including the sales force organization. I had a call regarding the HPD side and would be happy to discuss with you. I have a call tomorrow about the PPD sales side. If you would rather wait until after that call, we can discuss in more detail. Finally, Mike Sellers has been out of the office, I have calls into him about dep dates. We are likely looking at the week of August 15th. I hope to hear back from him soon and pin this down. If any days during that week are not good for you, please let me know.

Thanks for your patience.

Beth A. O'Connor
Jones Day
77 West Wacker
Chicago, Illinois 60601
312-269-1529
312-782-8585 (facsimile)

"Jennifer F. Connolly" <JFConnolly@wexlerfirm.com>

07/25/2005 06:04 PM

To <baoconnor@jonesday.com>
cc
Subject AWP:  Abbott electronic sales data interviews



August 10 looks best for us.  Let us know if this works for your people.

Thanks -
Jennifer

Jennifer Fountain Connolly
**T H E | W E X L E R | F I R M**[LLP]
One North LaSalle St., Suite 2000
Chicago, IL  60602
(312) 346-2222
(312) 261-6195 (direct)
(312) 346-0022 (facsimile)
www.wexlerfirm.com


=========
The preceding e-mail message (including any attachments) contains information that may be confidential, be protected by the attorney-client or other applicable privileges, or constitute non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.
=========



"Jennifer F. Connolly"
<JFConnolly@wexlerfirm.co
m>

08/03/2005 09:35 AM

To  "Beth A. O'Connor" <baoconnor@JonesDay.com>

cc

bcc

Subject  Mike Sellers deposition

I just realized that I scheduled Mike Sellers deposition (August 22) for the same time as when I have a doctor's appointment scheduled -- so can we move it back to August 17, the other date you originally offered?

My apologies.

Jennifer

Jennifer Fountain Connolly
**T H E | W E X L E R | F I R M**<sup>LLP</sup>
One North LaSalle St., Suite 2000
Chicago, IL  60602
(312) 346-2222
(312) 261-6195 (direct)
(312) 346-0022 (facsimile)
www.wexlerfirm.com

# EXHIBIT T

# JONES DAY

77 WEST WACKER · CHICAGO, ILLINOIS 60601-1692

TELEPHONE: (312) 782-3939 · FACSIMILE: (312) 782-8585

Direct Number: (312) 269-1529
baoconnor@jonesday.com

August 3, 2005

<u>VIA FACSIMILE</u>

Jennifer Fountain Connolly
The Wexler Firm
One North LaSalle Street
Suite 2000
Chicago, Illinois 60602

             Re:    *In re Pharmaceutical Industry Average Wholesale Price Litigation*
                   MDL No. 1456 (D. Mass.)

Dear Jennifer:

As we discussed, we are designating Michael Sellers in response to Plaintiffs' Notice of Rule 30(b)(6) Deposition dated April 20, 2005. Mr. Sellers' deposition will take place on Wednesday, August 17, 2005 at 9:30 a.m. at the offices of Jones Day in Chicago. As we further discussed, Mr. Sellers' testimony will be limited to questions relating to "physician administered drugs."

Despite our willingness to designate Mr. Sellers, we object to certain aspects of Plaintiffs' Rule 30(b)(6) Notice. We will produce Mr. Sellers without waiving the these objections, however, and I am open to discussion regarding how these topics may be revised or refined so that they seek information on topics relevant to the issues in this case.

Abbott's objections to Plaintiffs' Rule (30)(b)(6) Notice are as follows:

       1.     Abbott incorporates by reference all of its objections stated in its responses to Plaintiffs' Omnibus Request for Production of Documents Related to All Defendants in the MDL.

       2.     To the extent this notice requires Abbott to produce a corporate designee that is able to identify *all* documents or information related to a certain topic, the notice is objectionable because such testimony is not "reasonably available" to Abbott, nor is it designated with "reasonable particularity" as required by Fed. R. Civ. P. 30(b)(6).

       3.     Abbott objects to Topic Nos. 1, 2 and 5 because the term "physician-administered drugs" is vague and ambiguous.

       4.     Abbott objects to Topic Nos. 1, 2, 3 and 4 because they are overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent they are not limited to Abbott's drugs listed in Exhibit A of the AMCC.

