# EXHIBIT A

# JONES DAY

77 WEST WACKER · CHICAGO, ILLINOIS 60601-1692
TELEPHONE: (312) 782-3939 · FACSIMILE: (312) 782-8585

Direct Number: (312) 269-1529
baoconnor@jonesday.com

August 3, 2005

VIA FACSIMILE

Jennifer Fountain Connolly
The Wexler Firm
One North LaSalle Street
Suite 2000
Chicago, Illinois 60602

Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation*
MDL No. 1456 (D. Mass.)

Dear Jennifer:

As we discussed, we are designating Michael Sellers in response to Plaintiffs' Notice of Rule 30(b)(6) Deposition dated April 20, 2005. Mr. Sellers' deposition will take place on Wednesday, August 17, 2005 at 9:30 a.m. at the offices of Jones Day in Chicago. As we further discussed, Mr. Sellers' testimony will be limited to questions relating to "physician administered drugs."

Despite our willingness to designate Mr. Sellers, we object to certain aspects of Plaintiffs' Rule 30(b)(6) Notice. We will produce Mr. Sellers without waiving the these objections, however, and I am open to discussion regarding how these topics may be revised or refined so that they seek information on topics relevant to the issues in this case.

Abbott's objections to Plaintiffs' Rule (30)(b)(6) Notice are as follows:

1.      Abbott incorporates by reference all of its objections stated in its responses to Plaintiffs' Omnibus Request for Production of Documents Related to All Defendants in the MDL.

2.      To the extent this notice requires Abbott to produce a corporate designee that is able to identify *all* documents or information related to a certain topic, the notice is objectionable because such testimony is not "reasonably available" to Abbott, nor is it designated with "reasonable particularity" as required by Fed. R. Civ. P. 30(b)(6).

3.      Abbott objects to Topic Nos. 1, 2 and 5 because the term "physician-administered drugs" is vague and ambiguous.

4.      Abbott objects to Topic Nos. 1, 2, 3 and 4 because they are overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent they are not limited to Abbott's drugs listed in Exhibit A of the AMCC.

CHI-1489698v1

ATLANTA · BEIJING · BRUSSELS · CHICAGO · CLEVELAND · COLUMBUS · DALLAS · FRANKFURT · HONG KONG · HOUSTON
IRVINE · LONDON · LOS ANGELES · MADRID · MENLO PARK · MILAN · MOSCOW · MUNICH · NEW DELHI · NEW YORK
PARIS · PITTSBURGH · SAN DIEGO · SAN FRANCISCO · SHANGHAI · SINGAPORE · SYDNEY · TAIPEI · TOKYO · WASHINGTON

**JONES DAY**

Jennifer Connolly
August 3, 2005
Page 2

     5.     Abbott objects to Topic No. 2 because it is vague, ambiguous and confusing to the extent it seeks information relating to "the price paid by physicians or others reimbursing for physician-administered drugs." Please clarify what information you are seeking with respect to this topic.

     6.     Abbott objects to Topic No. 6 because it is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information relating to Medicare ASPs. Judge Bowler has ruled that Plaintiffs are not entitled to discovery of this information. Subject to and without waiving any of its objections, Abbott will identify a corporate designee to testify about Abbott's internal average sales price calculations.

     Thank you for your attention to this matter. Please contact me if you have any questions.

     Sincerely,

     Beth A. O'Connor

cc:  Toni-Ann Citera

CHI-1489698v1

# EXHIBIT B

WEXLER FIRM                    Fax:13123460022              Aug 17 2005  11:30     P. 02

# T H E | W E X L E R | F I R M ᴸᴸᴾ

August 17, 2005

*Via Facsimile*

Ms. Tina M. Tabacchi
Ms. Beth A. O'Connor
Jones Day
77 W. Wacker Drive
Chicago, IL 60601-1692

      Re:   *In re Pharmaceutical Industry Average Wholesale Price Litigation*
             MDL No. 1456 (D. Mass.)

