# EXHIBIT E



# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) | |
| IN RE PHARMACEUTICAL INDUSTRY ) | |
| AVERAGE WHOLESALE PRICE ) | MDL NO. 1456 |
| LITIGATION ) | Civil Action No. 01-12257-PBS |
| ) | |
| ) | Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO ) | |
| ALL CLASS ACTIONS ) | |
| ) | |

## PLAINTIFFS' RESPONSE TO THE J&J DEFENDANTS' REQUESTS FOR ADMISSION AND INTERROGATORIES CONCERNING REMICADE®

Plaintiffs hereby respond to the Johnson & Johnson Defendants' Requests for Admission and Interrogatories as follows.

### OBJECTIONS

1.     Plaintiffs object to the J&J Defendants' "definitions" to the extent they are vague, confusing and require the Plaintiffs to perform calculations or analyses based on formulas created by the J&J Defendants.

2.     Plaintiffs object to the J&J Defendants' "definitions" to the extent they create obligations broader than what is required by the Federal Rules of Civil Procedure.

3.     Plaintiffs object to the J&J Defendants' Requests and Interrogatories to the extent they seek information which is the subject of expert analysis and opinion.  Plaintiffs' Expert Report on liability is not required until October 1, 2005, pursuant to CMO 13.

4.     Plaintiffs object to the J&J Defendants' Interrogatories to the extent they seek the fact basis for any denial, when such denial is based on the absence of facts or information.



**REQUEST TO ADMIT NO. 1:**  Admit that Centocor began selling Remicade® in 1998.

**RESPONSE TO REQUEST TO ADMIT NO. 1:**

Admit.

**INTERROGATORY NO. 1:**  If your response to Request to Admit No. 1 contains a denial, in whole or in part, describe the basis for your denial, and identify all documents and testimony that you rely on to support your denial.

**RESPONSE TO INTERROGATORY 1:**

Not Applicable.

1131261v1



**<u>REQUEST TO ADMIT NO. 2</u>:**  Admit that from 1998 to the present, the published AWP for Remicade® has been 130% of the published WAC for Remicade®.

**<u>RESPONSE TO REQUEST TO ADMIT NO. 2</u>:**

Plaintiffs object to this contention interrogatory which would require the sorting of various publishers' databases and WAC information.  If defendant supplies data that backs up this RFA, plaintiffs will respond.

**<u>INTERROGATORY NO. 2</u>:**  If your response to Request to Admit No. 2 contains a denial, in whole or in part, describe the basis for your denial, and identify all documents and testimony that you rely on to support your denial.

**<u>RESPONSE TO INTERROGATORY NO. 2</u>:**

Plaintiffs object to this contention interrogatory which would require the sorting of various publishers' databases and WAC information.  If defendant supplies data that backs up this RFA, plaintiffs will respond.



**REQUEST TO ADMIT NO. 3**:  Admit that from 1998 to the present, Centocor, Inc. has not paid rebates on Remicade® to physicians who purchase or dispense Remicade®.

**RESPONSE TO REQUEST TO ADMIT NO. 3**:

Objection.  The term "rebates" is vague, ambiguous and undefined.  Further, plaintiffs, after reasonable investigation, are unable to determine the exact amount of all payments made by Centocor to physicians, which could include "rebates".

**INTERROGATORY NO. 3**:  If your response to Request to Admit No. 3 contains a denial, in whole or in part, describe the basis for your denial, and identify all documents and testimony that you rely on to support your denial.

**RESPONSE TO INTERROGATORY NO. 3**:

Objection.  Plaintiffs object to the term "rebates" as being vague and ambiguous. Further, plaintiffs, after reasonable investigation, are unable to determine the exact amount of all payments made by Centocor to physicians, which could include "rebates".

1131261v1



**REQUEST TO ADMIT NO. 4**:  Admit that from 1998 to the present, Centocor, Inc. has not paid rebates on Remicade® to pharmacy benefit managers.

**RESPONSE TO REQUEST TO ADMIT NO. 4**:

Objection.  The term "rebates" is vague, ambiguous and undefined.  Further, plaintiffs, after reasonable investigation, are unable to determine the amount of all payments, if any, made by Centocor to pharmacy benefit managers, which could include "rebates".

**INTERROGATORY NO. 4**:  If your response to Request to Admit No. 4 contains a denial, in whole or in part, describe the basis for your denial, and identify all documents and testimony that you rely on to support your denial.

**RESPONSE TO INTERROGATORY NO. 4**:

Plaintiffs object to the term "rebates" as being vague and ambiguous. Further, plaintiffs, after reasonable investigation, are unable to determine the amount of all payments, if any, made by Centocor to pharmacy benefit managers, which could include "rebates".

1131261v1



**REQUEST TO ADMIT NO. 5**:  Admit that from 1998 to the present, the only rebates that Centocor, Inc. has paid on Remicade® have been rebates paid to persons or entities that reimburse for Remicade®, such as Health Maintenance Organizations and Preferred Provider Organizations.

**RESPONSE TO REQUEST TO ADMIT NO. 5**:

Objection. The term "rebates" is vague, ambiguous and undefined.  Plaintiffs do admit that Centocor has paid "rebates" to Health Maintenance Organizations and Preferred Provider Organizations.  Plaintiffs, after reasonable investigation, are unable to determine whether the amount of all payments, if any, made by Centocor to any other entities, which could include "rebates".

**INTERROGATORY NO. 5**:  If your response to Request to Admit No. 5 contains a denial, in whole or in part, describe the basis for your denial, and identify all documents and testimony that you rely on to support your denial.

**RESPONSE TO INTERROGATORY NO. 5**:

Plaintiffs object to the term "rebates" as being vague and ambiguous.  Plaintiffs, after reasonable investigation, are unable to determine whether the amount of all payments, if any, made by Centocor to any other entities, which could include "rebates".

1131261v1



**REQUEST TO ADMIT NO. 6**:  Admit that from 1998 to the present, the rebates that Centocor, Inc. has paid on Remicade® have reduced the net reimbursement cost of Remicade® for those payors that have received rebates.

**RESPONSE TO REQUEST TO ADMIT NO. 6**:

Objection. The terms "rebates" and  "net reimbursement costs" are vague and ambiguous. Further, the Request is objectionable to the extent it requires plaintiffs to analyze a formula created by the defendants.

**INTERROGATORY NO. 6**:  If your response to Request to Admit No. 6 contains a denial, in whole or in part, describe the basis for your denial, and identify all documents and testimony that you rely on to support your denial.

**RESPONSE TO INTERROGATORY NO. 6**:

Objection. The terms "rebates" and  "net reimbursement costs" are vague and ambiguous. Furhter, this Interrogatory is premature, in that it seeks information which is the subject of expert reports and analysis.  Plaintiffs do not know the identities of all persons who may have received "rebates", and are thus unable to determine what portion of any payments by Centocor were ultimately received by payors.

1131261v1



**REQUEST TO ADMIT NO. 7**:  Admit that from 1998 to the present, the rebates that Centocor, Inc. has paid on Remicade® have reduced the spread.

**RESPONSE TO REQUEST TO ADMIT NO. 7**:

Objection. The terms "rebates" and "spread" are vague and ambiguous.  Further, the Request is objectionable as a burdensome contention interrogatory that would require plaintiffs to research sources of documents in the possession of J&J, when J&J could just as easily collected this information and presented the basis for the RFA.

