**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL NO. 1456 ) ) CIVIL ACTION: 01-CV-12257-PBS ) |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | ) Judge Patti B. Saris ) ) |

**PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER CONCERNING NOTICES OF DEPOSITION AND SUBPOENAS ISSUED BY DEY TO FALLON COMMUNITY HEALTH PLAN AND ABBOTT LABORATORIES TO HARVARD COMMUNITY HEALTH CARE**

Plaintiffs respectfully move the Court for a protective order quashing subpoenas issued by defendants Dey, Inc. ("Dey") to absent class member Fallon Community Health Plan, Inc. and Abbott Laboratories, Inc. ("Abbott") to Harvard Pilgrim Health Care ("HPHC").

The subpoena to Fallon Health is dated November 21, 2005 and calls for the production of documents and deposition testimony on December 2, 2005. Dey thus provided only *11 days notice* of the deposition. A copy of the notice of deposition and subpoena to Fallon Health is annexed hereto as Exhibit A.

The subpoena to HPHC is dated November 23, 2005 and calls for the production of documents and deposition testimony on December 2, 2005. Abbott thus provided only *9 days notice* of the deposition. A copy of the notice of deposition and subpoena to HPHC is annexed hereto as exhibit B.

Case Management Order No. 10 entered March 24, 2004, at ¶ 7, states:

A party shall provide a "three week deposition notice" under which such party provides ***at least 21 days notice*** for a proposed deposition. (Emphasis added).

Because Dey and Abbott failed to provide at least 21 days notice for the proposed depositions, as is required by this Court's case management order, their notices of deposition of Fallon Health and HPHC should be stricken and their subpoenas should be quashed.

Dey's and Abbott's notices of deposition and subpoenas to Fallon Health and HPHC should also be quashed because they seek discovery (1) from an absent class member, which is improper unless carefully limited and supported by a strong showing of justification; (2) that is duplicative of discovery already obtained by defendants from other sources; and (3) on behalf of and concerning Track I defendants beyond the cutoff date for Track I discovery.

Abbott's notice of deposition to HPHC should be stricken for the additional reason that *defendants have already subpoenaed HPHC once before*.  Specifically, in a subpoena data November 19, 2003, the Track I defendants sought production of 26 categories of documents and testimony from HPHC.   A copy of the notice of deposition and subpoena to HPHC dated November 19, 2003 is annexed hereto as exhibit C.  That subpoena resulted in the production of *voluminous documents* and *four depositions* of HPHC employees.  Abbott was entitled to participate in those depositions and obtained discovery from them specific to Abbott.  In particular, the subpoena called for production of documents relating to *31 drugs manufactured by Abbott.*

Notably, the November 19, 2003 subpoena called for the deposition of HPHC to take place on December 10, 2005 – exactly *21 days* from the date of the subpoena.

Wherefore, for the foregoing reasons, plaintiffs respectfully request that this motion be granted.

    Respectfully submitted,

By **/s/ David S. Nalven**
Thomas M. Sobol
David S. Nalven
Edward Notargiacomo
Hagens Berman Sobol ShapiroLLP
One Main Street
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*LIAISON AND CO-LEAD COUNSEL*

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Kenneth A. Wexler & Associates
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

*CO-LEAD COUNSEL*

Dated: November 25, 2005

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Docket No. MDL 1456

     I hereby certify that on November 21, 2005 and November 23, 2005, counsel for Dey, Inc. and Abbott Laboratories, Inc. and I engaged in meet and confer telephone conferences in an effort to resolve this dispte but were unable to do so.

                                                                /s/ David S. Nalven

Dated: November 25, 2005


## CERTIFICATE OF SERVICE

Docket No. MDL 1456

     I, David S. Nalven, hereby certify that I am one of plaintiffs' attorneys and that, on November 23, 2005, I caused copies of the Plaintiffs' Motion for a Protective Order Concerning Notices of Deposition and Subpoenas Issued to Fallon Community Health Plan, Inc. and Harvard Community Health Care, Inc. to be served via Lexis/Nexis File Serve on all counsel of record.

                                                                 /s/ David S. Nalven

Dated: November 25, 2005