UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) | 

MDL No. 1456

CIVIL ACTION: 01-CV-12257-PBS

Judge Patti B. Saris

THIS DOCUMENT RELATES TO ALL CLASS ACTIONS

**PLAINTIFFS' MOTION FOR CLARIFICATION OF
<u>CASE MANAGEMENT ORDER #16</u>**

Plaintiffs move the Court for clarification of Case Management Order #16's ("CMO #16") provision regarding Plaintiffs' motion to modify the Track Two discovery schedule. In support of this motion, Plaintiffs state as follows:

Case Management Order No. 14 established December 3, 2005, as the close of fact discovery for Track Two. On September 29, 2005, Plaintiffs moved to stay Track Two discovery pending the Court's coming assessment of additional Track Two class representatives, or, in the alternative, to extend discovery beyond December 3. On November 21, 2005, the Court issued its ruling on this motion, as well as the parties' competing motions to establish a disclosure and discovery schedule for newly proposed Track Two class representatives. For purposes of the instant motion, the relevant part of CMO #16 at issue is paragraph 4, which states:

> 4. The parties' cross-motions to modify the Track Two discovery schedule are otherwise **<u>DENIED</u>**. However, Plaintiffs may focus discovery on the physician-administered drugs and defer discovery on the claims involving pills purchased from pharmacies pending any appeal of the Court's class certification order. The parties shall confer and submit a stipulation on

        discovery relating to any non-physician-administered drugs by
        December 2, 2005.

Plaintiffs interpret the order as permitting discovery relating to physician-administered drugs to extend beyond December 3. Conversely, the Track Two Defendants, *excluding Baxter*, have taken the position that CMO #16, paragraph 4, demonstrates that the Court intends for Track Two discovery to cease on December 3 in regard to physician-administered drugs.

Plaintiffs respectfully submit that the following observations support their interpretation:

1. Paragraph 4's first sentence otherwise denying Plaintiffs' motion pertains to denial of the temporary discovery *stay* that Plaintiffs sought – and no more. This is made clear by the sentence immediately following the denial, which provides: "However, Plaintiffs may focus discovery on the physician-administered drugs . . . ." Plaintiffs respectfully suggest that, had the Court truly intended discovery on physician-administered drugs to end on December 3 – *just 12 days after issuing CMO #16* – it would not have written "[h]owever, Plaintiffs may focus discovery on the physician-administered drugs . . . ."

2. Defendant Baxter recognizes that December 3 is an untenable cutoff and has agreed to continue discovery against it through June 2006.

3. Until its recent reversal of position, Abbott, which still owes Plaintiffs a substantial amount of discovery, did not even join in Defendants' initial opposition to Plaintiffs' motion to extend.

4. As the table below highlights, most Track Two Defendants, to varying degrees, have significantly delayed producing information and, consequently, have prejudiced Plaintiffs' ability to complete discovery. The most egregious example is Amgen, which just *began* producing documents three weeks ago and only after Plaintiffs filed a motion to compel requesting substantial sanctions. Another example is provided by B. Braun, which is

withholding documents, witnesses and electronic data pending the Court's determination of its long-pending motion to dismiss.

| Defendant | Description of Delay |
|---|---|
| Amgen | Waited until three weeks ago to begin production – *eight* months after the Court denied Amgen's motion to dismiss and *after* Plaintiffs filed motion to compel and for sanctions.<br><br>Has not provided a firm date for completion of production and has advised that it is endeavoring to do so by December 3.<br><br>Given that document review has just begun, no depositions have been taken.<br><br>Motion to compel and for sanctions pending. |
| Abbott | Until Plaintiffs filed their Motion for Order Exempting Defendant Abbott Laboratories From Any Order Refusing to Extend Deadline for Track Two Discovery on November 9, 2005 (Docket No. 1875), Abbott had refused to supplement its original production despite multiple requests (Plaintiffs had written three letters since June, which went unanswered) and had delayed scheduling a Fed. R. Civ. P. 30(b)(6) deposition regarding several substantive topics.<br><br>In apparent recognition that discovery cannot be completed by December 3, Abbott has since agreed to make eight deponents available throughout the month of December. |
| Aventis | Document production is incomplete and delayed producing a witnesses to testify to several topics identified in Plaintiffs' Fed. R. Civ. P. 30(b)(6) deposition notice (deposition is now scheduled for December 2).<br><br>Aventis has a pending motion to stop Plaintiffs from taking more than 10 depositions specified in the local rules. |
| B. Braun | After making a small initial production of government investigation material, has not produced any additional documents, electing to await the Court's resolution of Braun's pending motions for a stay and to dismiss. B. Braun has also refused to produce witnesses and electronic data pending the outcome of those motions. |

1534.16 0240 MTN.DOC

3

| Baxter | Many gaps in the production, including: (i) no emails; (ii) documents maintained off-site; (iii) documents maintained in electronic databases (separate from e-mail); (iv) documents identified at Rule 30(b)(6) depositions; and (v) certain relevant contracts or an agreed upon sampling. |
| --- | --- |
|  | Motion to compel withdrawn by agreement and stipulation filed extending discovery period through June 2006. |
| Bayer | Documents produced throughout discovery period.  Supplemental production of approximately 181,000 pages made on November 2, 2005.  Postponed Rule 30(b)(6) depositions in September and, in apparent recognition that discovery cannot be completed by December 3, has agreed to produce six deponents for depositions to be scheduled in December. |
| Pharmacia | Did not produce documents until July 27, 2005, despite Plaintiffs' prodding, and then produced over 30,000 pages. |
|  | Produced 18,000 documents in the last month. |
| Watson | Despite representing that it would do so more than a year ago, Watson has not supplemented its original production of government production documents until November 18 and anticipate making another production on or about December 2.  Has refused to review boxes of Schein documents that are warehoused but not indexed and is just beginning an electronic documents search of e-mails and memos. |
|  | Meet and confer in progress. |

In light of the foregoing, it appears that the Court intended for discovery on the physician-administered drugs to continue beyond December 3.  But, because Defendants are claiming victory by forcing a contrary and untenable interpretation of CMO #16, Plaintiffs request additional guidance from the Court.

| | |
|---|---|
| DATED:  November 28, 2005. | By   /s/ **Steve W. Berman**   |

    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **PLAINTIFFS' MOTION FOR CLARIFICATION OF CASE MANAGEMENT ORDER #16** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on November 28, 2005, a copy to LexisNexis File & Serve for Posting and notification to all parties

By  **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
(206) 623-7292