UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION,<br><br>THIS DOCUMENT RELATES TO THE MASTER CONSOLIDATED CLASS ACTION, | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS |

**NONPARTY NEIGHBORHOOD HEALTH PLAN, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA FROM DEFENDANT DEY, INC.**

**INTRODUCTION**

Non-party Neighborhood Health Plan, Inc. ("NHP") submits this Memorandum in support of its Motion for a Protective Order concerning a subpoena from defendant Dey, Inc. ("Dey").

**BACKGROUND**

NHP is a Massachusetts not-for-profit health maintenance organization. Affidavit of Pamela Siren, ¶2 (hereafter "Siren Aff."). NHP was founded by the Massachusetts League of Community Health Centers and the Greater Boston Forum for Health Action to bring managed care to under-served populations. Siren Aff., ¶2. Today, NHP has approximately 125,000 members. Siren Aff., ¶3. Approximately eighty percent of those members are covered by MassHealth/Medicaid. Siren Aff., ¶3.

On November 14, 2005, NHP was served with a subpoena from Dey. The subpoena commanded NHP to produce documents in response to thirty-eight extremely broad requests

377540

covering the time span from January 1, 1991 to the present by November 23, 2005. The subpoena also noticed the deposition of NHP for December 2, 2005, on thirty-two extensive deposition "topics".[1]

On November 21, 2005, counsel for NHP sent to counsel for Dey, Inc. a letter and Nonparty Neighborhood Health Plan, Inc.'s Objections to Subpoena for Production of Documents pursuant to Fed. R. Civ. P. 45(c)(2)(B), copies of which are attached at Exhibit 1. Counsel for Dey did not respond to the November 21, 2005 letter or Objections.

On November 28, 2005, NHP's counsel learned that the plaintiffs in this action had filed a motion for a protective order concerning the subpoena to NHP. Therefore, she sent a second letter to counsel for Dey, a copy of which is attached at Exhibit 2, asking whether he would be willing to reschedule the NHP deposition until after plaintiffs' motion for a protective order had been adjudicated. Again, counsel for Dey did not respond. Consequently, NHP was required to go to the time and expense of filing this motion for a protective order.

## ARGUMENT

I.  THE SUBPOENA IS OVERLY BROAD, VAGUE, UNDULY BURDENSOME, SEEKS CONFIDENTIAL AND PROPRIETARY INFORMATION, AND DEY HAS NOT TAKEN ANY STEPS TO AVOID IMPOSING UNDUE BURDEN AND EXPENSE ON NHP.

The subpoena to NHP is overly broad, vague, unduly burdensome, and requests confidential and proprietary information. Moreover, Dey, blatantly ignoring the provisions of Fed. R. Civ. P. 45(c), has not taken any steps to avoid imposing undue burden or expense on NHP, a small not-for-profit health maintenance organization.

---

[1] A copy of the subpoena to NHP is attached to Plaintiffs' Motion for a Protective Order re Subpoenas Issued by Dey, Inc. to Tufts Associated Health Plans, Inc. and Neighborhood Health Plan, Inc.

Dey apparently served NHP with the same form subpoena served on multiple other non-party health plans in this case. Dey gave NHP six business days to produce the voluminous requested documents, which were due the day before Thanksgiving, and eleven business days to prepare for its deposition. Dey's counsel failed to respond to NHP's counsel's letters concerning the objections of the document requests and scheduling of the deposition. Dey failed to advise NHP that the plaintiffs in the case had filed a motion for protective order with respect to the subpoena to NHP and failed to reschedule the document production and deposition dates in light of this motion.

Given the breadth and scope of the document requests and the deposition topics set forth in the subpoena, it would take NHP months to respond, to the extent it could meaningfully respond at all to certain of the document requests and deposition topics. NHP has only two pharmacists on staff. Siren Aff., ¶5. It recently has had cut-backs and lay-offs. Siren Aff., ¶4. NHP does not have the personnel or financial resources to dedicate to this type of document search or deposition preparation. Siren Aff., ¶¶ 6-7. Compliance with the subpoena would impose a substantial hardship on NHP and therefore the subpoena should be quashed.

II.   DEY HAS NOT DEMONSTRATED SPECIFIC NEED FOR DISCOVERY FROM NHP.

As noted in the Memorandum in Support of Plaintiffs' Motion for Protective Order Concerning Subpoenas Issued by Dey, Inc. to Tufts Associated Health Plan, Inc. and Neighborhood Health Plan, Inc., incorporated herein by reference, Dey has failed to demonstrate that the discovery requested from NHP, an absent class member, is necessary. In fact, Dey has refused to even respond to NHP's counsel's inquiries with respect to the

subpoena. To the extent, as plaintiffs allege, defendants have already sought discovery from health plans covering millions of members, discovery from NHP with its 125,000 members cannot possibly be necessary or critical to Dey's defense. Moreover, Dey cannot show that the subpoena will not subject NHP to undue harassment or excessive taxing of its resources and therefore the subpoena should be quashed.

## CONCLUSION

NHP respectfully requests that the subpoena to NHP be quashed. Alternatively, NHP requests that the Court allow its motion for a protective order and order Dey to substantially limit and narrow the document requests and deposition topics, to provide NHP with a reasonable amount of time to respond to the document requests and prepare for any deposition, and to require Dey to reasonably compensate NHP with respect to its response to the subpoena.

Respectfully submitted,

Neighborhood Health Plan, Inc.,

By its Attorneys,

/s/Susan Hughes Banning
Susan Hughes Banning
BBO #028640
HEMENWAY & BARNES
60 State Street
Boston, MA  02109
(617) 227-7940

Dated:  November 29, 2005