# Hemenway&Barnes

COUNSELORS AT LAW

PRIVATE FIDUCIARIES

60 STATE STREET

BOSTON, MASSACHUSETTS 02109-1899

TELEPHONE 617-227-7940

FAX 617-227-0781

ALFRED HEMENWAY
(1863-1927)
CHARLES B. BARNES
(1893-1956)

ROY A. HAMMER
LAWRENCE T. PERERA
TIMOTHY F. FIDGEON
MICHAEL B. ELEFANTE
MICHAEL J. PUZO
THOMAS L. GUIDI
EDWARD NOTIS-McCONARTY
DIANE C. TILLOTSON
STEPHEN W. KIDDER
SUSAN HUGHES BANNING
FREDERIC J. MARX
NANCY B. GARDINER
KURT F. SOMERVILLE
TERESA A. BELMONTE
BRIAN C. BRODERICK
CHARLES FAYERWEATHER

NANCY E. DEMPZE
JOSEPH L. BIERWIRTH, JR
DENNIS R. DELANEY
MARK B. ELEFANTE
KENDRA CHENCUS
JOHN J. SICILIANO
ROBIN L. SHEEDY
EUNHA K. THAYER
RENEE M. MARTINEZ

GEORGE H. KIDDER
DAVID H. MORSE
JOHN J. MADDEN
GEORGE T. SHAW
DEBORAH J. HALL
OF COUNSEL

SUSAN HUGHES BANNING
Direct Dial (617) 557-9701
sbanning@hembar.com

November 21, 2005

FEDERAL EXPRESS

Paul F. Boyle, Esq.
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178

In re: Pharmaceutical Industry Average Wholesale Price Litigation
Civil Action No. 01-12257-PBS

Dear Mr. Boyle:

We represent Neighborhood Health Plan, Inc. ("NHP"). Enclosed please find Nonparty Neighborhood Health Plan, Inc.'s Objections to Subpoena for the Production of Documents.

I am prepared to discuss the Objections with you. NHP is a not-for-profit health maintenance organization founded by the Massachusetts League of Community Health Centers and Greater Boston Forum for Health Action to bring managed care to under-served populations. NHP has approximately 120,000 members; the vast majority of those members are covered by MassHealth/Medicaid.

The subpoena was served on NHP on November 14, 2005, with documents to be produced by November 23, 2005. Even leaving aside the multiple other objections to the document requests, NHP does not have the resources or personnel to respond to these requests within this brief time period.

Given the enclosed Objections, please advise me whether you intend to pursue the deposition of NHP on December 2, 2005.

Sincerely,

Susan Hughes Banning

SHB/dls
enclosure

bcc:  Pam Siren

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION,<br><br>THIS DOCUMENT RELATES TO THE MASTER CONSOLIDATED CLASS ACTION, | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS |

## NONPARTY NEIGHBORHOOD HEALTH PLAN, INC.'S OBJECTIONS TO SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), now comes non-party Neighborhood Health Plan, Inc. ("NHP"), and objects to the subpoena from defendant Dey, Inc. on the grounds set forth below.

### General Objections

NHP objects to the subpoena on the grounds that it fails to allow a reasonable time for compliance, requires the disclosure of protected and confidential information, subjects NHP to undue burden, and on the ground that the party or attorney responsible for the issuance and service of the subpoena failed to take reasonable steps to avoid imposing undue burden and expense on NHP.  NHP further objects to the subpoena to the extent that it fails to comply with and exceeds the scope of the applicable Federal Rules of Civil Procedure and Local Rules and to the extent that it requires the production of documents or information relevant to any claim of any class member.

377181

## Objections to "Definition" Section of the Subpoena

NHP objects to the Definitions to the extent they are overly broad, vague, unduly burdensome, and that they call for a legal conclusion. NHP further objects to the Definitions insofar as they fail to comply with and exceed the scope of the applicable Federal Rules of Civil Procedure and Local Rules.

## Objections to the "Instructions" Section of the Subpoena

NHP objects to the Instructions to the extent they are overly broad, vague, unduly burdensome, and that they call for a legal conclusion. NHP further objects to the Instructions insofar as they fail to comply with and exceed the scope of the applicable Federal Rules of Civil Procedure and Local Rules.

## Documents Requested

Without waiver of and subject to the foregoing objections, NHP responds to defendant's specific document requests as follows.

Request 1:

All documents relating to or reflecting any definition or meaning of AWP.

Response 1:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 2:

All documents relating or referring to any difference between an AWP and an actual payment by you or anyone else for any Subject Drug.

Response 2:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

- 2 -

Request 3:

All documents reflecting maximum allowable costs or MACs for the Subject Drugs.

Response 3:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 4:

All documents reflecting or referring to the process you used or use to develop maximum allowable costs or MACs used for reimbursing Providers for the Subject Drugs.

