**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL NO. 1456 ) ) CIVIL ACTION: 01-CV-12257-PBS ) |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | ) Judge Patti B. Saris ) ) |

**PLAINTIFFS' REPLY MEMORANDUM FOR A PROTECTIVE ORDER CONCERNING NOTICES OF DEPOSITION AND SUBPOENAS ISSUED BY DEY TO FALLON COMMUNITY HEALTH PLAN AND <u>ABBOTT LABORATORIES TO HARVARD COMMUNITY HEALTH CARE</u>**

Pursuant to L.R. 7.1(B)(3), plaintiffs respectfully submit this reply to Dey, Inc.'s and Abbott Laboratories' Memorandum of Law in Opposition to Plaintiffs' Motion for a Protective Order Concerning Subpoenas Issued to Certain Absent Class Member Third-Party Payors (Dey's Mem. Opp.") to address defendants' misstatements about rulings concerning the scope of Case Management Order no.10 entered by Judge Saris on March 4, 2004.

Case Management Order No. 10 entered March 24, 2004 requires a party to provide *at least 21 days notice* for a proposed deposition. Defendants argue that at a hearing on September 27, 2004, Chief Magistrate Bowler effectively modified CMO no. 10 by permitting defendants to notice all third-party depositions on seven days notice. As a result, they argue, their subpoenas to Harvard Community Health Care and Fallon Community Health Plan, served on nine and eleven days notice respectively, are not invalid.

The September 27, 2004 hearing involved, among other things, a motion filed by plaintiffs concerning depositions that had been *noticed* many months earlier, but that were being *scheduled* by the defendants in rapid succession after a long delay within a very short period of

time.  Plaintiffs sought a ruling that the 21-day notice rule set forth in CMO no. 10 applied not only to the notice of depositions, but also to the "*confirmation* of all third party depositions." *Plaintiffs' Emergency Motion for a Protective Order dated September 10, 2004,* at 1, annexed hereto as Exhibit A.  Defendants countered that CMO no. 10's 21-day applied to deposition *notice*, but not deposition *scheduling.*  It was on this point that the Chief Magistrate Bowler ruled.  Here is the colloquy:

> THE COURT: Okay.  Let's talk about notice.
>
> MR. SOBOL:  Judge Saris issued an order saying 21 days.  If they have shown good cause why that CMO should not be changed –
>
> THE COURT: I mean, the 21 days obviously creates a problem at this point.
>
> Mr. SCHAU:  Sure.
>
>   The other answer to that, Your Honor, is that the 21 day rule applies to, you know, *we've given them more than 21 days notice of all of these depositions.*  It's just then you actually have to *schedule* it.  So they know what –

Transcript of Hearing dated September 27, 2004, at 127:24 – 128:9, annexed hereto as Exhibit B.

The transcript of the hearing dated September 27, 2005 demonstrates that Chief Magistrate Bowler permitted the depositions challenged in Plaintiffs' Emergency Motion for a Protective Order, which had been noticed months previously, to be scheduled on seven days notice.  The ruling *did not* alter CMO no. 10's 21-day notice rule.

Defendants say that "depositions have been routinely *scheduled* with no more than seven days notice," *Dey Mem. Opp.* at 12, but they have not identified a single deposition that has been *noticed* on less than 21-days notice.  Indeed, the recently issued deposition notices of Tufts Health and Neighborhood Health were both served on *more than* 21-days notice.

Defendants know their responsibilities under CMO no. 10, and if they believe they have legitimate discovery needs of Harvard Community Health Care and Fallon Community Health

2

Plan – which plaintiffs contest – they should notice those depositions pursuant to the requirements of CMO no. 10.

Wherefore, for the foregoing reasons, plaintiffs respectfully request that this motion be granted.

Respectfully submitted,

By **/s/ David S. Nalven**
Thomas M. Sobol
David S. Nalven
Edward Notargiacomo
Hagens Berman Sobol ShapiroLLPOne Main Street
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*LIAISON AND CO-LEAD COUNSEL*

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

                                        Kenneth A. Wexler
                                        Kenneth A. Wexler & Associates
                                        One North LaSalle Street, Suite 2000
                                        Chicago, IL  60602
                                        Telephone: (312) 346-2222
                                        Facsimile: (312) 346-0022

                                        *CO-LEAD COUNSEL*

Dated: December 1, 2005


## CERTIFICATE OF SERVICE

Docket No. MDL 1456

     I, David S. Nalven, hereby certify that I am one of plaintiffs' attorneys and that, on December 1, 2005, I caused copies of the Plaintiffs' Reply Memorandum for a Protective Order Concerning Notices of Deposition and Subpoenas Issued to Fallon Community Health Plan, Inc. and Harvard Community Health Care, Inc. to be served via Lexis/Nexis File Serve on all counsel of record.


                                                         **/s/ David S. Nalven**

Dated: December 1, 2005