**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ———————————————————— ) | |
| IN RE PHARMACEUTICAL INDUSTRY ) | MDL No. 1456 |
| AVERAGE WHOLESALE PRICE ) | Civ. Action No. 01-12257- |
| PBS | |
| LITIGATION ) | |
| ) | |
| ———————————————————— ) | Judge Patti B. Saris |
| ) | |
| THIS DOCUMENT RELATES ) | |
| TO ALL ACTIONS ) | |
| ) | |
| ———————————————————— ) | |

**CERTAIN TRACK II DEFENDANTS'**
**REQUEST FOR EXPEDITED HEARING**

The undersigned Track II defendants 1/ hereby request an expedited hearing with the Court in order to obtain clarification regarding various deadlines that may have been affected by the Court's Case Management Order No. 16, entered on November 21, 2005.  That order denied the parties' cross motions to modify the Track II discovery deadline (scheduled to close on December 3, 2005), but also provided that "plaintiffs may focus discovery on the physician-administered drugs and defer discovery on the claims involving pills purchased from pharmacies pending any appeal of the Court's class certification order."

On November 28, 2005, plaintiffs filed a motion seeking clarification of this aspect of the Court's case management order.  While

———————————————

1/      This request is filed on behalf of defendants Pharmacia Corporation, Amgen Inc., Abbott Laboratories, and Bayer Corporation.  Because of the urgency and timing of this request, undersigned counsel have been unable to seek or obtain the consent of other Track II defendants.

defendants dispute various factual allegations set forth in that pleading – many of which were specifically addressed in response to plaintiffs' motion to modify the Track II schedule – defendants agree with plaintiffs that confusion exists as to the Court's intent regarding discovery deadlines for the Track II case.

On the one hand, plaintiffs interpret the Court's order to effectively grant an open–ended extension of fact discovery as to the Track II physician-administered drugs, pending entry of a final order by the Court regarding class certification, including appeal.  This interpretation would, defendants submit, have the unintended effect of extending discovery without any effective discovery cutoff date.  It would also have the unintended consequence of requiring the Track II defendants' expert reports to be submitted not only prior to the reports of the Track I defendants, but also prior to close of fact discovery.

On the other hand, defendants understand the Court's order to deny the parties' cross-motions for modification of the Track II discovery schedule – including plaintiffs' request that discovery be extended for a period of 90 days – and instead ordering a close of Track II fact discovery by the previously established December 3, 2005 cutoff date, absent individual agreements among the parties (as in the case, for example, of Baxter International Inc.).

Because of the fast-approaching December 3, 2005 discovery cutoff, and the impact that the parties' competing interpretations of the

Court's order will have on the orderly completion of discovery, defendants

join in plaintiffs' motion for clarification and request the Court to convene

a brief telephonic hearing in order to resolve these issues.

Respectfully submitted,


/s/ Frank A. Libby, Jr.
Frank A. Libby Jr.
Kelly, Libby & Hoopes
175 Federal Street
Boston, MA 02110
(617) 338-9300 (ph.)
(617) 338-9911 (fax)

On behalf of Amgen Inc., Pharmacia
Corporation, Watson Pharma, Inc.,
Abbott Laboratories, and Bayer
Corporation