**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) ) ) ) ) ) ) MDL NO. 1456 <br><br> CIVIL ACTION No. 01-12257-PBS <br><br> Judge Patti B. Saris |

**RESPONSE OF DEFENDANT WATSON PHARMA, INC. TO PLAINTIFFS' "MOTION FOR CLARIFICATION OF CASE MANAGEMENT ORDER #16"**

Defendant Watson Pharma, Inc. (hereafter, "Watson") opposes the Plaintiffs' Motion, which is styled as a "Motion for Clarification," but which is really a Motion for Reconsideration of the Court's November 21, 2005, Order denying an extension of the discovery deadline for Track Two Defendants on physician-administered drugs.

Plaintiffs' characterization of Watson's cooperation in providing discovery is inaccurate and grossly – if not deliberately – misleading in ways that are similar to statements about discovery that have led to filings by other defendants.  Plaintiffs state, for example, that Watson is "just beginning an electronic documents search of e-mails and memos."  However, Watson wrote a letter to its then-assigned plaintiffs' discovery counsel on November 24, 2004, more than a year ago, proposing electronic document search terms and indicating that it would conduct a search when the parties agreed on the search terms and the mailboxes to be searched.  Watson did not hear anything from plaintiffs' counsel about proposed search terms until about two weeks ago, when

plaintiffs' counsel suddenly requested an expanded list of terms and mailboxes. The parties have now achieved agreement as to search terms and mailboxes to be searched, and the process of segregating the responsive emails for review has begun. Watson has repeatedly assured plaintiffs that, if necessary, it will provide responsive materials after the discovery deadline, and any appropriate follow-up discovery. Watson expects to be able to complete its review and production of the e-mails by the end of this week or next. Contrary to statements by plaintiffs, Watson has also produced discovery on the following dates in response to plaintiffs' requests:

- Dec. 20, 2002    CDs containing more than 28,243 pages of documents, including prior disclosures relating to AWP and WAC.

- Jan. 9, 2003    CD containing 772 pages of documents of prior disclosures.

- April 27, 2004    Copies of 319 pages of documents (including emails) originally provided to House Energy and Commerce Committee.

- May 14, 2004    102 pages of document retention policies and organization charts.

- May 27, 2004    CD with scanned copies of Watson business plans (1,123 pages).

- May 27, 2004    CDs with contract pricing history, First Databank information, and gross sales data for subject drugs.

- July 14-15, 2004    Depositions of the two key Watson witnesses on sales and marketing practices in response to Rule 30(b)(6) deposition notices (transcripts total 519 pages).

- July 14, 2005    CD with databases of sales transactions, chargebacks, discounts/rebates, and credits on subject drugs (in response to April 20, 2005 request from plaintiffs' counsel).

- Nov. 15, 2005    271 pages of contracts with Watson's major customers for the two Watson brand name subject drugs (provided in response to discussions between parties as to scope of discovery).

- Nov. 17, 2005    Nearly 8,000 pages of documents responsive to requests described by plaintiffs' counsel as being high priority.

- Nov. 21, 2005    24-page document given to plaintiffs' counsel establishing that all Watson generic subject drugs had been discontinued by end of 1998.

- Nov. 21, 2005    Deposition of Kathleen Barclay, Watson's Director of Contract Operations, although deposition notice was not served until November 11, 2005.  Also, seven boxes of promotional materials relating to subject drugs made available for inspection.

- Nov. 22, 2005    1,224 pages of documents relating to sales representatives' calls on doctors and clinics.

- Nov. 28, 2005    Excel spreadsheet providing Watson's data compiled by IMS (independent data-gathering service) on subject drugs in response to Request for Production filed November 15, 2005.

- Nov. 29, 2005    Deposition of Tim Callahan, marketing director for brand-name subject drugs, although deposition was not noticed until November 11, 2005, and was a repeat deposition of 30(b)(6) witness.

Watson has not "refused to review boxes of Schein documents that are warehoused but not indexed." Indeed, many of the thousands of pages of documents produced in the last two months were retrieved after an intensive review of hundreds of boxes retrieved from archives. Watson continues to work with plaintiffs' counsel to try to complete discovery this week (with the exception of one deposition postponed, due to plaintiffs' scheduling difficulties, until next week), and believes that an extension of the

3

discovery period, already denied by this Court, is not required and would reward plaintiffs' counsel for its inattention to discovery matters over the past two years.

Respectfully submitted,

**/s/ Douglas B. Farquhar**
Douglas B. Farquhar (admitted *pro hac vice*)
HYMAN, PHELPS, & McNAMARA, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, D.C.  20005
(202) 737-5600
(202) 737-9329 (facsimile)

# CERTIFICATE OF SERVICE

      I hereby certify that on November 30, 2005, I caused a true and correct copy of the foregoing Response of Defendant Watson Pharma, Inc. to Plaintiff's Motion for Clarification of Case Management Order #16 to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2, by sending a copy of this document to Lexis/Nexis File and Serve (formerly Verilaw Technologies) for posting and notification to all parties.

      **/s/ Douglas B. Farquhar**
Douglas B. Farquhar