# EXHIBIT 5



# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4916

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

November 8, 2005

Re:   **In re Pharmaceutical Industry Average Wholesale Price Litigation
(MDL No. 1456):   Robert A. Howe Deposition and Document
Production Deficiencies**

## Via E-mail and Electronic Service

TerriAnne Benedetto, Esq.
Kline & Specter
1525 Locust Street, Nineteenth Floor
Philadelphia, Pennsylvania 19102

Dear Ms. Benedetto:

I am writing to confirm the deposition of Robert A. Howe.  The deposition
will take place on November 16, 2005, commencing at 10:00 am (Pacific), at the
Hilton Hotel and Conference Center, which is located at 66 East 6th Avenue,
Eugene, Oregon, 97401.  We will meet in "The Boardroom."

In addition, I would like to bring to your attention certain significant
deficiencies in plaintiffs' document production for Mr. Howe in the hope that you
will remedy these in advance of the deposition.[1]

To begin with, although Mr. Howe is proffered as a Class 1 Representative
for AstraZeneca and GlaxoSmithKline (*see* TAMCC at ¶ 17 and Proposed
Consolidated Order re: Motion for Class Certification at ¶ 1.a.iii, alleging
purchases of goserelin acetate (Zoladex®, by AstraZeneca) and granisetron
(Kytril®, by GSK)) you have failed to provide any documentary evidence
whatsoever that that he was ever prescribed or administered Kytril®.

---

[1] Contrary to your suggestion in an October 26, 2005 letter to Scott Wise of my firm, we
do not agree that your document production for Mr. Howe has been sufficient.

TerriAnne Benedetto, Esq.                    2                    November 8, 2005

Further, while your production to date – which includes selected cancelled checks[2], Medicare Explanation of Benefits ("EOBs"), and medical and billing records (HOWE 0001-57) – suggests that Mr. Howe may have been prescribed and administered Zoladex® at various points in time, it is impossible to tell whether, how much and on what basis he paid for that product on any given date of service. The cancelled checks do not match up with any of the EOBs you provided. Many of the EOBs are incomplete.[3] And, perhaps most importantly, although you have alleged that Mr. Howe had supplemental insurance coverage through United Health Care of Utah for some or all of the class period (*see* TAMCC ¶ 17), you have not provided any EOBs – *or, indeed, any other documentation whatsoever* – relating to that supplemental coverage. Thus, your documentation does not come close to establishing that Mr. Howe actually made payments under Medicare Part B based on AWP.

To reiterate what defendants have explained elsewhere (*see, e.g.,* Letter of Scott Wise to Steve Berman dated November 7, 2005), to comply with Judge Saris' August 16 Order plaintiffs must produce documentation demonstrating not only that charges were incurred and paid by Mr. Howe, but that those charges were based on AWP. Defendants are entitled to all necessary documentation to verify the proposed representatives' adequacy, including, at a minimum: copies of all of Mr. Howe's supplemental insurance polices (*i.e.,* United Health Care of Utah and any others); complete and accurate copies of all relevant EOBs provided to Mr. Howe by Medicare and any of his supplemental insurers; copies of all relevant HCFA Forms 1500 for Mr. Howe's medical providers; and copies of all fee schedules for Mr. Howe's relevant providers.

The foregoing information is critical to defendants' ability to adequately prepare for Mr. Howe's deposition. I look forward to hearing from you soon regarding the foregoing deficiencies.

Sincerely,

Carlos M. Pelayo

cc:  All counsel of record via File & Serve.

---

[2] At your earliest opportunity, please provide replacement pages for HOWE 0002 and 0004, which are poor copies and hard to read.

[3] In some cases the missing pages appear to contain important information about the service provided. *See, e.g.,* HOWE 0022 (page "1 of 3" refers the reader to a note "c" next to the entry for "goserelin acetate implant (J9202)" on service date 11/30/04, but no additional pages have been produced reflecting the text of note "c").

