# EXHIBIT 16

# Patterson Belknap Webb & Tyler LLP



1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

November 18, 2005

By Fax and Email

Niraj J. Parekh
(212) 336-2641
Direct Fax (212) 336-7968
n|parekh@pbwt.com

Ms. Jennifer Fountain Connolly
The Wexler Firm
One North LaSalle Street
Suite 2000
Chicago, Illinois 60602

        Re:    **In re AWP Litigation**

Dear Ms. Connolly:

        We are writing to correct inaccuracies in your letter of November 16.

        Your statement that defendants "withdrew dates that were previously confirmed amongst counsel as well as with [Ms. Barnewolt]" is inaccurate. Plaintiffs never confirmed any date for Ms. Barnewolt, despite our numerous efforts by phone, letter, and email to seek confirmation. Indeed, we were told that plaintiffs were unable to reach Ms. Barnewolt.

        You also claim that we "fail[ed] to address Scott Wise' failure to respond to [your] initial letters." As we previously explained, Mark Young contacted you on October 28 in response to your letters to Mr. Wise.

        Finally, your chronology is mistaken. When we initially proposed dates for all seven witnesses we planned to depose, we specifically stated that some of those dates may have to move depending on confirmations of others. Contrary to your claim, plaintiffs never responded to our initial proposed dates to confirm a date for Ms. Barnewolt, but did confirm other dates. Once those other depositions were scheduled, we communicated on November 3 that we would depose Ms. Barnewolt on November 16 – a date plaintiffs originally indicated was available and which Mr. Hoffman specifically stated he was seeking to confirm after we threatened to move to strike.

Ms. Jennifer Fountain Connolly
November 18, 2005
Page 2

In any event, plaintiffs failed to produce Ms. Barnewolt or to propose any other dates that fell within the deposition period, suggesting only that she might be available in December.  As you know, Judge Saris ordered these depositions to be completed by November 16.

Sincerely,

Niraj J. Parekh

cc:     All Counsel of Record (via Lexis Nexis File & Serve)

1233409v1

# EXHIBIT 17



Nov 2 2005
6:04PM

T H E | W E X L E R | F I R M LLP

November 2, 2005

*Via Facsimile and*
*Via LexisNexis File & Serve*

H.B. Roback
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, DC 20004

      Re:   *In re: Pharmaceutical Industry Average Wholesale Price Litigation*
           MDL No. 1456 (D. Mass.)

Dear H.B.:

Please be advised that plaintiffs are withdrawing Cynthia Byrski as a proposed class
representative. We will officially remove her from the complaint upon filing our next
amended complaint.

Please feel free to call with any questions.

Very truly yours,

Jennifer Fountain Connolly

JFC:lmv

cc:    All counsel via LexisNexis File & Serve

---

Contact Information:    **Jennifer Fountain Connolly**    One North LaSalle Street    312 346 2222
    **312 261 6195 Direct Dial**    Suite 2000    312 346 0022 fax
    **jfconnolly@wexlerfirm.com**    Chicago, Illinois 60602    www.wexlerfirm.com

# EXHIBIT 18

# COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

WASHINGTON
NEW YORK
SAN FRANCISCO
LONDON
BRUSSELS

H.B. ROBACK
TEL 202.662.5174
FAX 202.778.5174
HROBACK@COV.COM

November 16, 2005

BY EMAIL AND ELECTRONIC SERVICE

Elizabeth A. Fegan, Esq.
Hagens Berman Sobol Shapiro LLP
60 W. Randolph, Suite 200
Chicago, IL 60601

> Re:   *In re Pharmaceutical Average Wholesale Price Litigation MDL No. 1456: Anna Choice Document Production*

Dear Beth:

During Anna Choice's deposition on November 10, 2005, Ms. Choice testified about numerous documents that should have been produced to defendants prior to her deposition. Ms. Choice testified that many of these documents are kept at her home. These documents include the following:

1. Records from her physicians regarding the medication that was given to her.

2. Billing statements from her physicians that reflect the amounts she was personally billed and paid for such medication.

3. Medical benefits information given to Ms. Choice by the UFCW or BCBS, including changes to the medical coverage provided to Ms. Choice and documents that explain what Ms. Choice has paid for her medical coverage/treatment and the amount she still owes.

4. Information regarding disability benefits that Ms. Choice testified she used to pay for medical care.

5. Any additional canceled checks or other documents Ms. Choice has regarding her payment of relevant medical expenses.

COVINGTON & BURLING

Elizabeth A. Fegan, Esq.
November 16, 2005
Page 2

    Please produce these documents -- as well as any other documents relevant to Ms. Choice's contention that she is a proper class representative in this action -- without further delay.  Thank you.

