UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | Chief Magistrate Judge Marianne B. Bowler |

## DECLARATION OF ANDREW D. SCHAU

Andrew D. Schau declares as follows:

1. I am a member of Patterson, Belknap, Webb & Tyler LLP, attorneys for the Johnson & Johnson Defendants.

2. The Johnson & Johnson Defendants served Requests for Admission and Interrogatories Concerning Remicade® and Procrit® on August 1, 2005.

3. Plaintiffs responded to the requests on August 31, 2005.

4. After conferring with plaintiffs' counsel, the Johnson & Johnson Defendants served a motion to compel further responses on September 21, 2005.

5. Chief Magistrate Judge Marianne B. Bowler heard oral argument on the motion to compel on November 9, 2005. Magistrate Judge Bowler issued her rulings from the Bench that same day. Plaintiffs served objections to the Magistrate's rulings on November 23, 2005, 14 days after receipt of the Magistrate Judge's ruling.

6. Rule 2(b) of the Local Rules of the District of Massachusetts provides that "A party may not assign as error any aspect of the magistrate judge's order made under subsection (a) hereof unless a timely objection is made. A party must serve and file any

objections to the magistrate judges order within 10 days of being served with a copy of that order unless a different time is prescribed by the magistrate judge or a district judge."

7. Plaintiffs did not ask for or a receive a stay of the Magistrate Judge's discovery rulings, either from the Magistrate Judge or from this Court. Local Rule 2(c) provides, in part, that:

> The filing of objections under subsection (b) hereof does not operate as a stay of a magistrate judge's ruling or order unless so ordered by the magistrate judge or a district judge, and then only to the extent specifically ordered by the magistrate judge or district judge. Any party desiring a stay of a magistrate judge's ruling or order, or any part thereof, pending ruling on objections filed under subsection (b) hereof, must first apply therefor to the magistrate judge from whose ruling the objection is taken.

8. Upon receipt of plaintiffs' objections on November 23, 2005, I wrote to plaintiffs' counsel, John Macoretta, reminding him that the filing of objections did not operate as a stay of the Magistrate Judge's rulings, and that the Johnson & Johnson Defendants therefore expected plaintiffs to respond to the disputed Requests for Admission and Interrogatories as ordered.

9. Mr. Macoretta responded to my email later that evening. He noted in his response that "of course Bowler did not give a date when Plaintiffs' responses were due."

10. I responded to Mr. Macoretta's email on Monday, November 28, 2005, as follows:

> You are correct, she did not give you a due date. But I assume you don't intend to grant yourself a de facto stay simply because she didn't specify a date by when you must comply with her order. So please let me know whether plaintiffs intend to respond as ordered (because there is no stay), or whether they intend not to respond as ordered (because you have filed objections). If you intend to respond as ordered, please let me know when you expect to do so.

1237477v1

An email string containing each of the above-referenced communications is attached as Exhibit 1.

11. Mr. Macoretta has not responded to my email of November 28, 2005, and has not indicated when, if at all, plaintiffs will comply with the Magistrate Judge's rulings.

12. Attached hereto as Exhibit 2 is a declaration submitted by John Hoffman, an employee of Centocor, Inc., which was served on February 4, 2005. Mr. Hoffman responds to statements made by plaintiffs' counsel, Thomas Sobel, at the court-ordered tutorial on December 7, 2004.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 6, 2005

/s/ Andrew D. Schau
Andrew D. Schau