UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris<br><br>Chief Mag. Judge Marianne B. Bowler |

**DEFENDANT DEY, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO NON-PARTY TUFTS ASSOCIATED HEALTH PLANS, INC.'S MOTION FOR PROTECTIVE ORDER**

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT .................................................................................................................................. 4

    I.    Dey Is Entitled To Discovery From Tufts .................................................................. 5

          A.    The Subpoena Goes to Common Questions ............................................. 6

          B.    The Subpoena was Tendered in Good Faith ............................................ 6

          C.    The Subpoena is Not Unduly Burdensome and Tufts Fails to Raise Any Legitimate Objection to the Subpoena ............................................. 7

          D.    Dey Cannot Obtain the Required Discovery From Other Sources ............ 7

    II.    The Confidentiality Orders Entered by This Court Resolves Tufts' Concerns Regarding Confidentiality of Materials Produced ................................. 8

CONCLUSION ............................................................................................................................... 8

Dey, Inc. ("Dey") submits this Memorandum of Law in Opposition to Tufts Associated Health Plans, Inc.'s ("Tufts") Motion for Protective Order regarding the subpoena served on Tufts on November 9, 2005 (the "Subpoena").

## PRELIMINARY STATEMENT

As the Court has recognized on two occasions, the Defendants have a right to take discovery from absent class members to defend against the claims in this action. Specifically, the Court has ordered other absent class member health plans to produce documents and data, and witnesses for depositions. Here, Dey requires discovery from Tufts to obtain a representative sample of Massachusetts third party payors. As such, Dey served a subpoena on Tufts on November 9, 2005 and engaged in extended discussions during the week of November 21 in hopes of reaching agreement with Tufts regarding a response to the Subpoena.

Tufts contends it "had no choice but to serve" objections on November 22, 2005 and file a motion for protective order on November 23, 2005, during a holiday week. However, Tufts abruptly refused to continue to talk in the middle of negotiations with Dey, precipitating the need for motion practice.

Tufts' arguments in support of its motion for a protective order and its blanket objections to the Subpoena are nothing new from third-party health plans. Tufts' main argument - - that it should be immune from discovery as an absent class member - - has been rejected twice by this Court. *See* Exhibit F (November 9, 2005 transcript reflecting an order compelling Blue Cross and Blue Shield of Massachusetts, et al. ("Blue Cross") to produce discovery here, at pp. 27-35); and Exhibit G (Order, dated April 26, 2004, denying Plaintiffs' motion for a protective order as to absent class member discovery).[1] In those decisions, the Court rejected the notion

---

[1] All exhibits reference herein are annexed to the supporting declaration of Lorianne K. Trewick ("Trewick Decl."), dated December 6, 2005.

that absent class member health plans are exempt from discovery, or that such discovery is too burdensome for institutional absent class members to comply with. Blue Cross has not yet produced documents in response to the Court's recent order compelling production. Even if Blue Cross had done so, however, such a production would not suffice on as a cross-section of Massachusetts Plans.

In addition, this Court previously ordered other third-party plans, namely, Aetna, Cigna, Humana, and Health Net to produce responsive documents and data, and/or witnesses for deposition. *See* Exhibit D (order compelling Aetna, Cigna and Humana to produce discovery here); and Exhibit E (transcript reflecting order compelling Health Net to produce discovery here).[2] Tufts' objection to compliance based on confidentiality concerns is similarly without merit and has been rejected by this Court (*See* Exhibit E, at pp. 9-23, 36). Moreover, Judge Saris previously entered protective orders to address such concerns.

Plaintiffs' eleventh-hour addition of Pipefitters Local 537 Trust Funds as a proposed Class 3 representative does not affect Dey's right to seek discovery from Tufts, since discovery from class plaintiffs is no substitute for discovery from health plans on issues relative to industry knowledge and practice. In light of this record, Tufts' motion for a protective order and objections to the subpoena are baseless. The Court should reject these pretenses, deny Tufts' motion and require it to produce documents and witnesses in response to the Subpoena, which has been significantly narrowed in prior discussions between Tufts and Dey.

