UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No.1456<br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | Judge Patti B. Saris<br>Chief Mag. Judge Marianne B. Bowler |

## DECLARATION OF LORIANNE K. TREWICK

**LORIANNE K. TREWICK,** declares, pursuant to 28 U.S.C. § 1746, that:

1. I am associated with the law firm of Kelley Drye & Warren LLP, counsel for defendant Dey, Inc. ("Dey"). I am admitted to practice *pro hac vice* in this judicial district for the purposes of this action.

2. I make this declaration in support of Dey's Opposition to Tufts Associated Health Plans, Inc.'s Motion for Protective Order.

3. I make this declaration from my own knowledge of Dey's negotiations with Tufts. I also make this declaration to submit certain documents in opposition to Tufts' motion.

4. On November 9, 2005, Dey served a subpoena on Tufts (the "Subpoena").

5. On November 21, 2005, as counsel for Dey, associate Philip Robben and I engaged in an extended meet and confer session with Tufts' counsel. On the call, Dey offered to receive production of documents in response to the Subpoena on a rolling basis throughout December and January, and provided Tufts with a substantially narrowed list of subject drugs. Annexed hereto as Exhibit A is a true and correct copy of the narrowed list of drugs. Dey communicated to Tufts' counsel on November 21 that the narrowed list of subject drugs represented physician-administered drugs actually named in this litigation.

6.  During the November 21 meet and confer, Dey and Tufts also engaged in extensive discussions aimed at reaching agreement on a narrowed set of document requests. Dey communicated its narrowed set of requests by phone on November 21.

7.  Dey scheduled a follow up meet and confer call for November 22 in hopes of resolving the issues separating the parties before the holiday.

8.  Tufts' response to Dey's November 21 offers of compromise was to serve blanket objections on November 22. On the November 22 call, Tufts refused to speak with us further absent a letter outlining the offers made on November 21 by telephone.

9.  On November 23, 2005, Dey again reiterated its offers of compromise to Tufts by telephone.

10. Tufts responded by serving and filing its motion for a protective order on November 25, 2005.

11. On November 28, 2005, Dey provided narrowed requests in writing–identical to those communicated via telephone on November 21. Annexed hereto as Exhibit B is a true and correct copy of the letter, dated November 28, 2005, to counsel for Tufts, providing the narrowed requests for documents.

12. On November 29, 2005, counsel for Dey and counsel for Tufts engaged in further discussions. On the November 29 call, counsel for Tufts informed Dey that Tufts would review the narrowed requests and provide a response in the near future. The parties then agreed that Dey's for time to oppose Tufts' Motion for Protective Order would be extended to December 6, 2005, and in the interim, the parties would work towards resolution of the dispute.

13. On November 30, 2005, Tufts' counsel communicated to me several preliminary questions regarding the scope of the Subpoena. On December 6, 2005, I contacted

Tufts' counsel to respond to Tufts' preliminary questions regarding the scope of the Subpoena. On the December 6 call, Tufts' counsel informed me that Tufts reviewed Dey's narrowed requests and had determined an estimate of time and resources to produce documents. In addition, Tufts' counsel indicated that Tufts would be willing to produce certain documents on certain conditions and subject to certain qualifications. Attached as Exhibit C is a letter, dated December 6, 2005, from counsel for Tufts proposing the conditions and qualifications on which it would produce certain documents.

14. The parties are still negotiating a response to the Subpoena, and in the event the parties reach a mutual agreement before the pending motions are decided, we will promptly inform the Court.

15. Annexed hereto as Exhibit D is a true and correct copy of an order compelling Aetna, Cigna and Humana to produce discovery in this action.

16. Annexed hereto as Exhibit E is a true and correct copy of a transcript of a hearing before Chief Magistrate Judge Marianne B. Bowler, on January 27, 2005, reflecting an order compelling Health Net to produce discovery in this action.

17. Annexed hereto as Exhibit F is a true and correct copy of a transcript of a hearing before Chief Magistrate Judge Marianne B. Bowler, on November 9, 2005, reflecting an order compelling Blue Cross Blue Shield of Massachusetts, et al., to produce discovery in this action.

18. Annexed as Exhibit G is a true and correct copy of an order, dated April 26, 2004, denying Plaintiffs' motion for a protective order as to absent class member discovery.

- 4 -

WHEREFORE, Dey respectfully requests that the Court deny Tufts' motion, and order that Tufts timely produce documents responsive to the Subpoena subject to the tailored requests previously offered by Dey, and to produce witnesses for deposition.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 6, 2005.

_____
**LORIANNE K. TREWICK**

## CERTIFICATE OF SERVICE

I certify that on December 6, 2005, a true and correct copy of the foregoing Declaration of Lorianne K. Trewick with annexed exhibits was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties. I further certify that on December 6, 2005, a copy was served on counsel for third party Tufts Associated Health Plans, Inc. via UPS.

Lorianne K. Trewick