

Nov 29 2005
8:46PM

# Exhibit A

NOV-29-2005 TUE 12:47 PM                    FAX NO.                          P. 01

 **Harvard Pilgrim Health Care**

# FAX COVER SHEET

## DATE: NOVEMBER 29, 2005  12:09 PM

## PAGES (INCLUDING COVER)  2

**TO:** IRENE S. FIORENTINOS, ESQ.
**JONES DAY**
**FAX:** (312) 782-8585

**FROM:** MATT HERNDON
**HARVARD PILGRIM HEALTH CARE**
**LEGAL DEPARTMENT**
**93 WORCESTER STREET**
**WELLESLEY, MA  02481**

**PHONE:** 617-509-7250
**FAX:** 617-509-7515

---

### CONFIDENTIALITY NOTICE

This facsimile transmission is intended only for the addressee named above. It contains information that is privileged, confidential or otherwise protected from use and disclosure.

If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, or dissemination of this transmission is strictly prohibited.

If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for retrieval of the document.

---

**COMMENTS:**

NOV-29-2005 TUE 12:47 PM                    FAX NO.                    P. 02

 Harvard Pilgrim
Health Care

November 29, 2005

Via Facsimile & U.S. Mail
(312) 782-8585

Irene S. Fiorentinos, Esq.
Jones Day
77 West Wacker
Chicago, Illinois 60601-1692

Re:    In re Pharmaceutical Industry Average Wholesale Price Litigation and Harvard Pilgrim Health
       Care Subpoena

Dear Ms. Fiorentinos:

This will confirm our conversation yesterday concerning the subpoena served electronically upon Harvard
Pilgrim Health Care on Wednesday, November 23, 2004 in connection with the above referenced
litigation. While Harvard Pilgrim expressly reserves the right to object to the subpoena for documents
and testimony on all grounds available to us, Harvard Pilgrim and Jones Day on behalf of all defendants
have agreed to postpone both the production of documents scheduled for November 30, 2005 and
testimony scheduled for December 2, 2005 while we further review your request.

As we discussed, Harvard Pilgrim responded to an earlier subpoena in 2004 served by another defendant
in this matter by providing numerous documents and testimony by Harvard Pilgrim employees. We
understand that your recent subpoena for documents and additional testimony is meant to "complete
discovery previously served on Harvard Pilgrim." Harvard Pilgrim contends that we have complied with
all outstanding discovery requests as a third-party witness pursuant to our agreement with defendants'
counsel at the firm of Patterson, Belknap, Webb & Tyler, LLP with respect to the initial subpoena.

Based on our discussion, we also understand that the plaintiffs in this litigation have filed a motion for a
protective order in connection with your recent subpoena on Harvard Pilgrim. If this motion is granted,
we understand that no further action will be required by Harvard Pilgrim.

Notwithstanding our significant concerns about responding to another subpoena for documents and
testimony over a year later, we have agreed to review your additional request for information consistent
with our past approach of cooperation where reasonable and not unduly burdensome. Again, Harvard
Pilgrim reserves the right to object to the subpoena after we conduct this review.

We will plan to speak with you later in the week concerning this matter.

Sincerely,

Matthew H. Herndon

cc:    Lori Jackson


Harvard Pilgrim Health Care, Inc.