# EXHIBIT 7

# COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

WASHINGTON
NEW YORK
SAN FRANCISCO
LONDON
BRUSSELS

November 23, 2005

BY E-MAIL AND ELECTRONIC SERVICE

L. Timothy Terry
Deputy Attorney General
Office of the Attorney General
198 North Carson Street
Carson City, NV 89701

Jeniphr A. Breckenridge
Hagens Berman Sobol Shapiro
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101

Re: **Nevada AWP Actions - Failure to Preserve Documents**

Dear Tim & Jeniphr:

I am writing this letter to address an issue that has come to our attention following last week's depositions. The testimony of your witnesses made clear that the State -- despite the passage of nearly four years since filing this action -- has not taken any steps to prevent the destruction or deletion of relevant documents in this case. Indeed, neither Mr. Rosenberg nor Mr. Liveratti even knew about the existence of this case until earlier this year. Such failure to instruct State employees to preserve potentially relevant documents is unacceptable and must be rectified immediately.

As you are surely aware, even absent a court order, parties to a litigation are under a duty to preserve relevant documents. *See Townsend v. American Insulated Panel Co., Inc.*, 174 F.R.D. 1, 5 (D. Mass. 1997) (citing *Vazquez Corales v. Sea-Land Service, Inc.*, 172 F.R.D. 10, 11-12 (D.P.R. 1997). This duty of preservation attaches when a party "reasonably should know that the evidence may be relevant to anticipated litigation." *Perez-Velasco v. Suzuki Motor Co.*, 266 F. Supp. 2d 266, 268 (D.P.R. 2003) (quoting *Silvestri v. General Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001)).[1] Given that the State's initial complaint was filed in January of 2002, it was presumably aware of anticipated litigation no later than four years ago and, quite possibly, months earlier than that. Yet, as of last week, the State had not made even minimal efforts to

---

[1] *See also Fire Ins. Exchange v. Zenith Radio Corp.*, 747 P.2d 911, 914 (Nev. 1987).

COVINGTON & BURLING

Tim Terry
Jeniphr A. Breckenridge
November 23, 2005
Page 2

comply with its preservation obligations by placing a hold on the destruction of potentially relevant documents.

Moreover, the State's failure to place a hold on the destruction of potentially relevant documents is made even more egregious by the fact that it directly contradicts both Judge Saris's order and the State's own document retention policy. In Paragraph 9 of Case Management Order No. 2, Judge Saris stated that "[a]ll parties acknowledge their responsibilities to take reasonable steps to comply with the law regarding preservation of documents." In addition, the section of the State's document retention policy relating to "Disposition Holds - Litigation" (NV 03802) provides as follows:

> When an agency receives notification that a lawsuit has been filed against (or on behalf of) them, they should immediately consult their legal counsel and/or the Attorney General's Office. ***All records pertaining to the litigation should be identified, separated from other files and protected. All destruction of records pertaining to the lawsuit must be stopped until the legal action has been resolved.***

Accordingly, Defendants demand that the State take immediate steps to preserve potentially relevant documents in the possession of *all* State employees.[2] Such measures must include, but not be limited to: (1) instructing all State personnel not to destroy or delete potentially relevant documents; (2) taking affirmative measures to prevent the inadvertent destruction and/or deletion of potentially relevant paper and electronic documents; (3) stopping the recycling of all backup tapes until such tapes have been searched for relevant documents; and (4) taking whatever steps are necessary, including retaining a forensic expert, to recover deleted emails and other deleted electronic documents from desktop computers, laptops, suite drives, servers, or any other location. *Unless the State provides evidence by the end of next week that such steps have been taken, Defendants will have no choice but to seek immediate relief from the Court.*

Defendants reserve the right to pursue sanctions for the State's conscious disregard of its preservation obligations. Even if the State did not act in bad faith or if evidence was destroyed as the result of normal business operations -- neither of which is conceded by the Defendants -- such sanctions are appropriate to remedy the prejudice suffered by the Defendants as a result of the State's reckless spoliation. *See Trull v. Volkwagen of America, Inc.*, 183 F.3d 88, 95 (1st Cir. 1999) (noting that the imposition of sanctions is appropriate to remedy the prejudicial effects of spoliation even in the absence of bad faith); *Kelley v. United Airlines, Inc.*, 176 F.R.D. 422, 428 (D. Mass. 1997) (sanctioning defendants for failure to search for and preserve relevant

---

[2] The term "documents" as used in this letter is defined in Defendants First Set of Interrogatories and Requests for Production to the State of Nevada.

COVINGTON & BURLING

Tim Terry
Jeniphr A. Breckenridge
November 23, 2005
Page 3

documents, even though documents may have been destroyed in the normal course of business); *see also Reingold v. Wet 'n Wild Nevada, Inc.*, 944 P.2d 800, 802 (Nev. 1997) (noting that bad faith is not required for an adverse inference instruction and sanctioning defendant for destruction of records pursuant to a routine records retention policy).

    We await your prompt response to this urgent matter.

                                                      Sincerely,

                                                      Jason R. Litow

cc:    Counsel of record (by electronic service)