UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL No. 1456 CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) ) ) | Judge Patti B. Saris |

**PLAINTIFFS' MEMORANDUM REGARDING CONTINUED
INVOLVEMENT OF DR. BERNDT**

Pursuant to the Court's electronic Order of December 6, 2005, Plaintiffs submit the

following regarding the continued involvement of Dr. Berndt as a Court-appointed expert.

**1.      Additional Class Certification Briefing Does Not Warrant Dr. Berndt's
Continued Involvement.**

The Court has authorized each side to file one additional brief on class certification.

Defendants have already submitted their brief, raising only purely legal[1] or factual issues[2]

regarding the proposed representatives.  These issues do not require Dr. Berndt's involvement.

Defendants suggest that *factual* matters relating to the adequacy and typicality inquiry

warrant Dr. Berndt's continued retention, yet Defendants do not explain how Dr. Berndt could

possibly assist the Court on these issues.  Plaintiffs of course intend to respond to these issues

raised by Defendants but do not see how Dr. Berndt's assistance would be required to resolve

them, let alone be useful.  For instance, Dr. Berndt is not qualified to render an opinion on how a

Plaintiff's knowledge of the litigation generally reflects on his or her adequacy as a class

---

[1] *E.g.*, whether Plaintiffs are adequate representatives if they paid for one but not all of drugs at issue
in Track 1; whether it is appropriate to group state consumer laws.

[2] *E.g.*, whether a Plaintiff's knowledge of the litigation is so inadequate to render the Plaintiff an
inadequate class representative; whether the Plaintiff paid for a drug based on AWP.

- 1 -

representative.  Furthermore, Dr. Berndt's assistance is not required to interpret physician billing

records demonstrating that a given Plaintiff was administered a subject drug or to conclude

whether a Plaintiff made a Medicare Part B co-payment from reviewing, for example, a canceled

check.  For these reasons, and more, Dr. Berndt's continuing input is not likely to be helpful.

> **2.      Reconsideration of Matters in the August 16, 2005 Order Does Not Warrant Dr. Berndt's Continued Involvement.**

Although Plaintiffs disagree with some of the factual conclusions made by Dr. Berndt

and incorporated by the Court in its initial class certification order, Plaintiffs do not intend to

seek reconsideration of those matters during the next phase of class certification briefing.[3]  Nor

do Defendants.

> **3.      Dr. Berndt Should Be Released.**

Plaintiffs understand from information obtained after he was appointed as an

"independent" expert that Dr. Berndt has an extensive consulting practice and works for the

pharmaceutical industry, including most of the Track 1 Defendants.[4]  Plaintiffs further

understand that Dr. Berndt has been offered additional work by pharmaceutical companies,

which may include Defendants herein.  Plaintiffs believe that it would be inappropriate to be

required to pay Dr. Berndt what he would otherwise be receiving as remuneration from the

Defendants in this case.  Furthermore, Plaintiffs do not wish to prevent Dr. Berndt from

undertaking new assignments with current and former pharmaceutical industry clients.  Given

---

[3] Plaintiffs have previously filed motions for sanctions against Defendants for using Mr. Young as a vehicle to create a deliberately misleading record on class certification.  Plaintiffs cited to specific examples of such misconduct and how Mr. Young's distortion of the facts unfortunately made their way into Dr. Berndt's report.  As a result, Plaintiffs believe that Dr. Berndt's report was tainted.  Moreover, Plaintiffs quite strongly believe that Dr. Berndt's report ignores fundamental principles of economics and was based in part on unreported assumptions.  But having already briefed these issues, Plaintiffs will not move to reconsider the Court's ruling on these issues for purposes of the certification decision.

[4] Had Plaintiffs been aware of his industry affiliation, they would not have consented to the retention of Dr. Berndt.

1534.16 0327 BSC.DOC

these circumstances, and the lack of a need for his involvement, Plaintiffs believe that Dr. Berndt

should be released to continue his work in another arena for the pharmaceutical industry.

DATED:  December 8, 2005                    By    /s/ Steve W. Berman
                                                Thomas M. Sobol (BBO#471770)
                                                Edward Notargiacomo (BBO#567636)
                                            Hagens Berman Sobol Shapiro LLP
                                            One Main Street, 4th Floor
                                            Cambridge, MA  02142
                                            Telephone: (617) 482-3700
                                            Facsimile: (617) 482-3003
                                            **LIAISON COUNSEL**

                                            Steve W. Berman
                                            Sean R. Matt
                                            Robert F. Lopez
                                            Hagens Berman Sobol Shapiro LLP
                                            1301 Fifth Avenue, Suite 2900
                                            Seattle, WA  98101
                                            Telephone: (206) 623-7292
                                            Facsimile: (206) 623-0594

                                            Elizabeth A. Fegan
                                            Hagens Berman Sobol Shapiro LLP
                                            60 W. Randolph Street, Suite 200
                                            Chicago, IL  60601
                                            Telephone: (312) 762-9235
                                            Facsimile: (312) 762-9286

                                            Eugene A. Spector
                                            Jeffrey Kodroff
                                            Spector, Roseman & Kodroff, P.C.
                                            1818 Market Street, Suite 2500
                                            Philadelphia, PA  19103
                                            Telephone: (215) 496-0300
                                            Facsimile: (215) 496-6611

1534.16 0327 BSC.DOC

- 4 -

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Donald E. Haviland, Jr.
Shanin Specter
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
Facsimile:  (215) 772-1359
Telephone:  (215) 772-1000

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **PLAINTIFFS' MEMORANDUM REGARDING CONTINUED INVOLVEMENT OF DR. BERNDT** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 8, 2005, a copy to LexisNexis File & Serve for posting and notification to all parties.


By **/s/ Steve W. Berman**

1534.16 0327 BSC.DOC