# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION, | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: | |
| *State of Nevada v. Abbott Labs., Inc. et al.,* Case No. CV02-00260 | |
| *State of Nevada v. American Home Products, et al.,* CA No. 02-CV-12086-PBS | |
| *State of Montana v. Abbott Labs., Inc., et al.* D. Mont. Cause No. CV-02-09-H-DWM | |

**OPPOSITION OF THE STATES OF NEVADA AND MONTANA TO DEFENDANTS' MOTION FOR EXPEDITED BRIEFING SCHEDULE AND ORAL ARGUMENT ON DEFENDANTS' MOTION FOR AN ORDER HOLDING PLAINTIFFS IN CONTEMPT, FOR PRESERVATION OF POTENTIALLY RELEVANT DOCUMENTS, AND FOR AN ACCOUNTING OF SPOLIATED DOCUMENTS**

The States of Nevada and Montana respectfully submit this opposition to Defendants' request that the motion filed yesterday be handled on an expedited schedule.  Defendants' motion should ***not*** be placed on an emergency briefing and oral argument track.  The Defendants' motion levies unfounded allegations regarding the States' conduct over the nearly four years since the lawsuits were filed and suggests that sanctions against the States will be warranted.  The motion was brought before the parties conferred on the issue.  In the case of Montana, the allegations are based entirely on factual claims related to the Nevada case ***and are made before the Defendants have completed one deposition of a State witness***.  The sanctions sought are substantial, yet Defendants ask the Court to order the States to respond within forty-eight hours.

The motion to hear the matter on an emergency basis should be denied for the following reasons:  (1) the motion is premature because meet and confers have not been held as required by LR 7.1(2); (2) the States have complied with their obligations to preserve documents and continue to do so – thus there is no danger that documents will be destroyed between now and a hearing in the ordinary course; and (3) it would be impossible for the States to fully respond to these allegations between now and Friday.

## I.     FACTUAL BACKGROUND

Although the States will present a more complete review of the facts in their full brief on the issue, certain facts are necessary to highlight the prematurity of Defendants' motion.

The issue of document preservation was first raised *in the Nevada case only*, in passing by GSK lawyers following a deposition on November 17, 2005 in a conversation between State and GSK lawyers in which numerous discovery issues were discussed.  Declaration of Jeniphr Breckenridge ("Breckenridge Decl."), at ¶ 2.  Defendants did not raise the issue again in Nevada until the November 23, 2005 letter which was served late on the afternoon before the Thanksgiving break.  Breckenridge Decl. at ¶ 3; Defendants' Motion, Ex. 7.  Consequently, the State of Nevada received this letter Monday, November 28, 2005.  Breckenridge Decl. at ¶ 3.  Earlier that afternoon, in the context of a telephone conference regarding Montana State issues, counsel for Immunex raised the issue of the spoliation of documents *in Nevada* and advised State counsel that in Montana she would "kind of go along with whatever the Nevada defense lawyers did," but made no specific inquiries about Montana.  Breckenridge Decl. at ¶ 4.  The issue was not raised formally in the Montana case until Thursday, December 1, 2005 by letter. *See* Defendants' Motion, Ex. 8.

With the exceptions noted above, at no time did counsel for any Defendant approach the States to discuss the matter.  Deposition examination on the topic took place *in Nevada alone* and was neither thorough nor consistent from witness to witness.  For instance, Medical Pharmacy Director, Colleen Lawrence, was deposed August 15-16, 2005.  In testimony not mentioned in Defendants' motion, Ms. Lawrence testified that she received instruction from counsel not to destroy documents and that she similarly instructed her staff.  Breckenridge Decl. at ¶ 11. Defendants did not ask her about the measures taken by the State to preserve documents even though she has been integral to Nevada's discovery efforts in this case.

No meet and confer conference was held between the parties in either State. Breckenridge Decl. at ¶ 16.  The States were thus surprised to see Mr. Hobart's certification that Defendants "conferred unsuccessfully" with plaintiffs' counsel to narrow and resolve these issues.[1]  In fact, in the case of Montana, no effort – formal or informal – has been made to discuss the State's document preservation efforts.

If defense counsel had conferred with the State's counsel, they would have learned the steps that the States' lawyers took to investigate the measures taken to preserve documents related to this litigation and the assurances the State received that documents were ***not*** destroyed. This motion would have been avoided.  Defendants would have learned that after Defendants mentioned their concerns in Nevada in November, Nevada acted to confirm that preservation measures had been taken to preserve information through employee interviews and that Charles Duarte, Administrator, Department of Health Care Financial Policy issued a memorandum to his entire organization recirculating Defendants' discovery and reminding his staff of their obligations in connection with this litigation. Similar steps were taken in Montana after the State

---

[1] Mr. Hobart signed the pleading.  Mr. Hobart has not been involved in any of the discovery discussions between the States and Defendants.  Thus the States acknowledge the possibility that Mr. Hobart did not realize that no meet and confer conference had been held on these issues.

received the December 1, 2005 letter.  Interviews with relevant employees, which continue, have to date revealed that no potentially relevant documents have been destroyed. [2]

## II.     ARGUMENT

It would be unfair to require plaintiffs to respond to Defendants' frantic allegations within forty eight hours when Defendants undertook no efforts to discuss the matter with the States and instead ambushed them with a motion.  If the parties had conferred, the States believe that this motion could have been avoided.

