## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:   PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 CIVIL ACTION NO. 01-12257-PBS Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | |

## TRACK TWO DEFENDANTS' SUBMISSION REGARDING DISCOVERY SCHEDULE

On September 28, 2005, Plaintiffs moved for "a stay of Track Two discovery" and asked the Court to "tie the discovery more closely to class certification proceedings." Docket Entry No. 1741 at 2.  In that motion, Plaintiffs stated that "if the Court is not inclined to adopt Plaintiffs' proposal to stay Track Two discovery pending standing determinations, Plaintiffs respectfully request that the Court provide 90 additional days beyond December 3rd in order to complete Track Two discovery and alter the associated expert disclosure deadlines accordingly." *Id.*, at 6.

On November 21, 2005, the Court issued Case Management Order No. 16, which denied Plaintiffs' request for an indefinite stay of discovery linked to class certification.  Docket Entry No. 1897.  Case Management Order No. 16 also directed the parties to "defer discovery on the claims involving pills purchased from pharmacies" and to "confer and submit a stipulation on discovery relating to any non-physician-administered drugs by December 2, 2005." *Id.*  The Court's December 1, 2005, Order Re: Plaintiffs' Motion for Clarification of Case Management

Order No. 16 further directed the parties to "confer on a [Track Two] discovery schedule that makes sense and submit a joint and/or alternative schedule by December 9, 2005," but stressed that it is "important to keep Track Two from becoming the molasses track."  Docket Entry No. 1925.

As the Court directed, the Track Two Defendants[1] and Plaintiffs have conferred but, unfortunately, have been unable to reach agreement on a discovery schedule.  As a result, the Track Two Defendants offer this separate submission and urge the Court to adopt the following proposed discovery schedule, embodied in [Proposed] Case Management Order No. 19, attached hereto as Exhibit A, which provides Plaintiffs exactly what they sought in the event that the Court rejected their request for a floating stay – it extends discovery by 90 days and alters the associated expert disclosure deadlines accordingly.  In short, the Track Two Defendants propose giving Plaintiffs the entire amount of additional time **that they requested** – an amount of time that, a few short weeks ago, they represented was sufficient to complete the outstanding Track Two discovery.

The Track Two Defendants' proposal is as follows:

**Discovery Relating to Physician-Administered Drugs**

March 3, 2006                 Parties complete their responses to discovery
                              requests and deposition notices served on or before
                              the December 3, 2005, discovery cutoff.

---

[1] The Track Two Defendants joining in this proposed schedule are:  Abbott Laboratories, Amgen Inc., Aventis Pharmaceuticals Inc., ZLB Behring LLC f/k/a Aventis Behring, L.L.C., B. Braun Medical Inc., Bayer Corporation, Dey, Inc., Fujisawa Health Care, Inc., Fujisawa USA, Inc., Immunex Corporation, Pfizer Inc., Pharmacia Corporation, Pharmacia & Upjohn, Inc., Sicor, Inc. f/k/a Gensia, Inc., Gensia Sicor Pharmaceuticals, Inc., and TAP Pharmaceutical Products, Inc.  In proposing this schedule, the Track Two Defendants fully reserve all of their rights as to discovery and other issues.  These Defendants do not intend to waive any of their objections to plaintiffs' discovery, and they do intend to pursue whatever discovery to which they are entitled.

June 2, 2006                    Plaintiffs file expert reports on liability.

July 17, 2006                   Defendants file expert reports on liability.

August 25, 2006                 Completion of expert depositions.

**Discovery Relating to Self-Administered Drugs**

In the event that one or more classes including self-administered drugs are
certified, the parties may commence discovery relating to those drugs that are part
of any class so certified thirty days after an order issues certifying any such
classes unless interlocutory review is timely pursued.  Discovery will close 150
days following the date of any such order.  Following the close of this discovery
period, the parties shall confer on a schedule that makes sense for the remainder
of the case relating to self-administered drugs and shall submit a joint and/or
alternative schedule within 14 days of the close of self-administered drug
discovery.

The Track Two Defendants respectfully request the Court to enter proposed Case
Management Order No. 19 because the discovery schedule embodied in this proposed Order
"makes sense" in light of the progress of this case to date and strikes the correct balance between
allowing sufficient additional time for the parties to complete outstanding discovery and keeping
the case with respect to the Track Two Defendants moving toward ultimate adjudication.
Although the Track Two Defendants preferred that discovery would have closed on December 3,
2005 – a date that itself was the result of a prior extension of the deadline – they are now
prepared to accept what the Plaintiffs sought in their earlier motion.  But Plaintiffs are now
backing away from their own proposal (which they also did when they moved to modify the

prior schedule, itself a product of Plaintiffs' request to modify the original discovery schedule to which the Track Two Defendants capitulated in the spirit of compromise). Instead, they most recently proposed a schedule that more closely resembles something appropriate at the initial onset of discovery rather than a modest extension to accommodate the crush of the holiday season as these cases enter their fifth year of litigation. Moreover, the Plaintiffs' proposal completely ignored this Court's direction to "defer discovery on the claims involving pills purchased from pharmacies." Case Management Order No. 16. Instead, they have proposed resuming discovery on pills dispensed by pharmacies despite having abandoned similar discovery against the Track One Defendants in the wake of this Court's decision on their motion for class certification. There appears to be no method to this madness.

In Plaintiffs' Motion for Clarification of Case Management Order No. 16, they purported to point to examples of various Track Two Defendants causing delay in discovery. Docket Entry No. 1912. Defendant Pharmacia has already responded to those allegations (which were simply recycled from Plaintiffs' Motion to Modify), pointing out that they were utterly baseless. *See* Track Two Defendants' Opposition to Plaintiffs' Motion to Modify the Track Two Discovery Schedule and Cross Motion for Entry of Case Management Order 16, at 7-8, and accompanying Declaration. (Docket Entry No. 1761-1). Plaintiffs made similar allegations against other Track Two Defendants for the first time in Plaintiffs' Motion for Clarification, and there are other Track Two Defendants against which Plaintiffs have never alleged any lack of cooperation in discovery and yet appear to simply want to restart discovery. Many of these Track Two Defendants offer brief individual responses, which are attached as Exhibit B hereto. The collective experience of the Track Two Defendants underscores that the Plaintiffs complain about matters that are either flights of fiction or are largely of their own creation.

We have arrived at the point in this case when the Court should say "enough is enough" to litigants seeking endless discovery. The Track Two Defendants respectfully request that the Court not allow Track Two to become "the molasses track," and instead enter the Track Two Defendants' proposed Case Management Order No. 19.

Respectfully submitted,

_/s/ Mark. D. Smith_
Mark D. Smith (BBO# 542676)
Laredo & Smith, LLP
15 Broad Street, Suite 600
Boston, MA  02109
617.367.7984 (t)
617.367.6475 (f)

John C. Dodds
*Admitted pro hac vice*
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103
215.963.5000 (t)
215.963.5001 (f)

Scott A. Stempel
*Admitted pro hac vice*
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C.  20004
202.739.3000 (t)
202.739.3001 (f)

*Attorneys for Defendant Pfizer Inc., Pharmacia Corp. and Pharmacia & Upjohn, Inc.*

On behalf of the Track Two Defendants

December 9, 2005