UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL No. 1456 CIVIL ACTION:  01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) ) | Judge Patti B. Saris |

**WATSON PHARMACEUTICALS, INC.'S RESPONSE TO COURT ORDER
REGARDING DISCOVERY SCHEDULE**

Taking a cue from the Court's December 1, 2005 Order that "a different wrap-up

schedule for each defendant" is a possibility, Defendant Watson Pharmaceuticals, Inc.

("Watson") requests that the Court enter a discovery scheduling Order that requires a January 13,

2006 deadline for factual discovery on Watson's physician-administered subject drugs.  Plaintiffs

and Watson have conferred on a discovery schedule but have been unable to reach agreement.

Watson therefore urges the Court to adopt the discovery schedule proposed by the other Track

Two Defendants, adjusting the deadlines for discovery on physician-administered drugs as to

Watson only as follows:

| | |
|---|---|
| December 16, 2005 | Watson completes its document and data responses to discovery requests served on or before the initial December 3, 2005 discovery cutoff. |
| January 13, 2006 | Depositions and all factual discovery relating to Watson completed.[1] |

---

[1]     Watson joins the other Track Two Defendants in the position that only discovery requests, including depositions, noticed before the December 3, 2005 discovery deadline are timely.  All depositions noticed by Plaintiffs before the December 3, 2005 discovery deadline, with the exception of Lynne Amato, have been taken.  Therefore, the deposition of Lynne Amato is the only Watson deposition that remains.

As Watson set forth in its November 30, 2005 response to Plaintiffs' Motion for Clarification of Case Management Order #16 (Docket 1924), Watson made a tremendous effort to provide discovery responses as to the subject drugs before the December 3, 2005 discovery deadline.  Indeed, Watson produced the majority of its responsive documents (more than 28,000 pages) almost exactly three years ago, and many of these documents have been used by Plaintiffs in the recent depositions of Watson employees.  As set forth in our November 30 filing, we responded quickly and openly to Plaintiffs' discovery requests, including depositions scheduled on short notice and data and documents retrieved with great effort and at great expense.  Plaintiffs' failure to seek additional discovery before the longstanding December 3 deadline should not be rewarded with a lengthy extension of the discovery cutoff.  In light of Watson's good-faith efforts and the fact that Watson expects to have the last remaining e-mails and other outstanding documents and data reviewed and produced by December 16, 2005, Watson believes that the discovery schedule embodied in our proposed Order allows sufficient additional time for the parties to complete outstanding discovery and to provide a reasonable end to Plaintiffs' mushrooming discovery demands.

There are only six subject drugs marketed by Watson that were physician-administered drugs.  As Plaintiffs are aware, all but two of the drugs were discontinued by Watson's corporate predecessors on or before 1998.  Therefore, there are very few documents and data that relate to these discontinued injectable drugs.  As to the remaining two drugs, existing promotional material, launch material, training material, business plans, sales data, and transactional data have been produced or will be produced shortly.  Plaintiffs have taken six exhaustive depositions of Watson's employees (four of which Watson accommodated despite short notice), and Watson has agreed to permit the remaining relevant deposition of a Watson employee next week.

- 2 -

Plaintiffs have received massive amounts of Watson data and documents (indeed, more than

40,000 pages of documents) that should have made clear what remaining depositions are

required, yet Plaintiffs have not noticed or issued subpoenas for any additional depositions.[2]

Therefore, Watson requests that the Court enter the scheduling Order proposed by the

Track Two Defendants with only one revision:  the discovery deadline as to Watson's physician-

administered drugs should be set at January 13, 2006.


Dated:  December 9, 2005                                     Respectfully submitted,


                                                            **/s/ Douglas B. Farquhar**
                                                            Douglas B. Farquhar (admitted *pro hac vice*)
                                                            HYMAN, PHELPS, & McNAMARA, P.C.
                                                            700 Thirteenth Street, N.W., Suite 1200
                                                            Washington, D.C.  20005
                                                            (202) 737-5600
                                                            (202) 737-9329 (facsimile)


---

[2]     In conversations with Watson's counsel, Plaintiffs have taken the untenable position that they are entitled to discovery on drugs not included in Appendix A to the Third Amended Master Consolidated Class Action Complaint.  Plaintiffs may argue that Watson's failure to produce this discovery should result in a lengthy extension of the discovery deadline.  Specifically, Plaintiffs maintain that they are entitled to discovery on injectable lorazepam and injectable fluphenazine hydrochloride, although neither drug is listed in Appendix A as a Watson drug.  While Appendix A does include entries for Watson for lorazepam tablets and fluphenazine hydrochloride tablets, those drugs are different drugs than injectable lorazepam and injectable fluphenazine hydrochloride.  A different result is not supported by the Court's statement in Case Management Order #10 for purposes of discovery of Phase I Drugs that "[t]he identification of a drug as a Phase I Drug pursuant to this paragraph shall include all NDCs for that defendant's product set forth in Appendix A to the AMCC."  An injectable and a pill are different products and different drugs.  The Court has repeatedly recognized this in its Orders, including the Court's August 16, 2005 Memorandum and Order re: Motion for Class Certification and Case Management Order #16.  Additionally, the Food and Drug Administration ("FDA") has repeatedly stated that the oral and injectable forms of drugs with the same active ingredient are different drug products.  *See, e.g.*, 21 C.F.R. § 314.3(b) (defining a "drug product" as a "finished dosage form, for example, tablet, capsule, or solution that contains a drug substance") (emphasis added); *id.* §§ 314.92(a)(1), 314.93 (together stating that an abbreviated new drug application may only be filed for a drug product that is identical to a listed drug in, among other things, dosage form and route of administration, unless permission is granted by FDA); FDA, Approved Drug Products with Therapeutic Equivalence Evaluations, 25th Edition, at vii-viii (2005).  Plaintiffs are not entitled to discovery relating to injectable fluphenazine hydrochloride and injectable lorazepam because they included, in Appendix A, tablets with the same active ingredients.

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2005, I caused a true and correct copy of the foregoing Watson Pharmaceuticals, Inc.'s Response to Court Order to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2, by sending a copy of this document to Lexis/Nexis File and Serve (formerly Verilaw Technologies) for posting and notification to all parties.

**/s/ Douglas B. Farquhar**
Douglas B. Farquhar