UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | Judge Patti B. Saris |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR PROPOSED TRACK TWO DISCOVERY SCHEDULE

The Court's December 1, 2005, Order Re:  Plaintiffs' Motion for Clarification of Case Management Order #16 directed the parties to "confer on a [Track Two] discovery schedule that makes sense and submit a joint and/or alternative schedule by December 9, 2005."  As the Court directed, Plaintiffs and the Track Two Defendants have conferred and cannot agree on a schedule.  Consequently, Plaintiffs submit this memorandum in support of their proposed Track Two schedule.

**A.     Plaintiffs' Proposed Schedule Cogently And Efficiently Closes Out The Discovery Period In These Consolidated Class Actions**

Plaintiffs believe that their proposed schedule meets the Court's expectation that Track Two not become the "molasses track."  Under Plaintiffs' proposal, discovery continues for only six more months and ends on June 30, a date that Track Two Defendant Baxter has already agreed is a proper close to fact discovery.  Given the track record that Defendants have compiled in discovery conducted to date, Plaintiffs believe that it is imperative that any schedule have firm dates for critical items that must be completed to conclude discovery.  These dates include the production of data, documents and deponents and are overviewed below.

### 1.      Electronic Data

The total number of Medicare Part B/physician-administered drugs at issue in Track Two is 112.[1]  One of the important benchmarks in this case will be evidence of Defendants' actual average sales price ("ASP") for each of these drugs over time.  Defendants refused to answer interrogatories asking for the ASP on each drug.  Consequently, Dr. Hartman and his team are required to analyze extensive transactional data maintained by Defendants over a 10-year period and calculate discounts, promotions, free goods, rebates, and other deductions, to arrive at ASP. Although a substantial amount of data has been produced, the production of all relevant data needed to perform these calculations is not complete.  Examples are provided in paragraph 3 of the Declaration of Steve W. Berman in Support of Plaintiffs' Proposed Track Two Discovery Schedule ("Berman Decl.").  Plaintiffs suggest that all transaction data should be produced by January 15, 2006.

### 2.      30(b)(6) Depositions of Invoice Data

In order to finalize ASP calculations, it has been necessary to conduct either interviews or 30(b)(6) depositions to understand data layouts, terms and gaps in certain fields.  Proposed completion date:  February 15, 2006.

### 3.      A Firm Date for Final Document Production

Plaintiffs believe it is essential for the Court to set a final date for completion of document production.  Document production is still occurring, and additional productions were made just this week.  Depositions cannot be fully planned until all documents have been produced and reviewed.  Proposed date for documents relating to physician-administered drugs: January 30, 2006.

---

[1] These drugs are broken out by Track Two Defendant as follows:  Abbott, 20; Amgen,6; Aventis, 6; B. Braun, 3; Baxter, 19; Bayer, 6; Dey, 5; Fujisawa, 12; Genesia, 4; Immunex, 5; Pfizer, 1; Pharmacia, 11; Sicor, 7; and Watson, 7.

4.      **Oral Drugs**

Many of the Track Two Defendants have simply not produced documents for oral drugs since the Court's class certification order.  Plaintiffs propose May 1, 2006, as the cut-off for the production of these documents.

5.      **Close of Fact Discovery on Physician-Administered Drugs**

Assuming that document production is completed on January 30, 2006, and allowing for time to process and digest the documents, depositions should be completed by June 30, 2006.

6.      **Close of Fact Discovery on Oral Drugs**

August 1, 2006 is a realistic cut-off if document production ends on May 1, 2006.

7.      **Experts**

The proposed schedule provides for expert reports.

