**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> **THIS DOCUMENT RELATES TO** <br> *State of Nevada v. Abbott Labs., Inc. et al.*, <br>  Case No. CV02-00260 (Nevada I), <br><br> *State of Nevada v. American Home Products, et al.*, <br>  CA No. 02-CV-12086-PBS (Nevada II), and <br><br> *State of Montana v. Abbott Labs., Inc., et al.* <br>  CA No. 02-CV-12084-PBS | MDL NO. 1456 <br> Civil Action No. 01-12257-PBS <br> Judge Patti B. Saris <br><br> Chief Magistrate Judge Marianne B. Bowler |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
EXPEDITED BRIEFING SCHEDULE AND ORAL ARGUMENT ON
DEFENDANTS' MOTION FOR AN ORDER HOLDING PLAINTIFFS
IN CONTEMPT, FOR PRESERVATION OF POTENTIALLY RELEVANT
<u>DOCUMENTS, AND FOR AN ACCOUNTING OF SPOLIATED DOCUMENTS</u>**

Nevada's submission of an email dated November 30, 2005, directing Nevada Medicaid employees to retain documents speaks volumes. Apparently, Nevada has no other evidence of earlier efforts to preserve documents. Montana does not submit any evidence that even now it has taken any steps to retain documents. Plaintiffs' failure to comply with the Court's order regarding preservation of documents requires an immediate remedy.

Plaintiffs' argument that the Court should not order an expedited briefing schedule because they were "ambushed" by Defendants' motion is meritless. With respect to the Nevada actions, counsel for Defendants sent a letter to Plaintiff's counsel on Wednesday, November 23, 2005, stating that Defendants would seek "immediate relief from the Court" unless Plaintiff certified "by the end of next week" that they had taken the steps outlined in the letter. The letter

was clearly dated and was sent during regular business hours.  Plaintiff's counsel's purported "honest mistake" (Breckenridge Decl. ¶ 3) in misinterpreting this deadline is no reason to deny expedited consideration here.  Indeed, as Plaintiff's counsel concedes (*id.* ¶ 2), the State of Nevada was aware of Defendants' spoliation concerns as early as November 17, 2005, yet made no effort to contact Defendants' counsel regarding any interviews, notices, or other steps it was taking to contain or otherwise address the problem.  In the face of Plaintiff's silence after several communications over the course of two weeks, Defendants had no choice but to file this motion.

As to Montana, Plaintiff's suggestion that the parties did not adequately confer or that the State did not have sufficient time to respond is incorrect.  Defendants' December 1, 2005 letter to Ms. Breckenridge was not "the first time" preservation of documents in Montana was raised.  Indeed, the December 1, 2005 letter to Ms. Breckenridge memorializes the fact that potential spoliation of documents by Montana was specifically raised by counsel for Defendant Immunex Corporation during the November 23, 2005 meet and confer.  During that call, counsel for Immunex specifically asked counsel for Montana whether Montana had issued a litigation hold to halt the destruction of documents upon filing this case over three years ago.  Counsel for Montana were unable to confirm that any hold order had been implemented in Montana to preserve relevant documents. Counsel for Montana stated that it is the State's standard practice to destroy electronic documents every thirty days, which heightened Defendants' concerns that Montana was not in compliance with its obligations to preserve documents and that immediate steps were needed to gain that compliance.  *See* Defendants' Motion, Ex. 9.  Discussion during the November 23 meet and confer regarding Montana's obligations to preserve relevant documents was in no way conditioned on proceedings in Nevada.

Tellingly, Plaintiffs' Opposition fails to state that they have done anything to respond to Defendants' request for confirmation during the November 23 meet and confer regarding a litigation hold in Montana. Indeed, Plaintiffs concede that they have "not completed" their attempt to confirm whether or not Montana is continuing to destroy documents in accordance with its routine policy. Breckenridge Decl. ¶ 14. Plaintiffs' failure to properly respond after the issue was raised during the November 23, 2005 meet and confer, and their continuing failure to respond after Defendants' December 1, 2005 letter (which requested confirmation of Montana's efforts by no later than close of business on December 5, 2005) further evidences the need for immediate Court intervention.

For the reasons stated above, along with those set forth in Defendants' initial Motion, Plaintiffs' failure to institute a document hold at the outset of this litigation requires the Court's prompt attention.

Respectfully submitted on behalf of all Defendants in the Nevada and Montana actions,

   /s/ Geoffrey E. Hobart
Geoffrey E. Hobart (BBO # 547499)
Mark H. Lynch
Ronald G. Dove, Jr.
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:  (202) 662-6000
Facsimile:  (202) 662-6291

Mark D. Seltzer (BBO #556341)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
Telephone:  (617) 523-2700
Facsimile:  (617) 523-6850

Frederick G. Herold
DECHERT LLP
1117 California Avenue
Palo Alto, CA  94304
Telephone:  (650) 813-4930
Facsimile:  (650) 813-4848

Thomas H. Lee II
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA  19103-2793
Telephone:  (215) 994-2994
Facsimile:  (215) 994-2222

*Attorneys for Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline*

December 12, 2005

## Certificate of Service

       I hereby certify that on December 12, 2005, I caused a true and correct copy of Defendants' Reply Memorandum in Support of Motion for Expedited Briefing Schedule And Oral Argument to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456.

                                                              /s/ Jason R. Litow