UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |
| | Chief Mag. Judge Marianne B. Bowler |

**DEFENDANT DEY, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO NON-PARTY NEIGHBORHOOD HEALTH PLAN, INC.'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA FROM DEY, INC.**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ..................................................................................... 3

ARGUMENT ........................................................................................................ 4

    I.    Dey Is Entitled To Discovery From Neighborhood ................................... 5

        A.    The Subpoena Goes to Common Questions ............................... 6

        B.    The Subpoena was Tendered in Good Faith ............................... 6

        C.    The Subpoena is Not Unduly Burdensome and Neighborhood Fails
               to Raise Any Legitimate Objection to the Subpoena ................................. 7

        D.    Dey Cannot Obtain the Required Discovery From Other Sources ............ 8

    II.    The Confidentiality Orders Entered by This Court Resolve
        Neighborhood's Concerns Regarding Confidentiality of Materials
        Produced ...................................................................................... 9

CONCLUSION.................................................................................................... 10

Dey, Inc. ("Dey") submits this Memorandum of Law in Opposition to Neighborhood Health Plan, Inc.'s ("Neighborhood") Motion for Protective Order and to Quash Subpoena from Dey, Inc., served on Neighborhood on November 10, 2005 (the "Subpoena").[1]

## PRELIMINARY STATEMENT

As the Court has recognized on two occasions, the Defendants have a right to take discovery from absent class members to defend against the claims in this action. Specifically, the Court has ordered other absent class member health plans to produce documents and data, and witnesses for depositions. Here, Dey requires discovery from Neighborhood to obtain a representative sample of Massachusetts third-party payors. As such, Dey served a subpoena on Neighborhood on November 10, 2005.

Neighborhood's arguments in support of its motion for a protective order and its objections to the Subpoena are nothing new from third-party health plans. Neighborhood argues that: (i) the Subpoena is overbroad and burdensome; (ii) confidentiality concerns prevent a response; and (iii) the discovery sought is not proper because Neighborhood is an absent class member and Defendants have taken discovery from other absent class members. Neighborhood's size and status as a not-for-profit do not relieve it of its obligations to comply with the Subpoena. *See In Re Automotive Refinishing Paint Antitrust Litigation*, 229 F.R.D. 482, 495-497 (E.D.Pa. 2005). In addition, Aetna U.S. Health Care and UniCare Life & Health Ins. Co., two plans with enrollment figures in Massachusetts similar to Neighborhood's, have

---

[1]     Dey notes that third-party Neighborhood's motion, filed on November 29, 2005, did not comply with Judge Saris's Case Management Order No. 10, dated March 25, 2004 that required any motion for protective order be filed at least five (5) working days before the deposition, which was scheduled for December 2, 2005. (CMO No. 10, at II., ¶ 7). Neighborhood removed any opportunity Dey had to oppose Neighborhood's motion under the time provisions of CMO, No. 10. Thus, this memorandum in support of Dey's opposition is submitted in accordance with Rule 7.1 of the Local Rules of the United Stated District Court for the District of Massachusetts, requiring Dey to file an opposition within fourteen (14) days of service of Neighborhood's motion.

previously produced documents in this action.  Moreover, this Court previously ordered Aetna to produce witnesses, denying its motion to quash.  *See* Exhibit D.[2]  Neighborhood's burden objections are allayed in light of Dey's proposal, in a letter dated December 8, 2005 (*See* Exhibit A), to significantly narrow the scope of the Subpoena and to propose a reasonable accommodation as to the timing of the production of responsive documents.  Likewise, Neighborhood's objection to compliance based on confidentiality concerns is without merit and has been rejected by this Court (*See* Exhibit E, at pp. 9-23, 36).  Judge Saris previously entered protective orders to address such concerns.

Neighborhood's remaining argument - - that it should be immune from discovery as an absent class member - - has been rejected twice by this Court.[3]  In addition, this Court previously ordered other third-party plans, namely, Aetna U.S. Healthcare, Cigna, Humana, and Health Net, to produce responsive documents and data, and/or witnesses for deposition.  *See* Exhibit D (order compelling Aetna, Cigna and Humana to produce discovery here); and Exhibit E (transcript reflecting order compelling Health Net to produce discovery here).

In light of this record, Neighborhood's motion for a protective order and to quash the Subpoena, and objections to the Subpoena hold no weight.  The Court should reject these pretenses, deny Neighborhood's motion and require it to produce documents and witnesses in response to the Subpoena, which Dey has significantly narrowed.

---

[2]    All exhibits referenced herein are annexed to the supporting declaration of Lorianne K. Trewick ("Trewick Decl."), dated December 13, 2005.

