UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No.1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | Judge Patti B. Saris <br><br> Chief Mag. Judge Marianne B. Bowler |

## DECLARATION OF LORIANNE K. TREWICK

**LORIANNE K. TREWICK,** declares, pursuant to 28 U.S.C. § 1746, that:

1. I am associated with the law firm of Kelley Drye & Warren LLP, counsel for defendant Dey, Inc. ("Dey"). I am admitted to practice *pro hac vice* in this judicial district for the purposes of this action.

2. I make this declaration in support of Dey's Opposition to Neighborhood Health Plan, Inc.'s Motion for Protective Order and to Quash Subpoena from Dey, Inc.

3. I make this declaration from my own knowledge. The source of my knowledge is my participation in the events set forth below, including certain discussions with counsel for Neighborhood, and my review of certain documents in the files of Kelley Drye, some of which are annexed as exhibits hereto.

4. On November 10, 2005, Dey served a subpoena on Neighborhood (the "Subpoena").

5. Neighborhood responded to the Subpoena by serving written objections, dated November 21, 2005.

6. Counsel for Neighborhood served its objections with a letter dated November 21, 2005, in an envelope addressed to "Paul F. Boyle, Esq." at 101 Park Avenue, NY, NY 10178 - -

Dey's counsel's New York building address. No such attorney exists at Kelley Drye. As a result, Dey's counsel only became aware of Neighborhood's objections from the reference to them in its counsel's letter dated November 28, 2005, sent by facsimile to Paul Doyle, which caused the Firm to initiate a search for the misdirected package. Thereafter, counsel for Dey promptly contacted Neighborhood's counsel on November 28, 2005 and explained the unintentional delay in contacting its counsel.

7. On November 29, 2005, Neighborhood served and filed its motion for protective order and to quash the Subpoena.

8. On December 2, 2005, interested in reaching an agreement with Neighborhood regarding a response to the Subpoena, counsel for Dey sought to meet and confer with Neighborhood's counsel. The parties engaged in a brief conversation, and Dey's counsel agreed to follow-up with more narrowed requests for documents from Neighborhood.

9. In a letter dated December 8, 2005, Dey communicated to Neighborhood's counsel its proposal to narrow the scope of the Subpoena. (Annexed hereto as Exhibit A is a true and correct copy of Dey's proposal, dated December 8, 2005). To narrow the Subpoena, Dey proposed: (a) a substantially narrowed list of subject drugs, and (b) a narrowed set of document requests in the December 6 letter. As to reasonable time to respond to the Subpoena, Dey offered to agree with Neighborhood on a rolling production of documents throughout December and into January.

10. Dey has been willing to work towards an agreement that would allow Neighborhood to respond to the Subpoena and produce a 30(b)(6) witness on a mutually agreed schedule. However, the parties have yet to reach an agreement regarding the Subpoena.

- 3 -

11. Annexed hereto as Exhibit B is a true and correct copy of a transcript of a hearing before Chief Magistrate Judge Marianne B. Bowler, on November 9, 2005, reflecting an order compelling certain plans to produce discovery in this action.

12. Annexed as Exhibit C is a true and correct copy of an order, dated April 26, 2004, denying Plaintiffs' motion for a protective order as to absent class member discovery.

13. Annexed hereto as Exhibit D is a true and correct copy of an order compelling Aetna, Cigna and Humana to produce discovery in this action.

14. Annexed hereto as Exhibit E is a true and correct copy of a transcript of a hearing before Chief Magistrate Judge Marianne B. Bowler, on January 27, 2005, reflecting an order compelling Health Net to produce discovery in this action.

WHEREFORE, Dey respectfully requests that the Court deny Neighborhood's motion, and order that Neighborhood timely produce documents responsive to the Subpoena subject to the tailored requests previously offered by Dey, and to produce witnesses for deposition.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 13, 2005.

_____
**LORIANNE K. TREWICK**

## CERTIFICATE OF SERVICE

I certify that on December 13, 2005, a true and correct copy of the foregoing Declaration of Lorianne K. Trewick with annexed exhibits was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties. I further certify that on December 13, 2005, a copy was served on counsel for third party Neighborhood Health Plan, Inc. via UPS.

Lorianne K. Trewick