# EXHIBIT "D"



# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
)
IN RE: PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE ) MDL No. 1456
LITIGATION ) Civil Action No. 01-CV-12257-PBS
)
)
- - - - - - - - - - - - - - - - - - - - - - - - - - x
)
THIS DOCUMENT RELATES TO: ) Hon. Patti B. Saris
International Union of Operating Engineers, )
Local No. 68 Welfare Fund v. AstraZeneca PLC )
et al. Civil Action No. 04-11503-PBS )
)
- - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT ASTRAZENECA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DR. SAAD ANTOUN

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca"), by its counsel,

hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that

Defendant Dr. Saad Antoun produce within thirty (30) days of service the documents

listed below.

### DEFINITIONS

1.      "You" or "your" means Defendant Dr. Saad Antoun, and any attorneys,

and their employees, acting on your behalf.

2.      "Plaintiff's Counsel" means the counsel of record for the plaintiff in the

IUOE Action and other lawyers at the counsel of record's law firms who are familiar

with the IUOE Action.

3.      The "IUOE Action" means International Union of Operating Engineers,

Local No. 68 Welfare Fund v. AstraZeneca PLC et al., Civil Action No. 04-11503-PBS

1



(D. Mass.). This action was originally filed in New Jersey Superior Court (Monmouth County) and was removed on July 3, 2003 to United States District Court for the District of New Jersey (Civil Action No. 03-3230 (SRC) (D.N.J.)). On December 3, 2003, the Joint Panel on Multidistrict Litigation transferred the case for coordinated and consolidated pretrial proceedings to the Average Wholesale Price ("AWP") Multidistrict Litigation (MDL No. 1456, Civil Action No. 01-CV-12257-PBS (D. Mass.)).

4.    The term "Complaint" means the Class Action Complaint filed in connection with the IUOE Action in the Superior Court of New Jersey, Monmouth County, on or about June 30, 2003.

5.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

6.    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, telephone records, message slips or their electronic equivalent, and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

7.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8.    The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

9.    The term "concerning" means relating to, referring to, describing, evidencing, or constituting.



10. "Copy" or "Copies," when used in reference to a document, means any color or black-and-white reproduction of a document, regardless of whether the reproduction is made by means of carbon paper pressure, sensitive paper, photostat, xerography, or other means or process.

11. "Relating" means in any way concerning or referring to, consisting of, involving, regarding or connected with the subject matter of the request.

### INSTRUCTIONS

1. Unless otherwise specifically stated, the requests below refer to the period of January 1, 2002 to the present.

2. The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

3. Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

3



4.     If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document.  If the document has been destroyed, state the reason for its destruction.

5.     Provide the following information for each document withheld on the grounds of privilege:

(a)     its date;

(b)     its title;

(c)     its author;

(d)     its addressee;

(e)     the specific privilege under which it is withheld;

(f)     its general subject matter; and

(g)     a description of it that you contend is adequate to support your contention that it is privileged.

6.     These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial.

7.     The documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.



8.      To the extent that you consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which you object and each ground for each objection.

## DOCUMENTS TO BE PRODUCED

1.      All documents concerning any communications between you and Plaintiff's Counsel, relating in any way, in whole or in part, to the IUOE Action, including notes of conversations with Plaintiff's Counsel in which the IUOE Action was discussed.

2.      All documents concerning any communications between you and counsel for Defendant AstraZeneca Pharmaceuticals LP, relating in any way, in whole or in part, to the IUOE Action, including notes of conversations with counsel for AstraZeneca Pharmaceuticals LP in which the IUOE Action was discussed.

3.      All documents concerning, reflecting, evidencing, or relating to the service of the summons and/or Complaint in the IUOE Action on you or the waiver of service by you or counsel acting on your behalf, including, but not limited to, proof of service, mailing, or shipping via Federal Express, or other courier records, receipts, correspondence, e-mails, or records of a similar kind.

4.      All documents concerning any proposals or agreements with plaintiff herein or with Plaintiff's Counsel regarding you or the IUOE Action.

