UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>State of California, *ex rel.* Ven-A-Care v. Abbott Laboratories, *et al.*<br>01-cv-12257-PBS and 03-cv-11226-PBS | EX PARTE APPLICATION BY THE STATE OF CALIFORNIA FOR ENLARGEMENT OF TIME TO EFFECT SERVICE; AND [PROPOSED] ORDER |

Plaintiff State of California ("California"), through the undersigned counsel, hereby applies to the Court ex parte for an Order for enlargement of time to effect service on Sicor, Inc. The Relator, Ven-A-Care of the Florida Keys, joins in this Application.

The undersigned counsel for California has advised counsel for Sicor, Inc. that such an ex parte request will be made to this Court. Specifically, Deputy Attorney General John P. Fisher notified Sicor's counsel, Elizabeth Hack of Sonneneschein, Nath & Rosenthal LLP in Washington, D.C. by telephone on December 16, 2005 of this application, as set forth in the accompanying declaration. Ms. Hack stated she did not oppose this application. Plaintiff has not sought or obtained any previous enlargements of time to effectuate service from this Court. An enlargement of time is necessary in order to allow a settlement agreement to be finalized and completed. The agreement cannot be completed within the 120 day period in which to serve Sicor, Inc., which expires on December 23, 2005.

Plaintiff respectfully requests that the Court grant an additional sixty [60] days for California to effect service on Sicor, Inc., so that service must be completed on or before February 21, 2006, should the settlement agreement not be completed. Neither party believes this will happen, based on the current status of the settlement review process.

Dated: December 19, 2005            Respectfully submitted,

BILL LOCKYER
Attorney General for the State of California

By: _____
JOHN P. FISHER
CA State Bar No: 156183
Deputy Attorney General
Bureau of Medi-Cal Fraud & Elder Abuse
OFFICE OF THE ATTORNEY GENERAL
California Department of Justice
1455 Frazee Road, Suite 315
San Diego, California 92108
Tel: (619) 688-6673
Fax: (619) 688-4200

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) THIS DOCUMENT RELATES TO: ) State of California, *ex rel.* Ven-A-Care v. ) Abbott Laboratories, *et al.* ) 01-cv-12257-PBS and 03-cv-11226-PBS ) ) ) ) ) ) | MDL No. 1456 Master File No. 01-12257-PBS Judge Patti B. Saris [PROPOSED] ORDER GRANTING ENLARGEMENT OF TIME TO EFFECT SERVICE |

Having considered Plaintiff State of California's Ex Parte Application for an enlargement of time to effect service on Sicor, Inc., and finding good cause therefor,

IT IS HEREBY ORDERED that the time within which California must serve Sicor, Inc. is extended by 60 days, i.e., to February 21, 2006.

Dated:

                                                                           PATTI B. SARIS
                                                                           Untied States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL No. 1456 ) Master File No. 01-12257-PBS ) ) Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: State of California, *ex rel.* Ven-A-Care v. Abbott Laboratories, *et al.* 01-cv-12257-PBS and 03-cv-11226-PBS | ) ) ) ) ) ) ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION BY THE STATE OF CALIFORNIA FOR ENLARGEMENT OF TIME

### I. INTRODUCTION

On August 25, 2005, Plaintiffs filed a First Amended Complaint in Intervention naming Sicor, Inc., in addition to numerous other pharmaceutical manufacturers, as Defendants. Counsel for plaintiff, State of California ("California") and counsel for Sicor, Inc. have been recently engaged in discussions aimed at bringing the dispute between the State and Sicor, Inc. to a resolution. As such, California agreed to not serve Sicor, Inc. with its complaint while the discussions are being concluded. Service of the complaint would impact the negotiations negatively. However, the final agreement will not be completed until *after* the original 120 day time period to effect service has expired. Plaintiff brings this motion for an enlargement of time to effect service prior to the expiration of the period originally prescribed by Fed. R. Civ. P. 4(m), and based upon a showing of good cause for failure to effect service within the time required.

1

## II. FACTUAL BACKGROUND

Plaintiff California and Sicor, Inc. have been engaged in good faith discussions for over a year and are on the eve of completing a resolution. However, the written agreement cannot be signed by all the necessary parties before December 23, 2005, the deadline for service completion. Plaintiff therefore requests a 60 day extension. Counsel for Sicor, Inc. has been consulted in the preparation of this motion and concurs in this request, as set forth in the accompanying declaration.

## III. LEGAL ANALYSIS

### A. Enlargement of Time Limit to Effect Service

Fed. R. Civ. P. 4(m) limits the time to serve a complaint upon a defendant to 120 days after the filing of the complaint, but provides that a court may extend time for service for "good cause shown." In addition, the 120-day time requirement for service prescribed by the federal rules may be enlarged under Fed. R. Civ. P. 6(b) and LR 4.1(b). Fed. R. Civ. P. 6(b)(1) specifically allows for an extension of time for "cause shown" at any time in the discretion of the court with or without motion or notice, if request thereof is made before the expiration of the period originally prescribed.

