UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) THIS DOCUMENT RELATES TO: State of California, *ex rel.* Ven-A-Care v. Abbott Laboratories, *et al.* 01-cv-12257-PBS and 03-cv-11226-PBS ) ) ) ) ) ) ) ) ) ) | MDL No. 1456 Master File No. 01-12257-PBS Judge Patti B. Saris EX PARTE APPLICATION BY THE STATE OF CALIFORNIA FOR ENLARGEMENT OF TIME TO EFFECT SERVICE AND [PROPOSED] ORDER |

Plaintiff State of California ("California"), through the undersigned counsel, hereby applies to the Court ex parte for an Order enlarging time to effect service on Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"). The Relator, Ven-A-Care of the Florida Keys, joins in this Application.

The undersigned counsel for California has advised counsel for BIPI that such an ex parte request will be made to this Court. Specifically, Deputy Attorney General John P. Fisher notified BIPI's counsel, Mr. Brent Caslin of Kirkland & Ellis by telephone on December 20, 2005 of this application, as set forth in the accompanying declaration. Mr. Caslin stated he did not oppose this application. An enlargement of time is necessary in order to permit the state of California to evaluate whether an alternative to service on BIPI is appropriate in this matter. The State's evaluation cannot be completed within the 120 day period in which to serve BIPI, which expires on December 23, 2005.

Plaintiff respectfully requests that the Court grant an additional sixty [60] days for California to effect service on BIPI, so that service must be completed on or before February 21, 2006, should the State decide service of the amended complaint on BIPI is appropriate.

Dated:  December  20, 2005                     Respectfully submitted,

                                            BILL LOCKYER
                                            Attorney General for the State of California

By: _____
                                            JOHN P. FISHER
                                            CA State Bar No: 156183
                                            Deputy Attorney General
                                            Bureau of Medi-Cal Fraud & Elder Abuse
                                            OFFICE OF THE ATTORNEY GENERAL
                                            California Department of Justice
                                            1455 Frazee Road, Suite 315
                                            San Diego, California  92108
                                            Tel:  (619) 688-6673
                                            Fax:  (619) 688-4200

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL No. 1456<br>) Master File No. 01-12257-PBS<br>)<br>) Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>State of California, *ex rel.* Ven-A-Care v. Abbott Laboratories, *et al.*<br>01-cv-12257-PBS and 03-cv-11226-PBS | )<br>) [PROPOSED] ORDER<br>) GRANTING ENLARGEMENT<br>) OF TIME TO EFFECT SERVICE |

Having considered Plaintiff State of California's ex parte application for an enlargement of time to effect service on Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), and finding good cause therefor,

IT IS HEREBY ORDERED that the time within which California must serve BIPI is extended by 60 days, i.e., to February 21, 2006.

Dated:

PATTI B. SARIS
Untied States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br> State of California, *ex rel.* Ven-A-Care v. Abbott Laboratories, *et al.* <br> 01-cv-12257-PBS and 03-cv-11226-PBS | MDL No. 1456 <br> Master File No. 01-12257-PBS <br><br> Judge Patti B. Saris |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION BY THE STATE OF CALIFORNIA FOR ENLARGEMENT OF TIME

### I. INTRODUCTION

On August 25, 2005, Plaintiffs filed a First Amended Complaint in Intervention naming Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), in addition to numerous other pharmaceutical manufacturers, as Defendants. Counsel for Plaintiff State of California ("California") and counsel for BIPI have been engaged in discussions aimed at enabling California to further evaluate its claims against BIPI before deciding whether an alternative to service is appropriate. As such, California agreed to not serve BIPI with its complaint while the State's evaluation is being concluded. Service of the complaint would impact the evaluation negatively. The evaluation will not be completed until after the original 120 day time period to effect service has expired. Plaintiff brings this motion for an enlargement of time to effect service prior to the expiration of the period originally prescribed by Fed. R. Civ. P. 4(m), and based upon a showing

1

of good cause for failure to effect service within the time required.

## II. FACTUAL BACKGROUND

California is evaluating its claims concerning BIPI before effecting service, based on the latest information within possession of the Plaintiffs. The evaluation cannot be completed before December 23, 2005, the deadline for service completion. California therefore requests a 60 day extension. Counsel for BIPI has been consulted in the preparation of this motion and concurs in this request, as set forth in the accompanying declaration.

## III. LEGAL ANALYSIS

### A.   Enlargement of Time Limit to Effect Service

Fed. R. Civ. P. 4(m) limits the time to serve a complaint upon a defendant to 120 days after the filing of the complaint, but provides that a court may extend time for service for "good cause shown." In addition, the 120-day time requirement for service prescribed by the federal rules may be enlarged under Fed. R. Civ. P. 6(b) and LR 4.1(b). Fed. R. Civ. P. 6(b)(1) specifically allows for an extension of time for "cause shown" at any time in the discretion of the court with or without motion or notice, if request thereof is made before the expiration of the period originally prescribed.

