# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION, | MDL No. 1456 CIVIL ACTION:  01-CV-12257-PBS Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: *State of Nevada v. Abbott Labs., Inc. et al.*, Case No. CV02-00260 *State of Nevada v. American Home Products, et al.*, CA No. 02-CV-12086-PBS *State of Montana v. Abbott Labs., Inc., et al.* D. Mont. Cause No. CV-02-09-H-DWM | |

## OPPOSITION OF THE STATES OF NEVADA AND MONTANA TO DEFENDANTS' MOTION FOR AN ORDER HOLDING PLAINTIFFS IN CONTEMPT, FOR PRESERVATION OF POTENTIALLY RELEVANT DOCUMENTS, AND FOR AN ACCOUNTING OF SPOLIATED DOCUMENTS

Defendants' motion for an order holding the States of Nevada and Montana in contempt of court should be denied because no party has uncovered any evidence that the States violated this Court's CMO No. 2 *or* any federal rule by destroying documents.  To the contrary, the State's ongoing investigation and even the flimsy record submitted by defendants suggest that each State has preserved relevant evidence.

Defendants' motion asks the court to:  (i) instruct all State personnel not to destroy potentially relevant **documents**; (ii) take affirmative measures to prevent the inadvertent destruction of documents; and (iii) to interview employees to determine the relevant documents that have been "spoliated."  Def. Mot. at 10.  ***All of these steps have been taken voluntarily by the States in the ordinary course of the litigation.***  Thus the motion is moot.  The motion has been an unnecessary drain on the time and resources of the Court and the parties – one that could

have been avoided had defendants complied with the Local Rules and conferred with the States. There is no practical reason to grant the motion.

Similarly, there is no legal basis to grant the motion.[1]  The case law relied on by defendants clearly lays out the standards for determining when a party's misconduct rises to an actionable level.  The States' conduct here does not even trigger an analysis, let alone meet the requirements for imposing sanctions as defendants seek.

## I.    SUPPLEMENTAL FACTS

This section supplements the facts provided in the States' opposition to defendants' motion for emergency consideration.

The issue of document preservation was first raised in connection with the Nevada case only, approximately two weeks before the motion was filed.  Declaration of Jeniphr Breckenridge ("Breckenridge Decl.") at ¶ 4.  Counsel for the State of Nevada immediately undertook an investigation to confirm the steps that had been taken to ensure the preservation of documents at the outset of the litigation as well as what practices individual state employees key to the litigation took in handling their own files.  This was done through individual interviews. Breckenridge Decl. at ¶¶ 5-6.  In addition, on November 30, 2005, Chuck Duarte, Administrator, Department of Health Care Financing and Policy, issued a memorandum confirming the proper handling of documents responsive to the litigation and reminded employees not to destroy any documents.  Breckenridge Decl. at ¶ 15, Ex. 2.  All of these steps were taken prior to the filing of defendants' motion.

In Montana, counsel undertook a similar investigation.  Breckenridge Decl. at ¶ 17.  John Chappuis, Medicaid Administrator, issued a similar memorandum confirming the proper

---

[1] Defendants' pending request for sanctions is vague and open-ended.  It is not clear precisely what they seek. *See* Def. Mot. at 2.  Thus, the States address the propriety of sanctions generally and reserve the right to address the issue more specifically as required.

handling of documents responsive to the litigation and reminding employees not to destroy any documents, electronic or hard copy.  A copy of this memorandum is attached to the Breckenridge Decl., Ex. 3.  Counsel also interviewed individual employees regarding their document handling practices and confirmed no one was aware of the destruction of any documents.  *Id.* at ¶ 20.  Last week, at the deposition of Pharmacy Program Services Supervisor, Dan Peterson, counsel for the State of Montana examined Mr. Peterson on the record regarding his handling of documents and confirmed that to his knowledge no documents had been destroyed.[2]  Breckenridge Decl. at ¶ 22 Ex. 4.

