UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>State of California, *ex rel.* Ven-A-Care v. Abbott Laboratories, *et al.*<br>01-cv-12257-PBS and 03-cv-11226-PBS | MDL No. 1456<br>Master File No. 01-12257-PBS<br><br>Judge Patti B. Saris |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION BY THE STATE OF CALIFORNIA FOR ENLARGEMENT OF TIME

### I. INTRODUCTION

On August 25, 2005, Plaintiffs filed a First Amended Complaint in Intervention naming Sicor, Inc., in addition to numerous other pharmaceutical manufacturers, as Defendants. Counsel for plaintiff, State of California ("California") and counsel for Sicor, Inc. have been recently engaged in discussions aimed at bringing the dispute between the State and Sicor, Inc. to a resolution. As such, California agreed to not serve Sicor, Inc. with its complaint while the discussions are being concluded. Service of the complaint would impact the negotiations negatively. However, the final agreement will not be completed until *after* the original 120 day time period to effect service has expired. Plaintiff brings this motion for an enlargement of time to effect service prior to the expiration of the period originally prescribed by Fed. R. Civ. P. 4(m), and based upon a showing of good cause for failure to effect service within the time required.

1

## II. FACTUAL BACKGROUND

Plaintiff California and Sicor, Inc. have been engaged in good faith discussions for over a year and are on the eve of completing a resolution. However, the written agreement cannot be signed by all the necessary parties before December 23, 2005, the deadline for service completion. Plaintiff therefore requests a 60 day extension. Counsel for Sicor, Inc. has been consulted in the preparation of this motion and concurs in this request, as set forth in the accompanying declaration.

## III. LEGAL ANALYSIS

### A. Enlargement of Time Limit to Effect Service

Fed. R. Civ. P. 4(m) limits the time to serve a complaint upon a defendant to 120 days after the filing of the complaint, but provides that a court may extend time for service for "good cause shown." In addition, the 120-day time requirement for service prescribed by the federal rules may be enlarged under Fed. R. Civ. P. 6(b) and LR 4.1(b). Fed. R. Civ. P. 6(b)(1) specifically allows for an extension of time for "cause shown" at any time in the discretion of the court with or without motion or notice, if request thereof is made before the expiration of the period originally prescribed.

### B. Issuance of the Enlargement Order is Supported by Good Cause

Because the district court may exercise its discretion under Fed. R. Civ. P. 6(b)(1) only for "cause shown," a party must demonstrate some justification for the issuance of the enlargement order. The provision in Rule 6(b) allowing enlargement for "cause shown" has been interpreted as the equivalent of "good cause shown." *Poe v. Cristina Copper Mines, Inc.*, 15 F.R.D. 85, 88 (D.C. Del. 1953). Accordingly, "good cause" for an extension requires:

2

"At least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice, and some showing of good faith on the part of the party seeking enlargement and some reasonable basis for noncompliance within the time specified." *Williams v. Publix Warehouse*, 151 F.R.D. 428, 431 (M.D. Fla. 1993).

In the case at hand, this Motion is not made as a result of inadvertence, mistake or ignorance of the rules. Counsel for the parties have worked hard in reaching a proposed resolution. The parties are awaiting final review by certain individuals. This motion is made in good faith, and the fact of a pending settlement provides a reasonable basis to explain why Sicor has not been served in this action.

## IV. CONCLUSION

Because Plaintiff's request to enlarge the time to serve Defendant Sicor is made before the expiration of the 120-day requirement, the Court has the authority under Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 6(b)(1) to extend the time within which Plaintiff must serve Defendant upon a finding of good cause. Plaintiff has demonstrated good cause for the failure to effect service

///

///

///

///

///

///

///

///

3

within the 120-day time period. Accordingly, the Court should enlarge the 120-day time limit for service, as to Sicor, Inc., by 60 days.

Dated:  December 19, 2005

Respectfully submitted,

BILL LOCKYER
Attorney General for the State of California

By: _____
JOHN P. FISHER
Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
California Department of Justice
1455 Frazee Road, Suite 315
San Diego, California 92108
Tel:  (619) 688-6673
Fax: (619) 688-4200

4