UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>State of California, *ex rel.* Ven-A-Care v. Abbott Laboratories, *et al.*<br>01-cv-12257-PBS and 03-cv-11226-PBS | MDL No. 1456<br>Master File No. 01-12257-PBS<br><br>Judge Patti B. Saris |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION BY THE STATE OF CALIFORNIA FOR ENLARGEMENT OF TIME

### I. INTRODUCTION

On August 25, 2005, Plaintiffs filed a First Amended Complaint in Intervention naming Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), in addition to numerous other pharmaceutical manufacturers, as Defendants. Counsel for Plaintiff State of California ("California") and counsel for BIPI have been engaged in discussions aimed at enabling California to further evaluate its claims against BIPI before deciding whether an alternative to service is appropriate. As such, California agreed to not serve BIPI with its complaint while the State's evaluation is being concluded. Service of the complaint would impact the evaluation negatively. The evaluation will not be completed until after the original 120 day time period to effect service has expired. Plaintiff brings this motion for an enlargement of time to effect service prior to the expiration of the period originally prescribed by Fed. R. Civ. P. 4(m), and based upon a showing

1

of good cause for failure to effect service within the time required.

## II. FACTUAL BACKGROUND

California is evaluating its claims concerning BIPI before effecting service, based on the latest information within possession of the Plaintiffs. The evaluation cannot be completed before December 23, 2005, the deadline for service completion. California therefore requests a 60 day extension. Counsel for BIPI has been consulted in the preparation of this motion and concurs in this request, as set forth in the accompanying declaration.

## III. LEGAL ANALYSIS

### A. Enlargement of Time Limit to Effect Service

Fed. R. Civ. P. 4(m) limits the time to serve a complaint upon a defendant to 120 days after the filing of the complaint, but provides that a court may extend time for service for "good cause shown." In addition, the 120-day time requirement for service prescribed by the federal rules may be enlarged under Fed. R. Civ. P. 6(b) and LR 4.1(b). Fed. R. Civ. P. 6(b)(1) specifically allows for an extension of time for "cause shown" at any time in the discretion of the court with or without motion or notice, if request thereof is made before the expiration of the period originally prescribed.

### B. Issuance of the Enlargement Order is Supported by Good Cause

Because the district court may exercise its discretion under Fed. R. Civ. P. 6(b)(1) only for "cause shown," a party must demonstrate some justification for the issuance of the enlargement order. The provision in Rule 6(b) allowing enlargement for "cause shown" has been interpreted as the equivalent of "good cause shown." *Poe v. Cristina Copper Mines, Inc.*, 15 F.R.D. 85, 88 (D.C. Del. 1953). Accordingly, "good cause" for an extension requires:

2

> "At least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice, and some showing of good faith on the part of the party seeking enlargement and some reasonable basis for noncompliance within the time specified." *Williams v. Publix Warehouse*, 151 F.R.D. 428, 431 (M.D. Fla. 1993).

In the case at hand, this Motion is not made as a result of inadvertence, mistake or ignorance of the rules. Counsel for the parties have worked together toward furthering California's request for additional time to evaluate its claims against BIPI. This motion is made in good faith, and the fact of the ongoing evaluation provides a reasonable basis to explain why BIPI has not been served in this action.

## IV. CONCLUSION

Because Plaintiff's request to enlarge the time to serve Defendant BIPI is made before the expiration of the 120-day requirement, the Court has the authority under Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 6(b)(1) to extend the time within which Plaintiff must serve Defendant upon a finding of good cause. Plaintiff has demonstrated good cause for the failure to effect service

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3

within the 120-day time period. Accordingly, the Court should enlarge the 120-day time limit for service, as to BIPI by 60 days.

Dated: December 20, 2005                    Respectfully submitted,

                                              BILL LOCKYER
                                              Attorney General for the State of California

                                              By: _____
                                              JOHN P. FISHER
                                              Deputy Attorney General
                                              OFFICE OF THE ATTORNEY GENERAL
                                              California Department of Justice
                                              1455 Frazee Road, Suite 315
                                              San Diego, California  92108
                                              Tel:  (619) 688-6673
                                              Fax:  (619) 688-4200