UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: Pharmaceutical Industry Average Wholesale Price Litigation | ) ) ) MDL No. 1456 ) C.A. No. 01-12257-PBS ) |
| This Document Relates to: | ) The Honorable Patti B. Saris ) |
| *The People of the State of Illinois v. Alpharma Inc., et al.*, C.A. No. 1:05-4056 (N.D.Ill.); | ) ) ) |
| *Commonwealth of Kentucky v. Alpharma Inc., et al.*, C.A. No. 3:05-47 (E.D.Ky); | ) ) ) |
| *Commonwealth of Kentucky v. Abbott Laboratories, Inc.*, C.A. No. 3:05-48 (E.D.Ky.); | ) ) ) |
| *Commonwealth of Kentucky v. Warrick Pharmaceuticals Corp., et al.*, C.A. No. 3:05-49 (E.D.Ky.). | ) ) ) ) |

JOINT MOTION OF THE ATTORNEYS
GENERAL OF ILLINOIS AND KENTUCKY FOR
A HEARING REGARDING THEIR MOTIONS TO REMAND

Lisa Madigan, Attorney General of the State of Illinois; and Gregory D. Stumbo, Attorney General of the Commonwealth of Kentucky, respectfully request that this Court schedule a hearing to consider their fully-briefed and pending motions to remand which were filed in their respective district courts more than four months before the Judicial Panel on Multidistrict Litigation transferred the above-captioned cases to this Court on December 5, 2005.

Federal courts disfavor depriving litigants, particularly sovereigns such as the States of Illinois and Kentucky, of their choice of forum within which to litigate purely state-law claims. Yet this is precisely what defendants seek to do through their removal of the state-court actions filed by these State Attorneys General. As demonstrated in the remand motions, defendants' removal of these actions was untimely and, in any event, federal jurisdiction over each action is lacking.

While these remand motions are pending, the States are powerless to compel defendants to produce relevant documents and information in response to discovery requests that were served early in the litigation or otherwise advance the litigation without running the risk of consenting to federal jurisdiction which, as demonstrated below, has been found to be lacking by all five courts which have considered and ruled on identical remand motions. And the removals and jurisdictional disputes have interrupted briefing and resolution of important motions that were filed in the state courts. In order to avoid further delay and prejudice, Illinois and Kentucky respectfully request that this Court schedule a hearing and promptly grant the motions to remand.

Factual background.

State-court proceedings.[1]

The Illinois action.

On February 7, 2005, the State of Illinois filed a civil action in the Circuit Court of Cook County, Illinois, *The People of the State of Illinois v. Abbott Laboratories, Inc., et al.*, No. 05 CH 2747. No federal claims are asserted. Rather, the complaint asserts causes of action under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§505/2 and 505/2-CC; the Illinois Public Assistance Fraud Act, 305 ILCS § 5/8A-7(b); and the Illinois Whistleblower Reward and Protection Act, 740 ILCS §175/1, *et seq.*, arising from, *inter alia*, defendants' scheme to prevent the state's Medicaid program from learning the true prices of their pharmaceutical products, including the reporting of phony and inflated average wholesale prices ("AWPs").

---

[1] Copies of the complaints filed by the Illinois and Kentucky Attorneys General are attached to their respective remand motions.

2

The Kentucky actions.

The Commonwealth of Kentucky filed a civil action in the Circuit Court of Franklin County on September 15, 2003 and an amended complaint on October 14, 2003, *Commonwealth of Kentucky v. Abbott Laboratories, Inc.*, No. 03-CI-1134.

The Commonwealth of Kentucky filed a separate civil action in the Circuit Court of Franklin County on September 15, 2003 and an amended complaint on October 14, 2003, *Commonwealth of Kentucky v. Warrick Pharmaceuticals Corporation, et al.*, No. 03-CI-1135.

The Commonwealth of Kentucky filed a third civil action in the Circuit Court of Franklin County on November 4, 2004 and an amended complaint on May 12, 2005, *Commonwealth of Kentucky v. Alpharma, Inc., et al.*, No. 04-CI-1487.

No federal claims are asserted in the Kentucky actions. Rather, each action asserts claims under the Kentucky Consumer Protection Act, KRS 367.170, *et seq.*; the Kentucky Medicaid Fraud Act, KRS 205.8463, *et seq.*; the Kentucky False Advertising Statute, KRS 517.030, *et seq.*; common-law fraud; and negligent misrepresentation arising from, *inter alia*, defendants' scheme to prevent the state's Medicaid program from learning the true prices of their pharmaceutical products, including the reporting of phony and inflated AWPs.

Removal and proceedings in federal court.

