# EXHIBIT 3

# MEMORANDUM OF UNDERSTANDING

WHEREAS, on _____, Plaintiff, _____, filed a Complaint in New Jersey state court on behalf of himself and all other similarly situated purchasers of Zoladex®, a prescription drug which was manufactured, distributed, marketed and sold by Defendants AstraZeneca PLC, AstraZeneca Pharmaceuticals LP, AstraZeneca LP, Zeneca, Inc. (collectively "AstraZeneca"), and of other drugs manufactured and sold by other drug companies. Plaintiff alleges, among other things, that AstraZeneca conspired and agreed to raise and fix the prices of Zoladex® that was sold to Plaintiff and members of the Class throughout New Jersey and the United States (hereinafter the "New Jersey Action"). These artificially inflated prices were reported as the putative "average wholesale price" or "AWP," which prices were reported by AstraZeneca in industry trade publications such as the *Red Book*. Plaintiff also alleges AstraZeneca gave free samples of Zoladex® to medical providers knowing and expecting that such providers would bill for them.

WHEREAS, the Complaint in the New Jersey Action also names as a Defendant Dr. Saad Antoun. Plaintiff asserts, among other things, that Dr. Antoun participated in the alleged conspiracy with AstraZeneca by unlawfully promoting and facilitating the sale of Zoladex® at the artificially inflated AWPs and by receiving kickback payments in the form of free samples for his role in the conspiracy.

WHEREAS, Dr. Antoun pled guilty to a one-count Criminal Indictment charging him with conspiracy for the following:

> From in or around the Fall of 1995, through in or about 1999, in the District of Delaware, the District of New Jersey, and elsewhere throughout the United States, the defendant, Saad Antoun, together

Page 1 of 8

MUST 0000079
CONFIDENTIAL

with Company Y [which was AstraZeneca] and employees of Company Y, and with others known and unknown to the Grand Jury, did knowingly conspire to agree to violate 42 U.S.C. §§ 1320a-7b(b)(1) and (b)(2), by causing the Medicare Program and patients insured by the Medicare Program to pay to the defendant, Saad Antoun, remuneration, including a kickback and bribe, for the referral by Saad Antoun to Company Y of orders for the drug Zoladex as prescribed by him to patients insured by the Medicare Program and others, as follows: Company Y provided to Saad Antoun 195 one month injections of Zoladex to induce him to switch his existing patients whom he was then prescribing Lupron, to the drug Zoladex, and to induce him to start all new patients on Zoladex rather than on Lupron, knowing and intending and conspiring with the defendant Saad Antoun that, in order for him to receive the intended kickback and bribe for those referrals, he would accept those free samples, administered them to patients and thereafter bill the Medicare Program, other insurers and a number of those patients for the injections of those samples of Zoladex.

WHEREAS, Plaintiff, and Defendant Dr. Antoun, by their respective attorneys, have conducted negotiations, based in part on informal discovery, and have reached an agreement in principle providing for the settlement of this action on the terms and subject to the conditions set forth below (the "Settlement").

WHEREAS, Plaintiff's counsel have concluded, after due investigation and after carefully considering the relevant circumstances, including, without limitation, the financial condition and circumstances of Defendant Dr. Antoun, that it would be in the best interests of the Settlement Class to enter into this Settlement in order to avoid the uncertainties of litigation, and to assure that the benefits reflected herein are obtained for the Settlement Class, and, further, that plaintiff's counsel consider the Settlement set forth herein to be fair, reasonable, and adequate and in the best interests of the Settlement Class.

WHEREAS, this litigation will continue against the remaining defendants.

Page 2 of 8

MUST 0000080
CONFIDENTIAL

NOW, THEREFORE, it is agreed by and between the undersigned, on behalf of Defendant Dr. Antoun and the Settlement Class, that these actions and all claims of the Settlement Class be settled, compromised and dismissed on the merits and with prejudice as to Defendant Dr. Antoun and, except as hereafter provided, without costs as to Defendant Dr. Antoun or the Settlement Class subject to the approval of the Court, on the following terms and conditions, and any other terms and conditions which will be set forth in a mutually agreeable form of Settlement Agreement into which the parties will enter in the future:

1. **Settlement Class.** The Settlement Class will be defined as follows:

   > All persons and entities in New Jersey and throughout the country who, during the period beginning at least 1991 through the present, paid any portion of the cost of Zoladex® which cost was based, in whole or in part, upon the published AWPs for such drugs. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, and their legal representatives, heirs, successors, and any governmental entities, and any person or entity seeking to make a claim under ERISA, Medicare or federal law.

