UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  Pharmaceutical Industry Average Wholesale Price Litigation | ) ) ) MDL No. 1456 ) C.A. No. 01-12257-PBS ) |
| This Document Relates to: | ) The Honorable Patti B. Saris ) |
| *The People of the State of Illinois v. Alpharma Inc., et al.,* C.A. No. 1:05-4056 (N.D. Ill.); | ) ) ) |
| *Commonwealth of Kentucky v. Alpharma Inc., et al.,* C.A. No. 3:05-47 (E.D. Ky.); | ) ) ) |
| *Commonwealth of Kentucky v. Abbott Laboratories, Inc.,* C.A. No. 3:05-48 (E.D. Ky.); | ) ) ) |
| *Commonwealth of Kentucky v. Warrick Pharmaceuticals, Corp., et al.,* C.A. No. 3:05-49 (E.D. Ky.); | ) ) ) |
| *People of the State of New York v. Pharmacia Corporation,* C.A. No. 1:05-00872 (N.D.N.Y.); | ) ) ) |
| *People of the State of New York v. Aventis Pharmaceuticals,* C.A. No. 1:05-00873 (N.D.N.Y.);  and | ) ) ) ) |
| *People of the State of New York v. GlaxoSmithKline,* C.A. No. 1:05-00874 (N.D.N.Y.) | ) ) ) |

**DEFENDANTS' MOTION FOR CONSOLIDATED
BRIEFING ON THE PENDING STATE MOTIONS TO REMAND**

In order to minimize the burden on the Court in reviewing the issues presented by the pending remand motions in the seven above-captioned cases, and to focus the issues in light of the several relevant decisions that have been issued since the pending motions were originally

briefed, defendants suggest that the Court require each state to file a single brief[1] addressing the remand issues in light of the states' view of the relevant caselaw and defendants to file a single response to the states' briefs. The record now before the Court in each of the transferred cases is highly fragmented, with as many as four supplemental notices of authority and responses thereto, each addressing cases decided subsequent to the original briefing. The Court has in the past expressed a desire to have outdated briefing brought current in a single brief from each side. *See* Transcript of April 8, 2005 Hearing at 5 ("you need to update your briefing to deal with the current situation"). That approach would serve the Court well with respect to the instant motions.

The instant cases brought by Kentucky, Illinois and New York seek, *inter alia,* to recover co-payments made by or on behalf of Medicare beneficiaries for drugs covered by Medicare Part B. As the Court will recall, the question of whether there is federal jurisdiction over such claims was presented in the case brought by the State of Minnesota. *See State of Montana v. Abbott Laboratories,* 266 F. Supp. 2d 250 (D. Mass. 2003), on motion for reconsideration, *State of Minnesota v. Pharmacia Corp.,* 278 F. Supp. 2d 101 (D. Mass. 2003). Even though the Court found that Medicare claims present a substantial federal question, the Court remanded that case because controlling precedent held that there had to be a statutory private right of action in order for there to be federal jurisdiction, and the Medicare statute does not contain a private right of action.

On June 13, 2005, the Supreme Court ruled that a private right of action is not a necessary condition for federal jurisdiction. *Grable & Sons Metal Products, Inc. v. Darue*

---

[1] Kentucky and Illinois are represented by the same counsel and may prefer to file a joint brief, as they have done on other occasions.

*Engineering & Manufacturing,* 125 S. Ct. 2363 (2005).  In light of this development, defendants on July 13, 2005, removed cases involving Medicare claims brought by the Attorneys General of Alabama, Kentucky, Illinois, Minnesota, New York, Pennsylvania, and Wisconsin.  Shortly thereafter, defendants notified the Judicial Panel on Multidistrict Litigation of these related cases.  The states all moved to remand.  In Alabama, Minnesota, Pennsylvania and Wisconsin, the federal courts granted the remand motions before the JPML ordered transfer.  Each of those decisions prompted supplemental briefing in the cases that remained in federal court.[2]  In addition, in a case alleging overcharges for drugs sold to public health care institutions, the district court agreed with defendants' view of *Grable* and denied plaintiff's remand motion. *County of Santa Clara v. Astra USA, Inc.,* 2005 WL 3282245 (N.D. Cal. Dec. 2, 2005).  Another case siding with plaintiffs' position was also recently decided.  *State of Texas v. Abbott Laboratories, Inc.,* No. A-05-CA-897-LY (W.D. Tex. Dec. 5, 2005).  Because the JPML issued its transfer order on December 5, 2005, the *Santa Clara* and *Texas* decisions have not been addressed in any of the briefing in the pending cases.

