UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: Pharmaceutical Industry Average Wholesale Price Litigation | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| This Document Relates to: | The Honorable Patti B. Saris |
| *The People of the State of Illinois v. Alpharma Inc., et al.*, C.A. No. 1:05-4056 (N.D.Ill.); | |
| *Commonwealth of Kentucky v. Alpharma Inc., et al.*, C.A. No. 3:05-47 (E.D.Ky); | |
| *Commonwealth of Kentucky v. Abbott Laboratories, Inc.*, C.A. No. 3:05-48 (E.D.Ky.); | |
| *Commonwealth of Kentucky v. Warrick Pharmaceuticals Corp., et al.*, C.A. No. 3:05-49 (E.D.Ky.). | |

OPPOSITION OF THE ATTORNEYS GENERAL OF
ILLINOIS AND KENTUCKY TO DEFENDANTS' MOTION FOR
CONSOLIDATED BRIEFING ON THE PENDING STATE MOTIONS TO REMAND

Lisa Madigan, Attorney General of the State of Illinois, and Gregory D. Stumbo, Attorney General of the Commonwealth of Kentucky ("the States"), respectfully submit this opposition to defendants' motion for consolidated briefing on the pending state motions to remand and continuance of the January 27, 2006 hearing. Defendants' motion should be denied.

On July 13, 2005, defendants removed cases involving AWP claims brought by the Attorneys General of Alabama, Kentucky, Illinois, Minnesota, New York, Pennsylvania, and Wisconsin. Another AWP lawsuit filed by the Attorney General of Texas was subsequently removed. Defendants argued that *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 125 S.Ct. 2363 (2005), changed the law of federal subject-matter jurisdiction and started the 30-day removal clock running all over again. All of the states promptly file remand motions which were then fully briefed. In relatively short order, district courts sitting in

Alabama, Minnesota, Pennsylvania, Wisconsin, and Texas rejected the same arguments advanced by defendants here and remanded the cases back to the state courts in which they were originally filed. Although the Illinois and Kentucky remand motions had been fully briefed, the district courts before which they were pending had not ruled on the motions when the JPML issued its transfer order.

Defendants' present motion should be denied for several reasons. As an initial matter, the Court has already evaluated and rejected defendants' request. By granting the States' motion for a hearing regarding their remand motions and ordering the parties to appear on January 27, 2006, this Court has already indicated that no additional briefing is necessary. Defendants' present motion is in reality a motion for reconsideration which presents no facts that were not previously before the Court. On this basis alone, it should be denied.

Moreover, the only benefit to additional briefing and continuation of the January 27, 2006 hearing on the States' motions to remand flows to the defendants in the form of additional delay. Such delay is precisely what the States sought to avoid by moving for an expedited hearing on their motions to remand based on the existing briefing. The States have already been prejudiced by the nearly six-month delay occasioned by defendants' removal. Defendants' request for more briefing will further prejudice the States. Furthermore, additional briefing would not serve the financial interests of the parties. Enough billable hours have been expended on this issue.

Finally, no additional briefing is needed with regard to the two cases cited by defendants in their brief that were decided in December, 2005. Rather, the parties can address these cases, if they choose, at the January 27, 2006 hearing. The States simply point out here that *County of Santa Clara v. Astra USA, Inc.*, 2005 WL 3282245 (N.D.Cal. Dec. 2, 2005), is plainly distinguishable from the present case. In that case, plaintiff alleged that defendants overcharged its public health-care institutions for defendants' pharmaceutical products by violating: (1) a federal price-control statute; and (2) a contract between the federal government and the defendants which, by its own terms, had to be "construed in accordance with Federal common law." Moreover, the plaintiff's complaint contained "a rash of allegations that defendants

trampled federal laws." *Id.*, at *11, n. 3.  No such facts are present in the Illinois and Kentucky complaints.  Indeed, the Illinois and Kentucky claims were pled identically to those in the Wisconsin case, which was remanded, and which the *Santa Clara* court explicitly distinguished because it did *not* involve a federal contract that had to be interpreted under federal common law.  *Id.*, at *7.  Lastly, there was no issue of timeliness in *Santa Clara*.  *Id.*, at *8 (distinguishing the Wisconsin and Minnesota remand decisions on this basis).  Here, however, there is a meritorious timeliness argument which, by itself, requires remand.

For these reasons, the States respectfully request that defendants' motion be denied.

Dated:  January 4, 2006

                                              Respectfully submitted,

                                              LISA MADIGAN
                                              Attorney General of the State of Illinois

                                              GREGORY D. STUMBO
                                              Attorney General of the Commonwealth of Kentucky


                                 By:    /s/ Robert S. Libman
                                              Robert S. Libman
                                              Special Assistant Attorney General for the States of Illinois and Kentucky

Miner, Barnhill & Galland
14 W. Erie St.
Chicago, IL 60610
(312) 751-1170
(312) 751-0438 (telefax)