UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION, <br><br>THIS DOCUMENT RELATES TO THE MASTER CONSOLIDATED CLASS ACTION | MDL No. 1456 <br><br> Civil Action No. 01-12257-PBS |

### NON-PARTY FALLON COMMUNITY HEALTH PLAN, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY DISCOVERY

Non-Party Fallon Community Health Plan, Inc. ("Fallon"), in accordance with Local Rule 7.1(B)(1), respectfully submits the following Memorandum of Law in Support of Its Motion to Stay Discovery served upon it by Defendant Dey, Inc. ("Dey").

### FACTUAL AND PROCEDURAL BACKGROUND

Dey has served subpoenas on several absent class member health plans, including Fallon, seeking similar documents and testimony from each.  As to Fallon, Dey seeks 12 separate categories of documents generated over a 14-year period, as well as Rule 30(b)(6) testimony on 33 separate topics.  The face of the subpoena purported to require compliance by December 2, 2005.  See generally Subpoena attached hereto as Exhibit A.

Fallon preliminarily estimates that there are thousands of documents potentially responsive to the subpoena, most of which are stored off site, and all of which will need to be individually reviewed for the redaction of confidential, privileged, or proprietary information.  Some of the documents that Dey is seeking contain what Fallon deems to be among the most proprietary trade secrets in its possession.

The Plaintiffs, as well as absent third party health plans Tufts Associated Health Plans, Inc. and Neighborhood Health Plan, Inc., have each filed motions to quash subpoenas that are substantially similar to Dey's subpoena to Fallon. They argue, *inter alia*, that the Defendants have already conducted discovery of more than 40 health plans covering more than 50% of all insured persons in the United States, including more than 50% of Massachusetts insured persons. Accordingly, they argue that the extraordinary burdens imposed upon the health plans are not warranted, particularly in light of the fact that none of the health plans are party to this case.

Dey served the subpoena upon Fallon on or about November 21, 2005. Fallon originally engaged counsel to represent it with respect to the subpoena, and negotiated an extension of time to object to the subpoena. Fallon then discovered a conflict of interest, however, and engaged its current counsel on or about December 22, 2005. Under the circumstances, and in view of the fact that the subpoena suffers from the identical defects identified in the other motions to quash, the undersigned counsel requested that Dey consent to a stay of its subpoena pending this Court's resolution of the pending motions to quash. See Correspondence from Peter Mosseau, Esq. to Lorianne Trewick, Esq., dated December 22, 2005, attached hereto as Exhibit B. Counsel for Dey refused Fallon's request, and instead purported to require Fallon to serve its objections by January 5, 2006. See Correspondence from Lorianne Trewick, Esq., to Peter Mosseau, Esq., dated December 28, 2005, attached hereto as Exhibit C.

After receiving the response from Dey to Fallon's request for a stay, the undersigned counsel called Dey's counsel, and explained that unlike other health plans, Fallon does not, and has never, directly purchased drugs from drug manufacturers, wholesalers, "PBMs", specialty pharmacies, or any other person or entity. Dey continues to insist, however, that Fallon comply

with the subpoena, thereby forcing Fallon to file the instant motion.[1]  Fallon has objected to the subpoena, and intends to file a motion to quash similar in nature to the motions to quash served by the other absent class member health plans.  See Objection, attached hereto as Exhibit D.

## ARGUMENT

**In order to protect Fallon from the extraordinary burdens imposed by Dey's subpoena that might ultimately be rendered moot by this Court's resolution of the pending motions to quash, this Court should stay the enforcement of the subpoena until such time as the motions to quash have been resolved.**

"Trial courts have broad discretion in determining the timing of pretrial discovery, and appellate courts are reluctant to interfere unless it clearly appears that a discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party." Dynamic Image Technologies v. United States, 231 F.3d 34, 38 (1st Cir. 2000) (quotation omitted).  As more fully articulated in the motions to quash filed on behalf of the absent class member health plans, discovery of non-party class members "should be sharply limited and allowed only on a strong showing of justification." Manual for Complex Litigation, Third, § 30.232, at 231 (1995) (quoting 8 Charles A. Wright et al., Federal Practice and Procedure § 2171 (2d ed. 1994)).  Deposition subpoenas of absent class members are subject to an even stronger showing of need. See id. (citing Clark v. Universal Builders, Inc., 501 F.2d 324, 340-41 (7th Cir. 1974)).

Like the other absent class member health plans, Fallon contends that the discovery sought of it is extraordinarily onerous and burdensome, and not warranted under the facts of this

---

[1] Fallon deems this telephone conference as having met any requirements of Local Rule 37.1.  The discovery conference initially consisted of an exchange of telephone messages on January 3, 2006 between William Saturley, Esq., counsel for Fallon, and Lorianne Trewick, Esq., counsel for Dey, regarding the proposed stay and the justification for it.  A subsequent telephone conference was then held on January 4, 2006, at which the stay was discussed at further length, resulting in the positions taken by the parties.  The January 4, 2006 discovery conference was also attended by Attorneys Saturley and Trewick, occurred at approximately 1:00 PM, and lasted approximately 10 minutes.

case.  Indeed, as noted above, Fallon does not even directly purchase drugs from any drug manufacturers, wholesalers, "PBMs", specialty pharmacies, or any other person or entity.

## CONCLUSION

Under these circumstances, it would be fundamentally unfair to require Fallon to comply with the subpoena in any way while the motions to quash raising identical concerns remain outstanding.  Accordingly, Fallon respectfully requests that this Court stay the discovery sought of it by Dey until such time as the Court has resolved the pending motions to quash.

Respectfully submitted,

FALLON COMMUNITY HEALTH PLAN, INC.

By its attorneys,

NELSON, KINDER, MOSSEAU
    & SATURLEY, PC

Dated:  January 5, 2006       By: /s/ William C. Saturley, Esquire
Peter W. Mosseau, Esquire (BBO #358060)
William C. Saturley, Esquire (BBO #442800)
99 Middle Street
Manchester, NH 03101
603-647-1800

## CERTIFICATE OF SERVICE

I, William C. Saturley, counsel to Fallon Community Health Plan, Inc., hereby certify that on the 5th day of January, 2006, I caused copies of Non-Party Fallon Community Health Plan, Inc.'s Memorandum of Law in Support of Its Motion to Stay Discovery to be served electronically on all counsel of record.

Dated:  January 5, 2006       By: /s/ William C. Saturley, Esquire
William C. Saturley, Esquire