**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                    )
**In re: PHARMACEUTICAL INDUSTRY**                  )
**AVERAGE WHOLESALE PRICE**                         )
**LITIGATION**                                      )        MDL No. 1456
                                                    )        Civil Action No. 01-12257-PBS
                                                    )        Judge Patti B. Saris
**THIS DOCUMENT RELATES TO**                        )
_State of Nevada v. Abbott Laboratories, et al._,   )
       Case No. CV02-00260 (Nevada I),              )        Chief Magistrate Judge Marianne B.
                                                    )        Bowler
_State of Nevada v. American Home Products, et al._, )
       CA No. 02-CV-12086-PBS (Nevada II), and )
                                                    )
_State of Montana v. Abbott Labs., Inc., et al._    )
       CA No. 02-CV-12084-PBS                       )
_____ )


## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR EMERGENCY MOTION FOR AN ORDER HOLDING PLAINTIFFS IN CONTEMPT, FOR PRESERVATION OF POTENTIALLY RELEVANT DOCUMENTS, AND FOR AN ACCOUNTING OF SPOLIATED DOCUMENTS

Plaintiffs' Opposition ("Opp.") to Defendants' Emergency Motion for an Order Holding

Plaintiffs in Contempt, for Preservation of Potentially Relevant Documents, and for an

Accounting of Spoliated Documents ("Motion") misses the point.  It relies on a

mischaracterization of Defendants' Motion and is simply wrong in stating that there is

"absolutely **no** evidence that documents have been destroyed."  Opp. at 3.  To the contrary, since

the filing of Defendants' Motion, additional deposition testimony from both Nevada and

Montana has only reinforced Defendants' argument and the need for the Court to grant their

Motion.

I.      **RECENT DEPOSITION TESTIMONY CONFIRMS PLAINTIFFS' FAILURE TO
        TAKE REASONABLE EFFORTS TO COMPLY WITH DUTY TO PRESERVE.**

Additional deposition testimony taken since Defendants filed their Motion has further

revealed the extent of Plaintiffs' failure to take reasonable efforts to preserve potentially relevant

documents.  On December 21-22, 2005, Defendants deposed four Nevada Medicaid employees.

All four witnesses testified that they first learned of the existence of this lawsuit at some point

during 2005 -- more than three years after it was initially filed.  *See* Langdon Tr. at 22 (Ex. 1)

(witness first aware of litigation three months prior to deposition); Tilstra Tr. at 17 (Ex. 2)

(witness learned of litigation in August 2005); Cates Tr. at 59-60 (Ex. 3) (witness learned of

litigation "probably within the last year"); Nowak Tr. at 41-42 (Ex. 4) (witness unaware of

lawsuit until November 30, 2005).[1]  Defendants also questioned two of these witnesses as to

whether they recalled receiving the "Monthly Case Report" that the State of Nevada allegedly

distributed to its employees and refers to in its Opposition.  *See* Opp. at 3; Breckenridge Decl. ¶

13.[2]  Neither employee recalled *ever* receiving a "Monthly Case Report" listing various cases in

which Nevada Medicaid was involved.  *See* Ex. 3 at 66; Ex. 4 at 54.

The Nevada Medicaid employees also confirmed that they had not been instructed to

preserve potentially relevant documents prior to receipt of an email memorandum from Charles

Duarte ("Duarte Email")[3] on November 30, 2005.  Specifically, all four testified that they had

not received, or could not remember receiving, any previous instruction to identify and separate

documents pertaining to the litigation.  *See* Ex. 1 at 22-23; Ex. 2 at 17-18; Ex. 3 at 61; Ex. 4 at

42-43.  Meanwhile, three witnesses confirmed that they had not received, or could not remember

receiving, a prior instruction to cease destruction of records pertaining to the lawsuit.  *See* Ex. 1

---

[1] The attached excerpts from the Langdon, Tilstra, Cates, and Nowak depositions are from the rough drafts of those
transcripts, as Defendants have not yet received the final versions.
[2] Plaintiffs have withdrawn the original Breckenridge Declaration submitted with their Opposition and intend to
replace it with a version that redacts certain confidential information inadvertently included in the original.
[3] This email is attached to Plaintiffs' Opposition as Exhibit 3.

at 23; Ex. 2 at 18; Ex. 4 at 43. Thus, while Plaintiffs characterize the Duarte Email as a "reminder" (Breckenridge Decl. ¶ 15), every Nevada employee who has subsequently been deposed has testified that she was not informed of the duty to preserve potentially relevant documents prior to receipt of the email.

Similarly, in a December 15, 2005, deposition, Dan Peterson, Montana Medicaid's Pharmacy Program Supervisor and a Rule 30(b)(6) witness on behalf of Montana, testified that he had not received any instruction to retain potentially relevant documents until "last week" (*i.e.*, the week of December 5, 2005).  *See* Peterson Tr. at 7-8, 27-28 (Ex. 5).  He did not remember receiving a prior instruction to cease destruction of records pertaining to the lawsuit, nor had he seen any such instruction anywhere in the Montana Medicaid Pharmacy Program files.[4]  *Id.* at 27, 118.

