UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>This Document Relates to:<br><br>*People of the State of New York v. Aventis, Inc.*, C.A. No. 1:05-873 (N.D.N.Y.)<br><br>*People of the State of New York v. GlaxoSmithKline, P.L.C., et al.*, C.A. No. 1:05-874 (N.D.N.Y.)<br><br>*People of the State of New York v. Pharmacia Corp.*, C.A. No. 1:05-872 (N.D.N.Y.) | MDL No. 1456<br>Civil Action No. 0l-12257-PBS<br>The Honorable Patti B. Saris |

**THE PEOPLE OF THE STATE OF NEW YORK'S MEMORANDUM OF REASONS IN OPPOSITION TO DEFENDANTS' MOTION FOR CONSOLIDATED BRIEFING ON THE PENDING STATE MOTIONS TO REMAND**

Plaintiff, The People of the State of New York, by its attorney, Eliot Spitzer, Attorney General of the State of New York, submits this Memorandum of Reasons in Opposition to Defendants' Motion for Consolidated Briefing on the Pending State Motions to Remand. For the reasons set forth below, this Court should deny defendants' motion.[1]

In yet another transparent attempt to delay resolution of Plaintiff's motion to remand and to impede the overall progress of these actions, defendants ask this Court to order complete rebriefing of the remand issues, even though the parties more than adequately briefed these issues

---

[1] By submitting these papers, Plaintiff does not waive any objections it may have to defendants' improper removal of these actions or to the court's subject matter jurisdiction.

only a few months ago in the Northern District of New York.  Defendants mistakenly claim that full rebriefing will be more efficient, will conserve judicial resources and will better focus the arguments in light of all the relevant caselaw.  In further support of their request for total rebriefing, defendants urge this Court to adopt an approach that it took in an April 8, 2005 hearing where this Court asked the parties to update a very old and essentially useless set of briefs.  However, this Court noted that "I don't want to sit and parse through a very old set of briefs that really are two years out of date in terms of what I've written and where the case law is." *See* Transcript of April 8, 2005 Hearing at 5.  That scenario is far different than the present situation in which the parties submitted comprehensive briefs concerning the remand issues in August 2005.  Accordingly, defendants' request for rebriefing should be denied because the parties have fully and adequately briefed the remand issues and because the supplemental applicable caselaw that Plaintiff has submitted so conclusively supports Plaintiff's motion for remand that additional briefing would be an unnecessary expenditure of resources.

In addition, defendants erroneously maintain that a single, updated brief is necessary because recent decisions "are addressed in a hodge-podge of as many as a [sic] four rounds of supplemental briefs."  Defs. Motion at 3.  With respect to the New York actions, there were not "four rounds of supplemental briefs."  As each federal district court granted the various states' remand motions, Plaintiff simply provided the Northern District of New York with a copy of the opinion accompanied by a short cover letter.  Moreover, attached to a December 23, 2005 letter to Your Honor, Plaintiff provided this Court with one complete package of all five federal district court remand decisions.  Thus, contrary to defendants' statement, there is no "morass of supplemental filings" for this Court to sift through.  Defs. Motion at 4.

Furthermore, plaintiff is equally perplexed by defendants' exaggerated reference to the "highly fragmented" record before this Court, consisting of "as many as four supplemental notices of authority and responses thereto...." Defs. Motion at 2. Plaintiff is unaware of any responses defendants made to Plaintiff's submissions to the Northern District. Similarly, defendants wrongly assert that each of the federal court remand decisions "prompted supplemental briefing in the cases that remained in federal court." Defs. Motion at 3. No supplemental briefing took place in the New York actions. Although Plaintiff promptly provided Judge Mordue with each of the federal court remand decisions, defendants, despite having ample time and opportunity, never sought to submit a supplemental brief before transfer to this Court.[2]

As fully addressed in the original remand briefs, defendants' attempt in July 2005 to remove these actions for a second time to federal court was procedurally defective and untimely. Every federal district court judge that has decided this issue - Judge Crabb in the Western District of Wisconsin, Judge Magnuson in the District of Minnesota and Judge Sanchez in the Eastern District of Pennsylvania - has ruled that defendants' re-removal was untimely, and no amount of rebriefing or consolidated briefing will change that outcome. In fact, even the district court case defendants cite, *County of Santa Clara v. Astra USA, Inc.*, 2005 WL 3282245 (N.D. Cal. Dec. 2, 2005), a non-average wholesale price lawsuit, explicitly recognized that defendants' removals in the Wisconsin and Minnesota average wholesale price actions had been "procedurally defective and provided an independent and adequate reason to remand to state court." Therefore, there is simply no need to rebrief the timeliness issue, and this Court could, and should, remand on this

---

[2] Even though Judge Mordue had not granted defendants' motion for a stay of Plaintiff's remand motion pending the Judicial Panel on Multidistrict Litigation's transfer decision, defendants did not seek further briefing as the weight of authority mounted against them.

independent ground alone.

Defendants also argue that *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 125 S. Ct.2363 (2005), represents a development in the law and, therefore, rebriefing is necessary to address those drug pricing decisions that have interpreted *Grable*. In the original papers on Plaintiff's remand motion, the parties fully analyzed *Grable's* impact, and there is no need to cover the same territory again. Furthermore, the several cases that have already held that *Grable* does not provide a basis for federal question jurisdiction over state law claims relating to average wholesale price may easily be absorbed and applied to Plaintiff's remand motion. Thus, there is no need to rebrief to "better focus the arguments."

Finally, defendants have utterly failed to offer any compelling reason why wholesale, or any, rebriefing is necessary for this Court to decide Plaintiff's motion to remand. No "unique circumstances" exist that would justify rebriefing. *See Crittenden v. Children's Hospital of Buffalo and Paul Palombo*, 2004 U.S. Dist LEXIS 12944 (W.D.N.Y. 2004)(rebriefing permitted where plaintiff's death and striking of plaintiff's affidavit on summary judgment motion necessitated fresh analysis of evidentiary record); *Nextel Communications of the Mid-Atlantic, Inc. v. Town of Randolph*, 193 F. Supp.2d 311 (D. Mass. 2002)(Saris, J.)(case remanded due to inadequate factual record and, if matter not resolved on remand, court will allow rebriefing). Here, rebriefing would only further delay the disposition of Plaintiff's remand motion.

## CONCLUSION

For the foregoing reasons, defendants' motion should be denied in all respects.

January 9, 2006                              Respectfully Submitted,

                                             ELIOT SPITZER
                                             Attorney General of the State of New York
                                             By: /s/ Rose Firestein
                                             ROSE FIRESTEIN
                                             Assistant Attorney General
                                             Consumer Frauds Bureau
                                             120 Broadway, 3rd Floor
                                             New York, New York 10271
                                             (212) 416-8306 (telephone)
                                             (212) 416-6003 (facsimile)
                                             Rose.Firestein@oag.state.ny.us

### CERTIFICATE OF SERVICE

I, Carol Hunt, an attorney, hereby certify that on this 9th day of January, 2006, I caused a copy of The People of the State of New York's Memorandum of Reasons in Opposition to Defendants' Motion for Consolidated Briefing on the Pending State Motions to Remand, to be served on all counsel of record, by electronic service.

                                             /s/ Carol Hunt
                                             Carol Hunt