## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: LUPRON® MARKETING AND SALES PRACTICES LITIGATION | ) ) ) | MDL No. 1430 |
| | | Master File No. 01-CV-10861 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) | Judge Richard G. Stearns |

## MDL PLAINTIFFS' RESPONSE REGARDING PURPORTED "EXCLUSIONS" BY
## IDAHO, ILLINOIS, KENTUCKY, WISCONSIN, MINNESOTA AND PENNSYLVANIA

EXHIBIT

2

## I.   **INTRODUCTION**

In the United States, offices of the Attorneys General for the sovereign states bear significant duties and corresponding powers to protect consumer interests and act as chief law enforcement officers. Along with these critical roles, attorneys general also typically act as the state's lawyer in safeguarding the corporate interests of the state itself. These powers are uncontested.

This response to the purported exclusions filed by the Attorneys General for the states of Idaho, Illinois, Kentucky, Minnesota, Pennsylvania and Wisconsin in no way attacks or seeks to undermine these fundamental powers and duties. Instead, this response shows that on the state corporate interest side, the exclusions are simply procedurally defective because the exclusions fail to identify the name of the third party payer entities for which exclusion is sought. In this regard, while no good cause has been shown for non-compliance with this Court's orders, short leave to allow these six States to comply with this Court's orders is appropriate.

As to the six Attorneys General ("AGs") purported exclusions of the claims of state "residents", "citizens" and/or "employees", no such power exists. Indeed, the submission made on behalf of Idaho, Illinois and Kentucky shows that, despite the plain wording of the exclusion documents, the AGs apparently *do not* contend that they seek to opt-out of the proposed settlement class any of the claims of "residents", "citizens" and/or "employees." This is consistent with the undertaking these same AGs made when they expressly acknowledged their inability to represent Lupron purchasers and insurers four years ago in the 2001 Government Settlement. Nevertheless, the plain language of the exclusions engenders confusion, and thus to the extent that the plain language of the notices of exclusion filed by the state AGs suggest this ability exists, in order to protect the benefits of this settlement, as well as in constitutional

substantive and due process, the six AGs' purported exclusions as to "residents", "citizens"

and/or "employees" must be stricken.

## II.   BACKGROUND

### A.   In 2001, The Attorneys General Of These Six States Settled Their States' Medicaid Claims With Regard To The Conduct Alleged In This Action.

In September 2001, the United States entered into a Settlement Agreement and Release

with TAP pursuant to which TAP agreed to plead guilty to one count of conspiring to violate the

Prescription Drug Marketing Act, 21 U.S.C. §§ 333(b) and 331(t) and to pay a total of

$585,000,000 (plus interest in the amount of $96,164.38) to the United States as well as

participating States (the "Government Settlement"), including all six States which have filed

Notices of Exclusion to the proposed Settlement. *See* Settlement Agreement and Release, Ex. 1.

In connection with that agreement, the fifty states and the District of Columbia, including the six

states executed a separate Settlement Agreement and Release with TAP to resolve claims on

behalf of their Medicaid agencies.  Pursuant to those agreements, TAP paid a total of

$25,516,440 (plus interest in the amount of $4194.48) to settle the Medicaid claims. *See* Ex. 1

¶¶ 1(A) and 1(B).

Further, in connection with the Settlement Agreement and Release with TAP, the States,

including these States, each entered into separate settlement agreements with TAP.  The

settlement agreements each provided:

> In consideration of this Agreement and payment set forth
> herein . . . the state, . . . *on behalf of itself, its officers, agents,*
> *agencies and departments* shall release and forever discharge
> TAP . . . from any civil or administrative claims for damages or
> penalties that the State . . . has or may have relating to the Covered
> Conduct . . . .  The payment of the Settlement Amount fully
> discharges TAP from any obligation to pay Medicaid-related
> restitution, damages, and/or any fine or penalty to the State for the
> Covered Conduct.

2

*See* State Settlement Agreement and Release ¶ 2 (emphasis added) entered into by Idaho, Illinois,

Kentucky, Minnesota, Pennsylvania, Wisconsin, *See* Appendix to MDL Plaintiffs' Response

Regarding Purported "Exclusions" by State Attorneys General ("Append."), No. 2-7.

Importantly, the agreement also had a provision in which each State acknowledged that it did not

"have the authority to release TAP from any claims or actions which may be asserted by private

payors or insurers." *Id.* ¶ 14.[1]

## B.      Nearly Three Years After This Action Was Filed, These State AGs Began Filing Their Cases.

On May 18, 2001, this action was filed. Nearly three years later, the Commonwealth of

Pennsylvania filed a case against TAP on March 10, 2004. *See* Civil Action Complaint in

*Commonwealth of Pennsylvania v. TAP Pharmaceutical Prods., Inc.*, *et al.*, No. 212 M.D. 2004

(Commonwealth Court of Pennsylvania), Append. No. 8. The state court dismissed the

Commonwealth's first complaint because the Commonwealth failed to plead its claims with the

requisite particularity. The Commonwealth recently filed an amended complaint that is currently

the subject of another motion to dismiss. Thereafter, the State of Wisconsin filed its action on

June 3, 2004. That Complaint was amended to add claims against TAP on November 1, 2004.

