UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | MDL No. 1456<br><br>Master File No. 01-CV-12257-PBS |
| **THIS DOCUMENT RELATES TO:**<br>*The State of Florida, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Alpharma, Inc., et al.*,<br>C.A. No. 05-CV-11795-PBS | Judge Patti B. Saris |

**BRIEF OF *AMICI CURIAE* IN OPPOSITION TO
MOTION BY STATE OF FLORIDA AND VEN-A-CARE TO
PARTICIPATE IN JANUARY 27TH HEARING REGARDING REMAND**

Mylan Laboratories Inc., Mylan Pharmaceuticals Inc., Novopharm, Ltd., Teva Pharmaceutical Industries Ltd., Teva Pharmaceutical USA, Watson Pharmaceuticals, Inc., and its subsidiary Schein Pharmaceutical, Inc. (now known as Watson Pharma, Inc.) (collectively, the "*Mylan* Defendants"),[1] defendants in the action entitled *The State of Florida, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Mylan Laboratories Inc., et al.,* C.A. No. 05-CV-490, currently pending in the United States District Court for the Northern District of Florida (the "*Mylan* action"), hereby submit this brief as *amici curiae* in opposition to the motion by the State of Florida and Ven-A-Care of the Florida Keys, Inc. (collectively, the "Plaintiffs") to participate in the January 27, 2006 hearing regarding their motion to remand *The State of Florida, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Alpharma, Inc., et al.*, C.A. No. 05-CV-11795-PBS (the "*Alpharma* action") to state court. The *Mylan* Defendants oppose the Plaintiffs' motion, and seek a temporary stay of the *Alpharma* action, because any decision by this Court on the Plaintiffs' pending motion to remand will affect the rights of the *Mylan* Defendants to be heard on the issue of federal jurisdiction in the virtually identical *Mylan* action, which is expected to be

---

[1] Novopharm, Ltd. and Teva Pharmaceutical Industries, Ltd. join in this motion and brief of *amici curiae* only for the limited purposes of this motion, and do not concede that the court has personal jurisdiction over them.

transferred imminently by the Judicial Panel on Multidistrict Litigation (the "JPML") to this Court.

## BACKGROUND

I.   **The *Alpharma* Action**

On or about April 6, 2005, the Plaintiffs filed (but did not serve) a Complaint in the *Alpharma* action in the Court of the Second Judicial Circuit in and for Leon County, Florida against Alpharma, Inc., Alpharma USPD, Inc. (f/k/a Barre-National, Inc.), Barre Parent Corporation, Faulding, Inc., Ivax Corporation, Ivax Pharmaceuticals, Inc. (f/k/a Zenith-Goldline Pharmaceuticals, Inc.), Mayne Group, Ltd., Sandoz Inc. (f/k/a Geneva Pharmaceuticals, Inc.), Novartis AG, and Purepac Pharmaceutical Co. (collectively, the "*Alpharma* Defendants").

On July 20, 2005, the *Alpharma* Defendants timely removed the *Alpharma* action to the United States District Court for the Northern District of Florida, under 28 U.S.C. §§ 1331 and 1441.  On July 25, 2005, defendant Sandoz Inc. filed a notice of related action with the JPML designating the *Alpharma* action as a tag-along action related to those actions transferred to this Court for consolidated and coordinated pre-trial proceedings in *In Re: Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456 (the "AWP MDL").

On July 29, 2005, the *Alpharma* Defendants filed a motion for an order staying all proceedings in the *Alpharma* action until the JPML determined whether to transfer the action to the AWP MDL.  On August 5, 2005, the Plaintiffs filed a notice of non-opposition to the *Alpharma* Defendants' request for a stay pending the JPML's decision.

On August 9, 2005, the JPML entered an Order noting that the *Alpharma* action had been conditionally transferred to the AWP MDL.  Plaintiffs had until August 24, 2005 to object to that transfer.  However, they filed no objection.  On August 25, 2005, the *Alpharma* action was

transferred to this Court by the JPML. On September 1, 2005, this Court issued an order that the *Alpharma* action be consolidated with Civil Action No. 01-CV-12257-PBS.

