# EXHIBIT A

Pg. 26-45

**DEFENDANT SANDOZ/GENEVA**

67.  The Plaintiffs reallege and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

68.  Sandoz/Geneva knowingly presented or caused to be presented false claims for payment to the Florida Medicaid Program creating liability for a false claims action pursuant to § 68.081, Fla. Stat., *et seq.*

69.  As a result of Sandoz/Geneva's conduct set forth in this count, the State of Florida, AHCA or its fiscal intermediary paid the improper Medicaid claims and has suffered actual damages in excess of $15,000.

70.  Pursuant to §§ 68.082(2) and 68.086, Fla. Stat., the Plaintiffs are entitled to treble the actual damages sustained, not less than $5,000 and not more than $10,000 penalty per claim, all other relief set forth in said statutes, prejudgment interest, attorneys' fees and court costs.

**COUNT VI**
**COMMON LAW FRAUD**
**DEFENDANT SANDOZ/GENEVA**

71.  The Plaintiffs reallege and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

72.  The elements of common law fraud in Florida are:  a false statement concerning a material fact;  knowledge by the person making the statement that the representation is false; the intent by the person making the statement that the representation will induce another to act on it; and reliance on the representation to the injury of the other party.  *See e.g., Tucker v. Mariani*, 655 So.2d 221, 225 (Fla. 1st DCA

1995);  *Lance v. Wade*, 457 So.2d 1008, 1011 (Fla.1984).

73.  Sandoz/Geneva made false statements of material fact regarding drug prices to First DataBank; Sandoz/Geneva knew that the submitted prices were false and significantly exceeded prices generally or currently available in the marketplace; Sandoz/Geneva knew that the Florida Medicaid Program relied on First DataBank prices and intended that the Florida Medicaid Program rely upon the false prices Sandoz/Geneva submitted to First DataBank;  and, the Florida Medicaid Program did in fact rely upon such false price representations and was injured by paying provider reimbursements far in excess of reasonable estimates of provider acquisition cost as required by law.

74.  As a result of Sandoz/Geneva's conduct as set forth in this count, the State of Florida, AHCA, or its fiscal intermediary paid the improper Medicaid claims and suffered actual damages in excess of $15,000.

75.  Pursuant to the common law of fraud in Florida, the Plaintiffs are entitled to a remedy for the State's damages; to wit, the difference between what the Florida Medicaid Program should have paid in pharmacy claims for Sandoz/Geneva's drugs and what was in fact paid, as well as any other relief the Court deems appropriate, to include, prejudgment interest and costs.

### COUNT VII
### VIOLATION OF THE FLORIDA FALSE CLAIMS ACT
### DEFENDANT NOVARTIS

76.  The Plaintiffs reallege and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

77.  Novartis, by and through its subsidiary Sandoz/Geneva knowingly presented or caused to be presented false claims for payment to the Florida Medicaid Program creating liability for a false claims action pursuant to § 68.081, Fla. Stat., *et seq.*

78.  As a result of Novartis' conduct set forth in this count, the State of Florida, AHCA or its fiscal intermediary paid the improper Medicaid claims and has suffered actual damages in excess of $15,000.

79.  Pursuant to §§ 68.082(2) and 68.086, Fla. Stat., the Plaintiffs are entitled to treble the actual damages sustained, not less than $5,000 and not more than $10,000 penalty per claim, all other relief set forth in said statutes, prejudgment interest, attorneys' fees and court costs.

### COUNT VIII
### COMMON LAW FRAUD
### DEFENDANT NOVARTIS

80.  The Plaintiffs reallege and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

81.  The elements of common law fraud in Florida are:  a false statement concerning a material fact;  knowledge by the person making the statement that the representation is false; the intent by the person making the statement that the representation will induce another to act on it; and reliance on the representation to the injury of the other party.  *See e.g., Tucker v. Mariani*, 655 So.2d 221, 225 (Fla. 1st DCA 1995);  *Lance v. Wade*, 457 So.2d 1008, 1011 (Fla.1984).

82.  Novartis, by and through its subsidiary Sandoz/Geneva, made false statements of material fact regarding drug prices to First DataBank; Novartis, by and

through its subsidiary Sandoz/Geneva knew that the submitted prices were false and significantly exceeded prices generally or currently available in the marketplace; Novartis, by and through its subsidiary Sandoz/Geneva knew that the Florida Medicaid Program relied on First DataBank prices and intended that the Florida Medicaid Program rely upon the false prices Novartis, by and through its subsidiary Sandoz/Geneva submitted to First DataBank; and, the Florida Medicaid Program did in fact rely upon such false price representations and was injured by paying provider reimbursements far in excess of reasonable estimates of provider acquisition cost as required by law.

