**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

CIVIL ACTION NO. 01-12257-PBS

THE STATE OF FLORIDA

*ex rel.*,

VEN-A-CARE OF THE FLORIDA KEYS, INC., a Florida Corporation, by and through its principal officers and directors, ZACHARY T. BENTLEY and T. MARK JONES,

Plaintiffs,

v.

ALPHARMA, INC.; ALPHARMA, USPD, INC., f/k/a BARRE-NATIONAL, INC.; BARRE PARENT CORPORATION; FAULDING, INC.; IVAX CORPORATION; IVAX PHARMACEUTICALS, INC., f/k/a ZENITH-GOLDLINE PHARMACEUTICALS, INC.; MAYNE GROUP, LTD.; SANDOZ INC., f/k/a GENEVA PHARMACEUTICALS, INC.; NOVARTIS AG; AND PUREPAC PHARMACEUTICAL CO.,

Defendants.

CIVIL ACTION NO. 05-11795-PBS

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO PARTICIPATE IN JANUARY 27TH HEARING**

**BACKGROUND**

On January 10, 2006, Plaintiffs filed a Motion to Participate in the January 27, 2006 hearing that this Court will hold with regard to motions filed by other states to have

cases they initiated remanded to state courts. The Defendants[1] in this Florida action oppose Plaintiffs' last minute motion to participate in the hearing. The issues presented by Plaintiffs' Motion for Remand do not require oral argument; indeed, until January 10th no party had requested argument on the motion.

Should the Court believe that a hearing would be helpful, the Defendants in this case would not oppose oral argument. However, judicial efficiency warrants that any hearing be delayed temporarily until such time as the Judicial Panel on Multidistrict Litigation (JPML) orders the transfer to this Court of Plaintiffs' factually and legally similar action against seven other companies.

For reasons that are unclear, Plaintiffs failed to mention that action in their motion. State of Florida, ex. rel., Ven-A-Care of the Florida Keys, Inc. v. Mylan Labs., Inc. et al., which was filed in state court on July 20, 2005. That case, like this action, has been removed to federal court. We understand that a Clerk of the JPML has advised the Defendants in that action that the JPML will soon issue an Order conditionally transferring that case to this Court. We also understand that on January 11, 2006, the State of Florida sought remand of that action to Florida state court.

As the Court is aware, Defendants removed this action from the State of Florida Circuit Court for the Second Judicial Circuit, in and for Leon County, to the United States District Court for the Northern District of Florida, Tallahassee Division on July 20,

---

[1] Not all of the named defendants have been served with process in this action. For those defendants who have not been served, their counsels' identification below indicates their consent to the positions set forth in this Memorandum. Such consent is not a waiver of service of process nor of any right to contest the exercise of personal jurisdiction.

2005. The action was subsequently transferred to this Court to join in these multidistrict proceedings without any opposition from the State of Florida Plaintiffs.

Prior to transfer, Plaintiffs had filed a remand motion in the Northern District of Florida. The parties agreed to rebrief the motion for remand before this Court and proposed a scheduling order under which further proceedings would be stayed until the motion is decided. This Court granted this proposed scheduling order on October 4, 2005. Plaintiffs filed their renewed memorandum of law on September 16, 2005, and the Defendants filed their opposition to Plaintiffs' motion on October 14, 2005. No party sought oral argument on the motion.

However, as the Court may not know, because Plaintiffs did not disclose it in their recent motion, Plaintiffs filed another action in Florida state court that is factually and legally similar to this action and which presents the same federal question. As noted above, that action has been removed to federal court in Florida. State of Florida, ex. rel., Ven-A-Care of the Florida Keys, Inc. v. Mylan Labs., Inc., (the "Mylan action").

Like this action, the Mylan action was removed from Florida state court to the Northern District of Florida. As noted above, we understand that a conditional transfer order will soon be entered by the JPML. Further, Plaintiffs have just filed, in the Northern District of Florida, a motion to remand the Mylan action to state court. However, given that notice of the Mylan action is already filed with the JPML, and that Plaintiffs previously did not oppose the transfer of the action involving the undersigned Defendants to this Court for coordinated pretrial proceedings (thus conceding that this

MDL is the appropriate forum for such actions), there is every reason to believe that the Mylan action will be transferred to this Court shortly.

**ARGUMENT**

Defendants oppose Plaintiffs' request to participate in the January 27th hearing scheduled by this Court. In sum, it makes no sense for this Court to have a hearing on the now fully-briefed remand Motion that relates to the companies signing this pleading when the other defendants will want to be heard on the same matter once their case reaches the proper procedural posture.

First, the question whether federal jurisdiction exists (which it does), is fully demonstrated in the briefs. Plaintiffs (correctly) did not request oral argument when the motion was briefed, and nothing has changed to warrant a different conclusion.

Second, should the Court determine that argument would be helpful, judicial efficiency strongly suggests that argument be temporarily delayed until such time as the factually and legally similar Mylan action is transferred to this Court and all interested parties are able to participate in any hearing concerning whether the actions should be remanded to state court. Any resulting delay will be minimal as the Mylan action should be transferred to this Court shortly -- Plaintiffs did not oppose the transfer of this action from the Northern District of Florida to this Court and have conceded that this is the appropriate federal venue for these cases.

**CONCLUSION**

Plaintiffs' motion to participate in the January 27th hearing should be denied.

Respectfully submitted,

January 12, 2006

/s/*John R. Fleder*
JOHN R. FLEDER
KIRK L. DOBBINS
DARA S. KATCHER
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street N.W., Suite 1200
Washington, D.C. 20005
*Attorneys for Alpharma, Inc., Alpharma, USPD, Inc., f/k/a Barre-National, Inc., Barre Parent Corporation, Purepac Pharmaceutical Co, Faulding, Inc. and Mayne Group, Ltd.*

/s/ *Amber R. Anderson*
PETER E. BALL (BBO # 546031)
AMBER R. ANDERSON (BBO # 647566)
Sally & Fitch LLP
225 Franklin Street
Boston, MA 02110
*Attorneys for Alpharma, Inc., Alpharma, USPD, Inc., f/k/a Barre-National, Inc., Barre Parent Corporation, Purepac Pharmaceutical Co., Faulding, Inc. and Mayne Group, Ltd.*

JAY B. SHAPIRO
CHRISTOPHER L. BARNETT
SAMUEL O. PATMORE
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
Suite 200 – Museum Tower
150 West Flagler Street
Miami, FL 33130
*Attorneys for IVAX Corporation and IVAX Pharmaceuticals, Inc.*

PETER ANTONACCI
JONATHAN P. KILMAN
GrayRobinson, P.A.
301 South Bronough Street
Suite 600 (32301)
Post Office Box 11189
Tallahassee, Florida 32302
*Attorneys for Novartis AG and Sandoz, Inc*

WAYNE A. CROSS
MICHAEL J. GALLAGHER
PAUL OLSZOWKA
SHERYL DICKEY
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
*Attorneys for Sandoz, Inc*

DENNIS P. ORR
GRANT J. ESPOSITO
MICHELLE J. ANNUNZIATA
Mayer, Brown, Rowe & Maw LLP
1675 Broadway
New York, NY 10019
*Attorneys for Novartis AG*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on January 12, 2006.

/s/*Amber R. Anderson*
AMBER R. ANDERSON
Sally & Fitch LLP
*Attorneys for Alpharma, Inc., Alpharma, USPD, Inc., f/k/a Barre-National, Inc., Barre Parent Corporation, Purepac Pharmaceutical Co., Faulding, Inc. and Mayne Group, Ltd.*