## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE: PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE LITIGATION

_____/

THIS DOCUMENT RELATES TO:

*State of Florida ex rel. Ven-A-Care of the
Florida Keys, Inc. v. Alpharma, Inc., et al.,*
C.A. No. 05-CV-11795-PBS

_____/

MDL No. 1456

Master File No. 01-CV-12257-PBS

Judge Patti B. Saris

### STATE OF FLORIDA AND RELATOR, VEN-A-CARE OF THE FLORIDA KEYS' MEMORANDUM IN OPPOSITION TO MOTION OF THE MYLAN DEFENDANTS TO PARTICIPATE AS AMICUS CURIAE AND TO STAY THE ALPHARMA LITIGATION

Plaintiffs, THE STATE OF FLORIDA, by and through Attorney General Charlie Crist,

and Relator VEN-A-CARE OF THE FLORIDA KEYS, INC. (hereinafter "Ven-a-Care")

(collectively "Plaintiffs"), respond in opposition to the motion by Mylan Laboratories, Inc.,

Mylan Pharmaceuticals, Inc., Novopharm, Ltd., Teva Pharmaceutials Industries, Ltd., Teva

Pharmaceutical USA, Watson Pharmaceuticals, Inc., and its subsidiary Schein Pharmaceutical,

Inc. (n/k/a Watson Pharma, Inc.) (collectively, the "*Mylan* parties"), requesting leave to file an

opposition to the Plaintiffs' Motion to Participate in the January 27th Hearing.  The *Mylan*

parties have not set forth any basis to be appointed *amici curiae*, offer nothing useful in their

participation that can not be addressed by the parties to this action, and should not be permitted

to interfere in this action.  In opposition, Plaintiffs assert the following:

#### A.    The **Mylan** *Parties are Not Proper* Amici Curiae

The *Mylan* parties seek to have a brief filed as *amici curiae* to offer their position to this

Court on an issue of scheduling.  Procedurally, it is wholly inappropriate for the *Mylan* parties to

seek to submit a brief as *amicus curiae* on a scheduling issue.  They do not meet any conceivable

definition of an outside entity with special expertise or perspective on a complex legal issue and offer nothing of benefit to the Court. This Court has sufficient expertise to control its own docket and requires no assistance from the *Mylan* parties on such matters. Indeed, rather than being "friend of the court" the *Mylan* parties are advocates for their clients interests in a separate case and, at best, are partisan "friends of the defendants."

*Amicus curiae* is a Latin phrase for "friend of the court" as distinguished from an advocate before the court. *Alexander v. Hall*, 64 F.R.D 152, 155 (D.S.C. 1974). "Historically, . . . an amicus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise the court in order that justice may be done, rather than to advocate a point of view so that the cause may be won by one party or another." *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982). "Commonly *amicus* status is granted *only when there is an issue of general public interest*, the *amicus* provides supplemental assistance to existing counsel, or the *amicus* insures a 'complete and plenary presentation of *difficult* issues so that the court may reach a proper decision.'" *Alliance of Automobile Mfg. v. Gwadowsky*, 297 F. Supp. 2d 305, 306–07 (D. Me. 2003) (emphasis added). Indeed, the "classic role of amicus curiae . . . [is to assist] in a case *of general public interest* . . . ." *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 2005 U.S. Dist. LEXIS 16657, *14 (D. Or. 2005) (citing *Miller-Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203, 204 (9th Cir.1982)) (emphasis added).

However, an *amicus* is "not a party" and "does not represent the parties but participates only for the benefit of the court." *Alexander*, 64 F.R.D at 155 (D.S.C. 1974). And "[w]here the petitioner's attitude towards the litigation is patently partisan, he should not be allowed to

2

proceed as *amicus curiae*." *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985) (quoting *Casey v. Male*, 164 A.2d 374, 376–77 (N.J. Super Ct. 1960)).

