# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) | MDL No. 1456 |
| | ) | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | ) ) | |
| | ) | Judge Patti B. Saris |
| State of California *ex. rel.* Ven-A-Care, *et al.* v. Abbott Laboratories, Inc., *et al.*, Case No. 03-CV-2238 | ) ) ) ) ) ) | |

## [PROPOSED] ORDER GRANTING B. BRAUN OF AMERICA INC.'S MOTION TO DISMISS THE STATE OF CALIFORNIA'S FIRST AMENDED COMPLAINT IN INTERVENTION

THIS MATTER is before the Court on B. Braun of America Inc.'s Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(2), the claims brought against it in the State of California's First Amended Complaint in Intervention. The Court, having considered all submissions in support and opposition thereto, hereby orders as follows:

B. Braun of America Inc.'s Motion to Dismiss the State of California's First Amended Complaint in Intervention is GRANTED. B. Braun of America Inc. is dismissed as a defendant. McGaw, Inc., which does not exist as a legal entity, is dismissed as a defendant.

IT IS SO ORDERED.

Dated: _____

_____
Hon. Patti B. Saris
United States District Court Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) | MDL No. 1456 |
| | ) | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | ) ) | |
| | ) | Judge Patti B. Saris |
| State of California *ex. rel.* Ven-A-Care, *et al.* v. Abbott Laboratories, Inc., *et al.*, Case No. 03-CV-2238 | ) ) ) | |
| | ) ) | |
| | ) | |

## B. BRAUN OF AMERICA INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

This is the third time in MDL No. 1456 that this Court has been called upon to decide whether it has personal jurisdiction over B. Braun of America Inc. ("BBA"). By Memorandum and Order dated February 4, 2005, this Court dismissed BBA as a defendant in the private party plaintiffs' consolidated action for lack of personal jurisdiction, finding that BBA "does not manufacture or sell the drugs named in the AMCC" and it "is a holding company, operating no business of its own." *Id.* at 3. By Memorandum and Order dated February 7, 2005, this Court dismissed BBA as a defendant in the State of Montana's suit for lack of personal jurisdiction.

Ignoring this Court's prior rulings, the State of California has named BBA as a defendant in its First Amended Complaint in Intervention ("Complaint"). But California's Complaint against BBA fails for the same reason as the private plaintiffs' AMCC and Montana's complaint. It must be dismissed as to BBA because BBA has *no* contacts with the forum and is not a proper party to this suit. The Complaint also lists "McGaw, Inc." as an additional defendant associated with BBA. But "McGaw, Inc." does not exist as a legal entity. Accordingly, "McGaw, Inc." should be dismissed from this action as well.

## ARGUMENT

The State of California bears the burden of proving that this Court possesses personal jurisdiction over BBA, as determined by the law of California. *See Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992); *American Express Int'l., Inc. v. Mendez-Capellan*, 889 F.2d 1175 (1st Cir. 1989) (law of transferor forum applies). When jurisdiction is challenged by a defendant, the plaintiff "may *not* rely on unsupported allegations in [the] pleadings to make a prima facie showing of personal jurisdiction." *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992) (emphasis added).

California courts may exercise jurisdiction over nonresidents "on any basis not inconsistent with the Constitution of this state or of the United States." CAL. CODE CIV. PROC.

§410.10 (2005).   The federal Constitution permits a state to exercise jurisdiction over a nonresident defendant if the defendant has sufficient "minimum contacts" with the forum such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations and citations omitted).   "The 'substantial connection,' between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987) (internal citations omitted).

Thus, a nonresident defendant will be subject to the *general* jurisdiction of California courts where the defendant's contacts are "'substantial ... continuous and systematic.'" *Vons Cos., Inc. v. Seabest Foods, Inc.* 926 P.2d 1085, 1092 (Cal. 1997) (quoting *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952)).   If the nonresident defendant does not have substantial and systematic contacts with the forum state, the defendant may be subject to *specific* personal jurisdiction if (1) "the defendant has purposefully availed himself or herself of forum benefits'" with respect to the matter in controversy, (2) "the controversy is related to or arises out of [the] defendant's contacts with the forum," and (3) the exercise of jurisdiction would comport with fair play and substantial justice. *Pavlovich v. Superior Court*, 127 Cal. Rptr. 2d 329, 335 (Cal. 2002) (internal quotations and citations omitted); *Vons Cos., Inc.*, 926 P.2d at 1092-93; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

Here, despite a fulsome public record in this litigation, the State of California neither conducted inquiry into the jurisdictional basis for its claims, nor set forth any affirmative facts establishing minimum jurisdictional contacts necessary to assert personal jurisdiction over BBA. Throughout the Complaint, the State of California confusingly refers, *collectively*, to BBA, its

