UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL No. 1456 ) ) CIVIL ACTION: 01-CV-12257-PBS ) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) Judge Patti B. Saris ) Chief Mag. Judge Marianne B. Bowler ) |

STANLEY HOPKINS' OBJECTIONS TO MAGISTRATE BOWLER'S RULING
ON DR. HOPKINS' MOTION TO QUASH ASTRAZENECA'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS AND NOTICE OF SUBPOENA AD
TESTIFICANDUM AND DUCES TECUM FOR DR. HOPKINS' COUNSEL --
**NO ORAL ARGUMENT REQUESTED; ORAL ARGUMENT WAIVED**

Stanley C. Hopkins, a defendant in certain New Jersey litigation removed to federal court and transferred to this MDL, respectfully submits the following Objection to Magistrate Bowler's Ruling of January 6, 2006, in which Magistrate Bowler overruled Dr. Hopkins' Motion to Quash AstraZeneca's First Request for Production of Documents and Notice of Subpoena Ad Testificandum and Duces Tecum for Dr. Hopkins' Counsel.

**Procedural Background**

Defendant AstraZeneca has served Dr. Hopkins with a Request for production of documents and a Notice of Subpoena ad Testificandum and Duces Tecum (Exhibit 1). The documents and deposition seek to explore whether Dr. Hopkins was fraudulently joined in a New Jersey class action, subsequently removed and transferred to this MDL.  Put simply, the notice seeks to discover documents and conversations between New Jersey class action counsel and counsel for Dr. Hopkins relating to settlement negotiations.  Those procedural facts are set forth in Dr. Hopkins' Motion to Quash, attached as Exhibit "2."

On January 6, 2006, Magistrate Judge Bowler entered an electronic order granting in part and denying in part Dr. Hopkins' Motion to Quash (attached as Exhibit "3"). The order required production of a privilege log and permitted the deposition of the undersigned. Dr. Hopkins does not object to providing the privilege log. (For reasons set forth below, based upon AstraZeneca's purported need for the discovery to show that Dr. Hopkins refused to consent to removal (his consent was never sought by AstraZeneca) in exchange for a favorable settlement, it is assumed that the Magistrate's Order applies only to pre-service communications and documents). There are only two documents over which Dr. Hopkins asserts privilege in that category: (1) notes of a telephone conversation that occurred before Dr. Hopkins accepted service of the New Jersey complaint between counsel for Dr. Hopkins and counsel for the plaintiff; and, (2) a proposed Memorandum of Understanding between Dr. Hopkins and counsel for the plaintiff's class which was never executed or entered, but reflects the state of ongoing discussions between counsel that were truncated by the removal of this case to federal court.

**Analysis**

Several reasons justify this Court's overruling Magistrate Judge Bowler's ruling.

First, this Court has scheduled a hearing for January 27, 2006, to consider Plaintiff's motion to remand. Whatever the outcome of that motion, the requested discovery will be moot.

Second, <u>Dr. Hopkins could not have been fraudulently joined to destroy this Court's diversity jurisdiction because Dr. Hopkins himself, a Florida resident named in a New Jersey action, creates diversity</u>. Whatever else the defendants must demonstrate, at the end of the day they must demonstrate that plaintiffs joined Dr. Hopkins for the purpose of defeating the Court's jurisdiction. It is difficult to see precisely how plaintiffs could have defeated federal jurisdiction by joining a jurisdiction-creating party.

