## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE:  PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE )
LITIGATION )

) MDL No. 1456
) Civil Action No. 01-CV-12257-PBS
)
)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

)
THIS DOCUMENT RELATES TO: ) Hon. Patti B. Saris
International Union of Operating Engineers, )
Local No. 68 Welfare Fund v. AstraZeneca PLC )
et al. Civil Action No. 04-11503-PBS )
)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF SUBPOENA
### AD TESTIFICANDUM AND DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant AstraZeneca Pharmaceuticals L.P. will serve a subpoena in the

above-captioned action, a copy of which is attached hereto, requiring non-party witness,

Jack Fernandez, Esq. (i) to appear to testify at a deposition on the 11th day of October,

2005, at 2:00 p.m. at the offices of Dreyer & Associates, 201 N. Franklin Street, Suite

1775, Tampa, Florida 33602, or at such other location, date, and time as may be agreed

upon by counsel, and (ii) to produce documents responsive to the attached schedule of

documents.

The deposition shall be taken before a notary public or other officer authorized by

law to administer oaths, shall continue from day to day until completed and shall be

recorded by stenographic means.

EXHIBIT "1"

Dated: September 16, 2005
       New York, New York

Respectfully submitted,

DAVIS POLK & WARDWELL

By: _James J. Duffy_
    James J. Duffy
    D. Scott Wise
    Kimberley Harris
    450 Lexington Avenue
    New York, New York 10017

- and -

FOLEY HOAG LLP

Nicholas C. Theodorou
Lucy Fowler
155 Seaport Boulevard
Boston, MA 02110

Attorneys for AstraZeneca
Pharmaceuticals L.P.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Middle District of Florida

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION | : **SUBPOENA IN A CIVIL CASE**<br>: **MDL NO. 1456**<br>:<br>: **Civil Action No. 01-12257-PBS**<br>:<br>: **Judge Patti B. Saris**<br>: **(case pending in D. Mass.)** |

THIS DOCUMENT RELATES TO:
**International Union of Operating Engineers,**
**Local No. 68 Welfare Fund v.**
**AstraZeneca PLC, et al.,**
**Civil Action No. 04-11503-PBS**

TO:  Jack Fernandez, Esq.
     Zuckerman, Spaeder, LLP
     101 E. Kennedy Blvd., Suite 1200
     Tampa, Florida 33602

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Dreyer & Associates<br>201 N. Franklin St., Suite 1775<br>Tampa, Florida 33602 | DATE AND TIME<br>October 11, 2005 at 2:00 p.m. |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
     See Schedule A, attached hereto.

| PLACE<br>Same as above. | DATE AND TIME |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*<br><br>Attorney for Defendant AstraZeneca Pharmaceuticals LP | DATE<br><br>September 16, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: James J. Duffy, Davis Polk & Wardwell, 450 Lexington Avenue, New York, NY 10017. (212) 450 4000.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i)   fails to allow reasonable time for compliance;
      (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv)  subjects a person to undue burden.

(B) If a subpoena

      (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

990483v1

## SCHEDULE A

(Schedule of Documents to be Produced)

### DEFINITIONS

1.  "You" means Jack Fernandez, Esq. and other lawyers or employees of the firm Zuckerman, Spaeder, LLP.

2.  "Plaintiff's Counsel" means the counsel of record for the plaintiff in the IUOE Action and other lawyers at the counsel of record's law firms who are familiar with the IUOE Action.

3.  The "IUOE Action" means <u>International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca PLC et al.</u>, Civil Action No. 04-11503-PBS (D. Mass.). This action was originally filed in New Jersey Superior Court (Monmouth County) and was removed on July 3, 2003 to United States District Court for the District of New Jersey (Civil Action No. 03-3230 (SRC) (D.N.J.)). On December 3, 2003, the Joint Panel on Multidistrict Litigation transferred the case for coordinated and consolidated pretrial proceedings to the Average Wholesale Price ("AWP") Multidistrict Litigation (MDL No. 1456, Civil Action No. 01-CV-12257-PBS (D. Mass.)).

