## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                               )

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | )<br>)<br>) MDL No. 1456<br>) Civil Action No. 01-CV-12257-PBS<br>)<br>) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| THIS DOCUMENT RELATES TO:<br>International Union of Operating Engineers,<br>Local No. 68 Welfare Fund v. AstraZeneca PLC<br>et al. Civil Action No. 04-11503-PBS | )<br>) Hon. Patti B. Saris<br>)<br>)<br>)<br>) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DR. STANLEY C. HOPKINS' MOTION TO QUASH

      Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully submits this Memorandum of Law in Opposition to Defendant Dr. Stanley C. Hopkins' Motion to Quash AstraZeneca's First Request for Production of Documents to Defendant Dr. Stanley C. Hopkins (the "Request," attached to the Declaration of Lucy Fowler ("Fowler Decl.") as Exhibit 1) and its subpoena ad testificandum and duces tecum to Dr. Hopkins' counsel, Jack E. Fernandez, Esq. (the "Subpoena," Fowler Decl. Exhibit 2).

### INTRODUCTION

      This Court's August 19, 2005 Memorandum and Order ("August 19 Order") ordered AstraZeneca to complete discovery on the claim of fraudulent joinder within sixty days of the date of the Order. August 19 Order at 4. Pursuant to the August 19 Order, AstraZeneca served document requests on defendant Dr. Hopkins and a subpoena for documents and testimony on his counsel, Mr. Fernandez, concerning the

EXHIBIT "4"

circumstances surrounding plaintiff's purported service of the summons and complaint on

Mr. Fernandez and Dr. Hopkins' subsequent refusal to consent to removal. Specifically,

AstraZeneca seeks discovery of any documents evidencing service on Dr. Hopkins as

well as documents relating to communications between Dr. Hopkins or his counsel and

plaintiff or its counsel.

This discovery is narrowly targeted to discover information on whether Dr.

Hopkins accepted service of the complaint and refused to consent to removal as part of an

agreement or understanding with plaintiff that plaintiff would not pursue its alleged

claims against Dr. Hopkins. Access to such discovery is critical to AstraZeneca's ability

to evaluate and demonstrate fraudulent joinder in this case. Indeed, Dr. Hopkins' and Mr.

Fernandez's refusal to comply with the Request and the Subpoena, based in part on a

purported "settlement privilege" under Rule 408 of the Federal Rules of Evidence, only

serves to highlight that this discovery is not only appropriate, but essential. In contrast,

none of the arguments advanced by Dr. Hopkins or his counsel justify their total refusal

to comply with this properly issued discovery. Accordingly, the motion should be

denied.

## ARGUMENT

## I.     Federal Rule of Evidence 408 Does Not Preclude the Discovery Sought by the Request and Subpoena.

Dr. Hopkins and his counsel object to the discovery sought by AstraZeneca in the

Request and Subpoena because such discovery purportedly requires the disclosure of

information protected under the attorney-client privilege and the work product privilege.

See Dr. Hopkins' Memorandum of Law in Support of His Motion to Quash ("Hopkins'

2

Mem.") at 3. Such an objection, however, is not a valid ground to quash the Request and
Subpoena in their entirety. If Dr. Hopkins or his counsel possess responsive documents
that are indeed protected under the attorney-client or work product privileges, such
documents should be withheld from production and described in a privilege log, as is
provided for in both the Request and Subpoena. See Request at 3-4 (Fowler Decl.
Exhibit 1); Subpoena at 4-5 (Fowler Decl. Exhibit 2). Similarly, if answering certain
questions during a deposition would require Mr. Fernandez to reveal privileged
information, he may invoke either the attorney-client privilege or work product privilege
in declining to respond. AstraZeneca does not challenge Dr. Hopkins' or Mr.
Fernandez's right to withhold information on the basis of either the attorney-client or
work product privilege, but Dr. Hopkins and his counsel are still required to produce
responsive documents and provide testimony that are not covered by these privileges.

Dr. Hopkins and his counsel also argue that the Request and Subpoena should be
quashed because they "seek to have counsel produce evidence of settlement
communications with Plaintiff's counsel," which they claim are protected by Federal
Rule of Evidence 408. Hopkins Mem. at 2. Such an argument is without merit. To the
extent that the Request and Subpoena seek documents and testimony evidencing
"settlement communications" between plaintiff's counsel and Dr. Hopkins or Mr.
Fernandez, Federal Rule of Evidence 408 does not bar such discovery.

Rule 408 provides, in relevant part:

> Evidence of (1) furnishing or offering or promising to furnish, or (2)
> accepting or offering or promising to accept, a valuable consideration in
> compromising or attempting to compromise a claim which was disputed as
> to either validity or amount, is not admissible to prove liability for or
> invalidity of the claim or its amount. Evidence of conduct or statements

3

> made in compromise negotiations is likewise not admissible. This rule
> does not require the exclusion of any evidence presented in the course of
> compromise negotiations. This rule also does not require exclusion when
> the evidence is offered for another purpose, such as proving bias or
> prejudice of a witness, negativing a contention of undue delay . . . .

First, the documents and testimony sought by AstraZeneca in the Request and

Subpoena fall outside of the scope of this rule. The rule does not prohibit the use of

"compromise evidence if it is offered to prove something other than liability for or

invalidity of a claim or its amount." 23 Charles Alan Wright & Kenneth W. Graham, Jr.,

Federal Practice and Procedure: Evidence § 5310 (1980 & Supp. 2005). To the extent

that AstraZeneca seeks information related to settlement discussions, it seeks such

information in the context of the service and fraudulent joinder issues, not to prove or

disprove the liability or invalidity of plaintiff's claims.

Second, even if the requested documents and testimony fell within the ambit of

Rule 408, courts have interpreted the rule to restrict only the *admissibility* – not the

*discoverability* – of information concerning settlement discussions. See, e.g., In re Gen.

Motors Corp. Engine Interchange Litig., 594 F.2d 1106, 1124 n.20 (7th Cir. 1979)

("Inquiry into the conduct of the [settlement] negotiations is also consistent with the letter

and the spirit of Rule 408 of the Federal Rules of Evidence. That rule only governs

admissibility."); In re Subpoena Issued to Commodity Futures Trading, 370 F. Supp. 2d

201, 209-12 (D.D.C. 2005) (noting that a "substantial number of cases have rejected such

a privilege," and reaching the same result); Morse/Diesel, Inc. v. Fid. & Deposit Co. of

Md., 122 F.R.D. 447, 449 (S.D.N.Y. 1988) ("[Rule 408] . . . only applies to the

admissibility of evidence at trial and does not necessarily protect such evidence from

discovery."); see also Atchison Casting Corp. v. Marsh, Inc., 216 F.R.D. 225, 226-27 (D.

4

Mass. 2003) (accepting plaintiff's argument that courts can allow discovery of

information related to confidential settlement agreements and holding that policies

favoring liberal discovery outweighed plaintiff's claim of confidentiality).

Tellingly, Dr. Hopkins and Mr. Fernandez fail to cite any authority to support

their contention that discovery of settlement communications is barred by Federal Rule of

Evidence 408.

Accordingly, any responsive documents or testimony relating to settlement

discussions between plaintiff's counsel and Dr. Hopkins or Mr. Fernandez is

discoverable, and Dr. Hopkins and Mr. Fernandez cannot use Rule 408 as a "screen for

curtailing [AstraZeneca's] right of discovery." In re Subpoena Issued to Commodity

Futures Trading, 370 F. Supp. 2d at 208-09 (quoting 2 Weinstein's Federal Evidence

§ 408.07 (2005)).

