UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO ALL ACTIONS. | Civil Action: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**PLAINTIFFS' MOTION TO COMPEL THIRD-PARTY AMERISOURCE BERGEN CORPORATION TO PRODUCE DEPONENT(S) PURSUANT TO FED. R. CIV. P. 30(B)(6) AND FED. R. CIV. P. 45**

Plaintiffs, by their attorneys, respectfully move this Court to enter an order requiring third-party AmeriSource Bergen Corporation ("ABC") to, within fourteen (14) days, produce designees pursuant to plaintiffs' August 5, 2005 subpoena, issued pursuant to Fed. R. Civ. P. 45 and 30(b)(6). As grounds for the foregoing, plaintiffs state as follows:

1. On August 5, 2005, plaintiffs served a subpoena duces tecum on ABC, requesting that ABC designate person(s) with knowledge of seven topics relevant to this litigation. In general, that subpoena sought designee(s) with knowledge of subject areas addressed by Kay Morgan of First DataBank during her January 11 and 12, 2005 deposition related to so-called "wholesaler surveys." ABC has refused to produce a designee for Topics 1-5 and will only agree to produce a designee for Topics 6 and 7 if plaintiffs pay ABC's costs. Because ABC delayed nearly six months in refusing to produce a designee, ABC's request is unreasonable.

2. This Court should decide this Motion. Courts routinely hold that the judge presiding over an MDL should decide discovery disputes that arise in that MDL even when, as in this case, the subpoena at issue is issued out of another district. *See, e.g., In re Orthopedic Bone Screw Prods. Liab. Litig.*, 79 F.3d 46, 48 (7th Cir. 1996) (finding that motion for protective order should be referred to transferee court).

3. Fed. R. Civ. P. 45(e) provides: "[f]ailure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court." Moreover, "[i]f the witnesses considered that they had grounds not to appear, they were required to file a motion for a protective order." *Aetna Casualty & Surety Co. v. Rodco Autobody*, 130 F.R.D. 2, 3 (D. Mass. 1990). ABC has not sought a protective order.

4. In addition, Rule 30(b)(6) requires a corporation – including a third-party – to designate a person with knowledge of specified topics to testify on behalf of a corporation on matters within the corporation's knowledge. *McLellan Highway Corp. v. United States*, 95 F. Supp. 2d 1, 10 (D. Mass. 2002). A corporation responding to a Rule 30(b)(6) deposition notice must identify knowledgeable individuals as corporate designees and *make a reasonable attempt to ascertain information reasonably available to the organization*. *Big Top USA, Inc. v. The Wittnern Group*, 183 F.R.D. 331, 339 (D. Mass. 1998) (Saris, J.) (emphasis added). Rule 37(a)(2)(B) provides that "[i]f a . . . a corporation or other entity fails to make a designation under Rule 30(b)(6), . . . the discovering party may move for an order compelling answer, or a designation, or an order compelling inspection in accordance with the request." This Court should do so here.

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion To Compel, order AmeriSource Bergen Corporation to identify and produce a designee pursuant to plaintiffs' August 5, 2005 subpoena within 14 days, and all other relief that this Court deems just and proper.

## CERTIFICATION

Pursuant to Fed. R. Civ. P. 37(a)(2) and L.R., D. Mass 37.1, undersigned counsel certifies that she attempted to confer with counsel for third-party AmeriSource Bergen ("ABC")

regarding the issues raised in this Motion, but the parties were unable to narrow their areas of dispute.

DATED: January 18, 2006

By: /s/ Jennifer Fountain Connolly
Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
Facsimile: (215) 772-1359
Telephone: (215) 772-1000

## CERTIFICATE OF SERVICE
Docket No. MDL 1456 (D. Mass.)

I, Jennifer Fountain Connolly, hereby certify that I am one of plaintiffs' attorneys and that, on January 18, 2006, I caused copies of *Plaintiffs' Motion To Compel Third-Party AmeriSource Bergen Corporation To Produce Deponent(s) Pursuant To Fed. R. Civ. P. 30(b)(6) and Fed. R. Civ. P. 45* to be served on:

>Meredith Myers LeConey
>Buchanan Ingersoll PC
>1835 Market Street, 14th Floor
>Philadelphia, PA  19103

by facsimile (w/out exhibits) and Federal Express; and on counsel of record by LexisNexis File & Serve.

/s/ Jennifer Fountain Connolly
Jennifer Fountain Connolly