UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION<br>_____/ | MDL No. 1456<br><br>Master File No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | |
| *State of Florida ex rel. Ven-A-Care of the*<br>*Florida Keys, Inc. v. Alpharma, Inc., et al.,*<br>C.A. No. 05-CV-11795-PBS<br>_____/ | Judge Patti B. Saris |

## MOTION FOR RECONSIDERATION OF JANUARY 13, 2006 ELECTRONIC ORDER AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, THE STATE OF FLORIDA, by and through Attorney General Charlie Crist, and Relator VEN-A-CARE OF THE FLORIDA KEYS, INC. (hereinafter "Ven-a-Care") (collectively "Plaintiffs"), respectfully move this Court to reconsider its January 13, 2006 ruling denying Plaintiffs' Motion to Participate in the January 27th Hearing. Defendants presented incomplete and misleading information about whether a transfer was "imminent" in another action, *State of Florida ex rel. Ven-A-Care of the Fla. Keys v. Mylan Pharma., et al.*, Case No. 4:05-cv-490 RH/WCS (N.D. Fla.). Plaintiffs believe the Court may have acted upon this misleading and incomplete information in making its ruling and therefore seek reconsideration. Plaintiffs' support for this motion is set out below in the incorporated memorandum of law.

### MEMORANDUM OF LAW

**I.   THIS COURT HAS DISCRETION TO RECONSIDER ITS OWN RULING**

Motions for reconsideration are committed to the discretion of the court. *See, e.g, Mateo v. M/S Kiso*, 805 F. Supp. 761, 786 (N.D. Cal. 1991) (citation omitted); *United Mine Workers of Am. v. Pittston Co.*, 793 F. Supp. 339, 345 (D.D.C. 1992), *aff'd*, 984 F.2d 469 (D.C. Cir.), *cert. denied*, 113 S. Ct. 3039 (1993). A motion for reconsideration should be granted where it corrects "'manifest

errors of law or fact or . . . presents newly discovered evidence.'" *Confer v. Custom Eng'g Co. Empl. Benefit Health Plan*, 760 F. Supp. 75, 77 (W.D. Pa. 1991) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985)).

## II.  RECONSIDERATION IS APPROPRIATE BECAUSE DEFENDANTS FAILED TO PROPERLY PRESENT THIS COURT WITH CRITICAL FACTS

Plaintiffs seek reconsideration of this Court's January 13, 2006 Electronic Order denying Plaintiffs' motion to participate in the January 27, 2006 hearing (the "Electronic Order") because the Electronic Order was entered the day after Non-party Mylan Pharmaceuticals ("Mylan") filed its brief omitting the following critical facts that should drive the scheduling decisions concerning the remand motions in the Florida cases:

1) Both the *Mylan* case pending in the Northern District of Florida and the *Alpharma* case pending in this Court (as well as a Dey case properly filed and proceeding in the State Court of Florida for Leon County) include **only straight Medicaid price fraud claims**. This Court and all other courts considering the issue have declined to exercise federal jurisdiction in other similar cases.

2) There are **no Medicaid rebate fraud claims or Medicare co-pay claims in any of the Florida cases**.

This Court has already demonstrated that cases involving only Medicaid pricing fraud do not present claims with a substantial federal question, concentrating its jurisdictional analysis only on the presence or absence of Medicaid rebate fraud claims or Medicare co-pay claims. *See In re Pharma. Indust. Avg. Wholesale Price Litigation*, 321 F. Supp. 2d 187 (D. Mass. June 10, 2004); *see also* Transcript of Hearing on Motions, *In re Avg. Wholesale Price Pharma. Litigation*, MDL

2

No. 1456 & C.A. No. 01-12257-PBS, pp. 26-27, 62 (December 12, 2003).[1] In each of these cases no party took the indefensible position that federal jurisdiction could attach to a price fraud claim under Medic*aid* alone. Moreover, all five federal district courts to have considered remand motions in similar cases since that time have also focused their jurisdictional analysis on issues involving Medicare co-payments or the phrase "Medicare AWP," plainly demonstrating Medic*aid* price fraud claims alone do not invoke federal jurisdiction. *Pennsylvania v. TAP Pharma. Prod., Inc.*, 2005

---

[1] The hearing transcript provides, in relevant part, the following interchange between the Court and Ms. Kimberley Harris, Esq. on behalf of AstraZenaca U.S.:

