UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) MDL No. 1456 ) ) CIVIL ACTION:  01-CV-12257-PBS ) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) Judge Patti B. Saris ) Chief Mag. Judge Marianne B. Bowler ) |

**AMENDED** OBJECTIONS TO MAGISTRATE JUDGE'S RULING ON
DR. HOPKINS' MOTION TO QUASH ASTRAZENECA'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS AND NOTICE OF SUBPOENA AD
TESTIFICANDUM AND DUCES TECUM FOR DR. HOPKINS' COUNSEL
<u>**NO ORAL ARGUMENT REQUESTED; ORAL ARGUMENT WAIVED**</u>

Stanley C. Hopkins, a defendant in certain New Jersey litigation removed to federal court and transferred to this MDL, respectfully submits the following Amended Objections to the Magistrate Judge's Ruling of January 6, 2006, in which the Magistrate Judge granted in part and denied in part Dr. Hopkins' Motion to Quash AstraZeneca's First Request for Production of Documents and Notice of Subpoena Ad Testificandum and Duces Tecum for Dr. Hopkins' Counsel. Dr. Hopkins also moves to permit withdrawal of document number <u>2048</u> to be replaced by these objections.

**Procedural Background**

Defendant AstraZeneca has served Dr. Hopkins with a Request for production of documents and a Notice of Subpoena ad Testificandum and Duces Tecum (Exhibit "1"). The documents and deposition seek to explore whether Dr. Hopkins was fraudulently joined in a New Jersey class action, subsequently removed and transferred to this MDL.  The procedural facts are set forth in Dr. Hopkins' Motion to Quash (Exhibit "2").

On January 6, 2006, the Magistrate Judge entered an electronic order granting in part and denying in part Dr. Hopkins' Motion to Quash (Exhibit "3"). The order required production of a privilege log and permitted the deposition of the undersigned. Dr. Hopkins does not object to providing the privilege log, and indeed has now provided one pursuant to the Court's order. The only issue objected to is the following: (1) whether the Magistrate Judge clearly erred in permitting discovery on the issue of fraudulent joinder; and, (2) whether the Magistrate Judge clearly erred in permitting discovery on settlement discussions between plaintiff's counsel and the undersigned.

**<u>Analysis</u>**

    1.    <u>The Magistrate Judge clearly erred when it permitted discovery on the issue of fraudulent joinder as to Dr. Hopkins.</u>

Assuming for the sake of argument that Dr. Hopkins had been joined to destroy federal jurisdiction, AstraZeneca has failed to assert the sort of "outright fraud committed in the plaintiff's pleadings" required to demonstrate fraudulent joinder. *See* this Court's January 9, 2006, Memorandum and Order remanding *County of Erie v. Abbott Laboratories, et al.*, Civ. Action No. 105-CV-11705-PBS (D. Mass. January 9, 2006). (This Order was released after Judge Bowler issued the Order partially denying Dr. Hopkins' Motion to Quash.) (Exhibit "3".) AstraZeneca justifies the requested discovery on grounds that AstraZeneca needs to "discover information on whether Dr. Hopkins accepted service of the complaint and refused to consent to removal as part of an agreement or understanding with plaintiff that plaintiff would not pursue its alleged claims against Dr. Hopkins." S*ee* AstraZeneca's Memorandum of Law in Opposition to Defendant Dr. Stanley Hopkins' Motion to Quash (Exhibit "4"). This, simply put, does not rise to the level of a fraud in the pleadings, even if true. Even assuming for the sake of this argument that "Dr. Hopkins accepted service of the complaint and refused to consent to removal as part of

an agreement or understanding with plaintiff that plaintiff would not pursue its alleged claims against Dr. Hopkins," this allegation does not constitute the sort of "outright fraud committed in the pleadings" necessary to justify the sought-after deposition and documents. Defendants have failed to cite any cases to support this proposition, and Dr. Hopkins has already been deposed in this matter, during which anyone who cared to was free to explore this.

    2.    <u>The Magistrate Judge's Order arguable compels production of confidential documents.</u>

The Magistrate Judge clearly erred to the extent the judge required production of documents evidencing settlement discussions between plaintiff's counsel and the undersigned. Those communications are confidential and protected under Florida Ethics Rule 4-1.6 and Model Rule 1.6. Permitting discovery on these confidential issues would chill settlement negotiations and is against public policy. In any event, the ethical rules prevent an attorney from "reveal[ing] information relating to representation of a client." Fla. R. Prof. Conduct 4-1.6. Certainly settlement negotiations constitute such communications. Moreover, defendants have failed to demonstrate relevance sufficient to justify the requested discovery. *See, e.g., In re Lupron Litig.*, 2005 WL 613492 (D. Mass) (denying motion to compel discovery of settlement negotiations); *Doe v. Methacton School Dist.*, 164 F.R.D. 175 (E.D. Pa. 1995) (discovery of settlement agreement precluded for failure to show relevance).

## CONCLUSION

Under the circumstances, this Court should overrule the Magistrate Judge's order to the extent The Magistrate Judge permitted any discovery against Dr. Hopkins or his attorney on the fraudulent joinder issue. Moreover, this Court should overrule the Magistrate Judge to the extent the order required disclosure of confidential settlement documents.

**UNDERSIGNED COUNSEL HEREBY WAIVES ORAL ARGUMENT AND REQUESTS THE COURT DECIDE THE ISSUE ON THE PLEADINGS.**

Dated: January 19, 2006						Respectfully submitted,

>			*/s/ Jack E. Fernandez*
>			Jack E. Fernandez
>			Zuckerman Spaeder, LLP
>			101 E. Kennedy Blvd., Suite 1200
>			Tampa, FL 33602
>			Telephone: 813-221-1010
>			Facsimile: 813-223-7961
>			**Counsel for Defendant Stanley C. Hopkins, M.D.**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of January, 2006, I electronically filed the above objections with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

>			*/s/ Jack E. Fernandez*
>			Attorney