UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris<br><br>Chief Mag. Judge Marianne B. Bowler |

**DEFENDANT DEY, INC.'S MEMORANDUM OF LAW
IN OPPOSITION TO NON-PARTY FALLON COMMUNITY
HEALTH PLAN, INC.'S MOTION TO STAY DISCOVERY**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT .............................................................................................................................. 3

    I.    Fallon's Request for a Stay of Discovery Pending Resolution of the Discovery Motions is Unwarranted ................................................................. 3

CONCLUSION ........................................................................................................................... 5

Dey, Inc. ("Dey") submits this Memorandum of Law in Opposition to Fallon Community Health Plan, Inc.'s ("Fallon") Motion to Stay Discovery served upon it by Dey, Inc.

## PRELIMINARY STATEMENT

Fallon requests a stay of enforcement of discovery under the subpoena served on it on November 21, 2005 (the "Subpoena") until this Court rules on the pending motions for protective order brought by: (i) Plaintiffs (Docket Nos. 1907 and 1909), (ii) Tufts Associated Health Plans, Inc. (Docket No. 1910), and (iii) Neighborhood Health Plan, Inc. (Docket No. 1914) (collectively, the "Discovery Motions").[1] Fallon's request for a stay is unwarranted.

Dey served the Subpoena on Fallon on November 21, 2005 and sought to engage in discussions towards reaching an agreement with Fallon regarding the Subpoena. Fallon contends it was forced to file objections and its motion for a stay on January 5, 2006. However, Fallon precipitated the need for motion practice when it took the position, in its letter dated December 22, 2005, that Dey should consent to a stay without the benefit of knowing whether Fallon intended to comply and/or object to the Subpoena.

Subsequently, on January 9, 2006, this Court provided notice of a hearing on February 2, 2006 as to, *inter alia*, both the Discovery Motions and Fallon's motion for a stay. Thus, the February 2, 2006 hearing should resolve the pending motions.

In light of this record, Fallon's motion for a stay of discovery pending resolution of the Discovery Motions is unwarranted and should be denied.

---

[1] Plaintiffs' Motion for Protective Order Re Subpoenas Issued by Dey, Inc. to Tufts Associated Health Plans, Inc. and Neighborhood Health Plan, Inc. (Docket No. 1907) was filed on November 23, 2005. Plaintiffs' Motion for Protective Order Concerning Notices of Deposition and Subpoenas Issued by Dey, Inc. to Fallon Community Health Plan and Abbott Laboratories to Harvard Community Health Care (Docket No. 1909) was filed on November 25, 2005. Tufts Associated Health Plans, Inc.'s Motion for Protective Order (Docket No. 1910) was filed on November 25, 2005. Neighborhood Health Plan, Inc.'s Motion for Protective Order and to Quash Subpoena from Dey, Inc. (Docket No. 1914) was filed on November 29, 2005.

## STATEMENT OF FACTS

On November 21, 2005, Dey served the Subpoena on Fallon, accompanied with a cover letter, seeking production of documents and deposition testimony. (Trewick Decl., at ¶ 4). Attached as Exhibit A is a copy of the November 21 cover letter and Subpoena. The November 21 cover letter stated, in part, that counsel for Dey would endeavor to accommodate any reasonable requests for an adjournment of the dates for documents and depositions. *See* Exhibit A.

Fallon's original counsel and counsel for Dey engaged in discussions on November 30, 2005, and December 1, 2005. (Trewick Decl., at ¶ 5). The parties agreed to postpone the production of documents and deposition originally scheduled for December 2, 2005, and work towards an agreed upon schedule in the coming week. *Id.* Shortly after, however, original counsel for Fallon informed counsel for Dey that a conflict of interest was discovered, and Fallon would engage new counsel. *Id.*

On or about December 19, 2005, counsel for Dey learned that Fallon engaged its current counsel, Nelson, Kinder, Mosseau & Saturley, PC. (Trewick Decl., at ¶ 6). In advance of providing any response to the Subpoena, in a letter dated December 22, 2005, counsel for Fallon requested that Dey consent to a stay regarding the discovery served on Fallon pending the Court's resolution of a protective order sought by the underlying Plaintiffs which encompassed the Subpoena.[2] (Trewick Decl., at ¶ 7). Counsel for Dey informed Fallon's counsel, in a letter dated December 28, 2005, that it would not agree to an open-ended postponement of a response to the Subpoena, noting Dey's position that Plaintiffs' motion for protective order concerning the Subpoena is meritless. (Trewick Decl., at ¶ 8). At that time, the Subpoena was issued more than

---

[2] In its motion papers, Fallon expanded its request for a stay and now seeks a stay of enforcement of the Subpoena until the Court rules on each of the Discovery Motions.

