# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | C.A. No. 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: | |
| *International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca Pharmaceuticals, L.P., et al.*; C.A. No. 04-11503-PBS | Hon. Patti B. Saris |

## OPPOSITION BY PLAINTIFF, INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND, TO DEFENDANTS' SECOND SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO REMAND

International Union of Operating Engineers, Local No. 68 Welfare Fund (hereinafter "Plaintiff" or "Local 68") files the instant opposition to defendant's latest brief in opposition to remand. Over the last two and one-half years – during which time Plaintiff's Motion for Remand has been pending – the basis for removal of AstraZeneca Pharmaceuticals, L.P. ("Defendant" or "AstraZeneca") has been a veritable moving target. In this Opposition, Plaintiff focuses only upon the current argument – the alleged fraudulent joinder of the individual doctor defendants.[1] In view

---

[1]     AstraZeneca's argument that the doctors' consent for removal was not required because they were not served is baseless. AstraZeneca agrees that under Rule 4:4-4(c) of the New Jersey Rules of Civil Practice, mail service with acceptance by the doctors' counsel was a proper means by which to effectuate service on the doctor defendants. AstraZeneca does not and cannot dispute that Mr. Mustakov accepted service on behalf of his client, Dr. Antoun, and that Mr. Fernandez accepted service on behalf of his client, Dr. Hopkins, as of July 3, 2003, the date AstraZeneca's Notice of Removal was filed. *See* Joinder of Defendant, Saad Antoun, M.D. in Plaintiff's Motion for Remand, or, in the Alternative, Motion To Remand Pursuant to 28 U.S.C. § 1448, at ¶2, attached as Exhibit A ("The undersigned accepted service of the Class Action Complaint on behalf of his client, defendant, Saad Antoun, M.D., via Federal Express overnight delivery, on July 1, 2003."); Affidavit of Jack Fernandez, Esquire, at ¶2, attached as Exhibit B ("I accepted service of the Class Action Complaint on behalf of Dr. Hopkins on July 3, 2003."). While AstraZeneca contends that in order for service to be effective under Rule 4:4-4(c), the defendant must answer or appear in response (which did not

of the strict standards which this Court has adopted and applied respecting a defendant's burden of

proof in claiming fraudulent joinder to defeat remand, AstraZeneca's claim should be rejected and

remand should be granted to plaintiff.

Just this month, in the instant MDL, this Court affirmed its view that:

> the "lynchpin of the fraudulent joinder analysis is whether the joinder
> of the non-diverse party has a reasonable basis in law and fact." *Mills*
> *[v. Allegiance Healthcare Corp.]*, 178 F. Supp.2d [1,] 4 [(D. Mass.
> 2001) (Saris, J.)]. In such a case the "burden of establishing that
> joinder is fraudulent is on the party seeking removal to federal court,
> and that burden is a heavy one." *Fabiano Shoe Co. v. Black Diamond*
> *Equip. Ltd.*, 41 F. Supp.2d 70, 71 (D. Mass. 1999).

*See* Memorandum and Order, dated January 9, 2006, at 5. In connection with remanding the County

of Erie's case, this Court relied upon its prior decision in *Mills, supra*, which established the standard

by which Local 68's motion for remand should be judged.

While a court "is not held captive by the allegations in the complaint" in analyzing a claim

for fraudulent joinder, and while it may consider extrinsic evidence,[2] in deciding remand, such

evidence must accompany the petition for removal and the petition must affirmatively state that

fraudulent joinder is one of the bases for removal. *See Mills*, 178 F. Supp.2d at 5.[3] In the instant

occur until July 18, 2003 when the above-referenced Joinder and Affidavit were filed), neither the
Rule nor case law contemplate that the effective date of service becomes the date on which the
defendant answers or otherwises appears.

[2]       This Court recognized the innate problems with the consideration of extrinsic evidence in
the context of removal. "[A]n examination of evidence extrinsic to the allegations of the complaint,
to determine whether there is any reasonable likelihood of recovery, can be problematic in fact-laden
disputes, particularly where the opportunity for discovery has been lopsided." *Mills*, 178 F. Supp.2d
at 6 (citing *Mill-Bern Assoc., Inc. v. Dallas Semiconductor Corp.*, 69 F. Supp.2d 240, 245 (D. Mass.
1999)).

