UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*County of Nassau v. Abbott Laboratories, Inc., et al.*<br><br>(D. Mass. No. 05-10179-PBS)<br>(E.D.N.Y. No. 04-CV-5126) | ) ) ) ) ) ) ) ) ) ) |

## DEFENDANTS' RESPONSE TO COUNTY OF NASSAU'S AMENDED MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Defendants, by and through their attorneys, respectfully submit this response to the County of Nassau's motion for leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a).[1]

### Preliminary Statement

Thirty New York counties and the City of New York, represented by one law firm (Kirby, McInerney & Squire LLP), are joined in one consolidated complaint. One New York county, Nassau, represented by a competing plaintiffs' law firm (Milberg Weiss Bershad & Schulman LLP) wants this Court's permission to assert, on its own, an amended complaint that is

---

[1] References to individual case names in which New York City or a New York county is a plaintiff are in italics, e.g. *Nassau*. References to the plaintiff city or county itself in those Cases are by name of the city or county without italics, e.g. Nassau.

substantially similar to the consolidated complaint. This is wasteful and inefficient, and a poor harbinger for future coordinated conduct of all "county" cases before this Court. Defendants respectfully suggest that all plaintiff counties before this Court should be required to coordinate their pleadings into one consolidated complaint.

## Factual Background

Nassau filed its initial Complaint in the District Court of the Eastern District of New York on November 24, 2004 and an Amended Complaint on March 17, 2005. The Judicial Panel for Multidistrict Litigation transferred the case to this Court on or about April 25, 2005, where it was consolidated for pretrial purposes with the other matters in this MDL No. 1456.

The first Amended Complaint in the *Nassau* case was substantially similar to that of the first New York county to file an "AWP" and "Best Price" suit – Suffolk County. As the Court is well aware, the Court has previously considered the sufficiency of Suffolk's allegations in several decisions relating to defendants' motions to dismiss. Specifically, in a decision dated September 30, 2004, this Court dismissed Count I (a RICO claim), Count II (violation of Federal Medicaid Statute, 42 U.S.C. § 1396r-8), Count VI (breach of contract), Count VIII (fraud), and Count V (violation of New York Social Services Law § 145-b) as to the Medicaid "best price" allegations. On October 26, 2004, this Court dismissed all state law claims in *Suffolk* that related to the allegedly fraudulent best prices because they fail to satisfy the requirements of Fed. R. Civ. P. 8(a) and 9(b). As to certain defendants, the Court dismissed not only the best price claims, but also the AWP claims on the ground that the Amended Complaint failed to contain particular facts as each of them.[2] On April 8, 2005, the Court dismissed all claims against an additional sixteen

---

[2] The Court dismissed all claims against Aventis Pharmaceuticals Inc., Purdue Pharma, L.P., Norvatis Pharmaceuticals Corporation, Ivax Corporation and Ivax Pharmaceuticals Inc., Sanofi-Synthelabo, Inc., and Pharmacia Corporation.

2

defendants.[3]

On June 15, 2005, the thirty New York counties (including Suffolk) and the City of New York ("Consolidated Counties") filed a Consolidated Complaint that reiterated several of the claims that this Court dismissed under Fed. R. Civ. P. 12(b)(6) in its previous decisions in *Suffolk*.[4] Since that time, nine additional counties — Chemung, Columbia, Cortland, Dutchess, Essex, Lewis, Ontario, Orleans, Schuyler, Seneca, Sullivan, and Wyoming— have expressed an intent to join the Consolidated Complaint.

On January 5, 2006, Defendants, Nassau and the Consolidated Counties filed a joint motion for entry of proposed Case Management Order ("CMO") 20. Proposed CMO 20 allows the nine additional New York counties to join the Consolidated Complaint after they file and serve a notice of joinder. The CMO also notes that Nassau has chosen to proceed separately by seeking leave to file a Second Amended Complaint.

