# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) |
| | MDL No. 1456 |
| | Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL CLASS ACTIONS | ) ) ) ) ) |
| | Judge Patti B. Saris |

## TRACK 1 DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED CONSOLIDATED ORDER RE: MOTION FOR CLASS CERTIFICATION

The Track 1 Defendants respectfully submit this Response to Plaintiffs' proposed Consolidated Order re: Motion for Class Certification (the "Proposed Order"). The Proposed Order contains language and provisions that are inconsistent with the Court's August 16, 2005 Memorandum and Order re: Motion for Class Certification, as well as the Court's findings and rulings at the January 19, 2006 hearing on class certification (the "January 19th Hearing"). Defendants have attached to this memorandum a "redline" version of the Proposed Order that addresses these inconsistencies and also proposes several other changes. *See* Exhibit A[1]  We provide brief comments below to explain the basis for each proposed change.

## I.      Class 2 Should be Limited to Massachusetts

Plaintiffs attempt in their preferred form of order to resurrect a nationwide class for Class 2, but Plaintiffs have not met the necessary burden -- imposed by the Court -- to justify a multi-state class. In the Class Certification Decision, the Court required Plaintiffs to demonstrate through "extensive analysis" that the "widely varying requirements" of state consumer protection statutes can form the basis for "feasible groupings." *In re Pharmaceutical Industry Average Wholesale*

---

[1] Defendants have attached as Exhibit B a "clean" version of the Proposed Order that incorporates Defendants' suggested changes.

*Price Litig.* 230 F.R.D. 61, 84, 86 (D. Mass. 2005) ("*Class Cert. Decision*").  Otherwise, the Court said that it would only certify a Massachusetts class.  At the January 19th Hearing, the Court confirmed that it would certify a multi-state class only if Plaintiffs could provide a thorough analysis that resulted in feasible groupings.  *See* January 19th Hr'g Tr. at 50-52.

The Plaintiffs have failed to meet their burden.  According to their January 23, 2006 letter to the Court, Plaintiffs have only analyzed a *single* requirement of just *three* states (Rhode Island, Michigan, and Texas).  The Court identified these states in the Class Certification Decision merely as *examples* of states that presented obstacles to feasible groupings.  *See Class Cert. Decision* at 86.  As Defendants noted at the January 19th Hearing, state consumer protection statutes present a myriad of threshold and substantive differences, many of which were presented to the Court in a chart appended to Track 1 Defendants' Memorandum in Opposition to Class Certification as Appendix A.  For example, neither Alaska nor Virginia permit class actions under their consumer-protection statutes,[2] yet Plaintiffs include these states in their single "group".  These examples are not exhaustive, but they highlight Plaintiffs' failure to undertake the required analysis here, and thus the Court should affirm its earlier decision to certify Class 2 only as to Massachusetts.[3]

## II.    The Identity of the Class 1 Representatives Must Correspond with the Court's Findings

With respect to the identity of Class 1 representatives, the Proposed Order is inconsistent with the Court's findings at the January 19th Hearing.  At that hearing, the Court found that only Mr. Young was an adequate representative as to J&J.  January 19th Hr'g Tr. at 24-26.  Furthermore,

---

[2] The Alaska statute previously allowing class actions was repealed: Alaska Stat. § 45.50.531.  Virginia does not allow class actions.  *See W.S. Carnes, Inc. v. Bd. Of Suppliers*, 478 S.E.2d 295, 300 (Va. 1996).

[3] Plaintiffs have provided a version of the Proposed Order that includes a Massachusetts-only Class 2 and that is the version the Court should adopt, incorporating the other changes proposed herein.

the Court found that only Mr. Townsend and Mr. Howe were adequate representatives for AstraZeneca. *Id.* at 20, 23-24. The Proposed Order should correspond with the Court's findings.[4,5]

## III.    Class Definition of Class 1 and Class 2

Defendants' Proposed Order cures four deficiencies in the class definitions.

First, the Plaintiffs' definition of Class 1 is inconsistent with the Class Certification Decision because it does not contain a limitation that the co-payment be based on AWP. *See, e.g.*, *Class Cert. Decision* at 81. This limitation is necessary because Medicare carriers do not always reimburse on the basis of AWP. The Medicare reimbursement formula during the class period has included, in several different forms, an alternative reimbursement measure where the actual charge is less than the otherwise applicable Medicare benchmark. *See, e.g.,* 45 C.F.R. § 405.517(b). Thus, the membership in Class One should be limited to individuals who have made co-payments "based on AWP."

Second, Class 1 should obviously exclude individuals who have supplemental insurance that will cover their Medicare co-payment in its entirety. *See Class Cert. Decision* at 80-81.

Third, Classes 1 and 2 should run through December 31, 2004 because the ASP-based reimbursement regime under the Medicare Modernization Act took effect on January 1, 2005.

Finally, with respect to the Class Definition of Classes 2 and 3, the Plaintiffs propose to include individuals or entities who made payment or reimbursement for drugs merely "*prescribed* in the Commonwealth of Massachusetts." This is not appropriate. The Court has ruled that choice-of-

---

[4] There are additional errors in the identification of class representatives in the version of Plaintiffs' proposed order that provides for a multi-state class for Class 2. For example, Mr. Howe is presented as a class representative for GSK in the first version of the Proposed Order, but the Court did not find Mr. Howe to be adequate as to GSK at the January 19th Hearing. Other than the error cited above, the second version of the Proposed Order appears to be accurate.

[5] The Court should also refer to GSK as "SmithKline Beecham Corporation d/b/a GlaxoSmithKline." The GSK group as defined in the TAMCC includes GlaxoSmithKline plc, which is a foreign corporation that has never been served, and Glaxo Wellcome, which no longer exists.

law questions are resolved based on where the plaintiff is injured.  *See Class Cert. Decision* at 82-83.  As a result, Defendants suggest that Classes 2 and 3 should be defined to include individuals who are residents of Massachusetts and/or TPPs that have their principal place of business in Massachusetts.  This approach is consistent with the Court's analysis in the Class Certification Decision.  Furthermore, a definition of the Classes based on the members' residence or principal place of business will provide for a more manageable and objective means of identifying potential class members for notice purposes than would plaintiffs' proposed definition.  The place where a drug was prescribed tells one little about where or to whom to send the class notice.

**IV.     Class Representatives for Class 3**

Contrary to Plaintiffs' Proposed Order, the Court did not find that Sheet Metal Workers Health Fund was an adequate representative for Class 3, and that entity should not be included as representative for that class.  Plaintiffs proposed Pipefitters Local 537 Trust Funds as a Class 3 Representative, not Sheet Metal Workers Health Fund.  January 19th Hr'g Tr. at 53-54.  Moreover, despite Defendants' requests, Plaintiffs have produced no documentation demonstrating that Sheet Metal Workers makes payment or reimbursement for physician-administered drugs in Massachusetts outside of the Medicare context.  Therefore, Sheet Metal Workers Health Fund should not be included as  representative for Class 3.

