# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CITIZENS FOR CONSUMER JUSTICE, COLORADO PROGRESSIVE COALITION, FLORIDA ALLIANCE FOR RETIRED AMERICANS, HEALTH CARE FOR ALL, INC., MASSACHUSETTS SENIOR ACTION COUNCIL, MASSPIRG, MINNESOTA SENIOR FEDERATION, NEW JERSEY CITIZEN ACTION, NEW YORK STATE WIDE SENIOR ACTION COUNCIL, PENNSYLVANIA ALLIANCE FOR RETIRED AMERICANS, VERMONT PUBLICE INTEREST RESEARCH GROUP, WEST VIRIGINA CITIZEN ACTION, AND WISCONSIN CITIZEN ACTION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 01-12257 PBS |
|  | ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) ) |  |
| ABBOTT LABORATORIES, INC., ALLERGAN WORLDWIDE, ALPHA TERAPEUTIC CORP., AMERICAN BIOSCIENCE, INC., AMERICAN HOME PRODUCTS, AMGEN, INC., ASTRAZENECA US, AVENTIS PHARMA, BAYER AG, BAXTER INTERNATIONAL, INC., BRITSOL-MYERS SQUIBB CO., CHIRON, FUGISAWA HEALTHCARE, INC. GLAXOSMITHKLINE, PLC, GENSIA SICOR PHARMACEUTICALS, INC., GLAXO WELLCOME, INC., GLAXO WELLCOME, PLC, IMMUNEX CORP., ICN PHARMACEUTICALS, INC., HOESCHT MARION ROUSSEL, INC., ELI LILLY AND COMPANY, ONCOLOGY THERPEUTICS NETWORK CORP., PHARMACIA CORP., SCHERING-PLOUGH, CORP., SICOR, INC., SMITHKLINE BEECHAM CORPORATION, TEKEDA CHEMCIAL INDUSTRIES LTD., TAP PHARMACEUTICAL PRODUCTS, INC., AND JOHN DOES 1 – 200 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |  |
|  | ) |  |
| Defendants | ) ) |  |

## AFFIDAVIT OF LESLIE FISH

NOW COMES Leslie Fish, being duly sworn, and hereby states as follows:

1.    I am employed by Fallon Community Health Plan (hereinafter "FCHP") as the Senior Director of Pharmacy Services, a position I have held since 2003.  My responsibilities in this position include, but are not limited to, directing FCHP's Pharmacy Division; overseeing FCHP's Pharmacy and Therapeutic Committee; working with state and federal regulatory agencies to ensure FCHP's compliance with federal and state rules, regulations and procedures; and ensuring that FCHP maintains its health care certification which is granted by the National Commission on Quality Assurance.

2.    Prior to 2003 I worked as a clinical coordinator with the Fallon Clinic.

3.    I am familiar with and have reviewed the document production request served by Dey, Inc.  Many of the requests (for instance, Requests Four, Five, and Nine)  seek information that would be the Pharmacy Division's responsibility to locate and produce because of its familiarity with the drugs which are the focus of the production request; its participation in the selection and maintenance of the plan's drug formulary; its understanding of how records are maintained by FCHP; its familiarity with the Plan's proprietary information; and knowledge of the operation of the Pharmacy and Therapeutic Committee. [1]

---

[1] These document requests state as follows:

4.    All documents concerning the advisory boards conducted by You or on Your behalf, involving physicians or pharmacists, including final reports or other documents reflecting the issues discussed, documents reflecting all entities participating in such advisory boards, and documents reflecting the conclusions of such advisory boards.

5.    All documents regarding or reflecting any consideration of or actual changes to your reimbursements for drugs or services based on, or by reference to, changes in Medicare's reimbursement rates for drugs or services since 2003.

