# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO<br><br>ALL ACTIONS | |

## PLAINTIFFS' REPLY TO TRACK 1 DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED CONSOLIDATED ORDER RE: MOTION FOR CLASS CERTIFICATION

The Track 1 Defendants' proposed class certification order and accompanying brief mischaracterizes the Court's oral rulings made at the January 19 hearing and otherwise seeks to reargue points that have already been decided against Defendants. And, despite a Court order that objections to the proposed class certification order be filed in November 2005, Defendants raise a host of new arguments, attacking, for example, the identification of "Subject Drugs," which have remained the same since the original order, and seeking to now impose residency requirements for the Class 2 or 3 representatives. For these reasons, Plaintiffs respectfully submit this short reply to Defendants' submission, tracking the organization of Defendants' brief. Redlined versions of the proposed class certification orders are also being submitted herewith.

## I.    CLASS 2 SHOULD NOT BE LIMITED TO MASSACHUSETTS

Defendants claim that Plaintiffs have not grouped state laws in a feasible manner, but Plaintiffs have. The Court's August 16, 2005 Memorandum and Order Re: Motion for Class

Certification (the "Class Order") flatly and correctly rejected Defendants' challenges to the certification of a multi-state class based on differing standards of scienter, reliance and proximate cause.  Class Order at 55-56.  The Court reaffirmed this ruling during the January 19 hearing. *See* Hrg. Trans. at 35-36. 39.

The Court ordered Plaintiffs to provide evidence of compliance with the notice provisions of the various state consumer protection acts (Class Order at 54-55), which Plaintiffs have done (*see* Section V *infra*).  The Court also noted that states should be excluded from the class definition where such states have consumer protection statutes that do not permit class actions. Plaintiffs have done this, proposing to exclude states where class actions are not permitted under the relevant consumer acts, namely Alabama, Georgia, Iowa, Kentucky, Louisiana, Mississippi and Montana.

Defendants assert that the Alaska and Virginia consumer acts should also be excluded, but they are wrong.  The Virginia statute, VA. CODE ANN. §59.1-196, *et seq.*, does not prohibit class actions.  Although the State of Virginia does not have a corollary to FED. R. CIV. P. 23, the Court applies federal procedural law, and not the rules of Virginia.  Turning to Alaska, Defendants claimed in earlier briefing that the relevant consumer statute, ALASKA STAT. §45.50.471, *et seq.* does not authorize class actions because §45.50.531(b), which formerly pertained to class actions, had been repealed.  However, ***nothing*** in the Alaska Consumer Protection Act prohibits the certification of class actions under the statute, and the repealed section to which Defendants refer merely stated that, before a class action could be filed, the plaintiff was required to submit the proposed complaint to the Attorney General and obtain his or her prior approval.  *See Deadwyler v. Volkswagen of Am., Inc.*, 134 F.R.D. 128, 132 (W.D.N.C. 1991).

The remaining states are properly included in Plaintiffs' proposed Class 2, and no further grouping is necessary.  Plaintiffs have carefully surveyed the statutes that they propose to include in Class 2 and have determined that class actions can be brought by and on behalf of corporations under each of them.  Defendants have had ample opportunity to challenge the inclusion of the remaining state statutes into Class 2, and they have either failed to do so or, in those few instances in which they belatedly did, Plaintiffs have now addressed every criticism raised.

## II.    THE IDENTITY OF THE CLASS 1 REPRESENTATIVES DO CORRESPOND WITH THE COURT'S FINDINGS

Defendants claim that the proposed Class 1 representatives are inconsistent with the Court's ruling at the January 19th hearing.  The only specific inconsistency raised by Defendants is their proposed striking of Jane and Teresa Shepley as proposed Class 1 representatives.  *See* Defendants' Proposed Order at p.2, l. c.  However, the Court did not discuss the Shepleys at all. Moreover, the Shepleys' records identify that Mr. Shepley was covered by Medicare Part B, received a bill for his share of Procrit, and paid a portion thereof.  *See* Haviland Decl. ¶ 35.  The Shepleys are thus typical and should be permitted to represent Class 1.

