UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION,<br><br>THIS DOCUMENT RELATES TO THE MASTER CONSOLIDATED CLASS ACTION | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS |

### NON-PARTY FALLON COMMUNITY HEALTH PLAN, INC.'S MOTION TO QUASH THE SUBPOENA OF DEFENDANT DEY, INC.

Non-Party Fallon Community Health Plan, Inc. ("Fallon"), by its attorneys, Nelson, Kinder, Mosseau & Saturley, P.C., and in accordance with Fed. R. Civ. P. 45 and Local Rule 7.1, respectfully submits the following Motion to Quash the Subpoena of Defendant Dey, Inc. ("Dey"). In further support of this Motion, Fallon states as follows:

1.   Fallon is a small health maintenance organization providing physician care and pharmaceuticals to approximately 171,000 members, primarily located in Worcester County, Massachusetts. With respect to this litigation, it is an absent class member.

2.   On or about November 21, 2005, Dey served a Subpoena upon Fallon seeking the production of an enormously broad range of documents, and a Rule 30(b)(6) witness to testify concerning 33 separate issues.

3.   Dey likewise served similar Subpoenas upon Tufts Associated Health Plans, Inc. and Neighborhood Health Plan, Inc., two other absent class member health plans. The Plaintiffs filed Motions to Quash and for Protective Orders with respect to all of these Subpoenas. See Docket Entry Nos. 1907, 1908, and 1909. Likewise, Tufts and Neighborhood filed separate Motions for Protective Orders. See Docket Entry Nos. 1910, 1911, 1914, and 1915. In response,

Dey asserted that it anticipated the discovery to yield information "consistent with testimony obtained from other [health] plans," which Dey argued would support its defenses. Docket Entry No. 1911, at 6.

4. Although Fallon engaged counsel to represent it with respect to the Subpoena, a conflict of interest was subsequently discovered, and the undersigned counsel for Fallon were engaged on or about December 22, 2005.

5. Under the circumstances, and in view of the fact that the Subpoena suffered from the identical defects identified in the other Motions to Quash, Fallon filed a Motion to Stay Enforcement of the Subpoena against it until the pending Motions to Quash were resolved. Fallon noted in its Motion to Stay that it would likely file the present Motion to Quash, which is similar in nature to the other Motions to Quash. The pending Motions to Quash and Fallon's Motion to Stay are currently scheduled for a hearing on February 2, 2006.

6. As more fully set forth in the Affidavits on file with this Court, see Docket Entry Nos. 2083, 2084, and 2085, compliance with the Subpoena would impose extraordinary burdens upon Fallon, a small health plan with limited administrative resources available to respond.

7. In view of the fact that Dey anticipates the discovery it is now seeking to be "consistent with testimony obtained from other [health] plans," the amount of discovery Defendants have already engaged in with respect to absent class member health plans, and the limited availability of absent class member discovery under Federal law, Fallon respectfully submits that the burdens imposed by the Dey Subpoena are not justified.

8. Accordingly, Fallon respectfully requests that this Honorable Court quash the Subpoena issued to it by Dey.

9. In accordance with Local Rule 7.1(B)(1), a Memorandum of Law is attached.

WHEREFORE, Fallon respectfully requests that this Honorable Court:

A.  Quash the Subpoena served against it in this matter by Dey; and

B.  Grant such other and further relief as this Court deems just.

 

Respectfully submitted,

FALLON COMMUNITY HEALTH PLAN, INC.

By its attorneys,

NELSON, KINDER, MOSSEAU
& SATURLEY, PC

Dated: January 27, 2006      By: /s/ William C. Saturley, Esquire
Peter W. Mosseau, Esquire (BBO #358060)
William C. Saturley, Esquire (BBO #442800)
99 Middle Street
Manchester, NH 03101
603-647-1800

## CERTIFICATE OF COMPLIANCE

I hereby certify that, in compliance with Local Rules 7.1 and 37.1, I conferred with counsel for Dey in a good faith attempt to resolve or narrow the issues raised by this motion. Specifically, I exchanged telephone messages with counsel for Dey, Lorianne Trewick, Esquire, on January 26, 2006 regarding the relief requested herein, and whether Dey would consent to withdraw the subpoena in light of the burdens imposed upon Fallon in responding to discovery at this time. In addition, my associate, Richard Bell, Esquire, further spoke with Attorney Trewick on January 27, 2006, regarding the relief requested by this motion, and the positions taken by the parties.

Dated: January 27, 2006      By: /s/ William C. Saturley, Esquire
William C. Saturley, Esquire

**CERTIFICATE OF SERVICE**

      I, William C. Saturley, counsel to Fallon Community Health Plan, Inc., hereby certify that on the 27th day of January, 2006, I caused copies of Non-Party Fallon Community Health Plan, Inc.'s Motion to Quash the Subpoena of Defendant Dey, Inc., and for a Protective Order to be served electronically on all counsel of record.


Dated:  January 27, 2006                By:/s/ William C. Saturley, Esquire
                                                William C. Saturley, Esquire