UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
In re:  PHARMACEUTICAL INDUSTRY    )
AVERAGE WHOLESALE PRICE            )
LITIGATION,                        )          MDL No. 1456
                                          )
                                          )          Civil Action No. 01-12257-PBS
THIS DOCUMENT RELATES TO THE       )
MASTER CONSOLIDATED CLASS          )
ACTION                             )
_____)

## NON-PARTY FALLON COMMUNITY HEALTH PLAN, INC.'S OBJECTIONS TO THE SUBPOENA ISSUED BY DEY, INC.

Non-Party Fallon Community Health Plan, Inc. ("Fallon"), by its Attorneys, Nelson,

Kinder, Mosseau & Saturley, P.C., and pursuant to Fed. R. Civ. P. 45(c)(2)(B), respectfully

submits the following objections to the subpoena issued to it by Dey, Inc.

### GENERAL OBJECTIONS AND RESERVATIONS

1.      Fallon objects to the Subpoena on grounds that it is directed to an absent member
of a class of Massachusetts third party payors, where the defendants have already undertaken
discovery of the two largest health insurer members of that class, and where the defendants have
made no showing of need.  *See*, MANUAL FOR COMPLEX LITIGATION, FOURTH, §21.4
(2004) (and authorities cited).  For the same reasons, Fallon objects to producing any witnesses
for deposition.

2.      Fallon objects to the Subpoena as exceeding the permissible scope of discovery
under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court
for the District of Massachusetts, various Orders entered in the above-referenced action, as well
as various federal laws.

For example and without limitation,

a.      Fallon objects to the Subpoena because it fails to allow reasonable time for
        compliance, as is required by Rule 45(c) of the Federal Rules of Civil Procedure;

b.      Fallon objects to the Subpoena because it imposes undue burdens and expenses in
        violation of Rule 45(c) of the Federal Rules of Civil Procedure;

c.      Fallon objects to the Subpoena in that it does not directly purchase, and has never
        directly purchased, drugs from any drug manufacturers, wholesalers, "PBMs",
        specialty pharmacies, or any other person or entity.  Accordingly, the subpoena is,
        on its face, overbroad, excessive, and seeks documents and information that is not

relevant to any claims or defenses in this case, or reasonably calculated to lead to the discovery of admissible evidence;

d.    Fallon objects to the Subpoena because it seeks documents that touch upon major aspects of Fallon's business operations over a fourteen year period of time.  As such, the Subpoena is, on its face, overbroad, excessive, and seeks information not relevant to the claims or defenses in this case or reasonably calculated to lead to the discovery of admissible evidence;

e.    Fallon objects to the Subpoena insofar as it demands production of highly confidential and competitively sensitive information about Fallon, the disclosure of which would cause irreparable harm to Fallon;

f.    Fallon objects to the Subpoena to the extent it calls for the disclosure of any patient information, as the disclosure of such information is not only unduly intrusive and unnecessary, but is contrary to Fallon's confidentiality obligations under state and federal law;

g.    Fallon objects to the Subpoena insofar as it requests information concerning drug products of defendants for whom discovery has closed;

h.    Fallon objects to the Subpoena to the extent it requests information concerning products other than the physician administered drugs that are the subject of the class action lawsuit;

i.    Fallon objects to the Subpoena insofar as its requests are vague, ambiguous, and not susceptible to framing a meaningful response.

3.    Fallon objects to the Subpoena to the extent that it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, and any other privilege recognized by law.

4.    Fallon objects to the "Definitions" portion of the Subpoena to the extent that such Definitions are vague, ambiguous, overbroad, or seek to impose undue burdens and expenses upon Fallon.  Fallon's objections to the "Definitions" portion of the Subpoena include, but are not limited to, the following:

a.    Fallon objects to the definition of "Fallon Community Health Plan," "You," or "Your," which purports to include within the Subpoena's reach all "present and past officials, officers, fiduciaries, representatives, agents, assigns, attorneys, employees . . .affiliates, and all other persons or entities acting or purporting to act on its behalf or under its control."  This is one feature of the Subpoena that renders it entirely overbroad and unduly burdensome.

b.    Fallon objects to the definition and use of "Regarding," as it renders the Subpoena vague, ambiguous, and not reasonably susceptible to framing a meaningful response.

c.    Fallon objects to definition of "'And' and 'or'" in that it necessarily renders the subpoena vague, ambiguous, and not reasonably susceptible framing a meaningful response.

