UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
IN RE PHARMACEUTICAL INDUSTRY  )
AVERAGE WHOLESALE PRICE        )    M.D.L. No. 1456
LITIGATION                     )
                               )    CIV. ACTION NO. 01-12257-PBS
_____)
                               )
THIS DOCUMENT RELATES TO:      )
ALL ACTIONS                    )
                               )
_____)
```

**CONSOLIDATED ORDER RE: MOTION FOR CLASS CERTIFICATION**

January 30, 2006

Saris, U.S.D.J.

Pursuant to Fed. R. Civ. P. 23, plaintiffs have moved for an order certifying a class in this action. After considering the submissions of the parties and the record in this case, and after hearing on January 19, 2006, I order that plaintiffs' motion for class certification is **ALLOWED IN PART and DENIED IN PART** as to the claims asserted in the Third Amended Master Consolidated Class Action Complaint ("TAMCCAC"). The Court relies on the reasons stated in court and in In re Pharm. Indus. Average Wholesale Price Litig., 230 F.R.D. 61 (D. Mass. 2005). The classes are certified as follows:

### I. CLASSES AND SUBCLASSES CERTIFIED

**A. Class 1: Medicare Part B Co-Payment Class**

 1. Class Definition:

 All natural persons nationwide who made, or who

incurred an obligation enforceable at the time of judgment to make, a co-payment based on AWP for a Medicare Part B covered Subject Drug[1] that was manufactured by AstraZeneca (AstraZeneca, PLC, Zeneca, Inc., AstraZeneca Pharmaceuticals L.P., and AstraZeneca U.S.), the BMS Group (Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc.), SmithKline Beecham Corporation d/b/a GlaxoSmithKline, or the Johnson & Johnson Group (Johnson & Johnson, Centocor, Inc., Ortho Biotech, McNeil-PPC, Inc., and Janssen Pharmaceutica Products, L.P.). Excluded from the Class are those who made flat co-payments, who were reimbursed fully for any co-payments, or who have the right to be fully reimbursed; and the residents of the states of Alabama, Alaska, Georgia, Iowa, Kentucky, Louisiana, Mississippi, Montana, and Virginia (where consumer protection statutes do not permit class actions).

2.  The Court certifies four Subclasses corresponding to each of the defendant groups.

3.  The Court certifies the following plaintiffs as representatives of these Subclasses pursuant to Fed. R. Civ. P. 23(b)(3). Leroy Townsend (AstraZeneca); David and Susan Ruth Aaronson (GlaxoSmithKline, the BMS Group); Joyce Howe, individually and on behalf of the Estate of Robert Howe (AstraZeneca); James and Teresa Shepley (the Johnson & Johnson Group); Larry Young, individually and on behalf of the Estate of

---

[1] The Subject Drugs are identified in the Table of Subject Drugs found at the end of this Order. Defendants recently raised the issue that some drugs were improperly included. After conferring, the parties may move to strike drugs included in error.

Patricia Young (the Johnson & Johnson Group). The representative of a Subclass need only have paid for one of the Subject Drugs manufactured or marketed by a defendant group. I decline to certify a class of persons who made co-payments for drugs manufactured by the Schering Plough Group (Schering-Plough Corporation and Warrick Pharmaceuticals Corporation) because plaintiffs have not proposed any adequate and typical representatives of that proposed subclass.

    4. The consumer protection act of each state shall apply to these Subclasses. Specifically, the Medicare Part B Co-payment Class is certified for claims under the following statutes: (a) Ariz. Rev. Stat. § 44-1522, et seq.; (b) Ark. Code § 4-88-101, et seq.; (c) Cal. Bus. & Prof. Code §§ 17200, et seq., 1770; (d) Colo. Rev. Stat. § 6-1-105, et seq.; (e) Conn. Gen. Stat. § 42-110b, et seq.; (f) 6 Del. Code § 2511, et seq.; (g) D.C. Code § 28-3901, et seq.; (h) Fla. Stat. § 501.201, et seq.; (i) Haw. Rev. Stat. § 480, et seq.; (j) Idaho Code § 48-601, et seq.; (k) 815 ILCS § 505/1, et seq.; (l) Ind. Code Ann. § 24-5-0.5.1, et seq.; (m) Kan. Stat. § 50-623, et seq.; (n) Md. Com. Law Code § 13-101, et seq.; (o) Mass. Gen. L. Ch. 93A, et seq.; (p) Mich. Stat. § 445.901, et seq.; (q) Minn. Stat. § 325F.67, et seq.; (r) Mo. Rev. Stat. § 407.010, et seq.; (s) Neb. Rev. Stat. § 59-1601, et seq.; (t) Nev. Rev. Stat. § 598.0903, et seq.;

(u) N.H. Rev. Stat. § 358-A:1, *et seq.*; (v) N.J. Stat. Ann. § 56:8-1, *et seq.*; (w) N.M. Stat. Ann. § 57-12-1, *et seq.*; (x) N.Y. Gen. Bus. Law § 349, *et seq.*; (y) N.C. Gen. Stat. § 75-1.1, *et seq.*; (z) N.D. Cent. Code § 51-15-01, *et seq.*; (aa) Ohio Rev. Stat. § 1345.01, *et seq.*; (bb) Okla. Stat. tit. 15 § 751, *et seq.*; (cc) Or. Rev. Stat. § 646.605, *et seq.*; (dd) 73 Pa. Stat. § 201-1, *et seq.*; (ee) R.I. Gen. Laws. § 6-13.1-1, *et seq.*; (ff) S.C. Code Laws § 39-5-10, *et seq.*; (gg) S.D. Code Laws § 37-24-1, *et seq.*; (hh) Tenn. Code § 47-18-101, *et seq.*; (ii) Tex. Bus. & Com. Code § 17.41, *et seq.*; (jj) Utah Code Ann. § 13-1 1-1, *et seq.*; (kk) Vt. Stat. Ann. tit. 9, § 245 1, *et seq.*; (ll) Wash. Rev. Code § 19.86.010, *et seq.*; (mm) W. Va. Code § 46A-6-101, *et seq.*; (nn) Wis. Stat. § 100.18, *et seq.*; and (oo) Wyo. Stat. § 40-12-100, *et seq.*  Plaintiffs allege that they have complied with the notice provisions of all consumer protection acts requiring such notice.

