# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                  )
IN RE:  PHARMACEUTICAL INDUSTRY                                   )
AVERAGE WHOLESALE PRICE                                           )
LITIGATION                                                        )  MDL No. 1456
                                                                  )  Civil Action No. 01-CV-12257-PBS
                                                                  )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                  )  Hon. Patti B. Saris
                                                                  )
THIS DOCUMENT RELATES TO:                                         )
International Union of Operating Engineers,                       )
Local No. 68 Welfare Fund v. AstraZeneca PLC                      )
et al. Civil Action No. 04-11503-PBS                              )
                                                                  )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## STATEMENT REGARDING PLAINTIFF'S OPPOSITION TO FORM OF ORDER SUBMITTED BY ASTRAZENECA PURSUANT TO THE COURT'S JANUARY 27, 2006 RULINGS

During the hearing on January 27, 2006, the Court directed counsel for AstraZeneca Pharmaceuticals LP ("AstraZeneca") to submit a form of order. AstraZeneca submitted that proposed form of order yesterday. Plaintiff takes issue with the form of order submitted, and has now submitted its own form of order.

AstraZeneca submits that Plaintiff's proposed form of order is an effort to circumvent the Court's clear directives during the January 27 hearing that (1) there is no applicable privilege, settlement or otherwise, protecting communications between Plaintiff (or its counsel) and the doctor defendants (or their respective counsel); (2) all such communications should be produced immediately, so that the record on this matter can be closed; and (3) the objections of Dr. Hopkins' attorney, Mr. Fernandez, to Judge Bowler's denial of his motion for protective order are overruled and, accordingly, Mr.

Fernandez must produce all communications with Plaintiff (or its counsel) and appear for deposition, unless AstraZeneca agrees to forego such a deposition.

Plaintiff's proposed form of order makes plain that Plaintiff intends to continue to assert privileges with respect to communications between its counsel and counsel for the doctor defendants.  See ¶ 2 of Proposed Form of Order from Plaintiff (indicating that Plaintiff intends to submit a privilege log respecting communications between its counsel and counsel for the doctor defendants).  Logging such communications as privileged, whether the privilege asserted is labeled a "settlement" privilege or something else, we submit, would directly contravene the Court's clear directive that no privilege attaches to such communications.[1]  It would also cause additional delay and undercut the Court's directive that February 10 be the deadline for the close of this matter.

Finally, while AstraZeneca agrees that at the hearing on January 27 the Court did not set specific date deadlines for the remaining discovery it ordered, AstraZeneca's proposed form of order suggested dates to enable the parties to comply with the February 10 date for submissions the Court did set.  Unless Plaintiff produces the communications between its counsel and the counsel for the doctor defendants this week, it will be difficult to depose Mr. Fernandez and prepare a submission to the Court in accordance with the Court's February 10 deadline.  The February 10 deadline obviously contemplated the completion of document production and the deposition in advance of

---

[1] AstraZeneca, of course, has no objection to the assertion of privilege with respect to documents reflecting communications solely between plaintiff and its own counsel or plaintiff's counsel's own internal documents (to the extent not shared with counsel for the doctor defendants or third parties).  AstraZeneca is not seeking the production of such documents.

February 10, so that the parties could include information derived from the documents and the deposition in the February 10 submissions.

    For all these reasons, AstraZeneca respectfully requests that the Court enter the form of order proposed by AstraZeneca.

| | |
|---|---|
| Respectfully Submitted, | By: _____/s/ Lucy Fowler_____ |
| DATED:   January 31, 2006 | Nicholas C. Theodorou (BBO # 496730)<br>Lucy Fowler (BBO# 647929)<br>FOLEY HOAG LLP<br>155 Seaport Boulevard<br>Boston, MA  02110<br><br>D. Scott Wise<br>Michael Flynn<br>Kimberley Harris<br>DAVIS POLK & WARDWELL<br>450 Lexington Avenue<br>New York, NY  10017 |

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on January 31, 2006, a copy to Verilaw Technologies for posting and notification to all parties.

                                              _____/s/_ Kimberley Harris_____
                                                    Kimberley Harris