# EXHIBIT 5



Kathleen M. O'Sullivan
PHONE 206.359.6375
FAX 206.359.7375
EMAIL kosullivan@perkinscoie.com

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE 206.359.8000
FAX 206.359.9000
www.perkinscoie.com

November 11, 2005

**VIA E-MAIL**

Jeniphr A.E. Breckenridge
Hagens Berman Sobol Shapiro LLP
Suite 2900
1301 Fifth Avenue
Seattle, WA 98101

Re:   **Montana AWP Action**

Dear Jeniphr:

I write to request the production of additional documents by the State of Montana responsive to defendants' discovery requests, which were served on May 3, 2005. To date, Montana has produced only two boxes of documents, even though a myriad of additional responsive documents that are in Montana's possession were identified by Montana's 30(b)(6) witness on October 19. Given the pending discovery cut-off of January 31, 2006, we ask that the State supplement its production as soon as possible and that, by the end of next week (November 18), the State let us know when production will be complete. As you can imagine, we need time to review these documents prior to taking depositions of the State's fact witnesses.

The following is a list of the specific documents and types of documents that Montana's witness, Jeff Buska, identified in his deposition. They are responsive and should be produced.

1. Email. Mr. Buska testified that email has been used within Montana Medicaid for years, yet it appears that the State produced no responsive email. Indeed, Mr. Buska testified that he was not aware that the State searched for any responsive emails.

2. Other electronic documents and files. Mr. Buska testified that he was not aware of any searches for responsive documents maintained in electronic form

[06735-0059/SL053110.113]

ANCHORAGE  BEIJING  BELLEVUE  BOISE  CHICAGO  DENVER  LOS ANGELES
  OLYMPIA  PHOENIX  PORTLAND  SAN FRANCISCO  SEATTLE  WASHINGTON, D.C.

Perkins Coie LLP and Affiliates

Jeniphr Breckenridge
November 11, 2005
Page 2

       by the State of Montana, other than perhaps a limited number of documents available on the DPHHS website. This request includes, but is not limited to, electronic documents and folders labeled "AWP" that reside on the computers of Montana employees, which are clearly responsive to our requests.

3. Legislative testimony and related documents. Mr. Buska testified that he himself provided legislative testimony and prepared testimony for others regarding Montana Medicaid pricing, reimbursement of prescription drugs, or drug rebates.

4. Conference materials and related documents. Documents relating to any Montana Medicaid employee's attendance at any national or regional conferences relating to Medicaid, prescription drug pricing or reimbursement, or drug rebates, including but not limited to the Western Medicaid Pharmacy Administrators' Association, National Association of Pharmacy Administrators, National State Medicaid Directors Association, or related training at regional offices of CMS.

5. Montana Medicaid organization charts (other than the current organizational charts that Montana's counsel, Joe Mazurek, provided us during the deposition).

6. Advisory councils and coalitions. Documents from the Healthcare Redesign Advisory Council, the advisory council for Montana Medicaid which studied and analyzed Montana's Medicaid program in 2003, HealthCare Coalition, and the Montana Medical Care Advisory Council, including but not limited to meeting agendas, meeting minutes, and any written reports from these entities.

7. Documents from Montana's Drug Utilization Review Board, including but not limited to meeting agendas, meeting minutes, and any written reports from these entities.

8. Drug purchases by the State. Documents and dates for drug purchases by Montana agencies (other than Montana Medicaid) that purchased drugs during the relevant time period, including but not limited to the State Employee Benefits Plan (operated through the Department of the Administration); the Department of Corrections; the State Workers' Compensation Fund, and; the University of Montana.

Jeniphr Breckenridge
November 11, 2005
Page 3

9. Comments relating to amendments. Comments from providers (maintained by Office of Legal Affairs) relating to the "equal access provision of federal law," including but not limited to comments received regarding Montana's proposed change to its reimbursement rate for prescription drugs. For example, MT 00030-38, the "Notice of Amendment" to Montana's reimbursement rate, contained a summary of various comments on the proposed amendment.

10. Minutes from meetings and hearings regarding Montana's proposed changes to its reimbursement rate for prescription drugs and to the dispensing fee.

11. State requested or conducted studies. All studies conducted or requested by Montana state agencies regarding drug pricing. This would include documents related to audits (including, of course, the audits themselves) to determine compliance with Federal MAC pricing and the tri-annual report submitted by Montana to CMS, as well as any external studies or analyses of drug pricing commissioned or requested by Montana. Mr. Buska testified that Duane Preshinger might have knowledge regarding those studies and related documents. Mr. Buska further testified that the Quality Assurance Division working under Mary Dalton's supervision would have oversight regarding these audits and would possess related documents.

12. Documents related to budgeting and analysis of Montana's Medicaid expenditures. Mr. Buska testified that Montana, under the supervision of Scott Sim, performs an analysis of overall Medicaid costs and expenditures for budgeting and projection purposes.

13. Documents related to competitive bidding and requests for proposals for administrative services or benefits consultants associated with Medicaid, as well as contracts with and documents related to consultants actually retained. Mr. Buska testified that David Steiner would be able to locate documents related to bidding for PBM (pharmaceutical benefits manager) services. He also testified that Mary Angell-Collins would have documents related to competitive bidding for managed care programs, including Maximus and Montana / Wyoming (or "Mountain") Pacific Quality Health Foundation.

14. Documents related to third-party administrators or consultants actually engaged by Montana Medicaid (including, but not limited to, the Mountain Pacific Quality Health Foundation, McKesson Med Management, PCG

Jeniphr Breckenridge
November 11, 2005
Page 4

        Consulting and First Health Services). For these entities please produce all contracts, correspondence and documents related to services performed.

15. All reports and related correspondence received from the National Association of Medicaid Fraud Control Unit related to prescription drug pricing and reimbursement. Mr. Buska testified that those documents would be in the possession of the Montana Department of Justice.

16. Exhibit 18 to Mr. Buska's deposition, at page MT002625, refers to a publication released on June 13, 2000, and sent to "Pharmacy Providers" regarding "AWP Wholesale Pricing." To the extent not already produced in response to any of the items referenced above, please produce that document.

We look forward to the production of the above identified information as soon as possible. Please let me know if you have any questions or concerns.

Very truly yours,

*for* Kathleen M. O'Sullivan

cc:    David J. Burman