# EXHIBIT 7



JENIPHR A.E. BRECKENRIDGE
DIRECT • (206) 224-9325
JENIPHR@HBSSLAW.COM

**HAGENS BERMAN
SOBOL SHAPIRO LLP**

December 1, 2005

*Via Electronic Mail*

Mr. Jason Litow
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC 20044-75662

    Re:    <u>Nevada AWP Litigation</u>

Dear Jason:

    This letter responds to the Part II Documents section of your November 23, 2005 letter which I received on Monday, November 28, 2005. We will respond separately to Part I, defendants' proposed deposition list.

    As an initial matter, plaintiffs disagree with the first paragraph of your letter in which you state that "Judge Saris has denied Plaintiff's request to extend the discovery deadline for the Nevada actions." In fact, plaintiffs have not requested an extension of discovery in the Nevada action. If you are referring instead to the class case, you are likely aware that plaintiffs disagreed with defendants' interpretation of Judge Saris's order and have filed a motion for clarification on which the judge has now ruled.

    Part II of your letter requests the State to search for and produce six categories of documents. We will respond to each by number.

    **1.    Responsive documents from and relating to the
Governor's Drug Summit referenced by Mr. Duarte.**

    The State does not believe that such documents are responsive to defendants' document requests. Nevertheless, such documents would have been searched for and produced in the course of the State's previous discovery efforts. Mr. Duarte indicated he does not have such documents. No other source for these documents has been identified.

ATTORNEYS AT LAW      SEATTLE   LOS ANGELES   CAMBRIDGE   PHOENIX   CHICAGO
206.623.7292    F 206.623.0594
1301 FIFTH AVENUE   SUITE 2900   SEATTLE, WASHINGTON 98101
www.hagens-berman.com

1534.13 0074 LTR.DOC

Mr. Jason Litow
December 1, 2005
Page 2

### 2. Responsive documents from the files of the Nevada Medicaid Fraud Control Unit and Tim Terry.

The State produced certain NAMFCU letters two weeks ago without waiving any privilege. No other NAMFCU materials were located in State employee files thus none were withheld and there is no need for a privilege log.

Tim Terry represents the State of Nevada in this and other matters in his capacity as the Chief Deputy Attorney General, Medicaid Fraud Unit. Tim Terry is not a fact witness in this case and the State will not search his files for the material requested. A privilege log will not be produced.

As we pointed out to defendants when this issue was first raised following the deposition on November 17, 2005, Tim Terry is in no different position than any number of in-house counsel for the drug manufacturer defendants. We understand that there is case precedent for objecting to discovery from counsel for the parties and that at least one defendant has taken the position that such discovery would be improper. We will supplement this response after we have researched the issue further.

### 3. Documents from non-Medicaid State sources.

No. The State and defendants have agreed to a stipulation that the State will not seek damages for non-Medicaid State divisions. This discovery is overbroad, burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. Frankly, we believe defendants deliberately elected to pursue this unnecessary discovery for the first time nearly four years after the case was filed in order to overwhelm the State at the same time defendants are seeking more than 2 dozen depositions over the course of approximately 30 working days[1] and making other unreasonable demands.

### 4. Responsive documents from Nevada legislative and executive offices.

No. Again, we believe defendants deliberately elected to pursue this unnecessary discovery for the first time nearly four years after the case was filed in order to overwhelm the State at the same time defendants are seeking more than 2 dozen depositions and making other unreasonable demands. When asked the week of

---

[1] The calculation of 30 days excludes the week between Christmas and New Years because on November 17 Mr. Dove and Mr. Litow informed the State that they would be unavailable.

1534.13 0074 LTR.DOC

Mr. Jason Litow
December 1, 2005
Page 3

November 14, defense counsel present could articulate no relevance or other basis for this request and still have not.

### 5. Myers & Stauffer documents.

The State has repeatedly explained that it has searched for and produced all responsive Myers & Stauffer documents.

### 6. All documents relating to the State's consideration of alternative drug reimbursement methodologies as referenced by Mr. Duarte.

The State is at a disadvantage because it has not received a copy of the Duarte transcript and counsel's notes do not reflect this testimony. Without context, this request is unintelligible. The State cannot determine what defendants are seeking and thus whether it exists and has been produced.

Sincerely,



Jenipher A.E. Breckenridge

cc: Steve W. Berman
    Sean Matt
    L. Timothy Terry

1534.13 0074 LTR.DOC