# EXHIBIT 8



JENIPHR A.E. BRECKENRIDGE
DIRECT • (206) 224-9325
JENIPHR@HBSSLAW.COM

HAGENS BERMAN
SOBOL SHAPIRO LLP

December 2, 2005

**VIA ELECTRONIC MAIL**

Mr. Jason Litow
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC 20044-7566

    Re:    Nevada AWP Actions

Dear Jason:

    This letter responds to the Part I Depositions section of your November 23, 2005 letter which we received on Monday, November 28, 2005. We previously informed you that no depositions would take place the week of December 12 and separately responded to Part II of the November 23, 2005 letter. We also expressed our disagreement with defendants' interpretation of the discovery deadline in the cases *and* pointed out that in fact plaintiffs did not request an extension of time in the Nevada actions.

    Below we outline the State's objections to the unreasonable schedule set by defendants, the number of depositions sought, and the identity of certain witnesses. The State will produce no witnesses until these objections are resolved. We are, however, securing dates for non-objectionable witnesses to expedite the schedule once agreement is reached.

    **1.**    **The Schedule**

    Defendants have requested 27 depositions on a list "not meant to be exhaustive." Defendants waited until near the end of the discovery process to notice these depositions, even thought most of the relevant witnesses have been known to the defendants for months, and now insist that all depositions be taken over the course of 6 weeks. The six weeks include two major holidays and more than a week of dates defense counsel informs the State that they are either not available or cannot travel. Further, defendants' November 23, 2005 original letter request for witnesses beginning December 12 did not even comply with the CMO standards for noticing depositions.

ATTORNEYS AT LAW      SEATTLE   LOS ANGELES   CAMBRIDGE   PHOENIX   CHICAGO
T 206.623.7292   F 206.623.0594
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WASHINGTON 98101
www.hagens-berman.com

1534.15 0033 LTR.DOC

Mr. Jason Litow
December 2, 2005
Page 2

Defendants are the victims of their own delay and the State refuses to be caught in the crossfire. As just one example of the delay, defendants have requested the deposition of Coleen Lawrence. Defendants previously deposed Ms. Lawrence as a Rule 30(b)(6) designee on behalf of the State on August 15-16. At the deposition's close, defense counsel informed Ms. Lawrence and the State that they intended to take her deposition as a fact witness. Defendants have waited more than three months to note that deposition.

The impracticality of scheduling more than two dozen witnesses in a complex case during any 30 day period is evident - let alone during a holiday period. On November 17, Tim Terry explained the particular difficulties scheduling State witnesses during December include end-of-year projects and long-scheduled vacations. Judge Saris has recognized similar pressures in her December 1, 2005 Order Clarifying CMO No. 16 in the MDL case.

In any event, plaintiffs believe that defendants list of 27 is over-reaching. The proposal outlined below for a more reasonable, relevant roster of witnesses will alleviate much of the schedule pressure the current list creates.

Agreed-upon deponents will be made available on dates convenient for them, consistent with case precedent. In the MDL case, defendants have scheduled the witnesses noticed by plaintiffs according the schedules of the witnesses and the defense lawyers. We will be cooperative, but we will not be pressured.

2. **The Number and Identity of the Witnesses**

Plaintiffs object to defendants' list of 27 witnesses as unnecessary, overbroad, irrelevant, and not designed to lead to the discovery of admissible evidence. Generally speaking, the designation of 27 witnesses as a preliminary list in a state the size of Nevada places an unnecessary and unreasonable burden on the State and its affected current and former employees. Indeed, a request for more than 30 witnesses overall is unprecedented in this litigation. To our knowledge no defendant has been asked to produce a similar number of witnesses in the MDL case.

Plaintiffs believe that the defendants should be required to demonstrate a need for testimony from the extraordinary number of witnesses they have identified. Evidence of need would include relevance of the testimony sought and the inability to obtain the evidence from other sources including documents. Based on the expansive nature of the

current list, we do not believe that defendants can demonstrate need for at least half of the list.

Defendants have divided the witnesses into three categories: (A) current Medicaid employees; (B) Former Medicaid Employees; and (C) Other Current and Former State Employees. We respond to each.

### (A)    Current Medicaid Employees.

The State has no objection to the depositions of the current employees listed, subject to the general objection to the number of depositions sought. As you are aware, we are working on dates for the five deponents for whom defendants have issued a formal notice.

### (B)    Former Medicaid Employees.

This list is overbroad. Most of these former Medicaid employees have no more than marginal knowledge of facts relevant to the case – if any. Further, the State repeats its objection to the sheer number of depositions defendants have requested.

### (C)    Other Current and Former State Employees.

The State has no objection to the deposition of Michael Willden, subject to the State's general objection to the number of depositions.

Other proposed deponents within this category appear to be divided into two subcategories: (1) state employees from divisions not a part of the litigation; and (2) legislative staff.

The State objects to every witness in both sub-categories. This list represents an abuse of the discovery process. Testimony from these witnesses is not likely to lead to the discovery of admissible evidence. As you are aware, plaintiffs have agreed to enter into a stipulation that the State is not seeking damages on behalf of non-Medicaid state entities. Thus, the State has made clear that it will not produce documents for non-Medicaid state agencies. Depositions of these entities are similarly unnecessary and improper.

Defendants have suggested that notwithstanding the stipulation, depositions of staff from other divisions are necessary to determine if those divisions used AWP

Mr. Jason Litow
December 2, 2005
Page 4

in any manner and if those divisions communicated with the Medicaid division regarding the use of AWP. Frankly, plaintiffs do not see there relevance of this inquiry but defendants can certainly pursue the same information with relevant Medicaid witnesses.

The two chiefs of staff to the governor and legislative staff people are clearly beyond the scope of discovery in this case. There is no legitimate basis to take testimony from these individuals.

3.   **Plaintiffs' Proposal**

The Federal Rules of Civil Procedure provide for ten depositions per party without leave of court or agreement of the parties. Although Judge Saris's Case Management Orders governing discovery in the Nevada actions and the MDL case relieve the parties of this limit, we do not believe it was the Court's intent to allow any party to take an unlimited number of depositions, including depositions of individuals who have little or no knowledge of relevant facts and issues. In short, twenty seven depositions for a state the size of Nevada is unreasonable. Plaintiffs propose twelve depositions of current and former State employees, excluding those depositions already taken, with additional depositions to be allowed by written stipulation of the parties or leave of Court upon a demonstration of need as provided in Fed. R. Civ. P. 30(a)(2). If defendants will not agree to this proposal or submit a reasonable alternative to the pending list, we will seek a protective order from the Court.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Jeniphr A.E. Breckenridge

cc:   Steve W. Berman
      L. Timothy Terry

1534.15 0033 LTR.DOC