# EXHIBIT 26



JENIPHR A.E. BRECKENRIDGE
DIRECT • (206) 224-9325
JENIPHR@HBSSLAW.COM

**HAGENS BERMAN
SOBOL SHAPIRO LLP**

January 26, 2006

*Via E-Mail*

Mr. Ron Dove
Mr. Jason Litow
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC  20044-7566

Ms. Kathleen O'Sullivan
Perkins & Coie
1201 Third Avenue, Suite 4000
Seattle, WA  98101

      Re:    *AWP Litigation:  Montana and Nevada*

Dear Counsel:

      This letter outlines the issues raised by the electronic discovery plans defendants propose in letters dated December 14, 2005 (Nevada) and December 19, 2005 (Montana). The concerns for the two states are similar and thus will be treated together for purposes of this letter.  Issues specific to each state may be raised separately.  The details contained herein are based on our discussions with IT people from each state and Hagens Berman IT staff.   We discussed the majority of these issues with the Covington & Burling lawyers in Nevada the week of January 2, 2006.

### A.    Undue Burden and Expense

      The States object to the undue burden imposed by defendants' current proposal. The burdens are numerous: (1) expense; (2) impact to productivity and normal Medicaid operations; (3) the over-broad nature of many of the proposed search terms; (4) the inability of the States to search for the terms provided using applications currently in their possession; and (5) the number of individuals for whom defendants have requested electronic files be searched.  Ultimately, these concerns must be measured against the *unlikelihood* that the effort defendants contemplate will yield relevant, non-cumulative information.  Further, key Medicaid personnel from both states inform us that it is the

ATTORNEYS AT LAW   SEATTLE   LOS ANGELES   CAMBRIDGE   PHOENIX   CHICAGO
T 206.623.7292   F 206.623.0594
1301 FIFTH AVENUE   SUITE 2900   SEATTLE, WASHINGTON 98101
www.hagens-berman.com

001534-13  85369 V1

Mr. Ron Dove
Mr. Jason Litow
Mr. Kathleen O'Sullivan
January 26, 2006
Page 2

practice of their departments to retain hard paper copies of all significant documents. Electronic files will largely be cumulative of those paper files.

The following factors enhance the burdens: the IT staffs in Montana and Nevada are small; resources are limited. Until the project begins, there is no way to assess how long it will take in manhours. In the State of Connecticut, we have been told, it took at least one month to complete the production. This time-consuming effort was necessary even though Connecticut, unlike Montana and Nevada, could easily conduct the searches.

The State IT staffs inform us that the burden of the searches themselves is two-fold. First, as the searches are currently framed, neither state has the capacity to conduct the searches. This obstacle is discussed more fully below. Second, even if the states had access to a product that would enable them to conduct the searches, which they do not currently, the handling of the information after it is located is burdensome. The following steps will be necessary for each responsive e-mail: (1) print the actual e-mail; (2) open any attachments; (3) print any attachments; (4) collate them; and (5) conduct a review for privileged and confidential information. The fifth step is particularly important because of the likelihood that many of the e-mails will contain confidential patient health information irrelevant to this lawsuit which the State is responsible for keeping confidential under both federal and state law. This five step process is exclusive of attorney review time. The States do not have the manpower to conduct these searches. Additional staff must be hired.

Given the burden associated with the electronic production requested by defendants, the States should not be required to conduct the searches and produce electronic evidence at all. Alternately, if defendants insist on going forward with the full searches, we believe that defendants should bear the expense. We would like to discuss this further.

### B. Availability of Electronic Information

The electronic discovery plan proposed by defendants contemplates production of material from multiple sources. As an initial matter, the defendants should understand what information is currently available for production. In both Montana and Nevada, the States' back up is based on a recovery strategy rather than a retention strategy. In Montana, the cycle is 30 days. Montana has used the same back up cycle during the time

Mr. Ron Dove
Mr. Jason Litow
Mr. Kathleen O'Sullivan
January 26, 2006
Page 3

period relevant to this lawsuit. This means that the back up capability of the State is limited to restoring the system to a certain point of time – as of now, that point would be December 1, 2005. Nevada instituted a 30 day cycle in late 2005; prior to that time Nevada had a five day cycle. Neither state back up system provides – and never has provided – historical archives.

