# EXHIBIT 30



Kathleen M. O'Sullivan
PHONE: 206.359.6375
FAX: 206.359.7375
EMAIL: kosullivan@perkinscoie.com

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

December 16, 2005

**VIA E-MAIL AND ELECTRONIC SERVICE**

Jeniphr A.E. Breckenridge
Hagens Berman Sobol Shapiro LLP
Suite 2900
1301 Fifth Avenue
Seattle, WA 98101

Re:   **Montana AWP Action**

Dear Jeniphr:

This letter is in response to your letter dated December 12, 2005, regarding discovery issues in the Montana AWP case.

**A.   General Issues**

   **1.   Scope of Montana's Claims**

We understand that, subject to your client's approval, you will prepare a stipulation confirming that Montana's claims do not include claims on behalf of any State agencies in Montana other than Montana Medicaid. Please forward us that stipulation once it has been drafted.

Because the Plaintiff in this action is the State of Montana, we believe that it is relevant to discover what other State entities and officials knew and what prices they paid for drugs. Based on Mr. Buska's Rule 30(b)(6) testimony, we know that the following non-Medicaid State entities purchased drugs: the State Employees Benefits Plan (purchased through the Department of Administration), the Department of Corrections, the state workers' compensation fund, and the Addictive and Mental Disorders Division (which, like Montana Medicaid, is within DPHHS). We believe that we are entitled to limited discovery from these entities – discovery targeted

[06735-0059/SL053480.068]
ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · HONG KONG · LOS ANGELES
MENLO PARK · OLYMPIA · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · WASHINGTON, D.C.

Perkins Coie LLP and Affiliates

Jeniphr Breckenridge
December 16, 2005
Page 2

towards the entities' knowledge, the prices paid for drugs, and the extent to which that information was shared with Medicaid.

### 2.     Time Period

You have agreed to produce the remaining responsive documents and electronic data in Montana's possession, custody and control for the time period 1991-1997. We note that Montana's production to date has included many documents from the pre-1997 period. Please inform us when we can expect to receive Montana's production of the remaining documents and data for this time period. To be clear, however, our receipt of these documents from Montana in no way constitutes agreement with your argument that the time period for any document production should be "bilateral."

### 3.     Files Searched for Responsive Documents

We understand from your letter that Montana continues to refuse to search for additional responsive documents within the executive or legislative branches – even to the extent that individuals in or files from those branches (including file archives) have documents relating to drug pricing and reimbursement, proposals to amend the rate for reimbursement of drugs in Montana's Medicaid program, drug rebates, or any of the allegations made in the State's Complaint. We believe that we are at an impasse here.

We also understand the State will produce all responsive documents in its possession from other relevant file holders. Although we will continue to inquire during depositions about whom within Montana Medicaid or other State agencies may have responsive documents, our position remains that Montana (which is in a far better position to determine who the relevant file holders may be) has an independent obligation to locate and produce responsive documents.

### 4.     Litigation Hold on Destruction of Documents

You still have not answered our question, first raised on November 23, whether and when Montana has initiated any litigation hold to prevent the destruction of documents relevant to the lawsuit that the State filed over three years ago. We learned yesterday from Dan Peterson's deposition testimony that the State issued some sort of litigation hold last week, but our question is whether the State issued such a hold prior to or at the inception of this suit. The fact that the Defendants have sought

Jeniphr Breckenridge
December 16, 2005
Page 3

Montana's compliance by motion does not allow the State to ignore our request, nor did the State's response to that motion "address" this issue, beyond indicating that the State has not confirmed whether or not such a hold has been issued.

### B.   Documents Identified in Our November 11, 2005 Letter

First, with respect to emails and electronic files, you requested that Defendants identify the individuals whose emails we would like searched and provide specific search terms. Defendants believe it is the State's burden to ensure that its discovery obligations are satisfied. Nonetheless, Defendants ask that the State begin by searching the emails of the following former and current Medicaid employees whose depositions we have either taken or noticed: Denise Brunett, Jeff Buska, Russ Cater, John Chappuis, Mary Angela Collins, Mary Dalton, Doug Girard, Shannon Marr, Dan Peterson, and Duane Preshinger (current employees); and Randy Bowsher, Maggie Bullock, Nancy Ellery, Chuck Hunter, Jeff Ireland, and Dorothy Poulsen (former employees). As for specific search terms, we intend to provide you, early next week, with a list similar to that proposed yesterday by the Defendants for Nevada's search. Like in Nevada, our position is that all electronic documents need to be searched and produced, not just emails.

Second, given Montana's refusal to search legislative and executive files, we are not surprised by your failure to identify any additional documents related to legislative hearings or testimony. If any such documents are located in subsequent searches, we expect they will be produced. Third, we confirm receipt of your production of Drug Utilization Review Board records.

Your December 12 letter addresses only four of the sixteen categories of documents set forth our November 11 letter. No response was given with respect to numbers 4-6 and 8-16 from that letter, other than informing us that either you or Mr. Mazurek would provide Montana's response at an unidentified time in the future. As you know, our December 1 letter merely reiterated our request for the documents specifically identified in our letter of November 11. Given the pending discovery deadline and numerous depositions scheduled, please let us know no later than January 3 when Montana intends to produce the requested documents.

Jeniphr Breckenridge
December 16, 2005
Page 4


Finally, many additional categories of documents were identified during the depositions of Montana's 30(b)(6) witnesses earlier this week. We will address production of these documents in a separate letter.

Very truly yours,

*Kath M. O'Sul*

Kathleen M. O'Sullivan

cc: Joseph P. Mazurek (via e-mail)
     Counsel of record (by electronic service)