UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** <br><br> **THIS DOCUMENT RELATES TO** <br><br> *State of Nevada v. Abbott Labs., Inc. et al.*, Case No. CV02-00260 (Nevada I), <br><br> *State of Nevada v. American Home Products, et al.*, CA No. 02-CV-12086-PBS (Nevada II), and <br><br> *State of Montana v. Abbott Labs., Inc., et al.*, CA No. 02-CV-12084-PBS | MDL NO. 1456 <br><br> CIVIL ACTION NO. 01-CV-12257-PBS <br><br> Judge Patti B. Saris |

**MOTION OF DEFENDANTS TO AMEND CMO 15**

On January 25, 2006, the Court denied the joint motion of plaintiffs the States of Nevada and Montana (the "States") and defendants to amend CMO 15. The purpose of the joint motion was to obtain the Court's permission to engage in an additional four months of fact discovery in the cases filed by the States, and to shift other deadlines (expert reports, summary judgment motions) accordingly.

Defendants are mindful that, prior to the entry of CMO 15 in April 2005, the Court urged the parties to agree on a schedule that would permit summary judgment briefing to be completed in the States' cases sufficiently in advance of the departure of the Court's law clerk in August 2006. Since April 2005, the parties have engaged in cooperative, good faith efforts to comply with the discovery cut-off of January 31, 2006. Early this month, however, the parties jointly reached the conclusion that—despite the parties' efforts—it was neither realistic nor even possible to complete the remaining discovery in the States' cases by January 31.

In relief, defendants ask the Court to enter a new proposal to amend CMO 15, which provides a two-month extension to complete discovery, but also provides that summary judgment

[06735-0059/SL060310.115]

briefing will be completed by June 30, 2006. Defendants shared the new proposal with the States and a draft of this motion on January 30, but as of the time of filing, defendants have not yet heard back from the States as to whether they would join the motion.[1]

### I. BACKGROUND

**A. Timeline of the States' Complaints and Other Pre-Discovery Filings**

The States filed their initial complaints in state courts in 2002. Defendants removed the cases to federal court. The States moved to remand the cases to state court. The States filed multiple amended complaints. The defendants moved to dismiss the amended complaints. As a result of these filings, the parties were not in a position to engage in active discovery of these cases until mid-2004, at the earliest.

Below is a timeline of the pre-discovery filings by the parties and the Court's rulings:

- On January 17, 2002, Nevada filed its initial complaint in *Nevada v. Abbott Laboratories, et al.*, Case No. CV02-00260 (2d Jud. Dist. Ct.) ("*Nevada I*").

- On February 23, 2002, Montana filed its initial complaint in *Montana v. Abbott Laboratories, et al.*, Case No. ADV-2002-2155 (1st Jud. Dist. Ct.).

- On March 7, 2002, Nevada filed its complaint in *Nevada v. American Home Products*, CA No. 02-CV-12086-PBS (D. Mass.) ("*Nevada II*").

- On May 15, 2002, Montana filed an amended complaint in *Montana v. Abbott Laboratories, et al.*, Case. No. CV-02-09-H-DWM (D. Mont.).

- On October 21, 2002, the Judicial Panel on Multidistrict Litigation transferred the States' cases to this Court.

- On November 21, 2002, the States moved to remand the cases to state court.

- On June 11, 2003, the Court denied the motions to remand Montana and *Nevada II*, and granted the motion to remand *Nevada I*.

- On August 1, 2003, Nevada filed an amended complaint in this Court in *Nevada II*.

- On August 1, 2003, Montana filed a second amended complaint in this Court.

---

[1] This motion is joined by all defendants except Baxter International Inc. and Baxter Healthcare Corporation.

- On September 15, 2003, defendants moved to dismiss the States' amended complaints.

- On November 3, 2003, Nevada filed an amended complaint in *Nevada I*.

- On June 14, 2004, the Court issued an order granting in part and denying in part defendants' motions to dismiss the States' complaints.

**B.    Timeline of the Parties' Cooperative Efforts to Engage in Discovery**

On April 25, 2005, the Court issued CMO 15, which set deadlines for discovery, expert reports, and summary judgment motions in the States' cases.[2] The Court entered the following deadlines:  fact discovery cutoff (January 31, 2006); plaintiffs' expert reports on liability (by March 3, 2006); defendants' expert reports on liability (by April 3, 2006); motions for summary judgment (by April 3, 2006); oppositions (by May 3, 2006); replies (by May 17, 2006); and sur-replies (by May 31, 2006).  The Court set a hearing on the motions for summary judgment (June 15, 2006).  The Court informed the parties that the Court's law clerk would be departing in August 2006.

