UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456 |
| THIS DOCUMENT RELATES TO *State of Nevada v. Abbott Labs., Inc., et al.,* Case No. CV02-00260 (Nevada I) and *State of Montana v. Abbott Labs., Inc., et al.,* CA No. 02-CV-12084-PBS[1] ) ) ) ) ) ) ) ) | Judge Patti B. Saris |

## DEFENDANTS BAXTER INTERNATIONAL INC. AND BAXTER HEALTHCARE CORPORATION'S MOTION FOR RECONSIDERATION OF ORDER DENYING JOINT MOTION TO AMEND CMO 15

Defendants Baxter International Inc. and Baxter Healthcare Corporation

(hereinafter "Baxter") request that this Court reconsider the order denying Plaintiffs'

and Defendants' joint motion to amend CMO 15.

On January 25, 2006, the Court denied Plaintiffs' and Defendants' joint

motion to amend CMO 15.[2] Defendants in the Montana and Nevada actions have

moved to amend CMO 15 ("Defendants' Motion") and suggested a March 31, 2006

---

[1] Baxter is not a defendant in *State of Nevada v. American Home Products, et al.,* CA No. 02-CV-12086-PBS (Nevada II).

[2] Case Management Order ("CMO") No. 15 sets forth the following deadlines associated with discovery:

        Fact discovery cutoff:  January 31, 2006
        Plaintiffs' expert reports on liability issues:  March 3, 2006
        Defendants' expert reports on liability issues: April 3, 2006
        Motions for summary judgment:  April 3, 2006
        Oppositions:  May 3, 2006
        Replies:  May 17, 2006
        Sur-replies:  May 31, 2006
        Hearing on motions for summary judgment:  June 15, 2006

- 1 -

- 2 -

discovery cut-off.  Baxter does not believe that it can meet the March 31, 2006 discovery cut-off without running the risk of seeking subsequent additional extensions from the Court.  Accordingly, this motion seeks the entry of an order granting the relief requested in the original joint motion to amend CMO 15 based upon Baxter's unique position with regard to discovery.

Baxter shared a draft of this motion with Plaintiffs on January 31, but as of the time of filing, Baxter has not yet heard back from Plaintiffs as to whether they are willing to join this motion.

## I.     BAXTER REQUESTS AN EXTENSION OF THE DEADLINE FOR FACT DISCOVERY AND THE SHIFT OF OTHER DEADLINES ACCORDINGLY WITH RESPECT TO BAXTER.

Baxter has concluded that it is not possible to complete the remaining discovery by January 31, the present discovery cut-off.  Baxter also does not believe that it can meet the March 31, 2006 discovery cut-off proposed in Defendants' Motion.

Baxter has already produced sales transaction data and thousands of pages of other documents to Plaintiffs' counsel.  Baxter currently has over 25 attorneys working on collection, review, and production of documents.  Baxter has identified a huge number of employees (out of nearly 40,000 employees world-wide) who may have potentially responsive documents.  Baxter has conducted hundreds of interviews to identify and collect documents from employees who work in Baxter offices located throughout the country and from their home offices.  Baxter has contracted with an electronic discovery vendor which, in cooperation with Baxter, is in the process of

- 2 -

- 3 -

completing the collection of potentially responsive information, including the collection of computer hard drives, e-mails, and network documents. This review involves at least eight electronic records systems and outmoded predecessor/legacy computer systems. In the past several weeks alone, for example, Baxter and its vendor have successfully collected approximately 165 hard drives. Baxter is presently adding additional personnel and resources to its discovery efforts in order to complete discovery as soon as possible. Simply put, Baxter does not in good faith believe that a March 31 cut-off date will be sufficient.

Accordingly, Baxter proposes that the Court adopt the schedule initially proposed by the parties and Baxter will continue its efforts to produce documents on a rolling basis:

- Fact discovery cutoff date: June 1, 2006;

- Plaintiffs to file any expert reports on liability issues: July 20, 2006;

- Baxter to file any expert reports on liability issues: September 7, 2006;

- With respect to any motions for summary judgment, briefing will proceed according to the following schedule:

| | |
|---|---|
| Motions for Summary Judgment | September 21, 2006 |
| Oppositions to Motions | October 19, 2006 |
| Replies | November 2, 2006 |
| Sur-replies | November 16, 2006 |

DSMDB.2037552.4

- 4 -

Hearing                                        November 30, 2006

Baxter believes that this schedule provides sufficient time to conduct discovery given

the number of documents which Baxter believes it has to produce with respect to the

drugs at issue and given the breadth of discovery required by Baxter to prepare the case

for trial.

## II.    CONCLUSION

This litigation requires Baxter to protect and collect an unprecedented amount of

documents and information.  At bottom, this motion amounts to an exercise of utmost

candor by Baxter.  Despite intense efforts by Baxter to comply with the present fact

discovery cut-off, Baxter realizes in good faith that it is better to inform the Court *now* of

its difficulties than to be silent and then file the predictable, and undesirable, motion to

enlarge time.

For all of the foregoing reasons, Defendant Baxter respectfully requests that this

Court enter an order:  (i) granting the joint motion for reconsideration; and (ii) granting

the original joint motion to amend CMO 15.

DATED:  January 31, 2006

- 4 -

- 5 -

*On Behalf of Baxter International Inc. and*
*Baxter Healthcare Corporation*


By: /s/ Merle M. DeLancey

- 5 -

- 6 -

## CERTIFICATE OF SERVICE


I, hereby certify that I, Merle M. DeLancey, counsel to Baxter International

Inc. and Baxter Healthcare Corporation, caused a true and correct copy of the foregoing

Baxter International Inc. and Baxter Healthcare Corporation's Motion for

Reconsideration of Order Denying Joint Motion to Amend CMO 15 and Order to be

served electronically on counsel of record pursuant to Paragraph 11 of the Case

Management Order No. 2, by sending a copy to LexisNexis File and Service for posting

and notification to all parties on January 31, 2006.


/s/ Merle M. DeLancey
Merle M. DeLancey
Dickstein Shapiro Morin & Oshinsky
LLP 2101 L Street, N.W.
Washington, D.C.  20037
Tel:  (202) 828-2282
Fax:  (202) 887-0689
Counsel for Baxter International Inc.
and Baxter Healthcare Corporation

DSMDB.2037552.4