

# GRIESINGER, TIGHE & MAFFEI, LLP
Attorneys at Law
176 Federal Street
Boston, Massachusetts 02110-2214

TELEPHONE (617) 542-9900
FACSIMILE (617) 542-0900
www.gtmllp.com

Andrew C. Griesinger, P.C.
Direct Dial (617) 542-9914

January 5, 2005

**By Overnight Mail and Facsimile to (312) 782-8585**

Irene S. Fiorentinos, Esquire
Jones Day
77 West Wacker Drive
Suite 3500
Chicago, IL 60601-1692

Re:   In re Pharmaceutical Industry Average Wholesale Price Litigation and Harvard Pilgrim Health Care Subpoena

Dear Ms. Fiorentinos:

This firm represents Harvard Pilgrim Health Care, Inc. ("HPHC") with respect to subpoena issued by your firm for Abbott Laboratories on behalf of all defendants in the above-referenced case and served on November 23, 2005 (the "Third Subpoena"). This letter sets forth HPHC's objections to the Third Subpoena in accordance with Fed. R. Civ. P. 45, within the time frame for objecting to the subpoena that was extended to January 6, 2005 pursuant to your agreement with Matthew Herndon.

As you know, in the same case, HPHC previously responded to a broad subpoena dated April 5, 2004 (the "Second Subpoena"), which superceded an almost identical subpoena dated November 18, 2003 (the "First Subpoena"), that was issued by a different firm than yours for different individual defendants on behalf of all defendants. In response to the Second Subpoena, HPHC engaged in extensive negotiations with the counsel that issued the Second Subpoena, reached an agreement that substantially narrowed the scope of the Second Subpoena, and produced documents pursuant to that agreement, including extensive claim information produced on compact disks. The Third Subpoena, albeit somewhat narrower in scope than the Second Subpoena, asks again for the production of documents already requested in the Second Subpoena.

The Third Subpoena violates the terms and spirit of the agreement that HPHC already negotiated and honored that narrowed the scope of the Second Subpoena and HPHC's obligation to produce documents. When they agreed to narrow the scope of the Second Subpoena, all defendants, including Abbot Laboratories, tacitly agreed that they would not seek the production of the documents requested in the Third Subpoena. In light of HPHC's full compliance with the

Irene S. Fiorentinos, Esquire
Jones Day
January 5, 2006
Page 2

Second Subpoena, the Third Subpoena should never have been issued. By issuing the Third Subpoena, your firm and the defendants failed to take reasonable steps to avoid imposing undue burden or expense on HPHC as required by Fed. R. Civ. P. 45(C)(1).

HPHC also objects to the request for documents included in Schedule A to the Third Subpoena in the following general respects:

1. HPHC objects to the Definitions and Instructions to the extent that they purport to impose obligations or burdens on HPHC that are different from or greater than the obligations or burdens imposed on a nonparty by the applicable rules. In particular, HPHC objects to the Definitions and Instructions to the extent that they purport to require HPHC to search for, produce and identify documents that are not actually within its possession, custody and control within the meaning of the applicable rules. To the extent that HPHC agrees to produce any documents, it will do so in compliance with the applicable rules, without regard to any inconsistent Definitions and Instructions included in Schedule A.

2. HPHC objects to each and every specific request set forth in Schedule A to the extent that such request seeks the production of documents subject to the attorney-client privilege, the work product doctrine or any other privilege established by law.

3. HPHC objects to each and every specific request set forth in Schedule A on the grounds that each such request is overbroad and unduly burdensome, particularly with respect to the time frame of more than 14 years covered by the Third Subpoena and the failure of the Third Subpoena to ask for specific documents that can be obtained without imposing an undue burden.

4. HPHC objects to each and every specific request set forth in Schedule A on the grounds that each such request is overbroad and unduly burdensome to the extent that it purports to require HPHC to search for and produce multiple copies of documents that contain identical or substantially identical information.

5. HPHC objects to each and every specific request set forth in Schedule A to the extent that such request seeks the disclosure of trade secret or other confidential research, development or commercial information of HPHC.

6. HPHC objects to each and every specific request set forth in Schedule A to the extent that such request seeks the disclosure of contracts with third parties that the parties agreed to keep confidential or any other documents provided by third parties that HPHC agreed to keep confidential.

7. HPHC objects to each and every specific request set forth in Schedule A to the extent that such request seeks medical information concerning individuals that is protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 and rules promulgated thereunder.

Irene S. Fiorentinos, Esquire
Jones Day
January 5, 2006
Page 3

8.  HPHC objects to each and every specific request set forth in Schedule A to the extent that such request seeks documents and information that is already in the possession, custody or control of one or more of the defendants or the named plaintiffs.

