**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION, | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257-PBS <br><br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO <br><br> *State of Nevada v. Abbott Labs., Inc. et al.,* <br>      Case No. CV-02-00260 (Nevada I), <br><br> *State of Nevada v. American Home Products, et al.,* <br>      CA NO. 02-CV-12086-PBS (Nevada II), and <br><br> *State of Montana v. Abbott Labs., Inc., et al.,* <br>      CA No. 02-CV-12084-PBS | |

**OPPOSITION OF THE STATES OF NEVADA AND MONTANA TO
MOTION OF DEFENDANTS TO AMEND CMO 15**

### I. INTRODUCTION

The States of Nevada and Montana (collectively the "States") oppose defendants' motion to amend Case Management Order 15 and the proposed schedule.[1]  The motion is an overt attempt by defendants to legitimize the barrage of discovery they served during the literal final hours before the Court-ordered cut-off of January 31, 2006, four years into the case.  If defendants' schedule is approved, fact discovery will extend through March *for defendants alone*.  Simply put, plaintiffs should not be penalized for complying with the Court's January 25, 2006 Order denying an extension of discovery while defendants are rewarded for flouting it.

In opposition, the States respectfully submit that there are only two ways to address the future of fact discovery in the state cases.  Either fact discovery should (i) be deemed closed for

---

[1] Defendants' motion was joined by all defendants except Baxter International Inc. and Baxter Healthcare Corporation.

*all parties* as of January 31, 2006, per CMO 15 and the Court's January 25, 2006 Order; or (ii) be completed on a *reasonable* basis and schedule applicable to *all parties*.

The States do not oppose a mutual, *limited* extension of fact discovery. Limits are required to ensure that fact discovery concludes in a timely manner. Unfettered discovery over the next 60 days will serve neither the parties nor the Court; nor will it help the cases proceed to resolution. Thus, the States propose the following: (i) the parties will conclude document production within 30 days of the date of the Court's order; and (ii) within 30 days of the completion of the document production, the parties will conduct depositions subject to the limits set forth in the federal rules – ten depositions of 7 hours each per side, including depositions already taken, with additional depositions to be taken only with leave of the Court (Fed. R. Civ. P. 30(a)(2)(A); 30(d)(2)); (iii) any additional written discovery will be served consistent with the Federal Rules of Civil Procedure, including written discovery already served, with enough time for the opposing party to respond within the Court-ordered discovery period; and (iv) expert reports and other deadlines will be moved consistent with these intervals.[2]

It would be unfair to extend the schedule solely to accommodate defendants' untimely discovery. If the schedule is modified, the modification must apply to all parties. The States submit that the schedule amendment they propose would be equitable. The parties would be governed by the existing federal rules with respect to number and duration of depositions and written discovery, with recourse to the Court if circumstances warrant additional discovery. This course will require the parties to be selective in the fact discovery they will pursue between now and any amended discovery cut-off and thus hasten the resolution of the case. Although other deadlines would be extended accordingly, any motions for summary judgment could be scheduled for hearing by mid-July.

---

[2] The proposed order the States submit with this opposition incorporates defendants' proposed schedule for expert reports and summary judgment.

In the alternative, if the Court declines to extend the fact discovery schedule, the current January 31, 2006 deadline should be enforced as to *all parties* and fact discovery should be declared closed.

## II.     BACKGROUND AND ARGUMENT

### A.     The Court Should Reject Defendants' Delinquent and Onerous Discovery Campaign

Defendants and the States filed a joint motion to amend CMO 15. The motion was denied. The joint motion arose out of the parties' mutual recognition of obstacles to completing certain fact discovery by January 31, 2006. Neither the States nor the defendants had completed the discovery they believed necessary. The States agreed to join the motion drafted by defendants with the understanding that any extension would be bilateral and relate to bringing fact discovery to a reasonable conclusion.

The States did *not* understand that defendants intended to use any extension to launch extensive *new* discovery, discovery that they could have served at any point in the nearly four years since the lawsuit was filed. Such discovery is precisely what defendants served, however, *after* the Court denied the motion. In the 48 hours prior to the January 31, 2006 fact discovery cut-off, defendants served the following discovery in the state cases:[3]

- Thirteen non-party subpoenas for oral testimony and/or the production of documents;[4]

- In Nevada, *two* Fed. R. Civ. P. 30(b)(6) deposition notices served by different defendant groups;[5]

---

[3] Plaintiffs will provide the Court with copies of the discovery if requested.

