UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>*The City of New York v. Abbott Labs., et al.*<br>S.D.N.Y. Case No. 04-CV-06054<br>*County of Albany v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br>*County of Allegany v. Abbott Labs., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br>*County of Broome v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-00456<br>*County of Cattaraugus v. Abbott Labs., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br>*County of Cayuga v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br>*County of Chautauqua v. Abbott Labs., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br>*County of Chenango v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br>*County of Columbia v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br>*County of Cortland v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br>*County of Dutchess v. Abbott Labs., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br>*County of Essex v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br>*County of Fulton v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-0519<br>*County of Genesee v. Abbott Labs., et al.*<br>W.D.N.Y. Case No. 05-CV-00267<br>*County of Greene v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-0474<br>*County of Herkimer v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-00415<br>*County of Jefferson v. Abbott Labs., et al.*<br>N.D.N.Y. Case No. 05-CV-0715 | [PROPOSED]<br>CASE MANAGEMENT<br>ORDER NO. 21<br><br>Feb. 2, 2006 |

*County of Lewis v. Abbott Labs., et al.*  )
N.D.N.Y. Case No. 05-CV-0839  )
*County of Madison v. Abbott Labs., et al.*  )
N.D.N.Y. Case No. 05-CV-0714  )
*County of Monroe v. Abbott Labs., et al.*  )
W.D.N.Y. Case No. 05-CV-6148  )
*County of Niagara v. Abbott Labs., et al.*  )
W.D.N.Y. Case No. 05-CV-6296  )
*County of Oneida v. Abbott Labs., et al.*  )
N.D.N.Y. Case No. 05-CV-0489  )
*County of Onondaga v. Abbott Labs., et al.*  )
N.D.N.Y. Case No. 05-CV-0088  )
*County of Ontario v. Abbott Labs., et al.*  )
W.D.N.Y. Case No. 05-CV-6373  )
*County of Orleans v. Abbott Labs., et al.*  )
W.D.N.Y. Case No. 05-CV-6371  )
*County of Putnam v. Abbott Labs., et al.*  )
S.D.N.Y. Case No. 05-CV-4748  )
*County of Rensselaer v. Abbott Labs., et al.*  )
N.D.N.Y. Case No. 05-CV-0422  )
*County of Rockland v. Abbott Labs., et al.*  )
S.D.N.Y. Case No. 03-CV-7055  )
*County of St. Lawrence v. Abbott Labs., et al.*  )
N.D.N.Y. Case No. 05-CV-0479  )
*County of Saratoga v. Abbott Labs., et al.*  )
N.D.N.Y. Case No. 05-CV-0478  )
*County of Schuyler v. Abbott Labs., et al.*  )
W.D.N.Y. Case No. 05-CV-6387  )
*County of Seneca v. Abbott Labs., et al.*  )
W.D.N.Y. Case No. 05-CV-6370  )
*County of Steuben v. Abbott Labs., et al.*  )
W.D.N.Y. Case No. 05-CV-6223  )
*County of Suffolk v. Abbott Labs., et al.*  )
E.D.N.Y. Case No. 01-CV-12257  )
*County of Tompkins v. Abbott Labs., et al.*  )
N.D.N.Y. Case No. 05-CV-0397  )
*County of Warrren v. Abbott Labs., et al.*  )
N.D.N.Y. Case No. 05-CV-0468  )
*County of Washington v. Abbott Labs., et al.*  )
N.D.N.Y. Case No. 05-CV-0408  )
*County of Wayne v. Abbott Labs., et al.*  )
W.D.N.Y. Case No. 05-CV-6138  )
*County of Westchester v. Abbott Labs., et al.*  )
S.D.N.Y. Case No. 03-CV-6178  )
*County of Yates v. Abbott Labs., et al.*  )
W.D.N.Y. Case No. 05-CV-06172  )
                                                                       )

## [PROPOSED] CASE MANAGEMENT ORDER NO. 20

January ___, 2006

Saris, U.S.D.J.

