2/2/06 Denied / Patti B Saris

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

MDL NO. 1456
Civil Action No. 01-12257-PBS

Judge Patti B. Saris

THIS DOCUMENT RELATES TO:

Counties' Consolidated Complaint

## DEFENDANTS' REQUEST FOR EXTENSION OF TIME AND FURTHER RELIEF IN ORDER TO COMPLY WITH JULY 8, 2005 ORDER

### Preliminary Statement

Defendant Bristol-Myers Squibb Company ("BMS"), on behalf of itself and all other defendants, submits this response to the Court's July 8, 2005 Order which required Defendants to provide affidavits to support the continued redaction and filing under seal of confidential portions of the New York Counties' Consolidated Complaint.

### Summary

Defendants are unable at this time to comply with the July 8, 2005 Order because Plaintiffs have refused to describe adequately the source of the alleged "market prices" of Defendants' products, which Plaintiffs include in an exhibit to the Consolidated Complaint and use as the basis to calculate the alleged "spread" on those products. In response to repeated inquiries from Defendants' counsel, Plaintiffs' counsel have stated only that they received the prices from a company called Ven-A-Care (the qui tam relator in the California Attorney General

2/2/06 The complaint shall be in the public record. Patti B Saris

action before this Court) and that Ven-A-Care obtained the prices from something called "McKesson Servall."[1]

Despite diligent investigation and simple questions put to Plaintiffs' counsel in an e-mail (which counsel has refused to answer), Defendants are unable to determine: (a) what the purported "McKesson Servall" prices represent; and, more specifically, (b) whether they are based on chargeback or other confidential information that Defendants may have shared with the drug wholesaler, McKesson.

Accordingly, Defendants respectfully request an order (1) directing Plaintiffs' response to Defendants' questions concerning the McKesson Servall prices and (2) extending Defendants' time to provide any affidavit regarding the confidentiality of these prices until ten days from the date of Plaintiffs' response.

**Response and Request**

In support of this Response and Request, Defendants state as follows:

1. On June 15, 2005, counsel for Plaintiffs served via Verilaw a version of a Consolidated Complaint (with accompanying exhibits) against Defendants that was redacted to exclude information identified as Highly Confidential pursuant to the Protective Order in this case.

2. By Order dated June 23, 2005, the Court directed the Clerk not to accept the filing under seal until Defendants had established the bases for the redactions as to each of them. The June 23, 2005 Order provided Defendants ten days in which to make such showing.

3. Defendants were initially unable to comply within the ten-day time period in the June 23, 2005 Order due to Plaintiffs' failure to provide them with versions of the

[1] This Response and Request is filed under seal because Plaintiffs have demanded that Defendants keep the identity of Ven-A-Care and the McKesson Servall name confidential, notwithstanding Ven-A-Care's public role in the California action and a cite to "McKesson Servall" in California's unsealed Amended Complaint.

Consolidated Complaint unredacted to reveal to each Defendant its redacted information. The parties therefore jointly requested a modification of the June 23, 2005 Order.

4. By Order dated July 8, 2005, the Court modified its June 23, 2005 Order to provide that the ten-day period for a Defendant to submit an affidavit in support of all or part of the redactions in the Consolidated Complaint and Exhibits was to begin from the date its counsel was provided with a copy of the Consolidated Complaint and Exhibits, unredacted as to such Defendant, or ten days from the filing of the Order, whichever was later.

5. As required by the July 8, 2005 Order, Plaintiffs' counsel provided each Defendant's counsel with a copy of the Consolidated Complaint and Exhibits, unredacted as to each Defendant. However, Defendants were still unable to comply with the Court's Order. The newly unredacted portions of Exhibit B to the Consolidated Complaint contained alleged "market prices" for a number of Defendants' products, as well as alleged "spreads" that were calculated on the basis of these alleged "market prices," but the unreadacted portions provided no information as to the source of this data.

6. In an effort to comply with the Court's July 8, 2005 Order, Defendants moved to compel disclosure of the source of the prices from Plaintiffs and for an extension of time to comply with the Court's order. This Court referred the matter to Chief Magistrate Judge Marianne Bowler, who scheduled it for hearing on Monday, September 19, 2005. On the Friday before the motion was to be heard, Plaintiffs' counsel offered to provide Defendants with the identity of the source of the alleged "market price" data and the source's basis of knowledge in exchange for Defendants' agreement to withdraw their motion to compel disclosure. Defendants agreed.

