UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca PLC, *et al.* | Judge Patti B. Saris |

**SUPPLEMENTAL BRIEF IN SUPPORT OF REMAND BY PLAINTIFF, INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND, PER COURT'S DIRECTIVE OF JANUARY 27, 2006**

The instant brief by Plaintiff, International Union of Operating Engineers, Local No. 68 Welfare Fund ("Plaintiff" or "Local 68"), summarizes the status of the record [1] on Plaintiff's Motion for Remand, and addresses certain issues raised by the Court at the January 27, 2006 hearing,[2] in order that this Court may finally return this case to the New Jersey state court where it belongs.

While the facts of this case have been recited to the Court numerous times, the record reflects the following undisputed facts regarding defendant, Saad Antoun, M.D., which compel remand:

---

[1] Plaintiff now has produced all documents to AstraZeneca required by the Court, despite its continuing objections to same. *See* Notice of Compliance with the Court's Directive of January 27, 2006 by Plaintiff, International Union of Operating Engineers, Local No. 68 Welfare Fund, Respecting the Production of Additional Documents and a Privilege Log, filed on February 3, 2006. Many of these documents, as further explained *infra* and in the Affidavit of Donald E. Haviland, Jr., Esquire ("Haviland Affidavit"), submitted herewith, demonstrate that there was no settlement between Plaintiff and the doctor defendants in advance of filing the Complaint, or up until today, and that the doctor defendants, who pled guilty to federal criminal conspiracy charges respecting the Zoladex® free sample fraud, were joined as defendants for no other reason than that they committed wrongful acts for which they should be held accountable civilly.

[2] Among other things, the Court inquired about whether the effective dates of service of Plaintiff's Complaint under New Jersey law were the dates upon which defense counsel agreed to accept service, and whether there were settlements with the doctor defendants *prior to* the filing of the Complaint such that the doctors were fraudulently joined.

(1) Counsel for Dr. Antoun, Michael Mustokoff, accepted service of the Summons and Complaint on July 1, 2003;[3]

(2) Neither Dr. Antoun nor his counsel has alleged at any time that the Summons and Complaint were not properly served upon Dr. Antoun;[4]

(3) At the same time the Complaint was filed on June 30, 2003, an Order to Show Cause With Temporary Restraints ("TRO Motion") against both AstraZeneca and Dr. Antoun, was filed with the New Jersey Superior Court, with a return date of July 3, 2003 at 2:00 p.m.;

(4) Counsel for AstraZeneca was served with the Summons, Complaint and TRO Motion in the same manner as was Dr. Antoun – via Federal Express overnight delivery on June 30, 2003;[5]

(5) Counsel for AstraZeneca, knowing that both AstraZeneca and Dr. Antoun had been served with these pleadings via Federal Express, and knowing that a response to the TRO Motion was due by both defendants on or before July 3, chose to not speak with either Dr. Antoun or his counsel to inquire either as to (1) whether service had been accepted, or (2) whether consent to removal would be given, before AstraZeneca filed its Notice of Removal on July 3, 2003;[6]

---

[3] *See* Exhibit C to Haviland Affidavit, at ¶ 2 (hereinafter all Exhibits to Haviland Affidavit will be referred to as "Haviland Aff. Ex. __") and Haviland Aff. Ex. D, at ¶ 4.

[4] *See supra* fn. 3. *See Hess v. Great Atlantic & Pacific Tea Company, Inc.*, 520 F. Supp. 373, 376 (N.D. Ill. 1981) (holding that a removing defendant cannot "make its own determination as to the validity of service on the [non-consenting defendant]; that determination can only be made by the courts.... Unless there has been a state court determination prior to removal that service on a defendant was defective, all defendants upon whom purported service has been made at the time of removal must join in the petition."). *See also Seguros Commercial Am., S.A. v. American President Lines, Ltd.*, 934 F. Supp. 243, 245 (S.D. Tex. 1996) (remanding case for lack of unanimity over objection of removing defendant that non-consenting defendant had not been served properly).

[5] *See* Haviland Aff. Ex. C, at ¶ 2 and Notice of Removal, dated July 3, 2003, at ¶ 1 and AstraZeneca's Supplemental Memorandum of Law in Opposition to Plaintiff's Motion for Remand, filed on May 6, 2005, at p.2.

[6] *See* Declaration of D. Scott Wise at ¶ 5(g), dated September 19, 2005, attached to Response of AstraZeneca Pharmaceuticals LP to Court Order Dated August 19, 2005.

