# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------- x
                                   :
In Re: PHARMACEUTICAL INDUSTRY     :
AVERAGE WHOLESALE PRICE            :
LITIGATION                         :
                                   :
                                   :  MDL No. 1456
                                   :  Master File No. 01-12257-PBS
---------------------------------- x  Hon. Patti B. Saris
                                   :
THIS DOCUMENT RELATES TO:          :
International Union of Operating Engineers, :
Local No. 68 Welfare Fund v. AstraZeneca PLC :
et al., Civil Action No. 04-11503-PBS :
                                   :
                                   :
---------------------------------- x

SUPPLEMENTAL DECLARATION OF D. SCOTT WISE

D. Scott Wise, declares and says:

1.  I am a member of the firm Davis Polk & Wardwell, counsel to AstraZeneca Pharmaceuticals LP in connection with the above-captioned litigation. I submit this supplemental declaration in order to apologize to the Court for the wording contained in part of the Notice of Removal I authorized be filed on July 3, 2003.

2.  As the declaration I submitted in response to the Court's August 19, 2005 Order sets forth (the "September 19 Wise Declaration"), the Notice of Removal filed in this action on July 3, 2003 was drafted and filed under my supervision.

3.  The Court's August 19 Order directed that AstraZeneca submit an affidavit explaining the factual basis for the July 3, 2003 Notice of Removal, in particular the statement therein that "Counsel for AstraZeneca is further informed and believes, based on this investigation, that all defendants will consent to this removal and join herein following the service of process." The September 19 Wise Declaration sets forth

the factual basis for that statement. As stated in my September 19 Declaration, I believed in good faith at the time that the statement accurately reflected the position that all of the defendants in the case, including the individual doctor defendants, would take.

4.  That statement in the Notice of Removal was not intended to convey that the doctor defendants had affirmatively informed us that they would consent to removal once served. Indeed, because we did not believe that their consent was required since they had not been properly served, we did not ask for their consent. However, I now understand that the language could be read to suggest that the doctor defendants had told us affirmatively that they would consent to removal. I did not intend to convey that, and I regret that my choice of words could be taken to suggest otherwise. In fact, it was a mistake to include that sentence at all, since it was not necessary to demonstrate the basis for removal.

5.  Because the doctors' consent to removal was not the basis for removal, no court has been forced to analyze the propriety of remand in this matter on the belief that the doctor defendants had affirmatively indicated consent to removal. Nonetheless, while I believe that the choice of words in the Notice of Removal is not material to the issue of remand, I regret that the statement has caused confusion and the expenditure of the Court's time and resources and, for that, I apologize to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 10, 2006

_____
D. Scott Wise

2