# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL NO. 1456 Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ) ) ) ) ) ) ) ) ) International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca PLC et al. Civil Action No. 04-11503-PBS | |

## AFFIDAVIT OF JACK E. FERNANDEZ

STATE OF FLORIDA            )
                            ) ss.:
COUNTY OF HILLSBOROUGH      )

JACK E. FERNANDEZ, Esq., being duly sworn, deposes and says:

1. I am an attorney licensed to practice in the State of Florida.

2. From June 2003 to the present, I represented Dr. Stanley C. Hopkins in the above-captioned action (the "New Jersey Action").

3. On July 1, 2003, prior to any oral agreement by me to accept service of the Complaint in this matter, counsel for plaintiff sent me a proposed Memorandum of Understanding ("MOU") setting forth proposed terms for the settlement of this matter with my client, Dr. Hopkins. The cover letter from plaintiff's counsel to me (attached hereto as Exhibit A) references a

discussion between the two of us on the previous day (June 30, 2003) in which plaintiff's counsel had indicated that "time [was] of the essence" with respect to settling the matter. The substance of this discussion was that my client's opportunity to settle the case quickly and without burdensome attorney's fees might be lost if the case were to be subsumed into a federal action pending in Boston. He predicted that AstraZeneca would ask Dr. Hopkins to stipulate to removal and that, if the case were removed, another set of plaintiff's attorneys would then be in charge of the claims against Dr. Hopkins and the terms and timing of any settlement.

4. The only monetary consideration set forth in the MOU proposed by plaintiff's counsel was restitution with respect to free samples of Zoladex which Dr. Hopkins billed to Medicare. Because, as I later informed plaintiff's counsel, I understood that Dr. Hopkins had already made full restitution to the government, settlement on these terms would not have required any monetary payment from Dr. Hopkins. In an email to me dated July 4, 2003, counsel for plaintiff acknowledged that, if my understanding of the restitution already made by Dr. Hopkins was correct, a monetary payment would not be part of the proposed settlement. In that same email (attached hereto as Exhibit B), counsel for plaintiff reiterated what he had told me orally regarding any proposed settlement – namely, "if this case goes to federal court, all bets are off as any control we now have over the litigation will be lost." Plaintiff's counsel indicated that he was inclined to agree that no monetary compensation would be necessary to settle the action if the case remained in state court under his control.

5. Some time on July 3, 2003, I had a telephone conversation with Eric D. Gill, an associate at the law firm of Davis Polk & Wardwell and counsel

2

for AstraZeneca Pharmaceuticals LP in the New Jersey Action. I do not recall what time of day this telephone call took place. Mr. Gill asked whether my client had been properly served. My notes of my conversation with Mr. Gill (attached hereto as Exhibit C) confirm that Mr. Gill did ask me whether Dr. Hopkins had properly been served. I do not presently recall whether I had already informed plaintiff's counsel that I would accept service or whether I was awaiting authorization from my client to do so. As a result, although I know that I gave Mr. Gill an accurate description of the status of service at the time of his call, I do not recall what I said to Mr. Gill.

6.   I agreed to accept service of the complaint in this matter on July 3, 2003. I do not recall the time of day on July 3 at which I agreed to accept service. My agreement to accept service was conveyed orally. To the best of my knowledge, I did not memorialize my agreement to accept service in writing or file any document with Court reflecting my agreement on or before July 3, 2003. On July 18, 2003, I executed an affidavit (attached hereto as Exhibit D) indicating that I had agreed to accept service of the Complaint on July 3, 2003. That affidavit did not address whether or not Dr. Hopkins would or would not consent to removal. I did not file any document with Court or appear in any fashion in this case until July 18, 2003. I did not convey either orally or in writing to counsel for AstraZeneca my client's lack of consent to removal on July 3 or prior.

7.   On or about July 15, 2003, counsel for AstraZeneca served subpoenas on Dr. Hopkins and me for testimony and documents. I have a vague recollection that I requested that counsel for plaintiff draft motions papers for Dr. Hopkins and me seeking to quash those subpoenas, and that he

3

agreed. Attached hereto as Exhibit E is an email dated July 16, 2003 from plaintiff's counsel to me attaching the draft motion to quash prepared for me and my client by counsel for plaintiff.

8. After discussions with plaintiff's counsel, on or about August 4, 2003, I filed a joinder in plaintiff's motion to remand, in which I indicated that Dr. Hopkins did not consent to removal. This joinder followed the form of a similar pleading previously filed on behalf of one of the other doctor defendants, Dr. Antoun. Plaintiff's counsel had provided me with a copy of Dr. Antoun's pleading and asked if I would be willing to file it on behalf of D. Hopkins, as is reflected in an email from plaintiff's counsel to me dated July 17, 2003 (attached hereto as Exhibit F).

