# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 68 WELFARE FUND, Plaintiff, v. AstraZeneca PLC, et al., Defendants. | MDL No. 1456 C.A. NO. 01-12257-PBS |

## AFFIDAVIT OF MICHAEL M. MUSTOKOFF

Michael M. Mustokoff, Esquire, being duly sworn according to law deposes and says as follows:

1. I have some recollection of conversations regarding the captioned matter with plaintiff's counsel, Donald Haviland, Jr., sometime prior to July 2, 2003.

2. My recollection of these conversations is very vague because I was about to become involved in an injunction hearing and had assigned certain aspects of this matter to two associates at our law firm, Jonathan L. Swichar and Cindy Hinkle. Ms. Hinkle is no longer associated with our law firm.

3. The subject matter of my conversations with Mr. Haviland was very general. It included a description of the distress of my former client, Saad Antoun, M.D., at becoming involved in any further litigation arising from AstraZeneca's distribution of pharmaceutical samples. I also mentioned Dr. Antoun's lack of any predisposition to assist AstraZeneca in any way.

4. Sometime prior to July 3, 2003, Mr. Haviland and I discussed the possibility of my acceptance of service of the complaint on behalf of Dr. Antoun. I agreed to do so. We have not found any document memorializing that conversation in any way and I do not believe there to be any.

5. Our firm's appearance was not entered as of July 3, 2003 nor did we file any pleading with the court as of this date. I am also not aware of plaintiff attempting personal service of Dr. Antoun in this case.

6. There were also conversations between Mr. Haviland and myself regarding remand.

7. These conversations followed my discussions with at least one of the attorneys in the criminal case. It is my recollection that a determination was made to agree to a remand of the case to the New Jersey State Court as a matter of economics, efficiency and convenience to Dr. Antoun.

8. Sometime in June 2003, and prior to my receipt of a copy of the complaint in this matter, there was the briefest of conversations with Mr. Haviland regarding the possibility of a settlement which might result in a release of Dr. Antoun from the captioned matter. These conversations followed my receipt in June 2003 of a proposed Memorandum of Understanding whose terms I knew to be clearly unacceptable to Dr. Antoun.

9. Both Mr. Haviland and I agreed that any chance of resolving the matter at that early stage in the proceeding was premature, and thus discussions regarding settlement discussions ceased.

10. In the event that I were deposed in this matter, I would refuse to answer any additional questions regarding settlement discussions between myself and Mr. Haviland as being privileged.

_____
Michael M. Mustokoff

Sworn to and subscribed
before me this 17th day
of October 2005.

_____
Notary Public

My commission expires:

PH2\884406.1

```
NOTARIAL SEAL
Helen O. Fillman, Notary Public
Hatfield Township
Montgomery County, PA
Commission Expires November 9, 2006
```

3