# EXHIBIT 8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

This document relates to:

*Int'l Union of Operating Eng'rs, Local No.
68 Welfare Fund v. AstraZeneca PLC et al.,
Civil Action No. 04-11503-PBS*

MDL No. 1456

Master File No. 01-12257-PBS

Judge Patti B. Saris

## DECLARATION OF JOHN C. DODDS

John C. Dodds, declares and says:

1.      I am a member of the firm Morgan Lewis & Bockius LLP.  I represent
        Pfizer Inc. and Pharmacia Corp. in connection with the above-captioned
        litigation.  I previously represented AstraZeneca Pharmaceuticals LP
        ("AstraZeneca") in connection with a government investigation of certain
        sales and marketing practices relating to an AstraZeneca product named
        Zoladex.

2.      I submit this Declaration in response to the Court's August 19, 2005
        Order.  In that Order, the Court asks counsel for AstraZeneca to state
        whether they dispute certain statements made by counsel to Dr. Saad
        Antoun in Dr. Antoun's July 18, 2005 Joinder in Plaintiffs' Motion to
        Remand.

3.      In that Joinder, Dr. Antoun's counsel states that Dr. Antoun's consent to
        removal was sought by counsel for AstraZeneca (¶ 5).  Dr. Antoun's
        counsel also states that he communicated Dr. Antoun's denial of consent
        to removal to me (¶ 6).

4.      Neither paragraph 5 nor paragraph 6 indicate on what date the communications described therein occurred.

5.      To the best of my recollection, which is consistent with my calendar entries, I first called counsel for Dr. Antoun regarding this matter on July 8, 2003, several days after the Notice of Removal was filed. I informed counsel for Dr. Antoun that, while I had represented AstraZeneca in the government investigation, I was representing Pfizer and Pharmacia in this matter, and that I had been asked by Scott Wise, counsel to AstraZeneca in connection with this litigation, to contact counsel for Dr. Antoun, with whom I am acquainted.

6.      As to the substance of our conversation, I do not recall specifically whether I inquired about Dr. Antoun's consent to removal, or whether Dr. Antoun's counsel told me that Dr. Antoun did not consent to removal. I do recall generally discussing the removal of this action, and that Dr. Antoun's counsel indicated to me that he believed it was in his client's best interest to cooperate with Mr. Donald Haviland, counsel to Plaintiffs, in connection with this litigation.

7.      I declare under penalty of perjury that the foregoing is true and correct.


                                            John C. Dodds
                                            John C. Dodds

2