# EXHIBIT 13

STATE OF NORTH CAROLINA  
NEW HANOVER COUNTY

IN THE GENERAL COURT OF JUSTICE  
SUPERIOR COURT DIVISION

HARRY E. STETSER, DALE E. NELSON,  
and MICHAEL de MONTBRUN, individually  
and on behalf of themselves and all others  
similarly situated,

        Plaintiffs,

FILE NO. 1-CV-5268

v.

TAP PHARMACEUTICAL PRODUCTS  
INC.; ABBOTT LABORATORIES;  
TAKEDA CHEMICAL INDUSTRIES,  
LTD.; CLASS ACTION JOHNSON &  
JOHNSON; ETHICON ENDO-SURGERY,  
INC.; INDIGO LASER CORPORATION;  
DAVID JETT; CHRISTOPHER COLEMAN;  
SCOTT HIDALGO; and EDDY JAMES HACK,

(Jury Trial Demanded)

        Defendants.

_____/

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT is made as of the ⁄⁄ day of August, 2002 by and between defendant Scott Hidalgo ("Hidalgo") or the "Settling Defendant") and the plaintiffs and Settlement Class, as defined in paragraph 1 of this Settlement Agreement.

WHEREAS, plaintiffs, in the above-captioned case, have filed a Complaint in this action, wherein plaintiffs have alleged that the Settling Defendant has acted unlawfully by, among other things, conspiring with TAP Pharmaceutical Products, Inc., Abbott Laboratories, and Takeda Chemicals Industries, Johnson & Johnson, Ethicon Endo-Surgery, Inc., Indigo Laser Corporation and others in the promotion and facilitation of Lupron at inflated AWPs, and by receiving kickback payments for his role in this conspiracy (the "Class Action");

WHEREAS, the Settling Defendant denies plaintiffs' allegations of unlawful conduct and would assert a number of defenses to plaintiffs' claims were this case to go further;

WHEREAS, plaintiffs and the Settling Defendant agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by any defendant or of the truth of any of the claims or allegations alleged in the Class Action or otherwise, beyond those admissions which arise out of the Settling Defendant's criminal plea;

WHEREAS, arm's length settlement negotiations have taken place between counsel for plaintiffs and the Settling Defendant, and this Settlement Agreement, which embodies all of the terms and conditions of the settlement between Settling Defendant and the Settlement Class, has been reached, subject to the final approval of the Court;

WHEREAS, a separate action has been filed, to-wit: In the Superior Court of the State of Arizona, In And For the County of Maricopa, Robert S. Swanston, etc., v. Tap Pharmaceutical Products, Inc., et al., Case Number CV2002-004988, wherein the Settling Defendant and Settling Defendant's wife, Amanda Hidalgo, are alleged to have been involved in the same unlawful conduct as set forth in this action;

WHEREAS, a separate settlement agreement has been reached, except for final written execution of the Settlement Agreement, and approval by the Arizona trial court, in which the parties agree to terminate the subject litigation;

WHEREAS, the parties agree that this settlement, the Arizona settlement and any other action (see, other actions, e.g., page 7, paragraph 7, of this Settlement Agreement, infra,) shall resolve all issues and differences relating to the allegations by the plaintiffs against the Settling

Defendant, as well as his wife, Amanda Hidalgo, in this and other pending class actions, and potential future class actions, as contemplated in this Settlement Agreement;

WHEREAS, plaintiffs' counsel have concluded, after due investigation and after carefully considering the relevant circumstances, including the financial circumstances of the Settling Defendant, the claims asserted in the Complaint, the legal and factual defenses thereto, and the applicable law, that it would be in the best interests of the Settlement Class to enter into this Settlement Agreement in order to avoid the uncertainties of litigation, particularly complex litigation such as this, and to assure that the benefits reflected herein are obtained for the Settlement Class, and, further, that plaintiffs' counsel consider the settlement set forth herein to be fair, reasonable, and adequate and in the best interests of the Settlement Class;

