# EXHIBIT D



7514820

Nov 28 2005
5:28PM

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION | : <br> : <br> : <br> : <br> : <br> : <br> : | **SUBPOENA IN A CIVIL CASE**<br>**MDL NO. 1456**<br><br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br>(case pending in D. Mass.) |
| THIS DOCUMENT RELATES TO THE MASTER<br>CONSOLIDATED CLASS ACTION | : <br> : <br> : <br> : <br> : <br> : | |

TO:   Harvard Pilgrim Healthcare
      93 Worcester Street
      Wellesley, MA 02841

☐  **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒  **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Harvard Pilgrim Healthcare<br>93 Worcester Street<br>Wellesley MA 02841 | December 2, 2005 at 10:00 a.m. |

☒  **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
      See Schedule A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Harvard Pilgrim Healthcare<br>93 Worcester Street<br>Wellesley, MA 02841 | November 30, 2005 at 10:00 a.m. |

☐  **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).    See Schedule A, attached hereto.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Abbott Laboratories on behalf of all defendants to the<br>Third Amended Master Consolidated Class Action Complaint | November 22, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: James R. Daly, Jones Day, 77 W. Wacker Dr., Suite 3500, Chicago, IL 60601
(312) 782-3939

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| SERVED | DATE | | PLACE |
|---|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                  **DATE**

_____
**SIGNATURE OF SERVER**

_____
**ADDRESS OF SERVER**

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i)   fails to allow reasonable time for compliance;
   (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv)  subjects a person to undue burden.

(B) If a subpoena
   (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

1

1228312v1

## DEFINITIONS

1.      "Harvard Pilgrim Health Care," ("Harvard Pilgrim") "You," or "Your" means Harvard Pilgrim and any of its past or present officials, officers, fiduciaries, representatives, agents, assigns, attorneys, employees, divisions, departments, affiliates, and all other persons or entities acting or purporting to act on its behalf or under its control.

2.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

3.      "AWP" or "Average Wholesale Price" means the price for drugs as periodically published by one or more pharmaceutical industry compendia, including the Drug Topics Red Book (the "Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First DataBank"), Essential Directory of Pharmaceuticals (the "Blue Book"), and Medi-Span's Master Drug Database ("Medi-Span").

4.      "Communication," means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.      "Concerning," means referring to, describing, evidencing, or constituting.

6.      "Copy" or "Copies" when used in reference to a document means any color or black-and-white reproduction of a document, regardless of whether the reproduction is made by means of carbon paper pressure, sensitive paper, photostat, xerography, or other means or process.

7.      "Defendant" or "Defendants" means the list of defendants shown on Exhibit A annexed hereto and any of their past or present officials, officers, fiduciaries, representatives, agents, assigns, attorneys, employees, divisions, departments, affiliates, and all other persons or entities acting or purporting to act on their behalf or under their control.

CHI-1507571                                    -1-

8.  "Document" means the original and each non-identical copy of a document in any medium, including electronic form, whether or not it was communicated to any person other than the author, and shall include but not be limited to, writings, printings, photographs, photocopies, tapes, recordings, video recordings, electronic data, e-mails, and any other symbolic representations in your possession, custody or control or known or believed by you to exist.

9.  "Drug Manufacturer" means a company that manufactures pharmaceutical products, including, without limitation, Subject Drugs.

10.  The terms "Participant" and "Beneficiary" mean a person for whom a health plan, health maintenance organization, insurance provider or company, health and welfare fund, or other similar entity provides any medical or health insurance benefit.

11.  "Person" means any natural person or any business, legal, or governmental entity or association.

12.  "Provider" means any physician, physician group, pharmacy, Specialty Pharmacy, hospital, clinic or any other entity that provides health care or pharmaceuticals to any Participant or Beneficiary.

13.  "Relating" means in any way concerning or referring to, consisting of, involving, regarding or connected with the subject matter of the request.

14.  "Specialty Pharmacy" means a full service pharmacy that, among other things, dispenses and/or administers Subject Drugs directly to patients, and provides services including but not limited to contracting with Drug Manufacturers, prior authorization, patient education and follow up, case management, and home delivery.

