UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> _____ ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> ALL ACTIONS ) <br> ) <br> _____ ) | MDL No. 1456 <br><br> Master File No. 01-CV-12257-PBS <br><br> Hon. Patti B. Saris <br><br> Chief Mag. Judge Marianne B. Bowler |

**UNITEDHEALTHCARE, INC. AND UNITED HEALTHCARE INSURANCE COMPANY'S LIMITED OBJECTIONS TO MAGISTRATE'S JUDGE'S ORDER GRANTING DEFENDANTS' MOTION TO COMPEL**

Julie B. Brennan (BBO # 564101)
MANCHEL & BRENNAN, P.C.
199 Wells Avenue, Suite 301
Newton, Massachusetts 02459
Tel: (617) 796-8920
Fax: (617) 796-8921

Thomas F. Fitzgerald
Michael J. Prame
Lars C. Golumbic
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue, NW
Washington, DC 20006-5893
Tel: (202) 857-0620
Fax: (202) 659-4503

**Attorneys for UnitedHealthcare, Inc. and United HealthCare Insurance Company**

# **TABLE OF CONTENTS**

**BACKGROUND** ............................................................................................................... - 2 -

    **A. United's Prior Production** ............................................................................ - 2 -

    **B. Defendants' 2005 Discovery Demands** ...................................................... - 3 -

    **C. The Order** .................................................................................................... - 5 -

**ARGUMENT** .................................................................................................................... - 5 -

    **A. Legal Standard** ............................................................................................ - 5 -

    **B. Defendants' Requests Are Unduly Burdensome** ........................................ - 6 -

    **C. Defendants' Requests Are Unreasonably Cumulative** ............................... - 8 -

    **D. Defendants' Requests Are Overbroad** ........................................................ - 9 -

# TABLE OF AUTHORITIES

**Cases**

*Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189 (1st Cir. 2001) ............... - 8 -

*Cusumano v. Microsoft Corp.*, 162 F.3d 708 (1st Cir. 1998) ...................................................... - 6 -

*Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38 (1st Cir. 2003) .......... - 7 -

*Pharmaceutical Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61 (D. Mass. Aug. 16, 2005) ........................................................................................................................................ - 9 -

*Walker v. TAP Pharmaceutical Prods., Inc., et al.*, Superior Court of New Jersey Law Div. (Cape May Cty.), Docket No. CPM-L-682-01 ...................................................................... - 2 -

**Rules**

Fed. R. Civ. P. 72(a) ................................................................................................... - 1 -, - 5 -

Local Magistrate Judge Rules 2(b) ............................................................................. - 1 -, - 5 -

Local Magistrate Judge Rules 2(c) ........................................................................................ - 5 -

Rule 45(c)(3)(A)(iv) ............................................................................................................... - 6 -

Pursuant to Fed. R. Civ. P. 72(a) and Local Magistrate Judge Rules 2(b), UnitedHealthcare, Inc. and United HealthCare Insurance Company (collectively "United") respectfully submit this memorandum of law in support of their Limited Objections to the Magistrate Judge's February 4, 2006 Order Granting Defendants' Motion to Compel (the "Order"). The Order is contrary to the standards governing discovery from non-parties to the extent that it:

(1) would take 20 United employees 4 months (*i.e.*, almost 10,000 staff hours) to produce in electronic format approximately 70,000 provider fee schedules;

(2) requires United to expend an additional 150 staff hours producing claims data;

(3) could require eight or more depositions of United representatives; and

(4) requires United to produce rebate reports and MAC lists that do not relate to physician-administered drugs.[1]

The additional discovery required under the Order is on top of the 250 staff hours that United personnel expended in 2004 producing 25,000 pages of materials in response to Defendants' discovery requests at that time. The additional discovery also is cumulative of the third-party discovery that Defendants already have obtained from

---

[1] In addition to these items, the Order requires United to produce four other categories of documents. United will produce in accordance with the Order: (1) documents relating to United's understanding of whether health care providers earn a margin on drugs; (2) documents relating to the relative reimbursement/cost of drugs administered in a hospital compared to those administered in a physician's office; (3) claims processing policies relating to reimbursement for physician administered drugs; and (4) documents relating to litigation or government investigations of inquiries concerning the use of AWP.

health insurers and health plans covering not only more than 50% of the class members in this case, but also more than 50% of the nation's insured population.[2]  More simply stated, Defendants already have the "sample" that the Court authorized Defendants to take from third-party insurers and health plans.

