# EXHIBIT N

```
1  Tom Myers (SBN 176008)
   Katherine Sabich-Robison (SBN 183234)
2  AIDS Healthcare Foundation
   6255 W. Sunset Blvd., 21st FL          2004 JAN 14  AM 10:50
3  Los Angeles, CA 90028
   323-860-5259
4  Fax: 323-462-6869

5  Attorneys for Plaintiff AIDS HEALTHCARE FOUNDATION
```




UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA ex rel. AIDS HEALTHCARE FOUNDATION, | ) Case No.: CV04-0216 ABC (MANx) |
|---|---|
| Plaintiffs, | ) FILE UNDER SEAL PURSUANT TO 31 U.S.C. SECTION 3730(b)(2) |
| vs. | ) DO NOT PLACE IN PRESS BOX ) DO NOT PLACE IN PACER |
| SERONO, INC.; DOES 1 TO 50, | ) FALSE CLAIMS ACT COMPLAINT AND ) DEMAND FOR JURY TRIAL |
| Defendants | ) |

1. AIDS Healthcare Foundation (the "relator") brings this action on behalf of the United States of America against defendants for treble damages and civil penalties arising from the defendants' false statements and false claims in violation of the Civil False Claims Act, 31 U.S.C. Sections 3729 et seq. (the "Act"). The violations arise out of false claims to the Medicaid and Medicare programs for the drug Serostim, manufactured and marketed by defendant Serono, Inc. ("Serono").

Complaint

1

2. As required by the Act, the relator has provided to the Attorney General of the United States and to the United States Attorney for the Central District of California a statement of material evidence and information related to the complaint. Because the statement includes attorney-client communications and work product of relator's attorneys, and is submitted to the Attorney General and to the United States Attorney in their capacity as potential co-counsel in the litigation, the relator understands this disclosure to be confidential.

3. This action arises under the False Claims Act. This Court has jurisdiction over this case pursuant to 31 U.S.C. Sections 3732(a) and 3730(b). This court also has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1345.

4. Venue is proper pursuant to the Act, 31 U.S.C. Section 3732(a), because the acts prescribed by the Act and complained of herein took place in this district.

5. Relator is a non-profit corporation registered to do business and doing business in the State of California. Its non-profit mission is to provide medical treatment and advocacy to people with HIV/AIDS and their families regardless of ability to pay. AHF brings this action based on direct, independent knowledge and also on information and belief.

6. AHF is an original source of this information to the United States. It has direct and independent knowledge of the

1 information on which the allegations are based and has
2 voluntarily provided the information to the Government before
3 filing an action under the False Claims Act, which is based on
4 the information.

5     7.    The United States of America provides payment for
6 medical care to qualifying citizens under the Medicaid and
7 Medicare programs. Medical providers, pharmacists, and
8 pharmacies, among others, make claims for reimbursement for
9 services from monies provided in part by the United States under
10 the Medicaid and Medicare programs. These programs are the
11 primary payors for people with HIV/AIDS in California, if not
12 the entire country.

13     8.    Defendant Serono is a pharmaceutical company. It
14 manufactures, distributes, and sells a drug called Serostim, and
15 related products. Upon information and belief, Serostim is a
16 type of growth hormone. One of the purposes for which Serostim
17 is used is to combat a syndrome called AIDS wasting, which can
18 afflict people with HIV/AIDS.

19     9.    AHF has a long history criticizing the appropriateness
20 and use of Serostim for this purpose. AHF has taken the
21 position that, for people with HIV/AIDS, use of Serostim is
22 rarely justified or useful. Moreover, given its steep price of
23 as much as $6,000.00 per month and negligible effect, the drug
24 is ripe for fraud, abuse, and black market dealings. Further,
25 the unnecessary use of the drug limits the amount of Medicaid

and Medicare funds available for more beneficial medical treatments for people with HIV/AIDS.

10. AHF has worked closely with State and federal governments to assure appropriate use of Serostim for AIDS wasting. AHF provided the California Attorney General's office with declarations for use in litigation surrounding Serostim, and has met with and provided information to the United States Department of Justice regarding Serono and Serostim.

