# Exhibit I

## to the Declaration of Robert F. Lopez in Support of Plaintiffs' Second Motion to Compel Production by Amgen, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

MDL No. 1456

CIVIL ACTION:  01-CV-12257-PBS

Judge Patti B. Saris

THIS DOCUMENT RELATES TO
01-CV-12257-PBS AND 01-CV-339

## PLAINTIFFS' AMENDED AND/OR SUPPLEMENTAL REQUEST FOR PRODUCTION
## OF DOCUMENTS TO PHASE 2 DEFENDANTS RELATING TO IMS DATA

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules

of the District Court for the District of Massachusetts, and pursuant to the schedule allowing

expert discovery, Plaintiffs hereby request that you produce the documents requested herein

within thirty (30) days.

### I.        DEFINITIONS

        1.        "Document(s)" is used in the broadest possible sense and means without

limitation, any written, printed, typed, photostated, photographed, recorded or otherwise

reproduced or stored communication or representation, whether comprised of letters, words,

numbers, data, pictures, sounds or symbols, or any combination thereof.  This definition includes

copies or duplicates of documents contemporaneously or subsequently created which have any

non-conforming notes or other markings.  Without limiting the generality of the foregoing,

"document" includes, but is not limited to, correspondence, memoranda, notes, records, letters,

envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or of other communications of any type, including inter-office and intra-office communications, electronic mail/messages and/or "e-mail," electronically stored telephone messages and/or "voice-mail," questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by you or anyone else.

2.      "All documents" means every document and every non-identical copy known to you and every such document or writing which you can locate or discover by reasonably diligent efforts, including, but not limited to, documents now in the possession, custody or control of Defendant, its merged or acquired predecessors, its former and present directors, officers, counsel, agents, employees and/or persons acting on its behalf.

3.      The term "Defendant" refers to any of the Defendants to whom this is directed, its officers, directors, affiliates, employees, representatives and agents (whether actual, apparent or otherwise).

4.      "You" or "Your" means the Defendant responding to these Requests and any of its subsidiaries, divisions, affiliates, officers, directors, employees or agents, including, but not limited to, attorneys and accountants.

- 2 -

## II.    INSTRUCTIONS

1.    A document shall be deemed to be in your control if you have the right to secure the document or copy thereof from another person or public or private entity having possession or custody thereof.  If any otherwise responsive document was, but is no longer, in existence or in your possession, custody or control, or has been lost, discarded or destroyed, said document shall be identified as completely as possible including, but not limited to, the following information:

(a)    the date of disposal or disposition from your possession, custody or control;

(b)    the manner of disposal or disposition from your possession, custody or control;

(c)    the reason for disposal or disposition from your possession, custody or control;

(d)    the person authorizing disposal or disposition from your possession, custody or control;

(e)    the document's current or last known custodian;

(f)    the circumstances surrounding the document's disposition from your possession, custody or control;

(g)    the generic category of the document, *e.g.*, memo, letter, computer print-out, etc.;

(h)    the type(s) of information contained in the document; and

(i)    the identity of all persons having knowledge or who had knowledge of the contents of the document.

2.    Unless otherwise indicated, the documents to be produced include all documents prepared, sent, dated or received, or those which otherwise came into existence at anytime during the relevant period described herein.

3.     (a)     Where an objection is made to any document request under Fed. R. Civ. P. 34, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

(b)     Where a claim of privilege is asserted in objecting to any document demand, or sub-part thereof, and an answer is not provided on the basis of such assertion:

(i)     the attorney asserting the privilege shall in the objection to the document demand, or sub-part thereof, identify the nature of the privilege (including work product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and

(ii)     the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(A)     for documents: (1) the type of document; (2) general subject matter of the document; (3) the date of the document; and, (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other;

(B)     for oral communications: (1) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (2) the date and the place of communication; and, (3) the general subject matter of the communication.

4.     Notwithstanding the assertion of any objection to production, any document to which an objection is raised containing non-objectional subject matter which is relevant and material to a request must be produced, but that portion of the document for which the objection

- 4 -

is asserted may be withheld or redacted provided that the above-requested information is furnished.

5.      This request is continuing and all documents coming into your possession, custody or control which you would have been required to produce had they been available at an earlier time shall be produced forthwith in accordance with the Federal Rules of Civil Procedure.

