UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | Hon. Patti B. Saris<br>Chief Mag. Judge Marianne B. Bowler |

### DECLARATION OF ANDREW D. SCHAU IN SUPPORT OF THE JOHNSON & JOHNSON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER REGARDING NON-PARTY DEPONENTS

Andrew D. Schau, declares as follows:

1. I am a member of Patterson, Belknap, Webb & Tyler LLP, counsel for Johnson & Johnson, Centocor, Inc., and Ortho Biotech Products, L.P. ("the Johnson & Johnson Defendants"). I submit this declaration in support of the Johnson & Johnson Defendants' motion for a protective order with respect to three non-party deponents, all of whom are former employees of Ortho-Biotech Products, L.P.

2. The relief sought by this motion is extremely limited. The Johnson & Johnson Defendants do not object to the depositions going forward provided they are noticed in accordance with Case Management Order No. 10 ("CMO 10"). CMO 10 provides that the parties "shall provide at least 21 days notice for a proposed deposition." A copy of CMO 10 is attached as Exhibit 1.

3. Plaintiffs have not complied with the notice provision in CMO 10. They served notice of the non-party depositions on February 22, 2206. In each case, they are insisting

that the depositions must go forward in less than 21 days, *i.e.*, before March 15, 2006. The Johnson & Johnson Defendants have not agreed to waive CMO 10.

4.	This is not a mere formalism. Defendants' expert reports and motions for summary judgment are due March 15, 2006. Plaintiffs' attempt to override the notice provision in CMO 10 appears designed to divert defendants' attention from these important tasks. Counsel for the Johnson & Johnson Defendants have offered to make the witnesses available during the two-week period commencing on March 20, 2006, and ending on March 31, 2006. Plaintiffs have refused this offer.

## Background to the Current Dispute

5.	This dispute has it origins in an earlier discovery dispute that the parties resolved by a Stipulation dated September 23, 2005. Under the terms of the Stipulation, the Johnson & Johnson Defendants agreed to conduct additional document searches and produce up to seven additional witnesses after the close of discovery.

6.	The Johnson & Johnson Defendants completed their production of additional documents on October 27, 2005. Plaintiffs waited until November 30, 2006 to request additional witnesses. They requested seven witnesses, the maximum number allowed under the Stipulation.

7.	Of the seven witnesses plaintiffs sought to depose, four were current employees of Ortho Biotech Products, L.P., and three were former employees. This motion concerns the three non-party deponents.

## The Current Dispute

8. On December 1, 2005, the day after plaintiffs first identified the seven witnesses they wished to depose, we advised them that three of the witnesses were no longer employed by Ortho Biotech Products, L.P.

9. Approximately two months later, on January 25, 2006, plaintiffs requested the last known addresses for each of the three former employees. We provided that information on January 30, 2006.

10. Approximately one month later, on February 22, 3006, plaintiffs noticed the three former employees for deposition. The depositions were noticed for March 7, 2006 in Minneapolis, Minnesota, March 10, 2006 in Jacksonville, Florida, and March 14, 2006 in Collingswood, New Jersey. None of these dates fell within the 21 day notice requirement set forth in CMO 10. Copies of the Notices of Subpoenaed Depositions are annexed as Exhibits 2, 3, and 4.

## Plaintiffs' Notices Are Defective

11. The deposition notices are defective under the 21 day notice provision of CMO 10. Exhibit 1, ¶ 7.

12. Moreover, the noticed dates are extremely inconvenient. Defendants' expert reports and summary judgment motions are due March 15, 2006. Defense counsel cannot be expected to spend the entire week leading up to the filing of these critical papers traveling to far flung places around the country to attend non-party depositions that could have been noticed weeks earlier.

1258733v1

### Defendants' Proposed Alternative Dates

13. Even if plaintiffs had provided the 21 days notice, they would still be required to negotiate in good faith over alternative proposed dates. CMO 10 provides that a party receiving a deposition notice may "suggest an alternative date," in which case the parties "shall confer in good faith." Exhibit 1, ¶ 7. Here, of course, the Johnson & Johnson Defendants were not obliged to propose alternative dates because the original notices were defective.

14. Nevertheless, the Johnson & Johnson Defendants have proposed alternative dates. After receiving plaintiffs' notices on February 22nd, we conferred with the non-party witnesses about their availability. We have offered to make all three of them available during the two week period commencing on March 20th and ending on March 31st.

15. Plaintiffs have refused to agree to these proposed alternative dates and have insisted that all three depositions must go forward before March 15.

### Request for Relief

16. Based on CMO 10, the Johnson & Johnson Defendants request an Order barring plaintiffs from deposing the three non-party witnesses until after March 15, 2006. The parties should be ordered to confer in good faith about alternative proposed dates during the two week period commencing on March 20, 2006 and ending on March 31, 2006.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 27, 2006

_____
Andrew D. Schau

## CERTIFICATE OF SERVICE

I certify that on February 27, 2006, a true and correct copy of the forgoing DECLARATION OF ANDREW D. SCHAU IN SUPPORT OF THE JOHNSON & JOHNSON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER RESPECTING NON-PARTY DEPONENTS was served via LexisNexis on counsel for all parties.

_____
Andrew D. Schau