# Exhibit 1



7155392
Oct 21 2005
4:19PM

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | **SUBPOENA IN A CIVIL CASE** <br> MDL NO. 1456 <br><br> Civil Action No. 01-12257-PBS <br><br> Judge Patti B. Saris <br> (case pending in D. Mass.) |
| THIS DOCUMENT RELATES TO THE MASTER CONSOLIDATED CLASS ACTION | |

TO:  Blue Cross and Blue Shield of Massachusetts
Landmark Center
401 Park Drive
Boston, MA 02215

- YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Kirkpatrick & Lockhart Nicholson Graham LLP <br> 75 State Street, Boston, MA 02109 | November 15, 2005 at 10 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Schedule A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Kirkpatrick & Lockhart Nicholson Graham LLP <br> 75 State Street, Boston, MA 02109 | November 14, 2005 at 10 a.m. |

- YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Aventis Pharmaceuticals Inc. on behalf of all defendants to the Amended Master Consolidated Class Action Complaint | October 21, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: Aimee E. Bierman, Kirkpatrick & Lockhart Nicholson Graham LLP
75 State Street, Boston, MA 02109, 617.261.3100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Next Page)

| PROOF OF SERVICE | | |
|---|---|---|
| **SERVED** | **DATE** | **PLACE** |
| **SERVED ON (PRINT NAME)** | **MANNER OF SERVICE** | |
| **SERVED BY (PRINT NAME)** | **TITLE** | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv) subjects a person to undue burden.

(B) If a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## **DEFINITIONS**

1. "Massachusetts BCBS" means Blue Cross and Blue Shield of Massachusetts in its capacity as the Medicare Part B Carrier for Massachusetts from 1991 to 1997 and any of its past or present trustees, officials, officers, fiduciaries, representatives, agents, assigns, attorneys, employees, divisions, departments, affiliates, and all other persons or entities acting or purporting to act on its behalf or under its control.

2. "AMCC" means the Amended Master Consolidated Class Action Complaint filed in connection with MDL Docket No. 1456, Civil Action No. 01-12257-PBS, in the United States District Court for the District of Massachusetts.

3. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

4. "Auditor" means any independent entity that provides an independent, third-party audit review of any aspect of medical coverage or services provided by any health plan or health and welfare fund to any of its participants or beneficiaries.

5. "AWP" or "Average Wholesale Price" means the price for drugs as periodically published by one or more pharmaceutical industry compendia, including the Drug Topics Red Book (the "Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First DataBank"), Essential Directory of Pharmaceuticals (the "Blue Book") and Medi-Span's Master Drug Database ("Medi-Span").

6. "Benefit Consultant" means any person or entity that provides information,

1

1782614v1

counsel or advice to any health plan or health and welfare fund regarding any medical benefit or service provided by any health plan or health and welfare fund to any participant or beneficiary.

7. "CMS" means the Centers for Medicare and Medicaid Services in its capacity as the federal agency formerly known as "HCFA" that administers the Medicare insurance program.

8. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

9. "Concerning" means referring to, describing, evidencing, or constituting.

10. "Copy" or "Copies" when used in reference to a document means any color or black-and-white reproduction of a document, regardless of whether the reproduction is made by means of carbon paper pressure, sensitive paper, photostat, xerography, or other means or process.

11. "Document" means the original and each non-identical copy of a document in any medium, including electronic form, whether or not it was communicated to any person other than the author, and shall include but not be limited to, writings, printings, photographs, photocopies, tapes, recordings, video recordings, electronic data, e-mails, and any other symbolic representations in your possession, custody or control or known or believed by you to exist.

12. "EAC" or "Estimated Acquisition Cost" shall have the meaning ascribed to that term pursuant to 42 C.F.R. § 447.301.

13. "EOMB" means Explanation of Medicare Benefits – a document provided by a Medicare carrier to a plan participant to explain the services billed, the submitted charges, the charges allowed, the portion paid by Medicare, the participant's co-pay, and the status of the

2

participant's annual deductible.

14.     "Government payor" means any federal or state government entity or program that reimburses Providers for drugs or health care services, including but not limited to CMS, Medicare, and Medicaid.

15.     "HCFA" means the Health Care Financing Administration in its capacity as the federal agency now known as "CMS" that administered the Medicare insurance program.

16.     "HCPCS" means Healthcare Common Procedure Coding System.

17.     "Independent Practice Association" means any organized group of providers whose members provide health care to any participant or beneficiary.

18.     "Manufacturer" means a company that manufactures pharmaceutical products, including, without limitation, subject drugs.

19.     "MCC" means the Master Consolidated Class Action Complaint filed in connection with MDL Docket No. 1456, Civil Action No. 01-12257-PBS, in the United States District Court for the District of Massachusetts.

20.     "Medicare," "Medicare program" or "Medicare Part B" means the government reimbursement system for prescription pharmaceuticals under title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq.

