# Exhibit 5



**LAW DEPARTMENT**
617.246.3500/tel
617.246.3550/fax

Steven E. Skwara
Director, Fraud Investigation and Prevention
Associate General Counsel
Steven.Skwara@bcbsma.com

November 4, 2005

Aimee E. Bierman, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
75 State Street
Boston, MA  02109

    Re:    In re: Pharmaceutical Industry Average Wholesale Price Litigation
            Civil Action No. 01-12257-PBS

Dear Ms. Bierman:

    Enclosed please find Blue Cross and Blue Shield of Massachusetts, Inc's ("BCBSMA's") objections to the third-party subpoena dated October 21, 2005, served on BCBSMA in the above-captioned litigation.

    BCBSMA is attempting to determine whether it retains any documents responsive to the subpoena. Preliminarily, however, it appears that BCBSMA may not have retained responsive documents since, when it transferred its Medicare B operations in 1997, BCBSMA also transferred the corresponding operational documents and claims information.

                                                      Very truly yours,

                                                        Steven E. Skwara

cc:    Thomas Poulin, Esq.
        David Nalven, Esq. (plaintiff class counsel)

## Blue Cross and Blue Shield of Massachusetts, Inc's
## Objections to Non-Party Subpoena

Pursuant to Rule 45(C) of the Federal Rules of Civil Procedure, Blue Cross and Blue Shield of Massachusetts, Inc. ("BCBSMA") hereby serves the following objections to the non-party subpoena dated October 21, 2005, served upon it by defendants in *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, Civil Action No. 01-12257-PBS ("Subpoena").

1. BCBSMA objects to the Subpoena to the extent it is unduly burdensome, overly broad and oppressive. BCBSMA further objects to the Subpoena on the grounds that it requires BCBSMA to conduct an investigation or inquiry that is overly broad, unduly burdensome and beyond the reasonable inquiry required under applicable law. Specifically, in divesting itself of its Medicare B business, BCBSMA transferred custody of the responsive documents to another party such that responsive documents that may once have been in BCBSMA's custody or control are no longer in BCBSMA's custody or control.

2. BCBSMA objects to the Subpoena on the grounds that the information which is sought may be obtained from parties to the litigation or other sources without imposing an undue burden upon BCBSMA to locate documents responsive to the Subpoena, to the extent such documents exist.

3. BCBSMA objects to the Subpoena in terms of the time and place for production of documents. We will work with you to arrange a mutually convenient time and place for such production to the extent that BCBSMA is able to locate responsive documents.

4. BCBSMA objects to the Subpoena to the extent it calls for the production of documents and things not within its possession, custody or control.

5. BCBSMA objects to the Subpoena to the extent it calls for documents that contain confidential or privileged information of third parties that BCBSMA is under an obligation not to disclose.

6. BCBSMA objects to the Subpoena to the extent your client intends to, attempts or purports to impose greater or different obligations upon BCBSMA than are required by the Federal Rules of Civil Procedure.

7. BCBSMA objects to the Subpoena on the grounds that the requests are vague and ambiguous.

Blue Cross and Blue Shield
of Massachusetts, Inc.

By its counsel,

Steven E. Skwara
(BBO No. 560159)
401 Park Dr.
Boston, MA  02215

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via U.S. Mail to: Aimee E. Bierman, Esq., Kirkpatrick & Lockhart Nicholson Graham LLP, 75 State Street, Boston, MA 02109 this 4th day of November, 2005.

Steven E. Skwara