# Exhibit 9



**LAW DEPARTMENT**
617.246.3500/tel
617.246.3550/fax

Steven E. Skwara
Director, Fraud Investigation and Prevention
Associate General Counsel
Steven.Skwara@bcbsma.com

November 14, 2005

By Overnight Mail
Aimee E. Bierman, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
75 State Street
Boston, MA  02109

      Re:    In re: Pharmaceutical Industry Average Wholesale Price Litigation
              Civil Action No. 01-12257-PBS

Dear Ms. Bierman:

Subject to and without waiving Blue Cross and Blue Shield of Massachusetts, Inc.'s ("BCBSMA's") previously-served Objections, I write in further response to the subpoena duces tecum issued on behalf of Aventis Pharmaceuticals Inc. and all defendants to the Amended Master Consolidated Class Action complaint on October 21, 2005 ("Subpoena") as well as the corresponding Notice of Deposition dated October 28, 2005.

We appreciate your offer of allowing a custodian of records declaration instead of a custodian of records deposition, but even a declaration does not make much sense under the circumstances. After internal inquiry, I am reasonably confident that most, if not all, of the documents sought by the Subpoena are outside of BCBSMA's current custody, control, and possession. BCBSMA transferred its Medicare Part A and Part B business to another carrier at the end of 1997. Most, if not all, of the related operational documents and claims data that had been in BCBSMA's possession was transferred to the successor Medicare carrier. Based on our prior correspondence, I understand that the successor carrier, National Heritage Insurance Company, has received a subpoena substantially similar to the above-referenced Subpoena.

I have enclosed for your review document indices showing the Medicare A and B related documents that BCBSMA has kept. We will be glad to help you decipher the indices, but essentially they show that BCBSMA did not retain the types of documents

Aimee E. Bierman, Esq.
November 14, 2005

sought by the Subpoena.  Accordingly, BCBSMA does not currently intend to produce documents in response to the Subpoena.

It is of course possible that our inquiry overlooked something.  To the extent that you have or develop information (e.g., through the deposition of a representative from the National Heritage Insurance Company) reasonably indicating that BCBSMA retained responsive documents, we will conduct a search for such documents.

Finally, you also served upon BCBSMA a Notice of Rule 30(b)(6) Deposition ("Notice") for a deposition to be held on November 30, 2005.  Just as BCBSMA has apparently retained no responsive documents to the above Subpoena, BCBSMA currently does not believe that it can produce a competent witness with regard to the issues in the Notice.  Just as documents and claims data were transferred, so too were the BCBSMA employees who worked in the Medicare A and B areas. Accordingly, BCBSMA does not currently plan on producing a witness in response to that Notice.  Again, however, to the extent that you have or develop information indicating that BCBSMA can provide responsive testimonial evidence beyond that provided by National Heritage Insurance Company, we will cooperate in producing a witness.

I am available to discuss these issues at your convenience.

Very truly yours,

Steven E. Skwara

cc:   Thomas Poulin, Esq.
      David Nalven, Esq. (plaintiff class counsel)