# Exhibit 12

**Shook,
Hardy&
Bacon** L.L.P.®

www.shb.com

January 13, 2006

Nicholas P. Mizell

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.559.2329 DD
816.421.2708 Fax

Steven E. Skwara, Esq.
Associate General Counsel
Blue Cross and Blue Shield of Massachusetts, Inc.
401 Park Drive
Boston, MA 02215

Re:   *Part B Carrier Subpoenas for Records and 30(b)(6) Designees*

Dear Mr. Skwara:

Thank you for sending us the record retention schedule and lists of employees who worked for BCBSMA's Medicare Part B carrier business. As we mentioned in our earlier voice-mail to you, we appreciate your helping us identify the various categories of business records most likely responsive to our discovery requests.

In particular, we note in the Part B-carrier-employee spreadsheet that there is a "CC" column that appears to correspond with the "cost centers" referenced in the letters you previously sent us memorializing the transfer of your Part B-carrier documents to NHIC. From this assumption, we gather that cost center 9132 – one of the cost centers transferred to NHIC – contains records discussing Medicare Part B pricing. While we appreciate your efforts to locate indices for all of the cost centers transferred to NHIC, producing an index for the 9132 records transferred to NHIC may obviate the need to produce any others. Please determine whether such an index is in your possession and, if so, send us a copy along with the definitions for any codes or abbreviations used in its "major description" and "minor description" columns.

With respect to our October 28, 2005 Notice of 30(b)(6) Deposition, you have advised us that BCBSMA may no longer employ the persons who handled its Medicare Part B carrier business. BCBSMA nevertheless was the Part B carrier from 1991 to 1997 and has a duty to identify and prepare designees to testify on its behalf. See, e.g., Dravo Corp. v. Liberty Mut. Ins. Co., 164 F.R.D. 70, 75 (D. Neb. 1995) ("If no current employee has sufficient knowledge to provide the requested information, the party is obligated to 'prepare [one or more witnesses] so that they may give complete, knowledgeable and binding answers on behalf of the corporation.'"); Ierardi v. Lorillard, Inc., 1991 WL 158911, at *1 (E.D. Pa. Aug. 13, 1991)(same); see also Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co., Inc., 201 F.R.D. 33, 37 (D. Mass. 2001) ("party responding to a Rule 30(b)(6) deposition notice must prepare deponents … [e]ven if the documents are voluminous" and their review "would be burdensome"); McLellan Highway Corp. v. United States, 95 F. Supp. 2d 1, 9 (D. Mass. 2000) ("corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation"); Foster-Miller, Inc. v. Babcock & Wilcox Canada, 210 F.3d 1, 17 (1st Cir.

Geneva
Houston
Kansas City
London
Miami
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

647125v1



Steven E. Skwara, Esq.
January 13, 2006
Page 2

2000) (designating party has duty to identify witness that would best speak for it on listed matters).

While reserving our right to question designees concerning all of the areas of inquiry set forth in the October 28, 2005 Notice of 30(b)(6) Deposition, in an effort to reach a mutually agreeable scope of examination concerning the Part B-carrier issues, we request for now that BCBSMA identify designees to testify as to: (1) the frequency by which the submitted charges from and the reimbursement payments to health care providers deviated from the statutory AWP ceiling for the Medicare Part B transactions concerning the subject drugs, and (2) any surveys or other information prepared, gathered or received by BCBSMA concerning physician acquisition costs for the subject drugs.

Please call me or Jim Muehlberger at 1-800-821-7962 to discuss and make arrangements for the depositions of BCBSMA's designees, which we would like to conduct within the next thirty days. We would also appreciate receiving two weeks prior to the depositions copies of any documents relating to either of the two areas of inquiry outlined above.

Thank you,

Nicholas P. Mizell

NMY:ma
cc: James P. Muehlberger

Geneva
Houston
Kansas City
London
Miami
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

647125v1