# Exhibit 15

**From:** Mizell, Nick P. (SHB)
**Sent:** Tuesday, January 24, 2006 3:01 PM
**To:** 'Starr, Gary'
**Cc:** Muehlberger, James P. (SHB); abierman@klng.com; mdemarco@klng.com
**Subject:** RE: Part B Carrier Subpoenas to National Heritage

Gary,

Thank you for your note below. With respect to any concern there may be regarding the disclosure of personally identifiable information, please see the attached Protective Order Governing Confidential Health Information, which applies to the supboenas directed to NHIC. The Order was entered to achieve two goals - to protect the confidentiality of private records and to facilitate their production. In particular, section 2.A. provides that subpoenaed parties are permitted to produce the documents in unredacted form, and section 3 sets forth several provisions safeguarding the confidentiality of these records. The Order therefore obviates any need to review and redact personally identifiable information from documents responsive to our requests.

We remain interested in minimizing the discovery burden on all of us, and the current requests are a narrow subset of the requests set forth in the two subpoenas directed to NHIC just before the holidays. We look forward to speaking with you soon about arrangements for the production of these documents and the depositions of NHIC's designees. Please let us know your availability to confer with us on Friday.

Thank you, Nick.

> -----Original Message-----
> **From:** Starr, Gary [mailto:GStarr@Goodwin.com]
> **Sent:** Tuesday, January 24, 2006 7:08 AM
> **To:** Mizell, Nick P. (SHB)
> **Cc:** Muehlberger, James P. (SHB); abierman@klng.com; mdemarco@klng.com
> **Subject:** RE: Part B Carrier Subpoenas to National Heritage
>
> Nick,
>
> I am in a deposition today. I have reviewed your revised request for documents with the Company's attorney and we are beginning to determine what may be available in response to this new request. Among our concerns is that there may be personally identifiable information that is protected by law that may have to be reviewed and redacted. This can be a time consuming and expensive undertaking. We also need to determine how the information is maintained as it appears that some of the information requested predates the use of networked computers. Once we have a better sense of what is available and in what format, I would be glad to discuss the next step. We are working on making these determinations and should have a better sense very shortly. Please recognize that this request is different from what was requested in the fall and additional time is needed to assess the magnitude of the request. Please understand that we are willing to work with you, but have to determine what legal restrictions may exist as well as to determine who will bear the cost of compiling and if necessary reviewing and redacting information.
>
> Gary
>
>> -----Original Message-----
>> **From:** Mizell, Nick P. (SHB) [mailto:NMIZELL@shb.com]
>> **Sent:** Monday, January 23, 2006 11:49 AM
>> **To:** Starr, Gary
>> **Cc:** Muehlberger, James P. (SHB); abierman@klng.com; mdemarco@klng.com
>> **Subject:** RE: Part B Carrier Subpoenas to National Heritage
>>
>> Gary, we're working with Mike DeMarco and Aimee Bierman on this discovery and, tomorrow afternoon, Mike will be leaving the country, so we would appreciate the

opportunity to conduct this call before then. If you intend to work with us and provide the requested information and documents on Friday or shortly thereafter, then we'll go ahead and wait until Friday. But if you intend to stand on your objections and not produce anything, please tell us now so that we can proceed with a motion to compel. Thank you, Nick.

-----Original Message-----
**From:** Starr, Gary [mailto:GStarr@Goodwin.com]
**Sent:** Friday, January 20, 2006 4:43 PM
**To:** Mizell, Nick P. (SHB)
**Subject:** RE: Part B Carrier Subpoenas to National Heritage

Nick,

I am not available the beginning of the week. Next Friday looks like the first opening on my calendar.

Gary

-----Original Message-----
**From:** Mizell, Nick P. (SHB) [mailto:NMIZELL@shb.com]
**Sent:** Friday, January 20, 2006 12:10 PM
**To:** Starr, Gary
**Cc:** Muehlberger, James P. (SHB)
**Subject:** RE: Part B Carrier Subpoenas to National Heritage

Gary,

Would it work for you to conduct our meet and confer by telephone at 4 central / 5 eastern on Monday? Thanks, Nick.

