# Exhibit 18



LAW DEPARTMENT
617.246.3500/tel
617.246.3550/fax

Steven E. Skwara
**Director, Fraud Investigation and Prevention**
**Associate General Counsel**
Steven.Skwara@bcbsma.com

February 14, 2006

<u>Via Email</u>
Nicholas P. Mizell, Esq.
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108

Re:   AWP Litigation Subpoenas

Dear Nick,

This letter responds to your letter of January 13, 2006 and your email of February 13, 2006. Blue Cross and Blue Shield of Massachusetts, Inc. ("BCBSMA") has sought to identify documents responsive to your October 2005 document subpoena and has also sought to determine whether it could prepare a 30(b)(6) deponent knowledgeable about the topics identified in the October 2005 notice. In that regard, we appreciate your willingness to narrow the scope of both the document request and the 30(b)(6) deposition. Nonetheless, BCBSMA remains unable at this time to produce additional documents or a knowledgeable deponent.

As I have informed you previously, BCBSMA divested itself of its former Medicare B claims processing business in 1997. That divestment was complete and included everything from employees to files to office furniture. I have provided to you documentation reflecting this divestment and have discussed it in detail with you over the phone, so I will not repeat all of the details here. Given the divestment, our firm view is that NHIC, the successor Medicare Part B carrier, has the information sought by your subpoenas. You have not vigorously disputed our view. For instance, during our January 30 call, other than requesting that BCBSMA consider "co-designating" a witness to be identified by NHIC, you did not express the need for any further information from BCBSMA. (Your request that BCBSMA "co-designate" a 30(b)(6) witness is of course a tacit admission that NHIC, not BCBSMA, possesses the information responsive to the subpoenas.) Further, during the January 30 call, you mentioned that NHIC had identified over a hundred boxes of documents containing potentially responsive materials.

Nicholas P. Mizell, Esq.
February 14, 2006
Page 2 of 3

Presumably these boxes of documents include the documents transferred from BCBSMA to NHIC in 1997 and that may relate to the subpoenas.

As to your specific additional document requests, we have not been able to locate an asset transfer agreement between BCBSMA and NHIC. Also, other than the documents previously provided to you, we have been unable to locate any additional indices reflecting the cost center 9312 files referenced in your letter.

BCBSMA appreciates its obligations under Rule 30(b)(6) that you highlighted in your January 13 letter. I note, however, that your citation to <u>Dravo Corp.</u> v. <u>Liberty Mut. Ins. Co.</u>, 164 F.R.D. 70, 76 (D. Neb. 1995) was incomplete. Tellingly so. In the sentence immediately following the one that you cited, the <u>Dravo</u> court stated that if a party does not possess knowledge so as to be able to prepare a 30(b)(6) designee, "then its obligations under Rule 30(b)(6) obviously cease, since the rule requires testimony only as to 'matters known or reasonably available to the organization.' Fed. R. Civ. P. 30(b)(6)." Based on our internal review to date, BCBSMA does not possess knowledge by which it could prepare a Rule 30(b)(6) deponent, even on the narrow topic that you identified.

Since no court is likely to compel BCBSMA to prepare a witness to testify about matters unknown at this point to the witness or to BCBSMA (or otherwise not reasonably available to BCBSMA), we respectfully decline to produce a witness in response to your subpoena and deposition notice. To file a motion to compel against BCBSMA — such a motion against NHIC seems warranted — under these circumstances seems pointless.

Please let me know if you would like to discuss these matters further.

Very truly yours,

Steven E. Skwara