# Exhibit 19



www.shb.com

February 23, 2006

**Nicholas P. Mizell**

2555 Grand Blvd.
Kansas City
Missouri 64108-2613
816.474.6550
816.421.2708 Fax
nmizell@shb.com

Steven E. Skwara
Associate General Counsel
Blue Cross and Blue Shield of Massachusetts, Inc.
401 Park Dr.
Boston, MA  02215

Dear Steve:

We have conferred and corresponded with you for more than two months in a concerted effort to reach a mutually agreeable production of documents and designation of witnesses by Blue Cross and Blue Shield of Massachusetts, Inc. (BCBSMA) in response to our Medicare Part B Carrier subpoenas of October 21 and 28, 2005. Despite our numerous requests for a copy of the asset transfer or divestiture agreement (or any similar instrument) by which BCBSMA transferred any Medicare Part B records or assets to National Heritage Insurance Company (NHIC), we have never received "documentation reflecting this divestment" as mentioned in your letter of February 14, 2006.

Rather, at most, BCBSMA has provided only incomplete and partial indices of documents for which it transferred custody to NHIC and lists of some former employees that used to handle its Part B Carrier work – some of whom you mentioned may have been subsequently hired by NHIC. And, to the contrary, BCBSMA has provided indices of Part B Carrier documents described as "Med B Memos," "Med B Reports" and other similarly described records that it continues to retain. BCBSMA has not demonstrated, by producing an agreement between it and NHIC or otherwise, that it cannot access the records for which it transferred custody to NHIC, that copies of such records do not remain in its possession, custody or control, or that these records are not reasonably available to it.

Furthermore, on November 10, 2005, we sent you a draft and offered to accept a custodian of records declaration by which a duly authorized representative of BCBSMA would produce the documents responsive to our requests and attest to their authenticity or otherwise declare under penalty of perjury that no such records were in the possession, custody or control of BCBSMA. BCBSMA has declined to produce such a declaration to us. Moreover, you have not advised us that you have made even a single phone call or made any other effort to locate former employees of BCBSMA or ascertain whether such former employees could provide responsive testimony without the need for them to review any documents.

Geneva
Houston
Kansas City
London
Miami
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

1900993v1



www.shb.com

Steven E. Skwara
February 23, 2006
Page 2

Finally, among other examples, Plaintiffs insisted that Aventis locate and produce 30(b)(6) designees on subjects about which none of its current employees had knowledge, and, accordingly, Aventis was forced to locate and produce for deposition several former employees to testify about the subjects identified by Plaintiffs. We expect plaintiff BCBSMA to do the same. In sum, BCBSMA has not fulfilled its obligations to produce documents or designate witnesses responsive to the Part B carrier subpoenas directed to it.

As for the potential joint designation by BCBSMA and NHIC of 30(b)(6) designees, such a mechanism may be appropriate if, by virtue of the fact that they worked for both companies, there are persons familiar with the Massachusetts Part B Carrier affairs of both BCBSMA and NHIC. Consistent with the burden of production imposed by Rule 30(b)(6), however, BCBSMA would be responsible for preparing such witnesses to speak on its behalf for matters concerning its pre-1998 Part B carrier activities (just as NHIC would be responsible for preparing such witnesses to speak on its behalf for its post-1997 role as the Medicare Part B Carrier for Massachusetts). Our discussing this potential means for streamlining the burden of discovery is by no means an admission, tacit or otherwise, that BCBSMA does not possess or have reasonable access to deponents and documents responsive to our requests.

It appears we have reached an impasse and that our meet and confer obligations are satisfied. Please let me know if I misunderstand.

Very truly yours,

Nicholas P. Mizell
NMY/hdb

Cc: Steve Coco
    Jim Muehlberger
    Mike DeMarco
    Aimee Bierman

Geneva
Houston
Kansas City
London
Miami
Orange County
Overland Park
San Francisco
Tampa
Washington, D.C.

1900993v1