594.   Plaintiffs provided notice of this litigation as follows:  On January 9, 2002, to the Attorneys General of New Jersey, New York, Arizona, of Case 01-C-8828; of Case 01-CV-5427, of Case CV-N-H-01666, 01-5548, SA-01-1029; 01-4466, 01-1917, 01-CU-5790, 01-4303, 01-CU-5978, and 01-C-8827.  The foregoing are cases against Baxter, Warrick, Aventis, Sicor, Dey, Immunex, GSK, BMS, Bayer and Abbott.

595.   In addition, on October 6, 2005, notice was sent to each Attorney General in each of the states requiring notice and where demand on a defendant is required, such demand was made on or about October 6, 2005.

## COUNT VI

## (VIOLATIONS OF CONSUMER PROTECTION LAWS – THIRD-PARTY PAYORS PART B MEDIGAP CLASS)

596.   Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein, and this Count is asserted in the event that the Court does not apply the laws asserted as applicable in Count IV.

597.   This Count is asserted on behalf of a nationwide class of third-party payors ("TPPs") who made a payment for drugs covered by Medicare Part B.  The proposed class representatives are UFCW, PMBT, SMW Health Fund and BCBS of Massachusetts for Track 1. To the extent the Court limits this claim as a certified class for Massachusetts only for test purposes, each of these representatives is adequate.  To the extent defendants assert that a non-Massachusetts entity cannot be an adequate class representative and the Court agrees, then the Court should allow the test case to be based on the law of the home state of the class representives:  Illinois and Tennessee.

598.   In addition, for Track 1, Blue Cross and Blue Shield of Massachusetts and Sheet Metal Worker National Health Fund are proposed class representatives.  In addition, for Track 2, SMW Health Fund is a proposed class representative for Class 2.

599.     Plaintiffs seek to certify this class under Fed. R. Civ. P. 23(b)(3) for Plaintiffs'
damage claims and Fed. R. Civ. P. (b)(2), for injunctive relief.

600.     As described herein, defendant has intentionally and repeatedly used deception,
fraud, false pretense, false promise, misrepresentation, and/or concealment, suppression or
omission of material facts in connection with the sale or advertisement of AWPIDs.  It was the
intent of defendant that others rely on said concealment, suppression or omissions.

601.     Defendants' actions, as complained of herein, constitute unfair competition or
unfair, unconscionable, deceptive or fraudulent acts or practices in violation of various state
consumer protection statutes.  Pursuant to the Court's Order of August 16, 2005, Plaintiffs
identify the states that permit TPP claims under the consumer protection laws as set forth below.

> (a)     Defendants have engaged in unfair competition or unfair or deceptive acts
> or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.*;

> (b)     Defendants have engaged in unfair competition or unfair or deceptive acts
> or practices in violation of Ark. Code § 4-88-101, *et seq.*, including 4-88-113(f), and 4-8-102(5);

> (c)     Defendants have engaged in unfair competition or unfair or deceptive acts
> or practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

> (d)     Defendants have engaged in unfair competition or unfair or deceptive acts
> or practices in violation of Colo. Rev. Stat. § 6-1-105, *et seq.*, including § 6-1-113(1)© and
> § 6-1-102(b);

> (e)     Defendants have engaged in unfair competition or unfair or deceptive acts
> or practices in violation of Conn. Gen. Stat. § 42-110b, *et seq.*, including § 42-110(a)(3);

> (f)     Defendants have engaged in unfair competition or unfair or deceptive acts
> or practices in violation of 6 Del. Code § 2511, *et seq*, including 6 Del. Code § 2512;

> (g)     Defendants have engaged in unfair competition or unfair or deceptive acts
> or practices in violation of D.C. Code § 28-3901, *et seq.*, including § 28-390(1);

- 252 -

(h)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201, *et seq.*;

(i)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, *et seq.*, including § 481A-2;

(j)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.*, including § 48-602;

(k)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS § 505/1, *et seq.*;

(l)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. § 24-5-0.5.1, *et seq.*;

(m)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq.*;

(n)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*, including § 13-101(h);

(o)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, *et seq.*;

(p)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Stat. § 445.901, *et seq.*, including § 445-902(c);

(q)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. § 325F.67, *et seq.*, including § 407.010(5);

(r)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Mo. Rev. Stat. § 407.010, *et seq.*;

(s)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*, including § 59-160(1);

- 253 -

(t)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*;

(u)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*, including § 358A:1(1);

(v)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Stat. Ann. § 56:8-1, *et seq.*, § 56:8-1(d);

(w)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. Ann. § 57-12-1, *et seq.*;

(x)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, *et seq.*;

(y)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*;

(z)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code § 51-15-01, *et seq.*, including § 51-15-01(4);

(aa)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.*, including § 1345.01(B);

(bb)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made representations in violation of Okla. Stat. tit. 15 § 751, *et seq.*;

