UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) THIS DOCUMENT RELATES TO: ) State of California, *ex rel.* Ven-A-Care v. ) Abbott Laboratories, *et al.* ) 01-cv-12257-PBS and 03-cv-11226-PBS ) ) | MDL No. 1456<br>Master File No. 01-12257-PBS<br><br>Judge Patti B. Saris |

## STIPULATION OF DISMISSAL
## AS TO CLAIMS AGAINST SICOR, INC.

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the qui tam provisions of the California False Claims Act, under Government Code Sections 12652(a) and 12652(c)(1) *et seq.* and in accordance with the terms of the March 1, 2006 Settlement Agreement between The State of California, Relator Ven-A-Care of the Florida Keys, Inc., and Sicor, Inc., the undersigned parties hereby stipulate, through their undersigned counsel, to the entry of an order dismissing with prejudice all civil monetary claims asserted on behalf of the State of California and Relator against Sicor, Inc. (f/k/a Gensia Pharmaceuticals, Inc.; Gensia, Inc.; Gensia Sicor, Inc.) in Case Nos. 01-cv-12257-PBS and 03-cv-11226-PBS concerning the Covered Conduct as defined in Preamble Paragraph C of the Settlement Agreement.

This stipulation has no effect on claims or allegations against any defendants other than Sicor, Inc. in Case Nos. 01-cv-12257-PBS and 03-cv-11226-PBS. The parties stipulate further that no claim or allegation other than those identified in this Stipulation shall be dismissed at this

time. Pursuant to the settlement agreement, this dismissal shall have no res judicata effect on:

(a)  any claims upon such obligations as are created by the settlement agreement;

(b)  the subrogation rights to claims for personal injury or property damage arising from usage by a participant in the Medicaid program of any of the Sicor covered drugs thereunder;

(c)  Any claims based on a failure to deliver products or services due;

(d)  Any claims that the Relators may have under the qui tam provisions of the laws of any state other than California released hereunder;

(e)  Any criminal liability or any administrative claim for suspension based upon a criminal conviction or plea;

(f)  Any civil, criminal or administrative liability arising under Title 26, U.S. Code [Internal Revenue Code] or its California equivalent;

(g)  Any liability to the State of California for any conduct other than the Covered Conduct; or

(h)  Any claims that the Relators may have under the Federal False Claims Act, 31 U.S.C. §§ 3379, *et. seq.*

Relators, on behalf of themselves, their heirs, successors, attorneys, agents, and assigns, stipulate that the Settlement Amount set forth in the March 1, 2006 Settlement Agreement and the terms and conditions described therein are fair, adequate, and reasonable under the circumstances, that they will not challenge the settlement and that they expressly waive the opportunity for a hearing on any objection to the settlement.

The parties respectfully request that the Court enter an order in the form of the attached proposed order.

                                        Respectfully submitted,

                                        BILL LOCKYER
                                        Attorney General for the State of California

Dated: March 2, 2006              By:    /s/ Nicholas N. Paul
                                        NICHOLAS N. PAUL
                                        Supervising Deputy Attorney General
                                        Bureau of Medi-Cal Fraud and Elder Abuse
                                        California Department of Justice
                                        1455 Frazee Road, Suite 315
                                        San Diego, California 92108
                                        Tel: (619) 688-6099
                                        Fax: (619) 688-4200

                                        **Attorneys for Plaintiff,**
                                        **STATE OF CALIFORNIA**

                                        THE BREEN LAW FIRM, P.A.

Dated: March 2, 2006              By:    /s/ James J. Breen
                                          JAMES J. BREEN
                                        FL Bar No. 297178
                                        5755 No. Point Parkway, Suite 39
                                        Alpharetta, Georgia 30022
                                        Tel: (770) 740-0008
                                        Fax: (770) 740-9109

                                        **Attorneys for *Qui Tam* Plaintiff,**
                                        **VEN-A-CARE OF THE FLORIDA KEYS, INC.**

## CERTIFICATE OF SERVICE

I, Nicholas N. Paul, hereby certify that on March 2, 2006, I caused a true and correct copy of the foregoing, **STIPULATION OF DISMISSAL AS TO CLAIMS AGAINST SICOR, INC., [PROPOSED] ORDER** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: March 2, 2006           /s/ Nicholas N. Paul
                               NICHOLAS N. PAUL
                               Supervising Deputy Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> State of California, *ex rel.* Ven-A-Care v. ) <br> Abbott Laboratories, *et al.* ) <br> 01-cv-12257-PBS and 03-cv-11226-PBS ) <br> ) | MDL No. 1456 <br> Master File No. 01-12257-PBS <br><br> Judge Patti B. Saris |

### [PROPOSED] ORDER OF DISMISSAL

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the qui tam provisions of the California False Claims Act, under Government Code Sections 12652(a) and 12652(c)(1) *et seq.*, Relator Ven-A-Care of the Florida Keys, Inc. and the State of California filed a Stipulation of Dismissal as to Claims Against Sicor, Inc. (f/k/a Gensia Pharmaceuticals, Inc.; Gensia, Inc.; Gensia Sicor, Inc.). Upon due consideration of the Stipulation, the Notice, and the papers on file in this action,

**IT IS HEREBY ORDERED** that,

1.  Consistent with the terms of the March 1, 2006, Settlement Agreement executed by the Sicor Defendants, the State of California and Relator, all civil monetary claims asserted on behalf of the State of California and Relator against Sicor, Inc. in Case Nos. 01-cv-12257-PBS and 03-cv-11226-PBS concerning the Covered Conduct as defined in Preamble Paragraph C of the Settlement Agreement shall be dismissed with prejudice.

2.  No claim or allegation other than those as specifically identified in the stipulation shall be dismissed at this time. This stipulation has no effect on claims or allegations against any defendants other than Sicor, Inc. in Case Nos. 01-cv-12257-PBS and 03-cv-11226-PBS .

3.  The Court reserves jurisdiction over the issue of the Relator's share.

Done this \_\_\_\_\_ day of _____ 2006.


_____
**PATTI B. SARIS**
**United States District Court Judge**