IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br> State of California, *ex rel.* Ven-A-Care v. <br> Abbott Laboratories, *et al.* <br> 03-CV-11226-PBS | MDL No. 1456 <br> Master File No. 01-12257-PBS <br><br> Judge Patti B. Saris |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT B. BRAUN OF AMERICA, INC.'S SEPARATE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Plaintiffs agree with Defendant B. Braun of America, Inc.'s ("BBA") premise that the personal jurisdiction analysis is governed by California law.[1] However, in asserting that the State of California has ignored this Court's prior rulings on personal jurisdiction, BBA disregards critical distinctions of California law, and the fact that BBA's contacts with California were far more substantial than its contacts with either Massachusetts or Montana.

## ARGUMENT

BBA contends this court lacks personal jurisdiction over BBA because BBA did not acquire McGaw, Inc. ("McGaw"). (BBA Exh.1, ¶4, Dinardo Declaration, reattached as Exh. 1 here.) This assertion is disingenuous. A Securities and Exchange Commission Form 10-Q filed by the selling company declares that it sold McGaw to BBA effective March 30, 1997 (Exh. 2, Ivax SEC filing, pp. 11, 20 of exhibit.) Further, a federal court of appeals decision found that BBA bought McGaw, Inc. in a stock-purchase agreement and subsequently assigned all of it's rights and interests in McGaw to B. Braun Medical, Inc. ("BBM"). *Ivax Corporation v. B. Braun of America, Inc.*, 286 F.3rd 1309, 1311, fn 1 (11th Cir. 2002). Moreover, records maintained by the California Secretary of State ("CSS") and available on his website reveal that McGaw was a Delaware corporation doing business in California as of March 16, 1992, and surrendered that status on August 28, 1998 (Exh. 3, CSS website page for McGaw, Inc.; Exh. 4, CSS Certificate of Surrender). Thus, BBA bought McGaw while it was doing business and based in Irvine, California.

---

[1] The California long arm statute allows for jurisdiction to the "outer limits" of due process. *Republic Int'l Corp. v. Amco Engineers, Inc.*, 516 F.2d 161, 166-67 (9th Cir. 1975). Thus the "minimum contacts" standard of *International Shoe Co. v. Washington*, 326 U.S. 310 (1954) applies. *See Crane v. Battelle, et al.*, 127 F.R.D. 174, 176 (S.D. Cal. 1989).

1

Dunn & Bradstreet reports [2] (Exh. 5, p.6 of 7) reveal that BBA is a holding company owning 100% of its one subsidiary, BBM, and that one of BBM's subsidiaries is Central Admixture Pharmacy Services, Inc. ("CAP"), which does business in California. (Exhs. 5 and 6, Exh. 7, p.11 of 33.) CAP's address is the same as that of McGaw, Inc., 2525 McGaw Ave., Irvine, California. (Exh. 7, page 11 of 13; Exhs. 3 and 8.) Thus, BBA bought a company located and doing business in California and, through its subsidiary, arranged for a new company to do business in California at McGaw's old address. This court has already found that BBA and BBM "share a principal place of business, at least one director and at least four officers, some of whom operate the day-to-day business of BBM." (Court's Feb. 4, 2005 Mem. at p. 3.)[3] Dun & Bradstreet reports disclose that both companies share the same treasurer (Thomas J. Young) and chief executive officer. The interrelationship between the two companies includes occasional loans, advances and service transactions. (Exh. 5, p. 6; Exh. 7, p.11.)

## I. THE COURT HAS SPECIFIC JURISDICTION OVER BBA GIVEN ITS ACQUISITION OF MCGAW, A CALIFORNIA BASED CORPORATION.

The Court has specific jurisdiction over BBA by virtue of its acquisition of McGaw, based in Irvine, California, and the manufacturer and seller of the very drugs at issue in this litigation. Further, BBA's wholly-owned subsidiary, BBM, continues to operate a business at the same location. A court may exercise specific jurisdiction over a nonresident person or entity when that entity does an act or causes an act to be done in the State, although the exercise of specific

---

[2] The reports are admissible under Fed. R. Evid. 803(17). *See United States v. New-Form Manufacturing Company, LTD.*, 277 F. Supp. 2d 1313, 1326 (2003 Ct. Intl. Trade.)

