# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL No. 1456 <br><br> CIVIL ACTION: 01-CV-12257 PBS |
| THIS DOCUMENT RELATES TO: | ) ) | Judge Patti B. Saris |
| *The City of New York v. Abbott Labs., et al.* <br> S.D.N.Y. Case No. 04-CV-06054 | ) ) | |
| *County of Albany v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-0425 | ) ) | |
| *County of Allegany v. Abbott Labs., et al.* <br> W.D.N.Y. Case No. 05-CV-0236 | ) ) | |
| *County of Broome v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-00456 | ) ) | |
| *County of Cattaraugus v. Abbott Labs., et al.* <br> W.D.N.Y. Case No. 05-CV-0256 | ) ) | |
| *County of Cayuga v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-0423 | ) ) | |
| *County of Chautauqua v. Abbott Labs., et al.* <br> W.D.N.Y. Case No. 05-CV-0214 | ) ) | |
| *County of Chemung v. Abbott Labs., et al* <br> W.D.N.Y. No. 05-CV-06744 | ) ) | |
| *County of Chenango v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-0354 | ) ) | |
| *County of Fulton v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-0519 | ) ) | |
| *County of Genesee v. Abbott Labs., et al.* <br> W.D.N.Y. Case No. 05-CV-00267 | ) ) | |
| *County of Greene v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-0474 | ) ) | |
| *County of Herkimer v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-00415 | ) ) | |
| *County of Jefferson v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-0715 | ) ) | |
| *County of Madison v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-0714 | ) ) | |
| *County of Monroe v. Abbott Labs., et al.* <br> W.D.N.Y. Case No. 05-CV-6148 | ) ) | |
| *County of Nassau v. Abbott Labs, et al.* <br> E.D.N.Y. Case No. 04-CV-5126 | ) ) ) | |

| | |
|---|---|
| *County of Niagara v. Abbott Labs., et al.* | ) |
| W.D.N.Y. Case No. 05-CV-6296 | ) |
| *County of Oneida v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0489 | ) |
| *County of Onondaga v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0088 | ) |
| *County of Putnam v. Abbott Labs., et al.* | ) |
| S.D.N.Y. Case No. 05-CV-4748 | ) |
| *County of Rensselaer v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0422 | ) |
| *County of Rockland v. Abbott Labs., et al.* | ) |
| S.D.N.Y. Case No. 03-CV-7055 | ) |
| *County of St. Lawrence v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0479 | ) |
| *County of Saratoga v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0478 | ) |
| *County of Steuben v. Abbott Labs., et al.* | ) |
| W.D.N.Y. Case No. 05-CV-6223 | ) |
| *County of Suffolk v. Abbott Labs., et al.* | ) |
| E.D.N.Y. Case No. 01-CV-12257 | ) |
| *County of Tompkins v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0397 | ) |
| *County of Warrren v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0468 | ) |
| *County of Washington v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0408 | ) |
| *County of Wayne v. Abbott Labs., et al.* | ) |
| W.D.N.Y. Case No. 05-CV-6138 | ) |
| *County of Westchester v. Abbott Labs., et al.* | ) |
| S.D.N.Y. Case No. 03-CV-6178 | ) |
| *County of Yates v. Abbott Labs., et al.* | ) |
| W.D.N.Y. Case No. 05-CV-06172 | ) |
| | ) |
| | ) |

**DEFENDANT CHIRON CORPORATION'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS THE CONSOLIDATED
NEW YORK CITY AND COUNTY COMPLAINT AND THE SECOND AMENDED
COMPLAINT OF NASSAU COUNTY**

This case should be decided upon motion, as this Court's prior rulings against

Plaintiffs and in favor of Chiron are dispositive.  As this Court is no doubt aware, Chiron is one

of the "Suffolk 6" against which this Court dismissed *all* claims asserted by Suffolk County.

Indeed, on September 30, 2004, this Court dismissed several claims asserted against all Defendants in the *County of Suffolk* case.  *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, 339 F. Supp. 2d 165 (D. Mass. 2004).  Later, this Court specifically dismissed *all claims* against Chiron in the *Suffolk* case.  *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, No. 1456, Civ.A. 01-12257-PBS, 2004 WL 2387125, at \*\*2-3 (D. Mass. Oct. 26, 2004); Memorandum and Order dated April 8, 2005.  Significantly, this Court did not provide Plaintiffs leave to amend their defective action.

Before this Court are a new round of actions that mirror their defective predecessors.  The New York County Plaintiffs -- sans Suffolk -- have filed recycled actions against Chiron under the same theories that this Court previously found defective and dismissed under Rule 9(b) in the *Suffolk* case.  As such, this Court should treat the New York Counties' and Nassau's claims against Chiron exactly as it treated Suffolk's defective claims against Chiron and dismiss them.  But this time the Court should do so *with prejudice*.

As a result of this procedural history, clear Orders by this Court, and the many defects inherent in the New York Counties' and Nassau's actions, Chiron joins in Defendants' Joint Memorandum of Law in Support of Motion to Dismiss the Complaints and submits this

individual brief to demonstrate additional grounds for dismissal of all fraud-based claims against

Chiron.

Dated: March 3, 2006                                    /s/ D. Jacques Smith
                                                        D. Jacques Smith, Esq. (*pro hac vice*)
                                                        Larri A. Short, Esq.
                                                        ARENT FOX PLLC
                                                        1050 Connecticut Avenue, NW
                                                        Washington, DC  20036-5339
                                                        202/857-6000 – telephone
                                                        202/857-6395 – facsimile
                                                        smith.jacques@arentfox.com

                                                        *Attorneys for Defendant*
                                                        *Chiron Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 3, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ D. Jacques Smith
D. Jacques Smith, Esq. (*pro hac vice*)