# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) |
| | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257 PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |
| *The City of New York v. Abbott Labs., et al.* S.D.N.Y. Case No. 04-CV-06054 | |
| *County of Albany v. Abbott Labs., et al.* N.D.N.Y. Case No. 05-CV-0425 | |
| *County of Allegany v. Abbott Labs., et al.* W.D.N.Y. Case No. 05-CV-0236 | |
| *County of Broome v. Abbott Labs., et al.* N.D.N.Y. Case No. 05-CV-00456 | |
| *County of Cattaraugus v. Abbott Labs., et al.* W.D.N.Y. Case No. 05-CV-0256 | |
| *County of Cayuga v. Abbott Labs., et al.* N.D.N.Y. Case No. 05-CV-0423 | |
| *County of Chautauqua v. Abbott Labs., et al.* W.D.N.Y. Case No. 05-CV-0214 | |
| *County of Chenango v. Abbott Labs., et al.* N.D.N.Y. Case No. 05-CV-0354 | |
| *County of Fulton v. Abbott Labs., et al.* N.D.N.Y. Case No. 05-CV-0519 | |
| *County of Genesee v. Abbott Labs., et al.* W.D.N.Y. Case No. 05-CV-00267 | |
| *County of Greene v. Abbott Labs., et al.* N.D.N.Y. Case No. 05-CV-0474 | |
| *County of Herkimer v. Abbott Labs., et al.* N.D.N.Y. Case No. 05-CV-00415 | |
| *County of Jefferson v. Abbott Labs., et al.* N.D.N.Y. Case No. 05-CV-0715 | |
| *County of Madison v. Abbott Labs., et al.* N.D.N.Y. Case No. 05-CV-0714 | |
| *County of Monroe v. Abbott Labs., et al.* W.D.N.Y. Case No. 05-CV-6148 | |
| *County of Nassau v. Abbott Labs, et al.* E.D.N.Y. Case No. 05-CV-10179 | |
| *County of Niagara v. Abbott Labs., et al.* W.D.N.Y. Case No. 05-CV-6296 | |

|  |  |
|---|---|
| *County of Oneida v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0489 | ) |
| *County of Onondaga v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0088 | ) |
| *County of Putnam v. Abbott Labs., et al.* | ) |
| S.D.N.Y. Case No. 05-CV-4748 | ) |
| *County of Rensselaer v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0422 | ) |
| *County of Rockland v. Abbott Labs., et al.* | ) |
| S.D.N.Y. Case No. 03-CV-7055 | ) |
| *County of St. Lawrence v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0479 | ) |
| *County of Saratoga v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0478 | ) |
| *County of Steuben v. Abbott Labs., et al.* | ) |
| W.D.N.Y. Case No. 05-CV-6223 | ) |
| *County of Suffolk v. Abbott Labs., et al.* | ) |
| E.D.N.Y. Case No. 01-CV-12257 | ) |
| *County of Tompkins v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0397 | ) |
| *County of Warrren v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0468 | ) |
| *County of Washington v. Abbott Labs., et al.* | ) |
| N.D.N.Y. Case No. 05-CV-0408 | ) |
| *County of Wayne v. Abbott Labs., et al.* | ) |
| W.D.N.Y. Case No. 05-CV-6138 | ) |
| *County of Westchester v. Abbott Labs., et al.* | ) |
| S.D.N.Y. Case No. 03-CV-6178 | ) |
| *County of Yates v. Abbott Labs., et al.* | ) |
| W.D.N.Y. Case No. 05-CV-06172 | ) |

**DEFENDANT AMGEN INC.'S
INDIVIDUAL MEMORANDUM IN SUPPORT OF ITS MOTION TO
DISMISS THE CONSOLIDATED COMPLAINT OF PLAINTIFFS NEW YORK CITY
AND THE NEW YORK COUNTIES OTHER THAN NASSAU AND
THE NASSAU COUNTY SECOND AMENDED COMPLAINT**

Defendant Amgen Inc. ("Amgen") submits this separate memorandum in support of its motion to dismiss the Consolidated New York City and New York County Complaint (the "Consolidated Compl.") and the Second Amended Complaint of Nassau County (the "Nassau Compl.") (collectively, the "Complaints").[1]

