# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS |
|  | Judge Patti B. Saris |

THIS DOCUMENT RELATES TO:

*The City of New York v. Abbott Labs., et al.*
(S.D.N.Y. No. 03-CV-06054)
*County of Suffolk v. Abbott Labs., et al.*
(E.D.N.Y. No. CV-03-229)
*County of Westchester v. Abbott Labs., et al.*
(S.D.N.Y. No. 03-CV-6178)
*County of Rockland v. Abbott Labs., et al.*
(S.D.N.Y. No. 03-CV-7055)
*County of Dutchess v. Abbott Labs, et al.*
(S.D.N.Y. No. 05-CV-06458)
*County of Putnam v. Abbott Labs, et al.*
(S.D.N.Y. No. 05-CV-04740)
*County of Washington v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00408)
*County of Rensselaer v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00422)
*County of Albany  v. Abbott Labs, et al*
(N.D.N.Y. No. 05-CV-00425)

[Caption Continues on Next Page]

## SEPARATE MEMORANDUM OF THE "PFIZER DEFENDANTS" IN SUPPORT OF THEIR MOTION TO DISMISS (1) THE CONSOLIDATED COMPLAINT OF NEW YORK CITY AND PLAINTIFF NEW YORK COUNTIES OTHER THAN NASSAU AND (2) THE SECOND AMENDED COMPLAINT OF NASSAU COUNTY

*County of  Warren v. Abbott Labs, et al.*        )
(N.D.N.Y. No. 05-CV-00468)                        )
*County of Greene  v. Abbott Labs, et al.*        )
(N.D.N.Y. No. 05-CV-00474)                        )
*County of Saratoga v. Abbott Labs, et al.*       )
(N.D.N.Y. No. 05-CV-00478)                        )
*County of Columbia  v. Abbott Labs, et al.*      )
(N.D.N.Y. No. 05-CV-00867)                        )
*Essex County v. Abbott Labs, et al.*             )
(N.D.N.Y. No. 05-CV-00878)                        )
*County of Ulster v. Abbott Labs, et al.*         )
(N.D.N.Y. No. 05-CV-00123)                        )
*County of Chenango  v. Abbott Labs, et al.*      )
(N.D.N.Y. No. 05-CV-00354)                        )
*County of Broome v. Abbott Labs, et al.*         )
(N.D.N.Y. No. 05-CV-00456)                        )
*County of Onondaga v. Abbott Labs, et al.*       )
(N.D.N.Y. No. 05-CV-00088)                        )
*County of Tompkins v. Abbott Labs, et al.*       )
(N.D.N.Y. No. 05-CV-00397)                        )
*County of Cayuga v. Abbott Labs, et al.*         )
(N.D.N.Y. No. 05-CV-00423)                        )
*County of Madison v. Abbott Labs, et al.*        )
(N.D.N.Y. No. 05-CV-00714)                        )
*County of Cortland v. Abbott Labs, et al.*       )
(N.D.N.Y. No. 05-CV-00881)                        )
*County of Herkimer v. Abbott Labs, et al.*       )
(N.D.N.Y. No. 05-CV-00415)                        )
*County of Oneida v. Abbott Labs, et al.*         )
(N.D.N.Y. No. 05-CV-00489)                        )
*County of  Fulton v. Abbott Labs, et al.*        )
(N.D.N.Y. No. 05-CV-00519)                        )
*County of St. Lawrence v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00479)                        )
*County of  Jefferson v. Abbott Labs, et al.*     )
(N.D.N.Y. No. 05-CV-00715)                        )
*County of Lewis v. Abbott Labs, et al.*          )
(N.D.N.Y. No. 05-CV-00839)                        )
*County of Chautauqua v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06204)                        )
*County of Allegany v. Abbott Labs, et al.*       )
(W.D.N.Y. No. 05-CV-06231)                        )
*County of Cattaraugus v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06242)                        )

County of Genesee v. Abbott Labs, et al.                )
(W.D.N.Y. No. 05-CV-06206)                              )
*County of Wayne v. Abbott Labs, et al.*                )
(W.D.N.Y. No. 05-CV-06138)                              )
*County of Monroe v. Abbott Labs, et al.*               )
(W.D.N.Y. No. 05-CV-06148)                              )
*County of Yates v. Abbott Labs, et al.*                )
(W.D.N.Y. No. 05-CV-06172)                              )
*County of Niagara v. Abbott Labs, et al.*              )
(W.D.N.Y. No. 05-CV-06296)                              )
*County of Seneca v. Abbott Labs, et al.*               )
(W.D.N.Y. No. 05-CV-06370)                              )
*County of Orleans v. Abbott Labs, et al.*              )
(W.D.N.Y. No. 05-CV-06371)                              )
*County of Ontario v. Abbott Labs, et al.*              )
(W.D.N.Y. No. 05-CV-06373)                              )
*County of Schuyler  v. Abbott Labs, et al.*            )
(W.D.N.Y. No. 05-CV-06387)                              )
*County of  Wyoming v. Abbott Labs, et al.*             )
(W.D.N.Y. No. 05-CV-06739)                              )
*County of Steuben v. Abbott Labs, et al.*              )
(W.D.N.Y. No. 05-CV-06223)                              )
*County of Chemung v. Abbott Labs, et al.*              )
(W.D.N.Y. No. 05-CV-06744)                              )
                              AND                        )
*County of Nassau v. Abbott Labs, et al.*               )
(E.D.N.Y. No. 04-CV-5120)                               )
_____)

Pfizer Inc., Pharmacia Corporation, Greenstone LTD, and Agouron Pharmaceuticals, Inc. (the "Pfizer Defendants") submit this separate memorandum in support of their motion to dismiss the Consolidated New York City and New York County Complaint (the "Consolidated Complaint") and the Second Amended Complaint of Nassau County (the "Nassau Complaint") (collectively, the "Complaints"). The Pfizer Defendants also join in Defendants' Joint Memorandum of Law in Support of Motion to Dismiss the Complaints and in Defendant Merck & Co., Inc.'s Separate Memorandum in Support of its Motion to Dismiss (the "Merck Memorandum"). Defendants Pharmacia and Greenstone also join in Defendant Sandoz Inc.'s Supplemental Memorandum of Law Regarding Multiple Source Generic Drugs (the "Sandoz Memorandum").

