UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257 PBS |
| THIS DOCUMENT RELATES TO: ) ) ) | Judge Patti B. Saris |
| *The City of New York v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-06054)<br>*County of Suffolk v. Abbott Labs., et al.*<br>(E.D.N.Y. No. CV-03-229)<br>*County of Westchester v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-6178)<br>*County of Rockland v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-7055)<br>*County of Dutchess v. Abbott Labs, et al.*<br>(S.D.N.Y. No. 05-CV-06458)<br>*County of Putnam v. Abbott Labs, et al.*<br>(S.D.N.Y. No. 05-CV-04740)<br>*County of Washington v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00408)<br>*County of Rensselaer v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00422)<br>*County of Albany v. Abbott Labs, et al*<br>(N.D.N.Y. No. 05-CV-00425)<br>*County of Warren v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00468)<br>*County of Greene v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00474)<br>*County of Saratoga v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00478)<br>*County of Columbia v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00867)<br>*Essex County v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00878)<br>*County of Chenango v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00354)<br>*County of Broome v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00456)<br>*County of Onondaga v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00088)<br>County of Tompkins v. Abbott Labs, et al.<br>(N.D.N.Y. No. 05-CV-00397)<br>*County of Cayuga v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00423)<br>*County of Madison v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00714)<br>*County of Cortland v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00881)<br>*County of Herkimer v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00415) | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

| | |
|---|---|
| *County of Oneida v. Abbott Labs, et al.* (N.D.N.Y. No. 05-CV-00489) | ) ) |
| *County of Fulton v. Abbott Labs, et al.* (N.D.N.Y. No. 05-CV-00519) | ) ) |
| *County of St. Lawrence v. Abbott Labs, et al.* (N.D.N.Y. No. 05-CV-00479) | ) ) |
| *County of Jefferson v. Abbott Labs, et al.* (N.D.N.Y. No. 05-CV-00715) | ) ) |
| *County of Lewis v. Abbott Labs, et al.* (N.D.N.Y. No. 05-CV-00839) | ) ) |
| *County of Chautauqua v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06204) | ) ) |
| *County of Allegany v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06231) | ) ) |
| *County of Cattaraugus v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06242) | ) ) |
| County of Genesee v. Abbott Labs, et al. (W.D.N.Y. No. 05-CV-06206) | ) ) |
| *County of Wayne v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06138) | ) ) |
| *County of Monroe v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06148) | ) ) |
| *County of Yates v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06172) | ) ) |
| *County of Niagara v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06296) | ) ) |
| *County of Seneca v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06370) | ) ) |
| *County of Orleans v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06371) | ) ) |
| County of Ontario v. Abbott Labs, et al. (W.D.N.Y. No. 05-CV-06373) | ) ) |
| *County of Schuyler v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06387) | ) ) |
| *County of Steuben v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06223) | ) ) |
| *County of Chemung v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06744) | ) ) |
| AND | ) |
| *County of Nassau v. Abbott Labs, et al.* (E.D.N.Y. No. 04-CV-5126) | ) ) |
| | ) ) ) ) ) |

# DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE CONSOLIDATED COMPLAINT OF PLAINTIFFS NEW YORK CITY AND THE NEW YORK COUNTIES OTHER THAN NASSAU AND THE NASSAU COUNTY SECOND AMENDED COMPLAINT

Defendant Novartis Pharmaceuticals Corporation ("NPC") submits this separate memorandum in support of its motion to dismiss the Consolidated Complaint brought by New York City and forty three New York counties ("Consolidated Complaint") and the County of Nassau's Second Amended Complaint ("Nassau Complaint") (collectively the "Complaints"). NPC joins in and incorporates by reference Defendants' Joint Memorandum of Law in Support of The Motion to Dismiss ("Def. Mem."), which demonstrates that the Complaints must be dismissed in their entirety. NPC respectfully submits this brief individual memorandum showing that the Complaints should be dismissed as to NPC because both fail to meet the pleading requirements set forth in this Court's previous decision dismissing Suffolk County's virtually identical claims against NPC (as well as other Suffolk County defendants).

