**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                              )
IN RE PHARMACEUTICAL INDUSTRY  )
AVERAGE WHOLESALE PRICE         )  MDL No. 1456
LITIGATION                                    )  Civil Action No. 01-12257-PBS
_____)
                                              )  Judge Patti B. Saris
THIS DOCUMENT RELATES TO:   )
                                              )
*The City of New York v. Abbott Labs., et al.*  )
(S.D.N.Y. No. 04-CV-06054)             )
*County of Suffolk v. Abbott Labs., et al.*  )
(E.D.N.Y. No. CV-03-229)                )
*County of Westchester v. Abbott Labs., et al.*  )
(S.D.N.Y. No. 03-CV-6178)              )
*County of Rockland v. Abbott Labs., et al.*  )
(S.D.N.Y. No. 03-CV-7055)              )
*County of Dutchess v. Abbott Labs, et al.*  )
(S.D.N.Y. No. 05-CV-06458)            )
*County of Putnam v. Abbott Labs, et al.*  )
(S.D.N.Y. No. 05-CV-04740)            )
*County of Washington v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00408)           )
*County of Rensselaer v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00422)           )
*County of Albany  v. Abbott Labs, et al*  )
(N.D.N.Y. No. 05-CV-00425)           )
*County of  Warren v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00468)           )
*County of Greene  v. Abbott Labs, et al .*  )
(N.D.N.Y. No. 05-CV-00474)           )
*County of Saratoga v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00478)           )
*County of Columbia  v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00867)           )
*Essex County v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00878)           )
*County of Chenango  v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00354)           )
*County of Broome v. Abbott Labs, et al.*  )

| | |
|---|---|
| (N.D.N.Y. No. 05-CV-00456) | ) |
| *County of Onondaga v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00088) | ) |
| *County of Tompkins v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00397) | ) |
| *County of Cayuga v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00423) | ) |
| *County of Madison v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00714) | ) |
| *County of Cortland v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00881) | ) |
| *County of Herkimer v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00415) | ) |
| *County of Oneida v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00489) | ) |
| *County of Fulton v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00519) | ) |
| *County of St. Lawrence v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00479) | ) |
| *County of Jefferson v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00715) | ) |
| *County of Lewis v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00839) | ) |
| *County of Chautauqua v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06204) | ) |
| *County of Allegany v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06231) | ) |
| *County of Cattaraugus v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06242) | ) |
| *County of Genesee v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs, et al.* | ) |

| | |
|---|---|
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| AND | ) |
| *County of Nassau v. Abbott Labs, et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |
| | ) |

**ASTRAZENECA DEFENDANTS' INDIVIDUAL MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE CONSOLIDATED COMPLAINT OF NEW YORK CITY AND NEW YORK COUNTIES OTHER THAN NASSAU AND THE SECOND AMENDED COMPLAINT OF NASSAU COUNTY**

AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively "AstraZeneca") respectfully submit this individual memorandum of law in support of their motion to dismiss the consolidated complaint of New York City and New York Counties other than Nassau (the "Consolidated Complaint" or "Cons. Compl.") and the second amended complaint of Nassau County (the "Second Amended Complaint" or "SAC").  For the reasons stated in Defendants' Joint Memorandum of Law in Support of Motion to Dismiss (1) the Consolidated Complaint of New York City and Plaintiff New York Counties Other than Nassau and (2) the Second Amended Complaint of Nassau County ("Defendants' Joint Memorandum of Law"), all claims against AstraZeneca should be dismissed.  If the Consolidated Complaint and the Second Amended Complaint are not dismissed in their entirety as to all defendants pursuant to the points raised in Defendants' Joint Memorandum of Law, all claims against AstraZeneca relating to Zoladex® (goserelin acetate implant) should nevertheless be dismissed because all such claims are barred by a 2003 settlement agreement with the State of New York.

## ARGUMENT

### THE CLAIMS OF THE CITY AND COUNTIES AS MEDICAID PAYERS WITH RESPECT TO ZOLADEX® ARE BARRED BY SETTLEMENT AGREEMENT

The City of New York and New York Counties purport to bring certain claims on their own behalf as Medicaid payers. *See* Cons. Compl. ¶¶ 1-4; SAC at 1. Specifically, the City and Counties seek damages "suffered by them and the State and federal governments … as a result of defendants' fraudulent and misleading schemes that overcharge the New York State Medicaid Program … for prescription drugs bought on behalf of City and County residents who receive Medicaid benefits." Cons. Compl. ¶ 1; *accord* SAC at 1. Plaintiffs' claims are based upon the assertion that they "pay approximately 25 percent of the Medicaid costs of New York residents." Cons. Compl. ¶ 2; *accord* SAC at 1. Specifically, both complaints purport to seek recovery of alleged Medicaid overpayments for AstraZeneca's product Zoladex®, among other drugs. *See* Cons. Compl. ¶ 246 and Exhibit A; SAC ¶ 235 and Exhibit B.

