UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL NO. 1456 Civil Action No. 01-12257-PBS |
|  | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: | ) ) ) |  |
| *The City of New York v. Abbott Labs., et al.* (S.D.N.Y. No. 04-CV-06054) | ) ) |  |
| *County of Suffolk v. Abbott Labs., et al.* (E.D.N.Y. No. CV-03-229) | ) ) |  |
| *County of Westchester v. Abbott Labs., et al* (S.D.N.Y. No. 03-CV-6178) | ) ) |  |
| *County of Rockland v. Abbott Labs., et al.* (S.D.N.Y. No. 03-CV-7055) | ) ) |  |
| *County of Dutchess v. Abbott Labs., et al.* (S.D.N.Y. No. 05-CV-06458) | ) ) |  |
| *County of Putnam v. Abbott Labs., et al.* (S.D.N.Y. No. 05-CV-04740) | ) ) |  |
| *County of Washington v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00408) | ) ) |  |
| *County of Rensselaer v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00422) | ) ) |  |
| *County of Albany v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-00425) | ) ) |  |

[Caption Continues on Next Page]

**DEFENDANT ENDO PHARMACEUTICALS INC.'S
INDIVIDUAL MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS THE CONSOLIDATED COMPLAINT OF NEW
YORK CITY AND PLAINTIFF NEW YORK COUNTIES OTHER THAN NASSAU**

| | |
|---|---|
| *County of Warren v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00468) | ) |
| *County of Greene v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00474) | ) |
| *County of Saratoga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00478) | ) |
| *County of Columbia v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00867) | ) |
| *Essex County v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00878) | ) |
| *County of Chenango v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00354) | ) |
| *County of Broome v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00456) | ) |
| *County of Onondaga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00088) | ) |
| *County of Tompkins v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00397) | ) |
| *County of Cayuga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00423) | ) |
| *County of Madison v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00714) | ) |
| *County of Cortland v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00881) | ) |
| *County of Herkimer v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00415) | ) |
| *County of Oneida v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00489) | ) |
| *County of Fulton v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00519) | ) |
| *County of St. Lawrence v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00479) | ) |
| *County of Jefferson v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00715) | ) |
| *County of Lewis v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00839) | ) |
| *County of Chautauqua v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06204) | ) |
| *County of Allegany v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06231) | ) |
| *County of Cattaraugus v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06242) | ) |
| *County of Genesee v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |

| | |
|---|---|
| *County of Niagara v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| AND | ) |
| *County of Nassau v. Abbott Labs., et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |
| _____ | ) |

Defendant Endo Pharmaceuticals Inc. ("Endo") submits this individual memorandum in support of its motion to dismiss the Consolidated Complaint of New York City and Plaintiff New York Counties other than Nassau (the "Consolidated Complaint").[1]

## ARGUMENT

## PLAINTIFFS' ALLEGATIONS FAIL TO SATISFY RULE 9(B)

### 1. Allegations Of A "Spread," Without More, Are Insufficient Under Rule 9(b).

The Consolidated Complaint identifies thirty-six Endo products that are the subject of plaintiffs' claims. *See* Consolidated Complaint, Ex. A. As to sixteen of those products, plaintiffs identify only an allegedly "fraudulent AWP." *Id.* As to the remaining twenty products, plaintiffs allege only that a "spread" exists – that AWPs allegedly reported by third-party price reporting services for some of Endo's pharmaceutical products are higher than the alleged "market prices," described by plaintiffs as "available wholesale prices," for those products. *See* Consolidated Complaint ¶¶ 124, 451-455, Ex. B12. The Consolidated Complaint contains no allegations against Endo from which an inference of fraud could reasonably be made. *See County of Suffolk v. Abbott Labs., Inc.*, 2004 WL 2387125, at *2 (D. Mass. Oct. 26, 2004) ("*Suffolk II*"). In *Suffolk*, the Court dismissed identical state-law AWP claims against defendants for whom the plaintiff failed to allege specific facts beyond a "spread" between the published AWP and the actual average price at which the drug is sold by wholesalers. *See In re Pharmaceutical Average Wholesale Price Litigation*, Memorandum and Order, dated April 8, 2005, MDL No. 1456 (D. Mass.) ("*Suffolk III*"). In so holding, the Court found that the method employed by plaintiff in

