**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: )<br>)<br>*The City of New York v. Abbott Labs., et al.* )<br>(S.D.N.Y. No. 04-CV-06054) )<br>)<br>*County of Nassau v. Abbott Labs, et al.* )<br>(E.D.N.Y. No. 04-CV-5126) )<br>)<br>and other cases listed on the following page ) | |

**SEPARATE MEMORANDUM OF DEFENDANT BOEHRINGER INGELHEIM CORPORATION IN SUPPORT OF ITS MOTION TO DISMISS**

Lauren O. Casazza
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10011
Tel: (212) 446-4800

Helen E. Witt, P.C.
Brian P. Kavanaugh
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, Illinois 60601-6636
Tel: (312) 861-2000

John W. Steinmetz, Esq.
Lee M. Holland, Esq.
ROBINSON & COLE LLP
One Boston Place
Boston, Massachusetts 02108
Tel: (617) 557-5900

*Attorneys for Defendant:*
***BOEHRINGER INGELHEIM CORPORATION***

| | |
|---|---|
| THIS DOCUMENT RELATES TO:                            )<br>                                                                          )<br>*The City of New York v. Abbott Labs., et al.*    )<br>(S.D.N.Y. No. 04-CV-06054)                         )<br>*County of Suffolk v. Abbott Labs., et al.*         )<br>(E.D.N.Y. No. CV-03-229)                            )<br>*County of Westchester v. Abbott Labs., et al.*  )<br>(S.D.N.Y. No. 03-CV-6178)                           )<br>*County of Rockland v. Abbott Labs., et al.*      )<br>(S.D.N.Y. No. 03-CV-7055)                           )<br>*County of Putnam v. Abbott Labs, et al.*         )<br>(S.D.N.Y. No. 05-CV-04740)                         )<br>*County of Dutchess v. Abbott Labs, et al.*      )<br>(S.D.N.Y. No. 05-CV-06458)                         )<br>*County of Putnam v. Abbott Labs, et al.*         )<br>(S.D.N.Y. No. 05-CV-04740)                         )<br>*County of Washington v. Abbott Labs, et al.*  )<br>(N.D.N.Y. No. 05-CV-00408)                        )<br>*County of Rensselaer v. Abbott Labs, et al.*    )<br>(N.D.N.Y. No. 05-CV-00422)                        )<br>*County of Albany v. Abbott Labs, et al*           )<br>(N.D.N.Y. No. 05-CV-00425)                        )<br>*County of Warren v. Abbott Labs, et al.*         )<br>(N.D.N.Y. No. 05-CV-00468)                        )<br>*County of Greene v. Abbott Labs, et al.*         )<br>(N.D.N.Y. No. 05-CV-00474)                        )<br>*County of Saratoga v. Abbott Labs, et al.*       )<br>(N.D.N.Y. No. 05-CV-00478)                        )<br>*County of Columbia v. Abbott Labs, et al.*      )<br>(N.D.N.Y. No. 05-CV-00867)                        )<br>*Essex County v. Abbott Labs, et al.*                )<br>(N.D.N.Y. No. 05-CV-00878)                        )<br>*County of Chenango v. Abbott Labs, et al.*    )<br>(N.D.N.Y. No. 05-CV-00354)                        )<br>*County of Broome v. Abbott Labs, et al.*        )<br>(N.D.N.Y. No. 05-CV-00456)                        )<br>*County of Onondaga v. Abbott Labs, et al.*    )<br>(N.D.N.Y. No. 05-CV-00088)                        )<br>*County of Tompkins v. Abbott Labs, et al.*     )<br>(N.D.N.Y. No. 05-CV-00397)                        )<br>*County of Cayuga v. Abbott Labs, et al.*         )<br>(N.D.N.Y. No. 05-CV-00423)                        )<br>*County of Madison v. Abbott Labs, et al.*       )<br>(N.D.N.Y. No. 05-CV-00714)                        )<br>*County of Cortland v. Abbott Labs, et al.*       )<br>(N.D.N.Y. No. 05-CV-00881)                        )<br> | *County of Herkimer v. Abbott Labs, et al.*       )<br>(N.D.N.Y. No. 05-CV-00415)                          )<br>*County of Oneida v. Abbott Labs, et al.*           )<br>(N.D.N.Y. No. 05-CV-00489)                          )<br>*County of Fulton v. Abbott Labs, et al.*             )<br>(N.D.N.Y. No. 05-CV-00519)                          )<br>*County of St. Lawrence v. Abbott Labs, et al.*)<br>(N.D.N.Y. No. 05-CV-00479)                          )<br>*County of Jefferson v. Abbott Labs, et al.*        )<br>(N.D.N.Y. No. 05-CV-00715)                          )<br>*County of Lewis v. Abbott Labs, et al.*             )<br>(N.D.N.Y. No. 05-CV-00839)                          )<br>*County of Chautauqua v. Abbott Labs, et al.* )<br>(W.D.N.Y. No. 05-CV-06204)                        )<br>*County of Allegany v. Abbott Labs, et al.*        )<br>(W.D.N.Y. No. 05-CV-06231)                        )<br>*County of Cattaraugus v. Abbott Labs, et al.* )<br>(W.D.N.Y. No. 05-CV-06242)                        )<br>*County of Genesee v. Abbott Labs, et al.*        )<br>(W.D.N.Y. No. 05-CV-06206)                        )<br>*County of Wayne v. Abbott Labs, et al.*           )<br>(W.D.N.Y. No. 05-CV-06138)                        )<br>*County of Monroe v. Abbott Labs, et al.*         )<br>(W.D.N.Y. No. 05-CV-06148)                        )<br>*County of Yates v. Abbott Labs, et al.*             )<br>(W.D.N.Y. No. 05-CV-06172)                        )<br>*County of Niagara v. Abbott Labs, et al.*         )<br>(W.D.N.Y. No. 05-CV-06296)                        )<br>*County of Seneca v. Abbott Labs, et al.*          )<br>(W.D.N.Y. No. 05-CV-06370)                        )<br>*County of Orleans v. Abbott Labs, et al.*         )<br>(W.D.N.Y. No. 05-CV-06371)                        )<br>*County of Ontario v. Abbott Labs, et al.*         )<br>(W.D.N.Y. No. 05-CV-06373)                        )<br>*County of Schuyler v. Abbott Labs, et al.*       )<br>(W.D.N.Y. No. 05-CV-06387)                        )<br>*County of Chemung v. Abbott Lab, et al.*       )<br>(W.D.N.Y. No. 05-CV-06744)                        )<br>                                              and                         )<br>*County of Nassau v. Abbott Labs, et al.*          )<br>(E.D.N.Y. No. 04-CV-5126)                           )<br> |

