**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 04-CV-06054)<br>*County of Suffolk v. Abbott Labs., et al.*<br>(E.D.N.Y. No. CV-03-229)<br>*County of Westchester v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-6178)<br>*County of Rockland v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-7055)<br>*County of Dutchess v. Abbott Labs, et al.*<br>(S.D.N.Y. No. 05-CV-06458)<br>*County of Putnam v. Abbott Labs, et al.*<br>(S.D.N.Y. No. 05-CV-04740)<br>*County of Washington v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00408)<br>*County of Rensselaer v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00422)<br>*County of Albany v. Abbott Labs, et al*<br>(N.D.N.Y. No. 05-CV-00425) | |

[Caption Continues on Next Page]


**INDIVIDUAL MEMORANDUM OF DEFENDANTS
PAR PHARMACEUTICAL COMPANIES, INC. AND
PAR PHARMACEUTICAL, INC. IN SUPPORT OF THEIR
MOTION TO DISMISS THE CORRECTED CONSOLIDATED COMPLAINT
AND THE SECOND AMENDED COMPLAINT OF NASSAU COUNTY**

*County of Warren v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00468) )
*County of Greene v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00474) )
*County of Saratoga v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00478) )
*County of Columbia v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00867) )
*Essex County v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00878) )
*County of Chenango v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00354) )
*County of Broome v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00456) )
*County of Onondaga v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00088) )
*County of Tompkins v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00397) )
*County of Cayuga v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00423) )
*County of Madison v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00714) )
*County of Cortland v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00881) )
*County of Herkimer v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00415) )
*County of Oneida v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00489) )
*County of Fulton v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00519) )
*County of St. Lawrence v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00479) )
*County of Jefferson v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00715) )
*County of Lewis v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00839) )
*County of Chautauqua v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06204) )
*County of Allegany v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06231) )
*County of Cattaraugus v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06242) )
*County of Genesee v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06206) )
*County of Wayne v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06138) )
*County of Monroe v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06148) )

| | |
|---|---|
| *County of Yates v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| AND | ) |
| *County of Nassau v. Abbott Labs, et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |
| | ) |

Defendants Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. (collectively, "Par"[1]) respectfully submit this separate memorandum in support of their motion to dismiss the Consolidated Complaint of New York City and the New York Counties Other than Nassau (the "Consolidated Complaint") and the Second Amended Complaint of Nassau County (the "Nassau SAC") (collectively, the "Complaints").[2]

---

[1] Par Pharmaceutical, Inc. is a wholly owned subsidiary of Par Pharmaceutical Companies, Inc.

[2] Par also joins Defendants' Joint Memorandum of Law in Support of Motion to Dismiss (1) the Consolidated Complaint of the New York City and Plaintiff New York Counties Other Than Nassau and (2) the Second Amended Complaint of Nassau County (the "Joint Memorandum of Law") and Defendant Sandoz Inc's Supplemental Memorandum of Law Regarding Multiple Source Generic Drug Products in Support of Defendants' Motion to Dismiss the Corrected Consolidated Complaint and the Second Amended Complaint of Nassau County (the "Supplemental Memorandum Regarding Generic Drug Products").

1

## I. PLAINTIFFS' ALLEGATIONS REGARDING AWP AND WAC PRICING FAIL TO SATISFY RULE 9(b).

Plaintiffs' allegations of fraudulent reporting of prices fail to satisfy the requirements of Rule 9(b), F.R. Civ. P. As a general matter, plaintiffs claim that reliance on AWP in setting reimbursement rates "is absolutely necessary because Defendants withhold more accurate pricing information." Nassau SAC ¶ 5; *see also* Consolidated Complaint ¶ 10. Yet, with respect to Par, plaintiffs' allegations affirmatively establish the absence of any such "withhold[ing]":

> In February 2000, Par's Dexamethasone 4mg tablet 100 count package had a reported AWP of **$ 182.00** while the generally available market price was **$ 6.02** (a 28% discount from the reported WAC of **$ 7.72**). The published AWP was intentionally false and misleading because it was 2,923% more than the generally available market price and 2,258% over the reported WAC.

Nassau SAC ¶ 557 (emphasis added); *see also* Consolidated Complaint ¶ 646.

