**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                      )
IN RE PHARMACEUTICAL INDUSTRY  )
AVERAGE WHOLESALE PRICE         )   MDL NO. 1456
LITIGATION                                )   Civil Action No. 01-12257-PBS
_____)
                                      )   Judge Patti B. Saris
THIS DOCUMENT RELATES TO:       )

*The City of New York v. Abbott Labs., et al.* )
(S.D.N.Y. No. 04-CV-06054) )
*County of Suffolk v. Abbott Labs., et al.* )
(E.D.N.Y. No. CV-03-229) )
*County of Westchester v. Abbott Labs., et al.* )
(S.D.N.Y. No. 03-CV-6178) )
*County of Rockland v. Abbott Labs., et al.* )
(S.D.N.Y. No. 03-CV-7055) )
*County of Dutchess v. Abbott Labs, et al.* )
(S.D.N.Y. No. 05-CV-06458) )
*County of Putnam v. Abbott Labs, et al.* )
(S.D.N.Y. No. 05-CV-04740) )
*County of Washington v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00408) )
*County of Rensselaer v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00422) )
*County of Albany v. Abbott Labs, et al* )
(N.D.N.Y. No. 05-CV-00425) )
*County of Warren v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00468) )
*County of Greene v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00474) )
*County of Saratoga v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00478) )
*County of Columbia v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00867) )
*Essex County v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00878) )
*County of Chenango v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00354) )
*County of Broome v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00456) )
*County of Onondaga v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00088) )
*County of Tompkins v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00397) )
*County of Cayuga v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00423) )
*County of Madison v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00714) )
*County of Cortland v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00881) )

| | |
|---|---|
| *County of Herkimer v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00415) | ) |
| *County of Oneida v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00489) | ) |
| *County of Fulton v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00519) | ) |
| *County of St. Lawrence v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00479) | ) |
| *County of Jefferson v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00715) | ) |
| *County of Lewis v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00839) | ) |
| *County of Chautauqua v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06204) | ) |
| *County of Allegany v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06231) | ) |
| *County of Cattaraugus v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06242) | ) |
| *County of Genesee v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| AND | ) |
| *County of Nassau v. Abbott Labs, et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |

**INDIVIDUAL MEMORANDUM OF PURDUE PHARMA L.P., PURDUE FREDERICK COMPANY, AND PURDUE PHARMA COMPANY IN SUPPORT OF THEIR MOTION TO DISMISS (1) THE CONSOLIDATED COMPLAINT OF NEW YORK CITY AND PLAINTIFF NEW YORK COUNTIES OTHER THAN NASSAU AND (2) THE SECOND AMENDED COMPLAINT OF NASSAU COUNTY**

Purdue Pharma L.P., Purdue Frederick Company, and Purdue Pharma Company ("Purdue") join in Defendants' Joint Memorandum of Law in support of their motion to dismiss (1) the Consolidated Complaint of New York City and Plaintiff New York Counties Other Than Nassau ("Consol. Compl.") and (2) the Second Amended Complaint of Nassau County ("Nassau SAC") (collectively, "the Complaints"). Purdue submits this individual brief to demonstrate additional grounds supporting dismissal of the claims against Purdue.

On September 30, 2004, this Court dismissed several claims asserted against all defendants in the *County of Suffolk* case. *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, 339 F. Supp. 2d 165 (D. Mass. 2004) ("*Suffolk I*"). On October 26, 2004, this Court dismissed *all claims* against Purdue in the *Suffolk* case. *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, No. 1456, Civ.A. 01-12257-PBS, 2004 WL 2387125, at \*\*2-3 (D. Mass. Oct. 26, 2004) ("*Suffolk II*"). No leave to amend was given.

Now, the remaining New York County plaintiffs are attempting to rope Purdue into this MDL,[1] alleging nothing more of significance than what this Court previously found insufficient under Rule 9(b) in the *Suffolk* case. The other New York Counties' Complaints likewise fail under Rule 9(b). This Court should treat the remaining New York Counties' claims against Purdue exactly as it treated Suffolk's claims against Purdue: these claims should be dismissed.

---

[1] Purdue is not a defendant in the MDL class case, or in the MDL actions brought by various state Attorneys General.

I.  **THIS COURT PREVIOUSLY DISMISSED PURDUE FROM THE SUFFOLK CASE BECAUSE NO INFERENCE OF FRAUD COULD BE MADE FROM THE FACTUAL ALLEGATIONS.**

In the *Suffolk* case, this Court reviewed allegations with respect to Purdue that were nearly the same as those now presented by the remaining New York Counties in the two pending Complaints before the Court. Those allegations were unequivocally found insufficient under Rule 9(b) in two separate opinions.

