Case 1:01-cv-12257-PBS Document 2191 Filed 03/03/2006 Page 1 of 8

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |

THIS DOCUMENT RELATES TO:

*The City of New York v. Abbott Labs., et al.*
(S.D.N.Y. No. 04-CV-06054)
*County of Suffolk v. Abbott Labs., et al.*
(E.D.N.Y. No. CV-03-229)
*County of Westchester v. Abbott Labs., et al.*
(S.D.N.Y. No. 03-CV-6178)
*County of Rockland v. Abbott Labs., et al.*
(S.D.N.Y. No. 03-CV-7055)
*County of Dutchess v. Abbott Labs, et al.*
(S.D.N.Y. No. 05-CV-06458)
*County of Putnam v. Abbott Labs, et al.*
(S.D.N.Y. No. 05-CV-04740)
*County of Washington v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00408)
*County of Rensselaer v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00422)
*County of Albany v. Abbott Labs, et al*
(N.D.N.Y. No. 05-CV-00425)
*County of Warren v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00468)
*County of Greene v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00474)
*County of Saratoga v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00478)
*County of Columbia v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00867)
*Essex County v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00878)
*County of Chenango v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00354)
*County of Broome v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00456)
*County of Onondaga v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00088)
*County of Tompkins v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00397)

*County of Cayuga v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00423) )
*County of Madison v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00714) )
*County of Cortland v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00881) )
*County of Herkimer v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00415) )
*County of Oneida v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00489) )
*County of Fulton v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00519) )
*County of St. Lawrence v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00479) )
*County of Jefferson v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00715) )
*County of Lewis v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00839) )
*County of Chautauqua v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06204) )
*County of Allegany v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06231) )
*County of Cattaraugus v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06242) )
*County of Genesee v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06206) )
*County of Wayne v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06138) )
*County of Monroe v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06148) )
*County of Yates v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06172) )
*County of Niagara v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06296) )
*County of Seneca v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06370) )
*County of Orleans v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06371) )
*County of Ontario v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06373) )
*County of Schuyler v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06387) )
*County of Steuben v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06223) )

*County of Chemung v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06744) )
            AND )
*County of Nassau v. Abbott Labs, et al.* )
(E.D.N.Y. No. 04-CV-5126) )
_____)

# DEFENDANTS FOREST LABORATORIES, INC. AND FOREST PHARMACEUTICALS, INC.'S MEMORANDUM OF LAW OF IN SUPPORT OF MOTION TO DISMISS (1) THE CONSOLIDATED COMPLAINT OF NEW YORK CITY AND NEW YORK COUNTIES OTHER THAN NASSAU AND (2) THE SECOND AMENDED COMPLAINT OF NASSAU COUNTY

**DORNBUSH SCHAEFFER STRONGIN & WEINSTEIN, LLP**
Peter J. Venaglia
Brian T. Rafferty
Cynthia L. Ebbs
747 Third Avenue
New York, NY 10017
(212) 759-3300

*Attorneys for Defendants Forest Laboratories, Inc. and Forest Pharmaceuticals, Inc.*

Defendants Forest Laboratories, Inc. and Forest Pharmaceuticals, Inc. (collectively, "Forest") submit this Memorandum of Law in support of Forest's Motion to Dismiss the Consolidated Complaint of Plaintiffs New York City and the New York Counties other than Nassau ("Consol. Compl.") and Plaintiff Nassau County's Second Amended Complaint ("Nassau SAC").[1]

Forest was not a part of the myriad of cases pending before this Court relating to AWP until Suffolk County named Forest as a Defendant in its original Complaint filed on January 14, 2003. Indeed, Suffolk County's original Complaint relied heavily on rhetoric applicable to Medicare Part B situations, and Forest does not manufacture or distribute Medicare Part B drugs.

Subsequent to Suffolk County's amendment of its Complaint on July 31, 2003, Forest, which was one of the "Suffolk 13" Defendants, moved to dismiss Suffolk's Complaint. This Court thereafter issued a series of three rulings on the sufficiency of Suffolk's Amended Complaint,[2] ultimately dismissing all of Suffolk's claims against Forest. This Court did so only after giving Suffolk County an additional opportunity to provide support for its allegation that Forest's pricing (and that of the other Suffolk 13 Defendants) was fraudulent. After receiving a Supplemental Submission from Suffolk County, this Court specifically found that Suffolk's submission, which attempted to infer fraud based on an industry-wide formula (and the existence of governmental investigations), was "not sufficient to plead allegations of fraud with

---

[1] Forest fully adopts all of the arguments advanced on behalf of all Defendants in the Joint Motion to Dismiss (1) the Consolidated Complaint of Plaintiff New York City and Plaintiff New York Counties Other Than Nassau and (2) The Second Amended Complaint of Nassau County ("Joint Motion") and the supporting Joint Memorandum ("Joint Memorandum").

