UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL NO. 1456 Civil Action No. 01-12257-PBS |
| ) THIS DOCUMENT RELATES TO: ) ) *The City of New York v. Abbott Labs., et al.* ) (S.D.N.Y. No. 04-CV-06054) ) *County of Suffolk v. Abbott Labs., et al.* ) (E.D.N.Y. No. CV-03-229) ) *County of Westchester v. Abbott Labs., et al.* ) (S.D.N.Y. No. 03-CV-6178) ) *County of Rockland v. Abbott Labs., et al.* ) (S.D.N.Y. No. 03-CV-7055) ) *County of Putnam v. Abbott Labs, et al.* ) (S.D.N.Y. No. 05-CV-04740) ) *County of Dutchess v. Abbott Labs, et al.* ) (S.D.N.Y. No. 05-CV-06458) ) *County of Putnam v. Abbott Labs, et al.* ) (S.D.N.Y. No. 05-CV-04740) ) *County of Washington v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00408) ) *County of Rensselaer v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00422) ) *County of Albany v. Abbott Labs, et al* ) (N.D.N.Y. No. 05-CV-00425) ) *County of Warren v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00468) ) *County of Greene v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00474) ) *County of Saratoga v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00478) ) *County of Columbia v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00867) ) *Essex County v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00878) ) *County of Chanango v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00354) ) *County of Broome v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00456) ) *County of Onondaga v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00088) ) *County of Tompkins v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00397) ) *County of Cayuga v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00423) ) *County of Madison v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00714) ) *County of Cortland v. Abbott Labs, et al.* ) | Judge Patti B. Saris |

| | |
|---|---|
| (N.D.N.Y. No. 05-CV-00881) | ) |
| *County of Herkimer v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00415) | ) |
| *County of Oneida v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00489) | ) |
| *County of Fulton v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00519) | ) |
| *County of St. Lawrence v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00479) | ) |
| *County of Jefferson v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00715) | ) |
| *County of Lewis v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00839) | ) |
| *County of Chautauqua v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06204) | ) |
| *County of Allegany v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06231) | ) |
| *County of Cattaraugus v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06242) | ) |
| *County of Genesee v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Chemung v. Abbott Lab, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| County of Nassau v. Abbott Labs, et al. | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |
| | ) |

### SANOFI-SYNTHELABO'S INDIVIDUAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS (1) THE CONSOLIDATED COMPLAINT OF NEW YORK CITY AND PLAINTIFF NEW YORK COUNTIES OTHER THAN NASSAU AND (2) THE SECOND AMENDED COMPLAINT OF NASSAU COUNTY

Defendant Sanofi-Synthelabo, Inc. ("Sanofi") respectfully submits this memorandum in support of its Motion to Dismiss (1) the consolidated complaint of New York

129555v1

City and Plaintiff New York counties other than Nassau and (2) the Second Amended Complaint of Nassau County (the "Complaints"). In addition to the reasons set forth in the Defendants' Joint Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaints, the Complaints should be dismissed as to Sanofi because neither the Consolidated Complaint nor Nassau County's Second Amended Complaint make any factual allegations regarding a spread for any pharmaceutical product manufactured or sold by Sanofi, nor do they cite any internal documents or government investigations from which an allegation of fraud can reasonably be made. *See In re Pharm. Indus. Average Wholesale Price Litig.*, 2004 WL 2387125 *4, (D. Mass. Oct. 26, 2004). Accordingly, Plaintiffs have failed to state a claim against Sanofi upon which relief can be granted and their claims must be dismissed with prejudice.

On January 13, 2003, this Court advised the class action plaintiffs that in order to survive a motion to dismiss they must "particularize exactly what drugs, exactly what the fraud is, [and] which plaintiffs paid for what drugs." See Tr. Of Jan. 13, 2003 Hearing on Motion to Dismiss, at 74. In May 2003, the Court reaffirmed its statements, granted, in part, defendants' motions to dismiss, and instructed the plaintiffs that if they amend their complaint they must "clearly and concisely allege with respect to each defendant: (1) the specific drug or drugs that were purchased from defendant; (2) the allegedly fraudulent AWP for each drug; and (3) the name of the specific plaintiff(s) that purchased the drug." *In re Pharm. Industry Average Wholesale Price Litig.*, 263 F. Supp. 2d 172, 194 (D. Mass. 2003).

This Court gave Plaintiffs yet more detailed guidance on how to properly plead fraud with particularity in the Suffolk County decisions in 2004. *See In re Pharm. Indus. Average Wholesale Price Litig.*, 339. F. Supp. 2d 165 (D. Mass. Sept. 30, 2004) and *In re Pharm. Indus. Average Wholesale Price Litig.*, 2004 WL 2387125 (D. Mass. Oct. 26, 2004). Those decisions dismissed the very claims that Plaintiffs now replead, in large part because

Plaintiffs did not plead both an alleged "fraudulent AWP" and a "spread," or what Plaintiffs believe to be an accurate estimate of the actual average wholesale price for that drug. 2004 WL 2387125 *4.

