UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>*The City of New York v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 04-CV-06054)<br>*County of Suffolk v. Abbott Labs., et al.*<br>(E.D.N.Y. No. CV-03-229)<br>*County of Westchester v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-6178)<br>*County of Rockland v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-7055)<br>*County of Dutchess v. Abbott Labs, et al.*<br>(S.D.N.Y. No. 05-CV-06458)<br>*County of Putnam v. Abbott Labs, et al.*<br>(S.D.N.Y. No. 05-CV-04740)<br>*County of Washington v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00408)<br>*County of Rensselaer v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00422)<br>*County of Albany v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00425)<br>*County of Warren v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00468)<br>*County of Greene v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00474)<br>*County of Saratoga v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00478)<br>*County of Columbia v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00867)<br>*Essex County v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00878)<br>*County of Chenango v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00354)<br>*County of Broome v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00456)<br>*County of Onondaga v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00088) | **INDIVIDUAL MEMORANDUM OF LAW OF DEFENDANT EMD, INC. IN SUPPORT OF ITS MOTION TO DISMISS** |

| | |
|---|---|
| *County of Tompkins v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00397) | ) |
| *County of Cayuga v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00423) | ) |
| *County of Madison v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00714) | ) |
| *County of Cortland v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00881) | ) |
| *County of Herkimer v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00415) | ) |
| *County of Oneida v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00489) | ) |
| *County of Fulton v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00519) | ) |
| *County of St. Lawrence v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00479) | ) |
| *County of Jefferson v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00715) | ) |
| *County of Lewis v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00839) | ) |
| *County of Chautauqua v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06204) | ) |
| *County of Allegany v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06231) | ) |
| *County of Cattaraugus v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06242) | ) |
| *County of Genesee v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |

NY01/PALEC/1087380.1

*County of Chemung v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06744)                  )
                                             )
_____ )

Defendant EMD, Inc. ("EMD") submits this individual memorandum in support of its motion to dismiss the Corrected Consolidated Complaint of New York City and Plaintiff New York Counties other than Nassau (the "Consolidated Complaint").[1]

## ARGUMENT

### I. ALL CLAIMS AGAINST EMD SHOULD BE DISMISSED BECAUSE THE CONSOLIDATED COMPLAINT CONTAINS NO SUBSTANTIVE ALLEGATIONS OF WRONGDOING AGAINST EMD

The only allegations relating to EMD in the entire 210-page, 914-paragraph Consolidated Complaint are that EMD is a corporation headquartered in Durham, North Carolina and that it is the sole shareholder of Dey. *See* Consolidated Complaint, ¶ 47. There is absolutely nothing else. Plaintiffs' Consolidated Complaint is completely devoid of any substantive allegations concerning EMD, let alone substantive allegations sufficient to state a cause of action. Plaintiffs do not allege that a single drug manufactured by EMD is at issue in this action. Indeed, Plaintiffs do not even specifically allege that EMD ever manufactured or sold any pharmaceuticals. Because the Consolidated Complaint contains no substantive allegations against EMD, there are no factual allegations from which an inference of fraud can be made. Accordingly, all claims against EMD should be dismissed.

---

[1] EMD also joins in and incorporates herein by reference each of the arguments set forth in Defendants' Joint Memorandum of Law in Support of Motion to Dismiss the Consolidated Complaint of New York City and Plaintiff New York Counties other than Nassau (the "Joint Memorandum"). EMD also joins in and incorporates by reference the arguments made in the briefs filed by the other defendants to the extent they apply to EMD. EMD was not named as a defendant in the Nassau County Second Amended Complaint.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the Joint Memorandum, the Consolidated Complaint should be dismissed as to EMD.

Dated: March 3, 2006

Respectfully submitted,

KELLEY DRYE & WARREN LLP

By: *Christopher C. Palermo*

Paul F. Doyle
William A. Escobar (*pro hac vice*)
Christopher C. Palermo (*pro hac vice*)
101 Park Avenue
New York, New York 10178
Tel: 212-808-7800
Fax: 212-808-7897

Attorneys for Defendant
EMD, Inc.

# CERTIFICATE OF SERVICE

I certify that on March 3, 2006, a true and correct copy of the foregoing Memorandum of Law was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                      Seunghwan Kim

NY01/KIMSE/1085906.1