UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO THE ) <br> AMENDED MASTER CONSOLIDATED ) <br> CLASS ACTION ) <br> ) | MDL NO. 1456 <br> Civil Action No. 1:01-cv-12257-PBS <br><br> Hon. Patti Saris <br><br> Chief Mag. Judge Marianne B. Bowler <br><br> MARCH 8, 2006 |

**NON-PARTY NATIONAL HERITAGE INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO EXPEDITE THE BRIEFING AND HEARING ON THEIR MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND WITNESSES PURSUANT TO SUBPOENA**

On March 3, 2006, at 1:56 p.m. Defendant Aventis Pharmaceuticals served by e-mail on behalf of itself and all other Track Two Defendants ("Defendants") their motion to compel Non-Party National Heritage Insurance Company ("NHIC") to produce witnesses and documents pursuant to subpoenas served in late October 2005. At 5:57 p.m. that day, Defendants served on NHIC an "Emergency Motion" for an expedited briefing schedule on its motion to compel, requesting that any memoranda in opposition to Defendants' motion be filed by March 9, 2006. However, Defendants' Motion provides no good reasons for their request for an expedited briefing schedule. Indeed, any "emergency" was created by

Defendants' own dilatory conduct. Moreover, if NHIC is denied the full 14-day period to respond to Defendants' motion to compel guaranteed by Local Rule 7.1(B)(2), it will be unable to respond appropriately to that motion. For all of these reasons, this Court should deny Defendants' motion for expedited briefing.

## FACTUAL BACKGROUND

On October 27, 2005, Defendants served NHIC with a subpoena to produce documents. *See* Defendants' Motion to Compel, Exhibit 3. The next day, Defendants served NHIC with a second subpoena to produce 30(b)(6) designees for deposition. *See id.*, Exhibit 4. On November 9, 2005, NHIC served its Objections to both subpoenas, which pointed out that the requests for production are unduly burdensome, particularly in light of the admonition set forth in Fed. R. Civ. P. 45(c) that a subpoena to non-parties should "avoid imposing undue burden or expense on a person subject to that subpoena." *See id.*, Exhibit 5, ¶ 1.

On November 14, 2005, Defendants e-mailed NHIC a proposed keeper of records declaration, and offered not to compel the deposition of NHIC's records custodian if NHIC signed the proposed declaration, and returned it, along with responsive documents. *See id.*, Exhibit 7. NHIC refused this offer, as it did not address any of its objections to the underlying subpoenas.

Following this exchange, Defendants did not attempt to communicate with NHIC regarding the impasse over the production of documents until more than two months later. On January 19, 2006, Defendants e-mailed NHIC with a revised, and substantially reduced, request for production of documents. *See id.*, Exhibits 12-13. This new request, however, failed to address serious concerns regarding the privacy of private citizens whose personal information would likely appear on many of the documents requested in Defendants' revised production request. *See id.* Exhibit 15. In addition, NHIC pointed out that the new request "is different from what was requested in the fall, and additional time is needed to assess the magnitude of the request." *Id.*

Finally, after subsequent efforts to resolve the dispute over Defendants' discovery requests, Defendants e-mailed NHIC on February 13, 2006, and threatened to file a motion to compel. *See id.* Exhibit 24. The e-mail indicated that it considered Defendants' "meet and confer obligations under Local Rule 7.1(a)(2) satisfied." Nevertheless, Defendants did not serve their motion to compel until more than two weeks later, on March 3, 2006.

Now, Defendants have filed this "Emergency Motion" for an expedited briefing schedule on their motion to compel. As reasons for this motion, Defendants state only that: (1) the information requested by their production request is relevant; and (2) it will take time to produce and review the requested documents. Moreover, Defendants' motion does

3

not state the nature of the "emergency," or provide any insight into why the unspecified emergency exists.

## ARGUMENT

### I. DEFENDANTS' MOTION STATES NO REASONS WHY THIS COURT SHOULD EXPEDITE BRIEFING SCHEDULE

Although Defendants' motion to expedite the briefing schedule for their motion to compel is styled as an "Emergency Motion," nothing in Defendants' motion articulates any good reason why this Court should expedite the ordinary briefing schedule set forth in the Local Rules. As noted above, Defendants articulate only two reasons in support of their motion:

- <u>First</u>, the discovery requested is "[c]entral to the questions of whether any classes should be certified as to the Track Two Defendants"; and

- <u>Second</u>, "additional time will be consumed while the two carriers produce, and the defendants review and question the requested documents and designees."

However, the first "reason" is only a legal conclusion that will be challenged by NHIC's opposition to Defendants' motion to compel. The second reason is no more than a truism about each and every discovery request made in every case—producing and reviewing documents takes time. Therefore, Defendants' motion provides no basis for this Court to expedite the briefing schedule.

