UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO THE ) <br> AMENDED MASTER CONSOLIDATED ) <br> CLASS ACTION ) <br> ) | MDL NO. 1456 <br> Civil Action No. 1:01-cv-12257-PBS <br><br> Hon. Patti Saris <br><br> Chief Mag. Judge Marianne B. Bowler <br><br> MARCH 8, 2006 |

**NON-PARTY NATIONAL HERITAGE INSURANCE COMPANY'S MOTION
FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION
TO COMPEL PRODUCTION OF DOCUMENTS AND WITNESSES**

Non-Party National Heritage Insurance Company ("NHIC") respectfully moves this Court for an extension of time to respond to Defendants' motion to compel NHIC to produce witnesses and documents pursuant to subpoenas. NHIC's Opposition to Defendants' motion to compel is presently due on March 17. Given the complexity of the questions to be raised and analyzed in its Opposition to Defendants' motion to compel, NHIC requests until March 24 to respond.

Indeed, NHIC's Opposition to Defendants' motion to compel will raise and analyze serious questions concerning, *inter alia*, its legal obligation to protect personally identifiable health information contained in documents responsive to Defendants' requests; whether the

documents requested by Defendants are reasonably calculated to lead to the discovery of admissible evidence; and the extent to which Defendants' request is unduly burdensome and oppressive.  The requested documentation also involves complex issues related to NHIC's contractual obligations to the federal Department of Health and Human Services and the proprietary computerized format on which some of the information may be maintained.

To take just one example, the question of NHIC's legal obligation to protect personally identifiable health information in potentially responsive documents is complex, and vigorously disputed by the parties to this motion.  Defendants have repeatedly stated that the Protective Order Governing Confidential Health Information, which applies to the subpoenas directed to NHIC, "obviates any need to review and redact personally identifiable information from documents responsive to our requests."  *See* Defendants' Motion to Compel, Exhibit 15.  However, NHIC points to Section V(C) of the Protective Order, which provides that, where any "Federal, State, or local laws afford heightened protection to certain categories of confidential health information . . . the producing party may completely exclude from production any information afforded heightened protection by such Federal, State, or local laws."  *See id*.  These issues, among others, will require substantial research and careful briefing, as personally identifiable information is protected by HIPPA, and NHIC is not a covered entity under its contract with the federal government and is not empowered to release such data.

Additionally, while NHIC maintains some of what the Defendants seek, that documentation is the property of the federal government and the release of such information requires the federal government's approval. Finally, in-house counsel for NHIC who coordinates this matter is presently on vacation, out of the country and unavailable to assist in the preparation of the response.

## CONCLUSION

For the foregoing reasons, NHIC respectfully requests that this Court grant an extension of time to respond to Defendants' motion to compel until March 24, 2006.

Dated: March 8, 2006, Hartford, Connecticut

**NON-PARTY**
**NATIONAL HERITAGE INSURANCE COMPANY**

By: /s/ Ben Wall
Gary S. Starr
Fed. Bar No.: ct06138
E-mail: gstarr@goodwin.com
Benjamin M. Wattenmaker
MA Juris. No. 644919
E-mail: bwattenmaker@goodwin.com
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Phone: (860) 251-5786
Fax: (860) 251-5218
Its Attorneys

## LOCAL RULE 7.1 AND 37.1 CERTIFICATION

Pursuant to Local Rules 7.1 and 37.1, the undersigned hereby certifies that I conferred telephonically on March 7, 2006 with Aimee Bierman, counsel for Defendant Aventis Pharmaceuticals, Inc., in an attempt to narrow the areas of disagreement. The parties were unable to resolve the instant dispute.

Benjamin M. Wattenmaker

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Non-Party National Heritage Insurance Company's Motion for Extension of Time to Respond to Defendants' Motion to Compel Production of Documents and Witnesses has been sent via electronic transmission on this 8th day of March 2006 or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

Benjamin M. Wattenmaker

429455 v.01