UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION, <br><br> THIS DOCUMENT RELATES TO THE MASTER CONSOLIDATED CLASS ACTION, | MDL No.  1456 <br><br> Civil Action No.  01-12257-PBS |

## NONPARTY NEIGHBORHOOD HEALTH PLAN, INC.'S RESPONSE TO DEY, INC.'S AND ABBOTT LABORATORIES' OBJECTIONS TO THE ORDER OF CHIEF MAGISTRATE JUDGE BOWLER ISSUED ON FEBRUARY 4, 2006 PURSUANT TO FED. R. CIV. P. RULE 72(a)

### INTRODUCTION

Nonparty Neighborhood Health Plan, Inc. submits this Response to defendants Dey, Inc.'s ("Dey") and Abbott Laboratories' Objections to the Order (Bowler, J.) dated February 4, 2006 (the "Order") allowing NHP's Motion for a Protective Order concerning a subpoena from Dey.  NHP submits that Dey has failed to demonstrate that Chief Magistrate Judge Bowler's nondispositive discovery Order concerning NHP was clearly erroneous as to fact, contrary to law, or otherwise an abuse of discretion.  Therefore, NHP respectfully submits that the Court should affirm the Order.

### BACKGROUND

NHP is a Massachusetts not-for-profit health maintenance organization. Affidavit of Pamela Siren, ¶2 (hereafter "Siren Aff."), Docket No. 1914, a copy of which is attached as Exhibit 1.  NHP was founded by the Massachusetts League of Community Health Centers and the Greater Boston Forum for Health Action to bring managed care to under-served

populations. Siren Aff., ¶2. Today, NHP has approximately 125,000 members. Siren Aff.,

¶3. Approximately eighty percent of those members are covered by MassHealth/Medicaid.

Siren Aff., ¶3.

On November 14, 2005, NHP was served with a subpoena from Dey. The subpoena

gave NHP six business days, or until November 23, 2005, to produce documents in response

to thirty-eight extremely broad requests covering the time span from January 1, 1991 to the

present. The subpoena also noticed the deposition of NHP for December 2, 2005, on thirty-

two extensive deposition "topics".

On November 21, 2005, counsel for NHP sent to counsel for Dey a letter and Nonparty

Neighborhood Health Plan, Inc.'s Objections to Subpoena for Production of Documents

pursuant to Fed. R. Civ. P. 45(c)(2)(B). Counsel for Dey did not respond to the November

21, 2005 letter or Objections. On November 28, 2005, NHP's counsel learned that the

plaintiffs in this action had filed a motion for a protective order concerning the subpoenas to

NHP and to other non-parties. Therefore, she sent a second letter to counsel for Dey asking

whether he would be willing to reschedule the NHP deposition until after plaintiffs' motion for

a protective order had been adjudicated. Again, counsel for Dey did not respond.

Consequently, NHP was required to go to the time and expense of filing its motion for a

protective order.

After NHP filed its motion for a protective order, Dey's counsel sent a "Narrowed

Drug List" and "Narrowed Requests". As is more fully described in the Supplemental

Affidavit of Pamela Siren ("Siren Supp. Aff."), Docket No. 2089, a copy of which is attached

383816

as Exhibit 2, these so-called "narrowed" requests did not alleviate the burdens imposed on NHP in responding to discovery from Dey.

For example, the so-called "Narrowed Drug List" is written in terms of "drug name" and "J Code". NHP does not index, reference, file or organize any of its documents pertaining to drugs by "J Code". In order for NHP to search for documents pertaining to specific drugs, the drugs on the list would have to be converted to NDC Codes. Siren Supp. Aff., ¶3. Additionally, the Narrowed Requests seek all documents relating to NHP's contractual relationships with providers spanning a fourteen year time period. NHP has at least 5,000 provider contracts on site, and thousands more in storage. Retrieving this type of information would take thousands of hours. Siren Supp. Aff., ¶5. The same is true for attempting to retrieve all NHP electronic medical claims data pertaining to drugs referenced by J Codes. NHP receives approximately 130,000 medical claims per month. Siren Supp. Aff., ¶6.

Similarly, it would take NHP hundreds of hours to retrieve requested documents concerning advisory boards, and to then review and redact them to obtain the requested information. Siren Supp. Aff., ¶7. Additionally, it would be a virtually impossible task for NHP to attempt to retrieve all documents relating to communications with all providers and pharmacy benefits managers on various aspects of physician-administered drugs spanning a fourteen year time period, since these communications are not indexed or stored by reference to subject matter or drug. Siren Supp. Aff., ¶8.

NHP has approximately 300 employees and only two pharmacists on staff. Siren Supp. Aff., ¶9. NHP does not have in-house counsel. In order to even attempt to respond to Dey's

- 3 -

383816

discovery, a pharmacist as well as staff from NHP's finance, information technology, and contracting departments would have to assist with the retrieval and review of the documents. Siren Supp. Aff., ¶9. Outside counsel would be required to assist. NHP, which has gone through a financial restructuring and expense reduction, and whose staff is fully occupied in dealing with the business of NHP and in fulfilling multiple regulatory responsibilities, does not have the staff or resources to dedicate to the Dey discovery without negatively impacting its own operations and its delivery of services to its members. Siren Aff., ¶¶5-7; Siren Supp. Aff., ¶9.

