# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO THE MASTER CONSOLIDATED CLASS ACTION | |

## AFFIDAVIT OF JAMES ROOSEVELT, JR. IN SUPPORT OF NON-PARTY TUFTS ASSOCIATED HEALTH PLANS, INC.'S MOTION FOR PROTECTIVE ORDER

I, James Roosevelt, Jr., hereby state the following in support of Tufts Associated Health Plans, Inc.'s Motion For Protective Order:

1. I am the President and Chief Executive Officer of Tufts Associated Health Plans, Inc. (hereinafter, "Tufts Health Plans"). I have held these positions since June, 2005. From November, 1999 to June, 2005, I served as Senior Vice President and General Counsel to Tufts Health Plans. I am thoroughly familiar with the overall business operations of Tufts Health Plans. In my current position, I am ultimately responsible for these business operations.

2. I have been informed that, in connection with the subpoena served upon Tufts Health Plans by Dey, Inc. ("the Subpoena"), we are being asked to produce documents that reflect not just the drug reimbursement rates we negotiate with Providers, but also the reimbursement rates we negotiate for all of the health services they provide. This is perhaps the most confidential and competitively sensitive information that Tufts Health Plans maintains, in a highly competitive market.

3. I have also been informed that, according to the most recent Consolidated Order regarding Class Certification in this case, Blue Cross Blue Shield of Massachusetts, our largest and most significant competitor in this market, is a named party in the case, representing a plaintiff class of third party payors in Massachusetts.

4. I have been informed that, prior to this most recent Class Certification Order, confidentiality orders were entered that served to protect certain information produced by parties and witnesses in the course of discovery. These confidentiality orders are designed to limit access to highly confidential information to outside counsel, in-house counsel who are not currently involved in the contracting process, and experts retained by the parties in connection with the litigation. There is apparently no provision in the current confidentiality orders to ensure against experts with possible conflicts of interest, and there is no guarantee that outside or in-house counsel authorized to see highly confidential information will not, at some later time, move on in their careers, into positions that may involve the contracting process.

5. Even with the protections provided by existing confidentiality orders, disclosure of the contracting information sought would work significant harm to Tufts Health Plans. It is important to understand that, in focusing on Massachusetts third party payors, the case focuses on a relatively small cohort of insurers in a relatively small market. Producing information to our largest competitor that includes the rates we pay our Providers for their services, and that shows them the specific deals we make with Providers, would be extremely harmful to Tufts Health Plans' ability to compete in the Massachusetts insurance market.

a. First, it would disclose to our largest competitor the terms of our arrangements with common suppliers (that is, health care providers), providing that competitor with key information for its own supplier negotiations, as well as information from which it could determine critical Tufts Health Plan cost and customer pricing information.

b. Second, I believe that, from an antitrust perspective, Tufts Health Plan would be prohibited from disclosing to our competitor the type of information called for by the Subpoena.

c. Finally, the information sought is so sensitive, and the health care marketplace, including attorneys, is so small and close-knit in this area, that I do not believe that any form of confidentiality order would sufficiently protect Tufts Health Plans' or the public's interest with respect to the competitively sensitive disclosure of contract terms called for by the subpoena.

6. While Tufts Health Plans has been willing to produce, under the protections of a confidentiality order, the fee schedules applicable to physician administered drugs and sample contracts with Providers, we simply cannot produce our Provider contracts in full, in a manner that reveals to our largest competitor the way we pay our Providers for the health services they provide to our members.

Signed under the penalties of perjury this ___ day of January, 2006.

James Roosevelt, Jr.
President and Chief Executive Officer
Tufts Associated Health Plans, Inc.