**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) | MDL NO. 1456 |
| | ) | CIVIL ACTION: 01-CV-12257-PBS |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) | |

**TRACK 2 DEFENDANTS' MOTION TO**
**ENFORCE COMPLIANCE WITH CASE MANAGEMENT ORDER NO. 14**

Recent filings and correspondence make plain that Plaintiffs are attempting to end-run class certification for the Track 2 Defendants. Indeed, so sure are Plaintiffs that this Court will certify classes against the Track 2 Defendants that they have failed to file a motion or any briefing on the issue (even though the deadline has come and gone), and even more flagrantly, advised the Track 2 Defendants that this Court has all but presumed such certification, absent the Track 2 Defendants' being able to raise issues of class representatives' adequacy. Plaintiffs' tack must fail for any of three reasons:

- It misapprehends this Court's clear Orders;
- It is flatly unlawful; and
- It is unworkable as a practical matter.

Accordingly, this Court should order Plaintiffs to comply with its Orders, and to submit a motion for class certification against the Track 2 Defendants.

## BACKGROUND

On March 28, 2005, the Court entered Case Management Order No. 14 ("CMO 14"), setting a schedule with respect to Plaintiffs' claims against the Track 2 Defendants. The Court ordered that any "Motion for Class Certification for Phase II Defendants (together with expert

reports)" be filed within 30 days after the Triggering Date."[1] (CMO 14 ¶ 3.) On November 21, 2005, this Court entered Case Management Order No. 16 ("CMO 16"). There, the Court set out procedures for adding new "plaintiffs or proposed class representatives for claims against the Track 2 Defendants." (CMO 16 ¶ 1.) The Court ordered that any such additions be made "within 30 days of this Court's final order regarding class certification with respect to the Track One Defendants," and "shall allege facts demonstrating the typicality and adequacy of the new proposed class representatives." (*Id.*)

On March 1, 2006, Plaintiffs filed and served a Fourth Amended Master Consolidated Class Action Complaint Amended to Comply with Court's Class Certification Order ("FAMCC."). (The copy of the FAMCC served on Defendants omitted the list of drugs at issue that had been appended to previous complaints.) The FAMCC, among other things, adds a number of new proposed class representatives. Plaintiffs also filed two versions of a proposed order certifying classes. (*See* Docket No. 2169 ("V1 Order"); Docket No. 2170 ("V2 Order").) Each of the versions recites that "plaintiffs have moved for an order certifying a class in this action," and "[a]fter considering the submissions of the parties and the record in this case," the Court has certified various classes. Surprisingly, however, Plaintiffs did not file a Motion for Class Certification or any supporting expert reports. Rather, in response to Defendants' efforts to confer with Plaintiffs on this issue, Plaintiffs advised Defendants that they do not intend to file a Motion for Class Certification, citing CMO 16 as the basis for their inaction. (*See* March 7, 2006 Letter from S. Berman to S. Stempel, attached as Ex. A.) In a letter, Plaintiffs have posited that CMO 16 "modified" CMO 14, essentially *presuming* that classes would be certified against

[1] The "Triggering Date" is defined as "the date the Track One class certification Order becomes final if it is unappealed, or the date that the Court of Appeals issues a decision. (CMO 14 ¶ 1.)

the Track 2 Defendants unless there was some question of the adequacy of the class representatives:

> [T]he Court clearly signaled its intent that the parties *not* re-brief all of the Rule 23 issues that Judge Saris and her staff spent an enormous amount of time and effort evaluating for Track 1. Instead, the Court intended to allow the Track 2 defendants the opportunity to address [only] adequacy issues . . . .

(*Id.* at 1-2.) But of course, the Track 2 Defendants have not had an opportunity to be heard on Rule 23 issues, and no party has filed a brief concerning the propriety of either of Plaintiffs' two proposed Track 2 class certification orders.

**ARGUMENT**

What Plaintiffs are attempting here is a transparent end-run around class certification for the Track 2 Defendants. It should be rejected for any or all of three reasons.

*First*, Plaintiffs' protests notwithstanding, the approach of presuming class certification, limiting Defendants' briefing to adequacy issues, and making Defendants go first in the briefing cycle is clearly *not* what this Court contemplated. CMO 16 does not purport to amend CMO 14 to eliminate the requirement that Plaintiffs file a motion seeking class certification, nor does it do so *sub silentio*. Rather, CMO 16 simply outlines the process and schedule for any amendment to add plaintiffs or proposed class representatives -- it does not speak to class certification.

