UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) ) | Hon. Patti B. Saris<br>Chief Magistrate Judge Marianne B. Bowler |

**DEFENDANTS' RESPONSE TO THIRD PARTY UNITEDHEALTHCARE, INC. AND UNITED HEALTHCARE INSURANCE COMPANY'S OBJECTIONS TO CHIEF MAGISTRATE JUDGE BOWLER'S ORDER GRANTING DEFENDANTS' MOTION TO COMPEL**

Defendants to the Amended Master Consolidated Class Action Complaint ("Defendants") respectfully submit this response to third party UnitedHealthcare, Inc. and United HealthCare Insurance Company's (collectively "United") objections to Chief Magistrate Judge Marianne B. Bowler's February 4, 2006 Order granting Defendants' motion to compel (the "February 4 Order") and requiring United to produce documents and witnesses for deposition pursuant to subpoena. United's objections to the Magistrate Judge's rulings are without foundation and should be rejected.

**Background**

Defendants subpoenaed United on April 9, 2004. Since then, the parties have been in protracted discussions and negotiations as to the scope of discovery. Although United did produce a limited number of documents in late 2004, these materials neither complied with the subpoena nor did they illustrate United's positions on a number of critical issues in this case. Contrary to United's claims, Defendants did not at any time agree to accept these documents as a

complete response.  *See* Declaration of Adeel A. Mangi, dated October 12, 2005, ¶¶ 3, 6-13 (attached as Exhibit B to the Declaration of Adeel A. Mangi dated March 10, 2006 ("Mangi Decl."), submitted herewith).  When pressed by Defendants, United refused to make adequate productions and has engaged in every effort to delay this discovery.[1]

On October 12, 2005, Defendants filed a motion to compel United to produce all documents responsive to Defendants' outstanding subpoena, and to produce witnesses for deposition.  Oral argument took place before Chief Magistrate Judge Bowler on February 2, 2006.  Defendants described the critical nature of the discovery sought from United and their good faith efforts to narrow the discovery sought.  Defendants further emphasized that they have always remained willing to discuss reasonable solutions to any technical issues unique to United that might arise in producing data and documents and noted that the arguments put forth by United have been rejected by the Court many times in granting motions to compel against other insurers.  After hearing United's objections on the grounds that discovery was unduly burdensome and cumulative of discovery provided by other insurers, Chief Magistrate Judge Bowler granted Defendants' motion to compel in full.  *See* Mangi Decl. ¶ 5.  She also directed the parties to "sit down and see if there is some way that by providing [Defendants] some technical information they may be able to expedite the process."  *See* February 2, 2006 Transcript of Motion Hearing Before Chief Magistrate Judge Bowler at 21:8 – 21:11(attached as Exhibit C to the Mangi Decl.).

Following the February 4 Order, Defendants offered to discuss any technical issues associated with data production.  For example, on February 2 and again on February 10,

---

[1] Defendants will not repeat all of the specific events surrounding their discovery requests and the protracted discussions and negotiations with United.  Defendants respectfully refer the Court to the Declaration of Adeel A. Mangi dated October 12, 2005, concurrently filed with the Defendants Motion to Compel Third Party United Healthcare to Produce Documents and Witnesses for Deposition Pursuant to Subpoena and supporting Memorandum.  *See* Exhibits A and B to the Mangi Decl.

2

1259900v1

Defendants contacted United to discuss the alleged technical difficulties associated with fee schedule production.  *See* Mangi Decl. ¶ 6.  United responded that it would likely be filing objections; it also requested that Defendants narrow the discovery in light of the Court's class certification rulings and requested a list of drugs for which Defendants are seeking claims data and field schedules.  *See id.* ¶ 7.  Defendants promptly provided United with the requested information and, notwithstanding that the Court had already ruled in Defendants' favor, informed United of their willingness to further narrow their discovery requests calling for PBM reports, MAC lists and rebate reports.  *See id*.  United, however, is still objecting to the February 4 Order to the extent it requires production of fee schedules, claims data, and the production of witnesses for deposition; United also objects to the production of rebate reports and MAC lists, which Defendants have already excluded or narrowed.

## The Standard of Review

"Nondispositive" discovery rulings, such as those at issue here, may be set aside only where they are "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); Local Magistrate Judge Rules 2(b); *see Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 5 (1st Cir. 1999) (order imposing discovery sanctions considered nondispositive); 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3068.2, at 341-43 (2d ed. 1997) ("Disputes about the handling of discovery . . . should ordinarily be viewed as nondispositive.")  Because magistrate judges are afforded broad discretion in determining discovery disputes, district courts routinely apply an abuse-of-discretion analysis when applying this standard of review.  *See United States v. Gioia*, 853 F. Supp. 21, 25-26 (D. Mass. 1994) (holding that "a district judge would have to find the magistrate judge's [discovery] ruling to be an abuse of discretion in order to set aside the ruling on the basis that it is 'contrary to law'"); *Doe v. Marsh*, 899 F. Supp 933, 934 (N.D.N.Y.

