IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS |

### OPPOSITION OF PLAINTIFF BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC. TO TRACK TWO DEFENDANTS' MOTION TO COMPEL

Blue Cross and Blue Shield of Massachusetts, Inc. ("BCBSMA") hereby opposes the Track Two Defendants' Motion to Compel Plaintiff Blue Cross Blue Shield of Massachusetts, Inc. and Third-Party National Heritage Insurance Company in their Capacities as the Medicare Part B Carriers for Massachusetts to Produce Documents and Witnesses for Deposition Pursuant to Subpoena ("Track Two Defendants' Motion to Compel"). BCBSMA has already conducted a reasonable and diligent search for the documents that are responsive to the categories of documents listed in the October 21, 2005 subpoena, attached to the Demarco Declaration as Exhibit 1 (the "Document Subpoena"), but has been unable to locate any such documents. Furthermore, given that, as described in more detail below, BCBSMA completely divested itself of the Medicare Part B claims business as of January 1, 1998, BCBSMA has no institutional knowledge concerning the operation of that business as identified in the deposition topics listed in the October 28, 2005 subpoena, attached to the Demarco Declaration as Exhibit 2 (the "Deposition Subpoena"). Accordingly, requiring BCBSMA to designate an individual to testify to BCBSMA's lack of information is pointless. For these reasons, the Track Two Defendants' Motion to Compel should be denied.

1

**Background**

As stated in the Memorandum of Law in Support of the Track Two Defendants' Motion to Compel ("Defendants' Memorandum"), at p.1, from 1991 to 1997, BCBSMA had a contract with the Centers for Medicare and Medicaid Services ("CMS") to process and reimburse Medicare Part B claims in Massachusetts.  Skwara Decl., ¶ 2.[1]  As BCBSMA has previously informed the Track Two Defendants, (*see, e.g.*, Demarco Declaration, Exhibit 5), which the Track Two Defendants acknowledge in the Defendants' Memorandum, at p.1, this contract ended as of January 1, 1998, and BCBSMA has not served as the Medicare Part B carrier since that time.  *Id*.

When NHIC entered into its contract with CMS and assumed the role of Medicare Part B carrier in Massachusetts, BCBSMA transferred its entire business operation in this area to NHIC. Skwara Decl., ¶ 2.  BCBSMA had operated the Medicare Part B business at a separate facility in Hingham, Massachusetts.  *Id*.  This entire facility, including documents and physical assets, was essentially turned over to NHIC.  *Id.*  BCBSMA also transferred most of its archived files (*i.e*., historical files stored offsite) to NHIC.  *Id.*  Thus, once NHIC took over as the Medicare Part B carrier in Massachusetts, it acquired the documents and information associated with that business.  *Id*.

Today, eight years after the fact, the nature of the transaction by which BCBSMA divested itself of the Medicare Part B business makes it extremely difficult to even identify individuals who might have knowledge or information concerning the categories of documents listed in the Document Subpoena or the subjects listed in the Deposition Subpoena. Nevertheless, consistent with its obligations under the Federal Rules of Civil Procedure,

---

[1] "Skwara Decl." refers to the Declaration of Steven Skwara, Esq. in Support of Opposition of Blue Cross and Blue Shield of Massachusetts, Inc. to Track Two Defendants' Motion to Compel, filed herewith.

2

BCBSMA has conducted a reasonable and diligent search by contacting the individuals who are likely to have relevant information and identifying the likely locations where responsive documents might exist. Although BCBSMA did not locate responsive documents, in its efforts to cooperate with the Track Two Defendants, it produced the indices and employee lists that it did have. Therefore, it has fulfilled its obligations. There is, quite simply, nothing for the Court to compel BCBSMA to produce.

