IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re: PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE )     MDL No. 1456
LITIGATION )
) Civil Action No. 01-12257-PBS

**DECLARATION OF STEVEN SKWARA, ESQ. IN SUPPORT OF OPPOSITION OF PLAINTIFF BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC. TO TRACK TWO DEFENDANTS' MOTION TO COMPEL**

I, Steven Skwara, Esq. depose and state:

1. I am an employee of Blue Cross and Blue Shield of Massachusetts, Inc. ("BCBSMA") and work as in-house counsel for BCBSMA. I have been primarily responsible for conducting a reasonable and diligent search for any documents that are responsive to the categories of documents listed in the Track Two Defendants' October 21, 2005 subpoena, attached to the Demarco Declaration as Exhibit 1 (the "Document Subpoena"). I have also been primarily responsible for attempting to locate individuals who have knowledge concerning the deposition topics listed in the Track Two Defendants' October 28, 2005 subpoena, attached to the Demarco Declaration as Exhibit 2 (the "Deposition Subpoena"). I have personal knowledge concerning the statements set forth in this affidavit based on those investigations.

2. From 1991 to 1997, BCBSMA had a contract with the Centers for Medicare and Medicaid Services ("CMS") to process and reimburse Medicare Part B claims in Massachusetts. This contract ended as of January 1, 1998, and BCBSMA has not served as the Medicare Part B carrier since that time. When NHIC entered into its contract with CMS and assumed the role of Medicare Part B carrier in Massachusetts, BCBSMA transferred its entire business operation in

1

this area to NHIC. BCBSMA had operated the Medicare Part B business at a separate facility in Hingham, Massachusetts. This entire facility, including documents and physical assets, was essentially turned over to NHIC. BCBSMA also transferred most of its archived files (*i.e.*, historical files stored offsite) to NHIC. Thus, once NHIC took over as the Medicare Part B carrier in Massachusetts, it acquired the documents and information associated with that business.

3.  Upon receiving the Document Subpoena, I conducted a reasonable and diligent search by contacting the individuals who I believed were most likely to have relevant information and documents, and identifying the likely locations where responsive documents might exist. As a result of that search, I was unable to locate any documents in the categories listed on the Document Subpoena in BCBSMA's possession, custody or control.

4.  As a result of my search, I was able to locate the following categories of documents related to the Medicare Part B Business:

    (a) Indices indicating the documents which BCBSMA retained after the transfer, the descriptions of which indicate that the documents are not of the type sought in the Document Subpoena; and

    (b) Lists of employees who worked for BCBSMA's Medicare Part B carrier business.

Despite the fact that the indices and employee lists do not appear to be responsive to the categories of documents contained in the Document Subpoena, I produced these documents to the Track Two Defendants.

5.  Page two to three of the Defendants' Memorandum lists four general categories of documents sought by the Track Two Defendants, which I understand generally describe the categories of documents contained in the Document Subpoena. BCBSMA has conducted a

reasonable and diligent search for documents responsive to these general categories, and has not located any responsive documents in its possession, custody or control.

6. Based on my investigation, it has been suggested that there may have been some sort of agreement governing the transfer of any assets (such as office furniture, fixtures, etc.) from BCBSMA to NHIC. I have been unable to locate any such agreement, and cannot confirm that such an agreement ever existed, let alone exists today.

7. Based on my investigation, I have been unable to locate any "index of the Medicare Part B pricing documents that BCBSMA reportedly transferred to NHIC." Defendants' Memorandum, at p. 5.

8. I have been unable to identify any current BCBSMA employee with knowledge of the documents sought by the Defendants or of the issues identified in the Deposition Subpoena. It is my understanding that in 1997 BCBSMA terminated the employment of almost all of the Medicare B carrier employees and that NHIC subsequently hired many of the terminated employees. Very few of the BCBSMA Medicare B personnel continued to work for BCBSMA after BCBSMA shed the Medicare B business.

9. Page 4 of the Defendants' Memorandum identifies two specific potential deposition topics. As part of my investigation, I have been unable to locate any employee at BCBSMA who has knowledge concerning these topics, and, therefore, as an institution, BCBSMA has no such knowledge.

Signed under the penalties of perjury this 14th day of March, 2006.

## CERTIFICATE OF SERVICE

I hereby certify that I, Stephen L. Coco, an attorney, caused a true and correct copy of the foregoing DECLARATION OF STEVEN SKWARA, ESQ. IN SUPPORT OF OPPOSITION OF PLAINTIFF BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC. TO TRACK TWO DEFENDANTS' MOTION TO COMPEL to be served on all counsel of record electronically, pursuant to Section D of Case Management Order No. 2, this 14th day of March, 2006.

/s/ Stephen L. Coco
Stephen L. Coco (BBO# 561169)
ROBINS, KAPLAN, MILLER & CIRESI, LLP
800 Boylston Street, 25th Floor
Boston, MA 02199-7610
Phone: (617) 267-2300
Fax: (617) 267-8288