# EXHIBIT A

**DEFENDANTS' AFFIRMATIVE DEFENSES**
**IN ANSWERS TO**
**PLAINTIFFS' THIRD AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

| Affirmative Defense Description | Astra's Number | Glaxo's Number | J&J's Number | BMS's Number | Schering's Number | Warrick's Number |
|---|---|---|---|---|---|---|
| Failure To State a Claim Upon Which Relief Can Be Granted | 1 | 1 | 1 | 1 | 1 | 1 |
| Political Question and Separation of Powers Doctrines | 2 | 2 | 2 | 3 | 2 | 2 |
| Filed Rate | 3 | 3 | 3 | 4 | 3 | 3 |
| No Injury | 4 | 4 | 4 | | 4 | 4 |
| If Plaintiffs obtain recovery in another case, then claims barred by res judicata, collateral estoppel and prohibition of double recovery | 5 | 5 | 5 | | 5 | 5 |
| Plaintiffs' claims barred by First Amendment of Constitution or similar provision of applicable state constitution | 6 | 6 (spec. ident. certain states) | 6 (spec. ident. certain states) | | 6 (spec. ident. certain states) | 6 |
| Noerr-Pennington | 7 | 7 | 7 | 6 | 7 | 7 |
| Plaintiffs' claims barred by release, settlement, accord and satisfaction | 8 | 8 | 8 | | 8 | 8 |
| Defendants acted in good faith and in accord with established industry practice | 9 | 9 | 9 | 9 | 9 | 9 |
| Preemption (ERISA and Medicare and Medicaid) | 10 | 10 | 10 | 7 | 10 | 10 |

| Affirmative Defense Description | Astra's Number | Glaxo's Number | J&J's Number | BMS's Number | Schering's Number | Warrick's Number |
|---|---|---|---|---|---|---|
| Failure To State a Claim Upon Which Relief Can Be Granted | 1 | 1 | 1 | 1 | 1 | 1 |
| Preemption (Commerce Clause) | 11 | 11 | 11 | | 11 | 11 |
| Plaintiffs' claims barred because Defendants complied with all applicable federal and state regulations | 12 | 12 | 12 | | 12 | 12 |
| Plaintiffs' claims barred by statutes of limitations, repose, laches, estoppel and waiver | 13 | 13 | 13 | 8 | 13 | 13 |
| Plaintiffs' claims barred because of violation of Defendants' rights under Due Process and Ex Post Facto clauses of U.S. and state Constitutions, insofar as seek to impose liability retroactively for conduct not actionable when it occurred | 14 | 14 | 14 | | 14 | 14 |
| Defendants' statements and actions not proximate cause or cause in fact | 15 | 15 | 15 | 10 | | 15 |
| Failure to plead fraud with particularity, specifically fraudulent concealment and multisource drug issues | 16 | 16 | 16 | | 15 | 15 |
| Failure to allege civil conspiracy with particularity | 17 | 17 | 17 | | 16 | 16 |
| Plaintiffs' claims barred because Defendants did not make false statements to Plaintiffs - Defendants did not believe any statements were false or misleading | 18 | 18 | 18 | | 17 | 17 |
| Plaintiffs' claims barred because Defendants did not conspire (directly or indirectly) with any other entity | 19 | 19 | 19 | | | 17 |

| Affirmative Defense Description | Astra's Number | Glaxo's Number | J&J's Number | BMS's Number | Schering's Number | Warrick's Number |
|---|---|---|---|---|---|---|
| Failure To State a Claim Upon Which Relief Can Be Granted | 1 | 1 | 1 | 1 | 1 | 1 |
| RICO claims barred for failure to properly allege RICO enterprise | 20 | 20 | 20 | | 18 | 18 |
| RICO claims barred for failure to plead facts showing Defendants and PBMs ongoing organizations whose members function as continuing unit with common purposes | 21 | 21 | 21 | | 19 | 19 |
| RICO claims barred for failure to allege Defendants conducted the affairs of alleged enterprises | 22 | 22 | 22 | | 20 | 20 |
| Lack of standing to bring RICO claims as Plaintiffs cannot show Defendants directly caused alleged injuries as required by 18 U.S.C. § 1964(c) and *Holmes* case | 23 | 23 | 23 | 2 | 21 | 21 |
| Civil conspiracy claims barred for failure to allege concerted action as required by First Circuit cases | 24 | 24 | 24 | | 22 | 22 |
| Civil conspiracy claims barred because duplicative or improper under Massachusetts law | 25 | 25 | 25 | | 23 | 23 |
| Lack of valid consumer protection claims agt Defendants under state statutes alleged in Counts IV, V, VI and VII | 26 | 26 (spec. ident. certain states) | 26 (spec. ident. certain states) | | 24 (spec. certain states) | 24 (spec. ident. certain states) |
| Allegedly fraudulent statements and conduct of Defendants did not proximately cause injuries to Plaintiffs under state statutes alleged in Counts IV, V, VI and VII | 27 | 27 (spec. ident. certain states) | 27 (spec. ident. certain states) | | | |

