```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO: | |
| People of the State of Illinois v. Abbott Laboratories et al. *Civ. Action No. 05-12492-PBS* | |
| Commonwealth of Kentucky v. Alpharma, Inc. et al. *Civ. Action No. 05-12493-PBS* | |
| Commonwealth of Kentucky v. Abbott Laboratories, Inc. *Civ. Action No. 05-12494-PBS* | M.D.L. No. 1456<br><br>CIVIL ACTION NO. 01-12257-PBS |
| Commonwealth of Kentucky v. Warrick Pharmaceuticals Corporation et al. *Civ. Action No. 05-12495-PBS* | |
| People of the State of New York v. Pharmacia Corporation *Civ. Action No. 05-12496-PBS* | |
| People of the State of New York v. Aventis Pharmaceuticals, Inc. *Civ. Action No. 05-12497-PBS* | |
| People of the State of New York v. GlaxoSmithKline, P.L.C. et al. *Civ. Action No. 05-12498-PBS* | |

**MEMORANDUM AND ORDER**

March 13, 2006

Saris, U.S.D.J.

**I. INTRODUCTION**

The question raised in these related remand motions is whether a new Supreme Court decision can be an "order or other paper from which it may first be ascertained" that a case is removable under 28 U.S.C. § 1446(b).  Plaintiffs Illinois, Kentucky and New York brought these seven actions in various state courts alleging that the defendant pharmaceutical companies misrepresented average wholesale prices in violation of state law.  The defendants removed all seven cases to federal court in the wake of Grable & Sons Metal Prods., Inc. v. Dariel Eng'g & Mfg., --- U.S. ---, 125 S. Ct. 2363, 2364 (2005), which clarified when state-law claims may implicate sufficiently substantial federal issues to support the exercise of federal question jurisdiction on removal.  Plaintiffs moved to remand on the grounds (1) that the removal petitions were untimely under § 1446(b) and (2) that there is no federal question jurisdiction under Grable.

After hearing, the Court concludes that Grable did not restart the clock for removal and thus, remands all actions for untimeliness.

## II. BACKGROUND

All seven actions arise out of the same alleged scheme by the defendant pharmaceutical companies to fraudulently inflate the prices of drugs by misstating the "Average Wholesale Price" ("AWP") of their drugs in industry publications.  These

allegations have engendered an enormous class action suit and multi-district litigation in this Court.  This Court has fully outlined these allegations in earlier orders.  See, e.g., In re Pharm. Indus. Average Wholesale Price Litig., 230 F.R.D. 61 (D. Mass. 2005); Montana v. Abbot Labs., 266 F. Supp. 2d 250 (D. Mass. 2003).  A summary of the pertinent procedural history of these seven actions follows.

The Attorneys General of Illinois, Kentucky and New York separately filed seven complaints in various state courts between 2003 and 2005.[1]  In the three New York cases, the defendants removed to federal court within thirty days of the initial complaints.[2]  The Attorney General of New York filed timely motions to remand.  After the Judicial Panel on Multi-District

---

[1] The Attorney General of Illinois filed a complaint in Illinois state court against Abbott Laboratories et al. on February 7, 2005.

The Attorney General of Kentucky filed two complaints in Kentucky state court respectively against Abbott Laboratories, Inc. and Warrick Pharmaceuticals Corporation et al. on September 15, 2003, followed by amended complaints on October 14, 2003. The Attorney General of Kentucky filed a third complaint in Kentucky state court against Alpharma, Inc. et al. on November 4, 2004, followed by an amended complaint on May 12, 2005.

The Attorney General of New York filed two complaints in New York state court respectively against GlaxoSmithKline, P.L.C. et al. and Pharmacia Corporation on February 13, 2003.  The Attorney General of New York filed a third complaint in New York state court against Aventis Pharmaceuticals, Inc. on February 26, 2003.

[2] Pharmacia Corporation removed its case on March 11, 2003. GlaxoSmithKline, P.L.C. et al. removed its case on March 12, 2003.  Aventis Pharmaceuticals, Inc. removed its case on March 13, 2003.

Litigation (the "JPMDL") ordered that the New York cases be transferred to this Court for inclusion in the Pharmaceutical Industry Average Wholesale Price Litigation, M.D.L. No. 1456 (the "AWP MDL"), this Court allowed the motions to remand to state court based on Montana, 266 F. Supp. 2d at 256 (relying on First Circuit precedent interpreting Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804 (1986)).  (Docket No. 558.)  In the Illinois case and the three Kentucky cases, the defendants did not file any notices to remove within thirty days of the initial or amended complaints.

