# EXHIBIT C



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
Centers for Medicare and
Medicaid Services Division

C2-05-23 Central Building
7500 Security Boulevard
Baltimore, MD 21244-1850

March 8, 2006

<u>Sent Via Telefax and U.S. Mail</u>
(617) 261-3175

Michael DeMarco, Esq.
Aimee Bierman, Esq.
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA 02109-1808

    Re:    Document production in <u>In Re: Pharmaceutical Industry Average Wholesale Price Litigation</u>, MDL Docket No. 1456/Civil Action No. 01-12257 (D.Mass.)

Dear Mr. DeMarco and Ms. Bierman:

    This letter is in regard to the subpoena you served on National Heritage Insurance Company (NHIC), a Medicare contractor, in the above captioned matter. As a preliminary matter, NHIC is a Medicare contractor and the testimony sought concerns information gathered for the purpose of processing Medicare Part B claims. Thus, NHIC is afforded the same protections as if the person requested to testify was an employee speaking on behalf of the Department of Health and Human Services (DHHS). The agency's *Touhy* regulations set forth at 45 C.F.R. Part 2 outline the appropriate procedures that must be followed when testimony and documents are requested from the agency or from a contractor who is doing business on behalf of the agency. These regulations provide that no agency employee may provide testimony concerning information obtained during the performance of his or her official duties unless authorized by the agency head. 45 C.F.R. § 2.3. These regulations further provide that all requests for testimony must be made in writing and "must state the nature of the requested testimony, why the information sought in unavailable by any other means, and the reasons why the testimony would be in the interest of the DHHS or the federal government." 45 C.F.R. § 2.4. In evaluating such a request, the agency head will also consider factors such as whether the testimony could be structured to minimize disruption of official duties. 45 C.F.R. § 2.1. As you have not yet made such a request to the agency, DHHS is under no present obligation to respond or object to the subpoena under Rule 45.

    If you wish to obtain testimony from an NHIC official, you may transmit a written Touhy request for such testimony to the Centers for Medicare & Medicaid Services, Office of the Administrator, 7500 Security Boulevard, Baltimore, MD 21244 as provided in 45 C.F.R. § 2.4.

    In addition, to the extent your subpoena requests production of documents from NHIC we are in the process of reviewing the requests which we understand have been considerably scaled down from those in the original subpoena. Any response to the document request will entail a privilege

March 8, 2005
De Marco/Bierman Letter
Page 2

review once NHIC locates and identifies responsive documents.  We will endeavor to provide an expedited review of documents which NHIC identifies as responsive to the subpoena.

          Sincerely,

          Leslie M. Stafford
          Staff Attorney

cc:    Carol J. Bennett
       Deputy Associate General Counsel for Program Integrity
       OGC, CMS Division

       Andy J. Mao
       Trial Attorney, U.S. Department of Justice
       P.O. Box 261
       Ben Franklin Station
       Washington, D.C. 20044