UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) | MDL No. 1456 |
| ) | CIVIL ACTION:  01-CV-12257-PBS |
| ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS ) ) ) | |

**SUPPLEMENTAL DECLARATION OF STEVE W. BERMAN IN SUPPORT OF
PLAINTIFFS' SECOND MOTION
TO COMPEL PRODUCTION BY AMGEN INC.**

I, Steve W. Berman, duly declare as follows:

1.      I am a partner of Hagens Berman Sobol Shapiro LLP, resident in its Seattle,

Washington, office, and I am co-lead counsel for the plaintiffs in the above-captioned matter.  I

submit this declaration in support of Plaintiffs' Second Motion To Compel Production by Amgen

Inc.

2.      Amgen Inc. ("Amgen") has submitted for the Court's consideration a copy of my

April 21, 2005 letter to Frank A. Libby, one of Amgen's lawyers.  For the Court's convenience, I

attach a true and correct copy of that letter as Exhibit A to this declaration.  Amgen points to my

request to meet and confer about, among other things, Amgen's attempted "time cutoff" with

respect to its responses to Plaintiffs' Omnibus Requests for Production ("Omnibus Requests")

Nos. 36, 38, 39, and 42, suggesting that this meant plaintiffs acquiesced in plaintiffs' time-scope

objections with regard to all of the other discovery requests making up plaintiffs' Omnibus

Requests.  In fact, the letter says no such thing.  Rather, I cited to the RFP Nos. 36, 38, 39, and

42 as a preliminary matter.  These were objections that plaintiffs wanted to address at the outset,

- 1 -

even with regard to what was supposed to be Amgen's first wave of production. Moreover, I did not indicate in the May 2005 telephonic meet-and-confer with Amgen counsel that followed transmittal of my April 21, 2005 letter that plaintiffs acquiesced in plaintiffs' time-scope objections with regard to any of plaintiffs' Omnibus Requests.

      3.      Also, at no time have plaintiffs ever agreed that samplings of document categories would suffice for all time. Rather, during my meet-and-confer with Amgen's counsel in May 2005, Amgen's lawyers suggested that they begin production of field sales notes and key customer contracts by way of samplings of their most productive salespeople and large accounts, respectively. But even then, the idea was that Amgen would *begin* production as to these document categories in this manner. In fact, the Notargiacomo memo[1] that I provided Amgen's counsel in advance of our May 2005 meet-and-confer does not speak in terms of plaintiffs accepting samplings of document categories, and I never said that plaintiffs would be satisfied only with Amgen's production of samplings from categories of documents sought in plaintiffs' Omnibus Requests.

      4.      Rather, the expectation was that Amgen would begin production as soon as possible, and that plaintiffs reserved the right to seek wider production as to the identified categories as necessary, upon review of what was initially provided. Of course, Amgen's own actions rendered it impossible to do what Amgen suggested. Rather than producing documents shortly after our May 2005 meet-and-confer, Amgen did not produce the first document until October 31, 2005, scarcely a month before the December 3, 2005 discovery cutoff. This meant that the sampling methodology, even for the few categories that Amgen had brought up, would

---

[1] Declaration of Robert F. Lopez in Support of Plaintiffs' Second Motion To Compel Production of Documents by Amgen Ex. E (submitted with plaintiffs' opening papers).

not work. There was simply no time for plaintiffs to review the documents and then go back to

Amgen and request more documents in due course. Hence, plaintiffs have had to file their

pending motion. At this point, plaintiffs need all responsive documents as soon as possible, so

that they can review them, conduct appropriate follow-up discovery, and prepare for motions and

trial.

     I certify under penalty of perjury that the foregoing is true and correct.

     Executed this 17th day of March, 2006.


                                    **/s/ Steve W. Berman**
                                      STEVE W. BERMAN

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **SUPPLEMENTAL DECLARATION OF STEVE W. BERMAN IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO COMPEL PRODUCTION BY AMGEN, INC.,** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on March 17, 2006, a copy to LexisNexis File & Serve for posting and notification to all parties.

By_____ **/s/ Steve W. Berman**_____
　　　Steve W. Berman
　　　**HAGENS BERMAN SOBOL SHAPIRO LLP**
　　　1301 Fifth Avenue, Suite 2900
　　　Seattle, WA  98101
　　　(206) 623-7292

- 4 -

# EXHIBIT A



**HAGENS BERMAN**
**SOBOL SHAPIRO LLP**

hbsslaw.com
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

STEVE W. BERMAN
(206) 224-9320
steve@hbsslaw.com

April 21, 2005

*Via Facsimile*

Mr. Frank A. Libby
Kelly Libby & Hoopes
175 Federal Street
Boston, MA  02110

Re:    AWP

Dear Mr. Libby:

Plaintiffs wish to have a meet and confer regarding Amgen's responses to plaintiffs' Omnibus requests.  Your response was dated June 4, 2004.

In addition to discussing logistics of the production we want to discuss responses to RFP Nos. 8, 10, 11, 13, 19 (which seems to limit the response), 22, 28 (there is nothing ambiguous in the industry with respect to "rebates, chargebacks, discounts, allowances, credits, price/volume discounts"), 36, 38, 39, 42 (don't agree to time cutoff), 49 (spread is not an ambiguous term), 52, 62 (should read the "use of AWP by any participant ..."), 70-72 (please propose a sampling method), 75-76 (a sampling won't suffice, we want financial information on fees paid to PBMs), 78-79 (same) (the notion that terms such as "administrative fees" are vague is frivolous) and Interrogatory No. 6.

Sincerely,

Steve W. Berman

SWB:dld

1534.16.0344 LTR.DOC