# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

## CLASS PLAINTIFFS' EMERGENCY MOTION TO AMEND CASE MANAGEMENT ORDER NO. 20 COMPLIANCE WITH CASE MANAGEMENT ORDER NO. 14

## I.       INTRODUCTION

Pursuant to Case Management Order No. 20 ("CMO No. 20"), the parties have moved for summary judgment on various issues related to Class 1 and Class 2 in this action.  In order to lessen the burden on the Court and the parties, Plaintiffs request a modest change to the briefing schedule set forth in CMO No. 20.  Importantly, Plaintiffs' proposal would reduce the number of briefs submitted to the Court yet would not affect the overall Track 1 summary judgment schedule established by the Court under which all briefing is complete by April 28 and in advance of the May 17 summary-judgment hearing.  ***And because CMO No. 20 presently calls for summary judgment opposition briefs to be filed next week on March 31, Plaintiffs respectfully request that the Court consider this motion on an expedited basis.***

Futher the request is fair and required by justice.  Defendants had months if not years to prepare these motions.  They filed a lengthy joint motion, five individual motions with new expert reports, 90 undisputed common facts, and undisputed facts on each of the five motions.  It

is frankly impossible to respond to this mass of material in two weeks.  And it would be unfair to require Plaintiffs to cram a years worth of work into a two-week period.

## II.  BACKGROUND AND ARGUMENT

CMO No. 20's timetable for briefing on the Class 1 and Class 2 summary-judgment motions for Track 1 is as follows:

1. Summary judgment motions shall be filed by March 15, 2006.  Each moving party shall file a brief not to exceed 30 pages.

2. Memoranda in opposition shall be served by March 31, 2006.  Each memorandum shall be no longer than 30 pages per defendant.

3. Replies shall be served by April 14, 2006.  Each reply memorandum shall be no longer than 15 pages per defendant.

4. Sur-replies of similar length shall be served by April 28, 2006.

Defendants recently raised the prospect with Plaintiffs that, in issuing CMO No. 20, the Court may not have contemplated that Plaintiffs would be filing a summary-judgment motion of their own on many issues that overlap with contentions raised in Defendants' summary-judgment briefing.  Defendants also believe that, consequently, the Court would expect reasonable efforts to limit the number and volume of submissions.  Plaintiffs agree with both of these propositions.

While the parties agree on the need to submit a proposal to the Court in order to limit the volume of Track 1 summary-judgment submissions, they have not been able to agree on the precise formula for achieving that goal.  Defendants propose that Plaintiffs file their oppositions to the defense motions per the current schedule on March 31, and then for Defendants to (i) combine their opposition to Plaintiffs' motion with their reply briefs in support of their own motions and make the combined briefs due on April 14, and (ii) forgo filing sur-replies.  While this proposal achieves the laudable result of reducing the number of briefs ultimately submitted to the Court, Plaintiffs believe that Defendants' proposal lacks mutuality and is not fair to

Plaintiffs since it grants Defendants an additional two weeks to respond to Plaintiffs' motion while providing no similar extension to Plaintiffs to respond to Defendants' motions.

Plaintiffs believe that a more reasonable proposal is to eliminate sur-replies and combine the briefing as follows:

- Opposition briefing to all motions for summary judgment due on April 14.

- Replies due on April 28.

Under this proposal, all briefing will be complete on April 28, just as the Court mandated in CMO No. 20, but the number of briefs will decrease given that no sur-replies are contemplated. Moreover, this modification would provide the parties with an additional two weeks in which to file opposition memoranda, which is especially critical to Plaintiffs' ability to fully prepare opposition briefing. Plaintiffs respectfully submit that, in issuing the schedule set forth in CMO No. 20, the Court likely did not expect Defendants to file a joint motion for summary judgment, in addition to their five separate motions. Given the breadth of arguments and volume of briefing submitted by Defendants, Plaintiffs will have substantial difficulty in preparing opposition papers in just two weeks' time. Indeed, Plaintiffs' experts are particularly pressed to respond in such short order to the defense expert declarations that were served for the very first time with Defendants' motions.

Further noted above, Plaintiffs now face in just a two-week period, *six* summary-judgment briefs, over 150 undisputed facts to respond to, hordes of exhibits and expert declarations from experts whose opinions have not been disclosed and who are relying on data not even produced by Defendants as of yet. Another example of the unfairness of the current schedule is the disclosure of Schering's expert. This expert, Sumanth Addanke, filed a declaration with Schering's motion on March 15, 2006. Schering just filed a revised declaration

on March 23, 2006, though it is dated March 21, 2006.  Under the current schedule, Plaintiffs

have less than seven days to respond to this declaration.  Plaintiffs submit that fundamental

fairness warrants this extension (and explains why Defendants oppose it).

### III.    CONCLUSION

Plaintiffs respectfully request that the Court promptly modify CMO No. 20 consistent

with this proposal.  Such a modification is "win-win-win," as it will serve to lessen the burden on

the Court, on the Track 1 Defendants and on Plaintiffs in connection with Track 1 summary-

judgment proceedings.

Pursuant to Local Rule 37.1, Plaintiffs certify that they have conferred in good faith with

the Track 1 Defendants in order reach agreement on this issue or narrow the areas of

disagreement.  We have been unsuccessful in reaching agreement, and this motion is necessary.

DATED:  March 23, 2006.

By    /s/ Steve W. Berman
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
Facsimile:  (215) 772-1359
Telephone:  (215) 772-1000

**CO-LEAD COUNSEL FOR
PLAINTIFFS**

## CERTIFICATE OF SERVICE
Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on March 23, 2006, I caused copies of **CLASS PLAINTIFFS' EMERGENCY MOTION TO AMEND CASE MANAGEMENT ORDER NO. 20 COMPLIANCE WITH CASE MANAGEMENT ORDER NO. 14** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.


 **/s/ Steve W. Berman**
Steve W. Berman