UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION:  01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

**CLASS PLAINTIFFS' OPPOSITION TO TRACK 2 DEFENDANTS' MOTION TO ENFORCE COMPLIANCE WITH CASE MANAGEMENT ORDER NO. 14**

The Track 2 Defendants are quick to bandy harsh words, accusing Plaintiffs of "attempting to end run" class certification or engaging in "flatly unlawful" conduct. (Defs' Motion at 1.) To the contrary, Class Plaintiffs merely seek to approach class certification in a manner that recognizes that the purpose of dividing Defendants into "Tracks" and phasing the litigation was to use the experience with respect to the Track 1 Defendants to streamline the Track 2 proceedings if possible. The Track 2 Defendants instead argue that the Court and parties should start over, *i.e.*, Plaintiffs should file a complete new set of class certification papers and expert reports, and the class certification process should start anew with full blown discovery. Otherwise, warn the moving Defendants, "due process" will be denied. Thus, according to movants, this Court and the Court's law clerks, should ignore the hundreds of hours already devoted to Rule 23 issues and the findings already made in that regard so that these Defendants can relitigate all Rule 23 issues. In so arguing, the Track 2 Defendants make no showing as to

-1-

why the use of AWP in the physician-administered markets in which they also operate is not subject to the same Rule 23 findings that have already been made, putting aside the issue of adequacy of each plaintiff as to each Track 2 Defendant.

Class Plaintiffs, without the evil intent attributed to them by the Track 2 Defendants, in good faith believe that the Court did not want to revisit Rule 23 from scratch, hence Class Plaintiffs complied with Case Management Order No. 16 ("CMO 16"), which seemed to suggest that the parties follow a procedure to address what are legitimate remaining class certification issues in view of the findings in the Court's prior orders.  However, Plaintiffs believe for the reasons set forth below that compliance with CMO 16 should be adequate and the Court did not envision that we start "anew" with full Rule 23 briefing and discovery – as if the prior years worth of work were for naught.  The Track 2 Defendants can respond to the proposed class certification order as lodged and Plaintiffs will respond, exactly as occurred with the Track 1 Defendants.  If the Court wishes Plaintiffs to file a complete new class motion Plaintiffs can do so.

## I.   PROCEDURAL BACKGROUND

On March 28, 2005, the Court entered Case Management Order No. 14 ("CMO 14") that required that any "motion for class certification for Phase II Defendants" be filed within 30 days of the triggering date.

Thereafter the Court began considering the class certification motion with respect to the Track 1.  The Court received a mountain of reports, data, surreplies, exhibits and a voluminous report from Dr. Berndt, and the Court has repeatedly acknowledged the burden imposed by the volume of materials submitted.

-3-

On August 16, 2005, the Court issued an 89 page order ("Order") that carefully considered each element of Rule 23. In doing so the Court made industry-wide findings concerning among other issues: the use of AWP (pp. 7-11), and an analysis of how drugs are reimbursed in each of the relevant markets (pp. 12-30). The Court used these findings, which cited to exhibits, expert reports and Dr. Berndt, in applying the Rule 23 standards (pp. 31-87). None of these findings were specific to the Track 1 Defendants, rather they focused on the industry. At the end of the Order the Court then directed the parties to follow a specific procedure for adding named Plaintiffs. Order at 88-89. The parties then engaged in another round of briefing on adequacy issues. *See* Docket Nos. 1931, 1966-67 and 1969.

After this extensive record, on November 21, 2005, the Court issued CMO 16, which adopted the exact same procedure for Track 2 as was followed for Track 1:

> Plaintiffs were to file an amended complaint adding class representatives 30 days after the class certification order demonstrating ***typicality*** and ***adequacy***.
>
> Plaintiffs were to file supporting documents and to submit these plaintiffs to deposition. [Emphasis added.]

In accordance with CMO 16, Plaintiffs filed an amended complaint adding such representatives and a proposed class certification order that tracks the language of the Track 1 class certification order.

