# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| IN RE PHARMACEUTICAL INDUSTRY | ) | MDL NO. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | CIVIL ACTION NO. 01-12257-PBS |
| _____ | ) | |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO | ) | |
| ALL ACTIONS | ) | |
| _____ | ) | |
| | ) | |
| NEW ENGLAND CARPENTERS HEALTH | ) | CIVIL ACTION NO. 05-11148-PBS |
| BENEFIT FUND, et al., | ) | |
| | ) | Judge Patti B. Saris |
|                        Plaintiffs, | ) | |
| v. | ) | |
| FIRST DATABANK, INC., and McKESSON | ) | |
| CORPORATION, | ) | |
| | ) | |
|                        Defendants. | ) | |
| _____ | ) | |

## MOTION FOR MODIFICATION OF THE PROTECTIVE ORDER

This motion is brought jointly by three plaintiffs who are parties to both Civil Action No. 01-CV-12257 (the "AWP MDL") and Civil Action No. 05-11148 (the "Related Action") — Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust, Teamsters Health & Welfare Fund of Philadelphia and Vicinity, and Philadelphia Federation of Teachers Health and Welfare Fund (the "Related Action Plaintiffs") — and by McKesson Corporation, which is a defendant in the Related Action only. The Related Action Plaintiffs file this motion concurrently in both of the above-captioned cases. McKesson is moving in the Related Action only, since it is not a party to the MDL proceeding.

By this motion, The Related Action Plaintiffs and McKesson seek a modification to the Protective Order in the AWP MDL (the "AWP Protective Order") to provide that information

produced or exchanged in the AWP MDL Litigation, which is discoverable in the "Related

Action," may be provided to and used by the parties in the Related Action subject to the AWP

Protective Order, as modified by the Proposed Order filed concurrently with this motion.  (*See*

(Proposed) Order, filed herewith, setting forth modifications to AWP MDL Protective Order ¶¶

4, 6, and 8.)

## <u>ARGUMENT</u>

The AWP MDL includes actions filed in 2002 on behalf of various private parties and

state agencies and later transferred to this Court.  The Related Action was filed in this district on

June 2, 2005, and reassigned by the clerk's office to this Court as an action related to the AWP

MDL.  The Related Action Plaintiffs, who are also plaintiffs in the MDL, act as third party

payors for prescription drugs and other health benefits.[1]  The Related Action names two

defendants, McKesson and First Databank, Inc., neither of which is a party to the AWP MDL.

Over the course of the AWP MDL, an extensive discovery record has been created,

which addresses some matters that will be at issue in the Related Action.[2]  A significant portion

of that discovery has been produced subject to the AWP Protective Order, which limits its use

"solely for the purpose of the AWP Litigation" (AWP Protective Order ¶ 8).  To the extent some

of the record developed in the AWP MDL is discoverable in the Related Action, the parties to

the Related Action would have to recreate that record from scratch, thereby multiplying

discovery proceedings substantially.  For instance, parties and third parties who have already

provided discovery in the AWP MDL would be subject to duplicative discovery in the Related

---

[1] The fourth named plaintiff in the Related Action, New England Carpenters Health Benefits Fund, is not a party to the AWP MDL.

[2] The reassignment of the Related Action to this Court confirms as much.  *See* Combined Local Rules, rule 40.1(G)(1) (providing for designation as a related case where the second action involves "the same or similar claims or defenses" or "substantially the same questions of fact and law").

Action.  Extending the AWP MDL Protective Order to the parties in the Related Action, and

permitting use in the Related Action of portions of the AWP MDL discovery record thus

presents obvious efficiencies.  The Court itself raised the possibility of modifying the AWP

Protective Order to permit such access and use at the February 9th status conference.  (*See* Civil

Action No. 05-11148, Docket No. 44, Reporter's Transcript, Status Conference Hearing dated

February 9, 2006 at 16:3-10 attached as Exhibit A.)

The modification to the AWP Protective Order sought by this motion would not prejudice

the confidentiality interests of the other parties to the AWP MDL.  The Related Action Plaintiffs

and their lawyers already have access to all discovery produced pursuant to the AWP Protective

Order by virtue of their status as named plaintiffs or counsel of record in the AWP MDL.  The

modification sought by this motion would enlarge the scope of the AWP Protective Order to add

only three additional parties — plaintiff New England Carpenters Health Benefits Fund and

defendants McKesson and First Databank.  Importantly, any use of confidential discovery

material produced in the AWP MDL, including material designated "highly confidential" or

"attorney eyes only," would continue to be governed by the terms of the existing AWP

Protective Order, thereby retaining the protections on confidentiality originally contemplated by

the parties to the AWP MDL and ordered by this Court.

## CONCLUSION

For the foregoing reasons, the parties respectfully request this Court to grant the Related

Action Plaintiffs and McKesson's motion to modify the AWP Protective Order and issue an

order in the form attached hereto as Exhibit B.

Dated: March 23, 2006                                       Respectfully submitted,

                                        PIRELLI ARMSTRONG TIRE
                                        CORPORATION RETIREE MEDICAL
                                        TRUST, TEAMSTERS HEALTH &

WELFARE FUND OF PHILADELPHIA,
and PHILADELPHIA FEDERATION OF
TEACHERS HEALTH AND WELFARE
FUND
By its attorneys:
/s/  Steve W. Berman
Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each other party through the Court's electronic filing service on March 23, 2006.

/s/ Steve W. Berman