# EXHIBIT 47



09/23/05
04:28 PM ET

# COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

WASHINGTON
NEW YORK
SAN FRANCISCO
LONDON
BRUSSELS

JASON R. LITOW
TEL 202.662.5404
FAX 202.778.5404
JLITOW@COV.COM

September 23, 2005

BY E-MAIL AND VERILAW

Tim Terry
Deputy Attorney General
Office of the Attorney General
198 North Carson Street
Carson City, NV 89701

Jeniphr A. Breckenridge
Hagens Berman Sobol Shapiro
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101

  Re: <u>Nevada AWP Actions</u>

Dear Tim & Jeniphr:

  The purpose of this letter is to memorialize the results of the two conference calls that we had yesterday: the first conference call concerned documents in the immediate possession of First Health and the second conference call concerned general discovery issues relating to the September 19, 2005, hearing on defendants' motion to compel.

**Call with First Health**

  On this call, we went through various document requests for which First Health might have responsive documents.

  With respect to Document Request No. 2, you and First Health agreed to produce the following categories of documents:

- claims data information (discussed below in more detail)



COVINGTON & BURLING

Tim Terry
Jeniphr A. Breckenridge
September 23, 2005
Page 2

- any keys or glossaries that define the various fields in the claims data
- the historical drug files for the Subject Drugs
- documents relating to MAC pricing in Nevada
- documents demonstrating how the appropriate reimbursement amount is determined
- a sample of typical claims forms and remittance forms

With respect to Document Request No. 12, our understanding is that responsive documents (i.e. records relating to dispute resolution) exist but are in the immediate possession of the State, not First Health. You stated that the State would follow-up with respect to the production of these documents.

With respect to Document Request No. 13, our understanding is that the State is still searching for its contracts with First Health and Anthem. Counsel for First Health indicated that they likely have files of these documents. The State has an outstanding objection relating to the production of RFPs. For its part, First Health agreed to provide a sample of its contracts with providers, but objected to the production of contracts with manufacturers relating to rebates. First Health also objected to providing any rebate data on the grounds of burden, confidentiality, and that that data would be in the possession of defendants. First Health also stated that it did not have any relevant lobbying documents.

The parties agreed that Document Request No. 14 relates to the claims data that First Health has agreed to produce.



E-SERVED
09/23/05
04:28 PM ET
AWP-MDL No. 1456

## COVINGTON & BURLING

Tim Terry
Jeniphr A. Breckenridge
September 23, 2005
Page 3

With respect to Document Requests No. 15 and 16, First Health indicated that it may have a small number of documents relating to its agreements and communications with publishers and that it will produce those documents.

On the issue of claims data in general, we identified the specific fields in which defendants are interested. First Health agreed to provide us with a sample of its claims data after deleting patient-identifying information and the hope was that this would include the fields that we requested. First Health stated that it could produce this sample within a week. As discussed, First Health also agreed to provide us with any keys or glossaries that might be useful in understanding the data and the fields. First Health stated that it would look into the extent to which it handles claims for physician-administered drugs and whether the claims data for those drugs are maintained in the same manner as the data for self-administered drugs. First Health also agreed to provide us with a copy of information from its drug files along with any necessary descriptions of the fields.

### Motion to compel follow-up call

We began this call by going through the various disputed document requests to see if we could "advance the ball" on any of them.

With respect to documents prior to 1991 relating to the State's knowledge of AWP, you agreed to search for any federal reports specifically identified by defendants, as well as any correspondence, memoranda or other documents relating to these reports. You also agreed to produce any other relevant reports or documents discovered in the course of the search for an



COVINGTON & BURLING

Tim Terry
Jeniphr A. Breckenridge
September 23, 2005
Page 4

identified report. Pursuant to this agreement, we request that the State search its files for all documents relating to the following government reports:

- *Title XIX of the Social Security Act, Limitation on Payment or Reimbursement for Drugs*, HCFA Medicaid Transmittal, No. 84-12, *reprinted in* Medicare & Medicaid Guide (CCH) ¶ 34,157 (Sept. 1984)

- HHS-IG, *Use of Average Wholesale Prices in Reimbursing Pharmacies Participating in the Medicaid and the Medicare Prescription Drug Program*, Medicare & Medicaid Guide (CCH) ¶ 38,215 (Oct. 1989)

- Majority Staff Report, Special Committee of Aging, United States Senate, *Prescription Drug Prices: Are We Getting Our Money's Worth?*, S. Rep. 101-49 (1989)

This list is not meant to be exhaustive and we may identify additional reports in the future.

With respect to Document Request No. 2, the current proposal under consideration is for the State to provide defendants with organizational charts and a list of decision-makers and defendants could then identify whose files should be searched for responsive documents.

With respect to Document Request No. 3, the State agreed to try to determine which individuals would have responsibility in this area. Defendants agreed to try and determine who in other states performed this function.

The parties agreed that Document Request No. 6 was covered on the earlier call with First Health. The State is still looking into the location and format of historical claims data that was processed by Anthem.

With respect to Document Request No. 8, the State is moving forward with those documents that it has agreed to produce.



COVINGTON & BURLING

Tim Terry
Jeniphr A. Breckenridge
September 23, 2005
Page 5

With respect to Document Requests No. 26 and 52, defendants proposed limiting these to the files of certain key decision-makers. You are still following up.

With respect to Document Request No. 49, the parties agree that this is still an open issue, as you have objected to the production of the State's rebate data. Defendants agreed to try and determine whether the State is correct that all this information is already in their possession. In the meantime, you agreed to determine precisely what rebate data the State has in its possession.

With respect to general issues, you indicated that you expect to make another production of documents early next week. In response to our letter of September 7, 2005, you are researching which other State entities were involved in the purchasing of drugs and/or provision of drug benefits and hope to provide that information to us within the week. You are also still looking into other potential 30(b)(6) witnesses from the Medicaid department and other state agencies and departments. We ask that you begin the process of checking schedules and propose dates in late October for the depositions of any such 30(b)(6) witnesses, along with the depositions of Charles Duarte, Mel Rosenberg and John Liveratti.

A follow-up call has been scheduled for Friday, September 30, 2005 to discuss progress on these and other issues. Please feel free to contact me or Ron at any time to discuss these matters.

With best regards,

Jason R. Litow



COVINGTON & BURLING

Tim Terry
Jeniphr A. Breckenridge
September 23, 2005
Page 6

cc:   Counsel of record (by Verilaw)

COVINGTON & BURLING