# EXHIBIT 48



JENIPHR A.E. BRECKENRIDGE
DIRECT • (206) 224-9325
JENIPHR@HBSSLAW.COM

# HAGENS BERMAN
## SOBOL SHAPIRO LLP

December 12, 2005

**VIA ELECTRONIC MAIL**

Kathleen M. O'Sullivan
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101

      Re:    Montana AWP Action

Dear Katie:

This letter responds to several issues raised by your December 1, 2005 letter. We will address each category in the letter in turn.

**A.   General Issues**

    **1.   Scope of Montana's claim**

We submitted the issue of entering into a stipulation that the State will not pursue damages on behalf of non-Medicaid agencies to the State Attorney General's Office. We do not yet have a response.

We have not changed our position regarding the proper scope of discovery if such a stipulation is entered. The State believes that the stipulation would eliminate defendants' need and entitlement for discovery from other Montana state agencies that purchased prescription drugs. Defendants have made no showing that such information would be relevant to the issue of Montana's knowledge regarding AWP where the only State damages relate to Medicaid. Need must be demonstrated because of the otherwise overbroad and burdensome nature of the requests.

    **2.   Time Period**

The question remains whether Montana will produce documents, including data, prior to 1997 or after 2001. Since we last spoke, I have been able to research objections made by several defendants to providing discovery for this same period. Many

ATTORNEYS AT LAW          SEATTLE   LOS ANGELES   CAMBRIDGE   PHOENIX   CHICAGO
T 206.623.7292    F 206.623.0594
www.hagens-berman.com

1534.15 0041 LTR.DOC

Kathleen M. O'Sullvian
December 12, 2005
Page 2

defendants have objected to producing responsive information for the time period, prior to 1997 or after the lawsuit was filed. The objections have been resolved in different ways.

Thus, it is odd that your letter describes the State's position as "inconsistent." In fact, it is entirely consistent with the positions that defendants have taken. If the State's position appears to be a change in positions, it is because of the difficulty we have had in obtaining responsive documents from defendants.

Nevertheless, the State will produce responsive documents, including data, from 1991 to 1997. This production will be a basis for a global motion to compel documents and data from the same time period from all defendants. The state will make the production without waiving any available objections to the use of the information by defendants.

The State will *not* produce information created after the filing of the lawsuit or before 1991. Defendants have not articulated a credible reason the State should produce information from this time period. In fact, the December 1, 2005 letter effectively ignores this time period.

### 3. Files Searched for Responsive Documents

The State continues to make all reasonable efforts to locate and produce responsive information. This does not include the files contained by the legislature or executive branches because the State does not believe that these sources fall within relevant discovery in this case. Defendants elected to postpone the conclusion of 30(b)(6) deposition on the location, nature, and existence of documents so you could return to Seattle early. You will have an opportunity to continue the questioning next week. You will likely find that there are not other sources of relevant documents. If additional sources are identified, however, we will search them and produce responsive information.

### 4. Litigation Hold on Destruction of Documents

This has been addressed by motion.

Kathleen M. O'Sullvian
December 12, 2005
Page 3

### B. Documents Identified in November 11, 2005 Letter

We continue to follow up on many of the items on this list. Joe Mazurek or I will contact you with our responses.

Specific requests we can respond to are the following.

- The State will conduct e-mail searches. They will not be as sweeping as proposed by your December 1, 2005 letter, however. "All State employees Mr. Buska identified during his deposition" is unnecessarily broad. We would like to work with you to determine a more limited scope search. We suggest searching the e-mails of certain individuals for key terms identified by defendants and approved by us.

- We are working to confirm the feasibility of searches for electronic files.

- We have not located any additional files related to legislative hearings and committee meetings or Montana Medicaid organization charts other than those produced.

- Drug Utilization Review Board records, although irrelevant, have been produced.

### C. Conference Call With ACS

In light of the State's agreement to produce documents, including claims data, from 1997 to 2001, we will now schedule a call between defendants and ACS. By e-mail, we proposed Wednesday after the Dan Peterson deposition n Helena. We are checking with ACS and State representatives for their availability. Friday is the alternate option.

Kathleen M. O'Sullvian
December 12, 2005
Page 4

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Jeniphr A.E. Breckenridge

cc:    Steve W. Berman
       Joseph Mazurek