UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br>IN RE PHARMACEUTICAL INDUSTRY  )<br>AVERAGE WHOLESALE PRICE             )<br>LITIGATION                                            )<br>_____)<br>                                                                )<br>THIS DOCUMENT RELATES TO:          )<br>State of California, *ex rel.* Ven-A-Care v.   )<br>Abbott Laboratories, Inc., *et al.*                )<br>CASE #:  1:03-cv-11226-PBS                   )<br>_____) | MDL NO. 1456<br>Master File No. 01-12257-PBS<br><br>(Original Central District of California<br>No. 03-CV-2238)<br><br>Judge Patti B. Saris |

**REPLY IN SUPPORT OF DEFENDANT ZLB BEHRING LLC'S INDIVIDUAL
MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT-IN-INTERVENTION**

In their Response[1] to the individual memorandum filed by defendant ZLB Behring LLC, f/k/a Aventis Behring LLC ("Behring") in support of defendants' motion to dismiss, plaintiffs concede that their claims against Behring relating to blood factor drugs fail to satisfy the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure.  Specifically, plaintiffs' Response acknowledges that plaintiffs "do not dispute Behring's assertion regarding Rule 9(b) deficiencies as to Behring blood factor drugs, and they withdraw their false claim allegations concerning Behring blood factor drugs" from the First Amended Complaint-in-Intervention ("FAC").  Accordingly, the Court should dismiss with prejudice plaintiffs' claims against Behring insofar as they relate to blood factor drugs.  See Am. Compl. ¶ 57.

Plaintiffs' Response also appears to suggest that plaintiffs' claims against Behring relating to immune globulins (IVIGs) must have been properly alleged because Behring's individual memorandum in support of the motion to dismiss did not address those claims.  To the

---

[1] Docket Entry 2184.

contrary, Behring did not address those claims in its individual memorandum because the deficiencies in those claims were addressed in the defendants' Joint Motion to Dismiss Plaintiffs' First Amended Complaint-in-Intervention. As a result, there was no need to address those claims in Behring's individual memorandum.

Respectfully submitted,

/s/ Aimée E. Bierman
Michael DeMarco (BBO #119960)
   mdemarco@klng.com
Aimée E. Bierman (BBO #640385)
   abierman@klng.com
KIRKPATRICK & LOCKHART
  NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111-2950
(617) 261-3100
FAX:  (617) 261-3175

Jonathan T. Rees
Gregory M. Petouvis
HOGAN & HARTSON L.L.P.
555 13th Street, NW
Washington, D.C.  20004
(202) 637-5600
FAX:  (202) 637-5910

ATTORNEYS FOR DEFENDANT
ZLB BEHRING LLC

Dated:  April 3, 2006

## CERTIFICATE OF SERVICE

     I hereby certify that on April 3, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Aimée E. Bierman
Aimée E. Bierman