UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION <br><br> THIS DOCUMENTS RELATES TO: <br> State of California, *ex rel.* Ven-A-Care v. Abbott Laboratories, Inc., *et al.* <br> Case No. 1:03-cv-11226-PBS | ) ) ) ) ) ) ) ) ) ) ) ) ) **MDL NO. 1456** <br> **Master File No. 01-12257-PBS** <br><br> **(Original Central District of California No. 03-CV-2238)** <br><br> **Judge Patti B. Saris** |

### SEPARATE REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS THE FIRST AMENDED COMPLAINT-IN-INTERVENTION OF BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. AND BOEHRINGER INGELHEIM CORPORATION

Plaintiffs' Memorandum in Opposition to Defendants' Joint Motion to Dismiss ("Opposition") confirms that, in addition to the reasons applicable to all Defendants, the case should be dismissed as to Boehringer Ingelheim Corporation ("BIC") and Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") because the Amended Complaint fails to allege any specific wrongdoing by BIC or BIPI, let alone meet the specificity requirements of Federal Rule of Civil Procedure 9(b).[1]  Plaintiffs' Opposition did not, and could not, cure those fatal defects.

The gravamen of Plaintiffs' case is that Defendants "defrauded [Medi-Cal] by reporting excessively high and false prices for *some of their prescription drugs* with knowledge that Medi-Cal used these reported prices for establishing reimbursement to its Medi-Cal providers for

---

[1] BIPI was served with the Amended Complaint after the Defendants' Joint Motion to Dismiss was filed with the Court, but joined that Motion to Dismiss with a separate brief after being served with the Amended Complaint.

BOST1-884391-1

these drugs." Am. Compl. ¶ 1 (emphasis added).  But, contrary to Plaintiffs' assertions in their Opposition, the Amended Complaint does not specify any drugs sold by BIC or BIPI or any other specific wrongdoing by either of them.[2]

Plaintiffs assert in their Opposition that they "have alleged a detailed fraudulent scheme and have stated the ***specific drugs sold by each Defendant*** and their alleged fraudulent AWP figures." Opp. at 36 (emphasis added).  Plaintiffs further state that "*for each drug at issue*, the Defendant-specific exhibits identify the: (1) drug name; (2) corresponding National Drug Code (NDC); (3) date; (4) AWP; (5) Cost of Drug Product (CDP); (6) market price per unit; and (7) source of that market price."[3] *Id.* (emphasis added); *see also id.* at 37 ("The [Amended Complaint] exhibits contain details concerning . . . each NDC at issue, which represents the particular goods for which the government was billed.").  Yet the Amended Complaint and its "Defendant-specific exhibits" contain no specific drug allegations with respect to BIC or BIPI.  Instead, Plaintiffs improperly lump BIC and BIPI with defendant generic pharmaceutical company Ben Venue Laboratories, Inc., and its division, Bedford Laboratories, and allege that those entities collectively sell and distribute "its prescription drugs."  *See* Am. Compl. ¶¶ 8, 65.  No BIC or BIPI drug is identified on Exhibit N to the Amended Complaint, which Plaintiff alleges is the list of drugs for which Medi-Cal paid "unlawful" amounts.  *Id*. ¶ 65; Exhibit N.  This collective approach to pleading contravenes the specificity required by Rule 9.

This Court has previously instructed plaintiffs that they must "clearly and concisely allege with respect to each defendant: (1) the specific drug or drugs that were purchased from

---

[2]  The Court must review the Amended Complaint for sufficiency as to each defendant separately.  *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997); *Vicom, Inc. v. Harbridge* Merchant *Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994); *Rhone v. Energy North, Inc.*, 790 F. Supp. 353, 361 (D. Mass. 1991).

[3]  Likewise, in the Amended Complaint Plaintiffs' state that "[s]pecifically, the Plaintiffs' have listed ***each drug at issue***. . . ."  Am. Compl. ¶ 49 (emphasis added).

2

defendant; (2) the allegedly fraudulent AWP for each drug; and (3) the name of the specific plaintiff(s) that purchased the drug." *In re Pharm. Indus. Average Wholesale Price Litig.*, 263 F. Supp. 2d 172, 194 (D. Mass. 2003). Despite this directive, the Amended Complaint fails adequately to allege that any specific drugs were sold by BIC or BIPI, let alone that they were purchased by Plaintiffs at an allegedly fraudulent AWP. Accordingly, all claims against BIC and BIPI should be dismissed. *See In re Pharm. Indus. AWP Litig.*, 263 F. Supp. 2d at 177, 194 ("The Court also dismisses . . . all claims regarding drugs that are not identified by name with a specified fraudulent AWP . . . ."); *In re Pharm. Indus. AWP Litig.*, 2004 WL 2387125 at *3 (D. Mass. Oct. 26, 2004) ("The claims against Aventis Pharmaceuticals Inc. are dismissed for failure to plead a drug sold by Aventis Pharmaceuticals Inc[.].").

Respectfully submitted,

Dated: April 3, 2006

      /s/ Lee M. Holland

Brent L. Caslin (S.B.N. 198562)
Glen G. Mastroberte (S.B.N. 224721)
KIRKLAND & ELLIS LLP
777 South Figueroa Street, Suite 3700
Los Angeles, California  90017
Telephone:   (213) 680-8400
Facsimile:    (213) 680-8500

Helen E. Witt, P.C.
Anne M. Sidrys, P.C.
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, Illinois  60601-6636
Telephone:   (312) 861-2000
Facsimile:    (312) 861-2200

John W. Steinmetz, Esq.
Lee M. Holland, Esq.
ROBINSON & COLE LLP

3

K&E 11065650.2

One Boston Place
Boston, Massachusetts  02108
Telephone:   (617) 557-5900
Facsimile:   (617) 557-5999

***Attorneys for Defendant:
BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.***

## CERTIFICATE OF SERVICE

I, Glen G. Mastroberte, hereby certify that on April 3, 2006 I caused a true and correct copy of the foregoing, Separate Reply In Support Of Defendants' Joint Motion To Dismiss The First Amended Complaint-In-Intervention Of Boehringer Ingelheim Pharmaceuticals, Inc. And Boehringer Ingelheim Corporation, to be served on all counsel of record in accordance with the Court's Case Management Order No. 2.

Dated:  April 3, 2006                                       /s/ Glen G. Mastroberte
                                                             Glen G. Mastroberte, Esq.

K&E 11065650.2