## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) |
| | ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| *State of Nevada v. Abbott Labs., Inc. et al.,* Case No. CV02-00260 | ) ) ) |
| *State of Nevada v. American Home Products, et al.,* CA No. 02-CV-12086-PBS | ) ) ) |
| *State of Montana v. Abbott Labs., Inc., et al.* D. Mont. Cause No. CV-02-09-H-DWM | ) ) ) ) |

MDL No. 1456

CIVIL ACTION:  01-CV-12257-PBS

Judge Patti B. Saris

## THE STATES OF MONTANA AND NEVADA MOTION TO AMEND CMO NO. 23

### I.    INTRODUCTION

The States of Montana and Nevada (the "States") move to amend Case Management Order ("CMO") No. 23 by replacing it with [Proposed] CMO No. 24 (attached).  The amendment would extend the deadlines for expert reports and motions for summary judgment for all parties by two months.  The States' request for this relief is driven by several extraordinary factors beyond any party's control that have developed in the past month.  These factors include the following:  (i) neither the States nor the defendants have the claims data they require from non-party fiscal intermediary First Health Services, despite working assiduously and cooperatively to obtain such data; (ii) the States must devote extensive time to search for and

produce the additional State documents, including electronic discovery, ordered by Magistrate Judge Bowler on March 29, 2006;[1] (iii) in the Montana case, the State's co-counsel abruptly and unexpectedly withdrew from the case on March 21, 2006, leaving a void in the State's capacity to meet all deadlines; and (iv) the coincidence of the MDL expert report and summary-judgment schedules render the States' experts literally unavailable for deposition in the month of April.

These factors are discussed more fully below.  In summary, the extension of time is necessary because of these factors beyond the parties' control, each of which has developed in the past few weeks and impacts the schedule and the States' ability to meet the current deadlines. These demands have led the States to the conclusion that – despite the parties' efforts – it is neither realistic nor even possible to complete the remaining discovery and file expert reports and summary-judgment motions in compliance with the current deadlines.

## II.     BACKGROUND AND DISCUSSION

CMO No. 23's timetable for expert reports and summary-judgment motions currently stand as follows[2]:

| | |
|---|---|
| Plaintiffs file any expert reports on liability issues | April 14, 2006 |
| Defendants shall file any expert reports on liability issues by | May 5, 2006 |
| Motions for Summary Judgment | May 5, 2006 |
| Opposition to Motions | June 2, 2006 |
| Replies | June 16, 2006 |
| Sur-replies | June 30, 2006 |
| Hearing | July 17, 2006 |

---

[1]     Defendants have requested this discovery by April 14, 2006 in time to incorporate into expert reports and summary-judgment motions under the current schedule.

[2]     This is the schedule for all parties except Baxter International Inc. and Baxter Healthcare Corporation.

Both before and after the Court entered CMO No. 23 on February 3, 2006, the parties worked diligently and cooperatively to meet the court-ordered deadlines. These efforts have been detailed in  previous motions regarding the schedule. *See, e.g.,* Joint Motion of the States and Defendants to Amend CMO 15 (Dkt. No. 2064); Motion of Defendants to Amend CMO 15 (Dkt. No. 2105). The result has been the production of tens of thousands of documents from each State, the cooperative scheduling of more than 30 depositions of State employees, former employees and non-parties. This has been accomplished with minimal court involvement. The parties worked together to narrow the issues on which they have disagreed. Defendants brought the remaining issues before the Court in a motion to compel which was heard on March 29, 2006. The parties expect the cooperation to continue as they conclude the depositions and work to comply with Magistrate Judge Bowler's order on the motion to compel.

The States concur with defendants' earlier acknowledgement of the parties' joint efforts to meet the case schedule and the sincere difficulties the States in particular have had meeting the schedule. As described by defendants in earlier briefing concerning the schedule: "Counsel for the defendants and counsel for the States engaged in regular meet and confers for much of the last half off 2005 and still have been unable to meet the schedule for a combination of reasons: the complexity of the litigation, the nature of the States' claims (on behalf of the States themselves and in a *parens patriae* capacity representing Medicare beneficiaries and private third party payors and health plans), the large volume of responsive documents (in part because the States' claims go back to 1991), that many of the States' witnesses are former employees, the States' limited resources to search for and produce those documents in an expedited fashion." *See* Defendants' Motion to Amend CMO No. 15 at 5-6.

