IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Civil Action No. 01-12257-PBS |

## DECLARATION OF STEVEN J. FOX IN SUPPORT OF OPPOSITION OF PLAINTIFF BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC. TO DEFENDANTS' MOTION TO COMPEL

I, Steven J. Fox, depose and state:

1. I am an employee of Blue Cross and Blue Shield of Massachusetts, Inc. ("BCBSMA"). Currently, I am BCBSMA's Senior Director of Provider Relations, Communications, and eHealth. In that capacity, I am familiar with all aspects of BCBSMA's contractual relationships with physicians. My staff of 24 associates handles contract negotiations with individual physicians and manages those contractual relationships once a contract is executed.

2. BCBSMA currently has contracts with approximately 26,000 physicians. BCBSMA maintains most of these physicians' contracts in hard copy, and a significant majority (85 to 90%) of those contracts are substantively identical to the BCBSMA operative "boilerplate" or "template" contracts at the time when the contracts were individually executed.

3. With limited exceptions, BCBSMA pays for physician-administered drugs using standardized fee schedules, which are incorporated into physician contracts by reference. Because it would be difficult, if not impossible to administer customized fee schedules for each of BCBSMA's physicians, BCBSMA does not negotiate fee schedule pricing for physician-

administered drugs when negotiating contractual terms with physicians. I am aware of no BCBSMA physician contract in which the reimbursement rates or the AWP-based methodology for physician-administered drugs were the subject of express negotiation.

4. With over 26,000 physicians under contract, the task of sorting through related contract files and retrieving copies of contracts would be burdensome. The 26,000 physicians are linked to over 300,000 individual and group provider numbers on BCBSMA's corporate information system. Each such provider number represents a billing or contractual relationship.

5. Reviewing both contract files and individual provider files in order to determine whether such files even have documents that might be considered to involve "negotiations" with providers that associates may keep individually would be burdensome. The associates who work in my business area maintain their own individual files regarding provider-related communications. There are no express policies (other than BCBSMA's document retention policies) governing the maintenance of these files. Each associate has hundreds, if not thousands, of files that would contain provider communications and that would have to be individually located, assembled and reviewed in order to determine if they even reference "negotiations."

5. I was prepared to testify to the above facts at my deposition in this case on March 8, 2006.

Signed under the penalties of perjury this __4__ day of April, 2006,

[signature]

## CERTIFICATE OF SERVICE

I hereby certify that I, Stephen L. Coco, an attorney, caused a true and correct copy of the foregoing DECLARATION OF STEVEN J. FOX IN SUPPORT OF OPPOSITION OF PLAINTIFF BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC. TO DEFENDANTS' MOTION TO COMPEL to be served on all counsel of record electronically, pursuant to Section E of Case Management Order No. 2, this 4th day of April, 2006.

/s/ Stephen L. Coco
Stephen L. Coco (BBO# 561169)
ROBINS, KAPLAN, MILLER & CIRESI, LLP
800 Boylston Street, 25th Floor
Boston, MA  02199-7610
Phone: (617) 267-2300
Fax: (617) 267-8288