UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS AND 01-CV-339 | Chief Mag. Judge Marianne B. Bowler |

**MEMORANDUM IN OPPOSITION TO OXFORD HEALTH PLANS, LLC'S MOTION TO EXTEND THE TIME TO RESPOND TO DEFENDANT'S MOTION TO COMPEL AND FOR RECOVERY OF ATTORNEY FEES AND COSTS**

Defendants to the Amended Master Consolidated Class Action Complaint respectfully submit this memorandum in opposition to the motion of third party Oxford Health Plans ("Oxford") to extend by two weeks its time to file an opposition to defendants' motion to compel Oxford to produce documents and witnesses for deposition pursuant to the subpoena served upon Oxford on April 19, 2004.

## ARGUMENT

Oxford's motion for an extension should be denied for four reasons.

<u>First</u>, defendants already granted Oxford an extension of its time to respond to this motion on the condition that papers would be filed on the agreed upon date and no further extensions would be sought. This was memorialized by an email to Oxford's counsel, which counsel acknowledged by return email (*See* Supporting Declaration of Adeel Mangi Ex. 1):

> Per your request, this memorializes that defendants have agreed to grant Oxford a four day extension on its time to respond to defendants' motion to compel until Tuesday, April 4, 2006. Defendants and Oxford have agreed oppositions papers are due and must be filed on or before that date.

<u>Second</u>, Oxford's parent company (United Health Care) has already been ordered by this court to comply with the separate subpoena served upon it by this Court. <u>See</u> Mangi Declaration ¶ 2. *See also* Oxford Corporate Disclosure Statement. Until now, counsel for Oxford took the position that Oxford was separately represented and would be responding to its own subpoena independently, which counsel for defendants accepted. *See* Mangi Declaration ¶ 4. That fiction has now collapsed, since Oxford has transferred its representation to counsel for United. As such, Oxford has no basis to oppose this motion, let alone seek an extension – it is already subject to an order from this Court compelling production.

<u>Third</u>, Oxford has engaged in extraordinary and egregious conduct detailed in defendants' moving papers, which ground the application for fees and costs. These include ignoring *its own counsel* for weeks, and making promises to comply with the subpoena over a period of many months and then failing to make productions. This history of delay cannot be extended.

<u>Fourth</u>, Oxford's new counsel has had extensive involvement with this case through their representation of United. They are fully familiar with the facts and background and can respond promptly. Defendants offered them a short second extension to enable them to speak with their client and respond to the motion, but counsel for Oxford insisted on a full two weeks. *See* Mangi Declaration ¶ 4. This can only be construed as a further delaying tactic, which must not be accepted in view of the Court's expedited summary judgment schedule.

## CONCLUSION

For these reasons, Oxford's motion for an extension should be denied and it should be adjudged in default or ordered to file an immediate opposition.

Dated:   New York, New York
         April 5, 2006

Respectfully submitted,

/s/ Andrew D. Schau
Andrew D. Schau (admitted *pro hac vice*)
Erik Haas (admitted *pro hac vice*)
Adeel A. Mangi (admitted *pro hac vice*)
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036-6710
(212) 336-2000

*Attorneys for defendants Johnson & Johnson, Centocor Inc. and Ortho Biotech Products L.P. on behalf of all defendants to the Amended Master Consolidated Class Action Complaint*

4

1269173v1

## CERTIFICATE OF SERVICE

I certify that on April 5, 2006 a true and correct copy of the forgoing Memorandum In Opposition To Oxford Health Plans, LLC's Motion To Extend The Time To Respond To Defendant's Motion To Compel And For Recovery Of Attorney Fees And Costs was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties. I further certify that on April 5, 2006 a copy was served on counsel for third party Oxford Health Plans via electronic service.

/s/ Andrew D. Schau
Andrew D. Schau

1269173v1