# Exhibit C

C:\PROGRAM FILES\MICROSOFT OFFICE\OFFICE11\STARTUP\

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GOVERNMENT EMPLOYEES HOSPITAL ASSOCIATION, individually and on behalf of all other similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SERONO INTERNATIONAL, S.A. and SERONO, INC.,<br><br>　　　　　　　　　　　　Defendants. | Civil Action No. 05-11935-NMG |

### MEMORANDUM IN SUPPORT OF SERONO, INC.'S MOTION FOR REASSIGNMENT PURSUANT TO LOCAL RULE 40.1 (I)

Serono, Inc. ("Serono") respectfully submits this Memorandum of Law in Support of its Motion for Reassignment, seeking reassignment of the above-captioned action to the Honorable Patti B. Saris, pursuant to Local Rule 40.1 (I), and consolidated with *In Re: Pharmaceutical Indus. Average Wholesale Price Litigation*, Civil Action No. 05-12257-PBS, pursuant to Rule 7.5(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (the "Panel").

### INTRODUCTION

Serono, Inc. ("Serono") seeks reassignment of the above-captioned litigation, a nationwide class action filed by the Government Employees Hospital Association ("Plaintiff") on behalf of consumers, self-insured employers, health and welfare plans, health insurers and other end payors, and involving the alleged fraudulent Average Wholesale Price ("AWP") of various Serono drugs (the "GEHA action"), to Judge Saris, pursuant to Local Rule 40.1 (I), and

consolidation with AWP MDL, pursuant to Rule 7.5(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

Since 2002, over seventy (70) actions have been brought in federal courts around the country alleging that pharmaceutical manufacturers have committed fraud against individuals covered by Medicare, Medicaid, or private health plans. These actions purport variously to state claims under the antitrust laws, RICO, certain federal and state statutes, and the common law. Some of these actions name a single pharmaceutical manufacturer as defendant, while others name as many as two dozen manufacturers as defendants in a single action. In all of these cases, however, the fundamental factual allegation is the same: plaintiffs claim that defendants reported inflated AWPs for their products to private, non-governmental publications in order to increase reimbursements paid to healthcare providers for administering those products to patients. The vast majority of these cases have been transferred to the District of Massachusetts AWP Multi-District Litigation – *In Re: Pharmaceutical Indus. Average Wholesale Price Litigation*, Civil Action No. 05-12257-PBS ("AWP MDL") – for the efficient administration of all pretrial proceedings. The GEHA action contains the same fundamental allegation as the AWP MDL cases and, therefore, reassignment to Judge Saris and consolidation into the AWP MDL is warranted.

**FACTUAL BACKGROUND**

Currently, twenty-two (22) actions in which Serono is a defendant have been transferred by the Panel to the AWP MDL ("Serono AWP Actions"). A complete list of these Serono AWP Actions cases is attached hereto as Exhibit A. As stated in the Conditional Transfer Order issued by the Panel in each of these cases, the Panel deemed transfer of these cases to the AWP MDL before Judge Saris appropriate based on the reasoning set forth in *In Re:*

2

*Pharmaceutical Indus. Average Wholesale Price Litig*, 201 F. Supp. 2d 1378, 1380 (J.P.M.L. 2002) – that is, these actions concerned whether the pharmaceutical defendants "engaged in fraudulent marketing, sales and/or billing schemes by unlawfully inflating the average wholesale price" of certain prescription drugs in order to "increase the sales of these drugs to health care professionals and thereby boost the pharmaceutical companies' profits." *Id.* The Panel further reasoned that transfer of these cases to the AWP MDL was appropriate because it would: (1) serve the convenience of the parties and witnesses; (2) promote the just and efficient conduct of the litigation; (3) avoid duplication of discovery; (4) prevent inconsistent or repetitive pretrial rulings; and (5) conserve the resources of the parties, counsel, and the judiciary. *Id.*

On September 23, 2005, Plaintiff filed the current action against Serono and Serono International, S.A.[1] The Complaint alleges alleges civil conspiracy, violations of the consumer protection statues of forty-four (44) states and the District of Columbia, and unjust enrichment. The Complaint and the claims therein are based upon allegations that Serono set a fraudulent AWP for several of its drugs.. *See, e.g.*, Complaint, ¶¶ 2-5, 48, 79-92, 100, 104, 157. Despite the obvious related nature of the GEHA action to the AWP MDL cases, when filing the case at bar, Plaintiff did not so indicate on the Civil Action Cover Sheet as required by Local Rule 40.1(G)(2).

