IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO<br>*State of Nevada v. Abbott Laboratories, et al.*,<br>    Case No. CV02-00260 (Nevada I),<br><br>*State of Nevada v. American Home Products, et al.*,<br>    CA No. 02-CV-12086-PBS (Nevada II), and<br><br>*State of Montana v. Abbott Labs., Inc., et al.*<br>    CA No. 02-CV-12084-PBS | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Judge Patti B. Saris |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO AMEND CMO NO. 23**

On April 3 – three days after the discovery cut-off deadline – Plaintiffs the States of Montana and Nevada moved to amend CMO No. 23, asking the Court for an extension of all of the existing deadlines by two months.  Defendants[1] file this response to the motion filed by Plaintiffs the States of Montana and Nevada in order to make three points and to offer a counter-proposal.

First, the Court has been quite clear that it set the schedule it did in order to be able to issue a decision by the end of this summer, and Defendants are prepared to comply with the deadlines in CMO No. 23 in order to enable the Court to meet that objective.  As a compromise that would avoid disrupting the Court's schedule but would still provide Plaintiffs additional time to comply with their obligations, Defendants propose that the Court extend by two weeks all

---

[1] This response is joined by all defendants except Baxter Healthcare Corporation and Baxter International Inc.  The deadlines applicable to the cases brought by Montana and Nevada against Baxter were separately extended pursuant to a March 6, 2006, Order entered by the Court.

DC: 2066552-2

deadlines in CMO No. 23 relating to expert reports and summary judgment briefing and that the parties forego the filing of sur-reply briefs, as the Track One Defendants and Plaintiffs recently agreed in the class action MDL case. In addition, Defendants propose a four-week extension for fact discovery of the States, i.e., until April 28. Thus, the exchange of expert reports and summary judgment briefing would be complete by the date established in CMO No. 23, and the Court could retain the currently scheduled hearing date of July 17 on summary judgment motions. A proposed amended Case Management Order is attached to this response.

Second, if the Court grants any extension of discovery, it should apply only to Defendants' discovery of the States (in order for the States to complete the discovery ordered by Chief Magistrate Judge Bowler and other outstanding discovery, which include certain agreed-upon depositions of Montana witnesses); it should not apply to the States' discovery of Defendants. The States' Motion does not argue that additional time is needed for the States' discovery of Defendants (and if so, why), but rather, that more time is needed for the States to produce documents and deposition witnesses they have been compelled to (or have agreed to) produce and for the States to complete their expert reports.

Finally, none of the four factors that serve as the basis of the States' motion for an extension – (1) the lack of complete claims data relating to Nevada; (2) the States' need to search for and produce additional documents, including electronic documents, ordered by Judge Bowler in response to Defendants' second motion to compel; (3) the withdrawal of the State of Montana's co-counsel in March 2006; and (4) the unavailability of Plaintiffs' experts during the month of April – is the fault of Defendants. Although Defendants are mindful that, collectively, these factors may present logistical difficulties to Plaintiffs at this time, viewed individually, each of these factors relates to Plaintiffs' obligations in filing these lawsuits, which Plaintiffs

filed over four years ago.  It is Plaintiffs' obligation to produce on a timely basis the Medicaid claims data pertaining to all drugs relating to their claims (e.g., pharmacy-dispensed and physician-administered) and to do so for the entire time period of the States' claims; it is Plaintiffs' obligation to produce relevant documents in a timely manner; it is Plaintiffs' obligation to staff appropriately the lawsuits that they have filed; and it is Plaintiffs' obligation to present expert testimony to the Court under the deadlines imposed by the Court (if Plaintiffs intend to rely on expert testimony).

Dated:  April 6, 2006

        Respectfully submitted on behalf of all Defendants in the Nevada and Montana actions,

     /s/ Kathleen M. O'Sullivan
David J. Burman
Kathleen M. O'Sullivan
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  (206) 359-8000
Facsimile:  (206) 359-9000

Thomas J. Sartory
Gary M. Ronan
GOULSTON & STORRS LLP
400 Atlantic Avenue
Boston, MA  02110-3333
Telephone:  (617) 482-1776
Facsimile:  (617) 574-4112

*Attorneys for Defendant Immunex Corporation*

**Certificate of Service**

      I hereby certify that on **April 6, 2006**, I caused a true and correct copy of Defendants' Response to Plaintiffs' Motion to Amend CMO No. 23, together with a [Proposed] Case Management Order No. __, to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 in MDL No. 1456.

                                                  /s/ Kathleen M. O'Sullivan.