UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Patti B. Saris |
| NEW ENGLAND CARPENTERS HEALTH BENEFIT FUND, et al.,<br><br>Plaintiffs,<br>v.<br><br>FIRST DATABANK, INC., and McKESSON CORPORATION,<br><br>Defendants. | CIVIL ACTION NO, 05-11148-PBS<br><br>Judge Patti B. Saris |

**AWP MDL DEFENDANTS' JOINT MEMORANDUM IN OPPOSITION TO
THE RELATED ACTION PLAINTIFFS AND MCKESSON CORPORATION'S
JOINT MOTION FOR MODIFICATION OF THE PROTECTIVE ORDER**

**PRELIMINARY STATEMENT**

Defendants in Civil Action No. 01-CV-12257-PBS (the "AWP MDL Litigation") submit this memorandum of law in opposition to the motion seeking modification of the December 13, 2002 protective order (the "Protective Order") in these consolidated actions. Certain of the parties (the "Movants") in Civil Action No. 05-11148 (the "Related Action") seek modification of the Protective Order to allow the use, in the Related Action, of confidential and highly confidential documents and testimony from the AWP MDL Litigation. The terms of the Protective Order currently prohibit the use of this confidential discovery in any other action. The

motion to modify the Protective Order should be denied.  Modification of the Protective Order would unfairly prejudice the Defendants in the AWP MDL Litigation, as well as numerous non-parties subpoenaed to produce documents and give testimony in the AWP MDL Litigation, who participated in broad discovery with the understanding that access to and use of their highly sensitive confidential information would be limited to the AWP MDL Litigation and that litigation alone.  Movants' proposed modification would invariably frustrate the confidentiality protections given to the Defendants and numerous non-parties by widening the scope of permissible disclosure and making control of such disclosure more difficult to maintain.

Movants point to nothing which would support the sweeping modification they seek.  At most, Movants point to hypothetical "efficiencies" which they hope will be achieved by allowing unlimited use of AWP MDL Litigation discovery in the Related Action.  Movants do not point to a single document or page of testimony from the AWP MDL Litigation which is discoverable in the Related Action and necessary for the prosecution or defense of that action.  To the extent an opportunity for efficiencies presents itself in the future, there is nothing to prevent the Movants from seeking – either from the Court or the entity whose discovery is then specifically implicated – limited relief from the terms of the Protective Order allowing use of pertinent discovery from the AWP MDL Litigation in the Related Action.  Such a measured approach would be appropriate in the event the parties make an appropriate showing in the future sufficient to justify modifying the existing Protective Order.  The parties have made no such showing to support the instant motion, and there is no basis for the blanket modification of the Protective Order they now seek.

**ARGUMENT**

While courts have the inherent power to modify protective orders in light of changed circumstances during the time that such orders are in effect (*see, e.g.*, *United States ex rel. Franklin v. Parke-Davis*, 210 F.R.D. 257, 258 (D. Mass. 2002); *see also Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 535 (1st Cir. 1993)), "there is a strong presumption against the modification of a protective order . . . ." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001). Indeed, "[e]ven when a legitimate reason for the modification is proposed, *such as a need to use the information in other litigation*, the movant still should show the inability to reasonably obtain the information by alternative means." *SmithKline Beecham Corp. v. Synthon Pharm. Ltd.*, 210 F.R.D. 163, 166 (M.D.N.C. 2002) (emphasis added). Consistent with this presumption, the "party seeking to modify a protective order bears the burden of showing good cause for the modification." *See id.* (citing *TheStreet.Com*, 273 F.3d at 229). Particularly where – as here – there has been reliance upon the terms of an existing protective order, courts require a showing of compelling need, improvidence in consenting to the order, or some other extraordinary circumstance to justify a modification to preexisting protections. *TheStreet.Com*, 273 F.3d at 229. Movants do not meet these standards.

**I.    MODIFICATION OF STIPULATED PROTECTIVE ORDERS IS PARTICULARLY DISFAVORED**

As this Court noted in a prior case,

> When . . . the proposed modification affects a protective *order stipulated to by the parties*, as opposed to one imposed by the court, it is clear that the shared and explicit assumption that discovery was for the purposes of one case alone goes a long way toward denying the movant's request without more.

