UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL No. 1456 |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS, 01-CV-339 AND 1:03-CV-11226-PBS | ) Civil Action No. 01-CV-12257 PBS ) ) Judge Patti B. Saris ) Chief Magistrate Judge Marianne B. Bowler |

**MEMORANDUM OF DEFENDANT BRISTOL-MYERS SQUIBB COMPANY IN SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF EXHIBITS TO A LETTER SENT BY PLAINTIFF VEN-A-CARE OF THE FLORIDA KEYS TO HCFA**

Defendant Bristol-Myers Squibb Company ("BMS") submits this memorandum, together with the Declaration of Lyndon M. Tretter, Esq. ("Tretter Decl."), in support of its motion pursuant to Fed. R. Civ. P. 37 to compel the production of two volumes of exhibits to an October 1996 letter that plaintiff Ven-A-Care of the Florida Keys ("Ven-A-Care") sent to Dr. Bruce Vladeck of the Health Care Financing Administration ("HCFA"), advising HCFA of the purported AWP fraud alleged in these cases (the "Ven-A-Care Letter").

Factual Background

Ven-A-Care is the plaintiff/relator in the California Attorney General's case before this Court. *State of California ex. rel. Ven-A-Care of the Florida Keys, Inc.*, 03-CV-11226-PBS. In February 2006, while BMS was preparing for the deposition of plaintiffs' expert in the class actions also before this Court in *In re Pharm. Indus. Average Wholesale Price Litig*, 01-CV-12257-PBS, BMS discovered a letter sent in 1996 by Ven-A-Care to Dr. Bruce Vladeck, an Administrator at HCFA (now the Centers for Medicare and Medicaid Services ("CMS")). Tretter Decl. ¶ 3. The Ven-A-Care Letter apprised HCFA of precisely the purported AWP fraud at issue in the class actions, and is a central document in the summary judgment motions presently before this Court.

Specifically, the Ven-A-Care Letter alleged ten years ago of "excessive reimbursements … by the Medicare and Medicaid Programs" arising from a purported "AWP Fraud" on Medicare and Medicaid. The Ven-A-Care Letter noted that "AWP has become the benchmark in the industry for establishing pharmaceutical reimbursement" and reported spreads of "more than 500% and, in some instances, more than 1000%." The Ven-A-Care Letter also accused pharmaceutical manufacturers of "falsely reporting inflated WAC information" and of using "falsifications of AWP as a marketing tool."

In support of its allegations, the Ven-A-Care Letter referred HCFA to two volumes of exhibits. The Letter stated "[e]nclosed with this letter you will find two volumes of exhibits that substantiate and support the fact that the Medicare and Medicaid programs are continuing to make excessive reimbursements to providers for infusion and inhalation pharmaceuticals. These reimbursements are at many multiples over and above the amount that the programs ever intended to pay." Obviously, since the Ven-A-Care Letter itself figures so prominently in the summary judgment motions before the Court, two volumes of exhibits enclosed with the Letter are bound to contain information that is highly relevant to the Court's disposition of the motions.

On March 6, 2006, counsel for BMS, Lyndon Tretter, spoke by telephone with Ven-A-Care's counsel, James Breen, regarding the exhibits and sent a follow-up e-mail to Mr. Breen, asking Ven-A-Care to produce the two volumes of exhibits to BMS. (Tretter Decl., ¶¶ 4-5 & Exh. B.) Between March 6th and 21st, Mr. Tretter left two messages with Mr. Breen's receptionist that were not returned. (Tretter Decl., ¶ 6.) On March 21, Mr. Tretter sent Mr. Breen a second e-mail regarding the two volumes of exhibits and again asked Mr. Breen for his assistance in making the exhibits available to BMS. Mr. Tretter also advised Mr. Breen that if Ven-A-Care did not make the exhibits available to BMS, it would be necessary to bring the

dispute to the attention of the Magistrate Judge. (Tretter Decl., ¶ 7.) Again, Mr. Breen did not respond. (Tretter Decl., ¶¶ 8.)

Accordingly, BMS respectfully requests that the Court order Ven-A-Care to produce to BMS copies of the two volumes of exhibits Ven-A-Care that were enclosed with its 1996 letter to HCFA. BMS respectfully requests that Court do so in time for BMS to make use of the exhibits in its summary judgment reply, which is due April 28, 2006. Finally, pursuant to Fed. R. Civ. P. 37, BMS seeks its attorneys' fees and costs in connection with making this motion.

