UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) | MDL No. 1456 |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS, 01-CV-339 AND 1:03-CV-11226-PBS ) ) ) ) | Civil Action No. 01-CV-12257 PBS<br><br>Judge Patti B. Saris<br>Chief Magistrate Judge Marianne B. Bowler |

**DECLARATION OF LYNDON M. TRETTER, ESQ. IN SUPPORT
OF MOTION OF DEFENDANT BRISTOL-MYERS SQUIBB COMPANY
TO COMPEL THE PRODUCTION OF EXHIBITS TO A LETTER SENT
BY PLAINTIFF VEN-A-CARE OF THE FLORIDA KEYS TO HCFA**

I, LYNDON M. TRETTER, declare as follows:

1. I am a partner with the law firm of Hogan & Hartson, L.L.P., attorneys for defendant Bristol Myers Squibb Company ("BMS"). I have been admitted to this Court *pro hac vice*. I am familiar with the facts and circumstances of this action and the background of this motion.

2. I make this Declaration in support of BMS's motion pursuant to Fed.R.Civ.P. 37 to compel the production of documents contained in two volumes of exhibits enclosed with a letter dated October 2, 1996 from Zachary T. Bentley and T. Mark Jones of plaintiff Ven-A-Care of the Florida Keys, Inc. (respectively, "Ven-A-Care" and the "Ven-A-Care Letter") to Dr. Bruce Vladeck, Administrator of the Health Care Financing Administration ("HCFA", now, Centers for Medicare and Medicaid Services ("CMS")). A true and correct copy of the Ven-A-Care Letter is attached hereto as Exhibit A.

Statement of Facts

3.      BMS learned of the existence of the Ven-A-Care Letter in February 2006 while preparing to take the depositions of plaintiffs' experts in the class actions in this MDL. The Letter is also cited in BMS's and other defendants' summary judgment papers currently on file with the Court.

4.      On March 6, 2006, I spoke by telephone with Ven-A-Care's counsel, James Breen, and asked him if Ven-A-Care would agree to provide copies to BMS of the two volumes of exhibits enclosed with the Ven-A-Care Letter. Mr. Breen told me he would consult with his client regarding my request.

5.      After our telephone conversation, I sent an e-mail to Mr. Breen reiterating my request for his assistance in obtaining the two volumes of exhibits that we had just discussed. A true and correct copy of my e-mail to Mr. Breen dated March 6, 2006 is attached hereto as Exhibit B.

6.      Between March 6th and 21st, I left two messages with Mr. Breen's receptionist that were not returned.

7.      Consequently, on March 21, 2006, I sent Mr. Breen a second e-mail and again asked for his assistance in making available to BMS the two volumes of exhibits that had been attached to the Ven-A-Care Letter. I also told Mr. Breen that if Ven-A-Care did not make the exhibits available to BMS, I would need to bring the matter to the attention of the Magistrate Judge. A true and correct copy of my e-mail to Mr. Breen dated March 21, 2006 is attached hereto as Exhibit C.

8.      To date, Mr. Breen has not responded to my attempts to resolve this matter without the Court's intervention.

9.  I have reason to believe from counsel to other drug manufacturers that are also defendants in this and other AWP-related litigations that Ven-A-Care has already produced the two volumes of exhibits it enclosed with the Ven-A-Care Letter in other litigation.

### Meet and Confer Obligation

10. As the Court will appreciate from my e-mails of March 6 and 21, 2006, and the phone calls referenced in those e-mails, BMS has tried to resolve this discovery dispute in accordance with Local Rules 7.1(a)(2) and 37.1(a) without Court intervention. Unfortunately, BMS has been forced to move to compel Ven-A-Care to produce the two volumes of exhibits to the Ven-A-Care Letter.

I declare under the penalty of perjury that the foregoing is correct. This declaration was executed by me on April 7, 2006 at New York, New York.

_Lyndon M. Tretter_