140.   Defendants gave substantial assistance or encouragement to medical providers throughout the country to charge government assistance programs and patients, such as Plaintiffs, the AWP for Lupron®, even though their actual acquisition cost was much lower. Defendants also gave substantial assistance or encouragement to medical providers to charge for free samples of Lupron®.

141.   In providing such substantial assistance or encouragement to medical providers, Defendants, and performing such other acts and omissions set forth in this Complaint, Defendants violated federal law and otherwise breached a duty owed to Plaintiffs and the Class.

142.   Defendants knew that the conduct of medical providers in charging the AWP for Lupron® (when their acquisition costs were much lower) and charging for free samples of Lupron® constituted a fraud on both government and private assistance programs and Government, Private and No Assistance Patients, violated federal law, and otherwise breached a duty owed by medical providers to Plaintiffs and the Class.

143.   Despite such knowledge, Defendants gave substantial assistance or encouragement to medical providers to so conduct themselves.

144.   As a direct and proximate result of Defendants' concerted action as alleged herein, Plaintiffs and the Class have been injured and damaged, and Defendants are jointly and severally liable for such injuries and damages.

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the Class, respectfully seek the relief set forth below.

## COUNT V

### AIDING & ABETTING/FACILITATING

41

153.    As a direct and proximate result of Defendants' aiding and abetting/facilitating as alleged herein, Plaintiffs and the Class have been injured and damaged, and Defendants are jointly and severally liable for such injuries and damages.

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the Class, respectfully seek the relief set forth below.

## COUNT VI

### VIOLATION OF CONSUMER PROTECTION STATUTES

154.    Plaintiffs and the Class hereby incorporate by reference thereto the averments of paragraphs 1 through 153 hereof as if fully set forth here and further allege as follows.

155.    Plaintiffs and Class are consumers who purchased Lupron® for personal use. All fifty states and the District of Columbia have enacted statutes to protect consumers against unfair, deceptive or fraudulent business practices, unfair competition and false advertising. Most states allow consumers a private right of action under these statutes.

156.    By the misrepresentations and non-disclosure of material facts alleged above, the Defendants deceived and continue to deceive consumers, such as Plaintiffs and the Class. This conduct constitutes unlawful, unfair, deceptive and fraudulent business practices within the meaning of state consumer protection statutes.

157.    In addition, the Defendants' use of media to promote the sale of Lupron® through false and deceptive representations as alleged above constitutes unfair competition and unfair, deceptive, untrue, or misleading advertising within the meaning of state consumer protection statutes.

43

158.   As part of their guilty plea and payment of fines and money for civil liabilities, Defendants Abbott, Takeda and TAP agreed to pay the sum of $25.5 million in civil liabilities to fifty states and the District of Columbia. Such admission of liability and payment of civil liabilities to the states and the District of Columbia warrants the application of the laws of such states and the District of Columbia to Defendants in this Court.

159.   As a result of the Defendants' unfair and deceptive trade practices throughout the fifty states and the District of Columbia, Plaintiffs and the Class have and will continue to suffer damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the Class, respectfully seeks the relief set forth below.

## COUNT VII

### (ON BEHALF OF THE INDIRECT PURCHASER STATES SUB-CLASS) CONSPIRACY AND/OR MONOPOLIZATION IN VIOLATION OF THE LAWS OF THE INDIRECT PURCHASER STATES

160.   Plaintiffs and the Class hereby incorporate by reference thereto the averments of paragraphs 1 through 159 hereof as if fully set forth here and further allege as follows.

161.   Defendants' unlawful agreements, arrangements, and combinations in restraint of trade or commerce alleged herein, and attempts to monopolize, involvement in conspiracies to monopolize and monopolization of the relevant markets alleged herein, violate North Carolina Constitution, Article I, Section 34; the antitrust and/or consumer protection laws of the state of North Carolina, N.C.G.S. §§ 75-1 *et seq*, as well as those of the states of Arizona, California, Florida, Kansas, Kentucky, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico,

44

New York, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, Wisconsin and the

