UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT PERTAINS TO:<br>ALL CLASS ACTIONS | Judge Patti B. Saris |

## DECLARATION OF LARRY YOUNG

I, Larry Young, hereby declare as follows:

1. This Declaration is submitted in opposition to Defendants' Motions for Summary Judgment.

2. I am a resident of the State of Oklahoma and am representing the Estate of my wife, Patricia K. Young, in this litigation.

3. My wife was diagnosed with rheumatoid arthritis, Hepatitis C, and lymphoma. She was prescribed the following physician administered drugs as part of her treatment for these illnesses: anzemet; aristocort; cytoxan; dexamethasone acetate; dexamethasone sodium phosphate; dolasetron mesylate; dopamine hydrochloride; epirubicin; epoetin alfa; fentanyl citrate; filgrastim; heparin sodium; hydrocortisone sodium succinate; infliximab; ketorolac tromethamine; levofloxacin; lidocaine hydrochloride injectable; lorazepam injectable; methotrexate sodium injectable; midazolam; moxifoxacin injectable; oprelvekin; promethazine; protonix injectable; solucortef; triamcincolone acetonide; vancomycin sulfate; vincristine sulfate; and warfarin sodium injectable.

4. My wife and I paid for a portion of the cost of these physician-administered prescription medications which she received.

5. My wife treated for her illnesses with the following healthcare providers: Dexeus Oncology; Integris Bass Baptist Health Center; Craig Carson, M.D., Oklahoma Arthritis Center; and St. Mary's Regional Medical Center.

6. My wife and I relied on the advice of my wife's health care providers regarding her medical treatment, use of the above listed prescription drugs, and whether or not she should continue to use them.

7. My wife and I relied on the advice of my wife's doctors and their facilities to be fair in their pricing of prescription medications and to comport with all ethical, moral, medical, regulatory and legal standards with respect to their medical care and treatment and their bills.

8. My wife and I did not know if she ever received free samples of any of the prescription drugs she was administered and our medical bills and records do not indicate whether or not she received free samples of any of these drugs. Also, my wife's healthcare providers never told us whether or not she received free samples of these prescription medications.

9. My wife and I did not know if (or to what extent) her doctors or their facilities received free samples of prescription medications and then billed for the free samples, as we were never told.

10. My wife and I did not know what her doctors or their facilities paid for the prescription medications my wife was administered, as we were never told.

11. My wife and I did not know if (or to what extent) her doctors or their facilities profited from the sale of prescription medications, as we were never told.

12. My wife and I did not know if (or to what extent) her doctors or their facilities received other things of value from any of the defendant drug companies, as we were never told.

13. Prior to the filing of this action, we did not ever have occasion to read any government report, article or presentation in the media, or other document or presentation which caused us to learn about the unlawful marketing and sales practices alleged in this case to have been committed by the drug company defendants.

14. As set forth in the Complaint I filed in this action, I believe that my wife and I, and the people I represent in the certified class in this case, suffered direct injury and damages as a result of the defendants' conduct.

15. I hereby declare under penalty of perjury that all of the foregoing statements made by me are true and correct to the best of my knowledge, information and belief.

This the 7th day of April, 2006.

/s/ _____
**LARRY YOUNG**