UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

**CLASS PLAINTIFFS' RULE 56(f) AFFIDAVIT
IN SUPPORT OF REFUSAL OF SUMMARY JUDGMENT**

I, Steve W. Berman, being duly sworn states as follows:

1.  I am one of the attorneys for Class Plaintiffs.

2.  Rule 56(f) of the Federal Rules of Civil Procedure provides that "[s]hould it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment. . . or may make such other order as is just."

3.  I make this Affidavit in support of Class Plaintiffs' request that the Court refuse the Defendants' respective motions for summary judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure or enter such other order as is just due to Defendants' discovery violations and the refusal of certain third parties to cooperate in Class Plaintiffs' reasonable discovery requests in the time allotted by this Court for Class Plaintiffs' to respond to Defendants' dispositive motions.

4.  This Court has ruled all discovery relating to Track 1 defendants should have been completed last year. No extensions of that deadline have been granted.

5. Notwithstanding this unequivocal Order, Defendants have cited and rely upon documents and affidavits either obtained by them after the close of discovery or not produced by them prior to the close of discovery.

6. For instance, Defendants include as Exhibits to their motion affidavits obtained after the discovery cutoff from various parties. *See, e.g.,* Declaration of Michael O. Gum (Director of Pharmacy of the Presbyterian Hospital) filed by Bristol Myers Squibb in support of its Motion for Summary Judgment. Defendants had served this entity with a subpoena to produce documents after the discovery close. However, it is obvious from the Declaration that direct communications took place between counsel for Bristol Myers Squibb with the subpoenaed party in order to obtain the Declaration.

7. This Declaration raises more questions than it answers for this Court. At a minimum, Class Plaintiffs should be entitled to explore Mr. Gum's apparent lack of personal knowledge as to the subject matter about which he speaks – *i.e.* the drug therapy of Mrs. Aaronson during the year 2004 – based upon the fact that he has only held the position he cites as supporting his qualification to testify since February, 2005. *See* Gum Decl. at 1.

8. While defendants have produced numerous records relating to their marketing and sales activities with medical providers generally, since the identification of the Track 1 class representatives for Class 1, Defendants universally have failed to produce supplemental documents relating specifically to their promotional activities concerning the providers that treated the named class representatives, despite requests by Class Plaintiff counsel for such production

9. Defendants' failure to identify and produce during discovery (or in advance of their filing of dispositive motions) documents pertaining to marketing and sales activities

- 3 -

respecting the named representatives' providers has prevented Class Plaintiffs from exploring these issues, both with Defendants and the third party providers for purposes of the Class Plaintiffs' opposition to summary judgment. These same Defendants cannot now – in support of their motions for summary judgment – be permitted to rely on self-serving affidavits and other documents which purport to establish "undisputed facts" about their conduct which Class Plaintiffs have not been able to discover in order to rebut. Defendants also cannot fault Class Plaintiffs for alleged insufficiencies in their proofs as to issues beyond their control, such as the unwillingness of certain third parties to cooperate with expedited discovery requests. At minimum, the Class Plaintiffs' proofs should be deemed sufficient to raise a genuine issue of material fact.

10.     An example lies in the failure of Defendants to produce documents underlying an Affidavit of a purported expert of Johnson & Johnson ("J&J") named Dukes.

11.     As the Court knows one of the key tasks in this case was to calculate Defendants' ASPs for the drugs at issue.

12.     Class Plaintiffs asked by way of interrogatory for each Defendant to provide an ASP. Defendants objected and Magistrate Bowler sustained that objection.

13.     Class Plaintiffs have thus been forced to spend millions of dollars in time, costs and expert expenses in order to obtain the relevant data from each Defendant. To this end, Class Plaintiffs contacted each Defendant and explained exactly what was needed and propounded document requests and engaged in informal discovery.

14.     With respect to J&J Class, Plaintiffs with their experts, consulted with J&J's counsel and discussed what data was needed. A deposition was also taken that addressed these issues. Class Plaintiffs reasonably believed that all relevant data as produced.

