UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) | MDL No. 1456 |
| IN RE PHARMACEUTICAL INDUSTRY ) | Master File No. 01-12257-PBS |
| AVERAGE WHOLESALE PRICE ) |  |
| LITIGATION ) | (Original Central District of California |
| ) | No. 03-CV-2238) |
| ) |  |
| THIS DOCUMENT RELATES TO: ) | Judge Patti B. Saris |
| State of California, *ex rel.* Ven-A-Care v. ) |  |
| Abbott Laboratories, Inc., *et al.* ) |  |
| CASE #: 1:03-cv-11226-PBS ) |  |
| ) |  |

**CASE MANAGEMENT ORDER NO. [___]**

April ___, 2006

Saris, U.S.D.J.

WHEREAS, Plaintiffs State of California and Ven-A-Care of the Florida Keys, Inc. (collectively, "Plaintiffs") filed their First Amended Complaint In Intervention ("First Amended Complaint") on August 25, 2005; and

WHEREAS, Plaintiffs represent that service is pending on two foreign corporations, Pharma Investment, Ltd. and C.H. Boehringer Sohn Grundstucksverwaltung G.M.B.H. & Co. K.G.; and

WHEREAS, Plaintiffs and Defendant foreign corporations Lipha, S.A. and Merck KGaA have reached an agreement on a briefing schedule for Served Defendants to file responsive pleadings or otherwise move as detailed below;

NOW THEREFORE, it is ORDERED, as follows:

1. No party subject to this Order waives any jurisdictional, service of process, or other defense. This Order shall not have the effect of making any entity a party to this action unless it has been named, served, and added to this action in accordance with the Federal Rules of Civil Procedure or other orders of this Court. No party waives any rights under the Federal

Rules governing joinder. This Order is made without prejudice to the right of any party to seek severance of any claim or action, or otherwise seek individual or distinct treatment of any claim or issue.

2. Within 60 days of notification by Plaintiffs to counsel for Lipha, S.A. and Merck KGaA that Pharma Investment, Ltd. and C.H. Boehringer Sohn Grundstucksverwaltung G.M.B.H. & Co. K.G. have been served with the First Amended Complaint, Lipha, S.A. and Merck KGaA shall file and serve a consolidated brief of not longer than 20 pages in support of a motion to dismiss all or part of the First Amended Complaint. Upon being served with the First Amended Complaint, Pharma Investment, Ltd. and C.H. Boehringer Sohn Grundstucksverwaltung G.M.B.H. & Co. K.G. will have the option of complying with the provisions of this CMO and serving separate or consolidated briefs of not longer than 20 pages in support of a motion to dismiss, or, alternatively, be subject to the provisions for responsive pleadings in the FRCP and local rules. Hereafter, the defendants participating in this CMO are referred to as "Defendants".

3. Within 45 days from the date of electronic service of the Defendants' briefs in support of the motions to dismiss, Plaintiffs shall file and serve briefs of not longer than 20 pages in opposition to the Defendants' motions to dismiss the First Amended Complaint.

4. Within 21 days from the date of electronic service of Plaintiffs' briefs in opposition to the motions to dismiss, Defendants shall file and serve reply briefs of not longer than 15 pages in support of the Defendants' motions to dismiss the First Amended Complaint.

5. Within 21 days from the date of electronic service of the Served Defendants' reply briefs in support of the Defendants' motions to dismiss, Plaintiffs shall file sur-reply briefs of not longer than 15 pages in opposition to the motions to dismiss the First Amended Complaint.

6. Affidavits and other documents setting forth or evidencing facts on which the motion to dismiss or opposition to the motion to dismiss is based shall be filed as provided for in Local Rule 7.1(b).

7. Pending the Court's decision on the motions to dismiss all or part of the First Amended Complaint, Plaintiffs shall have access to all documents previously produced, to date, by the served defendants in accordance with CMO 9. In addition, Plaintiffs shall have access to all deposition transcripts that have been generated in MDL 1456. All served defendants who have not previously done so shall sign the Protective Order already entered by this Court. This order shall not prevent any party from seeking document discovery from a non-party to the litigation. However, no other discovery shall be conducted in this case pending the Court's decision. The parties are not required to make the automatic disclosures described in Fed. R. Civ. P. 26(a)(1) until the Defendants' motions to dismiss , referenced herein, have been adjudicated.

8. The costs of producing copies shall be at commonly available commercial copying prices.

_____
Patti B. Saris
United States District Judge