UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re Pharmaceutical Industry<br>Average Wholesale Price Litigation | MDL No. 1456 |
| This Document Relates To:<br>GOVERNMENT EMPLOYEES HOSPITAL<br>ASSOCIATION and DISTRICT COUNCIL<br>37 HEALTH AND SECURITY PLAN<br>TRUST, individually and on behalf of all<br>others similarly situated,<br><br>       Plaintiff<br><br>v.<br><br>SERONO INTERNATIONAL, S.A.,<br>SERONO LABORATORIES, INC.,<br>SERONO, INC., RJL SYSTEMS, INC., AND<br>RUDOLPH J. LIEDTKE,<br><br>       Defendants. | C.A. No. 05-cv-11935 (PBS) |
| EUGENE FRANCIS, individually and on<br>behalf of all others similarly situated,<br><br>       Plaintiff<br><br>v.<br><br>SERONO LABORATORIES, INC.,<br>SERONO, INC., RJL SYSTEMS, INC., AND<br>RUDOLPH J. LIEDTKE,<br><br>       Defendants. | C.A. No. 06-cv-10613 (PBS) |

**MOTION FOR ENTRY OF PRETRIAL ORDER NO. 1
<u>REGARDING CONSOLIDATION OF ACTIONS</u>**

Plaintiffs hereby move for entry of proposed Case Management Order No. 1, submitted herewith.  The reasons for this motion are as follows:

1.      This is a proposed class action against pharmaceutical manufacturer Serono International, S.A., Serono Laboratories, Inc., and Serono, Inc. (collectively "Serono"), and medical device/software developer and marketer RJL Systems, Inc. and its principal, Rudolph J. Liedtke (collectively, "RJL").  Serono manufactured pharmaceutical products including the drug Serostim, which has been approved by the FDA for the sole purpose of treating AIDS wasting. RJL provided unapproved and unproven medical devices and software, and devised fraudulent and misleading tests, to support medically unnecessary prescription of Serostim.  Plaintiffs are payors and purchasers of pharmaceutical products manufactured by defendants who allege monetary harm as a result of defendants' deceptive and illegal marketing, sales, and promotion of their prescription drugs, including the drug Serostim

2.      On December 15, 2005, Serono Laboratories, Inc. pleaded guilty to federal criminal charges relating to its fraudulent promotion and marketing of Serostim.  Serono paid $704 million in criminal penalties and restitution to governmental third-party payor Medicaid. The federal prosecution, however, did not address the harm caused to private third party-payors and individual consumers.

3.      The proposed class actions herein, both pending before this Court, allege that defendants harmed private third-party payors and purchasers of defendants' prescription drugs by engaging in deceptive and illegal marketing, sales, and promotion of their prescription drugs, including the drug Serostim.  Both actions arise out of a common nucleus of operative fact, present common questions of law, and seek compensatory and punitive damages and other relief. As Serono has explained to the Court in prior pleadings, both actions "plead essentially the same claim" and are "based on the same allegedly improper sales and marketing practices involving

Serostim." *Response of Serono Defendants to Plaintiffs' Motion to Remove Specific Action from the MDL,* April 10, 2006, at 3.

4. There is a reasonable likelihood that additional proposed class actions will be filed based on these allegations. Within recent weeks, the business press in Switzerland, where Serono International, S.A. is based, have reported on these actions, and those reports have been echoed in the American business press. In addition, there remain criminal proceedings pending in this Court against Serono employees, Liedtke, and RJL which will go to trial or sentencing in the coming months.

5. In order to promote judicial economy and avoid duplication, plaintiffs move the Court, pursuant to Fed. R. Civ. P. 42(a), to consolidate these actions with each other, and with any subsequently-filed actions on behalf of payors or purchasers of defendants' pharmaceutical products that allege deceptive and illegal marketing, sales, and promotion of Serono products.

6. Plaintiffs further respectfully request that the Court enter an order for a preliminary organization of plaintiffs' counsel as set forth in Case Management Order No. 1, annexed hereto.

For the foregoing reasons, plaintiffs respectfully request that Case Management Order No. 1. be entered.

                            Respectfully submitted,

                            By  **/s/ David S. Nalven**
                            Thomas M. Sobol
                            David S. Nalven
                            One Main Street, Fourth Floor
                            Cambridge, MA  02142
                            (617) 482-3700

        Steve W. Berman
        HAGENS BERMAN SOBOL SHAPIRO LLP
        1301 Fifth Avenue, Suite 2900
        Seattle, WA  98101
        (206) 623-7292

        *Attorneys for Plaintiffs Government Employees*
        *Hospital Association, District Council Health and*
        *Security Plan Trust, Eugene Francis, and the Class*

        Mark D. Fischer
        Jeffrey C. Swann
        Mark Sandmann
        RAWLINGS & ASSOCIATES, PLLC
        325 W. Main Street
        Louisville, KY 40202
        (502) 587-8060

        *Attorneys for Plaintiff Government Employees*
        *Hospital Association and the Class*

        Lance A. Harke
        Howard M. Bushman
        HARKE & CLASBY LLP
        155 S. Miami Ave., Suite 600
        Miami, FL  33130
        (305) 536-8220

        *Attorneys for Plaintiff Eugene Francis and the*
        *Class*

Dated:  April 14, 2006

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

Docket No. MDL 1456

I hereby certify that I have conferred and attempted in good faith to narrow the issues with opposing counsel.  Specifically, on April 13, 2006, I conferred with counsel for Serono International, S.A., Serono Laboratories, Inc., and Serono, Inc., and provided a copy of this motion and the proposed case management order.  Counsel responded today that his clients were unable to assent.

                 **  /s/ David S. Nalven            **

Dated: April 14, 2006


**CERTIFICATE OF SERVICE**

Docket No. MDL 1456

I, David S. Nalven, hereby certify that I am one of plaintiffs' attorneys and that, on April 14, 2006, I caused copies of the papers annexed hereto to be served on all counsel of record in this proceeding via Lexis/Nexis File Serve.

                 **  /s/ David S. Nalven            **

Dated: April 14, 2006