UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re Pharmaceutical Industry Average Wholesale Price Litigation | MDL No. 1456 |
| This Document Relates To: GOVERNMENT EMPLOYEES HOSPITAL ASSOCIATION and DISTRICT COUNCIL 37 HEALTH AND SECURITY PLAN TRUST, individually and on behalf of all others similarly situated, | C.A. No. 05-cv-11935 (PBS) |
| Plaintiff | |
| v. | |
| SERONO INTERNATIONAL, S.A., SERONO LABORATORIES, INC., SERONO, INC., RJL SYSTEMS, INC., AND RUDOLPH J. LIEDTKE, | |
| Defendants. | |
| EUGENE FRANCIS, individually and on behalf of all others similarly situated, | C.A. No. 06-cv-10613 (PBS) |
| Plaintiff | |
| v. | |
| SERONO LABORATORIES, INC., SERONO, INC., RJL SYSTEMS, INC., AND RUDOLPH J. LIEDTKE, | |
| Defendants. | |

**CASE MANAGEMENT ORDER NO. 1
REGARDING CONSOLIDATION OF ACTIONS**

**WHEREAS**, the proposed class actions, *Government Employees Hospital Association v. Serono International, S.A., Serono Laboratories, Inc., Serono, Inc., RJL Systems, Inc., and Rudolph J. Liedtke*, C.A. No. 05-cv-11935 (PBS) (*"Government Employees"*); and, *Eugene Francis v. Serono Laboratories, Inc., Serono, Inc. RJL Systems, Inc., and Rudolph J. Liedtke, Inc. ("Francis"),* C.A. No. 06-cv-10613 (PBS), are pending before this Court.

**WHEREAS,** the *Government Employees* and *Francis* complaints both allege that defendants harmed payors and purchasers of defendants' prescription drugs by engaging in deceptive and illegal marketing, sales, and promotion of their prescription drugs, including the drug Serostim.

**WHEREAS**, both actions arise out of a common nucleus of operative fact, present common questions of law, and seek compensatory and punitive damages and other relief;

**WHEREAS,** in order to promote judicial economy and avoid duplication, plaintiffs hereby request that the Court consolidate the *Government Employees* and *Francis* actions with each other, and with any subsequently-filed actions on behalf of payors or purchasers of defendants' pharmaceutical products.

**NOW THEREFORE, THE COURT ORDERS AS FOLLOWS**:

**I.     CONSOLIDATION**

A.     The *Government Employees* and *Francis* actions are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes and shall be subject to this Case Management Order No. 1 (the "Order").

B.     Any subsequently filed case brought on behalf of payors or purchasers of defendants' pharmaceutical products and that arise out of the same operative facts as this action shall be consolidated with this action and shall be subject to the Order.  The current actions and

any subsequently-filed actions on behalf of payors or purchasers of defendants' pharmaceutical products that may be consolidated with the current action pursuant to this Order are collectively referred to as the "Consolidated Actions."

C.    The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action which he, she, or it has not been named, served or added as such, in accordance with any applicable law, treaty or Federal Rule of Civil Procedure.  The terms of this Order shall not constitute a waiver by any party of any claims in or defenses to any of these actions.

## II.    CAPTION OF THE CASE

A.    In the event that any other actions on behalf of payors or purchasers of defendants' pharmaceutical products are filed in or transferred to this Court, every pleading filed in the Consolidated Actions shall bear the following caption:

```
IN RE: SERONO PHARMACEUTICAL
       PRODUCT LITIGATION
_____         Docket No. _____
THIS DOCUMENT RELATES TO:
```

B.    When any pleading or other court paper filed in the Consolidated Actions is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above.  When a pleading or other court paper is intended to be applicable only to one, or some, but not all of such actions, the party filing the document shall indicate the action(s) to which the document is intended, or by last name of the named plaintiff(s) and the docket number(s).

