UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION  ) ) ) ) ) THIS DOCUMENT RELATES TO: ) State of California, *ex rel.* Ven-A-Care v. ) Abbott Laboratories, *et al.* ) 03-cv-11226-PBS ) ) | MDL No. 1456 Master File No. 01-12257-PBS  Judge Patti B. Saris |

**PLAINTIFFS' REPLY TO B. BRAUN OF AMERICA INC.'S REPLY IN SUPPORT OF ITS SEPARATE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Respectfully submitted,
BILL LOCKYER
Attorney General for the State of California

Dated: April 17, 2006

By:  /s/ Nicholas N. Paul
NICHOLAS N. PAUL
Supervising Deputy Attorney General
California Department of Justice
1455 Frazee Road, Suite 315
San Diego, California 92108
Telephone: (619) 688-6099

**Attorneys for Plaintiff,
STATE OF CALIFORNIA**

THE BREEN LAW FIRM, P.A.

By:  /s/ James J. Breen
JAMES J. BREEN
5755 No. Point Parkway, Suite 39
Alpharetta, Georgia 30022
Telephone: (770) 740-0008

**Attorneys for *Qui Tam* Plaintiff,
VEN-A-CARE OF THE
FLORIDA KEYS, INC.**

BERGER & MONTAGUE, P.C.

By:  /s/ Susan Schneider Thomas
SUSAN SCHNEIDER THOMAS
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000

**Attorneys for *Qui Tam* Plaintiff,
VEN-A-CARE OF THE
FLORIDA KEYS, INC.**

## THE COURT HAS SPECIFIC JURISDICTION BECAUSE B. BRAUN OF AMERICA ADMITS IT BOUGHT CALIFORNIA-BASED MCGAW, INC.

Mr. DiNardo's second declaration (and attached exhibits) submitted with B. Braun of America's (BOA/BBA) reply in support of its separate motion to dismiss, admits the following: First, B. Braun of America purchased McGaw from IVAX through a Stock Purchase Agreement on May 30, 1997. Second, under the terms of the Stock Purchase Agreement, B. Braun of America identifies itself as the "Purchaser." Third, BOA/BBA acknowledged, in its assignment of rights and interests in McGaw to B. Braun Medical Inc. (BBM/BMI), that both Braun companies would "remain jointly and severally liable for obligations and liabilities of PURCHASER under the Purchase Agreement." *See* Defendant's Reply Exhibit 1, Assignment and Assumption Agreement and Amendment No. 1 to Stock Purchase Agreement, Terms and Conditions, p.3, para. 5.

Given all of BOA/BBA's activities in the course of acquiring McGaw, their assertion that they didn't buy McGaw defies logic and is not credible.

In California, a court may exercise specific jurisdiction over a nonresident person or entity when that entity does an act or causes an act to be done in the State, although the exercise of specific jurisdiction is limited to claims arising from or related to that act. *See, e.g., Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995); *Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal. 4th 434, 445-46 (1996). Plaintiff's claim must "arise out of" or be "related to" the defendant's forum activities. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-478 (1985). The plaintiff's cause of action need not arise directly from the defendant's activities in the forum; rather, it is enough that the claim bears a "substantial connection" to the defendant's contacts with the forum. *Vons*, 14 Cal. 4th at 452. Plaintiffs' claims have a substantial connection to BOA/BBA's forum activities because

1

of its acquisition of a California-based company, the products of which are the very ones at issue. Undoubtedly, in the course of that acquisition, BOA/BBA officers and agents traveled to California and regularly communicated with persons in California as part of their due diligence. The claims asserted in this case directly relate to BOA/BBA's purposeful availment of the benefits and privileges of doing business in California, because BOA/BBA knowingly acquired a company that makes and sells pharmaceuticals in California, specifically, to persons covered by Medi-Cal.

## THE COURT HAS JURISDICTION OVER BOA/BBA GIVEN ITS PRINCIPAL/AGENT RELATIONSHIP WITH BBM/BMI

Again, Mr. DiNardo's second declaration (and attached exhibits) demonstrate the parent company's control over the subsidiary. Key executive staff are one and the same for both companies: Charles A. DiNardo is Chief Corporate Officer and Secretary for both companies; Carol H. Neubauer is Chairman and Chief Executive Officer for both companies; and, Dunn & Bradstreet Reports (submitted with Plaintiffs' Memorandum of Law in Opposition to the Motion to Dismiss) reveal that Thomas J. Young is the treasurer for both companies. In summary, all important decision making, policy making, authority over operations and control of money is in the hands of a small number of people holding the same executive positions in both companies.

Also, BOA/BBA, in its assignment of interests in McGaw to BBM/BMI, agrees to joint and several liability for all obligations and liabilities of purchaser on the agreement for the purchase of McGaw. Indeed, Carol Neubauer signed the assignment agreement on behalf of and as CEO of both companies. BOA/BBA also reserved into the assignment agreement involvement with lease and indemnity obligations. Indeed, two years after BOA/BBA assigned its interests in McGaw to BBM/BMI, both companies were sued by IVAX on the same stock purchase agreement for the

purchase of McGaw. *See Ivax Corp. v. B. Braun of Am.,* 286 F.3d 1309, 1311, 1313 (11th Cir. 2002). BBA/BOA is a holding company owning 100% of its one subsidiary BBM/BMI and the interrelationship between the two companies includes loans, advances and service transactions. *See* Plaintiffs' Memorandum in Opposition to Defendant BOA/BBA's Separate Motion to Dismiss the First Amended Complaint Exh. 5, p. 6; Exh. 7, p.11.

Under California law, "if a parent corporation exercises such a degree of control over its subsidiary corporation that the subsidiary can legitimately be described as only a means through which the parent acts, or nothing more than an incorporated department of the parent, the subsidiary will be deemed to be the agent of the parent in the forum state and jurisdiction will extend to the parent." *Sonora Diamond Corp. v. Superior Court,* 83 Cal. App. 4th 523, 541 (2000), citing *Gallagher v. Mazda Motor of Am. Inc.,* 781 F. Supp. 1079, 1083-84 (E.D. Pa. 1992). That principle applies here.

## **CONCLUSION**

For the reasons asserted herein, B. Braun of America's Motion to Dismiss should be denied. Alternatively, the Court should grant jurisdictional discovery to allow California to fully brief any personal jurisdiction issues at a later date. Plaintiffs are entitled to reasonable jurisdictional discovery. *See GTE New Media Servs., Inc. v. Bellsouth Corp.,* 199 F.3d 1343, 1352 (D.C. Cir. 2000).[1]

---

1. Plaintiffs believe that such discovery will reveal that the McGaw acquisition was accomplished to enable B. Braun of America to effectively market the medical equipment and supplies manufactured by its German parent corporation (B. Braun Melsungen AG). This was accomplished by offering the McGaw pharmaceutical fluids in question (the ones for which the manufacturer had created the reimbursement spread) to customers as an inducement to purchase the parents equipment and supplies used to administer the fluids.

## CERTIFICATE OF SERVICE

I, Nicholas N. Paul, hereby certify that on April 17, 2006, I caused a true and correct copy of the foregoing, **PLAINTIFFS' REPLY TO B. BRAUN OF AMERICA INC.'S REPLY IN SUPPORT OF ITS SEPARATE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: April 17, 2006

                                                       /s/ Nicholas N. Paul
                                                     NICHOLAS N. PAUL
                                                     Supervising Deputy Attorney General