UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) THIS DOCUMENT RELATES TO: ) State of California, *ex rel.* Ven-A-Care v. ) Abbott Laboratories, *et al.* ) 03-cv-11226-PBS ) ) | MDL No. 1456<br>Master File No. 01-12257-PBS<br><br>Judge Patti B. Saris |

**PLAINTIFFS' SUR-REPLY TO DEFENDANTS
BOEHRINGER INGELHIEM PHARMACEUTICALS, INC.'S
AND BOEHRINGER INGELHIEM CORPORATION'S
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Respectfully submitted,
BILL LOCKYER
Attorney General for the State of California

Dated: April 17, 2006

By:  /s/ Nicholas N. Paul
NICHOLAS N. PAUL
Supervising Deputy Attorney General
California Department of Justice
1455 Frazee Road, Suite 315
San Diego, California 92108
Telephone: (619) 688-6099

**Attorneys for Plaintiff,
STATE OF CALIFORNIA**

THE BREEN LAW FIRM, P.A.

By:  /s/ James J. Breen
JAMES J. BREEN
5755 No. Point Parkway, Suite 39
Alpharetta, Georgia 30022
Telephone: (770) 740-0008

**Attorneys for *Qui Tam* Plaintiff,
VEN-A-CARE OF THE
FLORIDA KEYS, INC.**

BERGER & MONTAGUE, P.C.

By:  /s/ Susan Schneider Thomas
SUSAN SCHNEIDER THOMAS
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000

**Attorneys for *Qui Tam* Plaintiff,
VEN-A-CARE OF THE
FLORIDA KEYS, INC.**

Defendants Boehringer Ingelheim Pharmaceuticals, Inc. (BIPI) and Boehringer Ingelheim Corporation (BIC) argue in their reply brief, for the first time, that Plaintiffs have not included any drugs sold by them in the exhibits to the First Amended Complaint (FAC). These arguments should be stricken since they are first raised in the reply brief. *North Am. Specialty Ins. Co. v. Lapalme*, 258 F.3d 35, 45 (1st Cir. 2001); *M & D Cycles, Inc. v. Am. Honda Motor Co.*, 208 F. Supp. 2d 115, 122 (D.N.H. 2002) (refusing to consider contractual provision first asserted in reply brief as basis for summary judgment).

BIC and BIPI are collectively referred to as Boehringer in the FAC. FAC ¶ 8. Therein it states that Ben Venue was acquired by Boehringer in December 1997, and that Ben Venue had created a separate division called Bedford Laboratories (Bedford) to market and sell generic formulas. FAC ¶ 8. In paragraph 18 of the FAC, Plaintiffs allege that Roxane Laboratories, Inc. (Roxane) is a subsidiary of Boehringer (i.e., of BIC and BIPI). With additional discovery Plaintiffs could demonstrate that BIC and BIPI exerted excessive control over Roxane and Bedford such that BIC and BIPI, collectively, were the alter egos of Roxane and Bedford. There is evidence in existing case law that BIC and BIPI have at least one mutual officer that represent both corporations in product negotiations. *ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268, 270 (D. Del. 2001). In 2001, the German parent, Boehringer Ingelheim, GmbH controlled all production decisions of the Boehringer entities. *Id.*

Although the findings in *ICT* are not conclusive of alter ego status of BIC and BIPI, Plaintiffs request that the Court permit discovery to move forward before ruling on the status of BIC and BIPI. Alter ego status is often an issue in determining personal jurisdiction, and Plaintiffs are normally entitled to reasonable jurisdictional discovery. *See GTE New Media Servs., Inc. v.*

1

*Bellsouth Corp.*, 199 F.3d 1343, 1352 (D.C. Cir. 2000). Discovery concerning jurisdictional issues is appropriate where complex factual matters are in question and where a party has been diligent and is somewhat unfamiliar with his adversary. *Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254 (1st Cir. 1966). Here BIC and BIPI have not raised any jurisdictional issues. Where personal jurisdiction is not raised in a 12(b) motion, it is waived. *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 40-41 (1st Cir. 2001).

The court, therefore would be able to review assertions of the alter ego status of BIC and BIPI without the need to determine personal jurisdiction. Determining alter ego status, however, requires complex fact finding and is better left to the summary judgement stage of the proceedings. *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 46-47 (1st Cir. 1999)(citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)). Plaintiffs request that they be permitted to explore in discovery any issues raised by defendants BIC and BIPI regarding their status as alter egos of Roxane and Bedford.

## **CONCLUSION**

For the foregoing reasons, BIC's and BIPI's motion to dismiss should be denied. In the alternative, Plaintiffs should be granted leave to amend the FAC.

## CERTIFICATE OF SERVICE

I, Nicholas N. Paul, hereby certify that on April 17, 2006, I caused a true and correct copy of the foregoing, **PLAINTIFFS' SUR-REPLY TO DEFENDANTS BOEHRINGER INGELHIEM PHARMACEUTICALS, INC.'S AND BOEHRINGER INGELHIEM CORPORATION'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: April 17, 2006

/s/ Nicholas N. Paul
NICHOLAS N. PAUL
Supervising Deputy Attorney General