UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) <br><br> THIS DOCUMENT RELATES TO: <br> State of California, *ex rel.* Ven-A-Care v. <br> Abbott Laboratories, *et al.* <br> 03-cv-11226-PBS | MDL No. 1456 <br> Master File No. 01-12257-PBS <br><br> Judge Patti B. Saris |

PLAINTIFFS' SUR-REPLY TO Z.L.B. BEHRING'S SEPARATE
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

                                                       Respectfully submitted,
                                                       BILL LOCKYER
                                                       Attorney General for the State of California

Dated: April 17, 2006                  By:     /s/ Nicholas N. Paul
                                                            NICHOLAS N. PAUL
                                                             Supervising Deputy Attorney General
                                                             California Department of Justice
                                                             1455 Frazee Road, Suite 315
                                                             San Diego, California 92108
                                                             Telephone: (619) 688-6099

                                                        **Attorneys for Plaintiff,**
                                                        **STATE OF CALIFORNIA**

| THE BREEN LAW FIRM, P.A. | BERGER & MONTAGUE, P.C. |
|---|---|
| By:    /s/ James J. Breen <br>        JAMES J. BREEN <br>        5755 No. Point Parkway, Suite 39 <br>        Alpharetta, Georgia 30022 <br>        Telephone: (770) 740-0008 | By:    /s/ Susan Schneider Thomas <br>        SUSAN SCHNEIDER THOMAS <br>        1622 Locust Street <br>        Philadelphia, PA 19103 <br>        Telephone: (215) 875-3000 |
| **Attorneys for *Qui Tam* Plaintiff,** <br> **VEN-A-CARE OF THE** <br> **FLORIDA KEYS, INC.** | **Attorneys for *Qui Tam* Plaintiff,** <br> **VEN-A-CARE OF THE** <br> **FLORIDA KEYS, INC.** |

## DISMISSAL OF THE BLOOD FACTOR
## ALLEGATIONS SHOULD BE WITHOUT PREJUDICE

Defendant Z.L.B. Behring's (Behring's) separate motion to dismiss is based on Rule 9(b) of the Federal Rules of Civil Procedure (*i.e.*, failure to plead with particularity), given that no list of blood factor drugs was included in the exhibits attached to the First Amended Complaint (FAC). Plaintiffs concurred with Behring's contention and withdrew their *blood factor claims*, as alleged in paragraphs 56 and 57 of the FAC. Plaintiffs did not, and do not, withdraw any other claims against Behring, *i.e.*, their immune globulin claims.

In adjudicating a Rule 9(b) challenge, a court ordinarily should grant dismissal without prejudice and with leave to amend to cure deficiencies in pleading fraud, unless the defect is not curable by amendment or plaintiff failed to plead with particularity after repeated opportunities. "Failure to plead fraud with particularity likewise does not support a dismissal with prejudice. To the contrary, leave to amend is 'almost always' allowed to cure deficiencies in pleading fraud." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (1996)(quoting *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir.1986), citation omitted); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)(same).

Here, no factors are asserted by Behring which compel dismissal with prejudice. Plaintiffs withdrew their claims because they did not identify the specific blood factor drugs which are the subject of the allegations of the complaint, and this oversight can be cured.

1

### PLAINTIFFS' CLAIMS AGAINST BEHRING'S IMMUNE GLOBULIN PRODUCTS (IVIG) ARE PROPERLY PLED, BUT ARE ADDRESSED IN PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT IN INTERVENTION

Plaintiffs' opposition to Behring's separate motion to dismiss does not address the allegations regarding Behring's IVIG products. Plaintiff's argument is stated with their Opposition to Defendants' Joint Motion to Dismiss, wherein Plaintiffs assert they properly pled all allegations concerning the drugs identified in Plaintiffs' sealed exhibits, which include Behring's IVIG products (FAC, exh. B.)

### CONCLUSION

For the reasons stated herein, Plaintiffs request that the Court dismiss the blood factor allegations alleged in the FAC (¶¶ 56, 57) without prejudice, and with leave to amend.

## CERTIFICATE OF SERVICE

I, Nicholas N. Paul, hereby certify that on April 17, 2006, I caused a true and correct copy of the foregoing, **PLAINTIFFS' SUR-REPLY TO Z.L.B. BEHRING'S SEPARATE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: April 17, 2006

                                           /s/ Nicholas N. Paul
                                           NICHOLAS N. PAUL
                                           Supervising Deputy Attorney General