UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE   LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y.  Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br><br>**PLAINTIFFS' OPPOSITION TO SEPARATE MEMORANDUM OF DEFENDANT BOEHRINGER INGELHEIM CORPORATION IN SUPPORT OF MOTION TO DISMISS** |

| | |
|---|---|
| *County of Genesee v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-00267 | |
| *County of Greene v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0474 | |
| *County of Herkimer v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-00415 | |
| *County of Jefferson v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0715 | |
| *County of Lewis v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0839 | |
| *County of Madison v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-00714 | |
| *County of Monroe v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6148 | |
| *County of Nassau v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 04-CV-05126 | |
| *County of Niagara v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06296 | |
| *County of Oneida v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0489 | |
| *County of Onondaga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0088 | |
| *County of Ontario v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6373 | |
| *County of Orleans v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6371 | |
| *County of Putnam v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-04740 | |
| *County of Rensselaer v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-00422 | |
| *County of Rockland v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-7055 | |
| *County of Schuyler v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6387 | |
| *County of Seneca v. Abbott Laboratories, Inc., et al.* | |

| | |
|---|---|
| W.D.N.Y. Case No. 05-CV-6370<br><br>*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479<br><br>*County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478<br><br>*County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257<br><br>*County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397<br><br>*County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123<br><br>*County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468<br><br>*County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408<br><br>*County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | |

## INTRODUCTION

Boehringer Ingelheim Corporation's ("BIC") individual memorandum (hereinafter "BIC Memo") seeks the dismissal of all claims relating to its drugs on the grounds that plaintiffs fail to identify any drugs manufactured by BIC or any BIC drugs purchased by the plaintiffs as required by the pleading requirements of Rule 9(b). BIC also contends that all allegations in the Complaints[1] referencing lawsuits and investigations concerning BIC are immaterial, impertinent and scandalous and should be stricken pursuant to Rule 12(f).[2]

BIC is wrong on both counts. Plaintiffs' allegations concerning the fraudulent pricing practices and fraudulent AWPs of BIC, as part of the Boehringer Group (defined at CC ¶43), satisfy the particularity requirements of Fed. R. Civ. P. 9(b) and the Court's prior rulings, including those in the matter styled *County of Suffolk v. Abbott Labs., et al.*[3] Plaintiffs' allegations concerning lawsuits and investigations involving BIC are relevant given the same prior rulings of the Court and should not be stricken.[4]

## DISCUSSION

**A.     Plaintiffs' Allegations Relating to Purchases of BIC Drugs Satisfy 9(b).**

BIC contends that plaintiffs' allegations fail to identify any drugs manufactured by BIC

---

[1] "Complaints" refers to both the Corrected Consolidated Complaint of New York City and New York Counties other than Nassau, filed on June 22, 2005 (the "Consolidated Complaint" or "CC") and the Second Amended Complaint of Nassau County, filed on January 6, 2006 (the "Nassau SAC" or "NSAC").

[2] BIC also incorporates all arguments advanced in the Merck Individual Motion to Dismiss. Plaintiffs incorporate the entirety of their opposition to the Merck arguments herein. Notably, none of Merck's arguments arising out of Merck's membership in the "Suffolk 13 + 6" are relevant to BIC as BIC was not named in the Suffolk Complaint.

[3] *See In re Pharm. Indus. Average Wholesale Price Litig.* 339 F.Supp.2d 165, 173("*Suffolk I*"); *In re Pharm. Indus. Average Wholesale Price Litig.*, No. 01-12257, 2004 WL 2387125, at *3(D. Mass. Oct. 26, 2004) ("*Suffolk II*"); *In re Pharm.Indus. Average Wholesale Price Litig.* Memorandum and Order at 1-2(D. Mass. April 8, 2005)("*Suffolk III*").

[4] All other causes are addressed in Plaintiffs Consolidated Opposition to Defendants Motion to Dismiss, filed contemporaneously herewith. Plaintiffs address all arguments concerning Merck & Co. in their response to Merck's individual motion to dismiss. That brief is also being filed contemporaneously.

or any BIC drugs purchased by plaintiffs and as such all claims should be dismissed under Fed. R. Civ. P. 9(b). *See* BIC Memo at 1. This is false.

To assert claims under Fed. R. Civ. P. 9(b), "the complaint should at least set forth minimal facts as to who did what to whom, when, where and why -- although why, when why means the actor's state of mind, can be averred generally." *Suffolk II*, 2004 WL 2387125, at *1. In order to maintain standing the Court has instructed that plaintiffs must "clearly and concisely allege with respect to each defendant: (1) the specific drug or drugs that were purchased from defendant: (2) the allegedly fraudulent AWP for each drug; and (3) the name of the specific plaintiff(s) that purchased the drug." *In re Pharm. Indus. Average Wholesale Price Litig.*, 263 F. Supp. 2d 172, 194 (D. Mass. 2003); *see also Suffolk II*, 2004 WL 2387125 at *2; *In re Pharma. Indus. Average Wholesale Price Litig.*, 307 F. Supp. 2d 196, 209 (D. Mass. 2004)("*Pharm. III*") (recognizing an industry-wide practice of inflating AWPs and not requiring a specific spread for every drug of each manufacturer).

