# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT ENDO PHARMACEUTICAL INC'S INDIVIDUAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-00267

*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715

*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839

*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714

*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148

*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 04-CV-05126

*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296

*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088

*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373

*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371

*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387

*County of Seneca v. Abbott Laboratories, Inc., et al.*

| | |
|---|---|
| W.D.N.Y. Case No. 05-CV-6370<br><br>*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479<br><br>*County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478<br><br>*County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257<br><br>*County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397<br><br>*County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123<br><br>*County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468<br><br>*County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408<br><br>*County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | |

## INTRODUCTION

Endo Pharmaceuticals Inc.'s ("Endo's") individual memorandum (hereinafter "Endo Memo") seeks the dismissal of plaintiffs' AWP claims on the grounds that plaintiffs' allegations are insufficient under Fed. R. Civ. P. 9(b) and argues plaintiffs: (i) only identify fraudulent AWPs for 16 out of 36 Endo products; and, (ii) improperly use market prices to calculate spreads. Endo further seeks dismissal of plaintiffs' AWP claims because it says plaintiffs fail to allege that Endo ever provided false AWPs to third party reporting services.[1]

Endo's arguments miss the mark entirely. Plaintiffs allege fraudulent AWPs for all Endo drugs for which they seek relief and properly use generally available market prices to demonstrate the outrageous Endo spreads.[2] This specificity satisfies the particularity requirements of Fed. R. Civ. P. 9(b) as well as the Court's prior rulings, including in the matter styled *County of Suffolk v. Abbott Labs., et al.*[3] Plaintiffs also allege that Endo reported, or caused to be reported, fraudulent wholesale pricing information that resulted in fraudulent AWPs. Endo's motion must be denied.

## DISCUSSION

### A. Plaintiffs' AWP Claims Are Pled With Sufficient Particularity And Should Be Sustained.

In order to maintain AWP Claims, plaintiffs must set forth factual allegations regarding spread, internal documents or government investigations from which an inference of fraud can reasonably be made. *See Suffolk II*, 2004 WL 2387125, at *2; *In re Pharm. Indus. Average*

---

[1] Plaintiffs address all other causes against Endo in their brief opposing defendants' consolidated motion to dismiss the consolidated complaint of New York City and New York Counties other than Nassau and the second amended complaint of Nassau County. That brief is being filed contemporaneously.

[2] *See* Corrected Consolidated Complaint, filed on June 22, 2005 ("Consolidated Complaint" or "CC") at ¶¶ 449-450; CC Exh. A.

[3] *See In re Pharm. Indus. Average Wholesale Price Litig.* 339 F.Supp.2d 165, 173("*Suffolk I*"); *In re Pharm. Indus. Average Wholesale Price Litig.*, No. 01-12257, 2004 WL 2387125, at *3(D. Mass. Oct. 26, 2004) ("*Suffolk II*"); *In re Pharm.Indus. Average Wholesale Price Litig.* Memorandum and Order at 1-2(D. Mass. April 8, 2005)("*Suffolk III*").

1

*Wholesale Price Litig.*, 307 F. Supp. 2d 196, 209 (D. Mass. 2004)("*Pharm. III*"). In alleging a spread, using a calculated actual average sales price for a drug will not suffice. *See Suffolk III,* at 2.

Plaintiffs have satisfied the Court's requirements. Plaintiffs (1) provide fraudulent AWPs for over 130 NDCs representing 38 Endo products for which plaintiffs paid (*see* CC ¶455, Exh. A, B & F); (2) detail exorbitant spreads calculated based on actual available market prices[4] -- not a calculated average price -- for 31 of the 38 Endo products (*see* CC ¶455, Exh. A, B & F); (3) show that the exorbitant spreads between the actual market price and the fraudulent AWPs range from 96% to 2324%, with the vast majority showing spreads valued well over 200% (*see* CC Exh. B-12); (4) set forth a sufficient sampling of exorbitant spreads for 82% of the Endo products for which plaintiffs' assert AWP claims; and (5) identify that the Attorney General of the State of Alabama has also brought AWP related claims against Endo (*see* CC ¶461). Plaintiffs also allege Endo engages in off-invoice pricing that allows a manufacturer to lower the net cost to the purchaser while concealing the actual cost beneath the fiction of a higher invoice. *See* CC ¶ 153.

