UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE   LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y.  Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-00267

*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715

*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839

*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714

*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148

*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 04-CV-05126

*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296

*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088

*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373

*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371

*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387

*County of Seneca v. Abbott Laboratories, Inc., et al.*

| | |
|---|---|
| W.D.N.Y. Case No. 05-CV-6370<br><br>*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479<br><br>*County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478<br><br>*County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257<br><br>*County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397<br><br>*County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123<br><br>*County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468<br><br>*County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408<br><br>*County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | |

## INTRODUCTION

Novartis Pharmaceutical Corporation ("Novartis") seeks the dismissal of plaintiffs' fraud based claims on the grounds that they do not satisfy Fed. R. Civ. P. 9(b) because they do not adequately explain the fraudulent nature of the spreads cited for each of the Novartis drugs. *See* Motion to Dismiss ("MTD") at 1. Novartis also claims in a footnote that only a subset of the "Novartis Group" drugs identified in the Consolidated Complaint ("CC") are manufactured by Novartis. MTD at fn 1. Finally, Novartis says all claims against it were dismissed by this Court in *County of Suffolk v. Abbott Labs., et al. (Civ. Action No. 1:03-cv-10643)(MDL 1456)* ("*Suffolk*") and thus should de dismissed here as well.

Novartis' arguments are incorrect or misplaced. Plaintiffs allege fraudulent AWPs for all Novartis exemplar drugs for which they seek relief (*see* CC Exhibit A at 58-69; Nassau Second Amended Complaint ("NSAC") Exhibit B at 55-63) and properly use actual Novartis market prices to demonstrate the outrageous Novartis spreads between AWP and acquisition cost. *See* CC ¶ 630; NSAC ¶ 533 (alleging spreads for Tegretol and Clozeril). *See also* CC Exhibit B-23, at 75, 77, 79-84; NSAC Exhibit A at 40-43 alleging additional spreads for specific Novartis products]. This specificity satisfies the particularity requirements of Rule 9(b) as well as the Court's prior rulings, including all those in *Suffolk*.[1]

Novartis' unsworn *ipse dixit* that it does not sell all the drugs listed in CC Exhibit A and NSAC Exhibit B carries no weight. Plaintiffs allege that First Data Bank listed such NDCs as attributable to Novartis and nothing more is required at this stage of the case. Finally, the issue of whether Suffolk's claims against Novartis may have been dismissed is irrelevant entirely to whether

---

[1] Plaintiffs address all other causes against Novartis in their brief opposing defendants' consolidated motion to dismiss the consolidated complaint of New York City and New York Counties other than Nassau and the second amended complaint of Nassau County (referred to herein as "Cons. Opp."). That brief is being filed contemporaneously.

1

the plaintiffs have adequately pled claims against Novartis. *See* Cons. Opp at Argument Point II.

## PLAINTIFFS' FRAUD-BASED AWP CLAIMS AGAINST NOVARTIS ARE PLED WITH PARTICULARITY AND SHOULD BE SUSTAINED.

Novartis contends that the Complaints' allegations relating to its drugs "fails completely to make the allegations as to [Novartis] that the Court required". MTD at 1-2. Novartis then misstates the Court's standards for satisfying Fed. R. Civ. P. 9(b). MTD at 1. Contrary to Novartis contentions, plaintiffs are not required to plead a spread for each drug. *See* MTD at 1-2. Fed. R. Civ. P. 9(b) requires that plaintiffs provide 1) specific allegations on a drug by drug basis and 2) the allegedly fraudulent AWP for each drug as a threshold matter.[2] Additionally, 9(b) rulings require plaintiffs to also show 1) A spread which plaintiff possesses a good-faith basis to calculate[3] **or,** alternatively, 2) A detailed overview of the fraudulent scheme that fits the "paradigm described in the complaint" *See Suffolk I*, 307 F.Supp., at 208, citing to *In re Pharm. Indus. Average Wholesale Price Litig.*, 263 F.Supp.2d 172, 194 (D.Mass. 2003).

Plaintiffs provided the fraudulent AWP for every Novartis product by NDC for the year 2000 (*see* Exhibit A to the CC at 58-69) or 2003 (*see* NSAC Exhibit B at 55-63). Thus, the plaintiffs specifically allege, drug-by-drug, each fraudulent AWP. Additionally, plaintiffs have compared generally available actual market prices for Novartis drugs to their reported AWPs in order to

---

[2] In *Suffolk II*, 2004 WL 2387125, at *2 (D.Mass. 2004) the court held that in the absence of allegations particularizing the circumstances surrounding the price reporting, Suffolk could satisfy 9(b) simply by alleging a spread for which it has "a good-faith basis". *See Id*, ("[t]he so-called "Suffolk 13" …insist that the allegations concerning the spread are not particular enough because … there are no …allegations (e.g., government investigations or the company's own internal documents) to support a claim of fraudulent pricing…. If there is a good faith basis for calculating a spread, the Court will deny the motion to dismiss.")

