UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519<br><br>*County of Genesee v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-00267 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' OPPOSITION TO SEPARATE MEMORANDUM OF THE "PFIZER DEFENDANTS" IN SUPPORT OF MOTION TO DISMISS** |

*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715

*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839

*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714

*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148

*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 04-CV-05126

*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296

*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088

*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373

*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371

*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387

*County of Seneca v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6370

*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*

| | |
|---|---|
| N.D.N.Y. Case No. 05-CV-0479<br><br>*County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478<br><br>*County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257<br><br>*County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397<br><br>*County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123<br><br>*County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468<br><br>*County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408<br><br>*County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | |

## INTRODUCTION

Defendants Pfizer, Inc., Pharmacia Corporation ("Pharmacia"), Greenstone LTD ("Greenstone"), and Agouron Pharmaceuticals ("Agouron") (collectively the "Pfizer Defendants") assert[1] in their Motion to Dismiss (the "MTD") that all claims asserted in the Complaints should be dismissed on six different grounds for the reasons set forth below and in plaintiffs' opposition to the Sandoz and Merck Motions to Dismiss, which are incorporated by reference herein, the Pfizer Defendants' motion should be denied in its entirety.

## ARGUMENT

Pfizer contends that plaintiffs did not plead claims as to defendants Greenstone LTD ("Greenstone") or Agouron Pharmaceuticals, Inc. ("Agouron") and, therefore, these defendants should be dismissed from this action. MTD at 1. Pfizer further contends that "Plaintiffs have failed to clarify Pharmacia's corporate structure and state which Defendant is responsible for which drugs". *Id.* Each argument is misplaced. *First,* plaintiffs have pled with particularity each of the Pfizer Defendants' corporate identities and relationship (including Greenstone and Agouron). In the Consolidated Complaint ("CC") plaintiffs' pled as follows:

> The following four defendants are hereinafter referred to as the **PFIZER GROUP**:
> a) Defendant Pfizer, Inc. ("Pfizer") is a Delaware corporation engaged in the business of manufacturing and selling pharmaceuticals. Pfizer's principal place of business at 235 East 42nd Street, New York, NY 10017.
> b) Defendant Pharmacia Corporation ("Pharmacia") is a wholly-owned Pfizer subsidiary engaged in the business of manufacturing and selling pharmaceuticals. Pharmacia's principal place of business is located at 100 Route 206 North, Peapack, NJ 07977.
> c) Defendant Agouron Pharmaceuticals, Inc. ("Agouron") is a California corporation engaged in the business of manufacturing and selling

---

[1] The Pfizer Defendants have referred to the Sandoz MTD in support for its positions regarding multiple source drug products (*see* MTD at 1, 6) and to the Merck MTD generally and with respect to the Complaints Best Price claims. MTD At 5. Plaintiffs incorporate herein their oppositions to the Merck and Sandoz motions accordingly.

1

> pharmaceuticals, and a wholly owned Pfizer subsidiary. Agouron's principal place of business is located at 10777 Science Center Dr., San Diego, CA 92121.
> d) Defendant Greenstone, LTD ("Greenstone") is a Delaware corporation engaged in the business of manufacturing and or selling pharmaceuticals. Greenstone LTD is a wholly owned Pfizer subsidiary. Greenstone's principal place of business is located at 100 Route 206 North, Peapack, NJ 07977.

CC at 66. Plaintiffs have also made clear which defendant is responsible for each particular drug. For example, the "Manufacturer Column" to Exhibit A of the CC specifically identifies which Pfizer Defendants are responsible for each drug. *See* CC Ex. A at pages 73-79[2]; *see also* Exhibit B-25, "Manufacturer" column at pages 90-93[3]. Exhibits A&B thus directly address this argument. In addition, plaintiffs' specific allegations include several paragraphs detailing Pharmacia's fraudulent conduct. *See* CC at ¶¶ 660, 661, 662, 666, 669, 670, 671-678.

Pfizer next claims that "merely labeling an AWP as 'fraudulent' does not plead a claim for fraud.... Accordingly, the Pfizer Defendants' drugs that are listed in Exhibit A to the [CC], without more, should be dismissed." MTD at 5. This argument is misplaced. The CC pleads fraudulent pricing schemes with particularity,[4] details the various applicable reimbursement schemes, and proffers general allegations of defendants' fraudulent conduct. *See* CC at ¶¶ 658-659, 675, 677-678. The CC also details how defendants' (Pfizer Defendants included) false price reporting influenced this reimbursement scheme by causing inflated AWPs and FULs to improperly and fraudulently increase the Counties' reimbursement payments. *See* CC at ¶ 9, 12, 85-87, 122-136. The CC supplements these general allegations with particular details of the Pfizer Defendants' fraudulent conduct (*see* CC at ¶¶ 655-678) and details the applicable AWP as well as the spreads between the AWP and the Pfizer Defendants' actual widely available market

---

[2] Exhibit A details drug purchases from each of the Pfizer Defendants.
[3] Exhibit B alleges exemplary spreads for each Pfizer defendant except Agouron.
[4] For an overview of what 9(b) requires in these cases, *see* Merck response at points I & II, page 2, 4, fn. 6.

prices. *See* Exhibits A &B to CC; *see also* Exhibit A to Plaintiffs' Opposition to Defendants Consolidated Motion to Dismiss ("Cons. Opp.") at point II. Thus, plaintiffs have satisfied Fed. R. Civ. P. 9(b)'s requirements.

