UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE   LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' OPPOSITION TO SANOFI-SYNTHELABO'S INDIVIDUAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-00267

*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715

*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839

*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714

*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148

*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 04-CV-05126

*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296

*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088

*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373

*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371

*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387

*County of Seneca v. Abbott Laboratories, Inc., et al.*

| |  |
|---|---|
| W.D.N.Y. Case No. 05-CV-6370<br><br>*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479<br><br>*County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478<br><br>*County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257<br><br>*County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397<br><br>*County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123<br><br>*County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468<br><br>*County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408<br><br>*County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 |  |

## INTRODUCTION

Sanofi-Sythelabo, Inc.'s ("Sanofi") individual memorandum (hereinafter "MTD") seeks the dismissal of all claims on the grounds that plaintiffs (1) have not made any factual allegations regarding a spread for any pharmaceutical product manufactured or sold by Sanofi and (2) do not cite any internal documents or government investigations from which an allegation of fraud can reasonably be made. *See* MTD at 1. Sanofi is wrong on both counts. Exhibit A to the Consolidated Complaint ("CC") and Exhibit B to the Nassau Second Amended Complaint ("NSAC") set forth no fewer than 50 Sanofi NDCs with allegedly fraudulent AWPs. CC Exhibit B and NSAC Exhibit A demonstrate that Sanofi's sister company, Aventis, routinely sold its drugs through wholesalers at deep discounts off of AWP. The Complaints are replete with particular allegations regarding Aventis' misconduct. *See* CC at ¶¶ 691-711; NSAC ¶¶ 596-615, *see also* CC exhibits A and B-27; NSAC exhibits A and B at 75-77. Given the admitted corporate relationship between Sanofi and Aventis[1], this, by itself, is sufficient to support plaintiffs' claims.

Plaintiffs' claims against Sanofi are not confined to the allegedly fraudulent Sanofi AWPs however. The Complaints also plead Best Price/Rebate claims. In order to maintain Best Price claims, plaintiffs must "set forth minimal facts with respect to (1) the allegedly fraudulent or false price reported to the state for any specific drug; or (2) any information showing a company-wide

---

[1] Sanofi's protest of plaintiffs' grouping it with Aventis makes no sense given that the companies indisputably are sister corporations below the same corporate parent, appropriately named "Sanofi-Aventis". The extent to which the practices of these sister companies can be attributed to each other cannot be resolved on the record here or at this stage of the case. Certainly, Sanofi's public filings shed no light on the subject. Its most recent 20-f suggests the two companies have their research, development, excess cash, and financing in common. The Sanofi 20-f, filed March 31, 2006, at page 62, states that "The Sanofi-Aventis holding company directly holds ...part of the Group's intellectual property rights. Within the Group, the holding company oversees research and development activities, by defining strategic priorities, coordinating work, and in many cases taking out the industrial property under its own name and at its own expense. In order to fulfill this role, Sanofi-Aventis subcontracts research and development to its specialized subsidiaries, in many cases licensing its patents, manufacturing know-how and trademarks to Group subsidiaries. ...The Sanofi-Aventis Group carries out part of its business operations through ventures with local partners...For most Group subsidiaries, Sanofi-Aventis provides financing and centrally manages their cash surpluses."

1

scheme to misstate Best Prices." *See In re Pharm. Indus. Average Wholesale Price Litig.*, No. 01-12257 2004 WL 2387125, at *3 (D. Mass., Oct. 26, 2004) (*"Suffolk II"*)

Plaintiffs have done both. First, plaintiffs allege the name of every Sanofi drug for which they assert Best Price claims. *See* CC Exh. A; NSAC ¶¶ 607-609, NSAC Exh. B. Second, plaintiffs allege a company-wide scheme and strategy whereby Sanofi offers its products to commercial customers for prices less than 10% of AWP and does not account for these nominally priced drugs in its calculation of best price. *See* CC at ¶705.

