# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT WYETH'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-00267

*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715

*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839

*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714

*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148

*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 04-CV-05126

*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296

*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088

*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373

*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371

*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387

*County of Seneca v. Abbott Laboratories, Inc., et al.*

| | |
|---|---|
| W.D.N.Y. Case No. 05-CV-6370<br><br>*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479<br><br>*County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478<br><br>*County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257<br><br>*County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397<br><br>*County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123<br><br>*County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468<br><br>*County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408<br><br>*County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | |

## INTRODUCTION

Defendant Wyeth asserts in its Motion to Dismiss ("Wyeth MTD") that this Court dismissed all of Suffolk County's claims against it (and the other Suffolk 13 defendants) and that plaintiffs have failed to meet Fed. R. Civ. P. 9(b)'s particularity requirement for certain AWP and Best Price claims.[1]  For the reasons set forth below, Wyeth's motion should be denied in its entirety.

## ARGUMENT

### I. The Consolidated Complaint Adequately Alleges How Wyeth's Price Inflation Scheme Damages Medicaid And Satisfies Fed. R. Civ. P. 9(b)

Contrary to Wyeth's contentions, the Consolidated Complaint ("CC") satisfies Fed. R. Civ. P. 9(b) by adequately describing the facts surrounding Wyeth's AWP and Best Price/Rebate frauds.  The CC details pricing behavior, and shows how Wyeth's false and fraudulent price reporting caused damage to the counties by causing them to overpay Medicaid reimbursements. *See* CC at ¶¶ 810-825; Exhibit A at pages 101-107 and Exhibit B-31 to the CC; *see also* Exhibit A to Plantiffs' Consolidated Opposition to Defendants' Motion to Dismiss ("Con. Opp.") which is incorporated herein.

Wyeth first claims that the "complaints merely assert broadly that an alleged 'Market Price' of unidentified origin for certain Wyeth products is less than the allegedly inflated AWPs for those products…[and that] neither complaint even attempts to explain why this alleged difference would constitute fraud." Wyeth MTD at 1.  This argument fails for the reasons set forth in the plaintiffs' opposition to the Merck motion to dismiss.  In summary, Wyeth and Merck both ignore the CC pleadings that apply to all defendants and that explain why Wyeth's

---

[1] Wyeth also incorporates the Merck and Sandoz motions to dismiss.  *See* Wyeth MTD, at 1-2, n.1.  This brief thus incorporates *en toto* plaintiffs' opposition to the Merck and Sandoz motions, filed contemporaneously herewith.

1

and Merck's conduct constitutes fraud. *See* Opposition to the Merck MTD at 4-5 and CC ¶¶5-27.

Next, Wyeth asserts that "plaintiffs allege only a 'fraudulent AWP' as to the listed products but fail to set forth their basis for calculating the alleged spread, as required by this Court's prior orders. This too mandates dismissal." Wyeth MTD at 1, fn 3. The basis for calculating the spread is patently clear from the face of the CC and its exhibits. The spread is calculated by subtracting the generally available market price[2] from the reported false AWP to determine the spread in dollars, and then dividing the dollar spread by the acquisition cost to determine the spread in percentage terms. Thus, for example, by selling Etodolac 400mg tablet SA, NDC # 59911362001 to pharmacies at $40.82 while causing an AWP of $140.03 to be reported, Wyeth created a spread of $99.21. Dividing this spread by the market price results in a percentage spread of 243%. *See* Exhibit B-31 at 136, listing the Etodolac 400mg tablet SA's AWP, market price and percentage spread. Wyeth's claim that it was unable to perform or discern this calculation is not credible.

Wyeth then argues that portions of plaintiffs' best price/rebate allegations reference nothing more "unadjudicated *qui tam* complaints." Wyeth MTD at 4. Plaintiffs do not rely merely on allegations in other complaints. Plaintiffs' allegations are based on documentary evidence filed in other litigations.[3] Wyeth's contention (made via Merck) that these are

---

[2] Wyeth claims that the "Market Prices" in Exhibit B are "of unidentified origin." In fact, plaintiffs already informed the Court and all defendants, including Wyeth, that the prices used to calculate spreads were actual market prices offered to Ven-a-Care of the Florida Keys, Inc., a licensed pharmacy, and available on a nationwide basis to similar pharmacies. *See* Plaintiffs' Response to Defendants' Request for Extension of Time and Further Relief in Order to Comply with July 8, 2005 Order (filed October 12, 2005).

