# Cicala Declaration

# Exhibit B

## PHARMACEUTICAL LITIGATION DEMONSTRATION PROJECT

**WHEREAS,** Warren County is a plaintiff in COUNTY OF WARREN v. ABBOTT LABORATORIES, INC. et al., a federal lawsuit alleging that the defendants have caused overpayments in New York's Medicaid program as a result of fraudulent inflation of Average Wholesale Prices and improper calculations of Medicaid rebate payments; and

**WHEREAS,** Warren County has applied to the Department of Health to have the above-referenced litigation be approved as a demonstration project pursuant to section 5 of Part C of chapter 58 of the laws of 2005, such that any local district share of recoveries resulting from such litigation obtained on or after January 1, 2006 would be exempt from the local district cap methodology enacted pursuant to such chapter law; and

**WHEREAS,** such section 5 provides that savings from any such demonstration project are to be certified by the Director of the Division of the Budget;

**NOW, THEREFORE,** Francis X. O'Keefe, Chief Financial Officer of Warren County and Robert B. Phelps, Commissioner of Social Services of Warren County, agree that, as a condition of the Department of Health's approval of such demonstration project application, any non-federal share of such recoveries will be shared between the Department of Health and Warren County based on the relative historical contributions of the two entities to Medicaid drug costs in Warren County.

_____
Francis X. O'Keefe

Dated: 12/16/05

_____
Robert B. Phelps

Dated: 12/16/05



# MADISON COUNTY DEPARTMENT OF LAW

**S. JOHN CAMPANIE**
County Attorney
**TINA M. WAYLAND-SMITH**
First Assistant County Attorney
**ANTHONY M. WILMARTH**
Second Assistant County Attorney

PO Box 635
N. Court Street
Wampsville, NY 13163
315/366-2203
or 315/361-8442
Fax: 315/366-2502

December 13, 2005

Mr. Brian J. Wing, Deputy Director
Office of Medicaid Management
State of New York, Department of Health
Corning Tower
The Governor Nelson A. Rockefeller Empire State Plaza
Albany, NY  12237

    Re:    Pharmaceutical Litigation Demonstration Project

Dear Mr. Wing:

    Enclosed please find an executed copy of the acceptance form and one copy of the Madison County Resolution.

    If this was sent to your attention in error, please forward to the appropriate party or kindly call me at the phone number above, so that I may send the paperwork to the appropriate person.

    Thank you for your courtesies.

Sincerely,

Anthony M. Wilmarth

AMW/mjl

Encl.

✓cc: Joanne M. Cicala, Kirby, McInerney & Squire, LLP

RESOLUTION NO. 431

## AUTHORIZING THE MADISON COUNTY TREASURER TO ENTER INTO A MEMORANDUM OF UNDERSTANDING

WHEREAS, the County of Madison is responsible for an average of twenty five percent of Madison County citizen's pharmaceutical drug costs covered by Medicaid; and

WHEREAS, both Federal and State laws require the pharmaceutical industry to follow certain billing practices when charging Medicaid for prescription drugs, including both generic and brand name drugs; and

WHEREAS, the County of Madison, along with several other Counties and States, is alleging that various components of the pharmaceutical industry have violated these laws, and thereby overcharged the County of Madison on several drugs paid for by Medicaid; and

WHEREAS, the laws of New York State prevent the County from recovering these funds unless the funds are recovered as part of a Litigation Demonstration Project; and

WHEREAS, the New York State Government has agreed that this litigation against the pharmaceutical companies is such a Litigation Demonstration Project; and

WHEREAS, for the County of Madison to recover monies from this litigation against the various pharmaceutical industry, the Treasurer must sign and agree to the terms of the Memorandum of Understanding entitled "Pharmaceutical Litigation Demonstration Project" currently on file with the Clerk of the Board; and

NOW, THEREFORE, BE IT RESOLVED, that Madison County Treasurer is herein and hereby authorized to sign the Memorandum of Understanding entitled "Pharmaceutical Litigation Demonstration Project" as is on file with the Clerk of the Board of Supervisors; and

DATED: DECEMBER 9, 2005

_____
John Gladney, Chairman
Government Operations Committee

_____
Scott Henderson, Chairman
Finance, Ways, and Means

## PHARMACEUTICAL LITIGATION DEMONSTRATION PROJECT

**WHEREAS**, the County of Madison is a plaintiff in County of Madison v. Abbot Laboratories, Inc., et al., a federal lawsuit alleging that the defendants have caused overpayments in New York's Medicaid program as a result of fraudulent inflation of Average Wholesale Prices and improper calculations of Medicaid rebate payments; and

**WHEREAS**, the County of Madison has applied to the Department of Health to have the above-referenced litigation be approved as a demonstration project pursuant to section 5 of Part C of chapter 58 of the laws of 2005, such that any local district share of recoveries resulting from such litigation obtained on or after January 1, 2006 would be exempt from the local district cap methodology enacted pursuant to such chapter law; and

**WHEREAS**, such section 5 provides that savings from any such demonstration project are to be certified by the Director of the Division of the Budget;

**NOW, THEREFORE**, Harold Landers, chief financial officer of the County of Madison agrees that, as a condition of the Department of Health's approval of such demonstration project application, any non-federal share of such recoveries will be shared between the Department of Health and the County of Madison based on the relative historical contributions of the two entities to Medicaid drug costs in the County of Madison.

