## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | : <br> : <br> : MDL No. 1456 <br> : <br> : Civil Action No. 01-12257-PBS <br> : <br> : Judge Patti D. Saris <br> : <br> : Chief Mag. Judge Marianne B. Bowler |
| THIS DOCUMENT RELATES TO: | |
| *The City of New York v. Abbott Labs., et al.* <br> S.D.N.Y. Case No. 04-CV-06054 <br> *County of Albany v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-0425 <br> *County of Allegany v. Abbott Labs., et al.* <br> W.D.N.Y. Case No. 05-CV-0236 <br> *County of Broome v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-00456 <br> *County of Cattaraugus v. Abbott Labs., et al.* <br> W.D.N.Y. Case No. 05-CV-0256 <br> *County of Cayuga v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-0423 <br> *County of Chautauqua v. Abbott Labs., et al.* <br> W.D.N.Y. Case No. 05-CV-0214 <br> *County of Chenango v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-0354 <br> *County of Fulton v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-0519 <br> *County of Genesee v. Abbott Labs., et al.* <br> W.D.N.Y. Case No. 05-CV-00267 <br> *County of Greene v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-0474 <br> *County of Herkimer v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-00415 <br> *County of Jefferson v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-0715 <br> *County of Madison v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-0714 <br> *County of Monroe v. Abbott Labs., et al.* <br> W.D.N.Y. Case No. 05-CV-6148 <br> *County of Nassau v. Abbott Labs, et al.* <br> E.D.N.Y. Case No. 05-CV-10179 <br> *County of Niagara v. Abbott Labs., et al.* <br> W.D.N.Y. Case No. 05-CV-6296 <br> *County of Oneida v. Abbott Labs., et al.* <br> N.D.N.Y. Case No. 05-CV-0489 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

Case 1:01-cv-12257-PBS Document 2426 Filed 04/17/2006 Page 2 of 9

| | |
|---|---|
| *County of Onondaga v. Abbott Labs., et al.* | : |
| N.D.N.Y. Case No. 05-CV-0088 | : |
| *County of Putnam v. Abbott Labs., et al.* | : |
| S.D.N.Y. Case No. 05-CV-4748 | : |
| *County of Rensselaer v. Abbott Labs., et al.* | : |
| N.D.N.Y. Case No. 05-CV-0422 | : |
| *County of Rockland v. Abbott Labs., et al.* | : |
| S.D.N.Y. Case No. 03-CV-7055 | : |
| *County of St. Lawrence v. Abbott Labs., et al.* | : |
| N.D.N.Y. Case No. 05-CV-0479 | : |
| *County of Saratoga v. Abbott Labs., et al.* | : |
| N.D.N.Y. Case No. 05-CV-0478 | : |
| *County of Steuben v. Abbott Labs., et al.* | : |
| W.D.N.Y. Case No. 05-CV-6223 | : |
| *County of Suffolk v. Abbott Labs., et al.* | : |
| E.D.N.Y. Case No. 01-CV-12257 | : |
| *County of Tompkins v. Abbott Labs., et al.* | : |
| N.D.N.Y. Case No. 05-CV-0397 | : |
| *County of Warren v. Abbott Labs., et al.* | : |
| N.D.N.Y. Case No. 05-CV-0468 | : |
| *County of Washington v. Abbott Labs., et al.* | : |
| N.D.N.Y. Case No. 05-CV-0408 | : |
| *County of Wayne v. Abbott Labs., et al.* | : |
| W.D.N.Y. Case No. 05-CV-6138 | : |
| *County of Westchester v. Abbott Labs., et al.* | : |
| S.D.N.Y. Case No. 03-CV-6178 | : |
| *County of Yates v. Abbott Labs., et al.* | : |
| W.D.N.Y. Case No. 05-CV-06172 | : |

**JOINT REPLY IN SUPPORT OF NASSAU COUNTY'S AMENDED MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND TO FILE UNDER SEAL**

Pursuant to District of Massachusetts Local Rule 7.1(b)(3), plaintiff County of Nassau ("Plaintiff" or "Nassau County") together with plaintiffs the City of New York and all other New York Counties in this MDL (collectively referred to herein as "the NY Counties"), by and through their counsel, Milberg Weiss on behalf of Nassau County and Kirby McInerney & Squire LLP ("KMS") on behalf of the NY Counties, hereby respectfully request leave to submit a joint reply to Defendants' Response to County of Nassau's Amended Motion for Leave to File a Second Amended Complaint.

