# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  PHARMACEUTICAL INDUSTRY ) | MDL No. 1456 |
| AVERAGE WHOLESALE PRICE                      ) | |
| LITIGATION                                                     ) | Master File No. 01-CV-12257-PBS |
| _____ ) | Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO:            ) | |
|                                                                        ) | Chief Mag. Judge Marianne B. Bowler |
| 01-CV-12257-PBS AND 01-CV-339        ) | |
|                                                                        ) | |
| _____ ) | |

## OXFORD HEALTH PLANS, LLC'S MEMORANDUM
## OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

Julie B. Brennan (BBO # 564101)
MANCHEL & BRENNAN, P.C.
199 Wells Avenue, Suite 301
Newton, Massachusetts 02459
Tel:  (617) 796-8920
Fax: (617) 796-8921

Thomas F. Fitzgerald
Michael J. Prame
Lars C. Golumbic
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue, NW
Washington, DC  20006-5893
Tel:  (202) 857-0620
Fax:  (202) 659-4503

**Attorneys for Oxford Health Plans, LLC**

# <u>TABLE OF CONTENTS</u>

BACKGROUND .................................................................................................. 2

ARGUMENT ..................................................................................................... 3

    A.    Legal Standard ..................................................................................... 3

    B.    Defendants' Demands Are Unduly Burdensome ......................................... 4

    C.    The Prior Order as to UnitedHealthCare, Inc. and United HealthCare Insurance Company ...................................................................... 6

REQUEST FOR ORAL ARGUMENT ............................................................... 7

CONCLUSION ................................................................................................. 7

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                                    **<u>Page</u>**

*Cusumano v. Microsoft Corp.*, 162 F.3d 708 (1st Cir. 1998)................................................ 3

*S.E.C. v. Credit Bancorp Ltd.*, 194 F.R.D. 469 (S.D.N.Y. 2000) ...................................... 7


**<u>Other Authorities</u>**

Rule 26(b), Fed.R.Civ.P ...................................................................................................... 3

Rule 45, Fed.R.Civ.P ......................................................................................................... 3,7

Oxford Health Plans, LLC ("Oxford") respectfully submits this memorandum of law in opposition to Defendants' Motion to Compel Third Party Oxford to Produce Documents and Witnesses for Deposition Pursuant to Subpoena (the "Motion to Compel").

Defendants' Motion to Compel should be denied as Defendants have not and cannot establish a need for additional third-party discovery from Oxford.  In their motion papers, Defendants have not provided any explanation of why they need this additional third-party discovery from Oxford.  Oxford anticipates that Defendants will argue (as they have in connection with other discovery motions) that the discovery is in furtherance of Defendants' "industry sample."  However, as discussed in greater detail below, that argument rings hollow at this stage for at least three reasons:

1)  Oxford is a relatively small health insurance company. Of its approximately 1.5 million members, less than 3,500 reside in Massachusetts and less than 80,000 are covered by policies that provide coverage for Medicare Part B drugs.

2)  Defendants already have obtained discovery from numerous large and small health insurers nationwide who, in total, insure over half of the U.S. population covered by private insurance.  Further discovery at this stage of the proceedings from a small insurer like Oxford that does very little business in the areas at issue for the class would not materially advance the Defendants' industry sample, being only additive at best.

3)  As the Court remarked in issuing protective orders for other small health insurers on February 2, 2006, the recent Order certifying Blue Cross Blue Shield of Massachusetts as a class representative "changes things."  Blue Cross and Blue Shield's participation in

1

the lawsuit obviates the need for Defendants to obtain
additional discovery from Oxford.

Even if Defendants could establish a need for additional discovery from Oxford,[1]
any benefit to be gained from such additional discovery is substantially outweighed by
the extreme burden that such discovery would impose.  Oxford would have to divert an
enormous amount of resources and thousands of staff hours to respond to Defendants'
remaining demands, something that cannot be easily accomplished in a company the size
of Oxford.  As the burden of the proposed discovery substantially outweighs any benefit
to be gained therefrom, Defendants' Motion to Compel should be denied.

