# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION, | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: | |
| *State of Montana v. Abbott Labs., Inc., et al.* D. Mont. Cause No. CV-02-09-H-DWM | |

## OPPOSITION TO BAYER CORPORATION'S FIRST MOTION TO COMPEL PLAINTIFF THE STATE OF MONTANA TO PRODUCE A RULE 30(B)(6) WITNESS

Enough is enough.  Bayer's efforts to obtain deposition testimony in addition to written discovery on identical topics is a classic example of the discovery overuse and abuse the Federal Rules are designed to curb.  Bayer's motion seeks to compel unreasonably redundant and cumulative material.  If Bayer's professed "need" for oral testimony were sincere, Bayer has had "ample opportunity by discovery in the case" to obtain the information, but did not.  For these reasons, the motion should be denied by the Court pursuant to Fed. R. Civ. P. 26(b)(2).

The State has provided the information Bayer purports to seek via deposition in its answers to written discovery Bayer served simultaneously with the Rule 30(b)(6) deposition notice.  The written discovery requests were virtually identical to the notice.  *See* Table at pp. 2-3.  The two forms of discovery are so identical, and the State's knowledge on the matters so clearly limited, that Bayer's insistence that a deposition on the same topics be held raises serious questions about the motives behind Bayer's motion.  Can there be any intent at this critical time

in the case other than to harass the State and divert the State from completing other discovery obligations.

For four years, Bayer has been a phantom in the discovery process in this case, letting other defendants do the work. By electing this course, Bayer missed multiple opportunities to ask State witnesses the questions raised by the current deposition notice. The State should not be forced to produce yet another witness because of Bayer's neglect.

Rule 26(b) is designed to protect parties from duplicative and abusive discovery such as this. Bayer's motion should be denied.

## I.      BACKGROUND

On January 31, 2006, the last date to serve timely discovery under the Court's original case schedule – nearly four years after the case had been filed – Bayer served its first discovery in the case: (1) Defendant Bayer Corp.'s First Set of Interrogatories and Requests for Production to the State of Montana; and (2) the Second Notice of Rule 30(b)(6) Deposition to the State of Montana, which is currently before the Court. Prior to this discovery, Bayer had seldom even appeared at depositions in the case.[1]

As demonstrated by the table below, the Rule 30(b)(6) areas of inquiry are virtually identical to certain of the first written discovery requests.

| FED. R. CIV. P. 30(B)(6) DEPOSITION NOTICE AREA SOF INQUIRY | WRITTEN DISCOVERY |
|---|---|
| 1.  Plaintiff's use or consideration of Bayer ASP Information, including how or if such Bayer ASP Information has been used, relied upon, referenced, or considered in evaluating, revising, or settling payments to Providers under Plaintiff's Medicaid Program. | INTERROGATORY NO. 1:<br><br>Describe what use has been made by You of Bayer ASP Information, including how or if such Bayer ASP Information has been used, relied upon, referenced, or considered in evaluating, revising, or settling payments to Providers under Your Medicaid Program. |

[1] Since this discovery was filed, Bayer has also served its First Set of Requests for Admission and Second Set of Interrogatories to the State of Montana.

| | REQUEST FOR PRODUCTION NO. 1: |
|---|---|
| 2.  Communications between Plaintiff and the National Association of Medicaid Fraud Control Units ("NAMFCU") concerning the Bayer 2001 Settlement or concerning the Bayer 2003 Settlement (or any investigation or inquiry that preceded those Settlements), including internal analysis, memoranda, reports and review related to communications with NAMFCU. | All Documents related to communications with the National Association of Medicaid Fraud Control Units ("NAMFCU") concerning the Bayer 2001 Settlement or concerning the Bayer 2003 Settlement (or any investigation or inquiry that preceded those Settlements), including internal analysis, memoranda, reports, and reviews related to communications with NAMFCU, any member of NAMFCU, or any representative of any State |

Ex. 1 (Defendant Bayer Corp.'s Notice of Rule 30(B)(6) Deposition to State of Montana) and Ex. 2 (Objections and Responses to Defendant Bayer Corp.'s First Set of Requests for Admission and Second Set of Interrogatories to the State of Montana).

