# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | |
| GOVERNMENT EMPLOYEES HOSPITAL ASSOCIATION, and DISTRICT COUNCIL 37 HEALTH AND SECURITY PLAN TRUST, Individually and on behalf of all others similarly situated,<br>          Plaintiffs<br>v.<br>SERONO INTERNATIONAL, S.A., SERONO LABORATORIES, INC., SERONO, INC., RJL SYSTEMS, INC., And RUDOLPH J. LIEDTKE,<br>          Defendants. | |

**DEFENDANT SERONO INTERNATIONAL, S.A., SERONO LABORATORIES, INC., AND SERONO, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF PRETRIAL ORDER NO. 1 REGARDING CONSOLIDATION OF ACTIONS**

Defendants Serono International, S.A., Serono Laboratories, Inc., and Serono, Inc. (collectively the "Serono Defendants") hereby oppose Plaintiff Government Employees Hospital Association's ("GEHA's"), District Council 37 Health and Security Plan Trust's ("DC 37 Plan's"), and Eugene Francis' (collectively "Plaintiffs'") Motion For Entry of Pretrial Order No. 1 Regarding Consolidation of Actions. Plaintiffs' proposed Case Management Order No. 1 ("CMO 1") seeks to vest an extraordinary amount of power

BOS1588000.2

and authority in Plaintiffs' counsel, and create a needlessly complex MDL-style structure for two cases, both of which have been filed by the same attorneys, and neither of which have been duplicated by follow-on complaints. Plaintiffs' motion for entry of CMO 1 should therefore be denied. Serono does not object, however, to the consolidation of *Government Employees Hospital Association, et al. v. Serono International, S.A. et al.*, Civ. No. 01-12257, with *Francis v. Serono Laboratories, Inc. et al.*, Civ. No. 06-10613 for pretrial purposes, pursuant to Fed. R. Civ. P. 42.

## PROCEDURAL BACKGROUND

GEHA filed its initial Complaint against Serono in September 2005, alleging claims relating to Average Wholesale Price ("AWP"). In November 2005, GEHA filed an Amended Complaint, adding claims primarily relating to the sales and marketing of Serostim, and including cursory allegations concerning nine other Serono products. In February 2006 GEHA filed a Second Amended Complaint, discarding its AWP claims and adding DC 37 Plan as a plaintiff. On April 7, 2006, counsel for GEHA and DC 37 Plan filed another complaint against Serono on behalf of plaintiff Eugene Francis. The *Francis* Complaint only alleges claims concerning Serostim, and is otherwise nearly identical to the Second Amended Complaint. Indeed, the purported class definitions for *GEHA* and *Francis* overlap substantially.

Both the *GEHA* Complaint and the *Francis* Complaint base their allegations on the guilty plea by one defendant—Serono Laboratories, Inc.—for conspiring to violate the FDCA and the Anti-Kickback Statute in relation to its sales and marketing of Serostim. Serono's guilty plea was announced in October 2005, and was reported in the Wall Street Journal and the Boston Globe as early as April 2005. To date, *GEHA* and

*Francis* are the only suits filed against Serono deriving from Serono Laboratories, Inc.'s plea.

## ARGUMENT

The super-structure Plaintiffs seek to impose over their two cookie-cutter complaints is needlessly complex and overreaching, vests too much power and authority to Plaintiffs' counsel, and comes too early in the proceedings.

Plaintiffs' proposed CMO 1 seeks to establish a de-facto MDL for any subsequently filed lawsuits relating to any of Serono's products "that arise out of the same operative facts as this action." While the "operative facts" of the *GEHA* and *Francis* actions primarily relate to the sales and marketing of Serostim, Plaintiffs have also made vague allegations concerning some of Serono's other products. In order to implement Plaintiffs' proposed CMO 1, the Court would have to first define the scope of those allegations concerning other Serono products. Since all of Plaintiffs' allegations will shortly be tested by motions to dismiss, it does not make any sense to establish a de-facto MDL "defined" by complaints that may be substantially narrowed through motion practice, particularly given that there are only two cases currently pending against Serono that require coordination.

Plaintiffs' proposed CMO 1, also would require this Court to peer into any other litigation filed against Serono in any other jurisdiction and determine whether it "arise[s] out of the same operative facts as this action." Upon such a finding, the Court would then be required to:

- Consolidate those cases with this action, regardless of where the case was originally filed (Proposed CMO ¶ (I)(B));

- Designate Plaintiffs' counsel as Lead Counsel (Proposed CMO ¶ (V)(B));

- Authorize Plaintiffs' counsel to act on behalf of any plaintiff in a consolidated case, regardless of whether that plaintiff has chosen different counsel (Proposed CMO ¶ (V)(B));

- Authorized Plaintiffs' counsel to assign "work" to counsel for plaintiff in any consolidated case "as they deem appropriate" (Proposed CMO ¶ (V)(D)); and

- Designate Plaintiffs' counsel as having "sole authority" to communicate with defendants' counsel on behalf of any plaintiff (presumably including all settlement discussions) (Proposed CMO ¶ (V)(E)).

In short, Plaintiffs ask the Court to effectively designate itself as the MDL venue for claims against Serono (usurping the judicial panel on multidistrict litigation's sole authority to make such designations under 28 U.S.C. § 1407), transfer any subsequently filed actions against Serono resembling *GEHA* or *Francis* to this District, regardless of where they were filed, and ensure that Plaintiffs' counsel has "sole authority" over any such transferred cases.  None of these provisions are necessary for the straightforward task of organizing two cases filed by a single lead firm.  Should a number of additional cases be filed, these issues can be revisited at a later time.

Instead, the Court should simply consolidate *GEHA* and *Francis* for pretrial purposes, pursuant to Fed. R. Civ. P. 42, since that is all that is needed at this time.

WHEREFORE, Serono respectfully requests that this Court:

A. Deny Plaintiffs' Motion For Entry of Pretrial Order No. 1 Regarding Consolidation of Actions in its entirety;

    B.    Consolidate *Government Employees Hospital Association, et al. v. Serono International, S.A. et al.*, Civ. No. 01-12257, with *Francis v. Serono Laboratories, Inc. et al.*, Civ. No. 06-10613 for pretrial purposes only, pursuant to Fed. R. Civ. P. 42; and

    C.    Grant such further relief as the Court deems just and proper.

## REQUEST FOR ORAL ARGUMENT

Serono requests an oral argument because it believes such argument will assist the Court in resolving the issues placed before it by Plaintiffs' Motion.

Respectfully submitted:

SERONO INTERNATIONAL, S.A.,
SERONO, INC., and SERONO
LABORATORIES, INC.

By their attorneys,

/s/ David M. Ryan_____
Fred A. Kelly, BBO #544046
Timothy W. Mungovan, BBO #600702
David M. Ryan BBO #644037
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
Telephone: (617) 345-1000

Dated:    April 24, 2006

## CERTIFICATE OF SERVICE

I, David M. Ryan, do hereby certify that I caused a copy of the foregoing Stipulation to be served by electronic means, upon all counsel of record, on this 24th day of April, 2006.

/s/ David M. Ryan_____
David M. Ryan