UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 04-CV-06054<br><br>*County of Albany v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0425<br><br>*County of Allegany v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0236<br><br>*County of Broome v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0456<br><br>*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0256<br><br>*County of Cayuga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0423<br><br>*County of Chautauqua v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-0214<br><br>*County of Chemung v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6744<br><br>*County of Chenango v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0354<br><br>*County of Columbia v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0867<br><br>*County of Cortland v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0881<br><br>*County of Dutchess v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 05-CV-6458<br><br>*County of Essex v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0878<br><br>*County of Fulton v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0519 | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris<br><br><br>**PLAINTIFFS' OPPOSITION TO INDIVIDUAL MEMORANDUM OF PURDUE PHARMA L.P., PURDUE FREDERICK COMPANY, AND PURDUE PHARMA COMPANY IN SUPPORT OF MOTION TO DISMISS** |

*County of Genesee v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-00267

*County of Greene v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0474

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00415

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0715

*County of Lewis v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0839

*County of Madison v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00714

*County of Monroe v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6148

*County of Nassau v. Abbott Laboratories, Inc., et al.*
E.D.N.Y. Case No. 04-CV-05126

*County of Niagara v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-06296

*County of Oneida v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0489

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-0088

*County of Ontario v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6373

*County of Orleans v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6371

*County of Putnam v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 05-CV-04740

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
N.D.N.Y. Case No. 05-CV-00422

*County of Rockland v. Abbott Laboratories, Inc., et al.*
S.D.N.Y. Case No. 03-CV-7055

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
W.D.N.Y. Case No. 05-CV-6387

*County of Seneca v. Abbott Laboratories, Inc., et al.*

| | |
|---|---|
| W.D.N.Y. Case No. 05-CV-6370<br><br>*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0479<br><br>*County of Saratoga v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0478<br><br>*County of Steuben v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6223<br><br>*County of Suffolk v. Abbott Laboratories, Inc., et al.*<br>E.D.N.Y. Case No. 03-CV-12257<br><br>*County of Tompkins v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0397<br><br>*County of Ulster v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 06-CV-0123<br><br>*County of Warren v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0468<br><br>*County of Washington v. Abbott Laboratories, Inc., et al.*<br>N.D.N.Y. Case No. 05-CV-0408<br><br>*County of Wayne v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06138<br><br>*County of Westchester v. Abbott Laboratories, Inc., et al.*<br>S.D.N.Y. Case No. 03-CV-6178<br><br>*County of Wyoming v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-6379<br><br>*County of Yates v. Abbott Laboratories, Inc., et al.*<br>W.D.N.Y. Case No. 05-CV-06172 | |

## INTRODUCTION

Purdue Pharma L.P., Purdue Frederick Company and Purdue Pharma Company's ("Purdue") individual memorandum (hereinafter "Purdue MTD") seeks the dismissal of all of plaintiffs' claims on the grounds that: (i) the Court dismissed all claims against Purdue in the matter styled *County of Suffolk v. Abbott Labs., et al.* (Civ. Action No. 1:03-cv-10643)(MDL 1456)("*Suffolk*") and as such all of plaintiffs' claims should similarly be dismissed ; (ii) plaintiffs' allegations do not satisfy Fed. R. Civ. P. 9(b); and, (iii) the government investigation cited by plaintiffs did not result in adverse findings against Purdue and, therefore, does not support AWP or Best Price/Rebate claims.

Contrary to Purdue's assertions, plaintiffs allegations are sufficient to state causes against Purdue. Plaintiffs allege fraudulent AWPs for every Purdue drug for which they seek relief and properly use Purdue's own prices to demonstrate Purdue's artificially inflated spreads.[1] Plaintiffs also allege facts in sufficient detail to support their Best Price/Rebate claims, including allegations relating to a government investigation into Purdue's pricing practices that this Court has already determined to be directly relevant to and support plaintiffs' claims of Best Price/Rebate and AWP fraud. The specificity of these allegations satisfies the particularity requirements of Fed. R. Civ. P. 9(b) as well as the Court's prior rulings, including those in *Suffolk*.[2] For the reasons set forth below, Purdue's motion to dismiss should be denied in its entirety.[3]

## DISCUSSION

---

[1] *See* Corrected Consolidated Complaint, filed on June 22, 2005 ("Consolidated Complaint" or "CC") at ¶¶679-690, Exh. A & B; Nassau Second Amended Complaint, filed on January 6, 2006 ("Nassau SAC" or "NSAC") at ¶¶ 584-595, Exh. A&B.

