# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>State of California, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, et al.<br>Case No. 1:03-CV-11226-PBS | MDL No. 1456<br><br>Master File No. 01-CV-12257-PBS<br><br>Judge Patti B. Saris<br>Chief Magistrate Judge Marianne B. Bowler |

**PLAINTIFF VEN-A-CARE OF THE FLORIDA KEYS, INC.'S OPPOSITION TO DEFENDANT BRISTOL-MYERS SQUIBB COMPANY'S MOTION TO COMPEL**

**INTRODUCTION**

Plaintiff Ven-A-Care of the Florida Keys, Inc. hereby opposes defendant Bristol-Myers Squibb Company's motion to compel production of documents.[1] The motion is wholly without merit because defendant never served Ven-A-Care with any formal discovery request, which is a prerequisite to bringing a motion to compel. In fact, the reason for defendant's failure to serve a document request on plaintiff is that this Court, under its broad discretion to manage pre-trial matters, has stayed discovery pending resolution of motions to dismiss plaintiff's case. For these and other reasons set forth below, the Court should deny defendant's motion to compel and award plaintiff the reasonable attorneys' fees incurred in opposing this frivolous motion.

**STATEMENT OF FACTS**

Ven-A-Care of the Florida Keys, Inc. (hereinafter "Ven-A-Care") filed a *qui tam* complaint in state court for violations of the California False Claims Act. Essentially, Ven-A-Care alleges that defendant pharmaceutical companies engaged in an unlawful sales and marketing scheme which resulted in the State of California overpaying for drugs manufactured by defendants. Ven-A-Care's case was subsequently removed to federal court and transferred to this Multi-District Litigation proceeding. On August 25, 2005, the State of California filed a First Amended Complaint in Intervention. The filing of the Amended Complaint in Intervention unsealed claims against several new defendants.

On December 13, 2005, in anticipation of the newly served defendants filing multiple motions to dismiss, this Court issued Case Management Order No. 18. The Order states in pertinent part:

---

[1] This Response was due to be filed on Friday, April 21, 2006; however, was delayed due to the undersigned counsel's error as to the filing deadline. Counsel for the movant, Bristol-Myers Squibb Company, has agreed to extend the professional courtesy of allowing Ven-A-Care an additional day for filing this response.

1

> This Order shall not prevent any party from seeking document discovery from a non-party to the litigation. However, no other discovery shall be conducted in this case pending the Court's decision [on the motion to dismiss First Amended Complaint]. The parties are not required to make the automatic disclosures described in Fed. R. Civ. P. 26(a)(1) until the Served Defendants' motion to dismiss has been adjudicated.

At no time prior to the filing of the instant motion to compel did Bristol-Myers Squibb Company (hereinafter "BMS") serve Ven-A-Care with a request for production of documents.

## LEGAL ARGUMENT

**A.      Defendant's Motion to Compel is Wholly Without Merit**

      1.      <u>The Motion is not Authorized by the Federal Rules of Civil Procedure</u>

Federal Rule of Civil Procedure 37(a) permits the filing of a motion to compel in the following circumstance:

> if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovery party may move for an order compelling an answer, or a designation, or an order compelling production in accordance with the request.

It is axiomatic that the failure to respond to a request for inspection is a prerequisite to the filing of a motion to compel. Numerous courts have held that the failure to serve a discovery request before filing a motion to compel warrants denial of the motion. *See Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298 (3rd Cir. 1995) (denying motion to compel because "[i]n order to succeed on a motion to compel discovery, a party must first prove that it sought discovery from its opponent"); *Bermudez v. Duenas*, 936 F.2d 1064 (9th Cir. 1991) (denying motion to compel where a discovery request was not first served); *Mendoza v. Regis Corp.*, 2005 WL 2233347, Case No. Civ.A.SA01CA0937FBNN (W.D. Tex. September 7, 2005) (denying motion to compel production of documents that were requested by way of letter); *Hall v.*

2

*Northwest Airlines*, 2004 WL 179311, Case No. 03-2004-MLV (W.D. Tenn. January 6, 2004) (denying motion to compel because it is "premature and improper" to file a motion without first serving a discovery request in accordance with the Federal Rules of Civil Procedure); and *Randall v. Coach USA Inc.*, 2000 WL 1763841, Case No. 98-30530CIV (S.D. Fla. March 31, 2000) (denying motion to compel as "premature" where there has been no discovery request nor court order requiring production).

Here, it is undisputed that BMS "did not make a formal Rule 34 request of Ven-A-Care." *See* Mtn., page 3.  BMS, however, contends that a formal discovery request is not necessary to bring a motion to compel.  The lone case cited by BMS in support of this contention, *Financial Building Consultants, Inc. v. American Druggists Ins. Co.*, 91 F.R.D. 59, 61-62 (D. Ga. 1981), is readily distinguishable and is not persuasive authority on this point.

