## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS, 01-CV-339 AND 1:03-CV-11226-PBS | Civil Action No. 01-CV-12257 PBS<br><br>Judge Patti B. Saris<br>Chief Magistrate Judge Marianne B. Bowler |

### REPLY MEMORANDUM OF DEFENDANT BRISTOL-MYERS SQUIBB COMPANY IN SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF EXHIBITS TO A LETTER SENT BY PLAINTIFF VEN-A-CARE OF THE FLORIDA KEYS TO HCFA

Defendant Bristol-Myers Squibb Company ("BMS") submits this reply brief in support of its motion pursuant to Fed. R. Civ. P. 34 and 37 to compel the production of two volumes of exhibits to an October 1996 letter that plaintiff Ven-A-Care of the Florida Keys ("Ven-A-Care") sent to Dr. Bruce Vladeck of the Health Care Financing Administration ("HCFA"), advising HCFA of the purported AWP fraud alleged in these cases (the "Ven-A-Care Letter").

These documents are important to the current summary judgment briefing in the MDL class action, *Citizens for Consumer Justice, et al. v. Abbott Laboratories, Inc., et al.*, because they show that the federal government was aware of spreads between acquisition cost and AWP exceeding the 30% threshold posited by the class plaintiffs' expert, Dr. Raymond Hartman, for finding liability. Indeed, The Ven-A-Care Letter demonstrates that the government was aware of spreads in excess of 1000% in some cases.[1] The Letter itself, which is already before the

---

[1] In her decision granting plaintiffs' motion to certify a class for physician-administered drugs, Judge Saris relied heavily on her conclusion that there was no evidence that the government was aware of what Judge Saris called "megaspreads". The Ven-A-Care Letter, with its exhibits, shows that the government was aware of megaspreads.

Court, identifies a handful of drugs that fit this description, but it makes clear that additional drugs are identified in the exhibits.[2]

## Argument

Ven-A-Care does not dispute that it is in possession of the exhibits to the Ven-A-Care Letter, that the exhibits are highly relevant to the summary judgment motion in the class case, and that it would be easy for Ven-A-Care to produce the exhibits to BMS. Its only objections to the motion to compel are (1) that BMS' telephone and e-mail requests for the exhibit volumes do not qualify as a formal Fed. R. Civ. P. 34 demand upon which a Rule 37 motion to compel may be based and (2) that discovery has been stayed in the California Attorney General's case, *State of California, ex. rel. Ven-A-Care of the Florida Keys*, 01-12257-PBS pending a motion to dismiss in that case. Both of those arguments may be quickly rejected.

The premise upon which the first objection is based is simply false. No formal request is necessary before this Court can compel Ven-A-Care to produce the documents. Ven-A-Care's attempt to distinguish *Fin. Bldg. Consultants, Inc. v. Am. Druggists Ins. Co.*, 91 F.R.D. 59, 61-62 (D. Ga. 1981) on the basis that the informal document request was made at the "suggestion" of the Court is not persuasive. There was no Court order for discovery; rather, the Court found that informal requests can qualify as document demands under Rule 34 and/or support a motion to compel under Rule 37.[3]

---

[2] The expedited production of the exhibit volumes to the Ven-A-Care Letter has recently become even more critical to the resolution of the summary judgment motions before Judge Saris as plaintiffs' counsel in the class case have objected to the use of the Letter without the exhibits.

[3] Ven-A-Care does not even respond to BMS' citation of *Wayne D. Brazil 7 Moore's Federal Practice* § 37.03 (3d ed. 2005), stating "…requests for production should not be read or interpreted in an artificially restrictive or hyper-technical manner to avoid disclosure of information fairly covered by the discovery request, and doing so exposes the responding party, its counsel, or both to sanctions." In other words, there is no reason why BMS' written e-mail request for the exhibit volumes cannot serve as a Rule 34 demand.

2

Ven-A-Care's second objection is also meritless. BMS is not seeking discovery in the *State of California* case; it is seeking discovery in the class case, *Citizens for Consumer Justice.* Thus, the discovery in no way violates Judge Saris' CMO 18 staying discovery in *State of California.* Indeed, BMS could have as easily sent Ven-A-Care a Rule 45 subpoena for the exhibit volumes in *Citizens for Consumer Justice*; the only reason it did not do so was that Ven-A-Care was already subject to this Court's jurisdiction as a plaintiff in a companion case before it.

In sum, Ven-A-Care's objections to the motion to compel should be overruled as hyper-technical gamesmanship unbecoming of a practitioner before this Court. Alternatively, if the Court wishes, it could (a) deem BMS' motion to compel a Rule 34 request and use the Court's power under Rule 34(b) to shorten the time for a response (b) order the parties to proceed under Rules 34(c) and 45 in *Citizens for Consumer Justice* on an abbreviated schedule and/or (c) use its inherent powers to control its docket and calendar to allow for this discovery. *Nat'l Gas Pipeline Co. of Amer. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406-09 (5th Cir. 1993); *See also Producers Releasing Corp. De Cuba v. PRC Pictures, Inc.*, 176 F.2d 93, 95 (2nd Cir. 1949) ("...it seems very reasonable to suppose that a court has inherent power to compel a party to produce, without the issuance of a subpoena, documentary evidence within his control and known to be relevant.) Since BMS' final brief on summary judgment in *Citizens for Consumer Justice* is due on Friday, April 28, 2006, BMS respectfully submits that it needs a copy of the exhibits by Wednesday, April 26, 2006 to be able to meet the deadline.

## Conclusion

For the reasons set forth above, BMS respectfully requests an order:

1. Compelling Ven-A-Care of the Florida Keys to produce, on or before April 26, 2006, the two volumes of exhibits referred to in its letter to Dr. Bruce Vladeck of HCFA dated October 2, 1996.

2. Such other relief the Court may deem to be just, including without limitation, BMS's reasonable attorneys' fees and costs incurred in making the instant motion.

Dated:  Boston, Massachusetts
April 25, 2006

Respectfully Submitted,

By:  /s/ Jacob T. Elberg
Thomas E. Dwyer (BBO No. 139660)
Jacob T. Elberg (BBO No. 657469)
**DWYER & COLLORA, LLP**
600 Atlantic Avenue
Boston, MA  02210
Tel: (617) 371-1000
Fax: (617) 371-1037
tdwyer@dwyercollora.com
jelberg@dwyercollora.com

Steven M. Edwards (SE 2773)
Lyndon M. Tretter (LT 4031)
Admitted *pro hac vice*
**HOGAN & HARTSON LLP**
875 Third Avenue
New York, NY  10022
Tel: (212) 918- 3640

Attorneys for Defendant Bristol-Myers Squibb Company

## CERTIFICATE OF SERVICE

I, Lyndon M. Tretter, certify that a true and correct copy of the foregoing was delivered to all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending on April 25, copies to Lexis-Nexis for posting and notification to all parties.

/s/ Lyndon M. Tretter
Lyndon M. Tretter
