

**Kirkpatrick & Lockhart Nicholson Graham LLP**

State Street Financial Center
One Lincoln Street
Boston, MA  02111-2950
617.261.3100
Fax 617.261.3175
www.klng.com

April 28, 2006

Michael DeMarco
617.951.9111
Fax:  617.261.3175
mdemarco@klng.com

**By E-Mail and First-Class Mail**

Gary S. Starr, Esq.
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103-1919

Re:   In re Pharmaceutical Industry Average Wholesale Price Litigation
      MDL 1456

Dear Gary:

There is no dispute that NHIC agreed to produce the following materials by April 1, 2006:

- The contracts between BCBSMA and CMS to provide Part B carrier services for Massachusetts, and

- Any agreements between BCBSMA and NHIC concerning the transfer of the Part B carrier business from BCBSMA to NHIC in 1997-1998.

Indeed, in the transmittal letter that we received on April 17, 2006, your associate Ben Wattenmaker represented that these items were included among the 694 pages of documents delivered that day.  Having examined this set of documents and locating nothing of this kind, however, we requested in my April 19, 2006 letter to you that NHIC identify these items by bates number, immediately produce them, or provide a declaration describing with particularity its efforts to identify and confirming its inability to produce these documents.  In this regard, your April 21, 2006 letter is completely unresponsive.

Further, it can not be said that NHIC did not agree to produce the following by April 10, 2006:

- All claims manuals and any written guidelines for its Medicare Part B reimbursement payments to providers, and

- The identity of all sources utilized to determine AWPs for the subject drugs as set forth in our October 2005 subpoenas.

Our agreement of March 28, 2006, was memorialized in a series of emails exchanged late that evening and during the following morning.  These items were listed in the 8:09 pm email from James Muehlberger to you and all of other participants in our negotiation.  You agreed to the terms exchanged in these emails at the outset of the March 29, 2006 hearing.

BOS-963601 v1 5544510-0903

BOSTON • DALLAS • HARRISBURG • LONDON • LOS ANGELES • MIAMI • NEWARK • NEW YORK • PALO ALTO • PITTSBURGH • SAN FRANCISCO • WASHINGTON



**Kirkpatrick & Lockhart Nicholson Graham LLP**

Gary S. Starr, Esq.
April 28, 2006
Page 2

In your April 21, 2006 letter, you represented that NHIC did not make use of any "claims manuals," but that it did have both "external" and "internal" guidelines for its Medicare Part B reimbursement payments to providers. You further represented that the external guidelines were posted at www.medicarenhic.gov, but no such website appears to exist. If you meant www.medicarenhic.**com**, this response is not sufficient because it improperly attempts to shift the burden to us to search for and locate NHIC's external guidelines concerning Medicare Part B reimbursement for physician administered drugs. Having acknowledged that these external guidelines are readily available to NHIC, and given NHIC's prior agreement to produce these guidelines by April 10, 2006 (eighteen days ago), these documents need to be produced without any further delay.

As for the internal guidelines, to the extent that they are responsive to items 3, 7, 8, 9, 10, or 13 of the October 27, 2005 document subpoena, NHIC is obligated to identify and produce them. Given your representation that responsive materials are maintained by employees in their individual files or on their individual PCs, NHIC needs to instruct its employees to search for and identify the claim processing materials responsive to these document requests and, in turn, produce these documents to us.

Furthermore, your April 21, 2006 letter confuses the October 28, 2005, 30(b)(6) subpoena with the October 27, 2005 document subpoena. As I explained in my letter of April 19, 2006, NHIC's production of documents responsive to the areas of inquiry for which it has agreed to produce 30(b)(6) designees would be responsive, in part, to items 1-6, 15, 17-18, and 26-27 in the October 27, 2005 document subpoena and would include any and all Medicare Part B fee schedules for physician administered drugs. NHIC needs to identify and produce these documents without any further delay. We will reimburse NHIC for the costs of retrieving responsive records from its archives and for copying costs up to 10 cents per page.

Relatedly, while you represent that NHIC has agreed to produce the complete Iron Mountain index of the records for which it assumed custody and control as a result of the transfer of the Massachusetts Part B carrier business from BCBSMA, your representation that this index was created "almost eight years ago" is belied by the excerpt that you previously provided to us. This six-page excerpt states that it was generated on August 2, 2002 – less than four years ago. All indications are that the index does, in fact, exist, or that Iron Mountain could readily print another one and, given your agreement to produce it, the index should be delivered to us immediately.

Finally, we did in fact agree to specific hourly rates and caps on paralegal and attorney time related to the review of the BCBSMA cost center 9132 records. The proposed hourly rates and caps were discussed during an April 10, 2005 telephone conversation between Nick Mizell and Ben Wattenmaker and memorialized in my April 11, 2006 letter to you. We have since



Kirkpatrick & Lockhart Nicholson Graham LLP

Gary S. Starr, Esq.
April 28, 2006
Page 3

determined that contract paralegals are available for basic document and privilege review at the rate of $30-$35 per hour and therefore conclude that our agreement to pay up to $80 per hour was and remains fair and reasonable. Moreover, your paralegal inappropriately devoted hours of time reviewing documents for personally identifiable health information despite our repeated explanation to you that NHIC's document production would be subject to the protections of the Court's June 9, 2004 Protective Order Governing Confidential Health Information. Her review was to be solely concerned with identifying documents potentially subject to attorney-client privilege and we will not pay for time inappropriately devoted to reviewing the documents for any other information.

Please let us know by 10:00 am EDT, May 1, 2006, whether and when NHIC will produce the documents discussed above. We will otherwise deem our meet and confer obligations satisfied, renew our motion to compel and seek the remedies provided by Rules 37(a)(4) and 45(e) of the Federal Rules of Civil Procedure.

Yours sincerely,

Michael DeMarco

MDM/AEB/gmf

cc:    James P. Muehlberger, Esq.
        Nicholas P. Mizell, Esq.
        Michael D. Ricciuti, Esq.
        Aimée E. Bierman, Esq.
        Leslie M. Stafford, Esq.
        Andy J. Mao, Esq.
        Benjamin M. Wattenmaker, Esq.