**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE:415.268.7000
FACSIMILE:415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

April 21, 2006

Writer's Direct Contact
415.268.6848
TCheung@mofo.com

*Via Hand Delivery*

The Honorable Judge Patti B. Saris
United States District Court for the District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

Re: *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456,
Civ. No. 01-12257-PBS and *New England Carpenters Health Benefits Fund, et al. v.
First DataBank, et al.*, Civ. No. 05-11148-PBS

Dear Judge Saris:

McKesson Corporation ("McKesson"), a national drug wholesaler, is a defendant in
the action currently pending before this Court entitled *New England Carpenters Health
Benefits Fund, et al. v. First DataBank, et al.*, Civ. No. 05-11148-PBS (the "Related
Action"). McKesson is *not* a party in any of the cases before this Court in the MDL
proceeding entitled, *In re Pharmaceutical Industry Average Wholesale Price Litigation*,
MDL No. 1456, Civ. No. 01-12257-PBS ("MDL"). Three of the four plaintiffs in the
Related Action, however, are plaintiffs in the MDL class action, and represented by the same
counsel in both actions.

On March 23, 2006, McKesson and plaintiffs in the Related Action moved in both the
MDL and in the Related Action for modification of the MDL Protective Order to enable
relevant portions of the already-developed record in the MDL to be used in the Related
Action. Pursuant to this joint motion, the Court entered the proposed order in the Related
Action, modifying the MDL Protective Order to permit the parties in the Related Action to
use discovery produced in the MDL to the extent discoverable in the Related Action. (*See*
Order entered March 28, 2006). Meanwhile, on April 6, 2006, the MDL defendants filed a
brief opposing this modification to the MDL Protective Order ("Opposition Brief"). The
purpose of this letter is to set forth McKesson's response to the manufacturers' Opposition
Brief.[1]

---

[1] Because McKesson is not a party in the MDL, it cannot file a brief in response to the manufacturers'
Opposition Brief. McKesson therefore respectfully requests leave to submit this letter for consideration in

sf-2113001

**MORRISON | FOERSTER**

The Honorable Patti B. Saris
April 21, 2006
Page Two

Specifically, modification of the MDL Protective Order will not provide unfettered use of the MDL production, but only the use of the MDL production that is discoverable in the Related Action. Moreover, access to and use of relevant MDL discovery is the most efficient and least burdensome means for proceeding with discovery in the Related Action. Indeed, it is the very process this Court in the Related Action suggested should be followed.

### A.    Modification to the MDL Protective Order is Narrowly Tailored to Permit Use Only of Overlapping Information Discoverable in the Related Action.

The manufacturers assume that modification of the MDL Protective Order will mean that McKesson will automatically have access to and "unlimited use" of all MDL discovery. (*See* Opposition Brief at 2, 4-6 (asserting arguments regarding the Related Action parties' "access to" MDL discovery).) The manufacturers misapprehend the effect of the modification. The modification is narrowly drawn to permit only use in the Related Action of "information produced or exchanged in the AWP MDL, *which is discoverable in* . . . the 'Related Action.'" (*See* Exhibit A, Proposed Order modifying MDL Protective Order, at 1, Mar. 23, 2006, emphasis added.) Thus, only MDL information that is "relevant to the claim or defense of any party" can be used in the Related Action. *See* Fed. R. Civ. P. 26(b)(1). Contrary to the manufacturers' suggestion, the modification does not provide for any party's access to MDL discovery.

Some portion of the MDL record will clearly be discoverable in the Related Action because the Related Action involves issues that overlap with the issues in the MDL. For example, as in MDL, plaintiffs purport to represent a class of Third Party Payors and consumers that allegedly paid more in drug reimbursements than they should have because of AWP-related misrepresentations. The same type of RICO and state claims brought in MDL are alleged in the Related Action. The drugs for which overcharges are claimed in the Related Action overlap with the drugs included in the MDL. On the other hand, not all of the MDL production is likely to be relevant in the Related Action. For example, the Related Action involves claims related to alleged misrepresentations of the AWPs for self-administered drugs, but not physician-administered drugs. Also, while there is overlap in the time periods at issue in the two cases, the time period of the claims in the MDL case start in 1991, whereas the purported class period of the Related Action begins in 2002.

Accordingly, while there's an overlap in the issues and claims, McKesson assumes that substantial portions of MDL discovery will likely not be relevant to the Related Action. In fact, McKesson is attempting to work out an agreement with both the plaintiffs and the

connection with the March 23, 2006 Motion for Modification of the MDL Protective Order (MDL Docket Entry No. 2318).

sf-2113001

**MORRISON | FOERSTER**

The Honorable Patti B. Saris
April 21, 2006
Page Three

manufacturers regarding which MDL discovery would be appropriately produced in the
Related Action.[2] If the parties cannot reach an agreement, these issues will be submitted to
the Court for resolution in the Related Action.

## B.    The Requested Modification is the Most Efficient and Least Burdensome Approach to Handling the Overlapping Discovery.

