## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL NO. 1456 Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS | ) ) ) ) | Judge Patti B. Saris |

## AMGEN INC.'S MOTION FOR PROTECTIVE ORDER RELATING TO PLAINTIFFS' RULE 30(B)(6) DEPOSITION REGARDING SALES AND MARKETING

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and CMO No. 10, Defendant Amgen Inc. ("Amgen") hereby moves for a protective order precluding plaintiffs from requesting additional witnesses pursuant to the Notice of Rule 30(b)(6) Deposition to Amgen Inc. Regarding Sales and Marketing, served on April 19, 2006 (the "April 19 notice").

Plaintiffs' April 19 notice, filed more than four months after the formal close of fact discovery, is untimely.  Fact discovery in the Track 2 case formally ended on December 3, 2005.  Although Amgen agreed to permit certain limited discovery to go forward after the December 2005 cutoff – specifically, depositions of a limited number of *fact* witnesses that could not be noted prior to plaintiffs' completion of their review of defendants' documents – it made clear that it would not permit plaintiffs to undertake depositions or other discovery that was not properly noted prior to the December 3, 2005 deadline.[1]

---

[1]     Plaintiffs in fact served four Rule 30(b)(6) deposition notices prior to the discovery cutoff: *See* Amended Notice of Rule 30(b)(6) Deposition (4/2/04) (pricing, information systems and

Nevertheless, plaintiffs are now seeking a fifth Rule 30(b)(6) depostion relating, broadly speaking, to Amgen's sales and marketing practices.  *See* Notice of Rule 30(b)(6) Deposition to Amgen Inc. Regarding Sales and Marketing (4/19/06)(attached hereto as Exhibit 1).  The Notice includes:

- **Sales and Marketing**, including staff organization, document generation and the identification of supervisory personnel.
- **Marketing Plans**, including how marketing plans are created, how they are distributed, how they are stored and maintained, and the use of consultants in marketing plan preparation.
- **Sales**, including types of information generated, how sales documents are created, how they are distributed, how they are stored and maintained, the use of consultants, information about the sales campaigns undertaken in 1991, and the scope of sales representative files Amgen maintains in its normal course of business.

The areas of inquiry set out in the April 19 notice are in no way dependent upon plaintiffs' ongoing review of Amgen's documents.  Instead, the areas included in the notice are broad and general, and could just as easily have been noticed and pursued at any time prior to the close of discovery.  More concerning, the notice appears designed to identify *additional* custodians and *additional* documents at a time when, as the Court is keenly aware, the parties are working toward completing outstanding fact discovery, consistent with the Court's direction at the last hearing to work to wrap things up.[2]  While Amgen has agreed

---

retention); Notice of Rule 30(b)(6) Deposition (4/20/05) (pricing/documents); Notice of Rule 30(b)(6) Deposition to Amgen Regarding Sales Related Financial Data (4/20/05); and Notice of Rule 30(b)(6) Deposition (7/12/05) (other litigation).  Plaintiffs took three depositions pursuant to their initial request over the course of two days on May 26-27, 2004, but agreed to postpone or cancel the other depositions.

[2]     As the Court may recall, Amgen and plaintiffs were before the Court on March 29, 2006, on a motion to compel production.  At that time, the Court granted limited relief by enlarging

to permit plaintiffs to note a limited number of fact witnesses for deposition after

the completion of any outstanding productions, it is unwilling to extend to them an

open-ended invitation to conduct whatever additional discovery they may please for

as long as they may please.

      At some point, discovery in this case must end. That point, with

limited exceptions, came and went in December 2005. Plaintiffs can offer no

justification for their delay in noticing the deposition. The April 19 notice is thus

untimely, and the deposition should not be permitted to go forward. *See*

Fed.R.Civ.P. 26(c) (a party from whom discovery is sought may move the court,

upon "good cause shown," for a protective order to prevent "annoyance,

embarrassment, oppression, or undue burden or expense, including … (1) that the

disclosure or discovery not be had").

      Respectfully submitted,

Frank A. Libby, Jr.
Douglas S. Brooks
Kelly, Libby & Hoopes, P.C.
175 Federal Street, 8th Floor
Boston, Massachusetts 02110
Telephone: (617) 338-9300
Facsimile: (617) 338-9911

---

the relevant time frame for plaintiffs' production, but ordered the parties back to the table in an
effort to narrow the scope of plaintiffs' Omnibus requests. At that time, the Court indicated its hope
that discovery could be narrowed – not broadened – and that any supplemental production could be
completed in May. Amgen respectfully submits that plaintiffs' most recent notice is inconsistent
with that direction.

Joseph H. Young
Steven F. Barley
Hogan & Hartson, L.L.P.
111 S. Calvert Street, Suite 1600
Baltimore, Maryland 21202
Telephone: (410) 659-2700
Facsimile: (410) 539-6981

Dated: May 3, 2006

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Amgen Inc.'s
Motion for Protective Order Relating to Plaintiffs' Notice of Rule 30(b)(6) Deposition
to Amgen Inc. Regarding Sales and Marketing was, this 3rd day of May, 2006,
served electronically via Lexis/Nexis on all counsel of record in this matter.

_____
Joseph H. Young

## LOCAL RULES 7.1(A)(2) AND 37.1 (B) CERTIFICATION

I hereby certify that I have attempted to comply with Local Rules
7.1(A)(2) and 37.1(B) by attempting to confer with counsel for the plaintiffs, in a
good faith effort to resolve or narrow the areas of disagreement set forth in the
attached motion but was unable to reach counsel prior to the filing deadline.  I will
continue to attempt to reach counsel and will file, as necessary, an amended
certification.

_____
Joseph H. Young

4