## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| ALL ACTIONS | Judge Patti B. Saris |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CERTIFY CLAIMS WITH RESPECT TO TRACK 2 DEFENDANTS**

### I. INTRODUCTION

The Court has engaged in an exhaustive examination on the issues involving class certification culminating in its August 16, 2005 Order. After issuing that Order, the Court instructed plaintiffs to file a proposed class certification order, an amended complaint and to produce documents indicating that the proposed representatives had purchased a drug at issue in the case ("Subject Drug"). A hearing was then conducted that focused on the narrow issues of: did the proposed class representative pay for a Subject Drug and therefore satisfy the adequacy and typicality requirements of Rule 23(a).

Plaintiffs, pursuant to the Court's Order of April 3, 2006 regarding the Track 2 class motion, believe that adequacy and typicality are the only open issues as to the class motion now directed at the Track 2 Defendants.

Plaintiffs proffer as Track 2 representatives some of the previously approved class representatives for the Track 1 Defendants: as Class 1 representatives, the Estate of Robert

Howe, the Estate of Patricia Young, Susan Aronson, Sheet Metal Workers National Fund ("Sheet Metal") for Class 2, and Pipefitters Local 537 Trust Funds ("Pipefitters") for Class 3.  Each of these plaintiffs have been certified as a class representative with respect to the Track 1 Defendants.  Therefore, there are no possible typicality or adequacy issues.  Nor, as discussed below, are there any such issues with respect to the new class representatives proposed for Class 1.

## II.   ARGUMENT

### A.   Each of the Class Representatives is Typical

Plaintiffs proffer eight individuals as class representatives for Class 1.  Each paid for a Medicare Part B covered drug and has claims typical to those of any other Class 1 member who paid for a Subject Drug.  The showing for each is set forth in the Declaration of Donald E. Haviland, Jr., Esquire in Support of Plaintiffs' Motion to Certify Claims With Respect to Track 2 Defendants ("Haviland Decl.").  The Haviland Declaration establishes that each representative paid for a subject drug manufactured by the Track 2 Defendants as follows:

| | |
|---|---|
| Joyce Howe and Robert Howe: | Previously certified for Track 1.  Mr. Howe then passed away.  The Howes paid for a drug manufactured by Abbott, Baxter, Fujisawa, Immunex and Watson. |
| Larry Young and Estate of Patricia Young: | Larry Young was previously approved as a Class 1 representative and paid for drugs sold by Pharmacia, Aventis and Fujisawa. |
| Hunter Walters: | Is 92 years old and takes a drug manufactured by Dey for which he made co-payments. |
| Harold Carter: | Is 74 years old and paid for Amgen's Aransep. |

| | |
|---|---|
| Roger Clark and Estate of David Clark: | David Clark passed away from prostate cancer shortly before his deposition and his estate continues as the proposed class representative. Mr. Clark paid for drugs manufactured by Baxter, Fujisawa, Sicor and Watson. |
| Susan Ruth Aronson | Susan Ruth Aronson was previously certified as a Class 1 representative and now is proffered as a representative for Amgen. |
| Harold Bean | Mr. Bean is 85 years old, participates in Medicare Part B, and has paid for drugs manufactured by Abbott, Amgen, Baxter, Dey, Fujisawa, Pharmacia and Warrick. |

Plaintiffs proffer Sheet Metal as the Class 2 representative. Sheet Metal's payment for Track 2 drugs is set forth in the Affidavit of Glenn Randle ("Randle Aff."). Mr. Randle, after searching the records, has identified that Sheet Metal made payments for drugs manufactured by Track 2 Defendants Abbot, Amgen, Aventis, Baxter, Dey, Fujisawa, Gensia, Immunex, Pharmacia, Pfizer, Sicor and Watson. Randle Aff., ¶¶ 5-7, Exhibit 2.

Plaintiffs proffer Pipefitters Local 537 Trust Funds ("Pipefitter") as the Class 3 representative. Pipefitters currently is the Class 3 representative for Track 1. Its purchases of Subject Drugs is set forth in the Declaration of Charles Hannaford. Pipefitters has paid for drugs manufactured by all Track 2 Defendants except Pfizer and Gensia.

### B.  Each of the Proposed Representatives is Adequate

Rule 23(a)(4) requires that the representative parties will "fairly and adequately protect the interests of the class." This requirement is satisfied when (1) the class representative's attorneys are qualified, and (2) the class representative has no interests conflicting with the class. *Sosna v. Iowa*, 419 U.S. 393, 403 (1975); *Curtis v. Commissioner, Me. Dep't of Human Servs.*, 159 F.R.D. 339, 341 (D. Me. 1994).

### a.     Plaintiffs' counsel are qualified

The Court has already approved counsel so this element is satisfied.

### b.     Plaintiffs' interests do not conflict with the interests of the Class

Neither the proposed Class representatives nor their counsel have any interests that are antagonistic to those of the absent Class members.  The central issues in this case – the existence, unlawfulness and effect of Defendants' scheme to manipulate the AWP of the drugs at issue – are common to the claims of plaintiffs and the other members of the Class.  Each representative plaintiff, like each absent Class member, has a strong interest in proving defendants' scheme, establishing its unlawfulness, and demonstrating the impact of the illegal conduct.  As plaintiffs prove their own claims, they also will be proving the claims of thousands of absent Class members.  There is no conflict between the plaintiffs and the absent Class members, so plaintiffs satisfy the requirements of Rule 23(a)(4).

## III.    CONCLUSION

Based on the exhaustive analysis of the Rule 23 requisite already undertaken and synthesized in the Court's orders and the report of Dr. Berndt, and based on the showing of typicality and adequacy made by these plaintiffs, plaintiffs' motion should be granted.

DATED: May 8, 2006.

By    /s/ Steve W. Berman
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Allan Hoffman
Edelson & Associates LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

                    Shanin Specter
                    Donald E. Haviland, Jr.
                    Kline & Specter, P.C.
                    1525 Locust Street, 19th Floor
                    Philadelphia, PA  19102
                    Facsimile:  (215) 772-1359
                    Telephone:  (215) 772-1000

                    **CO-LEAD COUNSEL FOR PLAINTIFFS**

- 7 -

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE
Docket No. MDL 1456

     I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on May 8, 2006, I caused copies of **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CERTIFY CLAIMS WITH RESPECT TO TRACK 2 DEFENDANTS** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.

                                        **/s/ Steve W. Berman**
                                        Steve W. Berman