# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

_____,

THIS DOCUMENT RELATES TO:

*The City of New York v. Abbott Labs, et al.*
(S.D.N.Y. No. 04-CV-06054)
*County of Suffolk v. Abbott Labs, et al*
(E.D.N.Y. No. CV-03-229)
*County of Westchester v. Abbott Labs, et al.*
(S.D.N.Y. No. 03-CV-6178)
*County of Rockland v. Abbott Labs, et al.*
(S.D.N.Y. No. 03-CV-7055)
*County of Putnam v. Abbott Labs, et al.*
(S.D.N.Y. No. 05-CV-04748)
*County of Dutchess v. Abbott Labs, et al.*
(S.D.N.Y. No. 05-CV-06458)
*County of Washington v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00408)
*County of Rensselaer v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00422)
*County of Albany v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00425)
*County of Warren v. Abbott Labs, et al*
(N.D.N.Y. No. 05-CV-00468)
*County of Greene v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00474)
*County of Saratoga v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00478)
*County of Columbia v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00867)
*Essex County v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00878)
*County of Chanango v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00354)
*County of Broome v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00456)
*County of Onondaga v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00088)
*County of Tompkins v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00397)

MDL NO. 1456

Civil Action No 01-12257-PBS

Judge Patti B. Saris

*County of Cayuga v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00423)
*County of Madison v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00714)
*County of Cortland v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00881)
*County of Kerkimer v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00415)
*County of Oneida v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00489)
*County of Fulton v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00519)
*County of St. Lawrence v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00479)
*County of Jefferson v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00715)
*County of Lewis v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00839)
*County of Chautauqua v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06204)
*County of Allegany v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06231)
*County of Cattaraugus v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06242)
*County of Genesee v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06206)
*County of Wayne v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06138)
*County of Monroe v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06148)
*County of Yates v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06172)
*County of Niagara v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06296)
*County of Seneca v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06370)
*County of Orleans v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06371)
*County of Ontario v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06373)
*County of Schuyler v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06387)
*County of Chemung v. Abbott Labs, et al.*
(W.D.N.Y. No. 05-CV-06744)
AND

CHI-1531176

*County of Nassau v. Abbott Labs, et al.*
(E.D.N.Y. No. 04-CV-5126)

**DEFENDANT TAP PHARMACEUTICAL PRODUCTS INC.'S
REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' JOINT MOTION TO DISMISS**

Defendant TAP Pharmaceutical Products Inc. ("TAP") submits this reply in further support of its motion to dismiss the city of New York and the New York Counties' (hereinafter collectively referred to as the "New York Counties") claims related to Lupron®.

Plaintiffs are correct when they concede, in their opposition at page 1, that their Lupron®-related claims are barred through December 3, 2001.  But they have not gone far enough. Instead, they seek to avoid the inevitable dismissal of their post-December 3, 2001 Lupron®-related claims by asserting that TAP has cited no authority for the Lupron® settlement class definition.  Plaintiff's argument is frivolous.  The Lupron® settlement class definition, quoted verbatim and in full on the second page of TAP's opening brief, was initially set out in the Settlement Agreement and Release dated November 15, 2004, on pages 4 and 5 at Paragraph 1. This entire Settlement Agreement and Release, which has been part of the MDL 1430 public record since November 2004, was incorporated by reference by Judge Stearns in his August 26, 2005 Order, thereby making the class definition a part of the Final Order and Judgment. Contrary to Plaintiffs' argument, the August 26, 2005 Order, on which TAP relies, is the authority for the applicable class definition and for TAP's motion to dismiss Plaintiffs' Lupron®-related claims.  Although the Final Order was attached as Exhibit B to TAP's Supplemental Memorandum In Support Of Defendants' Joint Motion To Dismiss ("TAP's Opening Brief"), only excerpts of the Settlement Agreement were attached and those excerpts did not include pages 4 and 5 on which the class definition, quoted in TAP's motion, is found.  The entire Settlement Agreement, without its exhibits, is attached as Exhibit A hereto, in order to put to rest any further attempts to avoid the impact of the Lupron® settlement and Judge Stearns' Final Order and Judgment.

- 1 -

The New York Counties do not and cannot otherwise take issue with the fact that they were part of the class and have released their Lupron®-related claims.  The New York Counties fit squarely within the class definition:  "All individuals or entities who, during the Class Period, [January 1, 1985 through March 31, 2005], made Lupron® Purchases…" (Class Agmt. ¶1, attached as exhibit A).  According to their complaint, the NY Counties made Lupron® Purchases during the relevant time period which are defined as "payment or reimbursement, direct or indirect, for all or part of the cost of Lupron® prescribed, provided or administered in the United States" (Class Agmt. ¶2(t)).  The NY Counties were not among the group of class members who had "opted-out" of the class (Exhibit A to the August 26, 2005 Order attached to TAP's opening brief as Exhibit B).  Therefore, inclusion in the class makes the New York Counties Releasors of TAP as to Lupron®-related claims under the release provisions of the Class Agreement (*Id.* at ¶10; Class Agmt. ¶2(y)).

Moreover, insofar as they are attempting to prosecute Lupron®-related claims in this action, the New York Counties are in direct violation of the permanent injunction issued by Judge Stearns in his August 26, 2005 Order (August 26, 2005 Order, exhibit B to TAP's opening brief, ¶18).  The New York Counties have released their Lupron®-related claims and have been specifically enjoined from continuing to prosecute them.  There can be no alternative but to dismiss these claims.

Accordingly, for the foregoing reasons and those identified in TAP's Supplemental Memorandum In Support Of Defendants' Joint Motion To Dismiss, TAP respectfully requests that this Court dismiss with prejudice all claims related to Lupron® in the Consolidated Complaint (of New York City and all plaintiff New York Counties other than Nassau) and the Second Amended Complaint of Nassau County, and dismiss all other claims against TAP,

CHI-1531176

including claims relating to Prevacid and Prevpac Patient Packs for the reasons set forth in

Defendants' Joint Memorandum of Law in Support of the Motion to Dismiss (1) The

Consolidated Complaint of New York City and Plaintiffs New York Counties Other Than

Nassau and (2) The Second Amended Complaint of Nassau County, in which TAP has joined.


Dated: May 8, 2006                                     Respectfully submitted,

                                                       DEFENDANT TAP PHARMACEUTICAL
                                                       PRODUCTS, INC.


                                                       s/James R. Daly
                                                       _____
                                                       James R. Daly
                                                       JONES DAY
                                                       77 W. Wacker St., Suite 3500
                                                       Chicago, IL 60601-1676
                                                       Telephone:    (312) 782-3939
                                                       Facsimile:    (312) 782-8585

CHI-1531176

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2006, a true and correct copy of DEFENDANT TAP PHARMACEUTICAL PRODUCTS INC.'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Lexis/Nexis for posting and notification.


s/ James R. Daly_____
Attorney for Defendant TAP Pharmaceutical Products Inc.

CHI-1531176