# EXHIBIT A
# (Part Three)

payment shall not exceed the total value of the SHP Group Escrow as of the date of payment of the SHP Group Reversion Amount. In addition to Defendants' right of enforcement, Class Settlement Counsel shall have the right to enforce this provision against the SHP Group.

(3) Under no circumstances shall Defendants be liable for collective payment in excess of the one hundred fifty million dollars ($150,000,000) paid by TAP pursuant to this Class Agreement and the SHP Agreement, regardless of the outcome of any disputes pursuant to Paragraph 12(g)(2) or the calculation of the SHP Group Reversion Amount pursuant to this Paragraph.

(i) <u>Conformance of SHP Agreement with this Class Agreement.</u> Any provisions of this Class Agreement requiring the cooperation of the SHP Group or binding the SHP Group to act shall be set forth as a binding requirement of the SHP Group in the SHP Agreement.

(j) <u>Defendants' Limited Liability</u>. The parties hereto agree that Defendants have no involvement with the resolution of any disputes pursuant to Paragraph 12 of this Class Agreement or Paragraph 11 of the SHP Agreement. Members of the Lupron® Purchaser Class covenant not to sue the Releasees, or any of them, based on any claim or cause of action related to or arising out of a dispute over the allocation of funds under this Class Agreement or the SHP Agreement.

13. <u>Attorneys' Fees And Fee Disputes</u>.

(a) <u>Amount of Fees.</u> Understanding that the award of attorneys' fees is a matter committed to the sole discretion of the Settlement Court, Defendants will not object to Class Counsel's request to the Settlement Court for a reasonable attorneys' fee not to exceed 30% percent of the difference of ninety-five million dollars ($95,000,000) minus the TAP Refund (thus, the formula is .30 x ($95,000,000 - TAP Refund)). Defendants also will not object to Class Counsel's request to the Settlement Court for an award of reasonable expenses. Such fees and expenses shall be paid exclusively from the Class Settlement Fund.

(b) <u>Inclusion of Other Plaintiffs Counsel in Fee Award</u>. Additionally, Class Counsel agree to use their reasonable, good faith efforts to include in the fee award all plaintiff counsel who are currently involved in any Lupron® Pricing Litigation and who timely submit a fee petition to the Settlement Court in order to participate in the settlement process.

(c) <u>Disputes Over Attorneys' Fees.</u> In the event of a dispute among Class Counsel (on the one hand) and any other plaintiffs' counsel involved in any pending Lupron® Pricing Litigation and who timely submit a fee petition under Paragraph 13(b) above (on the other hand), over the appropriate allocation of attorneys' fees, Class Counsel agree to resolve any such dispute with such other plaintiffs' counsel through binding arbitration and to allow, under reasonable terms approved by the Settlement Court, any such other

plaintiffs' counsel to participate. Those counsel who participate in any such arbitration shall agree upon the arbitrator, or, if they cannot agree, the arbitrator shall be appointed by the Settlement Court. The decision of the arbitrator will not be subject to appeal. Defendants will not be a party to or have any involvement in any such arbitration, and will have no obligations or liability with respect thereto.

   (d) <u>Release of All Claims for Attorneys' Fees</u>. Upon payment pursuant to Paragraph 17(b)(3) of this Class Agreement of the attorneys' fees and expenses as awarded by the Settlement Court, all plaintiffs' counsel who submitted a fee petition to the Settlement Court release and forever discharge any claims, demands, actions, suits, causes of action, or other liabilities relating to any attorneys' fees or expenses incurred in the Lupron® MDL Actions or in any other Lupron® Pricing Litigation up to and including the date of such payment.

   14. <u>All Claims Satisfied by Class Settlement Fund</u>. Each Lupron® Purchaser Class Member shall look solely to the Class Settlement Fund for settlement and satisfaction, as provided herein, of all Released Claims.

   15. <u>Payment of Expenses</u>. The Defendants shall not be liable for any of the expenses of the Lupron® Pricing Litigation, including without limitation attorneys' fees, fees and expenses associated with the provision of notice to the members of the Lupron® Purchaser Class, claims administration, fees and expenses incurred in administering the Escrow Account (as provided in this

Class Agreement or the SHP Agreement), fees and expenses of expert witnesses and consultants, and expenses associated with discovery, motion practice, hearings before the Settlement Court, other courts and appeals, except as provided in Paragraph 20 below. All such fees and expenses as are approved by the Settlement Court shall be paid out of the Class Settlement Fund in accordance with this Class Agreement.

16. <u>Court Approval of Disbursements and Distributions</u>. Approval by the Settlement Court shall be required prior to any disbursement or any distribution from the Class Settlement Fund, other than for any fees and expenses incurred to administer the Escrow Account, costs associated with Settlement Notice and claims administration, taxes on the Class Settlement Fund, or any TAP Refund.

