UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br> CIVIL ACTION: 01-CV-12257-PBS <br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

### DECLARATION OF ROBERT F. LOPEZ IN OPPOSITION TO AMGEN INC.'S MOTION FOR PROTECTIVE ORDER

I, Robert F. Lopez, duly declare as follows:

1. I am one of the lawyers for the plaintiffs in the above-captioned matter. I submit this declaration in opposition to Amgen Inc.'s Motion for Protective Order Relating to Plaintiffs' Rule 30(b)(6) Deposition Regarding Sales and Marketing ("Motion for Protective Order").

2. Plaintiffs served the 30(b)(6) deposition notice that is the subject of Amgen's motion on April 19, 2006, giving May 10, 2006 at 9:30 a.m. as the placeholder date and time for the referenced deposition(s). As Amgen is aware and has acknowledged, plaintiffs intended to work on mutually agreeable dates and times with Amgen.

3. Until Amgen electronically served its Motion for Protective Order on May 3, 2006, we were unaware that there were "areas of disagreement" with respect to plaintiffs' 30(b)(6) notice that needed "resolv[ing] or narrow[ing]."

4. Plaintiffs have been forced to file an opposition to Amgen's Motion for Protective Order because plaintiffs are unsure whether Amgen intends formally to withdraw its motion or to ask the Court to hold it in abeyance pending discussions between the parties on the objections

- 1 -

that Amgen apparently came to espouse following its counsel's April 28, 2006 letter to plaintiffs. I sent an e-mail message to Amgen's counsel this morning asking if plaintiffs needed to respond formally to Amgen's motion, but as of the writing of this declaration, counsel has yet to respond.

5.     As plaintiffs have advised the Court previously, Amgen did not produce a single document (as distinct from data) until *November 1, 2006*. On that date, only a short time before the discovery cutoff, Amgen began a slow-rolling production that it would proclaim to be "substantially complete" on January 30, 2006 with the production of less than 44,000 pages of documents.

6.     The unreal notion that Amgen's production was anywhere near "substantially complete" at the end of January 2006 is belied by recent events, wherein Amgen has produced almost a half-million more pages of salesperson documents, with the promise that hundreds of thousands of additional pages of salesperson documents are on the way—and these are only one category of documents: salesperson documents.

7.     Due to Amgen's dragging of its feet and its transparent strategy to run out the clock on discovery, discovery as to Amgen is, unfortunately, ongoing. Amgen's continued resistance to production in response to various categories in plaintiffs' Omnibus Requests for Production, coupled with plaintiffs' review of Amgen's documents to-date, suggested the need for discovery as to Amgen's sales and marketing practices relative to its drugs here at issue.

8.     Attached as Exhibit A is a true and correct copy of a letter dated April 28, 2006, from counsel for Amgen to me.

9.     Attached as Exhibit B is a true and correct copy of an e-mail string between counsel for Amgen and me, which begins on May 3, 2006.

001534-16 108187 V1

10.    Attached as Exhibit C is a true and correct copy of the Lexis/Nexis e-mail notification of filing and service of Amgen's Motion for Protective Order.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of May, 2006.

                                          **/s/ Robert F. Lopez**
                                          Robert F. Lopez

## CERTIFICATE OF SERVICE

I hereby certify that I, Robert F. Lopez, an attorney, caused a true and correct copy of the foregoing **DECLARATION OF ROBERT F. LOPEZ IN OPPOSITION TO AMGEN INC.'S MOTION FOR PROTECTIVE ORDER** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on May 8, 2006, a copy to LexisNexis File & Serve for posting and notification to all parties.

By       **/s/ Robert F. Lopez**
Robert F. Lopez
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292

# EXHIBIT A

001534-16 108187 V1

# Exhibit A

# HOGAN & HARTSON
## L.L.P.

JOSEPH H. YOUNG
PARTNER
(410) 659-2775
JHYOUNG@HHLAW.COM

111 SOUTH CALVERT STREET, SUITE 1600
BALTIMORE, MARYLAND 21202
TEL (410) 659-2700
FAX (410) 539-6981
WWW.HHLAW.COM

April 28, 2006

*BY ELECTRONIC MAIL*

Robert F. Lopez, Esq.
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re:   Amgen Discovery – Average Wholesale Pricing
      Litigation, MDL No. 1456

Dear Rob:

As discussed during our telephone conversation Wednesday, and in advance of a further meet-and-confer, this letter addresses the various points raised (and some that were not raised) by your letter last week regarding supplementation of Amgen's document productions in this case.

