UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | : : : : : : : : : |
| THIS DOCUMENT RELATES TO THE CONSOLIDATED CLASS ACTION | |

MDL NO. 1456

Civil Action No. 01-12257-PBS

Judge Patti B. Saris
(case pending in D. Mass.)

### NON-PARTY NATIONAL HERITAGE INSURANCE COMPANY INC'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND WITNESSES PURSUANT TO SUBPOENAS, AND IN SUPPORT OF ITS CROSS-MOTION TO QUASH SUBPOENAS

On October 27, 2005, Aventis Pharmaceuticals, Inc. ("Aventis"), and all of the other Track Two Defendants ("Defendants") served an unusually invasive and burdensome subpoena on non-party National Heritage Insurance Company, Inc. ("NHIC"). NHIC immediately objected on several grounds, including the overly broad and unduly burdensome nature of the requests. Since that date, NHIC has been willing to work with counsel for Defendants to produce the information that Defendants actually need, but to avoid the burden of producing tens of thousands of irrelevant documents. On March 28, 2006, the day before the scheduled hearing on Defendants' motion to compel production pursuant to their October

2005 subpoena, NHIC reached out to Defendants to propose a more limited production than that called for in the subpoena. Pursuant to this accord, NHIC agreed to produce documents in exchange for Defendants' promise to withdraw their motion to compel. In April 2006, NHIC produced more than 4,000 documents identified by Defendants, made thousands of additional documents available for review, and identified two 30(b)(6) witnesses.

Even though NHIC has satisfied each and every element of that original agreement, Defendants were still not satisfied, and now seek production of all of the documents originally called for in the October 2005 subpoena. However, Defendants did not take reasonable steps to avoid imposing an undue burden on NHIC, as required by Rule 45. The October 2005 subpoena seeks 27 discrete categories of documents, relating to at least 130 subject drugs, from a period of more than eight years. Accordingly, compliance with the full extent of the October 2005 subpoena will cost NHIC hundreds of thousands of dollars in labor expenses to gather, review for privilege, redact, and produce all of the documents requested. At this time, NHIC estimates that compliance with each and every request of Defendants' October 2005 subpoena will cost at least $518,000.

The consequences of this vast financial burden expense will likely be felt beyond NHIC's corporate bottom line. NHIC is a federal contractor that is compensated for its work on the Medicare Part B Carrier account on a cost-reimbursement basis by the Centers for Medicare and Medicaid Services ("CMS"), the federal agency charged with

responsibility for Medicare. Under its agreement with CMS, NHIC has no obligation to continue performance or incur any costs beyond the amount of federal funding available for its services. If Defendants are not ordered to pay these substantial costs of compliance, they will be included in NHIC's cost of performance under the Agreement. Therefore, if CMS does not increase its funding to NHIC, CMS may have to curtail NHIC's services or change the priorities for services that NHIC is providing in order to meet the cost of compliance with Defendants' subpoena. To avoid or minimize additional expenditure of federal funds by CMS pursuant to this agreement, or the curtailment by CMS of the services provided by NHIC for those Medicare beneficiaries and providers, it is essential that Defendants' subpoena be quashed. In the alternative, if this Court grants Defendants' motion to compel enforcement of the subpoena, it is essential that the request be dramatically reduced in scope and that ample time be provided for NHIC to produce the documents, and that Defendants be ordered to pay the cost of that production.

    For all of these reasons, NHIC respectfully requests that this Court deny Defendants' motion to compel, and grant NHIC's motion to quash. However, to the extent this Court orders the production of documents pursuant to Defendants' subpoena, NHIC requests that this Court order Defendants to pay all reasonable costs associated with Defendants' request for document production.

## FACTUAL BACKGROUND (AFTER MARCH 28, 2006)

On March 28, 2006, one day prior to the hearing on Defendants' motion to compel production of documents and witnesses pursuant to their October 2005 subpoenas, NHIC initiated a conference call with Defendants in a final effort to resolve the dispute without resorting to the intervention of this Court. The conference call resulted in an agreement by Defendants to withdraw their motion to compel, and by NHIC to produce a far narrower array of documents and witnesses than originally called for in Defendants' overly broad and unduly burdensome October 2005 subpoenas.

