A



**Shipman &**
**Goodwin** LLP®
COUNSELORS AT LAW

One Constitution Plaza
Hartford, Connecticut  06103-1919
Phone: (860) 251-5000

Gary S. Starr
Phone: (860) 251-5501
Fax: (860) 251-5216
gstarr@goodwin.com

April 21, 2006

Michael DeMarco, Esq.
Kirkpatrick & Lockhart Nicholson Graham, LLP
One Lincoln Street
Boston, MA  02111-2950

      Re:  In re Pharmaceutical Industry Average Wholesale Price Litigation
          MDL 1456

Dear Michael:

     Before I respond to the allegations made in your letter dated April 19, 2006, I will first outline for your review each and every category of documents and witnesses NHIC has produced and/or made available pursuant to our agreement reached on March 28, 2006:

- **First**, at your request, NHIC has produced a full index for the 121 boxes of documents related to BCBSMA Cost Center 9132;
- **Second**, NHIC allowed your legal team to review each and every one of those documents at your convenience at NHIC headquarters in Hingham, Massachusetts between April 12 and April 14;
- **Third**, NHIC produced approximately 4,000 documents that you hand-selected during your review of the 121 boxes of documents related to BCBSMA Cost Center 9132;
- **Fourth**, NHIC produced all organizational charts for the Part B carrier business from at least 1997-2005, to the extent that such documents exist;
- **Fifth**, NHIC produced any agreements between NHIC and CMS to provide Part B carrier services for Massachusetts, to the extent that such documents exist;

Hartford           Stamford           Lakeville           Greenwich

Michael DeMarco, Esq.
April 6, 2006
Page 2 of 5

- <u>Sixth</u>, NHIC identified two 30(b)(6) witnesses for deposition on a limited range of topics, specified by you, and identified the areas on which they would be prepared to testify;
- <u>Seventh</u>, NHIC produced the current resumes of its 30(b)(6) designees; and
- <u>Eighth</u>, please find enclosed an attachment which contains all of the electronic claims data you described as part of our agreement.

Therefore, the record is clear that NHIC has made a good faith effort to comply with the terms of our March 28, 2006 agreement.

Your April 19, 2006 letter complains that the agreement has become "unworkable" because the indices for documents related to BCBSMA are "imprecise," and because of "NHIC's refusal to produce indices that appear to be readily available to it." However, NHIC did not prepare the indices. To the contrary, BCBSMA prepared them almost eight years ago. Therefore, any gripe you have about the precision of the indices is not with NHIC. All NHIC can do is produce what it has.

In addition, your request for the remainder of the index was not a part of our original agreement. You requested it subsequent to our March 28, 2006 conversation, and NHIC is presently making reasonable efforts to search for the document. NHIC will produce it, to the extent that it exists, when it is recovered.

Next, your April 19, 2006 letter states that NHIC agreed to produce "all claims manuals and any written guidelines for its Medicare Part B reimbursement payments to providers"; and "the identity of all sources utilized to determine AWPs for the subject drugs as set forth in our October 2005 subpoenas." To the contrary, NHIC never agreed to produce any of this information. For example, our letter to you dated April 6, 2006, in which we memorialize the terms of the March 28, 2006 agreement, contains no mention of these documents.

Although you never asked for this information as part of our agreement, and we never agreed to produce it, as another example of our good-faith effort to meet your requests, please find presented below most of the information you seek in this request.

1.  "identify all sources NHIC utilized to determine AWPs for the subject drugs." This is the Redbook, and it is available from its publisher.

2.  "all claims manuals and any written guidelines for Med Part B reimbursement payments." It is unclear from your request whether you seek internal or external guidelines.

Michael DeMarco, Esq.
April 6, 2006
Page 3 of 5

- *External guidelines* are posted on this website:
  www.medicarenhic.gov, and in newsletters that were produced in
  the Lupron litigation.
- *Internal guidelines*—there are thousands upon thousands of desk
  level procedures, help files, and other materials used with our
  computer system to process claims.  There is no central repository
  for this information:  some may be in any of the boxes at the
  warehouse, or on individualized PCs, or in files maintained by
  customer service representatives for their own personal use.  We
  do not agree to produce these documents.
- *Claims manuals* – From our discussions with NHIC, they are
  unaware of any claims manuals.

In addition, your letter refers to "NHIC's production of documents in response to
our October 27, 2005 subpoena," and states that "NHIC needs to identify and produce
without any further delay documents responsive to the October 27, 2005 subpoena."
However, NHIC has not produced documents in response to either of Aventis' October
2005 subpoenas to date, and will not do so absent an order of the Court.  You will recall
that NHIC filed its objections to your overly broad and unduly burdensome production
requests with the Court, and later filed a motion to quash, which it withdrew, without
prejudice, only on the basis of our March 28, 2006 agreement.

