UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

## NOTICE OF ERRATA

TO ALL PARTIES AND THEIR COUNSEL

PLEASE TAKE NOTICE THAT the reference to November 1, 2006 on page 4 of Plaintiffs' Memorandum in Opposition to Amgen Inc.'s Motion for Protective Order Relating to Plaintiffs' Rule 30(b)(6) Deposition Notice Regarding Sales and Marketing (Dkt. No. 2527) and page 2 of the Declaration of Robert F. Lopez in Opposition to Amgen Inc.'s Motion for Protective Order (Dkt. No. 2528) filed on May 8, 2006, was incorrect. The correct date should be November 1, 2005. Plaintiffs have attached the corrected pages.

DATED: May 9, 2006

By /s/ Steve W. Berman
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL 60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Eugene A. Spector
Jeffrey Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer F. Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Shanin Specter
Donald E. Haviland, Jr.
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
Facsimile:  (215) 772-1359
Telephone:  (215) 772-1000
**CO-LEAD COUNSEL FOR PLAINTIFFS**

to be resolved. (Lopez Ex. B.) But out of an abundance of caution, in light of Amgen's contradictory actions, plaintiffs file this memorandum.

**B.      Argument**

According to Amgen, the Court should permit it to avoid plaintiffs' 30(b)(6) request because plaintiffs served it after the discovery cutoff. Amgen argues that "[t]he areas of inquiry set out in the April 19 notice are in no way dependent upon plaintiffs' ongoing review of Amgen's documents," and that instead, "the areas included in the notice are broad and general, and could just as easily have been noticed and pursued at any time prior to the close of discovery." (Amgen's Motion for Protective Order at p. 2.) Amgen is wrong.

Amgen's bland reference to "plaintiffs' ongoing review of Amgen's documents" does not begin to suggest the context surrounding plaintiffs' service on April 19, 2006 of the 30(b)(6) notice in question. As plaintiffs have advised the Court, Amgen did not produce a single document (as distinct from data) until *November 1, 2005*. On that date, only a short time before the discovery cutoff, Amgen began a slow-rolling production that it would proclaim to be "substantially complete" on January 30, 2006 with the production of less than 44,000 pages of documents. (Lopez Decl., ¶ 5.) (The unreal notion that Amgen's production was anywhere near "substantially complete" at the end of January 2006 is belied by recent events, wherein Amgen has produced almost a half-million more pages of salesperson documents, with the promise that hundreds of thousands of additional pages of salesperson documents are on the way—and these are only one category of documents: salesperson documents. (Lopez Decl., ¶ 6.))

In fact, due to Amgen's dragging of its feet and its transparent strategy to run out the clock on discovery, discovery as to Amgen is, unfortunately, ongoing. Amgen's continued resistance to production in response to various categories in plaintiffs' Omnibus Requests for

that Amgen apparently came to espouse following its counsel's April 28, 2006 letter to plaintiffs. I sent an e-mail message to Amgen's counsel this morning asking if plaintiffs needed to respond formally to Amgen's motion, but as of the writing of this declaration, counsel has yet to respond.

5.  As plaintiffs have advised the Court previously, Amgen did not produce a single document (as distinct from data) until *November 1, 2005*. On that date, only a short time before the discovery cutoff, Amgen began a slow-rolling production that it would proclaim to be "substantially complete" on January 30, 2006 with the production of less than 44,000 pages of documents.

6.  The unreal notion that Amgen's production was anywhere near "substantially complete" at the end of January 2006 is belied by recent events, wherein Amgen has produced almost a half-million more pages of salesperson documents, with the promise that hundreds of thousands of additional pages of salesperson documents are on the way—and these are only one category of documents: salesperson documents.

7.  Due to Amgen's dragging of its feet and its transparent strategy to run out the clock on discovery, discovery as to Amgen is, unfortunately, ongoing. Amgen's continued resistance to production in response to various categories in plaintiffs' Omnibus Requests for Production, coupled with plaintiffs' review of Amgen's documents to-date, suggested the need for discovery as to Amgen's sales and marketing practices relative to its drugs here at issue.

8.  Attached as Exhibit A is a true and correct copy of a letter dated April 28, 2006, from counsel for Amgen to me.

9.  Attached as Exhibit B is a true and correct copy of an e-mail string between counsel for Amgen and me, which begins on May 3, 2006.

001534-16 108187 V1

## CERTIFICATE OF SERVICE

    I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **NOTICE OF ERRATA** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on May 9, 2006, a copy to LexisNexis File & Serve for Posting and notification to all parties.

    By    **/s/ Steve W. Berman**
        Steve W. Berman
        **HAGENS BERMAN SOBOL SHAPIRO LLP**
        1301 Fifth Avenue, Suite 2900
        Seattle, WA  98101
        (206) 623-7292