**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ) | |
| IN RE PHARMACEUTICAL INDUSTRY ) | |
| AVERAGE WHOLESALE PRICE ) | MDL NO. 1456 |
| LITIGATION ) | Civil Action No. 01-12257-PBS |
| ) | |
| ) | Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO THE ) | |
| AMENDED MASTER CONSOLIDATED ) | Chief Mag. Judge Marianne B. Bowler |
| CLASS ACTION ) | |
| ) | |

**ORDER GRANTING TRACK TWO DEFENDANTS'**
**MOTION TO COMPEL NATIONAL HERITAGE INSURANCE COMPANY**
**TO PRODUCE DOCUMENTS PURSUANT TO SUBPOENA**

Now, this _____ day of _____, 2006, upon consideration of the Track Two Defendants' Motion to Compel National Heritage Insurance Company to Produce Documents Pursuant to Subpoena [Docket Entry No. 2162, as renewed in Docket Entry Nos. 2485/2498], it is hereby ORDERED, ADJUDGED and DECREED that said Motion is granted as follows:

On or before May 12, 2006, National Heritage Insurance Company ("NHIC") will produce the following documents:

- The contracts between BCBSMA and CMS to provide Part B carrier services for Massachusetts; and

- Any agreements between BCBSMA and NHIC concerning the transfer of the Part B carrier business from BCBSMA to NHIC in 1997-1998.

On or before June 2, 2006, NHIC will produce its 30(b)(6) designee(s) for deposition.

On or before May 17, 2006, NHIC will produce any documents responsive to the areas of inquiry for which it has agreed to produce 30(b)(6) designees, which would include any and all Medicare Part B fee schedules for physician-administered drugs and documents related to the following:

- any work done relating to surveys of physicians regarding their Medicare Part B drug acquisition costs, including preliminary questionnaires, information received from physicians, and any related information prepared, gathered or received by BCBSMA as the Massachusetts Part B carrier, including actions taken and information gathered in response to the March 14, 1994 directive from CMS requesting such surveys be performed;

  To the extent that no such survey work was performed by the Medicare Part B carrier for Massachusetts during or after 1991, that no such survey information was prepared, gathered or received by BCBSMA as the Massachusetts Part B carrier, or that no actions were taken or information gathered in response to the March 14, 1994 directive from CMS requesting such surveys be performed, NHIC may discharge its obligation to identify and produce these documents by providing a declaration that avers as such.

- why and how often submitted charges from, and reimbursement payments to, physicians deviated from the statutory AWP ceilings for Part B covered drugs from 1991-2003, including the carrier's discretion to set reimbursement amounts;

- whether it is possible to determine from the Massachusetts Medicare Part B records for 1991-2003 maintained by NHIC if all submitted charges for part B covered drugs were based upon AWP;

- the volume of Part B claims from 1991 to 2003 for Massachusetts and the quantity of providers that submitted such claims.

  NHIC may discharge its obligation to identify and produce these documents by providing a declaration from a witness authorized to testify on its behalf and describing with particularity the volume of Part B claims from 1991 to 2003 for Massachusetts and the quantity of providers that submitted such claims.

On or before May 19, 2006, and to the extent such documents are responsive to items 3, 7, 8, 9, 10, or 13 of the October 27, 2005 document subpoena directed to it, NHIC shall identify and produce its internal guidelines for processing Medicare Part B reimbursement payments to providers for physician administered drugs. To this end, NHIC will instruct its employees to search for and identify the claim processing materials responsive to these document requests.

On or before May 19, 2006, NHIC will also produce the external guidelines for processing its Medicare Part B reimbursement payments to providers for physician administered drugs.

2

To the extent that NHIC discovers that any of the above listed items do not or no longer exist, it will provide a declaration describing with particularity its efforts to identify and confirming its inability to produce these documents.

The Track Two Defendants will reimburse NHIC for any third-party charges related to its retrieval of responsive records from archives and for copying costs up to 10 cents per page.  Such reimbursement will be offset by the Track Two Defendants' costs and fees incurred in connection with the prosecution of its Motion to Compel, in an amount to be assessed.

_____
United States Magistrate Judge