UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO 01-CV-12257-PBS ) ) ) ) | |

### AMGEN INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER RELATING TO PLAINTIFFS' RULE 30(B)(6) DEPOSITION REGARDING SALES AND MARKETING

Plaintiffs do not dispute the basis on which Amgen Inc.'s motion for protective order relies: plaintiffs' April 19, 2006 notice is untimely, and plaintiffs can provide no explanation for their delay. Absent entry of a new scheduling order by the Court, discovery in this case formally closed on December 3, 2005. Nevertheless, because document discovery was and has been continuing, Amgen, like other Track 2 defendants, informally indicated to plaintiffs that it would honor discovery requests filed prior to the close of discovery, and would make reasonable accomodations for depositions of fact witnesses whose depositions could not have been reasonably noted before the completion of document discovery. Amgen stands by that agreement.

The Rule 30(b)(6) deposition noticed by plaintiffs on April 19, 2006, however, is quite another thing. It broadly seeks testimony on the organization of Amgen's sales and marketing operations and is in no way dependant upon recent

document productions.[1] Amgen objects to plaintiffs' continuing course of piling on, without regard to discovery deadlines and without apparent regard to this Court's admonition in prior hearings in this matter that the parties move toward wrapping discovery up.

With regard to Amgen's efforts to conduct a meet-and-confer on these issues prior to filing its motion, to which plaintiffs devote most of their argument, Case Management Order No. 10 imposes strict guidelines both with respect to challenging the proposed date of the deposition (within 10 days of service of the notice) and with respect to any motion for protective order (within five days of the date noted for the deposition). By letter dated April 28, 2006, Amgen noted its position regarding dates. Amgen's motion, consistent with CMO 10, was filed thereafter on May 3 – five business days prior to the date referenced in the original notice. Amgen's counsel made repeated efforts on May 3 to reach three of plaintiffs' counsel on both the east and west coasts, to no avail. In any event, given plaintiffs' position in its papers, a meet-and-confer regarding depositions of non-fact witnesses would have been futile. Under the circumstances, and given the time constraints

---

[1] The history of the parties' prior disputes – including long delay on the plaintiffs' part in coming to the table through the spring of 2005 – is well known to the Court. More than two weeks following the March 29, 2006 hearing before the Court, and in response to the Court's direction that the parties return to the table to see if agreement could be reached as to reasonable supplemental requests, plaintiffs sent a letter demanding demanding full compliance with 58 of plaintiffs' original 82 requests. The parties are continuing negotiations in an effort to focus plaintiffs' requests. In the meantime, and contrary to plaintiffs' claim that Amgen is "foot-dragging," Amgen has, in response to the Court's March 29 order expanding the relevant time frame, produced in excess of 500,000 pages, and anticipates supplementing that production with a similar volume of material in the near term.

imposed by the Court's Case Management Order, Amgen's efforts to contact opposing counsel pre-filing were plainly reasonable.

                              Respectfully submitted,

/s/ Frank A. Libby, Jr.
Frank A. Libby, Jr.
Douglas S. Brooks
Kelly, Libby & Hoopes, P.C.
175 Federal Street, 8th Floor
Boston, Massachusetts 02110
Telephone: (617) 338-9300
Facsimile: (617) 338-9911

Joseph H. Young
Steven F. Barley
Hogan & Hartson, L.L.P.
111 S. Calvert Street, Suite 1600
Baltimore, Maryland 21202
Telephone: (410) 659-2700
Facsimile: (410) 539-6981

Dated: May 11, 2006

## CERTIFICATE OF SERVICE

       I certify that a true and correct copy of the foregoing Amgen Inc.'s Reply Memorandum in Support of its Motion for Protective Order Relating to Plaintiffs' Notice of Rule 30(b)(6) Deposition Regarding Sales and Marketing was, this 11th day of May, 2006, served electronically via Lexis/Nexis on all counsel of record in this matter.

                              /s/ Joseph H. Young
                              Joseph H. Young