# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 04-CV-06054)<br><br>*County of Nassau v. Abbott Labs, et al.*<br>(E.D.N.Y. No. 04-CV-5126)<br><br>and other cases listed on the following page |  |

## SEPARATE REPLY MEMORANDUM OF BEN VENUE LABORATORIES, INC. IN SUPPORT OF ITS MOTION TO DISMISS THE NASSAU COUNTY SECOND AMENDED COMPLAINT

Lauren O. Casazza
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10011
Tel:  (212) 446-4800

Helen E. Witt, P.C.
Brian P. Kavanaugh
Ceylan A. Ayasli
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, Illinois  60601-6636
Tel:  (312) 861-2000

*Attorneys for Defendant*
*Ben Venue Laboratories, Inc.*

| | |
|---|---|
| THIS DOCUMENT RELATES TO: ) | *County of Herkimer v. Abbott Labs, et al.* ) |
| ) | (N.D.N.Y. No. 05-CV-00415) ) |
| *The City of New York v. Abbott Labs., et al.* ) | *County of Oneida v. Abbott Labs, et al.* ) |
| (S.D.N.Y. No. 04-CV-06054) ) | (N.D.N.Y. No. 05-CV-00489) ) |
| *County of Suffolk v. Abbott Labs., et al.* ) | *County of Fulton v. Abbott Labs, et al.* ) |
| (E.D.N.Y. No. CV-03-229) ) | (N.D.N.Y. No. 05-CV-00519) ) |
| *County of Westchester v. Abbott Labs., et al.* ) | *County of St. Lawrence v. Abbott Labs, et al.* ) |
| (S.D.N.Y. No. 03-CV-6178) ) | (N.D.N.Y. No. 05-CV-00479) ) |
| *County of Rockland v. Abbott Labs., et al.* ) | *County of Jefferson v. Abbott Labs, et al.* ) |
| (S.D.N.Y. No. 03-CV-7055) ) | (N.D.N.Y. No. 05-CV-00715) ) |
| *County of Putnam v. Abbott Labs, et al.* ) | *County of Lewis v. Abbott Labs, et al.* ) |
| (S.D.N.Y. No. 05-CV-04740) ) | (N.D.N.Y. No. 05-CV-00839) ) |
| *County of Dutchess v. Abbott Labs, et al.* ) | *County of Chautauqua v. Abbott Labs, et al.* ) |
| (S.D.N.Y. No. 05-CV-06458) ) | (W.D.N.Y. No. 05-CV-06204) ) |
| *County of Putnam v. Abbott Labs, et al.* ) | *County of Allegany v. Abbott Labs, et al.* ) |
| (S.D.N.Y. No. 05-CV-04740) ) | (W.D.N.Y. No. 05-CV-06231) ) |
| *County of Washington v. Abbott Labs, et al.* ) | *County of Cattaraugus v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00408) ) | (W.D.N.Y. No. 05-CV-06242) ) |
| *County of Rensselaer v. Abbott Labs, et al.* ) | *County of Genesee v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00422) ) | (W.D.N.Y. No. 05-CV-06206) ) |
| *County of Albany v. Abbott Labs, et al* ) | *County of Wayne v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00425) ) | (W.D.N.Y. No. 05-CV-06138) ) |
| *County of Warren v. Abbott Labs, et al.* ) | *County of Monroe v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00468) ) | (W.D.N.Y. No. 05-CV-06148) ) |
| *County of Greene v. Abbott Labs, et al.* ) | *County of Yates v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00474) ) | (W.D.N.Y. No. 05-CV-06172) ) |
| *County of Saratoga v. Abbott Labs, et al.* ) | *County of Niagara v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00478) ) | (W.D.N.Y. No. 05-CV-06296) ) |
| *County of Columbia v. Abbott Labs, et al.* ) | *County of Seneca v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00867) ) | (W.D.N.Y. No. 05-CV-06370) ) |
| *Essex County v. Abbott Labs, et al.* ) | *County of Orleans v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00878) ) | (W.D.N.Y. No. 05-CV-06371) ) |
| *County of Chenango v. Abbott Labs, et al.* ) | *County of Ontario v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00354) ) | (W.D.N.Y. No. 05-CV-06373) ) |
| *County of Broome v. Abbott Labs, et al.* ) | *County of Schuyler v. Abbott Labs, et al.* ) |
| (N.D.N.Y. No. 05-CV-00456) ) | (W.D.N.Y. No. 05-CV-06387) ) |
| *County of Onondaga v. Abbott Labs, et al.* ) | *County of Chemung v. Abbott Lab, et al.* ) |
| (N.D.N.Y. No. 05-CV-00088) ) | (W.D.N.Y. No. 05-CV-06744) ) |
| *County of Tompkins v. Abbott Labs, et al.* ) | and ) |
| (N.D.N.Y. No. 05-CV-00397) ) | *County of Nassau v. Abbott Labs, et al.* ) |
| *County of Cayuga v. Abbott Labs, et al.* ) | (E.D.N.Y. No. 04-CV-5126) ) |
| (N.D.N.Y. No. 05-CV-00423) ) | |
| *County of Madison v. Abbott Labs, et al.* ) | |
| (N.D.N.Y. No. 05-CV-00714) ) | |
| *County of Cortland v. Abbott Labs, et al.* ) | |
| (N.D.N.Y. No. 05-CV-00881) ) | |

Defendant Ben Venue Laboratories, Inc. joins the Defendants' joint reply memorandum, the reply of Sandoz relating to generic drugs, and submits this separate reply memorandum in support of its motion to dismiss the Nassau County complaint as to Ben Venue.

