**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 Civil Action No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: | Judge Patti B. Saris |

*The City of New York v. Abbott Labs., et al.*
(S.D.N.Y. No. 04-CV-06054)
*County of Suffolk v. Abbott Labs., et al.*
(E.D.N.Y. No. CV-03-229)
*County of Westchester v. Abbott Labs., et al.*
(S.D.N.Y. No. 03-CV-6178)
*County of Rockland v. Abbott Labs., et al.*
(S.D.N.Y. No. 03-CV-7055)
*County of Dutchess v. Abbott Labs, et al.*
(S.D.N.Y. No. 05-CV-06458)
*County of Putnam v. Abbott Labs, et al.*
(S.D.N.Y. No. 05-CV-04740)
*County of Washington v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00408)
*County of Rensselaer v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00422)
*County of Albany  v. Abbott Labs, et al*
(N.D.N.Y. No. 05-CV-00425)
*County of  Warren v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00468)
*County of Greene  v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00474)
*County of Saratoga v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00478)
*County of Columbia  v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00867)
*Essex County v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00878)
*County of Chenango  v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00354)
*County of Broome v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00456)
*County of Onondaga v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00088)
*County of Tompkins v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00397)
*County of Cayuga v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00423)

*County of Madison v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00714) )
*County of Cortland v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00881) )
*County of Herkimer v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00415) )
*County of Oneida v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00489) )
*County of Fulton v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00519) )
*County of St. Lawrence v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00479) )
*County of Jefferson v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00715) )
*County of Lewis v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00839) )
*County of Chautauqua v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06204) )
*County of Allegany v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06231) )
*County of Cattaraugus v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06242) )
*County of Genesee v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06206) )
*County of Wayne v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06138) )
*County of Monroe v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06148) )
*County of Yates v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06172) )
*County of Niagara v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06296) )
*County of Seneca v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06370) )
*County of Orleans v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06371) )
*County of Ontario v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06373) )
*County of Schuyler v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06387) )
*County of Steuben v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06223) )

*County of Chemung v. Abbott Labs, et al.*           )
(W.D.N.Y. No. 05-CV-06744)                           )
           AND                                      )
*County of Nassau v. Abbott Labs, et al.*            )
(E.D.N.Y. No. 04-CV-5126)                            )
_____           )

**DEFENDANTS FOREST LABORATORIES, INC. AND FOREST
PHARMACEUTICALS, INC.'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION TO DISMISS (1) THE
CONSOLIDATED COMPLAINT OF NEW YORK CITY AND NEW YORK
COUNTIES OTHER THAN NASSAU AND (2) THE SECOND AMENDED
<u>COMPLAINT OF NASSAU COUNTY</u>**

**DORNBUSH SCHAEFFER
STRONGIN & VENAGLIA, LLP**
Peter J. Venaglia
Brian T. Rafferty
747 Third Avenue
New York, NY 10017
(212) 759-3300

*Attorneys for Defendants Forest
Laboratories, Inc. and Forest
Pharmaceuticals, Inc.*

Forest submits this Reply Memorandum of Law in further support of its Motion to Dismiss the Consolidated Complaint of Plaintiffs New York City and the New York Counties ("CC") and Plaintiff Nassau County's Second Amended Complaint ("NSAC"). Plaintiffs' latest effort to drag Forest into these MDL proceedings (Forest is not a defendant in the MDL class action proceedings or in the Nevada or Montana actions) fails for the same reasons that Suffolk's attempt failed:[1] as set forth in the Joint Reply Memorandum, which Forest hereby incorporates by reference, and below specifically as to Forest, the claims alleged in the CC and NSAC fail to meet the pleading standards that this Court has clearly laid out in its prior rulings. Pl. Opp. at 2; *Suffolk II* at *4.

First, with respect to the vast majority of the products identified in Exhibit A of the CC, Plaintiffs do not even attempt to support their naked assertion that the AWPs in question are fraudulent. For most of the products, there is no purported "spread" provided at all, let alone the "good faith basis" required by this Court for calculating such a spread. *See Suffolk II* at *4, 5 ("[t]he fact that a manufacturer may have reported a fraudulent AWP, without more, will not suffice to plead...fraud."). Plaintiffs' claims as to these drugs are thus patently defective.

