# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 04-CV-06054)<br>*County of Suffolk v. Abbott Labs., et al.*<br>(E.D.N.Y. No. CV-03-229)<br>*County of Westchester v. Abbott Labs., et al*<br>(S.D.N.Y. No. 03-CV-6178)<br>*County of Rockland v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-7055)<br>*County of Dutchess v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 05-CV-06458)<br>*County of Putnam v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 05-CV-04740)<br>*County of Washington v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00408)<br>*County of Rensselaer v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00422)<br>*County of Albany v. Abbott Labs., et al.*<br>(N.D.N.Y. No. 05-CV-00425) |  |

[Caption Continues on Next Page]

**DEFENDANT ENDO PHARMACEUTICALS INC.'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS THE CONSOLIDATED COMPLAINT OF NEW
YORK CITY AND PLAINTIFF NEW YORK COUNTIES OTHER THAN NASSAU**

| | |
|---|---|
| *County of Warren v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00468) | ) |
| *County of Greene v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00474) | ) |
| *County of Saratoga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00478) | ) |
| *County of Columbia v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00867) | ) |
| *Essex County v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00878) | ) |
| *County of Chenango v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00354) | ) |
| *County of Broome v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00456) | ) |
| *County of Onondaga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00088) | ) |
| *County of Tompkins v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00397) | ) |
| *County of Cayuga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00423) | ) |
| *County of Madison v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00714) | ) |
| *County of Cortland v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00881) | ) |
| *County of Herkimer v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00415) | ) |
| *County of Oneida v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00489) | ) |
| *County of Fulton v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00519) | ) |
| *County of St. Lawrence v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00479) | ) |
| *County of Jefferson v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00715) | ) |
| *County of Lewis v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00839) | ) |
| *County of Chautauqua v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06204) | ) |
| *County of Allegany v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06231) | ) |
| *County of Cattaraugus v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06242) | ) |
| *County of Genesee v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |

| | |
|---|---|
| *County of Niagara v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| AND | ) |
| *County of Nassau v. Abbott Labs., et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |
| _____ | ) |

Defendant Endo Pharmaceuticals Inc. ("Endo") submits this reply memorandum in support of its motion to dismiss the Consolidated Complaint of New York City and Plaintiff New York Counties other than Nassau (the "Consolidated Complaint").[1]

## ARGUMENT

### PLAINTIFFS FAIL TO ALLEGE ANY MISREPRESENTATIONS MADE BY ENDO

Plaintiffs do not allege that Endo communicated false and misleading <u>AWP</u> information to the third-party price reporting services for any of its products. Rather, plaintiffs allege that Endo communicated false and misleading <u>WAC</u> information in order to inflate the AWPs published by third-party price reporting services for Endo products. *See* Consol. Compl. ¶¶ 6, 454. Plaintiffs fail, however, to set forth any allegedly false or misleading WACs purportedly communicated by Endo and fail to otherwise allege any specific misrepresentations made by Endo. Accordingly, plaintiffs' fraud-based claims must be dismissed for failure to allege the "time, place, and content of the alleged false or fraudulent representations." *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 226 (1st Cir. 2004).

Plaintiffs contend that neither this Court's prior holdings nor Rule 9(b) of the Federal Rules of Civil Procedure require them to identify the false representations made by Endo. *See* Plaintiffs' Opposition to Defendant Endo Pharmaceuticals Inc.'s Individual Memorandum of Law in Support of Motion to Dismiss ("Opp."), at 3. To the contrary, this Honorable Court has explicitly held that to meet the requirements of Rule 9(b) a complaint asserting pricing fraud claims must, *inter alia*, "state whether AWP or WAC was communicated for each drug, and to whom it was communicated." *Massachusetts v. Mylan Labs.*, Civ. Action No. 03-11865-PBS,

---

[1] Endo hereby incorporates herein and joins Defendants' Joint Reply Memorandum of Law in Support of Motion to Dismiss the Consolidated Complaint of New York City and Plaintiff New York Counties other than Nassau.

Mem. at 2 (D. Mass. Apr. 5, 2005).  Accordingly, in *Mylan Labs*., the Court required the plaintiff to amend its complaint and "state, drug-by-drug, the allegedly false representations."  *Id.*

As set forth above, plaintiffs assert that Endo communicated false WACs to the third-party price reporting services, not false AWPs.  However, the Endo-specific paragraphs of the Consolidated Complaint do not contain any particularized allegation of any misrepresentation of WAC for any of Endo's products.  Rather, plaintiffs contend that "specific examples of fraudulent WACs" can be found in Exhibit F to the Consolidated Complaint.  Opp. at 3.

