UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> _____ ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> *The City of New York v. Abbott Labs., et al.* ) <br> (S.D.N.Y. No. 03-CV-06054) ) <br> *County of Suffolk v. Abbott Labs., et al.* ) <br> (E.D.N.Y. No. CV-03-229) ) <br> *County of Westchester v. Abbott Labs., et al.* ) <br> (S.D.N.Y. No. 03-CV-6178) ) <br> *County of Rockland v. Abbott Labs., et al.* ) <br> (S.D.N.Y. No. 03-CV-7055) ) <br> *County of Putnam v. Abbott Labs, et al.* ) <br> (S.D.N.Y. No. 05-CV-04740) ) <br> *County of Dutchess v. Abbott Labs, et al.* ) <br> (S.D.N.Y. No. 05-CV-06458) ) <br> *County of Putnam v. Abbott Labs, et al.* ) <br> (S.D.N.Y. No. 05-CV-04740) ) <br> *County of Washington v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00408) ) <br> *County of Rensselaer v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00422) ) <br> *County of Albany v. Abbott Labs, et al* ) <br> (N.D.N.Y. No. 05-CV-00425) ) <br> *County of Warren v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00468) ) <br> *County of Greene v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00474) ) <br> *County of Saratoga v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00478) ) <br> *County of Columbia v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00867) ) <br> *Essex County v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00878) ) <br> *County of Ulster v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00123) ) <br> *County of Chanango v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00354) ) <br> *County of Broome v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00456) ) <br> *County of Onondaga v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00088) ) <br> *County of Tompkins v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00397) ) <br> *County of Cayuga v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00423) ) | MDL NO. 1456 <br> Civil Action No. 01-12257-PBS <br><br> Judge Patti B. Saris |

*County of Madison v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00714) )
*County of Cortland v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00881) )
*County of Herkimer v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00415) )
*County of Oneida v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00489) )
*County of Fulton v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00519) )
*County of St. Lawrence v. Abbott Labs, et al.*)
(N.D.N.Y. No. 05-CV-00479) )
*County of Jefferson v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00715) )
*County of Lewis v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00839) )
*County of Chautauqua v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06204) )
*County of Allegany v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06231) )
*County of Cattaraugus v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06242) )
*County of Genesee v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06206) )
*County of Wayne v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06138) )
*County of Monroe v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06148) )
*County of Yates v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06172) )
*County of Niagara v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06296) )
*County of Seneca v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06370) )
*County of Orleans v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06371) )
*County of Ontario v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06373) )
*County of Schuyler v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06387) )
*County of Wyoming v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06739) )
*County of Chemung v. Abbott Lab, et al.* )
(W.D.N.Y. No. 05-CV-06744) )
*County of Nassau v. Abbott Labs, et al.* )
(E.D.N.Y. No. 04-CV-5120) )
_____)

**ELI LILLY AND COMPANY'S SEPARATE REPLY
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
(1) THE CONSOLIDATED COMPLAINT OF NEW YORK CITY
AND NEW YORK COUNTIES OTHER THAN NASSAU AND
(2) THE SECOND AMENDED COMPLAINT OF NASSAU COUNTY**

The Court and the parties long ago recognized that Suffolk County, New York's Complaint was the test complaint for all of these New York County cases. The parties did not undertake rounds of briefing and oral argument on Suffolk County's allegations, and the Court did not issue numerous Memoranda and Orders concerning those allegations, with the expectation that there would be a "do over" for dozens of other similarly situated New York Counties.

The New York Counties' principal contention against Lilly seems to be that the Court sustained the sufficiency of at least some of Suffolk County's allegations against Lilly and the other members of the "Suffolk 13." The New York Counties are mistaken. The Court dismissed all of Suffolk County's allegations against Lilly and the "Suffolk 13." As there is nothing new or different in these new complaints by other New York Counties, they also should be dismissed.

There should not be any basis for confusion concerning the Court's prior decisions related to Lilly and the Suffolk 13. In its October 26, 2004 Memorandum and Order, the Court decided to "defer ruling on the motions to dismiss of the Suffolk 13 . . . . If there is a good faith basis for calculating a spread, the Court will deny the motion to dismiss." In re Pharm. Indus. Average Wholesale Price Litig., No. 01-12257, 2004 WL 2387125, at *2 (D. Mass. Oct. 26, 2004).

Thereafter, the Court reviewed the New York Counties' proffered basis for calculating a spread and found it to be inadequate. Accordingly, the Court granted Lilly's

1

and the Suffolk 13's motions to dismiss. <u>In re Pharm. Indus. Average Wholesale Price Litig.</u>, Mem. and Order at 3 (D. Mass. April 8, 2005). The reason why the April 8, 2005 Order dismissed "the remaining AWP claims" rather than simply dismissing all of Suffolk County's claims, was that the Court's prior Order dated October 26, 2004, already had dismissed some of Suffolk County's claims.

As Lilly's motion to dismiss was granted, it was not required to (and it did not) file an answer to Suffolk County's Complaint.

In June 2005, shortly after the Court's April 2005 Suffolk 13 decision, the New York Counties filed their Consolidated Complaint. Suffolk County is a party to the Consolidated Complaint. In paragraph 32 of the Consolidated Complaint, Suffolk County specifically states that it is not asserting any claims against Lilly.

Given that the Court already dismissed all of Suffolk County's claims against Lilly, there is no reason to revisit that prior Order and require Lilly to answer the virtually identical claims asserted by the other New York Counties.

Lilly is not a party to any of the other AWP cases pending before this Court, and it should not be a party to this one either. The allegations against Lilly are false. Lilly should not be required to spend substantial sums of money on discovery in this case. For all of these reasons, and for the reasons stated in defendants' consolidated memoranda, these complaints should be dismissed as to Lilly.

Dated: May 11, 2006

Respectfully submitted,

/s/ William A. Davis_____
William M. Cowan, BBO#566940
Mintz, Levin, Cohn, Ferris,
  Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

William A. Davis
Mintz, Levin, Cohn, Ferris,
  Glovsky and Popeo, P.C.
701 Pennsylvania Avenue, Suite 900
Washington, DC  20004
(202) 434-7300

Attorneys for Eli Lilly and Company

WDC 386026v.1