UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 04-CV-06054)<br>*County of Suffolk v. Abbott Labs., et al.*<br>(E.D.N.Y. No. CV-03-229)<br>*County of Westchester v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-6178)<br>*County of Rockland v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-7055)<br>*County of Dutchess v. Abbott Labs, et al.*<br>(S.D.N.Y. No. 05-CV-06458)<br>*County of Putnam v. Abbott Labs, et al.*<br>(S.D.N.Y. No. 05-CV-04740)<br>*County of Washington v. Abbott Labs, et al.* | |

[Caption Continues on Next Page]

**BIOGEN IDEC INC.'S SEPARATE REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS (1) THE CONSOLIDATED COMPLAINT OF NEW YORK CITY AND PLAINTIFF NEW YORK COUNTIES OTHER THAN NASSAU AND (2) THE SECOND AMENDED COMPLAINT OF NASSAU COUNTY**

(N.D.N.Y. No. 05-CV-00408)            )
*County of Rensselaer v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00422)            )
*County of Albany v. Abbott Labs, et al*  )
(N.D.N.Y. No. 05-CV-00425)            )
*County of Warren v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00468)            )
*County of Greene v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00474)            )
*County of Saratoga v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00478)            )
*County of Columbia v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00867)            )
*County of Essex v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00878)            )
*County of Chenango v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00354)            )
*County of Broome v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00456)            )
*County of Onondaga v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00088)            )
*County of Tompkins v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00397)            )
*County of Cayuga v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00423)            )
*County of Madison v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00714)            )
*County of Cortland v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00881)            )
*County of Herkimer v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00415)            )
*County of Oneida v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00489)            )
*County of Fulton v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00519)            )
*County of St. Lawrence v. Abbott Labs, et al.*)
(N.D.N.Y. No. 05-CV-00479)            )
*County of Jefferson v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00715)            )
*County of Lewis v. Abbott Labs, et al.*  )
(N.D.N.Y. No. 05-CV-00839)            )
*County of Chautauqua v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06204)            )
*County of Allegany v. Abbott Labs, et al.*  )
(W.D.N.Y. No. 05-CV-06231)            )
*County of Cattaraugus v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06242)            )
*County of Genesee v. Abbott Labs, et al.*  )
(W.D.N.Y. No. 05-CV-06206)            )
*County of Wayne v. Abbott Labs, et al.*  )
(W.D.N.Y. No. 05-CV-06138)            )

| | |
|---|---|
| *County of Monroe v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06148) | ) ) |
| *County of Yates v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06172) | ) ) |
| *County of Niagara v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06296) | ) ) |
| *County of Seneca v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06370) | ) ) |
| *County of Orleans v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06371) | ) ) |
| *County of Ontario v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06373) | ) ) |
| *County of Schuyler v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06387) | ) ) |
| *County of Steuben v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06223) | ) ) |
| *County of Chemung v. Abbott Labs, et al.* (W.D.N.Y. No. 05-CV-06744) | ) ) |
| AND | ) |
| *County of Nassau v. Abbott Labs, et al.* (E.D.N.Y. No. 04-CV-5126) | ) ) ) |

Defendant Biogen Idec Inc. ("Biogen") submits this Reply Memorandum of Law in further support of its motion to dismiss the consolidated complaint of New York City and plaintiff New York Counties other than Nassau County ("Consolidated Complaint" or "Cons. Compl.") and the Second Amended Complaint of Nassau County ("NSAC").[1] Biogen is one of the "Suffolk 13+6" defendants against whom the Court has dismissed all claims asserted by Suffolk County.[2]

## I. PLAINTIFFS' AWP ALLEGATIONS REMAIN INSUFFICIENT AS THEY FAIL TO ALLEGE A "SPREAD" FOR AVONEX®[3].

Plaintiffs concede that in order to maintain an AWP claim for Avonex®, they must "set forth factual allegations regarding a spread, including internal documents or government investigations from which an inference of fraud can reasonably be made." Opp. Mem. at 3, citing *Suffolk II*, 2004 WL 2387125 at *2. As this Court has previously held, plaintiffs cannot survive Fed. R. Civ. P. 9(b) unless they "state, drug-by-drug, the allegedly false representations … and provide [plaintiffs'] basis for calculating a spread between the published AWP and the actual average price at which the drug is sold by wholesalers." *See Massachusetts v. Mylan Laboratories*, Civ. No. 03-11865-PBS (April 5, 2005); *see also In re Pharm. Indus. Average Wholesale Price Litig.*, MDL No. 1456, Memorandum and Order dated April 8, 2005 (D. Mass. 2005). Plaintiffs, by their own admission, fail to meet this standard.

Despite Plaintiffs' admission and the fact that Avonex® is not included in Exhibit B to the Consolidated Complaint[4] or Exhibit A to the NSAC[5], Plaintiffs remarkably contend that they

---

[1] Biogen hereby adopts and incorporates herein each of the arguments set forth in the Defendants' Joint Reply Memorandum of Law in Support of Motion to Dismiss (1) the Consolidated Complaint of New York City and Plaintiff New York Counties Other Than Nassau and (2) The Second Amended Complaint of Nassau County ("Defendants' Joint Reply").

