UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-06054)<br>*County of Suffolk v. Abbott Labs., et al.*<br>(E.D.N.Y. No. CV-03-229)<br>*County of Westchester v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-6178)<br>*County of Rockland v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-7055)<br>*County of Dutchess v. Abbott Labs, et al.*<br>(S.D.N.Y. No. 05-CV-06458)<br>*County of Putnam v. Abbott Labs, et al.*<br>(S.D.N.Y. No. 05-CV-04740)<br>*County of Washington v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00408)<br>*County of Rensselaer v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00422)<br>*County of Albany v. Abbott Labs, et al*<br>(N.D.N.Y. No. 05-CV-00425) | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

[Caption Continues on Next Page]

**REPLY MEMORANDUM OF THE "PFIZER DEFENDANTS"
IN SUPPORT OF THEIR MOTION TO DISMISS
(1) THE CONSOLIDATED COMPLAINT OF NEW YORK CITY AND
PLAINTIFF NEW YORK COUNTIES OTHER THAN NASSAU AND
(2) THE SECOND AMENDED COMPLAINT OF NASSAU COUNTY**

1

| | |
|---|---|
| *County of Warren v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00468) | ) |
| *County of Greene v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00474) | ) |
| *County of Saratoga v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00478) | ) |
| *County of Columbia v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00867) | ) |
| *Essex County v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00878) | ) |
| *County of Ulster v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00123) | ) |
| *County of Chenango v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00354) | ) |
| *County of Broome v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00456) | ) |
| *County of Onondaga v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00088) | ) |
| *County of Tompkins v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00397) | ) |
| *County of Cayuga v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00423) | ) |
| *County of Madison v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00714) | ) |
| *County of Cortland v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00881) | ) |
| *County of Herkimer v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00415) | ) |
| *County of Oneida v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00489) | ) |
| *County of Fulton v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00519) | ) |
| *County of St. Lawrence v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00479) | ) |
| *County of Jefferson v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00715) | ) |
| *County of Lewis v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00839) | ) |
| *County of Chautauqua v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06204) | ) |
| *County of Allegany v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06231) | ) |
| *County of Cattaraugus v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06242) | ) |

| | |
|---|---|
| County of Genesee v. Abbott Labs, et al. | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Wyoming v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06739) | ) |
| *County of Steuben v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| AND | ) |
| *County of Nassau v. Abbott Labs, et al.* | ) |
| (E.D.N.Y. No. 04-CV-5120) | ) |

Pfizer Inc., Pharmacia Corporation, Greenstone LTD, and Agouron Pharmaceuticals, Inc. (the "Pfizer Defendants") submit this separate reply memorandum in support of their motion to dismiss the Consolidated New York City and New York County Complaint (the "Consolidated Complaint") and the Second Amended Complaint of Nassau County (the "Nassau Complaint") (collectively, the "Complaints").  The Pfizer Defendants also join in Defendants' Joint Reply Memorandum of Law in Support of Motion to Dismiss the Complaints and in Defendant Merck & Co., Inc.'s Separate Reply Memorandum in Support of its Motion to Dismiss (the "Merck Memorandum").  Defendants Pharmacia and Greenstone also join in Defendant Sandoz Inc.'s Supplemental Reply Memorandum of Law Regarding Multiple Source Generic Drugs (the "Sandoz Memorandum").

Plaintiffs' Opposition to the Pfizer Defendants' opening memorandum fails to address, let alone refute, the deficiencies in the Complaints as to the Pfizer Defendants.

First, plaintiffs argue that they have satisfied their pleading burdens as to Agouron and Greenstone by describing their corporate relationships to Pfizer and listing drugs that they allegedly sold.  *See* Pl. App., pp. 1-2.  However, plaintiffs have pleaded no facts that, if true, would establish any fraudulent conduct by Agouron or Greenstone.[1]  The paragraphs cited by plaintiffs (*see* Pl. App., p.2) do not even mention Agrouron or Greenstone.

Second, plaintiffs do not address the fact that allegations in the Complaints regarding Pharmacia are essentially indistinguishable from those in the complaint originally filed by Suffolk County, which this Court dismissed.  Plaintiffs have provided no reasoned basis for bringing Pharmacia back into this case.

---

[1] Indeed, Plaintiffs acknowledge that they do not provide even so-called "exemplary spreads" for any Agouron products.  Pl. App., p. 2 n.3.

Third, in response to the Pfizer Defendants' arguments that the Complaints fail to plead any fraudulent scheme with particularity, plaintiffs rely on nothing more than (a) undifferentiated allegations concerning all defendants, (b) the alleged existence of government investigations on unrelated subjects, and (c) alleged "spreads" between AWP and the "market price" for certain drugs. *Id.*, pp. 2-3. Plaintiffs do not explain how these allegations add up to a claim for fraud. Instead, plaintiffs simply assert that they need not do more. However, this Court has already ruled that plaintiffs "must allege sufficient facts regarding the . . . [alleged] fraudulent . . . scheme with respect to each Defendant." *Suffolk II* at *5 (emphasis in original). Similarly, this Court required plaintiffs to explain their "spread" calculations and disclose all documents relevant to those calculations. *Id.* at *4. Plaintiffs have done neither.

The Court has given plaintiffs several opportunities to bring viable complaints, and clear instructions on the standards that it would apply to their latest attempt. The Court should apply those standards one final time, and dismiss the Complaints as to the Pfizer Defendants.

Respectfully Submitted,

BY:   /s/ Mark D. Smith
      _____
      Mark D. Smith (BBO #542676)
      Laredo & Smith LLP
      15 Broad Street, Suite 600
      Boston, MA 02109
      (617) 367-7984 (telephone)
      (617) 367-6475 (facsimile)

      John C. Dodds, Esq.
      Erica Smith-Klocek, Esq.
      Morgan Lewis & Bockius LLP
      1701 Market Street
      Philadelphia, PA 19103-2921
      (215) 963-5000 (telephone)
      (215) 963-5001 (facsimile)

                                          Scott A. Stempel, Esq.
                                        Morgan Lewis & Bockius LLP
                                        Pennsylvania Avenue, N.W.
                                        Washington, D.C. 20004
                                        (202) 739-3000 (telephone)
                                        (202) 739-3001 (facsimile)

Dated: May 11, 2006              *Attorneys for Defendants Pfizer Inc., Pharmacia Corp., Greenstone LTD, and Agouron Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

      I, Mark D. Smith, hereby certify that on May 11, 2006, I caused a true and correct copy of the foregoing Separate Memorandum of the "Pfizer Defendants" in Support of their Motion to Dismiss (1) the Consolidated Complaint of New York City and Plaintiff New York Counties Other than Nassau and (2) the Second Amended Complaint of Nassau County to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2, by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated:  May 11, 2006　　　　　　　　　　　　　　／s／  Mark D. Smith
　　　　　　　　　　　　　　　　　　　　　　　　Mark D. Smith, Esquire