UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE PRICE ) <br> LITIGATION ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> *The City of New York v. Abbott Labs., et al.* ) <br> (S.D.N.Y. No. 04-CV-06054) ) <br> *County of Suffolk v. Abbott Labs., et al.* ) <br> (E.D.N.Y. No. CV-03-229) ) <br> *County of Westchester v. Abbott Labs., et al.* ) <br> (S.D.N.Y. No. 03-CV-6178) ) <br> *County of Rockland v. Abbott Labs., et al.* ) <br> (S.D.N.Y. No. 03-CV-7055) ) <br> *County of Putnam v. Abbott Labs, et al.* ) <br> (S.D.N.Y. No. 05-CV-04740) ) <br> *County of Dutchess v. Abbott Labs, et al.* ) <br> (S.D.N.Y. No. 05-CV-06458) ) <br> *County of Putnam v. Abbott Labs, et al.* ) <br> (S.D.N.Y. No. 05-CV-04740) ) <br> *County of Washington v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00408) ) <br> *County of Rensselaer v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00422) ) <br> *County of Albany v. Abbott Labs, et al* ) <br> (N.D.N.Y. No. 05-CV-00425) ) <br> *County of Warren v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00468) ) <br> *County of Greene v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00474) ) <br> *County of Saratoga v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00478) ) <br> *County of Columbia v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00867) ) <br> *Essex County v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00878) ) <br> *County of Chanango v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00354) ) <br> *County of Broome v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00456) ) <br> *County of Onondaga v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00088) ) <br> *County of Tompkins v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00397) ) <br> *County of Cayuga v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00423) ) <br> *County of Madison v. Abbott Labs, et al.* ) <br> (N.D.N.Y. No. 05-CV-00714) ) <br> *County of Cortland v. Abbott Labs, et al.* ) | MDL NO. 1456 <br> Civil Action No. 01-12257-PBS <br><br> Judge Patti B. Saris |

| | |
|---|---|
| (N.D.N.Y. No. 05-CV-00881) | ) |
| *County of Herkimer v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00415) | ) |
| *County of Oneida v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00489) | ) |
| *County of Fulton v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00519) | ) |
| *County of St. Lawrence v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00479) | ) |
| *County of Jefferson v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00715) | ) |
| *County of Lewis v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00839) | ) |
| *County of Chautauqua v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06204) | ) |
| *County of Allegany v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06231) | ) |
| *County of Cattaraugus v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06242) | ) |
| *County of Genesee v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Chemung v. Abbott Lab, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| County of Nassau v. Abbott Labs, et al. | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |
| | ) |

**SANOFI-SYNTHELABO'S INDIVIDUAL REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS (1) THE CONSOLIDATED COMPLAINT OF NEW YORK CITY AND PLAINTIFF NEW YORK COUNTIES OTHER THAN NASSAU AND (2) THE SECOND AMENDED COMPLAINT OF NASSAU COUNTY**

Defendant Sanofi-Synthelabo, Inc. ("Sanofi") respectfully submits this Reply Memorandum in support of its Motion to Dismiss (1) the consolidated complaint of New York

130875v3

City and Plaintiff New York counties other than Nassau and (2) the Second Amended Complaint of Nassau County (the "Complaints"). Plaintiffs filed suit against Sanofi as part of the "Sanofi Aventis Group." Other than general boilerplate language ostensibly applicable to all defendants, Plaintiffs make no specific allegations of fraud with regard to Sanofi.

In contravention of this Court's many orders, Plaintiffs boldly claim that they need not allege any facts specific to Sanofi's alleged fraud, because the allegations Plaintiffs make against Sanofi's "sister company," Aventis Pharmaceuticals Inc., somehow demonstrate fraud on the part of Sanofi. Additionally, recognizing that they make no specific allegations regarding a "spread" for any Sanofi product, Plaintiffs claim they have satisfied this Court's prior orders because a company-wide scheme to misstate Best Prices can be inferred from a single "investigation" by the Senate Finance Committee. Sanofi has recently provided Plaintiffs with Sanofi's response to the Senate Finance Committee inquiry which clearly indicated that Sanofi did not use the Nominal Price Exception to the Best Price reporting requirements. Nonetheless, Plaintiffs have refused to dismiss their complaints as to Sanofi.

