UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Labs., et al.* (S.D.N.Y. No. 04-CV-6054)<br>*County of Albany v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-0425)<br>*County of Allegany v. Abbott Labs., et al.* (W.D.N.Y. No. 05-CV-0236)<br>*County of Broome v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-0456)<br>*County of Cattaraugus v. Abbott Labs., et al.* (W.D.N.Y. No. 05-CV-0256)<br>*County of Cayuga v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-0423)<br>*County of Chautauqua v. Abbott Labs., et al.* (W.D.N.Y. No. 05-CV-0214)<br>*County of Chemung v. Abbott Labs., et al.* (W.D.N.Y. No. 05-CV-6744)<br>*County of Chenango v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-0354)<br>*County of Columbia v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-0867)<br>*County of Cortland v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-0881)<br>*County of Dutchess v. Abbott Labs., et al.* (S.D.N.Y. No. 05-CV-6458)<br>*County of Essex v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-0878)<br>*County of Fulton v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-0519)<br>*County of Genesee v. Abbott Labs., et al.* (W.D.N.Y. No. 05-CV-0267)<br>*County of Greene v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-0474)<br>*County of Herkimer v. Abbott Labs., et al.* (N.D.N.Y. No. 05-CV-0415) | **THE ROCHE DEFENDANTS' SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTIONS TO DISMISS (1) THE CONSOLIDATED COMPLAINT OF NEW YORK CITY AND PLAINTIFF NEW YORK COUNTIES OTHER THAN NASSAU AND (2) THE SECOND AMENDED COMPLAINT OF NASSAU COUNTY** |

| | |
|---|---|
| *County of Jefferson v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-0715) | ) |
| *County of Lewis v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-0839) | ) |
| *County of Madison v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-0714) | ) |
| *County of Monroe v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-6148) | ) |
| *County of Niagara v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-6296) | ) |
| *County of Oneida v. Abbott Labs., et al* | ) |
| (N.D.N.Y. No. 05-CV-0489) | ) |
| *County of Onondaga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-0088) | ) |
| *County of Ontario v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-6373) | ) |
| *County of Orleans v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-6371) | ) |
| *County of Putnam v. Abbott Labs., et al.* | ) |
| (S.D.N.Y. No. 05-CV-4748) | ) |
| *County of Rensselaer v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-0422) | ) |
| *County of Rockland v. Abbott Labs., et al.* | ) |
| (S.D.N.Y. No. 03-CV-7055) | ) |
| *County of St. Lawrence v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-0479) | ) |
| *County of Saratoga v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-0478) | ) |
| *County of Schuyler v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-6387) | ) |
| *County of Seneca v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-6370) | ) |
| *County of Steuben v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-6223) | ) |
| *County of Suffolk v. Abbott Labs., et al.* | ) |
| (E.D.N.Y. No. CV-03-0229) | ) |
| *County of Tompkins v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-0397) | ) |
| *County of Ulster v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 06-CV-0123) | ) |
| *County of Warren v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-0468) | ) |
| *County of Washington v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-0408) | ) |
| *County of Wayne v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-6138) | ) |

| | |
|---|---|
| *County of Westchester v. Abbott Labs., et al.* | ) |
| (S.D.N.Y. No. 03-CV-6178) | ) |
| *County of Wyoming v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-6379) | ) |
| *County of Yates v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. 05-CV-6172) | ) |
| | ) |
| *County of Nassau v. Abbott Labs., et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |
| | ) |
| _____ | ) |

Plaintiffs' Opposition to the Roche Defendants' Supplemental Memorandum in Support of the Motion to Dismiss ("Opp.") confirms that the Consolidated Complaint and the County of Nassau's Second Amended Complaint (Nassau SAC) should be dismissed with prejudice as to Hoffmann-La Roche Inc. and Roche Laboratories Inc. (together, "Roche"). Nothing underscores the complaints' failure to properly allege any cause of action against Roche better than plaintiffs' request that they be allowed to re-plead "if" they manage at some point to obtain facts to support their wholly conclusory allegations against Roche. Opp. at 5. Plaintiffs do not, because they cannot, explain why this Court's opinion dismissing Roche from the Amended Master Consolidated Class Action Complaint should not apply with equal force here. *See In re Pharm. Indus. Avg. Wholesale Price Litig.*, 307 F. Supp. 2d 196, 209-10 (D. Mass. 2004). They ignore the opinion, and implicitly concede that nothing has changed. After years of investigations by private plaintiffs and myriad government authorities, plaintiffs have failed to properly allege any internal documents, government investigations, or "spreads" that could reasonably result in an inference of wrongdoing by Roche. Plaintiffs should not have included Roche in their complaints, and their complaints should be dismissed with prejudice.[1]

