**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSSETTS**

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 04-CV-06054)<br><br>*County of Nassau v. Abbott Labs, et al.*<br>(E.D.N.Y. No. 04-CV-5126)<br><br>and other cases listed on the following page | ) ) ) ) ) ) ) ) ) ) ) ) |

**SEPARATE REPLY MEMORANDUM OF**
**BOEHRINGER INGELHEIM CORPORATION**
**IN SUPPORT OF ITS MOTION TO DISMISS**
Lauren O. Casazza
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10011
Tel:  (212) 446-4800

Helen E. Witt, P.C.
Brian P. Kavanaugh
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, Illinois  60601-6636
Tel:  (312) 861-2000

*Attorneys for Defendant*
*Boehringer Ingelheim Corporation*

| | |
|---|---|
| THIS DOCUMENT RELATES TO:                                    )<br>                                                              )<br>*The City of New York v. Abbott Labs., et al.*                )<br>(S.D.N.Y. No. 04-CV-06054)                                    )<br>*County of Suffolk v. Abbott Labs., et al.*                   )<br>(E.D.N.Y. No. CV-03-229)                                      )<br>*County of Westchester v. Abbott Labs., et al.*               )<br>(S.D.N.Y. No. 03-CV-6178)                                     )<br>*County of Rockland v. Abbott Labs., et al.*                  )<br>(S.D.N.Y. No. 03-CV-7055)                                     )<br>*County of Putnam v. Abbott Labs, et al.*                     )<br>(S.D.N.Y. No. 05-CV-04740)                                    )<br>*County of Dutchess v. Abbott Labs, et al.*                   )<br>(S.D.N.Y. No. 05-CV-06458)                                    )<br>*County of Putnam v. Abbott Labs, et al.*                     )<br>(S.D.N.Y. No. 05-CV-04740)                                    )<br>*County of Washington v. Abbott Labs, et al.*                 )<br>(N.D.N.Y. No. 05-CV-00408)                                    )<br>*County of Rensselaer v. Abbott Labs, et al.*                 )<br>(N.D.N.Y. No. 05-CV-00422)                                    )<br>*County of Albany v. Abbott Labs, et al*                      )<br>(N.D.N.Y. No. 05-CV-00425)                                    )<br>*County of Warren v. Abbott Labs, et al.*                     )<br>(N.D.N.Y. No. 05-CV-00468)                                    )<br>*County of Greene v. Abbott Labs, et al.*                     )<br>(N.D.N.Y. No. 05-CV-00474)                                    )<br>*County of Saratoga v. Abbott Labs, et al.*                   )<br>(N.D.N.Y. No. 05-CV-00478)                                    )<br>*County of Columbia v. Abbott Labs, et al.*                   )<br>(N.D.N.Y. No. 05-CV-00867)                                    )<br>*Essex County v. Abbott Labs, et al.*                         )<br>(N.D.N.Y. No. 05-CV-00878)                                    )<br>*County of Chenango v. Abbott Labs, et al.*                   )<br>(N.D.N.Y. No. 05-CV-00354)                                    )<br>*County of Broome v. Abbott Labs, et al.*                     )<br>(N.D.N.Y. No. 05-CV-00456)                                    )<br>*County of Onondaga v. Abbott Labs, et al.*                   )<br>(N.D.N.Y. No. 05-CV-00088)                                    )<br>*County of Tompkins v. Abbott Labs, et al.*                   )<br>(N.D.N.Y. No. 05-CV-00397)                                    )<br>*County of Cayuga v. Abbott Labs, et al.*                     )<br>(N.D.N.Y. No. 05-CV-00423)                                    )<br>*County of Madison v. Abbott Labs, et al.*                    )<br>(N.D.N.Y. No. 05-CV-00714)                                    )<br>*County of Cortland v. Abbott Labs, et al.*                   )<br>(N.D.N.Y. No. 05-CV-00881)                                    ) | *County of Herkimer v. Abbott Labs, et al.*          )<br>(N.D.N.Y. No. 05-CV-00415)                            )<br>*County of Oneida v. Abbott Labs, et al.*             )<br>(N.D.N.Y. No. 05-CV-00489)                            )<br>*County of Fulton v. Abbott Labs, et al.*             )<br>(N.D.N.Y. No. 05-CV-00519)                            )<br>*County of St. Lawrence v. Abbott Labs, et al.*       )<br>(N.D.N.Y. No. 05-CV-00479)                            )<br>*County of Jefferson v. Abbott Labs, et al.*          )<br>(N.D.N.Y. No. 05-CV-00715)                            )<br>*County of Lewis v. Abbott Labs, et al.*              )<br>(N.D.N.Y. No. 05-CV-00839)                            )<br>*County of Chautauqua v. Abbott Labs, et al.*         )<br>(W.D.N.Y. No. 05-CV-06204)                            )<br>*County of Allegany v. Abbott Labs, et al.*           )<br>(W.D.N.Y. No. 05-CV-06231)                            )<br>*County of Cattaraugus v. Abbott Labs, et al.*        )<br>(W.D.N.Y. No. 05-CV-06242)                            )<br>*County of Genesee v. Abbott Labs, et al.*            )<br>(W.D.N.Y. No. 05-CV-06206)                            )<br>*County of Wayne v. Abbott Labs, et al.*              )<br>(W.D.N.Y. No. 05-CV-06138)                            )<br>*County of Monroe v. Abbott Labs, et al.*             )<br>(W.D.N.Y. No. 05-CV-06148)                            )<br>*County of Yates v. Abbott Labs, et al.*              )<br>(W.D.N.Y. No. 05-CV-06172)                            )<br>*County of Niagara v. Abbott Labs, et al.*            )<br>(W.D.N.Y. No. 05-CV-06296)                            )<br>*County of Seneca v. Abbott Labs, et al.*             )<br>(W.D.N.Y. No. 05-CV-06370)                            )<br>*County of Orleans v. Abbott Labs, et al.*            )<br>(W.D.N.Y. No. 05-CV-06371)                            )<br>*County of Ontario v. Abbott Labs, et al.*            )<br>(W.D.N.Y. No. 05-CV-06373)                            )<br>*County of Schuyler v. Abbott Labs, et al.*           )<br>(W.D.N.Y. No. 05-CV-06387)                            )<br>*County of Chemung v. Abbott Lab, et al.*             )<br>(W.D.N.Y. No. 05-CV-06744)                            )<br>                                          and         )<br>*County of Nassau v. Abbott Labs, et al.*             )<br>(E.D.N.Y. No. 04-CV-5126)                             ) |

