# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257 PBS |
| THIS DOCUMENT RELATES TO: | ) ) | Judge Patti B. Saris |

*The City of New York v. Abbott Labs., et al.*
(S.D.N.Y. No. 03-CV-06054)
*County of Suffolk v. Abbott Labs., et al.*
(E.D.N.Y. No. CV-03-229)
*County of Westchester v. Abbott Labs., et al.*
(S.D.N.Y. No. 03-CV-6178)
*County of Rockland v. Abbott Labs., et al.*
(S.D.N.Y. No. 03-CV-7055)
*County of Dutchess v. Abbott Labs, et al.*
(S.D.N.Y. No. 05-CV-06458)
*County of Putnam v. Abbott Labs, et al.*
(S.D.N.Y. No. 05-CV-04740)
*County of Washington v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00408)
*County of Rensselaer v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00422)
*County of Albany v. Abbott Labs, et al*
(N.D.N.Y. No. 05-CV-00425)
*County of Warren v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00468)
*County of Greene v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00474)
*County of Saratoga v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00478)
*County of Columbia v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00867)
*Essex County v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00878)
*County of Chenango v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00354)
*County of Broome v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00456)
*County of Onondaga v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00088)
County of Tompkins v. Abbott Labs, et al.
(N.D.N.Y. No. 05-CV-00397)
*County of Cayuga v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00423)
*County of Madison v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00714)
*County of Cortland v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00881)
*County of Herkimer v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00415)
*County of Oneida v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00489)

*County of Fulton v. Abbott Labs, et al.*
(N.D.N.Y. No. 05-CV-00519)                    )
*County of St. Lawrence v. Abbott Labs, et al.*   )
(N.D.N.Y. No. 05-CV-00479)                    )
*County of Jefferson v. Abbott Labs, et al.*      )
(N.D.N.Y. No. 05-CV-00715)                    )
*County of Lewis v. Abbott Labs, et al.*          )
(N.D.N.Y. No. 05-CV-00839)                    )
*County of Chautauqua v. Abbott Labs, et al.*     )
(W.D.N.Y. No. 05-CV-06204)                    )
*County of Allegany v. Abbott Labs, et al.*       )
(W.D.N.Y. No. 05-CV-06231)                    )
*County of Cattaraugus v. Abbott Labs, et al.*    )
(W.D.N.Y. No. 05-CV-06242)                    )
County of Genesee v. Abbott Labs, et al.       )
(W.D.N.Y. No. 05-CV-06206)                    )
*County of Wayne v. Abbott Labs, et al.*          )
(W.D.N.Y. No. 05-CV-06138)                    )
*County of Monroe v. Abbott Labs, et al.*         )
(W.D.N.Y. No. 05-CV-06148)                    )
*County of Yates v. Abbott Labs, et al.*          )
(W.D.N.Y. No. 05-CV-06172)                    )
*County of Niagara v. Abbott Labs, et al.*        )
(W.D.N.Y. No. 05-CV-06296)                    )
*County of Seneca v. Abbott Labs, et al.*         )
(W.D.N.Y. No. 05-CV-06370)                    )
*County of Orleans v. Abbott Labs, et al.*        )
(W.D.N.Y. No. 05-CV-06371)                    )
County of Ontario v. Abbott Labs, et al.       )
(W.D.N.Y. No. 05-CV-06373)                    )
*County of Schuyler v. Abbott Labs, et al.*       )
(W.D.N.Y. No. 05-CV-06387)                    )
*County of Steuben v. Abbott Labs, et al.*        )
(W.D.N.Y. No. 05-CV-06223)                    )
*County of Chemung v. Abbott Labs, et al.*        )
(W.D.N.Y. No. 05-CV-06744)                    )
                              AND            )
*County of Nassau v. Abbott Labs, et al.*         )
(E.D.N.Y. No. 04-CV-5126)                     )
                                             )

# DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S
## REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINTS

Defendant Novartis Pharmaceuticals Corporation ("NPC") submits this reply memorandum in further support of its motion to dismiss the Consolidated Complaint brought by New York City and forty-three New York counties and Nassau County's Second Amended Complaint. NPC joins in and incorporates by reference the Defendants' Reply Memorandum of Law, which further demonstrates that the Complaints must be dismissed in their entirety.

