UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |

THIS DOCUMENT RELATES TO:

*The City of New York v. Abbott Labs., et al.*
(S.D.N.Y. No. 04-CV-06054)
*County of Suffolk v. Abbott Labs., et al.*
(E.D.N.Y. No. CV-03-229)
*County of Westchester v. Abbott Labs., et al.*
(S.D.N.Y. No. 03-CV-6178)
*County of Rockland v. Abbott Labs., et al.*
(S.D.N.Y. No. 03-CV-7055)
*County of Dutchess v. Abbott Labs., et al.*
(S.D.N.Y. No. 05-CV-06458)
*County of Putnam v. Abbott Labs., et al.*
(S.D.N.Y. No. 05-CV-04740)
*County of Washington v. Abbott Labs., et al.*
(N.D.N.Y. No. 05-CV-00408)
*County of Rensselaer v. Abbott Labs., et al.*
(N.D.N.Y. No. 05-CV-00422)
*County of Albany v. Abbott Labs., et al*
(N.D.N.Y. No. 05-CV-00425)

[Caption Continues on Next Page]

**DEFENDANT SANDOZ INC.'S SUPPLEMENTAL REPLY
MEMORANDUM OF LAW REGARDING MULTIPLE SOURCE GENERIC
DRUG PRODUCTS IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS THE CORRECTED CONSOLIDATED COMPLAINT AND THE
SECOND AMENDED COMPLAINT OF NASSAU COUNTY**

*County of Warren v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00468) )
*County of Greene v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00474) )
*County of Saratoga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00478) )
*County of Columbia v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00867) )
*Essex County v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00878) )
*County of Chenango v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00354) )
*County of Broome v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00456) )
*County of Onondaga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00088) )
*County of Tompkins v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00397) )
*County of Cayuga v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00423) )
*County of Madison v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00714) )
*County of Cortland v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00881) )
*County of Herkimer v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00415) )
*County of Oneida v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00489) )
*County of Fulton v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00519) )
*County of St. Lawrence v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00479) )
*County of Jefferson v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00715) )
*County of Lewis v. Abbott Labs., et al.* )
(N.D.N.Y. No. 05-CV-00839) )
*County of Chautauqua v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06204) )
*County of Allegany v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06231) )
*County of Cattaraugus v. Abbott Labs., et al.* )
(W.D.N.Y. No. 05-CV-06242) )

| | |
|---|---|
| *County of Genesee v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| AND | ) |
| *County of Nassau v. Abbott Labs., et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |
| _____ | ) |

Defendant Sandoz' Opening Brief explained the critical flaws in Plaintiffs' pleadings regarding generic drugs, namely, that in many instances Medicaid reimbursements for generic drugs were based on non-AWP formulas, and Plaintiffs' Complaints failed to link the allegedly fraudulent prices and spreads supposedly at issue to Plaintiffs' alleged injuries.[1]  In their Opposition, Plaintiffs do not dispute their obligation to plead a causal link between each Defendant's allegedly fraudulent prices, the applicable reimbursement formula (e.g., Federal Upper Limit ("FUL"), usual and customary charge, etc.), and the resulting payment of an allegedly inflated reimbursement.  Yet while Plaintiffs claim to have alleged certain prices for a lot of drugs, and to have calculated a lot of "spreads," Plaintiffs have failed to show the necessary link between these prices and figures and their alleged injuries.[2]

Where, for example, New York paid reimbursement on the basis of the FUL, Plaintiffs failed to allege the connection between any Defendant's allegedly inflated price information and the asserted injury.  It is not enough, as Plaintiffs claim, to generally allege that each Defendant's "failure to report its lowest prices caused material inflation of FUL,"[3] because the FUL is set by CMS at 150% of the **one** "least costly therapeutic equivalent" as indicated in the pricing compendia.  See 42 C.F.R. § 447.332.  Plaintiffs do not allege that the FUL reimbursement on any specific **Sandoz** product (for example) that resulted in any alleged injury to Plaintiffs was actually based on **Sandoz**' AWP or any other of its pricing information.  Absent such allegations, or any allegation as to how a manufacturer could possibly benefit when the same

---

[1] The Defendants joining this submission are listed at note 1 of Sandoz Inc.'s Supplemental Memorandum of Law Regarding Multiple Source Generic Drug Products in Support of Defendants' Motion to Dismiss the Corrected Consolidated Complaint and the Second Amended Complaint of Nassau County ("Sandoz Opening Brief")

[2] Plaintiffs overall failure to plead the specificity required by this Court (e.g., the basis for the alleged true market prices) are detailed in Defendants' main brief.  Sandoz' supplemental reply focuses narrowly on pleading failures in relation to drugs reimbursed on non-AWP formulas.

