**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                          )
IN RE PHARMACEUTICAL INDUSTRY  )
AVERAGE WHOLESALE PRICE           )     MDL NO. 1456
LITIGATION                                       )     Civil Action No. 01-12257-PBS
_____)
                                                          )     Judge Patti B. Saris
THIS DOCUMENT RELATES TO:         )
                                                          )
*The City of New York v. Abbott Labs., et al.*  )
(S.D.N.Y. No. 04-CV-06054)                )
*County of Suffolk v. Abbott Labs., et al.*     )
(E.D.N.Y. No. CV-03-229)                   )
*County of Westchester v. Abbott Labs., et al.* )
(S.D.N.Y. No. 03-CV-6178)                  )
*County of Rockland v. Abbott Labs., et al.*    )
(S.D.N.Y. No. 03-CV-7055)                  )
*County of Dutchess v. Abbott Labs., et al.*    )
(S.D.N.Y. No. 05-CV-06458)                 )
*County of Putnam v. Abbott Labs., et al.*      )
(S.D.N.Y. No. 05-CV-04740)                 )
*County of Washington v. Abbott Labs., et al.*  )
(N.D.N.Y. No. 05-CV-00408)                 )
*County of Rensselaer v. Abbott Labs., et al.*  )
(N.D.N.Y. No. 05-CV-00422)                 )
*County of Albany v. Abbott Labs., et al*       )
(N.D.N.Y. No. 05-CV-00425)                 )
*County of Warren v. Abbott Labs., et al.*      )
(N.D.N.Y. No. 05-CV-00468)                 )
*County of Greene v. Abbott Labs., et al.*      )
(N.D.N.Y. No. 05-CV-00474)                 )
*County of Saratoga v. Abbott Labs., et al.*    )
(N.D.N.Y. No. 05-CV-00478)                 )
*County of Columbia v. Abbott Labs., et al.*    )
(N.D.N.Y. No. 05-CV-00867)                 )
*Essex County v. Abbott Labs., et al.*          )
(N.D.N.Y. No. 05-CV-00878)                 )
*County of Chenango v. Abbott Labs, et al.*     )
(N.D.N.Y. No. 05-CV-00354)                 )
*County of Broome v. Abbott Labs., et al.*      )
(N.D.N.Y. No. 05-CV-00456)                 )
*County of Onondaga v. Abbott Labs., et al.*    )
(N.D.N.Y. No. 05-CV-00088)                 )
*County of Tompkins v. Abbott Labs., et al.*    )
(N.D.N.Y. No. 05-CV-00397)                 )
*County of Cayuga v. Abbott Labs., et al.*      )
(N.D.N.Y. No. 05-CV-00423)                 )
*County of Madison v. Abbott Labs., et al.*     )
(N.D.N.Y. No. 05-CV-00714)                 )
*County of Cortland v. Abbott Labs., et al.*    )
(N.D.N.Y. No. 05-CV-00881)                 )

| | |
|---|---|
| *County of Herkimer v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00415) | ) |
| *County of Oneida v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00489) | ) |
| *County of Fulton v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00519) | ) |
| *County of St. Lawrence v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00479) | ) |
| *County of Jefferson v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00715) | ) |
| *County of Lewis v. Abbott Labs., et al.* | ) |
| (N.D.N.Y. No. 05-CV-00839) | ) |
| *County of Chautauqua v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06204) | ) |
| *County of Allegany v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06231) | ) |
| *County of Cattaraugus v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06242) | ) |
| *County of Genesee v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs., et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| AND | ) |
| *County of Nassau v. Abbott Labs., et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |

**REPLY MEMORANDUM OF PURDUE PHARMA L.P., PURDUE FREDERICK COMPANY, AND PURDUE PHARMA COMPANY IN SUPPORT OF THEIR MOTION TO DISMISS (1) THE CONSOLIDATED COMPLAINT OF NEW YORK CITY AND PLAINTIFF NEW YORK COUNTIES OTHER THAN NASSAU AND (2) THE SECOND AMENDED COMPLAINT OF NASSAU COUNTY**

