UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>*The City of New York v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 04-CV-06054)<br>*County of Suffolk v. Abbott Labs., et al.*<br>(E.D.N.Y. No. CV-03-229)<br>*County of Westchester v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-6178)<br>*County of Rockland v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-7055)<br>*County of Dutchess v. Abbott Labs, et al.*<br>(S.D.N.Y. No. 05-CV-06458)<br>*County of Putnam v. Abbott Labs, et al.*<br>(S.D.N.Y. No. 05-CV-04740)<br>*County of Washington v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00408)<br>*County of Rensselaer v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00422)<br>*County of Albany v. Abbott Labs, et al*<br>(N.D.N.Y. No. 05-CV-00425)<br>*County of Warren v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00468)<br>*County of Greene v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00474)<br>*County of Saratoga v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00478)<br>*County of Columbia v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00867)<br>*Essex County v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00878)<br>*County of Chenango v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00354)<br>*County of Broome v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00456)<br>*County of Onondaga v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00088)<br>*County of Tompkins v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00397) | **INDIVIDUAL MEMORANDUM OF LAW OF DEFENDANT EMD, INC. IN FURTHER SUPPORT OF ITS MOTION TO DISMISS** |

| | |
|---|---|
| *County of Cayuga v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00423) | ) |
| *County of Madison v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00714) | ) |
| *County of Cortland v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00881) | ) |
| *County of Herkimer v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00415) | ) |
| *County of Oneida v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00489) | ) |
| *County of Fulton v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00519) | ) |
| *County of St. Lawrence v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00479) | ) |
| *County of Jefferson v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00715) | ) |
| *County of Lewis v. Abbott Labs, et al.* | ) |
| (N.D.N.Y. No. 05-CV-00839) | ) |
| *County of Chautauqua v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06204) | ) |
| *County of Allegany v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06231) | ) |
| *County of Cattaraugus v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06242) | ) |
| *County of Genesee v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06206) | ) |
| *County of Wayne v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06138) | ) |
| *County of Monroe v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06148) | ) |
| *County of Yates v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Chemung v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| | ) |
| _____ | ) |

Defendant EMD, Inc. ("EMD") submits this individual memorandum in further support of its motion to dismiss the Corrected Consolidated Complaint of New York City and Plaintiffs New York Counties other than Nassau (the "Consolidated Complaint").[1]

## ARGUMENT

### I. ALL CLAIMS AGAINST EMD SHOULD BE DISMISSED BECAUSE THE CONSOLIDATED COMPLAINT CONTAINS NO SUBSTANTIVE ALLEGATIONS OF WRONGDOING AGAINST EMD

The Consolidated Complaint should be dismissed as against EMD because it fails to satisfy the most basic pleading requirements set forth in Fed. R. Civ. P. 8(a), and to the extent Plaintiffs' claims are grounded in fraud, the Consolidated Complaint falls far short of particularizing any claims against EMD as required by Fed. R. Civ. P. 9(b).

The only allegations relating to EMD in the entire 210-page, 914-paragraph Consolidated Complaint are that EMD is a corporation headquartered in Durham, North Carolina and that it is the sole shareholder of Dey, Inc. *See* Consolidated Compl., at ¶ 47. Plaintiffs do not allege that EMD manufactured or sold any drugs, that EMD reported any AWPs, or that EMD made any misrepresentations in connection with the sale of any drugs. Indeed, Plaintiffs cannot make any factual allegations as to EMD because EMD is merely a holding company. EMD has officers and directors, but has no other employees and no manufacturing, production or sales operations. Plaintiffs have not made a single allegation that would refute these facts.

Instead, Plaintiffs attempt to piggyback their claims against EMD onto their claims against Dey, L.P. – a separate company from EMD – by asserting, in conclusory fashion, that the facts alleged against Dey, L.P. and Dey, Inc. "are likewise allegations against EMD"

---

[1] EMD also joins in and incorporates herein by reference each of the arguments set forth in Defendants' Joint Reply Memorandum of Law in Support of Motion to Dismiss. EMD also joins in and incorporates by reference the arguments made in the briefs filed by the other defendants to the extent they apply to EMD. EMD was not named as a defendant in the Nassau County Second Amended Complaint.

because the Consolidated Complaint defines "Dey" to include Dey, L.P., Dey, Inc. and EMD, Inc. *See* Pl. Opp., at p. 1. Plaintiffs' grouping of EMD with Dey, L.P. and Dey, Inc. under the label "Dey" in the Consolidated Complaint does not magically transform these entities into a single entity for purposes of this litigation. Plaintiffs have not – because they cannot – point to a single allegation of fact directed at "Dey", which is actually applicable to EMD. The allegations, on their face, apply solely to Dey, L.P.'s drugs, Dey, L.P.'s employees, Dey, L.P.'s prior testimony, and Dey, L.P.'s documents. *See* Consolidated Compl., at ¶¶ 405-411, 416, 419, 421, 425-426, 428, 430, 431-433.

       Plaintiffs cannot satisfy their pleading obligations with vague allegations that lump multiple defendants together as a group, but instead, pursuant to Fed. R. Civ. P. 8(a), Plaintiffs must "allege facts that sufficiently support, either directly or by inference, every material element necessary to sustain recovery." *Varney v. R.J. Reynolds Tobacco Co.*, 118 F. Supp. 2d 63, 67 (D. Mass. 2000). As this Court held in *In re Pharm. Indus. Average Wholesale Price Litig.*, 263 F.Supp.2d 172, 194 (D. Mass. 2003), plaintiffs are required to make allegations "with respect to each defendant". For example, this Court dismissed the Suffolk County action against defendant Aventis Pharmaceuticals Inc. where the plaintiff made allegations against Aventis Pharmaceuticals Inc. and Aventis Behring L.L.C. as a group, and the plaintiff failed to plead that Aventis Pharmaceuticals Inc. sold a drug. *See In re Pharm. Indus. Average Wholesale Price Litig.*, 2004 WL 2387125, at *3 (D. Mass. Oct. 26, 2004).

       In a futile effort to support the notion that they have made factual allegations against EMD, Plaintiffs point to the allegation that EMD is "the sole shareholder of Dey". *See* Pl. Opp., at p. 1. However, without any further allegations of fact, this allegation is meaningless and inconsequential as to EMD's alleged liability in this action. "'It is a general principle of

corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries.'" *Carballo Rodriguez v. Clark Equip. Co.*, 147 F. Supp. 2d 63, 66 (D.P.R. 2001) (quoting *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)). Similarly, Judge Cardozo held that "[s]tock ownership alone would be insufficient to charge the dominant company with liability for the torts of the subsidiary." *Berkey v. Third A. R. Co.*, 244 N.Y. 84, 87 (N.Y. 1926).

Additionally, courts have frequently found fraud claims deficient, pursuant to Fed. R. Civ. P. 9(b), when the plaintiff failed to particularize allegations with respect to each defendant. *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997); *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777-78 (7th Cir.1994); *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986).

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the Joint Memorandum, the Consolidated Complaint should be dismissed as to EMD, Inc.

Dated: May 11, 2006

Respectfully submitted,

KELLEY DRYE & WARREN LLP

By: _____
Paul Doyle
Neil Merkl (*pro hac vice*)
Christopher C. Palermo (*pro hac vice*)
101 Park Avenue
New York, New York 10178
Tel: 212-808-7800
Fax: 212-808-7897

Attorneys for Defendant
EMD, Inc.

## CERTIFICATE OF SERVICE

I certify that on May 11, 2006, a true and correct copy of the foregoing Reply Memorandum of Law was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

_____
Seunghwan Kim