UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: ) ) *The City of New York v. Abbott Labs., et al.* ) (S.D.N.Y. No. 04-CV-06054) ) *County of Suffolk v. Abbott Labs., et al.* ) (E.D.N.Y. No. CV-03-229) ) *County of Westchester v. Abbott Labs., et al.* ) (S.D.N.Y. No. 03-CV-6178) ) *County of Rockland v. Abbott Labs., et al.* ) (S.D.N.Y. No. 03-CV-7055) ) *County of Dutchess v. Abbott Labs, et al.* ) (S.D.N.Y. No. 05-CV-06458) ) *County of Putnam v. Abbott Labs, et al.* ) (S.D.N.Y. No. 05-CV-04740) ) *County of Washington v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00408) ) *County of Rensselaer v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00422) ) *County of Albany v. Abbott Labs, et al* ) (N.D.N.Y. No. 05-CV-00425) ) *County of Warren v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00468) ) *County of Greene v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00474) ) *County of Saratoga v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00478) ) *County of Columbia v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00867) ) *Essex County v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00878) ) *County of Chenango v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00354) ) *County of Broome v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00456) ) *County of Onondaga v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00088) ) *County of Tompkins v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00397) ) *County of Cayuga v. Abbott Labs, et al.* ) (N.D.N.Y. No. 05-CV-00423) ) | **THE MYLAN DEFENDANTS' INDIVIDUAL REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS** |

*County of Madison v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00714) )
*County of Cortland v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00881) )
*County of Herkimer v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00415) )
*County of Oneida v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00489) )
*County of Fulton v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00519) )
*County of St. Lawrence v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00479) )
*County of Jefferson v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00715) )
*County of Lewis v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00839) )
*County of Chautauqua v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06204) )
*County of Allegany v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06231) )
*County of Cattaraugus v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06242) )
*County of Genesee v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06206) )
*County of Wayne v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06138) )
*County of Monroe v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06148) )
*County of Yates v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06172) )
*County of Niagara v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06296) )
*County of Seneca v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06370) )
*County of Orleans v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06371) )
*County of Ontario v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06373) )
*County of Schuyler v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06387) )
*County of Steuben v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06223) )
*County of Chemung v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06744) )
                     AND                         )
*County of Nassau v. Abbott Labs, et al.* )
(E.D.N.Y. No. 04-CV-5126) )
_____)

Defendants Mylan Laboratories Inc., Mylan Pharmaceuticals Inc. and UDL Laboratories Inc. (collectively, the "Mylan Defendants") submit this individual reply memorandum in further support of their motion to dismiss the Corrected Consolidated Complaint of New York City and Plaintiff New York Counties other than Nassau (the "CC") and the Second Amended Complaint of Nassau County (the "Nassau Complaint") (collectively, the "Complaints").[1]

## ARGUMENT

Plaintiffs incorrectly assert that they "are not required to plead each product-specific and time-specific" misrepresentation to meet their Rule 9(b) burden. This Court, in *In re Pharm. Indus. Average Wholesale Price Litig.* No. 01-12257 2004 WL 2387125 at * 2 (D. Mass. October 26, 2004) ("*Suffolk II*"), held that that is exactly what they must do. Merely alleging AWP, for a list of drugs for the year 2000 without any explanation at all – in an action seeking damages for a period starting in 1992 – is not enough. Plaintiffs must particularize their allegations explaining the basis for the so called "market prices" and "spread" for each drug and furnish and identify the evidence supporting their allegations. *Id.* The Complaints do not do this. They provide a laundry list of over 500 NDCs with published AWPs. There is no explanation at all as to whether the "market prices" alleged by Plaintiff would have been the reimbursement benchmark. Without these particularized facts, Plaintiffs cannot meet the pleading burden they acknowledge they have, to establish a good faith basis for alleging that the spreads were improper.

Pleading "the applicable reimbursement scheme and proffer[ing] allegations of [D]efendants' fraudulent conduct" is not enough. Plaintiffs misread the Court's prior decisions, particularly *In re Pharm. Indus. Avg. Whole. Price. Litig.*, 307 F. Supp.2d 196, 208 (D. Mass.

---

[1] The Mylan Defendants also join in Defendants' Joint Reply Memorandum of Law and Defendant Sandoz Inc.'s Supplemental Reply Memorandum of Law. The Mylan Defendants also join in and incorporate by reference the arguments made in the briefs filed by the other defendants to the extent they apply to the Mylan Defendants.

