UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 04-CV-06054)<br>*County of Suffolk v. Abbott Labs., et al.*<br>(E.D.N.Y. No. CV-03-229)<br>*County of Westchester v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-6178)<br>*County of Rockland v. Abbott Labs., et al.*<br>(S.D.N.Y. No. 03-CV-7055)<br>*County of Dutchess v. Abbott Labs, et al.*<br>(S.D.N.Y. No. 05-CV-06458)<br>*County of Putnam v. Abbott Labs, et al.*<br>(S.D.N.Y. No. 05-CV-04740)<br>*County of Washington v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00408)<br>*County of Rensselaer v. Abbott Labs, et al.*<br>(N.D.N.Y. No. 05-CV-00422)<br>*County of Albany v. Abbott Labs, et al*<br>(N.D.N.Y. No. 05-CV-00425) | |

[Caption Continues on Next Page]

**INDIVIDUAL REPLY MEMORANDUM OF DEFENDANTS
PAR PHARMACEUTICAL COMPANIES, INC. AND
PAR PHARMACEUTICAL, INC. IN SUPPORT OF
MOTION TO DISMISS THE CORRECTED CONSOLIDATED COMPLAINT
AND THE SECOND AMENDED COMPLAINT OF NASSAU COUNTY**

*County of Warren v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00468) )
*County of Greene v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00474) )
*County of Saratoga v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00478) )
*County of Columbia v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00867) )
*Essex County v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00878) )
*County of Chenango v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00354) )
*County of Broome v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00456) )
*County of Onondaga v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00088) )
*County of Tompkins v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00397) )
*County of Cayuga v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00423) )
*County of Madison v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00714) )
*County of Cortland v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00881) )
*County of Herkimer v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00415) )
*County of Oneida v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00489) )
*County of Fulton v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00519) )
*County of St. Lawrence v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00479) )
*County of Jefferson v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00715) )
*County of Lewis v. Abbott Labs, et al.* )
(N.D.N.Y. No. 05-CV-00839) )
*County of Chautauqua v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06204) )
*County of Allegany v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06231) )
*County of Cattaraugus v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06242) )
*County of Genesee v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06206) )
*County of Wayne v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06138) )
*County of Monroe v. Abbott Labs, et al.* )
(W.D.N.Y. No. 05-CV-06148) )

| | |
|---|---|
| *County of Yates v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06172) | ) |
| *County of Niagara v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06296) | ) |
| *County of Seneca v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06370) | ) |
| *County of Orleans v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06371) | ) |
| *County of Ontario v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06373) | ) |
| *County of Schuyler v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06387) | ) |
| *County of Steuben v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06223) | ) |
| *County of Chemung v. Abbott Labs, et al.* | ) |
| (W.D.N.Y. No. 05-CV-06744) | ) |
| AND | ) |
| *County of Nassau v. Abbott Labs, et al.* | ) |
| (E.D.N.Y. No. 04-CV-5126) | ) |
| _____ | ) |

Defendants Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. (collectively, "Par") respectfully submit this separate reply memorandum in support of motion to dismiss the Consolidated Complaint of New York City and the New York Counties Other than Nassau (the "Consolidated Complaint") and the Second Amended Complaint of Nassau County (the "Nassau SAC") (collectively, the "Complaints").

## I. THE COMPLAINTS FAIL TO SATISFY RULE 9(b) BY ALLEGING PRICES ACTUALLY RELIED UPON.

Plaintiffs argue that Par "does not dispute that plaintiffs have adequately pled reliance on AWP . . ." Plaintiffs' Opposition to Individual Memorandum of Defendants Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. in Support of Motion to Dismiss ("Opp."), at 3. That is incorrect.[1] Indeed, Par's core argument is that Plaintiffs have not pled facts sufficient to establish that any actual reimbursements were based on any alleged misrepresentations by Par, and therefore that Plaintiffs have not adequately pled reliance on AWP.

