

**Shipman & Goodwin LLP®**
COUNSELORS AT LAW

One Constitution Plaza
Hartford, Connecticut 06103-1919
Phone: (860) 251-5000
www.shipmangoodwin.com

Benjamin M. Wattenmaker
Phone: (860) 251-5786
Fax: (860) 251-5216
bwattenmaker@goodwin.com

May 12, 2006

The Honorable Magistrate Judge Marianne B. Bowler
United States District Court for the District of Massachusetts
John Joseph Moakley United States Courthouse
One Courthouse Way
Suite 8420
Boston, MA  02210

    Re:  <u>In re Pharmaceutical Industry Average Wholesale Price Litigation</u>
          <u>MDL 1456</u>

Dear Magistrate Judge Bowler:

     I am writing in response to the letter from Michael DeMarco, counsel for Aventis, dated May 12, 2006. I am pleased that counsel for Aventis is finally responding in a more constructive manner to the NHIC Proposed Order [Docket Entry No. 2556], which I attempted to discuss with Mr. DeMarco during a conference call on May 10, 2006. Unfortunately, on May 10, 2006, Mr. DeMarco and his colleagues declined to engage in any meaningful discussion with Mr. Starr and me regarding NHIC's proposal. It is their refusal to discuss NHIC's proposal that has made this campaign of letter writing necessary.

     I write to correct a few misstatements made in Mr. DeMarco's letter. <u>First</u>, the October 27, 2005 Subpoena only seeks production of documents going back to January 1, 1998. Aventis is now trying to get the Court to issue an order for the production of documents going back to 1991. This is improper, particularly since NHIC is not a party to this litigation and was not responsible for Medicare claims until 1998. *See* Fed. R. Civ. P. 45(c).

     <u>Second</u>, Mr. DeMarco incorrectly implies that NHIC seeks to exclude documents contained in boxes currently stored in the Iron Mountain facility from this production. To the contrary, NHIC's proposed order states:

> On or before May 19, 2006, NHIC shall provide Defendants with a copy of the index to the foregoing boxes of documents, and defendants shall have access to any such boxes they wish to review for relevant documents that fall within the production ordered herein, provided that they pay for the retrieval, storage, maintenance, and return of those boxes and conduct the search of the boxes at their own expense, and provided further that NHIC and its customer, CMS, shall first have the opportunity to review any such boxes for privileged documents.

NHIC Proposed Order at 2. Thus, contrary to Aventis' misleading assertion, NHIC is more than willing to permit Aventis to search documents in the warehouse at its own expense. However, as a non-party, NHIC believes that it is not required to bear the substantial cost and burden of this production request.

Third, Aventis' new declaration that it refuses to pay any of NHIC's legal and paralegal costs for the April 11-14, 2006 document production directly contradicts its earlier agreement to pay "reasonable costs for retrieval and copying and for the paralegal time incurred by NHIC for the review of such documents," reached by the parties on March 28, 2006. See March 28, 2006 e-mail from Nick Mizell (attached hereto). In fact, their current letter reiterates that they previously agreed to pay for paralegal time. It remains unclear why Aventis believes that their commitment to pay reasonable fees is no longer valid. This attitude is indicative of the problems faced by NHIC as it has repeatedly tried to work out the production issues with Aventis' attorneys.

Fourth, Aventis' argument in support of its request that NHIC's 30(b)(6) designees be produced on or before June 2, 2006 is baffling. NHIC made both 30(b)(6) designees available to Aventis on multiple days in April. However, Aventis declined the invitation to depose them at that time. Now, Ms. Johnson is unavailable until mid July 2006 because she is in charge of overseeing the launch of a critical program for CMS and has no time available for deposition until mid July. If Aventis did not take the opportunity to depose her while she was made available, Aventis has only itself to blame.

Fifth, the claims made by Aventis in ¶ 9 of its letter are false and unfounded. NHIC has amply briefed these matters, and need not restate its position at length here. See NHIC's Memorandum in Opposition to Motion to Compel [Docket Entry No. 2305]; Non-Party NHIC's Supplemental Memorandum in Opposition to Motion to Compel [Docket Entry No. 2530]. Aventis is not entitled to any award of sanctions.

The Honorable Magistrate Judge Bowler
May 12, 2006
Page 3 of 3


The foregoing simply reflects NHIC's effort to correct Aventis' misstatements and errors in its May 12, 2006 letter. NHIC's silence on any of the statements or requests made by Aventis should not be construed as assent to those statements or requests. For instance, NHIC's position regarding all of the dates on which production should take place remains as it is presently set forth in NHIC's Proposed Order. If these deadlines are shortened, NHIC's ability to comply with the terms of any order may be compromised.

