# UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY | ) | |
| AVERAGE WHOLESALE PRICE | ) | MDL No. 1456 |
| LITIGATION | ) | |
| | ) | CIVIL ACTION: 01-CV-12257-PBS |
| | ) | |
| THIS DOCUMENT RELATES TO | ) | Judge Patti B. Saris |
| ALL CLASS ACTIONS | ) | |
| | ) | |

**ANSWER AND DEFENSES OF PHARMACIA CORPORATION AND PHARMACIA & UPJOHN TO PLAINTIFFS' FOURTH AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT AMENDED TO COMPLY WITH COURT'S CLASS CERTIFICATION ORDER**

Defendants Pharmacia Corporation and Pharmacia & Upjohn (collectively "Pharmacia"), by and through their attorneys, state as follows:

Preface

The Plaintiffs' Fourth Amended Master Consolidated Class Action Complaint Amended To Comply With Court's Class Certification Order ("FAMCC") contains allegations that are vague, ambiguous, inflammatory or otherwise improper. Pharmacia responds only to the extent that the FAMCC is susceptible to a response and to the extent that Pharmacia has information sufficient to form a belief as to the allegations. Except where an allegation is expressly admitted, Pharmacia denies each and every allegation in the FAMCC. For example, to the extent that "Defendants" are lumped together or an allegation relates to other parties, Pharmacia is unable to respond to those allegations and denies them. Pharmacia also denies all allegations that contain legal arguments and conclusions of law as those allegations do not require a response.

## I.  INTRODUCTION

1.      Admitted in part, denied in part.  Pharmacia admits only that Plaintiffs seek to bring this action as alleged in Paragraph 1 of the FAMCC.  Otherwise, denied.

2. – 3.  Denied.

4.      Admitted in part, denied in part.  Pharmacia admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP.  Pharmacia also admits that Medicare Part B medicines are generally, but not always, administered in a health care provider's office.  Otherwise, denied.

5. – 7.  Denied.

8.      Admitted in part, denied in part.  Pharmacia admits only that Plaintiffs have filed attachments to the FAMCC.  Otherwise, denied.

## II.      JURISDICTION AND VENUE

9. – 11.          Denied.

12.      The April 30, 2002 Order is the best evidence of its contents, and any characterization thereof is denied.

## III.      PARTIES

### A.      Plaintiffs

13.      Pharmacia is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.  Pharmacia specifically denies that Plaintiffs have standing to bring this action or are entitled to any relief.

### 1. Proposed Class 1 Representatives (Medicare Part B Beneficiaries)

14. – 24.      Pharmacia is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.  Pharmacia specifically denies that Plaintiffs have standing to bring this action or are entitled to any relief.

### 2. Proposed Class 2 Representatives (MediGap Payors)

25. – 31.      Pharmacia is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.  Pharmacia specifically denies that Plaintiffs have standing to bring this action or are entitled to any relief.

### 3. Proposed Class 3 Representatives (TPPs and Consumers for AWP-Based Charges on Physician-Administered Drugs Outside of Medicare)

32. – 62.      Pharmacia is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.  Pharmacia specifically denies that Plaintiffs have standing to bring this action or are entitled to any relief.

### 4. Public Interest Group Plaintiffs

63. – 67.      Pharmacia is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.  Pharmacia specifically denies that Plaintiffs have standing to bring this action or are entitled to any relief.

**B.      Defendants**

68. – 69.      Denied.

70. – 129.      These paragraphs are directed at parties other than Pharmacia, and therefore Pharmacia need not respond to them.  To the extent that a response is required of Pharmacia, these allegations are denied.

130.      Admitted.

131.      Pharmacia admits that Pharmacia & Upjohn, Inc. ("P&U") is a subsidiary of Pharmacia Corporation.  Otherwise, denied.

132.      Admitted in part, denied in part.  Pharmacia admits only that it is involved in the discovery, development, manufacture and sale of health care products and services, including pharmaceuticals.  The reports referred to by Plaintiffs in Paragraph 132 speak for themselves and any attempts to characterize the reports are denied.  Pharmacia denies the remaining allegations in this paragraph.

