## UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY | ) | |
| AVERAGE WHOLESALE PRICE | ) | MDL No. 1456 |
| LITIGATION | ) | |
| | ) | CIVIL ACTION: 01-CV-12257-PBS |
| | ) | |
| THIS DOCUMENT RELATES TO | ) | Judge Patti B. Saris |
| ALL CLASS ACTIONS | ) | |
| | ) | |

## ANSWER AND DEFENSES OF PFIZER INC. TO PLAINTIFFS' FOURTH AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT AMENDED TO COMPLY WITH COURT'S CLASS CERTIFICATION ORDER

Defendant Pfizer Inc. ("Pfizer"), by and through its attorneys, states as follows:

Preface

The Plaintiffs' Fourth Amended Master Consolidated Class Action Complaint Amended To Comply With Court's Class Certification Order ("FAMCC") contains allegations that are vague, ambiguous, inflammatory or otherwise improper.  Pfizer responds only to the extent that the FAMCC is susceptible to a response and to the extent that Pfizer has information sufficient to form a belief as to the allegations.  Except where an allegation is expressly admitted, Pfizer denies each and every allegation in the FAMCC.  For example, to the extent that "Defendants" are lumped together or an allegation relates to other parties, Pfizer is unable to respond to those allegations and denies them.  Pfizer also denies all allegations that contain legal arguments and conclusions of law as those allegations do not require a response.

# I.  INTRODUCTION

1.      Admitted in part, denied in part.  Pfizer admits only that Plaintiffs seek to bring this action as alleged in Paragraph 1 of the FAMCC.  Otherwise, denied.

2. – 3.  Denied.

4.      Admitted in part, denied in part.  Pfizer admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP.  Pfizer also admits that Medicare Part B medicines are generally, but not always, administered in a health care provider's office.  Otherwise, denied.

5. – 7.  Denied.

8.      Admitted in part, denied in part.  Pfizer admits only that Plaintiffs have filed attachments to the FAMCC.  Otherwise, denied.

## II.      JURISDICTION AND VENUE

9. – 11.        Denied.

12.     The April 30, 2002 Order is the best evidence of its contents, and any characterization thereof is denied.

## III.      PARTIES

**A.      Plaintiffs**

13.     Pfizer is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.  Pfizer specifically denies that Plaintiffs have standing to bring this action or are entitled to any relief.

**1.      Proposed Class 1 Representatives (Medicare Part B Beneficiaries)**

14. – 24.      Pfizer is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.  Pfizer specifically denies that Plaintiffs have standing to bring this action or are entitled to any relief.

**2.      Proposed Class 2 Representatives (MediGap Payors)**

25. – 31.      Pfizer is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.  Pfizer specifically denies that Plaintiffs have standing to bring this action or are entitled to any relief.

**3.      Proposed Class 3 Representatives (TPPs and Consumers for AWP-Based Charges on Physician-Administered Drugs Outside of Medicare)**

32. – 62.      Pfizer is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.  Pfizer specifically denies that Plaintiffs have standing to bring this action or are entitled to any relief.

**4.      Public Interest Group Plaintiffs**

63. – 67.      Pfizer is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.  Pfizer specifically denies that Plaintiffs have standing to bring this action or are entitled to any relief.

**B.      Defendants**

68. – 69.      Denied.

70. – 126.      These paragraphs are directed at parties other than Pfizer, and therefore Pfizer need not respond to them.  To the extent that a response is required of Pfizer, these allegations are denied.

127.      Pfizer admits only that it is a Delaware corporation with its principal place of business at 235 East 42nd Street, New York, New York.  Otherwise, denied.

128.      Admitted in part, denied in part.  Pfizer admits that it manufacturers and distributes pharmaceuticals and that Paragraph 128 identifies drugs that are among its products.  Pfizer admits that the identified drugs are among its products.  Otherwise, denied.

129.      Denied.

130. – 144.      These paragraphs are directed at parties other than Pfizer, and therefore Pfizer need not respond to them.  To the extent that a response is required of Pfizer, these allegations are denied.

## IV.  GENERAL ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

145.      Denied.

146.      Pfizer lacks knowledge or information sufficient to allow it to respond to the first sentence of this paragraph, it is therefore denied.  The remaining allegations are admitted on information and belief.

