# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) | MDL No. 1456  CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) ) | Judge Patti B. Saris |

## DEFENDANT ABBOTT LABORATORIES' ANSWER AND DEFENSES TO THE FOURTH AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT AMENDED TO COMPLY WITH COURT'S CLASS CERTIFICATION ORDER

Defendant Abbott Laboratories ("Abbott") hereby responds to the Fourth Amended Master Consolidated Class Action Complaint (the "AMCC") in corresponding numbered paragraphs as follows:

### Preface

The AMCC improperly and repetitively refers to Abbott and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Abbott or other defendants or third parties. Intentionally ambiguous pleading is improper and insufficient to apprise Abbott in any meaningful sense of the allegations asserted against it. Abbott nevertheless attempts to respond to Plaintiffs' allegations to the extent possible under the circumstances. In answering the AMCC, Abbott responds only for itself, even when Plaintiffs' allegations refer to alleged conduct by Abbott and other persons or entities. To the extent the allegations in the AMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

The AMCC improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully.  Many of the allegations of the AMCC are vague or conclusory.  The AMCC also includes terms which are undefined and which are susceptible of different meanings.

The AMCC also contains purported quotations from a number of sources, many of which are unidentified.  If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, Abbott reserves the right to assert such privileges, hereby moves to strike such references and demands return of any such documents that Plaintiffs may have in their possession, custody or control.  In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Abbott explicitly denies the existence of, or its participation in, any fraud, fraudulent scheme, conspiracy or enterprise.  Abbott further denies each and every allegation contained in the AMCC, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes or speculations which are contained in any averment or in the AMCC as a whole.  Moreover, Abbott specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered paragraphs in the AMCC.

Abbott provides no response with respect to allegations regarding the following drugs because they were struck by Judge Saris' April 13, 2006 order and therefore are not at issue: adenosine, bupivacaine, ciprofloxacin hydrochloride, dexamethasone, diltiazem hydrochloride,

dopamine hydrochloride, enalaprilat, epinephrine, famotidine, glycopyrrolate, hydromorphone, ketrolac tromethamine, levofloxacin, lidocaine hydrochloride, magnesium sulphate, midazolam, midazolam hydrochloride, morphine sulfate, neostigmine methylsulfate, potassium chloride, promethazine, ringers lactated with dextrose injectable, propofol, succinylcholine chloride, vancomycin sulphate, and vercuronium bromide.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## I.       INTRODUCTION

1.      Abbott admits that Plaintiffs seek to bring this action as alleged in Paragraph 1 of the AMCC.  Abbott denies that Plaintiffs are entitled to maintain this action in the manner alleged.

2.      To the extent the allegations in Paragraph 2 of the AMCC allege a conspiracy between Abbott and various publishing entities, no response is required because these allegations, which formed the basis of Count I of the AMCC, were dismissed with prejudice by the Court's Order dated February 24, 2004.  Abbott further denies the remaining allegations in Paragraph 2 of the AMCC.

3.      Denied.

4.      Abbott admits that Congress has mandated that Medicare Part B reimbursements be based, in part, in certain circumstances, upon AWP, and further admits that Medicare Part B medicines are generally, but not always, administered in a healthcare provider's office.  Abbott denies the remaining allegations in Paragraph 4 of the AMCC.

5.      Abbott admits that AWP is used by certain entities for reimbursement purposes. Abbott denies the remaining allegations in Paragraph 5 of the AMCC.

6.      Abbott admits that Plaintiffs purport to bring this action as alleged in Paragraph 6 of the AMCC, but Abbott denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Abbott denies the remaining allegations in Paragraph 6 of the AMCC.

7.      Denied.

8.      Abbott admits that Plaintiffs have filed attachments to the AMCC.  To the extent the allegations in Paragraph 8 of the AMCC are deemed to include allegations against Abbott, they are denied.

## II.      JURISDICTION AND VENUE

9-10.   Admitted.

11.     Abbott admits the second sentence of Paragraph 11 of the AMCC and admits that it does business in this district.  Abbott denies the remaining allegations in Paragraph 11 of the AMCC.

12.     Admitted.

## III.      PARTIES

13.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the AMCC and, therefore, denies those allegations.

14-61.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 14 through 61 of the AMCC and, therefore, denies those allegations.  Further, Abbott denies that the individuals named in the referenced allegations are appropriate class representatives.  Abbott provides no response throughout this answer with respect to allegations regarding the following drugs because they were struck by Judge Saris' April 13, 2006 order and therefore are not at issue: adenosine, bupivacaine, ciprofloxacin hydrochloride, dexamethasone, diltiazem hydrochloride, dopamine hydrochloride, enalaprilat,

4

epinephrine, famotidine, glycopyrrolate, hydromorphone, ketrolac tromethamine, levofloxacin, lidocaine hydrochloride, magnesium sulphate, midazolam, midazolam hydrochloride, morphine sulfate, neostigmine methylsulfate, potassium chloride, promethazine, ringers lactated with dextrose injectable, propofol, succinylcholine chloride, vancomycin sulphate, and vercuronium bromide.

62.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the AMCC and, therefore, denies those allegations.

