# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE
LITIGATION

MDL No. 1456

CIVIL ACTION: 01-CV-12257-PBS

Judge Patti B. Saris

THIS DOCUMENT RELATES TO
ALL CLASS ACTIONS

## AVENTIS BEHRING L.L.C.'S ANSWER TO PLAINTIFFS' FOURTH AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT AMENDED TO COMPLY WITH COURT'S CLASS CERTIFICATION ORDER

Defendant Aventis Behring L.L.C.[1] ("Behring"), for its Answer to Plaintiffs' Fourth

Amended Master Consolidated Class Action Complaint (the "FAMCC"), states:

### Preface

The FAMCC improperly and repetitively refers to Behring and certain other defendants

and third parties on a collective basis, failing to plead with requisite particularity allegations

against Behring or other defendants or third parties.  Intentionally ambiguous pleading is

improper and insufficient to apprise Behring in any meaningful sense of the allegations asserted

against it.  Behring has nevertheless attempted to respond to Plaintiffs' allegations to the extent

possible under the circumstances.  To the extent allegations refer to the knowledge, conduct or

actions of other defendants or entities, Behring is generally without knowledge or information

sufficient to form a belief as to the truth of those allegations and, on that basis, Behring denies

those allegations.  Behring states that it is answering Plaintiffs' allegations on behalf of itself

---

[1]     Plaintiffs' description of "Aventis Group (Aventis, Pharma, Hoechst & Behring)" in the FAMCC is
inaccurate and misleading.  This Answer is that of Aventis Behring L.L.C. only.

only, even when Plaintiffs' allegations refer to alleged conduct by Behring and other persons or entities.

The FAMCC improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully.  Many of the allegations of the FAMCC are vague or conclusory.  The FAMCC also includes terms which are undefined and which are susceptible of different meanings.

The FAMCC also contains purported quotations from a number of sources, many of which are unidentified.  If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, Behring reserves the right to assert such privileges, hereby moves to strike such references and demands return of any such documents that Plaintiffs may have in their possession, custody or control.  In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Behring denies each and every allegation contained in the FAMCC, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculations which are contained in any averment or in the FAMCC as a whole.  Moreover, Behring specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered paragraphs in the FAMCC.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

# I.  <u>INTRODUCTION</u>

1.      Behring admits that Plaintiffs seek to bring this action as alleged in Paragraph 1 of the FAMCC.  Behring denies that Plaintiffs are entitled to maintain this action in the manner alleged.

2.      Behring denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraph 2 of the FAMCC.  To the extent the allegations in Paragraph 2 of the FAMCC allege a conspiracy between Behring and various publishing entities, no response is required because these allegations, which formed the basis of Count I of the FAMCC, were dismissed with prejudice by the Court's Order dated February 24, 2004.  To the extent the allegations in Paragraph 2 of the FAMCC refer to the knowledge, conduct or actions of persons or entities other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

3.      To the extent the allegations in Paragraph 3 of the FAMCC are directed to persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.  Behring denies the allegations in Paragraph 3 of the FAMCC as they relate to Behring, except that Behring admits that it reports certain pricing information for its medicines to pharmaceutical industry pricing publications and that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP.

4.      To the extent the allegations in Paragraph 4 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring admits that Congress has mandated that

Medicare Part B reimbursements be based, in part, upon AWP, and further admits that Medicare Part B medicines are generally, but not always, administered in a healthcare provider's office. Behring denies the remaining allegations in Paragraph 4 of the FAMCC that pertain to it.

5.      Behring denies the existence of, and its participation in, any "AWP scheme" as alleged in Paragraph 5 of the FAMCC.  To the extent the allegations in Paragraph 5 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the remaining allegations in Paragraph 5 of the FAMCC that pertain to it.

6.      To the extent the allegations in Paragraph 6 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring admits that Plaintiffs purport to bring this action as alleged in Paragraph 6 of the FAMCC, but Behring denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Behring denies the remaining allegations in Paragraph 6 of the FAMCC that pertain to it.

7.      Behring denies the existence of, and its participation in, any "high profit scheme" as alleged in Paragraph 7 of the FAMCC.  To the extent the allegations in Paragraph 7 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the remaining allegations in Paragraph 7 of the FAMCC that pertain to it.

8.      Answering Paragraph 8 of the FAMCC, Behring admits that Plaintiffs have filed attachments to the FAMCC.  To the extent the allegations in Paragraph 8 of the FAMCC are deemed to include allegations against Behring, they are denied.

## II.  JURISDICTION AND VENUE

9.      Behring admits that this Court has federal question subject matter jurisdiction. Behring avers that it is not a defendant in the Texas action referenced in Paragraph 9 of the FAMCC, but Behring admits that, upon information and belief, diversity jurisdiction exists.

10.     Behring admits the allegations in Paragraph 10 of the FAMCC.

11.     Behring admits the allegations in the first two sentences of Paragraph 11 of the FAMCC.  Behring denies the remaining allegations in Paragraph 11 of the FAMCC, and specifically denies the existence of, and its participation in, any allegedly "fraudulent marketing scheme."

12.     Behring admits the allegations in Paragraph 12 of the FAMCC.

## III.  PARTIES

13-62.  Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 13 through 62 of the FAMCC and, therefore, denies those allegations.

63-67.  Behring admits that Plaintiffs VPIRG, WCA, StateWide, CANY and CCJ purport to bring this action as alleged in Paragraphs 63 through 67 of the FAMCC, but Behring denies that these Plaintiffs have standing to bring the alleged action.  Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 63 through 67 of the FAMCC and, therefore, denies those allegations.

68-69.   To the extent the allegations in Paragraphs 68 through 69 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.   Behring denies the remaining allegations in Paragraphs 68 through 69 of the FAMCC that pertain to it.   Behring denies the existence of, or its participation in, any "conspiracy" as alleged in Paragraph 69 of the FAMCC.

70-81.   The allegations in Paragraphs 70 through 81 of the FAMCC are directed to other defendants and require no response from Behring.   To the extent the allegations in Paragraphs 70 through 81 of the FAMCC are deemed to include allegations against Behring, they are denied.

82-83.   The allegations in Paragraphs 82 and 83 of the FAMCC are directed to other defendants and require no response from Behring.   To the extent the allegations in Paragraphs 82 and 83 of the FAMCC are deemed to include allegations against Behring, they are denied.

84.   Behring denies the allegations in Paragraph 84 of the FAMCC, except that Behring admits that it is located at 1020 First Avenue, King of Prussia, Pennsylvania.

85.   Behring denies the allegations in Paragraph 85 of the FAMCC.

86.   Behring admits that it manufactures or has manufactured Gammar, Helixate, Bioclate, Humate-P, Mononine, and Monoclate-P, which are covered by Medicare Part B.   The remaining allegations in Paragraph 86 of the FAMCC are directed to other defendants and require no response from Behring.   To the extent the remaining allegations in Paragraph 86 of the FAMCC are deemed to include allegations against Behring, they are denied.

