# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) | MDL No. 1456 |
|  | ) | CIVIL ACTION: 01-CV-12257-PBS |
|  | ) |  |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | ) ) ) ) | Judge Patti B. Saris |

## RESPONSES OF BAXTER HEALTHCARE CORPORATION TO FOURTH AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT AMENDED TO COMPLY WITH COURT'S CLASS CERTIFICATION ORDER UNREDACTED VERSION

Defendant Baxter Healthcare Corporation ("Baxter") hereby responds to the Fourth Amended Master Consolidated Class Action Complaint (the "AMCC") in corresponding numbered paragraphs as follows:

### Preface

The AMCC improperly and repetitively refers to Baxter and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against Baxter or other defendants or third parties. Intentionally ambiguous pleading is improper and insufficient to apprise Baxter in any meaningful sense of the allegations asserted against it. Baxter nevertheless attempts to respond to Plaintiffs' allegations to the extent possible under the circumstances. In

answering the AMCC, Baxter responds only for itself, even when Plaintiffs' allegations refer to alleged conduct by Baxter and other persons or entities. To the extent the allegations in the AMCC refer to the knowledge, conduct, or actions of persons, entities or defendants other than Baxter, Baxter is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

The AMCC improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully. Many of the allegations of the AMCC are vague or conclusory. The AMCC also includes terms which are undefined and which are susceptible of different meanings.

The AMCC also contains purported quotations from a number of sources, many of which are unidentified. If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, Baxter reserves the right to assert such privileges, hereby moves to strike such references and demands return of any such documents that Plaintiffs may have in their possession, custody or control. In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

2

Baxter explicitly denies the existence of, or its participation in, any fraud, fraudulent scheme, conspiracy or enterprise. Baxter further denies each and every allegation contained in the AMCC, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes or speculations which are contained in any averment or in the AMCC as a whole. Moreover, Baxter specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered paragraphs in the AMCC.

Baxter provides no response with respect to allegations regarding the following drugs because they were struck by Judge Saris' April 13, 2006 order and therefore are not at issue: carboplatin injectable; cefazolin; cefazolin sodium; ciprofloxacin hydrochloride; dexamethasone sodium phosphate; diltiazem hydrochloride injectable; diphenhydramine injectable; dopamine hydrochloride; enalaprilat injectable; famotidine; fentanyl citrate; furosemide; gentamicin sulfate; glycopyrrolate injectable; hetastarch sodium chloride injectable; hydromorphone injectable; ketorolac tromethamine; labetalol injectable; lidocaine hydrochloride injectable; methotrexate sodium injectable; midazolam; midazolam hydrochloride; neostigmine methylsulfate; phenylephrine; potassium chloride; promethazine; promethazine injectable; ringers lactated with dextrose injectable; propofol injectable; vancomycin sulfate; and vercuronium bromide injectable.

3

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## I.    INTRODUCTION

1.     Baxter admits that Plaintiffs seek to bring this action as alleged in Paragraph 1 of the AMCC.  Baxter denies that Plaintiffs are entitled to maintain this action in the manner alleged.

2.     To the extent the allegations in Paragraph 2 of the AMCC allege a conspiracy between Baxter and various publishing entities, no response is required because these allegations, which formed the basis of Count I of the AMCC, were dismissed with prejudice by the Court's Order dated February 24, 2004.  Baxter further denies the remaining allegations in Paragraph 2 of the AMCC.

3.     Denied.

4.     Baxter admits that Congress has mandated that Medicare Part B reimbursements be based, in part, in certain circumstances, upon AWP, and further admits that Medicare Part B medicines are generally, but not always, administered in a healthcare provider's office.  Baxter denies the remaining allegations in Paragraph 4 of the AMCC.

5.     Baxter admits that AWP is used by certain entities for reimbursement purposes.  Baxter denies the remaining allegations in Paragraph 5 of the AMCC.

6.      Baxter admits that Plaintiffs purport to bring this action as alleged in Paragraph 6 of the AMCC, but Baxter denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Baxter denies the remaining allegations in Paragraph 6 of the AMCC.

7.      Denied.

8.      Baxter admits that Plaintiffs have filed attachments to the AMCC.  To the extent the allegations in Paragraph 8 of the AMCC are deemed to include allegations against Baxter, they are denied.

## II.      JURISDICTION AND VENUE

9-10.   Admitted.

11.     Baxter admits the second sentence of Paragraph 11 of the AMCC.  Baxter admits that Baxter Healthcare Corporation transacts business in this judicial district. Baxter denies the remaining allegations in Paragraph 11 of the AMCC and Baxter specifically denies the existence of, and its participation in, any alleged "fraudulent marketing scheme."

12.     Admitted.

DSMDB.2085522.1

### III.   PARTIES

13.   Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the AMCC and, therefore, denies those allegations.

14-61.  Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 14 through 61 of the AMCC and, therefore, denies those allegations.  Further, Baxter denies that the individuals named in the referenced allegations are appropriate class representatives.  Baxter provides no response throughout this answer with respect to allegations regarding the following drugs because they were struck by Judge Saris' April 13, 2006 order and therefore are not at issue: carboplatin injectable; cefazolin; cefazolin sodium; ciprofloxacin hydrochloride; dexamethasone sodium phosphate; diltiazem hydrochloride injectable; diphenhydramine injectable; dopamine hydrochloride; enalaprilat injectable; famotidine; fentanyl citrate; furosemide; gentamicin sulfate; glycopyrrolate injectable; hetastarch sodium chloride injectable; hydromorphone injectable; ketorolac tromethamine; labetalol injectable; lidocaine hydrochloride injectable; methotrexate sodium injectable; midazolam; midazolam hydrochloride; neostigmine methylsulfate; phenylephrine; potassium chloride; promethazine; promethazine injectable; ringers lactated with dextrose injectable; propofol injectable; vancomycin sulfate; and vercuronium bromide injectable.

DSMDB.2085522.1

62.     Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the AMCC and, therefore, denies those allegations.

