## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | |

## BAYER CORPORATION'S ANSWER TO PLAINTIFFS' FOURTH AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT

Defendant Bayer Corporation ("Bayer"), for its Answer to Plaintiffs' Fourth Amended Master Consolidated Class Action Complaint (the "FAMCC"), states:

### Preliminary Statement

The FAMCC improperly and repetitively refers to Bayer and certain other defendants and third parties on a collective basis, failing to plead with the requisite particularity allegations against Bayer. Intentionally ambiguous pleading is improper and insufficient to apprise Bayer in any meaningful sense of the allegations asserted against it. Bayer has nevertheless attempted to respond to Plaintiffs' allegations to the extent possible under the circumstances. To the extent allegations refer to the knowledge, conduct, or actions of other defendants or entities, Bayer is generally without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, Bayer denies those allegations. Bayer states that it is answering Plaintiffs' allegations on behalf of itself only, even when Plaintiffs' allegations refer to alleged conduct by Bayer and other persons or entities.

The FAMCC improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully.  Many of the allegations of the FAMCC are vague or conclusory.  The FAMCC also includes terms which are undefined and which are susceptible of different meanings.

The FAMCC also contains purported quotations from a number of sources, many of which are unidentified.  If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine, or the joint-defense privilege, Bayer reserves the right to assert such privileges, hereby moves to strike such references, and demands return of any such documents that Plaintiffs may have in their possession, custody, or control. In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Bayer denies each and every allegation contained in the FAMCC, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculations which are contained in any averment or in the FAMCC as a whole.  Moreover, Bayer specifically denies any allegations contained in headings, footnotes, the Table of Contents, or unnumbered paragraphs in the FAMCC.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

# I.     INTRODUCTION

1.   Bayer admits that Plaintiffs seek to bring this action as alleged but denies that Plaintiffs are entitled to maintain it.

2.   Bayer denies the allegations.

3.   Bayer admits that at times relevant to this litigation it or its subsidiaries manufactured certain medicines that are covered under Medicare Part B and that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP.  Bayer admits that at times relevant to this litigation it or its subsidiaries reported certain pricing information for medicines to independently produced pricing publications.  Bayer denies the remaining allegations that pertain to it.

4.   Bayer admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP, and further admits that Medicare Part B medicines are generally, but not always, administered in a healthcare provider's office.  Bayer denies the remaining allegations.

5.   Bayer denies the allegations.

6.   Bayer admits that Plaintiffs purport to bring this action as alleged but denies the remaining allegations.

7.   Bayer denies the allegations.

8.   Bayer admits that Plaintiffs have filed attachments to the FAMCC.  To the extent the allegations of Paragraph 8 are deemed to include allegations against Bayer, they are denied.

# II.     JURISDICTION AND VENUE

9.   To the extent the allegations state legal conclusions, no answer is required.  Bayer denies the remaining allegations.

10.  To the extent the allegations state legal conclusions, no answer is required.  Bayer denies the remaining allegations.

11.  To the extent the allegations state legal conclusions, no answer is required.  Bayer denies the remaining allegations.

12.  To the extent the allegations state legal conclusions, no answer is required.  Bayer denies the remaining allegations.

### III.    PARTIES

**A.    Plaintiffs**

13.     Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies those allegations.

**1.    Proposed Class 1 Representatives (Medicare Part B Beneficiaries)**

14-24.  Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 14 through 24, and therefore denies those allegations.

**2.    Proposed Class 2 Representatives (MediGap Payors)**

25-31.  Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 25 through 31, and therefore denies those allegations.

**3.    Proposed Class 3 Representatives (TPPs and Consumers for AWP-Based Charges on Physician Administered Drugs Outside of Medicare)**

32-62.  Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 32 through 62, and therefore denies those allegations.

**4.    Public Interest Group Plaintiffs**

63-67.  Bayer admits that Plaintiffs VPIRG, WCA, StateWide, CANY, and CCJ purport to bring this action as alleged in Paragraphs 63 through 67, but Bayer denies that these Plaintiffs have standing to bring the alleged action.  Bayer is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 63 through 67, and therefore denies those allegations.  To the extent that Plaintiffs are raising claims under the Clayton Act, those counts have been voluntarily dismissed and, therefore, do not require a response.

**B.      Defendants**

68.  Bayer denies the allegations.

69.  Bayer denies the allegations.

70-91.  The allegations in Paragraphs 70 through 91 are directed to other defendants and require no  response from Bayer.  To the extent the allegations are deemed to pertain to Bayer, they are denied.

92.   Bayer admits that it is an Indiana corporation with its principle place of business located at 100 Bayer Road, Crafton, Pennsylvania.  Bayer admits that it is a wholly owned United States subsidiary of a German corporation, Bayer AG.  Bayer admits that its pharmaceutical subsidiary is located at 400 Morgan Lane, West Haven, Connecticut.  Bayer denies the remaining allegations.

93.   Bayer admits that at times relevant to this litigation it was a highly diversified health care company whose business included the development, manufacture, marketing, sale, and/or distribution of healthcare products and services, including pharmaceuticals.  Bayer denies the remaining allegations.

