## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO THE CLASS ACTION | |

## TRACK TWO DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE HAROLD BEAN AS A PROPOSED CLASS REPRESENTATIVE

To be a proposed class representative, one must first be a plaintiff; and, to become a plaintiff in a case as far along as this one, an individual must first obtain leave of court.  *See* Fed. R. Civ. P. 23(a) ("One or more members of a class may *sue or be sued* as representative *parties* on behalf of all ...") (emphasis added); Fed. R. Civ. P. 15(a).  In applying these core principles to this massive litigation, this Court has specifically held that plaintiffs may not propose new class representatives without first seeking and obtaining leave to amend their complaint.  *See* Case Management Order No. 16 ("CMO 16"); Order of April 3, 2006 (plaintiffs "must file leave to amend whenever they seek to add a new individual class plaintiff").

Despite the clear admonitions of the Federal Rules and this Court, plaintiffs now seek to add a new individual class representative – Mr. Harold Bean – by naming him for the first time in their Track Two Class Certification Motion.  Mr. Bean is not a plaintiff in this case, plaintiffs have not obtained leave to add Mr. Bean as a plaintiff, and Mr. Bean's identity has never previously been revealed to the Track Two defendants.  Moreover, in light of the advanced

stage of this litigation, the Track Two defendants will suffer significant prejudice if plaintiffs are permitted to add Mr. Bean by *fiat*.

Accordingly, the Track Two defendants respectfully request that all references to Mr. Harold Bean be stricken from plaintiffs' motion and accompanying papers, including their proposed class certification order. Alternatively, if the Court determines that the allegations regarding Mr. Bean may stand, the Track Two defendants request that they be granted ninety (90) days in which to conduct necessary discovery before they are required to respond to the allegations in plaintiffs' Motion and accompanying papers concerning Mr. Bean. During that ninety-day period, all other Track Two class certification proceedings could go forward on the current schedule, with issues relating to Mr. Bean to be separately briefed following discovery.

## BACKGROUND

CMO 16, entered on November 21, 2005, sets forth a schedule and procedure for class certification proceedings for the Track Two defendants. The Order takes it as a given that plaintiffs must amend the operative complaint in order to name a new class representative. Specifically, CMO 16 states:

- "Any amendment to the Second Amended Consolidated Class Action Complaint to add plaintiffs or proposed class representatives for claims against the Track Two Defendants shall be filed within 30 days of this Court's final order regarding class certification with respect to the Track One Defendants."

- "Any amendment to add proposed class representatives shall allege facts demonstrating the typicality and adequacy of the new proposed class representatives."

- "Any depositions of new plaintiffs or proposed class representatives for claims against the Track Two Defendants shall be completed within 30 days of the date that any amendment seeking to add such plaintiffs or proposed class representatives is held."

(CMO 16, Docket No. 1897.)

- 2 -

Pursuant to CMO 16, plaintiffs filed their Fourth Amended Master Consolidated Complaint ("FAMCC") on March 1, 2006. The FAMCC added several new plaintiffs/proposed representatives as to the Track Two defendants. *(See generally* FAMCC § III.A.; *see also* Docket Nos. 2169, 2170.) The FAMCC did not, however, identify Mr. Bean as a plaintiff or proposed representative. Following the filing of the FAMCC, the Track Two defendants conducted discovery necessary to determine whether those individuals who were named were in fact typical and adequate plaintiffs.

The FAMCC also added new plaintiffs/proposed class representatives as to Track One defendants Schering-Plough and Warrick Pharmaceuticals. These defendants moved to strike these allegations. (Docket No. 2307.) On April 3, 2006, the Court granted their motion to strike. In so doing, the Court explicitly instructed plaintiffs that they "must file leave to amend whenever they seek to add a new individual class plaintiff."

## ARGUMENT

Plaintiffs may not propose a new class representative without first obtaining leave to amend their complaint to add the new representative as a plaintiff and allowing defendants to take appropriate discovery concerning the newly-added plaintiff. To proceed otherwise would violate this Court's orders and the Federal Rules of Civil Procedure. It would also result in significant prejudice and unfairness to the Track Two defendants.

