# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION:  01-CV-12257-PBS |
| | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO THE CLASS ACTION | |

## TRACK TWO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO JOIN HAROLD BEAN AS A PLAINTIFF AND CLASS REPRESENTATIVE

Plaintiffs seek leave to join Harold Bean as a new proposed class representative now, after more than four years of litigation, and more than two months after this Court's deadline for joining new class plaintiffs.  Plaintiffs do not provide any reasonable justification for their lack of diligence in discovering Mr. Bean, nor do they indicate why his joinder is necessary to their prosecution of this litigation.  The Track Two defendants will suffer significant prejudice if plaintiffs are permitted to add Mr. Bean at this late date.  Accordingly, plaintiffs' Motion should be denied.

Alternatively, if the Court determines that the Fourth Amended Master Consolidated Complaint ("FAMCC") may be amended to include allegations regarding Mr. Bean, the Track Two defendants renew their request that they be granted ninety (90) days in which to conduct

necessary discovery before they are required to respond to the allegations in plaintiffs' Motion for Class Certification concerning Mr. Bean.[1]

## **ARGUMENT**

At some point, the Track Two defendants are entitled to learn the identities of the named plaintiffs who are suing them. According to CMO 16, that point passed on March 1, 2006. On that date, plaintiffs filed their FAMCC, naming several new proposed class representatives. Plaintiffs did not name Harold Bean as a plaintiff at that time, and only now seek leave to join him. The interests of justice and Federal Rule of Civil Procedure 15(a) require that plaintiffs' request be denied.

*First*, Plaintiffs provide no justification for their delay in seeking leave to amend their complaint to join Mr. Bean. They allege only that they have recently "obtained the records necessary to add Mr. Bean as a proposed class representative for Class 1." (Pls.' Mot. at 1.) Plaintiffs do not even attempt to argue that they could not have obtained the records earlier by exercising due diligence. Their lack of diligence is hardly a valid reason for their neglect and delay. *See Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc.*, 156 F.3d 49, 52 (1st Cir. 1998) (affirming denial of motion to amend filed fifteen months after initial complaint, holding when "considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some 'valid reason for his neglect and delay.'"). As such, denial of leave to amend is appropriate under Fed. R. Civ. P. 15(a). *Id.*; *see also McSorley v. Richmond*, 2002 WL 31106427, *1 (D. Me. Sept. 20, 2002) ("the First Circuit has more than

---

[1] As this Court has clearly instructed, plaintiffs may not add new drugs to their complaint even if they are granted leave to join Mr. Bean. *See* Order Granting in Part Mot. to Strike Portions of the Fourth Amended Master Consolidated Class Action Compl., Apr. 13, 2006.

once recognized" that denial of leave to amend is appropriate where "there was an 'undue delay' in filing the motion to amend.").

*Second*, as demonstrated by the Track Two defendants in their Motion to Strike Harold Bean as a Proposed Class Representative, (Docket Nos. 2582-2583), allowing plaintiffs to add Mr. Bean as a proposed class representative at this late date will result in significant prejudice to the Track Two defendants. The Track Two defendants have spent considerable time, effort and resources attempting to complete discovery for the individuals who were timely proposed as class representatives in order to respond to plaintiffs' motion for class certification. This effort has required the Track Two defendants to conduct an in-depth examination of all of the documents associated with each receipt of a drug by each named plaintiff. Forcing these defendants to undertake a similar effort with respect to Mr. Bean will cause them significant prejudice and will further delay this already protracted litigation. Accordingly, plaintiffs' Motion should be denied. *See Acosta-Mestre*, 156 F.3d at 51 (holding leave to amend may be denied where allowance of the amendment would unduly prejudice the opposing party through "a re-opening of discovery with additional costs" and "a significant postponement of trial"); *see also In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 438 (8th Cir. 1999) (affirming district court's decision to deny motion for leave to amend complaint to add new class plaintiffs filed fourteen months after court's deadline for amending pleadings and finding "[g]ranting that motion would have required reopening class discovery and further delay, precisely the sort of prejudice that justifies denial of a motion to amend under Rule 15(a).").

*Finally,* the Track Two defendants face a June 15, 2006 deadline to submit opposition papers to plaintiffs' motion for class certification. They have completed the examination necessary to submit opposition papers on that date for those plaintiffs who were timely named in

the FAMCC. They can hardly be expected to do so now with respect to Mr. Bean. Almost none of the relevant documents have as yet been produced for Mr. Bean. In fact, plaintiffs include only 19 pages of CMS records related to Mr. Bean in support of their class certification motion. *See Declaration of Donald E. Haviland, Jr., Esq. in Support of Plaintiffs' Motion to Certify Claims with Respect to Track 2 Defendants*, at Ex. M. Plaintiffs have not yet produced the remaining 394 pages of CMS documents obtained by plaintiffs or any other documents associated with Mr. Bean. Indeed, plaintiffs admit that "the records reflecting Mr. Bean's payment for [certain] drugs are not yet complete." *Id.* at ¶ 36.

In order to be in a position to respond to plaintiffs' request to certify Mr. Bean as a class representative, the Track Two defendants must obtain significant additional discovery. This includes, but is not limited to, written and oral discovery of Mr. Bean, each of his medical providers, and any supplemental insurers associated with each receipt of a drug taken by Mr. Bean. The experience of the Track Two defendants indicates that it may take months to obtain that information from the relevant people and entities. Thus, if the Court grants plaintiffs leave to amend the FAMCC to join Mr. Bean, defendants request that they be allowed ninety days in which to take the necessary discovery. During that period, all other class certification proceedings concerning Track Two may be permitted to go forward, with issues relating to Mr. Bean to be briefed and argued separately.

## CONCLUSION

For the foregoing reasons, the Track Two defendants respectfully request that the Court deny plaintiffs' Motion for Leave to Join Harold Bean as a Plaintiff and Proposed Class

- 4 -

Representative or, in the alternative, that the Court allow the Track Two defendants a period of ninety (90) days in which to take discovery concerning Mr. Bean.

Dated: May 19, 2006

Respectfully submitted,

ON BEHALF OF THE TRACK TWO DEFENDANTS,

/s/ Richard D. Raskin_____
Richard D. Raskin
Michael Doss
Jaime L.M. Jones
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
Attorneys for Defendant Bayer Corporation

## CERTIFICATE OF SERVICE

I, Richard D. Raskin, hereby certify that I am one of Bayer Corporation's attorneys, and that I caused a true and correct copy of the TRACK TWO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO JOIN HAROLD BEAN AS A PLAINTIFF AND PROPOSED CLASS REPRESENTATIVE to be served on all counsel of record electronically by causing same to be posted via LexisNexis, this 19th day of May, 2006.

/s/ Richard D. Raskin
Richard D. Raskin