UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ) | |
| In Re Pharmaceutical Industry ) | No. MDL Docket No. 1456 |
| Average Wholesale Price Litigation, ) | |
| ) | CIVIL ACTION:  01-CV-12257-PBS |
| ) | |
| ) | |
| ) | Judge Patti B. Saris |
| This Document Relates to The Master ) | |
| Consolidated Class Action ) | |
| ) | |
| ) | |

**SICOR INC.'S ANSWER AND DEFENSES TO THE
FOURTH AMENDED MASTER CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant Sicor Inc. ("Sicor"), f/k/a Gensia and Gensia Sicor, hereby responds to the

Fourth Amended Master Consolidated Class Action Complaint (the "FAMCC") in corresponding

numbered paragraphs as follows:

**Preface**

The FAMCC improperly and repetitively refers to Sicor and certain other defendants and

third parties on a collective basis, failing to plead with requisite particularity allegations against

Sicor or other defendants or third parties.  Intentionally ambiguous pleading is improper and

insufficient to apprise Sicor in any meaningful sense of the allegations asserted against it.  Sicor

has nevertheless attempted to respond to Plaintiffs' allegations to the extent possible under the

circumstances.  To the extent allegations refer to the knowledge, conduct or actions of other

defendants or entities, Sicor is generally without knowledge or information sufficient to form a

belief as to the truth of those allegations and, on that basis, Sicor denies those allegations.  In

answering the FAMCC, Sicor responds only for itself, even when Plaintiffs' allegations refer to alleged conduct by Sicor and other persons or entities.

The FAMCC improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond to it meaningfully.  Many of the allegations of the FAMCC are vague or conclusory.  The FAMCC also includes terms which are undefined and which are susceptible of different meanings.

In addition, the FAMCC contains purported quotations from a number of sources, many of which are unidentified.  If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine or the joint-defense privilege, Sicor reserves the right to assert such privileges, hereby moves to strike such references and demands return of any such documents that Plaintiffs may have in their possession, custody or control.  In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Sicor explicitly denies the existence of, or its participation in, any fraud, fraudulent scheme, conspiracy, or enterprise.  Sicor further denies each and every allegation contained in the FAMCC, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes or speculations which are contained in any averment or in the FAMCC as a whole.  Moreover, Sicor specifically denies any allegations contained in headings, footnotes, the Table of Contents or unnumbered paragraphs in the FAMCC.

Sicor provides no response with respect to allegations regarding the following drugs, cisplatin, dexamethasone sodium phosphate, diltiazem hydrochloride injectable, enalaprilat injectable, epinephrine, glycopyrrolate injectable, magnesium sulfate injectable, neostigmine methylsulfate, phenylephrine, promethazine injectable, propofol injectable, sodium chloride, vercuronium bromide injectable, and vincristine sulfate, even though Plaintiffs identified these drugs in the text of the FAMCC, they never listed them in Appendix A which identifies the Sicor drugs at issue.  Furthermore, Sicor provides no response with respect to these drugs because they are deemed to have been stricken by Judge Saris' April 13, 2006 order and therefore are not issue.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## I.  INTRODUCTION

1.      Sicor admits that Plaintiffs seek to bring this action as alleged in Paragraph 1 of the FAMCC.  Sicor denies that Plaintiffs are entitled to maintain this action in the manner alleged and specifically denies that this action may be properly brought as a class action.

2.      Sicor denies the existence of, or its participation in, any conspiracy as alleged in Paragraph 2 of the FAMCC.  To the extent the allegations in Paragraph 2 of the FAMCC allege a conspiracy between Sicor and various publishing entities, no response is required because these allegations, which formed the basis of Count I of the FAMCC, were dismissed with prejudice by the Court's Order dated February 24, 2004.  To the extent the allegations in Paragraph 2 of the FAMCC refer to the knowledge, conduct or actions of persons or entities other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those

allegations.  Sicor denies each and every allegation in Paragraph 2 of the FAMCC that pertains to Sicor.

3.      To the extent the allegations in Paragraph 3 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies each and every allegation in Paragraph 3 of the FAMCC that pertains to Sicor, and specifically denies that it has inflated its AWP reimbursement rates.

4.      To the extent the allegations in Paragraph 4 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor admits that Congress has mandated that Medicare Part B reimbursements be based, in part, upon AWP, and further admits that Medicare Part B medicines are generally, but not always, administered in a healthcare provider's office.  Sicor denies the remaining allegations in Paragraph 4 of the FAMCC that pertain to Sicor, and specifically denies that it has offered unlawful financial inducements to healthcare providers.

5.      To the extent the allegations in Paragraph 5 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies each and every allegation in Paragraph 5 of the FAMCC that pertains to Sicor, and specifically denies the existence of, and its participation in, any "AWP scheme."

6.      Sicor admits plaintiffs purport to bring this action as a class action, but denies that they are entitled to do so.  To the extent the allegations in Paragraph 6 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is

without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies the remaining allegations in Paragraph 6 of the FAMCC that pertain to Sicor.

7.      To the extent the allegations in Paragraph 7 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies each and every allegation in Paragraph 7 of the FAMCC that pertains to Sicor, and specifically denies the existence of, and its participation in, any "high profit scheme."

8.      Sicor admits that Plaintiffs have filed attachments to the FAMCC.  To the extent the allegations in Paragraph 8 of the FAMCC are deemed to include allegations against Sicor, they are denied.

## II.  JURISDICTION AND VENUE

9.      Sicor admits that this Court has subject matter jurisdiction, and, upon information and  belief, Sicor admits that diversity jurisdiction exists.  Sicor denies the remaining allegations in Paragraph 9 of the FAMCC that pertain to Sicor.

