UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Hon. Patti B. Saris |
| THIS DOCUMENT RELATES TO THE AMENDED MASTER CONSOLIDATED CLASS ACTION | Chief Mag. Judge Marianne B. Bowler |

**TRACK TWO DEFENDANTS' OPPOSITION TO
THIRD-PARTY NATIONAL HERITAGE INSURANCE COMPANY'S
CROSS-MOTION TO QUASH SUBPOENAS**

Defendant Aventis Pharmaceuticals Inc. on behalf of itself and all other Track Two Defendants, hereby objects to the cross-motion to quash the subpoenas[1] filed by third-party National Heritage Insurance Company ("NHIC"), in its role as the Medicare Part B Carrier for the Commonwealth of Massachusetts.

NHIC's Cross-Motion to Quash misses the mark. NHIC laboriously discusses the burden it would incur if it were forced to comply with the October 27, 2005 subpoena issued by the Track Two Defendants. See Non-Party National Heritage Insurance Company Inc.'s Supplemental Memorandum in Opposition to Defendants' Motion to Compel Production of Documents and Witnesses Pursuant to Subpoenas, and in Support of its Cross-Motion to Quash Subpoenas. As noted in the extensive briefing of and correspondence between the parties and this Honorable Court, the Track Two Defendants have been willing—and in fact are willing—to

---

[1] NHIC's Motion, while styled as a "Cross-Motion to Quash Subpoenas" (plural) only discusses the October 27, 2005 document subpoena. To the extent that it may be considered a Motion to quash both the October 27, 2005 document subpoena and the October 28, 2005 30(b)(6) subpoena, the Track Two Defendants respectfully direct this Court to the arguments set forth in their previously filed Motion to Compel [Docket Entry 2162, as renewed by Docket Entry Nos. 2485/2498].

limit the scope of their October 27, 2005 subpoena.  Specifically, following negotiations which took place during and following the May 9, 2006 hearing on the Track Two Defendants' Renewed Motion to Compel National Heritage Insurance Company [Docket Entry No. 2162, as renewed by Docket Entry Nos. 2485/2498], the Track Two Defendants expressed their willingness to assent to the entry of an Order on their Motion to Compel that would limit NHIC's production and 30(b)(6) witness obligations as follows:

> On or before May 12, 2006, National Heritage Insurance Company ("NHIC") will produce the following documents:
>
> - The contracts between BCBSMA and CMS to provide Part B carrier services for Massachusetts; and
>
> - Any agreements between BCBSMA and NHIC concerning the transfer of the Part B carrier business from BCBSMA to NHIC in 1997-1998.
>
> On or before June 2, 2006, NHIC will produce its 30(b)(6) designee(s) for deposition.   On or before May 17, 2006, NHIC will produce any documents responsive to the areas of inquiry for which it has agreed to produce 30(b)(6) designees, which would include any and all Medicare Part B fee schedules for physician-administered drugs and documents related to the following: :
>
> - any work done relating to surveys of physicians regarding their Medicare Part B drug acquisition costs, including preliminary questionnaires, information received from physicians, and any related information prepared, gathered or received by BCBSMA as the Massachusetts Part B carrier, including actions taken and information gathered in response to the March 14, 1994 directive from CMS requesting such surveys be performed;
>
> To the extent that no such survey work was performed by the Medicare Part B carrier for Massachusetts during or after 1991, that no such survey information was prepared, gathered or received by BCBSMA as the Massachusetts Part B carrier, or that no actions were taken or information gathered in response to the March 14, 1994 directive from CMS requesting such surveys be performed, NHIC may discharge its obligation to identify and produce these documents by providing a declaration that avers as such.

- why and how often submitted charges from, and reimbursement payments to, physicians deviated from the statutory AWP ceilings for Part B covered drugs from 1991-2003, including the carrier's discretion to set reimbursement amounts;

- whether it is possible to determine from the Massachusetts Medicare Part B records for 1991-2003 maintained by NHIC if all submitted charges for part B covered drugs were based upon AWP;

- the volume of Part B claims from 1991 to 2003 for Massachusetts and the quantity of providers that submitted such claims.

  NHIC may discharge its obligation to identify and produce these documents by providing a declaration from a witness authorized to testify on its behalf and describing with particularity the volume of Part B claims from 1991 to 2003 for Massachusetts and the quantity of providers that submitted such claims.

On or before May 19, 2006, and to the extent such documents are responsive to items 3, 7, 8, 9, 10, or 13 of the October 27, 2005 document subpoena directed to it, NHIC shall identify and produce its internal guidelines for processing Medicare Part B reimbursement payments to providers for physician administered drugs. To this end, NHIC will instruct its employees to search for and identify the claim processing materials responsive to these document requests.

On or before May 19, 2006, NHIC will also produce the external guidelines for processing its Medicare Part B reimbursement payments to providers for physician administered drugs.

To the extent that NHIC discovers that any of the above listed items do not or no longer exist, it will provide a declaration describing with particularity its efforts to identify and confirming its inability to produce these documents.

