UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | MDL NO. 1456<br>CIVIL ACTION NO. 01-CV-12257-PBS<br>Judge Patti B. Saris<br><br>Chief Magistrate Judge Marianne B. Bowler |

**DEFENDANT IMMUNEX CORPORATION'S MOTION FOR
PROTECTIVE ORDER REGARDING MAY 17, 2006, DEPOSITION
NOTICE**

Plaintiffs have had over two years to complete their discovery of defendant Immunex Corporation ("Immunex"). During that time period, Immunex produced over 250,000 pages of documents and voluminous electronic data relating to the five "subject drugs," and plaintiffs took depositions of two Immunex 30(b)(6) witnesses and seven fact witnesses who formerly worked at Immunex.[1]  Immunex has repeatedly cooperated with plaintiffs during

---

[1] In June 2001, Immunex sold its rights to two of the subject drugs (leucovorin calcium and methotrexate sodium) and in 2002, Immunex ceased all sales of the "subject drugs," so there are no current Immunex employees knowledgeable about Immunex's sales or marketing of these products.

1

the discovery process and has never been the subject of a motion to compel. However, plaintiffs apparently believe that they are entitled to unlimited discovery of *any* Track Two defendant until Judge Saris rules on the competing scheduling orders filed by the parties in December 2005.

As applied to Immunex, this is unreasonable and unfair; it punishes Immunex for cooperating with discovery earlier in the case and provides uncertainty as to whether there is any end in sight. In any event, the depositions in question are duplicative in nature and not necessary. Pursuant to Fed. R. Civ. P. 26 and CMO 10, Immunex respectfully requests that the Court enter a protective order precluding the plaintiffs from going forward with the five depositions noticed for the first time on May 17, 2006, months after the December 3, 2005, discovery cut-off applicable to Track Two defendants.

## I.   FACTUAL BACKGROUND

**A.   Immunex Made a Substantial Document Production in December 2002 and Completed Its Document Production in September 2005**

Pursuant to CMO 5, in December 2002, Immunex produced to plaintiffs over 90 boxes of documents and various electronic files, including sales data, which Immunex had previously produced to various governmental entities. Exs. 1-5. From December 2003 to September 2005, Immunex made multiple supplemental productions to plaintiffs. Exs. 6-12. Many of the supplemental productions included categories of documents and electronic sales data specifically requested by plaintiffs' counsel in a letter dated April 21, 2005. Ex. 13. Immunex made available for plaintiffs' review a total of over 250,000 pages of documents, not including the voluminous electronic files of sales data on the five Immunex "subject drugs." *See* Exs. 1-2. The production in December 2002 and on June 9, 2003, included an electronic copy of a database containing "call notes" of Immunex sales representatives'

"calls" on physicians or other potential customers.  Ex. 5.  Plaintiffs subsequently asked Immunex for another copy of that database, so Immunex re-produced the database on April 26, 2004.  Ex. 7.  As of the December 3 cut-off, Immunex had no outstanding document issues with plaintiffs.  O'Sullivan Decl. ¶ 1.

**B.     Plaintiffs Issued Six Rounds of Deposition Notices to Immunex and Immunex Cooperated in Scheduling All but the Notice at Issue**

Plaintiffs served their first 30(b)(6) deposition notice on all of the defendants, including Immunex, on June 17, 2003.  Ex. 14.  Plaintiffs later clarified that these dates were "suggested dates" and that "to the extent some defendants believe they are not subject to discovery, we will hold these notices in abeyance until there is some clarification from the Court."  Ex. 15.  As to Immunex, Plaintiffs served an "Amended Notice of Rule 30(b)(6) Deposition" on April 2, 2004.  Ex. 16.  Immunex identified three individuals who would testify on behalf of the company and, on May 17, offered to make those individuals available for depositions from May 25-27, 2004.  Ex. 17.  The following day, plaintiffs cancelled the depositions, stating that they wanted to review additional Immunex documents before proceeding with the depositions.  O'Sullivan Decl. ¶ 2.

On May 27, 2005, plaintiffs served a new "Notice of Rule 30(b)(b) Deposition to Immunex."  Ex. 18.  Immunex identified two individuals who would testify on behalf of Immunex and plaintiffs proceeded with their depositions on September 8, 2005 (Michael Ambielli, Immunex's former Senior Director Commercial Operations) and September 28, 2005 (Kendall Stever, Immunex's former Controller).  Ex. 19.

Plaintiffs waited until the eve of the discovery cut-off to serve any other deposition notices relating to Immunex.  On November 7, 2005, plaintiffs noted five Immunex depositions.  Ex. 20.  Immunex's counsel agreed with plaintiffs' counsel to conduct these

3

depositions after the December 3 cut-off, given that the notice had been served prior to the cut-off, the short time between the notice and the proposed deposition dates, and witness availability problems – enhanced by the fact that these witnesses were located around the country and had not been employed by Immunex since 2002, at the most recent.  O'Sullivan Decl. ¶ 3.  Immunex offered to make all of the witnesses available for depositions, proposed deposition dates and plaintiffs went forward with four of these depositions:  Michael Ambielli, Ann Kerner (former Reimbursement Manager), Kathleen Stamm (former Director Health Care Policy), and Sigrid Schreiner (former Senior Manager Reimbursement Strategy and Health Care Policy).  *Id*. ¶ 4.