CHI-1489698v1

**JONES DAY**

Jennifer Connolly
August 3, 2005
Page 2

5.      Abbott objects to Topic No. 2 because it is vague, ambiguous and confusing to the extent it seeks information relating to "the price paid by physicians or others reimbursing for physician-administered drugs." Please clarify what information you are seeking with respect to this topic.

6.      Abbott objects to Topic No. 6 because it is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to Medicare ASPs. Judge Bowler has ruled that Plaintiffs are not entitled to discovery of this information. Subject to and without waiving any of its objections, Abbott will identify a corporate designee to testify about Abbott's internal average sales price calculations.

Thank you for your attention to this matter. Please contact me if you have any questions.

Sincerely,

Beth A. O'Connor

cc:  Toni-Ann Citera

CHI-1489698v1

# EXHIBIT U

THE | WEXLER | FIRM LLP

August 17, 2005

*Via Facsimile*

Ms. Tina M. Tabacchi
Ms. Beth A. O'Connor
Jones Day
77 W. Wacker Drive
Chicago, IL  60601-1692

   Re: *In re Pharmaceutical Industry Average Wholesale Price Litigation*
      MDL No. 1456 (D. Mass.)

Dear Tina and Beth:

This will confirm our agreement to postpone the August 17, 2005 deposition of Mike Sellers in lieu of a more substantive deposition. In short, you informed me that, had the deposition gone forward on the 17th, Mr. Sellers would only have been designated to testify about the documents related to the areas of inquiry. However, you have agreed to reset Mr. Sellers' deposition for early to mid-September so that plaintiffs can take his deposition on more substantive topics with the view of Abbott only having to produce Mr. Sellers for his deposition once.

In that regard, you have asked me to identify the substantive topics about which I would like Mr. Sellers to be able to testify. Those topics include:

- How prices or reimbursement benchmarks on HPD physician-administered drugs are established, the persons with knowledge on this issue, and the documents related to this topic.

- The price paid by physicians or other providers for HPD physician-administered drugs, the persons with knowledge on this issue, and documents related to this topic.

- The amounts paid by third parties reimbursing for physician-administered drugs, Abbott's (HPD's) knowledge thereof, any training or education provided by HPD on that issue, the persons with knowledge on this issue, and the documents related to this topic.

Contact Information: **Jennifer Fountain Connolly** One North LaSalle Street 312 346 2222
      **312 261 6195 Direct Dial** Suite 2000 312 346 0022 fax
      **jfconnolly@wexlerfirm.com** Chicago, Illinois 60602 **www.wexlerfirm.com**

# THE | WEXLER | FIRM LLP

Ms. Tina M. Tabacchi
Ms. Beth A. O'Connor
August 17, 2005
Page 2

- The reporting structure of the sales forces at HPD, the physician-administered AWPIDs marketed and/or sold (if any) by each sales force, any persons with knowledge thereof, and any documents related thereto.[1]

- The types of materials maintained, informally or formally, by the sales force, including but not limited to:

  o Call notes, trip reports, and expense reports.

  o Contracting documents.

  o Marketing documents (internal and those provided to customers).

  o Policy documents

  o Training documents

  o Any other types of documents (reports, etc.) regularly prepared by the sales staff.

- Any communications (in any media) with publishers, the identity of persons with knowledge about those communications, and any documents related to those communications.

- The identity and nature of any competitive drugs with respect to each physician-administered AWP, any persons with knowledge about this issue (i.e., marketing personnel), and documents related thereto.[2]

- The ASPs on each (physician-administered) AWPID, the spread between ASP and AWP, how Abbott (HPD) calculates ASP, the persons with knowledge about those calculations, and any documents reflecting them.

---

[1]  Beth has previously advised me that those sales forces include:  Infusion Therapy, Pre-Operative Sales, ICCP, Renal Sales, and Alternate Site.  If this is not a complete list, please advise.

[2]  In this regard, you have suggested that the parties talk specifically about the information plaintiffs require so that you can prepare Mr. Sellers to authenticate the result of our discussions. I am willing to explore this option.