Dear Tina and Beth:

This will confirm our agreement to postpone the August 17, 2005 deposition of Mike Sellers in lieu of a more substantive deposition. In short, you informed me that, had the deposition gone forward on the 17ᵗʰ, Mr. Sellers would only have been designated to testify about the documents related to the areas of inquiry. However, you have agreed to reset Mr. Sellers' deposition for early to mid-September so that plaintiffs can take his deposition on more substantive topics with the view of Abbott only having to produce Mr. Sellers for his deposition once.

In that regard, you have asked me to identify the substantive topics about which I would like Mr. Sellers to be able to testify. Those topics include:

- How prices or reimbursement benchmarks on HPD physician-administered drugs are established, the persons with knowledge on this issue, and the documents related to this topic.

- The price paid by physicians or other providers for HPD physician-administered drugs, the persons with knowledge on this issue, and documents related to this topic.

- The amounts paid by third parties reimbursing for physician-administered drugs, Abbott's (HPD's) knowledge thereof, any training or education provided by HPD on that issue, the persons with knowledge on this issue, and the documents related to this topic.

Contact Information:    **Jennifer Fountain Connolly**    One North LaSalle Street    312 346 2222
                       **312 261 6195 Direct Dial**    Suite 2000               312 346 0022 fax
                       **jfconnolly@wexlerfirm.com**    Chicago, Illinois 60602    www.wexlerfirm.com

T H E │ W E X L E R │ F I R M ᴸᴸᴾ

Ms. Tina M. Tabacchi
Ms. Beth A. O'Connor
August 17, 2005
Page 2

- The reporting structure of the sales forces at HPD, the physician-administered AWPIDs marketed and/or sold (if any) by each sales force, any persons with knowledge thereof, and any documents related thereto.[1]

- The types of materials maintained, informally or formally, by the sales force, including but not limited to:

  o  Call notes, trip reports, and expense reports.

  o  Contracting documents.

  o  Marketing documents (internal and those provided to customers).

  o  Policy documents

  o  Training documents

  o  Any other types of documents (reports, etc.) regularly prepared by the sales staff.

- Any communications (in any media) with publishers, the identity of persons with knowledge about those communications, and any documents related to those communications.

- The identity and nature of any competitive drugs with respect to each physician-administered AWP, any persons with knowledge about this issue (*i.e.*, marketing personnel), and documents related thereto.[2]

- The ASPs on each (physician-administered) AWPID, the spread between ASP and AWP, how Abbott (HPD) calculates ASP, the persons with knowledge about those calculations, and any documents reflecting them.

---

[1]  Beth has previously advised me that those sales forces include:  Infusion Therapy, Pre-Operative Sales, ICCP, Renal Sales, and Alternate Site.  If this is not a complete list, please advise.

[2]  In this regard, you have suggested that the parties talk specifically about the information plaintiffs require so that you can prepare Mr. Sellers to authenticate the result of our discussions. I am willing to explore this option.

# T H E | W E X L E R | F I R M <sup>LLP</sup>

Ms. Tina M. Tabacchi
Ms. Beth A. O'Connor
August 17, 2005
Page 3

I am available the following dates in early- to mid-September for a deposition of Mr.
Sellers on these topics: September 8, 9, 12, 13, and 20.

We likewise discussed several ways to shorten Mr. Sellers' deposition. You advised me
that you would produce a current version of Mr. Sellers' resume, which should shorten
the examination on his background. In addition, we discussed that, because Mr. Sellers'
prior depositions are not admissible in this proceeding, I would have no choice but to re-
examine Mr. Sellers on various issues discussed during those depositions. Given this
dilemma, we discussed negotiating a stipulation on the use and admissibility of those
depositions in this proceeding. I remain willing to explore such a stipulation. Please
forward me a draft of what you propose.