**INTERROGATORY NO. 7:**  If your response to Request to Admit No. 7 contains a denial, in whole or in part, describe the basis for your denial, and identify all documents and testimony that you rely on to support your denial.

**RESPONSE TO INTERROGATORY NO. 7:**

Objection. The terms "rebates" and "spread" are vague and ambiguous. Further, this Interrogatory is premature, in that it seeks information which is the subject of expert reports and analysis.  Plaintiffs do not know the identities of all persons who may have received "rebates", and are thus unable to determine what portion of any payments by Centocor were ultimately received by payors.

-8-



**REQUEST TO ADMIT NO. 8**:  Admit that from 1998 to the present, the spread on Remicade® has not exceeded the difference between its published WAC and its published AWP for all persons or entities that reimbursed Remicade at or below its AWP.

## RESPONSE TO REQUEST TO ADMIT NO. 8:

Objection.  This Request is vague and confusing.  Plaintiffs are unable to understand what they are being asked to admit or deny.  See also response to No. 7.

**INTERROGATORY NO. 8**:  If your response to Request to Admit No. 8 contains a denial, in whole or in part, describe the basis for your denial, and identify all documents and testimony that you rely on to support your denial.

## RESPONSE TO INTERROGATORY NO. 8:

Objection, this Interrogatory and the corresponding Request are both vague and confusing.

-9-



**INTERROGATORY NO. 9**: From 1998 to the present, state each published WAC and each published AWP for Remicade®, and the effective date of each change in Remicade®'s WAC and AWP.

**RESPONSE TO INTERROGATORY NO. 9**:

Objection, the information sought by this Interrogatory is within the J&J Defendants' possession.  If J&J wishes plaintiffs to consider such request, J&J should include the exact data that would form the basis for such an RFA.

1131261v1



**INTERROGATORY NO. 10**:  State the ASP for Remicade® for each of the time intervals between the changes in Remicade®'s WAC and AWP identified in response to Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 10**:

Objection.  The plaintiffs sought to obtain ASP information from the J&J Defendants, and other defendants in this litigation, but all such requests were refused.  Thus plaintiffs do not have the requested information, but it is in the defendants' possession.  To the extent ASP is defined to mean any ASP figure used by Plaintiffs' expert Raymond S. Hartman, plaintiffs object to this Interrogatory as being premature.  CMO 13 requires Dr. Hartman to provide an expert report by October 1, 2005.  See also response to No.9.

1131261v1



**INTERROGATORY NO. 11**:  State the average net reimbursement cost and the average net acquisition cost for Remicade® for each of the time intervals between the changes in Remicade®'s WAC and AWP identified in response to Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 11**:

Objection.  This Interrogatory seeks information which is not relevant, nor calculated to lead to the discovery of admissible evidence.  Also, plaintiffs have objected to Interrogatory No. 9, which forms the basis for this Interrogatory.  Further, plaintiffs do not yet have all data necessary to calculate, and have not calculated any form of "average net reimbursement cost" or "average net acquisition cost" for Remicade.  To the extent this Interrogatory requires plaintiffs to perform calculations based on a formula created by the Defendants, Plaintiffs also object.  See also response to No.9.

Dated:  August 31, 2005

By _____/s/ Steve W. Berman_____
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

1131261v1



Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL 60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19130
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, Il 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR
PLAINTIFFS**

-13-



## CERTIFICATE OF SERVICE

      I hereby certify that on August 31, 2005 I caused a true and correct copy of the Plaintiffs' Response to J&J Defendants' Requests for Admission and Interrogatories Concerning Remicade® to be served on all counsel of record by electronic service through Verilaw, pursuant to Case Management Order No. 2.

                                  /s/John Macoretta
                                  John Macoretta

# EXHIBIT F



Not Reported in F.Supp., 1989 WL 100927 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
UNITED STATES of America
v.
CHEVRON U.S.A. INC.
**CIV. A. No. 88-6681.**

Aug. 30, 1989.

Thomas H. Lee, II, Acting United States Attorney, James G. Sheehan, Robert J. Smolski, Asst. U.S. Attys., Philadelphia, Pa., Patricia K. Casano, Environmental Enforcement Section, Land and Natural Resources Division, United States Department of Justice, Thomas E. Hookano, Deputy Assistant Attorney General, United States Department of Justice, Land and Natural Resources Division, Washington, D.C., James M. Baker, Senior Assistant Regional Counsel, U.S. Environmental Protection Agency, Region III, Philadelphia, Pa., for plaintiff.
Philip J. Katauskas, Baskin, Flaherty, Elliott & Mannino, P.C., Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

EDWIN E. NAYTHONS, United States Magistrate.
**\*1** The plaintiff initiated this action to recover civil penalties under the Clean Air Act for violations of the National Emission Standards for Hazardous Air Pollutants ("NESHAP") allegedly occurring at the Philadelphia Refinery of Chevron U.S.A. Inc. (" Chevron"). The case involves interpretations and applications of detailed regulations pertaining to fugitive emissions of benzene, a volatile hazardous air pollutant.

Presently before this Court is the plaintiff's motion to compel the defendant to serve full and complete answers to certain interrogatories and requests for admissions upon defendant pursuant to Rules 37

and 26 of the Federal Rules of Civil Procedure. In the alternative, this Court is asked to determine the sufficiency of defendant's answers to interrogatories and admissions requests, pursuant to Rules 36 and 37.

On May 16, 1989, plaintiff served upon defendant Plaintiff's First Set of Requests for Admissions and Second Set of Interrogatories. On June 16, 1989 defendant submitted objections and answers to these discovery requests. Plaintiff served upon defendant Plaintiff's Second Set of Requests for Admissions and Third Set of Interrogatories on May 24, 1989. Defendant submitted objections and answers to these discovery requests on June 23, 1989. In accordance with the Court's April 21, 1989 Revised Scheduling Order, June 23, 1989 was the final date for discovery in this case.

Plaintiff now seeks full and complete answers to Interrogatories 4-7 of Plaintiff's Second Set of Interrogatories, Interrogatories 1 and 2 of Plaintiff's Third Set of Interrogatories, Admission Requests 2 and 6 of Plaintiff's First Request for Admissions, and Admission Requests 33, 36-44, 47, and 49-52 of Plaintiff's Second Request for Admissions.

PLAINTIFF'S REQUESTS FOR ADMISSIONS

Admission 2 of Plaintiff's First Set of Requests for Admissions requested that defendant admit that " each piece of 'equipment' intended to operate 'in benzene service' at the Refinery at any time from June 6, 1984 to the present is or was an existing source for purposes of 40 C.F.R. § 61.05(c), § 61.10(a), § 61.111, and § 61.24 (with respect to the definition of 'semiannual'), and § 61.247(a)." *See,* Government Exhibit 1. In its Answer, Chevron argues that the matter is irrelevant. Additionally, in its Memorandum of Law in support of Chevron's Response, Chevron argues that it cannot respond to Request No. 2 in a simple and concise fashion, and therefore, that the request is improper pursuant to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Not Reported in F.Supp., 1989 WL 100927 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

Rule 36.

Defendant's objection on the grounds of irrelevancy is overruled. Request for Admission No. 2 concerns the existence of equipment at the Chevron refinery which was intended to operate in benzene service and thus is relevant.

However, the defendant's objection that Request No. 2 cannot be answered in a simple and concise fashion and is improper pursuant to Rule 36 is sustained. When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections. *See, Thalheim v. Eberheim,* 124 F.R.D. 34, 35 (D.Conn.1988). Generally, with respect to requests, "(t)he facts should be stated singly, so that the party called upon to make answers need not write an essay in reply." 4A J. Moore, *Federal Practice* ¶ 36.05(2) at 51 (1987). *See also Thalheim, supra* at 35.