Response 4:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 5:

All documents concerning FSS, ASP, AMP, Best Price, EAC or any other pricing benchmark for any Subject Drug.

Response 5:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 6:

All documents concerning the number of patients referred to hospitals by the Neighborhood Health Plan during the relevant time period.

Response 6:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 7:

All documents concerning the methodology used to determine reimbursement or payment rates (*e.g.*, fee schedule amounts) for any Subject Drug.

Response 7:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

- 3 -

377181

Request 8:

All documents that concerning your reimbursement or payment to Providers for any Subject Drug, including, without limitation, all fee schedules.

Response 8:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 9:

All documents that you or someone acting on your behalf relied upon in setting reimbursement or payment rates for any Subject Drug.

Response 9:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 10:

All minutes from meetings where reimbursement or payment for Subject Drugs was discussed, including meetings where the setting of reimbursement or payment rates was discussed.

Response 10:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 11:

All documents reflecting or referring to all formularies utilized by you which provide coverage for the Subject Drugs.

Response 11:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 12:

All documents concerning the factors considered in developing the formularies utilized by you which provide coverage for the Subject Drugs.

Response 12:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 13:

All data concerning Provider or PBM claims for reimbursement for Subject Drugs administered to any Participant or Beneficiary, including the following data: (1) the NDC; (2) units billed; (3) amount billed; (4) the date the claim was submitted; (5) the date the claim was paid; (6) the amount paid; (7) the dispensing fee; (8) the basis for reimbursement (*e.g.*, AWP, WAC, MAC, FUL, FSS, ASP or usual and customary charge); (9) HCPCS/J Code; (10) identification number for the Provider; (11) identification number for the Participant or Beneficiary; (12) identification number of the claim; (13) date of birth of the Participant or Beneficiary; (14) Medicare payment amount; (15) amount not covered by plan; (16) name of the group for which the Participant or Beneficiary is a member; (17) date of service; (18) claims status (*e.g.*, denied, accepted, pending); and (19) the state in which service was provided.

Response 13:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 14:

All documents relating to your claims processing policies and procedures for any Subject Drug.

Response 14:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 15:

A list of all Providers participating in Neighborhood Health Plan, along with their Provider identification numbers.

Response 15:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

- 5 -

Request 16:

Electronic transaction records concerning any discounts, rebates, service charges, or other payments you added or subtracted from Provider or PBM claims on account of the Subject Drugs.

Response 16:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 17:

All documents, including electronic transaction records, concerning your purchase of the Subject Drugs from Defendants, Wholesalers, PBMs, or any other person or entity.

Response 17:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 18:

All documents concerning your contractual relationships with PBMs, Third Party Administrators, Benefit Consultants, Auditors, Wholesalers, Defendants, Independent Practice Associations, Specialty Pharmacies, or Providers insofar as they cover any Subject Drug, including, without limitation, master agreements, addenda, schedules, attachments, requests for proposal, and responses to requests for proposal.

Response 18:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 19:

Documents sufficient to identify all persons involved in negotiations of contractual relationships with PBMs, Third Party Administrators, Benefit Consultants, Auditors, Wholesalers, Drug Manufacturers, Independent Practice Associations, Specialty Pharmacies, or Providers insofar as they cover any Subject Drug.

Response 19:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

377181

Request 20:

All documents concerning the costs to Providers of any Subject Drug, including, without limitation, invoices and other documents reflecting rebates, chargebacks, and other discounts issued by Drug Manufacturers, Wholesalers, or PBMs to Providers.

Response 20:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 21:

All documents concerning your awareness that the costs to Providers of Subject Drugs are different from the amounts you reimburse Providers for Subject Drugs, including, without limitation, documents reflecting any differences between the costs to Providers of any Subject Drug and the amounts you reimburse Providers for any Subject Drug.

Response 21:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 22:

All communications between you and Providers relating to reimbursement or payment rates of any Subject Drug.

Response 22:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 23:

All documents concerning your ownership or control of any Provider.

Response 23:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 24:

All documents concerning the acquisition of Subject Drugs by you on behalf of any Provider, university, or other organization.

Response 24:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 25:

All documents concerning any incentives provided to any Provider in connection with the purchase or sale of any Subject Drug.

Response 25:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 26:

All contracts, agreements, and other documents concerning your arrangements with any Provider concerning risk-sharing, capitation, withholdings, or fee schedules.

Response 26:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 27:

All documents concerning to your right to audit Providers.

Response 27:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 28:

All documents concerning any audits of Providers and changes to your policy as a result of such audits.

Response 28:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 29:

All contracts, agreements, and other documents concerning arrangements between you and Defendants regarding formulary placement of the Subject Drugs, discounts, rebates and any

other compensation received by you in connection with your purchase of the Subject Drugs from Defendants.

Response 29:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 30:

All contracts, agreements, and other documents concerning arrangements between you and PBMs regarding formulary placement of the Subject Drugs, discounts, rebates, and any other compensation received by you in connection with your purchase of the Subject Drugs from PBMs.