# EXHIBIT 6

# DAVIS POLK & WARDWELL



1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1 600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4916

MESSETURM
60308 FRANKFURT

MARQUÉS DE LA ENSENADA, 13
28004 MADRID

1·6·1 ROPPONGI
MINATO·KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

November 18, 2005

Re:   <u>In re Pharmaceutical Industry Average Wholesale Price Litigation</u>
      **(MDL No. 1456): Robert A. Howe Document Production Deficiencies**

**<u>Via Facsimile and Electronic Service</u>**

Kent M. Williams, Esq.
1300 Godward Street NE
Suite 6200
Minneapolis, MS 55413

Dear Kent:

     I am writing to document and follow-up on certain requests for the production of additional documents relating to proposed class representative Robert A. Howe. Although I made the specific requests discussed below on the record during Mr. Howe's recent deposition on November 16, 2005, I had previously requested this and other information in writing well before the deposition. *See,* Letter from Carlos Pelayo to TerriAnne Benedetto, dated November 8, 2005, regarding "Robert A. Howe Deposition and Document Production Deficiencies." To date, the document production deficiencies with respect to Mr. Howe have not been cured.

     Please produce the following documents – which bear directly on the issue of whether Mr. Howe paid on the basis of AWP for the physician administered drugs that form the basis of his claims – immediately:

- <u>Documents relating to Supplemental Insurance Coverage by United Healthcare of Utah.</u> Mr Howe testified at his deposition that he has custody of documents relating to his supplemental insurance coverage, including a plan description that he received from his former employer Wells Fargo (*see* Howe Rough Dep. Tr. 62:25-63:16) and explanations of benefits (*see id.* 63:18–64:11). Mr. Howe also testified that he believes he provided these documents to his counsel. (*See id.* 64:13-17). Unless you are asserting privilege over these documents, in which case you should

Kent M. Williams, Esq.                    2                    November 18, 2005

produce a privilege log, we do not understand why they have not yet been produced.

- Medical Provider Invoices relating to Physician Administered Drugs in Issue. Mr. Howe testified that he has custody of invoices from his medical provider, Oregon Urology Services, reflecting charges to him for physician administered drugs he received in connection with his cancer treatments. (*See id* 168:18-170:4). As Mr. Howe confirmed, without these invoices, it is impossible to determine whether, how much, and on what basis, he actually paid for any of those drugs. (*See id.* 170:6-14). Again, unless you are asserting privilege over these clearly relevant documents, we do not understand why they have not yet been produced.

- Complete Set of Medicare EOBs relating to Charges for all Physician Administered Drugs in Issue. Mr. Howe testified that he only searched for and produced Medicare EOBs relating to Zoladex®. (*See id.* 48:17-49-23). He also testified that he selectively withheld certain pages from the Medicare EOBs that he did produce to counsel. (*See id.* 154:13-157:11). Please produce all relevant Medicare EOBs for all relevant physician administered drugs allegedly purchased during the class period.

In addition, as requested during the deposition, please identify witnesses who can interpret the selected billing records you apparently obtained from Oregon Urology Associates (*see id.* 179:3-16) and have produced to defendants.

Finally, at your earliest opportunity (and just so that the record is clear), please send me Bates stamped versions of the few additional documents you handed me just moments before the deposition began.

Sincerely,

Carlos M. Pelayo

cc: All counsel of record via File & Serve

# EXHIBIT 7



# KLINE & SPECTER

A PROFESSIONAL CORPORATION

Nov 9 2005
2:57PM

Direct Fax: 215-735-0957
Respond to: Philadelphia Office

TerriAnne.Benedetto@klinespecter.com

November 9, 2005

**VIA LEXISNEXIS**

Carlos M. Pelayo, Esquire
**DAVIS POLK & WARDWELL**
450 Lexington Avenue
New York, NY 10017

Re:   *In Re: Pharmaceutical Industry Average Wholesale Price Litigation*; MDL No. 1456

Dear Mr. Pelayo:

I am writing in response to your letter dated November 8, 2005 respecting the deposition of Robert A. Howe and the documents produced in connection therewith.