                                       Sincerely,

                                       H.B. Roback

Copy to all counsel via Lexis Nexis File and Serve

# EXHIBIT 19

# T H E | W E X L E R | F I R M ᴸᴸᴾ

November 18, 2005

*Via Facsimile & LexisNexis File & Serve*

Mr. H.B. Roback
Covington & Burling
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401

> Re:   *In re: Pharmaceutical Industry Average Wholesale Price Litigation*
>        MDL No. 1456 (D. Mass.)

Dear H.B.:

I write in response to your November 16 letter to Beth Fegan regarding Anna Choice's document production.

    1.    Regarding Ms. Choice's billing records, we have produced all the documents either in Ms. Choice's possession or those that we have received from her physicians. Specifically, we have produced the documents in Ms. Choice's possession (CHOICE 0001-0005) and documents from Dr. Zahurui Huq (CHOICE 00008-0042), but are still waiting for documents from St. Mary of Nazareth Hospital and/or Dr. Korathu Thomas. The 30-day deadline under Illinois law has expired. We have been contacting them on a regular basis to produce Ms. Choice's records and will forward them upon receipt.

    2.    Regarding UFCW benefit information, UFCW has already produced the relevant plan document. *See* P001294-1417. Any documents from UFCW "that explain what Ms. Choice has paid for her medical coverage/treatment and the amount she still owes" are duplicative of the billing records we have produced and will produce. Therefore, additional UFCW documents will not be provided.

    3.    I am not certain what relevance the disability benefits Ms. Choice used to pay for her medical care has to what Judge Saris has ordered plaintiffs to produce. Ms. Choice did not testify that her disability benefits paid for *all* of the AWPIDs she was administered. Therefore, unless you can further describe what defendants require and why they require them, plaintiffs will not produce these documents.

    4.    Regarding Ms. Choice's financial records and/or canceled checks, as you are aware, plaintiffs produced five money order receipts, one check and two receipts indicating Ms. Choice's payments to Dr. Thomas. In addition, we have

---

Contact Information:  **Jennifer Fountain Connolly**
**312 261 6195 Direct Dial**
**jfconnolly@wexlerfirm.com**

One North LaSalle Street
Suite 2000
Chicago, Illinois 60602

312 346 2222
312 346 0022 fax
www.wexlerfirm.com

# THE │ W E X L E R │ F I R M ᴸᴸᴾ

Mr. H.B. Roback
November 18, 2005
Page 2

sent a financial release to her bank and are awaiting production of those documents. As soon as we receive them, they will be forwarded to you.

I trust this addresses your concerns. Please feel free to call if you have any questions.

Very truly yours,

*Jennifer F. Connolly*

Jennifer Fountain Connolly

JFC:lmv

cc:     All counsel via Lexis-Nexis File & Serve
        Beth Fegan (via facsimile)

# EXHIBIT 20

# COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

WASHINGTON
NEW YORK
SAN FRANCISCO
LONDON
BRUSSELS

H.B. ROBACK

TEL 202.662.5174
FAX 202.778.5174
HROBACK@COV.COM

November 15, 2005

BY EMAIL AND ELECTRONIC SERVICE

Elizabeth A. Fegan, Esq.
Hagens Berman Sobol Shapiro LLP
60 West Randolph Street
Suite 200
Chicago, IL  60601

      Re:    *In Re Pharmaceutical Average Wholesale Price Litigation MDL*
              *No. 1456: Depositions of Scott Tell and Joseph Miller*

Dear Beth:

      We believe that the depositions of proposed class representatives Joseph Miller and Scott Tell should take place after they produce supporting documentation. It is plainly inefficient for us to depose them now (without their medical and billing records) and then depose them again after such documents have been produced. Indeed, that approach would be burdensome and costly for both plaintiffs and defendants. Thus, although we do not dispute that plaintiffs' counsel made Messrs. Miller and Tell available for deposition on November 15 and 17, you did so without providing defendants the documents necessary to conduct the examinations. In failing to produce supporting documentation, these plaintiffs left defendants with no choice but to postpone their depositions until after the Court-imposed deadline. Accordingly, we reserve our right to argue that plaintiffs did not timely produce supporting documentation for these individuals.