## STATEMENT OF FACTS

On November 9, 2005, Dey served the Subpoena on Tufts seeking production of documents and deposition testimony. (Trewick Decl., at ¶ 4). Previously, recognizing the need

for this type of discovery, the Court denied motions by the class plaintiffs and other third party plans seeking a protective order barring discovery from health plans on the grounds that they were absent class members, and ordered that such discovery proceed. *See* Exhibits D through G.

On November 21, 2005, interested in reaching an agreement with Tufts regarding a response to the Subpoena, counsel for Dey engaged in an extended meet and confer session with Tufts' counsel. (Trewick Decl., at ¶ 5). Dey began its negotiations by noting its willingness to receive a production of documents in response to the Subpoena on a rolling basis throughout December and January and provided Tufts, on November 21, with a substantially narrowed list of subject drugs. (Trewick Decl., at ¶ 5); *See* Exhibit A (facsimile to Tufts' counsel, dated November 21, enclosing list of subject drugs). Dey communicated to Tufts' counsel on November 21 that the narrowed list of subject drugs represented the physician-administered drugs actually named in this litigation. During the November 21 meet and confer, Dey and Tufts also engaged in extensive discussions aimed at reaching agreement on a narrowed set of document requests. (Trewick Decl., at ¶ 6). Dey communicated its narrowed set of requests by phone on November 21. *Id.*

Dey scheduled a follow up meet and confer call for November 22 in hopes of resolving the issues separating the parties before the holiday. (Trewick Decl., at ¶ 7). Tufts' response to Dey's November 21 offers of compromise was to serve blanket objections on November 22. On the November 22 call, Tufts refused to speak with Dey further absent a letter outlining the offers made on November 21 by telephone. (Trewick Decl., at ¶ 8).

On November 23, Dey again reiterated its offers of compromise to Tufts by telephone. (Trewick Decl., at ¶ 9). Tufts responded by serving and filing its motion for a protective order on November 25, 2005. (Trewick Decl., at ¶ 10).

Still in hopes of reaching an agreement with Tufts and despite Tufts' abrupt hardline stance, on November 28, Dey provided narrowed requests in writing – identical to those communicated via telephone on November 21. (Trewick Decl., at ¶ 11); *See* Exhibit B (November 28, 2005 letter to Tufts' counsel providing list of narrowed document requests).

On November 29, counsel for Dey and counsel for Tufts engaged in further discussions. On the November 29 call, counsel for Tufts informed Dey that Tufts would review the narrowed requests and provide a response in the near future. (Trewick Decl., at ¶ 12); The parties then agreed to extend Dey's for time to oppose Tufts' Motion for Protective Order until December 6, 2005. *Id.* In the interim, the parties agreed to work towards resolution of the dispute. *Id.*

Tufts' counsel communicated to Dey, on November 30, 2005, several preliminary questions regarding the scope of the Subpoena. (Trewick Decl., at ¶ 13). On December 6, 2005, Dey contacted Tufts to respond to Tufts' inquiries. (Trewick Decl., at ¶ 13). Tufts' counsel informed Dey's counsel that Tufts reviewed Dey's narrowed requests and had determined an estimate of time and resources to produce documents. *Id.* In addition, Tufts' counsel indicated that Tufts would be willing to produce certain documents on certain conditions and subject to certain qualifications. *See* Exhibit C. The parties have yet to reach an agreement regarding the Subpoena.

## ARGUMENT

Tufts raises three primary arguments: (a) that the discovery sought is not proper since Tufts is an absent class member and defendants have taken discovery from other absent class members; (b) that responding to the Subpoena would be burdensome: and (c) that

confidentiality concerns prevent a response. None of these arguments has any merit, and Tufts' motion for a protective order should be denied.