### A.     The Motion Is Premature

Defendants' motion should not be heard on an emergency basis **and** should be denied in its entirety because, for the reasons below, it is premature.

#### 1.     There is no emergency

Defendants have neither demonstrated nor even suggested any imminent danger that documents will be destroyed if the Court does not grant their request for an expedited handling of the matter.  Here, Defendants' motion is supported by no more than their own speculation that the documents *may* have been destroyed *in the past*.  They cannot point to testimony or evidence or even a category of documents that might substantiate the charge.  Nor do Defendants suggest that any destruction is occurring.

#### 2.     There has been no meet and confer

This motion could have been avoided.  If Defendants had engaged in the meet and confer process, they would have learned that:

---

[2] It is ironic that Baxter has joined Defendants' request that the States be held in contempt and subjected to sanctions.  Baxter itself has admitted to failing to preserve documents in the MDL case.

a.     That there is no evidence that documents have been destroyed in Nevada or Montana.  To the contrary, evidence suggests that documents have not been destroyed;

b.     Steps have been taken to preserve documents since the cases were filed;

c.     The States took steps to address Defendants' concerns that a formal hold order had not been issued in Nevada or Montana *as soon as Defendants raised that issue*.  The State of Nevada issued a memorandum confirming the proper handling of documents responsive to the litigation and reminded employees not to destroy and documents.  Breckenridge Decl., Ex. A.  The State of Montana has undertaken similar efforts.  *Counsel conducted employee interviews in both states and uncovered no evidence that documents were destroyed*; and

d.     Whether or not formal "hold orders" were issued by the States when the cases were filed, State retention policies for litigation were followed and adequate steps were taken to preserve evidence.

### 3.     There is absolutely no evidence that documents have been destroyed or will be destroyed

Defendants present no evidence to support their motion for emergency relief other than their conclusion that testimony from three Nevada employees (out of a division of 236) that they themselves did not know what steps were taken at the time the cases were filed means that no steps were taken.  In the case of Montana, the request for emergency relief is based on even less: "Defendants *can only assume* no hold exist."  Defendants' Motion at 9 (emphasis added).  Based on this assumption alone, Defendants characterize Montana's conduct as "reckless."  *Id.*  The only recklessness at issue here is *Defendants' recklessness* in filing this premature and unfounded motion in blatant disregard of this Court's meet and confer requirements.

### B.     The States Have Complied With Their Discovery Obligations and There Is No Danger That Documents Will Be Destroyed

Defendants offer no evidence that case evidence will be destroyed if their motion is not heard on an expedited basis.  Indeed what Defendants complain of is Defendants' own speculation that the States might have destroyed in the past.  Given a full opportunity to present the facts, the States are confident that they will be able to demonstrate that they have complied with their obligations at all times and will continue to do so.

-5-

**C.     It Would Be Impossible and Unfair to Fully Respond Within 48 Hours and to Defendants' Attacks**

Defendants' accusations are bond, and because Defendants ignored the meet and confer process, the States were ambushed by the motion.  The States of Montana and Nevada are entitled to a full opportunity to brief the Court on their respective document retention and preservation efforts.  This cannot be accomplished within 48 hours given that several employees have not been interviewed and that Nevada has not yet received its copies of the deposition transcripts on which Defendants rely.  In the case of Montana, this is a particularly acute problem because there is not even deposition testimony to submit to the Court for consideration.

### III.     CONCLUSION

Defendants' motion is premature, baseless and reckless.  For the foregoing reasons the States of Nevada and Montana request that the Court deny Defendants' request to have the motion considered on an expedited basis.

By    /s/ Steve W. Berman                         DATED:  December 8, 2005.

Steve W. Berman
Sean R. Matt
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol
Edward Notargiacomo
HAGENS BERMAN SOBOL SHAPIRO LLP
225 Franklin Street, 26th Floor
Boston, MA  02110
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

COUNSEL FOR PLAINTIFFS
STATE OF MONTANA AND
STATE OF NEVADA

Brian Sandoval
Attorney General of the State of Nevada
L. Timothy Terry
Assistant Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4714

Mike McGrath
Attorney General of Montana
Jon Ellingson
Assistant Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT  56920-1402
(406) 444-2026

Joseph P. Mazurek
CROWLEY, HAUGHEY, HANSON,
  TOOLE & DIETRICH PLLP
100 North Park Avenue, Suite 300
P.O. Box 797
Helena, MT  59601-6263
(406) 449-4165

COUNSEL FOR PLAINTIFF
STATE OF MONTANA


Brian Sandoval
Attorney General of the State of Nevada
L. Timothy Terry
Assistant Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4714

COUNSEL FOR PLAINTIFF
STATE OF NEVADA

-7-

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **OPPOSITION OF THE STATES OF NEVADA AND MONTANA TO DEFENDANTS' MOTION FOR EXPEDITED BRIEFING SCHEDULE AND ORAL ARGUMENT ON DEFENDANTS' MOTION FOR AN ORDER HOLDING PLAINTIFFS IN CONTEMPT, FOR PRESERVATION OF POTENTIALLY RELEVANT DOCUMENTS, AND FOR AN ACCOUNTING OF SPOLIATED DOCUMENT** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 8, 2005, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By       **/s/ Steve W. Berman**
     Steve W. Berman
     **HAGENS BERMAN SOBOL SHAPIRO LLP**
     1301 Fifth Avenue, Suite 2900
     Seattle, WA  98101
     (206) 623-7292