B.      **Defendants' Proposed Schedule Is Unfair And Unworkable**

1.      **Discovery cannot be completed if limited to requests and notices served before December 3, 2005**

During the meet and confer process, the Track Two Defendants proposed a schedule under which further discovery would be permitted ***only on requests and deposition notices served by December 3, 2005***.  This proposal is completely one-sided and unfair as demonstrated by the tardiness of many of the Track Two Defendants' document productions.[2]  Amgen is a prime example.  Amgen, despite repeated demands, did not begin to produce documents until November 2005, and did so only after a motion to compel was filed.  Additional documents were received this week, and Amgen still has not completed its production and has not committed to a completion date for its production, only vaguely forecasting that its production should be "substantially complete" by the end of the year.  Yet, under Defendants' proposal, Plaintiff could

---

[2] Baxter, recognizing it has not produced responsive documents in a timely fashion, has taken a fair course of action, and agreed to a schedule similar to that proposed here.  *See* Stipulation attached as Exhibit A.

not take any depositions of Amgen employees because no such notices were served prior to December 3, 2005.  And even if they could, Amgen expects that depositions could be completed within 90 days when Plaintiffs will be lucky if they can complete just document review during that short of a time period.

Despite significant efforts undertaken by Plaintiffs' counsel to review these documents – efforts that will continue for some time given the lateness and volume of the production – Plaintiffs could not have noticed all depositions by December 3, 2005.  Furthermore, additional meet and confers and potential additional requests are likely to be needed after completion of this initial review.  Berman Decl. at ¶ 4.  Neither Amgen nor any other Defendant should obtain a "pass" on discovery as *a reward* for failing to comply with discovery in a timely fashion.

Other examples abound.  For instance, Bayer made a supplemental production of approximately 181,000 pages of documents on November 2, 2005.  Watson, despite representing that it would do so more than a year ago, did not supplement its original production of government production documents until November 18, 2005, and anticipates making another production this week.  Watson also refused to review boxes of Schein documents that are warehoused but not indexed and is just beginning an electronic document search of e-mails and memos.[3]  Pharmacia produced over 30,000 pages of documents on July 27, 2005, and another 18,000 pages in October.  Abbott made substantial productions throughout November, 2005.  Berman Decl. at ¶ 5.

*It should be obvious from these circumstances that it was impossible to have noted witnesses for depositions of these Defendants prior to December 3rd.  It should be equally*

---

[3] Yet Watson has the temerity to propose that depositions can be held only of witnesses noticed prior to December 3 and, in any event, must conclude by January 13, 2006, notwithstanding the upcoming holiday period.

*obvious that, even if new notices and requests are permitted, that discovery cannot be*
*completed by March 3, 2006, as Defendants now propose*.

In addition to failing to account for the substantial amount of follow-on discovery required once Plaintiffs have completed reviewing the Track Two document productions, Defendants' proposal offers no solutions for completing invoice data discovery; nor does it propose a deadline for document production.

### 2.     Discovery on self-administered drugs should continue

As for oral drugs, Defendants would have no discovery until a class is certified.  This proposal should be rejected for two reasons.  First, the named Plaintiffs intend to proceed with their individual claims even if a class is not certified.  Second, the States will be taking discovery on all drugs without regard to class issues, so there is no reason to delay this discovery.

### 3.     Even if additional discovery were to include newly served requests and notices, an additional 90 days is no longer sufficient

While it is true that Plaintiffs initially proposed a 90-day extension to discovery if their request for a Track Two stay were denied, a 90-day extension is no longer sufficient.[4]  Plaintiffs made that proposal back in September and under the assumption that Track Two Defendants would complete their data and document productions by December.  As discussed above, that assumption was mistaken.  Document productions remain outstanding, and data gaps need filling.  Furthermore, several Defendants made voluminous productions since September, which requires substantial effort and time to now review.  Additional motions to compel are also likely, which will require time for the Court to resolve.  In short, it is unrealistic to expect that Track Two discovery can be completed by March 3, 2006, as Defendants now propose.

_____
[4] Defendants emphatically assert that their proposal "provides Plaintiffs exactly what they sought in the event that the Court rejected their request for a floating stay . . . ."  This assertion is patently false.  Plaintiffs **never** proposed that discovery associated with an extended period be limited to requests and notices served prior to December 3.