[3]    Neighborhood incorporates by reference Plaintiffs' most recent regurgitated argument as to discovery of absent class members, as set forth in Plaintiffs' Motion for a Protective Order Concerning Subpoenas Issued to Certain Absent Class Member Third Party Payors, Docket No. 1907, filed on November 23, 2005. In two prior decisions, this Court rejected the notion that absent class member health plans are exempt from discovery, or that such discovery is too burdensome for institutional absent class members to comply with. *See* Exhibit B (transcript reflecting an order compelling certain plans to produce discovery here, at pp. 27-35); and Exhibit C (an order denying Plaintiffs' motion for a protective order as to absent class member discovery).

## STATEMENT OF FACTS

On November 10, 2005, Dey served the Subpoena on Neighborhood seeking production of documents and deposition testimony. (Trewick Decl., at ¶ 4). Previously, recognizing the need for this type of discovery, the Court denied motions by the class plaintiffs and other third-party plans seeking a protective order barring discovery from health plans on the grounds that they were absent class members, and ordered that such discovery proceed. *See* Exhibits B - E.

Neighborhood responded to the Subpoena by serving written objections, dated November 21, 2005. (Trewick Decl., at ¶ 5). Counsel for Neighborhood served its objections with a letter dated November 21, 2005, in an envelope addressed to "Paul F. Boyle, Esq." at 101 Park Avenue, NY, NY 10178 - - Dey's counsel's New York building address. (Trewick Decl., at ¶ 6). No such attorney exists at Kelley Drye. *Id.* As a result, Dey's counsel only became aware of Neighborhood's objections from the reference to them in its counsel's letter dated November 28, 2005, sent by facsimile to Paul Doyle, which caused the Firm to initiate a search for the misdirected package. *Id.* Thereafter, counsel for Dey promptly contacted Neighborhood's counsel on November 28, 2005 and explained the unintentional delay in contacting its counsel. *Id.* The next day, November 29, 2005, Neighborhood served and filed its motion for protective order and to quash the Subpoena. (Trewick Decl., at ¶ 7).

On December 2, 2005, interested in reaching an agreement with Neighborhood regarding a response to the Subpoena, counsel for Dey sought to meet and confer with Neighborhood's counsel. (Trewick Decl., at ¶ 8). The parties engaged in a brief conversation, and Dey's counsel agreed to follow-up with more narrowed requests for documents from Neighborhood. *Id.* In a letter dated December 8, 2005, Dey communicated to Neighborhood's

3

counsel its proposal to narrow the scope of the Subpoena. (Trewick Decl., at ¶ 9; *i.e.* Exhibit A, Dey's proposal, dated December 8, 2005). Dey proposed: (a) a substantially narrowed list of subject drugs, and (b) a narrowed set of document requests. *Id.* Finally, as to reasonable time to respond to the Subpoena, Dey offered to agree with Neighborhood on a rolling production of documents throughout December and into January. *Id.*

Dey has been willing to work towards an agreement that would allow Neighborhood to respond to the Subpoena and produce a 30(b)(6) witness on a mutually agreed schedule. (Trewick Decl., at ¶ 10). However, the parties have yet to reach an agreement regarding the Subpoena.

## ARGUMENT

By reference to the Memorandum in Support of Plaintiffs' Motion for Protective Order Concerning Subpoenas Issued by Dey, Inc. to Tufts Associated Health Plans, Inc. and Neighborhood Health Plan, Inc. ("Plaintiffs' Motion), Neighborhood argues that the discovery sought is not proper since Neighborhood is an absent class member and Defendants have taken discovery from other absent class members. In addition to its response below, Dey incorporates the arguments advanced in its Opposition to Plaintiffs' Motion for a Protective Order, docket entry nos. 1939 and 1940, to the extent applicable. As the Court has recognized before, Defendants are entitled to discovery from absent class members.

Neighborhood advances two additional arguments: (a) that responding to the Subpoena would be burdensome; and (b) that confidentiality concerns prevent a response. Neither of these arguments is tenable, and Neighborhood's motion for a protective order should be denied.

## I.     Dey Is Entitled To Discovery From Neighborhood

Dey is entitled to proceed with its discovery of Neighborhood. "Relevance is to be broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Schuurman v. Town of North Reading*, 139 F.R.D. 276, 277 (D. Mass. 1991) (citations omitted); *see also Kloonoski v. Mahlab,* 156 F.3d 255, 267 (1st Cir. 1998); *Sacramona v. Bridgestone/Firestone, Inc.,* 152 F.R.D. 428, 430 (D.Mass. 1993). Discovery from Neighborhood is necessary to respond to Plaintiffs' allegations that Defendants perpetrated a fraud on the entire health industry, and therefore "essential" to the proper defense of this litigation. *See Easton & Co. v. Mutual Benefit Life Ins.*, Civ. Nos. 91-4012, 92-2095, 1994 WL 248172, at *4 (D. N.J. May 18, 1994) (allowing discovery of absent class members where it "would tend to prove that the market was not defrauded, and thus the benefit of the 'fraud on the market' presumption would be unavailable").