5



5.      All documents concerning any communications between you and

Plaintiff's Counsel with respect to communications or proposed communications with the

Courts in which the IUOE Action is or has been pending.

Dated: September 16, 2005
       New York, New York

                    Respectfully submitted,

                    DAVIS POLK & WARDWELL

                    By:

                        James J. Duffy
                        D. Scott Wise
                        Kimberley Harris
                        450 Lexington Avenue
                        New York, New York 10017

                        - and -

                    FOLEY HOAG LLP

                        Nicholas C. Theodorou
                        Lucy Fowler
                        155 Seaport Boulevard
                        Boston, MA 02110

                        Attorneys for AstraZeneca
                        Pharmaceuticals L.P.



## CERTIFICATE OF SERVICE

Docket No. MDL 1456

I, James J. Duffy, hereby certify that I am one of Defendant AstraZeneca's attorneys and that on September 16, 2005, I caused Defendant AstraZeneca's First Request For Production Of Documents To Defendant Dr. Saad Antoun, to be served on Dr. Antoun's counsel, Joseph Gorrell, Wolf Block Schorr and Solis-Cohen, LLP, 1010 Eisenhower Parkway, Roseland, N.J. 07068, via Federal Express overnight delivery.  I further certify that the same was served on all counsel of record by causing the same to be posted electronically via Verilaw.

Dated:  September 16, 2005

James J. Duffy

7

# EXHIBIT "E"



09/16/05
07:25 PM ET
MDL No. 1456

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE: PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE ) MDL No. 1456
LITIGATION ) Civil Action No. 01-CV-12257-PBS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO: ) Hon. Patti B. Saris
International Union of Operating Engineers, )
Local No. 68 Welfare Fund v. AstraZeneca PLC )
et al. Civil Action No. 04-11503-PBS )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT ASTRAZENECA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DR. STANLEY C. HOPKINS

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca"), by its counsel,

hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that

Defendant Dr. Stanley C. Hopkins produce within thirty (30) days of service the

documents listed below.

### DEFINITIONS

1.      "You" or "your" means Defendant Dr. Stanley C. Hopkins, and any

attorneys, and their employees, acting on your behalf.

2.      "Plaintiff's Counsel" means the counsel of record for the plaintiff in the

IUOE Action and other lawyers at the counsel of record's law firms who are familiar

with the IUOE Action.

3.      The "IUOE Action" means International Union of Operating Engineers,

Local No. 68 Welfare Fund v. AstraZeneca PLC et al., Civil Action No. 04-11503-PBS

1



(D. Mass.). This action was originally filed in New Jersey Superior Court (Monmouth County) and was removed on July 3, 2003 to United States District Court for the District of New Jersey (Civil Action No. 03-3230 (SRC) (D.N.J.)). On December 3, 2003, the Joint Panel on Multidistrict Litigation transferred the case for coordinated and consolidated pretrial proceedings to the Average Wholesale Price ("AWP") Multidistrict Litigation (MDL No. 1456, Civil Action No. 01-CV-12257-PBS (D. Mass.)).

4.     The term "Complaint" means the Class Action Complaint filed in connection with the IUOE Action in the Superior Court of New Jersey, Monmouth County, on or about June 30, 2003.

5.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

6.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, telephone records, message slips or their electronic equivalent, and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

7.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8.     The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

9.     The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

2



10.     "Copy" or "Copies," when used in reference to a document, means any color or black-and-white reproduction of a document, regardless of whether the reproduction is made by means of carbon paper pressure, sensitive paper, photostat, xerography, or other means or process.

11.     "Relating" means in any way concerning or referring to, consisting of, involving, regarding or connected with the subject matter of the request.

## INSTRUCTIONS

1.     Unless otherwise specifically stated, the requests below refer to the period of January 1, 2002 to the present.

2.     The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

3.     Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf.  A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

3



4.     If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document.  If the document has been destroyed, state the reason for its destruction.

5.     Provide the following information for each document withheld on the grounds of privilege:

(a)     its date;

(b)     its title;

(c)     its author;

(d)     its addressee;

(e)     the specific privilege under which it is withheld;

(f)     its general subject matter; and

(g)     a description of it that you contend is adequate to support your contention that it is privileged.