### B. Issuance of the Enlargement Order is Supported by Good Cause

Because the district court may exercise its discretion under Fed. R. Civ. P. 6(b)(1) only for "cause shown," a party must demonstrate some justification for the issuance of the enlargement order. The provision in Rule 6(b) allowing enlargement for "cause shown" has been interpreted as the equivalent of "good cause shown." *Poe v. Cristina Copper Mines, Inc.*, 15 F.R.D. 85, 88 (D.C. Del. 1953). Accordingly, "good cause" for an extension requires:

2

> "At least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice, and some showing of good faith on the part of the party seeking enlargement and some reasonable basis for noncompliance within the time specified." *Williams v. Publix Warehouse*, 151 F.R.D. 428, 431 (M.D. Fla. 1993).

In the case at hand, this Motion is not made as a result of inadvertence, mistake or ignorance of the rules. Counsel for the parties have worked hard in reaching a proposed resolution. The parties are awaiting final review by certain individuals. This motion is made in good faith, and the fact of a pending settlement provides a reasonable basis to explain why Sicor has not been served in this action.

## IV. CONCLUSION

Because Plaintiff's request to enlarge the time to serve Defendant Sicor is made before the expiration of the 120-day requirement, the Court has the authority under Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 6(b)(1) to extend the time within which Plaintiff must serve Defendant upon a finding of good cause. Plaintiff has demonstrated good cause for the failure to effect service

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

within the 120-day time period. Accordingly, the Court should enlarge the 120-day time limit for service, as to Sicor, Inc., by 60 days.

Dated: December 19, 2005       Respectfully submitted,

                                          BILL LOCKYER
                                        Attorney General for the State of California

By: _____
      JOHN P. FISHER
      Deputy Attorney General
      OFFICE OF THE ATTORNEY GENERAL
      California Department of Justice
      1455 Frazee Road, Suite 315
      San Diego, California 92108
      Tel: (619) 688-6673
      Fax: (619) 688-4200

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456<br>Master File No.  01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>State of California, *ex rel.* Ven-A-Care v.<br>Abbott Laboratories, *et al.*<br>01-cv-12257-PBS and 03-cv-11226-PBS ) ) ) ) ) ) | |

### DECLARATION OF JOHN P. FISHER IN SUPPORT OF EX PARTE APPLICATION BY THE STATE OF CALIFORNIA FOR ENLARGEMENT OF TIME

I, John P. Fisher, hereby declare and state as follows:

1. I am a Deputy Attorney General for the State of California. I am admitted to practice *pro hac vice* in this judicial district for the purposes of this action.

2. I make this declaration in support of the State of California's Ex Parte Application For Enlargement of Time To Effect Service.

3. Counsel for Sicor, Inc., Elizabeth Hack of Sonnenshein, Nash, et al. and the State of California have been in active, good faith negotiations for over a year and have agreed on a resolution of the allegations filed against Sicor, Inc. in the case known as *In re Pharmaceutical Industry Average Wholesale Price Litigation,* MDL 1456, Master File No.01-12257-PBS.

5. The parties are finalizing a settlement agreement. That agreement will now be sent out to the respective signatories for their review and signature. Included in those parties is attorneys and representatives of the California Department of Health Services [DHS]. I have been

1

informed by attorneys for DHS that their review/signature process will take approximately 30 days due to vacation schedules and the holiday season. As such, any finalization of the agreement will take place *after* the current 120 day deadline in which to serve all defendants, specifically December 23, 2005.

6. Plaintiff and Sicor, Inc. have discussed and agreed upon California's filing of the Ex Parte Application For Enlargement of Time. The parties have agreed that the time for the State to serve Sicor, Inc. should be enlarged sixty days or until February 21, 2006. Attorneys for Sicor, Inc. are in agreement and, as such, will not be filing any papers in opposition. Relators in this case, Ven-A-Care of the Florida Keys, also agree with this request for enlargement of time.

7. On December 16, 2005, I telephoned counsel for Sicor, Inc., Ms. Elizabeth Hack, and informed her of this Application and she again confirmed her client's acquiescence.

8. This Application is made in good faith based on the progress made by the parties towards a settlement and the fact that the parties are finalizing the last details before the agreement is signed. If the complaint was served on Sicor, Inc. within the original 120 days allowed for service, the negotiations would have ceased, and any progress towards a resolution would have been lost.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 19, 2005

By: _____
JOHN P. FISHER
Deputy Attorney General

2

# CERTIFICATE OF SERVICE

I hereby certify that I, John P. Fisher, Deputy Attorney General, Bureau of Medi-Cal Fraud and Elder Abuse, for the State of California, caused a true and correct copy of the foregoing **Ex Parte Application By The State of California For Enlargement of Time to Effect Service; [Proposed] Order; Memorandum of Points and Authorities In Support of Ex Parte Application and Declaration of John P. Fisher** to be served electronically on counsel of record pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to LexisNexis File and Service for posting and notification to all parties.

Dated:   December 19, 2005

JOHN P. FISHER
Deputy Attorney General