### B.   Issuance of the Enlargement Order is Supported by Good Cause

Because the district court may exercise its discretion under Fed. R. Civ. P. 6(b)(1) only for "cause shown," a party must demonstrate some justification for the issuance of the enlargement order. The provision in Rule 6(b) allowing enlargement for "cause shown" has been interpreted as the equivalent of "good cause shown." *Poe v. Cristina Copper Mines, Inc.*, 15 F.R.D. 85, 88 (D.C. Del. 1953). Accordingly, "good cause" for an extension requires:

> "At least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice, and some showing of good faith on the part of the party seeking enlargement and some reasonable basis for noncompliance within the time specified." *Williams v. Publix Warehouse*, 151 F.R.D. 428, 431 (M.D. Fla. 1993).

In the case at hand, this Motion is not made as a result of inadvertence, mistake or ignorance of the rules. Counsel for the parties have worked together toward furthering California's request for additional time to evaluate its claims against BIPI. This motion is made in good faith, and the fact of the ongoing evaluation provides a reasonable basis to explain why BIPI has not been served in this action.

## IV. CONCLUSION

Because Plaintiff's request to enlarge the time to serve Defendant BIPI is made before the expiration of the 120-day requirement, the Court has the authority under Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 6(b)(1) to extend the time within which Plaintiff must serve Defendant upon a finding of good cause. Plaintiff has demonstrated good cause for the failure to effect service

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

within the 120-day time period. Accordingly, the Court should enlarge the 120-day time limit for service, as to BIPI by 60 days.

Dated: December 20, 2005         Respectfully submitted,

BILL LOCKYER
Attorney General for the State of California

By: _____
JOHN P. FISHER
Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
California Department of Justice
1455 Frazee Road, Suite 315
San Diego, California  92108
Tel:  (619) 688-6673
Fax:  (619) 688-4200

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456<br>Master File No. 01-12257-PBS<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>State of California, *ex rel.* Ven-A-Care v.<br>Abbott Laboratories, *et al.*<br>01-cv-12257-PBS and 03-cv-11226-PBS ) ) ) ) ) ) | |

## DECLARATION OF JOHN P. FISHER IN SUPPORT OF EX PARTE APPLICATION BY THE STATE OF CALIFORNIA FOR ENLARGEMENT OF TIME

I, John P. Fisher, hereby declare and state as follows:

1. I am a Deputy Attorney General for the State of California ("California"). I am admitted to practice *pro hac vice* in this judicial district for the purposes of this action.

2. I make this declaration in support of the California's ex parte application for an enlargement of time to effect service.

3. Counsel for Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), Mr. Brent Caslin of Kirkland & Ellis and the State of California have agreed to extend the time for service to enable further evaluation, by California, regarding California's allegations against BIPI as set forth in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456, Master File No.01-12257-PBS.

4. California is pursuing this evaluation, which will not be complete until after the current 120 day deadline in which to serve all defendants, specifically December 23, 2005.

1

5. Plaintiff and BIPI have discussed and agreed upon California's filing of the Ex Parte Application For Enlargement of Time. The parties have agreed that the time for the State to serve BIPI should be enlarged by sixty days, or until February 21, 2006. Attorneys for BIPI are in agreement and, as such, will not be filing any papers in opposition. Relators in this case, Ven-A-Care of the Florida Keys, also agree with this request for enlargement of time.

6. On December 20, 2005, I telephoned counsel for BIPI, Mr. Brent Caslin of Kirkland & Ellis, and informed him of this application, and he confirmed his client's acquiescence in this application.

7. This application is made in good faith based on the consensus among the parties concerning California's continuing evaluation of its allegations against BIPI. If the complaint was served on BIPI within the original 120 days allowed for service, any progress towards California's evaluation of other alternatives would have been lost.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 20, 2005

By: _____
JOHN P. FISHER
Deputy Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that I, John P. Fisher, Deputy Attorney General, Bureau of Medi-Cal Fraud and Elder Abuse, for the State of California, caused a true and correct copy of the foregoing **Ex Parte Application By The State of California For Enlargement of Time to Effect Service; [Proposed] Order; Memorandum of Points and Authorities In Support of Ex Parte Application and Declaration of John P. Fisher** to be served electronically on counsel of record pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to LexisNexis File and Service for posting and notification to all parties.

Dated:   December 20, 2005

_____
Nicholas N. Paul
Deputy Attorney General