The States have attempted to recreate the steps that were taken at the outset of the litigation.  In the case of Nevada, evidence shows that this case appeared on a list of pending litigation on or about the time it was filed.  Breckenridge Decl. at ¶ 13 Ex. 1.  In Montana, the evidence shows that the Department of Public Health and Human Services division was advised of the filing of the lawsuit and – acting at direction of counsel – participated in the collection of data for the initial complaint.  Breckenridge Decl. at ¶ 21.  Jeff Buska, Senior Medicaid Policy Analyst, Office of Planning Coordination and for Department of Public Health & Human Services, deposed last week as a Fed. R. Civ. P. 30(b)(6) witness was involved.[3]

The investigations have uncovered absolutely *no* evidence that documents have been destroyed or will be destroyed.  Not only have defendants failed to submit anything than their own unsubstantiated conclusions that documents have been destroyed,[4] *no employee from either State in interviews by State counsel or in depositions by defendants has suggested that*

---

[2] Defendants cannot dispute the fact that the "pharmacy program services" or "program files" of the Montana Medicaid division in Mr. Peterson's possession are among the most relevant documents in the case.  Both Fed. R. Civ. P. 30(b)(6) witnesses have testified that they are the source of the majority of the documents requested by defendants in discovery.

[3] Defendants did not ask Mr. Buska about his early notice of the lawsuit or his involvement.

[4] Defendants' own conclusions are equivocal:  "Nevada's disregard for its preservation obligations has *almost certainly* led to the destruction of documents central to the claims of the case."  Def. Mot. at 8.

*evidence was destroyed*.  Further, all Medicaid employees in both States have received a memorandum reminding them of their obligations in connection with this litigation and have been advised not to destroy documents.

It would be unjust to punish the States based on this record.  If anyone is to be sanctioned, it is defendants, for filing their unfounded motion in violation of this Court's meet-and-confer requirements.

## II.     LEGAL ARGUMENT

Defendants' allegations that the State of Nevada and the State of Montana have destroyed documents related to these cases strike at the very integrity of the States and the public employees who staff the Medicaid programs.  Public employees serve the public and have an obligation to uphold the standards of the States.  As States, their actions are subject to public scrutiny, and much of the information they generate is publicly accessible.  The States are mindful of their legal obligations to preserve documents and executed them properly in this case. Notably, defendants have not been able to point to one document or category of document they allege has been destroyed.  The hunt for misconduct is premised solely on defense suspicions – ironic suspicions given the fact that at least one defendant, Baxter, has admitted to failing to preserve documents during the pendency of this case.  The States' conduct is not actionable. Legal precedent does not support the imposition of sanctions under the circumstances here.

### A.     Duty to Preserve Documents

The States recognize their obligation to preserve documents pursuant to CMO No. 2 and the Federal Rules of Civil Procedure.  Nevada and Montana have upheld their respective obligations to preserve evidence.

**B.      Absent Misconduct, Courts Will Not Sanction Parties**

Courts adjudicating charges of document spoliation typically engage in a two part analysis.  The first stage of the analysis determines whether evidence has been destroyed.  If evidence has been destroyed, the second stage evaluates whether and what sanctions should be imposed.  Generally, even if evidence has been destroyed – a fact not before the Court here – courts require some form of misconduct or prejudice before they will sanction a party.

The standards for judicial action are discussed and applied in a case cited by defendants.  In *McGuire v Acufex Microsurgical,* 175 F.R.D. 149 (D. Mass 1997), the Court considered whether to sanction a party for the alteration and late production of a memorandum relevant to a sexual discrimination case.  The court outlined the specific elements of the spoliation claim:

> (1)      An act of destruction;
>
> (2)      Discoverability of the evidence;
>
> (3)      An intent to destroy the evidence; and
>
> (4)      Occurrence of the act at a time after suit has been filed, or, if before, at a time when the filing is fairly perceived as imminent.