On or about July 13, 2005, defendants removed the Illinois and Kentucky state-court actions to federal court. The sole basis for removal was that *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 125 S.Ct. 2363 (2005), which the United States Supreme Court decided on June 13, 2005, constituted an "order or other paper" from which the defendants "first ascertained" that the state-court actions were removable within the meaning of

3

the federal removal statute, 28 U.S.C. §1446(b). Defendants asserted that *Grable* for the first time made clear that each state-court action presented a federal question.[2]

Simultaneously, and on the same basis, defendants removed state-court actions filed by the Attorneys General of Alabama, Minnesota, New York, Pennsylvania, and Wisconsin, and one action filed by the Attorney General of Florida.

However, defendants did not remove similar state-court actions filed by the Attorneys General for the States of Arkansas, Connecticut, Missouri, Nevada, Ohio, West Virginia, and Texas, as well as a separate action filed by the Florida Attorney General, although the Texas action was subsequently removed following the filing of an amended complaint.

Each Attorney General whose state-court action was removed filed a motion to remand in the respective federal district court. At the time of the JPML's final transfer order (described below), five of the nine district court judges to whom the removed cases were assigned had ruled on the remand motions. <u>All five courts granted the motions to remand</u>. *See* August 11, 2005 order in *State of Alabama v. Abbott Laboratories, Inc. et al.*, No. 2:05cv647 (M.D.Ala.); September 9, 2005 order in *Commonwealth of Pennsylvania v. Tap Pharmaceutical Products, Inc., et al.*, No. 2:05-cv-03604 (E.D.Pa.); September 29, 2005 order in *State of Wisconsin v. Amgen Inc., et al.*, No. 05-C-408 (W.D.Wis.) (awarding attorneys' fees and costs to the State of Wisconsin); October 24, 2005 order in *State of Minnesota v. Pharmacia Corporation*, No. 05-1394 (D.Minn.); and December 5, 2005 order in *The State of Texas, ex rel. Ven-a-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.*, No. A-05-CA-897-LY.[3] Each court concluded that federal jurisdiction was lacking. And those that reached the timeliness question found that the removals were untimely.

---

[2] The Supreme Court's decision in *Grable* affirmed a decision from the U.S. Court of Appeals for the Sixth Circuit, which includes Kentucky. Accordingly, the Supreme Court's *Grable* decision did not change the law in the Sixth Circuit and the defendants' removal of the Kentucky actions was untimely.

[3] Copies of these five orders are contained in Illinois and Kentucky case files. For the Court's convenience, they are also attached to this brief as Exhs. 1-5.

4

Proceedings before the Judicial Panel on Multidistrict Litigation.

At or shortly after the time that defendants removed the state-court actions to federal court, defendants filed notices of related actions before the Judicial Panel on Multidistrict Litigation ("JPML") and requested that the removed actions be transferred to this court as tag-along actions to MDL No. 1456. The JPML issued Conditional Transfer Order 25, to which all of the removed states filed notices of opposition and motions to vacate. On December 5, 2005, the JPML entered an order denying the motions to vacate and transferring to this Court the cases that had not been remanded, *i.e.*, those brought by Illinois, Kentucky, and New York.

Illinois and Kentucky request that this Court promptly rule on the motions to remand.

The Illinois and Kentucky motions to remand are fully briefed and have been pending for more than four months. While the motions are pending, the States are powerless to compel defendants to produce long-requested documents and information and to otherwise prosecute their lawsuits without running the risk of consenting to federal jurisdiction. This is because one of the State's objections to removal is procedural, *i.e.*, that the removals were untimely. Procedural objections to removal may be waived if a plaintiff participates in the federal-court proceeding. *Harris v. Edward Hyman Company*, 664 F.2d 943 (5th Cir. 1981); 32 Am. Jur.2d Federal Courts §1719 ("[e]ven if there are irregularities in the removal proceeding, if a Federal District Court otherwise has jurisdiction and a plaintiff acquiesces in that jurisdiction by affirmative act, such as participating in federal discovery and attending federal status conferences, or vigorously prosecuting the case after removal, the plaintiff's motion to remand may be denied on theories of waiver or estoppel").

Moreover, the removals and pendency of the remand motions have significantly interfered with the orderly progression of the litigation. For example, at the time of removal, briefing had been completed on defendants' motions to dismiss and oral argument had been scheduled in the Kentucky litigation. In Illinois, briefing on defendants' motions to dismiss was

5

interrupted, as was briefing on plaintiff's motion for a protective order regarding confidential information produced by defendants.

Accordingly, to avoid further delay and prejudice, Illinois and Kentucky respectfully request that this Court promptly consider and grant their motions to remand and award them attorneys' fees and costs.

Dated: December 16, 2005

                                       Respectfully submitted,

                                       LISA MADIGAN
                                       Attorney General of the State of Illinois

                                       GREGORY D. STUMBO
                                       Attorney General of the Commonwealth of Kentucky


                             By:    /s/ Robert S. Libman
                                    Robert S. Libman
                                    Special Assistant Attorney General for
                                    the States of Illinois and Kentucky

Miner, Barnhill & Galland
14 W. Erie St.
Chicago, IL 60610
(312) 751-1170
(312) 751-0438 (telefax)