2. **Consideration.** Upon final approval of the Settlement, the Complaint against Defendant Dr. Antoun in the New Jersey Action shall be dismissed, with prejudice, with the Court administering this Settlement and reserving jurisdiction over the Settlement. In consideration of the dismissal with prejudice of all Complaints against Defendant Dr. Antoun, the injunction, the Release set forth in paragraph 3 below, and the admission set forth in paragraph 7 below, Defendant Dr. Antoun agrees as follows:

   2.1. **Restitution.** Defendant Dr. Antoun agrees to pay, within thirty (30) days of the final approval of the Settlement, full restitution of the amount owed to the Settlement Class from Dr. Antoun billing for the free doses of Zoladex®, which amount shall be

Page 3 of 8

MUST 0000081
CONFIDENTIAL

based upon a calculation of twenty percent (20%) of the restitution paid to the federal government by Dr. Antoun as part of his resolution of the criminal charges against him in *United States of America v. Saad Antoun*, Criminal Action No. 02-13-JJF (D. Del.).

2.2. **Full discovery.** Without the need for formal discovery demand, Defendant Dr. Antoun directly, and indirectly by and through his counsel, agrees to provide full and complete discovery as to the claims alleged by Plaintiff including, but not limited to all relevant documents in his care, custody and control and sworn testimony about the facts and circumstances of his involvement in the conspiracy and the involvement of other defendants. Defendant Dr. Antoun also agrees to provide documents and other evidence sufficient to demonstrate his financial condition and inability to pay damages to the Settlement Class.

2.3. **Cooperation.** Defendant Dr. Antoun directly, and indirectly by and through his counsel, agrees to provide continuing cooperation to the undersigned counsel for the Settlement Class plaintiffs and to use his best efforts to assist in the further investigation and prosecution of the New Jersey Action.

2.4. **Attendance at Trial.** Defendant Dr. Antoun agrees to make himself available for and to voluntarily appear at the trial (or trials) of the New Jersey Action, at a reasonable time and place to be determined in the future, and agrees to waive any requirement of compulsory process or the service of a trial subpoena to establish jurisdiction over his person or to compel his attendance. The undersigned counsel

Page 4 of 8

MUST 0000082
CONFIDENTIAL

10/14/2005 16:09 FAX 1215 9722574 PBS DUANE MORRIS Case 1:01-cv-12257-PBS Document 1998-5 Filed 12/28/05 Page 6 of 9 ☒010

06/28/03 14:17 FAX ☒008
JUN. 27. 2003 2:47PM KLINE-SPECTER-P.C. NO. 244 P. 7/10

for the Settlement Class plaintiffs agree to reimburse Defendant Dr. Antoun for his reasonable expenses incurred in traveling to and attending any trial.

2.5. Stipulation to Nationwide Settlement Class. To effectuate the terms of this Settlement and the Release provided in paragraph 4 below, Defendant Dr. Antoun shall stipulate to the certification of a nationwide Settlement Class as defined above in paragraph 1. Moreover, Defendant Dr. Antoun agrees to cooperate fully with the undersigned counsel for the Settlement Class plaintiffs and the Court in obtaining both preliminary and final approval of this Settlement and the certification of a Settlement Class, including the preparation and filing of all necessary papers and attendance at hearings.

3. Release. In exchange for the consideration set forth above, Plaintiff, on behalf of himself and all others similarly situated, agree to release all "Released Claims" against Defendant Dr. Antoun. "Released Claims" means and includes any and all claims or causes of action, including unknown claims related thereto, that have been or could have been asserted by the representative plaintiffs or the Settlement Class members, in state or federal court, against Defendant Dr. Antoun, based upon or related to the distribution, marketing, promotion and sale of Zoladex®, or to the facts, conduct, omissions, transactions, occurrences or subject matters alleged in the Complaint filed in this litigation, including those filed in the New Jersey Action and any other action currently pending or subsequently filed in state or federal court.