Because of the circumstances set forth above, none of the pending cases contains a single brief addressing all of the relevant cases that were decided subsequent to the initial briefing on the remand motions.  Instead the decisions are addressed in a hodge-podge of as many as a four rounds of supplemental briefs.  Defendants suggest that it will (1) be far more efficient, (2) conserve judicial resources, and (3) better focus the arguments in light of all the relevant caselaw for the parties to file a fresh set of briefs.  Because Illinois and Kentucky are represented by the same law firm and have filed joint briefs in this Court, they may want to file a

---

[2]   Defendants submit that these decisions are in conflict with this Court's "federal question" decision in *Montana* and, in varying degrees, with each other.

3

joint brief while New York will presumably want to file its own brief. Defendants could then file a single brief (not exceeding 35 pages) responding to the states' briefs. This approach would provide the Court with a cleaner and more focused record than now exists.

Counsel for the States regrettably have declined to join in this motion. They will doubtlessly contend that this motion is just another defense tactic to delay these state cases from progressing. The approach defendants propose may require more effort by the parties. Furthermore, the hearing on the remand motions currently scheduled for January 27, 2006, might have to be continued for a brief time beyond that date. (Any delay in the hearing date could have been avoided if the states had agreed to defendants' proposal rather than turning it into a contested matter.) However, these slight delays will be far outweighed by the efficiency and convenience the Court will gain through a single set of up-to-date briefs, as opposed to the morass of supplemental filings contained in the present records of these seven cases.

## Certification Pursuant to Local Rule 7.1

Pursuant to Local Rule 7.1(a)(2) of this Court, the undersigned counsel certifies that counsel for defendants conferred unsuccessfully with counsel for Kentucky, Illinois and New York in an effort to narrow or resolve the issues presented by this motion.

**CONCLUSION**

For the reasons stated above, the Court should enter the briefing schedule attached hereto.

                                                 Respectfully submitted on behalf of all defendants in the above-captioned cases,

January 3, 2006                              /s/ Geoffrey E. Hobart
                                                 Geoffrey E. Hobart (BBO #547499)
                                                 Mark H. Lynch
                                                 Ronald G. Dove, Jr.
                                                 COVINGTON & BURLING
                                                 1201 Pennsylvania Avenue, N.W.
                                                 Washington, D.C.  20004
                                                 Telephone:  (202) 662-6000
                                                 Facsimile:  (202) 662-6291

                                                 Mark D. Seltzer (BBO #556341)
                                                 HOLLAND & KNIGHT LLP
                                                 10 St. James Avenue
                                                 Boston, MA  02116
                                                 Telephone:  (617) 523-2700
                                                 Facsimile:  (617) 523-6850

                                                 Frederick G. Herold
                                                 DECHERT LLP
                                                 1117 California Avenue
                                                 Palo Alto, CA  94304
                                                 Telephone:  (650) 813-4930
                                                 Facsimile:  (650) 813-4848

                                                 Thomas H. Lee II
                                                 DECHERT LLP
                                                 4000 Bell Atlantic Tower
                                                 Philadelphia, PA  19103-2793
                                                 Telephone:  (215) 994-2994
                                                 Facsimile:  (215) 994-2222

                                                 *Attorneys for Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline*

**CERTIFICATE OF SERVICE**

       I hereby certify that on January 3, 2006, I caused a true and correct copy of Defendants' Motion for Consolidated Briefing on the Pending State Motions to Remand to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456.

       /s/ Jason R. Litow
       Jason R. Litow