The recent depositions also confirmed the likelihood that Plaintiffs' failure to take any efforts to comply with their duty to preserve has resulted in the destruction of potentially relevant documents.  Witnesses from both States confirmed that they routinely delete emails and discard handwritten notes.  *See* Ex. 4 at 49 (witness acknowledges having deleted certain emails falling within a category of documents that, according to the Duarte Email, should be separated and preserved; *see* Duarte Email at 1-2); Ex. 2 at 34; Ex. 3 at 62; Ex. 5 at 48-49, 117.  Further, as noted in Defendants' Motion and not rebutted in Plaintiffs' Opposition, the State of Montana has been destroying electronic documents "every 30 days."  Motion at 6.

## II.    PLAINTIFFS' OPPOSITION FAILS TO ADDRESS DEFENDANTS' ACTUAL ARGUMENT.

Plaintiffs' legal argument relies on a mischaracterization of Defendants' Motion. Defendants are not at this time seeking traditional spoliation sanctions, whereby, according to

---

[4] The States' Opposition specifically noted that these files "are among the most relevant documents in the case." Opp. at 3, n.2.

Plaintiffs, the court must first make a finding that specific documents were actually destroyed.[5]
*See* Opp. at 5.  In fact, Defendants specifically requested an "accounting of the relevant material
that has been lost *so that the parties and the Court can address appropriate sanctions*."  Motion
at 2, 11 (emphasis added).  Thus, it is Plaintiffs' legal arguments -- not Defendants' -- that are
premature.

Defendants' Motion instead requests that the Court take three steps in response to
Plaintiffs' failure to "take reasonable steps to comply with the law regarding preservation of
documents," as required by CMO No. 2 ¶ 9: (i) find Plaintiffs in contempt for their blatant
violation of CMO No. 2; (ii) issue specific preservation orders to compel Plaintiffs to take steps
to comply with their preservation obligations; and (iii) order an accounting of any documents
that may have been lost due to Plaintiffs' failure to take such steps.  None of these requests is, or
need be, predicated on a finding that *specific* documents were *actually* destroyed.

Furthermore, Plaintiffs' claim that they have complied with the duty to preserve simply
because partial investigations have yet to reveal that any specific documents were destroyed is
incorrect as a matter of law.  As noted in Defendants' Motion, the duty to preserve documents
requires the suspension of routine document destruction policies.  *See* Motion at 7.  Plaintiffs
failed to effect such a suspension.  Indeed, Nevada and Montana Medicaid employees discarded
notes and deleted emails in their normal course of business.

Thus, contrary to Plaintiffs' assertion, Defendants' arguments are fully supported by the
record.  The State of Nevada did not notify its Medicaid employees of this litigation until more
than three years after initiating it, and did not instruct these employees to cease the destruction of

---

[5] Such sanctions typically go well beyond the relief requested by Defendants in this Motion, and include, for
example, dismissal of the case or the exclusion of evidence, *see Mcguire v. Acufex Microsurgical, Inc.*, 175 F.R.D.
149, 153 (D. Mass. 1997), or an adverse inference instruction, *see, e.g., See Kelley v. United Airlines, Inc.*, 176
F.R.D. 422, 428 (D. Mass. 1997).  Defendants reserve the right to seek such sanctions once discovery is complete
and the investigation is concluded.

potentially relevant documents until November 30, 2005.  Furthermore, there is no evidence that the State has taken any steps to inform *non*-Medicaid employees involved in drug reimbursement and acquisition issues -- such as those identified by Nevada's Medicaid Director at his deposition -- of this litigation and the need to preserve potentially relevant documents.

Similarly, the State of Montana did not notify its Medicaid employees of their obligation to preserve potentially relevant documents until December 2005, more than three years after filing this lawsuit.  As with Nevada, there is no evidence that Montana has informed any *non*-Medicaid employees of the existence of this litigation and the need to preserve potentially relevant documents.  *See* Breckenridge Decl. ¶ 19, Ex. 3 at 1 (December 14, 2005 "reminder memorandum" to "DPHHS, HEALTH RESOURCES DIVISION").  That two employees from Montana Medicaid were "contacted" in 2002 "about the filing of the lawsuit," Breckenridge Decl. ¶ 21, does not address what actions, if any, the State of Montana took over the past three years to comply with its preservation obligations.

## CONCLUSION

For all of these reasons and those previously stated, this Court should grant the relief requested in Defendants' Motion.

Respectfully submitted on behalf of all
Defendants in the Nevada and Montana actions,


_____/s/ Geoffrey E. Hobart_____
Geoffrey E. Hobart (BBO # 547499)
Mark H. Lynch
Ronald G. Dove, Jr.
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:  (202) 662-6000
Facsimile:  (202) 662-6291

Mark D. Seltzer (BBO #556341)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
Telephone:  (617) 523-2700
Facsimile:  (617) 523-6850

Frederick G. Herold
DECHERT LLP
1117 California Avenue
Palo Alto, CA  94304
Telephone:  (650) 813-4930
Facsimile:  (650) 813-4848

Thomas H. Lee II
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA  19103-2793
Telephone:  (215) 994-2994
Facsimile:  (215) 994-2222

*Attorneys for Defendant SmithKline Beecham
  Corporation d/b/a GlaxoSmithKline*

January 6, 2006

## **Certificate of Service**

I hereby certify that on January 6, 2006, I caused a true and correct copy of Defendants' Reply Brief in Support of Their Emergency Motion For An Order Holding Plaintiffs In Contempt, For Preservation Of Potentially Relevant Documents, And For An Accounting Of Spoliated Documents, together with accompanying exhibits, to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456.

_____/s/ Ronald G. Dove, Jr._____