*See* First Am. Compl. in *State of Wisconsin v. Amgen, Inc., et al.*, No. 04-CV-1709 (Dane

County District Court), Append. No. 9. On November 14, 2004, the Commonwealth of

Kentucky filed a Complaint that included claims against TAP. *See* Complaint filed in

*Commonwealth of Kentucky v. Alpharma, Inc., et al.*, No. 01-CI-1487 (Franklin Circuit Court),

Append. No. 10. On February 16, 2005, the State of Illinois filed its case. *See* Complaint for

Injunctive and Other Relief filed in *People of the State of Illinois v. Abbott Labs., et al.*, No. 05

---

1   Although the agreements were drafted such that TAP (and not the States) made this acknowledgement, it is logical to assume that the States agreed with this statement or would have indicated otherwise or not signed the agreements.

3

CH 2474 (Circuit Court of Cook County), Append. No. 11. The States of Idaho and Minnesota have not sued TAP. A chart depicting the chronology of the various state filings in relation to the date of the MDL Settlement is attached hereto as Exhibit A.

### C.   The Attorneys General of Wisconsin, Kentucky, and Illinois Filed Objections To The MDL Settlement That They Have Subsequently Withdrawn.

On March 15, 2005, the Attorneys General of Wisconsin, Kentucky and Illinois filed objections to the MDL settlement. *See* Objection of the Attorneys General of Wisconsin, Kentucky, and Illinois to Final Approval of the Class Settlement Agreement and Notice of Intention to Appear at the April 13, 2005 Fairness Hearing. Those AGs specifically reserved their right to subsequently withdraw their objection. *Id.* at 3. On March 28, 2005, they did so.

### D.   The Attorneys General of Idaho, Illinois, Kentucky, Minnesota, Pennsylvania and Wisconsin File Notices of Exclusion

On March 28, 2005, the Attorneys General for the States of Idaho, Illinois, Kentucky and Wisconsin filed Notices of Exclusion purportedly on their own behalf, as well as on behalf of their "citizens," "residents," and/or "employees." Similarly, on April 1, 2005, the Attorneys General for the States of Minnesota and Pennsylvania filed Notices of Exclusion purportedly on behalf of their States and citizens.

### E.   In Response To This Court's March 31, 2005 Order, The States Of Idaho, Illinois, Kentucky and Wisconsin Have Indicated They Do Not Seek To Exclude Their Consumer Citizens or Citizen Third Party Payors ("TPPs")

On March 31, 2005 this Court ordered Illinois, Kentucky, and Wisconsin to identify the "legal basis for invoking the rights of their citizens and/or employees . . .." In response, Illinois, Kentucky, and Wisconsin filed papers stating that they do not seek to opt out consumer or TPP class members of their respective states. *See* Memo. of the Attorneys General of Illinois, Kentucky, and Wisconsin in Resp. to the Court's Mar. 31, 2005 Order (Apr. 8, 2005) ("AG Response Memo"), at 4; Idaho Letter to Court dated April 8, 2005 ("Idaho Letter") at 2. In

4

addition, they acknowledged their 2001 release of the claims of their state Medicaid agencies as

part of the Government Settlement. *See* AG Response Memo., at 2 n.2; Idaho Letter, at 2 n.2.

## III.   ARGUMENT

### A.   The Purported State Exclusions On Behalf Of Their State Agencies Are Non-Compliant But Might Be Cured.

In its November 24, 2004 order preliminarily approving the MDL settlement, this Court

set forth the method by which class members could exclude themselves from this settlement.

Pursuant to that Order, a Lupron Purchaser Class Member must "mail a written notice of

exclusion . . . and clearly state the following: the name, address, taxpayer identification number,

telephone number and fax number (if any) of the individual or entity that wishes to be excluded

from the nationwide Lupron® Purchaser Class as well as the time period during which the class

member made Lupron® Purchases." November 24 Order at 9-10. Among other things, this

information is important to help identify the nature of the exclusion and on whose behalf it is

submitted. If a class member fails to do so, this Court provided that:

> any member of the nationwide Lupron® Purchaser Class that does
> not properly and timely mail a notice of exclusion as set forth
> above shall be automatically included in the nationwide Lupron®
> Purchaser Class and shall be bound by all the terms and provisions
> of the Class Agreement and the Settlement and the Final Order and
> Judgment, whether or not such member of the nationwide Lupron®
> Purchaser Class shall have objected to the Settlement and whether
> or not such member of the nationwide Lupron® Purchaser Class
> makes a claim upon or participates in the Class Settlement Fund.

*Id.* at 11.

The Attorneys' General's Notices of Exclusion do not comply with the requirements

established by this Court and there is no good cause for the failure. A chart outlining the content

of each State's request for exclusion is attached as Exhibit B hereto. Because they did not

comply with that order, neither the parties nor this Court can determine which state claims the

5

Attorneys' General seek to exclude.[2] Instead, the Attorneys General of Illinois, Wisconsin, and

Kentucky state that they cannot quantify the amount of damages of their agencies because

discovery in their actions is in the initial stages. *See* AG Response Memo, at 6 n.5. This hardly

means that they cannot identify the agencies that may have claims.

In the interest of comity and to provide the Attorneys General and the States they

represent more than adequate notice and due process, this Court may permit these state Attorneys

General a brief extension of time to amend their Notices of Exclusion to comply with the Court's

Order and to identify the entities opting out of this Class. If those AGs fail to comply after a

second chance, the Notices of Exclusion should be stricken.[3]

## B. The Purported Exclusion of Claims of State Citizens Must Be Stricken Because As Matter of Law Opt-Outs On A Representative Basis Violate Fed. R. Civ. P. 23 And Principles Of Due Process.