Since Plaintiffs' August 18, 2005 Motion for Remand had been filed in federal court in the Northern District of Florida, and the *Alpharma* Defendants had not yet responded when the *Alpharma* action was transferred to this Court, the parties agreed to a new briefing schedule. On September 16, 2005, the Plaintiffs filed a Memorandum of Law in Support of Motion for Remand. On or about October 14, 2005, the *Alpharma* Defendants filed their Memorandum of Law in Opposition to Plaintiffs' Motion for Remand to State Circuit Court. The Plaintiffs' motion for remand is fully briefed and is currently pending before this Court.

The Plaintiffs are now requesting that "their motion to remand be calendared for argument on January 27, 2006 . . . ." *See Motion By State Of Florida And Ven-A-Care To Participate In January 27th Hearing Regarding Remand And Memorandum In Support Thereof*, at ¶ 5.

**II.   The *Mylan* Action**

On or about July 21, 2005, the Plaintiffs filed (but did not serve) a Complaint in the *Mylan* action against the *Mylan* Defendants. On or about November 18, 2005, the Plaintiffs filed a First Amended Complaint.

On December 16, 2005, the *Mylan* Defendants timely removed the *Mylan* action to the United States District Court for the Northern District of Florida, under 28 U.S.C. §§ 1331 and 1441. On December 20, 2005, defendant Teva Pharmaceutical USA filed a notice of related action with the JPML designating the *Mylan* action as a tag-along action related to those actions transferred to this Court for consolidated and coordinated pre-trial proceedings in the AWP MDL. A Clerk of the JPML has advised the *Mylan* Defendants that a conditional transfer order

3

directing that the *Mylan* action be transferred to the AWP MDL will be entered imminently pursuant to JPML Rule 7.4(a). Under the JPML's Rules, the transfer of the *Mylan* action to this Court should proceed expeditiously. The Clerk of the JPML automatically issues a conditional transfer order upon learning of a "tag-along action," and this order becomes effective just fifteen days later absent objection by a party. *See* JPML Rule 7.4(a).

On January 10, 2006, the Plaintiffs, despite having been made aware that the *Mylan* Defendants thought it prudent to have this Court consider the Plaintiffs' motions to remand the *Alpharma* action and the *Mylan* action jointly, filed their request for a hearing with this Court. Remarkably, the Plaintiffs failed to inform this Court that a second nearly identical action was pending and that the *Mylan* Defendants have sought its transfer to this Court.

Quite to the contrary, on January 11, 2006, the Plaintiffs filed with the Florida court a motion to remand the *Mylan* action. Also on January 11, 2006, the Plaintiffs filed a motion to stay the proceedings in the *Mylan* action -- but expressly exempted from the requested stay the Florida court's consideration of their motion to remand. Thus, despite the fact that the Plaintiffs have filed two virtually identical complaints in both the *Alpharma* action and the *Mylan* action, the Plaintiffs are now seeking to have two bites at the proverbial apple -- and to have two different district courts consider the question of federal jurisdiction. To say that such a strategy results in judicial inefficiency and risks inconsistent district court rulings is an understatement.

Given the similarities between the *Alpharma* action and the *Mylan* action, any decision by this Court on the Plaintiffs' motion to remand the *Alpharma* action will undeniably affect the rights of the *Mylan* Defendants to be heard on the issue of federal jurisdiction. Thus, the *Mylan* Defendants respectfully submit that this Court should enter a stay in the *Alpharma* action until entry of a transfer order by the JPML transferring the *Mylan* action to this Court for consolidated

and coordinated pretrial proceedings in the AWP MDL and the Plaintiffs' motion to remand the *Mylan* action to state court is fully briefed before this Court.

## ARGUMENT

I. **The Complaints In The *Alpharma* Action And The *Mylan* Action Contain Virtually Identical Allegations**

Similar to other average wholesale price ("AWP") actions, the complaints in the *Alpharma* action and the *Mylan* action allege that each of the defendants misrepresented their respective AWPs and wholesale acquisition costs ("WAC") in connection with their reporting of their product pricing information to First DataBank, Inc., a consolidator and publisher of prescription drug pricing information. *See Alpharma* Complaint ¶¶ 26-36; *Mylan* Amended Complaint ¶¶ 26-36.[2]  A comparison of the complaints underlying the *Alpharma* action and the *Mylan* action reveals that they contain virtually identical factual allegations. *Compare generally Alpharma* Complaint *with Mylan* Amended Complaint.