83.  As a result of Novartis' conduct as set forth in this count, the State of Florida, AHCA, or its fiscal intermediary paid the improper Medicaid claims and suffered actual damages in excess of $15,000.

84.  Pursuant to the common law of fraud in Florida, the Plaintiffs are entitled to a remedy for the State's damages; to wit, the difference between what the Florida Medicaid Program should have paid in pharmacy claims for Novartis and/or Sandoz/Geneva's drugs and what was in fact paid, as well as any other relief the Court deems appropriate, to include, prejudgment interest and costs.

## COUNT IX
### VIOLATION OF THE FLORIDA FALSE CLAIMS ACT
### DEFENDANT PUREPAC

85.  The Plaintiffs reallege and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

86.  Purepac knowingly presented or caused to be presented false claims for

payment to the Florida Medicaid Program creating liability for a false claims action pursuant to § 68.081, Fla. Stat., *et seq.*

87.  As a result of Purepac's conduct set forth in this count, the State of Florida, AHCA or its fiscal intermediary paid the improper Medicaid claims and has suffered actual damages in excess of $15,000.

88.  Pursuant to §§ 68.082(2) and 68.086, Fla. Stat., the Plaintiffs are entitled to treble the actual damages sustained, not less than $5,000 and not more than $10,000 penalty per claim, all other relief set forth in said statutes, prejudgment interest, attorneys' fees and court costs.

**COUNT X**
**COMMON LAW FRAUD**
**DEFENDANT PUREPAC**

89.  The Plaintiffs reallege and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

90.  The elements of common law fraud in Florida are:  a false statement concerning a material fact;  knowledge by the person making the statement that the representation is false; the intent by the person making the statement that the representation will induce another to act on it; and reliance on the representation to the injury of the other party.  *See e.g., Tucker v. Mariani*, 655 So.2d 221, 225 (Fla. 1st DCA 1995);  *Lance v. Wade*, 457 So.2d 1008, 1011 (Fla.1984).

91.  Purepac made false statements of material fact regarding drug prices to First DataBank; Purepac knew that the submitted prices were false and significantly exceeded prices generally or currently available in the marketplace; Purepac knew that

the Florida Medicaid Program relied on First DataBank prices and intended that the Florida Medicaid Program rely upon the false prices Purepac submitted to First DataBank;  and, the Florida Medicaid Program did in fact rely upon such false price representations and was injured by paying provider reimbursements far in excess of reasonable estimates of provider acquisition cost as required by law.

92.  As a result of Purepac's conduct as set forth in this count, the State of Florida, AHCA, or its fiscal intermediary paid the improper Medicaid claims and suffered actual damages in excess of $15,000.

93.  Pursuant to the common law of fraud in Florida, the Plaintiffs are entitled to a remedy for the State's damages; to wit, the difference between what the Florida Medicaid Program should have paid in pharmacy claims for Purepac's drugs and what was in fact paid, as well as any other relief the Court deems appropriate; to include, prejudgment interest and costs.

### COUNT XI
### VIOLATION OF THE FLORIDA FALSE CLAIMS ACT
### DEFENDANT FAULDING

112.  The Plaintiffs reallege and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

113.  Faudling, by and through its subsidiary Purepac, knowingly presented or caused to be presented false claims for payment to the Florida Medicaid Program creating liability for a false claims action pursuant to § 68.081, Fla. Stat., *et seq.*

114.  As a result of Faulding's conduct set forth in this count, the State of Florida, AHCA or its fiscal intermediary paid the improper Medicaid claims and has suffered

actual damages in excess of $15,000.

115.   Pursuant to §§ 68.082(2) and 68.086, Fla. Stat., the Plaintiffs are entitled to treble the actual damages sustained, not less than $5,000 and not more than $10,000 penalty per claim, all other relief set forth in said statutes, prejudgment interest, attorneys' fees and court costs.

**COUNT XII**
**COMMON LAW FRAUD**
**DEFENDANT FAULDING**

116.   The Plaintiffs reallege and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

117.   The elements of common law fraud in Florida are:  a false statement concerning a material fact;  knowledge by the person making the statement that the representation is false; the intent by the person making the statement that the representation will induce another to act on it; and reliance on the representation to the injury of the other party.  *See e.g., Tucker v. Mariani*, 655 So.2d 221, 225 (Fla. 1st DCA 1995);  *Lance v. Wade*, 457 So.2d 1008, 1011 (Fla.1984).