The *Mylan* parties plainly recognize that they do not meet this standard. Indeed, the *Mylan* parties do not even purport to do so. Rather, in their motion for leave to file as *amici*, the *Mylan* parties set forth no basis for being considered as *amici* and reference the Court *to the document they are seeking leave to file* as the grounds for their motion for leave. This circular argument is plainly an attempt to have the Court address the substantive issues of their opposition without addressing the impropriety of the *Mylan* parties status, an impropriety the *Mylan* parties simply cannot overcome. Indeed, the *Mylan* parties filed their brief despite not having leave from the Court to do so.[1]  Such a blatant misuse of the Court's process simply should not be permitted.

Furthermore, there is no basis or reason for the *Mylan* parties to file documents as *amicus curiae*. The issue before the Court is not difficult. The sole issue before the Court is whether Plaintiffs should be permitted to participate in the January 27th remand hearing before this Court. There is no allegation that the actual Defendants to this action are unable to present their independent opposition to the State of Florida's motion. The Defendants in this action are represented by able counsel who can fully present the issues requiring consideration for this rather plain motion. Indeed, the Defendants to this action opposed the motion on January 12,

---

[1] Absent leave of the Court, only a *party* is entitled to file an opposition to a motion. The *Mylan* parties are not parties to this case and are not permitted to file an opposition without leave. *See* D. Mass. Loc. R. 7.1(b)(2) ("A *party* opposing a motion, shall file . . .). As demonstrated by the *Mylan* parties' concurrent filing of a Motion for Leave to File Brief of *Amici Curiae* in Opposition, the *Mylan* parties plainly ignore well-established procedural requirements.

2006, the same date the *Mylan* parties requested leave to do so.[2]  There is simply no need, and

the *Mylan* parties present no need, for the participation of *amici curiae* to aid the Court in

consideration of this issue.

Furthermore, the motion does not present a matter of general public interest.  Whether a

non-party may consent or not to a motion brought by Plaintiffs to participate in a hearing the

Court has already scheduled with similar issues raised by the States of Illinois and Kentucky (in

which this Court has already permitted the State of New York and Local 68 to take part) is

simply not a matter of general public interest.

Additionally, the issue before the Court is not a complex legal issue requiring the

participation of non-parties.  *Alliance of Automobile Mfg.*, 297 F. Supp. 2d at 306–07; *Nat'l

Wildlife Fed'n*, 2005 U.S. Dist. LEXIS 16657 at *14.  "At the trial level, where issues of fact as

well as law predominate, the aid of *amicus curiae* may be less appropriate than at the appellate

level where such participation has become standard procedure."  *Yip*, 606 F. Supp. at 1568.

Indeed, "an *amicus* who argues facts should rarely be welcomed."  *Strasser v. Dooley*, 432 F.2d

567, 569 (1st Cir. 1970).  At least one court has held, unlike an appellate court where only issues

of law are involved, amicus practice "is not proper in a trial court."  *Leigh*, 535 F. Supp. at 422.

The only issue before the Court is plainly one of fact, specifically, **scheduling**.  The only law the

*Mylan* parties cite in their "*amici* brief" is in support of their improper request for a stay.  As this

is an issue of fact in "a forum whose principal function is resolving fact, [this Court] should go

slow in accepting an amicus brief unless it has the joint consent of both parties."  *Leigh*, 535 F.

---

[2] The *Mylan* parties' Motion for Leave to File Opposition and improperly filed brief were actually filed *before* the actual defendants in this action filed their opposition.

4

Supp. at 422.

Finally, where the *Mylan* parties are more friends of the Defendants than friends of the Court, and their participation will only work to delay these proceedings (as evidenced by their improper moving for a stay, even though as non-parties they have no standing to make *any* motion), the requested relief must be denied.  In *Leigh v. Engle*, 535 F. Supp. 418 (N.D. Ill. 1982), the U.S. Secretary of Labor requested to participate in the matter as an *amicus*.  The *Leigh* court denied the request for two reasons.  First, the court noted the Secretary's position was more accurately termed a friend of the plaintiff than a friend of the court.  Second, the court expressed a legitimate concern that the Secretary's participation would cause delay in further consideration of the matter.