2

wholly-owned subsidiary (B. Braun Medical Inc.), and a non-existent entity, "McGAW, INC.," as simply "McGAW." Compl. ¶¶ 15, 119-22. The State thus attempts to conflate BBA with an entirely separate legal entity, B. Braun Medical Inc., and the dissolved corporation, McGaw, Inc. (which was acquired by and merged into B. Braun Medical Inc., *not* BBA). *See* Affidavit of Charles A. DiNardo, Attachment A To BBA Mem. ("DiNardo Aff.") at ¶ 4.[1]

The State of California has asserted five claims against "McGAW" based solely on the California False Claims Act, CAL. GOVERNMENT CODE § 12650, *et seq. See* Compl. ¶¶ 23, 181-201. The State made only limited allegations about "McGAW's" alleged contacts with the forum, and *it has made no jurisdictional allegations at all specifically about BBA*. In particular, the Complaint alleges that "[f]rom on or after January 1, 1994, to the present, Defendant McGAW knowingly caused hundreds of false claims for reimbursement for McGAW's drug products described herein to be presented to the Medi-Cal program for payment or approval." Compl. ¶ 119. The Complaint alleges that McGAW "knowingly used or caused the use of false statements about the prices of *its* drug products," thus causing "Medi-Cal [to] pay[] grossly excessive, unreasonable and unlawful amounts for *Defendant's drugs*." *Id.* (emphasis added).

But, BBA, incorporated and based in Pennsylvania, is *not* engaged in the business of manufacturing, distributing, or selling pharmaceuticals -- in California or elsewhere. DiNardo

---

[1] Although BBA submits the attached Affidavit, it does not believe it is necessary for deciding this motion, as the State of California has not and cannot offer sufficient evidence to establish a *prima facie* basis for the Court to exercise personal jurisdiction. However, where – as here – a defendant attacks the factual basis of jurisdiction, the Court may look beyond the allegations in the complaint. *See Aversa v. United States*, 99 F.3d 1200, 1209-10 (1st Cir. 1996). Should the Court deem it necessary, BBA requests an evidentiary hearing to consider fully its position under the preponderance of evidence standard. *See Archdiocese of Milwaukee v. Superior Court*, 5 Cal. Rptr. 3d 154, 165 (Cal. Ct. App. 2004); *Roy v. Superior Court*, 25 Cal. Rptr. 3d 488, 492 (Cal. Ct. App. 2005) ("[T]he burden is on the plaintiff to establish jurisdiction by a preponderance of the evidence.").

3

Aff. at ¶¶ 2, 5.   In fact, BBA has not transacted or solicited *any* business in the State of California, let alone submitted, or caused to be submitted, claims to Medi-Cal or any other agency of the State of California as alleged.   (*Id.* at ¶ 5-7.)   Further, BBA has not reported, advertised or published, or cause to be reported, advertised or published, any prices for *any* pharmaceuticals to "FDB" or any other entity.   (*Id.* at ¶ 8.)   In short, BBA conducts no business related to the allegations of the Complaint and is not a proper party to this suit.

Therefore, far from engaging in "certain minimum contacts" with the forum, BBA has had *no* contacts with the forum.   *See also Burger King Corp.*, 471 U.S. at 474 (exercise of personal jurisdiction comports with due process only if "the defendant purposely established 'minimum contacts' in the forum state.").   Because BBA has conducted no business in California, the State cannot meet its burden to establish that the exercise of personal jurisdiction is proper.[2]

Moreover, any contacts on the part of BBA's wholly-owned subsidiary (B. Braun Medical Inc.) do not give rise to either general or specific personal jurisdiction over BBA.   *See F. Hoffman-La Roche v. Superior Court*, 30 Cal. Rptr. 3d 407, 418 (Cal. Ct. App. 2005).   "[F]or purposes of jurisdiction, the analysis begins with the 'firm proposition that neither ownership nor control of a subsidiary corporation by a foreign parent corporation, without more, subjects the

---

[2]   The Complaint alleges that defendant "McGaw, Inc." was "a Delaware corporation with its principal offices in Irvine, California" and "was acquired by" BBA "and its wholly owned subsidiary, B. BRAUN MEDICAL[]Inc." in 1997.  Compl. at ¶ 15.  BBA, however, did *not* acquire McGaw, Inc.  *See* DiNardo Aff. at ¶ 4.  This conclusory (and incorrect) allegation is insufficient to establish personal jurisdiction over BBA.  *See, e.g., Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 904-06 (1st Cir. 1980) (finding conclusory allegations as to corporate interrelationship were insufficient to confer personal jurisdiction); *see also Fujitsu-ICL Systems, Inc. v. Efmark Service Co. of Illinois, Inc.*, -- F. Supp. 2d --, No. 00-CV-0777 W(LSP), 2000 WL 1409760, at *4 (S.D. Cal. Jun. 29, 2000) ("Plaintiff's mere conclusory allegations" insufficient to establish personal jurisdiction); *Jewish Defense Organization, Inc. v. Superior Court*, 85 Cal. Rptr. 2d 611 (Cal. Ct. App. 1999) (same).