Third, even if Dr. Hopkins had been joined to destroy federal jurisdiction, AstraZeneca has failed altogether to assert the sort of "outright fraud committed in the plaintiff's pleadings" required to demonstrate fraudulent joinder. *See* this Court's January 9, 2006, Memorandum and Order remanding *County of Erie v. Abbott Laboratories, et al.*, Civ. Action No. 105-CV-11705-PBS (D. Mass. January 9, 2006). (This Order was released after Judge Bowler issued the Order partially denying Dr. Hopkins' Motion to Quash.)  (Exhibit "3".)  AstraZeneca justifies the requested discovery on grounds that AstraZeneca needs to "discover information on whether Dr. Hopkins accepted service of the complaint and refused to consent to removal as part of an agreement or understanding with plaintiff that plaintiff would not pursue its alleged claims against Dr. Hopkins." S*ee* AstraZeneca's Memorandum of Law in Opposition to Defendant Dr. Stanley Hopkins' Motion to Quash (Exhibit "4").  This, simply put, does not rise to the level of a fraud in the pleadings, even if true.  Even assuming for the sake of this argument that "Dr. Hopkins accepted service of the complaint and refused to consent to removal as part of an agreement or understanding with plaintiff that plaintiff would not pursue its alleged claims against Dr. Hopkins," and even if as a consequence of that, Dr. Hopkins would have denied AstraZeneca's consent (which, contrary to its assertions, AstraZeneca never sought), this allegation does not constitute the sort of "outright fraud committed in the pleadings" necessary to justify the sought-after deposition and documents.  Certainly defendants have failed to cite any cases to support this proposition, especially given that we are dealing with a jurisdiction-creating defendant.

The issue about which AstraZeneca seeks discovery has nothing whatsoever to do with what is *in* the pleadings, but the manner in which AstraZeneca believes Dr. Hopkins accepted service.  Indeed, as to whether there is fraud in the pleadings, Dr. Hopkins has already been

3

deposed in this matter, during which AstraZeneca and anyone else who cared to was free to attempt to elicit whatever information it felt was relevant to the issue.  Moreover, it is difficult to see where AstraZeneca has any standing whatsoever to assert Dr. Hopkins' claim to improper service, which is in effect what AstraZeneca is doing.

Fourth, AstraZeneca's Memorandum of Law suggests to the Court that AstraZeneca sought Dr. Hopkins' consent to removal and that he denied such consent.  In fact, Dr. Hopkins' consent for removal was never sought.  Even had Dr. Hopkins consented to accept service with a promise of favorable treatment in settlement as a *quid pro quo* for Dr. Hopkins denial of AstraZeneca's request for consent to removal, AstraZeneca never sought that consent.  Whether or why Dr. Hopkins might or might not have denied consent is completely irrelevant where AstraZeneca never requested it.

Under the circumstances, any information produced to defendants, whether documentary or testimonial in this regard, would be irrelevant as a matter of law, and could not possibly lead to the discovery of relevant evidence on the issue of remand.  *See, e.g., In re Lupron Litig.*, 2005 WL 613492 (D. Mass) (denying motion to compel discovery of settlement negotiations); *Doe v. Methacton School Dist.*, 164 F.R.D. 175 (E.D. Pa. 1995) (discovery of settlement agreement precluded for failure to show relevance).

## **CONCLUSION**

Under the circumstances, this Court should overrule Magistrate Bowler to the extent Judge Bowler permitted any discovery against Dr. Hopkins or his attorney on the fraudulent joinder issue, and should impose all other remedies available to Dr. Hopkins in law or equity.  First, the Court's pending January 27 hearing on the motion to remand will render such discovery moot.  Second, the fraudulent joinder issues are frivolous because Dr. Hopkins

4

actually created diversity in the New Jersey case.  Third, AstraZeneca has failed to allege "outright fraud in plaintiff's pleadings" required to demonstrate fraudulent joinder.  Fourth, contrary to its assertions, AstraZeneca never requested Dr. Hopkins' consent to removal.  Fifth, Dr. Hopkins has already been deposed in the MDL, where issues of fraud in the pleadings could easily have been explored.

**UNDERSIGNED COUNSEL HEREBY WAIVES ORAL ARGUMENT AND REQUESTS THE COURT DECIDE THE ISSUE ON THE PLEADINGS.**

Dated: January 17, 2006　　　　　　　　　　Respectfully submitted,


*/s/ Jack E. Fernandez*
Jack E. Fernandez
Zuckerman Spaeder, LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602
Telephone: 813-221-1010
Facsimile: 813-223-7961
**Counsel for Defendant Stanley C. Hopkins, M.D.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January, 2006, I electronically filed the above objections with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.


*/s/ Jack E. Fernandez*
Attorney