4.  The term "Complaint" means the Class Action Complaint filed in connection with the IUOE Action in the Superior Court of New Jersey, Monmouth County, on or about June 30, 2003.

5.    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, telephone records, message slips or their electronic equivalent, and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

6.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.    The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

8.    The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

## INSTRUCTIONS

1.    The documents to be produced will be inspected and may be copied at the time specified in the subpoena. You will not be required to surrender original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production, or in the alternative you may deliver the copies to the attorney whose name appears on this subpoena.

2.    You are subpoenaed by the attorney whose name appears on this subpoena and unless excused from your duties under the subpoena

2

by the attorney or the Court, you shall respond to this subpoena as directed under penalty of contempt of court.

3. Unless otherwise indicated, this request calls for production of all documents responsive to the request that are in your possession, custody or control. A document is in your possession, custody or control if you have actual possession or custody of the document or the right to obtain the document or a copy thereof from any other person that has actual physical possession thereof.

4. Documents should be produced in the manner in which they are maintained in the ordinary course of business. All documents that are physically attached to each other, whether stapled, clipped or otherwise fastened, shall be produced in that manner. Documents that are segregated from other documents, whether by inclusion in binders, files, sub-files or by the use of dividers, tabs or any other method, shall be produced in that form with the corresponding file name or label attached.

5. If any portion of a document is responsive to a request, the entire document should be produced.

6. If any document is withheld from production based upon an assertion of privilege, then, at the time of production, supply a log that provides with specificity for each document so withheld: (1) the type of document; (2) the author(s), addressee(s), and all recipients of the document; (3) the general subject matter of the

3

document; (4) the date of the document; (5) the privilege that you

claim applies; (6) such other information as is sufficient to identify

the document for a subpoena duces tecum or to enable the Court to

make an in camera determination of any privilege.

7.      If a portion of an otherwise responsive document contains

information that you claim is subject to a claim of privilege, then

such portions shall be redacted from the document, with such

redacted material to be described in the same manner as set forth in

the preceding instruction, and the rest of the document shall be

produced.

8.      Unless otherwise expressly stated, each request calls for all

documents described, regardless of the time or date prepared,

authored, generated, revised, sent, received or used, for any date

beginning on January 1, 2002 to the present.

9.      These requests are continuing in nature and shall require further

and supplemental production if you or your agents receive,

discover or create, at any time up to the date of final judgment in

the above-referenced action, additional documents that fall within

the scope of one or more of the requests herein.

## DOCUMENTS REQUESTED

1.      All documents concerning any communications between you and

Plaintiff's Counsel, relating in any way, in whole or in part, to the

IUOE Action or Dr. Stanley C. Hopkins, including notes of

4

conversations with Plaintiff's Counsel in which the IUOE Action was discussed.

2.   All documents concerning any communications between you and counsel for Defendant AstraZeneca Pharmaceuticals LP, relating in any way, in whole or in part, to the IUOE Action or Dr. Stanley C. Hopkins, including notes of conversations with counsel for AstraZeneca Pharmaceuticals LP in which the IUOE Action was discussed.

3.   All documents concerning, reflecting, evidencing, or relating to the service of the summons and/or Complaint in the IUOE Action on Dr. Stanley C. Hopkins or the waiver of service by Dr. Stanley C. Hopkins or counsel acting for Dr. Hopkins, including, but not limited to, proof of service, mailing, or shipping via Federal Express, or other courier records, receipts, correspondence, e-mails, or records of a similar kind.

4.   All documents concerning any proposals or agreements with plaintiff herein or with Plaintiff's Counsel regarding Dr. Stanley C. Hopkins or the IUOE Action.

5.   All documents concerning any communications between you and Plaintiff's Counsel with respect to communications or proposed communications with the Courts in which the IUOE Action is or has been pending.

5