## II.     Dr. Hopkins' Joinder in Plaintiff's Motion for Remand Cannot Serve as a Substitute for Discovery.

Dr. Hopkins and his counsel argue that the Request and Subpoena should also be

quashed because Dr. Hopkins' Joinder in Plaintiff's Motion for Remand contains all of

the necessary information concerning when and how Dr. Hopkins was served in this case.

See Hopkins' Mem. at 2. Such a contention is mistaken. The only information

concerning service contained in Dr. Hopkins' Joinder is that "[Mr. Fernandez] accepted

service of the Class Action Complaint on behalf of his client, defendant, Stanley C.

Hopkins, M.D., on July 3, 2003." Joinder of Defendant Stanley C. Hopkins, M.D., in

Plaintiff's Motion for Remand, or, in the Alternative, Motion to Remand Pursuant to 28

U.S.C. § 1448 ("Hopkins Joinder") ¶ 3 (Fowler Decl. Exhibit 3). Such a paucity of facts

concerning the service of Dr. Hopkins is insufficient to evaluate and determine whether

Dr. Hopkins was properly served under New Jersey law, see Citibank, N.A. v. Russo, 759

A.2d 865, 868 (N.J. Super. Ct. App. Div. 2000) (holding that service pursuant to Rule

4:4-4(c) is valid if "the defendant answers or otherwise appears in the action"), or

whether Mr. Fernandez's purported acceptance of service via mail – in lieu of personal

service of the New Jersey complaint on his out-of-state client, as is preferred under New

Jersey law, see N.J. Ct. R. 4:4-4(a) – was part of a larger agreement with plaintiff relating

to consent to removal. Thus, additional discovery on this issue is needed.

## CONCLUSION

For the reasons stated above, AstraZeneca respectfully requests that Dr. Hopkins'

and Mr. Fernandez's Motion to Quash be denied.

Respectfully Submitted,                 By:   /s/ Lucy Fowler


DATED:   October 11, 2005              Nicholas C. Theodorou (BBO #496730)
                                       Lucy Fowler (BBO# 647929)
                                       FOLEY HOAG LLP
                                       155 Seaport Boulevard
                                       Boston, MA 02110

                                       D. Scott Wise
                                       Michael Flynn
                                       Kimberley Harris
                                       DAVIS POLK & WARDWELL
                                       450 Lexington Avenue
                                       New York, NY 10017

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on October 11, 2005, a copy to Verilaw Technologies for posting and notification to all parties.

/s/ Lucy Fowler
Lucy Fowler

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          )
IN RE: PHARMACEUTICAL INDUSTRY            )
AVERAGE WHOLESALE PRICE                    )  MDL No. 1456
LITIGATION                                )  Civil Action No. 01-CV-12257-PBS
                                          )
                                          )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          )
THIS DOCUMENT RELATES TO:                 )  Hon. Patti B. Saris
International Union of Operating Engineers,)
Local No. 68 Welfare Fund v. AstraZeneca PLC )
et al. Civil Action No. 04-11503-PBS      )
                                          )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## DECLARATION OF LUCY FOWLER IN SUPPORT OF ASTRAZENECA'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DR. STANLEY C. HOPKINS' MOTION TO QUASH

I, Lucy Fowler, hereby declare that:

1.  I am an associate at Foley Hoag LLP, which serves as counsel to defendant

    AstraZeneca Pharmaceuticals LP in the above-captioned litigation.

2.  This declaration is submitted in support of AstraZeneca's Memorandum of Law

    in Opposition to Defendant Dr. Stanley C. Hopkins' Motion to Quash.

3.  Attached as Exhibit 1 is a true and correct copy of Defendant AstraZeneca's First

    Request for Production of Documents to Defendant Dr. Stanley C. Hopkins, dated

    September 16, 2005.

4.  Attached as Exhibit 2 is a true and correct copy of Subpoena ad Testificandum

    and Duces Tecum issued to Jack E. Fernandez, Esq., dated September 16, 2005.

5.    Attached as Exhibit 3 is a true and correct copy of Joinder of Defendant Stanley

C. Hopkins, M.D., in Plaintiff's Motion for Remand, or, in the Alternative,

Motion to Remand Pursuant to 28 U.S.C. § 1448, dated August 4, 2003.


By:    /s/ Lucy Fowler


DATED:    October 11, 2005            Lucy Fowler (BBO# 647929)
                                     FOLEY HOAG LLP
          Boston, MA                 155 Seaport Boulevard
                                     Boston, MA  02110

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on October 11, 2005, a copy to Verilaw Technologies for posting and notification to all parties.

/s/ Lucy Fowler
Lucy Fowler

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                 )
IN RE:  PHARMACEUTICAL INDUSTRY                  )
AVERAGE WHOLESALE PRICE                          )   MDL No. 1456
LITIGATION                                       )   Civil Action No. 01-CV-12257-PBS
                                                 )
                                                 )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                 )
THIS DOCUMENT RELATES TO:                        )   Hon. Patti B. Saris
International Union of Operating Engineers,       )
Local No. 68 Welfare Fund v. AstraZeneca PLC     )
et al. Civil Action No. 04-11503-PBS             )
                                                 )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## DEFENDANT ASTRAZENECA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DR. STANLEY C. HOPKINS

Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca"), by its counsel,

hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that

Defendant Dr. Stanley C. Hopkins produce within thirty (30) days of service the

documents listed below.

## DEFINITIONS

1.     "You" or "your" means Defendant Dr. Stanley C. Hopkins, and any

attorneys, and their employees, acting on your behalf.

2.     "Plaintiff's Counsel" means the counsel of record for the plaintiff in the

IUOE Action and other lawyers at the counsel of record's law firms who are familiar

with the IUOE Action.

3.     The "IUOE Action" means International Union of Operating Engineers,

Local No. 68 Welfare Fund v. AstraZeneca PLC et al., Civil Action No. 04-11503-PBS

1

(D. Mass.). This action was originally filed in New Jersey Superior Court (Monmouth County) and was removed on July 3, 2003 to United States District Court for the District of New Jersey (Civil Action No. 03-3230 (SRC) (D.N.J.)). On December 3, 2003, the Joint Panel on Multidistrict Litigation transferred the case for coordinated and consolidated pretrial proceedings to the Average Wholesale Price ("AWP") Multidistrict Litigation (MDL No. 1456, Civil Action No. 01-CV-12257-PBS (D. Mass.)).

     4.     The term "Complaint" means the Class Action Complaint filed in connection with the IUOE Action in the Superior Court of New Jersey, Monmouth County, on or about June 30, 2003.

     5.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

     6.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, telephone records, message slips or their electronic equivalent, and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

     7.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

     8.     The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

     9.     The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

2

10.    "Copy" or "Copies," when used in reference to a document, means any color or black-and-white reproduction of a document, regardless of whether the reproduction is made by means of carbon paper pressure, sensitive paper, photostat, xerography, or other means or process.

11.    "Relating" means in any way concerning or referring to, consisting of, involving, regarding or connected with the subject matter of the request.

### INSTRUCTIONS

1.    Unless otherwise specifically stated, the requests below refer to the period of January 1, 2002 to the present.

2.    The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

3.    Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

3

4.     If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document. If the document has been destroyed, state the reason for its destruction.

5.     Provide the following information for each document withheld on the grounds of privilege:

(a)     its date;

(b)     its title;

(c)     its author;

(d)     its addressee;

(e)     the specific privilege under which it is withheld;

(f)     its general subject matter; and

(g)     a description of it that you contend is adequate to support your contention that it is privileged.

6.     These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial.

7.     The documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.

4

8.      To the extent that you consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which you object and each ground for each objection.