> MS. HARRIS: Yes, I'd like to address a different class of AWP claims in the compalint [*sic*] brought by the states on their own behalf to recover alleged overpayments to providers under each state's Medicaid plan. These claims are all based on the core allegation that the Defendants defrauded the states by reporting AWPs that were allegedly not an actual average of the wholesale prices at which pharmacies and providers actually purchased the drugs in the marketplace. The states alleges that they were injured as a result because each states's Medicaid plan pegs reimbursement for prescription drugs on rates tagged to AWP.
> THE COURT: Let me stop you for a second. *These are under state law, however?*
> MS. HARRIS: Well, do you mean the claims asserted, yes, *the AWP claims asserted are under state law.* The argument we're making here is that the states cannot establish any deceptive conduct.
> THE COURT: Can I stop you. *This would be if I decided to exercise supplemental jurisdiction?*
> MS. HARRIS: *Yes.*
> THE COURT: *So, everyone agrees that I do not have independent jurisdiction over this issue?*
> MS. HARRIS: *Yes, your Honor.*

Transcript on Hearing on Motions, pp. 26–27 (emphasis added). The transcript also includes, in relevant part, the following statement by the Court to California Attorney General, Will Snyder:

> THE COURT: . . . Let me say this. In general, *as you know, if you want to be back in California, I'd send you back. If I were told this second* that you were dismissing it [the CMS rebate claims], you had no intent of following it, *you just wanted to pursue the state law claims, you'd be back in California.*

*Id.* at 62 (emphasis added).

U.S. Dist. LEXIS 19967 (E.D. Pa. 2005); *Alabama v. Abbott Labs., Inc.*, Case No. 2:05 cv 647-T (M.D. Ala. 2005) (order dated Aug. 11, 2005); *Texas v. Abbott Labs., Inc.*, Civ. No. A-05-CA897-LY (W.D. Tex. 2005) (Mem. Op. and Order dated Dec. 5, 2005); *Wisconsin v. Abbott Labs., Inc.*, No. 05-C-408-C (W.D. Wis. 2005) (Opinion and Order dated Sept. 29, 2005); *Minnesota v. Pharmacia Corp.*, 2005 U.S. Dist. LEXIS 27638 (D. Minn. 2005).

For this reason, Plaintiffs followed the course that seems to allow for the most expedient resolution of the Defendants' baseless removals of the Florida cases. It is axiomatic that remand motions raising issues of subject matter jurisdiction that are not complex should be decided promptly by the federal court to which the case was initially removed, even where there is a conditional transfer order pending to an MDL. *See Illinois Mun. Ret. Fund v. Citigroup*, 391 F.3d 844, 851 (7th Cir. 2004) (consider remand before transfer); *Vassilatos v. Del Monte Fresh Produce Co.*, 2004 U.S. Dist. LEXIS 22123, *9 (S.D. Fla. 2004) ("[I]f a preliminary assessment suggests that removal was improper, then the Court should decide the merits of such motion. To delay such resolution in the face of a clearly improper removal wastes precious judicial resources and protracts litigation that is often-times already overly long and burdensome."); *Davis v. Wyeth*, 2004 U.S. Dist. LEXIS 28772 at *1 (N.D. Ala. 2004) (where opposition is filed to a conditional transfer order entered by JPML, court is encouraged to rule on motion for remand before transfer to MDL); *Ret. System of Ala. v. J.P. Morgan Chase & Co.*, 2002 U.S. Dist. LEXIS 19449 at *9 (M.D. Ala. 2002) (decide remand motion prior to possible transfer to MDL); *Ret. System of Ala. v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1261 (M.D. Ala. 2002) (same); *Barragan v. Wainer-Lambert Co.*, 216 F. Supp. 2d 627, 630 (W.D. Tex. 2002); *see also Pennsylvania v. TAP Pharma. Prod., Inc.*, 2005 U.S. Dist. LEXIS 19967 (E.D. Pa. 2005) (deciding remand motion even where the JPML has conditionally ordered a transfer

4

to the MDL); *Alabama v. Abbott Labs., Inc.*, Case No. 2:05 cv 647-T (M.D. Ala. 2005) (order dated Aug. 11, 2005) (same); *Texas v. Abbott Labs*, Civ. No. A-05-CA897-LY (W.D. Tex. 2005) (Mem. Op. and Order dated Dec. 5, 2005) (same); *Wisconsin v. Abbott Labs., Inc.*, No. 05-C-408-C (W.D. Wis. 2005) (Opinion and Order dated Sept. 29, 2005) (same).