2

a month earlier, and Fallon had yet to provide a response to the Subpoena in any form. *Id.* Still interested in working towards an agreement with Fallon regarding the Subpoena, counsel for Dey sought, in its December 28 letter, to discuss any concerns Fallon may have regarding the Subpoena, and requested any written objections to the Subpoena by January 5, 2006. (Trewick Decl., at ¶ 9).

During discussions on January 3 and January 4, 2006, counsel for Fallon informed Dey's counsel that Fallon does not, and has never, directly purchased drugs. (Trewick Decl., at ¶ 10). In the January 4 call, counsel for Dey informed Fallon's counsel that, nevertheless, the requests and topics in the Subpoena encompass other issues that are relevant to this action for which Dey seeks enforcement. *Id.* On January 5, 2006, Fallon served written objections to the Subpoena and simultaneously served and filed its motion to stay discovery. (Trewick Decl., at ¶ 11). As of today's date, Fallon has yet to file a motion to quash the Subpoena. *Id.*

Dey has been willing to work towards an agreement that would allow Fallon to respond to the Subpoena and produce a 30(b)(6) witness on a mutually agreed schedule. (Trewick Decl., at ¶ 12). However, counsel for Fallon immediately sought to stay discovery without providing Dey the opportunity to address Fallon's written objections to and alleged concerns with the Subpoena. *Id.*

## ARGUMENT

### I. FALLON'S REQUEST FOR A STAY OF DISCOVERY PENDING RESOLUTION OF THE DISCOVERY MOTIONS IS UNWARRANTED

Fallon contends it is unfair to require it to comply with the Subpoena in any way while the Discovery Motions remain outstanding. Fallon's argument is simply not tenable. The Subpoena is not inter-dependent with the discovery sought under the subpoenas issued to other Massachusetts third-party plans, including Tufts and Neighborhood. Dey has vigorously

3

opposed the motions by Plaintiff, Tufts, and Neighborhood, in turn, and asserts that the Discovery Motions are meritless.

Fallon has not cited to any authority which would support its position that motions to quash filed by other parties or non-parties should obviate the need for Fallon to respond to the Subpoena.

Fallon's first course of action regarding the Subpoena was to request a stay of discovery as stated in its December 22, 2005 letter. At that time, although the Subpoena had been served a month before, Fallon had yet to communicate whether it intended to produce documents and witnesses, nor had Fallon provided written objections to the Subpoena. Rather than serve responses and objections to the Subpoena and work with Dey to seek an agreement as to a response, Fallon simply objected in blanket fashion and immediately sought a stay. Dey had no opportunity to address Fallon's written objections to, and concerns with, the Subpoena before Fallon filed its motion.[3]

---

[3] The Subpoena is still outstanding and Dey reserves all it rights regarding the Subpoena.

4

## CONCLUSION

For the foregoing reasons, Dey respectfully requests that the Court deny Fallon's motion to stay discovery.

Dated: January 23, 2006

                                                   Respectfully submitted,

                                                   KELLEY DRYE & WARREN LLP

                                                 By: _/s/ Lorianne K. Trewick_____

                                                 Paul F. Doyle (BBO # 133460)
                                                 Christopher C. Palermo (*pro hac vice*)
                                                 Philip D. Robben (*pro hac vice*)
                                                 Lorianne K. Trewick (*pro hac vice*)

                                                 101 Park Avenue
                                                 New York, New York 10178
                                                 Telephone: (212) 808-7786
                                                 Facsimile:  (212) 808-7897

                                                 Attorneys for Dey, Inc.

5

## CERTIFICATE OF SERVICE

I certify that on January 23, 2006, a true and correct copy of the foregoing Memorandum In Opposition to Fallon's Motion to Stay Discovery was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties. I further certify that on January 23, 2006, a copy was served on counsel for third party Fallon Community Health Plan, Inc. via facsimile and UPS.

Lorianne K. Trewick