[3]       Quoting the United States Supreme Court in *Wilson v. Republic Iron & Steel Co.*, 257 U.S.
92 (1921), this Court held in *Mills* that "'the joinder, although fair on its face, may be shown **by a**
**petition for removal** to be only a sham or fraudulent device to prevent a removal; but the **showing**

case, AstraZeneca failed to allege fraudulent joinder in its removal petition, and has failed to allege any "extrinsic evidence" pertaining to the reasonable likelihood of recovery against the doctor defendants.

In its Notice of Removal, AstraZeneca did not claim fraudulent joinder; it claimed only the following:

## Consent to Removal

      19.    Consent to removal is required only for served defendants. AstraZeneca has conducted a reasonably diligent inquiry, and based on this investigation, is informed and believes that, as of the date of this Notice, none of the other named defendants has been serve[d] with the Class Action Complaint. Counsel for AstraZeneca is further informed and believes, based on this investigation, that all defendants will consent to this removal and will join herein following the service of process.

*See* Notice of Removal, dated July 3, 2003, at 7. Obviously, fraudulent joinder of the doctors –

individuals who pled guilty to conspiring with AstraZeneca in connection with the billing for free

samples of Zoladex® – was not evident from Plaintiff's Complaint or AstraZeneca would have made

such a claim in its Notice of Removal. Rather, Plaintiff had an "objectively valid basis for joining"

the defendant doctors in the complaint – their guilty pleas. *See Mills,* 178 F. Supp.2d at 6.

AstraZeneca first claimed fraudulent joinder of the doctor defendants, including the *diverse*

ones, in its Opposition to Plaintiff's Motion for Remand, filed on July 15, 2003. *See* Memorandum

of Law in Opposition to Plaintiff's Motion To Remand, at 8-11. At that time, AstraZeneca noted that

"further record evidence needs to be developed to determine whether the individual defendants have

been fraudulently joined to frustrate federal jurisdiction over this case." *Id.* at 11. However,

---

**must consist of a statement of facts** rightly leading to the conclusion apart from the pleader's deductions.'" *Mills,* 178 F. Supp.2d at 5-6 (quoting *Wilson,* 257 U.S. at 97) (emphasis added).

AstraZeneca, the party with the burden of proof, failed to press for discovery respecting its allegations of fraudulent joinder in either the District of New Jersey, when the matter of Plaintiff's Motion for Remand was discussed in July 2003, or in this Court in April 2005 when the Court established the re-briefing schedule. Instead, AstraZeneca waited until it filed its Supplemental Memorandum of Law in Opposition to Plaintiff's Motion for Remand, dated May 6, 2005.[4]

Even after AstraZeneca began pursuing discovery, the discovery which it sought missed the mark: it sought to discover information about Plaintiff counsel's motivations and settlement strategies, all of which is protected by the attorney-client, work product and settlement privileges. In *Mills*, the Court observed:

> First, Defendants challenge Plaintiffs' motive in adding Claflin as a non-diverse party, claiming that Plaintiffs' counsel did not truly intend to secure a judgment. This argument misses the mark. So long as the plaintiffs have an objectively valid basis for joining Claflin in the complaint, their subjective motivations are largely irrelevant.... Moreover, Defendants rest on Plaintiff counsel's statement that he only joined Claflin to facilitate discovery. Plaintiffs' counsel does not recall making that precise statement and denies that he did not intend to secure judgment against Claflin. Regardless, this off-hand comment is not tantamount to clear and convincing evidence that Plaintiffs have a bad faith motivation or fraudulent intent to defeat removal jurisdiction.