In its memorandum of law in support of its motion for leave to file the Second Amended Complaint at page 2, Nassau admits that it has "coordinated and exchanged information with the [Consolidated] New York Counties in order to submit a Second Amended Complaint that is similar to the Consolidated Complaint." Defendants agree that the two are similar. Indeed, defendants believe that the Consolidated Complaint and the proposed Nassau Second Amended

---

[3] The Court dismissed all claims against Agouron Pharmaceuticals, Inc., Amgen, Inc., Barr Laboratories, Inc., Berlex Laboratories, Inc., Biogen Idec Inc., Chiron Corp., Eli Lilly and Company, Forest Pharmaceuticals, Inc., Genentech, Inc., Fujisawa Healthcare, Inc., Johnson & Johnson (Johnson & Johnson, Janssen Pharmaceutica LP, Ortho Biotech Products, LP, and Ortho McNeil Pharmaceuticals, Inc.), MedImmune, Inc., Merck & Co., Inc., Reliant Pharmaceuticals, Warrick Pharmaceuticals, and Wyeth.

[4] Suffolk did not join the Consolidated Complaint as to defendants that this Court has dismissed in its previous opinions. However, Suffolk did join in the Consolidated Complaint as to newly-added defendants. All the other counties in the Consolidated Complaint and in Nassau apparently feel unconstrained by this Court's prior rulings in its *Suffolk* decisions and the Consolidated Complaint largely just "adds back" that which the Court had dismissed in *Suffolk*.

Complaint are so similar that Nassau should simply join the other counties so that the Court and the parties have one operative pleading in all "county" cases.

## Argument

The Court has express and inherent powers to supervise and control litigation. Manual of Complex Litigation, Fourth (Federal Judicial Center 2004) § 10.1 at 8. In particular, Fed. Civ. P. 16(c) (12) authorizes the Court to adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems."

In complex litigation, such as is the case with these New York county cases, the Court may order that "specified pleadings, motions, and other court orders" are "'deemed' filed in cases, later brought, transferred, or removed, without actually filing the documents." Id. at § 11.32 at 43. The Court may create "a single master file for the litigation, eliminating the need for multiple filings of similar documents when related cases have common parties." Id. at § 11.13 at 34. In addition, the Court may manage pleading and motion practice by "establishing a schedule for filing all pleadings" including "amendments that add parties, claims or defenses" and "requiring joint briefs whenever feasible" to expedite litigation. Id. at § 11.32 at 43. Here, the Court should exercise its authority and require one Consolidated Complaint for all counties before this Court.

If Nassau is permitted to file a separate complaint, defendants will be prejudiced and the court will be unduly burdened by unnecessary and duplicative paperwork. For example, if these cases survive a motion to dismiss, defendants would be required to file answers to two essentially identical complaints -- a completely needless exercise that will only add to the already

4

mammoth size of the docket in this case.

Finally, if these cases can survive the next round of motion practice, judicial economy and efficiency would be greatly enhanced if the Court requires joint discovery requests and responses for the New York county cases. This Court should require "the parties with similar positions to submit a combined set of interrogatories, requests for production, or requests for admission." Id. at § 11.423 at 57. "If voluminous materials are to be produced in response, the responding party may be relieved of the requirement of furnishing copies to each discovering party." Id. Joint discovery requests and responses will allow the cases to proceed forward in a reasonable fashion and permit the Court to resolve the discovery disputes once instead of multiple times.

Dated: January 25, 2006

          Respectfully submitted,

          ON BEHALF OF ALL DEFENDANTS SERVED IN ACCORDANCE WITH F.R.C.P. 4 OR WHO HAVE WAIVED SERVICE

          /s/ Lyndon M. Tretter
Steven M. Edwards (SE 2773)
Lyndon M. Tretter (LT 4031)
Admitted *pro hac vice*
**HOGAN & HARTSON L.L.P.**
875 Third Avenue
New York, NY 10022
(212) 918-3000

Thomas E. Dwyer, Jr. (BBO No. 139660)
**DWYER & COLLORA, LLP**
600 Atlantic Avenue
Boston, MA 02210
(212) 371-1000

*Attorneys for Bristol-Myers Squibb Company and Oncology Therapeutics Network Corporation*

## **CERTIFICATE OF SERVICE**

I, Lyndon M. Tretter, hereby certify that on January 25, 2006 I have caused a true and correct copy of the foregoing Defendants' Response to County of Nassau's Amended Motion for Leave to File a Second Amended Complaint to be served on all counsel of record by electronic service, pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to Lexis/Nexis for posting and notification to all parties.


Date:   New York, New York
        January 25, 2006

                                            /s/ Lyndon M. Tretter