**V.     Notice Provisions of State Statutes Not Found to Be Adequate**

Despite Plaintiffs' language in the Proposed Order relating to Class 1, the Court has not found that "plaintiffs have complied with the notice provisions of all consumer protection acts requiring such notice," nor have the Plaintiffs made such a showing.  This provision should not be included in the Proposed Order.

## VI.    Class Action Tolling

The Proposed Order contains language by which this Court would purport to toll the statutes of limitations under various state consumer protection statutes.  This Court, however, is without authority to do so without analyzing the tolling laws of each state.  *See, e.g., Wade v. Danek Medical, Inc*., 182 F.3d 281, 286-88 (4th Cir. 1999) (holding that, in determining whether a state statute of limitations should be tolled pending a class action in federal court, a court must determine whether the state supreme court would toll its statute of limitations)**.**  Thus, this provision should be struck from the Proposed Order.

## VII.    Subject Drugs

In their "Table of Subject Drugs", Plaintiffs have included several self-administered or pharmacy-dispensed drugs that should not be included in the Proposed Order under the Class Certification Decision.  In addition, the Table includes some drugs for which its expert, Dr. Hartman, has concluded that no liability should attach.  At this stage, the Track 1 Defendants respectfully request that the Table of Drugs correspond with those for which Plaintiffs' expert has alleged liability.  *See* Decl. of Raymond in Supp. of Plfs.' Claims of Liability and Calculation of Damages.  Both the Proposed Order and Dr. Hartman's report, however, contain some drugs that are self-administered.  Consistent with the Class Certification Decision, those drugs should not be included as to Class 3.  Others on the list are self-administered and not covered by Medicare Part B, and thus, belong to no class.  Defendants' Proposed Order contains language consistent with the Court's orders and a revised list of drugs that conforms to Dr. Hartman's report.

## VIII.    Proposed Section 1292(b) Certification

As the Court has noted, the class certification motion in this case has presented several thorny legal issues, such as the propriety of certifying a class action on the basis of multiple state-consumer-protection statutes, and the weight to be accorded to expert testimony in deciding whether

to certify a class.  As far as we can tell, no court has ever certified a class under the consumer protection statutes of 44 states; moreover, the law is unsettled as to whether a court should accept an expert's methodology for class certification purposes when there are serious questions as to the validity of that methodology.[6]

In light of these issues, the Court has commented on several occasions that, upon entry of a class certification order, this case will be "ready for the First Circuit to take a look at this . . . ." January 19th Hr'g Tr. at 41.  Consistent with the Court's comments, the Track 1 Defendants believe that the issues presented by the motion for class certification involve controlling questions of law as to which there are substantial grounds for differences of opinion.  Furthermore, Defendants' believe that an immediate appeal from the order may materially advance the ultimate termination of the litigation.  Therefore, Defendants respectfully request that the Court include a certification for appeal in the Proposed Order pursuant to 28 U.S.C. § 1292(b) with respect to at least the following issues: (1) whether a court may certify in a single class consisting of plaintiffs presenting claims pursuant to multiple state-consumer-protection statutes; and (2) what is the appropriate weight to be accorded to expert testimony in deciding whether to certify a class.  Defendants have proposed such language in the Proposed Order submitted herewith.

Alternatively, the Advisory Committee Note to Rule 23(f) invites a district court to express its views on the desirability of interlocutory appeal.  *See* Fed. R. Civ. P. 23 advisory committee note (stating that "the district court can often assist the parties and court of appeals by offering advice on the desirability of appeal").  If the court believes that an interlocutory appeal would be valuable, it should so state.

---

[6] *Compare, e.g.*, *West v. Prudential Securities*, 282 F.3d 935, 938 (7th Cir. 2002), *and Blades v. Monsanto*, 400 F.3d. 562, 575 (8th Cir. 2005), *with In re Visa Check / Mastermoney Antitrust Litig.*, 280 F.3d. 124, 132 n.3 (2d Cir. 2001).

Respectfully submitted,

THE TRACK 1 DEFENDANTS

/s/ John T. Montgomery
John T. Montgomery (BBO#352220)
Steven A. Kaufman (BBO#262230)
Eric P. Christofferson (BBO#654087)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

*Attorneys for Schering-Plough Corp. and
Warrick Pharmaceuticals Corp.*

D. Scott Wise
Michael Flynn
Kimberley Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY  10017

*Attorneys for AstraZeneca Pharmaceuticals LP*

Steven M. Edwards
Lyndon M. Tretter
Hogan & Hartson, LLP
875 Third Avenue, Suite 2600
New York, NY 10022

*Attorneys for the Bristol-Myers Squibb Co., Oncology
Therapeutics Network Corp., Apothecon, Inc.*

Mark H. Lynch
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004-7566

Frederick G. Herold
Dechert LLP
975 Page Mill Road
Palo Alto, CA  94304-1013

Geoffrey E. Hobart
Holland & Knight LLP
10 St. James Ave.
Boston, MA  02116

*Attorneys for SmithKlineBeecham Corp.*
*d/b/a GlaxoSmithKline*

William F. Cavanaugh, Jr.
Andrew D. Schau
Erik Haas
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036 6710

*Attorneys for the Johnson and Johnson Defendants*

Dated:  January 26, 2006

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 26, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

<u>/s/ Eric P. Christofferson</u>

Eric P. Christofferson

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION, | ) ) ) ) ) | MDL No. 1456 CIVIL ACTION NO.: 01-CV-112257-PBS |
| | ) ) | |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS 01-CV-12257-PBS AND 01-CV-339 | ) ) ) ) ) | |

**[MODIFIED AND CORRECTED PROPOSED VERSION 2]**
**CONSOLIDATED ORDER RE: MOTION FOR CLASS CERTIFICATION**

_____, 2006

Saris, U.S.D.J.

Plaintiffs have moved, pursuant to Fed. R. Civ. P. 23, for an order certifying a class in this action. Having considered the submissions of the parties and the record in this case, IT IS HEREBY ORDERED that plaintiffs' motion for class certification is GRANTED IN PART and DENIED IN PART as to the claims asserted in the Third Amended Master Consolidated Class Action Complaint ("TAMCAC"), as follows:

## I.     CLASSES AND SUBCLASSES CERTIFIED

The Court certifies the following Classes:

1.     **Class 1: Medicare Part B Co-Pay Class.**

     a.     Class Definition:

     All natural persons nationwide who made a co-payment based on AWP, or who have incurred a currently enforceable obligation to make a co-payment based on AWP, for a Medicare Part B covered

Subject Drug[1] that was manufactured by AstraZeneca, the BMS Group, SmithKline Beecham Corporation d/b/a GlaxoSmithKline~~the GSK Group~~, or the Johnson & Johnson Group.[2] Excluded from the Class are those who made flat co-pays; those who have the right to be fully reimbursed; and the residents of the states of Alabama, Georgia, Iowa, Kentucky, Louisiana, Mississippi and Montana (where consumer protection statutes do not permit class actions).