4.     FCHP has significant regulatory responsibilities mandated by Medicare that must be complied with in the spring of 2006. For instance Medicare has created new methods for its constituency to have access to prescription drug coverage beginning this year. Prescription drug coverage, known as Medicare Part D, became effective on January 1, 2006. The impact of this change is that all health plans have to provide the same or better benefits than the level set by Medicare. As a result, FCHP employees under my direction, who would conduct document reviews to comply with the document production requests identified above, are working with FHCP information technology personnel to modify computer system functions; revise formulary coding; update benefit designs; devise submission and reporting forms to be submitted to Medicare; and update FCHP policies and procedures to comply with Medicare requirements. These Medicare revisions increased the number of FCHP members who now have prescription benefits. As a result, FCHP Pharmacy Division staff spend substantial time assessing these new members' eligibility for prescribed drugs, advising providers and members about drug benefits, and adjudicating the new patients' reimbursement requests. The staff must also field numerous inquiries from new members regarding the regulations and the reimbursement requests. The staff is working overtime to comply with these new regulations and responsibilities. I anticipate it will take another nine to twelve months before these additional tasks are completed by division employees.

---

9.     All documents regarding the process whereby Fallon Community Health Plan determines drug formularies, including analysis of the economic merits of selecting or placing on a higher tier certain drugs as compared to others.

5.   Although the Pharmacy Division is not solely responsible for ensuring that FCHP complies with all of the National Commission on Quality Assurance's (hereinafter "NCQA) requirements for certification, it has, with other FCHP divisions, tasks to complete before the site visit.   For instance, it must conduct, together with FCHP information technology personnel, numerous data searches to compile information designated by NCQA about patients with specific disease processes, specified medications that have been prescribed, patient compliance with physician medication and follow-up instructions, etc. The site visit is planned for September 18-19, 2006. The results of the data requests must be electronically submitted to NCQA by July 24, 2006 (in advance of the site visit).   As a result, approximately forty percent of the Pharmacy Division's workforce is presently dedicated to this project.

Document Production Request Number Five

6.   Document Production Request 5, seeking in part "all documents" reflecting "any consideration or actual changes" to FCHP's reimbursements for drugs or services based on changes on Medicare reimbursement rates since 2003.  To comply with this request FCHP would have to review approximately 20-25,000 contracts (there are approximately 8,000 contracts executed yearly between FCHP and individual physicians or entities that employ physicians).  Each contract is five to thirty pages in length.  There is no computer records search available to access these contracts in a way that will provide the information sought.  Thus, each contract will have to be manually examined to obtain the information (if it exists), and to redact commercially sensitive and proprietary information (such as the specific reimbursement amounts paid to physicians, from which our competitors could calculate our fee schedule

4

methodology, to our detriment).   The contract review would also entail a manual process to identify the drugs which were on the formulary, and the reimbursable amounts.   It is anticipated that it will take 12,000 hours to conduct this review for pharmacy division members to complete this must manual review.   However, as is set forth in paragraphs 4 and 5, regulatory responsibilities are presently consuming and exceeding all available division resources.

<u>Document Production Requests Number Four and Five</u>

7.   FCHP has a Pharmacy and Therapeutic Committee which has been in existence since 2003, and meets at least four times annually.   Document Production Requests Four and Nine seek in part final reports or other documents reflecting issues discussed by the Committee, documents reflecting all entities participating in such advisory boards, and documents reflecting the conclusions of any advisory boards and how drug formularies are determined.   Prior to these committee meetings at least fifty pages of materials are provided to committee members and subsequent to the meetings committee notes are prepared.   These pre and post meeting records are not all searchable by computer; and as a result, will have to be manually reviewed. These documents include proprietary information such as formulary prices and utilization management protocols which are unique to FCHP and whose public disclosure would be detrimental to FCHP.   It is anticipated it would take approximately fifty to seventy-five hours to procure this information which would be burdensome for the Pharmacy Division to perform until after the NCQA inspection is completed.

5

8.    In light of the pharmacy divisions responsibilities described above it would be burdensome for FCHP to comply with document production requests prior to the end of 2006.


Signed under the pains and penalties of perjury this <u>26th</u> day of January 2006.


_____
Leslie Fish

STATE OF MASSACHUSETTS
WORCESTER COUNTY

     On this 26th day of January 2006, before me, the undersigned Notary Public, personally appeared Leslie Fish, in her individual capacity, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing instrument, and acknowledged that she signed the same as her voluntary act and deed for the purposes therein contained.

Notary Public

My Commission Expires: _5/5/2011_

G:\Cases\FALLON\FALLON.001\In House\Discovery\Fish.Affidavit.01.09.06.doc