## III.   CLASSES 1 AND 2 ARE OTHERWISE PROPERLY DEFINED

In this section of their brief, Defendants first claim that the Class 1 and 2 definitions must expressly refer to reimbursements based on AWP.  But Defendants fail to offer any evidence that Medicare-based reimbursements were actually based on something other than AWP, and Dr. Rosenthal and others have testified that alternate charges were never used.  However, Plaintiffs will accept Defendants' proposed modification because, in practice, it does not make a substantive difference.

Defendants next argue that Class 1 should exclude individuals who have supplemental insurance, however, the Court specifically discussed and approved the inclusion of persons who made a payment or who have a currently enforceable obligation to pay.  Hrg. Tr. at 61:16-20; 64:12-18.  Therefore, no other changes are needed.

Defendants next propose that the time period for Classes 1 and 2 run "to December 31, 2004," instead of "to January 1, 2005."  "To January 1, 2005" means "through December 31, 2004," and does not include January 1, 2005, so no change is necessary.

Defendants attack the Sheet Metal Workers Health Fund as a Class 2 representative on the grounds that the Fund is not headquartered in Massachusetts.  Def's Opp. 3-4.  This precise issue was discussed at the hearing (Sheet Metal paid for Part B drugs purchased and administered in Massachusetts).  Hrg. Tr. at 47:1-9.  After considering this argument concerning Sheet Metal's ties to Massachusetts, the Court approved Sheet Metal as a Class representative.  Hrg. Tr. at 49:12-21 ("I'm going to certify a class right now only with respect to Massachusetts, with Blue Cross and Sheet Metals as the representatives").  *See also* Hrg. Tr. 50:14-17.  The Court thus already rejected Defendants' attempt to limit the class to payors who "have their principal place of business in Massachusetts"[1] and logically so since payments made in Massachusetts establish the required nexus to Massachusetts law.

## IV.    CLASS 3 REPRESENTATIVES

The order reflects BCBS and Pipefitters as the Class 3 representatives, and Plaintiffs acquiesce to Defendants' proposal to remove Sheet Metals as a proposed Class 3 representative (for present purposes only).

---

[1] *See* Defendants' Proposed Order for Class 2 and 3, submitted for the first time in this opposition.

## V.   NOTICE PROVISIONS HAVE BEEN COMPLIED WITH

The Court previously ordered Plaintiffs to provide evidence of compliance with the notice provisions of the various state consumer protection acts.  Class Order at 54-55.  Plaintiffs subsequently provided notices as required under each of those acts and specifically pled such in the third amended complaint.  *See* TAMCCAC ¶¶ 643-44, 650-51.  Defendants did not object thereto but now exclaim, without any supporting argument, that the Court should not find that Plaintiffs have complied with the notice provisions.  Defendants' failure to contest Plaintiffs' notices counsels in favor of the Court now finding that Plaintiffs' comprehensive notice campaign complies with the notice provisions of the various state consumer protection acts.

## VI.   TOLLING

Defendants object to the tolling language that Plaintiffs proposed with respect to the Court's election not to certify either Class 2 or Class 3 beyond the State of Massachusetts.[2] Defendants base their objection on the assertion that the tolling laws of each state must first be analyzed before the Court can affirmatively conclude that statutes of limitation remain tolled until the Court makes a final ruling on whether to certify classes under the laws of states other than Massachusetts.  Plaintiffs believe that it is likely that most states would permit such tolling. But, in any event, the Court need not conduct a state-by-state analysis of equitable tolling law at this time and instead conclude that any "denial is without prejudice and does not affect the statute of limitations in those states that permit equitable tolling, until such time as the Court makes a final ruling."  Plaintiffs have made this proposed change in the accompanying orders.