5.      Fallon has no obligation to comply with any alleged instruction.  In responding to the Subpoena, Fallon will comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.  Fallon's objections to the "Instructions" portion of the Subpoena also include, but are not necessarily limited to, the following:

      a.      For the reasons set forth above, Fallon objects to the specified time frame, January 1, 1991 to the present.

      b.      Fallon objects to the instruction concerning documents "deemed" to be in Fallon's possession, custody, or control, on grounds that it exceeds the permissible scope of discovery and purports to extend the reach of the Subpoena to individuals and entities outside of Fallon's control.

      c.      Fallon objects to the instruction regarding the use of nouns, pronouns, and verbs, as the instruction necessarily renders the Subpoena vague, ambiguous, and not reasonably susceptible to framing a meaningful response.

      d.      Fallon objects to the Instructions to the extent they seek to impose requirements beyond those contained in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, and/or any relevant Case Management Order entered in this action.

6.      Fallon will give the words used in the Subpoena their usual and customary meanings.

7.      In view of the extremely broad nature of the Subpoena and the unreasonably short time given to Fallon in which to respond, Fallon reserves the right to supplement its Objections once it has had an adequate opportunity to analyze the Subpoena, and to complete its investigation concerning which documents and information might be responsive to the Subpoena.

8.      All Objections to the specific document production requests and requests for deposition testimony are made subject to the foregoing General Objections and Reservations.

## PRELIMINARY OBJECTIONS TO THE DOCUMENT REQUESTS

1.      All schedules disclosing the amounts reimbursed to physicians for services rendered and drugs administered (i.e., physician "fee schedules") and documents detailing how those schedules were calculated or derived. To the extent the fee schedules differ from the electronic schedules or tables used to generate the actual reimbursement amounts paid to physicians, produce all such schedules and tables.

**RESPONSE**:

Fallon objects to producing any documents in that Dey has not established the requisite need for same, and objects to this Request in that it is vague, ambiguous, overbroad and unduly burdensome, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

2.      Electronic medical claims data regarding reimbursement to Providers for all drugs on the list attached hereto as Exhibit A, including all data regarding reimbursements for related administration or service fees, and all claims processing manuals corresponding to the electronic medical claims data produced.

**RESPONSE**:

Fallon objects to producing any documents in that Dey has not established the requisite need for same, and objects to this Request in that it is vague, ambiguous, overbroad and unduly burdensome, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

3.      All documents relating to or reflecting differences between the amounts You reimburse in relation to physician-administered drugs when they are administered in hospitals as compared to physician's offices, including, but not limited to, all strategic plans and business plans comparing the associated costs of administration in each site of care, or indicating an incentive or preference to administer drugs in a physician's office rather than in a hospital setting.

**RESPONSE**:

Fallon objects to producing any documents in that Dey has not established the requisite need for same, and objects to this Request in that it is vague, ambiguous, overbroad and unduly burdensome, seeks information not relevant to the claims or defenses in this case and not

4

reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks

information that is confidential, proprietary, and/or privileged from disclosure.

4.      All documents concerning advisory boards conducted by You, or on Your behalf, involving physicians or pharmacists, including final reports or other documents reflecting the issues discussed, documents reflecting all entities participating in such advisory boards, and documents reflecting the conclusions of such advisory boards.

**RESPONSE**:

Fallon objects to producing any documents in that Dey has not established the requisite

need for same, and objects to this Request in that it is vague, ambiguous, overbroad and unduly

burdensome, seeks information not relevant to the claims or defenses in this case and not

reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks

information that is confidential, proprietary, and/or privileged from disclosure.

5.      All documents regarding or reflecting any consideration of or actual changes to Your reimbursements for drugs or services based on, or by reference to, Medicare's reimbursement rates for drugs or services since 2003.

**RESPONSE**:

Fallon objects to producing any documents in that Dey has not established the requisite

need for same, and objects to this Request in that it is vague, ambiguous, overbroad and unduly

burdensome, seeks information not relevant to the claims or defenses in this case and not

reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks

information that is confidential, proprietary, and/or privileged from disclosure.

6.      All documents, including electronic transaction records and contracts, concerning Your direct purchases of drugs from Drug Manufacturers, Wholesalers, PBMs, Specialty Pharmacies or any other person or entity.

**RESPONSE**:

Fallon objects to producing any documents in that Dey has not established the requisite need for same, and objects to this Request in that it is vague, ambiguous, overbroad and unduly burdensome, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

7.      Documents regarding or reflecting the scope of operation of any Staff- Model HMO, including documents reflecting the time period of its operation, the number of patients treated through its facilities, the numbers of its members, the volume of its drug purchases, and the reasons or rationale behind Your decision to initiate or cease its operation.