    5.   This Class is certified pursuant to Fed. R. Civ. P. 23(b)(3).

**B.**   <u>**Class 2: Third-Party Payor MediGap Supplemental Insurance Class**</u>

    1.   Class Definition:

> All Third-Party Payors who made reimbursements for drugs purchased in Massachusetts, or who made reimbursements for drugs and have their principal place of business in Massachusetts, based on AWP

>for a Medicare Part B covered Subject Drug that was manufactured by AstraZeneca (AstraZeneca, PLC, Zeneca, Inc., AstraZeneca Pharmaceuticals L.P., and AstraZeneca U.S.), the BMS Group (Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc.), SmithKline Beecham Corporation d/b/a GlaxoSmithKline, the Johnson & Johnson Group (Johnson & Johnson, Centocor, Inc., Ortho Biotech, McNeil-PPC, Inc., and Janssen Pharmaceutica Products, L.P.), or the Schering Plough Group (Schering-Plough Corporation and Warrick Pharmaceuticals Corporation).

2. The Court certifies five Subclasses corresponding to each of the defendant groups.

3. The Court certifies plaintiffs Blue Cross/Blue Shield of Massachusetts and Sheet Metal Workers National Health Fund as the representatives for this Class.

4. The claims for this Class are certified under Mass. Gen. Laws ch. 93A.

5. This Class is certified pursuant to Fed. R. Civ. P. 23(b)(3).

C. **Class 3: Consumer and Third-Party Payor Class for Medicare Part B Drugs Outside of the Medicare Context.**

1. Class Definition:

>All natural persons who made or who incurred an obligation enforceable at the time of judgment to make a payment for purchases in Massachusetts, all Third-Party Payors who made reimbursements based on contracts expressly using AWP as a pricing standard for purchases in Massachusetts, and all Third-Party Payors who made reimbursements based on contracts expressly using AWP as a pricing standard and have their principal place of

business in Massachusetts, for a physician-administered Subject Drug that was manufactured by AstraZeneca (AstraZeneca, PLC, Zeneca, Inc., AstraZeneca Pharmaceuticals L.P., and AstraZeneca U.S.), the BMS Group (Bristol-Myers Squibb Co., Oncology Therapeutics Network Corp., and Apothecon, Inc.), SmithKline Beecham Corporation d/b/a GlaxoSmithKline, the Johnson & Johnson Group (Johnson & Johnson, Centocor, Inc., Ortho Biotech, McNeil-PPC, Inc., and Janssen Pharmaceutica Products, L.P.), or the Schering Plough Group (Schering-Plough Corporation and Warrick Pharmaceuticals Corporation).  Included within this Class are natural persons who paid coinsurance (*i.e.*, co-payments proportional to the reimbursed amount) for a Subject Drug purchased in Massachusetts, where such coinsurance was based upon use of AWP as a pricing standard.  Excluded from this Class are any payments or reimbursements for generic drugs that are based on MAC and not AWP.

2. The Court certifies five Subclasses corresponding to each of the defendant groups.

3. The Court certifies plaintiff Pipefitters Local 537 Trust Funds and Blue Cross/Blue Shield of Massachusetts as the representatives for this Class pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3).  The Court also certifies Health Care For All as the representative for this Class pursuant to Fed R. Civ. P. 23(b)(2).

4. The claims for this Class are certified under Mass. Gen. Laws ch. 93A.

## II. CLASSES NOT CERTIFIED

1. With respect to Class 2, plaintiffs have not submitted

an adequate analysis of the feasibility of a nationwide class of Third-Party Payors. Therefore, the Court declines at this time to certify this Class under the consumer protection laws of states other than Massachusetts. However, this denial is without prejudice.

2. With respect to Class 3, the Court declines at this time to certify this Class under the consumer protection laws of states other than Massachusetts. However, this denial is without prejudice.

3. The Court declines to certify a class of persons or Third-Party Payors who made payments or reimbursements for self-administered drugs not appearing in the appended Table of Subject Drugs. This denial is with prejudice.

### III. MISCELLANEOUS

1. The Class Period for Class 1 and Class 2 is January 1, 1991 to January 1, 2005. The class period for Class 3 is January 1, 1991 to the present.

2. Excluded from these Classes are: any subsidiaries or affiliates of defendants; the officers and directors of defendants during the Class Period; members of defendants' immediate families; any person, firm, trust, corporation, officer, director, or any individual or entity in which any defendant has a controlling interest or which is related to, or

affiliated with, any defendant; the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded parties and governmental entities.

3. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following firms as Co-Lead Counsel: Hagens Berman Sobol Shapiro LLP; Spector Roseman & Kodroff, P.C.; Hoffman & Edelson; The Wexler Firm; and Kline & Specter.

4. The "Together Rx" claims are not certified because they are dismissed without prejudice by the filing of the TAMCCAC.

5. The Court retains the discretion under Rule 23 to modify this Order. Modifications may include adding new class representatives, striking existing class representatives, and striking drugs from the Table of Subject Drugs.

6. The Court declines to certify issues for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or to recommend appeal pursuant to Fed. R. Civ. P. 23(f).

/s/ Patti B. Saris
PATTI B. SARIS
United States District Judge