In addition to the systems' back up capabilities, each employee has the capacity to create archived files. There is, however, no requirement that they do so. The contents of the employees' archived files will depend on the individual employee's file handling practices.

Finally, defendants' plan contemplates production of electronic documents other than those maintained within the electronic mail systems.

### C.   Difficulties With the Key Word Search

The principal difficulty with the use of the Connecticut terms here is that the Montana and Nevada e-mail systems cannot handle the key term searches as currently framed by defendants. Both states use Microsoft Outlook for electronic mail. The search capacity for Microsoft Exchange servers is very limited and time-consuming. Microsoft Outlook does not have the capacity to handle any of the following: (a) wild card delimiters in the format used in the key word search list currently proposed; (b) searches for "within # words"; (c) complex Boolean searches; (d) quotation marks within the search term – unless the search is intended to pick up only those documents containing the term within quotation marks; (e) combined searches for lengthy terms (Microsoft Outlook search is limited to 255 characters); or (f) searching attached documents.

Further, the Microsoft Outlook searches can be conducted on no more than one mailbox at a time.

### D.   Other Considerations

Despite the States' objections to the electronic discovery proposal, we have continued to work to develop a position on which the parties can agree. We are doing so without waiving any objection to producing the information or without waiving the right to shift the cost of electronic discovery to defendants.

Mr. Ron Dove
Mr. Jason Litow
Mr. Kathleen O'Sullivan
January 26, 2006
Page 4

### 1. Prioritize Searches by Witness

To a certain extent, the burdens and expense can be mitigated by limiting the number of witnesses for whom the State searches for electronic e-mail. In Nevada, defendants have limited the request for electronic mail to current employees. It would be reasonable to place the same limitation in Montana.[1]

Prioritizing the witnesses whose files are searched and then analyzing the results for relevant, responsive information would also be advised. In Nevada, for instance, Medicaid Administrator Chuck Duarte informs us that searching his electronic mail archives and producing responsive information would capture a high percentage of relevant documents as he would be copied on most significant correspondence. Thus, if e-mail searches are conducted at all, we would suggest beginning with Mr. Duarte's e-mail and then reviewing and producing the responsive information to determine if it is worth conducting broader searches. A similar limitation would be reasonable in Montana.

If electronic discovery goes forward, we ask defendants to agree to prioritize the witnesses for whom they seek e-mail. The State would conduct the searches and produce e-mails on a rolling basis.

### 2. Measures That Might Assist the Searches

We have discussed the Microsoft Outlook limitations with the Hagens Berman IT staff and we are looking into alternatives that might assist in the search. We are also willing to entertain any reasonable suggestions defendants may have for resolving the problems such as fewer, simpler searches or defendants' reimbursement of the State for the purchase of products that could expedite the search.

We have been advised, however, that if a suitable alternate search product is purchased, the states must install it and then it must undergo the same test – development production cycle that all state software is subjected to. The states would first have to approve the use of the software. Such approval will be based on ordinary business considerations and will not be unreasonably withheld.

---

[1] As a practical matter, it may only be the mailboxes of current employees that are available to search.

Mr. Ron Dove
Mr. Jason Litow
Mr. Kathleen O'Sullivan
January 26, 2006
Page 5

### 3. Clarification of Search Terms

Montana and Nevada are adamant that all issues related to the searches and the search terms be resolved before any search is begun. The IT departments of the States want to ensure that by the time any searches are executed, the parties agree on the terms. This includes eliminating terms that are improperly broad and clarifying all terms. No interpretation or discretion on the part of the State IT departments or individuals they may contract for the work should be required. The searches must be set forth explicitly and agreed upon by all parties. This includes the list of company names and subject drugs with precise spellings. Clarity will ensure that the searches will be conducted one time and one time only.

### 4. Time Estimate

Based on what we have learned about the Connecticut production and the information provided by the states' IT staffs, we believe that once agreement is reached on the scope of the searches, it will take at the very minimum one month per state to execute the searches and *begin* producing information.

We look forward to discussing this matter with you further.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*[sent via electronic delivery]*

Jeniphr A.E. Breckenridge

cc:  Joe Mazurek
     L. Timothy Terry

001534-13 85369 V1