In an effort to comply with CMO 15, the parties actively engaged in discovery in the States' cases since at least May 2005.  Below is a timeline of the parties' discovery efforts:

- On May 3, 2005, defendants served their first set of interrogatories and requests for production on the States (the "Discovery Requests").  The Discovery Requests were identical in substance.

- On June 2, 2005, the States served responses to the Discovery Requests.  The States' responses and objections were identical in substance.

- On June 10, 2005, defendants served notices of Rule 30(b)(6) depositions to the States.  The areas of inquiry in the deposition notices were identical.

---

[2] Discovery in the *Nevada I* case pending in state court is coordinated with discovery in *Nevada II* in the MDL pursuant to an order from the state court judge presiding over the *Nevada I* action.

- On June 25, 2005, Nevada made its first production of documents to defendants. Nevada made supplemental productions in August, September, October, and November 2005. Nevada has agreed to produce additional responsive documents.
- On July 29, 2005, defendants moved to compel discovery from the States.
- On August 16-17, 2005, defendants took the first Rule 30(b)(6) depositions of the State of Nevada. Defendants took additional Rule 30(b)(6) depositions of Nevada pursuant to the June 2 notice on November 15-16, 2005.
- On September 19, 2005, Magistrate Judge Bowler heard oral argument on the motion to compel and granted the parties 30 additional days to try to resolve the motion on their own.
- On September 30, 2005, Montana made its first production of documents to defendants. Montana made supplemental productions in October, November, and December 2005, and in January 2006. Montana has agreed to produce additional responsive documents.
- On October 19, 2005, defendants took the first Rule 30(b)(6) deposition of the State of Montana. Defendants took additional Rule 30(b)(6) depositions of Montana pursuant to the June 2 notice on December 14-15, 2005.
- On October 12, 2005, Montana produced a sample of pharmacy claims data, i.e., data relating to Montana's payment of claims to providers for reimbursement for purchases of retail pharmacy drugs. On January 4, 2006, Montana made a supplemental production of pharmacy claims data and certain data relating to physician-administered drugs, but the data are still incomplete as to critical fields for certain years (including e.g., claim reimbursement amount and quantity of drug dispensed). Montana has agreed to produce the outstanding claims data relating to defendants' "Subject Drugs."
- On November 22, 2005, Nevada and Montana served separate supplemental responses to defendants' first set of interrogatories.

- On or about November 2005, Nevada produced certain pharmacy claims data and represented that this production included certain physician-administered drug data as well.  Nevada has agreed to produce the outstanding claims data relating to defendants' "Subject Drugs."

- On December 14 and 19, 2005, defendants proposed search terms for the production of electronic documents (including e-mails) by the States.  The States responded on January 26, 2006 that they would not agree to the proposed search terms and that it would take at least one month, after the search terms were agreed upon, to search for and to begin producing the responsive documents.

- As of December 16, defendants noticed an additional 28 fact witness depositions in Nevada and 14 additional fact witness depositions in Montana to occur prior to January 31, 2006.  Eight of these depositions have been completed in Nevada and none have been completed in Montana, due to scheduling difficulties and the States' commitment to produce additional documents.

- As of January 31, 2006, based on additional documents produced by the States and some third parties, defendants have noticed additional depositions of the States' witnesses and of third parties.

Perhaps even more important than the timeline of individual events, counsel for defendants and counsel for the States engaged in regular meet and confer sessions by telephone, as often as weekly or bi-weekly for much of the last half of 2005.  The parties have cooperated in an effort to complete discovery prior to the January 31 cut-off, but have been unable to do so for a combination of reasons:  the complexity of the litigation, the nature of the States' claims (on behalf of the States themselves and in a *parens patriae* capacity representing Medicare beneficiaries and private third party payors and health plans), the large volume of responsive documents (in part because the States' claims go back to 1991), that many of the States' witnesses are former employees, the States' limited resources to search for and produce those

documents in an expedited fashion, and – as defendants have recently learned – the States' need to devote resources to the demanding effort required to implement Medicare Part D.