9.  HPHC objects to each and every specific request set forth in Schedule A on the grounds that the requests are overbroad and vague and it is virtually impossible to determine what specific documents are or are not intended to be included within the scope of the requests.

10.  HPHC objects to each and every specific request set forth in Schedule A to the extent that the request purports to require HPHC to search for and produce electronic documents, including but not limited to e-mails, on the ground that the burden and cost of searching for and producing such documents is excessive, particularly in light of the numerous changes that HPHC has made to its technology platforms since 1991.

11.  HPHC objects to each and every specific request set forth in Schedule A to the extent that the defendants do not agree to reimburse HPHC for its costs of producing documents in response to the request, including but not limited to all necessary reproduction costs and the costs of attorneys, paralegals and other personnel who are required to search for, review and or summarize any documents that could be responsive to the requests.

In addition, HPHC objects to the specific requests set forth in Schedule A as follows:

Request No. 1

*All schedules disclosing the amounts reimbursed to physicians for services rendered and drugs administered (i.e., physician "fee schedules") and documents detailing how the schedules were calculated or derived. To the extent the fee schedules differ from the electronic schedules or tables used to generate the actual reimbursement amounts paid to physicians, produce all such schedules and tables.*

HPHC objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not relevant to the claim or defense of any party. HPHC objects to this request on the ground that it seeks the production of the same documents previously requested, in whole or in part, in Request Nos. 1-3, 5-8, 11 and 15-18 set forth in Schedule A to the Second Subpoena. The defendants already agreed that the production of HPHC's general fee schedule for drugs administered by providers in the HPHC network would be sufficient, and HPHC honored that agreement by producing that fee schedule in response to the Second Subpoena. In addition, HPHC already provided deposition testimony, or the opportunity for such testimony, with respect to this issue as part of its agreement with the defendants in response to the Second Subpoena.

Request No. 2

*Physician reimbursement contracts reflecting all methodologies used to calculate drug reimbursements for Subject Drugs and services related to Subject Drugs.*

Irene S. Fiorentinos, Esquire
Jones Day
January 5, 2006
Page 4

HPHC objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not relevant to the claim or defense of any party. HPHC also objects to this request because it seeks the disclosure of contracts with third parties that the parties agreed to keep confidential. HPHC also objects to this request on the ground that it seeks the production of the same documents previously requested, in whole or in part, in Request Nos. 1-4, 6-9, 13, 15, 16, and 17-21 set forth in Schedule A to the Second Subpoena. The defendants agreed that the production of HPHC's standard provider contract forms would be sufficient, and HPHC honored that agreement by producing those forms in response to the Second Subpoena. In addition, HPHC already provided deposition testimony, or the opportunity for such testimony, with respect to this issue as part of its agreement with the defendants in response to the Second Subpoena.

Request No. 3

*Electronic medical claims data (hospital and provider data) regarding reimbursement for all drugs on the list attached hereto as Exhibit A, including all data regarding reimbursements for related administration or service fees, and all claims processing manuals corresponding to the electronic medical claims data produced.*

HPHC objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not relevant to the claim or defense of any party. HPHC objects to this request on the ground that it seeks the production of the same documents previously requested, in whole or in part, in Request Nos. 5, 6, 9, 10, 15 and 17 set forth in Schedule A to the Second Subpoena. The defendants already sought transaction data from HPHC and agreed that the production by HPHC of a compact disk containing pharmacy claims adjudications data and a disk containing medical claims data adjudicated by HPHC, including claims on drugs administered by providers would be sufficient, and HPHC honored that agreement by producing such data in response to the Second Subpoena. As Mr. Cotton of HPHC already stated in his letter to your co-defendant's counsel at Patterson, Belknap, Webb & Tyler on October 8, 2004 in response to the Second Subpoena, there is no claims manual responsive to this request. In addition, HPHC already provided deposition testimony, or the opportunity for such testimony, with respect to this issue as part of its agreement with the defendants in response to the Second Subpoena.

Notwithstanding the foregoing objection, HPHC requests that you send it a copy of each of such compact disks previously produced and it will attempt to ascertain the reason for your difficulty in retrieving the data on any of those disks as explained in your December 12, 2005 e-mail addressed to Matthew Herndon at HPHC.