[4] Even if the subpoenas had been timely, the relevance of many of the thirteen non-parties to the state lawsuits is dubious; these include Health Information Designs of Auburn, AL; HealthInsight of Salt Lake City, UT; Nevada Health Care Coalition of Reno, NV; Rocky Mountain Pharmacists Foundation of Orem, UT; Spectrum Medical of Great Falls, MT, among others.

[5] Second Notice of Rule 30(b)(6) Deposition to Plaintiff the State of Nevada (served Jan. 31, 2006 at 6:52 p.m.); Defendant Bayer Corporation's Notice of Rule 30(b)(6) Deposition to State of Nevada (served Jan. 31, 2006 at 9:02 p.m.).

- In Montana, *two* Fed. R. Civ. P. 30(b)(6) deposition notices served by different defendant groups[6]

- In Montana, a deposition notice for four witnesses never before identified;

- In Nevada, Requests for Admissions with a return date of March 2, 2006;

- In Montana, Requests for Admissions with a return date of March 2, 2006;

- In Nevada, Interrogatories and Requests for Production by Bayer Corp. with a return date of March 2, 2006;

- In Montana, Interrogatories and Requests for Production by Bayer Corp. with a return date of March 2, 2006;

- In Nevada, a subpoena for a former employee whom the defendants have known since the week of January 2, 2006 would not appear voluntarily.

The multiple 30(b)(6) Notices and the Interrogatories and Requests for Production were served by two different defense groups despite the Court's directive that the defendants coordinate discovery. As currently set, defendants' discovery served to the States and non-parties extends into March 2006.

Obviously this discovery was not served in time for the States to respond within the discovery period set by the Court. There is no excuse for defendants' delinquency. All of the late-served discovery covers topics or witnesses known to defendants for months, if not years. For instance, after playing a passive role in state case discovery for four years, Bayer Corporation waited until the discovery cut-off to serve notices of depositions and written discovery concerning a lawsuit settlement that took place in 2001, *the year before these lawsuits were filed*. As another example, defendants served Fed. R. Civ. P. 30(b)(6) notices on topics related to non-Medicaid state agencies' purchases of prescription drugs on the last day of

---

[6] Second Notice of Rule 30(b)(6) Deposition to Plaintiff the State of Montana (served Jan. 31, 2006 at 7:24 p.m.); Defendant Bayer Corporation's Notice of Rule 30(b)(6) Deposition to State of Montana (served Jan. 31, 2006 at 6:25 p.m.).

discovery, notwithstanding the fact that the parties had agreed that they were at an impasse on this discovery by December 1, 2005. Moreover, the discovery related to non-parties is of dubious relevance to the case and thus is unnecessary.

The States oppose the defendants' proposed schedule because it is designed to accommodate defendants' last minute discovery campaign rather than offering a mutual solution to ongoing discovery issues on which the parties have conferred. Unbeknownst to the States when they agreed to approach the Court jointly regarding the schedule, the real reason the defendants wanted a discovery extension was to accommodate untimely discovery requests requiring responses on dates far beyond the current Court-ordered close of fact discovery.

"It is well established that requests must be served in sufficient time to allow a response before the discovery cutoff," defendants argued in the Track One Defendants' Memorandum in Opposition to Plaintiffs' Motion to Compel Production of IMS Data and Reports (Nov. 4, 2005) at 4. Defendants relied on caselaw equally applicable here. "Generally, discovery requests are to made sufficiently inside the discovery period to allow for a response prior to the discovery cut-of date. Discovery requests which are served too late in the discovery period [] have been disallowed." *Gavenda v. Orleans County*, 182 F.R.D. 17, 20 (W.D.N.Y. 1997) (collecting cases). This principal applies to deposition testimony and written discovery equally. *Bamberg v. Lernout*, 225 F.R.D. 64, 67 (D. Mass. 2004) (denying motion to compel based on, *inter alia*, finding that 30(b)(6) notice served after the deadline of initiating discovery was untimely). The basis of the rule is simple. Fed. R. Civ. P. 34(B) allows parties thirty days to respond to a document request; "[t]herefore, requests must be served at least thirty days prior to a completion of discovery deadline." *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003). Similarly, deposition testimony must be taken before the discovery period elapses.