WHEREAS, the Judicial Panel for Multidistrict Litigation has transferred, or is in the process of transferring, to this Court numerous complaints brought by individual counties of the State of New York and by the City of New York against pharmaceutical manufacturers relating to Average Wholesale Price ("AWP"); and

WHEREAS, the majority of said counties and the City of New York are represented by Kirby McInerney & Squire, LLP ("KMS") and filed a Master New York City/County Corrected Consolidated Complaint on June 22, 2005 ("MNYCC");

WHEREAS, each plaintiff in the MNYCC brings suit against each defendant named in the MNYCC with the following exceptions: The City of New York asserts no claims against the Pfizer Group defendants; the County of Onondaga asserts no claims against the Bristol-Myers Squibb defendants; and the County of Suffolk assert claims only against defendants Alpharma, Alpha Therapeutics, Dey, Endo, Ethex, Hoffman La-Roche, the King Group, the Mylan Group, Organon and Serono and does not assert any claims in the MNYCC against any of the defendants dismissed by the Orders of this Court dated October 27, 2004 and April 8, 2005;

WHEREAS, since June 15, 2005, additional counties have: (a) retained KMS; (b) filed or are about to file similar actions relating to AWP in their respective federal district courts; (c) which actions have been transferred or will be transferred to this Court; and, (d) these additional counties now seek to join as plaintiffs in the MNYCC;

WHEREAS, Nassau County, which is represented by Milberg Weiss Bershad & Schulman, LLP ("Milberg Weiss"), has elected not to join in the MNYCC and desires to file a Second Amended Complaint ("Nassau SAC") of its own;

WHEREAS, Nassau County filed previously a first amended complaint under Fed. R. Civ. P. 15(a) and requires either leave of this Court or the consent of the defendants already parties to that case (the "Nassau County Defendants") in order to file the SAC; and

WHEREAS, counsel for Nassau County wishes to proceed separately from the other plaintiffs in the MNYCC, yet pursue their similar claims in a coordinated manner;; and

WHEREAS, counsel for Nassau County has circulated to counsel for the Nassau County Defendants a copy of its proposed Nassau SAC, and the Nassau County Defendants have declined to consent to Nassau County's filing of same; and

NOW THEREFORE, it is ORDERED, as follows:

1. The following counties -- Chemung, Columbia, Cortland, Dutchess, Essex, Lewis, Ontario, Orleans, Schuyler, Seneca, Sullivan and Wyoming -- seeking to join in the MNYCC shall file and serve a notice of joinder to that effect (identifying any defendants whom they are excepting from their particular claims) and thereupon shall be deemed to have joined the MNYCC as of the date of said notice. Upon joinder, defendants are deemed to have accepted service of all joining county complaints. Defendants named in the MNYCC shall have no obligation to respond to the individual complaint of any joining county without further order of the Court.

4

2.  The following briefing schedule shall apply to the MNYCC Defendants' motion to dismiss the MNYCC and depending on whether or not Nassau County is granted leave to file the Nassau SAC, either the Nassau SAC or the Nassau First Amended Complaint:

(a) Within 30 days from the date of electronic service of the Order granting or denying to Nassau County's motion for leave to file the Nassau SAC, defendants shall file and serve a consolidated brief of not longer than 40 pages. At the same time, individual defendants may file and serve separate briefs of no longer than 5 pages each relating specifically to issues unique to each of them.

(b) Within 45 days from the date of electronic service of Defendants' briefs, the MNYCC plaintiffs and Nassau County shall file and serve a consolidated brief of not longer than 40 pages in opposition. At the same time, the MNYCC plaintiffs and Nassau County will be entitled to file and serve separate briefs of no longer than 5 pages total in response to any defendant-specific brief addressed to their or its respective pleading.

(c) Within 20 days from the date of electronic service of the MNYCC plaintiffs' and Nassau County's briefs in opposition to the motion to dismiss the MNYCC and operative Nassau complaint, Defendants shall file and serve consolidated reply briefs of not longer than 20 pages. At the same time, individual defendants may serve and file separate reply briefs of no longer than 3 pages relating specifically to issues unique to each of them.

(d) Within 20 days from the date of electronic service of Defendants' reply briefs, the MNYCC plaintiffs and Nassau County shall file and serve a consolidated sur-reply brief of not longer than 20 pages. At the same time, the MNYCC plaintiffs and Nassau County will be entitled to file and serve consolidated sur-reply briefs of no longer than 3 pages total in response to any defendant-specific reply brief addressed to their or its respective pleading.

4.    Defendants shall immediately produce to counsel for the MYNCC plaintiffs and/or to counsel to Nassau County (depending on the operative pleadings in which a defendant is named) all documents previously produced by them to any other plaintiff in this multidistrict litigation. Defendants shall confer with MNYCC plaintiffs and Nassau County in advance of that production regarding the form of production and location for delivery. However, no new discovery from MNYCC Defendants and/or Nassau County Defendants shall be conducted in any AWP case in which a New York county or the City of New York is a plaintiff and represented by either KMS or Milberg Weiss pending the Court's decision. The aforementioned discovery limitation shall not apply to or limit in any way discovery of third-parties as it pertains to the MNYCC Defendants and/or Nassau County Defendants.

Patti B. Saris
U.S.D.J