7. By letter dated September 16, 2005 (annexed hereto as Exhibit A) counsel for Plaintiffs disclosed that the price information contained in the Consolidated Complaint and its Exhibit B was provided to Plaintiffs by Ven-A-Care, which in turn had obtained the data from something called "McKesson Servall."

8. This disclosure, however, was insufficient to determine whether this information was commercially-sensitive and raised additional questions. While McKesson, Inc. is a large drug wholesaler and, as such, has access to certain of Defendants' confidential pricing information, Plaintiffs' disclosure did not provide any information about "McKesson Servall" or whether this entity would have access to Defendants' confidential pricing information

9. In an attempt to obtain the information necessary to comply with the Court's order on redactions, counsel for BMS sent to counsel for Plaintiffs an e-mail with the following questions: "(1) What is McKesson Servall?; (2) Is it a data service offered by McKesson?; (3) Whose prices are shown?; (4) Are they McKesson's own prices to its customers?; (5) Or are the prices based on data provided to McKesson by the manufacturers?" (See E-mail from Lyndon Tretter to Joanne Cicala, dated Sept. 21, 2005, attached hereto as Exhibit B.)

10. Rather than answering these questions, Plaintiffs' counsel asked whether Defendants' counsel had checked with their clients because counsel "simply can't imagine your clients don't know what McKesson Servall is." (See E-mail from Joanne Cicala to Lyndon Tretter, dated Sept. 21, 2005, Exhibit C.)

11. Defendants' counsel have in fact conducted substantial research and asked their clients for information about McKesson Servall. To the best of our knowledge, there is no such entity. Rather, McKesson is a drug wholesaler and Servall was the name of a buying group

for pharmacies. (Servall was acquired by another buying group called IPC.) Neither Defendants nor their counsel have been able to discern the nature of any price or information source called "McKesson Servall."

12. Non-public pricing information qualifies as Highly Confidential information protected under this Court's Protective Order. See Protective Order dated December 13, 2002, at ¶ 5. There is no doubt that McKesson as a drug wholesaler received actual transaction data regarding Defendants' customers and thus was privy to such information. However, McKesson and/or Servall may have had access to other data or prices that did not come from Defendants and, as to which, Defendants would not seek confidential treatment.

13. Defendants cannot comply with this Court's July 8, 2005 Order without an understanding of whether the alleged "market prices" exhibited to the Consolidated Complaint reflect the former (confidential) or the latter (non-confidential) source. Plaintiffs have refused to provide the Defendants with any information about McKesson Servall, thereby leaving Defendants no choice but to file this Response and Request.

## Conclusion

Based on the foregoing, Defendants respectfully request an order (1) directing Plaintiffs' counsel to respond to the e-mail questions annexed hereto as Exhibit B concerning the McKesson Servall prices and (2) extending Defendants' time to provide their affidavit until ten days from the date of Plaintiffs' response.

Dated: Boston, Massachusetts
October 4, 2005

Respectfully Submitted,

By: Thomas E. Dwyer, Jr. /dmo

Thomas E. Dwyer, Jr. (BBO No. 139660)
**DWYER & COLLORA, LLP**
600 Atlantic Avenue
Boston, MA 02210
Tel: (617) 371-1000
Fax: (617) 371-1037

Steven M. Edwards (SE 2773)
Lyndon M. Tretter ((LT 4031)
Admitted *pro hac vice*
**HOGAN & HARTSON LLP**
875 Third Avenue
New York, NY 10022
Tel: (212) 918- 3640

Attorneys for Defendant Bristol-Myers Squibb Company on behalf of all defendants in the Consolidated Complaint

## CERTIFICATE OF SERVICE

I, David M. Osborne, hereby certify that on October 4, 2005, I have caused a true and correct copy of the foregoing Defendants' Request for Extension of Time and Further Relief in Order to Comply with July 8, 2005 Order to be served on all counsel of record by electronic service, pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to Lexis/Nexis for posting and notification to all parties.

David M. Osborne