(6) Dr. Antoun did not consent to removal;[7] and

(7) While counsel for Dr. Antoun and counsel for Plaintiff engaged in good faith settlement negotiations both before and after the Complaint and TRO Motion were filed in an effort to resolve the TRO prior to the July 3 return date, they were unable to reach agreement. At no time did those discussions involve refusal of consent to removal as a condition of settlement, especially given the fact that neither party knew of AstraZeneca's intent to remove the case on July 3, 2003.[8]

The following undisputed facts respecting Stanley C. Hopkins, M.D. compel remand:

(1) Counsel for Dr. Hopkins, Jack Fernandez, accepted service of the Summons and Complaint on July 3, 2003;[9]

(2) Neither Dr. Hopkins nor his counsel has alleged at any time that the Complaint was not properly served upon Dr. Hopkins;[10]

(3) Counsel for AstraZeneca deliberately declined to inquire of Mr. Fernandez whether Dr. Hopkins would consent to removal before filing the Notice of Removal;[11] and

(4) While counsel for Plaintiff and Dr. Hopkins engaged in good faith settlement negotiations after the Complaint was filed, no settlement was ever reached.[12]

## I. SERVICE IS COMPLETE IN NEW JERSEY WHEN ACCEPTED BY DEFENSE COUNSEL.

Service of a complaint is complete when it is accepted by counsel for a defendant. This somewhat obvious truth is the same in New Jersey state court as it is in other state and federal

---

[7] *See, generally*, Haviland Aff. Ex. C.

[8] *See* Haviland Aff. Ex. D at ¶¶ 8-9. *See also* Haviland Aff. at ¶¶ 11-17.

[9] *See* Haviland Aff. Ex. O and Haviland Aff. Ex. P, at ¶ 3.

[10] *See supra* fn.9. *See also,* cases at fn. 4, *supra*.

[11] *See* Declaration of Eric D. Gill, attached as Exhibit A to Response of AstraZeneca Pharmaceuticals, LP to Court Order dated August 19, 2005, dated September 19, 2005, at ¶¶ 3, 4.

[12] *See* Haviland Aff. at ¶¶ 18-24.

3

courts.[13] Because it was agreed among counsel that the New Jersey Rules themselves and the comments and annotations thereto do not negate the ability of counsel to accept service,[14] the Court has inquired as to whether any New Jersey practice manual provides any guidance on the question. Unfortunately, the answer to the Court's question is "no". But while there is no guidance in any practice manual respecting the situation at hand – *i.e.*, where counsel for a defendant verbally accepts service of a complaint and a co-defendant seeks to contest the propriety of such service – there is case law directly on point. *See Hess*, 520 F. Supp. at 376; *Seguros*, 934 F. Supp. at 245 (holding that "the right to waive these defects [in service] are personal to the party upon whom service of process is attempted" and may not be raised by a separate defendant in support of a removal petition). The New Jersey courts agree that issues pertaining to the sufficiency of service are personal to the party and may be waived. *See* New Jersey Practice Series, Court Rules Annotated, by John H. Klock,[15] sections pertaining to waiver, at Haviland Aff. Ex. F.

---

[13] While AstraZeneca may seek to argue that there is something improper about avoidance of formal service of process under Rule 4:4-4(a), the very enactment of Rule 4:4-6 (permitting acceptance of service by the defendant's attorney) undermines such a claim. Further, the New Jersey courts have recognized the economies of having counsel accept service in lieu of formal service of process. *See Heinl v. Heinl*, 671 A.2d 147, 152 (App. Div. 1996) ("Defendant's uncooperative attitude was evidenced by his counsel's refusing to accept service of process, requiring substantial expenses and time and effort to have the defendant served in Easton, Pennsylvania."). *See* FED. R. CIV. P. 4(d) (establishing provision for "waiver of service" in order "to avoid unnecessary costs").

[14] *See, generally,* PRESSLER, Current N.J. COURT RULES (GANN) at Haviland Aff. Ex. E. Rule 4:4-4(c), the Optional Mailed Service subsection, does not purport to prescribe all the ways by which service may be effectuated; it merely states that mailed service, when employed, is "effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto." N.J. R. CIV. PRAC. 4:4-4(c). Rule 4:4-6, which states that "[a] general appearance ... shall have the same effect as if the defendant had been properly served," provides that service may by accepted defense counsel. N.J. R. CIV. PRAC. 4:4-6.

[15] New Jersey counsel for AstraZeneca referred to this practice series at oral argument as "Del Deo," likely because it was the partner of Mr. Klock, Ralph N. Del Deo, both of the firm Gibbons, Del Deo, Dolan, Griffinger and Vecchione, who authored the Fourth Edition of this Series in 1988.

## II. REGARDLESS OF SERVICE ISSUES, THE SEPARATE MOTIONS OF TWO DEFENDANTS FOR REMAND PURSUANT TO 28 U.S.C. § 1448 COMPEL REMAND.

Whether this Court determines that the effective dates of service upon Dr. Antoun and Dr. Hopkins were July 1, 2003 and July 3, 2003 (the dates upon which their counsel, respectively, accepted service), or July 18, 2003 (the date on which their counsel "appeared"), *see* Haviland Aff. Exs. C and O, these defendants have made separate remand requests which compel remand. *See* Haviland Aff. Exs. C and P; *see also* 28 U.S.C. § 1448 ("This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case."). These defendants have moved to remand, which motions went *unopposed* by AstraZeneca.