9. In response to the subpoena served on me by counsel for AstraZeneca recently on September 16, 2005, I moved for a protective order, which was ultimately denied by Judge Bowler. Counsel for plaintiff provided me with the citations of cases that could be used in support of my motion. Attached hereto as Exhibit G is an email from plaintiff's counsel to me dated November 2, 2005 in which plaintiff's counsel provided me with case citations to be used in support of my motion.

10. After Judge Bowler's order denying my motion for protective was issued on January 6, 2006, I discussed with plaintiff's counsel whether or not to appeal Judge Bowler's ruling. Counsel for plaintiff suggested I might do so.

Jack E. Fernandez

4

Sworn to before me this
6th day of February, 2005.

*C. M. Delesie*

Notary Public

C. M. DELESIE
MY COMMISSION # DD 329465
EXPIRES: October 16, 2008
Bonded Thru Notary Public Underwriters

5

# EXHIBIT A

# KLINE & SPECTER

### A PROFESSIONAL CORPORATION

PHILADELPHIA OFFICE:
1520 LOCUST STREET
THE NINETEENTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19102
215-772-1000 TELEPHONE
800-592-3853 TOLL FREE TELEPHONE
215-735-0957 FACSIMILE

NEW JERSEY OFFICE:
KLINE & SPECTER
1630 CHAPEL AVENUE, SUITE 302
CHERRY HILL, NEW JERSEY 08034
856-662-1180 TELEPHONE
856-662-1194 FACSIMILE
CO-MANAGING ATTORNEYS:
ROBERT ROSS AND DONALD E. HAVILAND, JR.

Direct Fax:  215-735-0957

Donald.Haviland@klinespecter.com

July 1, 2003

**VIA FACSIMILE**

Jack Fernandez, Esquire
ZUCKERMAN, SPAEDER LLP
101 E. Kennedy Blvd.
Suite 1200
Tampa, FL 33602

      Re:    NJ AWP Litigation

Dear Jack:

      Per our telephone conversation yesterday, enclosed please find a draft Memorandum of Understanding we propose to enter into with your client.  As we discussed, time is of the essence, so I would appreciate you getting back to me as soon as possible to let me know whether it is likely we can enter into some form of Memorandum of Understanding.  I appreciate your timely consideration of this matter.

                   Yours sincerely,

                   DONALD E. HAVILAND, JR.

DEH:ds
Enclosure

cc:    Shanin Specter, Esquire

C:\DEH\AWP GENERAL - (200700)\AWP - NJ (200701)\Letters\Fernandez 001 (hopkins agt).wpd

MTQ-000003

# EXHIBIT B

-----Original Message-----
From: Haviland, Donald E. [mailto:Donald.Haviland@KlineSpecter.com]
Sent: Friday, July 04, 2003 2:18 PM
To: 'Fernandez, Jack'
Cc: Benedetto, TerriAnne
Subject: RE: Hopkins

Jack,
Yesterday my wife gave birth to our first child and I have been out of pocket since. I want to
continue to work with you on a potential resolution, however, so in my absence you should feel free
to communicate with my associate TerriAnne Benedetto about the case, our proposal and any
questions/concerns you or your client may have.

7/11/03                                                                MTQ-000053

RE: Hopkins                                                         Page 2 of 3

As I said, if this case goes to federal court, all bets are off as any control we now have over the
litigation will be lost.

If your math is right, I would agree with your estimate of the damages. Let's continue to work toward
settlement rather than trial.
Thx
Don

-----Original Message-----
From: Fernandez, Jack [mailto:jfernandez@zuckerman.com]
Sent: Thursday, July 03, 2003 5:44 PM
To: 'Haviland, Donald E.'
Cc: Fernandez, Jack
Subject: RE: Hopkins

Hello Don:

When I return on Thursday next week, I am going to look at the government's restitution
calculations. My recollection is that the government recovered the entire 100%, not reduced for an
80% co-pay. If this is true, based upon what I understand you to have said, we may be able to settle out
of this case for nothing, or close to it, and obtain a release in return for cooperation and trial testimony.
Before I undertake the restitution analysis, as well as the analysis of what co-pays were actually
collected, I want to ensure my understanding of what you said is correct.

Of course I understand this e-mail and our discussions are pursuant to settlement negotiations as
to disputed claims. I understand this correspondence will not be admissible on any issue relevant to Dr.
Hopkins' liability or resultant damages.