WHEREAS, the settlement reached herein takes into account the Three Hundred Thousand Dollars ($300,000.00) paid by Settling Defendant to the federal government, pursuant to forfeiture of funds in the United States District Court for the District of Connecticut, U.S.A. v. Scott Hidalgo, Case Number 3:01CR95(DJS), and U.S.A. v. $300,000.00 in U.S. Currency, that Settling Defendant has provided full cooperation in the past, and will continue to provide future full cooperation to the plaintiffs in the further prosecution of this action against the remaining defendants, as fully set forth in paragraph 13 of this Settlement Agreement, which plaintiffs' counsel believe will help substantially in the continued prosecution or other resolution of this litigation, that Settling Defendant will continue to incur significant additional expenses in connection with such cooperation, and Settling Defendant's financial condition and the constraints on and resulting from that financial condition;

WHEREAS, this litigation will continue against the remaining defendants; and

WHEREAS, the Settling Defendant has concluded, despite his belief that he is not liable for the claims asserted and has good defenses thereto, that he will enter into this Settlement Agreement solely to avoid the further expense, inconvenience and burden of this protracted litigation, and the distraction and diversion of himself, his family and his resources, and thereby to put to rest this controversy, and to avoid the risks inherent in uncertain complex litigation;

NOW, THEREFORE, it is agreed by and between the undersigned, on behalf of the Settling Defendant and the Settlement Class, that the Class Action and all claims of the Settlement Class be settled, compromised and dismissed on the merits and with prejudice as to the Settling Defendant, and, except as hereafter provided, without costs as to the Settlement Class or the Settling Defendant, subject to the approval of the Court, on the following terms and conditions;

1. Subject to the Court's approval and for the purposes of this Settlement Agreement only, the undersigned agree that there shall be designated the following Settlement Class in *Stetser, et al.TAP Pharmaceuticals, Inc., No. 1-CV-5268* (herein "the Class Action"):

All persons and entities in North Carolina and throughout the United States who paid any portion of the cost of Lupron®, which cost was based upon, in whole or in part, the published AWP for Lupron®. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, and their legal representatives, heirs, successors, and any governmental entities.

2. Counsel for the undersigned agree to recommend approval of this Settlement Agreement by the Court and by the members of the Settlement Class and to undertake their best efforts, including all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of this Settlement Agreement.

3. As soon as is possible after execution of this Settlement Agreement, plaintiffs shall submit to the Court a motion for preliminary approval of the settlement and final judgment contemplated by this Settlement Agreement and for a stay of all proceedings in the Class Actions against the Settling Defendant until the Court has approved the settlement and entered the final judgment, which motion shall include proposed forms of mail notice and publication notice of the settlement to members of the Settlement Class, approved by the Settling Defendant (which approval shall not be unreasonably withheld), the proposed form of order and final judgment attached hereto as Exhibit A, and the proposed form of order, preliminarily approving this Settlement Agreement, attached hereto as Exhibit B. Plaintiffs shall request that a decision be made promptly on the papers or that a hearing on their motion for preliminary approval of the settlement be held at the earliest date available to the Court.

4. In the event that the Court preliminarily approves the settlement, plaintiffs shall, as soon thereafter as is reasonably possible, provide Settlement Class members who have been identified by reasonable means with mail or other reasonable notice of the settlement pursuant to Rule 23(c) of the North Carolina Rules of Civil Procedure. Plaintiffs shall take all necessary and appropriate steps to insure that such notice is provided as soon as possible.

5. If, after notice to the Settlement Class and hearing, the Court approves this Settlement Agreement, then the parties hereto shall jointly seek entry of an order and final judgment, in the form attached hereto as Exhibit A:

> a. as to the Class Action, approving finally this settlement and its terms as being a fair, reasonable and adequate settlement as to plaintiffs within the meaning of Rule 23(c) of the North Carolina Rules of Civil Procedure and directing its consummation pursuant to its terms;

b. directing that, as to the Settling Defendant, the Class Action be dismissed with prejudice and, except as provided for herein, without costs; reserving exclusive jurisdiction over the settlement and this Settlement Agreement, including the administration and consummation of this settlement;

c. reserving exclusive jurisdiction over the settlement and this Settlement Agreement, including the administration and consummation of this settlement;

d. determining pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure that there is no just reason for delay and directing that the judgment of dismissal shall be final and appealable; and

e. directing that, for a period of five (5) years, the Clerk of the Court shall maintain the record of those potential members of the Settlement Class who have timely excluded themselves from the Settlement Class and that a certified copy of such records shall be provided to the Settling Defendant, at his expense.