15.  "Staff-Model HMO" means a health maintenance organization ("HMO") providing health services from a group of physicians who are either staff employees of a

professional group practice which is an integral part of the HMO plan or are direct employees of the HMO itself.

16.    "Subject Drug" or "Subject Drugs" means one or more of the drugs listed on Exhibit A annexed hereto.

17.    "WAC" means wholesale acquisition cost or the list prices for sales by Drug Manufacturers to Wholesalers.

18.    "Wholesaler" means any entity that purchases Subject Drugs from a Drug Manufacturer and resells such drugs to any other entity.

## INSTRUCTIONS

1.    Unless otherwise specifically stated, the requests below refer to the period of January 1, 1991 to the present.

2.    The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

3.    Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your custody, or if it is in the custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

4.      If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document. If the document has been destroyed, state the reason for its destruction.

Provide the following information for each document withheld on the grounds of privilege:

(a)     its date;

(b)     its title;

(c)     its author;

(d)     its addressee;

(e)     the specific privilege under which it is withheld;

(f)     its general subject matter; and

(g)     a description of it that you contend is adequate to support your contention that it is privileged.

2.      These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial.

3.      The documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.

4.      To the extent that you consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which you object and each ground for each objection.

## SCHEDULE A

## DOCUMENTS TO BE PRODUCED

1.      All schedules disclosing the amounts reimbursed to physicians for services rendered and drugs administered (*i.e.*, physician "fee schedules") and documents detailing how the schedules were calculated or derived.  To the extent the fee schedules differ from the electronic schedules or tables used to generate the actual reimbursement amounts paid to physicians, produce all such schedules and tables.

2.      Physician reimbursement contracts reflecting all methodologies used to calculate drug reimbursements for Subject Drugs and services realted to Subject Drugs.

3.      Electronic medical claims data (hospital and provider data) regarding reimbursement for all drugs on the list attached hereto as Exhibit A, including all data regarding reimbursements for related administration or service fees, and all claims processing manuals corresponding to the electronic medical claims data produced.

4.      All documents, including electronic transaction records, concerning your purchase of the Subject Drugs from Defendants, Wholesalers, Specialty Pharmacies or any other person or entity.

5.      All documents relating to Your Specialty Pharmacy Programs including documents analyzing whether to initiate a Specialty Pharmacy program, establishing a Specialty Pharmacy Program and administering a Specialty Pharmacy Program.

6.      All documents relating to or reflecting differences between the amounts you reimburse in relation to physician-administered drugs when they are administered in hospitals as compared to providers' offices, including, but not limited to, all strategic plans and business plans comparing the associated costs of administration in each site of care, or indicating an incentive or preference to administer drugs in a providers' office rather than in a hospital setting.

7.      All documents regarding advisory boards conducted by you or on your behalf and involving physicians or pharmacists, including final reports or other documents reflecting the issues discussed, participants in and conclusions of such advisory boards.

8.      All documents reflecting or regarding any consideration of or actual changes to your reimbursements for drugs or services based on or by reference to changes in Medicare's reimbursement rates for drugs or services since 2003.

9.      All documents, including electronic transaction records and contracts, concerning your direct purchases of drugs and from Manufacturers, Wholesalers, Specialty Pharmacies or any other person or entity.

10.     Documents regarding and reflecting the scope of operation of Your Staff Model HMO, including documents reflecting the time period of its operation, the number of patients treated through its facilities, the numbers of its members, the volume of its drug purchases, the terms of contract with Drug Manufacturers and Wholesalers for the purchase of drugs and the reasons or rationale behind Your decision to cease its operation.

11.     All documents, including communications between you and providers, relating to or reflecting:

      (a)     The costs to providers of acquiring physician-administered drugs, including, but not limited to, the drugs on the list attached hereto as Exhibit A;

      (b)     Any differences between the costs to providers of acquiring physician-administered drugs and the amounts you reimburse providers for such physician-administered drugs;

      (c)     Your understanding that the costs to providers of acquiring or administering physician-administered drugs are different from the amounts You reimburse Providers in relations to such physician-administered drugs;

(d)   Your intention or the fact that drug reimbursement acted as a cross-subsidy for service or administration reimbursements that were inadequate or were perceived by physicians to be inadequate.