## BACKGROUND

**A.     United's Prior Production**

Defendants served the third-party subpoenas on United in April 2004.  After timely serving its written objections, United conferred extensively with Defendants for over two months regarding the documents that Defendant were seeking from United.  Ultimately, the parties agreed that United would produce the following documents for the years 1997 through 2003: (1) a geographically diverse sample of provider contracts; (2) template certificates of coverage and a random sample of certificates of coverage; (3) a geographically diverse sample of group insurance contracts; (4) affidavits and documents that United has produced in response to a subpoena in *Walker v. TAP Pharmaceutical Prods., Inc., et al.*, Superior Court of New Jersey Law Div. (Cape May Cty.), Docket No. CPM-L-682-01; and (5) pharmacy benefit management agreements between United and pharmacy benefit managers.  *See* Declaration of Michael J. Prame ("Prame Decl.") ¶¶ 4-7 and Exs. A-F, concurrently filed with United's Consolidated

---

[2]     One of the large insurers from whom Defendants have obtained discovery, Blue Cross Blue Shield of Massachusetts, is a named class representative in this case.  Accordingly, Defendants have access to relevant information from the named class representatives.

Memorandum in Opposition to Defendants' Motion to Compel ("United Mem.") (Docket No. 1800).

United expended significant internal resources identifying, pulling from storage locations across the country, and producing each and every document that Defendants requested from United in 2004. Prame Decl. ¶¶ 8, 10. By the time United's production was completed in November 2004, United personnel had spent more than 250 hours and had produced over 25,000 pages of responsive documents. Prame Decl. ¶ 10.

**B.     Defendants' 2005 Discovery Demands**

At the end of May 2005, United received a letter requesting additional documents and depositions under the guise of the subpoenas Defendants had served on United more than a year earlier. Prame Decl. ¶ 14 and Ex. J. Specifically, in May 2005, Defendants requested that United produce the following for the period 1997 through 2003:

1. **Fee Schedules** - all fee schedules disclosing the amounts to be paid to physicians for services rendered (including the administration of drugs).

2. **Medical Claims Data** - data for medical claims submitted by physicians and hospitals in one east coast and one west coast market for the drugs at issue in the lawsuit. Defendants subsequently limited their request for claims data to the period August 1998 through April 30, 2002.

3. **Rebate Reports** – reports showing the rebates paid to United by pharmacy benefit managers or pharmaceutical manufacturers.

4. **MAC Lists** - lists of the maximum allowable cost (i.e. "MAC") pertaining to retail pharmacy reimbursement for generic drugs.

     5.    **Other Documents** –

         a.    Documents addressing:

             1. whether United understood that healthcare providers earned a margin on the drugs that the providers administered; or

             2. the reimbursement or cost for drugs administered in a hospital compared to drugs administered in a physician's office.

         b.    Claims processing manuals corresponding to the medical claims data produced.

         c.    Documents produced by United in other litigation, government investigation or inquiry related to AWP.

     6.    **Depositions** – depositions regarding the documents and data requested by Defendants on May 27, 2005.

*Id.*

After receiving Defendants' additional requests in May 2005, United conferred extensively with Defendants in June, July and September 2005 to try to reach an agreement as to the scope of an additional production that would not substantially disrupt United's business operations. When such an agreement could not be reached, Defendants filed a motion to compel the production of items 1-6 above.

- 4 -

**C.     The Order**

On February 2, 2006, a hearing on Defendants' motion to compel was held before the Honorable Marianne B. Bowler. Magistrate Judge Bowler granted Defendants' motion from the bench. Other than to advise United that it should attempt to work through with the Defendants the technological issues associated with the production of fee schedules, Magistrate Judge Bowler did not explain why the discovery sought by Defendants was not unduly burdensome, cumulative, or overbroad. The February 4, 2006 electronic order did not provide any further explanation.

## ARGUMENT

**A.     Legal Standard**

Fed. R. Civ. P. 72(a) permits a party to file objections to a magistrate judge's nondispositive order. *See* Local Magistrate Judge Rules 2(b). A district court may "modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a) (emphasis added); Local Magistrate Judge Rules 2(c) ("The ruling or order of a magistrate in a matter . . . is final unless reversed, vacated or modified by a district judge as provided in Fed. R. Civ. P. 72(a)").

Magistrate Judge Bowler's February 4, 2004 Order was clearly erroneous and contrary to law. As the First Circuit has recognized, discovery may not be permitted if:

> (a)     the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (b)     the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or

> (c) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

*Cusumano v. Microsoft Corp.*, 162 F.3d 708, 714 (1st Cir. 1998). Concerns regarding the burden that would be imposed in responding to discovery are heightened in the context of third-party discovery. *Id*. at 717 ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs"); s*ee also* Rule 45(c)(3)(A)(iv) (a court "shall" quash or modify a subpoena that "subjects a person to undue burden").

Here, as discussed in greater detail below, the additional discovery sought by Defendants should not be allowed because it is:

1. unduly burdensome to the extent that it would require production of fee schedules and medical claims data and could require eight or more depositions;

2. unreasonably cumulative to the extent that Defendants already have the sample that the Court authorized from third-party insurance companies and health plans; and

3. overbroad to the extent that they are not restricted to the classes certified by the Court.