11. AHF has learned that Serono has engaged in practices specifically designed to increase the use and prescribing of Serostim to people with HIV/AIDS, even when not medically appropriate. These practices include but are not limited to:

   A. Providing pharmacists with a "rebate" in exchange for providing demographic information for patients prescribed Serostim, including the identity of the prescriber of the drug. This allowed Serono to aggressively market and solicit the prescriber, in order to increase sales and use of the drug. These "rebates" could be up to $300.00 per month per prescription, a fee completely in excess of the amount of time and effort involved in providing the data to Serono;

   B. Employees and/or agents for Serono would provide guidance to providers on completing paperwork, known as Treatment Authorization Requests or "TAR's," required for the Medi-Cal program to pay for Serostim prescriptions for

Medicaid recipients. These employees/agents actually assisted the providers in filling out the forms, and instructed them on what terms and items were necessary in order for the TAR to be approved, and for Medi-Cal to pay for the prescription.

C. As this medication ostensibly was prescribed for AIDS patients to combat a syndrome known as "AIDS wasting," evidence of this wasting needed to be obtained. A primary method of evidencing wasting is the use of a Bio-impedance Analysis or "BIA," which measures a person's body mass index (a measurement of fat to muscle). Equipment used to measure this can cost thousands of dollars, and requires a person trained in nutrition sciences to properly operate the equipment to achieve correct results, and properly interpret the results. Serono piloted a program whereby it offered free tests of BIA to providers. Persons trained, employed, and/or working under the auspices of Serono brought these machines into the offices of providers, performed tests on patients, recorded and then interpreted the results to the providers. This is an inherent conflict of interest, and the accuracy and veracity of any tests performed in such matter is suspect, as well as any prescription for Serostim based in part on the result of this tests.

12. In essence, Serostim created a complete assembly line devised to do one thing - manufacture prescriptions for

Complaint

5

Serostim. From the information provided by the pharmacies, Serono could identify and target doctors already predisposed to prescribe the drug. It then manufactured medical results showing a need for the drug, and then assisted in writing and completing documentation so that the prescriptions would be covered by Medicaid and/or Medicare.

13. By engaging in these practices, Serono knowingly misled the government, and knowingly assisted in misleading the government, into paying for prescriptions for Serostim that were not necessary.

## First Cause of Action

### (Violation of 31 U.S.C. Section 3729)

14. AHF realleges and incorporates the allegation of paragraphs 1 - 13 as if fully set forth herein.

15. By its conduct, Serono caused to be presented to the United States Government a false or fraudulent claim for payment or approval.

16. By its conduct, Serono knowingly made, used, or caused to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the Government.

17. Serono combined, conspired, and agreed with other persons and entities to defraud the United States by assisting in submitting false claims to the United States and to its grantees for the purpose of getting the false or fraudulent claims for prescriptions for Serostim paid or allowed and

Complaint

6

committed the other overt acts set forth above in furtherance of that conspiracy.

18. The above conduct is in violation of 31 U.S.C. Section 3729(a), causing damage to the United States.

WHEREFORE, AHF respectfully requests the Court to enter judgment against defendants, as follows:

(a) That the U.S. be awarded damages in the amount of three times the damages sustained by the U.S. because of the false claims and fraud alleged within this Complaint;

(b) That civil penalties of $11,000.00 be imposed for each and every false claim that Serono caused to be presented or assisted in presenting t the U.S. and/or its grantees;

(c) That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses which AHF necessarily incurred in bringing and pressing this case;

(d) That the Court grant permanent injunctive relief to prevent any recurrence of the False Claims Act for which redress is sought in this Complaint;

(e) That AHF be awarded the maximum amount allowed to it pursuant to the False Claims Act; and

(f) That this Court award such other and further relief as it deems proper.

DEMAND FOR JURY TRIAL

AHF, on behalf of itself and the United States, demands a jury trial on all claims alleged herein.

Dated this 13ᵗʰ day of January, 2004

AIDS Healthcare Foundation
6255 W. Sunset Blvd., 21st FL
Los Angeles, CA 90028
323-860-5259
Fax: 323-462-6869
Tom Myers (SBN 176008)

Complaint

8

TOTAL P.09