6.      Each document requested herein is requested to be produced in its entirety and without deletion or excisions, regardless of whether you consider the entire document to be relevant or responsive to these requests.  If you have redacted any portion of a document, stamp the word "redacted" on each page of the document which you have redacted.  Redactions should be included on the privilege log described in Instruction 3.

7.      The fact that a document is produced by one defendant does not relieve any other defendant of the obligation to produce his or its copy of the same document, even if the two documents are identical in all respects.

8.      In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

9.      All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

## III.   RELEVANT TIME PERIOD

The relevant period of these document requests, unless otherwise indicated, shall be from the launch of the drugs you manufactured that are on Exhibit A, to the date of production and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

- 5 -

## IV.   REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

With respect to the drugs on Exhibit A, the following IMS reports or data for each such

drug that you manufactured:

A.   IMS National Disease and Therapeutic Index (NDTI) Data

For each drug that is physician administered and/or covered by Medicare Part B, please provide NDTI data including the following:

- Timeframe:  Monthly, from 1991 to the present
- Method of payment or insurance type
- In terms of TRXs and/or dollars if possible, or in terms of office visits (or "drug uses" or "appearances") if not
- By manufacturer
- By form (e.g., injectable, tablets, etc.)
- By strength (e.g., 15 mg, 30 mg, etc.)

B.   IMS National Sales Perspective (NSP) (previously the Retail and Provider Perspective)

For each drug that is physician administered and/or covered by Medicare Part B, along with any generics for those drugs, please provide NSP (or RPP) data including the following:

- Timeframe:  Monthly, from 1991 to the present
- Data elements:  Units, Extended Units, Dollars
- By channel (e.g. clinic, non-federal hospital, chain, etc.)
- By NDC or its equivalent
- By form
- By strength

DATED:  November 15, 2005

By___ /s/ Steve W. Berman_____
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

- 6 -

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL 60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

- 7 -

Samuel D. Heins
Alan I. Gilbert
Susan E. MacMenamin
Heins, Mills & Olson, P.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
**CO-LEAD COUNSEL FOR
PLAINTIFFS**

- 8 -

## **EXHIBIT A**

## List of Phase 2 Drugs for IMS Data Request

| Manufacturer | Drug Name |
| --- | --- |
| Abbott | Acetylcyst |
| | Acyclovir |
| | A-Methapred |
| | Amikacin |
| | Aminosyn |
| | Calcijex |
| | Cimetidine |
| | Clindamycin |
| | Dextrose |
| | Diazepam |
| | Fentanyl Citrate |
| | Furosemide |
| | Gentamicin |
| | Heparin |
| | Leucovor Calcium |
| | Lorazepam |
| | Sod. Chloride |
| | Tobra/NACL |
| | Tobramycin |
| | Vancomycin |
| | |
| Amgen | Aranesp |
| | Enbrel |
| | Epogen |
| | Kineret |
| | Neulasta |
| | Neupogen |
| | |
| Aventis | Anzemet |
| | Calcimar |
| | Cardizem (Inj) |
| | Gammar P IV |
| | Intal (Nebulizer only) |
| | Taxotere |
| | |
| B. Braun McGaw | Bretylium |
| | Dextran |
| | Dextrose |
| | Dialyte |
| | Dopamine |
| | Heparin Sod |
| | Hepatamine |
| | Hepatic-aid |

- 9 -

| Manufacturer | Drug Name |
|---|---|
| | Hepna |
| | Isolyte |
| | Lidocaine |
| | Sodium Chloride |
| | Theophylline |
| Baxter | Aggrastat |
| | Ativan |
| | Bebulin |
| | Brevibloc |
| | Buminate |
| | Cisplatin |
| | Claforan |
| | Dextrose |
| | Doxorubicin |
| | Gammagard |
| | Gentam/NACL |
| | Gentran |
| | Heparin |
| | Iveegam |
| | Osmitrol |
| | Recombinate |
| | Sod Chloride |
| | Travasol |
| | Vancocin |
| Bayer | Cipro IV |
| | DTIC Dome |
| | Gamimune |
| | Koate |
| | Kogenate |
| | Mithracin |
| Bedford | Acyclovir Sodium |
| | Amikacin Sulfate |
| | Cytarabine |
| | Etoposide |
| | Leucovorin Calcium |
| Dey Labs | Acetylcysteine |
| | Albuterol Neb |
| | Cromolyn Sod |
| | Ipratropium |
| | Metaproteren Neb |
| Fujisawa Healthcare | Aristocort |
| | Aristospan |