21.     "NDC" means the National Drug Code product identifier for a particular drug as listed in the National Drug Code Directory.

22.     The terms "Participant" and "Beneficiary" mean a person for whom a health plan or health and welfare fund provides any medical or health insurance benefit.

23.     "Person" means any natural person or any business, legal, or governmental

entity or association.

24. "Provider" means any physician or entity that provides health care to any Participant or Beneficiary.

25. "Publisher" means an entity that publishes a listing of pharmaceutical prices, and includes publications identified in Health Care Financing Administration Program Memorandum AB-99-63 and includes FirstDataBank, Red Book, Blue Book and Medispan.

26. "Relating" means in any way concerning or referring to, consisting of, involving, regarding mueor connected with the subject matter of the request.

27. "Statutory AWP ceiling" shall have the meanings that you ascribed to the term "national average wholesale price" in 42 C.F.R. § 405.517 while you were the Medicare Part B Carrier for Massachusetts.

28. "Subject drug" or "subject drugs" means one or more of the drugs listed on Exhibit A hereto.

29. "Third Party Administrator" means any entity that provides administrative services to any health plan or health and welfare fund relating to any medical benefit provided to any participant or beneficiary.

30. "Wholesaler" means any entity that purchases subject drugs from a manufacturer and resells such drugs to any other entity.

31. "You" or "your" shall refer to Massachusetts BCBS.

4

## **INSTRUCTIONS**

1. Unless otherwise specifically stated, the requests below refer to the period of January 1, 1991, to December 31, 1997, in which Massachusetts BCBS was the Medicare Part B Carrier for Massachusetts.

2. The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

3. Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

4. If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document. If the document has been destroyed, state the reason for its destruction.

5. Provide the following information for each document withheld on the

1782614v1

grounds of privilege:

    (a)    its date;

    (b)    its title;

    (c)    its author;

    (d)    its addressee;

    (e)    the specific privilege under which it is withheld;

    (f)    its general subject matter; and

    (g)    a description of it that you contend is adequate to support your contention that it is privileged.

6. These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial.

7. The documents produced must be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.

8. For electronic files, produce word processing documents in their native format, spreadsheets in their native format, e-mails in .pst format, and data files as pipe delimited ASCII files.

9. To the extent that you consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state the part of each request to which you object and each ground for each objection.

1782614v1

## DOCUMENTS TO BE PRODUCED

1. All documents relating to your claims processing policies and procedures for any subject drug in your role as the Medicare Part B Carrier for Massachusetts including, but not limited to, the methodologies considered, rejected or implemented for calculating Medicare Part B, HCPCS-coded drug reimbursement rates.

2. All documents relating to communications to or from CMS or HCFA regarding Medicare Part B reimbursement, payment or prices for any subject drug.

3. All documents relating to the consideration, evaluation, or exercise of your discretion in your role as a Medicare Part B Carrier for Massachusetts to set reimbursement rates for subject drugs, including Medicare Program Memoranda, directives, or other instructions from HCFA/CMS.

4. All documents indicating that providers' gross billing or submitted charges for Medicare Part B beneficiaries were not equal to the statutory AWP ceiling, including all EOMBs reflecting provider charges that were not equal to the statutory AWP ceiling.

5. All documents relating to your Medicare Part B reimbursement payments to providers that were less than the statutory AWP ceiling for the subject drug on the date of service.

6. All documents reflecting any Medicare Part B provider reimbursement payments made by you for subject drugs that were not based in whole or in part on AWP.

7. All documents relating to any use of a single HCPCS-coded reimbursement rate for multiple forms, strengths, quantities or labelers of subject drugs.

8. All documents relating to identifying, mapping, matching or "cross-

walking" the submitted HCPCS codes to the NDCs of the dispensed drugs.

9. All documents relating to the potential or actual imposition of a requirement upon providers to identify NDCs in their Medicare Part B reimbursement claims or to decisions not to impose any such requirement.

10. All documents relating to the use of any generic or miscellaneous HCPCS Code for subject drugs, including the methodologies for adjudicating claims for subject drugs submitted under such a code and how those claims are coded at the time of or after payment.

11. All documents related to the publishers relied upon for AWP data, including the reasons for selecting or rejecting any publisher, the variability of AWP for the same NDC among publishers, and the frequency by which you obtained, received, utilized or adopted AWP data from any publisher.

12. All documents relating to bundling reimbursement for dispensed drugs with reimbursement for drug administration, services and supplies within a single Medicare Part B HCPCS-coded reimbursement rate.

13. All documents relating to the processing of reimbursement payments for repackaged or re-labeled drugs in your role as the Medicare Part B Carrier for Massachusetts.

14. All documents relating to comparisons or variances of submitted, allowed and Medicare paid charges from participating vs. non-participating physicians for subject drugs.

15. All documents relating to communications to or from providers, benefit consultants or auditors regarding Medicare Part B reimbursement, payment or prices for any subject drug.