-----Original Message-----
**From:** Starr, Gary [mailto:GStarr@Goodwin.com]
**Sent:** Thursday, January 19, 2006 11:13 AM
**To:** Mizell, Nick P. (SHB)
**Subject:** RE: Part B Carrier Subpoenas to National Heritage

Nick,

As I had not heard from you, I now have a meeting out of the office Friday morning. In order to respond to the items you have previewed, I am going to need some time as I am presently tied up with a situation on a fast deadline.

Let me know what alternative times you have next week.

Gary

-----Original Message-----
**From:** Mizell, Nick P. (SHB) [mailto:NMIZELL@shb.com]
**Sent:** Thursday, January 19, 2006 12:04 PM
**To:** Starr, Gary
**Cc:** Muehlberger, James P. (SHB); abierman@klng.com; mdemarco@klng.com
**Subject:** RE: Part B Carrier Subpoenas to National Heritage

Gary,

If it works well for you, we'd like to call you at 11am eastern on Friday the 20th. In the meantime, it would likely be helpful for us to preview the matters we would like to discuss with you.

2/21/2006

Attached are letters we received from Blue Cross Blue Shield of Massachusetts memorializing the transfer of its Part B carrier records to NHIC, as well as lists of Part B carrier employees that BCBSMA reportedly transferred to NHIC.

Sifting through these docs, it appears that BCBSMA's Part B carrier records were organized into "cost centers" and that each of these were transferred to corresponding "Responsibility Centers" for NHIC. In particular, it appears that BCBSMA's "Medicare B Pricing" records were identified as "cost center 9132" and that these records were transferred to NHIC. We're interested in minimizing the discovery burden on all of us and, for now, would like to receive copies of the "9132" records, as well as the records created or maintained by NHIC in any corresponding responsibility center concerning Medicare Part B Pricing.

For the electronic claims data reflecting submitted charges and reimbursement payments that NHIC received from BCBSMA and that which NHIC has generated or maintained in its role as the Part B carrier for Massachusetts, we would like to get a sense of what the electronic data contains, where it is contained, how much there is, and what is needed to use it. To do so, we request that NHIC provide:

1. The file names, file sizes, media on which they are preserved, the application used to access the files, and the operating system used to run each named application.
2. The number of cartridges/tapes used to store these files.
3. The data layouts, data dictionaries, and all field codes for all files used to adjudicate the Massachusetts Part B reimbursement transactions.

And, while reserving our right to question designees concerning all of the areas of inquiry set forth in our 30(b)(6) notice, in an effort to reach a mutually agreeable scope of examination concerning the Part B-carrier issues, we request for now that NHIC identify designees to testify as to:

(1) whether it is possible to determine from the Part B records maintained by NHIC if the submitted charges for part B covered drugs were based upon AWP and the frequency by which the submitted charges from and the reimbursement payments to health care providers have deviated from the statutory AWP ceiling for Part B covered drugs since 1991, and

(2) any surveys or other information prepared, gathered or received by BCBSMA concerning physician acquisition costs for the subject drugs.

Prior to deposing these designees, we would also like to receive copies of any records responsive to these areas of inquiry.

We look forward to discussing these matters with you on Friday.

Thank you, Nick.

-----Original Message-----
**From:** Starr, Gary [mailto:GStarr@Goodwin.com]
**Sent:** Monday, January 16, 2006 12:33 PM
**To:** Mizell, Nick P. (SHB)
**Subject:** RE: Part B Carrier Subpoenas to National Heritage

either Thursday or Friday morning are ok as of today. Will you initiate the call? My direct line number is 860 251 5501.

Gary

2/21/2006

-----Original Message-----
**From:** Mizell, Nick P. (SHB)
**Sent:** Friday, January 13, 2006 5:01 PM
**To:** 'GStarr@Goodwin.com'
**Cc:** Muehlberger, James P. (SHB); 'abierman@klng.com'; 'mdemarco@klng.com'
**Subject:** Part B Carrier Subpoenas to National Heritage

Gary,

Jim Muehlberger and I are working with Aimee Bierman on the Medicare Part B Carrier Subpoenas directed to NHIC. We'd appreciate having the opportunity to visit with you early next week, though after the holiday, to discuss our discovery requests. Please let us know days and time that work best for you and we'll call you.

Thanks, Nick.