(cc)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 646.605, *et seq.*, including § 646.605(4);

(dd)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.*, including § 201-2(2);

(ee)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.*, including § 6-13.1(3);

- 254 -

(ff)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.,* including § 39-5-10(9);

(gg)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Code Laws § 37-24-1, *et seq.,* including § 37-24-1(8);

(hh)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq.,* including § 47-18-103(9);

(ii)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq.,* including § 17.45(4);

(jj)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code Ann. § 13-1 1-1, *et seq.;*

(kk)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vt. Stat. Ann. tit. 9, § 245 1, *et seq.;*

(ll)     Defendants have engaged in unfair competition or unfair, deceptive acts or fraudulent acts or practices in violation of Wash. Rev. Code § 19.86.010, *et seq.,* including § 19.86.010(1);

(mm)  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of W. Va. Code § 46A-6-101, *et seq.;*

(nn)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. § 100.18, *et seq.;* and

(oo)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyo. Stat. § 40-12-100, *et seq.,* including § 40-12-102(a)(i).

602.     Plaintiffs provided notice of this litigation as follows: On January 9, 2002, to the Attorneys General of New Jersey, New York, Arizona, of Case 01-C-8828; of Case 01-CV-5427, of Case CV-N-H-01666, 01-5548, SA-01-1029; 01-4466, 01-1917, 01-CU-5790, 01-4303,

- 255 -

01-CU-5978, and 01-C-8827. The foregoing are cases against Baxter, Warrick, Aventis, Sicor, Dey, Immunex, GSK, BMS, Bayer and Abbott.

603.    In addition, on October 6, 2005, notice was sent to each Attorney General in each of the states requiring notice and where demand on a defendant is required, such demand was made on October 6, 2005.

**COUNT VII**

**(VIOLATIONS OF CONSUMER PROTECTION LAWS –
PHYSICIAN-ADMINISTERED CLASS FOR CONSUMERS AND TPPS)**

604.    Plaintiffs incorporate by reference the preceding allegations as if fully set forth herein, and this Count is asserted in the event that the Count does not apply the laws asserted as applicable in Count IV.

605.    Plaintiffs seek certification of this class pursuant to Fed. R. Civ. P. 23(b)(3) for damage claims and (b)(2) for injunctive relief claims.

606.    The proposed consumer class representatives for this claim as to the Track 1 defendants are: Cynthia Byrski (BMS, GSK); Estate of William Barnewolt (J&J, Amgen, Abbott, Watson); Cheryl Barreca (J&J, BMS, GSK); Mary Cauble (BMS); Anna Choice (BMS, GSK); Joyce Dison (BMS); Tracy Garcia (BMS, Schering); Donna Kendall (GSK, BMS, J&J); Sandra Leef (BMS, Aventis, Abbott, Fujisawa); Gerald Miller (BMS); Constance Nelson (BMS, GSK); Andrea Palenica (BMS, GSK); Scott Tell (GSK, BMS); Pauline Vernick (BMS, Aventis); Mardolyn Vescovi (BMS, J&J); Kathleen Weaver-Zech (J&J); Susan Wessels (AstraZeneca); Joseph Miller (GSK, Baxter, Abbott); Regina Shoemaker (BMS); Kenneth Vanderwal (J&J); Rebecca Hopkins (BMS); and George Baker Thomson (AstraZeneca).

607.    The TPP class representatives for this claim are: United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund ("UFCW"); Board of Trustees of Carpenters and Millwrights of Houston and Vicinity Welfare Trust Fund (CMHV); Teamsters Health & Welfare Fund of Philadelphia and Vicinity ("THWF"); Philadelphis Federation of

- 256 -

Teachers Health and Welfare Fund ("PFTHW"); Man-U Service Contract Trust Fund ("Man-U"); and Twin Cities Bakery Workers Health and Welfare Fund ("TCBW").

608.    The TPP class representatives for this class, to the extent it is limited to Massachusetts and BCBS of Massachusetts for Track 1, are Pipefitters Local 537 Trust Fund.

609.    Since the Court did not require consumer representatives for Class 3, plaintiffs do not offer any but reserve the right to do so.