[3] This Court granted BBA's motion to dismiss Nevada's and Montana's amended complaint, noting that a lost opportunity to conduct jurisdictional discovery resulted in a lack of proof of sufficient contacts to establish personal jurisdiction with the plaintiffs in that case.

jurisdiction is limited to claims arising from or related to that act. *See, e.g., Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995); *Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal. 4th 434, 445-46 (1996). Here, BBA's acquisition of McGaw, a California based corporation, satisfies the relevant standard.          Although BBA's Declarant, Mr. DiNardo, denies that BBA acquired McGaw, this statement conflicts with the SEC filing and the 11th Circuit's finding discussed above. Moreover, his Declaration fails to identify the "available sources of information at BBA"– and, thus, should be disregarded as not credible. The two more contemporaneous and reliable sources – Ivax's SEC filings (Exh. 2), and the Eleventh Circuit opinion in the litigation arising from BBA's purchase of McGaw, confirm that BBA in fact acquired McGaw. *See Ivax Corp.*, 286 F.3d at 1311 n. 1.

For a court to find specific jurisdiction over a nonresident defendant, the plaintiff's claim must "arise out of" or be "related to" the defendant's forum activities. *See Burger King v. Rudzewicz*, 471 U.S. 462, 477-478 (1985). The plaintiff's cause of action need not arise directly from the defendant's activities in the forum; rather, it is enough that the claim bears a "substantial connection" to the defendant's contacts with the forum. *Vons*, 14 Cal.4th at 452. Here, California's claims have a substantial connection to BBA's forum activities – specifically, BBA's acquisition of a California based company, the products of which are the very ones at issue.[4] Undoubtedly, in the course of that acquisition, BBA officers and agents traveled to California and regularly communicated with persons in California as part of their due diligence. The claims asserted in this case directly relate to BBA's purposeful availment of the benefits and privileges of doing business

---

[4]This transaction occurred in 1997, which is well within the period covered by California's claims. In any event, a State may exercise jurisdiction over a foreign corporation which has ceased doing business in the State (although California does not admit that is true with respect to BBA) with respect to causes of action arising out of its prior business activities in the State. *State of Washington v. Superior Court*, 289 U.S. 361 (1933).

3

in California because BBA knowingly acquired a company that makes and sells pharmaceuticals in California, specifically, to persons covered by MediCal.

## II. THE COURT HAS JURISDICTION OVER BBA GIVEN ITS PRINCIPAL/AGENT RELATIONSHIP WITH BBM.

Under California law, the general principle that jurisdiction over a wholly-owned subsidiary corporation does not, without more, confer jurisdiction over the parent entity has several important exceptions – including that where a subsidiary acts as the agent of the parent entity, jurisdiction over the two should be coextensive. *F. Hoffman-La Roche v. Superior Court*, 130 Cal. App. 4th 782, 797 (2005). That agency exception and the related "representative services doctrine" may be applicable even if the parent respects corporate formalities and piercing the veil would be inappropriate. Id.

The facts here demonstrate that BBM is the agent of BBA, such that BBM's extensive contacts with California should be imputed to its parent. The companies have common officers and employees. BBA a holding company without any operations of its own, but its direct holdings consist exclusively of the stock of BBM. BBA is no more than a mechanism to own and direct the affairs of BBM.. BBM reports in its Dun and Bradstreet report of occasional loans, advances and service transactions between companies. Under California law, "if a parent corporation exercises such a degree of control over its subsidiary corporation that the subsidiary can legitimately be described as only a means through which the parent acts, or nothing more than an incorporated department of the parent, the subsidiary will be deemed to be the agent of the parent in the forum state and jurisidiction will extend to the parent." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523 (2000), *citing Gallagher v. Mazda Motor*, 781 F. Supp. 1079, 1083-84 (E.D. Pa. 1992). That principle applies here.