### A. PLAINTIFFS HAVE FAILED TO PLEAD THE "BASIS" FOR THEIR "SPREAD" CALCULATION

Amgen is one of the "Suffolk 13 + 6" defendants as to which the Court previously dismissed all claims asserted by Suffolk County.[2]  As with Suffolk's dismissed complaint, Plaintiffs' current Complaints are inadequate as to Amgen.  They do not comply with FED. R. CIV. P. 9(b) or this Court's rulings.  The Court previously dismissed all claims brought by the County of Suffolk against Amgen because, among other things, plaintiffs had failed to "set forth any factual allegations regarding a spread, internal documents or government investigations from which an inference of fraud [could] reasonably be made . . . "  *County of Suffolk v. Abbott Labs.*, *et al.*, 2004 WL 2387125 at *2 (D. Mass., Oct. 26, 2004 ) ("*Suffolk II*").

The Court has held that plaintiffs must establish why every particular drug was listed in its complaint, provide the allegedly "fraudulent AWP" for each drug and provide the "basis for calculating a spread between the published AWP and the actual average price at which the drug is sold by wholesalers." *See In re Pharmaceutical Average Wholesale Price Litigation*, Memorandum and Order dated April 8, 2005, MDL No. 1456 (D. Mass.) ("*Suffolk III*");

---

[1] Amgen has joined in and incorporates by reference Defendants' Joint Memorandum of Law in Support of The Motion to Dismiss and the memoranda submitted by Merck & Co., Inc., which demonstrate that the Complaints must be dismissed in their entirety.  Amgen submits this separate memorandum demonstrating additional grounds for dismissal of all fraud-based claims against it.

[2] *County of Suffolk v. Abbott Labs, et al.*, 339 F. Supp. 2d 165 (D. Mass. Sep. 30, 2004); *County of Suffolk v. Abbott Labs, et al.*, 2004 WL 2387125 (D. Mass. Oct. 26, 2004); Memorandum and Order dated April 8, 2005.

*Massachusetts v. Mylan Laboratories*, Civ. No. 03-11865-PBS (April 5, 2005); *Suffolk II* at *2. The plaintiffs' complaint fails to comply with these requirements as to Amgen.

Although the Consolidated Complaint purports to identify "spreads" for certain Amgen drugs, it fails to provide the "basis for calculating" the alleged spreads. *See Suffolk III* at 1. Indeed, the Consolidated Complaint's Exhibit B, which supposedly "shows examples of the available prices for the Amgen Group drugs at issue," fails to set forth information about *any* Amgen drug.[3] Consolidated Compl. ¶ 225, Exh. B. Similarly, the Nassau Complaint's Exhibit A - which purports to provide "examples of the generally available market prices for Amgen drugs at issue, which are significantly less than the false and inflated AWPs and WACs" – does not provide a single example of an Amgen product. Nassau Compl. ¶ 211, Exh. A. The Complaints merely assert broadly that alleged "spreads" exist as to certain Amgen products, but never adequately explain the mysterious sales price upon which the "spreads" are based.[4] Consolidated Compl. n. 14, ¶¶ 234-235; Nassau Compl. ¶¶ 212, 232-233.

B.  **THE COMPLAINTS SHOULD BE DISMISSED AS TO AMGEN BECAUSE THE ALLEGATIONS RELATE TO PHYSICIAN-ADMINISTERED DRUGS, WHICH NEW YORK HAS CONCEDED ARE NOT REIMBURSED BASED ON AWP**

As observed in the defendants' consolidated motion to dismiss brief, this Court noted in its first *Suffolk* decision that "[u]nder the New York Medicaid statute, physician-administered drugs are billed by the physician at the 'actual cost of the drugs to practitioners.'"