For the reasons stated in the Joint Memorandum, the Merck Memorandum and the Sandoz Memorandum, all claims asserted in the Complaints should be dismissed. The claims asserted against the Pfizer Defendants should be dismissed for the following additional reasons:

First, there are no allegations pertaining to Greenstone LTD or Agouron Pharmaceuticals, Inc. in the Complaints. (*See* Consol. Compl. ¶¶ 655-678; Nassau Compl. ¶¶ 560-583.) The utter lack of allegations as to either defendant clearly warrants dismissal under Rule 9(b).[1]

Second, this Court previously dismissed Suffolk County's claims against Pharmacia with leave to replead if it clarified the corporate structure and stated which Defendant is responsible for which drugs. These Complaints possess the same shortcoming. The Complaints here

---

[1]      Agouron is one of the "Suffolk 13" defendants against whom the Court has already dismissed all claims asserted by Suffolk County. *See* Memorandum and Order (Apr. 8, 2005). Because there are no allegations against Agouron in the Complaints, the deficiencies that resulted in dismissal of those claims in the *Suffolk* Complaint apply to the Complaints here as well.

provide no greater basis for a fraud claim against Pharmacia than the complaint that the Court has already found to be deficient.

Third, merely *labeling* an AWP as "fraudulent" does not *plead* a claim for fraud.  Listing dozens of drugs with so-called "Fraudulent AWPs" is insufficient to satisfy the requirements of 9(b).  Accordingly, the Pfizer Defendants' drugs that are listed in Exhibit A to the Consolidated Complaint, without more, should be dismissed.[2]

Fourth, this Court has previously required that plaintiffs plead information sufficient to show that the published AWP for *each* drug was fraudulent by providing the allegedly "fraudulent" AWP and the "basis for calculating a spread between the published AWP and the actual average price at which the drug is sold by wholesalers." *Suffolk III*, at 1-2.  Plaintiffs have failed to do so as to the Pfizer Defendants' drugs.  The Consolidated Complaint asserts that Exhibit B-25 shows "examples" of the "available prices" for certain of the Pfizer Defendants' drugs at issue.  (County Compl ¶ 657.)  Similarly, the Nassau Complaint asserts that Exhibit A contains "examples" of "generally available market prices" for the "Pfizer" drugs at issue. (Nassau Compl. ¶ 561.)  Nowhere do the Complaints allege that such "available prices" should have been equal to the AWPs for the Pfizer Defendants' drugs.  This alone is fatal to their claims.

Fifth, the Complaints provide no basis for reviving "Best Price" claims against Pfizer.  As set forth in the Merck Memorandum, merely alleging that Pfizer has been subject to certain investigations does nothing to satisfy Plaintiffs' obligation that they plead factual allegations to support their claims of fraud.

---

[2]     The Consolidated Complaint alleges "available price" and "spread" information only for a fraction of the Pfizer Defendants' drugs it asserts have "Fraudulent AWPs." (*Compare* County Compl. Exh. A at pp. 98-107, *with* County Compl. Exh. B-25.)

Finally, Plaintiffs allege fraud as to dozens of Pharmacia and Greenstone multi-source drugs.  For the reasons stated in the Sandoz Memorandum, Plaintiffs' claims against such drugs cannot be sustained.

## CONCLUSION

For the reasons stated in the Joint Memorandum, the Merck Memorandum, the Sandoz Memorandum, and those set forth in this Memorandum, all claims asserted against the Pfizer Defendants in the Consolidated Complaint and the Nassau Complaint should be dismissed.


Respectfully Submitted,



BY:   /s/ Mark D. Smith
      Mark D. Smith (BBO #542676)
      Laredo & Smith LLP
      15 Broad Street, Suite 600
      Boston, MA 02109
      (617) 367-7984 (telephone)
      (617) 367-6475 (facsimile)

      John C. Dodds, Esq.
      Erica Smith-Klocek, Esq.
      Morgan Lewis & Bockius LLP
      1701 Market Street
      Philadelphia, PA 19103-2921
      (215) 963-5000 (telephone)
      (215) 963-5001 (facsimile)

      Scott A. Stempel, Esq.
      Morgan Lewis & Bockius LLP
      Pennsylvania Avenue, N.W.
      Washington, D.C. 20004
      (202) 739-3000 (telephone)
      (202) 739-3001 (facsimile)

      *Attorneys for Defendants Pfizer Inc., Pharmacia*
      *Corp., Greenstone LTD, and Agouron*
      *Pharmaceuticals, Inc.*

Dated:  March 3, 2006

## CERTIFICATE OF SERVICE

I, Mark D. Smith, hereby certify that on March 3, 2006, I caused a true and correct copy of the foregoing Separate Memorandum of the "Pfizer Defendants" in Support of their Motion to Dismiss (1) the Consolidated Complaint of New York City and Plaintiff New York Counties Other than Nassau and (2) the Second Amended Complaint of Nassau County to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated:  March 3, 2006                        ___/s/ Mark D. Smith_____
                                             Mark D. Smith, Esq.