## ARGUMENT

### THE COMPLAINTS SHOULD BE DISMISSED BECAUSE THEY FAIL TO MEET THE STANDARDS SET BY THIS COURT'S PRIOR RULINGS DISMISSING SUFFOLK COUNTY'S CLAIMS AGAINST NPC AND OTHER SUFFOLK COUNTY DEFENDANTS

Plaintiffs' Complaints fall far short of meeting the pleading standards set forth in FED. R. CIV. P. 9(b) ("Rule 9(b)") and this Court's prior rulings. By its September 30, 2004 and October 26, 2004 Memorandum and Order, this Court eventually dismissed all claims brought by the County of Suffolk, New York against NPC, in part because plaintiffs had failed to "set forth any factual allegations regarding a spread, internal documents or government investigations from which an inference of fraud [could] reasonably be made . . . " *County of Suffolk v. Abbott Labs., et al.*, 2004 WL 2387125 at *2 (D. Mass., Oct. 26, 2004 ) ("*Suffolk II*"). Indeed, this Court held that in order to comply with Rule 9(b), Plaintiffs must: (1) make specific allegations on a "drug-by-drug" basis; (2) establish why every particular drug was listed in its complaint; (3) provide the allegedly "Fraudulent AWP" for each drug; and (4) provide the "basis for calculating a spread between the published AWP and the actual average price at which the drug is sold by

wholesalers." *See In re Pharmaceutical Average Wholesale Price Litigation*, Memorandum and Order dated April 8, 2005, MDL No. 1456 (D. Mass.) ("*Suffolk III*"); *Massachusetts v. Mylan Laboratories*, Civ. No. 03-11865-PBS (April 5, 2005); *Suffolk II* at *2. The Complaints fail to meet those standards as to NPC.

The Consolidated Complaint identifies certain NPC drugs as being at issue in this case but fails to provide, as to any of those products, plaintiffs' "basis for calculating a spread between the published AWP and the actual average price at which the drug is sold [to New York providers] by wholesalers." *See Suffolk III* at 1. Indeed, as to many of those products, plaintiffs allege only a "fraudulent AWP" but fail to even provide the alleged spread, let alone their basis for calculating it."[1]

In its *Suffolk* decisions, the Court — in dismissing Suffolk County's claims against NPC — provided clear guidance as to what plaintiffs must do to assert claims based on allegedly "fraudulent" AWPs. The Consolidated Complaint, drafted by the very same counsel to whom the Court provided that guidance, fails completely to make the allegations as to NPC that the Court required and should, therefore, be dismissed as to NPC.

The Nassau Complaint, which contains the same unfounded allegations copied from other complaints, fares no better, nor do the exhibits to the complaint. *See discussion supra.* The exhibits purport to list a number of NPC drugs with no spread indicated at all and some NPC drugs for which an alleged spread is indicated, but with no alleged basis for calculating it. Thus, like its sister counties, Nassau County has failed to allege as to NPC's

---

[1] Although plaintiffs attempt to confuse matters by including a long list of drugs purportedly sold by the "Novartis Group," only a subset of those products are sold by NPC. Others are sold by other independently run, distinct corporations. In the unlikely event that plaintiffs were to adequately plead a claim as to one or more products of one or more of those companies, it would have no significance as to whether they had pled a claim against NPC. *See Intergen v. Grina*, 344 F.3d 134, 149 (1st Cir. 2003) (applying federal common law) (stating common ownership, without more, is "insufficient to override the corporate separateness"); *Platten v. HG Bermuda Exempted Ltd.*, 2006 WL 268785 (1st Cir. 2006, Feb. 6, 2006) (applying Massachusetts law); *Murray v. Miner*, 74 F.3d 402, 404 (2nd Cir.1996) (applying New York law).

products at least one central requirement, and in many instances two, the absence of which led the Court to dismiss Suffolk County's complaint as to NPC. That failure compels the same result here.

## CONCLUSION

For the reasons set forth above, in Defendants' Joint Memorandum and in individual defendants' memoranda, the Court should dismiss all claims with prejudice as to NPC.

Dated: Boston, Massachusetts
      March 3, 2006

Respectfully submitted,

/s/ Brett R. Budzinski
Karen F. Green (BBO# 209050)
Benjamin M. Stern (BBO# 646778)
Brett R. Budzinski (BBO# 655238)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

- and -

Jane W. Parver
Saul Morgenstern
Margo G. Ferrandino
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Attorneys for Defendant*
*Novartis Pharmaceuticals Corporation*

## Certificate of Service

I, Brett R. Budzinski, certify that pursuant to Case Management Order No. 2, I caused a copy of the foregoing document to be served on all counsel of record via electronic service by sending a copy to LexisNexis File & Serve for posting and notification to all parties in this action on this 3rd day of March 2006.

/s/ Brett R. Budzinski
Brett R. Budzinski