However, the City's and Counties' claims with respect to Zoladex®— whether based on a best price or an AWP theory—are barred by a 2003 settlement agreement between AstraZeneca and the State of New York,[1] which provides in relevant part:

---

[1] As the Supreme Court has recognized, municipal corporations—such as the plaintiffs in these actions, *see* Cons. Compl. ¶ 31; SAC ¶ 27—are "simply … political subdivision[s] of the State." *Trenton v. New Jersey*, 262 U.S. 182, 189-90 (1923).

2

> the state of New York, on behalf of itself, and its officers, agents, agencies, and departments, *releases and discharges Zeneca*, its predecessors, successors, subsidiaries, partners, joint venture owners, and their corporate parents and affiliates, predecessors, successors and assigns, and their current and former directors, officers and employees *from any civil or administrative claims for Medicaid damages or penalties* that the state of New York has or may have relating [to various sales, marketing, and pricing practices concerning Zoladex®]. The payment of the Settlement Amount fully discharges Zeneca from any obligation to pay Medicaid-related restitution, damages, and/or any fine or penalty to the state of New York for the [aforementioned conduct].

Settlement Agreement and Release by and among AstraZeneca Pharmaceuticals LP, Zeneca Inc., and the Office of the Attorney General of the State of New York (Medicaid Fraud Control Unit), effective date December 3, 2003, at 7 ¶ III.2 (attached hereto as Exhibit A) (emphases added).

The generalized allegations of the Consolidated Complaint and the Second Amended Complaint with respect to the alleged fraudulent conduct are, to the extent they apply to Zoladex®, clearly within the scope of the conduct covered by the settlement release. *Compare* Cons. Compl. ¶¶ 122-54; 246-70 *and* SAC ¶¶ 3-23; 115-48; 235-57 *with* Settlement Agreement at 2-4 Preamble ¶ F ("Covered Conduct"). Thus, the City's and Counties' AWP and best price claims relating to Zoladex® are barred by this valid and binding settlement agreement. *See, e.g., Reppert v. Marvin Lumber & Cedar Co.*, 359 F.3d 53, 56 (1st Cir. 2004) (finding plaintiffs' action precluded pursuant to a release executed in connection with an earlier settlement of another lawsuit); *Nottingham Partners v. Trans-Lux Corp.*, No. 88-0591-Z, 1990 U.S. Dist. LEXIS 8078, at *6-*7 (D. Mass. June 27, 1990) (finding that a settlement entered into in a class action barred plaintiff from bringing a later action in a different court); *Eck v. Godbout*, 444 Mass. 724, 733

3

(2005) (affirming trial court's decision that plaintiff's malpractice claim was barred by a release entered in connection with settlement of an earlier malpractice litigation).  Indeed, when presented with this very issue, this Court ruled that a valid settlement agreement between a defendant and the State of New York precludes the City's and Counties' claims for conduct covered by the settlement agreement.  *See County of Suffolk v. Abbott Labs.*, No. 1456, Civ.A 01-12257-PBS, 2004 WL 2387125, *3 (D. Mass. Oct. 26, 2004) (*Suffolk II*) (dismissing Suffolk County's best price claims against Bayer relating to Cipro because those claims were barred by a 2003 settlement agreement between Bayer and the United States and State of New York).

**CONCLUSION**

For the reasons set forth in Defendants' Joint Memorandum of Law, the entire Consolidated Complaint and Second Amended Complaint should be dismissed, with prejudice, as to AstraZeneca. If the complaints are not dismissed in their entirety as to all defendants pursuant to the points raised in Defendants' Joint Memorandum of Law, all claims against AstraZeneca relating to Zoladex® should nevertheless be dismissed for the foregoing reasons.

Dated: Boston, Massachusetts
       March 3, 2006

                Respectfully Submitted,

            By:  /s/ Lucy Fowler

                Nicholas C. Theodorou (BBO #496730)
                Lucy Fowler (BBO #647929)
                FOLEY HOAG LLP
                155 Seaport Blvd.
                Boston, Massachusetts 02210
                Tel: (617) 832-1000

                D. Scott Wise
                Michael S. Flynn
                Kimberley Harris
                DAVIS POLK & WARDWELL
                450 Lexington Avenue
                New York, New York 10017
                Tel: (212) 450-4000

                *Attorneys for Defendants AstraZeneca*
                *Pharmaceuticals LP and*
                *AstraZeneca LP*

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on March 3, 2006, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                            /s/ Lucy Fowler