---

[1] Endo hereby incorporates herein and joins Defendants' Joint Memorandum of Law in Support of Motion to Dismiss (1) the Consolidated Complaint of New York City and Plaintiff New York Counties other than Nassau and (2) the Second Amended Complaint of Nassau County and joins in the arguments advanced in the individual memoranda submitted by other defendants in support of their motions to dismiss these same complaints as they apply to the Consolidated Complaint.

calculating the alleged "spread" – applying an average ratio to a sampling of retail prices to arrive at an average wholesale price from which the "spread" was calculated – was insufficient to plead allegations of fraud with particularity.  *See Suffolk III*, at 2.

The deficiency that formed the basis for the Court's dismissal of state-law AWP claims against defendants for whom only a "spread" was alleged in *Suffolk* has not been cured.  In an apparent effort do so, plaintiffs now use what they describe as a "market price" to calculate the alleged "spread" as to Endo's products.  *See* Consolidated Complaint ¶ 124, Ex. B12.  The Consolidated Complaint provides no information on the basis for, or the method used in, calculating the "market price" data contained in Exhibit B.  Like the so-called "actual average wholesale price" rejected by this Court in *Suffolk* as a sufficient basis for calculating the "spread," the mere allegation that "market prices" are available from unspecified sources and are "substantially" or "significantly" less than AWP does not constitute an allegation of the "time, place, and content of the alleged false or fraudulent representations" sufficient to satisfy Rule 9(b) of the Federal Rules of Civil Procedure.  *See United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 226 (1st Cir. 2004); *Massachusetts v. Mylan Labs.*, Civ. Action No. 03-11865-PBS, Mem. at 2 (D. Mass. Apr. 5, 2005); *Suffolk II*, at *2; *Suffolk III*, at 2. Accordingly, the AWP claims against Endo should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to meet the requirements of Rule 9(b).

**2.      Plaintiffs Fail To Allege Any Specific Misrepresentations Made By Endo.**

The Consolidated Complaint does not allege that Endo ever provided false <u>AWPs</u> to the third-party price reporting services.  Rather, plaintiffs contend that "Endo reports false and misleading <u>WACs</u>."  Consolidated Complaint ¶ 454 (emphasis added).  Plaintiffs' allegations that Endo reported false WAC information wholly fail to meet the requirements of Rule 9(b).  While the Consolidated Complaint purports to set forth AWPs for Endo products reported by the price

reporting services in ostensible reliance on the allegedly false WAC information allegedly provided by Endo, *see* Consolidated Complaint ¶¶ 6, 454, nowhere does the Consolidated Complaint specify any allegedly false WAC prices that Endo allegedly provided to the third-party price reporting services.  Accordingly, plaintiffs' claims fail to allege the "time, place, and content of the alleged false or fraudulent representations" required by Rule 9(b).  *See Karvelas*, 360 F.3d at 226; *Massachusetts v. Mylan Labs.*, Civ. Action No. 03-11865-PBS, Mem. at 2 (D. Mass. Apr. 5, 2005) (finding complaint asserting WAC pricing fraud claims insufficient to meet the requirements of Rule 9(b) where the plaintiff failed to "state whether AWP or WAC was communicated for each drug, and to whom it was communicated," and failed to provide "details about how or by whom the allegedly fraudulent WACs were calculated if the Defendant did not state WACs").  For this reason alone, the complaint should be dismissed as to Endo.

## CONCLUSION

For the reasons stated above and in Defendants' Joint Memorandum of Law in Support of Motion to Dismiss the Consolidated Complaint and the other defendants' memoranda in support of their motions to dismiss the Consolidated Complaint, the Consolidated Complaint should be dismissed as to Endo.

Dated: March 3, 2006
Washington, DC.

Respectfully submitted,

ARNOLD & PORTER LLP

By: /s/ David D. Fauvre
Jonathan L. Stern (admitted *pro hac vice*)
David D. Fauvre (admitted *pro hac vice*)
555 12th Street, N.W.
Washington, D.C.  20004
(202) 942-5000 (phone)
(202) 942-5999 (fax)

*Attorneys for Defendant Endo Pharmaceuticals Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 3, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                /s/ David D. Fauvre