Defendant Boehringer Ingelheim Corporation ("BIC") submits this separate memorandum in support of its motion to dismiss both the Consolidated Complaint of New York City and Plaintiff New York Counties Other Than Nassau (the "Consolidated Complaint" or "Consol. Cmplt.") and the Second Amended Complaint of Nassau County (the "Nassau Complaint" or "Nassau Cmplt.") (together, the "Complaints").  BIC also joins in Defendants' Joint Memorandum of Law in Support of Motion to Dismiss the Complaints, which explains why the claims asserted in the Complaints should be dismissed as to all defendants as a matter of law.  In addition, BIC incorporates the arguments from the Separate Memorandum of Merck & Co., Inc. In Support of Its Motion to Dismiss the Complaints.  BIC submits this separate memorandum to highlight specifically the failure of the Complaints to allege wrongdoing by BIC.

## ARGUMENT

The Complaints fail as a matter of law against BIC because plaintiffs have failed to identify *any* drugs manufactured by BIC or *any* BIC drugs purchased by the plaintiffs, as required by the pleading requirements of Rule 9(b).  In addition, all allegations in the Complaints that BIC has been investigated or sued are immaterial, impertinent, scandalous and should be stricken pursuant to Rule 12(f).

### I. The Claims Against BIC Do Not Meet the Pleading Requirements of Rule 9(b) and Should Be Dismissed.

This Court has previously ruled in the MDL litigation that plaintiffs must "clearly and concisely allege with respect to each defendant: (1) the specific drug or drugs that were purchased from defendant; (2) the allegedly fraudulent AWP for each drug; and (3) the name of the specific plaintiff(s) that purchased the drug."  *In re Pharm. Indus. Average Wholesale Price Litig.*, 263 F. Supp. 2d 172, 194 (D. Mass. 2003).