This allegation states that the contemporaneously published "Wholesale Average Cost" for Par's product was $ 7.72 per 100 tablets. As a result, neither plaintiffs nor New York Medicaid could reasonably have based reimbursements on a published AWP of $ 182.00 per 100 tablets.

On this core issue of reasonable reliance, the Complaints – despite their considerable volume – utterly fail. The Complaints juxtapose limited averments as to what state law "provided," *see, e.g.,* Consolidated Complaint, ¶ 88, Nassau SAC § 84, with lengthy lists of AWPs. These allegations are insufficient. The Complaints make no allegations that link actual reimbursements for any product to any specific representations on which such reimbursements allegedly were based. Nor do the exhibits to the Complaints provide such links.[3] Without such

---

[3] The exhibits to the Consolidated Complaint provide no data about reimbursement. Exhibit B to the Nassau SAC provides reimbursement data and AWP data, along with other information, such as "QTY DISPENSED" and "CLAIMS." But Exhibit B provides no basis for understanding how the figures relate to each other.

2

specific allegations, Par does not have adequate notice of the "time, place, and content of the alleged false or fraudulent representations." *See Commonwealth of Massachusetts v. Mylan Labs.,* Civ. No. 03-11865-PBS, slip op. at 2 (D. Mass. April 5, 2005).

## II. PLAINTIFFS' ALLEGATIONS REGARDING "BEST PRICE" REPORTING FAIL TO SATISFY RULE 9(b).

The Consolidated Complaint alleges, almost in passing, that "each defendant knowingly calculated its Best Prices excluding factors that it was statutorily and/or contractually required to include, resulting in the payment of rebates that were less than required." Consolidated Complaint ¶ 148; *see also id*. ¶¶ 850-51; Nassau SAC ¶¶ 15, 119, 755-58. Plaintiffs allege no particulars to support these claims of fraud, and they elsewhere acknowledge that reports of "Best Prices" are made only with respect to single-source and brand-name innovator drugs. *See* Consolidated Complaint ¶ 849; *see also* Nassau SAC ¶ 90; 42 U.S.C. § 1396r-8(b)(3)(A)(i) (2005).

There is no allegation that Par has manufactured any of the single-source and brand name innovator drugs identified in the Complaints, and there is no particularized allegation that Par has reported any Best Prices with regard to any of those products. In fact, Par has manufactured none of them, and has not reported any Best Prices with respect to them.[4] Therefore, as to Par, plaintiffs' vague, totally unsupported allegations concerning "Best Price" misrepresentations fall far short of the particularity required by Rule 9(b).

---

Applying the allegedly AWP-based reimbursement formulae, there seems to be no way, as to any Par product, to relate the AWP data to the number of claims or the quantity dispensed, and produce the figure that is in the column "TOTAL AMOUNT PAID." In other words, Exhibit B does not support plaintiffs' claim of reliance on AWP.

[4]  Par does not ask the Court to make any finding based on these representations, but, rather, to consider them in deciding whether plaintiffs should be required to plead their "Best Price" claims with appropriate particularity.

3

**III.   ALLEGATIONS AS TO OTHER PROCEEDINGS DO NOT CONSTITUTE COMPLIANCE WITH THE PARTICULARITY REQUIREMENTS OF RULE 9(b).**

Many of plaintiffs' allegations are devoted to describing various closed and pending investigations and lawsuits elsewhere. The vast majority of these proceedings do not involve Par. In any event, averments as to other investigations and lawsuits are not substantive allegations of misconduct and are not relevant to the claims alleged.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Joint Memorandum of Law and the Supplemental Memorandum Regarding Generic Drug Products, this Court should dismiss the entirety of the Complaints with prejudice or, in the alternative, dismiss the Complaints without prejudice pursuant to Rule 9(b).

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/ Richard M. Cooper
Richard M. Cooper (*pro hac vice*)
Paul K. Dueffert (*pro hac vice*)
Thomas J. Roberts (*pro hac vice*)
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

## **CERTIFICATE OF SERVICE**

       I hereby certify that on March 3, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2, by sending a copy of this document to Lexis/Nexis File & Serve for posting and notification to all parties.

       /s/ Thomas J. Roberts_____
       Thomas J. Roberts