The first of these opinions, the October 26, 2004 *Suffolk* Order, was clear: *all* of Suffolk's claims against Purdue were dismissed. *Suffolk II* at *2. As the Court held with respect to Purdue, "there are no factual allegations . . . from which an inference of fraud can reasonably be made." *Id. See also id.* at *3 (granting motion to dismiss "all claims against . . . Purdue Pharma, L.P."). No leave to amend was given.

Nevertheless, Suffolk attempted once against to state a claim against Purdue when it included additional allegations against Purdue in the affidavit of its counsel, Aaron Hovan, filed on November 16, 2004 ("Hovan Affidavit"). The Hovan Affidavit was submitted in response to the Court's *Suffolk II* Order, which directed Suffolk to submit additional information to justify suit against the Suffolk 13, a group of defendants that originally included Purdue before Purdue was separately dismissed from the case.

Thus, in the Hovan Affidavit, Suffolk made the new allegation that Purdue is "among the pharmaceutical companies now under investigation by the House Committee of Energy and Commerce." (Affidavit of Aaron D. Hovan Providing (1) Methodology And Documents Used To Estimate AWP Spread and (2) Additional Information Regarding Defendants ¶ 37, Nov. 16, 2004.) The Complaints before the Court now likewise add the allegation that Purdue is one of the companies purportedly under investigation. As Purdue explained in its response to the Hovan Affidavit, however, this

2

allegation is meaningless because Purdue, along with numerous other drug companies, responded to a June 2003 letter from the Committee on Energy and Commerce, and no activity has occurred with respect to this letter for years. After Purdue's response to the Hovan Affidavit was submitted, the Court found that the additional information submitted by Suffolk was insufficient to warrant reversal of this Court's dismissal of Purdue from the case. Indeed, all remaining AWP claims against all of the defendants in the Suffolk 13 were dismissed after the Hovan Affidavit was submitted. (Memorandum and Order at 3, April 8, 2005) ("*Suffolk III*").

## II.   NOTHING MORE OF SIGNIFICANCE IS ALLEGED IN PLAINTIFFS' MOST RECENT COMPLAINTS AGAINST PURDUE.

Despite the Court's repeated dismissals of the claims against Purdue, the most recent Complaints suffer from the same deficiencies that were fatal to the Suffolk Complaint with respect to Purdue. What more these Complaints offer with respect to Purdue is still insufficient under Rule 9(b) to create a reasonable inference of fraud.

In the Complaints here, plaintiffs now allege that in a *Boston Globe* article, a Purdue "spokesman" made an isolated comment that AWP was "quite deceptive" because no one pays AWP for pharmaceutical products because of rebates and discounts. (Consol. Compl. ¶ 689; Nassau SAC ¶ 589.) Even if the Court assumes that plaintiffs have not mischaracterized this statement, an allegation of a stray comment by one employee is insufficient to satisfy the particularity required under Rule 9(b) to sustain the sweeping fraud claims asserted by plaintiffs. Indeed, plaintiffs do not explain how this public statement shows that Purdue misrepresented the true meaning of AWP.

Additionally, plaintiffs vaguely allege that Purdue entered into "co-promotion agreements" with "Defendant Abbott Group" and other unidentified pharmaceutical companies "for the sale and marketing" of Purdue's products. (Consol. Compl. ¶¶ 686-

3

688; Nassau SAC ¶¶ 587-588.)  The mere fact of a "co-promotion agreement," however, adds nothing to plaintiffs' insufficient allegations.  Plaintiffs fail to specifically allege how the "co-promotion agreements" constitute fraud.  Thus, once again, plaintiffs have failed to satisfy the requirements of Rule 9(b).[2]  None of the Complaints' allegations with respect to Purdue "present more particular information about [the] allegation that the published Average Wholesale Price ("AWP") for each drug was fraudulent."  (*Suffolk III* at 1.)

Plaintiffs continue to grasp at straws with regard to Purdue.  Now for the third time, the claims asserted against Purdue in the Complaints should be dismissed with prejudice, thereby removing Purdue entirely from this MDL proceeding.

Dated:  March 3, 2006

                       LORI A. SCHECHTER
                       TIFFANY CHEUNG
                       MORRISON & FOERSTER LLP

By: /s/ Lori A. Schechter
     Lori A. Schechter (*Pro Hac Vice*)
     425 Market Street
     San Francisco, CA 94105
     (415) 268-7000
     Lschechter@mofo.com

     Attorneys for Defendants
     Purdue Pharma L.P., Purdue Frederick
     Company, and Purdue Pharma Company

---

[2] The remaining grounds for dismissing Purdue from the Complaints are common with other defendants and are set forth in Defendants' Joint Memorandum in support of their motion to dismiss the Complaints.

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2006 I caused a true and correct copy of the foregoing document to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification.

/s/ Lori A. Schechter
Lori A. Schechter