[2] *County of Suffolk v. Abbot Labs, et al.*, 339 F. Supp.2d 165 (D. Mass. Sep. 30, 2004)(*Suffolk I*); *County of Suffolk v. Abbott Labs, et al.*, 2004 WL 2387125 (D. Mass. Oct. 26, 2004)(*Suffolk II*); Memorandum and Order dated April 8, 2005 (*Suffolk III*).

particularity." *Suffolk III*, April 8, 2005 Order at p. 2. As a result, all of the remaining claims against Forest were dismissed.

Thus, the instant Consolidated Complaint and the Nassau SAC, represent a fourth attempt at pleading sufficient facts which would justify keeping Forest in the massive MDL proceedings before this Court. Unfortunately for the Plaintiffs, the Consolidated Complaint and the Nassau SAC fare no better than the Suffolk County Amended Complaint in meeting the pleading requirements embodied in Rules 8(a) and 9(b). As set forth in the Joint Memorandum, and as set forth below, nothing in either the Consolidated Complaint or the Nassau SAC remotely warrants this Court's reconsideration of its earlier decisions.

First, Exhibit B to the Consolidated Complaint purports to contain a list of fraudulent AWPs, with that list then comparing the AWPs to an alleged "Market Price" at which the products were available, resulting in a percentage "Spread."[3] Similarly, Exhibit A to the Nassau County Complaint simply indicates that the "market price" for Forest's products are less than the purportedly "false and inflated AWPs and WAC's" for those products. However, both Complaints are entirely devoid of explanation for why any of the cited differences could be considered fraudulent. As this Court has already noted (and as is acknowledged in both Complaints), differences between AWP and actual pricing are well-recognized, with it being generally understood that WAC is lower than AWP. *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 230 F.R.D. 61, 68 (D. Mass. 2005). In view of the Plaintiffs' failure "to present more particular information about its allegation that the published AWP for each drug

---

[3] Suffolk earlier provided similar information which was deemed inadequate by the Court in its Suffolk rulings.

was fraudulent" (*Suffolk III*, April 8, 2005 Order at p. 1), Plaintiffs' AWP claims as to Forest should be dismissed.

Second, also absent from the allegations in the Consolidated Complaint and the Nassau SAC are any facts supporting the proposition that Forest failed to properly report the "Best Price" for its alleged drugs (Cons. Compl. ¶484; Nassau SAC ¶¶399-400), and thus the Consolidated Complaint's "Best Price" claims plainly fail to satisfy Rule 9(b). Indeed, in the Nassau SAC, Nassau admits that it has no evidence to support this claim, and instead requests, just as had been done in Suffolk, that it be allowed to drag Forest through discovery in the hope that it somehow might be able to substantiate its claims later (Nassau SAC ¶ 400). However, Nassau should not be permitted to impose burdensome discovery upon Forest based only on speculation that it will find some type of wrongdoing -- Rule 9(b) certainly does not contemplate such a blatant fishing expedition. Therefore, the "Best Price" claims as to Forest should also be dismissed, as this Court previously did in its October 26, 2004 Order (*Suffolk II*).[4]

Third, the Consolidated Complaint and the Nassau SAC cite to investigations in the apparent hope that those investigations can somehow supply an inference of fraud as to Forest. However, those "investigations," which include a simple inquiry with respect to Forest's very limited use of the nominal price exception during a limited period of time, in no way support an inference that Forest has done *anything* wrong.[5] Indeed, neither of the investigations cited by the Plaintiffs has resulted in any adverse findings against Forest, nor do they in any way

---

[4] Forest had been inadvertently omitted from the caption by Suffolk County, and therefore Forest was not specifically identified in the Court's October 26, 2004 Order (*Suffolk II*). However, counsel for Suffolk County has acknowledged that the dismissal of the Best Price Claims is applicable to Forest.

[5] The second investigation is ongoing, with no evidence that the investigation in any way relates to the sort of AWP or Best Price allegations made by the Plaintiffs.

- 3 -

suggest that Forest's AWP's or its Best Price calculations were fraudulent.[6] Simply put, the investigations cited by the Plaintiffs provide absolutely no support for Plaintiffs' otherwise naked allegations of AWP or Best Price fraud by Forest.

### CONCLUSION

For all of the foregoing reasons and the reasons set forth in the Joint Memorandum filed simultaneously by all Defendants in these actions, Forest respectfully requests that this Court dismiss with prejudice all of the claims against Forest for failure to plead with specificity in accordance with Rules 8(a) and 9(b).

Dated: New York, New York
       March 3, 2006

Respectfully submitted,

DORNBUSH SCHAEFFER
STRONGIN & WEINSTEIN, LLP

_____
Peter J. Venaglia
Brian T. Rafferty
Cynthia L. Ebbs
747 Third Avenue
New York, NY 10017
(212) 759-3300

*Attorneys for Defendants Forest Laboratories, Inc. and Forest Pharmaceuticals, Inc.*

---

[6] Of course, other investigations referenced in the Complaint which involve other defendants and do not involve Forest are entirely irrelevant with respect to Forest.

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 3rd day of March, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS, pursuant to Case Management Order No.2.

/s/ Clair S. Seu
Clair S. Seu