Despite all of the guidance given by this Court over the course of almost four years of this litigation, Plaintiffs have still failed to follow the Court's instructions on how to plead fraud with particularity with regard to all defendants. Their allegations against Sanofi, however, are even more deficient. Plaintiffs make allegations pertaining to the "Sanofi/Aventis Group" in paragraphs 691-711. The only drugs referenced in these paragraphs are Anzemet®, Taxotere®, Bioclate®, Helixate ®, Gammar®, and Lovenox®. As Plaintiffs well know, none of those products is manufactured or sold by Sanofi.

Plaintiffs attempt to meet the requirements of this Court's orders by simply identifying the specific drug products they paid for along with an alleged "fraudulent AWP", and by attaching "examples of the available prices for the Sanofi/Aventis Group drugs at issue." (*See* Consolidated Complaint ¶¶ 123-124, 693 and Exhibits A and B). Of the more than 100 "Sanofi/Aventis Group" products Plaintiffs allege they purchased in Appendix A (Consolidated Complaint) and the 50 products that Nassau alleges it purchased (Appendix B, Nassau Second Amended Complaint), only five, Anzemet®, Cardizem CD®, DDAVP®, Lovenox®, and TheraCys®, are listed in Appendix B to the Consolidated Complaint with so-called Fraudulent AWPs, Market Prices, and Spreads (Nassau's Appendix A only lists four products, eliminating TheraCys®). Sanofi agrees with the Joint Motion that Exhibit B is woefully deficient in meeting the requirements of Rule 9(b), because there is no indication of how an indeterminate price from 2000 can be related to an alleged fraud occurring from 1992 to the present. With regard to Sanofi, however, Plaintiffs have not even listed any Sanofi product with an alleged market price

129555v1

or spread. As noted on Exhibit B-27 (and Nassau's Exhibit A), none of these products is sold or manufactured by Sanofi.

Plaintiffs' grouping of Sanofi with Aventis Pharmaceuticals Inc. ("Aventis") and other entities[1] as the "Sanofi/Aventis Group" (see ¶ 65), does not magically transform all of these entities into a single entity for purposes of this litigation.[2] The simple fact is Plaintiffs have failed to make any factual allegations regarding a spread, or cite any internal documents or government investigations from which an inference of fraud can reasonably be made with regard to Sanofi. For this reason, Plaintiffs have failed to state a claim upon which relief can be granted and the Consolidated Complaint and Nassau County's Second Amended Complaint must be dismissed as to Sanofi.

Inasmuch as Plaintiffs do not allege a spread for any Sanofi product, they have failed to state a claim against Sanofi upon which relief can be granted. Accordingly, Sanofi-Synthelabo, Inc. respectfully requests that the claims against it in the Consolidated County Complaint and Nassau County's Second Amended Complaint be dismissed with prejudice.

---

[1] The other entities grouped together with Sanofi and Aventis are: Aventis Behring, Dermik Laboratories, and Hoechst Marion Roussel. Aventis Behring is now known as ZLB Behring and has no relationship to Sanofi; Dermik Laboratories is a division of Aventis and not a separate corporation; and Hoechst Marion Roussel is a predecessor to Aventis and no longer exists as a separate entity.
[2] Sanofi and Aventis are independently run companies that are now owned by the same ultimate parent. Even if plaintiffs were to adequately plead a claim against one or more Aventis products (which they do not), it would have no significance as to whether they had pled a claim against Sanofi.

129555v1

Dated: March 3, 2006                                 Respectfully submitted,


/s/ Jennifer H. McGee
Jennifer H. McGee
SHOOK, HARDY & BACON L.L.P.
Hamilton Square
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

Michael L. Koon
Joseph A. Matye
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd
Kansas City, MO 64105
Telephone: (816) 474-6550
Facsimile: (861) 421-5547

Michael DeMarco (BBO #1199690)
Jeanne E. Demers (BBO #561255)
KIRKPATRICK & LOCKHART LLP
75 State Street
Boston, MA 02109
Telephone: (617) 951-9111
Facsimile: (617) 261-3175


ATTORNEYS FOR SANOFI-
SYNTHELABO, INC.

129555v1

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing was served, this 3rd day of March, 2006, to all counsel of record by electronic service pursuant to Case Management Order No. 2, by sending a copy of this document to LexisNexis bfor posting and notification to all parties.


                                              /s/ Jennifer H. McGee
                                              Jennifer H. McGee

129555v1