## II.  TO THE EXTENT ANY EMERGENCY EXISTS, IT IS THE PRODUCT OF DEFENDANTS' OWN CONDUCT

Even a cursory review of the correspondence between the Defendants and NHIC reveals substantial lapses in Defendants' effort to resolve the legitimate dispute over their discovery requests. For instance, Defendants did not attempt to communicate with NHIC even once during the two-month period between November 14, 2005 and January 19, 2006. In addition, the January 19, 2006 e-mail set forth a completely revised request of documents for production, which included some documents not requested in the October 2005 subpoenas. Even though this revised request may have been intended to streamline discovery and mitigate the burden of production on NHIC, it had the effect of delaying the process further. Indeed, in the wake of Defendants' revised discovery request, NHIC was required to once again conduct an analysis of what documents were in its custody and control, and renew its analysis of its legal obligation to protect the privacy interests of individuals listed in potentially responsive documents.

Then, on February 13, 2006, Defendants declared that their obligation to meet and confer pursuant to Local Rule 7.1 had been satisfied. However, they failed to move this Court to compel the production of documents until more than two weeks later. No explanation for this delay has been provided.

Now, after these substantial lapses in time, Defendants would like this Court to believe that some undefined "emergency" compels NHIC to forego the ordinary 14-day period to oppose Defendants' motion to compel. However, to the extent that any exigency exists, it is due to Defendants' own unexplained delays during this discovery period, as well as Defendants' substantial revision of its discovery requests in January 2006. This Court should not penalize NHIC for any conditions created by Defendants' conduct during discovery.

### III.  NHIC WILL REQUIRE THE ENTIRE 14-DAY PERIOD TO ADEQUATELY ANALYZE AND RESPOND ISSUES RAISED BY DEFENDANTS' MOTION TO COMPEL

NHIC will require the entire 14-day period set forth in Local Rule 7.1(B) to properly respond to Defendants' motion to compel. NHIC's Opposition will raise and analyze serious questions concerning, *inter alia*, its legal obligation to protect personally identifiable health information contained in documents responsive to Defendants' requests; whether the documents requested by Defendants are reasonably calculated to lead to the discovery of admissible evidence; and the extent to which Defendants' request is unduly burdensome and oppressive. The requested documentation also involves complex issues related to NHIC's contractual obligations to the federal Department of Health and Human Services and the proprietary computerized format on which some of the information may be maintained.

To take just one example, the question of NHIC's legal obligation to protect personally identifiable health information in potentially responsive documents is complex, and vigorously disputed by the parties to this motion. Defendants have repeatedly stated that the Protective Order Governing Confidential Health Information, which applies to the subpoenas directed to NHIC, "obviates any need to review and redact personally identifiable information from documents responsive to our requests." *See id.*, Exhibit 15. However, NHIC points to Section V(C) of the Protective Order, which provides that, where any "Federal, State, or local laws afford heightened protection to certain categories of confidential health information . . . the producing party may completely exclude from production any information afforded heightened protection by such Federal, State, or local laws." *See id.* These issues, among others, will require substantial research and careful briefing that requires the entire 14-day period set forth in Local Rule 7.1(B), as personally identifiable information is protected by HIPPA, and NHIC is not a covered entity under its contract with the federal government and is not empowered to release such data.

Additionally, while NHIC maintains some of what the Defendants seek, that documentation is the property of the federal government and the release of such information requires the federal governments approval. Finally, in-house counsel for NHIC who coordinates this matter is presently on vacation, out of the country and unavailable to assist in the preparation of the response.

## CONCLUSION

For the foregoing reasons, NHIC respectfully requests that this Court deny Defendants' motion to expedite the briefing schedule.

Dated: March 8, 2006, Hartford, Connecticut

**NON-PARTY
NATIONAL HERITAGE INSURANCE COMPANY**

By: /s/ Gary S. Starr
Gary S. Starr
Fed. Bar No.: ct06138
E-mail: gstarr@goodwin.com
Benjamin M. Wattenmaker
MA Juris. No. 644919
E-mail: bwattenmaker@goodwin.com
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103-1919
Phone:  (860) 251-5786
Fax:  (860) 251-5218
Its Attorneys

## **CERTIFICATION**

  This is to certify that a copy of the foregoing Non-Party National Heritage Insurance Company's Opposition to Defendants' Emergency Motion to Expedite the Briefing and Hearing on Their Motion to Compel Production of Documents and Witnesses Pursuant to Subpoena has been sent via electronic transmission on this 8th day of March 2006 or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

_____
Benjamin M. Wattenmaker

429329 v1