## ARGUMENT

I.   THE ORDER IS NOT CLEARLY ERRONEOUS, CONTRARY TO LAW, OR
     OTHERWISE AN ABUSE OF DISCRETION.

A magistrate's order on a nondispositive motion may be set aside only if found to be clearly erroneous in fact or contrary to law. United Parcel Service v. Chadwick's, 900 F. Supp. 557, 561 (D. Mass 1995); Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1); Rules for United States Magistrate Judges in the U.S. District Court for the District of Massachusetts, Rule 2(b). A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). An order is contrary to law when it fails to apply or misapplies relevant case law, statutes, or rules of procedure. Catskill Dev., L.L.C. v. Park Place Entertainment Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

Moreover, a magistrate judge has broad discretion in the resolution of nondispositive discovery disputes. Therefore, a district court generally grants the magistrate judge great deference in these matters and will overrule the magistrate's determination only if such

- 4 -

discretion clearly has been abused.  See, e.g., U.S. v. Gioia, 853 F. Supp. 21, 26 (D. Mass.

1994); Waddell & Reed Financial, Inc. v. Torchmark Corp., 222 F.R.D. 450, 453 (D. Kansas

2004); E.E.O.C. v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y 2004).

 The Order was not contrary to law or clearly erroneous as to fact.  Dey, in issuing the

subpoena to NHP, was required to "take reasonable steps to avoid imposing undue burden or

expense" on NHP.  Fed.R.Civ.P.45(c).  Furthermore, where the Dey subpoena to NHP

constituted post-certification discovery from an absent class member, Dey was obligated to

demonstrate that discovery from NHP was absolutely necessary, Enterprise Wall Paper Mfg.

Co. v. Bodman, 84 F.R.D. 325, 327 (S.D.N.Y. 1980); that the discovery was unavailable

elsewhere, Clark v. Universal Builders, Inc., 501 F.2d 324, 340-341 (7th Cir. 1974); and that

the discovery would not subject NHP to undue taxing of its resources or harassment, Id.

 Based on the relevant law and factual record before her, Magistrate Bowler acted well

within her discretion in allowing NHP's motion for a protective order.  Dey did not take any

steps to avoid imposing undue burden on NHP.  Instead, Dey served NHP at the last minute

with boilerplate document requests and deposition topics, which not only were not tailored to

NHP, but also were not tailored to the current legal posture of this case.  Furthermore, Dey

never demonstrated any specific need for discovery from NHP.  Indeed, in its original papers

and in its Objections to the Order, Dey argues only in terms of generalities, claiming it needs

discovery not from NHP specifically, but from "Massachusetts Payors."  Additionally, where

Dey has obtained discovery from multiple health maintenance organizations covering millions

of members, discovery from a non-profit HMO with 125,000 members, the majority on

Medicaid, cannot be considered critical to Dey's defense.  Moreover, Dey did not and cannot

383816

refute NHP's factual representations concerning the undue burden and excessive taxing of NHP's resources which would occur if NHP were required to even attempt to respond to the Dey discovery.

Furthermore, Dey's argument that the Order as to NHP must be found to be "clearly erroneous" because the Magistrate previously had allowed the defendants to obtain discovery from other health maintenance organizations or insurance companies is without factual or legal foundation.  Any motion for protective order by a non-party must be considered on its own merits based on all of the issues presented and the posture of the case at the time and there is not any order in this case which provides that the defendants are entitled to unlimited post-certification discovery from any and all absent class members or non-parties.

Therefore, based on the relevant law and the record before her, Magistrate Bowler acted well within her discretion in allowing NHP's motion for a protective order.  NHP respectfully suggests that the Magistrate's February 4, 2006 Order should be reaffirmed.

Respectfully submitted,

Neighborhood Health Plan, Inc.,

By its Attorneys,

/s/Susan Hughes Banning

Susan Hughes Banning
BBO #028640
HEMENWAY & BARNES
60 State Street
Boston, MA  02109
(617) 227-7940

Dated:  March 8, 2006

- 6 -

383816

## CERTIFICATE OF SERVICE

I, Susan Hughes Banning, counsel to nonparty Neighborhood Health Plan, Inc., hereby certify that on March 8, 2006, I caused copies of Nonparty Neighborhood Health Plan, Inc.'s Response to Dey, Inc.'s and Abbott Laboratories' Objections to the Order of Chief Magistrate Judge Bowler Issued on February 4, 2006 Pursuant to Fed. R. Civ. P. Rule 72(a) to be served electronically on counsel of record.

/s/Susan Hughes Banning
Susan Hughes Banning

383816