Indeed, this Court has always intended that the Track 2 Defendants, like the Track 1 Defendants, be given a full opportunity to brief class certification in the usual four-brief cycle. In Case Management Order No. 10, the Court explained that, "[a]fter the Court's ruling on the Phase 1 certification motion, the Court shall set a Phase 2 briefing schedule on class certification. Plaintiffs shall be prepared to file the *motion for class certification* within sixty (60) days of the Court's ruling." (CMO 10 at 5 ¶ 1) (emphasis added). CMO 14 set the Phase 2 briefing schedule for class certification, shortening plaintiffs' time period to file their motion to 30 days.

(CMO 14 ¶ 3.) But it in no way other than timing purported to change the Court's plan for Track 2 certification proceedings -- and nothing in CMO 16 did so either.

*Second*, Plaintiffs' proposed course is fraught with legal error. To begin with, Plaintiffs cannot simply file a complaint and assert that its allegations justify class certification. Instead, they must prove, with appropriate evidence, that all requirements of Rule 23 have been met. Indeed, the First Circuit has made clear that because "class action machinery is expensive," district courts should "test disputed premises early on if and when the class action would be proper on one premise but not another." *Tardiff v. Knox County*, 365 F.3d 1, 5 (1st Cir. 2004); *see also In re PolyMedica Corp. Securities Litig.*, 432 F.3d 1 (1st Cir. 2005) ("[A] district court is not limited to the allegations raised in the complaint, and should instead make whatever legal and factual inquiries are necessary to an informed determination of the certification issues."); *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 77 (D. Mass 2005) (recognizing same). Plaintiffs, though, have not even attempted to marshal such evidence as to the Track 2 Defendants; they have only their complaint, which is plainly insufficient. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) ("The proposition that a district judge must accept all of the complaint's allegations when deciding whether to certify a class cannot be found in Rule 23 and has nothing to recommend it.").[2]

Even worse, Plaintiffs appear to seek not just to make Defendants file the first brief, but indeed, to have this Court reverse the normal course of class certification -- certifying a class unless Defendants raise issues of the proposed class representatives' inadequacy. (*See* Ex. A.) That is not only backwards, but flat out unlawful: "[A]ctual, not presumed conformance with Rule 23(a) remains . . . indispensable." *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147,

[2] Plaintiffs' September 3, 2004 motion for class certification concerned only the Track 1 Defendants. *In re: Pharmaceutical Indus. Average Wholesale Price Litig.*, 230 F.R.D. at 61.

160 (1982). And it is Plaintiffs who must prove such conformance. *E.g.*, *Thorn v. Jefferson-Pilot Life Ins. Co.*, __ F.3d __, 2006 WL 335892, at *7 (4th Cir. Feb. 15, 2006) ("[W]e have stressed in case after case that it is *not the defendant* who bears the burden of showing that the proposed class *does not comply* with Rule 23, but that it *is the plaintiff* who bears the burden of showing that the class *does comply* with Rule 23.") (collecting cases).

The point is aptly illustrated in *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1086 (6th Cir. 1996). There, the district court permitted class certification to "proceed[] 'in the reverse:' the district judge ordered defendants," as Plaintiffs appear to envision here, "to 'show cause why [the court] shouldn't certify a class.'" *Id.* at 1086. Concluding "that the practical effect of the proceeding below was to place the burden on defendants to disprove plaintiffs' 'entitlement' to class certification," the Court of Appeals not only granted mandamus, but openly disapproved of the district court's approach. *Id.* at 1074 ("[T]he district judge's disregard of class action procedures was of such severity . . . as to warrant" mandamus.); *id.* at 1086 (characterizing the district judge's approach as being "in contradiction to unequivocal pronouncements by the Supreme Court and this court that the burden of establishing the elements of a class action rests on the party seeking certification"); *see also Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479-80 (5th Cir. 2001) (decertifying a class on adequacy grounds: "[I]t is not up to defendants to disprove . . . adequacy.").