3

1259900v1

1995) ("Pursuant to this highly deferential standard of review, magistrate judges are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if the discretion is abused."); *see also*, *e.g.*, *Angelina v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999) (reviewing magistrate judge's discovery decision under an abuse of discretion standard); 12 *Federal Practice and Procedure* § 3069 ("many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis").

Chief Magistrate Judge Bowler's February 4 Order reflects the exercise of her sound discretion. It should be affirmed as it is neither "clearly erroneous" nor "contrary to law." Moreover, Defendants have substantially narrowed the scope of their discovery requests – both before and *after* the Order – in order to reduce any unnecessary burdens upon United and to facilitate production. United's objections should be overruled and it should provide the discovery they have been ordered to produce.

## Argument

Defendants address each of United's objections in turn.

### A. Defendants' Requests Are Not Unduly Burdensome

United claims that it cannot produce fee schedules because it does not have sufficient technology or personnel. This is surprising given that numerous other health plans have produced this data without difficulty. However, to the extent that unique issues pertain to United's fee schedule production, Defendants have repeatedly indicated that they are willing to try to work with United in order to find a reasonable solution. Defendants have even offered to arrange a telephone conference with their technical experts to address any issues unique to United. United has not responded. The Court has previously ruled that fee schedules should be produced. *See* Declaration of Adeel A. Mangi, dated October 12, 2005, ¶ 14 (attached as Exhibit B to the Mangi Decl.).

4

1259900v1

United also objects to the production of claims data, allegedly because it would cost too much and take too much time. However on September 30, 2005 and again on February 15, 2006, Defendants specifically identified for United the subset of claims data sought and have agreed to pay the costs associated with its production. *See* Mangi Decl. ¶ 7. United fails to identify any unique difficulties associated with producing claims data.

Finally, United objects to making witnesses available for deposition. It is not unreasonably burdensome for United to produce witnesses for deposition. This Court has repeatedly ruled that Defendants are entitled to depose health plans concerning their reimbursement of physician administered drugs. *See* Declaration of Adeel A. Mangi, dated October 12, 2005, ¶ 14 (attached as Exhibit B to the Mangi Decl.). Other plans have complied without undue burden.

B. **Defendants' Requests Are Not Unreasonably Cumulative**

United says that producing its fee schedules, claims data and witnesses for depositions would be unreasonably cumulative because the Defendants received similar discovery from other insurance carriers. That is not an excuse. Defendants are entitled to take discovery of an adequate industry sample. United is one of the nation's largest health insurers, and its information is critical in defending against Plaintiffs' claims.

C. **Defendants' Requests Are Not Overbroad**

Finally, United objects to producing drug rebate reports and MAC lists on the grounds that the Court's class certification order limits the case to physician-administered drugs. United fails to mention that Defendants have already narrowed these requests to facilitate production.

Specifically, as to MAC Lists, on February 15, 2006, Defendants informed United by email that they have entirely excluded this request from the discovery sought. *See* Mangi

Decl. ¶ 7.  Defendants have also agreed to limit the discovery of drug rebate reports, relating to physician administered drugs.  *See id*.  If they exist, they should be produced.

## Conclusion

Chief Magistrate Judge Bowler heard each of United's arguments and ruled that United should produce documents and witnesses for deposition pursuant to Defendants' subpoena.  Her decision was consistent with numerous prior rulings and is not clearly erroneous, contrary to law, or an abuse of discretion.  United's objections should be overruled.

Dated:  March 10, 2006

                               Respectfully submitted,

                               /s/ Andrew D. Schau
                               Andrew D. Schau (admitted *pro hac vice*)
                               Erik Haas (admitted *pro hac vice*)
                               Adeel A. Mangi (admitted *pro hac vice*)
                               PATTERSON, BELKNAP, WEBB & TYLER LLP
                               1133 Avenue of the Americas
                               New York, NY  10036-6710
                               (212) 336-2000

                               *Attorneys for defendants Johnson & Johnson, Johnson & Johnson Health Care Systems, Inc., Ortho McNeil Pharmaceutical, Ortho-Neutrogena Inc., Centocor Inc., Ortho Biotech Products L.P., Janssen Pharmaceutica L.P. and McNeil-PPC on behalf of all defendants to the Amended Master Consolidated Class Action Complaint*

1259900v1

**CERTIFICATE OF SERVICE**

I certify that on March 10, 2006, a true and correct copy of the forgoing Defendants' Response to UnitedHealthcare, Inc. and United HealthCare Insurance Company's Objections to Chief Magistrate Judge Bowler's Order Granting Defendants' Motion to Compel was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to Lexis/Nexis File & Serve for posting and notification to all parties.  I further certify that on March 10, 2006, a copy was served by federal express on counsel for third party UnitedHealthcare, Inc. and United HealthCare Insurance Company.

/s/ Niraj J. Parekh
Niraj J. Parekh

1259900v1