## Argument

While the Defendants' Memorandum, at p. 6, extensively cites cases for the proposition that pre-trial discovery is "very broad," the citations omit two key points. First, a party cannot be compelled to produce documents that do not exist or are not in its possession, custody or control. "It is well established that in those situations in which the documents sought to be produced are not in existence, a request to produce must be denied." *In re Air Crash Disaster at Detroit Metro. Airport*, 130 F.R.D. 641, 646 (E.D. Mich. 1989). *See also Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 620 (D. Kan. 2005) ("The Court cannot compel the production of documents that do no exist or that are not in the possession, custody or control of a party."); *Alexander v. FBI*, 194 F.R.D. 305, 310 (D.D.C. 2000) ("Rule 34 only requires a party to produce documents that are already in existence.").

Second, a party is not required to create or generate documents that do not exist. *See Alexander v. FBI*, 194 F.R.D. 305, 310 (D.D.C. 2000) ("A party is not required 'to prepare, or cause to be prepared,' new documents solely for their production.") (citations omitted); *Rockwell Int'l Corp. v. H. Wolfe Iron and Metal Co.*, 576 F. Supp. 511, 513 (D. Pa. 1983) (A party "cannot be compelled to create, upon the request of the plaintiff, documentary evidence which is not already in existence in some form."); *Soetaert v. Kansas City Coca Cola Bottling Co.*, 16 F.R.D.

3

1, 2 (W.D. Mo. 1954) ("Rule 34 cannot be used to require the adverse party to prepare, or cause to be prepared, a writing to be produced for inspection, but can be used only to require the production of things in existence.").  Here, BCBSMA cannot produce documents that it does not have.

Likewise, where a company adequately demonstrates that it does not possess relevant information on the topics of a Rule 30(b)(6) deposition, the company's obligation ceases.  *See Dravo Corp. v. Liberty Mutual Ins. Co.*, 164 F.R.D. 70, 76 (D. Neb. 1995) (once it was demonstrated that company did not possess knowledge on topics of Rule 30(b)(6) deposition, company's obligation to provide deponent would cease.)  As a practical matter, this protects the company from having to go through the pointless exercise of preparing a witness simply so that he can say, "I don't know."  This result is particularly appropriate in this case where the Track Two Defendants are well aware of the entity – NHIC – that does possess the relevant information (if such information exists at all).

## I. BCBSMA HAS PRODUCED THE RESPONSIVE DOCUMENTS IT HAS

As the correspondence from BCBSMA, attached to the DeMarco Declaration as Exhibits 5, 9, 11 and 18, demonstrates, BCBSMA has candidly and in good faith described the history and status of its Medicare Part B operations and the reasons why it no longer possesses documents concerning those operations.  BCBSMA has conducted a reasonable and diligent search for documents in the categories listed on the Document Subpoena, and does not believe that it has any such documents in its possession, custody or control.  Skwara Decl., ¶ 3.  Nevertheless, in its efforts to cooperate with the Track Two Defendants, BCBSMA produced the following documents to the Track Two Defendants:

(a) Indices indicating the documents which BCBSMA retained after the transfer, the descriptions of which indicate that the documents are not of the type sought in the Document Subpoena; and

(b) Lists of employees who worked for BCBSMA's Medicare Part B carrier business.

Skwara Decl., ¶ 4. Notably, the Defendants' Memorandum fails to identify any of the documents listed on the indices provided by BCBSMA as falling within the scope of the Document Subpoena.

Page two to three of the Defendants' Memorandum lists four general categories of documents sought by the Track Two Defendants, which BCBSMA understands generally describe the categories of documents contained in the Document Subpoena.[2] BCBSMA has conducted a reasonable and diligent search for documents responsive to these general categories, and has not located any responsive documents in its possession, custody or control. Skwara Decl., ¶ 5. Accordingly, there is nothing that this Court can compel BCBSMA to produce.

On page 5 of the Defendants' Memorandum, the Track Two Defendants fault BCBSMA for failing to produce an asset transfer agreement and an index of the Medicare Part B pricing documents transferred from BCBSMA to NHIC. While BCBSMA suspects that there would have been some sort of agreement governing the transfer of any assets from BCBSMA to NHIC, it has been unable to locate that agreement. Skwara Decl., ¶ 6. In addition, the Track Two Defendants fail to identify a request to which any such agreement, if BCBSMA could locate it, would be responsive. Likewise, BCBSMA has already produced the indices it could locate – there simply is no "index of the Medicare Part B pricing documents that BCBSMA reportedly transferred to NHIC." Defendants' Memorandum, at p. 5. *See* Skwara Decl., ¶ 7.