| Affirmative Defense Description | Astra's Number | Glaxo's Number | J&J's Number | BMS's Number | Schering's Number | Warrick's Number |
|---|---|---|---|---|---|---|
| Failure To State a Claim Upon Which Relief Can Be Granted | 1 | 1 | 1 | 1 | 1 | 1 |
| Defendants' conduct was not "deceptive," "misleading," "unlawful" or "illegal" under state statutes alleged in Counts IV, V, VI and VII | 28 | 28 (spec. ident. certain states) | 28 (spec. ident. certain states) | | 26 (spec. ident. certain states) | 26 (spec. ident. certain states) |
| Plaintiffs are not entitled to equitable relief because there is an adequate remedy available at law | 29 | 29 | 29 | 11 | 25 | 25 |
| Plaintiffs lack standing to bring consumer protection claims agt Defendants under state statutes alleged in Counts IV, V, VI and VII | 30 | 30 (spec. ident. certain states) | 30 (spec. ident. certain states) | 2 | 26 (spec. ident. certain states) | 26 (spec. ident. certain states) |
| Plaintiffs did not rely upon allegedly fraudulent statements or conduct of Defendants as required by state consumer protection laws, including NY and PA | 31 | 31 | 31 | 12 | 27 | 27 |
| Any fraudulent statements made by Defendants were not consumer-oriented as required under certain consumer protection laws, including NY | 32 | 32 | 32 | | 28 | 28 |
| Claims for injunctive relief were mooted by passage of 2003 Medicare reform legislation | 33 | 33 | 33 | | 29 | 29 |
| Claims for injunctive relief are barred by doctrines of in pari delicto or unclean hands | 34 | 34 | 34 | | 30 | 30 |
| Action cannot be maintained as Class Action for several reasons | 35 | 35 | 35 | | 31 | 31 |

| Affirmative Defense Description | Astra's Number | Glaxo's Number | J&J's Number | BMS's Number | Schering's Number | Warrick's Number |
|---|---|---|---|---|---|---|
| Failure To State a Claim Upon Which Relief Can Be Granted | 1 | 1 | 1 | 1 | 1 | 1 |
| Antitrust claims barred because no antitrust injury, lack of standing and because alleged conspiracy does not make economic sense | 36 | 36 | 36 | 2 | | |
| Restraints complained of are ancillary to legitimate, pro-competitive activity | 37 | 37 | 37 | | | |
| Defendants' conduct did not have adverse effects on competition | 38 | 38 | 38 | | | |
| Claims against Defendants under Section 1 of Sherman Act barred under indirect purchaser rule | 39 | 39 | 39 | | | |
| Antitrust claims under state antitrust statutes barred to extent state statutes do not allow recovery by indirect purchasers and do not govern since conduct predominantly interstate in nature | 40 | 39 | 40 | | | |
| Antitrust claims under state unfair trade and competition statutes barred to extent state statutes do not allow recovery by indirect purchasers and do not govern since conduct predominantly interstate in nature | 41 | 40 | 41 | | | |
| Antitrust claims under state consumer protection and consumer fraud statutes barred to extent state statutes do not allow recovery by indirect purchasers and do not govern since conduct predominantly interstate in nature | 42 | 41 | 42 | | 32 | 32 |

| Affirmative Defense Description | Astra's Number | Glaxo's Number | J&J's Number | BMS's Number | Schering's Number | Warrick's Number |
|---|---|---|---|---|---|---|
| Failure To State a Claim Upon Which Relief Can Be Granted | 1 | 1 | 1 | 1 | 1 | 1 |
| Antitrust claims under various state unfair trade, unfair competition, consumer protection and consumer fraud statutes are barred to extent claims are impermissible circumvention of state antitrust statutes and to extent statutes only apply to deceptive or misleading conduct and/or govern only consumer transactions | 43 | 42 | 43 | | | |
| TPPs' claims barred to extent overcharge passed on effect of higher charges through higher premiums and co-pays | 44 | 43 | 44 | | | |
| Plaintiffs' claims against Defendants barred to extent overcharges absorbed by direct purchaser and not passed through to consumers | 45 | 44 | 45 | | | |
| Plaintiffs' claims barred due to failure to join indispensable parties | 46 | 45 | 46 | 13 | 33 | 33 |
| Plaintiffs' claims barred because Plaintiffs suffered no damages | 47 | 46 | 47 | 14 | 34 | 34 |
| Plaintiffs' claims barred because any injuries resulted from intervening or superceding conduct of third parties | 48 | 47 | 48 | | 35 | 35 |

| Affirmative Defense Description | Astra's Number | Glaxo's Number | J&J's Number | BMS's Number | Schering's Number | Warrick's Number |
|---|---|---|---|---|---|---|
| Failure To State a Claim Upon Which Relief Can Be Granted | 1 | 1 | 1 | 1 | 1 | 1 |
| Plaintiffs' claims barred for failure to mitigate, and because Plaintiffs would be unjustly enriched if allowed to recover, claims barred by consent and ratification because Plaintiffs continued to purchase after filed Complaint and because damages speculative and remote because difficult to ascertain and allocate damages | 49 | 48 | 49 | | 36 | 36 |
| Defendants entitled to Set-off for damages or settlement amounts already recovered | 50 | 49 | 50 | | 37 | 37 |
| Damages should be limited by applicable statutory ceiling | 51 | 50 | 51 | | 38 | 38 |
| Plaintiffs' claims insufficient respecting claims for attorney fees, treble damages and/or legal fees | 52 | 51 | 52 | | 39 | 39 |
| Plaintiffs cannot recover punitive damages | 53 | 52 | 53 | | 40 | 40 |
| Jury must be properly instructed on punitive damages | 54 | 53 | 54 | | | |
| Any punitive damages award must be subject to predetermined limit | 55 | 54 | 55 | | 41 | 41 |
| Incorporation of affirmative defenses pled by other Defendants | 56 | 55 | 56 | 15 | 42 | 42 |
| Reservation of right to amend Answer to allege other affirmative defenses that may become available | 57 | 56 | 57 | | 43 | 43 |
| Plaintiffs' claims barred by state action doctrine | | | | 5 | | |