On June 13, 2005, the Supreme Court issued Grable, resolving the split within the Courts of Appeals in interpreting Merrell Dow.  Grable, 125 S. Ct. at 2366.  On July 13, 2005, within thirty days of the Grable decision, the defendants in all seven cases filed notices of removal to federal court based on federal question jurisdiction under Grable.  Regarding the threshold issue of timeliness, the defendants conceded that they had not removed within thirty days of the initial pleadings but asserted that Grable constituted an "other paper from which it may first be ascertained" that the cases were removable under § 1446(b).  The plaintiffs filed timely motions to remand in each case.[3]

---

[3] The Attorney General of Illinois moved to remand its case against Abbott Laboratories et al. on July 21, 2005.  The Attorney General of Kentucky moved to remand its cases against Abbott Laboratories, Inc., Alpharma, Inc. et al., and Warrick Pharmaceuticals Corporation et al. on July 25, 2005.  The Attorney General of New York moved to remand its cases against

On December 9, 2005, this Court received all seven cases for inclusion in the AWP MDL pursuant to a JPMDL transfer order.  The Court held a hearing on January 27, 2006.

### III. DISCUSSION

The threshold question this Court must consider is the timeliness of the notices of removal that the defendants filed on July 13, 2005.  Under the first paragraph of 28 U.S.C. § 1446(b), a defendant must seek removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading" or "after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  Under the second paragraph of § 1446(b), if there are no grounds to remove the case based on the initial pleadings or summons, the defendant may also file a notice of removal

> within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Id.  The removal statute should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action.  See, e.g., Danca v. Private Health

---

Aventis Pharmaceuticals, Inc., GlaxoSmithKline, P.L.C. et al., and Pharmacia Corporation on August 5, 2005.

Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999).

In all seven removal petitions at issue here, it is undisputed that the defendants did not remove within thirty days of the initial pleadings or summons under the first paragraph of § 1446(b). The removal notices are thus timely only if the Grable decision constitutes an "order or other paper" that restarts the thirty-day clock.

While the First Circuit has not had occasion to address "order or other paper," two district courts in the First Circuit have interpreted the term "other paper" narrowly. In Mill-Bern Assocs., Inc. v. Dallas Semiconductor Corp., 69 F. Supp. 2d 240 (D. Mass. 1999) (O'Toole, J.), the court held that deposition testimony was not "other paper" using the "customary canons of statutory interpretation." Id. at 242-44. As part of a series -- "amended pleading, motion, order or other paper" -- the court found that the term "other paper" "should be understood to describe something that shares some common characteristic or quality with the other terms in the series." Id. at 242. As such, the term "other paper" should not encompass "correspondence, documents examined in the course of discovery, and perhaps even reported cases," because doing so would be contrary to the canon of ejusdem generis, which "requires consulting the context in which the words appear for help in understanding the meaning to be given them," and would make the other terms in the series "superfluous." Id. at 242-43. See

also Borgese v. Am. Lung Ass'n of Me., 2005 WL 2647916 at *2 (D. Me. 2005) (finding letter between counsel not to be "other paper"); but see Kiedaisch v. Nike, Inc., 2004 WL 368320 at *2 n.1 (D.N.H. 2004) (noting that the issue of whether a deposition constitutes "other paper" is open to some debate).

By employing similar principles of statutory construction, most courts have held that an unrelated court decision is not an "order or other paper" for purposes of § 1446(b). See, e.g., Morsani v. Major League Baseball, 79 F. Supp. 2d 1331, 1333-34 (M.D. Fla. 1999) (finding that Supreme Court decision changing removal rules is not "order or other paper"); Kocaj v. Chrysler Corp., 794 F. Supp. 234, 236-37 (E.D. Mich. 1992) (finding that Supreme Court decision expanding scope of removal jurisdiction is not "other paper"); Holiday v. Travelers Ins. Co., 666 F. Supp. 1286, 1289-90 (W.D. Ark. 1987) (finding that "other paper" is limited to "papers or actions" of the parties to the litigation in question and does not include two Supreme Court decisions that clarified removal jurisdiction); Sclafani v. Ins. Co. of N. Am., 671 F. Supp. 364, 365 (D. Md. 1987) (stating that § 1446(b) "does *not* include, as an 'order or other paper,' *a subsequent court decision, in a wholly unrelated case, defining what constitutes a basis for removal to the federal court*" (quotations and citation omitted)); see also 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3732 (3d ed.