## II.   ARGUMENT

Rather than attempt an "end around" on class certification, Plaintiffs, interpreting CMO 16 in view of the extensive class certification history that has occurred since the entry of CMO 14, and consistent with the purpose of phasing the Defendants into two tracks, complied with CMO 16 and followed the exact procedure the Court implemented for the Track 1 Defendants.

-3-

In their present motion the Track 2 Defendants completely ignore almost two years of class certification proceedings and propose that the parties and the Court start over and that Plaintiffs file a new motion and new expert reports.  Back to the beginning say the Track 2 Defendants.  Nonsense.  This cannot be what the Court intended in phasing the case and in using Dr. Berndt to report on the industry as a whole.

Nor is the procedure in CMO 16 a "reverse" class procedure (Defs' Motion at 4-5) where a Court "permits" class certification to proceed in reverse."  *Id*.  The Court has already conducted extensive proceedings on all Rule 23 issues.  Not once do the Track 2 Defendants specify why the Rule 23 findings, excepting adequacy, as to a purchase from each Track 2 Defendant, needs to be relitigated as to these Defendants.

Indeed, the moving Defendants make it clear that they wish to ignore the entire Track 1 procedure when they assert that "discovery is required to develop a record for which class certification can be granted or denied" and warn that "a district court may be reversed for premature certification if it has failed to develop a sufficient evidentiary record.... *Id*. at 5.

Few if any courts have developed or been presented with a more detailed evidentiary record than this Court and a new record is not required.

Equally ludicrous is Defendants' claim that they "should not be forced to shadow box" and that Plaintiffs must state their case for class certification "so they can formulate a discovery plan and respond."  Defs' Motion at 6.  Plaintiffs have set forth their class certification since their motion was filed on September 3, 2004.  The Track 2 Defendants have had the ability to participate in all discovery on this issue and often have done so.  The proposed Track 2 Class Certification order lays out precisely the class sought for certification purposes, so there is no need to "shadow box."

The premise of the motion – that the parties and the Court should start over – is inconsistent with the extensive proceedings that have taken place.[1]

| | |
|---|---|
| DATED:  March 23, 2006. | By  /s/ **Steve W. Berman**  <br>   Thomas M. Sobol (BBO#471770)<br>   Edward Notargiacomo (BBO#567636)<br>Hagens Berman Sobol Shapiro LLP<br>One Main Street, 4th Floor<br>Cambridge, MA  02142<br>Telephone: (617) 482-3700<br>Facsimile: (617) 482-3003<br><br>**LIAISON COUNSEL**<br><br>Steve W. Berman<br>Sean R. Matt<br>Hagens Berman Sobol Shapiro LLP<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA  98101<br>Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594<br><br>Elizabeth Fegan<br>Hagens Berman Sobol Shapiro LLP<br>60 W. Randolph Street, Suite 200<br>Chicago, IL  60601<br>Telephone: (312) 762-9235<br>Facsimile: (312) 762-9286<br><br>Eugene A. Spector<br>Jeffrey Kodroff<br>Spector, Roseman & Kodroff, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA  19103<br>Telephone: (215) 496-0300<br>Facsimile: (215) 496-6611 |

---

[1] If the Court desires compliance with CMO 14, Plaintiffs will need 45 days to do so, given the extensive summary judgment proceedings now underway.

-6-

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
Facsimile:  (215) 772-1359
Telephone:  (215) 772-1000

**CO-LEAD COUNSEL FOR PLAINTIFFS**

001534-16 99379 V1

-1-

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

    I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on March 23, 2006, I caused copies of **CLASS PLAINTIFFS' OPPOSITION TO TRACK 2 DEFENDANTS' MOTION TO ENFORCE COMPLIANCE WITH CASE MANAGEMENT ORDER NO. 14** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

                      **/s/ Steve W. Berman**
                      Steve W. Berman

-1-