The demands the litigation places on the States are real.  Because of the population size of the States, the Medicaid programs of Montana and Nevada are extremely small and leanly staffed.  The involvement of Medicaid personnel is essential to conducting the searches and producing the documents.  This is a diversion from their work to provide health care to their beneficiary populations.  In addition, under federal law, Medicaid must carefully review each and every document to redact Patient health information prior to producing the information.  This is a tedious and time-consuming process not imposed on other litigants.

This request for relief, then, is not based on conflict between the States and defendants.  Rather, since CMO No. 23 was issued, in early February, several unforeseen events have transpired that place additional and unexpected demands on the States and their experts.  The States' request for relief is predicated on specific, recent unanticipated circumstances described below.  It is literally impossible for the States to simultaneously complete the discovery necessary for the parties to complete expert reports and draft summary-judgment motions.

1.      **The parties learn on March 30, 2006 that non-party will not provide the claims data needed by the experts for at least four weeks**

In the Nevada case, the State and the defendants have worked cooperatively with non-party fiscal intermediary First Health Services to obtain Medicaid claims data for the State's Medicaid program for the 2003 to present time period.  The process has been slow on First Health's part.[3]  Despite diligent and joint efforts by Nevada and the defendants, First Health Services has not produced all claims data.  Earlier this week, First Health Services submitted a proposal to the defendants for the final production of data which included an estimate of 80 additional hours to produce adjudicated pharmacy claims and drug pricing information ***and an***

---

[3]      The data is in the possession and control of First Health, not the State of Nevada.  First Health is a non-party acting at its own direction at the direction of Defendants.

*additional 250 to 370 hours for J-Code Analysis and Reporting*.  The proposal means that no party has the data needed by experts for completion of their expert reports and cannot expect to receive the data *for at least 4 more weeks*.

Also in the Nevada case, on March 30, 2006, defendants informed the State for the first time that claims data the State produced for the time period 1991 to the 2003 does not include physician-administered drugs.  The State must now investigate what has happened to the physician-administered claims data for this period.  Again, no party has the data needed by experts for completion of their expert reports and it is uncertain how long it will take the State to obtain this data.

     **2.**     **Montana co-counsel withdraws unexpectedly on March 21, 2006**

In the Montana case, co-counsel Crowley, Haughey, Hanson, Toole & Dietrich, PLLP (the "Crowley Firm") abruptly and unexpectedly withdrew from the case on March 21, 2006, ten days before the close of fact discovery.  In the weeks leading up to the withdrawal, the Crowley firm had withdrawn from an active role in the case to resolve an issue internal to the firm.  The Crowley law firm was expected to handle the majority of the Montana discovery, including the finalization of the State Medicaid document production *and* representation of the State at the depositions of former and current employees in Montana, Arizona and Florida *and* non-party depositions.  Counsel from the Attorney General's Office was substituted, but a transition period and related delay were inevitable.  As a result of the firm's withdrawal, remaining counsel was forced to divert time and resources from other discovery tasks in both cases to staff the depositions.  Defendants have agreed to an additional month of discovery for the limited purpose of scheduling the depositions of certain identified witnesses.

3.      **Magistrate Judge Bowler orders extensive additional discovery and electronic discovery on March 29, 2006**

On March 29, 2006, Magistrate Judge Bowler ruled on a motion to compel related to the several discovery issues in dispute between the States and the defendants.  In summary, the Magistrate's Order will result in nine additional depositions, searches for responsive documents, including electronic documents and email, within the possession of each of the new witnesses. In addition, the Magistrate has ordered full electronic discovery of *every current or former employee deposed in the case*.

Although the Court did not order a specific deadline for the production of this information, defendants have requested that the States produce the information on a rolling basis beginning immediately and to be concluded by April 14th, in order for the information to be used by their experts in their reports and in summary-judgment motions, both due May 5, 2006 under the current schedule.