### THE GEHA ACTION SHOULD BE REASSIGNED TO JUDGE SARIS AND CONSOLIDATED WITH THE AWP MDL

Section 1407(a) provides that the Panel may transfer civil actions for coordinated or consolidated pretrial proceedings upon a determination that (1) the actions "involv[e] one or more common question of fact," (2) the transfers would further "the convenience of the parties

---

[1] Serono accepted service of the Class Action Complaint on October 21, 2005. To date, Serono International, S.A. has not been served.

3

and witnesses," and (3) the transfers "will promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a) (2005). When, however, a potential "tag-along action" is filed in the transferee district, the Panel need not take action, but rather requests for assignment to the transferee judge are to be made in accordance with the local rules for assignment of related actions. J.P.M.L. R.P. 7.5(a). Local Rule 40.1 governs this procedure in the District of Massachusetts.

Local Rule 40.1(G)(1) provides that a civil case is related to one previously filed with the Court if some of the parties are the same and if at least one of the following similarities exists: (1) "the cases involve the same or similar claims or defenses;" or (2) "the cases involve substantially the same questions of fact and law." If the transferee judge consents, a judge may reassign a case to that judge, even if the case is not related to another case, in the "interest of justice or to further the efficient performance of the business of the court." Local Rule 40.1(I). The GEHA action, which was filed in the District of Massachusetts – that is, the transferee district – meets all of these criteria and, therefore, transfer of the action to Judge Saris and consolidation with the AWP MDL is wholly appropriate.

The GEHA action contains the same essential factual allegations that form the core of all of the Serono AWP Actions – contending that Serono "engaged in fraudulent marketing, sales and/or billing schemes by unlawfully inflating the average wholesale price" of certain prescription drugs in order to "increase the sales of these drugs to health care professionals and thereby boost the pharmaceutical companies' profits." *See* Conditional Transfer Orders for Serono AWP Actions. Indeed, the complaints for the GEHA action and the Serono AWP Actions contain virtually identical allegations concerning Serono's alleged manipulation of AWP and improper marketing and sales practices. In addition, the Third

4

Amended Consolidated Class Action Complaint ("Third Consld. Cmpl.") filed in the MDL (which does not name Serono, but was filed by the same counsel that represent plaintiffs in this action) contains several allegations identical to those in the GEHA Complaint. *Compare* Third Consld. Cmpl. ¶¶ 169, 170, 171, and 172 to GEHA Cmpl. ¶¶ 43, 44, 45, and 46 respectively).

Because the Serono AWP Actions and the GEHA Complaint all rely on the fundamental allegation that Serono inflated the AWP for its products, the Serono AWP Actions and the GEHA action plainly "present one or more common questions of fact" (28 U.S.C. § 1407) and "involve the same or similar claims or defenses . . . substantially the same questions of fact and law." Local Rule 40(G)(1). [2] Overarching factual issues common to the Serono AWP Actions and the GEHA action (as well as the other actions that are part of the AWP MDL) include, without limitation: (1) whether a common industry practice exists with respect to the reporting of AWPs, and, if so, what that practice is; (2) the scope, purpose, background, and interpretation of the relevant regulations concerning Medicaid reimbursement; (3) the role of third-party publications and information services (e.g., the so-called Red Book) in Serono's alleged manipulation of AWPs; and (4) the extent to which the government, the public, and plaintiffs were aware of the general conduct of which they now complain. Thus, the GEHA action is related to the Serono AWP Actions and reassignment to Judge Saris and consolidation into the AWP MDL is proper pursuant to Local Rule 40.1(I), provided the Judge Saris consents to same. *See also* J.P.M.L. R. P. 7.5(a); 28 U.S.C. § 1407.