*Parke-Davis*, 210 F.R.D. at 261 (quoting *Omega Homes, Inc. v. Citicorp Acceptance Co.*, 656 F. Supp. 383, 404 (W.D. Va. 1987)) (emphasis added). Here, the Protective Order was stipulated to

by all parties to the AWP MDL Litigation, including certain of the plaintiffs in the Related Action who previously agreed to be bound by the Protective Order's terms. Moreover, all of the Related Action plaintiffs are represented by the same law firms that represent AWP MDL Litigation plaintiffs and that previously explicitly agreed to the form and content of the Protective Order.[1] Under these circumstances, Movants' motion should be denied. The purported justification for the modification Movants seek – efficiency – does not call for a contrary result.

Movants do not provide any specifics as to the efficiencies they expect would be gained from modifying the present scope of the Protective Order, or any specific inefficiencies that would result from denying the proposed modification. In any event, the potential for efficiencies is not dispositive. The possibility of duplicative discovery is "only one element in the equation," and does not outweigh the overwhelming need to ensure effective discovery in the case at hand. *See, e.g., Poliquin*, 989 F.2d at 535 ("effective discovery, with a minimum of disputes, is achieved by affording relatively generous protection to discovery material"); *see also Omega Homes Inc.*, 656 F. Supp. at 404 (the plaintiff's "recent idea of sharing discovery with litigants in other cases must be judged by the court with the understanding that this was never a proposed or expressly anticipated step when [the defendant] disclosed information to [the plaintiff] in the first place").

Moreover, to the extent that discovery previously produced in the AWP MDL Litigation is at some point required for the prosecution or defense of the Related Action, access

---

[1] In *Parke-Davis*, this Court modified a prior protective order after it was determined that the order in that case covered *all* discovery materials, whether confidential or non-confidential. Unlike here, the modification was sought by media entities asserting their right of public access to *non-confidential* documents. Here, by contrast, there are no First Amendment or other public access justifications for the modification sought. Rather, Movants want to change the Protective Order to permit the use of *confidential* documents by private parties for purposes of litigating a private civil dispute.

to such discovery should be dealt with on a case-by-case basis, either by agreement or by motion practice seeking limited relief from the terms of the Protective Order.  Proceeding in that fashion would serve several legitimate interests.  First, it would preserve, to the greatest extent, the agreed upon boundaries fixed by the Protective Order upon which parties and non-parties have heretofore relied.  *See*, *infra*, Point II.  Second, dealing with these issues as they arise would allow all interested parties – including non-parties – to be heard on issues relevant to the protections that will be afforded to their confidential information.  On this motion, for example, there is no indication that the numerous non-parties who produced documents or gave deposition testimony know that the terms of the Protective Order they relied on might be changing.  Finally, case-by-case treatment of motions for limited relief from the Protective Order would preserve the requirement that Movants make a specific showing that the information they seek is not otherwise reasonably available to them.  See *SmithKline Beecham Corp.*, 210 F.R.D. at 166.

Movants appear to take the position that this Court previously indicated that the modifications they seek would be granted as a matter of course.  Movants are incorrect.  While the Court previously raised the possibility of permitting access to information produced in the AWP MDL Litigation, it appears that the Court did so only with respect to information relevant to the certification for the "self-administered class of TPPs" in the Related Action.  *See* Civil Action No. 05-11148. Docket No. 44, Reporter's Transcript, Status Conference Hearing dated February 9, 2006, at 15:6-16:7 (annexed to Movants' motion papers as Exhibit A).  Even so, the Court noted that such information may be "all publicly available."  *Id.*  Although they have the burden to do so, Movants have not indicated how the Protective Order has prevented their access to information vital to the class certification issue in the Related Action.