Argument

POINT I

THIS COURT SHOULD COMPEL VEN-A-CARE TO PRODUCE THE EXHIBITS

"Parties are authorized to file motions to compel adequate responses to discovery probes, if good faith efforts to secure sufficient responses by conferring with the party to whom the discovery probes were directed are unavailing." Wayne D. Brazil 7 Moore's Federal Practice § 37.02[2] (3d ed. 2005). Fed.R.Civ.P. 37 authorizes a motion "for an order compelling disclosure". Fed.R.Civ.P. 37(a). Such an order is warranted when (1) a party is required by rule to produce discovery; (2) the discovery sought is relevant and not unduly burdensome; and (3) the responding party has refused or ignored its obligations. *See In re One Bancorp Sec. Litig.*, 134 F.R.D. 4 (D. Me., 1991).

The facts that (a) BMS did not make a formal Rule 34 request of Ven-A-Care or (b) that discovery has ended in the class cases is not relevant. Such an easy-to-comply-with request for very specific and highly-relevant documents is the proper subject of compelled discovery nothwithstanding these facts. *Fin. Bldg. Consultants, Inc. v. Am. Druggists Ins. Co.*, 91 F.R.D. 59, 61-62 (D. Ga. 1981). (materials requested informally in a letter from defense counsel to plaintiff's

3

counsel after expiration of discovery period were required to be produced in the interest of expediting litigation).[1]  Indeed, BMS has reason to believe that Ven-A-Care has already produced the requested volumes in other litigation (Tretter Decl. ¶ 9)  and that, therefore, it would be easy for it to find and produce the documents again.

Finally, because the exhibits to the Ven-A-Care letter are highly relevant to the issues currently being briefed as part of the summary judgment motions in the class cases, BMS respectfully requests an order compelling Ven-A-Care to produce the exhibits on or before April 21, 2006.  BMS' last brief in the summary judgment briefing schedule is due April 28, 2006.

POINT II

BMS IS ENTITLED TO ITS FEES ON THIS MOTION

BMS should not have had to resort to motion practice to obtain the exhibits to the Ven-A-Care Letter; however, since Ven-A-Care gave BMS no alternative, Ven-A-Care should be required to pay the fees and expenses of BMS in making the motion.  *See Notice v. DuBois*, 187 F.R.D. 19, 20 (D.Mass.,1999) ("the Court shall award the party whose motion to compel is granted ... the reasonable expenses incurred in making the motion, including attorney's fees…. Absent the finding that the opposing party's position was "substantially justified," an award is mandatory) (internal citations omitted), *citing Metrocorps, Inc. v. Eastern Massachusetts Junior Drum & Bugle Corps Association*, 912 F.2d 1, 2 (1st Cir.1990).

Conclusion

---

[1] *See also Wayne D. Brazil 7 Moores Federal Practice* § 37.03 (3d ed. 2005), stating "…requests for production should not be read or interpreted in an artificially restrictive or hyper-technical manner to avoid disclosure of information fairly covered by the discovery request, and doing so exposes the responding party, its counsel, or both to sanctions."

4

\\\NY - 58559/0059 - 935381 v1

For the reasons set forth above, Defendants respectfully request an order:

1. Compelling Ven-A-Care of the Florida Keys to produce, on or before April 21, 2006, the two volumes of exhibits referred to in its letter to Dr. Bruce Vladeck of HCFA dated October 2, 1996.

2. Such other relief the Court may deem to be just, including without limitation, BMS's reasonable attorneys' fees and costs incurred in making the instant motion.

Dated: Boston, Massachusetts
April 7, 2006

Respectfully Submitted,

By:  /s/ Jacob T. Elberg
Jacob T. Elberg (BBO No. 657469)
Thomas E. Dwyer (BBO No. 139660)
**DWYER & COLLORA, LLP**
600 Atlantic Avenue
Boston, MA  02210
Tel: (617) 371-1000
Fax: (617) 371-1037
tdwyer@dwyercollora.com
jelberg@dwyercollora.com

Steven M. Edwards (SE 2773)
Lyndon M. Tretter (LT 4031)
Admitted *pro hac vice*
**HOGAN & HARTSON LLP**
875 Third Avenue
New York, NY  10022
Tel: (212) 918- 3640

Attorneys for Defendant Bristol-Myers Squibb Company