District of Columbia (the "Indirect Purchaser States") as follows:

    a.    <u>Arizona</u>: The aforementioned practices by Defendants were and are in violation of the Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. §§ 44-1402, *et seq.*, and the Constitution of the State of Arizona, Article 14, §15;

    b.    <u>California</u>: The aforementioned practices by Defendants were and are in violation of the Cartwright Act, California Business and Professions Code §§ 16700 *et seq.*, and the California Unfair Competition Act, California Business and Professions Code §§ 17200, *et seq.*;

    c.    <u>District of Columbia</u>: The aforementioned practices by Defendants were and are in violation of the District of Columbia Restraint of Trade Act, D.C. Code §§ 28-4501, *et seq.*;

    d.    <u>Florida</u>: The aforementioned practices by Defendants were and are in violation of the Florida Deceptive and Unfair Trade Practices Act, Chapter 501.201, *et seq.*;

    e.    <u>Kansas</u>:  The aforementioned practices by Defendants were and are in violation of the Kansas Unfair Trade and Consumer Protection Act, KSA §§ 50-101, *et seq.*;

    f.    <u>Kentucky</u>: The aforementioned practices by Defendants were and are in violation of the Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110-310, *et seq.*;

    g.    <u>Maine</u>: The aforementioned practices by Defendants were and are in violation of the Maine Trade Regulation Law of 1954, 10 M.R.S.A. §§ 1101, *et seq.*, and the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A, *et seq.*;

    h.    <u>Massachusetts</u>: The aforementioned practices by Defendants were and are in violation of the Massachusetts Consumer Protection Act, M.G.L. Ch. 93A, *et seq.*;

    i.    <u>Michigan</u>: The aforementioned practices by Defendants were and are in violation of the Michigan Antitrust Reform Act, MCL §§445.771, *et seq.*;

    j.    <u>Minnesota</u>: The aforementioned practices by Defendants were and are in violation of the Minnesota Antitrust Act of 1971, Minn. Stat. §§ 325D.49, *et seq.*;

k.    Nevada:  The aforementioned practices by Defendants were and are in violation of Nevada Unfair Trade Practice Act, NRS 598A.010, *et. seq.*;

l.    New Jersey: The aforementioned practices by Defendants were and are in violation of the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1, *et seq.*;

m.    New Mexico: The aforementioned practices by Defendants were and are in violation of the New Mexico Antitrust Act, N.M. Stat. Ann. §§ 57-1-1, *et seq.*;

n.    New York: The aforementioned practices by Defendants were and are in violation of the New York Donnelly Act, GBL §§ 340, *et seq.*;

o.    North Dakota: The aforementioned practices by Defendants were and are in violation of North Dakota's antitrust law, North Dakota Cent. Code §§ 51-08.1, *et seq.*;

p.    South Dakota: The aforementioned practices of Defendants were and are in violation of South Dakota's antitrust law, SDCL ch. 37-1, *et seq.*;

q.    Tennessee: The aforementioned practices of Defendants were and are in violation the Tennessee Trade Practices Act, Tenn. Code Ann. §§ 47-25-101 *et seq.*, and the Consumer Protection Act of 1977, Tenn. Code Ann. §§ 47-18-101, *et seq.*;

r.    Vermont:  The aforementioned practices by Defendants were and are in violation of the Vermont Antitrust Act, 9 V.S.A. §§ 2453 and 2465;

s.    West Virginia: The aforementioned practices by Defendants were and are in violation of the West Virginia Antitrust Act, Chapter 47, Article 18, Section 1, *et seq.*, and the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-1-101, *et seq.*; and

t.    Wisconsin: The aforementioned practices by Defendants were and are in violation of the Wisconsin Antitrust Act, Wis. Stats §§133.01, *et seq.*

162.    The trade or commerce involved the manufacture, marketing, promotion, distribution and sale of Lupron® throughout North Carolina and the United States.

46

163. By the acts and omissions set forth herein, the Defendants' conduct violates the statutes referenced in the previous paragraph.

164. In particular, Defendants' contract, combination and conspiracy to violate the PDMA and other federal laws, to which Defendants have already plead guilty, violates N.C.G.S. § 75-1 as it constitutes an illegal "contract, combination in the form of a trust, or conspiracy in restraint of trade or commerce in the State of North Carolina." Alternatively, as Defendants' contract, combination and conspiracy violates the principles of the common law of North Carolina and other states, such contract, combination and conspiracy violates N.C.G.S. § 75-1 by operation of N.C.G.S. § 75-2. In addition, defendants' contract, combination, and conspiracy violates North Carolina Constitution Article I, Section 34.