- 3 -

15. Defendant J&J has now moved for summary judgment using a purported expert, Mr. Dukes, who relies on data that has not been provided to prior to the close of fact or expert discovery.

16. As Dr. Hartman, Class Plaintiffs' expert, points out, he needs that data to conclusively examine Mr. Dukes' opinions. Hartman Liability Report at ¶ 25(a).

17. Accordingly, Class Plaintiffs need all of the data and/or a deposition of Mr. Dukes to completely respond to J&J's submission.

18. An example of the difficulty Class Plaintiffs have had with obtaining information responsive to third party subpoenas lies in the circumstances surrounding the Alpine Hematology Oncology Clinic ("Alpine Clinic.") On March 2, 2006, Class Plaintiffs issued a subpoena to Dr. Steven Moss of the Alpine Clinic, one of the urologists who treated the named representative plaintiff for Class 1 purchasers of J&J drugs, James Shepley. The subpoena was issued to Dr. Moss to resolve, *inter alia*, issues pertaining to the identity of the manufacturers of the drugs used to treat Mr. Shepley, like J&J's Procrit. The subpoena called for compliance by April 3, 2006. The date for compliance has passed without compliance.

19. Alpine Clinic's lack of compliance is significant because J&J takes issue with the fact that it provided the Procrit Mr. Shepley received from Dr. Moss. J&J challenges the sufficiency of the evidence of Alpine Clinic's provision of Procrit to Mr. Shepley, and whether he was billed based on AWP.

20. Alpine Clinic's lack of compliance is largely due to the fact that the lawyer the clinic retained initially to represent it in responding to the subpoena has a conflict – the lawyer represents a Defendant, Abbott Laboratories, in the pending AWP litigation being prosecuted by the Nevada Attorney General. Until Alpine Clinic retains competent counsel, Class Plaintiffs do

- 4 -

not expect to have reasonable compliance with the subpoena which will refute J&J's assertions that Mr. Shepley did not receive Procrit, and whether Mr. Shepley was billed based on AWP. However, until such time, J&J's unfounded assertions cannot be deemed dispositive by the Court.

21.   Rule 56(f) permits this Court to refuse an application for summary judgment or enter such other order as is just when a party opposing the motion sets forth by affidavit the reasons that preclude its presenting facts essential to its opposition.   As the facts attested to in this Affidavit make apparent, Defendants have, through manipulation of discovery and in contravention of this Court's Orders, sought to present evidence that Class Plaintiffs have been prevented from challenging or testing.   For these reasons, we respectfully request that the Court refuse Defendants' motions for summary judgment on these grounds.

22.   Class Plaintiffs have prosecuted this case diligently within the discovery time frame established by the Court.  During the discovery period, Defendants staunchly resisted discovery, prompting several hearings/conferences with the Magistrate Judge.

23.   As described above, while there is substantial discovery that Class Plaintiffs need to take, the same could be completed in a very short time frame.  Indeed, the same could be ordered by the Court to be produced immediately.  Defendants' Motions for Summary Judgment should be denied for the reasons set forth in Plaintiffs' Memoranda Opposition to the various Motions for Summary Judgment.

24.   Alternatively, the Court should defer ruling upon Defendants' motions until the completion of the discovery described in this Affidavit.  After the completion of such discovery, Class Plaintiffs will be able to present all facts essential to controvert the arguments made by Defendants.

- 6 -

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of April, 2006.

**/s/ Steve W. Berman**<br>STEVE W. BERMAN

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **CLASS PLAINTIFFS' RULE 56(f) AFFIDAVIT IN SUPPORT OF REFUSAL OF SUMMARY JUDGMENT** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 7, 2006, a copy to LexisNexis File & Serve for posting and notification to all parties.

By     **/s/ Steve W. Berman**
    Steve W. Berman
    **HAGENS BERMAN SOBOL SHAPIRO LLP**
    1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
    (206) 623-7292