**III.     MASTER DOCKET, MASTER FILE AND SEPARATE ACTION DOCKETS**

A. In the event that any other actions on behalf of payors or purchasers of defendants' pharmaceutical products is filed in or transferred to this court, a Master Docket and a Master File shall be established for the Consolidated Actions.

B. Documents shall bear the caption of the actions in which the authors intend the documents to be served and/or filed.  Entries shall be made on the dockets, and copies of the documents placed in the files, of those actions whose caption appear on the pleadings or court paper.

C. Separate dockets shall be maintained for each of the separate actions subsequently filed in or transferred to this Court in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order or a future order of this Court.

D. When a pleading or other court paper is filed and the caption shows that it is applicable to "All Actions," the Clerk shall file such pleading or other court paper in the Master File and note such filing on the Master Docket.  No further copies need to be filed or docket entries made.

E. When a pleading or other court paper is filed and the caption shows that it is applicable to fewer than all actions that are consolidated in the Consolidated Actions, the Clerk needs to file such pleading or other court paper only in the Master File, but nonetheless shall note such filing in both the Master Docket and in the docket of each such action.

**IV.     NEWLY FILED OR TRANSFERRED ACTIONS**

A. In the event that a case that relates to the subject matter of the Consolidated Actions is subsequently filed in this Court or transferred here from another court, the Clerk of

this Court shall:

    1.    Make an appropriate entry in the Master Docket;

    2.    Place a copy of this Order in the separate file for such action;

    3.    Mail a copy of this Order to any attorney(s) for the plaintiff(s) in the newly filed or transferred case, and to the attorneys for any new defendant(s) in the newly filed or transferred case; and

    4.    Mail a copy of the Order of assignment of Interim Lead Counsel named in this Order, and to counsel for the defendants in the Consolidated Actions.

B.    This Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing or transfer of any case which might properly be consolidated with the Consolidated Actions.

C.    This Order shall apply to each case described in ¶ IV unless a party objecting to the consolidation of such case or to provision of this Order shall, within fifteen (15) days after the date upon which an Order is mailed to counsel for such party, file an application for relief from this provision and this Court deems it appropriate to grant such application.

V.    **ORGANIZATION OF COUNSEL**

A.    This Order shall apply to each case described in ¶ IV unless a party objecting to the consolidation of such case or to provision of this Order shall, within fifteen (15) days after the date upon which an Order is mailed to counsel for such party, file an application for relief from this provision and this Court deems it appropriate to grant such application.

B.    The Court designates the following to act on behalf of all plaintiffs in the Consolidated Actions with the responsibilities hereinafter described:

1.  As Interim Lead Counsel:

    Thomas M. Sobol
    David S. Nalven
    Hagens Berman Sobol Shapiro LLP
    One Main Street, 4th Floor
    Cambridge, MA 02142
    (617) 482-3700

    Steve W. Berman
    Hagens Berman Sobol Shapiro LLP
    1301 Fifth Avenue, Suite 2900
    Seattle, WA 98101
    (206) 623-7292

2.  As Third-Party Payor Liaison Counsel:

    Mark D. Fischer
    Jeffrey C. Swann
    Mark Sandmann
    Rawlings & Associates, PLLC
    325 W. Main Street
    Louisville, KY 40202
    (502) 587-8060

3.  As Consumer Liaison Counsel:

    Lance A. Harke
    Howard M. Bushman
    Harke & Clasby LLP
    155 S. Miami Ave., Suite 600
    Miami, FL  33130
    (305) 536-8220

4.  Counsel for defendants Serono International, S.A., Serono, Laboratories, Inc., and

Serono, Inc. is:

    Fred A. Kelly, Jr.
    Timothy M. Mungovan
    David M. Ryan
    Nixon Peabody LLP
    100 Summer Street
    Boston, MA 02110
    Telephone: (617) 345-1000

5.    There has been no appearance to date by counsel for RJL Systems, Inc. and Rudolph J. Liedtke.

C.    Interim Lead Counsel in the Consolidated Actions is charged with performing on behalf of all plaintiffs all administrative matters such as communications with clerical staff of the Court and with other counsel (including receiving and distributing, notices, orders, motions, and briefs on behalf of the group), advising parties of developments in the case, and otherwise assisting in the coordination of activities and positions.