Plaintiffs have satisfied the Court's requirements. Plaintiffs allege that BIC is engaged in the business of manufacturing and selling pharmaceuticals and that BIC is part of the "Boehringer Group". CC ¶¶43, 337, NSAC ¶36, 317. The "Boehringer Group" comprises BIC and its three wholly owned subsidiaries: Boehringer Ingelheim Pharmaceuticals Inc., Roxane Laboratories Inc., and Ben Venue Laboratories, Inc. *Id.* Plaintiffs specifically allege that the NY County Medicaid Programs purchased millions of dollars worth of "Boehringer Group Drugs", which includes BIC.[5] All of plaintiffs' specific BIC allegations speak in terms of the "Boehringer Group" or a BIC subsidiary. *See* CC ¶¶337-365, NSAC ¶317-338. Finally,

---

[5] Notably, the principle place of business for BIC and Boehringer Ingelheim Pharmaceuticals Inc. is located at 900 Ridgebury R., Ridgefield, Connecticut. *See* CC ¶43, NSAC ¶36.

2

plaintiffs' exhibits identify multiple Boehringer drugs (in addition to those purchased from Roxanne and its acquired subsidiary Bedford Labs) purchased by plaintiffs and their fraudulent AWPs. *See* CC Exh. A at 23-26; NSAC Exh. B at 14 – 17. The foregoing satisfies the requirements of Fed. R. Civ. P. 9(b) and the Court's prior rulings.

Finally, even if the Court finds that the pleadings have not satisfied Fed. R. Civ. P. 9(b), at bare minimum plaintiffs' claims for unjust enrichment and violations of 18 N.Y.C.R.R. §515.2(b)(4) and still must be sustained because the court held that Rule 9(b) does not apply to such claims. *Suffolk II*, 2004 WL 2387125, at *2.

### B. Plaintiffs' Allegations Regarding Lawsuits and Government Investigations Should Be Sustained.

BIC contends that all allegations referring to lawsuits and investigations concerning BIC are immaterial, impertinent and scandalous and should be stricken pursuant to Rule 12(f). This argument flies directly in the face of the Court's prior rulings.

The Court ruled repeatedly that lawsuits and government investigations concerning similar activities are directly relevant to plaintiffs' claims. The Court specifically held that in order to maintain claims concerning fraudulent AWPs and related reimbursement practices, plaintiffs must "set forth [] factual allegations regarding a spread, internal documents or government investigations from which an inference of fraud [could] reasonably be made..." *Suffolk II*, 2004 WL 2387125, at *2 (emphasis added); *Pharm. III*, 307 F. Supp. 2d at 209. The Court did not require an adjudication of the lawsuits or government investigations.

Thus, plaintiffs properly allege and refer to government investigations concerning Medicaid and pricing practices of the Boehringer Group (including BIC) being conducted by the DOJ, the HHS OIG, the House Committee on Energy and Commerce, and the Attorneys General for the States of Nevada, Pennsylvania and Wisconsin. *See* CC ¶346, NSAC ¶324. Furthermore,

3

plaintiffs properly allege relevant lawsuits brought against the Boehringer Group (including BIC) by the Attorneys General for the states of Alabama, Illinois, Kentucky, Montana, Ohio, Pennsylvania and Texas. *See* CC ¶ 347; NSAC ¶ 325. These lawsuits and government investigations concern unlawful and wrongful conduct of providing false wholesale pricing information and/or violations of the federal rebate requirements (*i.e.*, the same conduct at issue in this litigation). This evidence may be "scandalous" under certain definitions of the word, but the scandals are directly relevant and appropriately included in the claims of this case.

## CONCLUSION

For all the foregoing reasons, BIC's motion to dismiss should be denied in its entirety.

Dated: April 17, 2006

        Respectfully submitted,

        **City of New York and all captioned Counties except Nassau, by**

        **KIRBY McINERNEY & SQUIRE, LLP**
        830 Third Avenue
        New York, New York 10022
        (212) 371-6600

        /s/ Joanne M. Cicala
        Joanne M. Cicala (JC 5032)
        James P. Carroll Jr. (JPC 8348)
        Aaron D. Hovan (AH 3290)
        David E. Kovel (DK 4760) (*pro hac vice* application pending)

**For the City of New York**

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York

John R. Low-Beer (JL 3755)
Richard J. Costa (RC 7278)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York 10007
(212) 788-1007

**LORNA B. GOODMAN**
Peter J. Clines
Rachel S. Paster
Nassau County Attorney, by


**MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540

55 Cleveland Road
Wellesley, MA 02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

***Special Counsel for the
County of Nassau***