The foregoing is certainly sufficient to draw a reasonable and decidedly sound inference of a company-wide AWP Fraud in compliance with the requirements of Rule 9(b). *See U.S. ex rel Franklin v. Parke Davis*, 147 F.Supp.2d 39, 49 (D.Mass 2001)(Saris, J.)("[W]here the alleged scheme of fraud is complex and far-reaching, pleading every instance of fraud would be extremely ungainly, if not impossible.").

---

[4] Plaintiffs already informed the Court and all defendants, including Endo, that the prices used to calculate spreads were actual market prices offered to Ven-a-Care of the Florida Keys, Inc. ("Ven-a-Care"), a licensed pharmacy, and available on a nationwide basis to similar pharmacies. *See* Plaintiffs' Response to Defendants' Request for Extension of Time and Further Relief in Order to Comply with July 8, 2005 Order (filed October 12, 2005). In the matter styled, *State of California ex rel. Ven-a-Care of the Florida Keys v. Abbott Labs., et al.*, also pending before this Court, plaintiffs utilized these same prices to calculate the spreads in support of similar claims. Notably, the legitimacy of these prices was not questioned in recent motions to dismiss filed in that action.

Next, Endo contends that because plaintiffs did not allege that Endo provided false AWPs to publishers and plaintiffs did not identify fraudulent WACs, all AWP claims again fail under Rule 9(b). The argument is a red herring. This Court has not imposed any such requirement to maintain AWP claims under Rule 9(b). *See Suffolk II*, 2004 WL 2387125, at *2. Moreover, plaintiffs allege that: (1) defendants' fraudulent scheme consists of submitting intentionally fraudulent pricing information to publishers (*see* CC ¶4); (2) at all relevant times, each defendant has intentionally reported or caused to be reported to industry publications wholesale pricing information that it knew would be false and inflated with the intention and knowledge that the published information would be relied upon by Medicaid and private payors for calculating drug payments and reimbursements (*see* CC ¶122); (3) defendants set false AWP by either directly supplying the false AWPs to publishers or supplying false WAC or WAC equivalents to the publishers (*see* CC ¶6); and (4) plaintiffs' claims include that "WAC itself is false and inflated and drug manufacturers know that by reporting a false and inflated WAC or WAC equivalent so they can trigger the publications of the false and inflated AWP on which reimbursements are made" (CC ¶8); and, (5) plaintiffs provide specific examples of fraudulent WACs and AWPs in CC Exhibit F, which contains approximately 32 examples of Endo drugs (*see* CC Exh. F at 10-12).

Finally, Endo does not dispute -- nor could it -- that at the barest minimum plaintiffs' allegations state AWP unjust enrichment claims, and claims for 18 N.Y.C.R.R. §515.2(b)(4) & (5). The Court ruled that Rule 9(b) does not apply to such claims. *Suffolk II*, 2004 WL2387125 at *2. Likewise, Endo does not dispute any of plaintiffs' Best Price claims, which should be sustained.

## CONCLUSION

For the foregoing reasons, Endo's motion to dismiss should be denied in its entirety.

3

Dated: April 17, 2006

Respectfully submitted,

**City of New York and all captioned Counties except Nassau, by**

**KIRBY McINERNEY & SQUIRE, LLP**
830 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala
Joanne M. Cicala (JC 5032)
James P. Carroll Jr. (JPC 8348)
Aaron D. Hovan (AH 3290)
David E. Kovel (DK 4760) (*pro hac vice* application pending)

**For the City of New York**

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York

John R. Low-Beer (JL 3755)
Richard J. Costa (RC 7278)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York  10007
(212) 788-1007

**LORNA B. GOODMAN**
Peter J. Clines
Rachel S. Paster
Nassau County Attorney, by

**MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540
55 Cleveland Road
Wellesley, MA  02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

4

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

*Special Counsel for the
County of Nassau*