[3] In *Suffolk II*, 2004 WL 2387125, at *2 (D.Mass. 2004) the court held that in the absence of allegations particularizing the circumstances surrounding the price reporting, Suffolk could satisfy 9(b) simply by alleging a spread for which it has "a good-faith basis". *See Id*, ("[t]he so-called "Suffolk 13" …insist that the allegations concerning the spread are not particular enough because … there are no …allegations (e.g., government investigations or the company's own internal documents) to support a claim of fraudulent pricing…. If there is a good faith basis for calculating a spread, the Court will deny the motion to dismiss.")

2

calculate estimates of spreads (which range as high as 1400%). *See* CC ¶ 630; NSAC ¶ 533, alleging spreads for Tegretol and Clozeril. *See also* Exhibit B-23, at 75, 77, 79-84; NSAC Exhibit A at 40-43. Novartis ignores this particularity and the fact that plaintiffs are not using an industry average to calculate spread (the method which concerned the Court in *Suffolk*), but instead use actual Novartis market prices.

Plaintiffs also allege 1) that Novartis promoted its products by marketing the spread and selling its products at substantial discounts off WAC while maintaining a false and inflated AWP (*see* CC at ¶ 626; NSAC at ¶ 524); 2) that the Attorneys Generals of the States of Illinois, Kentucky, Wisconsin, and Florida are pursuing similar fraudulent AWP claims against Novartis (*see* CC at ¶ 629-631; NSAC at ¶¶ 529, 533-534); and, 3) that Novartis is the subject of investigations by the OIG which documented an inflated AWP for Aredia (*see* CC at ¶ 632; ; NSAC at ¶¶ 530).

The foregoing is sufficient to draw a reasonable and decidedly sound inference of a company-wide AWP fraud in compliance with the requirements of Fed. R. Civ. P. 9(b) and the prior rulings of this Court[4]. *Suffolk II*, 2004 WL 2387125 at *2-3 *; see also U.S. ex rel Franklin v. Parke Davis*, 147 F.Supp.2d 39, 49 (D.Mass 2001)(Saris, J.)("[W]here the alleged scheme of fraud is complex and far-reaching, pleading every instance of fraud would be extremely ungainly, if not impossible.").

Novartis incorrectly contends that plaintiffs also must "establish why every particular drug was listed in its complaint, and that plaintiffs are required to provide the basis for calculating a fraudulent spread for every drug. MTD at 1-2

This argument seeks to impose on plaintiffs a burden beyond that which the Court has previously required. Regardless, plaintiffs have made clear why the Novartis NDCs are part of their

---

[4] *See In re Pharm. Indus. Average Wholesale Price Litig.* 339 F.Supp.2d 165, 173("*Suffolk I*"); *In re Pharm. Indus. Average Wholesale Price Litig.*, No. 01-12257, 2004 WL 2387125, at *3 ("*Suffolk II*"); *In re Pharm. Indus. Average Wholesale Price Litig.* Memorandum and Order at 1-2 (D. Mass. April 8, 2005)("*Suffolk III*").

3

case. Each NDC has a fraudulent and inflated AWP (*see* Exhibit A to CC). Moreover, CC Exhibit B, NSAC Exhibit A, and plaintiffs' other allegations make clear that Novartis products were generally available at deep discounts off such AWP. In addition, as this Court has ruled, "where the alleged scheme of fraud is complex and far reaching, pleading every instance of fraud would be extremely ungainly, if not impossible courts ... have not placed the bar so high as to require pleading with total insight." *See Suffolk I,* 307 F.Supp.2d at 208. , *citing U.S. ex rel. Franklin v. Parke Davis*, 147 F. Supp.2d 39, 46 (D. Mass.2001). Novartis' arguments ignore this ruling, and seek to impose on the Complaints a standard beyond what the Court has already stated is adequate.

Novartis also maintains that the Complaints fail to sufficiently provide a basis for its spread calculations. *See* MTD at 2. As explained in plaintiffs' opposition to Wyeth's MTD at 2 (which opposition is incorporated herein) the basis for plaintiffs' spread calculations in the complaints and Exhibits thereto is clear from the face of the documents.

## CONCLUSION

For the reasons set forth herein, Novartis' motion to dismiss should be denied.

Dated: April 17, 2006

                Respectfully submitted,

                **City of New York and all captioned Counties except Nassau, by**

                **KIRBY McINERNEY & SQUIRE, LLP**
                830 Third Avenue
                New York, New York 10022
                (212) 371-6600

                /s/ Joanne M. Cicala
                Joanne M. Cicala (JC 5032)
                James P. Carroll Jr. (JPC 8348)
                Aaron D. Hovan (AH 3290)
                David E. Kovel (DK 4760) (*pro hac vice* application pending)

**For the City of New York**

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York

John R. Low-Beer (JL 3755)
Richard J. Costa (RC 7278)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York 10007
(212) 788-1007

**LORNA B. GOODMAN**
Peter J. Clines
Rachel S. Paster
Nassau County Attorney, by

**MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540

55 Cleveland Road
Wellesley, MA 02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Special Counsel for the
County of Nassau*

5