The Pfizer Defendants then incorrectly cite, *In re Pharm. Indus. Average Wholesale Price Litig.* Memorandum and Order at 1,2 (D. Mass April 8, 2005)("*Suffolk III*"). Defendants suggest that under Fed. R. Civ. P. 9(b) plaintiffs must show for each drug that "the published AWP for each drug was fraudulent by providing the allegedly fraudulent AWP and the basis for calculating a spread between the published AWP and the actual average price at which the drug is sold by wholesalers." MTD at 5, citing *Suffolk III* at 1-2.

Defendants mischaracterize the Court's ruling. In the *Suffolk III* decision, the Court was merely listing what Fed. R. Civ. P. 9(b) required of an exhibit identifying exemplary spreads for each defendant. *See In re Pharm. Indus. Average Wholesale Price Litig.*, No. 01-12257, 2004 WL 2387125 at *2 (D. Mass., Oct. 26, 2004) (*"Suffolk II"*). The Court actually held that, stating that plaintiffs were required to clarify exhibit B. While the Court required an explanation of each exemplary spread, the Court made no ruling that 9(b) required such a pleading for each allegedly fraudulent AWP. Rather, the Court ruled that class plaintiffs' allegations, which contained no original spread allegations at all, were sufficient. The Court stated that "where the alleged scheme of fraud is complex and far reaching, pleading every instance of fraud would be extremely ungainly, if not impossible. Courts ... have not placed the bar so high as to require pleading with total insight." *See In re Pharm. Indus. Average Wholesale Price Litig.*, 307 F.Supp.2d 196, 208 (D. Mass. 2004) ("*Pharm.* III); *U.S. ex rel Franklin v. Parke Davis*, 147 F.Supp.2d 39, 49 (D.Mass. 2001). The Pfizer Defendants' position is simply inconsistent with

3

this ruling, as it presumes that the CC must go well beyond what the Court has already stated is adequate.

The Pfizer Defendants next state that the CC fails to allege any claims because it "fails to allege that the available prices should have been equal to the reported AWPs. (*See* MTD at 5). This is incorrect. *First*, the Pfizer Defendants cite no authority for this proposition. *Second*, even if there was a basis for this claim, (which there is not) this hypertechnical requirement is clearly satisfied by the CC's core allegations. In the CC, plaintiffs allege that the Pfizer Defendants report false and misleading wholesale price information that the counties have relied on and that the generally available market prices make clear that Pfizers' and all other defendants' AWPs were entirely false and inflated. CC at ¶127.

The Pfizer Defendants next contend that the complaints "provide no basis for reviving the best price claim against Pfizer." MTD at 5. This statement makes no sense because the Best Price Claims against Pfizer remain alive and well; they need not be "revived". The Court expressly ruled that Suffolk pled a best price claim against Pfizer for Lipitor. *See Suffolk II* 2004 WL 2387125, at *3. Pfizer's motion ignores this entirely and certainly provides no basis to disturb the prior ruling. Indeed, the CC amplifies the Counties' Best Price pleadings and perforce the viability of the Best Price/Rebate claims. *See* Cons. Opp at Argument Point II and Exhibit A thereto.

As discussed in the Merck Reply at 4-5, the CCs allegations of government investigations regarding Pfizer's pricing misconduct is entirely relevant to this case, as this Court has made repeatedly clear[5]. The arguments put forth in the Sandoz motion regarding multi-source drugs are

---

[5] *See Pharm III,* 307 F.Supp. 2d at 208-09; *Suffolk II,* 2004 WL 2387125, at *2; *In re Pharm. Indus. Average Wholesale Price Litig.* 263 F.Supp.2d 172, 178 (D.Mass. 2003).

4

misplaced as the CC alleges that federal upper limits were affected by defendants false reporting of wholesale prices. *See* Sandoz Reply at 4-5 (noting that Sandoz makes several critical factual errors which, when exposed, show how the misreporting of AWP affected multi-source drugs).

Finally, the Pfizer Defendants do not dispute – nor could they – that at the barest minimum, plaintiffs' allegations state AWP and Best Price unjust enrichment claims, and claims under 18 N.Y.C.R.R. §515(b)(4) & (5) and N.Y. Soc. Serv. Law §367-a(7)(d). The Court ruled that Fed. R. Civ. P. 9(b) does not apply to such claims. *Suffolk II*, 2004 WL 2387125, at *2.

## CONCLUSION

For all the foregoing reasons, Defendants' motion to dismiss should be denied in its entirety.

Dated: April 17, 2006.

        Respectfully submitted,

        **City of New York and all captioned Counties except Nassau, by**

        **KIRBY McINERNEY & SQUIRE, LLP**
        830 Third Avenue
        New York, New York 10022
        (212) 371-6600

        /s/ Joanne M. Cicala
        Joanne M. Cicala (JC 5032)
        James P. Carroll Jr. (JPC 8348)
        Aaron D. Hovan (AH 3290)
        David E. Kovel (DK 4760) (*pro hac vice* application pending)

**For the City of New York**

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York

John R. Low-Beer (JL 3755)
Richard J. Costa (RC 7278)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York 10007
(212) 788-1007

**LORNA B. GOODMAN**
Peter J. Clines
Rachel S. Paster
Nassau County Attorney, by

**MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540

55 Cleveland Road
Wellesley, MA 02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Special Counsel for the
County of Nassau*