In addition, the Complaints discuss a government investigation into Sanofi's pricing practices that is, per this Court's prior rulings, directly relevant to plaintiffs' claims of Best Price/Rebate misconduct.[2]

The Court has specifically held that in order to maintain its claims, plaintiffs could help to satisfy Rule 9(b) by "set[ting] forth [] factual allegations regarding a spread, internal documents or <u>government investigations</u> from which an inference of fraud reasonably [can] be made..." *Suffolk II*, 2004 WL 2387125, at *2 (emphasis added); *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 307 F. Supp. 2d 196 at 209 (D. Mass. 2004)(*"Pharm. III"*). The Court does not require an adjudication of the lawsuits or government investigations.

Here, Sanofi is subject to a government investigation that is directly relevant to plaintiffs' Best Price claims, the Senate Finance Committee investigation of nominal price violations.

The Senate Finance Committee investigation concerns potential abuses of the nominal price exception to the Best Price reporting requirements as part of Sanofi's commercial pricing practices. The exception allows drug companies to exclude from their Best Price calculations drugs with prices

---

[2] *See* Corrected Consolidated Complaint, filed on June 22, 2005 ("Consolidated Complaint" or "CC") at ¶ 705, CC Exh. A; Nassau Second Amended Complaint, filed on January 6, 2006 ("Nassau SAC" or "NSAC") at ¶¶ 604-611, NSAC Exh.B.

less than 10% of AMP. *See* 42 U.S.C. § 1396r-8(c)(1)(C)(ii)(III). The exception is intended to apply to non-commercial sales only. Many drug companies, however, claim commercial sales as within the exception to avoid higher Best Price rebates.[3] Drug companies abuse the nominal price exception through the use of free goods, discounts, rebates, and bundling. Plaintiffs allege Sanofi participated in all these activities. As such, an investigation into nominal price abuse is entirely relevant and draws an inference of fraud to Sanofi's sales practices, particularly when combined with the well-pled allegations regarding nominal price fraud.

Finally, Sanofi does not dispute – nor could it – that at barest minimum plaintiffs' allegations state AWP and Best Price unjust enrichment claims, and claims under 18 N.Y.C.R.R. §515.2(b)(4) & (5) and NY Soc. Serv. Law §367-a(7)(d). The Court ruled that Fed. R. Civ. P. 9(b) does not apply to such claims. *Suffolk II*, 2004 WL 2387125, at *2.

## CONCLUSION

For the reasons set forth herein, Sanofi's motion should be denied. Should the court grant Sanofi's motion, plaintiffs expressly request that any dismissal of their claims be without prejudice so the plaintiffs may re-plead when and if (1) the ongoing senate investigation produces relevant evidence of improper use of the nominal pricing exception and/or (2) plaintiffs' ongoing investigation produces additional evidence of misconduct by Sanofi.

---

[3] A drug company can avoid paying significant rebates. For example, assume AMP is $1.00 and Best Price is $.87, then the rebate is the greater of: either 15%*AMP or (AMP-Best Price). Assume also that a company reports a best price of $0.87, and improperly claim that a nominal price transaction of $0.09 should be exempted from best price calculation. In this case, 15%*AMP (i.e. $0.15) is greater than AMP-best price (i.e. $0.13), the company would report a rebate is $0.15 per claim. The nominal price exception on the $1.00 AMP is any non-commercial drug sales with prices below 10% of AMP or $.10 and less. If the drug company in the above example improperly claims that the $0.09 sale is exempt from best price calculations, the rebate payment to all state Medicaid programs would increase from $0.15 to $0.91 PER UNIT, a 600% increase.

Dated: April 17, 2006

Respectfully submitted,

**City of New York and all captioned Counties except Nassau, by**

**KIRBY McINERNEY & SQUIRE, LLP**
830 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala
Joanne M. Cicala (JC 5032)
James P. Carroll Jr. (JPC 8348)
Aaron D. Hovan (AH 3290)
David E. Kovel (DK 4760) (*pro hac vice*
application pending

**For the City of New York**

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York

John R. Low-Beer (JL 3755)
Richard J. Costa (RC 7278)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York 10007
(212) 788-1007

**LORNA B. GOODMAN**
Peter J. Clines
Rachel S. Paster
Nassau County Attorney, by


**MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540

55 Cleveland Road
Wellesley, MA 02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Special Counsel for the
County of Nassau*