[3] *See* CC¶ 820 citing to fn. 22, which cites *Oral Proton Pump Inhibitors Cost Analysis*, Exhibit L, Complaint For Money Damages and Civil Penalties under the False Claims Act, filed May 23, 2003, *U.S. Ex. Rel. William St. John LaCorte, MD v. TAP Pharmaceuticals, Inc.*, CV 03-1483, (E.D.L.A.), for the proposition that Wyeth sold Protonix for $0.16 per dose.

2

"unadjudicated pleadings" is irrelevant. *See also*, Merck MTD Opposition at 5. The evidence is relevant and particular for purposes of Fed. R. Civ. P. 9(b).[4]

Plaintiffs also allege with specificity the following facts about the "particular drugs, discounts and company practices":

> a) Protonix was sold by Wyeth to various hospitals at discounts that exceeded 90% of AWP as part of Wyeth's pricing practices. *See* CC at ¶¶ 819-823.
>
> b) Protonix was sold for around 16 cents per pill during time periods when Wyeth reported an AWP of $3.13 per pill. *See id.* at ¶¶ 820-821
>
> (c) Wyeth did not account for these discounts in their best price calculations. *See id.* at ¶¶ 823-824.

Plaintiffs, in the CC at ¶¶ 819-824, have thus alleged Best Price claims against Wyeth with particularity in accordance with the Court's prior rulings. *See* Opposition to the Merck MTD, point I, A., "9(b) requirements". For these reasons and those set forth in the Opposition to the Merck MTD, Wyeth's points regarding the other government investigations are inconsistent with this Court's requirements.

## II.   The Court Previously Sustained Certain Suffolk Claims Against Wyeth.

Wyeth states that "the Court has dismissed all claims by Suffolk County." MTD at 1. For the reasons set forth in the consolidated MTD Opposition in the section entitled Procedural History, this is incorrect. The April 8, 2005 ruling (*In re. Pharm. Indus. Average Wholesale Price Litig.* Memorandum and Order (D.Mass. April 8, 2005)("*Suffolk III*")) regarding whether Suffolk satisfied 9(b) in respect of the Suffolk 13+6 in no way modified either the *Suffolk I* (*In re Pharm. Indus. Average Wholesale Price Litig.*, 339 F.Supp.2d 165 (D.Mass. 2004)), or the *Suffolk II* decisions, which had sustained Suffolk's unjust enrichment AWP claim against the

---

[4] The Court has already held that evidence of government investigations can be relevant for proving fraud. *In re Pharm. Indus. Average Wholesale Price Litig.*, 307 F.Supp.2d 196, 208-209 (D. Mass. 2004); *In re Pharm. Indus. Average Wholesale Price Litig.*, No. 01-12257, 2004 WL 2387125, at *2 (D. Mass., Oct. 26, 2004)("*Suffolk*

3

Suffolk 13 +6 and Suffolk's claim for violation of N.Y.C.R.R. §515.2 (b)(4) and (5) against the Suffolk 13 +6. In *Suffolk II*, the court expressly held that Rule 9(b) did not apply to these claims, as they "do not require a pleading of fraud or mistake." *Suffolk II*, 2004 WL 2387125, at *2.

## CONCLUSION

For all the foregoing reasons, Wyeth's motion to dismiss should be denied in its entirety.

Dated: April 17, 2006.

        Respectfully submitted,

        **City of New York and all captioned Counties except Nassau, by**

        **KIRBY McINERNEY & SQUIRE, LLP**
        830 Third Avenue
        New York, New York 10022
        (212) 371-6600

        /s/ Joanne M. Cicala
        Joanne M. Cicala (JC 5032)
        James P. Carroll Jr. (JPC 8348)
        Aaron D. Hovan (AH 3290)
        David E. Kovel (DK 4760) (*pro hac vice* pending)

        **For the City of New York**

        MICHAEL A. CARDOZO
        Corporation Counsel of the
        City of New York

        John R. Low-Beer (JL 3755)
        Richard J. Costa (RC 7278)
        Assistant Corporation Counsels
        100 Church Street, Room 3-162
        New York, New York 10007
        (212) 788-1007

---

*II*"); *In re Pharm. Indus. Average Wholesale Price Litig.*, 263 F.Supp.2d 172, 178 (D.Mass. 2003).

**LORNA B. GOODMAN**
Peter J. Clines
Rachel S. Paster
Nassau County Attorney, by


**MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540

55 Cleveland Road
Wellesley, MA 02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Special Counsel for the
County of Nassau*