[s] _____
Harold Landers, Treasurer

Dated: December 13, 2005

 

**OFFICE OF COUNTY ATTORNEY**
CORTLAND COUNTY
60 CENTRAL AVENUE, CORTLAND NY 13045
607-753-5095
FAX: 607-756-3489

JOHN L. BARDSLEY
COUNTY ATTORNEY

FRANCIS J. CASULLO
ASST. COUNTY ATTORNEY

EDWARD R. PURSER
ASST. COUNTY ATTORNEY

SHERRY DAVENPORT
PARALEGAL

December 16, 2005

New York State Department of Health
Corning Tower
The Governor Nelson A. Rockefeller Empire State Plaza
Albany NY 12237

Re: Pharmaceutical Litigation Demonstration Project

Dear Sir or Madam:

Enclosed please find the executed Memorandum of Understanding on behalf of Cortland County.

Very truly yours,

John L. Bardsley
County Attorney

JLB/kr
Ccc: Kirby McInerney & Squire, LLP Attn: Joanne Cicala, Esq.

 **STATE OF NEW YORK DEPARTMENT OF HEALTH**

Corning Tower   The Governor Nelson A. Rockefeller Empire State Plaza   Albany, New York 12237

Antonia C. Novello, M.D., M.P.H., Dr.P.H.
Commissioner

Dennis P. Whalen
Executive Deputy Commissioner

## PHARMACEUTICAL LITIGATION DEMONSTRATION PROJECT

**WHEREAS,** __Cortland__ County [the City of New York] is a plaintiff in __Cortland__ County v. __Abbott Laborat.__, a federal [state] lawsuit [could be multiple lawsuits] alleging that the defendants have caused overpayments in New York's Medicaid program as a result of fraudulent inflation of Average Wholesale Prices and improper calculations of Medicaid rebate payments [a few cases also allege patent violations]; and

**WHEREAS,** __Cortland__ County [the City of New York] has applied to the Department of Health to have the above-referenced litigation be approved as a demonstration project pursuant to section 5 of Part C of chapter 58 of the laws of 2005, such that any local district share of recoveries resulting from such litigation obtained on or after January 1, 2006 would be exempt from the local district cap methodology enacted pursuant to such chapter law; and

**WHEREAS,** such section 5 provides that savings from any such demonstration project are to be certified by the Director of the Division of the Budget;

**NOW, THEREFORE,** __Donald F. Ferris__, chief financial officer of __Cortland__ County [the City of New York] agrees that, as a condition of the Department of Health's approval of such demonstration project application, any non-federal share of such recoveries will be shared between the Department of Health and __Cortland__ County [the City of New York] based on the relative historical contributions of the two entities to Medicaid drug costs in __Cortland__ County [the City of New York].

[s] _Donald F. Ferris_

Dated: 12/12 , 2005

OFFICE OF THE

County Attorney
JOHN L. RIZZO



Assistant County Attorneys
DAVID L. METZLER
DANIEL M. DI MATTEO
PAULA A. CAMPBELL
DURIN B. ROGERS
COLLEEN S. HEAD

COUNTY ATTORNEY

December 15, 2005

Brian J. Wing, Deputy Director
Off of Medicaid Management
New York State Department of Health
Corning Tower
Empire State Plaza
Albany, NY 12237

    RE: Memorandum of Understanding
        County of Genesee - State of New York

Dear Mr. Wing:

    Enclosed please find the requested Memorandum of Understanding between the above referenced parties, executed by Mary Pat Hancock, Chairperson of the Genesee County Legislature. Once executed by your department, please return a copy to me for my files. Please contact me immediately by telephone if there are any questions.

                              Very truly yours,

                              John L. Rizzo
                              Genesee County Attorney

JLR/lac
enclosure

XC: Joanne Cicala, Esq.

OLD COUNTY COURTHOUSE
7 Main Street
Batavia, New York 14020
Telephone: (585) 344-2550 (Ext. 2205)



December 15, 2005

Brian J. Wing, Deputy Director
Office of Medicaid Management
State of New York, Department of Health
Corning Tower, Room 1466
The Governor Nelson A. Rockefeller Empire State Plaza
Albany, NY   12237

**Dutchess County Attorney**

Re:   Medicaid Drug Overcharge
      Our File No. L-4222

William R. Steinhaus
County Executive

Dear Mr. Wing:

Ronald L. Wozniak
County Attorney

     Enclosed please find the Pharmaceutical Litigation Demonstration Project, Memorandum of Understanding signed by Pamela Barrack, Chief Fiscal Officer.