**INTRODUCTION**

Defendants' opposition to Nassau's motion for leave to file a second amended complaint is nothing more than a transparent delay tactic that is entirely at odds with Defendants' position in this case since June 2005. For the reasons set forth below, Plaintiff Nassau County's Motion should be granted in its entirety.

Defendants have known since June 2005 that Nassau County intended to proceed in this MDL through its own complaint (as opposed to joining in the Consolidated NY County Complaint, filed June 15, 2006). Since that time, Defendants have also known that Nassau and the NY Counties would nevertheless be cooperating on briefing and discovery, and Defendants had no quarrel whatsoever with this approach. To the contrary, counsel for Defendants embraced this approach and negotiated a Joint CMO governing all of the NY County Cases which provided for coordinated briefing and discovery. The Joint CMO was submitted by way of Joint Motion to the Court on January 5, 2006.

Defendants now oppose Nassau's filing of its own second amended complaint and demand consolidation of all NY county cases in this MDL. They raise concerns about duplicative briefing and discovery, yet ignore altogether (a) that every NY county who is going to file in federal court either already has done so or will do so with KMS, and (b) that the Joint CMO that Defendants themselves subscribed to and submitted by way of joint motion moots each and every one of Defendants' alleged concerns.

There is no reasonable justification for Defendants' belated change of heart other than to cause delay. Defendants' opposition to Nassau's application is inconsistent with their prior position and should be disregarded by the Court altogether.

**BACKGROUND**

3

On June 15, 2005, the City of New York and all NY Counties in this MDL who are represented by KMS filed a Master New York City/County Corrected Consolidated Complaint ("MNYCC"). Nassau did not join in. Thereafter, in the interest of efficiency and preservation of judicial resources, Nassau worked cooperatively with the NY Counties and Defendants to draft the *Joint* [Proposed] Case Management Order No. 20 ("Joint CMO 20"), which clearly acknowledged Nassau County's separate stance in this matter. CMO 20 at 4 ("WHEREAS, counsel for Nassau County wishes to proceed separately from the other plaintiffs in the MNYCC, yet pursue their similar claims in a coordinated manner.")

Joint CMO 20 was filed by way of joint motion on January 5, 2006.

One week later, on January 11, 2006, Nassau County filed its Amended Motion for Leave to File a Second Amended Complaint and to File Under Seal ("Motion to Amend"). Defendants objected on January 25.

## ARGUMENT

### I. Joint Proposed CMO 20 Makes Clear There Is No Reason To Require A Consolidated Complaint.

At this point in the proceedings, requiring Nassau County and the NY Counties to file a Consolidated Complaint would decrease the efficiency of the case rather than increase it. As is clear from Joint Proposed CMO 20, the parties have agreed to consolidated briefing and discovery. Paragraph 2(a) permits Defendants to file a consolidated brief supporting any motion to dismiss, and paragraphs 2(b)-(d) allow the filing of consolidated opposition, reply, and sur-reply briefs.[1] Paragraph 4 permits consolidated discovery. Regardless of whether one complaint is filed or two, the briefing and discovery will go forward in precisely the same manner.

---

[1] The briefing schedule contemplates the right of individual parties to file separate five page briefs in further support of the main brief, but this would be a reasonable concession regardless of whether one or two complaints are filed.

4

Granting Defendants' request would only force the Plaintiffs to file yet another complaint, causing further delay and serving no purpose not already served by the two complaints on file.

Nassau County and the NY Counties have been coordinating and sharing information throughout the course of this litigation, and will continue to do so in order to streamline the litigation and avoid duplication of effort. Also, no additional New York Counties will be filing separate complaints in this Court with counsel other than those subscribing to this motion, so there is no risk at all of an outlier case requiring separate briefing. These realities, evidenced by Joint Proposed CMO 20 which provides for joint briefing and discovery, moot the need for a single consolidated pleading. *Cf* Moore's Federal Practice 3d 42.13[5][a] (consolidation appropriate to simplify court's work, streamline discovery, avoid duplicative motions). In short, there is no reason at this stage to require a consolidated complaint.

## II.     Defendants Are Estopped From Opposing Nassau's Motion

Defendants subscribed to a Joint Motion to the Court proposing entry of a Joint CMO that makes clear to the Court that Nassau County will be proceeding in this matter on its own independent complaint, yet coordinating for briefing and discovery purposes with the other NY Counties. Defendants cannot now engage in intentional self-contradiction designed only to delay prosecution of this case.