## BACKGROUND

On April 19, 2004, Defendants issued a third-party subpoena on Oxford, a small,
regional health insurer whose business is concentrated in Connecticut, New Jersey and
New York.  *See* Declaration of Michael J. Prame ("Prame Decl.") Ex.1.  The subpoena
sought twenty-six categories of documents over a thirteen year period and called on
Oxford to make an Oxford employee available for deposition.

After receiving the subpoena, Oxford's former counsel coordinated with
Defendants regarding the subpoena and, in response, Oxford produced, among other
things, a sample of its contracts with healthcare providers as well as claims data for the
drugs at issue in this lawsuit.  In connection with its production, Oxford spent

---

[1]     Defendants assert that Oxford has not produced any discovery in response to the
Subpoena.  Defendants' Memorandum, p. 2.   As explained below, that simply is not true.

considerable time and effort pulling together the responsive documents and extracting pertinent claims data.

After producing these materials, Oxford did not hear from Defendants for some time and believed that Defendants had obtained sufficient discovery from Oxford, especially in light of the many other insurance companies and health plans from which Defendants also were obtaining discovery.  It was not until June 28, 2005 that counsel for Defendants sent Oxford a letter listing the discovery demands that Defendants believed were outstanding.  Prame Decl. Ex.2.  After receiving Defendants' revised requests, Oxford attempted to reach an agreement with Defendants with respect to the scope of an additional production.  Those discussions were not completely successful and Defendants filed the Motion to Compel.

## <u>ARGUMENT</u>

### A.    Legal Standard

Subpoenas that are issued under Rule 45, Fed. R. Civ. P., are subject to the protections afforded under Rule 26(b)(1) and (2), Fed. R. Civ. P.  In this regard, discovery under Rule 45 should be denied or circumscribed if, among other things, it is determined that (1) the burden of the discovery outweighs its likely benefit; or (2) the discovery sought is unreasonably cumulative or duplicative, or is available from another source that is more convenient and less burdensome.  *Id.; Cusumano v. Microsoft Corp.*, 162 F.3d 708, 714 (1st Cir. 1998).  In considering these factors, a reviewing court accords special weight to the unique burden placed on third-parties.  *Cusumano*, 162 F.3d at 717

3

("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs").

**B.    Defendants' Demands Are Unduly Burdensome.**

In granting protective orders to other small health insurers, such as Tufts Associated Health Plan ("Tufts"), Neighborhood Health Plan ("NHP") and Fallon Community Health Plan ("Fallon"), the Court recognized the extreme burden that the discovery sought by Defendants imposes on small insurers:

> THE COURT: All right, having given the matter some further thought and having heard extensive argument in reference to docket entries 1907, 1909, 1910, 1914, 2005 and 2091, I will grant the plaintiffs' motion for protective orders in those individual motions, and I will grant the motions to quash as well. Having reevaluated the situation and having heard really very extensive argument on burdensomeness today, I believe that the presence of Blue Cross Blue Shield in the litigation at this time does change things, and I feel that the oppressiveness of the burden as has been outlined by counsel for the three health plans is quite dramatic.

Prame Decl. Ex. 3 (Transcript of Feb. 2, 2006 hearing, p. 48).

Oxford insures approximately 3,500 Massachusetts residents, far less than Tufts (600,000 Massachusetts members), NHP (125,000 Massachusetts members) and Fallon (171,000 Massachusetts members) for whom the Court granted protective orders.  And less than 80,000 (basically all in New York, New Jersey and Connecticut) of Oxford's 1.5 million members are covered by Oxford policies that provide coverage for Medicare Part B drugs.  Accordingly, Oxford and the individuals for whom it provides coverage play, at most, a *de minimis* role in the context of this case.

In addition, the Subpoena must be viewed in light of the Court's direction to Defendants for such discovery.  The Court did not authorize Defendants to conduct a "census" of insurance companies nationwide, but rather to conduct a "sample." Defendants do not and cannot deny that they have already sought and obtained discovery from many large and small insurers across the country, who collectively insure over half of the population of the United States covered by private health insurance.  *See* Docket No. 1911-1, at 4.  Further discovery at this stage from another small insurer, like Oxford, would not materially advance any industry sample and is not necessary.