The State conducted a thorough investigation and timely responded to the written discovery on March 1, 2006 to the full extent of its knowledge as follows.  The responses reflect the full and limited extent of the State's knowledge and how fruitless additional examination would be.

REQUEST FOR PRODUCTION NO. 2:

RESPONSE:

Montana objects to this request to the extent it seeks information protected by the attorney client privilege or information protected by the work product doctrine.  Montana further objects to this request to the extent that it seeks information otherwise within the possession of Defendant Bayer as a party to the Bayer 2001 and 2003 Settlements.  Without waiving any objection, Montana states that it has searched and has been unable to locate any responsive documents.

INTERROGATORY NO. 1:

Describe what use has been made by You of Bayer ASP Information, including how or if such Bayer ASP Information has been used, relied upon, referenced, or considered in evaluating, revising, or settling payments to Providers under Your Medicaid Program.

ANSWER:

The State of Montana receives Bayer ASP Information.  The Bayer
ASP Information is not used as a benchmark in evaluating,
revising or settling payments to Providers under the Montana
Medicaid program.  The pricing logarithm for Montana Medicaid
is delivered through First Data Bank.  Incorporating the Bayer ASP
information into the logarithm would require a manual process.
Because Montana Medicaid is a relatively small program with
limited resources, it is not able to incorporate the Bayer ASP
Information into its system.

Ex. 2 at p. 5.  The State assumed that the issue was closed.  It had no further information to

provide, could not locate additional documents and, in fact, could locate no current employees

who could testify to the topic.[2]  Several other depositions took place in the case, again with no

participation by Bayer.  Finally, three weeks after the State provided its responses, Bayer

contacted the State to renew its request for a live witness.

Bayer has had the same opportunity as any other defendant to take testimony from

current and former employees, including the two current employees whom the State proffered as

Fed. R. Civ. P. 30(b)(6) witnesses in the case.  Bayer ignored these opportunities, only

participating in a handful of depositions, and instead waited until the scheduled close of

discovery to serve a Bayer-specific deposition notice.  ***It should be noted that Bayer has been

the only defendant to do so.***  Other defendants have attended depositions and asked

manufacturer-specific questions of current and former employees during the course of scheduled

depositions.  Bayer's conduct is inconsistent with the Court's encouragement that the defendants

coordinate discovery and the practice of the case.

Finally, Bayer can demonstrate no compelling need for the deposition it seeks.  The

motion suggests just one reason for its need for the deposition.  Bayer states that testimony by a

Montana representative is relevant and important to Bayer's challenges to Montana's claims"

---

[2] The State also asked certain former employees from the relevant time period whether they have responsive
information.  No additional information was uncovered from these sources.

because it "appears" that Montana did not use ASP information provided beginning in 2001.  It does not just "appear" to be so, the State has admitted as much.  *See* Ex. 2 at p. 5.  Further, the State's responses acknowledge that the State does not pursue any claim against Bayer for "any time period after Bayer began reporting ASP Information" to the State Medicaid program.  *Id*. at p. 6.

## II.    ARGUMENT

Fed. R. Civ. P. 26(b)(1) provides that the Court may limit discovery if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative . . .; or (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought."  Rule 26(b)(1)(i) is drafted to "deal with the problems of over-discovery."  According to the 1983 Advisory Committee Notes, "the first element of the standard, Rule 26(b)(1)(i), is designed to minimize redundancy in discovery and encourage attorneys to be sensitive to the comparative costs of different methods of securing information."  Further, the section is designed to "oblige lawyers to think through their discovery activities in advance so that full utilization is made of each deposition, document request, or set of interrogatories."  *Id*.

Bayer's deposition notice fits both standards of the discovery over-use rule.  The deposition notice is undisputedly duplicative.  The topics identified in the deposition notice are identical to written discovery served simultaneously.  The State responded to written discovery with substantive written answers that constitute the sum total of the State's knowledge on the topics.  Bayer's desperation to obtain testimony duplicative of the State's written discovery responses is mysterious given Bayer may use the written discovery responses for the same purposes it could use oral testimony.