[2] *See In re Pharm. Indus. Average Wholesale Price Litig.*, 339 F.Supp.2d 165, 173 ("*Suffolk I*"); *In re Pharm. Indus. Average Wholesale Price Litig.*, No. 01-12257, 2004 WL 2387125, at *3 (D. Mass. Oct. 26, 2004) ("*Suffolk II*"); *In re Pharm.Indus. Average Wholesale Price Litig.*, Memorandum and Order at 1-2 (D. Mass. April 8, 2005)("*Suffolk III*")

[3] All other causes are addressed in Plaintiffs Consolidated Opposition to Defendants Motion to Dismiss, filed contemporaneously herewith (referred to herein as "Consolidated MTD Opposition").

### A.     Plaintiffs' Fraud-Based AWP Claims Are Pled With Sufficient Particularity

Purdue attempts to equate plaintiffs' allegations with those in *Suffolk* that were dismissed by the Court and argues that, as such, plaintiffs' claims here fail to meet the particularity requirement of Fed. R. Civ. P.. 9(b). Purdue MTD at 2-3.

Purdue's argument simply misses the mark. For plaintiffs to maintain fraud-based AWP claims, plaintiffs must set forth factual allegations regarding spread, internal documents or government investigations from which an inference of fraud can reasonably be made. *See Suffolk II*, 2004 WL, 2387125 at *2; *In re Pharm. Indus. Average Wholesale Price Litig.*, 307 F. Supp. 2d 196 at 209 (D. Mass. 2004)("*Pharm. III*")(recognizing an industry-wide practice of inflating AWPs and not requiring a specific spread for every drug of each manufacturer). The Court held that alleging a spread based upon calculated prices did not satisfy 9(b). *See Suffolk III* at 2.

Plaintiffs have satisfied these thresholds. Plaintiffs (1) provide fraudulent AWPs for every Purdue product for which plaintiffs paid; (2) detail exorbitant spreads calculated based on actual Purdue market prices[4] -- not a calculated average price -- for Purdue products; (3) show exorbitant spreads between an actual market price and the fraudulent AWPs for Purdue drugs paid for by plaintiffs, (these spreads were consistently over 50% and at times as much as 182%); (4) allege that Purdue spokesman Robert Hogen in a Boston Globe newspaper in direct response to an AARP survey which detailed a 10.7% increase in AWPs for Purdue products, acknowledged and admitted that AWPs are "quite deceptive" because no one pays AWPs for drugs because of rebates and

---

[4] The prices used to calculate spreads are actual market prices offered to Ven-a-Care of the Florida Keys, Inc. ("Ven-a-Care"), a licensed pharmacy, and were available on a nationwide basis to similar pharmacies. In the matter styled, *State of California ex rel. Ven-a-Care of the Florida Keys v. Abbott Labs., et al.*, also pending before this Court, plaintiffs utilized these same prices to calculate the spreads in support of similar claims. Notably, the legitimacy of these prices was not questioned in recent motions to dismiss filed in that action.

2

discounts;[5] (5) allege that Purdue entered into co-promotion agreements with Abbott Group, which has consistently been investigated for marketing the spread for across a large spectrum of drugs and has entered into several large settlements for its company wide marketing and pricing practices; and (6) properly allege and refer to the investigation of the House Subcommittee of Oversight and Investigation of the Committee of Energy and Commerce into Purdue for possible improper pricing practices and failures to comply with Best Price rebate requirements.[6] (*See* CC ¶¶156-158, 679-690, Exh. A & B; NSAC ¶¶584-595, Exh. A & B). Plaintiffs also allege Purdue engages in off-invoice pricing that allows a manufacturer to lower the net cost to the purchaser while concealing the actual cost beneath the fiction of a higher invoice price. *See* CC ¶ 153; NSAC ¶ 122. These allegations differ materially from Suffolk's initial pleading as Exhibit A to plaintiffs' consolidated opposition to defendants' joint motion to dismiss ("Con. Opp.") makes plain.

The foregoing is certainly sufficient to draw a reasonable and sound inference of a company-wide AWP fraud in compliance with the requirements of Fed. R. Civ. P. 9(b). *See U.S. ex rel Franklin v. Parke Davis*, 147 F.Supp.2d 39, 49 (D.Mass 2001)(Saris, J.)("[W]here the alleged scheme of fraud is complex and far-reaching, pleading every instance of fraud would be extremely ungainly, if not impossible.").

Accordingly, Plaintiffs' fraud-based AWP claims are sufficiently pled and should be sustained.