In *Financial Building Consultants*, the court granted defendant's motion to compel production of documents despite the lack of a formal Rule 34 request because defendant had propounded requests in letter format "***as suggested by the Court***."  (Emphasis added) 91 F.R.D. at 61-62.  In contrast, this Court never suggested that BMS, or any other party, seek discovery informally.  Therefore, the limited holding of *Financial Building Consultants* does not apply to this case.  Moreover, the cases holding that a discovery request is a prerequisite to a motion to compel provide the better reasoned approach because unlike *Financial Building Consultants*, they are consistent with the plain language of Rule 37.  Accordingly, BMS's motion to compel should be denied.

2. The Motion Fails to Comply With the Court's Local Rules

BMS's motion to compel is procedurally defective because it fails to comply with the Court's local rules.  Consistent with the Federal Rules of Civil Procedure, Local Rule 37.1(b)

requires that the memorandum supporting a motion to compel "state with particularity . . . [e]ach interrogatory, deposition question, request for production, request for admission or other discovery matter raising an issue to be decided by the court, and the response thereto . . . ." No where in defendant's motion papers is a request for production and response thereto stated with particularity. The reason for this inadequacy is obvious – BMS never served Ven-A-Care with any request for production. The failure to comply with the Local Rule therefore cannot be cured. Based on this independent and additional reason, the motion to compel should be denied.

       3.      The Motion Disregards the Court's December 13, 2005 Order

BMS's motion to compel should be denied because it disregards and disobeys a preexisting Court order. It is well settled that the trial court has "broad powers" to "regulate or prevent discovery." *Santiago v. Fenton*, 891 F.2d 373, 379 (1st Cir. 1989). Local Rule 26.3 states that the Court "has discretion to structure discovery activities by phasing and sequencing the topics which are subject of discovery."

On December 13, 2005, the Court exercised its powers to structure discovery by ordering a stay of discovery in this case during the pendency of motions to dismiss. BMS's motion, without even acknowledging the existence of the Order, attempts to impose an obligation on plaintiff that is inconsistent with the Court's discovery stay. However, BMS does not present any good cause to justify modification of the discovery stay. The State of California, which is also subject to the terms of CMO 18, joins in this argument and joins in the opposition to the production demand as presented herein. Therefore, the motion to compel should be denied.

**B.**    **Plaintiff Should be Awarded Attorneys' Fees for Opposing This Motion**

If a motion to compel is denied, the court "***shall***" award reasonable attorneys' fees and expenses incurred in opposing the motion, unless the court finds that the party making the

motion was "substantially justified." (Emphasis added) Fed. R. Civ. P. 37(a)(4). A party who unsuccessfully makes a motion to compel has the burden to affirmatively demonstrate that its position was substantially justified. *Federal Civil Procedure Before Trial* § 11:2382 (The Rutter Group, 2006), citing Fed. R. Civ. P. 37(a)(4) Adv. Comm. Notes (1970).

BMS's filing of the motion to compel was not substantially justified for many reasons. First, the motion is not authorized by the Federal Rules of Civil Procedure because BMS never propounded, and Ven-A-Care never failed to cooperate with, a Rule 34 request for production. Second, the motion does not comply with the Local Rules of this court. Third, the motion was filed in contravention of the Court's December 13, 2005 Order staying discovery. Fourth, the motion fails to justify its numerous procedural deficiencies with any persuasive legal authority on why the Court should require Ven-A-Care to produce the documents at issue. Under these circumstances, BMS cannot establish that the filing of its motion to compel was substantially justified. Consequently, the Court should award Ven-A-Care all reasonable attorneys' fees incurred in opposing the motion.

## CONCLUSION

For the reasons set forth above, Ven-A-Care respectfully requests that the motion to compel be denied and that attorneys' fees be awarded to plaintiff.

Dated: April 24, 2006                            Respectfully submitted on behalf of Plaintiff


By:      /s/ James J. Breen
         JAMES J. BREEN
         The Breen Law Firm, P.A.
         Suite 39, 5755 North Point Parkway
         Alpharetta, GA 30022
         Tel: (770) 740-0008
         Fax: (770) 740-9109

5

BRUCE L. SIMON
ESTHER L. KLISURA
Cotchett, Pitre, Simon & McCarthy
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 692-3606

THOMAS V. GIRARDI
HOWARD B. MILLER
Girardi & Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017
Tel: (213) 489-3330
Fax: (213) 481-1554

WALTER V. LACK
ADAM D. MILLER
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067
Tel: (310) 552-3800
Fax: (310) 552-9434

SHERRIE R. SAVETT
SUSAN SCHNEIDER THOMAS
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

*Attorneys for Plaintiff Ven-A-Care of the Florida Keys, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I, James J. Breen, caused a true and correct copy of the foregoing **Plaintiff Ven-A-Care of The Florida Keys, Inc.'s Opposition to Defendant Bristol-Myers Squibb Company's Motion to Compel** to be served electronically on counsel of record pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to LexisNexis File and Service for posting and notification to all parties on April 24, 2006.

       /s/ James J. Breen
JAMES J. BREEN
The Breen Law Firm, P.A.
Suite 39, 5755 North Point Parkway
Alpharetta, GA 30022
Tel: (770) 740-0008
Fax: (770) 740-9109