If the Court were to deny modification of the MDL Protective Order, neither party in
the Related Action would be allowed to use any discovery from the MDL. Given the
common issues in the MDL and the Related Action, the production of relevant, already
collected discovery will promote efficiency for the benefit of all parties involved, including
the parties in the Related Action and in the MDL. If barred from using the relevant portions
of the MDL record, McKesson as well as plaintiffs would be required to seek discovery from
dozens of MDL parties and third parties that have already provided documents and
deposition testimony in the MDL. As a result, these parties and third parties in the MDL
would be unnecessarily burdened by additional discovery requests from plaintiffs and from
McKesson.

## C.    Allowing Access to and Use of MDL Discovery Will Level the Playing Field in the Related Action.

Currently, plaintiffs have access to all the MDL discovery because three of the
Related Action plaintiffs are also plaintiffs in the MDL and plaintiffs in both cases are
represented by the same counsel. Plaintiffs' counsel have had access to the MDL discovery
for years and have had ample opportunity to become familiar with the MDL discovery that is
relevant to the Related Action. In contrast, McKesson, as a newly named defendant, is the
only party with no access to relevant MDL discovery. This situation seriously prejudices
McKesson, particularly in light of the accelerated class certification schedule (plaintiffs'
motion is due June 1; McKesson's opposition is due July 1) set at the February 9, 2006 status
conference in the Related Action. Modification of the MDL Protective Order would
therefore help level the playing field in the Related Action.

In their Opposition Brief, the manufacturer defendants urge that to the extent there is
any overlap in the discovery necessary for both cases, use of the MDL discovery in the

---

[2] McKesson attempted to obtain an index of the MDL information from plaintiffs but was told none existed.
McKesson then attempted to reach agreement with the plaintiffs regarding a mechanism through which
McKesson's counsel (after entry of the modification to the MDL Protective Order) could inspect MDL
discovery and then designate the specific discovery it believed was relevant, subject to resolution of any
disputes by the Court. Plaintiffs, however, declined. McKesson has also contacted the manufacturer
defendants in an attempt to alleviate their concerns and to agree on a process by which McKesson's outside
counsel could inspect portions of the MDL discovery to determine what information it believed was relevant to
the Related Action. McKesson has not yet reached an agreement with the MDL manufacturers on this issue.

MORRISON | FOERSTER

The Honorable Patti B. Saris
April 21, 2006
Page Four

Related Action "should be dealt with on a case-by-case basis . . . ." (Opposition Brief, at 5.)
That would require McKesson to perform the impossible task of identifying discovery "case-by-case" without knowing what discovery has been developed in the MDL. Plaintiffs in the
Related Action may be in a position to do so since they have had access to all of the MDL
discovery and the ability to evaluate what MDL discovery is relevant to their case.
McKesson is not. Following the manufacturers' suggestion would seriously prejudice
McKesson, and its ability to adequately and fairly defend itself in the Related Action.

**D.      Any Confidential Information Produced in the Related Action Will Be
         Afforded Protections Equivalent to Those Afforded Under the MDL
         Protective Order.**

The manufacturers claim that third parties who provided information in the MDL
would be prejudiced by the proposed modification at this stage. (Opposition Brief, at 7.)
Third party information, however, will be afforded protections equivalent to those afforded
under the MDL Protective Order. The parties in the Related Action are bound by those
requirements. (*See* Exhibit A, Proposed Order modifying MDL Protective Order.) The
manufacturers' concern should not therefore preclude the Court from allowing the
modification requested.

To the extent the Court determines that notice to the third parties is necessary, a
process can be established for such notice and an opportunity to be heard.

**E.      The Proposed Modification is the Very Process Suggested by the Court
         for Handling the Overlapping Issues in the MDL and the Related Action.**

The Protective Order modification provides the most efficient means of handling the
overlap between the actions, consistent with the Court's guidance on this issue. At the
February 9, 2006 status conference in the Related Action, the Court referenced the potential
relevance of "the things [it] saw last time" in the MDL and stated: "I think it's either all
publicly available, and if it's not, move to either make it publicly available or to come in
under the protective order." (*See* Exhibit B, Status Conf. Tr. 16:1, 5-7, Feb. 9, 2006.) The
record considered for class certification in the MDL is not "all publicly available" as the
public file shows that much of the MDL record is subject to the Protective Order. Thus,
consistent with the Court's direction and with promoting judicial efficiency, modification to
the MDL Protective Order is needed to address the relevant portions of the MDL record that
are not publicly available.

sf-2113001

**MORRISON | FOERSTER**

The Honorable Patti B. Saris
April 21, 2006
Page Five

For each of the foregoing reasons, McKesson respectfully requests that the Court order the modification to the MDL Protective Order in the MDL action.[3]

Respectfully submitted,

Melvin R. Goldman

cc:   *Via E-mail*
      Counsel of record for Plaintiffs in the Related Action
      Counsel for Track I and Track II Manufacturers in the MDL

---

[3] If the Court does not enter the proposed order in the MDL action, it should vacate the parallel Order, dated March 28, 2006, in the Related Action to enable a level playing field among the parties to that case.

sf-2113001