17. <u>Disbursements and Distributions from the Class Settlement Fund</u>. The Class Settlement Fund shall be distributed as follows or as otherwise ordered by the Settlement Court:

    (a)    Prior to the Effective Date of this Class Agreement:

        (1)    Any fees and expenses incurred in administering the Escrow Account shall be paid pursuant to the Escrow Agreement. The costs of Settlement Notice shall be paid by the Escrow Agent to the Claims Administrator at the direction of Class Settlement Counsel, with notice of such payments provided to Defendants. Such fees, expenses and costs referred to in

this Paragraph 17(a)(1) and (b)(1) shall be paid exclusively from the Consumer Settlement Pool, except that the greater of one million dollars ($1,000,000) or the actual costs of notice and claim administration for the TPP Class shall be paid from the TPP Settlement Pool.

(2) Disbursements for the payment of any taxes (including any estimated taxes, interest or penalties) due as a result of income earned by the Consumer Settlement Pool and/or the TPP Settlement Pool shall be made promptly by the Escrow Agent pursuant to the Escrow Agreement, with notice of such disbursements provided to Class Settlement Counsel and Defendants. Such costs shall be paid ratably from the Consumer Settlement Pool and the TPP Settlement Pool in proportion to the income earned in each such pool; and

(b) After the Effective Date of this Class Agreement, the Class Settlement Fund shall be distributed as follows:

(1) <u>First</u>, any remaining fees or expenses incurred in connection with the administration of the Escrow Account shall be paid pursuant to the Escrow Agreement, and to the extent, if any, that the reasonable fees and expenses incurred as part of Settlement Notice and claims administration have not been paid, such fees and expenses shall be distributed to the Claims Administrator by the Escrow Agent with notice of such disbursements provided to Class Settlement Counsel. Such fees, expenses and costs shall be paid from the Consumer Settlement Pool and TPP Settlement Pool as provided in this Paragraph 17(a)(1);

(2)  <u>Second</u>, disbursements for the payment of any taxes (including any estimated taxes, interest or penalties) due as a result of income earned by the Consumer Settlement Pool and/or the TPP Settlement Pool shall be made promptly by the Escrow Agent pursuant to the Escrow Agreement with notice of such disbursements provided to the Class Settlement Counsel. Such costs shall be paid ratably from the Consumer Settlement Pool and the TPP Settlement Pool in proportion to the income earned in the two pools;

(3)  <u>Third</u>, any attorneys' fees and litigation expenses awarded by the Settlement Court shall be paid to Class Settlement Counsel for distribution to all plaintiff counsel who are included in the fee award by the Settlement Court. Unless otherwise ordered by the Settlement Court, such attorneys' fees and expenses as are awarded by the Settlement Court shall be paid from the Consumer Settlement Pool and the TPP Settlement Pool in proportion to the total of the amounts deposited into the two pools.

(4)  <u>Fourth</u>, any incentive award determined by the Settlement Court for services rendered to the Lupron® Purchaser Class by the Class Representatives or any other named plaintiff in any Lupron® Pricing Litigation shall be distributed to such persons or entities. Defendants shall not object to Class Settlement Counsel's request that such an incentive award be paid. Any incentive award for a TPP shall be paid from the TPP Settlement Pool and any incentive award to a Consumer shall be paid from the Consumer Settlement Pool;

(5) <u>Fifth</u>, payment to TAP from the TPP Settlement Pool of the TAP Refund, if any, pursuant to Paragraph 11.

(6) <u>Sixth</u>, the Net Consumer Settlement Pool shall be payable to Authorized Consumer Claimants in accordance with a formula proposed in the Motion for Preliminary Approval, or as otherwise directed by the Settlement Court.

(i) Payments from the Net Consumer Settlement Pool to Authorized Consumer Claimants shall be made as promptly as practicable after the Effective Date. If the total of all payments to Authorized Consumer Claimants would exceed the value of the Net Consumer Settlement Pool, then the payments to all Authorized Consumer Claimants shall be reduced pro rata.

(ii) All unclaimed funds remaining in the Net Consumer Settlement Pool shall be distributed in the discretion of the Settlement Court as it deems appropriate. If all or part of any unclaimed funds is distributed to one or more charitable organizations, TAP reserves whatever right it may have to claim any appropriate tax deductions for any such charitable donation(s), and no member of the Consumer Class or the TPP Class or the SHP Group shall have a claim to any such deductions.

(7) <u>Seventh</u>, any SHP Group Reversion Amount shall be paid from or to the TPP Settlement Pool as provided in Paragraph 12 above;

(8) <u>Eighth</u>, the Net TPP Settlement Pool shall be payable to Authorized TPP Claimants ratably according to each Authorized TPP Claimant's percentage of the total allowed claims of all Authorized TPP Claimants, or as otherwise directed by the Settlement Court.

(9) <u>Ninth</u>, after computation and any modification pursuant to Paragraph 12(h)(2) of this Class Agreement, the balance of the SHP Group Escrow shall be distributed to the SHP Group Members according to a formula to be agreed upon by the SHP Group.

18. <u>Releases</u>.