First, there is nothing vague about Amgen's objections to plaintiffs' current demand that Amgen supplement by responding to 58 individually identified requests. Amgen's paramount objection is that plaintiffs' position is untenable at this stage of the case, particularly in light of Magistrate Judge Bowler's instructions at the last hearing. The Court's order did not give plaintiffs' carte blanche to make Amgen go back to the drawing board; indeed, any suggestion that it did would be inconsistent with the Court's expressed desire to see document discovery end within a 30-45 day period. What Magistrate Judge Bowler did order was an enlargement of the relevant time frame (which Amgen had all but agreed to in any event), and for the parties to return to the table to see if agreement could be reached on a reasonable set of supplemental requests. Plaintiffs' demand, set out in your April 13 letter, is nothing of the kind.

Plaintiffs' position is also completely contrary to the parties' agreement more than a year ago as to how discovery was to proceed: by focusing on a more narrow list in order to avoid a massive dump of documents. Indeed, the broad

WASHINGTON, DC

BERLIN   BRUSSELS   LONDON   PARIS   BUDAPEST   PRAGUE   WARSAW   MOSCOW   BEIJING   TOKYO
NEW YORK   BALTIMORE   McLEAN   MIAMI   DENVER   BOULDER   COLORADO SPRINGS   LOS ANGELES

HOGAN & HARTSON L.L.P.

Robert F. Lopez, Esq.
April 28, 2006
Page 2

supplementation that plaintiffs seek is beyond anything that was raised or discussed during our series of meet-and-confers in January and early February of this year. Our mutual goal should be in focusing on concluding the discovery process, not expanding and lengthening it.

What is more troubling is plaintiffs' position, confirmed in your letter, that plaintiffs see even a supplemental position as a initial step. This is, as I have said, completely unacceptable, nearly six months after the close of fact discovery – particularly where Amgen had sought to sit down with plaintiffs early on in order to keep the process moving.[1] If plaintiffs insist that Amgen supplement for each of the identified requests set out in your April 13 letter, without compromise, and that plaintiffs have a continuing right to pursue follow-up productions thereafter, I see no practical alternative than to seek the Court's guidance.

Second, your letter misperceives my comments regarding internal inconsistencies in plaintiffs' demands. My point is this: agreements to provide a sampling of custodians for ORION reports, PSR files, and contracts, for example, were intended to avoid the obvious burden in responding to broad requests for "all documents concerning ...price announcements" (RFP 16), "all sales-level detailing reports where AWPs, reimbursement based on AWPs, or ...prices ...was discussed" (RFP 18), "all sales-level detailing reports where price, discounts, rebates ... or other remuneration were discussed with a purchaser or potential purchaser" (RFP 19), "all documents describing any discount programs, rebates, incentives, or penalties" for each Amgen product (RFP 36), "all documents [relating to credits] to any hospital, GPO, HMO, physician, wholesaler or other purchaser" (RFP 39), "all documents evidencing any chargebacks with respect to a sale" of an Amgen product (RFP 42), and the like. I do not understand how the two types of requests can coexist.

With regard to the supplementation of data, we have produced the administrative data you requested. If you have not received it, or if you have any

---

[1] Plaintiffs' attempt to place blame on Amgen for failing to produce documents prior to November 1, 2005, rings hollow. As we have discussed time and again, had plaintiffs responded to Amgen's repeated requests for guidance between December 2004 and May 2005, neither party would be in this position.

HOGAN & HARTSON L.L.P.

Robert F. Lopez, Esq.
April 28, 2006
Page 3

questions regarding that data, please let me know. We are also continuing to compile the sales/rebate/chargeback data for the one additional year – 2004 – that has not yet been produced, and will promptly provide it to you once that process is completed. We anticipate that this additional data will be made available to you within the 45 day time period contemplated at the March 29 hearing before Magistrate Judge Bowler.[2]

Until we see if we can reach some common ground on these broader issues, I do not believe it would be worthwhile to address each of Amgen's objections for each of the 58 listed requests at this time. I am confident that if a reasonable number of supplemental requests can be agreed upon, remaining questions can be promptly addressed.

Finally, with regard to plaintiffs' noticed Rule 30(b)(6) deposition, served on April 19, 2006, rather than unilaterally suggest alternative dates, I would like to discuss with you mutually convenient dates later in the month, pursuant to CMO 10.

Very truly yours,

Joseph H. Young

cc:  Steven F. Barley, Esq.
     Frank A. Libby, Esq.
     Jennifer A. Walker, Esq.