Pursuant to the March 28, 2006 agreement, NHIC identified two Rule 30(b)(6) witnesses, produced more than four thousand documents to Defendants, and made 121 boxes of additional documents available for Defendants' review, and made other information requested by Defendants. Specifically, NHIC made available the following categories of documents and witnesses:

- First, NHIC produced a full index for the 121 boxes of documents related to BCBSMA Cost Center 9132;

- Second, NHIC allowed Defendants' legal team to review each and every one of those 121 boxes of documents at Defendants' convenience at NHIC headquarters in Hingham, Massachusetts between April 12 and April 14;

- Third, NHIC produced approximately 4,000 documents that Defendants hand-selected during their review of the 121 boxes of documents related to BCBSMA Cost Center 9132;

- <u>Fourth</u>, NHIC produced all of the organizational charts it could locate for the Part B carrier business from at least 1997-2005;

- <u>Fifth</u>, NHIC produced any agreements between NHIC and CMS to provide Part B carrier services for Massachusetts that it has been able to locate;

- <u>Sixth</u>, NHIC identified two 30(b)(6) witnesses for deposition, and identified the areas on which they would be prepared to testify;

- <u>Seventh</u>, NHIC produced the current resumes of its 30(b)(6) designees; and

- <u>Eighth</u>, NHIC provided the following information regarding electronic claims data concerning the submitted charges and reimbursement payments for Medicare Part B drug transactions in Massachusetts: file names, file sizes, media on which they are preserved, the application used to access the files, the operating system used to run each named application, and the number and types of cartridges used to store these files.

Despite NHIC's good faith compliance with each and every one of the terms of the March 28, 2006 agreement, Defendants attempted to unilaterally add extra terms to the agreement on several different occasions. For instance, in a letter dated April 19, 2006, Defendants made a demand for documents that were not included in the March 28, 2006 agreement—specifically, several categories of documents originally requested in their October 2005 subpoenas. On April 21, 2006, NHIC rejected this demand, noting that it went far beyond the scope of the March 28, 2006 agreement, and that this Court has not ordered NHIC to make any such production. *See* April 21, 2006 Letter (attached as Exhibit A).

On Friday, April 28 at 1:05 p.m., counsel for Aventis served on NHIC another letter which made additional demands for documents not originally requested in the March 28, 2006 agreement, and demanded that NHIC "let us know by 10:00 a.m. EDT, [Monday] May 1, 2006, whether and when NHIC will produce the documents discussed above." *See* April 28, 2006 Letter (attached as Exhibit B). Approximately one hour later, counsel for NHIC responded by e-mail that his client contact was not in the office that day, and that he would be in depositions all day the following Monday, but promised that he "would respond as soon as we reasonably can." *See* April 28, 2006 e-mail (attached as Exhibit C). Without any further notice, and without calling NHIC's counsel, counsel for Aventis served Defendants' motion to renew their motion to compel on NHIC later that evening, Friday, April 28, at 8:46 p.m. *See* April 28, 2006 service on NHIC (attached as Exhibit D).

## ARGUMENT

I. **DEFENDANTS FAILED TO MEET AND CONFER PRIOR TO FILING THEIR MOTION, AS REQUIRED BY LOCAL RULE 37.1**

Local Rule 37.1 provides, in pertinent part:

> Before filing any discovery motion . . . counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent. *It shall be the responsibility of counsel for the moving party to arrange for the conference.* Conferences may be conducted over the telephone. *Failure of opposing counsel to respond to a request for a discovery conference within seven days of the request shall be grounds for sanctions.*

D. Mass. Loc. R. 37.1 (emphasis added).  In a letter dated Friday, April 28, 2006, Defendants announced their intention to file their motion if NHIC did not respond to their demands by the following Monday, May 1, 2006 at 10:00 a.m.  This clearly contravenes the letter and spirit of Local Rule 37.1 in at least two respects:

- <u>First</u>, Aventis' April 28, 2006 letter did not request a *conference* to discuss any outstanding issues, which is clearly required by the local rules.  Instead, it merely issued a unilateral demand, which is plainly insufficient.

- <u>Second</u>, the letter stated that Aventis would file its motion to compel within one business day of the date of the letter.  By contrast, the Local Rules expressly allow opposing counsel *one full week* to respond to moving counsel's request for a discovery conference before filing any discovery motion.