At present, there is no agreement to produce anything pursuant to your October
2005 subpoenas, and no court order to do so.  Moreover, NHIC believes that your
October 27, 2005 subpoena is defective to the extent that it purports to make any request
for documents.  As we have already pointed out to you in writing, the October 27, 2005
subpoena makes no mention of any request for production of documents.  For instance,
you even neglected to check the box on the first page of the subpoena indicating that
documents were requested to be produced.  Thus, NHIC will not make any production
pursuant to your defective subpoena.

Michael DeMarco, Esq.
April 6, 2006
Page 4 of 5

    Finally, you make the false and baseless claim that "we agreed to specific hourly rates and caps on paralegal and attorney time related to the review of these documents for privilege." To the contrary, we never agreed to any "specific hourly rates." Your representation was that you would pay reasonable rates. However, your letter of April 11, 2006 unilaterally changed this agreement, stating for the first time that you would only pay hourly rates that are far below the standard rates for attorneys and paralegals associated with the firm of Shipman & Goodwin, LLP—or, I suspect, your offices in Boston. We corrected this absurd—and, to be frank, insulting—assertion in our letter dated April 14, 2006. You will pay our standard rate, which is reasonable, or we will take this matter to the Magistrate Judge, and demand fees and costs associated with this request.

Sincerely yours,

Gary S. Starr, Esq.

cc:    James P. Muehlberger, Esq.
       Nicholas P. Mizell, Esq.
       Michael D. Ricciuti, Esq.
       Aimee E. Berman, Esq.
       Leslie M. Stafford, Esq.
       Andy J. Mao, Esq.
       Benjamin M. Wattenmaker, Esq.

433489 v.01

## ATTACHMENT TO APRIL 21, 2006 LETTER

On March 28, 2006, you requested that NHIC provide "the following information for any electronic claims data concerning the submitted charges and reimbursement payments for Medicare Part B drug transactions in Massachusetts:

      1.     the file names, file sizes, media on which they are preserved, the application used to access the files, and the operating system used to run each named application.

      2.     the number and types of cartridges/tapes used to store these files."

The information you sought for the period from October 1, 1992 to September 30, 2003 is presented below:

**A.**    **File Names, and Number and Size of Cartridges/Tapes (_i.e._ "Reels") Used to Store These Files:**

| DSN (i.e. File Name) | | CREATED BY | # OF REELS | FOR PERIOD |
|---|---|---|---|---|
| PMSSB.HBBBU.BY70PURG.G0053V00 | 1/4/2006 | MSPBCN4X | 13 | 10/1/1992 - 9/30/1993 |
| PMSSB.HBBBU.BY70PURG.G0054V00 | 1/4/2006 | MSPBCN4X | 25 | 10/1/1993 - 9/30/1995 |
| PMSSB.HBBBU.BY70PURG.G0055V00 | 1/4/2006 | MSPBCN4X | 27 | 10/1/1995 - 9/30/1997 |
| PMSSB.HBBBU.BY70PURG.G0056V00 | 1/4/2006 | MSPBCN4X | 15 | 10/1/1997 - 9/30/1998 |
| PMSSB.HBBBU.BY70PURG.G0057V00 | 1/4/2006 | MSPBCN4X | 14 | 10/1/1998 - 9/30/1999 |
| PMSSB.HBBBU.BY70PURG.G0058V00 | 1/4/2006 | MSPBCN4X | 14 | 10/1/1999 - 9/30/2000 |
| PMSSB.HBBBU.BY70PURG.G0059V00 | 1/4/2006 | MSPBCN4X | 20 | 10/1/2000 - 9/30/2001 |
| PMSSB.HBBBU.BY70PURG.G0060V00 | 1/5/2006 | MSPBCN4X | 17 | 10/1/2001 - 9/30/2002 |
| PMSSB.HBBBU.BY70PURG.G0061V00 | 1/5/2006 | MSPBCN4X | 18 | 10/1/2002 - 9/30/2003 |

**B.**    **File Sizes:**

- Size per reel is estimated to be 3.6 Gigabytes the 'size per reel', as the exact size cannot be calculated since the base MCS record length is variable.

**C.**    **Media on Which They Are Preserved:**

- Data files are stored via IBM 3480 magnetic tape cartridges (re. reels).

**D.**    **Attachment Used to Access the Files:**

- MCS application is run on an IBM platform including CPU models 2064-1C8 (986 MIPS) and 2064-1C9 (1,111 MIPS).