## ARGUMENT

Nassau County does not dispute that it did not include a single Ben Venue drug on Exhibit B to its complaint and has not identified a single Ben Venue drug that it purchased or for which it claims to have overpaid. Instead, it makes three meritless arguments in its effort to keep Ben Venue in the case.

First, notwithstanding its allegation that Exhibit B to its complaint "lists the specific drugs for which Nassau County seeks relief," (Nassau Complaint ¶ 317), Nassau County contends that Exhibit B does not include every drug for which it claims to have overpaid. It therefore argues that "failure to list a drug in Exhibit B does not automatically bar a claim against its manufacturer." (Nassau Opp. to Ben Venue Motion at Section II,[1] p.2.) This argument runs counter to every ruling this Court has made regarding pleading requirements, and amounts to the untenable contention that Ben Venue should be kept in the case based on nothing more than Nassau's suggestion that it might some day identify a Ben Venue drug it claims to have overpaid for. Having failed to identify any Ben Venue drugs, let alone anything else this Court has ruled must be pled, Nassau County's claims against Ben Venue should be dismissed.

Next, Nassau contends that its reference to an allegation in a complaint filed by the State of Illinois to a spread on an alleged Ben Venue drug, Haliperidol Decanoate, "provides a fair basis on which to pursue it [sic] claims against Ben Venue." (Nassau Opp. to Ben Venue Motion

---

[1] Nassau County's Opposition to Defendant Ben Venue Laboratories, Inc.'s Motion to Dismiss has no page numbers, but the quoted passage is on the second page of the document.

at Section II, p. 2.)  This argument too ignores the requirements of *Fed. R. Civ. Pro.* 9(b) and the prior rulings of this Court, and should be rejected out of hand.  If Nassau County had a claim against Ben Venue based on Haliperidol Decanoate, it should have pled that claim with the specificity required.  It did not.  The fact that Illinois -- whose complaint is the subject of a pending motion to dismiss by Ben Venue -- made an allegation about a Ben Venue drug, is *no* basis, fair or otherwise, for a claim by Nassau County against Ben Venue.

Finally, Nassau County makes the throw-away argument that because Ben Venue is a wholly-owned subsidiary of Boehringer Ingelheim Corporation ("BIC"), against whom Nassau County is "still" pursuing claims, "Ben Venue should not be permitted to exit this case." (Nassau Opp. to Ben Venue Motion at Section II, pp. 2-3.)  No analysis or rationale for this clearly erroneous proposition is provided.  Even if Nassau County had a viable claim against BIC -- which it does not, because it has identified no BIC drugs on Exhibit B either[2] -- its claims against BIC would not provide the necessary basis for a claim against Ben Venue, which Nassau concedes is a separate legal entity.

---

[2]   *See* Separate Memorandum of Defendant Boehringer Ingelheim Corporation in Support Of Its Motion To Dismiss, filed March 3, 2006.

## CONCLUSION

For all of these reasons, and the reasons stated in Ben Venue's opening separate memorandum and the other memoranda it has joined, Nassau's Second Amended Complaint against defendant Ben Venue Laboratories, Inc. should be dismissed with prejudice.

>                              Respectfully submitted,
>
>                              *Defendant*
>                              *Ben Venue Laboratories, Inc.*

Dated:  May 11, 2006                    /s/ Brian P. Kavanaugh
>                              Lauren O. Casazza
>                              KIRKLAND & ELLIS LLP
>                              153 East 53rd Street
>                              New York, NY 10011
>                              Tel:  (212) 446-4800
>
>                              Helen E. Witt, P.C.
>                              Brian P. Kavanaugh
>                              KIRKLAND & ELLIS LLP
>                              200 E. Randolph Drive
>                              Chicago, Illinois  60601-6636
>                              Tel:  (312) 861-2000

**CERTIFICATE OF SERVICE**

I, Brian P. Kavanaugh, hereby certify that on May 11, 2006, I caused a true and correct copy of the foregoing, **SEPARATE REPLY MEMORANDUM OF BEN VENUE LABORATORIES, INC. IN SUPPORT OF ITS MOTION TO DISMISS THE NASSAU COUNTY SECOND AMENDED COMPLAINT**, to be served on all counsel of record in accordance with the Court's Case Management Order No. 2.

Dated:  May 11, 2006                                         /s/Brian P. Kavanaugh