Second, to the extent Exhibit B identifies a subset of Forest's products where a purported "spread" is alleged, Plaintiffs' addition of a single purchaser's alleged "market price" at one particular point in time is insufficient to show that the AWPs for the products in question were fraudulent, much less that they were fraudulent for the period of 1992 to the present (the

---

[1] *See County of Suffolk v. Abbott Labs., et al.*, 339 F. Supp. 2d 165 (D. Mass. Sept. 30, 2004) ("*Suffolk I*"); *County of Suffolk v. Abbott Labs., et al.*, 2004 U.S. Dist. LEXIS 21448 (*D. Mass. Oct. 26, 2004) ("*Suffolk II*"); Memorandum and Order, dated April 8, 2005 ("*Suffolk III*").

time period set forth in the Complaints).[2]  If Plaintiffs wish to claim that Forest engaged in a fraud that lasted some 14 years, it is incumbent on Plaintiffs -- who are alleging fraud -- to provide basic facts consistent with that claim.[3]  In this regard, Plaintiffs' anemic proffer of a single purported "market price" is wholly inadequate.[4]

Third, Plaintiffs' Best Price claims against Forest -- previously dismissed by this Court in *Suffolk II* -- remain entirely deficient.  There is absolutely no evidence that the rebates paid by Forest were calculated improperly, let alone fraudulently.  The only allegations cited in Plaintiffs' opposition relating to Best Prices are generalized allegations that fail to name even one pharmaceutical company.  *See* Pl. Opp. at 4.  Also, this Court has already rejected the Nassau Plaintiffs' argument that the information regarding Best Prices "is uniquely within the defendant's control." *See* Pl. Opp. at 4, fn. 7.  Instead, the Court indicated that Plaintiffs must provide "sufficient facts...*with respect to each Defendant*." *Suffolk II* at *6 (emphasis added). Since no such facts are provided as to Forest in either the CC or the NSAC, just as in *Suffolk*, the Best Prices claims should be dismissed as to Forest.

Fourth, Plaintiffs' reference to two "governmental investigations" as support for a reasonable inference of fraud as against Forest is, in equal parts, desperate and irrelevant.  The Plaintiffs do not even make a colorable attempt to refute the fact that the ongoing inquiry undertaken by the OIG of the Office of Personnel Management has absolutely no bearing on the

---

[2]  Moreover, the CC (at ¶ 124) alleges that the figures reflected on Exhibit B show that the prices at which Forest's drugs were available were lower than the WAC reported by Forest.  In fact, the only examples cited by the Plaintiffs show that in each case it was the WAC that was lower than the proffered "market price."

[3]  Moreover, the fact that other plaintiffs have also alleged similar claims does not serve as a "good faith basis" for Plaintiffs' claims in the actions at issue here.

[4]  Furthermore, even if one truly believed that the AWP was meant to be an average price, it would not be surprising to Plaintiffs or anyone familiar with the pharmaceutical industry that a particular purchaser paid less than the AWP.

facts and claims at issue in this litigation.   With respect to the Senate Finance Committee's industry-wide inquiry into the use of the nominal price exception, Plaintiffs have failed to specify how this investigation (where no allegation, let alone finding, has ever been made that Forest did *anything* wrong) would provide a basis for a reasonable inference of fraud as to Forest, nor have they alleged even "minimal facts" related to this investigation to indicate a "[Forest]-wide scheme to misstate Best Prices." *Suffolk II* at *6.[5]

## CONCLUSION

Forest respectfully requests that this Court dismiss with prejudice all of the claims against Forest in accordance with Rules 8(a) and 9(b).

Dated: New York, New York
     May 11, 2006

Respectfully submitted,

**DORNBUSH SCHAEFFER STRONGIN & VENAGLIA, LLP**

Peter J. Venaglia
Brian T. Rafferty
747 Third Avenue
New York, NY 10017
(212) 759-3300

*Attorneys for Defendants Forest Laboratories, Inc. and Forest Pharmaceuticals, Inc.*

---

[5]   Plaintiffs' reference to other AWP actions in which Forest was named as a defendant only after Suffolk's counsel first named Forest as a defendant in its complaint is unavailing.  The mere fact that essentially copycat claims were subsequently filed does nothing to inject merit into the otherwise unmeritorious claims filed by these Plaintiffs.

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 11th day of May, 2006, electronically served a true and correct copy of the foregoing on counsel of record by transmission to LNFS, pursuant to Case Management Order No.2.

/s/ Clair S. Seu

Clair S. Seu