That contention is conclusively belied by the Consolidated Complaint itself.  In paragraph 8 of the Consolidated Complaint, plaintiffs themselves describe Exhibit F as a list of "examples of the subject drugs for which AWP exceeds 1.2 or 1.25 times WAC."  Consol. Compl. ¶ 8.  In other words, the WACs set forth in Exhibit F are presumably proffered by the plaintiffs as <u>*accurate*</u> prices, from which plaintiffs urge the inference that the associated AWPs are inflated.  Therefore, far from asserting in Exhibit F that the WACs allegedly reported by Endo are false, the plaintiffs affirmatively rely on those WACs as "true" prices for the subject products.  Accordingly, plaintiffs' claims against Endo must be dismissed for failure to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

**PLAINTIFFS' ALLEGATIONS FAIL TO SUPPORT AN INFERENCE OF FRAUD**

Contrary to the argument in plaintiffs' Opposition, the Consolidated Complaint does not contain any factual allegation regarding Endo from which the requisite inference of fraud can be made.  As this Court has held, Rule 9(b) requires under these circumstances that the Consolidated Complaint articulate "factual allegations of a spread, internal documents, or government investigations from which an inference of fraud can be made."  *In re Pharm. Indus. Average Wholesale Price Litig.*, 2004 WL 2387125, at *2 (D. Mass. Oct. 26, 2004).  The

Consolidated Complaint does not refer to any Endo internal documents, nor does it allege that Endo has been the subject of any "government investigation."[2]

With respect to "factual allegations of a spread from which an inference of fraud can reasonably be made," plaintiffs have not even alleged the existence of a "spread" with respect to 16 of the 36 Endo products listed in Exhibit A of the Consolidated Complaint. As for the other 20 products for which only a "spread" is alleged, plaintiffs' allegations suffer from the same deficiencies that led this Court to dismiss the AWP claims in the *Suffolk County* case. The allegation that unspecified "market prices" available from sources unidentified in the Consolidated Complaint are "substantially" or "significantly" less than AWP does not constitute an allegation of the "time, place, and content of the alleged false or fraudulent misrepresentations" required to satisfy Rule 9(b). *See In re Pharm. Indus. Average Wholesale Price Litig.*, Mem. and Order, dated April 8, 2005, MDL No. 1456 (D. Mass.).

## CONCLUSION

For the reasons stated above and in the other defendants' memoranda of law, the Consolidated Complaint should be dismissed as to Endo.[3]

---

[2] Plaintiffs' reference to the Alabama lawsuit does not cure the deficient allegations of fraud. In the first place, that lawsuit sets forth the same unproven allegations as the Consolidated Complaint, and the State of Alabama does not purport to have conducted the type of "government investigation from which an inference of fraud could reasonably be made." Moreover, the Alabama complaint recites that the allegations in that complaint are based, at least in part, on the allegations in the predecessor to the Consolidated Complaint. The plaintiffs' circular reliance on the mere existence of another lawsuit advancing similar charges does not suffice to satisfy the requirements of Rule 9(b) and the prior holdings of this Court.

[3] Contrary to plaintiffs' assertion, Endo moved to dismiss plaintiffs' Best Price and unjust enrichment claims and plaintiffs' claims pursuant to 18 N.Y.C.R.R. § 515.2(b)(4) & (5) by virtue of Endo's joinder in and incorporation of Defendants' Joint Memorandum of Law in Support of Motion to Dismiss the Consolidated Complaint of New York City and Plaintiff New York Counties other than Nassau. *See* Defendant Endo's Pharmaceuticals Inc.'s Individual Memorandum of Law in Support of its Motion to Dismiss the Consolidated Complaint of New York City and Plaintiff New York Counties Other than Nassau, at 1 n.1.

4

Dated: May 11, 2006                                              Respectfully submitted,

Washington, DC.

                                                     ARNOLD & PORTER LLP

                                    By:     /s/ David D. Fauvre
                                          Jonathan L. Stern (admitted *pro hac vice*)
                                          David D. Fauvre (admitted *pro hac vice*)
                                          555 12th Street, N.W.
                                          Washington, D.C.  20004
                                          (202) 942-5000 (phone)
                                          (202) 942-5999 (fax)

                                          *Attorneys for Defendant Endo*
                                          *Pharmaceuticals Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 11, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                                                                         /s/  David D. Fauvre