[2] *In re Pharm. Indus. Average Wholesale Price Litig.*, 339 F. Supp. 2d 165 (D. Mass. Sept. 30, 2004); *In re Pharm. Indus. Average Wholesale Price Litig.*, 2004 WL 2387125 (D. Mass. Oct. 26, 2004) ("*Suffolk II*"); *In re Pharm. Indus. Average Wholesale Price Litig.*, MDL No. 1456, Memorandum and Order dated April 8, 2005 (D. Mass. 2005).

[3] Plaintiffs concede that their claims are limited to Avonex® (Plaintiffs' Opposition to Biogen Idec Inc.'s Separate Memorandum of Law in Support of Motion to Dismiss ("Opp. Mem.") at 1, fn 1).

"now have sufficient Biogen market price data," and request leave of this Court to provide the requisite detail. Opp. at 3. However, Plaintiffs provide no information about the source of the so-called "market price data" they have obtained. Moreover, Plaintiffs first asserted claims against Biogen in 2003, and have subsequently been allowed numerous attempts to locate and allege factual detail necessary to support their claims. Plaintiffs' request for leave to provide further detail should be denied and Plaintiffs' AWP claims should accordingly be dismissed with prejudice. *Hayduk v. Lanna*, 775 F.2d 441, 445 (1st Cir. 1985) (dismissal with prejudice on Rule 9(b) grounds was "well within the discretion of the district court" after plaintiff had opportunity to amend complaint to include requisite particularity).

## II.   PLAINTIFFS FAIL TO ALLEGE BEST PRICES CLAIMS WITH SUFFICIENT PARTICULARITY.

Plaintiffs assert that they have set forth sufficient facts with respect to "the allegedly fraudulent or false price reported to the state" for Avonex®. Opp. Mem. at 2. They have done nothing of the kind. Plaintiffs' "best prices" allegations relating to Avonex® consist of <u>one paragraph</u> copied from an unverified complaint in an unrelated employment discrimination suit, wherein it was alleged that on one occasion, in August 2004, Biogen credited a customer return at a WAC "higher" than the WAC at the initial time of initial sale, and subsequently did not "properly account[]" for this "de facto discount" in its best price calculation. Cons. Compl. ¶ 335; NSAC ¶ 316. Plaintiffs do not identify a single allegedly fraudulent best price reported to the State for Avonex®, let alone the time, place and circumstances of any such claim. As a result, Plaintiffs' allegations fail to meet the particularity requirements under Rule 9(b).

---

[4] Exhibit B to the Consolidated Complaint contains the alleged "Price Date," "Fraudulent AWP," "Market Price" and percentage "Spread" for the drugs at issue.
[5] Nassau County alleges, "Exhibit A shows examples of the generally available market prices for the Biogen drugs at issue....Biogen Idec's marketing scheme is evidenced by Exhibit A," NSAC ¶¶ 308-309, yet fails to list any Biogen drugs in Exhibit A. The NSAC omits any particular allegations about Avonex®'s alleged "market price" or "spread."

In an effort to salvage their best prices claim in the absence of any specific allegations about Avonex® best prices, Plaintiffs attempt to argue that Biogen engaged in some sort of "company-wide scheme and strategy" to "misstate" best prices. As previously briefed, bald assertions lacking the requisite factual detail are insufficient. Accordingly, Plaintiffs' Best Prices claims should be dismissed.

### III. PLAINTIFFS ERRONEOUSLY STATE THAT BIOGEN DOES NOT CONTEST OTHER AWP CLAIMS.

Plaintiffs claim that the Court has sustained Suffolk County's "AWP unjust enrichment claims, and AWP claims for violation of 18 N.Y.C.R.R. § 515.2(b)(4) & (5)." Opp. Mem. at 4. This claim is belied by this Court's prior Order dismissing "the remaining AWP claims against the Suffolk 13," *April 8, 2005 Memorandum and Order* at 3. Furthermore, Plaintiffs stipulated that Suffolk County does not join in the Consolidated Complaint with respect to *any* claims against Biogen. *See* Case Management Order 21, at 3 (entered Feb. 2, 2006). Plaintiffs also erroneously claim that Biogen "does not contest" these claims, Opp. Mem. at 4, despite Biogen's explicit adoption and incorporation of the Defendants' Joint Memorandum of Law in Support of Motion to Dismiss (1) the Consolidated Complaint of New York City and Plaintiff New York Counties Other Than Nassau and (2) The Second Amended Complaint of Nassau County, which contests these claims on pp. 20-21, 24. *See* Biogen Idec Inc.'s Separate Memorandum of Law in Support of its Motion to Dismiss (1) The Consolidated Complaint of New York City and Plaintiff New York Counties Other Than Nassau and (2) The Second Amended Complaint of Nassau County at note 1.

For the foregoing reasons, Biogen respectfully requests that the complaints be dismissed with prejudice, as to it.

                              Respectfully submitted,
                              BIOGEN IDEC INC.

                              By its attorneys,

                              /s/ Kimberly I. Friday
                              James C. Burling (BBO #065960)
                              Maura T. Healey (BBO #640856)
                              Kimberly I. Friday (BBO #660544)
                              Wilmer Cutler Pickering Hale and Dorr LLP
                              60 State Street
                              Boston, MA 02109

Dated:  May 11, 2006               (617) 526-6000

## Certificate of Service

I hereby certify that on May 11, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service via LexisNexis File & Serve pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Kimberly I. Friday
Kimberly I. Friday, Esq.