In response to Sanofi's Motion to Dismiss, Plaintiffs argue that they satisfy the requirements of Fed. .R. Civ. .P. 9(b) by alleging the name of every Sanofi drug for which they assert Best Price claims. Plaintiffs have indeed listed approximately 50 Sanofi products and put a price beside them called "fraudulent AWP." But Plaintiffs have merely listed a Sanofi product, looked at the Red Book AWP for that product, and labeled it "fraudulent." Plaintiffs do not describe how, when or why the AWP is "fraudulent" and nowhere in their complaints have Plaintiffs made any factual allegations regarding any so-called "spread" for any Sanofi product. This cannot possibly satisfy Rule 9(b) - Plaintiffs labeling a price fraudulent, without more, does not make it so.

130875v3

Accordingly, under this Court's prior rulings, the only possible way for Plaintiffs to satisfy the requirements of Rule 9(b) is to cite internal documents or government investigations from which an inference of fraud can reasonably be made. *See In re Pharm. Indus. Average Wholesale Price Litig.*, 2004 WL 2387125 *4, (D. Mass. Oct. 26, 2004). Plaintiffs do not cite any internal documents of Sanofi, but instead argue that "the complaints are replete with particular allegations regarding Aventis' misconduct." While the complaints indeed make allegations regarding Aventis (which Aventis disputes), the alleged conduct of Aventis (and even its predecessor company Hoechst Marion Roussel), all of which occurred years prior to the merger that formed Sanofi-Aventis in August 2004, cannot possibly be imputed to Sanofi. Plaintiffs' disingenuous attempts to use allegations against Aventis to state a claim against Sanofi must be rejected.

Likewise, Plaintiffs seek to use a single request for information from the Senate Finance Committee as the basis for inferring that Sanofi was engaged in a company-wide scheme to misstate Best Prices. Notwithstanding the irrelevance of that "investigation" to the allegations in the complaint, under relevant New York law, references to administrative investigations that do not result in adjudication of the underlying issues are immaterial and should be stricken from the complaints. *See Gotlin v. Lederman*, 367 F.Supp. 2d 349, 363 (E.D.N.Y. 2005). *See also In re Merrill Lynch & Co. Research Reports Securities Litigation*, 218 F.R.D. 76 (S.D.N.Y. 2003), *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2nd Cir. 1976). Plaintiffs' complaints clearly demonstrates why New York courts do not permit such allegations.

In April 2004, the Senate Finance Committee asked 19 drug companies to provide information on how they price drugs. Senate Finance Committee Press Release, attached as Exhibit 1. The Committee chose the 19 companies who were "industry leaders in sales in 2003, and the eight categories of drugs were top sellers in 2003." There is no indication that Sanofi

130875v3

was being "investigated" based on a suspicion of "misstating Best Prices"; rather Sanofi was selected for inclusion in the Committee's investigation solely on the basis of its sales. Moreover, as Plaintiffs are now aware, Sanofi responded to the Committee that it does not engage in nominal pricing as that term is used in the statutes and regulations. Attached as Exhibit 2. The follow-up letter from the Senate Finance Committee, attached as Exhibit 3, further confirms that Sanofi was not the subject of any investigation into wrongdoing. The letter states that "the Committee has been engaged in an effort to understand pricing practices under the Medicaid Rebate Program," and expresses the Committee's appreciation for Sanofi's cooperation in this effort. To the extent the Committee had any concern about use of the nominal price exception, that concern would have been directed at companies that utilize the exception, not at Sanofi. In summary, Plaintiffs do not have a good faith basis for citing this "investigation" as a basis for a fraud claim against Sanofi.

For these reasons, as well as the reasons stated in the Defendants' Joint Reply Memorandum, Plaintiffs have failed to state a claim against Sanofi upon which relief can be granted and their claims must be dismissed with prejudice.

130875v3

Dated: May 11, 2006                                Respectfully submitted,

/s/ Jennifer H. McGee
Jennifer H. McGee
SHOOK, HARDY & BACON L.L.P.
Hamilton Square
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

Michael L. Koon
Joseph A. Matye
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd
Kansas City, MO 64105
Telephone: (816) 474-6550
Facsimile: (861) 421-5547

Michael DeMarco (BBO #1199690)
Jeanne E. Demers (BBO #561255)
KIRKPATRICK & LOCKHART LLP
75 State Street
Boston, MA 02109
Telephone: (617) 951-9111
Facsimile: (617) 261-3175

ATTORNEYS FOR SANOFI-SYNTHELABO, INC.

130875v3

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served, this 11th day of May, 2006, to all counsel of record by electronic service pursuant to Case Management Order No. 2, by sending a copy of this document to LexisNexis for posting and notification to all parties.

/s/ Jennifer H. McGee
Jennifer H. McGee

130875v3