## I. Plaintiffs Have Not Sufficiently Alleged Fraudulent AWPs or 'Spreads' as to Roche.

Plaintiffs fail to refute Roche's argument that the complaints do not adequately allege fraudulent "spreads" for Roche products. Plaintiffs simply ignore the notable absence of Roche products from the Consolidated Complaint's charts of AWPs and "spreads" in Exhibits B and F and from the Nassau SAC's chart of "Fraudulent AWP" and "Spread" in Exhibit A. The references in plaintiffs' Opposition to the prices purportedly received by Ven-A-Care of the Florida Keys from McKesson/Servall as the source of their alleged "market prices" do not

---

[1] *See Hayduk v. Lanna*, 775 F.2d 441, 445 (1st Cir. 1985) (holding that it is "well within the discretion of the district court" to dismiss fraud claims with prejudice where plaintiff was aware of the lack of particularity and had previous opportunities to amend the pleadings).

redress the inadequacies of the complaints themselves. One reads the complaints in vain in search of a reference to Ven-A-Care or McKesson/Servall or any connection of these entities to Roche or Roche products. *See O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) (granting motion to dismiss pursuant to Rule 9(b) and noting "it is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss"). Furthermore, plaintiffs' reliance on the alleged failure of any defendant in the *California ex rel. Ven-A-Care of the Florida Keys* litigation to challenge those "market prices" in order to support these "market prices" as to Roche is, at best, disingenuous. Contrary to plaintiffs' assertion, Roche is not (and never has been) a defendant in that case.

Most importantly, plaintiffs cannot satisfy their pleading requirements by alleging a "spread" based on the existence of any price that differs from AWP by more than 25%. As this Court previously held, plaintiffs must show a "basis for calculating a spread between the published AWP and the actual average price at which the drug is sold by wholesalers." Order of April 8, 2005 at 1 (D. Mass. Apr. 8, 2005). The "market prices" cited by plaintiffs do not even purport to be actual average prices. Moreover, plaintiffs' unsupported claim of a "market price" and "spread" for two isolated products -- Kytril and Klonopin -- in a single year is not enough to show evidence of a "company-wide" plan to market the "spread," and cannot sustain their complaints. Indeed, plaintiffs concede that they have no claims as to Roche's physician-administered drugs reimbursed since June 1994. Opp. at 4. Because the only "spread" plaintiffs defend in their Opposition is for a physician-administered formulation of Kytril in 2000, this

2

concession is fatal to plaintiffs' claims.[2] Plaintiffs also fail to address Roche's challenge to the allegations regarding Klonopin, the only drug for which Nassau alleges a "spread."

Plaintiffs' additional scatter-shot arguments concerning physician-administered drugs are spurious as to Roche. They concede that New York has reimbursed physician-administered drugs at actual acquisition cost since June 1994, but claim, without any foundation, that physician-administered drugs "can also be self-administered" and thus reimbursed based on AWP. Opp. at 4. They do not name a single Roche drug for which they believe this to be the case. Plaintiffs also cannot support a claim against Roche based on activities allegedly undertaken by TAP, an entity wholly unrelated to Roche, regarding the marketing of Lupron, a product unrelated to Roche. *Id.*

## II. Plaintiffs Have Not Sufficiently Alleged Wrongful Conduct as to Roche.

Plaintiffs do not, because they cannot, refute Roche's point that the Congressional inquiries, which resulted in no finding of wrongdoing on Roche's part, do not support an inference of unlawful conduct. Indeed, the more reasonable inference is to the contrary. Plaintiffs additionally do not refute that this Court can take judicial notice of the results of the investigations. Plaintiffs' skeletal accusations of "investigations" fail to support either plaintiffs' AWP claims or their Best Price claims.[3]

For the above reasons, as well as those set forth in Roche's Supplemental Motion to Dismiss, the Joint Motion to Dismiss, and the Joint Reply, plaintiffs' claims against Roche should be dismissed.

---

[2] Moreover, plaintiffs' alleged 1992-94 claims are well beyond the statute of limitations. *See 131 Main St. Assocs. v. Manko*, 897 F. Supp. 1507, 1521-22 (S.D.N.Y. 1995) (citing New York statute of limitations for fraud claims of six years, or two years from the date the fraud should have been discovered).
[3] Plaintiffs' Best Price claims are doubly inadequate because plaintiffs themselves concede that they have not "tied their allegations to a particular drug." Opp. at 4.

3

May 11, 2006

Respectfully submitted,

*Colleen Hennessey* /on

Colleen Hennessey
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
Telephone: (617) 951-2100
Facsimile: (617) 951-2125

Kevin R. Sullivan
Grace M. Rodriguez
John D. Shakow
Augusta M. Ridley
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

Attorneys for Defendant Hoffmann-La Roche Inc.
and Roche Laboratories Inc.