Defendant Boehringer Ingelheim Corporation ("BIC") joins the Defendants' joint reply memorandum and submits this separate reply in support of its motion to dismiss the Consolidated Complaint and the Nassau Complaint.

## ARGUMENT

### A.  Plaintiffs Have Failed To Adequately Plead Claims Against BIC.

Despite the fact that they have pled no theory that would justify a disregard of the separate corporate status of its subsidiaries, plaintiffs' arguments about why their claims against BIC should not be dismissed are all premised on BIC's ownership of three corporations that are also defendants in this case: Boehringer Ingelheim Pharmaceuticals, Inc., Roxane Laboratories, Inc. and Ben Venue Laboratories, Inc. Plaintiffs have lumped these four separate corporate entities into what they refer to as the "Boehringer Group," and now argue that because "[a]ll of plaintiffs' actual BIC allegations speak in terms of the "Boehringer Group" or a BIC subsidiary," (Plaintiffs' Opposition to Separate Memorandum Of Defendant Boehringer Ingelheim Corporation In Support of Motion to Dismiss ("Plaintiffs' Opp. to BIC Motion") at 2), they have satisfied the requirements of *Fed. R. Civ. P.* 9(b) and the prior rulings of this Court with regard to BIC. In essence, plaintiffs argue that because they have identified "Boehringer Group Drugs" purchased by plaintiffs, the specific Boehringer corporation that sold the identified drugs is of no real import -- their claims against all members of the so-called "Boehringer Group" have been sufficiently pled even if some defendants in that group sold no drugs.[1]

---

[1]  Nassau County has also failed to identify any drugs for a second member of the "Boehringer Group," Ben Venue, in its Second Amended Complaint. Nassau argues in its brief in opposition to Ben Venue's motion to dismiss that despite this failure, Ben Venue should not be dismissed because Nassau "is still pursuing claims against [BIC]", (Nassau County's Opposition to Defendant Ben Venue Laboratories, Inc.'s Motion to Dismiss at 3), while arguing here that BIC should not be dismissed because it is the parent of Ben Venue. The circularity -- and illogic -- of plaintiffs' arguments are apparent.