## ARGUMENT

### PLAINTIFFS' FAILURE TO COMPLY WITH THIS COURT'S PRIOR DECISIONS REQUIRES THAT THE COMPLAINTS BE DISMISSED AS TO NPC

Plaintiffs concede that they must satisfy the pleading requirements set forth in this Court's prior Rule 9(b) rulings. (Plaintiffs' Opposition to Defendant Novartis Pharmaceuticals Corporation's Memorandum of Law in Support of Motion to Dismiss ("Opp. Br.") at 1.) Yet, they ignore the plain language of those rulings and argue that they need not bother to "establish why every particular [NPC] drug was listed in the complaint . . . [or] provide the basis for calculating a fraudulent spread for every drug." (Opp. Br. at 3 (citations omitted).) Considered against this Court's prior orders, Plaintiffs' argument fails. The Court has unambiguously held that to comply with FED. R. CIV. P. 9(b), Plaintiffs must "state, drug-by-drug, the allegedly false representations . . . and provide [Plaintiffs'] basis for calculating a spread between the published AWP and the actual average price at which the drug is sold by wholesalers." *See Massachusetts v. Mylan Laboratories*, Civ. No. 03-11865-PBS (April 5, 2005); *see also In re Pharmaceutical Average Wholesale Price Litigation*, Memorandum and Order dated April 8, 2005, MDL No. 1456 (D. Mass.) ("*Suffolk III*"). Were that not clear enough, the Court also held that "in light of the fact that there are approximately 60,000 prescription drugs, . . . [Plaintiffs must plead] allegations of fraud with particularity . . . for each drug." *See Suffolk III* at *2.

In an effort to excuse their failure to meet these clear pleading requirements, Plaintiffs argue that "where the alleged scheme of fraud is complex . . . pleading every instance

of fraud would be extremely ungainly, if not impossible . . .." (Opp. Br. at 3.) Rejecting a similar argument made by *Suffolk County*, this Court held that Plaintiff[s] "still must allege sufficient facts regarding the . . . [alleged] fraudulent . . . scheme with respect to <u>each</u> Defendant." *Suffolk II* at *5 (emphasis in original). Plaintiffs claim that they overpaid for NPC products; as the Court has previously held, Plaintiffs are required to (1) identify the specific NPC products for which *they* allege they overpaid and (2) provide an explanation of *their* basis for calculating the alleged overpayment.[1]   *Suffolk III* at *1-2; *Mylan Laboratories*, Civ. No. 03-11865-PBS (April 5, 2005); *Suffolk II* at *4.[2]

Rather than satisfying the Court's standards, Plaintiffs make only the naked assertion that "each [NPC] NDC has a fraudulent and inflated AWP." (Opp. Br. at 4.) They offer no explanation as to how or why the AWPs are fraudulent – i.e., what the AWPs were during the relevant period or, what Plaintiffs allege they should have been. Moreover, even assuming their conclusory assertion to be true — and it is not — this Court has already rejected the notion that such a naked allegation is enough, holding that "[t]he fact that a manufacturer may have reported a fraudulent AWP, without more, will not suffice to plead . . . fraud." *Suffolk II* at *5.