[3] See Plaintiffs' Consolidated Opposition to Defendants' Motion to Dismiss (1) the Consolidated Complaint of the City of New York and New York Counties and (2) Nassau County's Second Amended Complaint, at 21.

reimbursement amount (the FUL) applied to all manufacturers, the Complaints lack the required link between the alleged inflated price information and the alleged injury (paying too much in reimbursements).

Indeed, much of Plaintiffs' argument is spent on a belief that the Court's prior rulings **only** require allegations of a Defendant's allegedly false price information, the alleged actual price, and the "spread."  But, as Plaintiffs concede, they must allege injury, and such allegations are not enough where, as is the case with respect to generic drugs, reimbursement is often not measured by the manufacturer's price information.[4]

Plaintiffs implicitly recognize this pleading failure by offering extrinsic material they contend will be enough to show that Defendants' price information caused injury for drugs reimbursed at FUL.  Cicala Decl. ¶¶ 8-9.  Even if it is considered by the Court (and it should not be), Plaintiffs' new data does not cure the problem with the Complaints, and if anything, only highlights the fatal omissions in them.[5]  Plaintiffs now admit that almost 75% of the Sandoz products they claim are at issue were reimbursed at the FUL.  Cicala Decl. ¶ 23.  Nonetheless, the only "spreads" Plaintiffs allege relating to Sandoz are based on the difference between purported "market prices" and "Published AWPs" or "WACs."  See Consol. Compl. Exs. B, F.  Thus, Plaintiffs' Complaints are lacking because they make no allegations connecting these prices and the **relevant** reimbursement measure for the large majority of Sandoz' drugs, the FUL.

---

[4] Notably, Plaintiff Nassau County mistakenly alleges in their Complaint that under N.Y. Soc. Serv. Law § 367-a(9), generic drugs are reimbursed "at the lesser of the median AWP of all generic forms . . . or the lowest brand name product AWP."  Nassau Compl. ¶ 137.  Under New York law, generic drugs are reimbursed at the FUL, or if there is no FUL, at the lower of the estimated acquisition cost or the dispensing pharmacy's usual and customary price.  See N.Y. Soc. Serv. Law § 367-a(9).  Due to this misunderstanding of generic drug reimbursement, Nassau County's allegations that Defendants engaged in so called "leap frogging" to artificially inflate a median AWP can and should be ignored.

[5] This many years into the litigation, new data should not be allowed to shore up a deficient pleading, see, e.g., Ackerman v. Northwestern Mutual Life Ins. Co., 172 F.3d 467, 469 (7th Cir. 1999), especially, where, as here, the Court has dismissed prior pleadings.  See, e.g., Hayduk v. Lanna, 775 F.2d 441, 445 (1st Cir. 1985).

Plaintiffs further claim that Sandoz misstated the time period for the FUL examples in its brief.  See Pl. Opp'n at 4-5.  Plaintiffs pleaded "spreads" as of one point in time, December 2000, and our brief showed examples of seven drugs that **at that time** had applicable FULs, making Plaintiffs' reliance on AWP-based spreads misleading and irrelevant.  Their assertions that these FULs changed over time or were deleted simply does not address the point of our brief.

Finally, Plaintiffs' other allegations against Sandoz are equally vague and generalized as those that they make with respect to injury.  The Complaints provide none of the required specificity in support of the allegation that "Sandoz reported 'false and misleading wholesale price information' for its drugs" . . . and "Sandoz knew it could market the spread to increase its market share"; nor do the Complaints  "refer directly to documents wherein Sandoz instructed its employees to market the spread." Pls. Opp'n at 3.  The paragraphs cited by Plaintiffs contain only vague allegations against the non-existent "Novartis Group," not against Sandoz individually, see Consol. Compl. ¶¶ 624-25, 628 and thus lack the particulars required under Rule 9(b), that is, the who, what, and when of the alleged fraud.  See Massachusetts v. Mylan Labs., Civ. No. 03-11865-PBS, Slip. Op. at 2 (D. Mass., April 5, 2005).

In sum, for the above reasons, and those set forth in the joining Defendants' prior submissions, Plaintiffs' claims related to generic drugs should be dismissed.

Dated: May 11, 2006                                        Respectfully submitted,
New York, New York

By:  /s/ Michael J. Gallagher
Wayne A. Cross
Michael J. Gallagher
Paul Olszowka
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY  10036

*Counsel for Sandoz Inc. on behalf of Sandoz Inc. and the joining Defendants identified herein*

3