In *Suffolk II*, this Court dismissed all claims against Purdue Pharma L.P. ("Purdue")[1] by the County of Suffolk because plaintiff's complaint lacked any facts that raised an inference of wrong doing. *See In re Pharm. Indus. Average Wholesale Price Litig.*, No. 1456, Civ.A. 01-12257-PBS, 2004 WL 2387125, at *3 (D. Mass. Oct. 26, 2004) ("*Suffolk II*"). After reviewing additional allegations against Purdue set forth in an affidavit by Suffolk's counsel (the Hovan Affidavit), a submission the Court requested, the Court reaffirmed its conclusion that no claims could proceed against Purdue. *See In re Pharm. Indus. Average Wholesale Price Litig.*, No. 1456, Civ.A. 01-12257-PBS, Memorandum and Order at 3 (D. Mass. April 8, 2005) ("*Suffolk III*") (dismissing claims against the "Suffolk 13" defendants). The same conclusion is warranted with respect to the claims of the remaining New York Counties.

Nothing in the Consolidated Complaint of New York City and Plaintiff New York Counties Other Than Nassau ("Consol. Compl."), the Second Amended Complaint of Nassau County ("Nassau SAC") (collectively, "the Complaints"), nor these New York Counties' Opposition to Purdue's motion to dismiss, justifies keeping Purdue in the County cases.[2] The Counties' Complaints contain only stray allegations regarding Purdue which, even collectively, fail to meet the Rule 9(b) standard. This Court should again dismiss the claims now brought by the remaining New York Counties.

---

[1] The remaining New York Counties also named two other Purdue entities: Purdue Frederick Company and Purdue Pharma Company. Collectively these Purdue entities will be referred to as "Purdue."

[2] Purdue is not a defendant in any other cases in the AWP MDL.

1

I.  **PLAINTIFFS' AWP FRAUD CLAIMS SHOULD BE DISMISSED BECAUSE NO INFERENCE OF FRAUD CAN BE MADE FROM PLAINTIFFS' FACTUAL ALLEGATIONS.**

In a nearly identical case filed by the County of Suffolk, the Court dismissed all claims against Purdue, holding that "there are no factual allegations . . . from which an inference of fraud can reasonably be made." *Suffolk II*, 2004 WL 2387125, at *2. *See also id.* at *3 (granting motion to dismiss "all claims against . . . Purdue Pharma, L.P."). The allegations asserted in the Complaints, which are substantially similar to the *Suffolk* complaint, still fail to state a fraud claim against Purdue.

First, plaintiffs argue that they provide "fraudulent AWPs for every Purdue product" and calculate spreads based on comparing actual Purdue prices with the allegedly "fraudulent AWPs" paid for by plaintiffs. (Plaintiffs' Opp'n to Individual Memorandum of Purdue Pharma, L.P., Purdue Frederick Co., and Purdue Pharma Co. in Support of Motion to Dismiss at 2) ("Opp'n").  Plaintiffs' Complaint, however, alleges only a single fraudulent AWP and a single "market price" from 2000 for each Purdue NDC allegedly at issue.  (*See* Consol. Compl. Ex. B.)  These allegations are insufficient to support plaintiffs' extensive fraud claims, which span the time period of 1992 to the present.  An allegation of a single fraudulent AWP in 2000 does not raise an inference of any widespread fraud in the pricing of any Purdue drug.

Plaintiffs also allege that a Purdue employee made a comment in a Boston Globe newspaper, stating that an "AARP survey based on AWP was 'quite deceptive' because no one pays AWP for pharmaceutical products because of rebates and discounts." (Consol. Compl. ¶ 689; Nassau SAC ¶ 589.)  This alleged comment does not suggest that Purdue has been falsely inflating AWPs; it merely acknowledges that AWP, as used in the AARP survey, is only a benchmark price used as a reference, rather than an actual

2

price paid for drugs. Indeed, even the plaintiffs concede that they did not pay AWP for pharmaceutical products. (*See* Consol. Compl. ¶ 125.) Thus, this public comment about the benchmark nature of AWP, which was well-known in the industry, does not raise any inference of any fraud by Purdue and does not advance any of plaintiffs' claims.