2004). In that case, the Court found that the complaint satisfied Rule 9(b) because the "Plaintiffs describe[d] extensively the factual investigations undertaken that formed the bases of Plaintiffs' allegations, and in doing so [Plaintiffs] identif[ied] particular allegedly-fraudulent conduct on the part of each Defendant, except one." *Id.*, at 208. Defendant-specific allegations were essential, and included the following cited support: internal company documents, alleged "spreads" calculated by the Department of Justice ("DOJ"), and facts about government investigations involving the defendants. *Id.* Plaintiffs do not meet this standard here.

First, no Mylan documents are identified. Second, there is only a passing reference to a lawsuit brought by the Attorney General of Massachusetts and an investigation by the U.S. House of Representatives. Neither is alleged to contain specific findings against Mylan sufficient to meet the Rule 9(b) standard. Rather, these scatter-shot allegations merely show that the Mylan Defendants' AWPs for certain of their drugs are alleged to have differed from what the Plaintiffs label as "market prices." This is not enough to meet Plaintiffs' pleading burden.[2]

Plaintiffs' allegations with regard to multiple-source drugs reimbursed based on FUL underscore the pleading deficiencies requiring dismissal. This is most apparent from Plaintiffs' discussion of their allegations concerning the Mylan Defendants' AWP for Albuterol Sulfate 2 mg tablet. First, as Plaintiffs are forced to concede, the Complaints do not contain sufficient allegations, so Plaintiffs are forced to try and supplement their pleading with lawyers' arguments in their brief. (Opp. at 5.) Second, even from Plaintiffs' arguments, it is apparent that, when a FUL was applicable to a given drug's reimbursement, the reported AWP for that drug was not used and thus was irrelevant for the purposes of reimbursement. As Plaintiffs acknowledge,

---

[2]   While the Court in *Suffolk II*, 2004 WL 2387125 at *2, did hold that Rule 9(b) could be satisfied by alleging "the published AWP" and what plaintiff "believes is an accurate estimate of the actual average wholesale price of the drug," the Court, in fact, required Plaintiffs to identify evidence supporting the claims. Plaintiffs do not meet this standard either. *See* Defendants' Joint Reply Mem. at Point IV.B.3.

NY01/QUINE/1102340.4

three of the drugs they identify, Albuterol Sulfate 2 mg, Desipramine HCL 50 mg and Perphenazine 8 mg Tablet Oral 100, were "temporarily subject to the FUL, and then returned to an AWP-reimbursement format." (Opp. at 4.) Of course, the Complaints ignore this and suggest in the Exhibits identifying Mylan drugs that the Mylan drugs referenced were reimbursed at what the Plaintiffs conveniently label a "fraudulent AWP." Third, there is no explanation of how the isolated example of alleged increases in the Albuterol AWP demonstrates any fraud in connection with any of the other more then 500 NDC numbers identified in Exhibit B to the CC. Finally, by their claims that Plaintiffs can provide an "analysis for every Mylan drug subject to the FUL, for every year from 1994-present," Plaintiffs admit they have had the information to have adequately plead their complaint, yet have failed to do so. (Opp. at 5.))

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the Mylan Defendants' moving memorandum, the Defendants' joint memoranda, the Supplemental Memoranda Regarding Generic Drug Products, and the individual Defendants' memoranda, the Complaints should be dismissed as to the Mylan Defendants.

Dated: May 11, 2006                    Respectfully submitted,

                                       KELLEY DRYE & WARREN LLP

                                       By: _____
                                           William A. Escobar (*pro hac vice*)
                                           Neil Merkl (*pro hac vice*)
                                           Christopher C. Palermo (*pro hac vice*)
                                           Elizabeth A. Quinlan (BBO #: 651644)
                                           101 Park Avenue
                                           New York, New York 10178
                                           Tel: 212-808-7800
                                           Fax: 212-808-7897
                                       Attorneys for Defendants Mylan Laboratories Inc.,
                                       Mylan Pharmaceuticals Inc. and UDL Laboratories Inc.

NY01/QUINE/1102340.4

## CERTIFICATE OF SERVICE

I certify that on May 11, 2006, a true and correct copy of the foregoing Reply Memorandum of Law was served on all counsel of record by electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

_____
Seunghwan Kim

NY01/KIMSE/1085906.2