Plaintiffs' Opposition in no way shows otherwise. Rather than alleging a link between particular alleged misrepresentations and corresponding reimbursements, the Opposition falls back on generalizations: "The [Consolidated Complaint] alleges that Par's fraudulent prices (*not just AWPs, but all prices*) served as the basis for the County Medicaid Programs' reimbursements." *Id.* at 4 (emphasis added).[2] Such a vague, catch-all pleading fails to satisfy Rule 9(b).

---

[1] Plaintiffs similarly contend that "Par does not dispute . . . that it caused inflated AWPs to be reported . . ." Opp. at 2. Par made no such concession. In this briefing, Par, of course, limits its arguments to the legal sufficiency of the allegations in the Complaints.

[2] This sentence in the Opposition cites Paragraph 643 of the Consolidated Complaint, which does not address reliance. Instead, Paragraph 643 simply makes a wholly conclusory allegation that Par submitted false and misleading price information for the products corresponding to the more than 350 NDC numbers listed at pages 69 – 73 of Exhibit A to the Consolidated Complaint.

The sole Par example discussed in the body of the Complaints illustrates the importance of particularized pleading in cases such as this. With respect to the Dexamethasone 4mg Tablet, it does not appear plausible that reimbursements would have been made on an allegedly inflated reported AWP of $ 182.00 per 100 pills, when, according to the Complaints, there was a published WAC of $ 7.72. *See* Nassau SAC ¶ 557, Consolidated Complaint ¶ 646; *see also* Individual Memorandum of Defendants Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. in Support of Their Motion to Dismiss the Corrected Consolidated Complaint and the Second Amended Complaint of Nassau County, at 2. The Complaints' allegations provide no basis to infer that any reimbursement based on an AWP of $182.00 ever took place.

If there were such reimbursements, Plaintiffs should so allege. If there were none, the absence of these allegations requires that the claims to which they correspond be dismissed, at least as to Par.[3]

## II.   PLAINTIFFS' BEST PRICE AND REBATE ALLEGATIONS ARE ENTIRELY CONCLUSORY.

Plaintiffs' Opposition provides a list of Par products for which Par allegedly reported a Best Price. *See* Opp. at 4 n.6. No actual Best Price for any of these products is alleged in the Consolidated Complaint, Nassau SAC, or any exhibits.[4] Instead, the Complaints allege generally that reported Best Prices were incorrect, because each defendant knowingly excluded factors that

---

[3] The exhibits to the Complaints in no way resolve this pleading deficiency. Exhibit A to the Consolidated Complaint is a list of products with a single associated AWP for a single point in time. Exhibit B to the Nassau SAC contains data on reimbursement, but provides no basis to infer reliance on reported AWPs for Par's products. If anything, the exhibit implies the converse. Finally, the declaration of Joanne Cicala fails to show how any alleged reported price for a Par product led to an "inflated" FUL or otherwise resulted in detrimental reliance by any party to this litigation.

[4] Par withdraws its statement on page 3 of its individual memorandum that Par has not manufactured any single-source and brand-name innovator products and has not reported any Best Prices for these products.

- 2 -

it was required by statute or contract to include in the Best Price calculations. At least as to Par, Plaintiffs allege no factual basis for this claim.

Neither is there any factual basis, with respect to Par, for the Plaintiffs' rebate claims. Plaintiffs simply contend that their rebate claims are supported by claims of the Massachusetts Attorney General elsewhere that Par's AMP data were understated.

Plaintiffs' Best Price and rebate allegations are perfect examples of the kind of formless, unsupported, conclusory allegations that are insufficient under Rule 9(b).

## CONCLUSION

For the foregoing reasons and those set forth in Par's previous individual memorandum, and in the memoranda that Par has joined, the Complaints should be dismissed as to Par.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/ Richard M. Cooper
Richard M. Cooper (*pro hac vice*)
Paul K. Dueffert (*pro hac vice*)
Thomas J. Roberts (*pro hac vice*)
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

- 3 -

## CERTIFICATE OF SERVICE

      I hereby certify that on May 11, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2, by sending a copy of this document to Lexis/Nexis File & Serve for posting and notification to all parties.

      /s/ Thomas J. Roberts  
      Thomas J. Roberts