Thank you for your patience and your thorough attention to this matter.

Sincerely yours,

Benjamin M. Wattenmaker, Esq.

cc: James P. Muehlberger, Esq.
    Nicholas P. Mizell, Esq.
    Aimee E. Berman, Esq.
    Leslie M. Stafford, Esq.
    Andy J. Mao, Esq.
    Gary S. Starr, Esq.

435592 v.01

**Starr, Gary**

| | |
|---|---|
| **From:** | Mizell, Nick P. (SHB) [NMIZELL@shb.com] |
| **Sent:** | Tuesday, March 28, 2006 7:37 PM |
| **To:** | Starr, Gary; Wattenmaker, Benjamin M.; Andy.Mao@usdoj.gov; Leslie.Stafford@hhs.gov |
| **Cc:** | Muehlberger, James P. (SHB); mdemarco@klng.com; Aimee E Bierman (E-mail) |
| **Subject:** | Motion to Compel and Motions to Quash October 2005 Subpoenas Directed to NHIC |

Memorializing our agreement today concerning the Motion to Compel and Motions to Quash the October 2005 subpoenas directed to NHIC:

On behalf of the defendants in the AWP-MDL matter, Aventis agrees to withdraw its Motion to Compel to the extent that it is directed to NHIC and to submit an administrative request for its requested Part B carrier testimony to CMS.

NHIC & DOJ agree to withdraw their Motions to Quash and to the following:

On or before March 31, 2006, NHIC will produce any indices in its possession or control concerning the boxes identified as BCBSMA Part B pricing records ("cost center 9132"). NHIC will retrieve and place in a mutually agreeable location for review the documents that Aventis may select from these indices. NHIC and Aventis will contemporaneously and jointly review the documents. Aventis will pay reasonable costs for retrieval and copying and for the paralegal time incurred by NHIC for the review of such documents.

Without good cause for delay and to the extent such document presently exist, on or before April 10, 2006, NHIC will produce the following documents to Aventis:

- The contracts between BCBSMA and CMS and NHIC and CMS to provide Part B carrier services for Massachusetts.

- Any agreements between BCBSMA and NHIC concerning the transfer of the Part B carrier business from BCBSMA to NHIC in 97-98.

- Organizational charts for the Part B carrier business from 1991 to 2005.

Without good cause for delay, on or before April 21, 2006, NHIC will produce a 30(b)(6) witness or witnesses to testify as to the following areas of inquiry:

- any work done relating to surveys of physicians regarding their Medicare Part B drug acquisition costs, including preliminary questionnaires, information received from physicians, and any related information prepared, gathered or received by BCBSMA as the Massachusetts Part B carrier. This includes actions taken and information gathered in response to the March 14, 1994 directive from CMS requesting such surveys;

- why and how often submitted charges from and reimbursement payments to physicians deviated from the statutory AWP ceilings for Part B covered drugs from 1991-2004, including the carrier's discretion to set reimbursement amounts;

- whether it is possible to determine from the Massachusetts Medicare Part B records for 1991-2004 maintained by NHIC if the submitted charges for part B covered drugs were based upon AWP; and

- the volume of Part B claims from 1991 to 2004 for Massachusetts and the quantity of providers that submitted such claims.

Without good cause for delay, on or before April 21, 2006, NHIC will provide the following information for any electronic claims data concerning the submitted charges and reimbursement payments for Medicare Part B drug transactions in Massachusetts:

1

1.  The file names, file sizes, media on which they are preserved, the application used to access the files, and the operating system used to run each named application.

2.  The number of cartridges/tapes used to store these files.

3.  The data layouts, data dictionaries, and all field codes for all files used to adjudicate the Massachusetts Part B reimbursement transactions.

Please e-mail Michael DeMarco; Aimee Bierman; James Muehlberger; and Nicholas Mizell with any changes. The agreement will be entered into the record during tomorrow's hearing.

Thank You, Nick.

Nicholas P. Mizell
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
(816) 474-6550 (main)
(816) 559-2329 (direct)
(913) 579-2775 (cell)
(816) 421-2708 (fax)

SHOOK, HARDY & BACON LLP CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION CONTAINING OPINION WORK PRODUCT OF RETAINED OUTSIDE COUNSEL


"MMS <shb.com>" made the following
 annotations on 03/28/06, 18:37:23

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.