133.      Admitted in part, denied in part.  Pharmacia admits that the following medicines listed in Paragraph 133 are, or have been, manufactured by Pharmacia: Adriamycin PFS, Adrucil, Amphocin, Aromasin, Camptosar, Cleocin Phosphate, Cytosar-U, Depo-Testosterone, Ellence, Solu-Cortef, Idamycin, Medrol and Vincasar. Otherwise, denied.

134. – 144.      These paragraphs are directed at parties other than Pharmacia, and therefore Pharmacia need not respond to them.  To the extent that a response is required of Pharmacia, these allegations are denied.

## IV.  GENERAL ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

145.      Denied.

146.      Pharmacia lacks knowledge or information sufficient to allow it to respond

to the first sentence of this paragraph, it is therefore denied.  The remaining allegations are admitted on information and belief.

147. – 154.    Admitted in part, denied in part.  Pharmacia admits that Congress has mandated that Medicare Part B reimbursements be based, in part, on AWP.  Pharmacia also admits that pharmaceutical industry compendia periodically publish AWPs for prescription medicines sold in this country.  The 1999 edition of the *Redbook* and the June 1996 Dow Jones news article cited by Plaintiff in Paragraph 149 speak for themselves and any attempt to characterize them is denied.  Otherwise, denied.

155. – 157.    Admitted.

158. – 163.    To the extent that the allegations in these paragraphs refer to statutes, regulations or other documents, those sources speak for themselves, and any characterizations thereof are denied.  To the extent that these paragraphs set forth legal conclusions, no response is required.

164.    Admitted.

165.    Admitted in part, denied in part.  Pharmacia admits that there are no government regulations describing how AWPs are calculated and that there are no statutory or regulatory definitions or descriptions of AWP.  Pharmacia admits that it has provided certain information to pharmaceutical industry pricing publications.  Otherwise, denied.

166. – 167.    The April 2003 OIG Guidance cited in Paragraphs 166 and 167 speaks for itself and Pharmacia denies any attempt to characterize it.  Pharmacia denies the remaining allegations in these paragraphs.

168.    Denied.

169. – 170.   The letter cited in Paragraphs 169 and 170 speaks for itself and Pharmacia denies any attempts to characterize it.  Pharmacia denies the remaining allegations in these paragraphs.

171. – 197.   Denied.

198.   Pharmacia is without knowledge or sufficient information to form a belief as to the truth of the allegations.  Pharmacia therefore denies the allegations in this paragraph.

199. – 212.   Denied.  The documents cited in Paragraphs 200, 202, 203, and 205 of the FAMCC speak for themselves and Pharmacia denies any attempts to characterize them.

## V.   ALLEGED EXAMPLES OF SPECIFIC UNLAWFUL CONDUCT

213. – 437.   These paragraphs are not directed at Pharmacia and therefore no response is required of Pharmacia.  To the extent that a response is required of Pharmacia, these allegations are denied.

438.   Admitted in part, denied in part.  Pharmacia admits only that Plaintiffs are attempting to seek relief as stated in this paragraph.  Otherwise, denied.

439.   Admitted in part, denied in part.  Pharmacia admits only that the governmental entities listed in Paragraph 439 have conducted investigations concerning pricing in the pharmaceutical industry and that Pharmacia, among others, participated in such investigations.  Otherwise, denied.

440. – 451.   Denied.  The documents identified in these paragraphs are the best evidence of their contents and any attempts to characterize the documents are denied.

452.   Pharmacia admits that published AWPs for its products generally exceed prices paid by wholesalers and providers.  To the extent that this paragraph refers to

documents, those documents are the best evidence of their contents and any characterizations thereof are denied.  The remaining allegations of this paragraph are denied.

453.    Denied.

454.    Denied.  The document identified in this paragraph is the best evidence of its content and any attempt to characterize it is denied.