147. – 154.      Admitted in part, denied in part.  Pfizer admits that Congress has mandated that Medicare Part B reimbursements be based, in part, on AWP.  Pfizer also admits that pharmaceutical industry compendia periodically publish AWPs for prescription medicines sold in this country.  The 1999 edition of the *Redbook* and the June 1996 Dow Jones news article cited by Plaintiff in Paragraph 149 speak for themselves and any attempt to characterize them is denied.  Otherwise, denied.

155. – 157.   Admitted.

158. – 163.   To the extent that the allegations in these paragraphs refer to statutes, regulations or other documents, those sources speak for themselves, and any characterizations thereof are denied.  To the extent that these paragraphs set forth legal conclusions, no response is required.

164.   Admitted.

165.   Admitted in part, denied in part.  Pfizer admits that there are no government regulations describing how AWPs are calculated and that there are no statutory or regulatory definitions or descriptions of AWP.  Pfizer admits that it has provided certain information to pharmaceutical industry pricing publications.  Otherwise, denied.

166. – 167.   The April 2003 OIG Guidance cited in Paragraphs 166 and 167 speaks for itself and Pfizer denies any attempt to characterize it.  Pfizer denies the remaining allegations in these paragraphs.

168.   Denied.

169. – 170.   The letter cited in Paragraphs 169 and 170 speaks for itself and Pfizer denies any attempts to characterize it.  Pfizer denies the remaining allegations in these paragraphs.

171. – 197.   Denied.

198.   Pfizer is without knowledge or sufficient information to form a belief as to the truth of the allegations.  Pfizer therefore denies the allegations in this paragraph.

199. – 212.    Denied.  The documents cited in Paragraphs 200, 202, 203, and 205 of the FAMCC speak for themselves and Pfizer denies any attempts to characterize them.

## V.    ALLEGED EXAMPLES OF SPECIFIC UNLAWFUL CONDUCT

213. – 428.    These paragraphs are not directed at Pfizer and therefore no response is required of Pfizer.  To the extent that a response is required of Pfizer, these allegations are denied.

429.    Admitted in part, denied in part.  Pfizer admits only that Plaintiffs are attempting to seek relief as stated in Paragraph 429.  Otherwise, denied.

430.    Admitted.

431.    Denied.  Pfizer specifically denies that it creates, or is responsible for, any "spread" between "the posted AWP and the posted WAC" for its products.

432.    Admitted in part, denied in part.  Pfizer admits only that it announced a prescription drug discount card in January 2002.  Otherwise, denied.

433. – 434.    Denied.  Pfizer specifically denies that it creates, or is responsible for, any "spread" between "the posted AWP and the posted WAC" for its products.

435.    Pfizer admits only that it resolved, without admitting liability, an investigation by the Office of the Inspector General of the Department of Human Health Services related to Lipitor.  Pfizer specifically denies the investigation involved AWP, WAC, or a "spread" between the two.  Otherwise, denied.

436. – 437.    Denied.

438. – 501.    These paragraphs are not directed toward Pfizer and therefore no response is required of Pfizer.  To the extent that a response is required of Pfizer, these allegations are denied.

## VI.    ALLEGED DIRECT DAMAGES SUSTAINED BY PLAINTIFFS AND THE MEMBERS OF THE AWP CLASS

502.    This paragraph is not directed toward Pfizer and therefore no response is required of Pfizer.  To the extent that a response is required of Pfizer, these allegations are denied.

## VII.    CLASS ACTION ALLEGATIONS FOR THE "AWP PAYOR SCHEME"

503.    Admitted in part, denied in part.  Pfizer admits that Plaintiffs purport to bring this action as alleged in Paragraph 503 of the FAMCC, but denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Pfizer denies the remaining allegations in this paragraph.

504.    Denied.  The allegations in Paragraph 504 of the FAMCC state legal arguments and conclusions of law to which no response is required.  Pfizer denies that Plaintiffs have pled a proper class or named proper class representatives and that class certification is appropriate.

505. – 506.    Admitted in part, denied in part.  Pfizer admits that Plaintiffs purport to bring this action as alleged in Paragraphs 505 and 506 of the FAMCC, but denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Pfizer denies the remaining allegations in this paragraph.

507. – 512.    Denied.  The allegations in Paragraphs 507 through 512 of the FAMCC state legal arguments and conclusions of law to which no response is required. Pfizer denies that Plaintiffs have pled a proper class or named proper class

representatives and that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraphs 508 and 512 of the FAMCC.

## COUNT I

513. – 541.    The Court dismissed Count I in its Order dated February 25, 2004. Accordingly, Pfizer does not respond to Paragraphs 513 through 541 of the FAMCC.  To the extent a response is required, Pfizer denies all allegations contained within Count I of the FAMCC.