63-67.  Abbott admits that Plaintiffs VPIRG, WCA, StateWide, CANY and CCJ purport to bring this action as alleged in Paragraphs 63-67 of the AMCC, but Abbott denies that these Plaintiffs have standing to bring the alleged action.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 63-67 of the AMCC and, therefore, denies those allegations.  To the extent that Plaintiffs are raising claims under the Clayton Act, those counts have been voluntarily dismissed and, therefore, do not require a response.

68-69.  Denied.

70.     Abbott admits that it is an Illinois corporation with its principal place of business at 100 Abbott Park Road, Abbott Park, Illinois.  Abbott further admits that among its diverse operations it discovers, develops, manufactures, and markets health care products and pharmaceuticals.  Abbott further admits that it reported revenues for the year 2000 of approximately $13.7 billion and net earnings of $2.8 billion.  Abbott denies the remaining allegations in Paragraph 70 of the AMCC.

71.     Abbott denies the allegations in the first sentence of Paragraph 71.  Abbott admits that, among other things, it manufactures certain prescription medications that are covered by Medicare Part B.  Abbott denies the remaining allegations in Paragraph 71.

72.     The claims related to Together Rx have been voluntarily dismissed and, therefore, do not require a response.  To the extent a response is required, Abbott denies the allegations in Paragraph 72 of the AMCC.

73-144.     The allegations in Paragraphs 73 through 144 of the AMCC are directed to another defendant and require no response from Abbott.  To the extent that the allegations in Paragraphs 73 through 144 of the AMCC are deemed to include allegations against Abbott, they are denied.

145.     Paragraph 145 simply characterizes the AMCC, accordingly no response is required.  To the extent a response is deemed required, Abbott denies the allegations contained in Paragraph 145 of the AMCC.

146.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 13 of the AMCC and, therefore, denies those allegations.  Upon information and belief, Abbott admits the allegations in the second sentence of Paragraph 146 of the AMCC.

147.     Abbott admits that Congress mandated that Medicare Part B reimbursement be based, in part, in certain circumstances, on AWP.  Abbott denies the remaining allegations in Paragraph 147 of the AMCC.

148.     Abbott admits that independently produced pricing publications periodically publish AWPs for prescription medicines sold in the United States.  Abbott is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 148 of the AMCC and, therefore, denies those allegations.

149.    Abbott admits that the 1999 edition of the *Red Book* and the June 1966 Dow Jones News article cited in Paragraph 149 exist.  Abbott denies the remaining allegations in Paragraph 149 of the AMCC.

150-154.    Denied.

155-157.    Paragraphs 155 through 157 of the AMCC state legal conclusions to which no response is required.  To the extent a response is deemed required, Abbott admits that the regulations and statutes cited in Paragraphs 155 through 157 of the AMCC exist, but denies that Plaintiffs have accurately characterized any conclusions that may be drawn from those regulations and statutes.  Abbott denies the remaining allegations in Paragraphs 155 through 157 of the AMCC.

158.    Abbott admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth, in part, at 42 CFR 405.517  To the extent that Plaintiffs purport to summarize or characterize 42 CFR 405.517, Paragraph 158 of the AMCC states a legal conclusion to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 158 of the AMCC.

159.    Paragraph 159 of the AMCC states legal conclusions to which no response is required.  To the extent a response is deemed required, Abbott admits that federal statutes and regulations set forth the payment methodology for drugs under Medicare Part B.  Abbott is without knowledge or information sufficient to form a belief as to the accuracy of the unattributed quotations in Paragraph 159 of the AMCC.  Abbott denies the remaining allegations in Paragraph 159 of the AMCC.

160.     Abbott admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth, in part, at 42 CFR 405.517  To the extent that Plaintiffs purport to summarize or characterize 42 C.F.R. 405.517, Paragraph 160 of the AMCC states a legal conclusion to which no response is required.  To the extent a response is required, Abbott denies the allegations in Paragraph 160 of the AMCC.

161-162.        Paragraphs 161-162 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Abbott admits that Program Memorandum AB-99-63 does exist, but denies that Plaintiffs have accurately characterized any conclusion that may be drawn from it.  Abbott denies the remaining allegations in Paragraphs 161-162 of the AMCC.

163.     Paragraph 163 of the AMCC states legal conclusions to which no response is required.  Abbott admits that federal law governs the manner in which Medicare Part B reimburses medical providers for certain drugs.  Abbott is without knowledge or information sufficient to form a belief as to whether the summary of those laws set forth in Paragraph 163 of the AMCC is accurate in all instances.  Accordingly, to the extent a response is required, Abbott denies the allegations in Paragraph 163 of the AMCC.

164.     Upon information and belief, Abbott admits the allegations in Paragraph 164 of the AMCC.

165.     Abbott admits that there are no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs.  Abbott admits that it reports certain pricing information for its medicines to independently produced pricing publications.  Abbott denies the remaining allegations in Paragraph 165 of the AMCC.

166-167.        Abbott admits that the April 2003 OIG Guidance cited in Paragraphs 166 through 167 of the AMCC exists.  Abbott denies that Plaintiffs have accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to Abbott. Abbott denies the remaining allegations in Paragraphs 166 through 167 of the AMCC.