87.   The allegations in Paragraph 87 are directed to "Aventis," an entity that was not defined by Plaintiffs in the FAMCC.   The allegations in Paragraph 87 of the FAMCC are not

directed to Behring and require no response from Behring.  To the extent the allegations in Paragraph 87 of the FAMCC are deemed to include allegations against Behring, they are denied.

88-144.  The allegations in Paragraphs 88 through 144 of the FAMCC are directed to other defendants and require no response from Behring.  To the extent the allegations in Paragraphs 88 through 144 of the FAMCC are deemed to include allegations against Behring, they are denied.

## IV.  GENERAL ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

145.    To the extent the allegations in Paragraph 145 of the FAMCC are directed to other defendants, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the allegations in Paragraph 145 of the FAMCC that pertain to it.

146.    Upon information and belief, Behring admits the allegations in Paragraph 146 of the FAMCC.

147-154.      To the extent the allegations in Paragraphs 147 through 154 of the FAMCC refer to the knowledge, conduct, opinions or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Further answering Paragraph 147 of the FAMCC, Behring admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP.  Further answering Paragraphs 148 and149 of the FAMCC, Behring admits that pharmaceutical industry pricing publications periodically report AWPs for prescription medicines sold in the United States.  Behring states that the 1999 edition of the *Red Book* and the June 1996 Dow Jones News article cited in Paragraph 149 of the FAMCC are the best evidence of their contents.  Behring denies the remaining allegations in

Paragraphs 147 through 154 of the FAMCC that pertain to it, and specifically denies the existence of, and its participation in, any "AWP Scheme" as alleged in Paragraph 153 of the FAMCC.

155-157.    Behring admits the allegations in Paragraphs 155 through 157 of the FAMCC.

158.    Answering Paragraph 158 of the FAMCC, Behring admits only that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which is the best evidence of its contents.

159.    Behring denies the allegations in the first sentence of Paragraph 159 of the FAMCC insofar as the source of the quoted material is unidentified.  Behring denies the second sentence of Paragraph 159 of the FAMCC insofar as 42 CFR § 405.517 contains no reference to a "ceiling" on reimbursement amounts.

160.    Behring admits the allegations in Paragraph 160 of the FAMCC.

161.    Answering Paragraph 161 of the FAMCC, Behring admits that the Medicare Program has publicly announced that it would use the AWP published in pharmaceutical industry pricing publications as the basis for reimbursement.  Behring states that the Program Memo AB-99-63 cited in Paragraph 161 of the FAMCC is the best evidence of its contents.

162.    Behring states that the Program Memo AB-99-63 cited in Paragraph 162 of the FAMCC is the best evidence of its contents.

163-164.    Behring admits the allegations in Paragraphs 163 through 164 of the FAMCC.

165.    To the extent the allegations in Paragraph 165 of the FAMCC refer to the knowledge, conduct or actions of or benefits received by persons, entities or defendants other

than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring admits that there are no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs. Behring admits that it reports certain pricing information for its medicines to pharmaceutical industry pricing publications. Behring denies the remaining allegations in Paragraph 165 of the FAMCC that pertain to it.

166-167.    Behring states that the April 2003 OIG publication cited in Paragraphs 166 through 167 of the FAMCC is the best evidence of its contents. Behring denies that Plaintiffs have accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to Behring.

168.    To the extent the allegations in Paragraph 168 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring denies the remaining allegations in Paragraph 168 of the FAMCC that pertain to it.

169-170.    Behring denies the existence of, and its participation in, any "scheme" cited in Paragraph 169 of the FAMCC. Behring states that the September 28, 2000, letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 169 through 170 of the FAMCC is the best evidence of its contents. Behring denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to Behring.

171-172.    To the extent the allegations in Paragraphs 171 through 172 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than

Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring denies the remaining allegations in Paragraphs 171 through 172 of the FAMCC that pertain to it. Behring further denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 172 of the FAMCC.

173. To the extent the allegations in Paragraph 173 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring admits that it reported suggested AWPs for its medicines to pharmaceutical industry pricing publications during a portion of the relevant time period. Behring denies the remaining allegations in Paragraph 173 of the FAMCC that pertain to it.

174-197. To the extent the allegations in Paragraphs 174 through 197 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring denies the remaining allegations in Paragraphs 174 through 197 of the FAMCC that pertain to it. Behring denies the existence of, and its participation in, any "scheme" as alleged in Paragraphs 174 and 176 of the FAMCC.

198. Behring admits that Plaintiffs purport to quote from an unidentified "industry consultant" as alleged in Paragraph 198 of the FAMCC, but Behring is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 of the FAMCC and, therefore, denies those allegations.

199-204.     To the extent the allegations in Paragraphs 199 through 204 of the FAMCC and its subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring states that the *Red Book* and the unidentified DOJ report cited in Paragraph 200 of the FAMCC and the pleadings cited in Paragraphs 202 through 203 of the FAMCC and subparts are the best evidence of their contents.  To the extent the allegations in Paragraphs 199 through 204 of the FAMCC are deemed to include allegations against Behring, they are denied.

205.     To the extent the allegations in Paragraph 205 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring states the 2003 CMS document cited in Paragraph 205 of the FAMCC is the best evidence of its contents.  Behring denies that Plaintiffs have accurately characterized any alleged CMS finding, opinion, statement or conclusion.  Behring admits that it sells its medicines in a competitive market and, as such, takes steps to keep certain information relating to its medicines confidential.  Behring denies the remaining allegations in Paragraph 205 of the FAMCC that pertain to it.

206-209.     To the extent the allegations in Paragraphs 206 through 209 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the allegations in Paragraphs 206 through 209 of the FAMCC that pertain to it.

210.     In response to the allegations in Paragraph 210 of the FAMCC, Behring denies that Plaintiffs lacked inquiry or other notice of the issues associated with reliance on AWPs as a pricing benchmark.  Behring specifically avers, to the contrary, that such issues were well known for more than a decade before Plaintiffs elected to bring this suit.

211-212.     The allegations in Paragraphs 211 through 212 of the FAMCC state legal conclusions to which no response is required.  To the extent a response is required, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraphs 211 through 212 of the FAMCC that refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, and, therefore, Behring denies those allegations.  Behring denies the remaining allegations in Paragraphs 211 through 212 of the FAMCC that pertain to it.

## V.  EXAMPLES OF SPECIFIC UNLAWFUL CONDUCT

213.     To the extent the allegations in Paragraph 213 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the remaining allegations in Paragraph 213 of the FAMCC that pertain to it.