63-67.  Baxter admits that Plaintiffs VPIRG, WCA, StateWide, CANY and CCJ purport to bring this action as alleged in Paragraphs 63-67 of the AMCC, but Baxter denies that these Plaintiffs have standing to bring the alleged action.  Baxter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 63-67 of the AMCC and, therefore, denies those allegations. To the extent that Plaintiffs are raising claims under the Clayton Act, those counts have been voluntarily dismissed and, therefore, do not require a response.

68-69.  Denied.

70-87.  The allegations in Paragraphs 70 through 87 of the AMCC are directed to another defendant and require no response from Baxter.  To the extent that the allegations in Paragraphs 70 through 87 of the AMCC are deemed to include allegations against Baxter, they are denied.

88.     Baxter Healthcare Corporation admits that Baxter International Inc. is a Delaware corporation with its principal place of business located at One Baxter Parkway, Deerfield, Illinois.  Baxter Healthcare Corporation generally admits that net sales for 2000 were approximately $6.89 billion.  Baxter Healthcare Corporation denies the remaining allegations in Paragraph 88 of the AMCC.

DSMDB.2085522.1

89.     Baxter Healthcare Corporation admits that Baxter Healthcare Corporation is the principal domestic operating subsidiary of Baxter International Inc.  Baxter Healthcare Corporation admits the remaining allegations in Paragraph 89 of the AMCC.

90.     Baxter admits that it develops, manufactures, and sells drugs and therapies to treat cancer, trauma, hemophilia, immune deficiencies, infectious diseases, kidney disease and other disorders, and generally admits that net sales for 2000 were approximately $6.9 billion.  Baxter denies the remaining allegations in Paragraph 90 of the AMCC.

91.     Baxter admits the allegations in Paragraph 91 of the AMCC, except to deny that Uromitexan® (mesna), tablets sold by Baxter, are covered under Medicare Part B.  Baxter also denies that it markets, sells, or distributes Holoxan® (ifosfanide) and Endoxan® (cyclophosphamide).

92-144.     The allegations in Paragraphs 92 through 144 of the AMCC are directed to another defendant and require no response from Baxter.  To the extent that the allegations in Paragraphs 92 through 144 of the AMCC are deemed to include allegations against Baxter, they are denied.

145.     Paragraph 145 simply characterizes the AMCC; accordingly, no response is required.  To the extent a response is deemed required, Baxter denies the allegations contained in Paragraph 145 of the AMCC.

DSMDB.2085522.1

146.    Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 146 of the AMCC and, therefore, denies those allegations.  Upon information and belief, Baxter admits the allegations in the second sentence of Paragraph 146 of the AMCC.

147.    Baxter admits that Congress mandated that Medicare Part B reimbursement be based, in part, in certain circumstances, on AWP.  Baxter denies the remaining allegations in Paragraph 147 of the AMCC.

148.    Baxter admits that independently produced pricing publications periodically publish AWPs for prescription medicines sold in the United States.  Baxter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 148 of the AMCC and, therefore, denies those allegations.

149.    Baxter admits that the 1999 edition of the *Red Book* and the June 1966 Dow Jones News article cited in Paragraph 149 exist.  Baxter denies the remaining allegations in Paragraph 149 of the AMCC.

150-154.    Denied.

155-157.    Paragraphs 155 through 157 of the AMCC state legal conclusions to which no response is required.  To the extent a response is deemed required, Baxter admits that the regulations and statutes cited in Paragraphs 155 through 157 of the AMCC exist, but denies that Plaintiffs have accurately characterized any conclusions

that may be drawn from those regulations and statutes. Baxter denies the remaining allegations in Paragraphs 155 through 157 of the AMCC.

158. Baxter admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth, in part, at 42 C.F.R. 405.517. To the extent that Plaintiffs purport to summarize or characterize 42 C.F.R. 405.517, Paragraph 158 of the AMCC states a legal conclusion to which no response is required. To the extent a response is required, Baxter denies the allegations in Paragraph 158 of the AMCC.

159. Paragraph 159 of the AMCC states legal conclusions to which no responses are required. To the extent a response is deemed required, Baxter admits that federal statutes and regulations set forth the payment methodology for drugs under Medicare Part B. Baxter is without knowledge or information sufficient to form a belief as to the accuracy of the unattributed quotations in Paragraph 159 of the AMCC. Baxter denies the remaining allegations in Paragraph 159 of the AMCC.

160. Baxter admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth, in part, at 42 C.F.R. 405.517. To the extent that Plaintiffs purport to summarize or characterize 42 C.F.R. 405.517, Paragraph 160 of the AMCC states a legal conclusion to which no response is required. To the extent a response is required, Baxter denies the allegations in Paragraph 160 of the AMCC.

161-162. Paragraphs 161-162 of the AMCC state legal conclusions to which no responses are required. To the extent a response is required, Baxter admits that

DSMDB.2085522.1

Program Memorandum AB-99-63 does exist, but denies that Plaintiffs have accurately characterized any conclusion that may be drawn from it. Baxter denies the remaining allegations in Paragraphs 161-162 of the AMCC.

163. Paragraph 163 of the AMCC states legal conclusions to which no responses are required. Baxter admits that federal law governs the manner in which Medicare Part B reimburses medical providers for certain drugs. Baxter is without knowledge or information sufficient to form a belief as to whether the summary of those laws set forth in Paragraph 163 of the AMCC is accurate in all instances. Accordingly, to the extent a response is required, Baxter denies the allegations in Paragraph 163 of the AMCC.

164. Upon information and belief, Baxter admits the allegations in Paragraph 164 of the AMCC.

165. Baxter admits that there are no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs. Baxter admits that it reports certain pricing information for its medicines to independently produced pricing publications. Baxter denies the remaining allegations in Paragraph 165 of the AMCC.

166-167. Baxter admits that the April 2003 OIG Guidance cited in Paragraphs 166 through 167 of the AMCC exists. Baxter denies that Plaintiffs have accurately characterized any alleged OIG finding, opinion, statement, or conclusion, or

11

that such are applicable to Baxter.  Baxter denies the remaining allegations in Paragraphs 166 through 167 of the AMCC.