94.    Bayer admits that at times relevant to this litigation it or its subsidiaries manufactured Kogenate®, Kogenate®FS, Koate-®DVI, and Gaminume®N, which are used to treat hemophilia and/or immune system deficiencies and which are covered by Medicare Part B. Bayer denies the remaining allegations.

95-144.  The allegations in Paragraphs 95 through 144 are directed to other defendants and require no response from Bayer.  To the extent the allegations are deemed to pertain to Bayer, they are denied.

## IV.   GENERAL ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

145.  Paragraph 145 simply characterizes the FAMCC, and accordingly no response is required.  To the extent a response is deemed required, Bayer denies the allegations.

146.  Upon information and belief, Bayer admits the allegations.

147-154.  Bayer admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP.  Bayer admits that independently produced pricing publications periodically report AWPs for prescription medicines sold in the United States.  Bayer states that the 1999 edition of the *Red Book* and the June 1996 Dow Jones News article cited in Paragraph 149 are the best evidence of their contents.  Bayer denies the remaining allegations in Paragraphs 147 through 154.

155-157.  Bayer admits the allegations in Paragraphs 155 through 157.

158.  The allegations state legal conclusions to which no answer is required.  Bayer admits that the reimbursement methodology for drugs covered by Medicare Part B is set forth at 42 C.F.R. § 405.517, which is the best evidence of its contents.  Bayer denies the remaining allegations.

159.  Bayer denies the allegations in the first sentence insofar as the source of the quoted material is unidentified.  Bayer denies the second sentence insofar as 42 C.F.R. § 405.517 contains no reference to a "ceiling" on reimbursement amounts.

160.  Bayer admits the allegations.

161.    Bayer admits that the Medicare Program has publicly announced that it would use the AWP published in independently produced pricing publications as the basis for reimbursement.  Bayer states that the Program Memo AB-99-63 cited in Paragraph 161 is the best evidence of its contents.

162.    Bayer states that the Program Memo AB-99-63 cited in Paragraph 162 is the best evidence of its contents.

163-164.        Bayer admits the allegations.

165.    Bayer admits that there are no government regulations describing how AWPs are calculated, nor any other statutory or regulatory definitions or descriptions of AWPs.  Bayer admits that at times relevant to this litigation it or its subsidiaries reported certain pricing information for medicines to independently produced pricing publications.  Bayer denies the remaining allegations.

166-167.        Bayer denies that Plaintiffs have accurately characterized any alleged OIG finding, opinion, statement or conclusion, or that such are applicable to Bayer.  Bayer states that the April 2003 OIG Guidance cited in Paragraphs 166 through 167 is the best evidence of its contents.

168.    Bayer admits that the DOJ and the OIG have previously investigated Bayer, among others, for practices relating to the calculation of AWP.  Bayer denies the remaining allegations.

169-170.        Bayer denies that Plaintiffs have accurately characterized the findings, opinions, statements or conclusions of Congressman Stark cited in Paragraphs 169 through 170, or that such are applicable to Bayer.  Bayer states that the September 28, 2000, letter from

Congressman Stark to the President of Pharmaceutical Research and Manufacturers of America is the best evidence of its contents.

171-172.    To the extent that the allegations refer to parties other than Bayer, Bayer is without knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies the allegations.   Bayer denies the allegations that pertain to it.

173.    To the extent that the allegations refer to parties other than Bayer, Bayer is without knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies the allegations.  Bayer admits that at times relevant to this litigation it or its subsidiaries have reported certain pricing information for medicines to independently produced pricing publications.  Bayer denies the remaining allegations that pertain to it.

174-197.    To the extent that the allegations in Paragraphs 174 through 197 refer to parties other than Bayer, Bayer is without knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies the allegations.  Bayer denies the allegations that pertain to it.

198.    Bayer admits that Plaintiffs purport to quote from an unidentified "industry consultant" as alleged but denies the remaining allegations.

199-204.    Bayer states that the *Red Book* and the unidentified DOJ report cited in Paragraph 200 and the pleadings cited in Paragraphs 202 through 203 and subparts are the best evidence of their contents.  Bayer denies the remaining allegations.

205.    Bayer states the 2003 CMS document cited in Paragraph 205 is the best evidence of its contents.  Bayer denies that Plaintiffs have accurately characterized any alleged CMS finding, opinion, statement, or conclusion.  Bayer admits that at times relevant to this litigation it or its subsidiaries sold medicines in a competitive market and, as such, took steps to keep

certain information relating to their medicines confidential. Bayer denies the remaining allegations.

206-209.    Bayer denies the allegations in Paragraphs 206 through 209.

210.    Bayer denies the allegations.

211-212.    The allegations state legal conclusions to which no response is required.

### V.          EXAMPLES OF SPECIFIC UNLAWFUL CONDUCT

213.    Bayer denies the allegations.

214-298.    The allegations in Paragraphs 214 through 298 are directed to other defendants and require no response from Bayer. To the extent that the allegations are deemed to pertain to Bayer, they are denied.

299.    Bayer admits that Plaintiffs purport to bring this action as alleged but denies that Plaintiffs are entitled to a judgment or any relief. Bayer denies the remaining allegations.