*First*, the plaintiffs have failed to comply with the clear instructions of the Court regarding the proper procedure for adding individual class plaintiffs. CMO 16 provides for the addition of such individuals by amendment to the pending complaint *only.* The Court reiterated this instruction in its Order of April 8, which plainly states that "Plaintiffs must file leave to

- 3 -

amend whenever they seek to add a new individual class plaintiff." Whatever their reason for proposing Mr. Bean at this late date, plaintiffs are not justified in contravening the orders of this Court.

*Second*, allowing plaintiffs to proceed with Mr. Bean as a proposed class representative will result in significant prejudice to the Track Two defendants. The Track Two defendants have spent considerable time, effort and resources attempting to complete discovery for the individuals who were proposed as representatives in the FAMCC. Analyzing the propriety of class certification, and the adequacy of the proposed class representatives, has been especially arduous for Track Two because of the variety of different drugs involved. Track One involved mainly single source branded drugs, whereas Track Two involves primarily multi-source drugs. Accordingly, a proper analysis for Track Two requires an in-depth examination of all of the documents associated with each receipt of a drug by a named plaintiff. Almost none of the relevant documents have as yet been produced for Mr. Bean. The experience of the Track Two defendants indicates that it might well take months to obtain that information from the relevant people and entities.

To be clear, defendants were fully prepared to comply with CMO 24, as amended by the stipulation of the parties, and file their responses on June 15. (Docket Nos. 2352, 2500.) By failing to follow the proper procedures to include Bean as an individual class representative, and instead simply slipping him in to their motion for class certification, plaintiffs violate CMO 16 yet expect defendants to adhere to CMO 24. The defendants have had no opportunity to obtain discovery of Mr. Bean within a reasonable time frame or to determine whether he satisfies the requirements of Fed. R. Civ. P. 23. Due process requires that they be given the opportunity to do so.

- 4 -

*Third*, plaintiffs' assumption that they may add class plaintiffs at any time, in any manner, and without leave would deprive this Court of its authority to effectively manage this litigation and to protect the interests of all parties. Under plaintiffs' approach, there would be nothing to prevent plaintiffs from permanently stalling this litigation by proposing an endless list of class plaintiffs to replace those that defendants establish are not adequate or typical representatives. Rule 23 does not contemplate such gridlock. Meanwhile, defendants would be forced to conduct unnecessary and expensive discovery of each new plaintiff, only to have them later be withdrawn. Rule 15(a) is intended to prevent this very result. *See Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc.*, 156 F.3d 49, 51 (1st Cir. 1998) (holding leave to amend may be denied where allowance of the amendment would unduly prejudice the opposing party); *see also In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 438 (8th Cir. 1999) (affirming district court's decision to deny motion for leave to amend complaint to add new class plaintiffs and finding "[g]ranting that motion would have required reopening class discovery and further delay, precisely the sort of prejudice that justifies denial of a motion to amend under Rule 15(a)."). In order to manage this docket and prevent prejudice to defendants, the Court should strike allegations as to Mr. Bean and again instruct plaintiffs to seek leave to amend their complaint before adding new class representatives.

*Finally,* the Track Two defendants face a June 15, 2006 deadline to submit opposition papers to plaintiffs' motion for class certification. If the Court allows plaintiffs to maintain their allegations as to Mr. Bean, defendants request that they be allowed ninety days in which to take discovery concerning Mr. Bean. During that period, all other class certification proceedings concerning Track Two may go forward, with issues relating to Mr. Bean to be briefed and argued separately.

## CONCLUSION

For the foregoing reasons, the Track Two defendants respectfully request that the

Court strike the allegations related to Harold Bean or, in the alternative, that the Court allow the

Track Two defendants a period of ninety (90) days in which to take discovery concerning Mr.

Bean.

Dated: May 16, 2006

Respectfully submitted,

ON BEHALF OF THE TRACK TWO
DEFENDANTS

/s/ Richard D. Raskin
Richard D. Raskin
Michael Doss
Jaime L.M. Jones
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Attorneys for Defendant Bayer Corporation

## CERTIFICATE OF SERVICE

I, Richard D. Raskin, hereby certify that I am one of Bayer Corporation's attorneys, and that I caused a true and correct copy of the foregoing TRACK TWO DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE HAROLD BEAN AS A PROPOSED CLASS REPRESENTATIVE to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 16th day of May, 2006.

/s/ Richard D. Raskin
Richard D. Raskin