10.     Sicor admits that this Court has supplemental jurisdiction over the state law claims.  Sicor denies the remaining allegations in Paragraph 10 of the FAMCC that pertain to Sicor.

11.     Sicor admits that venue is proper in this jurisdiction.   Except as so admitted, to the extent the allegations in Paragraph 11 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 11 of the FAMCC.  Sicor denies the remaining allegations in Paragraph 11 of the FAMCC that pertain to Sicor, and specifically denies that it has engaged in any fraudulent marketing scheme.

12.      Sicor admits the allegations in Paragraph 12 of the FAMCC.

### III.  PARTIES

13.      Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the FAMCC and, therefore, denies those allegations.

14-62.  Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 14-62 of the FAMCC and, therefore, denies those allegations.  Sicor further denies that the individuals named in the referenced allegations are appropriate class representatives.  Sicor also provides no response throughout this answer with respect to allegations regarding the following drugs, cisplatin, dexamethasone sodium phosphate, diltiazem hydrochloride injectable, enalaprilat injectable, epinephrine, glycopyrrolate injectable, magnesium sulfate injectable, neostigmine methylsulfate, phenylephrine, promethazine injectable, propofol injectable, sodium chloride, vercuronium bromide injectable, and vincristine sulfate, because even though Plaintiffs identified these drugs in the text of the FAMCC, they never listed them in Appendix A which identifies the Sicor drugs at issue.  Furthermore, they are deemed to have been stricken by Judge Saris' April 13, 2006 order.

63-67.  Sicor admits that Plaintiffs VPIRG, WCA, StateWide, CANY and CCJ purport to bring this action as alleged in Paragraphs 63-67 of the FAMCC, but Sicor denies that these Plaintiffs have standing to bring the alleged action.  Sicor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 63-67 of the FAMCC and, therefore, denies those allegations.  To the extent that Plaintiffs are raising claims under the Clayton Act, those counts have been voluntarily dismissed and, therefore, do not require a response.

68-69.   To the extent the allegations in Paragraphs 68 and 69 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations. Sicor denies each and every allegation in Paragraphs 68 and 69 of the FAMCC that pertains to it. Sicor specifically denies the existence of, or its participation in, any conspiracy as alleged in Paragraph 69 of the FAMCC.

70-137.      The allegations in Paragraphs 70-137 of the FAMCC are directed to other defendants and require no response from Sicor.  To the extent that the allegations in Paragraphs 70-137 of the FAMCC are deemed to include allegations against Sicor, Sicor denies each and every allegation.

138-139.      Sicor admits the allegations in Paragraphs 138 and 139 of the FAMCC.

140.      Sicor admits that Gensia Sicor Pharmaceuticals, Inc. ("Gensia Sicor") was, at one time, a wholly-owned subsidiary of Sicor.  However, Gensia Sicor no longer exists, and Sicor denies the remaining allegations in Paragraph 140 of the FAMCC that pertain to Sicor.

141.      Sicor admits the allegations in Paragraph 141 of the FAMCC.

142.      Sicor admits that it manufactures tobramycin sulfate and amikacin sulfate and that those drugs have been at times covered by Medicare Part B.  Sicor denies the remaining allegations in Paragraph 142 of the FAMCC that pertain to Sicor.

143-144.      The allegations in Paragraphs 143 and 144 of the FAMCC are directed to other defendants and require no response from Sicor.  To the extent that the allegations in Paragraphs 143 and 144 of the FAMCC are deemed to include allegations against Sicor, Sicor denies each and every allegation.

## IV.  GENERAL ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

145.     To the extent the allegations in Paragraph 145 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation in Paragraph 145 of the FAMCC that pertains to Sicor.

146.     Upon information and belief, Sicor admits the allegations in Paragraph 146 of the FAMCC.

147-154.     To the extent the allegations in Paragraphs 147-154 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. With respect to Paragraph 147, Sicor admits that providers may submit claims for reimbursement for drugs to Medicare, other insurers and patients.  With respect to Paragraph 148, Sicor admits the existence of the *Drug Topics Red Book*, *American Druggist First Databank Annual Director of Pharmaceuticals* and *Essential Director of Pharmaceuticals* and the *Master Drug Databases*, which are the best evidence of their contents.  With respect to Paragraph 149, Sicor admits the existence of the June 1996 Dow Jones article and the forward to the 1999 *Red Book*, which are the best evidence of their contents.  Finally, with respect to Paragraph 150, Sicor admits that it took steps to maintain the confidentiality of trade secrets and other confidential proprietary or business information.  Sicor denies the remaining allegations in Paragraphs 147-154 of the FAMCC that pertain to Sicor.  Sicor specifically denies that it has forwarded any "phony" AWPs to Publishers as alleged in Paragraph 150 or that it has acted fraudulently or participated in any "AWP Scheme" as alleged in Paragraph 153.

155-156.     Sicor admits the allegations in Paragraphs 155 and 156 of the FAMCC.

8

157-163.    Sicor admits the existence of statutes and regulations governing the
Medicare program, including 42 C.F.R. § 405.517, which are the best evidence of their contents.
Sicor also admits the existence of Program Memorandum AB-99-63, which is the best evidence
of its contents.  Sicor denies the remaining allegations in Paragraphs 157-163 of the FAMCC that
pertain to Sicor, and specifically denies that Plaintiffs have accurately characterized or
summarized 42 C.F.R. § 405.517 or Program Memorandum AB-99-63.

164.    Sicor is without knowledge or information sufficient to form a belief as to the
truth of the allegations in Paragraph 164 of the FAMCC, and, therefore, denies those allegations.