The Track Two Defendants will reimburse NHIC for any third-party charges related to its retrieval of responsive records from archives and for copying costs up to 10 cents per page. Such reimbursement will be offset by the Track Two Defendants' costs and fees incurred in connection with the prosecution of its Motion to Compel, in an amount to be assessed.

May 10, 2006 Letter from Michael DeMarco to the Honorable Magistrate Judge Marianne B. Bowler with attached proposed order [Docket Entry No. 2536; see also Docket Entry No. 2565]. Thus, the Track Two Defendants have already significantly limited the scope of their October 27, 2005 subpoena.

As set forth more fully in the Track Two Defendants' Motion to Compel [Docket Entry No. 2162, as renewed by Docket Entry Nos. 2485/2498], the narrowed scope of the Track Two Defendants' October 27, 2005 subpoena focuses squarely documents regarding the methodologies for calculating the submitted charges from and reimbursement payments to the providers of Medicare Part B drugs.  Such documents lie at the very heart of this case because they govern the co-insurance payments of Part B beneficiaries (members of Class I as defined in the Court's January 30, 2006 Order concerning Track One) and, in turn, the supplemental insurance payments made by "Medi-gap" providers (members of Class II for Track One).  The burden of responding to the narrowed scope of documents sought in the Track Two Defendants' Proposed Order [Docket Entry No. 2536] certainly doesn't approach the level of burden set forth in NHIC's Cross-Motion to Quash, which addressed the burden of having to respond to the entire subpoena as served.  Where non-parties are in possession of documents within their control—as NHIC has control over both its own documents as well as the BCBSMA documents NHIC "inherited" from BCBSMA when NHIC took over as Part B Carrier for the Commonwealth of Massachusetts—courts will compel non-parties to produce such documents.  See Addamax Corp. v. Open Software Foundation, Inc., 148 F.R.D. 462, 468 (D. Mass. 1993).  NHIC should be held to the same standard as the other companies, both parties and non-parties, that have responded to discovery requests and subpoenas in this case and NHIC should be ordered to respond to the Part B carrier subpoenas directed to it, as the scope has been limited by the Track Two Defendants.

Despite the unquestioned relevance of the requested evidence, NHIC has continued its campaign of obfuscation and, to date, has produced only a small amount of potentially relevant and responsive documents. Most recently, NHIC has produced an electronic index to the documents warehoused at its offsite Iron Mountain facility as well as nineteen pages of documents regarding contracts between Blue Cross and Blue Shield of Massachusetts and NHIC. However, this is simply too little, too late. As far as NHIC's production of the Iron Mountain index is concerned, NHIC is improperly attempting to shift the burden to the Track Two Defendants to search for and identify responsive documents. Given NHIC's years of experience and technical expertise, NHIC is in a much better position to review these archived records and identify documents responsive to our narrowed requests, as detailed in the Track Two Defendants' Proposed Order. Tellingly, it is only now, with the Track Two Defendants' pending and <u>renewed</u> Motion to Compel, that NHIC has undertaken the effort to locate and produce the agreements between BCBSMA and itself regarding the Part B carrier business—documents which the Track Two Defendants first requested almost seven months ago! NHIC promised to produce these agreements by April 10, 2006, they then misrepresented that they produced them on April 14, 2006, and, incredibly, NHIC then claimed that the documents did not exist. Only now has NHIC bothered to produce these documents.

Furthermore, NHIC has asserted that it is unwilling to produce its one of its two 30(b)(6) designees before mid-July; while NHIC previously provided potential deposition dates in April, 2006, NHIC has, to date, failed to produce the documents relevant to these depositions, despite the Track Two Defendants' repeated requests. Under these circumstances, the Track Two Defendants respectfully submit that the Track Two Defendants should be awarded their fees and costs incurred in prosecuting their Motion to Compel and having to oppose NHIC's frivolous

Cross-Motion to Quash and, as appropriate, impose sanctions upon NHIC for their continued dilatory conduct.

The Track Two Defendants respectfully request that this Court deny NHIC's Cross-Motion to Quash, grant the Track Two Defendants' Motion To Compel, enter an Order in substantially the same terms as set forth in the Proposed Order attached to the May 10, 2006 Letter from Michael DeMarco to the Honorable Magistrate Judge Marianne B. Bowler [Docket Entry No. 2536; see also Docket Entry No. 2565], and award the Track Two Defendants costs, fees and sanctions, as appropriate.

/s/ Michael DeMarco
Michael DeMarco (BBO #119960)
   mdemarco@klng.com
Aimée E. Bierman (BBO #640385)
   abierman@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111-2950
(617) 261-3100

Michael L. Koon
James P. Muehlberger
SHOOK, HARDY & BACON L.L.P.
2255 Grand Boulevard
Kansas City, Missouri  64108-2613
(816) 474-6550

*Attorneys for Defendant*
*Aventis Pharmaceuticals Inc. on behalf of*
*the Track Two Defendants*

Dated:  May 22, 2006

-7-

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 22, 2006, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic service pursuant to Case Management Order No. 2 entered by the Honorable Patti B. Saris in MDL 1456.

                      /s/ Michael DeMarco
                      Michael De Marco