On February 6, 2006, plaintiffs served another notice for five more Immunex depositions.  Ex. 21.  Given that the notice was served two months after the discovery cut-off in the class action cases, Immunex objected.  Ex. 22.  Plaintiffs explained that they disagreed with Immunex's position that Track Two discovery had closed, but even if Immunex were correct, plaintiffs' position was that they had noticed these witnesses for deposition in all MDL cases, including the Montana and Nevada cases, in which the discovery cut-off of March 31, 2006, had not yet passed.  *Id.*  Immunex questioned the relevance of these witnesses to the States' cases, but plaintiffs made a plausible explanation that these particular witnesses had some connection to nationwide sales and to sales in the region that included Montana and Nevada, so rather than involve the Court in motion practice, Immunex agreed to allow the depositions to proceed.  *Id*.  To date, three of these depositions have occurred (Joyce Golden, former Director Sales Operations; Jean Luc Frande, former National Accounts Manager; and Mike Preberowsky, former Senior Director Trade Relations) and two are currently scheduled to occur in June (Kurt Miller, former Regional Sales Manager, and Bob Bettencourt, former Vice President of Sales).  O'Sullivan

Decl. ¶ 5. During a deposition on March 21, 2006, Ms. Golden was questioned in great detail about the Immunex call notes database and she addressed the issue exhaustively. *Id.*

On May 17, 2006, now over five months after the discovery cut-off, plaintiffs served yet another deposition notice on Immunex in the class action case for five more witnesses. Ex. 23. These individuals, like those noted on February 6, are former Immunex employees. O'Sullivan Decl. ¶ 6. On May 24, counsel for the parties held a meet-and-confer to discuss the deposition notice in an attempt to resolve the issue without the Court's intervention. O'Sullivan Decl. ¶ 7. Immunex's counsel explained why the notice was untimely and asked for plaintiffs' position as to how the notice could be timely. *Id*. Plaintiffs' position is that Track Two discovery is currently without any discovery cutoff whatsoever, regardless of whether the Track Two defendant made a substantial document production in 2002 and offered to make deposition witnesses available in 2004 as Immunex did, or whether the defendant began its document production close to the December 3 cut-off and has had no depositions taken to date. *Id.* Plaintiffs' counsel also explained that they believe the individuals listed on the May 17 deposition notice – former sales representatives who made entries in the call notes database that were the subject of Joyce Golden's deposition – are "pretty important to the case." *Id.* Counsel agreed that they needed the Court to resolve the parties' dispute as to whether these depositions were timely noted and non-duplicative. *Id.*

C.    **The Discovery Schedule Governing Track Two Defendants**

Because the close of Track Two discovery has changed over time, Immunex provides the following backdrop for the Court. On March 25, 2004, Judge Saris entered CMO 10, which provided for the phasing of discovery by "track." Ex. 24. Track One fact discovery was to close on January 30, 2005; Track Two fact discovery was to close on October 3, 2005. *Id.* Approximately a year later, in response to briefing by the parties, Judge Saris

extended the discovery cut-off for both Track One and Track Two defendants. In CMO 13, Judge Saris extended the discovery cut-off for Track One defendants to August 31, 2005. Ex. 25. And in CMO 14, on March 28, 2005, Judge Saris extended the discovery cut-off for Track Two defendants to December 3, 2005. Ex. 26.

On September 28, 2005, plaintiffs moved for a "stay of Track Two discovery" and asked the Court to "tie the discovery more closely to class certification proceedings." Docket Entry No. 1741 at 2. In that motion, plaintiffs stated that "if the Court is not inclined to adopt plaintiffs' proposal to stay Track Two discovery pending standing determinations, Plaintiffs respectfully request that the Court provide 90 additional days beyond December 3rd in order to complete Track Two discovery. . . ." *Id.* at 6. On November 21, 2005, the Court issued CMO 16, which denied Plaintiffs' request for an indefinite stay of discovery linked to class certification. Ex. 27. CMO 16 also directed the parties to "confer and submit a stipulation on discovery relating to any non-physician-administered drugs by December 2, 2005."[2] A subsequent order directed the parties to "confer on a discovery schedule that makes sense and submit a joint and/or alternative schedule by December 9, 2005," and stressed that it is "important to keep Track Two from becoming the molasses track." Ex. 28.

The parties conferred, but were unable to agree upon a discovery schedule. As a result, the Track Two defendants and plaintiffs filed separate proposed discovery schedules. Plaintiffs proposed that fact discovery continue for nearly seven more months, until June 30. Ex. 29. The Track Two defendants proposed that the Court enter exactly what plaintiffs sought in the event that the Court rejected their request for a floating stay – it extended

---

[2] The five Immunex "subject drugs" are all physician-administered drugs, with the exception of a small number of NDCs.

discovery by 90 days (i.e., until March 3, 2006), for those discovery requests and deposition notices served on or before the December 3 cut-off.  Ex. 30.  Many Track Two defendants, including Immunex, filed individual memoranda in support of the proposed Track Two discovery schedule.  Docket Entry 1950 (Immunex memorandum at 24-26).  Plaintiffs did not file any response to Immunex's memorandum.  As of this filing, Judge Saris has not ruled on the competing scheduling orders.  According to plaintiffs, this means that Judge Saris has "tacitly" agreed that discovery of Track Two defendants may continue, regardless of the individual circumstances of the Track Two defendant.  O'Sullivan Decl. ¶ 7.