# THE | WEXLER | FIRM <sup>LLP</sup>

Ms. Tina M. Tabacchi
Ms. Beth A. O'Connor
August 17, 2005
Page 3

I am available the following dates in early- to mid-September for a deposition of Mr. Sellers on these topics: September 8, 9, 12, 13, and 20.

We likewise discussed several ways to shorten Mr. Sellers' deposition. You advised me that you would produce a current version of Mr. Sellers' resume, which should shorten the examination on his background. In addition, we discussed, that, because Mr. Sellers' prior depositions are not admissible in this proceeding, I would have no choice but to re-examine Mr. Sellers on various issues discussed during those depositions. Given this dilemma, we discussed negotiating a stipulation on the use and admissibility of those depositions in this proceeding. I remain willing to explore such a stipulation. Please forward me a draft of what you propose.

I recognize and appreciate that Abbott wants to avoid putting Mr. Sellers up multiple times for a deposition. However, we cannot agree to make this deposition Mr. Sellers' substantive deposition until and unless Abbott can confirm that all responsive documents from Mr. Sellers' files have been produced. If Abbott can do this in the coming weeks I will certainly reconsider this issue.

Finally, you agreed to look into the status of the document production. I would like an update on this soon because we have not received documents from Abbott for several weeks. There are specific categories of documents which plaintiffs have requested in previous correspondence that Beth is aware are outstanding. And, although neither I or plaintiffs are taking an official position on this issue, given Judge Saris' opinion it does seem more important that we receive remaining HPD documents as priority over PPD documents.

Very truly yours,

Jennifer F. Connolly

Jennifer Fountain Connolly

JFC:lmv

cc:     Beth Fegan (via facsimile)
        Toni-Ann Citera (via facsimile)
        Kenneth A. Wexler

# EXHIBIT V

# JONES DAY

77 WEST WACKER · CHICAGO, ILLINOIS 60601-1692

TELEPHONE: (312) 782-3939 · FACSIMILE: (312) 782-8585

Direct Number: (312) 269-1529
baoconnor@jonesday.com

November 7, 2005

<u>VIA FACSIMILE AND U.S. MAIL</u>

Jennifer Fountain Connolly
The Wexler Firm
One North LaSalle Street
Suite 2000
Chicago, Illinois 60602

Re:  *In re Pharmaceutical Industry Average Wholesale Price Litigation*
MDL No. 1456 (D. Mass.)

Dear Jennifer:

As we have discussed, subject to the objections stated below, Abbott designates Michael Sellers in response to Plaintiffs' revised Notice of Rule 30(b)(6) Deposition ("Notice") dated August 17, 2005. Mr. Sellers' testimony will be limited to Abbott's HPD "physician administered drugs" identified on Exhibit A to the AMCCC (the "HPD PAD Identified Drugs").

Abbott's objections to Plaintiffs' Notice are as follows:

## GENERAL OBJECTIONS

1.      To the extent the Plaintiffs expect Abbott to produce a corporate designee that is able to identify *all* documents or information related to a certain topic, the Notice is objectionable because such testimony is not "reasonably available" to Abbott, nor is it designated with "reasonable particularity" as required by Fed. R. Civ. P. 30(b)(6).

2.      Abbott incorporates by reference all of its objections stated in its responses to Plaintiffs' Omnibus Request for Production of Documents Related to All Defendants in the MDL.

3.      Abbott objects to producing Mr. Sellers for a separate date in connection with plaintiffs' recent notice seeking to depose Mr. Sellers in his individual capacity. Mr. Sellers will be produced one time with the deposition of him in his individual to be completed after the deposition of him in his corporate capacity all within the time period set forth in the Rules and applicable Court Orders.

## SPECIFIC OBJECTIONS TO THE NOTICE TOPICS

**TOPIC 1:**      How prices or reimbursement benchmarks on HPD physician-administered drugs are established, the persons with knowledge on this issue, and the documents related to this topic.