I recognize and appreciate that Abbott wants to avoid putting Mr. Sellers up multiple
times for a deposition. However, we cannot agree to make this deposition Mr. Sellers'
substantive deposition until and unless Abbott can confirm that all responsive documents
from Mr. Sellers' files have been produced. If Abbott can do this in the coming weeks I
will certainly reconsider this issue.

Finally, you agreed to look into the status of the document production. I would like an
update on this soon because we have not received documents from Abbott for several
weeks. There are specific categories of documents which plaintiffs have requested in
previous correspondence that Beth is aware are outstanding. And, although neither I or
plaintiffs are taking an official position on this issue, given Judge Saris' opinion it does
seem more important that we receive remaining HPD documents as priority over PPD
documents.

Very truly yours,

Jennifer Fountain Connolly

JFC:lmv

cc:      Beth Fegan (via facsimile)
         Toni-Ann Citera (via facsimile)
         Kenneth A. Wexler

# EXHIBIT C

# JONES DAY

77 WEST WACKER · CHICAGO, ILLINOIS 60601-1692

TELEPHONE: (312) 782-3939 · FACSIMILE: (312) 782-8585

Direct Number:  (312) 269-1529
baoconnor@jonesday.com

November 7, 2005

VIA FACSIMILE AND U.S. MAIL

Jennifer Fountain Connolly
The Wexler Firm
One North LaSalle Street
Suite 2000
Chicago, Illinois 60602

Re:     *In re Pharmaceutical Industry Average Wholesale Price Litigation*
        MDL No. 1456 (D. Mass.)

Dear Jennifer:

As we have discussed, subject to the objections stated below, Abbott designates Michael Sellers in response to Plaintiffs' revised Notice of Rule 30(b)(6) Deposition ("Notice") dated August 17, 2005.  Mr. Sellers' testimony will be limited to Abbott's HPD "physician administered drugs" identified on Exhibit A to the AMCCC (the "HPD PAD Identified Drugs").

Abbott's objections to Plaintiffs' Notice are as follows:

## GENERAL OBJECTIONS

1.      To the extent the Plaintiffs expect Abbott to produce a corporate designee that is able to identify *all* documents or information related to a certain topic, the Notice is objectionable because such testimony is not "reasonably available" to Abbott, nor is it designated with "reasonable particularity" as required by Fed. R. Civ. P. 30(b)(6).

2.      Abbott incorporates by reference all of its objections stated in its responses to Plaintiffs' Omnibus Request for Production of Documents Related to All Defendants in the MDL.

3.      Abbott objects to producing Mr. Sellers for a separate date in connection with plaintiffs' recent notice seeking to depose Mr. Sellers in his individual capacity.  Mr. Sellers will be produced one time with the deposition of him in his individual to be completed after the deposition of him in his corporate capacity all within the time period set forth in the Rules and applicable Court Orders.

## SPECIFIC OBJECTIONS TO THE NOTICE TOPICS

TOPIC 1:      How prices or reimbursement benchmarks on HPD physician-administered drugs are established, the persons with knowledge on this issue, and the documents related to this topic.

CHI-1504531v1

ATLANTA · BEIJING · BRUSSELS · CHICAGO · CLEVELAND · COLUMBUS · DALLAS · FRANKFURT · HONG KONG · HOUSTON
IRVINE · LONDON · LOS ANGELES · MADRID · MENLO PARK · MILAN · MOSCOW · MUNICH · NEW DELHI · NEW YORK
PARIS · PITTSBURGH · SAN DIEGO · SAN FRANCISCO · SHANGHAI · SINGAPORE · SYDNEY · TAIPEI · TOKYO · WASHINGTON

JONES DAY

Jennifer Connolly
November 7, 2005
Page 2

OBJECTIONS TO TOPIC 1:    In addition to its General Objections, Abbott objects to this topic because it is overly broad and not likely to lead to the discovery of admissible evidence to the extent it seeks information relating to all prices and to the extent it is not limited to the HPD PAD Identified Drugs. Abbott further objects to this topic because the phrase "how prices or reimbursement benchmarks on HPD physician administered drugs are established" is vague and ambiguous. Abbott also objects to this topic because it seeks information that is outside Abbott's custody, care or control to the extent it seeks information regarding how prices or reimbursement benchmarks for the HPD PAD Identified Drugs are established by third-parties.