*2 Federal Rule of Civil Procedure 36(a), which authorizes the service of requests for admissions, provides as follows with respect to the form of response to such requests:

The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

The purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested. *See, United Coal Companies v. Powell Const. Co.,* 839 F.2d 958, 967 (3rd Cir.1988); *Webb v. Westinghouse Elec. Corp.,* 81 F.R.D. 431, 436 (E.D.Pa.1978). Regardless of the subject matter of the Rule 36 request, the statement of the fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification. *United Coal Companies, supra, citing Havenfield Corp. v.*

*H & R Block, Inc.,* 67 F.R.D. 93, 96 (W.D.Mo.1973) . As this Court stated in *Johnstone v. Cronlund,* 25 F.R.D. 42 (E.D.Pa.1960), a request for an admission, except in a most unusual circumstance, should be such that it could be answered yes, no, the answerer does not know, or a very simple direct explanation given as to why the party cannot answer, such as in the case of privilege. *Id.* at 46; *United Coal Companies, supra. See also Havenfield Corporation, supra.* Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation. *Johnstone, supra,* at 45; *United Coal Companies, supra.*

In the present matter, Request for Admission No. 2 is not stated in simple and concise terms so that it can be denied or admitted with an absolute minimum of explanation or qualification. *See, United Coal Companies, supra; Havenfield Corporation, supra.* A good faith answer to the request cannot be given in a simple and concise fashion because the answer depends on the interpretation of the term "existing sources" as defined by the benzene NESHAP. Although Chevron generally denies that "each" piece of equipment in benzene service at the refinery is or was an "existing source," *see, Defendant's Memorandum of Law In Support of Chevron's Response to Plaintiff's Second Motion to Compel Discovery,* p. 6, Chevron and the plaintiff are at odds over the precise legal scope of the definition of the term "existing source". Thus, Request for Admission No. 2 is not a proper request because Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation. *Johnstone, supra* at 45; *United Coal Companies, supra.*

Admission 6 of Plaintiff's First Set of Requests for Admissions requested that defendant admit that " (t)he pieces of equipment listed on the December 5, 1984 Master List were not monitored by detection instrument for purposes of the benzene NESHAP during the period from September 5, 1984 through February 28, 1985. Chevron denied the request.

*3 Plaintiff asks this Court to compel Chevron to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Not Reported in F.Supp., 1989 WL 100927 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

identify those pieces of equipment on the December 5, 1984 list that have not been monitored as part of Chevron's benzene program pursuant to Rule 33. Chevron responds that its answer with a general denial is entirely appropriate because at least some of the equipment on the subject list had in fact been inspected and monitored for purposes of the benzene NESHAP during the relevant time period.

This Magistrate finds that Chevron's answer to Request for Admission No. 6 is an appropriate answer pursuant to Federal Rule of Civil Procedure 36. Plaintiff's Request asks Chevron to admit that all pieces listed on the December 5, 1984 master list were not monitored by a detection instrument for purposes of the benzene NESHAP during a certain period of time. Chevron denies the request on the grounds that "Furmanite, Inc. had by that date begun to inspect and repair equipment subject to the benzene NESHAP." *See,* Government Exhibit 2, pg. 6.

When a request is denied, the court must consider: (1) whether the denial fairly meets the substance of the request; (2) whether good faith requires that the denial be qualified; and (3) whether any " qualification" which has been supplied is a good faith qualification. *See, Thalheim, supra* at 35. Chevron's answer to Request No. 6 is sufficient.

Although the plaintiff seeks to have Chevron identify which pieces of equipment on the December 5, 1984 had not been monitored, that is not consistent with the purpose of Rule 36. As previously stated, a request for an admission, except in a most unusual circumstance, should be such that it could be answered yes, no, the answerer does not know, or a very simple direct explanation given as to why the party cannot answer. *Johnstone, supra* at 46. Rule 36 should not be used, however, unless the statement can be admitted or denied without explanation. *Johnstone, supra* at 45. To require Chevron to set forth in detail all pieces of equipment that were inspected and monitored during the specified time period would be unduly burdensome and inconsistent with the purposes of Rule 36. *See, United Coal Companies, supra; Johnstone, supra; Haverfield Corporation, supra.*

Request for Admission No. 33 of Plaintiff's Second Set of Requests for Admissions concerns a May 28, 1987 General Release which was executed in Chevron's favor by the City of Philadelphia. On September 28, 1987, four months after the General Release was executed, the City sent a letter to Chevron about the settlement.

Admission 33 requests that Chevron admit that " (f)ollowing counsel for Chevron U.S.A. Inc.'s receipt of the City of Philadelphia's September 28, 1987 letter, Chevron U.S.A. Inc. did not object, in writing or otherwise, to the City's indication that the $185,000 was only in settlement for all past violations of the City's sulfur dioxide regulation." Chevron answers that the matter addressed is irrelevant.

**\*4** Chevron's objection to this Request for Admission on the grounds of irrelevancy is overruled. Federal Rule of Civil Procedure 26(b)(1) states that "(p)arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party ..." In construing the scope of Rule 26(b)(1), the Court in *Marker v. Union Fidelity Life Ins. Co.,* 125 F.R.D. 121, 124 (M.D.N.C.1989), stated that:

Relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340 (1978). Rather, discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action. As a result, discovery rules are to be accorded broad and liberal construction. (emphasis added)

Chevron has raised the issue of the May 28 1987 General Release between Philadelphia and Chevron in the Defendant's affirmative defenses to the Plaintiff's Complaint. Plaintiff's Request for Admission 33 concerns this General Release between Philadelphia and Chevron. Therefore, because the discovery rules are to be accorded

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                    Page 4

Not Reported in F.Supp., 1989 WL 100927 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

broad and liberal construction, *see, Marker, supra,* Request for Admission 33 in Plaintiff's Second Set of Requests for Admissions is relevant, and Chevron must answer the request.

Admission requests 36-44 and 49-52 of Plaintiff's Second Set of Requests for Admissions asked defendant to admit that pieces of equipment in benzene service listed on Chevron's February 5, 1989 master list had not been marked or monitored as part of defendant's benzene program as required by the benzene NESHAP. Chevron responds that these Requests are inappropriate under Rule 36 because they are phrased in such a manner as to prevent any simple or concise response. Chevron further argues that plaintiff's Requests were unreasonably burdensome because the responding party would have the burden of determining which portions of the incorporated material contain relevant matters of fact which must be admitted or denied.

As previously noted, a request should be stated in simple and concise terms so that it can be admitted or denied with a minimum of explanation or qualification. *United Coal Companies, supra.* Ordinarily the facts admitted in an answer to a request for admission should be ascertainable merely by examination of the request and of the answer. *See, United States v. Watchmakers of Switzerland Inf. Ctr.,* 25 F.R.D. 197, 200 (S.D.N.Y.1959). *See also Securities & Exchange Com'n v. Micro-Moisture Con.,* 21 F.R.D. 164 (S.D.N.Y.1957).