Response 30:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 31:

All documents concerning your decision to rely on, reliance on, or use of drug pricing information published by any Publisher for any Subject Drug.

Response 31:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 32:

All documents created by or received from any Publisher, including but not limited to drug pricing information, communications, memoranda, and contracts or agreements between you and any Publisher regarding any Subject Drug.

Response 32:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 33:

All documents created by or received from CMS, United States Department of Health and Human Services, Health and Human Services Office of the Inspector General, the General Accounting Office, Congress, the Commonwealth of Massachusetts, any state Medicaid

377181

program, or any other federal OT state institution, agency, department, or office regarding the pricing of prescription drugs.

Response 33:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 34:

All documents provided to CMS, United States Department of Health and Human Services, the Department of Health and Human Services Office of the Inspector General, the General Accounting Office, Congress, the Commonwealth of Massachusetts, any state Medicaid program, or any other federal or state institution, agency, department, or office regarding the pricing of any Subject Drug.

Response 34:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 35:

All documents concerning any Profit Analysis you have performed or received relating to your reimbursement or payment for any Subject Drug.

Response 35:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 36:

All documents concerning any internal or external, formal or informal, investigations, studies, research, assessments, analyses, reviews or audits regarding drug pricing, reimbursement, payment amounts, or rates for any Subject Drug.

Response 36:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 37:

All documents produced by you in any litigation or government investigation or inquiry related to the use of AWP in Medicare, Medicaid, or private reimbursement.

377181

Response 37:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 38:

All current and historical organizational charts for all of your departments.

Response 38:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Respectfully submitted,

Neighborhood Health Plan, Inc.,

By its Attorneys

Susan Hughes Banning

SUSAN HUGHES BANNING
BBO #028640
HEMENWAY & BARNES
60 State Street
Boston, MA 02109
(617) 227-7940

Dated: November 21, 2005

*I hereby certify under pains and penalties of perjury that this document was served upon counsel for all parties in this case on* 11/21/05 FEDERAL EXPRESS *by hand/by mail*

SHBanning

- 11 -

# Hemenway&Barnes

COUNSELORS AT LAW

PRIVATE FIDUCIARIES

60 STATE STREET

BOSTON, MASSACHUSETTS 02109-1899

TELEPHONE 617-227-7940

FAX 617-227-0781

ALFRED HEMENWAY
(1863-1927)
CHARLES B. BARNES
(1893-1956)

ROY A. HAMMER
LAWRENCE T. PERERA
TIMOTHY F. FIDGEON
MICHAEL B. ELEFANTE
MICHAEL J. PUZO
THOMAS L. GUIDI
EDWARD NOTIS-McCONARTY
DIANE C. TILLOTSON
STEPHEN W. KIDDER
SUSAN HUGHES BANNING
FREDERIC J. MARX
NANCY B. GARDINER
KURT F. SOMERVILLE
TERESA A. BELMONTE
BRIAN C. BRODERICK
CHARLES FAYERWEATHER

NANCY E. DEMPZE
JOSEPH L. BIERWIRTH, JR
DENNIS R. DELANEY
MARK B. ELEFANTE
JOHN J. SICILIANO
ROBIN L. SHEEDY
EUNHA K. THAYER
RENEE M. MARTINEZ

GEORGE H. KIDDER
DAVID H. MORSE
JOHN J. MADDEN
GEORGE T. SHAW
DEBORAH J. HALL
OF COUNSEL

SUSAN HUGHES BANNING
Direct Dial (617) 557-9701
sbanning@hembar.com

November 22, 2005

Paul F. Boyle, Esq.
Kelley Drye & Warren, LLP
101 Park Avenue
New York, NY 10178

In re:  Pharmaceutical Industry Average Wholesale Price Litigation
        Civil Action No. 01-12257-PBS

Dear Mr. Boyle:

        Enclosed please find a corrected certificate of service to Nonparty Neighborhood
Health Plan, Inc.'s Objections to Subpoena for the Production of Documents, which states that
the Opposition was served on counsel for Dey, Inc., not counsel for all parties in the litigation.

                                Sincerely,

                                Susan Hughes Banning

SHB/dls
enclosure

377184

Response 37:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Request 38:

All current and historical organizational charts for all of your departments.

Response 38:

NHP objects to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, and that it seeks documents that are confidential.

Respectfully submitted,

Neighborhood Health Plan, Inc.,

By its Attorneys

SUSAN HUGHES BANNING
BBO #028640
HEMENWAY & BARNES
60 State Street
Boston, MA  02109
(617) 227-7940

Dated:  November 21, 2005

*I hereby certify under pains and penalties of perjury that this document was served upon counsel for all parties in this case on 11/21/05 by hand/by mail* FEDERAL EXPRESS

SHBanning

- 11 -

377181