We have rescanned and forwarded to you HOWE 0002 and 0004, which you indicated previously were difficult to read. With respect to your contention that there is no documentary evidence that Mr. Howe was prescribed Kytril®, I refer you to HOWE 0051.

Respecting Mr. Howe and the other consumer class representatives, we continue to follow up with our clients and with the third parties to whom we sent HIPAA releases in connection with obtaining and producing additional documentation.

The remaining issues in your letter are addressed by Steve Berman's letter of today's date.

Very truly yours,

**TERRIANNE BENEDETTO**

TAB/jn
cc:   All Counsel of Record (via LexisNexis)

G:\DEIN\WP MASTER - (200700)\MDL\Letters\Pelayo, Carlos (re Howe docs).wpd

PHILADELPHIA: 1525 LOCUST STREET • THE NINETEENTH FLOOR • PHILADELPHIA, PA 19102 • 215-772-1000 TELEPHONE • 800-597-9585 TOLL FREE TELEPHONE • 215-735-0957 FACSIMILE

NEW JERSEY: KLINE & SPECTER • 1800 CHAPEL AVENUE, SUITE 302 • CHERRY HILL, NJ 08002 • 856-662-1180 TELEPHONE • 856-662-1184 FACSIMILE
CO-MANAGING ATTORNEYS: ROBERT ROSS AND DONALD E. HAVILAND, JR.

NEW YORK: 230 PARK AVENUE, SUITE 2525 • NEW YORK, NY 10169 • 212-986-6200 X241 TELEPHONE • 800-916-8716 TOLL FREE TELEPHONE

# EXHIBIT 8

# DAVIS POLK & WARDWELL



1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 6083

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

November 17, 2005

Re:   **In re Pharmaceutical Industry Average Wholesale Price Litigation
(MDL No. 1456):  James E. Shepley Document Production**

TerriAnne Benedetto, Esq.
Kline & Specter
1525 Locust Street, Nineteenth Floor
Philadelphia, Pennsylvania 19102

Dear TerriAnne:

    I am writing regarding proposed class representative James E. Shepley.  In my emails dated November 7 and November 9, 2005, I identified a number of deficiencies in plaintiffs' document production for Mr. Shepley.  These deficiencies have not been cured, as the additional nine pages produced the morning of Mr. Shepley's deposition do not reflect any charges or payments for Zoladex or Procrit, and certainly do not show that Mr. Shepley paid for either Zoladex or Procrit on the basis of AWP.

    We reiterate our request that plaintiffs immediately produce documents relevant to the contention that Mr. Shepley is a proper class representative in this action.  In addition, as requested during Mr. Shepley's deposition, please produce any letters sent to Mr. Shepley informing him of the possibility of being a plaintiff in this case.

    To the extent you withhold any requested documents on privilege grounds, we expect that you will promptly produce a log of such documents.

Sincerely,

Trisha Lawson

cc:  All counsel of record via File & Serve

# EXHIBIT 9



# KLINE & SPECTER

A PROFESSIONAL CORPORATION

Nov 21 2005
11:04AM

Direct Fax: 215-735-0957
Respond to: Philadelphia Office

donald.haviland@klinespecter.com

November 21, 2005

### VIA LexisNexis

Trisha Lawson, Esquire
**DAVIS POLK & WARDWELL**
450 Lexington Avenue
New York, NY 10017

    Re:   *In Re: Pharmaceutical Industry Average Wholesale Price Litigation*; MDL No. 1456

Dear Ms. Lawson:

    I write in response to your letter to TerriAnne Benedetto dated November 17, 2005. As has been stated in our prior letters and exchanges, we continue to press for further information from Mr. Shepley's providers and from Medicare. Should these efforts reveal additional information other than what has been previously provided, we will promptly supplement our production. We have confirmed that the Shepley's do not possess any further documentation.