                            Sincerely,

                            H.B. Roback

Copy to all counsel via Lexis Nexis File and Serve

# EXHIBIT 21

# COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

WASHINGTON
NEW YORK
SAN FRANCISCO
LONDON
BRUSSELS

H.B. ROBACK
TEL 202.662.5174
FAX 202.778.5174
HROBACK @ COV.COM

November 7, 2005

BY EMAIL AND ELECTRONIC SERVICE

Elizabeth A. Fegan, Esq.
Hagens Berman Sobol Shapiro LLP
60 W. Randolph, Suite 200
Chicago, IL 60601

> Re:    *In re Pharmaceutical Average Wholesale Price Litigation MDL*
> *No. 1456: Andrea Palenica Document Production*

Dear Beth:

We are writing about a number of important documents that plaintiffs have failed to produce regarding Ms. Palenica. Counsel for defendants identified several of these deficiencies in an email to Steve Berman on October 25, 2005. These deficiencies have still not been cured, however, even though Ms. Palenica testified that she has many of these documents at her home.

The documents identified during Ms. Palenica's deposition include the following:

1.    Canceled checks that reflect Ms. Palenica's payments to her medical providers.

2.    Bank records that reflect Ms. Palenica's payments to her medical providers.

3.    The letter Ms. Palenica received from Mr. Daniel Ryan, the administrator for the UFCW, regarding her becoming a plaintiff in this action.

4.    Complete billing records for Ms. Palenica. The billing records that plaintiffs produced were incomplete. The column headings at the top of the pages bates labeled Palenica 1–19 were also cutoff.

5.    The engagement letter that Ms. Palenica signed with plaintiffs' counsel.

6.    The first affidavit that Ms. Palenica signed and sent to plaintiffs' counsel. (Ms. Palenica testified that she sent plaintiffs' counsel two affidavits. Only the second one has been produced.)

7.    The explanation of benefits and notices of change of benefits from the UFCW.

COVINGTON & BURLING

Elizabeth A. Fegan, Esq.
November 7, 2005
Page 2

        8.     Brochures or other documents relating to Ms. Palenica's insurance coverage for physician administered drugs.

These documents should have been produced prior to Ms. Palenica's deposition on November 4, 2005. Plaintiffs' failure to produce these documents in a timely fashion substantially interfered with defendants' ability to examine Ms. Palenica.

Please produce these documents -- as well as any other documents relevant to Ms. Palenica's contention that she is a proper class representative in this action -- without further delay. In addition, please identify witnesses who can interpret the billing records (Palenica 1-19) and the UFCW spreadsheets (UFCW 0022512-14) that Ms. Palenica was unable to testify about in detail during her deposition. Thank you.

Sincerely,

H.B. Roback

Copy to all counsel via Lexis Nexis File and Serve

# EXHIBIT 22

# THE | WEXLER | FIRM LLP

November 14, 2005

_**Via Facsimile & LexisNexis File & Serve**_

Mr. H.B. Roback
Covington & Burling
1201 Pennsylvania Avenue, NW
Washington, DC  20004-2401

Re:   _In re: Pharmaceutical Industry Average Wholesale Price Litigation_
        MDL No. 1456 (D. Mass.)

Dear HB:

I write in response to your November 7, 2005 letter to Beth Fegan regarding purported deficiencies in Andrea Palenica's document production.

   1.   **Canceled checks and bank records reflecting payments to medical providers.** As plaintiffs have explained repeatedly to defendants, it is taking some time to obtain banking and/or other financial records from those class representatives who did not maintain copies of those documents. We are continuing to pursue these documents from Ms. Palenica's financial institutions and will produce those documents immediately upon receiving them.

   2.   **Letter from Daniel Ryan to UFCW beneficiaries.** We produced both the letter sent by UFCW on September 22, 2005 (UFCW0022521-22522) as well as the letter sent on September 27, 2005 (UFCW0022523-22524) to Scott Wise nearly three weeks ago. If you require additional copies of these documents, please let me know.

   3.   **Billing records.** You complain that Ms. Palenica's records are incomplete but have not identified how they are allegedly incomplete. To the extent that column headings were cut off in the copies produced to you, we are enclosing in the faxed version of this letter additional copies of these documents, Bates labeled PALENICA 0001 – 0019 [HIGHLY CONFIDENTIAL].

   4.   **Retainer agreement.** Judge Saris ordered plaintiffs to produce documents sufficient to show that the proposed class representatives paid for AWPIDs and that those payments were based on AWP. Retainer agreements have nothing to do with either of those issues; therefore, we will not produce them.