## I. Dey Is Entitled To Discovery From Tufts

Dey is entitled to proceed with its discovery of Tufts. "Relevance is to be broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Schuurman v. Town of North Reading*, 139 F.R.D. 276, 277 (D. Mass. 1991) (citations omitted); *see also Kloonoski v. Mahlab,* 156 F.3d 255, 267 (1st Cir. 1998); *Sacramona v. Bridgestone/Firestone, Inc.,* 152 F.R.D. 428, 430 (D.Mass. 1993). Discovery from Tufts is necessary to respond to Plaintiffs' allegations that Defendants perpetrated a fraud on the entire health industry, and therefore "essential" to the proper defense of this litigation. *See Easton & Co. v. Mutual Benefit Life Ins.*, Civ. Nos. 9-4012, 92-2095, 1994 WL 248172, at *4 (D. N.J. May 18, 1994) (allowing discovery of absent class members where it "would tend to prove that the market was not defrauded, and thus the benefit of the 'fraud on the market' presumption would be unavailable").

Discovery of absent class members is entirely appropriate so long as certain conditions are met:

> [T]he overwhelming majority of courts which have considered the scope of discovery against absentees have concluded that such discovery is available, at least when the information requested is relevant to the decision of common questions, when the interrogatories or document requests are tendered in good faith and are not unduly burdensome, and when the information is not available from the representative parties.

*M Berenson Co.*, 103 F.R.D. at 637 (citing *Dellums v. Powell*, 566 F.2d 167, 187 (D.C. Cir. 1977)).[3] The Subpoena satisfies each of those conditions: The demands (i) seek information relevant to the resolution of common questions, (ii) were tendered in good faith, (iii) are not unduly burdensome, and (iv) seek disclosure of information that is not available from other sources.

    A.    <u>The Subpoena Goes to Common Questions</u>

The Subpoena was designed to seek information regarding one of the fundamental issues in the litigation - - the methodologies used by third-party payors to reimburse physician administered drugs and whether payors who based reimbursement on average wholesale price ("AWP") knew that AWP was not an average of whosalers' prices. This issue goes to the heart of Plaintiffs' claim and accordingly such discovery is relevant.

Moreover, nowhere does Tufts assert that the discovery sought is not relevant, instead simply relying on the repeatedly used stance (and already rejected by this Court) that discovery is not proper merely because Tufts is an absent class member and Defendants have taken discovery from other absent class members. As reiterated above, this Court has rejected this very argument. *See* Exhibit F (November 9, 2005 transcript reflecting an order compelling Blue Cross to produce discovery here, at pp. 27-35); and Exhibit G.

    B.    <u>The Subpoena was Tendered in Good Faith</u>

Tufts does not claim that Dey acted in bad faith in tendering the Subpoena. Thus, Tufts cannot legitimately dispute that Dey tendered the Subpoena in good faith. Dey and other Track II defendants have limited the number of subpoenas to a representative sample of the Plans

---

[3]   *Accord, Brennan v. Midwestern United Life Ins. Co,,* 450 F.2d 999, 1005 (7th Cir. 1971); *Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc* ,No. 97 Civ. 4550, 97 Civ. 4676, 1998 WL 241279, at *2 (S.D.N.Y. May 12, 1998); *Easton & Co. v. Mutual Benefit Life* Ins. Co ,Civ. Nos. 9 -4012, 92-2095, 1994 WL 248172, at *3 (D.N.J. May 18, 1994).

operating in Massachusetts. Discovery from Tufts, in addition to absent Massachusetts class members Blue Cross Blue Shield of Massachusetts, Neighborhood Health Plan, Fallon Community Health Plan, and Harvard Pilgrim Health Care, was meant to provide a cross-section of the Massachusetts third party payor class.

From the outset, Dey has tried to reach agreement with Tufts on reasonable extensions of time and narrowed responses to avoid being burdensome. The requested discovery should be allowed.