4.      **Defendants' proposal ignores other litigation burdens**

Finally, Defendants' proposal fails to account for the fact that there are many more Defendants in Track Two than in Track One.  It also ignores the realities of the substantial litigation burdens placed on Plaintiffs' counsel over the last several months, which has included work associated with reacting to the Track One class certification order; the identification and discovery of additional Track One representatives; the Track One Defendants' interlocutory appeal (which the First Circuit recently denied); Track One expert discovery, made all the more difficult by the Track One Defendants' delays in producing information necessary for Dr. Hartman to complete his report; Track Two ongoing discovery, including the review of recent document productions; and various discovery and scheduling motions.  In sum, the confluence of events has resulted in a dizzying volume of work in this case over the last several months.  Defendants' proposal fails to account for this reality, as well as the Track Two Defendants' discovery delays.

**C.      The Court Should Not Establish Alternate Schedules For Different Track Two Defendants Or Groups Of Defendants**

The Court's December 1, 2005, Order Re:  Plaintiffs' Motion for Clarification of Case Management Order #16 raised the prospect of "a different wrap-up schedule for each defendant." Defendant Watson now advocates that a separate schedule exist for discovery of it, yet Defendants did not propose any sort of a multi-defendant schedule until late Wednesday, and Plaintiffs have not held a specific meet-and-confer with Watson on this issue.  Nonetheless, Plaintiffs respectfully submit that a multi-track schedule will lead to confusion, as separate dates will have to be tracked for separate Defendants or groups of Defendants.  Reference to the volume of individual briefing that the Track Two Defendants submitted on this scheduling issue

alone demonstrates the extra burdens that will placed on the Court if separate schedules are

established.  Maintaining a single schedule for Track Two, as the Court did for Track One, will

lead to a more efficient close to the discovery period and provide the parties' experts with the

means to consider the issues as a coherent whole.  This complex case does not need any

additional complexity.  As Defendant Abbott Laboratories recently acknowledged, "[t]wo tracks

are more than enough."[5]

**D.      Conclusion**

        For the reasons stated herein, Plaintiffs respectfully request that the Court enact their

proposed Track Two discovery schedule.


DATED:  December 9, 2005.                    By      **/s/ Steve W. Berman**
                                                Thomas M. Sobol (BBO#471770)
                                                Edward Notargiacomo (BBO#567636)
                                             Hagens Berman Sobol Shapiro LLP
                                             One Main Street, 4th Floor
                                             Cambridge, MA  02142
                                             Telephone: (617) 482-3700
                                             Facsimile: (617) 482-3003
                                             **LIAISON COUNSEL**

                                             Steve W. Berman
                                             Sean R. Matt
                                             Hagens Berman Sobol Shapiro LLP
                                             1301 Fifth Avenue, Suite 2900
                                             Seattle, WA  98101
                                             Telephone: (206) 623-7292
                                             Facsimile: (206) 623-0594

                                             Elizabeth Fegan
                                             Hagens Berman Sobol Shapiro LLP
                                             60 W. Randolph Street, Suite 200
                                             Chicago, IL  60601
                                             Telephone: (312) 762-9235
                                             Facsimile: (312) 762-9286

---

        [5] Defendant Abbott Laboratories' Opposition to Plaintiffs' Motion for Order Exempting Abbott Laboratories
from any Order Declining to Extend Deadline for Track Two Discovery, at 8.

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Donald E. Haviland, Jr.
Shanin Specter
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
Facsimile:  (215) 772-1359
Telephone:  (215) 772-1000

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR PROPOSED TRACK TWO DISCOVERY SCHEDULE** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 9, 2005, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By_____/s/ Steve W. Berman_____
    Steve W. Berman
    **HAGENS BERMAN SOBOL SHAPIRO LLP**
    1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
    (206) 623-7292

1534.16 0243 MTN.DOC

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456 CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) ) ) | Judge Patti B. Saris |

**PLAINTIFFS' AND DEFENDANT BAXTER'S JOINT AGREED MOTION FOR
EXTENSION TO TRACK II DISCOVERY SCHEDULE WITH RESPECT TO BAXTER**

Plaintiffs and Defendant Baxter jointly move this Court for an extension to the Track II

Discovery Schedule with respect to Baxter.  In support thereof, Plaintiffs and Baxter state as

follows:

**I.      THE PARTIES REQUEST AN EXTENSION OF THE DEADLINE FOR TRACK
II DISCOVERY WITH RESPECT TO BAXTER TO SEPTEMBER 30, 2006.**

Currently pending before this Court is Plaintiffs' Motion To Compel The Production Of

Documents From Baxter.  The parties have conferred regarding the document production made

to date by Baxter, Baxter's proposed rolling production of additional documents, and the

depositions that will likely arise as Baxter undertakes the production of its documents.