Discovery of absent class members is entirely appropriate so long as certain conditions are met:

> [T]he overwhelming majority of courts which have considered the scope of discovery against absentees have concluded that such discovery is available, at least when the information requested is relevant to the decision of common questions, when the interrogatories or document requests are tendered in good faith and are not unduly burdensome, and when the information is not available from the representative parties.

*M Berenson Co.*, 103 F.R.D. at 637 (citing *Dellums v. Powell,* 566 F.2d 167, 187 (D.C. Cir. 1977)).[4] The Subpoena satisfies each of those conditions: the demands (i) seek information

---

[4]  *Accord, Brennan v. Midwestern United Life Ins. Co,,*  450 F.2d 999, 1005 (7th Cir. 1971); *Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, No. 97 Civ. 4550, 97 Civ. 4676, 1998 WL 241279, at *2 (S.D.N.Y. May 12, 1998); *Easton & Co. v. Mutual Benefit Life* Ins. Co ,Civ. Nos. 91-4012, 92-2095, 1994 WL 248172, at *3 (D.N.J. May 18, 1994).

relevant to the resolution of common questions, (ii) were tendered in good faith, (iii) are not unduly burdensome, and (iv) seek disclosure of information that is not available from other sources.

A.     The Subpoena Goes to Common Questions

The Subpoena was designed to seek information regarding one of the fundamental issues in the litigation - - the methodologies used by third-party payors to reimburse physician-administered drugs and whether payors who based reimbursement on average wholesale price ("AWP") knew that AWP was not an average of whosalers' prices. This issue goes to the heart of Plaintiffs' claim and accordingly such discovery is relevant.

Moreover, nowhere does Neighborhood assert that the discovery sought is not relevant. Instead, simply relying on the repeatedly used stance (already rejected by this Court) that discovery is not proper merely because Neighborhood is an absent class member and Defendants have taken discovery from other absent class members, Neighborhood hopes to avoid compliance with the Subpoena. As reiterated above, the Court has rejected this very argument on two prior occasions. *See* Exhibit B (November 9, 2005 transcript reflecting an order compelling certain plans to produce discovery here, at pp. 27-35); Exhibit C.

B.     The Subpoena was Tendered in Good Faith

Neighborhood does not claim that Dey acted in bad faith in tendering the Subpoena. As reiterated above, counsel for Dey did not respond to Neighborhood's written objections and communications to Dey in a letter dated November, 21, 2005, because, due to an error by Neighborhood's counsel, counsel for Dey only became aware of Neighborhood's objections and correspondence on November 28, 2005. Counsel for Dey promptly contacted Neighborhood's counsel on November 28 and explained the unintentional delay in contacting its counsel. Thus, Neighborhood can neither legitimately dispute that Dey tendered the Subpoena in

6

good faith, nor that, at all times, Dey intended to discuss compliance with the Subpoena in good faith.

Dey and other Track II defendants have limited the number of subpoenas to a representative sample of the Plans operating in Massachusetts. Discovery from Neighborhood, in addition to absent Massachusetts class members Blue Cross Blue Shield of Massachusetts, Tufts Associated Health Plans, Inc., Fallon Community Health Plan, and Harvard Pilgrim Health Care, was meant to provide a cross-section of the Massachusetts third-party payor class.

From the onset of discussions with Neighborhood, Dey offered to narrow the scope of the Subpoena to avoid being burdensome and provide reasonable extensions of time in hopes of reaching an agreement with Neighborhood. The requested discovery should be allowed.

C.    The Subpoena is Not Unduly Burdensome and Neighborhood
        Fails to Raise Any Legitimate Objection to the Subpoena

Neighborhood claims that the Subpoena is overbroad, burdensome, and would pose a substantial hardship on it. None of Neighborhood's objections is persuasive.