6.     These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial.

7.     The documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.

4



8.    To the extent that you consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which you object and each ground for each objection.

## DOCUMENTS TO BE PRODUCED

1.    All documents concerning any communications between you and Plaintiff's Counsel, relating in any way, in whole or in part, to the IUOE Action, including notes of conversations with Plaintiff's Counsel in which the IUOE Action was discussed.

2.    All documents concerning any communications between you and counsel for Defendant AstraZeneca Pharmaceuticals LP, relating in any way, in whole or in part, to the IUOE Action, including notes of conversations with counsel for AstraZeneca Pharmaceuticals LP in which the IUOE Action was discussed.

3.    All documents concerning, reflecting, evidencing, or relating to the service of the summons and/or Complaint in the IUOE Action on you or the waiver of service by you or counsel acting on your behalf, including, but not limited to, proof of service, mailing, or shipping via Federal Express, or other courier records, receipts, correspondence, e-mails, or records of a similar kind.

4.    All documents concerning any proposals or agreements with plaintiff herein or with Plaintiff's Counsel regarding you or the IUOE Action.

5



5.     All documents concerning any communications between you and

Plaintiff's Counsel with respect to communications or proposed communications with the

Courts in which the IUOE Action is or has been pending.

Dated: September 16, 2005
       New York, New York

Respectfully submitted,

DAVIS POLK & WARDWELL

By: _____
    James J. Duffy
    D. Scott Wise
    Kimberley Harris
    450 Lexington Avenue
    New York, New York 10017

    - and -

FOLEY HOAG LLP

    Nicholas C. Theodorou
    Lucy Fowler
    155 Seaport Boulevard
    Boston, MA 02110

    Attorneys for AstraZeneca
    Pharmaceuticals L.P.

6



## CERTIFICATE OF SERVICE

### Docket No. MDL 1456

I, James J. Duffy, hereby certify that I am one of Defendant AstraZeneca's attorneys and that on September 16, 2005, I caused Defendant AstraZeneca's First Request For Production Of Documents To Defendant Dr. Stanley C. Hopkins, to be served on Dr. Hopkins' counsel, Jack Fernandez, Zuckerman, Spaeder LLP, 101 East Kennedy Boulevard, Suite 1200, Tampa, Florida 33602, via Federal Express overnight delivery.  I further certify that the same was served on all counsel of record by causing the same to be posted electronically via Verilaw.

Dated:  September 16, 2005

James J. Duffy

7

# EXHIBIT "F"



SERVED
09/16/05
07:28 PM ET
MDL No. 1456

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        )

IN RE: PHARMACEUTICAL INDUSTRY     )
AVERAGE WHOLESALE PRICE         )  MDL No. 1456
LITIGATION                     )  Civil Action No. 01-CV-12257-PBS
                        )
                        )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        )

THIS DOCUMENT RELATES TO:     )  Hon. Patti B. Saris
International Union of Operating Engineers,  )
Local No. 68 Welfare Fund v. AstraZeneca PLC  )
et al. Civil Action No. 04-11503-PBS     )
                        )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANT ASTRAZENECA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DR. ROBERT A. BERKMAN

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca"), by its counsel,

hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that

Defendant Dr. Robert A. Berkman produce within thirty (30) days of service the

documents listed below.

### DEFINITIONS

1.    "You" or "your" means Defendant Dr. Robert A. Berkman, and any

attorneys, and their employees, acting on your behalf.

2.    "Plaintiff's Counsel" means the counsel of record for the plaintiff in the

IUOE Action and other lawyers at the counsel of record's law firms who are familiar

with the IUOE Action.

3.    The "IUOE Action" means International Union of Operating Engineers,

Local No. 68 Welfare Fund v. AstraZeneca PLC et al., Civil Action No. 04-11503-PBS

(D. Mass.). This action was originally filed in New Jersey Superior Court (Monmouth



County) and was removed on July 3, 2003 to United States District Court for the District of New Jersey (Civil Action No. 03-3230 (SRC) (D.N.J.)). On December 3, 2003, the Joint Panel on Multidistrict Litigation transferred the case for coordinated and consolidated pretrial proceedings to the Average Wholesale Price ("AWP") Multidistrict Litigation (MDL No. 1456, Civil Action No. 01-CV-12257-PBS (D. Mass.)).