*Id.* (citing Jamie S. Gorelick, *et al.*, Destruction of Evidence, §§ 3.8 – 3.12 (1989)).  The Court recognized prejudice as an implied fifth element, bearing on the scope of any sanction.  "[Prejudice] is in a sense always required, namely prejudice to the opposing party, since sanctions are not as a rule imposed where there has been no prejudice to a party."  *Id.*

Application of the five elements to the facts before this Court leads to a denial of defendants' motion.  ***As a threshold matter, there is no evidence of any "act of destruction" in connection with documents from either Nevada or Montana.***  Without evidence of document destruction, there is no need to consider the second, third and fourth factors. "Discoverability of the evidence," "intent to destroy" and timing become moot points.  Even if it were later

discovered that certain documents have been destroyed, any suggestion that the destruction had been intentional would be refuted by the evidence demonstrating that key individuals are not aware of the destruction of any documents.  Thus, the destruction would likely have been inadvertent or brought about by someone other than individuals key to this litigation.  Finally, not even defendants have suggested that they have been prejudiced by the destruction of documents.  There can be no assignment of prejudice if specific documents allegedly destroyed cannot be identified.

Because there is no evidence that documents have been destroyed, the Court need not reach the second stage of the analysis to determine whether sanctions should be applied.[5]

### III.   CONCLUSION

The States of Nevada and Montana have not willfully destroyed any documents relevant to this litigation.  Defendants' own conclusions on the matter are equivocal - based on speculative assumptions and concerns.  Defendants cannot point to any particular document, category of evidence or source of documents that may have been destroyed.  Similarly, the States' own investigations have not identified any particular document, category of evidence or source of documents that have been destroyed.  Consequently, an order holding the States in contempt or directing them to provide an "account of spoliated evidence" is not warranted.  The law is clear: under the facts before the Court, no sanction should be imposed.

---

[5] Even if documents had been destroyed, sanctions are not mandatory.  Once misconduct is uncovered, courts employ a five-factor test to determine whether to impose sanctions. (1) whether the adversary was prejudiced by the destruction of evidence; (2) whether the prejudice can be cured; (3) the practical importance of the evidence; (4) whether the destruction was in good or bad faith; (5) the potential for abuse if the evidence is not excluded or the party is not otherwise sanctioned.  *McGuire*, 175 F.R.D. at 156 (citation omitted).  In applying the factors, courts may distinguish between "good faith" and "bad faith" spoliation of evidence.  *Id.*  In *McGuire*, in the absence of prejudice and "bad faith" misconduct, the Court found that the destruction was not actionable.  In this case, there is simply not enough information to trigger the sanctions analysis because neither the States nor the defendants can identify any destroyed evidence.

Further, because the States have demonstrated that they respect their obligations to preserve evidence and have taken steps to fulfill those obligations, an order directing the States to preserve evidence going forward is unnecessary.

Defendants' motion should be denied.


By _____ /s/ Steve W. Berman _____            DATED:  December 21, 2005.


Steve W. Berman
Sean R. Matt
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol
Edward Notargiacomo
HAGENS BERMAN SOBOL SHAPIRO LLP
225 Franklin Street, 26th Floor
Boston, MA  02110
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

COUNSEL FOR PLAINTIFFS
STATE OF MONTANA AND
STATE OF NEVADA

George J. Chanos
Attorney General of the State of Nevada
L. Timothy Terry
Assistant Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4714

Mike McGrath
Attorney General of Montana
Jon Ellingson
Assistant Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT  56920-1402
(406) 444-2026

Joseph P. Mazurek
CROWLEY, HAUGHEY, HANSON,
 TOOLE & DIETRICH PLLP
100 North Park Avenue, Suite 300
P.O. Box 797
Helena, MT  59601-6263
(406) 449-4165

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **OPPOSITION OF THE STATES OF NEVADA AND MONTANA TO DEFENDANTS' MOTION FOR AN ORDER HOLDING PLAINTIFFS IN CONTEMPT, FOR PRESERVATION OF POTENTIALLY RELEVANT DOCUMENTS, AND FOR AN ACCOUNTING OF SPOILATED DOCUMENTS** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 21, 2005, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By _____ **/s/ Steve W. Berman** _____

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292

001534-15  85045 V1