4. Best Efforts. The parties hereto agree that an application for preliminary approval, seeking approval of the plan for the dissemination of class notice, and related papers, shall be filed no later than 90 days from the execution of this Memorandum of Understanding. The parties hereto also

Page 5 of 8

MUST 0000083
CONFIDENTIAL

10/14/2005 16:00 FAX 1:01-cv-12257-PBS Document 1998-5 Filed 12/28/05 Page 7 of 9 ☒011

06/28/03 14:17 FAX　　　　　　　　　　　　　　　　　　　　　　　NO. 244　P. 7/13 ☒009
JUN. 27. 2003 2:47PM  KLINE-SPECTER-P.C.

agree to recommend approval of this Settlement by the Court and by the members of the Settlement Class and to undertake their best efforts, including all steps and efforts contemplated by this Settlement and any other steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of this Settlement.

5. **Order.** If, after notice to the Settlement Class and a hearing, the Court approves this Settlement, then the parties hereto shall jointly seek entry of an order and final judgment, which, at least:

(1) finally approves this Settlement and the terms of the Settlement Agreement as being a fair, reasonable and adequate settlement as to Settlement Class plaintiffs and directs its consummation pursuant to its terms;

(2) directs that, as to Defendant Dr. Antoun, he shall be forever enjoined from engaging in the conduct alleged in the Complaints filed in the New Jersey Action;

(3) directs that, as to Defendant Dr. Antoun, the Class Action shall be dismissed with prejudice and, except as provided for herein, without costs; and

(4) reserves exclusive jurisdiction over the injunction, the Settlement, and the Settlement Agreement, including the administration and consummation of this Settlement.

Page 6 of 8

MUST 0000084
CONFIDENTIAL

6. **No Additional Costs or Expenses.** Except as provided herein, Defendant Dr. Antoun shall bear no other expenses, costs, damages or fees alleged or incurred by Plaintiff, or any other Settlement Class member, or by any of their attorneys, experts, advisors, agents or representatives in connection with this action.

7. **Admission.** The Settlement, the provisions contained in this Memorandum of Understanding, and the provisions of the Settlement Agreement into which the parties will enter in the future, are and shall be deemed a presumption, concession and an admission by Defendant Dr. Antoun of liability and wrongdoing as to the facts and claims alleged and asserted in the New Jersey Action, and shall be interpreted, construed, deemed, invoked, offered, and received in evidence and otherwise used in the New Jersey Action.

8. **Confidentiality of Agreement.** The undersigned acknowledge the need to maintain the confidentiality of this Memorandum of Understanding and agree not to disclose the same to any person or entity without the express written consent of both parties.

9. **Entire Agreement.** This Memorandum of Understanding constitutes the entire agreement among the parties with respect to the subject matter hereof and may not be amended nor may any of its provisions be waived except by a writing signed by the affected party or his counsel.

10. **Choice of Law.** This Memorandum of Understanding and the Settlement contemplated herein shall be governed by, and construed in accordance with, the laws of the State of New Jersey, without regard to conflict of laws principles.

11. **Execution in Counterparts.** This Memorandum of Understanding may be executed in counterparts by any of the signatories hereto, and so executed shall constitute one agreement.

Page 7 of 8

MUST 0000085
CONFIDENTIAL

Facsimile signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Memorandum of Understanding.

Dated:_____         Dated:_____

_____         _____
Donald E. Haviland, Jr., Esquire      Thomas P. McGonigle, Esquire
KLINE & SPECTER, P.C.                 DUANE MORRIS LLP
1525 Locust Street, 19th Floor        1100 North Market Street, Suite 1200
Philadelphia, PA 19102                Wilmington, Delaware 19801-1246
(215) 772-1000 telephone              302-657-4900 telephone
(215) 735-0937 facsimile              302-657-4901 facsimile
*Attorneys for Plaintiff and the Class*

                                      Michael Mustokoff, Esquire
                                      DUANE MORRIS LLP
                                      One Liberty Place, Suite 4200
                                      Philadelphia, Pennsylvania 19103-7396
                                      215-979-1000 telephone
                                      215-979-1020 facsimile
                                      *Attorney for Defendant Dr. Antoun*

Page 8 of 8

MUST 0000086
CONFIDENTIAL