The Attorneys General of Idaho, Illinois, Kentucky and Wisconsin have recently

confirmed that they may not exclude their citizens or third party payors ("TPP") who are

residents of their state from the Class (*see* AG Response Memo, at 4; Idaho Letter, at 2).[4] Their

concession makes sense because, to the extent the plain language of their notices indicates they

seek to exclude the claims of state residents, citizens, and/or employees, they violate Fed. R. Civ.

P. 23 and principles of due process. However, Pennsylvania and Minnesota appear to contend

---

[2] Pennsylvania identified two entities to exclude: PACE and PETBF.

[3] If, for example, the States file amended notices stating that they intended to exclude their Medicaid agencies, the claims of which they released in the Government Settlement, this Court should strike those notices, even as amended, under the doctrine of judicial estoppel. *See Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.2d 23, 25 (1st Cir. 2004); *Patriot Cinemas, Inc. v. General Cinema Corp.*, 874 F.2d 208, 212 (1st Cir. 1987) (Judicial estoppel or doctrine of "preclusion of inconsistent positions" "should be employed when a litigant is 'playing fast and loose with the courts,' and the 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.") (citations omitted) (holding plaintiff's prior representation in state court that it would not prosecute state antirust count precluded plaintiff from prosecuting count in federal court).

[4] Because Pennsylvania and Minnesota did not file memoranda in response to this Court's March 31, 2005, we must assume that those States agree with the positions of the States who did make submissions to the Court.

6

that their respective Attorneys General seeks to exclude their consumer and TPP citizens.  Since

that position is contrary to settled law, and contrary to the positions of the other states, they must

be stricken.

Rule 23 requires courts to inform class members "that the court will exclude from the

class any member who requests exclusion, stating when and how members may elect to be

excluded."  Fed. R. Civ. P. 23(c)(2)(B).  The Advisory Committee Notes for Rule 23 make clear

that only an individual may submit a request for exclusion.  *See* Fed. R. Civ. P. 23, 2003

advisory committee's note ("Exclusion may be requested only by individual class members; no

class member may purport to opt out other class members by way of another class action.").  *See*

*also* Fed. R. Civ. P. 23, 1966 advisory committee note ("Even when a class action is maintained

under subdivision (b)(3), this *individual* interest is respected.  Thus the court is required to direct

notice to the members of the class of the right of each member to be excluded from the class

upon his request.") (emphasis added).

The Rule 23 requirements limiting exclusions to individual persons or entities are

supported by well-established principles of due process.  In *Phillips Petroleum Co. v. Shutts*, 472

U.S. 797 (1985), the Supreme Court made clear that due process required an absent plaintiff to

have the opportunity to choose to be excluded from class action certified under Fed. R. Civ. P.

23(b)(3).  *See id.* at 811-12 ("Additionally, we hold the due process requires at a minimum that

an absent plaintiff be provided with an opportunity to remove himself from the class by

executing and returning an 'opt out' or 'request for exclusion' form to the court.")  Based on

these bedrock principles, courts have refused to allow class representatives to submit exclusions

on behalf of a purported class.  *See Sloan v. Winn-Dixie Raleigh, Inc.*, 25 Fed. Appx. 197, No.

01-1410, 2002 U.S. App. LEXIS 863 (4th Cir. Jan. 22, 2002), at *3 ("class representatives

cannot opt out on behalf of other putative class members.") (citations omitted); *Hanlon v.
Chrysler Corp.*, 150 F.3d 1011, 1024 (9th Cir. 1997) ("The right to participate, or to opt-out, is
an individual one and should not be made by the class representatives or the class counsel")
(holding district court had properly refused to allow class representative to opt out of a
settlement on behalf of all Georgia consumers); *Berry Petroleum Co. v. Adams & Peck*, 518 F.2d
402, 411-12 (2d Cir. 1975) ("The decision regarding which of two classes a plaintiff wishes to
belong to is as important as the decision whether he will remain in a class or proceed on his own.
That decision must be made by the individual after notice of his options. . . . The attorneys for
the prospective class will be able to request exclusion from the certified class only for those
persons who specifically authorize them to do so.") (holding class counsel in state court action
could not opt yet-uncertified class out of another class action settlement); *In re Lease Oil
Antitrust Litig. (No. II)*, 186 F.R.D. 403, 442-43 (S.D. Tex. 1999) (refusing to allow class
representatives who had parallel state court proceedings pending to opt out of federal class action
on behalf of the classes they purported to represent in state court proceedings). *See also In re
Linerboard Antitrust Litig.*, 223 F.R.D. 357 (E.D. Pa. 2004) (upholding district court's Fed. R.
Civ. P. 60(b) motions for subsidiaries and affiliates who were involuntarily excluded from class
action by their parent corporations and where subsidiaries had not subsequently ratified
exclusion).

Indeed, consumer and TPP class members in Idaho, Illinois, Kentucky, Minnesota,
Pennsylvania and Wisconsin have already received notice of the settlement and have
independently exercised their rights to exclude themselves from the Class.[5]  No Idaho class
member has opted out.  Only six Illinois consumer class members, two Kentucky class members,

---

[5]   The deadline for class members to exclude themselves from the Class expired on April 1, 2005.

8

two Minnesota class members, twenty-five Pennsylvania class members, and three Wisconsin

class members have decided to exclude themselves from the Class.[6]  The remaining class

members in these States, by deciding not to opt out, continue as members of the Class.  *See., e.g.,*

*Reppert v. Marvin Lumber & Cedar Co.,* 359 F.3d 53, 56-57 (1st Cir. 2004).  Moreover,

although the date to submit proofs of claim does not expire until May 15, 2005, numerous

consumers from those states have already submitted proofs of claim.[7]  The Attorneys General

have no right or power to contravene these decisions of their citizens.