The complaints also contain nearly identical claims for violation of the Florida False Claims Act, § 68.081, *et seq.*, Fla. Stat. *Compare Alpharma* Complaint ¶¶ 49-52, 58-61, 67-70, 76-79, 85-88, 112-115, 121-124, 130-133, 139-142, 148-151 *with Mylan* Amended Complaint ¶¶ 49-52, 58-61, 67-70, 76-79, 85-88, 94-97, 103-106, 112-115.  In addition, the complaints contain virtually duplicate claims for common law fraud. *Compare Alpharma* Complaint ¶¶ 53-57, 61-66, 71-75, 80-84, 89-93, 116-120, 125-129, 134-138, 143-147, 152-156 *with Mylan* Amended Complaint ¶¶ 53-57, 62-66, 71-75, 80-84, 89-93, 98-102, 107-111, 116-120. Further, the complaints contain practically identical prayers for relief. *Compare Alpharma* Complaint at pp. 41-43 *with Mylan* Amended Complaint at pp. 36-39.

---

[2] Copies of the *Alpharma* Complaint and the *Mylan* Amended Complaint are attached hereto as Exhibits A and B.

In fact, the only material difference between the two complaints is the identity of the named defendants and the drugs alleged to be at issue.

## II. The *Mylan* Action Is Expected To Be Imminently Transferred To The AWP MDL

As noted above, defendant Teva Pharmaceutical USA filed a notice of related action with the JPML on December 20, 2005 designating the *Mylan* action as a tag-along action related to those lawsuits transferred to this Court for consolidated and coordinated pre-trial proceedings in the AWP MDL.  A Clerk of the JPML has advised the *Mylan* Defendants that a conditional transfer order directing that the *Mylan* action be transferred to the AWP MDL will be entered shortly pursuant to JPML Rule 7.4(a).  Under the JPML's Rules, the transfer of the *Mylan* action to this Court should therefore proceed promptly.  Indeed, the Clerk of the JPML automatically issues a conditional transfer order upon learning of such a "tag-along action," and this order becomes effective just fifteen days later absent objection by a party.  *See* JPML Rule 7.4(a).

## III. A Stay Of The *Alpharma* Action Pending Transfer Of The *Mylan* Action By The JPML Is Justified To Promote Judicial Economy And Consistency

This Court should stay its consideration of the Plaintiffs' motion to remand the *Alpharma* action pending transfer of the *Mylan* action by the JPML to this Court for consolidated and coordinated pretrial proceedings.  This Court's power to stay its proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").  Granting a stay of the *Alpharma* action pending a decision by the JPML to transfer the *Mylan* action "is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency."  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)

(citation omitted); *see also Walker v. Merck & Co., Inc.*, C.A. No. 05-CV-360-DRH, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) ("In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties."); *Good v. Prudential Insurance Co.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) ("Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case.")

Thus, granting a stay of the *Alpharma* action pending a decision by the JPML to transfer the *Mylan* action is well within this Court's discretion and is appropriate when it would "further judicial economy and consistency." *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001); *see also Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) ("The court concludes that in light of the pending MDL Panel ruling on transfer, this action should be stayed in the interest of judicial economy and to avoid inconsistent results."). Here, a stay would further judicial economy by allowing the remand issues in the *Alpharma* action and the *Mylan* action, two virtually identical lawsuits, to be considered by a single district court at the same time. By denying the Plaintiffs' motion to participate in the January 27, 2006 hearing and granting the requested stay, this Court can avoid unnecessary duplication of efforts. A temporary stay of the *Alpharma* action pending the transfer of the *Mylan* action to the AWP MDL will therefore allow the *Alpharma* Defendants and the *Mylan* Defendants to address common remand issues in a coordinated and consolidated fashion, rather than piecemeal.