118.   Faulding, by and through its subsidiary Purepac, made false statements of material fact regarding drug prices to First DataBank; Faulding, by and through its subsidiary Purepac, knew that the submitted prices were false and significantly exceeded prices generally or currently available in the marketplace; Faulding, by and through its subsidiary Purepac, knew that the Florida Medicaid Program relied on First DataBank prices and intended that the Florida Medicaid Program rely upon the false prices Faulding, by and through its subsidiary Purepac, submitted to First DataBank;

and, the Florida Medicaid Program did in fact rely upon such false price representations and was injured by paying provider reimbursements far in excess of reasonable estimates of provider acquisition cost as required by law.

119. As a result of Faulding's conduct as set forth in this count, the State of Florida, AHCA, or its fiscal intermediary paid the improper Medicaid claims and suffered actual damages in excess of $15,000.

120. Pursuant to the common law of fraud in Florida, the Plaintiffs are entitled to a remedy for the State's damages; to wit, the difference between what the Florida Medicaid Program should have paid in pharmacy claims for Faulding and/or Purepac's drugs and what was in fact paid, as well as any other relief the Court deems appropriate, to include, prejudgment interest and costs.

### COUNT XIII
### VIOLATION OF THE FLORIDA FALSE CLAIMS ACT
### DEFENDANT MAYNE

121. The Plaintiffs reallege and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

122. Mayne, by and through its subsidiary, Purepac knowingly presented or caused to be presented false claims for payment to the Florida Medicaid Program creating liability for a false claims action pursuant to § 68.081, Fla. Stat., *et seq.*

123. As a result of Mayne's conduct set forth in this count, the State of Florida, AHCA or its fiscal intermediary paid the improper Medicaid claims and has suffered actual damages in excess of $15,000.

124. Pursuant to §§ 68.082(2) and 68.086, Fla. Stat., the Plaintiffs are entitled

to treble the actual damages sustained, not less than $5,000 and not more than $10,000 penalty per claim, all other relief set forth in said statutes, prejudgment interest, attorneys' fees and court costs.

### COUNT XIV
### COMMON LAW FRAUD
### DEFENDANT MAYNE

125. The Plaintiffs reallege and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

126. The elements of common law fraud in Florida are: a false statement concerning a material fact; knowledge by the person making the statement that the representation is false; the intent by the person making the statement that the representation will induce another to act on it; and reliance on the representation to the injury of the other party. *See e.g., Tucker v. Mariani*, 655 So.2d 221, 225 (Fla. 1st DCA 1995); *Lance v. Wade*, 457 So.2d 1008, 1011 (Fla.1984).

127. Mayne, through its subsidiary Purepac, made false statements of material fact regarding drug prices to First DataBank; Mayne, by and through its subsidiary Purepac, knew that the submitted prices were false and significantly exceeded prices generally or currently available in the marketplace; Mayne, by and through its subsidiary Purepac knew that the Florida Medicaid Program relied on First DataBank prices and intended that the Florida Medicaid Program rely upon the false prices Mayne, by and through its subsidiary Purepac submitted to First DataBank; and, the Florida Medicaid Program did in fact rely upon such false price representations and was injured by paying provider reimbursements far in excess of reasonable estimates of provider

acquisition cost as required by law.

128.  As a result of Mayne's conduct as set forth in this count, the State of Florida, AHCA, or its fiscal intermediary paid the improper Medicaid claims and suffered actual damages in excess of $15,000.

129.  Pursuant to the common law of fraud in Florida, the Plaintiffs are entitled to a remedy for the State's damages; to wit, the difference between what the Florida Medicaid Program should have paid in pharmacy claims for Mayne and/or Purepac's drugs and what was in fact paid, as well as any other relief the Court deems appropriate, to include, prejudgment interest and costs.

## COUNT XV
### VIOLATION OF THE FLORIDA FALSE CLAIMS ACT
### DEFENDANT ALPHARMA

130.  The Plaintiffs reallege and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

131.  Alpharma, by and through its subsidiary Purepac, knowingly presented or caused to be presented false claims for payment to the Florida Medicaid Program creating liability for a false claims action pursuant to § 68.081, Fla. Stat., *et seq.*

132.  As a result of Alpharma's conduct set forth in this count, the State of Florida, AHCA or its fiscal intermediary paid the improper Medicaid claims and has suffered actual damages in excess of $15,000.

133.  Pursuant to §§ 68.082(2) and 68.086, Fla. Stat., the Plaintiffs are entitled to treble the actual damages sustained, not less than $5,000 and not more than $10,000 penalty per claim, all other relief set forth in said statutes, prejudgment interest,

attorneys' fees and court costs.