Here, the *Mylan* parties make clear they are seeking additional delay.  Despite not being parties to this matter they specifically request a stay of this action.  Furthermore, the *Mylan* parties are plainly advocates for the Defendants, not advisors to the Court.  In the document they seek leave to file, they plainly admit they "oppose the Plaintiff's motion," believe this Court will "affect [their] rights," and expressly request a form of relief.  Such partisan advocacy is not the place of an *amicus curiae*.

### B.  *Even if this Court were to Consider the* Mylan *Parties' Improvidently Filed Brief, It Should Fail*

The *Mylan* parties, who are not parties to this case or any other case before this Court, argue that the Court should not permit Plaintiffs to participate in a hearing on January 27th and delay ruling on Plaintiffs' motion to remand in *State of Florida v. Alpharma, et al.*  The sole premise for this position is Mylan's erroneous belief that it is entitled to be heard on the federal jurisdiction issues that are pending before this Court in the *Alpharma* remand motion.  In fact,

5

however, there is no basis whatsoever for this Court to delay ruling on a fully briefed motion because an outside party wishes to express its views on the matter.

While it is true that there is a substantial similarity between the *Mylan* case pending in the Northern District of Florida and the *Alpharma* case that is, at least temporarily, part of MDL 1456, the fact remains that these are two separate cases. In fact, there is a third related case that is pending in Florida State Circuit Court in Leon County, Florida, *State of Florida ex rel. Ven-A-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corp., et al.*, Case No. 98-3032A (Fla. 2d Cir. Ct.). This Court's decision in the *Alpharma* case will not be res judicata or binding in any way on the Northern District of Florida in the *Mylan* case. And while any such decision will presumably be considered relevant precedent for the Northern District of Florida, it would serve the same purpose as the myriad of opinions remanding pharmaceutical pricing fraud cases already decided by federal district courts around the country. *See Minnesota v. Pharmacia Corp.*, 2005 U.S. Dist. LEXIS 27638 (D. Minn. 2005); *Montana v. Abbott Labs., Inc.*, 266 F. Supp. 2d 250 (D. Mass. 2003); *Pennsylvania v. TAP Pharma. Prod., Inc.*, 2005 U.S. Dist. LEXIS 19967 (E.D. Pa. 2005); *Wisconsin v. Abbott Laboratories, Inc.*, No. 05-C-408-C, slip op. 10 & 14 (W.D. Wis. 2005) (Opinion and Order dated Sept. 29, 2005); *Texas v. Abbott Labs., Inc.*, Civ. No. A-05-CA897-LY (W.D. Tex. 2005) (Mem. Op. and Order dated Dec. 5, 2005).

None of the above courts found it necessary or appropriate to delay decisions on the states' remand motions to await hearing from the *Mylan* parties in the Florida state case. If Plaintiffs were to accept the *Mylan* parties' logic, Plaintiffs could as easily argue that having this Court proceed with argument and decisions in the pharmaceutical price fraud cases brought by New York, Illinois and Kentucky – without participation by the State of Florida and Relator

6

Ven-A-Care – would be wrong.

*Mylan* posits that the State of Florida and Ven-A-Care have taken different procedural steps in the *Mylan* and *Alpharma* cases because they wish to have "two bites at the proverbial apple." Mylan Mem. at 4. This is baseless and, indeed, it does not even make sense. The *Alpharma* and *Mylan* cases are separate and they are proceeding separately. There is no apparent advantage to Plaintiffs to have different courts decide the *Alpharma* and *Mylan* remand motions. There have been no intervening remand decisions by this Court on federal subject matter jurisdiction issues that have influenced Plaintiffs' decisions on whether or not to oppose transfer of one of their cases to the MDL.[3] Accordingly, the notion that Plaintiffs are engaged in some type of forum shopping is baseless. To the contrary, one could easily surmise that the pharmaceutical manufacturer defendants, having lost five remand motions in a row outside the MDL, have as their only remaining hope for attaining a federal forum this MDL. But this type of forum shopping by the *Mylan* parties can also not be countenanced and Plaintiffs' *Alpharma* case should not be delayed on this basis.