parent to the jurisdiction of the state where the subsidiary does business.'" *Id.* (quoting *Sonora Diamond Corp. v. Superior Court*, 99 Cal. Rptr. 2d 824, 837 (Cal. Ct. App. 2000)). Indeed, "[j]urisdiction over a foreign parent corporation will *only* be sustained where the foreign parent manipulates the subsidiary to the detriment of creditors or the subsidiary is the alter ego of the parent." *Sammons Enters., Inc. v. Superior Court*, 253 Cal. Rptr. 261, 264-65 (Cal. Ct. App. 1988) (quoting *Westinghouse Elec. Corp. v. Superior Court*, 551 P.2d 847 (Cal. 1976) (emphasis added).

Although the Complaint attempts to conflate the activities of BBA and its wholly-owned subsidiary, *see*, *e.g.*, Compl. ¶¶ 15, 119-122, the Complaint does *not* allege that BBA either manipulated B. Braun Medical Inc. to the detriment of creditors, or that B. Braun Medical Inc. is simply BBA's "alter ego."   Thus, the Complaint fails to state any basis for asserting personal jurisdiction over BBA based on the jurisdictional contacts of its wholly-owned subsidiary, B. Braun Medical Inc.

In short, the State of California provides no basis for this Court to assert personal jurisdiction over BBA.  Accordingly, BBA respectfully submits that it should be dismissed as a defendant in this case.

## CONCLUSION

For the foregoing reasons, as well as those argued in the memoranda submitted jointly by defendants or by other defendants individually in support of their motions to dismiss, in which motions BBA joins to the extent applicable to it, the State of California's First Amended Complaint should be dismissed as to defendant B. Braun of America Inc.  Defendant "McGaw, Inc." should also be dismissed because it does not exist as a legal entity and therefore cannot be properly named as a party to this case.

Dated: January 17, 2006

Respectfully submitted,

    /s/ Daniel F. Attridge, P.C.
Daniel F. Attridge, P.C.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 879-5012
Facsimile:  (202) 654-9555

**_Counsel for B. Braun of America Inc._**

# ATTACHMENT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> State of California *ex. rel.* Ven-A-Care, *et. al.* ) <br> v. Abbott Laboratories, Inc., *et. al.* ) <br> Case No. 03-CV-2238 ) <br> ) <br> ) <br> ) | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris |

COUNTY OF LEHIGH            )
                           )     ss:
COMMONWEALTH OF PENNSYLVANIA  )

## AFFIDAVIT OF CHARLES A. DINARDO

1. My name is Charles A. DiNardo. I am the Senior Vice President, Chief Corporate Officer, and Secretary at B. Braun of America Inc. ("BBA"). I provide this affidavit based on my own personal knowledge and after reasonable inquiry of available sources of information at BBA.

2. BBA is incorporated in Pennsylvania. It is also based there.

3. I understand that BBA is named as one of the defendants in the State of California's First Amended Complaint in Intervention (the "Complaint"), filed on or about October 6, 2005 and styled *State of California ex. rel. Ven-A-Care, et. al. v. Abbott Laboratories, Inc., et. al.*, Case No. 03-CV-2238.

4. I understand that the Complaint alleges that an entity called "McGaw, Inc." "was acquired by" BBA "and its wholly owned subsidiary, B. BRAUN MEDICAL[]Inc." in 1997. Complaint ¶ 15. This is incorrect. BBA did not acquire McGaw, Inc. in 1997 as alleged. Rather, McGaw, Inc. was acquired by and merged into a separate corporate entity, B. Braun Medical Inc. McGaw, Inc. no longer exists as a legal entity.

5. I understand that the Complaint appears to allege, by including BBA among the three entities that it collectively refers to as "McGAW," that BBA is engaged in the business of manufacturing, distributing, or selling certain pharmaceuticals. Complaint ¶¶ 15, 119-22.

This is incorrect.   BBA has not engaged in any of these activities -- in California or elsewhere.

6. BBA is a holding company, operating no business of its own.  BBA has not transacted any business in the State of California and has not directed any activities toward the State.

7. BBA has not submitted, or caused to be submitted, any claims for reimbursement to Medi-Cal or any other agency of the State.

8. BBA has not reported, advertised or published, or caused to be reported, advertised or published, any prices for any pharmaceuticals.

_____
Charles A. DiNardo

Subscribed and sworn to before me
this _17_ th day of January 2006.

_____
Notary Public

Notarial Seal
Mary L. Scott-Perez, Notary Public
City of Bethlehem, Lehigh County
My Commission Expires Jan. 29, 2007
Member, Pennsylvania Association of Notaries

2