## DOCUMENTS TO BE PRODUCED

1.      All documents concerning any communications between you and Plaintiff's Counsel, relating in any way, in whole or in part, to the IUOE Action, including notes of conversations with Plaintiff's Counsel in which the IUOE Action was discussed.

2.      All documents concerning any communications between you and counsel for Defendant AstraZeneca Pharmaceuticals LP, relating in any way, in whole or in part, to the IUOE Action, including notes of conversations with counsel for AstraZeneca Pharmaceuticals LP in which the IUOE Action was discussed.

3.      All documents concerning, reflecting, evidencing, or relating to the service of the summons and/or Complaint in the IUOE Action on you or the waiver of service by you or counsel acting on your behalf, including, but not limited to, proof of service, mailing, or shipping via Federal Express, or other courier records, receipts, correspondence, e-mails, or records of a similar kind.

4.      All documents concerning any proposals or agreements with plaintiff herein or with Plaintiff's Counsel regarding you or the IUOE Action.

5

5.    All documents concerning any communications between you and

Plaintiff's Counsel with respect to communications or proposed communications with the

Courts in which the IUOE Action is or has been pending.

Dated:  September 16, 2005
        New York, New York

Respectfully submitted,

DAVIS POLK & WARDWELL

By: _____
        James J. Duffy
        D. Scott Wise
        Kimberley Harris
        450 Lexington Avenue
        New York, New York 10017

- and -

FOLEY HOAG LLP

Nicholas C. Theodorou
Lucy Fowler
155 Seaport Boulevard
Boston, MA 02110

Attorneys for AstraZeneca
Pharmaceuticals L.P.

6

**CERTIFICATE OF SERVICE**

Docket No. MDL 1456

I, James J. Duffy, hereby certify that I am one of Defendant AstraZeneca's attorneys and that on September 16, 2005, I caused Defendant AstraZeneca's First Request For Production Of Documents To Defendant Dr. Stanley C. Hopkins, to be served on Dr. Hopkins' counsel, Jack Fernandez, Zuckerman, Spaeder LLP, 101 East Kennedy Boulevard, Suite 1200, Tampa, Florida 33602, via Federal Express overnight delivery. I further certify that the same was served on all counsel of record by causing the same to be posted electronically via Verilaw.

Dated:  September 16, 2005

James J. Duffy

7

EXHIBIT 2



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    )
                                                    )
IN RE: PHARMACEUTICAL INDUSTRY                      )
AVERAGE WHOLESALE PRICE                             )   MDL No. 1456
LITIGATION                                          )   Civil Action No. 01-CV-12257-PBS
                                                    )
                                                    )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    )
THIS DOCUMENT RELATES TO:                           )   Hon. Patti B. Saris
International Union of Operating Engineers,         )
Local No. 68 Welfare Fund v. AstraZeneca PLC        )
et al. Civil Action No. 04-11503-PBS                )
                                                    )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF SUBPOENA
AD TESTIFICANDUM AND DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant AstraZeneca Pharmaceuticals L.P. will serve a subpoena in the

above-captioned action, a copy of which is attached hereto, requiring non-party witness,

Jack Fernandez, Esq. (i) to appear to testify at a deposition on the 11th day of October,

2005, at 2:00 p.m. at the offices of Dreyer & Associates, 201 N. Franklin Street, Suite

1775, Tampa, Florida 33602, or at such other location, date, and time as may be agreed

upon by counsel, and (ii) to produce documents responsive to the attached schedule of

documents.

The deposition shall be taken before a notary public or other officer authorized by

law to administer oaths, shall continue from day to day until completed and shall be

recorded by stenographic means.

1

Dated: September 16, 2005
      New York, New York

          Respectfully submitted,

          DAVIS POLK & WARDWELL

By: _____
           James J. Duffy
             D. Scott Wise
             Kimberley Harris
             450 Lexington Avenue
             New York, New York 10017

             - and -

          FOLEY HOAG LLP

             Nicholas C. Theodorou
             Lucy Fowler
             155 Seaport Boulevard
             Boston, MA 02110

             Attorneys for AstraZeneca
             Pharmaceuticals L.P.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Middle District of Florida

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY<br>*AVERAGE WHOLESALE PRICE LITIGATION* : | **SUBPOENA IN A CIVIL CASE**<br>*MDL NO. 1456* |
| : | |
| : | **Civil Action No. 01-12257-PBS** |
| : | |
| : | **Judge Patti B. Saris**<br>**(case pending in D. Mass.)** |
| **THIS DOCUMENT RELATES TO:** : | |
| **International Union of Operating Engineers,** : | |
| **Local No. 68 Welfare Fund v.** : | |
| **AstraZeneca PLC, et al.,** : | |
| **Civil Action No. 04-11503-PBS** : | |

TO:    Jack Fernandez, Esq.
       Zuckerman, Spaeder, LLP
       101 E. Kennedy Blvd., Suite 1200
       Tampa, Florida 33602

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Dreyer & Associates<br>201 N. Franklin St., Suite 1775<br>Tampa, Florida 33602 | DATE AND TIME<br>October 11, 2005 at 2:00 p.m. |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
      See Schedule A, attached hereto.

| PLACE<br>Same as above. | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Defendant AstraZeneca Pharmaceuticals LP | September 16, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: James J. Duffy, Davis Polk & Wardwell, 450 Lexington Avenue, New York, NY 10017.  (212) 450 4000.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may. within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i)   fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

990483v1

## SCHEDULE A

(Schedule of Documents to be Produced)

### DEFINITIONS

1.  "You" means Jack Fernandez, Esq. and other lawyers or
    employees of the firm Zuckerman, Spaeder, LLP.

2.  "Plaintiff's Counsel" means the counsel of record for the plaintiff
    in the IUOE Action and other lawyers at the counsel of record's
    law firms who are familiar with the IUOE Action.

3.  The "IUOE Action" means International Union of Operating
    Engineers, Local No. 68 Welfare Fund v. AstraZeneca PLC et al.,
    Civil Action No. 04-11503-PBS (D. Mass.).  This action was
    originally filed in New Jersey Superior Court (Monmouth County)
    and was removed on July 3, 2003 to United States District Court
    for the District of New Jersey (Civil Action No. 03-3230 (SRC)
    (D.N.J.)).  On December 3, 2003, the Joint Panel on Multidistrict
    Litigation transferred the case for coordinated and consolidated
    pretrial proceedings to the Average Wholesale Price ("AWP")
    Multidistrict Litigation (MDL No. 1456, Civil Action No. 01-CV-
    12257-PBS (D. Mass.)).

4.  The term "Complaint" means the Class Action Complaint filed in
    connection with the IUOE Action in the Superior Court of New
    Jersey, Monmouth County, on or about June 30, 2003.

5.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, telephone records, message slips or their electronic equivalent, and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

6.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.      The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

8.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

## INSTRUCTIONS

1.      The documents to be produced will be inspected and may be copied at the time specified in the subpoena. You will not be required to surrender original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production, or in the alternative you may deliver the copies to the attorney whose name appears on this subpoena.

2.      You are subpoenaed by the attorney whose name appears on this subpoena and unless excused from your duties under the subpoena

2

by the attorney or the Court, you shall respond to this subpoena as
directed under penalty of contempt of court.

3.     Unless otherwise indicated, this request calls for production of all
documents responsive to the request that are in your possession,
custody or control. A document is in your possession, custody or
control if you have actual possession or custody of the document
or the right to obtain the document or a copy thereof from any
other person that has actual physical possession thereof.

4.     Documents should be produced in the manner in which they are
maintained in the ordinary course of business. All documents that
are physically attached to each other, whether stapled, clipped or
otherwise fastened, shall be produced in that manner. Documents
that are segregated from other documents, whether by inclusion in
binders, files, sub-files or by the use of dividers, tabs or any other
method, shall be produced in that form with the corresponding file
name or label attached.