Given the overwhelming precedent remanding these cases (even where they involved Medicare co-pays), Plaintiffs seek to have the United States District Court for the Northern District of Florida decide the *Mylan* remand motion and avoid the delay of being transferred to this district. Earlier, prior to the companion cases clarifying the law and demonstrating the meritless basis of removal in this case, Plaintiffs <u>did not object</u> to Defendants' efforts to have the *Alpharma* case transferred here (despite Defendants' assertions, Plaintiffs did *not* consent to transfer). However, now that the law is clear, there is no reason to further delay these cases.

Accordingly, at this point, when this Court is poised to decide remand motions of other states, *Alpharma* should be permitted to be heard with the other remand motions already pending. Despite Defendants' and Non-party Mylan's assertions to the contrary, transfer of *Mylan* to this Court is hardly a certainty and anything but imminent. Indeed, it is quite possible the Northern District of Florida will have ruled to remand *Mylan* before a final transfer order has been issued, negating this Court's basis for delaying its consideration of *Alpharma*, prejudicing Plaintiffs with unnecessary delay and wasting this Court's resources by requiring two hearings when one will have been sufficient. It would be an extreme injustice to allow Defendants to further delay proceedings in both *Mylan* and *Alpharma* with misleading motions and baseless removal petitions.

5

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request this Court:

A. Grant this motion and reconsider its January 13, 2006 Electronic Order denying Plaintiffs' Motion to Participate in the January 27th Hearing Regarding Remand;

B. Grant Plaintiffs' Motion to Participate in the January 27th Hearing Regarding Remand; and

C. Grant Plaintiffs such other and further relief as this Court deems just and equitable.

Respectfully submitted this 18th day of January 2006.

                CHARLES J. CRIST, JR.
                FLORIDA ATTORNEY GENERAL

                /s/ Mark S. Thomas
                Mark S. Thomas
                Florida Bar No. 0001716
                Mary S. Miller
                Florida Bar No. 0780420
                Joshua R. Heller
                Florida Bar No. 0502901
                Assistant Attorneys General
                OFFICE OF THE ATTORNEY GENERAL
                MEDICAID FRAUD CONTROL UNIT
                PL-01, The Capitol
                Tallahassee, Florida 32399-1050
                Tel: 850-414-3600
                Fax: 850-487-9475
                *Attorneys for the State of Florida*

Gary Azorsky
Susan Schneider Thomas
Joy P. Clairmont
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

Jonathan Shapiro
STERN, SHAPIRO, WEISSBERG & GARIN LLP
90 Canal Street
Boston, MA 02114

James J. Breen
Alison W. Simon
The Breen Law Firm, P.A.
Post Office Box 297470
Pembroke Pines, FL 33029-7470

*Attorneys for Ven-A-Care of the Florida Keys, Inc*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the  18th  day of January 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Wayne A. Gross
Michael J. Gallagher
Paul Olszowka
Sheryl Dickey
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
*Attorneys for Sandoz, Inc.*

Robert J. Miller
REED SMITH LLP
599 Lexington Avenue-28th Floor
New York, NY 10022
*Attorneys for Faulding, Inc. and Mayne Group, Ltd.*

Stephen A. Ecenia
RUTLEDGE, ECENIA, PURNELL & HOFFMAN, P.A.
Post Office Box 551
215 South Monroe St., Suite 420
Tallahassee, Florida 32301
*Attorneys for Alpharma, Inc., Alpharma, USPD, Inc. f/k/a Barre-National, Inc., Barre Parent Corporation, Purepac Pharmaceutical Co.*

Jay B. Shapiro
Christopher L. Barnett
Samuel O. Patmore
STEARNS, WEAVER, MILLER, WEISSLER, ALHADEFF & SITTERSON
Suite 200-Museum Tower
150 West Flagler Street
Miami, Florida 33130

Peter Antonacci
Jonathan P. Kilman
GRAY ROBINSON, P.A.
301 South Bronough Street
Suite 600 (32301)
Post Office Box 11189
Tallahassee, Florida 32302
*Attorneys for Novartis AG and Sandoz, Inc.*

Dennis P. Orr
Grant J. Esposito
Michelle J. Annunziata
MAYER, BROWN, ROWE & MAW LLP
1675 Broadway
New York, NY 10019
*Attorneys for Novartis AG*

John R. Fleder
HYMAN, PHELPS & McNAMARA, P.C.
700 Thirteenth Street, N.W. - Suite 1200
Washington, DC 20005
*Attorneys for Alpharma, Inc., Alpharma, USPD, Inc. f/k/a Barre-National, Inc., Barre Parent Corporation, Purepac Pharmaceutical Co.*

 /s/  Jonathan Shapiro
STERN, SHAPIRO, WEISSBERG & GARIN LLP
90 Canal Street
Boston, MA   02114