*Mills*, 178 F. Supp.2d at 6-7 (citations omitted). Plaintiff submits that the situation in *Mills* was virtually identical to the situation here respecting the removal of Local 68's case, with one critical

---

[4]     AstraZeneca abandoned the discovery of the counsel for the doctor defendants initiated through subpoenas issued on July 14, 2003. *See* Memorandum of Law in Opposition to Plaintiff's Motion for Remand, dated July 15, 2003, at 11 n.3. AstraZeneca may argue that the stay granted by Judge Chesler forbade them from attempting to obtain fraudulent joinder discovery. However, Judge Chesler's stay was only effective pending transfer. *See* Order Granting in Part Defendant AstraZeneca Pharmaceuticals L.P.'s Motion To Stay, with Exceptions, attached as Exhibit C. Once the Final Transfer Order was issued in December 2003, AstraZeneca should have sought this discovery that it now claims is so crucial to its arguments. Instead, it waited almost eighteen months.

difference which further bolsters Plaintiff's right to remand – the Claflin Company had not pled guilty to federal criminal charges respecting the same conduct for which the defendant was sued civilly. Plaintiff's subjective motives for suing Drs. Antoun, Hopkins and Berkman in this case are wholly irrelevant in view of the objective fact that all three of these defendants admitted at least a portion of the conduct for which they were sued. On such a record, AstraZeneca cannot meet its burden of proof of showing by clear and convincing evidence that Local 68's claims against the doctors were motivated by fraud or bad faith.

Under the *Mills* standard, any discovery conducted by AstraZeneca should have focused upon whether Local 68 could make out a claim against the doctor defendants under New Jersey law. *See, e.g., Salazar v. Merck & Co., Inc.*, No. Civ. A. 05-445, 2005 WL 2875332, at *2 (S.D. Tex. Nov. 2, 2005) ("In some cases, the Court may allow limited remand-related discovery, and conduct a summary judgment type inquiry; such inquiry, however, is appropriate only to identify the presence of discrete and undisputed facts that would preclude the plaintiffs' recovery against the in-state defendants.") Instead, AstraZeneca's discovery efforts sought to embark on a fishing expedition to uncover some evil plot by Plaintiff counsel to defeat removal by settling with the doctors. Apart from the fact that there is no evidence of such a motive, allowing such an unfettered inquiry would create a chilling effect on settlements in multi-defendant cases. Indeed, if such an inquiry were allowed, this Court's efforts to encourage mediation and settlement discussions would be frustrated. The same

5

would be true even if counsel were required to log[5] all communications with opposing counsel on settlement.[6]

At any rate, AstraZeneca did obtain some documentation from the doctor defendants evidencing settlement discussions. It should be noted that nothing in the unexecuted Memorandum of Understanding, which was produced by counsel for Dr. Antoun (*see* Declaration of Lucy Fowler in support of AstraZeneca's Second Supplemental Memorandum of Law in Opposition to Motion for Remand by Plaintiff, at Exhibit 3), requires that, in consideration for the settlement, Dr. Antoun agree to oppose removal and/or to refuse to consent to removal. Plaintiff submits that the absence of such language in the document evidences that there was no such *quid pro quo*. In fact, there was none.

Therefore, because it is clear that AstraZeneca has not and cannot prove by clear and convincing evidence that the doctor defendants were fraudulently joined, their lack of consent to removal is dispositive. The Local 68 case should be remanded to Monmouth County, New Jersey, where it belongs.

Date: <u>January 24, 2006</u>

Respectfully submitted,

Ronald J. Ranta, Esquire
**FISETTE & RANTA**
B.B.O. No. 411880
100 Cummings Center, Suite 221B
Beverly, MA 01915
978-927-8766 telephone
978-927-7082 facsimile

Shanin Specter, Esquire
Donald E. Haviland, Jr., Esquire
TerriAnne Benedetto, Esquire
**KLINE & SPECTER**
1800 Chapel Avenue, Suite 302
Cherry Hill, NJ 08002
856-662-1180 telephone
856-662-1184 facsimile

---

[5]      Pending before this Court are the objections of Dr. Hopkins to the ruling of Magistrate Bowles which ordered that such a log be produced.