b. The Court certifies four Subclasses corresponding to each of the defendant groups

c. The Court also certifies the following plaintiffs as Class 1 Representatives of these Subclasses: Leroy Townsend (Astra); Reverend David and Susan Ruth Aaronson (BMS, GSK); Joyce Howe individually and on behalf of the Estate of Robert Howe (Astra); ~~James and Teresa Shepley (J&J, Astra);~~ and Larry Young individually and on behalf of the Estate of Patricia Young (J&J). Consistent with the Court's February 24, 2004, Memorandum and Order, the Representative of a Subclass need only have paid or reimbursed for one of the Subject Drugs manufactured or marketed by a defendant group.

d. The consumer protection act of each state shall apply to these Subclasses. Specifically, the Medicare Co-pay Class is certified for claims under the following statutes: (a) ~~Alaska Stat. Code § 40.50.471, *et seq.*;~~ (b) Ariz. Rev. Stat. § 44-1522, *et seq.*; (c) Ark. Code s 4-88-101, et. seq.; (d) Cal. Bus. & Prof Code §§ 17200, *et seq.*, 1770; (e) Colo. Rev. Stat. § 6-1-105, *et seq.*; (f) Conn. Gen. Stat. § 42-110b, *et seq.*; (g) 6 Del. Code § 2511, *et seq.*; (h) D.C. Code § 283901, *et seq.*; (i) Fla. Stat. § 501.201, *et seq.*; (j) Haw. Rev. Stat. § 480, *et seq.*; (k) Idaho Code § 48-601, *et seq.*; (1) 815 ILCS § 505/1, *et*

---

[1] The Subject Drugs are identified in the Table of Subject Drugs found at the end of this Order.

[2] These "groups" are defined in the TAMCAC.

*seq.*; (m) Ind. Code Ann. § 24-5-0.5.1, *et seq.*; (n) Kan. Stat. § 50-623, *et seq.*; (o) Md. Com. Law Code § 13-101, *et seq.*; (p) Mass. Gen. L. Ch. 93A, *et seq.*; (q) Mich. Stat. § 445.901, *et seq.*; (r) Minn. Stat. § 325F.67, *et seq.*; (s) Mo. Rev. Stat. § 407.010, *et seq.*; (t) Neb. Rev. Stat. § 59-1601, *et seq.*; (u) Nev. Rev. Stat. § 598.0903, *et seq.*; (v) N.H. Rev. Stat. § 358-A:1, *et seq.*; (w) N.J. Stat. Ann. § 56:8-1, *et seq.*; (x) N.M. Stat. Ann. § 57-12-1, *et seq.*; (y) N.Y. Gen. Bus. Law § 349, *et seq.*; (z) N.C. Gen. Stat. §.75-1.1, *et seq.*; (aa) N.D. Cent. Code § 51-15-01, *et seq.*; (bb) Ohio Rev. Stat. § 1345.01, *et seq.*; (cc) Okla. Stat. tit. 15 § 751, *et seq.*; (dd) Or. Rev. Stat. § 646.605, *et seq.*; (ee) 73 Pa. Stat. § 201-1, *et seq.*; (ff) R.I. Gen. Laws. § 6-13.1-1, *et seq.*; (gg) S.C. Code Laws § 39-5-10, *et seq.*; (hh) S.D. Code Laws § 37-24-1, *et seq.*; (ii) Tenn. Code § 47-18-101, *et seq.*; (jj) Tex. Bus. & Com. Code § 17.41, *et seq.*; (kk) Utah Code Ann. § 13-1 1-1, *et seq.*; (11) Vt. Stat. Ann. tit. 9, § 245 1, *et seq.*; (mm) ~~Va. Code § 59.1 196, *et seq.*;~~ (nn) Wash. Rev. Code § 19.86.0 10, *et seq.*; (oo) W. Va. Code § 46A-6-101, *et seq.*; (pp) Wis. Stat. § 100.20, *et seq.*; and (qq) Wyo. Stat. § 40-12-100, *et seq.* ~~The Court finds that plaintiffs have complied with the notice provisions of all consumer protection acts requiring such notice.~~

e.      Class 1 is certified pursuant to Fed. R. Civ. P. 23(b)(3) for damage claims.

f.      The time frame for this Class is January 1, 1991 to ~~January 1, 2005~~December 31, 2004.

## 2.      **Class 2: Third-Party Payor MediGap Supplemental Insurance Class.**

a.      Class Definition:

All Third-Party Payors who have their principal place of business in the Commonwealth of Massachusetts that made reimbursements based on AWP for a Medicare Part B covered Subject Drug prescribed in the State of Massachusetts that was manufactured by AstraZeneca, the BMS Group, SmithKline Beecham Corporation

d/b/a GlaxoSmithKline~~the GSK Group~~, the Johnson & Johnson Group, or the Schering Plough Group,

b.      The Court certifies five Subclasses corresponding to each of the defendant groups.

c.      The Class representatives for Class 2 are, Blue Cross Blue Shield of Massachusetts and Sheet Metal Workers Health Fund.

d.      The claims for this Class are certified under Mass. Gen. Laws ch. 93A for the purposes of a test case, after which the Court will examine the issue of a broader certification.

e.      The Class is certified pursuant to Fed. R. Civ. P. 23(b)(3) for damage claims.

f.      The time period for this class is January 1, 1991 to ~~January 1, 2005~~December 31, 2004.

**3.      Class 3: Consumer and Third-Party Payor Class for Medicare Part B Drugs Outside of the Medicare Context.**

a.      Class Definition:

All natural persons who are residents of the Commonwealth of Massachusetts and Third-Party Payors who have their principal place of business in the Commonwealth of Massachusetts that made payments or reimbursements, or who have a currently enforceable obligation to make a payment or reimbursement, for Subject Drugs ~~prescribed in the Commonwealth of Massachusetts and~~ manufactured by AstraZeneca, the BMS Group, SmithKline Beecham Corporation d/b/a GlaxoSmithKline~~the GSK Group~~, the Johnson & Johnson Group, or the Schering Plough Group, where such payments or reimbursements were based on contracts that expressly use AWP as a pricing standard. Included within this Class are individuals who paid coinsurance (i.e., co-pays proportional to the reimbursed amount) for a Subject Drug, where such coinsurance was based upon use of AWP as a pricing standard. Excluded from this Class 3 are any payments or reimbursements for generic drugs that are based on MAC ~~and not AWP~~.

-4-

b.      The Court certifies five Subclasses corresponding to each of the defendant groups.

c.      The Class is certified pursuant to Fed. R. Civ. P. 23(b)(3) for damage claims and (b)(2) for injunctive purposes.

d.      The class representatives for Class 3 are: Blue Cross Blue Shield of Massachusetts, ~~Sheet Metal Workers Health Fund,~~ Pipefitters Local 537 Trust Funds, and Health Care for All for the (b)(2) Class.

e.      The claims for this Class are certified under Mass. Gen. Laws ch. 93A for the purposes of a test case, after which the Court will examine the issue of a broader certification.