_____

[2] Plaintiffs proposed that, in both versions of the proposed class certification orders, the Court rule that any denial of certification based on laws of other states be "without prejudice and does not affect the statute of limitations, which remains tolled until such time as the Court makes a final ruling."  Proposed Version 1 at Part II, ¶1; Proposed Version 2 at Part II, ¶1.

## VII.    SUBJECT DRUGS

The Court ordered Defendants to file an opposition to the proposed class certification order in November, 2005.  Defendants did so and did not challenge the list of Subject Drugs, and the list has been unchanged since then.  Nor did Defendants challenge the Subject Drugs at the January 19 hearing.  Now, after all challenges are long past due, Defendants suddenly seek to eliminate drugs "consistent with the Court's orders."  Defendants' argument is untimely and wrong.

The list of Subject Drugs, prepared by Dr. Hartman, does include self-administered drugs.  However, these are drugs covered by Part B and were identified as such by Dr. Hartman when the original order was submitted.  Defendants offered no substantive objection and do not identify which drugs they claim are not Part B covered.  This vague, unspecified and late challenge should be rejected.  Defendants next claim that certain drugs are included for "which no liability" is found by Dr. Hartman.  That matter should be the subject of a full record and summary judgment, and is not appropriate (a) at this stage, and (b) based on Defendants' bald claim that this is so.  And again, Defendants do not identify which drugs they claim fall into this category.  Finally, Defendants claim that no self-administered drug should be in Class 3, yet they fail to identify which drugs should be stricken from Class 3 for this reason – yet retained within Classes 1 and 2 because they are covered by Part B.  Plaintiffs do agree that self-administered drugs should not be in Class 3 and have so modified the proposed order consistent with Plaintiffs' understanding of which Class 3 drugs are self-administered.

## VIII.   SECTION 1292 CERTIFICATION IS NOT APPROPRIATE GIVEN THE PLAIN MEANING OF RULE 23(f), THE FIRST CIRCUIT'S REJECTION OF DEFENDANTS' INTERLOCUTORY APPEAL, AND THE DELAY THAT AN APPEAL WILL CAUSE IN AN ALREADY LENGTHY TRACK

As the First Circuit has already held in this case, Rule 23(f) provides a vehicle for the court to review "unsettled legal questions." *In re AWP*, November 25, 2005, Order, attached hereto.  Rule 23(f) was enacted to allow an aggrieved party the opportunity to seek and obtain review, and it should be seen as a superior vehicle to Section 1292 with respect to appeals of class certification orders.    Indeed, as the comments to Rule 23(f) indicate, review under Rule 23(f) "does not require the potentially limiting requirements of Section 1292."  Defendants should therefore proceed under Rule 23(f) and not Section 1292.

It should be obvious why Defendants' pine for a standard other than that provided by Rule 23(f):  the issues that Defendants now invoke for review have ***already*** been addressed by the First Circuit – and review rejected.  For example, Defendants claim that the weight to be accorded expert testimony at the class certification stage is a "thorny legal issue," Defs. Br. at 5, yet the First Circuit it its order denying the petition has already expressed "doubt" on the merits of this claim when Defendants first raised it:

> Nevertheless, to avoid another petition once the district court issues a certification order, we will consider the petition on its merits now. . . .  The only legal issue that defendants identify as important and unsettled is how rigorous a standard should be applied in reviewing expert methodology at the class certification stage.  Even assuming that this issue is sufficiently unsettled and important to warrant immediate appellate review, which we doubt, permitting an appeal under Rule 23(f) would still be inappropriate in the absence of a showing that the issue is "likely to escape effective review if left hanging until the end of the case." . . .  In the absence of any showing that defendants here "will be forced to throw in the towel" absent an immediate appeal, id., we deny the petition and "allow[] the district court an opportunity to fine-tune its class certification order," id., if necessary, as the case progresses.  That approach is particularly appropriate here, where

the alleged weaknesses in plaintiffs' expert's methodology relate primarily to the individual damages phase of this case.