**RESPONSE**:

Fallon objects to producing any documents in that Dey has not established the requisite need for same, and objects to this Request in that it is vague, ambiguous, overbroad and unduly burdensome, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

8.      All documents, including communications between You and Providers, regarding:

(a)     The costs to Providers of acquiring physician-administered drugs, including, but not limited to, the drugs on the list attached hereto as Exhibit A;

(b)     Any differences between the costs to Providers of acquiring physician-administered drugs and the amounts You reimburse Providers for such physician-administered drugs;

(c)     Your understanding that the costs to Providers of acquiring or administering physician-administered drugs are different from the amounts You reimburse Providers in relations to such physician-administered drugs;

(d)     Your intention or the fact that drug reimbursement acted as a cross-subsidy for service fees or administration reimbursements that were inadequate or were perceived by physicians to be inadequate.

**RESPONSE**:

Fallon objects to producing any documents in that Dey has not established the requisite need for same, and objects to this Request in that it is vague, ambiguous, overbroad and unduly burdensome, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

9.      All documents regarding the process whereby Fallon Community Health Plan determines drug formularies, including analysis of the economic merits of selecting or placing on a higher tier certain drugs as compared to others.

**RESPONSE**:

Fallon objects to producing any documents in that Dey has not established the requisite need for same, and objects to this Request in that it is vague, ambiguous, overbroad and unduly burdensome, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

10.      Summary reports regarding rebates received by You from Drug Manufacturers.

**RESPONSE**:

Fallon objects to producing any documents in that Dey has not established the requisite need for same, and objects to this Request in that it is vague, ambiguous, overbroad and unduly burdensome, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

11.     All documents reflecting any controls, measures, studies or benchmark comparisons considered or implemented by You to manage the costs of reimbursements for physician-administered drugs.

**RESPONSE**:

Fallon objects to producing any documents in that Dey has not established the requisite need for same, and objects to this Request in that it is vague, ambiguous, overbroad and unduly burdensome, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

12.     All documents concerning your contractual relationships with Providers insofar as they cover reimbursement for the administration of the drugs on the list attached hereto as Exhibit A, including, without limitation, master agreements, addenda, schedules, attachments, requests for proposal, and responses to requests for proposal.

**RESPONSE**:

Fallon objects to producing any documents in that Dey has not established the requisite need for same, and objects to this Request in that it is vague, ambiguous, overbroad and unduly burdensome, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

### PRELIMINARY OBJECTIONS TO DEPOSITION TOPICS

1.     All methodologies You utilized or considered utilizing to determine the amounts to pay or reimburse Providers for physician-administered drugs and services.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

2.      All rationales, information, and factors considered by You in deciding whether or not to adopt the reimbursement methodologies described in Subject 1.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

3.      Any actions that You have taken to reduce either Your total expenditures on pharmaceutical benefits or the amount spent on any particular pharmaceutical product.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

4.      For all methodologies discussed in Subject 1, all rationales, information, and factors considered by You in deciding whether or not to pay a separate administration fee or dispensing fee in addition to the price of the drug itself.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

5.      Your knowledge and understanding of whether any administration or dispensing fees You reimbursed to Providers were sufficient to cover the Provider's costs in administering or dispensing the corresponding drugs.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

6.      Your understanding, use, and knowledge of the terms "Average Wholesale Price," "AWP," "Wholesale Acquisition Cost," "WAC," "Maximum Allowable Cost," "MAC," "Federal Supply Schedule," "FSS," "Average Sales Price," "ASP," "Average Manufacturer Price," "AMP," "Best Price," "Estimated Acquisition Cost," or "EAC."

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly

10

burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

7.      Your understanding and knowledge of whether Drug Manufacturers provided Providers with discounts, rebates, and other incentives that were not reported in pricing compendia or otherwise disclosed to the public.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

8.      For physician-administered drugs, whether and to what extent Your negotiations with Providers about reimbursement expressly dealt with a distinction between (a) the reimbursement of the drug itself, and (b) the reimbursement for the Provider's administration service.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

9.      Whether and to what extent Your reimbursement to Providers for drugs and drug-related services are influenced by Medicare's reimbursement rates, including any impact Medicare's reimbursement rates have on Your negotiations with Providers concerning reimbursement.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

10.    Any advisory boards conducted by You or on Your behalf, involving physicians or pharmacists, including the issues discussed and any conclusions reached.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

11.    Your understanding and knowledge of whether Providers would earn a margin on drugs administered and dispensed, including whether such a margin depended, in part, on the difference between the reimbursement You paid and the actual acquisition costs for the drugs, net of any incentives provided by the Drug Manufacturers.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

12.     Whether and to what extent You provide different reimbursement rates based upon the type of Providers and/or the method of the administration of the drugs, including the reasons for any such difference.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

13.     Any studies or analysis You have made concerning the relatives costs of the administration of drugs in physicians' offices rather than in hospitals.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

14.     Whether and to what extent You own any Provider and if so, whether You purchased drugs on behalf of any Provider.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case

13

and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it

seeks information that is confidential, proprietary, and/or privileged from disclosure.