C.  **Discovery That Is Outstanding Despite the States' and Defendants' Efforts**

Despite the parties' efforts, the following discovery is outstanding:

- The production of e-mails and electronic documents by the States.
- The production of complete claims data by the States.
- The production of various, specific categories of responsive hard copy documents by the States.
- The completion of at least 14 depositions in Montana and 20 depositions in Nevada of the States' current and former employees.
- The completion of various third party discovery served by defendants relating to the States' claims, including the States' *parens patriae* claims on behalf of third party payors and private health plans.  Defendants served these subpoenas prior to January 31, 2006, but many of the third parties have not yet produced documents or agreed upon deposition dates.

As laid out in Defendants' Second Motion to Compel Discovery from Plaintiffs the State of Nevada and the State of Montana (also filed today), much of the outstanding discovery consists of categories of documents to which the States have agreed to produce or have not objected to.  Defendants believe that the outstanding discovery is essential to creating the factual record necessary for expert reports, summary judgment, and trial.

## II.    ARGUMENT

A.  **The Court's Denial of the Joint Motion Provides Insufficient Time to Complete Discovery and to Prepare for Expert Reports, Summary Judgment Briefing, and Trial in the States' Cases**

Given the amount of outstanding discovery in these cases, without an extension of the discovery cut-off, it is not realistic or even possible to complete the discovery necessary to establish the factual record necessary for expert reports, summary judgment, and trial.  This has occurred despite the parties' efforts to cooperate in the discovery process.  If the Court's ruling

- 6 -

stands, the parties will not have sufficient time to search for and produce responsive documents, review documents produced by parties and third parties, and to complete the already noticed depositions.

Although this is not a motion for reconsideration—as defendants are not asking for the same extension as that sought in the original joint motion to amend CMO 15—this motion is asking the Court to revisit a prior order (CMO 15) regarding discovery.  The Court has the authority to revisit discovery issues.  *See, e.g., Moore U.S.A., Inc. v. Standard Register Co.*, 179 F. Supp. 2d 78, 80 (W.D.N.Y. 2001) (granting motion to reconsider discovery order and authorizing additional discovery).  This is not a case where the parties have failed to show good cause for the additional time necessary to complete fact discovery.  *See, e.g., Estates of Ungar v. Palestinian Auth.*, 325 F. Supp. 2d 15, 39 (D.R.I. 2004) (referring to Court's denial of motion for reconsideration because, *inter alia*, the party "failed to take any action in fulfillment of its discovery obligations").

**B.     Defendants' New Proposal Balances the Court's Interest with the Parties' Need to Complete the Discovery Necessary to Prepare for Expert Reports, Summary Judgment Briefing, and Trial**

Defendants propose the following schedule, which they believe balances the Court's interest with the need to establish the necessary record for expert reports, summary judgment, and trial:

1. Plaintiffs shall complete document production by February 28, 2006.
2. The fact discovery cut-off date is March 31, 2006.
3. Plaintiffs shall file any expert reports on liability issues by April 14, 2006.
4. Defendants shall file any expert reports on liability issues by May 5, 2006.
5. With respect to any motions for summary judgment, briefing will proceed according to the following schedule:

    | | |
    |---|---|
    | Motions for Summary Judgment | May 5, 2006 |
    | Oppositions to Motions | June 2, 2006 |
    | Replies | June 16, 2006 |

| | |
|---|---|
| Sur-replies | June 30, 2006 |
| Hearing | July __, 2006 |

The parties have not set a hearing date, but leave it to the Court to schedule the hearing on a date of the Court's availability in July.

### III.  CONCLUSION

For the foregoing reasons, defendants request that the Court enter an order amending CMO 15.

DATED:  January 31, 2006.

**Submitted On Behalf of Defendants**

**PERKINS COIE LLP**

By  /s/ Kathleen M. O'Sullivan
    David J. Burman
    Kathleen M. O'Sullivan
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  (206) 359-8000
Facsimile:  (206) 359-9000

Thomas J. Sartory
Gary M. Ronan
**GOULSTON & STORRS LLP**
400 Atlantic Avenue
Boston, MA  02110-3333
Telephone:  (617) 482-1776
Facsimile:  (617) 574-4112

*Attorneys for Defendant Immunex Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to LexisNexis File and Service for Posting and notification to all parties.

                        By  /s/ Kathleen M. O'Sullivan  
                             Kathleen M. O'Sullivan