Request No. 4

*All documents, including electronic transaction records, concerning your purchase of the Subject Drugs from Defendants, Wholesalers, Specialty Pharmacies or any other person*

*or entity.*

HPHC objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not relevant to the claim or defense of any party. HPHC objects to this request on the ground that it seeks the production of the same documents previously requested, in whole or in part, in Request Nos. 5, 6, 15 and 17 set forth in Schedule A to the Second Subpoena. The defendants already sought transaction data from HPHC and agreed that the production by HPHC of a compact disk containing pharmacy claims adjudications data and a disk containing medical claims data adjudicated by HPHC, including claims on drugs administered by providers would be sufficient, and HPHC honored that agreement by producing such data in response to the Second Subpoena. HPHC also objects to the extent that the documents requested are available from the defendants themselves, and the defendants therefore have no basis for burdening third parties with requests for documents that are in the defendants' possession, custody or control. In any event, HPHC generally does not purchase drugs. Instead, it generally provides reimbursements for the purchase of drugs by others, including its pharmacy benefits manager and providers. In addition, HPHC already provided deposition testimony, or the opportunity for such testimony, with respect to this issue as part of its agreement with the defendants in response to the Second Subpoena.

Request No. 5

*All documents relating to Your Specialty Pharmacy Programs including documents analyzing whether to initiate a Specialty Pharmacy Program, establishing a Specialty Pharmacy Program and administering a Specialty Pharmacy Program.*

HPHC objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not relevant to the claim or defense of any party. HPHC also objects to this request because it seeks the disclosure of contracts with third parties that the parties agreed to keep confidential. HPHC also objects to this request on the ground that it seeks the production of the same documents previously requested, in whole or in part, in Request Nos. 4-7, 11, 15, 17 and 18 set forth in Schedule A to the Second Subpoena. The defendants already agreed that the production of certain specialty pharmacy contracts would be sufficient, and HPHC honored that agreement by producing such contracts in response to the Second Subpoena. In addition, HPHC already provided deposition testimony, or the opportunity for such testimony, with respect to this issue as part of its agreement with the defendants in response to the Second Subpoena.

Request No. 6

*All documents relating to or reflecting differences between the amounts you reimburse in relation to physician-administered drugs when they are administered in hospitals as compared to providers' offices, including, but not limited to, all strategic plans and business plans comparing the associated costs of administration in each site of care, or*

Irene S. Fiorentinos, Esquire
Jones Day
January 5, 2006
Page 6

*indicating an incentive or preference to administer drugs in a providers' office rather than in a hospital setting.*

HPHC objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not relevant to the claim or defense of any party. HPHC objects to this request on the ground that it seeks the production of the same documents previously requested, in whole or in part, in Request Nos. 5-7, 11, and 15-18 set forth in Schedule A to the Second Subpoena. The defendants agreed that the production by HPHC of a compact disk containing pharmacy claims adjudications data and a disk containing medical claims data adjudicated by HPHC, including claims on drugs administered by providers as well as other documents would be sufficient, and HPHC honored that agreement by producing such documents in response to the Second Subpoena. In addition, HPHC already provided deposition testimony, or the opportunity for such testimony, with respect to this issue as part of its agreement with the defendants in response to the Second Subpoena.

Request No. 7

*All documents regarding advisory boards conducted by you or on your behalf and involving physicians or pharmacists, including final reports or other documents reflecting the issues discussed, participants in and conclusions of such advisory boards.*

HPHC objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not relevant to the claim or defense of any party. HPHC objects to this request on the ground that it seeks the production of the same documents previously requested, in whole or in part, in Request Nos. 2, 4, 11, 17-19 and 21 set forth in Schedule A to the Second Subpoena. The defendants already agreed that HPHC is not required to produce the documents requested because they did not insist that HPHC specifically produce such documents in response to the Second Subpoena. In addition, HPHC already provided deposition testimony, or the opportunity for such testimony, with respect to this issue as part of its agreement with the defendants in response to the Second Subpoena.

Request No. 8

*All documents reflecting or regarding any consideration of or actual changes to your reimbursements for drugs or services based on or by reference to changes in Medicare's reimbursement rates for drugs or services since 2003.*

HPHC objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not relevant to the claim or defense of any party. HPHC objects to this request on the ground that it seeks the production of the same documents previously requested, in whole or in part, in Request Nos. 1, 2, 4, 6, 15, 17 and 20-24 set forth in Schedule A to the Second Subpoena. The defendants already agreed that HPHC is not required to produce the documents requested because they did not insist that HPHC

Irene S. Fiorentinos, Esquire
Jones Day
January 5, 2006
Page 7

produce such documents in response to the Second Subpoena. In addition, HPHC already provided deposition testimony, or the opportunity for such testimony, with respect to this issue as part of its agreement with the defendants in response to the Second Subpoena.