After arguing that plaintiffs should not be allowed to serve discovery with return dates beyond a discovery cut-off, it is hypocritical for defendants in the state cases to serve multiple

discovery requests requiring a response in the months after discovery closes. Initiating this volume of last minute discovery in a case that has been pending for nearly four years, and *after* the Court has denied an extension of the fact discovery schedule, is an abuse of the schedule and the discovery rules. One measure of the abuse is the fact that the volume of discovery served in the final hours exceeds the number of depositions allowed by the Federal Rules without leave of court or agreement of the parties. Fed. R. Civ. P. 30. It also exceeds by far the amount of discovery taken by defendants in either case prior to the January 31, 2006 fact discovery cut-off.[7] Any argument raised by the defendants that discovery was delayed because of the inability of the States to produce all responsive documents as quickly as defendants would like is disingenuous. The new flight of discovery has absolutely nothing to do with the States' document productions. The discovery is plainly untimely.

### B.     If The Court Is Inclined to Extend the Discovery Period, Reasonable Limits Should Apply

The States acknowledge that a limited extension may be warranted. The States will finish the production of documents in the next month.[8] In addition, the States do *not* object to limited additional discovery by all parties, including defendants finishing certain agreed upon discovery, including the production of claims data by third parties, the States' fiscal intermediaries,[9] pursuit of pending written discovery and the depositions of certain fact witnesses, and some new discovery. Such limited discovery is a marked contract to the volume of new discovery defendants seek to pursue. For this reason, the States offer the proposal described above, for limited additional discovery consistent with the Federal Rules of Civil Procedure. Pursuing deposition testimony and written discovery subject to the Federal Rules

---

[7] In Nevada, defendants have taken one 30(b)(6) deposition and 11 fact depositions. In Montana, defendants have taken one 30(b)(6) deposition, two non-party depositions and no fact depositions.

[8] The States are currently following up on outstanding requests for defendants. The only other discovery the States contemplate providing will be dictated by the Court's ruling on defendants' pending motion to compel.

[9] Defendants inaccurately characterize this as data that will be produced by the States. It is the States' fiscal intermediaries who will produce the information.

will obviate the need for a lengthy discovery extension because it will force the parties to be selective about the witnesses and material they choose to pursue rather than allowing them unfettered access to any person or document within a particular state that has even a colorable nexus with prescription drugs.[10]  In states with populations as sparse as Nevada and Montana, there is no reasonable basis to expand discovery beyond these limits.

In the alternative, if the Court maintains CMO No. 15, the States submit that it should not be enforced selectively, but should apply equally to all parties and fact discovery should be deemed closed.

### III.   CONCLUSION

For the foregoing reasons, the States request that the Court either (i) confirm that fact discovery has ended for all parties; or (ii) adopt a plan that includes reasonable limits on discovery to be undertaken and a mutual extension of discovery of *all parties* with reasonable limits on additional discovery such as that proposed by the States herein and in the attached order.

By     /s/ Steve W. Berman                                       DATED:  February 7, 2006.
   Steve W. Berman
   Sean R. Matt
   HAGENS BERMAN SOBOL SHAPIRO LLP
   1301 Fifth Avenue, Suite 2900
   Seattle, WA  98101
   Telephone: (206) 623-7292
   Facsimile: (206) 623-0594

---

[10] One example of the breadth of the defendants' discovery efforts when unchecked by Fed. R. Civ. P. 26 is the defendants' noticing of the depositions of Nevada legislative and executive staff, including the chiefs of staff of the governor.  These depositions account for 4 of the 20 depositions defendants still expect to take in Nevada.  The State has objected to these depositions, which are one of the subjects of defendants' pending motion to compel.

Thomas M. Sobol
Edward Notargiacomo
HAGENS BERMAN SOBOL SHAPIRO LLP
225 Franklin Street, 26th Floor
Boston, MA  02110
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

COUNSEL FOR PLAINTIFFS
STATE OF MONTANA AND
STATE OF NEVADA

George J. Chanos
Attorney General of the State of Nevada
L. Timothy Terry
Deputy Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4714

Mike McGrath
Attorney General of Montana
Assistant Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT  56920-1402
(406) 444-2026

Joseph P. Mazurek
CROWLEY, HAUGHEY, HANSON,
  TOOLE & DIETRICH PLLP
100 North Park Avenue, Suite 300
P.O. Box 797
Helena, MT  59601-6263
(406) 449-4165

COUNSEL FOR PLAINTIFF
STATE OF MONTANA


Brian Sandoval
Attorney General of the State of Nevada
L. Timothy Terry
Assistant Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4714

COUNSEL FOR PLAINTIFF
STATE OF NEVADA

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **OPPOSITION OF THE STATES OF NEVADA AND MONTANA TO MOTION OF DEFENDANTS TO AMEND CMO 15** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on February 7, 2006, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By  **/s/ Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292