## III. SETTLEMENT NEGOTIATIONS DO NOT EQUATE TO "FRAUDULENT JOINDER".

"The law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litig.*, 55 F. 3d 768, 784 (3d Cir. 1995)(citing cases). This Court recognized that there was nothing untoward in seeking to settle early on, or for cooperation only, even if that were the only consideration sought.[16] No one can dispute that securing the cooperation and trial testimony of the admitted co-conspirators of AstraZeneca would advance the cause of achieving a good result for the class, especially against AstraZeneca.[17]

---

[16] As the record now amply demonstrates, plaintiff's counsel sought much more than just cooperation in their negotiations with the doctors. They sought full restitution, stipulation to an injunction, periodic reporting of activity and monitoring, and appearance at trial, among other things. *See* Haviland Aff. at ¶¶ 10, 20.

[17] *See, e.g., In re Linerboard Antitrust Litig.*, 292 F. Supp.2d 631, 643 (E.D. Pa. 2003) ("the Settlement Agreement obligates the settling defendants to provide significant cooperation to class plaintiffs in pursuing their case against non-settling defendants immediately upon execution.... The provision of such assistance is a substantial benefit to the classes and strongly militates toward approval of the Settlement Agreement.") (citing cases). *See also* Haviland Aff. ¶ 25 and Ex. R (wherein a state court approved a settlement for cooperation in an "AWP lawsuit").

5

WHEREFORE,[18] Plaintiff respectfully requests that this Court grant its Motion for Remand and return this matter to the Superior Court of New Jersey, Monmouth County. Further, Plaintiff respectfully requests that attorneys' fees and costs expended in connection with the improper removal of this case, pursuant to 28 U.S.C. § 1447(c), be awarded to plaintiff counsel and defense counsel who opposed removal. *See Mints v. Educational Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996)(district court has "broad discretion and may be flexible in determining whether to require payment of fees under [28 U.S.C. § 1447(c)]"); *Harvard Real Estate-Allston, Inc. v. Kmart Corp.*, No. Civ.A. 04-12249-DPW, 2005 WL 3619395 (D. Mass. Dec. 27, 2005) (award of attorney's fees and costs for improvident removal was warranted). In the alternative, Plaintiff seeks an award of fees and costs pursuant to FED. R. CIV. P. 11(b),(c) based upon the misrepresentations and omissions contained in AstraZeneca's Notice of Removal, which were referenced in this Court's Memorandum and Order of August 19, 2005,[19] and which have yet to be explained by AstraZeneca.

Date: February 10, 2006

John E. Keefe, Jr., Esquire
Stephen T. Sullivan, Jr., Esquire
**LYNCH ♦ KEEFE ♦ BARTELS**
830 Broad Street
Shrewsbury, NJ 07702
732-224-9400 telephone
732-224-9494 facsimile

Respectfully submitted,

Donald E. Haviland, Jr., Esquire
**KLINE & SPECTER**
1800 Chapel Avenue, Suite 302
Cherry Hill, NJ 08002
856-662-1180 telephone
856-662-1184 facsimile

ATTORNEYS FOR PLAINTIFF AND THE CLASS

---

[18] Plaintiff recognizes that the Court limited its supplemental brief to 5 pages, but, in order to advance its request for an award of fees and costs, either pursuant to Rule 11 or otherwise, Plaintiff begs the Court's indulgence in seeking the same via this additional page (as opposed to an entirely separate Motion and Brief).

[19] At the hearing on January 27, 2006, this Court raised the issue of what the proper course of action should be in light of AstraZeneca's material misrepresentations and omissions in its Notice of Removal. Plaintiff respectfully submits that Rule 11 of the Federal Rules provides the answer. *See generally*, FED. R. CIV. P. 11(c)(2). As the Court raised the matter "on its own initiative" in its August 19, 2005 Order, and directed counsel for AstraZeneca to show cause why Rule 11(b) has not been violated, the time is ripe for sanctions to be imposed. *See* Haviland Aff. ¶ 26.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Supplemental Brief in Support of Remand by Plaintiff, International Union of Operating Engineers, Local No. 68 Welfare Fund, Per Court's Directive of January 27, 2006 was served on all counsel via LexisNexis pursuant to Case Management Order No. 2. The parties listed below are not registrants of LexisNexis and are being served First Class Mail and facsimile:

Joseph M. Gorrell, Esquire
**WOLF BLOCK, LLP**
101 Eisenhower Parkway
Roseland, NJ 07068
Counsel for Saad Antoun, M.D.

Michael Mustokoff, Esquire
**DUANE MORRIS LLP**
One Liberty Place, Suite 4200
Philadelphia, PA 19103-7396
Counsel for Saad Antoun, M.D.

Terry K. Sherman, Esquire
52 West Whittier Street
Columbus, OH 43206
Counsel for Robert A. Berkman, M.D.

Robert L. Washburn, Esqurie
**CLOPPERT, LATANICK, SAUTER & WASHBURN**
225 East Broad Street
Columbus, OH 43215
Counsel for Robert A. Berkman, M.D.

Jack Fernandez, Esquire
**ZUCKERMAN, SPAEDER, LLP**
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602
Counsel for Stanley C. Hopkins, M.D.

Respectfully submitted,

Dated: February 10, 2006

TerriAnne Benedetto, Esquire
**KLINE & SPECTER**
1800 Chapel Avenue, Suite 302
Cherry Hill, NJ 08002
856-662-1180 telephone
856-662-1184 facsimile