Hope you have a good vacation, and I look forward to hearing from you. If you need to reach me
before Thursday, you may contact me on my cell: 813.785.1856.

-----Original Message-----
From: Haviland, Donald E. [mailto:Donald.Haviland@KlineSpecter.com]
Sent: Monday, June 30, 2003 6:04 PM
To: 'jfernandez@zuckerman.com'
Cc: Ricciardi, Louis
Subject: Hopkins

Jack,
Here are a few of the documents about which we spoke. I look forward to
speaking with you further about this matter.
Don
  <<Complaint - NJ AWP - FINAL.wpd>>  <<preliminary injunction memo of law -
astra - VG.wpd>>

_____

Donald E. Haviland, Jr., Esquire
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102-3712
215*772*1000 telephone
215*735*0957 facsimile

This message is intended only for the use of the individual or entity to

7/11/03                                                                MTQ-000054

# **EXHIBIT C**

WTF 7

**Action** ✓
**Completed** ____

# TELEPHONE CONFERENCE RECORD

DATE 7|3|03     FILE NAME Hopkins     NO.____

NAME Eric Gill / Davis Polk     RE____
       212-450-4619

Astra Zeneca -- exploring settlement possibilities --
Has our client properly been served

Past of MDL in Boston

Redact all below →

REDACTED

215 [illegible]

Dr. Hopkins

MTQ-000389

# EXHIBIT D

7/18/03

Jack Fernandez, Esquire
ZUCKERMAN, SPAEDER, LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602
813-221-1010 telephone
813-223-7961 facsimile

COUNSEL FOR STANLEY C. HOPKINS, M.D.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

International Union of Operating Engineers,
Local No. 68 Welfare Fund,

                Plaintiff,

    v.

AstraZeneca PLC; AstraZeneca Pharmaceuticals LP;
AstraZeneca LP; Zeneca, Inc.; TAP Pharmaceutical Products,
Inc.; Abbott Laboratories; Takeda Chemical Industries, Ltd.;
Bayer AG; Bayer Corporation; Miles Laboratories, Inc.; Cutter
Laboratories, Inc.; GlaxoSmithKline, P.L.C.; SmithKline
Beecham Corporation; Glaxo Wellcome, Inc.; Pharmacia
Corporation; Pharmacia & Upjohn, Inc.; Monsanto Company;
G.D. Searle Company; Sanofi-Synthelabo Inc.; Johnson &
Johnson; Alza Corporation; Centocor, Inc.; Ortho Biotech, Inc.;
Alpha Therapeutic Corporation; Hoffman La-Roche Inc.;
Amgen, Inc.; Immunex Corporation; Aventis Pharmaceuticals,
Inc.; Aventis Behring L.L.C.; Hoechst Marion Roussel, Inc.;
Centeon, L.L.C.; Armour Pharmaceuticals; Baxter International
Inc.; Baxter Healthcare Corporation; Immuno-U.S., Inc.;
Boehringer Ingelheim Corporation; Ben Venue Laboratories,
Inc.; Bedford Laboratories; Roxane Laboratories, Inc.; Bristol-
Myers Squibb Company; Oncology Therapeutics Network
Corporation; Apothecon, Inc.; Dey, Inc.; Fujisawa
Pharmaceutical Co., Ltd.; Fujisawa Healthcare, Inc.; Fujisawa
USA, Inc.; Novartis International AG; Novartis Pharmaceutical
Corporation; Sandoz Pharmaceutical Corporation; Schering-
Plough Corporation; Warrick Pharmaceuticals Corporation;
Sicor, Inc.; Gensia Sicor Pharmaceuticals; Wyeth; Wyeth
Pharmaceuticals; Saad Antoun, M.D.; Stanley C. Hopkins,
M.D.; Robert A. Berkman, M.D.; Does 1-50; ABC Corp. 1-50;
and XYZ Partnerships; and Associations 1-50,

                Defendants.

C.A. NO. 03-3230 (SRC)

**AFFIDAVIT OF
JACK FERNANDEZ,
ESQUIRE**

## AFFIDAVIT OF JACK FERNANDEZ, ESQUIRE

STATE OF FLORIDA       :
                              :      ss.

COUNTY OF HILLSBOROUGH    :

       I, Jack Fernandez, Esquire hereby certify as follows:

       1.      I am a Partner with the law firm of Zuckerman, Spaeder, LLP, attorneys for

defendant, Stanley C. Hopkins, M.D., in this case.

       2.      I accepted service of the Class Action Complaint on behalf of Dr. Hopkins on July 3,

2003.