6. This Settlement Agreement shall become final upon the occurrence of all of the following three (3) events;

a. it is approved in all respects by the Court as required by Rule 23(c) of the North Carolina Rules of Civil Procedure;

b. entry, as provided for in paragraph 5 herein, is made of the final judgment (Exhibit "A" hereto) of dismissal with prejudice as to the Settling Defendant against all members of the Settlement Class who have not timely excluded themselves from the Settlement Class; *provided, however,* that final judgment shall not be entered unless and until the time within which the Settling

Defendant may withdraw from or terminate this Agreement and the Settlement set forth herein pursuant to the provisions of paragraph 10 has expired (without such withdrawal or termination having taken place); and

c. the time for appeal or to seek permission to appeal from the Court's approval of this Settlement Agreement as described in (a) hereof and entry of a final judgment as described in (b) hereof has expired or, if appealed, approval of this Settlement Agreement and the final judgment have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

7. Subject to the provisions hereof, and in full, complete and final settlement of the Class Actions, Settling Defendant agrees to do the following:

a. Full discovery. Without the need for formal discovery demand, Settling Defendant directly, and indirectly by and through his counsel, agrees to provide full and complete discovery as to the claims alleged by the plaintiffs in the Class Action and the cases of *Walker v. TAP Pharmaceutical Products, Inc., et al.*, CPM-L-682-01, currently pending in State Court in New Jersey, *Swanston v. TAP Pharmaceutical Products, Inc., et al.*, CV2002-004988, currently pending in State Court in Arizona, and any other later-filed case involving these same parties and claims [hereinafter "the Other Class Actions"] including, but not limited to, all relevant documents in his care, custody and control and sworn testimony about the facts and circumstances of his involvement in the conspiracy as alleged in U.S.A. v. Scott Hidalgo, in the

United States District Court for the District of Connecticut, and the involvement of other defendants. Settling Defendant also agrees to provide documents and other evidence sufficient to demonstrate his financial condition and inability to pay damages to the Settlement Class. The Settling Defendant agrees to retain, pending the final disposition of the Class Action, all documents or other evidence, if any, in his possession, custody or control, or in the possession, custody or control of his attorneys or other agents relating to the subject matter of this proceeding.

b. Cooperation. Settling Defendant directly, and indirectly by and through his counsel, agrees to provide continuing cooperation to the undersigned counsel for the Settlement Class plaintiffs and to use his best efforts to assist in the further investigation and prosecution of the Class Actions and Other Class Actions.

c. Attendance at Trial. Settling Defendant agrees to make himself available for and to voluntarily appear at the trial (or trials) of the Class Action and the Other Class Actions, at a reasonable time and place to be determined in the future, and agrees to waive any requirement of compulsory process or the service of a trial subpoena to establish jurisdiction over his person or to compel his attendance. The undersigned counsel for the Settlement Class plaintiffs agree to reimburse Settling Defendant for his reasonable expenses, which shall include traveling to, and attending any trial, discovery proceedings, motion hearings, or any other matter requiring Settling

Defendant's presence. These expenses shall include airfare, lodging, meals and other necessary and attendant expenses associated thereto.

d. Stipulation to Nationwide Settlement Class. To effectuate the terms of this Settlement and the Release provided in paragraph 11 below, Settling Defendant shall stipulate to the certification of a nationwide Settlement Class as defined above in paragraph    . Moreover, Settling Defendant agrees to cooperate fully with the undersigned counsel for the Settlement Class plaintiffs and the Court in obtaining both preliminary and final approval of this Settlement and the certification of a Settlement Class, including the preparation and filing of all necessary papers and attendance at hearings.