12.   All documents regarding the process whereby Harvard Pilgrim determines drug formularies, including analysis of the economic merits of selecting or placing on a higher tier certain drugs as compared to others.

13.   Summary reports regarding rebates received by you from drug manufacturers and the underlying contracts regarding rebates between you and manufacturers.

14.   All documents reflecting any controls, measures, studies or benchmark comparisons considered or implemented by you to manage the costs of reimbursements for physician administered drugs.

**SCHEDULE B**

**DEPOSITION TOPICS**

1.   Fee schedules for physician-administered drugs, including the methodologies used to develop the these schedules, the rationales for such methodologies, and whether the fee schedules were communicated to the physicians.

2.   Whether and to what extent a Staff-Model HMO was implemented by your plan and if so, when it began and when it ceased operation, its purchasing practices and the terms of its contracts with Drug Manufacturers and Wholesalers.

3.   Any analysis completed concerning the implementation of a Specialty Pharmacy Program and the establishment and administration of the Specialty Pharmacy Program.

4.   The existence of, membership of and matters discussed at any physician or pharmacist advisory boards related to drug reimbursement as it may have applied to reimbursement of the Subject Drugs or to the Subject Drugs themselves.

CHI-1507571                                -7-

5.      Your contracts with Drug Manufacturers and Wholesalers for the purchase physician-administered drugs or for rebates paid by Drug Manufacturers and Wholesalers for physician-administered drugs.

## EXHIBIT A

## ALL DRUGS LISTED BELOW ARE SUBJECT TO THESE DISCOVERY REQUESTS

| | |
|---|---|
| Abbott | Acetylcyst |
| Abbott | Acyclovir |
| Abbott | A-Methapred |
| Abbott | Aminosyn |
| Abbott | Calcijex |
| Abbott | Cimetidine |
| Abbott | Dextrose |
| Abbott | Dextrose w/Sodium Chloride |
| Abbott | Diazepam |
| Abbott | Fentanyl Cit |
| Abbott | Furosemide |
| Abbott | Gentamicin |
| Abbott | Heparin Lock |
| Abbott | Leucovor CA |
| Abbott | Lorazepam |
| Abbott | Sod Chloride |
| Abbott | Sodium Chloride Sol |
| Abbott | Tobra/Nacl |
| Abbott | Tobramycin |
| Abbott | Vancomycin |
| | |
| Amgen | Aranesp |
| Amgen | Enbrel |
| Amgen | Epogen |
| Amgen | Neulasta |
| Amgen | Neupogen |
| | |
| Astrazeneca | Zoladex |
| Astrazeneca | Rhinocourt |
| | |
| Aventis | Anzemet |
| Aventis | Gammar |
| Aventis | Gammar P-IV |
| Aventis | Intal |
| Aventis | Intal INH |
| Aventis | Taxotere |
| | |
| B. Braun | Dextrose |
| B. Braun | HEP Sod/D5W |
| B. Braun | HEP Sod/NACL |

| | |
|---|---|
| B. Braun | Sod Chloride |
| B. Braun | Sodium Chloride Sol |
| | |
| Baxter | Aggrastat |
| Baxter | Ativan |
| Baxter | Bebulin VH |
| Baxter | Brevibloc |
| Baxter | Buminate |
| Baxter | Cisplatin |
| Baxter | Claforan/D5W |
| Baxter | Dextrose |
| Baxter | Doxorubicin |
| Baxter | Gammagard SD |
| Baxter | Gentam/NACL |
| Baxter | Gentran 40 |
| Baxter | Gentran 75 |
| Baxter | Gentran/Trav |
| Baxter | Heparin Lock |
| Baxter | Iveegam |
| Baxter | Iveegam EN |
| Baxter | Osmitrol |
| Baxter | Osmitrol VFX |
| Baxter | Recombinate |
| Baxter | Sod Chloride |
| Baxter | Sodium Chlor Sol |
| Baxter | Vancocin HCL |
| Baxter | Vancocin/Dex |
| | |
| Bayer Pharmaceutical | Cipro |
| Bayer Pharmaceutical | Cipro Cystit Tab |
| Bayer Pharmaceutical | Cipro I.V. |
| Bayer Pharmaceutical | Cipro XR |
| Bayer Pharmaceutical | DTIC-DOME |
| Bayer Pharmaceutical | Gamimune N |
| Bayer Pharmaceutical | Koate-HP |
| Bayer Pharmaceutical | Kogenate FS |
| Bayer Pharmaceutical | Mithracin |
| | |
| Bedford | Acyclovir Sodium |
| Bedford | Cytarabine |
| Bedford | Etoposide |
| Bedford | Leucovorin Calcium |
| | |
| B-M Squibb | Paraplatin Inj |
| B-M Squibb | Blenoxane |