### B. Defendants' Requests Are Unduly Burdensome

Complying with Defendants' demands for the production of fee schedules, claims data and depositions would significantly disrupt United's business operations. As to fee schedules, United estimates that, based on Defendants' demand, United would have to produce approximately 70,000 fee schedules. The fee schedules comprise <u>billions</u> of

rows of computer code in United's computer systems. United personnel are not certain whether United's computer systems have sufficient bandwidth to export that amount of computer code. Even if sufficient computer bandwidth exists, United estimates that it would take 20 full time employees 4 months to complete the production. Prame Decl. ¶ 19.

Similarly, Defendants' demand for medical claims data also is unduly burdensome. United estimates that the production of medical claims data for August 1998 through April 2002 would require United personnel to spend approximately 150 staff hours over the course of three to eight weeks. Prame Decl. ¶ 20 and Ex. L.

Finally, Defendants' demand for depositions imposes an undue burden on United. Defendants are seeking testimony on 11 broad topics over a six year period. Prame Decl. ¶ 21 and Ex. M. To cover each of the topics over the period of time sought by Defendants, United estimates that it could have to identify eight or more witnesses to testify. Prame Decl. ¶ 21. While Defendants have advised United that the depositions of other insurers and health plans generally have not taken more than one day, they have not agreed to limit their deposition to one day. And Defendants have not and cannot establish that the benefit of the deposition would outweigh the burden United would incur in preparing and participating in eight or more depositions covering a seven year period. *See Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 42 (1st Cir. 2003) (quashing subpoena that sought nearly a decade's worth of materials).

It is important to note that United is not being recalcitrant in opposing discovery by Defendants. As discussed above, United already spent 250 hours fully complying

with Defendants' discovery requests in 2004. And, United is responding to the other discovery requests covered by Magistrate Judge Bowler's Order. However, United maintains that its business operations would be significantly disrupted if it had to dedicate (1) 20 employees to a four month project to produce fee schedules; (2) an additional 150 staff hours producing claims data; and (3) internal and external resources preparing a series of witnesses for depositions for 11 topics covering a seven year period. Accordingly, the Court should reverse the Order to the extent it requires production of fee schedules, claims data and witnesses for deposition.

### C.      Defendants' Requests Are Unreasonably Cumulative

Defendants acknowledge that they have obtained discovery, including fee schedules, claims data and deposition testimony, from some of the largest insurance companies in the United States (CIGNA, Aetna, Humana, and multiple Blue Cross/Blue Shield plans) and in Massachusetts. In short, they already have the "sample" of information from insurers and third-party payors that the Court previously authorized.

And, despite United's repeated requests, Defendants have not identified any basis for distinguishing United from Blue Cross Blue Shield of Massachusetts (who is the named class representative) or any of the other large insurers from whom Defendants have already obtained discovery. And barring Defendants' identification of something unique about United, the additional discovery sought by Defendants is unreasonably cumulative of its prior discovery from other insurers. *See Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 193 (1st Cir. 2001) (third-party discovery not permitted because movant had failed to establish that the information to be gained would

be anything but cumulative or duplicative of prior testimony from other witnesses). Accordingly, the Court should reverse the February 4. 2006 Order.

### D.     Defendants' Requests Are Overbroad

On August 16, 2005, the Court certified: (1) a class of Massachusetts third-party payors providing supplemental insurance coverage for Medicare copayments for physician-administered drugs; and (2) a class of Massachusetts third-party payors and consumers who paid for physician-administered drugs based on a percentage of AWP (outside the context of Medicare Part B). *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 66 (D. Mass. Aug. 16, 2005). Moreover, on January 30, 2006, the Court certified a nationwide class of Medicare Part B beneficiaries. *See* Docket No. 2097-1.

Magistrate Judge Bowler's Order fails to limit Defendants' discovery requests to those germane to physician administered drugs. Specifically, under the Order, United would be required to produce drugs rebate reports and MAC Lists from United's pharmacy benefit program relating to self-administered drugs (not physician administered drugs). Rebate reports and MAC Lists relating to self-administered drugs acquired in a pharmacy are not relevant to the claims at issue in this action. Prame Decl. ¶ 23. Accordingly, the Court should reverse the Order to the extent that it requires production of rebate reports and MAC Lists unrelated to physician administered drugs.

## **CONCLUSION**

For the reasons set forth above, the Court should reverse the February 2, 2006 Order to the extent that it requires United to produce fee schedules, claims data, and witnesses for deposition as well as MAC lists and rebate reports that are unrelated to physician administered drugs.

Dated:  February 21, 2006          Respectfully submitted,

MANCHEL & BRENNAN, P.C.


          /s/ Julie B. Brennan
Julie B. Brennan (BBO # 564101)
199 Wells Avenue, Suite 301
Newton, Massachusetts 02459
Tel:  (617) 796-8920
Fax: (617) 796-8921

Thomas F. Fitzgerald
Michael J. Prame
Lars C. Golumbic
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue, NW
Washington, DC  20006
Tel: (202) 857-0620
Fax: (202) 659-4503

Attorneys for UnitedHealthcare, Inc. and United HealthCare Insurance Company