- 10 -

| Manufacturer | Drug Name |
|---|---|
| | Cefizox |
| | Lyphocin |
| | Nebupent |
| | Prograf |
| | Vinblastine Sulfate |
| | Acyclovir Sodium |
| | Dexamethasone Sod Ph |
| | Doxorubicin HCl |
| | Fluorouracil |
| | Gentamicin Sulfate |
| Gensia | Amikacin Sulfate |
| | Amphotercin |
| | Etoposide |
| | Leucovorin Calcium |
| Immunex | Leucovor CA Inj |
| | Leukine |
| | Methotrexate |
| | Novatrone |
| | Thioplex |
| Novartis | Miacalcin |
| Pfizer | Zithromax Inj |
| Pharmacia | Adriamyc |
| | Adrucil |
| | Amphocin |
| | Bleomycin |
| | Cytarabine |
| | Depo-Testost Inj |
| | Etoposide |
| | Neosar |
| | Solu-Cortef |
| | Solu-Medrol |
| | Toposar |
| | Vincasar |
| Roche | Cellcept |
| | Kytril |
| Sicor | Acyclovir Sodium |
| | Amikacin Sulfate |
| | Doxorubicin HCl |
| | Etoposide |
| | Leucovorin Calcium |

- 11 -

| Manufacturer | Drug Name |
|---|---|
| | Pentamidine Isethionate |
| | Tobramycin Sulfate |
| Tap | None |
| Watson | Dexamethasone Acetate |
| | Dexamethasone Sodium |
| | Diazepam IV |
| | Ferrlecit |
| | Fluphenazine |
| | Gentamicin |
| | Infed |
| | Lorazepam |
| | Vancomycin |

- 12 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **PLAINTIFFS' AMENDED AND/OR SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS TO PHASE 2 DEFENDANTS RELATING TO IMS DATA** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on November 15, 2005, a copy to Lexis/Nexis File & Serve for posting and notification to all parties.

By       **/s/ Steve W. Berman**

      Steve W. Berman
      **HAGENS BERMAN SOBOL SHAPIRO LLP**
      1301 Fifth Avenue, Suite 2900
      Seattle, WA 98101
      (206) 623-7292

- 13 -

# Exhibit J

**to the Declaration of Robert F. Lopez in Support of Plaintiffs' Second Motion to Compel Production by Amgen, Inc.**



10543567

Feb 9 2006
5:42PM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

)
IN RE PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE )        MDL No. 1456
LITIGATION )                     Civil Action: 01-CV-12257-PBS
)
_____ )
)
THIS DOCUMENT RELATES TO THE )     Hon. Patti B. Saris
AMENDED MASTER CONSOLIDATED )
CLASS ACTION )
_____ )

## AMGEN INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITIONS

Pursuant to Federal Rules of Civil Procedure 30 and 34, defendant Amgen Inc.

("Amgen"), by its attorneys, objects and responds to Plaintiffs' request for documents

("Requests") made in connection with its January 10, 2006 Notice of Depositions ("Notice") of

Steven Burnette, Carol Citty, Linda Karlsson, Brandin Klein, Linda Licklider, and Kimberly

Reeder as follows:

### GENERAL OBJECTIONS

1.      Amgen expressly incorporates by reference its "General Objections" set

forth in its Responses and Objections to Plaintiffs' previous requests for production of

documents, including Plaintiffs' Omnibus Requests for Production, which apply to the Requests

in their entirety, including the Definitions, Instructions, Rules of Construction, and Relevant

Time Period.

2.      Amgen further objects to the Requests as untimely.  Discovery in the

MDL case closed on December 3, 2005.  Plaintiffs served the Notice on January 10, 2006, more

than a month after the close of discovery.