16. All documents relating to variances in reimbursement for subject drugs

between you and other Medicare Part B carriers.

17. All documents relating to the regularity with which submitted charges for Medicare Part B beneficiaries were not equal to the statutory AWP ceiling.

18. All documents indicating that submitted charges for any subject drug differ among providers for the same dose and form of drug at the same time.

19. All documents indicating that submitted charges for any subject drug differ for the same dose and form of drug dispensed by a single provider despite the absence of any intervening change in AWP for the dose and form of drug being dispensed.

20. Any Local Medical Review Policies you drafted, considered or issued for subject drugs in your role as the Medicare Part B Carrier for Massachusetts.

21. All Drug Utilization Reports (DURs) prepared during the relevant period on the subject drugs and all communications with HCFA/CMA regarding such reports.

22. All documents identifying or discussing the circumstances that confound the monitoring and observation of utilization or pricing trends concerning the subject drugs.

23. All documents relating to any EAC's concerning the subject drugs.

24. All signed contracts with HCFA/CMS pertaining to your functioning as a Part B Medicare Carrier and all documents relating to the negotiation of these contracts.

25. All documents relating to the conversion or adjustment of the AWP for the units used to adjudicate claims from the units published in the pricing compendia.

26. All documents relating to the reconciliation of, or adjustments to, reimbursement claims for the subject drugs.

27. All data dictionaries, data layout tables, and manuals identifying and

9

describing entry, storage and/or analysis of data collected to adjudicate Part B claims for the subject drugs and for the services to administer them, including, but not limited to, the identification of all files containing such information, all fields within those files, keys to all codes used in the fields, cross-references providing the identity of the providers, the name of the applications used, the versions used, and any changes in either over the relevant time period.

# **EXHIBIT A**

## ALL DRUGS LISTED BELOW ARE SUBJECT TO THIS SUBPOENA

| | |
|---|---|
| Abbott | A-Methapred, Acetylcysteine, Acyclovir, Amikacin Sulfate, Aminosyn, Calcijex, Cimetidine Hydrochloride, Clindamycin Phosphate, Destrose Sodium Chloride, Dextrose, Diazepam, Fentanyl Citrate, Furosemide, Gentamicin, Heparin, Leucovor, Liposyn II, Lorazepam, Sodium Chloride, Tobramycin Sulfate, Vancomycin HCL. |
| Amgen | Aranesp, Enbrel, Epogen, Kineret, Neulasta, Neupogen, |
| Astrazeneca | Pulmicort, Zoladex |
| Aventis | Anzemet, Taxotere |
| B. Braun | Dextrose, Dextrose in Lactated Ringers, Dextrose in Sodium Chloride, Heparin Sodium (porcine) in dsw, Sodium Chloride, Sodium Chloride (gu irrigant) |
| Baxter | Aggrastat, Ativan, Bebulin VH, Brevibloc, Buminate, Cisplatin, Claforan/D5W, Dextrose, Doxorubicin, Gammagard SD, Gentamicin, Gentran, Heparin, Iveegam, Osmitrol, Recombinate, Sodium Chloride, Travasol, Vancocin HCL |
| Bayer Pharmaceutical | Cipro, DTIC-DOME, Gamimune N, Koate-HP, Kogenate, Mithracin, |
| B-M Squibb | Blenoxane, Cytoxan, Etopophos, Paraplatin Inj, Taxol, Vepesid |
| Centocor | Remicade |
| Cerenex | Imitrex, Zofran |
| Dey Labs | Albuterol, Acetylcysteine, Cromolyn Sodium, Ipratropium, |
| Fujisawa | Aristocort, Aristospan, Cefizox, Prograf, Vinblastine |
| Gensia | Amphotercin B, Etoposide, Leucovorin Calcium, |
| GlaxoSmithKline | Alkeran, Imitrex, Kytril, Mylean, Navelbine, Retrovir, Ventolin HFA, Zantac, Zofran, Zovirax |

11

| | |
|---|---|
| Immunex | Leucovorin Calcium, Leukine, Novantrone, Thioplex, |
| Novartis | Miacalcin, |
| Ortho Biotech Products | Procrit |
| Pfizer | Dilantin, Zithromax |
| Pharmacia | Adriamycin PFS, RDF, Adrucil, Amphocin, Amphotericin B, Cytarabine, Depo-Testosterone, Etoposide, Neosar, Solu-Cortef, Solu-Medrol, Toposar, Vincasar PFS |
| Schering | Integrilin, Intron-A, Proventil, Temodar |
| Warrick | Albuterol, Perphenazine, Sodium Chloride |
| Sicor | Doxorubicin, Etoposide, Leucovorin Calcium, Tobramycin Sulfate, |
| Watson | Dexamethasone, Diazepam, Ferrlecit, Infed, Lorazepam |
| ZLB Behring f/k/a Aventis Behring | Gammar PIV |