Nicholas P. Mizell
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
(816) 474-6550 (main)
(816) 559-2329 (direct)
(913) 579-2775 (cell)
(816) 421-2708 (fax)

-----Original Message-----
**From:** Starr, Gary
**Sent:** Tuesday, November 22, 2005 4:28 PM
**To:** 'Aimee E. Bierman (abierman@king.com)'
**Cc:** Wattenmaker, Benjamin M.
**Subject:** National Heritage

Aimee,

It is my understanding that at the present time, with our objection on file, there is nothing further National Heritage needs to do. The deposition will be rescheduled, if necessary, and the request for documents will be discussed by you with national defense counsel to determine what may be needed.

In my absence, if there are any questions, please contact Ben Wattenmaker, 860 251 5786, bwattenmaker@goodwin.com.

I will be back on December 5th.

I will be in the office on Wednesday, if you have any questions.

Thank you. Have a wonderful Thanksgiving.

Gary

2/21/2006

[Picture (Metafile)]

Gary S. Starr
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Tel: (860) 251-5501
Fax: (860) 251-5214
E-mail: gstarr@goodwin.com
www.shipmangoodwin.com

THE INFORMATION IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL AND INTENDED ONLY FOR THE RECIPIENT(S) LISTED ABOVE. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY E-MAIL AND DELETE THE ORIGINAL MESSAGE. THE TEXT OF THIS E-MAIL IS SIMILAR TO ORDINARY TELEPHONE OR FACE-TO-FACE CONVERSATIONS AND DOES NOT NECESSARILY REFLECT THE LEVEL OF FACTUAL OR LEGAL INQUIRY OR ANALYSIS WHICH WOULD BE APPLIED IN THE CASE OF A FORMAL LEGAL OPINION.


"MMS <shb.com>" made the following
 annotations on 01/19/06, 11:04:15

CONFIDENTIALITY NOTICE: This e-mail message including



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) | MDL NO. 1456<br><br>CIVIL ACTION: 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL ACTIONS | | |

### STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL HEALTH INFORMATION

To adequately protect individually identifiable health information entitled to be kept confidential, it is, pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure, and with consent of the parties, ORDERED:

1. **Definitions:**

   (A) As used in this Order, the term **"party"** shall mean all named parties to any action in the above-captioned Multi-District Litigation (MDL), including any named party added or joined to any complaint in this action, as well as named parties to tag-along actions added to this litigation by the Judicial Panel on Multi-District Litigation.

   (B) The term **"third-party"** shall mean any individual, corporation, other natural person or entity, or any state, federal, or local government agency, specifically including the United States Department of Health and Human Services.

   (C) The term **"documents"** as used herein is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and shall include all written, oral, recorded, or graphic

Case 1:01-cv-12257-PBS    Document 2164-16    Filed 02/28/06    Page 8 of 17 

material, however produced or reproduced, including, but not limited to, all written or printed matter of any kind, computer data, all graphic or manual records or representations of any kind, and electronic, mechanical, or electric records or representations of any kind.

(D) As used in this Order, the term **"confidential health information"** means any document or information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual, the provision of health care to such individual, or the past, present, or future payment for the provision of health care to such individual. These terms specifically include "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996. See 45 C.F.R. § 164.501("protected health information") and 160.103 ("individually identifiable health information"). "Confidential health information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests. "Confidential health information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from confidential health information.

2. **General Provisions:**

(A) Production of Health Information That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, to 45 C.F.R. §§ 164.102-164.534, or to 42 U.S.C. § 1306, or Other
2



Privacy Protections. Several subpoenas duces tecum have been served and will be served in the future in the above-captioned Multi-District Litigation (MDL) which may seek information and documents subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102-164.534, or to the provisions of 42 U.S.C. § 1306, or there may be no waiver by the patient to produce the records to any entity outside of the subpoenaed party. In order to facilitate the production of these records and to protect their confidentiality, the subpoenaed parties are permitted to produce these documents to any party to the MDL in an unredacted form. Upon producing these documents, the producing party shall designate them as "confidential" in the manner set forth in paragraph II. B. below. All parties receiving these documents may use such designated records only for purposes of the above-captioned Multi-District Litigation and may disclose them to non-parties to this litigation only as specified within this Order and only if the nonparty signs the form of acknowledgment attached to this Order as set forth below.