610.    This sub-class is asserted for consumers and TPPs for physician-administered AWPIDs.

611.    The consumer class groups its claims as follows:

    (a)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.*;

    (b)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101, *et seq.*;

    (c)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, 1770;

    (d)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105, *et seq.*;

    (e)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b, *et seq.*;

    (f)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code § 2511, *et seq.*;

    (g)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of D.C. Code § 28-3901, *et seq.*;

    (h)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201, *et seq.*;

(i)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, *et seq.*;

(j)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.*;

(k)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS § 505/1, *et seq.*;

(l)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. § 24-5-0.5.1, *et seq.*;

(m)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq.*;

(n)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*;

(o)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, *et seq.*;

(p)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Stat. § 445.901, *et seq.*;

(q)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. § 325F.67, *et seq.*;

(r)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Mo. Rev. Stat. § 407.010, *et seq.*;

(s)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*;

(t)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*;

(u)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*;

(v)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Stat. Ann. § 56:8-1, *et seq.*;

(w)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. Ann. § 57-12-1, *et seq.*;

(z)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, *et seq.*;

(y)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*;

(z)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code § 51-15-01, *et seq.*;

(aa)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.*;

(bb)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made representations in violation of Okla. Stat. tit. 15 § 751, *et seq.*;

(cc)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 646.605, *et seq.*;

(dd)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.*;

(ee)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.*;

(ff)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.*;

- 259 -

(gg)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Code Laws § 37-24-1, *et seq.*;

(hh)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq.*;

(ii)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq.*;

(jj)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code Ann. § 13-1 1-1, *et seq.*;

(kk)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vt. Stat. Ann. tit. 9, § 245 1, *et seq.*;

(ll)    Defendants have engaged in unfair competition or unfair, deceptive acts or fraudulent acts or practices in violation of Wash. Rev. Code § 19.86.010, *et seq.*;

(mm)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of W. Va. Code § 46A-6-101, *et seq.*;

(nn)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. § 100.18, *et seq.*; and

(oo)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyo. Stat. § 40-12-100, *et seq.*

612.    The TPP class groups its claims as set forth below:

(a)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.*;

(b)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101, *et seq.*, including 4-88-113(f), and 4-8-102(5);

(c)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

(d)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105, *et seq.*, including § 6-1-113(1)© and § 6-1-102(b);

(e)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b, *et seq.*, including § 42-110(a)(3);

(f)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code § 2511, *et seq*, including 6 Del. Code § 2512;

(g)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of D.C. Code § 28-3901, *et seq.*, including § 28-390(1);

(h)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201, *et seq.*;

(i)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, *et seq.*, including § 481A-2;

(j)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.*, including § 48-602;

(k)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS § 505/1, *et seq.*;

(l)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. § 24-5-0.5.1, *et seq.*;

(m)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq.*;

(n)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*, including § 13-101(h);

(o)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, *et seq.*;

- 261 -

(p)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Stat. § 445.901, *et seq.*, including § 445-902(c);

(q)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. § 325F.67, *et seq.*, including § 407.010(5);

(r)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Mo. Rev. Stat. § 407.010, *et seq.*;

(s)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*, including § 59-160(1);

(t)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*;

(u)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*, including § 358A:1(1);

(v)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Stat. Ann. § 56:8-1, *et seq.*, § 56:8-1(d);

(w     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. Ann. § 57-12-1, *et seq.*;

(x)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, *et seq.*;

(y)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*;

(z)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code § 51-15-01, *et seq.,* including § 51-15-01(4);

(aa)    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.,* including § 1345.01(B);

(bb)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made representations in violation of Okla. Stat. tit. 15 § 751, *et seq.*;

(cc)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 646.605, *et seq.,* including § 646.605(4);

(dd)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.,* including § 201-2(2);

(ee)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.,* including § 6-13.1(3);

(ff)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.,* including § 39-5-10(9);

(gg)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Code Laws § 37-24-1, *et seq.,* including § 37-24-1(8);

(hh)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq.,* including § 47-18-103(9);

(ii)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq.,* including § 17.45(4);

(jj)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code Ann. § 13-1 1-1, *et seq.*;

(kk)     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vt. Stat. Ann. tit. 9, § 245 1, *et seq.*;

(ll)     Defendants have engaged in unfair competition or unfair, deceptive acts or fraudulent acts or practices in violation of Wash. Rev. Code § 19.86.010, *et seq.,* including § 19.86.010(1);

(mm)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of W. Va. Code § 46A-6-101, *et seq.*;

- 263 -

(nn)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. § 100.18, *et seq.*; and

(oo)   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyo. Stat. § 40-12-100, *et seq.,* including § 40-12-102(a)(i).

613.   As described herein, Defendants have intentionally and repeatedly used deception, fraud, false pretense, false promise, misprepresentative, and/or concealment, suppression or omission of material facts in connection with the sale or advertisement of AWPIDs. It was the intent of Defendants that others rely on said concealment, suppression or omissions.

## COUNT IX

## CIVIL CONSPIRACY

### (AGAINST ALL DEFENDANTS IDENTIFIED HEREIN FOR CONSPIRING WITH PBMS)

614.   Plaintiffs incorporate the preceding allegations as if fully set forth above.

615.   This Court is asserted on behalf of the AWP Payor class by class representative CMHV and the Court has diversity jurisdiction over this claim.