4

### III. THE COURT HAS JURISDICTION OVER BBA GIVEN THE EFFECTS IT HAS CAUSED IN CALIFORNIA.

A court's authority to find personal jurisdiction over a nonresident defendant is subject to a reasonableness standard. *Burger King*, 471 U.S. at 477. "[A]s a matter of fairness, a defendant should not be haled into a jurisdiction solely as the result of random, fortuitous, or attenuated contacts." *Id.* at 475. The burden to prove that exercise of personal jurisdiction would be unreasonable is on the defendant. *Id.* at 476. A nonresident defendant may be subject to personal jurisdiction if, through its out of state activities, it causes an effect in California. *Burger King*, 471 U.S. at 476; *St. Joe Paper v. Superior Court*, 120 Cal.App.3d 991, 996 (1981).

Personal jurisdiction is exercised over defendants when, with regard to their omission or act done elsewhere: (a) the effects are of a nature that the State treats as exceptional and subject to special regulation; or, (b) the defendant has invoked the benefits and protections of California law. *Id.* Both factors apply here. California's Medicaid program regulates reimbursement for drugs. BBA invoked the benefits of California law by acquiring McGaw. Given that BBA exercises considerable control over its one subsidiary, BBM, and both companies share officers, employees, the same address and conduct financial transactions between themselves, it does not amount to an injustice to include BBA in the case herein.

BBA has not met its burden to show that the exercise of personal jurisdiction over it is unreasonable.

### CONCLUSION

For the reasons stated above, BBA's Motion to dismiss should be denied. In the alternative, California should be allowed to conduct relevant jurisdictional discovery.

                                           Respectfully submitted,
                                           BILL LOCKYER

                                           Attorney General for the State of California

Dated: March 2, 2006                        By:   /s/ Nicholas N. Paul
                                                       NICHOLAS N. PAUL
                                                       Supervising Deputy Attorney General
                                                       California Department of Justice
                                                       1455 Frazee Road, Suite 315
                                                       San Diego, California  92108
                                                       Tel:  (619) 688-6099
                                                       Fax:  (619) 688-4200

                                                       **Attorneys for Plaintiff,**
                                                       **STATE OF CALIFORNIA**

| THE BREEN LAW FIRM, P.A. | BERGER & MONTAGUE, P.C. |
|---|---|
| By:   /s/ James J. Breen<br>     JAMES J. BREEN<br>     5755 No. Point Parkway, Suite 39<br>     Alpharetta, Georgia  30022<br>     Tel: (770) 740-0008<br>     Fax: (770) 740-9109 | By:   /s/ Susan Schneider Thomas<br>     SUSAN SCHNEIDER THOMAS<br>     1622 Locust Street<br>     Philadelphia, PA  19103<br>     Telephone: (215) 875-3000<br>     Fax: (215) 875-4604 |
| **Attorneys for *Qui Tam* Plaintiff,**<br>**VEN-A-CARE OF THE**<br>**FLORIDA KEYS, INC.** | **Attorneys for *Qui Tam* Plaintiff,**<br>**VEN-A-CARE OF THE**<br>**FLORIDA KEYS, INC.** |

## CERTIFICATE OF SERVICE

I, Nicholas N. Paul, hereby certify that on March 2, 2006, I caused a true and correct copy of the foregoing **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT B. BRAUN OF AMERICA, INC.'S SEPARATE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: March 2, 2006

                                               /s/ Nicholas N. Paul
                                               NICHOLAS N. PAUL
                                               Supervising Deputy Attorney General