---

[3]  The only "Amgen Group" references in the Consolidated Complaint's Exhibit B are to drugs formerly manufactured by Immunex Corporation, which was acquired by Amgen effective July 2002 and now is a wholly owned subsidiary of Amgen. Immunex is a separate corporation, is separately represented in this litigation and has not manufactured these products while a subsidiary of Amgen. Even if plaintiffs were to adequately plead a claim as to these products, it would have no significance as to whether they had pled a claim against Amgen. *See Intergen v. Grina*, 344 F.3d 134, 149 (1st Cir. 2003) (applying federal common law) (stating common ownership, without more, is "insufficient to override the corporate separateness"); *Platten v. HG Bermuda Exempted Ltd.*, 2006 WL 268785 (1st Cir. 2006, Feb. 6, 2006) (applying Massachusetts law); *Murray v. Miner*, 74 F.3d 402, 404 (2nd Cir.1996) (applying New York law).

[4]  In any event, plaintiffs have never adequately explained their source(s) for the so-called "Market Prices". They contend that they are from an entity called "McKesson/Servall", but defendants do not know of such an entity, nor can defendants relate the prices that plaintiffs list to prices in defendants' own databases.

*Suffolk I*, 339 F. Supp. 2d. at 174 (citing N.Y. Soc. Serv. L. § 367-a(9)(a)).[5] Plaintiffs never attempt to particularize how their theory of AWP fraud or WAC fraud is applicable to physician-administered drugs in the face of a statutory mandate that payments for such drugs be made at "actual cost." Accordingly, the Complaints fail to satisfy Fed. R. Civ. P. 8(a) and 9(b) as to Amgen's drugs Epogen, Infergen and Neupogen, which are exclusively or almost solely physician administered.[6] Consolidated Compl. ¶¶ 235, 228-233, Exhibit A; Nassau Compl. ¶ 233. Since these are the only Amgen drugs that are the subject of this litigation, the Complaints should be dismissed in their entirety as to Amgen.[7]

## CONCLUSION

For the reasons set forth above, in Defendants' Joint Memorandum and in individual defendants' memoranda, the Court should dismiss all claims with prejudice as to Amgen.

Respectfully submitted,

/s/ Douglas S. Brooks
Frank A. Libby, Jr.
Douglas S. Brooks

---

[5] The Consolidated Complaint tacitly recognizes this, noting that "New York State law has provided that Medicaid will pay providers for defendants' drugs that are '*self-administered*,' *i.e.*, dispensed at a pharmacy, based on AWPs for such drugs." Consolidated Compl. ¶ 83 (emphasis added)..

[6] Amgen's drug Neupogen is occasionally self-administered, but it is unclear whether plaintiffs are making claims relating to the limited, self-administered doses of Neupogen or, if so, how they intend to prove such claims.

[7] In the Consolidated Complaint, the plaintiffs allege "intentionally false and misleading wholesale price information, including an intentionally false and misleading AWP, for each Amgen Group drug listed on Exhibit A." Consolidated Compl. ¶ 224. The only Amgen drugs listed in Exhibit A to the Consolidated Complaint are certain NDCs of Epogen, Infergen and Neupogen. *Id.* at Exhibit A. Thus, although Amgen products Aranesp and Neulasta are mentioned in the body of the Consolidated Complaint, they apparently are not at issue in this litigation. *Id.* ¶¶ 228, 230-234. In like fashion, Nassau alleges that "Exhibit A shows examples of generally available market prices for the Amgen drugs at issue...," yet provides no mention of *any* Amgen product in that exhibit. Nassau Compl. at ¶ 211, Exh. A. To the extent plaintiffs nevertheless are attempting to pursue claims relating to Amgen's Aranesp and Neulasta, they are physician-administered and those claims should be dismissed in any event.

                                        Kelly, Libby & Hoopes, P.C.
                                        175 Federal Street, 8th Floor
                                        Boston, Massachusetts  02110
                                        Telephone:  (617) 338-9300
                                        Facsimile:  (617) 338-9911

                                        Joseph H. Young
                                        Steven F. Barley
                                        Hogan & Hartson L.L.P.
                                        111 S. Calvert St., Suite 1600
                                        Baltimore, Maryland  21202
                                        Telephone:  (410) 659-2700
                                        Facsimile:  (410) 539-6981

Dated: March 3, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that on this 3rd day of March 2006, a true and correct copy of the foregoing document was served upon all counsel of record via electronic service pursuant to CMO No. 2 by causing a copy to be sent to LexisNexis File & Serve for posting and notification.

                                              /s/ Jennifer A. Walker
                                              Jennifer A. Walker