1

Despite this directive, the Complaints fail to allege that *any* drugs were manufactured by Boehringer Ingelheim Corporation, let alone that plaintiff purchased *any* drugs from BIC at an allegedly fraudulent AWP. Indeed, none of the exhibits to the Complaints lists any drug manufactured by BIC. Nassau specifically notes that it is only those drugs appearing in its exhibits for which it seeks relief. (*See, e.g.*, Nassau Cmplt. ¶317). The failure to identify any BIC drugs is not surprising, since BIC does not manufacture or sell pharmaceutical products. Because the Complaints fail to allege any drugs manufactured by BIC or any BIC drugs purchased by the plaintiffs, the plaintiffs have no standing to bring claims against BIC and BIC should be dismissed from this case pursuant to Rule 12(b)(6). *See In re Pharm. Indus. AWP Litig.*, 263 F. Supp. 2d at 193 (to satisfy constitutional requirements for Article III standing, plaintiff must allege "personal injury fairly traceable to the defendant's allegedly unlawful conduct…") (*quoting Allen v. Wright*, 468 U.S. 737, 751 (1984); *Id.* at 177 ("The Court also dismisses … all claims regarding drugs that are not identified by name with a specified fraudulent AWP[.]"); *see also In re: Pharmaceutical Industry Average Wholesale Price Litigation*, 2004 WL 2387125 (D. Mass., Oct. 26, 2004)(*Suffolk II)* at *3. ("The claims against Aventis Pharmaceuticals Inc. are dismissed for failure to plead a drug sold by Aventis Pharmaceuticals Inc[.]")

**II.     Allegations That BIC Has Been Investigated Or Sued Are Immaterial, Impertinent, Scandalous And Should Be Stricken Pursuant To Rule 12(f).**

As this Court recognized in the Suffolk County decisions, an AWP complaint must contain factual allegations "from which an inference of fraud can reasonably be made." *Suffolk II* at *2. Recognizing the weakness of their other allegations, plaintiffs attempt to meet this threshold by further alleging that certain entities within the Boehringer Group are being investigated, have been sued and/or have been issued subpoenas related to pricing. This effort is

2

wholly improper as a matter of law because allegations of investigations that have not resulted in adjudication are "immaterial and can properly be stricken under Rule 12(f)." *Gotlin v. Lederman,* 367 F. Supp. 2d 349, 363-64 (E.D.N.Y. 2005).

For example, the Complaints allege that the Boehringer Group is being investigated by "the DOJ, the HHS OIG, the House Committee on Energy and Commerce, and the Attorneys General for the States of Nevada, Pennsylvania and Wisconsin." (Nassau Cmplt. ¶ 324, Consol. Cmplt. ¶ 346). The Complaints go on to state that the Boehringer Group is being sued by several states (Nassau Cmplt. ¶ 325, Consol. Cmplt. ¶ 347). Significantly, the Complaints do not claim that any of these investigations resulted in adjudication. These claims cannot support an inference of fraud and should be stricken pursuant to Rule 12(f).

BIC further incorporates the arguments advanced in the Merck Memorandum regarding unadjudicated and irrelevant investigations.

## CONCLUSION

For these reasons and those articulated in the Joint Memorandum and the Merck Memorandum, the Consolidated Complaint and the Nassau Complaint should be dismissed as to defendant Boehringer Ingelheim Corporation.

Respectfully submitted,

*Defendant*
*BOEHRINGER INGELHEIM*
*CORPORATION*

Dated:  March 3, 2006                     /s/ Lee M. Holland
                                          Lauren O. Casazza
                                          KIRKLAND & ELLIS LLP
                                          153 East 53rd Street
                                          New York, NY 10011
                                          Tel:  (212) 446-4800

                                          Helen E. Witt, P.C.
                                          Brian P. Kavanaugh
                                          KIRKLAND & ELLIS LLP
                                          200 E. Randolph Drive
                                          Chicago, Illinois  60601-6636
                                          Tel:  (312) 861-2000

                                          John W. Steinmetz, Esq.
                                          Lee M. Holland, Esq.
                                          ROBINSON & COLE LLP
                                          One Boston Place
                                          Boston, Massachusetts 02108
                                          Tel:  (617) 557-5900

4

## CERTIFICATE OF SERVICE

I, Brian P. Kavanaugh, hereby certify that on March 3, 2006, I caused a true and correct copy of the foregoing, **Separate Memorandum of Boehringer Ingelheim Corporation in Support of its Motion to Dismiss**, to be served on all counsel of record in accordance with the Court's Case Management Order No. 2.

Dated:  March 3, 2006                                          /s/Brian P. Kavanaugh