*Finally*, even if Plaintiffs' approach were consistent with this Court's orders (which it is not), and legal (which it also is not), it would still be entirely unworkable. Here, as is frequently true in complex class actions, discovery is required to develop a record on which class certification can be granted or denied. Indeed, "a district court may be reversed for premature certification if it has failed to develop a sufficient evidentiary record from which to conclude that the requirements of numerosity, typicality, commonality of question, and adequacy of

representation have been met." *See Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982). Yet, even based on the FAMCC and proposed orders recently filed by Plaintiffs, Defendants cannot be expected to formulate a plan for opposing a class certification motion that has not been made.[3] For example, the FAMCC is careful to avoid specifying just whom Plaintiffs believe are class representatives as against each Track 2 Defendant. (*E.g.* FAMCC ¶ 15 (one Plaintiff "is a proposed class representative for" certain defendants, "*among other defendants*") (emphasis added); *id.* ¶¶ 17-24 (same).) Moreover, some Plaintiffs are listed as representatives for drugs not properly at issue in this case. (*See, e.g.*, *id.* § III.A. (*passim*).)[4] Perhaps most perplexing, the proposed orders appear to contain yet additional representatives that are not mentioned anywhere in the FAMCC. (*Compare* V1 Order § I.C. ¶ 3 (listing "Health Care For All" as a class representative), *and* V2 Order § I.C. ¶ 3 (same), *with* FAMCC (nowhere mentioning "Health Care For All").)

Defendants should not be forced to shadow-box at this late juncture. Plaintiffs must coherently state and prove their case for class certification before Defendants can or should be expected to formulate a discovery plan or respond. Due process requires no less.

---

[3] Nor is it clear that, absent a change of heart by Plaintiffs, such a plan could be executed without further resort to this Court. Plaintiffs have already signaled their plan to stonewall crucial class certification discovery, including depositions of purported class representatives for Track 2 Defendants. (March 3, 2006 E-mail from D. Haviland to J. Muehlberger, attached as Ex. B.) Consistent with their apparent belief that Track 2 Class Certification is all but decided based on the Court's Track 1 Order, Plaintiffs have squarely told Track 2 Defendants that they will not allow deposition of class representatives deposed by Track 1 Defendants in connection with Track 1 proceedings. Plaintiffs have not, of course, offered any support for this unprecedented position.

[4] The FAMCC purports to reference an Exhibit A with "a list of each of the specific drugs that are the subject of the claims herein." (*Id.* ¶ 8.) Prior complaints actually had such an Exhibit A, but the current FAMCC does not. Instead, Plaintiffs have attached Exhibits A to their proposed Orders -- adding a whole host of never-before-identified drugs and NDCs. (*See* V1 Order Ex. A; V2 Order Ex. A.) Plaintiffs have promised to produce an Exhibit A to the FAMCC, but have indicated it will be the same as the Exhibits A to their proposed orders -- which is hardly surprising, as the new drugs in those exhibits are also sprinkled throughout the individual class representative allegations in the FAMCC. (*See* FAMCC § III.A.) Plaintiffs, however, *never sought leave* to inject these new drugs into the case *at this late dat*e. Their effort to do so should be squarely rejected as will be set out in a separate *Motion to Strike*.

## CONCLUSION

For these reasons, the Track 2 Defendants respectfully request that, to the extent that Plaintiffs seek certification of any class against any Track 2 Defendant, Plaintiffs should be required to comply with CMO 14. Defendants further request that the Court clarify that Defendants may submit their Opposition to class certification 30 days after the filing of any Motion for Class Certification as contemplated by CMO 14.[5]

Dated: March 9, 2006

Respectfully Submitted,

ON BEHALF OF THE TRACK 2 DEFENDANTS,

/s/ Toni-Ann Citera

James R. Daly
Tina M. Tabacchi
Brian J. Murray
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Toni-Ann Citera
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Counsel for Defendant Abbott Laboratories*

[5] CMO 14 contemplates that Plaintiffs' Motion for Class Certification be filed 30 days after the Triggering Date and Defendants' Opposition be filed 60 days after the Triggering Date. (CMO 14 ¶ 3.)

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

I certify that the moving parties have communicated with counsel for Plaintiffs in an effort to resolve the dispute referred to in this motion, and that the parties have not been able to reach agreement with respect thereto.

/s/ Toni-Ann Citera
Toni-Ann Citera

**CERTIFICATE OF SERVICE**

I, Toni-Ann Citera, hereby certify that I am one of Abbott Laboratories' attorneys, and that I caused a true and correct copy of the foregoing TRACK 2 DEFENDANTS' MOTION TO ENFORCE COMPLIANCE WITH CASE MANAGEMENT ORDER NO. 14 to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 9th day of March, 2006.

/s/ Toni-Ann Citera
Toni-Ann Citera