---

[2] The Track Two Defendants have failed to comply with Local Rule 37.1, which requires a party moving to compel to specifically identify the discovery request(s) at issue and state the grounds for seeking to compel production. Since the Track Two Defendants have failed to provide such specificity, BCBSMA, as well, has responded with respect to the general categories identified by the Track Two Defendants, rather than the individual requests in the Document Subpoena.

5

BCBSMA has fulfilled its obligations under the Federal Rules of Civil Procedure by conducting a reasonable and diligent search and producing the responsive documents it was able to locate in its possession, custody or control.  BCBSMA cannot be faulted for not having more than a minimal amount of, arguably, responsive documents, given BCBSMA's legitimate explanation that it transferred the entire business to NHIC.  Accordingly, the Court should deny the Track Two Defendants' Motion to Compel with respect to the Document Subpoena.[3]

## II.    A RULE 30(b)(6) DEPOSITION OF BCBSMA WOULD SERVE NO PURPOSE

Case law is clear that a company has no obligation to designate a Rule 30(b)(6) witness simply to confirm that the company has no knowledge concerning the identified subjects.  *See Dravo Corp. v. Liberty Mutual Ins. Co.*, 164 F.R.D. 70, 76 (D. Neb. 1995) (once it was demonstrated that company did not possess knowledge on topics of Rule 30(b)(6) deposition, company's obligation to provide deponent would cease).  Page 4 of the Defendants' Memorandum identifies two specific topics of particular interest to the Track Two Defendants.  BCBSMA has no institutional knowledge concerning these topics.  Skwara Decl., ¶ 9.  There is no need to have a witness physically appear to confirm this fact.  Indeed, BCBSMA has no institutional knowledge generally concerning the Medicare Part B business from 1991 to 1997.  Skwara Decl., ¶ 8.  Again, it is pointless to require a deposition on this topic.

To the extent that individuals have knowledge concerning the Medicare Part B business from 1991 to 1997, those individuals would, more likely than not, work for NHIC.  Accordingly, in the event NHIC is required to produce a Rule 30(b)(6) designee, it makes more sense to wait until after that deposition to determine if there is any need for a Rule 30(b)(6) deposition of BCBSMA (though, since the BCBSMA witness would have no relevant knowledge, such a

---

[3] BCBSMA understands that NHIC intends to take the position that it can only respond to the subpoena as directed by the United States government.  Obviously, to the extent that NHIC's response is subject to United States government oversight, BCBSMA's response is as well.

deposition would still be pointless). Therefore, the Track Two Defendants' Motion to Compel a Rule 30(b)(6) deposition should be denied.

## Conclusion

For all of the reasons stated above, the Track Two Defendants' Motion to Compel should be denied.

                Respectfully Submitted,
BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC.
By its attorneys,

/s/ Stephen L. Coco
Christopher P. Sullivan (BBO# 485120)
James S. Harrington (BBO# 543774)
Stephen L. Coco (BBO# 561169)
ROBINS, KAPLAN, MILLER & CIRESI, LLP
800 Boylston Street, 25th Floor
Boston, MA  02199-7610
Phone: (617) 267-2300
Fax: (617) 267-8288

Dated: March 14, 2006

7

**CERTIFICATE OF SERVICE**

      I hereby certify that I, Stephen L. Coco, an attorney, caused a true and correct copy of the foregoing OPPOSITION OF PLAINTIFF BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC. TO TRACK TWO DEFENDANTS' MOTION TO COMPEL to be served on all counsel of record electronically, pursuant to Section D of Case Management Order No. 2, this 14th day of March, 2006.

    /s/ Stephen L. Coco _____
Stephen L. Coco (BBO# 561169)
ROBINS, KAPLAN, MILLER & CIRESI, LLP
800 Boylston Street, 25th Floor
Boston, MA  02199-7610
Phone: (617) 267-2300
Fax: (617) 267-8288

8