1998) ("[T]he publication of opinions by other courts dealing with subjects that potentially could affect a state court suit's removability . . . are not recognized as 'other paper' sources for purposes of starting a new thirty-day period under Section 1446(b)."). But see Davis v. Time Ins. Co., 698 F. Supp. 1317, 1321-22 (S.D. Miss. 1988) ("[T]his Court perceives no difference between a situation where an amended complaint adds a new federal question and one where a recent United States Supreme Court decision invigorates a pleading with federal character."); Smith v. Burroughs Corp., 670 F. Supp. 740, 741 (E.D. Mich. 1987) (stating that the "statute on its face indicates that it covers virtually any situation in which an action not initially removable later becomes removable").[4]

Similarly, most courts agree that a change in statutory law regarding removability is not "other paper" for purposes of restarting the clock under § 1446(b). See, e.g., Coman v. Int'l Playtex, Inc., 713 F. Supp. 1324, 1326-27 (N.D. Cal. 1989) (holding that statutory change in diversity requirements is not "other paper"); Phillips v. Allstate Ins. Co., 702 F. Supp. 1466, 1467-69 (C.D. Cal. 1989) (finding that Congress did not intend for enactment of new statutes to constitute "other paper"); see also Adam C. Clanton, Uncertainty in Federal Removal Procedure: The Riddle of the "Other Paper", 71 Def. Couns. J. 388, 396

---

[4] Five years after Smith, a court in the same district found Smith to be unpersuasive. Kocaj, 794 F. Supp. at 237.

(2004) ("[E]xternal case law or statutory amendments that alter diversity requirements to support federal jurisdiction are also insufficient to trigger removal.").

In some limited circumstances, however, courts have held that a new Supreme Court decision may constitute an "order" within the meaning of § 1446(b).  In Doe v. Am. Red Cross, 14 F.3d 196 (3d Cir. 1993):

> The American Red Cross and the American National Red Cross (hereinafter "Red Cross") have been sued in state courts across the country by plaintiffs claiming that they contracted Acquired Immune Deficiency Syndrome (AIDS) through contaminated blood transfusions and that their injuries were caused by negligence on the part of the Red Cross. In a common pattern, the Red Cross removed these actions to federal court, only to have some of them remanded on the ground that its charter did not confer original jurisdiction on the federal courts. While these remanded cases were pending in state courts, the Court issued its order in S.G. authorizing the Red Cross to remove "any state-law actions it is defending."  In response to S.G., the Red Cross typically removed the actions it was defending to federal court, and again plaintiffs sought remand.

Doe, 14 F.3d at 197-98 (citation omitted).  Citing the Supreme Court's language in S.G. that the Red Cross "is thereby authorized to removal from state to federal court of any state-law action it is defending," the Third Circuit in Doe concluded that "S.G. was a direction authoritatively given to Red Cross and any party who might litigate against Red Cross" and permitted removal under the § 1446(b) term "order."  Doe, F.3d at 201-02 (quoting S.G., 505 U.S. at 248).  However, the Third Circuit

expressly limited its holding by stating that a court decision

> must be sufficiently related to a pending case to trigger Section 1446(b) removability. We believe that an order is sufficiently related when, as here, [1] the order in the case came from a court superior in the same judicial hierarchy, [2] was directed at a particular defendant and [3] expressly authorized that same defendant to remove an action against it in another case involving similar facts and legal issues.

Id. at 202-03. Moreover, Doe expressly stated that its decision did not construe the § 1446(b) term "other paper." Id. at 202.

Similarly, in Green v. R.J. Reynolds Tobacco Co., 274 F.3d 263 (5th Cir. 2001), a suit brought by plaintiffs in Texas state court against various tobacco companies, the Fifth Circuit found that its decision in Sanchez v. Liggett & Meyers, Inc., 187 F.3d 486 (5th Cir. 1999) constituted an "order" for purposes of § 1446(b). Green, 274 F.3d at 268. The Fifth Circuit applied the three-part test enumerated by the Third Circuit in Doe to determine whether Sanchez and Green were sufficiently related.