Magistrate Bowler ordered the States to produce the following *additional new specific* sources of information:

> (i)      Discovery of non-Medicaid agencies, including three witnesses of defendants' choosing *in each state*, document discovery for each agency defendants select and electronic discovery for each of the non-Medicaid deponents;
>
> (ii)     Depositions of three governor's office/legislative witnesses identified by defendants:  two in Nevada and Montana *and* document and electronic document and email discovery from each of the witnesses; and
>
> (iii)    Electronic data, documents and email, for each of the State Medicaid current and former employees who have been or will be deposed.

The electronic discovery alone places a severe and time-consuming burden on the State.[4] The Court ordered the parties to confer on narrowing the list of key terms to be searched. Currently, the list is seven single spaced pages.  Next, each State must figure out how to conduct the searches.  Currently, neither State has software that will allow it to conduct such searches easily.  The defendants have offered to provide one of two "shareware" or free software products to expedite the searches, but the States' initial research suggests that this software is not intended for use in the network environment.  Further, the installation of software must be approved and tested before it is used on States' computers.

The States will be working throughout the month of April to conclude the fact depositions in the case and to complete the discovery required by Magistrate Judge Bowler's March 29, 2006 Order.

### 4.      The States' Experts Are Not Available In April

In addition to not having complete data on which to base their opinions in the State cases, the State's experts will be working full time through April to finalize their opinions and declarations in support of the summary-judgment briefing in the MDL case.  Defendants have requested the depositions of the State's efforts during a five day period at the end of April.  The experts are literally not available at all during April.  It would be impossible to complete all of these tasks as well as finalize expert reports and motions for summary judgment by the current dates.

### III.     CONCLUSION

The States of Montana and Nevada respectfully request that the Court modify CMO No. 23 consistent with this proposal.  This request for amendment of CMO No. 23 is made after months of concentrated and cooperative discovery efforts by all parties.  The relief is required

---

[4]      Earlier estimates in Nevada put the time required for electronic discovery at 30 days at a minimum.

because of extraordinary circumstances that have developed since March 1, 2006, despite

diligence on the part of the States.  Because of these circumstances, it would now be humanly

impossible for the States to meet the expert and summary-judgment deadlines.  For all of these

reasons, in the interest of fairness, the States believe that an extension in the schedule is justified

and necessary.


By  /s/ Steve W. Berman                                   DATED:  April 3, 2006


    Steve W. Berman
    Sean R. Matt
    HAGENS BERMAN SOBOL SHAPIRO LLP
    1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
    Telephone: (206) 623-7292
    Facsimile: (206) 623-0594

    Thomas M. Sobol
    Edward Notargiacomo
    HAGENS BERMAN SOBOL SHAPIRO LLP
    225 Franklin Street, 26th Floor
    Boston, MA  02110
    Telephone: (617) 482-3700
    Facsimile: (617) 482-3003

    COUNSEL FOR PLAINTIFFS
    STATE OF MONTANA AND
    STATE OF NEVADA

    Brian Sandoval
    Attorney General of the State of Nevada
    L. Timothy Terry
    Assistant Attorney General
    100 N. Carson Street
    Carson City, Nevada 89701-4714

Mike McGrath
Attorney General of Montana
Jon Ellingson
Assistant Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT  56920-1402
(406) 444-2026

Joseph P. Mazurek
CROWLEY, HAUGHEY, HANSON,
  TOOLE & DIETRICH PLLP
100 North Park Avenue, Suite 300
P.O. Box 797
Helena, MT  59601-6263
(406) 449-4165

COUNSEL FOR PLAINTIFF
STATE OF MONTANA

Brian Sandoval
Attorney General of the State of Nevada
L. Timothy Terry
Assistant Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4714

COUNSEL FOR PLAINTIFF
STATE OF NEVADA

001534-13  100260 V1

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **THE STATES OF MONTANA AND NEVADA MOTION TO AMEND CMO NO. 23** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 3, 2006, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By_____**/s/ Steve W. Berman**_____
    Steve W. Berman
    **HAGENS BERMAN SOBOL SHAPIRO LLP**
    1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
    (206) 623-7292

- 10 -

001534-13  100260 V1