---

[2]  Serono's recognition that the Serono AWP Actions and the GEHA action present some common issues of fact is, of course, not a concession that class certification is appropriate. Each action also presents factual issues that will involve highly individualized and particularized inquiries. Indeed, precisely because the propriety of class certification is highly uncertain, consolidated pretrial proceedings are necessary to avoid inconsistent rulings on this critical and potentially dispositive issue.

5

Moreover, given the presence of common factual questions, transfer for consolidated or coordinated pretrial proceedings before a single court – Judge Saris and the AWL MDL – is necessary to prevent duplication of discovery, to eliminate the possibility of inconsistent pretrial rulings, and to conserve judicial resources – *i.e.* "to further the efficient business" of the Court, it is appropriate to reassign the GEHA action to Judge Saris for consolidation into the AWP MDL.  *See* Local Rule 40.1(I); *see also In re Practice of Neuropathy Litig.*, 434 F. Supp. 1240, 1242 (J.P.M.L. 1977).  These concerns are particularly salient in complex cases, like this one, where discovery may be wide-ranging and extensive.  *See generally* Manual for Complex Litigation § 20.1 (4th ed. 2004); *In re Data General Corp. Antitrust Litig*

WHEREFORE, Serono, Inc. requests that this Court grant its Motion for Reassignment and transfer this matter to Judge Saris, and such other just and equitable relief as the Court deems appropriate.

> Respectfully submitted,
>
> SERONO, INC.
>
> By its attorneys,
>
> /s/ David M. Ryan
> _____
> Fred A. Kelly (BBO No. 544046)
> David M. Ryan (BBO No. 644037)
> Amy R. George (BBO No. 629548)
> NIXON PEABODY LLP
> 100 Summer Street
> Boston, MA  02110
> 617-345-1000 (phone)
> 617-345-1300 (fax)

Dated:         October 23, 2005

## CERTIFICATE OF SERVICE

I, David M. Ryan do hereby certify that I caused a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF SERONO, INC.'S MOTION FOR REASSIGNMENT PURSUANT TO LOCAL RULE 40.1 (I), to be served by electronic means, upon Thomas M. Sobel, Hagens Berman Sobol Shapiro LLP, One Main Street, Cambridge, MA 02142, on this 24th day of October, 2005.

/s/ David M. Ryan

_____

David M. Ryan

## AVERAGE WHOLESALE PRICE CASES INVOLVING SERONO TRANSFERRED TO THE MULTI-DISTRICT LITIGATION PENDING BEFORE JUDGE SARIS

| Case Name | Court/Docket No./Date Filed | Date of Conditional Transfer Order | D. Mass Docket No./Date Filed |
|---|---|---|---|
| *City of New York v. Abbott Labs., Inc. et al.* | S.D.N.Y., 04-06054, August 2004 | September 24, 2005 | Civil Action No. 04-12264-PBS, October 18, 2004 |
| *County of Albany v. Abbott Labs, Inc., et al.* | N.D.N.Y., Civil Action No. 05-00425, April 6, 2005 | May 12, 2005 | Civil Action No. 05-11182-PBS, June 7, 2005 |
| *County of Allegany v. Abbott Labs, Inc., et al.* | W.D.N.Y., Civil Action No. 05-00236, April 6, 2005 | May 12, 2005 | Civil Action No. 05-11194-PBS, June 7, 2005 |
| *County of Broome v. Abbott Labs, Inc., et al.* | N.D.N.Y., Civil Action No. 05-00456, April 14, 2005 | May 12, 2005 | Civil Action No. 05-11187-PBS, June 7, 2005 |
| *County of Cattaraugus v. Abbott Labs, Inc., et al.* | W.D.N.Y., Civil Action No. 05-00256, April 13, 2005 | May 12, 2005 | Civil Action No. 05-11195-PBS, June 7, 2005 |
| *County of Cayuga v. Abbott Labs, Inc., et al.* | N.D.N.Y., Civil Action No. 05-11189, April 6, 2005 | May 12, 2005 | Civil Action No. 05-1189-PBS, June 7, 2005 |
| *County of Chautauqua v. Abbott Labs, Inc., et al.* | W.D.N.Y., Civil Action No. 05-00214, March 29, 2005 | May 12, 2005 | Civil Action No. 05-11193-PBS, June 7, 2005 |
| *County of Erie v. Abbott Labs, Inc., et al.* | New York Supreme Court, Erie County, March 8, 2005 (case removed to W.D.N.Y., Civil Action No. 05-06203, April 15, 2005) | August 11, 2005 | Civil Action No. 05-11705-PBS, August 16, 2005 |