Movants' motion is also silent as to why information necessary to prepare McKesson's expert report regarding relationships between "PBMs and TPPs" could not be obtained from publicly available sources, or from information that was not already in the possession of the parties to the Related Action (*i.e.*, the Related Action Plaintiffs, all of whom are TPPs). To the extent this information is available in the Related Action, it can be obtained without modification of the Protective Order. *See Viskase Corp. v. W.R. Grace & Co.*, 1992 WL 13679, *5 (N.D. Ill. Jan. 24 1992) (refusing to modify protective order where plaintiffs were able to gather information needed to make its damages case without compromising defendant's potentially sensitive business information). In any event, Movants have failed to demonstrate any reasonable diligence in obtaining this information through publicly available sources.

## II. MODIFYING THE PROTECTIVE ORDER WOULD UNFAIRLY PREJUDICE PARTIES AND NON-PARTIES WHO MADE DISCOVERY IN RELIANCE ON ITS TERMS

Where, as here, numerous parties and subpoenaed non-parties relied on the terms of the Protective Order in producing proprietary documents and information, modification of the protective order after such discovery is obtained is unfair. As one court noted, "It is . . . *presumptively unfair* for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *TheStreet.Com*, 273 F.3d at 230 (emphasis added); *see also SRS Technologies, Inc. v. Physitron, Inc.*, 216 F.R.D. 525, 529 (N.D. Ala. 2003) ("To the extent that the parties relied on the protective order when they freely disclosed information without further contesting the discovery requests, subsequent dissemination would be unfair.") (quoting Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 499-501 (1991)).

Defendants in the AWP MDL Litigation would be substantially and unfairly prejudiced by a modification that would result in a wider dissemination of their highly sensitive

and proprietary business information than originally contemplated.  Moreover, non-parties – some of whom may be in competition with, or have interests adverse to, the Movants – are prejudiced by having the permissible scope of disclosure of their confidential information expanded without their consent or, at least, an opportunity to be heard.

Movants' self-serving proposed modifications are bad public policy as well.  If Movants' motion were granted, it could signal to parties that the protections afforded by even a stipulated protective order are mutable, negatively impacting on discovery in future proceedings.  As the First Circuit observed, "the lubricating effects of the protective order on pre-trial discovery would be lost if the order . . . were subject to ready alteration."  *Poliquin v. Garden Way, Inc.*, 989 F.2d at 535.  *See also* Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access To The Courts*, 105 Harv. L. Rev. 427, 500 (1991) ("A protective order can be effective as a management tool and as a mechanism for preventing discovery abuse only if parties believe it is credible.").

**CONCLUSION**

For the reasons set forth above, Defendants respectfully request this Court to deny the Related Action Plaintiffs' and McKesson's motion to modify the AWP MDL Protective Order.

Dated:   Boston, Massachusetts
         April 6, 2006

                             Respectfully submitted,


                             By:__/s/ Lucy Fowler_____
                                 Nicholas C. Theodorou (BBO # 496730)
                                 Lucy Fowler (BBO # 647929)
                                 FOLEY HOAG LLP
                                 155 Seaport Boulevard
                                 Boston, Massachusetts 02210
                                 Telephone:  (617) 832-1000

                                 D. Scott Wise (admitted *pro hac vice*)
                                 Kimberly Harris (admitted *pro hac vice*)
                                 DAVIS POLK & WARDWELL
                                 450 Lexington Avenue
                                 New York, New York 10017
                                 Telephone:  (212) 450-4000

                                 Attorneys for AstraZeneca Pharmaceuticals LP
                                 on behalf of All Defendants in Civil Action
                                 No. 01-12257-PBS

**CERTIFICATE OF SERVICE**

        I certify that a true and correct copy of the foregoing was delivered on April 6, 2006 to all counsel of record in Civil Action No. 01-CV-12257-PBS and Plaintiffs' counsel in Civil Action No. 05-11148-PBS by electronic means via LexisNexis File & Serve, pursuant to Paragraph 11 of Case Management Order No. 2, and to counsel for Defendant McKesson Corporation in Civil Action No. 05-11148-PBS via Federal Express.

                                            /s/ Lucy Fowler
                                            Lucy Fowler