165. During the Class Period, Defendants sold and shipped substantial quantities of Lupron®. Sales and competition within North Carolina were significantly and adversely affected by the Defendants' conspiracy, and trade or commerce within North Carolina was thereby unlawfully restrained.

166. In addition, Defendants' contract, combination and conspiracy to violate the PDMA and other federal laws by artificially inflating the AWP for Lupron®, to which Defendants have already pled guilty, violates N.C.G.S. § 75-29 by reason of Defendants' publication of artificially inflated AWP's and their use of the unlawful term "wholesale" with regard to the AWP published, as the AWP set by Defendants is not established by an independent agency as required by North Carolina law. Consequently, Defendants' conduct also constitutes an unfair trade practice within the meaning of N.C.G.S. § 75-1.1.

47

167.   As a result of the conduct described above, Plaintiffs and the Indirect Purchaser States Sub-Class have sustained and will continue to sustain substantial losses and damage to their businesses and property in the form of, *inter alia,* paying prices for Lupron® that were higher than they would have been but for Defendant's improper actions. The full amount of such damages are presently unknown and will be determined after discovery and upon proof at trial.

168.   By reason of violations of N.C.G.S. § 75, *et seq.,* Plaintiffs and Class Members seek an award of actual damages by operation of law and treble damages pursuant to N.C.G.S. § 75-16.

169.   By reason of violations of N.C.G.S. § 75-1.1, Plaintiffs and Class Members seek an award of attorney fees based on the willful violations and/or practice pursuant to N.C.G.S.§75-16.1.

170.   Plaintiffs and the Class Members in the Indirect Purchaser States Sub-Class seek compensatory damages and multiple damages as permitted by law for their injuries caused by Defendants' intentional and/or flagrant violations pursuant to these statutes.

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the Indirect Purchaser States Sub-Class, respectfully seek the relief set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class request the Court to enter the following relief:

a.      Certify this case as a class action pursuant to Rule 1.220(b)(2) and (b)(3) of the North Carolina Rules of Civil Procedure and denominating Plaintiffs as representatives for the Class and their counsel as counsel for the Class;

b.      Enter judgment against all Defendants for the violations alleged herein;

48

c.     Award the actual damages incurred by Plaintiffs and the members of the Class as a result of the wrongful acts complained of, along with pre-judgment and post-judgment interest at the maximum rate allowed by law;

d.     Award of treble damages or multiple damages by operation of law;

e.     Award Plaintiffs the costs of this action, including reasonable attorney's fees, and, where applicable, expert fees; and

f.     Award such other and further relief as the Court may deem just under the circumstances.

## JURY DEMAND

Plaintiffs and the Class demand a trial by jury of all issues so triable in this cause.

This the 27th day of December, 2001.

Marvin K. Blount, Jr., Esquire
NC State Bar No. 5243
Ted Mackall, Jr.
NC State Bar No. 29725
Marvin K. Blount III, Esquire
NC State Bar No. 23369
THE BLOUNT LAW FIRM, P.L.L.C.
400 West First Street
Greenville, NC 27834
(252) 752-6000 telephone
(255) 752-2174 facsimile

49

Thomas R. Kline, Esquire
Shanin Specter, Esquire
Donald E. Haviland, Jr., Esquire
KLINE & SPECTER
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 telephone
(215) 772-1359 facsimile

Bryan L. Clobes, Esquire
MILLER FAUCHER AND CAFFERTY LLP
One Logan Square
18th and Cherry Streets, Suite 1700
Philadelphia, PA 19103
(215) 864-2800 telephone
(215) 864-2810 facsimile

Bernard Persky, Esquire
GOODKIND LABATON RUDOFF & SUCHAROW LLP
100 Park Avenue
New York, NY 10017-5563
(212) 907-0700 telephone
(212) 818-0477 facsimile

Kent Williams, Esquire
2233 North Hamlin Avenue, Suite 620
St. Paul, MN 55113
(651) 633-9000 telephone

Jonathan Shub, Esquire
SHELLER, LUDWIG & BADEY
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102
(215) 790-7300 telephone
(215) 546-0942 facsimile

ATTORNEYS FOR PLAINTIFF AND THE CLASS

50

# EXHIBIT 11
# (Filed Under Seal)

# EXHIBIT 12
# (Filed Under Seal)