D.    Interim Lead Counsel in the Consolidated Actions shall have ultimate authority over the following matters on behalf of all plaintiffs in those respective actions: (a) convening meetings of counsel; (b) initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) such work assignments to other counsel as they deem appropriate; (e) the retention of experts; (f) designation of which attorneys may appear a hearings and conferences with the Court; (g) the timing and substance of any settlement negotiations with the defendants; and (h) other matters concerning the prosecution of the Consolidated Actions.  Interim Lead Counsel shall be responsible for the overall direction and administration of the Consolidated Actions.

E.    Interim Lead Counsel in the Consolidated Actions shall have sole authority to communicate with Defendants Counsel and the Court on behalf of all plaintiffs in the Consolidated Actions.  Defendants' Counsel may rely on all agreements made with Interim Lead Counsel in the Consolidated Actions, and such agreements shall be binding on all counsel in the individual actions that may be coordinated herein.

F.    The organizational structure of plaintiffs' counsel established in paragraph V herein shall apply to plaintiffs' counsel in the Consolidated Actions and any other related action

subsequently filed in, transferred to, and consolidated herein.

    G.    Counsel for any of the parties in any of the Consolidated Actions are hereby deemed admitted pro hac vice for the purposes of these Consolidated Actions, provided they are a member of the bar in good standing.

## VI. COORDINATION WITH ANY SUBSEQUENTLY-FILED ACTIONS ON BEHALF OF PAYORS AND PURCHASERS OF DEFENDANTS' PRODUCTS

    A.    Interim Lead Counsel in the Consolidated Actions shall reasonably coordinate pretrial proceedings with counsel in any subsequently-filed actions consolidated herein. All counsel in the Consolidated Actions shall reasonably attempt to avoid duplication and inefficiency and inconvenience to the Court, parties, counsel and witnesses. However, nothing herein shall be construed to diminish the right of any counsel to be heard on matters that are not susceptible to joint or common action or as to which there is a genuine and substantial disagreement among counsel.

    B.    All discovery obtained by any plaintiff in any of the Consolidated Actions may be shared by that plaintiff and counsel with any other plaintiff and counsel in the Consolidated Actions. All discovery obtained by defendants in any of the Consolidated Actions shall be deemed discovered in any of the Coordinated Actions.

## VII. FILING AND SERVICE OF DOCUMENTS

    A.    Orders. A copy of each order will be provided to Interim Lead Counsel.

    B.    Pleadings, Motions, and Other Documents. Any party to any action in the Consolidated Actions shall effect service of all papers on all parties in the Consolidated Actions as follows: (a) as applicable, Defendants' Counsel shall serve upon the attorneys for the Interim Lead Counsel in the Coordinated Actions, and (b) as applicable, Counsel for plaintiffs in the Consolidated Actions shall serve all papers on Defendants' Counsel, and on Plaintiffs' Interim

Lead Counsel in the Consolidated Actions.

      C.      Filing and Service of any document in the Consolidated Actions may be effected by electronic means pursuant to Federal Rules of Procedure 5(b)(2)(D) and 5(b)(3).  Filing or service, as the case may be, shall be deemed effective on the date on which the document was sent (i.e., provided to the overnight courier even though delivery will not occur until the next business day), is telecopied (for service only), emailed, or is hand delivered.

      D.      Notwithstanding any other provisions herein, the Parties shall file and serve all papers in accordance with the Electronic Case Filing Policies and Procedures ("ECF procedures") of this Court.  To the extent that ECF procedures do not apply, the parties shall serve papers in the manner described above.

**VII.   MODIFICATION**

      A.      Any party may, for good cause shown, move for modification of any provision of this Order.

SO ORDERED:

_____
UNITED STATES DISTRICT COURT JUDGE

Dated:  April \_\_, 2006