Anthony De Rosa
Chief Assistant

Please contact me if you require anything further.

22 Market Street
Poughkeepsie
New York
12601
(845)486-2110
Fax (845)486-2002

Very truly yours,

s/

Keith P. Byron
Senior Assistant County Attorney

bcc:   Joanne M. Cicala, Esq.
      Kirby McInerney & Squire, LLP

http:\\www.dutchessny.gov

## PHARMACEUTICAL LITIGATION DEMONSTRATION PROJECT

**WHEREAS**, the County of Dutchess is a plaintiff in County of Dutchess v. Abbott Laboratories, Inc., 05 CV 6458, a federal lawsuit alleging that the defendants have caused overpayments in New York's Medicaid program as a result of fraudulent inflation of Average Wholesale Prices and improper calculations of Medicaid rebate payments; and

**WHEREAS**, the County of Dutchess has applied to the Department of Health to have the above-referenced litigation be approved as a demonstration project pursuant to section 5 of Part C of chapter 58 of the laws of 2005, such that any local district share of recoveries resulting from such litigation obtained on or after January 1, 2006 would be exempt from the local district cap methodology enacted pursuant to such chapter law; and

**WHEREAS**, such section 5 provides that savings from any such demonstration project are to be certified by the Director of the Division of the Budget;

**NOW, THEREFORE**, Pamela Barrack, Chief Financial Officer of Dutchess County agrees that, as a condition of the Department of Health's approval of such demonstration project application, any non-federal share of such recoveries will be shared between the Department of Health and Dutchess County based on the relative historical contributions of the two entities to Medicaid drug costs in Dutchess County.

Dated: November 29, 2005

*Pamela Barrack*
Pamela Barrack
Chief Financial Officer



**CAYUGA COUNTY**
**OFFICE OF COUNTY ATTORNEY**
160 Genesee St., 6th Floor
Auburn, New York 13021
Telephone: (315) 253-1274
Fax: (315) 253-1098
E-Mail: fwestphal@cayugacounty.us

Assistant County Attorney
Jill L. Terry

Social Services Attorneys
Samuel P. Giacona
Daniel A. Testa, III

COUNTY ATTORNEY
FREDERICK R. WESTPHAL

Paralegal
Melissa L. Field

December 13, 2005

Brian Wing, Deputy Director
Office of Medicaid Management
State of New York
Department of Health
Corning Tower
The Gov. Nelson A. Rockefeller Empire State Plaza
Albany, NY 12237

Re:   APW ACTION
      CAYUGA COUNTY, et al v.
      ABBOTT LABORATORIES, INC., et al
      05-CV-0423

Dear Mr. Wing:

Enclosed please find Cayuga County's executed Pharmaceutical Litigation Demonstration Project MOU.

Should you require further assistance or information, please do not hesitate to contact me.

Very truly yours,

FREDERICK R. WESTPHAL
County Attorney

FRW:jtv
Enc.
cc w/enc: Joanne M. Cicala, Esq. ✓
          Kirby McInerney & Squire, LLP
          830 Third Avenue
          New York, NY 10022

COPY



# STATE OF NEW YORK
## DEPARTMENT OF HEALTH

Corning Tower   The Governor Nelson A. Rockefeller Empire State Plaza   Albany, New York 12237

Antonia C. Novello, M.D., M.P.H., Dr.P.H.  
Commissioner

Dennis P. Whalen  
Executive Deputy Commissioner

## PHARMACEUTICAL LITIGATION DEMONSTRATION PROJECT

Abbott Laboratories Inc, et al  
05-CV-0423

**WHEREAS,** Cayuga County [the City of New York] is a plaintiff in Cayuga County, et al, a federal [state] lawsuit [could be multiple lawsuits] alleging that the defendants have caused overpayments in New York's Medicaid program as a result of fraudulent inflation of Average Wholesale Prices and improper calculations of Medicaid rebate payments [a few cases also allege patent violations]; and

**WHEREAS,** Cayuga County [the City of New York] has applied to the Department of Health to have the above-referenced litigation be approved as a demonstration project pursuant to section 5 of Part C of chapter 58 of the laws of 2005, such that any local district share of recoveries resulting from such litigation obtained on or after January 1, 2006 would be exempt from the local district cap methodology enacted pursuant to such chapter law; and

**WHEREAS,** such section 5 provides that savings from any such demonstration project are to be certified by the Director of the Division of the Budget;

**NOW, THEREFORE,** David Farrell, chief financial officer of Cayuga County [the City of New York] agrees that, as a condition of the Department of Health's approval of such demonstration project application, any non-federal share of such recoveries will be shared between the Department of Health and Cayuga County [the City of New York] based on the relative historical contributions of the two entities to Medicaid drug costs in Cayuga County [the City of New York].

[s] _David Farrell_  
David Farrell  
Dated: 12/9/5, 2005

COPY