The principles of judicial estoppel make it difficult for any party to renege on an explicit agreement with the court, a stipulation, or a like representation. 18 C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedure: Jurisdiction § 4477* (1981 & Supp.1989); *See also McCarthy v. Azure,* 22. F.3d 351, 355 n.4, (1st Cir. 1994) (the principles of judicial estoppel have been used to uphold agreements made between litigants and the courts.)

The doctrine of judicial estoppel prevents parties from "playing fast and loose with the courts." *Patriot Cinemas, Inc. v. General Cinema Corp.*, 834 F.2d 208, 212 (1st Cir. 1987)

("Judicial estoppel should be employed when a litigant is 'playing fast and loose with the courts,' and when 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'") *See also Anjelino v. New York Times Co.*, 200 F.3d 73, 100 (3d Cir. 1999) (Holding no abuse of discretion where District Court judge refused requested further discovery based on appellants prior assertions to the Magistrate judge that it would not be seeking further discovery, in that the use of judicial estoppel was to "preserve the integrity of the courts by preventing litigants from 'playing fast and loose with the courts.'")[2]

Defendants' opposition to Nassau's motion is indeed "fast and loose." Defendants have known since June 15, 2005 that Nassau would be proceeding with its own complaint, albeit in a completely coordinated fashion with the other NY Counties. Indeed, Nassau provided Defendants with a draft of such complaint on September 9, 2005, a fact which the Joint CMO itself acknowledges. CMO 20 at 4 (WHEREAS, counsel for Nassau County has circulated to counsel for the Nassau County Defendants a copy of its proposed SAC . . . ."). With this knowledge, Defendants, and the other NY Counties conferred over a period of approximately three months to negotiate Joint CMO 20. At no time during these negotiations did Defendants oppose Nassau's plan. To the contrary, the parties jointly moved to file Joint CMO 20, in which the parties stipulated as to a schedule for consolidated briefing on any motion to dismiss and for joint discovery notwithstanding Nassau's independently-filed case. Specifically, Joint CMO 20 provides:

---

[2] Judicial estoppel is more commonly applied to situations where a litigant takes inconsistent positions in separate adjudications, however the terminology has been used to apply to contradictions within a single case. "Whether this reliance is labelled [*sic*] as 'waiver,' 'judicial estoppel,' or 'renunciation' is immaterial. What is clear is that the district court, as a matter of federal procedure, is entitled to rely on statements made by counsel in open court." *Ergo Science v. Martin*, 73 F.3d 595, 600 (5th Cir. 1996); *See also at McCarthy*, 22 F.3d at 355, n.4.

6

> The following briefing schedule shall apply to the MNYCC Defendants' motion to dismiss the MNYCC *and* depending on whether or not Nassau County is granted leave to file the Nassau SAC, either the Nassau SAC or the Nassau First Amended Complaint. . . .

*Id.* at ¶ 2 (Emphasis added).

In sum, Defendants never – not in any document, conversation, e-mail or other communication – indicated that they would oppose Nassau's filing of a Second Amended Complaint on the ground that they would insist on the filing of a Consolidated Complaint to govern *all* NY county cases in this MDL. Had Defendants done so, a different course would have resulted. There would have been an entirely different Joint Proposed CMO and Joint Motion for its entry. Defendants are estopped from now asserting this self-serving, delay-creating reversal of position. Accordingly, Nassau should be permitted to file its Second Amended Complaint.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that Nassau County's Motion for Leave to File a Second Amended Complaint should be granted in its entirety.

Dated: February 1, 2006
New York, New York

                      LORNA B. GOODMAN,
                      Nassau County Attorney, by

                      **MOULTON & GANS, P.C.**
By:
                      /s/ Nancy Freeman Gans
                      Nancy Freeman Gans, BBO # 184540
                      55 Cleveland Road
                      Wellesley, Massachusetts 02481
                      Telephone: 781-235-2246
                      Facsimile: 781-239-0353

**MILBERG WEISS BERSHAD
 & SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

*Special Counsel for the
County of Nassau*

**City of New York and all captioned Counties except Nassau, by**

**KIRBY McINERNEY & SQUIRE, LLP**
830 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala_____
By:  Joanne M. Cicala (JC 5032)
James P. Carroll Jr. (JPC 8348)
Aaron D. Hovan (AH 3290)

**For the City of New York**

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York

John R. Low-Beer (JL 3755)
Richard J. Costa (RC 7278)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York  10007
(212) 788-1007

8

## CERTIFICATE OF SERVICE

I, Ryan G. Kriger, hereby certify that I served a copy of the foregoing document upon counsel for all parties this 1st day of February, 2006.

/s/ Ryan G. Kriger

Ryan G. Kriger