Nor is there any real need for further discovery from Oxford in light of the Court's recent Order certifying Blue Cross Blue Shield of Massachusetts as a class representative. *See* Docket Number 2097-1, at 5.  As indicated above, the Court previously recognized that "the presence of Blue Cross Blue Shield at this time in this litigation does change things."  Blue Cross and Blue Shield's participation in the lawsuit, and the access to discovery on their practices, policies and procedures, obviates the need to obtain additional discovery from Oxford.  Prame Decl. Ex. 3 (Transcript of Feb. 2, 2006 hearing, p. 48.).

Even if Defendants could establish a need for additional discovery from Oxford, any benefit to be gained from such additional discovery is substantially outweighed by the extreme burden that such discovery would impose.  Therefore, under applicable legal principles, the Subpoena should not be enforced.  Oxford employs less than 3,200 people and would have to divert an enormous amount of resources and thousands of staff hours to respond to Defendants' demands.  In recent discussions, for example, Defendants'

counsel has taken the position that Oxford has to search through any files that Oxford maintains in negotiating with tens of thousands of individual health care providers to see if anywhere in the files there may be information related to whether the provider earns a margin on the drugs that they administer.  And, contrary to Defendants' conclusory claims, the production of information, such as provider fee schedules, is not limited to a simple electronic download, but also could involve hundreds of staff hours identifying and extracting hard copies of information and culling out various electronic information that can only be done manually.  As the burden of the proposed discovery substantially outweighs any benefit to be gained therefrom, Defendants' Motion to Compel should be denied.

**C.    The Prior Order as to UnitedHealthCare, Inc. and United HealthCare Insurance Company**

Defendants erroneously argue that Oxford is subject to a prior order compelling production from its parent company, UnitedHealth Group Incorporated.  Defendants are simply wrong.

As a initial matter, the prior Order was not directed at Oxford's parent company. Rather, the February 4, 2006 order was directed at Oxford's sister companies, UnitedHealthcare, Inc. ("UHC") and United HealthCare Insurance Company ("UHIC"), neither of which own or control Oxford.

Nor does entry of the prior order as to UHC and UHIC mean that Defendants are entitled to discovery from Oxford.  Since being acquired by UnitedHealth Group Incorporated in July 2004, Oxford has continued to exist and operate as a legal entity

separate from UHC, UHIC and the other UnitedHealth Group Incorporated companies. Similarly, Oxford's computer and other systems are not integrated with those of UHC, UHIC and other UnitedHealth Group Incorporated companies.  Simply put, neither UHC nor UHIC have "control" over the materials that Defendants seek from Oxford.  *See* Rule 45(a)(1)(C), Fed. R. Civ. P. (non-party required to produce documents in the non-party's "possession, custody, or *control*) (emphasis added); *S.E.C. v. Credit Bancorp Ltd.*, 194 F.R.D. 469, 472 (S.D.N.Y. 2000) (burden on party seeking discovery to establish "control" by non-party over documents).  As such, Defendants do not have a right to discovery from Oxford based on the prior order entered as to UHC and UHIC.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Oxford respectfully requests a hearing on this matter at a date and time to be determined by the Court.

## CONCLUSION

The Court should deny Defendants' Motion to Compel.

Dated:  April 18, 2006          Respectfully submitted,

MANCHEL & BRENNAN, P.C.


_____ /s/ Julie B. Brennan _____
Julie B. Brennan (BBO # 564101)
199 Wells Avenue, Suite 301
Newton, Massachusetts 02459
Tel:  (617) 796-8920
Fax: (617) 796-8921

and

Thomas F. Fitzgerald
Michael J. Prame
Lars C. Golumbic
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue, NW
Washington, DC  20006
Tel: (202) 857-0620
Fax: (202) 659-4503

Attorneys for Oxford Health Plans, LLC

H:\015785\00002\041806 OPP'N-IN RE AWP MOTIONTOCOMPEL -
MJP2.DOC