Moreover, Bayer has had "ample opportunity by discovery in the action to obtain the information sought."  Fed. R. Civ. P. 26(b)(2).  The "ample opportunity" includes the written

- 5 -

discovery described above and the more than a dozen depositions scheduled in the case, including two previous Fed. R. Civ. P. 30(b)(6) witnesses.  Notably, Bayer has not even bothered to attend most depositions in the case and has rarely asked questions when it did attend.  This litigation strategy renders the deposition notice and attendant motion particularly ironic.

After all of this, Bayer's efforts to obtain Fed. R. Civ. P. 30(b)(6) testimony may be moot in addition to redundant.  The entire substance of the State's knowledge on the two areas of inquiry has been provided in the written discovery responses.  ***There is no current Montana employee with additional knowledge***.  The State recognizes that Rule 30(b)(6) requires an entity to designate a person with knowledge of the matters on which examination is requested.  The Rule further provides that "[t]he persons so designated shall testify as to matters ***known or reasonably available to the organization***."  (Emphasis added.)  In preparing its responses to the written discovery, the State has already investigated whether the matters are "known or reasonably available to the organization" and have provided all information.  As the State has explained to Bayer counsel, there is neither a current employee with information nor institutional knowledge of these topics beyond that which has already been provided.  This is an instance where written discovery is the best, most economical method for all parties – a consideration intended by the drafters of the Federal Rules.  *See* Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes (1983).  Rather than staging an expensive deposition where the State witness could do more than educate himself through the State's written discovery responses and parrot the answers, Bayer should accept the written answers and move forward.

In light of these circumstances, requiring the State to prepare and produce a witness to repeat information contained in written discovery responses would be a waste of time.  The impact to the State's resources would be particularly acute at this point of the litigation as the

State is diligently working to comply with Magistrate Judge Bowler's March 29, 2006 Order

compelling electronic and non-Medicaid discovery to be produced "as soon as possible."  If

Bayer's need for oral testimony were earnest, Bayer could have pursued the testimony with any

number of current and former employees in the case.  Bayer did not.  The State should not be

penalized for Bayer's failure by being forced to produce a witness to replicate information it has

already provided through written discovery.

### III.    CONCLUSION

For the foregoing reasons, the State of Montana respectfully requests that the Court deny

Defendant Bayer Corporation's motion to compel.


By  /s/ Steve W. Berman                                          DATED:  April 18, 2006.
    Steve W. Berman
    Sean R. Matt
    Jeniphr A. Breckenridge
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003

COUNSEL FOR PLAINTIFFS STATE OF MONTANA

Mike McGrath
Attorney General of Montana
Ali Bovingdon
Assistant Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT  56920-1402
(406) 444-2026

ADDITIONAL COUNSEL FOR PLAINTIFF
STATE OF MONTANA

Kathleen M. O'Sullivan
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  (206) 359-8000
Facsimile:  (206) 359-9000

COUNSEL FOR DEFENDANT IMMUNEX CORP.

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **OPPOSITION TO BAYER CORPORATION'S FIRST MOTION TO COMPEL PLAINTIFF THE STATE OF MONTANA TO PRODUCE A RULE 30(B)(6) WITNESS** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on April 18, 2006, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By      /s/ Steve W. Berman
    Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone:  (206) 623-7292

001534-15  103679 V1

# EXHIBIT 1



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

MDL No. 1456
CIVIL ACTION: 01-CV-12257-PBS

Judge Patti B. Saris
Chief Magistrate Judge Marianne B. Bowler

THIS DOCUMENT RELATES TO
STATE OF MONTANA V. ABBOTT
LABORATORIES, ET. AL.
CA NO. 02-12084-PBS

## DEFENDANT BAYER CORPORATION'S NOTICE OF RULE 30(B)(6) DEPOSITION TO STATE OF MONTANA

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, Defendant Bayer Corporation ("Bayer"), by and through its counsel, will take the

deposition upon oral examination of a representative or representatives designated by the State of

Montana (hereinafter "Plaintiff") to testify on behalf of Plaintiff concerning all matters described

herein, before a Notary Public or other person authorized to administer oaths at the offices of

Gough, Shanahan, Johnson & Waterman, 33 S. Last Chance Gulch, P.O. Box 1715, Helena, MT,

59601, on February 23, 2006, at 9:30am. The deposition will be recorded by stenographic and/or

sound and visual means and will continue from day to day until completion.