**B.     Plaintiffs' Fraud-Based Best Price/Rebate Claims Are Pled With Sufficient**

---

[5] Purdue downplays Mr. Hogan's comment that AWPs were "deceptive" as merely a "stray comment by one employee." Purdue MTD at 3. In fact, Mr. Hogan was an official Purdue spokesman charged with responding to an annual AARP survey of drug pricing.

[6] The Court has specifically held that in order to maintain AWP-related claims, plaintiffs must "set forth [] factual allegations regarding a spread, internal documents or government investigations from which an inference of fraud [could] reasonably be made..." (emphasis added). *See Suffolk II*, 2004 WL, 2387125 at *2; *Pharm III*, 307 F. Supp. 2d at 209. The Court does not require an adjudication of the lawsuits or government investigations.

3

**Particularity**

In order to maintain Best Price/Rebate claims, plaintiffs must "set forth minimal facts with respect to (1) the allegedly fraudulent or false price reported to the state for any specific drug; or (2) any information showing a company-wide scheme to misstate Best Prices." *Suffolk II*, 2004 WL, 2387125 at *3.

Plaintiffs have done both. First, plaintiffs allege the name of every Purdue drug for which they assert Best Price claims. *See* CC ¶¶679-690, Exh. A & B; NSAC ¶¶ 584-595, Exh. A & B. Second, plaintiffs allege a company-wide scheme and strategy whereby Purdue and Abbott's sales force had the discretion to utilize aggressive discounts and off-invoice pricing to lower prices and maximize sales. Plaintiffs allege off-invoice pricing allows a manufacturer to lower the net cost to the purchaser while concealing the actual cost beneath the fiction of a higher invoice. *See* CC ¶ 153; NSAC ¶ 122.

In addition, among other allegations of malfeasance, plaintiffs allege that: (1) Purdue utilized aggressive discounts to compete with other therapeutically equivalent drugs; (2) Purdue utilized off-invoice pricing, including rebates and discounts as admitted by Mr. Hogan; (3) Purdue is keenly aware that its purchasers' profits depend on the reimbursement rates of Purdue drugs and greater sales can be achieved through price adjustments and discounts, while not lowering AWPs, (4) Purdue utilized, and did not account for, off-invoice price reductions in the form of marketing grants, special educational grants and/or data gathering fees with its customers to make up for the falsely inflated invoices, the effect of which was to mask to true cost of the drugs on the invoice; (5) the House Subcommittee of Oversight and Investigation of the Committee of Energy and Commerce is investigating Purdue for possible improper pricing practices and failures to comply with Best Price rebate requirements. All of these allegations show a company-wide scheme implicating all Purdue

products. *See* CC ¶¶ 153, 156-158, 679-690, Exh. A & B; NSAC ¶¶ 122.

Thus, all of plaintiffs' fraud-based Best Price/Rebate claims should be sustained.

Furthermore, as defendant's motion represents the first test of plaintiffs' allegations, in the event the Court is inclined to grant Purdue's motion, plaintiffs respectfully request leave to amend. *See Whelan v. Intergraph Corp.*, 889 F.Supp. 15, 19 at fn 4. (D.Mass 1995) (citing *Hayduk v. Lanna,* 775 F.2d 441 at 445 (1985)( "federal courts must be liberal in allowing parties to amend their complaints.")).

## CONCLUSION

For the reasons set forth herein, Purdue's individual motion to dismiss should be denied in its entirety.

Dated: April 24, 2006

<div style="margin-left:3em">

Respectfully submitted,

**City of New York and all captioned Counties except Nassau, by**

**KIRBY McINERNEY & SQUIRE, LLP**
830 Third Avenue
New York, New York 10022
(212) 371-6600

/s/ Joanne M. Cicala
Joanne M. Cicala (JC 5032)
By: James P. Carroll Jr. (JPC 8348)
Aaron D. Hovan (AH 3290)
David E. Kovel (DK 4760) (*pro hac vice* application pending)

**For the City of New York**

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York

John R. Low-Beer (JL 3755)

</div>

Richard J. Costa (RC 7278)
Assistant Corporation Counsels
100 Church Street, Room 3-162
New York, New York 10007
(212) 788-1007

**LORNA B. GOODMAN**
Peter J. Clines
Rachel S. Paster
Nassau County Attorney, by


By: **MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540

55 Cleveland Road
Wellesley, MA  02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**MILBERG WEISS BERSHAD
 & SCHULMAN LLP**

Melvyn I. Weiss
Michael M. Buchman
Ryan G. Kriger
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

*Special Counsel for the
County of Nassau*