(a) Upon the Effective Date of this Class Agreement and in accordance with Paragraphs 7 and 8, the Releasees shall be released and forever discharged from any and all claims, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that any Releasor who has not timely excluded themselves from the Lupron® Purchaser Class, whether or not they object to the Class Agreement and whether or not they make a claim upon or participate in the Class Settlement Fund, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any capacity, arising out of any conduct, events or transactions alleged or that could have been alleged in any Lupron® Pricing Litigation. All Releasors

covenant and agree that they shall not hereafter seek to establish liability against any Releasee based, in whole or in part, on any of the Released Claims.

(b)   In addition, each Class Member hereby expressly waives and releases, upon the Class Agreement becoming effective, any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. <u>General Release; extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;

or by any law or any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each Class Member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Class Agreement, but each Class Member hereby expressly waives and fully, finally and forever settles and releases, upon this Class Agreement becoming effective, any known or unknown, suspected or unsuspected, contingent or non-contingent Released Claims with respect to the subject matter of this Class Agreement whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Class Member also hereby expressly waives and fully, finally and forever settles and releases any and all Released Claims it may have against Releasees under

§ 17200, *et seq.*, of the California Business and Professions Code, which claims are expressly incorporated into this Paragraph.

19.  **Preservation of Rights.**  The parties hereto agree that this Class Agreement, whether or not the Effective Date occurs, and any and all negotiations, documents and discussions associated with it shall be without prejudice to the rights of any party, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Defendants or of the truth (or by the Plaintiffs of the infirmity) of any of the claims or allegations contained in the various complaints in the Lupron® MDL Actions or any other Lupron® Pricing Litigation; and evidence thereof shall not be discoverable or used directly or indirectly by the Lupron® Purchaser Class or any third party, in any way (except that the provisions of this Class Agreement may be used by the parties to enforce its terms), whether in the Lupron® Pricing Litigation or in any other action or proceeding. The parties expressly reserve all their rights and defenses if this Class Agreement does not become final and effective substantially in accordance with the terms of this Class Agreement.

20.  **Payments In The Event Of Termination.**  If this Class Agreement is terminated pursuant to Paragraphs 8 or 25 hereto, or the Effective Date is prevented from occurring for any reason, then (a) the Class Settlement Fund, together with any interest or other income earned thereon, shall be returned to TAP net of (i) taxes paid or due to be paid on the Class Settlement Fund, (ii) the fees and costs paid or incurred for Settlement Notice, and (iii) any fees or costs

paid or incurred for administration of the Escrow Account; (b) the Class Agreement shall be of no force or effect, except for payment of Settlement Notice and fees and costs associated with administration of the Escrow Account; (c) any release pursuant hereto shall be of no force or effect; and (d) Plaintiffs and Defendants jointly shall request that the Settlement Court vacate any order certifying the Lupron® Purchaser Class. The parties expressly reserve all of their rights and defenses if this Class Agreement is terminated or does not become final and effective.

21. <u>Disposition of the SHP Group Escrow and SHP Group Reversion Amount in the Event of Termination of the Class Agreement After Final Approval</u>. If the Settlement Court's final approval of the Class Agreement is materially altered or reversed on appeal (an "Adverse Appellate Decision") and either Defendants or Class Settlement Counsel exercise the right of termination pursuant to Paragraph 8 of this Class Agreement, then the SHP Group Escrow and SHP Group Reversion Amount shall be distributed as follows:

(a)  if the parties are not able to negotiate amendments to the Class Agreement such that it is approved by the Settlement Court and becomes effective within thirty (30) months after the entry of the Adverse Appellate Decision, then the entire amount of the SHP Group Escrow shall be returned to TAP net of (i) taxes paid or due to be paid on the SHP Group Escrow, and (ii) any fees or costs paid or incurred for administration of the Escrow Account that is established pursuant to Paragraph 5 of the SHP Agreement;

(b) if the Adverse Appellate Decision is for non-monetary reasons that do not affect the Settlement Amount or the Class Settlement Fund and the Class Agreement is amended, finally approved by the Settlement Court, and becomes effective within thirty (30) months after entry of the Adverse Appellate Decision, then (assuming that the SHP Group Escrow and/or SHP Group Reversion Amount provisions were not modified or reversed on appeal or in subsequent negotiations among Defendants' Counsel, SHP Group Counsel, and Class Settlement Counsel) the SHP Group shall be permitted to participate in the SHP Group Escrow and SHP Group Reversion Amount on terms substantially similar to those provided above in Paragraphs 12 and 17;

(c) if the Adverse Appellate Decision is for reasons relating to allocation of the Settlement Amount among the Consumer Class Members, TPP Class Members, and the SHP Group, then, as part of any attempted re-negotiation of the Class Agreement, any additional monies required to be allocated to one such group shall reduce the monies allocated to the remaining groups pro rata. In the case of the SHP Group, such monies re-allocated cannot exceed the value of the SHP Group Escrow, including any interest or other income earned thereon. If the Class Agreement is so amended, finally approved by the Settlement Court, and becomes effective within thirty (30) months after entry of the Adverse Appellate Decision, then the SHP Group shall be permitted to participate in the SHP Group Escrow (as adjusted) and SHP Group Reversion Amount (as adjusted) on terms substantially similar to those provided above in Paragraphs 12 and 17.