---

[2] In response to your letter, the data productions include data relating to Aranesp®, Kineret® and Neulasta®, among other Amgen products, but does not include data relating to Enbrel®, which is not a physician-administered drug, and is no longer part of the case.

# Exhibit B

## Rob Lopez

**From:** Young, Joseph H. (Hank) [JHYoung@HHLAW.com]
**Sent:** Thursday, May 04, 2006 10:13 AM
**To:** Rob Lopez
**Subject:** RE: Your Call

Agreed.

> **From:** Rob Lopez [mailto:robl@hbsslaw.com]
> **Sent:** Thursday, May 04, 2006 12:00 PM
> **To:** Young, Joseph H. (Hank)
> **Subject:** RE: Your Call
>
> Yes, per your April 28 letter, I've been expecting to talk to you about scheduling on the 30(b)(6). I was confused when I received your motion for protective order.
>
> I'll send you our letter on the omnibus requests today. I truly hope it will help us to resolve things voluntarily.
>
> --Rob
>
> **From:** Young, Joseph H. (Hank) [mailto:JHYoung@HHLAW.com]
> **Sent:** Thursday, May 04, 2006 7:00 AM
> **To:** Rob Lopez
> **Subject:** RE: Your Call
>
> Rob --
>
> Your call to my cell phone never got through. "Verizon -- Can you hear me now?" Your message showed up this morning (although the call is not listed as having been received).
>
> In any event, I had tried to reach you, Sean Matt and David Nalven regarding the noted 30(b)(6), further to my letter to you last week and consistent with the schedule under CMO 10. We can fold that issue into our broader discussions, once we have received your letter regarding broader discovery issues, as we discussed last week.
>
> I am unavailable today, but will be in the office tomorrow.
>
> Hank Young
>
>> **From:** Rob Lopez [mailto:robl@hbsslaw.com]
>> **Sent:** Wednesday, May 03, 2006 8:52 PM
>> **To:** Young, Joseph H. (Hank)
>> **Subject:** Your Call
>>
>> Hank: I called you back awhile ago and left a message on your cell phone voice mail. It's getting close to 6 pm here, so it's close to 9 pm there. I'm reluctant to call you again on your cell phone this late, but you said you wanted to talk to me today. I'm thinking you may get this on your Blackberry.

I'll be available for awhile longer here at the office. Feel free to e-mail me or to call me: 206.268.9304. If we don't connect today, I'll be in tomorrow. I do have a meeting at 9 am Pacific time tomorrow that should take about a half an hour to an hour.

--Rob

Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
206.623.7292
206.623.0594 (fax)

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

If you have received this electronic transmission in error, please notify us by telephone (+1-202-637-5600) or by electronic mail (PostMaster@HHLAW.COM) immediately.

# Exhibit C

# Rob Lopez

**From:** Carrie Flexer
**Sent:** Wednesday, May 03, 2006 4:39 PM
**To:** Rob Lopez
**Subject:** FW: Case: All Cases-AWP; Transaction: 11198975 - Notification of Service

**Attachments:** Amgen Inc.'s Motion .pdf



Amgen Inc.'s
Motion .pdf (257 ...

```
-----Original Message-----
From: LexisNexis File & Serve [mailto:eFile@fileandserve.lexisnexis.com]
Sent: Wednesday, May 03, 2006 4:26 PM
To: Carrie Flexer
Subject: Case: All Cases-AWP; Transaction: 11198975 - Notification of Service

Sean R Matt, Steve Berman, Edward Notargiacomo, Robert Lopez requested that you, Carrie
Flexer, receive a copy of this notification for Transaction ID 11198975. The details for
this transaction are listed below.

To: Sean R Matt, Steve Berman, Edward Notargiacomo, Robert Lopez
Subject: E-Service for MA US District Court E-Service

Title: Amgen Inc.'s Motion for Protective Order Relating to Plaintiffs' Rule 30(b)(6)
Deposition Regarding Sales and Marketing (13 pages)
Case: A W P MDL No 1456
Case #: All Cases-AWP
Date: May  3 2006  7:24PM EDT
Attorney: Jennifer A Walker
Firm: Hogan & Hartson LLP-DC
Transaction #: 11198975
Check for additional details (and view the documents) online at:
https://fileandserve.lexisnexis.com/Login/Login.aspx?FI=11198975 (subscriber login
required)

Thank you for using LexisNexis File & Serve.

Questions? For prompt, courteous assistance please contact LexisNexis Customer Service by
phone at 1-888-529-7587 (24/7).


 <<Amgen Inc.'s Motion .pdf>>
```