In fact, NHIC did respond by e-mail within one hour of receiving their letter, indicating that a response could be expected shortly.  Thus, NHIC satisfied its obligation to respond.  Notwithstanding NHIC's good faith compliance with the Local Rules, Defendants filed their motion without any further notice later that same day, which eliminated any possibility that this dispute could be resolved absent court intervention.

## II.   DEFENDANTS FAILED TO TAKE REASONABLE STEPS TO AVOID IMPOSING UNDUE BURDEN ON NHIC

Rule 45(c)(1) imposes an affirmative duty on all counsel preparing and serving subpoenas to "take reasonable steps to avoid imposing undue burden" on respondents.  The requirement is heightened where, as in this case, the respondent is not even a party to the

litigation.  *See Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1998); *In re: Automotive Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482, 495 (E.D. Pa. 2005); *In re Letters Rogatory Issued by Nat'l Court of First Instance in Comm. Matters*, 144 F.R.D. 272, 278 (E.D. Pa. 1992).

> Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.

*Cusumano*, 162 F.3d at 71.  Consistent with these principles, this Court has recently granted several motions for protective orders and motions to quash subpoenas for production of documents and witnesses where, as here, compliance with Defendants' subpoenas for production of documents and witnesses would impose an undue burden on absent class members. *See* Transcript, Feb. 2, 2006, at 48 (attached as Exhibit E) (granting motions to quash of Fallon Community Health Plan, Inc., Tufts Associated Health Plans, Inc., and Neighborhood Health Plan, Inc., and stating, "I feel that the oppressiveness of the burden as has been outlined by counsel for the three health plans is quite dramatic.")

### A. Compliance with Defendants' October 2005 Subpoena Would Impose Enormous Burden of Labor and Expense on NHIC

Defendants' October 2005 subpoena is unduly broad and overly burdensome. As set forth in detail in the Supplemental Affidavit of Deborah A. Johnson, who serves as NHIC's

Massachusetts Systems Support Manager for the Medicare Part B Carrier account, production of all of the documents sought by Aventis will require a vast deployment of resources. *See* Supplemental Affidavit of Deborah A. Johnson ("Supplemental Johnson Aff.") (attached as Exhibit F). Indeed, in her Supplemental Affidavit, Ms. Johnson estimates that production of all documents called for in Defendants' subpoena will cost more than $518,000. *Id.* ¶ 4. Specifically, Ms. Johnson estimates that the cost of full compliance will include the following expenses:

- NHIC presently maintains between 30,000 and 35,000 boxes of paper documents at an Iron Mountain off-site storage facility. Costs for pulling the relevant boxes, and for replacing them in the storage facility, will be approximately $70,500;

- Costs for transporting the documents to and from the Iron Mountain storage facility will total approximately $30,000;

- Storage of the retrieved documents at a temporary facility near the NHIC offices for a period of 4 months will cost at least $12,917;

- Review of these paper documents will require approximately 12,016 hours by contract temporary employees at an hourly rate of approximately $15.11. The total expense for review by contract temporary employees will be approximately $181,500;

- Supervision and training of the temporary employees, and supplemental review of these paper documents, will also require approximately 1,408 hours by contract paralegals at an hourly rate of $37. The total expense for the work of the contract paralegals will be approximately $52,000;

- The cost for extracting claims history data from NHIC computer systems will be approximately $144,000.

*Id.* This estimate does not include the substantial expense of reviewing e-mail and other electronic documents, such as desk level procedures, or the creation of a data base to expedite such review. *Id.* It also does not include any legal fees necessary with respect to the production. *Id.*

### B. Compliance with Defendants' October 2005 Subpoena May Result in a Curtailment of NHIC's Provision of Medicare Part B Services

The Supplemental Affidavit of Deborah A. Johnson also establishes that the financial burden placed on NHIC by complying with Defendants' most recent subpoena is one for which the federal agency CMS is ultimately responsible, as a result of which CMS may be put to the harsh choice of either increasing its funding to NHIC or curtailing the services that NHIC provides to the more than 4 million Medicare beneficiaries in five states. *Id.* ¶¶ 5-6 NHIC, as a federal contractor, is compensated for its work on the Medicare Part B Carrier account on a cost-reimbursement basis by CMS. Under this Agreement, NHIC is not obligated to continue performance or incur any costs beyond the amount of federal funding available, its most recent cost apportionment by CMS, or its budgeted amount (whichever is least.) *Id.* ¶ 3.