**E.**    **Operating System Used to Run Each Named Application:**

- Operating System software includes Z/OS v1.4, CICS TS v2.3, and MVS v1.4.

433646 v.01

B



**Kirkpatrick & Lockhart Nicholson Graham LLP**

State Street Financial Center
One Lincoln Street
Boston, MA  02111-2950
617.261.3100
Fax 617.261.3175
www.klng.com

April 28, 2006

Michael DeMarco

617.951.9111
Fax:  617.261.3175
mdemarco@klng.com

**By E-Mail and First-Class Mail**

Gary S. Starr, Esq.
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103-1919

Re:     **In re Pharmaceutical Industry Average Wholesale Price Litigation
          MDL 1456**

Dear Gary:

There is no dispute that NHIC agreed to produce the following materials by April 1, 2006:

- The contracts between BCBSMA and CMS to provide Part B carrier services for Massachusetts, and

- Any agreements between BCBSMA and NHIC concerning the transfer of the Part B carrier business from BCBSMA to NHIC in 1997-1998.

Indeed, in the transmittal letter that we received on April 17, 2006, your associate Ben Wattenmaker represented that these items were included among the 694 pages of documents delivered that day.  Having examined this set of documents and locating nothing of this kind, however, we requested in my April 19, 2006 letter to you that NHIC identify these items by bates number, immediately produce them, or provide a declaration describing with particularity its efforts to identify and confirming its inability to produce these documents.  In this regard, your April 21, 2006 letter is completely unresponsive.

Further, it can not be said that NHIC did not agree to produce the following by April 10, 2006:

- All claims manuals and any written guidelines for its Medicare Part B reimbursement payments to providers, and

- The identity of all sources utilized to determine AWPs for the subject drugs as set forth in our October 2005 subpoenas.

Our agreement of March 28, 2006, was memorialized in a series of emails exchanged late that evening and during the following morning.  These items were listed in the 8:09 pm email from James Muehlberger to you and all of other participants in our negotiation.  You agreed to the terms exchanged in these emails at the outset of the March 29, 2006 hearing.

BOS-963601 v1 5544510-0903



**Kirkpatrick & Lockhart Nicholson Graham** LLP

Gary S. Starr, Esq.
April 28, 2006
Page 2

In your April 21, 2006 letter, you represented that NHIC did not make use of any "claims manuals," but that it did have both "external" and "internal" guidelines for its Medicare Part B reimbursement payments to providers. You further represented that the external guidelines were posted at www.medicarenhic.gov, but no such website appears to exist. If you meant www.medicarenhic.com, this response is not sufficient because it improperly attempts to shift the burden to us to search for and locate NHIC's external guidelines concerning Medicare Part B reimbursement for physician administered drugs. Having acknowledged that these external guidelines are readily available to NHIC, and given NHIC's prior agreement to produce these guidelines by April 10, 2006 (eighteen days ago), these documents need to be produced without any further delay.

As for the internal guidelines, to the extent that they are responsive to items 3, 7, 8, 9, 10, or 13 of the October 27, 2005 document subpoena, NHIC is obligated to identify and produce them. Given your representation that responsive materials are maintained by employees in their individual files or on their individual PCs, NHIC needs to instruct its employees to search for and identify the claim processing materials responsive to these document requests and, in turn, produce these documents to us.

Furthermore, your April 21, 2006 letter confuses the October 28, 2005, 30(b)(6) subpoena with the October 27, 2005 document subpoena. As I explained in my letter of April 19, 2006, NHIC's production of documents responsive to the areas of inquiry for which it has agreed to produce 30(b)(6) designees would be responsive, in part, to items 1-6, 15, 17-18, and 26-27 in the October 27, 2005 document subpoena and would include any and all Medicare Part B fee schedules for physician administered drugs. NHIC needs to identify and produce these documents without any further delay. We will reimburse NHIC for the costs of retrieving responsive records from its archives and for copying costs up to 10 cents per page.

Relatedly, while you represent that NHIC has agreed to produce the complete Iron Mountain index of the records for which it assumed custody and control as a result of the transfer of the Massachusetts Part B carrier business from BCBSMA, your representation that this index was created "almost eight years ago" is belied by the excerpt that you previously provided to us. This six-page excerpt states that it was generated on August 2, 2002 – less than four years ago. All indications are that the index does, in fact, exist, or that Iron Mountain could readily print another one and, given your agreement to produce it, the index should be delivered to us immediately.