1

Plaintiffs' argument turns the particularity requirement of *Fed R. Civ. P.* 9(b) on its head and should be rejected out of hand. This Court's prior rulings make clear that Rule 9(b) requires conduct identified *by each defendant*, not by groups. *In re Pharm. Indus. Average Wholesale Price Litig.,* 263 F. Supp. 2d 172, 194 (D. Mass 2003). Plaintiffs cannot demonstrate that they have a claim upon which relief can be granted against BIC by identifying drugs allegedly sold by BIC's subsidiaries, which are separately named defendants.[2] Plaintiffs do not and cannot allege any basis to ignore the separate corporate existences of these companies.

Finally, plaintiffs' failure to allege any drug sold by BIC and purchased by plaintiffs is also fatal to their claims for unjust enrichment and violations of 18 N.Y.C.R.R. §515.2(b)(4), even if Fed. R. Civ. P. 9(b) does not apply to those counts. There are no cognizable claims under either of those theories if there was no conduct by BIC that led to any injury, or otherwise connects BIC to the Counties. No such conduct specific to BIC is alleged. Accordingly, all plaintiffs' claim against BIC should be dismissed.

**B.     Plaintiffs' Allegations Regarding Investigations And Other Lawsuits Do Not Give Rise To An Inference of Fraud Against BIC.**

Plaintiffs maintain that their allegations regarding investigations of and "relevant lawsuits" brought against the "Boehringer Group" should be "sustained" because they are "directly relevant" to these cases. (Plaintiffs' Opp. to BIC Motion at 3-4.) The suggestion seems to be that these allegations give rise to the inference of fraud this Court has required. (Id. at 3.)

---

[2]     Plaintiffs do, in fact, conclusorily allege "that BIC is engaged in the business of manufacturing and selling pharmaceuticals[.]" CC ¶¶ 43; NSAC ¶ 36. This bare allegation does not come close to satisfying the requirements of Rule 9(b). No specific drugs, or even drug types, are alleged. Moreover, plaintiffs can have no good faith basis in fact for this allegation, as BIC does not and has never manufactured or sold pharmaceuticals. Plaintiffs' grouping of all the "Boehringer companies" cannot be allowed to relieve them of their responsibility to plead in good faith.

Again, however, plaintiffs' improper lumping of BIC into the "Boehringer Group" undercuts any utility of their allegations. An investigation of one of BIC's subsidiaries, without more, cannot possibly give rise to the required particularized inference of fraud against BIC, even if it could provide an inference of fraud against the subsidiary. And the existence of lawsuits filed by other Attorneys General provides no more inference of fraud than the existence of these lawsuits does. Much as various AWP plaintiffs might like it to be so, they cannot meet each other's burden of pleading fraud by pointing to each other's claims. As a result, these allegations are not relevant and should be stricken pursuant to *Fed. R. Civ. P. 12(f)*.

## CONCLUSION

For all of these reasons, and the reasons stated in BIC's opening separate memorandum and the others it has joined, the Consolidated Complaint and the Nassau Complaint should be dismissed with prejudice as to BIC.

Respectfully submitted,

*Defendant*
*Boehringer Ingelheim Corporation*

Dated: May 11, 2006

/s/ Brian P. Kavanaugh
Lauren O. Casazza
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10011
Tel: (212) 446-4800

Helen E. Witt, P.C.
Brian P. Kavanaugh
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, Illinois 60601-6636
Tel: (312) 861-2000

## CERTIFICATE OF SERVICE

I, Brian P. Kavanaugh, hereby certify that on May 11, 2006, I caused a true and correct copy of the foregoing, **SEPARATE REPLY MEMORANDUM OF DEFENDANT BOEHRINGER INGELHEIM CORPORATION IN SUPPORT OF ITS MOTION TO DISMISS**, to be served on all counsel of record in accordance with the Court's Case Management Order No. 2.

Dated:  May 11, 2006                                          /s/Brian P. Kavanaugh