---

[1]   The Consolidated Counties do not address, and therefore concede, the fact that most of the drugs in Exhibit F – which they attribute to "the Novartis group" – are generic drugs not marketed and sold by NPC, which sells only brand name drugs. (See Affidavit of Michael Conley at ¶¶ 3,4.) Instead, they attempt to shift their pleading burden to NPC by stating that "First Data Bank listed such NDCs [in CC Exhibit A – a different exhibit] as attributable to Novartis." (Opp. Br. at 1.) Aside from missing the point – their failure in Exhibit F to identify which drugs are NPC drugs – Plaintiffs' argument falls short because their exhibits fail to satisfy their pleading obligations. Exhibit A lists alleged "Fraudulent AWPs" but do not provide the alleged overpayment and the basis for its calculation, as required. Exhibit B purports to show a "Fraudulent AWP" and "spread" for four NPC drugs – Aredia, Dexacidin Eye Drops, Rescula, and Voltaren Eye Drops – but again does not provide the required basis for their calculation. Contrary to Plaintiffs' assertion, NPC never stated that it did not sell the drugs listed in Exhibit B to the Nassau Complaint; it noted Plaintiffs' failure to provide the basis required by the Court's prior rulings. As a result of these multiple failures, neither complaint, nor any exhibit, satisfies *all* of the requirements set forth by this Court. Therefore, the claims as to NPC should be dismissed.

[2]   Adopting a similar approach, a Wisconsin court recently required the State to replead similarly deficient "AWP fraud" claims. *State of Wisconsin v. Amgen, et al.*, Case No. 04-CV-1709, Partial Decision and Order, April 3, 2006 (Krueger, J.) (attached hereto for the Court's convenience).

Implicitly acknowledging the Complaints' failure to meet the pleading requirements previously established by the Court, Plaintiffs argue that the basis of their "spread calculations [are] clear from the face of the documents [and that they have] compared generally available actual market prices for Novartis drugs to [Novartis'] reported AWPs in order to calculate estimates of spreads."[3] (Opp. Br. at 3-4.)  Again, the Court's prior decisions are fatal to Plaintiffs' contention.  Plaintiffs must cite the source for their alleged available actual market price information and state the basis of their estimated spread calculations.  *Suffolk II* at *4 (Plaintiffs must "disclose . . . all documents upon which it relied in calculating the spread and provide a more definite statement of its method of calculation . . ..").  The Court should reject their effort to bypass that obligation here, just as it did in *Suffolk II* and *III*.

## CONCLUSION

For the reasons stated above and in Defendants' joint and individual reply memoranda, the Complaints should be dismissed with prejudice as to NPC.

Dated: Boston, Massachusetts
     May 11, 2006

                                         Respectfully submitted,

                                         /s/ Brett R. Budzinski

Jane W. Parver                            Karen F. Green (BBO# 209050)
Saul P. Morgenstern                  Brett R. Budzinski (BBO# 655238)
Mark D. Godler                        WILMER CUTLER PICKERING
Margo G. Ferrandino                    HALE AND DORR LLP
KAYE SCHOLER LLP               60 State Street
425 Park Avenue                     Boston, Massachusetts 02109
New York, New York  10022        Telephone:  (617) 526-6000
Telephone:  (212) 836-8000        Facsimile:  (617) 526-5000
Facsimile:  (212) 836-8689         *Attorneys for Defendant*
                                     *Novartis Pharmaceuticals Corporation*

---

[3]    Plaintiffs claim that two alleged "spreads" cited in their Complaints satisfy the requirement of "particularity" as to NPC.  (Opp. Br. at 3.)  Both examples, however, merely repeat unfounded and unadjudicated allegations from other similarly deficient complaints.  (*See* Cons. Cplt. at ¶ 630; Nassau Cplt. at ¶ 533.)  Having set forth clear pleading standards applicable to this very case, this Court should not permit Plaintiffs to proffer the unsubstantiated allegations of other plaintiffs as a "good faith basis" for their own deficient allegations against NPC.  *Suffolk II* at *4.

3

## **Certificate of Service**

I, Brett R. Budzinski, certify that pursuant to Case Management Order No. 2, I caused a copy of the foregoing document to be served on all counsel of record via electronic service by sending a copy to LexisNexis File & Serve for posting and notification to all parties in this action on this 11th day of May 2006.


/s/ Brett R. Budzinski
Brett R. Budzinski