Next, plaintiffs argue that Purdue "entered into co-promotion agreements with Abbott Group, which has consistently been investigated for marketing the spread . . . and has entered into several large settlements for its company wide marketing and pricing practices . . . ." (Opp'n at 3.) This attempt at alleging "guilt by association" cannot sustain plaintiffs' fraud claims. Vague allegations unrelated to AWP reporting that relate to another defendant add nothing to the insufficient allegations regarding Purdue. Moreover, plaintiffs fail to specifically allege how the mere fact of a "co-promotion agreement" constitutes fraud.

Finally, plaintiffs refer to an "investigation" of the House Subcommittee of Oversight and Investigation of the Committee of Energy and Commerce. (Opp'n at 3.) Despite plaintiffs' suggestions to the contrary, this Court made no determination that this Committee proceeding was "directly relevant to" plaintiffs' fraud claims. (*See* Opp'n at 1.) Indeed, plaintiffs have groundlessly elevated a single letter sent to Purdue in 2003, on which no activity has occurred for years, into an "investigation." Plaintiffs have not and cannot detail any action related to this letter, sent to numerous companies, that would raise an inference of fraud by Purdue. Plaintiffs also raised this alleged "investigation" in connection with the Suffolk County action,[3] and this Court found that this allegation was

---

[3] Affidavit of Aaron D. Hovan Providing (1) Methodology And Documents Used To Estimate AWP Spread and (2) Additional Information Regarding Defendants ¶ 37, Nov. 16, 2004.

3

insufficient to warrant reversal of this Court's dismissal of Purdue from the case.  (*Suffolk III*, Memorandum and Order at 2-3.)

Plaintiffs offer no other specific allegations regarding Purdue, and their generalized allegations referring to many defendants are insufficient to plead fraud under Rule 9(b).

## II. PLAINTIFFS' FRAUD-BASED BEST PRICE CLAIMS SHOULD BE DISMISSED.

Plaintiffs have likewise failed to allege any specific allegations supporting their claims that Purdue misreported the Best Prices for its products.  Plaintiffs do not allege even one fraudulent Best Price reported for any of Purdue's drugs.  Instead, plaintiffs suggest that alleging "the name of every Purdue drug for which they assert Best Price claims" is sufficient.  (Opp'n at 4.)  Plaintiffs' argument must fail.  The mere listing of several Purdue drugs cannot sustain plaintiffs' extensive claims that Purdue has misreported Best Prices for a range of drugs over a period of years.  Moreover, plaintiffs' allegations regarding the isolated comment by an alleged Purdue employee and a single letter received in 2003 from the Energy and Commerce Committee fail to show a "company-wide scheme" to misstate Best Prices.  (*See* Opp'n at 4.)

In light of the complete absence of any specific allegations regarding any fraudulent Best Prices for Purdue's products, plaintiffs resort to general allegations that reference many defendants.  (*See* Opp'n at 4-5, citing Consol. Compl. ¶¶ 153, 156-158; Nassau SAC ¶ 122.)  Such generic allegations as to many defendants, with no specific reference to Purdue, fail under Rule 9(b).

### III. DISMISSAL OF PLAINTIFFS' COMPLAINT SHOULD BE WITH PREJUDICE.

New York Counties have now had several opportunities to state a viable claim against Purdue. Despite the Court's dismissal of nearly identical claims against Purdue in the *Suffolk* action, and then the Court's dismissal of Purdue after Suffolk supplemented its allegations with the Hovan Declaration, plaintiffs now attempt to take a third bite at the apple. The claims asserted against Purdue in the Complaints should be dismissed with prejudice, once and for all.

Dated: May 11, 2006

> LORI A. SCHECHTER
> TIFFANY CHEUNG
> MORRISON & FOERSTER LLP
>
> By: /s/ Lori A. Schechter
>  Lori A. Schechter (*Pro Hac Vice*)
> 425 Market Street
> San Francisco, CA 94105
> (415) 268-7000
> Lschechter@mofo.com
>
> Attorneys for Defendants
> Purdue Pharma L.P., Purdue Frederick Company, and Purdue Pharma Company

5

6

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2006 I caused a true and correct copy of the foregoing document to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification.

/s/ Lori A. Schechter
Lori A. Schechter