455.    Denied.

456. – 501.    These paragraphs are not directed toward Pharmacia and therefore no response is required of Pharmacia.  To the extent that a response is required of Pharmacia, these allegations are denied.

## VI.    ALLEGED DIRECT DAMAGES SUSTAINED BY PLAINTIFFS AND THE MEMBERS OF THE AWP CLASS

502.    This paragraph is not directed toward Pharmacia and therefore no response is required of Pharmacia.  To the extent that a response is required of Pharmacia, these allegations are denied.

## VII.    CLASS ACTION ALLEGATIONS FOR THE "AWP PAYOR SCHEME"

503.    Admitted in part, denied in part.  Pharmacia admits that Plaintiffs purport to bring this action as alleged in Paragraph 503 of the FAMCC, but denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Pharmacia denies the remaining allegations in this paragraph.

504.    Denied.  The allegations in Paragraph 504 of the FAMCC state legal arguments and conclusions of law to which no response is required.  Pharmacia denies that Plaintiffs have pled a proper class or named proper class representatives and that class certification is appropriate.

505. – 506.    Admitted in part, denied in part.  Pharmacia admits that Plaintiffs purport to bring this action as alleged in Paragraphs 505 and 506 of the FAMCC, but denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Pharmacia denies the remaining allegations in this paragraph.

507. – 512.    Denied.  The allegations in Paragraphs 507 through 512 of the FAMCC state legal arguments and conclusions of law to which no response is required. Pharmacia denies that Plaintiffs have pled a proper class or named proper class representatives and that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraphs 508 and 512 of the FAMCC.

## COUNT I

513. – 541.    The Court dismissed Count I in its Order dated February 25, 2004. Accordingly, Pharmacia does not respond to Paragraphs 513 through 541 of the FAMCC. To the extent a response is required, Pharmacia denies all allegations contained within Count I of the FAMCC.

## COUNT II

542.    Pharmacia incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 541 of the FAMCC, above.

543.    Admitted in part, denied in part.  Pharmacia admits that Plaintiffs purport to bring this action and to seek relief as alleged in Count II, but denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Pharmacia.  Pharmacia denies the remaining allegations in this paragraph.

544.    The allegations in this paragraph are legal arguments and conclusions of law to which no response is required.  Pharmacia denies that Plaintiffs have pled a proper

class.

545.     This paragraph contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, Pharmacia lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

546. – 549.     Denied.

550.     The unidentified "industry report" is the best evidence of its contents, and Pharmacia denies any attempt to characterize the document.  Pharmacia denies the remaining allegations in this paragraph.

551. – 574.     Denied.

## COUNT III

575.     Pharmacia incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 574 of the FAMCC, above.  Pharmacia assumes that the Plaintiffs made a typographical error in the second sentence of this Count, which reads "This Court is asserted under Fed. R. Civ. P. 23(b)(2) by all Plaintiffs for the physician-administered-Medicare Part B drug class . . . ." by writing "Court" instead of "Count." Notwithstanding that assumption, this paragraph is admitted in part, denied in part. Pharmacia admits that Plaintiffs purport to bring this action as alleged in Paragraph 575 of the FAMCC, but denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Pharmacia denies the remaining allegations in this paragraph.

576.     The allegations in Paragraph 576 state legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, Pharmacia denies that Plaintiffs have standing to bring this action or are entitled to the

relief they seek.

577. - 578.     Denied.

## COUNT IV

579.     Pharmacia incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 578 of the FAMCC, above.  Pharmacia assumes that the Plaintiffs made a typographical error in the second sentence of this Count, which reads "This Count is in the TAMCAC to preserve Plaintiffs' right to appease . . . ." by writing "appease" instead of "appeal."  Notwithstanding that assumption, Pharmacia admits that Plaintiffs purport to bring this Count to preserve their right to appeal, however Pharmacia denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Pharmacia.