## COUNT II

542.    Pfizer incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 541 of the FAMCC, above.

543.    Admitted in part, denied in part.  Pfizer admits that Plaintiffs purport to bring this action and to seek relief as alleged in Count II, but denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Pfizer.  Pfizer denies the remaining allegations in this paragraph.

544.    The allegations in this paragraph are legal arguments and conclusions of law to which no response is required.  Pfizer denies that Plaintiffs have pled a proper class.

545.    This paragraph contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, Pfizer lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

546. – 549.    Denied.

550.    The unidentified "industry report" is the best evidence of its contents, and Pfizer denies any attempt to characterize the document.  Pfizer denies the remaining allegations in this paragraph.

551. – 574.    Denied.

## COUNT III

575.    Pfizer incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 574 of the FAMCC, above.  Pfizer assumes that the Plaintiffs made a typographical error in the second sentence of this Count, which reads "This Court is asserted under Fed. R. Civ. P. 23(b)(2) by all Plaintiffs for the physician-administered-Medicare Part B drug class . . . ." by writing "Court" instead of "Count." Notwithstanding that assumption, this paragraph is admitted in part, denied in part. Pfizer admits that Plaintiffs purport to bring this action as alleged in Paragraph 575 of the FAMCC, but denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Pfizer denies the remaining allegations in this paragraph.

576.    The allegations in Paragraph 576 state legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, Pfizer denies that Plaintiffs have standing to bring this action or are entitled to the relief they seek.

577. - 578.    Denied.

## COUNT IV

579.    Pfizer incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 578 of the FAMCC, above.  Pfizer assumes that the Plaintiffs made a typographical error in the second sentence of this Count, which reads "This Count is in

the TAMCAC to preserve Plaintiffs' right to appease . . . ." by writing "appease" instead of "appeal."  Notwithstanding that assumption, Pfizer admits that Plaintiffs purport to bring this Count to preserve their right to appeal, however Pfizer denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Pfizer.

580.    Admitted in part, denied in part.  Pfizer admits that Plaintiffs purport to bring this action and to seek relief under Count IV of the FAMCC as alleged in this paragraph, however Pfizer denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Pfizer.  Pfizer denies the remaining allegations in this paragraph.

581.    Admitted in part, denied in part.  Pfizer admits that certain states have enacted consumer protection laws, but Pfizer denies that it has violated such laws or that Plaintiffs or any putative class members are entitled to relief under such laws.  Pfizer denies that its principal place of business is located in either California, Delaware, Illinois, New Jersey, Pennsylvania, or Washington.  Any remaining allegations are denied.

582. - 586.    Denied.

## COUNT V

587.    Pfizer incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 586 of the FAMCC, above.  In addition, Pfizer admits that Plaintiffs purport to bring this Count in the alternative, but denies that Plaintiffs may properly do so.

588.    Admitted in part, denied in part.  Pfizer admits that Plaintiffs purport to bring this action and to seek relief under Count V of the FAMCC as alleged in Paragraph

588, however Pfizer denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Pfizer.  Pfizer denies the remaining allegations in this paragraph.

589.    This paragraph is directed at parties other than Pfizer because Pfizer is not a Track 1 defendant and therefore no response is required of Pfizer.  To the extent a response is required, these allegations are denied.

590.    Admitted in part, denied in part.  Pfizer admits that Plaintiffs propose as class representatives for purposes of Count V those persons named in Paragraph 590, but denies that they are proper class representatives or that a class can be properly certified as alleged.

591.    Admitted in part, denied in part.  Pfizer admits that Plaintiffs purport to seek certification of this class pursuant to Fed. R. Civ. P. 23(b)(3) for the damage claims and (b)(2) for the injunctive relief claims, however Pfizer denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Pfizer.  Pfizer denies the remaining allegations in these paragraphs.

592. – 593.    Denied.  To the extent the allegations in Paragraphs 592 and 593 are legal arguments and conclusions of law, no response is required. Pfizer denies the remaining allegations in these paragraphs.

594.    Denied.  The allegations in Paragraph 594 of the FAMCC state conclusions of law to which no response is required.  To the extent a response is required, Pfizer is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

595.    Pfizer is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

## COUNT VI

596.    Pfizer incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 595 of the FAMCC, above.  In addition, Pfizer admits that Plaintiffs purport to bring this Count in the alternative, but denies that Plaintiffs may properly do so.