168.        Abbott admits certain federal and state agencies have investigated marketing and pricing practices with respect to certain Medicare and Medicaid reimbursable products.  Abbott denies the remaining allegations in Paragraph 168 of the AMCC.

169-170.        Abbott admits that the September 28, 2000, letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 169 through 170 of the AMCC exists.  Abbott denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to Abbott.  Abbott denies the remaining allegations in Paragraphs 169 through 170 of the AMCC.

171.        Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the AMCC and, therefore, denies those allegations.

172-196.        To the extent the allegations in Paragraphs 172 through 196 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Abbott denies the remaining allegations in Paragraphs 172 through 196 of the AMCC.

197.        The first two sentences of Paragraph 197 of the AMCC state legal conclusions to which no response is required.  To the extent a response is deemed required, Abbott admits that

federal statutes and regulations set forth the payment methodology for drugs under Medicare Part B.  Abbott denies the remaining allegations in Paragraph 197 of the AMCC.

198.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 of the AMCC and, therefore, denies those allegations.

199-204.        Abbott admits that the *Red Book* and the unidentified DOJ report cited in Paragraph 200 of the AMCC and the pleadings cited in Paragraphs 202 through 203 of the AMCC and subparts exist, but deny that Plaintiffs have accurately characterized any conclusions that may be drawn from them.  To the extent the allegations in Paragraphs 199 through 204 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Abbott denies the remaining allegations in Paragraphs 199 through 204 of the AMCC.

205.    To the extent the allegations in Paragraph 205 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Abbott admits that the 2003 CMS document cited in Paragraph 205 of the AMCC exists.  Abbott denies that Plaintiffs have accurately characterized any alleged CMS finding, opinion, statement or conclusion.  Abbott admits that it sells its pharmaceuticals in a competitive market and, as such, takes steps to keep certain information relating to its pharmaceuticals confidential.  Abbott denies the remaining allegations in Paragraph 205 of the AMCC.

206-210.        To the extent the allegations in Paragraphs 206 through 210 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Abbott, Abbott is

without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Abbott denies the remaining allegations in Paragraphs 206 through 210 of the AMCC.

211-212.    The allegations in Paragraphs 211 through 212 of the AMCC state legal conclusions to which no response is required.  Further, to the extent the allegations in Paragraphs 211 through 212 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent a response is required, Abbott denies the remaining allegations in Paragraphs 211 through 212 of the AMCC.

## V. EXAMPLES OF SPECIFIC UNLAWFUL CONDUCT

213.    Denied.

214.    Abbott admits that Plaintiffs purport to seek relief for the drugs set forth in Appendix A and identified in the above chart.  Abbott denies that Plaintiffs are entitled to the relief sought in Paragraph 214 of the AMCC.  Abbott denies the remaining allegations in Paragraph 214 of the AMCC.

215.    Abbott admits that certain federal and state agencies have investigated marketing and pricing practices with respect to certain Medicare and Medicaid reimbursable products. Abbott denies the remaining allegations in Paragraph 215 of the AMCC.

216.    Abbott admits that Representative Pete Stark sent a letter to Abbott's Chief Executive Officer in October 2000, containing certain allegations and characterizations by Mr. Stark, including the language quoted in paragraph 216.  Abbott denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of Congressman Stark,

or that such are applicable to Abbott.  Abbott further denies the remaining allegations in Paragraph 216 of the AMCC.

217.   Denied.

218.   Abbott admits that the quoted language in sub-paragraph 218(a) is contained in an internal memorandum prepared by an Abbott employee, but denies that Plaintiffs have accurately characterized such memorandum.  Abbott admits that the quoted language in sub-paragraph 218(b) is contained in a request for proposal prepared by GeriMed, but denies that Plaintiffs have accurately characterized such document.  Abbott denies the remaining allegations in Paragraph 218, including its subparts, of the AMCC.

219-220.    Denied.

221.   Abbott admits that the DHHS Report cited in Paragraph 221 of the AMCC exists, but denies that Plaintiffs have accurately characterized the report.  Abbott denies the remaining allegations in Paragraph 221 of the AMCC.

222.   Abbott admits that the quoted language in the second sentence of Paragraph 222 of the AMCC is contained in a February 9, 1996 faxed letter referenced in Paragraph 222 of the AMCC.  Abbott denies the remaining allegations in Paragraph 209 of the AMCC.

223.   Abbott admits that the quoted language in Paragraph 223 of the AMCC is contained in the September 25, 2000 letter from Congressman Bliley.  Abbott denies the remaining allegations in Paragraph 223 of the AMCC.

224.   Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 224 of the AMCC and, therefore, denies those allegations.  Abbott denies the remaining allegations in Paragraph 224 of the AMCC.

225.     Abbott admits that the quoted language cited in Paragraph 225 of the AMCC is contained in the report cited in Paragraph 225 of the AMCC.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225 and, therefore, denies those allegations.

226.     Abbott admits that it produced price lists in response to certain government subpoenas.  Abbott denies the remaining allegations in Paragraph 226 of the AMCC.

227-229.     Denied.

230-502.     The allegations in Paragraphs 230 through 502 of the AMCC are directed to another defendant and require no response from Abbott.  To the extent that the allegations in Paragraphs 217 through 540 of the AMCC are deemed to include allegations against Abbott, they are denied.