214-262.     The allegations in Paragraphs 214 through 262 of the FAMCC are directed to other defendants and require no response from Behring.  To the extent allegations in Paragraphs 214 through 262 of the FAMCC are deemed to include allegations against Behring, they are denied.

263.     Behring denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 263 of the FAMCC.  To the extent the allegations in Paragraph 263 of the FAMCC are directed to another defendant, Behring is without sufficient knowledge and information to

form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the existence of, and its participation in, any "Aventis Group" as alleged in Paragraph 263 of the FAMCC and reiterates, as noted in Footnote 1 hereto, that this Answer is filed on behalf of Aventis Behring L.L.C. only.  Behring admits that Plaintiffs purport to bring this action as alleged in Paragraph 263 of the FAMCC, but Behring denies that Plaintiffs are entitled to a judgment or any relief.  Behring denies the remaining allegations in Paragraph 263 of the FAMCC that pertain to it.

264.    To the extent the allegations in Paragraph 264 of the FAMCC are directed to another defendant, Behring is without sufficient knowledge and information to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 264 of the FAMCC.  Behring admits that the governmental agencies listed in Paragraph 264 of the FAMCC have conducted investigations concerning pricing in the pharmaceutical industry and that Behring, among others, has been involved in such investigations.

265-266.      Behring admits that it produced the November 1992 newsletter cited in Paragraph 265 of the FAMCC and the *Red Book* excerpt cited in Paragraph 266 of the FAMCC, but Behring states that these documents are the best evidence of their contents and denies that the conclusions Plaintiffs draw from these documents are accurate.  Behring denies the remaining allegations in Paragraphs 265 and 266 of the FAMCC that pertain to it.

267.    Behring admits that it reported certain pricing information for its medicines to pharmaceutical industry pricing publications during the purported Class Period.  Behring further admits that it reported a suggested AWP for its medicines during a portion of that time.  Behring denies that it controlled and set the AWPs for its medicines.  Behring further denies that it

produced or prepared the documents cited in Paragraph 267(a) of the FAMCC and further denies that these documents reflect any conduct by or knowledge of Behring. Therefore, it appears the allegations in Paragraph 267 are directed to another defendant and require no response from Behring. To the extent allegations in Paragraph 267 of the FAMCC are deemed to include allegations against Behring, they are denied. Behring admits that it produced the document cited in Paragraph 267(b) of the FAMCC, but Behring states that this document is the best evidence of its contents and denies that the conclusions Plaintiffs draw from this document are accurate.

268.    To the extent the allegations in Paragraph 268 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring denies the allegations in Paragraph 268 of the FAMCC that pertain to it.

269.    Behring admits that it produced the document cited in Paragraph 269 of the FAMCC, but Behring states that this document is the best evidence of its contents and denies that the conclusions Plaintiffs draw from this document are accurate. Behring denies the remaining allegations in Paragraph 269 of the FAMCC.

270.    To the extent the allegations in Paragraph 270 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring denies that it produced or prepared the documents cited in Paragraph 270 of the FAMCC and further denies that the documents reflect any conduct by or knowledge of Behring. Therefore, it appears that the allegations in Paragraph 270 of the FAMCC are directed to another defendant and require no response from Behring. To

the extent the allegations in Paragraph 270 of the FAMCC are deemed to include allegations against Behring, they are denied.

271.    Behring admits that it produced the documents cited in Paragraph 271 of the FAMCC, but Behring avers that these documents are the best evidence of their contents and denies that the conclusions Plaintiffs draw from these documents are accurate.  Behring denies the remaining allegations in Paragraph 271 of the FAMCC.

272.    To the extent the allegations in Paragraph 272 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies that it produced or prepared the documents cited in Paragraph 272 of the FAMCC and further denies that the documents reflect any conduct by or knowledge of Behring.  Therefore, it appears that the allegations in Paragraph 272 of the FAMCC are directed to another defendant and require no response from Behring.  To the extent the allegations in Paragraph 272 of the FAMCC are deemed to include allegations against Behring, they are denied.

273-274.    To the extent the allegations in Paragraphs 273 and 274 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring states that the report published by the DHHS (AB-00-86) cited in Paragraph 273 of FAMCC and the report published by the OIG (*see* "Medicare Reimbursement of Prescription Drugs," OEI-03-00-00310, Jan. 2001) cited in Paragraph 274 of the FAMCC are the best evidence of their contents, but Behring denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement or conclusion

contained in these documents.  Behring denies the remaining allegations in Paragraphs 273 and 274 of the FAMCC that pertain to it.

275.    To the extent the allegations in Paragraph 275 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies that it produced or prepared the documents cited in Paragraph 275 of the FAMCC and further denies that the documents reflect any conduct by or knowledge of Behring.  Therefore, it appears that the allegations in Paragraph 275 of the FAMCC are directed to another defendant and require no response from Behring.  To the extent the allegations in Paragraph 275 of the FAMCC are deemed to include allegations against Behring, they are denied.

276.    To the extent the allegations in Paragraph 276 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies that it produced or prepared the documents cited in Paragraph 276 of the FAMCC and further denies that the documents reflect any conduct by or knowledge of Behring.  Therefore, it appears that the allegations in Paragraph 276 of the FAMCC are directed to another defendant and require no response from Behring.  To the extent the allegations in Paragraph 276 of the FAMCC are deemed to include allegations against Behring, they are denied.

277.    To the extent the allegations in Paragraph 277 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations

and, therefore, denies those allegations.  Behring denies that the document cited in Paragraph 277 of the FAMCC relates to Behring because Behring has never manufactured, sold or distributed Anzamet.  Therefore, it appears that the allegations in Paragraph 277 of the FAMCC are directed to another defendant and require no response from Behring.  To the extent the allegations in Paragraph 277 of the FAMCC are deemed to include allegations against Behring, they are denied.

278-279.     Behring admits that it produced the documents cited in Paragraphs 278 and 279 of the FAMCC, but Behring avers that these documents are the best evidence of their contents.  Behring denies that the conclusions drawn by Plaintiffs from these documents are accurate.  Behring denies the remaining allegations in Paragraphs 278 and 279 of the FAMCC.

280.     Behring states that the document cited in Paragraph 280 of the FAMCC is the best evidence of its contents.  Behring denies that the conclusion drawn by Plaintiffs from the alleged quotation from this document is accurate.  Behring denies the remaining allegations in Paragraph 280 of the FAMCC.

281.     To the extent the allegations in Paragraph 281 of the FAMCC refer to the knowledge, conduct or actions of persons or entities other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the allegations in Paragraph 281 of the FAMCC that pertain to it.

282.     To the extent the allegations in Paragraph 282 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies that it produced or prepared the

document cited in Paragraph 282 of the FAMCC and further denies that the document reflects any conduct by or knowledge of Behring. Therefore, it appears that the allegations in Paragraph 282 of the FAMCC are directed to another defendant and require no response from Behring. To the extent the allegations in Paragraph 282 of the FAMCC are deemed to include allegations against Behring, they are denied.