168.   Baxter admits certain federal and state agencies have investigated marketing and pricing practices with respect to certain Medicare and Medicaid reimbursable products.  Baxter denies the remaining allegations in Paragraph 168 of the AMCC.

169-170.   Baxter admits that the September 28, 2000 letter from Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America cited in Paragraphs 169 through 170 of the AMCC exists.  Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements, or conclusions of Congressman Stark, or that such are applicable to Baxter.  Baxter denies the remaining allegations in Paragraphs 169 through 170 of the AMCC.

171.   Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the AMCC and, therefore, denies those allegations.

172-196.   To the extent the allegations in Paragraphs 172 through 196 of the AMCC refer to the knowledge, conduct, or actions of persons or entities other than Baxter, Baxter is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Baxter denies the remaining allegations in Paragraphs 172 through 196 of the AMCC.

DSMDB.2085522.1

197.    The first two sentences of Paragraph 197 of the AMCC state legal conclusions to which no responses are required.  To the extent a response is deemed required, Baxter admits that federal statutes and regulations set forth the payment methodology for drugs under Medicare Part B.  Baxter denies the remaining allegations in Paragraph 197 of the AMCC.

198.    Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 of the AMCC and, therefore, denies those allegations.

199-204.    Baxter admits that the *Red Book* and the unidentified DOJ report cited in Paragraph 200 of the AMCC and the pleadings cited in Paragraphs 202 through 203 of the AMCC and subparts exist, but deny that Plaintiffs have accurately characterized any conclusions that may be drawn from them.  To the extent the allegations in Paragraphs 199 through 204 of the AMCC refer to the knowledge, conduct, or actions of persons or entities other than Baxter, Baxter is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Baxter denies the remaining allegations in Paragraphs 199 through 204 of the AMCC.

205.    To the extent the allegations in Paragraph 205 of the AMCC refer to the knowledge, conduct, or actions of persons or entities other than Baxter, Baxter is without knowledge or information sufficient to form a belief as to the truth of those

allegations and, therefore, denies those allegations.  Baxter admits that the 2003 CMS

document cited in Paragraph 205 of the AMCC exists.  Baxter denies that Plaintiffs have

accurately characterized any alleged CMS finding, opinion, statement, or conclusion.

Baxter admits that it sells its pharmaceuticals in a competitive market and, as such,

takes steps to keep certain information relating to its pharmaceuticals confidential.

Baxter denies the remaining allegations in Paragraph 205 of the AMCC.

206-210.    To the extent the allegations in Paragraphs 206 through 210 of the

AMCC refer to the knowledge, conduct, or actions of persons or entities other than

Baxter, Baxter is without knowledge or information sufficient to form a belief as to the

truth of those allegations and, therefore, denies those allegations.  Baxter denies the

remaining allegations in Paragraphs 206 through 210 of the AMCC.

211-212.    The allegations in Paragraphs 211 through 212 of the AMCC state

legal conclusions to which no responses are required.  Further, to the extent the

allegations in Paragraphs 211 through 212 of the AMCC refer to the knowledge,

conduct, or actions of persons or entities other than Baxter, Baxter is without knowledge

or information sufficient to form a belief as to the truth of those allegations and,

therefore, denies those allegations.  To the extent a response is required, Baxter denies

the remaining allegations in Paragraphs 211 through 212 of the AMCC.

DSMDB.2085522.1

## V. EXAMPLES OF SPECIFIC UNLAWFUL CONDUCT

213.   Denied.

214-284.      The allegations in Paragraphs 214 through 284 of the AMCC are directed to another defendant and require no response from Baxter.  To the extent that the allegations in Paragraphs 214 through 284 of the AMCC are deemed to include allegations against Baxter, they are denied.

285.   Baxter denies, and otherwise respectfully refers the Court to Appendix A of the AMCC.

286.   Baxter admits that it has produced documents and/or provided information to the government agencies identified in Paragraph 286 of the AMCC.

287.   Baxter denies the allegations in Paragraph 287, Baxter denies any characterization or inference resulting from the Plaintiffs' citation to the documents referenced therein, Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements, or conclusions of the documents referenced therein, and otherwise respectfully refers the Court to those documents for a complete and accurate statement of their contents.

288.   Baxter denies the allegations in Paragraph 288, Baxter denies any characterization or inference resulting from the Plaintiffs' citations to the documents referenced therein, Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements, or conclusions of the documents referenced therein, and

DSMDB.2085522.1

otherwise respectfully refers the Court to those documents for a complete and accurate statement of their contents.

289.    Baxter denies the allegations in Paragraph 289, Baxter denies any characterization or inference resulting from the Plaintiffs' citation to the September 7, 1995 memorandum referenced therein.  Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements, or conclusions of the September 7, 1995 memorandum referenced therein, and otherwise respectfully refers the Court to the September 7, 1995 memorandum referenced therein, for a complete and accurate statement of its contents.

290.    Baxter denies the allegations in Paragraph 290, Baxter denies any characterization or inference resulting from the Plaintiffs' citation to the June 11, 1996 document referenced therein, Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements, or conclusions of the document referenced therein, and otherwise respectfully refers the Court to that document for a complete and accurate statement of its contents.

291.    Baxter denies the allegations in Paragraph 291, Baxter denies that Plaintiffs can impute to Baxter "continued" misconduct in 1992 based on a document dated June 11, 1996, Baxter denies any characterization or inference resulting from the Plaintiffs' citation to the January 6, 1992 memorandum referenced therein, Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements, or

16

conclusions of the January 6, 1992 document referenced therein, and otherwise respectfully refers the Court to that document for a complete and accurate statement of its contents.

292.   Baxter denies the allegations in Paragraph 292, Baxter denies any characterization or inference resulting from the Plaintiffs' citation to unidentified documents referenced therein, Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements, or conclusions of the unidentified documents referenced therein, and otherwise respectfully refers the Court to those unidentified documents for a complete and accurate statement of their contents.