300.    Bayer admits that the governmental agencies listed in Paragraph 300 have conducted investigations concerning pricing in the pharmaceutical industry and that Bayer, among others, previously participated in such investigations. Bayer admits that it agreed to settle claims asserted by the United States government and 47 states. Bayer states that the January 23, 2001 DOJ press release cited in Paragraph 300 is the best evidence of its contents. Bayer denies the remaining allegations.

301.    Bayer states that the settlement of government claims and the corporate integrity agreement cited in Paragraph 301 are the best evidence of their contents. Bayer otherwise denies the allegations.

302.    Bayer admits that in April 2003, it agreed to pay the government $251.6 million but denies the remaining allegations.

303.   Bayer admits that it produced the document cited in Paragraph 303 (BAY005278), but states that the document is the best evidence of its contents and denies that the conclusions Plaintiffs draw from the document are accurate.  Bayer denies the remaining allegations.

304.   Bayer denies that it produced the document cited in Paragraph 304 (P007549) and states that the September 28, 2000 letter from Representative Stark to Alan F. Holmer, President of the Pharmaceutical Research and Manufacturers of America, is the best evidence of its contents.  Bayer denies that the conclusions drawn by Plaintiffs are accurate.  Bayer denies the remaining allegations.

305.   Bayer states that the September 25, 2000 letter from Tom Bliley to the Health Care Financing Administration cited in Paragraph 305 is the best evidence of its contents.

306-307.       Bayer denies that it produced the documents cited in Paragraphs 306 and 307 and states that the report published by the DHHS (AB-00-86 (P006299-006316)) cited in Paragraph 306 and the report published by the OIG (OEI-03-00-00310 (P006398-006424)) cited in Paragraph 307 are the best evidence of their contents.  Bayer denies that Plaintiffs have accurately characterized any alleged finding, opinion, statement, or conclusion contained in these documents.  Bayer denies the remaining allegations.

308.   Bayer admits that Kogenate® was among the medicines at issue in its 2001 settlement with the government, but states that the government settlement cited in Paragraph 308 is the best evidence of its content.  Bayer denies the remaining allegations.

309.   Bayer admits that at times relevant to this litigation it or its subsidiaries have sold medicines at prices lower than the published AWP for those medicines.  Bayer denies the remaining allegations.

310.     Bayer denies the allegations.

311.     Bayer denies that it produced the document cited in Paragraph 311 and states that the October 1, 1996 memorandum is the best evidence of its contents.  Bayer denies that Plaintiffs have accurately characterized any alleged document, finding, opinion, statement, or conclusion.

312-314.     Bayer denies the allegations in Paragraphs 312 through 314.

315-501.     The allegations in Paragraphs 315 through 501 are directed to other defendants and require no response from Bayer.  To the extent the allegations are deemed to pertain to Bayer, they are denied.

## VI.      DIRECT DAMAGE SUSTAINED BY PLAINTIFFS AND THE MEMBERS  OF THE AWP CLASS

502.     Bayer denies the allegations.

## VII.      CLASS ACTION ALLEGATIONS FOR THE AWP PAYOR SCHEME

503-508.     Bayer admits that Plaintiffs purport to bring this action as alleged in Paragraphs 503 through 508 but denies that Plaintiffs are entitled to maintain it.  Bayer denies that Plaintiffs or any putative class members have suffered damages.  Bayer further denies the remaining allegations in Paragraphs 503 through 508.

509-512.     The allegations in Paragraphs 509 through 512 state legal conclusions to which no answer is required.  Bayer denies, however, that Plaintiffs have pled a proper class, named proper class representatives, or suffered damages or injuries.

## COUNT I

513-541.     The Court dismissed Count I in its Order dated February 24, 2004. Accordingly, Bayer does not respond to Paragraphs 513 through 541 of the FAMCC.  To the extent a response is required, Bayer denies all allegations in Count I of the FAMCC.

## COUNT II

542.     Bayer realleges and incorporates by reference its responses to Paragraphs 1 through 541 of the FAMCC.

543.     Bayer admits that Plaintiffs purport to bring this action and to seek relief under Count II of the FAMCC as alleged in Paragraph 543, but denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Bayer under Count II.  Bayer further denies the remaining allegations in Paragraph 543 of the FAMCC.

544.     The allegations in Paragraph 544 of the FAMCC state a legal conclusion to which no response is required.  Bayer denies, however, that Plaintiffs have pled a proper class.

545.     To the extent the allegations in Paragraph 545 of the FAMCC and subparts state legal conclusions, no response is required.  Bayer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 545 and subparts and, therefore, denies those allegations.

546-550.     To the extent allegations in Paragraphs 546 through 550 of the FAMCC state legal conclusions, no response is required.  Also, to the extent the allegations in Paragraphs 546 through 550 of the FAMCC refer to the knowledge, conduct or actions of persons or entities other than Bayer, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Bayer further denies that Plaintiffs have accurately characterized any alleged "industry report"

finding, opinion, statement or conclusion.  Bayer further denies the remaining allegations in Paragraphs 546 through 550.

551-574.    To the extent allegations in Paragraphs 551 through 574 of the FAMCC state legal conclusions, no response is required.  Also, to the extent the allegations in Paragraphs 551 through 574 of the FAMCC refer to the knowledge, conduct or actions of persons or entities other than Bayer, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Bayer further denies that Plaintiffs have plead a proper class or named proper class representatives. Bayer denies the remaining allegations in Paragraphs 551 through 574 of the FAMCC.