165.    Sicor admits that there are no government regulations describing how AWPs are
calculated, nor any other statutory or regulatory definitions or descriptions of AWPs.  Sicor
further admits that it does not send AWPs directly to the federal government, but does send other
pricing information to the federal government as required by law.  In addition, Sicor admits that
publishing companies calculate and publish AWPs for its drugs based in part on information
provided by Sicor, and that the published AWPs may be used by government or private health
plans.  Finally, Sicor admits the existence of statutes and regulations governing the Medicare and
Medicaid programs, which are the best evidence of their contents.  To the extent the allegations
in Paragraph 165 of the FAMCC refer to the knowledge, conduct or actions of persons, entities
or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a
belief as to the truth of the allegations.  Sicor denies the remaining allegations in Paragraph 165
of the FAMCC that pertain to Sicor.

166-167.    Sicor admits the existence of the April 2003 OIG report, which is the best
evidence of its contents.  To the extent the allegations in Paragraphs 166 and 167 of the FAMCC
refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor,

Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies the remaining allegations in Paragraphs 166 and 167 of the FAMCC that pertain to Sicor.

168.    Sicor admits that certain federal and state governmental agencies, including the Department of Justice and the Department of Health and Human Services ("DHHS"), have been investigating issues surrounding pricing information reported by drug manufacturers, including Sicor.  To the extent the allegations in Paragraph 168 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies the remaining allegations in Paragraph 168 of the FAMCC that pertain to Sicor.

169-170.    Sicor admits the existence of the letter dated September 28, 2000, from Congressman Stark, which is the best evidence of its contents.  To the extent the allegations in Paragraphs 169 and 170 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies the remaining allegations in Paragraphs 169 and 170 of the FAMCC that pertain to Sicor.

171.    Sicor admits that the Department of Justice and the Department of Health and Human Services have been investigating issues surrounding pricing information reported by drug manufacturers, including Sicor.  Sicor is without knowledge or information sufficient to form a belief as to whether those activities are ongoing.

172-190.    To the extent the allegations in Paragraphs 172-190 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.

10

With respect to Paragraph 173, Sicor admits submitting certain pricing information to publishing companies regarding Sicor's products.  Sicor denies the remaining allegations in Paragraphs 172-190 of the FAMCC that pertain to Sicor.   Sicor specifically denies that it has artificially inflated AWPs so that providers' profits would increase as alleged in Paragraph 174, that it has artificially inflated providers' profits to create an illegal kickback to them as alleged in Paragraph 175, that it has engaged in a "scheme" to have providers charge inflated AWPs as alleged in Paragraph 176, or that it has artificially inflated the PBMs' profits to create an illegal kickback to the PBMs as alleged in Paragraph 185.

      191.    Sicor admits the existence of the March 30, 2003 WALL STREET JOURNAL article, which is the best evidence of its contents.  To the extent the allegations in Paragraph 191 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies the remaining allegations in Paragraph 191 of the FAMCC that pertain to Sicor.

      192-193.    To the extent the allegations in Paragraphs 192 and 193 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies each and every allegation in Paragraphs 192 and 193 of the FAMCC that pertains to Sicor, and specifically denies that it has engaged in fraud.

      194-195.    Sicor admits the existence of the CMS MAC price list, which is the best evidence of its contents.  To the extent the allegations in Paragraphs 194 and 195 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the

allegations. Sicor denies the remaining allegations in Paragraphs 194 and 195 of the FAMCC that pertain to Sicor.

196-201.      To the extent the allegations in Paragraphs 196-201 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation in Paragraphs 196-201 of the FAMCC that pertains to Sicor. Sicor specifically denies that it has reported fraudulent AWPs as alleged in Paragraph 199 or that it has engaged in fraudulent AWP manipulation as alleged in Paragraph 201.

202-203.      Sicor admits the existence of the Dey Complaint, which is the best evidence of its contents. To the extent the allegations in Paragraphs 202 and 203 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies the remaining allegations in Paragraphs 202 and 203 of the FAMCC that pertain to Sicor.

204-209.      To the extent the allegations in Paragraphs 204-209 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. With respect to Paragraph 205, Sicor admits that it took steps to maintain the confidentiality of trade secrets and other confidential or proprietary business information including drug pricing. Sicor further admits the existence of the CMS Health Care Industry Market Update of January 10, 2003, which is the best evidence of its contents. Sicor denies the remaining allegations in Paragraphs 204-209 of the FAMCC that pertain to Sicor, and specifically denies that it has engaged in fraudulent conduct, knowingly or otherwise.

12

210-212.        Sicor denies each and every allegation in Paragraphs 210-212 of the FAMCC.

## V.  EXAMPLES OF SPECIFIC UNLAWFUL CONDUCT

213.     To the extent the allegations in Paragraph 213 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation in Paragraph 213 that pertains to Sicor, and specifically denies that it has engaged in unlawful conduct.

214-471.        The allegations in Paragraphs 214-471 of the FAMCC are directed to other defendants and require no response from Sicor.  To the extent that the allegations in Paragraphs 214-471 are deemed to include allegations against Sicor, Sicor denies each and every allegation.

472.     Sicor admits that Sicor sells or has sold the products identified in Appendix A and Paragraph 472 and that they can be used as described.  Sicor denies the remaining allegations in Paragraph 472 of the FAMCC, and specifically denies that it has engaged in a deliberate scheme to inflate its AWPs or stated fraudulent AWPs for its drugs.

473.     Sicor admits that the certain federal and state governmental agencies, including the Department of Justice and the DHHS, have been investigating issues surrounding pricing information reported by drug manufacturers, including Sicor, and used in the calculation of reimbursements under the Medicaid program and under the Medicare program.  Sicor denies the remaining allegations in Paragraph 473 of the FAMCC and specifically denies that it has engaged in a scheme to inflate AWPs.