## II.   ARGUMENT

Under the Federal Rules of Civil Procedure, a protective order may be granted upon "good cause shown" that the "disclosure or discovery not be had."  Fed. R. Civ. P. 26(c).  The Court should preclude plaintiffs from proceeding with the five Immunex depositions noticed on May 17 because the discovery is untimely and duplicative.

First, the discovery is untimely – by over five months – under CMO 14.  Even under plaintiffs' original proposal to add 90 days to Track Two Discovery (the March 3 cut-off), which the Track Two defendants urged Judge Saris to adopt in December for discovery that had been noted prior to December 3 – plaintiffs' newest deposition notice is over two months late.  Only under plaintiffs' theory that Track Two discovery has *no cut-off* is the discovery arguably timely.  But this theory makes no sense as to Immunex, which produced the bulk of its documents in 2002, produced the call notes database in 2003, and began to make its witnesses available for depositions in May 2004.  Plaintiffs have never criticized Immunex for delaying discovery, indeed, Immunex was one of the earlier Track Two defendants to respond to plaintiffs' discovery requests and deposition notices.  Immunex's reward:  more deposition notices.

Motions for protective orders are routinely granted where discovery is sought in an untimely fashion. *See Chrysler Intern. Corp. v. Chemaly*, 280 F.3d 1358, 1362 (11th Cir. 2002) (protective order precluding deposition after discovery deadline passed not abuse of discretion); *Sofo v. Pan-Am. Life Ins. Co.,* 13 F.3d 239, 242 (7th Cir. 1994) (court did not abuse its discretion by granting defendants a protective order where plaintiff failed to request discovery until nine days before the cut-off); *Otero v. Buslee*, 695 F.2d 1244, 1247-48 (10th Cir. 1982) ("We find that the district court did not abuse its discretion in imposing a reasonable discovery deadline and enforcing it by granting Mr. Otero's motion for a protective order."). After having over two years to review Immunex's documents and depose Immunex's witness, plaintiffs have "had ample opportunity by discovery in the action to obtain the information sought"; under Fed. R. Civ. P. 26(b)(2), the Court has the authority to and should impose some limits now.

Second, the discovery is duplicative. Plaintiffs have already deposed eight high-level management employees from Immunex; two more are scheduled to occur shortly, including Immunex's former Vice President of Sales. Plaintiffs have not – because they cannot – come forward with legitimate reasons as to why they are entitled to take this additional discovery. There is no need for plaintiffs to take the deposition of five individual sales representatives[3] simply because these individuals wrote entries in the call notes database. That topic was exhaustively covered in the deposition of Joyce Golden, Immunex's former Director Sales Operations. Five more depositions on this topic would be duplicative and unnecessary. Under Fed. R. Civ. P. 26(b)(2), the Court may limit discovery if it determines that "the

---

[3] Moreover, none of these individuals listed on the May 17, 2006, notice is currently employed by Immunex or Amgen (which acquired Immunex in July 2002). In fact, none of these individuals has been employed by Immunex since 2002 at the most recent.

discovery sought is unreasonably cumulative or duplicative."  After all, "discovery is not boundless, and a court may place limits on discovery demands that are unreasonably cumulative or duplicative." *Six West Retail Acquisition v. Sony Theatre Mgmt. Corp.,* 203 F.R.D. 98, 102 (S.D.N.Y. 2001) (internal quotation marks and citations omitted).

### III.  CONCLUSION

For the foregoing reasons, the Court should grant Immunex's motion and enter an order barring the plaintiffs from proceeding with the five depositions that are the subject of their May 17 deposition notice.

DATED:  May 25, 2006.

        Thomas J. Sartory
        GOULSTON & STORRS LLP
        400 Atlantic Avenue
        Boston, MA 02110-3333
        Telephone:  (617) 482-1776
        Facsimile:  (617) 574-4112


        /s/ Kathleen M. O'Sullivan
        David J. Burman
        Kathleen M. O'Sullivan
        PERKINS COIE LLP
        1201 Third Avenue, Suite 4800
        Seattle, WA 98101-3099
        Telephone:  (206) 359-8000
        Facsimile:  (206) 359-9000

        Attorneys for Defendant Immunex Corporation

## CERTIFICATE OF SERVICE

     I hereby certify that on May 25, 2006, I caused a true and correct copy of Defendant Immunex Corporation's Motion for Protective Order Regarding May 17, 2006, Deposition Notice to be served on all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending a copy to LexisNexis File and Service for posting and notification to all parties.

                                                      By    /s/ Kathleen M. OSullivan
                                                          Kathleen M. O'Sullivan

[06735-0051/SL061440.098]