ATLANTA  ·  BEIJING  ·  BRUSSELS  ·  CHICAGO  ·  CLEVELAND  ·  COLUMBUS  ·  DALLAS  ·  FRANKFURT  ·  HONG KONG  ·  HOUSTON
IRVINE  ·  LONDON  ·  LOS ANGELES  ·  MADRID  ·  MENLO PARK  ·  MILAN  ·  MOSCOW  ·  MUNICH  ·  NEW DELHI  ·  NEW YORK
PARIS  ·  PITTSBURGH  ·  SAN DIEGO  ·  SAN FRANCISCO  ·  SHANGHAI  ·  SINGAPORE  ·  SYDNEY  ·  TAIPEI  ·  TOKYO  ·  WASHINGTON

**JONES DAY**

Jennifer Connolly
November 7, 2005
Page 2

**OBJECTIONS TO TOPIC 1:**    In addition to its General Objections, Abbott objects to this topic because it is overly broad and not likely to lead to the discovery of admissible evidence to the extent it seeks information relating to all prices and to the extent it is not limited to the HPD PAD Identified Drugs. Abbott further objects to this topic because the phrase "how prices or reimbursement benchmarks on HPD physician administered drugs are established" is vague and ambiguous. Abbott also objects to this topic because it seeks information that is outside Abbott's custody, care or control to the extent it seeks information regarding how prices or reimbursement benchmarks for the HPD PAD Identified Drugs are established by third-parties.

Subject to and without waiving its objections, Abbott states that Mr. Sellers will testify generally regarding Abbott's pricing for the HPD PAD Identified Drugs sold to Alternate Site entities during the relevant time period.

**TOPIC 2:**    The price paid by physicians or other providers for HPD physician-administered drugs, the persons with knowledge on this issue, and documents related to this topic.

**OBJECTIONS TO TOPIC 2:**    In addition to its General Objections, Abbott objects to this topic because it is overly broad and not likely to lead to the discovery of admissible evidence to the extent it is not limited to the HPD PAD Identified Drugs. Abbott further objects to this topic because it seeks information that is outside Abbott's custody, care or control to the extent it seeks information regarding prices paid to third-parties by physicians or other providers. Abbott also objects to this topic because the term "other providers" is vague and ambiguous. Abbott states that it has produced to Plaintiffs national sales data for the HPD PAD Identified drugs, which reflects prices paid for such drugs.

Subject to and without waiving its objections, Abbott states that Mr. Sellers will testify generally regarding Abbott's pricing for the HPD PAD Identified Drugs sold to Alternate Site entities during the relevant time period.

**TOPIC 3:**    The amounts paid by third parties reimbursing for physician-administered drugs, Abbott's (HPD's) knowledge thereof, any training or education provided by HPD on that issue, the persons with knowledge on this issue, and the documents related to this topic.

**OBJECTIONS TO TOPIC 3:**    In addition to its General Objections, Abbott objects to this topic because it is overly broad and not likely to lead to the discovery of admissible evidence to the extent it seeks information relating to reimbursement for *all* physician-administered drugs and is not limited to the HPD PAD Identified Drugs. Abbott further objects to this topic because it seeks information that is outside Abbott's custody, care, or control to the extent it seeks information regarding the amounts paid by third-parties who reimburse for physician-administered drugs. Abbott also objects to this topic because the phrase "training or education provided by HPD on that issue" is vague and ambiguous.
CHI-1504531v1

JONES DAY

Jennifer Connolly
November 7, 2005
Page 3

Subject to and without waiving its objections, Abbott states that Mr. Sellers will testify generally regarding Abbott's knowledge of potential reimbursement for the HPD PAD Identified Drugs during the relevant time period.

**TOPIC 4:**    The reporting structure of the sales forces at HPD, the physician-administered AWPIDs marketed and/or sold (if any) by each sales force, any persons with knowledge thereof, and any documents related thereto.

**OBJECTIONS TO TOPIC 4:**    In addition to its General Objections, Abbott objects to this topic because it is overly broad and not likely to lead to the discovery of admissible evidence to the extent it seeks information not limited to the Alternate Site sales personnel who sold the HPD PAD Identified Drugs and seeks the identity of *any persons* with knowledge. Abbott further objects to this topic because the term "sales force" is vague and ambiguous.

Subject to and without waiving its objections, Abbott states that Mr. Sellers will testify generally regarding the Alternate Site sales structure and the HPD PAD Identified Drugs that the Alternate Site sales personnel sold or marketed during the relevant time period.