Subject to and without waiving its objections, Abbott states that Mr. Sellers will testify generally regarding Abbott's pricing for the HPD PAD Identified Drugs sold to Alternate Site entities during the relevant time period.

TOPIC 2:    The price paid by physicians or other providers for HPD physician-administered drugs, the persons with knowledge on this issue, and documents related to this topic.

OBJECTIONS TO TOPIC 2:    In addition to its General Objections, Abbott objects to this topic because it is overly broad and not likely to lead to the discovery of admissible evidence to the extent it is not limited to the HPD PAD Identified Drugs. Abbott further objects to this topic because it seeks information that is outside Abbott's custody, care or control to the extent it seeks information regarding prices paid to third-parties by physicians or other providers. Abbott also objects to this topic because the term "other providers" is vague and ambiguous. Abbott states that it has produced to Plaintiffs national sales data for the HPD PAD Identified drugs, which reflects prices paid for such drugs.

Subject to and without waiving its objections, Abbott states that Mr. Sellers will testify generally regarding Abbott's pricing for the HPD PAD Identified Drugs sold to Alternate Site entities during the relevant time period.

TOPIC 3:    The amounts paid by third parties reimbursing for physician-administered drugs, Abbott's (HPD's) knowledge thereof, any training or education provided by HPD on that issue, the persons with knowledge on this issue, and the documents related to this topic.

OBJECTIONS TO TOPIC 3:    In addition to its General Objections, Abbott objects to this topic because it is overly broad and not likely to lead to the discovery of admissible evidence to the extent it seeks information relating to reimbursement for *all* physician-administered drugs and is not limited to the HPD PAD Identified Drugs. Abbott further objects to this topic because it seeks information that is outside Abbott's custody, care, or control to the extent it seeks information regarding the amounts paid by third-parties who reimburse for physician-administered drugs. Abbott also objects to this topic because the phrase "training or education provided by HPD on that issue" is vague and ambiguous.

CHI-1504531v1

JONES DAY

Jennifer Connolly
November 7, 2005
Page 3

Subject to and without waiving its objections, Abbott states that Mr. Sellers will testify generally regarding Abbott's knowledge of potential reimbursement for the HPD PAD Identified Drugs during the relevant time period.

TOPIC 4:     The reporting structure of the sales forces at HPD, the physician-administered AWPIDs marketed and/or sold (if any) by each sales force, any persons with knowledge thereof, and any documents related thereto.

OBJECTIONS TO TOPIC 4:     In addition to its General Objections, Abbott objects to this topic because it is overly broad and not likely to lead to the discovery of admissible evidence to the extent it seeks information not limited to the Alternate Site sales personnel who sold the HPD PAD Identified Drugs and seeks the identity of *any persons* with knowledge. Abbott further objects to this topic because the term "sales force" is vague and ambiguous.

Subject to and without waiving its objections, Abbott states that Mr. Sellers will testify generally regarding the Alternate Site sales structure and the HPD PAD Identified Drugs that the Alternate Site sales personnel sold or marketed during the relevant time period.

TOPIC 5:     The types of materials maintained, informally or formally, by the sales force, including but not limited to:  call notes, trip reports, and expense reports; contracting documents; marketing documents (internal and those provided to customers); policy documents; training documents; and any other types of documents (reports, etc.) regularly prepared by the sales staff.