Admission Requests 36-44 and 49-52 concern a compilation of information prepared by the plaintiff, allegedly listing equipment which was inadequately marked and monitored pursuant to the benzene NESHAP. Requests for Admissions 36-44 and 49-52 are not stated in simple and concise terms so that they can be admitted or denied without a minimum of explanation or qualification. *See, United Coal Companies, supra.* Additionally, the facts asked to be admitted in answering these Requests are not ascertainable by mere examination of the requests and answers. *See, Watchmakers of Switzerland Inf. Ctr., supra.* Instead, the Requests refer to a complicated sixty (60) page document

which incorporates other numerous documents. Chevron's objections to Request for Admissions 36-44 and 49-52 are therefore sustained.

**\*5** Admission request No. 47 of Plaintiff's Second Set of Requests for Admissions concerns a document which contains a list of alleged equipment leaks not repaired after 15 days as required under the benzene NESHAP. Plaintiff asked defendant to admit that the leaks were not " repaired" as defined at 40 C.F.R. § 61.241, within 15 calendar days after the date of leak detection and that none of the exceptions provided in 40 C.F.R. § 61.242-10 were applicable. Chevron argues that Request for Admission No. 47 is inappropriate because it was not drafted so as to permit a simple and concise response with a minimum of explanation.

Chevron's objection is sustained. Request for Admission No. 47 refers to a compilation of information prepared by the plaintiff in a twenty-eight (28) page document which incorporates other numerous documents. This Request is not stated in simple and concise terms so that it can be admitted or denied with a minimum of explanation or qualification. *See, United Coal Companies, supra.* The Request concerns numerous pieces of equipment and the applicability of technical leak exceptions listed in 40 C.F.R. § 61.242-10. Furthermore, the facts asked to be admitted in answering this request are not ascertainable by examination of the request and answer. *See, Watchmakers of Switzerland Inf. Ctr., supra.* Request for Admission No. 47, therefore, is not a proper Request pursuant to Rule 36.

## PLAINTIFF'S INTERROGATORIES

Plaintiff's Interrogatories 4-7 of Plaintiff's Second Set of Interrogatories requested that defendant identify the dates that pieces of equipment in benzene service at the Philadelphia refinery were first marked and monitored as part of Chevron's benzene NESHAP program, the pieces of equipment which were not repaired within 15 days after discovery of leaks, and the documents which explain why leaks were unrepaired beyond 15 days.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Not Reported in F.Supp., 1989 WL 100927 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

Chevron's answer to plaintiff's Interrogatories 4-7 is that the Interrogatories are "unreasonably burdensome, repetitive, and designed merely to annoy and harass Chevron in the last closing month before the June 23, 1989 close of discovery." *See,* Government Exhibit 2, pg. 6-9. Chevron alleges that documents responsive to these Interrogatories have already been produced pursuant to Federal Rule of Civil Procedure 33(c), and witnesses knowledgeable about the documents have been deposed pursuant to Federal Rule of Civil Procedure 30(b)(6) and individually. *See,* Government Exhibit 2, pg. 6-9.

In appropriate situations, Rule 33(c) gives a party served with an interrogatory the option, within certain limitations, to respond by specifying records from which the answer may be derived and providing the discovering party with an opportunity to inspect those records. *Willemijn Houdstermaatschaapij BV v. Apollo Computer,* 707 F.Supp. 1429 (D.Del.1989). To be a proper response under Rule 33(c), such a specification must be sufficiently detailed "to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answers may be obtained." Fed.R.Civ.P. 33(c); *Apollo Computer, supra* at 1440. The party served has a duty to specify the category and location of those records which contain the responses to the interrogatory. Fed.R.Civ.P. 33(c), *Notes of Advisory Committee on Rules,* 1980 Amendments. *See also Apollo Computer, supra* at 1440.

**\*6** Chevron states that in responding to Plaintiff's Interrogatories 14-18 of the First Set of Interrogatories, it has produced documentation detailing the Philadelphia Refinery's efforts to comply with benzene NESHAP. Chevron claims that those interrogatories largely duplicate Interrogatories 4-7 of Plaintiff's Second Set of Interrogatories.

Chevron has not demonstrated to this Court, however, that its response to Plaintiff's First Set of Interrogatories directing Defendant to certain documents, is a sufficient response to Plaintiff's Second Set of Interrogatories. To be a proper

response under Rule 33(c), Chevron must specify the category and location of the records which contain the responses to the interrogatory. *See,* Fed.R.Civ.P. 33(c), *Notes of Advisory Committee on Rules,* 1980 Amendments. *See also Apollo Computer, supra* at 1440. Contrary to what Chevron claims, the fact that plaintiff alleges that Government Exhibits 5 and 6 contain lists of equipment in benzene service at the Philadelphia refinery which leaks or was not appropriately marked for purposes of benzene NESHAP does not demonstrate to this Court that all of the information sought by Interrogatories 4-7 has already been supplied and sufficiently identified by Chevron. Therefore, Chevron must provide the plaintiff with a more detailed answer to Interrogatories 4-7 identifying the documents from which plaintiff can ascertain answers.

Plaintiff's Interrogatory 1 of Plaintiff's Third Set of Interrogatories requests that defendant state certain information in response to any of plaintiff's second requests for admissions to which defendant responded by other than an unqualified admission. Interrogatory 2 of Plaintiff's Third Set of Interrogatories requests that defendant identify all pieces of replacement equipment in benzene service at the Philadelphia refinery since September 4, 1984. Defendant responds that it has already produced such records to plaintiff. Plaintiff alleges that this response is insufficient within the meaning of Rule 33(c) and asks this Court to compel a more complete response.

As previously stated, to be a proper response under Rule 33(c), when a party is specifying records from which the answers may be derived, such a specification must be sufficiently detailed "to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answers may be obtained." Fed.R.Civ.P. 33(c); *Apollo Computer, supra* at 1440. Chevron has a duty to specify the category and location of the records which contain the responses to the interrogatories. *See,* Fed.R.Civ.P. 33(c), *Notes of Advisory Committee on Rules,* 1980 Amendments. *See also Apollo Computer, supra* at 1440. Therefore, Chevron must provide plaintiff with more detailed answers to Interrogatories 1 and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Not Reported in F.Supp., 1989 WL 100927 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

2 of Plaintiff's Third Set of Interrogatories identifying the documents from which plaintiff can readily ascertain answers.

*7 An appropriate Order follows.

## ORDER

AND NOW, this 29th day of August, 1989, upon consideration of plaintiff's second motion to compel discovery, or in the alternative to determine the sufficiency of answers, it is hereby ORDERED that:

1. Said motion is DENIED with respect to admission nos. 2 and 6 of plaintiff's first set of requests for admissions. and admission nos. 36-44, 47, and 49-52 of plaintiff's second set of requests for admissions.

2. Defendant is directed to serve responsive answers to admission no. 33 of plaintiff's second set of requests for admissions within twenty (20) days of the date of this Order.

3. Defendant is directed to serve full and complete answers to interrogatory nos. 4-7 of plaintiff's second set of interrogatories upon plaintiff, within twenty (20) days of the date of this Order.

E.D.Pa.,1989.
U.S. v. Chevron U.S.A. Inc.
Not Reported in F.Supp., 1989 WL 100927 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:88cv06681 (Docket) (Aug. 29, 1988)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT G

Westlaw.

Not Reported in F.Supp.

Not Reported in F.Supp., 1995 WL 347003 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
  United States District Court, E.D. Pennsylvania.
  Lynn CARUSO, Administratrix of the Estate of
  Gustave Caruso, Deceased and Lynn Caruso,
            Individually
               v.
    The COLEMAN COMPANY, et al.
    **Civ. A. No. 93-CV-6733.**

          June 7, 1995.