    As for your request for written communication between this office and our client, as was stated at his deposition, these are privileged. We do not understand anything in the Court's August 16th Memorandum and Order on Class Certification to require counsel for any party to log privileged communications during the pendency of this lawsuit, including defense counsel who have never done so with respect to their communications with either clients or co-defendants.

                  Very truly yours,

                  **DONALD E. HAVILAND, JR.**

DEH/jn
cc:    All Counsel of Record (via LexisNexis)

G:\DEH\AWP MASTER - (200700)\MDL\Letters\Lawson, Trish (re 11-17-05 corres).wpd

PHILADELPHIA: 1525 LOCUST STREET • THE NINETEENTH FLOOR • PHILADELPHIA, PA 19102 • 215-772-1000 TELEPHONE • 800-597-9585 TOLL FREE TELEPHONE • 215-735-0957 FACSIMILE

NEW JERSEY: KLINE & SPECTER • 1800 CHAPEL AVENUE, SUITE 302 • CHERRY HILL, NJ 08002 • 856-662-1180 TELEPHONE • 856-662-1184 FACSIMILE
CO-MANAGING ATTORNEYS: ROBERT ROSS AND DONALD E. HAVILAND, JR.

NEW YORK: 230 PARK AVENUE, SUITE 2525 • NEW YORK, NY 10169 • 212-986-6200 X241 TELEPHONE • 800-916-8716 TOLL FREE TELEPHONE

# EXHIBIT 10

# KLINE & SPECTER

### A PROFESSIONAL CORPORATION



Nov 29 2005
2:26PM

Direct Fax: 215-735-0957
Respond to: Philadelphia Office

donald.haviland@klinespecter.com

November 29, 2005

### VIA LexisNexis

Kristi T. Prinzo, Esquire
**DAVIS POLK & WARDWELL**
450 Lexington Avenue
New York, NY 10017

    Re:    *In Re: Pharmaceutical Industry Average Wholesale Price Litigation*; MDL No. 1456

Dear Ms. Prinzo:

    Plaintiff counsel have determined that the Estate of William Newell will be withdrawn as a proposed class representative principally because the Estate's claim duplicates that of other proposed class representatives in this case. The withdrawal will be formally effectuated at the next opportunity to address such matters in a Court filing. Therefore, the alleged documentary deficiencies referenced in your November 16, 2005 letter are moot and will not be further addressed.

        Yours sincerely,

        **DONALD E. HAVILAND, JR.**

DEH/jn
cc:    All Counsel of Record (via LexisNexis)

G:\DEH\AWP MASTER - (200700)\MDL\Letters\Prinzo, Kristi 02(re Newell).wpd

PHILADELPHIA: 1525 LOCUST STREET • THE NINETEENTH FLOOR • PHILADELPHIA, PA 19102 • 215-772-1000 TELEPHONE • 800-597-9585 TOLL FREE TELEPHONE • 215-735-0957 FACSIMILE

NEW JERSEY: KLINE & SPECTER • 1800 CHAPEL AVENUE, SUITE 302 • CHERRY HILL, NJ 08002 • 856-662-1180 TELEPHONE • 856-662-1184 FACSIMILE
CO-MANAGING ATTORNEYS: ROBERT ROSS AND DONALD E. HAVILAND, JR.

NEW YORK: 230 PARK AVENUE, SUITE 2525 • NEW YORK, NY 10169 • 212-986-6200 X241 TELEPHONE • 800-916-8716 TOLL FREE TELEPHONE

# EXHIBIT 11



**ROPES & GRAY**

ROPES & GRAY LLP
ONE INTERNATIONAL PLACE    BOSTON, MA 02110-2624    617-951-7000    F 617-951-7050
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

November 9, 2005

Eric P. Christofferson
(617) 951-7976
eric.christofferson@ropesgray.com

**BY FACSIMILE AND FIRST CLASS MAIL**

Jennifer Fountain Connolly, Esq.
The Wexler Firm LLP
One North LaSalle Street
Suite 2000
Chicago, IL 60602

Re: In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456

Dear Jennifer:

In advance of the depositions of Tracy Garcia and the Sheet Metal Workers National Health
Fund ("Sheet Metal Workers") next week, I bring to your attention deficiencies in Plaintiffs'
document productions for Ms. Garcia and Sheet Metal Workers, as well as the document
production for Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust ("Pirelli
Tire").