Contact Information:       **Jennifer Fountain Connolly**        One North LaSalle Street        312 346 2222
                                       **312 261 6195 Direct Dial**            Suite 2000                        312 346 0022 fax
                                       **jfconnolly@wexlerfirm.com**           Chicago, Illinois 60602           www.wexlerfirm.com

# THE | WEXLER | FIRM LLP

Mr. H.B. Roback
November 14, 2005
Page 2

5.      **"Second" affidavit.** The second affidavit signed by Ms. Palenica is
enclosed in the faxed version of this letter, Bates labeled PALENICA 0021 [HIGHLY
CONFIDENTIAL].

6.      **EOBs and other notices of change of benefits from UFCW and**
**documents reflecting nature of insurance coverage.** Ms. Palenica did not have any
EOB forms in her possession. Moreover, they are duplicative of the billing records she
has provided and will continue to provide. UFCW has produced all notices of benefit
changes and documents describing the benefits it provides to its beneficiaries in its
production in this case.

You have also asked plaintiffs to identify people with knowledge about the UFCW
spreadsheets and Ms. Palenica's billing records. Be advised that plaintiffs will oppose
any fishing expedition by defendants to attempt to depose the providers of these proposed
representatives and/or to take duplicative discovery of UFCW itself.

Your letter states that defendants have been prejudiced by not receiving the documents
described above. However, because the documents to which you refer were either
already produced or are wholly irrelevant to what Judge Saris ordered plaintiffs to
produce, there has been no such prejudice. As plaintiffs have previously advised
defendants, we will vigorously oppose any attempts to redepose these individuals.

Please feel free to call if you have any questions.

Very truly yours,

Jennifer Fountain Connolly / *amv*

Jennifer Fountain Connolly

JFC:lmv
Enclosures (via facsimile only)

cc:     All counsel via Lexis-Nexis File & Serve (w/out enclosures)

# EXHIBIT 23

THE | WEXLER | FIRM LLP



7452668

Nov 16 2005
5:56PM

November 16, 2005

*Via Facsimile & LexisNexis File & Serve*

Mr. Niraj J. Parekh
Patterson Belknap Webb & Tyler
1133 Avenue of the Americas
New York, NY 10036-6710

Re:   *In re: Pharmaceutical Industry Average Wholesale Price Litigation*
      MDL No. 1456 (D. Mass.)

Dear Mr. Parekh:

I write to address a few points in your November 15 letter.

First, with regard to Mardolyn Vescovi, plaintiffs will be withdrawing her as a proposed class representative. Plaintiffs' next version of the Complaint will reflect this withdrawal.

With regard to Ms. Barnewolt, in addition to failing to address Scott Wise's failure to respond to my initial letters setting forth her availability, you neglect to include in your chronology that, after confirming a date for Ms. Barnewolt's deposition, *defendants* stated that they could not proceed with that date and therefore withdrew dates that were previously confirmed amongst counsel as well as with our client. Defendants then only proposed November 16, one day before Judge Saris' deadline, as the only available date for Ms. Barnewolt's deposition. Again, this was a problem of defendants', not plaintiffs', making. Indeed, your claim that defendants have been flexible in scheduling while my colleague, Allan Hoffman, has not, is belied by the fact that defendants asked us to contact our clients with confirmed deposition dates and then canceled those dates.

Your offer to fly to Chicago to take Ms. Barnewolt's deposition today is, as you knew when you wrote your November 15 letter, a hollow one. Defendants should not be surprised that Ms. Barnewolt is unavailable for a single date and time after defendants ignored nine separate dates when Ms. Barnewolt was available and then withdrew a previously confirmed date.

Contact Information:   **Jennifer Fountain Connolly**    | One North LaSalle Street   | 312 346 2222
                        **312 261 6195 Direct Dial**       | Suite 2000                 | 312 346 0022 fax
                        **jfconnolly@wexlerfirm.com**      | Chicago, Illinois 60602    | www.wexlerfirm.com

T H E │ W E X L E R │ F I R M ᴸᴸᴾ

Mr. Niraj J. Parekh
November 16, 2005
Page 2

Very truly yours,

Jennifer Fountain Connolly

JFC:lmv

# EXHIBIT 24



Nov 11 2005
5:32PM

## Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

November 11, 2005

By Fax and Email

Niraj J. Parekh
(212) 336-2641
Direct Fax (212) 336-7968
njparekh@pbwt.com

Allan M. Hoffman, Esq.
Hoffman & Edelson, LLC
45 West Court Street
Doylestown, PA  18901

      Re:    **In re AWP Litigation**

Dear Allan:

      Further to the voicemail I just received from you, this confirms that plaintiffs are withdrawing Kathleen Weaver-Zech as a purported class representative. Additionally, you stated that you are still unable to confirm deposition dates for the estate of William Barnewolt and Mardolyn Vescovi.