C. The Subpoena is Not Unduly Burdensome and Tufts Fails to Raise Any Legitimate Objection to the Subpoena

Tufts claims that the Subpoena is overbroad, burdensome, and oppressive in scope. None of Tufts' objections are valid.

Tufts is a large, sophisticated entity with the resources to comply with the Subpoena. In light of the fact that the Complaint seeks recovery of millions of dollars in this action, as an absent class member, Tufts is hardly a bystander with nothing to gain. Thus, concern that the burden of discovery would outweigh the monetary recovery each individual class member stands to gain hardly applies here.

From the outset of the parties' discussions, Dey offered to receive documents on a rolling basis in December and January. Moreover, as reiterated above, Dey has worked with counsel for Tufts to narrow the demands in response to Tufts' assertions regarding its burden. *See* Exhibits A and B. The scope of the Subpoena is significantly narrowed. *See Id.* In addition, Dey provided Tufts with a narrowed drug list consisting of physician administered drugs named in this litigation.

### D. Dey Cannot Obtain the Required Discovery From Other Sources

The discovery sought by Dey is unavailable from other sources. Dey cannot obtain the requested discovery regarding industry knowledge and practice from named plaintiffs (including Pipefitters Local 537 Trust Funds) since the record is clear that discovery from named plaintiffs is not a substitute for discovery from Health Plans. Particularly in light of Judge Saris's class certification opinion in August 2005, the discovery sought from Tufts is not available elsewhere. Judge Saris's class certification decision highlighted the need for discovery from third parties, including Health Plans. Judge Saris noted that there was a dispute between the parties' experts concerning the basis of payments to physicians for physician-administered drugs and services. *See* August 16, 2005 Class Certification Order at 28. Judge Saris acknowledged that the Court's independent expert considered the record on this issue to be "unsettled." *Id.* Dey's Subpoena appropriately seeks further discovery in this area from third parties such as the Plans. Although Blue Cross was previously subpoenaed, it has yet to produce a single document or witness. Moreover, even if Blue Cross had produced responsive documents, Dey should be permitted discovery from a cross-section of Massachusetts Plans, including Tufts. Discovery from one or two Massachusetts plans alone is insufficient.

## II. The Confidentiality Orders Entered by This Court Resolves Tufts' Concerns Regarding Confidentiality of Materials Produced

Tufts' confidentiality concerns have already been addressed in this litigation. Previously, Defendants sought to compel discovery from third-party Health Net, and the parties presented their positions regarding confidentiality at oral argument on January 27, 2005. This Court squarely addressed and rejected confidentiality concerns as a bar to production of documents. *See* Exhibit E, at pp. 9-23, 36.

Tufts raised for the first time in its objections filed on November 22 its concerns about confidentiality. Thereafter, in communications dated November 28, 2005, Dey provided Tufts with the two confidentiality orders in this action entered by the Court, which should allay any reasonable confidentiality concerns.

## CONCLUSION

For the foregoing reasons, Dey respectfully requests that the Court deny Tufts' motion, and order Tufts to timely produce documents responsive to the Subpoena subject to the tailored requests previously offered by Dey, and to produce witnesses for deposition.

Dated: December 6, 2005

Respectfully submitted,

KELLEY DRYE & WARREN LLP

By: _____
Paul F. Doyle (BBO # 133460)
Christopher C. Palermo (admitted *pro hac vice*)
Philip D. Robben (admitted *pro hac vice*)
Lorianne K. Trewick (admitted *pro hac vice*)

101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7786
Facsimile: (212) 808-7897

Attorneys for Dey, Inc.

## CERTIFICATE OF SERVICE

I certify that on December 6, 2005, a true and correct copy of the foregoing Memorandum In Opposition To Non-Party Tufts Associated Health Plans, Inc.'s Motion For Protective Order was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties. I further certify that on December 6, 2005, a copy was served on counsel for third party Tufts Associated Health Plans, Inc. via UPS.

Lorianne K. Trewick