Based on those discussions, Plaintiffs have agreed to withdraw their Motion To Compel

Baxter's documents without prejudice contemporaneously with this Motion, based on the parties'

- 1 -

joint request to this Court to modify the Track II Discovery Schedule with respect to Baxter as follows:[1]

- final date for production of documents: June 1, 2006,

- final date for depositions of fact witnesses: September 30, 2006;

- Plaintiffs to file their expert reports on liability:  November 15, 2006;

- Baxter to file its expert reports on liability: December 1, 2006;

- completion of expert depositions:  December 30, 2006.

Baxter and Plaintiffs agree that this schedule provides sufficient time to conduct discovery given the number of documents which Baxter believes it has to produce with respect to the drugs at issue and given the breadth of discovery required by both parties to prepare the case for trial.

## II.    CONCLUSION

For all of the foregoing reasons, Plaintiffs and Defendant Baxter respectfully request that this Court enter an order:  a) granting the parties' Joint Agreed Motion For Extension To Track II Discovery Schedule With Respect To Baxter; and b) setting the discovery schedule with respect to Baxter as follows:  (i) final date for production of documents: June 1, 2006, (ii) final date for depositions of fact witnesses: September 30, 2006; (iii) Plaintiffs to file their expert reports on liability:  November 15, 2006; (iv) Baxter to file its expert reports on liability: December 1, 2006; (v) completion of expert depositions:  December 30, 2006.

DATED:  November 22, 2005

---

[1] Case Management Order ("CMO") No. 14 sets forth the following deadlines associated with discovery related to the Track Two Defendants:

     December 3, 2005:  Close of Fact Discovery.
     January 15, 2006:  Plaintiffs file their expert reports on liability.
     January 30, 2006:  Defendants file expert reports on liability.
     March 15, 2006:  Completion of expert depositions.

- 2 -

*On Behalf of Baxter*

By:

*On Behalf of Plaintiffs*

By    **/s/ Steve W. Berman**
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

- 3 -

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR
PLAINTIFFS**

- 4 -

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | Judge Patti B. Saris |

### [PROPOSED] ORDER

This matter coming before the Court on Plaintiffs' And Defendant Baxter's Joint Agreed

Motion For Extension To Track II Discovery Schedule With Respect To Baxter;

It Is Hereby Ordered As Follows:

1.     Plaintiffs' And Defendant Baxter's Joint Agreed Motion For Extension To Track

II Discovery Schedule With Respect To Baxter is granted;

2.     The Track II Discovery Schedule set forth in Case Management Order No. 14 is

modified with respect to Baxter as follows:

(i)   final date for production of documents: June 1, 2006,

(ii)  final date for depositions of fact witnesses: September 30, 2006;

(iii)   Plaintiffs to file their expert reports on liability:  November 15, 2006;

(iv)   Baxter to file its expert reports on liability: December 1, 2006;

(v)    completion of expert depositions:  December 30, 2006.

ENTERED: _____, 2005

_____

Saris, J.

- 1 -

## CERTIFICATE OF SERVICE

I, hereby certify that I, Merle M. DeLancey, counsel to Baxter Healthcare Corporation and Baxter International Inc., caused a true and correct copy of the foregoing PLAINTIFFS' AND DEFENDANT BAXTER'S JOINT AGREED MOTION FOR EXTENSION TO TRACK II DISCOVERY SCHEDULE WITH RESPECT TO BAXTER and [Proposed] ORDER to be served electronically on counsel of record pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to LexisNexis File and Service for posting and notification to all parties on November 22, 2005.

Merle M. DeLancey
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, D.C.  20037
Tel: (202) 828-2282
Fax: (202) 887-0689
Counsel for Baxter Healthcare Corporation
and Baxter International Inc.

- 5 -