Dey recognizes that Neighborhood is a not-for-profit health maintenance organization. Notwithstanding, Neighborhood cannot be relieved of its obligations to respond to the Subpoena simply based on its status as a not-for-profit. *See In Re Automotive Refinishing Paint Antitrust Litigation*, 229 F.R.D. 482, 495-497 (E.D.Pa. 2005) (compelling production from not-for-profit of responsive documents to 21 of the 23 document requests). In *In Re Automotive Refinishing*, taking into consideration the third-party not-for-profit's burden objections, the court

7

granted plaintiff's motion to compel and ordered production of relevant and necessary documents.[5]

Similarly, here, in response to Neighborhood's burden objections, Dey has offered to significantly modify the scope of the subpoena and seek documents responsive to thirteen (13) categories of documents. *See* Exhibit A. In addition, Dey provided Neighborhood with a narrowed drug list consisting of physician -administered drugs named in this litigation. *Id.* As to a reasonable time to produce, Dey has offered to receive documents on a rolling basis throughout December and into January. *Id.* The documents requested are relevant and necessary to obtain a cross-section of discovery from Massachusetts health plans. (*See, infra,* Point I and I.A. and *supra,* Point I.D.).

Other plans with less than 3% enrollment in Massachusetts have had to comply with subpoenas. Both Aetna U.S. Health Care and UniCare Life & Health Ins. Co. previously produced documents in this action. In addition, this Court previously ordered Aetna to produce witnesses, denying its motion to quash. *See* Exhibit D.

The scope of the Subpoena is significantly narrowed. Neighborhood's burden objections have been put to rest, and the requested discovery should be allowed.

D.    <u>Dey Cannot Obtain the Required Discovery From Other Sources</u>

The discovery sought by Dey is unavailable from other sources. Dey cannot obtain the requested discovery regarding industry knowledge and practice from named plaintiffs (including

---

[5]    The court in *In Re Automotive Refinishing* also sought to alleviate the financial burden on the not-for-profit and required plaintiffs to compensate for the costs of production. *229 F.R.D. at 496.* Consistent with measures taken for reimbursement to other health plans in this action, Dey is willing to pay reasonable costs for claims data retrieval upon receiving an estimate for the costs from Neighborhood, and to the extent the costs of recovery of archived claims data is prohibitive, Dey will seek to modify the time frame sought for such claims data.

Pipefitters Local 537 Trust Funds ("Pipefitters"))[6] since the record is clear that discovery from named plaintiffs is not a substitute for discovery from health plans.  Particularly in light of Judge Saris's class certification opinion in August 2005, the discovery sought from Neighborhood is not available elsewhere.  Judge Saris's class certification decision highlighted the need for discovery from third parties, including health plans.  Judge Saris noted that there was a dispute between the parties' experts concerning the basis of payments to physicians for physician-administered drugs and services.  *See* August 16, 2005 Class Certification Order at 28.  Judge Saris acknowledged that the Court's independent expert considered the record on this issue to be "unsettled."  *Id.*  The Subpoena appropriately seeks further discovery in this area from third parties such as the plans.  Dey should be permitted discovery from a cross-section of Massachusetts plans, including Neighborhood.  Discovery from one or two Massachusetts plans alone is insufficient.

## II.    The Confidentiality Orders Entered by This Court Resolve Neighborhood's Concerns Regarding Confidentiality of Materials Produced

Neighborhood's confidentiality concerns have already been addressed in this litigation.  Previously, Defendants sought to compel discovery from third-party Health Net, and the parties presented their positions regarding confidentiality at oral argument on January 27, 2005.  This Court squarely addressed and rejected confidentiality concerns as a bar to production of documents.  *See* Exhibit E, at pp. 9-23, 36.

---

[6]    Plaintiffs' recent joinder of Pipefitters as a proposed Class 3 representative is late in the day.  Thus, Dey could not have obtained discovery from Pipefitters before its addition as the Class 3 representative.  Moreover, even if Dey could have obtained discovery from Pipefitters, such discovery does not affect Dey's right to seek discovery from Neighborhood.

In communications dated December 8, 2005, Dey provided Neighborhood with the two confidentiality orders in this action entered by the Court, which should allay any reasonable confidentiality concerns.

## CONCLUSION

For the foregoing reasons, Dey respectfully requests that the Court deny Neighborhood's motion, and order Neighborhood to timely produce documents responsive to the Subpoena subject to the tailored requests previously offered by Dey, and to produce witnesses for deposition.

Dated: December 13, 2005

Respectfully submitted,

KELLEY DRYE & WARREN LLP

By: _____
Paul F. Doyle (BBO # 133460)
Christopher C. Palermo (*pro hac vice*)
Philip D. Robben (*pro hac vice*)
Lorianne K. Trewick (*pro hac vice*)

101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7786
Facsimile: (212) 808-7897

Attorneys for Dey, Inc.

10

## CERTIFICATE OF SERVICE

I certify that on December 13, 2005, a true and correct copy of the foregoing Memorandum In Opposition to Neighborhood's Motion for Protective Order and to Quash Subpoena from Dey, Inc. was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.  I further certify that on December 13, 2005, a copy was served on counsel for third party Neighborhood Health Plan, Inc. via UPS.

Lorianne K. Trewick