4.      The term "Complaint" means the Class Action Complaint filed in connection with the IUOE Action in the Superior Court of New Jersey, Monmouth County, on or about June 30, 2003.

5.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

6.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, telephone records, message slips or their electronic equivalent, and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

7.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8.      The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

9.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.



10.    "Copy" or "Copies," when used in reference to a document, means any color or black-and-white reproduction of a document, regardless of whether the reproduction is made by means of carbon paper pressure, sensitive paper, photostat, xerography, or other means or process.

11.    "Relating" means in any way concerning or referring to, consisting of, involving, regarding or connected with the subject matter of the request.

## INSTRUCTIONS

1.    Unless otherwise specifically stated, the requests below refer to the period of January 1, 2002 to the present.

2.    The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

3.    Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

4.    If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most

3



recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document. If the document has been destroyed, state the reason for its destruction.

5.    Provide the following information for each document withheld on the grounds of privilege:

(a)    its date;

(b)    its title;

(c)    its author;

(d)    its addressee;

(e)    the specific privilege under which it is withheld;

(f)    its general subject matter; and

(g)    a description of it that you contend is adequate to support your contention that it is privileged.

6.    These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial.

7.    The documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.

8.    To the extent that you consider any of the following requests for production of documents objectionable, please respond to the remainder of the production

4



request, and separately state the part of each request to which you object and each ground

for each objection.

## DOCUMENTS TO BE PRODUCED

1.      All documents concerning any communications between you and

Plaintiff's Counsel, relating in any way, in whole or in part, to the IUOE Action,

including notes of conversations with Plaintiff's Counsel in which the IUOE Action was

discussed.

2.      All documents concerning any communications between you and counsel

for Defendant AstraZeneca Pharmaceuticals LP, relating in any way, in whole or in part,

to the IUOE Action, including notes of conversations with counsel for AstraZeneca

Pharmaceuticals LP in which the IUOE Action was discussed.

3.      All documents concerning, reflecting, evidencing, or relating to the service

of the summons and/or Complaint in the IUOE Action on you or the waiver of service by

you or counsel acting on your behalf, including, but not limited to, proof of service,

mailing, or shipping via Federal Express, or other courier records, receipts,

correspondence, e-mails, or records of a similar kind.

4. .    All documents concerning any proposals or agreements with plaintiff

herein or with Plaintiff's Counsel regarding you or the IUOE Action.



5.      All documents concerning any communications between you and

Plaintiff's Counsel with respect to communications or proposed communications with the

Courts in which the IUOE Action is or has been pending.

Dated: September 16, 2005
         New York, New York

                         Respectfully submitted,

                         DAVIS POLK & WARDWELL

                         By: _____
                              James J. Duffy
                              D. Scott Wise
                              Kimberley Harris
                              450 Lexington Avenue
                              New York, New York 10017

                              - and -

                         FOLEY HOAG LLP

                              Nicholas C. Theodorou
                              Lucy Fowler
                              155 Seaport Boulevard
                              Boston, MA 02110

                              Attorneys for AstraZeneca
                              Pharmaceuticals L.P.

6



## CERTIFICATE OF SERVICE

### Docket No. MDL 1456

I, James J. Duffy, hereby certify that I am one of Defendant AstraZeneca's attorneys and that on September 16, 2005, I caused Defendant AstraZeneca's First Request For Production Of Documents To Defendant Dr. Robert A. Berkman, to be served on Dr. Berkman's counsel, Robert L. Washburn, Cloppert, Latanick, Sauter & Washburn, 225 East Broad Street, Columbus, Ohio 43215, via Federal Express overnight delivery. I further certify that the same was served on all counsel of record by causing the same to be posted electronically via Verilaw.

Dated: September 16, 2005

James J. Duffy