### C.    The Purported Exclusion of Claims of State Citizens Must Be Stricken Because the *Parens Patriae* Doctrine Does Not Give State AGs The Authority To Opt Out Their Citizens.

The Notices of Exclusion should also be stricken because the state attorneys general may

not opt out their citizens in their *parens patriae* capacity.  *Illinois ex rel. Hartigan v. Lann,* 587

N.E.2d 521 (Ill. App. 1992), a case cited by the Attorneys General of Wisconsin, Kentucky, and

Illinois, confirms the Attorneys General represent the State itself, not citizens thereof.  *See Lann,*

587 N.E. 2d at 534 ("We conclude that the availability of restitution does not create an attorney-

client relationship between the individual consumer and the Attorney General . . . .  The

relationship between the Attorney General and individual consumers pursuant to the Consumer

Fraud Act simply lacks traditional attributes of the attorney-client relationship, including:  a

mutual consent to enter the relationship.").

Indeed, for similar reasons several courts have held that attorneys general acting in their

*parens patriae* capacity do not have standing to object to a class action settlement where the

attorneys general were not parties to the underlying action.  *See, e.g., Hall v. Midland Grp.,* Civil

---

[6]  These numbers do not reflect all opt-outs submitted to date.

[7]  As of April 11, 2005, the number of consumers that have filed from the six states are:  Pennsylvania – 350, Illinois – 412, Wisconsin – 158, Idaho – 24, Minnesota – 115, and Kentucky – 68.

Action No. 99-3108, 2000 U.S. Dist. LEXIS 16751 (E.D. Pa. Nov. 17, 2000), at *17 n.5 ("it is

not at all clear that state attorneys general have standing to object on behalf of their residents as

*parens patriae*") (citing cases); *In re Real Estate Title & Settlement Servs. Antitrust Litig.*, MDL

Docket No. 633, 1986 U.S. Dist. LEXIS 24435 (E.D. Pa. June 10, 1986), at *21 n.5 (noting in

dicta that "Although the objecting states have standing to object to the settlement based on their

own purchases of title insurance and settlement services from the defendants, it is not at all clear

that they have standing to object on behalf of their residents as *parens patriae*."), *aff'd without

opinion*, 815 F.2d 695 (3d Cir. 1987), *cert. denied*, 485 U.S. 909 (1988).

The Wisconsin Attorney General does not have the authority to bring a *parens patriae*

action of any type. *See In re Estate of Sharp*, 217 N.W.2d 258, 260 (Wis. 1974) ("The attorney

general is devoid of the inherent power to initiate and prosecute litigation intended to protect or

promote the interests of the state or its citizens and cannot act for the state as *parens patriae*.")

(relying on Wis. Const. Artic. VI § 3). *See also In re Rusty Jones, Inc.*, 128 B.R. 1001, 1009

(N.D. Ill. 1991) (finding Wisconsin state officials lacked *parens patriae* standing to prosecute a

class action on behalf of citizens who suffered damages from breach of auto rust warranties).

Similarly, the Commonwealth of Pennsylvania may lack such authority. *See Lieberman v.

Howard Johnson's, Inc.*, No. 4168, 1973 Pa. D. & C. LEXIS 112, 69 Pa. D. & C.2d 179, 181

(Ct. Common Pleas June 29, 1973) (holding Attorney General's proposed intervention in class

action was seeking to "sue to protect the interests of specific individuals," which was

impermissible use of State's *parens* authority).

Moreover, even if the state AGs could use their *parens patriae* authority to opt out their

consumer citizens, they cannot opt out entities, like the TPPs. Standing as *parens patriae*, is

10

limited to cases brought to vindicate a "quasi-sovereign" interest,[8] and may only be brought on

behalf of "natural persons." *See, e.g., In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 514

(D. Mich. 2003) (stating that Attorneys General had filed complaints, *inter alia*, as *parens*

*patriae* "on behalf of *natural persons* in their collective States and their respective States' quasi-

sovereign interests in fair competition and the health of their citizenry, and/or in their sovereign

capacities") (emphasis added); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*,

MDL Docket No. 1361, 2003 U.S. Dist. LEXIS 12663 (D. Me., July 9, 2003) ("The Court finds

that the Attorneys General of each of the Plaintiff States have the *parens patriae* authority to

represent such *natural persons* within each of the Plaintiff States and have the authority to settle

and release all the Released Claims on behalf of such natural persons") (emphasis added).

Separate and apart from their lack of standing as *parens patriae*, itself, none of the six

States (except arguably Idaho) may recover on behalf of TPPs under the statutes under which

they have purport to assert claims. *See* Idaho Code § 48-602(1) (Idaho Attorney General make

seek to recover actual damages or restitution of money, property, or other things on behalf of

consumers but not persons, which would include TPPs);[9] 815 ILCS 505/1 (Illinois Attorney

General may bring action in the name of "the People of the State," but not on behalf of all

persons, which would include TPPs); KRS § 367.990(8) (Commonwealth may bring action on

behalf of itself, but not on behalf of all persons, which would include TPPs); Minn. Stat. § 8.31

(Minnesota Attorney General can "sue for and recover for the state," but recovery must be

deposited in State's general fund); 73 P.S. § 201-8(b) (Pennsylvania Attorney General may

recover on behalf of the Commonwealth, but not on behalf of persons, which would include

---

[8]   In *Alfred L. Snapp & Sons, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592 (1982) the Supreme Court defined a
quasi-sovereign interest by providing examples such as the abatement of a public nuisance, maintaining access to
public utilities and natural resources, and preventing violations of antitrust laws. *Id.* at 602.