The requested stay will also avoid inconsistent decisions by two different district courts on the same or similar issues presented by the near identical complaints at issue in the *Alpharma* action and the *Mylan* action. For example, to the extent the Plaintiffs seek to challenge federal jurisdiction, the issues raised in the *Alpharma* action will likely duplicate legal and factual issues that will need to be addressed in the *Mylan* action. The AWP MDL is designed to avoid just

such potentially inconsistent district court rulings.  As the JPML long ago recognized, the "remedial aim" of 28 U.S.C. § 1407, the multidistrict litigation statute, is "to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions."  *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 491-92 (J.P.M.L. 1968).

Finally, no unfair prejudice would arise from a stay.  Under the JPML's Rules, the transfer of the *Mylan* action to the AWP MDL should occur swiftly.  As noted above, the Clerk of the JMPL automatically issues a conditional transfer order upon learning of a "tag-along action," and this order becomes effective just fifteen days later absent objection by a party.  *See* JPML Rule 7.4(a).  Indeed, the *Alpharma* action is presently pending before this Court because the Plaintiffs did not oppose its transfer to the AWP MDL.  It now appears that the Plaintiffs are taking a contrary position with respect to the *Mylan* action (i.e., seeking an expedited hearing before this Court on January 27, 2006 on their motion to remand the *Alpharma* action and to have their motion to remand the *Mylan* action decided by the Florida court) which may very well result in inconsistent rulings regarding the issue of federal jurisdiction.  Given that the allegations and claims asserted in the *Alpharma* and *Mylan* actions are nearly indistinguishable, as well as the fact that the *Mylan* action is expected to be be transferred to the AWP MDL shortly, the temporary stay sought herein will promote the goals of judicial economy, efficiency, and uniformity.

## CONCLUSION

For the foregoing reasons, the *Mylan* Defendants respectfully request that the Court: (1) deny the motion by the Plaintiffs to participate in the January 27, 2006 hearing regarding their motion to remand the *Alpharma* action to state court; and (2) enter a stay in the *Alpharma*

action until either:  (a) entry of a transfer order by the JPML transferring the *Mylan* action to this Court for consolidated and coordinated pretrial proceedings in *In Re: Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456 and the Plaintiffs' motion to remand the *Mylan* action to state court is fully briefed before this Court; or (b) entry of an order by the JPML denying transfer of the *Mylan* action to this Court.

Dated: January 12, 2006

>Respectfully submitted,
>
>**ON BEHALF OF DEFENDANTS LISTED BELOW**
>
>/s/ Louis J. Scerra, Jr.
>Gary R. Greenberg (BBO #209420)
>Louis J. Scerra, Jr. (BBO #543600)
>Jonathan D. Cohen (BBO #600081)
>James M. Vant (BBO #653616)
>Greenberg Traurig, LLP
>One International Place
>Boston, MA  02110
>Telephone: (617) 310-6000
>Facsimile: (617) 310-6001
>
>*Attorneys for Defendants Mylan Laboratories Inc. and Mylan Pharmaceuticals Inc.*

| | |
|---|---|
| T. Reed Stephens | Douglas B. Farquhar |
| Elizabeth I. Hack | Michelle L. Butler |
| Sonnenschein Nath & Rosenthal LLP | Hyman, Phelps & McNamara, P.C. |
| 1301 K Street, N.W. | 700 Thirteenth Street, N.W. |
| Suite 600, East Tower | Suite 1200 |
| Washington, DC  20005 | Washington, D.C.  20005 |
| | |
| *Attorneys for Defendants Novopharm, Ltd., Teva Pharmaceutical Industries, Ltd., and Teva Pharmaceutical USA* | *Attorneys for Defendants Watson Pharmaceuticals, Inc. and Schein Pharmaceuticals (n/k/a Watson Pharma, Inc.)* |

## **CERTIFICATE OF SERVICE**

     I, Louis J. Scerra, Jr., hereby certify that on January 12, 2006 I caused a true and correct copy of the foregoing, Brief of *Amici Curiae* In Opposition to Motion By State of Florida and Ven-A-Care to Participate in January 27th Hearing Regarding Remand, to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456.

                                          /s/ Louis J. Scerra, Jr.
                                          Louis J. Scerra, Jr.