## COUNT XVI
## COMMON LAW FRAUD
## DEFENDANT ALPHARMA

134.  The Plaintiffs reallege and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

135.  The elements of common law fraud in Florida are:  a false statement concerning a material fact;  knowledge by the person making the statement that the representation is false; the intent by the person making the statement that the representation will induce another to act on it; and reliance on the representation to the injury of the other party.  *See e.g., Tucker v. Mariani,* 655 So.2d 221, 225 (Fla. 1st DCA 1995);  *Lance v. Wade,* 457 So.2d 1008, 1011 (Fla.1984).

136.  Alpharma, by and through its subsidiary Purepac, made false statements of material fact regarding drug prices to First DataBank; Alpharma, by and through its subsidiary Purepac knew that the submitted prices were false and significantly exceeded prices generally or currently available in the marketplace; Alpharma, by and through its subsidiary Purepac knew that the Florida Medicaid Program relied on First DataBank prices and intended that the Florida Medicaid Program rely upon the false prices Alpharma by and through its subsidiary Purepac submitted to First DataBank; and, the Florida Medicaid Program did in fact rely upon such false price representations and was injured by paying provider reimbursements far in excess of reasonable estimates of provider acquisition cost as required by law.

137.  As a result of Alpharma's conduct as set forth in this count, the State of

Florida, AHCA, or its fiscal intermediary paid the improper Medicaid claims and suffered actual damages in excess of $15,000.

138.   Pursuant to the common law of fraud in Florida, the Plaintiffs are entitled to a remedy for the State's damages; to wit, the difference between what the Florida Medicaid Program should have paid in pharmacy claims for Alpharma and/or Purepac's drugs and what was in fact paid, as well as any other relief the Court deems appropriate, to include, prejudgment interest and costs.

## COUNT XVII
## VIOLATION OF THE FLORIDA FALSE CLAIMS ACT
## DEFENDANT ALPHARMA USPD f/k/a BARRE-NATIONAL, INC.

139.   The Plaintiffs reallege and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

140.   Alpharma USPD, f/k/a Barre-National, Inc., by and through its subsidiary Purepac, knowingly presented or caused to be presented false claims for payment to the Florida Medicaid Program creating liability for a false claims action pursuant to § 68.081, Fla. Stat., *et seq.*

141.   As a result of Alpharma USPD f/k/a Barre-National, Inc.'s conduct set forth in this count, the State of Florida, AHCA or its fiscal intermediary paid the improper Medicaid claims and has suffered actual damages in excess of $15,000.

142.   Pursuant to §§ 68.082(2) and 68.086, Fla. Stat., the Plaintiffs are entitled to treble the actual damages sustained, not less than $5,000 and not more than $10,000 penalty per claim, all other relief set forth in said statutes, prejudgment interest, attorneys' fees and court costs.

**COUNT XIX**
**COMMON LAW FRAUD**
**DEFENDANT ALPHARMA USPD f/k/a BARRE-NATIONAL, INC.**

143. The Plaintiffs reallege and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

144. The elements of common law fraud in Florida are: a false statement concerning a material fact; knowledge by the person making the statement that the representation is false; the intent by the person making the statement that the representation will induce another to act on it; and reliance on the representation to the injury of the other party. *See e.g., Tucker v. Mariani*, 655 So.2d 221, 225 (Fla. 1st DCA 1995); *Lance v. Wade*, 457 So.2d 1008, 1011 (Fla.1984).

145. Alpharma USPD, f/k/a Barre-National, Inc., by and through its subsidiary Purepac, made false statements of material fact regarding drug prices to First DataBank; Alpharma USPD, f/k/a Barre-National, Inc., by and through its subsidiary Purepac knew that the submitted prices were false and significantly exceeded prices generally or currently available in the marketplace; Alpharma USPD, f/k/a Barre-National, Inc., by and through its subsidiary Purepac knew that the Florida Medicaid Program relied on First DataBank prices and intended that the Florida Medicaid Program rely upon the false prices Alpharma USPD, f/k/a Barre-National, Inc., by and through its subsidiary Purepac submitted to First DataBank; and, the Florida Medicaid Program did in fact rely upon such false price representations and was injured by paying provider reimbursements far in excess of reasonable estimates of provider acquisition cost as required by law.

146.  As a result of Alpharma USPD, f/k/a Barre-National, Inc.'s conduct as set forth in this count, the State of Florida, AHCA, or its fiscal intermediary paid the improper Medicaid claims and suffered actual damages in excess of $15,000.