What has driven Plaintiffs' decisions about whether or not to oppose transfer of their cases to this MDL have been considerations of timing. Plaintiffs' goal is to have their remand motions decided as quickly as possible, allowing the cases to be remanded to the Florida State Circuit Court where they belong. As noted above, a third case brought by the State of Florida against pharmaceutical manufacturers is proceeding actively in the Circuit Court for Leon County. *State of Florida ex rel. Ven-A-Care of the Florida Keys, Inc. v. Boehringer Ingelheim*

---

[3] This Court recently entered an order remanding *County of Erie v. Abbott Labs.*, Case No. 1:05-cv-11705-PBS (D. Mass, order Jan. 9, 2006) , but that decision was based solely on issues that have no bearing on the matters at issue in the instant remand motions.

*Corp.*, Case No. 98-3032A (Fla. 2d Cir. Ct.).   When the *Alpharma* case was removed and Defendants then sought transfer to this MDL, Plaintiffs decided not to oppose that transfer.

At this juncture, it makes no sense to have the *Alpharma* case await the *Mylan* case. First, this Court is on the verge of addressing the *Alpharma* federal subject matter jurisdiction remand issues in two weeks, sooner than the *Mylan* case would be transferred to the MDL. Although the Kentucky, Illinois, and New York cases and the Florida *Alpharma* case do not present identical issues of federal subject matter jurisdiction, it is reasonable for this Court to address the *Alpharma* case in tandem with the other state cases.  If Plaintiffs are not permitted to argue *Alpharma* at the January 27th hearing, this Court would likely be deciding related jurisdictional questions regarding Kentucky, Illinois and New York without the Florida Plaintiffs having been heard.  Second, with regard to having the *Mylan* removal heard in the Northern District of Florida, there is now a unanimous group of decisions from various federal district courts finding that cases with far stronger claims of federal jurisdiction than the *Mylan* case (i.e., Medicare co-payment claims and physician-reimbursement claims involving Medicare AWP) must be remanded to state court for lack of federal jurisdiction. *See Minnesota v. Pharmacia Corp.*, 2005 U.S. Dist. LEXIS 27638 (D. Minn. 2005); *Montana v. Abbott Labs., Inc.*, 266 F. Supp. 2d 250 (D. Mass. 2003); *Pennsylvania v. TAP Pharma. Prod., Inc.*, 2005 U.S. Dist. LEXIS 19967 (E.D. Pa. 2005); *Wisconsin v. Abbott Laboratories, Inc.*, No. 05-C-408-C, slip op. 10 & 14 (W.D. Wis. 2005) (Opinion and Order dated Sept. 29, 2005); *Texas v. Abbott Labs., Inc.*, Civ. No. A-05-CA897-LY (W.D. Tex. 2005) (Mem. Op. and Order dated Dec. 5, 2005).  There is simply no reason to prolong the delay to the *Alpharma* case that would be created by having yet another case transferred to this District just for the purpose of being remanded.  Plaintiffs will be

opposing the transfer of the *Mylan* case to this District, in favor of having the Northern District of Florida deal promptly with the pending *Mylan* remand motion.

      WHEREFORE, for the reasons stated above, Plaintiffs respectfully request this Court:

A.    Deny in its entirety the *Mylan* parties' Motion for Leave to File Brief of *Amici Curiae* in Opposition to Motion by State of Florida and Ven-A-Care to Participate in January 27th Hearing Regarding Remand;

B.    Deny in its entirety the *Mylan* parties' request that this Court stay proceedings in the separate *Alpharma* case; and

9

C.    Grant Plaintiffs such other and further relief as this Court deems just and equitable.

Respectfully submitted this 13th day of January 2006.