5.     If any portion of a document is responsive to a request, the entire
document should be produced.

6.     If any document is withheld from production based upon an
assertion of privilege, then, at the time of production, supply a log
that provides with specificity for each document so withheld: (1)
the type of document; (2) the author(s), addressee(s), and all
recipients of the document; (3) the general subject matter of the

3

document; (4) the date of the document; (5) the privilege that you

claim applies; (6) such other information as is sufficient to identify

the document for a subpoena duces tecum or to enable the Court to

make an in camera determination of any privilege.

7.    If a portion of an otherwise responsive document contains

information that you claim is subject to a claim of privilege, then

such portions shall be redacted from the document, with such

redacted material to be described in the same manner as set forth in

the preceding instruction, and the rest of the document shall be

produced.

8.    Unless otherwise expressly stated, each request calls for all

documents described, regardless of the time or date prepared,

authored, generated, revised, sent, received or used, for any date

beginning on January 1, 2002 to the present.

9.    These requests are continuing in nature and shall require further

and supplemental production if you or your agents receive,

discover or create, at any time up to the date of final judgment in

the above-referenced action, additional documents that fall within

the scope of one or more of the requests herein.

### DOCUMENTS REQUESTED

1.    All documents concerning any communications between you and

Plaintiff's Counsel, relating in any way, in whole or in part, to the

IUOE Action or Dr. Stanley C. Hopkins, including notes of

4

conversations with Plaintiff's Counsel in which the IUOE Action was discussed.

2.   All documents concerning any communications between you and counsel for Defendant AstraZeneca Pharmaceuticals LP, relating in any way, in whole or in part, to the IUOE Action or Dr. Stanley C. Hopkins, including notes of conversations with counsel for AstraZeneca Pharmaceuticals LP in which the IUOE Action was discussed.

3.   All documents concerning, reflecting, evidencing, or relating to the service of the summons and/or Complaint in the IUOE Action on Dr. Stanley C. Hopkins or the waiver of service by Dr. Stanley C. Hopkins or counsel acting for Dr. Hopkins, including, but not limited to, proof of service, mailing, or shipping via Federal Express, or other courier records, receipts, correspondence, e-mails, or records of a similar kind.

4.   All documents concerning any proposals or agreements with plaintiff herein or with Plaintiff's Counsel regarding Dr. Stanley C. Hopkins or the IUOE Action.

5.   All documents concerning any communications between you and Plaintiff's Counsel with respect to communications or proposed communications with the Courts in which the IUOE Action is or has been pending.

5

EXHIBIT 3

Received 08/05/2003 12:09PM for KHARRIS.  Image ID D002E779.  Fax ID D1S3F2F9FB1388E. * Pg 4/19
08 AUG. 5. 2003 11:55AM  BY ZUCKERMAN SPAEDER  Morris 40                    NO. 1986   P. 4/19

2628/2.22

Jack Fernandez, Esquire
ZUCKERMAN SPAEDER, LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602
813-221-1010 (telephone)
813-223-7961 (facsimile)
COUNSEL FOR DEFENDANT STANLEY C. HOPKINS, M.D.

DUANE MORRIS LLP
BY: Cindy Dunlap Hinkle, Esquire
59 Haddonfield Road, Suite 340
Cherry Hill, NJ 08002-4810
Telephone: 856-488-7300
Facsimile: 856-488-7021
ASSOCIATE LOCAL COUNSEL

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

International Union of Operating Engineers,
Local No. 68 Welfare Fund,

      Plaintiff,

v.

AstraZeneca PLC; AstraZeneca Pharmaceuticals LP;
AstraZeneca LP; Zeneca, Inc.; TAP Pharmaceutical Products,
Inc.; Abbott Laboratories; Takeda Chemical Industries, Ltd.;
Bayer AG; Bayer Corporation; Miles Laboratories, Inc.; Cutter
Laboratories, Inc.; GlaxoSmithKline, P.L.C.; SmithKline
Beecham Corporation; Glaxo Wellcome, Inc.; Pharmacia
Corporation; Pharmacia & Upjohn, Inc.; Monsanto Company;
G.D. Searle Company; Sanofi-Synthelabo Inc.; Johnson &
Johnson; Alza Corporation; Centocor, Inc.; Ortho Biotech, Inc.;
Alpha Therapeutic Corporation; Hoffman La-Roche Inc.;
Amgen, Inc.; Immunex Corporation; Aventis Pharmaceuticals,
Inc.; Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.;
Centeon, L.L.C.; Armour Pharmaceuticals; Baxter International
Inc.; Baxter Healthcare Corporation; Immuno-U.S., Inc.;
Boehringer Ingelheim Corporation; Ben Venue Laboratories,
Inc.; Bedford Laboratories; Roxane Laboratories, Inc.; Bristol-
Myers Squibb Company; Oncology Therapeutics Network
Corporation; Apothecon, Inc.; Dey, Inc.; Fujisawa
Pharmaceutical Co., Ltd.; Fujisawa Healthcare, Inc.; Fujisawa
USA, Inc.; Novartis International AG; Novartis Pharmaceutical
Corporation; Sandoz Pharmaceutical Corporation; Schering-
Plough Corporation; Warrick Pharmaceuticals Corporation;

C.A. NO. 03-3230 (SRC)

**JOINDER OF DEFENDANT
STANLEY C. HOPKINS,
M.D., IN PLAINTIFF'S
MOTION FOR REMAND,
OR, IN THE
ALTERNATIVE, MOTION
TO REMAND PURSUANT
TO 28 U.S.C. § 1448**

8/4/03

022810000029

Received 08/05/2003 12:09PM for KHARRIS. Image ID D002E779. Fax ID D1S3F2F9FB1388E. * Pg 7/19
08·AUG. 5. 2003 11:55AM  97ZUCKERMAN SPAEDER Morris 40                              NO. 1986   P. 7/19

Cindy Dunlap Hinkle, Esquire
59 Haddonfield Road, Suite 340
Cherry Hill, NJ 08002-4810
Telephone: 856-488-7300
Facsimile: 856-488-7021
Associate Local Counsel for
Defendant Stanley C. Hopkins, M.D.

Received 08/05/2003 12:09PM for KHARRIS. Image ID D002E779. Fax ID DIX3F2F9FB1388E. * Pg 5/19
08.AUG. 5. 2003:11:55AM  #79ZUCKERMAN SPAEDERn9 Morris 40                                    NO. 1986   P.  5/19

Sicor, Inc.; Gensia Sicor Pharmaceuticals, Inc.; Wyeth; Wyeth
Pharmaceuticals; Saad Antoun, M.D.; Stanley C. Hopkins,
M.D.; Robert A. Beckman, M.D.; Does 1-50; ABC Corp. 1-50;
and XYZ Partnerships; and Associations 1-50,

                    Defendants.

## JOINDER OF DEFENDANT STANLEY C. HOPKINS, M.D., IN PLAINTIFF'S MOTION FOR REMAND, OR, IN THE ALTERNATIVE, MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1448

Defendant, Stanley C. Hopkins, M.D., by and through his undersigned counsel, hereby

joins in the Plaintiff's Motion for Remand, or, in the alternative, moves this Honorable Court to

remand this case to state court pursuant to 28 U.S.C. § 1448, and in support thereof avers as

follows:

　　　1.　This Court's next motion day is September 2, 2003.

　　　2.　The Class Action Complaint in the instant case was filed on June 30, 2003, in the

Superior Court of New Jersey, Monmouth County.

　　　3.　The undersigned accepted service of the Class Action Complaint on behalf of his

client, defendant, Stanley C. Hopkins, M.D., on July 3, 2003.