[6]      Plaintiff also submits that if Plaintiff's counsel is required to log all of its communications with opposing counsel, then, counsel for the Defendants should be similarly encumbered, not only respecting their communications with Plaintiff's counsel, but also their communications with one another, communications which they have often claimed were subject to the "joint defense" privilege. Plaintiff would also seek to have the Court review defense counsels' communications in order to determine whether they are protected by this asserted "joint defense" privilege.

6

John E. Keefe, Jr., Esquire
Stephen T. Sullivan, Jr., Esquire
**LYNCH ♦ MARTIN**
830 Broad Street
Shrewsbury, NJ 07702
732-224-9400 telephone
732-224-9494 facsimile

Raymond A. Gill, Jr., Esquire
**GILL & CHAMAS**
655 Florida Grove Road
P.O. Box 760
Woodbridge, NJ 07095
732-324-7600 telephone
732-324-7606 facsimile

ATTORNEYS FOR PLAINTIFF AND THE CLASS

Exhibit "A"

7|18

**DUANE MORRIS LLP**
BY: CINDY DUNLAP HINKLE, ESQUIRE
BY: MICHAEL M. MUSTOKOFF, ESQUIRE
59 Haddonfield Road, Suite 340
Cherry Hill, NJ- 08002-4810
(856) 488-7300 (telephone)
(856-488-7021 (facsimile)

COUNSEL FOR SAAD ANTOUN, M.D.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL NO. 68 WELFARE FUND,**

Plaintiff,

v.

AstraZeneca PLC; AstraZeneca Pharmaceuticals LP;
AstraZeneca LP; Zeneca, Inc.; TAP Pharmaceutical
Products, Inc.; Abbott Laboratories; Takeda Chemical
Industries, Ltd.; Bayer AG; Bayer Corporation; Miles
Laboratories, Inc.; Cutter Laboratories, Inc.;
GlaxoSmithKline, P.L.C.; SmithKline Beecham Corporation;
Glaxo Wellcome, Inc.; Pharmacia Corporation; Pharmacia &
Upjohn, Inc.; Monsanto Company; G.D. Searle Company;
Sanofi-Synthelabo Inc.; Johnson & Johnson; Alza
Corporation; Centocor, Inc.; Ortho Biotech, Inc.; Alpha
Therapeutic Corporation; Hoffman La-Roche Inc.; Amgen,
Inc.; Immunex Corporation; Aventis Pharmaceuticals, Inc.;
Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.;
Centeon, L.L.C.; Armour Pharmaceuticals; Baxter
International Inc.; Baxter Healthcare Corporation; Immuno-
U.S., Inc.; Boehringer Ingelheim Corporation; Ben Venue
Laboratories, Inc.; Bedford Laboratories; Roxane
Laboratories, Inc.; Bristol-Myers Squibb Company;
Oncology Therapeutics Network Corporation; Apothecon,
Inc.; Dey, Inc.; Fujisawa Pharmaceutical Co., Ltd.; Fujisawa
Healthcare, Inc.; Fujisawa USA, Inc.; Novartis International
AG; Novartis Pharmaceutical Corporation; Sandoz
Pharmaceutical Corporation; Schering-Plough Corporation;
Warrick Pharmaceuticals Corporation; Sicor, Inc.; Gensia
Sicor Pharmaceuticals, Inc.; Wyeth; Wyeth Pharmaceuticals;
Saad Antoun, M.D.; Stanley C. Hopkins, M.D.; Robert A.
Berkman, M.D.; Does 1-50; ABC Corporations 1-50; and
XYZ Partnerships; and Associations 1-50,

Defendants.

CIVIL ACTION NO. 03-3230
(SRC)

ORIGINAL FILED

JUL 1 8 2003

WILLIAM T. WALSH
CLERK

**JOINDER OF DEFENDANT,
SAAD ANTOUN, M.D. IN
PLAINTIFF'S MOTION FOR
REMAND, OR, IN THE
ALTERNATIVE, MOTION
TO REMAND PURSUANT
TO 28 U.S.C. § 1448**

Defendant, Saad Antoun, M.D., by his undersigned counsel, hereby joins in the Plaintiff's Motion for Remand or, in the alternative, seeks to have this case remanded back to state court pursuant to 28 U.S.C. §1448, and in support thereof avers as follows:

1.      The Class Action Complaint in the instant case was filed on June 30, 2003 in the Superior Court of New Jersey, Monmouth County.