## II.      CLASSES NOT CERTIFIED

~~1.With respect to Classes 2 and 3, the Court declines at this time to certify these Classes under the consumer protection laws of states other than Massachusetts. However, this denial is without prejudice and does not affect the statute of limitations, which remains tolled until such time as the Court makes a final ruling. The Court intends the trial of the Massachusetts Class to provide important information for an accurate evaluation of claims under other states' laws. Accordingly, at a later date plaintiffs can renew their motion to certify Classes 2 and 3 for purposes of the application of the consumer protection acts of other states.~~

~~2.~~1.      The Court declines to certify a Class of Consumers and Third-Party Payors who made payments or reimbursements for self-administered drugs ("SADs"), except to the extent such SADs (i) are covered under Medicare Part B; (ii) appear in the Table of Subject Drugs appended hereto; and (iii) were paid for or reimbursed by a Consumer or Third-Party Payor as a member of Class 1 or Class 2.~~not appearing in the appended Table of Subject Drugs to the extent monetary claims were sought for those drugs (see Memorandum Opinion of August 16, 2005)~~

The drugs at issue with respect to Class 3 are limited to physician-administered drugs that appear in the appended Table of Subject Drugs and do not include any SADs.

### III.   MISCELLANEOUS

1.To the extent that it is not inconsistent herewith, this Court's August 16, 2005, Memoranda and Order Re: Motion for Class Certification is incorporated herein.

2.1.    Excluded from these Classes are the defendants herein; any subsidiaries or affiliates of defendants; the officers and directors of defendants during the Class Period; members of the defendants' immediate families; any person, firm, trust, corporation, officer, director or any individual or entity in which any defendant has a controlling interest or which is related to, or affiliated with, any of the defendants; the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded parties and governmental entities.

3.2.    Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following firms as CoLead Counsel: Hagens Berman Sobol Shapiro LLP; Specter Roseman & Kodroff, P.C.; Hoffman & Edelson; The Wexler Firm LLP; and Kline & Specter.

3.    The Court is of the opinion that this order involves at least one controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.  Therefore, pursuant to 28 U.S.C. § 1292(b), the Court certifies the following issues for appeal: (1) whether a court may certify a single class consisting of plaintiffs presenting claims pursuant to multiple state-consumer-protection statutes; and (2) what is the appropriate weight to be accorded to expert testimony in deciding whether to certify a class.  Alternatively, the Court believes that an immediate appeal persuant to Rule 23(f) would be desirable.

**TABLE OF SUBJECT DRUGS**

**AZ NDC List**

| NDC | Description |
|---|---|
| ~~00186198804~~ | ~~PULMICORT RESPULES 60 mls 2 X 30.25mg/2mL~~ |
| ~~00186198904~~ | ~~PULMICORT RESPULES 60 mls 2x30 .5mg/2mL~~ |
| 00310096036 | Zoladex 3.6mg 1 x1EA Depot |
| 00310096130 | Zoladex 10.8mg 1 x1EA Depot |
| ~~00310095130~~ | ~~Zoladex 10.8mg 1x1EA Depot~~ |
| ~~00310095036~~ | ~~Zoladex 3.6mg 1 x1EA Depot~~ |

**BMS NDC List**

| NDC | Description |
|---|---|
| 00015301026 | BLENOXANE INJ 15 UNIT VHA |
| 00015301020 | BLENOXANE INJ 15 UNIT VL |
| 00015306326 | BLENOXANE INJ 30 UNIT VHA |
| 00015306301 | BLENOXANE INJ 30 UNIT VL |
| 00590032435 | COUMADIN INJ 5MG VIAL |
| 00015053910 | CYTOXAN 100MG LYOPH W/CYT |
| 00015054812 | CYTOXAN 1G 6X50ML VHA+ |
| 00015054810 | CYTOXAN 1GM LYOPH W/CYTOG |
| 00015054610 | CYTOXAN 200MG LYOPH W/CYT |
| 00015054912 | CYTOXAN 2G 6X100ML VHA+ |
| 00015054910 | CYTOXAN 2GM LYOPH W/CYTOG |
| 00015054710 | CYTOXAN 500MG LYOPH W/CYT |
| 00015050001 | CYTOXAN FOR INJ 100 MG |
| 00015050041 | CYTOXAN INJ 100MG |
| 00015050641 | CYTOXAN INJ lX2GM VIAL |
| 00015050241 | CYTOXAN INJ 1X500MG VIAL |
| 00015050141 | CYTOXAN INJ 200MG |
| 00015054712 | CYTOXAN LYO 500MG VL VHA |
| 00015054741 | CYTOXAN LYOPH 500MG |
| 00015053941 | CYTOXAN LYOPHILIZED 100MG |
| 00015054841 | CYTOXAN LYOPHILIZED 1GM |
| 00015054641 | CYTOXAN LYOPHILIZED 200MG |
| 00015054941 | CYTOXAN LYOPHILIZED 2GM |
| 00015050541 | CYTOXAN PINJ 1X1G VIAL |
| 00015050303 | CYTOXAN TABLETS 50 MG |
| 00015050302 | CYTOXAN TABLETS 50MG |
| 00015050401 | CYTOXAN TABS 25MG |
| 00015050301 | CYOXAN TABS 50MG |
| 00015050348 | CYTOXAN TABS 50MG |
| 00015340420 | ETOPOPHOS 100MG VIAL |
| 00015321429 | PARAPLATIN 10X15ML VHA+ |
| 00015321529 | PARAPLATIN 10X45ML VHA+ |
| 00015321329 | PARAPLATIN 10X5ML VHA+ |
| 00015321410 | PARAPLATIN 150MG LYOPH CY |
| 00015321430 | PARAPLATIN 1X150MG LYO VL |
| 00015321530 | PARAPLATIN lX450MG LYO VL |
| 00015321510 | PARAPLATIN 450MG VL W/CYT |
| 00015321330 | PARAPLATIN 50MG LYOPHILIZ |
| 00015321310 | PARAPLATIN 50MG W/CYTO |
| 00015335322 | RUBEX 100 MG LYOPHILIZED |
| 00015335324 | RUBEX 100MG IMMUNEX LABEL |
| 00015335124 | RUBEX 10MG IMMUNEX LABEL |

| | |
|---|---|
| 00015335122 | RUBEX 10MG LYOPHILIZED |
| 00015335224 | RUBEX 50MG IMMUNEX LABEL |
| 00015335222 | RUBEX 50MG LYOPHILIZED |
| 00015347630 | TAXOL 100MG INJ MULTIDOSE |
| 00015347627 | TAXOL 100MG SEM-SYN VIAL |
| 00015347620 | TAXOL 100MG/16.7ML VHA+ L |
| 00015347911 | TAXOL 300MG/50ML VIAL |
| 00015345620 | TAXOL 30MG CONC FOR INJ |
| 00015347530 | TAXOL 30MG INJ MULTIDOSE |
| 00015347527 | TAXOL 30MG SEM-SYN VIAL |
| 00015347520 | TAXOL 30MG/5ML VHA+ LABEL |
| 00015309510 | VEPESID 100MG VIAL W/CYTO |
| 00015309530 | VEPESID 100MG VL W/O CYTO |
| 00015306224 | VEPESID 1G 50ML VIAL VHA+ |
| 00015306220 | VEPESID 1GM/50ML |
| 00015306120 | VEPESID 500MG |
| 00015306124 | VEPESID 500MG 25ML VL VHA |
| 00015309145 | VEPESID 50MG CAPSULES |
| 00015309520 | VEPESID INJ 100MG/5ML |
| 00015308420 | VEPESID INJ 150MG/7.5ML |