Defendants should follow Rule 23(f), which provides a prompt mechanism for the First Circuit to decide *if* there are issues worthy of review.

Finally, Plaintiffs do not believe that the Court should indicate its views on the desirability of an appeal. No party has briefed to this Court whether any of the issues presented are novel or worthy of review. Further, two Class representatives have died in the last few months. The delay that will surely follow if Section 1292 certification is accepted favors the deep-pocket Defendants and would deny long-awaited justice to the victims.

## IX.  REDLINED VERSIONS OF PROPOSED CLASS CERTIFICATION ORDERS

In order to reflect the changes to which Plaintiffs do not object (as outlined above), Plaintiffs are submitting herewith redlined versions of their proposed class certification orders.

DATED: January 26, 2006

By   **/s/ Steve W. Berman**
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
Facsimile:  (215) 772-1359
Telephone:  (215) 772-1000

**PROPOSED CO-LEAD COUNSEL
FOR PLAINTIFFS**

001534-16  86800 V1

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on January 26, 2006, I caused copies of **PLAINTIFFS' REPLY TO TRACK 1 DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED CONSOLIDATED ORDER RE: MOTION FOR CLASS CERTIFICATION** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.


  **/s/ Steve W. Berman**
Steve W. Berman



# General Docket
## US Court of Appeals for the First Circuit

```
Court of Appeals Docket #: 05-8008                    Filed: 8/31/05
Nsuit:   0  (Criminal or NOT SET)
IN RE: Pharamaceutic, et al v.
Appeal from: U.S. District Court of MA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

     District: 0101-1 : 01-12257
     Ordering Judge: Patti B. Saris, Judge
     trial judge: Marianne B. Bowler, Magistrate Judge
     court reporter: Marie L. Cloonan, Court Reporter
     court reporter: Debra M. Joyce, Court Reporter
     court reporter: Valerie O'Hara, Court Reporter
     court reporter: Cheryl Dahlstrom, Court Reporter
     court reporter: Carol Lynn Scott, Court Reporter
     court reporter: Teri Celeste Gibson, Court Reporter
     court reporter: Judith A. Twomey, Court Reporter
     court reporter: ECR
     Date Filed: 8/16/05
     Date order/judgment: 8/16/05
     Date NOA filed: **/**/**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: waived

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
     None
Current cases:
     None
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Panel Assignment:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

Docket as of December 22, 2005 0:09 am          Page 75

05-8008   IN RE: Pharamaceutic, et al v.

11/25/05          JUDGMENT entered by Judge Kermit V. Lipez, Chief Judge
                  Hector M. Laffitte, Judge Mary M. Lisi. This is a petition
                  for leave to appeal from the district court's grant of
                  class certification. We deny the petition because it is
                  premature in that no class certification order has yet
                  issued and, even if it had, this petition does not present
                  an unsettled and important legal issue that is likely to
                  escape effective review if an interlocutory appeal is not
                  permitted. DISCUSSION Rule 23(f) of the Federal Rules of
                  Civil Procedure allows a party to apply for leave to file
                  an interlocutory appeal from an order granting or denying
                  class certification if application is made to the court of
                  appeals "within ten days after entry of the order"
                  (emphasis added). Here, although the district court
                  expressed its intention to enter an order certifying a
                  class, no such order has yet entered. Accordingly, this
                  petition is premature and could be dismissed on that ground
                  alone. That is especially true of the district court's
                  qualified intention to certify a nationwide class of
                  Medicare Part B beneficiaries. The district court expressly
                  deferred ruling on plaintiffs' motion to certify such a
                  class pending plaintiffs' motion to add individual class
                  representatives. Even if plaintiffs amend their complaint
                  to add such class representatives, the court indicated that
                  such a class would be certified only if the purported class
                  representatives are found to be "adequate" after an
                  opportunity for further discovery and briefing by opposing
                  parties. Nevertheless, to avoid another petition once the