15.     Whether and to what extent a Staff-Model HMO was implemented by You and, if so, the period in which the Staff-Model HMO operated, its purchasing practices, and the terms of its contracts with Drug Manufacturers, Wholesalers, Specialty Pharmacies, or any other person or entity.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the

requisite need for same, and objects to this request in that it is vague, ambiguous, unduly

burdensome and overbroad, seeks information not relevant to the claims or defenses in this case

and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it

seeks information that is confidential, proprietary, and/or privileged from disclosure.

16.     Whether and to what extent You have ever been affiliated with a hospital or university and, if so, the period of affiliation with a hospital or university and the terms of the affiliation.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the

requisite need for same, and objects to this request in that it is vague, ambiguous, unduly

burdensome and overbroad, seeks information not relevant to the claims or defenses in this case

and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it

seeks information that is confidential, proprietary, and/or privileged from disclosure.

17.     Whether and to what extent You participate in government programs that reimburse under the Federal Supply Schedule and, if so, the period of participation in the government program and terms of Your participation in the program.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

18.     Fee schedules for physician-administered drugs, including the methodologies used to develop the fee schedules, the rationales for such methodologies, and whether the fee schedules were communicated to the physicians.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

19.     Whether and to what extent You have transitioned to a Medicare's ASP- based reimbursement system.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

20.     Whether and to what extent You use a capitation reimbursement program, including withholds, for the reimbursement of physician-administered drugs and, if so, the start and end dates of these programs and how these programs work.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

21.     Your direct purchases, if any, of drugs from Drug Manufacturers, Wholesalers, PBMs, Specialty Pharmacies, or any other entity.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

22.     Your knowledge and understanding of how the formularies and the drugs to be included on the formularies are determined, including any rationales and factors considered in that determination.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case

16

and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it

seeks information that is confidential, proprietary, and/or privileged from disclosure.

23.     Your relationship(s), if any, with any PBM.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the

requisite need for same, and objects to this request in that it is unduly burdensome and

overbroad, seeks information not relevant to the claims or defenses in this case and not

reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks

information that is confidential, proprietary, and/or privileged from disclosure.

24.     All rationales, information, and factors considered by You in deciding whether to
do business with a PBM and in deciding which PBM, if any, to use.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the

requisite need for same, and objects to this request in that it is vague, ambiguous, unduly

burdensome and overbroad, seeks information not relevant to the claims or defenses in this case

and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it

seeks information that is confidential, proprietary, and/or privileged from disclosure.

25.     Your knowledge of the margin Wholesalers have earned on drugs over the last
decade.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the

requisite need for same, and objects to this request in that it is vague, ambiguous, unduly

17

burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

26.    All information sent to or received from federal, state, or local governments regarding pharmaceutical reimbursement.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

27.    Your knowledge of government studies, reports, and communications concerning actual acquisition costs for drugs.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

28.    Your knowledge and understanding of the allegations and claims made by Plaintiffs in this action.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

29.     Your understanding of the costs to Providers of acquiring physician- administered drugs, including any difference between the Provider's cost and the amounts you reimburse for such drugs and any intention that drug reimbursement act as a cross-subsidy for service fees, administration costs, or otherwise.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

30.     Fallon Community Health Plan's document retention policy.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

31.     The types and scope of coverage offered by Fallon Community Health Plan.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

32.     Fallon Community Health Plan's organizational structure.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it seeks information not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is confidential, proprietary, and/or privileged from disclosure.

33.     All documents produced in response to Defendants' subpoena, including whether such documents are authentic within the meaning of Rule 901 of the Federal Rules of Evidence, and Records of Regularly Conducted Activity within the meaning of Rule 803(6) of the Federal Rules of Evidence.

**RESPONSE**:

Fallon objects to providing any deposition testimony in that Dey has not established the requisite need for same, and objects to this request in that it is vague, ambiguous, unduly burdensome and overbroad, seeks information not relevant to the claims or defenses in this case

and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it

seeks information that is confidential, proprietary, and/or privileged from disclosure.

Respectfully submitted,

FALLON COMMUNITY HEALTH PLAN,
  INC.

By its attorneys,

NELSON, KINDER, MOSSEAU
  & SATURLEY, PC

Dated:  January 5, 2006                    By:
                                                 Peter W. Mosseau, Esquire (BBO #358060)
                                                 William C. Saturley, Esquire (BBO #442800)
                                                 99 Middle Street
                                                 Manchester, NH 03101
                                                 603-647-1800

21