Notwithstanding this objection, I understand that the defendants have withdrawn their request for documents responsive to Request No. 8 in your e-mail to Matthew Herndon dated December 14, 2005.

Request No. 9

*All documents, including electronic transaction records and contracts, concerning your direct purchases of drugs and from Massachusetts, Wholesalers, Specialty Pharmacies or any other person or entity.*

HPHC objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not relevant to the claim or defense of any party. HPHC objects to this request on the ground that it seeks the production of the same documents requested in Request No. 4 above and the same documents previously requested, in whole or in part, in Request Nos. 5, 6, 15 and 17 set forth in Schedule A to the Second Subpoena. The defendants sought transaction data from HPHC and agreed that the production by HPHC of a compact disk containing pharmacy claims adjudications data and a disk containing medical claims data adjudicated by HPHC, including claims on drugs administered by providers would be sufficient, and HPHC honored that agreement by producing such data in response to the Second Subpoena. HPHC also objects to the extent that the documents requested are available from the defendants themselves, and the defendants therefore have no basis for burdening third parties with requests for documents that are in the defendants' possession, custody or control. In any event, HPHC generally does not purchase drugs. Instead, it generally provides reimbursements for the purchase of drugs by others, including its pharmacy benefits manager and providers. In addition, HPHC already provided deposition testimony, or the opportunity for such testimony, with respect to this issue as part of its agreement with the defendants in response to the Second Subpoena.

Notwithstanding this objection, I understand that the defendants have withdrawn their request for documents responsive to Request No. 9 in your e-mail to Matthew Herndon dated December 14, 2005.

Request No. 10

*Documents regarding and reflecting the scope of operation of Your Staff Model HMO, including documents reflecting the time period of its operation, the number of patients treated through its facilities, the numbers of its members, the volume of its drug purchases, the terms of contract with Drug Manufacturers and Wholesalers for the*

Irene S. Fiorentinos, Esquire
Jones Day
January 5, 2006
Page 8

> *purchase of drugs and the reasons or rationale behind Your decision to cease its operation.*

HPHC objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not relevant to the claim or defense of any party. HPHC objects to this request on the ground that it seeks the production of the same documents previously requested, in whole or in part, in Request Nos. 2, 10, 15-18 and 26 set forth in Schedule A to the Second Subpoena. The defendants already agreed that HPHC was not required to produce the documents requested because they did not insist that HPHC produce such documents in response to the Second Subpoena. HPHC further objects because it ceased operating any staff model HMO in 1998 and it would be extremely burdensome for HPHC to attempt to retrieve documents concerning operations that ceased many years ago. Finally, HPHC objects because the request seeks information that can best be provided with deposition testimony and the defendants already deposed several persons designated by HPHC who already did or already could have provided the information requested.

<u>Request No. 11</u>

*All documents, including communications between you and providers, relating or reflecting:*

> *(a)   The costs to providers of acquiring physician-administered drugs, including, but not limited to, the drugs on the list attached hereto as Exhibit A;*
>
> *(b)   Any differences between the costs to providers of acquiring physician-administered drugs and the amounts you reimburse providers for such physician-administered drugs;*
>
> *(c)   Your understanding that the costs to providers of acquiring or administering physician-administered drugs are different from the amounts you reimburse Providers in relations to such physician-administered drugs;*
>
> *(d)   Your intention or the fact that drug reimbursement acted as a cross-subsidy for service or administration reimbursements that were inadequate or were perceived by physicians to be inadequate.*

HPHC objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not relevant to the claim or defense of any party. HPHC objects to this request on the ground that it seeks the production of the same documents requested in other requests set forth in Schedule A to the Third Subpoena and the same documents requested, in whole or in part, in Request Nos. 2, 5-8 and 16-17 set forth in Schedule A to the Second Subpoena. The defendants already agreed that the production by HPHC of

documents already referenced above with respect to similar requests would suffice, and HPHC honored that agreement by producing such documents in response to the Second Subpoena. HPHC also states that it generally was not privy to information concerning costs paid by providers for drugs. In addition, HPHC already provided deposition testimony, or the opportunity for such testimony, with respect to this issue as part of its agreement with the defendants in response to the Second Subpoena.

Notwithstanding this objection, it is my understanding that the defendants have withdrawn their request for documents responsive to Request No. 11 in your e-mail to Matthew Herndon dated December 14, 2005.