                                  JACK FERNANDEZ

SWORN TO AND SUBSCRIBED,
BEFORE ME, THIS _18th_
DAY OF _July_, 2003.

_Elaine H. Singleton_
Notary Public

                        Notary Public, State at Large, KY
                        My commission expires Dec. 8, 2004
My commission expires _____

2

# EXHIBIT E

**Merritt, Clare M.**

| | |
|---|---|
| **From:** | Fernandez, Jack |
| **Sent:** | Wednesday, July 16, 2003 5:45 PM |
| **To:** | Merritt, Clare M. |
| **Subject:** | FW: Motion To Quash |



Motion to Quash
Deposition Not...    Please format          OK – attached          HOLD IN FILE

——Original Message——
From: Benedetto, TerriAnne [mailto:TerriAnne.Benedetto@KlineSpecter.com]

Sent: Wednesday, July 16, 2003 5:44 PM
To: 'jfernandez@zuckerman.com'
Cc: Haviland, Donald E.
Subject: Motion To Quash

Attached please find the draft of the Motion To Quash which we have
prepared. Please call either Don or me if you have any questions or need
anything else. Please note that the draft Motion references 2 exhibits
which need to be attached.

Thank you,
TerriAnne Benedetto

<<Motion to Quash Deposition Notices for Doctors' Counsel – HOPKINS.wpd>>

TerriAnne Benedetto, Esquire
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
215-772-1000 telephone
215-735-0957 facsimile

This message and all attachments are confidential and may be protected by
the attorney-client or other privileges. Any unauthorized review, use,
disclosure or distribution is prohibited. If you believe this message has
been sent to you in error, please notify the sender by replying to this
transmission and delete the message without disclosing it. Thank you.

1

MTQ-000057

# <u>EXHIBIT F</u>

**Delesie, Clare M.**

| | |
|---|---|
| *From:* | **Fernandez, Jack** |
| *Sent:* | **Thursday, July 24, 2003 8:33 AM** |
| *To:* | **Merritt, Clare M.** |
| *Subject:* | **FW: Court documents** |

  

Affidavit of Service   Fernandez Limited   Joinder of Antoun
Doctor Fe...        Entry of App...      In Plaintiff...

Hold on to these.

-----Original Message-----
From: Haviland, Donald E. [mailto:Donald.Haviland@KlineSpecter.com]
Sent: Thursday, July 17, 2003 2:56 PM
To: Jack Fernandez (E-mail)
Subject: Court documents


Jack,
Per our discussions, I am forwarding to you two documents for your review,
approval and filing.
1. a Limited Entry of Appearance;
2. an Affidavit of Service.

I am also sending a third document that Mike Mustokoff is filing -- a
Joinder in our Remand Motion. Based on your prior e-mail, let me know if
that is something you would be willing to file as well.

I think these documents been to be FedExed to the NJ Court for filing
tomorrow to ensure they are received by Monday's hearing.
Thx
Don
 <<Affidavit of Service Doctor Fernandez.wpd>>  <<Fernandez Limited Entry of
Appearance.wpd>>  <<Joinder of Antoun in Plaintiffs Motion for Remand.wpd>>


--------------------------

Donald E. Haviland, Jr., Esquire
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102-3712
215*772*1000 telephone
215*735*0957 facsimile

This message is intended only for the use of the individual or entity to
which it is addressed and contains information that is privileged (protected
by the attorney-client privilege and the work-product privilege),
confidential and exempt from disclosure under applicable law. If the reader
of this message is not the intended recipient or the employee or agent
responsible for delivering the message to the intended recipient, you are
hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited. If you receive this message in error,
please notify us immediately via return e-mail and delete the original
message from your files.

MTQ-000509

# **EXHIBIT G**

Cases

---

## Delesie, Clare M.

**From:**    Haviland, Donald E. [Donald.Haviland@KlineSpecter.com]

**Sent:**    Wednesday, November 02, 2005 1:36 PM

**To:**    Fernandez, Jack

**Subject:** Cases

Here are the cases re the discoverability of settlement negotiations about which we spoke
<<EDPA case.wpd>> <<Lupron.wpd>>

---

Donald E. Haviland, Jr., Esquire
**Kline & Specter, P.C.**
1525 Locust Street, 19th Floor
Philadelphia, PA 19102-3712
215*772*1000 telephone
215*735*0957 facsimile

This message is intended only for the use of the Individual or entity to which it is addressed and contains information that is privileged (protected by the attorney-client privilege and the work-product privilege), confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you receive this message in error, please notify us immediately via return e-mail and delete the original message from your files.

MTQ-000488