8. Members of the Settlement Class who have not timely excluded themselves from the Settlement Class shall look solely to the terms of this Settlement Agreement for settlement and satisfaction against the Settling Defendant, as defined in paragraph 11, of all claims that are released hereunder.

9. The Settling Defendant shall not be liable for any costs, fees or expenses of any of plaintiffs' respective attorneys, experts, advisors, agents and representatives. Except as otherwise provided in this Settlement Agreement, in no event shall the Settling Defendant have any liability with respect to the giving of notice of this settlement to Settlement Class members, including, but not limited to, the expense and cost of such notice.

10. If within twenty (20) days after the date fixed by the Court for members of the Settlement Class to exclude themselves from the terms of this Agreement, the Settling Defendant, in his sole judgment, shall reasonably determine that requests for exclusions from the Settlement Class have been made by a material proportion of potential members of the Settlement Class, this

Agreement, at the option of the Settling Defendant, shall be terminated. Such option shall be exercised, if at all, within such twenty (20) day period by service of written notice of the election to withdraw on undersigned counsel by telecopy notice (and by certified mail) with a copy filed with the Court.

11. In addition to the effect of any final judgment entered in accordance with this Settlement Agreement, upon this Settlement Agreement becoming final, the Settling Defendant and his family, agents (and any of their legal representatives), heirs, executors, administrators, successors and assigns, but not including any other present defendant, or any affiliated company of any other present defendant, in the Class Action (the "Released Party"), shall be released and forever discharged from all manner of claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that any member or members of the Settlement Class who have not timely excluded themselves from the terms of this Agreement (including any of their past, present or future officers, directors, stockholders, agents, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns) and whether or not they object to the settlement and whether or not they make a claim upon or participate in any Settlement Fund ultimately created, whether directly, representatively, derivatively or in any other capacity, ever had, now has or hereafter can, shall or may have, relating in any way to any conduct prior to the date hereof arising under or relating to the common law or statutes of North Carolina or any other state or the District of Columbia, whether arising under state or federal laws, including, but not limited to, consumer fraud and protection laws, unfair competition, unfair practices or trade practice laws, and antitrust laws concerning the

manufacturer, distribution, marketing, promotion, purchase, sale or pricing of Lupron or relating to any conduct alleged in the Complaint, and including, without limitation, claims which have been asserted or could have been asserted in any litigation against the Released Party or any one of them (hereinafter, and as further defined in paragraph 12, the "Released Claims"). By this Settlement Agreement, the members of the Settlement Class intend to settle with and release only the Released Party as set forth herein and the parties do not intend this Settlement Agreement, or any part hereof, or any other aspect of the proposed settlement or release, to release or otherwise affect in any way any rights the members of the Settlement Class have or may have against any other defendant in this litigation or against any other party or entity whatsoever other than the Released Party as set forth herein. More particularly, the fact or terms of this settlement with the Settling Defendant and the release contained in this paragraph shall not be construed to release or limit in any manner whatsoever the joint or several liability or damage responsibility of any other defendant or alleged co-conspirator for the alleged fraud, conspiracy, sales, distribution or other acts alleged in the Class Action, including, but not limited to, any alleged damage or responsibility for any of the acts of marketing, promotion, distribution, purchase or sales of Lupron® by the Released Party.

12. In addition to the provisions of paragraph 11, each member of the Settlement Class hereby expressly waives and releases, upon this Settlement Agreement becoming final, any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. <u>Certain Claims not Affected by General Release.</u> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor; or conferred by any law of any state or territory of the United States, or

principle of common law, which is similar, comparable or equivalent to §542 of the California Civil Code. Each member of the Settlement Class may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of paragraph 11, but each member of the Settlement Class hereby expressly waives and fully, finally and forever settles and releases, upon this Settlement Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of paragraph 11, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

13. If the Court refuses to approve this Settlement Agreement or any part hereof, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in paragraph 5, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed, then this Settlement Agreement shall be canceled and terminated, and shall become null and void.