| | |
|---|---|
| B-M Squibb | Cytoxan |
| B-M Squibb | Etopophos |
| B-M Squibb | Taxol |
| B-M Squibb | Vepesid |
| | |
| Apothecon | Fungizone (amphotercin b) |
| | |
| Boehringer Ingelheim | Acyclovir Sodium |
| Boehringer Ingelheim | Cytarabine |
| Boehringer Ingelheim | Doxorubicin |
| Boehringer Ingelheim | Etoposide |
| Boehringer Ingelheim | Leucovor CA |
| Boehringer Ingelheim | Leucovorin Calcium |
| Boehringer Ingelheim | Methotrexate |
| Boehringer Ingelheim | Methrotexate Sodium |
| Boehringer Ingelheim | Mitomycin |
| Boehringer Ingelheim | Vinblastine Sulfate |
| | |
| Cerenex | Imitrex |
| | |
| Dey Labs | Acetylcysteine |
| Dey Labs | Albuterol |
| Dey Labs | Cromolyn Sodium |
| Dey Labs | Ipratropium |
| Dey Labs | Metaproteren Neb |
| | |
| Fujisawa | Aristocort |
| Fujisawa | Aristospan |
| Fujisawa | Cefizox |
| Fujisawa | Cefizox/D5W |
| Fujisawa | Prograf |
| Fujisawa | Vinblastine Sulfate |
| | |
| Gensia | Amphotercin B |
| Gensia | Etoposide |
| Gensia | Leucovorin Calcium |
| | |
| GlaxoSmithKline | Alkeran |
| GlaxoSmithKline | Kytril |
| GlaxoSmithKline | Myleran |
| GlaxoSmithKline | Navelbine |
| GlaxoSmithKline | Retrovir |
| GlaxoSmithKline | Ventolin HFA |
| GlaxoSmithKline | Zantac |

CHI-1507602v1

| | |
|---|---|
| GlaxoSmithKline | Ziagen |
| GlaxoSmithKline | Zofran |
| GlaxoSmithKline | Zovirax |
| | |
| Immunex | Leucovorin Calcium |
| Immunex | Leukine |
| Immunex | Methotrexate Sodium |
| Immunex | Novantrone |
| | |
| J&J Group (Centocor) | Remicade |
| J&J Group (Ortho Biotech) | Procrit |
| | |
| Pfizer | Dilantin |
| Pfizer | Dilantin-125 |
| Pfizer | Zithromax |
| | |
| Pharmacia | Adriamyc PFS |
| Pharmacia | Adriamyc RDF |
| Pharmacia | Adrucil |
| Pharmacia | Amphocin |
| Pharmacia | Amphotercin B |
| Pharmacia | Cytarabine |
| Pharmacia | Etoposide |
| Pharmacia | Neosar |
| Pharmacia | Solu-Cortef |
| Pharmacia | Solu-Medrol |
| Pharmacia | Toposar |
| Pharmacia | Vincasar PFS |
| | |
| Roche | Kytril |
| | |
| Schering | Integrilin |
| Schering | Intron-A |
| Schering | Lotrisone |
| Schering | Proventil |
| Schering | Sodium Chloride |
| | |
| Sicor | Acyclovir Sodium |
| Sicor | Doxorubicin |
| Sicor | Etoposide |
| Sicor | Leucovorin Calcium |
| Sicor | Tobramycin Sulfate |
| | |
| Watson | Dexamethasone Acetate8 |
| Watson | Dexamethasone Sodium Phosphate |

| Watson | Diazepam |
|--------|----------|
| Watson | Ferrlecit |
| Watson | Gentamicin Sulfate |
| Watson | Infed |
| Watson | Lorazepam |
| Watson | Perphenazine2 |
| Watson | Vancomycin HCL |