1

3. Amgen's responses to the Requests are made without waiving the right to object to the competency, materiality, relevancy, or admissibility of any documents produced in response to the Requests. Any Specific Objections provided below are made in addition to these General Objections, and failure to reiterate a General Objection below does not constitute a waiver or limitation of that or any other objection.

## RESPONSE TO SPECIFIC REQUESTS

### REQUEST NO. 1:

All Orion Account Activity Reports, Millennium – Call Activity to Organization Reports, or Millennium Contract Report Notes, or similar activity reports made by you for your manager or other supervisory personnel.

**RESPONSE:** In addition to the General Objections set forth above, Amgen objects to Request No. 1 on the grounds that it is untimely and to the extent Amgen has already produced documents responsive to this request in its response to Plaintiffs' Omnibus Requests, as modified by the parties' agreement. Amgen further objects to Request No. 1 on the grounds that the phrase "similar activity reports" is vague and undefined.

### REQUEST NO. 2:

All documents that compare AWPs to the costs of a subject drug, whether the drug is an Amgen, Inc.[sic] drug, a competing drug, or both.

**RESPONSE:** In addition to the General Objections set forth above, Amgen objects to Request No. 2 on the grounds that it is untimely and to the extent Amgen has already produced documents responsive to this request in its response to Plaintiffs' Omnibus Requests, as modified by the parties' agreement. Amgen further objects to Request No. 2 on the grounds that the term "costs" is vague and undefined.

2

**REQUEST NO. 3:**

All documents that concern any economic analysis done for a provider concerning a subject drug, including but not limited to financial comparisons that you have created, used on sales calls or received and which concern or reference AWP or rebates.

**RESPONSE:** In addition to the General Objections set forth above, Amgen objects to Request No. 3 on the grounds that it is untimely and to the extent Amgen has already produced documents responsive to this request in its response to Plaintiffs' Omnibus Requests, as modified by the parties' agreement. Amgen further objects to Request No. 3 on the grounds that the phrases "economic analysis" and "financial comparison" are vague and undefined.

**REQUEST NO. 4:**

All documents concerning the provision by you to a provider of AWPs for any subject drug or reflecting a discussion between you and a provider regarding or referencing AWP.

**RESPONSE:** In addition to the General Objections set forth above, Amgen objects to Request No. 4 on the grounds that it is vague and ambiguous. Amgen further objects to Request No. 4 on the grounds that it is untimely and to the extent Amgen has already produced documents responsive to this request in its response to Plaintiffs' Omnibus Requests, as modified by the parties' agreement.

**REQUEST NO. 5:**

All training or other documents setting forth the meaning of, or discussing, the notation "Econ-Aranesp/Procrit Price Comparison" as it appears on any Orion Account Activity Report, or similar activity report.

**RESPONSE:** In addition to the General Objections set forth above, Amgen objects to Request No. 5 on the grounds that it is untimely and to the extent Amgen has already produced documents responsive to this request in its response to Plaintiffs' Omnibus Requests,

as modified by the parties' agreement.  Amgen further objects to Request No. 5 on the grounds

that the phrase "similar activity reports" is vague and undefined.

## REQUEST NO. 6:

All documents constituting, evidencing, illustrating, or performing any
"Aranesp/Procrit Price Comparison," whether prepared by you or anyone else.

**RESPONSE:**  In addition to the General Objections set forth above, Amgen

objects to Request No. 6 on the grounds that it is untimely and to the extent Amgen has already

produced documents responsive to this request in its response to Plaintiffs' Omnibus Requests,

as modified by the parties' agreement.

/s/ Jennifer A. Walker
Joseph H. Young
Steven F. Barley
Jennifer A. Walker
Hogan & Hartson L.L.P.
111 S. Calvert St., Suite 1600
Baltimore, Maryland 21202
Telephone:  (410) 659-2700
Facsimile:  (410) 539-6981

Dated: February 9, 2006

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of February 2006, a true and correct copy of Amgen Inc.'s Responses and Objections to Plaintiffs' Notice of Depositions was served upon all counsel of record via electronic service pursuant to CMO No. 2 by causing a copy to be sent to LexisNexis File & Serve for posting and notification.