(B)     **Designation of Material Subject to this Protective Order.** To designate "confidential health information" material covered by this Protective Order, the producing party shall so designate, on the material itself, in an accompanying cover letter, or on a diskette cover by using the following designation: "CONFIDENTIAL HEALTH INFORMATION- SUBJECT TO PROTECTIVE ORDER."

(C)     **Scope of Order.** The terms and conditions of this Order shall govern all documents designated as confidential as set forth in section II. B. Should a document or record contain information that is protected under the terms and conditions of this Order


SERVED 06/09/04 08:09 PM ET MDL NO.

as well as the terms and conditions of any other Protective Order entered in the above-captioned MDL, the terms and conditions of this Order shall govern in the event of any conflict between the Orders.

III. **Provisions Governing Use and Disclosure of Confidential Health Information:**

    (A)    The parties may not use or disclose confidential health information for any purpose other than use in the above-captioned MDL.

    (B)    Subject to Paragraph III.C., confidential health information may be disclosed only to:

        1.    This Court and all persons assisting this Court in this action, including court reporters taking testimony involving such information, and necessary stenographic and clerical personnel;

        2.    Persons retained as consultants or experts for any party and principals and employees of the firms with which consultants or experts are associated;

        3.    Persons other than consultants or experts who are retained to provide purely administrative assistance to counsel for any party for the purpose of this action, including litigation support services and outside copying services;

        4.    Any person who may testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in this action, and for the purpose of assisting in the preparation or examination of the witness, provided that counsel first comply with the requirements of Paragraph III. C. of this Order;



5. And other person hereafter designated by written stipulation of the parties and, if applicable, the third-party who produced or supplied the confidential health information, or by further order of this Court; and,

6. The parties, the parties' counsel and their partners, associates, paralegals, and clerical and support personnel.

(C) No confidential health information may be disclosed to any person pursuant to the provision of Paragraph III.B. of this Order unless counsel first informs such person that pursuant to this Order the material to be disclosed may only be used for purposes of preparing and presenting evidence in this litigation and must be kept confidential. No confidential health information may be disclosed to any person identified in subparagraphs III.B.2 through III.B.6 of this Order unless such person first is given a copy of this Order and advised that the information contained in the document is confidential health information and informed that an unauthorized disclosure of the information in the document may constitute a contempt of this Court. Each person to whom confidential health information is disclosed pursuant to Subparagraph III.B. of this Order shall execute a Certification in the form attached hereto as Exhibit A and shall agree to be bound by this Order prior to receiving any confidential health information. Copies of the executed Certifications, and a current log of the materials disclosed to each person executing a Certification, shall be retained by counsel for the party or parties who disclosed the confidential health information to such persons. Copies of all Certifications executed pursuant to this Paragraph shall be disclosed to the party or third-party who produced or supplied the confidential health information a) within thirty (30) days after the final resolution of this action (including resolution of all appellate proceedings), b) within thirty (30) days after settlement of this action, or c) on good cause shown.



(D)   No person, firm, corporation, or other entity subject to this order shall give, show, disclose, make available, or communicate confidential health information to any person, firm, corporation, or other entity not expressly authorized by this Order to receive such confidential health information.

(E)   **Confidential Health Information in Depositions.**  Parties may show deponents designated confidential documents. However, efforts should first be made, if practicable, to conceal the identity of the subject of the record by coding the documents to substitute a numerical or other designation for the patient's name or other identifying information. The parties shall, within 30 business days after receiving a deposition, designate those pages of the transcript (and exhibits thereto) as confidential which contain any references to, or discussions confidential health information or individually identifiable health information. Until expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order. Confidential health information within the deposition transcript must be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "CONFIDENTIAL HEALTH INFORMATION SUBJECT TO PROTECTIVE ORDER." When such designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked. The terms and conditions of this Order shall apply to all such designated portions of any deposition transcript.