616.   Each of the defendants named below, for the purpose of implementing the AWP scheme, and thereby causing plaintiffs and the Class to overpay for AWPIDs, conspired with each of the four major PBMs:  AdvancePCS, Caremark, Rx, Inc., Express Scripts, Inc. and Medco Health Solutions. The conspiratorial arrangements are as follows:

(a)   *The Abbott Manufacturer-PBM Conspiracies:* The Abbott Manufacturer-PBM Conspiracies are four separate conspiracies consisting of each of the PBMs that administered purchases of Abbott's AWPIDs and billed its members on the basis of Abbott's reported AWPs, and Abbott, including its directors, employees and agents: (1) the Abbott-AdvancePCS; (2) the Abbott-Caremark Rx; (3) the Abbott-Express Scripts; and (4) the Abbott-Medco Health. Each of the Abbott Manufacturer-PBM

- 264 -

Conspiracies is an ongoing and continuing conspiracy consisting of both corporations and individuals that are and have been associated for the common or shared purposes of selling, purchasing, prescribing and administering AWPIDs to individual Plaintiffs and Class members.

(b)     *The Amgen Manufacturer-PBM Conspiracies:*  The Amgen Manufacturer-PBM Conspiracies are four separate associations-in-fact consisting of each of the PBMs that administered purchases of Amgen's AWPIDs and billed its members on the basis of Amgen's reported AWPs, and Amgen, including its directors, employees and agents:  (1) the Amgen-AdvancePCS; (2) the Amgen-Caremark Rx; (3) the Amgen-Express Scripts; and (4) the Amgen-Medco Health.  Each of the Amgen Manufacturer-PBM Conspiracies is an ongoing and continuing conspiracy consisting of both corporations and individuals that are and have been associated for the common or shared purposes of selling, purchasing, prescribing and administering AWPID drugs to individual Plaintiffs and Class members.

(c)     *The AstraZeneca Manufacturer-PBM Conspiracies:*  The AstraZeneca Manufacturer-PBM Conspiracies are four separate conspiracies consisting of each of the PBMs that administered purchases of AstraZeneca's AWPIDs and billed its members on the basis of AstraZeneca's reported AWPs, and AstraZeneca, including its directors, employees and agents:  (1) the AstraZeneca-AdvancePCS; (2) the AstraZeneca-Caremark Rx; (3) the AstraZeneca-Express Scripts; and (4) the AstraZeneca-Medco Health.  Each of the AstraZeneca Manufacturer-PBM Conspiracies is an ongoing and continuing conspiracy consisting of both corporations and individuals that are and have been associated for the common or shared purposes of selling, purchasing, prescribing and administering AWPIDs to individual Plaintiffs and Class members.

- 265 -

(d)     *The Aventis Group Manufacturer-PBM Conspiracies:*  The Aventis Group Manufacturer-PBM Conspiracies are four separate associations-in-fact consisting of each of the PBMs that administered purchases of Aventis Group's AWPIDs and billed its members on the basis of Aventis Group's reported AWPs, and Aventis Group, including its directors, employees and agents:  (1) the Aventis Group-AdvancePCS; (2) the Aventis Group-Caremark Rx; (3) the Aventis Group-Express Scripts; and (4) the Aventis Group-Medco Health.  Each of the Aventis Group Manufacturer-PBM Conspiracies is an ongoing and continuing conspiracy consisting of both corporations and individuals that are and have been associated for the common or shared purposes of selling, purchasing, prescribing and administering AWPIDs to individual Plaintiffs and Class members.

(e)     *The Baxter Manufacturer-PBM Conspiracies:*  The Baxter Manufacturer-PBM Conspiracies are four separate conspiracies consisting of each of the PBMs that administered purchases of Baxter's AWPIDs and billed its members on the basis of Baxter's reported AWPs, and Baxter, including its directors, employees and agents: (1) the Baxter-AdvancePCS; (2) the Baxter-Caremark Rx; (3) the Baxter-Express Scripts; and (4) the Baxter-Medco Health.  Each of the Baxter Manufacturer-PBM Conspiracies is an ongoing and continuing conspiracy organization consisting of both corporations and individuals that are and have been associated for the common or shared purposes of selling, purchasing, prescribing and administering AWPIDs to individual Plaintiffs and Class members.

(f)     *The Bayer Manufacturer-PBM Conspiracies:*  The Bayer Manufacturer-PBM Conspiracy are four separate conspiracies consisting of each of the PBMs that administered purchases of Bayer's AWPIDs and billed its members on the basis of Bayer's reported AWPs, and Bayer, including its directors, employees and agents: (1) the Bayer-AdvancePCS; (2) the Bayer-Caremark Rx; (3) the Bayer-Express Scripts;

and (4) the Bayer-Medco Health.  Each of the Bayer Manufacturer-PBM Conspiracies is an ongoing and continuing conspiracy consisting of both corporations and individuals that are and have been associated for the common or shared purposes of selling, purchasing, prescribing and administering AWPIDs to individual Plaintiffs and Class members.