> [H]ere the defendants R.J. Reynolds, Brown and Williamson, and Philip Morris were all defendants in the Sanchez case, which involved a similar factual situation and legal conclusion (that Tex. Civ. Prac. & Rem.Code § 82.004 bars most products liability actions against manufacturers or sellers of cigarettes). Although Sanchez did not explicitly discuss removal, the effect of the decision in Sanchez has a similar effect on our case as the S.G. decision had on American Red Cross, i.e. that these defendants cannot be sued under Texas law. The similarities between this case and Sanchez bring this case within the limited parameters of American Red Cross. We therefore hold that the Sanchez opinion, under these very narrow circumstances, was an "order" for purposes of § 1446(b) removal in this case involving the

>     same defendants, and a similar factual situation
>     and legal issue.

Green, 274 F.3d at 268.  See also Young v. Chubb Group of Ins. Cos., 295 F. Supp. 2d 806, 808 (N.D. Ohio 2003) (permitting removal where cases involved same defendant and "similar facts and legal issues regarding the removability" of a case and thus, were "sufficiently related").

   Here, the defendants argue that under Doe and Green, the Supreme Court's Grable decision constitutes "other paper" within the meaning of § 1446(b) because it invalidates First Circuit precedent expressly relied upon by this Court in Montana.  In Montana, this Court found that under Merrell Dow, "where a state-law claim includes as a necessary element the violation of a federal statute, the federal statute must provide a private remedy for violation of that standard, for federal-question jurisdiction to obtain."  Montana, 266 F. Supp. 2d at 256 (citing, inter alia, PCS 2000 LP v. Romulus Telecomms., Inc., 148 F.3d 32, 35 (1st Cir. 1998); Nashoba Commc'ns Ltd. P'ship No. 7 v. Town of Danvers, 893 F.2d 435, 439 (1st Cir. 1990)).

   The Supreme Court subsequently decided Grable.  Resolving a split within the Courts of Appeals on whether Merrell Dow "always requires a federal cause of action as a condition for exercising federal-question jurisdiction," Grable found that "Merrell Dow should be read in its entirety as treating the absence of a federal private right of action as evidence relevant to, but not

11

dispositive of, the 'sensitive judgments about congressional intent' that § 1331 requires." Grable, 125 S. Ct. at 2370. Rejecting the bright-line rule adopted by several Courts of Appeals including the First Circuit, Grable set forth a three-part test where (1) the state action must disclose a contested federal question (2) that is substantial, "indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum" and (3) that qualifies "for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." Id. at 2367.

In the defendants' view, the issue of defining the term AWP in the federal Medicare statute, 42 U.S.C. § 1395u(o), meets the Grable three-part test for determining when a state law raises a federal question; that is to say, it is a contested federal issue, the issue is substantial, and allowing federal jurisdiction would be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." Grable, 125 S. Ct. at 2367.  The defendants also argue that their removals were timely because Grable constitutes "other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).  Plaintiffs disagree with both contentions.

While it is a close question whether federal jurisdiction exists under the Grable three-part test, every court which has addressed the timeliness issue has declined to adopt the defendants' position in the context of Grable and AWP litigation. See, e.g., Wisconsin v. Abbott Labs., 390 F. Supp. 2d 815, 824-25 (W.D. Wis. 2005) (stating that even if grounds for removal were proper, removal was untimely); Minnesota v. Pharmacia Corp., 2005 WL 2739297 at *2-3 (D. Minn. 2005) (same); Pennsylvania v. Tap Pharm. Prods., Inc., --- F. Supp. 2d ---, 2005 WL 2242913 at *8-9 (E.D. Pa. 2005) (same).  Unlike the situations in Doe and Green, Grable and the AWP MDL do not involve the same defendants or similar factual issues.  Grable concerned a quiet title action between a former landowner and the tax sale purchaser, while the AWP MDL involves allegations against pharmaceutical companies for inflating their AWPs for prescription drugs.  While there are policy arguments for permitting removal where a closely related case has been reversed on appeal, here the connection between the Supreme Court case and this litigation is too tenuous; Grable and the AWP MDL involve wholly different statutes and unrelated parties.  Permitting removal in these circumstances would contravene the congressional policy of "not permitting interrup[tion] of the litigation of the merits of a removed case by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed."  United States v. Rice, 327 U.S. 742, 751 (1946).

Accordingly, the Court finds that <u>Grable</u> is not an "order or other paper" under § 1446(b) and that the defendants' notices of removal are untimely.

## **ORDER**

Plaintiffs' motions to remand are **ALLOWED**.

**S/PATTI B. SARIS**

United States District Judge