| Case Name | Court/Docket No./Date Filed | Date of Conditional Transfer Order | D. Mass Docket No./Date Filed |
|---|---|---|---|
| *County of Genesee v. Abbott Labs, Inc., et al.* | W.D.N.Y., Civil Action No. 05-06206, April 20, 2005 | May 12, 2005 | Civil Action No. 05-11370-PBS, June 28, 2005 |
| *County of Herkimer v. Abbott Labs, Inc., et al.* | N.D.N.Y., Civil Action No. 05-00415, April 5, 2005 | May 12, 2005 | Civil Action No. 05-11190-PBS, June 7, 2005 |
| *County of Jefferson v. Abbott Labs, Inc. et al.* | N.D.N.Y., Civil Action No. 05-00715, June 2005 | July 26, 2005 | Civil Action No. 05-11704-PBS, August 16, 2005 |
| *County of Madison v. Abbott Labs, Inc., et al.* | N.D.N.Y., Civil Action No. 05-00714, June 8, 2005 | July 26, 2005 | Civil Action No. 05-11703-PBS, August 16, 2005 |
| *County of Monroe v. Abbott Labs, Inc., et al* | W.D.N.Y., Civil Action No. 05-06148, April 1, 2005 | May 12, 2005 | Civil Action No. 05-11197-PBS, June 7, 2005 |
| *County of Nassau v. Abbott Labs., Inc., et al.* | E.D.N.Y., Civil Action No. 04-5126, November 24, 2004 | January 4, 2005 | Civil Action No. 05-10179-PBS, January 28, 2005 |
| *County of Niagara v. Abbott Labs, Inc., et al.* | N.D.N.Y., Civil Action No. 05-06296, June 8, 2005 | June 30, 2005 | Civil Action No. 05-11578-PBS, July 21, 2005 |
| *County of Onondaga v. Abbott Labs, Inc., et al.,* | N.D.N.Y., Civil Action No. 05-00088, February 2005 | March 8, 2005 | Civil Action No. 05-10599-PBS, March 28, 2005 |
| *County of Rennselaer v. Abbott Labs, Inc., et al.* | N.D.N.Y., Civil Action No. 05-00422, April 2005 | May 12, 2005 | Civil Action No. 05-11181-PBS, June 7, 2005 |
| *County of Saratoga v. Abbott Labs, Inc., et al.* | N.D.N.Y., Civil Action No. 05-00478, April 19, 2005 | May 12, 2005 | Civil Action No. 05-1185-PBS, June 7, 2005 |
| *County of St. Lawrence* | N.D.N.Y., Civil Action | May 12, 2005 | Civil Action No. 05- |

BOS1537953.2

| Case Name | Court/Docket No./Date Filed | Date of Conditional Transfer Order | D. Mass Docket No./Date Filed |
|---|---|---|---|
| *v. Abbott Labs, Inc., et al.* | No. 05-00479, April 19, 2005 | | 11192-PBS, June 7, 2005 |
| *County of Steuben v. Abbott Labs, Inc., et al.* | W.D.N.Y., Civil Action No. 05-06223, May 6, 2005 | June 7, 2005 | Civil Action No. 05-11371-PBS, June 28, 2005 |
| *County of Tompkins v. Abbott Labs, Inc., et al.* | N.D.N.Y., Civil Action No. 05-00397, March 31, 2005 | May 12, 2005 | Civil Action No. 05-11188-PBS, June 7, 2005 |
| *County of Wayne v. Abbott Labs, Inc., et al.* | W.D.N.Y., Civil Action No. 05-06138, March 30, 2005 | May 12, 2005 | Civil Action No. 05-11196-PBS, June 7, 2005 |