Pursuant to Rule 30(b)(6), Plaintiff shall designate in writing to the undersigned counsel

for Bayer one or more officers, officials, employees, or other representative to testify on their

behalf who are most knowledgeable about and will testify as to matters known or reasonably

CHI 3435653v.1

available to Plaintiff in regard to the matters set forth below.  Plaintiff is further requested to set forth the matter or matters on which each such designated person will testify.

All terms used in this Notice, whether or not capitalized, shall be defined as stated in Defendant Bayer Corporation's First Set of Interrogatories and Requests for Production to the State of Montana.[1]

Unless otherwise specified, the relevant time period is the period from January 1997 to the present.

## AREAS OF INQUIRY

Plaintiff is requested to designate one or more persons who consent to testify on its behalf concerning the following matters:

1.  Plaintiff's use or consideration of Bayer ASP Information, including how or if such Bayer ASP Information has been used, relied upon, referenced, or considered in evaluating, revising, or setting payments to Providers under Plaintiff's Medicaid Program.

2.  Communications between Plaintiff and the National Association of Medicaid Fraud Control Units ("NAMFCU") concerning the Bayer 2001 Settlement or concerning the Bayer 2003 Settlement (or any investigation or inquiry that preceded those Settlements), including internal analysis, memoranda, reports, and reviews related to communications with NAMFCU.

---

[1] Such defined terms include the Bayer 2001 Settlement, the Bayer 2003 Settlement, and Bayer ASP Information.

CHI 3435653v.1

Dated: January 31, 2006

By:    ___/s/ Michael Doss_____

Richard D. Raskin
Michael Doss
SIDLEY AUSTIN LLP
One S. Dearborn Street
Chicago, IL  60603
Tele: (312) 853-7000
Fax:  (312) 853-7036
***Counsel for Defendant Bayer Corporation***

3

## CERTIFICATE OF SERVICE

I, Michael Doss, hereby certify that on January 31, 2006, I have caused a true and

accurate copy of the foregoing DEFENDANT BAYER CORPORATION'S NOTICE OF RULE

30(B)(6) DEPOSITION TO STATE OF MONTANA to be served on all counsel of record by

electronic service, pursuant to Paragraph 11 of Case Management Order No. 2, by sending a

copy to Lexis/Nexis for posting and notification to all parties.

Date:   Chicago, Illinois
         January 31, 2006

                                        /s/ Michael Doss
                                        Michael Doss

4

CH1 3435653v.1

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION,

THIS DOCUMENT RELATES TO:

*State of Montana v. Abbott Labs., Inc., et al.,*
Cause No. CV-02-09-H-DWM (D. Mont.)

MDL No. 1456

CIVIL ACTION:  01-CV-12257-PBS

Judge Patti B. Saris

## OBJECTIONS AND RESPONSES TO DEFENDANT BAYER CORP.'S FIRST SET OF REQUESTS FOR ADMISSION AND SECOND SET OF INTERROGATORIES TO THE STATE OF MONTANA

Pursuant to the Federal Rules of Civil Procedure, the State of Montana submits these Objections and Responses to Defendant Bayer Corp.'s First Set of Requests for Admission and Second Set of Interrogatories to the State of Montana.

### PRELIMINARY STATEMENT

The State of Montana incorporates as if fully set forth herein the preliminary statement set forth in the Objections and Responses to Defendant Bayer Corp.'s First Set of Interrogatories and Requests for Production to the State of Montana.

### GENERAL OBJECTIONS

The State of Montana incorporates as if fully set forth herein its general objections included in the Objections and Responses to Defendant Bayer Corp.'s First Set of Interrogatories and Requests for Production to the State of Montana.

-1-

# REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1:

Plaintiffs State of Montana **does not contend** that Bayer has failed to comply with any of

Bayer's obligations under the Bayer 2001 Settlement Agreement.

ANSWER:

The State of Montana objects to this Request on the ground that it calls for a legal conclusion involving a settlement agreement *unrelated to this lawsuit* and subsequent conduct by Bayer. Without waiving this objection, the State of Montana states that it has conducted a reasonable inquiry and currently has insufficient information upon which to admit or deny this Request.