If this Court orders NHIC to fully satisfy all of the requests in Defendants' unduly burdensome subpoena, the costs of compliance will be included in NHIC's cost of

performance under the Agreement. *Id.* ¶ 5. Therefore, if no additional funds are allotted by CMS to cover those expenses, CMS may have to require NHIC to may cut back on other services or change the priorities for services that NHIC is providing to meet the obligation. *Id.* To avoid this painful outcome, it is essential that Defendants' subpoena be dramatically reduced in scope, that ample time be provided for NHIC's production of any documents required under it, and that Defendants be ordered to pay the cost of any production. *Id.* ¶ 6.

### III. SHOULD THIS COURT GRANT DEFENDANTS' MOTION TO COMPEL, IN WHOLE OR IN PART, NHIC REQUESTS THAT THIS COURT ORDER DEFENDANTS TO ASSUME ALL REASONABLE COSTS OF PRODUCTION

As set forth in detail in the affidavits submitted in support of March 17, 2006 NHIC's motion to quash, compliance with Defendants' production request would require NHIC to commit substantial resources to the task of identifying documents that may potentially be responsive to any one of the 27 discrete categories set forth in Defendants' subpoena. *See* Supplemental Johnson Aff. ¶¶ 4(a)-4(d).

In addition, NHIC requests that the Court order Aventis to deposit at least $250,000 into escrow or this Court's registry, to ensure Aventis' compliance with this Court's order to assume the reasonable costs of this production. This request is made necessary by Aventis' failure to honor its previous commitment to pay the reasonable costs associated with the document production provided by NHIC under the March 28, 2006 agreement. On April 4, 2006, counsel for Aventis requested access to all 121 boxes of documents only one week

later, on April 11, 2006. In an effort to accommodate this request, NHIC immediately requested the documents from storage, arranged for one of its paralegals to handle and supervise the production on the date requested by Aventis' counsel.

On April 11, 2006, counsel for Aventis incorrectly stated, by letter, that "Aventis has agreed to reimburse NHIC at the rate of $80 per hour . . . for paralegal time." *See* April 11, 2006 Letter (attached as Exhibit G). This is simply false. The agreement between Aventis and NHIC was for reimbursement of "reasonable" expenses, not reimbursement at the hourly rate mentioned for the first time in Aventis' April 11 letter. Counsel for NHIC never agreed to this hourly rate for its paralegal time; in fact, the rate stated by Aventis is less than one-half the usual hourly rate for paralegals at Shipman & Goodwin, LLP. Based on this conduct, NHIC is concerned that counsel for Aventis may not satisfy an agreement to pay reasonable fees associated with the costs of document production. Accordingly, NHIC respectfully requests that this Court order counsel for Aventis to pay a reasonable sum into escrow or the registry of the Court, to be dispensed by the Court or its designee to NHIC as compensation for the reasonable costs associated with the document production requested by Aventis, as the costs are incurred on a monthly basis.

## CONCLUSION

For all of these reasons, NHIC respectfully requests that this Court deny Defendants' motion to compel, and grant NHIC's motion to quash Defendants' subpoenas.

Dated:  May 8, 2006, Hartford, Connecticut.

**NON-PARTY
NATIONAL HERITAGE INSURANCE COMPANY**


By:  /s/ Benjamin M. Wattenmaker
     Benjamin M. Wattenmaker MA Juris No.:
     Benjamin Wattenmaker
     MA Juris No.:  644919
     E-Mail:bwattenmaker@goodwin.com
     Gary S. Starr
     Fed. Bar No.: ct06138
     E-mail:  gstarr@goodwin.com
     SHIPMAN & GOODWIN LLP
     One Constitution Plaza
     Hartford, CT 06103-1919
     Phone:  (860) 251-5000
     Fax: (860) 251-5214
     Its Attorneys

## CERTIFICATION

      This is to certify that a copy of the foregoing Non-party National Heritage Insurance Company, Inc.'s Supplemental Memorandum in Opposition to Defendants' Motion to Compel Production of Documents and Witnesses Pursuant to Subpoenas, and In Support of Its Cross-Motion to Quash Subpoenas, sent via electronic transmission on this 8th day of May, 2006, or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                        /s/ Benjamin M. Wattenmaker
                                        Benjamin M. Wattenmaker MA Juris No.:

435092 v.01