Finally, we did in fact agree to specific hourly rates and caps on paralegal and attorney time related to the review of the BCBSMA cost center 9132 records. The proposed hourly rates and caps were discussed during an April 10, 2005 telephone conversation between Nick Mizell and Ben Wattenmaker and memorialized in my April 11, 2006 letter to you. We have since



**Kirkpatrick & Lockhart Nicholson Graham** LLP

Gary S. Starr, Esq.
April 28, 2006
Page 3

determined that contract paralegals are available for basic document and privilege review at the rate of $30-$35 per hour and therefore conclude that our agreement to pay up to $80 per hour was and remains fair and reasonable. Moreover, your paralegal inappropriately devoted hours of time reviewing documents for personally identifiable health information despite our repeated explanation to you that NHIC's document production would be subject to the protections of the Court's June 9, 2004 Protective Order Governing Confidential Health Information. Her review was to be solely concerned with identifying documents potentially subject to attorney-client privilege and we will not pay for time inappropriately devoted to reviewing the documents for any other information.

Please let us know by 10:00 am EDT, May 1, 2006, whether and when NHIC will produce the documents discussed above. We will otherwise deem our meet and confer obligations satisfied, renew our motion to compel and seek the remedies provided by Rules 37(a)(4) and 45(e) of the Federal Rules of Civil Procedure.

Yours sincerely,

Michael DeMarco

MDM/AEB/gmf

cc:    James P. Muehlberger, Esq.
       Nicholas P. Mizell, Esq.
       Michael D. Ricciuti, Esq.
       Aimée E. Bierman, Esq.
       Leslie M. Stafford, Esq.
       Andy J. Mao, Esq.
       Benjamin M. Wattenmaker, Esq.

C

**Bierman, Aimee E.**

| | |
|---|---|
| **From:** | Starr, Gary [GStarr@Goodwin.com] |
| **Sent:** | Friday, April 28, 2006 2:18 PM |
| **To:** | Bierman, Aimee E. |
| **Cc:** | Leslie.Stafford@hhs.gov; Andy.Mao@usdoj.gov; Wattenmaker, Benjamin M.; Muehlberger, James P. (SHB); DeMarco, Michael; Ricciuti, Michael D.; Mizell, Nick P. (SHB) |
| **Subject:** | RE: Letter to Gary Starr.pdf |

Aimee,

I have received your letter this afternoon that is in response to my letter from last Friday.

My client contact is not in today and I am in depositions all day on Monday.

We will respond as soon as we reasonably can.

Gary


-----Original Message-----
**From:** Bierman, Aimee E. [mailto:abierman@klng.com]
**Sent:** Friday, April 28, 2006 1:05 PM
**To:** Starr, Gary
**Cc:** Leslie.Stafford@hhs.gov; Andy.Mao@usdoj.gov; Wattenmaker, Benjamin M.; Muehlberger, James P. (SHB); DeMarco, Michael; Ricciuti, Michael D.; Mizell, Nick P. (SHB)
**Subject:** Letter to Gary Starr.pdf



<<Letter to Gary Starr.pdf>>

*Aimee E. Bierman*
*Kirkpatrick & Lockhart Nicholson Graham LLP*
*State Street Financial Center*
*One Lincoln Street*
*Boston, MA 02111-2950*
*617.261.3166*
*617.261.3175 (fax)*
*www.klng.com*

*This Electronic Message contains confidential information from the law firm of Kirkpatrick & Lockhart Nicholson Graham LLP that may be privileged. The information is intended to be for the use of the addressee only. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited.*

D

**From:** Bierman, Aimee E. [mailto:abierman@klng.com]
**Sent:** Friday, April 28, 2006 8:46 PM
**To:** Starr, Gary
**Cc:** Wattenmaker, Benjamin M.; Muehlberger, James P. (SHB); DeMarco, Michael; Ricciuti, Michael D.; Mizell, Nick P. (SHB)
**Subject:** AWP filing

Gary,
Attached please find courtesy copies of the papers filed earllier this evening; your associate, Ben Wattenmaker, has already been served via the Court's CM/ECF electronic filing system.

Aimee

<<2486-5.pdf>> <<2486-4.pdf>> <<2486-3.pdf>> <<2486-2.pdf>> <<2486-1.pdf>> <<2485.pdf>>

*Aimee E. Bierman*
*Kirkpatrick & Lockhart Nicholson Graham LLP*
*State Street Financial Center*
*One Lincoln Street*
*Boston, MA 02111-2950*
*617.261.3166*
*617.261.3175 (fax)*
*www.klng.com*

*This Electronic Message contains confidential information from the law firm of Kirkpatrick & Lockhart Nicholson Graham LLP that may be privileged. The information is intended to be for the use of the addressee only. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited.*