580.     Admitted in part, denied in part.  Pharmacia admits that Plaintiffs purport to bring this action and to seek relief under Count IV of the FAMCC as alleged in this paragraph, however Pharmacia denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Pharmacia.  Pharmacia denies the remaining allegations in this paragraph.

581.     Admitted in part, denied in part.  Pharmacia admits that its principal place of business is located in New Jersey.  Pharmacia admits that certain states have enacted consumer protection laws, but Pharmacia denies that it has violated such laws or that Plaintiffs or any putative class members are entitled to relief under such laws.  Otherwise, denied.

582. - 586.     Denied.

## COUNT V

587.    Pharmacia incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 586 of the FAMCC, above.  In addition, Pharmacia admits that Plaintiffs purport to bring this Count in the alternative, but denies that Plaintiffs may properly do so.

588.    Admitted in part, denied in part.  Pharmacia admits that Plaintiffs purport to bring this action and to seek relief under Count V of the FAMCC as alleged in Paragraph 588, however Pharmacia denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Pharmacia.  Pharmacia denies the remaining allegations in this paragraph.

589.    This paragraph is directed at parties other than Pharmacia because Pharmacia is not a Track 1 defendant and therefore no response is required of Pharmacia.  To the extent a response is required, these allegations are denied.

590.    Admitted in part, denied in part.  Pharmacia admits that Plaintiffs propose as class representatives for purposes of Count V those persons named in Paragraph 590, but denies that they are proper class representatives or that a class can be properly certified as alleged.

591.    Admitted in part, denied in part.  Pharmacia admits that Plaintiffs purport to seek certification of this class pursuant to Fed. R. Civ. P. 23(b)(3) for the damage claims and (b)(2) for the injunctive relief claims, however Pharmacia denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Pharmacia.  Pharmacia denies the remaining allegations in these paragraphs.

592. – 593.    Denied.  To the extent the allegations in Paragraphs 592 and 593

are legal arguments and conclusions of law, no response is required. Pharmacia denies the remaining allegations in these paragraphs.

594.    Denied.  The allegations in Paragraph 594 of the FAMCC state conclusions of law to which no response is required.  To the extent a response is required, Pharmacia is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

595.    Pharmacia is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

**COUNT VI**

596.    Pharmacia incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 595 of the FAMCC, above.  In addition, Pharmacia admits that Plaintiffs purport to bring this Count in the alternative, but denies that Plaintiffs may properly do so.

597. – 598.    Admitted in part, denied in part.  Pharmacia admits that Plaintiffs purport to bring this action and to seek relief under Count VI of the FAMCC as alleged in Paragraphs 597 and 598, however Pharmacia denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Pharmacia.  Pharmacia denies the remaining allegations in these paragraphs.

599.    Admitted in part, denied in part.  Pharmacia admits that Plaintiffs purport to seek certification of this class pursuant to Fed. R. Civ. P. 23(b)(3) for the damage claims and (b)(2) for the injunctive relief claims, however Pharmacia denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Pharmacia. Pharmacia denies the remaining allegations in these paragraphs.

600. – 601.    Denied.  To the extent the allegations in Paragraphs 600 and 601 are legal arguments and conclusions of law, no response is required. Pharmacia denies the remaining allegations in these paragraphs.

602.    Denied.  The allegations in Paragraph 602 of the FAMCC state conclusions of law to which no response is required.  To the extent a response is required, Pharmacia is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

603.    Pharmacia is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

## COUNT VII

604.    Pharmacia incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 603 of the FAMCC, above.  In addition, Pharmacia admits that Plaintiffs purport to bring this Count in the alternative, but denies that Plaintiffs may properly do so.

605.    Admitted in part, denied in part.  Pharmacia admits that Plaintiffs purport to seek certification of this class pursuant to Fed. R. Civ. P. 23(b)(3) for the damage claims and (b)(2) for the injunctive relief claims, however Pharmacia denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Pharmacia. Pharmacia denies the remaining allegations in these paragraphs.