597. – 598.    Admitted in part, denied in part.  Pfizer admits that Plaintiffs purport to bring this action and to seek relief under Count VI of the FAMCC as alleged in Paragraphs 597 and 598, however Pfizer denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Pfizer.  Pfizer denies the remaining allegations in these paragraphs.

599.    Admitted in part, denied in part.  Pfizer admits that Plaintiffs purport to seek certification of this class pursuant to Fed. R. Civ. P. 23(b)(3) for the damage claims and (b)(2) for the injunctive relief claims, however Pfizer denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Pfizer.  Pfizer denies the remaining allegations in these paragraphs.

600. – 601.    Denied.  To the extent the allegations in Paragraphs 600 and 601 are legal arguments and conclusions of law, no response is required. Pfizer denies the remaining allegations in these paragraphs.

602.    Denied.  The allegations in Paragraph 602 of the FAMCC state conclusions of law to which no response is required.  To the extent a response is required, Pfizer is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

603.     Pfizer is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

## COUNT VII

604.     Pfizer incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 603 of the FAMCC, above.  In addition, Pfizer admits that Plaintiffs purport to bring this Count in the alternative, but denies that Plaintiffs may properly do so.

605.     Admitted in part, denied in part. Pfizer admits that Plaintiffs purport to seek certification of this class pursuant to Fed. R. Civ. P. 23(b)(3) for the damage claims and (b)(2) for the injunctive relief claims, however Pfizer denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Pfizer.  Pfizer denies the remaining allegations in these paragraphs.

606.     This paragraph is directed at parties other than Pfizer because Pfizer is not a Track 1 defendant and therefore no response is required of Pfizer.  To the extent a response is required, these allegations are denied.

607. – 608.     Admitted in part, denied in part.  Pfizer admits that Plaintiffs propose as third party payor class representatives for purposes of Count VII those entities named in Paragraphs 607 and/or 608, but Pfizer denies that the purported representatives are appropriate representatives under Fed. R. Civ. P. 23.

609.     Admitted in part, denied in part.  Pfizer admits only that the Court did not require consumer representatives for Class 3.  However, Pfizer denies that this proposed class may be properly certified.

610.     Admitted in part, denied in part.  Pfizer admits that Plaintiffs purport to seek certification of this subclass, however Pfizer denies that such certification is appropriate.

611. – 613.     Denied.  To the extent the allegations in Paragraphs 611 through 613 are legal arguments and conclusions of law, no response is required.  Pfizer denies the remaining allegations in these paragraphs.

**NOTE:       PLAINTIFFS' FAMCC DID NOT CONTAIN COUNT VIII, THEREFORE NO RESPONSE IS REQUIRED OF PFIZER.**

**COUNT IX**

614.     Pfizer incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 613 of the FAMCC, above.

615.     Admitted in part, denied in part.  Pfizer admits that Plaintiffs purport to bring this action as alleged in Paragraph 615 of the FAMCC, however Pfizer denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  Pfizer denies the remaining allegations in Paragraph 615.

616. – 621.     Denied.

**UNNUMBERED "WHEREFORE" PARAGRAPH AND REQUEST FOR JURY TRIAL**

Pfizer denies that Plaintiffs are entitled to a judgment or any other relief requested in their Prayer for Relief and "WHEREFORE" paragraph following Paragraph 621 of the FAMCC.

**DEFENSES OF PFIZER INC.'S TO PLAINTIFFS' FOURTH AMENDED
MASTER CONSOLIDATED CLASS ACTION COMPLAINT AMENDED TO
<u>COMPLY WITH COURT'S CLASS CERTIFICATION ORDER</u>**

<u>**First Defense**</u>

Plaintiffs and the putative class fail to state a claim against Pfizer upon which

relief may be granted.

<u>**Second Defense**</u>

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the

political question and separation of powers doctrines.

<u>**Third Defense**</u>

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the

filed rate doctrine.

<u>**Fourth Defense**</u>

Plaintiffs and the putative class have not suffered, and will not suffer, any injury

to a legally protected or cognizable interest by reason of the conduct of Pfizer as alleged

in the FAMCC.

<u>**Fifth Defense**</u>

To the extent Plaintiffs and/or any member of the putative class obtain recovery in

any other case predicated on the same factual allegations, that Plaintiff or purported class

member is barred from seeking recovery against Pfizer based on the FAMCC pursuant to

the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

## Sixth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitutions of the states referenced in Counts IV, V, VI and VII or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

## Seventh Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Pfizer in judicial, legislative or administrative proceedings of any kind or at any level of government.