### VII. CLASS ACTION ALLEGATIONS FOR THE AWP PAYOR SCHEME

503-508.     Abbott admits that Plaintiffs purport to bring this action as alleged in Paragraphs 503-508 of the AMCC, but Abbott denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Abbott denies that Plaintiffs or any putative class members have suffered damages as alleged in Paragraph 508 of the AMCC.  Abbott further denies the remaining allegations in Paragraphs 503-508 of the AMCC.

509-512.     The allegations in Paragraphs 509 through 512 of the AMCC state legal conclusions to which no answer is required.  Abbott denies, however, that Plaintiffs have pled a proper class or named proper class representatives.  Abbott further denies that Plaintiffs or any putative class members have suffered damages or injuries or will suffer damages or injuries as alleged in Paragraph 512 of the AMCC.  Abbott denies the remaining allegations in Paragraphs 509 through 512 of the AMCC.

## COUNT I

513-541.     The Court dismissed Count I in its Order dated February 24, 2004. Accordingly, Abbott does not respond to Paragraphs 513 through 541 of the AMCC.  To the extent a response is required, Abbott denies all allegations in Count I of the AMCC.

## COUNT II

542.     Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 541 of the AMCC.

543.     Abbott admits that Plaintiffs purport to bring this action and to seek relief under Count II of the AMCC as alleged in Paragraph 543, but Abbott denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Abbott under Count II.  Abbott further denies the remaining allegations in Paragraph 543 of the AMCC.

544.     The allegations in Paragraph 544 of the AMCC state a legal conclusion to which no response is required.  Abbott denies, however, that Plaintiffs have pled a proper class.

545.     To the extent the allegations in Paragraph 545 of the AMCC and subparts state legal conclusions, no response is required.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 545 and subparts and, therefore, denies those allegations.

546-550.     To the extent allegations in Paragraphs 546 through 550 of the AMCC state legal conclusions, no response is required.  Also, to the extent the allegations in Paragraphs 546 through 550 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Abbott further denies that

Plaintiffs have accurately characterized any alleged "industry report" finding, opinion, statement or conclusion.  Abbott further denies the remaining allegations in Paragraphs 546 through 550.

551-574.     To the extent allegations in Paragraphs 551 through 574 of the AMCC state legal conclusions, no response is required.  Also, to the extent the allegations in Paragraphs 551 through 574 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Abbott further denies that Plaintiffs have plead a proper class or named proper class representatives.  Abbott denies the remaining allegations in Paragraphs 551 through 573 of the AMCC.

## COUNT III

575.     Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 574 of the AMCC.  Abbott admits that Plaintiffs purport to bring this action as alleged in Paragraph 575 of the AMCC, but Abbott denies that Plaintiffs are entitled to maintain this action in the manner alleged or to any relief against Abbott in Count III.  Abbott further denies that Plaintiffs have plead a proper class or named proper class representatives.  Abbott further denies the remaining allegations in Paragraph 575 of the AMCC.

576.     The allegations in Paragraph 576 of the AMCC state legal conclusions to which no response is required.  To the extent a response is required, Abbott denies that Plaintiffs have standing to bring this action, and denies that an actual case and controversy exists.  Abbott further denies the allegations in Paragraph 576 of the AMCC.

577-578.     Answering the first sentence of Paragraph 577 of the AMCC, Abbott refers to and incorporates its response to Paragraph 576 of the AMCC.  Abbott further denies

that Plaintiffs have plead a proper class or named proper class representatives.  Abbott denies the remaining allegations in Paragraphs 577 through 578 of the AMCC.

## COUNT IV

579.    Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 578 of the AMCC.

580.    Abbott admits that Plaintiffs purport to bring this action and to seek relief under Count IV of the AMCC as alleged in Paragraph 580, but Abbott denies that Plaintiffs are entitled maintain this action as alleged or to any relief against Abbott under Count IV.  Abbott further denies the remaining allegations in Paragraph 580 of the AMCC.

581.    To the extent the allegations in Paragraph 581 and subparts state legal conclusions, no response is required.  Moreover, to the extent that the allegations in Paragraph 581 of the AMCC are directed to another defendant, they require no response from Abbott.  Abbott admits that its principal place of business is located in Illinois.  Abbott further admits that certain states have enacted consumer protection laws, but Abbott denies that it has violated such laws or that Plaintiffs or any putative class members are entitled to relief under such laws.  Abbott further denies the remaining allegations in Paragraph 581 of the AMCC.

582-586.        To the extent allegations in Paragraphs 582 through 586 state legal conclusions, no response is required.  Also, to the extent the allegations in Paragraphs 582 through 586 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Abbott further denies that Plaintiffs have plead a proper class or named proper class representatives.  Abbott denies the remaining allegations in Paragraphs 582 through 586 of the AMCC and subparts.

## COUNT V

587.    Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 586 of the AMCC.  Abbott admits that Plaintiffs purport to bring this action as alleged in Paragraph 587 of the AMCC in the event the Court does not apply the laws asserted as applicable in Count IV.