283.     Behring denies the allegations in Paragraph 283 of the FAMCC. Specifically, Behring denies the existence of, and its participation in, any "scheme" as alleged in Paragraph 283 of the FAMCC.

284.     Behring states that the document cited in Paragraph 284 of the FAMCC is the best evidence of its contents. Behring denies that Plaintiffs have accurately characterized any alleged document finding, opinion, statement or conclusion. To the extent the allegations in Paragraph 284 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring denies the remaining allegations in Paragraph 284 of the FAMCC that pertain to it.

285-501.     The allegations in Paragraphs 285 through 501 of the FAMCC are directed to other defendants and require no response from Behring. To the extent the allegations in Paragraphs 285 through 501 of the FAMCC are deemed to include allegations against Behring, they are denied.

## VI.  PLAINTIFFS' CLAIM FOR DAMAGES

502.     Behring denies that Plaintiffs have suffered damages or injuries as alleged in Paragraph 502 of the FAMCC. Behring denies that Plaintiffs have pled a proper class or named proper class representatives. Behring is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 502 of the FAMCC and, therefore, denies those allegations.

## VIII.   CLASS ALLEGATIONS FOR THE PURPORTED "AWP PAYOR CLASS"

503-506.    Behring admits that Plaintiffs purport to bring this action as alleged in Paragraphs 503 through 506 of the FAMCC, but Behring denies that Plaintiffs are entitled to maintain this action in the manner alleged.

507-512.    The allegations in Paragraphs 507 through 512 of the FAMCC state legal conclusions to which no answer is required.  Behring denies, however, that Plaintiffs have pled a proper class or named proper class representatives.  Further answering, Behring denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraphs 508, 509, and 512 of the FAMCC.

### COUNT I (RICO)

513-541.    The Court dismissed Count I in its Order dated February 24, 2004. Accordingly, Behring does not respond to Paragraphs 513 through 541 of the FAMCC.  To the extent a response is required, Behring denies all allegations contained within Count I of the FAMCC that pertain to it.

542.    Answering Paragraph 542 of the FAMCC, Behring realleges and incorporates its responses to the allegations in Paragraphs 1 through 541 of the FAMCC.

543.    To the extent the allegations in Paragraph 543 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring admits that Plaintiffs purport to bring this action and to seek relief under Count II of the FAMCC as alleged in Paragraph 543, but Behring

denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Behring under Count II. Behring denies the remaining allegations in Paragraph 543 of the FAMCC.

544.     The allegations in Paragraph 544 of the FAMCC state a legal conclusion to which no answer is required. Behring denies, however, that Plaintiffs have pled a proper class.

545.     To the extent the allegations in Paragraph 545 of the FAMCC and subparts state legal conclusions, Behring avers that no answer is required. Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 545 and subparts and, therefore, denies those allegations.

546-550.     Behring denies the existence of, or its participation in, any "enterprise," "AWP Scheme," or "hidden-profit scheme" as alleged in Paragraphs 546 through 550 of the FAMCC. To the extent the allegations in Paragraphs 546 through 550 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Behring states that the unidentified "industry report" cited in Paragraph 550 of the FAMCC is the best evidence of its contents. Behring denies that Plaintiffs have accurately characterized any alleged "industry report" finding, opinion, statement or conclusion. Behring denies the remaining allegations in Paragraphs 546 through 550 that pertain to it.

551-573.     Behring denies the existence of, or its participation in, any "enterprise," "AWP spread scheme," "AWP Scheme," "The Aventis Group Manufacturer-PBM Enterprise" and/or "Manufacturer-PBM Enterprise" as alleged in Paragraphs 551 through 573 of the FAMCC. To the extent the allegations in Paragraphs 551 through 573 of the FAMCC refer to

the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring

is without knowledge or information sufficient to form a belief as to the truth of those allegations

and, therefore, denies those allegations.  To the extent the allegations in Paragraphs 551-573

state legal conclusions, Behring avers that no answer is required.  Behring denies that Plaintiffs

have suffered damages or injuries as alleged in Paragraphs 572 and 573 of the FAMCC.  To the

extent the allegations in Paragraph 551 through 573 of the FAMCC include allegations against

Behring, they are denied.

574.    The allegations in Paragraph 574 of the FAMCC state legal conclusions to which

no response is required.  To the extent a response is required, Behring denies the allegations in

Paragraph 574 of the FAMCC.

### COUNT III (DECLARATORY RELIEF)

575.    Answering Paragraph 575 of the FAMCC, Behring realleges and incorporates its

responses to the allegations in Paragraphs 1 through 574 of the FAMCC.  Behring admits that

Plaintiffs purport to bring this action and to seek relief under Count III of the FAMCC as alleged

in Paragraph 575, but Behring denies that Plaintiffs are entitled to maintain this action as alleged

or to any relief against Behring under Count III.

576.    The allegations in Paragraph 576 of the FAMCC state legal conclusions to which

no response is required.  To the extent a response is required, Behring denies that Plaintiffs have

standing to bring this action, and denies that an actual case and controversy exists.  To the extent

the allegations in Paragraph 576 of the FAMCC refer to the knowledge, conduct or actions of

persons, entities or defendants other than Behring, Behring is without knowledge or information

sufficient to form a belief as to the truth of those allegations and, therefore, denies those

allegations.  Behring denies the allegations in Paragraph 576 of the FAMCC that pertain to it.

21

577-578.     Answering the first sentence of Paragraph 577 of the FAMCC, Behring refers to and incorporates its response to Paragraph 576 of the FAMCC.  To the extent the allegations in Paragraphs 577 through 578 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the remaining allegations in Paragraphs 577 through 578 of the FAMCC that pertain to it.

### COUNT IV (CONSUMER PROTECTION STATUTES)

579.     Answering Paragraph 579 of the FAMCC, Behring realleges and incorporates its responses to the allegations in Paragraphs 1 through 578 of the FAMCC.  Behring states that it lacks sufficient information to form an opinion as to the issue of preserving "Plaintiffs' right to appease the home state issues" and therefore denies the allegation.  Behring denies the remaining allegations in Paragraph 579 of the FAMCC.

580.     Behring admits that Plaintiffs purport to bring this action and to seek relief under Count IV of the FAMCC as alleged in Paragraph 580, but Behring denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Behring under Count IV. Behring denies the remaining allegations in Paragraph 580 of the FAMCC.

581.     To the extent the allegations in Paragraph 581 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring admits that its principal place of business is located in King of Prussia, Pennsylvania.  Behring admits that certain states have enacted consumer protection laws, but Behring denies that it has violated such laws or that Plaintiffs or

any putative class members are entitled to relief under such laws.  Behring denies the remaining

allegations in Paragraph 581 of the FAMCC and subparts that pertain to it.