293.   Baxter denies the allegations in Paragraph 293, Baxter denies that the chart referenced therein is a document created or produced by Baxter, Baxter denies that Baxter has produced a document showing any internal calculations of an alleged "Difference" or "Percentage Spread," Baxter denies any characterization or inference resulting from the Plaintiffs' citation to the DHHS Report referenced therein, Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements, or conclusions of the DHHS Report referenced therein, and otherwise respectfully refers the Court to that document for a complete and accurate statement of its contents.

294.   Baxter denies the allegations in Paragraph 294, Baxter denies any characterization or inference resulting from the Plaintiffs' citation to the 1996 memo referenced therein, Baxter denies that Plaintiffs have accurately characterized the

DSMDB.2085522.1

findings, opinions, statements, or conclusions of the 1996 memo referenced therein, and otherwise respectfully refers the Court to that document for a complete and accurate statement of its contents.

295.    Baxter denies the allegations in Paragraph 295, Baxter denies any characterization or inference resulting from the Plaintiffs' citation to the September 24, 1996 customer announcement referenced therein, Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements, or conclusions of the September 24, 1996 customer announcement referenced therein, and otherwise respectfully refers the Court to that document for a complete and accurate statement of its contents.

296.    Baxter denies the allegations in Paragraph 296, Baxter denies that the Table 1 referenced therein is a document created or produced by Baxter, Baxter denies that Baxter has produced a document showing any internal calculations of an alleged "Difference" or "% Spread," Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements, or conclusions of the price lists referenced therein, except to admit that Baxter produced a document entitled "Intravenous and Irrigation Solution Products" that shows the AWP and acquisition price for certain of Baxter's drugs, Baxter denies any characterization or inference resulting from the Plaintiffs' citation to the price lists referenced therein, and otherwise respectfully refers the Court to the price lists for a complete and accurate statement of their contents.

DSMDB.2085522.1

297.    Baxter denies the allegations in Paragraph 297, Baxter denies that the Table 2 referenced therein is a document created or produced by Baxter, Baxter denies that Baxter has produced a document showing any internal calculations of an alleged "Difference" or "% Spread," Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements, or conclusions of the price lists referenced therein, except to admit that Baxter produced a document entitled "IV Nutrition Products" that shows the AWP and acquisition price for certain of Baxter's drugs, Baxter denies any characterization or inference resulting from the Plaintiffs' citation to the price lists referenced therein, and otherwise respectfully refers the Court to the price lists for a complete and accurate statement of their contents.

13.[sic]        Baxter denies the first and last sentences in Paragraph 13 [sic], Baxter denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13[sic], Baxter denies any characterization or inference resulting from the Plaintiffs' citation to the September 28, 2002 letter referenced therein, Baxter denies that Plaintiffs have accurately characterized the findings, opinions, statements, or conclusions of the September 28, 2002 letter referenced therein, and otherwise respectfully refers the Court to that letter for a complete and accurate statement of its contents.

298.    Baxter denies the allegations in Paragraph 298.

299-501.        The allegations in Paragraphs 299 through 501 of the AMCC are directed to another defendant and require no response from Baxter.  To the extent that the allegations in Paragraphs 299 through 501 of the AMCC are deemed to include allegations against Baxter, they are denied.

## VII. CLASS ACTION ALLEGATIONS FOR THE AWP PAYOR SCHEME

502-508.        Baxter admits that Plaintiffs purport to bring this action as alleged in Paragraphs 502-508 of the AMCC, but Baxter denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Baxter denies that Plaintiffs or any putative class members have suffered damages as alleged in Paragraph 508 of the AMCC.  Baxter further denies the remaining allegations in Paragraphs 502-508 of the AMCC.

509-512.        The allegations in Paragraphs 509 through 512 of the AMCC state legal conclusions to which no answer is required.  Baxter denies, however, that Plaintiffs have pled a proper class or named proper class representatives.  Baxter further denies that Plaintiffs or any putative class members have suffered damages or injuries or will suffer damages or injuries as alleged in Paragraph 512 of the AMCC.  Baxter denies the remaining allegations in Paragraphs 509 through 512 of the AMCC.

## COUNT I

513-541.      The Court dismissed Count I in its Order dated February 24, 2004.

Accordingly, Baxter does not respond to Paragraphs 513 through 541 of the AMCC.  To

the extent a response is required, Baxter denies all allegations in Count I of the AMCC.

## COUNT II

542.    Baxter realleges and incorporates by reference its responses to Paragraphs

1 through 541 of the AMCC.

543.    Baxter admits that Plaintiffs purport to bring this action and to seek relief

under Count II of the AMCC as alleged in Paragraph 543, but Baxter denies that

Plaintiffs are entitled to maintain this action as alleged or to any relief against Baxter

under Count II.  Baxter further denies the remaining allegations in Paragraph 543 of the

AMCC.

544.    The allegations in Paragraph 544 of the AMCC state a legal conclusion to

which no response is required.  Baxter denies, however, that Plaintiffs have pled a

proper class.

545.    To the extent the allegations in Paragraph 545 of the AMCC and subparts

state legal conclusions, no response is required.  Baxter is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in

Paragraph 545 and subparts and, therefore, denies those allegations.

546-550.      To the extent the allegations in Paragraphs 546 through 550 of the AMCC state legal conclusions, no response is required. Also, to the extent the allegations in Paragraphs 546 through 550 of the AMCC refer to the knowledge, conduct, or actions of persons or entities other than Baxter, Baxter is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Baxter further denies that Plaintiffs have accurately characterized any alleged "industry report" finding, opinion, statement, or conclusion. Baxter further denies the remaining allegations in Paragraphs 546 through 550.

551-574.      To the extent the allegations in Paragraphs 551 through 574 of the AMCC state legal conclusions, no response is required. Also, to the extent the allegations in Paragraphs 551 through 574 of the AMCC refer to the knowledge, conduct, or actions of persons or entities other than Baxter, Baxter is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Baxter further denies that Plaintiffs have plead a proper class or named proper class representatives. Baxter denies the remaining allegations in Paragraphs 551 through 574 of the AMCC.