## COUNT III

575.    Bayer realleges and incorporates by reference its responses to Paragraphs 1 through 574 of the FAMCC.  Bayer admits that Plaintiffs purport to bring this action as alleged in Paragraph 575 of the FAMCC, but Bayer denies that Plaintiffs are entitled to maintain this action in the manner alleged or to any relief against Bayer in Count III.  Bayer further denies that Plaintiffs have plead a proper class or named proper class representatives.  Bayer further denies the remaining allegations in Paragraph 575 of the FAMCC.

576.    The allegations in Paragraph 576 of the FAMCC state legal conclusions to which no response is required.  To the extent a response is required, Bayer denies that Plaintiffs have standing to bring this action, and denies that an actual case and controversy exists.  Bayer further denies the allegations in Paragraph 576 of the FAMCC.

577-578.    Answering the first sentence of Paragraph 577 of the FAMCC, Bayer refers to and incorporates its response to Paragraph 576 of the FAMCC.  Bayer further denies

that Plaintiffs have plead a proper class or named proper class representatives.  Bayer denies the remaining allegations in Paragraphs 577 through 578 of the FAMCC.

## COUNT IV

579.    Bayer realleges and incorporates by reference its responses to Paragraphs 1 through 578 of the FAMCC.

580.    Bayer admits that Plaintiffs purport to bring this action and to seek relief under Count IV of the FAMCC as alleged in Paragraph 580, but denies that Plaintiffs are entitled maintain this action as alleged or to any relief against Bayer under Count IV.  Bayer further denies the remaining allegations in Paragraph 580 of the FAMCC.

581.    To the extent the allegations in Paragraph 581 and subparts state legal conclusions, no response is required.  Moreover, to the extent that the allegations in Paragraph 581 of the FAMCC are directed to another defendant, they require no response from Bayer. Bayer admits that its principal place of business is located in Pennsylvania.  Bayer further admits that certain states have enacted consumer protection laws, but Bayer denies that it has violated such laws or that Plaintiffs or any putative class members are entitled to relief under such laws.  Bayer further denies the remaining allegations in Paragraph 581 of the FAMCC.

582-586.      To the extent allegations in Paragraphs 582 through 586 state legal conclusions, no response is required.  Also, to the extent the allegations in Paragraphs 582 through 586 of the FAMCC refer to the knowledge, conduct or actions of persons or entities other than Bayer, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Bayer further denies that Plaintiffs have plead a proper class or named proper class representatives.  Bayer denies the remaining allegations in Paragraphs 582 through 586 of the FAMCC and subparts.

## COUNT V

587.    Bayer realleges and incorporates by reference its responses to Paragraphs 1 through 586 of the FAMCC.  Bayer admits that Plaintiffs purport to bring this action as alleged in Paragraph 587 of the FAMCC in the event the Court does not apply the laws asserted as applicable in Count IV.

588.    Bayer admits that the Plaintiffs purport to bring this action as alleged in Paragraph 588 of the FAMCC, but Bayer denies that Plaintiffs are entitled to maintain this action in the manner alleged out to any relief against Bayer in Count V.  Bayer further denies that Plaintiffs have plead a proper class or named proper class representatives.  Bayer denies the remaining allegations in Paragraph 588 of the FAMCC.

589.    Bayer admits that Plaintiffs propose the identified individuals as class representatives, but to the extent that the allegations in Paragraph 589 of the FAMCC are directed to Track 1 defendants, they require no response from Bayer.  Moreover, Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 589 of the FAMCC and, therefore, denies those allegations.  Bayer further denies that Plaintiffs have plead a proper class or named proper class representatives.  Bayer denies the remaining allegations in Paragraph 589 of the FAMCC.

590.    Bayer admits that Plaintiffs propose the identified individuals as class representatives, but Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 590 of the FAMCC and, therefore, denies those allegations.  Bayer further denies that Plaintiffs have plead a proper class or named proper class representatives.  Bayer denies the remaining allegations in Paragraph 590 of the FAMCC.

591.    Bayer admits that Plaintiffs seek class certification for these claims, but Bayer denies that Plaintiffs are entitled to maintain this action in the manner alleged or to any relief against Bayer in Count V.

592-593.        The extent that Paragraphs 592 though 593 of the FAMCC and subparts state legal conclusions, no response is required.  Also, to the extent the allegations in Paragraphs 592 through 593 of the FAMCC refer to the knowledge, conduct or actions of persons or entities other than Bayer, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Bayer further denies the remaining allegations in Paragraphs 592 through 593 of the FAMCC and subsections.

594.    To the extent that the allegations relate to the notice provided to entities other than Bayer, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 594 and, therefore, denies those allegations.  Bayer denies the remaining allegations in Paragraph 594 of the FAMCC.

595.    Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 595, and therefore denies those allegations.

**COUNT VI**

596.    Bayer realleges and incorporates by reference its responses to Paragraphs 1 through 595 of the FAMCC.  Bayer admits that Plaintiffs purport to bring this action as alleged in Paragraph 596 of the FAMCC in the event the Court does not apply the laws asserted as applicable in Count IV.