13

474.     Sicor admits the existence of the letters dated February 21, 1994, from Gensia to Medispan, which are the best evidence of their contents.  Sicor denies the remaining allegations in Paragraph 474 of the FAMCC.

475.     Sicor admits the existence of the Gensia memorandum to "Field Sales Force" dated April 6, 1994, which is the best evidence of its contents.  Sicor denies the remaining allegations in Paragraph 475 of the FAMCC.

476.     Sicor admits the existence of the letter dated September 25, 2000 from the Chairman of the Commerce Committee to the HCFA Administrator, which is the best evidence of its contents.  Sicor denies the remaining allegations in Paragraph 476 of the FAMCC, and specifically denies that it has engaged in a scheme to inflate AWPs.

477.     Sicor admits the existence of the document, which is the best evidence of its contents.  Sicor denies the remaining allegations in Paragraph 477 of the FAMCC, and specifically denies that it has engaged in fraudulent practices.

478.     Sicor admits the existence of the document, which is the best evidence of its contents.  Sicor denies the remaining allegations in Paragraph 478 of the FAMCC.

479.     Sicor admits the existence of the document, which is the best evidence of its contents.  Sicor denies the remaining allegations in Paragraph 479 of the FAMCC.

480.     Sicor admits the existence of the documents, which are the best evidence of their contents.  Sicor denies the remaining allegations in Paragraph 480 of the FAMCC.

481.     Sicor admits the existence of the DHHS report and the 2001 *Redbook*, which are the best evidence of their contents.  Sicor denies the remaining allegations in Paragraph 481 of the FAMCC.

482.     Sicor admits the existence of the Medi-Span document, which is the best evidence of its contents.  Sicor denies the remaining allegations in Paragraph 482 of the FAMCC.

483.     Sicor admits the existence of the documents, which are the best evidence of their contents.  Sicor denies the remaining allegations in Paragraph 483 of the FAMCC.

484.     Sicor denies each and every allegation in Paragraph 484 of the FAMCC, and specifically denies that it has used impermissible inducements to stimulate sales of its drugs.

485.     Sicor denies each and every allegation in Paragraph 485 of the FAMCC, and specifically denies that it has engaged in a scheme to inflate its reported AWPs.

486-501.     The allegations in Paragraphs 486-501 of the FAMCC are directed to another defendant and require no response from Sicor.  To the extent that the allegations in Paragraphs 486-501 are deemed to include allegations against Sicor, Sicor denies each and every allegation.

## VI.  DIRECT DAMAGE SUSTAINED BY PLAINTIFFS AND THE MEMBERS OF THE AWP CLASS

502.     To the extent the allegations in Paragraph 502 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies each and every allegation in Paragraph 502 that pertains to Sicor, and specifically denies that it has participated in any fraudulent scheme.

## VIII.  CLASS ACTION ALLEGATIONS FOR THE AWP PAYOR SCHEME

503-506.     Sicor admits that Plaintiffs purport to bring this action as alleged in Paragraphs 503-506 of the FAMCC, but Sicor denies that Plaintiffs are entitled to maintain this action in the manner alleged.  Sicor specifically denies that this action may be properly brought as a class action.

15

507-512.        The allegations in Paragraphs 507-512 of the FAMCC state legal conclusions to which no answer is required.  Sicor denies, however, that Plaintiffs have pleaded a proper class or named proper class representatives.  Sicor further denies that Plaintiffs or any putative class members have suffered damages or injuries as alleged in Paragraphs 508, 509, and 512 of the FAMCC.

## COUNT I

## VIOLATIONS OF 18 U.S.C. § 1962(C)

513-541.        Count I was dismissed by order of this Court dated February 25, 2004, and accordingly no response to Paragraphs 513-541 of the FAMCC is required.  To the extent that Sicor is required to respond, Sicor denies each and every allegation in Paragraphs 513-541 that pertains to Sicor.  To the extent the allegations in Paragraphs 513-541 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT II

## VIOLATIONS OF 18 U.S.C. § 1962(C)

542.        In answer to Paragraph 542 of the FAMCC, Sicor incorporates by reference Paragraphs 1 through 541 of this Answer.

543.        Sicor admits that the AWP Class representatives purport to assert claims under 18 U.S.C. § 1962(c).  Sicor denies the remaining allegations in Paragraph 543 of the FAMCC, and specifically denies that Sicor has violated 18 U.S.C. § 1962(c).

544.        The allegations in Paragraph 544 of the FAMCC state a legal conclusion to which no answer is required.  Sicor denies, however, that Plaintiffs have pleaded a proper class.

16

545.     To the extent the allegations in Paragraph 545 of the FAMCC and its subparts state a legal conclusion, no answer is required.  Sicor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 545 and its subparts, and, therefore, denies those allegations.

546-573.     To the extent the allegations in Paragraphs 546-573 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. With respect to Paragraph 558, Sicor admits that it is engaged in interstate commerce.  Sicor denies the remaining allegations in Paragraphs 546-573 that pertain to Sicor.   Sicor specifically denies that it has participated in any "AWP spread scheme" or "AWP scheme," that it has reported fraudulently inflated AWPs, or that it has submitted false and misleading invoices. Sicor also denies that it engaged in any fraudulent, illegal, or unlawful conduct, that it committed violations of 18 U.S.C. § 1962(c) or any other law, or that it participated in mail fraud, wire fraud, or any racketeering activities.

574.     To the extent the allegations in Paragraph 574 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation in Paragraph 574 that pertains to Sicor, and specifically denies that Plaintiffs or the Class Members are entitled to any damages from Sicor, or that Plaintiffs or the Class Members are entitled to recover any costs of suit or attorneys' fees from Sicor.  Sicor further denies that Plaintiffs have pleaded a proper class or named proper class representatives.