**TOPIC 5:**    The types of materials maintained, informally or formally, by the sales force, including but not limited to:  call notes, trip reports, and expense reports; contracting documents; marketing documents (internal and those provided to customers); policy documents; training documents; and any other types of documents (reports, etc.) regularly prepared by the sales staff.

**OBJECTIONS TO TOPIC 5:**    In addition to its General Objections, Abbott objects to this topic because it is overly broad and not likely to lead to the discovery of admissible evidence to the extent it is not limited to the HPD PAD Identified Drugs, is not limited to the HPD Alternate Site sales personnel, and seeks *any other* documents prepared by the sales personnel. Abbott further objects to this topic because the terms "formally," "informally," "policy documents," "contracting documents," "regularly prepared," "sales force," and "sales staff" are vague and ambiguous. Abbott also objects to this topic because it assumes that the HPD Alternate Site sales personnel "regularly prepared" documents.

Subject to and without waiving its objections, Abbott states that Mr. Sellers will testify generally regarding the types of sales reports generated by the Alternate Site sales personnel who sold the HPD PAD Identified Drugs during the relevant time period.

**TOPIC 6:**    Any communications (in any media) with publishers, the identity of persons with knowledge about those communications, and any documents related to those communications.

**JONES DAY**

Jennifer Connolly
November 7, 2005
Page 4

**OBJECTIONS TO TOPIC 6:**    In addition to its General Objections, Abbott objects to this topic because it is overly broad and not likely to lead to the discovery of admissible evidence to the extent it is not limited to communications regarding the HPD PAD Identified Drugs. Abbott further objects to this topic because the term "publishers" is vague and ambiguous.

Subject to and without waiving its objections, Abbott states that Mr. Sellers will testify generally regarding communications relating to the HPD PAD Identified Drugs with *Red Book*, *First Data Bank*, and *Medi-Span* during the relevant time period.

**TOPIC 7:**    The identity and nature of any competitive drugs with respect to each physician-administered AWP, any persons with knowledge about this issue (i.e., marketing personnel), and documents related thereto.

**OBJECTIONS TO TOPIC 7:**    In addition to its General Objections, Abbott objects to this topic because it is not likely to lead to the discovery of admissible evidence to the extent it seeks information regarding competitor products. Abbott further objects to this topic because it seeks information that is outside of Abbott's custody, care, or control. Abbott also objects to this topic because the terms "competitive drugs," "physician-administered AWP," and "nature" are vague and ambiguous.

Subject to and without waiving its objections, Abbott states that Mr. Sellers will testify generally regarding Abbott's knowledge of the pharmaceutical products that competed with the HPD PAD Identified Drugs during the relevant time period[1].

**TOPIC 8:**    The ASPs on each (physician-administered) AWPID, the spread between ASP and AWP, how Abbott (HPD) calculates ASP, the persons with knowledge about those calculations, and any documents reflecting them.

**OBJECTIONS TO TOPIC 8:**    In addition to its General Objections, Abbott objects to this topic because it is not likely to lead to the discovery of admissible evidence to the extent it seeks information related to Medicare ASPs. Judge Bowler has ruled that Plaintiffs are not entitled to discovery of this information. Abbott further objects to this topic because it assumes that Abbott calculated an ASP or a "spread" between ASP and AWP. Abbott also objects to this topic because the term "spread" is vague and ambiguous.

Subject to and without waiving its objections, Abbott states that Mr. Sellers will testify generally regarding Abbott's internal average sales price calculations, if any, for the relevant time period.

---

[1] Plaintiffs stated they would provide us a list of "competitor drugs" about which they would like to ask Mr. Sellers during his deposition. We have not yet received this list and we request that it be provided to us at least ten (10) days in advance of Mr. Sellers' deposition.

**JONES DAY**

Jennifer Connolly
November 7, 2005
Page 5

We remain open to discussion regarding how these topics may be revised or refined so that they seek information on topics relevant to the issues in this case. Thank you for your attention to this matter. Please contact me if you have any questions.

Sincerely,

Beth A. O'Connor

cc:  Tina M. Tabacchi
     Toni-Ann Citera

CHI-1504531v1