OBJECTIONS TO TOPIC 5:     In addition to its General Objections, Abbott objects to this topic because it is overly broad and not likely to lead to the discovery of admissible evidence to the extent it is not limited to the HPD PAD Identified Drugs, is not limited to the HPD Alternate Site sales personnel, and seeks *any other* documents prepared by the sales personnel. Abbott further objects to this topic because the terms "formally," "informally," "policy documents," "contracting documents," "regularly prepared," "sales force," and "sales staff" are vague and ambiguous. Abbott also objects to this topic because it assumes that the HPD Alternate Site sales personnel "regularly prepared" documents.

Subject to and without waiving its objections, Abbott states that Mr. Sellers will testify generally regarding the types of sales reports generated by the Alternate Site sales personnel who sold the HPD PAD Identified Drugs during the relevant time period.

TOPIC 6:     Any communications (in any media) with publishers, the identity of persons with knowledge about those communications, and any documents related to those communications.

JONES DAY

Jennifer Connolly
November 7, 2005
Page 4

**OBJECTIONS TO TOPIC 6:**    In addition to its General Objections, Abbott objects to this topic because it is overly broad and not likely to lead to the discovery of admissible evidence to the extent it is not limited to communications regarding the HPD PAD Identified Drugs.  Abbott further objects to this topic because the term "publishers" is vague and ambiguous.

Subject to and without waiving its objections, Abbott states that Mr. Sellers will testify generally regarding communications relating to the HPD PAD Identified Drugs with *Red Book*, *First Data Bank*, and *Medi-Span* during the relevant time period.

**TOPIC 7:**    The identity and nature of any competitive drugs with respect to each physician-administered AWP, any persons with knowledge about this issue (i.e., marketing personnel), and documents related thereto.

**OBJECTIONS TO TOPIC 7:**    In addition to its General Objections, Abbott objects to this topic because it is not likely to lead to the discovery of admissible evidence to the extent it seeks information regarding competitor products.  Abbott further objects to this topic because it seeks information that is outside of Abbott's custody, care, or control.  Abbott also objects to this topic because the terms "competitive drugs," "physician-administered AWP," and "nature" are vague and ambiguous.

Subject to and without waiving its objections, Abbott states that Mr. Sellers will testify generally regarding Abbott's knowledge of the pharmaceutical products that competed with the HPD PAD Identified Drugs during the relevant time period[1].

**TOPIC 8:**    The ASPs on each (physician-administered) AWPID, the spread between ASP and AWP, how Abbott (HPD) calculates ASP, the persons with knowledge about those calculations, and any documents reflecting them.

**OBJECTIONS TO TOPIC 8:**    In addition to its General Objections, Abbott objects to this topic because it is not likely to lead to the discovery of admissible evidence to the extent it seeks information related to Medicare ASPs.  Judge Bowler has ruled that Plaintiffs are not entitled to discovery of this information.  Abbott further objects to this topic because it assumes that Abbott calculated an ASP or a "spread" between ASP and AWP.  Abbott also objects to this topic because the term "spread" is vague and ambiguous.

Subject to and without waiving its objections, Abbott states that Mr. Sellers will testify generally regarding Abbott's internal average sales price calculations, if any, for the relevant time period.

---

[1] Plaintiffs stated they would provide us a list of "competitor drugs" about which they would like to ask Mr. Sellers during his deposition.  We have not yet received this list and we request that it be provided to us at least ten (10) days in advance of Mr. Sellers' deposition.

CHI-1504531v1

**JONES DAY**

Jennifer Connolly
November 7, 2005
Page 5

      We remain open to discussion regarding how these topics may be revised or refined so that they seek information on topics relevant to the issues in this case.  Thank you for your attention to this matter.  Please contact me if you have any questions.

                          Sincerely,

                          Beth A. O'Connor

cc:  Tina M. Tabacchi
     Toni-Ann Citera

# EXHIBIT D

# THE | WEXLER | FIRM

One North LaSalle Street
Suite 2000
Chicago, Illinois 60602

T: (312) 346-2222  | F: (312) 346-0022 | www.wexlerfirm.com

## Facsimile Cover Sheet

| | | |
|---|---|---|
| **To:** | Toni-Ann Citera | **Fax No.:** (212) 755-7306 |
| | Beth Fegan | (312) 762-9286 |

**From:** Jennifer Fountain Connolly

**Date:** November 22, 2005

**Re:** In re Pharmaceutical Industry Average Wholesale Price Litigation
MDL No. 1456 (D. Mass.)

Total Number of Pages Including Cover Page:      3

**Remarks:**      Please see the attached correspondence.

In case of difficulty in transmission, please call (312) 346-2222.