Richard M. Ochroch, Leslie J. Castaldi, Ochroch
and Blum, P.C., Philadelphia, PA, for Lynn Caruso.
Edward B. Joseph, Goldfein & Joseph,
Philadelphia, PA, for Coleman Co. Inc.
Donald M. Davis, Michael J. Burns, Margolis,
Edelstein and Scherlis, Philadelphia, PA, Joel K.
Goldman, Herbert C. Donovan, Husch and
Eppenberger, Kansas City, MO, for Turner, a Div.
of Cooper Industries.
Donald M. Davis, Margolis, Edelstein, Scherlis,
Sarowitz & Kraemer, Philadelphia, PA, Joel K.
Goldman, Herbert C. Donovan, Hush and
Eppenberger, Kansas City, MO, for Turner, Inc.
Wayne A. Mack, Jr., Duane, Morris & Heckscher,
Philadelphia, PA, H. Roderic Heard, Brian W.
Lewis, Elizabeth M. Keiley, Wildman, Harrold,
Allen and Dixon, Chicago, IL, for E.M. Sector
Holdings, Inc., Alliedsignal, Inc.

    MEMORANDUM AND ORDER

NAYTHONS, United States Magistrate Judge.
**\*1** Presently before this Court is Plaintiff's Motion
to Determine Sufficiency of Answers and
Objections of Defendant, the Coleman Company,
Inc., to Plaintiff's Request for Admissions, and
defendant's response. In her Requests for
Admissions ("RFAs"), plaintiff submitted 117
RFAs to defendant in "Part (A)", and 37 RFAs in "
Part (B)". She now argues that defendant has

provided insufficient answers, evasive denials, and
frivolous objections to the vast majority of these
RFAs. Therefore, plaintiff asks this Court to
require defendant to amend 82 of its answers to
plaintiff's RFAs or deem those Requests admitted.

Federal Rule of Civil Procedure 36 governs
requests for admissions. Rule 36(a) states in
pertinent part:
A party may serve upon any other party a written
request for the admission ... of the truth of any
matters within the scope of Rule 26(b)(1) set forth
in the request that relate to statements or opinions of
fact or of the application of law to fact, including
the genuineness of any documents, described in the
request. Copies of documents shall be served with
the request unless they have been or are otherwise
furnished or made available for inspection and
copying.

The party who has requested the admissions may
move to determine the sufficiency of the answers or
objections. Unless the court determines that an
objection is justified, it shall order that an answer be
served. If the court determines that an answer does
not comply with the requirements of this rule, it
may order either that the matter is admitted or that
an amended answer be served.

  PART A-REQUEST FOR ADMISSIONSI.
        OBJECTIONS

Pursuant to Rule 36(a), defendant has objected to
several requests for admissions. Rule 36(a)
provides that a matter is admitted unless the
responding party denies the matter or objects to it.
If an objection is made, the rule requires that the
responding party shall set forth the reasons for the
objection. Fed.R.Civ.P. 36(a). However, the
purpose of Rule 36(a) Requests for Admissions is to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp., 1995 WL 347003 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

narrow the issues for trial to those which are genuinely contested. *United Coal Companies v. Powell Const. Co.,* 839 F.2d 958, 967 (3d Cir.1988) . Therefore, the responding party may not object to a request solely on the ground that the request presents a genuine issue for trial. Fed.R.Civ.P. 36(a) . Instead, the party may deny the matter or set forth reasons why the party cannot admit or deny it. *Id.; see also* 1970 Amendment to Fed.R.Civ.P. 36, Notes of Advisory Committee.

In the present case, defendant does not properly object to RFAs Nos. 74, 78, 79, 80, 88, FN1 89, 90, 91. Defendant alleges first that these RFAs present disputed evidentiary issues. As discussed above, that is not a proper objection. In addition, defendant objects to several of these requests as seeking the mental impressions of an individual who is not a party to this action. FN2 However, Rule 36(a)'s requirement of "reasonable inquiry" does extend to third parties, if there exists sworn deposition testimony of such third party. *See Diederich v. Dept. of Army,* 132 F.R.D. 614, 620 (S.D.N.Y.1990) (Rule 36(a)'s requirement of " reasonable inquiry" does not extend to third parties, absent sworn deposition testimony of such third party); *Dubin v. E.F. Hutton Group Inc.,* 125 F.R.D. 372, 374 (S.D.N.Y.1989), *citing, Asea, Inc. v. Southern Pac. Transp. Co.,* 669 F.2d 1242, 1244-45 (9th Cir.1981). Here, the party is Mr. Schmidt, a current and long-term employee of the Coleman Company, who was deposed in this case and testified to the same issues in a prior case. Therefore, defendant would be required to make reasonable inquiry as to Mr. Schmidt's testimony. Finally, grounds for objections are not that the quoted or referenced statements are misquoted or taken out of context. Instead, a party is to deny that admission, and when good faith requires that a party qualify an answer or deny only part, the party shall specify so much of it as is true and qualify or deny the remainder. *See* Fed.R.Civ.P. 36(a); *see also Diederich,* 132 F.R.D. at 619 (qualification permitted when statement contains some truth, but standing alone out of context, conveys unwarranted and unfair inferences). Therefore, defendant should have either admitted or denied the RFAs, or set forth reasons why it could not admit or deny them.

*2 However, when the requests for admissions are " unreasonably cumulative" and "duplicative" of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a). *See Flanders v. Claydon,* 115 F.R.D. 70, 72 (D.Mass.1987). In the present case, there is no expectation that these requests would narrow or eliminate the issues for trial, since the defendant's positions on each of the requests is explicitly stated in clear and unambiguous terms at the many depositions taken in this case. A request for admission as to whether or not a particular witness testified to certain information at a deposition is duplicative of the deposition itself. The plaintiff can use the statements made at the deposition at trial. *See* Fed.R.Civ.P. 32(a)(2); *Flanders,* 115 F.R.D. at 72. Since I see absolutely no proper purpose to the requests, I will deny plaintiff's motion to seek defendant to serve further responses. *Flanders, supra.*

RFA No. 73 is the only request in which the defendant makes a proper objection. RFA No. 73 seeks a conclusion of law, and a request as to a pure matter of law is not permitted. *Diederich,* 132 F.R.D. at 617; *Government Employees Ins. Co. v. Benton,* 859 F.2d 1147, 1148-49 n. 3 (3d Cir.1988). Therefore, the objection to RFA No. 73 is proper and plaintiff's motion is denied as to RFA No. 73.

## II. DENIALS

Plaintiff argues that defendant did not sufficiently respond to her RFAs Nos. 27, 32, 34, 37, 39, 40, 43, 57, 83, 84, 87, 94, 95, 96, 97, and 116. For the most part, defendant denied these Requests, or admitted in part; denied in part. Rule 36(a) provides that if a responding party denies the requested matter, the form of the response to such requests shall:
specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                    Page 3

Not Reported in F.Supp., 1995 WL 347003 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

remainder.

Fed.R.Civ.P. 36(a).

Where issues in dispute are requested to be admitted, a denial is a perfectly reasonable response. *United Coal,* 839 F.2d at 967. Furthermore, the use of only the word "denied" is often sufficient under the rule. *Id.,* citing *Continental Casualty Co. v. Brummel,* 112 F.R.D. 77 81-82 n. 2 (D.Colo.1986); *Kleckner v. Glover Trucking Corp.,* 103 F.R.D. 553, 557 (M.D.Pa.1984). However, qualifications are permitted when good faith requires that a party qualify an answer or deny only part. *See* Fed.R.Civ.P. 36(a); *see also Diederich,* 132 F.R.D. at 619.