With respect to Ms. Garcia, Defendants have already informed Plaintiffs of the general
deficiencies in the production of documents for the United Food and Commercial Workers
Midwest Benefit Fund ("UFCW") beneficiaries -- like Ms. Garcia -- through correspondence
from Scott Wise of Davis Polk and Lyndon Tretter of Hogan & Hartson.[1]  With respect to Ms.
Garcia, while the records produced to date -- which include some UFCW Explanation of
Benefits ("EOBs") and some assorted medical and billing records -- suggests that Ms. Garcia
may have been prescribed certain drugs manufactured by the Track 1 Defendants at various
points in time, it is impossible to tell whether, how much, and on what basis she paid for these
products on any given date of service.  Eleven of these pages appear to be a spreadsheet from
Ms. Garcia's provider showing certain charges she incurred, but the columns contain no
headings and most of the entries contain no dates, so it is impossible to tell what charge was
incurred on what basis for what service on what date.  See GARCIA 0052-62.  While some
entries contain the words "check payment" and "patient," and even assuming such language
indicates that Ms. Garcia made a payment -- which is by no means self-evident -- there is no way
to discern to what end that payment was made or on what basis.  Moreover, where an entry lists a

---

[1] See, e.g., Letter from Scott Wise to Steve Berman dated November 7, 2005; Letter from
Lyndon Tretter to Jennifer Connolly dated November 3, 2005.

ROPES & GRAY LLP

Jennifer Fountain Connolly, Esq.          - 2 -          November 9, 2005

generic or multi-source drug, there is no way to tell which manufacturer's version of the drug
was used, and thus, whether Ms. Garcia used a drug manufactured by Defendants.

With respect to Plaintiffs' production for Sheet Metal Workers, the production is woefully
inadequate. The only documents produced are an affidavit from Mr. Randle and a Summary
Plan Description of Sheet Metal Workers' Supplemental Medicare Wraparound Plus (SMW+)
Program (the "Summary"). As a preliminary matter, Plaintiffs have not even produced the actual
Plan Document, referenced on page 25 of the Summary. *See* SMW 0032. Since the "Rules and
Regulations set forth in the Plan Document are final and binding" and not those set forth in the
Summary, Defendants are clearly entitled to a copy of the Plan Document. And since the
Summary states that Sheet Metal Workers "does not provide coverage for prescription drug
benefits," *see* SMW 0011, reviewing the actual benefits provided pursuant to the Plan Document
is clearly critical to determining whether Sheet Metal Workers is an adequate class
representative. Moreover, in his Affidavit, Mr. Randle states that Sheet Metal Workers have
"authorized Fund counsel to survey records" and have determined that Sheet Metal Workers has
paid the Medicare Part B co-payment for twelve Track-1-Defendant drugs. Yet no "records" of
any kind <u>whatsoever</u> have been produced. Defendants are entitled to review the "records"
themselves to determine whether, when, and on what basis Sheet Metal Workers made a
payment for any of the cited prescription drugs. The documents to which Defendants are entitled
include those cited in the correspondence sent previously from Scott Wise and Lyndon Tretter.