      It is now 5 p.m. on Friday, November 11. We have been attempting since November 3 to schedule dates for these individual class representatives. These depositions have to be completed per court order by Wednesday, November 16, but you have not confirmed dates despite our best efforts, which have included numerous letters, emails and phone calls.

      Please be advised that if these witnesses are not made available for deposition before November 16, we will be moving to strike them as purported class representatives. If you do succeed in confirming dates at this late stage we will attempt to accommodate you by making last minute travel, hotel and conference room arrangements, but insist on a minimum of 24 hours notice in writing to be delivered on a weekday during working hours. Given the circumstances created by your failure to timely confirm dates, we also ask that you now make all witnesses available in Chicago.

                                     Sincerely,

                                     Niraj J. Parekh

cc:  All Counsel of Record (via LexiaNexis)

# EXHIBIT 25

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4803

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

November 10, 2005

Re:   **In re Pharmaceutical Industry Average Wholesale Price Litigation (MDL No. 1456), George Thomson Deposition and Document Production Deficiencies**

**Via E-mail and Electronic Service**

TerriAnne Benedetto, Esq.
Kline & Specter
1525 Locust Street, Nineteenth Floor
Philadelphia, Pennsylvania 19102

Dear Ms. Benedetto:

I am writing to acknowledge receipt of your November 9, 2005 letter informing us that George Thomson will not be able to appear for his deposition on November 14 due to health problems. Please keep us updated on Mr. Thomson's health and his ability to continue as a class representative in this litigation.

In addition, as referenced in Scott Wise's letter to Steve Berman on November 7, 2005, I am writing to address various deficiencies in plaintiffs' document production for Mr. Thomson.

First, although Mr. Thomson is proposed as a Class 3 representative for AstraZeneca "who is privately insured through Wellcare," *see* Third Amended Master Consolidated Complaint ¶53, plaintiffs have provided no documentation whatsoever regarding this insurance coverage. Such documentation is necessary to establish the terms and conditions of Mr. Thomson's insurance coverage, and specifically whether Mr. Thomson made payments for Zoladex® based on AWP pursuant to this coverage. Instead, plaintiffs merely assert that "[b]ecause this private payor is *believed* to have reimbursed prescription medications based on AWP, it is *believed* that all payments made by Mr. Thomson were also based on AWP." *See* October 26, 2005 Letter from Steve W. Berman to D. Scott Wise at 11 (emphasis added).

TerriAnne Benedetto, Esq.                 2                 November 10, 2005

        In addition, the records produced for Mr. Thomson do not include any
proof of payment (e.g., cancelled checks or bank statements) for the Zoladex®
injections ostensibly prescribed and administered to Mr. Thomson. None of the
records demonstrate that Mr. Thomson ever made any payments for Zoladex®,
and that such payments were based on AWP. At best, the documents produced
indicate that Mr. Thomson made several $20.00 and $30.00 co-payments in 2002-
2003, *see* THOMSON 0001-0002, but these records do not indicate what services
or medications these co-payments covered.

        Finally, in Steve Berman's October 26 letter, plaintiffs advise that you
"are working with Mr. Thomson regarding the production of additional proof of
payment documentation, which will be produced as soon as it is made available to
us." *See id.* at 11. To date, we have received only one additional page,
THOMSON 0008, which again is a billing record that does not indicate whether
Mr. Thomson actually made any payments for Zoladex®, and whether such
payments were based on AWP.

        To reiterate what defendants have explained elsewhere, *see, e.g.,*
November 7, 2005 Letter from D. Scott Wise to Steve W. Berman, to comply
with Judge Saris' August 16 Order plaintiffs must produce documentation
demonstrating not only that charges were incurred and paid by Mr. Thomson, but
that those charges were based on AWP. Defendants are entitled to all necessary
documentation to verify the proposed representatives' adequacy, including, at a
minimum: copies of Mr. Thomson's insurance polices; proof of payment by Mr.
Thomson for Zoladex®; and copies of agreements between Mr. Thomson's
insurer and any applicable providers.

        We ask that plaintiffs rectify the deficiencies in this document production
in advance of the deposition of Mr. Thomson so that it will not be necessary to
continue the deposition on a subsequent date, causing an inconvenience to all
parties involved.

                                Sincerely,

                                James J. Duffy

cc: All counsel of record via File & Serve