[9]   In the Idaho Letter, Idaho's Attorney General asserts that it could represent TPPs. *See id.* at 2.

11

TPPs); and Wis. Stat. § 100.18(11)(a) (Wisconsin Attorney General may prosecute under consumer fraud act "in the name of the state").

## IV.   THIS COURT SHOULD ENTER AN ORDER CLARIFYING THE BASIS UPON WHICH THE ATTORNEYS GENERAL'S "OPT OUTS" ARE BEING PERMITTED

While the exclusions are remarkably vague, Plaintiffs recognize that Attorneys General may have additional claims which the Plaintiffs could not and do not purport to release. For example, some Attorneys General possess the power to seek injunctive relief and civil penalties pursuant to statute and their general police powers.

The State AGs bring actions (or apparently intend to bring actions) seeking injunctive relief and civil penalties. *See* AG Response Memo, at 2-3; Idaho Letter, at 2. *See also* Idaho Code § 48-606 (attorney general can recover civil penalties in the amount of $5,000 per violation but may also recover "actual damages or restitution of money, property or other things" on behalf of consumers); 815 ILCS 505/7 (restitution and civil penalties under consumer fraud statute); KRS § 367.190 (injunctive relief) and KRS § 367.990(2) (civil penalties of $2,000 per violation and $10,000 per violation where conduct was directed at consumer 60 or over under Consumer Protection Act); Minn. Stat. § 8.31 (injunctive relief); 73 P.S. § 201-4 (injunctions under unfair trade practices act) and 73 P.S. § 201-8(b) (civil penalties of $1,000 per violation and $3,000 per violation for conduct directed at consumers over 60 under consumer protection act); Wis. Stat. § 100.18 (injunctions for consumer fraud statute); Wis. Stat. § 133.05(4) (civil forfeitures limited to $25,000 for Trust and Monopolies Act).

Because the private lawsuits could not compromise such a law, Plaintiffs do not believe that the filing of notices of exclusion are required for these types of claims. This is a private settlement between private parties and does not and cannot seek to impinge upon the police powers of those States. However, because of the significant interest in clarifying the *res judicata*

12

effect of this settlement, and to cure any confusion caused by the filing of the state AG notices of exclusion, plaintiffs respectfully respect that this Court enter an order clarifying that this class settlement does not affect the right of state Attorneys General to bring law enforcement actions relating to the conduct covered by this settlement.

There is no chance for double recovery on behalf of the members of this Class because civil penalties are not compensatory, but are intended as punitive. *See, e.g., Riggs Nat'l Bank v. District of Columbia*, 581 A.2d 1229, 1257 (D.C. 1990) ("civil penalties are supposed to be punitive"); *People v. Bestline Products, Inc.*, 61 Cal. App. 3d 879, 916 (Cal. App. 1976) ("it is true that a civil penalty is identical in its purpose and monetary effect to a fine. Both are punitive exactions by the government from a person for misconduct imposed to deter such misconduct in the future."). This is also clear because civil penalties are ordinarily measured per violation rather than based on the amount of injury. For this reason, this Court should enter an order clarifying that, to the extent such powers survive the 2001 settlement agreements and the release of the rights of the class members in this settlement, the States maintain their police powers to prosecute actions relating to the conduct at issue in this settlement.

Dated: April 11, 2005                 Respectfully submitted,


                                      /s/ Thomas M. Sobol
                                      Thomas M. Sobol (BBO#471770)
                                      Edward Notargiacomo (BBO#567636)
                                      HAGENS BERMAN SOBOL SHAPIRO LLP
                                      One Main Street, 4th Floor
                                      Cambridge, MA 02142
                                      Telephone: (617) 482-3700
                                      Facsimile: (617) 482-3003

                                      **Plaintiffs' Liaison Counsel**

13

Joseph R. Saveri
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

David S. Stellings
Erik L. Shawn
LIEFF CABRASER, HEIMANN &
BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024

Lisa M. Mezzetti
Donna F. Solen
COHEN, MILSTEIN, HAUSFELD
  & TOLL, PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3964

Jeffrey L. Kodroff
John A. Macoretta
SPECTER ROSEMAN & KODROFF
1818 Market Street, Suite 2500
Philadelphia, PA 19103

**Class Plaintiffs' Co-Lead Counsel**

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing upon all

counsel of record electronically pursuant to Section III of Case Management Order No. 2 to

Intervenors' Counsel by facsimile and to all objectors by overnight delivery.

By: /s/ Edward Notargiacomo
Edward Notargiacomo
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Telephone: 617-482-3700
Facsimile: 617-482-3003

15

# EXHIBIT A

**In Re Lupron Marketing and Sales Practices Litigation**

**Chronology of Litigation by State Attorneys General
Claiming Exclusion from MDL Settlement[1]**

| | |
|---|---|
| **May 18, 2001** | **MDL Plaintiffs' Sue TAP** |
| March 10, 2004 | Pennsylvania Sues TAP |
| June 3, 2004 | Wisconsin Sues TAP |
| **October 12, 2004** | **MDL Settlement Announced** |
| November 4, 2004 | Kentucky Sues TAP |
| February 1, 2005 | Pennsylvania Suit Dismissed |
| February 7, 2005 | Illinois Sues TAP |
| March 8, 2005 | Pennsylvania Amends Complaint |
| | Idaho has not sued TAP |
| | Minnesota has not sued TAP |

---

[1] Approximately 15 other state Attorneys General have filed AWP-related lawsuits but have not named TAP as a defendant.