147.  Pursuant to the common law of fraud in Florida, the Plaintiffs are entitled to a remedy for the State's damages; to wit, the difference between what the Florida Medicaid Program should have paid in pharmacy claims for Alpharma USPD, f/k/a Barre-National, Inc. and/or Purepac's drugs and what was in fact paid, as well as any other relief the Court deems appropriate, to include, prejudgment interest and costs.

## COUNT XIX
## VIOLATION OF THE FLORIDA FALSE CLAIMS ACT
## DEFENDANT BARRE

148.  The Plaintiffs reallege and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

149.  Barre, by and through its subsidiary Purepac, knowingly presented or caused to be presented false claims for payment to the Florida Medicaid Program creating liability for a false claims action pursuant to § 68.081, Fla. Stat., *et seq*.

150.  As a result of Barre's conduct set forth in this count, the State of Florida, AHCA or its fiscal intermediary paid the improper Medicaid claims and has suffered actual damages in excess of $15,000.

151.  Pursuant to §§ 68.082(2) and 68.086, Fla. Stat., the Plaintiffs are entitled to treble the actual damages sustained, not less than $5,000 and not more than $10,000 penalty per claim, all other relief set forth in said statutes, prejudgment interest, attorneys' fees and court costs.

**COUNT XX**
**COMMON LAW FRAUD**
**DEFENDANT BARRE**

152.  The Plaintiffs reallege and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

153.  The elements of common law fraud in Florida are:  a false statement concerning a material fact;  knowledge by the person making the statement that the representation is false; the intent by the person making the statement that the representation will induce another to act on it; and reliance on the representation to the injury of the other party.  *See e.g., Tucker v. Mariani*, 655 So.2d 221, 225 (Fla. 1st DCA 1995);  *Lance v. Wade*, 457 So.2d 1008, 1011 (Fla.1984).

154.  Barre, by and through its subsidiary Purepac, made false statements of material fact regarding drug prices to First DataBank; Barre, by and through its subsidiary Purepac knew that the submitted prices were false and significantly exceeded prices generally or currently available in the marketplace; Barre, by and through its subsidiary Purepac knew that the Florida Medicaid Program relied on First DataBank prices and intended that the Florida Medicaid Program rely upon the false prices Barre, by and through its subsidiary Purepac submitted to First DataBank;  and, the Florida Medicaid Program did in fact rely upon such false price representations and was injured by paying provider reimbursements far in excess of reasonable estimates of provider acquisition cost as required by law.

155.  As a result of Barre conduct as set forth in this count, the State of Florida, AHCA, or its fiscal intermediary paid the improper Medicaid claims and suffered actual

Page 40 of 45

damages in excess of $15,000.

156.  Pursuant to the common law of fraud in Florida, the Plaintiffs are entitled to a remedy for the State's damages; to wit, the difference between what the Florida Medicaid Program should have paid in pharmacy claims for Barre and/or Purepac's drugs and what was in fact paid, as well as any other relief the Court deems appropriate, to include, prejudgment interest and costs.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs demand that judgment be entered in favor of the State of Florida and the Relator against the Defendants as follows:

A.  On Counts I and III, the Plaintiffs demand treble the amount of the State of Florida's actual damages of at least $15,000 or at least $45,000 against Defendants Ivax and Ivax/Zenith-Goldline, as appropriate, for the period beginning on or before July 1, 1994, through and including the present time pursuant to § 68.082(2), Fla. Stat.  In addition, the Plaintiffs demand that Defendants Ivax and Ivax/Zenith-Goldline be assessed a civil penalty of $10,000, as appropriate, for each and every false claim identified in this action for their specific drugs and any and all false claims for their Subject Drugs revealed through the discovery.  The Plaintiffs further demand payment of prejudgment interest, attorneys' fees, expenses, investigatory costs, and for such other and further relief as the Court deems just and equitable pursuant to § 68.086, Fla. Stat.

B.  On Counts II and IV, the Plaintiffs demand a judgment for the return of at least $15,000 which represents the difference between the amounts paid and the

amounts that should have been paid for the Defendants Ivax and Ivax/Zenith-Goldline's Subject Drugs identified in this Complaint, as appropriate, by the State of Florida, AHCA or its fiscal intermediary, for the period beginning July 1, 1994, through and including the present time, and for prejudgment interest, costs, and for such other and further relief as this Court deems just and equitable.

C.   On Counts V and VII, the Plaintiffs demand treble the amount of the State of Florida's actual damages of at least $15,000 or at least $45,000 against Defendants Sandoz/Geneva and Novartis as appropriate, before July 1, 1994, through and including the present time pursuant to § 68.082(2), Fla. Stat.  In addition, the Plaintiffs demand that Defendants Sandoz/Geneva and Novartis be assessed a civil penalty of $10,000, as appropriate, for each and every false claim identified in this action for their specific drugs and any and all false claims for their specific drugs revealed through the discovery.  The Plaintiffs further demand payment of prejudgment interest, attorneys' fees, expenses, investigatory costs, and for such other and further relief as the Court deems just and equitable pursuant to § 68.086, Fla. Stat.