CHARLES J. CRIST, JR.

FLORIDA ATTORNEY GENERAL


_/s/_ Mark S. Thomas

Mark S. Thomas
Florida Bar No. 0001716
Mary S. Miller
Florida Bar No. 0780420
Joshua R. Heller
Florida Bar No. 0502901
Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
MEDICAID FRAUD CONTROL UNIT
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Tel: 850-414-3600
Fax: 850-487-9475
*Attorneys for the State of Florida*

Sherrie Savett
Susan Schneider Thomas
Gary Azorsky
Joy P. Clairmont
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103


Jonathan Shapiro
STERN, SHAPIRO, WEISSBERG & GARIN LLP
90 Canal Street
Boston, MA

10

James J. Breen
Alison W. Simon
The Breen Law Firm, P.A.
Post Office Box 297470
Pembroke Pines, FL 33029-7470

*Attorneys for Ven-A-Care of the Florida Keys, Inc*

11

## CERTIFICATE OF SERVICE

I hereby certify that I, Jonathan Shapiro, an attorney, caused a true and correct copy of

the **State of Florida and Relator, Ven-a-care of the Florida Keys' Memorandum in**

**Opposition to Motion of the Mylan Defendants to Participate as Amicus Curiae and to Stay**

**the Alpharma Litigation** to be served on all counsel of record electronically on January 13,

2006, pursuant to Paragraph 11 of Case Management Order No. 2, by sending a copy to LEXIS

File & Serve electronic filing service. I hereby also certify that a copy hereof was furnished via

telephone fax on this 13th day of January, 2006, to the following:

WAYNE A. CROSS
MICHAEL J. GALLAGHER
PAUL OLSZOWKA
SHERYL DICKEY
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
Fax 212-354-8113
Attorneys for Sandoz, Inc.

PETER ANTONACCI
JONATHAN P. KILMAN
GrayRobinson, P.A.
301 South Bronough Street
Suite 600 (32301)
Post Office Box 11189
Tallahassee, Florida 32302
Fax 850-577-3311
Attorneys for Novartis AG and Sandoz, Inc.

ROBERT J. MILLER
Reed Smith LLP
599 Lexington Avenue-28th Floor
New York, NY 10022
Fax 212-521-5450
Attorneys for Faulding, Inc. and Mayne
Group, Ltd.

DENNIS P. ORR
GRANT J. ESPOSITO
MICHELLE J. ANNUNZIATA
Mayer, Brown, Rowe & Maw LLP
1675 Broadway
New York, NY 10019
Fax 212-262-1910
Attorneys for Novartis AG

STEPHEN A. ECENIA
Rutledge, Ecenia, Purnell & Hoffman, P.A.
Post Office Box 551
215 South Monroe St., Suite 420
Tallahassee, Florida 32301
Fax 850-681-6515
Attorneys for Alpharma, Inc., Alpharma,
USPD, Inc. f/k/a Barre-National, Inc.,
Barre Parent Corporation, Purepac
Pharmaceutical Co.

JOHN R. FLEDER
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W. - Suite 1200
Washington, DC 20005
Fax 202-737-9329
Attorneys for Alpharma, Inc., Alpharma,

USPD,
Inc. f/k/a Barre-National, Inc., Barre Parent
Corporation, Purepac Pharmaceutical Co.
JAY B. SHAPIRO
CHRISTOPHER L. BARNETT
SAMUEL O. PATMORE
Stearns, Weaver, Miller, Weissler, Alhadeff
& Sitterson, P.A.
Suite 200-Museum Tower
150 West Flagler Street
Miami, Florida 33130
Fax 305-789-3395

___/s/  Jonathan Shapiro_____

Jonathan Shapiro
STERN, SHAPIRO, WEISSBERG & GARIN LLP
90 Canal Street
Boston, MA
**ATTORNEYS FOR VEN-A-CARE OF THE
 FLORIDA KEYS, INC.**

13