　　　4.　Co-defendant, AstraZeneca Pharmaceuticals, L.P.("AstraZeneca"), removed this

action to this Court by filing a Notice of Removal on July 3, 2003.

　　　5.　On July 9, 2003, plaintiff filed a Motion for Remand, which was based, in part, upon

the lack of consent by Dr. Hopkins.

　　　6.　Dr. Hopkins has not provided his consent to removal, although his consent was

sought by counsel for AstraZeneca.

　　　7.　The undersigned clearly verbally communicated Dr. Hopkins' denial of consent to

federal court jurisdiction to counsel for AstraZeneca, and to counsel for plaintiff.

Received 08/05/2003 12:09PM for KHARRIS.  Image ID 0002E779.  Fax ID D1S3#2F9FB1388E. * Pg 6/19
04 AUG.  5. 2003 11:55AM 5 97 ZUCKERMAN SPAEDER & Morris 40                    NO. 1986    P.  6/19

8.   In view of Dr. Hopkins' lack of consent to federal court jurisdiction over this matter, the plaintiff's Motion for Remand should be granted.

9.   In the alternative, should this Court deny the plaintiff's Motion for Remand, despite the lack of consent of Dr. Hopkins to federal court jurisdiction, Dr. Hopkins hereby seeks to have this case remanded pursuant to 28 U.S.C. § 1448 for the same reason.

10.   Since defendant Stanley C. Hopkins, M.D., hereby joins in plaintiff's Motion for Remand and brief in support thereof, the filing of a separate brief in support of defendant's notice of joinder and, in the alternative, motion to remand, is unnecessary in this instance.

WHEREFORE, defendant, Stanley C. Hopkins, M.D., hereby joins in the plaintiff's Motion for Remand and respectfully requests that this Honorable Court remand the case to the Superior Court of New Jersey, Monmouth County, either on the basis of plaintiff's Motion for Remand or upon his own motion.

Respectfully submitted,

ZUCKERMAN SPAEDER LLP.

Jack Fernandez, Esquire
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602
Telephone: 813-221-1010
Facsimile: 813-223-7961
Counsel for Defendant Stanley C.
Hopkins, M.D.

- AND -

DUANE MORRIS LLP

0228100000029

Received 08/05/2003 12:09PM for KHARRIS.   Image ID D002E779.   Fax ID D153F2F9FB1380E.   * Pg 8/19
08.AUG. 5. 2003 11:56AM  ZUCKERMAN SPAEDER  Norris 40                    NO. 1986   P.  8/19

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished to all counsel of record on

the attached service list by _____ this _____ day of August, 2003.

Attorney

0228100000035

Received 08/05/2003 12:09PM for KHARRIS.  Image ID D002E779.   Fax ID D1S3F2F9FB1388E. * Pg 9/19
08AUG. 5. 2003ᵃᵗ11:56AMᵃˢ 97½ZUCKERMAN SPAEDERᵘᵐᵉ Morris ᵃᶜ                    NO. 1986   P.  9/19

## SERVICE LIST

Shamin Spenter, Esquire
Donald E. Haviland, Jr., Esquire
TeriAnne Benedetto, Esquire
R. Matthew Plaza, Esquire
KLINE & SPECTER, P.C.
1800 Chapel Avenue, Suite 302
Cherry Hill, NJ 08002
Ph: 856-661-1180
Fax: 856-662-1184
Attorneys for Plaintiff and the Class


John E. Keefe, Jr., Esquire
LYNCH ✦ MARTIN
830 Broad Street
Shrewsbury, NJ 07702
Ph: 732-224-9400
Fax: 732-224-9494
Attorneys for Plaintiff and the Class




Raymond A. Gill, Jr., Esquire
GILL & CHAMAS
655 Florida Grove Road
Post Office Box 760
Woodbridge, NJ 07095
Ph: 732-324-7600
Fax: 732-324-7606
Attorneys for Plaintiff and the Class




David J. Cooner, Esquire
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Post Office Box 652
Newark, NJ 07101-0652
Ph: 973-639-6971
Fax: 973-297-3960
National counsel for defendants, AstraZeneca, PLC,
AstraZeneca Pharmaceuticals LP, AstraZeneca LP,
Zeneca, Inc.


Joshua T. Buchman, Esquire
MCDERMOTT, WILL & EMERY
227 West Monroe Street
Chicago, IL 60606-5096
Ph: 312-984-7600
Fax: 312-984-7700
National counsel for defendant, Abbott Laboratories



Andrew D. Schau, Esquire
William F. Cavanaugh, Jr., Esquire
Adeel Abdullah Mangi, Esquire
Kieran M. Corcoran, Esquire
Erik Haas, Esquire
PATTERSON, BELKNAP, WEBB & TYLER, LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Ph: 212-336-2545
Fax: 212-336-2222
National counsel for defendants, Alza Corporation,
Johnson & Johnson, Centocor, Inc., Ortho Biotech


Joseph H. Young, Esquire
Steven F. Barley, Esquire
HOGAN & HARTSON, LLP
111 S. Calvert Street, Suite 1600
Baltimore, MD 21202
Ph: 410-659-2700
Fax: 410-539-6981
National counsel for defendants, Amgen, Inc.,
Apothecon, Inc., Bristol-Myers Squibb Company,
Aventis Behring L.L.C., Aventis Pharmaceuticals, Inc.,
Oncology Therapeutics Network Corporation


Steven M. Edwards, Esquire
Lyndon M. Tretter, Esquire
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, NY 10022
Ph: 212-918-3000
Fax: 212-918-3100
National counsel for defendants, Amgen, Inc.,
Apothecon, Inc., Bristol-Myers Squibb Company,
Aventis Behring L.L.C., Aventis Pharmaceuticals, Inc.,
Oncology Therapeutics Network Corporation

6

Received 08/05/2003 12:09PM for KHARRIS. Image ID 00026779. Fax ID D153F2F9F8138BE. * Pg 10/19
08 AUG. 5. 2003 11:56AM 15 #7 ZUCKERMAN SPAEDER me Morris 40                NO. 1986    P. 10/19

Kimberly Harris, Esquire
D. Scott Wise, Esquire
DAVIS POLK & WARDELL
450 Lexington Avenue
New York, NY 10017
Ph: 212-450-4000
Fax: 212-450-3800
National counsel for defendants, AstraZeneca, PLC,
AstraZeneca Pharmaceuticals LP, AstraZeneca LP,
Zeneca, Inc.

Michael Mustokoff, Esquire
DUANE MORRIS LLP
One Liberty Place, Suite 4200
Philadelphia, PA 19103-7396
Ph: 215-979-1810
Fax: 215-979-1020
National counsel for Saad Antoun, M.D.


Terry K. Sherman, Esquire
52 West Whittier Street
Columbus, OH 43206
Ph: 614-444-8800
Fax: 614-445-9487
National counsel for defendant, Robert A. Berkman,
M.D.


Merle M. DeLancey, Jr., Esquire
Robert J. Higgins, Esquire
J. Andrew Jackson, Esquire
DICKSTEIN, SHAPIRO MORIN & OSHINSKY, LLP
2101 L Street N.W.
Washington, DC 20037
Ph: 202-785-9700
Fax: 202-887-0689
National counsel for defendants, Baxter Healthcare
Corporation, Baxter International Inc.

Richard D. Raskin, Esquire
David F. Giardina, Esquire
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 S. Dearborn Street, 48th Floor
Chicago, IL 60603
Ph: 312-853-7000
Fax: 312-853-7036
National counsel for defendants, Bayer AG, Bayer
Corporation

Michael T. Scott, Esquire
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Ph: 215-851-8100
Fax: 215-851-1420
National counsel for defendants, Fujisawa USA, Inc.,
Fujisawa Healthcare, Inc., Fujisawa Pharmaceutical Co.,
Ltd.