2.      The undersigned accepted service of the Class Action Complaint on behalf of his client, defendant, Saad Antoun, M.D., via Federal Express overnight delivery, on July 1, 2003.

3.      Co-defendant, AstraZeneca Pharmaceuticals, L.P.("AstraZeneca"), removed this action to this Court by filing a Notice of Removal on July 3, 2003.

4.      On July 9, 2003, plaintiff filed a Motion for Remand, which was based, in part, upon the lack of consent by Dr. Antoun.

5.      Dr. Antoun has not provided his consent to removal, although his consent was sought by counsel for AstraZeneca.

6.      The undersigned clearly communicated Dr. Antoun's denial of consent to federal court jurisdiction verbally to John C. Dodds, counsel for AstraZeneca, and to counsel for plaintiff.

7.      In view of Dr. Antoun's lack of consent to federal court jurisdiction over this matter, the plaintiff's Motion for Remand should be granted.

8.      In the alternative, should this Court deny the plaintiff's Motion for Remand, despite the lack of consent of Dr. Antoun to federal court jurisdiction, Dr. Antoun hereby seeks to have this case remanded pursuant to 28 U.S.C. § 1448 for the same reason.

WHEREFORE, defendant, Saad Antoun, M.D., hereby joins in the plaintiff's Motion for Remand and respectfully requests that this Honorable Court remand the case to the Superior Court of New Jersey, Monmouth County, either on the basis of plaintiff's Motion for Remand or upon his own motion.

Respectfully submitted,

Dated: 7-18-03, 2003

Cindy Dunlap Hinkle, Esquire
Michael M. Mustokoff, Esquire
**DUANE MORRIS LLP**
59 Haddonfield Road, Suite 340
Cherry Hill, NJ 08002-4810
(856) 488-7300 (telephone)
(856) 488-7021 (facsimile)

Attorneys for Saad Antoun, M.D.

Exhibit "B"

7|18|03

Jack Fernandez, Esquire
**ZUCKERMAN, SPAEDER, LLP**
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602
813-221-1010 telephone
813-223-7961 facsimile

COUNSEL FOR STANLEY C. HOPKINS, M.D.

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

International Union of Operating Engineers,
Local No. 68 Welfare Fund,

               Plaintiff,

     v.

AstraZeneca PLC; AstraZeneca Pharmaceuticals LP;
AstraZeneca LP; Zeneca, Inc.; TAP Pharmaceutical Products,
Inc.; Abbott Laboratories; Takeda Chemical Industries, Ltd.;
Bayer AG; Bayer Corporation; Miles Laboratories, Inc.; Cutter
Laboratories, Inc.; GlaxoSmithKline, P.L.C.; SmithKline
Beecham Corporation; Glaxo Wellcome, Inc.; Pharmacia
Corporation; Pharmacia & Upjohn, Inc.; Monsanto Company;
G.D. Searle Company; Sanofi-Synthelabo Inc.; Johnson &
Johnson; Alza Corporation; Centocor, Inc.; Ortho Biotech, Inc.;
Alpha Therapeutic Corporation; Hoffman La-Roche Inc.;
Amgen, Inc.; Immunex Corporation; Aventis Pharmaceuticals,
Inc.; Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.;
Centeon, L.L.C.; Armour Pharmaceuticals; Baxter International
Inc.; Baxter Healthcare Corporation; Immuno-U.S., Inc.;
Boehringer Ingelheim Corporation; Ben Venue Laboratories,
Inc.; Bedford Laboratories; Roxane Laboratories, Inc.; Bristol-
Myers Squibb Company; Oncology Therapeutics Network
Corporation; Apothecon, Inc.; Dey, Inc.; Fujisawa
Pharmaceutical Co., Ltd.; Fujisawa Healthcare, Inc.; Fujisawa
USA, Inc.; Novartis International AG; Novartis Pharmaceutical
Corporation; Sandoz Pharmaceutical Corporation; Schering-
Plough Corporation; Warrick Pharmaceuticals Corporation;
Sicor, Inc.; Gensia Sicor Pharmaceuticals, Inc.; Wyeth; Wyeth
Pharmaceuticals; Saad Antoun, M.D.; Stanley C. Hopkins,
M.D.; Robert A. Berkman, M.D.; Does 1-50; ABC Corp. 1-50;
and XYZ Partnerships; and Associations 1-50,