**GSK NDC List**

| NDC | Description |
|---|---|
| 00173013093 | ALKERAN I.V, INJ 50 MG |
| 00173004535 | ALKERAN TAB 2MG 50S |
| 00173044902 | IMITREX INJ 0.5ML 12MG/ML 5S VIALS |
| 00173044901 | IMITREX INJ 12MG/ML 0.5ML 2S PFLD SRNG |
| 00173044903 | IMITREX INJ 12MG/ML 0.5ML2S KIT, SELFDOSE |
| 00173047900 | IMITREX INJ 12MG/ML STAT DOSE KIT |
| 00173047800 | IMITREX INJ 12MG/ML STAT DOSE RFL 2'S |
| 00173403291 | IMITREX SELFDOSE SYSTEM SELFDOSE UNIT/C |
| 00173408367 | ITMD ZOVIRAX STERILE POWDER 1000MG (BWX9 |
| 00029415105 | KYTRIL 1 MG TABS 20'S SUP |
| 00029415139 | KYTRIL 1 MG TABS 2'S |
| 00029415201 | KYTRIL 1 MG/ML INJECTION 4ML VIAL |
| 00029414975 | KYTRIL INJ SGL DOSE VIAL 1MG/ML VHA |
| 00029414901 | KYTRIL INJ SINGLE DOSE VIAL 1MG/ML |
| 00173026010 | LANOXIN INJ 0.5MG  PART 1.00 |
| 00173026035 | LANOXIN INJ 0.5MG 2ML 50S |
| 00173026210 | LANOXIN INJ PEDIATRIC 0.1 MG/ML |
| 00173026015 | LANOXIN INJECTION  PART 1.00 |
| 00173026055 | LANOXIN INJECTION  PART 1.00 |
| 00173071325 | MYLERAN TAB 2MG 25S |
| 00173065601 | NAVELBINE INJ 10MG 1ML |
| 00173065644 | NAVELBINE INJ 50MG 5ML |
| 00173010793 | RETROVIR IV INF 10MG/ML 20ML 10 |
| 00173041900 | VENTOLIN NEB SOL INH 0.083%-3ML 25S |
| 00173041901 | VENTOLIN NEB SOL INH 0.083% 3ML 5S S |
| 00173038501 | VENTOLIN SOL INH 0.5% 5MG/ML 10ML |
| 00173038558 | VENTOLIN SOL INH 0.5% 5MG/ML 20ML |
| 00173044900 | ZOFRAN INJ 2MG/ML 20ML |
| 00173044202 | ZOFRAN INJ 2MG/ML 2ML 5S |
| 00173046100 | ZOFRAN INJ PRMXD 32MG/50ML |
| 00173046200 | ZOFRAN INJ PRMXD 4MG/50ML |
| 00173056900 | ZOFRAN ODT 4MG 5X2 30S |
| 00173057004 | ZOFRAN ODT 8MG 5X2 10'S |
| 00173057000 | ZOFRAN ODT 8MG 5X2 30S |
| 00173048900 | ZOFRAN ORAL SOL 4MG/5ML 50ML |
| 00173068000 | ZOFRAN TAB 24MG 1S |
| 00173044601 | ZOFRAN TAB 4MG 100S |
| 00173044602 | ZOFRAN TAB 4MG 100S UD |
| 00173044600 | ZOFRAN TAB 4MG 30S |
| 00173044604 | ZOFRAN TAB 4MG 3S |
| 00173044701 | ZOFRAN TAB 8MG 100S |
| 00173044702 | ZOFRAN TAB 8MG 100S UD |

-11-

| | |
|---|---|
| 00173044700 | ZOFRAN TAB 8MG 30S |
| 00173044704 | ZOFRAN TAB 8MG 3S |
| 00173095201 | ZOVIRAX FOR INJECTION 1000MG 20ML 10S (C |
| 00173099501 | ZOVIRAX FOR INJECTION 500MG 10ML 10S (C# |

**J&J NDC List**

| NDC | Description |
|---|---|
| 57894003001 | C168J REMICADE 1PCK |
| 59676031201 | PROCRIT 10,000 U/ML |
| 59676031002 | PROCRIT 10000 U |
| 59676031001 | PROCRIT 10000 U/ML |
| 00062740103 | PROCRIT 10000U/ML AMG |
| 59676032001 | PROCRIT 20,000 U/ML |
| 59676030202 | PROCRIT 2000 U/ |
| 59676030201 | PROCRIT 2000 U/ML 6 |
| 00062740201 | PROCRIT 2000U/ML AMG |
| 59676030302 | PROCRIT 3000 U/ |
| 59676030301 | PROCRIT 3000 U/ML 6 |
| 00062740503 | PROCRIT 3000 U/ML INST |
| 00062740501 | PROCRIT 3000U/ML AMG |
| 59676030402 | PROCRIT 4000 U/ |
| 59676030401 | PROCRIT 4000 U/ML 6 |
| 00062740004 | PROCRIT 4000 U/ML INST |
| 59676034001 | PROCRIT 40000 U/ML |
| 00062740003 | PROCRIT 4000UIML AMG |
| 00062542307 | PWRWNG PERMANEN |

-13-

**SP NDC List**

| NDC | Description |
|---|---|
| 59930151504 | ALBUTEROL INHALATION SOLUTION |
| 59930164702 | ALBUTEROL INHALATION SOLUTION |
| 59930150006 | ALBUTEROL SULFATE INHAL. SOL. |
| 59930150008 | ALBUTEROL SULFATE INHAL. SOL. |
| 59930151701 | ALBUTEROL SULFATE SOLUTION |
| 59930151702 | ALBUTEROL SULFATE SOLUTION |
| 59930155020 | ALBUTEROL SULFATE SOLUTION |
| 00085113601 | INTEGRILIN |
| 00085117701 | INTEGRILIN |
| 00085117702 | INTEGRILIN |
| 00085123501 | INTRON A FOR INJ MULTIDOSE PEN |
| 00085124201 | INTRON A FOR INJ MULTIDOSE PEN |
| 00085125401 | INTRON A FOR INJ MULTIDOSE PEN |
| 00085116801 | INTRON A INJ 18MIU HSA FREE |
| 00085113301 | INTRON A INJ 25MIU HSA FREE |
| 00085118401 | INTRON A INJ 3MIU HSA FREE |
| 00085118402 | INTRON A INJ 3MIU HSA FREE |
| 00085119101 | INTRON A INJ 5MIU HSA FREE |
| 00085119102 | INTRON A INJ 5MIU HSA FREE |
| 00085117901 | INTRON A INJ PAK10MIU HSA FREE |
| 00085117902 | INTRON A INJ PAK10MIU HSA FREE |
| 00085057102 | INTRON A INJECTABLE 10MILLN IU |
| 00085057106 | INTRON A INJECTABLE 10MILLN IU |
| 00085111001 | INTRON A INJECTABLE 18MILLN IU |
| 00085028502 | INTRON A INJECTABLE 25MILLN IU |
| 00085064703 | INTRON A INJECTABLE 3MILLN IU |
| 00085064704 | INTRON A INJECTABLE 3MILLN IU |
| 00085064705 | INTRON A INJECTABLE 3MILLN IU |
| 00085012002 | INTRON A INJECTABLE 5 MILLN IU |
| 00085012003 | INTRON A INJECTABLE 5 MILLN IU |
| 00085012004 | INTRON A INJECTABLE 5 MILLN IU |
| 00085012005 | INTRON A INJECTABLE 5 MILLN IU |
| 00085053901 | INTRON A INJECTABLE 50MILLN IU |
| 00085068901 | INTRON A INJECTION 18 MIU |
| 00085092301 | INTRON A SOL FOR INJ 10 MILLI |
| 00085076901 | INTRON A SOL. FOR INJ. 25MILLN |
| 00085095301 | INTRON A SOLUTION 18MIU 3ML |
| 59930160001 | PERPHENAZINE |
| 59930160002 | PERPHENAZINE |
| 59930161001 | PERPHENAZINE 16MG |
| 59930160501 | PERPHENAZINE 8MG |
| 59930160502 | PERPHENAZINE 8MG |