                  district court issues a certification order, we will
                  consider the petition on its merits now. Rule 23(f) gives
                  this court "unfettered discretion" whether to permit an
                  interlocutory appeal from the grant or denial of class
                  certification. Fed. R. Civ. P. 23(f) advisory committee's
                  note. That discretion is guided, however, by the dual
                  purposes of the rule--to "provide a mechanism through which
                  appellate courts, in the interests of fairness, can restore
                  equilibrium when a doubtful class certification ruling
                  would virtually compel a party to abandon a potentially
                  meritorious defense," Waste Mgmt. Holdings, Inc. v.
                  Mowbray, 208 F.3d 288, 293 (1st Cir. 2000), and to
                  "furnish[] an avenue, if the need is sufficiently acute,

whereby the court of appeals can take earlier-than-usual
cognizance of important, unsettled legal questions, thus
contributing to both the orderly progress of complex
litigation and the orderly development of the law," id. To
avoid encouraging too many fruitless Rule 23(f)
applications, however, we have restricted the second avenue
for appeal "to those instances in which an appeal will
permit the resolution of an unsettled legal issue that is
important to the particular litigation as well as important
in itself and likely to escape effective review if left
hanging until the end of the case." Id. We have further
indicated that we would "exercise our discretion
judiciously," id., and "err, if at all, on the side of

Docket as of December 22, 2005 0:09 am                    Page 76

05-8008   IN RE: Pharamaceutic, et al v.

allowing the district court an opportunity to fine-tune its
class certification order, rather than opening the door too
widely to interlocutory appellate review," id. (citation
omitted). Under those standards, the present petition
fails. The only legal issue that defendants identify as
important and unsettled is how rigorous a standard should
be applied in reviewing expert methodology at the class
certification stage. Even assuming that this issue is
sufficiently unsettled and important to warrant immediate
appellate review, which we doubt, permitting an appeal
under Rule 23(f) would still be inappropriate in the
absence of a showing that the issue is "likely to escape
effective review if left hanging until the end of the
case." Id. Here, defendants, large drug companies, do not
claim that the intended certification order would force
them to settle the case. Cf. id. at 294-95 (noting that
"what might be 'ruinous' to a company of modest size might
be merely unpleasant to a behemoth"). Rather, in an attempt
to show that an immediate appeal is necessary, defendants
state only that the issue may escape end-of-case review
"because class actions often settle prior to final
judgment." If that rationale--which applies to all class
actions--were sufficient to satisfy the requirement that
end-of-case review be shown insufficient, that requirement
would be effectively nullified and our concern about
"opening the door too widely to interlocutory appellate
review," Mowbray, 208 F.3d at 294, would be realized. In
the absence of any showing that defendants here "will be
forced to throw in the towel" absent an immediate appeal,
id., we deny the petition and "allow[] the district court
an opportunity to fine-tune its class certification order,"
id., if necessary, as the case progresses. That approach is

particularly appropriate here, where the alleged weaknesses
in plaintiffs' expert's methodology relate primarily to the
individual damages phase of this case. The district court
recognized that the methodology may not work for the
individual damages phase but concluded that such an
eventuality did not preclude class certification for
purposes of determining liability and aggregate damages.
Rather, as the district court recognized, if there is a
need for individual proceedings on damages, the court could
decertify the class at that time. See Fed. R. Civ. P.
23(c)(4)(A); see also Tardiff v. Knox County, 365 F.3d 1,
6-7 (1st Cir. 2004) (approving that approach); Smilow v.
Southwestern Bell Mobile Sys., 323 F.3d 32, 39-41 (1st Cir.
2003) (same); Mowbray, 208 F.3d at 297 n.6 (same). The
petition for leave to appeal is denied. [1062853-1]
[05-8008] (mlyn)

Docket as of December 22, 2005 0:09 am          Page 77

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 01/26/2006 16:49:01 | | |
| PACER Login: | hb0116 | Client Code: | 1543.16 |
| Description: | dkt report | Case Number: | 05-8008 |
| Billable Pages: | 77 | Cost: | 6.16 |