Request No. 12

*All documents regarding the process whereby Harvard Pilgrim determines drug formularies, including analysis of the economic merits of selecting or placing on a higher tier certain drugs as compared to others.*

HPHC objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not relevant to the claim or defense of any party. HPHC also objects to this request on the ground that it seeks the production of the same documents requested, in whole or in part, in Request Nos. 4, 17, 20 and 21 set forth in Schedule A to the Second Subpoena. The defendants already agreed that HPHC is not required to produce the documents requested because they did not insist that HPHC produce such documents in response to the Second Subpoena. In addition, HPHC already provided deposition testimony, or the opportunity for such testimony, with respect to this issue as part of its agreement with the defendants in response to the Second Subpoena.

Notwithstanding this objection, it is my understanding that the defendants have withdrawn their request for documents responsive to Request No. 12 in your e-mail to Matthew Herndon dated December 14, 2005.

Request No. 13

*Summary reports regarding rebates received by you from drug manufacturers and the underlying contracts regarding rebates between you and manufacturers.*

HPHC objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not relevant to the claim or defense of any party. HPHC also objects to this request on the ground that it seeks the production of the same documents requested, in whole or in part, in Request Nos. 6, 17 and 18 set forth in Schedule A to the Second Subpoena. The defendants already agreed that HPHC is not required to produce the documents requested because they did not insist that HPHC produce such documents in response to the Second Subpoena. HPHC also objects to the extent that the documents requested are available from the defendants themselves, and the defendants therefore have no basis for burdening third parties with requests for documents that are in the

Irene S. Fiorentinos, Esquire
Jones Day
January 5, 2006
Page 10

defendants' possession, custody or control. In addition, HPHC already provided deposition testimony, or the opportunity for such testimony, with respect to this issue as part of its agreement with the defendants in response to the Second Subpoena.

<u>Request No. 14</u>

*All documents reflecting any controls or measures, studies or benchmark comparisons considered or implemented by you to manage the costs of reimbursements for physician administered drugs.*

HPHC objects to this request on the grounds that it is vague, overbroad, unduly burdensome and not relevant to the claim or defense of any party. HPHC also objects to this request on the ground that it seeks the production of the same documents already requested, in whole or in part, in Request Nos. 2, 4, 8, 20 and 21 set forth in Schedule A to the Second Subpoena. The defendants already agreed that HPHC is not required to produce the documents requested because they did not insist that HPHC produce such documents in response to the Second Subpoena. In addition, HPHC already provided deposition testimony, or the opportunity for such testimony, with respect to this issue as part of its agreement with the defendants in response to the Second Subpoena.

Notwithstanding and without waiving the foregoing objections, HPHC remains willing to discuss a proposal, made in a good faith compliance with Fed. R. Civ. P. 45(C)(1), for a *significantly* narrowed production of documents that does not impose an undue burden on HPHC, that includes an offer to reimburse HPHC for its costs, and is consistent with the objections raised above, to the extent any documents to be produced exist and can be readily located. The proposal made in your e-mail to Matthew Herndon dated December 14, 2005 falls short of satisfying the defendants' obligation under Fed. R. Civ. P. 45(C)(1) to take reasonable steps to avoid imposing undue burden or expense on HPHC.

Please be advised that HPHC objects to the Rule 30(b)(6) notice set forth in Schedule A because it is overly broad and unduly burdensome and seeks the same information already requested and provided in the deposition testimony offered by several HPHC employees pursuant to the agreement between the defendants and HPHC in response to the Second Subpoena. HPHC also incorporates by reference all of its objections set forth above concerning Schedule A.

HPHC has already produced four witnesses who were deposed by the defendants concerning 30(b)(6) topics for a total of approximately 8 hours. These included the depositions of Richard A. Francis, James T. Kenney and Andrea Grande on September 20, 2004 and of Robert C. Farias on October 20, 2004. At those depositions, the defendants also had ample opportunity to seek information with respect to the topics set forth in Schedule A. HPHC will not voluntarily produce witnesses to be deposed concerning the same or substantially similar matters again. In the event you are not aware of this deposition testimony, I have enclosed a copy of the deposition transcripts with the original of this letter for your information.

Irene S. Fiorentinos, Esquire
Jones Day
January 5, 2006
Page 11

    Please do not hesitate to call me if you wish to discuss the objections set forth in this letter, or discuss any means by which you can help to minimize the burden or expense imposed on HPHC, in accordance with your obligations under Fed. R. Civ. P. 45(c)(1).

    Thank you very much for your anticipated courtesy.

                                 Very truly yours,

                                 Andrew C. Griesinger

/jdv

Enclosures

cc: Matthew H. Herndon, Esquire (w/out enc.)