14. In the event that the Settlement does not become final in accordance with the terms hereof, then this Settlement Agreement shall be of no force or effect and, in any event, the parties hereto agree that this Settlement Agreement, including its exhibits, whether or not it shall become final, and any and all negotiations, documents and discussions associated with it shall be without prejudice to the rights of any party, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by any defendant or of the truth of any of the claims or allegations contained in the Complaint or any other pleading, and

evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Class Action or in any other action or proceeding. The parties expressly reserve all of their rights if the settlement does not become final in accordance with the terms of this Settlement Agreement.

15. This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto. Without limiting the generality of the foregoing, each and every covenant and agreement herein by the class plaintiffs and their counsel shall be binding upon all members of the Settlement Class.

16. This Settlement Agreement contains an entire, complete, and integrated statement of each and every term and provision agreed to by and among the parties; it is not subject to any condition not provided for herein. This Settlement Agreement shall not be modified in any respect except by a writing executed by all the parties hereto.

17. Any inconsistency between this Settlement Agreement and the exhibits attached hereto shall be resolved in favor of this Settlement Agreement.

18. None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

19. All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the substantive laws of the State of North Carolina without regard to its choice of law or conflict of laws principles.

20. The Settling Defendant and each member of the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the Superior Court of North Carolina, for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement and exhibits hereto. Without limiting the generality of the

foregoing, it is hereby agreed that any dispute concerning the provisions of paragraphs 11 and/or 12, including but not limited to any suit, action or proceeding by a plaintiff in which the provisions of paragraphs 11 and/or 12 are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, will constitute a suit, action or proceeding arising out of or relating to this Settlement Agreement and exhibits hereto. In the event the provisions of paragraphs 11 and/or 12 are asserted by the Settling Defendant as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection in any suit, action or proceeding by a plaintiff, it is hereby agreed that the Settling Defendant shall be entitled to a stay of that suit, action or proceeding until the Superior Court of North Carolina has entered a final judgment no longer subject to any appeal or review determining any issues relating to the defense or objection based on such provisions. Solely for purposes of such suit, action or proceeding, to the fullest extent that may effectively be done under applicable law, the parties hereto irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Superior Court of North Carolina, or that such court is, in any way, an improper venue or an inconvenient forum.

21. The undersigned counsel for the parties to this Settlement Agreement covenant and represent that they are fully authorized to enter into and to execute this Settlement Agreement.

22. This Settlement Agreement may be executed in counterparts. Facsimile signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Settlement Agreement.

23. The undersigned attorneys acknowledge the need to maintain the confidentiality of this Settlement Agreement, and agree not to disclose the same to any person or entity without the express written consent of both parties.

24. The parties hereby agree that the Memorandum of Understanding dated March 14, 2002 is included by reference, and all clauses therein are adopted and ratified by this Settlement Agreement.

Dated: *August 27, 2002*

*/s/ Donald E. Haviland, Jr.*
DONALD E. HAVILAND, JR., Esq.
KLINE & SPECTER, P.C.
1525 Locust Street
The Nineteenth Floor
Philadelphia, Pennsylvania 19102
Telephone: (215)772-1000

*/s/ Marvin K. Blount, Jr.*
MARVIN K. BLOUNT, JR., Esq.
THE BLOUNT LAW FIRM, PLCC
400 West First Street
Post Office Drawer 58
Greenville, North Carolina 27835-0058
Telephone: (252)752-6000

ATTORNEYS FOR PLAINTIFFS,
HARRY E. STETSER, DALE E. NELSON,
MICHAEL deMONTBRUN and THE CLASS

Dated: 8/16/02

*/s/ Chandler R. Muller*
CHANDLER R. MULLER, Esq.
LAW OFFICES OF
CHANDLER R. MULLER, P.A.
1150 Louisiana Avenue, Suite 2
Post Office Box 2128
Winter Park, Florida 32790-2128
Telephone: (407)647-8200

ATTORNEY FOR SETTLING DEFENDANT
SCOTT HIDALGO