/s/ Jennifer A. Walker
Jennifer A. Walker

5

# Exhibit K

**to the Declaration of Robert F. Lopez in Support of Plaintiffs' Second Motion to Compel Production by Amgen, Inc.**



Feb 9 2006
5:47PM

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 Civil Action: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO THE AMENDED MASTER CONSOLIDATED CLASS ACTION | Hon. Patti B. Saris |

### AMGEN INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITIONS

Pursuant to Federal Rules of Civil Procedure 30 and 34, defendant Amgen Inc. ("Amgen"), by its attorneys, objects and responds to Plaintiffs' request for documents ("Requests") made in connection with its January 10, 2006 Notice of Depositions ("Notice") of Lori Araniti Whiteley, Penelope (Penny) Kozeny, and Karen Biancalana as follows:

### GENERAL OBJECTIONS

1.      Amgen expressly incorporates by reference its "General Objections" set forth in its Responses and Objections to Plaintiffs' previous requests for production of documents, including Plaintiffs' Omnibus Requests for Production, which apply to the Requests in their entirety, including the Definitions, Instructions, Rules of Construction, and Relevant Time Period.

2.      Amgen further objects to the Requests as untimely.  Discovery in the MDL case closed on December 3, 2005.  Plaintiffs served the Notice on January 10, 2006, more than a month after the close of discovery.

3.      Amgen's responses to the Requests are made without waiving the right to

object to the competency, materiality, relevancy, or admissibility of any data produced in

response to the Requests.  Any Specific Objections provided below are made in addition to these

General Objections, and failure to reiterate a General Objection below does not constitute a

waiver or limitation of that or any other objection.

## RESPONSE TO SPECIFIC REQUESTS

### REQUEST NO. 1:

All documents constituting or evidencing communications with any
medical/pharmaceutical publisher, including but not limited to Medical Economics Company
(Red Book), First DataBank of San Bruno, and First DataBank of Indianapolis, that reference or
regard: AWP; suggested AWP; or the calculation of AWP on the basis of any other price point
such as, but not limited to, WAC.

**RESPONSE:**  In addition to the General Objections set forth above, Amgen

objects to Request No. 1 on the grounds that it is untimely and to the extent Amgen has already

produced documents responsive to this request in its response to Plaintiffs' Omnibus Requests,

as modified by the parties' agreement.

### REQUEST NO. 2:

All documents referencing, explaining, or concerning the way in which AWPs are
set for any drug manufactured or produced by Amgen Inc. or any of its affiliates and identified
on Schedule B hereto.

**RESPONSE:**  In addition to the General Objections set forth above, Amgen

objects to Request No. 2 on the grounds that it is untimely and because it purports to require

Amgen to undertake a search for responsive documents beyond that agreed upon in connection

with Amgen's response to Plaintiffs' Omnibus Requests.  Amgen also objects to Request No. 2

to the extent Amgen has already produced documents responsive to this request in its response to Plaintiffs' Omnibus Requests, as modified by the parties' agreement.

## REQUEST NO. 3:

All documents referencing, explaining, or concerning the spread or margin between: a) AWP and b) WAC or any other price point or measure, including actual sales price, for any drug manufactured or produced by Amgen Inc. or any of its affiliates and identified on Schedule B hereto.

**RESPONSE:** In addition to the General Objections set forth above, Amgen objects to Request No. 3 on the grounds that it is untimely and because it purports to require Amgen to undertake a search for responsive documents beyond that agreed upon in connection with Amgen's response to Plaintiffs' Omnibus Requests. Amgen also objects to Request No. 3 to the extent Amgen has already produced documents responsive to this request in its response to Plaintiffs' Omnibus Requests, as modified by the parties' agreement.

/s/ Jennifer A. Walker
Joseph H. Young
Steven F. Barley
Jennifer A. Walker
Hogan & Hartson L.L.P.
111 S. Calvert St., Suite 1600
Baltimore, Maryland 21202
Telephone: (410) 659-2700
Facsimile: (410) 539-6981

Dated: February 9, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February 2006, a true and correct copy of Amgen Inc.'s Responses and Objections to Plaintiffs' Notice of Depositions was served upon all counsel of record via electronic service pursuant to CMO No. 2 by causing a copy to be sent to LexisNexis File & Serve for posting and notification.

/s/ Jennifer A. Walker
Jennifer A. Walker