(F)   **Use of Confidential Health Information in Court Filings.**  In the event any party wishes to use confidential health information in any affidavits, briefs, memoranda of law, exhibits to motions, or other papers filed in Court in this action, such party shall take appropriate steps to safeguard such confidential health information in



documents filed with the Court, which steps may include redaction. In the event this Court wishes to review the redacted material, this Court may review the redacted material *in camera* or order that the documents containing confidential health information be filed under seal. Alternatively, the parties may file such affidavits, briefs, memoranda of law, exhibits to motions, or other papers under seal with this Court. The Clerk of Court shall accept for filing under seal any documents or filings so marked by the parties pursuant to this paragraph.

(G) **Confidential Health Information in Open Court.** The procedures for use of documents designated as containing confidential health information during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove individual patient identifiers, request the Court to submit such documents under seal, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security and HIC numbers associated with the names of individual patients have been removed. No party shall disclose designated documents containing confidential health information in open Court without a prior court order.

IV. **Destruction of Confidential Health Information At Completion of Litigation:**

(A). Within sixty (60) days after the final resolution of the above-captioned action, including resolution of all appellate proceedings, all documents and copies of documents produced or supplied pursuant to a third-party subpoena which are designated



as containing confidential health information, as well as all notes, memoranda, and summaries taken or made of such documents that contain confidential health information, shall be either returned to the producing party or destroyed.

(B)  All counsel of record who received documents shall certify compliance herewith and shall deliver the same to the producing party not more than sixty (60) days after the final resolution of this action. The return of documents or certifications of destruction relating to documents produced by the United States shall be provided to the U.S. Department of Health and Human Services, Office of General Counsel, Centers for Medicare & Medicaid Division.

V.     **Miscellaneous Provisions:**

(A)  **No Waiver.** The failure to designate any materials as provided in paragraph II.B shall not constitute a waiver of the assertion that the materials are covered by this Protective Order.

(B)  **Third-Party Request or Demand for Disclosure.** Should any party bound by this Order receive a subpoena, civil investigative demand, or other process from a third-party seeking, requesting, or requiring disclosure of confidential health information in any form, such person shall give notice immediately to the producing party so that the producing party may seek appropriate relief, if any. Notice shall be made within ten (10) days of the request for production and shall be in writing. Notice to the United States shall take the form of written notification to U.S. Department of Health and Human Services, Office of General Counsel, Centers for Medicare & Medicaid Division. No person bound by this Order who receives a subpoena, civil investigative demand, or other process from a third-party seeking, requesting, or requiring the disclosure of confidential health information shall produce or disclose such documents or

information unless and until a) ordered by a court having competent jurisdiction, or b) such production or disclosure is in accordance with the provisions herein and is expressly consented to by the producing party.

(C) **The Application of Other Privacy Provisions of Law.** Notwithstanding any provision of this Order to the contrary, in accordance with any applicable Federal, State, or local laws that afford heightened protection to certain categories of confidential health information, including, but not limited to, records or diagnosis or treatment for alcohol or substance abuse, certain sexually transmitted diseases such as HIV/AIDS, mental health, and research pertaining to genetic testing, the producing party may completely exclude from production any information afforded heightened protection by such Federal, State, or local laws.

(D) Nothing in this Order shall affect the rights of the parties or third-parties to object to discovery on grounds other than those related to the protection of confidential health information, nor shall it preclude any party or third-party from seeking further relief or protective orders from this Court as may be appropriate under the Federal Rules of Civil Procedure.

(E) Any person requiring further protection of confidential health information may petition this Court for a separate order governing the disclosure of its information.

(F). The provisions of this Order shall survive the conclusion of this action.

SO ORDERED, this ___8___ day of ___June___ 2004.

Patti B. Saris  United States District Judge



10



## CERTIFICATION - EXHIBIT A

I certify that I have read the attached Stipulated Protective Order Governing Confidential Health Information in *In Re: Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civil Action No. 01-12257-PBS, dated _____, 2004 (the Order), and I agree that I will not use or disclose Confidential Health Information or Individually Identifiable Health Information for any purpose other than this litigation and that, within sixty days (60) after the final resolution of this action, I will either return all Confidential Health Information to the United States or destroy such Confidential Health Information. I will otherwise keep all Confidential Health Information in accordance with this Order. I agree that the United States District Court for the District of Massachusetts has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound the strictures of the Order.

Dated:_____    _____
      [Print Name]
      [Company]
      [Address]

11