(g)     *The BMS Group Manufacturer-PBM Conspiracies:*  The BMS Group Manufacturer-PBM Conspiracies are four separate conspiracies consisting of each of the PBMs that administered purchases of BMS Group's AWPIDs and billed its members on the basis of BMS Group's reported AWPs, and BMS Group, including its directors, employees and agents:  (1) the BMS Group-AdvancePCS; (2) the BMS Group-Caremark Rx; (3) the BMS Group-Express Scripts; and (4) the BMS Group-Medco Health.  Each of the BMS Group Manufacturer-PBM Conspiracies is an ongoing and continuing conspiracy consisting of both corporations and individuals that are and have been associated for the common or shared purposes of selling, purchasing, prescribing and administering AWPIDs to individual Plaintiffs and Class members.

(h)     *The GSK Group Manufacturer-PBM Conspiracies:*  The GSK Group Manufacturer-PBM Conspiracies are four separate conspiracies consisting of each of the PBMs that administered purchases of GSK Group's AWPIDs and billed its members on the basis of GSK Group's reported AWPs, and GSK Group, including its directors, employees and agents:  (1) the GSK Group-AdvancePCS; (2) the GSK Group-Caremark Rx; (3) the GSK Group-Express Scripts; and (4) the GSK Group-Medco Health.  Each of the GSK Group Manufacturer-PBM Conspiracies is an ongoing and continuing conspiracy consisting of both corporations and individuals that are and have been associated for the common or shared purposes of selling, purchasing, prescribing and administering AWPIDs to individual Plaintiffs and Class members.

- 267 -

(i)    *The Hoffman-La Roche Manufacturer-PBM Conspiracies:*  The Hoffman-La Roche Manufacturer-PBM Conspiracies are four separate conspiracies consisting of each of the PBMs that administered purchases of Hoffman-La Roche's AWPIDs and billed its members on the basis of Hoffman-La Roche's reported AWPs, and Hoffman-La Roche, including its directors, employees and agents:  (1) the Hoffman-La Roche-AdvancePCS; (2) the Hoffman-La Roche-Caremark Rx; (3) the Hoffman-La Roche-Express Scripts; and (4) the Hoffman-La Roche-Medco Health.  Each of the Hoffman-La Roche Manufacturer-PBM Conspiracies is an ongoing and continuing conspiracy consisting of both corporations and individuals that are and have been associated for the common or shared purposes of selling, purchasing, prescribing and administering AWPIDs to individual Plaintiffs and Class members.

(j)    *The Immunex Manufacturer-PBM Enterprises:*  The Immunex Manufacturer-PBM Conspiracies are four separate conspiracies consisting of each of the PBMs that administered purchases of Immunex's AWPIDs and billed its members on the basis of Immunex's reported AWPs, and Immunex, including its directors, employees and agents:  (1) the Immunex-AdvancePCS; (2) the Immunex-Caremark Rx; (3) the Immunex-Express Scripts; and (4) the Immunex-Medco Health.  Each of the Immunex Manufacturer-PBM Conspiracies is an ongoing and continuing conspiracy consisting of both corporations and individuals that are and have been associated for the common or shared purposes of selling, purchasing, prescribing and administering AWPIDs to individual Plaintiffs and Class members.

(k)    *The Johnson & Johnson Group Manufacturer-PBM Conspiracies:*  The Johnson & Johnson Group Manufacturer-PBM Conspiracies are four separate conspiracies consisting of each of the PBMs that administered purchases of Johnson & Johnson Group's AWPIDs and billed its members on the basis of Johnson & Johnson

- 268 -

Group's reported AWPs, and Johnson & Johnson Group, including its directors,
employees and agents: (1) the Johnson & Johnson Group-AdvancePCS; (2) the Johnson
& Johnson Group-Caremark Rx; (3) the Johnson & Johnson Group-Express Scripts; and
(4) the Johnson & Johnson Group-Medco Health. Each of the Johnson & Johnson Group
Manufacturer-PBM Conspiracies is an ongoing and continuing conspiracy consisting of
both corporations and individuals that are and have been associated for the common or
shared purposes of selling, purchasing, prescribing and administering AWPIDs to
individual Plaintiffs and Class members.

   (*l*) *The Pfizer Manufacturer-PBM Conspiracies:* The Pfizer Manufacturer-
PBM Conspiracies are four separate conspiracies consisting of each of the PBMs that
administered purchases of Pfizer's AWPIDs and billed its members on the basis of
Pfizer's reported AWPs, and Pfizer, including its directors, employees and agents:
(1) the Pfizer-AdvancePCS; (2) the Pfizer-Caremark Rx; (3) the Pfizer-Express Scripts;
and (4) the Pfizer-Medco Health. Each of the Pfizer Manufacturer-PBM Conspiracies is
an ongoing and continuing conspiracy consisting of both corporations and individuals
that are and have been associated for the common or shared purposes of selling,
purchasing, prescribing and administering AWPIDs to individual Plaintiffs and Class
members.