REQUEST FOR ADMISSION NO. 2:

Plaintiff State of Montana **does not contend** that Bayer has failed to comply with any of

Bayer's obligations under the Bayer 2003 Settlement Agreement.

ANSWER:

The State of Montana objects to this Request on the ground that it calls for a legal conclusion involving a settlement agreement *unrelated to this lawsuit* and subsequent conduct by Bayer. Without waiving this objection, the State of Montana states that it has conducted a reasonable inquiry and currently has insufficient information upon which to admit or deny this Request.

REQUEST FOR ADMISSION NO. 3:

Plaintiff State of Montana has received Bayer ASP Information for **all** Bayer prescription

medicines since the Bayer 2001 Settlement Agreement as required by the Bayer 2001 Settlement

Agreement.

ANSWER:

The State of Montana has conducted a reasonable inquiry and currently has insufficient information upon which to admit or deny this Request.

REQUEST FOR ADMISSION NO. 4:

Following the District Court's ruling dismissing certain of Plaintiff State of Montana's claims against Bayer based on the 2001 and 2003 Settlement Agreements, the State's only remaining claims for damages against Bayer relate to only two of the Subject Drugs, Mithracin and DTIC-Dome.

ANSWER:

The State of Montana admits that the Memorandum and Order dated June 10, 2004 dismissed "all fraud claims concerning drugs covered by the 2001 and 2003 Settlement between Montana and Bayer, even those claims brought in a *parens patriae* capacity."

REQUEST FOR ADMISSION NO. 5:

You have **no record** of having made **any payments** under your Medicaid program to any Beneficiary or Provider during the Relevant Time Period for Mithracin, including Mithracin INJ 2500MCG.

ANSWER:

Admit.

REQUEST FOR ADMISSION NO. 6:

You made **no payments** under your Medicaid program to any Beneficiary or Provider during the Relevant Time Period for Mithracin, including Mithracin INJ 2500MCG.

ANSWER:

Admit.

-3-

REQUEST FOR ADMISSION NO. 7:

Your **total payments** under your Medicaid program to any Beneficiary or Provider

during the Relevant Time Period for DTIC-Dome, including DTIC-Dome INJ 200MG, were

under $1000.

ANSWER:

Deny. Medicaid program records indicate that total payments under the Medicaid
program during the Relevant Time Period for DTIC -Dome, including DTIC-Dome INJ 200MG,
exceeded $145,000.


## INTERROGATORIES

INTERROGATORY NO. 1:

If You deny any Request for Admission, listed above, including any part thereof, describe

the factual basis for the denial.

ANSWER:

See above.


By /s/ Steve W. Berman                        DATED:        March 31, 2006.
  Steve W. Berman
  Sean R. Matt
  Jeniphr A. Breckenridge
  HAGENS BERMAN SOBOL SHAPIRO LLP
  1301 Fifth Avenue, Suite 2900
  Seattle, WA  98101
  Telephone: (206) 623-7292
  Facsimile: (206) 623-0594

  Thomas M. Sobol
  HAGENS BERMAN SOBOL SHAPIRO LLP
  One Main Street, 4th Floor
  Cambridge, MA  02142
  Telephone:  (617) 482-3700

-4-

Facsimile:  (617) 482-3003

COUNSEL FOR PLAINTIFFS STATE OF MONTANA

Mike McGrath
Attorney General of Montana
Ali Bovingdon
Assistant Attorney General
Justice Building
215 North Sanders
P.O. Box 201401
Helena, MT  56920-1402
(406) 444-2026

ADDITIONAL COUNSEL FOR PLAINTIFF
STATE OF MONTANA

001534-15 99921 V1

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **OBJECTIONS AND RESPONSES TO DEFENDANT BAYER CORP.'S FIRST SET OF REQUESTS FOR ADMISSION AND SECOND SET OF INTERROGATORIES TO THE STATE OF MONTANA** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on March 31, 2006, a copy to LexisNexis File & Serve for Posting and notification to all parties.

By    /s/ Steve W. Berman

    Steve W. Berman

**HAGENS BERMAN SOBOL SHAPIRO LLP**

1301 Fifth Avenue, Suite 2900

Seattle, WA  98101

Telephone:  (206) 623-7292

-6-

001534-15 99921 V1