606.    This paragraph is directed at parties other than Pharmacia because Pharmacia is not a Track 1 defendant and therefore no response is required of Pharmacia. To the extent a response is required, these allegations are denied.

607. – 608.    Admitted in part, denied in part.  Pharmacia admits that Plaintiffs

propose as third party payor class representatives for purposes of Count VII those entities named in Paragraphs 607 and/or 608, but Pharmacia denies that the purported representatives are appropriate representatives under Fed. R. Civ. P. 23.

609.     Admitted in part, denied in part.  Pharmacia admits only that the Court did not require consumer representatives for Class 3.  However, Pharmacia denies that this proposed class may be properly certified.

610.     Admitted in part, denied in part.  Pharmacia admits that Plaintiffs purport to seek certification of this subclass, however Pharmacia denies that such certification is appropriate.

611. – 613.     Denied.  To the extent the allegations in Paragraphs 611 through 613 are legal arguments and conclusions of law, no response is required.  Pharmacia denies the remaining allegations in these paragraphs.

**NOTE:        PLAINTIFFS' FAMCC DID NOT CONTAIN COUNT VIII, THEREFORE NO RESPONSE IS REQUIRED OF PHARMACIA.**

### COUNT IX

614.     Pharmacia incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 613 of the FAMCC, above.

615.     Admitted in part, denied in part.  Pharmacia admits that Plaintiffs purport to bring this action as alleged in Paragraph 615 of the FAMCC, however Pharmacia denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  Pharmacia denies the remaining allegations in Paragraph 615.

616. – 621.     Denied.

**UNNUMBERED "WHEREFORE" PARAGRAPH AND
REQUEST FOR JURY TRIAL**

Pharmacia denies that Plaintiffs are entitled to a judgment or any other relief

requested in their Prayer for Relief and "WHEREFORE" paragraph following Paragraph

621 of the FAMCC.

**DEFENSES OF PHARMACIA CORPORATION AND PHARMACIA & UPJOHN
TO PLAINTIFFS' FOURTH AMENDED MASTER CONSOLIDATED
CLASS ACTION COMPLAINT AMENDED TO COMPLY WITH COURT'S
<u>CLASS CERTIFICATION ORDER</u>**

### <u>First Defense</u>

Plaintiffs and the putative class fail to state a claim against Pharmacia upon which relief may be granted.

### <u>Second Defense</u>

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### <u>Third Defense</u>

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the filed rate doctrine.

### <u>Fourth Defense</u>

Plaintiffs and the putative class have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Pharmacia as alleged in the FAMCC.

### <u>Fifth Defense</u>

To the extent Plaintiffs and/or any member of the putative class obtain recovery in any other case predicated on the same factual allegations, that Plaintiff or purported class member is barred from seeking recovery against Pharmacia based on the FAMCC pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

### <u>Sixth Defense</u>

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the

First Amendment to the United States Constitution and the analogous provisions of the Constitutions of the states referenced in Counts IV, V, VI and VII or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

## Seventh Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Pharmacia in judicial, legislative or administrative proceedings of any kind or at any level of government.

## Eighth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

## Ninth Defense

Any and all actions taken by Pharmacia with respect to any of the matters alleged in the FAMCC were taken in good faith and in accordance with established industry practice.

## Tenth Defense

Plaintiffs' and the putative class' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## Eleventh Defense

Plaintiffs' and the putative class' claims are preempted by the dormant Commerce Clause of the United States Constitution.

### Twelfth Defense

Plaintiffs' and the putative class' claims against Pharmacia are barred because Pharmacia has complied with all applicable regulations of the federal and state governments.

### Thirteenth Defense

Plaintiffs' and the putative class' claims against Pharmacia are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Fourteenth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because they violate Pharmacia's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as all applicable state constitutions, insofar as Plaintiffs and the putative class members seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Fifteenth Defense

Pharmacia's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

### Sixteenth Defense

Plaintiffs and the putative class fail to state with particularity facts to support claims of fraudulent conduct, fraudulent concealment and the multi-source allegations against Pharmacia contained in the FAMCC.