## Eighth Defense

Plaintiffs and the putative class' claims are barred, in whole or in part, to the extent that Plaintiffs' and the putative class members have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

## Ninth Defense

Any and all actions taken by Pfizer with respect to any of the matters alleged in the FAMCC were taken in good faith and in accordance with established industry practice.

**Tenth Defense**

Plaintiffs' and the putative class' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

**Eleventh Defense**

Plaintiffs' and the putative class' claims are preempted by the dormant Commerce Clause of the United States Constitution.

**Twelfth Defense**

Plaintiffs' and the putative class' claims against Pfizer are barred because Pfizer has complied with all applicable regulations of the federal and state governments.

**Thirteenth Defense**

Plaintiffs' and the putative class' claims against Pfizer are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

**Fourteenth Defense**

Plaintiffs' and the putative class' claims are barred, in whole or in part, because they violate Pfizer's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as all applicable state constitutions, insofar as

Plaintiffs and the putative class members seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Fifteenth Defense

Pfizer's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

### Sixteenth Defense

Plaintiffs and the putative class fail to state with particularity facts to support claims of fraudulent conduct, fraudulent concealment and the multi-source allegations against Pfizer contained in the FAMCC.

### Seventeenth Defense

Plaintiffs' and the putative class' claims against Pfizer are barred, in whole or in part, because Pfizer did not make any false statements to Plaintiffs or to any members of the putative class members.  As to any statement asserted against Pfizer that Plaintiffs and the putative class allege to be false or misleading, Pfizer had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### Eighteenth Defense

Plaintiffs' and the putative class' claims against Pfizer are barred because Pfizer did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

**Nineteenth Defense**

Plaintiffs' and the putative class' RICO claims against Pfizer are barred, in whole or in part, due to Plaintiffs' failure to properly allege a RICO enterprise as required by 18 U.S.C. § 1962(c).

**Twentieth Defense**

Plaintiffs' and the putative class' RICO claims against Pfizer are barred, in whole or in part, due to their failure to allege that Pfizer conducted the affairs of the alleged enterprises as required by 18 U.S.C. § 1962(c).

**Twenty-First Defense**

Plaintiffs and the putative class lack standing to bring their RICO claims against Pfizer because they cannot show Pfizer directly caused their alleged injuries as required by 18 U.S.C. § 1964(c) and *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 265-66, 268 (1992).

**Twenty-Second Defense**

Plaintiffs and the putative class fail to allege with particularity their civil conspiracy claims against Pfizer as required by Fed. R. Civ. P. 9(b).

**Twenty-Third Defense**

Plaintiffs' and the putative class' civil conspiracy claims against Pfizer are barred, in whole or in part, by their failure to allege a concerted action as required by *Aetna Cas. Sur. Co. v. P&B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994) and *Grant v. John*

*Hancock Mut. Life Ins. Co.*, 183 F. Supp. 2d 344, 359 (D. Mass. 2002), and/or by their failure to allege a coercive conspiracy as required by *Fleming v. Dance*, 22 N.E.2d 609, 611 (Mass. 1939).

### Twenty-Fourth Defense

Plaintiffs' and the putative class' civil conspiracy claims against Pfizer are barred, in whole or in part, because they are duplicative and improper under Massachusetts law. *See Grant*, 183 F. Supp. 2d at 364.

### Twenty-Fifth Defense

Pfizer denies that Plaintiffs and the putative class have valid consumer protection claims against Pfizer under the state statutes alleged in Counts IV, V, VI and VII or any other State whose law is or becomes relevant in the course of this multidistrict litigation. However, if such claims are found to exist, Pfizer pleads all available defenses under the Acts.

### Twenty-Sixth Defense

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against Pfizer, they are not entitled to such relief because they have an adequate remedy at law.

### Twenty-Seventh Defense

Plaintiffs and the putative class lack standing to bring their asserted consumer protection claims against Pfizer under certain state consumer protection laws, including

without limitation those state statutes alleged in Counts IV, V, VI and VII or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

### Twenty-Eighth Defense

Any allegedly fraudulent statements or conduct of Pfizer did not directly or proximately cause the alleged injuries of Plaintiffs and/or any members of the putative class as required under the state statutes alleged in Counts IV, V, VI and VII or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

### Twenty-Ninth Defense

Pfizer's conduct was neither "deceptive," "misleading," "unlawful" nor "illegal" as required under the state statutes alleged in Counts IV, V, VI and VII or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

### Thirtieth Defense

Any allegedly fraudulent statement or conduct of Pfizer was not consumer-oriented as required under certain consumer protection law, including without limitation that of New York.