588.    Abbott admits that the Plaintiffs purport to bring this action as alleged in Paragraph 588 of the AMCC, but Abbott denies that Plaintiffs are entitled to maintain this action in the manner alleged out to any relief against Abbott in Count V.  Abbott further denies that Plaintiffs have plead a proper class or named proper class representatives.  Abbott denies the remaining allegations in Paragraph 588 of the AMCC.

589.    Abbott admits that Plaintiffs propose the identified individuals as class representatives, but to the extent that the allegations in Paragraph 589 of the AMCC are directed to Track 1 defendants, they require no response from Abbott.  Moreover, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 589 of the AMCC and, therefore, denies those allegations.  Abbott further denies that Plaintiffs have plead a proper class or named proper class representatives.  Abbott denies the remaining allegations in Paragraph 589 of the AMCC.

590.    Abbott admits that Plaintiffs propose the identified individuals as class representatives, but Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 590 of the AMCC and, therefore, denies those allegations.  Abbott further denies that Plaintiffs have plead a proper class or named proper class representatives.  Abbott denies the remaining allegations in Paragraph 590 of the AMCC.

591.    Abbott admits that Plaintiffs seek class certification for these claims, but Abbott denies that Plaintiffs are entitled to maintain this action in the manner alleged or to any relief against Abbott in Count V.

592-593.    The extent that Paragraphs 592 though 593 of the AMCC and subparts state legal conclusions, no response is required.  Also, to the extent the allegations in Paragraphs 592 through 593 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations..  Abbott further denies the remaining allegations in Paragraphs  592 through 593 of the AMCC and subsections.

594.    To the extent that the allegations relate to the notice provided to entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 594 and, therefore, denies those allegations.  Abbott denies the remaining allegations in Paragraph 594 of the AMCC.

595.    Abbott is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 595 and, therefore, denies those allegations.

**COUNT VI**

596.    Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 595 of the AMCC.  Abbott admits that Plaintiffs purport to bring this action as alleged in Paragraph 596 of the AMCC in the event the Court does not apply the laws asserted as applicable in Count IV.

597-598.    Abbott admits that Plaintiffs propose the identified individuals as class representatives, but to the extent that the allegations in Paragraph 589 of the AMCC are directed to Track 1 defendants, they require no response from Abbott.  Abbott admits that the Plaintiffs

purport to bring this action as alleged in Paragraph 597 through 598 of the AMCC, but Abbott

denies that Plaintiffs are entitled to maintain this action in the manner alleged out to any relief

against Abbott in Count V.  Abbott further denies that Plaintiffs have plead a proper class or

named proper class representatives.  Abbott denies the remaining allegations in Paragraph 597

through 598 of the AMCC.

599.     Abbott admits that Plaintiffs seek class certification for this claim, but Abbott

denies that Plaintiffs are entitled to maintain this action in the manner alleged or to any relief

against Abbott in Count VI.

600-601.       The extent that Paragraphs 600 though 601 of the AMCC and subparts

state legal conclusions, no response is required.  Also, to the extent the allegations in Paragraphs

600 through 601 of the AMCC refer to the knowledge, conduct or actions of persons or entities

other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to

the truth of those allegations and, therefore, denies those allegations.  Abbott further denies the

remaining allegations in Paragraphs  600 through 601 of the AMCC and subsections.

602.     To the extent that the allegations relate to the notice provided to entities other than

Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of

those allegations in Paragraph 602 and, therefore, denies those allegations.  Abbott denies the

remaining allegations in Paragraph 602 of the AMCC.

603.     Abbott is without knowledge or information sufficient to form a belief as to the

truth of those allegations in Paragraph 595 and, therefore, denies those allegations.

**COUNT VII**

604.     Abbott realleges and incorporates by reference its responses to Paragraphs 1

through 595 of the AMCC.  Abbott admits that Plaintiffs purport to bring this action as alleged in

19

Paragraph 596 of the AMCC in the event the Court does not apply the laws asserted as applicable in Count IV.

605.     Abbott admits that Plaintiffs seek class certification for this claim, but Abbott denies that Plaintiffs are entitled to maintain this action in the manner alleged or to any relief against Abbott in Count VII.

606.     Abbott admits that Plaintiffs propose the identified individuals as class representatives in this paragraph, but to the extent that the allegations in Paragraph 589 of the AMCC are directed to Track 1 defendants, they require no response from Abbott.  Moreover, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 606 of the AMCC and, therefore, denies those allegations.  Abbott further denies that Plaintiffs have plead a proper class or named proper class representatives. Abbott denies the remaining allegations in Paragraph 606 of the AMCC.

607-608.     Abbott denies that Plaintiffs have plead a proper class or named proper class representatives.  Abbott denies the remaining allegations in Paragraphs 607 through 608 of the AMCC.

609.     Abbott denies this allegation insofar as it is inconsistent with this Court's rulings.

610.     Abbott denies that Plaintiffs have plead a proper class or named proper class representatives.  Abbott denies the remaining allegations in Paragraph 610 of the AMCC.

611-613.     The extent that Paragraphs 611 though 613 of the AMCC and subparts state legal conclusions, no response is required.  Also, to the extent the allegations in Paragraphs 611 through 613 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to

the truth of those allegations and, therefore, denies those allegations.  Abbott further denies the remaining allegations in Paragraphs  611 through 613 of the AMCC and subsections.