582-586.        Behring denies the existence of, and its participation in, any "AWP

Scheme" as alleged in Paragraph 582 of the FAMCC.  To the extent the allegations in

Paragraphs 582 through 586 of the FAMCC and subparts refer to the knowledge, conduct or

actions of persons, entities or defendants other than Behring, Behring is without knowledge or

information sufficient to form a belief as to the truth of those allegations and, therefore, denies

those allegations.  Behring denies the remaining allegations in Paragraphs 582 through 586 of the

FAMCC and subparts that pertain to it.  Behring further denies that Plaintiffs or any putative

class members have suffered damages or injuries as alleged in Paragraphs 584 and 586 of the

FAMCC.

### COUNT V (CONSUMER PROTECTION LAWS – MEDICARE PART B CO-PAY SUB-CLASS)

587.    Answering Paragraph 587 of the FAMCC, Behring realleges and incorporates its

responses to the allegations in Paragraphs 1 through 586 of the FAMCC.  Behring states that it

lacks sufficient information to form an opinion as to the issue of asserting this Count "in the

event that the Court does not apply the laws asserted as applicable in Count IV" and therefore

denies the allegation.  Behring denies the remaining allegations in Paragraph 587 of the FAMCC.

588-591.        Behring admits that Plaintiffs purport to bring this action and to seek relief

under Count V of the FAMCC as alleged in Paragraph 588-591, but Behring denies that

Plaintiffs are entitled to maintain this action as alleged or to any relief against Behring under

Count V.  Further answering, Behring denies that Plaintiffs have pled a proper class or named

proper class representatives.  Behring denies the remaining allegations in Paragraph 588-591 of

the FAMCC.

592.    To the extent the allegations in Paragraphs 592 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the remaining allegations in Paragraphs 592 of the FAMCC that pertain to it.

593.    The allegations in Paragraph 593 of the FAMCC and subparts state a legal conclusion to which no answer is required.  To the extent the allegations in Paragraph 593 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent a response is required, Behring denies the allegations in Paragraph 593 of the FAMCC, and each of its subparts.

594.    To the extent the allegations in Paragraph 594 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring lacks sufficient information to form an opinion as to the sufficiency of notice and therefore denies that allegation.  Behring admits that it is a named defendant in Case 01-5548 but denies as to the allegations in that case.  Behring denies the remaining allegations in Paragraph 594 of the FAMCC.

595.    To the extent the allegations in Paragraph 595 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies that it received the requisite demand

notice from Plaintiffs required by any state Consumer Protection Statute.  Behring denies the remaining allegations in Paragraph 595 of the FAMCC.

## COUNT VI (CONSUMER PROTECTION LAWS – THIRD PARTY PAYORS PART B MEDIGAP CLASS)

596.    Answering Paragraph 596 of the FAMCC, Behring realleges and incorporates its responses to the allegations in Paragraphs 1 through 595 of the FAMCC.  Behring states that it lacks sufficient information to form an opinion as to the issue of asserting this Count "in the event that the Court does not apply the laws asserted as applicable in Count IV" and therefore denies the allegation.  Behring denies the remaining allegations in Paragraph 596 of the FAMCC.

597-599.    Behring admits that Plaintiffs purport to bring this action and to seek relief under Count VI of the FAMCC as alleged in Paragraphs 597 through 599, but Behring denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Behring under Count VI.  Further answering, Behring denies that Plaintiffs have pled a proper class or named proper class representatives.  Behring denies the remaining allegations in Paragraphs 597 through 599 of the FAMCC.

600.    To the extent the allegations in Paragraphs 600 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Behring denies the remaining allegations in Paragraphs 600 of the FAMCC.

601.    The allegations in Paragraph 601 of the FAMCC and subparts state a legal conclusion to which no answer is required.  To the extent the allegations in Paragraph 601 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than

Behring, Behring is without knowledge or information sufficient to form a belief as to the truth

of those allegations and, therefore, denies those allegations.  To the extent a response is required,

Behring denies the allegations in Paragraph 601 of the FAMCC, and each of its subparts.

602.     To the extent the allegations in Paragraph 602 of the FAMCC refer to the

knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is

without knowledge or information sufficient to form a belief as to the truth**,** and therefore, denies

those allegations.  Behring lacks sufficient information to form an opinion as to the sufficiency

of notice and therefore denies that allegation**.**  Behring admits that it is a named defendant in

Case 01-5548 but denies as to the allegations in that case**.**  Behring denies the remaining

allegations in Paragraph 602 of the FAMCC.

603.     To the extent the allegations in Paragraph 603 of the FAMCC refer to the

knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is

without knowledge or information sufficient to form a belief as to the truth of those allegations

and, therefore, denies those allegations.  Behring denies that it received the requisite demand

notice from Plaintiffs required by any state Consumer Protection Statute.  Behring denies the

remaining allegations in Paragraph 603 of the FAMCC.

**COUNT VII (CONSUMER PROTECTION LAWS – PHYSICIAN-
ADMINISTERED CLASS FOR CONSUMERS AND TPPS)**

604.     Answering Paragraph 604 of the FAMCC, Behring realleges and incorporates its

responses to the allegations in Paragraphs 1 through 603 of the FAMCC.  Behring states that it

lacks sufficient information to form an opinion as to the issue of asserting this Count "in the

event that the Court does not apply the laws asserted as applicable in Count IV" and therefore

denies the allegation.  Behring denies the remaining allegations in Paragraph 604 of the FAMCC.

26

605-610.      Behring admits that Plaintiffs purport to bring this action and to seek relief under Count VII as alleged in Paragraphs 605-610 of the FAMCC, but Behring denies that Plaintiffs are entitled to maintain this action in the manner alleged or to any relief against Behring under Count VII.  Further answering, Behring denies that Plaintiffs have pled a proper class or named proper class representatives or that Plaintiffs or any putative class members have suffered damages as alleged in Paragraph 605.  Behring denies the remaining allegations in Paragraphs 605 through 610 of the FAMCC.

611.      Behring admits that Plaintiffs purport to bring this action and to seek relief under Count VII of the FAMCC as alleged in Paragraph 611 and subparts, but Behring denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Behring under Count VII.  The allegations in Paragraph 611 of the FAMCC and subparts state a legal conclusion to which no answer is required.  To the extent the allegations in Paragraph 611 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent a response is required, Behring denies the allegations in Paragraph 611 of the FAMCC, and each of its subparts.

612.      Behring admits that Plaintiffs purport to bring this action and to seek relief under Count VII of the FAMCC as alleged in Paragraph 612 and subparts, but Behring denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Behring under Count VII.  The allegations in Paragraph 612 of the FAMCC and subparts state a legal conclusion to which no answer is required.  To the extent the allegations in Paragraph 612 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth

of those allegations and, therefore, denies those allegations.  To the extent a response is required, Behring denies the allegations in Paragraph 612 of the FAMCC, and each of its subparts.