## COUNT III

575.      Baxter realleges and incorporates by reference its responses to Paragraphs 1 through 574 of the AMCC. Baxter admits that Plaintiffs purport to bring this action as alleged in Paragraph 575 of the AMCC, but Baxter denies that Plaintiffs are entitled to

22

maintain this action in the manner alleged or to any relief against Baxter in Count III. Baxter further denies that Plaintiffs have plead a proper class or named proper class representatives.  Baxter further denies the remaining allegations in Paragraph 575 of the AMCC.

576.   The allegations in Paragraph 576 of the AMCC state legal conclusions to which no responses are required.  To the extent a response is required, Baxter denies that Plaintiffs have standing to bring this action, and denies that an actual case and controversy exists.  Baxter further denies the allegations in Paragraph 576 of the AMCC.

577-578.   Answering the first sentence of Paragraph 577 of the AMCC, Baxter refers to and incorporates its response to Paragraph 576 of the AMCC.  Baxter further denies that Plaintiffs have plead a proper class or named proper class representatives. Baxter denies the remaining allegations in Paragraphs 577 through 578 of the AMCC.

## COUNT IV

579.   Baxter realleges and incorporates by reference its responses to Paragraphs 1 through 578 of the AMCC.

580.   Baxter admits that Plaintiffs purport to bring this action and to seek relief under Count IV of the AMCC as alleged in Paragraph 580, but Baxter denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Baxter under Count IV.  Baxter further denies the remaining allegations in Paragraph 580 of the AMCC.

581.    To the extent the allegations in Paragraph 581 and subparts state legal conclusions, no response is required.  Moreover, to the extent that the allegations in Paragraph 581 of the AMCC are directed to another defendant, they require no response from Baxter.  Baxter admits that its principal place of business is located in Illinois.  Baxter further admits that certain states have enacted consumer protection laws, but Baxter denies that it has violated such laws or that Plaintiffs or any putative class members are entitled to relief under such laws.  Baxter further denies the remaining allegations in Paragraph 581 of the AMCC.

582-586.    To the extent allegations in Paragraphs 582 through 586 state legal conclusions, no response is required.  Also, to the extent the allegations in Paragraphs 582 through 586 of the AMCC refer to the knowledge, conduct, or actions of persons or entities other than Baxter, Baxter is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Baxter further denies that Plaintiffs have plead a proper class or named proper class representatives.  Baxter denies the remaining allegations in Paragraphs 582 through 586 of the AMCC and their subparts.

## COUNT V

587.    Baxter realleges and incorporates by reference its responses to Paragraphs 1 through 586 of the AMCC.  Baxter admits that Plaintiffs purport to bring this action as

24

alleged in Paragraph 587 of the AMCC in the event the Court does not apply the laws asserted as applicable in Count IV.

588.    Baxter admits that the Plaintiffs purport to bring this action as alleged in Paragraph 588 of the AMCC, but Baxter denies that Plaintiffs are entitled to maintain this action in the manner alleged or to any relief against Baxter in Count V. Baxter further denies that Plaintiffs have plead a proper class or named proper class representatives. Baxter denies the remaining allegations in Paragraph 588 of the AMCC.

589.    Baxter admits that Plaintiffs propose the identified individuals as class representatives, but to the extent that the allegations in Paragraph 589 of the AMCC are directed to Track 1 defendants, they require no response from Baxter. Moreover, Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 589 of the AMCC and, therefore, denies those allegations. Baxter further denies that Plaintiffs have plead a proper class or named proper class representatives. Baxter denies the remaining allegations in Paragraph 589 of the AMCC.

590.    Baxter admits that Plaintiffs propose the identified individuals as class representatives, but Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 590 of the AMCC and, therefore, denies those allegations. Baxter further denies that Plaintiffs have plead a proper class

25

or named proper class representatives.  Baxter denies the remaining allegations in Paragraph 590 of the AMCC.

591.    Baxter admits that Plaintiffs seek class certification for these claims, but Baxter denies that Plaintiffs are entitled to maintain this action in the manner alleged or to any relief against Baxter in Count V.

592-593.        To the extent that Paragraphs 592 though 593 of the AMCC and subparts state legal conclusions, no response is required.  Also, to the extent the allegations in Paragraphs 592 through 593 of the AMCC refer to the knowledge, conduct, or actions of persons or entities other than Baxter, Baxter is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Baxter further denies the remaining allegations in Paragraphs  592 through 593 of the AMCC and their subparts.

594.    To the extent that the allegations relate to the notice provided to entities other than Baxter, Baxter is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 594 and, therefore, denies those allegations.  Baxter denies the remaining allegations in Paragraph 594 of the AMCC.

595.    Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 595 and, therefore, denies those allegations.

26

## COUNT VI

596.    Baxter realleges and incorporates by reference its responses to Paragraphs 1 through 595 of the AMCC.  Baxter admits that Plaintiffs purport to bring this action as alleged in Paragraph 596 of the AMCC in the event the Court does not apply the laws asserted as applicable in Count IV.

597-598.    Baxter admits that Plaintiffs propose the identified individuals as class representatives, but to the extent that the allegations in Paragraph 589 of the AMCC are directed to Track 1 defendants, they require no response from Baxter.  Baxter admits that the Plaintiffs purport to bring this action as alleged in Paragraphs 597 through 598 of the AMCC, but Baxter denies that Plaintiffs are entitled to maintain this action in the manner alleged or to any relief against Baxter in Count V.  Baxter further denies that Plaintiffs have plead a proper class or named proper class representatives. Baxter denies the remaining allegations in Paragraphs 597 through 598 of the AMCC.

599.    Baxter admits that Plaintiffs seek class certification for this claim, but Baxter denies that Plaintiffs are entitled to maintain this action in the manner alleged or to any relief against Baxter in Count VI.

600-601.    To the extent that Paragraphs 600 though 601 of the AMCC and subparts state legal conclusions, no response is required.  Also, to the extent the allegations in Paragraphs 600 through 601 of the AMCC refer to the knowledge, conduct, or actions of persons or entities other than Baxter, Baxter is without knowledge

27

or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations. Baxter further denies the remaining allegations in Paragraphs 600 through 601 of the AMCC and their subparts.