597-598.        Bayer admits that Plaintiffs propose the identified individuals as class representatives, but to the extent that the allegations in Paragraph 598 of the FAMCC are

directed to Track 1 defendants, they require no response from Bayer.  Bayer admits that the Plaintiffs purport to bring this action as alleged in Paragraph 597 through 598 of the FAMCC, but Bayer denies that Plaintiffs are entitled to maintain this action in the manner alleged out to any relief against Bayer in Count V.  Bayer further denies that Plaintiffs have plead a proper class or named proper class representatives.  Bayer denies the remaining allegations in Paragraph 597 through 598 of the FAMCC.

599.    Bayer admits that Plaintiffs seek class certification for this claim, but denies that Plaintiffs are entitled to maintain this action in the manner alleged or to any relief against Bayer in Count VI.

600-601.    The extent that Paragraphs 600 though 601 of the FAMCC and subparts state legal conclusions, no response is required.  Also, to the extent the allegations in Paragraphs 600 through 601 of the FAMCC refer to the knowledge, conduct or actions of persons or entities other than Bayer, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Bayer further denies the remaining allegations in Paragraphs 600 through 601 of the FAMCC and subsections.

602.    To the extent that the allegations relate to the notice provided to entities other than Bayer, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 602 and, therefore, denies those allegations.  Bayer denies the remaining allegations in Paragraph 602 of the FAMCC.

603.    Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 603, and therefore denies those allegations.

**COUNT VII**

604.    Bayer realleges and incorporates by reference its responses to Paragraphs 1 through 603 of the FAMCC.  Bayer admits that Plaintiffs purport to bring this action as alleged in Paragraph 604 of the FAMCC in the event the Court does not apply the laws asserted as applicable in Count IV.

605.    Bayer admits that Plaintiffs seek class certification for this claim, but Bayer denies that Plaintiffs are entitled to maintain this action in the manner alleged or to any relief against Bayer in Count VII.

606.    Bayer admits that Plaintiffs propose the identified individuals as class representatives in this paragraph, but to the extent that the allegations in Paragraph 606 of the FAMCC are directed to Track 1 defendants, they require no response from Bayer.  Moreover, Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 606 of the FAMCC and, therefore, denies those allegations.  Bayer further denies that Plaintiffs have plead a proper class or named proper class representatives. Bayer denies the remaining allegations in Paragraph 606 of the FAMCC.

607-608.      Bayer denies that Plaintiffs have plead a proper class or named proper class representatives.  Bayer denies the remaining allegations in Paragraphs 607 through 608 of the FAMCC.

609.    Bayer denies this allegation insofar as it is inconsistent with this Court's rulings.

610.    Bayer denies that Plaintiffs have plead a proper class or named proper class representatives.  Bayer denies the remaining allegations in Paragraph 610 of the FAMCC.

611-613.      The extent that Paragraphs 611 though 613 of the FAMCC and subparts state legal conclusions, no response is required.  Also, to the extent the allegations in

Paragraphs 611 through 613 of the FAMCC refer to the knowledge, conduct or actions of persons or entities other than Bayer, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Bayer further denies the remaining allegations in Paragraphs 611 through 613 of the FAMCC and subsections.

**COUNT IX**

614.    Bayer realleges and incorporates by reference its responses to Paragraphs 1 through 613 of the FAMCC.

615.    Bayer admits that Plaintiff CMHV purports to bring this action as alleged in Paragraph 615 of the FAMCC, but Bayer denies that Plaintiff CMHV is entitled to maintain this action in the manner alleged or that CMHV is a proper class representative.  Bayer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 615 of the FAMCC and, therefore, denies those allegations.

616-619.    To the extent the allegations in Paragraphs 616 through 619 of the FAMCC and subparts state legal conclusions, no response is required.  Also, to the extent the allegations in Paragraphs 616 through 619 of the FAMCC refer to the knowledge, conduct or actions of persons or entities other than Bayer, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.  Bayer denies the remaining allegations in Paragraphs 616 through 619 of the FAMCC and subparts.

620-621.    The allegations in Paragraphs 620 through 621 of the FAMCC state legal conclusions to which no response is required.  To the extent a response is deemed required, Bayer denies the allegations in Paragraphs 620 through 621 of the FAMCC.

**UNNUMBERED "WHEREFORE" PARAGRAPH AND REQUEST FOR JURY TRIAL**

Bayer denies Plaintiffs are entitled to a judgment or any other relief requested in their Prayer for Relief and "WHEREFORE" paragraph following Paragraph 621 of the FAMCC.

Listed below, Bayer has provided a list of defenses without assuming any burden of proof:

## DEFENSES

### First Defense

Plaintiffs and the putative class fail to state a claim against Bayer upon which relief may be granted.

### Second Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Third Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the filed rate doctrine.

### Fourth Defense

Plaintiffs and the putative class have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Bayer as alleged.

### Fifth Defense

To the extent Plaintiffs and/or any member of the putative class obtain recovery in any other case predicated on the same factual allegations, that Plaintiff or purported class member is barred from seeking recovery against Bayer pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### Sixth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation.

### Seventh Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Bayer in judicial, legislative, or administrative proceedings of any kind or at any level of government.