## COUNT III

## DECLARATORY AND OTHER RELIEF PURSUANT TO 28 U.S.C. §§ 2201, 2002

575.    In answer to Paragraph 575 of the FAMCC, Sicor incorporates by reference Paragraphs 1 through 574 of this Answer.  Sicor admits that Plaintiffs purport to bring this action and to seek relief under Count III of the FAMCC as alleged in Paragraph 575, but Sicor denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Sicor under Count III.

576.    To the extent the allegations in Paragraph 576 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation in Paragraph 576 that pertains to Sicor, and specifically denies that it has acted in violation of applicable law.

577.    Sicor admits that it disputes Plaintiff's claims.  To the extent the allegations in Paragraph 577 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies the remaining allegations in Paragraph 577 that pertain to Sicor.

578.    To the extent the allegations in Paragraph 578 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation in Paragraph 578 that pertains to Sicor, and specifically denies that Plaintiffs or the Class Members are entitled to declaratory relief against Sicor, or that

Plaintiffs or the Class Members are entitled to further relief against Sicor pursuant to 28 U.S.C. § 2202.

## COUNT IV

## VIOLATIONS OF CONSUMER PROTECTION STATUTES

579.    In answer to Paragraph 579 of the FAMCC, Sicor incorporates by reference Paragraphs 1 through 578 of this Answer.  Sicor states that it lacks sufficient information to form an opinion as to the issue of preserving "Plaintiffs' right to appease the home state issues" and therefore denies the allegation.  Sicor denies the remaining allegations in Paragraph 579 of the FAMCC.

580.    Sicor admits that Count IV is purportedly asserted by each class representative on behalf of the AWP End Payor Class.  Sicor denies the remaining allegations in Paragraph 580 of the FAMCC.

581.    Sicor admits that it is a Delaware corporation having its principal place of business in California.  Sicor admits that certain states have enacted consumer protection laws, which are the best evidence of their content.  To the extent the allegations in Paragraph 581 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies the remaining allegations in Paragraph 581 that pertain to Sicor.

582-586.        To the extent the allegations in Paragraphs 582-586 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies each and every allegation in Paragraphs 582-586 that pertains to Sicor, and specifically denies that Sicor has engaged in unfair and deceptive acts or practices,

19

unconscionable practices, fraud, false pretense, false promise, or misrepresentation, concealment, suppression or omission of material fact in violation of state laws.   Sicor further denies that it has harmed the Plaintiffs or Class, injured the public interest, or caused Plaintiffs or the Class to sustain damages.  Finally, Sicor denies that Plaintiffs have pleaded a proper class or named proper class representatives.

## COUNT V

## VIOLATION OF CONSUMER PROTECTION LAWS – MEDICARE PART B CO-PAY SUB-CLASS

587.    In answer to Paragraph 587 of the FAMCC, Sicor incorporates by reference Paragraphs 1 through 586 of this Answer.  Sicor states that it lacks sufficient information to form an opinion as to the issue of asserting this Count "in the event that the Court does not apply the laws asserted as applicable in Count IV" and therefore denies the allegation.  Sicor denies the remaining allegations in Paragraph 587 of the FAMCC.

588-591.        Sicor admits that Plaintiffs purport to bring this action and to seek relief under Count V of the FAMCC as alleged in Paragraphs 588-591, but Sicor denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Sicor under Count V.  Sicor further denies that Plaintiffs have pleaded a proper class or named proper class representatives.  Sicor denies the remaining allegations in Paragraphs 588-591 of the FAMCC that pertain to Sicor.

592-595.        To the extent the allegations in Paragraphs 592-595 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations.  With respect to paragraph 594, Sicor lacks sufficient information to form an opinion as to the sufficiency of notice and therefore denies that allegation.  Sicor denies the remaining allegations

20

in Paragraphs 592-595 of the FAMCC that pertain to Sicor, and specifically denies that Sicor has

engaged in unfair and deceptive acts or practices, unconscionable practices, fraud, false pretense,

false promise, or misrepresentation, concealment, suppression or omission of material fact in

violation of state laws.

## COUNT VI

## (VIOLATIONS OF CONSUMER PROTECTION LAWS – THIRD-PARTY PAYORS PART B MEDIGAP CLASS)

596.     In answer to Paragraph 596 of the FAMCC, Sicor incorporates by reference

Paragraphs 1 through 595 of this Answer.  Sicor states that it lacks sufficient information to form

an opinion as to the issue of asserting this Count "in the event that the Court does not apply the

laws asserted as applicable in Count IV" and therefore denies the allegation.  Sicor denies the

remaining allegations in Paragraph 596 of the FAMCC.

597-599.         Sicor admits that Plaintiffs purport to bring this action and to seek relief

under Count VI of the FAMCC as alleged in Paragraphs 597-599, but Sicor denies that Plaintiffs

are entitled to maintain this action as alleged or to any relief against Sicor under Count VI.  Sicor

further denies that Plaintiffs have pleaded a proper class or named proper class representatives.

Sicor denies the remaining allegations in Paragraphs 597-599 of the FAMCC that pertain to

Sicor.

600-603.         To the extent the allegations in Paragraphs 600-603 of the FAMCC refer

to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is

without knowledge or information sufficient to form a belief as to the truth of those allegations.

With respect to paragraph 602, Sicor lacks sufficient information to form an opinion as to the

sufficiency of notice and therefore denies that allegation.  Sicor denies the remaining allegations

in Paragraphs 592-595 of the FAMCC that pertain to Sicor, and specifically denies that Sicor has

engaged in unfair and deceptive acts or practices, unconscionable practices, fraud, false pretense, false promise, or misrepresentation, concealment, suppression or omission of material fact in violation of state laws.