The information contained in this facsimile message is subject to the attorney-client privilege or is otherwise privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify The Wexler Firm by telephone and return the original message to the above address via the United States Mail. Thank You.

# T H E | W E X L E R | F I R M ᴸᴸᴾ

November 22, 2005

**_Via Facsimile_**

Ms. Toni-Ann Citera
Jones Day
222 E. 41st Street
New York, NY 10017-6702

      Re:    *In re Pharmaceutical Industry Average Wholesale Price Litigation*
                MDL No. 1456 (D. Mass.)

Dear Toni:

Thank you for your November 16 letter, supplemented by your November 18 letter, in which Abbott provided available dates for the depositions of some of the witnesses we noticed on October 28.

First, I have been in communication with Dave Stetler regarding the individuals he represents. As soon as I get available dates from him for those depositions, we can discuss scheduling them.

Second, we can confirm the dates and times of all depositions set forth in both your November 16 and 18 letters except for the December 16 deposition of Gerald Eichorn. Please provide additional dates when Mr. Eichorn is available. In addition, because Mr. Sellers' deposition is both a 30(b)(6) and his individual deposition, we cannot guarantee that his deposition will be concluded in seven hours and therefore may request additional time to conclude that deposition. Specifically, we propose these dates and times:

| Name | Date | Location |
|------|------|----------|
| Pete Karas | December 6, 2005 9:30 a.m. | Jones Day Chicago |
| Steve Kipperman | December 13, 2005 9:30 a.m. | Jones Day Chicago |
| John Casey | December 14, 2005 9:30 a.m. | Jones Day Chicago |
| Cliff Krawjeski | December 19, 2005 9:30 a.m. | Jones Day Chicago |

Contact Information:    **Jennifer Fountain Connolly**    One North LaSalle Street    312 346 2222
                           **312 261 6195 Direct Dial**      Suite 2000                312 346 0022 fax
                           **jfconnolly@wexlerfirm.com**     Chicago, Illinois 60602    **www.wexlerfirm.com**

# THE ⏐ WEXLER ⏐ FIRM LLP

Ms. Toni-Ann Citera
November 22, 2005
Page 2

| Name | Date | Location |
|------|------|----------|
| Mike Sellers and Abbott 30(b)(6)[1] | December 20, 2005 9:30 a.m. | Jones Day Chicago |
| Ted Lyjak | December 21, 2005 9:30 a.m. | Jones Day Chicago |
| Jeff Hamlin | December 22, 2005 9:30 a.m. | Jones Day Chicago |
| Douglas McGill | December 29, 2005 9:30 a.m. | Jones Day Atlanta |

We agree to these dates without waiving plaintiffs' previous position that Abbott's document production is ongoing. In this regard, please at least confirm that Abbott has searched the files of the individuals whose depositions we are taking.

Third, please provide me with additional detail regarding Mr. Conwell's medical leave and when he will be available for a deposition. With regard to Mr. Karas, although I realize he is retiring at the end of the year, please advise whether Abbott will be producing him pursuant to our Notice.

Finally, I am in the process of reviewing the deposition transcripts you provided and will be in touch regarding a stipulation on their admissibility.

Very truly yours,

Jennifer Fountain Connolly

JFC:lmv

cc:   Beth Fegan
      Kenneth A. Wexler

---

[1] I also have not heard back from Beth O'Connor regarding my November 15 letter inquiring to what objections Abbott will be producing Mr. Sellers as a 30(b)(6) designee.