Specifically, plaintiff argues that RFAs Nos. 27, 37, 39 and 116, are not sufficient pursuant to Rule 36(a). RFA No. 27 requests defendant to admit that the lantern involved in this case emits carbon monoxide when in use. Defendant denied the request in part, denying that the lantern emitted carbon monoxide in use because a Coleman Lantern which is properly used and maintained does not produce dangerous levels of carbon monoxide. This denial is evasive, since Coleman does not specifically deny the matter. *See Asea,* 669 F.2d at 1245. Instead, defendant states that when properly used the lantern does not produce *dangerous* levels of carbon monoxide. Since the response does not comply with the literal requirements of Rule 36(a), this court may, in its discretion, deem the matter admitted or order that an amended answer be served. *See* Fed.R.Civ.P. 36(a); *Asea,* 669 F.2d at 1245. Therefore, this Court orders that RFA No. 27 is deemed admitted since defendant's answer implies that carbon monoxide is emitted when it denied that "dangerous levels" are emitted. FN3

**\*3** Both RFAs No. 37 and No. 39 contained typographical errors and were specifically denied by defendant because of those errors. RFA No. 37 asked defendant to admit that on the carton in which the Coleman lantern was sold was printed "The Coleman Commitment". Plaintiff quoted this " Commitment" but it referred to the year 1990 instead of the year 1900 as the year William

Coleman founded the company. Defendant denied this request stating that the Coleman company was not founded in 1990. No other explanation or answer was given. In RFA No. 39, plaintiff quoted the warning on the lantern base and included the term "[sic]" in the warning referring to a typographical error in the actual warning label. Defendant simply denied this request and in the interrogatory answered that the warning did not contain the term "[sic]".

Such responses by defendant are clearly deficient under Rule 36. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. *Philadelphia Gear Corp. v. Techniweld, Inc.,* No. 90-5671, 1992 WL 99622, \*2-3, 1992 U.S.Dist. LEXIS 6555, \*6-7 (E.D.Pa. May 1, 1992). Answers that appear to be nonspecific, evasive, ambiguous and appear to go to the accuracy of the requested admissions rather than the "essential truth " contained therein are impermissible and must be amended. *Philadelphia Gear,* 1992 WL 99622, \*2-3, 1992 U.S.Dist. LEXIS 6555, \*6, *quoting, United States v. Nicolet, Inc.,* 1989 W.L. 51734 (E.D.Pa.1989). Therefore, defendant will be ordered to amend its answers as to RFAs Nos. 37 and 39, specifying which part of the requested admissions it denies, and answering the remaining part of the requests. FN4

Also, RFA No. 40 asks defendant to admit that the lantern and heater allegedly found in the camping trailer in which the decedents died were tested and that those test results were attached as Exhibit "2". Defendant admitted in part; but denied that the test results were attached as Exhibit "2". Instead, defendant stated that the test results speak for the themselves and denied that the information in Exhibit "2" is relevant or admissible at trial. This denial of the exhibit is not a proper response. The RFA did not request defendant to verify the truth of the contents of Exhibit "2", it simply asked defendant to authenticate the document as being the test results. FN5 Attorneys and experts for Coleman and Turner were present for the test

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Not Reported in F.Supp., 1995 WL 347003 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

results. In addition, Randy May testified at deposition that the test results were accurate. *See* Plaintiff's Exhibit "F" at pp. 158-59, attached to Plaintiff's Motion. Since the exhibit accurately portrays the test results, then defendant must admit it, and if necessary, defendant may present evidence at trial contradicting the results. *Doe v. Mercy Health Corp.,* No. 92-6712, 1993 WL 377064, *11, 1993 U.S.Dist. LEXIS 13347, *36 (E.D.Pa. Sept. 16, 1993) (if the statements are accurately quoted or referenced, responding party must admit the RFA, but is free to present evidence at trial contradicting the quoted or referenced statement). Therefore, Exhibit "2" attached to RFA No. 40 is deemed admitted.

**\*4** Finally, plaintiff argues that defendant's response to RFA No. 116 is not sufficient. RFA No. 116 requests defendant to admit that Coleman Company is a citizen of the State of Kansas and the State of Delaware. Defendant admitted that its place of incorporation and/or principal place of business is not New Jersey or Pennsylvania, but denied that Coleman is a citizen of the State of Kansas and the State of Delaware, "because a corporation is never known as a 'citizen' of any state." This denial is evasive and incorrect, since a corporation is considered to be a citizen of a state in which it is incorporated and in which it has its principal place of business, for purposes of jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *U.S.F. & G. Co. v. DiMassa,* 561 F.Supp. 348, 350 (E.D.Pa.), *aff'd,* 734 F.2d 3, 9 (3d Cir.1983). In addition, the application of law to fact is a permissibly request under Fed.R.Civ.P. 36(a). *See* 1970 Amendment to Fed.R.Civ.P. 36, Notes of Advisory Committee; *McSparran v. Hanigan,* 225 F.Supp. 628, 636 (E.D.Pa.1963) (plaintiff admitted that premises on which accident occurred, were occupied or under the control of defendant). Since the response is evasive and does not comply with the literal requirements of Rule 36(a), this court may, in its discretion, deem the matter admitted or order that an amended answer be served. *See* Fed.R.Civ.P. 36(a); *Asea,* 669 F.2d at 1245. Therefore, this Court orders that RFA No. 116 is deemed admitted.

RFAs Nos. 32 and 34 involve disputed issues of whether the decedent died while the Coleman

Lantern was inside the trailer. In addition, RFAs Nos. 43 and 57 involve disputed issues regarding the levels of carbon monoxide at the testing of the lantern, Coleman's knowledge of the dangers of carbon monoxide poisoning, and its motivation in designing exhibit P-14 (instruction tag on Focus 5 Heater). Because these requests involve issues legitimately disputed, the denials are sufficient answers. *United Coal,* 839 F.2d at 967. If the request presents a genuine issue for trial then the responding party may deny the matter. Fed.R.Civ.P. 36(a); *see also* 1970 Amendment to Fed.R.Civ.P. 36, Notes of Advisory Committee. Plaintiff's only recourse is to use Rule 37(c) after trial to seek reimbursement for having to "prove" the purported "facts" contained within the above requests, but only if defendant's denials are later found to be not "substantially justified." *See Foretich v. Chung,* 151 F.R.D. 3, 5 (D.D.C.1993).

Defendant also denied several RFAs due to plaintiff's allegedly "compound, complex and ambiguous manner" in which she phased them and which required defendant to qualify the requests themselves. *See* Defendant's Memorandum at 37. In RFAs Nos. 94, 95, 96, and 97, plaintiff requests defendant to admit that Coleman is "the leading" manufacturer of camping products in various markets. Defendant admitted that it is "a leading manufacturer" but denied that it is "*the* leading manufacturer". There is nothing evasive or improper about defendant's qualification of its responses. The answers need not be amended.