The production for Pirelli Tire is similarly inadequate. Plaintiffs here also failed to produce the
actual Plan Document and produced only a summary of benefits. Plaintiffs have produced a
spreadsheet purporting to show drugs "for which [Pirelli Tire] made reimbursement through its
PBM contracts throughout the Class Period . . .", but this document is deficient in several
respects. *See* Pirelli 0002. First, this document contains a list of self-administered drugs for
which Pirelli Tire apparently made reimbursement through a PBM. *See* Pirelli 0005-29. Of
course, Judge Saris denied certification of any class of self-administered drugs in her August 16,
2005 Order, and, furthermore, Pirelli Tire is a proposed representative of Class 1 (for Schering
and Warrick only) and Class 2, which are both Medicare classes. These drugs are not even
alleged to have been reimbursed under Medicare and, thus, obviously cannot form the basis for
Pirelli Tire's adequacy as a class representative. Notwithstanding these fundamental problems
with the document, it is impossible to tell (a) whether any particular payment was made on an
AWP basis, and (b) what version of any generic drug was dispensed, among other problems.
Finally, similar to the deficiency of the Sheet Metal Workers' production, Plaintiffs have
produced no documents <u>whatsoever</u> showing whether, when, and on what basis Pirelli Tire made
a payment for any of the cited prescription drugs under Medicare Part B.

As Defendants have explained previously, to comply with Judge Saris's August 16, 2005 Order,
Plaintiffs must produce documentation demonstrating not only that chargers were incurred and
charges were paid by the newly added class representatives, but that those charges were based on
AWP. Defendants are entitled to all necessary documentation to verify the adequacy of the

9860454_1.DOC

ROPES & GRAY LLP

Jennifer Fountain Connolly, Esq.                    - 3 -                    November 9, 2005

proposed representatives, but Plaintiffs have failed to produce that information for Ms. Garcia, Sheet Metal Workers, and Pirelli Tire as described above.

Additional information is critical to Defendants' ability to prepare adequately for the upcoming depositions. I look forward to hearing from you soon regarding the foregoing deficiencies.

Very truly yours,

Eric P. Christofferson

cc:     All Counsel of Record (via Lexis File & Serve)

# EXHIBIT 12





**ROPES & GRAY LLP**

ONE METRO CENTER   700 12TH STREET, NW   SUITE 900   WASHINGTON, DC 20005-3948   202-508-4600   F 202-508-4650

BOSTON   NEW YORK   PALO ALTO   SAN FRANCISCO   WASHINGTON, DC   www.ropesgray.com

November 10, 2005

Eric P. Christofferson
(617) 951-7976
eric.christofferson@ropesgray.com

**BY FACSIMILE AND FIRST CLASS MAIL**

Jennifer Fountain Connolly, Esq.
The Wexler Firm LLP
One North LaSalle Street
Suite 2000
Chicago, IL 60602

Re: In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456

Dear Jennifer:

I write to correct a misstatement in my letter to you dated yesterday, November 9th. In that letter I stated that Plaintiffs had not produced any billing records from either Sheet Metal Workers National Health Fund ("Sheet Metal Workers") or Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust ("Pirelli Tire"). Of course, Plaintiffs did produce some records for both Sheet Metal Workers and Pirelli Tire on November 1, 2005. I apologize for my error.

Notwithstanding the incorrect statement, deficiencies in the Plaintiffs' production remain in addition to others I mentioned yesterday. The records that were produced are not sufficient to determine that each of these entities paid Medicare co-payments, based on AWP, for drugs manufactured by each of the Track 1 Defendants. For example, with respect to Sheet Metal Workers, there are very few records that indicate any actual payment made by Sheet Metal Workers for the drugs and services purportedly offered to its beneficiaries. With respect to Pirelli Tire, none of the records produced appear to indicate that it made any payment for any drug at issue in this litigation manufactured by Schering, Warrick, or GlaxoSmithKline. Moreover, Plaintiffs have produced no documentation indicating whether any particular generic or multi-source drug purportedly prescribed and administered to the funds' beneficiaries was actually manufactured by any of the Defendants in this case.

As I mentioned yesterday, this additional information is necessary to prepare adequately for the upcoming depositions. I look forward to hearing from you soon.