# EXHIBIT B

**In Re: Lupron Marketing and Sales Practices Litigation**

**EXCLUSIONS FILED BY SIX STATE ATTORNEYS GENERAL**

| | | |
|---|---|---|
| **Illinois** | None specified | "(1) all claims of the State of Illinois, its agencies, and employees, including but not limited to all claims asserted by the Attorney General for injunctive relief, damages, restitution, penalties, fees, and costs in the case entitled *People of the State of Illinois v. Abbott Laboratories et al.*"<br><br>"(2) all claims for injunctive relief, penalties, fees, and costs in the case above referenced case" |
| **Kentucky** | None specified | "All claims possessed by the Commonwealth of Kentucky on behalf of itself or its citizens." |
| **Wisconsin** | None specified | "All claims processed by the State of Wisconsin on behalf of its citizens, its residents, or its employees." |
| **Idaho** | None specified | "All claims possessed by the State of Idaho on behalf of itself, its citizens, its residents, or its employees." |
| **Minnesota** | None specified.<br><br>Filed exclusion specifies an amount paid for Lupron in the years 2000-2001 but does not specify the state programs or state related entities to which the figure relates. | "On behalf of the State's departments, bureaus and agencies of the State as injured purchasers and/or reimbursers of prescription drugs, like Lupron®, and as representative of, and as *parens patriae* on behalf of the citizens of Minnesota." |
| **Pennsylvania** | The exclusion form specifies an amount paid for Lupron in the 2000-2001 time period and notes "This number represents an estimate for two (but not all) of the largest Pennsylvania programs, PACE and PEPTF, for which data is readily available." | "On behalf of the Commonwealth's departments, bureaus and agencies of the Commonwealth as injured purchasers and/or reimbursers of prescription drugs, like Lupron®, and as representative of, and as *parens patriae* on behalf of the citizens of Pennsylvania." |

## CERTIFICATE OF SERVICE

Lisa Mecca Davis certifies that she caused a copy of the foregoing Motion to be served on counsel named below, by e-mail to the indicated e-mail address(es), this 21st day of November, 2005:

| | |
|---|---|
| Justin S. Antonipillai | justin_antonipillai@aporter.com |
| Daniel F. Attridge | dattridge@kirkland.com |
| Anita B. Bapooji | bapooji@tht.com; abapooji@goodwinprocter.com |
| Steven F. Barley | SFBarley@hhlaw.com |
| Jessica V. Barnett | jbarnett@foleyhoag.com |
| Mark A. Berman | mberman@gibbonslaw.com |
| Steve W. Berman | steve@hagens-berman.com; steve@hbsslaw.com |
| Adelina O. Berumen | adelina.berumen@doj.ca.gov |
| Aimee E. Bierman | abierman@klng.com |
| Brandon L. Bigelow | brandon.bigelow@bingham.com |
| Scott A. Birnbaum | birnbaum@birnbaumgodkin.com |
| Sam B. Blair, Jr. | sblair@bakerdonelson.com |
| James J. Breen | jbreen@breenlaw.com |
| Julie B. Brennan | jbrennan@manchelbrennan.com |
| Douglas S. Brooks | dbrooks@klhboston.com |
| James C. Burling | james.burling@wilmerhale.com |
| David J. Burman | dburman@perkinscoie.com; lmrogen@perkinscoie.com |
| William P. Campos | william.campos@sdma.com |
| James P. Carroll, Jr. | jcarroll@kmslaw.com |
| Eric P. Christofferson | echristofferson@ropesgray.com |
| Joanne M. Cicala | jcicala@kmslaw.com; |
| Toni-Ann Citera | tcitera@jonesday.com |
| Daniel J. Cloherty | dcloherty@dwyercollera.com |
| Jonathan D. Cohen | cohenjo@gtlaw.com; champagnew@gtlaw.com |
| Jeremy P. Cole | jpcole@jonesday.com |
| Jennifer F. Connolly | jfconnolly@wexlerfirm.com |
| Robert C. Cook | christophercook@jonesday.com; jmhelm@jonesday.com |
| Richard M. Cooper | rcooper@wc.com |
| Michael R. Costa | costam@gtlaw.com |
| Richard J. Costa | rcosta@law.nyc.gov |
| Paul J. Coval | pjcoval@vssp.com |
| Wayne A. Cross | wcross@whitecase.com |
| William A. Davis | wadavis@mintz.com |
| Michael DeMarco | mdemarco@klng.com |
| Merle M. Delancey, Jr | DelanceyM@dsmo.com |