D.   On Counts VI, VIII, the Plaintiffs demand judgment for the return of at least $15,000 which represents the difference between the amounts paid and the amounts that should have been paid for Defendants Sandoz/Geneva and Novartis's specific drugs identified in this Complaint, as appropriate, by the State of Florida, AHCA or its fiscal intermediary, for the period beginning July 1, 1994, through and including the present time, and for prejudgment interest, costs, and for such other and further relief as this Court deems just and equitable.

E.   On Counts IX, XI, XIII, XV, XVII and XIX the Plaintiffs demand treble the

Page 42 of 45

amount of the State of Florida's actual damages of at least $15,000 or at least $45,000 against Defendants Purepac, Faulding, Mayne, Alpharma, Alpharma USPD, f/k/a Barre-National, Inc., and Barre as appropriate, before July 1, 1994, through and including the present time pursuant to § 68.082(2), Fla. Stat.  In addition, the Plaintiffs demand that Defendants Purepac, Faulding, Mayne, Alpharma, Apharma USPD, Inc., f/k/a Barre-National, Inc., and Barre be assessed a civil penalty of $10,000, as appropriate, for each and every false claim identified in this action for their specific drugs and any and all false claims for their specific drugs revealed through the discovery.  The Plaintiffs further demand payment of prejudgment interest, attorneys' fees, expenses, investigatory costs, and for such other and further relief as the Court deems just and equitable pursuant to § 68.086, Fla. Stat.

F.  On Counts X, XII, XIV, XVI, XVIII, and XX, the Plaintiffs demand a judgment for the return of at least $15,000 which represents the difference between the amounts paid and the amounts that should have been paid for the Defendants Purepac, Faulding, Mayne, Alpharma, Alpharma USPD f/k/a Barre-National Inc., and Barre's specific drugs identified in this Complaint, as appropriate, by the State of Florida, AHCA or its fiscal intermediary, for the period beginning July 1, 1994, through and including the present time, and for prejudgment interest, costs, and for such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

The STATE OF FLORIDA and the RELATOR respectfully demand trial by jury of all issues so triable.

Respectfully submitted this 6th day of April, 2005.

CHARLES J. CRIST, JR.
ATTORNEY GENERAL
STATE OF FLORIDA

By

MARK S. THOMAS
Florida Bar No. 0001716
MARY S. MILLER
Florida Bar No. 0780420
Assistant Attorneys General
OFFICE OF THE ATTORNEY
GENERAL
MEDICAID FRAUD CONTROL UNIT
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Telephone:   850-414-3600
Facsimile:    850-410-2673

JAMES J. BREEN, ESQ.
Florida Bar Number 297178
ALISON W. SIMON, ESQ.
Florida Bar Number 0109568
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-7470
954-874-1653 (telephone)
954-874-1705 (facsimile)
Counsel for Ven-A-Care of the Florida Keys, Inc.

GARY AZORSKY, ESQ.
Pennsylvania Bar Number 38924
SHERRIE SAVETT, ESQ.
Pennsylvania Bar Number 17646
SUSAN SCHNEIDER THOMAS, ESQ.
Pennsylvania Bar Number 32799
JOY P. CLAIRMONT, ESQ.
Pennsylvania Bar Number 82775
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
215-875-3000 (telephone)
215-875-4636 (facsimile)
Counsel for Ven-A-Care of the Florida Keys, Inc.