Scott A. Stempel, Esquire
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue
Washington, DC 20004-2921
Ph: 202-739-3000
Fax: 202-739-3001
National counsel for defendants, G.D. Searle, Monsanto
Company, Pharmacia Corporation, Pharmacia &
Upjohn, Inc.

John C. Dodds, Esquire
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
Ph: 215-963-5000
Fax: 215-963-5299
National counsel for defendants, G.D. Searle, Monsanto
Company, Pharmacia Corporation, Pharmacia &
Upjohn, Inc.

Kirke M. Hasson, Esquire
Albert G. Lin, Esquire
Reed Harvey, Esquire
PILLSBURY WINTHROP, LLP
50 Fremont Street
San Francisco, CA 94105
Ph: 415-983-1389
Fax: 415-983-1200
National counsel for defendants, Gensia Sicor
Pharmaceuticals, Inc., Sicor, Inc.

Frederick G. Herold, Esquire
DECHERT, PRICE & RHOADS
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
Ph: 215-884-2413
Fax: 215-994-2222
National counsel for defendants, Glaxo Wellcome, Inc.,
GlaxoSmithKline, P.L.C., SmithKline Beecham
Corporation

0228100000029

Received 08/05/2003 12:09PM for KMARRIS.   Image ID D002E779.   Fax ID DIS3F2F9FB1388E. * Pg 11/19
08/AUG. 5. 2003 411:56AM 979 ZUCKERMAN SPAEDER 60 Morris 60                     NO. 1986   P. 11/19

Paul J. Coval, Esquire
Douglas L. Rogers, Esquire
VORYS, SATER, VORYS, SATER, SEYMOUR AND
PEASE LLP
52 East Gay Street
Post Office Box 1008
Columbus, OH 43216-1008
Ph: 614-464-5635
Fax: 614-719-4674
National counsel for defendants, Bedford Laboratories,
Ben Venue Laboratories, Inc., Boehringer Ingelheim
Corporation, Roxane Laboratories, Inc.

Stephen M. Hudspeth, Esquire
Darrell Prescott, Esquire
Lisa Lewis, Esquire
Leila Pittaway, Esquire
COUDERT BROTHERS LLP
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Ph: 212-626-4400
Fax: 212-626-4120
National counsel for defendant, Dey, Inc.

Kathleen M. McGuan, Esquire
Andrew L. Hurst, Esquire
REED SMITH LLP
1301 K Street NW
Suite 1100 – East Tower
Washington, DC 20005
Ph: 202-414-9200
Fax: 202-414-9299
National counsel for defendants, Fujisawa USA, Inc.,
Fujisawa Healthcare, Inc., Fujisawa Pharmaceutical Co.,
Ltd.

David J. Burman, Esquire
Kathleen M. O'Sullivan, Esquire
Zoe Philippides, Esquire
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Ph: 206-583-8888
Fax: 206-583-8500
National counsel for defendant, Immunex Corporation

Paul Schkiffman, Esquire
SHOOK, HARDY & BACON, LLP
One Kansas City Place
1200 Main Street
Kansas City, MO 64105-2118
Ph: 202-783-8400
Fax: 202-783-4211
National counsel for defendant, Hoechst Marion
Roussel, Inc.

Thomas F. McGonigle, Esquire
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Ph: 302-657-4900
Fax: 302-657-4901
National counsel for defendant, Scard Antram, M.D.

Nancy L. Newman, Esquire
KNAPP, PETERSON AND CLARKE
500 North Brand Boulevard, 20th Floor
Glendale, CA 91203
Ph: 213-245-9400
Fax: 818-547-5329
National counsel for defendant, Alpha Therapeutic Corp.

Colleen M. Hennessey, Esquire
PEABODY & ARNOLD, LLP
50 Rowes Wharf
Boston, MA 02110
Ph: 617-951-2100
Fax: 617-951-2125
National counsel for defendant Hoffman La-Roche, Inc.

Received 08/05/2003 12:09PM for KHARRIS.   Image ID 0002E779.   Fax ID DIS3F2F9F81388E.   * Pg 12/19
08 AUG. 5. 2003 11:57AM ZUCKERMAN SPAEDER Morris 40      NO. 1986   P. 12/19

Brian T. O'Connor, Esquire
John T. Montgomery, Esquire
Kirsten V. Mayer, Esquire
David C. Potter, Esquire
ROPES & GRAY
One International Place
Boston, MA 02110
Ph: 617-951-7000
Fax: 617-951-7050
National counsel for defendants, Schering-Plough
Corporation, Warrick Pharmaceuticals Corporation

Robert R. Stauffer, Esquire
Thomas P. Sullivan, Esquire
JENNER & BLOCK
One IBM Plaza, 45th Floor
330 N. Wabash Avenue
Chicago, IL 60611
Ph: 312-222-9350
Fax: 312-840-7305
National counsel for defendant, Takeda Chemical
Industries, Ltd.

Daniel E. Reidy, Esquire
Lee Ann Russo, Esquire
JONES DAY REAVIS & POGUE
77 West Wacker
Chicago, IL 60601-1692
Ph: 312-782-3939
Fax: 312-782-8585
National counsel for defendants, TAP Pharmaceutical
Products Inc.

S. Craig Holden, Esquire
Connie E. Eiseman, Esquire
OBER, KALER, GRIMES & SHRIVER
120 E. Baltimore Street
Baltimore, MD 21202
Ph: 410-685-1120
Fax: 410-547-0699
National counsel for defendants, Wyeth, Wyeth
Pharmaceuticals

David J. Cerveny, Esquire
HALE & DORR, LLP
60 State Street
Boston, MA 02109
Ph: 617-526-6000
Fax: 617-526-5000
National counsel for defendants, Novartis International
AG, Novartis Pharmaceutical Corp., Sandoz
Pharmaceutical Corp.

John M. Spinnato, Vice Prts. & General Counsel
SANOFI-SYNTHELABO INC.
90 Park Avenue
New York, NY 10016
Ph: 212-551-4000
Fax: 212-551-4928
National counsel for defendant, Sanofi-Synthelabo, Inc.

Dennis M. Duggan, Jr., Esquire
NIXON PEABODY, LLP
101 Federal Street
Boston, MA 02210
Ph: 617-345-1000
Fax: 617-345-1300
National counsel for defendant, Alpha Therapeutic Corp.

0228100000029

9

Received 08/05/2003 12:09PM for KHARRIS.   Image ID 00025779.   Fax ID 01S3F2F9FB13868. * Pg 13/19
08 AUG. 5. 2003 11:57AM.5 97:ZUCKERMAN SPAEDE Rms Morris 40                         NO. 1986   P. 13/19

Jack Fernandez, Esquire
ZUCKERMAN SPAEDER, LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602
813-221-1010 (telephone)
813-223-7961 (facsimile)
COUNSEL FOR DEFENDANT STANLEY C. HOPKINS, M.D.