               Defendants.

C.A. NO. 03-3230 (SRC)

**AFFIDAVIT OF
JACK FERNANDEZ,
ESQUIRE**

## AFFIDAVIT OF JACK FERNANDEZ, ESQUIRE

STATE OF FLORIDA  :
        : ss.
COUNTY OF HILLSBOROUGH :

  I, Jack Fernandez, Esquire hereby certify as follows:

  1. I am a Partner with the law firm of Zuckerman, Spaeder, LLP, attorneys for

defendant, Stanley C. Hopkins, M.D., in this case.

  2. I accepted service of the Class Action Complaint on behalf of Dr. Hopkins on July 3,

2003.

              _____
              JACK FERNANDEZ

SWORN TO AND SUBSCRIBED,
BEFORE ME, THIS _18th_
DAY OF _July_ , 2003.

_Elaine H. Singleton_
Notary Public

        Notary Public, State at Large, KY
        My commission expires Dec. 8, 2004
My commission expires _____.

2

Exhibit "C"

Andrew T. Berry
David J. Cooner
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulbery Street
P.O. Box 652
Newark, NJ 07101-0652
Tel.:  (973) 622-4444
Fax:  (973) 624-7070

OF COUNSEL:
D. Scott Wise
Kimberley D. Harris
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Tel.:  (212) 450-4000
Fax:  (212) 450-3800

Attorneys for Defendant
AstraZeneca Pharmaceuticals L.P.
DC-3417



## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, Local No. 68 Welfare Fund, | Civil Action No. 03-3230 (SRC) |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| AstraZeneca PLC; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Zeneca, Inc.; TAP Pharmaceutical Products, Inc.; Abbott Laboratories; Takeda Chemical Industries, Ltd.; Bayer AG; Bayer Corporation; Miles Laboratories, Inc.; Cutter Laboratories, Inc.; GlaxoSmithKline, P.L.C.; SmithKline Beecham Corporation; Glaxo Wellcome, Inc.; Pharmacia Corporation; Pharmacia & Upjohn, Inc.; Monsanto | **ORDER GRANTING IN PART DEFENDANT ASTRAZENECA PHARMACEUTICALS L.P.'S MOTION TO STAY, WITH EXCEPTIONS** |

Company; G.D. Searle Company; Sanofi-
Synthelabo Inc.; Johnson & Johnson; Alza
Corporation; Centocor, Inc.; Ortho Biotech,
Inc.; Alpha Therapeutic Corporation;
Hoffman La-Roche Inc.; Amgen, Inc.;
Immunex Corporation; Aventis
Pharmaceuticals, Inc.; Aventis Behring
L.L.C.; Hoechst Marion Roussel, Inc.;
Centeon, L.L.C.; Armour Pharmaceuticals;
Baxter International Inc.; Baxter Healthcare
Corporation; Immuno-U.S., Inc.; Boehringer
Ingelheim Corporation; Ben Venue
Laboratories, Inc.; Bedford Laboratories;
Roxane Laboratories, Inc.; Bristol-Myers
Squibb Company; Oncology therapeutics
Network Corporation; Apothecon, Inc.; Dey,
Inc.; Fujisawa Pharmaceutical Co., Ltd.;
Fujisawa Healthcare, Inc.; Fujisawa USA,
Inc.; Novartis International AG; Novartis
Pharmaceutical Corporation; Sandoz
Pharmaceutical Corporation; Schering-Plough
Corporation Warrick Pharmaceuticals
Corporation; Sicor, Inc.; Gensia Sicor
Pharmaceuticals, Inc.; Wyeth; Wyeth
Pharmaceuticals; Saad Antoun, M.D.; Stanley
C. Hopkins, M.D.; Robert A. Berkman, M.D.;
Does 1-50; ABC Corporations 1-50; and XYZ
Partnerships; and Associations 1-50,

Defendants.