| | |
|---|---|
| 59930160301 | PERPHENAZINE TABLETS |
| 59930160302 | PERPHENAZINE TABLETS |
| 00085133601 | PROVENTIL INHALATION SOLUTION |
| 00085020901 | PROVENTIL SOLUTION .083MG/ML |
| 00085180601 | PROVENTIL SOLUTION .083MG/ML |
| 00085020802 | PROVENTIL SOLUTION 5MG/ML |
| 00085020852 | PROVENTIL SOLUTION 5MG/ML |
| 00085125901 | TEMODAR 100MG |
| 00085125902 | TEMODAR 100MG |
| 00085124401 | TEMODAR 20MG |
| 00085124402 | TEMODAR 20MG |
| 00085125201 | TEMODAR 250MG |
| 00085125202 | TEMODAR 250MG |
| 00085124801 | TEMODAR 5MG |
| 00085124802 | TEMODAR 5MG |

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION, | ) ) ) ) ) ) | MDL No. 1456<br><br>CIVIL ACTION<br>NO.: 01-CV-112257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS 01-CV-12257-PBS AND 01-CV-339 | ) ) ) ) ) ) ) | |

**[MODIFIED AND CORRECTED PROPOSED VERSION 2]**
**CONSOLIDATED ORDER RE: MOTION FOR CLASS CERTIFICATION**

_____, 2006

Saris, U.S.D.J.

Plaintiffs have moved, pursuant to Fed. R. Civ. P. 23, for an order certifying a class in this action. Having considered the submissions of the parties and the record in this case, IT IS HEREBY ORDERED that plaintiffs' motion for class certification is GRANTED IN PART and DENIED IN PART as to the claims asserted in the Third Amended Master Consolidated Class Action Complaint ("TAMCAC"), as follows:

## I.    CLASSES AND SUBCLASSES CERTIFIED

The Court certifies the following Classes:

1.    **Class 1: Medicare Part B Co-Pay Class.**

   a.    Class Definition:

   All natural persons nationwide who made a co-payment based on AWP, or who have incurred a currently enforceable obligation to make a co-payment based on AWP, for a Medicare Part B covered

Subject Drug[1] that was manufactured by AstraZeneca, the BMS
Group, SmithKline Beecham Corporation d/b/a GlaxoSmithKline,
or the Johnson & Johnson Group.[2] Excluded from the Class are
those who made flat co-pays; those who have the right to be fully
reimbursed; and the residents of the states of Alabama, Georgia,
Iowa, Kentucky, Louisiana, Mississippi and Montana (where
consumer protection statutes do not permit class actions).

b.      The Court certifies four Subclasses corresponding to each of the defendant

groups

c.      The Court also certifies the following plaintiffs as Class 1 Representatives

of these Subclasses: Leroy Townsend (Astra); Reverend David and Susan Ruth Aaronson

(BMS, GSK); Joyce Howe individually and on behalf of the Estate of Robert Howe

(Astra); and Larry Young individually and on behalf of the Estate of Patricia Young

(J&J). Consistent with the Court's February 24, 2004, Memorandum and Order, the

Representative of a Subclass need only have paid or reimbursed for one of the Subject

Drugs manufactured or marketed by a defendant group.

d.      The consumer protection act of each state shall apply to these Subclasses.

Specifically, the Medicare Co-pay Class is certified for claims under the following

statutes: (a) (b) Ariz. Rev. Stat. § 44-1522, *et seq.*; (c) Ark. Code s 4-88-101, et. seq.; (d)

Cal. Bus. & Prof Code §§ 17200, *et seq.*, 1770; (e) Colo. Rev. Stat. § 6-1-105, *et seq.*; (f)

Conn. Gen. Stat. § 42-110b, *et seq.*; (g) 6 Del. Code § 2511, *et seq.*; (h) D.C. Code §

283901, *et seq.*; (i) Fla. Stat. § 501.201, *et seq.*; (j) Haw. Rev. Stat. § 480, *et seq.*; (k)

Idaho Code § 48-601, *et seq.*; (1) 815 ILCS § 505/1, *et seq.*; (m) Ind. Code Ann. § 24-5-

0.5.1, *et seq.*; (n) Kan. Stat. § 50-623, *et seq.*; (o) Md. Com. Law Code § 13-101, *et seq.*;

---

[1] The Subject Drugs are identified in the Table of Subject Drugs found at the end of this Order.

[2] These "groups" are defined in the TAMCAC.

(p) Mass. Gen. L. Ch. 93A, *et seq.*; (q) Mich. Stat. § 445.901, *et seq.*; (r) Minn. Stat. § 325F.67, *et seq.*; (s) Mo. Rev. Stat. § 407.010, *et seq.*; (t) Neb. Rev. Stat. § 59-1601, *et seq.*; (u) Nev. Rev. Stat. § 598.0903, *et seq.*; (v) N.H. Rev. Stat. § 358-A:1, *et seq.*; (w) N.J. Stat. Ann. § 56:8-1, *et seq.*; (x) N.M. Stat. Ann. § 57-12-1, *et seq.*; (y) N.Y. Gen. Bus. Law § 349, *et seq.*; (z) N.C. Gen. Stat. §.75-1.1, *et seq.*; (aa) N.D. Cent. Code § 51-15-01, *et seq.*; (bb) Ohio Rev. Stat. § 1345.01, *et seq.*; (cc) Okla. Stat. tit. 15 § 751, *et seq.*; (dd) Or. Rev. Stat. § 646.605, *et seq.*; (ee) 73 Pa. Stat. § 201-1, *et seq.*; (ff) R.I. Gen. Laws. § 6-13.1-1, *et seq.*; (gg) S.C. Code Laws § 39-5-10, *et seq.*; (hh) S.D. Code Laws § 37-24-1, *et seq.*; (ii) Tenn. Code § 47-18-101, *et seq.*; (jj) Tex. Bus. & Com. Code § 17.41, *et seq.*; (kk) Utah Code Ann. § 13-1 1-1, *et seq.*; (11) Vt. Stat. Ann. tit. 9, § 245 1, *et seq.*; (mm) (nn) Wash. Rev. Code § 19.86.0 10, *et seq.*; (oo) W. Va. Code § 46A-6-101, *et seq.*; (pp) Wis. Stat. § 100.20, *et seq.*; and (qq) Wyo. Stat. § 40-12-100, *et seq.*

     e.      Class 1 is certified pursuant to Fed. R. Civ. P. 23(b)(3) for damage claims.

     f.      The time frame for this Class is January 1, 1991 to December 31, 2004.