   (m) *The Pharmacia Group Manufacturer-PBM Conspiracies:* The Pharmacia
Group Manufacturer-PBM Conspiracies are four separate conspiracies consisting of each
of the PBMs that administered purchases of Pharmacia Group's AWPIDs and billed its
members on the basis of Pharmacia Group's reported AWPs, and Pharmacia Group,
including its directors, employees and agents: (1) the Pharmacia Group-AdvancePCS;
(2) the Pharmacia Group-Caremark Rx; (3) the Pharmacia Group-Express Scripts; and
(4) the Pharmacia Group-Medco Health. Each of the Pharmacia Group Manufacturer-

PBM Conspiracies is an ongoing and continuing conspiracy consisting of both corporations and individuals that are and have been associated for the common or shared purposes of selling, purchasing, prescribing and administering AWPIDs to individual Plaintiffs and Class members.

(n)   *The Schering-Plough Group Manufacturer-PBM Conspiracies:*  The Schering-Plough Group Manufacturer-PBM Conspiracies are four separate conspiracies consisting of each of the PBMs that administered purchases of Schering-Plough Group's AWPIDs and billed its members on the basis of Schering-Plough Group's reported AWPs, and Schering-Plough Group, including its directors, employees and agents: (1) the Schering-Plough Group-AdvancePCS; (2) the Schering-Plough Group-Caremark Rx; (3) the Schering-Plough Group-Express Scripts; and (4) the Schering-Plough Group-Medco Health.  Each of the Schering-Plough Group Manufacturer-PBM Conspiracies is an ongoing and continuing conspiracy consisting of both corporations and individuals that are and have been associated for the common or shared purposes of selling, purchasing, prescribing and administering AWPIDs to individual Plaintiffs and Class members.

(o)   *The Sicor Group Manufacturer-PBM Conspiracies:*  The Sicor Group Manufacturer-PBM Conspiracies are four separate conspiracies consisting of each of the PBMs that administered purchases of Sicor Group's AWPIDs and billed its members on the basis of Sicor Group's reported AWPs, and Sicor Group, including its directors, employees and agents:  (1) the Sicor Group-AdvancePCS; (2) the Sicor Group-Caremark Rx; (3) the Sicor Group-Express Scripts; and (4) the Sicor Group-Medco Health.  Each of the Sicor Group Manufacturer-PBM Conspiracies is an ongoing and continuing conspiracy consisting of both corporations and individuals that are and have been

- 270 -

associated for the common or shared purposes of selling, purchasing, prescribing and administering AWPIDs to individual Plaintiffs and Class members.

(p)      *The Watson Manufacturer-PBM Conspiracies:*  The Watson Manufacturer-PBM Conspiracies are four separate conspiracies consisting of each of the PBMs that administered purchases of Watson's AWPIDs and billed its members on the basis of Watson's reported AWPs, and Pfizer, including its directors, employees and agents: (1) the Watson-AdvancePCS; (2) the Watson-Caremark Rx; (3) the Watson-Express Scripts; and (4) the Watson-Medco Health. Each of the Watson Manufacturer-PBM Conspiracies is an ongoing and continuing conspiracy consisting of both corporations and individuals that are and have been associated for the common or shared purposes of selling, purchasing, prescribing and administering AWPIDs to individual Plaintiffs and Class members.

(q)      *The Warrick Manufacturer – PBM Conspiracies:*  The Warrick Manufacturer-PBM Conspiracies are four separate conspiracies consisting of each of the PBMs that administered purchases of Warrick's AWPIDs and billed its members on the basis of Warrick's reported AWPs, and Pfizer, including its directors, employees and agents: (1) Warrick-AdvancePCS; (2) Warrick-Caremark Rx; (3) Warrick-Express Scripts; and (4) Warrick-Medco Health. Each of the Warrick Manufacturer-PBM Conspiracies is an ongoing and continuing conspiracy consisting of both corporations and individuals that are and have been associated for the common or shared purposes of selling, purchasing, prescribing and administering AWPIDs to individual Plaintiffs and Class members.

(r)      *The Dey-PBM Conspiracies:*  The Dey-PBM Conspiracies are four separate conspiracies consisting of each of the PBMs that administered purchases of Dey's AWPIDs and billed its members on the basis of Dey's reported AWPs, and Pfizer,

including its directors, employees and agents: (1) Dey -AdvancePCS; (2) Dey-Caremark Rx; (3) Dey -Express Scripts; and (4) Dey -Medco Health. Each of Dey-PBM Conspiracies is an ongoing and continuing conspiracy consisting of both corporations and individuals that are and have been associated for the common or shared purposes of selling, purchasing, prescribing and administering AWPIDs to individual Plaintiffs and Class members.