### Seventeenth Defense

Plaintiffs' and the putative class' claims against Pharmacia are barred, in whole or in part, because Pharmacia did not make any false statements to Plaintiffs or to any

members of the putative class members.  As to any statement asserted against Pharmacia

that Plaintiffs and the putative class allege to be false or misleading, Pharmacia had no

reasonable grounds to believe, and did not believe at the time such a statement was made,

that the statement was false or misleading.

**Eighteenth Defense**

Plaintiffs' and the putative class' claims against Pharmacia are barred because

Pharmacia did not directly or indirectly conspire with any other entity or engage in any

other conduct in violation of state or federal law.

**Nineteenth Defense**

Plaintiffs' and the putative class' RICO claims against Pharmacia are barred, in

whole or in part, due to Plaintiffs' failure to properly allege a RICO enterprise as required

by 18 U.S.C. § 1962(c).

**Twentieth Defense**

Plaintiffs' and the putative class' RICO claims against Pharmacia are barred, in

whole or in part, due to their failure to allege that Pharmacia conducted the affairs of the

alleged enterprises as required by 18 U.S.C. § 1962(c).

**Twenty-First Defense**

Plaintiffs and the putative class lack standing to bring their RICO claims against

Pharmacia because they cannot show Pharmacia directly caused their alleged injuries as

required by 18 U.S.C. § 1964(c) and *Holmes v. Securities Investor Prot. Corp.*, 503 U.S.

258, 265-66, 268 (1992).

**Twenty-Second Defense**

Plaintiffs and the putative class fail to allege with particularity their civil

conspiracy claims against Pharmacia as required by Fed. R. Civ. P. 9(b).

### Twenty-Third Defense

Plaintiffs' and the putative class' civil conspiracy claims against Pharmacia are barred, in whole or in part, by their failure to allege a concerted action as required by *Aetna Cas. Sur. Co. v. P&B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994) and *Grant v. John Hancock Mut. Life Ins. Co.*, 183 F. Supp. 2d 344, 359 (D. Mass. 2002), and/or by their failure to allege a coercive conspiracy as required by *Fleming v. Dance*, 22 N.E.2d 609, 611 (Mass. 1939).

### Twenty-Fourth Defense

Plaintiffs' and the putative class' civil conspiracy claims against Pharmacia are barred, in whole or in part, because they are duplicative and improper under Massachusetts law.  *See Grant*, 183 F. Supp. 2d at 364.

### Twenty-Fifth Defense

Pharmacia denies that Plaintiffs and the putative class have valid consumer protection claims against Pharmacia under the state statutes alleged in Counts IV, V, VI and VII or any other State whose law is or becomes relevant in the course of this multidistrict litigation.  However, if such claims are found to exist, Pharmacia pleads all available defenses under the Acts.

### Twenty-Sixth Defense

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against Pharmacia, they are not entitled to such relief because they have an adequate remedy at law.

### Twenty-Seventh Defense

Plaintiffs and the putative class lack standing to bring their asserted consumer protection claims against Pharmacia under certain state consumer protection laws,

including without limitation those state statutes alleged in Counts IV, V, VI and VII or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

### Twenty-Eighth Defense

Any allegedly fraudulent statements or conduct of Pharmacia did not directly or proximately cause the alleged injuries of Plaintiffs and/or any members of the putative class as required under the state statutes alleged in Counts IV, V, VI and VII or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

### Twenty-Ninth Defense

Pharmacia's conduct was neither "deceptive," "misleading," "unlawful" nor "illegal" as required under the state statutes alleged in Counts IV, V, VI and VII or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

### Thirtieth Defense

Any allegedly fraudulent statement or conduct of Pharmacia was not consumer-oriented as required under certain consumer protection law, including without limitation that of New York.