### Thirty-First Defense

Plaintiffs' and the putative class' claims against Pfizer for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Thirty-Second Defense

Plaintiffs' and the putative class' claims for injunctive relief against Pfizer are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-Third Defense

This action cannot be maintained as a class action because the certification and maintenance of this action as a class would violate the separation of powers provisions of the United States Constitution and would be an unconstitutional usurpation of authority reserved to the legislative branch.

### Thirty-Fourth Defense

This action cannot be maintained as a class action because the claims of Plaintiffs and the putative class cannot be properly joined with one another because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences.

### Thirty-Fifth Defense

This action cannot be maintained as a class action because the named Plaintiffs and the putative class cannot satisfy the procedural requirements of Fed. R. Civ. P. 23.

### Thirty-Sixth Defense

This action cannot be maintained as a class action because the questions of fact at issue are not common to the alleged class, but rather, are highly specific and will vary dramatically from person to person and entity to entity.

### Thirty-Seventh Defense

This action cannot be maintainable as a class action because class certification would violate Pfizer's rights provided by the Fifth, Seventh and Fourteenth Amendments to the United States Constitution as well as by the Constitutions of the states referenced

in Counts IV, V, VI and VII or any other State whose law is or becomes relevant in the course of this multidistrict litigation, including but not limited to Pfizer's right to procedural and substantive safeguards, which include traditional defenses to liability.

### Thirty-Eighth Defense

Plaintiffs' and the putative class' claims against Pfizer are barred, in whole or in part, due to their failure to join indispensable parties.

### Thirty-Ninth Defense

Plaintiffs' and the putative class' claims against Pfizer are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the FAMCC.

### Fortieth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because any injuries sustained by Plaintiffs or the putative class were the result of intervening or superseding conduct of third parties.

### Forty-First Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, (1) because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Pfizer; (2) because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the FAMCC; (3) by the doctrine of consent and/or ratification to the extent that Plaintiffs and/or putative class members have received and paid for medicines manufactured, marketed and sold by Pfizer after the

filing of Plaintiffs' original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

## Forty-Second Defense

Pfizer is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs and/or the putative class, with respect to the same alleged injuries.

## Forty-Third Defense

Plaintiffs' and the putative class' claims against Pfizer for damages are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiffs and/or putative class members have received and paid for medicines manufactured, marketed and sold by Pfizer after the filing of Plaintiffs' original Complaint.

## Forty-Fourth Defense

Any damages recovered by the Plaintiffs and the putative class from Pfizer must be limited by the applicable statutory ceilings on recoverable damages.

## Forty-Fifth Defense

Plaintiffs and the putative class fail to allege facts or a cause of action against Pfizer sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

## Forty-Sixth Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against Pfizer have no basis in law or fact.

**Forty-Seventh Defense**

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against Pfizer are not recoverable because the allegations of the FAMCC are legally insufficient to support a claim for punitive damages against Pfizer.

**Forty-Eighth Defense**

To the extent punitive damages are sought, Plaintiffs' and putative class' punitive damages claims against Pfizer cannot be sustained because an award of punitive damages would violate the United States Constitution, the Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII and the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1 and the analogous provisions contained in the Constitutions of the states referenced in Counts IV, V, VI and VII or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

**Forty-Ninth Defense**

Pfizer adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

**Fiftieth Defense**

Pfizer hereby gives notice that it intends to rely upon any other and additional defense(s) that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense(s).  Pfizer also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some

part thereof, is governed by the substantive law of a State referenced in Counts IV, V, VI

and VII or any other State whose law is or becomes relevant in the course of this

multidistrict litigation.


Respectfully submitted,

Dated: May 15, 2006             /s/  Mark D. Smith

_____

Mark D. Smith (BBO# 542676)
Laredo & Smith, LLP
15 Broad Street, Suite 600
Boston, MA  02109
617.367.7984 (telephone)
617.367.6475 (fax)

Attorneys for Defendant Pfizer Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of May, 2006, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No.2, by causing a copy to be sent to Verilaw Technologies for posting and notification.

/s/ Mark D. Smith

_____

Attorney for Defendant Pfizer Inc.