## COUNT IX

614.    Abbott realleges and incorporates by reference its responses to Paragraphs 1 through 613 of the AMCC.

615.    Abbott admits that Plaintiff CMHV purports to bring this action as alleged in Paragraph 615 of the AMCC, but Abbott denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 615 of the AMCC and, therefore, denies those allegations.

616-619.        To the extent the allegations in Paragraphs 616 through 619 of the AMCC and subparts state legal conclusions, no response is required.  Also, to the extent the allegations in Paragraphs 616 through 619 of the AMCC refer to the knowledge, conduct or actions of persons or entities other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Abbott denies the remaining allegations in Paragraphs 616 through 619 of the AMCC and subparts.

620-621.        The allegations in Paragraphs 732 through 733 of the AMCC state legal conclusions to which no response is required.  To the extent a response is deemed required, Abbott denies the allegations in Paragraphs 732 through 733 of the AMCC.


## UNNUMBERED "WHEREFORE" PARAGRAPH AND REQUEST FOR JURY TRIAL

Abbott denies Plaintiffs are entitled to a judgment or any other relief requested in their Prayer for Relief and "WHEREFORE" paragraph following Paragraph 621 of the AMCC.

Listed below, Abbott has provided a list of defenses without assuming any burden of proof:

## First Defense

Plaintiffs and the putative class fail to state a claim against Abbott upon which relief may be granted.

## Second Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

## Third Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the filed rate doctrine.

## Fourth Defense

Plaintiffs and the putative class have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Abbott as alleged in the AMCC.

## Fifth Defense

To the extent Plaintiffs and/or any member of the putative class obtain recovery in any other case predicated on the same factual allegations, that Plaintiff or purported class member is barred from seeking recovery against Abbott based on the AMCC pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

## Sixth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitutions

of the various States whose laws are or become relevant in the course of this multidistrict litigation.

### Seventh Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Abbott in judicial, legislative or administrative proceedings of any kind or at any level of government.

### Eighth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

### Ninth Defense

Any and all actions taken by Abbott with respect to any of the matters alleged in the AMCC were taken in good faith and in accordance with established industry practice.

### Tenth Defense

Plaintiffs' and the putative class' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Eleventh Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because they conflict with federal statutes and regulations that comprise a comprehensive regulatory regime governing the amounts paid to providers for Medicare Part B-covered drugs.

## Twelfth Defense

Plaintiffs' and the putative class' claims are preempted by the dormant Commerce Clause of the United States Constitution.

## Thirteenth Defense

Plaintiffs' and the putative class' claims against Abbott are barred because Abbott has complied with all applicable regulations of the federal and state governments.

## Fourteenth Defense

Plaintiffs' and the putative class' claims against Abbott are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

## Fifteenth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because they violate Abbott's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, and the analogous provisions of the constitutions of the States whose laws are or become relevant during the course of this multidistrict litigation, insofar as Plaintiffs and the putative class seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## Sixteenth Defense

Abbott's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

**Seventeenth Defense**

Plaintiffs and the putative class fail to state with particularity facts to support the fraud allegations, and fail to plead with particularity the fraudulent concealment and multi-source medicine allegations against Abbott contained in the AMCC.

**Eighteenth Defense**

Plaintiffs and the putative class fail to allege with particularity their civil conspiracy claims against Abbott as required by Fed. R. Civ. P. 9(b).

**Nineteenth Defense**

Plaintiffs' and the putative class' claims against Abbott are barred, in whole or in part, because Abbott did not make any false statements to Plaintiffs or to any members of the putative class.  As to any statement asserted against Abbott that Plaintiffs and the putative class allege to be false or misleading, Abbott had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

**Twentieth Defense**

Plaintiffs' and the putative class' claims against Abbott are barred because Abbott did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

**Twenty-First Defense**

Plaintiffs' and the putative class' RICO claims against Abbott are barred, in whole or in part, due to Plaintiffs' failure to properly allege a RICO enterprise as required by 18 U.S.C. § 1962(c).

**Twenty-Second Defense**

Plaintiffs' and the putative class' RICO claims against Abbott are barred, in whole or in part, due to their failure to plead facts showing that Abbott and the PBMs are ongoing organizations whose members function as continuing unit and share common purposes as required by *United States v. Turkette*, 452 U.S. 576, 583 (1981).

**Twenty-Third Defense**

Plaintiffs' and the putative class' RICO claims against Abbott are barred, in whole or in part, due to their failure to allege that Abbott conducted the affairs of the alleged enterprises as required by 18 U.S.C. § 1962(c).

**Twenty-Fourth Defense**

Plaintiffs and the putative class lack standing to bring their RICO claims against Abbott because they cannot show Abbott directly caused their alleged injuries as required by 18 U.S.C. § 1964(c); *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 265-66, 268 (1992); *Platten v. HG Berm. Exempted Ltd.*, 437 F.3d 118, 132 (1st Cir. 2006); and *George Lussier Enters. v. Subaru of New Eng., Inc.*, 393 F.3d 36, 51 (1st Cir. 2004) .