613.     To the extent the allegations in Paragraph 613 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  To the extent the allegations in Paragraph 613 state legal conclusions, Behring avers that no answer is required.  Behring denies the remaining allegations in Paragraph 613 of the FAMCC that pertain to it.

## COUNT IX (CIVIL CONSPIRACY – PBMs)

614.     Answering Paragraph 614 of the FAMCC, Behring realleges and incorporates its responses to the allegations in Paragraphs 1 through 613 of the FAMCC.

615.     Behring admits that Plaintiff CMHV purports to bring this action as alleged in Paragraph 615 of the FAMCC, but Behring denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  Behring is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 615 of the FAMCC and, therefore, denies those allegations.

616-619.        Behring denies the existence of, and its participation in, any "conspiratorial arrangement," "scheme," "AWP Scheme," "conspiracy" or "The Aventis Group Manufacturer-PBM Conspiracies" as alleged in Paragraphs 616 through 619 of the FAMCC.  To the extent the allegations in Paragraphs 616 through 619 of the FAMCC and subparts refer to the knowledge, conduct or actions of persons, entities or defendants other than Behring, Behring is without knowledge or information sufficient to form a belief as to the truth of those allegations

and, therefore, denies those allegations.  Behring denies the remaining allegations in Paragraphs 616 through 619 of the FAMCC and subparts that pertain to it.

620-621.        Behring denies the existence of, and its participation in, any "conspiracy" as alleged in Paragraphs 620 through 621 of the FAMCC.  Behring denies the allegations in Paragraphs 620 through 621 of the FAMCC.  Specifically, Behring denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraph 621 of the FAMCC.

Behring denies Plaintiffs are entitled to a judgment or any other relief requested in their Prayer for Relief and "WHEREFORE" paragraph following Paragraph 621 of the FAMCC.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiffs and the putative class members fail to state a claim against Behring upon which relief may be granted.

### Second Defense

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Third Defense

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the filed rate doctrine.

### Fourth Defense

Plaintiffs and the putative class members have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Behring as alleged in the FAMCC.

29

### Fifth Defense

To the extent Plaintiffs and/or any member of the putative class obtain recovery in any other case predicated on the same factual allegations, that Plaintiff or purported class member is barred from seeking recovery against Behring based on the FAMCC pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

### Sixth Defense

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because they violate Behring's rights under the First Amendment to the United States Constitution and cognate provisions of the Constitutions of the various states which protect the rights to freedom of speech, to petition the government and to freedom of association.

### Seventh Defense

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Behring in judicial, legislative or administrative proceedings of any kind or at any level of government.

### Eighth Defense

Plaintiffs' and the putative class members' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

### Ninth Defense

Any and all actions taken by Behring with respect to any of the matters alleged in the FAMCC were taken in good faith and in accordance with established industry practice.

### Tenth Defense

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, art. VI, § 2, because those claims are preempted and/or precluded by federal law, including, but not limited to, the Federal Employee Retirement Income Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Eleventh Defense

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because they conflict with federal statutes and regulations that comprise a comprehensive regulatory regime governing the amounts paid to providers for Medicare Part B-covered drugs.

### Twelfth Defense

Plaintiffs' and the putative class members' claims are preempted by the dormant Commerce Clause of the United States Constitution.

### Thirteenth Defense

Plaintiffs' and the putative class members' claims against Behring are barred because Behring has complied with all applicable regulations of the federal and state governments.

### Fourteenth Defense

Plaintiffs' and the putative class members' claims against Behring are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### Fifteenth Defense

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because they violate the *Ex Post Facto* provisions of Sections 9 and 10 of Article 1 and the Due Process

31

provisions of the Fifth and Fourteenth Amendments to the United States Constitution, as well as cognate provisions of the Constitutions of the various states, to the extent that they seek to deprive Behring of procedural and substantive safeguards, including traditional defenses to liability and the prohibition against imposing liability retroactively for conduct that was not actionable at the time it occurred.

### Sixteenth Defense

Behring's statements or actions were not the proximate cause or cause-in-fact of any injury to or alleged loss by Plaintiffs or the putative class members.

### Seventeenth Defense

Plaintiffs and the putative class members fail to state with particularity facts to support the fraud allegations, and fail to plead with particularity the fraudulent concealment and multi-source medicine allegations against Behring contained in the FAMCC.

### Eighteenth Defense

Plaintiffs and the putative class members fail to allege with particularity their civil conspiracy claims against Behring as required by Fed. R. Civ. P. 9(b).

### Nineteenth Defense

Plaintiffs' and the putative class members' claims against Behring are barred, in whole or in part, because Behring did not make any false statements to Plaintiffs or to any putative class members.  As to any statement attributed to Behring that Plaintiffs and the putative class members  allege to be false or misleading, Behring had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

**Twentieth Defense**

Plaintiffs' and the putative class members' claims against Behring are barred because Behring did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

**Twenty-First Defense**

Plaintiffs' and the putative class members' RICO claims against Behring are barred, in whole or in part, due to Plaintiffs' failure to properly allege a RICO enterprise as required by 18 U.S.C. § 1962(c).

**Twenty-Second Defense**

Plaintiffs' and the putative class members' RICO claims against Behring are barred, in whole or in part, due to their failure to plead facts showing that Behring and the PBMs are ongoing organizations whose members function as a continuing unit and share common purposes as required by *United States v. Turkette*, 452 U.S. 576, 583 (1981).

**Twenty-Third Defense**

Plaintiffs' and the putative class members' RICO claims against Behring are barred, in whole or in part, due to their failure to allege that Behring conducted the affairs of the alleged enterprises as required by 18 U.S.C. § 1962(c).

**Twenty-Fourth Defense**

Plaintiffs and the putative class members lack standing to bring their RICO claims against Behring because they cannot show Behring directly caused their alleged injuries as required by 18 U.S.C. § 1964(c);  *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 265-66, 268 (1992); *Platten v. HG Berm. Exempted Ltd.,* 437 F.3d 118, 132 (1st Cir. 2006); and *George Lussier Enters. v. Subaru of New Eng., Inc.,* 393 F.3d 36, 51 (1st Cir. 2004).

33

**Twenty-Fifth Defense**

Plaintiffs' and the putative class members' civil conspiracy claims against Behring are barred, in whole or in part, by their failure to allege a concerted action as required by *Aetna Cas. Sur. Co. v. P&B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994) and *Grant v. John Hancock Mut. Life Ins. Co.*, 183 F. Supp. 2d 344, 359 (D. Mass. 2002), and/or by their failure to allege a coercive conspiracy as required by *Fleming v. Dance*, 22 N.E.2d 609, 611 (Mass. 1939).