602.    To the extent that the allegations relate to the notice provided to entities other than Baxter, Baxter is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 602 and, therefore, denies those allegations. Baxter denies the remaining allegations in Paragraph 602 of the AMCC.

603.    Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 603 and, therefore, denies those allegations.

## COUNT VII

604.    Baxter realleges and incorporates by reference its responses to Paragraphs 1 through 603 of the AMCC. Baxter admits that Plaintiffs purport to bring this action as alleged in Paragraph 604 of the AMCC in the event the Court does not apply the laws asserted as applicable in Count IV.

605.    Baxter admits that Plaintiffs seek class certification for this claim, but Baxter denies that Plaintiffs are entitled to maintain this action in the manner alleged or to any relief against Baxter in Count VII.

606.    Baxter admits that Plaintiffs propose the identified individuals as class representatives in this paragraph, but to the extent that the allegations in Paragraph 589 of the AMCC are directed to Track 1 defendants, they require no response from Baxter.

DSMDB.2085522.1

Moreover, Baxter is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 606 of the AMCC and, therefore, denies those

allegations. Baxter further denies that Plaintiffs have plead a proper class or named

proper class representatives. Baxter denies the remaining allegations in Paragraph 606

of the AMCC.

607-608. Baxter denies that Plaintiffs have plead a proper class or named

proper class representatives. Baxter denies the remaining allegations in Paragraphs 607

through 608 of the AMCC.

609. Baxter denies this allegation insofar as it is inconsistent with this Court's

rulings.

610. Baxter denies that Plaintiffs have plead a proper class or named proper

class representatives. Baxter denies the remaining allegations in Paragraph 610 of the

AMCC.

611-613. To the extent that Paragraphs 611 though 613 of the AMCC and

subparts state legal conclusions, no response is required. Also, to the extent the

allegations in Paragraphs 611 through 613 of the AMCC refer to the knowledge,

conduct, or actions of persons or entities other than Baxter, Baxter is without knowledge

or information sufficient to form a belief as to the truth of those allegations and,

therefore, denies those allegations. Baxter further denies the remaining allegations in

Paragraphs 611 through 613 of the AMCC and their subparts.

29

## COUNT IX

614.    Baxter realleges and incorporates by reference its responses to Paragraphs 1 through 613 of the AMCC.

615.    Baxter admits that Plaintiff CMHV purports to bring this action as alleged in Paragraph 615 of the AMCC, but Baxter denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  Baxter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 615 of the AMCC and, therefore, denies those allegations.

616-619.    To the extent the allegations in Paragraphs 616 through 619 of the AMCC and subparts state legal conclusions, no response is required.  Also, to the extent the allegations in Paragraphs 616 through 619 of the AMCC refer to the knowledge, conduct, or actions of persons or entities other than Baxter, Baxter is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Baxter denies the remaining allegations in Paragraphs 616 through 619 of the AMCC and their subparts.

620-621.    The allegations in Paragraphs 620 through 621 of the AMCC state legal conclusions to which no response is required.  To the extent a response is deemed required, Baxter denies the allegations in Paragraphs 620 through 621 of the AMCC.

DSMDB.2085522.1

**UNNUMBERED "WHEREFORE" PARAGRAPH AND REQUEST FOR JURY TRIAL**

Baxter denies Plaintiffs are entitled to a judgment or any other relief requested in their Prayer for Relief and "WHEREFORE" paragraph following Paragraph 621 of the AMCC.

Listed below, Baxter has provided a list of defenses without assuming any burden of proof:

### First Defense

Plaintiffs and the putative class fail to state a claim against Baxter upon which relief may be granted.

### Second Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Third Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the filed rate doctrine.

### Fourth Defense

Plaintiffs and the putative class have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Baxter as alleged in the AMCC.

DSMDB.2085522.1

**Fifth Defense**

To the extent Plaintiffs and/or any member of the putative class obtain recovery in any other case predicated on the same factual allegations, that Plaintiff or purported class member is barred from seeking recovery against Baxter based on the AMCC pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

**Sixth Defense**

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitutions of the various States whose laws are or become relevant in the course of this multidistrict litigation.

**Seventh Defense**

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Baxter in judicial, legislative or administrative proceedings of any kind or at any level of government.

**Eighth Defense**

Plaintiffs' and the putative class' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

DSMDB.2085522.1

### Ninth Defense

Any and all actions taken by Baxter with respect to any of the matters alleged in the AMCC were taken in good faith and in accordance with established industry practice.

### Tenth Defense

Plaintiffs' and the putative class' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Eleventh Defense

Plaintiffs' and the putative class' claims are preempted by the dormant Commerce Clause of the United States Constitution.

### Twelfth Defense

Plaintiffs' and the putative class' claims against Baxter are barred because Baxter has complied with all applicable regulations of the federal and state governments.

### Thirteenth Defense

Plaintiffs' and the putative class' claims against Baxter are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

DSMDB.2085522.1

### Fourteenth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because they violate Baxter's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, and the analogous provisions of the constitutions of the States whose laws are or become relevant during the course of this multidistrict litigation, insofar as Plaintiffs and the putative class members seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Fifteenth Defense

Baxter's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

### Sixteenth Defense

Plaintiffs and the putative class fail to state with particularity facts to support the fraud allegations, and fail to plead with particularity the fraudulent concealment and multi-source medicine allegations against Baxter contained in the AMCC.

### Seventeenth Defense

Plaintiffs and the putative class fail to allege with particularity their civil conspiracy claims against Baxter as required by Fed. R. Civ. P. 9(b).

### Eighteenth Defense

Plaintiffs' and the putative class' claims against Baxter are barred, in whole or in part, because Baxter did not make any false statements to Plaintiffs or to any members

of the putative class members.  As to any statement asserted against Baxter that

Plaintiffs and the putative class allege to be false or misleading, Baxter had no

reasonable grounds to believe, and did not believe at the time such a statement was

made, that the statement was false or misleading.