### Eighth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have released, settled, entered into an accord and satisfaction, or otherwise compromised their claims.

### Ninth Defense

Any and all actions taken by Bayer with respect to any of the matters alleged were taken in good faith and in accordance with established industry practice.

### Tenth Defense

Plaintiffs' and the putative class' state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## Eleventh Defense

Plaintiffs' and the putative class' claims are preempted by the Commerce Clause of the United States Constitution.

## Twelfth Defense

Plaintiffs' and the putative class' claims against Bayer are barred because Bayer has complied with all applicable regulations of the federal and state governments.

## Thirteenth Defense

Plaintiffs' and the putative class' claims against Bayer are barred, in whole or in part, by the applicable statutes of limitations and repose and by the doctrines of laches, estoppel, and waiver.

## Fourteenth Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because they violate Bayer's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as all applicable state constitutions, insofar as Plaintiffs and the putative class members seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## Fifteenth Defense

Bayer's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

## Sixteenth Defense

Plaintiffs and the putative class fail to state with particularity facts to support the fraud allegations and to plead with particularity the fraudulent concealment and multi-source medicine allegations against Bayer.

## Seventeenth Defense

Plaintiffs and the putative class fail to allege with particularity their civil conspiracy claims against Bayer as required by Fed. R. Civ. P. 9(b).

## Eighteenth Defense

Plaintiffs' and the putative class' claims against Bayer are barred, in whole or in part, because Bayer did not make any false statements to Plaintiffs or to any members of the putative class.  As to any statement asserted against Bayer that Plaintiffs and the putative class allege to be false or misleading, Bayer had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## Nineteenth Defense

Plaintiffs' and the putative class' claims against Bayer are barred because Bayer did not directly or indirectly conspire with any other entity or engage in any other conduct in violation of state or federal law.

## Twentieth Defense

Plaintiffs' and the putative class' RICO claims against Bayer are barred, in whole or in part, due to Plaintiffs' failure to properly allege a RICO enterprise as required by 18 U.S.C. § 1962(c).

## Twenty-First Defense

Plaintiffs' and the putative class' RICO claims against Bayer are barred, in whole or in part, due to their failure to plead facts showing that Bayer and the PBMs are ongoing organizations whose members function as a continuing unit and share common purposes as required by *United States v. Turkette*, 452 U.S. 576, 583 (1981).

## Twenty-Second Defense

23

Plaintiffs' and the putative class' RICO claims against Bayer are barred, in whole or in part, due to their failure to allege that Bayer conducted the affairs of the alleged enterprises as required by 18 U.S.C. § 1962(c).

## Twenty-Third Defense

Plaintiffs and the putative class lack standing to bring their RICO claims against Bayer because they cannot show Bayer directly caused their alleged injuries as required by 18 U.S.C. § 1964(c); *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 265-66, 268 (1992); *Platten v. HG Berm. Exempted Ltd.*, 437 F.3d 118, 132 (1st Cir. 2006); and *George Lussier Enters. v. Subaru of New Eng., Inc.*, 393 F.3d 36, 51 (1st Cir. 2004).

## Twenty-Fourth Defense

Plaintiffs' and the putative class' civil conspiracy claims against Bayer are barred, in whole or in part, by their failure to allege a concerted action as required by *Aetna Cas. Sur. Co. v. P&B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994) and *Grant v. John Hancock Mut. Life Ins. Co.*, 183 F. Supp. 2d 344, 359 (D. Mass. 2002) and/or by their failure to allege a coercive conspiracy as required by *Fleming v. Dance*, 22 N.E.2d 609, 611 (Mass. 1939).

## Twenty-Fifth Defense

Plaintiffs' and the putative class' civil conspiracy claims against Bayer are barred, in whole or in part, because they are duplicative and improper under Massachusetts law. *See Grant*, 183 F. Supp. 2d at 364.

## Twenty-Sixth Defense

Bayer denies that Plaintiffs and the putative class have valid consumer protection claims against Bayer under the law of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington, or any other State whose law is or

becomes relevant in the course of this multidistrict litigation.  However, if such claims are found to exist, Bayer pleads all available defenses under the Acts.

### Twenty-Seventh Defense

Any allegedly fraudulent statements or conduct of Bayer did not directly or proximately cause the alleged injuries of Plaintiffs and/or any members of the putative class as required under state consumer protection laws, including without limitation those of Florida, Illinois, Louisiana, New Jersey, New York, Pennsylvania, Texas, and Washington, or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

### Twenty-Eighth Defense

Bayer's conduct was neither "knowing," "deceptive," "misleading," "unlawful," nor "illegal" as required under certain state consumer protection laws, including without limitation those of Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Texas, and/or Washington, or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

### Twenty-Ninth Defense

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against Bayer, they are not entitled to such relief because they have an adequate remedy at law.