## COUNT VII

### (VIOLATIONS OF CONSUMER PROTECTION LAWS –
### PHYSICIAN-ADMINISTERED CLASS FOR CONSUMERS AND TPPS)

604.    Answering Paragraph 604 of the FAMCC, Sicor incorporates by reference Paragraphs 1 through 603 of this Answer.  Sicor states that it lacks sufficient information to form an opinion as to the issue of asserting this Count "in the event that the Court does not apply the laws asserted as applicable in Count IV" and therefore denies the allegation.  Sicor denies the remaining allegations in Paragraph 604 of the FAMCC.

605-608.        Sicor admits that Plaintiffs purport to bring this action and to seek relief under Count VII of the FAMCC as alleged in Paragraphs 605-608, but Sicor denies that Plaintiffs are entitled to maintain this action as alleged or to any relief against Sicor under Count VII.  Sicor further denies that Plaintiffs have pleaded a proper class or named proper class representatives.  Sicor denies the remaining allegations in Paragraphs 605-608 of the FAMCC that pertain to Sicor.

609.    Sicor denies this allegation insofar as it is inconsistent with this Court's rulings.

610-613.        To the extent the allegations in Paragraphs 610-613 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of those allegations. Sicor denies the remaining allegations in Paragraphs 610-613 of the FAMCC that pertain to Sicor, and specifically denies that Sicor has engaged in unfair and deceptive acts or practices,

unconscionable practices, fraud, false pretense, false promise, or misrepresentation, concealment, suppression or omission of material fact in violation of state laws.

## COUNT IX

## CIVIL CONSPIRACY

614.    In answer to Paragraph 614 of the FAMCC, Sicor incorporates by reference Paragraphs 1 through 613 of this Answer.

615.    Sicor admits that Count IX is purportedly asserted by each class representative on behalf of the AWP End Payor Class, and that this Court has diversity jurisdiction.  Sicor denies the remaining allegations in 615 of the FAMCC that pertain to Sicor.

616.    To the extent the allegations in Paragraph 616 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation in Paragraph 616 that pertains to Sicor, and specifically denies that it has engaged in a conspiracy.

617.    To the extent the allegations in Paragraph 617 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation in Paragraph 617 that pertains to Sicor, and specifically denies that it has participated in a conspiracy to deceive payors in violation of state consumer protection acts, engaged in fraudulent conduct, acted in violation of Medicare anti-fraud kickback statutes, or committed wire or mail fraud.

618.    To the extent the allegations in Paragraph 618 of the FAMCC refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is

without knowledge or information sufficient to form a belief as to the truth of the allegations.

Sicor denies each and every allegation in Paragraph 618 that pertains to Sicor, and specifically

denies that it has committed any unlawful acts.

619.    To the extent the allegations in Paragraph 619 of the FAMCC refer to the

knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is

without knowledge or information sufficient to form a belief as to the truth of the allegations.

Sicor denies each and every allegation in Paragraph 619 that pertains to Sicor, and specifically

denies that it participated in a conspiracy to deceive end payors in violation of state consumer

protection acts, engaged in fraudulent conduct, acted in violation of Medicare anti-fraud

kickback statutes, or committed wire or mail fraud.

620.    To the extent the allegations in Paragraph 620 of the FAMCC refer to the

knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is

without knowledge or information sufficient to form a belief as to the truth of the allegations.

Sicor denies each and every allegation in Paragraph 620 that pertains to Sicor, and specifically

denies that Plaintiffs or the Class Members justifiably relied on any conduct of Sicor.

621.    To the extent the allegations in Paragraph 621 of the FAMCC refer to the

knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is

without knowledge or information sufficient to form a belief as to the truth of the allegations.

Sicor denies each and every allegation in Paragraph 621 that pertains to Sicor, and specifically

denies that Plaintiffs or the Class Members suffered losses or damages as a result of any conduct

of Sicor.

## PRAYER FOR RELIEF

A.      Sicor denies each and every allegation in Paragraph A of the FAMCC Prayer for Relief, and specifically denies that Plaintiffs are entitled to maintain this action as a class action, that Plaintiffs are proper representatives of the putative class, or that Plaintiffs' counsel should be allowed to represent the putative class.

B.      To the extent the allegations in Paragraph B of the FAMCC Prayer for Relief refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation in Paragraph B that pertains to Sicor, and specifically denies that Sicor engaged in unlawful conduct.

C.      To the extent the allegations in Paragraph C of the FAMCC Prayer for Relief refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation in Paragraph C that pertains to Sicor, and specifically denies that Plaintiffs or the Class are entitled to an award of damages in any amount whatsoever.

D.      To the extent the allegations in Paragraph D of the FAMCC Prayer for Relief refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies each and every allegation in Paragraph D that pertains to Sicor, and specifically denies that Plaintiffs or the Class are entitled to an award of punitive damages.

E.      To the extent the allegations in Paragraph E of the FAMCC Prayer for Relief refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.

Sicor denies each and every allegation in Paragraph E that pertains to Sicor, and specifically denies that Plaintiffs or the Class are entitled to an injunction against Sicor.

F.      To the extent the allegations in Paragraph F of the FAMCC Prayer for Relief refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations. Sicor denies each and every allegation in Paragraph F that pertains to Sicor, and specifically denies that Plaintiffs or the Class are entitled to their costs of suit, attorneys' fees or expenses.

G.      To the extent the allegations in Paragraph G of the FAMCC Prayer for Relief refer to the knowledge, conduct or actions of persons, entities or defendants other than Sicor, Sicor is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Sicor denies each and every allegation in Paragraph G that pertains to Sicor, and specifically denies that Plaintiffs or the Class are entitled to any relief whatsoever.