**\*5** In RFAs Nos. 83 and 84, defendant denied the requests because the terms "surveys", "studies", "tests", and "adequacy" were ambiguous. Although the phrases appear to have a clear and common meaning in the context in which they are used, especially in light of the deposition testimony that clearly discusses that no "surveys, etc. were performed", this Court will not require defendant to amend or qualify these requests. In the circumstances of this case, these requests for admissions are "unreasonably cumulative and duplicative" of other discovery which the plaintiff has taken in this case. Fed.R.Civ.P. 26(b)(1). The deponents of the defendant explicitly stated at deposition in clear and unambiguous terms its

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                         Page 5

Not Reported in F.Supp., 1995 WL 347003 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

position on each of these requests. The plaintiff can use the statements made at the depositions at trial. Fed.R.Civ.P. 32(a)(2). Therefore, although I find that the sufficiency of the responses to those requests were inadequate, I will deny plaintiff's Motion to the extent that it seeks an order requiring defendant Coleman to serve further responses. *See Flanders,* 115 F.R.D. at 72.

### III. LACK OF INFORMATION

Finally, plaintiff complains of defendant's refusal to admit or deny the remaining requests for admissions. Defendant claimed that it had insufficient information to admit or deny either entirely or in part the following requests: 2-15, 17, 18, 20-25, 31, 33, 34, 43, 44, 46, 49, 50, 114.

Fed.R.Civ.P. 36(a) sets forth specific tests which must be met before a party may claim an inability to admit or deny. Rule 36(a) states, "[an] answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny."

The fault with many of these requests is not the responses but the language of the requests themselves. Many of the requests seek several conclusions within each request regarding certain facts. For example, RFA No. 25 requests defendant to admit that "[t]he Coleman propane cylinder, Model 5102-712, which was attached to the Turner Model 2440 Radiant Heater found in the camping trailer on November 30, 1992, had not been altered." Defendant admitted that the cylinder was not altered but stated that it had no personal knowledge that the cylinder was found in the trailer or attached to the heater. In addition, RFA No. 33 requests defendant to admit that "[t]he Turner Model 2440 Radiant Heater and the Coleman Model 5152B700 Two Mantle Lantern were the only sources of carbon monoxide in the camping trailer at the time of the decedents' death." Defendant stated that "[a]fter reasonable inquiry, the information known or readily obtainable by

answering defendant is insufficient to enable it to admit or to deny this request."

These RFAs are typical examples of the wording of plaintiff's requests. Many of the RFAs imply that defendant's lantern was conclusively shown to be inside the trailer at the time of death FN6 and specifically RFA No. 25 implies that defendant's lantern and the Turner heater caused the decedents death. At issue in this case is whether Coleman's lantern was actually within the trailer and whether it was a contributing factor to the deaths. These issues are for the jury to decide. To compel a responding party to answer questions that unfairly infer a particular or varied conclusion from the fact admitted, or to compel answers to vague and indefinite questions capable of more than one interpretation and requiring an explanation, thwarts the purposes of Rule 36(a). *See Johnstone v. Cronlund,* 25 F.R.D. 42, 45 (E.D.Pa.1960). The purpose of Requests for Admissions is to narrow or eliminate issues in a case, therefore, "[e]ach request for admissions must be direct, simple and limited to singular relevant facts, so that 'it can be admitted or denied without explanation.'" *Dubin,* 125 F.R.D. at 375 (citations omitted); *Johnstone,* 25 F.R.D. at 45 (Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation). They should not state "half a fact" or "half truths" which require the answering party to qualify responses. *Dubin,* 125 F.R.D. at 375-76.

*6 I find that these requests present compound issues and complex questions within a singular request. However, this Court should not have to sort out the questions and break them down into categories and compel the adversary to answer one part and not answer the other. *Johnstone,* 25 F.R.D. at 46. To hold otherwise would lead to long and interminable hearings on requests for admissions which would serve no real purpose. *Id.* Defendant has answered the RFAs to the extent that it can. Any other issues will be determined at trial. Therefore, plaintiff's Motion is denied as to RFAs Nos. 2-15, 17, 18, 20, 21, 22, 23, 24, 25, 31, 33, 34, 43, 44, 46. FN7

RFAs Nos. 49, 50, and 114 requests defendant to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                    Page 6

Not Reported in F.Supp., 1995 WL 347003 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

admit or deny statements regarding the decedent's age and health, and plaintiff's domicile. Defendant claims that these requests seek admissions as to what is exclusively within plaintiff's control. *See* Defendant's Memorandum at 25. However, defendant has access to this information from numerous sources in which it would be capable of conclusively admitting or denying these facts. As stated numerous times, the purpose of Requests for Admissions is for the parties to determine if they agree on particular facts, consequently narrowing or eliminating issues. *Dubin,* 125 F.R.D. at 375; *see also Diederich,* 132 F.R.D. at 618 (very purpose of requests for admissions is to seek admissions from responding party as to what the other party believes is true). In these requests, plaintiff has presented a simple and direct statement in which defendant has the ability to admit or deny. Therefore, defendant is ordered to amend its responses to RFAs Nos. 49, 50, and 114.

### PART B-AUTHENTICITY OF DOCUMENTS

In Part B of her Request for Admissions, plaintiff asked defendant to admit the genuineness and authenticity of 29 documents. Defendant generally objected to and specifically denied these requests stating that RFAs were not meant to be used to establish the authenticity of a document and denied the genuineness of each document individually, since they were copies and not originals. In its Memorandum, defendant stated that its objection was a result of the "confusion caused by plaintiff's request" to admit or deny the "authenticity *and* genuineness of the attached pieces of paper." *Id.* The defendant further stated that if this Court interprets plaintiff's requests as asking for the same thing, then it requests this Court to review its denials and not consider its stated objections.

Rule 36(a) permits a party to obtain an admission from an adversary as to the genuineness of any document. Fed.R.Civ.P. 36(a). In the English Language, authenticity and genuineness mean the same. *See The Random House College Dictionary,* Revised Ed. pp. 91, 551 (1982). Therefore, per defendant's request, its objections will not be considered.

Defendant denied the genuineness of the documents referred to in RFAs Part B, Nos. 1-11, and 13-28, since they were photocopies and not originals. Essentially, defendant argues that by providing copies with its requests, plaintiff imputed importance on the attached copies rather than the documents described within plaintiff's requests. *See* Defendant's Memorandum at 37 n. 5. However, defendant interprets Rule 36 too broadly. Rule 36 requires that any documents involved in the request for admissions be described in the request and that copies "be served with the request unless they have been or are otherwise furnished or made available for inspection and copying." *See* Rule 36(a); 4A Moore's Federal Practice, 2nd, Ed., § 36.03[4] (1994). The emphasis in the rule is to ensure that the requests for admissions are detailed enough to allow the responding party to identify the document. 4A Moore's Federal Practice, § 36.03[4].

*7 Here, in order to facilitate that concern, plaintiff attached copies of each document she sought a request for admission. If defendant can show that the copies of the documents attached to plaintiff's requests have been altered or changed in some *substantive* manner from the originals, then that would be a proper denial. *See Doe,* 1993 U.S.Dist. LEXIS 13347, *36 (if responding party believes the documents do not say what the other party asks it to admit they do, or are otherwise "taken out of context ", responding party may deny the RFA). However, in responding to RFAs of Part B, Nos. 1-11, 14, and 28, defendant simply denies that each exhibit is a genuine document (i.e., the records of the Pennsylvania State Police [Exhibit "3"] ) because it is a copy and not an original, and that the copies have exhibit tags made by counsel. Defendant also states that the copies have "other markings" inconsistent with their being considered genuine documents, but defendant does not state what those "other markings" are. These denials are not sufficient under Rule 36(a). Therefore, defendant will be ordered to amend its answers as to RFAs of Part B, Nos. 1-11, 14, and 28.