9860454_1.DOC

ROPES & GRAY LLP

Jennifer Fountain Connolly, Esq.                - 2 -                    November 10, 2005

Very truly yours,

Eric P. Christofferson

cc:      All Counsel of Record (via Lexis File & Serve)

9860454_1.DOC

# EXHIBIT 13



ROPES & GRAY LLP

ONE INTERNATIONAL PLACE    BOSTON, MA 02110-2624    617-951-7000    F 617-951-7050

BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

November 8, 2005

Eric P. Christofferson
(617) 951-7976
eric.christofferson@ropesgray.com

**BY FACSIMILE AND FIRST CLASS MAIL**

Jennifer Fountain Connolly, Esq.
The Wexler Firm LLP
One North LaSalle Street
Suite 2000
Chicago, IL 60602

Re: In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456

Dear Jennifer:

As you know, Judge Saris granted Defendants 30 days after the filing of Plaintiffs' Third Amended Master Consolidated Class Action Complaint to take depositions of the newly added class representatives. Plaintiffs, however, have not yet provided any dates for the deposition of newly added class representative Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust ("Pirelli") that fall within the schedule set by the Court.[1] Because the Court's deadline is fast-approaching, please let us as know as soon as possible when Plaintiffs will make Pirelli available for deposition.

Very truly yours,

Eric P. Christofferson

cc:    Steven A. Kaufman

---

[1] Although Plaintiffs originally offered November 15th and November 17th as dates for the deposition of Pirelli, Plaintiffs retracted that offer when depositions of other newly added class representatives were scheduled for those days.

9859404_1.DOC

# EXHIBIT 14



7354032

Nov 3 2005
5:03PM

# HOGAN & HARTSON
## L.L.P.

LYNDON M. TRETTER
PARTNER
(212) 918-3528
LMTRETTER@HHLAW.COM

November 3, 2005

875 THIRD AVENUE
NEW YORK, NEW YORK 10022
TEL (212) 918-3000
FAX (212) 918-3100
WWW.HHLAW.COM

*BY FAX AND LEXIS NEXIS*

Jennifer F. Connolly, Esq.
The Wexler Firm
One North LaSalle Street
Suite 2000
Chicago, IL 60602

   **Re:** **In Re Pharmaceutical Average Wholesale Price
      Litigation, MDL 1456**

Dear Jennifer:

    I write on behalf of the Track 1 Defendants to follow up our telephone conversations with respect to all newly-proposed class members in plaintiffs' Third Amended Master Consolidated Complaint who are or were beneficiaries of the UFCW Union and Employers Midwest Health Benefits Fund ("UFCW" or "Fund"). Defendants are entitled to all claims information maintained in hard copy and electronic form in the possession, custody or control of the Fund that relates to the prepared-for-litigation summaries that Plaintiffs' counsel has provided in support of the proffer of these individuals as class representatives.[1] As a reminder, Chief Magistrate Judge Bowler has previously ruled that <u>all</u> claims information – not just that relating specifically to the J-Code drug, but also that relating to the physician services attendant to the drug infusion or injection – must be produced. <u>See</u> Transcript of September 27, 2004 Hearing at pages 95-111.

    I understand your position that we should not hold up the depositions of the proposed plaintiffs while you consider and, hopefully, fulfill Defendants'

---

[1] This includes, but is not limited to, any information that UFCW is able to access from its Third-Party Administrator, Blue Cross Blue Shield of Illinois, as the UFCW Rule 30(b)(6) witness, Mr. Ryan, testified at pp. 106-07 of his deposition.

WASHINGTON, DC

BERLIN  BRUSSELS  LONDON  PARIS  BUDAPEST  PRAGUE  WARSAW  MOSCOW  TOKYO
NEW YORK  BALTIMORE  McLEAN  MIAMI  DENVER  BOULDER  COLORADO SPRINGS  LOS ANGELES

HOGAN & HARTSON L.L.P.

Jennifer F. Connolly, Esq.
November 3, 2005
Page 2

demand for these documents.   Your opinion is that the claims information will be
duplicative of that which has already been produced and/or that Judge Saris' Order
on class certification does not require you to produce the above documents.   We
disagree.   First, as you know, this information could hardly be duplicative for
several proposed class representatives since no documents have been produced at
all for some (other than the inadmissible summaries prepared by plaintiffs'
counsel).  Second, nothing in Judge Saris' Order changed the normal rules of
discovery of proposed class representatives.