Stephen R. Delinsky                srd@escm.com
Sheryl L. Dickey                   sdickey@whitecase.com
John C. Dodds                      jdodds@morganlewis.com
Lloyd Donders                      ldonders@kmslaw.com
Rebecca L. Dubin                   rebecca_dubin@aporter.com
Paul K. Dueffert                   pdueffert@wc.com
Thomas E. Dwyer, Jr.               tdwyer@dwyercollora.com
Steven M. Edwards                  SMEdwards@HHlaw.com
Jacob T. Elberg                    jelberg@dwyercollora.com
Douglas Farquhar                   dbf@hpm.com
David D. Fauvre                    david_fauvre@aporter.com
Dennis T. Fenwick                  Dennis.Fenwick@doj.ca.gov
Jack E. Fernandez                  jfernandez@zuckerman.com
Margo Ferrandino                   mferrandino@kayescholer.com
Elizabeth S. Finberg               efinberg@sonnenschein.com
John P. Fisher                     john.fisher@doj.ca.gov
Timothy C. Foote                   timothy.foote@doj.ca.gov
Lucy Fowler                        lfowler@foleyhoag.com
Brian V. Frankel                   Brian.Frankel@doj.ca.gov
Siobhan A. Franklin                Siobhan.Franklin@doj.ca.gov
Jeremiah Frei-Pearson              jfrei@kayescholer.com
Anthony A. Froio                   aafroio@rkmc.com
Michael J. Gallagher               mgallagher@whitecase.com
Nancy F. Gans                      nfgans@aol.com
Peter E. Gelhaar                   peg@dcglaw.com
Evan Georgopoulos                  georgopoulose@gtlaw.com; kaikaia@gtlaw.com
Suzanne B. Giorgi                  Suzanne.Giorgi@doj.ca.gov
David M. Glynn                     dglynn@klng.com
Mark D. Godler                     mgodler@kayescholer.com
Karen F. Green                     karen.green@wilmerhale.com
Gary R. Greenberg                  greenbergg@gtlaw.com
Erik Haas                          ehaas@pbwt.com; cbelanger@pbwt.com
Elizabeth I. Hack                  ehack@sonnenschein.com
Donald E. Haviland                 donald.haviland@klinespecter.com;
                                   kathleen.spurka@klinespecter.com
Joseph Ernest Haviland             jhaviland@dwyercollora.com
James Vincent Hayes                jhayes@wc.com
Samuel D. Heins                    heins@heinsmills.com
George B. Henderson                george.henderson2@usdoj.gov;
                                   janice.zaniboni@usdoj.gov
Colleen M. Hennessey               chennessey@peabodyarnold.com
Thomas J. Hennessey                thomas.hennessey@bingham.com
Nicola R. Heskett                  nheskett@shb.com
Theodore M. Hess-Mahan             ted@shulaw.com
Andrew L. Hurst                    ahurst@reedsmith.com
Bernabe A. Icaza                   bernabe_icaza@oag.state.fl.us
Marisa L. Jaffe                    mjaffe@nixonpeabody.com

Colin R. Kass                   ckass@kirkland.com; Kewing@kirkland.com;
                                kmarch@kirkland.com; pbryan@kirkland.com
Steven A. Kaufman               skaufman@ropesgray.com
Michelle W. Kesselman           mkesselman@kayescholer.com
John A. Kiernan                 jkiernan@bktc.net
Jeffrey S. King                 jking@king.com
Terry Klein                     tklein@lawtk.com
Joseph L. Kociubes              joe.kociubes@bingham.com
Michael L. Koon                 mkoon@shb.com; whartman@shb.com
Seth B. Kosto                   seth.kosto@hklaw.com; mlynch@cov.com;
                                matthew.oconnor@hklaw.com;
                                frederick.herold@dechert.com
Daniel Kovel                    dkovel@kmslaw.com
Brian D. Ledahl                 bledahl@irell.com
William F. Lee                  william.lee@wilmerhale.com
Ralph T. Lepore, III            rlepore@hklaw.com
Adam S. Levy                    adamslevy@comcast.net
Bruce A. Levy                   blevy@gibbonslaw.com
Frank A. Libby, Jr.             falibby@klhboston.com
Robert S. Litt                  robert_litt@aporter.com
Melissa M. Longo                longo@birnbaumgodkin.com
John Rudolf Low-Beer            jlowbeer@law.nyc.gov
Susan E. MacMenamin             smacmenamin@heinsmills.com;
                                jwestmoreland@heinsmills.com
James W. Matthews               jwmatthews@sherin.com; jrossi@sherin.com
Kirsten V. Mayer                kmayer@ropesgray.com
S. Elaine McChesney             elaine.mcchesney@bingham.com
Andrew R. McConville            amcconville@eckertseamans.com
Robert J. McCully               rmccully@shb.com
Jennifer H. McGee               jmcgee@shb.com
Kevin M. McGinty                kmcginty@mintz.com
Kathleen H. McGuan              kmcguan@reedsmith.com
Hugh E. McNeely                 hugh@hbsslaw.com
Joseph M. Meadows               joseph_meadows@aporter.com
Jill Brenner Meixel             jbm@dcglaw.com
Adam D. Miller                  amiller@elllaw.com
Darrell A.H. Miller             dahmiller@vssp.com
Mary S. Miller                  mary_miller@oag.state.fl.us
Anthony M. Moccia               amoccia@eckertseamans.com
John T. Montgomery              jmontgomery@ropesgray.com
Saul P. Morgenstern             smorgenstern@kayescholer.com
James P. Muehlberger            jmuehlberger@shb.com
Robert J. Muldoon, Jr.          rjmuldoon@sherin.com
Mary B. Murrane                 mary.murrane@bingham.com
David S. Nalven                 davidn@hbsslaw.com
Edward Notargiacomo             ed@hagens-berman.com
Brien T. O'Connor               boconnor@ropesgray.com