## EXHIBIT "A"

| DEFENDANT | DRUG | MANUFACTURER | NDC CODE |
|---|---|---|---|
| Ivax | Enalapril | Ivax/Zenith | 001724-195-10 |
| Ivax | Enalapril | Ivax/Zenith | 001724-195-60 |
| Ivax | Enalapril | Ivax/Zenith | 001724-195-80 |
| Ivax | Enalapril | Ivax/Zenith | 001724-195-85 |
| Ivax | Enalapril | Ivax/Zenith | 001724-196-10 |
| Ivax | Enalapril | Ivax/Zenith | 001724-196-60 |
| Ivax | Enalapril | Ivax/Zenith | 001724-196-80 |
| Ivax | Enalapril | Ivax/Zenith | 001724-196-85 |
| Ivax | Enalapril | Ivax/Zenith | 001724-197-10 |
| Ivax | Enalapril | Ivax/Zenith | 001724-197-60 |
| Ivax | Enalapril | Ivax/Zenith | 001724-197-80 |
| Ivax | Enalapril | Ivax/Zenith | 001724-197-85 |
| Ivax | Enalapril | Ivax/Zenith | 001724-198-10 |
| Ivax | Enalapril | Ivax/Zenith | 001724-198-60 |
| Ivax | Enalapril | Ivax/Zenith | 001724-198-70 |
| Ivax | Enalapril | Ivax/Zenith | 001724-198-80 |
| Ivax | Enalapril | Novaplus | 001724-195-64 |
| Ivax | Enalapril | Novaplus | 001724-195-93 |
| Ivax | Enalapril | Novaplus | 001724-196-64 |
| Ivax | Enalapril | Novaplus | 001724-196-93 |
| Ivax | Enalapril | Novaplus | 001724-197-64 |
| Ivax | Enalapril | Novaplus | 001724-197-93 |
| Ivax | Enalapril | Novaplus | 001724-198-64 |
| Ivax | Enalapril | Novaplus | 001724-198-93 |
| Ivax | Furosemide | Ivax/Zenith | 001722-907-60 |
| Ivax | Furosemide | Ivax/Zenith | 001722-907-70 |

| DEFENDANT | DRUG | MANUFACTURER | NDC CODE |
|-----------|------|--------------|----------|
| Ivax | Furosemide | Ivax/Zenith | 001722-907-80 |
| Ivax | Furosemide | Ivax/Zenith | 001722-908-60 |
| Ivax | Furosemide | Ivax/Zenith | 001722-908-70 |
| Ivax | Furosemide | Ivax/Zenith | 001722-908-80 |
| Ivax | Furosemide | Goldline Drug | 001821-161-01 |
| Ivax | Furosemide | Goldline Drug | 001821-161-10 |
| Ivax | Furosemide | Goldline Drug | 001821-170-01 |
| Ivax | Furosemide | Goldline Drug | 001821-170-10 |
| Ivax | Furosemide | Goldline Drug | 001821-736-01 |
| Ivax | Furosemide | Goldline Drug | 001821-736-05 |
| Ivax | Furosemide | Goldline Drug | 001821-736-89 |
| Ivax | Furosemide | Ivax/Goldline | 001821-161-89 |
| Ivax | Furosemide | Ivax/Goldline | 001826-053-37 |
| Ivax | Furosemide | Ivax/Goldline | 001826-053-68 |
| Ivax | Clozapine | Ivax/Zenith | 001724-303-10 |
| Ivax | Clozapine | Ivax/Zenith | 001724-303-46 |
| Ivax | Clozapine | Ivax/Zenith | 001724-303-60 |
| Ivax | Clozapine | Ivax/Zenith | 001724-359-10 |
| Ivax | Clozapine | Ivax/Zenith | 001724-359-60 |
| Ivax | Clozapine | Ivax/Zenith | 001724-359-70 |
| Ivax | Clozapine | Ivax/Zenith | 001724-360-10 |
| Ivax | Clozapine | Ivax/Zenith | 001724-360-60 |
| Ivax | Clozapine | Ivax/Zenith | 001724-360-70 |
| Geneva | Enalapril | Geneva | 007811-229-01 |
| Geneva | Enalapril | Geneva | 007811-229-10 |
| Geneva | Enalapril | Geneva | 007811-229-13 |
| Geneva | Enalapril | Geneva | 007811-231-01 |

| DEFENDANT | DRUG | MANUFACTURER | NDC CODE |
|---|---|---|---|
| Geneva | Enalapril | Geneva | 007811-231-10 |
| Geneva | Enalapril | Geneva | 007811-231-13 |
| Geneva | Enalapril | Geneva | 007811-232-01 |
| Geneva | Enalapril | Geneva | 007811-232-10 |
| Geneva | Enalapril | Geneva | 007811-232-13 |
| Geneva | Enalapril | Geneva | 007811-233-01 |
| Geneva | Enalapril | Geneva | 007811-233-10 |
| Geneva | Ranitidine | Geneva | 007811-883-01 |
| Geneva | Ranitidine | Geneva | 007811-883-05 |
| Geneva | Ranitidine | Geneva | 007811-884-01 |
| Geneva | Ranitidine | Geneva | 007811-884-10 |
| Geneva | Ranitidine | Geneva | 007811-884-13 |
| Geneva | Ranitidine | Geneva | 007811-865-05 |
| Geneva | Alprazolam | Geneva | 007811-061-10 |
| Geneva | Alprazolam | Geneva | 007811-061-13 |
| Geneva | Alprazolam | Geneva | 007811-077-10 |
| Geneva | Alprazolam | Geneva | 007811-077-13 |
| Geneva | Alprazolam | Geneva | 007811-079-10 |
| Geneva | Alprazolam | Geneva | 007811-079-13 |
| Geneva | Alprazolam | Geneva | 007811-326-01 |
| Geneva | Alprazolam | Geneva | 007811-326-05 |
| Geneva | Alprazolam | Geneva | 007811-326-10 |
| Geneva | Alprazolam | Geneva | 007811-326-13 |
| Geneva | Alprazolam | Geneva | 007811-327-01 |
| Geneva | Alprazolam | Geneva | 007811-327-05 |
| Geneva | Alprazolam | Geneva | 007811-327-10 |
| Geneva | Alprazolam | Geneva | 007811-327-13 |