DUANE MORRIS LLP .
BY: Cindy Dunlap Hinkle, Esquire
59 Haddonfield Road, Suite 340
Cherry Hill, NJ 08002-4810
Telephone: 856-488-7300
Facsimile: 856-488-7021
ASSOCIATE LOCAL COUNSEL

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| International Union of Operating Engineers, Local No. 68 Welfare Fund, <br><br> Plaintiff, <br><br> v. <br><br> AstraZeneca PLC; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Zeneca, Inc.; TAP Pharmaceutical Products, Inc.; Abbott Laboratories; Takeda Chemical Industries, Ltd.; Bayer AG; Bayer Corporation; Miles Laboratories, Inc.; Cutter Laboratories, Inc.; GlaxoSmithKline, PLC.; SmithKline Beecham Corporation; Glaxo Wellcome, Inc.; Pharmacia Corporation; Pharmacia & Upjohn, Inc.; Monsanto Company; G.D. Searle Company; Sanofi-Synthelabo Inc.; Johnson & Johnson; Alza Corporation; Centocor, Inc.; Ortho Biotech, Inc.; Alpha Therapeutic Corporation; Hoffman La-Roche Inc.; Amgen, Inc.; Immunex Corporation; Aventis Pharmaceuticals, Inc.; Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.; Centeon, L.L.C.; Armour Pharmaceuticals; Baxter International Ino.; Baxter Healthcare Corporation; Immuno-U.S., Inc.; Boehringer Ingelheim Corporation; Ben Venue Laboratories, Inc.; Bedford Laboratories; Roxane Laboratories, Inc.; Bristol-Myers Squibb Company; Oncology Therapeutics Network Corporation; Apothecon, Inc.; Dey, Inc.; Fujisawa Pharmaceutical Co., Ltd.; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; Novartis International AG; Novartis Pharmaceutical Corporation; Sandoz Pharmaceutical Corporation; Schering-Plough Corporation; Warrick Pharmaceuticals Corporation; | C.A. NO. 03-3230 (SRC) <br><br> **LIMITED ENTRY OF APPEARANCE** |

0228100000029

Received 08/05/2003 12:09PM for KHARRIS.  Image ID D002E779.  Fax ID 01S3F2F9FB138EE. * Pg 14/19
08.AUG. 5. 2003 11:57AM  ZUCKERMAN SPAEDER Duane Morris 40                    NO. 1986   P.  14/19

Sicor, Inc.; Genria Sicor Pharmaceuticals, Inc.; Wyeth; Wyeth
Pharmaceuticals; Sand Antoun, M.D.; Stanley C. Hopkins,
M.D.; Robert A. Berkman, M.D.; Does 1-50; ABC Corp. 1-50;
and XYZ Partnerships; and Associations 1-50,

                                    Defendants.

## LIMITED ENTRY OF APPEARANCE

The firm of ZUCKERMAN SPAEDER, LLP, by and through its attorney, Jack B.

Fernandez, hereby enters its limited appearance for Defendant Stanley C. Hopkins, M.D., in this

action, for the limited purpose of contesting this court's jurisdiction over this matter.

RESPECTFULLY SUBMITTED this _4th_ day of August, 2003.

                              ZUCKERMAN SPAEDER LLP.


                              Jack Fernandez, Esquire
                              101 E. Kennedy Blvd., Suite 1200
                              Tampa, FL 33602
                              Telephone: 813-221-1010
                              Facsimile: 813-223-7961
                              Counsel for Defendant Stanley C.
                              Hopkins, M.D.

                                   - AND -

                              DUANE MORRIS LLP


                              Cindy Dunlap Hinkle, Esquire
                              59 Haddonfield Road, Suite 340
                              Cherry Hill, NJ 08002-4810
                              Telephone: 856-488-7300
                              Facsimile: 856-488-7021
                              Associate Local Counsel for
                              Defendant Stanley C. Hopkins, M.D.

Received 08/05/2003 12:09PM for KHARRIS.    Image ID D002E779.    Fax ID D1s3F2F9FB1388E.  * Pg 15/19
08/AUG.  5. 2003 11:57AM  979ZUCKERMAN SPAEDER   Morris 40                          NO. 1986    P.  15/19

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished to all counsel of record on
the attached service list by _telecopy_    this _4_ day of August, 2003.

_____
Attorney

0228100000029

Received 08/05/2003 12:09PM for KHARRIS.   Image ID D002E779.   Fax ID D1S3F2F9FB1388E.  * Pg 16/19
08-AUG. 5. 2003 11:58AM  ZUCKERMAN SPAEDER Joe Morris 40                                   NO. 1986   P. 16/19

## SERVICE LIST

Shanin Specter, Esquire
Donald E. Haviland, Jr., Esquire
TeriAnne Benedetto, Esquire
R. Matthew Flora, Esquire
KLINE & SPECTER, P.C.
1800 Chapel Avenue, Suite 302
Cherry Hill, NJ 08002
Ph: 856-662-1180
Fax: 856-662-1184
Attorneys for Plaintiff and the Class

John E. Keefe, Jr., Esquire
LYNCH ♦ MARTIN
830 Broad Street
Shrewsbury, NJ 07702
Ph: 732-224-9400
Fax: 732-224-9494
Attorneys for Plaintiff and the Class

Raymond A. Gill, Jr., Esquire
GILL & CHAMAS
655 Florida Grove Road
Post Office Box 760
Woodbridge, NJ 07095
Ph: 732-324-7600
Fax: 732-324-7606
Attorneys for Plaintiff and the Class

David J. Cooner, Esquire
MCCARTER & ENGLISE, LLP
Four Gateway Center
100 Mulberry Street
Post Office Box 652
Newark, NJ 07101-0652
Ph: 973-639-6971
Fax: 973-297-3960
National counsel for defendants, AstraZeneca, PLC,
AstraZeneca Pharmaceuticals LP, AstraZeneca LP,
Zeneca, Inc.

Joshua T. Buchman, Esquire
MCDERMOTT, WILL & EMERY
227 West Monroe Street
Chicago, IL 60606-5096
Ph: 312-984-7600
Fax: 312-984-7700
National counsel for defendant, Abbott Laboratories

Andrew D. Schau, Esquire
William F. Cavanaugh, Jr., Esquire
Adeel Abdullah Mangi, Esquire
Kieran M. Corcoran, Esquire
Erik Haas, Esquire
PATTERSON, BELKNAP, WEBB & TYLER, LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Ph: 212-336-2546
Fax: 212-336-2222
National counsel for defendants, Alza Corporation,
Johnson & Johnson, Centocor, Inc., Ortho Biotech

Joseph F. Young, Esquire
Steven F. Barley, Esquire
HOGAN & HARTSON, LLP
111 S. Calvert Street, Suite 1600
Baltimore, MD 21202
Ph: 410-659-2700
Fax: 410-539-6981
National counsel for defendants, Amgen, Inc.,
Apothecon, Inc., Bristol-Myers Squibb Company,
Aventis Behring L.L.C., Aventis Pharmaceuticals, Inc.,
Oncology Therapeutics Network Corporation

Steven M. Edwards, Esquire
Lyndon M. Tretter, Esquire
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, NY 10022
Ph: 212-918-3000
Fax: 212-918-3100
National counsel for defendants, Amgen, Inc.,
Apothecon, Inc., Bristol-Myers Squibb Company,
Aventis Behring L.L.C., Aventis Pharmaceuticals, Inc.,
Oncology Therapeutics Network Corporation

13

0228100000029

Received 08/05/2003 12:09PM for KHARRIS.   Image ID D002E779.   Fax ID D1S3F2F9F813888.  * Pg 17/19
08.AUG.  5. 2003¼[1:58AM5 8*½ZUCKERMAN SPAEDERno Morris 40                    NO. 1986   P.  17/19

Kimberly Harris, Esquire
D. Scott Wise, Esquire
DAVIS POLK & WARDELL
450 Lexington Avenue
New York, NY 10017
Ph: 212-450-4000
Fax: 212-450-3800
National counsel for defendants, AstraZeneca, PLC,
AstraZeneca Pharmaceuticals LP, AstraZeneca LP,
Zeneca, Inc.