This matter having been opened to the Court by McCarter & English,

LLP, attorneys for defendant AstraZeneca Pharmaceuticals L.P. ("AstraZeneca"),

on a motion to stay all proceedings ("Stay Motion") in the above-captioned matter

pending a decision by the Judicial Panel on Multidistrict Litigation on the transfer

of this action pursuant to 28 U.S.C. § 1407 to the District of Massachusetts for

coordination with the multidistrict litigation captioned In re Pharmaceutical

Industry Average Wholesale Price Litigation, MDL 1456 (the "AWP MDL")

2

pending before Judge Patti B. Saris; and the Court having considered the papers

submitted and oral argument on July 21, 2003 on the Stay Motion and plaintiff's

motion for remand of this action to the Superior Court of New Jersey, Monmouth

County, as well as defendant Dr. Saad Antoun's joinder in that motion and

alternative motion to remand (collectively "Remand Motions"); and good cause

having been shown,

   **IT IS** on this __th day of July, 2003,

   **ORDERED** that defendant AstraZeneca's Stay Motion be and hereby is

**GRANTED IN PART**, and all proceedings in the case are hereby stayed, subject

to the following exceptions:

   (a) plaintiff shall be permitted to proceed with its application for

temporary restraints against AstraZeneca and defendant Dr. Saad Antoun, on a

briefing schedule to be proposed jointly by the parties; and

   (b) plaintiff and Dr. Antoun may renew their Remand Motions in this

Court if, prior to the issuance of a final transfer order by the Judicial Panel on

Multidistrict Litigation transferring this action to the District of Massachusetts,

the MDL 1456 Judge issues a ruling in the AWP MDL on any issue that would

require remand of this action to state court;

   **IT IS FURTHER ORDERED** that, pursuant to the stay granted herein,

defendants are not required to answer or otherwise respond to the complaint; and

3

**IT IS FURTHER ORDERED** that a copy of this Order shall be served

by counsel for AstraZeneca upon all counsel of record within ⎯⎯ days of

receipt;

Stanley R. Chesler, U.S.D.J.

NWK2: 1071174.02

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Opposition

by Plaintiff, International Union of Operating Engineers, Local No. 68 Welfare Fund, to Defendants'

Second Supplemental Memorandum of Law in Opposition to Remand was served on all counsel via

LexisNexis pursuant to Case Management Order No. 2.   The parties listed below are not registrants

of LexisNexis and are being served First Class Mail and facsimile:

Joseph M. Gorrell, Esquire
**WOLF BLOCK, LLP**
101 Eisenhower Parkway
Roseland, NJ 07068
Counsel for Saad Antoun, M.D.

Michael Mustokoff, Esquire
**DUANE MORRIS LLP**
One Liberty Place, Suite 4200
Philadelphia, PA 19103-7396
Counsel for Saad Antoun, M.D.

Terry K. Sherman, Esquire
52 West Whittier Street
Columbus, OH 43206
Counsel for Robert A. Berkman, M.D.

Robert L. Washburn, Esqurie
**CLOPPERT, LATANICK, SAUTER & WASHBURN**
225 East Broad Street
Columbus, OH 43215
Counsel for Robert A. Berkman, M.D.

Jack Fernandez, Esquire
**ZUCKERMAN, SPAEDER, LLP**
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602
Counsel for Stanley C. Hopkins, M.D.

Respectfully submitted,

Dated: January 24, 2006

TerriAnne Benedetto, Esquire
**KLINE & SPECTER**
1800 Chapel Avenue, Suite 302
Cherry Hill, NJ 08002
856-662-1180 telephone
856-662-1184 facsimile