**2.**     **Class 2: Third-Party Payor MediGap Supplemental Insurance Class.**

     a.      Class Definition:

All Third-Party Payors who have their principal place of business in the Commonwealth of Massachusetts that made reimbursements based on AWP for a Medicare Part B covered Subject Drug prescribed in the State of Massachusetts that was manufactured by AstraZeneca, the BMS Group, SmithKline Beecham Corporation d/b/a GlaxoSmithKline, the Johnson & Johnson Group, or the Schering Plough Group,

     b.      The Court certifies five Subclasses corresponding to each of the defendant groups.

     c.      The Class representatives for Class 2 are, Blue Cross Blue Shield of Massachusetts and Sheet Metal Workers Health Fund.

       d.      The claims for this Class are certified under Mass. Gen. Laws ch. 93A for the purposes of a test case, after which the Court will examine the issue of a broader certification.

       e.      The Class is certified pursuant to Fed. R. Civ. P. 23(b)(3) for damage claims.

       f.      The time period for this class is January 1, 1991 to December 31, 2004.

**3.      Class 3: Consumer and Third-Party Payor Class for Medicare Part B Drugs Outside of the Medicare Context.**

       a.      Class Definition:

All natural persons who are residents of the Commonwealth of Massachusetts and Third-Party Payors who have their principal place of business in the Commonwealth of Massachusetts that made payments or reimbursements, or who have a currently enforceable obligation to make a payment or reimbursement, for Subject Drugs manufactured by AstraZeneca, the BMS Group, SmithKline Beecham Corporation d/b/a GlaxoSmithKline, the Johnson & Johnson Group, or the Schering Plough Group, where such payments or reimbursements were based on contracts that expressly use AWP as a pricing standard. Included within this Class are individuals who paid coinsurance (i.e., co-pays proportional to the reimbursed amount) for a Subject Drug, where such coinsurance was based upon use of AWP as a pricing standard. Excluded from this Class 3 are any payments or reimbursements for generic drugs that are based on MAC.

       b.      The Court certifies five Subclasses corresponding to each of the defendant groups.

       c.      The Class is certified pursuant to Fed. R. Civ. P. 23(b)(3) for damage claims and (b)(2) for injunctive purposes.

       d.      The class representatives for Class 3 are: Blue Cross Blue Shield of Massachusetts, Pipefitters Local 537 Trust Funds, and Health Care for All for the (b)(2) Class.

-4-

e.      The claims for this Class are certified under Mass. Gen. Laws ch. 93A for the purposes of a test case, after which the Court will examine the issue of a broader certification.

## II.      CLASSES NOT CERTIFIED

1.      The Court declines to certify a Class of Consumers and Third-Party Payors who made payments or reimbursements for self-administered drugs  ("SADs"), except to the extent such SADs (i) are covered under Medicare Part B; (ii) appear in the Table of Subject Drugs appended hereto; and (iii) were paid for or reimbursed by a Consumer or Third-Party Payor as a member of Class 1 or Class 2.   The drugs at issue with respect to Class 3 are limited to physician-administered drugs that appear in the appended Table of Subject Drugs and do not include any SADs.

## III.      MISCELLANEOUS

1.      Excluded from these Classes are the defendants herein; any subsidiaries or affiliates of defendants; the officers and directors of defendants during the Class Period; members of the defendants' immediate families; any person, firm, trust, corporation, officer, director or any individual or entity in which any defendant has a controlling interest or which is related to, or affiliated with, any of the defendants; the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded parties and governmental entities.

2.      Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following firms as CoLead Counsel: Hagens Berman Sobol Shapiro LLP; Specter Roseman & Kodroff, P.C.; Hoffman & Edelson; The Wexler Firm LLP; and Kline & Specter.

3.      The Court is of the opinion that this order involves at least one controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the

litigation.  Therefore, pursuant to 28 U.S.C. § 1292(b), the Court certifies the following issues

for appeal: (1) whether a court may certify a single class consisting of plaintiffs presenting

claims pursuant to multiple state-consumer-protection statutes; and (2) what is the appropriate

weight to be accorded to expert testimony in deciding whether to certify a class.  Alternatively,

the Court believes that an immediate apeal persuant to Rule 23(f) would be desirable.

**TABLE OF SUBJECT DRUGS**

**AZ NDC List**

| NDC | Description |
| --- | --- |
| 00310096036 | Zoladex 3.6mg 1 x1EA Depot |
| 00310096130 | Zoladex 10.8mg 1 x1EA Depot |

**BMS NDC List**

| NDC | Description |
|---|---|
| 00015301026 | BLENOXANE INJ 15 UNIT VHA |
| 00015301020 | BLENOXANE INJ 15 UNIT VL |
| 00015306326 | BLENOXANE INJ 30 UNIT VHA |
| 00015306301 | BLENOXANE INJ 30 UNIT VL |
| | |
| 00015053910 | CYTOXAN 100MG LYOPH W/CYT |
| 00015054812 | CYTOXAN 1G 6X50ML VHA+ |
| 00015054810 | CYTOXAN 1GM LYOPH W/CYTOG |
| 00015054610 | CYTOXAN 200MG LYOPH W/CYT |
| 00015054912 | CYTOXAN 2G 6X100ML VHA+ |
| 00015054910 | CYTOXAN 2GM LYOPH W/CYTOG |
| 00015054710 | CYTOXAN 500MG LYOPH W/CYT |
| | |
| 00015050041 | CYTOXAN INJ 100MG |
| 00015050641 | CYTOXAN INJ lX2GM VIAL |
| 00015050241 | CYTOXAN INJ 1X500MG VIAL |
| 00015050141 | CYTOXAN INJ 200MG |
| 00015054712 | CYTOXAN LYO 500MG VL VHA |
| 00015054741 | CYTOXAN LYOPH 500MG |
| 00015053941 | CYTOXAN LYOPHILIZED 100MG |
| 00015054841 | CYTOXAN LYOPHILIZED 1GM |
| 00015054641 | CYTOXAN LYOPHILIZED 200MG |
| 00015054941 | CYTOXAN LYOPHILIZED 2GM |
| 00015050541 | CYTOXAN PINJ 1X1G VIAL |
| | |
| 00015050401 | CYTOXAN TABS 25MG |
| 00015050301 | CYOXAN TABS 50MG |
| | |
| 00015340420 | ETOPOPHOS 100MG VIAL |
| 00015321429 | PARAPLATIN 10X15ML VHA+ |
| 00015321529 | PARAPLATIN 10X45ML VHA+ |
| 00015321329 | PARAPLATIN 10X5ML VHA+ |
| | |
| 00015321430 | PARAPLATIN 1X150MG LYO VL |
| 00015321530 | PARAPLATIN lX450MG LYO VL |
| | |
| 00015321330 | PARAPLATIN 50MG LYOPHILIZ |
| | |
| 00015335322 | RUBEX 100 MG LYOPHILIZED |
| 00015335324 | RUBEX 100MG IMMUNEX LABEL |