      (s)    *The Fujisawa-PBM Conspiracies:* The Fujisawa-PBM Conspiracies are four separate conspiracies consisting of each of the PBMs that administered purchases of Fujisawa's AWPIDs and billed its members on the basis of Fujisawa's reported AWPs, and Pfizer, including its directors, employees and agents: (1) Fujisawa-AdvancePCS; (2) Fujisawa-Caremark Rx; (3) Fujisawa-Express Scripts; and (4) Fujisawa-Medco Health. Each of Fujisawa-PBM Conspiracies is an ongoing and continuing conspiracy consisting of both corporations and individuals that are and have been associated for the common or shared purposes of selling, purchasing, prescribing and administering AWPIDs to individual Plaintiffs and Class members.

617.    Defendants consciously conspired and deliberately pursued a common plan or design to commit tortious acts, with each PBM that was part of its conspiracy, subjecting each to joint liability. Each Defendant Drug Manufacturer and each PBM had the common purpose of perpetuating a reimbursement system based on AWP, because such a system financially benefits ***both*** the manufacturer and the PBM. The Defendant Drug Manufacturers deliberately and fraudulently overstate the AWPs for their AWPIDs, thereby creating a "spread" based on the inflated figure in order to obtain each of the PBM agreement to advocate and favor that particular Defendant Drug Manufacturer's drugs to the members of that PBM's clients. Each of the PBMs then billed their clients for the particular Defendant Drug Manufacturers' AWPIDs based on the inflated AWPs, which did not reflect the true price paid by the PBMs for the AWPIDs. All of

these acts – and more – were done as part of a conspiracy to deceive payors, in violation of applicable state consumer protection laws and the common law of fraud. All of these acts were done in violation of Medicare anti-fraud kickback statutes and were done pursuant to acts of wire and mail fraud.

618.   Defendants each committed an unlawful act or acts in furtherance of this conspiracy, including:

(a)   Issuing false marketing materials about the AWPs for AWPIDs and the available spread, which were sent by the Defendant Drug Manufacturers to PBMs (including Medco Health) located across the country;

(b)   Written representations of the AWPs made by the Defendant Drug Manufacturers to the Publishers, which were made at least annually and in many cases several times during a single year and which the PBMs knew were false;

(c)   Thousands of written and oral communications discussing, negotiating and confirming the placement of a Defendant Drug Manufacturer's brand name drugs on a particular PBM's formulary;

(d)   Documents providing information or incentives designed to lessen the prices that each of the PBMs paid for AWPIDs, and/or to conceal those prices or the AWP Scheme;

(e)   Written communications, including checks, relating to rebates, kickbacks or other financial inducements paid to each of the PBMs to persuade them to advocate one Defendant Drug Manufacturers' AWPIDs over a drug manufactured by a competitor;

(f)   Written and oral communications with U.S. Government agencies and private insurers that fraudulently misrepresented what the AWPs were, or that were intended to deter investigations into the true nature of the AWPs or to forestall changes to reimbursement based on something other than AWPs;

- 273 -

(g)     Written and oral communications with health insurers and patients, including Plaintiffs and the members of Classes, inducing payments for the drugs that were made in reliance on AWPs; and

(h)     Receipts of money on tens of thousands of occasions through the U.S. mails and interstate wire facilities – the wrongful proceeds of the Defendant Drug Manufacturers' AWP Scheme.

619.    All of these acts were done as part of a conspiracy to deceive end payors, in violation of applicable state consumer protection laws and the common law of fraud. All of these acts were also committed in violation of applicable Medicare anti-fraud kickback statutes, and were committed pursuant to acts of unlawful instances of mail and wire fraud.

620.    Plaintiffs are entitled to a presumption of reliance on the false representations, concealments and nondisclosures by Defendants. The Class Members were ignorant of Defendants' representations and were ignorant of the full and true facts suppressed by Defendants, and such reliance was justified.

621.    As a direct, proximate result of this conspiracy, Plaintiffs and Class Members have been injured, as they have suffered and continue to suffer economic losses and general and specific damages, all in an amount to be determined according to proof.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

A.      The Court determine that this action may be maintained as a class action pursuant to Rule 23(b) (2) of the Federal Rules of Civil Procedure with respect to Plaintiffs' claims for declaratory, equitable and injunctive relief, and Rule 23(b) (3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and declaring Plaintiffs as representatives of the Classes and their counsel as counsel for the Classes;

B.      The conduct alleged herein be declared, adjudged and decreed to be unlawful;

- 274 -

C.      Plaintiffs and the Classes be granted an award of damages in such amount to be determined at trial to the full extent to all remedies as provided by law, with trebling where permitted by law;

D.      Plaintiffs and the Classes be granted an award of punitive damages in such amount to be determined at trial;

E.      Defendants be enjoined from continuing the illegal activities alleged herein;

F.      Plaintiffs and the Classes recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law; and

G.      Plaintiffs and the Classes be granted such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

## IX.    DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

DATED:  March 1, 2006.