### Thirty-First Defense

Plaintiffs' and the putative class' claims against Pharmacia for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Thirty-Second Defense

Plaintiffs' and the putative class' claims for injunctive relief against Pharmacia are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-Third Defense

This action cannot be maintained as a class action because the certification and

maintenance of this action as a class would violate the separation of powers provisions of the United States Constitution and would be an unconstitutional usurpation of authority reserved to the legislative branch.

### Thirty-Fourth Defense

This action cannot be maintained as a class action because the claims of Plaintiffs and the putative class cannot be properly joined with one another because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences.

### Thirty-Fifth Defense

This action cannot be maintained as a class action because the named Plaintiffs and the putative class cannot satisfy the procedural requirements of Fed. R. Civ. P. 23.

### Thirty-Sixth Defense

This action cannot be maintained as a class action because the questions of fact at issue are not common to the alleged class, but rather, are highly specific and will vary dramatically from person to person and entity to entity.

### Thirty-Seventh Defense

This action cannot be maintainable as a class action because class certification would violate Pharmacia's rights provided by the Fifth, Seventh and Fourteenth Amendments to the United States Constitution as well as by the Constitutions of the states referenced in Counts IV, V, VI and VII or any other State whose law is or becomes relevant in the course of this multidistrict litigation, including but not limited to Pharmacia's right to procedural and substantive safeguards, which include traditional defenses to liability.

### Thirty-Eighth Defense

Plaintiffs' and the putative class' claims against Pharmacia are barred, in whole or

in part, due to their failure to join indispensable parties.

### Thirty-Ninth Defense

Plaintiffs' and the putative class' claims against Pharmacia are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the FAMCC.

### Fortieth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because any injuries sustained by Plaintiffs or the putative class were the result of intervening or superseding conduct of third parties.

### Forty-First Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, (1) because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Pharmacia; (2) because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the FAMCC; (3) by the doctrine of consent and/or ratification to the extent that Plaintiffs and/or putative class members have received and paid for medicines manufactured, marketed and sold by Pharmacia after the filing of Plaintiffs' original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### Forty-Second Defense

Pharmacia is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs and/or the putative class, with respect to the same alleged injuries.

### Forty-Third Defense

Plaintiffs' and the putative class' claims against Pharmacia for damages are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiffs and/or putative class members have received and paid for medicines manufactured, marketed and sold by Pharmacia after the filing of Plaintiffs' original Complaint.

### Forty-Fourth Defense

Any damages recovered by the Plaintiffs and the putative class from Pharmacia must be limited by the applicable statutory ceilings on recoverable damages.

### Forty-Fifth Defense

Plaintiffs and the putative class fail to allege facts or a cause of action against Pharmacia sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

### Forty-Sixth Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against Pharmacia have no basis in law or fact.

### Forty-Seventh Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against Pharmacia are not recoverable because the allegations of the FAMCC are legally insufficient to support a claim for punitive damages against Pharmacia.

### Forty-Eighth Defense

To the extent punitive damages are sought, Plaintiffs' and putative class' punitive damages claims against Pharmacia cannot be sustained because an award of punitive

damages would violate the United States Constitution, the Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII and the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1 and the analogous provisions contained in the Constitutions of the states referenced in Counts IV, V, VI and VII or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

## **Forty-Ninth Defense**

Pharmacia adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

## Fiftieth Defense

Pharmacia hereby gives notice that it intends to rely upon any other and additional defense(s) that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense(s).  Pharmacia also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a State referenced in Counts IV, V, VI and VII or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

Respectfully submitted,

Dated: May 15, 2006                                   /s/  Mark D. Smith

_____

Mark D. Smith (BBO# 542676)
Laredo & Smith, LLP
15 Broad Street, Suite 600
Boston, MA  02109
617.367.7984 (telephone)
617.367.6475 (fax)

Attorneys for Defendants Pharmacia
Corporation and Pharmacia & Upjohn

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of May, 2006, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No.2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

/s/ Mark D. Smith

_____

Attorney for Defendants Pharmacia
Corporation and Pharmacia & Upjohn