**Twenty-Fifth Defense**

Plaintiffs' and the putative class' civil conspiracy claims against Abbott are barred, in whole or in part, by their failure to allege a concerted action as required by *Aetna Cas. Sur. Co. v. P&B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994) and *Grant v. John Hancock Mut. Life Ins. Co.*, 183 F. Supp. 2d 344, 359 (D. Mass. 2002), and/or by their failure to allege a coercive conspiracy as required by *Fleming v. Dance*, 22 N.E.2d 609, 611 (Mass. 1939).

### Twenty-Sixth Defense

Plaintiffs' and the putative class' civil conspiracy claims against Abbott are barred, in whole or in part, because they are duplicative and improper under Massachusetts law. *See Grant*, 183 F. Supp. 2d at 364.

### Twenty-Seventh Defense

Abbott denies that Plaintiffs and the putative class have valid consumer protection claims against Abbott under any of the State consumer protection laws alleged in this Complaint or any other State whose law is or becomes relevant in the course of this multidistrict litigation. However, if such claims are found to exist, Abbott pleads all available defenses under the Acts.

### Twenty-Eighth Defense

Plaintiffs and the putative class are barred from recovery because the representations and actions alleged by Plaintiffs were not and are not material, in that they were not and are not likely to affect the decisions or conduct of Plaintiffs and the putative class, or to have caused consumers or Third Party Payors to have chosen differently, but for such alleged representations or actions, in light of the information available and known to consumers and Third Party Payors, and in that the alleged representations and actions were not likely to mislead consumers or Third Party Payors acting reasonably under the circumstances.

### Twenty-Ninth Defense

Any allegedly fraudulent statements or conduct of Abbott did not directly or proximately cause the alleged injuries of Plaintiffs and/or any members of the putative class as required under state consumer protection laws, including without limitation any of the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation.

### Thirtieth Defense

Abbott' conduct was not "knowing," "deceptive," "misleading," "unlawful," a "misrepresentation" or "illegal" as required under certain state consumer protection laws, including without limitation t any of the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation.

### Thirty-First Defense

Plaintiffs and putative class are precluded from recovery because the representations and allegations alleged by Plaintiffs were not intended to deceive Plaintiffs and the putative class.

### Thirty-Second Defense

To the extent that Plaintiffs and the putative class attempt to seek equitable relief against Abbott, they are not entitled to such relief because they have an adequate remedy at law.

### Thirty-Third Defense

Plaintiffs and the putative class are not entitled to the relief requested in the Complaint because the Court lacks any sufficiently certain, nonspeculative basis for fashioning such relief.

### Thirty-Fourth Defense

Plaintiffs and the putative class lack standing to bring their asserted consumer protection claims against Abbott under certain state consumer protection laws, including without limitation any of the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation.

### Thirty-Fifth Defense

Plaintiffs and the putative class did not rely on the allegedly fraudulent statements or conduct of Abbott as required under certain state consumer protection laws, including without

limitation any of the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation.

### Thirty-Sixth Defense

Any allegedly fraudulent statement or conduct of Abbott was not consumer-oriented as required under certain consumer protection law, including without limitation any of the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation.

### Thirty-Seventh Defense

To the extent the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation do not recognize a private right of action, Plaintiffs are not entitled to relief under the applicable statutes.

### Thirty-Eighth Defense

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation bar class actions, Plaintiffs are not entitled to relief under the applicable statutes.

### Thirty-Ninth Defense

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation limit claims to those brought by "consumers," Plaintiffs are not entitled to relief under the applicable statutes.

### Fortieth Defense

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation require Plaintiffs to send a written demand for relief to Defendants prior to filing a Complaint, Plaintiffs have failed to do so and are not entitled to relief under the applicable statutes.

### Forty-First Defense

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation require Plaintiffs to attempt Alternative Dispute Resolution prior to filing a Complaint, Plaintiffs have failed to do so and are not entitled to relief under the applicable statutes.

### Forty-Second Defense

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation require Plaintiffs provide notice of the practice at issue to the relevant State Attorney General, Plaintiffs have failed to do so and are not entitled to relief under the applicable statutes.

### Forty-Third Defense

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation limit Plaintiffs' available remedies, Plaintiffs are not entitled to their requested relief under the applicable statutes.

### Forty-Fourth Defense

Plaintiffs' and the putative class' claims against Abbott under the various state unfair and deceptive trade practice or consumer protection or consumer fraud statutes are barred in whole or

in part because excess-provider-profit claims are inherently speculative and subjective and not subject to judicial resolution.

### Forty-Fifth Defense

Plaintiffs' and the putative class' claims against Abbott for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Forty-Sixth Defense

Plaintiffs' and the putative class' claims for injunctive relief against Abbott are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Forty-Seventh Defense

This action cannot be maintained as a class action because (1) the certification and maintenance of this action as a class would violate the separation of powers provisions of the United States Constitution and would be an unconstitutional usurpation of authority reserved to the legislative branch; (2) the claims of Plaintiffs and the putative class cannot be properly joined with one another because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences; (3) the named Plaintiffs and the putative class cannot satisfy the procedural requirements of Fed. R. Civ. P. 23; (4) the questions of fact at issue are not common to the alleged class, but rather, are highly specific and will vary dramatically from person to person and entity to entity; and/or (5) class certification would violate Abbott' rights provided by the Fifth, Seventh and Fourteenth Amendments to the United States Constitution as well as by the Constitutions of any State whose consumer protection laws are specified in this Complaint and any other States whose laws are or become relevant in the course of this multidistrict litigation, including but not limited to Abbott' right to procedural and substantive safeguards, which include traditional defenses to liability.