**Twenty-Sixth Defense**

Plaintiffs' and the putative class members' civil conspiracy claims against Behring are barred, in whole or in part, because they are duplicative and improper under Massachusetts law. *See Grant*, 183 F. Supp. 2d at 364.

**Twenty-Seventh Defense**

Behring denies that Plaintiffs and the putative class members have valid consumer protection claims against Behring under the laws of the Commonwealth of Massachusetts or any other State, Commonwealth or District whose laws are or later become relevant in the course of this multidistrict litigation.  However, if such claims are found to exist, Behring pleads all available defenses under the Acts.

**Twenty-Eighth Defense**

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or later become relevant in the course of this multidistrict litigation require Plaintiffs to send a written demand for relief to Defendants prior to filing a Complaint, Plaintiffs have failed to do so and are not entitled to relief under the applicable statutes.

### Twenty-Ninth Defense

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or later become relevant in the course of this multidistrict litigation require Plaintiffs to provide notice of the practice at issue to the relevant State Attorney General, Plaintiffs have failed to do so and are not entitled to relief under the applicable statutes.

### Thirtieth Defense

Plaintiffs' and the putative class members' claims against Behring under the various state unfair and deceptive trade practice or consumer protection or consumer fraud statutes are barred in whole or in part because Behring's conduct was not knowing, unfair, deceptive, misleading, unlawful, a misrepresentation or illegal.

### Thirty-First Defense

Plaintiffs' and the putative class members' claims for equitable relief are barred because equitable relief is not available under any of the alleged causes of action.

### Thirty-Second Defense

Plaintiffs' and the putative class members' claims for equitable relief are barred because Plaintiffs and the putative class members have an adequate remedy at law.

### Thirty-Third Defense

Plaintiffs and the putative class members are not entitled to the relief requested in the Complaint because the Court lacks any sufficiently certain, nonspeculative basis for fashioning such relief.

**Thirty-Fourth Defense**

Plaintiffs and the putative class members lack either standing or capacity, or both, to bring some or all of the claims alleged in the Complaint.

**Thirty-Fifth Defense**

Plaintiffs and the putative class members are barred from recovery because the representations and actions alleged by Plaintiffs were not and are not material, in that they were not and are not likely to affect the decisions or conduct of Plaintiffs and putative class members, or to have caused consumers or Third Party Payors to have chosen differently, but for such alleged representations or actions, in light of the information available and known to consumers and Third Party Payors, and in that the alleged representations and actions were not likely to mislead consumers or Third Party Payors acting reasonably under the circumstances.

**Thirty-Sixth Defense**

Plaintiffs' and the putative class members' claims are barred in whole or in part, because of  Plaintiffs' and the putative class members' lack of awareness of, and lack of reliance upon, the representations alleged.

**Thirty-Seventh Defense**

Plaintiffs' and the putative class members' claims against Behring under the various state unfair and deceptive trade practice or consumer protection or consumer fraud statutes are barred in whole or in part because any allegedly fraudulent statement or conduct of Behring was not consumer-oriented.

### Thirty-Eighth Defense

To the extent the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or later become relevant in the course of this multidistrict litigation do not recognize a private right of action, Plaintiffs are not entitled to relief under the applicable statutes.

### Thirty-Ninth Defense

To the extent the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or later become relevant in the course of this multidistrict litigation bar class actions, Plaintiffs are not entitled to relief under the applicable statutes.

### Fortieth Defense

To the extent the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or later become relevant in the course of this multidistrict litigation limit claims to those brought by "consumers," Plaintiffs are not entitled to relief under the applicable statutes.

### Forty-First Defense

To the extent the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or later become relevant in the course of this multidistrict litigation require Plaintiffs to attempt Alternative Dispute Resolution prior to filing a Complaint, Plaintiffs have failed to do so and are not entitled to relief under the applicable statutes.

### Forty-Second Defense

To the extent the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or later become relevant in the course of this multidistrict litigation limit Plaintiffs' available remedies, Plaintiffs are not entitled to their requested relief under the applicable statutes.

### Forty-Third Defense

Plaintiffs' and the putative class members' claims against Behring under the various state unfair and deceptive trade practice or consumer protection or consumer fraud statutes are barred in whole or in part because excess-provider-profit claims are inherently speculative and subjective and not subject to judicial resolution.

### Forty-Fourth Defense

Plaintiffs' and the putative class members' claims should be dismissed for the reason that, among others, Plaintiffs' and the putative class members' claims for relief are moot.

### Forty-Fifth Defense

Plaintiffs' and the putative class members' equitable claims are barred, in whole or in part, by the equitable doctrine of unclean hands, the legal doctrine of *in pari delicto* and, the maxim that "one who seeks equity must do equity."

### Forty-Sixth Defense

This action cannot be maintained as a class action because:  (1) the certification and maintenance of this action as a class would violate the separation of powers provisions of the United States Constitution and would be an unconstitutional usurpation of authority reserved to the legislative branch; (2) the claims of Plaintiffs and the putative class members cannot be

properly joined with one another because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences; (3) the named Plaintiffs and the putative class members cannot satisfy the procedural requirements of Fed. R. Civ. P. 23; (4) the questions of fact at issue are not common to the alleged class members, but rather, are highly specific and will vary dramatically from person to person and entity to entity; and/or (5) class certification would violate Behring's rights provided by the Fifth, Seventh and Fourteenth Amendments to the United States Constitution as well as by the Constitutions of the Commonwealth of Massachusetts and any other State, Commonwealth or District whose laws are or later become relevant in the course of this multidistrict litigation.

### Forty-Seventh Defense

Plaintiffs' and the putative class members' claims fail, in whole or in part, because of improper claim splitting.

### Forty-Eighth Defense

Plaintiffs' and the putative class members' antitrust claims against Behring are barred in whole or in part because:  (1) they have not suffered any antitrust injury; (2) they lack standing; and/or (3) the alleged conspiracy does not make economic sense and is economically implausible.

### Forty-Ninth Defense

Any alleged restraints complained of in the FAMCC are ancillary to legitimate, pro-competitive activity.

## Fiftieth Defense

Plaintiffs and putative class members are precluded from recovery because the representations and actions alleged by Plaintiffs were not intended to deceive Plaintiffs and the putative class members.

## Fifty-First Defense

Behring is not liable to Plaintiffs and the putative class members because it had no duty to disclose the information allegedly not disclosed.

## Fifty-Second Defense

Plaintiffs' and the putative class members' claims against Behring under Section 1 of the Sherman Act, 15 U.S.C. § 1, are barred to the extent recovery is based on indirect purchases of medicines.

## Fifty-Third Defense

Plaintiffs' and the putative class members' antitrust claims against Behring under the various state antitrust statutes are barred in whole or in part to the extent those statutes:  (1) do not allow (or did not allow at the time of the alleged conduct) recovery of damages by indirect purchasers; and/or (2) govern conduct that is predominantly intrastate in nature.