### Nineteenth Defense

Plaintiffs' and the putative class' claims against Baxter are barred because Baxter

did not directly or indirectly conspire with any other entity or engage in any other

conduct in violation of state or federal law.

### Twentieth Defense

Plaintiffs' and the putative class' RICO claims against Baxter are barred, in whole

or in part, due to Plaintiffs' failure to properly allege a RICO enterprise as required by

18 U.S.C. § 1962(c).

### Twenty-First Defense

Plaintiffs' and the putative class' RICO claims against Baxter are barred, in whole

or in part, due to their failure to plead facts showing that Baxter and the PBMs are

ongoing organizations whose members function as continuing unit and share common

purposes as required by *United States v. Turkette*, 452 U.S. 576, 583 (1981).

**Twenty-Second Defense**

Plaintiffs' and the putative class' RICO claims against Baxter are barred, in whole or in part, due to their failure to allege that Baxter conducted the affairs of the alleged enterprises as required by 18 U.S.C. § 1962(c).

**Twenty-Third Defense**

Plaintiffs and the putative class lack standing to bring their RICO claims against Baxter because they cannot show Baxter directly caused their alleged injuries as required by 18 U.S.C. § 1964(c); *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 265-66, 268 (1992); *Platten v. HG Berm. Exempted Ltd.*, 437 F.3d 118, 132 (1st Cir. 2006); and *George Lussier Enters. v. Subaru of New Eng., Inc.*, 393 F.3d 36, 51 (1st Cir. 2004) .

**Twenty-Fourth Defense**

Plaintiffs' and the putative class' civil conspiracy claims against Baxter are barred, in whole or in part, by their failure to allege a concerted action as required by *Aetna Cas. Sur. Co. v. P&B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994) and *Grant v. John Hancock Mut. Life Ins. Co.*, 183 F. Supp. 2d 344, 359 (D. Mass. 2002), and/or by their failure to allege a coercive conspiracy as required by *Fleming v. Dance*, 22 N.E.2d 609, 611 (Mass. 1939).

36

### Twenty-Fifth Defense

Plaintiffs' and the putative class' civil conspiracy claims against Baxter are barred, in whole or in part, because they are duplicative and improper under Massachusetts law. *See Grant*, 183 F. Supp. 2d at 364.

### Twenty-Sixth Defense

Baxter denies that Plaintiffs and the putative class have valid consumer protection claims against Baxter under any of the State consumer protection laws alleged in this Complaint or any other State whose law is or becomes relevant in the course of this multidistrict litigation. However, if such claims are found to exist, Baxter pleads all available defenses under the Acts.

### Twenty-Seventh Defense

Any allegedly fraudulent statements or conduct of Baxter did not directly or proximately cause the alleged injuries of Plaintiffs and/or any members of the putative class as required under state consumer protection laws, including without limitation any of the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation.

### Twenty-Eighth Defense

Baxter' conduct was not "knowing," "deceptive," "misleading," "unlawful," a "misrepresentation" or "illegal" as required under certain state consumer protection

DSMDB.2085522.1

laws, including without limitation t any of the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation.

### Twenty-Ninth Defense

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against Baxter, they are not entitled to such relief because they have an adequate remedy at law.

### Thirtieth Defense

Plaintiffs and the putative class lack standing to bring their asserted consumer protection claims against Baxter under certain state consumer protection laws, including without limitation any of the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation.

### Thirty-First Defense

Plaintiffs and the putative class did not rely on the allegedly fraudulent statements or conduct of Baxter as required under certain state consumer protection laws, including without limitation any of the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation.

38

**Thirty-Second Defense**

Any allegedly fraudulent statement or conduct of Baxter was not consumer-oriented as required under certain consumer protection law, including without limitation any of the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation.

**Thirty-Third Defense**

To the extent the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation do not recognize a private right of action, Plaintiffs are not entitled to relief under the applicable statutes.

**Thirty-Fourth Defense**

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation bar class actions, Plaintiffs are not entitled to relief under the applicable statutes.

**Thirty-Fifth Defense**

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this

DSMDB.2085522.1

multidistrict litigation limit claims to those brought by "consumers," Plaintiffs are not entitled to relief under the applicable statutes.

### Thirty-Sixth Defense

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation require Plaintiffs to send a written demand for relief to Defendants prior to filing a Complaint, Plaintiffs have failed to do so and are not entitled to relief under the applicable statutes.

### Thirty-Seventh Defense

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation require Plaintiffs to attempt Alternative Dispute Resolution prior to filing a Complaint, Plaintiffs have failed to do so and are not entitled to relief under the applicable statutes.

### Thirty-Eighth Defense

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation require Plaintiffs provide notice of the practice at issue to the relevant State Attorney General, Plaintiffs have failed to do so and are not entitled to relief under the applicable statutes.

DSMDB.2085522.1

### Thirty-Ninth Defense

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation limit Plaintiffs' available remedies, Plaintiffs are not entitled to their requested relief under the applicable statutes.

### Fortieth Defense

Plaintiffs' and the putative class' claims against Baxter for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Forty-First Defense

Plaintiffs' and the putative class' claims for injunctive relief against Baxter are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Forty-Second Defense

This action cannot be maintained as a class action because (1) the certification and maintenance of this action as a class would violate the separation of powers provisions of the United States Constitution and would be an unconstitutional usurpation of authority reserved to the legislative branch; (2) the claims of Plaintiffs and the putative class cannot be properly joined with one another because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences; (3) the named Plaintiffs and the putative class cannot satisfy the procedural requirements of Fed. R. Civ. P. 23; (4) the questions of fact at issue are not common to the alleged class,

41

but rather, are highly specific and will vary dramatically from person to person and entity to entity; and/or (5) class certification would violate Baxter' rights provided by the Fifth, Seventh and Fourteenth Amendments to the United States Constitution as well as by the Constitutions of any State whose consumer protection laws are specified in this Complaint and any other States whose laws are or become relevant in the course of this multidistrict litigation, including but not limited to Baxter' right to procedural and substantive safeguards, which include traditional defenses to liability.