### Thirtieth Defense

Plaintiffs and the putative class lack standing to bring their asserted consumer protection claims against Bayer under certain state consumer protection laws, including without limitation those of Delaware, Florida, Louisiana, New Jersey, Pennsylvania, and Washington, or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

### Thirty-First Defense

Plaintiffs and the putative class did not rely on the allegedly fraudulent statements or conduct of Bayer as required under certain state consumer protection laws, including without limitation those of New York and Pennsylvania, or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

### Thirty-Second Defense

Any allegedly fraudulent statement or conduct of Bayer was not consumer-oriented as required under certain consumer protection laws, including without limitation that of New York or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

### Thirty-Third Defense

Plaintiffs' and the putative class' claims against Bayer under the various state consumer protection and consumer fraud statutes are barred in whole or in part to the extent those statutes: (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly interstate in nature.

### Thirty-Fourth Defense

Plaintiffs' and the putative class' claims against Bayer for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement, and Modernization Act of 2003.

### Thirty-Fifth Defense

Plaintiffs' and the putative class' claims for injunctive relief against Bayer are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-Sixth Defense

This action cannot be maintained as a class action because:  (1) the certification and maintenance of this action as a class would violate the separation of powers provisions of the United States Constitution and would be an unconstitutional usurpation of authority reserved to the legislative branch; (2) the claims of Plaintiffs and the putative class cannot be properly joined with one another because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences; (3) the named Plaintiffs and the putative class cannot satisfy the procedural requirements of Fed. R. Civ. P. 23; (4) the questions of fact at issue are not common to the alleged class, but rather, are highly specific and will vary dramatically from person to person and entity to entity; and/or (5) class certification would violate Bayer's rights provided by the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution as well as by the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington, and any other States whose laws are or become relevant in the course of this multidistrict litigation, including but not limited to Bayer's right to procedural and substantive safeguards, which include traditional defenses to liability.

## **Thirty-Seventh Defense**

Third party payor plaintiffs' and third party payor putative class members' claims against Bayer are barred, in whole or part, with respect to any alleged overcharge or on the ground that third party payors passed on any effect of the alleged inflated prices to their customers or employees in the form of higher premiums.

## **Thirty-Eighth Defense**

Plaintiffs' and the putative class' claims against Bayer are barred, in whole or in part, with respect to any alleged overcharge because such overcharge, if any, was absorbed, in whole

or part, by a person and/or entity which purchased the medicine directly, and/or by an intermediate indirect purchaser, and was not passed on to the Plaintiffs and putative class members.

## Thirty-Ninth Defense

Plaintiffs' and the putative class' claims against Bayer are barred, in whole or in part, due to their failure to join indispensable parties.

## Fortieth Defense

Plaintiffs' and the putative class' claims against Bayer are barred, in whole or in part, because they have suffered no damages.

## Forty-First Defense

Plaintiffs' and the putative class' claims are barred, in whole or in part, because any injuries sustained by Plaintiffs or the putative class were the result of intervening or superseding conduct of third parties.

## Forty-Second Defense

Plaintiffs' and the putative class' claims against Bayer for damages are barred, in whole or in part:  (1) because they failed to mitigate their damages, and their failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Bayer; (2) because they would be unjustly enriched if allowed to recover; (3) by the doctrine of consent and/or ratification to the extent that plaintiffs and/or putative class members have received and paid for medicines manufactured, marketed and sold by Bayer or its subsidiaries after the filing of Plaintiffs' original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating the damages.

## Forty-Third Defense

Bayer is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs and/or the putative class, with respect to the same injuries.

### Forty-Fourth Defense

Any damages recovered by the Plaintiffs and the putative class from Bayer must be limited by the applicable statutory ceilings on recoverable damages.

### Forty-Fifth Defense

Plaintiffs and the putative class fail to allege facts or a cause of action against Bayer sufficient to support a claim for attorneys' fees, treble damages, and/or legal fees.

### Forty-Sixth Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' punitive damages claims against Bayer:  (1) have no basis in law or fact; (2) are not recoverable because the allegations are legally insufficient to support a claim for punitive damages against Bayer; and (3) cannot be sustained because:  (i)  laws regarding the standards for determining liability for and the amount of punitive damages fail to give Bayer prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Bayer's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the constitutions of any applicable states' laws; (ii) an award of punitive damages would violate Bayer's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law, statutes, and public policy of any applicable states' laws; (iii) an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Bayer for punitive damages arising from the design, development, manufacture, fabrication, distribution,

supply, marketing, sale, or use of Bayer's medicines would constitute impermissible multiple punishments for the same wrong, in violation of Bayer's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law, and statutory law of any applicable states' laws; (iv) any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Bayer's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law, and public policies of any applicable states' law; and (v) any award of punitive damages, which are penal in nature, without according Bayer the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Bayer's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the constitutions, common law, and public policies of any applicable states' laws.

## **Forty-Seventh Defense**

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for punitive damages against Bayer cannot be sustained because an award of punitive damages by a jury that:   (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the

applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Bayer; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiffs' and the putative class' burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Bayer's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law, and public policies of any applicable states' laws.

### Forty-Eighth Defense

To the extent punitive damages are sought, Plaintiffs' and the putative class' claim for punitive damages against Bayer cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate Bayer's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Bayer's right not to be subject to an excessive award; and (3) be improper under the constitutions, common law, and public policies of any applicable states' laws.

### Forty-Ninth Defense

31

To the extent the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation do not recognize a private right of action, Plaintiffs are not entitled to relief under the applicable statutes.