**SICOR'S AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The FAMCC fails to state facts sufficient to state a claim upon which relief can be granted.

**SECOND DEFENSE**

No Plaintiff or putative class member has suffered injury to a legally cognizable interest as a result of Sicor's conduct.

**THIRD DEFENSE**

The claims of Plaintiffs and the putative class against Sicor are barred since the claims set forth in the FAMCC did not accrue within the applicable statute of limitations periods prescribed by state, federal, and common law before the commencement of this action.

26

## FOURTH DEFENSE

The claims of Plaintiffs and the putative class against Sicor are barred in whole or in part by the applicable statute of repose.

## FIFTH DEFENSE

The claims of Plaintiffs and the putative class against Sicor are barred in whole or in part by the doctrine of ratification.

## SIXTH DEFENSE

The claims of Plaintiffs and the putative class against Sicor are barred in whole or in part by the doctrine of estoppel.

## SEVENTH DEFENSE

The claims of Plaintiffs and the putative class against Sicor are barred in whole or in part by the doctrine of waiver.

## EIGHTH DEFENSE

The claims of Plaintiffs and the putative class against Sicor are barred in whole or in part by the doctrine of unclean hands with regard to the matters alleged in the complaint.

## NINTH DEFENSE

The claims of Plaintiffs and the putative class against Sicor are barred in whole or in part by the doctrine of laches.

## TENTH DEFENSE

Sicor acted at all times in accordance with standard industry practice and in the good faith belief that its actions were lawful.  Sicor also acted in reasonable reliance on statements by government officials that the industry practices complained of herein were lawful.

**ELEVENTH DEFENSE**

The claims of Plaintiffs and putative class members against Sicor are barred in whole or in part by their failure to mitigate damages.

**TWELFTH DEFENSE**

Sicor's actions violated no law, and were permitted by applicable federal law.

**THIRTEENTH DEFENSE**

The state law claims of Plaintiffs and the putative class are preempted by federal law.

**FOURTEENTH DEFENSE**

Plaintiffs and the putative class have not met the various state law standing requirements to sue Sicor.

**FIFTEENTH DEFENSE**

The claims of Plaintiffs and the putative class for injunctive relief are moot as a result of the passage of the 2003 Medicare Reform Act.

**SIXTEENTH DEFENSE**

The RICO claims of Plaintiffs and the putative class are barred because they have failed to plead the elements of a valid RICO claim.

**SEVENTEENTH DEFENSE**

The claims of Plaintiffs and the putative class are barred by the political question and separation of powers doctrines.

**EIGHTEENTH DEFENSE**

The claims of Plaintiffs and the putative class are barred by the filed rate doctrine.

## NINETEENTH DEFENSE

The allegations of Plaintiffs and the putative class as to multi-source drugs are not plead with the specificity required by Rule 9(b).

## TWENTIETH DEFENSE

Plaintiffs and the putative class fail to state with particularity facts to support the fraud allegations against Sicor contained in the FAMCC.

## TWENTY-FIRST DEFENSE

Plaintiffs and the putative class fail to state with particularity the fraudulent concealment allegations against Sicor in the FAMCC.

## TWENTY-SECOND DEFENSE

Plaintiffs and the putative class fail to allege with particularity their civil conspiracy claims against Sicor as required by Fed. R. Civ. P. 9(b).

## TWENTY-THIRD DEFENSE

The civil conspiracy claims of Plaintiffs and the putative class against Sicor are barred, in whole or in part, by their failure to allege a concerted action as required by *Aetna Cas. Sur. Co. v. P&B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994) and *Grant v. John Hancock Mut. Life Ins. Co.*, 183 F. Supp. 2d 344, 359 (D. Mass. 2002).

## TWENTY-FOURTH DEFENSE

The civil conspiracy claims of Plaintiffs and the putative class against Sicor are barred, in whole or in part, by their failure to allege a coercive conspiracy as required by *Fleming v. Dance*, 22 N.E.2d 609, 611 (Mass. 1939).

### TWENTY-FIFTH DEFENSE

The civil conspiracy claims of Plaintiffs and the putative class against Sicor are barred, in whole or in part, because they are duplicative and improper under Massachusetts law. *See Grant*, 183 F. Supp. 2d at 364.

### TWENTY-SIXTH DEFENSE

Sicor asserts all applicable defenses under the various state consumer protections laws, and the laws and constitutions of those states.

### TWENTY-SEVENTH DEFENSE

The claims of Plaintiffs and the putative class under California's consumer protection laws are barred in whole or in part because the utility of Sicor's conduct with regard to the pricing and sale of its drugs outweighed any harm that may have been caused by that conduct.

### TWENTY-EIGHTH DEFENSE

The claims of Plaintiffs and the putative class under California's consumer protection laws are barred in whole or in part because Sicor's statements regarding its drugs were not likely to deceive the intended audience.

### TWENTY-NINTH DEFENSE

Any allegedly fraudulent statements or conduct of Sicor did not directly or proximately cause the alleged injuries of Plaintiffs and/or any members of the putative class as required under state consumer protection laws, including without limitation those of Florida, Illinois, Louisiana, New Jersey, New York, Pennsylvania, Texas and Washington.

30

## THIRTIETH DEFENSE

Sicor's conduct was neither "deceptive," "misleading," "unlawful," "unfair," "fraudulent," "false," "unconscionable," "willful," nor "illegal" as required under certain state consumer protection laws, including without limitation those of Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Texas, Pennsylvania, California and/or Washington.

## THIRTY-FIRST DEFENSE

Plaintiffs and the putative class did not rely on the allegedly fraudulent statements or unconscionable conduct of Sicor as required under certain state consumer protection laws, including without limitation those of Pennsylvania, New Jersey, Delaware, Illinois and Minnesota.