Defendant denies RFAs of Part B, Nos. 15-26, using the same language as the above denials, and additionally denies these requests because the documents are stamped with "SUBJECT TO

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                      Page 7

Not Reported in F.Supp., 1995 WL 347003 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

PROTECTIVE ORDER 30380" which was done to protect the proprietary nature of the document. Defendant wants to remove the stamp from the documents should they be considered by the Court to be admissible at trial. However, these denials do not comply with the literal requirements of Rule 36(a). A denial should not be made because there is a question regarding the admissibility of the evidence. An admission as to the genuineness of a document is made subject to all pertinent objections to admissibility which could be interposed at the trial. *See* 4A Moore's Federal Practice, § 36.03[7.-1]. Therefore, defendant will be ordered to amend its answers as to RFAs of Part B, Nos. 15-26.

Defendant's responses to RFAs of Part B, Nos. 13 and 27 are sufficient since defendant stated that the records or other documents are taken out of a full and otherwise complete document and do not accurately reflect the context of the full and otherwise complete and genuine document. Plaintiff may move for sanctions after trial pursuant to Rule 37(c)(2), if she proves the genuineness of these documents. The court may require the party denying the genuineness of any such document to pay the party requesting the admission the reasonable expenses incurred in making such proof, including reasonable attorney's fees. *See* 4A Moore's Federal Practice, § 36.03[7.-2]. FN8

Perhaps mistakenly, defendant objected to RFA No. 29 for the same reasons it denied RFA Nos. 13 and 27. However, this objection is not a proper response to the request. Therefore, defendant is ordered to simply amend its response to No. 29 if it believes that the "report" is taken out of context. *See Doe,* 1993 U.S.Dist. LEXIS 13347, *36.

*8 Finally, defendant objects to being asked to admit to the genuineness of the document attached to RFA of Part B, No. 12. Defendant objects to this RFA because plaintiff has failed to indicate that she has taken steps to protect this proprietary data should she seek its admission at trial. Defendant further objects because the document is stamped with "SUBJECT TO PROTECTIVE ORDER 30380 " and defendant wants to remove the stamp from the document should it be considered by the Court to be

admissible at trial. Issues regarding the admissibility of the document at trial do not form a valid objection to a request for admission. *See Akil Al-Undi v. Rockefeller,* 91 F.R.D. 590, 595 (W.D.N.Y.1981); *Goldman v. Mooney,* 24 F.R.D. 279, 280 (W.D.Pa.1959). As long as the request is for relevant matter, it should be answered and its admissibility determined by the trial judge. *Goldman,* 24 F.R.D. at 280. Here, RFA No. 12 seeks defendant to admit that the propane sales figures prepared by defendant, and attached as Exhibit "14" is a genuine document. This information has already been determined to be relevant by this Court in its order of September 9, 1994. Therefore, defendant is ordered to respond to RFA No. 12. In addition, defendant is ordered to respond to RFA of Part A, No. 88 since defendant objects to this request for the same reasons.

An appropriate Order follows.

ORDER

AND NOW, this 7th day of JUNE, 1995, IT IS HEREBY ORDERED THAT Plaintiff's Motion to Determine Sufficiency of Answers and Objections of Defendant to Plaintiff's Request for Admissions is GRANTED IN PART and DENIED IN PART.

1. Defendant is Ordered to amend its answers to Part (A) Request for Admissions Nos. 37, 39, 49, 50, 88, and 114, and Part (B) Request for Admissions Nos. 1-12, 14-26, 28, and 29 within ten (10) days.

2. Request for Admissions Nos. 27, 40, and 116 are deemed admitted.

3. Plaintiff's Motion is Denied as to Part (A) Request for Admissions Nos. 2-15, 17, 18, 20-25, 31-34, 43, 44, 46, 57, 73, 74, 78-80, 83, 84, 89-91, and 94-97, and Part (B) Request for Admissions Nos. 13 and 27, consistent with this Court's opinion.

FN1. Defendant has been ordered to answer RFA No. 88 in this Court's

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp., 1995 WL 347003 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

discussion regarding "Part B-Authenticity of Documents".

FN2. For example, Requests Nos. 78, 79, and 80 seek admissions as to whether Franklin Schmidt, defendant's engineer, believed the warnings on the propane camping equipment were adequate.

FN3. In addition, defendant objected to the ambiguity of the words when in "use". However, it is quite obvious that plaintiff intended the word "use" to mean when the switch on the lantern was turned to the "on" position.

FN4. I note defendant's argument which states that ambiguity in requests for admissions should be construed against the party propounding the request. *Ortho Diagnostic Sys., Inc. v. Miles, Inc.,* 865 F.Supp. 1073, 1079 (S.D.N.Y.1994). However, these errors were obvious typographical errors and were not the result of ambiguity. Although plaintiff has included a corrected request in its Second Request for Admissions to Defendant, and defendant has responded to same as lacking sufficient information to answer, that answer is not before this Court. Therefore, defendant is still ordered to amend its answer to RFA No. 37.

FN5. The request should be simple and direct and should seek admission of the genuineness of the document, not request an interpretation of its contents. 4A Moore's Federal Practice, § 36.03[4], *citing, Jackson Buff Corp. v. Marcelle,* 20 F.R.D. 139 (E.D.N.Y.1957).

FN6. Much of the information in the requests would require defendant to admit or deny based solely upon statements made by two men, Albert Storer and William Bramble, who allegedly discovered the decedents' bodies. However, Bramble and Storer have failed to cooperate in any way in the investigation of this incident and have failed to appear for depositions. Since Bramble and Storer are non-parties and have failed to testify in this matter, defendant is under no obligation to inquire of non-parties such as these two men in formulating its responses. *See Diederich v. Dept. of Army,* 132 F.R.D. 614, 620 (S.D.N.Y.1990); *see also Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.,* No. 89-9752, 1992 U.S.Dist. LEXIS 20249, *8 (E.D.Pa. Dec. 29, 1992). In addition, RFA Nos. 20 and 21 involved the identification of the propane cylinders by Police Chief Zaremba, marked as Z-7 and Z-8A. Apparently, the cylinders were not marked by the police officers at the scene, therefore Chief Zaremba could not conclusively identify them as the originals, stating only that they were a similar type and to the best of his knowledge they appeared to be the same cylinders. *See* Transcript of Chief Zaremba's Deposition Testimony at 19-22, 26, 29-30. Therefore, defendant did not admit to those RFAs.

FN7. RFA 46 states that "Carbon monoxide is the leading cause of poisoning deaths in the United States." Defendant stated that it was unable to answer this request. Unless plaintiff supplied a document that stated this proposition and asked defendant to authenticate its contents, this Court cannot compel defendant to answer such a request.

FN8. Defendant may be required to pay such expenses, *unless* the court finds (A) that the request was held objectionable, (B) that the admission was of no substantial importance, (C) that the party had reasonable ground to believe he might prevail, or (D) there was other good reason for the failure to admit. *See* 4A Moore's Federal Practice, §§ 36.03[7.-2] and 36.07.

E.D.Pa.,1995.
Caruso v. Coleman Co.
Not Reported in F.Supp., 1995 WL 347003 (E.D.Pa.)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                 Page 9

Not Reported in F.Supp., 1995 WL 347003 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

Briefs and Other Related Documents (Back to top)

• 2:93cv06733 (Docket) (Dec. 14, 1993)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.