Nevertheless, I plan to go forward with the depositions that you and I
have been able to schedule for next week.  I do feel that plaintiffs' failure to provide
the supporting materials for the proposed class members' medical claims at issue
has prejudiced defendants' ability to prepare for the depositions.  More importantly,
if the produced documents do contain material information not timely produced in
advance of the depositions, it will be the Fund's and plaintiffs' counsel's fault if the
depositions of the proposed class members must be resumed at a later date.

Very truly yours,

Lyndon M. Tretter

cc: All counsel of record via Lexis Nexis

# EXHIBIT 15



# HOGAN & HARTSON
### L.L.P.

LYNDON M. TRETTER
PARTNER
(212) 918-3528
LMTRETTER@HHLAW.COM

875 THIRD AVENUE
NEW YORK, NEW YORK 10022
TEL (212) 918-3000
FAX (212) 918-3100
WWW.HHLAW.COM

November 15, 2005

***BY FAX AND LEXISNEXIS***

Jennifer F. Connolly, Esq.
The Wexler Firm
One North LaSalle Street
Suite 2000
Chicago, IL 60602

> Re:  **In Re Pharmaceutical Average Wholesale Price
> Litigation, MDL 1456**

Dear Jennifer:

I write (1) in reply to your letter of November 10, 2005 regarding the document production of the newly-proposed class members in plaintiffs' Third Amended Master Consolidated Complaint who are or were beneficiaries of the UFCW Union and Employers Midwest Health Benefits Fund and (2) in response to your e-mail to me of November 11, 2005 concerning the depositions of Ms. Cauble, Ms. Shoemaker and Mr. Gerald Miller.

We are obviously in disagreement as to the proper scope of document production as to all of the above-referenced proposed class representatives. We will submit the issue to the Court as part of the briefing on the suitability of these newly-proposed representatives. I would simply point out here that the suggestion in your letter -- that defendants are interested in these documents only to obtain "other insurance" information relating to the proposed representatives' spouses -- is incorrect. Defendants seek the documents for many reasons, including but not limited to examining the actual business records that either support or contradict your firm's narrowly-crafted summaries of these proposed representatives' alleged J-Code experience and co-payments. Moreover, neither those summaries nor the few other documents you have thus far provided identify for multi-source drugs which manufacturer's product within a particular J-Code drug was allegedly administered to the proposed class representative. Accordingly, we believe that the

WASHINGTON, DC

BERLIN   BRUSSELS   LONDON   PARIS   BUDAPEST   PRAGUE   WARSAW   MOSCOW   TOKYO

NEW YORK   BALTIMORE   McLEAN   MIAMI   DENVER   BOULDER   COLORADO SPRINGS   LOS ANGELES

HOGAN & HARTSON L.L.P.

Jennifer F. Connolly, Esq.
November 15, 2005
Page 2

Court will order plaintiffs' counsel to produce the documents requested in my letter
to you of November 3, 2005, as well as the documents that I requested during last
week's depositions of Ms. Vernick, Ms. Leef and Ms. Dison (all of which are in their
personal possession).

Finally, this will confirm your representation that Mr. Gerald Miller is
too ill at this juncture to submit to a deposition. As to Ms. Cauble and Ms.
Shoemaker, I am prepared to proceed with their depositions notwithstanding the
fact that you have not produced *any* documents as to their claims (other than the
above-referenced summaries) if we may proceed by telephone and you understand
that defendants reserve the right to seek an in-person deposition of those proposed
representatives if and when we receive their documents. I do not wish to charge my
client for the expense of traveling for an incomplete deposition, nor am I willing to
prejudice my client or the other defendants by concluding a deposition without
having seen the deponent's pertinent documents. You mentioned in your e-mail
that Ms. Cauble and Ms. Shoemaker are available this week. Please give me some
proposed dates and times for what will be short (i.e. approximately 1 hr. each)
telephone depositions of them.

Very truly yours,

Lyndon M. Tretter

cc: All counsel of record via LexisNexis