3

| | |
|---|---|
| Kathleen M. O'Sullivan | kosullivan@perkinscoie.com |
| Paul Olszowka | polszowka@whitecase.com |
| A. John Pappalardo | pappalardoj@gtlaw.com |
| Jane W. Parver | jparver@kayescholer.com |
| Mona M. Patel | mona.patel@hklaw.com |
| Nicholas N. Paul | nicholas.paul@doj.ca.gov |
| Gregory M. Petouvis | gmpetouvis@hhlaw.com |
| Zoe Philippides | ZPhilippides@perkinscoie.com; CSchleh@perkinscoie.com |
| Anthony C. Porcelli | aporcelli@jenner.com |
| Brian T. Rafferty | rafferty@dsswlaw.com |
| Ronald J. Ranta | ron@f-r-law.com |
| Richard D. Raskin | rraskin@sidley.com |
| Jonathan T. Rees | JTRees@hhlaw.com |
| Tina D. Reynolds | ReynoldsT@dsmo.com |
| Ira N. Richards | IRichards@trrlaw.com |
| Richard J. Riley | RRiley@murphyriley.com |
| Philip D. Robben | probben@kelleydrye.com |
| Douglas L. Rogers | dlrogers@vssp.com |
| Gary M. Ronan | gronan@goulstonstorrs.com |
| Daniel E. Rosenfeld | drosenfeld@kl.com |
| Rheba Rutkowski | rheba.rutkowski@bingham.com |
| David M. Ryan | dryan@nixonpeabody.com |
| Kenneth A. Sansone | ksansone@goulstonstorrs.com |
| Thomas J. Sartory | tsartory@goulstonstorrs.com |
| Joseph R. Saveri | jsaveri@lchb.com |
| Louis J. Scerra, Jr. | scerral@gtlaw.com |
| Andrew D. Schau | adschau@pbwt.com; cbelanger@pbwt.com |
| Lori A. Schechter | lschechter@mofo.com |
| Paul S. Schleifman | pschleifman@shb.com |
| William S. Schneider | will.schneider@doj.ca.gov |
| Mark D. Seltzer | mseltzer@hklaw.com |
| John D. Shakow | jshakow@kslaw.com |
| Jonathan Shapiro | jshapiro@sswg.com |
| Darcy W. Shearer | dshearer@ropesgray.com |
| Robert P. Sherman | rsherman@nixonpeabody.com |
| Charles C. Sipos | csipos@perkinscoie.com |
| Eliseo Z. Sisneros | Eliseo.Sisneros@doj.ca.gov |
| D. Jacques Smith | smith.jacques@arentfox.com |
| Mark D. Smith | smith@laredosmith.com |
| Thomas M. Sobol | tom@hbsslaw.com |
| Charles L. Solomont | carl.solomont@bingham.com |
| Robert R. Stauffer | rstauffer@jenner.com |
| Scott A. Stempel | sstempel@morganlewis.com |
| Benjamin M. Stern | benjamin.stern@wilmerhale.com |
| Jonathan L. Stern | jonathan_stern@aporter.com |
| Tina M. Tabacchi | tmtabacchi@jonesday.com |

| | |
|---|---|
| Thomas A. Temmerman | Tom.Temmerman@doj.ca.gov |
| Nicholas C. Theodorou | ntheodor@foleyhoag.com |
| Elizabeth A. Thomas | athomas@ropesgray.com |
| Mark S. Thomas | mark_thomas@oag.state.fl.us |
| John M. Townsend | adkins@hugheshubbard.com |
| John W. Treece | jtreece@sidley.com |
| Lyndon M. Tretter | Lmtretter@hhlaw.com |
| James M. Vant | vantj@gtlaw.com |
| Peter J. Venaglia | venaglia@dsswlaw.com |
| Bruce A. Wessel | bwessel@irell.com |
| Kenneth A. Wexler | kawexler@wexlerfirm.com |
| Brian L. Williams | bwilliams@heinsmills.com |
| Jesse A. Witten | jawitten@jonesday.com |
| David R. Woodward | dwoodward@heinsmills.com |
| Rachel H. Yarkon | MAODMA@KAYESCHOLER.COM |
| Joseph H. Young | JHYoung@hhlaw.com |
| Pamela A. Zorn | pazorn@sherin.com |

Further, the following counsel were served by first-class mail, proper postage prepaid, this 21st day of November, 2005:

| | |
|---|---|
| Peter D. St. Phillip, Jr.<br>Lowey, Dannenbert, et al.<br>One N. Lexington Ave.<br>White Plains, NY 10601 | Robert A. White, Esq.<br>Morgan, Lewis, etc.<br>502 Carnegie Ctr.<br>Princeton, NH 08540 |
| Kelly J. Davidson, Esq.<br>Ober, Kaler, et al.<br>120 E. Baltimore St.<br>Baltimore, MD 21202 | The City of New York<br>100 Church St.<br>Rm. 3-162<br>New York, NY 10007 |
| Frederick G. Herold, Esq.<br>Dechert, LLP<br>1717 Arch St.<br>Philadelphia, PA 19103 | James A. Quadra, Esq.<br>Mascone, Emblidge, etc.<br>180 Montgomery St.<br>San Francisco, CA 94104 |
| Jeffrey L. Kodroff, Esq.<br>Spector & Roseman<br>1818 Market St.<br>Philadelphia, PA 19103 | B.J. Wade, Esq.<br>Glassman, Edwards, et al.<br>26 N. Second St.<br>Memphis, TN 38103 |

Lisa Mecca Davis

5