| DEFENDANT | DRUG | MANUFACTURER | NDC CODE |
|---|---|---|---|
| Geneva | Alprazolam | Geneva | 007811-328-01 |
| Geneva | Alprazolam | Geneva | 007811-328-05 |
| Geneva | Alprazolam | Geneva | 007811-328-10 |
| Geneva | Alprazolam | Geneva | 007811-328-13 |
| Geneva | Alprazolam | Geneva | 007811-329-01 |
| Geneva | Alprazolam | Geneva | 007811-329-05 |
| Geneva | Alprazolam | Geneva | 007811-329-10 |
| Geneva | Lorazepam | Geneva | 007811-403-13 |
| Geneva | Lorazepam | Geneva | 007811-404-10 |
| Geneva | Lorazepam | Geneva | 007811-404-13 |
| Geneva | Lorazepam | Geneva | 007811-405-13 |
| Purepac | Isosorbide | Purepac | 002282-620-11 |
| Purepac | Isosorbide | Purepac | 002282-631-11 |
| Purepac | Isosorbide | Purepac | 002282-711-11 |
| Purepac | Isosorbide | Purepac | 002282-711-51 |
| Purepac | Isosorbide | Purepac | 002282-713-11 |
| Purepac | Isosorbide | Purepac | 002282-713-50 |
| Purepac | Clonazepam | Purepac | 002283-003-11 |
| Purepac | Clonazepam | Purepac | 002283-003-50 |
| Purepac | Clonazepam | Purepac | 002283-004-11 |
| Purepac | Clonazepam | Purepac | 002283-004-50 |
| Purepac | Clonazepam | Purepac | 002283-005-11 |
| Purepac | Clonazepam | Purepac | 002283-005-50 |
| Purepac | Pentoxifylline | Purepac | 002282-611-11 |
| Purepac | Pentoxifylline | Purepac | 002282-611-50 |
| Purepac | Pentoxifylline | Purepac | 002282-611-96 |
| Purepac | Pentoxifylline | Purepac | 002282-747-11 |

| DEFENDANT | DRUG | MANUFACTURER | NDC CODE |
|---|---|---|---|
| Purepac | Pentoxifylline | Purepac | 002282-747-50 |
| Purepac | Pentoxifylline | Purepac | 002282-769-11 |
| Purepac | Pentoxifylline | Purepac | 002282-769-50 |
| Purepac | Pentoxifylline | Purepac | 002282-769-96 |
| Purepac | Alprazolam | Purepac | 002282-027-10 |
| Purepac | Alprazolam | Purepac | 002282-027-50 |
| Purepac | Alprazolam | Purepac | 002282-027-96 |
| Purepac | Alprazolam | Purepac | 002282-029-10 |
| Purepac | Alprazolam | Purepac | 002282-029-50 |
| Purepac | Alprazolam | Purepac | 002282-029-96 |
| Purepac | Alprazolam | Purepac | 002282-031-10 |
| Purepac | Alprazolam | Purepac | 002282-031-50 |
| Purepac | Alprazolam | Purepac | 002282-031-96 |
| Purepac | Alprazolam | Purepac | 002282-039-10 |
| Purepac | Alprazolam | Purepac | 002282-039-50 |
| Purepac | Lorazepam | Purepac | 002282-057-10 |
| Purepac | Lorazepam | Purepac | 002282-057-50 |
| Purepac | Lorazepam | Purepac | 002282-059-10 |
| Purepac | Lorazepam | Purepac | 002282-059-50 |
| Purepac | Lorazepam | Purepac | 002282-063-10 |
| Purepac | Lorazepam | Purepac | 002282-063-50 |
| Purepac | Lorazepam | Purepac | 002282-063-96 |
|  |  |  |  |

C:\Documents and Settings\yoona\Local Settings\Temp\C.Lotus.Notes.Data\exhibit a.wpd