Michael Mustokoff, Esquire
DUANE MORRIS LLP
One Liberty Place, Suite 4200
Philadelphia, PA 19103-7396
Ph: 215-979-1810
Fax: 215-979-1020
National counsel for Saad Antoun, M.D.

Terry K. Sherman, Esquire
52 West Whittier Street
Columbus, OH 43206
Ph: 614-444-8800
Fax: 614-445-9487
National counsel for defendant, Robert A. Berkman,
M.D.

Merle M. DeLancey, Jr., Esquire
Robert J. Higgins, Esquire
J. Andrew Jackson, Esquire
DICKSTEIN, SHAPIRO MORIN & OSHINSKY, LLP
2101 L Street N.W.
Washington, DC 20037
Ph: 202-785-9700
Fax: 202-887-0689
National counsel for defendants, Baxter Healthcare
Corporation, Baxter International Inc.

Richard D. Raskin, Esquire
David C. Giardina, Esquire
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 S. Dearborn Street, 48th Floor
Chicago, IL 60603
Ph: 312-853-7000
Fax: 312-853-7036
National counsel for defendants, Bayer AG, Bayer
Corporation

Michael T. Scott, Esquire
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Ph: 215-851-8100
Fax: 215-851-1420
National counsel for defendants, Fujisawa USA, Inc.,
Fujisawa Healthcare, Inc., Fujisawa Pharmaceutical Co.,
Ltd.

Scott A. Stempel, Esquire
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue
Washington, DC 20004-2921
Ph: 202-739-3000
Fax: 202-739-3001
National counsel for defendants, G.D. Searle, Monsanto
Company, Pharmacia Corporation, Pharmacia &
Upjohn, Inc.

John C. Dodds, Esquire
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
Ph: 215-963-5000
Fax: 215-963-5299
National counsel for defendants, G.D. Searle, Monsanto
Company, Pharmacia Corporation, Pharmacia &
Upjohn, Inc.

Kirke M. Hasson, Esquire
Albert G. Lin, Esquire
Reed Harvey, Esquire
PILLSBURY WINTHROP, LLP
50 Fremont Street
San Francisco, CA 94105
Ph: 415-983-1389
Fax: 415-983-1200
National counsel for defendants, Gensia Sicor
Pharmaceuticals, Inc., Sicor, Inc.

Frederick G. Herold, Esquire
DECHERT, PRICE & RHOADS
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
Ph: 215-994-2413
Fax: 215-994-2222
National counsel for defendants, Glaxo Wellcome, Inc.,
GlaxoSmithKline, P.L.C., SmithKline Beecham
Corporation

14

0228100000029

Received 08/05/2003 12:00PM for KHARRIS.  Image ID 0002E779.  Fax ID D1S3F2F9F81388E. * Pg 18/19
08 AUG.  5. 2003 11:58AM  #7 ZUCKERMAN SPAEDER de Morris 46                    NO. 1986    P.  18/19

Paul J. Coval, Esquire
Douglas L. Rogers, Esquire
VORYS, SATER, VORYS, SATER, SEYMOUR AND
PEASE LLP
52 East Gay Street
Post Office Box 1008
Columbus, OH 43216-1003
Ph: 614-464-5635
Fax: 614-719-4674
National counsel for defendants, Bedford Laboratories,
Ben Venue Laboratories, Inc., Boehringer Ingelheim
Corporation, Roxane Laboratories, Inc.

Paul Schleifman, Esquire
SHOOK, HARDY & BACON, LLP
One Kansas City Plaza
1200 Main Street
Kansas City, MO 64105-2118
Ph: 202-783-8400
Fax: 202-783-4211
National counsel for defendant, Hoechst Marion
Roussel, Inc.

Stephen M. Hudspeth, Esquire
Darrell Prescott, Esquire
Lisa Lewis, Esquire
Leila Pittaway, Esquire
COUDERT BROTHERS LLP
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Ph: 212-626-4400
Fax: 212-626-4120
National counsel for defendant, Dey, Inc.

Thomas F. McGonigle, Esquire
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Ph: 302-657-4900
Fax: 302-657-4901
National counsel for defendant, Saad Antoun, M.D.

Kathleen M. McGuan, Esquire
Andrew L. Hurst, Esquire
REED SMITH LLP
1301 K Street NW
Suite 1100 – East Tower
Washington, DC 20005
Ph: 202-414-9200
Fax: 202-414-9299
National counsel for defendants, Fujisawa USA, Inc.,
Fujisawa Healthcare, Inc., Fujisawa Pharmaceutical Co.,
Ltd.

Nancy L. Newman, Esquire
KNAPP, PETERSON AND CLARKE
500 North Brand Boulevard, 20th Floor
Glendale, CA 91203
Ph: 213-245-0400
Fax: 818-547-5329
National counsel for defendant, Alpha Therapeutic Corp.

David J. Burman, Esquire
Kathleen M. O'Sullivan, Esquire
Zoe Philippides, Esquire
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Ph: 206-583-8888
Fax: 206-583-8500
National counsel for defendant, Immunex Corporation

Colleen M. Hennessey, Esquire
PEABODY & ARNOLD, LLP
30 Rowes Wharf
Boston, MA 02110
Ph: 617-951-2100
Fax: 617-951-2125
National counsel for defendant Hoffman La-Roche, Inc.

0228100000029

Received 08/05/2003 12:00PM for KHARRIS.   Image ID:0002E773   Fax ID D1S3F2F9FB1388E   * Pg 19/19

AUG. 5.2003 11:58AM   ZUCKERMAN SPAEDER   NO.1986   P. 19/19

Brian T. O'Connor, Esquire
John T. Montgomery, Esquire
Kirsten V. Mayer, Esquire
David C. Potter, Esquire
ROPES & GRAY
One International Place
Boston, MA 02110
Ph: 617-951-7000
Fax: 617-951-7050
National counsel for defendants, Schering-Plough
Corporation, Warrick Pharmaceuticals Corporation

Robert R. Stauffer, Esquire
Thomas P. Sullivan, Esquire
JENNER & BLOCK
One IBM Plaza, 45th Floor
330 N. Wabash Avenue
Chicago, IL 60611
Ph: 312-222-9350
Fax: 312-840-7305
National counsel for defendant, Takeda Chemical
Industries, Ltd.

Daniel E. Reidy, Esquire
Lee Ann Russo, Esquire
JONES DAY REAVIS & POGUE
77 West Wacker
Chicago, IL 60601-1692
Ph: 312-782-3939
Fax: 312-782-8585
National counsel for defendant, TAP Pharmaceutical
Products Inc.

S. Craig Holden, Esquire
Connie E. Eiseman, Esquire
OBER, KALER GRIMES & SHRIVER
120 E. Baltimore Street
Baltimore, MD 21202
Ph: 410-685-1120
Fax: 410-547-0699
National counsel for defendants, Wyeth, Wyeth
Pharmaceuticals

David J. Corveny, Esquire
HALE & DORR, LLP
60 State Street
Boston, MA 02109
Ph: 617-526-6000
Fax: 617-526-5000
National counsel for defendants, Novartis International
AG, Novartis Pharmaceutical Corp., Sandoz
Pharmaceutical Corp.

John M. Spinato, Vice Pres. & General Counsel
SANOFI-SYNTHELABO INC.
90 Park Avenue
New York, NY 10016
Ph: 212-551-4000
Fax: 212-551-4928
National counsel for defendant, Sanofi-Synthelabo, Inc.

Dennis M. Duggan, Jr., Esquire
NIXON PEABODY, LLP
101 Federal Street
Boston, MA 02210
Ph: 617-345-1000
Fax: 617-345-1300
National counsel for defendant, Alpha Therapeutic Corp.

16

0228100000029