| | |
|---|---|
| 00015335122 | RUBEX 10MG LYOPHILIZED |
| | |
| 00015335222 | RUBEX 50MG LYOPHILIZED |
| 00015347630 | TAXOL 100MG INJ MULTIDOSE |
| 00015347627 | TAXOL 100MG SEM-SYN VIAL |
| | |
| 00015347911 | TAXOL 300MG/50ML VIAL |
| 00015345620 | TAXOL 30MG CONC FOR INJ |
| 00015347530 | TAXOL 30MG INJ MULTIDOSE |
| 00015347527 | TAXOL 30MG SEM-SYN VIAL |
| 00015347520 | TAXOL 30MG/5ML VHA+ LABEL |
| | |
| 00015309530 | VEPESID 100MG VL W/O CYTO |
| 00015306224 | VEPESID 1G 50ML VIAL VHA+ |
| 00015306220 | VEPESID 1GM/50ML |
| 00015306120 | VEPESID 500MG |
| 00015306124 | VEPESID 500MG 25ML VL VHA |
| 00015309145 | VEPESID 50MG CAPSULES |
| 00015309520 | VEPESID INJ 100MG/5ML |
| 00015308420 | VEPESID INJ 150MG/7.5ML |

**GSK NDC List**

| NDC | Description |
|---|---|
| 00173013093 | ALKERAN I.V, INJ 50 MG |
| 00029415105 | KYTRIL 1 MG TABS 20'S SUP |
| 00029415139 | KYTRIL 1 MG TABS 2'S |
| 00029415201 | KYTRIL 1 MG/ML INJECTION 4ML VIAL |
| 00029414901 | KYTRIL INJ SINGLE DOSE VIAL 1MG/ML |
| 00173026035 | LANOXIN INJ 0.5MG 2ML 50S |
| 00173026210 | LANOXIN INJ PEDIATRIC 0.1 MG/ML |
| 00173065601 | NAVELBINE INJ 10MG 1ML |
| 00173065644 | NAVELBINE INJ 50MG 5ML |
| 00173041900 | VENTOLIN NEB SOL INH 0.083%-3ML 25S |
| 00173038558 | VENTOLIN SOL INH 0.5% 5MG/ML 20ML |
| 00173044200 | ZOFRAN INJ 2MG/ML 20ML |
| 00173044202 | ZOFRAN INJ 2MG/ML 2ML 5S |
| 00173046100 | ZOFRAN INJ PRMXD 32MG/50ML |
| 00173044702 | ZOFRAN TAB 8MG 100S UD |

00173095201                    ZOVIRAX FOR INJECTION 1000MG 20ML 10S (C
00173099501                    ZOVIRAX FOR INJECTION 500MG 10ML 10S (C#

**J&J NDC List**

| NDC | Description |
|---|---|
| 57894003001 | C168J REMICADE 1PCK |
| | |
| 59676031002 | PROCRIT 10000 U |
| 59676031001 | PROCRIT 10000 U/ML |
| | |
| 59676032001 | PROCRIT 20,000 U/ML |
| 59676030202 | PROCRIT 2000 U/ |
| 59676030201 | PROCRIT 2000 U/ML 6 |
| 00062740201 | PROCRIT 2000U/ML AMG |
| 59676030302 | PROCRIT 3000 U/ |
| | |
| | |
| 59676030402 | PROCRIT 4000 U/ |
| 59676030401 | PROCRIT 4000 U/ML 6 |
| | |
| 59676034001 | PROCRIT 40000 U/ML |

**SP NDC List**

| NDC | Description |
|---|---|
| 59930151504 | ALBUTEROL INHALATION SOLUTION |
| 59930164702 | ALBUTEROL INHALATION SOLUTION |
| 59930150006 | ALBUTEROL SULFATE INHAL. SOL. |
| 59930150008 | ALBUTEROL SULFATE INHAL. SOL. |
| 59930151701 | ALBUTEROL SULFATE SOLUTION |
| 59930151702 | ALBUTEROL SULFATE SOLUTION |
| 59930155020 | ALBUTEROL SULFATE SOLUTION |
| | |
| 00085123501 | INTRON A FOR INJ MULTIDOSE PEN |
| 00085124201 | INTRON A FOR INJ MULTIDOSE PEN |
| 00085125401 | INTRON A FOR INJ MULTIDOSE PEN |
| 00085116801 | INTRON A INJ 18MIU HSA FREE |
| 00085113301 | INTRON A INJ 25MIU HSA FREE |
| 00085118402 | INTRON A INJ 3MIU HSA FREE |
| 00085119102 | INTRON A INJ 5MIU HSA FREE |
| 00085117902 | INTRON A INJ PAK10MIU HSA FREE |
| 00085057102 | INTRON A INJECTABLE 10MILLN IU |
| 00085057106 | INTRON A INJECTABLE 10MILLN IU |
| 00085111001 | INTRON A INJECTABLE 18MILLN IU |
| 00085028502 | INTRON A INJECTABLE 25MILLN IU |
| 00085064704 | INTRON A INJECTABLE 3MILLN IU |
| 00085064705 | INTRON A INJECTABLE 3MILLN IU |
| 00085012002 | INTRON A INJECTABLE 5 MILLN IU |
| 00085012003 | INTRON A INJECTABLE 5 MILLN IU |
| 00085012004 | INTRON A INJECTABLE 5 MILLN IU |
| 00085053901 | INTRON A INJECTABLE 50MILLN IU |
| 00085068901 | INTRON A INJECTION 18 MIU |
| 00085092301 | INTRON A SOL FOR INJ 10 MILLI |
| 00085076901 | INTRON A SOL. FOR INJ. 25MILLN |
| 59930160001 | PERPHENAZINE |
| 59930161001 | PERPHENAZINE 16MG |
| 59930160501 | PERPHENAZINE 8MG |

| | |
|---|---|
| 59930160301 | PERPHENAZINE TABLETS |
| | |
| 00085020901 | PROVENTIL SOLUTION .083MG/ML |
| 00085180601 | PROVENTIL SOLUTION .083MG/ML |
| 00085020802 | PROVENTIL SOLUTION 5MG/ML |
| | |
| 00085125902 | TEMODAR 100MG |
| 00085124401 | TEMODAR 20MG |
| 00085124402 | TEMODAR 20MG |
| | |
| 00085125202 | TEMODAR 250MG |
| | |
| 00085124802 | TEMODAR 5MG |