Seattle, Washington


By ___ /s/ Steve W. Berman _____
      Thomas M. Sobol
      David T. Nalven
      Edward Notargiacomo
      Hagens Berman Sobol Shapiro LLP
      One Main Street, 4th Floor
      Cambridge, MA 02142
      Telephone: (617) 482-3700
      Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Robert Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*LIAISON AND CO-LEAD COUNSEL*

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter
A Professional Corporation
1525 Locust Street, 19th Floor
Philadelphia, PA  19102-3712
Telephone: (215) 772-1000
Facsimile: (215) 735-0957

CO-LEAD COUNSEL

1534.16 0301 BSC.DOC

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Michael McShane
Alexander, Hawes & Audet, LLP
300 Montgomery Street, Suite 400
San Francisco, CA  94104
Telephone: (415) 982-1886
Facsimile: (415) 576-1776

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
Shreveport, LA 71103
Telephone: (318) 226-0826
Facsimile: (318) 424-9900

Anthony Bolognese
Bolognese & Associates
One Penn Center
1617 JFK Boulevard, Suite 650
Philadelphia, PA  19103
Tel:  (215) 814-6750
Fax:  (215) 814-6764

Jonathan W. Cuneo
The Cuneo Law Group
317 Massachusetts Ave. N.E., Suite 300
Washington, DC 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

Neal Goldstein (Of Counsel)
Freedman & Lorry, PC
400 Market Street, Suit 900
Philadelphia, PA 19106
Tel: (215) 925-8400
Fax: (215) 925-7516

Michael E. Criden
Hanzman & Criden, PA
Commerce Bank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL  33134
Tel:  (305) 357-9000
Fax: (305) 357-9050

Kent M. Williams
1300 Godward Street NE, Suite 6200
Minneapolis, MS  55413
Tel:  (651) 633-9000
Fax: (651) 639-1551

Larry Crown
Jorge Franco
Jennings, Haug & Cunningham, L.L.P.
2800 North Central Ave., Ste. 1800
Phoenix, AZ  85004-1049
Tel:  (602) 234-7800
Fax: (602) 277-5595

Adam S. Levy
Law Offices of Adam S. Levy
505 Willow Road
Oreland, PA  19075
Tel:  (267) 994-6952
Fax: (215) 233-2992

Blake M. Harper
Kirk B. Hulett
Hulett Harper LLP
550 West C Street, Suite 1700
San Diego, CA  92101
Tel:  (619) 338-1133
Fax: (619) 338-1139

Jonathan D. Karmel
Karmel & Gilden
221 N. LaSalle Street
Suite 1414
Chicago, IL  60601
Tel: (312) 641-2910
Fax: (312) 641-0781

Dianne M. Nast
Roda & Nast, PC
801 Estelle Drive
Lancaster, PA 17601
Tel: 717-892-3000
Fax: 717-892-1200

Jonathan Shub
Sheller, Ludwig & Badey, P.C.
1528 Walnut Street, 3rd Floor
Philadelphia, PA  19102
Tel:  (215) 790-7300
Fax:  (215) 546-0942

Scott R. Shepherd
Shepherd & Finkleman, LLC
117 Gayley Street, Suite 200
Media, PA 19063
Tel:  (610) 891-9880
Fax:  (610) 891-9883

Lisa J. Rodriguez
Ira Neil Richards
Trujillo Rodriguez& Richards, LLC
The Penthouse
226 West Rittenhouse Square
Philadelphia, PA  19103
Tel:  (215) 731-9004
Fax:  (215) 731-9044

Mitchell A. Toups
Weller, Green, Toups & Terrell, L.L.P.
2615 Calder Street, Suite 400
Beaumont, TX  77704
Tel: (409) 838-0101
Fax: 409-838-6780

Damon Young
Lance Lee
Young, Pickett & Lee
4122 Texas Boulevard
Texarkana, AR/TX  75504
Tel: (903) 794-1303
Fax: 903-792-5098; 903-794-5098

Stephen C. Richman, Esq.
Markowitz & Richman
121 South Broad Street
1100 North America Building
Philadelphia, PA  19107
Telephone:  (215) 875-3100

- 279 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **FOURTH AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT [REDACTED VERSION]** to be electronically filed with the Court pursuant to the December 16, 2004 Order and to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on March 1, 2006, a copy to LexisNexis File and Serve for Posting and notification to all parties

By:  /s/ Steve W. Berman
     Steve W. Berman, Esq.
     HAGENS BERMAN SOBOL SHAPIRO LLP
     1301 5th Avenue, Suite 2900
     Seattle, WA  98101
     Telephone: (206) 623-7292
     Facsimile: (206) 623-0594

- 280 -