### Forty-Eighth Defense

Plaintiffs' and the putative class' claims fail, in whole or in part, because of improper claim splitting.

### Forty-Ninth Defense

Plaintiffs' and the putative class' claims against Abbott under the various state consumer protection and consumer fraud statutes are barred in whole or in part to the extent those statutes (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly interstate in nature.

### Fiftieth Defense

Plaintiffs' and the putative class' claims against Abbott under the various state unfair trade, unfair competition, consumer protection and consumer fraud statutes are barred to the extent (1) those claims represent an impermissible circumvention of the states' antitrust statutes; and (2) those statutes apply only to deceptive or misleading conduct and/or govern only consumer transactions.

### Fifty-First Defense

Third party payor Plaintiffs' and third party payor putative class' claims against Abbott are barred, in whole or part, with respect to any alleged overcharge or supracompetitive price on the ground that third party payors passed on any effect of the alleged supracompetitive prices to their customers or employees in the form of higher premiums, co-pays or other charges.

### Fifty-Second Defense

Plaintiffs' and the putative class' claims against Abbott are barred, in whole or in part, with respect to any alleged overcharge or supracompetitive price because such supracompetitive

price, if any, was absorbed, in whole or part, by a person and/or entity which purchased the medicine directly, and/or by an intermediate indirect purchaser, and was not passed through to the Plaintiffs and putative class.

### Fifty-Third Defense

Plaintiffs' and the putative class' claims against Abbott are barred, in whole or in part, due to their failure to join indispensable parties.

### Fifty-Fourth Defense

Plaintiffs' and the putative class' claims against Abbott are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the AMCC.

### Fifty-Fifth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because any injuries sustained by Plaintiffs or the putative class were the result of intervening or superseding conduct of third parties.

### Fifty-Sixth Defense

Plaintiffs' and the putative class' claims against Abbott for damages are barred, in whole or in part, (1) because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Abbott; (2) because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the AMCC; (3) by the doctrine of consent and/or ratification to the extent that Plaintiffs and/or putative class members have received and paid for medicines manufactured, marketed and sold by Abbott after the filing of Plaintiffs' original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

## Fifty-Seventh Defense

Abbott is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs and/or the putative class, with respect to the same alleged injuries.

## Fifty-Eighth Defense

Any damages recovered by the Plaintiffs and the putative class from Abbott must be limited by the applicable statutory ceilings on recoverable damages.

## Fifty-Ninth Defense

Plaintiffs and the putative class may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

## Sixtieth Defense

Plaintiffs and the putative class fail to allege facts or a cause of action against Abbott sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

## Sixty-First Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against Abbott:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the AMCC are legally insufficient to support a claim for punitive damages against Abbott; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Abbott prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Abbott' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitutions and the constitutions of any applicable states' laws; (4) cannot be sustained because any award of punitive damages

exceeding the limits authorized by the laws or other comparable laws would violate Abbott' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable states' laws; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, of subsequent judgments against Abbott for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Abbott' medicines would constitute impermissible multiple punishments for the same wrong, in violation of Abbott' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law and statutory law of any applicable states' laws; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Abbott' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' law; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Abbott the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Abbott' rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' laws.

### Sixty-Second Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for punitive damages against Abbott cannot be sustained because an award of punitive damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Abbott, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding Plaintiff's and the putative class' burden of proof with respect to each and every element of a claim for punitive damages, or (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Abbott' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law and public policies of any applicable states' laws.

### Sixty-Third Defense

To the extent punitive damages are sought, Plaintiff's and the putative class' claim for punitive damages against Abbott cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a

maximum amount of punitive damages that may be imposed, would: (1) violate Abbott' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Abbott' right not to be subjected to an excessive award; and (3) be improper under the constitutions, common law and public policies of any applicable states' laws.

### Sixty-Fourth Defense

Abbott adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

### Sixty-Fifth Defense

Abbott hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense. Abbott also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state other than any State whose consumer protection laws are specified in this Complaint and/or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

WHEREFORE, Abbott prays that this Court:

1.      Dismiss the Fourth Amended Master Consolidated Class Action Complaint with prejudice and enter judgment in favor of Abbott and against Plaintiffs;

2.      Award Abbott its costs and expenses; and

3.      Grant such other and further relief for Abbott as this Court deems just and proper.

Dated:  May 15, 2006

Respectfully Submitted,


/s/ Toni-Ann Citera
James R. Daly
Tina M. Tabacchi
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585


Toni-Ann Citera
JONES DAY
222 East 41st Street
New York, NY 10017-6702
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

**Counsel for Defendant**
**Abbott Laboratories**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of May, 2006, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Lexis-Nexis for posting and notification to all parites.


/s/ Tara A. Fumerton
Attorney for Defendant Abbott Laboratories