## Fifty-Fourth Defense

Plaintiffs' and the putative class members' antitrust claims against Behring under the various state unfair trade and competition statutes are barred in whole or in part to the extent those statutes:  (1) do not allow (or did not allow at the time of the alleged conduct) recovery of damages by indirect purchasers; and/or (2) govern conduct that is predominantly intrastate in nature.

40

### Fifty-Fifth Defense

Plaintiffs' and the putative class members' antitrust claims against Behring under the various state consumer protection and consumer fraud statutes are barred in whole or in part to the extent those statutes:  (1) do not allow (or did not allow at the time of the alleged conduct) recovery of damages by indirect purchasers; and/or (2) govern conduct that is predominantly intrastate in nature.

### Fifty-Sixth Defense

Plaintiffs' and the putative class members' antitrust claims against Behring under the various state unfair trade, unfair competition, consumer protection and consumer fraud statutes are barred to the extent:  (1) those claims represent an impermissible circumvention of the states' antitrust statutes; and (2) those statutes apply only to deceptive or misleading conduct and/or govern only consumer transactions.

### Fifty-Seventh Defense

Third-party payor plaintiffs' and third-party payor putative class members' claims against Behring are barred, in whole or part, with respect to any alleged overcharge or supracompetitive price on the ground that third-party payors passed on any effect of the alleged supracompetitive prices to their clients, customers, beneficiaries or others in the form of higher premiums, co-pays or other charges.

### Fifty-Eighth Defense

Plaintiffs' and the putative class members' claims against Behring are barred, in whole or in part, with respect to any alleged overcharge or supracompetitive price because such supracompetitive price, if any, was absorbed, in whole or part, by a person and/or entity which

purchased the medicine directly, and/or by an intermediate indirect purchaser, and was not passed through to the Plaintiffs or putative class members.

### Fifty-Ninth Defense

Plaintiffs' and the putative class members' claims against Behring are barred, in whole or in part, by the doctrines of assumption of the risk and/or comparative fault or negligence.

### Sixtieth Defense

Plaintiffs' and the putative class members' claims against Behring are barred, in whole or in part, due to their failure to join indispensable parties.

### Sixty-First Defense

Plaintiffs' and the putative class members' claims against Behring are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the FAMCC.

### Sixty-Second Defense

Plaintiffs' and the putative class members' claims against Behring are barred, in whole or in part, because the superceding/intervening cause of any injury allegedly sustained by the Plaintiffs and the putative class members is their own conduct and/or that of others which were in no way caused by Behring or for which Behring is not liable.

### Sixty-Third Defense

Plaintiffs' and the putative class members' claims against Behring for damages are barred, in whole or in part:  (1) because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Behring; (2) because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the FAMCC; (3) by the doctrine of

consent and/or ratification to the extent that Plaintiffs and/or putative class members have received and paid for medicines manufactured, marketed and sold by Behring after the filing of Plaintiffs' original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

**Sixty-Fourth Defense**

Behring is entitled to a set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiffs and putative class members and with respect to the same alleged in juries.  Behring is also entitled to have any damages that may be awarded to Plaintiffs and the putative class members reduced by the value of any benefit or payment to Plaintiffs and putative class members from any collateral source.

**Sixty-Fifth Defense**

Any damages recovered by the Plaintiffs and/or the putative class members from Behring must be limited by the applicable statutory ceilings on recoverable damages.

**Sixty-Sixth Defense**

Plaintiffs and the putative class members may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

**Sixty-Seventh Defense**

Plaintiffs and the putative class members fail to allege facts or a cause of action against Behring sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

**Sixty-Eighth Defense**

To the extent punitive damages are sought, Plaintiffs' and the putative class members' punitive damages claims against Behring:  (1) have no basis in law or fact; (2) are not

recoverable because the allegations of the FAMCC are legally insufficient to support a claim for punitive damages against Behring; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Behring prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Behring's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitutions and the constitutions of any applicable states' laws; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Behring's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable states' laws; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Behring for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Behring's medicines would constitute impermissible multiple punishments for the same wrong, in violation of Behring's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law and statutory law of any applicable states' laws; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Behring's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and public policies of

any applicable states' law; and (7) cannot be sustained because any award of punitive damages,

which are penal in nature, without according Behring the same protections that are accorded to

all criminal defendants, including the protection against unreasonable searches and seizures, the

privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial,

and the effective assistance of counsel, would violate Behring's rights guaranteed by the Fourth,

Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States

Constitution and would be improper under the constitutions, common law and public policies of

any applicable states' laws.

### **Sixty-Ninth Defense**

To the extent punitive damages are sought, Plaintiffs' and the putative class members'

claim for punitive damages against Behring cannot be sustained because an award of punitive

damages by a jury that:  (1) is not provided constitutionally adequate standards of sufficient

clarity for determining the appropriate imposition of, and the appropriate size of, a punitive

damages award; (2) is not adequately instructed on the limits of punitive damages imposed by

the applicable principles of deterrence and punishment; (3) is not expressly prohibited from

awarding punitive damages, or determining the amount of an award of punitive damages, in

whole or in part on the basis of invidiously discriminatory characteristics, including without

limitation the residence, wealth, and corporate status of Behring; (4) is permitted to award

punitive damages under a standard for determining liability for punitive damages that is vague or

arbitrary and does not define with sufficient clarity the conduct or mental state that makes

punitive damages permissible; (5) is not properly instructed regarding Plaintiffs' and the putative

class members' burden of proof with respect to each and every element of a claim for punitive

damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and

furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Behring's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law and public policies of any applicable states' laws.

### Seventieth Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class members' claim for punitive damages against Behring cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate Behring's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Behring's right not to be subjected to an excessive award; and (3) be improper under the constitutions, common law and public policies of any applicable states' laws.

### Seventy-First Defense

Behring adopts by reference any additional applicable defenses pleaded by any other defendant not otherwise herein.

### Seventy-Second Defense

Behring hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during or as a result of the discovery proceedings in this action, and hereby reserves its right to amend its answer to assert such defenses.  Behring also reserves the right to assert such other and related defenses under the laws of any State whose law is or later becomes relevant in the course of this multidistrict litigation.

AVENTIS BEHRING, LLC
By its Attorneys,


 /s/ Aimée E. Bierman
Michael DeMarco (BBO #119960)
 mdemarco@klng.com
Aimée E. Bierman (BBO #640385)
 abierman@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
(617) 261-3100

William D. Nussbaum
Jonathan T. Rees
Martha L. Russo
HOGAN & HARTSON L.L.P.
555 13th Street, NW
Washington D.C. 20004
(202) 637-5600
FAX:  (202) 637-5910

Dated:  May 15, 2006


## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

/s/ Aimée E. Bierman
Aimée E. Bierman