### Forty-Third Defense

Plaintiffs' and the putative class' claims against Baxter under the various state consumer protection and consumer fraud statutes are barred in whole or in part to the extent those statutes (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly interstate in nature.

### Forty-Fourth Defense

Plaintiffs' and the putative class' claims against Baxter under the various state unfair trade, unfair competition, consumer protection and consumer fraud statutes are barred to the extent (1) those claims represent an impermissible circumvention of the states' antitrust statutes; and (2) those statutes apply only to deceptive or misleading conduct and/or govern only consumer transactions.

42

### Forty-Fifth Defense

Third party payor Plaintiffs' and third party payor putative class members' claims against Baxter are barred, in whole or part, with respect to any alleged overcharge or supracompetitive price on the ground that third party payors passed on any effect of the alleged supracompetitive prices to their customers or employees in the form of higher premiums, co-pays or other charges.

### Forty-Sixth Defense

Plaintiffs' and the putative class' claims against Baxter are barred, in whole or in part, with respect to any alleged overcharge or supracompetitive price because such supracompetitive price, if any, was absorbed, in whole or part, by a person and/or entity which purchased the medicine directly, and/or by an intermediate indirect purchaser, and was not passed through to the Plaintiffs and putative class members.

### Forty-Seventh Defense

Plaintiffs' and the putative class' claims against Baxter are barred, in whole or in part, due to their failure to join indispensable parties.

### Forty-Eighth Defense

Plaintiffs' and the putative class' claims against Baxter are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the AMCC.

DSMDB.2085522.1

### Forty-Ninth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because any injuries sustained by Plaintiffs or the putative class were the result of intervening or superseding conduct of third parties.

### Fiftieth Defense

Plaintiffs' and the putative class' claims against Baxter for damages are barred, in whole or in part, (1) because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Baxter; (2) because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the AMCC; (3) by the doctrine of consent and/or ratification to the extent that Plaintiffs and/or putative class members have received and paid for medicines manufactured, marketed and sold by Baxter after the filing of Plaintiffs' original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

### Fifty-First Defense

Baxter is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs and/or the putative class, with respect to the same alleged injuries.

DSMDB.2085522.1

**Fifty-Second Defense**

Any damages recovered by the Plaintiffs and the putative class from Baxter must be limited by the applicable statutory ceilings on recoverable damages.

**Fifty-Third Defense**

Plaintiffs and the putative class fail to allege facts or a cause of action against Baxter sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

**Fifty-Fourth Defense**

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against Baxter: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the AMCC are legally insufficient to support a claim for punitive damages against Baxter; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Baxter prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Baxter' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitutions and the constitutions of any applicable states' laws; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Baxter' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the

DSMDB.2085522.1

constitutions, common law and applicable states' laws; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, of subsequent judgments against Baxter for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Baxter' medicines would constitute impermissible multiple punishments for the same wrong, in violation of Baxter' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law and statutory law of any applicable states' laws; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Baxter' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' law; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Baxter the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Baxter' rights guaranteed by the Fourth,

46

Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the

United States Constitution and would be improper under the constitutions, common

law and public policies of any applicable states' laws.

### Fifty-Fifth Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class'

claim for punitive damages against Baxter cannot be sustained because an award of

punitive damages by a jury that: (1) is not provided constitutionally adequate

standards of sufficient clarity for determining the appropriate imposition of, and the

appropriate size of, a punitive damages award, (2) is not adequately instructed on the

limits of punitive damages imposed by the applicable principles of deterrence and

punishment, (3) is not expressly prohibited from awarding punitive damages, or

determining the amount of an award of punitive damages, in whole or in part on the

basis of invidiously discriminatory characteristics, including without limitation the

residence, wealth, and corporate status of Baxter, (4) is permitted to award punitive

damages under a standard for determining liability for punitive damages that is vague

and arbitrary and does not define with sufficient clarity the conduct or mental state that

makes punitive damages permissible, (5) is not properly instructed regarding Plaintiff's

and the putative class' burden of proof with respect to each and every element of a

claim for punitive damages, or (6) is not subject to trial court and appellate judicial

review for reasonableness and furtherance of legitimate purposes on the basis of

DSMDB.2085522.1

constitutionally adequate and objective standards, would violate Baxter' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law and public policies of any applicable states' laws.

### Fifty-Sixth Defense

To the extent punitive damages are sought, Plaintiff's and the putative class' claim for punitive damages against Baxter cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate Baxter' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Baxter' right not to be subjected to an excessive award; and (3) be improper under the constitutions, common law and public policies of any applicable states' laws.

### Fifty-Seventh Defense

Baxter adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

### Fifty-Eighth Defense

Baxter hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to

assert such defense.  Baxter also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state other than any State whose consumer protection laws are specified in this Complaint and/or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

WHEREFORE, Baxter prays that this Court:

1.      Dismiss the Fourth Amended Master Consolidated Class Action Complaint with prejudice and enter judgment in favor of Baxter and against Plaintiffs;

2.      Award Baxter its costs and expenses; and

3.      Grant such other and further relief for Baxter as this Court deems just and proper.

DSMDB.2085522.1

Dated:  May 15, 2006

Respectfully Submitted,

_____/s/ Merle DeLancey_____
Merle M. DeLancey, Jr.
J. Andrew Jackson
DICKSTEIN SHAPIRO MORIN &
OSHINSKY LLP
2101 L St. NW
Washington, DC 20037
Telephone:  (202) 785-9700
Facsimile:  (202) 887-0689
Counsel for Defendant
BAXTER HEALTHCARE
CORPORATION

_____/s/ Peter E. Gelhaar_____
Peter E. Gelhaar (BBO #188310)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street
33rd Floor
Boston, MA  02108
Telephone:  (617) 720-2880
Facsimile:  (617) 720-3554
Counsel for Defendant
BAXTER HEALTHCARE CORPORATION

50

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2006, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to Lexis File and Serve for posting and notification.

Eden M. Heard
Attorney for Defendant Baxter Healthcare Corporation

DSMDB.2085522.1