### Fiftieth Defense

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation bar class actions, Plaintiffs are not entitled to relief under the applicable statutes.

### Fifty-First Defense

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation limit claims to those brought by "consumers," Plaintiffs are not entitled to relief under the applicable statutes.

### Fifty-Second Defense

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation require Plaintiffs to send a written demand for relief to Defendants prior to filing a Complaint, Plaintiffs have failed to do so and are not entitled to relief under the applicable statutes.

### Fifty-Third Defense

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation require Plaintiffs to attempt Alternative Dispute Resolution prior to filing a Complaint, Plaintiffs have failed to do so and are not entitled to relief under the applicable statutes.

### Fifty-Fourth Defense

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation require Plaintiffs provide notice of the practice at issue to the relevant State Attorney General, Plaintiffs have failed to do so and are not entitled to relief under the applicable statutes.

### Fifty-Fifth Defense

To the extent that the State consumer protection laws alleged in this Complaint or those of any other State whose laws are or become relevant in the course of this multidistrict litigation limit Plaintiffs' available remedies, Plaintiffs are not entitled to their requested relief under the applicable statutes.

### Fifty-Sixth Defense

Plaintiffs' and the putative class' claims against Bayer under the various state unfair trade, unfair competition, consumer protection and consumer fraud statutes are barred to the extent (1) those claims represent an impermissible circumvention of the states' antitrust statutes; and (2) those statutes apply only to deceptive or misleading conduct and/or govern only consumer transactions.

### Fifty-Seventh Defense

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because they conflict with federal statutes and regulations that comprise a comprehensive regulatory regime governing the amounts paid to providers for Medicare Part B-covered drugs.

### Fifty-Eighth Defense

Plaintiffs and the putative class members are not entitled to the relief requested in the Complaint because the Court lacks any sufficiently certain, nonspeculative basis for fashioning such relief.

### Fifty-Ninth Defense

Plaintiffs and the putative class members are barred from recovery because the representations and actions alleged by Plaintiffs were not and are not material, in that they were not and are not likely to affect the decisions or conduct of Plaintiffs and putative class members, or to have caused consumers or Third Party Payors to have chosen differently, but for such alleged representations or actions, in light of the information available and known to consumers and Third Party Payors, and in that the alleged representations and actions were not likely to mislead consumers or Third Party Payors acting reasonably under the circumstances.

### Sixtieth Defense

Plaintiffs' and the putative class members' claims against Bayer under the various State unfair and deceptive trade practice or consumer protection or consumer fraud statutes are barred in whole or in part because excess-provider-profit claims are inherently speculative and subjective and not subject to judicial resolution.

### Sixty-First Defense

Plaintiffs' and the putative class members' claims fail, in whole or in part, because of improper claim splitting.

### Sixty-Second Defense

Plaintiffs' and the putative class members' antitrust claims against Bayer are barred in whole or in part because: (1) they have not suffered any antitrust injury; (2) they lack standing;

and/or (3) the alleged conspiracy does not make economic sense and is economically implausible.

## Sixty-Third Defense

Any alleged restraints complained of in the FAMCC are ancillary to legitimate, pro-competitive activity.

## Sixty-Fourth Defense

Plaintiffs and the putative class members are precluded from recovery because the representations and actions alleged by Plaintiffs were not intended to deceive Plaintiffs and the putative class members.

## Sixty-Fifth Defense

Bayer is not liable to Plaintiffs and the putative class members because it had no duty to disclose the information allegedly not disclosed.

## Sixty-Sixth Defense

Plaintiffs' and the putative class members' claims against Bayer under Section 1 of the Sherman Act, 15 U.S.C. § 1, are barred to the extent recovery is based on indirect purchases of medicines.

## Sixty-Seventh Defense

Plaintiffs' and the putative class members' claims against Bayer are barred, in whole or in part, by the doctrines of assumption of the risk and/or comparative fault or negligence.

## Sixty-Eighth Defense

Plaintiffs and the putative class members may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

## Sixty-Ninth Defense

Bayer adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

## Seventieth Defense

Bayer hereby gives notice that it intends to rely upon any additional defense that is now or may become available or appear during or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.  Bayer also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state other than California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington, and/or any other State whose law is or becomes relevant in the course of this multidistrict litigation.

WHEREFORE, Bayer prays that this Court:

1.    Dismiss the Fourth Amended Master Consolidated Class Action Complaint with prejudice and enter judgment in its favor and against Plaintiffs;

2.    Award Bayer its costs and expenses; and

3.    Grant such other and further relief as this Court deems just and proper.


By:  ___/s/ Robert P. Sherman_____
       Robert P. Sherman

       NIXON PEABODY
       101 Federal Street
       Boston, Massachusetts 02110
       (617) 345-6188 Tel.
       (866) 382-6138 Fax

Richard D. Raskin
Michael P. Doss
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000 Tel.
(312) 853-7036 Fax.

ATTORNEYS FOR DEFENDANT
BAYER CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of May, 2006, a true and correct copy of the foregoing document was served upon all counsel of record by electronic service pursuant to CMO No. 2, by causing a copy to be sent to LNFS for posting and notification.


_____/s/ Robert P. Sherman_____
Attorney for Defendant Bayer Corporation