## THIRTY-SECOND DEFENSE

Any allegedly fraudulent statement or conduct of Sicor was not consumer-oriented as required under certain consumer protection laws, including without limitation that of New York.

## THIRTY-THIRD DEFENSE

The claims of Plaintiffs and the putative class are barred because they have failed to comply with the notice requirements of Cal. Civ. Code § 1782 and Tex.Bus.& Com.Code Ann. § 17.505(a).

## THIRTY-FOURTH DEFENSE

The claims of Plaintiffs and the putative class are barred because they can not maintain an action in good faith under the Washington Consumer Protection Act.

31

### THIRTY-FIFTH DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitutions of the States of California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New York, Pennsylvania, Texas, Washington and any other States whose laws are or become relevant in the course of this multidistrict litigation.

### THIRTY-SIXTH DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Sicor in judicial, legislative or administrative proceedings of any kind or at any level of government.

### THIRTY-SEVENTH DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

### THIRTY-EIGHT DEFENSE

The claims of Plaintiffs and the putative class against Sicor for damages are barred, in whole or in part, because they would be unjustly enriched if allowed to recover any portion of the damages alleged in the FAMCC.

### THIRTY-NINTH DEFENSE

Sicor is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs and/or the putative class, with respect to the same alleged injuries.

### FORTIETH DEFENSE

Any damages recovered by the Plaintiffs and/or the putative class from Sicor must be limited by the applicable statutory ceilings on recoverable damages.

### FORTY-FIRST DEFENSE

Plaintiffs and the putative class fail to alleged facts or a cause of action against Sicor sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

### FORTY-SECOND DEFENSE

To the extent punitive damages are sought, the claims of Plaintiffs and the putative class for punitive damages against Sicor have no basis in law or fact.

### FORTY-THIRD DEFENSE

To the extent punitive damages are sought, the claims of Plaintiffs and the putative class for punitive damages against Sicor are not recoverable because the allegations of the FAMCC are legally insufficient to support a claim for punitive damages against Sicor.

### FORTY-FOURTH DEFENSE

To the extent punitive damages are sought, the claims of Plaintiffs and the putative class for punitive damages against Sicor cannot be sustained because an award of punitive damages by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the bases of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Sicor, (4) is permitted to award punitive damages under a

33

standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding Plaintiff's and the putative class' burden of proof with respect to each and every element of a claim for punitive damages, and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Sicor' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law and public policies of any applicable states' laws.

## FORTY-FIFTH DEFENSE

To the extent punitive damages are sought, the claims of Plaintiffs and the putative class for punitive damages against Sicor cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Sicor prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Sicor' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitutions and the constitutions of any applicable states' laws.

## FORTY-SIXTH DEFENSE

To the extent punitive damages are sought, the claims of Plaintiffs and the putative class for punitive damages against Sicor cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate Sicor' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States

34

Constitution; (2) violate Sicor' right not to be subjected to an excessive award; and (3) be improper under the constitutions, common law and public policies of any applicable states' laws.

## FORTY-SEVENTH DEFENSE

To the extent punitive damages are sought, the claims of Plaintiffs and the putative class for punitive damages against Sicor cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Sicor' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and applicable states' laws.

## FORTY-EIGHTH DEFENSE

To the extent punitive damages are sought, the claims of Plaintiffs and the putative class for punitive damages against Sicor cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, of subsequent judgments against Sicor for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Sicor' medicines would constitute impermissible multiple punishments for the same wrong, in violation of Sicor' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law and statutory law of any applicable states' laws.

## FORTY-NINTH DEFENSE

To the extent punitive damages are sought, the claims of Plaintiffs and the putative class for punitive damages against Sicor cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged

joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Sicor' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' laws.

## FIFTIETH DEFENSE

To the extent punitive damages are sought, the claims of Plaintiffs and the putative class for punitive damages against Sicor cannot be sustained because any award of punitive damages, which are penal in nature, without according Sicor the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Sicor' right guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the constitutions, common law and public policies of any applicable states' laws.

## FIFTY-FIRST DEFENSE

Sicor adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

## FIFTY-SECOND DEFENSE

Sicor hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.  Sicor also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part hereof, is governed by the substantive law of a

36

state other than California, Delaware, Florida, Illinois, Louisiana, Minnesota, New Jersey, New

York, Pennsylvania, Texas, Washington and/or any other State whose law is or becomes relevant

in the course of this multidistrict litigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Sicor Inc. requests

A.  That Plaintiffs' FAMCC be dismissed with prejudice, and

B.  For such further relief as the Court may deem just and proper.

Respectfully submitted,


_____/s/ Pamela A. Zorn_____
Robert J. Muldoon, Jr.  (BBO# 359480)
James W. Matthews (BBO# 560560)
Pamela A. Zorn (BBO# 640800)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000



_____/s/ Elizabeth I. Hack_____
Elizabeth I. Hack (admitted *pro hac vice*)
Preston Pugh (admitted *pro hac vice*)
SONNENSCHEIN, NATH &
ROSENTHAL
1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005
(202) 408-6400
(202) 408-6399 (facsimile)

Attorneys for Defendant
SICOR INC.

Dated: May 22, 2006

## CERTIFICATE OF SERVICE

I hereby certify that I, Elizabeth I. Hack, an attorney, caused a true and correct copy of the foregoing Sicor Inc.'s Answer and Defenses to the Fourth Amended Master Consolidated Class Action Complaint to be served on all counsel of record electronically via LexisNexis File & Serve system on May 22, 2006 pursuant to Section D of Case Management Order No. 2.


__ /s/ Elizabeth I. Hack__
ELIZABETH I. HACK